| United States Bankruptcy Court<br>Southern District of New York | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>Residential Capital, LLC | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>Residential Capital Corporation | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all): 20-1770738 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>1177 Avenue of the Americas<br>New York, NY                           ZIP CODE 10036 | Street Address of Joint Debtor (No. and Street, City, and State):<br><br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>New York | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br><br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br><br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

**Type of Debtor**
(Form of Organization)
(Check one box.)

- [ ] Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form*
- [x] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.)

_____

**Nature of Business**
(Check one box.)

- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [x] Other

**Tax-Exempt Entity**
(Check box, if applicable.)

- [ ] Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box.)

- [ ] Chapter 7
- [ ] Chapter 9
- [x] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box.)

- [ ] Debts are primarily consumer, debts defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or house-hold purpose."
- [x] Debts are primarily business debts

**Filing Fee** (Check one box.)

- [x] Full Filing Fee attached.
- [ ] Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:
- [ ] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- [x] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $ 2,343,300

Check all applicable boxes:
- [ ] A plan is being filed with this petition.
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

- [x] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [ ] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

**Estimated Number of Creditors**

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

**Estimated Assets**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [x] |

**Estimated Liabilities**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [x] |

ny-1012270

| **Voluntary Petition** *(This page must be completed and filed in every case.)* | Name of Debtor(s): Residential Capital, LLC |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location Where Filed: None. | Case Number: N/A | Date Filed: N/A |
| Location Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
|---|---|---|
| Name of Debtor: See Annex 1 | Case Number: As Assigned | Date Filed: Same |
| District: Southern District of New York | Relationship: Affiliate | Judge: As Assigned |

| **Exhibit A** (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under Chapter 11.)<br><br>☒ Exhibit A is attached and made a part of this petition. | **Exhibit B** (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____<br>   Signature of Attorney for Debtor(s)          (Date) |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☒ No.

---

### Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

---

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☒ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

---

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(1)).

American LegalNet, Inc.
www.FormsWorkflow.com

B 1 (Official Form) 1 (1/08)                                                                                                    Page 3

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>Residential Capital, LLC |
|---|---|

### Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
   Signature of Debtor

X _____
   Signature of Joint Debtor

_____
Telephone Number (if not represented by attorney)

_____
Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
   (Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

**Signature of Attorney***

X /s/ Larren M. Nashelsky
_____
Signature of Attorney for Debtor(s)

Larren M. Nashelsky
_____
Printed Name of Attorney for Debtor(s)

Morrison & Foerster LLP
_____
Firm Name

Address

1290 Avenue of the Americas
_____
New York, NY 10104
_____
(212) 468-8000
_____
Telephone Number

May 14, 2012
_____
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X /s/ James Whitlinger
_____
Signature of Authorized Individual

James Whitlinger
_____
Printed Name of Authorized Individual

Chief Financial Officer
_____
Title of Authorized Individual

May 14, 2012
_____
Date

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

Address

_____

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

ny-1012270

## ANNEX 1

On May 14, 2012, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "Court").  A motion has been filed or shortly will be filed with the Court requesting that the chapter 11 cases of these entities be consolidated for procedural purposes only and jointly administered.

| Name of Debtor |
| --- |
| ditech, LLC |
| DOA Holding Properties, LLC |
| DOA Properties IX (Lots-Other), LLC |
| EPRE LLC |
| Equity Investment I, LLC |
| ETS of Virginia, Inc. |
| ETS of Washington, Inc. |
| Executive Trustee Services LLC |
| GMAC – RFC Holding Company, LLC |
| GMAC Model Home Finance I, LLC |
| GMAC Mortgage USA Corporation |
| GMAC Mortgage, LLC |
| GMAC Residential Holding Company, LLC |
| GMAC RH Settlement Service, LLC |
| GMACM Borrower LLC |
| GMACM REO LLC |
| GMACR Mortgage Products, LLC |
| HFN REO SUB II, LLC |
| Home Connects Lending Services, LLC |
| Homecomings Financial Real Estate Holdings, LLC |
| Homecomings Financial, LLC |

| |
|---|
| Ladue Associates, Inc. |
| Passive Asset Transactions, LLC |
| PATI A, LLC |
| PATI B, LLC |
| PATI Real Estate Holdings, LLC |
| RAHI A, LLC |
| RAHI B, LLC |
| RAHI Real Estate Holdings, LLC |
| RCSFJV2004, LLC |
| Residential Accredit Loans, Inc. |
| Residential Asset Mortgage Products, Inc. |
| Residential Asset Securities Corporation |
| Residential Capital, LLC |
| Residential Consumer Services of Alabama, LLC |
| Residential Consumer Services of Ohio, LLC |
| Residential Consumer Services of Texas, LLC |
| Residential Consumer Services, LLC |
| Residential Funding Company, LLC |
| Residential Funding Mortgage Exchange, LLC |
| Residential Funding Mortgage Securities I, Inc. |
| Residential Funding Mortgage Securities II, Inc. |
| Residential Funding Real Estate Holdings, LLC |
| Residential Mortgage Real Estate Holdings, LLC |
| RFC – GSAP Servicer Advance, LLC |
| RFC Asset Holdings II, LLC |
| RFC Asset Management, LLC |

| |
|---|
| RFC Borrower LLC |
| RFC Construction Funding, LLC |
| RFC REO LLC |
| RFC SFJV-2002, LLC |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| | ) | |
| In re | ) | Chapter 11 |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, | ) | Case No. 12- _____ (    ) |
| | ) | |
| | ) | Joint Administration Pending |
| | ) | |
| Debtor. | ) | |
| | ) | |

### EXHIBIT "A" TO VOLUNTARY PETITION

1.    The debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934.  The SEC file number is 0-51438.

2.    The following financial data is the latest publicly available information and refers to Residential Capital, LLC's condition on March 31, 2012.[1]

    a. Total assets                 $ 15,675,571,000

    b. Total debts (including debts listed in 2.c., below)        $ 15,276,228,000

    c. Debt securities held by more than 500 holders:

| Debt Security | Secured/ Unsecured/ Subordinated | Outstanding Principal Balance[2] | Approximate Number of Holders |
|---|---|---|---|
| 9.625% Junior Secured Guaranteed Notes due 2015 | Secured | $2,120,452,000 | Unknown |
| 8.500% Notes due 2012 | Unsecured | $79,879,002 | Unknown |
| 8.500% Notes due 2013 | Unsecured | $473,416,000 | Unknown |
| 8.875% Notes due 2015 | Unsecured | $112,227,000 | Unknown |
| 7.125% Notes due 2012[3] | Unsecured | $128,429,000 | Unknown |

---

[1]    This unaudited financial information includes (a) the assets and liabilities of non-debtor domestic and foreign affiliates whose assets and liabilities are reported as part of Residential Capital, LLC's consolidated financial information under GAAP consolidated reporting rules and (b) on-balance sheet securitizations, in accordance with GAAP.

[2]    As of April 30, 2012 and excludes accrued interest and fees.  Outstanding balance for 8.500% Notes due 2013 does not include past due interest obligation of $20.1 million.

