MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:   (212) 468-8000
Facsimile:   (212) 468-7900
Larren M. Nashelsky
Gary S. Lee
Lorenzo Marinuzzi

*Proposed Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12- |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Joint Administration Pending |

**DEBTORS' MOTION FOR ORDER UNDER BANKRUPTCY CODE SECTIONS
105(a) AND 107(b) AND BANKRUPTCY RULE 9018 AUTHORIZING THE FILING
UNDER SEAL OF CERTAIN PROPOSED DEBTOR IN POSSESSION
FINANCING FEE LETTERS**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors")[1] hereby file this motion (the "Motion")[2] for entry of an order, under sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code") and rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Debtors to file under seal certain fee letters attached hereto as Exhibit B (the "Fee Letters"), by and among certain of the Debtors and Barclays Bank PLC ("Barclays"), each of which were

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the Whitlinger Affidavit (defined below). Additional subsidiaries and affiliates of the Debtors may file Chapter 11 petitions on a rolling basis. As used herein, the term "Debtors" includes any such entities.

[2] Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases or the relief requested in this Motion may refer to http://www.kccllc.net/rescap for additional information.

1

ny-1040406

executed in connection with the proposed debtor in possession financing facility (the "Barclays DIP Facility").[3] In support of the Motion, the Debtors rely upon and incorporate by reference the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in support of Chapter 11 Petitions and First Day Pleadings, filed with the Court concurrently herewith (the "Whitlinger Affidavit") and the Declaration of Marc D. Puntus in Support of the Debtors' Motion for Interim and Final Orders Pursuant to 11 U.S.C. §§ 105, 362, 363(b)(1), 363(f), 363(m), 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) and 364(e) and Bankruptcy Rules 4001 and 6004 (I) Authorizing the Debtors to (A) Enter into and Perform Under Receivables Purchase Agreements and Mortgage Loan Purchase and Contribution Agreements Relating to Initial Receivables and Mortgage Loans and Receivables Pooling Agreements Relating to Additional Receivables, and (B) Obtain Postpetition Financing on a Secured, Superpriority Basis, (II) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(b) and 4001(c), and (III) Granting Related Relief (the "Puntus Declaration"), also filed with the Court concurrently herewith. In further support of the Motion, the Debtors, by and through their undersigned counsel, respectfully represent:

## JURISDICTION

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates

---

[3] The Debtors are seeking authority to enter into the Barclays DIP Facility pursuant to the Debtors' Motion for Interim and Final Orders Pursuant to 11 U.S.C. §§ 105, 362, 363(b)(1), 363(f), 363(m), 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) and 364(e) and Bankruptcy Rules 4001 and 6004 (i) Authorizing the Debtors to (a) Enter Into and Perform Under Receivables Purchase Agreements and Mortgage Loan Purchase and Contribution Agreements Relating to Initial Receivables and Mortgage Loans and Receivables Pooling Agreements Relating to Additional Receivables, and (b) Obtaining Postpetition Financing on a Secured, Superpriority Basis, (ii) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(b) and 4001(c), and (iii) Granting Related Relief (the "Barclays DIP Motion"), filed concurrently herewith.

2

ny-1040406

for the relief requested herein are Bankruptcy Code sections 105(a) and 107(b) and Bankruptcy Rule 9018.

## BACKGROUND

2.      On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code. The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1007(a) and 1108. No trustee, examiner or statutory creditors' committee has been appointed in these Chapter 11 cases.

3.      The Debtors are a leading residential real estate finance company indirectly owned by Ally Financial Inc., which is not a Debtor. The Debtors and their non-debtor affiliates operate the fifth largest servicing business and the tenth largest mortgage origination business in the United States. A more detailed description of the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these bankruptcy cases, is set forth in the Whitlinger Affidavit.

## RELIEF REQUESTED

4.      Pursuant to the Fee Letters, and due to the sensitive nature of the information within the Fee Letters, the Debtors have agreed to keep the specific terms of the Fee Letters confidential. Accordingly, the Debtors seek entry of an order authorizing the Debtors to file the Fee Letters under seal and directing that the Fee Letters shall remain under seal and confidential and not be made available to anyone without the consent of the Debtors and Barclays or further order from the Court after notice and hearing, and, in each case, under appropriate confidentiality agreements reasonably satisfactory to the Debtors and Barclays. The Debtors have provided a copy of the Fee Letters, on a confidential basis, to the Office of the United States Trustee for the Southern District of New York (the "United States Trustee") and

3

ny-1040406

will provide the Fee Letters, upon request, to counsel and financial advisors to any statutory committee appointed in these cases (the "Committee Professionals") on a confidential and "professionals' eyes only" basis. Moreover, the estimated aggregate amount of fees and expenses payable by the Debtors in connection with the Barclays DIP Facility are disclosed in the Barclays DIP Motion and are thereby made a matter of public record.

