**Hearing Date: May 14, 2012 at 4:00 p.m. (prevailing Eastern Time)**

**WINSTON & STRAWN LLP**
James Donnell (jdonnell@winston.com)
Sarah L. Trum (strum@winston.com)
200 Park Avenue
New York, NY  10166-4193
Telephone:  (212) 294-6700
Facsimile:  (212) 294-4700

*Attorneys for WFNBA*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020-MG |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | Chapter 11 |
| Debtors. | Joint Administration Pending |

**LIMITED OBJECTION OF WFBNA TO DEBTORS' MOTION FOR INTERIM AND FINAL ORDERS PURSUANT TO 11 U.S.C. §§ 105, 362, 363(b)(1), 363(f), 363(m), 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) AND 364(e) AND BANKRUPTCY RULES 4001 AND 6004 (I) AUTHORIZING THE DEBTORS TO (A) ENTER INTO AND PERFORM UNDER RECEIVABLES PURCHASE AGREEMENTS AND MORTGAGE LOAN PURCHASE AND CONTRIBUTION AGREEMENTS RELATING TO INITIAL RECEIVABLES AND MORTGAGE LOANS AND RECEIVABLES POOLING AGREEMENTS RELATING TO ADDITIONAL RECEIVABLES, AND (B) OBTAIN POSTPETITION FINANCING ON A SECURED, SUPERPRIORITY BASIS, (II) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULES 4001(b) and 4001(c), AND (III) GRANTING RELATED RELIEF**

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

      1.      WFBNA is a depository bank holding several bank accounts of the Debtors. WFBNA files this limited objection to the Debtors' proposed financing orders in order to preserve its rights under its deposit agreement.  Specifically, WFBNA seeks to maintain its contractual priority rights over the claims and liens of Ally Financial Inc with respect to the

collateral given to Ally Financial. WFBNA also seeks additional adequate protection of its own existing security interests that were granted under the deposit agreement

### The WFBNA Deposit Agreement

2.  On January 3, 2012, Ally Financial Inc., Ally Servicing LLC, Motors Insurance Corp., Residential Capital, LLC, Residential Funding Co., LLC, Passive Asset Transactions LLC, RFC Asset Holding II, LLC, Residential Mortgage Real Estate Holdings, LLC, Residential Funding Real Estate Holdings, Homecoming Financial Real Estate Holding, GMAC Mortgage, LLC, and DiTech, LLC ("the Ally/ResCap Entities") executed a commercial deposit agreement with Wachovia Bank, a division of Wells Fargo Bank, N.A. ("WFBNA" or "the Bank"). By notice given on March 19, 2012, that deposit agreement was amended, effective on April 25, 2012.

### The Bank's Security Interests, Setoff Rights, and Contractual Subordination Rights Must be Protected

3.  Pursuant to its deposit agreement, the Bank is entitled to a priority for its claims against the Debtors over the claims of Ally Financial Inc. against the Debtors. The agreement provides:

> SUBORDINATION. Any Indebtedness of Subsidiary now or hereafter held by Guarantor is hereby subordinated to the Deposit Service Indebtedness of Subsidiary to WFB. Such Indebtedness of Subsidiary to Guarantor is assigned to WFB as security for this Guaranty and the Deposit Service Indebtedness and, if WFB requests, shall be collected and received by Guarantor as trustee for WFB and paid over to WFB on account of the Deposit Service Indebtedness of Subsidiary to WFB but without reducing or affecting in any manner the liability of Guarantor under the other provisions of this Guaranty. Any notes or other instruments now or hereafter evidencing such Indebtedness of Subsidiary to Guarantor shall be marked with a legend that the same are subject to this Guaranty and, if WFB so requests, shall be delivered to

2

NY:1395751.1

        WFB, WFB is hereby authorized in the name of Guarantor from time to time to file financing statements and continuation statements and execute such other documents and take such other action as WFB deems necessary or appropriate to perfect, preserve and enforce its rights hereunder.

4.     The "Guarantor" under the agreement is Ally Financial Inc., and the "Subsidiary" under the agreement includes all of the Debtors:

