MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:     (212) 468-8000
Facsimile:     (212) 468-7900
Larren M. Nashelsky
Gary S. Lee
Lorenzo Marinuzzi

*Proposed Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12- |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Joint Administration Pending |

**DEBTORS' MOTION FOR ORDER UNDER
BANKRUPTCY CODE SECTION 521 AND BANKRUPTCY RULE 1007(c)
EXTENDING TIME FOR FILING SCHEDULES AND STATEMENTS**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors")[1] hereby move for entry of an order, under section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), extending the deadline by which the Debtors must file certain schedules and statements by thirty-three (33) days (the "Motion").[2]  In support of the Motion, the Debtors rely upon and incorporate by reference the Affidavit of James Whitlinger,

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the Whitlinger Affidavit (defined below).  Additional subsidiaries and affiliates of the Debtors may file Chapter 11 petitions on a rolling basis.  As used herein, the term "Debtors" includes any such entities.

[2] Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases or the relief requested in this Motion may refer to http://www.kccllc.net/rescap for additional information.

ny-1011814

Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings, filed with the Court concurrently herewith (the "Whitlinger Affidavit"). In further support of the Motion, the Debtors, by and through their undersigned counsel, respectfully represent:

## JURISDICTION

1.  This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are Bankruptcy Code section 521 and Bankruptcy Rule 1007(c).

## BACKGROUND

2.  On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code. The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No trustee, examiner or statutory creditors' committee has been appointed in these Chapter 11 cases.

3.  The Debtors are a leading residential real estate finance company indirectly owned by Ally Financial Inc., which is not a Debtor. The Debtors and their non-debtor affiliates operate the tenth largest mortgage loan origination and fifth largest mortgage loan servicing businesses in the United States. A more detailed description of the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these bankruptcy cases, is set forth in the Whitlinger Affidavit.

ny-1011814

**RELIEF REQUESTED**

**I.    Request for Extension of Deadline by Which
Debtors Must File Schedules and Statements**

4.    Pursuant to section 521 of the Bankruptcy Code and Rule 1007 of the Bankruptcy Rules, the Debtors are required, within fourteen (14) days of the Petition Date, to file with the Court (a) schedules of assets and liabilities, (b) schedules of current income and expenditures, (c) statements of financial affairs, (d) statements of executory contracts and unexpired leases, and (e) a list of equity security holders (collectively, the "Schedules and Statements").

5.    By this Motion, the Debtors respectfully seek entry of an order, substantially in the form attached hereto as Exhibit A, pursuant to Bankruptcy Rule 1007(c), extending the deadline to file their Schedules and Statements by thirty-three (33) days, from May 28, 2012, the date the Schedules and Statements are otherwise required to be filed under Rule 1007 of the Bankruptcy Rules (such that the Debtors will file their Schedules and Statements within 67 days of the Petition Date), through and including June 30, 2012. Such request is without prejudice to the Debtors' ability to request additional time should it become necessary.

6.    The Debtors request that to the extent necessary, the relief sought by this Motion, in particular, a thirty-three (33) day extension of the time in which to file Schedules and Statements, apply to any future debtor (a "Future Debtor") in these jointly-administered cases. The Debtors propose that an affiliated debtor be deemed to be a Future Debtor upon the Court's entry of an order authorizing the joint administration of such Future Debtor's Chapter 11 case with the Chapter 11 cases of the Debtors.

3

**II.     Basis for Relief**

7.     Section 521(a)(1) of the Bankruptcy Code and Rule 1007(b) of the Bankruptcy Rules provide, in pertinent part, that a debtor shall file a list of its creditors and "unless the court orders otherwise[,] a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs . . . ." 11 U.S.C. § 521(a)(1); Fed. R. Bankr. P. 1007(b). Bankruptcy Rule 1007(c) provides that Schedules and Statements shall be filed within fourteen (14) days of the filing of the petition, provided, however, that "[a]ny extension of the time for the filing of schedules [and] statements" may be granted "on motion for cause shown." See Fed. R. Bankr. P. 1007(c).

8.     As set forth more fully in the Whitlinger Affidavit, the Debtors and their non-debtor affiliates are one of the largest originators and servicers of residential mortgage loans in the United States. The Debtors have tens of thousands of creditors, and hundreds of billions of dollars in assets and liabilities. Given the size and complexity of their businesses, the Debtors have a significant amount of information to prepare in order to file their Schedules and Statements.

9.     The Debtors' business operations require them to maintain voluminous books and records and complex accounting systems. To prepare the Schedules and Statements, the Debtors and their advisors must gather, review, and assemble information from books, records, and documents related to thousands of transactions. Consequently, collecting the information necessary to complete the Schedules and Statements will require substantial time and effort on the part of the Debtors' employees.

10.     In light of the amount of work entailed in completing the Schedules and Statements, as well as the size of the Debtors' cases, the substantial burdens already imposed on management by the commencement of these Chapter 11 cases, the number of employees

4

ny-1011814

required to collect the required information, the competing demands upon such employees, and the time and attention the Debtors must devote to the restructuring process, the Debtors believe that the fourteen-day period of time in which to file such Schedules and Statements provided by Bankruptcy Rule 1007(c) will not be sufficient to permit completion of the Schedules and Statements. Accordingly, the Debtors respectfully submit that "cause" exists to extend the deadline as requested herein.

