MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Larren M. Nashelsky
Gary S. Lee
Lorenzo Marinuzzi

*Proposed Counsel for the*
*Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------
)
In re:                                            )        Case No. 12-
                                                  )
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,          )        Chapter 11
                                                  )
                            Debtors.              )        Joint Administration Pending
------------------------------------------------------------------   )

**DEBTORS' MOTION FOR AN ORDER UNDER BANKRUPTCY CODE SECTION
105(a) AND BANKRUPTCY RULE 2002(a), (f), (l) AND (m) (I) WAIVING THE
REQUIREMENT THAT EACH DEBTOR FILE A LIST OF CREDITORS, (II)
AUTHORIZING THE DEBTORS TO FILE A CONSOLIDATED LIST OF THE FIFTY
LARGEST UNSECURED CREDITORS, (III) APPROVING THE FORM AND MANNER
OF NOTICE OF THE COMMENCEMENT OF THE DEBTORS' CHAPTER 11
<u>CASES AND (IV) APPROVING PUBLICATION NOTICE TO BORROWERS</u>**

The debtors and debtors in possession in the above-captioned cases (collectively,

the "Debtors")[1] hereby move for entry of an order under section 105(a) of title 11 of the United

States Code (the "Bankruptcy Code") and Rules 2002(a), (f), (l) and (m) of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"): (i) waiving the requirement that each Debtor

file a list of creditors; (ii) authorizing the Debtors to file a consolidated list of the fifty largest

unsecured creditors; (iii) approving the form and manner of notice of the commencement of the

---

[1]    The names of the Debtors in these cases and their respective tax identification numbers are identified on
<u>Exhibit 1</u> to the Whitlinger Affidavit (defined below).  Additional subsidiaries and affiliates of the Debtors may
file Chapter 11 petitions on a rolling basis.  As used herein, the term "Debtors" includes any such entities.

ny-1019678

Debtors' Chapter 11 cases; and (iv) approving publication notice to borrowers (the "Motion").

In support of this Motion,[2] the Debtors rely upon and incorporate by reference the Affidavit of

James N. Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter

11 Petitions and First Day Pleadings, filed with the Court concurrently herewith (the "Whitlinger

Affidavit"). In further support of the Motion, the Debtors, by and through their undersigned

counsel, respectfully represent:

## JURISDICTION

1.       This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157

and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of these cases and

this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory

predicates for the relief requested herein are Bankruptcy Code sections 105(a), 1107(a), and

1108. Relief is warranted under Bankruptcy Rules 2002(a), (f), (l) and (m).

## BACKGROUND

2.       On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary

petition in this Court for relief under Chapter 11 of the Bankruptcy Code. The Debtors are

managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code

sections 1107(a) and 1108. No trustee, examiner or statutory creditors' committee has been

appointed in these Chapter 11 cases.

3.       The Debtors are a leading residential real estate finance company indirectly

owned by Ally Financial Inc. ("AFI"), which is not a Debtor. As of the Petition Date, the

Debtors and their non-debtor affiliates operate the tenth largest mortgage origination business

and the fifth largest servicing business in the United States. A more detailed description of the

Debtors, including their business operations, their capital and debt structure, and the events

leading to the filing of these bankruptcy cases, is set forth in the Whitlinger Affidavit.

---

[2]      Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases or the relief
requested in this Motion may refer to http://www.kccllc.net/rescap for additional information.

**RELIEF REQUESTED**

4.      By this Motion, pursuant to Bankruptcy Code section 105(a), Bankruptcy Rules 2002(a) and (f) and Rule 1007-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), and in accordance with General Order M-192 of the United States Bankruptcy Court for the Southern District of New York (the "Standing Order"), the Debtors seek entry of an order (the "Order"), the form of which is annexed hereto as <u>Exhibit A</u>, (i) waiving the requirement of section 521(a)(l) of the bankruptcy Code and Bankruptcy Rule 1007(a)(1) that each Debtor file a list of creditors on the Petition Date, (ii) authorizing the Debtors to file a consolidated list of the 50 largest general unsecured creditors of the Debtors; (iii) approving the form and manner of notices of the commencement of these Chapter 11 cases and of the meeting of creditors to be held pursuant to Bankruptcy Code section 341 (the "341 Meeting") substantially in the form attached hereto as <u>Exhibit B</u> (the "Commencement Notice"); and (iv) authorizing the Debtors to provide publication notice to the individual borrowers whose loans are serviced by the Debtors (the "Borrowers").

