MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:     (212) 468-8000
Facsimile:     (212) 468-7900
Larren M. Nashelsky
Gary S. Lee
Lorenzo Marinuzzi

*Proposed Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------

| | |
|---|---|
| In re: | Case No. 12- |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Joint Administration Pending |

-----------------------------------------------------------------

**DEBTORS' MOTION FOR ENTRY OF AN ORDER UNDER BANKRUPTCY CODE SECTIONS 102(1), 105(a) AND 105(d), BANKRUPTCY RULES 1015(c), 2002(m) AND 9007 AND LOCAL BANKRUPTCY RULE 2002-2 ESTABLISHING CERTAIN NOTICE, CASE MANAGEMENT AND ADMINISTRATIVE PROCEDURES**

The debtors and debtors in possession in the above-captioned cases (collectively, the

"Debtors"),[1] file this Motion (the "Motion")[2] for entry of an order, under sections 102(1),

105(a) and 105(d) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 1015(c),

2002(m) and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and

Rule 2002-2 of the Local Rules for the Bankruptcy Court for the Southern District of New York

(the "Local Rules"), substantially in the form attached hereto as Exhibit A, approving and

---

[1]  The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the Whitlinger Affidavit (defined below).  Additional subsidiaries and affiliates of the Debtors may file Chapter 11 petitions on a rolling basis.  As used herein, the term "Debtors" includes any such entities.

[2]  Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases or the relief requested in this Motion may refer to http://www.kccllc.net/rescap for additional information.

implementing the notice, case management and administrative procedures annexed

hereto as <u>Exhibit 1</u> to <u>Exhibit A</u> (collectively, the "Case Management Procedures").  In

support of the Motion, the Debtors rely upon and incorporate by reference the Affidavit

of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter

11 Petitions and First Day Pleadings, filed with the Court concurrently herewith (the "Whitlinger

Affidavit").  In further support of the Motion, the Debtors, by and through their

undersigned counsel, respectfully represent:

## JURISDICTION

1.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§ 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2.     On the date hereof (the "Petition Date"), each of the Debtors filed a

voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code.

The Debtors are managing and operating their businesses as debtors in possession

pursuant to Bankruptcy Code sections 1107(a) and 1108.  No trustee, examiner or

statutory creditors' committee has been appointed in these Chapter 11 cases.

3.     The Debtors are a leading residential real estate finance company

indirectly owned by Ally Financial Inc., which is not a Debtor.  The Debtors and their

non-debtor affiliates operate the fifth largest servicing business and the tenth largest

mortgage origination business in the United States.  A more detailed description of the

Debtors, including their business operations, their capital and debt structure, and the

events leading to the filing of these bankruptcy cases, is set forth in the Whitlinger

Affidavit.

## THE CASE MANAGEMENT PROCEDURES

4.      As set forth more fully on <u>Exhibit 1</u> to <u>Exhibit A</u>, the Case Management

Procedures, among other things:

> (a)    provide for scheduling of periodic omnibus hearings and emergency hearings;
>
> (b)    establish requirements for filing and serving notices, motions, applications, declarations, objections, responses, memoranda, briefs, supporting documents and other papers filed in these Chapter 11 cases (collectively, the "Court Papers");
>
> (c)    delineate standards for notices of hearings and agenda letters;
>
> (d)    fix periodic omnibus hearing dates and articulate mandatory guidelines for the scheduling of hearings and objection deadlines;
>
> (e)    define the entities entitled to service in these Chapter 11 cases and provide for the right to request service of papers pursuant to Rule 2002 of the Bankruptcy Rules;
>
> (f)    provide procedures for service of filings, certificates of service; and
>
> (g)    limit matters that are required to be heard by the Court.

5.      Given the size and scope of these cases, the Debtors believe that the Case

Management Procedures will facilitate service of the Court Papers that will be less

burdensome and costly than serving such pleadings on every potentially interested

party, which, in turn, will maximize the efficiency and orderly administration of these

Chapter 11 cases, while at the same time ensuring that appropriate notice is provided,

particularly to parties who have expressed an interest in these cases and those directly

affected by a request for relief.  In particular, the Case Management Procedures are

intended to:

> (a)    reduce the need for emergency hearings and requests for expedited relief;
>
> (b)    provide for omnibus hearings for the Court to consider motions, pleadings, applications, objections and responses thereto;

(c)     foster consensual resolution of important matters;

(d)     assure prompt receipt of appropriate notice affecting parties' interests;

(e)     allow for electronic notice pursuant to the Court's electronic filing system;

(f)     provide ample opportunity to parties in interest to prepare for and respond to matters before this Court;

(g)     reduce the substantial administrative and financial burden that would otherwise be placed on the Debtors and other parties in interest who file documents in these Chapter 11 cases; and

(h)     reduce the administrative burdens on the Court and the Clerk's office.

6.      To ensure that parties in interest in these Chapter 11 cases are made aware of the Case Management Procedures, the Debtors propose to: (a) serve the Case Management Procedures on the Master Service List (as defined in the Case Management Procedures); (b) publish the Case Management Procedures on the Debtors' restructuring website at http://www.kccllc.net/rescap (the "Case Website"); and (c) make the Case Management Procedures readily available on request to the Debtors' proposed notice and claims agent, Kurtzman Carson Consultants (the "Notice and Claims Agent"). In the event the Case Management Procedures are modified during these Chapter 11 cases, the Debtors will ensure updated versions of the Case Management Procedures are available on the Case Website and will file notice of the same electronically on the docket.

## RELIEF REQUESTED

7.      By this Motion, the Debtors seek entry of an order approving and implementing the Case Management Procedures.  The Debtors further request that, to

the extent the Case Management Procedures conflict with the Bankruptcy Rules or the
Local Rules, the Case Management Procedures shall govern and supersede such rules.

