MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Larren M. Nashelsky
Gary S. Lee
Lorenzo Marinuzzi

*Proposed Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------ )
In re:                                     )    Case No. 12-
                                           )
RESIDENTIAL CAPITAL, LLC, <u>et al</u>.,         )    Chapter 11
                                           )
                    Debtors.               )    Joint Administration Pending
------------------------------------------------------------------ )

**DEBTORS' MOTION FOR INTERIM AND FINAL ORDERS UNDER BANKRUPTCY
CODE SECTIONS 105(a), 363, 506(a), 507(a)(8), 541 AND 1129 AND BANKRUPTCY
RULE 6003 AUTHORIZING PAYMENT OF TAXES AND REGULATORY FEES**

The debtors and debtors in possession in the above-captioned cases (collectively, the

"Debtors")[1] hereby file this motion (the "Motion") for entry of an interim order (substantially in

the form annexed hereto as <u>Exhibit A</u>, the "Interim Order") and final order (substantially in the

form annexed hereto as <u>Exhibit B</u>, the "Final Order"), under sections 105(a), 363, 506(a),

507(a)(8), 541 and 1129 of title 11 of the United States Code (the "Bankruptcy Code") and Rule

6003 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), (i) authorizing

payment of taxes and related obligations and regulatory fees to certain federal, state, and local

---

[1]    The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit
       1 to the Whitlinger Affidavit (defined below).  Additional subsidiaries and affiliates of the Debtors may file
       Chapter 11 petitions on a rolling basis.  As used herein, the term "Debtors" includes any such entities.

governmental entities (the "Authorities")[2] as well as reimbursement payments to Ally Financial

Inc. ("AFI") for taxes and regulatory fees that AFI pays on the Debtors' behalf, and

(ii) scheduling a final hearing to consider entry of a final order with respect to the relief

requested herein.[3]  In support of the Motion, the Debtors rely upon and incorporate by reference

the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in

Support of Chapter 11 Petitions and First Day Pleadings, filed with the Court concurrently

herewith (the "Whitlinger Affidavit").  In further support of the Motion, the Debtors, by and

through their undersigned counsel, respectfully represent:

## JURISDICTION

1.        This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157

and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this

Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for

the relief requested herein are Bankruptcy Code sections 105(a), 363, 506(a), 507(a)(8), 541 and

1129.  Relief is warranted under Bankruptcy Rule 6003.

## BACKGROUND

2.        On the date hereof (the "Petition Date"), each of the Debtors filed a

voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code.  The Debtors

are managing and operating their businesses as debtors in possession pursuant to Bankruptcy

Code sections 1107(a) and 1108.  No trustee, examiner or statutory creditors' committee has

been appointed in these Chapter 11 cases.

---

[2]     A list of the Taxing Authorities to be paid under this Motion is annexed hereto as <u>Exhibit C</u>.

[3]     Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases or the
relief requested in this Motion may refer to http://www.kccllc.net/rescap for additional information.

ny-1011831

3.      The Debtors are a leading residential real estate finance company indirectly owned by AFI, which is not a Debtor.  The Debtors and their non-debtor affiliates operate the fifth largest servicing business and the tenth largest mortgage origination business in the United States.  A more detailed description of the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these bankruptcy cases, is set forth in the Whitlinger Affidavit.

## RELIEF REQUESTED

4.      By this Motion, the Debtors seek entry of interim and final orders, pursuant to Bankruptcy Code sections 105(a), 363, 506(a), 507(a)(8), 541 and 1129 and Bankruptcy Rule 6003, authorizing them to pay, in their sole discretion but subject to any cash collateral or postpetition financing documents or orders, taxes and related obligations ("Taxes") and regulatory and licensing fees, including licensing fees paid by the Debtors on behalf of their employees ("Regulatory Fees").[4]  The Debtors also seek authority to reimburse AFI for Taxes and Regulatory Fees that AFI pays on their behalf.  Such relief will be without prejudice to the Debtors' rights to contest the amounts of any Taxes and Regulatory Fees on any grounds they deem appropriate.

5.      The Debtors request that, to the extent necessary, the relief sought by this Motion apply to any future debtor (a "Future Debtor") in these jointly-administered cases.  The Debtors propose that an affiliated debtor be deemed to be a Future Debtor upon the Court's entry of an order authorizing the joint administration of such Future Debtor's Chapter 11 case with the Chapter 11 cases of the Debtors.

---

[4]     The obligations to be paid hereunder include, but are not limited to, use taxes, real and personal property taxes, franchise taxes, and regulatory fees.  The relief requested herein shall not prejudice the Debtors' ability to seek further relief as to any additional taxes or regulatory fees relating to prepetition periods that may not be accounted for under this Motion and for which payment is necessary.

ny-1011831

I.    **Payment of Taxes and Regulatory Fees**

6.     Prior to the Petition Date, in the ordinary course of business, the Debtors incurred obligations to the Authorities.[5]  Although as of the Petition Date the Debtors were substantially current in the payment of assessed and undisputed taxes and fees, certain Taxes and Regulatory Fees attributable to the prepetition period were not yet due.  Certain Taxes and Regulatory Fees for the 2011-2012 tax years will not be due and payable until the applicable monthly, quarterly, or annual payment due dates.

7.     As set forth below, the Taxes and Regulatory Fees at issue are appropriate for payment to the extent that they are priority or secured claims that are payable in full or, alternatively, under the trust fund theory or on the basis of administrative convenience.  Further, payment of the Taxes and Regulatory Fees is necessary because the Debtors are continuing as debtors in possession and continuing the operation of their loan origination and servicing businesses.  The Debtors cannot operate their businesses without payment of the Taxes and without the appropriate licenses and renewals of such licenses, which require the payments of Regulatory Fees.

8.     The continued payment of the Taxes and Regulatory Fees when they come due and payable will ultimately preserve the resources and value of the Debtors' estates.  If such obligations are not timely paid, the Debtors will be required to expend time and incur attorneys' fees and other costs to resolve a multitude of issues related to such obligations, each turning on the particular terms of each Authority's applicable laws, including whether (a) the obligations are priority, secured or unsecured in nature, (b) they are proratable or fully prepetition or postpetition, and (c)  penalties, interest, attorneys' fees and costs can continue to accrue on a

---

[5]     A list of the Taxing Authorities to be paid under this Motion is annexed hereto as <u>Exhibit C</u>.

postpetition basis, and, if so, whether such penalties, interest, and attorneys' fees and costs are priority, secured or unsecured in nature.

9.    The Debtors desire to avoid unnecessary disputes with the Authorities— and expenditures of time and money resulting from such disputes—over a myriad of issues that are typically raised by such parties as they attempt to enforce their rights to collect taxes and fees.  Nonpayment or delayed payment of such obligations may also subject the Debtors to efforts by the Authorities, whether or not permissible under the Bankruptcy Code, to revoke the Debtors' licenses and other privileges.

