MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Larren M. Nashelsky
Gary S. Lee
Lorenzo Marinuzzi

*Proposed Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------------

| | |
|---|---|
| In re: | Case No. 12- |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | Chapter 11 |
| Debtors. | Joint Administration Pending |

------------------------------------------------------------------------------

**DEBTORS' MOTION FOR ORDER UNDER BANKRUPTCY CODE SECTIONS**
**105(a) AND 107(b) AND BANKRUPTCY RULE 9018 (I) AUTHORIZING**
**THE DEBTORS TO FILE UNDER SEAL CONFIDENTIAL EXHIBIT TO THE**
**GOVERNMENTAL ASSOCIATION SERVICING MOTION AND**
**<u>(II) LIMITING NOTICE THEREOF</u>**

The debtors and debtors in possession in the above captioned cases (collectively, the "Debtors")[1] hereby file this motion (the "Motion")[2] for entry of an order, under sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) authorizing the

---

[1]  The names of the Debtors in these cases and their respective tax identification numbers are identified on <u>Exhibit 1</u> to the Whitlinger Affidavit (defined below).  Additional subsidiaries and affiliates of the Debtors may file Chapter 11 petitions on a rolling basis.  As used herein, the term "Debtors" includes any such entities.

[2]  Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases or the relief requested in this Motion may refer to http://www.kccllc.net/rescap for additional information.

ny-1040637

Debtors to file under seal a confidential exhibit to the Debtors' Governmental Association Servicing Motion[3] and (ii) limiting the notice thereof. In support of the Motion, the Debtors rely upon and incorporate by reference the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings, filed with the Court concurrently herewith (the "Whitlinger Affidavit"). In further support of the Motion, the Debtors, by and through their undersigned counsel, respectfully represent:

## JURISDICTION

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are Bankruptcy Code sections 105(a) and 107(b) and Bankruptcy Rule 9018.

## BACKGROUND

2. On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code. The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No trustee, examiner or statutory creditors' committee has been appointed in these Chapter 11 cases.

---

[3] The "Governmental Association Servicing Motion" refers to the Debtors' Motion for Interim and Final Orders Under Sections 105(a), 361, 362, 363, 1107(a), and 1108 of the Bankruptcy Code (i) Authorizing the Debtors to Continue in the Ordinary Course of Business (A) Servicing Governmental Association Loans and (B) Foreclosure Activities Related to Certain Real Estate Owned by Fannie Mae, Freddie Mac, and Ginnie Mae; (ii) Authorizing the Debtors to Pay Certain Prepetition Amounts Due to Critical Servicing Vendors and Foreclosure Professionals; (iii) Granting Limited Stay Relief to Enable Borrowers to Assert Related Counter-Claims in Foreclosure and Eviction Proceedings; (iv) Authorizing the Debtors to Use Cash Collateral Under the Fannie Mae EAF Facility; and (v) Granting Related Relief, which was filed contemporaneously herewith. Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Governmental Association Servicing Motion.

3. The Debtors are a leading residential real estate finance company indirectly owned by Ally Financial Inc., which is not a Debtor. The Debtors and their non-debtor affiliates operate the fifth largest servicing business and the tenth largest mortgage origination business in the United States. A more detailed description of the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these bankruptcy cases, is set forth in the Whitlinger Affidavit.

## THE MOTION REQUESTING AUTHORITY TO CONTINUE SERVICING GOVERNMENTAL ASSOCIATION LOANS IN THE ORDINARY COURSE OF BUSINESS

4. As described in more detail in the Governmental Association Servicing Motion, the Debtors have sought authority to operate all components of their businesses integral to the servicing of mortgage loans owned, guaranteed or insured by the Governmental Associations in the ordinary course of business pending the closing of the Platform Sale.

5. Prepetition, and as set forth at length in the Governmental Association Servicing Motion, the Debtors may have been required by Freddie Mac,[4] pursuant to certain contractual terms of business, to transfer to other servicers the servicing relating to Freddie Mac Loans that failed to meet negotiated servicing standards or benchmarks. Subsequent to the Petition Date, as described more fully in the Governmental Association Servicing Motion, the Debtors have agreed, subject to Court approval, to transfer servicing rights to one or more third-party servicers designated by Freddie Mac with respect to certain Freddie Mac Loans should the Debtors fail to satisfy one or more performance metrics (the "Metrics") set forth in <u>Exhibit D</u> to the Governmental Association Servicing Motion (the "Metrics Exhibit").

