## EXHIBIT F

**PROPOSED NOTICE OF ASSUMPTION AND ASSIGNMENT**

ny-1014123

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, et al.,<br><br>　　　　　　　　　　　　　　Debtors. | )<br>)   Case No. 12-12020 (MG)<br>)<br>)   Chapter 11<br>)<br>)   Jointly Administered<br>) |

**NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) CURE AMOUNTS RELATED THERETO**

PLEASE TAKE NOTICE THAT:

　　　　1.　　By the motion dated May 14, 2012 (the "Motion"), Residential Capital LLC ("ResCap") and its debtor subsidiaries, as debtors in possession (collectively, the "Debtors" or the "Company"), [1] sought, among other things, (i) authorization and approval of certain proposed procedures (the "Sale Procedures") with respect to two proposed sales (the "Sale Transactions" or "the Sales") by certain of the Debtors of (a) the Purchased Assets (as such term is defined in the Asset Purchase Agreement by and between Nationstar Mortgage LLC and certain of the Debtors (the "Nationstar APA")); and (b) the Purchased Assets (as such term is defined in the Asset Purchase Agreement by and between Ally Financial Inc. ("AFI") and BMMZ Holdings LLC ("BMMZ") and certain of the Debtors (the "AFI APA," together with Nationstar APA, the "APAs"); (ii) scheduling of a hearing on the Sales (the "Sale Hearing") and setting objection deadlines and bidding deadlines with respect to the Sales and Auction; (iii) approving the form and manner of notices for (a) an auction of the purchased assets (the "Auction") and (b) the Sale Hearing; and (iii) the assumption and assignment of certain executory contracts and unexpired leases (collectively, the "Assumed Contracts") in connection with the sale of the Purchased Assets pursuant to the Nationstar APA (the "Assumption and Assignment Procedures").

　　　　2.　　The Nationstar APA, together with its respective ancillary agreements, contemplates (i) the sale of the Purchased Assets subject to higher or better offers (the "Nationstar Sale Transaction") and (ii) the assumption and assignment of the Assumed Contracts.

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital LLC in Support of the Chapter 11 Petitions and First Day Pleadings.

ny-1014123

3. The Nationstar APA contemplates, and the proposed order approving the Nationstar Sale Transaction (the "Nationstar Sale Approval Order"), which may be incorporated into a confirmation order, if approved, shall authorize the assumption and assignment of certain executory contracts and leases pursuant to the Nationstar APA, to the Purchaser (as defined in the Nationstar APA). The Sellers maintain schedules (the "Schedules") containing the Assumed Contracts that the Purchaser has designated as Assumed Contracts (the "Designated Agreements"). You are receiving this Notice because you are a party to one or more of the Designated Agreements.

4. **THE ATTACHED SCHEDULES CONTAIN A LIST OF ASSUMED CONTRACTS THAT MAY BE ASSUMED. SUBJECT TO CERTAIN EXCEPTIONS EXPRESSLY PROVIDED FOR IN THE NATIONSTAR APA, THE PURCHASER RESERVES ITS RIGHTS UNDER THE NATIONSTAR APA TO EXCLUDE ANY ASSUMED CONTRACT FROM THE LIST OF ASSUMED CONTRACTS TO BE ASSUMED AND ASSIGNED BY NO LATER THAN THE DESIGNATION DEADLINE THAT IS TWO BUSINESS DAYS PRIOR TO THE CLOSING DATE, AS DISCUSSED IN PARAGRAPH 14 BELOW.**

5. Bankruptcy Code section 365(b)(1) requires a chapter 11 debtor to cure, or provide adequate assurance that it will promptly cure any defaults under executory contracts and unexpired leases at the time of assumption. The required cure amount the ("Cure Amount") for each Designated Agreement calculated by the Debtors is listed on the Schedule attached hereto. Please note that if no amount is stated for a particular Designated Agreement, the Debtors believe that there is no Cure Amount outstanding for such Designated Agreement.

6. Please review the Cure Amount for your Assumed Contract. In some instances, additional terms or conditions of assumption and assignment with respect to a particular Assumed Contract are provided.

