**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**ORDER UNDER BANKRUPTCY CODE SECTION 105(A) AND BANKRUPTCY RULE 2002(a), (f), (l) AND (m) (I) WAIVING THE REQUIREMENT THAT EACH DEBTOR FILE A LIST OF CREDITORS, (II) AUTHORIZING THE DEBTORS TO FILE A CONSOLIDATED LIST OF THE FIFTY LARGEST UNSECURED CREDITORS, (III) APPROVING THE FORM AND MANNER OF NOTICE OF THE COMMENCEMENT OF THE DEBTORS' CHAPTER 11 CASES AND (IV) APPROVING PUBLICATION NOTICE TO BORROWERS**

Upon the Motion, (the "Motion") [1] of the Debtors for entry of an order: (i) waiving the requirement that each debtor file a list of creditors; (ii) authorizing the Debtors to file a consolidated list of the fifty largest unsecured creditors; (iii) approving the form and manner of notice of the commencement of the Debtors' Chapter 11 cases; and (iv) approving publication notice to Borrowers, all as more fully set forth in the Motion; and upon the Whitlinger Affidavit; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these Chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this proceeding on the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and due deliberation thereon; sufficient casue appearing therefore, it is hereby

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion. Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases or the relief granted herein may refer to http://www.kccllc.net/rescap for additional information.

1

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is granted as set forth herein.

2. The requirement under Bankruptcy Code section 521(a)(1), Bankruptcy Rule 1007(a)(1), Local Rule 1007-1 and the Standing Order to file a list of creditors with the Court is waived.

3. The Debtors are authorized, but not directed, to file a Consolidated Top 50 List in these Chapter 11 cases in lieu of filing a separate Top 20 List for each Debtor.

4. The Debtors, as soon as practicable after the commencement of these Chapter 11 cases, shall furnish the list of creditors to KCC (upon this Court's authorization to engage KCC as the Debtors' notice and claims agent).

5. The Commencement Notice, substantially in the form annexed to the Motion as Exhibit B, is hereby approved.

6. Except as set forth below, the Debtors, with the assistance of KCC, are hereby authorized and directed to mail the Commencement Notice to the Debtors' creditors no later than ten business days after the Debtors receive written notice from the United States Trustee of the time and place of the Section 341 Meeting.

7. The Debtors shall publish the Commencement Notice in the National Editions of *The Wall Street Journal* and *USA Today*; concurrently with the service of the Commencement Notice.

8. Notwithstanding any other provision of this Order, to the extent notice of pleadings and hearings is required to be provided to all creditors in accordance with Bankruptcy Rule 2002 or any other applicable Bankruptcy Rule or Local Rule, the Debtors are authorized pursuant to Bankruptcy Rule 2002(l) to provide only publication notice thereof to the Borrowers.

9. Notice as provided herein is reasonably calculated to inform interested parties of these Chapter 11 cases and hereby is approved.

10. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

11. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

13. Upon notice to the parties and no objection having been interposed, an affiliated debtor shall be deemed to be a "Future Debtor" upon the Court's entry of an order authorizing the joint administration of such Future Debtor's Chapter 11 case with the Chapter 11 cases of the Debtors. Upon notice to the parties and no objection having been interposed, the relief granted by this Order shall apply to the Future Debtor in these jointly-administered cases.

14. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: New York, New York
      May 15, 2012

                                              _____*s/ James M. Peck*_____
                                              Honorable James M. Peck
                                              United States Bankruptcy Judge