**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

**INTERIM ORDER UNDER SECTIONS 105(a), 362, 363, 1107(a) AND 1108
OF THE BANKRUPTCY CODE (I) AUTHORIZING THE DEBTORS TO
CONTINUE IN THE ORDINARY COURSE OF BUSINESS (A) SERVICING
NON-GOVERNMENTAL ASSOCIATION LOANS, AND (B) SALE ACTIVITIES
RELATED TO CERTAIN LOANS IN FORECLOSURE AND REAL ESTATE OWNED
PROPERTY, AND (II) GRANTING LIMITED STAY RELIEF TO ENABLE
BORROWERS TO ASSERT RELATED COUNTER-CLAIMS IN
<u>FORECLOSURE AND EVICTION PROCEEDINGS</u>**

Upon the motion (the "Motion")[1] of Residential Capital, LLC, and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors") for entry of interim and final orders, under Bankruptcy Code sections 105(a), 362, 363, 1107(a), and 1108 and Bankruptcy Rule 6003, (i) authorizing, but not directing, the Debtors to continue in the ordinary course of business (a) servicing Non-GA Loans, and (b) sale activities related to certain loans in foreclosure and real estate owned property, including authorizing the sale of such property free and clear of liens, claims, and encumbrances pursuant to section 363(f) of the Bankruptcy Code, and (ii) granting limited stay relief to enable borrowers or their tenants, as applicable, to assert related counter-claims in foreclosure and eviction proceedings; and upon the Whitlinger Affidavit; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion. Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases or the relief granted herein may refer to http://www.kccllc.net/rescap for additional information.

ny-1016747

U.S.C. §§ 157 and 1334; and it appearing that venue of these Chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C §§ 1408 and 1409; and it appearing that this proceeding on the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation thereon; and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.  The Motion is GRANTED on an interim basis, as set forth herein.

Servicing of Non-GA Loans

2.  The Debtors are authorized, but not directed, in their sole discretion and subject to available funding, to continue servicing Non-GA Loans in the ordinary course, including, but not limited to:

    (a) performing the Servicing Functions and honoring all obligations arising under the Non-GA Servicing Agreements;

    (b) making all Advances related to the Non-GA Loans in accordance with the applicable Non-GA Servicing Agreement; and

    (c) entering into loan modifications and Deferment and Forbearance Arrangements, including participating in HAMP.

3.  The Debtors are authorized to honor their obligations under the Consent Order and the DOJ/AG Settlement in connection with the Servicing Functions, and to use estate assets and take such actions as, in their reasonable business judgment, are necessary to comply with and adhere to the terms of the Consent Order and the DOJ/AG Settlement. The Debtors are further authorized to implement new servicing standards and procedures and to perform reviews

2

of their past foreclosure proceedings and reports regarding the results of such reviews, in each case as may be required to comply with the Consent Order and the DOJ/AG Settlement.

   4. Nothing set forth in this Order or in the Motion shall alter the Debtors' obligations under the Consent Order and the DOJ/AG Settlement.

Non-GA Loans in Foreclosure and REO

   5. The Debtors are authorized, but not directed, in their sole and absolute discretion and subject to available funding, to continue servicing Non-GA Loans in foreclosure and REO in the ordinary course, including, but not limited to:

  (a) selling Non-GA Loans in foreclosure and REO free and clear of any and all liens, claims, and encumbrances pursuant to section 363(f) of the Bankruptcy Code);

  (b) paying foreclosure professionals' and brokers' fees, as applicable, in the ordinary course of business in connection with respect to the Non-GA Foreclosure Sales and REO sales;

  (c) making Advances related to the Non-GA Loans in foreclosure and REO in accordance with the relevant loan servicing agreements or other governing documents;

  (d) distributing proceeds from the sale of Non-GA Loans in foreclosure and REO in accordance with the relevant loan servicing agreements or other governing documents; and

  (e) refunding overpayments to purchasers of Non-GA Loans in foreclosure and REO, as appropriate.

   6. To the extent that any lien, claim or encumbrance exists on the Non-GA Loans in foreclosure or REO, as applicable, such lien, claim or encumbrance shall attach to the proceeds of the sale in the order of priority and with the same validity, force and effect that such lien, claim or encumbrance may have against the Non-GA Loans in foreclosure or REO at the time of the sale.

7. Nothing herein shall be construed to limit, or in any way affect, the Debtors' ability to dispute any foreclosure professionals' and brokers' fees that may be requested.

