**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et</u> <u>al</u>., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**INTERIM ORDER UNDER BANKRUPTCY CODE SECTIONS 105(a) AND 363(b) AUTHORIZING RESIDENTIAL CAPITAL, LLC TO ENTER INTO A SHARED SERVICES AGREEMENT WITH ALLY FINANCIAL INC. *NUNC PRO TUNC* TO THE PETITION DATE FOR THE CONTINUED RECEIPT AND PROVISION OF SHARED SERVICES NECESSARY FOR THE OPERATION OF THE DEBTORS' BUSINESSES**

Upon the motion (the "Motion")[1] of the Debtors for entry of interim and final orders, under Bankruptcy Code sections 105(a) and 363(b), authorizing the Debtors to enter into a shared services agreement (the "Agreement") with Ally Financial Inc. ("AFI") *nunc pro tunc* to the Petition Date for the continued receipt and provision of shared services necessary for the operation of the Debtors' businesses; and upon the Whitlinger Affidavit; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these Chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b); and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is in the best interests of the Debtors' estates,

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion. Creditors and parties-in-interest with questions or concerns regarding the relief granted herein may refer to http://www.kccllc.net/rescap for additional information.

ny-1011897

their creditors, and other parties in interest; and after due deliberation thereon; and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED on an interim basis, as set forth herein.

2. The Agreement, attached as Exhibit A to the Motion, is approved on an interim basis and the Debtors are authorized and directed to perform under the terms of the Agreement as of the Petition Date pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, unless and until the Agreement is terminated under its own terms or pursuant to the terms of this Order, pending a final hearing on the Motion.

3. The Debtors and AFI are bound by all of the terms and conditions of the Agreement as of the Petition Date pending a final hearing on the Motion.

4. AFI shall be granted limited relief from the automatic stay to the extent required to effectuate the terms and conditions of the Agreement and this Order, including to terminate the Agreement or any Service (as defined in the Agreement) provided thereunder and to transmit any notices required under the Agreement.

5. Notwithstanding any provision in the Agreement or this Order to the contrary, AFI and/or the Debtors may immediately terminate the Agreement without further relief from the Court upon (a) entry by the Court of an order appointing a trustee or an examiner with expanded powers, (b) acceleration of the obligations due under the Debtors' debtor in possession credit facility, (c) conversion of any of the Debtors' Chapter 11 cases to a case under Chapter 7 of the Bankruptcy Code, (d) the failure of the final order substantially in the form attached to the Motion as Exhibit B (the "Final Order") to be entered by the Court within fifty

(50) days of the Petition Date, or (e) this Order or the Final Order having been stayed, reversed or otherwise rendered ineffective.

6. Notwithstanding any provision in the Bankruptcy Code, including under section 365 of the Bankruptcy Code, to the contrary, the Debtors may not, without the consent of AFI, assign the Agreement.

7. The Debtors shall serve a copy of the Motion and this Interim Order by United States mail, first class postage, on (a) the Office of the United States Trustee for the Southern District of New York; (b) the office of the United States Attorney General; (c) the office of the New York Attorney General; (d) the office of the United States Attorney for the Southern District of New York; (e) the Internal Revenue Service; (f) the Securities and Exchange Commission; (g) each of the Debtors' prepetition lenders, or their agents, if applicable, (h) each of the indenture trustees for the Debtors' outstanding notes issuances; (i) Ally Financial Inc. and its counsel; (j) counsel for the administrative agent for the Debtors' proposed providers of debtor in possession financing; (k) Nationstar Mortgage LLC and its counsel; and (l) the parties included on the Debtors' list of fifty (50) largest unsecured creditors, within two (2) days of entry of this Order.

8. The Final Hearing, if required, to consider the Motion and proposed final order is scheduled for June 12, 2012 at 10:00 a.m. (prevailing Eastern Time) before the Court. Any objections or responses to the Motion must be filed with the Clerk of the Bankruptcy Court and served upon and received by: (proposed counsel for the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attn: Larren M. Nashelsky, Gary S. Lee, and Lorenzo Marinuzzi); (b) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attn: Tracy Hope Davis,

Linda A. Riffkin and Brian S. Masumoto); (c) counsel for AFI, Kirkland & Ellis, LLP, Citigroup Center, 601 Lexington Avenue, New York, NY 10022 (Attn: Richard Cieri); (d) counsel for the administrative agent for the Debtors' proposed providers of debtor in possession financing; and (e) counsel for any statutory committee appointed in the Debtors' cases, on or before June 5, 2012 at 4:00 p.m. prevailing EST.  If no objections are filed to the Motion, the Court may enter the proposed final order without further notice or hearing.

9. The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

10. The requirements set forth in Bankruptcy Rule 6004(a) are satisfied.

11. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

12. Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

13. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

14. Upon notice to the parties and no objection having been interposed, an affiliated debtor shall be deemed to be a "Future Debtor" upon the Court's entry of an order authorizing the joint administration of such Future Debtor's Chapter 11 case with the Chapter 11 cases of the Debtors. Upon notice to the parties and no objection having been interposed, the relief granted by this Order shall apply to the Future Debtor in these jointly-administered cases.

15. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: May 15, 2012
New York, New York

_____s/ James M. Peck_____
Honorable James M. Peck
United States Bankruptcy Judge