**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**INTERIM ORDER UNDER BANKRUPTCY CODE SECTIONS 105(a), 363(b), 507(a), 1107 AND 1108 AND BANKRUPTCY RULE 6003 (I) AUTHORIZING BUT NOT DIRECTING DEBTORS TO (A) PAY AND HONOR PREPETITION WAGES, COMPENSATION, EMPLOYEE EXPENSE AND EMPLOYEE BENEFIT OBLIGATIONS; AND (B) MAINTAIN AND CONTINUE EMPLOYEE COMPENSATION AND BENEFIT PROGRAMS; AND (II) DIRECTING BANKS TO HONOR PREPETION CHECKS AND TRANSFER REQUESTS FOR PAYMENT OF PREPETITION EMPLOYEE OBLIGATIONS**

Upon the motion (the "Motion")[1] of Residential Capital, LLC, and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors") for entry of an interim and final orders, under Bankruptcy Code sections 105(a), 363(b), 507(a), 1107 and 1108 and Bankruptcy Rule 6003 (i) authorizing, but not directing, the Debtors to (a) pay and honor prepetition wages, compensation, employee expense and employee benefit obligations; and (b) maintain and continue employee compensation and benefit programs, and (ii) directing banks to honor prepetition checks and transfer requests for payment of prepetition employee obligations; and upon the Whitlinger Affidavit; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these Chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this proceeding on the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b);

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion. Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases or the relief granted herein may refer to http://www.kccllc.net/rescap for additional information.

and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation thereon; and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED on an interim basis, as set forth herein.

2. The Final Hearing, if required, to consider the Motion and proposed final order is scheduled for June 12, 2012 at 10:00 a.m. (prevailing Eastern Time) before the Court. Any objections or responses to the Motion must be filed with the Clerk of the Bankruptcy Court and served upon and received by: (a) proposed counsel for the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attn: Larren M. Nashelsky, Gary S. Lee, and Lorenzo Marinuzzi); (b) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attn: Tracy Hope Davis, Linda A. Riffkin and Brian S. Masumoto); (c) counsel for Ally Financial Inc., Kirkland & Ellis, LLP, Citigroup Center, 601 Lexington Avenue, New York, NY 10022 (Attn: Richard Cieri); (d) counsel to the administrative agent for the Debtors' proposed providers of debtor in possession financing, Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, New York 10036 (Attention: Kenneth S. Ziman (Ken.Ziman@skadden.com) and Jonathan H. Hofer (jhofer@skadden.com)); (e) counsel for any statutory committee appointed in the Debtors' cases and (f) Tata America International Corporation, Attn: General Counsel, 101 Park Avenue, 26th Floor, New York, NY 10178, on or before June 5, 2012 at 4:00 p.m. prevailing EST. If no

2

objections are filed to the Motion, the Court may enter the proposed final order without further notice or hearing.

3. Nothing herein shall be deemed to authorize the payment of any amounts or the incurrence of any obligation that would violate section 503(c) of the Bankruptcy Code.

4. The Debtors are authorized, but not directed, to pay, honor, direct and reimburse, as applicable, all Prepetition Employee Obligations, to the extent requested in the Motion, including reimbursement of AFI for any costs that AFI has paid or will pay on account of the Prepetition Employee Obligations; *provided*, *however*, that any payments on account of Prepetition Employee Obligations shall not exceed $11,725 to any single Employee or Contractor prior to entry of a Final Order.

5. Notwithstanding the foregoing, the $11,725 cap shall not apply to those commissions that do not become due until postpetition.

6. The Debtors are authorized, but not directed, to continue to honor their obligations, including any prepetition obligations, to Employees for Business Expenses and Relocation Expenses in accordance with the Debtors' stated policies and prepetition practices; *provided*, *however*, that nothing in this Interim Order shall permit the Debtors to reimburse any Employees for prepetition Business Expenses in excess of $1,000 without the prior consent of the official committee appointed to represent the Debtors' general unsecured creditors.

7. The Debtors are authorized, but not directed, to continue postpetition to honor all practices, procedures, plans and policies related to compensation and benefits programs for their Employees, Directors and Contractors to the extent requested in the Motion, including procedures related to reimbursement of AFI for costs associated with the compensation and benefits programs.

8. The Debtors and any applicable third parties are authorized to continue to allocate and distribute Employee Deductions to the appropriate third-party recipients or taxing authorities in accordance with the Debtors' stated policies and prepetition practices.

