**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**INTERIM ORDER UNDER BANKRUPTCY CODE SECTIONS 105(A) AND 107(B) AND BANKRUPTCY RULE 9018 (I) AUTHORIZING THE DEBTORS TO FILE UNDER SEAL CONFIDENTIAL EXHIBIT TO THE GOVERNMENTAL ASSOCIATION SERVICING MOTION AND (II) LIMITING NOTICE THEREOF**

Upon the motion (the "Motion")[1] of the Debtors for entry of an order, under Bankruptcy Code sections 105(a) and 107(b) and Bankruptcy Rule 9018, (i) authorizing the Debtors to file under seal a confidential exhibit to the Governmental Association Servicing Motion and (ii) limiting notice thereof; and upon the Whitlinger Affidavit; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these Chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this proceeding on the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation thereon; and sufficient cause appearing therefore, it is hereby

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion. Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases or the relief granted herein may refer to http://www.kccllc.net/rescap for additional information.

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED, as set forth herein.

2. Pending the Court's entry of a final order on the Motion, the Metrics Exhibit shall remain under seal and confidential and shall only be made available to the Limited Notice Parties and such other parties as may be agreed to by the Debtors and Freddie Mac under appropriate confidentiality agreements reasonably satisfactory to Freddie Mac.

3. The Limited Notice Parties shall be bound by this Interim Order and shall at all times keep the Metrics Exhibit strictly confidential and shall not disclose the contents of the Metrics Exhibit to any party whatsoever, including but not limited to their respective clients.

4. Any pleadings filed in these Chapter 11 cases that reference or disclose the Metrics (other than the information contained in the Governmental Association Servicing Motion) shall be filed under seal and served only on those parties authorized to receive the Metrics Exhibit in accordance with this Interim Order.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Interim Order in accordance with the Motion.

6. The Debtors shall serve a copy of the Motion and this Order by United States mail, first class postage, on (a) the Office of the United States Trustee for the Southern District of New York; (b) the office of the United States Attorney General; (c) the office of the New York Attorney General; (d) the office of the United States Attorney for the Southern District of New York; (e) the Internal Revenue Service; (f) the Securities and Exchange Commission; (g) each of the Debtors' prepetition lenders, or their agents, if applicable; (h) each of the indenture trustees for the Debtors' outstanding notes issuances; (i) Ally Financial Inc. and its counsel; (j) counsel to the administrative agent for the Debtors' proposed providers of debtor

in possession financing; (k) Nationstar Mortgage LLC and its counsel; (l) the parties included on the Debtors' list of fifty (50) largest unsecured creditors; (m) each of the Governmental Associations and their counsel; (n) counsel for the United States of America; and (o) the trustees for each of the GA Securitization Trusts, within two (2) days of entry of this Order.

7. The Final Hearing, if required, to consider the Motion and proposed final order is scheduled for June 12, 2012 at 10:00 a.m. (prevailing Eastern Time) before the Court. Any objections or responses to the Motion must be filed with the Clerk of the Bankruptcy Court and served upon and received by: (a) proposed counsel for the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attn: Larren M. Nashelsky, Gary Lee, Lorenzo Marinuzzi); (b) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attn: Tracy Hope Davis and Brian S. Masumoto); (c) counsel for Ally Financial Inc., Kirkland & Ellis, LLP, Citigroup Center, 601 Lexington Avenue, New York, NY 10022 (Attn: Richard M. Cieri, Ray C. Schrock, and Stephen E. Hessler) (d) counsel to the administrative agent for the Debtors' proposed providers of debtor in possession financing, Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, New York 10036 (Attention: Kenneth S. Ziman and Jonathan H. Hofer); and (e) counsel for any statutory committee appointed in the Debtors' cases, on or before June 5, 2012 at 4:00 p.m. prevailing EST. If no objections are filed to the Motion, the Court may enter the proposed final order without further notice or hearing.

8. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062 and 9014 or otherwise, the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry.

9. Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

10. Upon notice to the parties and no objection having been interposed, an affiliated debtor shall be deemed to be a "Future Debtor" upon the Court's entry of an order authorizing the joint administration of such Future Debtor's Chapter 11 case with the Chapter 11 cases of the Debtors. Upon notice to the parties and no objection having been interposed, the relief granted by this Interim Order shall apply to the Future Debtor in these jointly-administered cases.

11. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Interim Order.

Dated: May 15, 2012
      New York, New York

                                                    *s/ James M. Peck*
                                                 Honorable James M. Peck
                                                 United States Bankruptcy Judge