UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

### ORDER UNDER BANKRUPTCY CODE SECTIONS 105, 507 AND 541 AND BANKRUPTCY RULE 6003 AUTHORIZING DEBTORS TO HONOR CERTAIN PREPETITION OBLIGATIONS TO CUSTOMERS

Upon the motion (the "Motion")[1] of the Debtors for entry of an order, under Bankruptcy Code sections 105, 507 and 541 and Bankruptcy Rule 6003, authorizing, but not directing, the Debtors to honor all prepetition obligations to act as a payment conduit under the Services Payment Conduit Program; and upon the Whitlinger Affidavit; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these Chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this proceeding on the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation thereon; and sufficient cause appearing therefor, it is hereby

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion. Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases or the relief granted herein may refer to http://www.kccllc.net/rescap for additional information.

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized, but not directed, to honor those prepetition Customer Obligations related to the transfer of Conduit Payments paid by customers for services provided by third party service providers, in the same manner as such obligations were honored and such Customer Obligations were implemented before the commencement of these Chapter 11 cases, subject to any orders providing for the postpetition use of cash collateral or postpetition financing.

3. All applicable banks and other financial institutions shall be, and hereby are, authorized and directed to receive, process, honor and pay all checks on account of Conduit Payments, whether presented before or after the Petition Date; *provided*, *however*, that sufficient funds are in deposit in the accounts. The Debtors shall be, and hereby are, authorized to issue replacement checks postpetition on account of the Services Payment Conduit Program to replace any prepetition checks that may be dishonored or rejected.

4. The Debtors are authorized and empowered, but not directed, to take all actions and execute such documents as may be necessary or appropriate to carry out the relief granted herein.

5. Nothing herein shall be deemed to limit the rights of the Debtors to operate their businesses in the ordinary course, and no subsequent order shall be required to confirm such rights.

6. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim against the Debtors or an approval or assumption of any contract

or agreement under Bankruptcy Code section 365 or the waiver by the Debtors or their non-debtor affiliates of any of their rights pursuant to any agreement by operation of law or otherwise.

7. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall create, nor is it intended to create, any rights in favor of, or to enhance the status of any claim held by, any entity.

8. Notwithstanding anything to the contrary in this Order, any action to be taken pursuant to the relief authorized in this Order is subject to the terms of any cash collateral order or debtor in possession financing order entered in these Chapter 11 proceedings.

9. The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

10. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

11. Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

12. Upon notice to the parties and no objection having been interposed, an affiliated debtor shall be deemed to be a "Future Debtor" upon the Court's entry of an order authorizing the joint administration of such Future Debtor's Chapter 11 case with the Chapter 11 cases of the Debtors. Upon notice to the parties and no objection having been interposed, the relief granted by this Order shall apply to the Future Debtor in these jointly-administered cases.

13. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: New York, New York
       May 15, 2012

                                                      *s/ James M. Peck*
                                                 Honorable James M. Peck
                                                 United States Bankruptcy Judge