**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

**ORDER AUTHORIZING RETENTION AND APPOINTMENT OF KURTZMAN CARSON CONSULTANTS LLC AS CLAIMS AND NOTICING AGENT UNDER 28 U.S.C. § 156(c), 11 U.S.C. § 105(a), S.D.N.Y. LBR 5075-1 AND GENERAL ORDER M-409 AND GRANTING RELATED RELIEF**

Upon the application (the "Application")[1] of Residential Capital, LLC, and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), for entry of an order authorizing the retention and appointment of Kurtzman Carson Consultants LLC ("KCC") as the Claims and Noticing Agent (the "Claims and Noticing Agent"), under 28 U.S.C. §156(c), section 105(a) of the Bankruptcy Code, S.D.N.Y. LBR 5075-1 and General Order M-409 to, among other things, (i) distribute required notices to parties in interest, (ii) receive, maintain, docket and otherwise administer the proofs of claim filed in the Debtors' Chapter 11 cases, and (iii) provide such other administrative services – as required by the Debtors – that would fall within the purview of services to be provided by the Clerk's Office; and upon the Whitlinger Affidavit and the Kass Declaration submitted in support of the Application; and the Debtors having estimated that there are in excess of 1,000 creditors in these Chapter 11 cases, many of which are expected to file proofs of claim, and it appearing that the receiving, docketing and maintaining of proofs of claim would be unduly time consuming and burdensome for the Clerk;

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application. Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases or the relief granted herein may refer to http://www.kccllc.net/rescap for additional information.

and the Court being authorized under 28 U.S.C. §156(c) to utilize, at the Debtors' expense, outside agents and facilities to provide notices to parties in title 11 cases and to receive, docket, maintain, photocopy and transmit proofs of claim; and the Court being satisfied that the Claims and Noticing Agent has the capability and experience to provide such services and that the Claims and Noticing Agent does not hold an interest adverse to the Debtors or the estates respecting the matters upon which it is to be engaged; and good and sufficient notice of the Application having been given; and no other or further notice being required; and it appearing that the employment of the Claims and Noticing Agent is in the best interests of the Debtors, the estates and creditors; and sufficient cause appearing therefor; it is hereby

**ORDERED,** that, notwithstanding the terms of the Engagement Agreement attached to the Application, the Application is approved solely as set forth in this Order; and it is further

**ORDERED,** that the Debtors are authorized to retain the Claims and Noticing Agent *nunc pro tunc* to the Petition Date under the terms of the Engagement Agreement, and the Claims and Noticing Agent is authorized and directed to perform noticing services and to receive, maintain, record and otherwise administer the proofs of claim filed in these Chapter 11 cases, and all related tasks, all as described in the Application (the "Claims and Noticing Services"); and it is further

**ORDERED,** that the Claims and Noticing Agent shall serve as the custodian of court records and shall be designated as the authorized repository for all proofs of claim filed in these Chapter 11 cases and is authorized and directed to maintain official claims registers for each of the Debtors and to provide the Clerk with a certified duplicate thereof upon the request of the Clerk; and it is further

**ORDERED,** that the Claims and Noticing Agent is authorized and directed to obtain a post office box or address for the receipt of proofs of claim; and it is further

**ORDERED,** that the Claims and Noticing Agent is authorized to take such other action to comply with all duties set forth in the Application; and it is further

**ORDERED,** that the Debtors are authorized to compensate the Claims and Noticing Agent in accordance with the terms of the Engagement Agreement upon the receipt of reasonably detailed invoices setting forth the services provided by the Claims and Noticing Agent and the rates charged for each, and to reimburse the Claims and Noticing Agent for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for the Claims and Noticing Agent to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses; and it is further

**ORDERED,** that the Claims and Noticing Agent shall maintain records of all services showing dates, categories of services, fees charged and expenses incurred, and shall serve monthly invoices on the Debtors, the Office of the United States Trustee for the Southern District of New York, counsel for the Debtors, counsel for any official committee, if any, monitoring the expenses of the Debtors and any party-in-interest who specifically requests service of the monthly invoices; and it is further

**ORDERED,** that the parties shall meet and confer in an attempt to resolve any dispute that may arise relating to the Engagement Agreement or monthly invoices, and that the parties may seek resolution of the matter from the Court if resolution is not achieved; and it is further

**ORDERED**, that pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of the Claims and Noticing Agent under this Order shall be an administrative expense of the Debtors' estates; and it is further

**ORDERED**, that the Claims and Noticing Agent may apply its retainer to all prepetition invoices, which retainer shall be replenished to the original retainer amount, and thereafter, the Claims and Noticing Agent may hold its retainer under the Engagement Agreement during the Chapter 11 cases as security for the payment of fees and expenses incurred under the Engagement Agreement; and it is further

**ORDERED**, that the Debtors shall indemnify the Claims and Noticing Agent under the terms of the Engagement Agreement; and it is further

**ORDERED**, that all requests by the Claims and Noticing Agent for the payment of indemnification as set forth in the Engagement Agreement shall be made by means of an application to the Court and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Agreement and is reasonable under the circumstances of the litigation or settlement in respect of which indemnity is sought, <u>provided however</u>, that in no event shall the Claims and Noticing Agent be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct; and it is further

**ORDERED**, that in the event that the Claims and Noticing Agent seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the Engagement Agreement, the invoices and supporting time records for the attorneys' fees and expenses shall be included in the Claims and

Noticing Agent's own applications, both interim and final, but determined by this Court after notice and a hearing; and it is further

**ORDERED,** that in the event the Claims and Noticing Agent is unable to provide the services set out in this order, the Claims and Noticing Agent will immediately notify the Clerk and Debtors' attorney and cause to have all original proofs of claim and computer information turned over to another claims and noticing agent with the advice and consent of the Clerk and Debtors' attorney; and it is further

**ORDERED**, that the Debtors may submit a separate retention application, pursuant to 11 U.S.C. § 327 and/or any applicable law, for work that is to be performed by the Claims and Noticing Agent but is not specifically authorized by this Order; and it is further

**ORDERED**, that the Debtors and the Claims and Noticing Agent are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application; and it is further

**ORDERED,** that the Claims and Noticing Agent shall not cease providing claims processing services during the Chapter 11 case(s) for any reason, including nonpayment, without an order of the Court; and it is further

**ORDERED,** that in the event of any inconsistency between the Engagement Agreement, the Application and the Order, the Order shall govern; and it is further

**ORDERED**, that, notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent

judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates; and it is further

**ORDERED**, that upon notice to the parties and no objection having been interposed, an affiliated debtor shall be deemed to be a "Future Debtor" upon the Court's entry of an order authorizing the joint administration of such Future Debtor's Chapter 11 case with the Chapter 11 cases of the Debtors. Upon notice to the parties and no objection having been interposed, the relief granted by this Order shall apply to the Future Debtor in these jointly-administered cases; and it is further

**ORDERED**, that, notwithstanding any term in the Engagement Agreement to the contrary, the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: May 15, 2012
      New York, New York

                                                    _____*s/ James M. Peck*_____
                                                    Honorable James M. Peck
                                                    United States Bankruptcy Judge