MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Larren M. Nashelsky
Gary S. Lee
Todd M. Goren
Alexandra Steinberg Barrage

*Proposed Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**NOTICE OF FILING OF CORRECTED EXHIBIT C-1 TO DEBTORS' MOTION
PURSUANT TO 11 U.S.C. §§ 105, 363(b), (f), AND (m), 365 AND 1123, AND FED R.
BANKR. P. 2002, 6004, 6006, and 9014 FOR ORDERS: (A)(I) AUTHORIZING AND
APPROVING SALE PROCEDURES, INCLUDING BREAK-UP FEE AND EXPENSE
REIMBURSEMENT; (II) SCHEDULING BID DEADLINE AND SALE HEARING;
(III) APPROVING FORM AND MANNER OF NOTICE THEREOF; AND
(IV) GRANTING RELATED RELIEF AND (B)(I) AUTHORIZING THE SALE OF
CERTAIN ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND
OTHER INTERESTS; (II) AUTHORIZING AND APPROVING ASSET PURCHASE
AGREEMENTS THERETO; (III) APPROVING THE ASSUMPTION AND ASSIGNMENT
OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES RELATED
THERETO; AND (IV) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE THAT** on May 14, 2012, the debtors and debtors in

possession in the above-captioned cases (collectively, the "Debtors")[1] filed the *Debtors' Motion*

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC in Support of the Chapter 11 Petitions and First Day Pleadings [Docket No. 6].

ny-1041518

*Pursuant to 11 U.S.C. §§ 105, 363(b), (f), and (m), 365 and 1123, and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 For Order: (A)(I) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expense Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Asset Purchase Agreements Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief* (the "Sale Motion") [Docket 61].

**PLEASE TAKE FURTHER NOTICE THAT** the Debtors hereby submit a corrected Summary of AFI APA Agreement (the "Summary") which appears as Exhibit C-1 to the Sale Motion and is attached hereto as Exhibit A. A redline copy of the corrected Summary is attached hereto as Exhibit B.

Dated:  May 17, 2012
         New York, New York

                                                    */s/   Larren M. Nashelsky*
                                                    Larren M. Nashelsky
                                                    Gary S. Lee
                                                    Lorenzo Marinuzzi
                                                    MORRISON & FOERSTER LLP
                                                    1290 Avenue of the Americas
                                                    New York, New York 10104
                                                    Telephone: (212) 468-8000
                                                    Facsimile: (212) 468-7900

                                                    *Proposed Counsel for the Debtors and
                                                    Debtors in Possession*

# EXHIBIT A

12-12020-mg    Doc 107    Filed 05/17/12    Entered 05/17/12 21:21:41    Main Document
Pg 3 of 17

ny-1041518

**EXHIBIT A**

# SUMMARY OF AFI APA AGREEMENT[1]

Asset Purchase Agreement, dated as of May 13, 2012, between Ally Financial Inc. ("Parent") and BMMZ Holdings LLC ("Purchaser"), and Residential Capital, LLC, Residential Funding Company, LLC, GMAC Mortgage, LLC and the additional sellers indentified therein (collectively "Sellers") (the "Agreement").

Terms used but not defined in this term sheet shall have the meaning set forth in the Agreement.

| **Purchase and Sale of Purchased Assets** | Purchaser will acquire the following assets of the Sellers:<br><br>• the pool of Whole Loans, servicing released to the extent of the Purchased Servicing Rights (including any and all Primary Servicing Rights and Master Servicing Rights included in the Purchased Servicing Rights owned by a Seller), and the right to all payments of Accrued Interest, principal, penalties, fees, charges and other amounts received or receivable on or in respect of the Mortgage Loans after the Closing Date (except to the extent that an SBO Servicer is entitled to such amounts under an SBO Servicing Agreement), together with the Mortgage Files and the Credit Files, and any and all proceeds of the foregoing;<br><br>• Mortgage Securities;<br><br>• Advances as of the Closing Date related to the Mortgage Loans; and<br><br>• Purchased Servicing Rights and the related Servicing Files.<br><br>In addition, the Purchaser will acquire certain rights in litigation, certain rights under insurance policies, and to the extent transferable, all guaranties, warranties and indemnities related to the Purchased Assets. |
|---|---|
| **Purchase Price** | In consideration for the sale of the Purchased Assets to Purchaser, Sellers will receive approximately $1.6 billion if the sale is consummated pursuant to a chapter 11 plan of the Sellers. Such Purchase Price is subject to adjustment. If the sale is consummated pursuant to a section 363 sale outside of a chapter 11 plan, Sellers will receive approximately $1.4 billion, subject to adjustment. |
| **Required Consents** | None, other than the approvals required from the Bankruptcy Court. |
| **Representations and Warranties** | Sellers have made representations and warranties to Purchaser with respect to: |

