**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**INTERIM ORDER UNDER BANKRUPTCY CODE SECTIONS 105(a), 363, 506(a), 507(a)(8), 541 AND 1129 AND BANKRUPTCY RULE 6003 AUTHORIZING PAYMENT OF TAXES AND REGULATORY FEES**

Upon the motion (the "Motion")[1] of Residential Capital, LLC, and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors") for entry of an order, under Bankruptcy Code sections 105(a), 363, 506(a), 507(a)(8), 541 and 1129 and Bankruptcy Rule 6003, (i) authorizing the Debtors to pay Taxes and Regulatory Fees to the Authorities as well as reimburse AFI for Taxes and Regulatory Fees paid on the Debtors' behalf, and (ii) scheduling a final hearing on the relief requested; and upon the Whitlinger Affidavit; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these Chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this proceeding on the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation thereon;

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion. Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases or the relief granted herein may refer to http://www.kccllc.net/rescap for additional information.

and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED, on an interim basis, as set forth herein.

2. The Debtors are authorized, in their discretion, to pay all Taxes and Regulatory Fees owing to the Authorities, including but not limited to those Authorities listed on Exhibit C annexed to the Motion, in the ordinary course of their businesses, including, but not limited to, the payment of Taxes and Regulatory Fees relating to prepetition and postpetition amounts, as well as any tax audits that have been completed, are in progress or which may commence in the ordinary course of business, *provided however*, that the Debtors are authorized but not required to pay only amounts due and payable as of the Petition Date and amounts that are or become due and payable between the Petition Date the date that a Final Order is entered, unless otherwise ordered by this Court; *provided*, *however*, *further*, that the Debtors are authorized to continue to participate in the AFI Corporate Credit Card program, although the Debtors are not authorized to make the AFI Payments on account of prepetition liabilities pending entry of a final order on the Motion.

3. In exercising their discretion, the Debtors may elect to prefer trust fund taxes or such other Taxes and Regulatory Fees, including taxes as to which their officers and directors may have personal liability in the event of nonpayment by the Debtors.

4. All applicable banks and other financial institutions are hereby authorized and directed to receive, process, honor and pay any and all checks evidencing amounts paid by the Debtors pursuant to the Motion, whether presented prior to or after the Petition Date.

5. To the extent the Debtors have not yet sought to remit payment to the Authorities, the Debtors are authorized, but not directed, to issue checks or provide for other

means of payment to the Authorities, to the extent necessary to pay the Taxes and Regulatory Fees, as provided herein.

6. This Order is without prejudice to the Debtors' rights to contest the amounts of any Taxes and Regulatory Fees on any grounds that they deem appropriate.

7. Notwithstanding the relief granted herein or any actions take hereunder, nothing contained in this Order shall create any rights in favor of, or enhance the status of any claim held by, any Authority.

8. All amounts authorized to be paid pursuant to this order are subject to the limitations and restrictions imposed by the Approved DIP Budget (as defined in the DIP Credit Agreement). To the extent that there is any inconsistency between the terms of this order and the terms of any order relating to postpetition financing or cash collateral, the terms of the orders relating to postpetition financing or cash collateral shall govern.

9. The final hearing, if required, to consider the Motion and proposed Final Order is scheduled for June 12, 2012 at 10:00 a.m. (prevailing Eastern Time) before the Court. Any objections or responses to the Motion must be filed with the Clerk of the Bankruptcy Court and served upon and received by the Initial Notice Parties, on or before June 5, 2012 at 4:00 p.m. prevailing Eastern Time. If no objections are filed to the Motion, the Court may enter the proposed Final Order without further notice or hearing.

10. The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

11. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

12. Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

13. Upon notice to the parties and no objection having been interposed, an affiliated debtor shall be deemed to be a "Future Debtor" upon the Court's entry of an order authorizing the joint administration of such Future Debtor's Chapter 11 case with the Chapter 11 cases of the Debtors. Upon notice to the parties and no objection having been interposed, the relief granted by this Order shall apply to the Future Debtor in these jointly-administered cases.

14. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: May 18, 2012
       New York, New York

                                               **/s/Martin Glenn**
                                               MARTIN GLENN
                                   United States Bankruptcy Judge