# EXHIBIT C

## PROPOSED AFI SALE APPROVAL ORDER

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

---------------------------------------------------------------------

### AMENDED ORDER UNDER 11 U.S.C. §§ 105, 363, AND 365 AND FED. R.  BANKR. P. 2002, 6004, 6006, AND 9014 (I) APPROVING (A) SALE OF DEBTORS' ASSETS PURSUANT TO ASSET PURCHASE AGREEMENT WITH ALLY FINANCIAL INC. AND BMMZ HOLDINGS LLC; (B) SALE OF PURCHASED ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; AND (C) RELATED AGREEMENTS; AND (II) GRANTING RELATED RELIEF

Upon the motion, dated May 14, 2012 (the "Motion"), of Residential Capital, LLC ("ResCap") and certain of its affiliates, as debtors in possession in the above-captioned Chapter 11 cases (collectively, the "Debtors"),[1] for entry of an order, under Bankruptcy Code sections 105, 363, and 365 and Bankruptcy Rules 2002, 6004, 6006 and 9014 authorizing and approving (i) that certain Asset Purchase Agreement, dated as of May 13, 2012, a copy of which is attached hereto as Exhibit 1, (including all schedules, exhibits, and attachments thereto, including the Ancillary Agreements (as such term is defined therein) to be entered into by and among the parties as contemplated therein, collectively, the "AFI APA"), by and among Ally Financial Inc. ("AFI"), BMMZ Holdings LLC ("Purchaser"), ResCap, Residential Funding Company, LLC ("RFC"), and GMAC Mortgage, LLC ("GMAC Mortgage" and, together with

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to such terms in the AFI APA.  Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases or the relief granted herein may refer to http://www.kccllc.net/rescap for additional information.

ResCap and RFC, the "Sellers", and each individually, a "Seller"); (ii) the sale and all related transactions, in accordance with the AFI APA and this Order (the "Sale"), of all of the Debtors' right, title, and interest in, to and under the Purchased Assets to the Purchaser free and clear of all Claims[2], Liens[3], encumbrances, or other interests (including, any and all "claims" as defined in section 101(5) of the Bankruptcy Code and any rights or claims based on any successor or transferee liability) other than the Permitted Liens (collectively, all such Claims, Liens, encumbrances and other interests other than the Permitted Liens, "Interests"), with such Interests transferring and attaching to the proceeds of the Sale with the same validity and priority as such Interests had in the Purchased Assets immediately prior to the Sale; and (iii) granting related relief; and upon the Whitlinger Affidavit, pursuant to Local Bankruptcy Rule 1007-2; the Greene Declaration; and the Court having entered an order, dated [    ], 2012 (the "Sale Procedures Order"), authorizing and approving the Sale Procedures notice of the Sale and the hearing to consider approval of the Sale (the "Sale Hearing")[4]; and an Auction having been held in accordance with the Sale Procedures Order; and at the conclusion of the Auction, the Purchaser was chosen as the Successful Bidder (as defined in the Sale Procedures Order) in accordance with the Sales Procedures Order; and the Sale Hearing having been held on [        ], 2012 to

---

[2]    For the convenience of the parties, the AFI APA defines "Claims" to mean "any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured, known or unknown; or any right to an equitable remedy for breach of performance if such breach gives rise to a right of payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured, known or unknown."

[3]    For the convenience of the parties, the AFI APA defines "Lien" to mean "any lien, charge, claim, pledge, deed of trust, right of first refusal, security interest, conditional sale agreement or other title retention agreement, lease, mortgage, option, proxy, hypothecation, voting trust agreement, transfer restriction, easement, servitude, encroachment, or other encumbrance (including the filing of, or agreement to give, any financing statement under the Uniform Commercial Code of any jurisdiction)."

[4]    For the purposes of this Order, the term "Sale Hearing" shall be any hearing at which the approval of the Sale is considered, including a hearing to consider confirmation of a plan of reorganization if the Sale is approved in connection therewith.

ny-1040884

consider the relief requested in the Motion; the record of the Sale Hearing, and all of the
proceedings before the Court; and the Court having reviewed the Motion and any objections
thereto (the "Objections"); and all parties in interest having been afforded an opportunity to be
heard with respect to the Motion and all of the relief related thereto; and it appearing that the
relief requested by the Motion is in the best interests of the Debtors' estates, their creditors, and
other parties in interest; and after due deliberation thereon; and sufficient cause appearing
therefore, it is

### FOUND AND DETERMINED THAT:[5]

A.    **Jurisdiction and Venue.**  This Court has jurisdiction over the Motion and
the Sale pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to
28 U.S.C. § 157(b)(2)(A) and (N).  Venue of these cases and the Motion in this District is proper
under 28 U.S.C. §§ 1408 and 1409.

