**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | Chapter 11 |
| Debtors. | Jointly Administered |

**ORDER UNDER BANKRUPTCY CODE SECTIONS 105(a) AND 107(b) AND BANKRUPTCY RULE 9018 AUTHORIZING THE FILING UNDER SEAL OF CERTAIN UNREDACTED DEBTOR IN POSSESSION FINANCING FEE LETTERS**

Upon the motion (the "Motion")[1] of the Debtors for entry of an order, under Bankruptcy Code sections 105(a) and 107(b) and Bankruptcy Rule 9018, authorizing the Debtors to file the unredacted Fee Letters, attached to the Motion as <u>Exhibit B</u>, under seal; <u>provided</u>, <u>however</u>, that the unredacted Fee Letters will be made available to the Office of the United States Trustee for the Southern District of New York (the "United States Trustee") on a strictly confidential basis and to counsel and financial advisors to any statutory committee appointed in these Chapter 11 cases on a strictly confidential and "professionals' eyes only" basis; <u>further provided</u> that redacted versions of the Fee Letters will be attached as <u>Exhibit A</u> and <u>Exhibit B</u> to this Order; and <u>further provided</u> that the estimated aggregate amount of fees and expenses payable by the Debtors in connection with the Barclays DIP Facility are disclosed in the Barclays DIP Motion and are thereby made a matter of public record; and upon the Whitlinger Affidavit and the Puntus Declaration; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these Chapter

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion. Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases or the relief granted herein may refer to http://www.kccllc.net/rescap for additional information.

11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this proceeding on the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation thereon; and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Pursuant to Bankruptcy Code section 107(b) and Bankruptcy Rule 9018, the Debtors are authorized to file the unredacted Fee Letters under seal.

3. The unredacted Fee Letters are confidential and shall remain under seal, and shall not be made available to anyone, except that the unredacted Fee Letters shall be provided to the Court, the Clerk of the Court, the United States Trustee and to counsel and financial advisors to any statutory committee appointed in these cases (the "Committee Professionals"), and as further directed by the Court after notice and hearing, and, in each case, under appropriate confidentiality agreements reasonably satisfactory to the Debtors and Barclays.

4. The United States Trustee shall keep the unredacted Fee Letters and the terms thereof strictly confidential and the Committee Professionals shall keep the unredacted Fee Letters and the terms thereof strictly confidential and on a "professionals' eyes only" basis.

5. The Debtors shall attach as <u>Exhibit A</u> and <u>Exhibit B</u> to this Order redacted versions of the Fee Letters. In addition, the Debtors shall attach as <u>Exhibit C</u> to this Order an

unredacted version of the collateral agent fee letter dated May 10, 2012, between Barclays and certain of the Debtors.

6. Any pleadings filed in these Chapter 11 cases that reference or disclose any of the redacted information contained in the Fee Letters (other than the information contained in the Barclays DIP Motion and the exhibits thereto) shall be filed under seal and served only on those parties authorized to receive the unredacted Fee Letters in accordance with this Order.

7. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

8. Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

9. Upon notice to the parties and no objection having been interposed, an affiliated debtor shall be deemed to be a "Future Debtor" upon the Court's entry of an order authorizing the joint administration of such Future Debtor's Chapter 11 case with the Chapter 11 cases of the Debtors. Upon notice to the parties and no objection having been interposed, the relief granted by this Order shall apply to the Future Debtor in these jointly-administered cases.

10. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: May 18, 2012
       New York, New York

                                            **/s/Martin Glenn**
                                            MARTIN GLENN
                                   United States Bankruptcy Judge