# EXHIBIT B

## Facility Fee Letter

ny-1041293

EXECUTION VERSION
AS REDACTED

BARCLAYS BANK PLC
745 Seventh Avenue
New York, New York 10019

**PERSONAL AND CONFIDENTIAL**

**April 9, 2012**

Residential Capital, LLC
1177 Avenue of the Americas
New York, NY 10036

Residential Funding Company, LLC
1177 Avenue of the Americas
New York, NY 10036

GMAC Mortgage, LLC
1177 Avenue of the Americas
New York, NY 10036

<u>Facility Fee Letter</u>

Ladies and Gentlemen:

Reference is made to the commitment letter, dated the date hereof (together with all exhibits, schedules and annexes thereto, the "<u>Commitment Letter</u>"), among Barclays Bank PLC ("<u>Barclays Bank</u>," the "<u>Commitment Party</u>," "<u>we</u>" or "<u>us</u>"), Residential Capital, LLC ("<u>ResCap</u>"), Residential Funding Company, LLC ("<u>RFC</u>") and GMAC Mortgage, LLC ("<u>GMACM</u>"), each a Delaware limited liability company (ResCap, RFC and GMACM collectively, the "<u>Company</u>" or "<u>you</u>"). Unless otherwise defined herein, capitalized terms used herein have the meanings assigned to them in the Commitment Letter. By accepting the Commitment Letter, you agree to pay (or cause to be paid) the fees set forth in this facility fee letter (this "<u>Fee Letter</u>") in accordance with the other terms and conditions set forth herein. This Fee Letter is one of the "Fee Letters" referred to in the Commitment Letter.

1.  **DIP Facility**

As consideration for the commitments of the Commitment Party and the agreements of the Arranger under the Commitment Letter with respect to the DIP Facility, you agree to pay (or cause to be paid) to the Arranger, solely for its own account, a non-refundable underwriting fee equal to [REDACTED]% of the maximum aggregate principal amount of the DIP Facility set forth in the Commitment Letter (the "<u>Underwriting Fee</u>"), (i) 50% of which shall be earned, due and payable on the date hereof and (ii) 50% of which shall be earned, due and payable on the Closing Date.

You also agree to pay (or cause to be paid) to the Arranger, for the account of the relevant DIP Lenders (as specified below) the following fees:

   (a)   upfront fees equal to [REDACTED]% of the maximum aggregate principal amount of the Revolving Commitments set forth in the Commitment Letter, for the account of the DIP Lenders (ratably

1

April 9, 2012                                                                                       **CONFIDENTIAL**
Residential Capital, LLC
Residential Funding Company, LLC
GMAC Mortgage, LLC

in accordance with their respective Revolving Commitments), earned, due and payable on the Closing Date;

(b)    upfront fees equal to [REDACTED]% of the maximum aggregate principal amount of the A-1 Term Loan Commitments set forth in the Commitment Letter (the "A-1 Term Loan Upfront Fees"), for the account of the DIP Lenders (ratably in accordance with their respective A-1 Term Loan Commitments), earned, due and payable on the Closing Date; and

(c)    upfront fees equal to [REDACTED]% of the maximum aggregate principal amount of the A-2 Term Loan Commitments set forth in the Commitment Letter (the "A-2 Term Loan Upfront Fees"), for the account of the DIP Lenders (ratably in accordance with their respective A-2 Term Loan Commitments), earned, due and payable on the Closing Date.

You acknowledge and agree that the upfront fees payable to the DIP Lenders as described above shall be in addition to the other fees payable to us hereunder and any other fees, expenses or other amounts payable under the DIP Facility. Further, you acknowledge and agree that, in the event we act in any other capacity with respect to the DIP Facility, any fees owed to us in connection therewith that are agreed to by you shall be in addition to any fees payable to us hereunder. At the option of the Arranger, the A-1 Term Loan Upfront Fees and/or the A-2 Term Loan Upfront Fees shall be structured as original issue discount.

