**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

### ORDER UNDER BANKRUPTCY CODE SECTIONS 102(1), 105(a) AND 105(d), BANKRUPTCY RULES 1015(c), 2002(m) AND 9007 AND LOCAL BANKRUPTCY RULE 2002-2 ESTABLISHING CERTAIN NOTICE, CASE MANAGEMENT AND ADMINISTRATIVE PROCEDURES

Upon the motion (the "Motion")[1] of Residential Capital, LLC, and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors") for entry of an order, under Bankruptcy Code sections 102(1), 105(a) and 105(d), Bankruptcy Rules 1015(c), 2002(m) and 9007 and Local Rule 2002-2, approving and implementing the notice, case management and administrative procedures annexed hereto as Exhibit 1 (collectively, the "Case Management Procedures"); and upon the Whitlinger Affidavit; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these Chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this proceeding on the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other of further notice need be provided; and it appearing that the relief requested by the Motion is in the

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion. Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases or the relief granted herein may refer to http://www.kccllc.net/rescap for additional information.

best interests of the Debtors' estates, their creditors, and other parties in interest; and after due

deliberation thereon; and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      The Case Management Procedures, as set forth on <u>Exhibit 1</u> hereto, are approved

and shall govern all applicable aspects of the Chapter 11 cases, except as otherwise ordered by

the Court.

3.      The first four omnibus hearings are scheduled as follows:

- 10:00 a.m. on the 12th day of June, 2012;

- 10:00 a.m. on the 18th day of June, 2012;

- 10:00 a.m. on the 10th day of July, 2012; and

- 10:00 a.m. on the 24th day of July, 2012.

4.      The Debtors' notice and claims agent, Kurtzman Carson Consultants LLC, is

authorized, but not directed, to establish a case website, available at

http://www.kccllc.net/rescap, where, among other things, electronic copies of all pleadings filed

in the Debtors' Chapter 11 cases may be posted to be viewed free of charge.

5.      Any notice sent by the Debtors or any other party in interest shall be

deemed to comply with the requirements set forth in section 342(c)(1) of the

Bankruptcy Code so long as the notice contains a reference to the information contained

in footnote 1 of the Motion.

6.      The requirements set forth in Local Rule 9013-1 are satisfied by the

contents of the Motion.

7.      The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

8.      Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

9.      Upon notice to the parties and no objection having been interposed, an affiliated debtor shall be deemed to be a "Future Debtor" upon the Court's entry of an order authorizing the joint administration of such Future Debtor's Chapter 11 case with the Chapter 11 cases of the Debtors.  Upon notice to the parties and no objection having been interposed, the relief granted by this Order shall apply to the Future Debtor in these jointly-administered cases.

10.     This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated:   New York, New York
         May 23, 2012

                                        _____/s/Martin Glenn_____
                                             MARTIN GLENN
                                        United States Bankruptcy Judge

# **<u>EXHIBIT 1</u>**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------
                                        )
In re:                                  )    Case No. 12-12020 (MG)
                                        )
RESIDENTIAL CAPITAL, LLC, et al.,       )    Chapter 11
                                        )
              Debtors.                  )    Jointly Administered
-----------------------------------------------------------------  )

## CASE MANAGEMENT PROCEDURES

　　　　In the bankruptcy cases of Residential Capital, LLC ("ResCap") and its debtor affiliates (collectively, the "Debtors"), the United States Bankruptcy Court for the Southern District of New York ("Court") entered an order (the "Case Management Order") approving these case management procedures ("Case Management Procedures").

### Notice Procedures

　　　　1.　　All Court filings shall be electronically filed on the Court's electronic filing system and served in accordance with the procedures described herein.

　　　　2.　　**Special Service List**.  Except for notices and related pleadings supplied by the Debtors pursuant to Bankruptcy Rules 2002(a)(1), 2002(a)(4), 2002(a)(7), 2002(b), 2002(d), 2002(f)(1), 2002(f)(2), 2002(f)(3), and 2002(f)(7), and unless otherwise provided by the Case Management Order or another order of this Court, every motion, application, complaint, objection, notice, brief, memorandum, affidavit, declaration, or other writing filed in these cases (including notices and orders by the Court, but not including proofs of claim or proofs of interest) (collectively, "Filings") shall be served by both e-mail, where available, (in electronic PDF format) and regular U.S. mail or overnight delivery service (traditional paper copy) upon the following parties (collectively, the "Special Service List"), except that the U.S. Trustee shall be served only by regular U.S. mail, fax, or overnight[1] delivery service:

　　　　(a)　　The Office of the United States Trustee for the Southern District of New York;

　　　　(b)　　the Office of the United States Attorney General;

　　　　(c)　　the Office of the New York Attorney General;

---

[1]  Notwithstanding anything herein to the contrary, and with respect to all references herein to delivery being made by the Debtors on an "overnight" basis, for any service of a traditional paper copy being made by the Debtors to anyone located outside of the United States, the Debtors shall be permitted to use an overnight delivery service or another expedited delivery service, which may include "second day" or other reasonably expedited, but not overnight, delivery.

(d)     the Office of the United States Attorney for the Southern District of New York;

(e)     the Debtors and their counsel;

(f)     counsel to the statutory committee of unsecured creditors appointed in the Chapter 11 cases (the " Creditors' Committee");

(g)     any other committee appointed in the cases;

(h)     each of the Debtors' prepetition lenders, or their agents, if applicable;

(i)     each of the indenture trustees for the Debtors' outstanding notes issuances;

(j)     counsel to Ally Financial Inc.;

(k)     counsel to the administrative agent for the Debtors' providers of debtor in possession financing;

(l)     Nationstar Mortgage LLC and its counsel;

(m)     the Internal Revenue Service; and

(n)     the Securities and Exchange Commission.

The current names and addresses of each of the parties on the Special Service List, to the extent available to date, are identified on <u>Exhibit 1</u> attached hereto and incorporated herein by reference.

3.      **Requests for Additions or Deletions From the Special Service List**. Unless the Debtors consent, any party-in-interest seeking to be added to the Special Service List shall be required to file and serve a written motion seeking such relief in accordance with the motion procedures set forth in the Case Management Order and must provide the Debtors with a current e-mail address. Promptly after entry of an order approving any such motion, counsel to the Debtors shall add the party filing such motion to the Special Service List. A party may be deleted from the Special Service List only by such party's express written request to the Debtors or upon another party's written request to, and approval of the Court for good and sufficient cause shown.

4.      **General Service List**.

(a)     Any creditor or party-in-interest may enter an appearance and request electronic service of all motions, applications and similar moving papers, together with any supporting memoranda of law (collectively, the "Motions"), in these cases by filing a written request with the Court (a "Notice Request") and providing a copy

of the Notice Request to (i) counsel to the Debtors at the addresses set forth on <u>Exhibit 1</u> hereto and (ii) the Debtors' claims and noticing agent, Kurtzman Carson Consultants, LLC (the "Notice Agent") at Residential Capital, LLC, c/o KCC, 2335 Alaska Avenue, El Segundo, CA 90245 or at <u>RescapInfo@kccllc.com</u>.  A Notice Request must include:  (i) the name, organization (if any), full street address, phone number, fax number, and current e-mail address of the party requesting service; (ii) if the requesting party is an attorney, the name of the person or entity that the attorney represents; and (iii) a certification that the Notice Request has been served upon (i) counsel to the Debtors at the addresses set forth on Exhibit 1 hereto and (ii) the Notice Agent at the address or e-mail address above, and the date and manner of service.  A party may be deleted from the General Service List only by such party's express written request to the Debtors or upon another party's written request to, and approval of the Court for good and sufficient cause shown.

(b)    A fully and properly completed Notice Request shall be deemed granted unless the Debtors file and serve a written objection to such Notice Request within 20 days of service thereof.  Promptly after approval of the Notice Request, the Notice Agent shall add the party filing such Notice Request to the General Service List.

(c)    If the Notice Request does not comply with the above procedures, counsel to the Debtors or the Notice Agent shall forward a copy of the Case Management Order to the party filing the Notice Request along with a letter or e-mail (i) indicating such non-compliance, (ii) notifying the party that it will not be added to the list of parties entitled to receive all Motions in these cases (the "General Service List") unless it files a Notice Request that complies with the Case Management Order, and (iii) requesting that such party refile its Notice Request.

5.    **Maintenance of Service Lists**.  At least every fifteen (15) days during the first sixty (60) days of the Debtors' Chapter 11 Cases, and thereafter on or about the first business day of each calendar month, the Notice Agent shall (i) file with the Court an updated copy of the Special Service List and the General Service List (together, the "Monthly Service List") and (ii) serve the Monthly Service List by e-mail on the parties identified therein.  The Monthly Service List shall indicate the month for which such list is being published.  The Notice Agent shall provide a copy of the most up-to-date version of the Monthly Service List to any party-in-interest requesting a copy of same, and shall maintain copies of such lists on its website at www.kccllc.net/rescap.  A Motion shall be deemed served on the Monthly Service List if it is served upon the most recent Monthly Service List that has been filed with the Court as of the day prior to the date of service.

6.    **Special Service Rules**.  All Filings for which particular notices are required by Bankruptcy Rules 2002(a)(2), 2002(a)(3), 2002(a)(6), 4001, 6004, 6006, or 6007 shall be served on the parties identified on the Special Service List (and the General Service List if such Filing is a Motion) and in accordance with the following procedures:

(a)    Filings relating to the use, sale, lease or abandonment of property shall be served on each entity having an ownership interest in the property or a lien or encumbrance on the property.

(b)    Filings relating to relief from the automatic stay under section 362 of the Bankruptcy Code or other automatic stay matters shall be served, as applicable, on (i) each entity having an ownership interest in or a lien or encumbrance on any affected property and (ii) the parties to any underlying lawsuit or administrative proceeding and their counsel of record.

(c)    Filings relating to the use of cash collateral or obtaining credit shall be served on each entity with an interest in the cash collateral or with an interest in or a lien or encumbrance on any property proposed to serve as collateral (or additional collateral) in support of the proposed use of cash collateral or new extension of credit.

(d)    Filings relating to approval of a proposed compromise or settlement shall be served on each entity that is a party to the compromise and settlement.

(e)    Filings relating to rights under section 365 of the Bankruptcy Code shall be served on each party to the executory contract(s) or unexpired lease(s) sought to be affected.

(f)    Filings relating to interim applications for payment of compensation or reimbursement of expenses of professionals shall be served in accordance with the Court's Order establishing interim compensation for professionals (the "Interim Compensation Order").

(g)    Notice of other matters for which the Bankruptcy Rules require notice to all parties-in-interest shall be served on all creditors, unless otherwise ordered by the Court.

(h)    All other Filings shall be served on the parties identified on the Special Service List (and the General Service List in the case of a Motion) and on each entity with a particularized interest in the subject of the Filing.

7.    **Service by Electronic Mail**.  Except as otherwise provided herein, all Court filings shall be served via e-mail, other than service of a summons and complaint in an

4

adversary proceeding or documents filed under seal, which shall be deemed to constitute proper service for all parties who are sent such e-mail service.

      (a)    **Consent to Electronic Service**.  Each party in interest on the General Service List or that files a 2002 Notice Request shall be deemed to have consented to service of all Court Filings solely by electronic transmission, unless such creditor or party in interest has included a Certification opting out of such service.  For the avoidance of doubt, the service of all Court Filings upon the U.S. Trustee must be accomplished by regular mail, overnight mail, facsimile or hand delivery.

      (b)    **E-mail Subject Line**.  With respect to the service of any Filing, the subject line of the e-mail shall include the following:  (i) the Debtors' case name (In re Residential Capital, LLC, et al.) and lead case number; (ii) the name of the party serving such Filing; and (iii) the title of the Filing being served.  If the title of the Filing is too long to fit within the subject line of the e-mail, the subject line shall contain a shortened version of such title, and the text of the e-mail shall contain the full name of such Filing.

      (c)    **E-mail Attachments**.  All Filings served by e-mail shall include access to a computer file containing the entire document, including any proposed form of order and exhibits, attachments or other materials in ".pdf" format, readable by Adobe Acrobat or other equivalent document reader programs commonly available without cost.  The relevant Filing shall either be attached to the e-mail in the format specified above or the e-mail shall contain a link to such Filing in such format.

      8.    **Alternative Service**.  Notwithstanding the foregoing, if a party on the Special Service List is unable to serve a Filing by e-mail due to technological difficulties (*e.g.*, the electronic file is too large to send by e-mail or the party's e-mail system is not functioning at the time of service), service by such party shall be adequate if by U.S. mail or by hand or overnight delivery, as long as each of the parties on the Special Service List is served by hand or overnight delivery.

      9.    **Mailing Procedures**.  Before mailing the notice of commencement or key matrix mailings, the Notice Agent shall run the list of creditors and equity security holders through (a) the United States Postal Service's National Change of Address software and (b) standardization and verification software that is CASS (Coding Accuracy Support System) certified by the United States Postal Service (collectively, the "USPS Software") to update any addresses provided by the Debtors based on their books and records and to conform such records to USPS standards.  If the USPS Software determines that a mailing address has changed, the Notice Agent shall mail documents to the updated address and is under no obligation to mail to the original address.  If mail is returned to the Notice Agent as undeliverable with a forwarding address, the Notice Agent shall re-mail the document to the new address and update its mailing

database accordingly.  If mail is returned to the Notice Agent as undeliverable with no forwarding address, the Notice Agent is under no further obligation to mail any notices or other pleadings to that address.

## **Hearing Procedures**

10.    **Omnibus Hearing Dates**.  The Court shall schedule regular omnibus hearings to consider all notices, motions, applications, and other requests for relief, all briefs, memoranda, affidavits, declarations, replies, and other documents filed in support of such papers seeking relief, and all objections and responses to such requests for relief (collectively, the "Omnibus Hearings").  Unless otherwise ordered by the Court for good cause shown, all matters will be heard initially at these Omnibus Hearings.  The Court has established the dates and times for the first four Omnibus Hearings in the Case Management Order.  Thereafter, the Court, in consultation with the Debtors, shall schedule additional Omnibus Hearings based upon the needs of the cases.  The dates and times of such additional Omnibus Hearings shall be set forth in separate orders of the Court, and served on the Monthly Service List by the Notice Agent.

11.    **General Motion Practice**.  The following procedures shall be followed for Motions and objections generally, except those filed by non-Debtor parties seeking relief pursuant to section 362 of the Bankruptcy Code:

(a)    If a Filing requests relief pursuant to Bankruptcy Rules 2002(a) or (b) the relevant hearing shall be set after the passage of the time period set forth in such rule; provided, however, that pursuant to Bankruptcy Rule 9006(f), if service of any filing is by overnight delivery or U.S. Mail, one or three days, respectively, shall be added to the time period set forth in Bankruptcy Rule 2002(a) or (b).

(b)    Except as provided with respect to Filings requesting relief pursuant to Bankruptcy Rules 2002(a)-(b) any Filing shall not be considered by the Court unless filed, noticed and served in accordance with the Case Management Procedures at least 14 calendar days prior to the date of an Omnibus Hearing on which it will be heard by the Court, not taking into account Bankruptcy Rule 9006(f).  If a Motion is to be served by regular U.S. mail only, it must be filed and served at least 17 calendar days prior to the date of the Omnibus Hearing on which it will be heard by the Court.  If a Motion is filed fewer than 14 days prior to an Omnibus Hearing (or 17 days if served by U.S. mail only) without Court authorization, then the hearing with respect to such Motion shall be the next Omnibus Hearing scheduled thereafter.

(c)    Notwithstanding the immediately preceding paragraph, a party may settle, or present a proposed order for approval by the Court as provided by Local Rule 9074-1; provided, however, the presentment of a proposed order pursuant to Local Rule 9074-1(c)

must be filed and served at least seven days before the presentment date and objections thereto must be filed and served at least one day before the presentment date.

(d)     Each Motion shall be served in accordance with the provisions of the Bankruptcy Rules, the Local Bankruptcy Rules, and this Case Management Order.  In addition, each Motion shall state in the upper right-hand corner of its caption the objection date and time for the Motion and the hearing date and time for the Motion.

(e)     All Motions, and courtesy copies of Motions, shall include a table of contents listing all affidavits and exhibits.  Affidavits and exhibits shall be clearly identified by tabs on both the original and courtesy copies.  Exhibits shall be marked sequentially such that no exhibit number or letter repeats, regardless of the affidavit to which it is attached.  Exhibits for Debtors should be marked by numbers; exhibits for other parties should be marked by letters.

(f)     Any objection to a Motion (an "Objection") shall be filed and served, with a hard copy to chambers, no later than 4:00 p.m. (New York City time) on the earlier of (i) ten days after the date of filing of a Motion or (ii) seven days prior to the date of the Omnibus Hearing at which the Motion is scheduled to be heard unless either (y) the movant establishes a longer response date or (z) the movant and the objecting party mutually agree to extend such deadline; <u>provided</u>, <u>however</u>, that an Objection shall not be filed later than 4:00 p.m. (New York City time) on the date that is seven days prior to the date of the Omnibus Hearing without leave of the Court.  The Objection shall be served upon the movant, the parties identified on the Special Service List and such parties upon whom the Motion was required to be served pursuant to the Case Management Order.  Service of an Objection shall be made so as to be <u>received</u> by those parties required to be served no later than the deadline for filing the Objection.

(g)     If no Objection is filed and served in a timely fashion, the movant may submit an order granting the relief requested in the Motion to the Court along with a Certificate of No Objection stating that no objection has been filed or served on the movant.  By filing such certification, counsel for the movant is representing to the Court that the movant is unaware of any Objection to the Motion and that counsel has reviewed the Court's docket and no objection appears thereon.  Upon receipt of the Certificate of No Objection, the Court may enter the order submitted with the Certificate of No Objection without conducting a hearing.

(h)    If an Objection is filed, the movant or another interested party may file a reply to the Objection (a "Reply") by no later than seven days after the date of service of the Objection unless either (y) the movant establishes a longer response date or (z) the movant and the objecting party mutually agree to extend such deadline, <u>provided</u>, <u>however</u>, that a Reply shall not be filed later than 12:00 p.m. (New York City time) two business days prior to the date of the Omnibus Hearing without leave of the Court.

(i)    Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to 25 pages, and reply memoranda are limited to 10 pages. All memoranda shall be double-spaced, 12-point font, with 1" margins. Memoranda of 10 pages or more shall contain a table of contents and table of authorities.

(j)    Two courtesy copies of each Motion, Objection or Reply shall be delivered to chambers as soon as practicable after filing.

12.    **Notices of Hearing**.  A "Notice of Hearing" shall be affixed to all Filings and shall include the following:  (i) the title of the Filing; (ii) the parties upon whom any Objection to the filing is required to be heard; (iii) the date and time of the applicable objection deadline; (iv) the date of the hearing at which the Pleading shall be considered by the Court; and (v) a statement that the relief requested may be granted without a hearing if no Objection is timely filed and served in accordance with these Case Management Procedures.  The applicable objection deadline and hearing date shall also appear in the upper right corner of the first page of the Notice of Hearing.

13.    **Motion Practice for Lift Stay Actions**.  Motions filed by non-Debtor parties seeking relief pursuant to section 362 of the Bankruptcy Code (a "**Stay Motion**") and objections thereto shall be governed by the following procedures:

(a)    Any Stay Motion shall be filed and served at least 21 days prior to an Omnibus Hearing to be heard initially at such hearing.

(b)    Each Stay Motion shall be served in accordance with the Bankruptcy Rules, the Local Bankruptcy Rules and the provisions of the Case Management Order.

(c)    If the Omnibus Hearing at which such Stay Motion shall be heard is more than 30 days after the date of service of the Stay Motion, the movant shall be deemed to have consented to the continuation of the automatic stay and waived its right to assert termination of the automatic stay pursuant to section 362(e) of the Bankruptcy Code until such Omnibus Hearing.  If the parties agree to an adjournment, the waiver should carry over to the date each time there is an adjournment.

(d)      Any Objections to such Stay Motion shall be filed and served no later than 4:00 p.m. (New York City time) on the date that is seven days prior to the date of the Omnibus Hearing at which the Stay Motion is scheduled to be heard.

(e)      If an Objection is filed, the movant or another interested party may file a reply to the Objection (a "Reply") by no later than 12:00 p.m. (New York City time) two business days prior to the date of the Omnibus Hearing and by no later than seven days after the date of service of the Objection.

(f)      Two courtesy copies of each Motion, Objection or Reply shall be delivered to chambers as soon as practicable after filing.

(g)      The initial hearing on the Stay Motion shall be non-evidentiary and shall be treated as a preliminary hearing pursuant to section 362(e) of the Bankruptcy Code.

(h)      If the party opposing the Stay Motion meets its burden under section 362(e) of the Bankruptcy Code at the initial hearing, the Court will schedule a final hearing no later than 55 days after the date of filing of the Stay Motion and will schedule briefing and discovery matters upon request.

(i)      To prevent the expiration of the 60-day period set forth in section 362(e)(2) of the Bankruptcy Code, the Debtors or any party objecting to the Stay Motion may file a Motion with the Court on shortened notice, which shall be no less than three business days, seeking the entry of an order by the Court containing findings extending such period for cause, and a hearing will be scheduled promptly on such Motion.

14.    **Requests for Shortened Notice**.  Upon a showing of good cause, a party-in-interest may move the Court for:  (i) emergency consideration of a Motion at a hearing before the next Omnibus Hearing and upon shortened notice (an "Emergency Hearing"); (ii) consideration of a Motion at the next Omnibus Hearing upon shortened time; or (iii) some other reduction of a time period under Bankruptcy Rules 9006(b) or 9006(c) or the Case Management Order.  Any party-in-interest seeking an Emergency Hearing shall contact counsel for the Debtors and counsel for any committee, and if there is an agreement that expedited relief is necessary, then the movant or applicant shall notify the Court telephonically of such request prior to filing the Motion and request for expedited relief.  If the Debtors or the Creditors' Committee disagree with the request for expedited relief, the movant or applicant shall: (i) inform the Court of the disagreement via telephone; and (ii) arrange thereafter for a chambers conference either telephonic or in-person, to be held among the Court, counsel to the Debtors, counsel to any committee, the U.S. Trustee and the movant or applicant to discuss the disagreement.  If the Court agrees with the movant or applicant's position, the Motion and the request for expedited relief may be filed.  If the Debtors seek emergency or expedited relief, such

9

request for emergency or expedited consideration shall be upon prior notice to the parties listed
on the Special Service List.  Such parties shall have an opportunity to be heard on the emergency
or expedited relief sought by the Debtors.

15.    **Bridge Orders Not Required in Certain Circumstances**.  If a Motion to
extend the time to take any action is filed before the expiration of the period prescribed by the
Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules or the provisions of any
order entered by this Court, the time shall automatically be extended until the Court acts on the
Motion, without the necessity of a bridge order, provided, however, that the Motion is scheduled
for the next regularly scheduled omnibus hearing.

16.    **Certificates of Service and Notices**.  With respect to all Filings, an
appropriate certificate of service indicating the party serving the Filing, the parties on which the
Filing was served and the date and manner of service shall be filed with the Court within three
business days of such service.  Parties may certify in a certificate of service that they have served
the Filing on a Monthly Service List by referencing such list and the date thereof in a certificate
of service.  Such reference shall obviate the need to attach such Monthly Service List or the
addresses included therein to the certificate of service.  All other parties not on such lists who
have been served shall be identified by name and service address.  Certificates of service of all
Filings, including a Monthly Service List, shall be filed with the Court; provided, however, that
parties shall not be required to serve the affidavits of service to recipients of such service.

17.    **Violation of Procedures**.  If any party violates the procedures detailed in
the Case Management Order – for example, by setting a matter for the next regularly scheduled
Omnibus Hearing without adequate notice or by setting a matter for a date other than an
Omnibus Hearing date without prior Court approval – the Debtors shall forward a copy of the
Case Management Order to such party within five business days after such defective filing.

18.    **Omnibus Hearing Practice**.  With respect to any Motion, the Court may
proceed on a pretrial conference for such Motion at any Omnibus Hearing, as opposed to making
a dispositive ruling on the Motion at that time, if the interests of fairness or the proper
administration of justice so require.  With respect to any Filing, if an Objection or other
responsive pleading is filed in response, then any Motion or Objection requesting or requiring
the Court to make a factual finding must be supported by competent evidence (e.g., declarations
or affidavits and exhibits); proffers of fact will generally not be permitted at the hearing.  If the
objecting party contends that an evidentiary hearing is required for the Court to resolve the
matter, it must identify with reasonable particularity any disputed factual issues.

19.    **Hearing Agenda**.  By 6:00 p.m. (New York City time) two business days
prior to any Omnibus Hearing, counsel to the Debtors shall file with the Court an agenda for the
hearing (the "**Agenda**") and shall serve such agenda in accordance with the Case Management
Order.  Each Agenda shall set forth:  (i) the docket number and title of each matter scheduled for
the Omnibus Hearing; (ii) all related pleadings, including any Objections filed to date and any
Certificates of No Objection, and, as a result, whether each matter is contested or uncontested;
(iii) whether any matters have settled or at such time are proposed to be adjourned to a
subsequent hearing date; (iv) other comments that will assist the Court in preparing for the
hearing; and (v) a suggestion for the order in which the matters should be addressed at the

10

Omnibus Hearing.  To the extent possible, contested matters for which an evidentiary hearing is scheduled to be conducted shall be placed at the end of the proposed Agenda.

20.    **Telephonic Appearances at Hearings**.  In order to minimize the need for counsel to travel to New York City for the hearings, the Court will permit any counsel of record who maintains his or her office outside of New York City, and who wishes to appear at the hearing but who does not expect to be one of the principal oral advocates in support of or in opposition to one of the pending motions, to appear at the hearing by conference telephone. Debtors' counsel is directed to arrange the necessary conference telephone connection for each hearing through Court Call and to post on ECF a notice of the call-in arrangements for each hearing no later than 12:00 p.m. (noon) prevailing Eastern Time on the day before the hearing date.  Any counsel appearing at a hearing, whether in person or by telephone, should be present in the Courtroom or on the telephone no later than fifteen minutes before the scheduled start of each hearing to make his or her appearance on the record, identifying counsel's name and each of the parties on whose behalf you are appearing, so that the hearing may start promptly on time. Any counsel appearing by telephone and wishing to speak at the hearing must be present on the telephone and make your appearance before the start of the hearing.

21.    **Settlements**.  In the event a matter is properly noticed for hearing and the parties reach agreement on a settlement of the dispute before the final hearing, the parties may announce the settlement at the scheduled hearing.  In the event the Court determines that the notice of the dispute and the hearing constitutes adequate notice of the effects of the settlement (i.e., that the terms of the settlement are not materially different from those that parties in interest could have expected if the dispute were fully litigated), the Court may approve the settlement at the hearing without further notice of the terms of the settlement.  In the event the Court determines at the scheduled hearing that additional or supplemental notice is required, the Debtors shall serve such notice in accordance with the Case Management Procedures set forth herein and a hearing to consider such settlement shall be on the next hearing day deemed appropriate by the Court.

## Additional Case Management Procedures

22.    **Filings Under Seal**.  If a party seeks to file any document (including any Filing) or part thereof under seal, such party shall file either (a) a motion with the Court seeking such relief (a "Motion to File Under Seal"), with notice thereof to parties entitled to such notice under the Bankruptcy Rules, and shall schedule a hearing on such motion at the next Omnibus Hearing in accordance with the provisions of this Order or (b) a notice of presentment of an order granting such relief (a "Seal Order") pursuant to Local Bankruptcy Rule 9074-1(b) (a "Notice of Presentment of Seal Order"), with notice thereof to parties entitled to such notice under Local Bankruptcy Rule 9074-1(b).  Contemporaneously with the filing of a Motion to File Under Seal or a Notice of Presentment of Seal Order, the party shall transmit to the Court's chambers a copy of such Motion to File Under Seal or Seal Order and, if the movant determines it is necessary or appropriate, the document(s) sought to be sealed.  The party may seek to shorten the notice period for a Motion to File Under Seal or a Notice of Presentment of Seal Order upon proper motion (which may be made as part of the Motion to File Under Seal).

23.    **Document Requests and Access to Docket**.  Electronic copies of all pleadings and documents are available for a fee via PACER on the Court's website at http://www.nysb.uscourts.gov.  Further, the Notice Agent maintains a website at http://www.kccllc.net/rescap where electronic copies of all pleadings and documents shall be posted as soon as possible after filing and may be viewed free of charge.  **Parties should note that, at any given time, the official docket on the Court's website may be more up to date than the docket maintained on the Notice Agent's free website**.

24.    **Adversary Proceedings**.  Notwithstanding anything to the contrary herein, the prosecution of any adversary proceedings commenced in these Chapter 11 Cases shall be subject to the Court's general case management procedures for adversary proceedings or any separate case management and scheduling orders entered with respect to such adversary proceedings.  The parties on the Special Service List shall be entitled to service of all Filings in adversary proceedings.

25.    **Modifications of Case Procedures**.  Nothing in the Case Management Order shall prejudice the rights of any party-in-interest to seek an amendment or waiver of the provisions of the Case Management Procedures upon a showing of good cause.

26.    **Adequate Notice**.  Notice and service accomplished in accordance with the provisions set forth in these Case Management Procedures shall be deemed adequate in all respects pursuant to the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules.

27.    **Computation of Time**.  Unless otherwise specified, all time periods referenced in these Case Management Procedures will be calculated in accordance with Bankruptcy Rule 9006(a).

28.    **Effect of the Case Management Procedures**.  The Bankruptcy Rules and the Local Bankruptcy Rules shall continue to apply to all proceedings in these cases except to the extent that any provision of these Case Management Procedures by its terms supersedes or is inconsistent with such rules.

29.    **Promulgation of the Case Management Order**.  Within five business days after the entry of the Case Management Order, the Debtors shall serve a copy of the Case Management Order and Case Management Procedures on each of the parties on the Monthly Service Lists.  Shortly after the end of each calendar month, counsel to the Debtors or the Notice Agent shall serve a copy of the Case Management Order and Case Management Procedures upon any party filing a Notice Request within such calendar month.  To help ensure that all parties who may participate in these cases are aware of the terms of the Case Management Procedures: (i) the Debtors will post the Case Management Procedures on the case website at www.kccllc.net/rescap; (ii) the Debtors will attempt to work with the Clerk of the Court to make a conspicuous notation in the docket for these cases indicating the existence of the Case Management Procedures and the docket number assigned to the Case Management Procedures.

30.    **Documents in English**.  All Filings and all other documents and/or notices filed by the Debtors or any non-debtor party shall be in English.

## **EXHIBIT 1**

**Special Service List**

**Office of the United States Trustee for the Southern District of New York**

Office of the United States Trustee
33 Whitehall Street
21st Floor
New York, NY 10004
Attn:   Tracy Hope Davis, Esq.
        Brian Masumoto, Esq.
        Linda Riffkin, Esq.
Phone: (212) 510-0500
Facsimile: (212) 668-2255
Email:  Tracy.Davis2@usdoj.gov
        Brian.Masumoto@usdoj.gov
        Linda.Riffkin@usdoj.gov

**Office of the United States Attorney General**

U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530-0001
Attn:   US Attorney General, Eric H. Holder, Jr.
Phone: (202) 514-2063
Facsimile: (202)307-6777
Email: AskDOJ@usdoj.com

**Office of the New York Attorney General**

Office of the New York State Attorney General
The Capitol
Albany, NY 12224-0341
Attn:   Nancy Lord, Esq.
        Neal Mann, Esq.
Phone: (518) 474-5481
Email: Nancy.Lord@OAG.State.NY.US
        Neal.Mann@OAG.State.NY.US

**Office of the U.S. Attorney for SDNY**

Office of U.S. Attorney for the Southern District of New York
One St. Andrews Plaza
New York, NY 10007
Attn:   Joseph N. Cordaro, Esq.,
Phone: (212) 637-2200
Facsimile: (212) 637-2745

## Debtors

Residential Capital, LLC
1177 Avenue of the Americas
New York, NY 10036
Attn:  Tammy Hamzehpour
Email: Tammy.Hamzehpour@gmacrescap.com


## Counsel to the Debtors

Morrison & Foerster LLP
1290 Avenue of the Americas
New York, NY 10104
Attn:    Larren Nashelskly, Esq.
         Gary S. Lee, Esq.
         Lorenzo Marinuzzi, Esq.
Phone: (212) 468-8000
Facsimile: (212) 468-7900
Email: LNashelskly@mofo.com
       Glee@mofo.com
       LMarinuzzi@mofo.com


## Counsel to the Creditors' Committee

Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036
Attn:    Ken Eckstein
         Doug Mannal
Phone:  (212) 715-9100
Facsimile:  (212) 715-8000
Email:  keckstein@kramerlevin.com
        dmannal@kramerlevin.com

## Prepetition Lenders

Citibank N.A.
390 Greenwich Street, 6th Floor
New York, NY 10013
Attn:  Bobbie Theivakurnaran
Phone:  (212) 723-6753
Facsimile:  (646) 291-3799
Email:  bobbie.theivakurnaran@citi.com


Fannie Mae

3900 Wisconsin Avenue NW
Mail Stop 8H-504
Washington DC 20016
Attn:  Vice President, Credit Management, John S. Forlines
Facsimile:  (202) 752-2208
Email: john_s_forlines@fanniemae.com

**Counsel to Ally Financial Inc.**

Kirkland & Ellis
601 Lexington Avenue
New York, NY 10022
Attn:    Ray C. Schrock
          Richard M. Cieri
Phone:  (212) 446-4800
Facsimile:  212) 446-4900
Email:  richard.cieri@kirkland.com
         stephen.hessler@kirkland.com
         projectrodeo@kirkland.com
         william.b.solomon@ally.com
         timothy.devine@ally.com

**Indenture Trustees**

Deutsche Bank Trust Company Americas
25 DeForest Avenue
Summit, NJ 07901
Attn:  Kevin Vargas
Phone: (201) 593-2456
Email: kevin.vargas@db.com

The Bank of New York Mellon
Asset Backed Securities Group
101 Barclay Street 4W
New York, NY 10286

U.S. Bank National Association
50 South 16th Street, Suite 2000
Philadelphia, PA 19102
Attn:  George Rayzis
Phone: (215) 761-9317
Email: george.rayzis@usbank.com

U.S. Bank National Association

60 Livingston Avenue
EP-MN-WS1D
St. Paul, MN 55107
Attn:  Irina Palchuk
Phone: (651) 495-3404
Facsimile: (651) 495-8100
Email:  irinia.palchuk@usbank.com

**Counsel to U.S. Bank National Association**

Kelley Drye & Warren LLP
101 Park Avenue
New York, NY 10178
Attn:    James S. Carr
          Eric R. Wilson
Phone: (212) 808-7800
Facsimile:  (212) 808-7987
Email: kdwbankruptcydepartment@kelleydrye.com

Wells Fargo Bank, N.A.
P.O. Box 98
Columbia, MD 21046
Attn:  Corporate Trust Services, GMACM Home Equity Notes 2004 Viable Funding Trust

**Counsel to Administrative Agent for the Debtors' Providers of Debtor in Possession Financing**

Skadden Arps Slate Meagher & Flom LLP
Four Times Square
New York, NY 10036
Attn:    Jonathan H. Hofer
          Ken Ziman
Phone:  (212) 735-3849
Facsimile:  (917) 777-3849
Email: jhofer@skadden.com
          kziman@skadden.com

**Nationstar Mortgage LLC**

Nationstar Mortgage LLC
350 Highland Drive
Lewisville, TX 75067
Attn:  General Counsel
Phone:  (469) 549-2000
Facsimile:  (972) 315-8637

**Counsel to Nationstar Mortgage LLC**

Sidley Austin LLP
One Dearborn
Chicago, IL 60603
Attn:   Larry J. Nyhan
          Jessica CK Boelter
Phone:  (312) 853-7710
Facsimile:  (312) 853-7036
Email:  lnyhan@sidley.com
          jboelter@sidley.com
          bmyrick@sidley.com

**Internal Revenue Service**

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346
Facsimile:  (267) 941-1015

Overnight mail should be directed to:
Internal Revenue Service
2970 Market Street
Mail Stop 5-Q30.133
Philadelphia, PA 19104-5016

**U.S. Securities and Exchange Commission**

Securities and Exchange Commission, New York Regional Office
3 World Financial Center, Suite 400
New York, NY 10281-1022
Attn:  George S. Canellos, Regional Director
Phone:  (212) 336-1100
Email:  newyork@sec.gov