MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Larren M. Nashelsky
Gary S. Lee
Norman S. Rosenbaum

*Proposed Counsel for the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | Chapter 11 |
| Debtors. | Jointly Administered |

------------------------------------------------------------

**MOTION PURSUANT TO FED. R. BANKR. P. 9006 AND LOCAL BANKRUPTCY RULES 9006-1 AND 9077 FOR ENTRY OF AN ORDER SHORTENING THE TIME FOR NOTICE OF AND SCHEDULING A HEARING TO CONSIDER THE DEBTORS' MOTION FOR SUPPLEMENTAL ORDER UNDER BANKRUPTCY CODE SECTIONS 105(a), 362, 363, 502, 1107(a), AND 1108 AND BANKRUPTCY RULE 9019 (I) AUTHORIZING THE DEBTORS TO CONTINUE IMPLEMENTING LOSS MITIGATION PROGRAMS; (II) APPROVING PROCEDURES FOR COMPROMISE AND SETTLEMENT OF CERTAIN CLAIMS, LITIGATIONS AND CAUSES OF ACTION; (III) GRANTING LIMITED STAY RELIEF TO PERMIT FORECLOSURE AND EVICTION PROCEEDINGS, BORROWER BANKRUPTCY CASES, AND TITLE DISPUTES TO PROCEED; AND (IV) AUTHORIZING AND DIRECTING THE <u>DEBTORS TO PAY SECURITIZATION TRUSTEE FEES AND EXPENSES</u>**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors")[1] respectfully submit this motion (the "<u>Motion</u>") pursuant to Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rules 9006-1(b) and 9077 of the

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on <u>Exhibit 1</u> to the Whitlinger Affidavit (defined below). Additional subsidiaries and affiliates of the Debtors may file Chapter 11 petitions on a rolling basis. As used herein, the term "Debtors" includes any such entities.

1

ny-1043349

Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules") to shorten the time for notice of and scheduling a hearing to consider the *Debtors' Motion For Supplemental Order Under Bankruptcy Code Sections 105(A), 362, 363, 502, 1107(A), And 1108 And Bankruptcy Rule 9019 (I) Authorizing The Debtors To Continue Implementing Loss Mitigation Programs; (II) Approving Procedures For Compromise And Settlement Of Certain Claims, Litigations And Causes Of Action; (III) Granting Limited Stay Relief To Permit Foreclosure And Eviction Proceedings, Borrower Bankruptcy Cases, And Title Disputes To Proceed; And (IV) Authorizing And Directing The Debtors To Pay Securitization Trustee Fees And Expenses* (the "Supplemental Servicing Motion").[2] In support of the Motion, the Debtors rely upon and incorporates by reference the Declaration, pursuant to Local Rule 9077, of Norman S. Rosenbaum (the "Rosenbaum Declaration"), attached hereto as Exhibit 1. In further support of the Motion, the Debtors respectfully represent as follows:

## JURISDICTION

1. This Court has subject matter jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are Bankruptcy Rule 9006(c) and Local Bankruptcy Rules 9006-1(b) and 9077.

## BACKGROUND

2. On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code. The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code

---

[2] Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Supplemental Servicing Motion.

sections 1107(a) and 1108.  These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).  No trustee or examiner has been appointed in these Chapter 11 cases.

3.      On the Petition Date, the Debtors filed the GA Servicing Motion (D.E. 57) and the Non-GA Servicing Motion (D.E. 46) (collectively, the "Servicing Motions").

4.      On May 15, 2012, the Court entered an order granting the GA Servicing Motion on an interim basis (D.E. 91) (the "Interim GA Servicing Order"), and on May 16, 2012, the Court entered an order granting the Non-GA Servicing Motion on an interim basis (D.E. 87) (the "Interim Non-GA Servicing Order" and together with the Interim GA Servicing Order, the "Interim Servicing Orders").

5.      A hearing to consider approving the Servicing Motions on a final basis is scheduled to be held on June 12, 2012.

6.      On May 16, 2012, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed a nine member official committee of unsecured creditors (the "Creditors' Committee").

7.      The Debtors are a leading residential real estate finance company indirectly owned by Ally Financial Inc., which is not a Debtor.  The Debtors and their non-debtor affiliates operate the fifth largest mortgage servicing business and the tenth largest mortgage origination business in the United States.  A more detailed description of the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these bankruptcy cases, is set forth in the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings (D.E. 6) (the "Whitlinger Affidavit").

ny-1043349

**RELIEF REQUESTED**

8.      By this Motion, the Debtors seek entry of an order (a) shortening the notice period for the Supplemental Servicing Motion such that it may be heard by the Court on June 12, 2012 at 10:00 a.m. (Prevailing Eastern Time) and scheduling the hearing for the Supplemental Servicing Motion for such date, and (b) requiring that objections to the Supplemental Servicing Motion, if any, be filed and served so that they are received by 5:00 p.m. (Prevailing Eastern Time) on June 7, 2012, with any responses due by 5:00 p.m. on June 8, 2012 and served on the objecting parties.

**BASIS FOR RELIEF**

9.      Pursuant to Bankruptcy Rule 9014, "reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought" in contested matters not otherwise governed by the Bankruptcy Rules. Fed R. Bankr. P. 9014.  Bankruptcy Rule 9006(c)(1) and Local Bankruptcy Rule 9006-1(b) authorize the Court, for cause shown, to reduce the notice period required for a hearing.

10.     The Debtors request that this Court enter an order pursuant to Bankruptcy Rule 9006(c)(1) and Local Bankruptcy Rule 9006-1(b) shortening notice and setting the time for the hearing on the Supplemental Servicing Motion and a deadline for filing objections thereto.

11.     For the reasons set out in the Supplemental Servicing Motion and the Rosenbaum Declaration, the shortened time is necessary because, since the Court granted the relief set forth in the Interim Servicing Orders, the Debtors have confronted issues on a day-to-day basis in the conduct of the ordinary course of their businesses that require a clarification of and a supplement to the relief previously granted under the Interim Servicing Orders.  These issues have had a direct impact on the Debtors' ability to conduct their servicing activities in the ordinary course,

and continued uncertainty could potentially impair the value of their servicing platform. The relief sought in the Supplemental Servicing Motion is intended to clarify, supplement and augment the relief already granted pursuant to the Interim Servicing Orders. Accordingly, the Debtors believe that the Supplemental Servicing Motion should be heard at the same time as the final relief requested under the Servicing Motions. In addition, prompt relief as requested in the Supplemental Servicing Motion is necessary to ensure that the Debtors are able to continue to conduct their businesses in the ordinary course, thereby preserving the value of their servicing platform for the benefit of the Debtors' estates.

12. For these reasons, it is imperative that the Motion be approved on an expedited basis. To this end, *ex parte* relief is warranted so that the Supplemental Servicing Motion may be heard on June 12, 2012 at 10:00 a.m. (Prevailing Eastern Time).

13. No parties in interest would be prejudiced by the shortened notice requested herein or by the approval of this Motion on an *ex parte* basis.

14. The Debtors have consulted with counsel for the Creditors' Committee and have been informed that the Creditors' Committee does not oppose the shortened notice requested herein or by the approval of this Motion on an *ex parte* basis.

## NOTICE

15. Notice of this Motion has been provided by facsimile, electronic transmission, overnight delivery, or hand delivery to: (a) the Office of the United States Trustee for the Southern District of New York; (b) the Office of the United States Attorney General; (c) the Office of the New York Attorney General; (d) the Office of the United States Attorney for the Southern District of New York; (e) the Internal Revenue Service; (f) the Securities and Exchange Commission; (g) each of the Debtors' prepetition lenders, or their agents, if applicable; (h) each

of the indenture trustees for the Debtors' outstanding notes issuances; (i) Ally Financial Inc.; (j) Barclays Bank PLC, as administrative agent for the lenders under the debtor in possession financing facility; (k) Nationstar Mortgage LLC and its counsel; (l) the Creditors' Committee; (m) the parties included on the Debtors' list of fifty (50) largest unsecured creditors; (n) each of the Governmental Associations and their counsel; (o) counsel for the United States of America; (p) the trustees for each of the GA Securitization Trusts; (q) the trustees for each of the Non-GA Securitization Trusts; (r) all parties requesting notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, under the circumstances, no other or further notice is necessary.

## NO PRIOR REQUEST

16. No prior request for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request that this Court (a) enter an order substantially in the form attached as <u>Exhibit 2</u> hereto shortening the time for notice of the Supplemental Servicing Motion and (b) grant such other and further relief to the Debtors as the Court may deem just and proper.

Dated:   May 31, 2012
        New York, New York

                                                                                             */s/*    Larren M. Nashelsky
                                                                                 Larren M. Nashelsky
                                                                                 Gary S. Lee
                                                                                 Norman S. Rosenbaum
                                                                                 MORRISON & FOERSTER LLP
                                                                                 1290 Avenue of the Americas
                                                                                 New York, New York 10104
                                                                                 Telephone: (212) 468-8000
                                                                                 Facsimile: (212) 468-7900

                                                                                 *Proposed Counsel for the Debtors and Debtors in Possession*

# **EXHIBIT 1**

ny-1043349

MORRISON & FOERSTER LLP
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:   (212) 468-8000
Facsimile:   (212) 468-7900
Larren M. Nashelsky
Gary S. Lee
Norman S. Rosenbaum

*Proposed Counsel for the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**DECLARATION OF NORMAN S. ROSENBAUM IN SUPPORT OF THE MOTION PURSUANT TO FED. R. BANKR. P. 9006 AND LOCAL BANKRUPTCY RULES 9006-1 AND 9077 FOR ENTRY OF AN ORDER SHORTENING THE TIME FOR NOTICE OF AND SCHEDULING A HEARING TO CONSIDER THE DEBTORS' MOTION FOR SUPPLEMENTAL ORDER UNDER BANKRUPTCY CODE SECTIONS 105(a), 362, 363, 502, 1107(a), AND 1108 AND BANKRUPTCY RULE 9019 (I) AUTHORIZING THE DEBTORS TO CONTINUE IMPLEMENTING LOSS MITIGATION PROGRAMS; (II) APPROVING PROCEDURES FOR COMPROMISE AND SETTLEMENT OF CERTAIN CLAIMS, LITIGATIONS AND CAUSES OF ACTION; (III) GRANTING LIMITED STAY RELIEF TO PERMIT FORECLOSURE AND EVICTION PROCEEDINGS, BORROWER BANKRUPTCY CASES, AND TITLE DISPUTES TO PROCEED; AND (IV) AUTHORIZING AND DIRECTING THE DEBTORS TO PAY <u>SECURITIZATION TRUSTEE FEES AND EXPENSES</u>**

I, Norman S. Rosenbaum, pursuant to 28 U.S.C. § 1746 and Local Bankruptcy Rule 9077, hereby declare that the following is true to the best of my knowledge, information and belief:

      1.    I am a partner of the firm of Morrison & Foerster LLP, which maintains offices for the practice of law at, among other locations, 1290 Avenue of the Americas, New

ny-1043349

York, New York 10104. I am admitted, practicing and a member in good standing of the bars of the State of New York, the United States District Court for the Southern District of New York, the Eastern District of New York, and the Supreme Court of the United States. I submit this declaration and statement in support of the Debtors' motion pursuant to Rule 9006 of the Federal Rules of Bankruptcy Procedure, and Rules 9006-1(b) and 9077 of the Local Bankruptcy Rules for the Southern District of New York to shorten the time for notice of and scheduling a hearing to consider the *Debtors' Motion For Supplemental Order Under Bankruptcy Code Sections 105(A), 362, 363, 502, 1107(A), And 1108 And Bankruptcy Rule 9019 (I) Authorizing The Debtors To Continue Implementing Loss Mitigation Programs; (II) Approving Procedures For Compromise And Settlement Of Certain Claims, Litigations And Causes Of Action; (III) Granting Limited Stay Relief To Permit Foreclosure And Eviction Proceedings, Borrower Bankruptcy Cases, And Title Disputes To Proceed; And (IV) Authorizing And Directing The Debtors To Pay Securitization Trustee Fees And Expenses* (the "Supplemental Servicing Motion"),[1] filed concurrently herewith. I have personal knowledge of the matters set forth herein and, if called as a witness, would testify competently thereto.

2.     Pursuant to the Supplemental Servicing Motion, the Debtors seek the entry of a supplemental order under Bankruptcy Code sections 105(a), 362, 363, 1107(a) and 1108, and Bankruptcy Rule 9019 (i) authorizing the Debtors to continue implementing loss mitigation programs; (ii) approving procedures for the compromise and settlement of certain claims, litigations and causes of action in the ordinary course of the Debtors' business; (iii) granting limited stay relief to permit (w) borrowers or their tenants, as applicable, to prosecute direct claims and counter-claims in foreclosure and eviction proceedings (including in states in which non-judicial foreclosure is followed), (x) borrowers to prosecute certain actions in borrower

---

[1]  Capitalized terms used and not otherwise defined herein have the meaning ascribed to them in the Supplemental Servicing Motion.

ny-1043349

2

bankruptcy cases, (y) the Debtors to prosecute foreclosure actions in those circumstances where they service senior mortgage loans and own the junior loans on the underlying property, and (z) third party lien holders to prosecute direct claims and counter-claims in actions involving the amount, validity or priority of liens on properties subject to foreclosure proceedings, and (iv) authorizing and directing the Debtors to pay certain securitization trustee fees and expenses.

3. The Debtors request that the Supplemental Servicing Motion be heard on June 12, 2012 at 10:00 a.m. (Prevailing Eastern Time).

4. Ample cause exists to expedite approval of the Supplemental Servicing Motion and to grant the Motion to Shorten Notice on an *ex parte* basis. Since the Court granted the relief set forth in the Interim Servicing Orders, the Debtors have confronted issues on a day-to-day basis in the conduct of the ordinary course of their businesses that require a clarification of and a supplement to the relief previously granted under the Interim Servicing Orders. These issues have had a direct impact on the Debtors' ability to conduct their servicing activities in the ordinary course, and their resolution has required numerous time-consuming calls and discussions on an ad hoc basis. The relief sought in the Supplemental Servicing Motion is intended to clarify, supplement and augment the relief already granted pursuant to the Interim Servicing Orders.

5. For these reasons, and pursuant to the *Order Under Bankruptcy Code Sections 102(1), 105(a) and 105(d), Bankruptcy Rules 1015(c), 2002(m) and 9007 and Local Bankruptcy Rule 2002-2 Establishing Certain Notice, Case Management and Administrative Procedures* (D.E. 141), cause also exists because shortening the notice period would permit the Supplemental Servicing Motion to be heard at the same time the Court is scheduled to consider approving the relief requested in the Servicing Motions on a final basis. A simultaneous hearing will help to allay any confusion by parties in interest regarding the scope of the relief being

ny-1043349

3

requested in the Supplemental Servicing Motion. In addition, prompt relief as requested in the Supplemental Servicing Motion is necessary to ensure that the Debtors are able to continue to conduct their businesses in the ordinary course, thereby maintaining the value of their servicing platform for the benefit of the Debtors' estates.

6. To this end, *ex parte* relief is warranted so that the Supplemental Servicing Motion may be heard at a hearing to be scheduled before this Court on June 12, 2012 at 10:00 a.m. (prevailing Eastern Time).

7. I declare under penalty of perjury that the preceding statements are true and correct.

Dated: New York, New York
May 31, 2012

MORRISON & FOERSTER LLP

By:  /s/ Norman S. Rosenbaum
      Norman S. Rosenbaum

# **EXHIBIT 2**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------------
                                                      )
In re:                                                )   Case No. 12-12020 (MG)
                                                      )
RESIDENTIAL CAPITAL, LLC, et al.,                     )   Chapter 11
                                                      )
                                     Debtors.         )   Jointly Administered
---------------------------------------------------------------------------  )

**ORDER PURSUANT TO FED. R. BANKR. P. 9006 AND LOCAL BANKRUPTCY RULES 9006-1 AND 9077 SHORTENING THE TIME FOR NOTICE OF AND SCHEDULING A HEARING TO CONSIDER THE DEBTORS' MOTION FOR SUPPLEMENTAL ORDER UNDER BANKRUPTCY CODE SECTIONS 105(a), 362, 363, 502, 1107(a), AND 1108 AND BANKRUPTCY RULE 9019 (I) AUTHORIZING THE DEBTORS TO CONTINUE IMPLEMENTING LOSS MITIGATION PROGRAMS; (II) APPROVING PROCEDURES FOR COMPROMISE AND SETTLEMENT OF CERTAIN CLAIMS, LITIGATIONS AND CAUSES OF ACTION; (III) GRANTING LIMITED STAY RELIEF TO PERMIT FORECLOSURE AND EVICTION PROCEEDINGS, BORROWER BANKRUPTCY CASES, AND TITLE DISPUTES TO PROCEED; AND (IV) AUTHORIZING AND DIRECTING THE DEBTORS TO PAY SECURITIZATION TRUSTEE FEES AND EXPENSES**

Upon consideration of the motion (the "Motion"),[1] dated May 31, 2012, of Residential Capital, LLC, and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors") for entry of an order pursuant to Fed. R. Bankr. P. 9006(c) and Local Bankruptcy Rule 9006-1(b) shortening the time for notice of and scheduling a hearing to consider the *Debtors' Motion For Supplemental Order Under Bankruptcy Code Sections 105(A), 362, 363, 502, 1107(A), And 1108 And Bankruptcy Rule 9019 (I) Authorizing The Debtors To Continue Implementing Loss Mitigation Programs; (II) Approving Procedures For Compromise And Settlement Of Certain Claims, Litigations And Causes Of Action; (III) Granting Limited Stay Relief To Permit Foreclosure And Eviction Proceedings, Borrower Bankruptcy Cases, And Title Disputes To Proceed; And (IV) Authorizing And Directing The Debtors To Pay Securitization Trustee Fees And Expenses* (the "Supplemental Servicing Motion"); and upon the declaration,

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

ny-1043349

pursuant to Local Bankruptcy Rule 9077, of Norman S. Rosenbaum; and the Court having determined that granting the relief requested in the Motion is appropriate; and it appearing that due and adequate notice of the Motion has been given under the circumstances, and that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby

> **ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is granted as set forth herein.

2. The hearing to consider the Supplemental Servicing Motion shall be held on June 12, 2012 at 10:00 a.m. (Prevailing Eastern Time) before the Honorable Judge Martin Glenn, One Bowling Green, New York, NY 10004, Courtroom 501. The hearing on the Supplemental Servicing Motion may be adjourned from time to time without further notice other than an announcement of the adjourned date or dates in open court. Notice of such adjourned date(s) will be available on the electronic case filing docket.

3. The Debtors shall serve a copy of this Order as promptly as practicable on the day of entry thereof by fax, e-mail, or overnight mail, on the Notice Parties (as defined below).

4. Any objections ("Objections") to the approval of the Supplemental Servicing Motion shall be filed and served so that they are received no later than 5:00 p.m. (Prevailing Eastern Time) on June 7, 2012 by the following parties (the "Notice Parties"):

> (a) counsel to the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York 10404 (Attn: Larren M. Nashelsky, Gary S. Lee and Norman S. Rosenbaum);
>
> (b) counsel to the Creditors' Committee, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas New York, NY 10036, Attn: Kenneth H. Eckstein and Douglas H. Mannal;
>
> (c) the Office of the United States Trustee, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attn: Brian S. Masumoto, Esq.);

ny-1043349                                            2

      (d) the Office of the United States Attorney General;

      (e) the Office of the New York Attorney General;

      (f) the Office of the United States Attorney for the Southern District of New York;

      (g) any other committee appointed in the cases;

      (h) each of the Debtors' prepetition lenders, or their agents, if applicable;

      (i) each of the indenture trustees for the Debtors' outstanding notes issuances;

      (j) counsel to Ally Financial Inc.;

      (k) counsel to the administrative agent for the Debtors' providers of debtor in possession financing;

      (l) Nationstar Mortgage LLC and its counsel;

      (m) the Internal Revenue Service; and

      (n) the Securities and Exchange Commission.

Objections not timely filed and served in the manner set forth above shall not be considered and shall be overruled. Responses to any Objections shall be due by June 8, 2012 at 5:00 p.m. and served on the objecting party.

      5.    This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: New York, New York
       May __, 2012

                                        _____
                                        THE HONORABLE MARTIN GLENN
                                        UNITED STATES BANKRUPTCY JUDGE