**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

**ORDER UNDER BANKRUPTCY CODE SECTIONS 105(a) AND 366
(I) PROHIBITING UTILITY PROVIDERS FROM ALTERING OR DISCONTINUING
SERVICE ON ACCOUNT OF PREPETITION INVOICES, (II) APPROVING DEPOSITS
AS ADEQUATE ASSURANCE OF PAYMENT, AND (III) ESTABLISHING
PROCEDURES FOR RESOLVING REQUESTS BY UTILITY
<u>COMPANIES FOR ADDITIONAL ASSURANCE OF PAYMENT</u>**

Upon the motion (the "Motion")[1] of the Debtors for an order, under Bankruptcy Code sections 105(a) and 366 (i) prohibiting the Utility Companies from altering or discontinuing service on account of prepetition invoices, (ii) approving the adequate assurance of postpetition payment to be provided to the Utility Companies through the establishment of the Adequate Assurance Deposit (defined below), and (iii) establishing the Additional Adequate Assurance Procedures for resolving any Additional Adequate Assurance Requests under Bankruptcy Code section 366(c); and upon the Whitlinger Affidavit; and no objections to the Motion having been filed; and the Additional Adequate Assurance Request (defined below) of Xcel Energy having been resolved; and the Court having held a hearing on May 31, 2012 to consider the relief requested in the Motion; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is in the best interests

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion. Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases or the relief requested in this Motion may refer to http://www.kccllc.net/rescap for additional information.

of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation thereon; and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.  The Motion is GRANTED, as set forth herein.

2.  Absent further order of this Court, the utility companies listed on Appendix 1 attached hereto (the "Utilities Listing"), including any subsequently added Utility Companies, are prohibited from altering, refusing, or discontinuing service to or discriminating against the Debtors on account of unpaid prepetition invoices or due to the commencement of these cases, or requiring the Debtors to pay a deposit or other security in connection with the provision of postpetition Utility Services, other than in accordance with the Additional Adequate Assurance Procedures contained herein.

3.  The Debtors shall, on or before ten (10) days after entry of this Order, deposit a sum equal to 50% of the Debtors' estimated average aggregate monthly cost of Utility Services based on an analysis of the Debtors' last twelve months of invoices prior March 31, 2012 into a segregated depository bank account, for the purpose of providing each Utility Company adequate assurance of payment of its postpetition Utility Services to the Debtors. Such Adequate Assurance Deposit shall be held in escrow, pending further order of the Court for the purpose of providing each Utility Company adequate assurance of payment of its postpetition utility services to the Debtors. The Adequate Assurance Deposit shall be maintained with a minimum balance equal to 50% of the Debtors' estimated average aggregate monthly cost of Utility Services, which may be adjusted by the Debtors to account for the termination of Utility Services by the Debtors or other arrangements with respect to adequate assurance of payment reached with any Utility Company.

4. To the extent that the Debtors become delinquent with respect to a Utility Company's account, such Utility Company shall file a notice of such delinquency (the "Delinquency Notice") with the Court and serve such notice on (a) the Debtors, (b) counsel to the Debtors, (c) counsel to the official committee of unsecured creditors (the "Committee"), (d) counsel to the United States Trustee, and (e) Kurtzman Carson Consultants LLC, the Debtors' noticing agent. If the Debtors have not cured such delinquency or no party has objected to the Delinquency Notice within ten (10) days of the receipt of the Delinquency Notice, then the Debtors shall remit to such Utility Company from the Adequate Assurance Deposit the lesser of (i) the amount allocated in the Adequate Assurance Deposit for such Utility Company's account, and (ii) the amount of postpetition charges claimed as delinquent in the Delinquency Notice.

5. The Additional Adequate Assurance Procedures are hereby approved as follows:

(a) In the event that a Utility Company maintains that the Adequate Assurance Deposit is not satisfactory adequate assurance of payment as contemplated by Bankruptcy Code section 366(c)(2), the Utility Company must serve a request (an "Additional Adequate Assurance Request") for adequate assurance on the Debtors and their counsel at the following addresses: (i) Residential Capital, LLC, One Meridian Crossings, Minneapolis, MN 55423 (Attn: Tammy Hamzehpour); (ii) proposed counsel to the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attn: Larren M. Nashelsky, Gary S. Lee and Lorenzo Marinuzzi); and (iii) Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245 (Attn: Residential Capital, LLC – Utilities Adequate Assurance Requests), with a copy to proposed counsel to the Committee, Kramer Levin Naftalis & Frankel, LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attn: Kenneth H. Eckstein and Douglas Mannal), so that it is actually received within thirty (30) days after entry of this Order (the "Additional Adequate Assurance Request Deadline").

3

(b)     Any Additional Adequate Assurance Request must: (i) be made in writing, (ii) set forth the location for which Utility Services are provided, (iii) include a summary of the Debtors' payment history relevant to the affected accounts, including any security deposit, (iv) set forth what the Utility Company would accept as satisfactory adequate assurance of payment, and (v) provide a fax and electronic mail address to which the Debtors may respond to the Additional Adequate Assurance Request.

(c)     The Debtors shall have until thirty (30) days after the Additional Adequate Assurance Request Deadline (the "Resolution Period") to negotiate with the Utility Companies that serve an Additional Adequate Assurance Request.

(d)     Without further order of the Court, the Debtors may enter into agreements granting additional adequate assurance to a Utility Company serving a timely Additional Adequate Assurance Request if the Debtors, after consultation with the Committee, determine that the Additional Adequate Assurance Request is reasonable or if the parties negotiate alternate consensual provisions, and may, in connection with any such agreement, in their discretion, provide a Utility Company with additional adequate assurance of payment including, but not limited to, cash deposits, prepayments, and/or other forms of security, without further order of this Court.

(e)     If the Debtors determine that an Additional Adequate Assurance Request is unreasonable and are not able to reach an alternative resolution with the Utility Company during the Resolution Period, the Debtors, during or immediately after the Resolution Period, will request a hearing before the Court to determine the adequacy of assurance of payment with respect to a particular Utility Company, pursuant to section 366(c)(3) of the Bankruptcy Code (the "Determination Hearing").

(f)     Pending resolution of any such Determination Hearing, the Utility Company shall be prohibited from altering, refusing, or discontinuing services to the Debtors on account of unpaid prepetition invoices or any objections to the Debtors' Adequate Assurance Deposit or due to the commencement of these cases.

4

      (g)    Any Utility Company that does not serve an Additional Adequate Assurance Request by the Additional Adequate Assurance Request Deadline shall be deemed to have received adequate assurance of payment that is satisfactory to such Utility Company within the meaning of Bankruptcy Code section 366(c)(2).

6.    The Debtors are authorized, in their sole discretion, to amend the Utilities Listing to add or delete any Utility Company. The Debtors shall provide the Committee with notice of all amendments to the Utilities Listing. The Debtors shall serve a copy of the Motion and this Order on such subsequently identified Utility Companies. Such Utility Companies shall then have thirty (30) days from the service of the Motion and the Order to make an Additional Adequate Assurance Request.

7.    The inclusion or exclusion of any entity on or from the Utilities Listing, as may be amended from time to time, shall not constitute an admission that such entity is or is not a utility company within the meaning of Bankruptcy Code section 366. This Order specifically reserves the rights of the Debtors to argue that (a) any of the entities now or hereafter listed on the Utilities Listing are not "utilities" within the meaning of Bankruptcy Code section 366, and (b) any such entity is compelled by contractual obligation, state or local law, or otherwise, to continue to furnish services to the Debtors notwithstanding the Debtors' filing for relief under chapter 11 of the Bankruptcy Code.

8.    In the event that any Utility Company, including a subsequently added Utility Company, files and/or serves an Additional Adequate Assurance Request after the Additional Adequate Assurance Request Deadline, or, if applicable, the subsequent deadline established in paragraph 6 above, such request shall be treated as a request under Bankruptcy Code section 366(c)(3) and shall be granted, if at all, only after the Utility Company making such

request schedules such request for hearing, on notice, in accordance with the provisions of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.

9. The Debtors are authorized to pay on a timely basis in accordance with their prepetition practices all undisputed invoices in respect to postpetition Utility Services rendered by the Utility Companies to the Debtors.

10. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

11. Nothing in this Order or the Motion shall be deemed to constitute the assumption or adoption of any agreement under Bankruptcy Code section 365.

12. Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

13. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: May 31, 2012
       New York, New York

                                                              /s/Martin Glenn
                                                              MARTIN GLENN
                                              United States Bankruptcy Judge

# APPENDIX 1

## LIST OF UTILITY COMPANIES

| Vendor Name | Vendor Type | Account Number(s) |
|---|---|---|
| Abovenet Communications Inc. | Telecommunications | 208308 |
| AT&T | Telecommunications | 2136120012873<br>2144928300218<br>2145849200100<br>2147413818119<br>2148232027158<br>2148790130935<br>2148871763876<br>3143679335552<br>3179234245267<br>5864434450612<br>6147711999429<br>7144377956264<br>7145451742579<br>7758534622509<br>80023108295<br>80023141965<br>80100705609<br>80802372278<br>80802442162<br>8185650407333<br>8585059108301<br>88800028396-02<br>9019468908909<br>9544221879001<br>9603500554555<br>9605511776555<br>9729061172104<br>9729062950370<br>9729065552937<br>9729066800290<br>9729569210485<br>9729560761222 |
| AT&T Mobility | Telecommunications | FAN00025935 Acct # 990040630 |
| Center Point Energy | Energy | 5580682-2 |

| Vendor Name | Vendor Type | Account Number(s) |
|---|---|---|
| CenturyLink | Telecommunications | 77109005<br>319-236-5400<br>319-287-8007<br>319-D55-1743<br>319-Z25-0077<br>612-E12-7494<br>952-826-0038<br>952-831-0908<br>952-831-4066<br>952-941-7111<br>952-829-0035<br>612-E07-3522 |
| Cisco Systems Capital Corporation | Telecommunications | Lessee ID 4641 |
| City of Eden Prairie | Water Supply | 0014400174 |
| Comcast | Telecommunications | 09531382503017<br>20001402208016 |
| Dish Network | Telecommunications | 8255 70 708 1538014 |
| Genesys Conferencing | Telecommunications | U0037349<br>U0037348 |
| Global Capacity Group Inc. | Telecommunications | GCP-1000143<br>GCP-1000260<br>GCP-1000007 |
| IEX Corporation | Telecommunications | 409774/CF# 125-10 |
| Inova Solutions | Telecommunications | GMA1000 |
| Intercall | Telecommunications | 873713 |
| Intervoice Inc. | Telecommunications | 10009203 |
| Level 3 Communications LLC | Telecommunications | 3544513<br>1008144320A<br>1-2WDA2N<br>43753<br>10000735 |
| MediaCom | Telecommunications | 8383 95 001 1447055<br>8383 95 001 0417448 |
| Micro-Tel Center | Telecommunications | 120055 |
| MidAmerican Energy | Energy | 90940-06013<br>Meter# L55086383; Meter# A05079385; Meter# T96182520 |
| Sprint | Telecommunications | 132161218 |
| Time Warner Cable | Telecommunications | 8260 13 052 0094239 |
| Time Warner Telecom | Telecommunications | 38249<br>305500<br>38217 |

2

| Vendor Name | Vendor Type | Account Number(s) |
|---|---|---|
| | | 305497 |
| Verizon | Telecommunications | 215-283-8760<br>609-654-1257<br>609-654-4059<br>856-988-0737<br>856-241-4390<br>856-797-6961<br>215-563-4530<br>856-227-2079<br>951-303-6531<br>703-724-4272<br>215-197-8440<br>040-135-7893 |
| Verizon Business | Telecommunications | Y2221972<br>Y009623<br>Y0010397<br>Y2226907<br>Y2354296<br>Y2226906<br>Y2354294<br>Y2471891<br>Y1944004 |
| Verizon California | Telecommunications | 9513036531091020 |
| Verizon Wireless | Telecommunications | 48607062-00001 |
| Waste Management | Waste Collection | 518-0025657-0513-0<br>518-0003122-0513-1<br>518-0004847-0513-2 |
| Waterloo Water Works Po Box 27, Waterloo, Iowa 50704 | Water Supply | 16-64-1835-024392<br>16-64-1835-024393 |
| Xcel Energy | Energy | 51-6281065-7 |

3