**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| In re: | Case No. 12-12020 |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | Chapter 11 |
| Debtors. | Jointly Administered |

# DECLARATION OF PETER GIAMPORCARO
# IN SUPPORT OF THE SALE OF THE NATIONSTAR PURCHASED ASSETS
# <u>WITHOUT A PRIVACY OMBUDSMAN</u>

I, Peter Giamporcaro, make this Declaration under 28 U.S.C. § 1746 and state:

1. I am Counsel for Residential Capital LLC ("ResCap"). I submit this Declaration in support of the proposed sale (the "Sale" or the "Sale Transaction") of certain of the Debtors' assets (the "Nationstar Purchased Assets") to Nationstar Mortgage LLC and its affiliates (collectively, "Nationstar")[1] pursuant to an asset purchase agreement dated May 14, 2012 (the "Nationstar APA"), all as more fully described in the Motion.[2]

2. Except as otherwise indicated, all statements in this Declaration are based upon my review of relevant documents, internal discussions, and discussions with ResCap

---

[1] As used in this Declaration and solely for purposes thereof, Nationstar includes Fortress Investment Group LLC and its affiliates.

[2] Capitalized terms used herein and not defined shall have the meanings ascribed to them in the Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), and (m), 365 and 1123, and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 For Order: (A)(I) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expense Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Asset Purchase Agreements Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief. (the "Motion") or the affidavit submitted by James Whitlinger (the "Whitlinger Affidavit").

ny-1021343

counsel, including privacy counsel. If I were called upon to testify, I could and would testify to each of the facts set forth below.

## QUALIFICATIONS OF DECLARANT

3.  From 1997 to 2006, I held Associate and Of Counsel positions with Reed Smith LLP. As part of the Consumer Financial Services Regulatory practice group, I advised financial institutions on an array of consumer lending and regulatory laws, including the Gramm-Leach-Bliley Act (the "GLBA"). I was part of the group of attorneys at Reed Smith who assisted clients in interpreting and implementing GLBA upon its enactment in 1999.

4.  I have served as Counsel for ResCap for the past 5 ½ years. My responsibilities as Counsel include advising senior and executive management on legal matters, with particular responsibility for regulatory matters, including privacy laws, relating to the origination of residential mortgage loans. I have developed substantial knowledge regarding the Debtors' businesses and privacy notices, which knowledge qualifies me to provide the testimony referred to herein.

## INFORMATION CONSIDERED

5.  In preparing this Declaration and in addition to the information referenced herein, I have reviewed and considered the Privacy Notices (as defined below), section 2.13 of the Nationstar APA, relevant sections of GLBA, as implemented by rules made by the Board of Governors of the Federal Reserve and adopted by the Consumer Financial Protection Bureau (the "CFPB"), the GLBA "Model Privacy Form," and sections 101(41A) and 363 of Title 11, United States Code (the **"**Bankruptcy Code").

**THE PROPOSED SALE TRANSACTION**

6. It is my understanding that by the Motion, ResCap is seeking to sell the Nationstar Purchased Assets, which include (i) mortgage servicing rights, whereby ResCap, through GMAC Mortgage ("GMACM"), has retained or acquired the rights to service mortgage loans for third parties (the "MSRs"), such as Fannie Mae and Freddie Mac and (ii) private-label securities loans, whereby ResCap acts as a service provider and services mortgage loans for its private label partners.

7. It is my understanding that section 2.13 of the Nationstar APA notes that the sale, if any, of customer lists, customer data and other consumer privacy information pursuant to the Nationstar APA is subject to and shall conform to the recommendations of any consumer privacy ombudsperson that may be appointed pursuant to section 332 of the Bankruptcy Code.

8. It is my understanding that the Sale Transaction will require the transfer of personally identifiable information ("PII"), as defined in Bankruptcy Code section 101(41A). The transfer of PII pursuant to the Sale Transaction will allow the Purchasers to continue lending and servicing functions in connection with the Nationstar Purchased Assets.

**STATUTORY PROVISIONS**

**Section 363 of the Bankruptcy Code**

9. I am generally familiar with section 363 of the Bankruptcy Code. It is my understanding that under section 363(b)(1), if the debtor discloses to an individual a policy prohibiting the transfer of personally identifiable information to persons that are not affiliated with the debtor, and if such policy is in effect on the date the bankruptcy case is commenced,

3

then the trustee may not sell personally identifiable information to any person unless such sale is consistent with such policy.

### The Gramm-Leach-Bliley Act

10.  I am generally familiar with the GLBA and I have reviewed the relevant provisions therein. It is my understanding that the GLBA prohibits financial institutions from disclosing PII to non-affiliated third parties, except as provided in their privacy notice, and prohibits disclosure of PII except to carry out the activity for which the information was received.

11.  It is also my understanding that the instructions to the Model Privacy Form state, in part, that the "everyday business purposes" language used in the Model Privacy Form "incorporates sharing information under [12 CFR] §§1016.14 and 1016.15" of GLBA, including the exception in 12 CFR 1016.15(a)(6) that permits disclosure of PII "[i]n connection with a proposed or actual sale, merger, transfer, or exchange of all or a portion of a business or operating unit if the disclosure of [PII] concerns solely consumers of such business or unit." 12 CFR pt 1016, App., § C.2(d)(1)

### **PRIVACY NOTICES**

12.  In the ordinary course of its business, ResCap delivers privacy notices in form similar to the attached privacy notices (collectively, the "Privacy Notices") to mortgage borrowers under the Mortgage Loans (the "GMACM Notices"), attached as Exhibit 1[3] and for

---

[3] ResCap's privacy policies are managed globally through its indirect parent, Ally Financial Inc. As noted in the Other Important Information section of Exhibit 1, the customer's "information sharing opt out choices will apply to all current and future accounts within the Ally group of companies."

4

the borrowers under the private label servicing contracts (the "Private Label Notices"), attached as <u>Exhibit 2</u>.

### The GMACM Notice

13. The GMACM Notices state that PII about the customer may be shared "[f]or . . . everyday business purposes—such as to process your transactions, maintain your account(s), respond to court orders and legal investigation, or report to credit bureaus."

14. The statement in the GMACM Notices relating to the sharing of information for everyday business purposes is identical to that language in the Model Privacy Form.

15. The GMACM Notices reflect privacy policies that were in effect on the date of the commencement of the instant case.

### The Private Label Notice

16. The Private Label Notices are delivered by ResCap on behalf and in the name of a private-label client, pursuant to a private-label servicing contract. ResCap interacts with mortgage borrowers under these private-label relationships and collects and maintains on behalf of its private-label clients.

[Remainder of page intentionally left blank]

17. I declare, under penalty of perjury, that the forgoing is true and correct, to the best of my knowledge.

Executed this 1st day of June, 2012

_____
Peter Giamporcaro