Wendy Alison Nora                                           Hearing Date: June 5, 2012
ACCESS LEGAL SERVICES                                       Hearing Time: 10:00 a.m.
210 Second Street NE
Minneapolis, Minnesota 55413
Telephone: (612) 333-4144
Facsimile: (612) 886-2444

Robert N. Michaelson
The Michaelson Law Firm
11 Broadway, Suite 615
New York, New York 10004
Telephone: 212.604.0685
Facsimile: 800.364.1291

*Counsel to Wendy Alison Nora*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------X

In re

Residential Capital, LLC *et al.,*                  Chapter 11

                                                    Case No. 12-12020 (MG)

.

                        Debtors.                    Administratively Consolidated

------------------------------------------------------------------X

**JOINDER OF UNSECURED, CONTINGENT CLAIMANT IN MOTION FOR
ISSUANCE OF SUBPOENAS FOR BANKRUPTCY RULE 2004 EXAMINATION OF
<u>DEBTORS AND THEIR ASSOCIATED ENTITIES</u>**

Wendy Alison Nora ("<u>Claimant</u>"), the holder of a claim in excess of Ten Billion Dollars ($10,000,000,000) represented by an action pending in the United States District Court for the Western District of Wisconsin in *Nora v. Residential Funding Company, LLC, et. al.* as Case No. 10-cv-748, on her own behalf and for thousands of similarly situated homeowners, all of whom are victims of the racketeering enterprise operated by the Debtor RESCAP, LLC, its purported sole shareholder, GMAC Mortgage, LLC and/or the Debtor's related (subsidiary) entities,

{00002891v1 }

including GMAC Mortgage, LLC, in cases now jointly administered, and its employees and agents and parent company, Ally Financial, Inc. and the holder of a claim in these proceedings, joins in the Motion (the "Motion") of the Unsecured Creditors' Committee (the "Committee") and supports the Motion filed on June 1, 2012 as Docket No. 192 and shows the Court:

    1. Claimant supports the Committee's effort to identify the myriad of issues arising from the Debtors' attempt to unreasonably accelerate these proceedings including, but not limited to, the undisclosed pre-petition and post-petition transfers of assets and liabilities between the Debtors and non-filing affiliates.  The Committee properly notes that the filing by the Debtors of thousands of pages of documents in support of interim relief prior to the filing of their Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Schedules") imposes severe and unjustified time constraints on the unsecured creditors and potential enormous prejudice.

    2.  One small correction is offered to the Motion.  The Committee appears to believe that GMAC Mortgage, LLC is a non-filing associated entity owning 100% of the stock in RESCAP, LLC.  In fact, GMAC Mortgage, LLC filed a petition for Chapter 11 relief on May 14, 2012 as Case No. 12-12032.  It is GMAC Mortgage, LLC where document fabrication (forgery and perjury) was performed in connection with tens of thousands of fraudulent foreclosures on US homes and, according to the Debtors' own disclosure to PricewaterhouseCoopers, LLP in connection with the foreclosure review process mandated by the National Mortgage Settlement approved by Order of the United States District Court for the District of Columbia in Case No. 12-cv-361 (http://nationalmortgagesettlement.com/), may have exceeded 232,132 foreclosures in the "review period" from January 1, 2009 to February 8, 2012.  Foreclosures are continuing to this day, based upon misconduct which the Debtors acknowledged is sanctionable under the

terms of the National Mortgage Settlement, as specifically applied to GMAC Mortgage, LLC and its parent companies. *See* the GMAC Mortgage LLC, Consent Judgment at: https://d9klfgibkcquc.cloudfront.net/Consent_Judgment_Ally-4-11-12.pdf

3. By joining in and supporting the Motion, Claimant seeks to clarify that GMAC Mortgage, LLC is a Debtor in these consolidated proceedings. Claimant then seeks to support the Motion, in particular the request for an order requiring the Debtors to file their Schedules as prerequisite to the dramatic request for relief sought by the Debtors with respect to the disposition of their assets. At present, the Debtors have until June 30, 2012, to file their Schedules with a right to seek additional time for cause shown.

4. Because the Schedules have not been filed, the Committee seeks Bankruptcy Rule 2004 examinations. Claimant respectfully urges the Committee insist on the prompt filing of the Schedules as a prerequisite to such examinations. Rule 2004 examinations will be far more efficient and effective performed if counsel for the Committee has prior recourse to the Schedules.

5. Despite the fact that the Debtors have been able to prepare and file thousands of pages of documents seeking the extraordinary relief they seek including, but not limited, to (i) providing a Super-Priority Administrative Expense Claim in favor of Citibank; (ii) providing administrative expenses for inter-company operating expenses (truly chilling because the Debtors have succeeded in the putting each other ahead of secured and unsecured creditors in priority for payment for continuing business operations); (iii) seeking and obtaining relief from the automatic stay to proceed to foreclose against US homes and evict US homeowners without disclosing the assets involved in the blanket relief or the basis for the Debtors' claimed legal

authority to proceed under state laws to seize those (undisclosed) assets; and (iv) extending the benefits of the automatic stay to their non-filing parent company, Ally Financial, Inc. with respect to discovery obligations arising in cases of fraud committed against investors in pension funds which purchased interests in unfunded Real Estate Mortgage Investment Conduits (REMIC) trusts.

6. Claimant stands firmly upon her prior assertion that the "day to day business operations" of the Debtors constitutes the largest scale racketeering enterprise ever to come before a bankruptcy court in the United States of America to seek approval of its continuing racketeering activities and it is attempting to obtain court approval of its continuing racketeering activities by a series of orders based upon conclusory allegations.

8. Without the disclosures required by the filing of the Schedules, the Committee is being required to seek discovery through Rule 2004 examinations what could initially be ascertained from the Schedules. Though Claimant supports the Motion, the transactions which the Rule 2004 examinations seek would explore would almost certainly be more focused if the Schedules were filed no later than June 30, 2012.

9. The powers given to debtors- in-possession under Chapter 11 are founded on the fiduciary duty created for the benefit of the creditors. Debtors cannot operate fraud schemes under the protection of the bankruptcy courts. Without requiring the prompt filing of the Schedules prior to allowing the Committee to proceed with Rule 2004 examinations and prior to any material disposition of assets would permit the Debtors escape an examination of the fraudulent conduct that Claimant asserts is at the core of the Debtors' business operations and which is the subject of nationwide civil litigation. The Debtors essentially ask that this Court to

allow them to continue to gamble in the derivative markets with in excess of 19 billion dollars of estate assets. Gambling is not the ordinary course of business for bankrupt entities and bankrupts must be forced away from the gaming table in order to reorganize their financial affairs. There is no legitimate business purpose for bankrupt entities to be engaging in derivative gambles. There is no loss against which they need to hedge because their pre-petition assets should all have been captured on the date of filing for the purpose of paying their creditors. The brakes need to be applied to this runaway train that is this bankruptcy proceeding before further irreversible harm comes to creditors.

**WHEREFORE**, Claimant joins in and supports the Motion with the following caveats: (1) that the Motion be understood as including the Debtor GMAC Mortgage, LLC and (2) that the Schedules no later than June 30, 2012.

Dated: June 4, 2012
      Minneapolis, Minnesota.

ACCESS LEGAL SERVICES

*/s/ Wendy Alison Nora*
Wendy Alison Nora
210 Second Street NE
Minneapolis, Minnesota 55413
Telephone (612) 333-4144
Facsimile (612) 886-2444

and

Robert N. Michaelson
The Michaelson Law Firm
11 Broadway, Suite 615
New York, New York 10004
Telephone: 212.604.0685
Facsimile: 800.364.1291

*Counsel to Wendy Alison Nora*