MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Anthony Princi
Jamie A. Levitt

*Proposed Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------
|                                          )
In re:                                     )    Case No. 12-12020 (MG)
                                           )
RESIDENTIAL CAPITAL, LLC, et al.,          )    Chapter 11
                                           )
                          Debtors.         )    Jointly Administered
                                           )
--------------------------------------------------------------

**DEBTORS' EX PARTE MOTION FOR AN ORDER ALLOWING DEBTORS
TO EXCEED PAGE LIMIT FOR DEBTORS' MOTION PURSUANT TO FED. R.
BANKR. P. 9019 FOR APPROVAL OF RMBS TRUST SETTLEMENT AGREEMENTS**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

The debtors and debtors in possession in the above-captioned cases (collectively, the

"Debtors")[1] in the above-captioned chapter 11 cases hereby files this *ex parte* motion (the

"Motion") requesting entry of an order, substantially in the form attached hereto as Exhibit 1 (the

"Proposed Order"), authorizing the filing of the Debtors' Motion Pursuant to Fed. R. Bankr. P.

9019 for Approval of RMBS Trust Settlement Agreements (the "RMBS Trust Settlement

Motion") in excess of twenty-five (25) pages.  In support of the Motion, the Debtors respectfully

state as follows:

---

[1]    The names of the Debtors in these cases and their respective tax identification numbers are identified on
Exhibit 1 to the Whitlinger Affidavit (defined below).  Additional subsidiaries and affiliates of the Debtors may
file Chapter 11 petitions on a rolling basis.  As used herein, the term "Debtors" includes any such entities.

## JURISDICTION

1.         This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157

and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper before

this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2.         On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary

petition in this Court for relief under Chapter 11 of the Bankruptcy Code.  The Debtors are

managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code

sections 1107(a) and 1108.  These cases are being jointly administered pursuant to Bankruptcy

Rule 1015(b).  No trustee or examiner has been appointed in these Chapter 11 cases.

3.         On May 16, 2012, the United States Trustee for the Southern District of New

York appointed a nine member Official Committee of Unsecured Creditors [Dkt. No. 102].

4.         The Debtors are a leading residential real estate finance company indirectly

owned by Ally Financial Inc., which is not a Debtor.  The Debtors and their non-debtor affiliates

operate the fifth largest mortgage servicing business and the tenth largest mortgage origination

business in the United States.  A more detailed description of the Debtors, including their

business operations, their capital and debt structure, and the events leading to the filing of these

bankruptcy cases, is set forth in the Affidavit of James Whitlinger, Chief Financial Officer of

Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings [Dkt.

No. 6].

5.         Prior to the Petition Date, the Debtors entered into substantially similar settlement

agreements with two groups of institutional investors holding residential mortgage-backed

securities ("RMBS") backed by mortgage loans held by securitization trusts created by one or

more of the Debtors between 2004 and 2007 (collectively, the "RMBS Trust Settlement

-2-

Agreements"). Pursuant to the RMBS Trust Settlement Agreements, the Debtors agreed to extend an offer, which will remain open for forty-five (45) days from the filing of RMBS Trust Settlement Motion, to the trustees for each of the securitization trusts in settlement of certain alleged claims held by the trusts relating to, *inter alia*, breaches of representations and warranties contained in the purchase and sale agreements pursuant to which the Debtors' sold mortgage loans backing the RMBS. Trusts that opt-in will share in an allowed general unsecured claim in the maximum aggregate amount of $8.7 billion.

6.      The Debtors expect to file the RMBS Trust Settlement Motion shortly, requesting approval of the RMBS Trust Settlement and authority to perform under the RMBS Trust Settlement Agreements.

## RELIEF REQUESTED

7.      By this Motion, the Debtors request entry of an order allowing the RMBS Trust Settlement Motion to exceed, by up to five (5) pages, the twenty-five (25)-page limit (the "Page Limit") for all memoranda of law provided in the Court's order establishing certain notice, case management and administrative procedures (Docket No. 141) (the "Case Management Order").

## GROUNDS EXISTS TO EXCEED THE TWENTY-FIVE PAGE LIMIT

8.      Although the Debtors' have made every attempt to present the RMBS Trust Settlement Motion in twenty-five (25) pages or less, they have been unable to do so. The RMBS Trust Settlement Agreements are complex agreements that create a single mechanism to settle claims held by the trustees of certain of the Debtors' securitization trusts in exchange for a potential allowed claim of up to $8.7 billion. Because of the unique structure of the RMBS Trust Settlement Agreements and associated settlement, and because of the magnitude of the potential allowed claim against the Debtors' estates, the Debtors believed it was absolutely necessary to provide the Court and other parties-in-interest with a comprehensive factual background and

analysis regarding the RMBS Trust Settlement Agreements, the calculation of the potential allowed claim under the settlement, and the effect of the motion on the Debtors' Plan, in addition to the analysis of the RMBS Trust Settlement under each of the <u>Iridium</u> factors.  <u>See Motorola, Inc. v. Official Comm. of Unsecured Creditors (In re Iridium Operating LLC)</u>, 478 F.3d 452, 462 (2d Cir. 2002).  The Debtors' were unable to provide a thorough description of the complex structure of the settlement, as well as the objective reasonableness of the settlement, in twenty-five (25) pages or less.

9.    For the reasons described above, the Debtors believe that allowing the RMBS Trust Settlement Motion to exceed the Page Limit by up to five (5) pages is warranted under the circumstances.

## NO PRIOR REQUEST

10.    No prior request for the relief sought in this Motion has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court (a) enter an order substantially in the form attached hereto as <u>Exhibit 1</u>, granting the relief requested herein; and (b) grant such other and further relief to the Debtors as the Court may deem proper.

Dated:  June 4, 2012
New York, New York

/s/ Anthony Princi
Gary S. Lee
Anthony Princi
Jamie A. Levitt
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Proposed Counsel for the Debtors and
Debtors in Possession*

## **EXHIBIT 1**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------- )
                                                     )
In re:                                               )        Case No. 12-12020 (MG)
                                                     )
RESIDENTIAL CAPITAL, LLC, <u>et al</u>.,             )        Chapter 11
                                                     )
                                    Debtors.         )        Jointly Administered
                                                     )
------------------------------------------------------------------------- )

**ORDER APPROVING DEBTORS' EX PARTE MOTION FOR AN ORDER**
**ALLOWING DEBTORS TO EXCEED PAGE LIMIT FOR DEBTORS'**
**MOTION PURSUANT TO FED. R. BANKR. P. 9019 FOR APPROVAL**
**OF RMBS TRUST SETTLEMENT AGREEMENTS**

Upon the ex parte motion (the "Motion")[1] of the above captioned debtors and

debtors in possession (collectively, the "Debtors") for entry of an order allowing the Debtors'

RMBS Trust Settlement Motion to exceed twenty-five pages; the Court having reviewed the

Motion; and the Court having found that (a) the Court has jurisdiction over this matter pursuant

to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b) and

(c) notice of the Motion was sufficient under the circumstances; and the Court having found that

the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors,

and other parties in interest; and the Court having determined that the legal and factual bases set

forth in the Motion establish just cause for the relief granted herein; and upon all of the

proceedings had before the Court; and after due deliberation and sufficient cause appearing

therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Motion is GRANTED as set forth herein.

---

[1]      Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.
Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases or the relief
granted herein may refer to http://www.kccllc.net/rescap for additional information.

2.      The RMBS Trust Settlement Motion may exceed the Page Limit set forth in the

Case Management Order by up to five (5) pages.

Dated: _____, 2012
        New York, New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE