# Exhibit A - Proposed Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | Chapter 11 |
| Debtors. | Jointly Administered |

### ORDER GRANTING THE MOTION OF BERKSHIRE HATHAWAY INC. FOR THE APPOINTMENT OF AN EXAMINER PURSUANT TO 11 U.S.C. § 1104(c)

Upon consideration of the motion dated June 4, 2012, of Berkshire Hathaway Inc. ("<u>Berkshire</u>") for the appointment of an examiner pursuant to 11 U.S.C. § 1104(c) (the "<u>Examiner Motion</u>," ECF No. __)[1]; and the Court having jurisdiction to consider the Examiner Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and due and proper notice of the Examiner Motion having been provided; and it appearing that no other or further notice need be provided; and upon the Declaration of R. Ted Weschler, the record in these cases, and the Court having heard the arguments of counsel and parties in interests at the hearing before the Court held on June __, 2012 (the "<u>Hearing</u>"); and the Court having determined that appointment of an examiner in the Debtors chapter 11 cases is mandatory as the statutory predicates of section 1104(c)(2) of the Bankruptcy Code have been satisfied and is also in the best interests of creditors under section 1104(c)(1); and upon all of the proceedings had before the Court and after due deliberation; it is hereby

**ORDERED** that the Examiner Motion is granted to the extent provided herein; and it is

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Examiner Motion or in the Bankruptcy Code.

17604620

further

**ORDERED** that pursuant to section 1104(d) of the Bankruptcy Code, the United States Trustee shall, in consultation with the Debtors, the official creditors' committee (the "Creditors' Committee"), and other parties in interest, appoint an examiner in the Debtors' chapter 11 cases, with the examiner's investigation to run for a ninety-day period from the date of entry of the Court's order approving the appointment of the examiner (the "Approval Date"), without prejudice to renewal by the Court; and it is further

**ORDERED** that pursuant to section 1106 of the Bankruptcy Code, the examiner shall conduct an unfettered investigation of the Debtors and report to the Court and parties in interest in the Debtors' cases, with respect to: (i) pre-petition transactions and agreements between the Debtors and Ally and its affiliates, including the sale, transfer, or dividend of assets or legal entities, the extension of credit, the contribution of capital, and any claims or causes of action arising therefrom; (ii) the decision of the Debtors and Ally to commence the Debtors' cases and pursue a sale of substantially all assets; (iii) the negotiation and entry into the Ally PSA, the RMBS PSA, the Junior Noteholder PSA, the debtor in possession financing with Ally, and the stalking-horse asset purchase agreement with Ally; (iv) the recruitment, compensation, and indemnification of the independent directors of ResCap; (v) all state-law or bankruptcy claims or causes of action of the Debtors against current or former directors and officers of the Debtors, and against Ally and its affiliates and insiders, including current and former directors, officers, and shareholders; (vi) and state-law or bankrutpcy claims or causes of action subject to being released or barred under the terms of the Debtors proposed chapter 11 plan; and (vii) any other matters as determined by the examiner and approved by the Court; and it is further

**ORDERED** that pursuant to section 1106(a)(4) of the Bankruptcy Code, the examiner

shall file on the docket for the lead case, No 12-12020, a written report (redacted as necessary to comply with the provisions of this Order) of his or her investigation no later than ninety days after the Approval Date as ordered above, and shall transmit a copy of any such report (redacted as necessary to comply with the provisions of this Order) to the Debtors, the United States Trustee, the Creditors' Committee, any other official committee, Berkshire and its counsel, any indenture trustee of bonds issued by the Debtors, and any other entity that the Court may designate. To the extent that the examiner must include confidential or privileged material in any report submitted to the Court, the complete report shall be made only to the Court, under seal, with a copy to the party claiming privilege or confidentiality, and such report shall be redacted or otherwise protected prior to the examiner's transmission of it to other parties. The redacted report, if any, shall be filed on the docket of Case No. 12-12020.  The Debtors (or any of them) may designate any information as "privileged", "work product", or "confidential", in which case the examiner shall treat such information as so designated, unless otherwise ordered by this Court; provided, that the examiner or any party in interest may challenge such designation and the Court shall have jurisdiction to determine any such challenge; and it is further

**ORDERED** that in accordance with Rule 502(d) of the Federal Rules of Evidence, all privileges, protections, confidentiality and immunities (including, without limitation, the attorney-client privilege and the work-product doctrine), shall remain in full force and effect as to any information provided to the examiner, and shall not be waived or in any way impaired in connection with these chapter 11 cases (including in connection with any current or subsequent adversary proceeding or contested matter in these chapter 11 cases) or in any other Federal, State or other proceeding outside these chapter 11 cases by disclosure or production to the examiner of any materials protected by such privileges, protections, confidentiality and immunities, or

compliance with any other aspect of this Order; and it is further

**ORDERED** that the examiner may retain counsel and other professionals if he or she determines that such retention is necessary to discharge his or her duties, with such retention to be subject to Court approval under standards equivalent to those set forth in sections 327 and 330 of the Bankruptcy Code; and it is further

**ORDERED** that, subject to the provisions below regarding a proposed budget for the examiner's investigation (which proposed budget shall include a good-faith estimate of the fees and expenses of the examiner's proposed retained professionals), the examiner and any professionals retained by the examiner pursuant to any order of this Court shall be compensated and reimbursed for their expenses pursuant to any procedures for interim compensation and reimbursement of professionals that are established in the Debtors' cases, with compensation and reimbursement of the examiner being determined pursuant to section 330 of the Bankruptcy Code, and compensation and reimbursement of the examiner's professionals being determined pursuant to standards equivalent to those set forth in section 330 of the Bankruptcy Code; and it is further

**ORDERED** that the examiner shall have the standing of a party in interest with respect to matters that are within the scope of his or her investigation; <u>provided</u>, that the examiner may not be called to testify except by this Court; and it is further

**ORDERED** that the examiner is authorized, upon motion(s) made and order(s) issued pursuant to Bankruptcy Rule 2004, to issue subpoenas as may be necessary to compel the production of documents and the testimony of witnesses in connection with his or her investigation; and it is further

**ORDERED** that the Debtors are directed to cooperate fully and to (i) cause their

respective present directors, officers, employees and professionals, and (ii) utilize reasonable best efforts to cause their respective former directors, officers, employees and professionals, to cooperate fully with the examiner and to provide unfettered access to the examiner in conjunction with the performance of any of the examiner's duties and investigation and to promptly turn over, and otherwise promptly make available to, the examiner all information (including witness interviews) requested by the examiner; and it is further

**ORDERED** that, if the examiner seeks the disclosure of documents or information (whether written or oral) as to which any of the Debtors asserts a claim of privilege or other protection from disclosure (including, without limitation, the attorney-client privilege and/or the work-product doctrine), or documents or information (whether written or oral) that are confidential (including, without limitation, pursuant to any confidentiality agreement), (i) the Debtors shall not claim or assert, (ii) the Debtors shall cause their respective present directors, officers, employees and professionals not to claim or assert, and (iii) the Debtors shall utilize reasonable best efforts to cause their respective former directors, officers, employees and professionals not to claim or assert, that any privilege, protection, confidentiality or immunity belonging to or assertable by the Debtors precludes the production or disclosure of documents or information (whether written or oral, including witness interviews) requested by the examiner; provided, that pursuant to the above provisions of this Order, no such production or disclosure shall constitute a waiver of any applicable privilege, protection, confidentiality or immunity (including, without limitation, the attorney-client privilege or the work product doctrine) pursuant to Rule 502(d) of the Federal Rules of Evidence; and is further

**ORDERED** that within ten (10) business days after the Approval Date, the examiner shall file with the Court a proposed work plan that shall include, but not be limited to, (a) an

estimated budget of the costs and expenses related to the examiner's investigation, (b) a preliminary list of issues the examiner believes will be the subject of his or her investigation, and (c) a proposed timeline for requesting and obtaining information from the Debtors and other parties and conducting the investigation; and it is further

**ORDERED** that until the examiner has filed his or her report (and any subsequent report as may be ordered by the Court), neither the examiner nor the examiner's professionals or agents shall make any disclosures other than to the Court (or as ordered by the Court), if requested, concerning the results of the examiner's investigation and any preliminary and final conclusions reached; and it is further

**ORDERED** that nothing in this Order shall impede the rights of the United States Trustee, the Creditors' Committee, the Debtors, the examiner, Berkshire or any other party in interest to seek (or oppose) any other relief from this Court; and it is further

**ORDERED** that the Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: New York, New York
      June __, 2012

                                                                  MARTIN GLENN
                                                                  United States Bankruptcy Judge