MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071
Telephone:    (213) 683-9100
Facsimile.    (213) 687-3702
Thomas Walper (Pro Hac Vice)
Seth Goldman (Pro Hac Vice)
Bradley R. Schneider (Pro Hac Vice pending)

*Counsel for Berkshire Hathaway Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**MOTION PURSUANT TO FED. R. BANKR. P. 9006 AND LOCAL BANKRUPTCY RULES 9006-1 AND 9077 FOR ENTRY OF AN ORDER SHORTENING AND LIMITING THE TIME FOR AND NOTICE OF AND SCHEDULING A HEARING TO CONSIDER THE MOTION OF BERKSHIRE HATHAWAY INC. FOR THE APPOINTMENT OF AN EXAMINER PURSUANT TO 11 U.S.C. § 1104(c)**

Berkshire Hathaway Inc. ("Berkshire"), a creditor and party in interest in the above-captioned cases, respectfully submits this motion (the "Motion") pursuant to Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 9006-1(b) and 9077 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules") to shorten and limit the time for and notice of and scheduling a hearing to consider the *Motion of Berkshire Hathaway Inc. for the*

1

*Appointment of an Examiner Pursuant to 11 U.S.C. § 1104(c)* (the "Examiner Motion").[1] In support of the Motion, Berkshire relies upon and incorporates by reference the Declaration, pursuant to Local Rule 9077, of Seth Goldman (the "Goldman Declaration"), attached hereto as Exhibit 1. In further support of the Motion, Berkshire respectfully represents as follows:

## JURISDICTION

1. This Court has subject matter jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are Bankruptcy Rule 9006(c) and Local Bankruptcy Rules 9006-1(b) and 9077.

## BACKGROUND

2. On May 14, 2012 (the "Petition Date"), each of the debtors in the above-captioned cases (the "Debtors") filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code. The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b). No trustee or examiner has been appointed in these Chapter 11 cases.

3. On May 16, 2012, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed a nine-member official committee of unsecured creditors (the "Creditors' Committee").

---

[1] Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Examiner Motion.

2

4.      The Debtors are a leading residential real estate finance company indirectly owned by Ally Financial Inc. ("Ally"), which is not a Debtor. The Debtors and their non-debtor affiliates operate the fifth-largest mortgage servicing business and the tenth-largest mortgage origination business in the United States.  A more detailed description of the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these bankruptcy cases, is set forth in the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6] (the "Whitlinger Affidavit").

5.      On June 4, 2012, Berkshire filed the Examiner Motion seeking the appointment of an independent examiner pursuant to section 1104(c) of the Bankruptcy Code to investigate and report on, among other things, any transactions between the Debtors and Ally and any other affiliates, any claims that are proposed to be released or barred under the Ally-backed plan (including claims the Debtors may have against its officers and directors, Ally and Ally's officers and directors, or affiliates or shareholders of Ally), and the fairness of the Debtors' proposed plan settlements.

**RELIEF REQUESTED**

6.      By this Motion, Berkshire seeks entry of an order (a) shortening and limiting the notice of and period for the Examiner Motion such that it may be scheduled for a hearing by the Court as soon as reasonably practicable but no later than the next omnibus hearing on June 18, 2012 at 10:00 a.m. (Prevailing Eastern Time), and (b) requiring that objections to the Examiner Motion and any reply be filed and served so that they are received at a date and time to be set by the Court.

**BASIS FOR RELIEF**

7.      Pursuant to Bankruptcy Rule 9014, "reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought" in contested matters not otherwise governed by the Bankruptcy Rules. *See* Fed. R. Bankr. P. 9014.  Bankruptcy Rule 9006(c)(1) and Local Bankruptcy Rule 9006-1(b) authorize the Court, for cause shown, to reduce the notice period required for a hearing.

8.      The Debtors' pleadings and filings in these cases disclose an intent to quickly proceed with approval of plan support agreements and plan confirmation within a matter of months.  These settlements – including, without limitation, releases of the Debtors' claims against Ally and broader releases of Ally from any third-party claims – are put forth by the Debtors as an essential component of the plan.  For this reason and the others contained in the Examiner Motion, Berkshire has moved for the immediate appointment of an independent examiner to investigate, review, and report on the adequacy and fairness of the Debtors' pre-petition transactions and the proposed settlements that underlie its proposed plan.

9.      Given the Debtors' aggressive timing for these cases, Berkshire requests that this Court enter an order on an expedited basis pursuant to Bankruptcy Rule 9006(c)(1) and Local Bankruptcy Rule 9006-1(b) shortening notice and setting the time for the hearing on the Examiner Motion and a deadline for filing objections thereto.  To this end, *ex parte* relief is warranted so that the Examiner Motion may be heard as soon as reasonably practicable but no later than the next omnibus hearing on June 18, 2012 at 10:00 a.m. (Prevailing Eastern Time).

10.     No parties in interest will be prejudiced by the shortened notice requested herein or by the approval of this Motion on an *ex parte* basis.

## NOTICE

11.     Notice of this Motion and the Examiner Motion have been provided in accordance with the *Order Under Bankruptcy Code Sections 102(1), 105(a) and 105(d), Bankruptcy Rules 1015(c), 2002(m) and 9007 and Local Bankruptcy Rule 2002-2 Establishing Certain Notice, Case Management and Administrative Procedures*, entered by this Court on May 23, 2012 [Docket No. 141] (the "Case Management Order"), and notice has been given to the parties identified on the Monthly Service List (as defined in the Case Management Order) and Cerberus Capital Management, L.P.  Berkshire submits that, under the circumstances, no other or further notice is necessary.

## NO PRIOR REQUEST

12.     No prior request for the relief requested herein has been made to this or any other Court.

WHEREFORE, Berkshire respectfully requests that this Court (a) enter an order substantially in the form attached as <u>Exhibit 2</u> hereto shortening and limiting the time for and notice of the Examiner Motion and (b) grant such other and further relief as the Court may deem just and proper.

Dated: June 4, 2012  /s/ Seth Goldman
      New York, New York  Seth Goldman (Pro Hac Vice)
Thomas Walper (Pro Hac Vice)
Bradley R. Schneider (Pro Hac Vice pending)

MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071
Telephone: (213) 683-9100
Facsimile: (213) 593-2810

*Counsel for Berkshire Hathaway Inc.*