Exhibit 2 - Proposed Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et</u> <u>al</u>., | Chapter 11 |
| Debtors. | Jointly Administered |

**ORDER PURSUANT TO FED. R. BANKR. P. 9006 AND LOCAL BANKRUPTCY RULES 9006-1 AND 9077 SHORTENING AND LIMITING THE TIME FOR AND NOTICE OF AND SCHEDULING A HEARING TO CONSIDER THE MOTION OF BERKSHIRE HATHAWAY INC. FOR THE APPOINTMENT OF AN EXAMINER PURSUANT TO 11 U.S.C. § 1104(c)**

Upon consideration of the motion (the "<u>Motion</u>"),[3] dated June 4, 2012, of Berkshire Hathaway Inc. ("<u>Berkshire</u>") for entry of an order pursuant to Fed. R. Bankr. P. 9006(c) and Local Bankruptcy Rule 9006-1(b) shortening and limiting the time for and notice of and scheduling a hearing to consider the *Motion of Berkshire Hathaway Inc. for the Appointment of an Examiner Pursuant to 11 U.S.C. § 1104(c)* (the "<u>Examiner Motion</u>"); and upon the declaration, pursuant to Local Bankruptcy Rule 9077, of Seth Goldman; and the Court having determined that granting the relief requested in the Motion is appropriate; and it appearing that due and adequate notice of the Motion has been given under the circumstances, and that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.    The Motion is granted as set forth herein.

---

[3] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

2. The hearing to consider the Examiner Motion shall be held on June __, 2012 at _____ (Prevailing Eastern Time) before the Honorable Judge Martin Glenn, One Bowling Green, New York, NY 10004, Courtroom 501. The hearing on the Examiner Motion may be adjourned from time to time without further notice other than an announcement of the adjourned date or dates in open court. Notice of such adjourned date(s) will be available on the electronic case filing docket.

3. Berkshire shall serve a copy of this Order as promptly as practicable on the day of entry thereof by fax, e-mail, or overnight mail, on the Notice Parties (as defined below).

4. Any objections ("Objections") to the approval of the Examiner Motion shall be filed and served so that they are received no later than _____ (Prevailing Eastern Time) on June __, 2012 by the following parties (the "Notice Parties"):

   (a) Berkshire and its counsel, Munger, Tolles & Olson, LLP, 355 South Grand Avenue, Los Angeles, California 90071 (Attn: Thomas Walper, Seth Goldman, and Bradley Schneider);

   (b) counsel to the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York 10404 (Attn: Larren M. Nashelsky, Gary S. Lee and Norman S. Rosenbaum);

   (c) counsel to the Creditors' Committee, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas New York, NY 10036, Attn: Kenneth H. Eckstein and Douglas H. Mannal;

   (d) the Office of the United States Trustee, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attn: Brian S. Masumoto, Esq.);

   (e) the Office of the United States Attorney General;

   (f) the Office of the New York Attorney General;

   (g) the Office of the United States Attorney for the Southern District of New York;

   (h) any other committee appointed in the cases;

(i) each of the Debtors' prepetition lenders, or their agents, if applicable;

(j) each of the indenture trustees for the Debtors' outstanding notes issuances;

(k) counsel to Ally Financial Inc.;

(l) counsel to the administrative agent for the Debtors' providers of debtor in possession financing;

(m) Nationstar Mortgage LLC and its counsel;

(n) the Internal Revenue Service; and

(o) the Securities and Exchange Commission.

Objections not timely filed and served in the manner set forth above shall not be considered and shall be overruled. Responses to any Objections shall be due by June __, 2012 at _____ (Prevailing Eastern Time) and served on the objecting party.

5. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: New York, New York
      June __, 2012

                                          MARTIN GLENN
                                          United States Bankruptcy Judge