**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ X
                                            :

In re:                                    :           Chapter 11
                                         :

RESIDENTIAL CAPITAL, LLC, et al.,    :          Case No. 12-12020 (MG)
                                         :

                  Debtors.           :           Jointly Administered
                                         :
------------------------------------------------------------ X

**ORDER AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED**
**CREDITORS TO ISSUE SUBPOENAS COMPELLING THE PRODUCTION OF**
**DOCUMENTS AND PROVISION OF TESTIMONY BY THE DEBTORS AND OTHERS**
**PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**

Upon consideration of the motion (the "**Rule 2004 Motion**"),[1] dated June 1, 2012, of the Official Committee of Unsecured Creditors (the "**Committee**") of the above-captioned debtors and debtors-in-possession (the "**Debtors**"), for entry of an order, pursuant to 11 U.S.C. §§ 105(a) and 1103(c), Rules 2004, 9006(c)(1), and 9013 of the Federal Rules of Bankruptcy Procedure (the "**Rules**"), and Rule 9006-1(b) of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), authorizing the Committee to issue subpoenas compelling the production of documents and the provision of testimony by the Debtors and other entities and persons; that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; that the Rule 2004 Motion and the relief requested therein are a core proceeding pursuant to 28 U.S.C. § 157(b); that the relief requested in the Rule 2004 Motion is in the best interests of the Debtors and their respective estates, creditors, and other parties-in-interest; that proper notice has been given under the circumstances and no further notice is necessary; and after due deliberation thereon, and good and sufficient cause appearing therefor, it is hereby:

---

[1]  Capitalized terms not defined herein shall have the meanings ascribed to them in the Rule 2004 Motion, including the draft subpoena attached thereto as Exhibit B.

ORDERED that the Rule 2004 Motion is granted in its entirety and on the terms set forth herein;

ORDERED that pursuant to 11 U.S.C. §§ 105(a) and 1103(c); Rules 2004, 9006(c)(1), 9013; and Local Rule 9006-1(b), the Committee is authorized to serve subpoenas (the "**Committee Subpoenas**") seeking the production of documents and the provision of testimony on the Debtors; Ally Financial, Inc.; Cerberus Capital Management, L.P.; Ally Bank; and IB Finance Holding Company, LLC (and each of the aforementioned entities' current and former, direct and indirect affiliates and subsidiaries); and certain of each of these entities' current or former directors, officers, employees, and advisors;

ORDERED that the Committee shall file with the Court an affidavit or declaration of service for each Committee Subpoena it serves;

ORDERED that nothing herein shall limit the rights of any person served with a Committee Subpoena (a "**Served Person**") to seek relief under Rule 9016 or Rule 45 of the Federal Rules of Civil Procedure. A Served Person shall, except to the extent the Served Person has objected or filed a motion relating to the scope of a Committee Subpoena, produce responsive, non-privileged documents on a rolling basis. Consistent with this Order, the Committee and a Served Person shall meet and confer in good faith regarding the scope and timing of document productions, including the date(s) by which document productions will be substantially and finally completed, without prejudice to the right of the Committee or a Served Person to seek a modification of such dates, including by mutual agreement or Court order. Such meet and confer shall initially occur within five (5) days of the service of a Committee Subpoena;

ORDERED that if a Served Person claims that any privilege or protection excuses production of any document or part thereof, the Served Person must comply with Rule 7026 and Local Civil Rule 26.2(a) and (c) of the United States District Court for the Southern District of New York, unless otherwise agreed among the Committee and the Served Person, at a time agreed to by the Committee and the Served Person;

ORDERED that a Served Person on whom a Committee Subpoena to provide testimony has been served, shall submit to an oral examination at a deposition no later than twenty-one (21) days after receiving a Committee Subpoena, unless a motion to quash has been properly filed (consistent with this Order) and is not resolved, unless otherwise agreed to by the Committee or ordered by the Court;

ORDERED that any objections to a Committee Subpoena must be served on the Committee no later than ten (10) days after receipt of such subpoena; and any motion to quash or modify a Committee Subpoena must be filed with the Court and served on the Committee no later than fourteen (14) days after receipt of such subpoena;

ORDERED that, in addition to the requirements of the immediately preceding decretal paragraph, in the event of a discovery dispute in this action counsel shall first meet and confer in an effort to resolve the dispute before engaging in motion practice.  If counsel are unable to resolve the dispute, counsel for any party seeking assistance from the Court shall, before filing any discovery motion, arrange a telephone call with the Court and all counsel directly involved in the dispute.  The Court will endeavor to resolve the dispute without the filing of motions;

ORDERED that the Committee may file on an *ex parte* basis additional motions seeking authority to obtain discovery under Rule 2004 from other entities or individuals; provided that the Committee must serve all parties identified in their Rule 2004 Motion with copies of all

discovery requests served on any other party; and provided further that all parties shall serve or otherwise make available to other parties identified in the Committee's Rule 2004 Motion, documents and discovery responses produced to the Committee; and

ORDERED that this Court shall retain jurisdiction to resolve any disputes arising from or related to this Order, and to interpret, implement, and enforce the provisions of this Order.

Dated:   June 5, 2012
         New York, New York

                                                 **_/s/Martin Glenn_**
                                                 MARTIN GLENN
                                    United States Bankruptcy Judge