WINSTON & STRAWN LLP
David Neier (dneier@winston.com)
Carey D. Schreiber (cschreiber@winston.com)
Alan Moskowitz (almoskowitz@winston.com)
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

*Attorneys for Fannie Mae*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Joint Administration Pending |

---

**RESERVATION OF RIGHTS OF FEDERAL NATIONAL MORTGAGE ASSOCIATION TO DEBTORS' MOTIONS FOR CONTINUED SERVICING AND ORIGINATION**

Fannie Mae submits this reservation of rights with regard to the (i) Debtors' Motion for Interim and Final Orders Under Sections 105(a), 363, 364, 503(b), 1107(a), and 1108 of the Bankruptcy Code Authorizing the Debtors to (I) Process and Where Applicable Fund Prepetition Mortgage Loan Commitments, (II) Continue Brokerage, Origination and Sale Activities Related to Loan Securitization, (III) Continue to Perform, and Incur Postpetition Secured Indebtedness, Under the Mortgage Loan Purchase and Sale Agreement With Ally Bank and Related Agreements, (IV) Pay Certain Prepetition Amounts Due to Critical Origination Vendors, and (V) Continue Honoring Mortgage Loan Repurchase Obligations Arising in Connection With Loan Sales and Servicing, Each in the Ordinary Course of Business [Docket No. 44] (the "Origination Motion"); and (ii) Debtors' Motion for Interim and Final Orders Under Sections 105(a), 361, 362, 363, 1107(a), and 1108 of the Bankruptcy Code (I) Authorizing the Debtors to Continue in

the Ordinary Course of Business (A) Servicing Governmental Association Loans and (B) Foreclosure Activities Related to Certain Real Estate Owned by Fannie Mae, Freddie Mac, and Ginnie Mae; (II) Authorizing the Debtors to Pay Certain Prepetition Amounts Due to Critical Servicing Vendors and Foreclosure Professionals; (III) Granting Limited Stay Relief to Enable Borrowers to Assert Related Counter-Claims in Foreclosure and Eviction Proceedings; (IV) Authorizing the Debtors to Use Cash Collateral Under the Fannie Mae EAF Facility; and (V) Granting Related Relief [Docket No. 57] (the "Servicing Motion," and together with the Origination Motion, the "Motions"),[1] and respectfully states as follows:

1. As set forth in the Motions, the Debtors service over 2.4 million mortgage loans with an aggregate unpaid principal balance of approximately $374.9 billion, approximately 68% of which loans are owned, insured or guaranteed by Fannie Mae, Freddie Mac and Ginnie Mae. (Servicing Motion ¶4). Approximately $159 billion of these loans are owned by Fannie Mae, making Fannie Mae by far the largest owner of the loans being serviced by the Debtors.

2. Fannie Mae does not object to the relief requested by the Debtors in the Motions, and, indeed, strongly supports the efforts of the Debtors to maintain the going concern value of their operations and assets while pursuing a plan of reorganization. Not only will the relief requested in the Motions maximize the value of the Debtors' estates for the benefit of their creditors, the Debtors have noted that the failure to maintain the Debtors' operations with respect to such a large loan portfolio could cause disruption to the U.S. housing market (Servicing Motion ¶ 11).

3. Although the relief requested by the Debtors is necessary, the Motions used to obtain that relief should have been consolidated into a single motion. The relief requested in the two Motions is derived from a single integrated contract that provides for both loan origination

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to those terms in the Motions.

2

and loan servicing. Specifically, as averred by the Debtors, Debtor GMAC Mortgage and Fannie Mae are parties to a Mortgage Selling and Servicing Contract dated as of August 9, 2006, and as subsequently may be amended, which incorporates the provisions of the Fannie Mae Selling and Servicing Guides and any Master Contracts or pool purchase contracts that Fannie Mae and GMAC Mortgage have entered into (collectively, each as amended from time to time, the "Fannie Mae Contract"). (Servicing Motion ¶22). The Fannie Mae Contract governs, among other things, both GMAC Mortgage's origination and servicing of Fannie Mae Loans. The mere fact that the Debtors have sought relief in two separate Motions, instead of requesting continued loan origination and servicing in one comprehensive motion with respect to the one Fannie Mae Contract, should not in any way imply that the Fannie Mae Contract has been bifurcated, or that Fannie Mae has consented to such bifurcation. Indeed, at the initial hearing on the Motions, the Debtors represented that nothing in the proposed orders with respect to the relief requested in the Motions would affect Fannie Mae's rights to assert that the Fannie Mae Contract is an integrated agreement that cannot be bifurcated into separate agreements for origination and servicing. (Tr. May 15, 2012, 8:1-8:23).

4. Accordingly, Fannie Mae reserves all of its rights to with respect to the integrated nature of the Fannie Mae Contract.

Dated: New York, New York
June 5, 2012

WINSTON & STRAWN LLP

By: /s/David Neier
David Neier (dneier@winston.com)
Carey D. Schreiber (cschreiber@winston.com)
Alan Moskowitz (almoskowitz@winston.com)
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

Attorneys *for Fannie Mae*