STORCH AMINI & MUNVES PC
2 Grand Central Tower
140 East 45th Street, 25th Floor
New York, New York 10017
(212) 490-4100
Bijan Amini
Avery Samet
Thomas M. Monahan
*Attorneys for NACBA, Edward Boltz,
William Johnson, and Crystal Johnson*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | Chapter 11 |
| Debtors. | Jointly Administered |

-------------------------------------------------------

**LIMITED OMNIBUS OBJECTION TO THE SERVICING ORDERS AND
DEBTORS' MAY 31, 2012 MOTION FOR A SUPPLEMENTAL ORDER**

PLEASE TAKE NOTICE that, the National Association of Consumer Bankruptcy Attorneys ("NACBA"), a non-profit organization of more than 4,400 consumer bankruptcy attorneys nationwide, on its own behalf and on behalf of its members and the thousands of clients that those members represent; Edward Boltz, an individual consumer bankruptcy attorney in Durham, NC; and William and Crystal Johnson, individual chapter 13 debtors (collectively, the "Objectors"), file their Limited Omnibus Objection to certain Interim Orders and the Debtors' May 31, 2012 Motion for a Supplemental Order under sections 105(a), 361, 362, 363, 502, 1107(a) and 1108 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (i) authorizing the Debtors to continue implementing loss mitigation programs; (ii) approving procedures for the

compromise and settlement of certain claims, litigations and causes of action in the ordinary course of the Debtors' business; (iii) granting limited stay relief to permit (a) borrowers or their tenants, as applicable, to prosecute direct claims and counter-claims in foreclosure and eviction proceedings (including in states in which non-judicial foreclosure is followed), (b) borrowers to prosecute certain actions in borrower bankruptcy cases, (c) the Debtors to prosecute foreclosure actions in those circumstances where they service senior mortgage loans and own the junior mortgage loans on the underlying property, and (d) third party lien holders to prosecute direct claims and counter-claims in actions involving the amount, validity or priority of liens on properties subject to foreclosure proceedings; and (iv) authorizing and directing the Debtors to pay certain securitization trustee fees and expenses (the "Supplemental Order Motion") [Docket No. 181].

## BACKGROUND

1.  The Debtors, a leading residential real estate finance company, are in the business of originating and servicing mortgage loans. In the ordinary course of the Debtors' business, the Debtors frequently participate and litigate in the individual bankruptcy cases of borrowers who maintain mortgages originated or serviced by the Debtors. The Debtors, in carrying out their business, are required to comply with all applicable rules and laws. *See* 28 U.S.C. § 959(b).

2.  On May 15, 2012 and May 16, 2012, the Court entered two orders granting the Debtors' motions for authority to continue their loan servicing activities (collectively, the "Servicing Orders") [Docket Nos. 87 and 91]. The Servicing Orders provided limited relief from the automatic stay, to allow borrowers to assert counterclaims in foreclosure and eviction proceedings brought by the Debtors.

3. On May 31, 2012, the Debtors filed the Supplemental Order Motion, seeking a supplemental order modifying the Servicing Orders to address certain issues that the Debtors have encountered in their day-to-day conduct of the Debtors' affairs.

4. NACBA, on its own behalf and on behalf of its members and the thousands of clients that those members represent, makes this objection, both to the Servicing Orders and the Supplemental Order Motion, on the grounds that the relief from the automatic stay requested by the Debtors is insufficient and would not allow for borrowers who are debtors in individual bankruptcy cases to adequately protect their rights under the Bankruptcy Code. The Orders and Motion also would create doubts and the possibility of constant litigation about whether actions ordinarily taken in consumer bankruptcy cases violate the automatic stay, placing NACBA's members in jeopardy of sanctions.

5. Edward Boltz is an individual bankruptcy attorney in Durham, North Carolina who represents debtors in individual bankruptcy cases.

6. William D. Johnson and Crystal S. Johnson are chapter 13 bankruptcy debtors in the Middle District of North Carolina represented by Edward Boltz, who in the course of their case need to file an adversary proceeding against Debtor GMAC Mortgage to strip a junior mortgage. They also need to file objections to fees they assert are excessive in the proof of claim filed by GMAC Mortgage, and are likely to need to utilize the remedies in Bankruptcy Rule 3002.1 in the course of their case. Bankruptcy Rules 3001(c)(2)(D) and 3002.1(i), among other rules, provide for possible monetary sanctions in connection with such proceedings if GMAC Mortgage does not comply with the Bankruptcy Rules and the Bankruptcy Code.

## GROUNDS FOR THE OBJECTION

7.  While the relief requested in the Debtors' Supplemental Order Motion would allow borrowers in individual bankruptcies to seek relief in those proceedings, it seeks to have those borrowers do so with one hand tied behind their back. The relief requested in the Supplemental Order Motion would prevent borrowers in individual bankruptcies from, *inter alia*, seeking relief based upon the Debtors' improper practices in connection with the origination of the borrower's loan, asserting certain counterclaims and defenses, or seeking recoupment or setoff with respect to claims brought by the Debtors. The Debtors, effectively, seek to have an unwarranted privileged status as compared to all other mortgage creditors.

8.  The relief sought in the Supplemental Order Motion would also provide the Debtors with *de facto* immunity from Bankruptcy Rules 3001 and 3002.1 and prevent the borrowers in individual bankruptcies from being able to exercise all of their rights in objecting to claims by the Debtors or seeking to void wholly unsecured liens through lien stripping. The relief sought in the Supplemental Order Motion would also prevent borrowers in individual bankruptcies from asserting claims for affirmative relief, including monetary sanctions, against the Debtors for their post-petition actions.

9.  The Debtors' attempts to limit the rights and defenses of borrowers in individual bankruptcies are inappropriate. Other than limiting those counterclaims that seek affirmative monetary recovery from the Debtors for actions prior to Debtors' petitions, the Debtors' bankruptcy filing should not affect any of the claims, counterclaims or defenses that a borrower in an individual bankruptcy could otherwise assert.

10. Moreover, the relief sought in the Supplemental Order Motion would allow the Debtors to reimpose the automatic stay in a particular borrower's individual bankruptcy

proceeding. The Supplemental Order Motion is silent with respect to the venue of such an application. Objectors submit that such an application should be heard in the venue where the borrower's individual bankruptcy proceeding is pending, as allowing the Debtor to venue all such applications before this Court would effectively deprive most borrowers in individual bankruptcy proceedings of the ability to participate in such proceedings due to the costs associated with retaining bankruptcy counsel in another jurisdiction.

### NACBA'S PROPOSED MODIFICATIONS TO THE DEBTORS' PROPOSED SUPPLEMENTAL ORDER

11. In light of the inequities present in the relief sought by the Debtors' Supplemental Order Motion and the proposed supplemental order attached as Exhibit 1 thereto (the "Proposed Supplemental Order"), Objectors respectfully request that paragraph 12 of the Proposed Supplemental Order be modified to address the objections set forth above. A revised paragraph 12 of the Proposed Supplemental Order for the Court's consideration is attached hereto as Exhibit A.

12. The revised language proposed by NACBA removes many of the limitations on borrowers in individual bankruptcy cases and proceedings sought by the Debtors, and instead only prevents those individual bankruptcy debtors from seeking affirmative monetary recovery from the Debtors for actions that occurred before the filing of the bankruptcy petitions in this case.

13. NACBA respectfully submits that these proposed modifications more effectively balance the equitable interests for both the Debtors and their creditors in this Court and the multiple individual borrower debtors and their creditors in actions pending before this and other United States Bankruptcy Courts. Such a modification still prevents any affirmative monetary

relief from being awarded against the Debtors in other jurisdictions based upon prepetition acts of the Debtors.

## APPLICABLE LAW

14. Section 362(d)(1) of the Bankruptcy Code provides this Court with broad discretion to grant relief from the automatic stay, including "terminating, annulling, modifying, or conditioning" the stay for cause. In considering whether there is "cause" for relief from the automatic stay, bankruptcy courts will "take into account the particular circumstances of the case and ascertain what is just to the claimants, the debtor and the estate." *In re Keene Corp.*, 171 B.R. 180, 183 (Bankr. S.D.N.Y. 1994). NACBA, on its own behalf and on behalf of its members and the thousands of clients that those members represent, and the other Objectors submit that, for the reasons set forth above, the modifications to the stay set forth above and in Exhibit A are more appropriate with respect to borrowers' individual bankruptcy proceedings than those set forth in the Supplemental Order Motion.

15. Section 959(b) of title 28, United States Code requires the Debtors to conduct their business in accordance with applicable non-bankruptcy law. There is no justification for allowing them to be exempt from all rules and possible sanctions that would apply to mortgage creditors and servicers not in bankruptcy, especially since they have specifically agreed to comply with those rules in their recent settlement with the state attorneys general.

16. Allowing borrowers in individual bankruptcies to assert all defenses, claims and counterclaims against the Debtor, provided that those defenses, claims and counterclaims do not seek affirmative monetary recovery from the Debtors based upon prepetition acts, allows this Court to balance the interests and equities of the Bankruptcy Code with respect to both the Debtors and those individual borrowers who have also sought relief under the Bankruptcy Code

and are subject to the same protections as the Debtors. The modifications to the Debtors' Proposed Supplemental Order set forth herein, more effectively and equitably balance the interests of the Debtors and borrowers in individual bankruptcy than the relief requested in the Supplemental Order Motion, which is decidedly skewed in favor of the Debtors. Moreover, the adjudication of the all defenses, claims and counterclaims of borrowers in individual bankruptcies that do not seek affirmative monetary relief against the Debtors based upon prepetition acts will assist the Debtors in accurately valuing the mortgage portfolios that they service.

17. Allowing borrowers to file and pursue proceedings in the courts where the borrowers' cases are pending will also prevent the need for this Court to take actions regarding multiple individual bankruptcy cases, which would be best decided by the courts where those individual cases are pending. Similarly, based on their involvement in those individual cases, those courts are best positioned to decide whether those cases could have any significant impact on the cases pending in this court.

18. The Objectors have filed with this Objection a Motion for Limited Relief from the Automatic Stay that incorporates these objections by reference, upon which the Court may rule if it decides that such a motion is a more appropriate procedure for broadening the relief from the stay that the Debtors have already requested.

## NOTICE

19. Notice of this Objection will be given to each of the entities or individuals listed on the Monthly Service List as of May 30, 2012 filed by the Debtor [Docket No. 173], in accordance with the Case Management Procedures in place in this action. The Objectors submit

that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

WHEREFORE, NACBA, Edward Boltz and William and Crystal Johnson make this objection to the Servicing Orders and the Supplemental Order Motion, and request that the Proposed Supplemental Order be modified in accordance with this objection and the proposed modification attached hereto as Exhibit A, together with such other and further relief as this Court deems just and proper, and seek to be heard at the omnibus hearing now set for June 12, 2012 or any continued or adjourned date.

Dated: New York, New York
       June 5, 2012

>                   STORCH AMINI & MUNVES PC
>
>                   By:___/s/____Bijan Amini_____
>                       Bijan Amini
>                       Avery Samet
>                       Thomas M. Monahan
>                   Two Grand Central Tower
>                   140 East 45th Street, 25th Floor
>                   New York, New York 10017
>                   (212) 490-4100
>                   *Attorneys for NACBA, Edward Boltz, William Johnson, and Crystal Johnson*

EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

|  |  |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

---

**ORDER UNDER BANKRUPTCY CODE SECTIONS 105(A) AND 362 GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY TO PERMIT BORROWERS TO ASSERT CLAIMS, COUNTERCLAIMS AND DEFENSES IN INDIVIDUAL BANKRUPTCIES**

Upon the limited omnibus objection (the "Objection") of the National Association of Consumer Bankruptcy Attorneys, a non-profit organization of more than 4,400 consumer bankruptcy attorneys nationwide, on its own behalf and on behalf of its members and the thousands of clients that those members represent; Edward Boltz, an individual consumer bankruptcy attorney in Durham, NC; and William and Crystal Johnson, individual chapter 13 debtors, objecting to the Debtors' May 31, 2012 Motion for a Supplemental Order under sections 105(a), 361, 362, 363, 502, 1107(a) and 1108 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (i) authorizing the Debtors to continue implementing loss mitigation programs; (ii) approving procedures for the compromise and settlement of certain claims, litigations and causes of action in the ordinary course of the Debtors' business; (iii) granting limited stay relief to permit (a) borrowers or their tenants, as applicable, to prosecute direct claims and counter-claims in foreclosure and eviction proceedings (including in states in which non-judicial foreclosure is followed), (b) borrowers to prosecute certain actions in borrower bankruptcy cases, (c) the Debtors to prosecute foreclosure actions in those circumstances where

they service senior mortgage loans and own the junior mortgage loans on the underlying property, and (d) third party lien holders to prosecute direct claims and counter-claims in actions involving the amount, validity or priority of liens on properties subject to foreclosure proceedings; and (iv) authorizing and directing the Debtors to pay certain securitization trustee fees and expenses (the "Supplemental Order Motion"); and sufficient notice of the Objection having been given; and it appearing that no other or further notice need be provided; and upon the record of the hearing; and it appearing that the relief requested by the Objection is in the best interests of the Debtors' estates, their creditors, and other parties in interest, including borrowers in individual bankruptcy cases; and after due deliberation thereon; and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The relief requested in the Objection is GRANTED, as set forth herein.

2. Paragraph 12 of the proposed order attached to the Supplemental Order Motion shall be modified to state:

12. The automatic stay imposed by section 362(a) of the Bankruptcy Code is hereby modified pursuant to the following terms and conditions:

> (a) Any borrower who is an individual debtor in a bankruptcy case and is seeking to assert rights with respect to a note and mortgage, deed of trust or other lien on property of the borrower held or serviced by the Debtors, shall be permitted to litigate such proceeding without seeking further relief from the automatic stay in this case.
>
> (b) The stay imposed by section 362(a) of the Bankruptcy Code, to the extent it is applicable, is modified to enable borrowers to file

the appropriate papers and prosecute such proceedings and to seek any relief, other than an affirmative monetary recovery that is based on acts that occurred before the filing of the bankruptcy petitions in these cases.

(c)     If the Debtors elect to seek reimposition of the stay with respect to such proceeding, the Debtors may within 30 days of receipt of notice of the proceeding file a motion for reimposition of the automatic stay. The most convenient venue for purposes of adjudicating the motion for reimposition of the automatic stay is deemed to be in the bankruptcy court in which the borrower's bankruptcy case is pending.

3.    This Court shall retain jurisdiction with respect to all other matters relating to the interpretation or implementation of this Order.

Dated:              , 2012
       New York, New York

                                                                                                                                                                                                               
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE