STORCH AMINI & MUNVES PC
2 Grand Central Tower
140 East 45th Street, 25th Floor
New York, New York 10017
 (212) 490-4100
Bijan Amini
Avery Samet
Thomas M. Monahan
*Attorneys for NACBA, Edward Boltz,*
*William Johnson, and Crystal Johnson*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------

|   |   |   |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

-------------------------------------------------------

## MOTION FOR LIMITED RELIEF FROM THE AUTOMATIC STAY TO PERMIT BORROWERS TO ASSERT CLAIMS, COUNTERCLAIMS AND DEFENSES IN INDIVIDUAL BANKRUPTCIES AND REQUESTING PERMISSION TO MAKE SUCH A MOTION ON SHORTENED NOTICE

PLEASE TAKE NOTICE that, the National Association of Consumer Bankruptcy

Attorneys ("NACBA"), a non-profit organization of more than 4,400 consumer bankruptcy

attorneys nationwide, on its own behalf and on behalf of its members and the thousands of

clients that those members represent; Edward Boltz, an individual consumer bankruptcy attorney

in Durham, NC; and William and Crystal Johnson, individual chapter 13 debtors, (collectively,

the "Movants")  hereby move for entry of an order, a proposed form of which is attached hereto

as Exhibit 1 (the "Order"), under sections 105(a) and 362 of title 11 of the United States Code

(the "Bankruptcy Code"), Rules 9013 and 9014 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), and the Case Management Procedures in this case [Docket No. 141]

granting limited relief from the automatic stay to permit borrowers in individual bankruptcy

cases to seek any relief, other than affirmative monetary recovery that is based upon actions that

occurred before the filing of the bankruptcy petitions in this case, whether such relief is sought

by claim, counterclaim, defense or otherwise.  The Movants also request that this motion be

entertained by the Court on shortened notice at the June 12, 2012 omnibus hearing.

### JURISDICTION

1.    This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and

1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Motion

in this district is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the

relief requested herein are Bankruptcy Code sections 105(a) and 362, Bankruptcy Rules 4001,

9013 and 9014, and the Case Management Procedures in this case.

### BASIS FOR RELIEF

2.    The grounds for the motion are fully set forth in the Movants' June 5, 2012

Limited Omnibus Objection to the Servicing Orders and Debtors' May 31, 2012 Motion for a

Supplemental Order (the "Objection"), a true and accurate copy of which is attached hereto as

Exhibit 2.  The Movants hereby incorporate the arguments set forth in the Objection by

reference.  As set forth in the Objection, allowing borrowers in individual bankruptcies to assert

all defenses, claims and counterclaims against the Debtor, provided that those defenses, claims

and counterclaims do not seek affirmative monetary recovery from the Debtors based upon

prepetition acts, allows this Court to balance the interests and equities of the Bankruptcy Code

with respect to both the Debtors and those individual borrowers who have also sought relief

under the Bankruptcy Code and are subject to the same protections as the Debtors.  Section

362(d)(1) of the Bankruptcy Code provides this Court with broad discretion to grant relief from

2

the automatic stay, including "terminating, annulling, modifying, or conditioning" the stay for cause. In considering whether there is "cause" for relief from the automatic stay, bankruptcy courts will "take into account the particular circumstances of the case and ascertain what is just to the claimants, the debtor and the estate." *In re Keene Corp.*, 171 B.R. 180, 183 (Bankr. S.D.N.Y. 1994). The Movants respectfully submit that, for the reasons set forth herein and in the Objection, there is sufficient cause to grant borrowers relief from the automatic stay to assert all claims, counterclaims and defenses in their individual bankruptcies that do not seek affirmative monetary recovery from the Debtors for prepetition acts.

## REQUEST FOR SHORTENED NOTICE

3.      The Movants respectfully request that the Court consider this motion, on shortened notice, at the June 12, 2012 omnibus hearing scheduled in this case. The Movants submit that there is good cause to hear this motion upon shortened notice, as on May 31, 2012, the Debtors filed a motion for a supplemental order seeking, among other things, relief from the automatic stay. As set forth in the Objection, the Movants believe that the relief requested in the Debtors' motion is too limited and will not adequately protect the rights of borrowers in individual bankruptcies. In light of the Debtors' pending motion, which will be addressed at the June 12, 2012 omnibus hearing, it is in the interests of judicial economy and efficiency to adjudicate the scope of the automatic stay, including this motion, in one proceeding before this Court.

## NOTICE

4.      Notice of this Motion will be given to each of the entities or individuals listed on the Monthly Service List as of May 30, 2012 filed by the Debtor [Docket No. 173], in accordance with the Case Management Procedures in place in this action. The Movants submit

that, in view of the facts and circumstances, such notice is sufficient and no other or further

notice need be provided.

WHEREFORE, NACBA, Edward Boltz and William and Crystal Johnson request that

the Court enter an order substantially in the form attached hereto as Exhibit 1, together with such

other and further relief as this Court deems just and proper, and seek to be heard at the omnibus

hearing now set for June 12, 2012 or any continued or adjourned date.

Dated: New York, New York
      June 5, 2012

                    STORCH AMINI & MUNVES PC

                    By:____/s/____Bijan Amini_____
                         Bijan Amini
                         Avery Samet
                         Thomas M. Monahan
                    Two Grand Central Tower
                    140 East 45th Street, 25th Floor
                    New York, New York 10017
                    (212) 490-4100
                    *Attorneys for NACBA, Edward Boltz, William
                    Johnson, and Crystal Johnson*

**EXHIBIT 1**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------

|  | ) |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

--------------------------------------------------------

### ORDER UNDER BANKRUPTCY CODE SECTIONS 105(A) AND 362 GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY TO PERMIT BORROWERS TO ASSERT CLAIMS, COUNTERCLAIMS AND DEFENSES IN INDIVIDUAL BANKRUPTCIES

Upon the motion (the "Motion") of the National Association of Consumer Bankruptcy Attorneys, a non-profit organization of more than 4,400 consumer bankruptcy attorneys nationwide, on its own behalf and on behalf of its members and the thousands of clients that those members represent; Edward Boltz, an individual consumer bankruptcy attorney in Durham, NC; and William and Crystal Johnson, individual chapter 13 debtors, for entry of an order under sections 105(a) and 362 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 9013 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Case Management Procedures in this case [Docket No. 141] granting limited relief from the automatic stay to permit borrowers in individual bankruptcy cases to seek any relief, other than affirmative monetary recovery that is based upon actions that occurred before the filing of the bankruptcy petitions in this case, whether such relief is sought by claim, counterclaim, defense or otherwise; and it appearing that this Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409; and it appearing that this proceeding is a core proceeding under 28 U.S.C. § 157(b); and sufficient notice of the Motion having been

given; and it appearing that no other or further notice need be provided; and upon the record of

the hearing; and it appearing that the relief requested by the Motion is in the best interests of the

Debtors' estates, their creditors, and other parties in interest, including borrowers in individual

bankruptcy cases; and after due deliberation thereon; and sufficient cause appearing therefor, it is

hereby

### ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Motion is GRANTED, as set forth herein.

2.      The automatic stay imposed by section 362(a) of the Bankruptcy Code is hereby

modified to allow any borrower who is an individual debtor in a bankruptcy case and is seeking

to assert rights with respect to a note and mortgage, deed of trust or other lien on property of the

borrower held or serviced by the Debtors, to litigate such proceeding without seeking further

relief from the automatic stay in this case.

3.      The stay imposed by section 362(a) of the Bankruptcy Code, to the extent it is

applicable, is modified to enable borrowers to file the appropriate papers and prosecute such

proceedings and to seek any relief, other than an affirmative monetary recovery that is based on

acts that occurred before the filing of the bankruptcy petitions in this cases.

4.      If the Debtors elect to seek reimposition of the stay with respect to such

proceeding, the Debtors may, within 30 days of receipt of notice of the proceeding, file a motion

for reimposition of the automatic stay.  The most convenient venue for purposes of adjudicating

the motion for reimposition of the automatic stay is deemed to be in the bankruptcy court in

which the borrower's bankruptcy case is pending.

2

5.      Aside from applications by the Debtors to seek reimposition of the stay with respect to an individual borrower's bankruptcy case, this Court shall retain jurisdiction with respect to all other matters relating to the interpretation or implementation of this Order.

Dated:                    , 2012
          New York, New York


_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 2**

STORCH AMINI & MUNVES PC
2 Grand Central Tower
140 East 45th Street, 25th Floor
New York, New York 10017
 (212) 490-4100
Bijan Amini
Avery Samet
Thomas M. Monahan
*Attorneys for NACBA, Edward Boltz,*
*William Johnson, and Crystal Johnson*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

--------------------------------------------------------

## LIMITED OMNIBUS OBJECTION TO THE SERVICING ORDERS AND DEBTORS' MAY 31, 2012 MOTION FOR A SUPPLEMENTAL ORDER

PLEASE TAKE NOTICE that, the National Association of Consumer Bankruptcy

Attorneys ("NACBA"), a non-profit organization of more than 4,400 consumer bankruptcy

attorneys nationwide, on its own behalf and on behalf of its members and the thousands of

clients that those members represent; Edward Boltz, an individual consumer bankruptcy attorney

in Durham, NC; and William and Crystal Johnson, individual chapter 13 debtors (collectively,

the "Objectors"), file their Limited Omnibus Objection to certain Interim Orders and the

Debtors' May 31, 2012 Motion for a Supplemental Order under sections 105(a), 361, 362, 363,

502, 1107(a) and 1108 of title 11 of the United States Code (the "Bankruptcy Code") and Rule

9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (i) authorizing the

Debtors to continue implementing loss mitigation programs; (ii) approving procedures for the

compromise and settlement of certain claims, litigations and causes of action in the ordinary

course of the Debtors' business; (iii) granting limited stay relief to permit (a) borrowers or their

tenants, as applicable, to prosecute direct claims and counter-claims in foreclosure and eviction

proceedings (including in states in which non-judicial foreclosure is followed), (b) borrowers to

prosecute certain actions in borrower bankruptcy cases, (c) the Debtors to prosecute foreclosure

actions in those circumstances where they service senior mortgage loans and own the junior

mortgage loans on the underlying property, and (d) third party lien holders to prosecute direct

claims and counter-claims in actions involving the amount, validity or priority of liens on

properties subject to foreclosure proceedings; and (iv) authorizing and directing the Debtors to

pay certain securitization trustee fees and expenses (the "Supplemental Order Motion") [Docket

No. 181].

## BACKGROUND

1.    The Debtors, a leading residential real estate finance company, are in the business

of originating and servicing mortgage loans.  In the ordinary course of the Debtors' business, the

Debtors frequently participate and litigate in the individual bankruptcy cases of borrowers who

maintain mortgages originated or serviced by the Debtors.  The Debtors, in carrying out their

business, are required to comply with all applicable rules and laws. *See* 28 U.S.C. § 959(b).

2.    On May 15, 2012 and May 16, 2012, the Court entered two orders granting the

Debtors' motions for authority to continue their loan servicing activities (collectively, the

"Servicing Orders") [Docket Nos. 87 and 91].  The Servicing Orders provided limited relief from

the automatic stay, to allow borrowers to assert counterclaims in foreclosure and eviction

proceedings brought by the Debtors.

2

3.      On May 31, 2012, the Debtors filed the Supplemental Order Motion, seeking a supplemental order modifying the Servicing Orders to address certain issues that the Debtors have encountered in their day-to-day conduct of the Debtors' affairs.

4.      NACBA, on its own behalf and on behalf of its members and the thousands of clients that those members represent, makes this objection, both to the Servicing Orders and the Supplemental Order Motion, on the grounds that the relief from the automatic stay requested by the Debtors is insufficient and would not allow for borrowers who are debtors in individual bankruptcy cases to adequately protect their rights under the Bankruptcy Code. The Orders and Motion also would create doubts and the possibility of constant litigation about whether actions ordinarily taken in consumer bankruptcy cases violate the automatic stay, placing NACBA's members in jeopardy of sanctions.

5.      Edward Boltz is an individual bankruptcy attorney in Durham, North Carolina who represents debtors in individual bankruptcy cases.

6.      William D. Johnson and Crystal S. Johnson are chapter 13 bankruptcy debtors in the Middle District of North Carolina represented by Edward Boltz, who in the course of their case need to file an adversary proceeding against Debtor GMAC Mortgage to strip a junior mortgage. They also need to file objections to fees they assert are excessive in the proof of claim filed by GMAC Mortgage, and are likely to need to utilize the remedies in Bankruptcy Rule 3002.1 in the course of their case. Bankruptcy Rules 3001(c)(2)(D) and 3002.1(i), among other rules, provide for possible monetary sanctions in connection with such proceedings if GMAC Mortgage does not comply with the Bankruptcy Rules and the Bankruptcy Code.

## GROUNDS FOR THE OBJECTION

7.      While the relief requested in the Debtors' Supplemental Order Motion would allow borrowers in individual bankruptcies to seek relief in those proceedings, it seeks to have those borrowers do so with one hand tied behind their back.  The relief requested in the Supplemental Order Motion would prevent borrowers in individual bankruptcies from, *inter alia*, seeking relief based upon the Debtors' improper practices in connection with the origination of the borrower's loan, asserting certain counterclaims and defenses, or seeking recoupment or setoff with respect to claims brought by the Debtors.  The Debtors, effectively, seek to have an unwarranted privileged status as compared to all other mortgage creditors.

8.      The relief sought in the Supplemental Order Motion would also provide the Debtors with *de facto* immunity from Bankruptcy Rules 3001 and 3002.1 and prevent the borrowers in individual bankruptcies from being able to exercise all of their rights in objecting to claims by the Debtors or seeking to void wholly unsecured liens through lien stripping.  The relief sought in the Supplemental Order Motion would also prevent borrowers in individual bankruptcies from asserting claims for affirmative relief, including monetary sanctions, against the Debtors for their post-petition actions.

9.      The Debtors' attempts to limit the rights and defenses of borrowers in individual bankruptcies are inappropriate.  Other than limiting those counterclaims that seek affirmative monetary recovery from the Debtors for actions prior to Debtors' petitions, the Debtors' bankruptcy filing should not affect any of the claims, counterclaims or defenses that a borrower in an individual bankruptcy could otherwise assert.

10.      Moreover, the relief sought in the Supplemental Order Motion would allow the Debtors to reimpose the automatic stay in a particular borrower's individual bankruptcy

4

proceeding.  The Supplemental Order Motion is silent with respect to the venue of such an

application.  Objectors submit that such an application should be heard in the venue where the

borrower's individual bankruptcy proceeding is pending, as allowing the Debtor to venue all

such applications before this Court would effectively deprive most borrowers in individual

bankruptcy proceedings of the ability to participate in such proceedings due to the costs

associated with retaining bankruptcy counsel in another jurisdiction.

### NACBA'S PROPOSED MODIFICATIONS TO THE DEBTORS' PROPOSED SUPPLEMENTAL ORDER

11.     In light of the inequities present in the relief sought by the Debtors' Supplemental

Order Motion and the proposed supplemental order attached as Exhibit 1 thereto (the "Proposed

Supplemental Order"), Objectors respectfully request that paragraph 12 of the Proposed

Supplemental Order be modified to address the objections set forth above.  A revised paragraph

12 of the Proposed Supplemental Order for the Court's consideration is attached hereto as

Exhibit A.

12.     The revised language proposed by NACBA removes many of the limitations on

borrowers in individual bankruptcy cases and proceedings sought by the Debtors, and instead

only prevents those individual bankruptcy debtors from seeking affirmative monetary recovery

from the Debtors for actions that occurred before the filing of the bankruptcy petitions in this

case.

13.     NACBA respectfully submits that these proposed modifications more effectively

balance the equitable interests for both the Debtors and their creditors in this Court and the

multiple individual borrower debtors and their creditors in actions pending before this and other

United States Bankruptcy Courts.  Such a modification still prevents any affirmative monetary

relief from being awarded against the Debtors in other jurisdictions based upon prepetition acts of the Debtors.

## APPLICABLE LAW

14.    Section 362(d)(1) of the Bankruptcy Code provides this Court with broad discretion to grant relief from the automatic stay, including "terminating, annulling, modifying, or conditioning" the stay for cause.  In considering whether there is "cause" for relief from the automatic stay, bankruptcy courts will "take into account the particular circumstances of the case and ascertain what is just to the claimants, the debtor and the estate." *In re Keene Corp.*, 171 B.R. 180, 183 (Bankr. S.D.N.Y. 1994).  NACBA, on its own behalf and on behalf of its members and the thousands of clients that those members represent, and the other Objectors submit that, for the reasons set forth above, the modifications to the stay set forth above and in Exhibit A are more appropriate with respect to borrowers' individual bankruptcy proceedings than those set forth in the Supplemental Order Motion.

15.    Section 959(b) of title 28, United States Code requires the Debtors to conduct their business in accordance with applicable non-bankruptcy law.  There is no justification for allowing them to be exempt from all rules and possible sanctions that would apply to mortgage creditors and servicers not in bankruptcy, especially since they have specifically agreed to comply with those rules in their recent settlement with the state attorneys general.

16.    Allowing borrowers in individual bankruptcies to assert all defenses, claims and counterclaims against the Debtor, provided that those defenses, claims and counterclaims do not seek affirmative monetary recovery from the Debtors based upon prepetition acts, allows this Court to balance the interests and equities of the Bankruptcy Code with respect to both the Debtors and those individual borrowers who have also sought relief under the Bankruptcy Code

6

and are subject to the same protections as the Debtors.  The modifications to the Debtors'

Proposed Supplemental Order set forth herein, more effectively and equitably balance the

interests of the Debtors and borrowers in individual bankruptcy than the relief requested in the

Supplemental Order Motion, which is decidedly skewed in favor of the Debtors.  Moreover, the

adjudication of the all defenses, claims and counterclaims of borrowers in individual

bankruptcies that do not seek affirmative monetary relief against the Debtors based upon

prepetition acts will assist the Debtors in accurately valuing the mortgage portfolios that they

service.

17.    Allowing borrowers to file and pursue proceedings in the courts where the

borrowers' cases are pending will also prevent the need for this Court to take actions regarding

multiple individual bankruptcy cases, which would be best decided by the courts where those

individual cases are pending.  Similarly, based on their involvement in those individual cases,

those courts are best positioned to decide whether those cases could have any significant impact

on the cases pending in this court.

18.    The Objectors have filed with this Objection a Motion for Limited Relief from the

Automatic Stay that incorporates these objections by reference, upon which the Court may rule if

it decides that such a motion is a more appropriate procedure for broadening the relief from the

stay that the Debtors have already requested.

## NOTICE

19.    Notice of this Objection will be given to each of the entities or individuals listed

on the Monthly Service List as of May 30, 2012 filed by the Debtor [Docket No. 173], in

accordance with the Case Management Procedures in place in this action.  The Objectors submit

7

that, in view of the facts and circumstances, such notice is sufficient and no other or further

notice need be provided.

WHEREFORE, NACBA, Edward Boltz and William and Crystal Johnson make this

objection to the Servicing Orders and the Supplemental Order Motion, and request that the

Proposed Supplemental Order be modified in accordance with this objection and the proposed

modification attached hereto as Exhibit A, together with such other and further relief as this

Court deems just and proper, and seek to be heard at the omnibus hearing now set for June 12,

2012 or any continued or adjourned date.

Dated: New York, New York
      June 5, 2012

                    STORCH AMINI & MUNVES PC

                    By:_____/s/_____Bijan Amini_____
                          Bijan Amini
                          Avery Samet
                          Thomas M. Monahan
                    Two Grand Central Tower
                    140 East 45th Street, 25th Floor
                    New York, New York 10017
                    (212) 490-4100
                    *Attorneys for NACBA, Edward Boltz, William*
                    *Johnson, and Crystal Johnson*

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

--------------------------------------------------------

### ORDER UNDER BANKRUPTCY CODE SECTIONS 105(A) AND 362 GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY TO PERMIT BORROWERS TO ASSERT CLAIMS, COUNTERCLAIMS AND DEFENSES IN INDIVIDUAL BANKRUPTCIES

Upon the limited omnibus objection (the "Objection") of the National Association of Consumer Bankruptcy Attorneys, a non-profit organization of more than 4,400 consumer bankruptcy attorneys nationwide, on its own behalf and on behalf of its members and the thousands of clients that those members represent; Edward Boltz, an individual consumer bankruptcy attorney in Durham, NC; and William and Crystal Johnson, individual chapter 13 debtors, objecting to the Debtors' May 31, 2012 Motion for a Supplemental Order under sections 105(a), 361, 362, 363, 502, 1107(a) and 1108 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (i) authorizing the Debtors to continue implementing loss mitigation programs; (ii) approving procedures for the compromise and settlement of certain claims, litigations and causes of action in the ordinary course of the Debtors' business; (iii) granting limited stay relief to permit (a) borrowers or their tenants, as applicable, to prosecute direct claims and counter-claims in foreclosure and eviction proceedings (including in states in which non-judicial foreclosure is followed), (b) borrowers to prosecute certain actions in borrower bankruptcy cases, (c) the Debtors to prosecute foreclosure actions in those circumstances where

they service senior mortgage loans and own the junior mortgage loans on the underlying

property, and (d) third party lien holders to prosecute direct claims and counter-claims in actions

involving the amount, validity or priority of liens on properties subject to foreclosure

proceedings; and (iv) authorizing and directing the Debtors to pay certain securitization trustee

fees and expenses (the "Supplemental Order Motion"); and sufficient notice of the Objection

having been given; and it appearing that no other or further notice need be provided; and upon

the record of the hearing; and it appearing that the relief requested by the Objection is in the best

interests of the Debtors' estates, their creditors, and other parties in interest, including borrowers

in individual bankruptcy cases; and after due deliberation thereon; and sufficient cause appearing

therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The relief requested in the Objection is GRANTED, as set forth herein.

2.      Paragraph 12 of the proposed order attached to the Supplemental Order Motion

shall be modified to state:

12.      The automatic stay imposed by section 362(a) of the Bankruptcy Code is hereby

modified pursuant to the following terms and conditions:

>       (a)      Any borrower who is an individual debtor in a bankruptcy
>
>       case and is seeking to assert rights with respect to a note and mortgage,
>
>       deed of trust or other lien on property of the borrower held or serviced by
>
>       the Debtors, shall be permitted to litigate such proceeding without seeking
>
>       further relief from the automatic stay in this case.
>
>       (b)      The stay imposed by section 362(a) of the Bankruptcy
>
>       Code, to the extent it is applicable, is modified to enable borrowers to file

2

the appropriate papers and prosecute such proceedings and to seek any

relief, other than an affirmative monetary recovery that is based on acts

that occurred before the filing of the bankruptcy petitions in these cases.

(c)     If the Debtors elect to seek reimposition of the stay with

respect to such proceeding, the Debtors may within 30 days of receipt of

notice of the proceeding file a motion for reimposition of the automatic

stay.  The most convenient venue for purposes of adjudicating the motion

for reimposition of the automatic stay is deemed to be in the bankruptcy

court in which the borrower's bankruptcy case is pending.

3.     This Court shall retain jurisdiction with respect to all other matters relating to the

interpretation or implementation of this Order.

Dated:                        , 2012
       New York, New York


_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE