STORCH AMINI & MUNVES PC
2 Grand Central Tower
140 East 45th Street, 25th Floor
New York, New York 10017
(212) 490-4100
Bijan Amini
Avery Samet
Thomas M. Monahan
*Attorneys for the Maine Action Plaintiffs*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------

|  |  |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

---------------------------------------------------------

**MOTION FOR LIMITED RELIEF FROM THE AUTOMATIC STAY TO PERMIT THE ISSUANCE OF A DECISION BY THE MAINE SUPREME COURT IN THE MAINE ACTION AND REQUESTING PERMISSION TO MAKE SUCH A MOTION ON SHORTENED NOTICE**

PLEASE TAKE NOTICE that, Steven Archibald, Nicolle Bradbury, Thomas True, Shawn Morissette, and Joseph Phillips, on behalf of themselves and others similarly situated, (collectively, the "Maine Action Plaintiffs") hereby move for entry of an order, a proposed form of which is attached hereto as Exhibit 1 (the "Order"), under sections 105(a) and 362 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 9013 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Case Management Procedures in this case [Docket No. 141] granting limited relief from the automatic stay to permit the Maine Supreme Court to issue a decision in the case currently pending between the Maine Action Plaintiffs and the Debtor (the "Maine Action"). The Maine Action Plaintiffs also request that

this motion be entertained by the Court on shortened notice at the June 12, 2012 omnibus hearing.

## JURISDICTION

1.  This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are Bankruptcy Code sections 105(a) and 363, Bankruptcy Rules 9013 and 9014, and the Case Management Procedures in this case.

## BASIS FOR RELIEF

2.  The grounds for the Maine Action Plaintiffs' motion are fully set forth in their June 5, 2012 Limited Omnibus Objection to the Servicing Orders and Debtors' May 31, 2012 Motion for a Supplemental Order (the "Objection"), a true and accurate copy of which is attached hereto as Exhibit 2. The Maine Action Plaintiffs hereby incorporate the arguments set forth in the Objection by reference. As set forth in the Objection, the Maine Action Plaintiffs only seek relief from the automatic stay to allow the Maine Supreme Court to render its answer to a certified question of law referred to the Maine Supreme Court by the Maine District Court. The certified question seeks to determine whether the common law judicial proceedings privilege applies to a statutory claim under the Maine Unfair Trade Practices act. The question before the Maine Supreme Court has been fully briefed and argued, and, regardless of the outcome, no monetary relief against the Debtor would be awarded by the Maine Supreme Court. Section 362(d)(1) of the Bankruptcy Code provides this Court with broad discretion to grant relief from the automatic stay, including "terminating, annulling, modifying, or conditioning" the stay for cause. In considering whether there is "cause" for relief from the automatic stay, bankruptcy

courts will "take into account the particular circumstances of the case and ascertain what is just to the claimants, the debtor and the estate." *In re Keene Corp.*, 171 B.R. 180, 183 (Bankr. S.D.N.Y. 1994). The Objectors respectfully submit that, for the reasons set forth herein and in the Objection, there is sufficient cause to grant the Maine Action Plaintiffs relief from the automatic stay so that the Main Supreme Court may issue a decision in the Main Action.

### REQUEST FOR SHORTENED NOTICE

3.     The Maine Action Plaintiffs respectfully request that the Court consider this motion, on shortened notice, at the June 12, 2012 omnibus hearing scheduled in this case. The Maine Action Plaintiffs submit that there is good cause to hear this motion upon shortened notice, as on May 31, 2012, the Debtors filed a motion for a supplemental order seeking, among other things, relief from the automatic stay. As set forth in the Objection, the Objectors believe that the relief from the automatic stay requested in the Debtors' motion should apply to the Maine Action. In light of the Debtors' pending motion, which will be addressed at the June 12, 2012 omnibus hearing, it is in the interests of judicial economy and efficiency to adjudicate the scope of the automatic stay, including this Motion, in one proceeding before this Court.

### NOTICE

4.     Notice of this Motion will be given to each of the entities or individuals listed on the Monthly Service List as of May 30, 2012 filed by the Debtor [Docket No. 173], in accordance with the Case Management Procedures in place in this action. The objectors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

WHEREFORE, Steven Archibald, Nicolle Bradbury, Thomas True, Shawn Morissette, and Joseph Phillips, on behalf of themselves and others similarly situated, request that the Court

enter an order substantially in the form attached hereto as Exhibit 1, together with such other and further relief as this Court deems just and proper, and seek to be heard at the omnibus hearing now set for June 12, 2012 or any continued or adjourned date.

Dated: New York, New York
      June 5, 2012

                    STORCH AMINI & MUNVES PC

                    By: /s/ Bijan Amini
                          Bijan Amini
                          Avery Samet
                          Thomas M. Monahan
                    Two Grand Central Tower
                    140 East 45th Street, 25th Floor
                    New York, New York 10017
                    (212) 490-4100
                    *Attorneys for the Maine Action Plaintiffs*

EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------

In re:                                      )    Case No. 12-12020 (MG)
                                            )
RESIDENTIAL CAPITAL, LLC, et al.,           )    Chapter 11
                                            )
                    Debtors.                )    Jointly Administered
                                            )

------------------------------------------------------

**ORDER UNDER BANKRUPTCY CODE SECTIONS 105(A) AND 362 GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY TO PERMIT THE ISSUANCE OF A DECISION BY THE MAINE SUPREME COURT IN THE MAINE ACTION**

Upon the motion (the "Motion") of Steven Archibald, Nicolle Bradbury, Thomas True, Shawn Morissette, and Joseph Phillips, on behalf of themselves and others similarly situated, (collectively, the "Maine Action Plaintiffs") for entry of an order under sections 105(a) and 362 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 9013 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Case Management Procedures in this case [Docket No. 141] granting limited relief from the automatic stay to permit the Maine Supreme Court to issue a decision in the case currently pending between the Maine Action Plaintiffs and the Debtor (the "Maine Action"); and it appearing that this Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409; and it appearing that this proceeding is a core proceeding under 28 U.S.C. § 157(b); and sufficient notice of the Motion having been given; and it appearing that no other or further notice need be provided; and upon the record of the hearing; and it appearing that the relief requested by the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation thereon; and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED, as set forth herein.

2. The automatic stay imposed by section 362(a) of the Bankruptcy Code is hereby modified to allow the Maine Supreme Court to issue its decision in the Maine Action with respect to the question of whether the common law judicial proceedings privilege applies to a statutory claim under the Maine Unfair Trade Practices Act certified by the Maine District Court.

3. Absent further order of the Court, the automatic stay shall remain in full force and effect with respect to the Maine Action.

4. The Maine Action Plaintiffs shall retain the right, upon appropriate motion, to seek any additional relief from the automatic stay in the Maine Action.

5. This Court shall retain jurisdiction with respect to all other matters relating to the interpretation or implementation of this Order.

Dated:            , 2012
    New York, New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 2**

STORCH AMINI & MUNVES PC
2 Grand Central Tower
140 East 45th Street, 25th Floor
New York, New York 10017
(212) 490-4100
Bijan Amini
Avery Samet
Thomas M. Monahan
*Attorneys for the Maine Action Plaintiffs*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

------------------------------------------------------

## LIMITED OMNIBUS OBJECTION TO THE SERVICING ORDERS AND DEBTORS' MAY 31, 2012 MOTION FOR A SUPPLEMENTAL ORDER

PLEASE TAKE NOTICE that, Steven Archibald, Nicolle Bradbury, Thomas True, Shawn Morissette, and Joseph Phillips, on behalf of themselves and others similarly situated, (collectively, the "Maine Action Plaintiffs") file this Limited Omnibus Objection to certain Interim Orders and the Debtors' May 31, 2012 Motion for a Supplemental Order under sections 105(a), 361, 362, 363, 502, 1107(a) and 1108 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (i) authorizing the Debtors to continue implementing loss mitigation programs; (ii) approving procedures for the compromise and settlement of certain claims, litigations and causes of action in the ordinary course of the Debtors' business; (iii) granting limited stay relief to permit (a) borrowers or their tenants, as applicable, to prosecute direct claims and counter-claims in foreclosure and eviction proceedings (including in states in which

non-judicial foreclosure is followed), (b) borrowers to prosecute certain actions in borrower bankruptcy cases, (c) the Debtors to prosecute foreclosure actions in those circumstances where they service senior mortgage loans and own the junior mortgage loans on the underlying property, and (d) third party lien holders to prosecute direct claims and counter-claims in actions involving the amount, validity or priority of liens on properties subject to foreclosure proceedings; and (iv) authorizing and directing the Debtors to pay certain securitization trustee fees and expenses (the "Supplemental Order Motion") [Docket No. 181].

## BACKGROUND

1.  The Debtors, a leading residential real estate finance company, are in the business of originating and servicing mortgage loans. In the ordinary course of the Debtors' business, the Debtors frequently participate and litigate in the individual bankruptcy cases of borrowers who maintain mortgages originated or serviced by the Debtors. The Debtors, in carrying out their business, are required to comply with all applicable rules and laws. *See* 28 U.S.C. § 959(b).

2.  On May 15, 2012 and May 16, 2012, the Court entered two orders granting the Debtors' motions for authority to continue their loan servicing activities (collectively, the "Servicing Orders") [Docket Nos. 87 and 91]. The Servicing Orders provided limited relief from the automatic stay, to allow borrowers to assert counterclaims in foreclosure and eviction proceedings brought by the Debtors.

3.  On May 31, 2012, the Debtors filed the Supplemental Order Motion, seeking a supplemental order modifying the Servicing Orders to address certain issues that the Debtors have been encountered in their day-to-day conduct of the Debtors' affairs.

4.  The Maine Action Plaintiffs make this limited objection, both to the Servicing Orders and the Supplemental Order Motion, on the grounds that due to its unique procedural

posture, the case currently pending between the Maine Action Plaintiffs and the Debtors (the "Maine Action")[1] should be allowed to proceed, on a limited basis. The Servicing Orders and the relief sought in the Supplemental Order Motion do not allow the action to proceed.

### BRIEF PROCEDURAL HISTORY OF THE MAINE ACTION

5.  Plaintiffs commenced the Maine Action as a putative class action in Maine state court on October 1, 2010, raising multiple claims arising from the Debtors' practice of signing and supplying false certifications and pseudo-affidavits that were used in initiating and prosecuting foreclosure proceedings. The Debtors removed the case to Federal Court on November 4, 2010. Thereafter, all claims except one were dismissed by the United States District Court for the District of Maine for failure to state a claim upon which relief can be granted. The remaining claim is that the Debtors violated the Maine Unfair Trade Practices Act (the "Maine UTPA"). Because there is no clear controlling Maine precedent on whether the common law judicial proceedings privilege applies to a statutory claim under the Maine UTPA, the Maine District Court certified this question to the Supreme Judicial Court of Maine. The issue was fully briefed and was argued before the Maine Supreme Court on February 16, 2012, and, as of the date of this Limited Objection, the Maine Supreme Court is in the process of issuing opinions in other cases argued around the same time. The parties were awaiting a decision when the Debtors filed the petition under the Bankruptcy Code. If the Proposed Supplemental Order is modified in accordance with this limited objection, issuance of an opinion in the Maine Action by the Maine Supreme Court would be imminent.

---

[1] The Maine Action was initially commenced in Maine Superior Court, Cumberland County. The Maine Action was then removed to the United States District Court for the District of Maine, and is currently pending under the caption *Bradbury v. GMAC Mortgage LLC*, 10-cv-458.

3

## STATEMENT OF FACTS IN THE MAINE ACTION

6.      The Maine Action Plaintiffs are Maine homeowners or former homeowners whose mortgages are or were serviced by the Debtors. In connection with its role as a mortgage servicer, the Debtors used an assembly-line process whereby a single employee robotically signed and supplied key documents to mortgagees and servicers for use in foreclosure proceedings at a rate of 8,000 to 10,000 a month.[2] The two particular types of documents at issue in the Maine Action are: (1) the Certifications of Ownership of the mortgage and mortgage note ("certifications") required under Maine law in order to commence a foreclosure proceeding under 14 M.S.R.A. § 6321; and (2) unsworn documents purporting to be affidavits for use in summary judgment motions ("pseudo-affidavits").

7.      Since at least 2004, the Debtors have had a national corporate practice of signing and supplying false pseudo-affidavits for use in support of summary judgment foreclosure proceedings and have previously been sanctioned for such practices in another state court.[3]

8.      The Debtors sign and supply these pseudo-affidavits and false certifications for use in foreclosure proceedings in connection with their role as the servicer of the mortgage. The Debtors serviced over 20,000 residential mortgages in the state of Maine.[4] The Maine Supreme Court has described the Debtors' conduct in a different matter as the submission of "fraudulent evidence" that is an "ethically indefensible" and "reprehensible practice" which "displays an alarming lack of respect for the nation's judiciaries."[5] The Maine United States District Court has described the Debtor's conduct as "egregious," "worthy of sanctions" and the type of

---

[2] *See* the First Amended Complaint, in *Bradbury v. GMAC Mortgage LLC*, 10-cv-458 (Dkt. No. 2-27) (the "1st Am. Compl.") at ¶ 52.
[3] *TCIF REO2, LLC v. Liebowitz*, Case No. 16-2004-CA-4835, Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida. *See* 1st Am. Compl., ¶ 6.
[4] *See* 1st Am. Compl., Ex. 5.
[5] *Federal National Mortgage Association v. Bradbury*, 2011 ME 120, ¶7, 32 A.3d 1014.

4

conduct that "strikes at the heart of any court's procedures." *James v. U.S. Bank Nat'l Assoc.*, 272 F.R.D. 47, 49 (D. Me. 2011).

9. The certifications and pseudo-affidavits were the principal, if not only, evidence of the homeowner's default, the amount due, and the identity of ownership of the mortgage and mortgage note. The signatory of all the certifications and pseudo-affidavits, Jeffrey Stephan of GMAC Mortgage, has admitted in a deposition that he lacked personal knowledge of the facts therein including whether the documents referenced in the pseudo-affidavits such as the Note, Mortgage, Assignment, and Default Letter, were true and accurate copies and whether the amounts allegedly due were accurate.

10. Stephan did not review, read, or verify the facts in the certifications and pseudo-affidavits and signed them in an assembly-line fashion by the tens of thousands.[6] When Stephan stated in the pseudo-affidavits that he had the records relating to the mortgage transactions under his custody and control, he did not. When he stated he had personal knowledge of the records including whether they were made at or near the time of the transaction or whether they came from information transmitted by someone with personal knowledge, he did not. When Stephan stated he personally appeared and swore before a notary, he had not.

11. The Debtors' irresponsible and indefensible conduct has resulted in attorneys' fees and costs being unfairly charged to homeowners' mortgage accounts; improper fees and costs being incurred by the small minority of homeowners who could retain counsel; and the ultimate loss of hundreds of Maine homeowner's homes based on unverified and inaccurate documents signed and supplied by GMAC Mortgage.

---

[6] *See* 1st Am. Compl., ¶ 52.

5

## GROUNDS FOR THE OBJECTION

12. The relief requested by the Debtors in the Supplemental Order Motion does not provide for the Maine Action to continue while the Debtors' reorganization is administered by this Court. The Supplemental Order Motion also seeks to prevent borrowers from seeking monetary relief from the Debtors based upon improper practices in connection with the origination of individual borrower's loans.

13. The Maine Action Plaintiffs submit that in light of the unique procedural posture of the Maine Action, the certified question of law currently pending before the Supreme Judicial Court of Maine should be allowed to proceed to decision.

14. The Debtors will not suffer any prejudice by allowing the special proceeding before the Supreme Court of Maine to proceed, as the issue of law has been fully briefed and a victory in that proceeding by the Maine Action Plaintiffs would simply determine whether, as a matter of law in Maine, the common law judicial proceedings privilege applies to a statutory claim under the Maine UTPA. The Maine District Court action would still be subject to the automatic stay. No monetary relief may be awarded to the Maine Action Plaintiffs while the automatic stay in this case remains in effect. Moreover, an opinion by the Supreme Court of Maine finding that the common law judicial proceedings privilege applies to a statutory claim under the Maine UTPA would effectively end the Maine action litigation and would obviate any need for stay relief by the Maine Action Plaintiffs.

15. The issuance of an opinion by the Maine Supreme Court will also avoid the need for this court to make a determination of the applicability and effect of the Maine UPTA in multiple individual proofs of claim filed by Maine homeowners stemming from the Debtors' wrongful conduct as alleged in the Maine Action.

## THE MAINE ACTION PLAINTIFFS' PROPOSED MODIFICATIONS TO THE DEBTORS' PROPOSED SUPPLEMENTAL ORDER

16. In light of the distinct question of law pending before the Supreme Judicial Court of Maine, the Maine Action Plaintiffs respectfully request that the Servicing Orders and the proposed order attached to the Supplemental Order Motion be modified to allow the Maine Action to proceed to decision before the Supreme Judicial Court of Maine. A proposed order providing for such a modification is attached hereto as Exhibit A.

## APPLICABLE LAW

17. Section 362(d)(1) of the Bankruptcy Code provides this Court with broad discretion to grant relief from the automatic stay, including "terminating, annulling, modifying, or conditioning" the stay for cause. In considering whether there is "cause" for relief from the automatic stay, bankruptcy courts will "take into account the particular circumstances of the case and ascertain what is just to the claimants, the debtor and the estate." *In re Keene Corp.*, 171 B.R. 180, 183 (Bankr. S.D.N.Y. 1994).

18. The Maine Action Plaintiffs submit that, for the reasons set forth above, the proposed order attached hereto as Exhibit A should be entered. Allowing the Maine Action to proceed with respect to the certified question before the Supreme Judicial Court of Maine only will not cause prejudice to the Debtors, and, in fact, will allow the Debtors to accurately value the mortgage portfolios that they service. Such valuation should include the potential exposure to liability that may have been incurred by the Debtors' improper servicing of their mortgage portfolios.

## NOTICE

19. Notice of this Objection will be given to each of the entities or individuals listed on the Monthly Service List as of May 30, 2012 filed by the Debtor [Docket No. 173], in

7

accordance with the Case Management Procedures in place in this action. The objectors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

WHEREFORE, the Maine Action Plaintiffs make this objection to the Servicing Orders and the Supplemental Order Motion, request that the Proposed Supplemental Order be modified in accordance with this objection and the proposed order attached hereto as Exhibit A, together with such other and further relief as this Court deems just and proper, and seek to be heard at the omnibus hearing now set for June 12, 2012 or any continued or adjourned date.

Dated: New York, New York
      June 5, 2012

                      STORCH AMINI & MUNVES PC

                      By:  /s/    Bijan Amini
                          Bijan Amini
                          Avery Samet
                          Thomas M. Monahan
                      Two Grand Central Tower
                      140 East 45th Street, 25th Floor
                      New York, New York 10017
                      (212) 490-4100
                      *Attorneys for the Maine Action Plaintiffs*

EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------
                                              )
In re:                                        )   Case No. 12-12020 (MG)
                                              )
RESIDENTIAL CAPITAL, LLC, et al.,             )   Chapter 11
                                              )
                      Debtors.                )   Jointly Administered
                                              )
---------------------------------------------------------

**ORDER UNDER BANKRUPTCY CODE SECTIONS 105(A) AND 362 GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY TO PERMIT THE ISSUANCE OF A DECISION BY THE MAINE SUPREME COURT IN THE MAINE ACTION**

Upon the limited omnibus objection (the "Objection") of Steven Archibald, Nicolle Bradbury, Thomas True, Shawn Morissette, and Joseph Phillips, on behalf of themselves and others similarly situated, (collectively, the "Maine Action Plaintiffs") objecting to the Debtors' May 31, 2012 Motion for a Supplemental Order under sections 105(a), 361, 362, 363, 502, 1107(a) and 1108 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (i) authorizing the Debtors to continue implementing loss mitigation programs; (ii) approving procedures for the compromise and settlement of certain claims, litigations and causes of action in the ordinary course of the Debtors' business; (iii) granting limited stay relief to permit (a) borrowers or their tenants, as applicable, to prosecute direct claims and counter-claims in foreclosure and eviction proceedings (including in states in which non-judicial foreclosure is followed), (b) borrowers to prosecute certain actions in borrower bankruptcy cases, (c) the Debtors to prosecute foreclosure actions in those circumstances where they service senior mortgage loans and own the junior mortgage loans on the underlying property, and (d) third party lien holders to prosecute direct claims and counter-claims in actions involving the amount, validity or priority of liens on

properties subject to foreclosure proceedings; and (iv) authorizing and directing the Debtors to pay certain securitization trustee fees and expenses; and sufficient notice of the Objection having been given; and it appearing that no other or further notice need be provided; and upon the record of the hearing; and it appearing that the relief requested by in the Objection is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation thereon; and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The relief requested in the Objection is GRANTED, as set forth herein.

2. The automatic stay imposed by section 362(a) of the Bankruptcy Code is hereby modified to allow the Maine Supreme Court to issue its decision in the Maine Action with respect to the question of whether the common law judicial proceedings privilege applies to a statutory claim under the Maine Unfair Trade Practices Act certified by the Maine District Court.

3. Absent further order of the Court, the automatic stay shall remain in full force and effect with respect to the Maine Action.

4. The Maine Action Plaintiffs shall retain the right, upon appropriate motion, to seek any additional relief from the automatic stay in the Maine Action.

5. This Court shall retain jurisdiction with respect to all other matters relating to the interpretation or implementation of this Order.

Dated: _____, 2012
      New York, New York

                                                                                                    _____
                                                                               THE HONORABLE MARTIN GLENN
                                                                               UNITED STATES BANKRUPTCY JUDGE