| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | HEARING DATE:  June 12, 2012<br>HEARING TIME:  10:00 a.m. |

------------------------------------------------------------x
: Case No.   12-12020 (MG)
In re :
:
Residential Capital, *et al.*, : (Chapter 11)
:
                Debtors. :
:
------------------------------------------------------------x

**OBJECTION OF UNITED STATES TRUSTEE TO DEBTORS' MOTION FOR ORDER UNDER BANKRUPTCY CODE SECTIONS 105(a), 345, 363, 364, AND 503(b)(1) AND BANKRUPTCY RULES 6003 AND 6004 AUTHORIZING (I) CONTINUED USE OF CASH MANAGEMENT SERVICES AND PRACTICES, (II) CONTINUED USE OF EXISTING BANK ACCOUNTS, CHECKS AND BUSINESS FORMS, (III) IMPLEMENTATION OF MODIFIED CASH MANAGEMENT PROCEDURES, (IV) INTERIM WAIVER OF THE INVESTMENT AND DEPOSIT REQUIREMENTS OF BANKRUPTCY CODE SECTION 345, (V) DEBTORS TO HONOR SPECIFIED OUTSTANDING PREPETITION PAYMENT OBLIGATIONS, AND (VI) CONTINUATION OF INTERCOMPANY TRANSACTIONS, INCLUDING INTERCOMPANY TRANSACTIONS WITH FUTURE DEBTORS GRANTING ADMINISTRATIVE EXPENSE STATUS TO INTERCOMPANY CLAIMS, AND (VII) SCHEDULING A FINAL HEARING ON THE RELIEF REQUESTED**

To:    HONORABLE MARTIN GLENN
         UNITED STATES BANKRUPTCY JUDGE:

Tracy Hope Davis, the United States Trustee for Region 2 (the "United States Trustee"), hereby submits this objection to the Debtors' Motion for Order under Bankruptcy Code Sections 105(a), 345, 363, 364, and 503(b)(1) and Bankruptcy Rules 6003 and 6004 Authorizing (I) Continued Use of Cash Management Services and Practices, (II) Continued Use of Existing Bank Accounts, Checks and Business Forms, (III) Implementation of Modified Cash Management Procedures, (IV) Interim Waiver of the Investment And Deposit Requirements of Bankruptcy Code Section 345, (V) Debtors to Honor Specified Outstanding Prepetition Payment Obligations, and (VI) Continuation of Intercompany Transactions, Including Intercompany

Transactions with Future Debtors Granting Administrative Expense Status to Intercompany Claims, and (VII) Scheduling A Final Hearing on the Relief Requested (the "Motion").  ECF Doc. No. 16.  In support thereof, the United States Trustee respectfully states:

## I. PRELIMINARY STATEMENT

Section 345(b) of title 11, United States Code (the "Bankruptcy Code") was promulgated to protect all creditors of bankrupt entities against the loss of estate funds deposited or invested by debtors.  In accordance with the Interim Cash Management Order, the Debtors have taken steps to ensure that some accounts described in the motion comply with the requirements of Section 345(b) of the Bankruptcy Code.  At this time, on information and belief, the Debtors still have an account with over $36 million that does not comply with Section 345(b) and intend to seek a waiver of Section 345.  The United States Trustee objects to entry of a final order containing a waiver of the requirements set forth in Section 345.

In addition, to the extent that the Debtors seek a finding from the court that Section 345 is not applicable to purported segregated custodial accounts (the "Custodial Accounts") referenced in the Motion, the Court should not enter a final order as to this finding until the Debtors provide specific information about the Custodial Accounts including the total sum of funds in the Custodial Accounts, where the funds came from, and to whom the funds belong.  Should the funds either belong, or arguably belong, to parties other than the Debtors, the Debtors must demonstrate that adequate notice of this specific relief has been provided to those third parties.  Accordingly, the Debtors' request for a final order with respect to the Motion should be denied at this time.

## II.  BACKGROUND

### A.  General Background

1.  On May 14, 2012 (the "Petition Date"), Residential Capital, LLC ("ResCap") and certain of its direct and indirect subsidiaries (each a "Debtor" and collectively, the "Debtors") each filed petitions for relief under chapter 11, title 11, United States Code (the "Bankruptcy Code").  ECF Doc. No. 1.

2.  The Debtors are collectively the fifth largest servicer of residential mortgage loans in the United States, servicing approximately $374 billion of domestic residential mortgage loans and working with more than 2.4 million homeowners across the United States as of March 31, 2012.  Affidavit of James Whitlinger, Chief Financial Officer Of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings (the "Whitlinger Affidavit"), ECF Doc. No. 6, ¶ 9.

3.  The Debtors' primary and most valuable business operations consist of servicing mortgage loans for investors, including loans originated by the Debtors, Ally Bank (f/k/a GMAC Bank), and other third parties.  *Id.* at ¶ 6.

4.  The Debtors have negotiated and entered into two separate asset purchase agreements.  The first, with Nationstar Mortgage LLC as the proposed stalking horse bidder for the sale of their mortgage loan origination and servicing businesses (the "Platform Sale"), and the second, with AFI as the proposed stalking horse bidder for the sale of the Debtors' "legacy" portfolio consisting mainly of mortgage loans and other residual financial assets (the "Legacy Sale" and collectively with the Platform Sale, the "Asset Sales").  The Debtors intend to implement a comprehensive reorganization by consummating the Asset Sales through a plan of

3

reorganization consistent with the terms of one or more plan support agreements with AFI and certain of their key secured and unsecured creditor constituents (the "Plan Support Agreements"). Whitlinger Affidavit, ¶ 7.

5.      Pursuant to the Plan Support Agreements, a plan and disclosure statement consistent with the Plan Support Agreement(s) will be filed within 30 days of the Petition Date, which will effectuate a global settlement with AFI and other creditor constituencies that provides the estate with substantial value. In furtherance of their reorganization strategy, and contemporaneous with the commencement of these Chapter 11 cases, the Debtors have filed a motion for authority to, among other things, establish auction and sale procedures for both Asset Sales, and for approval to consummate the Asset Sales under a Plan. In the unlikely event, however, that the Debtors do not obtain confirmation of the Plan by the dates set forth in the Plan Support Agreements, then the Sale Motion allows the Debtors to pursue an alternative course of action and immediately move forward with the Asset Sales under Bankruptcy Code Section 363(b) and outside of a plan. Whitlinger Affidavit, ¶ 7.

**B. The Motion**

6.      The Debtors filed the Motion on the Petition Date seeking the entry of an interim order authorizing them to, among other things, continue to use their existing bank accounts. Motion, at ¶ 4.

7.      As of the Petition Date, the Debtors maintain approximately 3,514 bank accounts (excluding the Custodial Accounts) in the United States (collectively, the "Bank Accounts"). Motion, at ¶ 7.

8. Prior to the final hearing on the Motion, the Debtors orally advised the United States Trustee that the Debtors have closed all Bank Accounts that are not located at an Authorized Depository with the exception on one account at Ally Bank containing $36 million.

9. The Interim Order (*see* ECF Doc. No. 82) provided that the Debtors would have 30 days to comply with Section 345(b). Interim Order, at ¶ 33.

10. The Motion seeks a Final Order that would allow the Debtors a waiver of the requirements set forth in Section 345.

11. On June 5, 2012, the Debtors advised counsel for the United States Trustee that the Debtors intend to include a provision in the Final Order, determining that the Custodial Accounts (*see* Motion, ¶ 5 *et seq.*), are not subject to Section 345.

12. The Debtors' primary business relates to the servicing of mortgage loans. Loan servicing functions typically include: all aspects of servicing mortgage loans, including payment processing (the collecting and remitting of mortgage loan payments), customer service communications and activities, collections, making required advances, accounting for principal and interest payments to and other amounts made on the mortgage loans, filing and receiving claims, loss mitigation, default administration, remitting to investors, master servicing, and holding escrow or impound funds for payment of taxes and insurance. Motion, at ¶ 20. Within the servicing business, the Debtors manage approximately 3,340 custodial accounts where cash is held for the benefit of the Debtors and various third parties that purchased the loans in both whole loan and securitization transactions. Specifically, the Debtors manage 2,842 primary servicing custodial accounts and 498 master servicing custodial accounts. *Id.*

13. The Motion does not specify the total sum of funds held in the Custodial Accounts or whether the funds in the Custodial Accounts are money of the estates within the meaning of Section 345.

### III.  OBJECTION

#### A.  The Statutory Standard

Bankruptcy Code Section 345(b) provides that money of the estate shall be insured or guaranteed by the United States or by a department, agency or instrumentality of the United States or backed by the full faith and credit of the United States. 11 U.S.C. § 345(b). Money of the estate may also be deposited in an entity that has posted a bond in favor of the United States or has deposited securities with the Federal Reserve Bank in an account maintained by the United States Trustee  *Id.*  A court may waive the requirements of Section 345 upon the showing of "cause." *Id.*

#### B.  The Debtors Have Not Established Cause

By the Motion, the Debtors appear to intend to ask the Court for a Final Order that includes, among other things, a provision authorizing the Debtors to continue to use and maintain domestic bank accounts that do not comply with Section 345 of the Bankruptcy Code. The Debtors have not provided evidence to support a finding that cause exists for the waiver of the requirements of Section 345 of the Bankruptcy Code.  Because the Debtors have not demonstrated cause for a waiver of the requirements set forth in Section 345, the United States Trustee respectfully objects to the Debtors' Motion to the extent it seeks entry of a Final Order waiving the requirements of Section 345.

### C. The Debtors Have Not Established That Custodial Accounts Do Not Contain Money of the Estates Subject to Section 345 and Have Not Established the Adequacy of the Notice Provided to Affected Parties

The Motion states that there are over 3,300 Custodial Accounts that the Debtors manage and that in those accounts, "cash is held for the benefit of the Debtors' and various third parties . . ." *See* Motion, at ¶ 20. Aside from this information, the Motion does not provide much relevant information about these Custodial Accounts. Specifically, the Motion is lacking information regarding the total sum of funds held in these accounts. Nor does the Motion state whether the funds are "money of the estates" within the meaning of Section 345 of the Bankruptcy Code. Finally, the Motion provides no information as to whether the Debtors intend to seek final relief in the form of a Section 345 waiver as to these accounts to the extent the accounts contain money of the estates.

Moreover, if the Debtors intend to assert that the funds held in the Custodial Accounts are not money of the estates and that Section 345 does not apply, then the Debtors must provide adequate notice of this to the beneficial owners of the funds or other affected third parties. Absent more information and an adequate showing that the purported accounts are not subject to the protections of Section 345, the relief requested should be denied.

WHEREFORE, the United States Trustee respectfully requests that the Court deny the Motion and grant such other and further relief as the Court deems appropriate.

Dated: New York, New York
June 6, 2012

                            Respectfully Submitted,

                            TRACY HOPE DAVIS
                            UNITED STATES TRUSTEE

By:   /s/ *Brian S. Masumoto*
       Brian S. Masumoto
       Trial Attorney
       33 Whitehall Street, 21st Floor
       New York, New York 10004