Scott D. Talmadge, Esq.  
Joseph W. Otchin, Esq.  
KAYE SCHOLER LLP  
425 Park Avenue  
New York, New York 10022  
Telephone: (212) 836-8000  
Facsimile: (212) 836-6540  

Hearing Date: June 12, 2012 at 10:00 a.m.

*Attorneys for Bank of America, N.A.*

**UNITED STATES BANKRUPTCY COURT**  
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**STATEMENT OF BANK OF AMERICA, N.A. (1) IN SUPPORT OF DEBTORS' MOTION FOR ORDER UNDER BANKRUPTCY CODE SECTIONS 105(a), 345, 363, 364, AND 503(b)(1) AND BANKRUPTCY RULES 6003 AND 6004 AUTHORIZING (I) CONTINUED USE OF CASH MANAGEMENT SERVICES AND PRACTICES, (II) CONTINUED USE OF EXISTING BANK ACCOUNTS, CHECKS AND BUSINESS FORMS, (III) IMPLEMENTATION OF MODIFIED CASH MANAGEMENT PROCEDURES, (IV) INTERIM WAIVER OF THE INVESTMENT AND DEPOSIT REQUIREMENTS OF BANKRUPTCY CODE SECTION 345, (V) DEBTORS TO HONOR SPECIFIED OUTSTANDING PREPETITION PAYMENT OBLIGATIONS, AND (VI) CONTINUATION OF INTERCOMPANY TRANSACTIONS, INCLUDING INTERCOMPANY TRANSACTIONS WITH FUTURE DEBTORS GRANTING ADMINISTRATIVE EXPENSE STATUS TO INTERCOMPANY CLAIMS, AND (VII) SCHEDULING A FINAL HEARING ON THE RELIEF REQUESTED; AND (2) IN RESPONSE TO OBJECTION OF UNITED STATES TRUSTEE**

Bank of America, N.A. ("Bank of America") submits this statement (1) in support of the motion (the "Motion")[1] of the Debtors for entry of interim and final orders, under Bankruptcy Code sections 105, 345, 363, 364, and 503(b)(1) and Bankruptcy Rules 6003 and 6004,

---

[1] Capitalized terms used herein but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

60767168.DOCX

authorizing (i) the continued use of the Debtors' cash management services and practices, as modified, (ii) the continued use of the Debtors' existing bank accounts, checks, and business forms, (iii) implementation of modified cash management procedures and use of certain bank accounts established in connection with use of pre-and post-petition lenders' financing facilities and cash collateral, (iv) waiver of the investment and deposit requirements of Bankruptcy Code section 345, (v) Debtors to honor specified outstanding prepetition obligations, (vi) continuation of ordinary course intercompany transactions between Debtors and according administrative expense status to postpetition intercompany claims arising from such transactions, and (vii) scheduling a final hearing on the relief requested [Docket No. 16]; and (2) in response to the objection (the "<u>Objection</u>") of the United States Trustee to the Motion [Docket No. 239].

## STATEMENT

1.  The Debtors' cash management system includes numerous Custodial Accounts, including those Bank of America accounts listed as "Custodial" on Exhibit B to the Motion. The Motion acknowledges that "the Debtors manage but do not 'own' the Custodial Accounts" in connection with the Debtors' mortgage loan servicing business. (Motion at ¶ 25). Accordingly, Bank of America respectfully submits that neither the Debtors nor the banks that maintain Custodial Accounts (including Bank of America) should be required to comply with Section 345 of the Bankruptcy Code with respect to the Custodial Accounts. Bank of America has consulted with the Debtors and the Debtors have agreed, as reflected in the Objection, that the proposed cash management final order would reflect this change.

2.  In the Objection, the United States Trustee asserts that the Motion does not state whether the funds in the Custodial Accounts are "money of the estates" for purposes of Section 345 of the Bankruptcy Code. However, as set forth above, the Motion states unequivocally that

60767168.DOCX

the Debtors do not "own" the Custodial Accounts.  In addition, the Whitlinger Affidavit provides that the Debtors' "cash management system enables the Debtors to track receipts related to their mortgage loan servicing platform with respect to **moneys that are paid to the Debtors as servicer for mortgage loans that the Debtors do not own**."  (Whitlinger Affidavit at ¶ 122 (emphasis added)).  The funds in the Custodial Accounts therefore do not constitute "money of the estates" to which Section 345 of the Bankruptcy Code applies.  Accordingly, neither the Debtors nor the banks that maintain Custodial Accounts should be burdened with the requirements necessary to comply with Section 345.

WHEREFORE, Bank of America respectfully requests that the Court (i) grant the Motion; (ii) enter a final order providing that the Custodial Accounts are not subject to Section 345 of the Bankruptcy Code; and (iii) grant such other and further relief as the Court deems appropriate.

Dated: New York, New York
       June 8, 2012

KAYE SCHOLER LLP

By: */s/ Scott D. Talmadge*
    Scott D. Talmadge, Esq.
    Joseph W. Otchin, Esq.
    425 Park Avenue
    New York, NY 10022
    Telephone:  (212) 836-8000
    Facsimile:  (212) 836-6540

*Attorneys for Bank of America, N.A.*

60767168.DOCX