UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re:  )  Case No. 12-12020 (MG)
 )
RESIDENTIAL CAPITAL, LLC, *et al.*,  )  Chapter 11
 )
 Debtors.  )  Jointly Administered
 )

---

### DECLARATION OF YVETTE W. GILMORE IN SUPPORT OF THE DEBTORS' MOTION TO FILE UNDER SEAL CONFIDENTIAL EXHIBIT TO THE GOVERNMENTAL ASSOCIATION SERVICING MOTION

I, Yvette W. Gilmore, make this Declaration under 28 U.S.C. § 1746 and state:

1. I am Vice President, Servicer Relationship and Performance Management, Single Family Servicing and REO at Federal Home Loan Mortgage Corporation in conservatorship ("Freddie Mac").[1] I submit this declaration in support of the Debtors' *Motion for Order Under Bankruptcy Code Sections 105(a) and 107(b) and Bankruptcy Rule 9018 (I) Authorizing the Debtors to File Under Seal Confidential Exhibit to the Governmental Association Servicing Motion and (II) Limiting Notice Thereof* [Dkt. No. 58] (the "Motion").

### QUALIFICATIONS OF DECLARANT

2. I have held the position of Vice President, Servicer Relationship and Performance Management, Single Family Servicing and REO at Freddie Mac for approximately eighteen months. Prior to this position, I was a Director of Single Family Loss Mitigation, Single Family Operations at Freddie Mac. I have been employed by Freddie Mac for approximately six years. Before joining Freddie Mac, I worked for approximately sixteen years in default

---

[1] On September 6, 2008, the Director of the Federal Housing Finance Agency ("FHFA" or "Conservator") placed Freddie Mac into conservatorship pursuant to express authority granted to him in the Housing and Economic Recovery Act of 2008 to preserve and conserve Freddie Mac's assets and property.

1

servicing positions at various institutions including IndyMac Bank, Washington Mutual Bank, Aames Financial and Glendale Federal Bank.

3. In my position as Vice President, Servicer Relationship and Performance Management, one of my responsibilities is to manage and oversee Freddie Mac's relationships with servicers of loans owned by Freddie Mac and to participate in the negotiation of terms of business with those servicers. My knowledge of Freddie Mac's operations, policies and strategic goals with respect to loan servicing qualifies me to provide the testimony referred to herein.

## THE METRICS EXHIBIT

4. It is my understanding that the Debtors are seeking to sell their loan servicing operations during the course of these bankruptcy proceedings. In addition, I understand that the Debtors have sought authority to continue servicing loans owned by Freddie Mac (the "Freddie Mac Loans") as required by the Freddie Mac Single-Family Seller-Servicer Guide (the "Freddie Mac Guide") and the Purchase Documents (as defined in the Freddie Mac Guide) pending the closing of the proposed sale.

5. Before May 14, 2012 (the "Petition Date"), Freddie Mac and the Debtors negotiated contract terms that would require GMAC Mortgage LLC ("GMAC") to transfer to other servicers the servicing of the Freddie Mac Loans, if GMAC failed to meet certain servicing standards or benchmarks.

6. Subject to final court approval of the Governmental Association Servicing Motion,[2] GMAC and Freddie Mac have agreed that, after the Petition Date, GMAC will

---

[2] See Debtors' Motion for Interim and Final Orders Under Sections 105(a), 361, 362, 363, 1107(a), and 1108 of the Bankruptcy Code (I) Authorizing the Debtors to Continue in the Ordinary Course of Business (A) Servicing Governmental Association Loans and (B) Foreclosure Activities Related to Certain Real Estate Owned by Fannie Mae, Freddie Mac, and Ginnie Mae; (II) Authorizing the Debtors to Pay Certain Prepetition Amounts Due to

2

McKool 447839v1

transfer servicing rights to one or more third-party servicers designated and/or agreed to by Freddie Mac with respect to Freddie Mac Loans designated by Freddie Mac should GMAC fail to satisfy one or more performance metrics (the "Metrics") set forth in Exhibit D to the Governmental Association Servicing Motion (the "Metrics Exhibit").

7. The Metrics Exhibit contains confidential information, including highly-sensitive and proprietary terms and other information governing GMAC's relationship with Freddie Mac, as well as Freddie Mac's business operations, which would be damaging to Freddie Mac if disclosed to competitors or otherwise made publicly available.

8. The Metrics establish benchmarks by which GMAC's servicing performance will be measured during the course of the bankruptcy proceedings. Such information, including permitted delinquencies, represents sensitive commercial information. Freddie Mac negotiates terms of business, generally on an annual basis, with all of the parties that service loans for Freddie Mac. The terms of business provided to a particular servicer are not publicly known and typically differ from the terms of business offered to other servicers. Accordingly, public disclosure of the Metrics would place Freddie Mac at a significant competitive disadvantage in its contractual negotiations with other servicers.

---

Critical Servicing Vendors and Foreclosure Professionals; (III) Granting Limited Stay Relief to Enable Borrowers to Assert Related Counter-Claims in Foreclosure and Eviction Proceedings; (IV) Authorizing the Debtors to Use Cash Collateral Under the Fannie Mae EAF Facility; and (V) Granting Related Relief (the "Governmental Association Servicing Motion") [Dkt. No. 57].

3

McKool 447839v1

9. I declare, under penalty of perjury, that the forgoing is true and correct, to the best of my knowledge.

Executed this 07 day of June 2012

_____
Yvette W. Gilmore