MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:   (212) 468-8000
Facsimile:   (212) 468-7900
Larren M. Nashelsky
Gary S. Lee
Lorenzo Marinuzzi

*Proposed Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------------- )
In re:                                                                                                      )    Case No. 12-12020 (MG)
                                                                                                                 )
RESIDENTIAL CAPITAL, LLC, et al.,                                            )    Chapter 11
                                                                                                                 )
                                                                   Debtors.         )    Jointly Administered
                                                                                                                 )
---------------------------------------------------------------------------- )

**PROPOSED AGENDA FOR MATTERS SCHEDULED
TO BE HEARD ON JUNE 12, 2012 AT 10:00 A.M. (EST)**

Location of Hearing:  United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton U.S. Custom House, Courtroom 501, One Bowling Green, New York, NY 10004-1408

### I.    **CONTESTED MATTERS**

**1.**    Debtors' Motion For Interim and Final Orders Under Bankruptcy Code Sections 105(a), 363(b), 507(a), 1107 And 1108 And Bankruptcy Rule 6003 (I) Authorizing But Not Directing Debtors To (A) Pay And Honor Prepetition Wages, Compensation, Employee Expense And Employee Benefit Obligations; And (B) Maintain and Continue Employee Compensation And Benefit Programs; And (II) Directing Banks To Honor Prepetition Checks And Transfer Requests For Payment Of Prepetition Employee Obligations [Docket No. 43]

ny-1044439

**Related Documents**:

a.     Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings [Docket No. 6]

b.     Interim Order Under Bankruptcy Code Sections 105(a), 363(b), 507(a), 1107 and 1108 and Bankruptcy Rule 6003 (I) Authorizing But Not Directing Debtors to (A) Pay and Honor Prepetition Wages, Compensation, Employee Expense and Employee Benefit Obligations; and (B) Maintain and Continue Employee Compensation and Benefit Programs; and (II) Directing Banks to Honor Prepetition Checks and Transfer Requests for Payment of Prepetition Employee Obligations [Docket No. 93]

c.     Declaration of George Crowley, Sr. Human Resources Director in Further Support of Debtors' Motion for Final Order Under Bankruptcy Code Sections 105(a), 363(b), 507(a), 1107 and 1108 and Bankruptcy Rule 6003 (I) Authorizing But Not Directing Debtors to (A) Pay and Honor Prepetition Wages, Compensation, Employee Expense and Employee Benefit Obligations; and (B) Maintain and Continue Employee Compensation and Benefit Programs; and (II) Directing Banks to Honor Prepetition Checks and Transfer Requests for Payment of Prepetition Employee Obligations [Docket 258]

**Responses Received**:

a.     Omnibus Response and Reservation of Rights of The Official Committee of Unsecured Creditors to Certain of the Debtors' First Day Motions [Docket No. 240]

**Status**:     The hearing on this matter will be going forward.

2.     Debtors' Motion For Interim And Final Orders Under Bankruptcy Code Sections 105(a) And 363(b) Authorizing Residential Capital, LLC To Enter Into A Shared Services Agreement With Ally Financial Inc. *Nunc Pro Tunc* To The Petition Date For The Continued Receipt And Provision Of Shared Services Necessary For The Operation Of The Debtors' Businesses [Docket No. 41]

**Related Documents**:

a.     Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings [Docket No. 6]

b.     Interim Order Under Bankruptcy Code Sections 105(a) and 363(b) Authorizing Residential Capital, LLC to Enter Into a Shared Services Agreement with Ally Financial Inc. Nunc Pro Tunc to the Petition Date for

ny-1044439     2

        the Continued Receipt and Provision of Shared Services Necessary for the Operation of the Debtors' Businesses [Docket No. 92]

**c.**    Declaration of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Further Support of Entry of Final Orders for Specific "First Day" Motions [Docket 257]

**Responses Received**:

**a.**    Second Amended Omnibus Objection [of Wendy Alison Nora] to Interim Orders of the Honorable James M. Peck as Being in Excess of the Court's Jurisdiction as Entered Without Notice to Interested Parties or Time to Respond in Violation of the Fifth and Fourteenth Amendments to the Constitution of the United States and Having the Effect of Depriving the Claimant of her Procedural and Substantive Due Process of Law to the Constitution of the United States and Further Being in Excess of Any Reasonable Exercise of the Court's Equitable Powers Under 11 U.S.C. § 105 [Docket No. 227][1]

**b.**    Omnibus Response and Reservation of Rights of The Official Committee of Unsecured Creditors to Certain of the Debtors' First Day Motions [Docket No. 240]

**Filed Replies:**

**a.**    Debtors' Omnibus Reply to Objections to Entry of Final Orders for Specific "First Day" Motions and Related Relief [Docket No. 254]

**Status**:    The hearing on this matter will be going forward.

---

[1] Docket No. 227 amended the previously filed (i) Omnibus Objection [of Wendy Alison Nora] to Interim Orders of the Honorable James M. Peck as Being in Excess of the Court's Jurisdiction as Entered Without Notice to Interested Parties or Time to Respond in Violation of the Fifth and Fourteenth Amendments to the Constitution of the United States and Having the Effect of Depriving the Claimant of her Procedural and Substantive Due Process of Law to the Constitution of the United States and Further Being in Excess of Any Reasonable Exercise of the Court's Equitable Powers Under 11 U.S.C. § 105 [Docket No. 118] and (ii) First Amended Omnibus Objection [of Wendy Alison Nora] to Interim Orders of the Honorable James M. Peck as Being in Excess of the Court's Jurisdiction as Entered Without Notice to Interested Parties or Time to Respond in Violation of the Fifth and Fourteenth Amendments to the Constitution of the United States and Having the Effect of Depriving the Claimant of her Procedural and Substantive Due Process of Law to the Constitution of the United States and Further Being in Excess of Any Reasonable Exercise of the Court's Equitable Powers Under 11 U.S.C. § 105 [Docket No. 121].

**3.**  Debtors' Motion For Interim And Final Orders Under Bankruptcy Code Sections 105(a), 363, 506(a), 507(a)(8), 541 And 1129 And Bankruptcy Rule 6003 Authorizing Payment Of Taxes And Regulatory Fees [Docket No. 37]

**Related Documents**:

**a.**  Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings [Docket No. 6]

**b.**  Interim Order Under Bankruptcy Code Sections 105(a), 363, 506(a), 507(a)(8), 541 and 1129 and Bankruptcy Rule 6003 Authorizing Payment of Taxes and Regulatory Fees [Docket No. 108]

**Responses Received**:

**a.**  Omnibus Response and Reservation of Rights of The Official Committee of Unsecured Creditors to Certain of the Debtors' First Day Motions [Docket No. 240]

**Status**:  The hearing on this matter will be going forward.

**4.**  Debtors' Motion For Order Under Bankruptcy Code Sections 105(a), 345, 363, 364, And 503(b)(1) And Bankruptcy Rules 6003 And 6004 Authorizing (I) Continued Use Of Existing Cash Management Services And Practices, (II) Continued Use Of Existing Bank Accounts, Checks, And Business Forms, (III) Implementation Of Modified Cash Management Procedures, (IV) Interim Waiver Of The Investment And Deposit Requirements Of Bankruptcy Code Section 345, (V) Debtors To Honor Specified Outstanding Prepetition Payment Obligations, (VI) Continuation Of Intercompany Transactions, Including Intercompany Transactions With Future Debtors, And Granting Administrative Expense Status To Intercompany Claims, And (VII) Scheduling A Final Hearing On The Relief Requested [Docket No. 16]

**Related Documents**:

**a.**  Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings [Docket No. 6]

**b.**  Amended Interim Order Under Bankruptcy Code Sections 105(a), 345, 363, 364, and 503(b)(1) and Bankruptcy Rules 6003 and 6004 Authorizing (I) Continued Use of Existing Cash Management Services and Practices, (II) Continued Use of Existing Bank Accounts, Checks, and Business Forms, (IV) Interim Waiver of the Investment and Deposit Requirements of Bankruptcy Code Section 345, (V) Debtors to Honor Specified Outstanding Prepetition Payment Obligations, (VI) Continuation of Intercompany Transactions, Including Intercompany Transactions with Future Debtors, Granting Administrative Expense Status To Intercompany

          Claims, and Scheduling a Final Hearing on the Relief Requested [Docket No. 82]

   **c.**    Declaration of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Further Support of Entry of Final Orders for Specific "First Day" Motions [Docket 257]

**Responses Received**:

   **a.**    Second Amended Omnibus Objection [of Wendy Alison Nora] to Interim Orders of the Honorable James M. Peck as Being in Excess of the Court's Jurisdiction as Entered Without Notice to Interested Parties or Time to Respond in Violation of the Fifth and Fourteenth Amendments to the Constitution of the United States and Having the Effect of Depriving the Claimant of her Procedural and Substantive Due Process of Law to the Constitution of the United States and Further Being in Excess of Any Reasonable Exercise of the Court's Equitable Powers Under 11 U.S.C. § 105 [Docket No. 227]

   **b.**    Objection of United States Trustee to Debtors' Motion for Order Under Bankruptcy Code Sections 105(a), 345, 363, 364, And 503(b)(1) And Bankruptcy Rules 6003 And 6004 Authorizing (I) Continued Use Of Existing Cash Management Services And Practices, (II) Continued Use Of Existing Bank Accounts, Checks, And Business Forms, (III) Implementation Of Modified Cash Management Procedures, (IV) Interim Waiver Of The Investment And Deposit Requirements Of Bankruptcy Code Section 345, (V) Debtors To Honor Specified Outstanding Prepetition Payment Obligations, (VI) Continuation Of Intercompany Transactions, Including Intercompany Transactions With Future Debtors, And Granting Administrative Expense Status To Intercompany Claims, And (VII) Scheduling A Final Hearing On The Relief Requested [Docket No. 239]

   **c.**    Omnibus Response and Reservation of Rights of The Official Committee of Unsecured Creditors to Certain of the Debtors' First Day Motions [Docket No. 240]

**Filed Replies:**

   **a.**    Debtors' Omnibus Reply to Objections to Entry of Final Orders for Specific "First Day" Motions and Related Relief [Docket No. 254]

   **b**.    Statement of Bank of America, N.A. (1) in Support of Debtors' Motion for Order Under Bankruptcy Code Sections 105(a), 345, 363, 364, And 503(b)(1) And Bankruptcy Rules 6003 And 6004 Authorizing (I) Continued Use Of Existing Cash Management Services And Practices, (II) Continued Use Of Existing Bank Accounts, Checks, And Business Forms, (III) Implementation Of Modified Cash Management Procedures, (IV)

        Interim Waiver Of The Investment And Deposit Requirements Of Bankruptcy Code Section 345, (V) Debtors To Honor Specified Outstanding Prepetition Payment Obligations, (VI) Continuation Of Intercompany Transactions, Including Intercompany Transactions With Future Debtors, And Granting Administrative Expense Status To Intercompany Claims, And (VII) Scheduling A Final Hearing On The Relief Requested; and (2) in Response to Objection of the United States Trustee [Docket No. 255]

    **Status**:    The hearing on this matter will be going forward.

**5.**    Debtors' Motion For Order Under Bankruptcy Code Sections 105(a) And 107(b) And Bankruptcy Rule 9018 (I) Authorizing The Debtors To File Under Seal Confidential Exhibit To The Governmental Association Servicing Motion And (II) Limiting Notice Thereof [Docket No. 58]

    **Related Documents**:

    **a.**    Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings [Docket No. 6]

    **b.**    Interim Order Under Bankruptcy Code Sections 105(a) and 107(b) and Bankruptcy Rule 9018 (I) Authorizing the Debtors to File Under Seal Confidential Exhibit to the Governmental Association Servicing Motion and (II) Limiting Notice Thereof [Docket No. 94]

    **Responses Received**:

    **a**.    Second Amended Omnibus Objection [of Wendy Alison Nora] to Interim Orders of the Honorable James M. Peck as Being in Excess of the Court's Jurisdiction as Entered Without Notice to Interested Parties or Time to Respond in Violation of the Fifth and Fourteenth Amendments to the Constitution of the United States and Having the Effect of Depriving the Claimant of her Procedural and Substantive Due Process of Law to the Constitution of the United States and Further Being in Excess of Any Reasonable Exercise of the Court's Equitable Powers Under 11 U.S.C. § 105 [Docket No. 227]

    **Filed Replies:**

    **a.**    Debtors' Omnibus Reply to Objections to Entry of Final Orders for Specific "First Day" Motions and Related Relief [Docket No. 254]

    **b**.    Declaration of Yvette W. Gilmore in Support of the Debtors' Motion to File Under Seal Confidential Exhibit to the Governmental Association Servicing Motion [Docket No. 260]

      **Status**:    The hearing on this matter will be going forward.

**6.**    Debtors' Motion For Interim And Final Orders Under Sections 105(a), 362, 363, 1107(a) And 1108 Of The Bankruptcy Code (I) Authorizing The Debtors To Continue In The Ordinary Course Of Business (A) Servicing Non-Governmental Association Loans, And (B) Sale Activities Related To Certain Loans In Foreclosure And Real Estate Owned Property, And (II) Granting Limited Stay Relief To Enable Borrowers To Assert Related Counter-Claims In Foreclosure and Eviction Proceedings [Docket No. 46]

**Related Documents**:

    **a.**    Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings [Docket No. 6]

    **b.**    Interim Order Under Sections 105(a), 362, 363, 1107(a) and 1108 of the Bankruptcy Code (I) Authorizing the Debtors to Continue in the Ordinary Course of Business (A) Servicing Non-Governmental Association Loans, and (B) Sale Activities Related to Certain Loans in Foreclosure and Real Estate Owned Property, and (II) Granting Limited Stay Relief to Enable Borrowers to Assert Related Counter-Claims in Foreclosure and Eviction Proceedings [Docket No. 91]

    **c.**    Declaration of Joseph A. Pensabene in Support of Debtors' GA Servicing Motion, Non-GA Servicing Motion and Supplemental Servicing Motion [Docket 256]

    **d.**    Declaration of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Further Support of Entry of Final Orders for Specific "First Day" Motions [Docket 257]

**Responses Received**:

    **a.**    Second Amended Omnibus Objection [of Wendy Alison Nora] to Interim Orders of the Honorable James M. Peck as Being in Excess of the Court's Jurisdiction as Entered Without Notice to Interested Parties or Time to Respond in Violation of the Fifth and Fourteenth Amendments to the Constitution of the United States and Having the Effect of Depriving the Claimant of her Procedural and Substantive Due Process of Law to the Constitution of the United States and Further Being in Excess of Any Reasonable Exercise of the Court's Equitable Powers Under 11 U.S.C. § 105 [Docket No. 227]

    **b.**    Limited Omnibus Objection [of NACBA, Edward Boltz, William Johnson and Crystal Johnson] to the Servicing Orders and Debtors' May 31, 2012 Motion for a Supplemental Order [Docket No. 221]

    **c.**    Limited Omnibus Objection [of Maine Action Plaintiffs] to the Servicing Orders and Debtors' May 3, 2012 Motion for a Supplemental Order [Docket No. 223]

    **d.**    Omnibus Response and Reservation of Rights of The Official Committee of Unsecured Creditors to Certain of the Debtors' First Day Motions [Docket No. 240]

**Filed Replies:**

    **a.**    Debtors' Omnibus Reply to Objections to Entry of Final Orders for Specific "First Day" Motions and Related Relief [Docket No. 254]

    **Status**:    The hearing on this matter will be going forward. Counsel for the Maine Action Plaintiffs has advised that Docket No. 223 will not be going forward.

**7.**    Debtors' Motion For Interim And Final Orders Under Sections 105(a), 361, 362, 363, 1107(a), And 1108 Of The Bankruptcy Code (I) Authorizing The Debtors To Continue In The Ordinary Course Of Business (A) Servicing Governmental Association Loans And (B) Foreclosure Activities Related To Certain Real Estate Owned By Fannie Mae, Freddie Mac, And Ginnie Mae; (II) Authorizing The Debtors To Pay Certain Prepetition Amounts Due To Critical Servicing Vendors And Foreclosure Professionals; (III) Granting Limited Stay Relief To Enable Borrowers To Assert Related Counter-Claims In Foreclosure And Eviction Proceedings; (IV) Authorizing The Debtors To Use Cash Collateral Under The Fannie Mae EAF Facility; And (V) Granting Related Relief [Docket No. 57]

**Related Documents**:

    **a.**    Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings [Docket No. 6]

    **b.**    Interim Order Under Sections 105(a), 361, 362, 363, 1107(a) and 1108 of the Bankruptcy Code (I) Authorizing the Debtors to Continue in the Ordinary Course of Business (A) Servicing Governmental Association Loans and (B) Foreclosure Activities Related to Certain Real Estate Owned by Fannie Mae, Freddie Mac and Ginnie Mae; (II) Authorizing the Debtors to Pay Certain Prepetition Amounts Due to Critical Servicing Vendors and Foreclosure Professionals; (III) Granting Limited Stay Relief to Enable Borrowers to Assert Related Counter-Claims in Foreclosure and Eviction Proceedings; (IV) Authorizing the Debtors to Use Cash Collateral Under the Fannie Mae EAF Facility; and (V) Granting Related Relief [Docket No. 87]

    **c.**    Declaration of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Further Support of Entry of Final Orders for Specific "First Day" Motions [Docket 257]

    **d.**    Declaration of Joseph A. Pensabene in Support of Debtors' GA Servicing Motion, Non-GA Servicing Motion and Supplemental Servicing Motion [Docket 256]

**Responses Received**:

    **a.**    Second Amended Omnibus Objection [of Wendy Alison Nora] to Interim Orders of the Honorable James M. Peck as Being in Excess of the Court's Jurisdiction as Entered Without Notice to Interested Parties or Time to Respond in Violation of the Fifth and Fourteenth Amendments to the Constitution of the United States and Having the Effect of Depriving the Claimant of her Procedural and Substantive Due Process of Law to the Constitution of the United States and Further Being in Excess of Any Reasonable Exercise of the Court's Equitable Powers Under 11 U.S.C. § 105 [Docket No. 227]

    **b.**    Reservation of Rights of Federal National Mortgage Association to Debtors' Motions for Continued Servicing and Origination [Docket No. 218]

    **c.**    Limited Omnibus Objection [of NACBA, Edward Boltz, William Johnson and Crystal Johnson] to the Servicing Orders and Debtors' May 31, 2012 Motion for a Supplemental Order [Docket No. 221]

    **d.**    Limited Omnibus Objection [of Maine Action Plaintiffs] to the Servicing Orders and Debtors' May 3, 2012 Motion for a Supplemental Order [Docket No. 223]

    **e.**    Statement of the United States of America on Behalf of the Governmental National Mortgage Association Concerning Debtors' Motions to Authorize Continued Origination and Servicing Activities (Docket Nos. 44 and 57) [Docket No. 225]

    **f.**    Omnibus Response and Reservation of Rights of The Official Committee of Unsecured Creditors to Certain of the Debtors' First Day Motions [Docket No. 240]

**Filed Replies:**

    **a.**    Debtors' Omnibus Reply to Objections to Entry of Final Orders for Specific "First Day" Motions and Related Relief [Docket No. 254]

ny-1044439    9

      **Status**:   The hearing on this matter will be going forward.  Counsel for the Maine Action Plaintiffs has advised that Docket No. 223 will not be going forward.

**8.**    Debtors' Motion for Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a) and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses [Docket No. 181]

    **Related Documents:**

      **a.**    Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings [Docket No. 6]

      **b.**    Motion Pursuant to Fed. R. Bankr. P. 9006 and Local Bankruptcy Rules 9006-1 and 9077 for Entry of an Order Shortening the Time for Notice of and Scheduling a Hearing to Consider the Debtors' Motion for Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a) and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses [Docket No. 180]

      **c.**    Order Pursuant to Fed. R. Bankr. P. 9006 and Local Bankruptcy Rules 9006-1 and 9077 Shortening the Time for Notice of and Scheduling a Hearing to Consider the Debtors' Motion for Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a) and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses [Docket No. 183]

      **d.**    Declaration of Joseph A. Pensabene in Support of Debtors' GA Servicing Motion, Non-GA Servicing Motion and Supplemental Servicing Motion [Docket 256]

  **e.**  Declaration of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Further Support of Entry of Final Orders for Specific "First Day" Motions [Docket 257]

**Responses Received:**

  **a.**  Limited Omnibus Objection [of NACBA, Edward Boltz, William Johnson and Crystal Johnson] to the Servicing Orders and Debtors' May 31, 2012 Motion for a Supplemental Order [Docket No. 221]

  **b.**  Limited Omnibus Objection [of Maine Action Plaintiffs] to the Servicing Orders and Debtors' May 3, 2012 Motion for a Supplemental Order [Docket No. 223]

  **c.**  Omnibus Response and Reservation of Rights of The Official Committee of Unsecured Creditors to Certain of the Debtors' First Day Motions [Docket No. 240]

**Filed Replies:**

  **a.**  Debtors' Omnibus Reply to Objections to Entry of Final Orders for Specific "First Day" Motions and Related Relief [Docket No. 254]

**Status:**  The hearing on this matter will be going forward. Counsel for the Maine Action Plaintiffs has advised that Docket No. 223 will not be going forward.

Dated: June 8, 2012
   New York, New York

                /s/ Larren M. Nashelsky
                Larren M. Nashelsky
                Gary S. Lee
                Lorenzo Marinuzzi
                MORRISON & FOERSTER LLP
                1290 Avenue of the Americas
                New York, New York 10104
                Telephone:(212) 468-8000
                Facsimile: (212) 468-7900

                *Proposed Counsel for the Debtors and Debtors in Possession*