# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF NEW YORK

**CORLA JACKSON**
**Plaintiff,**

**V.**                                        **NO. 12-111**

**GMAC MORTGAGE**
**CORPORATION, ET AL**
**Defendants.**                   CASES: 12-12032 AND 12-12020

## MOTION FOR RELIEF OF STAY

**DEFENDANTS ILLEGALLY FORCLOSED ON JACKSON HOME AGAINST THE LAW IN ALABAMA VIOLATING COURT ORDERS ON CLAIMS DISALLOWED FROM A DISCHARGE DATED JANUARY 20, 2010 BY GMAC MORTGAGE CORPORATION** AND NOT GMAC MORTGAGE CORPORATION LLC, WHO DID NOT HAVE LACK OF STANDING AT ALL.

THE BANKRUPCY WAS BETWEEN GMAC MORTGAGE CORPORATION WHO DID NOT OWN JACKSON NOTE AND DISCHARGED HER WHICH IS RECORDED ON BANKRUPTCY FILES TO DATE. SO HOW DID A JUDGE ALLOW THIS TO HAPPEN WHEN THE GOVERNMENT OWNS GMAC MORTGAGE CORPORATION AND ALLY BANK, THE FAKE CLAIM WAS BY GMAC LLC, WHO DID NOT HAVE LACK OF STANDING IN A BANKRUPTCY DATED FROM 2005-2010.

THE DEFENDANTS AND THEIR ATTORNEY HAS COMMITED FRAUD OF THE COURT FOR ALLOWING THIS TO HAPPEN. AS WELL AS ERROW OF THE COURTS FOR NOT READING THE RECORDED DOCUMENTS AND SPEAKING WITH JACKSON BANKRUPCY JUDGE BARRY FREEDMAN VERSUS SUGGESTIONS FOF GMAC MORTGAGE LLC, WHOM DID NOT HAVE LACK OF STANDING AT ALL UNDER AN OLD GAMC MORTGAGE CORPORATION DISCHARGE DATE JANUARY 2010 BY JUDGE MAHONY.

## MOTION FOR OBJECTION TO NOTICE OF BANKRUPTCY AND EFFECT OF AUTOMATIC STAY

## MOTION FOR RELIEF OF AUTOMATIC STAY

## MOTION FOR INJUCTION

GMAC MORTGAGE LLC, FILED A BANKRUPTCY TO KEEP ANYONE FROM TAKING FUNDS FROM THEM NOT TAKE HOMES THAT DID NOT BELONG TO THEM AND THEIR RECORDED ASSIGNMENT WAS FAKE AND THEY WERE NOT GMAC MORTGAGE CORPORATION BACK THEN WHEN THEIR FAKE ARREAGES WAS DISALLOWED AND JACKSON WAS DISCHARGED. WHAT TYPE OF JUDGE WILL ALLOW THIS TO HAPPEN THE PLAINTIFF BANKRUPTCY WAS WITH GMAC MORTGAGE CORPORATION AND IT WAS DISCHARGED RECORDED ON FEDERAL FILES, AND THE PLAINTIFF MORTGAGE WAS WITH OPTION ONE MORTGAGE AND NOT GMAC MORTGAGE CORPORATION AND THEY DISCHARGED HER AND THEIR FAKE ARREARAGES AND CLAIM WAS DISALLOWED. ALL OF THIS WAS RECORDED ON FEDEREAL FILES THROUGH BANKRUPCY COURTS AND TAKING SUGGESTIONS FROM THE CROOK THAT ROBBED THE

1

VICTIM SHOULD HAVE NEVER HAPPEN BECAUSE THEY DID NOT HAVE LACK OF STANDING PRIOR TO 2008 OR JANUARY 2010, AS GMAC MORTGAGE CORPORATION WHEN PLAINTIFF JACKSON WAS DISCHARGED LEGALLY BY LAW.

THE DEFENDANTS HAS DEFRAUDED THE COURTS AGAIN...THIS TIME BIG TIME, THEY DID NOT HAVE LACK OF STANDING AND JACKSON THE PLAINTIFF WAS DISCHARGED AND THEY GOT THE HOME OUTSIDE BANKRUPCTY IN 2012, JACKSON PLAN WAS APPROVED AFTER THAT, WITH THEM COMMITTING FRAUD OF THE COURT UNDER JUDGE SCHULMAN IN 2012, KNOWING THEY DID NOT HAVE LACK OF STANDING PERIOD. JACKSON HAS A LAWSUIT AGAINST GMAC MORTGAGE CORPORATION AND GMAC MORTGAGE LLC, AND OTHER AFFILIATES AS YOU CAN NOW SEE. ...GMAC MORTGAGE DID NOT OWN AN ASSIGNMENT PRIOR TO 2008, OR AFTER 2010, AND JACKSON WAS DISCHARGED. GMAC MORTGAGE LLC, DID NOT HAVE LACK OF STANDING HER BANKRUPTCY WAS WITH GMAC MORTGAGE CORPORATION WHO IS NOT IN BANKRUPCY. THEY NEED TO ANSWER TO ALL THE DAMAGES THEY CAUSED JACKSON PRIOR TO AN FAKE ASSIGNMENT BY GMAC MORTGAGE LLC, WHO DID NOT HAVE LACK OF STANDING AT ALL AND CAN BE RESPONSIBLE FORM MAJOR DAMAGES. THEY FILED BANKRUPTCY SO THEY COULD NOT BE SUED AND THEN TAKE PROPETY THEY WERE SUED ABOUT THAT THEY DID NOT HAVE LACK OF STANDING ON THAT IS FRAUD AND FIRST DEGREE ROBBERY.

**Sturdivant v. BAC** (12/11) **A judgment entered in an action commenced by a party lacking standing is a nullity.** Vance v. Cook, 989 So. 2d 556, 559 (Ala. Civ. App. 2008); see also Blevins v. Hillwood Office Ctr. Owners' Ass'n, 51 So. 3d 317, 321 (Ala. 2010) (same). Because BAC lacked standing to bring the ejectment action, the trial court never acquired subject-matter jurisdiction over this dispute. Accordingly, the **summary judgment is void and is hereby vacated.** Blevins, 51 So. 3d at 321; and Cadle Co., 950 So. 2d at 280. Additionally, **because a void judgment will not support an appeal,** Gallagher Bassett Servs., Inc. v. Phillips, 991 So. 2d 697, 701 (Ala. 2008), **this appeal must be dismissed for lack of subject-matter jurisdiction.** Blevins, 51 So. 3d at 323.

GMAC MORTGAGE CORPORATION DID NOT FILE BANKRUPTCY, GMAC MORTGAGE LLC, DID TO KEEP FROM BEING SUED BUT IS TAKING HOMES THAT THEY ARE BEING SUED FOR ILLEGALLY AGAINST THE LAW USING DECEPTIVE PRACTICES TO ROB VICTIMS OF THEIR HOMES AND ASSETS UNDER FALSE PRETENSE NOW...

**IT THE DEFENDANTS GAMC MORTGAGE LLC, DID NOT HAVE JURISDICTION TO BE SUED IN JURISDICTION THEY COULD NOT TAKE OUT OF JURISDICTION HOMES ON FAKE NOTES AND ASSIGNEMNTS AND DISALLOWED CLAIMS** UNDER ANOTHER NAME AND NOT GMAC MORTGAGE LLC, IN WHICH THEY MADE UP TO ROB VICTIMS OF...NOW THAT IS THE FEDERAL LAW. THEY CANNOT FILE BANKRUPTCY TO KEEP FROM BEING SUED AND THEN TURN AROUND AND ROB VICTIMS OUT OF JURISDICTION ON NOTES AND ASSIGNMENTS THAT WAS DISALLOWED AND DISCHARGED BY GMAC MORTGAGE CORPORATION AND NOT GMAC MORTGAGE LLC, NOT TO MENTION THE GOVERNMENT OWNS GMAC MORTGAGE AND THEY COULD NOT DO THIS! NOT TO MENTION JACKSON WAS SECURED BY POLICY'S BOTH TITLE AND HAZARD FOR WHAT THEY DID TO HER PLUS THEY OWE HER MAJOR DAMGES NOW FOR NOT HAVING LEGAL LACK OF STANDING AT ALL TO DO THIS TO HER REGARDLESS OF COLOR OR RACE.



June 5, 2012

**VIA CERTIFIED MAIL 7011 2000 0002 6211 8313 RETURN RECEIPT REQUESTED; AND FIRST CLASS U.S. MAIL**

Corla Jackson
13230 Tom Gaston Road
Mobile, Alabama 36695

<u>DEMAND FOR POSSESSION</u>

YOU ARE HEREBY NOTIFIED that, on June 1, 2012, the mortgage loan, secured by real estate located at **13230 Tom Gaston Road, Mobile, Alabama 36695**, was duly foreclosed. GMAC Mortgage, LLC is now the owner of the property.  Your attention is respectfully directed to Section 6-5-251, <u>Code of Alabama</u> (1975), which reads as follows:

<u>Delivery of Possession to Purchaser on Demand.</u>

    (a)  The possession of the land must be delivered to the purchaser or purchaser's transferees by the debtor or mortgagor, if in their possession or in the possession of anyone holding under them by privity of title, within ten (10) days after written demand for the possession has been made by, or on behalf of, the purchaser or purchaser's transferees.

    (b)  If the land is in the possession of a tenant, written notice must be given to the debtor or mortgagor, and the debtor or mortgagor must direct the tenant to deliver possession or recognize the purchaser as his or her landlord in the event the lease antedates the mortgage, judgment or levy.  If the debtor or mortgagor cannot be found, notice to the tenant is sufficient and he must deliver possession within ten (10) days.

    (c)  Failure of the debtor or mortgagor or anyone holding possession under him or her to comply with the provisions of this section forfeits the right of redemption of the debtor or one holding possession under the debtor.

In accordance with, and pursuant to, the statute set forth above, written demand is hereby made upon you to deliver possession of the above-described property to GMAC Mortgage, LLC within ten (10) days.  Unless possession is delivered within ten (10) days as set forth herein, the debtor(s)' right of redemption will be forfeited.

*LAW OFFICES AND MEDIATION CENTERS*
2311 HIGHLAND AVENUE SOUTH   BIRMINGHAM, ALABAMA 35205
POST OFFICE BOX 55727   BIRMINGHAM, ALABAMA 35255-5727
URL | *http://www.sirote.com*

B i r m i n g h a m  |  H u n t s v i l l e  |  M o b i l e

 

This communication is from a debt collector.  If you have any questions in regard to this matter, please feel free to contact our office at (205) 930-5200.

DATED THIS 5TH DAY OF JUNE, 2012.

FOR:     GMAC Mortgage, LLC

BY:

Landon Taylor
Foreclosure Specialist

lt/lt

cc:   GMAC Mortgage, LLC/Loan #0835002124
      Barry A Friedman, Esq.

LAW OFFICES AND MEDIATION CENTERS
2311 HIGHLAND AVENUE SOUTH   BIRMINGHAM, ALABAMA 35205
POST OFFICE BOX 55727   BIRMINGHAM, ALABAMA 35255-5727
URL  |  http://www.sirote.com

Birmingham  |  Huntsville  |  Mobile



GMAC Mortgage,
c/o KCC
PO Box 5004
Hawthorne, CA 90250

127588

PRF 49070    382965

CORLA JACKSON
13230 TOM GASTON RD
MOBILE AL 36695-0000

001KCC0001_49070_DOMESTIC_670/127588/255175

| Residential Funding Mortgage Exchange, LLC | 12-12059 (MG) | 41-1674247 |
| Residential Funding Mortgage Securities I, Inc. | 12-12060 (MG) | 75-2006294 |
| Residential Funding Mortgage Securities II, Inc. | 12-12061 (MG) | 41-1808858 |
| Residential Funding Real Estate Holdings, LLC | 12-12062 (MG) | 26-2736505 |
| Residential Mortgage Real Estate Holdings, LLC | 12-12063 (MG) | 26-2737180 |
| RFC-GSAP Servicer Advance, LLC | 12-12065 (MG) | 26-1960289 |
| RFC Asset Holdings II, LLC | 12-12065 (MG) | 41-1984034 |
| RFC Asset Management, LLC | 12-12066 (MG) | 06-1664678 |
| RFC Borrower LLC | 12-12068 (MG) | 45-5065558 |
| RFC Construction Funding, LLC | 12-12069 (MG) | 41-1925730 |
| RFC REO LLC | 12-12070 (MG) | 45-5222407 |
| RFC SFJV-2002, LLC | 12-12071 (MG) | 06-1664670 |

| **Proposed Attorneys for Debtors** | **DATE, TIME, AND LOCATION OF MEETING OF** |
| Larren M. Nashelsky | **CREDITORS PURSUANT TO BANKRUPTCY** |
| Gary S. Lee | **CODE SECTION 341(a)** |
| Lorenzo Marinuzzi | June 25, 2012 at 1:00 p.m. (ET) |
| MORRISON & FOERSTER LLP | 80 Broad Street, Fourth Floor |
| 1290 Avenue of the Americas | New York, New York 10004 |
| New York, New York 10104 | |
| Telephone: (212) 468-8000 | |
| Facsimile: (212) 468-7900 | |

**DEADLINE TO FILE A PROOF OF CLAIM** None at this time.  When the Bankruptcy Court sets a claims deadline, you will be notified and provided a proof of claim form by mail.

**DEADLINE TO FILE A COMPLAINT TO DETERMINE DISCHARGEABILITY OF CERTAIN DEBTS**
None at this time.

**CREDITORS MAY NOT TAKE CERTAIN ACTIONS AGAINST THE DEBTORS IN MOST INSTANCES, BECAUSE THE FILING OF THE BANKRUPTCY CASE AUTOMATICALLY STAYS CERTAIN COLLECTION AND OTHER ACTIONS AGAINST THE DEBTORS AND THE DEBTORS' PROPERTY.  UNDER CERTAIN CIRCUMSTANCES, THE STAY MAY BE LIMITED TO 30 DAYS OR NOT EXIST AT ALL, ALTHOUGH THE DEBTORS CAN REQUEST THE BANKRUPTCY COURT TO EXTEND OR IMPOSE A STAY.  IF YOU ATTEMPT TO COLLECT A DEBT OR TAKE OTHER ACTION IN VIOLATION OF THE BANKRUPTCY CODE, YOU MAY BE PENALIZED.  COMMON EXAMPLES OF PROHIBITED ACTIONS BY CREDITORS ARE CONTACTING THE DEBTORS TO DEMAND REPAYMENT, TAKING ACTION AGAINST THE DEBTORS TO COLLECT MONEY OWED TO CREDITORS OR TO TAKE PROPERTY OF THE DEBTORS, AND STARTING OR CONTINUING COLLECTION ACTIONS, FORECLOSURE ACTIONS, OR REPOSSESSIONS.  CONSULT A LAWYER TO DETERMINE YOUR RIGHTS IN THIS CASE.**

| Address of the Clerk of the Bankruptcy Court | For the Bankruptcy Court: Vito Genna Clerk of the |
| Clerk of the United States Bankruptcy Court, One Bowling Green, New York, New York 10004 | Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004. |
| Hours Open: 8:30 a.m. – 5:00 p.m. | Date: May 24, 2012 |
| Filing of Chapter 11 Bankruptcy Case | A bankruptcy case under chapter 11 of the Bankruptcy Code (title 11, United States Code) has been filed in this Bankruptcy Court by each of the Debtors named above, and an order for relief has been entered.  Chapter 11 allows a debtor to reorganize or liquidate pursuant to a plan.  A plan is not effective unless confirmed by the Bankruptcy Court.  You may be sent a copy of the plan and disclosure statement telling you about the plan, and you might have an opportunity to vote on the plan.  You will be sent a notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing.  Unless a trustee is serving, the Debtors will remain in possession of the Debtors' property and may continue to operate their business. |
| Legal Advice | Staff of the office of the Clerk of the Bankruptcy Court cannot give legal advice.  Consult a lawyer to determine your rights in this case. |
| Creditors Generally May Not | Prohibited collection actions are listed in Bankruptcy Code § 362.  Common examples of prohibited actions include contacting the Debtors by telephone, mail, or otherwise to demand |

HOMEOWNER

2

| | |
|---|---|
| Take Certain Actions | repayment; taking actions to collect money or obtain property from the Debtors; repossessing the Debtors' property; and starting or continuing lawsuits or foreclosures. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time, and location listed above. *The Debtors' representative must be present at the meeting to be questioned under oath by the trustee and by creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date without further notice. |
| Notice | You will not receive notice of all documents filed in these chapter 11 cases. On May 23, 2012, the Bankruptcy Court entered its Order Under bankruptcy Code Sections (102)(1), 105(a) and 105(d), Bankruptcy Rules 1015(c), 2002(m) and 9007 and Local Bankruptcy Rule 2002-2 Establishing Certain Notice, Case Management and Administrative Procedures (the "Notice Procedures Order"). The Notice Procedures Order describes the notice procedures that apply in these chapter 11 cases. All parties who desire to participate in these chapter 11 cases must follow the procedures set forth in the Notice Procedures Order. Parties can obtain a copy of the Notice Procedures Order and all other documents filed electronically with the Bankruptcy Court in these cases, including lists of the Debtors' property and debts, by: (i) contacting the office of the Clerk of the Bankruptcy Court at One Bowling Green, New York, New York 10004-1408, (ii) accessing the Bankruptcy Court's website at www.nysb.uscourts.gov. Note that a PACER (http://www.pacer.psc.uscourts.gov) password and login are needed to access documents on the Court's website; (iii) accessing the website maintained by the Debtors' claims and noticing agent at www.kccllc.net/rescap; or (iv) contacting the Debtors' counsel at: Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York 10104 (Attn: Larren M. Nashelsky, Esq., Gary S. Lee, Esq. and Lorenzo Marinuzzi, Esq.). |
| Claims | Schedules of liabilities will be filed pursuant to Bankruptcy Rule 1007. Any creditor holding a scheduled claim which is not identified as disputed, contingent, or unliquidated as to amount may, but is not required to, file a proof of claim in these cases. Creditors whose claims are not scheduled or whose claims are scheduled as disputed, contingent, or unliquidated as to amount and who desire to participate in these cases or share in any distribution must file a proof of claim. A creditor who relies on the schedule of liabilities has the responsibility for determining that the claim is listed accurately. A form of proof of claim and notice of the deadline for filing such proof of claim will be sent to you later. A deadline for the last day for filing proofs of claim has not yet been established. |
| Discharge of Debts | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. *See* Bankruptcy Code § 1141(d). A discharge means that you may never try to collect the debt from the Debtors, except as provided in the plan. If you believe that a debt owed to you is not dischargeable under Bankruptcy Code § 1141(d)(6)(A), you must start a lawsuit by filing a complaint in the office of the Clerk of the Bankruptcy Court by the deadline established by the Bankruptcy Court. |
| Barclays DIP Order | The Bankruptcy Court is considering the entry of several "final orders," including the final order (the "Barclays DIP Order") to grant the Debtors' Motion For Interim And Final Orders Pursuant To 11 U.S.C. §§ 105, 362, 363(b)(1), 363(f), 363(m), 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) And 364(e) And Bankruptcy Rules 4001 And 6004 (I) Authorizing The Debtors To (A) Enter Into And Perform Under Receivables Purchase Agreements And Mortgage Loan Purchase And Contribution Agreements Relating To Initial Receivables And Mortgage Loans And Receivables Pooling Agreements Relating To Additional Receivables, And (B) Obtaining Postpetition Financing On A Secured, Superpriority Basis, (II) Scheduling A Final Hearing Pursuant To Bankruptcy Rules 4001(b) and 4001(c), And (III) Granting Related Relief.

The Debtors are seeking to have the Barclays DIP Order provide, among other things, that the transfers of mortgage loans and servicing advance receivables from Debtors GMAC Mortgage LLC and Residential Funding Company LLC to Debtors GMACM Borrower LLC to RFC Borrower LLC were or are, as applicable, free and clear of all liens, claims and encumbrances pursuant to Section 363(f) of the Bankruptcy Code. |
| Office of the Clerk of the Bankruptcy Court | Any paper that you file in these bankruptcy cases should be filed at the office of the Clerk of the Bankruptcy Court at the address listed in this notice. You may inspect all papers filed, including the list of the Debtors' property and debts and the list of property claimed as exempt, at the office of the Clerk of the Bankruptcy Court. |
| Foreign Creditors | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |

3

HOMEOWNER

| UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF NEW YORK | |
| --- | --- |
| In re Residential Capital, LLC, et al., Debtors. | Chapter 11 Case No: 12-12020 (MG)<br>(Jointly Administered) |

**NOTICE OF CHAPTER 11 BANKRUPTCY CASES, MEETING OF CREDITORS, AND DEADLINES**

Chapter 11 bankruptcy cases concerning the Debtors listed below were filed on May 14, 2012.  You may be a creditor of one of the Debtors.  **This notice lists important deadlines.**  You may want to consult an attorney to protect your rights.  All documents filed with the Bankruptcy Court, including lists of the Debtors' properties and debts, are available for inspection at the office of the Clerk of the Bankruptcy Court and the Bankruptcy Court's website, www.nysb.uscourts.gov or by accessing the website maintained by the Debtors' claims and noticing agent, www.kccllc.net/rescap.  Note that a PACER password is needed to access documents on the Bankruptcy Court's website (a PACER password may be obtained by accessing the PACER website, http://pacer.psc.uscourts.gov).  NOTE: The staff members of the office of the Clerk of the Bankruptcy Court and the Office of the United States Trustee cannot give legal advice.

**If you have any questions regarding this notice, please call the ResCap Homeowner Hotline at (888) 926-3479.  You may also submit an inquiry online at www.kccllc.net/rescap.**

| Name of Debtor | Case Number | Tax Identification Number |
| --- | --- | --- |
| Residential Funding Company, LLC | 12-12019 (MG) | 93-0891336 |
| Residential Capital, LLC | 12-12020 (MG) | 20-1770738 |
| ditech, LLC | 12-12021 (MG) | 23-2887228 |
| DOA Holding Properties, LLC | 12-12022 (MG) | 26-1424257 |
| DOA Properties IX (Lots-Other), LLC | 12-12023 (MG) | 26-2783274 |
| EPRE LLC | 12-12024 (MG) | 26-2747974 |
| Equity Investment I, LLC | 12-12025 (MG) | 02-0632797 |
| ETS of Virginia, Inc. | 12-12026 (MG) | 26-4051445 |
| ETS of Washington, Inc. | 12-12027 (MG) | 45-2910665 |
| Executive Trustee Services, LLC | 12-12028 (MG) | 23-2778943 |
| GMAC-RFC Holding Company, LLC | 12-12029 (MG) | 23-2593763 |
| GMAC Model Home Finance I, LLC | 12-12030 (MG) | 26-2748469 |
| GMAC Mortgage USA Corporation | 12-12031 (MG) | 20-4796930 |
| GMAC Mortgage, LLC | 12-12032 (MG) | 23-1694840 |
| GMAC Residential Holding Company, LLC | 12-12033 (MG) | 91-1902190 |
| GMACRH Settlement Services, LLC | 12-12034 (MG) | 23-3036156 |
| GMACM Borrower LLC | 12-12035 (MG) | 45-5064887 |
| GMACM REO LLC | 12-12036 (MG) | 45-5222043 |
| GMACR Mortgage Products, LLC | 12-12037 (MG) | 03-0536369 |
| HFN REO Sub II, LLC | 12-12038 (MG) | None |
| Home Connects Lending Services, LLC | 12-12039 (MG) | 25-1849412 |
| Homecomings Financial Real Estate Holdings, LLC | 12-12040 (MG) | 26-2736869 |
| Homecomings Financial, LLC | 12-12042 (MG) | 51-0369458 |
| Ladue Associates, Inc. | 12-12043 (MG) | 23-1893048 |
| Passive Asset Transaction, LLC | 12-12044 (MG) | 51-0404130 |
| PATI A, LLC | 12-12045 (MG) | 26-3722729 |
| PATI B, LLC | 12-12046 (MG) | 26-3722937 |
| PATI Real Estate Holdings, LLC | 12-12047 (MG) | 27-0515201 |
| RAHI A, LLC | 12-12048 (MG) | 26-3723321 |
| RAHI B, LLC | 12-12049 (MG) | 26-3723553 |
| RAHI Real Estate Holdings, LLC | 12-12050 (MG) | 27-0515287 |
| RCSFJV2204, LLC | 12-12051 (MG) | 20-3802722 |
| Residential Accredit Loans, Inc. | 12-12052 (MG) | 51-0368240 |
| Residential Asset Mortgage Products, Inc. | 12-12053 (MG) | 41-1955181 |
| Residential Asset Securities Corporation | 12-12054 (MG) | 51-0362653 |
| Residential Consumer Services of Alabama, LLC | 12-12055 (MG) | 63-1105449 |
| Residential Consumer Services of Ohio, LLC | 12-12056 (MG) | 34-1754796 |
| Residential Consumer Services of Texas, LLC | 12-12057 (MG) | 75-25010515 |
| Residential Consumer Services, LLC | 12-12058 (MG) | 20-4812167 |

HOMEOWNER

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW** the Plaintiff, CORLA JACKSON, Motion for Relief Of Automatic Stay and Motion For Injunction through The United States District Court For The Southern District Of Alabama Under GMAC MORTGAGE CORPORATION NOT GAMC MORTGAGE LLC. The Defendants Got An Illegal Automatic Stay On A Loan That Do Not Belong To Plaintiff And They Recorded Their Assignment Which Did Not Match The Plaintiff Loan Causing Her Major Damages To Date.

They Told Courts That It Was A Mistake Plaintiff Filed Motions By Mistake Naming GMAC MORTGAGE CORPORATION, vs. GMAC MORTGAGE LLC, WHICH IS NOT OWNER OF GMAC MORTGAGE CORPORATION OR ALLY BANK.

IN ADDITON TO THE ABOVE THE GOVERNMENT OWNED ALLY BANK AND JACKSON MORTGAGE WAS WITH OPTION ONE MORTGAGE NOT GMAC MORTGAGE OR ALLY BANK.

In Addition To The Above Jackson Loan Was With (OPTION ONE MORTGAGE) and not (GMAC MORTGAGE CORPORATION). SEE RECORDED DOCUMENTS.

GMAC MORTGAGE NAME DID NOT CHANGE TO ALLY BANK UNTIL AFTER JANUARY 20, 2010, JACKSON MORTGAGE WAS DISCHARGED UNDER GMAC MORTGAGE CORPORATION, AND NOT GMAC MORTGAGE LLC.

JACKSON THE PLANTIFF BANKRUPTCY WAS UNDER GMAC MORTGAGE CORPORATION AND DISCHARGED ON JANUARY 20, 2010 BY JUDGE MAHONEY WHICH VOIDS LACK OF STANDING TO GMAC MORTGAGE LLC,

GMAC MORTGAGE CORPORATION IS NOT IN BANKRUPCY THEIR SUBSIDARY'S ARE, WHICH THE SUBSIDARY'S INVOLVED WILL BE NAMED IN THE LAWSUIT AS WELL.

GMAC MORTGAGE LLC, COULD NOT ACT ON BEHALF OF MAJORITY OWNER OF GMAC MORTGAGE CORPORATION OR ALLY BANK WHEN THE UNITED STATES GOVERNMENT MAJORITY OWNER AND HAD TO FILE FORCLOSURED ON A NOTE THAT DID NOT BELONG TO THEM, KNOWING THE LOAN NUMBERS DID NOT MATCH THE DEFENDANTS ASSIGNMENTS NEITHER DID THEY EVER SHOW THE ORIGINAL DOCUMENTS OR PROOF OF CLAIM PRIOR TO 2008 KNOWING THEIR FAKE ARREARAGES WAS DISALLOWED AND JACKSON WAS LEGALLY BY LAW DISCHARGED BY

9

GMAC MORTGAGE CORPORATION AND NOT GMAC MORTGAGE LLC, ON A NOTE AND ASSIGNMENT THEY DID NOT OWN BY LAW.

THE JUDGE WAS NOT TO TAKE SUGGESTIONS FROM GMAC MORTGAGE LLC, BECAUSE THEY WERE NOT GMAC MORTGAGE CORPORATION OR ALLY BANK KNOWING THE UNITED STATES WAS MAJORITY OWNER OF NOTES BACKED BY SECURITY'S TO KEEP VICTIMS IN THEIR HOMES, NOT ROB THEM OF THEIR HOMES.

AFTER WHAT THEY DID TO JACKSON MORTGAGE WAS SECURED BY TITLE POLICY'S AND HAZARD POLICY'S FOR ALL OF WHAT THE DEFENDANTS DID TO HER IN CLOUDING HER TITILE AND MISREPRESENTED THEMSELVES AS HER MORTGAGE COMPANY UNDER A LOAN NUMBER THAT DID NOT EXIST AND THEY WERE NOT ASSIGED HER NOTE AT THE TIME THEY FORCED AND MADE THE FAKE CLAIM TO HER PROPERTY AND ASSETS TO DATE.  WHAT THE DEFENDANTS HAS DONE HERE WAS CAUSE MAJOR DAMAGES AND AS WELL AS FRAUD OF THE COURT UNDER FALSE PRETENSE. THE ILLEGAL FORCLOSURE WAS NOT IN JACKSON BANKRUCY IT WAS FAKED OUTSIDED HER BANKRUPTCY UNDER JUDGE SCHULMAN IN 2012.  JACKSON PLAN WAS APPROVED LATER.

THEY TOOK JACKSON HOME ON A CLAIM THAT WAS DISALLOWED AND SHE WAS DISCHARGED FROM BANKRUPTCY AFTER WHAT GMAC MORTGAGE CORPORATION HAD DONE TO HER, NOT GMAC MORTGAGE LLC, THEY DID NOT EXIST THEN. THEY COMMITTED FRAUD AND NOT COURT HONOR FRUAD REGARDLESS OF WHAT COURT YOU GO TO WITH THE INTENT TO ROB VICTIMS LIKE THE DEFENDANTS HAS DONE JACKSON.

THE DEFENDANTS RECORDED ASSIGNMENT AND THE PLAINTIFF RECORDED DEEDS PROVED THAT GMAC MORTGAGE LLC, HAS AND DID COMMIT FRUAD, SO HOW DID ANY JUDGE LET THIS HAPPEN ILLEGALLY AGAINST THE LAW.

**Sturdivant v. BAC** (12/11) **A judgment entered in an action commenced by a party lacking standing is a nullity.** Vance v. Cook, 989 So. 2d 556, 559 (Ala. Civ. App. 2008); see also Blevins v. Hillwood Office Ctr. Owners' Ass'n, 51 So. 3d 317, 321 (Ala. 2010) (same). Because BAC lacked standing to bring the ejectment action, the trial court never acquired subject-matter jurisdiction over this dispute. Accordingly, the **summary judgment is void and is hereby vacated.** Blevins, 51 So. 3d at 321; and Cadle Co., 950 So. 2d at 280. Additionally, **because a void judgment will not support an appeal,** Gallagher Bassett Servs., Inc. v. Phillips, 991 So. 2d 697, 701 (Ala. 2008), **this appeal must be dismissed for lack of subject-matter jurisdiction.** Blevins, 51 So. 3d at 323.

**GMAC MORTGAGE LLC, WAS NOT LISTED ON THE BANKRUPTCY IN 2005-2010 TO GIVE THEM LACK OF STANDING AND ATHORITY TO FORCLOSE ON JACKSON HOME PERIOD.**

**GMAC MORTGAGE CORPORATION KNEW THEY HAD THE WRONG ASSIGNMENT AND DISCHARGED JACKSON FROM BANKRUPTCY ON JANUARY 20, 2010.  THIS IS ON FEDERAL RECORDS DISCHARGES AND DISALLOWED CLAIMS ARE RECORDED ON FILE.**

It Is True Federal law controls the procedure for filing bankruptcy, disclosing assets and liabilities, and reorganizing or discharging debts. During the course of a bankruptcy, certain misconduct can constitute a criminal offense. For example, signing a false path, declaration or claim, paying bribes, or threatening to take someone home and assets and to pay without compensation (eg, extortion) or legal **original documents showing proof of claim** which has not been done by the Defendants to date, which can result in federal charges and a prison sentence.

Federal prosecutors can prosecute bankruptcy crimes through sections 152 through 157 of Title 18 of the United States Code.

Bankruptcy crime is known as bankruptcy fraud, and it is prosecuted under 18 USC 152. The statute makes it a criminal offense for the debtor to conceal assets, make a false oath or declaration, transfer property into the name of another, extort money, or falsify or withhold records of finances or property.

## It is also a crime for any creditor to make a false claim against the debtor, or receive property outside the bankruptcy from the debtor.  The penalty for bankruptcy fraud is a maximum of 5 years in federal prison.

During bankruptcy, the court will appoint an trustee to administer the debtor's estate. 18 USC 153 governs conduct of the trustee. It is a crime for a trustee, custodian, marshal, or any other officer to knowingly and fraudulently appropriate property. It is a criminal offense to embezzle, spend, or transfer any property or secrets, or to destroy any document that is in that person's charge. The penalty for this offense is a maximum of 5 years prison.  This is fraud of the courts and against the trustee involved with defendants.

18 USC 154 establishes civil penalties for misconduct during bankruptcy. The statute provides that a trustee, custodian, marshal, or any other officer of the court who knowingly purchases any property of the estate shall be fined and removed from office (ie, office of United States Trustee). Further, the property shall be forfeited. An officer of the court must obey any and all court orders allowing a trustee or parties in interest to examine documents.

Parties in interests are prohibited from acting together to fix their fees. 18 USC 155 establishes a misdemeanor offense for fixing fees. The penalty is imprisonment for one year or less.

Any person who prepares a bankruptcy petition is subject to strict rules under 18 USC 156. Federal law says that in preparing a bankruptcy petition, the preparer is subject to criminal punishment if the case is dismissed because of a knowing attempt to disregard applicable bankruptcy statutes or rules of procedure. This statute does not apply to a lawyer who represents the debtor, or to any paralegal in that attorney's staff. This offense is a misdemeanor with a maximum penalty of one year incarceration.

Finally, 18 USC 157 prohibits any scheme to defraud another, or attempt, during bankruptcy. The sentence for this charge is a maximum 5 years in federal prison.

The United States Attorney will prosecute bankruptcy fraud using these specific statutes as well as other criminal statutes:

- Perjury. 18 USC 1621. Perjury is punished by a maximum of 5 years in prison.
- Conspiracy. 18 USC 371. Conspiracy has a maximum 5-year prison sentence (or less if the underlying crime has a lesser penalty, such as a misdemeanor).
- Wire fraud. 18 USC 1341. This offense has a possible sentence of 20 years in prison, or 30 years with a possible $1,000,000 fine where the offense impacts a financial institution.
- Mail fraud. 18 USC 1343. Mail fraud has the same penalties as wire fraud.
- Bank fraud. 18 USC 1344. Bank fraud is a criminal offense with a possible penalty of 30 years imprisonment and $1,000,000 fine.
- RICO (racketeering). 18 USC 1962. The sentence for a RICO charge can be 20 years incarceration.

Alabama Rules of Civil Procedure, and Federal Rules and Procedures as grounds therefore, shows as follows:

Federal law controls the procedure for filing bankruptcy, and reorganize discharging debts this case proves that the Defendants has committed perjury over and over again time after time. Their was no mistake here in the name at all. See Attached Statement And Copy Of (2) Different Cashiers Checks Made Payable To GMAC MORTGAGE CORPORATION.


**Also There are Charges to be brought against Lawyers involved that tried to defraud the United States District Court For The Southern District Of Alabama here that knew what their client had did and continued to defraud the courts**

**preparing documents they knew was false,** as well as filing false documents with the State Courts under the name GMAC MORTGAGE CORPORATION in all their motions, to embezzle funds from plaintiff in addition to identity theft, first degree robbery attempt of her home and all her assets under false pretense knowing she never had a loan with them, and their fake arrearages was disallowed and Plaintiff was discharged from this bankruptcy with the fake arrearages they came back and faked another attempt to rob her of her home land assets and everything else she owned to date, defrauding the courts.

**It is a crime for any creditor to make a false claim against the debtor, or receive property outside the bankruptcy from the debtor prior to plan being approved on a bankruptcy that was disallowed and discharged by Judges Mahoney January 20, 2010, knowing the fake arrearages was disallowed they got relief from in 2012, lying to the courts to get relief under a fake automatic stay when they did not own the note or the assignment prior to forcing the Defendant into Bankruptcy to save her home and assets the Defendants GAMC LLC, came back under this name to commit first degree robbery lying saying the name was GMAC MORTGAGE LLC, When it was not and GMAC MORTGAGE answered all the complaints and set Statements to plaintiff when her note was paid closed and never late.**

**What has happen here the Defendants changed names after they committed fraud, and everyone know this and it does not take a rocket scientist to see this and the statements and cashiers check proves this.**

**The Lawyers For The Defendants, And The Defendants GMAC MORTGAGE CORPORATION) AND GMAC MORTGAGE LLC, All Knew They Have Committed Fraud And Perjury For Their Clients Which Is A Federal Criminal Offense, Defrauding The Courts And Robbing Their Victim Under False Pretense On Fake Arrearages By Filing Fake Claims Prior To And After Forcing Their Victim Into An Illegal Bankruptcy. In This Case They Have Caused This Victim Is The Plaintiff (Corla Reeves Jackson) major damages to date, and they knew this.**

*Alabama Rules of Civil Procedure*, showing as follows:

1. Rule 60(b) provides, in pertinent part:

"On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; **(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the**

14

**judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.** The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than four (4) months after the judgment, order, or proceeding was entered or taken."

      2.    Our supreme court has stated:

"'[T]he decision whether to grant or deny [a Rule 60(b)] motion is within the sound discretion of the trial judge, and the appellate standard of review is whether the trial court abused its discretion. *Pierson v. Pierson*, 347 So. 2d 985 (Ala. 1977). In reviewing a ruling of a trial court on a Rule 60(b)(6) motion, the trial court's decision will not be disturbed unless it is determined "that there is an absence of reasonable cause, that rights of others subsequently arising would be adversely affected, or that it is unjust." *Textron, Inc. v. Whitfield*, 380 So. 2d 259 (Ala. 1979), quoting *Nunn v. Stone*, 356 So. 2d 1212 (Ala. Civ. App. 1978).' "Ex parte Dowling, 477 So. 2d 400, 402 (Ala. 1985)." *Osborn v. Roche*, 813 So. 2d 811, 815 (Ala. 2001).

      3.    Our supreme court has further recognized that in certain cases "aggravating- circumstances may allow a trial court to treat what would otherwise be a Rule 60(b)(1) motion [or 60(b)(3) motion] as a Rule 60(b)(6) motion." *Ex parte Wal-Mart Stores, Inc.*, 725 So. 2d 279, 284 (Ala. 1998). The supreme court has stated that the aggravating- circumstances exception "applies to an extraordinary circumstance not contemplated by Rule 60(b)(1) [or 60(b)(3)], for the purpose of protecting the public, vindicating the judicial process, and promoting the public's confidence in the legal system." *R.E. Grills, Inc. v. Davison*, 641 So. 2d 225, 230 (Ala. 1994).

15

4.      "The `catch all' provision of clause (6) of Rule 60(b) allows a trial court to grant relief from a judgment for `any other reason justifying relief.' *Barnett v. Ivey*, 559 So. 2d 1082, 1084 (Ala. 1990).

5.      "Although grounds for relief under Rule 60(b)(1) generally cannot be valid grounds under Rule 60(b)(6), this Court has recognized an exception when, in the interest of justice, aggravating circumstances may be considered sufficient to allow the trial court to treat what would otherwise be a Rule 60(b)(1) motion as within Rule 60(b)(6). *Chambers County Comm'rs v. Walker*, 459 So. 2d 861 (Ala. 1984); Giles v. Giles, 404 So. 2d 649 (Ala. 1981); Rebel Oil Co. v. Pike, 473 So. 2d 529 (Ala. Civ. App. 1985)."

6.      It is the prevailing rule in Alabama "that a litigant ... has responsibility for keeping track of his case and knowing its status." *D. & J. Mineral & Mining, Inc. v. Wilson*, 456 So. 2d 1099, 1100 (Ala. Civ. App. 1984). Therefore, a trial court "owes no duty to notify a party of the setting of a case or to continue a case because of the absence of a party ...." *D. & J. Mineral*, 456 So. 2d at 1100-01.

7.      **SEE EXHIBT (A):** THEIR WAS NO MISTAKE GMAC MORTGAGE CORPORATION COMMITTED FRAUD AND LATTER HAD GMAC MORTGAGE LLC COME IN TO TRY AND COVER UP THE FRAUD FILING FAKE ASSIGNMENTS OF NOTES ON LOANS THAT DID NOT BELONG TO THE PLAINTIFF UNDER FALSE PRETENSE, KNOWING THE LOAN NUMBERS AND ORIGINAL DOCUMENTS DID NOT MATCH. THE LAWYERS FOR THE DEFENDANTS IF THEY ARE LAWYERS SAW THIS AND CONTINUED TO COMMIT PERJURY AND FRAUD TO TAKE PLAINTIFF

16

PROPERTY ASSETS KNOWING THEIR FAKE ARREARAGES WAS DISALLOWED AND
THEIR AUTOMATIC STAY THEY MADE UP WHEN PLAINTIFF WAS DISCHARGED ON
JANUARY 20, 2012.  THE DEFENDANTS ASSIGNMENT CLEARLY DID NOT MATCH
THE PLAINTIFF LOAN NUMBER NEITHER DID THEIR DOCUMENTS MATCH THE
RECORDED DOCUMENTS ON FILE.

8.     THE DEFENDANTS AND THEIR ATTORNY'S HAS DEFRAUDED THE
COURTS THE SEC, SECURITY'S EXCHNAGE THE UNITED STATES GOVERNMENT,
THE COURTS, AND THE PLAINTIFF TO ROB HER OF HER HOME ASSETS TO BACK
BY SECURITY'S WHEN THEY DID NOT OWN HER HOME OR AN ASSIGNEMENT.
THE PLAINTIFF NOTE WAS PAID CLOSED AND NEVER LATE AND BACKED BY
SECURITY'S MORE THAN ONE TIME UNDER FALSE PRETESE WITH OUT THE
PLAINTIFF KNOWLEDGE OR BEING NOTIFIED IN WRITING.

9.     GMAC MORTGAGE CORPORATION FILED BANKRUPCY TO KEEP ALL
THE LAW SUITES FROM ROBBING VICTIMS FROM COMING OUT ON WHAT THEY
DID AND HOW THEY DID THIS AND THIS CASE PROVES WHAT THEY DID AND
HOW THEY ROBBED EVERYONE TO DATE AND THEY KNOW IT.  THE PLAINTIFF
WANT THE LAWYERS RESPONSIBLE AND INVOLVED IN THESE CASES TO BE
TRIED WITH THEIR CLIENTS BECAUSE THEY KNEW THEY DEFRAUDED THE
COURTS AND THE PLAINTIFF TO DATE GETTING AN ILLEGAL AUTOMATIC STAY
WHEN THEY DID NOT HAVE LACK OF STANDING PERIOD.

17

10.   THE DEFENDANTS **(GMAC MORTGAGE CORPORATION) AND THEIR LAWYERS EVEN FABRICATED DOCUMENTS AND LOAN DOCUMENTS FORMS** THAT DOES NOT MATCH THE ORIGINAL LOAN DOCUMENTS OR THE LOAN NUMBER TO DEFRAUD THE COURTS. NOW THIS IS WORST THAN BAD. HOW MANY TIMES WAS (JACKSON'S) NOTE BACKED BY SECURITY'S WHEN THEY DID NOT OWN THE NOTE OR THE ASSIGNEMENT OF THE ORIGINAL LOAN. THE DEFENDANTS HAS FABRICATED ALL THEIR DOCUMENTS AND WE WANT TO SEE THE ORIGINAL LOAN DOCUMENTS AND ORIGINAL DEEDS AND POLICY'S AND EVERYTHING ELSE TO DATE THAT THEY HAD THEIR LAWYERS FABRICATE THAT DOES NOT MATCH ANYTHING.

11.   WHEN YOU CHANGE FORMS AND THEN PRINT OUT PLAINTIFF SIGNATURE FROM HER ORIGINAL LOAN DOCUMENTS TO ADD TO FORMS YOU MADE UP AS WELL AS A NEW LOAN NUMBER USING HER BOOK NUMBER AND OTHER NUMBERS FILED BY THE DEFENDANTS AND NOT OPTION ONE MORTGAGE, EVERYONE KNOWS WHAT THE DEFENDANTS DID.

12.   **THE DEFENDANT'S GAMC MORTGAGE CORPORATION (WHITEN OUT THE LOAN AND SERVICING NUMBER ON EACH PAGE)** WITH THE INTENT TO ROB VICTIMS BECAUSE THEY BACKED NOTES BY SECURITY'S THAT DID NOT BELONG TO THEM AT ALL, AND THEY KNEW THIS DEFRAUDING THE COURTS. KNOW THIS IS BAD ROBING VICTIMS OF THEIR HOMES ASSETS, KNOWING IT DID NOT BELONG TO YOU AND BACKED IT BY SECURITY'S AND FORCING VICTIMS INTO BANKRUPTCY PRIOR TO OWNING NOTES OR ASSIGNMENTS THAT WAS REDUCED AND DISALLOWED COMING BACK OVER A YEAR LATER TO ROB THEM AGAIN. THIS IS A VIOLATION OF THE STATE AND FEDERAL LAWS!

This Was No Mistake And Defendants Know This See Statement And Counter Claim Motions Filed With All Exhibits To Date....

<u>Bell Atlantic v. Twombly (Disguised) Summary Judgments,</u> The recent Supreme Court decision in Bell Atlantic v. Twombly stands at the crossroads of antitrust and civil procedure. As an antitrust case, Twombly makes sense on structural grounds, and Jackson Backed Everything By The Evidence Through Her Attorney Motions That Was Kept From The Cases In Corruption To Date.  In Addition To This Jackson Kept Filing Because These Motions Were Also Kept From Her And The Public. Which Is Fraud Of the Court They Had A Fiduciary Duty To make sure the defendants did not commit fraud on behalf of Jackson and Fraud Of The Court.

A claim for fraud must be dismissed under Rule 12(b)(6) if it does not satisfy the Requirements of Rule 9(b). *See Decker v. Massey-Ferguson, Ltd.*, 681 F.2d 111, 113-15 (2d Cir. 1982).  **Answer and Counterclaims to meet the Rule 9(b) standard.** *See Goldman v. Belden*, 754 F.2d 1059, 1070 (2d Cir. 1985) **(defendant charged with fraud <u>only need be given notice of precisely what he is charged with).</u>**

**<u>Rule 12(e) and Fed. R. Civ. P. 8, which requires only "a short and plain statement</u>** of the claim showing that the pleader is entitled to relief." While motions for more definite pleadings are generally disfavored, the opposing party must be given sufficient notice to frame a responsive pleading. *Bower v. Weisman*, 639 F.Supp. 532, 538 (S.D.N.Y. 1986).

***See Goldman v. Belden*, 754 F.2d 1059, 1070 (2d Cir. 1985) defendant charged with fraud only need be given notice of precisely what he is charged with.**

**The Defendants Did Not Have lack of standing and fraud under rule (59) b and Rule (60) b...**

**COUNTERCLAIM:** Fraud/Negligent Misrepresentation **Under Federal Rule of Civil Procedure 9(b).**

**Counterclaim is labeled "Fraud/Negligent Misrepresentation." Under Federal Rule of Civil Procedure 9(b),** "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." A claim for fraud must be dismissed under Rule 12(b)(6) if it does not satisfy the Requirements of Rule 9(b). *See Decker v. Massey-Ferguson, Ltd.*, 681 F.2d 111, 113-15 (2d Cir. 1982).

Plaintiff's (Jackson) Answer and Counterclaims to meet the Rule 9(b) standard. *See Goldman v. Belden*, 754 F.2d 1059, 1070 (2d Cir. 1985) (defendant charged with fraud only need be given notice of precisely what he is charged with).

**Rigby v. Wells Fargo Bank Reversed | "A party must have standing to file suit at its
inception and may not remedy this defect by subsequently obtaining standing."**

*"A party must have standing to file suit at its inception and may not remedy this defect
by subsequently obtaining standing." <u>Venture Holdings & Acquisitions Grp.</u>, LLC v.
A.I.M. Funding Grp., LLC, 75 So.3d 773, 776 (Fla. 4th DCA 2011).*

*The Defendants has not shown that it was holder of the note at the time the complaint
was filed.* The note containing a special endorsement in favor of Defendants Was Blank
And Detached From Original Note. **The fake assignment of mortgage the defendants
has presented , dated June 19, 2008**, is recorded after the blank allonge was issued
without the assignment, and attached to the original note with the original loan number
that matches that was removed from the blank allonge and the assignment replaced with
another loan number other than the original note, which is fraud and it also indicates that
the Defendants did not acquire the mortgage until after the original complaint on
arrearages was filed.

The Defendants proof of claim on fake arrearages that was reduced and disallowed and
Plaintiff (Jackson) was discharged from those fake arrearages they got an illegal relief on
from a different bankruptcy judge after defrauding the courts into giving them a relief,
years later from (2005-2012) on a note the Defendants did not legally have standing
grounds on, getting relief on a new loan different from the note that was assigned to them
by **Option One Mortgage**, the plaintiff's original mortgage company.  It is crystal clear
the original mortgage loans numbers are totally different that the Defendants has
provided the courts, and the Defendants took documents from Plaintiff Original Note and
fabricated a new loan and got and illegal relief committing fraud under discovery, and
new discovery daily trying to defraud the United States District Courts on fake arrearages
that was reduced and disallowed on January 20, 2010, under Judge Mahoney, versus
Judge Schulman who should have not given a relief under a new fabricated loan by the
Defendants at all, because the loan numbers were and is totally different.

*McLean*, 79 So. 3d at 174 (reversing final summary judgment of foreclosure because
appellee bank failed to establish standing where mortgage was assigned to bank after
lawsuit was originally filed; note contained undated special endorsement in favor of
bank; and affidavit in support of summary judgment failed to indicate that bank became
equitable owner of note and mortgage prior to date lawsuit was filed).  Servedio v. U.S.
Bank Nat'l Ass'n , 46 So. 3d 1105, 1107 (Fla. 4th DCA 2010). "A party must have
standing to file suit at its inception and may not remedy this defect by subsequently
obtaining standing."
Venture Holdings & Acquisitions Grp.,LLC v. A.I.M. Funding Grp., LLC
, 75 So. 3d773, 776 (Fla. 4th DCA 2011). The Bank has not shown that it
was holder of the note at the time the complaint was filed.

**RIGBY v. WELLS FARGO BANK** (4/12)(Florida) Original complaint only had a mortgage in favor of **Option One** attached. Later, Wells Fargo presented an assignment of mortgage and an undated original note with special endorsement to Wells Fargo and the trial court entered summary judgment in favor of Wells Fargo. Fourth DCA opined that Wells Fargo has to have standing at the inception of the lawsuit. Reversed and remanded.

**Byrd v. MorEquity, Inc** (3/12) The court ruled that the foreclosing lender may have lacked standing to initiate the foreclosure process when it did which would have rendered the foreclosure deed void. Meanwhile, the evidence showed that the foreclosing lender accelerated the debt as of December 11, 2009, and that the notice of the foreclosure sale was first published on December 15, 2009, prior to the date the mortgage was acquired by the lender according to its affidavit.

**Sturdivant v. BAC** (12/11) **A judgment entered in an action commenced by a party lacking standing is a nullity.** Vance v. Cook, 989 So. 2d 556, 559 (Ala. Civ. App. 2008); see also Blevins v. Hillwood Office Ctr. Owners' Ass'n, 51 So. 3d 317, 321 (Ala. 2010) (same). Because BAC lacked standing to bring the ejectment action, the trial court never acquired subject-matter jurisdiction over this dispute. Accordingly, the **summary judgment is void and is hereby vacated.** Blevins, 51 So. 3d at 321; and Cadle Co., 950 So. 2d at 280. Additionally, **because a void judgment will not support an appeal,** Gallagher Bassett Servs., Inc. v. Phillips, 991 So. 2d 697, 701 (Ala. 2008), **this appeal must be dismissed for lack of subject-matter jurisdiction.** Blevins, 51 So. 3d at 323.

**Pennsylvania: Beneficial Mortgage v. Vukman** (1/12) **Homeowner's Emergency Mortgage Act.** "When a mortgagee provides to a mortgagor a deficient Act 91 notice and then files a mortgage foreclosure action, the court lacks subject matter jurisdiction to entertain the action."
"the court properly set aside the sheriff's sale, vacated the judgment, and dismissed Appellant's complaint without prejudice. Accordingly, we affirm the court's order."

**New York: Wells Fargo v McNee**(11/11) As the First Department held in Katz v. East-Ville Realty Co., (249 AD2d 243, 243), a "[p]laintiff's attempt to foreclose upon a mortgage in which he had no legal or equitable interest [is] without foundation in law or fact" (see Kluge v. Fugazy, 145 AD2d 537). Hence, Wells Fargo's attempt to foreclose upon the subject mortgage must be denied, the complaint dismissed, and McNee's cross-motion(s) to dismiss for lack of standing pursuant to CPLR 3211(a)(3) granted.

**Oklahoma: DEUTSCHE BANK NATIONAL TRUST v. BRUMBAUGH**(1/12) (Reversed) To commence a foreclosure action in Oklahoma, a plaintiff must demonstrate it has a right to enforce the note and, absent a showing of ownership, the plaintiff lacks standing.

21

**DEUTSCHE BANK NATIONAL TRUST COMPANY v. BYRAMS**(1/12)(Reversed)
**The assignment of a mortgage is not the same as an assignment of the note**. If a person is trying to establish it is a nonholder in possession who has the rights of a holder it must bear the burden of establishing its status as a nonholder in possession with the rights of a holder. Appellee must establish delivery of the note as well as the purpose of that delivery.

**ALABAMA: Patterson v. GMAC (1/12)** GMAC Mortgage lacked authority to foreclose the mortgage when it initiated the foreclosure proceedings, and, therefore, the foreclosure and the foreclosure deed upon which GMAC based it ejectment claim are invalid. Moreover, under our holding in Sturdivant, because GMAC Mortgage did not own any interest in the house, it lacked standing to bring its ejectment action against the Pattersons. Because GMAC Mortgage lacked standing to bring the ejectment action, the trial court never acquired subject-matter jurisdiction over the ejectment action. Accordingly, the judgment of the trial court is void and is hereby vacated. Moreover, because a void judgment will not support an appeal, we dismiss this appeal.

**RIGBY v. WELLS FARGO BANK** (4/12) Original complaint only had a mortgage in favor of **Option One** attached. Later, Wells Fargo presented an assignment of mortgage and an undated original note with special endorsement to Wells Fargo and the trial court entered summary judgment in favor of Wells Fargo. Fourth DCA opined that Wells Fargo has to have standing at the inception of the lawsuit. Reversed and remanded.

**Duke V. HSBC** (11/11)"The Dukes argued that at the time the foreclosure complaint was filed, the mortgage was held by First NLC, not appellee, HSBC. In its complaint, HSBC alleged it owned and held the note and mortgage at the time the complaint was filed. "W h e n exhibits are attached to a complaint, the contents of the exhibits control over the allegations of the
complaint." BAC Funding Consortium Inc. v. Jean-Jacques, 28 So. 3d 936, 938 (Fla. 2d DCA 2010). Here, HSBC alleged in its complaint that it "now owns and holds the Note and Mortgage," but an assignment was
not attached to the complaint, supporting HSBC's position. Instead, the mortgage attached to the complaint showed First NLC as the lender, creating discrepancies between the complaint and the attached exhibit.
Thus, at the time of the argument on the summary judgment motion, genuine issues of material fact existed as to whether HSBC was the proper owner and holder of the note and mortgage where First NLC was
named on the mortgage and evidence of an assignment was not included.
We therefore reverse the trial court's order granting summary judgment because genuine issues of material fact remain in dispute regarding the owner and holder of the note and mortgage at the time the
complaint was filed. Reversed."

**Feltus v. U.S. Bank** (10/11) **(Lost Note)** We reverse because material issues of fact as to which entity holding the promissory note executed by Feltus existed at the time the trial court entered summary judgment.
- U.S. Bank's reply to Feltus's affirmative defenses asserting that it was now in possession of the original note, which it attached to the reply. But the note attached to the complaint showed the lender to be Countrywide Bank, N.A.

**Khan v. Bank of America:** (4/11) Because the exhibit to Bank of America's amended complaint conflicts with its allegations concerning standing, Bank of America did not establish that it had standing to foreclose the mortgage as a matter of law. As a result, the trial court acted prematurely in entering the final summary judgment of foreclosure in favor of Bank of America. We, therefore, reverse the final summary judgment of foreclosure and remand for further proceedings.

**Bank of America v. Nebraska Investments** (1/28/11) This case is DISMISSED without prejudice. No other pleadings by the plaintiff will be permitted in this case, other than a request for rehearing if appropriate. It is confiscatory of the Court's time to have to address this matter.

**Deutsche Bank v. Lippi** (2/2010) (Defendant's Amended Motion to Dismiss the Pleadings of Plaintiff is GRANTED with prejudice because over a two year period Plaintiff failed to allege or provide documents demonstrating its right to bring this action. Independently, Defendant's Amended Motion to Dismiss the Pleadings of Plaintiff is GRANTED as a sanction under the dictates of the *Ham* decision and its progeny.

**Deutsche Bank's Summary Judgment Denied**

**IndyMac v. Rogers** (Rogers Motion to Dismiss GRANTED), March 2010, PINELLAS COUNTY

**Bac Funding Consortium v. Jacques, U.S. Bank, C-Bass** (U.S. Bank failed to establish its status as legal owner and holder of the note and mortgage. App. Court reversed SJ)
**Bac Initial Brief in Jacques**

# VERIZZO v. Bank of New York MERS (Summary Judgment REVERSED & REMANDED, late notice, flawed chain of assignments)

**Verizzo v. Bank of New York** (Order of Dismissal against BONY) ("based on the late service and filing of the summary judgment evidence and the existence of a genuine issue of material fact, we reverse the final summary judgment and remand for further proceedings.")

**Wells Fargo v. Chesney**  [While "non-negotiable" instruments may also be assigned, there is no assignment attached to the Complaint.  The Note and Mortgage attached to the Compliant are made in favor of Washington Mutual, not the current Plaintiff, Wells Fargo.]

**Wells Fargo v. Cirigliano** (3/10)  (No evidence to show a chain of title of how the note got transferred to Wells Fargo.)

**U.S. Bank v. Harpster** (3/10) (Notary fraud, assignment fraud, fraud upon the court, dismissed with prejudice) Judge Tepper

**GMAC v. Visicaro** (4/10) (Hearing, judge sets aside his previous grant of summary judgment) Judge Rondolino

**Riggs v. Aurora Loan Servicing**  (4/21/2010)  (Court of Appeals the endorsement in blank is unsigned and unauthenticated, creating a genuine issue of material fact as to whether Aurora is the lawful owner and holder of the note and/or mortgage. As in *BAC Funding Consortium, Inc. ISAOA/ATIMA v. Jean-Jacques, 28 So. 3d 936 (Fla. 2d DCA 2010)*, there are n o supporting affidavits or deposition testimony in the record to establish that Aurora validly owns and holds the note and mortgage, no evidence of an assignment to Aurora, no proof of purchase of the debt nor any other evidence of an effective transfer. Thus, we reverse the summary judgment and remand for further proceedings.

**U.S. Bank v. McLeod** (May 7, 2010 - Judge Traynor) (Order Vacated - Dismissed w/prejudice, possible sanctions)

**HSBC Bank v. Eslava** - (Transcript on Hearing To Show Cause on May 7, 2010 - Judge Jennifer Bailey) (The note, which was canceled by this court pursuant to a final judgment is null and void. **Mr. Eslava is relieved of the debt.** The title shall be conveyed back to Mr. Eslava by the bank -- by the trust, as the legal liability for the note no longer exists.

**BAC v. Box** (6/3/2010) (Arthur B. Federman - Bankruptcy Judge) (Trustee opposed BAC's request for relief from automatic stay.  BAC's motion is DENIED.)

**U.S. Bank v. Troche** (May/2010) (Order setting aside judgment and sale.)

**HSBC v Ruscalleda** (June 9 2010) (Based on the unique circumstances of this case, we conclude that the trial court abused its discretion by denying the motion to continue the final summary judgment hearing and by failing to grant the motion to transfer the foreclosure action to the division where **a separate foreclosure action was pending in which another bank was simultaneously seeking to foreclose the same mortgage.**

24

**Aurora, MERS v. Da Costa** (4/2010) ("[T]he plaintiffs lack of standing at the inception of the case is not a defect that may be cured by the acquisition of standing after the case is filed."

There is no evidence of record that establishes that MERS was authorized to assign anything to Plaintiff, and therefore, the assignment was invalid. Even if the assignment were valid, it was not executed until after the complaint was filed. Therefore, Plaintiff's standing at the inception of the case was based entirely on the complaint and the exhibits attached thereto. It appears on the face of those exhibits that an entity other than Plaintiff has standing, and those exhibits control over contrary allegations contained in either version of the complaint. Plaintiff lacks standing now based on the substantive deficiencies with an assignment from MERS. Plaintiff lacked standing at the inception of the case based on those substantive deficiencies and the timing of the execution of the assignment. Absent standing, there is no justiciable controversy between the parties, and this case must be dismissed.)

**IndyMac v. Keyser** (June 2010) (Judgment and sale set aside.)

**M&T BANK v. Smith - A CASE OF SPECIAL INTEREST TO FLORIDA FORECLOSURE DEFENSE LAWYERS.** *BY LYNN E. SZYMONIAK.*
(June 2010) [t]he Court finds the plaintiff lacks standing and is not a proper party to the suit. The Court has been misled by the Plaintiff from the beginning. In its initial Complaint, the Plaintiff alleged it owned the note that was lost. Then Plaintiff alleged that not only was the lost Note found, but the Plaintiff actually owned the Note by Assignment. After both of these Complaints were dismissed, Plaintiff then alleged that Wells Fargo owned the Note, while the Plaintiff was merely a servicer of the loan. Moreover, the Assignment on which Plaintiff relied in its First Amended Complaint postdates the filing of this foreclosure action and is inconsistent with the Mortgage, Note, stamps allegedly affixed to the Note, and the Allonge.

**BAC/Countrywide v. Stentz -** (12/10) (6th Circuit, Pasco County, Florida) **Motion to Dismiss Granted** with a redo option. "A thief who steals a check payable to bearer becomes the holder of the check… but does not become the owner of it." - Judge Tepper

**Wells Fargo v McNee**(11/11) As the First Department held in Katz v. East-Ville Realty Co., (249 AD2d 243, 243), a "[p]laintiff's attempt to foreclose upon a mortgage in which he had no legal or equitable interest [is] without foundation in law or fact" (see Kluge v. Fugazy, 145 AD2d 537). Hence, Wells Fargo's attempt to foreclose upon the subject mortgage must be denied, the complaint dismissed, and McNee's cross-motion(s) to dismiss for lack of standing pursuant to CPLR 3211(a)(3) granted.

**Downey v. Trujillo** (8/11)(Schack) **Dismissed with prejudice.** Schack was angered after lawyer Margaret Carucci said in a sworn affidavit that a Downey Savings & Loan officer on Dec. 24, 2010 claimed to have personally reviewed and could vouch for the accuracy of the paperwork underlying Trujillo's foreclosure -- although Downey had long ceased to exist.

25

**Deutsche Bank v. Mitchell**(8/11) **Summary judgment reversed - sale vacated.** The assignment was not perfected until after the filing of the complaint, and plaintiff presented no evidence of having possessed the underlying note prior to filing the complaint. If plaintiff did not have the note when it filed the original complaint, it lacked standing to do so, and it could not obtain standing by filing an amended complaint. We vacate the sheriff's sale, the final judgment and the order granting summary judgment and remand to the trial court.

**Deutsche Bank v. Francis (Dismissed With Prejudice**-Schack)(3/11): I discovered that there is no record of plaintiff DEUTSCHE BANK ever owning the subject mortgage and note.
Therefore, with plaintiff DEUTSCHE BANK lacking standing, the instant action is dismissed with prejudice and the notice of pendency cancelled.
A want of "standing to sue," in other words, is just another way of saying that this particular plaintiff is not involved in a genuine controversy, and a simple syllogism takes us from there to a "jurisdictional" dismissal: (1) the courts have jurisdiction only over controversies; (2) a
plaintiff found to lack "standing" is not involved in a controversy; and (3) the courts therefore have no jurisdiction of the case when such a plaintiff purports to bring it.

**Johnston v. HSBC**\*\* (complaint), (extrinsic fraud, real party) (3/11)
**Extrinsic Fraud:** Because the fraud is extrinsic in nature, HSBC is precluded from raising the doctrine of-- res judicata --as a defense against this Courts obligation to verify first and foremost that the claimant has federal jurisdiction "real party in interest" status.
**Real Party in interest**: HSBC MORTGAGE CORP (USA) (hereinafter, "HSBC") does not qualify as a "real party of interest" pursuant to Rule 17 of the Federal Rules of Civil Procedure, which provides: "An action must be prosecuted in the name of the real party in interest." The purpose of this rule is to require that an action be brought "in the name of the party who possesses the substantive right being asserted under the applicable law...." 6A WRIGHT,MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d § 1541 (1990) ("WRIGHT").

**Sturdivant v. BAC Home Loans, LP, [Ms. 2100245, Dec. 16, 2011] _ So. 3d _ (Ala. Civ. App. 2011). In Sturdivant, BAC Home Loans, LP ("BAC"), initiated foreclosure proceedings on the mortgage encumbering Bessie T. Sturdivant's house before the mortgage had been assigned to BAC.**

**Respectfully Submitted,**