*Corla Jackson* 6/7/2012

*Corla Deeux Jackson*
6/7/2012

**Corla Jackson**
**PH: (251) 554-1785**
**FAX: (251) 865-0735**

# EXHIBIT (A)

27



## GMAC Mortgage Account Statement

**CUSTOMER INFORMATION**

| | |
|---|---|
| Name: | CORLA JACKSON |
| Account Number: | 0835002124 |
| Home Phone #: | (251)648-6180 |

**PROPERTY ADDRESS**

13230 TOM GASTON RD
MOBILE    AL 36695

**GMAC Mortgage**

Visit us at www.gmacmortgage.com for
account information or to apply on-line.

#3VN0JPY
#RX09S8AJ64453#

CORLA JACKSON
13230 TOM GASTON RD
MOBILE AL 36695-8658

| Customer Care Inquiries: | 1-800-766-4622 |
|---|---|
| Home Financing Needs: | 1-800-753-4622 |

Please verify your mailing address, borrower and co-borrower information. Make necessary corrections on this portion of the statement, detach and mail to address listed for inquiries on the reverse side.
**If you do not want GMAC Mortgage to send you mortgage account statements in the future, please contact us at 800-850-4622.**

### Account Information

| | |
|---|---|
| Account Number | 0835002124 |
| Current Statement Date | December 19, 2005 |
| Maturity Date | July 01, 2034 |
| Interest Rate | 7.65000 |
| Current Principal Balance* | $238,946.35 |
| Current Escrow Balance | $936.35- |
| Interest Paid Year-to-Date | $1,524.42 |
| Taxes Paid Year-to-Date | $913.75 |

### Details of Amount Due/Paid

| | |
|---|---|
| Principal and Interest | $1,702.83 |
| Subsidy/Buydown | $0.00 |
| Escrow | $217.81 |
| **Unpaid Amount | $21,127.04 |
| **Late Charges | $431.44 |
| **Other | $1,815.00 |
| **Total Unpaid Amount | $25,294.12 |
| Payment Date | February 01, 2005 |

### Account Activity Since Last Statement

| Description | Due Date | Tran. Date | Tran. Total | Principal | Interest | Escrow | Add'l Products | Late Charge | Other |
|---|---|---|---|---|---|---|---|---|---|

**GMAC Mortgage understands that you have filed a bankruptcy and that any payments and amounts not paid prior to the filing of your bankruptcy petition may be paid through, and in accordance with a Bankruptcy Plan or other order of the Court. Some information in this statement may have been omitted or may not reflect the terms of your Plan or order of the Court and should be disregarded to the extent there is any conflict. In order to obtain this information relating specifically to your bankruptcy, please contact a representative of GMAC's bankruptcy department at 800-850-4622. If you are a Chapter 13 debtor whose Plan requires you to make regular post petition mortgage payments directly to a Chapter 13 Trustee, please be certain to remit any payments to the Trustee and not directly to GMAC Mortgage.

*This is your Principal Balance only, not the amount required to pay the loan in full. For payoff figures and mailing instructions, call the Customer Care number above(or you may obtain necessary payoff figures through our automated system (24 hours a day, 7 days a week).
See back for automatic payment sign-up information and other payment options.

### Important News

This statement is being furnished for informational purposes only.

### See Reverse Side For Important Information

## Mail This Portion With Your Payment



| Account Number | Post Petition Payment Date | Mortgage Payment | Post Petition Late Fee | Amount With Late Fee | Unpaid Amount | Total Unpaid Amount | GMAC |
|---|---|---|---|---|---|---|---|
| 0835002124 | 07/01/05 | $1,920.64 | ** | ** | ** | ** | Mortgage |

CORLA JACKSON

This statement is being furnished for informational purposes only.

| Check below if you need information on: |
|---|
| New Home Purchases |
| Refinance |
| Home Equity |
| NewConstr./ Rehab |

Phone #:
Best time to call:

For immediate assistance:
1-800-753-4622

**Please assist GMAC Mortgage in applying your payment**

| | |
|---|---|
| Full Payment(s) | $ |
| ADDITIONAL Principal | $ |
| ADDITIONAL Escrow | $ |
| Late Charge | $ |
| Other Fees (please specify) | $ |
| Total Amount Enclosed | $ |

Sign here to enroll in monthly ACH.
(See back for details.)

GMAC MORTGAGE CORPORATION
PO BOX 9001719
LOUISVILLE KY 40290-1719

02   0705   0835002124   00192064   00000   22222   3

28



## GMAC Mortgage Account Statement

**CUSTOMER INFORMATION**

| Name: | CORLA JACKSON |
| Account Number: | 0835002124 |
| Home Phone #: | (251)648-6180 |

**PROPERTY ADDRESS**

13230 TOM GASTON RD
MOBILE    AL 36695

Visit us at www.gmacmortgage.com for
account information or to apply on-line.

#BNHIJPY
#X09584J64453#

CORLA  JACKSON
13230 TOM GASTON RD
MOBILE  AL 36695-8658

| Customer Care Inquiries: | 1-800-766-4622 |
| Home Financing Needs: | 1-800-753-4622 |

Please verify your mailing address, borrower and co-borrower information. Make necessary corrections on this portion of the statement, detach and mail to address listed for inquiries on the reverse side.
If you do not want GMAC Mortgage to send you mortgage account statements in the future, please contact us at 800-850-4622.

### Account Information

| Account Number | 0835002124 |
| --- | --- |
| Current Statement Date | February 20, 2006 |
| Maturity Date. | July 01, 2034 |
| Interest Rate | 7.65000 |
| Current Principal Balance* | $238,946.35 |
| Current Escrow Balance | $936.35- |
| Interest Paid Year-to-Date | $0.00 |
| Taxes Paid Year-to-Date | $0.00 |

### Details of Amount Due/Paid

| Principal and Interest | $1,702.83 |
| --- | --- |
| Subsidy/Buydown | $0.00 |
| Escrow | $217.81 |
| **Unpaid Amount | $24,968.32 |
| **Late Charges | $431.44 |
| **Other | $1,865.00 |
| **Total Unpaid Amount | $29,185.40 |
| Payment Date | February 01, 2005 |

### Account Activity Since Last Statement

| Description | Due Date | Tran. Date | Tran. Total | Principal | Interest | Escrow | Add'l Products | Late Charge | Other |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |

**GMAC Mortgage understands that you have filed a bankruptcy and that any payments and amounts not paid prior to the filing of your bankruptcy petition may be paid through, and in accordance with a Bankruptcy Plan or other order of the Court. Some information in this statement may have been omitted or may not reflect the terms of your Plan or order of the Court and should be disregarded to the extent there is any conflict. In order to obtain this information relating specifically to your bankruptcy, please contact a representative of GMAC's bankruptcy department at 800-850-4622. If you are a Chapter 13 debtor whose Plan requires you to make regular post petition mortgage payments directly to a Chapter 13 Trustee, please be certain to remit any payments to the Trustee and not directly to GMAC Mortgage.

*This is your Principal Balance only, not the amount required to pay the loan in full. For payoff figures and mailing instructions, call the Customer Care number above or you may obtain necessary payoff figures through our automated system (24 hours a day, 7 days a week).

See back for automatic payment sign-up information and other payment options.

### Important News

This statement is being furnished for informational purposes only.

See Reverse Side For Important Information

## Mail This Portion With Your Payment

### Mortgage Payment Coupon

| Account Number | Post Petition Payment Date | Mortgage Payment | Post Petition Late Fee | Amount With Late Fee | Unpaid Amount | Total Unpaid Amount | GMAC |
| --- | --- | --- | --- | --- | --- | --- | --- |
| 0835002124 CORLA JACKSON | 02/01/06 | $1,920.64 | ** | ** | ** | ** | Mortgage |

This statement is being furnished for informational purposes only.

Check below if you need information on:
- New Home Purchases
- Refinance
- Home Equity
- NewConstr./ Rehab

Phone #:
Best time to call:
For immediate assistance:
1-800-753-4622

Please assist GMAC Mortgage in applying your payment

| Full Payment(s) | $ |
| ADDITIONAL Principal | $ |
| ADDITIONAL Escrow | $ |
| Late Charge | $ |
| Other Fees (please specify) | $ |
| Total Amount Enclosed | $ |

Sign here to enroll in monthly ACH.
(See back for details.)

GMAC MORTGAGE CORPORATION
PO BOX 9001719
LOUISVILLE KY 40290-1719

02   0206   0835002124   00192064   00000   22222   2

29

### Home Equity, Refinancing, or Purchasing a New Home - 24 Hours a Day/7 Days a Week

If you are considering a new home purchase, home equity financing, or refinancing your existing mortgage, GMAC Mortgage is here to help. We are available 24 hours a day, 7 days a week. Simply call 1-800-753-4622 or visit www.gmacmortgage.com for fast, convenient service. Or, you can always make an appointment with a GMAC Mortgage representative in your local area for face-to-face personal service. Whichever method you choose, be sure to contact us today to apply, or for more information on how we can help you manage the investment you have made in your home.

| **To Apply Online** | **To Apply by Phone** | **To Reach Your Local Office** |
| www.gmacmortgage.com | 1-800-753-GMAC (4622) | 1-866-806-GMAC (4622) |

### Convenient Payment Options

**Automatic Payment Plan**

*By signing the box on the front of the statement, GMAC Mortgage is authorized to withdraw your scheduled payment on your due date from your bank account. Please understand that you must continue to remit monthly payments by check until written confirmation is received.*

Enrolling in GMAC Mortgage's Automated Payment Plan is quick and easy. First, have your bank routing number and bank account number available and then call us at 1-800-766-4622.

- Listen for the prompts to access your mortgage account information
- Enter your mortgage Account Number and Social Security Number
- Follow the prompts.
  You can complete your enrollment , make changes to your existing Automated Payment Plan information or request that an Automated Payment Plan enrollment form be mailed directly to your home.

**Online Payment Services** — Pay your mortgage bills and view your mortgage account statement online! To get started simply register for Account Access at www.gmacmortgage.com, log-in, and follow the enrollment instructions.

**Mortgage Accelerator** — The bi-weekly payment option, available to qualified customers, could save you thousands of dollars on interest payments...call 1-800-335-6970 for more information (there are fees assessed with this program).

**Mail or Express Mail** — When making your mortgage payment, please detach the coupon portion and mail with your check or money order. Do not send cash. Do not send post dated checks. If paying more than the amount due, be sure to instruct us on the coupon how to apply the excess money. Please write your account number on your check or money order.

**If you do not have your mortgage payment coupon** send to: GMAC Mortgage Corporation, Attn: Payment Processing
PO Box 79135, Phoenix, AZ 85062-9135

**For Express Mail Only** send to: GMAC Mortgage Corporation, 6716 Grade Lane, Building 9, Suite 910, Louisville, KY 40213-1407

**Pay by Phone** — For information and the fee to use this quick and convenient service call 1-800-766-4622.

### Account Information or Questions — 1-800-766-4622 or www.gmacmortgage.com

Our automated telephone service will help you get fast and confidential answers to questions.  Be sure to have your account number and social security number available for identification. You can call 24 hours a day, 7 days a week.  Representatives are available from 6:00 a.m.-10:00 p.m. CT Monday-Friday, and 9:00 a.m.-1:00 p.m. CT Saturday.

Special Number for the Hearing Impaired: 1-800-395-9228

**Inquiries** — General inquiries/correspondence should be mailed separately from your account payments:

| **General Inquiries** | **Insurance Policies/Bills** | **Tax Bills** | **Tax Bills in PA** |
| GMAC Mortgage Corporation | GMAC Mortgage Corporation | GMAC Mortgage Corp. | GMAC Mortgage Corp. |
| Attn: Customer Care | P.O. Box 4025 | Attn: Tax Dept. | Attn: Tax Dept. |
| P.O. Box 4622 | Coraopolis, PA 15108-6942 | P.O. Box 569760 | P.O. Box 560825 |
| Waterloo, IA  50704-4622 | 1-800-256-9962 | Dallas, TX 75356 | Dallas, TX 75356-8901 |

### Important Information

**Electronic Debit** — By sending your check, please be aware that you are authorizing us to use information on your check to make a one-time electronic debit to your account at the financial institution indicated on the check. This electronic debit will be for the amount of your check.

**Important Notice** — GMAC Mortgage Corporation may assess a $10.00 fee for any check that is returned for insufficient funds. Additionally, GMAC Mortgage may be attempting to collect a debt and any information obtained will be used for that purpose. GMAC Mortgage may charge a fee for processing payoff requests.

**Important Credit Reporting Notification** — We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.

**Your Privacy** — You will receive a copy of the GMAC Mortgage Privacy Notice annually. Should you wish to obtain an additional copy, please write to us at GMAC Mortgage, Voice of the Customer, 100 Witmer Rd., Horsham, PA 19044-1467.



### GMAC Mortgage helps you save time and money with GMAC HomeSolutions!

**Introducing the New GMAC Mortgage Equity Rewards℠ Credit Card - Helps pay down your mortgage faster!**

- By using the card to purchase everyday items, you can save thousands of dollars over the life of your 30-year mortgage, reduce your principal and pay off your mortgage faster!



- Call toll-free 800-821-8758, for information about rates and costs associated with this card, or to apply. Please mention priority code LWZM.

**Check out GMAC HomeSolutions today and gain exclusive access to free services that do the shopping for you!**
It's free, easy, there's no obligation...and you could save hundreds of dollars. Visit us at www.gmacmortgage.com and click on the GMAC HomeSolutions link or call toll-free 1-800-939-4622.

**GMAC** Mortgage



## This Is (2) Separate Cashiers Checks Sent To
### GMAC CORPORATIONS

# They Cashed Them!
### They Did Not Eve Own The Note Or The Assignment!

During the past 7 years I have compiled a list of my own Top 10 Mortgage Servicer Abuses. The list is reprinted below along with representative cases if applicable:

1. The systematic and universal creation of junk fees such as monthly property inspections, monthly property preservation fees, broker price opinion fees, proof of claim preparation fees, review of Chapter 13 plan fees, and other similar and related charges. Case Examples: In Re Coates, 292 B.R. 894 (Bankr. D. Ill 2003) and Dawkins v. Chase Manhattan, unpublished Slip Opinion, Case No. 99-40552. (Chase was actually seeking over $11,000 in attorney fees for simply a motion for relief from stay that Chase lost).

2. The systematic failure to disclose any of the junk fees during the pendency of the Chapter 13 case by way of the filing of a proper Rule 2016 Fee Application with adequate due process notice and the right to object. Case Example: Tate v. NationsBanc Mortg. Corp. (In Re Tate), 253 B.R. 653 (Bankr. W.D.N.C. 2000); Harris v. First Union Mortg. Corp. (In re Harris), 2002 Bankr. LEXIS 771 (Bankr. D. Ala. 2002) (awarding $2,000,000 in damages).

3. The sinister collection of these fees post-discharge in Chapter 13 cases when the debtor no longer has the benefit of a bankruptcy attorney or any other party who can review a payoff statement for accuracy. Since many Chapter 13 debtors are eligible to refinance their mortgage loans after a Chapter 13 discharge, many of these charges are secretly collected at closing. And, most of the software systems used by the servicers are programmed to automatically download all of the fees and charges held in "suspense" into a payoff quote.

4. The use of these fees to create negative payment histories that result in motions for relief from stay. The system developed by the servicers is both complex and simple. The servicer establishes a software program that automatically adds a late charge to any post-petition payment based solely on the pre-petition default. The system is also designed to transfer any post-petition payment that does not include the "secret late fee" into a suspense or forbearance account. The funds in these accounts are obviously not applied to the post-petition mortgage payments. The debtor receives no interest on these funds and the suspense account is not a trust account. In many instances, the servicers will raid the suspense accounts to pay the unlawful corporate advances and other undisclosed fees and charges.

5. As the court noted in Gorshtein, the attorneys for the mortgage servicers are guilty of the repeated and systemic filing of false representations of defaults in motions for relief from stay. The attorneys know or should know that the data they are receiving from the servicers is not accurate or otherwise reliable; yet, in order to keep a "good client" they continue to accept the cases and file the motions.

6. The attorneys for the servicers who do ask for court approval of their legal fees in connection with a motion for relief from stay are also guilty of making false representations to the Court, the Trustee, the debtor, and the attorney for the debtor. These false representations relate to the nature and extent of their attorney fee agreements

32

with the servicers. For example, many courts have a presumed no-look fee of $450.00 for a motion for relief from stay plus the filing fee of $150.00. Many attorneys for the servicers agree to these fees with full knowledge that their firm has been paid $850.00 plus the $150.00 filing fee by the servicer and that these "actual" fees and not the court approved fees will be charged back to the debtor's account.

7. The creation of bogus "escrow" accounts to fund unlawful corporate advances. The obvious intent is to use these "escrow accounts" to hide the improper application and disbursement of funds from the debtor's contractual payments and from the Trustee arrearage payments.

8. The practice of including undisclosed legal fees in attachments to proofs of claim and then inserting language in a hidden addendum that the failure of the debtor to object to these fees constitutes a waiver, estoppel, or res judicatta defense. See Slick v. Norwest Mortg. Inc. (In re Slick), 2002 Bankr. LEXIS 772 (Bankr. D. Ala. 2002 ).

9. The placement of forced-place insurance with a captive company (i.e., a wholly owned or related subsidiary) when debtors have such insurance. This triggers an escrow review, an enhanced payment, and more money for the suspense accounts.

10. The advancement of funds against the debtor's mortgage loan for monetary damages actually paid to the same debtor for violations of the bankruptcy law. The servicer will also charge the debtor for the attorney fees incurred in defending such action. Case Example: In Re Riser, 289 B.R. 201 (Bankr. D. Fla. 2003).

### STATEMENT OF JURISDICTION

This Court has jurisdiction over this appeal by virtue of the deflection statute. See Ala. Code § 12-2-7(6).

# CONSUMER BANKRUPTCY NEWS

CRITICAL ISSUES AND WINNING STRATEGIES
FOR BANKRUPTCY PROFESSIONALS

MAY 8, 2012 | VOLUME 22 | ISSUE 12

## $3.1 MILLION PENALTY FOR STAY VIOLATION

Wells Fargo Home Mortgage Inc. has been ordered to pay $3,171,154 in punitive damages for violating the automatic stay. Judge Elizabeth W. Magner said the lender's actions "were not only highly reprehensible, but its subsequent reaction on their exposure has been less than satisfactory." (*Jones v. Wells Fargo Home Mortgage Inc. (In re Jones)*, 2012 WL 1155715 (Bankr. E.D. La. 4/5/12).)

The initial ruling in this case came in April 2007, when Judge Magner concluded that Wells Fargo willfully violated the automatic stay. The court found that Wells Fargo charged the Chapter 13 debtor unreasonable fees and costs, failed to notify the debtor that these post-petition charges were added to his account, failed to seek the court's approval of the charges, and applied payments received from the trustee to these charges. The court awarded the debtor $24,441.65 in damages.

A separate hearing was held in May 2007 to consider punitive damages. At that time, Wells Fargo offered to correct systemic problems with its accounting of home mortgage loans in bankruptcy. After negotiations with the court as to the nature and structure of those changes, the agreed upon new accounting procedures were embodied in a supplemental judgment and administrative order. The amended judgment also awarded the debtor $67,202.45 for attorney's fees and costs.

Wells Fargo then appealed the judgment, and withdrew its consent to the nonmonetary relief. The district court affirmed the bankruptcy court, increased the compensatory award to $170,824.96, and remanded for consideration of punitive damages.

In October 2009, the bankruptcy court imposed the changes to Wells Fargo's accounting procedures *in lieu* of punitive damages. In August 2010, the district court affirmed. This time the debtor appealed the denial of punitive relief to the 5th U.S. Circuit Court of Appeals.

Back in August 2007, another Chapter 13 debtor, Dorothy Stewart, objected to Wells Fargo's proof of claim alleging the same misconduct as Jones had asserted. Because Wells Fargo's conduct was in violation

41239413

IN THIS ISSUE:

**$3.1 Million Penalty For Stay Violation**

Reprehensible Conduct ................... 2

**Stay Violation**

Handwritten Notes Cause For Punitive Damages ........................... 3

**Filings**

Filings Down 12% To Start 2012 ...... 4

Bankruptcy Filings To Drop This Year............................................ 4

**Leases**

Leases Get Assumed, Not Reaffirmed ........................................ 4

**Agency Action**

Court Bans Mortgage Relief Business ........................................... 5

**Fraud**

Former Attorney Indicted In Fraud Schemes................................. 5

Illinois Debtor Pleads Guilty To Fraud.................................................. 5

Leader Of $66 Million Fraud Scheme Pleads Guilty ...................... 6

**Case Notes**.......................................... 6

**WEST**®

MAY 8, 2012 | VOLUME 22 | ISSUE 12

of its original agreement, the bankruptcy court ordered the lender to audit every borrower with a case pending in the district for compliance with the new accounting procedures. The *Stewart* judgment was affirmed by the district court, but the 5th Circuit found that the bankruptcy court exceeded its authority by ordering Wells Fargo to conduct the audits.

The appeal in *Jones v. Wells Fargo* was heard by the 5th Circuit after it ruled in *Wells Fargo Bank N.A. v. Stewart (In re Stewart)*, 647 F.3d 553 (5th Cir. 2011). In light of *Stewart*, the 5th Circuit remanded the case for consideration of punitive damages.

## IMPOSITION OF PUNITIVE DAMAGES

Given the *Stewart* ruling, the bankruptcy court could not order Wells Fargo to audit all the lenders' files in the district to make certain that it was complying with proper accounting procedures. Because the relief previously awarded in this case, which was *in lieu* of punitive damages, Judge Magner concluded that the mandate on remand was to consider monetary relief.

"Punitive damages are warranted when the conduct in question is willful and egregious, or when the defendant acted with actual knowledge that he was violating the federally protected right or with reckless disregard of whether he was doing so. There is no question that Wells Fargo's conduct was willful. As previously decided, Wells Fargo clearly knew of Debtor's pending bankruptcy and was represented by bankruptcy counsel in this case. Wells

Fargo is a sophisticated lender with thousands of claims in bankruptcy cases pending throughout the country and is familiar with the provisions of the Bankruptcy Code, particularly those regarding the automatic stay," Judge Magner said.

The imposition of postpetition charges was not egregious, but Wells Fargo's conduct afterward was. "Despite assessing postpetition charges, Wells Fargo withheld this fact from its borrower and diverted payments made by the trustee and Debtor to satisfy claims not authorized by the plan or Court. Wells Fargo admitted that these actions were part of its normal course of conduct, practiced in perhaps thousands of cases. As a result of the evidence presented, the Court also found Wells Fargo's actions to be egregious. There is also no question that Wells Fargo exhibited reckless disregard for the stay it violated."

In *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), the Supreme Court identified three factors for determining the propriety of a punitive damage award. The first factor is the degree of reprehensible conduct.

## REPREHENSIBLE CONDUCT

When the debtor filed for Chapter 13 relief, Wells Fargo did not adjust its account to show the debtor's loan as being current. The lender then added unapproved and undisclosed charges in excess of $24,000 to the debtor's account. When questioned about these charges by the debtor, Wells Fargo refused to explain its calculations or provide an amortization schedule. Even after the debtor sued, Wells Fargo failed to properly explain its calculations. After the bankruptcy court ruled against it, Wells Fargo fought the compensatory portion of the award despite never challenging the calculations of the overpayment, the court recounted.

"While every litigant has a right to pursue appeal, Wells Fargo's style of litigation was particularly vexing. After agreeing at trial to the initial injunctive relief in order to escape a punitive damage award, Wells Fargo changed its position and appealed," the court said.

The cost to the debtor was five years of litigation and hundreds of thousands of dollars in legal fees. It's a cost that Wells Fargo believes every Chapter 13 debtor should pay, as evidenced by its refusal to audit its pleadings or proofs of claim for errors, and its refusal to voluntarily correct any errors that come to light except through threat of litigation, the court said.

"Although its own representatives have admitted that it routinely misapplied payments on loans and improperly charged fees, they have refused to correct past errors. They stubbornly insist on limiting any change in their conduct prospectively, even as they seek to collect on loans in other cases for amounts owed in error."

CONSUMER BANKRUPTCY NEWS

**David J. Light, Esq.**
Principal Attorney Editor

© 2012 Thomson Reuters. All rights reserved.

CONSUMER BANKRUPTCY NEWS (USPS 012-103) (ISSN 1058-3963) is published bi-weekly, 21 times a year, except one issue is omitted in January, May, July, November, and December. Published and copyrighted by Thomson Reuters, 610 Opperman Drive, P.O. Box 64526, St. Paul, MN 55164-0526. Periodical postage paid at St. Paul, MN. Please address correspondence to: David.Light@thomsonreuters.com. Customer Service: (800) 328-4880. POSTMASTER: Send address changes to Consumer Bankruptcy News, 610 Opperman Drive, P.O. Box 64526, St. Paul, MN 55164-0526.

This publication was created to provide you with accurate and authoritative information concerning the subject matter covered; however, this publication was not necessarily prepared by persons licensed to practice law in a particular jurisdiction. The publisher is not engaged in rendering legal or other professional advice and this publication is not a substitute for the advice of an attorney. If you require legal or other expert advice, you should seek the services of a competent attorney or other professional.

For authorization to photocopy, please contact the Copyright Clearance Center at 222 Rosewood Drive, Danvers, MA 01923, USA (978) 750-8400, fax (978) 646-8600 or West's Copyright Services at 610 Opperman Drive, Eagan, MN 55123, fax (651) 687-7551. Please outline the specific material involved, the number of copies you wish to distribute and the purpose or format of the use.

© 2012 Thomson Reuters



CONSUMER BANKRUPTCY NEWS MAY 8, 2012 | VOLUME 22 | ISSUE 12

Judge Magner said Wells Fargo's conduct was clandestine. When questioned by the debtor about the charges on his account, Wells Fargo clammed up. Only by suing the lender was the debtor and the court able to discover what Wells Fargo was doing and then, they learned that the lender was doing it in other cases.

Litigation with Wells Fargo can be a lengthy and expensive process, as was demonstrated in this case. With 80 percent of Chapter 13 debtors in the district earning less than $40,000 per year, Judge Magner said the cost of suing Wells Fargo is a burden many debtors can't bear.

"Wells Fargo has taken advantage of borrowers who rely on it to accurately apply payments and calculate the amounts owed. But perhaps more disturbing is Wells Fargo's refusal to voluntarily correct its errors. It prefers to rely on the ignorance of borrowers or their inability to fund a challenge to its demands, rather than voluntarily relinquish gains obtained through improper accounting methods. Wells Fargo's conduct was a breach of its contractual obligations to its borrowers. More importantly, when exposed, it revealed its true corporate character by denying any obligation to correct its past transgressions and mounting a legal assault to ensure it never had to. Society requires that those in business conduct themselves with honesty and fair dealing. Thus, there is a strong societal interest in deterring such future conduct through the imposition of punitive relief."

Given that it had already cost the debtor $292,673.84 to litigate his claim, the court found that punitive damages of $3,171,154 were warranted to deter Wells Fargo from engaging in similar conduct in the future. The court concluded that this award satisfied the final two *Gore* factors of bearing a reasonable relationship to the harm caused, and being within the range of penalties that a sophisticated lender would expect to face for its misconduct.

## STAY VIOLATION

### HANDWRITTEN NOTES CAUSE FOR PUNITIVE DAMAGES



Sending billing statements to the debtor was a willful violation of the automatic stay. Adding handwritten notes that were increasingly angry and malicious called for the imposition of punitive damages. (*In re Coopersmith*, 2012 WL 1143801 (Bankr. E.D.N.C. 4/4/12).)

The debtors owned and operated IPS Construction Inc., a company that provided general construction contracting services. IPS purchased some of its building supplies from M.G. Brown, a division of Foreman's Inc., on

© 2012 Thomson Reuters

credit. The debtor-husband personally guaranteed payment on the M.G. Brown account.

After IPS defaulted on the account, M.G. Brown obtained a state court judgment for $4,951.16. The debtor-husband attended the hearing, and asked for an accounting of the amount owed. M.G. Brown did not provide that accounting, and the debtor appealed.

The matter was referred to arbitration. The debtor did not attend the arbitration hearing, so the arbitrator entered judgment in M.G. Brown's favor in the amount of $4,951.16 plus a $50 arbitration fee.

When the debtors filed for Chapter 13 relief on June 1, 2011, they listed M.G. Brown as a creditor. On June 30, M.G. Brown, through Clay B. Foreman, president of Foreman's Inc., mailed an account statement to IPS. Foreman handwrote on the invoice: "Added the $50.00 Arbitration fee to your total as stated by judge @ court hearing you have paid attorneys to delay paying your M.G. Brown bill! Your choice as I'm certain attorneys appreciate it!"

The debtors contacted their lawyer, who sent a letter to M.G. Brown explaining that the debtors filed for bankruptcy so they were protected from attempts to collect prepetition claims. M.G. Brown said it did not receive the letter.

In August 2011, M.G. Brown sent a second invoice to IPS. This time it was for $5,053.37. Again, Foreman included a handwritten note. "'Promised to make monthly payments!' but Spent MONEY ON ATTORNEY Spent MONEY ON COURT SYSTEM Result = Expect you will pay attorney—up front—to help you file bankruptcy! Clay Foreman"

In September 2011, M.G. Brown mailed a third invoice to IPS. This time it was for $5,105.35. Foreman added: "You have paid attorneys—UP FRONT—instead of paying portion monthly! Your statement at Small Claim Court of son, ... accepting your offer of paying a little MORE when you could rings hollow as I suspected! Judgment recorded PRIOR to your filing bankruptcy."

The debtors said the invoices caused them to experience anxiety and sleepless nights. The debtors sued M.G. Brown alleging that the company willfully violated the automatic stay. M.G. Brown responded that any violation of the stay was inadvertent, and that the bills were not sent to the debtors but were sent to their company, which the debtors operated from their home.

At the hearing, Foreman testified that neither M.G. Brown nor Foreman's Inc. had a procedure for handling bankrupt accounts. Foreman said he was unaware of the debtors' bankruptcy when he wrote the notes on the invoices. His references to paying attorneys were based on his assumption that this was what the debtors were doing.

3

**OFFICIAL BUSINESS**
UNITED STATES BANKRUPTCY COURT
PENALTY FOR PRIVATE USE, $300
CONTAINS NOTICE of a PROCEEDING
in the
UNITED STATES BANKRUPTCY COURT

**FIRST-CLASS MAIL**

PRESORTED
FIRST-CLASS MAIL
POSTAGE & FEES PAID
UNITED STATES COURTS
PERMIT NO. G-18

37

SUN-36207 1128-1 pdf1 05-13142
Lacy Robertson
4317 Downtowner Loop N
Mobile, AL  36609

018789  18789 1 AT 0.357  36695  2 2  6333-1-19111

Corla Reeves Jackson
13230 Tom Gaston Road
Mobile, AL 36695-8658

018789      36207018807035

38

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

IN RE:

CORLA R JACKSON                                          CASE NUMBER: 05-13142

        Debtors

### ORDER DISALLOWING CLAIM

This matter came before the Court on the Debtor's Objection to ECF Claim #7 filed by

GMAC MORTGAGE CORPORATION. Notice of the Motion was given pursuant to Local

Order. No responses were filed. Based upon the statements made in the Motion and upon the

lack of objections, it appears to the Court that the objection is due to be granted..

It is **ORDERED** that the Debtor's Objection to ECF Claim #7 filed by GMAC

MORTGAGE CORPORATION is **SUSTAINED** and the claim is **DISALLOWED** in its

entirety

Dated:    September 18, 2009

*Margaret A. Mahoney*

MARGARET A. MAHONEY
U.S. BANKRUPTCY JUDGE

018789                            36207018807026

39

Case Number: 05-13142      Form: pdf1      Notice Date: 09-20-2009                          Page 1

TO THE DEBTOR/DEBTOR'S ATTORNEY:

   A copy of this notice could not be mailed to each creditor listed below because the court does not have both a city and state for the creditor or, if being mailed to a foreign country, both a city and country. Immediately contact the court in writing if you believe it failed to properly add to its database all of the addresses you provided in your mailing matrix. Please be advised that a creditor's failure to receive some notice of your case could mean the debt owed to that creditor may not be discharged (debtor should contact their attorney with questions).

   IMPORTANT NOTE: YOU MUST SEND A COPY OF THIS NOTICE TO THE CREDITORS LISTED BELOW. THE COURT WILL NOT MAIL THIS NOTICE AGAIN.

For future notices, to correct a creditor's address listed below you must:

(1) Cross out all incorrect information on this page and clearly insert all updated information; (2) Date and sign in the space provided on the bottom of this form; AND (3) Immediately return this page to the court.

   IMPORTANT NOTE: YOU MUST ALWAYS INCLUDE ANY ALPHABETIC OR NUMERIC CODE LOCATED TO THE LEFT OF THE CREDITOR'S NAME WHEN CONTACTING THE COURT TO CORRECT A CREDITOR'S ADDRESS!

   IMPORTANT NOTE: WHILE YOU MAY CORRECT A CREDITOR'S ADDRESS USING THE ABOVE INSTRUCTIONS, IT IS IMPORTANT TO NOTE THAT, IF YOU WISH TO AMEND YOUR SCHEDULES TO ADD A PREVIOUSLY UNLISTED CREDITOR, YOU MUST CONTACT THE COURT FOR INSTRUCTIONS. LISTING SUCH A CREDITOR ON THIS PAGE IS INSUFFICIENT, AND WILL NOT RESULT IN THE CREDITOR BEING ADDED.

   The list of each recipient who was not mailed a copy of this notice, including the portion of the address contained in the court's database for the creditor, is as follows:

cr        GMAC Mortgage Corp

_____                          _____
Date                                             Debtor/Debtor's Attorney


018789      3620701880702026

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

IN RE:

CORLA R JACKSON                                    CASE NUMBER: 05-13142

    Debtors

## ORDER DISALLOWING CLAIM

This matter came before the Court on the Debtor's Objection to ECF Claim #1 filed by

GMAC MORTGAGE CORPORATION. Notice of the Motion was given pursuant to Local

Order. No responses were filed. Based upon the statements made in the Motion and upon the

lack of objections, it appears to the Court that the objection is due to be granted..

It is **ORDERED** that the Debtor's Objection to ECF Claim #1 filed by GMAC

MORTGAGE CORPORATION is **SUSTAINED** and the claim is **DISALLOWED** in its

entirety

Dated:    September 18, 2009

*Margaret A. Mahoney*
MARGARET A. MAHONEY
U.S. BANKRUPTCY JUDGE

018789                          36207018807017

41

Case Number: 05-13142      Form: pdf1      Notice Date: 09-20-2009                           Page 1

TO THE DEBTOR/DEBTOR'S ATTORNEY:

A copy of this notice could not be mailed to each creditor listed below because the court does not have both a city and state for the creditor or, if being mailed to a foreign country, both a city and country. Immediately contact the court in writing if you believe it failed to properly add to its database all of the addresses you provided in your mailing matrix. Please be advised that a creditor's failure to receive some notice of your case could mean the debt owed to that creditor may not be discharged (debtor should contact their attorney with questions).

IMPORTANT NOTE: YOU MUST SEND A COPY OF THIS NOTICE TO THE CREDITORS LISTED BELOW. THE COURT WILL NOT MAIL THIS NOTICE AGAIN.

For future notices, to correct a creditor's address listed below you must:

(1) Cross out all incorrect information on this page and clearly insert all updated information; (2) Date and sign in the space provided on the bottom of this form; AND (3) Immediately return this page to the court.

IMPORTANT NOTE: YOU MUST ALWAYS INCLUDE ANY ALPHABETIC OR NUMERIC CODE LOCATED TO THE LEFT OF THE CREDITOR'S NAME WHEN CONTACTING THE COURT TO CORRECT A CREDITOR'S ADDRESS!

IMPORTANT NOTE: WHILE YOU MAY CORRECT A CREDITOR'S ADDRESS USING THE ABOVE INSTRUCTIONS, IT IS IMPORTANT TO NOTE THAT, IF YOU WISH TO AMEND YOUR SCHEDULES TO ADD A PREVIOUSLY UNLISTED CREDITOR, YOU MUST CONTACT THE COURT FOR INSTRUCTIONS. LISTING SUCH A CREDITOR ON THIS PAGE IS INSUFFICIENT, AND WILL NOT RESULT IN THE CREDITOR BEING ADDED.

The list of each recipient who was not mailed a copy of this notice, including the portion of the address contained in the court's database for the creditor, is as follows:

cr        GMAC Mortgage Corp

_____                    _____
Date                                                Debtor/Debtor's Attorney


018789      36207018807017

42



SAT-37512 1128-1 pdfI 05-13142
Lacy Robertson
4317 Downtowner Loop N
Mobile, AL 36609

023748  23748 1 AT 0.357  36695  4 3  6342-1-24268
Corla Reeves Jackson
13230 Tom Gaston Road
Mobile, AL 36695-8658

023748    37512023771039

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

IN RE:

CORLA R JACKSON                                    CASE NUMBER: 05-13142

    Debtors

### AMENDED ORDER DISALLOWING CLAIM

    This Order amends that Order dated September 18, 2009 in order to correct that certain paragraph that states It is **ORDERED** that the Debtor's Objection to ECF Claim #7 filed by GMAC MORTGAGE CORPORATION is **SUSTAINED** and the claim is **DISALLOWED** in its entirety to It is **ORDERED** that the Debtor's Objection to ECF Claim #7 filed by GMAC MORTGAGE CORPORATION is  is **SUSTAINED** and the claim is **REDUCED and ALLOWED** to the amount paid. and in all other respects the Order stands as originally entered

    This matter came before the Court on the Debtor's  Objection to ECF Claim #7 filed by

GMAC MORTGAGE CORPORATION.  Notice of the Motion was given pursuant to Local

Order.  No responses were filed.  Based upon the statements made in the Motion and upon the

lack of objections, it appears to the Court that the objection is due to be granted..

    It is **ORDERED** that the Debtor's Objection to ECF Claim #7 filed by GMAC

MORTGAGE CORPORATION is **SUSTAINED** and the claim is **REDUCED and ALLOWED**

to the amount paid

Dated:   October 1, 2009

_Margaret A. Mahoney_
MARGARET A. MAHONEY
U.S. BANKRUPTCY JUDGE

023748                          37512023771011

45

Case Number: 05-13142    Form: pdf1    Notice Date: 10-03-2009    Page 1

TO THE DEBTOR/DEBTOR'S ATTORNEY:

    A copy of this notice could not be mailed to each creditor listed below because the court does not have both a city and state for the creditor or, if being mailed to a foreign country, both a city and country. Immediately contact the court in writing if you believe it failed to properly add to its database all of the addresses you provided in your mailing matrix. Please be advised that a creditor's failure to receive some notice of your case could mean the debt owed to that creditor may not be discharged (debtor should contact their attorney with questions).

    IMPORTANT NOTE: YOU MUST SEND A COPY OF THIS NOTICE TO THE CREDITORS LISTED BELOW. THE COURT WILL NOT MAIL THIS NOTICE AGAIN.

For future notices, to correct a creditor's address listed below you must:

(1) Cross out all incorrect information on this page and clearly insert all updated information; (2) Date and sign in the space provided on the bottom of this form; AND (3) Immediately return this page to the court.

    IMPORTANT NOTE: YOU MUST ALWAYS INCLUDE ANY ALPHABETIC OR NUMERIC CODE LOCATED TO THE LEFT OF THE CREDITOR'S NAME WHEN CONTACTING THE COURT TO CORRECT A CREDITOR'S ADDRESS!

    IMPORTANT NOTE: WHILE YOU MAY CORRECT A CREDITOR'S ADDRESS USING THE ABOVE INSTRUCTIONS, IT IS IMPORTANT TO NOTE THAT, IF YOU WISH TO AMEND YOUR SCHEDULES TO ADD A PREVIOUSLY UNLISTED CREDITOR, YOU MUST CONTACT THE COURT FOR INSTRUCTIONS. LISTING SUCH A CREDITOR ON THIS PAGE IS INSUFFICIENT, AND WILL NOT RESULT IN THE CREDITOR BEING ADDED.

    The list of each recipient who was not mailed a copy of this notice, including the portion of the address contained in the court's database for the creditor, is as follows:

cr       GMAC Mortgage Corp

_____
Date

_____
Debtor/Debtor's Attorney

023748    37512023771011

46

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

IN RE:

CORLA R JACKSON                                CASE NUMBER: 05-13142

    Debtors

### AMENDED ORDER DISALLOWING CLAIM

    This Order amends that Order dated September 18, 2009 in order to correct that certain paragraph that states It is **ORDERED** that the Debtor's Objection to ECF Claim #1 filed by GMAC MORTGAGE CORPORATION is **SUSTAINED** and the claim is **DISALLOWED** in its entirety to It is **ORDERED** that the Debtor's Objection to ECF Claim #1 filed by GMAC MORTGAGE CORPORATION is  is **SUSTAINED** and the claim is **REDUCED and ALLOWED** to the amount paid. and in all other respects the Order stands as originally entered

    This matter came before the Court on the Debtor's  Objection to ECF Claim #1  filed by

GMAC MORTGAGE CORPORATION.  Notice of the Motion was given pursuant to Local

Order.  No responses were filed.  Based upon the statements made in the Motion and upon the

lack of objections, it appears to the Court that the objection is due to be granted..

    It is **ORDERED** that the Debtor's Objection to ECF Claim #1 filed by GMAC

MORTGAGE CORPORATION is **SUSTAINED** and the claim is **REDUCED and ALLOWED**

to the amount paid.

Dated:   October 1, 2009

*Margaret A. Mahoney*
MARGARET A. MAHONEY
U.S.  BANKRUPTCY JUDGE

023748                              37512023771020

47

Case Number: 05-13142      Form: pdf1      Notice Date: 10-03-2009                                      Page 1

TO THE DEBTOR/DEBTOR'S ATTORNEY:

A copy of this notice could not be mailed to each creditor listed below because the court does not have both a city
and state for the creditor or, if being mailed to a foreign country, both a city and country. Immediately contact the court in
writing if you believe it failed to properly add to its database all of the addresses you provided in your mailing matrix.
Please be advised that a creditor's failure to receive some notice of your case could mean the debt owed to that creditor may
not be discharged (debtor should contact their attorney with questions).

IMPORTANT NOTE: YOU MUST SEND A COPY OF THIS NOTICE TO THE CREDITORS LISTED BELOW.
THE COURT WILL NOT MAIL THIS NOTICE AGAIN.

For future notices, to correct a creditor's address listed below you must:

(1) Cross out all incorrect information on this page and clearly insert all updated information; (2) Date and sign in the space
provided on the bottom of this form; AND (3) Immediately return this page to the court.

IMPORTANT NOTE: YOU MUST ALWAYS INCLUDE ANY ALPHABETIC OR NUMERIC CODE LOCATED
TO THE LEFT OF THE CREDITOR'S NAME WHEN CONTACTING THE COURT TO CORRECT A CREDITOR'S
ADDRESS!

IMPORTANT NOTE: WHILE YOU MAY CORRECT A CREDITOR'S ADDRESS USING THE ABOVE
INSTRUCTIONS, IT IS IMPORTANT TO NOTE THAT, IF YOU WISH TO AMEND YOUR SCHEDULES TO ADD A
PREVIOUSLY UNLISTED CREDITOR, YOU MUST CONTACT THE COURT FOR INSTRUCTIONS. LISTING SUCH
A CREDITOR ON THIS PAGE IS INSUFFICIENT, AND WILL NOT RESULT IN THE CREDITOR BEING ADDED.

The list of each recipient who was not mailed a copy of this notice, including the portion of the address contained
in the court's database for the creditor, is as follows:

cr        GMAC Mortgage Corp

_____                          _____
Date                                                     Debtor/Debtor's Attorney

023748        37512023771020

48







**The Defendants GMAC MORTGAGE CORPORATION And Their Attorney's Involved Here Has Committed Fraud With The Intent To Defraud The Courts: This Is Not Jackson Original Loan Number At All They Lied And Was Hiding This After Fabricating Loan Documents That Did Not Belong To Jackson (See Original Loan Documents With Option One Mortgage Or Credit Report...They Whiten Out This Loan Assignment To Defraud The Courts And Rob Jackson Knowing It Was The Wrong Loan Number...**

2008050095  Book-6409  Page-1483
Total Number of Pages: 3

LOAN NUMBER:        0835002124

STATE OF ALABAMA            )

COUNTY OF MOBILE            )

### ASSIGNMENT OF MORTGAGE

FOR VALUE RECEIVED, the undersigned OPTION ONE MORTGAGE CORPORATION (the "Assignor"), does hereby transfer, assign, set over and convey unto GMAC MORTGAGE, LLC (the "Assignee"), its successors, transferees, and assigns forever, all right, title and interest of said Assignor in and to that certain Mortgage executed by CORLA JACKSON, A SINGLE WOMAN, to OPTION ONE MORTGAGE CORPORATION dated the 26th day of May, 2004, and filed for record in Book 5605, Page 1910, in the Probate Office of Mobile County, Alabama, covering property described in said Mortgage, together with the note and indebtedness secured by the Mortgage, and all interest of the undersigned in and to the property described in said Mortgage.

It is expressly understood and agreed that the within transfer and assignment of the said Mortgage is without warranty, representation or recourse of any kind whatsoever.

IN WITNESS WHEREOF, said Assignor has hereunto set its signature this 19th day of June , 2008.

OPTION ONE MORTGAGE CORPORATION

By: _____

Its:    Brian D. McConnell
        Assistant Secretary

STATE OF CALIFORNIA)

COUNTY OF ORANGE )

I, R.A. Salazar, a Notary Public in and for the said County and State, do hereby certify that Brian D. McConnell, whose name as Assistant Secretary of OPTION ONE MORTGAGE CORPORATION, is signed to the foregoing instrument, and who is known to me, acknowledged before me on this day that, being informed of the contents of this instrument, he/she, as such officer, and with full authority, executed the same voluntarily for and as the act of said corporation.

Given under my hand and official seal this 19th day of June, 2008.

_____
Notary Public

My Commission Expires:08/02/2011

R. A. SALAZAR
Commission # 1759905
Notary Public - California
Orange County
My Comm. Expires Aug 2, 2011

This instrument prepared by:
Colleen McCullough
Sirote & Permutt, P.C.
P. O. Box 55727
Birmingham, AL. 35255

State of Alabama-Mobile County
I certify this instrument was filed on:
July 11, 2008 @ 2:23:11 PM
S.R. FEE            $2.00
RECORDING FEES      $3.50
TOTAL AMOUNT        $5.50

2008050095
Don Davis, Judge of Probate

CERTIFIED TRUE COPY
Probate Court of Mobile Co., AL
Don Davis, Judge

Signature _____
Joe McEarchern Jr., Chief Clerk

Date _15 March 2012_
(Not valid unless in red ink with raised seal of court)

51

## Taking our Country Back - Tim Turner wins Alabama Case

This is HUGE news! The $50Billion maritime lien filed against the Houston District Court Corporation has been sustained and is now in collection phase. These 3 judges are now broke, wiped out professionally, and now all their assets have been seized and will be sold to help settle this lien. Additionally the Sheriff also a named party to the action and the District Attorney will be shortly following these 3 out the door, also personally and professionally bankrupted and contributing their assets to settling the lien. The case that was their nadir is: Commercial Bank of Enterprise Alabama v Josie Park Broadcasting Inc. The bulk of the seized assets to satisfy the $50B lien will come from the casino money which has been proven to illegally conspired to steal the WIRM Ch *67 broadcasting company. Additionally, this huge victory in de facto court firmly establishes the de facto courtroom bona fides of one litigator, Tim Turner (NON-ESQUIRE.) Turner is not only one of the winning litigators, but also a part-owner of Josie Park Broadcasting, Inc. Last but not least, litigator Turner is also Commander of the legitimate, re-inhabited De jure 100 member Alabama Militia, and one of the two de jure appointed Alabama senators under the re-established De jure Alabama republic. Last but not least, Turner is one of the 4 Guardian Elders of the Restore America Plan, which received some MSM press coverage (March 27, 2010...Wolf Blitzer on CNN, Christian Science Monitor, USA Today, etc.) The portion of the article above which states the state is trying to save money is simply spin. A bankrupt de facto court is out of business, period. Their corporated bond has been arrested. The STATE OF ALABAMA judiciary is reeling. Details are just beginning to emerge

To better understand the issue watch the Tim Turner video http://www.ronpaulforums.com/showthread.php?t=231468 ☐

## Judge Steensland announces retirement; little notice given

Judge Steensland announces retirement; little notice

District Judge John Steensland
Longtime Houston County District Judge John Steensland retired abruptly on Friday, leaving Houston County with three judge vacancies. Steensland declined comment to the Dothan Eagle, but presiding Circuit Judge Brad Mendheim confirmed Steensland informed him of his retirement.
"He told me he was retiring (Friday) and that he does have a court schedule next week we will be able to cover," Mendheim said. "We are working very hard to try to get everything covered."
Steensland is the third judge to leave the bench recently. Circuit judges Lawson Little and Ed Jackson have retired. The governor can appoint a successor to fill Steensland's term. However, Alabama Supreme Court Justice Sue Bell Cobb recently asked Gov. Bob Riley to hold off on filling Houston County's vacancies to save money.
Steensland assumed the office of Houston County District Judge in 1989. He holds a civil engineering degree from the University of Alabama and a law degree from Jones School of Law in Montgomery.

Watch brand new videos on the cause of cancer and natural cancer cures www.drleonardcoldwell.com

⌐..Drink it.    Feel it.    Share it.®

Company Overview☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ http://drhohn.mymonavie.com/

It takes a high level of confidence in your product to use the slogan above, but it is true.☐ Because so many people report

http://md18.embarq.synacor.com/zimbra/mail                                    5/6/2010

# Mold Reporter

Home    ## News, Vol. 1, No. 3

About    Prev | Next | Volume 1, Number 3

### The Final Solution: Mold-Contaminated House Burned to Ground

Search

In February of this year, the Associated Press reported a Eugene, Oregon, couple's plan to burn their house to the ground, letting the fire department use it for a training exercise. It became contaminated while Mark and Mary Jane O'Hara were having it remodeled. They and their children were made sick as a result (headaches, respiratory problems, rapid weight loss, swollen and painful joints, chronic fatigue, profuse nosebleeds and severely inflamed sinuses). After the house is demolished, they plan to rebuild on the same 8-acre plot of land.

The O'Haras are seeking $3.5 million in damages in a lawsuit that will probably be brought to trial this summer. They allege that their architect (Michael Cockram of Eugene) failed to control the quality of work by the general contractor, Stangland Construction, which failed to keep the inside of the house dry during remodeling. These issues are being contested.

The family tried to decontaminate their personal belongings, but had to discard many of them.

### Melinda Ballard & Family win Large Settlement against Farmers Insurance

It was a lawsuit that made legal history. The Dripping Springs, Texas, family whose house was lost to mold last year was awarded $32 million by a jury in the first part of June, 2001. Farmers Insurance Exchange, they found, failed to adequately and swiftly cover repairs for a water leak. As a result, the mold Stachybotrys overran their 22-room house and severely damaged the parents' health and that of their child.

The award was broken down as follows:

- $6.2 million in actual damages. The house will have to be decontaminated, leveled, and rebuilt.
- $12 million in punitive damages.
- $5 million for mental anguish
- $8.9 million in lawyers' fees.

The award may be reduced by Judge John Dietz when he officially enters the judgment on June 25. Also: Farmers may appeal. And political pressure may ultimately release insurers from the necessity of covering conditions that may

53

# CERTIFICATE OF SERVICE

## I certify that on June 7, 2012 a true and correct copy of

Was Sent To The Following Parties Listed Below:

GMAC MORTGAGE CORPORATION
JOHN H. PATTERSON (PAT066)
jpatterson@babc.com
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, al.  35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 488-6403
Attorney For Defendant's (GMAC MORTGAGE LLC)
GMAC MORTGAGE CORPORATION, ET, AL.


REGISTERED AGENT: GMAC MORTGAGE CORPORATION
CSC LAWYERS INCORPORATING SVC INC
150 SOUTH PERRY STREET
MONTGOMERY, ALABAMA. 36104

Corla Reeves Jackson        6/7/2012
13230 Tom Gaston Road
Mobile, Alabama. 36695
Phone: 251.554.1785

54