Katherine S. Parker-Lowe
Attorney at Law
35 Miss Elecia Lane, Suite 101
Post Office Box 730
Ocracoke, North Carolina 27960
252-928-1000
Attorney for Rex T. Gilbert, Jr. and Daniela L. Gilbert

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: **Residential Capital, LLC, et.als.** ) | **Case No.: 1:12-BK-12020(MG)** |
|  ) | Chapter 11 |
| Debtors.  ) |  |
| _____) | Jointly Administered |

GILBERT MOTION TO DISMISS CHAPTER 11 BANKRUPTCY FOR CAUSE,
OR, IN THE ALTERNATIVE,
MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT THE GILBERT
LITIGATION NOW PENDING IN THE UNITED STATES COURT OF APPEALS FOR THE
FOURTH CIRCUIT TO PROCEED IN THE FEDERAL COURTS AND MOTION SEEKING
DAMAGES FOR WILLFUL VIOLATION OF THE AUTOMATIC STAY PURSUANT TO 11
U.S.C. § 362(H)

Rex T. Gilbert, Jr. and Daniela L. Gilbert (the "Gilberts") move the Court for an order dismissing the underlying chapter 11 bankruptcy pursuant to 11 U.S.C. §1112(b) or, in the alternative, move the Court for an order pursuant to 11 U.S.C. §§ 105(a) and 362, Rules 9013 and 9014 of the Federal Rules of Bankruptcy Procedure, and the Case Management Procedures in this case [Docket No. 141] granting relief from the automatic stay to permit their pending action in the United States Court of Appeals for the Fourth Circuit, entitled *Gilbert, et. al. v. Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc. Series 2006-QA6, et. als*. (Appeal 10-2295), to proceed in the federal courts (the "Gilbert Litigation") and move the Court for an order pursuant to 11 U.S.C. § 362(h) for damages for willful violation of the automatic stay.

1

## JURISDICTION

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are 11 U.S.C. §§ 1112(b), 105(a) and 362, Rules 9013 and 9014 of the Federal Rules of Bankruptcy Procedure, and the Case Management Procedures in this case.

## BACKGROUND

2. The Debtors, a leading residential real estate finance company, are in the business of originating and servicing mortgage loans. In the ordinary course of the Debtors' business, the Debtors frequently participate and litigate in state and federal court forums both in and outside of bankruptcy in cases of borrowers who maintain mortgages originated or serviced by the Debtors. The Debtors, in carrying out their business, are required to comply with all applicable rules and laws. See 28 U.S.C. § 959(b).

3. The Gilberts seek a dismissal of the underlying chapter 11 bankruptcy based upon the bad faith and misconduct of Debtors Residential Funding, LLC and GMAC Mortgage LLC. The Gilberts' grounds for relief from the automatic stay are the Gilberts' mortgage is not an asset of the bankruptcy estate; Residential Funding LLC and GMAC Mortgage LLC's position as merely unsubstantiated servicers with respect to the Gilberts; and the substantial question of law regarding a borrower's right to exercise the extended right to rescind under the federal Truth in Lending Act in the Gilberts' case currently pending at the Fourth Circuit Court of Appeals. The Gilberts' seek actual damages and attorney's fees for willful violations of the automatic stay Residential Funding LLC and GMAC Mortgage LLC; to wit: after seeking bankruptcy protection Debtors Residential Funding LL and GMAC Mortgage LLC filed a

petition for rehearing or hearing en banc with the Fourth Circuit Court of Appeals, failed to take steps to vacate this filing and have unfairly and unreasonably placed the burden upon the Gilberts to seek relief from the automatic stay.

## PROCEDURAL HISTORY OF THE GILBERT LITIGATION

4.      The Gilberts commenced an action in the General Court of Justice for the County of Hyde, North Carolina on September 14, 2009, seeking equitable relief to stop a foreclosure sale and to raise claims based upon violations of the federal Truth in Lending Act and other state law consumer protection claims (the "Gilbert Litigation"). Residential Funding, LLC and GMAC Mortgage, LLC along with Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc. Series 2006-QA6 (collectively the "Deutsche parties"). removed the case to the United States District Court for the Eastern District of North Carolina on October 14, 2009. Thereafter, all claims were dismissed by the United States District Court for failure to state a claim upon which relief can be granted. The Gilberts gave notice of appeal to the United States Court of Appeals for the Fourth Circuit on November 17, 2010. While the Gilbert Litigation was pending on appeal before the United States Court of Appeals for the Fourth Circuit, the North Carolina Court of Appeals reversed the state court Order authorizing the substitute trustee to proceed with the foreclosure sale. The Gilbert Litigation was fully briefed and was argued before the Court on January 24, 2012. On May 3, 2012, the United States Court of Appeals for the Fourth Circuit issued a published opinion reversing the District Court and reinstating each of the Gilberts' claims except for one. On May 17, 2012, after the Debtors commenced their chapter 11 bankruptcy, the Deutsche parties filed a petition with the United States Court of Appeals for the Fourth Circuit seeking a rehearing of the case by the original panel or a hearing *en banc*. As Residential Funding LLC and GMAC Mortgage LLC did not seek relief from the automatic stay

prior to petitioning for rehearing, this filing is void as to these two parties. Further, the time for issuance of the mandate, petitioning for rehearing or hearing en banc and petitioning for certiorari to the United States Supreme Court is tolled as to Residential Funding LLC and GMAC Mortgage LLC. but not as to the other Deutsche parties.

5. On June 4, 2012, at the request of the United States Court of Appeals for the Fourth Circuit, the Gilberts filed a Response to Notice of Bankruptcy and Effect of Automatic Stay. In this filing, the Gilberts affirmatively placed Residential Funding LLC and GMAC Mortgage LLC on notice regarding the willful violations of the automatic stay and suggested that these parties had an affirmative duty to take steps to vacate any filings entered after the filing of a bankruptcy petition in violation of the automatic stay. See *Sucre v. MIC Leasing Corp. (In re Sucre)*, 226 B.R. 340, 348 (Bankr.S.D.N.Y 1998).

## STATEMENT OF FACTS IN THE GILBERT LITIGATION

6. The Gilberts own a house and lot on Ocracoke Island, Hyde County, North Carolina. On May 5, 2006, the Gilberts refinanced their home loan borrowing $525,000.00 from First National Bank of Arizona. By 2009, Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc. Series 2006-QA6 claimed to be the current owner and holder of the Gilberts' mortgage, with Residential Funding LLC as the master servicer and GMAC Mortgage LLC as the sub-servicer.

7. On April 5, 2009, the Gilberts, by and through their counsel, exercised their extended right to rescind the loan transaction provided under the federal Truth in Lending Act by sending written notice addressed to the attention of the holder of loan number xxxx in care of the attorneys representing Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc. Series 2006-QA6. The Gilberts' extended right to rescind was based upon

4

the failure to provide correct and accurate material disclosures. By letter dated April 24, 2009, GMAC ResCap responded advising that it "would not rescind the Loan transaction at this time."

8. The Gilberts instituted an action against the Deutsche parties to obtain an injunction to stop the foreclosure sale, enforce their right to rescind under Truth in Lending and raise other consumer protection claims and defenses beyond the scope of the limited state court foreclosure hearing. The Deutsche parties removed this action to the United States District Court for the Eastern District of North Carolina where it was dismissed for failure to state a claim. The Gilberts appealed to the United States Court of Appeals for the Fourth Circuit.

9. In the fall of 2010, the Gilberts learned of Debtors national corporate practice of signing and supplying false pseudo-affidavits for use in support of foreclosure proceedings through the release of deposition testimony by GMAC Mortgage LLC's employee Jeffrey Stephan. [See Docket Nos.223,224]  The Gilberts also learned that GMAC Mortgage LLC had been sanctioned in at least two state courts and in the federal court for the state of Maine for such practices. The Gilberts' state court foreclosure which was reversed by the North Carolina Court of Appeals was supported by a false pseudo-affidavit signed by Jeffrey Stephan.

10 While the appeal to the United States Court of Appeals for the Fourth Circuit continued, the Gilberts filed a 60(b) motion during the pendency of the appeal in which the District Court indicated that it would be inclined to grant relief; however, the United States Court of Appeals for the Fourth Circuit refused to release the case from appeal. In their 60(b) motion, the Gilberts sought to reopen their case to add claims against the Deutsche parties based upon the national corporate practice of using false pseudo-affidavits in general and the Stephan affidavit presented by the Deutsche parties in the Gilberts state court foreclosure proceeding in particular.

5

11..     On May 3, 2011, the North Carolina Court of Appeals reversed the trial court Order which authorized the substitute trustee to proceed with the foreclosure sale. In North Carolina, the petitioner in a foreclosure proceeding must show, *inter alia*, by competent evidence that it is the holder of a valid debt. The Appeals Court held that there was no competent evidence that Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Series 2006-QA6 was the owner and holder of the Gilberts' note. Although the note contained an Allonge which included various indorsements, the note was not indorsed to the trustee or to bearer, a prerequisite to confer upon the trustee the status of holder under the Uniform Commercial Code. This decision was not appealed and it is, therefore, res judicata on the holder issue for purposes of the Deutsche parties right to foreclose. Based upon the North Carolina Court of Appeals decision, it is clear that the Gilberts' mortgage is not property of the Debtors' bankruptcy estate.

12     On May 3, 2012, the United States Court of Appeals for the Fourth Circuit reversed the District Court issuing a landmark opinion holding that the Gilberts had effectively rescinded their loan by sending written notice within three years of the date of the loan closing.

13.     Although Residential Funding, LLC and GMAC Mortgage, LLC sought bankruptcy protection on May 15, 2012, the Deutsche parties filed a petition for rehearing or hearing *en banc* on May 17, 2012. This filing was a violation of the automatic stay by Residential Funding, LLC and GMAC Mortgage, LLC. 11 U.S.C. § 362(a). Because the petition for rehearing was pursued by Residential Funding LLC and GMAC Mortgage LLC in violation of the automatic stay, it necessarily constitutes a null and void act—as if it never happened. See *In re Capgro Leasing Associates,* 169 B.R. 305, 314 (Bkrtcy.E.D.N.Y 1994).

14. The petition for rehearing or hearing *en banc* is void as to Residential Funding LLC and GMAC Mortgage LLC; however, the automatic stay tolls the time for these parties to file for rehearing or hearing *en banc*. The automatic stay also tolls the issuance of the mandate returning the Gilbert Litigation to the District Court and tolls the time for these parties to petition the United States Supreme Court for a writ of certiorari as to these parties.

## RELIEF REQUESTED

15. 11 U.S.C. § 1112(b) of the Bankruptcy Code provides this Court broad discretion to dismiss a chapter 11 bankruptcy in the best interests of creditors and the estate for cause. Likewise, 11 U.S.C. § 362(d) of the Bankruptcy Code provides this Court broad discretion to grant relief from the automatic stay, including terminating, annulling, modifying, or conditioning the stay for cause. Although not expressly stated in either section, it is well established that a debtor's bad faith constitutes "cause"  *In re AMC Realty Corp.,* 270 B.R. 132, 140-41 (Bankr.S.D.N.Y.2001)

16. The Court in *In re Highcrest Management Co., Inc.,* 30 B.R. 776 (Bankr.S.D.N.Y.1983) found that cause may include misconduct and bad faith:

> The class action in the District Court is predicated on alleged misconduct and bad faith on the part of the debtors. The automatic stay should not be used as a shield to protect conduct which can only be fully and finally adjudicated in a case pending in the District Court ... The debtors have had a breathing spell of five months since the Chapter 11 cases were filed. They must now face the reality of defending plaintiff's charges in the District Court where, if the debtors are successful, they will be in a better position to effect their desired reorganization in this court.

*In re Highcrest Management Co., Inc.,* 30 B.R. at 778.

17. In the Gilbert Litigation, the Deutsche parties, *inter alia*, are alleged to have engaged in actions which resulted in a wrongful foreclosure of the Gilberts' home. The North

7

Carolina Court of Appeals reversed the order allowing the substitute trustee to proceed with a foreclosure sale finding that the Deutsche parties failed to establish an ownership interest in the Gilberts' mortgage. The Gilberts have additional claims against the Deutsche parties for advancing the false pseudo affidavit of robo-signer Jeffrey Stephan in the state court foreclosure proceeding. The Gilberts effectively exercised their right to rescind the mortgage and the Deutsche parties wrongfully refused to unwind the transaction.

18.     In March of this year, attorneys for GMAC Mortgage LLC, without filing a new state court foreclosure proceeding and without having an order authorizing a foreclosure sale, caused a Notice of Foreclosure Sale of the Gilberts' home to be sent to the Office of the Hyde County Clerk of Superior Court where it was posted on the county bulletin board. In the face of Rule 11 sanctions, said attorneys advised that GMAC Mortgage LLC had engaged them to "pick up the foreclosure [on the Gilbert's property] and run with it." On information and belief, this attempt to hold a sale of the Gilberts' home without a court order appears to have been an attempt by GMAC to solidify a claim to the Gilberts' property in advance of its bankruptcy filing.

19.     Residential Funding, LLC and GMAC Mortgage, LLC seek to use the bankruptcy automatic stay has a shield from their misconduct. Misconduct which continued with the filing of the petition for rehearing without seeking relief from the automatic stay; the apparent failure to list the Gilberts as a creditor while clearly listing other individual creditors, presumably borrowers, with claims between $55,000.00 and $157,000.00 as "top 50 creditors;" and the filing on May 31, 2012, seeking relief from the automatic stay to proceed with foreclosures, evictions and other remedies, but again not seeking relief to proceed in this case.  See Docket No. 181,

8

Debtors' Motion for Supplemental Order. Some or all of these actions constitute "failure to comply with an order [or rule] of the court under 11 U.S.C. § 1112(b)(4)(E).

20.    It is in the best interests of the Gilberts as creditors for the Court to order a dismissal of the chapter 11 bankruptcy. It is in the best interests of the other numerous distressed homeowners with claims, defenses and counterclaims against Debtors whose litigation has been pulled involuntarily into a bankruptcy court in a distant forum for the court to order a dismissal of the chapter 11 bankruptcy. It is in the best interests of the estate which obviously needs to engage in substantial due diligence with respect to property it claims as assets for the court to order a dismissal of the chapter 11 bankruptcy.

21.    With respect to motions for relief from the automatic stay, the Debtor has the burden of proof in opposing said motions. 11 U.S.C. § 362(g). *In re Highcrest Management Co., Inc.,* 30 B.R. 776 (Bankr.S.D.N.Y 1983) The Debtor has the ultimate burden of persuasion. *In re Sonnax Industries, Inc.,* 99 B.R. 591 (D.Vt.1989), aff'd, 907 F.2d 1280 (2d Cir.1990) (hereinafter "Sonnax ").

22.    Since equity in property is not at issue in this motion, the Debtors have the burden of proof that cause does not exist to lift the stay. The Gilbert Litigation meets several of the *Sonnax* factors including (1) relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or inference with the bankruptcy case; (3) the Gilbert Litigation involves the Debtors as fiduciaries; and (4) the interests of judicial economy and the expeditious and economical resolution of litigation.

23.    The Gilbert Litigation should be allowed to proceed in the forum originally chosen by the Deutsche parties.

24. The Debtors will not suffer any prejudice by allowing the Gilbert Litigation to proceed. The Gilberts' mortgage is not property of the bankruptcy estate. The federal courts would still be subject to the automatic stay. No monetary relief may be awarded to the Gilberts against the Debtors while the automatic stay in this case remains in effect.

25. Allowing the Gilbert Litigation to proceed will allow issuance of the mandate for the Fourth Circuit decision and a return to the District Court, or allow Residential Funding LLC and GMAC Mortgage LLC to petition for rehearing in the correct procedural posture (i.e. not in violation of automatic stay), or allow Residential Funding LLC and GMAC Mortgage LLC to join the other Deutsche parties in a petition for a writ of certiorari to the United States Supreme Court.

26. The Congressional Reports has previously provided some guidance on this issue:

> The lack of adequate protection of an interest in property of the party requesting relief from the stay is one cause for relief, but is not the only cause. A desire to permit an action to proceed to completion in another tribunal may provide another cause ... The facts of each request will determine whether relief is appropriate under the circumstances. (Emphasis supplied)

H.R.Rep. No. 595, 95th Cong., 1st Sess. 343-44 (1977), reprinted in 1978, U.S.Cong. & Admin.News 5787, 6300; S.Rep. 95-989, 95th Cong.2d Sess., 52-3 (1978).

In the same connection, the Reports point out the reasons for letting a pending proceeding continue. The relevant part reads as follows:

> Nevertheless, it will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere.

H.R.Rep., supra at 341; S.Rep., supra at 50, U.S.Code Cong. & Admin.News 1978, pp. 5836, 6297.

27. To date, Residential Funding LLC and GMAC Mortgage LLC have not taken any steps to correct their willful violations despite having been placed on notice by the Gilberts'

Response to Notice of Bankruptcy and Effect of Automatic Stay filed with the Fourth Circuit on June 4, 2012.

28. The Gilberts submit that dismissal of the underlying bankruptcy for cause grounded in misconduct and bad faith should be granted. In the alternative, the Gilberts submit that relief from the automatic stay should be granted to allow the Gilbert Litigation pending before the United States Court of Appeals for the Fourth Circuit to proceed in the federal courts and actual damages and attorney's fees awarded for the willful violation of the automatic stay.

## NOTICE

29. Notice of this Motion will be given via Electronic Mail to each of the entities or individuals listed on the Monthly Service List as of May 30, 2012 filed by the Debtors [Docket No. 173], in accordance with the Case Management Procedures in place in this action. Such notice is deemed sufficient considering this motion and the parties involved.

WHEREFORE, the Gilberts respectfully request that the Court set this matter for hearing within thirty days pursuant to 11 U.S.C. § 1112(b)(3) to determine cause to enter an order dismissing the Debtors underlying chapter 11. In the alternative, the Gilberts request that the Court enter an order lifting the automatic stay to allow the Gilbert Litigation to proceed in the federal courts and set a hearing on the issue of damages and attorney's fees associated with the Debtors willful violation of the automatic stay.

Dated: Ocracoke, North Carolina
      June 11, 2012                      /s/Katherine S. Parker-Lowe
                                          Katherine S. Parker-Lowe
                                          Attorney for Gilberts
                                          NC State Bar #13318
                                          35 Miss Elecia Lane, Suite 101
                                          Post Office Box 730
                                          Ocracoke, North Carolina 27960
                                          katherine@ocracokelaw.com
                                          252-928-1000