Hearing Date: June 18, 2012 at 10:00 a.m. (Prevailing Eastern Time)
Objection Deadline: June 11, 2012 at 4:00 p.m. (Prevailing Eastern Time)

Alan Marder Esq. (AM-0114)
MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
990 Stewart Avenue, Suite 300
P.O. Box 9194
Garden City, NY 11530-9194
Telephone: (516) 741-6565
Facsimile: (516) 741-6707
Email: amarder@msek.com

Michael S. Greger, Esq. (CA Bar No. 156525)
Ivan M. Gold  (CA Bar No. 121486)
Richard M. Dinets, Esq. (CA Bar No. 265197)
ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP
1900 Main Street, Fifth Floor
Irvine, California  92614-7321
Telephone:  (949) 553-1313
Facsimile:  (949) 553-8354
Email:  mgreger@allenmatkins.com
Email:  igold@allenmatkins.com
Email:  rdinets@allenmatkins.com

Attorneys for Digital Lewisville, LLC,
a Delaware limited liability company

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, *et al.* | Chapter 11 |
| Debtors. | Jointly Administered |

**LIMITED OBJECTION TO DEBTORS' MOTION FOR ORDERS: (A)(I) AUTHORIZING AND APPROVING SALE PROCEDURES, INCLUDING BREAK-UP FEE AND EXPENSE REIMBURSEMENT; (II) SCHEDULING BID DEADLINE AND SALE HEARING; (III) APPROVING FORM AND MANNER OF NOTICE THEREOF; AND (IV) GRANTING RELATED RELIEF AND (B)(I) AUTHORIZING THE SALE OF CERTAIN ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) AUTHORIZING AND APPROVING ASSET PURCHASE AGREEMENTS THERETO; (III) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES RELATED THERETO; AND (IV) GRANTING RELATED RELIEF**

In the above-referenced motion (the "Motion"),[1] the Debtors request, among other things, that the Court establish auction procedures for the sale of substantially all of the Debtors' assets and, potentially, for the assumption and assignment of unexpired leases of nonresidential real property. Digital Lewisville, LLC ("Digital"), as successor landlord and the assignee of original landlord's rights and claims against debtor GMAC Mortgage, LLC f/k/a GMAC Mortgage Corporation ("Tenant") under the terms of the Lease (as defined below), hereby files its limited objection to the Motion, as follows:

## I. DIGITAL'S LEASE

1. On or about July 30, 2002, Lewisville LSF, L.P., predecessor-in-interest to BREOF Convergence LP, a Delaware limited partnership ("BREOF"), as original landlord, and the Tenant, as tenant, entered into that certain Lease Agreement (the "Original Lease"), covering approximately 19,112 square feet of Rentable Space designated as Suite 300 within Building 3 of the project commonly referred to as Convergence Office Center, Lewisville, Texas (the "Original Premises").

2. The Original Lease was amended by that certain (i) First Amendment to Lease Agreement dated as of March 23, 2004 (the "First Amendment"), (ii) Second Amendment to Lease Agreement dated November 4, 2005 (the "Second Amendment"), and (iii) Third Amendment to Lease Agreement dated August 25, 2011 (the "Third Amendment"). The Original Lease, as amended by the First Amendment, Second Amendment, and Third Amendment is referred to herein as the "Lease." As detailed in the Lease, the Original Premises were expanded to a total of approximately 78,413 square feet of Rentable Space (the "Premises").

3. On or about December 29, 2011, Digital, as buyer, and BREOF, as seller, entered into that certain Agreement of Purchase and Sale, pursuant to which Digital agreed to acquire BREOF's ownership interest in the buildings located at such parcel commonly known as Convergence Business Park, Lewisville, Texas and BREOF's interest in certain leases related thereto, including the Lease. On or about February 22, 2012, Digital, as assignee, and BREOF, as

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning ascribed to such terms in the Motion.

assignor, entered into that certain Assignment and Assumption of Leases, pursuant to which BREOF transferred and assigned to Digital all of BREOF's right, title and interest, in, to and under the Lease. The Tenant also signed that certain Estoppel Certificate reaffirming its obligations to Digital under the Lease.

## II.    THE MOTION

4.    Pursuant to the Motion, the Debtors request, among other things, a court order establishing procedures for the sale of substantially all of the Debtors' assets and, potentially, for the assumption and assignment of certain executory contracts and unexpired leases. Although the Debtors have not identified the particular unexpired real property leases they potentially seek to assume and assign, the Debtors do state in the Motion that: "Nationstar is not assuming and parties will be enjoined from asserting against Nationstar any claims or obligations relating to the pre-closing period under any Assumed Contract . . . including, without limitation, any claims or liabilities relating to any act or omission of any originator, holder or servicer of mortgage loans prior to the Closing Date." (Motion at ¶ 60; Exhibit F, ¶ 21). Similarly, the proposed Nationstar Asset Purchase Agreement (Exhibit B to Motion) seeks, through the definition of "Assumed Liabilities" (at Section 1.1) to limit assumed obligations under assumed leases included in the Purchased Assets to liabilities "arising from the conduct of the Business *on or after the Closing* other than any Retained Liabilities." (Emphasis added.)

## III.    NATURE OF OBJECTION

5.    As set forth in more detail below, Digital is filing this limited objection to the Motion because the Debtors are seeking relief from this Court that is inconsistent with section 365 of the Bankruptcy Code. Specifically, the Debtors are seeking a ruling that Nationstar, the proposed assignee of an unexpired lease, shall have no liability for obligations under a lease that may have accrued or arose before the closing of the sale (even though such obligations may not yet be in default) in contravention of section 365 of the Bankruptcy Code. Moreover, the Debtors are requesting that the Court approve the Tenant's exoneration under section 365(k) in violation of applicable Second Circuit law. (Motion, Exhibit D, ¶ 18).

956847.03/OC

-3-

6. Further, the procedures with respect to assignment of leases in the event of overbidders or back-up bidders must be clarified. There is also no basis for an advance waiver of the 14-day stay of Rules 6004 and 6006 of the Federal Rules of Bankruptcy Procedure.

### A. The Tenant Must Assume and Assign the Lease Cum Onere

7. It is well settled that an executory contract or unexpired lease may not be assumed in part and rejected in part. See In re Fleming Cos., 499 F.3d 300, 308 (3rd Cir. 2007); See also In re Buffets Holdings, Inc., 387 B.R. 115, 119 (Bankr. D. Del. 2008); In re Abitibibowater Inc., 418 B.R. 815 (Bankr. D. Del. 2009); Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co., 83 F.3d 735, 741 (5th Cir. 1996); City of Covington v. Covington Landing Ltd. Partnership, 71 F.3d 1221 (6th Cir. 1995); In re Nitec Paper Corp., 43 B.R. 492 (S.D.N.Y. 1984); In re Village Rathskeller, Inc., 147 B.R. 665, 671 (Bankr. S.D.N.Y. 1992). The trustee must either assume the entire contract, cum onere, or reject the entire contract, shedding obligations as well as benefits. NLRB v. Bildisco & Bildisco, 465 U.S. 513, 531 (1984). Moreover, to the extent the proposed assignee is not assuming all obligations cum onere, the Debtors are not eligible for exoneration under section 365(k). See American Flint Glass Workers Union v. Anchor Resolution Corp., 197 F.3d 76, 80-81 (3rd Cir. 1999).

8. Although the Debtors' Motion does not explicitly list which executory contracts and unexpired leases the Debtors propose to assume and assign, to the extent that the Debtors are proposing through their bidding procedures that a Successful Bidder may assume the Lease and not be subject to any obligations that may have accrued, relate to, or arise prior to the sale, such an assumption and assignment cannot be approved. The Tenant cannot bifurcate its obligations under the Lease. To the extent the Tenant is assuming and assigning the Lease, the Tenant must assume and assign all of its responsibilities and obligations under the Lease, including its nonmonetary duties. See, e.g., In re Rachels Industries, Inc., 109 B.R. 797, 803 (Bankr. E.D. Tenn. 1990) (holding that the requirement of adequate assurance of future performance is not limited to monetary obligations). Indeed, the law is clear that any assumption and assignment under section 365 must ensure that the non-debtor party to the assumed agreement receives the "full benefit of its bargain." See H.R. Rep. No. 95-595, at 348-49 (1978) (Under section 365, courts

must "insure that the trustee's performance under the contract or lease gives the other contracting party the full benefit of its bargain"); Eastern Air Lines, Inc. v. The Ins. Co., 85 F.3d 992, 999 (2d Cir. 1996) (Congress' intent was "to insure that the contracting parties receive the full benefit of their bargain if they are forced to continue performance"); In re Superior Toy & Mfg. Co., 78 F.3d 1169, 1174 (7th Cir. 1996) (Courts must ensure that substitute performance "gives the other contracting party the full benefit of his bargain").

9.  Notwithstanding the foregoing, in the Motion, the Debtors are proposing that proposed assignee of the Lease, if any, shall only be obligated to assume obligations under the Lease that may arise or accrue following the sale.  See Motion, ¶ 60.  The Debtors' request is not consistent with the Bankruptcy Code, as it contravenes the Tenant's obligations to assume and assign the Lease cum onere.  The issue is not simply academic.  For example, obligations may accrue under the Lease that relate to pre-closing actions of the Tenant – such as the obligations to restore the Premises.  Other such obligations may relate to indemnity obligations, maintenance, the obligation to keep the Premises lien free, and to pay future common area maintenance charge reconciliations related to a pre-closing time period.  According to the Debtors, even if there is no present default under the Lease, the proposed assignee shall have no obligation to Digital for any such pre-closing actions of the Tenant.  The Debtors are requesting that both the proposed assignee and the Tenant be exonerated of such obligations contrary to the Bankruptcy Code.  The proposed assignee must assume the Lease cum onere.

**B.    The Debtors' Motion Does Not Include Proposed Procedures for Approval of the Next-Highest Bidder**

10. The Motion further seeks to grant the Debtors authority, in the event that a sale to a Successful Bidder is not consummated, to proceed with the sale of the acquired assets to a back-up bidder. (Motion, ¶ 58(g)).  The Motion, however, does not provide proposed procedures for the approval of either an overbidder (other than Nationstar) or the Next-Highest Bidder.  In the event that the Debtors are suggesting they may proceed with the assumption and assignment of leases and executory contracts without any judicial scrutiny of the eventual successful purchaser-assignee, no authority exists for such an assertion under section 365 of the Bankruptcy Code.

11.     Indeed, the sale of Debtors' leasehold interests as part of the sale of substantially all of Debtors' assets, as contemplated by the Motion, would potentially require a landlord to evaluate the financial capability and intended use of a successful overbidder with insufficient prior notice or the opportunity to conduct a meaningful analysis or evaluation prior to the Sale Hearing, prejudicing the heightened protections afforded landlords by Bankruptcy Code section 365. See, e.g., In re Trak Auto Corporation, 277 B.R. 655, 665-666 (Bankr. E.D. Va. 2002) (The legislative history of 1984 amendments to Section 365 "indicates that Congress sought to provide special protections to lessors of a debtor.").

12.     The Due Process Clause of the United States Constitution applies to proceedings under the Bankruptcy Code. See, e.g., In re Center Wholesale, Inc., 759 F.2d 1440, 1448 (9th Cir. 1985). "The fundamental requisites of due process consist of notice and an opportunity to be heard at a meaningful time and in a meaningful manner." Turney v. Federal Deposit Ins. Corp., 18 F.3d 865, 868 (10th Cir. 1994); see also In re Nextwave Personal Communications, Inc., 244 B.R. 253, 264 (Bankr. S.D.N.Y. 2000) ("The Bankruptcy Code requires, as an element of fairness and due process, notice, a hearing and court approval before actions impacting vital interests may be taken.").

13.     Debtors' representation that they "believe that they can and will demonstrate that all requirements for assumption and/or assignment of the Assumed Contracts will be satisfied at the Sale Hearing (Motion at ¶ 85) is insufficient.  In order to give landlords, including Digital, adequate notice and a meaningful opportunity to be respond (including time to negotiate with Debtors and a proposed assignee in an effort to narrow or resolve issues presented by proposed assignments), Digital requests that the relief requested by the Motion be modified to (1) assure that affected landlords receive auction results by electronic transmission or other expedited method, and (2) provide affected landlords with sufficient time, in advance of the Sale Hearing, to respond to proposed assignments of leases, allowing for adequate notice of the identity of potential assignees of Debtors' leases, analysis of an overbidders' financial condition and business plan, and an adequate briefing schedule and preparation for the Sale Hearing.  Alternatively , if there is a successful overbidder, the Sale Hearing could  function as a status conference at which a briefing

and hearing schedule could be established with respect to satisfaction of the requirements of Bankruptcy Code section 365. Similar procedures should be employed in the event the Next-Highest Bidder (i.e., the back-up bidder) becomes the proposed assignee of Debtors' leases.

### C. An Advance Waiver of the Stay Under Bankruptcy Rules 6004(h) and 6006(d) Is Inappropriate

14. Debtors also seek an advance waiver of the fourteen (14)-day stay of Rules 6004(h) and 6006(d) of the Federal Rules of Bankruptcy Procedure following entry of any order approving the relief requested by Debtors' Motion. (Motion at ¶ 99.) Such an advance blanket waiver is unjustified and inappropriate.

15. Rule 6006(d) provides that:

> "[a]n order authorizing the trustee to assign an executory contract or unexpired lease under § 365(f) is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise."

The Committee Note to Rule 6006(d) provides:

> "[s]ubdivision (d) is added to provide sufficient time for a party to request a stay pending appeal of an order authorizing the assignment of an executory contract or unexpired lease under § 365(f) of the Code before the assignment is consummated. . . . The court may, in its discretion, order that Rule 6006(d) is not applicable so that the executory contract or unexpired lease may be assigned immediately in accordance with the order entered by the court. Alternatively, the court may order that the stay under Rule 6006(d) is for a fixed period less than 10 days."

16. The Rule 6006(d) stay provides a short period of time that "is often needed and essential to an objecting party intending to appeal because if the assignment is closed in the absence of a stay, then any appeal by an objecting party may well be moot."  10 *Collier on Bankruptcy* ¶ 6006.04 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.); see also In re Quanalyze Oil & Gas Corp., 250 B.R. 83, 92 (Bankr. W.D. Tex. 2000) (in reviewing a similar provision in Rule 6004(g) observing that "[a] party seeking to obtain appellate review of just such a sale should not find its efforts frustrated by a 'quick closing' that renders an appeal moot.") *Collier* further observes that:

> "[I]f an objection has been filed and is being overruled, the court should eliminate or reduce the 14-day stay period *only upon a showing that there is a sufficient business need to close the assignment within the 14-day period and that the interests of the*

> *objecting party, taking into account the likelihood of success on appeal, are sufficiently protected.*  If the objecting party informs the court that it intends to appeal and seek a stay, then the stay period should not be reduced to less than an amount of time sufficient to allow the objecting party to seek a stay, unless the court determines that the need to proceed sooner outweighs the objecting party's interests."  (*Id*. at 6006-18 [emphasis added].)

17. Given the relief sought by Debtors' Motion, there is a legitimate possibility that an appeal of any ruling on one or more issues may be warranted under the circumstances.  Here, (1) the Federal Rules of Bankruptcy Procedure presumptively favor the 14-day stay, (2) Rules 6004 and 6006 were adopted expressly to allow objecting parties time to appeal,[2] and (3) the Motion provides no legal or factual justification that constitutes grounds to abrogate Digital's due process protections and the right to appeal without the appeal effectively being rendered moot.  Preclusion of the stay provided by Rules 6004 and 6006 to allow a landlord a meaningful opportunity to appeal undermines the protections afforded landlords by section 365.

18. Debtors simply have not demonstrated sufficient "cause" to justify the extraordinary remedy of a blanket advance waiver of the stay provided by Rules 6004 and 6006.  Accordingly, this Court should deny the Debtors' request for any advance waiver of the fourteen-day period under Rules 6004 and 6006 of the Federal Rules of Bankruptcy Procedure.

## IV.    RESERVATION OF RIGHTS

Digital reserves the right to make such other and further objections as may be appropriate based upon any new information provided by Debtors or upon any different relief requested by Debtors, or as may be developed through formal or informal discovery.

//
//
//
//
//

---

[2] According to *Colliers* (¶ 6004.11 at 6004-18), "the purpose of the rule is to protect the rights of the objecting party."

956847.03/OC

-8-

## V. CONCLUSION

As presented, the Debtors' Motion should be denied.

Dated: June 11, 2012                                MEYER, SUOZZI, ENGLISH & KLEIN, P.C.

/s/ Alan E. Marder
Alan Marder Esq. (AM-0114)
990 Stewart Avenue, Suite 300
P.O. Box 9194
Garden City, NY 11530-9194
Telephone: (516) 741-6565
Facsimile: (516) 741-6707

- and –

Michael S. Greger (CA Bar No. 156525)
Ivan M. Gold (CA Bar No. 121486)
Richard M. Dinets, Esq. (CA Bar No. 265197)
Allen Matkins Leck Gamble Mallory
  & Natsis LLP
1900 Main Street, Fifth Floor
Irvine, CA 92614-7321
Telephone: (949) 553-1313
Facsimile: (949) 553-8354

Attorneys for Digital Lewisville, LLC

# CERTIFICATE OF SERVICE

I, Alan Marder, certify that on June 11, 2012, I caused one copy of the foregoing to be served upon the persons on the attached service list via Email and overnight mail upon the persons listed on the annexed Service List.

/s/ Alan E. Marder
Alan Marder Esq. (AM-0114)
MEYER, SUOZZI, ENGLISH
  & KLEIN, P.C.
990 Stewart Avenue, Suite 300
P.O. Box 9194
Garden City, NY 11530-9194
Telephone: (516) 741-6565
Facsimile: (516) 741-6707

956847.03/OC

In re Residential Capital, LLC, et al.
USBC Case No. 12-12020 (MG)

## SERVICE LIST

**Proposed Counsel for Debtors**
Larren M. Nashelsky, Esq.
Gary S. Lee, Esq.
Todd M. Goren, Esq.
Alexandria Steinberg Barrage, Esq.
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, NY 10104
Email:  lnashelsky@mofo.com
         glee@mofo.com
         tgoren@mofo.com

**Office of the U.S. Trustee**
Office of the United States Trustee
Attention Tracy Hope Davis, Esq, Linda A. Riffkin, Esq. and Brian S. Masumoto, Esq.
33 Whitehall Street, 21st Floor
New York, NY  10004
Email:  tracy.davis2@usdoj.gov
         brian.masumoto@usdoj.gov
         linda.riffkin@usdoj.gov

**Counsel for Ally Financial, Inc.**
Richard M. Cieri, Esq.
Kirkland & Ellis LLP
153 East 53rd Street
New York, NY  10022
Email: richard.cieri@kirkland.com

**Counsel for Barclays Bank PLC, as Administrative Agent for the DIP Lenders**
Ken Ziman, Esq.
Jonathan H. Hofer, Esq.
Slate, Meagher & Flom LLP
Four Times Square
New York, NY  10036
Email:  ken.ziman@skadden.com
         jhofer@skadden.com

**Proposed Counsel for OCC**
Kenneth Eckstein, Esq.
Greg Horowitz, Esq.
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036
Email: keckstein@kramerlevin.com
         ghorowitz@kramerlevin.com

**Counsel for Nationstar Mortgage LLC**
Jessica C.K. Boelter, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL  60603
Email:  jboelter@sidley.com

888296

956847.03/OC