Hearing Date:  June 18, 2012 at 10:00 a.m. (prevailing Eastern Time)

**WINSTON & STRAWN LLP**
James Donnell (jdonnell@winston.com)
Christopher C. Costello (cccostello@winston.com)
200 Park Avenue
New York, NY 10166-4193
Telephone:  (212) 294-6700
Facsimile:  (212) 294-4700

*Attorneys for WFNBA*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020-MG |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Joint Administration Pending |

**RESERVATION OF RIGHTS OF WFBNA TO DEBTORS' MOTION PURSUANT TO 11 U.S.C. §§ 105, 363(b), (f), AND (m), 365 AND 1123, AND FED. R. BANKR. P. 2002, 6004, 6006, and 9014 FOR ORDERS: (A)(I) AUTHORIZING AND APPROVING SALE PROCEDURES, INCLUDING BREAK-UP FEE AND EXPENSE REIMBURSEMENT; (II) SCHEDULING BID DEADLINE AND SALE HEARING; (III) APPROVING FORM AND MANNER OF NOTICE THEREOF; AND (IV) GRANTING RELATED RELIEF AND (B)(I) AUTHORIZING THE SALE OF CERTAIN ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) AUTHORIZING AND APPROVING ASSET PURCHASE AGREEMENTS THERETO; (III) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES RELATED THERETO; AND (IV) GRANTING RELATED RELIEF**

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

**I.    Summary of Reservation of Rights**

1.    Wachovia Bank and Wachovia Bank of Delaware, now succeeded by Wells Fargo Bank, N.A., ("WFBNA" or "the Bank") does not object to the Debtors selling their assets. WFBNA does object, however, to inclusion in the sale order of provisions in favor of Ally Financial Inc. ("AFI"), a non-debtor, to the extent they grant AFI a release of AFI's contractual

liability to WFBNA under the commercial deposit agreement between WFBNA and AFI. Pursuant to that agreement, WFBNA has (i) a guaranty from AFI for payment of any losses WFBNA incurs under its deposit agreement with AFI and the Ally/ResCap Entities; and (ii) a contractual subordination from AFI of AFI's claims and recoveries in favor of WFBNA.

2. There is no authority under the Bankruptcy Code for the Court to release AFI from its contractual liability to WFBNA. Such a release would violate, *inter alia*, the provisions of the Bankruptcy Code that limit a discharge to the Chapter 11 Debtors and compel enforcement of creditors' contractual subordination agreements. WFBNA requests that any Sale Procedures Order and the AFI Sale Approval Order be reformed to preserve WFBNA's rights. (WFBNA has no objection to form of the Nationstar Approval Order.)

3. WFBNA recognizes that the instant motion is merely a Sales Procedure motion and that the Sale Procedure Order is distinct from the proposed AFI Sale Approval Order. However, given that AFI is stating that it "would not have entered into the AFI APA and would not have consummated the sale without all of the relief provided for in this order," including specifically that the transfer be free and clear of all rights, claims or liabilities and indemnification claims or liabilities, WFBNA felt it appropriate to raise its objection at this time to avoid the Debtors' pursuit of a sale approval process that could not be approved by the Court.

**II.  WFBNA Has Security Interests, and Contractual Subordination Rights Against AFI That Cannot Be Cancelled**

4. Pursuant to its deposit agreement with AFI and certain of the ResCap debtors, WFBNA is entitled to a priority for its claims against the Debtors over the claims of Ally Financial Inc. against the Debtors. The deposit agreement provides that AFI is the "Guarantor" of the indebtedness of the AFI subsidiaries, which subsidiaries include the Debtors, and further provides that AFI has subordinated its recoveries against the Debtor to any claims of WFBNA.

2

> SUBORDINATION. Any Indebtedness of Subsidiary now or hereafter held by Guarantor is hereby subordinated to the Deposit Service Indebtedness of Subsidiary to WFB. Such Indebtedness of Subsidiary to Guarantor is assigned to WFB as security for this Guaranty and the Deposit Service Indebtedness and, if WFB requests, shall be collected and received by Guarantor as trustee for WFB and paid over to WFB on account of the Deposit Service Indebtedness of Subsidiary to WFB but without reducing or affecting in any manner the liability of Guarantor under the other provisions of this Guaranty. Any notes or other instruments now or hereafter evidencing such Indebtedness of Subsidiary to Guarantor shall be marked with a legend that the same are subject to this Guaranty and, if WFB so requests, shall be delivered to WFB, WFB is hereby authorized in the name of Guarantor from time to time to file financing statements and continuation statements and execute such other documents and take such other action as WFB deems necessary or appropriate to perfect, preserve and enforce its rights hereunder.
>
> LIABILITIES; SUCCESSIVE TRANSACTIONS; REVOCATION; OBLIGATION UNDER OTHER GUARANTIES. This is a continuing guaranty and all rights, powers and remedies hereunder shall apply to all past, present and future Deposit Service Indebtedness of Subsidiary to WFB, including that arising under successive transactions which shall either continue the Deposit Service Indebtedness, increase or decrease it, or from time to time create new Deposit Service Indebtedness after all or any prior Deposit Service Indebtedness has been satisfied, and notwithstanding the incapacity, dissolution, liquidation or bankruptcy of Subsidiary or Guarantor.

5. The deposit agreement expressly defines the "Guarantor" under the agreement to be Ally Financial Inc., and the "Subsidiary" under the agreement includes all of the Debtors:

> GUARANTY; DEFINITIONS. In consideration of WFB's continued provision of treasury management services to the Ally/ResCap Entities under this agreement, notwithstanding the right of WFB to cease the provision of such services, and for other valuable consideration, ALLY FINANCIAL, INC. ("the Guarantor"), jointly and severally unconditionally guarantee and promise to pay to WFB, or order, on demand in lawful money of the United States of America and in immediately available funds, any and all Indebtedness of any Subsidiary to WFB arising out of or relating in any way to any deposit account maintained by Subsidiary with WFB, or any treasury management service offered by WFB which is purchased or otherwise utilized by Subsidiary,

3

including, without limitation, any overdraft occurring on any such deposit account (whether created by action of Subsidiary, or by chargeback, fee debit, or other action of WFB), together with any and all extensions, renewals and/or modifications of such Indebtedness (which Indebtedness, in connection with any such deposit account or treasury management service, and all such extensions, renewals and/or modifications, is hereinafter collectively referred to as the "Deposit Service Indebtedness"). The term "Indebtedness" is used herein in its most comprehensive sense and includes any and all advances, debts, obligations and liabilities of Subsidiary, or any of them, heretofore, now or hereafter made, incurred or created, whether voluntary or involuntary and however arising, whether due or not due, absolute or contingent, liquidated or unliquidated, determined or undetermined, and whether Subsidiary may be liable individually or jointly with others, or whether recovery upon such Indebtedness may be or hereafter becomes unenforceable. This Guaranty is a guaranty of payment and not collection. Guarantors acknowledge that, absent this Guaranty, WFB would not continue to provide such services to Subsidiary or Guarantors.

6. In addition to these rights of contractual subordination and guaranty against AFI, the deposit agreement granted WFBNA a security interest in the Ally/ResCap Entities' bank accounts, including the bank accounts of AFI:

> Setoff. . . . you also grant us a consensual security interest in your accounts and to the funds held in them as collateral to secure your present and future obligations to us, and your subsidiaries' present and future obligations to us under this agreement. The direct and indirect subsidiaries of Ally Financial Inc. include but are not limited to Ally Servicing LLC, Motors Insurance Corp., Residential Capital, LLC, Residential Funding Co., LLC, Passive Asset Transactions LLC, RFC Asset Holding II, LLC, Residential Mortgage Real Estate Holdings, LLC, Residential Funding Real Estate Holdings, Homecoming Financial Real Estate Holding, GMAC Mortgage, LLC, Ditech, LLC, Residential Consumer Services, LLC ("the Ally/ResCap Entities" or "Subsidiaries").
>
> By accepting services, you also grant us a consensual security interest in your accounts and to the funds held in them as collateral to secure your present and future obligations to us.

7. The Bank objects to those provisions of the Debtors' motion and order which are inconsistent with or purport to diminish the Bank's contractual rights against AFI, a non-debtor.

4

8. The Bank requests that the Debtors' proposed form of order be modified to provide that Ally Financial Inc. ("AFI") remains liable under its guaranty and contractual subordination in favor of WFBNA pursuant to the commercial deposit agreement executed with Wachovia Bank, a division of Wells Fargo Bank, N.A., ("WFBNA") on January 3, 2012, as modified effective April 25, 2012.

### III.  Specific Objections to Proposed Form of AFI Sale Approval Order

9. WFBNA objects to the provisions of the Sale Approval order to the extent they allow any abrogation of WFBNA's contractual or legal rights against AFI. The provisions in the proposed order that could be read to abrogate WFBNA's contractual rights include the following:

> <u>Injunction</u>. . . . Following the Closing, except for Persons entitled to enforce Permitted Liens, all Persons (including, but not limited to, the Debtors and/or their respective successors (including any trustee), creditors, investors, certificate holders, securitization trustees, borrowers, current and former employees and shareholders, administrative agencies, governmental units, secretaries of state, federal, state and local officials, including those maintaining any authority relating to any environmental, health and safety laws, and the successors and assigns of each of the foregoing) holding Interests in the Purchased Assets or against the Debtors in respect of the Purchased Assets of any kind or nature whatsoever shall be, and hereby are, forever barred, estopped, and permanently enjoined from asserting, prosecuting, or otherwise pursuing any Interests of any kind or nature whatsoever (including, Claims or Liabilities relating to any act or omission of any originator, holder or servicer of Mortgage Loans prior to the Closing Date, and any indemnification Claims or Liabilities relating to any act or omission of the Sellers or any other Person prior to the Closing Date) against the Purchaser or any Affiliate of the Purchaser or any of their respective property, successors and assigns, or the Purchased Assets, as an alleged successor or on any other grounds . . . .
>
> No Person shall assert, and the Purchaser and the Purchased Assets shall not be subject to, any defaults, breaches, counterclaims, offsets, defenses (whether contractual or otherwise, including any right of recoupement), Liabilities, Claims and Interests, or basis of any kind of nature whatsoever to delay, defer, or impair any right of the Purchaser or the Debtors, or any obligation of any other party, under or with respect to, any Purchased Assets with respect to any act or omission that occurred prior to the Closing.

* * *

<u>No Successor Liability</u>.  Neither the Purchaser, nor ay of its successors or assigns, or any of their respective affiliates shall have any liability for any Interest that arose prior to the Closing, or otherwise is assertable against the Debtors or is related to the Purchased Assets prior to the Closing.  Without limiting the foregoing, the Purchaser shall not have any successor, transferee, derivative, or vicarious liabilities of any kind or character for any Interests, including under any theory of successor or transferee liability, de facto merger or continuity, environmental, labor and employment, and products or antitrust liability, whether known or unknown as of the Closing, now existing or hereafter arising, whether fixed or contingent, asserted or unasserted, liquidated or unliquidated.

WHEREFORE, the Bank requests that the Debtors' proposed form of order be modified to provide that Ally Financial Inc. ("AFI") remains liable under its guaranty and contractual subordination in favor of WFBNA pursuant to the commercial deposit agreement executed with Wachovia Bank, a division of Wells Fargo Bank, N.A., ("WFBNA") on January 3, 2012, as modified effective April 25, 2012.

**WINSTON & STRAWN LLP**

By:    /s/  Christopher C. Costello
    James Donnell (jdonnell@winston.com)
    Christopher C. Costello(cccostello@winston.com)
    200 Park Avenue
    New York, NY  10166-4193
    Telephone:  (212) 294-6700
    Facsimile:  (212) 294-4700

*Attorneys for WFNBA*