James S. Carr, Esq.  
Eric R. Wilson, Esq.  
KELLEY DRYE & WARREN LLP  
101 Park Avenue  
New York, New York 10178  
Tel: (212) 808-7800  
Fax: (212) 808-7987  

Hearing Date: June 18, 2012 at 10:00 a.m. (ET)  
Objection Deadline: June 11, 2012 at 4:00 p.m. (ET)  

Counsel for U.S. Bank National Association,  
As Indenture Trustee  

**UNITED STATES BANKRUPTCY COURT**  
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC., *et al*., | Chapter 11 |
| Debtors. | Jointly Administered |

**LIMITED OBJECTION OF U.S. BANK NATIONAL ASSOCIATION,
AS INDENTURE TRUSTEE, TO DEBTORS' MOTION PURSUANT TO
11 U.S.C. §§ 105, 363(b), (f) AND (m), 365 AND 1123, AND FED. R. BANKR. P. 2002,
6004, 6006, AND 9014 FOR ORDERS: (A)(I) AUTHORIZING AND APPROVING
SALE PROCEDURES, INCLUDING BREAK-UP FEE AND EXPENSE
REIMBURSEMENT; (II) SCHEDULING BID DEADLINE AND SALE HEARING;
(III) APPROVING FORM AND MANNER OF NOTICE THEREOF; AND
(IV) GRANTING RELATED RELIEF AND (B)(I) AUTHORIZING THE SALE OF
CERTAIN ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES,
AND OTHER INTERESTS; (II) AUTHORIZING AND APPROVING ASSET
PURCHASE AGREEMENTS THERETO; (III) APPROVING THE ASSUMPTION
AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED
LEASES RELATED THERETO; AND (IV) GRANTING RELATED RELIEF**

U.S. Bank National Association, in its capacity as Indenture Trustee (the "Trustee") with respect to certain 9.625% Junior Secured Guaranteed Notes Due 2015 (the "Junior Secured Notes"), issued by Residential Capital, LLC ("ResCap"), pursuant to that certain Indenture, dated as of June 6, 2008 (the "Indenture"), between the Trustee and ResCap, hereby submits, by and through its undersigned counsel, this limited objection and reservation of rights (the "Limited Objection") with respect to the motion of the above-captioned debtors and debtors-in-possession

(collectively, the "Debtors") pursuant to 11 U.S.C. §§ 105, 363(b), (f) and (m), 365 and 1123, and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 for orders: (a)(i) authorizing and approving sale procedures, including break-up fee and expense reimbursement; (ii) scheduling bid deadline and sale hearing; (iii) approving form and manner of notice thereof; and (iv) granting related relief and (b)(i) authorizing the sale of certain assets free and clear of liens, claims, encumbrances, and other interests; (ii) authorizing and approving asset purchase agreements thereto; (iii) approving the assumption and assignment of certain executory contracts and unexpired leases related thereto; and (iv) granting related relief (the "Sale Procedures Motion").[1] In support of this Limited Objection, the Trustee respectfully represents as follows:

## PRELIMINARY STATEMENT

1.     The Debtors intend to consummate two separate sale transactions for their mortgage origination and servicing platform and legacy loan portfolio through a plan of reorganization.  In connection with these efforts, the Debtors have obtained support, as of the Petition Date, from holders of approximately 37% of the Junior Secured Notes (the "Consenting Holders"), as evidenced by the Plan Support Agreement dated May 13, 2012, by and among the Debtors, Ally Financial, Inc., and the Consenting Holders (the "PSA").[2]  The Debtors filed the Sale Procedures Motion to allow them to undertake the course of action contemplated under the PSA and other restructuring support agreements between the Debtors and certain of their major creditors.

---

[1]     Docket No. 61.

[2]     Terms not defined herein shall have the meanings ascribed to them in the Sale Procedures Motion or the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings (Docket No. 6), as applicable.

2

2.      The Trustee does not object to the Debtors' efforts to sell a substantial portion of their assets or to the general relief requested pursuant to the Sale Procedures Motion. The Trustee does, however, object to the wholesale elimination of credit bid rights under the Sale Procedures.

3.      The right to credit bid is a fundamental secured party right. While such right may be limited "for cause," the caselaw is clear that neither the complexity of these cases nor the necessary size of any possible junior lienholder bid alone constitutes sufficient "cause" to eliminate such right.

4.      Until such time as the Consenting Holders constitute a majority of the holders of the outstanding Junior Secured Notes and provide direction to the Trustee with respect to this issue, the Trustee's right to credit bid under the Sale Procedures on behalf of the holders of the Junior Secured Notes must be preserved. Accordingly, the Trustee requests that the following language be added to the proposed Sale Procedures Order:

> Notwithstanding anything set forth in the Sale Procedures to the contrary, each of (i) the right of any Qualified Bidder that holds a lien on any of the Purchased Assets to submit a credit bid as part of its Bid Proposal, and (ii) the right of the Debtors to seek a further order of the Court denying such Qualified Bidder the right to credit bid "for cause" pursuant to section 363(k) of the Bankruptcy Code, are hereby expressly reserved.

5.      It is currently unclear whether the credit bid issue will ultimately need to be addressed by the parties or determined by the Court. The Trustee has proposed this language to the Debtors to maintain the status quo and preserve the rights of all parties with respect to any potential credit bid. This proposal effectively eliminates the need for the Court to determine the credit bid issue until such time as the issue is ripe for adjudication. However, as the Trustee has not yet resolved this issue with the Debtors or received a direction from the Junior Secured Notes

with respect to the credit bidding issue, the PSA or otherwise, the Trustee files this Limited Objection.

## BACKGROUND

6. On May 14, 2012 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtors have continued to operate and manage their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' bankruptcy cases.

7. On the Petition Date, the Debtors filed the Sale Procedures Motion, as supplemented or amended, seeking to establish certain procedures governing the sale of a substantial portion of their assets, including assets that are subject to liens that secure the Junior Secured Notes.

8. As of the Petition Date, the Debtors were indebted under the Indenture, for the benefit of Junior Secured Notes, for the outstanding principal of the Junior Secured Notes in the amount of approximately $2.1 billion, plus accrued but unpaid interest and other amounts. The Junior Secured Notes are secured by second priority liens on the same assets that secure the AFI Senior Secured Credit Facility.

## LIMITED OBJECTION AND RESERVATION OF RIGHTS

9. Section 363(k) of the Bankruptcy Code provides that a secured creditor may credit bid at a sale of its collateral and offset its claim against the purchase price of such collateral unless "the court *for cause* orders otherwise." 11 U.S.C. 363(k) (emphasis added). As noted by the Supreme Court, credit bidding is an important right that protects a secured creditor

4

against undervaluation of its collateral by recognizing that—unless the market price exceeds the lien—the secured creditor has the right to take title to the property itself.[3]

10.     None of the circumstances generally recognized by courts as sufficient "cause" to bar credit bidding rights exist in these cases.  Such circumstances include (a) where the validity of the creditor's lien is in dispute,[4] (b) a creditor's misconduct,[5] or (c) the establishment by a requisite showing of facts that credit bidding is likely to discourage other potential bidders.[6]  The Debtors here argue that cause exists (a) due to the size and complexity of these cases and the contemplated sale process, and (b) because it is unlikely any junior lienholder wishing to credit bid will in fact do so, as it would be required to satisfy substantial senior debt in cash.  *See* Sale Procedures Motion, ¶¶ 89-90.  The Debtors have not provided any evidence to support their assertions.  Moreover, even if such evidence did exist, the Debtors are not entitled to completely eliminate the right to credit bid.  As such, the Debtors have failed to establish that "cause" exists to eliminate categorically all credit bid rights under the Sale Procedures.

---

[3] *See*, *e.g.*, *In re River Rd. Hotel Partners, LLC*, 2010 WL 6634603 (Bankr. N.D. Ill. Oct. 5, 2010), *aff'd River Rd. Hotel Partners, LLC v. Amalgamated Bank*, 651 F.3d 642, 653 (7th Cir. 2011) ("the Code has an expressed interest in insuring that secured creditors are properly compensated"), *aff'd RadLAX Gateway Hotel, LLC, et al. v. Amalgamated Bank*, --- S.Ct. ----, 2012 WL 1912197, at *4 n.2 (2012) (secured creditors have a statutory right to credit bid their debt at an asset sale conducted under a cramdown plan; stating that "the ability to credit-bid helps to protect a creditor against the risk that its collateral will be sold at a depressed price.  It enables the creditor to purchase the collateral for what it considers the fair market price (up to the amount of its security interest) without committing additional cash to protect the loan."); *Cohen v. KB Mezzanine Fund II, LP (In re SubMicron Sys. Corp.)*, 432 F.3d 448, 460 (3d Cir. 2006) (secured creditors can bid the full face value of their claims; same reasoning).

[4] *See*, *e.g.*, *In re Daufuskie Island Props., LLC*, 441 B.R. 60, 64 (Bankr. D.S.C. 2010) (a creditor was not entitled to credit bid when its mortgage was in dispute); *Nat'l Bank of Commerce v. McMullan (In re McMullan)*, 196 B.R. 818, 835 (Bankr. W.D. Ark. 1996) (same), *aff'd*, 162 F.3d 1164 (8th Cir. 1998).

[5] *See*, *e.g.*, *In re Aloha Airlines*, 2009 Bankr. LEXIS 4588, at *25 (Bankr. D. Haw. May 14, 2009) (denying credit bid rights after an asset purchase agreement failed to disclose the identity of a co-purchaser and given the prior conduct of the co-purchaser); *In re Theroux*, 69 B.R. 498, 499 (Bankr. D.R.I. 1994) (denying credit bid rights due to concerns of collusion between the trustee and the secured creditor).

[6] *See*, *e.g.*, *River Rd. Hotel Partners*, 2010 WL 6634603, at *2 ("The potential to chill the bidding process has been recognized as a reason to deny credit bidding.  The Debtors, however, did not provide any specific evidence to show this assertion to be true in this case . . . .  Such an assertion, without any evidence showing that credit bidding will chill the process in this case, does not satisfy the Debtors' burden.").

11. As stated, there is no need for the Court to resolve this issue at this time. The rights of all parties with respect to credit bidding can easily be reserved and, if necessary, addressed at a later time. Accordingly, the Trustee requests that the following language be added to the proposed Sale Procedures Order:

> Notwithstanding anything set forth in the Sale Procedures to the contrary, each of (i) the right of any Qualified Bidder that holds a lien on any of the Purchased Assets to submit a credit bid as part of its Bid Proposal, and (ii) the right of the Debtors to seek a further order of the Court denying such Qualified Bidder the right to credit bid "for cause" pursuant to section 363(k) of the Bankruptcy Code, are hereby expressly reserved.

12. Nothing contained herein shall constitute a waiver of any of the rights or remedies of the Trustee, and all such rights are hereby expressly reserved.

## **CONCLUSION**

WHEREFORE, the Trustee respectfully requests that this Court grant the Limited Objection by requiring the Debtors to add the Trustee's requested language to the Sale Procedures Order, and grant such other and further relief as this Court deems just and proper.

Dated: New York, New York  
June 11, 2012

KELLEY DRYE & WARREN LLP

By: /s/ James S. Carr  
    James S. Carr, Esq.  
    Eric R. Wilson, Esq.  
101 Park Avenue  
New York, New York 10178  
Tel: (212) 808-7800  
Fax: (212) 808-7897

Counsel for U.S. Bank National Association,  
As Indenture Trustee