Hearing Date and Time: June 18, 2012 at 10:00 a.m. (prevailing Eastern Time)

Michael R. Carney
MCKOOL SMITH P.C.
One Bryant Park, 47th Floor
New York, New York 10036
Telephone: (212) 402-9400
Facsimile: (212) 402-9444
E-mail: mcarney@mckoolsmith.com

Paul D. Moak
MCKOOL SMITH P.C.
600 Travis Street, Suite 7000
Houston, Texas 77002
Telephone: (713) 485-7300
Facsimile: (713) 485-7344
E-mail: pmoak@mckoolsmith.com

-and-

Kenton W. Hambrick
Associate General Counsel
Freddie Mac, M/S202
8200 Jones Branch Drive
McLean, Virginia 22102
Telephone: (703) 903-2473
Facsimile: (703) 903-3692
Email: kenton_hambrick@freddiemac.com

*Attorneys for Federal Home Loan Mortgage Corporation*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | Chapter 11 |
| Debtors. | Jointly Administered |

**FEDERAL HOME LOAN MORTGAGE CORPORATION'S RESPONSE AND
LIMITED OBJECTION TO DEBTORS' MOTION TO APPROVE SALE PROCEDURES**

1

McKool 447436v4

Federal Home Loan Mortgage Corporation in conservatorship ("Freddie Mac"),[1] by and through its undersigned counsel, files this Response and Limited Objection to the Debtors' *Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f) and (m), 365 and 1123, and Fed. R. Bankr. P. 2002, 6004, 6006 and 9014 for Orders: (A)(I) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expense Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets Free and Clear of Lien, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Asset Purchase Agreements Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief* [Dkt. No. 61] (the "Motion"). In light of the Debtors' direction that substantive objections to the sale should be preserved for a later hearing subject to an objection deadline still to be determined, this Response and Limited Objection addresses only the Proposed Sale Procedures,[2] and Freddie Mac reserves all of its sale-related objections.[3] In support of its Response and Limited Objection, Freddie Mac states as follows:

## INTRODUCTION

1. Freddie Mac has a substantial interest in these proceedings. As noted in the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, In Support of Chapter 11 Petitions and First Day Pleadings* [Dkt. No. 6] (the "Whitlinger Affidavit"), the

---

[1] On September 6, 2008, the Director of the Federal Housing Finance Agency ("FHFA" or "Conservator") placed Freddie Mac into conservatorship pursuant to express authority granted to him in the Housing and Economic Recovery Act of 2008 to preserve and conserve Freddie Mac's assets and property.

[2] The Proposed Sale Procedures are attached as Exhibit A to the Motion.

[3] *See* Notice of Hearing filed June 1, 2012 [Dkt. No. 188] (requiring only objections to the entry of the Sale Procedures Order be filed by June 11).

2

McKool 447436v4

Debtors service more than 2.4 million mortgage loans with an aggregate unpaid principal balance ("UPB") of approximately $374 billion. *See* Whitlinger Affidavit ¶ 14. Of these totals, the Debtors assert that they service approximately 370,000 mortgage loans with an aggregate UPB of approximately $59.8 billion for Freddie Mac.[4] From January 1, 2011 to March 31, 2012, approximately 99% of the mortgage loans originated or purchased by the Debtors were sold to Fannie Mae or Freddie Mac or were guaranteed by Ginnie Mae. *See* Whitlinger Affidavit ¶ 14.

2. Freddie Mac is generally supportive of the Debtors' efforts to transfer servicing of the Freddie Mac loan portfolio to a servicer approved by Freddie Mac, on terms acceptable to Freddie Mac. Due to the size of the loan portfolio at issue, however, it is imperative that any replacement servicer have the operational expertise and capability (as well as the financial wherewithal) to service the loans in accordance with the requirements of Freddie Mac's Single-Family Seller/Servicer Guide (the "Freddie Mac Guide") and the related Purchase Documents (as that term is defined in the Freddie Mac Guide). Whether a proposed purchaser is sufficiently qualified to service Freddie Mac's loan portfolio is a determination made only after exacting due diligence by Freddie Mac. Recognizing the importance of Freddie Mac's right to approve servicers, the Freddie Mac Guide only permits a servicing transfer with Freddie Mac's express consent. Indeed, Freddie Mac's approval rights are acknowledged in the Nationstar Asset Purchase Agreement's requirement that closing of the proposed sale is predicated on obtaining various consents from Freddie Mac.[5]

3. Freddie Mac has been working, and continues to work, with the Debtors and Nationstar to evaluate Nationstar's qualifications, the proposed sale terms, and the anticipated

---

[4] *See* Declaration of Joseph A. Pensabene in Support of Debtors' GA Servicing Motion, Non-GA Servicing Motion and Supplemental Servicing Motion [Dkt. No. 256] at ¶ 13.

[5] *See* Nationstar Asset Purchase Agreement § 8.3(v).

3

McKool 447436v4

post-closing terms of business between Freddie Mac and Nationstar. Freddie Mac has not yet, however, approved the proposed transfer to Nationstar generally, nor has it consented to the terms of the Nationstar Asset Purchase Agreement (the "Nationstar APA"). Because the Proposed Sale Procedures require potential bidders to submit bids using the Nationstar APA as a template, Freddie Mac files this response, in part, to make clear to parties-in-interest and prospective bidders that it has not consented to the terms of the Nationstar APA that the Debtors propose to use as the form sale contract. In addition, Freddie Mac notes that, from its perspective, the qualifications and capabilities of servicers often differ, sometimes dramatically. Thus, even if Freddie Mac ultimately approves the proposed sale to Nationstar and consents to the terms of the Nationstar APA, Freddie Mac may not consent to the transfer of servicing to another Successful Bidder on the same terms negotiated with Nationstar.

## OBJECTIONS TO PROPOSED SALE PROCEDURES

**A.    Qualified Bidders Should Be Approved Sellers and Servicers of Freddie Mac Loans.**

4.    The Proposed Sale Procedures provide that any bidder wishing to participate in the proposed auction must be approved in advance by the Debtors as a "Qualified Bidder." *See* Proposed Sale Procedures at 2. A Qualified Bidder must, in the Debtors' discretion after consultation with the Creditors' Committee, be "likely to consummate the Sale Transaction(s), if selected as the Successful Bidder, after taking into account all relevant legal, regulatory, and business considerations." *Id.* The Nationstar APA requires, as a specific condition to closing, that the purchaser must be an approved Freddie Mac seller-servicer. Accordingly, as a threshold requirement, a Qualified Bidder must be an entity that is a currently-approved Freddie Mac seller-servicer. Although qualification as an approved Freddie Mac seller-servicer is not sufficient to obtain Freddie Mac's consent to the servicing transfer, it should be a condition precedent to a bidder's participation in the auction.

4

McKool 447436v4

**B.    The Time Provided Between the Proposed Auction and Sale Hearing May Be Too Compressed to Allow Freddie Mac to Approve the Transfer of Servicing to the Successful Bidder.**

5.    The Proposed Sale Procedures provide that an auction will be held on September 25, 2012, at the conclusion of which a Successful Bidder will be chosen and presented to the Court for approval at a sale hearing to be held as early as October 15, 2012. While Freddie Mac will make every effort to evaluate the Successful Bidder as promptly as possible, the proposed time period between the auction and the sale hearing (possibly as little as three weeks) is insufficient to allow Freddie Mac to conduct necessary due diligence regarding the Successful Bidder and its ability to adequately service the Freddie Mac loan portfolio in accordance with the Freddie Mac Guide's requirements. When servicing transfers involve a loan portfolio as large as the one at issue here, Freddie Mac's due diligence and approval process has frequently taken longer than three weeks. If Nationstar is ultimately the Successful Bidder, Freddie Mac anticipates that it will not be able to obtain necessary approvals, including those from its conservator, prior to October 31. If a bidder other than Nationstar prevails at the auction, it is likely that Freddie Mac's due diligence and approval process will take two months to complete.

## CONCLUSION

Freddie Mac respectfully requests that the Court require, as a condition to approval, that the Proposed Sale Procedures be amended to provide that (1) no bidder may be a Qualified Bidder unless it is an approved Freddie Mac seller-servicer; and (2) the sale hearing shall not occur prior to October 31, 2012 if Nationstar is the Successful Bidder or prior to November 30, 2012 if a bidder other than Nationstar is the Successful Bidder.

McKool 447436v4

Dated: June 11, 2012

                                  Respectfully submitted,

/s/ Michael R. Carney
Michael R. Carney
MCKOOL SMITH P.C.
One Bryant Park, 47th Floor
New York, New York 10036
Telephone: (212) 402-9400
Facsimile: (212) 402-9444
E-mail: mcarney@mckoolsmith.com

Paul D. Moak
MCKOOL SMITH P.C.
600 Travis Street, Suite 7000
Houston, Texas 77002
Telephone: (713) 485-7300
Facsimile: (713) 485-7344
E-mail: pmoak@mckoolsmith.com

-and-

Kenton W. Hambrick,
Federal Home Loan Mortgage Corporation
8200 Jones Branch Drive - MS 202
McLean, Virginia 22102
Telephone: (703) 903-2640
Facsimile: (703) 903-3691

*Attorneys for Federal Home Loan Mortgage Corporation*

McKool 447436v4

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY, that on this 11th day of June, 2012, I electronically filed the foregoing pleading with the Clerk of Court by using the Case Management/Electronic Case Filing ("CM/ECF") system which will send a notice of electronic filing, and I will complete service of the foregoing as required by Rule 5, Federal Rules of Civil Procedure, made applicable by Rule 7005, Federal Rules of Bankruptcy Procedure, to all parties indicated on the electronic filing receipt.

                                    /s/ Michael R. Carney
                                    Michael R. Carney

McKool 447436v4