MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071
Telephone:     (213) 683-9100
Facsimile.      (213) 687-3702
Thomas Walper (Pro Hac Vice)
Seth Goldman (Pro Hac Vice)

*Counsel for Berkshire Hathaway Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br>RESIDENTIAL CAPITAL, LLC, et al.,<br>                    Debtors. | Case No. 12-12020 (MG)<br>Chapter 11<br>Jointly Administered |

**DECLARATION OF R. TED WESCHLER IN SUPPORT OF THE OBJECTION OF BERKSHIRE HATHAWAY INC. TO DEBTORS' MOTION PURSUANT TO 11 U.S.C. §§ 105, 363(b), (f), AND (m), 365 AND 1123, AND FED. R. BANKR. P. 2002, 6004, 6006, AND 9014 FOR ORDERS: (A)(I) AUTHORIZING AND APPROVING SALE PROCEDURES, INCLUDING BREAK-UP FEE AND EXPENSE REIMBURSEMENT; (II) SCHEDULING BID DEADLINE AND SALE HEARING; (III) APPROVING FORM AND MANNER OF NOTICE THEREOF; AND (IV) GRANTING RELATED RELIEF AND (B)(I) AUTHORIZING THE SALE OF CERTAIN ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) AUTHORIZING AND APPROVING ASSET PURCHASE AGREEMENTS THERETO; (III) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES RELATED THERETO; AND (IV) GRANTING RELATED RELIEF**

I, R. Ted Weschler, pursuant to 28 U.S.C. § 1746 and Local Bankruptcy Rule 9077,

hereby declare that the following is true to the best of my knowledge, information and belief:

1.     I joined Berkshire Hathaway Inc. ("Berkshire") as an investment manager in

January 2012. In that position, I have assisted in the management of Berkshire's holdings of

debt securities issued by Residential Capital, LLC ("ResCap") and/or its affiliated debtors and

debtors-in-possession (collectively, with ResCap, the "Debtors") in the above-captioned bankruptcy cases. I have personal knowledge of the matters set forth herein and, if called as a witness, would testify competently thereto.

2. Based on my review of the publicly filed documents in the Debtors' bankruptcy cases, I understand that the Debtors seek to sell (1) their mortgage loan origination and servicing platform (the "Mortgage Business"), with Nationstar Mortgage LLC ("Nationstar") proposed to serve as the stalking-horse bidder, and (2) their legacy loan portfolio ("Loan Portfolio"), with ResCap's parent company, Ally Financial Inc. ("Ally"), proposed to serve as the stalking-horse bidder.

3. Berkshire offers to serve as the stalking-horse bidder for either or both of the Mortgage Business and the Loan Portfolio sales. Attached hereto as Exhibit A is a signed asset purchase agreement from Berkshire for the Mortgage Business (the "Berkshire Mortgage APA"). The Berkshire Mortgage APA is proposed at the same price and on substantially the same terms as the agreement with Nationstar (the "Nationstar APA"). The Berkshire Mortgage APA includes a break-up fee of $24 million (as compared to $72 million under the Nationstar APA) and zero expense reimbursement (as compared to up to $10 million under the Nationstar APA). A blackline reflecting the changes in the Berkshire Mortgage APA as compared to the Nationstar APA is attached hereto as Exhibit B.

4. Attached hereto as Exhibit C is a signed asset purchase agreement from Berkshire for the Loan Portfolio (the "Berkshire Loan APA"). Under the Berkshire Loan APA, Berkshire offers to purchase the Loan Portfolio on substantially the same terms as the Ally APA but for an increased purchase price of $1.45 billion (as compared to $1.4 billion under the Ally APA for a sale outside of the Ally-backed chapter 11 plan). The Berkshire Loan APA provides a break-up

fee of 3 percent of the purchase price. A blackline reflecting the changes in the Berkshire Loan APA as compared to the Ally APA is attached hereto as <u>Exhibit D</u>.

5. The offers contained in the Berkshire Mortgage APA and the Berkshire Loan APA will remain open for the Court to approve and the Debtors to execute until June 19, 2012 (i.e., one day after the scheduled hearing to approve the proposed sale procedures), after which time they shall expire if not approved and accepted.

6. I declare under penalty of perjury that the preceding statements are true and correct. Executed within the United States.

Dated: June 11, 2012

By: _____
R. Ted Weschler