# **EXHIBIT B**

**Default Notice**

# NOTIFICATION OF BREACH OF CONTRACT AND TERMINATION OF SERVICING AGREEMENT

THIS NOTIFICATION OF BREACH OF CONTRACT (the "Notification"), dated and mailed March 23, 2012 (the "Notification Date") shall serve as formal Notification of Breach of Contract and subsequent termination of the Servicing Agreement (the "Agreement") entered into on October 1, 2011 by and between Green Planet Servicing, LLC (GPS), a Delaware limited liability company and GMAC Mortgage, LLC (GMAC), a Delaware limited liability company. GPS and GMAC may be referred to herein as a "Party" or collectively as the "Parties".

WHEREAS, the Parties entered into a Servicing Agreement dated October 1, 2011, under which GMAC was to service mortgage loans that were subject to the Servicing Agreement;

WHEREAS, the Parties agreed to abide by the mutually agreed up on terms and conditions provided within said Servicing Agreement;

WHEREAS, GPS intends to exercise its right to terminate the Servicing Agreement as provided by Section 11.01 of said Servicing Agreement;

NOW, THEREFORE, as a result of a fundamental breach of the mutually agreed upon terms and conditions, GPS hereby submits to GMAC formal notice of the Termination of the Servicing Agreement:

1. **FORMAL NOTIFICATION OF BREACH OF CONTRACT**
   GPS hereby notifies GMAC of the following matters that constitute a breach of the Servicing Agreement:

   a. Section 12.13 No Solicitation
      "Unless in accordance with Section 2.03 for the purposes of loss mitigation from and after the date hereof, the Servicer shall not, nor shall it take any action that would permit any Affiliate of Servicer, to solicit the Mortgagors for purposes of prepayment or refinance of the Mortgage Loans, without the written consent of the Owner, except as otherwise provided herein."

      GMAC breached its fiduciary duty when GMAC employed Mortgage Loan Originator's obtained access to the GPS loan pool, and intentionally solicited GPS Mortgagors for the sole purpose of refinancing the borrowers loan. Not only did GMAC not seek written consent for this activity, but GMAC did not put an end to it until no less than 129 loans, that we know of thus far, had been refinanced. Since this activity occurred, GMAC has continued to receive income from these refinanced loans.
      **Damages:**
      1. **$483,000.00 (Impairment value) + $26,966.92 ( Interest shortfall due to paid in full loans) = $509,966.92**
      2. **Minimal estimate of revenue derived from the intentionally solicited loans: $1,000,000.00.**

1

b. Section 2.01 Servicer to Act as Servicer
"…the Servicer, as an independent contractor, shall service and administer each Mortgage Loan and REO Property and shall have full power and authority, acting alone, to do any and all things in connection with such servicing and administration which the Servicer may deem necessary or desirable, *consistent with the terms of this Agreement, Accepted Servicing Practices, Agency Guidelines and the Approval Matrix*."

GMAC has failed to abide by the terms of this Agreement, Accepted Servicing Practices, Agency Guidelines or the Approval Matrix on numerous occasions, including the following:

  i. Loan buy-out request in error; loan #708112043
     GMAC failed to meet their duty of discovering a bankruptcy filing prior to demanding GPS to wire funds for the foreclosure repurchase. GMAC failed to inform GPS that the foreclosure sale had been rescinded, even though they became aware of this fact prior to the buyout date, and still required GPS to buy the loan out of the pool.

     Additionally, GMAC netted an additional $241,987 in claim funds due to GPS. As a condition of the indemnity, GMAC must repurchase this loan from GPS.
     **Damages:**
     **$130,199.00** (Funds wired by GPS for foreclosure repurchase) +
     **$241,987.00** (Funds netted from GPS to return foreclosure proceeds to VA) = **$372,186.00.**
  ii. Failure to provide notice on Loan Modifications
     GMAC failed to seek permission from GPS prior to completing a loan modification on Loan #708120137 as required by Section 2.01 *Servicer to Act as Servicer*. As a result of this breach by GMAC, GPS was required to provide $229,191.00 to repurchase the loan from the pool.
     **Damages:**
     **$229,191.00**
  iii. Failure to Obtain approval prior to conducting a short sale
     GMAC has failed to abide by the Approval Matrix and has processed numerous short sales without notifying GPS nor obtaining required approval beforehand. This is a direct breach of Section 2.01 *Servicer to Act as Servicer*.
     **Damages to date:**
     **$3,631.00**

**TOTAL DAMAGES TO DATE: $2,114,974.92**

2. **FORMAL NOTIFICATION OF TERMINATION OF SERVICE AGREEMENT**
   GPS hereby notifies GMAC of the termination of the Servicing Agreement as provided under Section 11.01 *Termination,* subsection (d): "The Owner may terminate, at its sole option, this

2

Agreement with respect to some or all of the Mortgage Loans or REO Property, with cause, upon the occurrence of a Servicer Event of default as provided in Section 9.01."

3. **TERMINATION OF RELATIONSHIP AND RESPONSILITIES OF PARTIES.**
   As a result of GMAC's breach of contract, the following terms apply:
   a. All termination fees and deboarding fees are void.
   b. All GPS loans will be transferred to a new servicer by September 4, 2012.
   c. Full damages are due to GPS in the amount not less than $2,114,974.92.
   d. GMAC shall assist GPS in the orderly transition of loans as defined in Section 11.02 *Transfer Procedures*.

4. **MISCELLANEOUS**
   a. This Notification completes the Notice Requirement as agreed by the Parties in the Servicing Agreement.
   b. Headings used in this Notification are provided for convenience only and shall not be used to construe meaning or intent.
   c. This demand and potential settlement is limited to the claims listed above. Under no circumstances does this absolve GMAC of, or limit GPS to, any claims that should arise in the future.

**On behalf of Green Planet Servicing, LLC**

_____    Date __23 Mar 12__
Sarah Jahner Mahloch
**Vice President & Senior Counsel**

3