**Hearing Date and Time: June 18, 2012, 10:00 a.m. (EDT)**
**Objection Deadline: June 11, 2012, 4:00 p.m. (EDT)**

PREET BHARARA
United States Attorney for the
Southern District of New York
By:  JOSEPH N. CORDARO
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2745
Facsimile: (212) 637-2686
E-mail: joseph.cordaro@usdoj.gov

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | Case No. 12-12020 (MG) |
| Debtors. | Jointly Administered |

**LIMITED OBJECTION OF THE UNITED STATES OF AMERICA TO DEBTORS'
MOTION FOR FINAL ORDER APPROVING DEBTOR-IN-POSSESSION FINANCING
WITH RESPECT TO ALLY FINANCIAL, INC.**

The United States of America (the "United States" or the "Government"), by its attorney Preet Bharara, United States Attorney for the Southern District of New York, respectfully submits this limited objection to entry of a final order approving *Corrected Debtors' Motion for Interim and Final Orders Pursuant to Bankruptcy Code Sections 105, 361, 362, 363, and 507(b) and Bankruptcy Rules 4001 and 6004: (I) Authorizing the Debtors to Obtain Postpetition Financing on a Secured, Superpriority Basis, (II) Authorizing the Use of Cash Collateral and Related Relief, (III) Granting Adequate Protection and (IV) Scheduling A Final Hearing Pursuant to Bankruptcy Rules 4001(b) and 4001(c), and (V) Granting Related Relief* [Docket # 42] (the "Motion").  The United States does not object to the relief sought in the Motion.

However, in the event the Court approves the Motion, the Government requests that the Court insert language into the final order (i) clarifying certain provisions of the order addressing the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. §§ 9601 *et seq.*, as amended ("CERCLA"), (ii) confirming that the Debtors must continue to manage and operate its property in compliance with applicable non-bankruptcy law, including environmental law, as provided in 28 U.S.C. § 959(b), and (iii) confirming that the order does not extinguish the Government's equitable rights of setoff or recoupment.[1]

1.      On May 16, 2012, the Court issued an order approving the relief sought in the Motion on an interim basis [Docket # 89] (the "Interim AFI DIP Order").  Paragraph 36 of the Interim AFI DIP Order provides that "the Adequate Protection Parties shall not be deemed, from and after the Petition Date, to be in control of the operations of the Debtors or to be acting as a 'responsible person' or 'owner or operator' with respect to the operations and management of the Debtors (as such terms, or any similar terms, are used in the United States Comprehensive Environmental Response, Compensation and Liability Act, [42] U.S.C. §§ 9601 *et seq.*, as amended, or any similar federal or state statute."  The Government acknowledges that providing DIP financing, in and of itself, does not render a lender an "owner or operator" of the Debtors' business and thus a potentially responsible party for CERCLA purposes.  *See* 42 U.S.C. § 9601(20)(E) ("The term 'owner or operator' does not include a person that is a lender that, without participating in the management of a vessel or facility, holds indicia of ownership primarily to protect the security interest of the person in the vessel or facility.").  However, a scenario *could* arise whereby a DIP lender becomes an actual participant in a debtor's affairs, and thus a "responsible party" or "owner or operator" under CERCLA.  *See id.* § 9601(20)(F)

---

[1]    Capitalized terms not defined herein have the same meaning as in the Motion.

2

(providing that the term "participating in management" in section 9601(20)(E) "means actually participating in the management or operational affairs of a vessel or facility"). The Court should not foreclose that possibility at the outset of the bankruptcy. Accordingly, the United States therefore proposes insertion of the following underlined language into the final AFI DIP order:

> . . . the Adequate Protection Parties shall not be deemed, from and after the Petition Date, to be in control of the operations of the Debtors or to be acting as a "responsible person" or "owner or operator" with respect to the operations and management of the Debtors <u>so long as the Adequate Protection Parties' actions do not constitute, within the meaning of 42 U.S.C. 9601(20)(F), actual participation in the management or operational affairs of a vessel or facility owned or operated by a Debtor, or otherwise cause liability to arise to the federal or state government or the status of responsible person or managing agent to exist under applicable law (as such terms, or any similar terms, are used in the United States Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. 9601 et seq., as amended, or any similar federal or state statute)</u>.

2. In addition, 28 U.S.C. § 959(b) provides that "a trustee, receiver or manager appointed in any cause pending in any court of the United States, including a debtor in possession, shall manage and operate the property in his possession as such trustee, receiver or manager according to the requirements of the valid laws of the State in which such property is situated, in the same manner that the owner or possessor thereof would be bound to do if in possession thereof." The Supreme Court has held that a debtor-in-possession must operate property of the estate in compliance with the environmental laws. *Ohio v. Kovacs*, 469 U.S. 274, 285 (1985) ("we do not question that anyone in possession of the site . . . must comply with the environmental laws of the State of Ohio. Plainly, that person or firm may not maintain a nuisance, pollute the waters of the State, or refuse to remove the source of such conditions."); *see also Midlantic National Bank v. N.J. Dep't of Environmental Protection*, 474 U.S. 494, 502 (1986) ("Neither the Court nor Congress has granted a trustee in bankruptcy powers that would lend support to a right to abandon property in contravention of state or local laws designed to

3

protect public health or safety. . . . Congress has repeatedly expressed its legislative determination that the trustee is not to have *carte blanche* to ignore nonbankruptcy law."). In order that the final order approving the Motion does not absolve Debtors managing and operating its property consistent with environmental and other non-bankruptcy law, the Government respectfully requests that the Court insert the following language into the order: "Nothing in this Order or the Credit Documents shall permit the Debtors to violate 28 U.S.C. 959(b)."

3.      Finally, the final order should preserve the Government's equitable rights of setoff and recoupment. Generally speaking, "[t]he right of setoff . . . allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding the absurdity of making A pay B when B owes A." *Citizens Bank of Md. v. Strumpf*, 516 U.S. 16, 18 (1995) (citation and internal quotation marks omitted). Recoupment is a demand arising from the same transaction as a plaintiff's claim to abate or reduce that claim, and thus is the means used to determine the proper liability on the amount owed. *See Reiter v. Cooper*, 507 U.S. 258, 265 n.2 (1993). Section 553 of the Bankruptcy Code recognizes and preserves setoff rights that exist under non-bankrutpcy law, subject to certain requirements. *See* 11 U.S.C. § 553. The Code is silent with respect to recoupment; however, recoupment rights also are determined under non-bankruptcy law. *See Westinghouse Credit Corp. v. D'Urso*, 278 F.3d 138, 149 n.5 (2d Cir. 2002). In general, the United States is a "unitary creditor," *i.e.,* a single government unit, for setoff purposes. *See, e.g, In re Whimsy, Inc.*, 221 B.R. 69, 74 (S.D.N.Y. 1998).

4.      Here, the AFI DIP Lenders are obtaining post-petition financing secured by priming liens, *see* Motion at 32-33, and the DIP Lenders will receive superpriority administrative expense claim, *see id.* at 9. Nevertheless, the mere existence of priming liens and superpriority claims does not extinguish the Government's valid setoff and recoupment rights existing under

4

non-bankruptcy law. *See In re Calore Exp. Co.*, 288 F.3d 22, 40 (1st Cir. 2002) (granting of "certain security interests and priority rights" to lender did not eliminate the Government's right of setoff). Accordingly, the Government proposes the following language for inclusion in the final order: "<u>As to the United States, its agencies, departments or agents, nothing in this Final Order or the DIP Documents shall discharge, release or otherwise preclude any valid right of setoff or recoupment that any such entity may have</u>."

5.  In other notable bankruptcies, the Court has approved language in DIP financing orders that is identical or similar to the language proposed here. *See, e.g., In re Eastman-Kodak Co.*, No. 12-10202 (ALG), Dkt # 375 (Feb. 16, 2012), ¶¶ 25-26; *In re Motors Liquidation Co.*, No. 09-50026 (REG), Dkt. # 2529 (June 25, 2009), ¶ 26 (CERCLA language); *In re Chemtura Corp.*, No. 09-11233 (REG), Dkt. # 281 (Apr. 29, 2009), ¶¶ 32, 37; *In re Tronox, Inc.*, No. 09-10156 (ALG), Dkt. # 148 (Feb. 6, 2009), ¶¶ 23, 26.

## CONCLUSION

For the foregoing reasons, the Government files this limited objection to the Motion and respectfully requests that the Court insert the language proposed in this pleading into any final order approving the Motion.

Dated: New York, New York
       June 11, 2012

                Respectfully submitted,

                PREET BHARARA
                United States Attorney for the
                Southern District of New York
                *Attorney for the United States of America*

By:   /s/ Joseph N. Cordaro
       JOSEPH N. CORDARO
       Assistant United States Attorney
       86 Chambers Street, 3rd Floor
       New York, New York 10007
       Telephone: (212) 637-2745
       Facsimile: (212) 637-2686
       Email: joseph.cordaro@usdoj.gov