Hearing Date and Time: June 18, 2012, 10:00 a.m. (EDT)
Objection Deadline: June 11, 2012, 4:00 p.m. (EDT)

PREET BHARARA
United States Attorney for the
Southern District of New York
By:  JOSEPH N. CORDARO
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2745
Facsimile: (212) 637-2686
E-mail: joseph.cordaro@usdoj.gov

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | Case No. 12-12020 (MG) |
| Debtors. | Jointly Administered |

**LIMITED OBJECTION OF THE UNITED STATES OF AMERICA TO DEBTORS'
MOTION FOR FINAL ORDER APPROVING DEBTOR-IN-POSSESSION FINANCING
WITH RESPECT TO BARCLAYS BANK PLC**

The United States of America (the "United States" or the "Government"), by its attorney Preet Bharara, United States Attorney for the Southern District of New York, respectfully submits this limited objection to entry of a final order approving *Debtors' Motion for Interim and Final Orders Pursuant to 11 U.S.C. §§ 105, 362, 363(b)(1), 363(f), 363(m), 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) and 364(e) and Bankruptcy Rules 4001 and 6004 (I) Authorizing the Debtors to (A) Enter into and Perform Under Receivables Purchase Agreements and Mortgage Loan Purchase and Contribution Agreements Relating to Initial Receivables and Mortgage Loans and Receivables Pooling Agreements Relating to Additional Receivables, and (B) Obtaining Postpetition Financing on a Secured, Superpriority Basis, (II) Scheduling a Final*

*Hearing Pursuant to Bankruptcy Rules 4001(b) and 4001(c), and (III) Granting Related Relief* [Docket No. 13] (the "Motion").  The United States has no objection to the relief sought in the Motion.  Nevertheless, over the Government's objection at the first-day hearing on May 14, 2012, the Court approved language in the Interim Order approving the Motion [Docket # 80] (the "Interim Order") providing that nothing shall restrict the Government's right of setoff or recoupment "in the Junior Lien Collateral."  Interim Order at 31.  This formulation narrows the Government's equitable rights of setoff and recoupment, which do not rely on bankruptcy law for their existence.  Accordingly, the Government respectfully requests the deletion of the phrase "in the Junior Lien Collateral."[1]

1. On May 14, 2012, Debtors filed the Motion, along with others, as a first-day motion.  Because of this Court's absence on the date of commencement, the Honorable James M. Peck presided over the "first day" hearings, which took place on May 14 and 15, 2012.  Prior to the hearing, at the Government's request, certain language was inserted into the proposed interim order concerning the Government's setoff and recoupment rights.  However, the Government did not agree to the final form of the language: "As to the United States, its agencies, departments or agents, nothing in this Final Order or the DIP Documents shall discharge, release or otherwise preclude any valid right of setoff or recoupment that any such entity may have *in the Junior Lien Collateral*." (emphasis added).  At the first day hearing on May 14, 2012, the United States objected to the inclusion of the phrase "in the Junior Lien Collateral," arguing that setoff and recoupment rights exist under non-bankruptcy law, and that there is no basis to restrict those rights to one particular class of collateral.  May 14, 2012 Hrg. Tr. ("Tr.") at 81-82.

---

[1] Capitalized terms not defined herein have the same meaning as in the Motion.

2

2.      The Court overruled the objection. Although the Court acknowledged that the Government's argument was "right" as a general matter, the Court found that the "extraordinary circumstances" at hand entitled the DIP lender to assurances of protection with respect to their advances. *Id.* at 89. The Court continued: "Under these circumstances, and particularly since, as I understand the facts, the collateral base consists of assets that presently reside outside the debtors and are to be brought into the debtors' estate simultaneously with the closing, I think that the broad language sought by the U.S. Attorney is unnecessary." *Id.* The Court noted, however, that the language was not "inappropriate" and that the issue could be revisited in connection with the final order on the Motion. *Id.* at 89-90.

3.      The United States renews its objection to the language "in the Junior Lien Collateral." Generally speaking, "[t]he right of setoff . . . allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding the absurdity of making A pay B when B owes A." *Citizens Bank of Md. v. Strumpf*, 516 U.S. 16, 18 (1995) (citation and internal quotation marks omitted). Recoupment is a demand arising from the same transaction as a plaintiff's claim to abate or reduce that claim, and thus is the means used to determine the proper liability on the amount owed. *See Reiter v. Cooper*, 507 U.S. 258, 265 n.2 (1993). Section 553 of the Bankruptcy Code recognizes and preserves setoff rights that exist under non-bankrutpcy law, subject to certain requirements. *See* 11 U.S.C. § 553. The Code is silent with respect to recoupment; however, recoupment rights also are determined under non-bankruptcy law. *See Westinghouse Credit Corp. v. D'Urso*, 278 F.3d 138, 149 n.5 (2d Cir. 2002). In general, the agencies of the United States constitute a "unitary creditor," *i.e.,* a single government unit, for setoff purposes. *See, e.g, In re Whimsy, Inc.*, 221 B.R. 69, 74 (S.D.N.Y. 1998).

3

4.      The United States does not request plenary setoff or recoupment rights beyond the limits of Section 553 or other applicable non-bankruptcy law.  It merely seeks preservation of its *valid* rights of setoff or recoupment.  The Government thus requests that the final order provide as follows: "As to the United States, its agencies, departments or agents, nothing in this Final Order or the DIP Documents shall discharge, release or otherwise preclude any valid right of setoff or recoupment that any such entity may have that nothing therein shall discharge, release, or otherwise preclude its valid rights of setoff or recoupment."  This language has appeared in other DIP financing orders approved by this Court.  *See, e.g., In re Eastman-Kodak Co.*, No. 12-10202 (ALG), Dkt # 375 (Feb. 16, 2012), ¶¶ 25-26; *In re Motors Liquidation Co.*, No. 09-50026 (REG), Dkt. # 2529 (June 25, 2009), ¶ 26 (CERCLA language);  *In re Chemtura Corp.*, No. 09-11233 (REG), Dkt. # 281 (Apr. 29, 2009), ¶¶ 32, 37; *In re Tronox, Inc.*, No. 09-10156 (ALG), Dkt. # 148 (Feb. 6, 2009), ¶¶ 23, 26.

5.      As the Government understands the DIP Lenders' position, this particular DIP agreement presents an unusual situation, and the "First Lien Collateral," as defined in the motion, constitutes property which was acquired from outside the estate, with DIP funds, free and clear of interests.  Tr. at 83.  The DIP Lenders also contended at the first day hearing that if the Government has a specific interest in that property, it must come forward and demonstrate it. *Id.*  But the Government need not demonstrate an interest in estate property simply to preserve its setoff and recoupment rights.  The Government need not even file a proof of claim in order to preserve those rights.  *See In re Davidovich*, 901 F.2d 1533, 1539 (10th Cir. 1990) (proof of claim not a prerequisite to retention of setoff right).  Moreover, section 553 of the Bankruptcy Code expressly provides that nothing in the Code affects a creditor's right to setoff unless explicitly provided in that section, or in sections 362 or 363.  11 U.S.C. § 553(a).  As the Second

Circuit has noted: "[t]he rule allowing setoff . . . is not one that courts are free to ignore when they think application would be unjust." *In re Applied Logic Corp.*, 576 F.2d 952, 957 (2d Cir. 1978); *see also* 5 Collier on Bankruptcy § 553.02[3] ("The Bankruptcy Code provides no general equitable mechanism for disallowing rights of setoff that are expressly preserved by section 553.")

## CONCLUSION

Accordingly, the Government objects to the Motion and requests inclusion of the language provided in paragraph 4 *supra*, *i.e.*, deletion of the phrase "in the Junior Lien Collateral" from the setoff provision.

Dated: New York, New York
June 11, 2012

Respectfully submitted,

PREET BHARARA
United States Attorney for the
Southern District of New York
*Attorney for the United States of America*

By:   /s/ Joseph N. Cordaro
JOSEPH N. CORDARO
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2745
Facsimile: (212) 637-2686
Email: joseph.cordaro@usdoj.gov