**Hearing Date: June 12, 2012 at 10:00 a.m. (ET)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Larren M. Nashelsky
Gary S. Lee
Lorenzo Marinuzzi

*Proposed Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | ) Chapter 11 |
| Debtors. | ) Jointly Administered |

**NOTICE OF FILING OF AMENDED PROPOSED FINAL ORDER UNDER
BANKRUPTCY CODE SECTIONS 105(a) AND 107(b) AND BANKRUPTCY RULE 9018
(I) AUTHORIZING THE DEBTORS TO FILE UNDER SEAL CONFIDENTIAL
EXHIBIT TO THE GOVERNMENTAL ASSOCIATION SERVICING MOTION
AND (II) LIMITING NOTICE THEREOF**

**PLEASE TAKE NOTICE** that Residential Capital, LLC ("ResCap") files the attached proposed Final Order Under Bankruptcy Code Sections 105(a) and 107(b) and Bankruptcy Rule 9018 (i) Authorizing the Debtors to File Under Seal Confidential Exhibit to the Governmental Association Servicing Motion and (ii) Limiting Notice Thereof (the "Proposed Order")[1], attached hereto as Exhibit 1.

---

[1] On May 14, 2012, the Debtors filed the Debtors' Motion for Order Under Bankruptcy Code Sections 105(a) and 107(b) and Bankruptcy Rule 9018 (i) Authorizing the Debtors to File Under Seal Confidential Exhibit to the Governmental Association Servicing Motion and (ii) Limiting Notice Thereof [Docket No. 23] (the "Motion"). An interim order granting the relief requested therein was entered on May 15, 2012 [Docket No. 94]. Attached

ny-1044943

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider the Proposed Order will take place on **June 12, 2012 at 10:00 a.m. (prevailing Eastern Time)** before the Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE THAT** a copy of the Motion and Proposed Order may be obtained via PACER at http://www.nysb.uscourts.gov or from the Debtors' restructuring website at www.kccllc.net/rescap.

Dated: June 11, 2012
New York, New York

/s/ Larren M. Nashelsky
Larren M. Nashelsky
Gary S. Lee
Lorenzo Marinuzzi
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Proposed Counsel to the Debtors and Debtors in Possession*

---

to the Motion was a proposed order approving the relief requested in the Motion (the "Initial Order"). The Debtors have amended the Initial Order, which is reflected in the Proposed Order. An electronic comparison of the Proposed Order to the Initial Order is attached hereto as Exhibit 2.

# **EXHIBIT 1**

12-12020-mg    Doc 307    Filed 06/11/12    Entered 06/11/12 16:42:31    Main Document
Pg 3 of 10

ny-1044943

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------------------
                                                            )
In re:                                                      )     Case No. 12-12020 (MG)
                                                            )
RESIDENTIAL CAPITAL, LLC, et al.,                           )     Chapter 11
                                                            )
                           Debtors.                         )     Jointly Administered
                                                            )
---------------------------------------------------------------------------------

**FINAL ORDER UNDER BANKRUPTCY CODE SECTIONS 105(A) AND 107(B) AND BANKRUPTCY RULE 9018 (I) AUTHORIZING THE DEBTORS TO FILE UNDER SEAL CONFIDENTIAL EXHIBIT TO THE GOVERNMENTAL ASSOCIATION SERVICING MOTION AND (II) LIMITING NOTICE THEREOF**

Upon the motion (the "Motion")[1] of the Debtors for entry of an order, under Bankruptcy Code sections 105(a) and 107(b) and Bankruptcy Rule 9018, (i) authorizing the Debtors to file under seal a confidential exhibit to the Governmental Association Servicing Motion and (ii) limiting notice thereof; and the Court having entered an interim order on May 15, 2012 granting the Motion on an interim basis; and upon consideration of the Declaration of Yvette W. Gilmore in Support of the Debtors' Motion to File Under Seal Confidential Exhibit to the Governmental Association Servicing Motion; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these Chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this proceeding on the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and upon the

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion. Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases or the relief granted herein may refer to http://www.kccllc.net/rescap for additional information.

ny-1041763

record of the Final Hearing; and it appearing that the relief requested by the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation thereon; and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED, as set forth herein.

2. The Metrics Exhibit shall remain under seal and confidential and shall only be made available to the Limited Notice Parties and such other parties as may be agreed to by the Debtors and Freddie Mac under appropriate confidentiality agreements reasonably satisfactory to Freddie Mac.

3. The Limited Notice Parties shall be bound by this Order and shall at all times keep the Metrics Exhibit strictly confidential and shall not disclose the contents of the Metrics Exhibit to any party whatsoever, including but not limited to their respective clients.

4. Any pleadings filed in these Chapter 11 cases that reference or disclose the Metrics (other than the information contained in the Governmental Association Servicing Motion) shall be filed under seal and served only on those parties authorized to receive the Metrics Exhibit in accordance with this Order.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

6. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062 and 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board

of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

9. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated:   New York, New York
              _____, 2012

 

        THE HONORABLE MARTIN GLENN
        UNITED STATES BANKRUPTCY JUDGE

## **EXHIBIT 2**

ny-1044943

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | Case No. 12-12020 (MG) |
| ) | |
| RESIDENTIAL CAPITAL, LLC, et al., ) | Chapter 11 |
| ) | |
| Debtors. ) | Jointly Administered |

**FINAL ORDER UNDER BANKRUPTCY CODE SECTIONS 105(A) AND 107(B) AND BANKRUPTCY RULE 9018 (I) AUTHORIZING THE DEBTORS TO FILE UNDER SEAL CONFIDENTIAL EXHIBIT TO THE GOVERNMENTAL ASSOCIATION SERVICING MOTION AND (II) LIMITING NOTICE THEREOF**

Upon the motion (the "Motion")[1] of the Debtors for entry of an order, under Bankruptcy Code sections 105(a) and 107(b) and Bankruptcy Rule 9018, (i) authorizing the Debtors to file under seal a confidential exhibit to the Governmental Association Servicing Motion and (ii) limiting notice thereof; and the Court having entered an interim order on May 15, 2012 granting the Motion on an interim basis; and upon consideration of the Declaration of Yvette W. Gilmore in Support of the Debtors' Motion to File Under Seal Confidential Exhibit to the Governmental Association Servicing Motion; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these Chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this proceeding on the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and upon the

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion. Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases or the relief granted herein may refer to http://www.kccllc.net/rescap for additional information.

ny-1041763

record of the Final Hearing; and it appearing that the relief requested by the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation thereon; and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED, as set forth herein.

2. The Metrics Exhibit shall remain under seal and confidential and shall only be made available to the Limited Notice Parties and such other parties as may be agreed to by the Debtors and Freddie Mac under appropriate confidentiality agreements reasonably satisfactory to Freddie Mac.

3. The Limited Notice Parties shall be bound by this Order and shall at all times keep the Metrics Exhibit strictly confidential and shall not disclose the contents of the Metrics Exhibit to any party whatsoever, including but not limited to their respective clients.

4. Any pleadings filed in these Chapter 11 cases that reference or disclose the Metrics (other than the information contained in the Governmental Association Servicing Motion) shall be filed under seal and served only on those parties authorized to receive the Metrics Exhibit in accordance with this Order.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

6. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062 and 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board

ny-1041763

2

of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

9.      This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated:  New York, New York
        _____, 2012

                                        _____
                                        THE HONORABLE MARTIN GLENN
                                        UNITED STATES BANKRUPTCY JUDGE

ny-1041763                              3