**Hearing Date: June 12, 2012 at 10:00 a.m. (ET)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
Larren M. Nashelsky
Gary S. Lee
Lorenzo Marinuzzi

*Proposed Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | ) Chapter 11 |
| Debtors. | ) Jointly Administered |

**NOTICE OF FILING OF AMENDED PROPOSED FINAL ORDER
UNDER BANKRUPTCY CODE SECTIONS 105(a), 363, 506(a), 507(a)(8),
541 AND 1129 AND BANKRUPTCY RULE 6003 AUTHORIZING
PAYMENT OF TAXES AND REGULATORY FEES**

**PLEASE TAKE NOTICE** that Residential Capital, LLC ("ResCap") files the attached amended proposed Final Order Under Bankruptcy Code Sections 105(a), 363, 506(a), 507(a)(8), 541 and 1129 and Bankruptcy Rule 6003 Authorizing Payment of Taxes and Regulatory Fees (the "Proposed Order")[1], attached hereto as Exhibit 1.

---

[1] On May 14, 2012, the Debtors' filed the Motion for Interim and Final Orders Under Bankruptcy Code Sections 105(a), 363, 506(a), 507(a)(8), 541 and 1129 and Bankruptcy Rule 6003 Authorizing Payment of Taxes and Regulatory Fees [Docket No. 37] (the "Motion"). An interim order granting the relief requested therein was entered on May 18, 2012 [Docket No.108]. Attached to the Motion was a proposed order approving the relief requested in

ny-1045003

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider the Proposed Order will take place on **June 12, 2012 at 10:00 a.m. (prevailing Eastern Time)** before the Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE THAT** a copy of the Motion and Proposed Order may be obtained via PACER at http://www.nysb.uscourts.gov or from the Debtors' restructuring website at www.kccllc.net/rescap.

Dated:  June 11, 2012
         New York, New York

>                                   */s/   Larren M. Nashelsky*
>                                   Larren M. Nashelsky
>                                   Gary S. Lee
>                                   Lorenzo Marinuzzi
>                                   MORRISON & FOERSTER LLP
>                                   1290 Avenue of the Americas
>                                   New York, New York 10104
>                                   Telephone: (212) 468-8000
>                                   Facsimile: (212) 468-7900
>
>                                   *Proposed Counsel for the Debtors and Debtors in Possession*

---

the Motion on a final basis (the "Final Order").The Debtors' have amended the Final Order, which is reflected in the Proposed Order.  An electronic comparison of the Proposed Order to the Final Order is attached hereto as Exhibit 2.

2

ny-1045003

# **EXHIBIT 1**

12-12020-mg    Doc 310    Filed 06/11/12    Entered 06/11/12 16:52:12    Main Document
Pg 3 of 13

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------------
|                                         )
In re:                                    )    Case No. 12-12020 (MG)
                                          )
RESIDENTIAL CAPITAL, LLC, et al.,         )    Chapter 11
                                          )
                             Debtors.     )    Jointly Administered
---------------------------------------------------------------------------)

**FINAL ORDER UNDER BANKRUPTCY CODE SECTIONS 105(a), 363, 506(a), 507(a)(8), 541 AND 1129 AND BANKRUPTCY RULE 6003 <u>AUTHORIZING PAYMENT OF TAXES AND REGULATORY FEES</u>**

Upon the motion (the "Motion")[1] of Residential Capital, LLC, and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors") for entry of an order, under Bankruptcy Code sections 105(a), 363, 506(a), 507(a)(8), 541 and 1129 and Bankruptcy Rule 6003, authorizing the Debtors to pay Taxes and Regulatory Fees to the Authorities as well as reimburse AFI for Taxes and Regulatory Fees paid on the Debtors' behalf; and upon the Whitlinger Affidavit; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these Chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this proceeding on the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and upon the record of the Final Hearing; and it appearing that the relief requested by the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion. Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases or the relief granted herein may refer to http://www.kccllc.net/rescap for additional information.

ny-1040421

thereon; and sufficient cause appearing therefore, it is hereby

## ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized, in their discretion, to pay all Taxes and Regulatory Fees owing to the Authorities, including but not limited to those Authorities listed on Exhibit C annexed to the Motion, in the ordinary course of their businesses, including, but not limited to, the payment of Taxes and Regulatory Fees relating to prepetition and postpetition amounts, as well as any tax audits that have been completed, are in progress or which may commence in the ordinary course of business, *provided*, *however*, that notice shall be given to the official committee of unsecured creditors (the "**Committee**"), of all payments of prepetition Taxes and Regulatory Fees in excess of $1,250,000.

3. In exercising their discretion, and after notice to the Committee, the Debtors may elect to prefer trust fund taxes or such other Taxes and Regulatory Fees, including taxes as to which their officers and directors may have personal liability in the event of nonpayment by the Debtors.

4. The Debtors are authorized, but not directed, to make the Credit Card Payments for postpetition amounts that accrue in the ordinary course of business, but may not make payments to AFI on account of prepetition tax obligations or, for the avoidance of doubt, any Income Tax Payments without further order of this Court.

5. In addition to the relief granted in paragraph 4 above with respect to the Credit Card Payments, with the written consent of the Committee, or upon further order of the Court, the Debtors may reimburse Ally for other payments of post-petition Taxes and Regulatory Fees made by Ally on the Debtors' behalf.

2

ny-1040421

6. This Order is without prejudice to the Debtors' right to seek Court authority to make the AFI Payments for any prepetition amounts that accrue in the ordinary course of business.

7. All applicable banks and other financial institutions are hereby authorized and directed to receive, process, honor and pay any and all checks evidencing amounts paid by the Debtors pursuant to the Motion, whether presented prior to or after the Petition Date.

8. To the extent the Debtors have not yet sought to remit payment to the Authorities, the Debtors are authorized, but not directed, to issue checks or provide for other means of payment to the Authorities, to the extent necessary to pay the Taxes and Regulatory Fees, as provided herein.

9. This Order is without prejudice to the Debtors' rights to contest the amounts of any Taxes and Regulatory Fees on any grounds that they deem appropriate.

10. Notwithstanding the relief granted herein or any actions take hereunder, nothing contained in this Order shall create any rights in favor of, or enhance the status of any claim held by, any Authority.

11. All amounts authorized to be paid pursuant to this order are subject to the limitations and restrictions imposed by the Approved DIP Budget (as defined in the DIP Credit Agreement). To the extent that there is any inconsistency between the terms of this order and the terms of any order relating to postpetition financing or cash collateral, the terms of the orders relating to postpetition financing or cash collateral shall govern.

12. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

ny-1040421

13. Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

14. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated:    New York, New York
          _____, 2012

                                              _____
                                              THE HONORABLE MARTIN GLENN
                                              UNITED STATES BANKRUPTCY JUDGE

ny-1040421

**EXHIBIT 2**

4

ny-1045003

**EXHIBIT 2**

~~**EXHIBIT B**~~**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------------
                                                        )
In re:                                                  )   Case No. 12-12020 (MG)
                                                        )
RESIDENTIAL CAPITAL, LLC, et al.,                       )   Chapter 11
                                                        )
                    Debtors.                            )   Jointly Administered
                                                        )
---------------------------------------------------------------------------

**FINAL ORDER UNDER BANKRUPTCY CODE SECTIONS 105(a), 363, 506(a),
507(a)(8), 541 AND 1129 AND BANKRUPTCY RULE 6003
AUTHORIZING PAYMENT OF TAXES AND REGULATORY FEES**

Upon the motion (the "Motion")[1] of Residential Capital, LLC, and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors") for entry of an order, under Bankruptcy Code sections 105(a), 363, 506(a), 507(a)(8), 541 and 1129 and Bankruptcy Rule 6003, authorizing the Debtors to pay Taxes and Regulatory Fees to the Authorities as well as reimburse AFI for Taxes and Regulatory Fees paid on the Debtors' behalf; and upon the Whitlinger Affidavit; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these Chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this proceeding on the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and upon the record of the Final Hearing; and it appearing that the relief requested by the Motion is in the best interests of the

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion. Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases or the relief granted herein may refer to http://www.kccllc.net/rescap for additional information.

ny-1040421

Debtors~~'~~, their estates, their creditors, and other parties in interest; and after due deliberation thereon; and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.  The Motion is GRANTED as set forth herein.

2.  The Debtors are authorized, in their discretion, to pay all Taxes and Regulatory Fees owing to the Authorities, including but not limited to those Authorities listed on <u>Exhibit C</u> annexed to the Motion, in the ordinary course of their businesses, including, but not limited to, the payment of Taxes and Regulatory Fees relating to prepetition and postpetition amounts, as well as any tax audits that have been completed, are in progress or which may commence in the ordinary course of business~~.~~, provided, however, that notice shall be given to the official committee of unsecured creditors (the "**Committee**"), of all payments of prepetition Taxes and Regulatory Fees in excess of $1,250,000.

3.  In exercising their discretion, and after notice to the Committee, the Debtors may elect to prefer trust fund taxes or such other Taxes and Regulatory Fees, including taxes as to which their officers and directors may have personal liability in the event of nonpayment by the Debtors.

4.  The Debtors ~~also~~ are authorized, but not directed, to make the ~~AFI~~Credit Card Payments for ~~prepetition and~~ postpetition amounts that accrue in the ordinary course of business, but may not make payments to AFI on account of prepetition tax obligations or, for the avoidance of doubt, any Income Tax Payments without further order of this Court.

5.  In addition to the relief granted in paragraph 4 above with respect to the Credit Card Payments, with the written consent of the Committee, or upon further order of the Court,

2

the Debtors may reimburse Ally for other payments of post-petition Taxes and Regulatory Fees made by Ally on the Debtors' behalf.

6. This Order is without prejudice to the Debtors' right to seek Court authority to make the AFI Payments for any prepetition amounts that accrue in the ordinary course of business.

7. 5. All applicable banks and other financial institutions are hereby authorized and directed to receive, process, honor and pay any and all checks evidencing amounts paid by the Debtors pursuant to the Motion, whether presented prior to or after the Petition Date.

8. 6. To the extent the Debtors have not yet sought to remit payment to the Authorities, the Debtors are authorized, but not directed, to issue checks or provide for other means of payment to the Authorities, to the extent necessary to pay the Taxes and Regulatory Fees, as provided herein.

9. 7. This Order is without prejudice to the Debtors' rights to contest the amounts of any Taxes and Regulatory Fees on any grounds that they deem appropriate.

10. 8. Notwithstanding the relief granted herein or any actions take hereunder, nothing contained in this Order shall create any rights in favor of, or enhance the status of any claim held by, any Authority.

11. 9. All amounts authorized to be paid pursuant to this order are subject to the limitations and restrictions imposed by the Approved DIP Budget (as defined in the DIP Credit Agreement).  To the extent that there is any inconsistency between the terms of this order and the terms of any order relating to postpetition financing or cash collateral, the terms of the orders relating to postpetition financing or cash collateral shall govern.

ny-1040421

12.    ~~10.~~ Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

13.    ~~11.~~ Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates ~~(excluding ResCap and its subsidiaries)~~.

~~12.    The relief granted by this Order shall apply to any affiliated Future Debtor.~~

14.    ~~13.~~ This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated:    New York, New York
            _____, 2012

                                    _____
                                    THE HONORABLE MARTIN GLENN
                                    UNITED STATES BANKRUPTCY JUDGE

Document comparison by Workshare Professional on Monday, June 11, 2012 10:55:54 AM

| Input: | |
|---|---|
| Document 1 ID | PowerDocs://NEW YORK/1040421/8 |
| Description | NEW YORK-#1040421-v8-ResCap_-_Taxes_and_Fees_Final_Order_(SDNY) |
| Document 2 ID | PowerDocs://NEW YORK/1040421/14 |
| Description | NEW YORK-#1040421-v14-ResCap_-_Taxes_and_Fees_Final_Order_(SDNY) |
| Rendering set | standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 12 |
| Deletions | 17 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 29 |