Hearing Date: June 12, 2012 at 10:00 a.m. (ET)

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Larren M. Nashelsky
Gary S. Lee
Lorenzo Marinuzzi

*Proposed Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**NOTICE OF FILING OF AMENDED PROPOSED FINAL ORDER UNDER
BANKRUPTCY CODE SECTIONS 105(a) AND 363(b) AUTHORIZING RESIDENTIAL
CAPITAL, LLC TO ENTER INTO A SHARED SERVICES AGREEMENT WITH ALLY
FINANCIAL INC. *NUNC PRO TUNC* TO THE PETITION DATE FOR THE
CONTINUED RECEIPT AND PROVISION OF SHARED SERVICES NECESSARY
FOR THE OPERATION OF THE DEBTORS' BUSINESSES**

**PLEASE TAKE NOTICE** that Residential Capital, LLC ("ResCap") files the attached

amended proposed Final Order Under Bankruptcy Code Sections 105(a) and 363(b) Authorizing

Residential Capital, LLC to Enter Into a Shared Services Agreement With Ally Financial Inc.

*Nunc Pro Tunc* To The Petition Date for the Continued Receipt and Provision of Shared Services

ny-1044942

Necessary for the Operation of the Debtors' Businesses (the "Proposed Order")[1], attached hereto as <u>Exhibit 1</u>.

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider the Proposed Order will take place on **June 12, 2012 at 10:00 a.m. (prevailing Eastern Time)** before the Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE THAT** a copy of the Motion and Proposed Order may be obtained via PACER at http://www.nysb.uscourts.gov or from the Debtors' restructuring website at www.kccllc.net/rescap.

Dated: June 11, 2012
       New York, New York

                                        */s/*   Larren M. Nashelsky
                                        Larren M. Nashelsky
                                        Gary S. Lee
                                        Lorenzo Marinuzzi
                                        MORRISON & FOERSTER LLP
                                        1290 Avenue of the Americas
                                        New York, New York 10104
                                        Telephone: (212) 468-8000
                                        Facsimile: (212) 468-7900

                                        *Proposed Counsel for the Debtors and*
                                        *Debtors in Possession*

---

[1] On May 14, 2012, the Debtors filed the Motion for Interim and Final Orders Under Bankruptcy Code Sections 105(a) and 363(b) Authorizing Residential Capital, LLC to Enter Into a Shared Services Agreement With Ally Financial Inc. *Nunc Pro Tunc* To The Petition Date for the Continued Receipt and Provision of Shared Services Necessary for the Operation of the Debtors' Businesses [Docket No. 41] (the "Motion"). An interim order granting the relief requested therein was entered on May 16, 2012 [Docket No.92]. Attached to the Motion was a proposed order approving the relief requested in the Motion on a final basis (the "Final Order").The Debtors have amended the Final Order, which is reflected in the Proposed Order. An electronic comparison of the Proposed Order to the Final Order is attached hereto as <u>Exhibit 2</u>.

# **EXHIBIT 1**

ny-1044942

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------------------
)
In re:                                              )    Case No. 12-12020 (MG)
                                                    )
RESIDENTIAL CAPITAL, LLC, et al.,    )    Chapter 11
                                                    )
                    Debtors.                   )    Jointly Administered
                                                    )
---------------------------------------------------------------------------------

**FINAL ORDER UNDER BANKRUPTCY CODE SECTIONS 105(a) AND 363(b) AUTHORIZING RESIDENTIAL CAPITAL, LLC TO ENTER INTO A SHARED SERVICES AGREEMENT WITH ALLY FINANCIAL INC.** *NUNC PRO TUNC* **TO THE PETITION DATE FOR THE CONTINUED RECEIPT AND PROVISION OF SHARED SERVICES NECESSARY FOR THE OPERATION OF THE DEBTORS' BUSINESSES**

Upon the motion (the "Motion")[1] of the Debtors for entry of interim and final orders, under Bankruptcy Code sections 105(a) and 363(b), authorizing the Debtors to enter into a shared services agreement (the "Agreement") and with Ally Financial Inc. ("AFI") *nunc pro tunc* to the Petition Date for the continued receipt and provision of shared services necessary for the operation of the Debtors' businesses; and upon the Whitlinger Affidavit; and the Court having entered an interim order (the "Interim Order") on May 16, 2012 granting the Motion on an interim basis; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these Chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this proceeding on the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and sufficient notice of the Motion having been given; and it appearing that no other or further notice need be provided; and upon the record of the Final Hearing; and it appearing that the relief requested by

---

[1]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion. Creditors and parties-in-interest with questions or concerns regarding the relief granted herein may refer to http://www.kccllc.net/rescap for additional information.

ny-1011898

the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation thereon; and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED, as set forth herein.

2. The Agreement in the form attached hereto as Exhibit A is approved and the Debtors are authorized and directed to enter into the Agreement *nunc pro tunc* to the Petition Date pursuant to sections 105(a) and 363(b) of the Bankruptcy Code.

3. The Debtors are authorized to perform under the terms of the Agreement until the Agreement is terminated under its own terms or pursuant to the terms of this Order.

4. The Debtors and AFI are bound by all of the terms and conditions of the Agreement.

5. AFI shall be granted limited relief from the automatic stay to the extent required to effectuate the terms and conditions of the Agreement and this Order, including to terminate the Agreement or any Service (as defined in the Agreement) provided thereunder and to transmit any notices required under the Agreement.

6. Notwithstanding any provision in the Agreement or this Order to the contrary, AFI and/or the Debtors may immediately terminate the Agreement without further relief from the Court upon (a) entry by the Court of an order appointing a trustee or an examiner with expanded powers, (b) acceleration of the obligations due under the Debtors' debtor in possession credit facility, (c) conversion of any of the Debtors' Chapter 11 cases to a case under Chapter 7 of the Bankruptcy Code, or (d) this Order having been stayed, reversed or otherwise rendered ineffective.

ny-1011898

7. Notwithstanding any provision in the Bankruptcy Code, including under section 365 of the Bankruptcy Code, to the contrary, the Debtors may not, without the consent of AFI and five (5) business days' advance notice to the official committee of unsecured creditors (the "Committee"), assign the Agreement.

8. The Debtors are authorized to execute, deliver, implement and fully perform any and all obligations, instruments, and documents and to take any and all actions reasonably necessary or appropriate to consummate the Agreement and perform any and all obligations contemplated therein, including entering into any amendments to the Agreement without further order of the Court; *provided, however*, that the Debtors shall provide the Committee with five (5) business days' advance notice of all material amendments or modifications to the Agreement.

9. Notwithstanding anything herein, this Order shall not waive or foreclose and is without prejudice to any and all claims or causes of action that may be made by the Debtors or any party-in-interest (including the Committee) as a result of shared services prior to the Petition Date.

10. Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the

ny-1011898

Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

11. The requirements of 6004(a) are satisfied.

12. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Final Order shall be effective and enforceable immediately upon entry hereof.

13. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: _____, 2012
New York, New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

4

ny-1011898

# **EXHIBIT 2**

ny-1044942

~~EXHIBIT D~~**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | ) | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

---

**FINAL ORDER UNDER BANKRUPTCY CODE SECTIONS 105(a) AND 363(b) AUTHORIZING RESIDENTIAL CAPITAL, LLC TO ENTER INTO A SHARED SERVICES AGREEMENT WITH ALLY FINANCIAL INC. *NUNC PRO TUNC* TO THE PETITION DATE FOR THE CONTINUED RECEIPT AND PROVISION OF SHARED SERVICES NECESSARY FOR THE OPERATION OF THE DEBTORS' BUSINESSES**

Upon the motion (the ~~"~~"Motion~~"~~")[1] of the Debtors for entry of interim and final orders, under Bankruptcy Code sections 105(a) and 363(b), authorizing the Debtors to enter into a shared services agreement (the "Agreement") and with Ally Financial Inc. ("AFI") *nunc pro tunc* to the Petition Date for the continued receipt and provision of shared services necessary for the operation of the Debtors' businesses; and upon the Whitlinger Affidavit; and the Court having entered an interim order (the "Interim Order") on May ~~__,~~16, 2012 granting the Motion on an interim basis; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these Chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this proceeding on the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and sufficient notice of the Motion having been given; and it appearing that no other or further notice need be provided; and upon the record of the Final Hearing; and it appearing that the relief

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion. Creditors and parties-in-interest with questions or concerns regarding the relief granted herein may refer to http://www.kccllc.net/rescap for additional information.

ny-1011898

requested by the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation thereon; and sufficient cause appearing therefore, it is hereby

## ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion is GRANTED, as set forth herein.

2. The Agreement in the form attached hereto as <u>Exhibit A</u> is approved and the Debtors are authorized and directed to enter into the Agreement *nunc pro tunc* to the Petition Date pursuant to sections 105(a) and 363(b) of the Bankruptcy Code.

3. The Debtors are authorized to perform under the terms of the Agreement until the Agreement is terminated under its own terms or pursuant to the terms of this Order.

4. The Debtors and AFI are bound by all of the terms and conditions of the Agreement.

5. AFI shall be granted limited relief from the automatic stay to the extent required to effectuate the terms and conditions of the Agreement and this Order, including to terminate the Agreement or any Service (as defined in the Agreement) provided thereunder and to transmit any notices required under the Agreement.

6. Notwithstanding any provision in the Agreement or this Order to the contrary, AFI and/or the Debtors may immediately terminate the Agreement without further relief from the Court upon (a) entry by the Court of an order appointing a trustee or an examiner with expanded powers, (b) acceleration of the obligations due under the Debtors' debtor in possession credit facility, (c) conversion of any of the Debtors' Chapter 11 cases to a case under Chapter 7 of the Bankruptcy Code, or (d) this Order having been stayed, reversed or otherwise rendered ineffective.

2

7. Notwithstanding any provision in the Bankruptcy Code, including under section 365 of the Bankruptcy Code, to the contrary, the Debtors may not, without the consent of AFI and five (5) business days' advance notice to the official committee of unsecured creditors (the "Committee"), assign the Agreement.

8. The Debtors are authorized to execute, deliver, implement and fully perform any and all obligations, instruments, and documents and to take any and all actions reasonably necessary or appropriate to consummate the Agreement and perform any and all obligations contemplated therein, including entering into any amendments to the Agreement without further order of the Court; *provided, however*, that the Debtors shall provide the Committee with five (5) business days' advance notice of all material amendments or modifications to the Agreement.

9. Notwithstanding anything herein, this Order shall not waive or foreclose and is without prejudice to any and all claims or causes of action that may be made by the Debtors or any party-in-interest (including the Committee) as a result of shared services prior to the Petition Date.

10. ~~9.~~ Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related

ny-1011898

agreements with AFI and Ally Bank and their respective subsidiaries and affiliates (excluding ResCap and its subsidiaries).

11.    10. The requirements of 6004(a) are satisfied.

12.    11. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Final Order shall be effective and enforceable immediately upon entry hereof.

12.    The relief granted by this Order shall apply to any Future Debtor in these jointly administered cases.

4

ny-1011898

      13. This Court shall retain jurisdiction with respect to all matters relating to

the interpretation or implementation of this Order.

Dated:   _____, 2012
     New York, New York

                _____
                THE HONORABLE MARTIN GLENN
                UNITED STATES BANKRUPTCY JUDGE

Document comparison by Workshare Professional on Monday, June 11, 2012 11:13:26 AM

| Input: | |
|---|---|
| Document 1 ID | PowerDocs://NEW YORK/1011898/14 |
| Description | NEW YORK-#1011898-v14-ResCap_-_Final_Order_for_Continuation_of_Shared_Services_Arrangements_(SDNY) |
| Document 2 ID | PowerDocs://NEW YORK/1011898/19 |
| Description | NEW YORK-#1011898-v19-ResCap_-_Final_Order_for_Continuation_of_Shared_Services_Arrangements_(SDNY) |
| Rendering set | standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 10 |
| Deletions | 12 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 22 |