# EXHIBIT 1

## Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

---

### ORDER AUTHORIZING THE DEBTORS TO
### ASSUME THE STEERING COMMITTEE PLAN SUPPORT AGREEMENT

Upon consideration of the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors" and each, a "Debtor") for entry of an order authorizing the Debtors to assume the Steering Committee Plan Support Agreement; and upon the Whitlinger Affidavit and the Hamzehpour Declaration; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these Chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this proceeding on the Motion is a core proceeding pursuant to 28 U.S.C. §157(b); and sufficient notice of the Motion having been given; and it appearing that no other or further notice need be provided; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED to the extent set forth below.

2. The Steering Committee Plan Support Agreement is hereby assumed by the Debtors without any further action required on their part.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1

ny-1041806

3. The Debtors are authorized to (a) comply with the terms of the Steering Committee Plan Support Agreement, (b) effect the relief granted herein, and (c) take any and all actions necessary to implement the terms of the Steering Committee Plan Support Agreement.

4. The Debtors' entry into the Steering Committee Plan Support Agreement shall not constitute a solicitation of votes of the Steering Committee Consenting Claimants (as defined in the Plan Support Agreement) in violation of section 1125(b) of the Bankruptcy Code.

5. The terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order.

6. All objections to the Motion or the relief requested therein that have not been withdrawn, waived or settled, and all reservations of rights included therein, are overruled on the merits.

7. Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

8. Upon notice to the parties and no objection having been interposed, an affiliated debtor shall be deemed to be a "Future Debtor" upon the Court's entry of an order authorizing the joint administration of such Future Debtor's Chapter 11 case with the Chapter 11 cases of the

ny-1041806

Debtors.  Upon notice to the parties and no objection having been interposed, the relief granted by this Order shall apply to the Future Debtor in these jointly-administered cases.

9. This Court shall retain jurisdiction with respect to all matters arising or related to the implementation of this Order.

Dated: _____, 2012
      New York, New York

 

                                        THE HONORABLE MARTIN GLENN
                                        UNITED STATES BANKRUPTCY JUDGE