# EXHIBIT 4

**First Amendment to Plan Support Agreement**

12-12020-mg    Doc 318-4    Filed 06/11/12    Entered 06/11/12 21:44:08    Exhibit 4
Pg 1 of 9

# FIRST AMENDMENT TO PLAN SUPPORT AGREEMENT

This FIRST AMENDMENT TO PLAN SUPPORT AGREEMENT (this "PSA First Amendment") is made and entered into as of May 25, 2012, by and between Residential Capital, LLC ("ResCap") and certain of its direct and indirect subsidiaries (collectively, "Debtors"),[1] Ally Financial Inc., on behalf of its direct and indirect subsidiaries other than the Debtors (collectively, "Ally") and certain holders, and authorized investment managers for holders, of Securities[2] backed by mortgage loans held by the Covered Trusts (each a "Consenting Claimant" and collectively the "Consenting Claimants").

The Consenting Claimants, together with the Debtors and Ally, are defined collectively as the "Parties."

## BACKGROUND

**WHEREAS**, the Debtors, Ally and the Consenting Claimants are Parties to that certain Plan Support Agreement, dated as of May 13, 2012, attached hereto as Exhibit A (as it may be amended, modified, supplemented or amended and restated from time to time, the "Plan Support Agreement"); and

**WHEREAS**, the Parties have agreed that in order to effectively carry out the purposes of the Plan Support Agreement and clarify the rights and obligations of the Parties thereunder, the Plan Support Agreement shall be amended to (a) extend the deadline by which ResCap must file a motion with the Bankruptcy Court seeking approval of and authority to perform under the RMBS Trust Settlement Agreement and Plan Support Agreement, (b) clarify the Debtors' obligations regarding any request for permission for the Consenting Claimants to file any Bankruptcy Rule 2019 disclosures under seal or in redacted form, and (c) clarify certain other provisions.

## AGREEMENT

**NOW, THEREFORE**, after good faith, arm's length negotiations, without collusion, and for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

1. Amendments to Agreement. The Plan Support Agreement is hereby amended, effective as of the date first written above:

    1.1. Amendment to Section 2.1(a). Section 2.1(a) of the Plan Support Agreement is hereby amended by deleting it in its entirety and inserting the following in lieu thereof:

    "orally present the RMBS Trust Settlement Agreement in court on the Petition Date, including the agreed allowed claim amount; file a motion in the Bankruptcy Court as soon as practicable, but in no event later than June 11, 2012 for approval of the RMBS

---

[1] Footnote 1 to the Plan Support Agreement (as defined below) contains a list of the Debtors.
[2] Any capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan Support Agreement.

ny-1042407

Trust Settlement Agreement and the compromise contained therein; and obtain an order from the Bankruptcy Court approving such motion by the earlier of (i) July 17, 2012 and (ii) the date on which the Bankruptcy Court enters an order approving the Disclosure Statement;"

1.2. Amendment to Section 2.1(b). Section 2.1(b) of the Plan Support Agreement is hereby amended by deleting it in its entirety and inserting the following in lieu thereof:

"for 45 days following the date of filing of the motion described in Section 2.1(a), offer to all Other RMBS Trusts a settlement of their claims on the same economic terms as for the Covered Trusts; and"

1.3. Amendment to Section 2.2(b). Section 2.2(b) of the Plan Support Agreement is hereby amended by deleting it in its entirety and inserting the following in lieu thereof:

"file a motion in the Bankruptcy Court on or before June 11, 2012 seeking authority to perform under this Agreement and to use their commercially reasonable efforts to obtain an order from the Bankruptcy Court approving such motion contemporaneously with approval of the Disclosure Statement;"

1.4. Amendment to Section 2.2. Section 2.2 of the Plan Support Agreement is hereby amended by deleting everything after "The Debtors also agree to" in the nineteenth (19th) line, through the end of Section 2.2 and inserting the following in lieu thereof:

"support the filing of any Bankruptcy Rule 2019 disclosure required to be filed by the Consenting Claimants in the Bankruptcy Case with the amounts and trust-specific holdings of each Consenting Claimant redacted, subject to confidential review solely by the Court, the Office of the United States Trustee, any official committee of unsecured creditors appointed in the Chapter 11 Cases, and Ally, whether such redaction request is made by motion of the Consenting Claimants, or as a response to any request by a party in interest that such disclosure be made, or that any pleadings/appearances be limited."

1.5. Amendment to Section 3.3. Section 3.3 of the Plan Support Agreement is hereby amended by striking the word "each" from the twelfth line.

1.6. Amendment to Exhibit C. Exhibit C to the Plan Support Agreement is hereby amended by replacing it with the new exhibit attached hereto as Exhibit 1.

2. MISCELLANEOUS.

2.1. Continuing Effect. Except as specifically provided herein, the Plan Support Agreement shall remain in full force and effect in accordance with its terms and is hereby ratified and confirmed in all respects.

2.2. No Waiver. This PSA First Amendment is limited as specified and the execution, delivery and effectiveness of this PSA First Amendment shall not operate as a

modification, acceptance or waiver of any provision of the Plan Support Agreement, except as specifically set forth herein.

3. <u>OTHER PROVISIONS</u>.

   3.1. <u>Governing Law</u>.  THIS PSA FIRST AMENDMENT IS TO BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK, WITHOUT GIVING EFFECT TO THE CHOICE OF LAWS PRINCIPLES THEREOF.

   Further, by its execution and delivery of this PSA First Amendment, each of the Parties hereto hereby irrevocably and unconditionally agrees that the United States District Court for the Southern District of New York shall have exclusive jurisdiction of all matters arising out of or in connection with this PSA First Amendment.

   3.2. <u>Separate Counterparts; Legalization</u>.  This PSA First Amendment may be executed and delivered (by facsimile or otherwise) in any number of identical counterparts, each of which, when executed and delivered, shall be deemed an original and all of which together shall constitute the same agreement.  Except as expressly provided in this PSA First Amendment, each individual executing this PSA First Amendment on behalf of a Party has been duly authorized and empowered to execute and deliver this PSA First Amendment on behalf of said Party.

   3.3. <u>Entire Agreement</u>.  This PSA First Amendment, the Plan Support Agreement and the Plan Term Sheet constitute the complete agreement between the Parties with respect to the subject matter hereof and supersedes all prior agreements, oral or written, between or among the Parties with respect thereto.

   IN WITNESS WHEREOF, the undersigned parties have executed this PSA First Amendment as of the date first written above.

ny-1042407

Residential Capital, LLC
for itself and its direct and indirect
subsidiaries

Signature: *[signature]*

Name: Tommy Hamzehpour

Title: General Counsel

Gibbs & Bruns LLP on behalf of the
Consenting Claimants

Signature: *Kathy Patrick*

Name: Kathy Patrick

Title: Partner

Ally Financial Inc. on behalf of Ally

Signature: _____

Name: Michael H. Carpenter

Title: CFO

# **EXHIBIT 1**

**Amended Milestones**

ny-1042407

# EXHIBIT C

## MILESTONES

The Debtors' failure to comply with the following milestones will result in a Termination Event under Section 6 of this Agreement:

1. Obtain interim approval of debtor-possession financing on or before May 18, 2012.
2. Obtain final approval of debtor-possession financing on or before 50 days following the Petition Date.
3. Obtain approval of this Agreement by the earlier of (i) July 28, 2012 and (ii) the date on which the Bankruptcy Court enters an order approving the Disclosure Statement.
4. Obtain entry of an order from the Bankruptcy Court approving the RMBS Trust Settlement Agreement and the compromise contained therein by the earlier of (i) July 17, 2012 and (ii) the date on which the Bankruptcy Court enters an order approving the Disclosure Statement.
5. Obtain approval of the Disclosure Statement on or before 90 days following the Petition Date.
6. Obtain approval of proposed bidding procedures for the sales of assets contemplated in the Executive Summaries on or before 90 days following the Petition Date.
7. Obtain confirmation of the Plan on or before October 31, 2012.
8. On or before December 15, 2012, the effective date of the Plan shall have occurred.

ny-1042407