# Exhibit A - WAMU Order Appointing Examiner

Docket #5120  Date Filed: 7/22/2010

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

------------------------------------------------------------x
: 
*In re* : Chapter 11
:
WASHINGTON MUTUAL, INC., et al.,[1] : Case No. 08-12229 (MFW)
:
Debtors. : (Jointly Administered)
:
------------------------------------------------------------x Re: Docket No. 4644, 5119

### AGREED ORDER DIRECTING THE APPOINTMENT OF AN EXAMINER

Upon the motion, dated June 8, 2010 (the "Second Motion"), of the Official Committee of Equity Security Holders (the "Equity Committee") for entry of an order appointing an examiner pursuant to section 1104 of title 11 of the United States Code (the "Bankruptcy Code"); and Washington Mutual, Inc. ("WMI") and WMI Investment Corp. (collectively, the "Debtors") having filed that certain Fifth Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the United States Bankruptcy Code, dated July 1, 2010, as may be further amended from time to time (the "Plan"), which embodies the compromise and settlement set forth in that certain Settlement Agreement, dated as of May 21, 2010 (the "Settlement Agreement"),[2] by and among the Debtors, the Creditors' Committee, JPMC, the FDIC Receiver, FDIC Corporate and the other parties thereto and a disclosure statement in connection therewith (the "Disclosure Statement"); and by motion, dated April 26, 2010 (the "First Motion"), the Equity Committee having previously requested the appointment of an examiner pursuant to

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are: (i) Washington Mutual, Inc. (3725); and (ii) WMI Investment Corp. (5395). The Debtors' principal offices are located at 925 Fourth Avenue, Seattle, Washington 98104.

[2] Unless other wise defined herein, capitalized terms used herein shall have the meanings ascribed thereto in the Settlement Agreement.

US_ACTIVE:\43452719\06\79831.0003



section 1104 of the Bankruptcy Code; and by order, dated May 5, 2010 (the "Denial Order"), the Court having denied the relief requested in the First Motion; and by separate notices of appeal, the Equity Committee and the Office of the United States Trustee (the "U.S. Trustee") having appealed from the Denial Order (collectively, the "Appeals"); and by petition, dated July 7, 2010, the Equity Committee having requested that the United States Court of Appeals for the Third Circuit consider its Appeal of the Denial Order under direct certification; and the Court contemporaneously herewith having (a) adjourned the hearing to consider the adequacy of the information contained in the Disclosure Statement in connection with the Plan in accordance with section 1125 of the Bankruptcy Code to September 7, 2010, and (b) subject to the provisions set forth herein, established November 1, 2010, at 9:30 a.m., as the date and time for the hearing to consider confirmation of the Plan in accordance with section 1129 of the Bankruptcy Code (the "Confirmation Hearing"); and based upon the Court's ruling with respect to the scheduling of the Confirmation Hearing, the Debtors having consented to the entry of this Order and the granting of the relief provided herein; and the Court having overruled the objections of the WMI Senior Noteholders Group, the FDIC Receiver and others to the appointment of an examiner; upon due consideration and sufficient cause appearing therefor, it is hereby ORDERED as follows:

1. The U.S. Trustee is directed to (a) solicit from the Parties and the Equity Committee the names of persons such entities believe are qualified to serve as examiner (the "Examiner") to perform the Investigation, as defined below, and (b) appoint the Examiner pursuant to section 1104 of the Bankruptcy Code on or prior to 5:00 p.m. (prevailing Eastern time) on July 26, 2010.

2. The Examiner is directed to investigate (the "Investigation") (a) the claims and assets that may be property of the Debtors' estates that are proposed to be conveyed, released or otherwise compromised and settled under the Plan and Settlement Agreement, including all Released Claims, as defined in the Settlement Agreement, and the claims and defenses of third parties thereto (the "Settlement Component") and (b) such other claims, assets and causes of actions which shall be retained by the Debtors and/or the proceeds thereof, if any, distributed to creditors and/or equity interest holders pursuant to the Plan, and the claims and defenses of third parties thereto (the "Retained Asset Component"); provided, however, that the foregoing is without prejudice to the Court modifying the foregoing scope of the Investigation in the event that the Court otherwise deems appropriate.

3. The Examiner shall promptly meet and confer, separately if requested, with the Debtors, each of the other Parties, the Equity Committee, and, if the U.S. Trustee requests participation, the U.S. Trustee. The Parties and the Equity Committee shall use their respective best efforts to coordinate with the Examiner and to avoid unnecessary interference with, or duplication of, the Investigation, and the Examiner, in his or her conduct of the Investigation, shall use best efforts to utilize relevant materials obtained by the Parties and the Equity Committee in the course of any informal and/or formal discovery to avoid unnecessary duplication of work performed to date.

4. On or prior to 5:00 p.m. (prevailing Eastern time) on August 6, 2010, the Examiner shall file with the Court a work and expenses plan (the "Work and Expenses Plan/Report"), which shall include a good faith estimate of the fees and expenses to be incurred by or on behalf of the Examiner in connection with the Investigation, and a status report detailing the Examiner's efforts to date. The Court will hold a status conference on August 10, 2010, at

1:30 p.m., to (a) consider the Work and Expenses Plan/Report (along with any responses thereto) and (b) order, if appropriate, further relief as will aid the Examiner in the performance of the Examiner's duties and/or to accommodate the needs of the Debtors' estates. Notwithstanding the foregoing, the Examiner is authorized to commence the Investigation immediately upon the Examiner's appointment.

5.  The Examiner shall prepare and file (a) a preliminary report (the "Preliminary Report"), as required by 11 U.S.C. § 1106(a)(4), with respect to the Settlement Component and the Retained Asset Component on or before September 7, 2010 and (b) unless the Court finds that additional time for discovery is required, a final report (the "Final Report")[3] on or before October 8, 2010; provided, however, that such time may be extended by order of the Court, issued *sua sponte* or upon application by the Examiner on notice to all parties entitled to the same under Federal Rule of Bankruptcy Procedure 2002, for cause shown; and, provided, further, that, in the event that such time is extended with respect to the Final Report, the Court may, if necessary, adjourn commencement of the Confirmation Hearing.

6.  Until the Examiner has filed the Reports, neither the Examiner nor the Examiner's representatives or agents shall make any public disclosures concerning the Investigation or performance of the Examiner's duties, except in hearings before the Court; provided, however, that, unless otherwise ordered by the Court, no information asserted to be confidential pursuant to applicable agreement, law or regulation, privileged or treated as such pursuant to court order, nor any evaluation of the strengths or weaknesses of any potential claim or right of action any of the Parties or the Equity Committee or any other party in interest may have or suggested litigation strategy in connection therewith (the "Evaluation Information"),

---

[3] The Preliminary Report and the Final Report are sometimes hereinafter collectively referred to as the "Reports".

shall be disclosed by the Examiner publicly or to any other party other than the party or parties providing such information, or, in the case of Evaluation Information, to any person other than publicly in connection with the filing of the Reports.

7.      The Debtors, the other Parties and the Equity Committee are directed to fully cooperate with the Examiner in conjunction with the performance of any of the Examiner's duties and the Investigation. The Debtors shall provide to the Examiner all documents and information relevant to the investigation that the Examiner requests. The Debtors, the other Parties, the Equity Committee and any other party in interest may submit briefing memoranda to the Examiner with respect to matters pertaining to the Investigation, including, without limitation, the basis for the position that certain claims are available or unavailable to the Debtors. The Examiner shall consider all timely submitted memoranda in connection with the Investigation and the preparation of the Preliminary Report and Final Report. Nothing contained in this paragraph 7 shall prohibit the Debtors or any other of the Parties subject to requests from (a) objecting to requests on any ground or (b) seeking a protective order for any reason whatsoever.

8.      The Examiner may retain counsel and other professionals if the Examiner determines that such retention is necessary to discharge the Examiner's duties, with such retention to be subject to Court approval after notice under standards equivalent to those set forth in 11 U.S.C. § 327.

9.      The Examiner and any professionals retained by the Examiner pursuant to order of this Court shall be compensated and reimbursed for their fees and expenses pursuant to any procedures for interim compensation and reimbursement of professionals which are

established in these cases. Compensation and reimbursement of the Examiner shall be determined pursuant to 11 U.S.C. § 330.

10. In addition to full access to the documents in the Depository, as set forth below, the Debtors shall provide to the Examiner all other non-privileged documents and information relevant to the Investigation that the Examiner requests. Nothing herein shall prohibit the Debtors or any other party in interest, including the FDIC Receiver or FDIC Corporate, from (a) objecting to requests on any ground or (b) seeking a protective order for any reason whatsoever. If the Examiner seeks the disclosure of documents or information as to which the Debtors assert a claim of privilege and the Examiner and the Debtors are unable to reach a resolution, the matter may be brought before the Court for resolution. The Debtors' and the other Parties' privileges, including, but not limited to, the attorney-client privilege and attorney work-product privilege, in accordance with Federal Rule of Evidence 502(d), remain and are not deemed waived or in any way impaired by any production to the Examiner of materials protected by such privileges, or by any other aspect of this Order. The production of assertedly privileged documents to the Examiner shall not constitute a determination by the Court that such documents are, in fact, privileged, nor shall such production prejudice the rights of the producing party or parties in interest to challenge the assertion of any privilege.

11. The Parties will as promptly as practicable take all necessary and appropriate steps to give the Examiner and professionals retained by the Examiner full and complete access to all documents in the Depository referenced in that certain Confidentiality Agreement Governing Confirmation Discovery, as "So Ordered" in accordance with that certain Order Governing the Production and use of Discovery Materials in Connection with Plan Confirmation, dated July 2, 2010 (the "Depository Order"). Notwithstanding any other provision

of this Order, documents in the Depository and other information subject to orders of this Court relating to confidentiality shall not be disclosed by the Examiner, except in accordance with such orders or further order of this Court.

12. Unless the Court orders otherwise, the Examiner shall have the standing of a party in interest with respect to matters that are within the scope of the Investigation until completion of the Investigation.

13. The Equity Committee is directed to take all such actions as are necessary to withdraw, with prejudice, the appeal pending before the United States Court of Appeals for the Third Circuit (the "Third Circuit Court"), including, without limitation, filing such pleadings as are appropriate with the Clerk of the Third Circuit Court.

14. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

15. Nothing contained in this Order shall impede the right of any party in interest to seek such legal or equitable relief as is appropriate and any party in interest to contest any requested relief.

Dated: July 22, 2010
      Wilmington, Delaware

*[signature]*
THE HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE