**HEARING SCHEDULED FOR JUNE 18, 2012 AT 10:00 AM EST**

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Thomas J. Moloney (TJM-9775)
Sean A. O'Neal (SAO-4067)
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel for the Noteholders Identified Herein*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 Case No. |
| **RESIDENTIAL CAPITAL, LLC, et al.,** | 12-12020 (MG) |
| Debtors. | (Jointly Administered) |

**STATEMENT AND LIMITED JOINDER OF CERTAIN
UNSECURED NOTEHOLDERS TO THE DEBTORS' OBJECTION TO MOTION OF
BERKSHIRE HATHAWAY INC. FOR
APPOINTMENT OF AN EXAMINER PURSUANT TO 11 U.S.C. § 1104(c)**

The undersigned, representing owners of certain senior unsecured notes issued by Residential Capital, LLC ("ResCap"), including Canyon Balanced Master Fund, Ltd., Canyon Distressed Opportunity Master Fund, L.P., Canyon Distressed Opportunity Investing Fund, L.P., The Canyon Value Realization Master Fund, L.P., Canyon Value Realization Fund, L.P., CO Moore, LP, ES Moore, Ltd., King Street Capital, L.P., King Street Capital Master Fund, Ltd., Lonestar Partners, L.P., and Redwood Master Fund, LTD (collectively, the "Noteholders"), submits this statement and limited joinder ("Statement") to the objection ("Objection") of ResCap and its affiliated debtors in the above-captioned chapter 11 cases (collectively, with ResCap, the

"Debtors")[1] to the motion (the "Examiner Motion") of Berkshire Hathaway Inc. ("Berkshire") for the appointment of an examiner pursuant to section 1104(c) of title 11 of the United States Code [ECF No. 304]. In support of this Statement, the Noteholders respectfully submit as follows:

1. The Noteholders hold a significant amount of senior unsecured notes issued by ResCap. As substantial unsecured creditors of ResCap, the Noteholders understand and agree with the articulated concerns of Berkshire, as a former holder of senior unsecured notes and a current holder of the junior secured bonds, in seeking the appointment of an examiner in these cases. Specifically, the Noteholders agree that there is a need to ensure that the impetus of the Debtors' bankruptcy filings was to maximize creditor recoveries and not simply to favor a shareholder agenda. This concern is particularly acute here in light of published reports that the Debtors turned down a pre-filing proposal from Berkshire that would have left the Noteholders unimpaired. By contrast, the Debtors are now pursuing a plan that appears principally motivated and designed to obtain releases for their non-debtor direct and indirect shareholders. Under the Debtors' current proposed plan structure, those releases would come at the expense of Noteholders, who would be significantly impaired and who were the only significant creditor constituency not represented at the table when the pre-filing agreements were reached. Additionally, and independently, there is a compelling need to investigate the myriad and significant prepetition transactions involving non-debtor affiliates and insiders (including Ally Financial Inc.).

2. Nevertheless, the Examiner Motion should not be granted <u>at this time</u> for a simple reason: there is already a Rule 2004 discovery process in place that could more economically and efficiently protect all creditor interests. It is a potentially unnecessary and imprudent use of estate

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings [ECF No. 6].

2

resources to employ two sets of professionals, each with their own lawyers and financial advisors, when the Unsecured Creditors Committee (the "Committee"), which has a fiduciary obligation to all unsecured creditors, has already begun to investigate. The undersigned intends to join in and augment that discovery process and direct involvement is likely to be more efficient than the appointment of another surrogate to protect their interests. Importantly, the Debtors have stipulated that they intend to share with the Committee privileged materials similar to what any examiner might receive, and the Committee has committed to releasing the findings of its investigation publicly. See Objection ¶ 16. Assuming these conditions are met and there is a full opportunity to catch up and become a part of the Rule 2004 and plan processes, an Examiner may be unnecessary.

WHEREFORE, for the reasons set forth above and in the Objection, the Noteholders respectfully request that the Court deny the Examiner Motion at this time without prejudice to the motion's renewal if circumstances change.

Dated: New York, New York
      June 14, 2012

                    Respectfully submitted,

                    CLEARY GOTTLIEB STEEN & HAMILTON LLP


                    By: /s/ Thomas J. Moloney
                    Thomas J. Moloney
                    Sean A. O'Neal
                    Members of the Firm
                    One Liberty Plaza
                    New York, NY 10006
                    *(212) 225-2000*

                    *Counsel for Canyon Balanced Master Fund, Ltd., Canyon Distressed Opportunity Master Fund, L.P., Canyon Distressed Opportunity Investing Fund, L.P., The Canyon Value Realization Master Fund, L.P., Canyon Value Realization Fund, L.P., CO Moore, LP, ES Moore, Ltd., King Street Capital, L.P., King Street Capital Master Fund, Ltd., Lonestar Partners, L.P., and Redwood Master Fund, LTD*