**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

### FINAL ORDER UNDER BANKRUPTCY CODE SECTIONS 105(a), 363, 506(a), 507(a)(8), 541 AND 1129 AND BANKRUPTCY RULE 6003 AUTHORIZING PAYMENT OF TAXES AND REGULATORY FEES

Upon the motion (the "Motion")[1] of Residential Capital, LLC, and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors") for entry of an order, under Bankruptcy Code sections 105(a), 363, 506(a), 507(a)(8), 541 and 1129 and Bankruptcy Rule 6003, authorizing the Debtors to pay Taxes and Regulatory Fees to the Authorities as well as reimburse AFI for Taxes and Regulatory Fees paid on the Debtors' behalf; and upon the Whitlinger Affidavit; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these Chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this proceeding on the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and upon the record of the Final Hearing; and it appearing that the relief requested by the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion. Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases or the relief granted herein may refer to http://www.kccllc.net/rescap for additional information.

thereon; and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      The Debtors are authorized, in their discretion, to pay all Taxes and

Regulatory Fees owing to the Authorities, including but not limited to those Authorities listed on

Exhibit C annexed to the Motion, in the ordinary course of their businesses, including, but not

limited to, the payment of Taxes and Regulatory Fees relating to prepetition and postpetition

amounts, as well as any tax audits that have been completed, are in progress or which may

commence in the ordinary course of business, provided, however, that notice shall be given to

the Office of the United States Trustee (the "US Trustee") and to the Official Committee of

Unsecured Creditors (the "**Committee**"), of all payments of prepetition Taxes and Regulatory

Fees in excess of $1,250,000.

3.      In exercising their discretion, and after notice to the US Trustee and the

Committee, the Debtors may elect to prefer trust fund taxes or such other Taxes and Regulatory

Fees, including taxes as to which their officers and directors may have personal liability in the

event of nonpayment by the Debtors.

4.      The Debtors are authorized, but not directed, to make the Credit Card

Payments for postpetition amounts that accrue in the ordinary course of business, but may not

make payments to AFI on account of prepetition tax obligations or, for the avoidance of doubt,

any Income Tax Payments without further order of this Court.

5.      In addition to the relief granted in paragraph 4 above with respect to the

Credit Card Payments, with the written consent of the Committee, or upon further order of the

Court, the Debtors may reimburse Ally for other payments of post-petition Taxes and Regulatory

Fees made by Ally on the Debtors' behalf.

6.     This Order is without prejudice to the Debtors' right to seek Court

authority to make the AFI Payments for any prepetition amounts that accrue in the ordinary

course of business.

7.     All applicable banks and other financial institutions are hereby authorized

and directed to receive, process, honor and pay any and all checks evidencing amounts paid by

the Debtors pursuant to the Motion, whether presented prior to or after the Petition Date.

8.     To the extent the Debtors have not yet sought to remit payment to the

Authorities, the Debtors are authorized, but not directed, to issue checks or provide for other

means of payment to the Authorities, to the extent necessary to pay the Taxes and Regulatory

Fees, as provided herein.

9.     This Order is without prejudice to the Debtors' rights to contest the

amounts of any Taxes and Regulatory Fees on any grounds that they deem appropriate.

10.     Notwithstanding the relief granted herein or any actions take hereunder,

nothing contained in this Order shall create any rights in favor of, or enhance the status of any

claim held by, any Authority.

11.     All amounts authorized to be paid pursuant to this order are subject to the

limitations and restrictions imposed by the Approved DIP Budget (as defined in the DIP Credit

Agreement).  To the extent that there is any inconsistency between the terms of this order and the

terms of any order relating to postpetition financing or cash collateral, the terms of the orders

relating to postpetition financing or cash collateral shall govern.

12.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

13.     Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

14.     This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated:      New York, New York
            June 15, 2012

                                    _____/s/Martin Glenn_____
                                       MARTIN GLENN
                                  United States Bankruptcy Judge