**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**FINAL ORDER UNDER BANKRUPTCY CODE SECTIONS 105(a), 363(b), 507(a), 1107 AND 1108 AND BANKRUPTCY RULE 6003 (I) AUTHORIZING BUT NOT DIRECTING DEBTORS TO (A) PAY AND HONOR PREPETITION WAGES, COMPENSATION, EMPLOYEE EXPENSE AND EMPLOYEE BENEFIT OBLIGATIONS; AND (B) MAINTAIN AND CONTINUE EMPLOYEE COMPENSATION AND BENEFIT PROGRAMS; AND (II) DIRECTING BANKS TO HONOR PREPETION CHECKS AND TRANSFER REQUESTS FOR PAYMENT OF PREPETITION EMPLOYEE OBLIGATIONS**

Upon the motion (the "**Motion**")[1] of Residential Capital, LLC, and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors") for entry of interim and final orders under Bankruptcy Code sections 105(a), 363(b), 507(a), 1107 and 1108 and Bankruptcy Rule 6003 (i) authorizing, but not directing, the Debtors to (a) pay and honor prepetition wages, compensation, employee expense and employee benefit obligations; and (b) maintain and continue employee compensation and benefit programs, and (ii) directing banks to honor prepetition checks and transfer requests for payment of prepetition employee obligations [Docket No. 43]; and upon the Whitlinger Affidavit; and the Court having entered an interim order (the "**Interim Order**") on May 16, 2012 granting the Motion on an interim basis [Docket No. 93]; and upon the Declaration of George Crowley, Sr. Human Resources Director, in Further Support of Debtors' Motion for a Final Order Under Bankruptcy Code Sections 105(a),

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion. Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases or the relief granted herein may refer to http://www.kccllc.net/rescap for additional information.

363(b), 507(a), 1107 and 1108 and Bankruptcy Rule 6003 (I) Authorizing But Not Directing

Debtors to (A) Pay and Honor Prepetition Wages, Compensation, Employee Expenses and

Employee Benefit Obligations; and (B) Maintain and Continue Employee Compensation and

Benefit Programs; and (II) Directing Banks to Honor Prepetition Checks and Transfer Requests

for Payment of Prepetition Employee Obligations [Docket No. 258]**,** and it appearing that this

Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it

appearing that venue of these Chapter 11 cases and the Motion in this district is proper pursuant

to 28 U.S.C. §§ 1408 and 1409; and it appearing that this proceeding on the Motion is a core

proceeding pursuant to 28 U.S.C. § 157(b); and sufficient notice of the Motion having been

given; and it appearing that no other or further notice need be provided; and upon the record of

the Final Hearing; and it appearing that the relief requested by the Motion is in the best interests

of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation

thereon; and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.          The Motion is GRANTED as set forth herein.

2.          Nothing herein shall be deemed to authorize the payment of any amounts

or the incurrence of any obligation that would violate section 503(c) of the Bankruptcy Code.

3.          Except as otherwise provided herein, the Debtors are authorized, but not

directed, to pay, honor, direct, and reimburse, as applicable, all Prepetition Employee

Obligations, to the extent requested in the Motion, including reimbursement of AFI for any costs

that AFI has paid or will pay on account of the Prepetition Employee Obligations, provided,

however, that any payments on account of Prepetition Employee Obligations shall not exceed

$11,725 to any single Employee or Contractor absent notice and consent by the official

committee of unsecured creditors (the "**Committee**"), provided, further, however, that, the

Debtors shall provide the Committee and the Office of the United States Trustee (the "**US**

**Trustee**") with notice ten business days prior to making a severance payment under the ResCap

Severance Program in cases where (a) the Employee is eligible for Tier II benefits under the

ResCap Severance Program, (b) the severance payment to the individual Employee exceeds

$50,000, (c) the Debtors' actions in any month will cause the Debtors to incur additional

aggregate severance payments in excess of $500,000, or (d) the total number of Employees

eligible to receive severance payments will exceed 40 for that month (collectively, the

"**Thresholds**").  The Debtors not make any payments under the ResCap Severance Program in

excess of such Thresholds absent such notice to the Committee or the US Trustee.

4.      The Debtors shall not make any payments under the AFI LTECIP and

ResCap AIP without further order of this Court.

5.      The Debtors are authorized, but not directed, to continue to honor their

obligations, including any prepetition obligations, to Employees for Business Expenses and

Relocation Expenses in accordance with the Debtors' stated policies and prepetition practices.

6.      The Debtors are authorized, but not directed, to continue postpetition to

honor all practices, procedures, plans and policies related to compensation and benefits programs

for their Employees, Directors and Contractors, to the extent requested in the Motion, including

procedures related to reimbursement of AFI for costs associated with the compensation and

benefits programs.

7.      The Debtors and any applicable third parties are authorized to continue to

allocate and distribute Employee Deductions to the appropriate third-party recipients or taxing

authorities in accordance with the Debtors' stated policies and prepetition practices.

8.      Pursuant to Section 362(d) of the Bankruptcy Code, (a) Employees are authorized to proceed with their workers' compensation claims in the appropriate judicial or administrative forum under the Workers' Compensation Program and the Debtors are authorized to pay all prepetition amounts relating thereto in the ordinary course of business and (b) the notice requirements pursuant to Bankruptcy Rule 4001(d) with respect to clause (a) are waived. This modification of the automatic stay provided by Bankruptcy Code section 362(a) pertains solely to claims under the Workers' Compensation Program.

9.      The Debtors' banks shall be and hereby are authorized and directed to receive, process, honor and pay any and all prepetition and postpetition checks and fund transfers evidencing payments made under this Final Order or any other order of this Court, whether presented prior to or after the commencement of these cases, provided that sufficient funds are on deposit in the applicable accounts to cover such payments. Such banks and financial institutions are authorized to rely on the representations of the Debtors as to which checks or fund transfers are issued or authorized to be paid pursuant to this Final Order without any duty of further inquiry and without liability for following the Debtors' instructions.

10.     The Debtors' banks are prohibited from placing any holds on, or attempting to reverse, any automatic transfers to any account of an Employee, Contractor or other party for Prepetition Employee Obligations. The Debtors shall be and hereby are authorized to issue new postpetition checks or effect new postpetition fund transfers on account of the Prepetition Employee Obligations authorized by this Final Order to replace any prepetition checks or fund transfer requests that may be dishonored or rejected.

11.     Nothing in the Motion or this Final Order or the relief granted (including any actions taken or payments made by the Debtors pursuant to the relief) shall (a) be construed

4

as a request for or granting of authority to assume any executory contract under Bankruptcy

Code section 365; (b) be deemed an assumption of any contract with any of the Debtors' officers

or directors; (c) waive, affect or impair any of the Debtors' rights, claims or defenses, including,

but not limited to, those arising from Bankruptcy Code section 365, other applicable law and any

agreement; (d) grant third-party beneficiary status or bestow any additional rights on any third-

party; or (e) be otherwise enforceable by any third-party.

12.     Nothing in the Motion, this Final Order, the Bankruptcy Code or the relief

granted shall prohibit or otherwise restrict AFI from continuing or making payments on account

of any compensation and benefit programs covering the Debtors' Employees, Directors or

Contractors.

13.     The Debtors are authorized, but not directed, to modify, change and

discontinue any of the policies, plans, programs, practices, and procedures associated with

compensation and benefits programs for their Employees and Contractors and to implement new

plans, policies, practices and procedures related thereto in the ordinary course of business during

these Chapter 11 cases in their sole discretion without the need for further Court approval;

provided, however, that the Debtors shall notify the Committee and the US Trustee of any

modifications, changes, discontinuances or additions to the Debtors' compensation and benefit

programs.

14.     Notwithstanding anything herein to the contrary, this Order shall not

modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board

of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among

AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal

Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment

entered April 5, 2012, by the District Court for the District of Columbia, dated February 9, 2012,

(c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the

Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related

agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

15.    The requirements set forth in Bankruptcy Rule 6004(a) are satisfied.

16.    Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this

Final Order shall be effective and enforceable immediately upon entry hereof.

17.    Authorizations given to the Debtors in this Final Order empower but do

not direct the Debtors to effectuate the payments specified herein.

18.    The Debtors are authorized and empowered to take all actions necessary to

implement the relief granted in this Final Order in accordance with the Motion.

19.    This Court shall retain jurisdiction with respect to all matters relating to

the interpretation or implementation of this Final Order.

Dated:        New York, New York
              June 15, 2012

                              _____/s/Martin Glenn_____
                                   MARTIN GLENN
                              United States Bankruptcy Judge