**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**FINAL ORDER UNDER BANKRUPTCY CODE SECTIONS 105(a) AND 363(b) AUTHORIZING RESIDENTIAL CAPITAL, LLC TO ENTER INTO A SHARED SERVICES AGREEMENT WITH ALLY FINANCIAL INC. *NUNC PRO TUNC* TO THE PETITION DATE FOR THE CONTINUED RECEIPT AND PROVISION OF SHARED SERVICES NECESSARY FOR THE OPERATION OF THE DEBTORS' BUSINESSES**

Upon the motion (the "Motion")[1] of the Debtors for entry of interim and final orders, under Bankruptcy Code sections 105(a) and 363(b), authorizing the Debtors to enter into a shared services agreement (the "Agreement") and with Ally Financial Inc. ("AFI") *nunc pro tunc* to the Petition Date for the continued receipt and provision of shared services necessary for the operation of the Debtors' businesses; and upon the Whitlinger Affidavit; and the Court having entered an interim order (the "Interim Order") on May 16, 2012 granting the Motion on an interim basis; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these Chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this proceeding on the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and sufficient notice of the Motion having been given; and it appearing that no other or further notice need be provided; and upon the record of the Final Hearing; and it appearing that the relief requested by

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion. Creditors and parties-in-interest with questions or concerns regarding the relief granted herein may refer to http://www.kccllc.net/rescap for additional information.

ny-1011898

the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation thereon; and sufficient cause appearing therefore, it is hereby

## ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion is GRANTED, as set forth herein.

2. The Agreement in the form attached hereto as Exhibit A is approved and the Debtors are authorized and directed to enter into the Agreement *nunc pro tunc* to the Petition Date pursuant to sections 105(a) and 363(b) of the Bankruptcy Code.

3. The Debtors are authorized to perform under the terms of the Agreement until the Agreement is terminated under its own terms or pursuant to the terms of this Order.

4. The Debtors and AFI are bound by all of the terms and conditions of the Agreement.

5. AFI shall be granted limited relief from the automatic stay to the extent required to effectuate the terms and conditions of the Agreement and this Order, including to terminate the Agreement or any Service (as defined in the Agreement) provided thereunder and to transmit any notices required under the Agreement.

6. Notwithstanding any provision in the Agreement or this Order to the contrary, AFI and/or the Debtors may immediately terminate the Agreement without further relief from the Court upon (a) entry by the Court of an order appointing a trustee or an examiner with expanded powers, (b) acceleration of the obligations due under the Debtors' debtor in possession credit facility, (c) conversion of any of the Debtors' Chapter 11 cases to a case under Chapter 7 of the Bankruptcy Code, or (d) this Order having been stayed, reversed or otherwise rendered ineffective.

ny-1011898

7. Notwithstanding any provision in the Bankruptcy Code, including under section 365 of the Bankruptcy Code, to the contrary, the Debtors may not, without the consent of AFI and five (5) business days' advance notice to the official committee of unsecured creditors (the "Committee"), assign the Agreement.

8. The Debtors are authorized to execute, deliver, implement and fully perform any and all obligations, instruments, and documents and to take any and all actions reasonably necessary or appropriate to consummate the Agreement and perform any and all obligations contemplated therein, including entering into any amendments to the Agreement without further order of the Court; *provided, however*, that the Debtors shall provide the Committee and the Office of the United States Trustee for the Southern District of New York with five (5) business days' advance notice of all material amendments or modifications to the Agreement.

9. Notwithstanding anything herein, this Order shall not waive or foreclose and is without prejudice to any and all claims or causes of action that may be made by the Debtors or any party-in-interest (including the Committee) as a result of shared services prior to the Petition Date.

10. Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the

Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

11. The requirements of 6004(a) are satisfied.

12. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Final Order shall be effective and enforceable immediately upon entry hereof.

13. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated:    June 15, 2012
         New York, New York

　　　　　　　　　　　　　　　　　　　　　　　**/s/Martin Glenn**
　　　　　　　　　　　　　　　　　　　　　　　MARTIN GLENN
　　　　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge