# **EXHIBIT 1**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: ) | Chapter 11 |
| ) |  |
| RESIDENTIAL CAPITAL, LLC, *et al.*, ) | Case No. 12-12020 (MG) |
| ) |  |
| ) |  |
| Debtors. ) | Jointly Administered |
| ) |  |

# FINAL ORDER PURSUANT TO SECTIONS 105(a) AND 363 OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTORS TO CONTINUE TO PERFORM UNDER THE ALLY BANK SERVICING AGREEMENT IN THE ORDINARY COURSE OF BUSINESS

Upon the motion (the "Motion") of Residential Capital, LLC ("ResCap") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors") for entry of an order pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code") authorizing the Debtors to continue to perform under the Servicing Agreement pursuant to the terms of this Order (the "Order")[1]; and the Court having considered the Whitlinger Affidavit; and the Court having entered an interim order on May 15, 2012 granting the Motion on an interim basis; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion will benefit the Debtors' estates, their creditors and all other parties in interest; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having considered the

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.

ny-1041707

*Limited Objection And Reservation Of Rights Of The Official Committee Of Unsecured Creditors To The Debtors' (I) Origination Motion And (II) Ally Servicing Motion* [Docket No. 303]; and the Court having considered the *Debtors' Reply to the Limited Objection and Reservation of Rights of the Official Committee of Unsecured Creditors to the Debtors' (I) Origination Motion and (II) Ally Servicing Motion* [Docket No. 367]; and the Court having considered the supplemental declaration of Matthew Detwiler in support of the Motion [Docket No. 366]; and the Court having considered *Ally Financial Inc.'s And Ally Bank's Reply To Creditors' Committee's Limited Objection To (A) The Debtors' Motion Authorizing Debtors To Continue To Perform Under The Ally Bank Servicing Agreement In The Ordinary Course Of Business And (B) The Debtors' Origination Motion* [Docket No. 385]; and upon the arguments and testimony presented at the hearing before the Court, and any objections to the Motion having been withdrawn, resolved, or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is **ORDERED** that:

1. The Motion is granted on a final basis to the extent provided herein.

2. The Debtors are authorized and directed to continue to perform under the terms of the Servicing Agreement pursuant to sections 105(a) and 363(c) of the Bankruptcy Code until the Servicing Agreement is terminated under its own terms or pursuant to the terms of this Order, or the Debtors have obtained a Court order rejecting the Agreement in accordance with the provisions set forth herein.

3. From and after (a) the Petition Date, Ally Bank shall be granted limited relief from the automatic stay solely to the extent required to provide the 120-day notice required pursuant to Section 11.01(b) of the Servicing Agreement to terminate the Servicing Agreement with respect to no more than 3,000 Mortgage Loans (as defined in the Servicing Agreement) in

2

the aggregate; and (b) 90 days after the Petition Date, Ally Bank shall be granted limited relief from the automatic stay solely to the extent required to provide the 120-day notice required pursuant to Section 11.01(b) of the Servicing Agreement; provided, that (i) Ally Bank shall file the notice of termination contemplated in Section 11.01(b) of the Servicing Agreement with the Court no later than five business days after providing it to the Debtors, should the Debtors object to Ally Bank invoking the termination rights under Section 11.01(b) of the Servicing Agreement, the Court may hold a hearing before the Termination Date (as such term is defined in the Servicing Agreement); provided, that the sole issue to be decided by the Court shall be whether Ally Bank complied with the notice requirements set forth in Section 11.01(b), as modified herein, and (ii) Ally Bank shall be required to seek further relief from the Court to the extent it seeks to terminate the Servicing Agreement pursuant to any other provision of the Servicing Agreement.

4.    Notwithstanding the date upon which the Servicing Agreement was executed or the date of the occurrence of the "Effective Date" as such term is defined in the Servicing Agreement, the Servicing Agreement shall be considered a pre-Petition Date executory contract under Bankruptcy Code section 365 and subject to assumption or rejection as further set forth herein.

5.    Notwithstanding any provision in the Servicing Agreement, the Debtors may not terminate or otherwise move to reject or modify the Servicing Agreement in the first 90 days following the Petition Date, unless Ally Bank in its sole discretion provides written consent to such termination.

6.    Notwithstanding any provision in the Servicing Agreement or this Order to the contrary, Ally Bank may immediately terminate the Servicing Agreement without further relief

3

from the Court upon (a) entry by the Court of an order appointing a trustee or an examiner with expanded powers, (b) acceleration of the obligations due under the Debtors' debtor-in-possession credit facility, (c) conversion of any of the Debtors' chapter 11 cases to a case under chapter 7 of the Bankruptcy Code, (d) this Order having been stayed, reversed or otherwise rendered ineffective; <u>provided</u>, that if Ally Bank terminates the Servicing Agreement pursuant to this paragraph 6, notwithstanding any provision in the Servicing Agreement to the contrary, the Debtors shall not be entitled to any Loan Termination Fees (as such term is defined in the Servicing Agreement).

7.    In the event that Ally Bank properly invokes the termination rights set forth in Section 11.01(b) of the Servicing Agreement or as set forth in this Order, the Debtors shall take all reasonable actions in accordance with the Servicing Agreement to allow Ally Bank to move the servicing at Ally Bank's direction as provided for under the Servicing Agreement, and Ally Bank may take all reasonable actions necessary to allow Ally Bank to terminate the Servicing Agreement and provide for the orderly transfer of servicing to a new servicing provider without seeking further relief.

8.    Notwithstanding any provision in the Servicing Agreement, the Bankruptcy Code, or other orders of this Court to the contrary, the Debtors shall be required to provide 120-days prior written notice to Ally Bank and to the Notice Parties before obtaining any hearing before the Court where the Court considers relief seeking rejection or modification of the Servicing Agreement pursuant to section 365 of the Bankruptcy Code or otherwise.  For the avoidance of doubt, the earliest date such a hearing could occur is 210 days following the Petition Date.

9.    Notwithstanding any provision in the Servicing Agreement or the Bankruptcy Code, including under section 365 of the Bankruptcy Code, to the contrary, the Debtors may,

without the consent of Ally Bank, assign the Servicing Agreement only to an Eligible Servicer (as such term is defined in the Servicing Agreement) as to whom Ally Bank's engagement as a subservicer under the Servicing Agreement for the Agency Loans (as such term is defined in the Servicing Agreement) has been approved by the applicable Agencies (as such term is defined in the Servicing Agreement).

10. Notwithstanding any provision in the Servicing Agreement to the contrary, if the servicing provided for under the Servicing Agreement is transferred pursuant to the confirmation of chapter 11 plan(s) or sale of substantially all of the Debtors' assets in these chapter 11 cases, the Debtors shall not be entitled to any Deboarding Fees or Loan Termination Fees (each as defined in the Servicing Agreement).

11. Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

12. The relief granted herein shall be binding upon any chapter 11 trustee appointed in these chapter 11 cases and upon any chapter 7 trustee appointed in the event of a subsequent conversion of these chapter 11 cases to cases under chapter 7.

13. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

14. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

New York, New York  
Date: _____, 2012

          THE HONORABLE MARTIN GLENN  
          UNITED STATES BANKRUPTCY JUDGE