**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

**FINAL ORDER UNDER SECTIONS 105(a), 362, 363, 1107(a) AND 1108
OF THE BANKRUPTCY CODE (I) AUTHORIZING THE DEBTORS TO
CONTINUE IN THE ORDINARY COURSE OF BUSINESS (A) SERVICING
NON-GOVERNMENTAL ASSOCIATION LOANS, AND (B) SALE ACTIVITIES
RELATED TO CERTAIN LOANS IN FORECLOSURE AND REAL ESTATE OWNED
PROPERTY, AND (II) GRANTING LIMITED STAY RELIEF TO ENABLE
BORROWERS TO ASSERT DIRECT CLAIMS AND RELATED COUNTER-CLAIMS
IN FORECLOSURE AND EVICTION PROCEEDINGS**

Upon the motion (the "<u>Motion</u>")[1] of Residential Capital, LLC, and certain of its affiliates, as debtors and debtors in possession (collectively, the "<u>Debtors</u>") for entry of interim and final orders, under Bankruptcy Code sections 105(a), 362, 363, 1107(a), and 1108 and Bankruptcy Rule 6003, (i) authorizing, but not directing, the Debtors to continue in the ordinary course of business (a) servicing Non-GA Loans, and (b) sale activities related to certain loans in foreclosure and real estate owned property, including authorizing the sale of such property free and clear of liens, claims, and encumbrances pursuant to section 363(f) of the Bankruptcy Code, and (ii) granting limited stay relief to enable borrowers or their tenants, as applicable, to assert related counter-claims in foreclosure and eviction proceedings; and the Court having considered the Whitlinger Affidavit; and the Court having entered an interim order on May 16, 2012 granting the Motion on an interim basis (the "<u>Interim Order</u>"); and it appearing that this Court

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion. Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases or the relief granted herein may refer to http://www.kccllc.net/rescap for additional information.

ny-1016748

has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these Chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C §§ 1408 and 1409; and it appearing that this proceeding on the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and sufficient notice of the Motion having been given; and it appearing that no other or further notice need be provided; and the Court having considered the responsive pleading filed by the Committee; and upon the record of the Final Hearing; and the Court having entered the Final GA Servicing Order;[2] and it appearing that the relief requested by the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation thereon; and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.  The Motion is GRANTED, as set forth herein, and any objections to the Motion are overruled.

Servicing of Non-GA Loans

2.  The Debtors are authorized, but not directed, in their sole discretion and subject to available funding, to continue servicing Non-GA Loans in the ordinary course, including, but not limited to:

    (a)    performing the Servicing Functions and honoring all obligations arising under the Non-GA Servicing Agreements;

---

[2] "Final GA Servicing Order" means this Court's *Final Order Under Sections 105(a), 361, 362, 363, 1107(a), And 1108 Of The Bankruptcy Code (I) Authorizing The Debtors To Continue In The Ordinary Course Of Business (A) Servicing Governmental Association Loans And (B) Foreclosure Activities Related To Certain Real Estate Owned By Fannie Mae, Freddie Mac, And Ginnie Mae; (II) Authorizing The Debtors To Pay Certain Prepetition Amounts Due To Critical Servicing Vendors And Foreclosure Professionals; (III) Granting Limited Stay Relief To Enable Borrowers To Assert Direct Claims And Related Counter-Claims In Foreclosure And Eviction Proceedings; (IV) Authorizing The Debtors To Use Cash Collateral Under The Fannie Mae EAF Facility; And (V) Granting Related Relief* [Docket No. __].

2

ny-1016748

(b)  making all Advances related to the Non-GA Loans in accordance with the applicable Non-GA Servicing Agreement; and

(c)  entering into loan modifications and Deferment and Forbearance Arrangements, including participating in HAMP;

provided, that, absent further order of the Court, the Debtors shall not sell or otherwise transfer any Non-GA Loan while such loan is the subject of a trial period plan under HAMP.

3.  For the avoidance of doubt, to the extent payments made by the Debtors in connection with servicing of Non-GA Loans constitute payments on account of prepetition claims of Critical Servicing Vendors (as defined in the Final GA Servicing Order), such payments will be subject to the Critical Vendor Payment Terms (as defined in the Final GA Servicing Order) and the Critical Claims Cap (as defined in the Final GA Servicing Order).

4.  The Debtors are authorized to honor their obligations under the Consent Order, the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012 (the "Order of Assessment"), and the DOJ/AG Settlement in connection with the Servicing Functions, and to use estate assets and take such actions as, in their reasonable business judgment, are necessary to comply with and adhere to the terms of the Consent Order, Order of Assessment, and the DOJ/AG Settlement; provided however, subject to the terms and conditions of the Settlement and Plan Sponsor Agreement, dated May 14, 2012, by and among Residential Capital, LLC and its debtor subsidiaries, and AFI, on behalf of its subsidiaries and affiliates other than the Debtors and their subsidiaries, such compliance shall be without prejudice to any claims or causes of action the Debtors or any party-in-interest (including the Committee) may assert against AFI for past or future costs of such compliance ("Compliance Claims"), including, without limitation, claims for contribution, and/or indemnification arising directly or indirectly, by contract or under common law, through subrogation or otherwise, which for the avoidance of doubt are expressly

3

preserved herein; *provided*, *further*, *however*, AFI preserves all rights in connection with, and may contest, any Compliance Claim on any and all bases and preserves all rights to bring counterclaims against the Debtors for Compliance Claims, including (a) that the Debtors' costs in connection with the Compliance Claims are administrative expenses of the Debtors' estates pursuant to 11 U.S.C. 503(b) and (b) that AFI is relying on the Debtors' costs of compliance in its decision to support operationally and financially the Debtors' efforts to sell the assets of the Debtors' estates on a going concern basis and maximize the value of the estates. The Debtors are further authorized to implement new servicing standards and procedures and to perform reviews of their past foreclosure proceedings and reports regarding the results of such reviews, in each case as may be required to comply with the Consent Order, Order of Assessment, and the DOJ/AG Settlement.

5.  Nothing set forth in this Order or in the Motion shall alter the Debtors' obligations under the Consent Order, the Order of Assessment or the DOJ/AG Settlement.

<u>Non-GA Loans in Foreclosure and REO</u>

6.  The Debtors are authorized, but not directed, in their sole and absolute discretion and subject to available funding, to continue servicing Non-GA Loans in foreclosure and REO in the ordinary course, including, but not limited to:

   (a) selling Non-GA Loans in foreclosure and REO free and clear of any and all liens, claims, and encumbrances pursuant to section 363(f) of the Bankruptcy Code);

   (b) paying foreclosure professionals' (including default counsel) and brokers' fees, as applicable, in the ordinary course of business in connection with respect to the Non-GA Foreclosure Sales and REO sales;

   (c) making Advances related to the Non-GA Loans in foreclosure and REO in accordance with the relevant loan servicing agreements or other governing documents;

ny-1016748

  (d)  distributing proceeds from the sale of Non-GA Loans in foreclosure and REO in accordance with the relevant loan servicing agreements or other governing documents; and

  (e)  refunding overpayments to purchasers of Non-GA Loans in foreclosure and REO, as appropriate.

  7.  To the extent that any lien, claim or encumbrance exists on the Non-GA Loans in foreclosure or REO, as applicable, such lien, claim or encumbrance shall attach to the proceeds of the sale in the order of priority and with the same validity, force and effect that such lien, claim or encumbrance may have against the Non-GA Loans in foreclosure or REO at the time of the sale.

  8.  Nothing herein shall be construed to limit, or in any way affect, the Debtors' ability to dispute any foreclosure professionals' and brokers' fees that may be requested.

  9.  Nothing herein shall be deemed to constitute an assumption or rejection of any executory contract or prepetition or postpetition agreement with any foreclosure professional or broker, or to require the Debtors to make any of the payments to any foreclosure professional or broker authorized herein.

  10.  The Debtors shall file monthly operating reports disclosing, in summary format, all Debtor-owned REO sales and Non-GA Foreclosure Sales of Debtor-owned property closed subsequent to the Petition Date and the associated costs, to the extent allocable; <u>provided</u>, <u>however</u>, that the Debtors shall provide periodic reports to the Committee and the Office of the United States Trustee for the Southern District of New York at such intervals as agreed upon between the Debtors and the Committee, which reports shall be in a form agreed to by the Debtors and the Committee, and such additional information as shall be reasonably requested by the Committee, in each case, concerning such sales.

ny-1016748

Limited Borrower Relief from Automatic Stay

11. The extent to which the stay imposed by section 362(a) of the Bankruptcy Code is modified to enable (a) borrowers to assert and prosecute counter-claims related to the subject matter of the foreclosure complaint in connection with foreclosure proceedings, and (b) tenants to assert and prosecute counter-claims related to the subject matter of the eviction complaint in connection with eviction proceedings for which the underlying property is the subject of a foreclosure proceeding or has been foreclosed upon shall be governed in all respects by this Court's *Supplemental Order For Interim Relief Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), And 1108 And Bankruptcy Rule 9019 (I) Authorizing The Debtors To Continue Implementing Loss Mitigation Programs; (II) Approving Procedures For Compromise And Settlement Of Certain Claims, Litigations And Causes Of Action; (III) Granting Limited Stay Relief To Permit Foreclosure And Eviction Proceedings, Borrower Bankruptcy Cases, And Title Disputes To Proceed; And (IV) Authorizing And Directing The Debtors To Pay Securitization Trustee Fees And Expenses* [Docket No. 391] (the "Interim Supplemental Order") and any final order of the Court granting such relief (together with the Interim Supplemental Order, the "Supplemental Order") and the Supplemental Order shall supersede paragraph 10 of the Interim Order in its entirety.

Other Relief

12. The Debtors are authorized and empowered to take all actions and execute such documents as may be necessary or appropriate to carry out the relief granted herein.

13. Nothing herein shall be deemed to limit the rights of the Debtors to operate their business in the ordinary course, and no subsequent order shall be required to confirm such rights.

ny-1016748

14. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall constitute, nor is it intended to constitute, the assumption of any contract or agreement under Bankruptcy Code section 365 or the waiver by the Debtors or their non-Debtor affiliates of any of their rights pursuant to any agreement by operation of law or otherwise.

15. Notwithstanding anything to the contrary in this Order, any action to be taken pursuant to the relief authorized in this Order is subject to the terms of any cash collateral order or debtor in possession financing order entered in these chapter 11 proceedings. All amounts authorized to be paid pursuant to this Order are subject to the limitations and restrictions imposed by the Approved DIP Budget (as defined in the DIP Credit Agreement). To the extent that there is any inconsistency between the terms of this Order and the terms of any order relating to postpetition financing or cash collateral or the Supplemental Order, the terms of the orders relating to postpetition financing or cash collateral or the Supplemental Order, as applicable, shall govern.

16. Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

ny-1016748

17. The requirements set forth in Bankruptcy Rule 6004(a) are satisfied.

18. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

19. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated:     June 15, 2012
           New York, New York

                                        /s/Martin Glenn
                                        MARTIN GLENN
                                        United States Bankruptcy Judge