| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------x<br>In re:                                                            :<br>                                                                      :<br>                                                                      :<br>RESIDENTIAL CAPITAL, LLC, *et al.*,        :<br>                                                                      :<br>                                                                      :<br>                                           Debtors.       :<br>------------------------------------------------------------x | Hearing Date: June 18, 2012<br>Hearing Time: 10:00 a.m.<br><br>Chapter 11<br><br>Case No. 12-12020 (MG)<br><br>Jointly Administered |

**RESPONSE OF THE UNITED STATES TRUSTEE
TO THE MOTION BY BERKSHIRE HATHAWAY INC.
FOR THE APPOINTMENT OF AN EXAMINER PURSUANT TO
SECTION 1104(c) OF THE BANKRUPTCY CODE**

Tracy Hope Davis, the United States Trustee for Region 2 (the "United States Trustee"), responds to the motion of Berkshire Hathaway Inc. for the appointment of an examiner pursuant to 11 U.S.C. § 1104(c) pursuant to Section 1104(c) of the Bankruptcy Code. In support of this Response (the "Response"), the United States Trustee respectfully states as follows:

**PRELIMINARY STATEMENT**

Section 1104(c)(2) mandates the appointment of an examiner, upon the request of a party in interest or the United States Trustee, provided a debtor's unsecured debts, other than debts for goods, services, or taxes, or owing to an insider, exceed $5 million. Because the Debtors in these Chapter 11 proceedings meet the $5 million unsecured debt threshold, the appointment of an examiner is mandatory.

**FACTS**

**A.     General Background**

1. Residential Capital, LLC and fifty of its affiliates (collectively "the Debtors") commenced voluntary cases under Chapter 11 of the Bankruptcy Code on May 14, 2012.

1

2. By order entered on May 14, 2012, the Court authorized joint administration of the cases. *ECF Doc No. 59*.

3. The Debtors' primary and most valuable business operations consist of servicing mortgage loans for investors, including loans originated by the Debtors, Ally Bank (f/k/a GMAC Bank), and other third parties. As of March 31, 2012, the Debtors were servicing over 2.4 million mortgage loans with an aggregate unpaid principal balance of approximately $374 billion. *Affidavit of James Whitlinger in Support of Chapter 11 Petitions and First Day Pleadings ("Whitlinger Affidavit.")*, ¶ 6. *ECF Doc No. 6*.

4. The Debtors are collectively the fifth largest servicer of residential mortgage loans in the United States, servicing approximately $374 billion of domestic residential mortgage loans and working with more than 2.4 million homeowners across the United States as of March 31, 2012. *Whitlinger Affidavit* ¶ 9. *ECF Doc No. 6*.

5. The Debtors' unaudited consolidated balance sheet reflects assets of $15,675,571,000 and liabilities of $15,276,228,000. *Whitlinger Affidavit, Exhibit 12, Schedule 4*.

6. On Exhibit 3 of the *Whitlinger Affidavit*, setting forth the "Summary of Outstanding Debt and Collateralized Borrowings As of April 30, 2012," the fixed, liquidated unsecured debts to the Debtors' bondholders are listed the aggregate amount of $813,700,000.

7. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

8. On May 16, 2012, the United States Trustee appointed an Official Committee of Unsecured Creditors pursuant to Section 1102(a) of the Bankruptcy Code. *ECF Doc. No. 102*.

**B.      Motion for the Appointment of an Examiner Pursuant to 11 U.S.C. § 1104(c)**

9.  On June 4, 2012, Berkshire Hathaway, Inc. filed a Motion of Berkshire Hathaway, Inc. For the Appointment of an Examiner Pursuant to 11 U.S.C. § 1104(c).  *ECF Docket No. 208.*

10.  On June 11, 2012, Ally Financial Inc. filed a Limited Objection to Berkshire Hathaway Inc.'s Motion for the Appointment of an Examiner Pursuant to 11 U.S.C. § 1104(c). *ECF Docket No. 289.*

11.  On June 11, 2012, the Ad Hoc Group of Junior Secured Noteholders filed a Limited Statement of the Ad Hoc Group of Junior Secured Noteholders in Connection with the Motion of Berkshire Hathaway Inc. for the Appointment of an Examiner Pursuant to 11 U.S.C. § 1104(c). *ECF Docket No. 295.*

12.  On June 11, 2012, the Official Committee of Unsecured Creditors filed a Response of the Official Committee of Unsecured Creditors to the Motion of Berkshire Hathaway Inc. for the Appointment of an Examiner Pursuant To 11 U.S.C. § 1104(C).  *ECF Docket No. 297.*

13.  On June 11, 2012, the Debtors' filed an Objection to the Motion of Berkshire Hathaway Inc. for Appointment of an Examiner Pursuant to 11 U.S.C. § 1104(c).  *ECF Docket No. 304.*

14.  On June 12, 2012, the Union Central Life Insurance Company, Ameritas Life Insurance Corp. and Acacia Life Insurance Company filed a Joinder to Motion of Berkshire Hathaway, Inc. for the Appointment of an Examiner.  *ECF Docket No. 329.*

15.  On June 12, 2012, the New Jersey Carpenters Health Fund filed a Joinder to Motion of Berkshire Hathaway, Inc. for the Appointment of an Examiner.  *ECF Docket No. 330.*

16.  On June 14, 2012, the owners of certain senior unsecured notes filed a Statement and Limited Joinder of Certain Unsecured Noteholders to the Debtors' Objection to Motion of

3

Berkshire Hathaway Inc. for Appointment of an Examiner Pursuant to 11 U.S.C. §1104(c). *ECF Docket No. 379.*

**RESPONSE**

A.  **The Plain Language of 11 U.S.C. § 1104(c)(2) Mandates the Appointment of an Examiner**

Section 1104(c) provides as follows:

> If the court does not order the appointment of a trustee under this section, then at any time before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of an examiner to conduct such an investigation of the debtor as is appropriate, including an investigation of any allegations of fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity in the management of the affairs of the debtor of or by current or former management of the debtor, if -
>
> (1)  such appointment is in the interests of creditors, any equity security holders, and other interests of the estate; or
>
> (2) the debtor's fixed, liquidated, unsecured debts, other than debts for goods, services, or taxes, or owing to an insider, exceed $5,000,000.

11 U.S.C. § 1104(c).[1]

Section 1104(c)(2) plainly and unambiguously mandates that the court "shall" order the appointment of an examiner upon request by a party in interest or the United States Trustee where "the debtor's fixed, liquidated, unsecured debts, other than debts for goods, services, or taxes, or owing to an insider, exceed $5,000,000," provided only that no trustee is appointed and no plan has been confirmed. The record clearly establishes that all of these conditions are met in the present case.

---

[1] Some earlier case law refers to this subsection as 1104(b), because it was originally codified in the 1978 Bankruptcy Code as 11 U.S.C. § 1104(b). Subsections (b) and (c) of § 1104 were redesignated as subsections (c) and (d), respectively, by the Bankruptcy Reform Act of 1994, which added a new subsection (b), authorizing trustee elections in Chapter 11 cases.  *See* Bankruptcy Reform Act of 1994, Pub. L. No. 103-394 (enacted October 22, 1994 and effective in cases filed after that date).

"Where the word 'shall' appears in a statutory directive, 'Congress could not have chosen stronger words to express its intent that [the specified action] be mandatory . . . .'" *Plaut v. Spendthrift Farm, Inc.*, 1 F.3d 1487, 1490 (6th Cir. 1993), *aff'd*, 514 U.S. 211, 115 S.Ct. 1447 (1995), quoting from *United States v. Monsanto*, 491 U.S. 600, 607, 109 S.Ct. 2657, 2662, 105 L.Ed. 2d 512 (1989). *See also Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35, 118 S.Ct. 956, 962 (1998) ("the mandatory 'shall'. . . normally creates an obligation impervious to judicial discretion") (citing *Anderson v. Yungkau*, 329 U.S. 482, 485, 67 S.Ct. 428, 430, 91 L.Ed. 436 (1947)); *Barbieri v. RAJ Acquisition Corp.* (*In re Barbieri*), 199 F.3d 616, 619 (2d Cir. 1999) ("The term 'shall,' . . . generally is mandatory and leaves no room for the exercise of discretion by the trial court") ; *Hall Financial Group, Inc. v. DP Partners Ltd. Partnership* (*In re DP Partners Ltd. Partnership*), 106 F.3d 667, 670–71 (5th Cir.), *cert. denied*, 522 U.S. 815, 118 S.Ct. 63 (1997) ("Use of the word 'shall' connotes a mandatory intent").

Congress' intention to make the appointment of an examiner mandatory where the conditions of Section 1104(c)(2) are met is apparent not only from the use of the mandatory "shall" but also from the fact that "[u]nless § 1104([c])(2) requires the appointment of an examiner in such a case, it becomes indistinguishable from § 1104([c])(1)." *Morgenstern v. Revco D.S., Inc.* (*In re Revco D.S., Inc.*), 898 F.2d 498, 501 (6th Cir. 1990). "Indeed, if paragraph (c)(2) were not mandatory, then § 1104(c) would have the following meaning: 'If specified debt is less than $5 million, it is in the court's discretion to appoint an examiner; and if specified debt is more than $5 million, it is in the court's discretion to appoint an examiner.'" *In re UAL Corp.*, 307 B.R. 80, 84, n. 2 (Bankr. N.D. Ill. 2004).

The only reported United States Court of Appeals decision to squarely address the issue of whether the appointment of an examiner under § 1104(c)(2) is mandatory, as opposed to

5

discretionary, is *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498 (6th Cir. 1990). In *Revco*, the United States Trustee filed a motion to appoint an examiner for the debtors, owners of a nationwide chain of drug stores acquired in a leveraged buyout, to conduct an investigation of the leveraged buyout, less than two months after the filing of the debtors' Chapter 11 cases. As the parties stipulated that each of the debtors' fixed, liquidated, unsecured debts, other than debts for goods, services, or taxes, or owing to an insider, exceeded $5,000,000, the United States Trustee contended that the bankruptcy court was required, pursuant to Section 1104(b)(2) (now Section 1104(c)(2)) to appoint an examiner at the United States Trustee's request. The United States Trustee's motion was opposed by the debtors and the creditors.

The bankruptcy court denied the United States Trustee's motion as premature and unnecessary, specifically rejecting the United States Trustee's contention that the appointment of an examiner was mandatory under the circumstances. *Id.* at 499. The United States Trustee appealed to the district court, and the district court dismissed the appeal, holding that the United States Trustee lacked standing to appeal because the bankruptcy court's decision had not affected the United States Trustee's pecuniary interest. *Id.*

On appeal from the district court, the United States Court of Appeals for the Sixth Circuit reversed the decisions of the district court and the bankruptcy court and remanded the case to the bankruptcy court with instructions to order the appointment of an examiner under Section 1104(b)(2) (now sSction 1104(c)(2)). *Id.* at 501. In so doing, the Sixth Circuit held that the appointment of an examiner is mandatory under that Section, based upon the plain meaning of the statute. *Id.* at 500–01.

In addition, the court addressed the debtors' concerns that the mandatory construction of the statute may invite abuse, and that a party in interest could needlessly prolong a case with

last-minute demands for an examiner, noting that the bankruptcy court retains broad discretion to direct the examiner's investigation, including its nature, extent, and duration. *Id.*; *see* 11 U.S.C. § 1104(c) ("the court shall order the examiner to conduct such an investigation of the debtor as is appropriate"); *see also In re Walton*, 398 B.R. 77, 84 (N.D. Ga. 2008) (district court acknowledged the creditor's committee concerns that the appointment of an examiner would merely duplicate the efforts of the committee of unsecured creditors but concluding that "[n]onethelss, the statute is clear, and '[w]hile Congress may not have foreseen the problems that arise when discretion over an appointment of an examiner is missing, that is not sufficient grounds for refusing to give effect to the plain meaning of the statute.'").

The majority of the other courts addressing this issue have also recognized the mandatory nature of examiner appointments under Section 1104(c)(2). *See In re Loral Space & Commc'ns, Ltd.*, No. 04 CV 8645RPP, 2004 WL 2979785, at *5 (S.D.N.Y. Dec. 23, 2004) (finding that Section 1104(c)(2) mandates the appointment of an examiner where the debt threshold is met and reversing bankruptcy court's finding that if the requested appointment is inappropriate, the bankruptcy court should not stretch to fashion a more appropriate job description for the examiner); *In re Vision Dev. Group of Broward County, LLC*, No. 07-17778-BKC-RBR, 2008 WL 2676827, at *3 (Bankr. S.D. Fla. June 30, 2008) (holding that the appointment of an examiner is mandatory under Section 1104(c)(2)); *In re Big Rivers Elec. Corp.*, 213 B.R. 962, 965–66 (Bankr. W.D. Ky. 1997) (appointment of examiner was required as a matter of law); *In re Mechem Fin. Of Ohio, Inc.*, 92 B.R. 760, 761 (Bankr. N.D. Ohio 1988) (mandatory); *In re The Bible Speaks*, 74 B.R. 511, 514 (Bankr. D. Mass. 1987) (appointment of examiner is required if trustee is not appointed, but court appointed trustee); *In re 1243 20th St., Inc.*, 6 B.R. 683, 685 n.3 (Bankr. D. D.C. 1980) (mandatory); *In re Lenihan*, 4 B.R. 209, 211 (Bankr. D. R.I. 1980)

12-12020-mg    Doc 406    Filed 06/15/12    Entered 06/15/12 15:56:11    Main Document
    Pg 8 of 8

(mandatory); *see also In re Schepps Food Stores, Inc.*, 148 B.R. 27, 30 (S.D. Tex. 1992) (mandatory, but creditor waived right to appointment of examiner by failing to make request until eve of confirmation hearing); *In re Bradlees Stores, Inc.*, 209 B.R. 36, 38 (Bankr. S.D. N.Y. 1997) (creditors waived right to appointment of examiner to investigate claims arising from leveraged buyout by failing to make request until approximately two years after cases were filed and eight months after issuance of report on same matter by debtors' professionals following a 13-month investigation).

## CONCLUSION

**WHEREFORE,** the United States Trustee respectfully requests that this Court grant such relief as may seem just and proper.

Dated: New York, New York
       June 15, 2012

>                    Respectfully submitted,
>
>                    TRACY HOPE DAVIS
>                    UNITED STATES TRUSTEE
>
> By:    */s/ Brian S. Masumoto*
>        Brian S. Masumoto
>        Michael Driscoll
>        Trial Attorneys
>        33 Whitehall Street, 21st Floor
>        New York, New York 10004
>        (212) 510-0500