# **EXHIBIT 1**

ny-1045870

**EXECUTION VERSION**

**Amendment Agreement to Facility Fee Letter**

This Amendment Agreement to Facility Fee Letter (this "Amendment"), is dated as of June 1, 2012, and entered into by Barclays Bank PLC ("Barclays," "we" or "us") and Residential Capital, LLC ("ResCap"), Residential Funding Company, LLC ("RFC"), GMAC Mortgage, LLC ("GMACM"), GMACM Borrower LLC ("GMACM Borrower"), and RFC Borrower LLC ("RFC Borrower"), each a Delaware limited liability company and a debtor and debtor-in-possession under Chapter 11 of the U.S. Bankruptcy Code (ResCap, RFC, GMACM, GMACM Borrower and RFC Borrower collectively, the "Company" or "you"). Reference is made to (i) the facility fee letter, dated April 9, 2012 (the "Original Fee Letter"), among Barclays, ResCap, RFC and GMACM, and (ii) the Superpriority Debtor-in-Possession Credit and Guaranty Agreement, dated as of May 16, 2012 (the "Credit Agreement"), among you, certain of your affiliates party thereto, the lenders party thereto, Barclays, as administrative agent and as collateral agent, and the other persons party thereto. Unless otherwise defined herein, capitalized terms used herein have the meanings assigned to them in the Credit Agreement.

**RECITALS**

**WHEREAS**, the Company has requested that Barclays agree to (i) reduce the Applicable Margin with respect to Term A-1 Loans and Term A-2 Loans and (ii) not exercise its rights pursuant to Section 3(a) of the Original Fee Letter to decrease the principal amount of the Revolving Facility by the full amount permitted thereby, in consideration for which, the Company would agree to pay additional upfront fees with respect to certain of the Revolving Commitments, in each case as provided for herein;

**NOW, THEREFORE**, in consideration of the foregoing and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows, subject to approval of the Bankruptcy Court, as described in Section 1 below:

**1.    Amendment**

As consideration for the agreement by Barclays and the Lenders to (i) reduce the Applicable Margin with respect to Term A-1 Loans by 0.25% (effective as of the Revolver Post-Closing Availability Date), (ii) reduce the Applicable Margin with respect to Term A-2 Loans by 0.50% (effective as of the Revolver Post-Closing Availability Date) and (iii) limit the ability of Barclays to decrease the Revolving Facility pursuant to Section 3(a) of the Original Fee Letter by no more than an aggregate principal amount of $10,000,000 (with a corresponding increase in the Term A-1 Facility in the form of a delayed draw term loan to be made available on or after the Revolver Post-Closing Availability Date), the Company agrees to pay (or cause to be paid) to Barclays, not for its own account but for the account of the relevant Lenders, the following fees:

- additional upfront fees equal to (x) 0.50% of up to $56,000,000 aggregate principal amount of the Revolving Commitments of each Revolving Lender (other than Barclays or any of its affiliates) (ratably in accordance with their respective Revolving Commitments) minus (y) a credit of a portion of the upfront fees on the Revolving Commitments previously paid to Barclays Bank equal to 0.50% of $10,000,000 of the aggregate principal amount of the Revolving Commitments, which additional upfront fees shall be earned, due and payable on the Revolver Post-Closing Availability Date.

The Company acknowledges and agrees that the upfront fees payable to the applicable Revolving Lenders as described above shall be in addition to the other fees payable to any Lenders pursuant to the Credit Agreement and the Original Fee Letter.

1

1760218.06-New York Server 7A - MSW

The agreements set forth in this Section 1 are subject to approval of this Amendment and all of the terms and conditions set forth herein by the Bankruptcy Court in the Final Financing Order required to be entered pursuant to Section 3.02(b) of the Credit Agreement as a condition to the Revolver Post-Closing Availability Date.  In the event that this Amendment and all of the terms and conditions set forth herein are not so approved in their entirety by the Bankruptcy Court, then all of the agreements set forth in this Amendment shall terminate and be of no force or effect and Barclays shall have the right to decrease the Revolving Facility by up to $100,000,000 in aggregate principal amount; provided that such decrease must be accompanied by a corresponding increase in or allocation of such amount to the Term A-1 Facility.

**2.    General**

This Amendment is intended to amend and supplement the Original Fee Letter and is not a novation of the Original Fee Letter, which remains in full force and effect except to the extent specifically amended and supplemented by this Amendment, subject to the limitations set forth in Section 1 above.  The Company reaffirms and ratifies all of its obligations under the Original Fee Letter as so amended and supplemented.  Except as expressly set forth herein, this Amendment shall not be deemed to be or constitute a waiver, amendment or modification of any provisions of either the Original Fee Letter or the Credit Agreement or any right, power or remedy of Barclays or any Lender, in each case whether arising before or after the date hereof or as a result of performance hereunder or thereunder.  This Amendment also shall not preclude the future exercise of any right, remedy, power, or privilege available to Barclays or any Lender whether under the Original Fee Letter, the Credit Agreement, at law or otherwise.  Section 4 of the Original Fee Letter is incorporated herein, *mutatis mutandis*, as if a part hereof.

[*The remainder of this page is intentionally left blank.*]

Please confirm that the foregoing is in accordance with your understanding by signing and returning to us the enclosed copy of this Amendment, which will become a binding agreement upon our receipt, subject to the terms and conditions set forth in Section 1 hereof.

Very truly yours,

**BARCLAYS BANK PLC**

By: _____
Name: Craig J. Mallory
Title: Director

**ACCEPTED AND AGREED:**

**RESIDENTIAL CAPITAL, LLC**

By:_____
   Name:
   Title:

**RESIDENTIAL FUNDING COMPANY, LLC**

By:_____
   Name:
   Title:

**GMAC MORTGAGE, LLC**

By:_____
   Name:
   Title:

**GMACM BORROWER LLC**

By:_____
   Name:
   Title:

**RFC BORROWER LLC**

By:_____
   Name:
   Title:

[Signature Page to Amendment]

Please confirm that the foregoing is in accordance with your understanding by signing and returning to us the enclosed copy of this Amendment, which will become a binding agreement upon our receipt, subject to the terms and conditions set forth in Section 1 hereof.

Very truly yours,

**BARCLAYS BANK PLC**

By:_____
Name:
Title:

**ACCEPTED AND AGREED:**

**RESIDENTIAL CAPITAL, LLC**

By: *[signature]*
Name: Thomas Marano
Title: CEO

**RESIDENTIAL FUNDING COMPANY, LLC**

By: *[signature]*
Name: James Whitlinger
Title: CFO

**GMAC MORTGAGE, LLC**

By: *[signature]*
Name: James Whitlinger
Title: CFO

**GMACM BORROWER LLC**

By: *[signature]*
Name: James Whitlinger
Title: CFO

**RFC BORROWER LLC**

By: *[signature]*
Name: James Whitlinger
Title: CFO

[Signature Page to Amendment]