Richard M. Cieri
Ray C. Schrock
Stephen E. Hessler
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

*Counsel for Ally Financial Inc. and Ally Bank*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, et al. | Case No. 12-12020 (MG) |
| Debtors. | Jointly Administered |

**NOTICE OF FILING OF SUPPLEMENT
TO ALLY FINANCIAL INC.'S CONSOLIDATED RESPONSE
TO CERTAIN OBJECTIONS TO DEBTORS' SALE PROCEDURES MOTION**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On June 14, 2012,  Ally Financial Inc. filed *Ally Financial Inc.'s Consolidated Response to Certain Objections to Debtors' Sales Procedures Motion (the "**Response**")* [Docket No. 359]. The Response contained a citation and reference to a certain unreported decision that was inadvertently omitted as an exhibit thereto.  Ally Financial Inc. submits this supplement to the Response and attaches a true and correct copy of the following document:

- *In re Extended Stay Inc.,* No. 09-13764, 2010 WL 282457 (Bankr. S.D.N.Y. June 22, 2010), referenced in paragraph 14 of the Response and attached hereto as Exhibit A.

| | |
|---|---|
| New York, New York<br>Dated: June 17, 2012 | */s/ Ray C. Schrock*<br>Richard M. Cieri<br>Ray C. Schrock<br>Stephen E. Hessler<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br><br>*Counsel for Ally Financial Inc. and Ally Bank* |

# EXHIBIT A

Not Reported in B.R., 2010 WL 2824571 (Bkrtcy.S.D.N.Y.)
**(Cite as: 2010 WL 2824571 (Bkrtcy.S.D.N.Y.))**

Only the Westlaw citation is currently available.

**This decision was reviewed by West editorial staff and not assigned editorial enhancements.**

United States Bankruptcy Court,
S.D. New York.
In re EXTENDED STAY INC., et al., Debtors.

No. 09–13764 (JMP).
June 22, 2010.

*ORDER (I) PURSUANT TO SECTIONS 105 AND 363(b) OF THE BANKRUPTCY CODE APPROVING INVESTMENT AGREEMENT WITH SUCCESSFUL BIDDER, (II) APPROVING DISCLOSURE STATEMENT REFLECTING THE SUCCESSFUL BID, (III) ESTABLISHING SOLICITATION AND VOTING PROCEDURES, (IV) SCHEDULING A CONFIRMATION HEARING, AND (V) ESTABLISHING NOTICE AND OBJECTION PROCEDURES FOR CONFIRMATION OF THE DEBTORS' PROPOSED PLAN OF REORGANIZATION*

JAMES M. PECK, Bankruptcy Judge.

***1** Upon the motion dated April 30, 2010 (the "*Motion*"),[FN1] of ESA Properties LLC and seventy-three of its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "*Debtors*") for entry of an order, pursuant to sections 105, 363(b), 502, 1125, 1126 and 1128 of title 11 of the United States Code (the "*Bankruptcy Code*"), Rules 2002, 3017, 3018, 3020, 9013, 9014 and 9021 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), and Rules 2002–1, 3017–1, 3018–1, 3020–1, 9013–1 and 9021–1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "*Local Rules*"), (I) pursuant to sections 105 and 363(b) of the Bankruptcy Code approving Investment and Standby Purchase Agreement with Successful Bidder; (II) approving the Disclosure Statement for the Debtors' Fourth Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, dated April 23, 2010 [Docket No. 979] (the "*Fourth Disclosure Statement*") relating to the Debtors' Fourth Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, dated April 23, 2010 [Docket No. 978] (the "*Fourth Plan*"), (iii) establishing solicitation and voting procedures, (iv) scheduling a confirmation hearing, (v) establishing notice and objection procedures in respect of confirmation of the Fourth Plan, (vi) approving the Rights Certificate to be used for purposes of the Rights Offering and the Election Form, and (vii) directing the Mortgage Debt Parties (as defined below) to cooperate with the solicitation procedures, all as more fully described in the Motion; the supplement to the Motion, dated June 8, 2010 (the "*Supplement*"), the Disclosure Statement for the Debtors' Fifth Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, dated June 8, 2010 [Docket No. 1028] (the "*Disclosure Statement*") relating to the Debtors' Fifth Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, dated June 8, 2010 [Docket No. 1027], which is attached to the Disclosure Statement as "*Exhibit A*" (the "*Plan*"); and upon the Objection of Manufacturers and Traders Trust Company, as Indenture Trustee, to the Debtors' Motion and Supplement, dated June 14, 2010 [Docket No. 1050], Starwood's Objection to the Motion and Supplement, dated June 14, 2010 [Docket No. 1051], and the Objections of the Creditors' Committee to the Motion and Supplement, dated June 14, 2010 [Docket No. 1054] (collectively, the "*Objections*"); and the Court having reviewed the Motion, the Disclosure Statement, the Supplement, and the Objections it is hereby found and determined as follows

> FN1. Capitalized terms not defined herein shall have the meaning ascribed to such terms in the Motion.

A. **Jurisdiction and Venue.** The Court has jur-

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

isdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M–61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.). Consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

*2 B. **Notice of the Motion and the Disclosure Statement Hearing.** The Debtors provided due and proper notice of the Motion, the objection deadline for the Motion, as well as the hearing to consider the Motion, in accordance with the Court's case management order and Bankruptcy Rule 2002(b), and no other or further notice is necessary.

C. **Successful Bid.** The Successful Bid by the C/P/B Investors is the highest or otherwise best offer for the Debtors' estates and their creditors available to the Debtors as a result of the Auction.

D. **Investment Agreement.** Entry into the Investment Agreement reflecting the terms of the Successful Bid is a sound exercise of the Debtors' business judgment and is in the best interests of the Debtors' estates and their creditors.

E. **Expenses.** The Expenses constitute an actual and necessary cost of preserving the Debtors' estates and the increase in the Expense Cap is justified by the circumstances

F. **Adequate Information.** The Disclosure Statement, attached hereto as "*Exhibit 1,*" contains adequate information within the meaning of section 1125 of the Bankruptcy Code and no further information is necessary. The Disclosure Statement (including all applicable exhibits thereto) provides holders of Claims, holders of Equity Interests, and other parties in interest with sufficient notice of the injunction, exculpation, and release provisions contained in Article X of the Plan, in satisfaction of the requirements of Bankruptcy Rule 3016(c).

G. **Fair and Equitable Voting Procedures.** The procedures, set forth below, for the solicitation and tabulation of votes to accept or reject the Plan, form an integral and indivisible part of this Order, provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

H. **Non–Voting Creditors and Interests Holders.** Claims in Class 1 are unimpaired (the "*Unimpaired Claims* "), and Interests in Classes 7, 8, 9, 10, 11, 12, 13, and 14 are unimpaired (the "*Unimpaired Interests* "). Accordingly, holders of such Unimpaired Claims and Unimpaired Interests are conclusively presumed to accept the Plan and are not entitled to vote on account of such claims or interests (the "*Non–Voting Unimpaired Classes* "). Interests in Class 6 and Class 15 under the Plan (the "*Non–Voting Impaired Classes* ") will not receive or retain any property under the Plan and, accordingly, holders of such interests are impaired, are deemed to reject the Plan and are, therefore, not entitled to vote on account of such interests (together with Non–Voting Unimpaired Creditors, the "*Non–Voting Creditors and Interest Holders* ").

I. **Voting Creditors.** Claims in Class 2, Class 3, Class 4A, Class 4B and Class 5 are impaired and the holders of such claims are entitled to vote on account of such claims (collectively, "*Voting Creditors* "); provided that (a) as of the Record Date, the outstanding amount of such claim is greater than zero ($0.00); (b) as of the Record Date, the claim has not been disallowed, expunged, disqualified, or suspended; and (c) such claim is not subject to an objection or request for estimation by the Voting Objection Deadline. Further, creditors that are not scheduled in the Debtors' Schedules or do not timely file a proof of claim by the Bar Date are not entitled to vote. If the Debtors did not schedule a Government Unit's claim and the Government Unit did not file a proof of claim by the Record Date, such Government Unit is not entitled to vote.

*3 J. **Solicitation Packages.** The proposed distribution and contents of the Solicitation Packages

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties of the Record Date, Voting Deadline, Plan Objection Deadline, Confirmation Hearing, and all related matters.

K. **Notices of Non–Voting Status.** The Notices of Non–Voting Status, substantially in the forms annexed hereto as "*Exhibit 2*" and "*Exhibit 3,*" comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and provide adequate notice to Non–Voting Creditors and Interest Holders of their non-voting status and no further notice is necessary.

L. **Ballots.** The forms of the ballots substantially in the forms annexed hereto as "*Exhibit 4,*" "*Exhibit 5,*" "*Exhibit 6,*" "*Exhibit 7,*" and "*Exhibit 8*" (collectively, the "Ballots"), including all voting instructions provided therein, are consistent with Official Form No. 14, address the particular needs of these chapter 11 cases, and provide adequate information and instructions for each individual entitled to vote to accept or reject the Plan and no further information or instructions are necessary.

M. **The Voting Deadline.** The solicitation period and Voting Deadline, set forth below, during which the Debtors may solicit acceptances to the Plan is a reasonable and sufficient period of time for Voting Creditors to make an informed decision whether to accept or reject the Plan and timely return Ballots evidencing such decision.

N. **Confirmation Notice and Objection Procedures.** The procedures, set forth below, regarding notice to all parties in interest of the time, date, and place of the hearing to consider confirmation of the Plan (the "Confirmation Hearing") constitute good and sufficient notice to all interested parties and no further notice is necessary.

THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS

**Approval of Entry into the Plan Related Documents**

(1) The Debtors are authorized to enter into the Investment Agreement reflecting the terms of the Successful Bid, and to take all actions necessary to perform the obligations thereunder.

**Approval of the Expense Reimbursement and Indemnity**

(2) The Debtors are authorized to reimburse the Expenses of the C/P/B Investors, including, without limitation, financing costs and fees, paid by or due and payable by the C/P/B Investors on the terms and subject to the conditions set forth in the Investment Agreement, *provided,* that in the event that the Plan is not confirmed or consummated other than due to a breach by the C/P/B Investors the Expenses shall be capped at $35,000,000.

(3) The Debtors' obligations to pay the Expenses, if any, shall constitute allowed administrative expenses of the Debtors' estates pursuant to section 503(b)(1) and 507(a)(2) of the Bankruptcy Code.

(4) Consistent with the Investment Agreement and in accordance with the terms of the Investment Agreement, the Debtors shall be authorized to indemnify the C/P/B Investors and their representatives from losses, claims, damages, liabilities and expenses relating to, *inter alia,* the Investment Agreement and the Plan, other than any such claims that result from the bad faith, willful misconduct or gross negligence of such parties, and the provisions of the Investment Agreement relating to such indemnity obligation is expressly approved.

**Approval of the Disclosure Statement**

**\*4** (5) The Disclosure Statement, attached hereto as "*Exhibit 1,*" is APPROVED.

(6) All Objections to the Disclosure Statement that have not been withdrawn or resolved as provided for in the record of the Disclosure Statement Hearing are overruled.

**Temporary Allowance of Claims**

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

(7) Solely for purposes of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of, a claim, and without prejudice to the rights of the Debtors in any other context, each claim within a class of claims entitled to vote to accept or reject the Plan is temporarily allowed in an amount equal to the amount of such claim as set forth in the Schedules subject to the following exceptions (unless expressly waived by the Debtors)

a. If a claim is deemed allowed under the Plan, such claim is allowed for voting purposes in the deemed allowed amount set forth in the Plan;

b. If a proof of claim was timely filed in an amount that is liquidated, non-contingent, and undisputed, such claim is temporarily allowed in the amount set forth on the proof of claim, unless such claim is disputed as set forth in subparagraph (f) below;

c. If a claim for which a proof of claim has been timely filed is wholly contingent, unliquidated, disputed, unknown, or undetermined such claim is accorded one vote and valued at one dollar ($1.00) for voting purposes only, and not for purposes of allowance or distribution, unless such claim is disputed as set forth in subparagraph (f) below;

d. If a claim has been estimated or otherwise allowed for voting purposes by order of the Court, such claim is temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

e. If a claim is listed in the Schedules or on a timely filed proof of claim as contingent, unliquidated, or disputed in part, such claim is temporarily allowed in the amount that is liquidated, non-contingent, and undisputed for voting purposes only, and not for purposes of allowance or distribution, unless such claim is disputed as set forth in subparagraph (f) below;

f. If the Debtors have filed an objection or request for estimation as to a claim on or before June 24, 2010, such claim is temporarily disallowed (to the extent provided in the objection or request) for voting purposes only and not for purposes of allowance or distribution, except as ordered by the Court before the Voting Deadline; and

Unless temporarily allowed for voting purposes by the Court, if a proof of claim asserts a claim that is not in U.S. dollars, such claim will be treated as unliquidated and allowed for voting purposes only in the amount of $1.00.

(8) If any creditor seeks to challenge the allowance of its claim for voting purposes, the creditor shall file with this Court (with a copy to Chambers) a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such claim for voting purposes in a different amount on or before June 29, 2010. Upon the filing of any such motion, the creditor's Ballot shall not be counted unless temporarily allowed by an order of this Court entered prior to, or concurrent with, entry of an order confirming the Plan.

**Voting Record Date**

**\*5** (9) The Record Date is set as June 17, 2010. Only holders of Claims as of the Record Date shall be entitled to vote to accept or reject the Plan.

**Solicitation Packages**

(10) The Solicitation Packages are APPROVED.

(11) Within five (5) business days of the date of entry of this Order, or as soon as reasonably practicable thereafter, the Debtors shall mail, or cause to be mailed, the Solicitation Packages, as described below, to those parties entitled to receive notice of the Confirmation Hearing as provided in the Court's case management order as well as Bankruptcy Rule 2002.

(12) Solicitation Packages shall contain

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

(a) Notice of the Confirmation Hearing; AND

(b) a letter from the Creditors' Committee, attached hereto as "*Exhibit 10;* " AND

(c) to Voting Creditors;

(a) this Order (without attachments);

(b) the Disclosure Statement (which shall contain a copy of the Plan); and

(c) a Ballot; *or*

(d) to Non–Voting Creditors or Interest Holders, a Notice of Non–Voting Status.

(13) The Debtors are not required to distribute copies of the Plan or Disclosure Statement to holders of claims against or interests in the Debtors within a class under the Plan that is deemed to accept or reject the Plan under section 1126(f) or (g) of the Bankruptcy Code, unless a party makes a specific request to the Debtors in writing for the same.

(14) The Debtors are authorized, but not required, to send the Solicitation Packages in a CD–ROM format instead of printed hard copies; provided that the Debtors provide printed hard copies upon the request of those Voting Creditors that received a CD–ROM.

(15) The Debtors are excused from mailing Solicitation Packages or any other materials related to voting or confirmation of the Plan to those entities listed at such addresses from which the Debtors have received previous notices returned as undeliverable by the United States Postal Service, unless the Debtors are provided with accurate addresses for such entities before the Solicitation Date. Failure to mail Solicitation Packages or any other materials related to voting or confirmation of the Plan to such entities will not constitute inadequate notice of the Confirmation Hearing or the Voting Deadline (as defined below) and shall not constitute a violation of Bankruptcy Rule 3017(d).

(16) The Debtors are authorized to distribute the Solicitation Packages without the Plan Supplement and are directed to file the Plan Supplement with the Court by July 1, 2010 and serve the Plan Supplement on (a) the Office of the United States Trustee for the Southern District of New York; (b) counsel to the Official Committee of Unsecured Creditors; (c) counsel to the Special Servicer and Successor Trustee; (d) the Securities and Exchange Commission; and (e) all parties who have requested notice in these chapter 11 cases. After it is filed, the Plan Supplement will be available for review at www.kccllc.net/extendedstay.

**\*6** (17) The Debtors are authorized to make non-substantive changes to the Disclosure Statement, the Plan, and related materials without further order of the Court, provided that such changes are consistent with the Investment Agreement.

**Notices of Non–Voting Status**
    (18) The Notices of Non–Voting Status, attached hereto as "*Exhibit 2* " and "*Exhibit 3,*" are APPROVED, and the Debtors are authorized to send such notices to the holders of Claims and Interests in the Non–Voting Unimpaired Classes and the Non–Voting Impaired Classes, respectively.

**Ballots**
    (19) The form of Ballots, attached hereto as "*Exhibit 4,*" "*Exhibit 5,*" "*Exhibit 6,*" "*Exhibit 7,*" and "*Exhibit 8* " are APPROVED.

    (20) The Debtors shall send the Mortgage Claim Ballot to the holder of the Mortgage Facility Claim in Class 2.

    (21) The Debtors shall send the ESA UD Mortgage Claim Ballot to the holder of the ESA UD Mortgage Claim in Class 3.

    (22) The Debtors shall send the Mortgage Facility Deficiency Ballot to the holder of the Mortgage Facility Deficiency Claim in Class 4A.

    (23) The Debtors shall send the Mezzanine Facilities Claim Ballot to the Special Servicer and

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

holders of the Mezzanine Facilities Claims in Class 4B.

(24) The Debtors shall send the General Unsecured Claims Ballot to the holders of the General Unsecured Claims in Class 5.

**The Voting Deadline**

(25) The Voting Deadline is July 7, 2010 at 4:00 p.m. (Eastern Standard Time).

(26) To be counted, a Ballot must be properly executed, completed, and delivered to KCC by first-class mail, overnight courier, or personal delivery such that the Ballot is actually received by KCC by the Voting Deadline.

**Tabulation Procedures**

(27) The following tabulation procedures are APPROVED

a. if a creditor casts more than one Ballot voting the same claim(s) before the Voting Deadline, the last Ballot received before the Voting Deadline shall be deemed to reflect the voter's intent, and thus, shall supersede any prior Ballots;

b. if a creditor casts a Ballot that is properly completed, executed, and timely returned to KCC but (i) does not indicate either an acceptance or rejection of the Plan, or (ii) indicates both an acceptance and a rejection of the Plan, the Ballot shall be deemed to reflect the voter's intent to accept the Plan;

c. the following Ballots shall not be counted

(i) in the absence of any written extension of the Voting Deadline granted by the Debtors, with the consent of the Successful Bidder, any Ballot received after the Voting Deadline;

(ii) any Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

(iii) any Ballot cast by a person or entity that does not hold a claim in a class that is entitled to vote to accept or reject the Plan;

(iv) any unsigned Ballot; or

(v) any Ballot transmitted to KCC by facsimile, telecopy, other means of electronic transmission, or any means other than those expressly approved herein;

**\*7** d. if a party that is entitled to vote has more than one claim within the same class against one or more of the Debtors based upon different transactions, said party shall be entitled to one vote for numerosity purposes in the aggregate dollar amount of all of said claims;

e. notwithstanding anything to the contrary contained herein, any creditor who has scheduled, filed or purchased (i) duplicate claims (whether against the same or multiple Debtors) or (ii) claims against multiple Debtors arising from the same transaction (e.g., guarantee claims or claims for joint or several liability), shall be provided with only one Solicitation Package and one ballot and be permitted to vote only a single claim for numerosity purposes in a dollar amount based upon its claim against one of the Debtors, regardless of whether the Debtors have objected to such duplicate claims.

(28) With respect to transfers of claims filed pursuant to Bankruptcy Rule 3001, the holder of a claim as of the Record Date shall be the transferor of such claim and entitled to cast the ballot with respect to that claim unless the documentation evidencing such transfer was docketed by the Court on or before twenty-one (21) days prior to the Record Date and no timely objection with respect to such transfer was filed by the transferor.

(29) KCC is authorized (but is not required to) contact parties that submit incomplete or otherwise deficient ballots to cure such deficiencies. The Debtors are authorized, with the consent of the C/P/B Investors (which consent shall not be unreason-

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

ably withheld), to waive any such deficiencies in their discretion based upon the facts and circumstances in connection therewith.

**Confirmation Hearing**

(28) The Confirmation Hearing is scheduled for July 20, 2010 at 10:00 a.m. (Eastern Standard Time); provided, however, that the Confirmation Hearing may be adjourned or continued from time to time by the Court or the Debtors without further notice to any other party other than by announcing such adjournment in open Court or by indication in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Court

(31) The Notice of the Confirmation Hearing, attached hereto as "*Exhibit 9*" is APPROVED.

**Plan Confirmation Objections**

(32) The Plan Objection Deadline, by which parties in interest may, object or respond to confirmation of the Plan shall be July 13, 2010 at 4:00 p.m. (Eastern Standard Time).

(33) Objections and responses, if any, to confirmation of the Plan, must (a) be in writing, (b) conform to the Bankruptcy Rules, the Local Rules, and any case management orders in these chapter 11 cases, (c) set forth the name of the objecting party, the nature and amount of claims or interests held or asserted by the objecting party against the Debtors' estates or property, and (d) provide the basis for the objection and the specific grounds therefor.

(34) Registered users of the Bankruptcy Court's case filing system must electronically file their objections and responses. All other parties in interest must file their objections and responses on a 3.5 inch floppy disk, preferably in Portable Document Format (PDF), Microsoft Word or any other Windows-based word processing format (with a hard copy delivered directly to the Chambers of the Honorable James M. Peck), in accordance with General Order M–242.

*8 (35) Any objections or responses must also be served upon and received by the Notice Parties no later than the Plan Objection Deadline.

(36) The Debtors may file and serve replies or an omnibus reply to any such objections no later than 12:00 p.m. (Eastern Standard Time) two (2) business days prior to the Confirmation Hearing.

**Miscellaneous**

(37) The Debtors are authorized, in their sole discretion, to take or refrain from taking any action necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further order of the Court.

(38) Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry.

(39) This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Bkrtcy.S.D.N.Y.,2010.
In re Extended Stay Inc.
Not Reported in B.R., 2010 WL 2824571 (Bkrtcy.S.D.N.Y.)

END OF DOCUMENT

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.