UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: RESIDENTIAL CAPITAL, et al., Debtors }   CHAPTER 11
} 12-12020 (MG)
} (Jointly Administered)

JUN - 8 2012
U.S. BANKRUPTCY COURT
SO DIST OF NEW YORK

## COMBINED
## STATEMENT
## REAFFIRMATION AGREEMENT

COMES NOW, Janice Marie Montgomery, Pro Se, (DIP), pursuant to §1220 Reaffirmation of Debts (11 U.S.C. §§521,524; Fed.R.Bankr.P. 4008).

In support of the above citation, I am providing the following account:

1. My primary residence & homestead located at 2607 N. Shartel Avenue, Oklahoma City, OK was foreclosed on without my knowledge or consent.

2. The interest rate was absorbent and violated the "Due on Sale Clause".

3. Modification was denied.

4. Predatory Lending.

5. Credit Destroyed by Lendor(s).

6. Mortgage sold without my consent to the following; (that I am aware of):

    A. GMAC MORTGAGE

    B. OCWEN LOAN SERVICING, LLC

    C. RFC-PIA

    D. SEBRING CAPITAL

    E. LITTON LOAN SERVICING

    F. MIDLAND CREDIT

    G. RESIDENTIAL FUNDING

    H. ENCORE CAPITAL GROUP INC.

    I. MIDLAND FUNDING, LLC

7. The original Loan Amount: $80,750.00 original Money Received: $73,247.22 Interest rate; 9.8% adjustable.

8. Bad Loan.

9. Un-enforced Shortages/Damages denied me which caused indebtness and distress. CHILD SUPPORT: $78,000-(2 sources), FARMERS SETTLEMENT: $50,000, PARENTS ESTATE: $20,000, to name a few.

10. Owe more than property is worth. According to GMAC-Account #0810038914-Total debt: $123,446.35

11. Property distressed and in need of repairs. Repairs total: $226,000. I believe the resolution of this is subject to the rehabilitation protected by Paseo's historic rules and regulations.
****SUBJECT TO REVISION****

12. I need Warranty Deed.

13. Several sale dates: 11/23/2010-Apraised Value; $45,000 2/3 $30,000-see attached

Wherefore, having set forth constitutional premises and guarantees-Due Process and Equal protection of the law, I pray that this be resolved in my favor.

## CERTIFICATE OF MAILING

I certify that I mailed a true and correct copy of the above foregoing **COMBINED STATEMENT REAFFIRMATION AGREEMENT**, with postage thereon June 5th, 2012 to all listed.

**GMAC**-3451 Hammond Avenue, P.O. Box 780, Waterloo, IA  50704-0780
**FSA** – Karl D. Nail & Ginger Lyde – 1328 Cradduck Road, Ada, OK  74820
**SYLVESTER RICE** – 804 SE 10th Street, Topeka, KS  66607
**OK ATTORNEY GENERAL'S OFFICE – Attn:  Public Protection Unit-Mortgage Foreclosure Claim Form**-313 NE 21st Street, OKC, OK  73105
**DHS-CHILD SUPPORT ENFORCEMENT**-P.O. Box 268876, OKC, OK  73126-8876
**EQUIFAX**- P.O. Box 740241, Atlanta, GA  30374-0241
**TRANS UNION** – 555 W. Adams, Chicago, IL 60661
**EXPERIAN** – P.O. Box 2002 Allen, TX  75013-00036

June 5, 2012

RE:  12-12020 (MG)

Dear court clerk,

Please send me a copy of the Notice Procedures Order and all other documents filed electronically including lists of the debtor's property, debts and the list claimed as exempt.

Truly Yours,

Janice Montgomery- (DIP), Pro Se
2607 N. Shartel Avenue
Oklahoma City, OK  73103
(405) 521-9947

Cc:
**FSA –** Karl D. Nail & Ginger Lyde – 1328 Cradduck Road, Ada, OK  74820
**SYLVESTER RICE –** 804 SE 10th Street, Topeka, KS  66607
**OK ATTORNEY GENERAL'S OFFICE – Attn:  Public Protection Unit-Mortgage Foreclosure Claim Form-**313 NE 21st Street, OKC, OK  73105

June 5, 2012


Equifax
P.O. Box 74241
Atlanta, GA  30374-0241
800-685-1111


Dear Equifax,

Please correct my credit history according to the "Fair Debt Collection Act".


Truly Yours,

Janice Marie Montgomery
XXX XX 7073
2607 N. Shartel Avenue
Oklahoma City, OK  73103
(405) 521-9947


Cc: **GMAC**-3451 Hammond Avenue, P.O. Box 780, Waterloo, IA  50704-0780
**FSA** – Karl D. Nail & Ginger Lyde – 1328 Cradduck Road, Ada, OK  74820
**SYLVESTER RICE** – 804 SE 10th Street, Topeka, KS  66607
**OK ATTORNEY GENERAL'S OFFICE – Attn:  Public Protection Unit-Mortgage Foreclosure Claim
Form**-313 NE 21st Street, OKC, OK  73105

June 5, 2012

**EXPERIAN**
P.O. Box 2002
Allen, TX  75013-00036

Dear Experian,

Please correct my credit history according to the "Fair Debt Collection Act".

Truly Yours,

Janice Marie Montgomery
XXX XX 7073
2607 N. Shartel Avenue
Oklahoma City, OK  73103
(405) 521-9947

Cc:  **GMAC**-3451 Hammond Avenue, P.O. Box 780, Waterloo, IA  50704-0780
**FSA** – Karl D. Nail & Ginger Lyde – 1328 Cradduck Road, Ada, OK  74820
**SYLVESTER RICE** – 804 SE 10th Street, Topeka, KS  66607
**OK ATTORNEY GENERAL'S OFFICE – Attn:  Public Protection Unit-Mortgage Foreclosure Claim
Form-**313 NE 21st Street, OKC, OK  73105

June 5, 2012

**TRANS UNION**
555 W. Adams
Chicago, IL 60661

Dear Transunion,

Please correct my credit history according to the "Fair Debt Collection Act".

Truly Yours,

Janice Marie Montgomery
XXX XX 7073
2607 N. Shartel Avenue
Oklahoma City, OK  73103
(405) 521-9947

Cc: **GMAC**-3451 Hammond Avenue, P.O. Box 780, Waterloo, IA  50704-0780
**FSA** – Karl D. Nail & Ginger Lyde – 1328 Cradduck Road, Ada, OK  74820
**SYLVESTER RICE** – 804 SE 10th Street, Topeka, KS  66607
**OK ATTORNEY GENERAL'S OFFICE – Attn:  Public Protection Unit-Mortgage Foreclosure Claim
Form**-313 NE 21st Street, OKC, OK  73105
**Clerk of the United States Bankruptcy Court – Southern District New York**– One Bowling Green, NY, NY
10004

## MORTGAGE FORECLOSURE RESTITUTION CLAIM FORM

A settlement fund has been established to compensate Oklahomans for certain unlawful bank practices relating to the servicing and foreclosure of mortgages. If you have recently gone through a foreclosure or modification process involving your home mortgage, you may be eligible for a payment from this fund.

If you wish to be considered for a payment from this fund, please complete the questionnaire below.* Please note, however, that only Oklahoma residents submitting claim forms related to their primary residence will be eligible for payment. In addition, incomplete questionnaires will not be considered.

**For each of the following questions, please check the appropriate box.**

1.    **YES    NO**

    ☐    ☒    I lost my primary residence to foreclosure on a date between January 1, 2008 and December 31, 2011. (Check "yes" ONLY if the home that was foreclosed was your primary residence AND the foreclosure sale occurred on a date within this timeframe.)

If you answered yes to the first question, please answer each of the following questions, as it relates to this foreclosure:

2.    **YES    NO**

    ☒    ☐    I applied for a mortgage loan modification and the bank/servicing company mishandled my application or pursued foreclosure of my loan while the modification application was pending or approved. *If so, please check the box that applies to you:*

        ☒    I actively attempted to apply for a loan modification but my bank/servicing company did not respond or assist me and my application was not acted upon.

        ☒    I applied for a loan modification but my bank/servicing company failed to act on my application before foreclosure.

        ☐    I applied for a loan modification but my bank/servicing company turned me down due to errors on the part of my bank/servicing company.

☐    I was making payments under a trial modification but I was put into foreclosure anyway.

☐    I was current on my mortgage payments but was told to quit making payments for 90 days in order to qualify for a modification.

☒    Other errors occurred with regard to the handling of my loan modification application. Please identify or describe such errors:

*They sold my mortage without my permission 8-9 times. They violated my civil rights. I supposedly won a lottery to pay the mortage off in full. They asked me to send in a lot of personal info within 48 hours - I did. They called back + said there are other questions and I don't have enough time to satisfy the additional requirements I was denied again.*

3.    YES    NO

☒    ☐    The bank/servicing company made errors in the foreclosure process or in the process leading up to foreclosure that affected my ability to retain my home. *If so, please check the box that applies to you:*

☒    I was overcharged for fees that contributed to my delinquency in payments.

☐    Payments were misapplied or there were other payment accounting errors by my bank/servicing company which caused or contributed to my delinquency or foreclosure.

☐    I was provided with inaccurate payment information which caused or contributed to my delinquency or foreclosure.

☒    There were significant errors or misconduct in the foreclosure process that affected my ability to retain my home. (For example, failure to receive proper notice of foreclosure, inaccurate information in foreclosure documents, improperly executed or otherwise defective foreclosure documents, improper court filings, or other mishandling of the foreclosure process by the servicing bank or its attorneys.) Please identify or describe such errors:

I swear and attest under penalty of perjury that my responses to the foregoing are true and accurate to the best of my knowledge and belief.

_Janice Montgomery_ (signature)
Borrower (Signed)                                    Co-Borrower (if any) (Signed)

JANICE MONTGOMERY
Print Name Here                                      Print Name Here

2607 N Shartel Ave
OKC, OK 73103
Mailing Address                                      Mailing Address

Janicekmulgee@yahoo.com
E-mail Address

(405) 521-9997
Telephone Number                                    Telephone Number

5/22/12
Date                                                 Date

You must provide copies of all documentation, information, correspondence, communications and court filings which support your answers to this questionnaire.

Please note that by completing this form, you are attesting to the truth and accuracy of the information provided. Receipt of any payment based on false or incorrect information may subject you to both civil liability and criminal penalties for perjury.

*Please note that by accepting payment through this settlement, you are not releasing any claims you may have regarding your mortgage or the foreclosure of your loan. However, a payment received from this settlement may reduce, by the amount of this payment, any additional compensation you receive relating to the misconduct alleged in this claim form.

Please fill out the claim form and return to our office at:

Oklahoma Attorney General's Office
Attn: Public Protection Unit
Mortgage Foreclosure Claim Form
313 NE 21st Street
Oklahoma City, Oklahoma 73105

**YOU MAY BE ENTITLED TO MONEY**
**A Federal court authorized this notice.**
**This is not a solicitation from a lawyer.**

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OHIO WESTERN DIVISION

**If Midland Credit Management, Inc., Midland Funding, LLC, or**
**Encore Capital Group, Inc., or their affiliates, filed a lawsuit against you,**
**you may benefit from this class action settlement.**

The case is titled: *Midland Funding, LLC v. Andrea Brent v. Midland Credit Management, Inc.* Case No.
3:08-cv-01434;
and related cases:
*Martha Vassalle, et al v. Midland Funding, LLC, et al,* Case No. 3:11-cv-0096; and
*Hope Franklin and Thomas Hyder v. Midland Funding, LLC et al,* Case No. 3:10-cv-0091

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT**

| | |
|---|---|
| **SUBMIT A CLAIM FORM BY JUNE 1, 2011** | If you submit a claim form via mail or online at **www.BrentSettlement.com** by **June 1, 2011**, you will remain in the settlement class and you will be entitled to receive a cash payment from the settlement fund. |
| **DO NOTHING BUT STAY IN THE SETTLEMENT** | By doing nothing you will still be bound by the terms of the settlement agreement and any order the Court issues, but you will NOT receive a cash payment. |
| **EXCLUDE YOURSELF** | You will receive no benefits, but you will not be giving up your legal claims against the defendant. |
| **OBJECT** | Write to the Court about why you do not like the settlement. You may also appear at the fairness hearing. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |

**These rights and options and the deadlines to exercise them are explained below.**

**1.    Why did I get this Notice?**

Andrea Brent, Hope Franklin, Martha Vassalle and Jerome Johnson (collectively "Plaintiffs"), filed class action lawsuits alleging that Defendants, Midland Credit Management, Inc., Midland Funding, LLC and Encore Capitol Group, Inc. (collectively "Defendants" or "Midland"), violated the Fair Debt Collection Practices Act, ("FDCPA"), as well as state common law and consumer statutes (also collectively "the Law"), by filing lawsuits against Plaintiffs with an affidavit that allegedly contained false information. You received this notice because you have been identified from the Defendants' records as a person whom Defendants filed a lawsuit that may have included an affidavit between January 1, 2005 and March 11, 2011.

# IN THE UNITED STATES OF DISTRICT COURT

## FOR THE NOIRTHERN DRISTRICT OF OHIO WESTERN DIVISION

Encore Capital Group Inc.

Midland Credit Management, Inc.,

Midland Funding, LLC

Defendants et al

3:08-cv-01434 and related cases:

3:11-cv-0096 and 3:10-cv-0091

Vs

Hope Franklin, & Thomas Hyder,

Martha Vassalle & Andrea Brent

Plaintiffs, et al

## **OBJECTION**

Comes Now, Janice Marie Montgomery, Pro Se, declares Midland Credit Management, Inc., et al, defendant violated the "Due on Sale Clause, 7th and 14th amendment. *does not justify settlement w/ Appraisal of Property*

*constitution*

The $10 per class member fee will not satisfy my loss pertaining to said property at: 2607 N. Shartel, Oklahoma City, OK 73103.

Therefore, I ask the court for additional funds to remedy the damages imposed.

Humbly Submitted,

*Janice Montgomery*

Janice Montgomery
(918) 805-4610

Mailing Address:     706 N. Prairie Ave.
Okmulgee, OK  74447

Property of Loss:

2607 N. Shartel Avenue
Oklahoma City, OK  73103

*certify of mailing ternology*

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF OKLAHOMA

IN RE:  JANICE MARIE MONTGOMERY,      }      FILED
                                      }      0911711-NLJ
                                      }      CHAPTER 11
                                      }      2009 JUL 16  A 10: 08

## MOTION TO REHEAR

COMES NOW Janice Marie Montgomery PRO SE (DIP), and petition the court to rehear
and reconsider denial of core issues of the above case.
In support thereto submit the following:

    a.  The judge perfected bias in his decision to convert the CH 11 to CH 13.
    b.  The judge and the trustee prejudiced my case by disregarding my unusual
        circumstances.
    c.  This entire bankruptcy process is void up to this point of due process and equal
        protection and in violation of the 1st Amendment to the U.S. constitution.
    d.  The entire judicial process crosses the threshold of the Critical Legal Studies.

Wherefore, I request this process be reversed.

## CERTIFICATE OF MAILING

I hereby certify that I mailed a true and correct copy of the above and foregoing MOTION TO REHEAR,
with postage thereon fully prepaid, on July 16, 2009 to all listed on the original matrix.:

Litton Loan Servicing LP P.O. Box 829009 Dallas, TX 75382
Recovery Management Systems 25 SE 2nd Ave. Ingraham Building Suite 1120 Miami, FL 33131-1605
AT&T1010 Pine St.,6th floor, St Louis, MO63101-2015
Atlas Finance 3505 N. Classen Blvd, OKC, OK 73105
Credit Collections 2915 N. Classen, OKC, OK 73106
Residential Funding P.O. Box 18486 OKC, OK 73154

Respectfully submitted:

Janice Montgomery Pro Se (DIP)
2607 N. Shartel Avenue
Oklahoma City, OK 73103
(405) 521-9947

## MicroMerge Credit Profile

PROVIDED FOR

## USDA Farm Service Agency

100 USDA
Stillwater, Oklahoma 74074
405-742-1130

DATE 02/24/12 SOURCES ☑ EQUIFAX ☑ EXPERIAN ☑ TRANS UNION

| APPLICATION DATA | |
|---|---|
| **APPLICANT** | NAME  MONTGOMERY, JANICE M    SOCIAL  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<br>ADDRESS  2607 N SHARTEL AVE , OKLAHOMA CITY OK 73103 |

### PUBLIC RECORDS

| | | | |
|---|---|---|---|
| COURT | **US BKPT CT OK OKLA C** | AMOUNT | **$0** |
| PLAINTIFF | I | FILED | 02/10 |
| TYPE | Chapter 7 bankruptcy discharged | PAID | 02/12 |
| | | | EQUIFAX |
| REF NO. | 107670212 | REPORTED BY | EXPERIAN TRANS UNION |
| COURT | **US BKPT CT OK OKLA C** | AMOUNT | **$0** |
| PLAINTIFF | I | FILED | 04/09 |
| TYPE | Chapter 13 bankruptcy dismissed | PAID | 08/09 |
| | | | EQUIFAX |
| REF NO. | 911711 | REPORTED BY | EXPERIAN TRANS UNION |
| COURT | **OKLAHOMA CTY JD7SC** | AMOUNT | **$1365** |
| PLAINTIFF | MIDLAND CREDIT MANAGEMENT | FILED | 01/06 |
| TYPE | Legal Item | PAID | 12/06 |
| | | | EQUIFAX |
| REF NO. | 20058274 | REPORTED BY | EXPERIAN |

### SCORE MODELS

APPLICANT (AVG 590 )

| | | |
|---|---|---|
| SCORECARD<br>REASONS | **EQUIFAX BEACON**<br>Serious delinquency, and derogatory public record or collection filed<br>Number of accounts with delinquency<br>Length of time accounts have been established<br>Time since delinquency is too recent or unknown | 581 |
| SCORECARD<br>REASONS | Risk Based Pricing Compliance<br>**EXPERIAN Experian/Fair Isaac Risk Model V2**<br>Serious delinquency and public record or collection filed<br>Length of time (or unknown time) since account delinquent<br>Number of accounts delinquent<br>Insufficient or lack of revolving accounts information | 598 |

### CREDIT

| E<br>G<br>O<br>A | CREDITOR<br>ACCOUNT NUMBER | REPORTED<br>OPENED | HIGH<br>CREDIT | BALANCE | PAST DUE | MO PAYM<br>TERMS | MONS<br>RATED | 30 \| 60 \| 90+<br>PAYMENT PATTERN | T<br>Y<br>P<br>E |
|---|---|---|---|---|---|---|---|---|---|
| I | SALLIE MAE<br>98629415191001020040<br>**EQUIFAX EXPERIAN TRANS UNION** | 01/12<br>03/04 | $28316 | $45205 | $0<br>- | 244 | 95 | 0x30 0x60 2x90<br>11----------<br>------------ | I1 |

AT: Installment (fixed number of payments).
TT: Education Loan

KB:Student Loans
SD:Pays account as agreed
OD:Individual
N1:Student loan has been assumed by another party

I SALLIE MAE
98629415191001320080          10/10          $3019     CLOSED      -          0x30 0x60 4x90
**EQUIFAX EXPERIAN TRANS**     03/08                               -  10 Yrs   33   9---------55      I9
UNION                                                                   54111-----11
AT:Installment (fixed number of payments).
TT:Education Loan
KB:Student Loans
SD:Bad debt, placed for collection
OD:Individual
N1:Transferred to another lender or claim purchased

12/09 - I5, 11/09 - I5, 10/09 - I5, 09/09 - I4

I SALLIE MAE
98629415191001220080          10/10          $8500     CLOSED      -          0x30 0x60 4x90
**EQUIFAX EXPERIAN TRANS**     03/08                               -  10 Yrs   33   9---------55      I9
UNION                                                                   54111-----11
AT:Installment (fixed number of payments).
TT:Education Loan
KB:Student Loans
SD:Bad debt, placed for collection
OD:Individual
N1:Transferred to another lender or claim purchased

12/09 - I5, 11/09 - I5, 10/09 - I5, 09/09 - I4

I CENTRAL STATE RECOVE
5409413                        02/12          $233      CLOSED      -               15   9-----------       I9
**EQUIFAX EXPERIAN TRANS**     08/10                                                    --9
UNION
AT:Installment (fixed number of payments).
TT:Collection Department/Agency/Attorney
KB:Other Collection Agencies
SD:Bad debt, placed for collection
OD:Individual

I BK OF AMER
4407470732                     01/12          $9699     CLOSED      $0
**EQUIFAX TRANS UNION**        03/08                               -                                    I1
AT:Installment (fixed number of payments).
TT:Student Loan
KB:Banks and S and Ls
SD:Pays account as agreed
OD:Individual
N1:Included in bankruptcy

I LITONMTGSV
1903                           10/11          $80750    CLOSED      $924         58   4x30 4x60 25x90   I5
**EQUIFAX**                    10/06
AT:Installment (fixed number of payments).
TT:Mortgage Cos.
SD:120 days past due
OD:Individual
N1:ACCOUNT TRANSFERRED OR SOLD
N2:REAL ESTATE MORTGAGE
07/10 - I5, 06/10 - I5, 01/10 - I5

I
LITTON LOAN SERVICIN          10/11                     CLOSED      $0          3x30 4x60 6x90

*[handwritten: Student Loan]*

*[handwritten: I don't know what this is.]*

19036656                          10/06        $80750      -   30 Yrs        56    ------------        IO
**EXPERIAN TRANS UNION**                                                          ---55----888
AT:Installment (fixed number of payments).
TT:Conventional Real Estate Loan, Including Purchase Money First
KB:Finance Companies Non-Specific
SD:No rating
OD:Individual
N1:Transferred to another lender or claim purchased

07/10 - I5, 06/10 - I5


O ALLIED INT                      11/05        $100       CLOSED    -                              OO
82387988                          09/05                           -      -        -
**TRANS UNION**
AT:Open Account (30, 60, or 90 day account).
KB:Collection services
SD:No rating
N2:Chapter 7 bankruptcy

## CREDIT SUMMARY

|              | COUNT | W/BAL | BALANCE  | PAYMENTS | PASTDUE | 30 | 60 | 90 | LAST LATE |
|--------------|-------|-------|----------|----------|---------|----|----|-----|-----------|
| MORTGAGE     | 1     | 0     | 0        | 0        | 0       | 3  | 4  | 6   | 07/10     |
| INSTALLMENT  | 2     | 1     | 45,205   | 924      | 0       | 4  | 4  | 27  | 07/10     |
| REVOLVING    | 0     | 0     | 0        | 0        | 0       | 0  | 0  | 0   |           |
| COLLECTION   | 0     | 0     | 0        | 0        | 0       | 0  | 0  | 0   |           |
| OTHER        | 0     | 0     | 0        | 0        | 0       | 0  | 0  | 0   |           |
| TOTAL        | 3     | 1     | $45,205  | $924     | $0      | 7  | 8  | 33  |           |

| PAID AS AGREED   | 1 | LIENS              | 0 |
|------------------|---|--------------------|---|
| CURR DELINQUENT  | 1 | JUDGEMENTS         | 1 |
| TOTAL DELINQUENT | 2 | FORECLOSURES       | 0 |
| INQUIRES         | 1 | BANKRUPTCIES       | 2 |
| PUBLIC RECORDS   | 3 | GARNISHMENTS       | 0 |
|                  |   | OTHER PUBLIC RECORDS | 0 |

**0% Available**

## Address

APPLICANT

| ADDRESS | 2607 N SHARTEL AVE      | City,State,Zip | OKLAHO CITY, OK 73103 | Date | 02/12 |
|---------|-------------------------|----------------|------------------------|------|-------|
| ADDRESS | 504 NW 32ND ST          | City,State,Zip | OKLAHO CITY, OK 73118 | Date | 04/09 |
| ADDRESS | 3388 W ROBINSON ST APT 5| City,State,Zip | NORMAN OK 73072       | Date | 04/09 |

## EMPLOYMENT

APPLICANT

| COMPANY NAME | J                  | OCCUPATION      |           |
|--------------|--------------------|-----------------|-----------|
| DATE HIRED   |                    | SEPARATION DATE |           |
| INCOME       |                    |                 |           |

| COMPANY NAME | CANDID COLOR SYSTEMS | OCCUPATION      | MARKETING |
|--------------|----------------------|-----------------|-----------|
| DATE HIRED   |                      | SEPARATION DATE |           |
| INCOME       |                      |                 |           |

| COMPANY NAME | BOK | OCCUPATION      |  |
|--------------|-----|-----------------|--|
| DATE HIRED   |     | SEPARATION DATE |  |
| INCOME       |     |                 |  |

| COMPANY NAME | MONTGOMERY ARTS | | OCCUPATION | OWNER |
| DATE HIRED | | | SEPARATION DATE | |
| INCOME | | | | |

| COMPANY NAME | CLEAR CHANNEL NETWORKS | | OCCUPATION | |
| DATE HIRED | | | SEPARATION DATE | |
| INCOME | | | | |

## ACCOUNT DETAIL

| NUMBER | NAME | PHONE | ADDRESS |
|--------|------|-------|---------|
| 180BB24241 | ACS/BANK OF AMERICA | 8008354611 | |
| 845FZ00120 | SALLIE MAE | | |
| 605FM50178 | LITTON MTG SERVICE C | 7139609676 | |
| 484BB04591 | CAPITAL ONE BANK USA | | |
| 1214383 | CAP ONE | | PO BOX 30281<br>SALT LAKE CITY, UT 84130 |
| 2980366 | CENTRAL STATE RECOVE | 6206638811 | 1314 N MAIN ST<br>HUTCHINSON, KS 67501 |
| 2800574 | LIBERTY SAVINGS BANK | 5133939979 | 2251 ROMBACH AVE<br>WILMINGTON, OH 45177 |
| 3900947 | LITTON LOAN SERVICIN | 7139609676 | 4828 LOOP CENTRAL DR<br>HOUSTON, TX 77081 |
| 3013320 | OKLAHOMA CTY JD7SC | BYMAILONLY | 320 ROBERT S KERR AVE ST<br>OKLAHOMA CITY, OK 73102 |
| 1993837 | SALLIE MAE | BYMAILONLY | PO BOX 9500<br>WILKES BARRE, PA 18773 |
| 1993670 | SALLIE MAE SERVICING | 8507677000 | 1002 ARTHUR DR<br>LYNN HAVEN, FL 32444 |
| 1351440 | SEARS/CBSD | BYMAILONLY | PO BOX 6189<br>SIOUX FALLS, SD 57117 |
| 2903052 | THE UNIVERSITY OF OK | 4053253121 | 1000 ASP AVE RM 105<br>NORMAN, OK 73019 |
| 3003318 | US BKPT CT OK OKLA C | 4052315141 | 320 ROBERT S KERR AVE<br>OKLAHOMA CITY, OK 73102 |
| 05109563 | OKLAHOMA BK | 4052315141 | 215 DEAN A MCGEE A<br>OKLAHOMA CITY, OK 73102 |
| 06372038 | SALLIE MAE | | PO BOX 9500<br>WILKES BARRE, PA 18773 |
| 0163P0FC | BK OF AMER | 8008354611 | C/O ACS<br>UTICA, NY 13501 |
| 0752A001 | SM SERVICING | | 11100 USA PARKWAY<br>FISHERS, IN 46038 |
| 09823004 | LITTON LOAN | 8008889646 | 4828 LOOP CENTRAL<br>HOUSTON, TX 77081 |
| 01KPB001 | UNIV OF OKLA | 4053255876 | 1000 ASP<br>NORMAN, OK 73071 |
| 0548N004 | CER STS REC | 6206638811 | 1314 N MAIN<br>HUTCHINSON, KS 67501 |
| 0758M008 | ALLIED INT | 8003671822 | 435 FORD ROAD<br>MINNEAPOLIS, MN 55426 |
| 00851016 | US BANK | | 4325 17TH AVENUE S<br>FARGO, ND 58103 |
| 02699824 | CAP ONE | | PO BOX 30281<br>SALT LAKE CITY, UT 84130 |

06523410      BANNER FIN                        713 E 6TH ST
                                                OKMULGEE, OK 74447

| INQUIRIES | | | | |
|---|---|---|---|---|
| DATE | SUBSCRIBER NAME | TYPE | SUBSCRIBER NO. | AMOUNT |
| 02/24/12 | USDA-FSA | Government | 01225610 | |

| SOURCES |
|---|

EQUIFAX
P O BOX 740241
ATLANTA, GA 30374-0241
800-685-1111

EXPERIAN
P O BOX 2002
ALLEN, TX 75013-00036
888-397-3742

TRANS UNION
555 W. ADAMS
CHICAGO, IL 60661
312-258-1717

| MESSAGES |
|---|

APPLICANT

### *** EQUIFAX ***

Subject Former Name: JANICE MONTGOMERY
Subject Former Name: JANICE M JACKSON
INQR Subject's SSN is 440747073 Year Issued: ; State:

### *** EXPERIAN ***

0335 F 08TOO MANY INQUIRIES LAST 12 MONTHS

### *** TRANS UNION ***

SSN Match: Exact match between SSN on input and SSN on file
LOOK: Requested product delivered

This Residential Merged Credit Report is compliant with the standards as set forth by the FHA, FNMA, VA and FHLMC. The information contained herein has been obtained from sources deemed reliable, the accuracy of which the provider does not guarantee. This information has been furnished in response to an inquiry made for the purpose of evaluating a credit risk. The inquirer has agreed to indemnify the provider for any damage arising from misuse of this information and this report is furnished in reliance upon that indemnity. This report must be held in strict confidence and may be used online in accordance with the terms of the Fair Credit Reporting Act.

B18 (Official Form 18) (12/07) – Cont.

## EXPLANATION OF BANKRUPTCY DISCHARGE
## IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

### Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

### Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

### Debts That are Not Discharged

Some of the common types of debts which are <u>not</u> discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes;

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans.

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

✱ No Adversary complaints filed as of 5/30/12

# §1200 Introduction

There are three types of creditors: secured, unsecured and priority. Secured creditors hold collateral for a debt, such as liens on personal or real property. A creditor may hold three types of liens:

1. Consensual liens, such as a security agreement or UCC- I statement.
2. Statutory liens, such as a mechanics lien or tax lien.
3. Judicial lien, such as a judgment or garnishment.

Unsecured creditors have no collateral for their debt. Banks or financial institutions that issue credit cards such as MasterCard or Visa are often unsecured creditors.

# §1210 Creditors' and Debtors' Obligations

## §1211 Good Faith Negotiation (11 U.S.C. §502)

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 contains a provision that requires creditors to work with debtors to negotiate reasonable alternatives to their debt structure. If a creditor fails to negotiate with the debtor, the creditor may have its claim reduced by no more than 20 percent. To get the claim reduced, the debtor must file a motion with the court and be able to prove that the creditor unreasonably refused to negotiate an alternative repayment schedule proposed by an approved credit counseling agency on behalf of the debtor. The request to negotiate must be made at least 60 days before filing the petition and provide for repayment of at least 60 percent of the amount of the debt over the period of the loan.

## §1212 Noticing (11 U.S.C. §342)

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 contains a provision that allows creditors to receive prompt notice of a bankruptcy proceeding under Chapters 7 and 13. The notice must now contain the last 4 digits of the debtor's social security number. The requirement applies to Chapter 7 and 13 bankruptcies whose debts are primarily consumer debts.

If creditors provide individual debtors with at least two communications that states the debtor's current account number and the address at which the creditor requests to receive correspondence, then all notices will be sent to that address and will include the debtor's full account number. The two communications must be sent to the debtor within 90 days of filing the petition.

If the notice concerns an amendment that adds the creditor to the schedules, the debtor must include the full taxpayer identifier number to the creditor and only the last 4 digits of the taxpayer identification number with the copy of the notice filed with the court.

The new Act also provides that a creditor may designate a particular person or sub division of the company to receive all bankruptcy notices. To accomplish this, the creditor must file a notice of address in any bankruptcy court requesting that all notices in all Chapters 7 and 13 cases in which the creditor is involved be sent to a particular address. The clerk of the court is responsible for inserting the address in a country-wide database of creditor addresses that will be used by all bankruptcy courts.

If the notices are not sent to the creditor at the requested address, the creditor cannot be responsible for receiving notice. Therefore, a creditor cannot be penalized for violating the automatic stay if adequate notice was not received. The creditor will only be responsible for notices sent to the specified address.



## §1213  Provide Copies of Documents (11 U.S.C. §521)

*They are in ul*

A creditor may request copies of relevant documents pertaining to an individual debtor's Chapter 7 or 13 bankruptcy. Upon filing the request with the court, a Chapter 7 or 13 individual debtor must provide creditors with a copy of the petition, schedules and statement of financial affairs. The debtor must also provide the creditor with a copy of the tax return(s) filed with the trustee, or summary of the tax return. A creditor must file the request for a copy of the debtor's tax return 14 days before the meeting of creditors. A Chapter 13 debtor must also provide a creditor with a copy of the plan. The plan will be provided to the creditors within 7 days of the request at a reasonable cost to the creditor.



## §1220  Reaffirmation of Debts (11 U.S.C. §§521, 524; Fed.R.Bankr.P. 4008)

In some instances, a debtor may wish to reaffirm a debt. A debtor who wishes to retain possession of property that is secured by a lien may do so by reaffirming the debt and keeping payments current. The debtor may also redeem the property by paying the creditor the total amount owed on the contract.

Debts that are reaffirmed will not be discharged. However, many bankruptcy judges disfavor reaffirmation agreements and have adopted their own reaffirmation rules that make reaffirmation difficult. BAPCPA solved this problem by including new provisions that standardize the reaffirmation process.

Under BAPCPA, an individual Chapter 7 debtor may not retain property that is subject to a purchase money security interest simply by continuing the payments to the creditor. The debtor must reaffirm the debt, redeem or surrender the property.

### §1221  Disclosure Statement (11 U.S.C. §524)

A debtor must receive an extensive set of disclosures and take certain steps before making the decision to reaffirm a debt. If the debtor does not take the steps outlined in §524(k), the agreement will not be effective even though the debtor signs the disclosure statement.

A disclosure statement detailing the debtor's rights must be signed by the debtor and filed with the court. The disclosure statement must be clear and conspicuous, in a form the debtor may keep, and easily understood. The Act contains clear instructions on how the disclosure statement may be made clear.

The creditor must provide a disclosure statement that is part of the reaffirmation agreement. Therefore, the creditor normally prepares the agreement. The creditor must provide debtor with the following information:

- Amount of debt.
- Total of any fees and costs accrued as of the date of the disclosure statement.
- Rates of interest.
- Payment schedule.
- Filing requirements.
- Right to rescind.
- Statement that the agreement does not impose a hardship on the debtor.
- If the debt is secured by a security interest that has not been waived or avoided, the security interest must be disclosed listing the items and original purchase price that secures the debt.
- Statements concerning creditor options.
- Statement concerning making the decision to reaffirm a debt and the steps required before the final decision is reached.
- Consequences of missed payments.
- Effects of a lien on the property.
- Information regarding court approval of the agreement.

## §1222  Debtor's Statement in Support of Reaffirmation Agreement (11 U.S.C. §524, Fed.R.Bankr.P 4008) and Sample

Along with the disclosure statement and reaffirmation agreement, the debtor must file a statement disclosing the debtor's income, expenses as reported on Schedules I and J, and the balance available to pay the debt to be reaffirmed. If there is a difference between the sums indicated on Schedules I and J and this statement, the debtor must explain the difference. The Debtor's Statement in Support of Reaffirmation Agreement is part of the Agreement as shown in §1225.

If the statement indicates insufficient income to make the payments scheduled in the agreement, a presumption will arise that the agreement is an undue hardship on the debtor. This presumption period lasts for 60 days.

During this presumption period, the court will review the agreement and statement. If the debtor's statement indicates inadequate funds to make the payments, the debtor must include an explanation of how the debtor will pay the debt. If the debtor has not satisfied the court that the reaffirmation agreement does not impose an undue hardship, the court will hold a noticed hearing to disapprove the agreement. The disapproval hearing must take place before the debtor's discharge. However, if the creditor is a credit union, the reaffirmation agreement is not subject to a disapproval hearing.

## §1223  Filing Requirements (11 U.S.C. §524; Fed.R.Bankr.P 4008)

If the property is subject to a purchase money agreement, the debtor has 60 days after the first meeting of creditors to reaffirm the debt or redeem the property. If the debtor fails to reaffirm the debt or redeem the property within the 60-day period, the automatic stay to which the property is subject is lifted and the personal property that is collateral for the secured claim is removed from the estate. This 60-day period may be extended. During this 60-day period, the trustee may file a motion requesting that the court order (1) that the property is of consequential value or benefit to the estate; (2) protection of the property; and (3) that the debtor deliver the collateral to the trustee.

A reaffirmation agreement must be filed with the court within 30 days after entry of an order granting discharge or confirming a plan in an individual Chapter 11 case. The court may extend the time. It must contain a signed Disclosure Statement, Debtor's Statement in Support of Reaffirmation Agreement and Declaration of Debtor's Attorney.

If the debtor was represented by an attorney during the negotiation of the affirmation agreement, the agreement becomes effective upon filing with the court, unless a presumption of hardship exists. If a debtor is not represented by an attorney, the court must approve the agreement before it is effective. However, if the reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust or other lien on the debtor's real property, no court approval is required. A creditor can receive payments from the debtor before and after the reaffirmation agreement is filed if the creditor believes in good faith that the agreement is effective and all disclosures are given in good faith.

If the court finds that the agreement imposes an undue hardship on the debtor, it will hold a disapproval hearing to disapprove the agreement. The disapproval hearing must be held before entry of an order granting or denying a discharge, or confirming an individual's Chapter 11 plan. The court must give the debtor and trustee 14 days' notice of the hearing. The motion by the debtor for approval of a reaffirmation agreement must be filed before, or at the time of, the hearing.

**Reaffirmation Agreement Cover Sheet:** The Reaffirmation Agreement must be accompanied by a cover sheet. The cover sheet is an official form that can be found on the accompanying CD.

## §1224  Rescission of Agreement

A debtor may rescind a reaffirmation agreement at any time prior to the discharge hearing or within 60 days after the agreement is filed with the court, whichever is later, by giving notice of rescission to the creditor.

## §1225  Reaffirmation Agreement

**Official Form B240**

Form 240A - Reaffirmation Agreement (1/07)

> ☒ **Presumption of Undue Hardship**
> ☐ **No Presumption of Undue Hardship**
> (Check box as directed in Part D: Debtor's Statement
> in Support of Reaffirmation Agreement.)

## UNITED STATES BANKRUPTCY COURT
*Southern* _____ District of *NEW YORK*

In re *Janice Montgomery*,                    Case No. *12 - 12020 (MG)*
                        Debtor                    Chapter *11*

### REAFFIRMATION AGREEMENT

*[Indicate all documents included in this filing by checking each applicable box.]*

☒ Part A: Disclosures, Instructions, and          ☒ Part D: Debtor's Statement in
    Notice to Debtor (pages 1 - 5)                        Support of Reaffirmation Agreement

☒ Part B: Reaffirmation Agreement                 ☒ Part E: Motion for Court Approval

☐ Part C: Certification by Debtor's Attorney

*[Note: Complete Part E only if debtor was not represented by an attorney during
the course of negotiating this agreement. Note also: If you complete Part E, you must
prepare and file Form 240B - Order on Reaffirmation Agreement.]*

Name of Creditor: *GMAC MORTGAGE CY, WENLIAN SERVICING LLC, RFC-PIA, SEBRING CAPI*
*LITTON LOAN SERVICING, MIDLAND CREDIT, RESIDENTIAL FUNDING, ENCORE CAPITAL GROUP INC, MIDL*
                                                                            *FUND*
                                                                            *et*
☐ *[Check this box if]* Creditor is a Credit Union as defined in §19(b)(1)(a)(iv) of the
    Federal Reserve Act

### PART A: DISCLOSURE STATEMENT, INSTRUCTIONS AND NOTICE TO DEBTOR

**1.    DISCLOSURE STATEMENT**

***Before Agreeing to Reaffirm a Debt, Review These Important Disclosures:***

**SUMMARY OF REAFFIRMATION AGREEMENT**
    This Summary is made pursuant to the requirements of the Bankruptcy Code.

**AMOUNT REAFFIRMED**

    The amount of debt you have agreed to reaffirm:          *Appraised value*
                                                        $ *45,000  2/3 $30,000*
                                                          *See Attc: Sale (A*

*    The amount of debt you have agreed to reaffirm includes all fees and costs (if any) that have
accrued as of the date of this disclosure. Your credit agreement may obligate you to pay additional
amounts which may come due after the date of this disclosure. Consult your credit agreement.*

**Form 240A – Reaffirmation Agreement (Cont.)**        2
**ANNUAL PERCENTAGE RATE**

*[The annual percentage rate can be disclosed in different ways, depending on the type of debt.]*

     a.  If the debt is an extension of "credit" under an "open end credit plan," as those terms are defined in § 103 of the Truth in Lending Act, such as a credit card, the creditor may disclose the annual percentage rate shown in (i) below or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

     (i)  The Annual Percentage Rate disclosed, or that would have been disclosed, to the debtor in the most recent periodic statement prior to entering into the reaffirmation agreement described in Part B below or, if no such periodic statement was given to the debtor during the prior six months, the annual percentage rate as it would have been so disclosed at the time of the disclosure statement: _9.8_ %.  *presumtive to the modification intrestrate will was denied*

*I need a copy of the waranty deed*

                     --- And/Or ---

     (ii)  The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: _____%.  If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are:

     $ _____ @ _____%;
     $ _____ @ _____%;
     $ _____ @ _____%.

     b.  If the debt is an extension of credit other than under than an open end credit plan, the creditor may disclose the annual percentage rate shown in (I) below, or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

     (i)  The Annual Percentage Rate under §128(a)(4) of the Truth in Lending Act, as disclosed to the debtor in the most recent disclosure statement given to the debtor prior to entering into the reaffirmation agreement with respect to the debt or, if no such disclosure statement was given to the debtor, the annual percentage rate as it would have been so disclosed: _____%.

                  --- And/Or ---

     (ii)  The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: _____%.  If different simple interest rates apply to different balances included in the amount reaffirmed,

**Form 240A - Reaffirmation Agreement (Cont.)**                                    **3**

the amount of each balance and the rate applicable to it are:

$ _____ @ _____ %;
$ _____ @ _____ %;
$ _____ @ _____ %.

c. If the underlying debt transaction was disclosed as a variable rate transaction on the most recent disclosure given under the Truth in Lending Act:

The interest rate on your loan may be a variable interest rate which changes from time to time, so that the annual percentage rate disclosed here may be higher or lower.

d. If the reaffirmed debt is secured by a security interest or lien, which has not been waived or determined to be void by a final order of the court, the following items or types of items of the debtor's goods or property remain subject to such security interest or lien in connection with the debt or debts being reaffirmed in the reaffirmation agreement described in Part B.

<u>Item or Type of Item</u>                    <u>Original Purchase Price or Original Amount of Loan</u> .

Primary Residence
2607 N. Shartel Ave          $ 80,750.⁰⁰
OKC, OK 73103

<u>Optional</u>—At the election of the creditor, a repayment schedule using one or a combination of the following may be provided:

<u>**Repayment Schedule:**</u> Modification determined amount
Modification determined amount
Your first payment in the amount of $ _____ is due on The day after modification determin _____ (date), but the future payment amount may be different. Consult your reaffirmation agreement or credit agreement, as applicable.

— Or —

Your payment schedule will be: _____ (number) payments in the amount of $ _____ . each, payable (monthly, annually, weekly, etc.) on the _____ (day) of each _____ ( week, month, etc.), unless altered later by mutual agreement in writing.

— Or —

A reasonably specific description of the debtor's repayment obligations to the extent known by the creditor or creditor's representative.

**Form 240A - Reaffirmation Agreement (Cont.)**                     6

**PART B: REAFFIRMATION AGREEMENT.**

I (we) agree to reaffirm the debts arising under the credit agreement described below.

1. Brief description of credit agreement: *SEE OMB NO. 2502-0265 - US Dept. of Housing of Urban Dev. Settlement Statement*

2. Description of any changes to the credit agreement made as part of this reaffirmation agreement: *See Sale (A)*

SIGNATURE(S):

Borrower:                                      Accepted by creditor:

*JANICE MONTGOMERY*                            _____

(Print Name)                                   (Printed Name of Creditor)

*[signature]*                                  _____

(Signature)                                    (Address of Creditor)

Date: *6/5/12*                                 _____

                                               (Signature)

Co-borrower, if also reaffirming these debts:  _____

                                               (Printed Name and Title of Individual
_____                        Signing for Creditor)

(Print Name)

                                               Date of creditor acceptance:
_____

(Signature)                                    _____

Date: _____

(Rev. 8, 12/09)

**Form 240A - Reaffirmation Agreement (Cont.)**                                    7

## PART C: CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY).

*[To be filed only if the attorney represented the debtor during the course of negotiating this agreement.]*

I hereby certify that (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

☐ *[Check box, if applicable and the creditor is not a Credit Union.]* A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

Printed Name of Debtor's Attorney: _____

Signature of Debtor's Attorney: _____

Date: _____

**Form 240A - Reaffirmation Agreement (Cont.)**                              **8**
**PART D: DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT**

*[Read and complete sections 1 and 2, **OR**, if the creditor is a Credit Union and
the debtor is represented by an attorney, read section 3. Sign the appropriate
signature line(s) and date your signature. If you complete sections 1 and 2
**and** your income less monthly expenses does not leave enough to make the
payments under this reaffirmation agreement, check the box at the top of page
1 indicating "Presumption of Undue Hardship." Otherwise, check the box at
the top of page 1 indicating "No Presumption of Undue Hardship"]*

  1. I believe this reaffirmation agreement will not impose an undue hardship on my
dependents or me. I can afford to make the payments on the reaffirmed debt because my
monthly income (take home pay plus any other income received) is $_____, and my actual
current monthly expenses including monthly payments on post-bankruptcy debt and other
reaffirmation agreements total $_____, leaving $_____ to make the required payments
on this reaffirmed debt.

  I understand that if my income less my monthly expenses does not leave enough to
make the payments, this reaffirmation agreement is presumed to be an undue hardship on me
and must be reviewed by the court. However, this presumption may be overcome if I explain
to the satisfaction of the court how I can afford to make the payments here: _See_
_Combined Statement reaffirmation Agreement and_
_Sull (A)_
                **(Use an additional page if needed for a full explanation.)**

  2. I received a copy of the Reaffirmation Disclosure Statement in Part A and a
completed and signed reaffirmation agreement.

Signed: _____
            (Debtor)

        _____
            (Joint Debtor, if any)
Date:   _____

                              — Or —
        *[If the creditor is a Credit Union and the debtor is represented by an attorney]*

  3. I believe this reaffirmation agreement is in my financial interest. I can afford to
make the payments on the reaffirmed debt. I received a copy of the Reaffirmation Disclosure
Statement in Part A and a completed and signed reaffirmation agreement.

Signed: _____
            (Debtor)

        _____
            (Joint Debtor, if any)
Date:   _____

                                                                    (Rev. 8, 12/09)

Form 240A - Reaffirmation Agreement (Cont.)                              9

**PART E: MOTION FOR COURT APPROVAL**
*[To be completed and filed only if the debtor is not represented by an attorney during the course of negotiating this agreement.]*

## MOTION FOR COURT APPROVAL OF REAFFIRMATION AGREEMENT

I (we), the debtor(s), affirm the following to be true and correct:

I am not represented by an attorney in connection with this reaffirmation agreement.

I believe this reaffirmation agreement is in my best interest based on the income and expenses I have disclosed in my Statement in Support of this reaffirmation agreement, and because (provide any additional relevant reasons the court should consider):

Therefore, I ask the court for an order approving this reaffirmation agreement under the following provisions (*check all applicable boxes*):

☒ 11 U.S.C. § 524(c)(6) (debtor is not represented by an attorney during the course of the negotiation of the reaffirmation agreement)

☐ 11 U.S.C. § 524(m) (presumption of undue hardship has arisen because monthly expenses exceed monthly income)

Signed: _____
(Debtor)

_____
(Joint Debtor, if any)

Date: _____6/5/12_____

### §1226 *Motion for Court Approval of Reaffirmation Agreement and Order (11 U.S.C. § 524(k))*

**Official Form B240M**

Attach Notice (see §843.6)
Caption No. 2 (see §543.2)

   If the debtor is not represented by an attorney, court approval is needed for a reaffirmation agreement to be valid. The debtor, creditor, or both must file a motion requesting the approval. Form B240, Reaffirmation Agreement, contains a motion for court approval of the reaffirmation agreement and a section in which the judge may approve or disapprove the agreement. This motion should NOT be used if the debtor is represented by an attorney in negotiating the reaffirmation agreement.

MOTION FOR COURT APPROVAL OF REAFFIRMATION AGREEMENT

   I [we] the debtors, affirm the following to be true and correct.

1.  I [we] am [are] not represented by an attorney in connection with this reaffirmation agreement.
2.  I [we] believe that this reaffirmation agreement is in my [our] best interest[s] based on the income and expenses I [we] have disclosed in my [our] Statement in Support of this Reaffirmation Agreement, and because [provide any additional relevant reasons the court should consider.]

THEREFORE, I [we] ask the court for an order approving this reaffirmation agreement.

Dated: 6/5/12 _____

Debtor

ORDER

The court grants the debtor's motion and approves the reaffirmation agreement described above.

Dated: _____

_____
Bankruptcy Judge

## §1230 *Creditors' Claims (11 U.S.C. §§501, 502, 507; Fed.R.Bankr.P. 3001 – 3008, 5005)*

   Before a creditor can be paid from the debtor's estate, the creditor must show proof of the indebtedness by filing a proof of claim, which acts as evidence to the court that the debt exists. If the creditor does not timely file a proof of claim, the debtor or trustee may file the claim within 30 days after expiration of the filing period. If the debtor or trustee files the proof of claim for the creditor, the clerk will notify the creditor by mail.

(Rev. 8, 12/09)

In a Chapter 9 or 11 case, a creditor included on the debtor's schedule of liabilities need not file a claim. The mere fact that the creditor is listed indicates to the court that the claim is valid. But if the claim is omitted or is listed incorrectly, the creditor must file a corrected claim. However, a secured creditor need not file a claim unless the debt is not listed, is disputed or is listed incorrectly. Nonetheless, some creditors prefer to file a claim, even if it is not required. It is the creditor's responsibility to determine if the claim is listed correctly.

A trustee may file a claim on behalf of all known or unknown holders of securities issued pursuant to a trust instrument of which the trustee is an agent. If all of the names are unknown, the trustee will file for those creditors in his or her own name. Additionally, an agent representing a group of creditors may file a proof of claim on behalf of those creditors.

If a creditor fails to file a claim in an asset case within the appropriate time period, the debtor or the trustee may file a claim on behalf of the creditor within 30 days after expiration of the time for filing claims. The clerk notifies the creditor, who may then file a proof of claim that supersedes the claim filed by the debtor or the trustee. If the creditor, debtor or trustee does not file a proof of claim on behalf of a creditor, there is no distribution on the claim and the debt is nondischargeable and subject to full payment by the debtor. Therefore, it is in the debtor's best interest to make certain all claims are appropriately filed.

If it appears that the debtor's estate has few or no assets, distribution to creditors is unlikely. The clerk will notify creditors of a "no asset" case and the creditors need not file claims unless directed by the court to do so.

## §1231  Preparing the Proof of Claim

A standard proof of claim form has been developed for all bankruptcy chapters and includes all necessary information. The form, which is on the accompanying CD (see §1236 for instructions), directs the creditor to attach documents supporting the claim. If the documents exceed 25 pages, a summary of the documents and relevant excerpts should be attached to the claim. The summary and relevant excerpts cannot exceed 25 pages. If the claim is founded on a security interest, attach evidence that the security has been perfected (recorded). If the evidence of perfection is in writing, file a copy of the writing with the proof of claim. If the writing exceeds 5 pages, attach a summary of the document with relevant excerpts. The summary and excerpts cannot exceed 5 pages.

If the claim includes prepetition interest or other charges such as attorneys' fees, include a detailed statement of charges. If the agreement between the debtor and creditor allows for attorneys' fees and future fees are expected, include anticipated attorneys' fees. If the creditor's address is different from the one the debtor provided the clerk, check the appropriate box alerting the clerk to change the creditors' list. If the claim is an amendment to a previous claim, be sure to indicate that it is an amended claim.

The proof of claim form is an official form and should be used for all claims. If you use a computer generated proof of claim form, be sure that it is the current official form and contains all essential elements. A current form is found on the accompanying CD.

**Attachments:** Creditors must attach copies of any documents showing that the debtor owes the debt. The documents must be redacted. If the documents are lengthy, a summary of the supporting documents may be sufficient. However, if the creditor files a summary of the documents without attaching actual supporting documents, the creditor is obligated to provide all supporting documents upon request.

Evidence of the perfection of a security interest should also be included, such as a copy of any mortgage, lien, financing statement, or other instrument filed or recorded, or a statement of reasons why no action was necessary for perfection. Include a statement of explanation for interest and other miscellaneous charges.

If documents are not available, the creditor must attach an explanation of why they are not available. It is essential that a creditor include all documents relating to the claim, not just those that fit the categories provided on the form. For some claims, a simple statement of account may be enough. Other claims may require extensive documentation. It is in the best interest of the creditor to organize the supporting documents as clearly and simply as possible. FED. R. BANKR. P. 3001(d).

**Attachments for Credit Card Claims:** The courts have differing requirements for attachments to credit card claims. Some courts require copies of a number of monthly statements to show how the total was calculated, and other courts require only a summary of the monthly statements. Some courts require a copy of the agreement authorizing charges and fees, and others do not. Check your local rules.

# GMAC Mortgage

December 9, 2011


Janice Montgomery
2607 N Shartel Avenue
Oklahoma City OK 73103


RE:    Account Number        0810038914
       Property Address      2607 N Shartel Avenue
                             Oklahoma City OK 73103


Dear Janice Montgomery:

This letter is in response to your inquiry dated 11/22/2011, received 11/28/2011
concerning the Validation of Debt on the above-referenced account.

A copy of the loan document and a payment history reported to the four major credit
reporting agencies are enclosed. GMAC Mortgage is unable to comply with your request
to make changes to your credit file based on the information you have provided. GMAC
Mortgage makes every effort to report true and accurate information to the bureaus.

After reviewing the enclosed document and you still consider yourself not financially
obligated for the above-referenced account, please provide the specific reason(s) you
believe you are not liable, along with any appropriate documents to support your
assertion. Your letter and documents will be reviewed upon receipt, and a response sent.

Additionally, the account is due for the April through November 2011 payments and the
current principal balance is $123,446.35. The total debt amount listed in the letter is the
total principal, interest, and fees due as of the transfer date (10/27/2011). The total debt
for this account as of 10/27/2011 is detailed below:

| | |
|---|---|
| Principal | $80,115.69 |
| Interest | $31,865.03 |
| Escrow Due | $4,656.43 |
| Late Charge Due | $229.14 |
| Corp Advances Due | $6,580.06 |
| Total Debt | $123,446.35 |

*Appraised value*
*$45,000*
*2/3 $30,000*
*See Attch "Sale @"*

## GMAC Mortgage

3451 Hammond Ave
P.O. Box 780
Waterloo, IA 50704-0780

04/10/12

451117-003494

JANICE MONTGOMERY

2607 N SHARTEL AVE

OKLAHOMA CITY OK 73103



RE:   Account Number        0810038914
      Property Address      2607 N SHARTEL AVENUE

                            OKLAHOMA CITY OK 73103-0000

Dear JANICE MONTGOMERY

            *IMPORTANT NOTICE REGARDING INTEREST RATE
                 AND/OR PAYMENT CHANGES*

The interest rate on your loan was scheduled to adjust on
05/01/12.  The new principal and interest (P&I) amount will be
effective with the 06/01/12 payment.

Projected principal balance after 05/01/12 payment:$      77568.78

Previous index value      0.55700%  New index value      0.73300%
Current interest rate     9.80000%  New interest rate    9.80000%
Current P&I pymt     $      697.29  New P&I pymt $         697.29
Margin                    7.17500%

Rate Next Change Date                11/01/12
Principal and Interest Next Change   12/01/12

Your new interest rate is calculated by adding the margin to the
new index value.  The result of this addition is subject to
rounding and rate cap limitations according to the terms of your
loan documents.

A Mortgage account statement will be sent under separate cover.
If your payments are made through our automatic payment program
your new payment amount will be deducted on your scheduled draft
date.



RE:   JANICE MONTGOMERY
      Loan Number:  5901-0000-0810038914

any amounts from you personally.  If you have surrendered your property during your bankruptcy case and you are no longer occupying the property, you may disregard this notice.  **If you are represented by an attorney in a bankruptcy proceeding, you should review this notice and discuss any questions you may have regarding this notice with your attorney.**

Thank you,

Insurance Department
GMAC Mortgage, LLC

**REMINDER...**
**MAIL POLICY TO:**
GMAC MORTGAGE, LLC
ITS SUCCESSOR AND/OR ASSIGNS
P.O. BOX 4025
CORAOPOLIS, PA 15108

Or Fax to: (866) 336-9021



# STATE OF OKLAHOMA
## DEPARTMENT OF HUMAN SERVICES

Child Support Enforcement Division
PO Box 53552
Oklahoma City, OK 73152-3552
1-800-522-2922
Web Site: www.okdhs.org/childsupport



510384

5/31/2012
JANICE MONTGOMERY
2607 N SHARTEL AVE
OKLAHOMA CITY, OK 73103-1442

RE:    RECORD OF PAYMENTS ON CHILD SUPPORT CASE 251299002

Dear MS. MONTGOMERY:

Please find enclosed the Record of Payments you requested on your child support case. This statement details the amounts owed and paid on the child support portion of your case as reflected in our records. The record contains the following information:

- **Records from and through** reflects the time period covered;
- **NCP** is the non custodial parent name;
- **FGN** is the child support enforcement case number;
- **MM/YY** column reflects the month and year;
- **Child Support Due** column reflects the child support due for that month (this will not include any spousal support or judgment payments, attorney, genetic test or other costs that may be due);
- **Payments Applied** column will reflect the total child support payments applied for that month (this will not include amounts other than child support);
- **Balance** column is the ending child support balance for the month; and
- **Interest** column is the amount of interest for that month on the child support balance. (In Oklahoma this amount is 10% per year. Orders entered in other states may apply a different interest rate.)

Any accounting corrections performed on the case will adjust the balance for the current month but will not currently relate back to the month for which the adjustment was intended. Because of this, the prior monthly balances and the interest may not be correct although the current balance is correct. The Child Support Enforcement Division is aware of this problem and is working toward changes that will need to be made to correct this.

Payment, balance, and interest amounts reflected in this Record of Payments are based upon information currently available to the Child Support Enforcement Division (Division) of the Department of Human Services. This record does not constitute an "official" record, and is not intended, nor can it be relied upon, in any litigation.

Payment information may be affected by tax refund or federal payment intercepts being held pending request for hearing, amounts intercepted by other agencies but not yet received by the Division, amounts awaiting a distribution determination, and amounts received directly by custodial persons.

If you believe this record of payments is in error, please contact your local child support office so the issue can be researched and either explained or corrected.

Sincerely,

*Glenn Robinson/CARE*

Child Support Enforcement

Enclosure

DEPARTMENT OF HUMAN SERVICES
CHILD SUPPORT ENFORCEMENT
RECORD OF PAYMENTS
RECORDS FROM 12/01 THROUGH 05/12

CP: JANICE MARIE MONTGOMERY
NCP: TRENT WALDO SMITH
FGN: 000251299 002    CP: 001          OFF: OKC
ORDERS: (001)-FD-2001-7077

PRINCIPAL BAL:    35,127.53    INTEREST BAL:    22,243.57
BALANCE TOTAL:    57,371.10

| MM/YY | CHILD SUPPORT DUE | SPOUSAL DUE | PAYMENTS CREDITED | DIR PAY | INTERSTATE COST RECOVERY | STATE RETAINED | AMT TO CP |
|-------|-------------------|-------------|-------------------|---------|--------------------------|----------------|-----------|
| 12/01 | 422.72 | 0.00 | 0.00 | | 0.00 | 0.00 | 0.00 |
| 01/02 | 422.72 | 0.00 | 207.37 | | 0.00 | 0.00 | 207.37 |
| 02/02 | 422.72 | 0.00 | 414.74 | | 0.00 | 0.00 | 414.74 |
| 03/02 | 422.72 | 0.00 | 414.74 | | 0.00 | 0.00 | 414.74 |
| 04/02 | 422.72 | 0.00 | 622.11 | | 0.00 | 0.00 | 622.11 |
| 05/02 | 422.72 | 0.00 | 414.74 | | 0.00 | 0.00 | 414.74 |
| 06/02 | 422.72 | 0.00 | 414.74 | | 0.00 | 0.00 | 414.74 |
| 07/02 | 422.72 | 0.00 | 342.04 | | 0.00 | 0.00 | 342.04 |
| 08/02 | 422.72 | 0.00 | 0.00 | | 0.00 | 0.00 | 0.00 |
| 09/02 | 422.72 | 0.00 | 0.00 | | 0.00 | 0.00 | 0.00 |
| 10/02 | 422.72 | 0.00 | 0.00 | | 0.00 | 0.00 | 0.00 |
| 11/02 | 422.72 | 0.00 | 140.22 | | 0.00 | 0.00 | 140.22 |
| 12/02 | 422.72 | 0.00 | 0.00 | | 0.00 | 0.00 | 0.00 |
| 01/03 | 422.72 | 0.00 | 0.00 | | 0.00 | 0.00 | 0.00 |
| 02/03 | 422.72 | 0.00 | 0.00 | | 0.00 | 0.00 | 0.00 |
| 03/03 | 422.72 | 0.00 | 0.00 | | 0.00 | 0.00 | 0.00 |
| 04/03 | 422.72 | 0.00 | 0.00 | | 0.00 | 0.00 | 0.00 |
| 05/03 | 422.72 | 0.00 | 0.00 | | 0.00 | 0.00 | 0.00 |
| 06/03 | 422.72 | 0.00 | 0.00 | | 0.00 | 0.00 | 0.00 |
| 07/03 | 422.72 | 0.00 | 283.00 | | 0.00 | 0.00 | 283.00 |
| 08/03 | 422.72 | 0.00 | 0.00 | | 0.00 | 0.00 | 0.00 |
| 09/03 | 422.72 | 0.00 | 0.00 | | 0.00 | 0.00 | 0.00 |
| 10/03 | 422.72 | 0.00 | 0.00 | | 0.00 | 0.00 | 0.00 |

FOURTH ALIAS
SHERIFF'S RETURN
CJ-2008-6780

FILED IN THE DISTRICT COURT
OKLAHOMA COUNTY, OK

NOV 2 3 2010

PATRICIA PRESLEY, COURT CLERK
by_____
DEPUTY

I RECEIVED this writ this _____ day of _____, _____, and
pursuant to the commands thereof, I did forthwith levy said writ upon the real estate described
therein, and did cause the same to be appraised by three disinterested householders, residing within
said County wherein said real estate is situated, after administering to them an oath impartially to
appraise said property levied upon, upon actual view, and said householders did return to me under
their hands an estimate of the real value of said property, and I did forthwith deposit a copy thereof
with the Clerk of said District Court, whence the execution issued.

On the _____ day of _____, _____, at 2:00 pm of said day, I offered
said property for sale at the Oklahoma County Courthouse, 320 Robert S. Kerr, Jury Assembly
Room, Room 513, in the City of Oklahoma City, Oklahoma County, Oklahoma, that being the time
and place stated in the notice of sale, at public auction, with appraisement, to the highest bidder for
cash in hand, and sold the same to Residential Funding Company, LLC, Plaintiff herein, for the
sum of $_____, same being the highest and best bidder for said property, and
being the highest and best price bid for the same, and being more than two-thirds of the appraised
value of said property, said bid being paid by credit on Plaintiff's judgment herein.

I hereby certify the above to be the times and manner of executing the within writ.

Dated and returned into Court this _____ day of _____,
_____.

John Whetsel, Sheriff
Oklahoma County, Oklahoma

BY:_____
DEPUTY

SCHEDULE OF COSTS:

| | | |
|---|---|---|
| Court Costs | _____ | $ _____ |
| Printer's Fee | _____ | $ _____ |
| Sheriff's Fee | _____ | $ _____ |
| TOTAL | _____ | $ _____ |

45124                3

FILED IN THE DISTRICT COURT
OKLAHOMA COUNTY, OK

NOV 2 3 2010

PATRICIA PRESLEY, COURT CL
by_____
DEPUTY

VS

JANICE MONTGOMERY    et al

CJ-08-6780

APPRAISED VALUE      $45,000.00
2/3                  $30,000.00

Sale Ⓐ

Randolph, Ann Marie

From: Joshua Belanger
Sent: Monday, November 22, 2010 10:32 AM
To: Randolph, Ann Marie
Subject: 08-6780/45124

RE: Residential Funding Company, LLC vs. Janice Montgomery, et. al.
NO: CJ-2008-6780, Oklahoma County District Court

FILED IN THE DISTRICT COURT
OKLAHOMA COUNTY, OKLA.

NOV 2 3 2010

PATRICIA PRESLEY, COURT CLERK
by _____ DEPUTY

Dear Sheriff Sale Administrator:

Please recall the above sale scheduled for January 6, 2011.
8/10

Joshua Belanger
Baer, Timberlake, Coulson & Cates, P.C.
Sheriff Sales, Alias and Recall Specialist

_not paid_

11/22/2010

---

FILED IN THE DISTRICT COURT
OKLAHOMA COUNTY, OKL.

IN THE DISTRICT COURT WITHIN AND FOR OKLAHOMA COUNTY     NOV 2 3 2010
STATE OF OKLAHOMA

PATRICIA PRESLEY, COURT CLERK
by _____ Deputy

RESIDENTIAL FUNDING COMPANY, LLC,
        Plaintiff,

vs.

JANICE MONTGOMERY, et al.,
        Defendant(s).

DO NOT REAPPRAISE

No. CJ-2008-6780
JUDGE PARRISH

SHERIFF'S FEE PAID

                FOURTH ALIAS
SPECIAL EXECUTION AND ORDER OF SALE
            (With Appraisement)

THE STATE OF OKLAHOMA TO THE SHERIFF OF OKLAHOMA COUNTY,
OKLAHOMA:

GREETINGS:

    WHEREAS, on the 6th day of February, 2009, in the above entitled and numbered cause, the
Plaintiff recovered a judgment *in personam* against the Defendant, Janice Montgomery, in the sum
of $80,115.69, with 9.8000% interest per annum thereon from the 1st day of March, 2008, until paid;
abstract expense and title exam fee of $840.00; the further sum of $1050.00 reasonable attorney's fee,
and for all advances by Plaintiff, if any, for taxes, insurance premiums, or expenses necessary for the
preservation of the subject property; and for all costs of this action; and recovered a further judgment
decreeing the Plaintiff's mortgage set up and sued upon therein to be a valid, subsisting first and prior
lien upon the real estate hereinafter described, for the full amount of the judgment, above set forth,
and foreclosing said lien, and ordering that a Fourth Alias Special Execution And Order of Sale issue
from the office of the Court Clerk, directed to the Sheriff of Oklahoma County, commanding said
Sheriff to levy upon and sell said real estate, with appraisement, as provided by law.

    WHEREAS, the Third Special Execution and Order of Sale issued previously herein on the
17th day of August, 2010, has been returned, "NO SALE - RECALLED AT REQUEST OF
PLAINTIFF."

    WHEREAS, the subject real estate must be offered for sale under the original appraisal of
$45,000.00.

    NOW, THEREFORE, THESE ARE TO COMMAND YOU to levy upon and cause to be
appraised and sold, subject to unpaid taxes, advancements by Plaintiff for taxes, insurance premiums,
or expenses necessary for the preservation of the subject property, if any, in accordance with said
judgment, and as by law required, the following described lands and tenements situated in Oklahoma
County, State of Oklahoma, and described as follows, to-wit:



File No. 45124

---

                FOURTH ALIAS
NOTICE OF SHERIFF'S SALE

CJ-2008-6780

NOV 2 3 2010

PATRICIA PRESLEY, COURT CLERK
by _____ DEPUTY

    Notice is given that on the 12 day of JAN 2011, at 2:00 pm,
at the Oklahoma County Courthouse, 320 Robert S. Kerr, Jury Assembly Room, Room 513, in the
City of Oklahoma City, Oklahoma County, Oklahoma, the Sheriff of said County will offer for sale
and sell, with appraisement, for cash, at public auction, to the highest and best bidder, all that certain
real estate in Oklahoma County, Oklahoma, to-wit:

    All of Lots Eight (8) and Nine (9), of Block One (1), in Jones Subdivision of Lots
    One (1) and Two (2), Block Two (2) Pleasant View Addition to Oklahoma City,
    Oklahoma County, Oklahoma, according to the recorded plat thereof.

subject to unpaid taxes, advancements by Plaintiff for taxes, insurance premiums, and expenses
necessary for the preservation of the subject property, if any, said property having been duly
appraised at $45,000.00. Sale will be made pursuant to a Fourth Alias Special Execution And Order
Of Sale issued in accordance with judgment entered in the District Court of Oklahoma County,
Oklahoma, in Case No. CJ-2008-6780, entitled Residential Funding Company, LLC, Plaintiff, vs.
Janice Montgomery, If Married; John Doe and Mrs. John Doe,
As Occupants of the Premises; Midland Credit Management, being all of the Defendants and
persons holding or claiming any interest or lien in the subject property.

                                John Whetsel, Sheriff
                                Oklahoma County, Oklahoma

                        BY: _____
                            DEPUTY

STEVEN A. HEATH - #4036
BAER, TIMBERLAKE, COULSON & CATES, P.C.
Attorneys for Plaintiff
P.O. Box 18486
Oklahoma City, OK 73154-0486
Telephone:    (405) 842-7722
Facsimile:    (405) 848-9349
45124

INSTRUCTIONS TO PUBLISHER:
Publish once a week for two consecutive weeks. Furnish one printed copy of the Notice to Attorney for Plaintiff
immediately after the first publication. First publication of this Notice must be more than thirty (30) days prior to
the date of the Sheriff's Sale, in accordance with 12 O.S. §764.

---

    All of Lots Eight (8) and Nine (9), of Block One (1), in Jones
    Subdivision of Lots One (1) and Two (2), Block Two (2) Pleasant
    View Addition to Oklahoma City, Oklahoma County, Oklahoma,
    according to the recorded plat thereof.

with the buildings, improvements, appurtenances, hereditaments, and all other rights thereunto
appertaining or belonging, and pay the proceeds thereof to the Clerk of this Court, as provided by
law.

    You will make due return of this writ, with your proceedings endorsed thereon, within sixty
(60) days from the date hereof.

    WITNESS my hand and official seal at my office in Oklahoma City, Oklahoma, this
_____ day of Nov, 2010.

                                Patricia Presley, Court Clerk

                        BY: _____
                            DEPUTY

(SEAL)

Property Address:

2607 N. Shartel Avenue
Oklahoma City, OK 73103

45124                                                            2

*false public Record*

IN THE DISTRICT COURT WITHIN AND FOR OKLAHOMA COUNTY
STATE OF OKLAHOMA

**FILED IN THE DISTRICT COURT OKLAHOMA COUNTY, OKLA.**

MAR 3 0 2009

**PATRICIA PRESLEY, COURT CLERK**

by_____
DEPUTY

RESIDENTIAL FUNDING COMPANY, LLC
Plantiff,

RESIDENTIAL FUNDING REAL ESTATE
 HOLDINGS, LLC
     Substitute Plantiff,

vs.

JANICE MONTGOMERY,
SPOUSE OF JANICE MONTGOMERY,
IF MARRIED,
JOHN DOE AND MRS JOHN DOE, AS
 OCCUPANTS OF THE PREMISES,
MIDLAND CREDIT MANAGEMENT,
 Defendant(s)

No. CJ-2008-6780
JUDGE PARRISH

MOTION *Answer to:*
EXTEND TIME OBJECT PLANTIFFS
OBJECTION TO DEFENDANT'S MOTION TO VACATE JUDGMENT

COMES NOW, Janice Montogmery Pro, se and object to Plaintiffs

intent to deprive defendant right to equal protection and due

process of law. Defendant further allege violation of civil

rights pursuant to  Amendments I VII XIV, U.S. Constitution

and 42 USC 1985 on grounds of civil conspiracy.

Defendant can not now admit nor deny accuracy of proceeding

without proper co-counsel to be assigned or sought in the event

Plaintiffs Objection is upheld/granted.

Defendant incorporate as part of cause for objection: due-on-

sale clause - P.L. 95-507, P.L. 97-177, Circular by Carroll Bub.,

and March 5, 2009 article "Housing-rescue by President United

States.

WHEREFORE and THEREFORE, Defendant Pro se pray the

following: a. Injunctive relief, Order to Cease further action

b. Order compelling Plaintiff comply and abide by
Loan/Mortgage Modification Act mandated by known
President U.S. and U.S. Congress in Session.

c. Other relief required to affect results.

Respectfully submitted,

Jancie M Montgomery, Pro se Indigent

### CERTIFICATE OF MAILING/SERVICE

I, Janice Montgomery, hereby certify, I mailed a true

filed copy of the foregoing document with postage
fully prepaid on the _30_ day of March, 2009 to:

Steven A Heath #4063
6846 S. Canton, Ste., 100
Tulsa, OK 74133

Janice Montgomery
2607 N Shartel Avenue
Oklahoma City, OK 73103
(405)521-9947

**U.S. CONSTITUTION**

the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

### Amendment II [1791]

A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed.

### Amendment III [1791]

No Soldier shall, in time of peace be quartered in any house, without the consent of the Owner, nor in time of war, but in a manner to be prescribed by law.

### Amendment IV [1791]

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

### Amendment V [1791]

No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

### Amendment VI [1791]

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

### Amendment VII [1791]

In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law.

### Amendment VIII [1791]

Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

### Amendment IX [1791]

The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people.

**U.S. CONSTITUTION**

## Amendment XIV [1868]    ✓

**Section 1.** All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

**Section 2.** Representatives shall be apportioned among the several States according to their respective numbers, counting the whole number of persons in each State, excluding Indians not taxed. But when the right to vote at any election for the choice of electors for President and Vice President of the United States, Representatives in Congress, the Executive and Judicial officers of a State, or the members of the Legislature thereof, is denied to any of the male inhabitants of such State, being twenty-one years of age, and citizens of the United States, or in any way abridged, except for participation in rebellion, or other crime, the basis of representation therein shall be reduced in the proportion which the number of such male citizens shall bear to the whole number of male citizens twenty-one years of age in such State.

**Section 3.** No person shall be a Senator or Representative in Congress, or elector of President and Vice President, or hold any office, civil or military, under the United States, or under any State, who, having previously taken an oath, as a member of Congress, or as an officer of the United States, or as a member of any State legislature, or as an executive or judicial officer of any State, to support the Constitution of the United States, shall have engaged in insurrection or rebellion against the same, or given aid or comfort to the enemies thereof. But Congress may by a vote of two-thirds of each House, remove such disability.

**Section 4.** The validity of the public debt of the United States, authorized by law, including debts incurred for payment of pensions and bounties for services in suppressing insurrection or rebellion, shall not be questioned. But neither the United States nor any State shall assume or pay any debt or obligation incurred in aid of insurrection or rebellion against the United States, or any claim for the loss or emancipation of any slave; but all such debts, obligations and claims shall be held illegal and void.

**Section 5.** The Congress shall have power to enforce, by appropriate legislation, the provisions of this article.

## Amendment XV [1870]

**Section 1.** The right of citizens of the United States to vote shall not be denied or abridged by the United States or by any State on account of race, color, or previous condition of servitude.

**Section 2.** The Congress shall have power to enforce this article by appropriate legislation.

## Amendment XVI [1913]

The Congress shall have power to lay and collect taxes on incomes, from whatever source derived, without apportionment among the several States, and without regard to any census or enumeration.

The Congress shall have Power to dispose of and make all needful Rules and Regulations respecting the Territory or other Property belonging to the United States; and nothing in this Constitution shall be so construed as to Prejudice any Claims of the United States, or of any particular State.

**Section 4.** The United States shall guarantee to every State in this Union a Republican Form of Government, and shall protect each of them against Invasion; and on Application of the Legislature, or of the Executive (when the Legislature cannot be convened) against domestic Violence.

## Article V

The Congress, whenever two thirds of both Houses shall deem it necessary, shall propose Amendments to this Constitution, or, on the Application of the Legislatures of two thirds of the several States, shall call a Convention for proposing Amendments, which, in either Case, shall be valid to all Intents and Purposes, as Part of this Constitution, when ratified by the Legislatures of three fourths of the several States, or by Conventions in three fourths thereof, as the one or the other Mode of Ratification may be proposed by the Congress; Provided that no Amendment which may be made prior to the Year One thousand eight hundred and eight shall in any Manner affect the first and fourth Clauses in the Ninth Section of the first Article; and that no State, without its Consent, shall be deprived of its equal Suffrage in the Senate.

## Article VI

All Debts contracted and Engagements entered into, before the Adoption of this Constitution, shall be as valid against the United States under this Constitution, as under the Confederation.

This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

The Senators and Representatives before mentioned, and the Members of the several State Legislatures, and all executive and judicial Officers, both of the United States and of the several States, shall be bound by Oath or Affirmation, to support this Constitution; but no religious Test shall ever be required as a Qualification to any Office or public Trust under the United States.

## Article VII

The Ratification of the Conventions of nine States, shall be sufficient for the Establishment of this Constitution between the States so ratifying the Same.

ARTICLES IN ADDITION TO, AND AMENDMENT OF, THE CONSTITUTION OF THE UNITED STATES OF AMERICA, PROPOSED BY CONGRESS, AND RATIFIED BY THE LEGISLATURES OF THE SEVERAL STATES PURSUANT TO THE FIFTH ARTICLE OF THE ORIGINAL CONSTITUTION.

## Amendment I [1791]

Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or

**ducatus**

539

be dedicated to thee, O Christ"). ● It survived into the 20th century in several countries, including Austria and the Netherlands.

**ducatus** (d[y]ə-kay-təs), *n.* [Law Latin] A duchy; a dukedom.

**duces tecum** (d[y]oo-səs tee-kəm *also* tay-kəm). [Latin] Bring with you. See *subpoena duces tecum* under SUBPOENA.

**duces tecum licet languidus** (d[y]oo-səs tee-kəm li-set lang-gwə-dəs), *n.* [Law Latin "bring with you, although sick"] *Hist.* A habeas corpus writ ordering a sheriff to bring someone into court despite a return by the sheriff noting that the person was too ill to come.

**Duchy Court of Lancaster (dəch-ee kort əv lang-kə-stər).** *Hist. English law.* A court with special equity jurisdiction, similar to the equity courts of chancery, in which the Duchy of Lancaster's chancellor or deputy presides over issues primarily relating to land held by the Crown in right of the Duchy.

**Duchy of Lancaster (dəch-ee əv lang-kə-stər).** Land in the county of Lancaster, around the Savoy in London, and around Westminster that originally belonged to the Duke of Lancaster and later belonged to the Crown in right of the Duchy.

**ducking stool.** See CASTIGATORY.

**due,** *adj.* **1.** Just, proper, regular, and reasonable <due care> <due notice>. **2.** Immediately enforceable <payment is due on delivery>. **3.** Owing or payable; constituting a debt <the tax refund is due from the IRS>.

**due-bill.** See IOU.

**due care.** See *reasonable care* under CARE.

**due compensation.** See *just compensation* under COMPENSATION.

**due consideration. 1.** The degree of attention properly paid to something, as the circumstances merit. **2.** See *sufficient consideration* under CONSIDERATION (1).

**due course, payment in.** See PAYMENT IN DUE COURSE.

**due-course holder.** See HOLDER IN DUE COURSE.

**due course of law.** See DUE PROCESS.

**due day.** See BOON DAY.

**due diligence.** See DILIGENCE.

**due-diligence information.** *Securities.* Information that a broker-dealer is required to have on file and make available to potential customers before submitting quotations for over-the-counter securities. ● The informational requirements are set out in SEC Rule 15c2-11 (17 CFR § 240.15c2-11). [Cases: Securities Regulation ⊜25.21(4), 25.62(2). C.J.S. *Securities Regulation* §§ 87, 95.]

**due influence.** The sway that one person has over another, esp. as a result of persuasion, argument, or appeal to the person's affections. Cf. UNDUE INFLUENCE.

**duel. 1.** TRIAL BY COMBAT. **2.** A single combat; specif., a prearranged combat with deadly weapons fought between two or more persons under prescribed rules, usu. in the presence of at least two witnesses,

to resolve a previous quarrel or avenge a deed. ● In England and the United States, death resulting from a duel is treated as murder, and seconds may be liable as accessories. — Also termed *monomachy*; *single combat.* Cf. MUTUAL COMBAT. [Cases: Homicide ⊜537.]

> "[A] duel which did not end in death was only a misdemeanor, till the passing of Lord Ellenborough's Act, 43 Geo. 3, c. 58, passed in 1803 .... A duel which did end fatally might be either murder or manslaughter, according to the following distinctions: — If the duel was on a sudden falling out, if the parties fought in hot blood and on the spot, and one was killed, the offence was only manslaughter; however aggravated the case might be .... If a fatal duel took place when the parties were in cool blood, it was held to be murder, and of this there has never been any doubt; whatever in this country, though juries not unfrequently acquitted in such cases if they sympathized with the prisoner." 3 James Fitzjames Stephen, *A History of the Criminal Law of England* 100 (1883).

> "Dueling is distinguished from other offenses in that it has none of the elements of sudden heat and passion, and is usually carried out with some formality. A duel has been distinguished from an 'affray' in that an affray occurs on a sudden quarrel while a duel is always the result of design." 28A C.J.S. *Dueling* § 2, at 154 (1996).

**dueling,** *n.* The common-law offense of fighting at an appointed time and place after an earlier disagreement. ● If one of the participants is killed, the other is guilty of murder, and all who are present, abetting the crime, are guilty as principals in the second degree. [Cases: Criminal Law ⊜45.30. C.J.S. *Dueling* §§ 2–3.]

> "Dueling is prearranged fighting with deadly weapons, usually under certain agreed or prescribed rules .... It is a misdemeanor at common law to fight a duel, even though no death result, to challenge another to a duel, intentionally to provoke such a challenge, or knowingly to be the bearer of such a challenge." Rollin M. Perkins & Ronald N. Boyce, *Criminal Law* 243 (3d ed. 1982).

**duellum** (d[y]oo-el-əm), *n.* [fr. Latin *duo* "two"] *Hist.* See TRIAL BY COMBAT.

**due negotiation.** See NEGOTIATION.

**due notice.** See NOTICE.

**due-on-encumbrance clause.** A mortgage provision giving the lender the option to accelerate the debt if the borrower further mortgages the real estate without the lender's consent. ● All state laws on the enforcement of due-on-sale clauses have been preempted, and the subject is now governed exclusively by the Garn Act. 12 USCA § 1701j–3. [Cases: Mortgages ⊜403. C.J.S. *Mortgages* §§ 102, 506, 509–510, 512, 519, 521.]

**due-on-sale clause.** A mortgage provision that gives the lender the option to accelerate the debt if the borrower transfers or conveys any part of the mortgaged real estate without the lender's consent. [Cases: Mortgages ⊜403. C.J.S. *Mortgages* §§ 102, 506, 509–510, 512, 519, 521.]

**due posting. 1.** The stamping and placing of letters or packages in the U.S. mail. [Cases: Postal Service ⊜15. C.J.S. *Postal Service and Offenses Against Postal Laws* §§ 18–19.] **2.** The proper entry of an item into a ledger. **3.** Proper publication; proper placement of an item (such as an announcement) in a particular place, as on a particular wall.

**due process.** The conduct of legal·proceedings according to established rules and principles for the protection and enforcement of private rights, includ-

[The right column text, partially visible:]

ing notice and
tribunal with th
termed *due proce*
MENTAL-FAIRNESS
⊜251–320.5.
461–467, 470,
576–581, 585,
945–1348, 1350
*to Die* § 2; *Zonin*

"The words, '
and are only ε
the courts of ju
legislature." F
Regulating Ele
*Papers of Alex*
1962).

"The words, '
ed to convey
of the land,' it
*Land & Impro*
(Curtis, J.).

"Due process
an exertion c
maxims of lav
protection of
Thomas M. (
*tions* 356 (18

"An element
cess in any
notice reaso
to apprise ir
and afford
tions .... Th
to convey t
*Hanover Bar*
657 (1950) (

*economic su*
certain soc
contract of
interferenc
the Due Pi
particularly

*procedural*
of notice ε
Process Cli
esp. if the
or properi
Court has
of due pi
adults and
juvenile π
the juveni
er than cr
1428 (196
accused cl
the privile
confront
nesses on
wrote the
Justice Eε
to be ca
[Cases: C
*tional La*

*substanti*
Process (
require l
content ε
objective
C.J.S. *Co*

Community
injection funds.
15 USC 696.

SEC. 112. Section 502 of the Small Business Investment Act of 1958 is amended by adding at the end of paragraph (4) the following new sentence: "Community injection funds may be derived, in whole or in part, from—

"(A) State or local governments;
"(B) banks or other financial institutions;
"(C) foundations or other not-for-profit institutions; or
"(D) a small business concern (or its owners, stockholders, or affiliates) receiving assistance through bodies authorized under this title.".

# TITLE II—AMENDMENTS TO THE SMALL BUSINESS ACT

## CHAPTER 1

15 USC 631.

SEC. 201. Section 2 of the Small Business Act is amended by adding at the end thereof the following new subsection:

"(e)(1) with respect to the Administration's business development programs the Congress finds—

"(A) that the opportunity for full participation in our free enterprise system by socially and economically disadvantaged persons is essential if we are to obtain social and economic equality for such persons and improve the functioning of our national economy;

"(B) that many such persons are socially disadvantaged because of their identification as members of certain groups that have suffered the effects of discriminatory practices or similar invidious circumstances over which they have no control;

"(C) that such groups include, but are not limited to, Black Americans, Hispanic Americans, Native Americans, and other minorities;

"(D) that it is in the national interest to expeditiously ameliorate the conditions of socially and economically disadvantaged groups;

"(E) that such conditions can be improved by providing the maximum practicable opportunity for the development of small business concerns owned by members of socially and economically disadvantaged groups;

"(F) that such development can be materially advanced through the procurement by the United States of articles, equipment, supplies, services, materials, and construction work from such concerns; and

"(G) that such procurements also benefit the United States by encouraging the expansion of suppliers for such procurements, thereby encouraging competition among such suppliers and promoting economy in such procurements.

Post, p. 1761.

"(2) It is, therefore, the purpose of section 8(a) to—

"(A) foster business ownership by individuals who are both socially and economically disadvantaged;

"(B) promote the competitive viability of such firms by providing such available contract, financial, technical, and management assistance as may be necessary; and

"(C) clarify and expand the program for the procurement by the United States of articles, equipment, supplies, services, materials, and construction work from small business concerns

PUBLIC LAW 97-177—MAY 21, 1982          96 STAT. 85

Public Law 97-177
97th Congress

## An Act

To require the Federal Government to pay interest on overdue payments, and for other purposes.

May 21, 1982
[S. 1131]

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,*

Prompt
Payment Act.

### SHORT TITLE

SECTION 1. This Act may be cited as the "Prompt Payment Act".

31 USC 1801 note.

### INTEREST PENALTIES ON LATE PAYMENTS

SEC. 2. (a)(1) In accordance with regulations prescribed by the Director of the Office of Management and Budget, each Federal agency which acquires property or services from a business concern but which does not make payment for each such complete delivered item of property or service by the required payment date shall pay an interest penalty to such business concern in accordance with this section on the amount of the payment which is due.

31 USC 1801.

(2) Such regulations—

(A) shall specify that the required payment date shall be—
(i) the date on which payment is due under the terms of the contract for the provision of such property or service; or
(ii) thirty days after receipt of a proper invoice for the amount of the payment due, if a specific date on which payment is due is not established by contract;

(B)(i) in the case of any acquisition of meat or of a meat food product, as defined in section 2(a)(3) of the Packers and Stockyards Act, 1921 (7 U.S.C. 182(3)), shall specify a required payment date which is not later than seven days after the date of delivery of such meat or meat food product; and

(ii) in the case of any acquisition of a perishable agricultural commodity, as defined in section 1(4) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499a(4)), shall specify a required payment date consistent with requirements imposed pursuant to such Act;

(C) shall specify separate required payment dates for contracts under which property or services are provided in a series of partial executions or deliveries, to the extent that such contract provides for separate payment for such partial execution or delivery; and

(D) shall require that, within fifteen days after the date on which any invoice is received, Federal agencies notify the business concern of any defect or impropriety in such invoice which would prevent the running of the time period specified in subparagraph (A)(ii).

(b)(1) Interest penalties on amounts due to a business concern under this Act shall be paid to the business concern for the period



*New!*

# Get Your Piece of the $2.3 Trillion Government Market

## Never Before Available!
## Buying contacts at all levels of government. Officials and decision makers any way you want them!
## YOUR GOVERNMENT–YOUR WAY.™

Carroll Publishing's GovSearch Local is a comprehensive, multi-functional, government contact information service. This unique web-based research and information tool covers thousands of officials at all levels of government within a state. For each state, this easy-to-use resource delivers names, addresses, contact numbers and other information across town, city and county governments, as well as state and federal offices. GovSearch Local is the preferred choice for users who desire access to officials and decision makers in all levels of government in a specific local area.

GovSearch Local is available three ways: by individual state, ten Federal Regions and by 362 Metropolitan Statistical Areas (MSA). All three services include expenditures, population information, locator numbers and frequently called numbers.

FOR MORE INFORMATION:
Go to our website www.carrollpub.com or call 800-336-4240 to speak to a government information specialist.





| Take Certain Actions | repayment; taking actions to collect money or obtain property from the Debtors; repossessing the Debtors' property; and starting or continuing lawsuits or foreclosures. |
|---|---|
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time, and location listed above. *The Debtors' representative must be present at the meeting to be questioned under oath by the trustee and by creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date without further notice. |
| Notice | You will not receive notice of all documents filed in these chapter 11 cases. On May 23, 2012, the Bankruptcy Court entered its Order Under bankruptcy Code Sections (102)(1), 105(a) and 105(d), Bankruptcy Rules 1015(c), 2002(m) and 9007 and Local Bankruptcy Rule 2002-2 Establishing Certain Notice, Case Management and Administrative Procedures (the "Notice Procedures Order"). The Notice Procedures Order describes the notice procedures that apply in these chapter 11 cases. All parties who desire to participate in these chapter 11 cases must follow the procedures set forth in the Notice Procedures Order. Parties can obtain a copy of the Notice Procedures Order and all other documents filed electronically with the Bankruptcy Court in these cases, including lists of the Debtors' property and debts, by: (i) contacting the office of the Clerk of the Bankruptcy Court at One Bowling Green, New York, New York 10004-1408, (ii) accessing the Bankruptcy Court's website at www.nysb.uscourts.gov. Note that a PACER (http://www.pacer.psc.uscourts.gov) password and login are needed to access documents on the Court's website; (iii) accessing the website maintained by the Debtors' claims and noticing agent at www.kccllc.net/rescap; or (iv) contacting the Debtors' counsel at: Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York 10104 (Attn: Larren M. Nashelsky, Esq., Gary S. Lee, Esq. and Lorenzo Marinuzzi, Esq.). |
| Claims | Schedules of liabilities will be filed pursuant to Bankruptcy Rule 1007. Any creditor holding a scheduled claim which is not identified as disputed, contingent, or unliquidated as to amount may, but is not required to, file a proof of claim in these cases. Creditors whose claims are not scheduled or whose claims are scheduled as disputed, contingent, or unliquidated as to amount and who desire to participate in these cases or share in any distribution must file a proof of claim. A creditor who relies on the schedule of liabilities has the responsibility for determining that the claim is listed accurately. A form of proof of claim and notice of the deadline for filing such proof of claim will be sent to you later. A deadline for the last day for filing proofs of claim has not yet been established. |
| Discharge of Debts | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. *See* Bankruptcy Code § 1141(d). A discharge means that you may never try to collect the debt from the Debtors, except as provided in the plan. If you believe that a debt owed to you is not dischargeable under Bankruptcy Code § 1141(d)(6)(A), you must start a lawsuit by filing a complaint in the office of the Clerk of the Bankruptcy Court by the deadline established by the Bankruptcy Court. |
| Barclays DIP Order | The Bankruptcy Court is considering the entry of several "final orders," including the final order (the "Barclays DIP Order") to grant the Debtors' Motion For Interim And Final Orders Pursuant To 11 U.S.C. §§ 105, 362, 363(b)(1), 363(f), 363(m), 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) And 364(e) And Bankruptcy Rules 4001 And 6004 (I) Authorizing The Debtors To (A) Enter Into And Perform Under Receivables Purchase Agreements And Mortgage Loan Purchase And Contribution Agreements Relating To Initial Receivables And Mortgage Loans And Receivables Pooling Agreements Relating To Additional Receivables, And (B) Obtaining Postpetition Financing On A Secured, Superpriority Basis, (II) Scheduling A Final Hearing Pursuant To Bankruptcy Rules 4001(b) and 4001(c), And (III) Granting Related Relief.

The Debtors are seeking to have the Barclays DIP Order provide, among other things, that the transfers of mortgage loans and servicing advance receivables from Debtors GMAC Mortgage LLC and Residential Funding Company LLC to Debtors GMACM Borrower LLC to RFC Borrower LLC were or are, as applicable, free and clear of all liens, claims and encumbrances pursuant to Section 363(f) of the Bankruptcy Code. |
| Office of the Clerk of the Bankruptcy Court | Any paper that you file in these bankruptcy cases should be filed at the office of the Clerk of the Bankruptcy Court at the address listed in this notice. You may inspect all papers filed, including the list of the Debtors' property and debts and the list of property claimed as exempt, at the office of the Clerk of the Bankruptcy Court. |
| Foreign Creditors | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |

HOMEOWNER

3

| Residential Funding Mortgage Exchange, LLC | 12-12059 (MG) | 41-1674247 |
| Residential Funding Mortgage Securities I, Inc. | 12-12060 (MG) | 75-2006294 |
| Residential Funding Mortgage Securities II, Inc. | 12-12061 (MG) | 41-1808858 |
| Residential Funding Real Estate Holdings, LLC | 12-12062 (MG) | 26-2736505 |
| Residential Mortgage Real Estate Holdings, LLC | 12-12063 (MG) | 26-2737180 |
| RFC-GSAP Servicer Advance, LLC | 12-12064 (MG) | 26-1960289 |
| RFC Asset Holdings II, LLC | 12-12065 (MG) | 41-1984034 |
| RFC Asset Management, LLC | 12-12066 (MG) | 06-1664678 |
| RFC Borrower LLC | 12-12068 (MG) | 45-5065558 |
| RFC Construction Funding, LLC | 12-12069 (MG) | 41-1925730 |
| RFC REO LLC | 12-12070 (MG) | 45-5222407 |
| RFC SFJV-2002, LLC | 12-12071 (MG) | 06-1664670 |

| Proposed Attorneys for Debtors | DATE, TIME, AND LOCATION OF MEETING OF |
|---|---|
| Larren M. Nashelsky | CREDITORS PURSUANT TO BANKRUPTCY |
| Gary S. Lee | CODE SECTION 341(a) |
| Lorenzo Marinuzzi | June 25, 2012 at 1:00 p.m. (ET) |
| MORRISON & FOERSTER LLP | 80 Broad Street, Fourth Floor |
| 1290 Avenue of the Americas | New York, New York 10004 |
| New York, New York 10104 | |
| Telephone: (212) 468-8000 | |
| Facsimile: (212) 468-7900 | |

**DEADLINE TO FILE A PROOF OF CLAIM** None at this time. When the Bankruptcy Court sets a claims deadline, you will be notified and provided a proof of claim form by mail.

**DEADLINE TO FILE A COMPLAINT TO DETERMINE DISCHARGEABILITY OF CERTAIN DEBTS** None at this time.

**CREDITORS MAY NOT TAKE CERTAIN ACTIONS AGAINST THE DEBTORS IN MOST INSTANCES, BECAUSE THE FILING OF THE BANKRUPTCY CASE AUTOMATICALLY STAYS CERTAIN COLLECTION AND OTHER ACTIONS AGAINST THE DEBTORS AND THE DEBTORS' PROPERTY. UNDER CERTAIN CIRCUMSTANCES, THE STAY MAY BE LIMITED TO 30 DAYS OR NOT EXIST AT ALL, ALTHOUGH THE DEBTORS CAN REQUEST THE BANKRUPTCY COURT TO EXTEND OR IMPOSE A STAY. IF YOU ATTEMPT TO COLLECT A DEBT OR TAKE OTHER ACTION IN VIOLATION OF THE BANKRUPTCY CODE, YOU MAY BE PENALIZED. COMMON EXAMPLES OF PROHIBITED ACTIONS BY CREDITORS ARE CONTACTING THE DEBTORS TO DEMAND REPAYMENT, TAKING ACTION AGAINST THE DEBTORS TO COLLECT MONEY OWED TO CREDITORS OR TO TAKE PROPERTY OF THE DEBTORS, AND STARTING OR CONTINUING COLLECTION ACTIONS, FORECLOSURE ACTIONS, OR REPOSSESSIONS. CONSULT A LAWYER TO DETERMINE YOUR RIGHTS IN THIS CASE.**

| Address of the Clerk of the Bankruptcy Court | For the Bankruptcy Court: Vito Genna Clerk of the |
|---|---|
| Clerk of the United States Bankruptcy Court, One Bowling Green, New York, New York 10004 | Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004. |
| Hours Open: 8:30 a.m. – 5:00 p.m. | Date: May 24, 2012 |
| Filing of Chapter 11 Bankruptcy Case | A bankruptcy case under chapter 11 of the Bankruptcy Code (title 11, United States Code) has been filed in this Bankruptcy Court by each of the Debtors named above, and an order for relief has been entered. Chapter 11 allows a debtor to reorganize or liquidate pursuant to a plan. A plan is not effective unless confirmed by the Bankruptcy Court. You may be sent a copy of the plan and disclosure statement telling you about the plan, and you might have an opportunity to vote on the plan. You will be sent a notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the Debtors will remain in possession of the Debtors' property and may continue to operate their business. |
| Legal Advice | Staff of the office of the Clerk of the Bankruptcy Court cannot give legal advice. Consult a lawyer to determine your rights in this case. |
| Creditors Generally May Not | Prohibited collection actions are listed in Bankruptcy Code § 362. Common examples of prohibited actions include contacting the Debtors by telephone, mail, or otherwise to demand |

2

HOMEOWNER

OMB No. 2502-0265

| A. U.S. Department of Housing and Urban Development | | B. Type of Loan | | |
|---|---|---|---|---|
| | | 1. [ ] FHA    2. [ ] FMHA    3. [X] Conv. Unins. | | |
| | | 4. [ ] VA    5. [ ] Conv. Ins. | | |
| | | 6. File Number    26011113 | | 7. Loan Number    517002 |
| **Settlement Statement** | | 8. Mortgage Ins. Case No. | | |

| C. Note: | This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked ("POC") were paid outside the closing: they are shown here for information purposes and are not included in the totals. |
|---|---|
| D. Name of Borrower: | Janice Montgomery |
| E. Name of Seller: | |
| F. Name of Lender: | Sebring Capital Partners, L.P., 400 International Parkway, ste 3000, Carrollton, TX 75007 |
| G. Property Location: | Lot 8-9, Block 1, Jones sub Pleasant View<br><br>2607 N. Shartel Avenue, Oklahoma City, OK 73103 |
| H. Settlement Agent:<br>Place of Settlement: | Oklahoma City Abstract & Title Co. (405) 749-8700<br>3705 W. Memorial Rd., St 705, Oklahoma City, OK 73134 |
| I. Settlement Date: 10/26/2006 | Proration Date:    10/31/2006 |

| J. Summary of Borrower's Transaction | | | K. Summary of Seller's Transaction | | |
|---|---|---|---|---|---|
| **100.** | **Gross amount due from borrower:** | | **400.** | **Gross amount due to seller:** | |
| 101. | Contract sales price | | 401. | Contract sales price | |
| 102. | Personal property | | 402. | Personal property | |
| 103. | Settlement charges to borrower (line 1400) | 7,502.78 | 403. | | |
| 104. | | | 404. | | |
| 105. | | | 405. | | |
| Adjustments for items paid by seller in advance | | | Adjustments for items paid by seller in advance | | |
| 106. | City/town taxes | | 406. | City/town taxes | |
| 107. | County taxes | | 407. | County taxes | |
| 108. | Assessments | | 408. | Assessments | |
| 109. | | | 409. | | |
| 110. | | | 410. | | |
| 111. | | | 411. | | |
| 112. | | | 412. | | |
| **120.** | **Gross amount due from borrower:** | **7,502.78** | **420.** | **Gross amount due to seller:** | **0.00** |
| **200.** | **Amounts paid by or in behalf of borrower:** | | **500.** | **Reduction in amount due to seller:** | |
| 201. | Deposit or earnest money | | 501. | Excess deposit (see instructions) | |
| 202. | Principal amount of new loan(s) | 80,750.00 | 502. | Settlement charges to seller (line 1400) | 0.00 |
| 203. | Existing loan(s) taken subject to | | 503. | Existing loan(s) taken subject to | |
| 204. | | | 504. | Payoff of first mortgage loan | |
| 205. | | | 505. | Payoff of second mortgage loan | |
| 206. | | | 506. | | |
| 207. | | | 507. | | |
| 208. | | | 508. | | |
| 209. | | | 509. | | |
| Adjustments for items unpaid by seller | | | Adjustments for items unpaid by seller | | |
| 210. | City/town taxes | | 510. | City/town taxes | |
| 211. | County taxes | | 511. | County taxes | |
| 212. | Assessments | | 512. | Assessments | |
| 213. | | | 513. | | |
| 214. | | | 514. | | |
| 215. | | | 515. | | |
| 216. | | | 516. | | |
| 217. | | | 517. | | |
| 218. | | | 518. | | |
| 219. | | | 519. | | |
| **220.** | **Total paid by/for borrower:** | **80,750.00** | **520.** | **Total reduction in amount due seller:** | **0.00** |
| | | | **600.** | **Cash at settlement to/from seller:** | |

| 301. | Gross amount due from borrower (line 120) | 7,302.70 | 401. | Gross amount due to seller (line 420) | 0.00 |
| 302. | Less amount paid by/for borrower (line 220) | 80,150.00 | 402. | Less total reduction in amount due seller (line 520) | 0.00 |
| 303. | CASH ()FROM (X)TO BORROWER | 73,247.22 | 603. | 50,50.54 CASH ()FROM ()TO SELLER | 0.00 |

**SUBSTITUTE FORM 1099 SELLER STATEMENT -** The information contained in Blocks E, G, H and I and on line 401 (or, if line 401 is asterisked, lines 403 and 404), 406, 407 and 408-412 (applicable part of buyer's real estate tax reportable to the IRS) is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction will be imposed on you if this item is required to be reported and the IRS determines that it has not been reported.

**SELLER INSTRUCTION -** If this real estate was your principle residence, file form 2119, Sale or Exchange of Principal Residence, for any gain, with your income tax return; for other transactions, complete the applicable parts of form 4797, Form 6252 and/or Schedule D (Form 1040).

You are required by law to provide Oklahoma City Abstract & Title Co. (405) 749-8700 with your correct taxpayer identification number.

If you do not provide Oklahoma City Abstract & Title Co. (405) 749-8700 with your correct taxpayer identification number, you may be subject to civil or criminal penalties.

Borrower Initial(s)_____    _____          Seller Initial(s)_____    _____

| L. Settlement Charges | | Paid From Borrower's Funds at Settlement | Paid From Seller's Funds at Settlement |
|---|---|---|---|
| 700. | Total sales/broker commission | | |
| | Division of commission (line 700) as follows: | | |
| 701. | $ | | |
| 702. | $ | | |
| 703. | Commission paid at settlement | | |
| 704. | | | |
| 705. | Transaction Fee | | |
| **800.** | **Items payable in connection with loan** | | |
| 801. | Loan origination fee | | |
| 802. | Loan discount    to   Sebring Capital Partners, L.P ( 1%) | 807.50 | |
| 803. | Appraisal fee    to   Advantage Mortgage Solutions | 350.00 | |
| 804. | Credit report | | |
| 805. | Lender's inspection fee | | |
| 806. | Mortgage insurance application fee | | |
| 807. | Assumption fee | | |
| 808. | Tax Service Fee    to   Sebring Capital Partners, L.P. | 78.00 | |
| 809. | Underwriting Fee    to   Sebring Capital Partners, L.P. | 495.00 | |
| 810. | Flood Certification Fee    to   Sebring Capital Partners, L.P. | 9.00 | |
| 811. | Processing Fee    to   Advantage Mortgage Solutions | 500.00 | |
| 812. | Yield Spread Premium    to   J-D Documents | 100.00 | |
| 813. | Application Fee    to   Advantage Mortgage Solutions | 100.00 | |
| 814. | Mortgage Broker Fee    to   Advantage Mortgage Solutions | 2,462.50 | |
| **900.** | **Items required by lender to be paid in advance** | | |
| 901. | Interest from    10/31/2006 to 11/1/2006   at $21.68000/day  for 1 days. | 21.68 | |
| 902. | Mortgage insurance premium for | | |
| 903. | Hazard insurance premium for | | |
| 904. | | | |
| 905. | VA Funding Fee | | |
| **1000.** | **Reserves deposited with lender** | | |
| 1001. | Hazard Insurance | | |
| 1002. | Mortgage insurance | | |
| 1003. | City property taxes | | |
| 1004. | County property taxes | | |
| 1005. | Annual assessments (maint.) | | |
| 1006. | | | |
| 1007. | | | |
| 1008. | | | |
| 1009. | Aggregate Adjustment | | |
| **1100.** | **Title charges** | | |
| 1101. | Settlement or closing fee    to   Oklahoma City Abstract & Title Co. | 150.00 | |
| 1102. | Abstract or title search | | |
| 1103. | Title examination | | |
| 1104. | Title insurance binder | | |
| 1105. | Document preparation | | |
| 1106. | Notary fees | | |
| 1107. | Attorney's fees to | | |
| | includes above items no.: | | |
| 1108. | Title insurance | | |
| | includes above items no.: | | |
| 1109. | Lender's coverage | | |
| 1110. | Owner's coverage | | |
| 1111. | Title Report    to   Oklahoma City Abstract & Title Co. | 75.00 | |
| 1112. | Handling Fee, Fax Fee, et. al    to   Oklahoma City Abstract & Title Co. | 50.00 | |
| 1113. | Express Fee    to   Oklahoma City Abstract & Title Co. | 25.00 | |
| 1114. | Federal Court Certificate | | |
| **1200.** | **Government recording and transfer charges** | | |
| 1201. | Recording fees:    Mortgage $50.00 | 50.00 | |
| 1202. | City/county tax/stamps:    Mortgage $80.75 | 80.75 | |

| | | | | | |
|---|---|---|---|---|---|
| 1203. | State tax stamps. | | | | |
| 1204. | Mortgage recording Fee | | | | |
| 1205. | Recording of Assignment | | | | |
| 1206. | | | | | |
| 1300. | Additional settlement charges | | | | |
| 1301. | Survey | | | | |
| 1302. | Pest inspection | | | | |
| 1303. | Property Boundary Inspection | | | | |
| 1304. | Travel & Closing Fee | to | Closing Services | 225.00 | |
| 1305. | Payoff Judgment | to | Midland Credit Management | 1,918.35 | |
| 1400. | Total settlement charges (entered on lines 103, section J and 502, section K) | | | 7,502.78 | |

Borrower Initial(s)_____  _____          Seller Initial(s)_____  _____