IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Residential Capital, LLC, et al. | ) | Case No. 12-12020-mg |
| | ) | |
| Debtors | ) | (Jointly Administered) |
| | ) | |
| | ) | Hearing Date: July 10, 2012 |
| | ) | |
| | ) | 10:00 a.m. |

**MOTION OF AURORA BANK, FSB FOR ORDER PURSUANT TO SECTION 362(d) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 4001 AND LOCAL BANKRUPTCY RULE 4001-1 MODIFYING THE AUTOMATIC STAY TO ALLOW CONTIUATION OF PRE-PETITION LITIGATION**

1. Aurora Bank, FSB ("Aurora"), as plaintiff or plaintiff-in-intervention in declaratory relief and slander of title actions stemming from GMAC Mortgage, LLC's (formerly known as GMAC Mortgage Corporation, "GMAC") wrongful reconveyance of several security instruments securing loans against real property in California (the "Rogers Action" and the "Joint Action"), by and through its attorneys, bring this motion ("Motion") pursuant to section 362(d) of Title 11, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Bankruptcy Rules for an order modifying the automatic stay to allow the Rogers Action and the Joint Action against GMAC and its agent, Executive Trustee Services, Inc. (now known as Executive Trustee Services, LLC, "Executive Trustee"), as defendants, to continue in the El Dorado and Los Angeles County Superior Courts of California.

**PRELIMINARY STATEMENT**

2. Good cause exists to modify the automatic stay to permit the Rogers Action and the Joint Action to proceed. A review of the balance of harms between Aurora and the Debtors

demonstrates that allowing the litigation to proceed in California state court as scheduled is proper.

3. The Rogers Action was commenced on September 25, 2009, and the Joint Action was commenced on January 24, 2012; but negotiations between Aurora and the Debtors regarding these matter began several months prior. GMAC, by and through its agent Executive Trustee, erroneously executed and recorded a Full Reconveyance of multiple deeds of trust being serviced by Aurora. GMAC had no authority to execute these reconveyances; but made several mistakes when attempting to execute reconveyances for junior security instruments for which GMAC was acting as servicer. As a result of GMAC's wrongful actions, Aurora is now unable to enforce these security instruments, resulting in a loss of security in excess of $1,406,000.00.

## STATEMENT OF FACTS

### California Litigation: The Rogers Action and the Joint Action

1. Aurora is the servicer of a home mortgage loan for borrowers Steven Scott Rogers and Stephanie Rogers in the initial sum of $332,800.00, secured by a deed of trust ("Rogers Deed of Trust") recorded against real property located at 2832 Knollwood Dr., Cameron Park, California 95682 (the "Rogers Property"). On or about October 25, 2005, GMAC, through its agent, Executive Trustee, erroneously recorded a reconveyance of the Rogers Deed of Trust. As a result of this reconveyance and subsequent encumbrances upon the Rogers Property, Aurora is now unable to foreclose upon the Rogers Property under the terms of the Rogers Deed of Trust or otherwise enforce its security interest in the Rogers Property.

2. Aurora is the servicer of a home mortgage loan for borrower Richard King in the initial sum of $340,000.00, secured by a deed of trust ("King Deed of Trust") recorded against real property located at 1175 Phillips St., Vista, California 92083 (the "King Property"). On or

about November 25, 2005, GMAC, through its agent, Executive Trustee, erroneously recorded a reconveyance of the King Deed of Trust. As a result of this reconveyance and a subsequent trustee's sale of the King Property, Aurora is now unable to foreclose upon the King Property under the terms of the King Deed of Trust or otherwise enforce its security interest in the King Property.

3. Aurora is the servicer of a home mortgage loan for borrower Jo Ann Thomas in the initial sum of $304,000.00, secured by a deed of trust ("Thomas Deed of Trust") recorded against real property located at 1428 West 93rd Street, Los Angeles, California 90047 (the "Thomas Property"). On or about November 17, 2005, GMAC, through its agent, Executive Trustee, erroneously recorded a reconveyance the Thomas Deed of Trust. As a result of this reconveyance, a subsequent transfer of the Thomas Property and subsequent encumbrances, Aurora is now unable to foreclose upon the Thomas Property under the terms of the Thomas Deed of Trust or otherwise enforce its security interest in the Thomas Property.

4. Aurora is the servicer of a home mortgage loan for borrower Mark Tozier in the initial sum of $429,856.00, secured by a deed of trust ("Tozier Deed of Trust") recorded against real property located at 33914 Tuscan Creek Way, Temecula, California 92592 (the "Tozier Property"). On or about November 29, 2005, GMAC, through its agent, Executive Trustee, erroneously recorded a reconveyance the Tozier Deed of Trust. As a result of this reconveyance, a subsequent trustee's sale of the Tozier Property and judgment issued by the Riverside County Superior Court in Case Number RIC541193, Aurora is now unable to foreclose upon the Tozier Property under the terms of the Tozier Deed of Trust or otherwise enforce its security interest in the Tozier Property.

5. On or about September 25, 2009, Debtors filed an action in California Superior Court entitled *GMAC Mortgage, LLC et al. v. Rogers, et al.*, El Dorado County Case Number PC200900603 ("Rogers Action"). On or about February 17, 2012, Aurora filed a Counterclaim in Intervention against Debtors in the Rogers Action. Debtors are currently in default as to Aurora's First Amended Counterclaim in Intervention.

6. A mediation regarding Aurora's claims in the Rogers Action was held on September 23, 2011. This mediation was unsuccessful. Aurora and Debtors agreed to a second mediation to attempt to resolve Aurora's claims in the Rogers Action as well as some or all of Aurora's claims regarding the King, Thomas, and Tozier matters discussed above.

7. Although Aurora attempted in good faith to schedule a second mediation. Debtors unreasonably delayed such scheduling. In an effort to preserve its rights and to encourage Debtors to come to the mediation table, Aurora filed a joint Complaint against Debtors regarding the King, Thomas, and Tozier matters in the California Superior Court entitled *Aurora Bank, FSB v. GMAC Mortgage, LLC et al.*, Orange County Superior Court Case No. 30-2012-00539541-CU-OR-CJC ("Joint Action") on or about January 24, 2012. A First Amended Complaint in the Joint Action was filed on April 26, 2012.

## The Bankruptcy Proceedings

8. On May 14, 2012, the Debtors filed voluntary petitions in this Court under Chapter 11 of Title 11 of the Bankruptcy Code.

9. On June 1, 2012, GMAC and Executive Trustee filed a Notice of Stay and Effect of Automatic Stay in the Joint Action. Debtors' Notice states that the Joint Action should be stayed pursuant to 11 U.S.C. § 362(a).

## JURISDICTION

10. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

## ARGUMENT

## THE COURT SHOULD LIFT OR MODIFY THE AUTOMATIC STAY TO ALLOW THE CALIFORNIA LITIGATION TO PROCEED TO JUDGMENT

11. The statutory predicates for the relief requested herein are sections 362(a) and (d) of the Bankruptcy Code. Under the Bankruptcy Code, a stay is both temporary in duration and subject to being modified or terminated. The Court should enter an order lifting or modifying the automatic stay pursuant to section 362(d) of the Bankruptcy Code allowing the California Litigation to proceed to judgment against the Debtors, along with the non-debtor defendants, for a number of reasons.

12. In <u>Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.</u> (1982) 458 U.S. 50, the Supreme Court considered constitutional restraints on bankruptcy court jurisdiction. The plurality distinguished those issues "at the core of the federal bankruptcy power ... from the adjudication of state-created private rights." <u>Id.</u> at 71. The bankruptcy court can exercise jurisdiction over the former, but cannot exercise jurisdiction over a state law claim that arose pre-petition. Such a claim can be adjudicated only in an Article III court.

13. The claims within the Rogers Action and the Joint Action involve California real property law, and should be adjudicated by the California courts. In each action, the court must determine the priority of multiple encumbrances upon each property, the validity of foreclosure proceedings, the enforceability of documents recorded in county recorder's offices within

California, whether subsequent buyers of these properties are bona fide purchasers under the California recording statutes, whether subsequent encumbrancers of these properties are bona fide encumbrancers under California law, and/or other complex issues of California law. Such claims should be adjudicated by the California Court in which the claims were filed.

14. Moreover, if the Court does not modify the automatic stay, Aurora will be forced to choose between waiting indefinitely to proceed with the state court action against all of the defendants in the pending Rogers Action, or moving to sever the Debtors from the other defendants, proceeding with the litigation as to the non-debtor defendants and then litigating the claims against the Debtors at some later point. Judicial efficiency will be served if the California state court is permitted to resolve all of the litigation against all of the defendants in a single trial, and the balance of hardships mandates that the trial proceed now rather than later. The facts of the Rogers Litigation are largely not in dispute, and mediation of these matters was to be set before the filing of the Bankruptcy petition; but because of lengthy delays from the Debtors such mediation did not take place.

15. Finally, permitting the Rogers Action and the Joint Action to proceed will have minimal impact upon the Debtors and their estates. On information and belief the Debtors have insurance coverage for most if not all of any judgment against them. On information and belief this matter may be resolved in mediation and therefore none of the members of senior management who are involved in the Debtors' financial affairs will be required to testify at trial. The facts mandate modification of the automatic stay to permit the Rogers Action and the Joint Action to proceed against the Debtors.

A. **Standards for Modification of the Automatic Stay**

16. Section 362(d) of the Bankruptcy Code provides that the automatic stay shall be modified for "cause." 11 U.S.C. § 362(d)(1). The Sonnax factors require a court to consider (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceedings involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceedings; and (12) impact of the stay on other parties and the balance of the harms. Sonnax Indus., Inc. v. TRI Component Products Corp. (In re Sonnaz Indus., Inc.) (2nd Cir. 1990) 907 F.2d 1280, 1286; *see also* In re Godt (E.D.N.Y. 2002) 282 B.R. 577, 585 (affirming bankruptcy court decision to lift stay to allow malpractice actions to proceed against chapter 7 debtor); In re Larkham (Bankr, D. Vt. 1983) 31 B.R. 273, 276 (listing stay to allow continuation of employment discrimination case).

17. In applying Sonnax standard, "it will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties in their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere." Matter of Holtkamp (7th Cir. 1982) 669 R.2d 505, 508 (citing S. Rep. No. 989, 95th Cong., 2d Sess. 50 *reprinted in* 1978 U.S.C.C.A.N.

5787, 5836) (affirming decision to lift stay to allow personal injury case to proceed because civil action did not jeopardize estate where insurer assumed full financial responsibility for defending the litigation). Not all of the Sonnax factors are relevant in each case, and the Court need not assign equal weight to each factor. In re New York Med. Group, P.C. (Bankr, S.D.N.Y. 2001) 265 B.R. 408, 413 (modifying the automatic stay to allow medical malpractice suit to proceed against liquidating debtor).

### B. Both the Balancing Test and the Sonnax Factors Require Modification of the Automatic Stay to Permit the Rogers Action and the Joint Action to Continue to Judgment

18. All of the relevant factors under the three-pronged test and Sonnax mandate modification of the automatic stay to permit the Rogers Action and the Joint Action to proceed to judgment. First, this court should allow the California courts to decide issues of California real property law. When the bankruptcy court cannot adjudicate pre-petition claims, the stay should be modified to permit the action to continue in the original court. *See* In re Cooke, 2007 WL 2102687, at *3.

19. Furthermore, severe prejudice to Aurora may result if the stay is not modified. Negotiations leading up to the Rogers Action and the Joint Action have been pending for over a year, with nearly all delay originating from Debtors. Further delay would effectively prevent justice and reward Debtors for their unresponsiveness and default. In contrast, neither the Debtors nor the chapter 11 estates will be prejudiced in any significant degree, not will material burdens be imposed on the Debtors, if the Court permits the Rogers Action and the Joint Action to proceed in the state court. In their bankruptcy filings, Debtors indicate that sufficient assets exist to pay unsecured claims, and Debtors intend to continue operations after the conclusion of

the bankruptcy. *See Voluntary Bankruptcy Petitions of Residential Capital, LLC, GMAC Mortgage, LLC and Executive Trustee Services, LLC.* The facts in the Rogers Action and the Joint Action are largely not in dispute. Requiring the Debtors to participate in mediation will not materially impact their involvement with financial affairs or the bankruptcy action. Furthermore, given that only legal issues remain in the Rogers Action and the Joint Action, Aurora does not believe that any of the members of the Debtors' senior management whose attention to the bankruptcy case may be essential will be required at any mediation or as witnesses at the trial(s).

20.     Relief from the automatic stay will ensure judicial economy and will allow the most efficient and expeditious resolution of Aurora's claims, which were pending in California state courts before the bankruptcy petitions were filed, with facts largely not in dispute. In similar circumstances, courts have frequently modified the automatic stay to allow prepetition litigation to continue where discovery was not required or had already taken place. *See* In re Fischer (1996) 202 B.R. 341, 355 (granting stay relief to allow civil RICO claims to proceed where discovery was near completion); In re Rexene (1992) 141 B.R. 574 (granting relief from stay where document discovery had been completed and only a few depositions remained).

21.     Modifying the stay to allow the Rogers Action and the Joint Action to continue would be the most efficient and cost effective way to achieve complete resolution of the issues raised in those cases. Aurora has alleged claims against other defendants based on the same facts at issue in the claims against the Debtor, and only the California trial court may render a judgment binding on all parties in the Rogers Action and the Joint Action. *See* New York Med. Group (2001) 265 B.R. 408, 413 (modifying the stay to allow prepetition litigation to continue where only state court could render a complete judgment). While it is possible that the litigation against the non-debtor defendants could proceed if the claims against them are severed from the

claims against the Debtors, it would be extremely expensive and inefficient to force Aurora to try the case twice against two sets of defendants, and it would be unfair to force Aurora to wait indefinitely to obtain recovery from the Debtors' insurance when the burden on the Debtors of permitting the trial to go forward is minimal. For these reasons, judicial economy and the interest in expediting complete resolution of the issues raised by the Rogers Action and the Joint Action requires that claims that may be decided in a non-bankruptcy court be resolved in the non-bankruptcy courts in which the claims were commenced. In re Larkham (1983) 31 B.R. 273, 276; In re Cooke (2007) 2007 WL 2102687 at *3.

22.     The automatic stay should be modified where the purposes of section 362(a) of the Bankruptcy code would not be served by leaving the stay in effect. See e.g. In re Continental Airlines, Inc. (1993) 152 B.R. 420, 426 (finding cause to lift the automatic stay to permit movant to file motion in federal district court). In this case, enforcing the automatic stay would not promote any of the general policies of the Bankruptcy code (i.e. "protect[ing] property that may be necessary for the debtor's fresh start and… provind[ing] the dismemberment of a debtor's assets by individual creditors levying on the property." Collier on Bankruptcy ¶ 362.03 at 362-13 (15th ed. rev. 2006).

23.     Finally, policy concerns mandate modification of the automatic stay in this case. In enacting the Bankruptcy Code, Congress noted that, while the automatic stay had broad application, "it will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties in their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere." In re Holtkamp (1982) 669 F.2d 505, 508 (citing S. Rep. No. 989, 95th Cong., 2d Sess. 50). Here, it would increase efficiency to have the claims outlined above, which involve

California real estate and application of California law, heard in the courts where they were originally brought and where no prejudice to the bankruptcy estate would result from modifying the stay. Policy dictates that the Court modify the automatic stay to allow the Rogers Action and the Joint Action to continue in the California courts.

### NO PRIOR REQUEST

No prior request for the relief sought herein has been made to this or any other court.

### NOTICE

Notice of this motion has been provided to the Debtors, the Debtors' twenty largest creditors, counsel for the Debtors and the United States Trustee.

### CONCLUSION

For the reasons set forth above, Aurora respectfully requests that this Court enter an order modifying the automatic stay to allow the continuation of the Rogers Action and the Joint Action; and granting such other and further relief as is just and proper under the circumstances.

Dated this 19th day of June, 2012

Respectfully submitted,

_____
James M. Lloyd, Esq.

GREEN & HALL, APC
1851 E. First Street, 10th Floor
Santa Ana, CA 92705
Telephone: (714) 918-7000
Fax:         (714) 918-6996
e-mail: jlloyd@greenhall.com
**Attorneys for Movant Aurora Bank, FSB**

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Residential Capital, LLC, et al. | ) | Case No. 12-12020-mg |
| | ) | |
| Debtors | ) | (Jointly Administered) |
| | ) | |
| | ) | Hearing Date: July 10, 2012 |
| | ) | |
| | ) | 10:00 a.m. |

**CERTIFICATE OF SERVICE**
**MOTION OF AURORA BANK, FSB FOR ORDER PURSUANT TO SECTION 362(d)**
**OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 4001 AND LOCAL**
**BANKRUPTCY RULE 4001-1 MODIFYING THE AUTOMATIC STAY TO ALLOW**
**CONTIUATION OF PRE-PETITION LITIGATION**

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document will be served by the court via NEF and hyperlink to the document. On June 19, 2012, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses indicated below:

- Kevin S. Allred    kevin.allred@mto.com, john.spiegel@mto.com
- Bijan Amini    bamini@samlegal.com, jhoyte@samlegal.com
- Herbert Baer    rjacobs@ecf.epiqsystems.com
- Elizabeth Banda Calvo    rgleason@pbfcm.com, ebcalvo@pbfcm.com
- Andrew Behlmann    abehlmann@lowenstein.com
- Leslie Ann Berkoff    lberkoff@moritthock.com
- Mark K. Broyles    broylesmk@rgcattys.com, ramoffatt@rgcattys.com
- Martin G. Bunin    marty.bunin@alston.com
- Michael Robert Carney    mcarney@mckoolsmith.com
- James S. Carr    KDWBankruptcyDepartment@kelleydrye.com

- Gerard Sylvester Catalanello    gcatalanello@duanemorris.com, gcatalanello@duanemorris.com
- Ronald L. Cohen    cohenr@sewkis.com
- Joseph N. Cordaro    joseph.cordaro@usdoj.gov
- Joseph Corneau    jcorneau@klestadt.com
- Christopher C. Costello    cccostello@winston.com, docketny@winston.com
- Benjamin P. Deutsch    bdeutsch@schnader.com
- John P. Dillman    houston_bankruptcy@publicans.com
- David W. Dykhouse    dwdykhouse@pbwt.com, mcobankruptcy@pbwt.com
- Mark C. Ellenberg    mark.ellenberg@cwt.com, allison.dipasqua@cwt.com; betty.comerro@cwt.com; wendy.kane@cwt.com
- Michael S. Etkin    metkin@lowenstein.com, mseymour@lowenstein.com; tdwatson@lowenstein.com
- Daniel J. Flanigan    dflanigan@polsinelli.com, tbackus@polsinelli.com; docket@polsinelli.com
- Patrick D. Fleming    Pfleming@morganlewis.com
- Andrew K. Glenn    aglenn@kasowitz.com, courtnotices@kasowitz.com
- Joel R. Glucksman    jglucksman@scarincihollenbeck.com, bcaughey@scarincihollenbeck.com
- Seth Goldman    seth.goldman@mto.com
- Irena M. Goldstein    igoldstein@proskauer.com, lsaal@proskauer.com
- Joel C Haims    JHaims@mofo.com, docketny@mofo.com
- Alan D. Halperin    ahalperin@halperinlaw.net, lgu@halperinlaw.net; cmitchell@halperinlaw.net; cbattaglia@halperinlaw.net
- William A. Hazeltine    whazeltine@sha-llc.com
- Stephen Hessler    beth.friedman@kirkland.com; jacob.goldfinger@kirkland.com; richard.cieri@kirkland.com; victoria.cole@kirkland.com; michael.meltzer@kirkland.com; anthony.grossi@kirkland.com; shavone.green@kirkland.com

- William H. Hoch will.hoch@crowedunlevy.com, donna.hinkle@crowedunlevy.com; ecf@crowedunlevy.com; christopher.staine@crowedunlevy.com; lysbeth.george@crowedunlevy.com; kerryann.wagoner@crowedunlevy.com
- Brandon Johnson brandon.johnson@pillsburylaw.com
- Richardo I. Kilpatrick ecf@kaalaw.com, lrobertson@kaalaw.com
- James N. Lawlor jlawlor@wmd-law.com, jgiampolo@wmd-law.com
- Gary S. Lee glee@mofo.com, jpintarelli@mofo.com
- Ira M. Levee ilevee@lowenstein.com, mseymour@lowenstein.com
- Alan E. Marder lgomez@msek.com
- Lorenzo Marinuzzi lmarinuzzi@mofo.com
- D. Ross Martin ross.martin@ropesgray.com, Patricia.Chen@ropesgray.com
- Joseph Thomas Moldovan bankruptcy@morrisoncohen.com
- Thomas J. Moloney maofiling@cgsh.com, tmoloney@cgsh.com;dlivshiz@cgsh.com
- Carol E. Momjian cmomjian@attorneygeneral.gov
- Thomas M. Monahan tmonahan@samlegal.com
- Matthew P. Morris mpmorris@gelaw.com, delman@gelaw.com
- Andrew W. Muller amuller@stinson.com, ecugno@stinson.com
- Vicente Matias Murrell murrell.vicente@pbgc.gov, efile@pbgc.gov
- Jason A. Nagi jnagi@polsinelli.com, tbackus@polsinelli.com;kvervoort@polsinelli.com;docketing@polsinelli.com
- Larren M. Nashelsky lnashelsky@mofo.com
- David Neier dneier@winston.com, dcunsolo@winston.com
- Laura E. Neish lneish@zuckerman.com
- Katherine S. Parker-Lowe katherine@ocracokelaw.com
- Gregory M. Petrick gregory.petrick@cwt.com, allison.dipasqua@cwt.com
- David M. Powlen david.powlen@btlaw.com
- Anthony Princi aprinci@mofo.com, nmoss@mofo.com

- Steven J. Reisman    sreisman@curtis.com, cgiglio@curtis.com; jdrew@curtis.com; mgallagher@curtis.com; dching@curtis.com;hsaydah@curtis.com; jzimmer@curtis.com; macohen@curtis.com; tsmith@curtis.com
- Michael A. Rollin    mrollin@rplaw.com, scoggins@rplaw.com; aromanelli@rplaw.com
- Scott K. Rutsky    srutsky@proskauer.com
- Diane W. Sanders    austin.bankruptcy@lgbs.com
- Thomas P. Sarb    ecfsarbt@millerjohnson.com
- Bradley Schneider    bradley.schneider@mto.com
- Ray C Schrock    ray.schrock@kirkland.com, beth.friedman@kirkland.com
- Andrea Sheehan    sheehan@txschoollaw.com, coston@txschoollaw.com; ashee1@yahoo.com; garza@txschoollaw.com
- Scott C. Shelley    scottshelley@quinnemanuel.com
- J. Christopher Shore    cshore@whitecase.com, jdisanti@whitecase.com; mcosbny@whitecase.com; jwinters@whitecase.com; Lindsay.Leonard@ny.whitecase.com
- Steven S. Sparling    ssparling@kramerlevin.com, docketing@kramerlevin.com
- John Mark Stern    john.stern@oag.state.tx.us, sherri.simpson@oag.state.tx.us
- Patricia Tomasco    ptomasco@jw.com, kgradney@jw.com; ccthomas@jw.com
- Michael D. Warner    mwarner@coleschotz.com, klabrada@coleschotz.com
- Elizabeth Weller    dallas.bankruptcy@publicans.com
- Douglas C. Wigley    dwigley@dessauleslaw.com, hpeters@dessauleslaw.com
- Amy Williams-Derry    awilliams-derry@kellerrohrback.com, kmak@kellerrohrback.com; dwilcher@kellerrohrback.com
- Eric D. Winston    ericwinston@quinnemanuel.com
- Robert D. Wolford    ecfwolfordr@millerjohnson.com

**II. SERVED BY US MAIL:** The undersigned certifies that on the 19th day of June, 2012, the foregoing was served via United States Mail, first class postage prepaid, addressed to:

| | |
|---|---|
| Residential Capital, LLC<br>1177 Avenue of the Americas<br>New York, NY 10036 | Gary S. Lee<br>Morrison & Foerster LLP<br>1290 Avenue of the Americas<br>40th Floor<br>New York, NY 10022 |
| GMAC Mortgage, LLC<br>1100 Virginia Drive<br>Fort Washington, PA 19034 | Lorenzo Marinuzzi<br>Larren M. Nashelsky<br>Anthony Princi<br>Morrison & Foerster LLP<br>1290 Avenue of the Americas<br>New York, NY 10104 |
| Executive Trustee Services, LLC<br>2255 N. Ontario Street, Suite 400<br>Burbank, CA 91504 | Steven J. Reisman<br>Curtis, Mallet-Prevost, Colt & Mosle LLP<br>101 Park Avenue<br>New York, NY 10178 |
| United States Trustee<br>33 Whitehall Street<br>21st Floor<br>New York, NY 10004 | Steven S. Sparling<br>Kramer Levin Naftalis & Frankel, LLP<br>919 Third Avenue<br>New York, NY 10022<br>***Representing Official Committee of Unsecured Creditors*** |
| Office of Unemployment Compensation Tax Services (UCTS)<br>Dept of Labor and Industry<br>Commonwealth of Pennsylvania<br>625 Cherry Street, Room 203<br>Reading, PA 19602-1152 | |
| Corinne Ball<br>Jones Day<br>222 East 41st Street<br>New York, NY 10017 | Judson Brown<br>Kirkland & Ellis LLP<br>665 15th Street, N.W. Ste. 1200<br>Washington, DC 20005 |
| Talcott Franklin<br>Talcott Franklin, P.C.<br>208 North Market Street<br>Suite 200<br>Dallas, TX 75202 | Rhodrick Harden<br>1568 Loretta Ave<br>Coumbus, OH 43211 |
| Patrick J Hopper<br>220 McCartney Dr<br>Moon Twp, PA 15108 | John G. Hutchinson<br>Sidley Austin LLP<br>787 Seventh Avenue<br>New York, NY 10019 |
| Corla Jackson<br>13230 Tom Gaston Rd<br>Mobile, AL 36695 | Taggart Kenneth<br>45 Heron Rd<br>Holland, PA 18966 |

| | |
|---|---|
| Kurtzman Carson Consultants<br>2335 Alaska Ave<br>El Segundo, CA 90245 | James J. Lotz<br>Foley & Mansfield, P.L.L.P.<br>545 Madison Avenue<br>15th Floor<br>New York, NY 10022 |
| James R. Martin<br>14587 Berklee Drive<br>Addison, TX 75001-3533 | Madeline Martin<br>14587 Berklee Drive<br>Addison, TX 75001-3533 |
| Robert N. Michaelson<br>The Michaelson Law Firm<br>11 Broadway<br>Suite 615<br>New York, NY 10004 | Janice Marie Montgomery<br>2607 N. Shartel Avenue<br>Oklahoma City, OK 73103 |
| Sophia Mullen<br>Sidley Austin LLP<br>787 Seventh Avenue<br>New York, NY 10019 | Office of Unemployment Compensation Tax Services (UCTS)<br>Dept of Labor and Industry<br>Commonwealth of Pennsylvania<br>625 Cherry Street, Room 203<br>Reading, PA 19602-1152 |
| Jordan Segal<br>Morris, Hardwickm Schneider<br>6 Nashua Court<br>Suite D<br>Baltimore, MD 21221 | Fredric Sosnick<br>Shearman & Sterling<br>599 Lexington Avenue<br>New York, NY 10022-6069 |
| Scott Talmadge<br>Kaye Scholer, LLP<br>425 Park Avenue<br>New York, NY 10022 | The Bank of New York Mellon Trust Company, N.A.<br>c/o Dechert LLP<br>Attn: Glen E. Siegel, Esq.<br>1095 Avenue of the Americas<br>New York, NY 10036 |
| Larry D. Walls<br>3831 W. 60th St.<br>Los Angeles, CA 90043 | |

GREEN & HALL, APC

*/s/ Laura Lane*
Laura Lane