*Common Pleas*
IN THE COURT OF ~~APPEALS~~, FRANKLIN COUNTY; OHIO
~~TENTH DISTRICT COURT OF APPEALS~~
*Civil Division*

UNITED STATES OF AMERICA, EX REL.
GMAC, Mortgage Co., et al.,        :        APPELLATE NO. _____
        Plaintiffs/Creditor              (related Case Nos. 02-MS-20; 05-JG-6455;
Vs.                                :        05-CV-7346 (03-CV-7478); 03-CV-10836;
                                            05-CV-4555; 03-CV-6954)(11-AP-875)
Yvonne D. Lewis, et al.,
        Defendants/Discharged Debtors    <u>EMERGENCY NOTICE OF APPEAL/ WITH</u>
                                   :        <u>EMERGENCY MOTION FOR LEAVE</u>


**UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF NEW YORK;**

In Re: Residential Capital, LLC., et al.    )    Case No. 12-12020 (MG)
                                            )        (Ch.11 )
        Debtor                              ) (Related BR Case No.07-bk-57237, S.D., OHIO)
                                            ) (Related BR Case No. 12-bk-12032, S.D., N.Y.)
                                            )    JUDGE: GLENN, MARTIN


**UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF OHIO;**
(at Columbus)

In Re: SIDNEY T. LEWIS, pro se,    )    Case No. 2:07-bk-57237
                                   )        (Ch.7 )
        Debtor                     )    (Related Bankr Case No. 2:05-bk-75111)
                                   )
Social Security No.: xxx-xx-5959   )    JUDGE: HOFFMAN, JOHN, Jr.


In Re: Yvonne D. Lewis,    )    Case No. 2:05-bk-75111
                           )        (Ch.7 )
Debtor                     )    (Related Case No. 2:07-bk-57237)
                           )
Social Security No.: xxx-xx-2390    )    JUDGE: HOFFMAN, JOHN, Jr.


**IN THE UNITED STATES DISTRICT COURT, S. D. OF OHIO**
**EASTERN DIVISION** (at Columbus)

UNITED STATES of America, Ex Rel.,
Sidney T. Lewis, et al.,           )    Action No. 2:08-cv-1042
        Plaintiffs                 (Related Dist. Ct. Cases 2:08-cv-16; 2:96-cv-494;
Vs.                                )    2:09-cv-179);
                                        JUDGE: HOLSCHUH
Larry McClatchey, et al.,          )    Magistrate Judge: KING

**12·A·P E   06   0506**

1 of 4 pages

Defendants

## I. EMERGENCY NOTICE OF APPEAL, UNDER DURESS;
### And,
## II. Emergency Motion For Leave To Appeal as IFP and PVL Under Duress, Grounded On violations of 362 Stay Order and U.S. Const., Art. VI, Cl. 2, and 14th Amend, Due Process;

### I. EMERGENCY NOTICE OF APPEAL,

Emergency Notice is hereby given that Sidney T. Lewis and Yvonne D. Lewis, without waiver of

Federal Protections (11 U.S.C. §§727, 524(a), 363; 26 U.S.C. §§ 267(b)(1); 18 U.S.C. §§ 242,

245(b)(2)(B), 666, 1962) hereby appeals to the Court of Appeals of Franklin County, Tenth Appellate

district, from the Order Confirming an alleged Sheriff's Sale on April 20, 2012 as entered in this alleged

"revived" action on **JUNE 4, 2012** (See: Exhibit A, Confirmation, **JUNE 4, 2012**); grounded on "362

Stay Order" obtained by GMAC Mortgage LLC in case no. 05-CV-4555 on **MAY 14, 2012**. (See:

Exhibit B, Stay, **MAY 14, 2012**)

> "Courts have held parties in contempt for the violation of the automatic stay provision
> of the bankruptcy code, 11 U.S.C. § 362, because of the special nature of that provision.
> The automatic stay is comparable to an AUTOMATIC INJUNCTION. It acts as a
> SPECIFIC AND DEFINITE ORDER OF A COURT TO RESTRAIN CREDITORS
> FROM CONTINUANCE OF JUDICIAL PROCESS or collection efforts against the
> debtor"

(See: ONE STOP REALTOUR PLACE, Inc. v. ALLEGIANCE TELECOM, Inc. (In re One Stop
Realtour Place, Inc.), 268 B.R. 430, 440-441 (Bankr. E.D. Pa. 2001))

Respectfully Submitted,

Dated: **JUNE 11, 2012.** _____       Dated: **JUNE 11, 2012.** _____
　　　　　　　　　　Sidney T. Lewis, pro se　　　　　　　　　　　　Yvonne D. Lewis, pro se
　　　　　　　　　　1875 Alvason Avenue　　　　　　　　　　　　　1875 Alvason Avenue
　　　　　　　　　　Columbus, Ohio 43219　　　　　　　　　　　　Columbus, Ohio 43219
　　　　　　　　　　(614) 940-3306　　　　　　　　　　　　　　　(614) 940-3306

### II. EMERGENCY MOTION FOR LEAVE TO APPEAL UNDER DURESS

Pursuant to the mandatory Bankruptcy Injunction, 11 U.S.C. §§ 362(a)(h), 524(a), 727; R.C. §

2323.52(D)(3) and (F)(2); and U.S. Const., Art. VI, Cl.2, "SUPREMACY CLAUSE"; O. Const., Art. I, Sect. 16, DUE PROCESS; and the 14th Amendment's Due Process Clause of the U.S. Constitution, without waiver of Federal Protections [Id. 242, 245] under the ASNA Program 49 USC §§ 106(f)(2)(A)(ii), 47504(a)(2)(D)&(E), Appellants/Defendants Sidney T. Lewis and Yvonne D. Lewis, pro se, by emergency motion for leave to appeal, move the COA10th Dist. for leave to file an emergency **Notice of Appeal** of all subsequent judgments entered after the effective date of the "taking[1]" by the City of Columbus under the ASNA program for environmental air pollutant abatements on **SEPTEMBER 25, 1987** (See: 53 FR 2800, declaration of taking), including, but not limited to the void **Order[2]** entered June 4, 2012 in violation of the 362 Stay effective on **MAY 14, 2012** (See: Exhibits A& B).

This motion/notice is grounded on violation of the automatic stay provision of the bankruptcy code, 11 U.S.C. § 362, on May 31, and June 4, 2012. (See: Exhibit A)

This motion/notice is equally grounded on Defendants Federal Protections [Id. 242, 245] under the ASNA Program 49 USC §§ 106(f)(2)(A)(ii), 47504(a)(2)(D)&(E), effective Sept. 25, 1987 pursuant to 18 USC §666 for collection of PFC's in the "at issue" uncompensated aviation easements under 57 FR 40242. (See and Compare: 18 USC §666; With: 57 FR 40242);

All as more fully set forth in the "Memo in Support of Motion For Leave" below.

Respectfully Submitted,

Dated: JUNE 12, 2012. _____    Dated: JUNE 12, 2012. _____
                        Sidney T/Lewis, pro se                                Yvonne D. Lewis, pro se
                        1875 Alvason Avenue                                   1875 Alvason Avenue
                        Columbus, Ohio 43219                                  Columbus, Ohio 43219
                        (614) 940-3306                                        (614) 940-3306

---

[1] "For it is undisputed that "[since] compensation is due at the time of taking, the owner at that time, not the owner at an earlier or later date, receives the payment." Danforth v. United States, 308 U.S. 271, 284; cf. United States v. Dickinson, 331 U.S. 745. We hold, contrary to the Court of Appeals, that the "taking" did not occur in 1946 when the Government filed its declaration of taking, but rather when the United States entered into possession of the land in 1943."
**(See: UNITED STATES v. DOW, 357 U.S. 17, 20-21 (U.S. 1958); also see: OHIO v. KOVACS, 469 U.S. 274, 278-279 (U.S. 1985));**
[2] "In Jordon v. Gilligan, 500 F.2d 701 (6th Cir. 1974), cert. denied, 421 U.S. 991, 95 S. Ct. 1996, 44 L. Ed. 2d 481 (1975), this Court reversed the denial of a rule 60(b) motion filed eight months after an order was entered. *** quoting Edelman v. Jordan, 415 U.S. 651, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974). 500 F.2d at 710. The case establishes the proposition that constitutional jurisdictional limitations may justify relief from a judgment under rule 60(b). (See: **Bank of Montreal v. Olafsson, 648 F.2d 1078, 1079 (6th Cir. Mich. 1981))**

## MEMO IN SUPPORT OF MOTION FOR LEAVE

Appellants, Yvonne D. Webb Lewis and Sidney T. Lewis as creditors were prevented from removing the CPC case no. 05-CV-4555 to the BR. Ct case no. 12-bk-12020 and instating an adversary action in the District court of New York by virtue of the Void Confirmation of Sale Order filed on June 4, 2012 as a legal Nullity[3] due to the 362 Stay Order, and Due to the fact that the Lewises had not been served with a summons and complaint in the action when the trial court entered a default judgment. (See: Jordon v. Gilligan, 500 F.2d 701, Supra; and **Countrywide Home Loans Servicing, Infra**)

Appellants, Yvonne D. Webb Lewis and Sidney T. Lewis support this Motion For Leave To Appeal as IFP with Affidavits marked as Exhibit 1 & 2. (See: Exhibit 1 & 2)

Dated: JUNE 12, 2012.  _Sidney Lewis_          Dated: JUNE 12, 2012.  _Yvonne D. Lewis_
           Sidney T. Lewis, pro se                    Yvonne D. Lewis, pro se
           1875 Alvason Avenue                    1875 Alvason Avenue

## CERTIFICATE OF SERVICE

This is to certify that the foregoing: I. Emergency Notice of Appeal; and, II. Emergency (ER) Motion For Leave To Appeal; was served by U.S. Mail Service or by hand delivery on JUNE 12, 2012

Dated: JUNE 12, 2012.  _Sidney Lewis_          Dated: JUNE 12, 2012.  _Yvonne D. Lewis_
           Sidney T. Lewis, pro se                    Yvonne D. Lewis, pro se

---

[3] "Defendants had not been served with a summons and complaint in the action when the trial court entered a default judgment against them. Because they were not properly before the court and parties to the action, the court lacked jurisdiction to enter the default judgment. Baker. The default judgment was therefore void and a legal nullity. Trocheck; Hayes. Being a legal nullity, the default judgment could have no effect on the court's subsequent exercise of its jurisdiction in the action." (See: **Countrywide Home Loans Servicing, L.P. v. Burden, 2011 Ohio 5949, P7-P9 (Ohio Ct. App., Montgomery County Nov. 18, 2011)**)

12-12020-mg    Doc 456-3    Filed 06/15/12    Entered 06/20/12 11:23:14    Exhibit Ntc.
0A465 - 064    Franklin County Ohio Clerk of Courts of the Common Pleas- 2012 Jun 04 9:39 AM-05CV004555
of Appeal    Pg 5 of 11

## IN THE COURT OF COMMON PLEAS
## FRANKLIN COUNTY, OHIO

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

| | |
|---|---|
| GMAC Mortgage Corporation | Case No. 05CVE-04-4555 |
| **Plaintiff,** | Judge Julie M. Lynch |
| vs. | |
| Yvonne D. Lewis aka Yvonne D. Webb-Lewis, et al. | **CONFIRMATION ENTRY OF SALE AND DISTRIBUTION OF PROCEEDS** |
| **Defendants.** | |

This action was heard on the return of the Sheriff of Franklin County of the sale of

property commonly known as 1875 Alvason Avenue, Columbus, OH 43219, parcel no. 010-

136633-00 (the "Property"). The legal description of the Property is attached to this order as

Exhibit A, which is incorporated herein by reference.

1.  The Property was sold by the Sheriff on April 20, 2012 to GMAC Mortgage Corporation

   for the following amount: **$81,480.00**. Plaintiff subsequently assigned its bid to Federal

   National Mortgage Association ("Plaintiff's Assignee").

2.  Having carefully examined the proceedings of the officer, the Court finds that the sale of

   the Property conformed in all respects to the law and the prior orders of this Court and

   hereby confirms and approves the sale of the Property and these proceedings.

3.  The Sheriff shall convey the Property to Federal National Mortgage Association by deed

Ref# 05-2846/NNW                     Ex. A

according to law free and clear of all liens and encumbrances and shall issue the deed in

the following name: Federal National Mortgage Association.

4.     The tax mailing address of the purchaser of the Property is as follows: P.O. Box 650043,

Dallas, TX 75265-0043.

5.     The prior deed reference with respect to the Property is as follows: Deed filed May 5,

1997, recorded in Official Records Volume 35026, Page G14, Recorder's Office, Franklin

County, Ohio.filed May 23, 1990, recorded in Official Records Volume 15237, Page

D07, Recorder's Office, Franklin County, Ohio.

6.     The purchaser of the Property is hereby subrogated to the rights of the mortgagees and

lien holders in the Property to the extent necessary to protect the purchaser's title to the

Property.

7.     The Court hereby grants the purchaser of the Property a writ of possession to put the

purchaser in possession of the Property.

8.     The Court hereby orders the release of all mortgages and liens held by all parties to this

action. As a result, the Clerk of Courts shall cause certificates of satisfaction and release

to be presented for recording by the County Recorder with respect to each of the

mortgages and liens listed on Exhibit B, which is attached to this order for the

convenience of the Clerk of Courts and incorporated herein by reference. Such mortgages

and liens shall be released only to the extent that they encumber the property foreclosed

upon in this action and not to the extent that they encumber any other property.

9.     Because Federal National Mortgage Association is the assignee of the successful bid of

GMAC Mortgage Corporation, which holds a valid and subsisting mortgage on the

Property, Federal National Mortgage Association need not pay the full amount of the

Ref# 05-2846/NNW

EX. A

12-12020-mg  Doc 456-3  Filed 06/15/12  Entered 06/20/12 11:23:14  Exhibit Ntc.
0A465 - 066  Franklin County Ohio Clerk of Courts of the Common Pleas 2012 Jun 04 9:39 AM-05CV004555
of Appeal  Pg 7 of 11

purchase price to the Sheriff. Instead, Federal National Mortgage Association need only pay an amount necessary to pay court costs, real estate taxes and assessments, and Sheriff's costs. The deposit amount of **$350.00** tendered at the Sheriff's sale shall be distributed as follows:

   a.    The Clerk of Courts shall be paid **$399.00** for court costs.

   b.    The County Treasurer shall be paid **$1,046.69** for taxes and assessments currently due on the Property and payable through full year 2011 as well as an estimated portion of the 2012 taxes pro-rated through MAY 28, 2012. Grantee takes title subject to all taxes, interest, penalties, assessments, and tax lien certificates if any.

   c.    The Sheriff shall be paid **$125.00** for Sheriff's costs.

   d.    The Auditor shall be paid **$163.50** for conveyance fees and transfer tax.

   e.    The Recorder shall be paid **$36.00** for recording the deed.

   f.    Since the deposit is not sufficient to satisfy these items, the Plaintiff's Assignee shall pay the Sheriff the deficit of **$1,420.19** to cover all requisite disbursements.

10.    The following amount shall be applied as a credit toward the amount of the judgment previously entered in favor of the Plaintiff: **$79,709.81**.

**IT IS SO ORDERED.**

                              Judge Julie M. Lynch
                              Common Pleas Judge

Approved:

/s/ Matthew J Richardson
Matthew J. Richardson (0077157)
Holly N. Wolf (0068847)
Manley Deas Kochalski LLC
P. O. Box 165028
Columbus, OH 43216-5028
Telephone: 614-222-4921
Fax: 614-220-5613
Email: mjr2@mdk-llc.com
Attorney for Plaintiff

Via fax 5/25/12
Mary Johnson
Assistant Prosecutor
373 South High Street
17th Floor
Columbus, OH 43215
Via Email
Attorney for Franklin County Treasurer

Ref# 05-2846/NNW

*Ex. A*

12-12020-mg    Doc 456-3    Filed 06/15/12    Entered 06/20/12 11:23:14    Exhibit Ntc.
of Appeal    Pg 8 of 11
Franklin County Ohio Clerk of Courts of the Common Pleas- 2012 Jun 04 9:39 AM-05CV004555
0A465 - 067

## EXHIBIT A

### Legal Description of the Property

Situated in the County of Franklin, in the State of Ohio, and in the City of Columbus:

Being Lot Number Seventeen (17) of ARGYLE PARK SUBDIVISION, as the same is numbered and delineated upon the recorded plat thereof, of record in Plat Book 36, Page 6, Recorder's Office, Franklin County, Ohio.

Parcel No. 010-136633-00

Address:  1875 Alvason Avenue, Columbus, OH 43219

Property Address: 1875 Alvason Avenue, Columbus, OH 43219

Parcel No.  010-136633-00

*Ex. A*

## EXHIBIT B

### Mortgages and Liens to be Released

Mortgage in favor of The Huntington Mortgage Company, 7575 Huntington Park Drive, Columbus, OH 43235, from Yvonne D. Lewis aka Yvonne D. Webb-Lewis  and Sidney T. Lewis, Husband and Wife, in the amount of $63,400.00, dated March 9, 2001, filed March 20, 2001, recorded as Official Instrument No. 200103200055720, Recorder's Office, Franklin County, Ohio,

as assigned by The Huntington Mortgage Company to GMAC Mortgage Corporation, 3451 Hammond Avenue, Waterloo, IA 50702, by Assignment dated October 4, 2001, filed November 14, 2001, recorded in Official Instrument No. 200111140262914, Recorder's Office, Franklin County, Ohio.

Ref# 05-2846/NNW

*Ex. A*

0A465 - 069

12-12020-mg   Doc 456-3   Filed 06/15/12   Entered 06/20/12 11:23:14   Exhibit Ntc.
Franklin County Ohio Clerk of Courts of the Common Pleas- 2012 Jun 04 9:39 AM-05CV004555
of Appeal   Pg 10 of 11

Franklin County Court of Common Pleas

**Date:**            06-04-2012

**Case Title:**      GMAC MORTGAGE CORPORATION -VS- YVONNE D LEWIS

**Case Number:**     05CV004555

**Type:**            CONFIRMATION OF SALE

It Is So Ordered.

/s/ Judge Julie M. Lynch

Electronically signed on 2012-Jun-04   page 6 of 6

$E \times I \, A$

B 1 (Official Form 1) (4/10)   12-12032   Doc 1   Filed 05/14/12   Entered 05/14/12 09:10:48   1 of 25   Docket #0001 Date Filed: 5/14/2012

| United States Bankruptcy Court<br>Southern District of New York | Voluntary Petition |
|---|---|
| Name of Debtor (if individual, enter Last, First, Middle):<br>GMAC Mortgage, LLC | Name of Joint Debtor (Spouse) (Last, First, Middle): |
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>GMAC Mortgage Corporation | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all): 23-1694840 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>1100 Virginia Drive<br>Fort Washington, PA<br><br>ZIP CODE 19034 | Street Address of Joint Debtor (No. and Street, City, and State):<br><br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>Montgomery | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br><br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br><br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br><br>ZIP CODE | |

**Type of Debtor**
(Form of Organization)
(Check one box.)
- ☐ Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form*
- ☒ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business**
(Check one box.)
- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☒ Other

**Tax-Exempt Entity**
(Check box, if applicable.)
- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box.)
- ☐ Chapter 7
- ☐ Chapter 9
- ☒ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box.)
- ☐ Debts are primarily consumer, debts defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or house-hold purpose."
- ☒ Debts are primarily business debts

**Filing Fee** (Check one box.)
- ☒ Full Filing Fee attached.
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☒ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $ 2,343,300.

Check all applicable boxes:
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**
- ☒ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

**Estimated Number of Creditors**

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |

**Estimated Assets**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |

**Estimated Liabilities**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |

1212201205140000000000014

*EXHIBIT B*