[3]    Estimated amount of EUR notes based on an exchange rate of 1.30249 on May 9, 2012.

| Debt Security | Secured/ Unsecured/ Subordinated | Outstanding Principal Balance | Approximate Number of Holders |
|---|---|---|---|
| 9.875% Notes due 2014[4] | Unsecured | $103,863,000 | Unknown |
| 8.375% Notes due 2013[4] | Unsecured | $59,447,600 | Unknown |

Comments:
Although the debtor believes that there are fewer than 500 record holders of debt securities under each series of notes listed above, it does not know the number of beneficial holders of any series.

| | | |
|---|---|---|
| d. Number of preferred units[5] | N/A | |
| e. Number of common units[5] | N/A | |

3. Brief description of debtor's business: Real estate finance company focused primarily on the residential real estate market; businesses include the origination, purchase, service, sale and securitization of residential mortgage loans.

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor: GMAC Mortgage Group LLC

---

[4] Estimated amount for GBP notes based on an exchange rate of 1.61604 on May 9, 2012.

[5] Residential Capital, LLC is a wholly owned subsidiary of GMAC Mortgage Group, LLC, which is a wholly owned subsidiary of Ally Financial Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, | ) | Case No. 12- _____ (      ) |
| | ) | |
| | ) | Joint Administration Pending |
| | ) | |
| Debtor. | ) | |
| | ) | |

## <u>LIST OF EQUITY SECURITY HOLDERS</u>

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, Residential

Capital, LLC (the "Debtor") submits the following list of the Debtor's equity security holders:

| Entity Name and Address | Percent Ownership |
|---|---|
| GMAC Mortgage Group LLC | 100% |

I, James Whitlinger, the Chief Financial Officer of Residential Capital, LLC, a Delaware

limited liability company, declare under penalty of perjury that I have read the foregoing and that

it is true and correct to the best of my information and belief, and will be supplemented to the

extent additional information becomes available.

Dated:  May 14, 2012

/s/ James Whitlinger
Name: James Whitlinger
Title:   Chief Financial Officer

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| RESIDENTIAL CAPITAL, LLC, | ) Case No. 12- _____ (     ) |
| | ) |
| | ) Joint Administration Pending |
| | ) |
| Debtor. | ) |
| | ) |

## <u>LIST OF CREDITORS</u>

Residential Capital, LLC (the "Debtor") and its debtor affiliates set forth on

Annex 1 attached hereto (collectively, the "Debtors") each filed a petition in this Court on May

14, 2012 for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-

1532.  Contemporaneously with the filing of the petitions, the Debtors filed a single consolidated

list of creditors (the "Consolidated List"), in lieu of separate lists.  Due to its voluminous nature,

the Consolidated List is being submitted to the Court electronically.

I, James Whitlinger, the Chief Financial Officer of Residential Capital, LLC, a Delaware

limited liability company, declare under penalty of perjury that I have read the foregoing and that

it is true and correct to the best of my information and belief, and will be supplemented to the

extent additional information becomes available.

Dated:  May 14, 2012

/s/ James Whitlinger
Name: James Whitlinger
Title:   Chief Financial Officer

Residential Capital LLC, et al.
**Top Unsecured Creditors**
*In USD*
(All Amounts Are Estimated)

| No. | Creditor [1] | Creditor Contact | Nature of Claim [2] | Contingent, Unliquidated, or Disputed | Amount of Claim [3] |
|---|---|---|---|---|---|
| 1 | Deutsche Bank Trust Company Americas<br>C/O Kelvin Vargas<br>25 De Forest Ave<br>Summit, NJ 07901 | Phone: (201) 593-2456<br>Fax:<br>Email: kelvin.vargas@db.com | 8.500% Senior Unsecured Notes due April 2013 [4] | | 473,416,000.00 |
| 2 | Deutsche Bank Trust Company Americas<br>C/O Kelvin Vargas<br>25 De Forest Ave<br>Summit, NJ 07901 | Phone: (201) 593-2456<br>Fax:<br>Email: kelvin.vargas@db.com | 750,000,000 Euros Aggregate Principal Amount of 7.125% Notes due May 2012 [4] | | 127,671,000.00 [5] |
| 3 | Deutsche Bank Trust Company Americas<br>C/O Kelvin Vargas<br>25 De Forest Ave<br>Summit, NJ 07901 | Phone: (201) 593-2456<br>Fax:<br>Email: kelvin.vargas@db.com | 8.875% Senior Unsecured Notes due June 2015 [4] | | 112,227,000.00 |
| 4 | Deutsche Bank Trust Company Americas<br>C/O Kelvin Vargas<br>25 De Forest Ave<br>Summit, NJ 07901 | Phone: (201) 593-2456<br>Fax:<br>Email: kelvin.vargas@db.com | £400,000,000 Aggregate Principal Amount of 9.875% Notes due July 2014 [4] | | 103,743,000.00 [6] |
| 5 | Deutsche Bank Trust Company Americas<br>C/O Kelvin Vargas<br>25 De Forest Ave<br>Summit, NJ 07901 | Phone: (201) 593-2456<br>Fax:<br>Email: kelvin.vargas@db.com | 8.500% Senior Unsecured Notes due June 2012 [4] | | 79,879,000.00 |
| 6 | Deutsche Bank Trust Company Americas<br>C/O Kelvin Vargas<br>25 De Forest Ave<br>Summit, NJ 07901 | Phone: (201) 593-2456<br>Fax:<br>Email: kelvin.vargas@db.com | £400,000,000 Aggregate Principal Amount of 8.375% Notes due May 2013 [4] | | 59,379,200.00 [6] |
| 7 | BNYMellon<br>C/O Dechert LLP<br>1095 Avenue of the Americas<br>New York, NY 10036 | Phone: (212) 698-3621<br>Fax: (212) 698-3599<br>Email: hector.gonzalez@dechert.com | Contingent Claim- Securitization | Contingent, Unliquidated, Disputed | Unknown |
| 8 | US Bank<br>C/O Seward & Kissel LLP<br>One Battery Park Plaza<br>New York, NY 10004 | Phone: (212) 574-1391<br>Fax: (212) 480-8421<br>Email: das@sewkis.com | Contingent Claim- Securitization | Contingent, Unliquidated, Disputed | Unknown |
| 9 | Deutsche Bank AG, New York<br>C/O Joe Salama<br>60 Wall Street<br>New York, NY 10005-2836 | Phone: (212) 250-9536<br>Fax: (866) 785-1127<br>Email: joe.salama@db.com | Contingent Claim- Securitization | Contingent, Unliquidated, Disputed | Unknown |
| 10 | Federal Housing Finance Agency<br>C/O Alfred Pollard<br>400 Seventh Street, SW | Phone: (202) 649-3804<br>Fax:<br>Email: GeneralCounsel@FHFA.org | Contingent Claim- Securities | Contingent, Unliquidated, Disputed | Unknown |
| 11 | MBIA, Inc.<br>C/O Cadwalader, Wickersham & Taft<br>One World Financial Center<br>New York, NY 10281 | Phone: (212) 504-6373<br>Fax: (212) 504-6666<br>Email: gregory.petrick@cwt.com | Contingent Claim- Litigation | Contingent, Unliquidated, Disputed | Unknown |
| 12 | Ambac Assurance Corp<br>C/O Patterson Belknap Webb & Tyler<br>1133 Avenue of the Americas<br>New York, NY 10036 | Phone: (212) 336-2140<br>Fax: (212) 336-2094<br>Email: prforlenza@pbwt.com | Contingent Claim- Litigation | Contingent, Unliquidated, Disputed | Unknown |
| 13 | Financial Guaranty Insurance Co.<br>C/O Jones Day<br>222 East 41st Street<br>New York, NY 10017-6702 | Phone: (212) 326-7844<br>Fax: (212) 755-7306<br>Email: cball@jonesday.com | Contingent Claim- Litigation | Contingent, Unliquidated, Disputed | Unknown |
| 14 | Assured Guaranty Corp.<br>C/O Margaret Yanney<br>31 West 52nd Street<br>New York, NY 10019 | Phone: (212) 857-0581<br>Fax: (212) 893-2792<br>Email: myanney@assuredguaranty.com | Contingent Claim- Litigation | Contingent, Unliquidated, Disputed | Unknown |

**Residential Capital LLC, et al.**
**Top Unsecured Creditors**
*In USD*
**(All Amounts Are Estimated)**

| No. | Creditor [1] | Creditor Contact | Nature of Claim [2] | Contingent, Unliquidated, or Disputed | Amount of Claim [3] |
|---|---|---|---|---|---|
| 15 | Thrivent Financial for Lutherans<br>C/O Teresa J. Rasmussen<br>625 Fourth Avenue S.<br>Minneapolis, MN 55415-1624 | Phone:  (800) 847-4836<br>Fax:<br>Email: | Contingent Claim- Securities | Contingent, Unliquidated, Disputed | Unknown |
| 16 | West Virginia Investment Management Board<br>C/O Craig Slaughter<br>500 Virginia Street East, Suite 200 | Phone:  (304) 345-2672<br>Fax:<br>Email: | Contingent Claim- Securities | Contingent, Unliquidated, Disputed | Unknown |
| 17 | Allstate Insurance<br>C/O Quinn Emanuel Urquhart & Sullivan<br>865 S. Figueroa Street, 10th Floor | Phone:  (213) 443-3000<br>Fax:<br>Email:  danbrockett@quinnemanuel.com | Contingent Claim- Securities | Contingent, Unliquidated, Disputed | Unknown |
| 18 | Western & Southern<br>C/O Wollmuth Maher & Deutsch LLP<br>500 Fifth Avenue<br>New York, NY 10110 | Phone:  (212) 382-3300<br>Fax:<br>Email:  dwollmuth@wmd-law.com | Contingent Claim- Securities | Contingent, Unliquidated, Disputed | Unknown |
| 19 | The Union Central Life Insurance Company<br>C/O Robbins Geller Rudman & Dowd LLP<br>655 West Broadway, Suite 1900 | Phone:  (619) 231-1058<br>Fax:  (519) 231-7423<br>Email:  stevep@rgrdlaw.com | Contingent Claim- Securities | Contingent, Unliquidated, Disputed | Unknown |
| 20 | Cambridge Place Investment Management Inc.<br>C/O Donnelly, Conroy & Gelhaar LLP<br>1 Beacon Street, 33rd Floor | Phone:  (617) 720-2880<br>Fax:  (617) 720-3553<br>Email:  msd@dcglaw.com | Contingent Claim- Securities | Contingent, Unliquidated, Disputed | Unknown |
| 21 | Sealink Funding Limited<br>C/O Labaton Sucharow LLP<br>140 Broadway | Phone:  (212) 907-0869<br>Fax:  (212) 883-7069<br>Email:  jbernstein@labaton.com | Contingent Claim- Securities | Contingent, Unliquidated, Disputed | Unknown |
| 22 | Stichting Pensioenfonds ABP<br>C/O Grant & Eisenhofer<br>123 S. Justison Street | Phone:  (302) 622-7040<br>Fax:  (302) 622-7100<br>Email:  gjarvis@gelaw.com | Contingent Claim- Securities | Contingent, Unliquidated, Disputed | Unknown |
| 23 | Huntington Bancshares Inc.<br>C/O Grant & Eisenhofer<br>123 S. Justison Street | Phone:  (302) 622-7040<br>Fax:  (302) 622-7100<br>Email:  gjarvis@gelaw.com | Contingent Claim- Securities | Contingent, Unliquidated, Disputed | Unknown |
| 24 | Federal Home Loan Bank of Chicago<br>C/O Keller Rohrback LLP<br>1201 Third Avenue, Suite 3200 | Phone:  (206) 623-1900<br>Fax:  (206) 623-3384<br>Email:  dloeser@kellerrohrback.com | Contingent Claim- Securities | Contingent, Unliquidated, Disputed | Unknown |
| 25 | Federal Home Loan Bank of Boston<br>C/O Keller Rohrback LLP<br>1201 Third Avenue, Suite 3200 | Phone:  (206) 623-1900<br>Fax:  (206) 623-3384<br>Email:  dloeser@kellerrohrback.com | Contingent Claim- Securities | Contingent, Unliquidated, Disputed | Unknown |
| 26 | Federal Home Loan Bank of Indianapolis<br>C/O Keller Rohrback LLP<br>1201 Third Avenue, Suite 3200 | Phone:  (206) 623-1900<br>Fax:  (206) 623-3384<br>Email:  dloeser@kellerrohrback.com | Contingent Claim- Securities | Contingent, Unliquidated, Disputed | Unknown |

Residential Capital LLC, et al.
**Top Unsecured Creditors**
*In USD*
**(All Amounts Are Estimated)**

| No. | Creditor [1] | Creditor Contact | Nature of Claim [2] | Contingent, Unliquidated, or Disputed | Amount of Claim [3] |
|---|---|---|---|---|---|
| 27 | Massachusetts Mutual Life Insurance Company<br>C/O Bernadette Harrigan<br>1295 State Street | Phone: (413) 788-8411<br>Fax: (413) 226-4268<br>Email: | Contingent Claim- Securities | Contingent, Unliquidated, Disputed | Unknown |
| 28 | National Credit Union Administration Board<br>C/O Susman Godfrey LLP<br>1901 Avenue of the Stars, Suite 950 | Phone: (310) 789-3100<br>Fax: (310) 789-3150<br>Email: mseltzer@susmangodfrey.com | Contingent Claim- Securities | Contingent, Unliquidated, Disputed | Unknown |
| 29 | The Charles Schwab Corporation<br>C/O Grais & Ellsworth LLP<br>70 East 55th Street<br>New York, NY 10022 | Phone: (212) 755-0100<br>Fax: (212) 755-0052<br>Email: | Contingent Claim- Securities | Contingent, Unliquidated, Disputed | Unknown |
| 30 | New Jersey Carpenters Health Fund<br>C/O Cohen Milstein Sellers & Toll PLLC<br>150 East 52nd Street, Thirtieth Floor<br>New York, NY 10022 | Phone: (212) 838-7797<br>Fax: (212) 838-7745<br>Email: jlaitman@cohenmilstein.com | Contingent Claim- Securities | Contingent, Unliquidated, Disputed | Unknown |
| 31 | New Jersey Carpenters Vacation Fund<br>C/O Cohen Milstein Sellers & Toll PLLC<br>150 East 52nd Street, Thirtieth Floor<br>New York, NY 10022 | Phone: (212) 838-7797<br>Fax: (212) 838-7745<br>Email: jlaitman@cohenmilstein.com | Contingent Claim- Securities | Contingent, Unliquidated, Disputed | Unknown |
| 32 | Boilermaker Blacksmith National Pension Trust<br>C/O Cohen Milstein Sellers & Toll PLLC<br>150 East 52nd Street, Thirtieth Floor<br>New York, NY 10022 | Phone: (212) 838-7797<br>Fax: (212) 838-7745<br>Email: jlaitman@cohenmilstein.com | Contingent Claim- Securities | Contingent, Unliquidated, Disputed | Unknown |
| 33 | Police and Fire Retirement System of the City of Detroit<br>C/O Zwerling, Schachter & Zwerling<br>41 Madison Avenue<br>New York, NY 10010 | Phone: (212) 223-3900<br>Fax: (212) 371-5969<br>Email: rzwerling@zsz.com | Contingent Claim- Securities | Contingent, Unliquidated, Disputed | Unknown |
| 34 | Orange County Employees Retirement System<br>C/O Cohen Milstein Sellers & Toll PLLC<br>150 East 52nd Street, Thirtieth Floor<br>New York, NY 10022 | Phone: (212) 838-7797<br>Fax: (212) 838-7745<br>Email: jlaitman@cohenmilstein.com | Contingent Claim- Securities | Contingent, Unliquidated, Disputed | Unknown |
| 35 | Midwest Operating Engineers Pension Trust Fund<br>C/O Cohen Milstein Sellers & Toll PLLC<br>150 East 52nd Street, Thirtieth Floor<br>New York, NY 10022 | Phone: (212) 838-7797<br>Fax: (212) 838-7745<br>Email: jlaitman@cohenmilstein.com | Contingent Claim- Securities | Contingent, Unliquidated, Disputed | Unknown |
| 36 | Iowa Public Employees Retirement System<br>C/O Cohen Milstein Sellers & Toll PLLC<br>150 East 52nd Street, Thirtieth Floor<br>New York, NY 10022 | Phone: (212) 838-7797<br>Fax: (212) 838-7745<br>Email: jlaitman@cohenmilstein.com | Contingent Claim- Securities | Contingent, Unliquidated, Disputed | Unknown |
| 37 | Brian Kessler, et al<br>C/O Walters Bender Strohbehn & Vaughan, P.C.<br>2500 City Center Square, 1100 Main, Suite 2500 | Phone: (816) 421-6620<br>Fax: (816) 421-4747<br>Email: jhaake@wbsvlaw.com | Contingent Litigation | Contingent, Unliquidated, Disputed | Unknown |
| 38 | Donna Moore<br>C/O Kessler Topaz Meltzer & Check, LLP<br>280 King of Prussia Road<br>Radnor, PA 19087 | Phone: (610) 822.0242<br>Fax: (610) 667.7056<br>Email: eciolko@ktmc.com | Contingent Litigation | Contingent, Unliquidated, Disputed | Unknown |

**Residential Capital LLC, et al.**
**Top Unsecured Creditors**
*In USD*
**(All Amounts Are Estimated)**

| No. | Creditor [1] | Creditor Contact | Nature of Claim [2] | Contingent, Unliquidated, or Disputed | Amount of Claim [3] |
|---|---|---|---|---|---|
| 39 | Steven And Ruth Mitchell<br>C/O Walters Bender Stroehbehn & Vaughan, P.C<br>2500 City Center Square, 1100 Main Street<br>Kansas City, MO  64105 | Phone:  (816) 421-6620<br>Fax:    (816) 421-4747<br>Email:   awalter@wbsvlaw.com | Settled Litigation | | 14,500,000.00 |
| 40 | Indecomm Global Services<br>200 Middlesex Essex Turnpike<br>Suite 102<br>Iselin, NJ  08830 | Phone:  (732) 404-0081 Ext. 208<br>Fax:<br>Email:   Rajan@indecomm.net | General Trade Payable | | 675,000.00 |
| 41 | Alan Gardner<br>C/O Williamson & Williams<br>187 Parfitt Way SW, Suite 250<br>Bainbridge Island, WA 98110 | Phone:  (206) 441-5444<br>Fax:    (206) 780-5557<br>Email:   roblin@williamslaw.com | Settled Litigation | | 555,000.00 |
| 42 | Tiffany Smith<br>C/O Schroeter Goldmark & Bender<br>500 Central Bldg., 810 Third Ave.<br>Seattle, WA 98104 | Phone:   (206) 622-8000<br>Fax:    (206) 682-2305<br>Email:   info@sgb-law.com | Settled Litigation | | 275,000.00 |
| 43 | Don E. Diane M. Patterson<br>C/O Siegel Brill, P.A.<br>100 Washington Avenue South, Suite 1300<br>Minneapolis, MN 55401 | Phone:   (612) 337-6100<br>Fax:    (612) 339-6591<br>Email:   heidifurlong@siegelbrill.com | Settled Litigation | | 157,950.00 |
| 44 | Wells Fargo & Company<br>Wf 8113, P.O. Box 1450<br>Minneapolis,  MN  55485 | Phone:  (612) 667-7121<br>Fax:<br>Email: | General Trade Payable | | 121,000.00 |
| 45 | Credstar<br>12395 First American Way<br>Poway, CA 92064 | Phone:  (800) 921-6700, ext 5129<br>Fax:<br>Email:   LPulford@corelogic.com | General Trade Payable | | 99,773.65 |
| 46 | Emortgage Logic<br>9151 Boulevard 26, Suite 400<br>N. Richland Hills,  TX  76180-5605 | Phone:  (817) 581-2900<br>Fax:<br>Email:   info@emortgagelogic.com | General Trade Payable | | 87,910.00 |
| 47 | Aegis Usa Inc.<br>2049 Century Park East, Suite 300<br>Los Angeles, CA 90067 | Phone:  +63 2 8858000<br>Fax:<br>Email:   Kapil.Chopra@aegisglobal.com | General Trade Payable | | 72,116.56 |
| 48 | ISGN Fulfillment Services Inc<br>3220 Tillman Drive, Suite 301<br>Bensalem,  PA  19020 | Phone:  (860) 656-7571<br>Fax:<br>Email:   Scott.slifer@isgn.com | General Trade Payable | | 65,754.00 |
| 49 | US Bank<br>Corporate Trust Services<br>60 Livingston Ave<br>St. Paul, MN 55107 | Phone:  (651) 495-3839<br>Fax:    (866) 869-1624<br>Email:   michelle.moeller@usbank.com | General Trade Payable | | 64,000.00 |
| 50 | Deborah Pangel and Lee Sachs<br>C/O Linda Tirelli<br>One North Lexington Avenue, 11th Floor<br>White Plains, NY 10601 | Phone:  (914) 946-0860<br>Fax:    (914)946-0870<br>Email:   WestchesterLegal@aol.com | Settled Litigation | | 55,000.00 |

Notes:
[1]   For all litigation settlements, the counterparty's attorney is listed as addressee.
[2]   General Trade Payable claims are based on balances in the Debtors' Accounts Payable system as of close of business May 11, 2012.
[3]   Estimated amount of claim for unsecured bonds represents principal balances as of 5/9/12 and does not include accrued interest or fees.
[4]   As of Indenture dated June 24, 2005 between Residential Capital Corporation and Deutsche Bank Trust Company Americas,
       as Indenture Trustee (amended on June 24, 2005, November 21, 2005, and May 16, 2008). A $20.1 million semi-annual interest payment
       due in April 2012 for the senior unsecured note maturing in April 2013 was not made.
[5]   Estimated amount of claim for EUR notes is based on an exchange rate of 1.29480 on May 11, 2012.
[6]   Estimated amount of claim for GBP notes is based on an exchange rate of 1.61418 on May 11, 2012.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, | ) | Case No. 12- _____ (     ) |
| | ) | |
| | ) | Joint Administration Pending |
| | ) | |
| Debtor. | ) | |
| | ) | |

## CORPORATE OWNERSHIP STATEMENT

In accordance with Rule 1007(a)(1) of the Federal Rules of Bankruptcy Procedure,

Residential Capital, LLC (the "Debtor") hereby states that the following corporations directly or

indirectly own 10% or more of the Debtor's equity interests as of May 14, 2012:

| Shareholder | Percentage of Shares Held |
|---|---|
| GMAC Mortgage Group LLC | 100% |

I, James Whitlinger, the Chief Financial Officer of Residential Capital, LLC, a Delaware

limited liability company, declare under penalty of perjury that I have read the foregoing and that

it is true and correct to the best of my information and belief, and will be supplemented to the

extent additional information becomes available.

Dated:  May 14, 2012

/s/ James Whitlinger
Name: James Whitlinger
Title:   Chief Financial Officer

## RESIDENTIAL CAPITAL, LLC
## MAY 13, 2012

**WHEREAS**, the Board has extensively discussed and analyzed, together with its management and financial and legal advisors, the alternatives available to the Company and its direct and indirect subsidiaries listed on Exhibit A hereto (the "Filing Subsidiaries") and has determined that seeking relief under the provisions of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") by the Company and each of the Filing Subsidiaries presents the best opportunity for preserving and maximizing the value of the enterprise for the benefit of the Company, its subsidiaries, creditors, employees and stakeholders and other interested parties;

**WHEREAS**, the Board has been presented by the management of the Company with a proposed Superpriority Debtor-in-Possession Credit and Guaranty Agreement (the "Credit Agreement") by and among GMACM Borrower, LLC ("GMACM Borrower"), RFC Borrower, LLC ("RFC Borrower"; together with GMACM Borrower, the "Borrowers"), ResCap, GMAC Mortgage, LLC ("GMAC Mortgage"), Residential Funding Company, LLC ("Residential Funding"), certain subsidiaries of ResCap from time to time party thereto as guarantors (collectively, the "Guarantors"; the Guarantors, collectively with the Borrowers, the "Credit Parties," and each, a "Credit Party"), GMAC Mortgage and Residential Funding, as Administrators, Originators, Receivables Custodians and Servicers, GMAC Mortgage, as GMACM Servicer, certain financial institutions from time to time party thereto as lenders (the "Lenders"), Barclays Bank PLC ("Barclays"), as administrative agent for the Lenders (the "Administrative Agent"), Barclays, as collateral agent (the "Collateral Agent") and Barclays, as syndication agent, and the other persons from time to time party thereto, pursuant to which the Company intends to (i) provide an absolute and unconditional guaranty (the "Guaranty"), on a joint and several basis with the other Guarantors, of all obligations, liabilities and indebtedness of the Credit Parties, as contemplated by or specified in the Credit Documents  (as defined below) and the Orders (as defined in the Credit Agreement) (the "Obligations") and (ii) grant to the Collateral Agent security interests, pledges and encumbrances, as contemplated by or specified in the Credit Documents and the Orders;

**WHEREAS**, the Board has determined that the Company will benefit, directly or indirectly, from the loans being made under the Credit Agreement and that it is in the best interests of the Company to grant a lien and to guaranty the Obligations on the terms and conditions set forth in the Credit Agreement;

**WHEREAS**, pursuant to (a) a Payoff Letter (the "Payoff Letter") to be delivered by BMMZ Holdings LLC ("BMMZ") and acknowledged and agreed to by Residential Funding, GMAC Mortgage and ResCap, and (b) certain notices (the "BMMZ Notices"; together with the Payoff Letter, the "BMMZ Termination Agreements") delivered in connection therewith, Residential Funding and GMAC Mortgage will repurchase all mortgage loans sold by such party to BMMZ under the Master Repurchase Agreement (the "Repurchase Agreement") dated as of December 21, 2011 among Residential Funding, as seller, and GMAC Mortgage, as seller and servicer, ResCap, as guarantor and BMMZ, as buyer, all obligations of Residential Funding and GMAC Mortgage under the Repurchase Agreement will be satisfied and certain ancillary agreements relating to the Repurchase Agreement shall be terminated;

**WHEREAS**, in connection with entering into the Credit Agreement, the Credit Parties may, as necessary, need to negotiate, prepare, execute, deliver, acknowledge, attest and perform (or cause to be negotiated, prepared, executed, delivered, acknowledged, attested and performed) applicable fee letters, engagement letters, commitment letters, promissory notes, guaranty agreements, collateral documents, pledge agreements, cash collateral and reimbursement agreements, deeds of trust, mortgages, control agreements, custodial agreements, other security agreements, assignments, endorsements and other instruments of transfer, intercreditor and/or subordination agreements, agency agreements, instruction letters, appointment and authorization agreements, payoff letters, financing statements, hedging agreements and other agreements, certificates, instruments and documents as may be contemplated by, related to or required in connection with the Credit Agreement or the transactions contemplated thereby (with the Credit Agreement and Guaranty, the "Credit Documents");

**WHEREAS**, the Company has engaged in negotiations ranging from preliminary to late-stage with a number of prospective strategic and financial investors who expressed interest in pursuing a transaction and sale process to acquire substantially all of the assets of the Company and the Filing Subsidiaries pursuant to 11 U.S.C. §§ 105, 363 and 365 (a "Section 363 Sale");

**WHEREAS**, the Company has narrowed the field of prospective investors interested in pursuing a sale transaction within bankruptcy to Nationstar Mortgage LLC and its affiliates and funders including Fortress Investment Group LLC, a diversified global investment company;

**WHEREAS**, the Board has been presented with an Asset Purchase Agreement (the "NSM Asset Purchase Agreement"), among the Company, Residential Funding, GMAC Mortgage, Executive Trustee Services, LLC ("ETS LLC"), EPRE LLC ("EPRE"), ETS of Washington, Inc., ("ETS WA"), and the additional sellers identified on Schedule A to the NSM Asset Purchase Agreement (together with the Company, Residential Funding, GMAC Mortgage, ETS LLC, ETS WA and EPRE, the "Sellers"), and NationStar Mortgage LLC ("Purchaser"), pursuant to which the Sellers will sell certain of their assets to Purchaser and Purchaser will assume certain of the Sellers' Liabilities on the terms and conditions set forth in the NSM Asset Purchase Agreement (the "NSM Asset Sale");

**WHEREAS**, the Board has also been presented with a Deposit Escrow Agreement (the "Escrow Agreement"), among the Sellers, Purchaser and JPMorgan Chase Bank, NA as the Escrow Agent with respect to the Cash Deposit (as defined in the NSM Asset Purchase Agreement);

**WHEREAS**, the Board has also been presented with an Asset Purchase Agreement (the "AFI Asset Purchase Agreement"; together with the NSM Asset Purchase Agreement and the Escrow Agreement, the "Asset Purchase Agreements"), between ResCap, Residential Funding and GMAC Mortgage, and BMMZ and Ally Financial Inc. ("AFI"), pursuant to which such Sellers will sell certain Whole Loans, Advances (each as defined in the AFI Asset Purchase Agreement) and other assets to BMMZ (the "AFI Asset Sale") and AFI will guarantee the obligations of BMMZ thereunder;

**WHEREAS**, the Board has also been presented by the management of the Company with a proposed Settlement and Plan Sponsor Agreement (the "Ally Settlement") by and among the

Company, for itself and the Filing Subsidiaries (the "ResCap Entities"), and AFI, on behalf of itself and its subsidiaries and affiliates other than the ResCap Entities ("Ally"; together with the ResCap Entities, the "Ally Settlement Parties") pursuant to which the Ally Settlement Parties seek to resolve all issues and disputes between and among them;

**WHEREAS**, pursuant to the terms of the Ally Settlement, the Ally Settlement Parties will agree upon a term sheet for a Chapter 11 plan of reorganization for the restructuring of the ResCap Entities and to implement the terms of the Ally Settlement, undertake certain obligations and make certain representations and warranties, agree to mutual plan support obligations, and agree to exchange mutual releases,

**WHEREAS**, the Board has also been presented by the management of the Company with a proposed settlement (the "Institutional Investors Settlement") by and among the Company and its direct and indirect subsidiaries (the "ResCap Parties"), and the institutional investors identified in the Institutional Investors Settlement (the "Institutional Investors"; together with the ResCap Parties, the "Institutional Investors Settlement Parties");

**WHEREAS**, pursuant to the terms of the Institutional Investors Settlement, the Institutional Investors Settlement Parties intend to resolve certain disputes among and between them arising out of the Governing Agreements (as defined in the Institutional Investors Settlement) and have reached an agreement concerning the Governing Agreements;

**WHEREAS**, in conjunction with the Institutional Investors Settlement, the Board has also been presented by the management of the Company with a plan support agreement (the "Plan Support Agreement"; together with the Institutional Investors Settlement, the "Institutional Investors Settlement and Plan Support Agreements"), by and among the Company and the Filing Subsidiaries, Ally, and the Consenting Claimants, as defined in the Plan Support Agreement pursuant to which the Institutional Investors Settlement Parties agree to mutual plan support obligations, and to exchange mutual releases; and

**WHEREAS,** after consideration of all factors and information the Board deemed relevant, the Board finds that it is desirable for, fair to and in the best interests of the Company, its subsidiaries, creditors, and stakeholders and other parties in interest, that the Company (i) file or cause to be filed a voluntary petition for relief under the provisions of Chapter 11 of the Bankruptcy Code in which the authority to operate as a debtor-in-possession will be sought (the "Chapter 11 Filing"), (ii) effect the NSM Asset Sale and the AFI Asset Sale, (iii) execute and deliver the Credit Agreement and the other Credit Documents, to the extent party thereto, and to perform its obligations thereunder, including the provision of the Guaranty, the granting of a security interest, and the transfer of certain assets of ResCap and the Filing Subsidiaries to the Borrowers (as defined in the Credit Documents), (iv) enter into the BMMZ Termination Agreements, (v) authorize and enter into the Ally Settlement, and (vi) authorize and enter into the Institutional Investors Settlement and Plan Support Agreements.

NOW THEREFORE, BE IT RESOLVED as follows:

## COMMENCEMENT OF BANKRUPTCY CASES

**RESOLVED**, that the Company and each of the Filing Subsidiaries is authorized and directed to file a petition seeking relief under the provisions of Chapter 11 of the Bankruptcy Code;

**RESOLVED**, that each of the Authorized Officers of Residential Capital (it being understood that, for the purposes of these resolutions, except as otherwise provided herein, the "Authorized Officers" shall include, without limitation, Thomas F. Marano, Steven Abreu, James N. Whitlinger, and any other officer of the Company determined by the Chief Executive Officer President or Chief Financial Officer of the Company to be an appropriate officer with respect to the action taken) is authorized, empowered and directed, in the name and on behalf of the Company, to execute and verify a petition under Chapter 11 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") in such form and at such time as the Authorized Officer executing such petition on behalf of the Company shall determine;

**RESOLVED**, that in connection with the commencement of the Chapter 11 case by the Company, each Authorized Officer is authorized, in the name and on behalf of the Company, to negotiate, execute, and deliver such notes, security and other agreements, and instruments as such Authorized Officer considers appropriate to enable the Company to enter into one or more agreements to (i) guaranty the obligations under the Credit Agreement, as more fully set forth below, and (ii) utilize cash collateral on the terms and conditions such Authorized Officer or Authorized Officers executing the same may consider necessary, proper, or desirable, and to consummate the transactions contemplated by such notes, security and other agreements and instruments on behalf of the Company, subject to Bankruptcy Court approval;

**RESOLVED**, that each Authorized Officer is authorized and directed, in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file and/or record, negotiate, and perform (or direct others to do so on their behalf as provided herein), any and all petitions, schedules, lists, motions, certifications, agreements, instruments, affidavits, applications, including, without limitation, applications for approvals or rulings of governmental or regulatory authorities, or other documents, and in that connection to employ and retain legal counsel, accountants or other professionals and to take such other actions, as in the judgment of such Authorized Officer shall be or become necessary, proper, or desirable in connection with the Chapter 11 Filing contemplated hereby, with a view to the successful prosecution of such case, including any and all action necessary, proper or desirable in connection with obtaining the use of cash collateral or debtor-in-possession financing;

**RESOLVED**, that the Board approves and endorses each of the Filing Subsidiaries taking any and all action, including authorizing a filing in the Bankruptcy Court, and to execute and deliver all documents, agreements, motions and pleadings as are necessary, proper, or desirable in connection with the Filing Subsidiary's Chapter 11 case;

## DEBTOR-IN-POSSESSION FINANCING AUTHORIZATION

**RESOLVED,** that it is in the best interests of the Company to guaranty the Obligations on the terms and conditions set forth in the Credit Agreement;

**RESOLVED**, that the Company is authorized to grant to the Collateral Agent and the Lenders security interests, pledges and encumbrances in and of certain property of the Company as provided in the Credit Agreement;

**RESOLVED**, that the form, terms and provisions of the Credit Agreement, including the Guaranty, together with all schedules and exhibits thereto, a draft of which was submitted to this Board, are advisable and fair to and in the best interests of the Company and are in all respects approved;

**RESOLVED**, that the Authorized Officers, each acting alone or with one or more Authorized Officers, may (i) negotiate, execute and deliver for and on behalf of the Company, the Credit Agreement and the other Credit Documents referred to therein to which the Company is a party, including the Collateral Documents (as defined in the Credit Agreement) to be delivered thereunder, in substantially the forms hereby approved, with such changes, additions or deletions as the Authorized Officer executing the same may approve, such execution to be conclusive evidence of such approval, and (ii) negotiate, execute and deliver all other instruments, certificates, papers, agreements and other applicable Credit Documents which the Lenders, the Administrative Agent or the Collateral Agent may require in connection with the Credit Agreement in such form and of such content as any Authorized Officer shall approve, such execution to be conclusive evidence of such approval;

**RESOLVED**, that any Authorized Officer is authorized to negotiate, execute and deliver, for and on behalf of the Company, any addendum to, amendment of, or other renewal or extension of the Credit Agreement, or any other Credit Documents at any time after the execution thereof, such addendum, amendment, renewal or extension to be in such form and of such content as shall be approved by the Authorized Officer who executes the same, such execution to be conclusive evidence of such approval;

**RESOLVED**, that the execution, delivery and consummation of the transactions contemplated by the Credit Agreement, in substantially the form of and with terms and conditions as presented to the Board (with such changes or additions thereto as the Authorized Officer executing the same shall deem necessary, advisable or appropriate) and the other Credit Documents and all other instruments required or deemed necessary or desirable by any Authorized Officer in connection with the Credit Agreement and the performance by the Company of its obligations thereunder (including, without limitation, with respect to (i) the terms of the Guaranty and the granting of liens and security interests to be granted under the Credit Documents and Orders, and (ii) the payment of any fees and expenses associated therewith), be, and they hereby are, adopted, approved, authorized and ratified in all respects;

**RESOLVED**, that any Authorized Officer, or any other officer or employee of the Company authorized by an Authorized Officer in accordance with the procedures of the Company, may pay any and all costs, expenses and fees, do and perform all acts and execute and

deliver any further instrument, certificate or document in the name and on behalf of the Company in connection with the Credit Documents, as such Authorized Officer deems necessary or appropriate to carry out the purposes and intent of these resolutions, the execution thereof by such Authorized Officer to be conclusive evidence of such determination;

**RESOLVED**, that these resolutions shall continue in full force and effect until the Administrative Agent receives notice in writing of their revocation by a resolution duly adopted by the Board (provided that any such notice shall not affect the Credit Agreement and any other Credit Documents in effect at the time such notice is given or any outstanding borrowings and other extensions of credit from the Administrative Agent or the Lenders under the Credit Documents or otherwise);

**RESOLVED**, that the Credit Agreement, together with its schedules and exhibits, and any and all other Credit Documents referred to therein, submitted to this Board, shall be filed by the Assistant Secretary of the Company among the records of the Company.

## AUTHORIZATION OF THE BMMZ TERMINATION AGREEMENTS

**RESOLVED**, that it is in the best interests of the Company to enter into the BMMZ Termination Agreements;

**RESOLVED**, that the form, terms and provisions of the BMMZ Termination Agreements, together with all attachments thereto, drafts of which were submitted to this Board, are in all respects approved;

**RESOLVED**, that the Authorized Officers, each acting alone or with one or more Authorized Officers, may negotiate, execute and deliver for and on behalf of the Company, the BMMZ Termination Agreements, in substantially the form hereby approved, with such changes, additions or deletions as the Authorized Officer executing the same may approve, such execution to be conclusive evidence of such approval;

**RESOLVED**, that the BMMZ Termination Agreements, together with the attachments thereto, and any and all other documents referred to therein, submitted to this Board, shall be filed by the Assistant Secretary of the Company among the records of the Company.

## SECTION 363 ASSET SALE AUTHORIZATION

**RESOLVED**, that it is in the best interests of the Company to pursue the NSM Asset Sale and the AFI Asset Sale;

**RESOLVED,** that the Authorized Officers, each acting alone or with one or more other Authorized Officers be, and they hereby are authorized, empowered and directed, to petition the Bankruptcy Court to effect the NSM Asset Sale and the AFI Asset Sale through an auction process overseen by the Bankruptcy Court in a Section 363 Sale;

**RESOLVED,** that the Authorized Officers, each acting alone or with one or more other Authorized Officers be, and they hereby are, authorized and empowered to execute and file on behalf of the Company all petitions, schedules, lists and other motions, papers or documents, and

to take any and all action that they deem necessary or advisable to effect the Nationstar Transaction as a Section 363 Sale;

## AUTHORIZATION OF ASSET PURCHASE AGREEMENTS

**RESOLVED**, that it is in the best interests of the Company to pursue the NSM Asset Sale and the AFI Asset Sale and to enter into the Asset Purchase Agreements;

**RESOLVED**, that the form, terms and provisions of the Asset Purchase Agreements, substantially final drafts of which were submitted to the Board, are in all respects authorized and approved;

**RESOLVED**, that the Authorized Officers are authorized to enter into, execute and deliver the Asset Purchase Agreements on behalf of the Company, and any other agreement, instrument, document, or certificate required pursuant to any or necessary or desirable to effect the purposes of the Asset Purchase Agreements (together with the Asset Purchase Agreements, the "Transaction Documents") , in substantially the form hereby approved, with such changes, additions or deletions as the Authorized Officer executing the same may approve, such execution to be conclusive evidence of such approval;

**RESOLVED**, that the Asset Purchase Agreements, and any and all documents referred to therein, submitted to this Board, shall be filed by the Assistant Secretary of the Company among the records of the Company.

## AUTHORIZATION OF THE ALLY SETTLEMENT

**RESOLVED**, that it is in the best interests of the Company and each of the Filing Subsidiaries to enter into the Ally Settlement;

**RESOLVED**, that the form, terms and provisions of the Ally Settlement, together with all attachments thereto, a substantially final draft of which was submitted to this Board, are in all respects approved;

**RESOLVED**, that Jonathan Illany and John Mack are hereby authorized to execute the Ally Settlement (the "Authorized Signatories");

**RESOLVED**, that the Authorized Signatories, each acting alone or with one or more Authorized Signatory, may negotiate, execute and deliver for and on behalf of the Company and the Filing Subsidiaries, the Ally Settlement, in substantially the form hereby approved, with such changes, additions or deletions as the Authorized Signatories executing the same may approve, such execution to be conclusive evidence of such approval;

**RESOLVED**, that the Ally Settlement, together with the attachments thereto, and any and all other documents referred to therein, submitted to this Board, shall be filed by the Assistant Secretary of the Company among the records of the Company.

## AUTHORIZATION OF THE INSTITUTIONAL INVESTORS SETTLEMENT AND PLAN SUPPORT AGREEMENTS

**RESOLVED**, that it is in the best interests of the Company and each of the Filing Subsidiaries to enter into the Institutional Investors Settlement and Plan Support Agreements;

**RESOLVED**, that the form, terms and provisions of the Institutional Investors Settlement and Plan Support Agreements, together with all attachments thereto, a substantially final draft of which was submitted to this Board, are in all respects approved;

**RESOLVED**, that the Authorized Officers, each acting alone or with one or more Authorized Officer, may negotiate, execute and deliver for and on behalf of the Company and the Filing Subsidiaries, the Institutional Investors Settlement and Plan Support Agreements, in substantially the form hereby approved, with such changes, additions or deletions as the Authorized Officers executing the same may approve, such execution to be conclusive evidence of such approval;

**RESOLVED**, that the Institutional Investors Settlement and Plan Support Agreements, together with the attachments thereto, and any and all other documents referred to therein, submitted to this Board, shall be filed by the Assistant Secretary of the Company among the records of the Company.

## RETENTION OF PROFESSIONALS AND PAYMENT OF FEES AND EXPENSES

**RESOLVED**, that the law firm of Morrison & Foerster LLP is employed as attorneys for the Company under a general retainer in the Company's Chapter 11 case, subject to the approval of the Bankruptcy Court;

**RESOLVED**, that the firm of FTI Consulting Inc. is employed to provide financial advisory services to the Company, subject to the approval of the Bankruptcy Court;

**RESOLVED**, that the firm of Centerview Partners LLC is employed to provide investment banking services to the Company, subject to the approval of the Bankruptcy Court;

**RESOLVED**, that the firm of Kurtzman Carson Consultants LLP is employed as claims and noticing agent to the Company, subject to the approval of the Bankruptcy Court;

**RESOLVED**, that the law firm of Curtis, Mallet-Prevost, Colt & Mosle LLP is employed as conflicts counsel for the Company in the Company's Chapter 11 case, subject to the approval of the Bankruptcy Court;

**RESOLVED**, that the law firm of Morrison Cohen LLP is employed as attorneys for the Company's independent directors in the Chapter 11 case, subject to the approval of the Bankruptcy Court;

**RESOLVED**, that the firm of Rubenstein Associates, Inc. is employed as public relations consultants to the Company in the Chapter 11 case, subject to the approval of the Bankruptcy Court;

**RESOLVED**, that any Authorized Officer is authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that such Authorized Officer deems necessary, proper, or desirable in connection with the Company's or any Filing Subsidiary's Chapter 11 case, with a view to the successful prosecution of such case;

## GENERAL AUTHORIZATION AND RATIFICATION

**RESOLVED**, that each Authorized Officer is authorized and directed, consistent with these Resolutions and with the advice of counsel to the Company: (i) to negotiate, execute, deliver, certify, file and/or record, and perform, any and all of the agreements, documents, and instruments referenced herein, and such other agreements, documents, and instruments and assignments thereof as may be required or as such Authorized Officer deems appropriate or advisable, or to cause the negotiation, execution, and delivery thereof, as the case may be, in such form and substance as such Authorized Officer may approve, together with such changes and amendments to any of the terms and conditions thereof as such Authorized Officer may approve, (ii) to negotiate, execute, deliver, certify, file and/or record, and perform any agreements, documents, certificates, consents, filings, and applications relating to the Resolutions adopted and matters ratified or approved herein and the transactions contemplated thereby, and amendments and supplements to any of the foregoing, and to take such other action as may be required or as such Authorized Officer deems appropriate or advisable in connection therewith, and (iii) to do such other things as may be required, or as may in such Authorized Officer's judgment be necessary, proper, or desirable, to carry out the intent and effectuate the purposes of the Resolutions adopted and matters ratified or approved herein and the consummation of the transactions contemplated hereby;

**RESOLVED**, that any Authorized Officer be, and each of them individually is, empowered, authorized and directed, for and on behalf of the Company, to take or cause to be taken any and all such further actions, to execute and deliver or cause to be executed and delivered all such contracts, documents, instruments and agreements providing for the engagement, retention, compensation, reimbursement or expenses and indemnification of any legal counsel, accounting firm, investment banking firm or other such consultants, advisors and other agents, to incur and pay all such fees and expenses and to retain any such legal counsel, accounting firm, investment banking firm or other such consultants, advisers and other agents, in each case as they shall in their judgment determine to be necessary, desirable or advisable to carry out fully the intent and purpose of the foregoing resolutions and the execution by such Authorized Officer of any such document, instrument or agreement or the payment of any such expenses or the doing by them of any act in connection with the foregoing matters shall conclusively establish their authority therefor and the approval of the documents, instruments or agreements so executed, the expenses so paid and the actions so taken;

**RESOLVED**, that any person dealing with any Authorized Officer or Authorized Officers in connection with any of the foregoing matters shall be conclusively entitled to rely upon the authority of such Authorized Officer and by his or her execution of any document or

agreement, the same shall be a valid and binding obligation of the Company enforceable in accordance with its terms;

**RESOLVED**, that the Assistant Secretary is authorized to prepare and to certify as a resolution of the Company such additional resolutions as an Authorized Officer, acting upon advice of counsel to the Company, shall deem necessary or advisable to accomplish the purposes of the foregoing resolutions.

**RESOLVED**, that the authority given in these resolutions is retroactive and any and all actions heretofore or hereafter taken by the Authorized Officers within the terms of any of the foregoing resolutions are ratified, confirmed, and approved in all respects as the acts and deeds of the Company.

EXHIBIT A

ditech, LLC

DOA Holding Properties, LLC

DOA Properties IX (Lots-Other), LLC

EPRE LLC

Equity Investments I, LLC

ETS of Virginia, Inc.

ETS of Washington, Inc.

Executive Trustee Services LLC

GMAC – RFC Holding Company, LLC

GMAC Model Home Finance I, LLC

GMAC Mortgage USA Corporation

GMAC Mortgage, LLC

GMAC Residential Holding Company, LLC

GMAC RH Settlement Service, LLC

GMACM Borrower LLC

GMACM REO LLC

GMACR Mortgage Products, LLC

HFN REO SUB II, LLC

Home Connects Lending Services, LLC

Homecomings Financial Real Estate Holdings, LLC

Homecomings Financial, LLC

Ladue Associates, Inc.

Passive Asset Transactions, LLC

PATI A, LLC

PATI B, LLC

PATI Real Estate Holdings, LLC

RAHI A, LLC

RAHI B, LLC

RAHI Real Estate Holdings, LLC

RCSFJV2004, LLC

Residential Accredit Loans, Inc.

Residential Asset Mortgage Products, Inc.

Residential Asset Securities Corporation

Residential Capital, LLC

Residential Consumer Services of Alabama, LLC

Residential Consumer Services of Ohio, LLC

Residential Consumer Services of Texas, LLC

Residential Consumer Services, LLC

Residential Funding Company, LLC

Residential Funding Mortgage Exchange, LLC

Residential Funding Mortgage Securities I, Inc.

Residential Funding Mortgage Securities II, Inc.

Residential Funding Real Estate Holdings, LLC

Residential Mortgage Real Estate Holdings, LLC

RFC – GSAP Servicer Advance, LLC

RFC Asset Holdings II, LLC

RFC Asset Management, LLC

RFC Borrower LLC

RFC Construction Funding, LLC

RFC REO LLC

RFC SFJV-2002, LLC