5. The Debtors request that, to the extent necessary, the relief sought by this Motion apply to any future debtor (a "Future Debtor") in these jointly-administered cases. The Debtors propose that an affiliated debtor be deemed to be a Future Debtor upon the Court's entry of an order authorizing the joint administration of such Future Debtor's Chapter 11 case with the Chapter 11 cases of the Debtors.

## APPLICABLE AUTHORITY

6. Section 105(a) of the Bankruptcy Code codifies the bankruptcy court's equitable powers and authorizes it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

7. In addition, under section 107(b) of the Bankruptcy Code, the Court may authorize the Debtors to file the Fee Letters under seal by issuing an order that will protect entities from the potential harm that may result from the disclosure of certain confidential information. See 11 U.S.C. § 107(b). Specifically, section 107(b) provides, in relevant part, that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> > (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
> >
> > (2) protect a person with respect to scandalous or

> defamatory matter contained in a paper filed in a case under this title.

<u>Id</u>.

8.     Furthermore, Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under Bankruptcy Code section 107(b). In relevant part, Bankruptcy Rule 9018 provides:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . .

Fed. R. Bankr. P. 9018.

**I.     Section 107(b) Requires the Court to Protect Commercial Information**

9.     Upon determining that a party in interest seeks to protect information that falls within a category set forth in section 107(b), "the court is *required* to protect a requesting interested party and has no discretion to deny the application." <u>Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)</u>, 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original) (affirming bankruptcy court's order to seal licensing agreement because release of any information pertaining to agreement's overall structure or terms and conditions would adversely affect movant's ability to negotiate favorable promotional agreements); <u>see</u> <u>also</u> <u>In re Global Crossing Ltd.</u>, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003). In actuality, the party seeking protection need only show that the information sought to be sealed is "confidential" and "commercial." <u>See</u> <u>Orion Pictures Corp.</u>, 21 F.3d at 27. Therefore, section 107(b) relief should be granted if the information sought to be protected is "commercial information." <u>See</u> <u>Global Crossing</u>, 295 B.R. at 725.

10.    Moreover, unlike its counterpart, Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such

5

protection to demonstrate "good cause". See Orion Pictures Corp., 21 F.3d at 28. Nor does it require a finding of "extraordinary circumstances or compelling need." Id. at 27. Rather, the resulting order should be broad (i.e., "any order which justice requires"). See Global Crossing, 295 B.R. at 724; Fed. R. Bankr. P. 9018; see also Orion Pictures Corp., 21 F.3d at 27 (explaining that, in bankruptcy cases, "congress has established a special rule for trade secrets and confidential research, development and commercial information" that requires protection if the information in question fits into any of the categories specified in Bankruptcy Code section 107(b)). In general, courts are required to provide the protections afforded under section 107(b) "where open inspection may be used as a vehicle for improper purposes." Orion Pictures Corp., 21 F.3d at 27. In fact, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." Global Crossing, 295 B.R. at 724.

11. Furthermore, in Orion, the Second Circuit explained that commercial information does not need to rise to the level of a trade secret in order to be entitled to protection under section 107(b) of the Bankruptcy Code. See Orion Pictures Corp., 21 F.3d at 28 (finding that section 107(b) does not require "that commercial information be the equivalent of a trade secret before protecting such information").

12. Decisions in this district have adopted the Orion court's description of "commercial information" as information that, if disclosed, would unfairly advantage the disclosing entity's competitors by providing them with access to information regarding the commercial operations of the entity seeking protection. See In re Borders Grp., Inc., 462 B.R. 42, 47 (Bankr. S.D.N.Y. 2011); In re Barney's, Inc., 201 B.R. 703, 708–09 (Bankr. S.D.N.Y. 1996).

13. Additionally, courts in this district, in describing the scope of "commercial information," have referenced Rule 9018's purpose: to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury." See Global Crossing, 295 B.R. at 725. One court has found that information should qualify as "commercial information" where it may be reasonably determined that disclosing such information would have a chilling effect on business negotiations. See In re Lomas Fin. Corp., 90 Civ. 7827, 1991 U.S. Dist. LEXIS 1589, at *4–*5 (S.D.N.Y. Feb. 11, 1991).

II. **The Fee Letters Contains "Commercial Information" and Should Remain Confidential**

14. The Debtors submit that the Fee Letters contain closely-guarded proprietary and commercial information that is sensitive to Barclays and the Debtors, thus satisfying one of the categories for sealing documents under section 107(b) of the Bankruptcy Code. The Debtors further submit that disclosure of the Fee Letters would violate the Debtors' agreement with Barclays.

15. It is important that Barclays' method for calculating fees and the contents of the Fee Letters remain confidential. Specifically, disclosing the market flex terms of the Fee Letters puts great pressure on Barclays' ability to effectively market and syndicate the Barclays DIP Facility to the marketplace and could increase the cost of the Barclays DIP Facility to the Debtors' estates. In addition, public disclosure of the confidential and proprietary information in the Fee Letters has the potential to harm Barclays' business and to impair its ability to syndicate such facilities, including debtor in possession facilities, in the future.

16. Barclays, and the finance industry in general, customarily considers this information highly sensitive and confidential. Such information is rarely disclosed to the public or made available to competitor financial institutions. Given the investment banking and lending

7

ny-1040406

industries' highly competitive nature, it is of the utmost importance that the terms and pricing details set forth in the Fee Letters be kept confidential so that Barclays' competitors may not use the information contained therein to gain an unfair, strategic advantage over Barclays in the marketplace. Disclosure of the Fee Letters would essentially place a ceiling on the fees Barclays or its affiliates could charge in future transactions.

17. Furthermore, as debtor in possession financings are only a small fraction of all syndicated financings arranged by Barclays and its competitor financial institutions, requiring arrangers to publicly disclose their fees in the debtor in possession financing context but not in others could have a chilling effect on the market for debtor in possession financings– presumably only leading to increased costs for debtors.

18. Additionally, it is imperative that the Debtors, particularly at this early stage in their Chapter 11 cases, be able to assure counterparties with whom they contract that the confidential and proprietary terms contained in any such contracts will remain confidential, so as not to further weaken the Debtors' bargaining position. The Debtors also submit that providing the Fee Letters to the United States Trustee on a strictly confidential basis and, upon request, to Committee Professionals on a strictly confidential and "professionals' eyes only" basis will subject the Fee Letters to sufficient scrutiny on the merits, while at the same time minimizing any impact on the Debtors' or Barclays' ongoing business objectives.

19. Finally, the relief requested in this Motion is similar to relief granted in recent Chapter 11 cases in this and other districts. See, e.g., In re United Retail Group, Inc., Case No. 12-10405 (SMB) (Bankr. S.D.N.Y. Feb. 1, 2012) (Docket No. 30); In re The Great Atlantic & Pacific Tea Co., Inc., Case No. 10-24549 (RDD) (Bankr. S.D.N.Y. Jan. 18, 2012) (Docket No. 3184) (granting ex parte motion to file under seal certain unredacted fee letters in connection

8

ny-1040406

with exit financing); In re Calpine Corp., Case No. 05-60200 (BRL) (Bankr. S.D.N.Y. Jan. 29, 2007) (Docket No. 3494) (authorizing debtors to file under seal a copy of fee letter underlying proposed replacement debtor in possession financing facility); In re Adelphia Commc'ns Corp., Case No. 02-41729 (REG) (Bankr. S.D.N.Y. Mar. 24, 2004) (Docket No. 4260) (permitting debtors to file under seal certain letters pertaining to debtors' motion for approval of an exit financing arrangement); see also In re Coach Am Grp. Holdings Corp., Case No. 12-10010 (KG) (Bankr. D. Del. Jan. 5, 2012) (Docket No. 59) (allowing debtors to file under seal the fee letters underlying the proposed debtor in possession financing); In re NewPage Corp., Case No. 11-12804 (KG) (Bankr. D. Del. Sept. 8, 2011) (Docket No. 78); In re LandSource Communities Dev. LLC, Case No. 08-11111 (KJC) (Bankr. D. Del. Jul. 21, 2008) (Docket No. 306) (authorizing debtors to keep confidential the fee letter underlying proposed debtor in possession financing under Bankruptcy Rule 9018); In re WCI Communities, Inc., Case No. 08-11643 (KJC) (Bankr. D. Del. Sept. 23, 2008) (Docket No. 411) (authorizing the debtors, over the U.S. Trustee's objection, to file under seal the fee letter underlying the proposed debtor in possession financing facility). Other courts in this district have allowed limited and confidential fee letter disclosure, similar to the relief sought here, without motions to seal having been filed. See In re Borders Grp., Inc., Case No. 11-10614 (MG) (Bankr. S.D.N.Y. Mar. 16, 2011) (Docket No. 404) (approving debtors' debtor in possession financing motion, which proposed to keep fee letters confidential and provide such letters only to the court, the U.S. Trustee, and the professionals of any official creditors' committee); In re Delphi Corp., Case No. 05-44481 (RDD) (Bankr. S.D.N.Y. Nov. 16, 2011) (Docket No. 10957) (approving debtors' debtor in possession financing extension motion, which proposed to keep the fee letter confidential and provide such letter only to the court and, on request, to counsel to the statutory committees and the U.S. Trustee).

9

20.     Accordingly, the Debtors respectfully submit that good cause exists to authorize the filing of the Fee Letters under seal.

## NOTICE

21.     Notice of this Motion will be given to the following parties, or in lieu thereof, to their counsel: (a) the Office of the United States Trustee for the Southern District of New York; (b) the office of the United States Attorney General; (c) the office of the New York Attorney General; (d) the office of the United States Attorney for the Southern District of New York; (e) the Internal Revenue Service; (f) the Securities and Exchange Commission; (g) each of the Debtors' prepetition lenders, or their agents, if applicable; (h) each of the indenture trustees for the Debtors' outstanding note issuances; (i) Ally Financial Inc. and its counsel; (j) counsel to the administrative agent for the Debtors' proposed providers of debtor in possession financing; (k) Nationstar Mortgage LLC and its counsel; and (l) the parties included on the Debtors' list of fifty (50) largest unsecured creditors.

[concluded on following page]

ny-1040406

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court (i) enter an order substantially in the form attached hereto as <u>Exhibit A</u> granting the relief requested in the Motion; and (ii) grant such other and further relief to the Debtors as the Court may deem just and proper.

Dated: May 14, 2012
        New York, New York

           */s/* Larren M. Nashelsky
           Larren M. Nashelsky
           Gary S. Lee
           Lorenzo Marinuzzi
           MORRISON & FOERSTER LLP
           1290 Avenue of the Americas
           New York, New York 10104
           Telephone: (212) 468-8000
           Facsimile: (212) 468-7900

           *Proposed Counsel for the Debtors and Debtors in Possession*

# **EXHIBIT A**

## **Proposed Order**

ny-1040406

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------------
                                                              )
In re:                                                        )    Case No. 12-
                                                              )
RESIDENTIAL CAPITAL, LLC, <u>et</u> <u>al</u>.,               )    Chapter 11
                                                              )
                                    Debtors.                  )    Jointly Administered
---------------------------------------------------------------------------  )

## ORDER UNDER BANKRUPTCY CODE SECTIONS 105(a) AND 107(b) AND BANKRUPTCY RULE 9018 AUTHORIZING THE FILING UNDER SEAL OF CERTAIN PROPOSED DEBTOR IN POSSESSION FINANCING FEE LETTERS

Upon the motion (the "Motion")[1] of the Debtors for entry of an order, under Bankruptcy Code sections 105(a) and 107(b) and Bankruptcy Rule 9018, authorizing the Debtors to file the Fee Letters, attached to the Motion as <u>Exhibit B</u>, under seal; <u>provided</u>, <u>however</u>, that copies of the Fee Letters will be made available to the Office of the United State Trustee for the Southern District of New York (the "United States Trustee") on a strictly confidential basis and to counsel and financial advisors to any statutory committee appointed in these Chapter 11 cases on a strictly confidential and "professionals' eyes only" basis; and <u>further</u> <u>provided</u> that the estimated aggregate amount of fees and expenses payable by the Debtors in connection with the Barclays DIP Facility are disclosed in the Barclays DIP Motion and are thereby made a matter of public record; and upon the Whitlinger Affidavit and the Puntus Declaration; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these Chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this proceeding on the Motion is a

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion. Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases or the relief granted herein may refer to http://www.kccllc.net/rescap for additional information.

core proceeding pursuant to 28 U.S.C. § 157(b); and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation thereon; and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Pursuant to Bankruptcy Code section 107(b) and Bankruptcy Rule 9018, the Debtors are authorized to file the Fee Letters under seal.

3. The Fee Letters are confidential and shall remain under seal, and shall not be made available to anyone, except that copies of the Fee Letters shall be provided to the Court, the Clerk of the Court, the United States Trustee and to counsel and financial advisors to any statutory committee appointed in these cases (the "Committee Professionals"), and as further directed by the Court after notice and hearing, and, in each case, under appropriate confidentiality agreements reasonably satisfactory to the Debtors and Barclays.

4. The United States Trustee shall keep the Fee Letters and the terms thereof strictly confidential and the Committee Professionals shall keep the Fee Letters and the terms thereof strictly confidential and on a "professionals' eyes only" basis.

5. Any pleadings filed in these Chapter 11 cases that reference or disclose any information contained in the Fee Letters (other than the information contained in the Barclays DIP Motion and the exhibits thereto) shall be filed under seal and served only on those parties authorized to receive the Fee Letters in accordance with this Order.

2

6. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

7. Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among Ally Financial Inc. ("AFI"), Ally Bank, Residential Capital, LLC ("ResCap"), GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates (excluding ResCap and its subsidiaries).

8. The relief granted by this Order shall apply to any Future Debtor in these jointly-administered cases.

9. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: New York, New York
_____, 2012

_____
UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT B**

**To Be Filed Under Seal**

ny-1040406