        GUARANTY; DEFINITIONS. In consideration of WFB's continued provision of treasury management services to the Ally/ResCap Entities under this agreement, notwithstanding the right of WFB to cease the provision of such services, and for other valuable consideration, ALLY FINANCIAL, INC. ("the Guarantor"), jointly and severally unconditionally guarantee and promise to pay to WFB, or order, on demand in lawful money of the United States of America and in immediately available funds, any and all Indebtedness of any Subsidiary to WFB arising out of or relating in any way to any deposit account maintained by Subsidiary with WFB, or any treasury management service offered by WFB which is purchased or otherwise utilized by Subsidiary, including, without limitation, any overdraft occurring on any such deposit account (whether created by action of Subsidiary, or by chargeback, fee debit, or other action of WFB), together with any and all extensions, renewals and/or modifications of such Indebtedness (which Indebtedness, in connection with any such deposit account or treasury management service, and all such extensions, renewals and/or modifications, is hereinafter collectively referred to as the "Deposit Service Indebtedness"). The term "Indebtedness" is used herein in its most comprehensive sense and includes any and all advances, debts, obligations and liabilities of Subsidiary, or any of them, heretofore, now or hereafter made, incurred or created, whether voluntary or involuntary and however arising, whether due or not due, absolute or contingent, liquidated or unliquidated, determined or undetermined, and whether Subsidiary may be liable individually or jointly with others, or whether recovery upon such Indebtedness may be or hereafter becomes unenforceable. This Guaranty is a guaranty of payment and not collection. Guarantors acknowledge that, absent this Guaranty, WFB would not continue to provide such services to Subsidiary or Guarantors.

5.     The direct and indirect subsidiaries of Ally Financial Inc. include but are not limited to Ally Servicing LLC, Motors Insurance Corp., Residential Capital, LLC, Residential

Funding Co., LLC, Passive Asset Transactions LLC, RFC Asset Holding II, LLC, Residential Mortgage Real Estate Holdings, LLC, Residential Funding Real Estate Holdings, Homecoming Financial Real Estate Holding, GMAC Mortgage, LLC, Ditech, LLC, Residential Consumer Services, LLC ("the Ally/ResCap Entities" or "Subsidiaries") and include all of the Debtors.

6. In addition to these rights of contractual subordination, the deposit agreement granted the Bank a security interest in the Ally/ResCap Entities' bank accounts:

> Setoff. If you ever owe us money as a customer, borrower, guarantor or otherwise including any obligation owed to us for services provided pursuant to this agreement or owed to a financial institution that we acquire, then you agree that, in addition to any other remedies we may have, we have the right to deduct and set off amounts you owe us from any accounts you hold with us or our affiliates. Your obligations and our right to set off expressly include any obligations owed to us for services provided pursuant to this agreement, whether provided to you or any direct or indirect subsidiary of yours; you further agree that we have the right to deduct setoff amounts that any of your subsidiaries owe us from any accounts that you hold with us, and you also grant us a consensual security interest in your accounts and to the funds held in them as collateral to secure your present and future obligations to us, and your subsidiaries' present and future obligations to us under this agreement. The direct and indirect subsidiaries of Ally Financial Inc. include but are not limited to Ally Servicing LLC, Motors Insurance Corp., Residential Capital, LLC, Residential Funding Co., LLC, Passive Asset Transactions LLC, RFC Asset Holding II, LLC, Residential Mortgage Real Estate Holdings, LLC, Residential Funding Real Estate Holdings, Homecoming Financial Real Estate Holding, GMAC Mortgage, LLC, Ditech, LLC, Residential Consumer Services, LLC ("the Ally/ResCap Entities" or "Subsidiaries").
>
> By accepting services, you also grant us a consensual security interest in your accounts and to the funds held in them as collateral to secure your present and future obligations to us.

7. The Bank objects to those provisions of the Debtors' motion and order which are inconsistent with or purport to diminish the Bank's rights against the Ally/ResCap Entities.

4

Sections 23(b) and 23(g) of the Debtors' proposed order contain such provisions, which erroneously state the priority of Ally Financial's claims and liens, and fail to recognize the contractual subordination of such claims and liens in favor of the Bank.

8. The Bank requests that the Debtors' proposed form of order be modified to provide that "all liens and claims of Ally Financial Inc. remain subject to the subordination provisions of the Bank's subordination agreement under the commercial deposit agreement executed with Wachovia Bank, a division of Wells Fargo Bank, N.A., on January 3, 2012, as modified effective April 25, 2012."

## Request for Adequate Protection

9. As set forth above, the Bank not only has contractual subordination rights against Ally Financial Inc. with respect to Ally Financial's claims and security interests against the ResCap Debtors and their property; the Bank also holds security interests in all of the accounts and funds at WFBNA held by Ally Financial and the ResCap Entities.

10. The Debtors have proposed certain limited forms of adequate protection to the Bank in the context of their proposed cash management order. However, these provisions do not adequately protect the Bank's security interest in the Debtors' and Ally Financial's bank accounts. Given that its claims against the Debtors have contractual priority over those of Ally Financial, the Bank should receive the same replacement collateral that the Debtors are giving to

Ally Financial, with the same priority of the Bank over Ally Financial, as provided for in the Bank's deposit agreement.

.

        **WINSTON & STRAWN LLP**

        By: /s/ James Donnell
        James Donnell (jdonnell@winston.com)
        Sarah L. Trum (strum@winston.com)
        200 Park Avenue
        New York, NY 10166-4193
        Telephone: (212) 294-6700
        Facsimile: (212) 294-4700

        *Attorneys for WFNBA*