11. Nevertheless, recognizing the importance of the Schedules and Statements in these chapter 11 cases, the Debtors intend to complete the Schedules and Statements as quickly as possible under the circumstances. At this juncture, the Debtors estimate that an extension of approximately one month will provide sufficient time to prepare and file the Schedules and Statements. The Debtors thus request that the Court establish June 30, 2012 as the date on or before which they must file their Schedules and Statements, without prejudice to the Debtors' rights to seek any further extensions from this Court, or to seek a waiver of the requirement of filing certain Schedules and Statements.

12. The requested extension will help to ensure that the Debtors' Schedules and Statements are accurate and avoid the need for the Debtors to file subsequent amendments. Additionally, the Debtors respectfully submit that an extension of time to file the Schedules and Statements will not prejudice any creditor or other third party.

**APPLICABLE AUTHORITY**

13. Courts have routinely granted to large business debtors the same or substantially similar relief to that requested in this Motion. See, e.g., AMR Corporation, Case No. 11-15463 (SHL) (Bankr. S.D.N.Y. Nov. 30, 2011) (Docket No. 56); MF Global Holdings Ltd., Case No. 11-15059 (MG) (Bankr. S.D.N.Y. Jan., 18, 2012) (Docket No. 365); In re

5

Lyondell Chemical Company, Case No. 09-10023 (REG) (Bankr. S.D.N.Y Jan. 7, 2009) (Docket No. 55); In re Lenox Sales, Inc., Case No. 08-14679 (ALG) (Bankr. S.D.N.Y. Nov. 25, 2008) (Docket No. 29); In re Lehman Brothers Holdings Inc., Case No. 08-13555 (JMP) (Bankr. S.D.N.Y Sept. 16, 2008) (Docket No. 52); In re Frontier Airlines Holdings, Inc., Case No. 08-11298 (RDD) (Bankr. S.D.N.Y. April 14, 2008) (Docket No. 46).

### NOTICE

14.     Notice of this Motion will be given to the following parties, or in lieu thereof, to their counsel:  (a) the Office of the United States Trustee for the Southern District of New York; (b) the office of the United States Attorney General; (c) the office of the New York Attorney General; (d) the office of the United States Attorney for the Southern District of New York; (e) the Internal Revenue Service; (f) the Securities and Exchange Commission; (g) each of the Debtors' prepetition lenders, or their agents, if applicable; (h) each of the indenture trustees for the Debtors' outstanding notes issuances; (i) the equity security holder; (j) counsel to the administrative agent for the Debtors' proposed providers of debtor in possession financing; and (k) the parties included on the Debtors' list of fifty (50) largest unsecured creditors.  The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

### CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court (i) enter an order substantially in the form annexed hereto as Exhibit A granting the relief requested in the Motion; and (ii) such other and further relief to the Debtors as the Court may deem just and proper.

ny-1011814

Dated: May 14, 2012
      New York, New York

           */s/* Larren M. Nashelsky
           Larren M. Nashelsky
           Gary S. Lee
           Lorenzo Marinuzzi
           MORRISON & FOERSTER LLP
           1290 Avenue of the Americas
           New York, New York 10104
           Telephone: (212) 468-8000
           Facsimile: (212) 468-7900

           *Proposed Counsel for the Debtors and Debtors in Possession*

ny-1011814

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------------------- )
                                                                            )
In re:                                                                      )    Case No. 12-
                                                                            )
RESIDENTIAL CAPITAL, LLC, <u>et al</u>.,                                    )    Chapter 11
                                                                            )
                                        Debtors.                            )    Jointly Administered
--------------------------------------------------------------------------- )

**ORDER UNDER BANKRUPTCY CODE SECTION 521 AND**
**BANKRUPTCY RULE 1007(c) EXTENDING TIME FOR**
**FILING SCHEDULES AND STATEMENTS**

Upon the motion (the "Motion")[1] of the Debtors for an order, under Bankruptcy Code section 521 and Bankruptcy Rule 1007(c), extending the deadline by which the Debtors must file their Schedules and Statements for an additional thirty-three (33) days, through and including June 30, 2012; and upon the Whitlinger Affidavit; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation thereon; and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.  The Motion is GRANTED, as set forth herein.

2.  The time by which the Debtors must file their Schedules and Statements shall be and hereby is extended for an additional thirty-three (33) days, through and including

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion. Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases or the relief requested in this Motion may refer to http://www.kccllc.net/rescap for additional information.

ny-1011818

June 30, 2012, without prejudice to the Debtors' right to seek additional extensions, or to seek a waiver of the requirement to file certain Schedules and Statements.

3. Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among Ally Financial Inc., Ally Bank, Residential Capital, LLC, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012 and (d) all related agreements with Ally Financial Inc. and Ally Bank and their respective subsidiaries and affiliates (excluding Residential Capital, LLC and its subsidiaries).

4. The relief granted by this order shall apply to any Future Debtor in these jointly-administered cases.

5. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated:     New York, New York
           _____, 2012

_____
UNITED STATES BANKRUPTCY JUDGE