5.      The Debtors request that, to the extent necessary, the relief sought by this Motion apply to any future debtor (a "Future Debtor") in these jointly-administered cases.  The Debtors propose that an affiliated debtor be deemed to be a Future Debtor upon the Court's entry of an order authorizing the joint administration of such Future Debtor's Chapter 11 case with the Chapter 11 cases of the Debtors.

**APPLICABLE AUTHORITY**

**A.      Waiver of Requirement to File a List of Creditors**

6.      Pursuant to Bankruptcy Code section 521(a)(1) and Bankruptcy Rule 1007(a)(1), a Chapter 11 petition must be accompanied by a list of creditors containing the name and address of each entity included or to be included on a debtor's schedules of liabilities.  The Debtors comprise a large and complex enterprise with thousands of creditors and over two million

Borrowers whose loans the Debtors service.  As such, the Debtors were not able to file their schedule of liabilities on the Petition Date.[3]

7.      Local Rule 1007-1 provides that "[a] person filing any lists, schedules or statements pursuant to Bankruptcy Rule 1007 shall comply with such filing requirements as are contained in any standing order issued by the Court." In turn, the Standing Order provides that a debtor "with one thousand (1,000) or more creditors and equity security holders" should "immediately contact the Clerk of Court to determine if 28 U.S.C. § 156(c)" applies to its case. Standing Order at 2.  28 U.S.C. § 156(c) authorizes the use of non-court services for noticing, providing that "[a]ny court may utilize . . . services, either on or off the court's premises, which pertain to the provision of notices . . . to parties in cases filed under the provision of title 11 . . . The utilization of such . . . services shall be subject to such conditions and limitations as the pertinent circuit council may prescribe."  28 U.S.C. § 156(c).

8.      The Debtors conferred with the Clerk of Court and have been informed that the Debtors do not have to file a list of creditors because 28 U.S.C § 156(c) applies to these cases. Accordingly, the Debtors contemporaneously filed an application pursuant to 28 U.S.C. § 156(c), for an order authorizing the appointment of Kurtzman Carson Consultants LLC ("KCC") as claims and noticing agent in these Chapter 11 cases.  If such application is granted, KCC will, among other things, assist with compiling the Debtors' computer records into a creditor database, and complete the mailing of notices to the parties in such database.  The Debtors propose that, pursuant to Bankruptcy Code section 342(a) and Bankruptcy Rules 2002(a) and (f), as soon as practicable after the Petition Date, the Debtors furnish their list of creditors to KCC so that KCC can mail the Commencement Notice to the Debtors' creditors.  Because KCC will receive the list of creditors and mail the Commencement Notice to the parties identified thereon, the Debtors believe that filing a list of creditors will serve no independent purpose, and therefore, the Court should waive the requirement to file a list of creditors and their addresses.

---

[3]      The Debtors have contemporaneously filed a motion to extend the time to file the Debtors' schedules of assets and liabilities.

4

9.       Relief similar to that requested herein has been granted in comparable Chapter 11 cases in this District.  See e.g., In re MF Global Holdings Ltd., et al., Case No. 11-15059 (MG) (Bankr. S.D.N.Y. Nov. 2, 2011) (Docket No. 20); In re General Motors Corp. et al., Case No. 09-500026 (REG) (Bankr. S.D.N.Y. June 6, 2009) (Docket No. 158); In re Old Carco, LLC (f/k/a Chrysler LLC), et al., Case No. 09-50002 (AJG) (Bankr. S.D.N.Y. May 4, 2009) (Docket No. 254); In re Lehman Brothers Holdings Inc., et al., Case No. 08-13555 (JMP) (Bankr. S.D.N.Y. Sept., 16, 2008) (Docket No. 53); In re Steve & Barry's Manhattan LLC, Case No. 08-12579 (ALG) (Bankr. S.D.N.Y. July 10, 2008) (Docket No. 52); In re Bally Total Fitness of Greater New York, Inc., Case No. 07-12395 (BRL) (Bankr. S.D.N.Y. Aug. 1, 2007) (Docket No. 66); In re Dana Corporation., Case No. 06-10354 (BRL) (Bankr. S.D.N.Y. March 6, 2006) (Docket No. 79); In re Delta Air Lines, Inc., Case No. 05-17923 (PCB) (Bankr. S.D.N.Y. Sept. 16, 2005) (Docket No. 145).

**B.       Consolidated List of the 50 Largest General Unsecured Creditors**

10.       Pursuant to Bankruptcy Rule 1007(d), a debtor shall file "a list containing the name, address and claim of the creditors that hold the largest 20 unsecured claims, excluding insiders.…"  Fed. R. Bankr. P. 1007(d) (a "Top 20 List").  This Top 20 List is primarily used by the Office of the United States Trustee for the Southern District of New York (the "United States Trustee") to evaluate the types and amounts of unsecured claims against the debtor and thus identify potential candidates to serve on any official committee of unsecured creditors (the "Creditors' Committee") appointed in the Debtors' Chapter 11 cases under Bankruptcy Code section 1102.  See In re Dandy Doughboy Donuts, Inc., 66 B.R.  457, 458 (Bankr. S.D. Fla. 1986) (stating that the purpose of the top 20 list is to facilitate appointment of unsecured creditors' committee); 7 Collier on Bankruptcy ¶ 1107.05 (Alan N. Resnick, & Henry J. Sommer eds., 15th ed. Rev. 2006) ("the [top 20] list enables the United States Trustee to determine the different types of claims existing in order to assure that a fully representative committee is appointed").

ny-1019678

11.     The Debtors have thousands of potential unsecured creditors.  Given the size and complexity of the Debtors' businesses, the Debtors believe that filing a consolidated list of creditors holding the 50 largest unsecured claims against any of the Debtors (the "Consolidated Top 50 List") would facilitate the United States Trustee's review of creditors' claims and its appointment of a Creditors' Committee in these cases.  By contrast, filing separate Top 20 Lists for each of the 51 Debtors would impose an unnecessary burden on the United States Trustee without providing any benefit.  Under these circumstances, the exercise of satisfying the literal requirements of Bankruptcy Rule 1007(d) would only serve to frustrate its intended purpose.

12.     In addition, because, there are common creditors among certain of the Debtors, the Debtors would have to expend significant resources and effort to reconcile which claims may be asserted against which Debtors to compile a separate Top 20 List for each Debtor.  In light of the foregoing, the Debtors submit that authority to file a Consolidated Top 50 List is in the best interests of the estates and will facilitate the efficient and orderly administration of these cases.

13.     Relief similar to that requested in this Motion has been granted in other Chapter 11 cases.  See e.g., In re MF Global Holdings Ltd., et al., Case No. 11-15059 (MG) (Bankr. S.D.N.Y. Nov. 2, 2011) (Docket No. 20); In re General Motors Corp. et al., Case No. 09-500026 (REG) (Bankr. S.D.N.Y. June 6, 2009) (Docket No. 158); In re Old Carco, LLC (f/k/a Chrysler LLC), et al., Case No. 09-50002 (AJG) (Bankr. S.D.N.Y. May 4, 2009) (Docket No. 254); In re Lehman Brothers Holdings Inc., et al., Case No. 08-13555 (JMP) (Bankr. S.D.N.Y. Sept. 16, 2008) (Docket No. 53); In re Dana Corporation., Case No. 06-10354 (BRL) (Bankr. S.D.N.Y. March 6, 2006) (Docket No. 79); In re Delphi Corp., Case No. 05-44481 (RDD) (Bankr. S.D.N.Y. Oct. 14, 2005) (Docket No. 219).

## C.     Proposed Procedures for Service of the Commencement Notice

14.     Bankruptcy Rule 2002(f) provides that notice of the order for relief shall be sent by mail to all creditors.  Furthermore, Bankruptcy Rule 2002(a) provides that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture

6

trustee at least 21 days' notice by mail of the meeting of creditors under § 341 or § 1104(b) of the Code." The Debtors request authority for (i) KCC to serve the Commencement Notice, substantially in the form of Official Bankruptcy Form 9 (for Chapter 11 cases), on creditors by first-class mail, and (ii) to have the Commencement Notice published in national newspapers. [4]

15.    The Debtors propose that the Commencement Notice would be served by regular mail on those entities entitled to receive such notice pursuant to Bankruptcy Rule 2002(a) no later than ten business days after the Debtors receive notice from the United States Trustee of the time and place of the 341 Meeting.

16.    In the ordinary course of business, the Debtors deliver the monthly mortgage statement to the Borrowers by first-class mail. In connection with the commencement of these Chapter 11 cases, the Debtors believe it would be most efficient and effective to use this same form of service to notify the Borrowers. The Debtors would not add the notice to the mailing of the Borrower's mortgage statement. Instead, the Debtors would effectuate a special distribution to the Borrowers that included the Commencement Notice. In addition, separate from the Commencement Notice, the Borrowers will also receive a tailored letter that explains how these Chapter 11 cases impact the Borrowers.

17.    Finally, in addition to mailing the Commencement Notice to the Debtors' creditors (by first-class mail), the Debtors propose to publish the Commencement Notice once in the National Editions of *The Wall Street Journal* and *USA Today* concurrently with the mailing of the Commencement Notice. The Debtors believe that this publication is likely to reach those creditors who may not have received notice by mail.

18.    Bankruptcy Code Section 105(a) empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The Debtors submit that implementation of these procedures is appropriate

---

[4]    The Debtors have not yet established a bar date for the filing of proofs of claim in these cases. Accordingly, the Commencement Notice will not include a notice of the bar date. The Debtors have conferred with the United States Trustee regarding the form of notice.

ny-1019678

in these Chapter 11 cases and will provide adequate notice of commencement to all creditors. The proposed notice by first-class mail will ensure that the Debtors' creditors receive prompt notice of the commencement of these Chapter 11 cases. Furthermore, this process of notifying creditors of the commencement of these Chapter 11 cases has been employed in many other large Chapter 11 cases in this district. See, e.g., In re General Motors Corp. et al., Case No. 09-500026 (REG) (Bankr. S.D.N.Y. June 6, 2009) (Docket No. 158); In re Old Carco, LLC (f/k/a Chrysler LLC), et al., Case No. 09-50002 (AJG) (Bankr. S.D.N.Y. May 4, 2009) (Docket No. 254); In re Lehman Brothers Holdings Inc., et al., Case No. 08-13555 (JMP) (Bankr. S.D.N.Y. Sept. 16, 2008) (Docket No. 53).

19.    Moreover, in addition to mailing the Commencement Notice to the Debtors' creditors, the Debtors propose to publish the Commencement Notice. The Court has authority under Bankruptcy Rule 2002(l) to "order notice by publication if it finds notice by mail is impracticable." Fed. R. Bankr. P. 2002(l). Publication of the Commencement Notice is the most practical method by which to notify those creditors who do not receive the Commencement Notice by mail, of the commencement of these Chapter 11 cases and will ensure an efficient use of estate resources. This method of notifying certain groups of creditors of the 341 Meeting by publication has been employed in large Chapter 11 cases with tens of thousands of vendors and creditors. See, e.g., In re AMR Corporation, et al., Case No. 11-15463 (SHL) (Bankr. S.D.N.Y. Nov. 30, 2011) (Docket No. 77); In re BB Liquidating Inc., et al., Case No. 10-14997 (BRL) (Bankr. S.D.N.Y. Sept. 23, 2010) (Docket No. 37); In re General Motors Corp. et al., Case No. 09-500026 (REG) (Bankr. S.D.N.Y. June 6, 2009) (Docket No. 158); In re Lehman Brothers Holdings Inc., et al., Case No. 08-13555 (JMP) (Bankr. S.D.N.Y. Sept. 16, 2008) (Docket No. 53). The foregoing procedures for service and publication of the Commencement Notice are beneficial to the Debtors' estates and to the Debtors' creditors because they provide actual or constructive notice to all of the Debtors' creditors in an efficient and cost effective manner. The Debtors hereby request that the Court approve the foregoing as providing sufficient notice of the commencement of these Chapter 11 cases and the 341 Meeting.

ny-1019678

### D.    Publication Notice to Borrowers

20.     Bankruptcy Rule 2002(a) and (b) provides that, unless otherwise ordered by the
Court, notice of certain matters must be given to, among others, all of the Debtors' creditors.
The Debtors currently service over two million mortgage and home equity lines of credit.  If the
Debtors provide actual notice of pleadings and hearings (the "Notices") to all of the Borrowers
pursuant to Bankruptcy Rule 2002 or any other applicable Bankruptcy Rule or Local Rule, the
costs could be astronomical.  For example, the cost of each mailing for postage alone would
exceed $1 million.  The Debtors would also have to pay for associated copying charges, printing
charges, overhead costs and hourly wages.  Accordingly, given the extreme costs of mailing the
Notices to all Borrowers, the Debtors seek authority to provide the Notices to the Borrowers by
publication only.[5]

21.     The Bankruptcy Code and Bankruptcy Rules provide the Debtors with the
authority to provide notice by publication.  Bankruptcy Rules 2002(m) provides that "[t]he Court
may from time to time enter orders designating the matters in respect to which, the entity to
whom, and the form and manner in which notices shall be sent except as otherwise provided by
these rules."  See Fed. R. Bankr. P. 2002(m); see also Fed. R. Bankr. P. 9007 ("[w]hen notice is
to be given under these rules, the Court shall designate, if not otherwise specified herein, . . . the
form and manner in which the notice shall be given.").  In addition, Bankruptcy Rule 2002(l)
provides that "the court may order notice by publication if it finds that notice by mail is
impracticable . . . ."  Fed. R. Bankr. P. 2002(l).  The Advisory Committee Notes suggest that
publication may be advisable where the number of nominal creditors is large and the assets are
insufficient to defray the costs of mailing notices.  See 1983 Advisory Committee Note to Fed.
R. Bankr. P. 2002; See also In re AMR Corporation, et al., Case No. 11-15463 (SHL) (Bankr.
S.D.N.Y. Nov. 30, 2011) (Docket No. 77) (approving publication notice to ensure that all

---

[5]    The Debtors have contemporaneously filed a motion to establish case management procedures.  The proposed
case management procedures seek to limit service to a "master service list" and in the case of motions pursuant
to Bankruptcy Rule 2002, to a "2002 list."  Any party in interest may file a proper notice request to be added to the
general service list.

ny-1019678

creditors receive notification of the commencement of the case); <u>In re Old Carco, LLC (f/k/a Chrysler LLC), et al.</u>, Case No. 09-50002 (AJG) (Bankr. S.D.N.Y. May 4, 2009) (Docket No. 254) (approving publication notice for the "Warranty Parties," defined in the motion as "the millions of owners of vehicles manufactured by the Debtors who hold potential vehicle warranty claims."); <u>In re Bally Total Fitness of Greater New York, Inc., et al.</u>, Case No. 08-14818 (BRL) (Bankr. S.D.N.Y. Dec. 9, 2008) (Docket No. 69) (approving publication notice for over 3 million fitness club members).

22.     Bankruptcy Code Section 105(a) empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  Copying and mailing multiple Notices or otherwise serving documents filed with the Court on all Borrowers is impracticable, will cost millions of dollars and will impose an extraordinary administrative burden on the Debtors and their estates.  Authorizing publication notice to Borrowers will substantially reduce administrative burdens and result in substantial cost savings to the Debtors' estates.  Moreover, no creditor will be prejudiced by the relief requested in the Motion as it only applies to the claims of Borrowers.  In the event that any Borrower becomes the holder of an impaired claim, then the Debtors will provide such party with the same notice as other similarly situated impaired creditors.  The Debtors therefore submit that providing notice by publication to the Borrowers is appropriate in these Chapter 11 cases.

**NOTICE**

23.     Notice of this Motion will be given to the following parties, or in lieu thereof, to their counsel:  (a) the Office of the United States Trustee for the Southern District of New York; (b) the office of the United States Attorney General; (c) the office of the New York Attorney General; (d) the office of the United States Attorney for the Southern District of New York; (e) the Internal Revenue Service; (f) the Securities and Exchange Commission; (g) each of the Debtors' prepetition lenders, or their agents, if applicable, (h) each of the indenture trustees for the Debtors' outstanding notes issuances; (i) Ally Financial Inc. and its counsel; (j) counsel to the administrative agent for the Debtors' proposed providers of debtor in possession financing; (k) Nationstar Mortgage LLC and its counsel; and (l) the parties included on the Debtors' list of fifty (50) largest unsecured creditors.

24.     No previous request for the relief sought herein has been made to this or any other court.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court (i) enter an order substantially in the form attached hereto as Exhibit A granting the relief requested in the Motion; and (ii) grant such other and further relief to the Debtors as the Court may deem just and proper.

Dated:        May 14, 2012
              New York, New York

                                        /s/    Larren M. Nashelsky
                                        Larren M. Nashelsky
                                        Gary S. Lee
                                        Lorenzo Marinuzzi
                                        MORRISON & FOERSTER LLP
                                        1290 Avenue of the Americas
                                        New York, New York 10104
                                        Telephone: (212) 468-8000
                                        Facsimile: (212) 468-7900

                                        *Proposed Counsel for the Debtors and
                                        Debtors in Possession*

11

ny-1019678

**EXHIBIT A**

ny-1019678

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12- |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

-------------------------------------------------------------------

**ORDER UNDER BANKRUPTCY CODE SECTION 105(A) AND BANKRUPTCY RULE
2002(a), (f), (l) AND (m) (I) WAIVING THE REQUIRMENT THAT EACH DEBTOR
FILE A LIST OF CREDITORS, (II) AUTHORIZING THE DEBTORS TO FILE A
CONSOLIDATED LIST OF THE FIFTY LARGEST UNSECURED CREDITORS, (III)
APPROVING THE FORM AND MANNER OF NOTICE OF THE COMMENCEMENT
OF THE DEBTORS' CHAPTER 11 CASES AND (IV) APPROVING
<u>PUBLICATION NOTICE TO BORROWERS</u>**

Upon the Motion, (the "Motion")[1] of the Debtors for entry of an order: (i) waiving the

requirement that each debtor file a list of creditors; (ii) authorizing the Debtors to file a

consolidated list of the fifty largest unsecured creditors; (iii) approving the form and manner of

notice of the commencement of the Debtors' Chapter 11 cases; and (iv) approving publication

notice to Borrowers, all as more fully set forth in the Motion; and upon the Whitlinger Affidavit;

and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§

157 and 1334; and it appearing that venue of these Chapter 11 cases and the Motion in this

district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this proceeding

on the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and sufficient notice of the

Motion having been given under the particular circumstances; and it appearing that no other or

further notice need be provided; and it appearing that the relief requested by the Motion is in the

best interests of the Debtors' estates, their creditors, and other parties in interest; and due

deliberation thereon; sufficient casue appearing therefore, it is hereby

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.
Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases or the relief
granted herein may refer to http://www.kccllc.net/rescap for additional information.

ny-1019678

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Motion is granted as set forth herein.

2.      The requirement under Bankruptcy Code section 521(a)(1), Bankruptcy Rule 1007(a)(1), Local Rule 1007-1 and the Standing Order to file a list of creditors with the Court is waived.

3.      The Debtors are authorized, but not directed, to file a Consolidated Top 50 List in these Chapter 11 cases in lieu of filing a separate Top 20 List for each Debtor.

4.      The Debtors, as soon as practicable after the commencement of these Chapter 11 cases, shall furnish the list of creditors to KCC (upon this Court's authorization to engage KCC as the Debtors' notice and claims agent).

5.      The Commencement Notice, substantially in the form annexed to the Motion as Exhibit B, is hereby approved.

6.      Except as set forth below, the Debtors, with the assistance of KCC, are hereby authorized and directed to mail the Commencement Notice to the Debtors' creditors no later than ten business days after the Debtors receive written notice from the United States Trustee of the time and place of the Section 341 Meeting.

7.      The Debtors shall publish the Commencement Notice in the National Editions of *The Wall Street Journal* and *USA Today*; concurrently with the service of the Commencement Notice.

8.      Notwithstanding any other provision of this Order, to the extent notice of pleadings and hearings is required to be provided to all creditors in accordance with Bankruptcy Rule 2002 or any other applicable Bankruptcy Rule or Local Rule, the Debtors are authorized pursuant to Bankruptcy Rule 2002(l) to provide only publication notice thereof to the Borrowers.

9.      Notice as provided herein is reasonably calculated to inform interested parties of these Chapter 11 cases and hereby is approved.

14

10.     The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

11.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12.     Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates (excluding ResCap and its subsidiaries).

13.     The relief granted by this Order shall apply to any Future Debtor.

14.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.


Dated: New York, New York
       _____, 2012

                                        _____
                                        UNITED STATES BANKRUPTCY JUDGE

ny-1019678

**<u>EXHIBIT B</u>**

ny-1019678

| UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF NEW YORK | | |
|---|---|---|
| In re Residential Capital, LLC, et al., Debtors. | Chapter 11 Case No: 12-_____( ) (Jointly Administered) | |
| **NOTICE OF CHAPTER 11 BANKRUPTCY CASES, MEETING OF CREDITORS, AND DEADLINES** | | |

Chapter 11 bankruptcy cases concerning the debtors listed below were filed on [ ], 2012. You may be a creditor of one of the debtors. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. All documents filed with the Court, including lists of the debtors' properties and debts, are available for inspection at the office of the clerk of the Bankruptcy Court and the Court's website, www.nysb.uscourts.gov. Note that a PACER password is needed to access documents on the Court's website (a PACER password may be obtained by accessing the PACER website, http://pacer.psc.uscourts.gov). NOTE: The staff members of the Bankruptcy Clerk's Office and the Office of the United States Trustee cannot give legal advice.

| Name of Debtor | Case Number | Tax Identification Number |
|---|---|---|
| | 12-_____ (__) | |
| | 12-_____ (__) | |
| | 12-_____ (__) | |
| | 12-_____ (__) | |
| | 12-_____ (__) | |
| | 12-_____ (__) | |
| | 12-_____ (__) | |
| | 12-_____ (__) | |
| | 12-_____ (__) | |
| | 12-_____ (__) | |
| | 12-_____ (__) | |
| | 12-_____ (__) | |
| | 12-_____ (__) | |
| | 12-_____ (__) | |
| | 12-_____ (__) | |
| | 12-_____ (__) | |
| | 12-_____ (__) | |
| | 12-_____ (__) | |
| | 12-_____ (__) | |
| | 12-_____ (__) | |
| | 12-_____ (__) | |
| | 12-_____ (__) | |
| | 12-_____ (__) | |
| | 12-_____ (__) | |
| | 12-_____ (__) | |
| | 12-_____ (__) | |
| | 12-_____ (__) | |
| | 12-_____ (__) | |
| | 12-_____ (__) | |
| | 12-_____ (__) | |
| | 12-_____ (__) | |
| | 12-_____ (__) | |
| | 12-_____ (__) | |
| | 12-_____ (__) | |
| | 12-_____ (__) | |
| | 12-_____ (__) | |
| | 12-_____ (__) | |

17

| | | |
|---|---|---|
| | 12-_____ (__) | |
| | 12-_____ (__) | |
| | 12-_____ (__) | |
| | 12-_____ (__) | |
| | 12-_____ (__) | |
| | 12-_____ (__) | |
| | 12-_____ (__) | |
| | 12-_____ (__) | |
| | 12-_____ (__) | |
| | 12-_____ (__) | |
| | 12-_____ (__) | |

| Attorneys for Debtors | DATE, TIME, AND LOCATION OF MEETING OF |
|---|---|
| Larren M. Nashelsky | CREDITORS PURSUANT TO BANKRUPTCY |
| Gary S. Lee | CODE SECTION 341(a) |
| Lorenzo Marinuzzi | [        ] at [        ] |
| MORRISON & FOERSTER LLP | 80 Broad Street, Fourth Floor |
| 1290 Avenue of the Americas | New York, New York 10004 |
| New York, New York 10104 | |
| Telephone: (212) 468-8000 | |
| Facsimile(212) 468-7900 | |

**DEADLINE TO FILE A PROOF OF CLAIM** None at this time.  When the Court sets a claims deadline, you will be notified and provided a proof of claim form by mail.

**DEADLINE TO FILE A COMPLAINT TO DETERMINE DISCHARGEABILITY OF CERTAIN DEBTS** _____ __, 2012 at __: __.m.  (prevailing Eastern Time)

**CREDITORS MAY NOT TAKE CERTAIN ACTIONS IN MOST INSTANCES, THE FILING OF THE BANKRUPTCY CASE AUTOMATICALLY STAYS CERTAIN COLLECTION AND OTHER ACTIONS AGAINST THE DEBTORS AND THE DEBTORS' PROPERTY.  UNDER CERTAIN CIRCUMSTANCES, THE STAY MAY BE LIMITED TO 30 DAYS OR NOT EXIST AT ALL, ALTHOUGH THE DEBTORS CAN REQUEST THE COURT TO EXTEND OR IMPOSE A STAY.  IF YOU ATTEMPT TO COLLECT A DEBT OR TAKE OTHER ACTION IN VIOLATION OF THE BANKRUPTCY CODE, YOU MAY BE PENALIZED.   COMMON EXAMPLES OF PROHIBITED ACTIONS BY CREDITORS ARE CONTACTING THE DEBTORS TO DEMAND REPAYMENT, TAKING ACTION AGAINST THE DEBTORS TO COLLECT MONEY OWED TO CREDITORS OR TO TAKE PROPERTY OF THE DEBTORS, AND STARTING OR CONTINUING COLLECTION ACTIONS, FORECLOSURE ACTIONS, OR REPOSSESSIONS.  CONSULT A LAWYER TO DETERMINE YOUR RIGHTS IN THIS CASE.**

| Address of the Clerk of the Bankruptcy Court Clerk of the United States Bankruptcy Court, One Bowling Green, New York, New York 10004 | For the Court: _____ Clerk of the Bankruptcy Court |
|---|---|
| Hours Open: 8:30 a.m.  – 5:00 p.m. | Date: [__], 2012 |
| Filing of Chapter 11 Bankruptcy Case | A bankruptcy case under chapter 11 of the Bankruptcy Code (title 11, United States Code) has been filed in this Court by each of the debtors named above, and an order for relief has been entered.  Chapter 11 allows a debtor to reorganize or liquidate pursuant to a plan.  A plan is not effective unless confirmed by the court.  You may be sent a copy of the plan and disclosure statement telling you about the plan, and you might have an opportunity to vote on the plan.  You will be sent a notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing.  Unless a trustee is serving, the debtors will remain in possession of the debtors' property and may continue to operate their business. |
| Legal Advice | The staff of the bankruptcy clerk's office cannot give legal advice.  Consult a lawyer to determine your rights in this case. |
| Creditors Generally | Prohibited collection actions are listed in Bankruptcy Code § 362.  Common examples of |

| May Not Take Certain Actions | prohibited actions include contacting the debtors by telephone, mail, or otherwise to demand repayment; taking actions to collect money or obtain property from the debtors; repossessing the debtors' property; and starting or continuing lawsuits or foreclosures. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtors can request the court to extend or impose a stay. |
|---|---|
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time, and location listed above. *The debtors' representative must be present at the meeting to be questioned under oath by the trustee and by creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date without further notice. The court, after notice and a hearing, may order that the United States trustee not convene the meeting if the debtor has filed a plan for which the debtor solicited acceptances before filing the case. |
| Notice | You will not receive notice of all documents filed in these chapter 11 cases. On _____, 2012, the Court entered its Order Establishing Notice Procedures (the "Notice Procedures Order"). The Notice Procedures Order describes the notice procedures that apply in these chapter 11 cases. All parties who desire to participate in these chapter 11 cases must follow the procedures set forth in the Notice Procedures Order. Parties can obtain a copy of the Notice Procedures Order and all other documents filed electronically with the Court in these cases, including lists of the Debtors' property and debts, by: (i) contacting the Clerk of the Court at One Bowling Green, New York, New York 10004-1408, (ii) accessing the Court's website at www.nysb.uscourts.gov. Note that a PACER (http://www.pacer.psc.uscourts.gov) password and login are needed to access documents on the Court's website; or (iii) contacting the Debtors' counsel at: Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York 10104 (Attn: Larren M. Nashelsky, Esq., Gary S. Lee, Esq. and Lorenzo Marinuzzi, Esq.). |
| Claims | Schedules of liabilities will be filed pursuant to Bankruptcy Rule 1007. Any creditor holding a scheduled claim which is not identified as disputed, contingent, or unliquidated as to amount may, is not required to, file a proof of claim in these cases. Creditors whose claims are not scheduled or whose claims are scheduled as disputed, contingent, or unliquidated as to amount and who desire to participate in these cases or share in any distribution must file a proof of claim. A creditor who relies on the schedule of liabilities has the responsibility for determining that the claim is listed accurately. A form of proof of claim and notice of the deadline for filing such proof of claim will be sent to you later. A deadline for the last day for filing proofs of claim has not yet been established. |
| Discharge of Debts | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. *See* Bankruptcy Code § 1141(d). A discharge means that you may never try to collect the debt from the debtors, except as provided in the plan. If you believe that a debt owed to you is not dischargeable under Bankruptcy Code § 1141(d)(6)(A), you must start a lawsuit by filing a complaint in the bankruptcy clerk's office by the "Deadline to File a Complaint to Determine Dischargeability of Certain Debts" listed above. The bankruptcy clerk's office must receive the objection by the "Deadline to File a Complaint to Determine Dischargeability of Certain Debts" listed on the front side. |
| Bankruptcy Clerk's Office | Any paper that you file in these bankruptcy cases should be filed at the bankruptcy clerk's office at the address listed on the front side. You may inspect all papers filed, including the list of the debtors' property and debts and the list of property claimed as exempt, at the bankruptcy clerk's office. |
| Foreign Creditors | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |

ny-1019678