8.      The Debtors request that, to the extent necessary, the relief sought by this
Motion apply to any future debtor (a "Future Debtor") in these jointly-administered
cases.  The Debtors propose that an affiliated debtor be deemed to be a Future Debtor
upon the Court's entry of an order authorizing the joint administration of such Future
Debtor's Chapter 11 case with the Chapter 11 cases of the Debtors.

## APPLICABLE AUTHORITY

9.      The Bankruptcy Code, the Bankruptcy Rules and the Local Rules provide
the Court with authority to approve notice, case management and administrative
procedures.  Specifically, Bankruptcy Rule 2002(m) states that "[t]he court may from
time to time enter orders designating the matters in respect to which, the entity to
whom, and the form and manner in which notices shall be sent except as otherwise
provided by these rules."  Fed. R. Bankr. P. 2002(m); see also Fed. R. Bankr. P. 9007
("When notice is to be given under these rules, the court shall designate, if not
otherwise specified herein, the time within which, the entities to whom, and the form
and manner in which the notice shall be given.").  In addition, Bankruptcy Rule 9036
authorizes parties in interest to request that "all or part of the information required to be
contained in the notice be sent by a specified type of electronic transmission . . . ."  Fed.
R. Bankr. P. 9036.

10.     Moreover, section 102(1) of the Bankruptcy Code provides that, where the
Bankruptcy Code provides for an action to occur "after notice and a hearing," such
action may occur "after such notice as is appropriate in the particular circumstances, and
such opportunity for a hearing as is appropriate in the particular circumstances . . . ."  11

5

U.S.C. § 102(1)(A).  Local Rule 2002-2 also allows this Court to set notice requirements and objection deadlines that are appropriate under the facts and circumstances of these Chapter 11 cases.  See, e.g., Local Rule 2002-2(c), (d). Therefore, the Debtors submit that omnibus hearings and electronic notice, whenever possible, should be permitted to alleviate this burden.

11.    Further, pursuant to this Court's General Order M-399, "[t]he Court's issuance of an account to a System user constitutes a waiver of conventional service with respect to that user, who agrees to accept service" electronically.  General Order M-399 at § II.B.1.  Hence, any party submitting a document pursuant to the Court's electronic filing system has consented to electronic service as provided by the proposed order, and any such party will not be prejudiced by electronic notice.  Such registered participants will receive a "Notice of Electronic Filing" via e-mail whenever a filing is affected, which will provide additional notice to such parties.  If a party cannot reasonably obtain access to e-mail, then such party may seek an exemption from electronic service pursuant to the Order to receive paper copies of any documents. Therefore, no party will be affected adversely by the proposed electronic service set forth herein.

12.    Courts in this District have regularly granted relief similar to that requested herein to expedite case administration and to reduce the costs thereof.  See, e.g., In re AMR Corp., Case No. 11-15463 (SHL) (Bankr. S.D.N.Y. Dec. 23, 2011) (Docket No. 453); In re Borders Group, Inc., Case No. 11-10614 (MG) (Bankr. S.D.N.Y. Feb. 16, 2011) (Docket No. 64); In re MSR Resort Golf Course, LLC, Case No. 11-10372 (SHL) (Bankr. S.D.N.Y. Feb. 3, 2011) (Docket No. 32); In re The Great Atlantic & Pacific Tea

<u>Co., Inc.</u>, Case No. 10-24549 (RDD) (Bankr. S.D.N.Y. Dec. 14, 2010) (Docket No. 75); <u>In</u>

<u>re Blockbuster Inc.</u>, Case No. 10-14997 (BRL) (Bankr. S.D.N.Y. Oct. 20, 2010) (Docket

No. 365); <u>In re Lear Corp.</u>, Case No. 09-14326 (ALG) (Bankr. S.D.N.Y. July 31, 2009)

(Docket No. 268); <u>In re Ion Media Networks, Inc.</u>, Case No. 09-13125 (JMP) (Bankr.

S.D.N.Y. May 21, 2009) (Docket No. 30); <u>In re Chrysler LLC</u>, Case No. 09-50002 (AJG)

(Bankr. S.D.N.Y. May 12, 2009) (Docket No. 661); <u>In re Charter Commc'ns, Inc.</u>, Case No.

09-11435 (JMP) (Bankr. S.D.N.Y. Mar. 30, 2009) (Docket No. 73).

13.     In sum, approval of the Case Management Procedures will promote the

efficient and orderly administration of the Debtors' Chapter 11 cases by, among other

things: (a) limiting service of documents filed in the case to those parties that have an

interest in the subject matter thereof; (b) authorizing electronic service; and (c) fixing

monthly omnibus hearings.  For the reasons stated herein, the Debtors believe the

proposed order is appropriate and should be approved and implemented in the Chapter

11 cases.

## NOTICE

14.     Notice of this Motion will be given to the following parties, or in lieu

thereof, to their counsel:  (a) the Office of the United States Trustee for the Southern

District of New York; (b) the office of the United States Attorney General; (c) the office

of the New York Attorney General; (d) the office of the United States Attorney for the

Southern District of New York; (e) the Internal Revenue Service; (f) the Securities and

Exchange Commission; (g) each of the Debtors' prepetition lenders, or their agents, if

applicable; (h) each of the indenture trustees for the Debtors' outstanding notes

issuances; (i) Ally Financial Inc. and its counsel; (j) counsel to the administrative agent

for the Debtors' proposed providers of debtor in possession financing; (k) Nationstar

Mortgage LLC and its counsel; and (l) the parties included on the Debtors' list of fifty

(50) largest unsecured creditors.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court (i) enter an order

substantially in the form attached hereto as <u>Exhibit A</u> granting the relief requested in the Motion;

and (ii) grant such other and further relief to the Debtors as the Court may deem just and proper.

Dated:  May 14, 2012
       New York, New York

                      */s/* Larren M. Nashelsky
                      Larren M. Nashelsky
                      Gary S. Lee
                      Lorenzo Marinuzzi
                      MORRISON & FOERSTER LLP
                      1290 Avenue of the Americas
                      New York, New York 10104
                      Telephone: (212) 468-8000
                      Facsimile: (212) 468-7900

                      *Proposed Counsel for the Debtors and*
                      *Debtors in Possession*

ny-1013572

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------

|                          |   )   |                         |
|--------------------------|-------|-------------------------|
|                          |   )   |                         |
| In re:                   |   )   | Case No. 12-            |
|                          |   )   |                         |
| RESIDENTIAL CAPITAL, LLC, et al., |   )   | Chapter 11     |
|                          |   )   |                         |
|                 Debtors. |   )   | Jointly Administered    |
|                          |   )   |                         |

------------------------------------------------------------

### ORDER UNDER BANKRUPTCY CODE SECTIONS 102(1), 105(a) AND 105(d), BANKRUPTCY RULES 1015(c), 2002(m) AND 9007 AND LOCAL BANKRUPTCY RULE 2002-2 ESTABLISHING CERTAIN NOTICE, CASE MANAGEMENT AND ADMINISTRATIVE PROCEDURES

Upon the motion (the "Motion")[1] of Residential Capital, LLC, and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors") for entry of an order, under Bankruptcy Code sections 102(1), 105(a) and 105(d), Bankruptcy Rules 1015(c), 2002(m) and 9007 and Local Rule 2002-2, approving and implementing the notice, case management and administrative procedures annexed hereto as Exhibit 1 (collectively, the "Case Management Procedures"); and upon the Whitlinger Affidavit; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these Chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this proceeding on the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other of further notice need be provided; and it appearing that the relief requested by the Motion is in the

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion. Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases or the relief granted herein may refer to http://www.kccllc.net/rescap for additional information.

best interests of the Debtors' estates, their creditors, and other parties in interest; and after due

deliberation thereon; and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.        The Motion is GRANTED as set forth herein.

2.        The Case Management Procedures, as set forth on <u>Exhibit 1</u> hereto, are approved

and shall govern all applicable aspects of the Chapter 11 cases, except as otherwise ordered by

the Court.

3.        The first two omnibus hearings are scheduled as follows:

- __:__ _.m. on the __th day of _____, 2012; and

- __:__ _.m. on the __th day of _____, 2012.

4.        The Debtors' notice and claims agent, Kurtzman Carson Consultants LLC, is

authorized, but not directed, to establish a case website, available at

http://www.kccllc.net/rescap, where, among other things, electronic copies of all pleadings filed

in the Debtors' Chapter 11 cases may be posted to be viewed free of charge.

5.        Any notice sent by the Debtors or any other party in interest shall be

deemed to comply with the requirements set forth in section 342(c)(1) of the

Bankruptcy Code so long as the notice contains a reference to the information contained

in footnote 1 of the Motion.

6.        The requirements set forth in Local Rule 9013-1 are satisfied by the

contents of the Motion.

7.        The Debtors are authorized and empowered to take all actions necessary to

implement the relief granted in this Order.

2

8.      Notwithstanding anything herein to the contrary, this Order shall not

modify or affect the terms and provisions of, nor the rights and obligations under, (a)

the Board of Governors of the Federal Reserve System Consent Order, dated April 13,

2011, by and among Ally Financial Inc. ("AFI"), Ally Bank, Residential Capital, LLC

("ResCap"), GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve

System, and the Federal Deposit Insurance Corporation, (b) the consent judgment

entered April 5, 2012 by the District Court for the District of Columbia, dated February

9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent

Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012,

and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries

and affiliates (excluding ResCap and its subsidiaries).

9.      The relief granted by this order shall apply to any Future Debtor in these

jointly-administered cases.

10.    This Court shall retain jurisdiction with respect to all matters relating to

the interpretation or implementation of this Order.

Dated:   New York, New York
              _____, 2012


                                        _____
                                        UNITED STATES BANKRUPTCY JUDGE

ny-1013572

# **EXHIBIT 1**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------

| | ) | |
|---|---|---|
| In re: | ) | Case No. 12- |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

--------------------------------------------------------------

### NOTICE, CASE MANAGEMENT AND ADMINISTRATIVE PROCEDURES

On May 14, 2012, Residential Capital, LLC and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors")[1] each filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court"). The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On [_____], 2012, the Court entered an order (the "Procedures Order") approving the notice, case management and administrative procedures (the "Case Management Procedures") set forth herein pursuant to sections 102(1), 105(a) and 105(d) of the Bankruptcy Code, Rules 1015(c), 2002(m) and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2002-2 of the Rules for the Bankruptcy Court for the Southern District of New York (the "Local Rules") (Docket No. [___]). Anyone may obtain a copy of the Procedures Order, as well as any document filed with the Court in these Chapter 11 cases, by: (i) accessing the website maintained by Kurtzman Carson Consultants ("KCC" or the "Notice and Claims Agent"), at http://www.kccllc.net/rescap (the "Case Website"); or (ii) accessing the PACER system on the Court's web site at http://www.nysb.uscourts.gov for a nominal fee. Finally, paper copies of all pleadings filed in the Debtors' Chapter 11 cases may be available from the Court.

Pursuant to the Procedures Order, all notices, motions, applications, briefs, memoranda, affidavits, declarations, objections, responses and other documents filed in these Chapter 11 cases are subject to, and will not be deemed properly served unless they are served in accordance with, these Case Management Procedures. Additionally, although the Bankruptcy Code, the Bankruptcy Rules and the Local Rules apply to these Chapter 11 cases, to the extent there is a conflict between the foregoing and the Case Management Procedures, the Case Management Procedures govern in all respects. As

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings. Additional subsidiaries and affiliates of the Debtors may file Chapter 11 petitions on a rolling basis. As used herein, the term "Debtors" includes any such entities.

such, all parties in interest are strongly encouraged to review these Case Management Procedures in their entirety and consult their own legal counsel with respect to any of the matters discussed herein prior to filing any documents in these Chapter 11 cases.

## Case Management Procedures

**I.     Omnibus Hearing Dates**

      **A.     All Matters to be Heard at Omnibus Hearings**.  The Debtors shall be authorized to schedule, in cooperation with the Court, periodic omnibus hearings (the "Omnibus Hearings") to consider all notices, motions, applications and other requests for relief, all briefs, memoranda, affidavits, declarations, replies and other documents filed in support of such papers seeking relief (collectively, the "Requests for Relief") and all objections and responses to such Requests for Relief (collectively, the "Objections," and together with the Requests for Relief and all other filed documents, the "Court Filings") pursuant to the following procedures:

            **1.     Ordinary Scheduling Procedures**. Unless otherwise set forth herein, in accordance with Rule 9006-1(b) of the Local Rules, in the event that a party files and serves a Request for Relief at least 14 days before the next regularly scheduled Omnibus Hearing, the matter shall be set for hearing on the next regularly scheduled Omnibus Hearing date.  Notwithstanding the immediately preceding sentence, a party may settle or present a proposed order for approval by the Court in accordance with Local Rule 9074-1; provided, however, that the presentment of a proposed order pursuant to Local Rule 9074-1(c), or any other similar administrative or standard order, must be filed and served at least seven (7) calendar days before the presentment date.

            **2.     Emergency Scheduling Procedures**. If a movant or applicant other than the Debtors determines that a motion or application requires emergency or expedited relief, the movant or applicant shall contact the attorney for the Debtors by telephone and request that the motion or application be considered on an expedited basis. If the Debtors disagree with the movant's or applicant's determination regarding the emergency or expedited nature of the relief requested, the movant or applicant shall (i) inform the Court of the disagreement by telephone and (ii) arrange for a chambers conference, telephonic or in-person, to be held to discuss the disagreement.  If the Court agrees with the position of the movant or applicant regarding the necessity for expedited consideration, the movant or applicant may, by order to show cause, request an expedited hearing.

3. **Initial Omnibus Hearings**. The first two Omnibus Hearings shall be held on the following dates and times:

- ___:___ a.m. on the [___]th day of [___], 2012; and

- ___:___ a.m. on the [___]th day of [___], 2012.

4.    Hearings in connection with claims objections, pre-trial conferences and trials related to adversary proceedings, approval of a disclosure statement, confirmation, and any other Requests for Relief filed by the Debtors, may be scheduled for dates other than the Omnibus Hearing dates; provided, however, that initial pre-trial conferences scheduled in connection with adversary proceedings involving the Debtors shall be set on the next available Omnibus Hearing date that is at least forty-five (45) days after the filing of the complaint; provided, further, that hearings on all other Requests for Relief filed by a party other than the Debtors must be scheduled for an Omnibus Hearing except for the Request for Relief seeking emergency relief.

5.    **Inconsistent Filing**.  If a Request for Relief is filed by a party other than the Debtors and purports to set a hearing date inconsistent with the Case Management Procedures (an "Inconsistent Filing"), the hearing shall be scheduled, without necessity of Court order, for the first Omnibus Hearing date after the applicable notice has expired, and the Debtors shall provide such party with notice of the Case Management Procedures within three (3) business days of receipt of the Inconsistent Filing.

B.    **Subsequent Omnibus Hearings**. At or before the Omnibus Hearing held on [  ], 2012, the Debtors shall request that the Court schedule additional Omnibus Hearings.  The Court shall schedule such Omnibus Hearings and, upon scheduling, KCC shall post the dates of the Omnibus Hearings on the Case Website.  Entities may contact KCC for information concerning all scheduled Omnibus Hearings.

C.    **Telephonic Participation in Hearings**. If a party desires to participate in a hearing by telephone, such party must request permission from chambers and notify the attorneys for the Debtors at least forty-eight (48) hours before the scheduled hearing.  If chambers permits telephonic participation, the party participating telephonically must arrange such telephonic participation with Court Call, adhering to the procedures for telephonic participation applicable in the United States Bankruptcy Court for the Southern District of New York.  Those parties participating by phone may not use speakerphones, unless first authorized by the Court; by reason of technical limitations of the equipment and the way speakerphones disrupt proceedings in the courtroom, speakerphone

3

authorizations usually will not be granted.  Parties participating by phone must put their phones on "mute" except when they need to be heard.  Parties so participating are not to put their phones on "hold" in any circumstances.

**D.**     **Proposed Omnibus Hearing Agenda**.  The Debtors shall prepare Omnibus Hearing agendas in accordance with the following:

1.    One (1) business day prior to each Omnibus Hearing, Debtors' counsel shall file a proposed agenda with regard to the matters that are scheduled to be heard at such Omnibus Hearing (the "Proposed Hearing Agenda").  The Proposed Hearing Agenda shall be served by e-mail or facsimile on: (a) the Court; (b) the Office of the United States Trustee for the Southern District of New York (the "United States Trustee"); (c) the Committee; (d) counsel to any other statutory committee appointed in these Chapter 11 cases; and (e) any party that filed a pleading referenced in the Proposed Hearing Agenda; provided, however, that a Proposed Hearing Agenda shall not be required where the Debtors have less than forty-eight (48) hours notice of the hearing.  The Proposed Hearing Agenda may include notice of matters that have been consensually adjourned to a later Omnibus Hearing in lieu of parties filing a separate notice of such adjournment; provided, that, for all matters adjourned to be heard at a later Omnibus Hearing or some other future date, the Debtors will also electronically file on the docket (but need not serve) a notice of adjournment with respect to such matter(s).

2.    The Proposed Hearing Agenda will include, to the extent known by Debtors' counsel: (a) the docket number and title of each matter to be scheduled for hearing on such Omnibus Hearing, including the initial filing and any responses, replies or documents related thereto; (b) whether the matters are contested or uncontested; (c) whether the matters have settled or are proposed to be continued; (d) other comments that will assist the Court; and (e) a suggestion for the order in which the matters should be addressed; provided, however, that the matters listed on the Proposed Hearing Agenda shall be limited to matters of substance and shall not include administrative filings such as notices of appearance and affidavits of service.

**II.**    **Filing and Notice Procedures; Deadlines for the Filing of Responsive Pleadings**

**A.**     **Procedures Established for Filing Court Filings**.  All Court Filings filed in the Chapter 11 cases shall be filed electronically with the Court on the docket of Residential Capital, LLC, Case No. 12-_____ (___), in accordance with the Court's General Order M-399, by registered users of

the Court's electronic case filing system and by all other parties in interest on a Compact Disc or flash drive. Further, pursuant to Local Rule 9070-1, at least one hard copy of any Court Filing filed with the Court (other than proofs of claim) shall be (i) marked "Chambers Copy" and delivered in an unsealed envelope to the chambers of the Honorable Judge [          ], United States Bankruptcy Court, One Bowling Green, New York, New York 10004, not later than the next business day following the date on which such Court Filing is electronically filed and (ii) delivered by first class mail to the Office of the United States Trustee as well as every party listed on the Master Service List (as defined herein).

**B.**    **Procedures Established for Notices**.  All Court Filings shall be filed with the Court or other applicable court and served in accordance with the notice procedures set forth herein (the "Notice Procedures").

**C.**    **Notices of Requests for Relief**.  A notice shall be affixed to the front of each Request for Relief, and the notice shall set forth (i) the title of the Request for Relief, (ii) the time and date of the objection deadline (as determined herein) and (iii) the Omnibus Hearing date at which the party intends to present the Request for Relief.  The notice may also include a statement that the relief requested therein may be granted without a hearing if no objection is timely filed and served in accordance with the Case Management Procedures (a "Presentment Notice").  If the notice filed with a Request for Relief includes a Presentment Notice, after the objection deadline has passed and if no objection has been filed and served in accordance with the procedures set forth herein, counsel to the entity who has filed a Request for Relief may file a certification that no objection has been filed or served on the entity who has filed the Request for Relief and may request that the proposed order be entered without a hearing.

**D.**    **Filing and Service of Objections, Replies and Other Responsive Pleadings**.

    **1.**    **Deadline for Objections**.  Except as set forth below with respect to Stay Relief Motions (defined below), the deadline to file Objections (the "Objection Deadline") shall be (a) seven (7) calendar days before the applicable hearing by 4:00 p.m. (Eastern Time) or (b) as otherwise ordered by the Court.  For Requests for Relief that are set on an expedited basis and less than ten (10) days after such Request for Relief is filed, the Objection Deadline shall be by 12:00 p.m. (Eastern Time) on the business day preceding the hearing date. Failure to file Objections by the Objection Deadline may cause the Court to not consider the Objection.

    **2.**    **Extension of Objection Deadline**.  The Objection Deadline may be extended without order of the Court upon the consent of the entity filing the Request for Relief.

3.      **Service of Objections**.  All Objections shall be filed with the Court and served by the applicable Objection Deadline upon the entity filing the Request for Relief, those entities on the Master Service List, the 2002 List, and each Affected Entity (all as defined herein), with such Affected Entities to be determined based on the particular Court Filing being served; provided, however, that if the Objection Deadline is after the date that is seven (7) days before the applicable hearing, then Objections shall also be served by e-mail, facsimile, hand delivery, or overnight mail upon the Debtors, the Committee (as defined herein) and its counsel, any other committee appointed in the case and each Affected Entity.

4.      **Service of Replies to Objections**.  If a Court Filing is a reply to an Objection, such reply shall be filed with the Court and served so as to actually be received by the Debtors, each party that filed an Objection, the Committee and each Affected Entity, in all cases by 12:00 p.m. (Eastern Time) at least one (1) business day before the applicable hearing date, unless otherwise agreed by the Affected Entity(ies) and the Debtors.

E.    Unless prior permission has been granted, memoranda of law in support of Requests for Relief or Objections are limited to thirty-five (35) pages, and memoranda of law in support of Replies are limited to fifteen (15) pages. All memoranda shall be double-spaced, 12-point font, with 1" margins. Memoranda of ten (10) pages or more shall contain a table of contents and a table of authorities.

F.    If, in a Court Filing, any reference is made to an excerpt from a Judge's dictated decision, the party filing such Court Filing must file as an attachment to the document a copy of the transcript of the entire decision in order for the Court to consider the citation as precedent or persuasive.

G.    Nothing in the Case Management Procedures shall prejudice the right of any party to move the Court to request relief under section 107(b) of the Bankruptcy Code or Bankruptcy Rule 9018 to protect any entity with respect to a trade secret or confidential research, development or commercial information or to protect a person with respect to scandalous or defamatory matter contained in a document filed in these Chapter 11 cases.

H.    **Notice of Settlements**.  In the event a matter is properly noticed for hearing and the parties reach an agreement to settle the dispute before the hearing, the parties may announce the settlement at the scheduled hearing. In the event the Court determines that notice of the dispute and the hearing is adequate notice of the effects of the settlement (i.e., that the terms of the settlement are not materially different from what parties in interest could have expected if the dispute were fully litigated), the Court may approve

the settlement at the hearing without further notice of the terms of the settlement. In the event the Court determines that additional or supplemental notice is required, the Debtors shall serve such notice in accordance with the Case Management Procedures and a hearing to consider such settlement shall be on the next hearing day deemed appropriate by the Court.

**I.**     **Notice of Stay Relief Motions**. Notwithstanding anything contained herein, a motion for relief from the automatic stay (a "Stay Relief Motion") in accordance with section 362 of the Bankruptcy Code shall be noticed for consideration on the Omnibus Hearing Date that is at least twenty-one (21) days after the Stay Relief Motion is filed and the notice thereof is served upon the Debtors. Unless otherwise ordered by the Court, the objection deadline with respect thereto shall be the later to occur of (a) fourteen (14) calendar days after the date of filing and service of the Stay Relief Motion and (b) three (3) calendar days before the hearing scheduled with respect thereto.

Notwithstanding section 362(e) of the Bankruptcy Code, if a Stay Relief Motion is scheduled, in accordance with the Case Management Procedures, for, or adjourned to, a hearing date that falls on or after the thirtieth (30th) day after the filing of the Stay Relief Motion, the moving party shall be deemed to have consented to the continuation of the automatic stay in effect pending the conclusion of, or as a result of, a final hearing and determination under section 362(d) of the Bankruptcy Code and shall be deemed to have waived its right to assert the termination of the automatic stay under section 362(e) of the Bankruptcy Code.

**J.**     **Motions for Summary Judgment**. Pursuant to Local Rule 7056-1, no motion for summary judgment may be made without first seeking a pre-motion conference. A request for such conference should be made by letter, filed electronically on the Court's website, http://ecf.nysb.uscourts.gov, setting forth the issues to be presented under the summary judgment motion.

**K.**     **Motions for Reargument**. Motions for reargument must identify with particularity the matter for reconsideration in accordance with Rule 9023-1 of the Local Rules. If, after review of the motion, the Court determines that it wishes a response, and/or a hearing, it will notify the parties accordingly.

**L.**     **Definition of Entities Entitled to Service**. All Court Filings shall be served on the Master Service List, the 2002 List and any other Affected Entities (each as defined hereinafter and collectively referred to as the "Service List") according to the notice procedures described herein.

7

1.    **Master Service List**.  In accordance with Bankruptcy Rule 2002 and Local Rule 2002-1, KCC shall maintain a master service list (the "Master Service List"), which shall be updated monthly.  An updated Master Service List shall be made available by (a) accessing the Case Website, (b) contacting KCC directly or (c) contacting the Debtors' counsel directly.  The Master Service List shall include the following parties:

(a)    The Office of the United States Trustee for the Southern District of New York;

(b)    the office of the United States Attorney General;

(c)    the office of the New York Attorney General;

(d)    the office of the United States Attorney for the Southern District of New York;

(e)    the Debtors and their counsel;

(f)    the members and counsel to the statutory committee of unsecured creditors appointed in the Chapter 11 cases (the "Committee"), or until such time as any committee is appointed, the parties included on the Debtors' list of fifty (50) largest unsecured creditors;

(g)    any other committee appointed in the cases;

(h)    each of the Debtors' prepetition lenders, or their agents, if applicable;

(i)    each of the indenture trustees for the Debtors' outstanding notes issuances;

(j)    Ally Financial Inc. and its counsel;

(k)    counsel to the administrative agent for the Debtors' proposed providers of debtor in possession financing;

(l)    Nationstar Mortgage LLC and its counsel;

(m)    the Internal Revenue Service; and

(n)    the Securities and Exchange Commission.

2.    **2002 List**.  This group shall be comprised of all entities that have filed a request for service of filings pursuant to Bankruptcy Rule 2002.  An updated 2002 List can be obtained on the Case Website.

3. **Affected Entities**.  This group shall be comprised of all entities with a particularized interest in the subject matter of the specific Court Filing, including the entity filing the Request for Relief (each, an "Affected Entity").

M. **Filing Requests for Documents Requires E-mail Address**.  A request for service of papers pursuant to Rule 2002 of the Bankruptcy Rules (each, a "2002 Notice Request") filed with the Court shall be deemed proper if and only if it includes the following information with request to the party filing such request: (i) name; (ii) street address; (iii) name of client(s), if applicable; (iv) telephone number; (v) facsimile number; and (vi) electronic mail (or e-mail) address.

N. **Certification Opting Out of E-mail Service**.  Any individual or entity filing a 2002 Notice Request who does not maintain (and cannot practicably obtain) an e-mail address and thereafter cannot receive service by e-mail must include in the 2002 Notice Request a certification to that effect (the "Certification").  The Certification shall include a statement certifying that the individual or entity (i) does not maintain an e-mail address and (ii) cannot practicably obtain an email address at which the individual or entity could receive service by e-mail.  Such individual entity will thereafter receive paper service as provided in the Case Management Procedures.

O. **2002 Notice List**.  The Debtors shall be responsible for maintaining an updated list (the "2002 List") of those who have submitted a proper 2002 Notice Request.  It is the responsibility of each entity submitting a 2002 Notice Request to file with the Court updated 2002 Notice Requests from time to time as necessary to reflect changes to any information, including e-mail address and contact person, and to serve a copy of any such update upon the Debtors.

P. At least every fifteen (15) days during the first sixty (60) days of the Debtors' Chapter 11 cases, and thereafter at least every thirty (30) days, KCC shall maintain and update the 2002 List by: (i) making any additions and deletions; (ii) filing the updated 2002 List; (iii) serving the updated 2002 List on the parties listed thereon; (iv) filing a proof of service; and (v) simultaneously with the filing of the 2002 List, posting an updated version of the 2002 List on the Case Website.

Q. **Service of Motions**.  With respect to filings for which particular notices are required to be served on all creditors and parties in interest, including Bankruptcy Rules 2002(a)(2) and (3), 4001, 6004, 6007 or 9019, parties shall serve all such filings only on the Service List by electronic mail or otherwise (if an exemption is granted) or, in the case of those parties on the Master Service List, by electronic mail and by first class mail, in

accordance with the following procedures, unless otherwise ordered by the Court —

1.      in the case of any use, sale, lease or abandonment of substantially all of the Debtors' property, on each entity asserting an interest in that property;

2.      in the case of a motion for relief or modification of the automatic stay, on each entity asserting a lien or encumbrance on the affected property;

3.      in the case of a motion relating to the use of cash collateral or obtaining credit, each party asserting an interest in the cash collateral or a lien or other interest in property upon which a lien or encumbrance is proposed to be granted;

4.      in the case of a motion under Bankruptcy Rule 9019, all parties that are parties to the relevant compromise and settlement or that may be directly affected by such compromise or settlement;

5.      in the case of assumption, assignment or rejection of an executory contract or an unexpired lease, each party to the executory contract or the unexpired lease;

6.      any objection, opposition, response, reply or further document filed directly in response to a document shall be served on the entity who filed such document; and

7.      all matters for which the Bankruptcy Rules specifically require notice to all parties in interest shall be served on all parties in interest unless otherwise directed by the Court.

**R.**      Except as set forth herein or otherwise provided by order of the Court, the Notice Procedures shall not apply to notices of the matters or proceedings described in the following Bankruptcy Rules:

1.      Bankruptcy Rule 2002(a)(1) (meeting of creditors pursuant to section 341 of the Bankruptcy Code);

2.      Bankruptcy Rule 2002(a)(2) (any proposed use, sale or lease of property of the estate other than in the ordinary course of business, to the extent that such use, sale or lease concerns all or substantially all of the Debtors' assets);

3.      Bankruptcy Rule 2002(a)(4) (hearing on the dismissal of a case or cases or the conversion of a case to another chapter);

4.      Bankruptcy Rule 2002(a)(5) (time fixed to accept or reject a proposed modification of a Chapter 11 plan);

5.      Bankruptcy Rule 2002(a)(7) (time fixed for filing a proof of claim pursuant to Bankruptcy Rule 3003(c));

6.      Bankruptcy Rule 2002(b)(1) (time fixed for filing objections and any hearing to consider approval of a disclosure statement);

7.      Bankruptcy Rule 2002(b)(2) (time fixed for filing objections and any hearing to consider confirmation of a Chapter 11 plan);

8.      Bankruptcy Rule 2002(d) (certain matters for which notice is to be provided to equity security holders);

9.      Bankruptcy Rule 2002(f)(1) (entry of an order for relief);

10.     Bankruptcy Rule 2002(f)(2) (dismissal or conversion of a case to another chapter of the Bankruptcy Code);

11.     Bankruptcy Rule 2002(f)(3) (time allowed for filing claims pursuant to Bankruptcy Rule 3002);

12.     Bankruptcy Rule 2002(f)(6) (waiver, denial or revocation of a discharge as provided in Bankruptcy Rule 4006);

13.     Bankruptcy Rule 2002(f)(7) (entry of an order confirming a Chapter 11 plan); and

14.     Bankruptcy Rule 2002(f)(8) (summary of the trustee's final report and account should a case be converted to Chapter 7 of the Bankruptcy Code).

**S.**      **Serving Adversary Proceedings**.  All pleadings and other Court Filings in any adversary proceeding commenced in the Chapter 11 cases shall be served upon each Affected Entity and any other entities required to be served under any applicable Bankruptcy Rule or Local Rule.

**T.**      **Service of Orders**.  All parties submitting orders shall serve a conformed copy of any entered order on (i) each Affected Entity, (ii) the Notice and Claims Agent and (iii) the Debtors within two (2) business days of entry of the order.  The Debtors shall post all orders on the Case Website.

**U.**      **Right to Request Special Notice Procedures**.  Nothing herein shall prejudice the right of any entity to move the Court to further limit or expand notice of contested matters and adversary proceedings upon a showing of good cause, including without limitation the right to file a motion seeking emergency ex parte relief or relief upon shortened notice.

ny-1013572

**V.**     **Section 342 Notice Requirements**.  Any notice sent by the Debtors or any other party in interest shall be deemed to comply with the requirements set forth in section 342(c)(1) of the Bankruptcy Code so long as the notice contains the information contained in footnote 1 of these Case Management Procedures.

**W.**     Upon the completion of noticing any particular matter, the party seeking relief shall file with the Court within three (3) business days either an affidavit of service or a certification of service attaching the list of parties that received notice; provided, however, that parties shall not be required to serve the affidavits of service on such recipients.

**III.**     **Service by Electronic Mail; Service to Master Service List by First Class Mail**

**A.**     **Service by Electronic Mail**.  All Court Filings shall be electronically served on the Court's Electronic Filing System, other than service of a summons and complaint in an adversary proceeding or documents filed under seal, which shall be deemed to constitute proper service for all parties who are sent such electronic mail service; provided, however, that Court Filings shall be served on the Master Service List by electronic mail and by first class mail.  Subject to the limited exclusions set forth herein, each party that has filed a notice of appearance and a request for service of papers shall be deemed to have consented to electronic service of papers. A party filing a Court Filing that is served on entities via the Court's Electronic Filing System has no further obligation for service of such Rule 2002 Court Filing with respect to such entities to be proper.  Service by e-mail shall be effective as of the date the Court Filing is sent to the e-mail address provided by a party.

**B.**     If a 2002 Notice Request fails to include an e-mail address or a Certification, the Debtors shall forward a copy of these Case Management Procedures to such party within five (5) business days specifically requesting an e-mail address.  If no email address or no Certification is provided in response to such request, such party shall not be added to the 2002 List and shall not be served with copies of Court Filings filed in these cases unless such pleadings and/or documents directly affect such party.

**C.**     All documents served by e-mail shall include access to an attached file containing the entire document, including the proposed form(s) of order and any exhibits, attachments and other relevant materials, in PDF format, readable by Adobe Acrobat or an equivalent program.  Notwithstanding the foregoing, if a document cannot be annexed to an e-mail (because of its size, technical difficulties or otherwise), the Debtors may, in their sole discretion (i) serve the entire document by U.S. Mail or overnight delivery, including the proposed form(s) of order and any exhibits,

attachments and other relevant materials, or (ii) e-mail the parties being served and include a notation that the document cannot be annexed and will be (a) mailed if requested, or (b) posted on the Case Website.

## IV. Hearing Procedures

A.  The initial hearing on all Requests for Relief will be a non-evidentiary hearing, unless: (i) the motions are of a type specified in Rules 9014-2(b), (c), (d) or (e) of the Local Rules; or (ii) the Court otherwise directs in advance of the hearing.  If, upon or after the filing of a motion, any party wishes an evidentiary hearing on a motion not covered under Local Rule 9014-2, such party must confer with all other parties involved to determine whether there is agreement that an evidentiary hearing is appropriate.  In the absence of an ability to agree, the Court will consider requests for an evidentiary hearing by conference call.  Notwithstanding Local Rule 9014-2, the Court may, upon advance request and for cause shown, order that the initial hearing on a motion of the type specified in Rules 9014-2(c), (d) or (e) of the Local Rules will be a non-evidentiary hearing.  Generally, interests of judicial economy and the absence of disputed material issues of fact will collectively suggest that a non-evidentiary hearing is appropriate on motions such to Rules 9014-2(c), (d) or (e) of the Local Rules.

B.  Concurrently with any determination that an evidentiary hearing is necessary or desirable, chambers must be notified with an estimate of expected trial time; parties may be informed that a different return date is necessary if the available time on the requested day is insufficient.  Any motion noticed as an evidentiary hearing must prominently state, just below the return date in the upper right-hand corner, "Evidentiary Hearing Requested."

C.  A Request for Relief may be granted without a hearing provided that, after the passage of the Objection Deadline, the attorney for the entity who has filed the Request for Relief: (i) files a declaration pursuant to 28 U.S.C. § 1746 indicating that no Objection has been filed or served in accordance with the Case Management Procedures; (ii) serves the declaration via e-mail or facsimile upon the Service List and the Affected Entities one (1) business day prior to submission thereof to the Court; and (iii) delivers by U.S. mail, hand delivery or overnight delivery, a package to the Court including (a) the declaration described in subsection (i) above, (b) a disk containing an order granting the Request for Relief and (c) a printed copy of the order (collectively, the "Presentment Package").  Upon receipt of the Presentment Package, the Court may grant the Request for Relief without further submission, hearing or request.  If the Court does not grant the relief, the Request for Relief will be heard at the Omnibus Hearing that is at least seven (7) calendar days after the Presentment Package is received by the Court.

**D.**     Parties seeking a temporary restraining order ("TRO") must comply with the requirements of Fed. R. Civ. P. 65(b).  Applications for TROs will be heard in open court, on the record, with a court reporter or audio recording.  Parties wishing to be heard in opposition will be heard by telephone upon request.  Applicants seeking TROs are reminded of the need to submit with their motion papers the written affidavit required under Fed. R. Civ. P. 65(b) confirming the notice provided to anyone who might wish to oppose the application.  Any assertions that notice cannot or should not be given must likewise be supported by affidavit.

**E.**     Any request for a TRO must be preceded by a telephone call to chambers, advising chambers of the nature of the controversy, the need for emergency relief, why a noticed hearing for a preliminary injunction would be insufficient, when a hearing on the TRO application is needed, and when the papers will be forthcoming.  Except in those rare cases where advance notice of the TRO application would vitiate the purpose of the TRO (and where that can be established by affidavit), immediate telephonic notice of the prospective application must be provided to all parties reasonably expected to be affected by entry of the TRO, or provisions therein.  In addition, the papers on any TRO application must be hand delivered, e-mailed or faxed to any such parties at the same time that the papers are provided to chambers.

## V.     Discovery and Evidence

**A.**     Expedited discovery in contested matters in the Chapter 11 cases is authorized without further Court order.  This authorization is without prejudice to the rights of any party or witness to seek protective order relief if the time to respond or appear, or the burden of the requested discovery, is unreasonable or for other cause shown.  Parties are expected to work informally and cooperatively to effect any necessary discovery, with due recognition of the time exigencies that are typical in bankruptcy litigation.  Document requests by letter, facsimile or e-mail are authorized.

**B.**     For the Chapter 11 cases and any related adversary proceedings, no letter submissions regarding discovery will be accepted.  Parties are required in the first instance to resolve discovery and due diligence disputes by negotiation in good faith and, if necessary, a conference call with the Court without submission of papers.  The Court will make itself available for such calls, but such calls will not be scheduled until and unless the parties have first tried and failed to resolve the disputed matters themselves.  Unless otherwise ordered by the Court, no motion with respect to a discovery or due diligence dispute may be filed unless the parties have first conferred in good faith to resolve it and also sought to resolve the matter by conference call with the Court.

C.     Except as otherwise ordered by the Court for cause shown before the hearing, all direct testimony in contested matters in the Chapter 11 cases, other than duly designated deposition testimony, must be submitted by affidavit, and all cross-examination and subsequent examination will be taken live.  Unless otherwise ordered by the Court, all affidavits and any designated testimony must be submitted to the adversary and the Court no later than three (3) full business days before the hearing.

D.     Notwithstanding the foregoing paragraph, parties may, if they are so advised, introduce the testimony of witnesses who reasonably can be expected not to be cooperative (such as employees or agents of adversaries) by calling them adverse witnesses and taking their testimony on "adverse direct."   The Court will generally regard taking direct testimony "live" as appropriate if, but only if, matters of credibility are important in the particular case, and credibility on direct, as well as after cross-examination, is at issue; the Court will generally regard "live" direct as inappropriate where the bulk of the testimony is historical or involves more than minimal discussion of accounting information or other financial or numerical analysis.   In any instances where direct testimony will proceed "live," the proponent(s) of such testimony will be responsible for so advising chambers in advance and taking such steps (e.g., subpoenas) as are necessary to secure the attendance of any non-cooperating witnesses.

## VI.    Other Case Management Procedures

A.     Nothing in the Procedures Order shall prejudice the rights of any party in interest to seek an amendment or waiver of the provisions of the Case Management Procedures upon a showing of good cause.

B.     The Debtors may seek to amend the Case Management Procedures from time to time throughout the Chapter 11 cases and shall present such amendments to the Court in accordance with the Case Management Procedures.

C.     Within three (3) business days of entry of the Procedures Order, the Notice and Claims Agent shall serve a printed copy of the Procedures Order upon all parties on the Master Service List and post a copy of Case Management Procedures on the Case Website.