10.    Moreover, certain of the Taxes and Regulatory Fees may be considered to be trust funds that are not included in property of the Debtors' estates, and/or taxes for which the Debtors' officers and directors may be held directly or personally liable in the event of nonpayment.  In such events, collection efforts by the Authorities would provide obvious distractions to the Debtors and their officers and directors in their efforts to bring these Chapter 11 cases to an expeditious conclusion.

11.    Further, payment of the Taxes and Regulatory Fees is unquestionably necessary for the Debtors to continue to operate their businesses in the ordinary course.  The Authorities require the Debtors to obtain, and then renew, business licenses and pay corresponding business license fees and business operating taxes.  The Debtors cannot operate without obtaining the requisite licenses and renewal licenses.

12.    The Taxes and Regulatory Fees intended to be paid under this Motion are currently estimated at approximately $1,250,000 for prepetition amounts,[6] plus postpetition

---

[6]    These amounts include an accrued estimate of Taxes owed by the Debtors in connection with tax audit assessments related to Washington excise tax, New Jersey sales and use tax, and California property tax in the aggregate amount of approximately $200,000 for years covering 2005 - 2012 but not payable until such time

*(cont'd)*

ny-1011831

amounts owed in the ordinary course of business.  Under the Interim Order, the Debtors seek to

pay only those prepetition amounts that are due and payable from the Petition Date through the

date of the final hearing on the Motion.  Of this prepetition amount, (i) approximately

$1,005,000 relates to Taxes, and (ii) approximately $245,000 relates to Regulatory Fees.  If the

Debtors do not renew their licenses, then they may not be liable for all or part of the Regulatory

Fees.  Therefore, the amount eventually paid by the Debtors may be less than the referenced

$1,250,000.  However, out of an abundance of caution, the Debtors seek the relief requested for

payment of the full amount of Regulatory Fees.  A detailed listing of the types of Taxes and

Regulatory Fees owed is set forth in the chart annexed hereto as Exhibit D.

## II.    Reimbursement Payments to AFI

13.    Prior to the Petition Date, in the ordinary course of business, AFI made

certain payments of Taxes and Regulatory Fees on behalf of the Debtors.  The Debtors hereby

seek authority to reimburse AFI for Taxes and Regulatory Fees paid by AFI on the Debtors'

behalf prior to the Petition Date as well as those paid by AFI postpetition because (i) the Debtors

intend for AFI to continue paying certain Taxes and Regulatory Fees under the AFI Corporate

Credit Card program and the Tax Sharing Agreement (both as defined below) during the course

of these Chapter 11 cases, (ii) certain of these payments are postpetition obligations that would

be administrative expense claims, payable in full, and (iii) pursuant to the terms of the Debtors'

debtor in possession financing facility, the Debtors are permitted to make the payments to AFI

only if such payments are approved by the Bankruptcy Court in "first day" or "second day"

orders.[7]

_____
*(cont'd from previous page)*
    the audits are complete, which is targeted for the fourth quarter of 2012.

[7]   See DIP Credit Agreement annexed as Exhibit C to the *Debtors' Motion for Interim and Final Orders Pursuant*
*(cont'd)*

14.     Accordingly, the Debtors seek authority to make the AFI Payments (as defined below) of approximately $3,000,000 related to prepetition amounts, plus postpetition amounts that accrue in the ordinary course of business.

### A.    Credit Card Payments

15.     Certain of the Taxes and Regulatory Fees owed by the Debtors are paid using a corporate credit card issued under an AFI program by PNC Bank (the "Corporate Credit Card").  AFI pays the Corporate Credit Card issuer directly when billed, and the Debtors reimburse AFI for these payments bi-weekly (the "Credit Card Payments").  On average, the Debtors reimburse AFI approximately $71,000 on a bi-weekly basis for the Taxes and Regulatory Fees that were paid on the Corporate Credit Card.

16.     The Debtors believe that they currently do not owe any Credit Card Payments for prepetition obligations.  Prior to the Petition Date, the Debtors had made all Credit Card Payments with respect to amounts that had posted to the Corporate Credit Card account.  It is possible, however, that certain amounts incurred prepetition will be posted to the Corporate Credit Card account postpetition, and the Debtors seek authority to pay such amounts, if any.  Thus, out of an abundance of caution, the Debtors seek authority to pay, on a bi-weekly basis, all prepetition and postpetition amounts that become due and payable in the ordinary course of business.  The Debtors are concerned that, absent this Court's approval of the postpetition Credit Card Payments, AFI may refuse to make the Corporate Credit Card payments on the Debtors'

_____
*(cont'd from previous page)*

*to 11 U.S.C. §§ 105, 362, 363(b)(1), 363(f), 363(m), 364(c)(1), 364(c)(3), 364(d)(1) and 364(e) and Bankruptcy Rules 4001 and 6004 (I) Authorizing the Debtors to (a) Enter Into and Perform Under Receivables Purchase Agreements and Mortgage Loan Purchase and Contribution Agreements Relating to Initial Receivables and Mortgage Loans and Receivables Pooling Agreements Relating to Additional Receivables, and (b) Obtain Postpetition Financing on a Senior Secured, Superpriority Basis, (II) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(b) and 4001(c), and (III) Granting Related Relief, Sections 6.03 and 8.01(o).*

behalf, which could interrupt the Debtors' businesses to the detriment of the Debtors' estates, the borrowers of mortgage loans, and investors.

### B.    Income Tax Payments

17.    In addition, Debtor Residential Capital LLC ("ResCap") is a party to that certain Amended and Restated Agreement for the Allocation of United States Federal Income Taxes, dated as of November 1, 2009 (the "Tax Sharing Agreement"), with GMAC Mortgage Group LLC, a non-debtor wholly-owned subsidiary of AFI, and ResCap Investments LLC, a non-debtor entity,[8] pursuant to which (i) AFI files on behalf of various parties, including the Debtors, consolidated income tax returns that include the Debtors' results of operations, and (ii) the Debtors make quarterly estimated income tax payments to AFI, subject to final settlement and payment within sixty (60) days following the filing of the consolidated income tax return (the "Income Tax Payments," and together with the Credit Card Payments, the "AFI Payments").[9]

18.    The Debtors seek authority to continue making the Income Tax Payments. On average, the Debtors make Income Tax Payments to AFI of approximately $4,600,000 on a quarterly basis under the Tax Sharing Agreement.  The next Income Tax Payment becomes due and payable on June 15, 2012.  Based on historical rates, the Debtors estimate that the prepetition portion of such payment will be approximately $3,000,000 and seek authority by this Motion to

---

[8]    ResCap Investments LLC was wholly owned by GMAC Mortgage Group LLC and was dissolved on July 31, 2011.

[9]    ResCap has been in a taxable loss position since AFI converted to a corporation as of June 30, 2009.  Therefore, absent so-called "excess inclusion income," no Federal or consolidated/combined State tax payments would be required under the Tax Sharing Agreement.  However, since ResCap is a holder of residual (equity) interests in securities of certain real estate mortgage investment conduits ("REMICs"), ResCap's taxable income "shall in no event be less than the excess inclusion income for such taxable year." 26 U.S.C. § 860E(a)(1).  The Income Tax Payments include tax on the estimated "excess inclusion income."

ny-1011831

pay such amounts, plus postpetition amounts that accrue in the ordinary course of business. The Income Tax Payments are joint obligations of AFI and ResCap. The Authorities could demand the income tax payments from either of the parties. Further, certain of the claims by AFI or the Authorities to recover the postpetition Income Tax Payments would be administrative expense claims.

19.     Accordingly, the Debtors seek authority to make the AFI Payments described herein.

## III.     Request for Immediate Relief and Waiver of Stay

20.     Bankruptcy Rule 6003 generally precludes the Court from authorizing certain relief until twenty-one days after the petition is filed, except to the extent necessary to prevent "immediate and irreparable harm." Fed. R. Bankr. P. 6003. The Debtors submit that Bankruptcy Rule 6003 has been satisfied because the concerns raised above demonstrate that the interim relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates. Accordingly, the Debtors request that an order granting the relief requested in this Motion be entered on an interim basis.

21.     To successfully implement the foregoing, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen-day stay under Bankruptcy Rule 6004(h).

## APPLICABLE AUTHORITY

22.     To the extent that the Taxes and Regulatory Fees are priority claims pursuant to Bankruptcy Code section 507(a)(8), or secured claims pursuant to Bankruptcy Code section 506(a), their payment should be authorized on the basis that they are required to be paid in full in any event. Bankruptcy Code section 1129(a)(9)(C) requires that, if the Taxes and Regulatory Fees are deemed priority claims, they be paid through regular installment payments,

over a period not exceeding five years after the Petition Date, of a total value as of the effective

date of the plan equal to the allowed amount of each such claim.  11 U.S.C. § 1129(a)(9)(C).

23.    Moreover, if the Taxes and Regulatory Fees are deemed secured claims,

Bankruptcy Code section 1129(b)(2)(A) requires that they be satisfied through deferred cash

payments totaling at least the allowed amount of each such claim, of a value as of the effective

date of the plan of at least the value of the collateral securing the claim, with a continuation of

the liens against the collateral; or if the collateral is to be sold, that the lien securing the claim

attach to the proceeds of sale; or that the holder realize the indubitable equivalent of the claim.

11 U.S.C. § 1129(b)(2)(A).

24.    Alternatively, payment and reimbursement of the Taxes and Regulatory

Fees is appropriate under the "doctrine of necessity," which is grounded in Bankruptcy Code

section 105(a).  The doctrine of necessity is a well-settled doctrine that permits a bankruptcy

court to authorize payment of certain prepetition claims prior to the completion of the

reorganization process where the payment of such claims is necessary to the reorganization.  See,

e.g., In re Ionosphere Clubs, Inc., 98 B.R. 174, 176 (Bankr. S.D.N.Y. 1989) (doctrine of

necessity "recognizes the existence of the judicial power to authorize a debtor in a reorganization

case to pay pre-petition claims where such payment is essential to the continued operation of the

debtor.")[10]; Mich. Bureau of Workers' Disability Comp. v. Chateaugay Corp. (In re Chateaugay

---

[10]    The Court's power to utilize the doctrine of necessity in Chapter 11 cases derives from the Court's inherent
equity powers and its statutory authority to "issue any order, process, or judgment that is necessary or
appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  The United States Supreme Court first
articulated the doctrine of necessity over a century ago, in Miltenberger v. Logansport Ry. Co., 106 U.S. 286,
309-14 (1882), in affirming the authorization by the lower court of the use of receivership funds to pay pre-
receivership debts owed to employees, vendors and suppliers, among others, when such payments were
necessary to preserve the receivership property and the integrity of the business in receivership.  The modern
application of the doctrine of necessity is largely unchanged from the Court's reasoning in Miltenberger.  See
United States v. Cent. Jersey Indus., Inc. (In re The Lehigh & New England Ry. Co.), 657 F.2d 570, 581-82 (3d
Cir. 1981) ("[I]n order to justify payment under the 'necessity of payment' rule, a real and immediate threat

*(cont'd)*

Corp.), 80 B.R. 279, 285-87 (S.D.N.Y. 1987) (bankruptcy court did not abuse discretion when utilizing equitable powers to pay prepetition debts); In re Just for Feet, Inc., 242 B.R. 821, 826 (D. Del. 1999) (stating that where the debtor "cannot survive" absent payment of certain prepetition claims, the doctrine of necessity should be invoked to permit payment); see also In re NVR L.P., 147 B.R. 126, 127 (Bankr. E.D. Va. 1992) ("[T]he court can permit pre-plan payment of a pre-petition obligation when essential to the continued operation of the debtor.") (citation omitted); In re Eagle-Picher Indus., Inc., 124 B.R. 1021, 1023 (Bankr. S.D. Ohio 1991) ("[T]o justify payment of a pre-petition unsecured creditor, a debtor must show that the payment is necessary to avert a serious threat to the Chapter 11 process.").

25.    The doctrine of necessity is a widely accepted component of modern bankruptcy jurisprudence.  See Just for Feet, 242 B.R. at 826 (approving payment of key inventory suppliers' prepetition claims when such suppliers could destroy debtor's business by refusing to deliver new inventory on eve of debtor's key sales season); In re Payless Cashways, Inc., 268 B.R. 543, 546-47 (Bankr. W.D. Mo. 2001) (authorizing payment of critical prepetition suppliers' claims when such suppliers agree to provide postpetition trade credit); see also In re The Columbia Gas Sys., Inc., 171 B.R. 189, 191-92 (Bankr. D. Del. 1994); In re Ionosphere Clubs, Inc., 98 B.R. at 175.

26.    Without question, the payment and reimbursement of the Taxes and Regulatory Fees is necessary.  The Taxes and Regulatory Fees are ordinary course obligations and absent payment, the Debtors' businesses could be interrupted or even shut down.  Indeed, it is in the best interests of the Debtors' estates that the Taxes and Regulatory Fees be paid on time

_____
*(cont'd from previous page)*
    must exist that failure to pay will place the [debtor's] continued operation . . . in serious jeopardy.").

so as to avoid administrative difficulties.  Delayed payment of the Taxes and Regulatory Fees

may cause the Authorities to take precipitous action, including a marked increase in state audits,

a flurry of lien filings, and significant administrative maneuvering at the expense of the Debtors'

time and resources.  Prompt and regular payment of the prepetition tax and fee obligations will

avoid this unnecessary governmental action.

    27.  Additionally, certain of the Taxes and Regulatory Fees may constitute so-

called "trust fund" taxes, which are required to be collected from third parties and held in trust

for payment to the Authorities.  Such are not considered property of the estates under section

541(d) of the Bankruptcy Code.  Begier v. I.R.S., 496 U.S. 53 (1990) (trust fund taxes are not

property of estate); In re Al Copeland Enters., Inc., 133 B.R. 837 (Bankr. W.D. Tex. 1991), aff'd,

sub nom., A1 Copeland Enters., Inc. v. Texas (In re A1 Copeland Enters., Inc.) 991 F.2d 233

(5th Cir. 1993) (debtor obligated to pay Texas sales taxes plus interest because such taxes were

"trust fund" taxes).  See, e.g., DeChiaro v. New York State Tax Comm'n, 760 F.2d 432, 433-34

(2d Cir. 1985) (sales tax required by state law to be collected by sellers from their customers is

"trust fund" tax); Shank v. Washington State Dep't of Revenue (In re Shank), 792 F.2d 829, 832-

33 (9th Cir. 1986) (sales tax required by state law to be collected by sellers from their customers

is "trust fund" tax); see also Official Comm. of Unsecured Creditors v. Columbia Gas Sys., Inc.

(In re Columbia Gas Sys., Inc.), 997 F.2d 1039 (3d Cir. 1993) (refunds required to be collected

by federal law created trust fund that was not property of the debtor's estate).  Therefore, the

Debtors arguably have no equitable interest at all in certain of the Taxes and Regulatory Fees and

are obligated to pay over the collected amounts.

    28.  Moreover, under the laws of many states, officers and directors may be

held directly or personally liable for the nonpayment of the obligations hereunder.  It is in the

best interests of the Debtors' estates to eliminate the possibility that officers and directors will become subject to time consuming and potentially damaging distractions.

29.     The payment and reimbursement of the Taxes and Regulatory Fees will have a negligible effect on the recoveries of the major creditors in these cases, particularly in view of the priority or secured status of a significant portion of such obligations.  Moreover, the payment amount will likely be offset in no small part by the amount of postpetition resources that will not be required to be expended in disputes with the Authorities.

30.     The relief requested in this Motion is similar to relief granted in other Chapter 11 cases in this district.  See, e.g., In re Eastman Kodak Co., No. 12-10202 (ALG) (Bankr. S.D.N.Y. Jan. 19, 2012) (Docket No. 50); In re Hostess Brands, Inc., No. 12-22052 (RDD) (Bankr. S.D.N.Y. Jan. 13, 2012) (Docket No. 87); In re Sbarro, Inc., No. 11-11527 (SCC) (Bankr. S.D.N.Y. Apr. 5, 2011) (Docket No. 43); In re Borders Group, Inc., No. 11-10614 (MG) (Bankr. S.D.N.Y. Feb. 16, 2011) (Docket No. 58); In re Loehmann's Holdings, Inc., No. 10-16077 (REG) (Bankr. S.D.N.Y. Nov. 15, 2010) (Docket No. 30); In re Blockbuster, Inc., No. 10-14997 (BRL) (Bankr. S.D.N.Y. Sept. 27, 2010) (Docket No. 90); In re Charter Commc'ns, Inc., No. 09-11435 (JMP) (Bankr. S.D.N.Y. Mar. 30, 2009) (Docket No. 60).

31.     The Debtors submit that the present circumstances warrant similar relief in these Chapter 11 cases.

## NOTICE

32.     Notice of this Motion will be given to the following parties, or in lieu thereof, to their counsel:  (a) the Office of the United States Trustee for the Southern District of New York; (b) the office of the United States Attorney General; (c) the office of the New York Attorney General; (d) the office of the United States Attorney for the Southern District of New York; (e) the Internal Revenue Service; (f) the Securities and Exchange Commission; (g) each of

the Debtors' prepetition lenders, or their agents, if applicable; (h) each of the indenture trustees

for the Debtors' outstanding notes issuances; (i) Ally Financial Inc. and its counsel; (j) counsel

for the administrative agent for the Debtors' proposed providers of debtor in possession

financing; (k) Nationstar Mortgage LLC and its counsel; (l) the parties included on the Debtors'

list of fifty (50) largest unsecured creditors; and (m) the Authorities (collectively, the "Initial

Notice Parties").

33.    Within two (2) days after entry of an interim order, the Debtors propose to

serve a copy of the Motion and the interim order upon the Initial Notice Parties.  The Debtors

request that the Court schedule the final hearing on the Motion for a date that is as soon as

practicable, but in no event later than forty-five (45) days following the entry of the interim

order, and establish the date prior to the final hearing for parties to file objections to the Motion.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court: (i) enter an

interim order substantially in the form attached hereto as <u>Exhibit A</u>, granting certain of the relief

sought herein immediately; (ii) enter a final order substantially in the form attached hereto as

14

<u>Exhibit B</u>, granting the relief sought herein on a final basis; and (iii) grant such other and further

relief to the Debtors as the Court may deem just and proper.

Dated:  May 14, 2012
         New York, New York

*/s/*    Larren M. Nashelsky
Larren M. Nashelsky
Gary S. Lee
Lorenzo Marinuzzi
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Proposed Counsel for the Debtors and
Debtors in Possession*

ny-1011831

# **EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------

|                                         |     |                          |
|-----------------------------------------|-----|--------------------------|
| In re:                                  | )   | Case No. 12-             |
|                                         | )   |                          |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,| )   | Chapter 11               |
|                                         | )   |                          |
|                           Debtors.      | )   | Jointly Administered     |
|                                         | )   |                          |

-----------------------------------------------------------------

**INTERIM ORDER UNDER BANKRUPTCY CODE SECTIONS 105(a), 363,**
**506(a), 507(a)(8), 541 AND 1129 AND BANKRUPTCY RULE 6003**
**AUTHORIZING PAYMENT OF TAXES AND REGULATORY FEES**

Upon the motion (the "Motion")[1] of Residential Capital, LLC, and certain of its affiliates,

as debtors and debtors in possession (collectively, the "Debtors") for entry of an order, under

Bankruptcy Code sections 105(a), 363, 506(a), 507(a)(8), 541 and 1129 and Bankruptcy Rule

6003, (i) authorizing the Debtors to pay Taxes and Regulatory Fees to the Authorities as well as

reimburse AFI for Taxes and Regulatory Fees paid on the Debtors' behalf, and (ii) scheduling a

final hearing on the relief requested; and upon the Whitlinger Affidavit; and it appearing that this

Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it

appearing that venue of these Chapter 11 cases and the Motion in this district is proper pursuant

to 28 U.S.C. §§ 1408 and 1409; and it appearing that this proceeding on the Motion is a core

proceeding pursuant to 28 U.S.C. § 157(b); and sufficient notice of the Motion having been

given under the particular circumstances; and it appearing that no other or further notice need be

provided; and it appearing that the relief requested by the Motion is in the best interests of the

Debtors' estates, their creditors, and other parties in interest; and after due deliberation thereon;

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.
Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases or the
relief granted herein may refer to http://www.kccllc.net/rescap for additional information.

and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Motion is GRANTED, on an interim basis, as set forth herein.

2.      The Debtors are authorized, in their discretion, to pay all Taxes and

Regulatory Fees owing to the Authorities, including but not limited to those Authorities listed on

Exhibit C annexed to the Motion, in the ordinary course of their businesses, including, but not

limited to, the payment of Taxes and Regulatory Fees relating to prepetition and postpetition

amounts, as well as any tax audits that have been completed, are in progress or which may

commence in the ordinary course of business, *provided however*, that the Debtors are authorized

but not required to pay only amounts due and payable as of the Petition Date and amounts that

are or become due and payable between the Petition Date the date that a Final Order is entered,

unless otherwise ordered by this Court.

3.      In exercising their discretion, the Debtors may elect to prefer trust fund

taxes or such other Taxes and Regulatory Fees, including taxes as to which their officers and

directors may have personal liability in the event of nonpayment by the Debtors.

4.      The Debtors also are authorized to make the AFI Payments for prepetition

and postpetition amounts that accrue in the ordinary course of business, *provided however*, that

the Debtors are authorized but not required to pay only amounts due and payable as of the

Petition Date and amounts that are or become due and payable between the Petition Date and the

date that a Final Order is entered, unless otherwise ordered by this Court.

5.      All applicable banks and other financial institutions are hereby authorized

and directed to receive, process, honor and pay any and all checks evidencing amounts paid by

the Debtors pursuant to the Motion, whether presented prior to or after the Petition Date.

ny-1011833

6.      To the extent the Debtors have not yet sought to remit payment to the Authorities, the Debtors are authorized, but not directed, to issue checks or provide for other means of payment to the Authorities, to the extent necessary to pay the Taxes and Regulatory Fees, as provided herein.

7.      This Order is without prejudice to the Debtors' rights to contest the amounts of any Taxes and Regulatory Fees on any grounds that they deem appropriate.

8.      Notwithstanding the relief granted herein or any actions take hereunder, nothing contained in this Order shall create any rights in favor of, or enhance the status of any claim held by, any Authority.

9.      All amounts authorized to be paid pursuant to this order are subject to the limitations and restrictions imposed by the Approved DIP Budget (as defined in the DIP Credit Agreement).  To the extent that there is any inconsistency between the terms of this order and the terms of any order relating to postpetition financing or cash collateral, the terms of the orders relating to postpetition financing or cash collateral shall govern.

10.     The final hearing, if required, to consider the Motion and proposed Final Order is scheduled for _____ __, 2012 at __:__ __.m. (prevailing Eastern Time) before the Court.  Any objections or responses to the Motion must be filed with the Clerk of the Bankruptcy Court and served upon and received by the Initial Notice Parties, on or before _____, 2012 at 4:00 p.m. prevailing Eastern Time.  If no objections are filed to the Motion, the Court may enter the proposed Final Order without further notice or hearing.

11.     The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

ny-1011833

12.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

13.     Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates (excluding ResCap and its subsidiaries).

14.     The relief granted by this Order shall apply to any affiliated Future Debtor.

15.     This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated:      New York, New York
            _____, 2012

            _____
            UNITED STATES BANKRUPTCY JUDGE

ny-1011833

# **EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ )
                                                             )
In re:                                                       )    Case No. 12-
                                                             )
RESIDENTIAL CAPITAL, LLC, et al.,                            )    Chapter 11
                                                             )
                                    Debtors.                 )    Jointly Administered
                                                             )
------------------------------------------------------------ )

### FINAL ORDER UNDER BANKRUPTCY CODE SECTIONS 105(a), 363, 506(a), 507(a)(8), 541 AND 1129 AND BANKRUPTCY RULE 6003 AUTHORIZING PAYMENT OF TAXES AND REGULATORY FEES

Upon the motion (the "Motion")[1] of Residential Capital, LLC, and certain of its affiliates,

as debtors and debtors in possession (collectively, the "Debtors") for entry of an order, under

Bankruptcy Code sections 105(a), 363, 506(a), 507(a)(8), 541 and 1129 and Bankruptcy Rule

6003, authorizing the Debtors to pay Taxes and Regulatory Fees to the Authorities as well as

reimburse AFI for Taxes and Regulatory Fees paid on the Debtors' behalf; and upon the

Whitlinger Affidavit; and it appearing that this Court has jurisdiction to consider the Motion

pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these Chapter 11 cases

and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing

that this proceeding on the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and

sufficient notice of the Motion having been given under the particular circumstances; and it

appearing that no other or further notice need be provided; and upon the record of the Final

Hearing; and it appearing that the relief requested by the Motion is in the best interests of the

Debtors' estates, their creditors, and other parties in interest; and after due deliberation thereon;

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion. Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases or the relief granted herein may refer to http://www.kccllc.net/rescap for additional information.

and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      The Debtors are authorized, in their discretion, to pay all Taxes and Regulatory Fees owing to the Authorities, including but not limited to those Authorities listed on Exhibit C annexed to the Motion, in the ordinary course of their businesses, including, but not limited to, the payment of Taxes and Regulatory Fees relating to prepetition and postpetition amounts, as well as any tax audits that have been completed, are in progress or which may commence in the ordinary course of business.

3.      In exercising their discretion, the Debtors may elect to prefer trust fund taxes or such other Taxes and Regulatory Fees, including taxes as to which their officers and directors may have personal liability in the event of nonpayment by the Debtors.

4.      The Debtors also are authorized to make the AFI Payments for prepetition and postpetition amounts that accrue in the ordinary course of business.

5.      All applicable banks and other financial institutions are hereby authorized and directed to receive, process, honor and pay any and all checks evidencing amounts paid by the Debtors pursuant to the Motion, whether presented prior to or after the Petition Date.

6.      To the extent the Debtors have not yet sought to remit payment to the Authorities, the Debtors are authorized, but not directed, to issue checks or provide for other means of payment to the Authorities, to the extent necessary to pay the Taxes and Regulatory Fees.

7.      This Order is without prejudice to the Debtors' rights to contest the amounts of any Taxes and Regulatory Fees on any grounds that they deem appropriate.

8.      Notwithstanding the relief granted herein or any actions take hereunder, nothing contained in this Order shall create any rights in favor of, or enhance the status of any claim held by, any Authority.

9.      All amounts authorized to be paid pursuant to this order are subject to the limitations and restrictions imposed by the Approved DIP Budget (as defined in the DIP Credit Agreement).  To the extent that there is any inconsistency between the terms of this order and the terms of any order relating to postpetition financing or cash collateral, the terms of the orders relating to postpetition financing or cash collateral shall govern.

10.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

11.     Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates (excluding ResCap and its subsidiaries).

12.     The relief granted by this Order shall apply to any affiliated Future Debtor.

ny-1040421

13.     This Court shall retain jurisdiction with respect to all matters relating to

the interpretation or implementation of this Order.

Dated:          New York, New York
                _____, 2012


                                        _____
                                        UNITED STATES BANKRUPTCY JUDGE

4

# EXHIBIT C

| Taxing Authority Name | Address 1 | City | State | Zip | Country |
|---|---|---|---|---|---|
| ALBAMA DEPARTMENT OF REVENUE | PO BOX 327320 | MONTGOMERY | AL | 36132-7320 | US |
| CALIFORNIA FRANCHISE TAX BOARD | PO BOX 942857 | SACRAMENTO | CA | 94257-0631 | US |
| STATE OF CONNECTICUT | 25 SIGOURNEY STREET, SUITE 2 | HARTFORD | CT | 06106 | US |
| COUNTY OF ORANGE | PO BOX 1438 | SANTA ANA | CA | 92702-1438 | US |
| TOWN OF WEST HARTFORD | LOCKBOX #411, PO BOX 5047 | NEW BRITAIN | CT | 06050-5047 | US |
| STATE OF MARYLAND | 301 WEST PRESTON STREET, ROOM 801 | BALTIMORE | MD | 21201-2395 | US |
| DENTON COUNTY TAX ASSESSOR-COLLECTOR | PO BOX 90223 | DENTON | TX | 76202 | US |
| DALLAS COUNTY TAX ASSESSOR-COLLECTOR | JOHN R. AMES, CTA, PO BOX 139066 | DALLAS | TX | 75313-9066 | US |
| LOS ANGELES COUNTY TAX COLLECTOR | PO BOX 54027 | LOS ANGELES | CA | 90054-0027 | US |
| GREGORY F.X. DALY COLLECTOR OF REVENUE | PO BOX 66877 | ST. LOUIS | MO | 63166-6877 | US |
| SONOMA COUNTY TAX COLLECTOR | 585 FISCAL DRIVE, ROOM 100F | SANTA ROSA | CA | 95403 | US |
| COMMONWEALTH OF PA | PO BOX 280905 | HARRISBURG | PA | 17128-0905 | US |
| COMPTROLLER OF PUBLIC ACCOUNTS | PO BOX 13528, CAPITOL STATION | AUSTIN | TX | 78711-3528 | US |
| BLACK HAWK COUNTY TREASURER | 316 EAST FIFTH STREET | WATERLOO | LA | 50703 | US |
| HENNEPIN COUNTY TREASURER | A-600 GOVERNMENT CENTER | MINNEAPOLIS | MN | 55487-0060 | US |
| VERMONT DEPARTMENT OF TAXES | PO BOX 1779 | MONTPELIER | VT | 05601-1779 | US |
| PENNSYLVANIA DEPARTMENT OF REVENUE | PO BOX 280425 | HARRISBURG | PA | 17128-0425 | US |
| RHODE ISLAND DIVISION OF TAXATION | ONE CAPITOL HILL | PROVIDENCE | RI | 02908 | US |
| WASHINGTON STATE DEPARTMENT OF REVENUE | PO BOX 34051 | SEATTLE | WA | 98124-1052 | US |
| DEPARTMENT OF INSURANCE | 201 MONROE STREET, SUITE 1700 | MONTGOMERY | AL | 36104 | US |
| DEPARTMENT OF INSURANCE | 841 SILVER LAKE BOULEVARD | DOVER | DE | 19904 | US |
| DEPARTMENT OF INSURANCE | TWO MARTIN LUTHER KING, JR. DRIVE WEST TOWER, SUITE 704 | ATLANTA | GA | 30334 | US |
| DEPARTMENT OF FINANCIAL INSTITUTIONS | 30 SOUTH MERIDIAN STREET, SUITE 300 | INDIANAPOLIS | IN | 46204 | US |
| DEPARTMENT OF INSURANCE | 311 WEST WASHINGTON STREET, SUITE 300 | INDIANAPOLIS | IN | 46204-2787 | US |
| DEPARTMENT OF INSURANCE | 215 WEST MAIN STREET | FRANKFORT | KY | 40601 | US |
| OFFICE OF FINANCIAL INSTITUTIONS | 8660 UNITED PLAZA BOULEVARD, 2ND FLOOR | BATON ROUGE | LA | 70809-7024 | US |
| DEPARTMENT OF INSURANCE | 301 WEST HIGH STREET | JEFFERSON CITY | MO | 65102 | US |
| DEPARTMENT OF INSURANCE | 840 HELENA AVENUE | HELENA | MT | 59601 | US |
| DEPARTMENT OF INSURANCE | 941 "O" STREET, SUITE 400 TERMINAL BUILDING 941 "O" STREET, SUITE 400 | LINCOLN | NE | 68508-3639 | US |
| DEPARTMENT OF INSURANCE | 21 SOUTH FRUIT STREET, SUITE 14 | CONCORD | NH | 03301 | US |
| DIVISION OF CORPORATIONS | ONE COMMERCE PLAZA, 99 WASHINGTON AVE., SUITE 600 | ALBANY | NY | 12231-0001 | US |
| DEPARTMENT OF INSURANCE | ONE COMMERCE PLAZA | ALBANY | NY | 12257 | US |

| Taxing Authority Name | Address 1 | City | State | Zip | Country |
|---|---|---|---|---|---|
| DEPARTMENT OF BANKING | 17 N SECOND STREET, SUITE 1300 | HARRISBURG | PA | 17101-2290 | US |
| DEPARTMENT OF INSURANCE | 300 ARBOR LAKE DRIVE, SUITE 1200 | COLUMBIA | SC | 29202-3105 | US |
| DIVISION OF BANKING | 217 1/2 WEST MISSOURI AVENUE | PIERRE | SD | 57501-4590 | US |
| DEPARTMENT OF FINANCIAL INSTITUTIONS | 414 UNION STREET, SUITE 1000 | NASHVILLE | TN | 37219 | US |
| DEPARTMENT OF INSURANCE | 333 GUADALAPE | AUSTIN | TX | 78701 | US |
| DEPARTMENT OF COMMERCE | 160 EAST 300 SOUTH, 2ND FLOOR | SALT LAKE CITY | UT | 84111 | US |
| DEPARTMENT OF FINANCIAL INSTITUTIONS | 324 SOUTH STATE STREET, SUITE 201 | SALT LAKE CITY | UT | 84111 | US |
| COMMISSIONER OF INSURANCE | 5000 CAPITOL BLVD. | TUMWATER | WA | 98501 | US |
| DIVISION OF BANKING | ONE PLAYERS CLUB DRIVE, SUITE 300 | CHARLESTON | WV | 25311-1638 | US |
| INSURANCE COMMISSIONER | 1124 SMITH STREET, ROOM 402 | CHARLESTON | WV | 25305-0541 | US |
| DEPARTMENT OF FINANCIAL INSTITUTIONS | 345 WEST WASHINGTON AVENUE, 3RD FLOOR | MADISON | WI | 53703 | US |
| DEPARTMENT OF REVENUE | 50 NORTH RIPLEY STREET | MONTGOMERY | AL | 36104 | US |
| AK DEPARTMENT OF COMMERCE, COMMUNITY & ECONOMIC DEVELOPMENT | 550 WEST SEVENTH AVENUE, SUITE 1850 | ANCHORAGE | AK | 99501 | US |
| AK DIVISION OF CORPORATIONS, BUSINESS & PROFESSIONAL LICENSING | 333 W. WILLOUGHBY AVE. | JUNEAU | AK | 99801-1770 | US |
| ARIZONA CORPORATION COMMISSION - CORPORATIONS DIVISION | 1300 WEST WASHINGTON ST., 1ST FLOOR | PHOENIX | AZ | 85007-2929 | US |
| SECRETARY OF STATE - BUSINESS/COMMERCIAL SERVICES | 1401 WEST CAPITOL, SUITE 250 | LITTLE ROCK | AR | 72201 | US |
| STATE BOARD OF EQUALIZATION | P.O. BOX 942879 | SACRAMENTO | CA | 94279-6001 | US |
| CALIFORNIA SECRETARY OF STATE | 1500 11TH STREET | SACRAMENTO | CA | 95814 | US |
| CALIFORNIA DEPARTMENT OF CORPORATIONS FSD | 320 WEST FOURTH STREET, SUITE 750 | LOS ANGELES | CA | 90013 | US |
| SECRETARY OF STATE | 1700 BROADWAY SUITE 200 | DENVER | CO | 80290 | US |
| DEPARTMENT OF REVENUE SERVICES | 25 SIGOURNEY STREET HARTFORD, CT 06106-5032 | HARTFORD | CT | 06106-5032 | US |
| CONNECTICUT SECRETARY OF STATE | 30 TRINITY STREET | HARTFORD | CT | 06115-0470 | US |
| DELAWARE OFFICE OF THE STATE BANK COMMISSIONER | 555 EAST LOOCKERMAN STREET, SUITE 210 | DOVER | DE | 19901 | US |
| DIVISION OF CORPORATIONS | JOHN G. TOWNSEND BLDG. 401 FEDERAL ST. - STE. 4 | DOVER | DE | 19901 | US |
| DIVISION OF REVENUE - KENT COUNTY | THOMAS COLLINS BUILDING 540 S. DUPONT HIGHWAY | DOVER | DE | 19901 | US |
| DIVISION OF REVENUE - NEW CASTLE COUNTY | CARVEL STATE OFFICE BUILDING 820 NORTH FRENCH STREET | WILMINGTON | DE | 19801 | US |
| DIVISION OF REVENUE - SUSSEX COUNTY | 422 N. DUPONT HIGHWAY | GEORGETOWN | DE | 19947 | US |

Note:  The list does not include taxing authorities related to REOs and foreclosures,          2 of 5

| Taxing Authority Name | Address 1 | City | State | Zip | Country |
|---|---|---|---|---|---|
| DC DEPARTMENT OF CONSUMER & REGULATORY AFFAIRS | 941 NORTH CAPITOL STREET, NE | WASHINGTON | DC | 20002 | US |
| OFFICE OF THE SECRETARY GOV'T OF THE DISTRICT OF COLUMBIA | 1350 PENNSYLVANIA AVE. NW, STE. 419 | WASHINGTON | DC | 2004 | US |
| FLORIDA DEPARTMENT OF STATE | PO BOX 6327 DIVISION OF CORPORATIONS CORPORATE FILINGS P.O. BOX 6327 | TALLAHASSEE | FL | 32314 | US |
| SECRETARY OF STATE | 315 WEST TOWER, 2 MLK, JR. DRIVE | ATLANTA | GA | 30334-1530 | US |
| DEPARTMENT OF COMMERCE & CONSUMER AFFAIRS (DFI) | 335 MERCHANT STREET, ROOM 221 | HONOLULU | HI | 96813 | US |
| SECRETARY OF STATE | 450 NORTH 4TH STREET | BOISE | ID | 83720-0080 | US |
| SECRETARY OF STATE | 501 S. 2ND ST., RM. 328 | SPRINGFIELD | IL | 62756 | US |
| DEPARTMENT OF FINANCIAL & PROFESSIONAL REGULATION | 122 S MICHIGAN AVENUE, SUITE 1900 | CHICAGO | IL | 60603 | US |
| SECRETARY OF STATE | 302 W. WASHINGTON STREET, ROOM E011 | INDIANAPOLIS | IN | 46204 | US |
| SECRETARY OF STATE | 321 EAST 12TH STREET, 1ST FLOOR, LUCAS BUILDING | DES MOINES | IA | 50319 | US |
| SECRETARY OF STATE | MEMORIAL HALL, 1ST FLOOR, 120 SW 10TH AVENUE | TOPEKA | KS | 66612-1594 | US |
| SECRETARY OF STATE | 700 CAPTIAL AVENUE, SUITE 154 | FRANKFORT | KY | 40601 | US |
| SECRETARY OF STATE | 8585 ARCHIVES AVE. | BATON ROUGE | LA | 70809 | US |
| SECRETARY OF STATE | 101 STATE HOUSE STATION | AUGUSTA | ME | 04333-0101 | US |
| DEPARTMENT OF ASSESSMENTS & TAXATION | 301 WEST PRESTON STREET | BALTIMORE | MD | 21201-5941 | US |
| SECRETARY OF THE COMMONWEALTH | ONE ASHBURTON PLACE, ROOM 1717 | BOSTON | MA | 02108-1512 | US |
| COMMERCIAL SERVICES & CORPORATIONS | PO BOX 30054 | LANSING | MI | 48909 | US |
| SECRETARY OF STATE | 180 STATE OFFICE BUILDING 100 REV. DR. MARTIN LUTHER KING JR. BLVD | ST. PAUL | MN | 55155 | US |
| SECRETARY OF STATE | 700 NORTH ST | JACKSON | MS | 39202 | US |
| MISSOURI DIVISION OF FINANCE | 301 W. HIGH STREET, RM 630, PO BOX 716 | JEFFERSON CITY | MI | 65102 | US |
| SECRETARY OF STATE | 600 W. MAIN ST., MO STATE INFO CENTER, RM 322 | JEFFERSON CITY | MO | 65101 | US |
| SECRETARY OF STATE | 1301 E. 6TH AVENUE, STATE CAPITOL BLDG | HELENA | MT | 59601 | US |
| SECRETARY OF STATE | 1445 K ST # 2300 | LINCOLN | NE | 68508 | US |
| NV SECRETARY OF STATE | 101 NORTH CARSON STREET, SUITE 3 | CARSON CITY | NV | 89701 | US |

| Taxing Authority Name | Address 1 | City | State | Zip | Country |
|---|---|---|---|---|---|
| CLARK COUNTY DEPARTMENT OF BUSINESS LICENSE | 500 SOUTH GRAND CENTRAL PARKWAY 3RD FLOOR P.O. BOX 551810 | LAS VEGAS | NV | 89155-1810 | US |
| NV DIVISION OF FINANCIAL INSTITUTIONS (COLLECTION LICENSING) | 1179 FAIRVIEW DRIVE | CARSON CITY | NV | 89701 | US |
| NEVADA LEGAL NEWS | 930 SOUTH FOURTH STREET, SUITE 100 | LAS VEGAS | NV | 89101-6845 | US |
| NEW HAMPSHIRE DEPARTMENT OF STATE | 107 NORTH MAIN STREET | CONCORD | NH | 03301-4989 | US |
| NEW JERSEY DEPARTMENT OF STATE | PO BOX 001, STATE HOUSE, 2ND FLOOR | TRENTON | NJ | 08625-001 | US |
| PUBLIC REGULATION COMMISSION | 1120 PASEO DE PERALTA | SANTA FE | NM | 87501 | US |
| DEPARTMENT OF STATE | 99 WASHINGTON AVENUE | ALBANY | NY | 12231-0002 | US |
| DIVISION OF CORPORATIONS | ONE COMMERCE PLAZA, 99 WASHINGTON AVE., SUITE 600 | ALBANY | NY | 12231-0001 | US |
| SECRETARY OF STATE | 2 SOUTH SALISBURY STREET | RALEIGH | NC | 27601-2903 | US |
| SECRETARY OF STATE | 600 E. BOULEVARD AVE. DEPT 108, 1ST FLOOR | BISMARCK | ND | 58505-0500 | US |
| SECRETARY OF STATE | 180 EAST BROAD STREET, RHODES TOWER | COLUMBUS | OH | 43215 | US |
| SECRETARY OF STATE | 2300 N. LINCOLN BLVD., ROOM 101 | OKLAHOMA CITY | OK | 73105-4897 | US |
| SECRETARY OF STATE | 255 CAPITOL ST. NE, SUITE 151 | SALEM | OR | 97310-1327 | US |
| DEPARTMENT OF BANKING | 17 N SECOND STREET, SUITE 1300 | HARRISBURG | PA | 17101-2290 | US |
| DEPARTMENT OF STATE | NORTH OFFICE BUILDING | HARRISBURG | PA | 17120 | US |
| PUERTO RICO DEPARTMENT OF STATE | P.O. BOX 9023271 | SAN JUAN | | 00902-3271 | US |
| SECRETARY OF STATE | 148 W. RIVER STREET | PROVIDENCE | RI | 02904-2615 | US |
| SECRETARY OF STATE | EDGAR BROWN BUILDING, 1205 PENDLETON ST., STE. 525 | COLUMBIA | SC | 29201 | US |
| SECRETARY OF STATE | CAPITOL BUILDING, 500 EAST CAPITOL AVE., STE. 204 | PIERRE | SD | 57501-5070 | US |
| TN SECRETARY OF STATE | 312 8TH AVE. NORTH 6TH FLOOR, WILLIAM R , SNODGRASS TOWER | NASHVILLE | TN | 37243 | US |
| COMPTROLLER OF PUBLIC ACCOUNTS | POST OFFICE BOX 13528, CAPITOL STATION | AUSTIN | TX | 78711-3528 | US |
| SECRETARY OF STATE | 1019 BRAZOS ST | AUSTIN | TX | 78701 | US |
| DIVISION OF REAL ESTATE | 160 EAST 300 SOUTH, 2ND FLOOR | SALT LAKE CITY | UT | 84111 | US |
| DEPARTMENT OF COMMERCE | 160 EAST 300 SOUTH, 2ND FLOOR | SALT LAKE CITY | UT | 84111 | US |
| SECRETARY OF STATE | REDSTONE BUILDING, 26 TERRACE STREET, DRAWER 09 | MONTPELIER | VT | 05609-1104 | US |
| SECRETARY OF STATE | 1111 EAST BROAD STREET, 4TH FLOOR | RICHMOND | VA | 23219 | US |

| Taxing Authority Name | Address 1 | City | State | Zip | Country |
|---|---|---|---|---|---|
| COUNTY OF HENRICO, VIRGINIA | PO BOX 90775 | HENRICO | VA | 23273-0775 | US |
| VA STATE CORPORATION COMMISSION (OOTC) | 1300 E. MAIN ST., 1ST FLOOR | RICHMOND | VA | 23219 | US |
| SECRETARY OF STATE | 801 CAPITOL WAY SO | OLYMPIA | WA | 98501 | US |
| DEPARTMENT OF LICENSING (LLC) | 405 BLACK LAKE BLVD SW BLDG 2 | OLYMPIA | WA | 98502 | US |
| SECRETARY OF STATE | BLDG. 1, SUITE 157-K, 1900 KANAWHA BLVD. EAST | CHARLESTON | WV | 25305-0770 | US |
| WEST VIRGINIA STATE TAX DEPARTMENT | PO BOX 2666 | CHARLESTON | WV | 25330-2666 | US |
| DEPARTMENT OF REVENUE | 2135 RIMROCK ROAD | MADISON | WI | 53713 | US |
| SECRETARY OF STATE | 30 W. MIFFLIN, 10TH FLOOR | MADISON | WI | 53703 | US |
| DEPARTMENT OF FINANCIAL INSTITUTIONS | 345 WEST WASHINGTON AVENUE, 3RD FLOOR | MADISON | WI | 53703 | US |
| WY SECRETARY OF STATE | STATE CAPITOL BUILDING, RM. 110, 200 WEST 24TH STREET | CHEYENNE | WY | 82002-0020 | US |

# **EXHIBIT D**

**Data as of: May 3, 2012**

# Prepetition Summary - Non-Income Taxes and Fees (by Filing Type)

| Prepetition Payment Amounts | | |
|---|---|---|
| **Type** | **Total** | **Explanation** |
| Business Privilege | $75 | A |
| Franchise | $167,082 | B |
| Gross Receipts | $18,503 | C |
| LLC Annual Fee | $0 | D |
| Minimum Fee | $0 | E |
| Net Worth | $281 | F |
| Personal Property Tax | $114,351 | G |
| Sales & Use | $2,032 | H |
| Real Estate Tax - Corp Properties | $404,527 | I |
| Tax Audit Fees | $283,732 | J |
| Premium | $13,512 | K |
| **Totals** | **$1,004,095** | |

Note:  The above does not include taxes and fees related to REOs and foreclosure procedures.

Explanation of Types of Non-Income Taxes and Fees
A. Business Privilege - registration fee for the right to do business in the state of Alabama (based on net worth
   of $100 to $15,000 maximum).
B. Franchise Tax - charged by a state to entities incorporating or doing business in a state, based on net worth,
   capital stock, assets, capital or property, depending on the state.
C. Gross Receipts - payment made by entities based on prior period sales.
D. LLC Annual Fee - payment made by entities registered to do business in the state of California.
E. Minimum Fee - payment for the right to do business in multiple states.
F. Net Worth Fee - payment based on the organization's net worth (owed to the State of Connecticut).
G. Personal Property Tax - payment to a jurisdiction on property which is movable and is not affixed to or associated
   with the land, including equipment, office furniture, cars/trucks purchased and used by the entity (i.e. basically
   everything that is movable).
H. Sales and Use Tax - excise tax imposed on entities as a result of the purchase of property in a jurisdiction for
   use in another jurisdiction.
I. Real Estate Tax - based on property in Black Hawk county (Iowa) and Hennepin county (Minnesota).
J. Tax Audit Fees - assessment of a civil penalty for 2008 for missing/incorrect EINs on mostly the mortgage
   interest Form 1098s.
K. Premium Tax - owed to the Vermont Department of Taxes.

**Data as of: May 3, 2012**

# Prepetition Summary - Licensing Fees (by Entity Type)

| Prepetition Payment Amounts | |
|---|---|
| **Type** | **Total** |
| GMAC Mortgage, LLC Total | $222,093 |
| Residential Consumer Services, LLC Total | $0 |
| Executive Trustee Services, LLC Total | $1,866 |
| Residential Funding Company, LLC Total | $1,200 |
| All Other | $0 |
| State Examinations | $18,788 |
| **Totals** | **$243,947** |

Note: The above does not include fees related to REOs and foreclosure procedures.