---

[4] As used herein, "Freddie Mac" means the Federal Home Loan Mortgage Corporation.

**RELIEF REQUESTED**

6.  By this Motion, the Debtors seek entry of an order authorizing them to file the Metrics Exhibit under seal in accordance with sections 105(a) and 107(b) of the Bankruptcy Code and directing that the Metrics Exhibit shall remain under seal and confidential. The Debtors further request that the Court (i) restrict access to the Metrics Exhibit to (a) the Office of the United States Trustee for the Southern District of New York on a confidential basis and (b) any other party as may be ordered by the Court or agreed to by the Debtors and Freddie Mac, under appropriate confidentiality agreements reasonably satisfactory to Freddie Mac (collectively, the "Limited Notice Parties"); and (ii) determine that service of the Governmental Association Servicing Motion shall be sufficient without transmittal of the Metrics Exhibit.

7.  The Debtors request that, to the extent necessary, the relief sought by this Motion apply to any future debtor (a "Future Debtor") in these jointly-administered cases. The Debtors propose that an affiliated debtor be deemed to be a Future Debtor upon the Court's entry of an order authorizing the joint administration of such Future Debtor's Chapter 11 case with the Chapter 11 cases of the Debtors.

**APPLICABLE AUTHORITY**

8.  Section 105(a) of the Bankruptcy Code codifies the bankruptcy court's inherent equitable powers and authorizes it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

9.  In addition, Bankruptcy Code section 107(b) authorizes courts to issue orders that will protect entities from the potential harm that may result from the disclosure of certain confidential information:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—

ny-1040637

4

> (1) protect an entity with respect to a trade secret or
> confidential research, development, or commercial
> information . . . .

11 U.S.C. § 107(b).

10.     Bankruptcy Rule 9018 further defines the procedures by which a party may move for relief under Bankruptcy Code section 107(b):

> On motion or its own initiative, with or without notice, the court
> may make any order which justice requires (1) to protect the estate
> or any entity in respect of a trade secret or other confidential
> research, development, or commercial information . . . .

Fed. R. Bankr. P. 9018.  The purpose of Bankruptcy Rule 9018 "is to protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury."  In re Global Crossing Ltd., 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003).

11.     Once a court determines that a party-in-interest is seeking protection of information that falls within one of the categories enumerated in section 107(b) of the Bankruptcy Code, "the court is *required* to protect a requesting interested party and has no discretion to deny the application."  Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Corp.), 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original) (affirming bankruptcy court's order to seal licensing agreement because release of any information pertaining to agreement's overall structure or terms and conditions would adversely affect movant's ability to negotiate favorable promotional agreements).  The party seeking protection need only show that the information sought to be sealed is "confidential" and "commercial."  Id.  Commercial information has been held to include information that would create an unfair advantage for competitors.  Id.  Indeed, the scope of "commercial information" is broad, and it need not rise to the level of a trade secret to be protected under Bankruptcy Code section 107(b).  Id. at 28; see also In re Barney's, Inc., 201 B.R. 703, 708-09 (Bankr. S.D.N.Y. 1996) (acknowledging that

courts "seal documentary information filed in court that does not rise to the level of a trade secret but that is so critical to the operations of the entity seeking the protective order that its disclosure will unfairly benefit that entity's competitors").

12. Cause exists to seal the Metrics Exhibit and limit access thereto to the Limited Notice Parties. The Metrics Exhibit contains confidential information, including highly sensitive and proprietary confidential terms and other information governing the Debtors' relationship with Freddie Mac, as well as Freddie Mac's business operations, which would be damaging to such parties if disclosed to competitors or otherwise made publicly available. More specifically, the Metrics are particularly sensitive to both Freddie Mac and the Debtors because they establish benchmarks by which the Debtors' servicing performance will be measured. Such information, including permitted delinquencies, represents sensitive commercial information. Consequently, given the highly-competitive nature of the mortgage servicing industry, it is of the utmost importance to the Debtors and Freddie Mac that the details of the Metrics be kept confidential so that the Debtors' and Freddie Mac's respective competitors may not use the information contained therein to gain a strategic advantage.

13. The Debtors also submit that notice and service of the Metrics Exhibit should be limited to the Limited Notice Parties, unless otherwise agreed to by the Debtors and Freddie Mac. The Limited Notice Parties have the greatest interest in the Metrics Exhibit, and limiting notice to such entities will accordingly subject the Metrics to sufficient scrutiny on their merits while, at the same time, minimize any impact on the Debtors or Freddie Mac.

## NOTICE

14. Notice of this Motion will be given to the following parties, or in lieu thereof, to their counsel: (a) the Office of the United States Trustee for the Southern District of

ny-1040637                                    6

New York; (b) the office of the United States Attorney General; (c) the office of the New York Attorney General; (d) the office of the United States Attorney for the Southern District of New York; (e) the Internal Revenue Service; (f) the Securities and Exchange Commission; (g) each of the Debtors' prepetition lenders, or their agents, if applicable; (h) each of the indenture trustees for the Debtors' outstanding note issuances; (i) Ally Financial Inc. and its counsel; (j) counsel to the administrative agent for the Debtors' proposed providers of debtor in possession financing; (k) Nationstar Mortgage LLC and its counsel; and (l) the parties included on the Debtors' list of fifty (50) largest unsecured creditors.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court (i) enter an order substantially in the form attached hereto as <u>Exhibit A</u> granting the relief requested in the Motion; and (ii) grant such other and further relief to the Debtors as the Court may deem just and proper.

Dated: May 14, 2012
New York, New York

/s/ Larren M. Nashelsky
Larren M. Nashelsky
Gary S. Lee
Lorenzo Marinuzzi
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Proposed Counsel for the Debtors and Debtors in Possession*

## EXHIBIT A

## Proposed Order

ny-1040637

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------------

|   |   |   |
|---|---|---|
| In re: | ) | Case No. 12- |
|   | ) |   |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|   | ) |   |
| Debtors. | ) | Jointly Administered |
|   | ) |   |

---------------------------------------------------------------------------

### ORDER UNDER BANKRUPTCY CODE SECTIONS 105(A) AND 107(B) AND BANKRUPTCY RULE 9018 (I) AUTHORIZING THE DEBTORS TO FILE UNDER SEAL CONFIDENTIAL EXHIBIT TO THE GOVERNMENTAL ASSOCIATION SERVICING MOTION AND (II) LIMITING NOTICE THEREOF

Upon the motion (the "Motion")[1] of the Debtors for entry of an order, under Bankruptcy Code sections 105(a) and 107(b) and Bankruptcy Rule 9018, (i) authorizing the Debtors to file under seal a confidential exhibit to the Governmental Association Servicing Motion and (ii) limiting notice thereof; and upon the Whitlinger Affidavit; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these Chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this proceeding on the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation thereon; and sufficient cause appearing therefore, it is hereby

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion. Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases or the relief granted herein may refer to http://www.kccllc.net/rescap for additional information.

ny-1040637

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Metrics Exhibit shall remain under seal and confidential and shall only be made available to the Limited Notice Parties and such other parties as may be agreed to by the Debtors and Freddie Mac under appropriate confidentiality agreements reasonably satisfactory to Freddie Mac.

3. The Limited Notice Parties shall be bound by this Order and shall at all times keep the Metrics Exhibit strictly confidential and shall not disclose the contents of the Metrics Exhibit to any party whatsoever, including but not limited to their respective clients.

4. Any pleadings filed in these Chapter 11 cases that reference or disclose the Metrics (other than the information contained in the Governmental Association Servicing Motion) shall be filed under seal and served only on those parties authorized to receive the Metrics Exhibit in accordance with this Order.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

6. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062 and 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among Ally Financial Inc. ("AFI"), Ally Bank, Residential Capital, LLC ("ResCap"), GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance

Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates (excluding ResCap and its subsidiaries).

8. The relief granted by this Order shall apply to any Future Debtor in these jointly-administered cases.

9. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated:  New York, New York
                           , 2012

_____
UNITED STATES BANKRUPTCY JUDGE