7. In cases where a Servicing Agreement is contained within the same writing as an agreement related to origination, (i) the Debtors intend to assume and assign to the Purchaser only the Servicing Agreement; (ii) the origination agreement shall be severed from the multi-agreement document pursuant to the Nationstar Sale Approval Order; and (iii) the Purchaser shall have no liability under any origination agreement. The Nationstar Sale Approval Order will also generally provide that no delay or failure of performance by the Debtors under or in respect to any origination agreement will (i) affect any right of Nationstar under any Servicing Agreement or (ii) permit, result in or give rise to any setoff, delay, deferral, defense, recoupment, claim, counterclaim, default or other impairment of the rights of the Purchaser under any Servicing Agreement.

8. Objections, if any, to the proposed assumption and assignment of the Assumed Contracts, including, but not limited to, (a) objections related to adequate assurance of future performance or whether applicable law excuses the non-debtor counterparty to the Designated Agreement (the "Non-debtor Counterparty") from accepting performance by, or rendering performance to, the Purchaser for purposes of section 365(c)(1) of the Bankruptcy Code (an "Assignment Objection"), (b) the severing of a Servicing Agreement from any multi-agreement document or (c) the proposed Cure Amount (a "Cure Amount Objection," and,

2

ny-1014123

together with an Assignment Objection and an objection described in clause (b), a "Contract Objection") must be made in writing and filed with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") so as to be received **[August 30, 2012]** (the "Assignment Objection Deadline") by (i) the Debtors, Residential Capital, LLC, 1100 Virginia Drive, Fort Washington, Pennsylvania 19034, Attn: Tammy Hamzehpour, Esq. (tammy.hamzehpour@ally.com); (ii) Morrison & Foerster LLP, attorneys for the Debtors, 1290 Avenue of the Americas, New York, New York 10104 (Attn: Larren M. Nashelsky and Gary S. Lee); (iii) with respect to Assumed Contracts listed in the Nationstar APA, Sidley Austin LLP, attorneys for the Nationstar, One South Dearborn, Chicago, Illinois 60603 (Attn: Jessica C.K. Boelter jboelter@sidley.com); (vi) the attorneys for the Creditors' Committee; and (vii) the Office of the United States Trustee for the Southern District of New York (Attn: [    ], 33 Whitehall Street, 21st Floor, New York, New York 10004. Any objection that challenges a Cure Amount, or otherwise asserts that there exist outstanding defaults under an Assumed Contract, must set forth with specificity the Cure Amount being claimed by the objecting party or the nature of the asserted default, as applicable, and must include appropriate documentation in support thereof satisfactory to the Debtors and Nationstar.

9.    Upon the filing of any Contract Objection, the Debtors, the Purchaser, and the objecting non-debtor counterparty shall meet and confer in good faith to attempt to resolve any such Objection without Bankruptcy Court intervention, with any resolution memorialized in a joint stipulation or as otherwise agreed by the parties. If the Contract Objection is solely as to the Cure Amount, then the Assumed Contract shall nevertheless be assumed and assigned to the Purchaser on the Assumption Effective Date (as defined in paragraph 16), the Sellers shall pay the undisputed portion of the Cure Amount, and the disputed portion of the Cure Amount shall be determined via the meet and confer process or by the Bankruptcy Court as described herein. The Purchasers shall have no liability to any contract counter-party for any Cure Amount (whether disputed or undisputed).

10.    All objections to the assumption and assignment of the Assumed Contracts and the Cure Amounts shall be resolved by no later than the conclusion of the Sale Hearing. The Debtors will request that Contract Objections to the proposed Cure Amounts based upon unquantifiable or unknown pre-closing liability be overruled; provided, however, that no such liabilities may asserted against the Purchaser or the Purchased Assets, as further described in the Sale Approval Order.

11.    If the Debtors, Purchaser, and the non-debtor counterparty determine that the Contract Objection cannot be resolved without judicial intervention, then such Contract Objection shall be determined by the Bankruptcy Court either at the Sale Hearing or such other date as determined by the Bankruptcy Court, unless the Debtors, the Purchaser, and the non-debtor counterparty to the Assumed Contract agree otherwise; if the Bankruptcy Court determines at such hearing that the Assumed Contract should not be assumed and assigned, then such contract or lease shall no longer be considered an Assumed Contract.

12.    If you agree with the respective Cure Amount(s) listed in the Schedules with respect to your Assumed Contract(s), and otherwise do not object to the Debtors' assumption and assignment of your Assumed Contract, you are not required to take any further action.

3

13. Unless an Objection is filed and served before the Objection Deadline, you shall be deemed to have consented to the assumption and assignment of your Assumed Contract and the Cure Amount(s) for your Assumed Contract(s), and acknowledged that no default exists under the Assumed Contract other than those being cured by the Cure Amounts or defaults that are not required to be cured under section 365(b)(2). You shall be forever barred from objecting to the Cure Amount and from asserting any additional cure or other amounts against the Debtors, their estates, or the Purchaser.

14. No later than two business days prior to the Closing Date under the Nationstar APA (the "Contract Designation Deadline"), the Purchaser may, in its sole discretion, subject to certain limitations specified in the Nationstar APA (applicable only as between the parties thereto), exclude any of the Assumed Contracts by providing notice to the Sellers. Upon such designation, the contract or Lease referenced therein shall no longer be considered an Assumed Contract, shall not be deemed to be, or to have been, assumed or assigned, and shall remain subject to assumption, rejection, or assignment by the Debtors. Until the Contract Designation Deadline, the Purchaser also may, subject to certain limitations specified in the Nationstar APA (applicable only as between the parties thereto), designate additional contracts or leases as Assumed Contracts to be assumed and assigned by providing notice to the affected non-debtor counterparties indicating that the Debtors intend to assume and assign additional Assumed Contracts.

15. The Debtors' decision to assume and assign the Assumed Contracts is subject to Bankruptcy Court approval and consummation of the Nationstar Sale Transaction, and, absent such consummation, each of the Assumed Contracts will not be assumed or assigned to the Purchaser and shall in all respects be subject to further administration under the Bankruptcy Code.

16. All Assumed Contracts will be assumed by and assigned to the Purchaser on the Closing Date, except as may be otherwise set forth in the APA.

17. Until the Assumption Effective Date, assumption and assignment thereof is subject to the Purchaser's rights to modify the designation of Assumed Contracts as set forth in paragraph 14 above. Except as otherwise provided by the APA, the Purchaser shall have no rights in and to a particular Assumed Contract until such time as the particular Assumed Contract is assumed and assigned in accordance with the procedures set forth herein.

18. The inclusion of any document on the list of Designated Agreements shall not constitute or be deemed to be a determination or admission by the Debtors or the Purchaser that such document is, in fact, an executory contract or Lease within the meaning of the Bankruptcy Code, and all rights with respect thereto are expressly reserved.

19. Any Assignment Objection or Cure Amount Objection shall not constitute an objection to the relief generally requested in the Motion (e.g., the sale of the Purchased Assets by the Debtors to the Purchaser free and clear of liens, claims, encumbrances, and interests), and parties wishing to object to the relief generally requested in the Motion must file and serve a separate objection in accordance with the procedures approved and set forth in the order of the Bankruptcy Court approving the Sale Procedures (the "Sale Procedures Order").

4

20. If a party other than Nationstar is determined to be the highest and best bidder for the assets to be sold pursuant to the Nationstar Sale Transactions, you will receive a separate notice providing additional information regarding the treatment of your contract(s) or Lease(s); *provided, however*, that if the applicable Cure Amount has been established pursuant to the procedures set forth in this Notice, it shall not be subject to further dispute if the new purchaser seeks to acquire such contract or Lease.

21. Nationstar is not assuming and parties will be enjoined from asserting against Nationstar any claims or obligations relating to the pre-closing period under any Assumed Contract (including any Servicing Agreement), whether such claims or obligations are known, unknown, fixed, contingent, unliquidated or liquidated at the time of the Closing, including, without limitation, any claims or liabilities relating to any act or omission of any originator, holder or servicer of mortgage loans prior to the Closing Date, and any indemnification claims or liabilities relating to any act or omission of the Sellers or any other person prior to the Closing Date. Any parties holding such claims or obligations will be required to file a Contract Objection if they disagree with the Cure Amount set forth on the Schedule.

22. This Notice is subject to the full terms and conditions of the Sale Procedures Order, which shall control in the event of any conflict. The Debtors encourage parties in interest to review such documents in their entirety and consult an attorney if they have questions or want advice.

Dated: New York, New York
      [   ], 2012

 

Larren M. Nashelsky
Gary S. Lee
Todd M. Goren
Alexandra Steinberg Barrage

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Proposed Counsel for the Debtors and Debtors in Possession*

5

ny-1014123