8. Nothing herein shall be deemed to constitute an assumption or rejection of any executory contract or prepetition or postpetition agreement with any foreclosure professional or broker, or to require the Debtors to make any of the payments to any foreclosure professional or broker authorized herein.

9. The Debtors shall file monthly operating reports disclosing, in summary format, all Debtor-owned REO sales and Non-GA Foreclosure Sales of Debtor-owned property closed subsequent to the Petition Date and the associated costs, to the extent allocable.

<u>Limited Borrower Relief from Automatic Stay</u>

10. The stay imposed by section 362(a) of the Bankruptcy Code is hereby modified solely to enable (a) borrowers to assert and prosecute counter-claims related to the subject matter of the foreclosure complaint in connection with foreclosure proceedings, and (b) tenants to assert and prosecute counter-claims related to the subject matter of the eviction complaint in connection with eviction proceedings for which the underlying property is the subject of a foreclosure proceeding or has been foreclosed upon.

<u>Other Relief</u>

11. The Debtors are authorized and empowered to take all actions and execute such documents as may be necessary or appropriate to carry out the relief granted herein.

12. Nothing herein shall be deemed to limit the rights of the Debtors to operate their business in the ordinary course, and no subsequent order shall be required to confirm such rights.

13. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall constitute, nor is it intended to constitute, the assumption of any contract or agreement under Bankruptcy Code section 365 or the waiver by the Debtors or their non-Debtor affiliates of any of their rights pursuant to any agreement by operation of law or otherwise.

14. Notwithstanding anything to the contrary in this Order, any action to be taken pursuant to the relief authorized in this Order is subject to the terms of any cash collateral order or debtor in possession financing order entered in these chapter 11 proceedings. All amounts authorized to be paid pursuant to this Order are subject to the limitations and restrictions imposed by the Approved DIP Budget (as defined in the DIP Credit Agreement). To the extent that there is any inconsistency between the terms of this Order and the terms of any order relating to postpetition financing or cash collateral, the terms of the orders relating to postpetition financing or cash collateral shall govern.

15. Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

16. The Debtors shall serve a copy of the Motion and this Order by United States mail, first class postage, on (a) the Office of the United States Trustee for the Southern District of New York; (b) the office of the United States Attorney General; (c) the office of the New York Attorney General; (d) the office of the United States Attorney for the Southern District of New York; (e) the Internal Revenue Service; (f) the Securities and Exchange Commission; (g) each of the Debtors' prepetition lenders, or their agents, if applicable; (h) each of the indenture trustees for the Debtors' outstanding notes issuances; (i) Ally Financial Inc. and its counsel; (j) counsel to the administrative agent for the Debtors' proposed providers of debtor in possession financing; (k) Nationstar Mortgage LLC and its counsel; (k) the parties included on the Debtors' list of fifty (50) largest unsecured creditors; and (l) the Non-GA Securitization Trusts, within two (2) days of entry of this Order.

17. The Final Hearing, if required, to consider the Motion and proposed final order is scheduled for June 12, 2012 at 10:00 a.m. (prevailing Eastern Time) before the Court. Any objections or responses to the Motion must be filed with the Clerk of the Bankruptcy Court and served upon and received by: (a) proposed counsel for the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attn: Larren M. Nashelsky, Gary Lee, Lorenzo Marinuzzi); (b) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attn: Tracy Hope Davis and Brian S. Masumoto); (c) counsel for Ally Financial Inc., Kirkland & Ellis, LLP, Citigroup Center, 601 Lexington Avenue, New York, NY 10022 (Attn: Richard M. Cieri, Ray C. Schrock, and Stephen E. Hessler) (d) counsel to the administrative agent for the Debtors' proposed providers of debtor in possession financing, Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, New York 10036 (Attention: Kenneth S. Ziman and Jonathan H.

Hofer); and (e) counsel for any statutory committee appointed in the Debtors' cases, on or before June 5, 2012 at 4:00 p.m. prevailing EST. If no objections are filed to the Motion, the Court may enter the proposed final order without further notice or hearing.

18. The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

19. The requirements set forth in Bankruptcy Rule 6004(a) are satisfied.

20. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

21. Upon notice to the parties and no objection having been interposed, an affiliated debtor shall be deemed to be a "Future Debtor" upon the Court's entry of an order authorizing the joint administration of such Future Debtor's Chapter 11 case with the Chapter 11 cases of the Debtors. Upon notice to the parties and no objection having been interposed, the relief granted by this Order shall apply to the Future Debtor in these jointly-administered cases.

22. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: May 15, 2012
      New York, New York

                                            *s/ James M. Peck*
                                         Honorable James M. Peck
                                         United States Bankruptcy Judge