9. Pursuant to Section 362(d) of the Bankruptcy Code, (a) Employees are authorized to proceed with their workers' compensation claims in the appropriate judicial or administrative forum under the Workers' Compensation Program and the Debtors are authorized to pay all prepetition amounts relating thereto in the ordinary course of business and (b) the notice requirements pursuant to Bankruptcy Rule 4001(d) with respect to clause (a) are waived. This modification of the automatic stay provided by Bankruptcy Code section 362(a) pertains solely to claims under the Workers' Compensation Program.

10. The Debtors' banks shall be and hereby are authorized and directed to receive, process, honor, and pay any and all prepetition and postpetition checks and fund transfers evidencing payments made under this Interim Order or any other order of this Court, whether presented prior to or after the commencement of these cases, provided that sufficient funds are on deposit in the applicable accounts to cover such payments. Such banks and financial institutions are authorized to rely on the representations of the Debtors as to which checks or fund transfers are issued or authorized to be paid pursuant to this Interim Order without any duty of further inquiry and without liability for following the Debtors' instructions.

11. The Debtors' banks are prohibited from placing any holds on, or attempting to reverse, any automatic transfers to any account of an Employee, Contractor or other party for Prepetition Employee Obligations. The Debtors shall be and hereby are authorized to issue new postpetition checks or effect new postpetition fund transfers on account

of the Prepetition Employee Obligations to replace any prepetition checks or fund transfer requests that may be dishonored or rejected.

        12. Nothing in the Motion or this Interim Order or the relief granted (including any actions taken or payments made by the Debtors pursuant to the relief) shall (a) be construed as a request for authority to assume any executory contract under Bankruptcy Code section 365; (b) be deemed an assumption of any contract with any of the Debtors' officers or directors; (c) waive, affect or impair any of the Debtors' rights, claims or defenses, including, but not limited to, those arising from Bankruptcy Code section 365, other applicable law and any agreement; (d) grant third-party beneficiary status or bestow any additional rights on any third-party; or (e) be otherwise enforceable by any third-party.

        13. Nothing in the Motion, this Interim Order, the Bankruptcy Code or the relief granted shall prohibit or otherwise restrict AFI from continuing or making payments on account of any compensation and benefit programs covering the Debtors' Employees, Contractors or Directors.

        14. The Debtors are authorized, but not directed, to modify, change and discontinue any of the policies, plans, programs, practices, and procedures associated with compensation and benefits programs for their Employees and Contractors and to implement new plans, policies, practices and procedures related thereto in the ordinary course of business during these Chapter 11 cases in their sole discretion without the need for further Court approval.

        15. Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal

Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

16. The Debtors shall serve a copy of the Motion and this Interim Order by United States mail, first class postage, on (a) the Office of the United States Trustee for the Southern District of New York; (b) the office of the United States Attorney General; (c) the office of the New York Attorney General; (d) the office of the United States Attorney for the Southern District of New York; (e) the Internal Revenue Service; (f) the Securities and Exchange Commission; (g) each of the Debtors' prepetition lenders, or their agents, if applicable, (h) each of the indenture trustees for the Debtors' outstanding notes issuances; (i) the equity security holder; (j) counsel to the administrative agent for the Debtors' proposed providers of debtor in possession financing; (k) the parties included on the Debtors' list of fifty (50) largest unsecured creditors; (l) counsel for AFI and (k) Tata America International Corporation, within two days of entry of this Interim Order

17. The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

18. The requirements set forth in Local Rule 9013-1(b) are satisfied by the contents of the Motion.

19. The requirements set forth in Bankruptcy Rule 6004(a) are satisfied.

20. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Interim Order shall be effective and enforceable immediately upon entry hereof.

21. Authorizations given to the Debtors in this Interim Order empower but do not direct the Debtors to effectuate the payments specified herein.

22. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Interim Order in accordance with the Motion.

23. Upon notice to the parties and no objection having been interposed, an affiliated debtor shall be deemed to be a "Future Debtor" upon the Court's entry of an order authorizing the joint administration of such Future Debtor's Chapter 11 case with the Chapter 11 cases of the Debtors. Upon notice to the parties and no objection having been interposed, the relief granted by this Order shall apply to the Future Debtor in these jointly-administered cases.

24. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Interim Order.

Dated:   New York, New York
         May 15, 2012

                                        _____*s/ James M. Peck*_____
                                        Honorable James M. Peck
                                        United States Bankruptcy Judge