---

[1] This summary has been prepared solely for the convenience of the parties. To the extent any of the terms described herein are in any way inconsistent with the terms of the AFI APA, the AFI APA shall control in all respects.

NY2-702926

| | |
|---|---|
| | (i) Organization and Authority; |
| | (ii) Non-contravention; |
| | (iii) Consents and Approvals; |
| | (iv) Title to Assets; |
| | (v) Mortgage Loan Portfolio; |
| | (vi) Litigation and Claims; |
| | (vii) Brokers, Finders and Financial Advisors; |
| | (viii) Whole Loans; and |
| | (ix) Mortgage Securities. |
| | These representations and warranties are subject to materiality and other exceptions, some of which are set forth in the Disclosure Memorandum provided by the Sellers to Purchaser. |
| | The Purchaser has made representations and warranties to the Sellers with respect to : |
| | (i) Organization and Authority; |
| | (ii) Non-Contravention; |
| | (iii) Consents and Approvals; |
| | (iv) Financing; |
| | (v) Non-reliance on information not expressly provided in the Agreement; and |
| | (vi) Brokers, Finders and Financial Advisors. |
| | Except for the representations and warranties set forth in the Agreement, the sale of the Purchased Assets is "AS IS," "WHERE IS." |
| **Pre-Closing Covenants** | Other pre-closing covenants relate to: |
| | (i) Subsequent Actions; Further Assurances, including using commercially reasonable efforts to actions to consummate the transactions contemplated by the Agreement; |
| | (ii) Third Party Consents; |

|  | (iii) Access to Information; |
|---|---|
|  | (iv) Interim operations of the Business, particularly outside the Ordinary Course of Business; |
|  | (v) Mortgage Approvals and Licenses; |
|  | (vi) Notices of Certain Events; |
|  | (vii) Tax Matters; |
|  | (viii) Insurance; |
|  | (ix) Mortgage Loan Schedules; |
|  | (x) Bankruptcy Actions; |
|  | (vii) Antitrust Clearances; |
|  | (viii) Post-Closing Amounts Received and Paid; |
|  | (ix) Confidentiality; |
|  | (x) Delivery of Mortgage Files; |
|  | (xi) Third Party Servicing Agreement; |
|  | (xii) Transfer of Servicing; |
|  | (xiii) Use of Proceeds; |
|  | (xiv) Electronic Data Files; |
|  | (xv) Transfer of Assets to DIP Borrowers; and |
|  | (xvi) Mortgage Loan Modifications. |
| **Closing Date and Closing Conditions** | Closing shall occur after the necessary conditions to closing have been satisfied or waived.  Material conditions to the obligations of each party to consummate the closing include: |
|  | (i) The entry of the Sale Procedures Order, the Sale Approval Order and the Confirmation Order; |
|  | (ii) No judgments or injunction barring Closing; |
|  | (iii) The Purchaser's receipt of the necessary Agency Approvals; and |

|  | |
|---|---|
|  | (iv) Expiration of the applicable antitrust waiting period.<br><br>Additional conditions to the obligations of Sellers to consummate the closing include:<br><br>(i) Purchaser's representations and warranties being true on the Closing Date and Purchaser having complied with all covenants; and<br><br>(ii) Receipt of required third-party consents.<br><br>Additional conditions to the obligations of Purchaser to consummate the closing include:<br><br>(i) Sellers' representations and warranties being true on the Closing Date and Sellers having complied with all covenants;<br><br>(ii) Sale Approval Order having been entered and become a Final Order; and<br><br>(iii) Purchaser's receipt of all Licenses and Permits necessary to own the Purchased Assets in all material respects, or receipt of a written waiver by the relevant licensing Government Entity to operate the business without such License or Permit, pending the final issuance thereof. |
| **Termination** | The Agreement may be terminated:<br><br>(i) By mutual written consent of Sellers and Purchaser;<br><br>(ii) By either party if a permanent injunction or similar order against the transaction is entered;<br><br>(iii) By Purchaser if:<br><br>    a. the conditions to its obligations are not satisfied;<br><br>    b. Sellers breach the Agreement;<br><br>    c. the Sellers do not file the Petitions within two business days of the date of the Agreement; or<br><br>    d. the Sale Procedures Order has not been entered by the Bankruptcy Court by June 18, 2012;<br><br>    e. the Sale Procedures Order does not provide for the final bid deadline to occur not later than 90 calendar days following the entry of the Sale Procedures Order; |

NY2-702926

|  | f. the Auction, if any, is not concluded within seven Business Days following the final bid deadline; |
|---|---|
|  | g. the Sale Hearing does not occur within 30 days following the conclusion of the Auction;, or such other date as may be scheduled by the Bankruptcy Court that is no more than 40 days following the conclusion of the Auction; |
|  | h. the Confirmation Order has not been entered by October 31, 2012 and the Sale Approval Order has not been entered and become a Final Order without stay of its effectiveness by November 15, 2012; |
|  | i. the Chapter 11 Plan Effective Date has not occurred by December 15, 2012 and the Sale Approval Order has not been entered and become a Final Order without stay of effectiveness by December 20, 2012; |
|  | j. the Sale Approval Order once entered, is changed in a manner that is adverse to Purchaser without the consent of Purchaser in its sole discretion; |
|  | k. any Seller seeks to have the Bankruptcy Court enter an order dismissing the Bankruptcy Case of any Seller or converting it to a case under Chapter 7 of the Bankruptcy Code, or if the Bankruptcy Court enters an order dismissing the Bankruptcy Case of any Seller or converting the Bankruptcy Case of any Seller to a case under Chapter 7 of the Bankruptcy Code, or appoints a trustee in any Seller's Bankruptcy Case or an examiner with enlarged powers relating to the operation of Sellers' businesses, and such dismissal, conversion or appointment is not reversed or vacated within three business days after the entry thereof; or |
|  | l. Sellers' respective Boards of Directors approve an Alternative Restructuring or Sellers execute a letter of intent (or similar document) indicating their intention to pursue an Alternative Restructuring. |
|  | (iv) By Sellers if: |
|  | a. the conditions to the obligations of the Sellers are not satisfied; |
|  | b. Purchaser breaches the Agreement; or |
|  | (v) Automatically if the Bankruptcy Court enters an order approving a |

NY2-702926

|  | Competing Transaction.<br><br>(vi) by Sellers or Purchaser if the Closing shall not have occurred on or before December 31, 2012 (or such later date as mutually agreed to by Sellers and Purchaser). |
|---|---|
| **Regulatory Matters** | The Agreement is subject to antitrust clearances. The waiting period applicable to the transactions contemplated by the Agreement under the HSR Act shall have expired or been terminated. |
| **Survival** | Sellers and Purchaser agree that all of the representations, warranties and covenants of Sellers and Purchaser contained in the Agreement shall terminate at the Closing Date, except for those which by their terms shall survive the Closing Date. |

# **EXHIBIT B**

# SUMMARY OF AFI APA AGREEMENT[1]

Asset Purchase Agreement, dated as of May 13, 2012, between Ally Financial Inc. ("Parent") and BMMZ Holdings LLC ("Purchaser"), and Residential Capital, LLC, Residential Funding Company, LLC, GMAC Mortgage, LLC and the additional sellers indentified therein (collectively "Sellers") (the "Agreement").

Terms used but not defined in this term sheet shall have the meaning set forth in the Agreement.

| **Purchase and Sale of Purchased Assets** | Purchaser will acquire the following assets of the Sellers:<br><br>• the pool of Whole Loans, servicing released to the extent of the Purchased Servicing Rights (including any and all Primary Servicing Rights and Master Servicing Rights included in the Purchased Servicing Rights owned by a Seller), and the right to all payments of Accrued Interest, principal, penalties, fees, charges and other amounts received or receivable on or in respect of the Mortgage Loans after the Closing Date (except to the extent that an SBO Servicer is entitled to such amounts under an SBO Servicing Agreement), together with the Mortgage Files and the Credit Files, and any and all proceeds of the foregoing;<br><br>• Mortgage Securities;<br><br>• Advances as of the Closing Date related to the Mortgage Loans; and<br><br>• Purchased Servicing Rights and the related Servicing Files.<br><br>In addition, the Purchaser will acquire certain rights in litigation, certain rights under insurance policies, and to the extent transferable, all guaranties, warranties and indemnities related to the Purchased Assets. |
|---|---|
| **Purchase Price** | In consideration for the sale of the Purchased Assets to Purchaser, Sellers will receive approximately $1.6 billion[2] if the sale is consummated pursuant to a chapter 11 plan of the Sellers. Such Purchase Price is subject to adjustment. If the sale is consummated pursuant to a section 363 sale outside of a chapter 11 plan, Sellers will receive approximately $1.4 billion,[3] subject to adjustment. |
| **Required Consents** | None, other than the approvals required from the Bankruptcy Court. |

---

[1] This summary has been prepared solely for the convenience of the parties. To the extent any of the terms described herein are in any way inconsistent with the terms of the AFI APA, the AFI APA shall control in all respects.

[2] ~~The purchase price calculation is as of the 2/29/2012 balance sheet and data tapes.~~

[3] ~~The purchase price calculation is as of the 2/29/2012 balance sheet and data tapes.~~

NY2-702926

| **Representations and Warranties** | Sellers have made representations and warranties to Purchaser with respect to: |
|---|---|
| | (i)    Organization and Authority; |
| | (ii)   Non-contravention; |
| | (iii)  Consents and Approvals; |
| | (iv)  Title to Assets; |
| | (v)   Mortgage Loan Portfolio; |
| | (vi)  Litigation and Claims; |
| | (vii) Brokers, Finders and Financial Advisors; |
| | (viii) Whole Loans; and |
| | (ix)  Mortgage Securities. |
| | These representations and warranties are subject to materiality and other exceptions, some of which are set forth in the Disclosure Memorandum provided by the Sellers to Purchaser. |
| | The Purchaser has made representations and warranties to the Sellers with respect to : |
| | (i)    Organization and Authority; |
| | (ii)   Non-Contravention; |
| | (iii)  Consents and Approvals; |
| | (iv)  Financing; |
| | (v)   Non-reliance on information not expressly provided in the Agreement; and |
| | (vi)  Brokers, Finders and Financial Advisors. |
| | Except for the representations and warranties set forth in the Agreement, the sale of the Purchased Assets is "AS IS," "WHERE IS." |
| **Pre-Closing Covenants** | Other pre-closing covenants relate to: |
| | (i)   Subsequent Actions; Further Assurances, including using commercially reasonable efforts to actions to consummate the |

|  |  |
|---|---|
|  | transactions contemplated by the Agreement; |
|  | (ii) Third Party Consents; |
|  | (iii) Access to Information; |
|  | (iv) Interim operations of the Business, particularly outside the Ordinary Course of Business; |
|  | (v) Mortgage Approvals and Licenses; |
|  | (vi) Notices of Certain Events; |
|  | (vii) Tax Matters; |
|  | (viii) Insurance; |
|  | (ix) Mortgage Loan Schedules; |
|  | (x) Bankruptcy Actions; |
|  | (vii) Antitrust Clearances; |
|  | (viii) Post-Closing Amounts Received and Paid; |
|  | (ix) Confidentiality; |
|  | (x) Delivery of Mortgage Files; |
|  | (xi) Third Party Servicing Agreement; |
|  | (xii) Transfer of Servicing; |
|  | (xiii) Use of Proceeds; |
|  | (xiv) Electronic Data Files; |
|  | (xv) Transfer of Assets to DIP Borrowers; and |
|  | (xvi) Mortgage Loan Modifications. |
| **Closing Date and Closing Conditions** | Closing shall occur after the necessary conditions to closing have been satisfied or waived.  Material conditions to the obligations of each party to consummate the closing include:<br><br>(i) The entry of the Sale Procedures Order, the Sale Approval Order and the Confirmation Order; |

|  |  |
|---|---|
|  | (ii) No judgments or injunction barring Closing; <br><br> (iii) The Purchaser's receipt of the necessary Agency Approvals; and <br><br> (iv) Expiration of the applicable antitrust waiting period. <br><br> Additional conditions to the obligations of Sellers to consummate the closing include: <br><br> (i) Purchaser's representations and warranties being true on the Closing Date and Purchaser having complied with all covenants; and <br><br> (ii) Receipt of required third-party consents. <br><br> Additional conditions to the obligations of Purchaser to consummate the closing include: <br><br> (i) Sellers' representations and warranties being true on the Closing Date and Sellers having complied with all covenants; <br><br> (ii) Sale Approval Order having been entered and become a Final Order; and <br><br> (iii) Purchaser's receipt of all Licenses and Permits necessary to own the Purchased Assets in all material respects, or receipt of a written waiver by the relevant licensing Government Entity to operate the business without such License or Permit, pending the final issuance thereof. |
| **Termination** | The Agreement may be terminated: <br><br> (i) By mutual written consent of Sellers and Purchaser; <br><br> (ii) By either party if a permanent injunction or similar order against the transaction is entered; <br><br> (iii) By Purchaser if: <br><br>     a. the conditions to its obligations are not satisfied; <br><br>     b. Sellers breach the Agreement; <br><br>     c. the Sellers do not file the Petitions within two business days of the date of the Agreement; or <br><br>     d. the Sale Procedures Order has not been entered by the Bankruptcy Court by June 18, 2012; |

NY2-702926

e. the Sale Procedures Order does not provide for the final bid deadline to occur not later than 90 calendar days following the entry of the Sale Procedures Order;

f. the Auction, if any, is not concluded within seven Business Days following the final bid deadline;

g. the Sale Hearing does not occur within 30 days following the conclusion of the Auction;, or such other date as may be scheduled by the Bankruptcy Court that is no more than 40 days following the conclusion of the Auction;

h. the Confirmation Order has not been entered by October 31, 2012 and the Sale Approval Order has not been entered and become a Final Order without stay of its effectiveness by November 15, 2012;

i. the Chapter 11 Plan Effective Date has not occurred by December 15, 2012 and the Sale Approval Order has not been entered and become a Final Order without stay of effectiveness by December ~~15,~~20, 2012;

j. the Sale Approval Order once entered, is changed in a manner that is adverse to Purchaser without the consent of Purchaser in its sole discretion;

k. any Seller seeks to have the Bankruptcy Court enter an order dismissing the Bankruptcy Case of any Seller or converting it to a case under Chapter 7 of the Bankruptcy Code, or if the Bankruptcy Court enters an order dismissing the Bankruptcy Case of any Seller or converting the Bankruptcy Case of any Seller to a case under Chapter 7 of the Bankruptcy Code, or appoints a trustee in any Seller's Bankruptcy Case or an examiner with enlarged powers relating to the operation of Sellers' businesses, and such dismissal, conversion or appointment is not reversed or vacated within three business days after the entry thereof; or

l. Sellers' respective Boards of Directors approve an Alternative Restructuring or Sellers execute a letter of intent (or similar document) indicating their intention to pursue an Alternative Restructuring.

(iv) By Sellers if:

a. the conditions to the obligations of the Sellers are not

|  | satisfied; |
|---|---|
|  | b. Purchaser breaches the Agreement; or |
|  | (v) Automatically if the Bankruptcy Court enters an order approving a Competing Transaction. |
|  | (vi) by Sellers or Purchaser if the Closing shall not have occurred on or before December 31, 2012 (or such later date as mutually agreed to by Sellers and Purchaser). |
| **Regulatory Matters** | The Agreement is subject to antitrust clearances.  The waiting period applicable to the transactions contemplated by the Agreement under the HSR Act shall have expired or been terminated except for those which by their terms shall survive the Closing Date.. |
| **Survival** | Sellers and Purchaser agree that all of the representations, warranties and covenants of Sellers and Purchaser contained in the Agreement shall terminate at the Closing Date, except for those which by their terms shall survive the Closing Date. |

Document comparison by Workshare Professional on Thursday, May 17, 2012 4:52:15 PM

| Input: | |
|---|---|
| Document 1 ID | PowerDocs://NY2/702926/6 |
| Description | NY2-#702926-v6-Bounce_-_AFI_APA_Term_Sheet |
| Document 2 ID | PowerDocs://NY2/702926/7 |
| Description | NY2-#702926-v7-Bounce_-_AFI_APA_Term_Sheet |
| Rendering set | standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
|  | Count |
| Insertions | 5 |
| Deletions | 6 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 11 |