B.    **Statutory Predicates.**  The statutory predicates for the relief sought in the
Motion are sections 105(a) and 363 of the Bankruptcy Code, as supplemented by Bankruptcy
Rules 2002, 6004, 9007 and 9014.  The consummation of the Sale contemplated by the AFI APA
and this Order is legal, valid and properly authorized under all such provisions of the Bankruptcy
Code and Bankruptcy Rules, and all of the applicable requirements of such sections and rules
have been complied with in respect of the Sale.

C.    **Notice.**  As evidenced by the affidavits and certificates of service and
Publication Notice previously filed with the Court and based on the representations of counsel at

---

[5]    The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law
pursuant to Fed. R. Bankr. P. 7052, made applicable to this proceeding pursuant to Fed. R. Bankr. P. 9014.  To
the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the
extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

ny-1040884

the Sale Procedures Hearing and the Sale Hearing, proper, timely, adequate, and sufficient notice of the Motion, the Sale Procedures, the Sale, the Auction, and the Sale Hearing have been provided in accordance with sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rules 2002(a), 6004(a), 9007 and 9014 and in compliance with the Sale Procedures Order to all interested persons and entities, including: (i) the Office of the United States Trustee for the Southern District of New York, (ii) the attorneys for the U.S. Treasury, (iii) the attorneys for ResCap's prepetition secured credit facilities, (iv) the attorneys for the agent under the Debtors' prepetition amended and restated secured revolving credit agreement, (v) the attorneys for the agent under the Debtors' post-petition debtor in possession financing facility, (vi) the attorneys for the statutory committee of unsecured creditors appointed in the Debtors' Chapter 11 cases (the "Creditors' Committee") (if no statutory committee of unsecured creditors has been appointed, the holders of the fifty largest unsecured claims against the Debtors on a consolidated basis), (vii) the attorneys for the ad hoc bondholders' committee, (viii) the attorneys for the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, and the Government National Mortgage Association, (ix) any party who, in the past year, expressed in writing to the Debtors an interest in the Purchased Assets and who the Debtors and their representatives reasonably and in good faith determine potentially have the financial wherewithal to effectuate the transaction contemplated in the APA, (x) all trustees, certificate holders, investors, rating agencies, mortgage insurers and any parties to any pooling and servicing agreements, assignment, assumption and recognition agreements, Servicing Agreements, subservicing agreements or similar agreements (all such parties in this clause (x), the "Interested Contract Parties"); (xi) all parties who are known to have asserted or believed by Debtors to hold any Interest in or on the Purchased Assets, (xii) the Securities and Exchange Commission,

4

(xiii) the Internal Revenue Service, (xiv) all applicable state attorneys' general, and local
authorities, (xv) all applicable state and local taxing authorities, (xvi) the Federal Trade
Commission, (xvii) the United States Department of Justice, (xviii) the United States Attorney's
Office, (xix) the office of the New York Attorney General; and (xx) all entities that requested
notice in these Chapter 11 cases under Bankruptcy Rule 2002 (collectively, the "Notice Parties").
The Debtors published Notice of Auction and Sale Hearing in the national edition of *The Wall
Street Journal* and *The New York Times*.  The notice described in this <u>Paragraph C</u> is good,
sufficient and appropriate under the circumstances, and no other or further notice of the Motion,
the Auction, the Sale Hearing, the AFI APA, the Sale, and this Order is or shall be required.
With respect to parties who may have claims against the Debtors, but whose identities are not
reasonably ascertainable by the Debtors, the Publication Notice described above was sufficient
and reasonably calculated under the circumstances to reach such parties.

D.    **Extensive Efforts by Debtors.**  As of the Petition Date and for a period of
more than 7 months before the commencement of these Chapter 11 cases, the Debtors worked
with their counsel and financial advisors, AFI, and various governmental constituencies to
implement a viable transaction that would allow them to continue their operations.  The Debtors
presented credible evidence that, as of the Petition Date, they had explored various strategic
alternatives for the Debtors' businesses over an extended period of time and had communicated
with 5 parties about a possible sale of all or substantially all of the Debtors' assets.  The Sale is
the result of the Debtors' extensive efforts in seeking to maximize recoveries to the Debtors'
estates, for the benefit of creditors.

E.    **Business Justification.**    The Debtors have demonstrated compelling
circumstances and a good, sufficient, and sound business purpose and justification for the sale of

5

the Purchased Assets.  In light of the circumstances of these Chapter 11 cases and the risk of deterioration in the going concern value of the Purchased Assets pending the Sale, time is of the essence in (i) consummating the Sale, (ii) preserving the viability of the Debtors' businesses as going concerns, and (iii) minimizing the widespread and adverse economic consequences for the Debtors, their estates, and their creditors and employees.

F.    **Sale Procedures Order.**  On [      ], 2012, this Court entered the Sale Procedures Order approving Sale Procedures for the Purchased Assets.  The Sale Procedures provided a full, fair and reasonable opportunity for any entity to make an offer to purchase the Purchased Assets.

G.    **Adequate Marketing; Highest or Best Offer.**  As demonstrated by (i) the testimony and other evidence proffered or adduced at the Sale Hearing, and (ii) the representations of counsel made on the record at the Sale Hearing, (a) the Debtors have adequately marketed the Purchased Assets and conducted the sale process in compliance with the Sale Procedures Order; (b) a reasonable opportunity has been given to any interested party to make a higher or better offer for the Purchased Assets; (c) the consideration provided for in the AFI APA constitutes the highest or otherwise best offer for the Purchased Assets; (d) the consideration provides fair and reasonable consideration for the Purchased Assets and constitutes reasonably equivalent value under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia; (e) the Sale will provide a greater recovery for the Debtors' creditors than would be provided by any other practically available alternative, including liquidation under Chapters 7 or 11 of the Bankruptcy Code; (f) taking into consideration all relevant factors and circumstances, no other entity has offered to purchase the Purchased Assets for greater economic value to the Debtors or their estates; and (g) the Debtors'

6

determination that the AFI APA constitutes the highest and best offer for the Purchased Assets constitutes a valid and sound exercise of the Debtors' business judgment.

H.    **Opportunity to Object.**  A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested Persons, including the Notice Parties.

I.    **Sale in Best Interests.**  The actions represented to be taken by the Sellers and the Purchaser are appropriate under the circumstances of these Chapter 11 cases and are in the best interests of the Debtors, their estates and creditors, and other parties in interest. Approval of the AFI APA and circumstances of the Sale at this time is in the best interests of the Debtors, their creditors, their estates, and all other parties in interest.

J.    **No *Sub Rosa* Plan.**  In the event the Sale is approved under section 363 of the Bankruptcy Code, the consummation of the Sale outside of a plan of reorganization pursuant to the AFI APA neither impermissibly restructures the rights of the Debtors' creditors nor impermissibly dictates the terms of a liquidating plan of reorganization for the Debtors.  The Sale does not constitute a *sub rosa* plan of reorganization.

K.    **Arm's-Length Sale.**  The AFI APA was negotiated, proposed, and entered into by the Sellers and the Purchaser without collusion, in good faith, and from arm's-length bargaining positions.  Neither the Sellers, their insiders and affiliates, nor the Purchaser have engaged in any conduct that would cause or permit the AFI APA or any part of the Sale to be avoided under section 363(n) of the Bankruptcy Code.

L.    **Good Faith Purchaser.**  The Purchaser is a good faith purchaser under section 363(m) of the Bankruptcy Code and, as such, is entitled to all of the protections afforded thereby.

7

M.    **Sale to Insider/"Entire Fairness".**    The sale of Purchased Assets
pursuant to the AFI APA constitutes a sale to an insider of the Debtors.  The AFI APA was
heavily negotiated at arm's length and was reviewed and approved by ResCap's independent
board of directors.  The Sellers have taken adequate measures to ensure the fairness of the sale
process and Sale and as such, the sale process and Sale meet the "entire fairness" standard
applied to insider transactions.

N.    **Corporate Authority.**    Each Debtor (i) has full corporate power and
authority to execute the AFI APA and all other documents contemplated thereby, and the sale of
the Purchased Assets has been duly and validly authorized by all necessary corporate action of
each of the Debtors, (ii) has all of the corporate power and authority necessary to consummate
the transactions contemplated by the AFI APA, (iii) has taken all corporate action necessary to
authorize and approve the AFI APA and the consummation by the Debtors of the transactions
contemplated thereby, and (iv) needs no consents or approvals, other than those expressly
provided for in the AFI APA, which may be waived by the Purchaser, to consummate such
transactions.

O.    **Binding and Valid Transfer.**    The transfer of the Purchased Assets to the
Purchaser will be a legal, valid, and effective transfer of the Purchased Assets and will vest the
Purchaser with all right, title, and interest of the Sellers to the Purchased Assets free and clear of
all Interests, including (i) rights or claims based on any successor or transferee liability,
including, (ii) those that purport to give to any party a right or option to effect any forfeiture,
modification, right of first refusal, or termination of the Sellers' or the Purchaser's interest in the
Purchased Assets, or any similar rights, (iii) those relating to taxes arising under or out of, in
connection with, or in any way relating to the operation of the Purchased Assets prior to the

8

closing, and (iv) (a) those arising under all mortgages, deeds of trust, security interests,

conditional sale or other title retention agreements, pledges, liens, judgments, demands,

encumbrances, rights of first refusal, or charges of any kind or nature, if any, including, any

restriction on the use, voting, transfer, receipt of income, or other exercise of any attributes of

ownership and (b) all debts arising in any way in connection with any agreements, acts, or

failures to act, of any of the Sellers or any of the Sellers' predecessors or affiliates, claims (as

that term is defined in the Bankruptcy Code), obligations, liabilities, demands, guaranties,

options, rights, contractual or other commitments, restrictions, interests and matters of any kind

and nature, whether known or unknown, contingent or otherwise, whether arising prior to or

subsequent to the commencement of these Chapter 11 cases, and whether imposed by agreement,

understanding, law, equity or otherwise, including, but not limited to, Claims otherwise arising

under doctrines of successor or transferee liability, Claims or Liabilities relating to any act or

omission of any originator, holder or servicer of Mortgage Loans prior to the Closing Date, and

any indemnification Claims or Liabilities relating to any act or omission of the Sellers or any

other Person prior to the Closing Date.

P.    **Satisfaction of 363(f) Standards.**    The Sellers may sell the Purchased

Assets free and clear of all Interests of any kind or nature whatsoever, including rights or claims

based on any successor or transferee liability, because, in each case, one or more of the standards

set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied.    Those holders of

Interests, including rights or claims based on any successor or transferee liability are (a) deemed

to have consented pursuant to section 363(f)(2) of the Bankruptcy Code and (b) adequately

protected by having their Interests, if any, including rights or claims based on any successor or

transferee liability, attach to the cash proceeds of the Sale ultimately attributable to the property

against or in which they claim an Interest, including rights or claims based on any successor or transferee liability. In all cases, each such Person with Interests in the Purchased Assets are enjoined from taking any action against the Purchaser, the Purchaser's Affiliates or any agent of the foregoing to recover any such Interest.

Q. **Necessity of Order.** The Purchaser would not have entered into the AFI APA and would not have consummated the Sale without all of the relief provided for in this Order (including that the transfer of the Purchased Assets to Purchaser be free and clear of all Interests and including rights or Claims based upon successor or transferee liability, Claims or Liabilities relating to any act or omission of any originator, holder or servicer of Mortgage Loans prior to the Closing Date, and any indemnification Claims or Liabilities relating to any act or omission of the Sellers or any other Person prior to the Closing Date).

R. **Personally Identifiable Information.** The Debtors have provided certain privacy policies to consumers that govern the disclosure of "personally identifiable information" (as defined in Bankruptcy Code section 101(41A)) to unaffiliated third parties. The Debtors have proposed to sell certain assets, which may require the disclosure of personally identifiable information to third parties. The Debtors' disclosure of personally identifiable information pursuant to the Sale is in compliance with the Gramm-Leach-Bliley Act and is consistent with the privacy notices delivered by the Debtors to mortgage borrowers. For these reasons, no Consumer Privacy Ombudsman has been appointed under section 363(b)(1) of the Bankruptcy Code.

S. **Final Order.** This Order constitutes a final order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), the Court

expressly finds that there is no just reason for delay in the implementation of this Order and expressly directs entry of judgment as set forth herein.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.    **Motion is Granted.**  The Motion is granted and the relief requested therein with respect to the Sale is granted and approved in its entirety, as further described herein.

2.    **Objections Overruled.**  Any objections to the entry of this Order or the relief granted herein and requested in the Motion that have not been withdrawn, waived, or settled, or not otherwise resolved pursuant to the terms hereof, if any, hereby are denied and overruled on the merits with prejudice.

3.    **Approval.**  The AFI APA, and all the terms and conditions thereof, is approved.  Pursuant to sections 105 and 363 of the Bankruptcy Code, the Debtors are authorized and directed to perform their obligations under, and comply with the terms of, the AFI APA and consummate the Sale pursuant to, and in accordance with, the terms and conditions of the AFI APA and this Order.  The Debtors are authorized and directed to execute and deliver, and empowered to perform under, consummate, and implement, the AFI APA, together with all additional instruments and documents that the Sellers or the Purchaser deem necessary or appropriate to implement the AFI APA and effectuate the Sale, and to take all further actions as may reasonably be required by the Purchaser for the purpose of assigning, transferring, granting, conveying, and conferring to the Purchaser or reducing to Purchaser's possession the Purchased Assets or as may be necessary or appropriate to the performance of the obligations as contemplated by the AFI APA.

11

4.     **Binding Effect of Order.**  This Order and the AFI APA shall be binding in all respects upon all known and unknown creditors of, and equity security interests in, any Debtor, including any holders of Interests (including holders of rights or claims based on any successor or transferee liability), all successors and assigns of the Purchaser, each Seller and their Affiliates and subsidiaries, the Purchased Assets, and any trustees appointed in the Debtors' Chapter 11 cases or upon a conversion to cases under Chapter 7 of the Bankruptcy Code, and this Order shall not be subject to amendment or modification and the AFI APA shall not be subject to rejection.  The terms of this Order shall apply in any sale pursuant to a Chapter 11 plan and may be incorporated into any confirmation order.   Nothing contained in any Chapter 11 plan confirmed in the Debtors' Chapter 11 cases or the order confirming any such Chapter 11 plan shall conflict with or derogate from the provisions of the AFI APA or this Order.

5.     **Injunction.**  All persons and entities are prohibited and enjoined from taking any action to adversely affect or interfere with the ability of the Debtors to transfer the Purchased Assets to the Purchaser in accordance with the AFI APA and this Order.  Following the Closing, except for Persons entitled to enforce Permitted Liens, all Persons (including, but not limited to, the Debtors and/or their respective successors (including any trustee), creditors, investors, certificate holders, securitization trustees, borrowers, current and former employees and shareholders, administrative agencies, governmental units, secretaries of state, federal, state, and local officials, including those maintaining any authority relating to any environmental, health and safety laws, and the successors and assigns of each of the foregoing) holding Interests in the Purchased Assets or against the Debtors in respect of the Purchased Assets of any kind or nature whatsoever shall be, and hereby are, forever barred, estopped, and permanently enjoined from asserting, prosecuting, or otherwise pursuing any Interests of any kind or nature whatsoever

(including, Claims or Liabilities relating to any act or omission of any originator, holder or

servicer of Mortgage Loans prior to the Closing Date, and any indemnification Claims or

Liabilities relating to any act or omission of the Sellers or any other Person prior to the Closing

Date) against the Purchaser or any Affiliate of the Purchaser or any of their respective property,

successors and assigns, or the Purchased Assets, as an alleged successor or on any other grounds,

it being understood that nothing herein shall affect assets of the Debtors that are not Purchased

Assets.

6.      No Person shall assert, and the Purchaser and the Purchased Assets shall

not be subject to, any defaults, breaches, counterclaims, offsets, defenses (whether contractual or

otherwise, including any right of recoupment), Liabilities, Claims and Interests, or basis of any

kind or nature whatsoever to delay, defer, or impair any right of the Purchaser or the Debtors, or

any obligation of any other party, under or with respect to, any Purchased Assets with respect to

any act or omission that occurred prior to the Closing.

7.      **General Assignment.**  Upon the Closing, this Order shall be construed

and shall constitute for any and all purposes a full and complete general assignment, conveyance,

and transfer of the Sellers' interests in the Purchased Assets and a bill of sale transferring good

and marketable title in the Purchased Assets to the Purchaser.  Each and every federal, state, and

local governmental agency, quasi-agency, or department is hereby directed to accept any and all

documents and instruments necessary and appropriate to consummate the Sale.

8.      **Transfer Free and Clear.**  Pursuant to sections 105(a) and 363(f) of the

Bankruptcy Code, the Purchased Assets shall be transferred to the Purchaser as required under

the AFI APA, and such transfer shall be free and clear of all Interests of any Person (including,

Claims or Liabilities relating to any act or omission of any originator, holder or servicer of

13

Mortgage Loans prior to the Closing Date, and any indemnification Claims or Liabilities relating to any act or omission of the Sellers or any other Person prior to the Closing Date) and any and all rights and claims under any bulk transfer statutes and similar laws, whether arising by agreement, by statute or otherwise and whether occurring or arising before, on or after the date on which these Chapter 11 cases were commenced, whether known or unknown, occurring or arising prior to such transfer, with all such Interests to attach to the proceeds of the Sale ultimately attributable to the property against or in which the holder of a Claim or Interest claims or may claim a Claim or Interest, in the order of their priority, with the same validity, force, and effect which they now have, subject to any claims and defenses the Sellers may possess with respect thereto.

9.     **Valid Transfer.**  The transfer of the Purchased Assets to the Purchaser pursuant to the AFI APA constitutes a legal, valid, and effective transfer of the Purchased Assets and shall vest the Purchaser with all right, title, and interest of the Sellers in and to the Purchased Assets free and clear of all Interests of any kind or nature whatsoever, including rights or claims based on any successor or transferee liability.

10.     **Direction to Release Interests.**  Upon the Closing, each of the Sellers' creditors and any other holder of an Interest, including rights or Claims based on any successor or transferee liability, is authorized and directed to execute such documents and take all other actions as may be necessary to release its Interest in the Purchased Assets, if any, as such Interest may have been recorded or may otherwise exist.  If any person or entity that has filed financing statements, mortgages, mechanic's liens, lis pendens, or other documents or agreements evidencing an Interest in the Sellers or the Purchased Assets shall not have delivered to the Sellers prior to the Closing, in proper form for filing and executed by the appropriate parties,

14

termination statements, instruments of satisfaction, releases of all Interests, which the person or

entity has with respect to the Sellers or the Purchased Assets or otherwise, then (i) the Sellers are

authorized and directed to execute and file such statements, instruments, releases, and other

documents on behalf of the person or entity with respect to the Sellers or the Purchased Assets,

and (ii) the Purchaser are authorized to file, register, or otherwise record a certified copy of this

Order, which shall constitute conclusive evidence of the release of all liens, claims,

encumbrances, and other interests of any kind or nature whatsoever in the Sellers or the

Purchased Assets.  Each and every federal, state, and local governmental agency or department is

hereby directed to accept any and all documents and instruments necessary and appropriate to

consummate the transactions contemplated by the AFI APA, including, without limitation,

recordation of this Order.  This Order shall be binding upon and shall govern the acts of all

Persons including without limitation, all filing agents, filing officers, title agents, title companies,

recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies,

governmental departments, secretaries of state, federal, state, and local officials, and all other

Persons who may be required by operation of law, the duties of their office, or contract, to

accept, file, register, or otherwise record or release any documents or instruments, or who may

be required to report or insure any title or state of title in or to any of such assets or other

property interests.

       11.    **No Interference**.  Following the Closing of the Sale, no holder of any

Interest shall interfere with the Purchaser's title to, or use and enjoyment of, the Purchased

Assets based on, or related to, any such Interest, or based on any actions the Debtors may take in

their Chapter 11 cases.

12.    **Surrender of Possession.**  All entities that are currently, or on the Closing Date may be, in possession of some or all of the Purchased Assets in which the Sellers hold an interest hereby are directed to surrender possession of the Purchased Assets to the Purchaser on the Closing Date, unless the Purchaser otherwise agrees.

13.    **No Discriminatory Treatment.**  To the extent provided by section 525 of the Bankruptcy Code, no governmental unit may deny, revoke, suspend, or refuse to renew any permit, license, or similar grant relating to the operation of the Purchased Assets sold, transferred, or conveyed to the Purchaser on account of the filing or pendency of these Chapter 11 cases or the consummation of the Sale contemplated by the AFI APA.

14.    **No Successor Liability.**  Neither the Purchaser, nor any of its successors or assigns, or any of their respective affiliates shall have any liability for any Interest that arose prior to the Closing, or otherwise is assertable against the Debtors or is related to the Purchased Assets prior to the Closing.  The Purchaser shall not be deemed, as a result of any action taken in connection with the AFI APA or any of the transactions or documents ancillary thereto or contemplated thereby or in connection with the acquisition of the Purchased Assets, to: (i) be legal successors, or otherwise be deemed successors to the Debtors; (ii) have, de facto or otherwise, merged with or into the Debtors; or (iii) be a mere continuation or substantial continuation of the Debtors or the enterprise of the Debtors.  Without limiting the foregoing, the Purchaser shall not have any successor, transferee, derivative, or vicarious liabilities of any kind or character for any Interests, including under any theory of successor or transferee liability, de facto merger or continuity, environmental, labor and employment, and products or antitrust liability, whether known or unknown as of the Closing, now existing or hereafter arising, whether fixed or contingent, asserted or unasserted, liquidated or unliquidated.

15.     **Fair Consideration.**   The consideration provided by the Purchasers for the Purchased Assets under the AFI APA shall be deemed to constitute reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia.   The Sales may not be avoided under section 363(n) of the Bankruptcy Code.

16.     **Retention of Jurisdiction.**   This Court retains jurisdiction, pursuant to its statutory powers under 28 U.S.C. § 157(b)(2), to, among other things, interpret, implement, and enforce the terms and provisions of this Order, all amendments thereto, and any waivers and consents thereunder, including, but not limited to, retaining jurisdiction to (i) compel delivery of the Purchased Assets to the Purchaser; (ii) interpret, implement, and enforce the provisions of this Order; (iii) protect the Purchaser against any Interests against the Sellers or the Purchased Assets of any kind or nature whatsoever, and (iv) enter any order under section 363 and 365 of the Bankruptcy Code.

17.     **Good Faith.**   The transactions contemplated by the AFI APA is undertaken by the Purchaser without collusion and in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and, accordingly, the reversal or modification on appeal of the authorization provided in this Order to consummate the Sale shall not affect the validity of the Sale, unless such authorization is duly stayed pending such appeal.   The Purchaser is a purchaser in good faith of the Purchased Assets and is entitled to all the protections afforded by section 363(m) of the Bankruptcy Code.

18.     **No Bulk Law Application.**   No law of any state or other jurisdiction, including any bulk sales law or similar law, shall apply in any way to the transactions contemplated by the Sale, the AFI APA, the Motion, and this Order.

ny-1040884

19. **Subsequent Plan Provisions.** Nothing contained in any Chapter 11 plan confirmed in any Debtor's bankruptcy case or any order confirming any such plan or in any other order in these Chapter 11 cases shall alter, conflict with, or derogate from, the provisions of the AFI APA or this Order.

20. **Failure to Specify Provisions.** The failure to specifically include any particular provisions of the AFI APA in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the AFI APA be authorized and approved in its entirety.

21. **Non-Material Modifications.** The AFI APA and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment, or supplement does not have any adverse effect on the Debtors' estates.

22. **No Stay or Order.** Notwithstanding the provisions of Bankruptcy Rules 6004(h) and 6006(d), this Order shall not be stayed for fourteen (14) days after its entry and shall be effective immediately upon entry, and the Debtors and the Purchaser are authorized to close the Sale immediately upon entry of this Order. Time is of the essence in closing the transactions referenced herein, and the Debtors and the Purchaser intend to close the Sale as soon as practicable. Any party objecting to this Order must exercise due diligence in filing an appeal and pursuing a stay, or risk its appeal being foreclosed as moot.

23. The relief granted by this Order shall apply to any affiliated future debtor (a "Future Debtor") in these jointly-administered cases. An affiliated debtor shall be deemed to

be a Future Debtor upon the Court's entry of an order authorizing the joint administration of such Future Debtor's Chapter 11 case with the Chapter 11 cases of the Debtors.

24.    **Appointment of Trustee**.  The provisions of the AFI APA and this Order may be specifically enforced in accordance with the AFI APA notwithstanding the appointment of any chapter 7 or chapter 11 trustee after the Closing.

25.    Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

26.    The Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated:        New York, New York
              [_____], 2012


_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT 1

**AFI APA**