The DIP Lenders' (including the Commitment Party's) several commitments to provide the DIP Facility are conditioned upon payment of the above fees described in this Section 1 that are specified to be paid on or prior to the Closing Date and the fees specified in the Commitment Letter and the Barclays Fee Letter.

**2.    Fees Generally; Expenses**

All fees payable hereunder will be payable in U.S. dollars in immediately available funds to the Arranger, the Administrative Agent or the DIP Lenders (as applicable) for their own accounts, or as directed by them, in any such case, free and clear of and without deduction for any and all present or future applicable taxes, levies, imposts, deductions, charges or withholdings, and all liabilities with respect thereto (with appropriate gross-up for withholding taxes) and will not be subject to reduction by way of setoff or counterclaim. Once paid, no fee will be refundable under any circumstances, including, without limitation, if the Final Financing Order is not entered by the Bankruptcy Court. Your obligation to pay any fee, expense or other obligation set forth herein or to cause any such fee, expense or other obligation to be paid shall be joint and several with any other party having such an obligation. You agree that we may, in our sole discretion, share all or any portion of any fees payable hereunder to us with any other DIP Lender.

The Company agrees to reimburse each DIP Lender for any loss or expense (including any interest paid by such DIP Lender to lenders of funds borrowed by it to make or carry its loans under the DIP Facility bearing interest at a Eurodollar-based rate and any loss, expense or liability sustained by such DIP Lender in connection with the liquidation or re-employment of such funds but excluding loss of anticipated profits) that such DIP Lender sustains or incurs as a consequence of the failure by any of the Borrowers to borrow loans under the DIP Facility bearing interest at a Eurodollar-based rate, if any Borrower has specified a Eurodollar-based rate to the Administrative Agent, on any date specified by any Borrower to the Administrative Agent as the Closing Date.

2

April 9, 2012                        **CONFIDENTIAL**
Residential Capital, LLC
Residential Funding Company, LLC
GMAC Mortgage, LLC

### 3. Market Flex

You hereby agree that the Arranger may at any time, after consultation with you, make any or all of the following changes to the DIP Facility at any time, and from time to time, if the Arranger determines, in its discretion, that (i) such changes are reasonably necessary or advisable to facilitate the successful syndication of the DIP Facility or (ii) a successful syndication is not likely to be achieved within 120 days after the Closing Date:

[REDACTED]

In the event that the Closing Date has occurred and the Loan Documents have been executed and delivered prior to the successful syndication of the DIP Facility, you hereby agree, at your own expense, to take all such action as may be required in order to effect any amendments to the DIP Facility, or other changes, as may be necessary or reasonably requested by the Arranger to document any changes pursuant to this Section 3. You further agree to reasonably cooperate with us with regard to immaterial changes requested by potential DIP Lenders prior to the successful syndication of the DIP Facility. The DIP Lenders' (including the Commitment Party's) several commitments in the Commitment Letter and hereunder are subject to the agreements set forth in this Section 3 and the provisions of this Section 3 will survive the closing of the DIP Facility and the execution and delivery of the Loan Documents.

Up to [REDACTED] basis points of the increased interest rate margins permitted under clause (d) above for the Term Loan Facilities may, at the election of the Arranger, (i) take the form of original issue discount ("OID") or upfront fees (which for purposes of this paragraph will be deemed to constitute like amounts of OID), with OID being equated to such interest rates based on an assumed eighteen-month average life and without any present value discount or (ii) be accomplished by a combination of an increase in interest rate margins and OID. Any increase in OID or upfront fees under the A-1 Term Loan Facility pursuant to this paragraph shall be accompanied by a corresponding increase in upfront fees under the Revolving Facility. It is understood and agreed that any such OID or upfront fees pursuant to this paragraph will be in addition to all other fees set forth in the Commitment Letter.

For purposes hereof, a "successful syndication" will mean one in which the Commitment Party and its affiliates are able to achieve a targeted hold level of no more than [REDACTED].

### 4. General

The Company acknowledges that this Fee Letter is neither an expressed nor an implied commitment by the Commitment Party or the Arranger or any of their respective affiliates to act in any capacity with respect to the DIP Facility or to purchase or place any loans in connection therewith, which commitment, if any, is only set forth in the Commitment Letter.

Please note that this Fee Letter is exclusively for the information of the Board of Directors and senior management of the Company and may not be disclosed to any other person or entity except to the extent expressly permitted by Section 8 of the Commitment Letter.

Neither this Fee Letter nor any of your rights or obligations hereunder may be assigned by you without our prior written consent (and any purported assignment without such consent will be null and void). This Fee Letter is intended to be solely for the benefit of the parties hereto and is not intended to and does not confer any benefits upon, or create any rights or remedies in favor of, any person (including stockholders, employees or creditors of the Company or its affiliates) other than the parties hereto. This

3

April 9, 2012  **CONFIDENTIAL**
Residential Capital, LLC
Residential Funding Company, LLC
GMAC Mortgage, LLC

Fee Letter may not be amended or any term or provision hereof waived or modified except by an instrument in writing signed by each of the parties hereto and any term or provision hereof may be amended or waived only by a written agreement executed and delivered by all parties hereto. Your obligations under this Fee Letter are in addition to all of your obligations under any other agreement between you and us. Your obligations under this Fee Letter are joint and several obligations of Residential Capital, LLC, Residential Funding Company, LLC and GMAC Mortgage, LLC.

This Fee Letter may be executed in any number of counterparts, each of which when executed will be an original, and all of which, when taken together, will constitute one agreement. Delivery of an executed counterpart of a signature page of this Fee Letter by facsimile or other electronic transmission (e.g., "pdf" or "tif") will be effective as delivery of a manually executed counterpart hereof.

In addition, please note that neither the Commitment Party nor the Arranger nor any of their respective affiliates provide tax, accounting or legal advice.

Nothing contained in this Fee Letter shall constitute an acceptance, modification or amendment to any term or condition under the Existing GSAP Facility, which modification or amendment may only become effective in accordance with the terms thereof.

THIS FEE LETTER AND ANY CLAIM, CONTROVERSY OR DISPUTE ARISING UNDER OR RELATED TO THIS FEE LETTER (INCLUDING, WITHOUT LIMITATION, ANY CLAIMS SOUNDING IN CONTRACT LAW OR TORT LAW ARISING OUT OF THE SUBJECT MATTER HEREOF) WILL BE GOVERNED BY AND CONSTRUED AND INTERPRETED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK WITHOUT REGARD TO CONFLICT OF LAW PRINCIPLES THAT WOULD RESULT IN THE APPLICATION OF ANY LAW OTHER THAN THE LAW OF THE STATE OF NEW YORK. The provisions of this Fee Letter will survive the expiration or termination of the Commitment Letter (including any extensions thereof) and the funding of the DIP Facility.

*[The remainder of this page is intentionally left blank.]*

838211.03-New York Server 6A - MSW

Please confirm that the foregoing is in accordance with your understanding by signing and returning to us the enclosed copy of this Fee Letter, which will become a binding agreement upon our receipt.

Very truly yours,

**BARCLAYS BANK PLC**

By:_____
   Name:
   Title:

[Signature Page to Facility Fee Letter]

838211.03-New York Server 6A - MSW

ACCEPTED AND AGREED TO AS OF THE DATE FIRST WRITTEN ABOVE:

**RESIDENTIAL CAPITAL, LLC**

By:_____
   Name:
   Title:

**RESIDENTIAL FUNDING COMPANY, LLC**

By:_____
   Name:
   Title:

**GMAC MORTGAGE, LLC**

By:_____
   Name:
   Title: