# IN THE COURT OF APPEALS, FRANKLIN COUNTY; OHIO
# TENTH DISTRICT COURT OF APPEALS

DOCKETING STATEMENT
[18 USC §§ 242, 245(b)(2)(B), 664, 666, 1962][29 USC §§ 1131, 1132(h), 1140]
[26 USC §§ 101(h), 267(b)(1), 401(a)]

| | |
|---|---|
| UNITED STATES OF AMERICA, EX REL.<br>GMAC, Mortgage Co., et al.,<br>    Plaintiffs/Creditor<br>Vs. | APPELLATE NO. _____<br>(related Case No. 02-MS-20; 05-JG-6455;<br>05-CV-7346 (03-CV-7478); 03-CV-10836;<br>05-CV-4555; 03-CV-6954) |
| Sidney T. Lewis, et al.,<br>    Defendants/Discharged Debtors | JUDGE: _____ |

## UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF NEW YORK;

| | |
|---|---|
| In Re: Residential Capital, LLC., et al.<br><br>Debtor | Case No. 12-12020 (MG)<br>    (Ch.11)<br>(Related BR Case No.07-bk-57237, S.D., OHIO)<br>(Related BR Case No. 12-bk-12032, S.D., N.Y.)<br>    JUDGE: GLENN, MARTIN |

## UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF OHIO;
### (at Columbus)

| | |
|---|---|
| In Re: SIDNEY T. LEWIS, pro se,<br><br>Debtor<br><br>Social Security No.: xxx-xx-5959 | Case No. 2:07-bk-57237<br>    (Ch.7)<br>(Related Bankr Case No. 2:05-bk-75111)<br><br>JUDGE: HOFFMAN, JOHN, Jr. |
| In Re: Yvonne D. Lewis,<br><br>Debtor<br><br>Social Security No.: xxx-xx-2390 | Case No. 2:05-bk-75111<br>    (Ch.7)<br>(Related Case No. 2:07-bk-57237)<br><br>JUDGE: HOFFMAN, JOHN, Jr. |

## IN THE UNITED STATES DISTRICT COURT, S. D. OF OHIO
### EASTERN DIVISION (at Columbus)

| | |
|---|---|
| UNITED STATES of America, Ex Rel.,<br>Sidney T. Lewis, et al.,<br>    Plaintiffs<br>Vs. | Action No. 2:08-cv-1042<br>(Related Dist. Ct. Cases 2:08-cv-16; 2:96-cv-494;<br>2:09-cv-179);<br>JUDGE: HOLSCHUH |

**12APE 06 0506**

1 of 4 pages

Larry McClatchey, et al.,    )    Magistrate Judge: <u>KING</u>
    Defendants

---

TYPE OF CASE:
   \_\_\_\_\_ A. Transcript of proceeding is required.

  <u>xx</u>  B. Civil cases involving:

      <u>xx</u>  1. Infringement of Procedural Due Process Rights by violation of 362 Stay.

      <u>xx</u>  2. Criminal Interference with "Civil Rights", "Land Rights", and "U.S. Secretary of Transportation's Duties" under ASNA[1] program 49 USC §§ 106(f)(2)(A)(ii), 47504(a)(2)(D)&(E), [see: 53 FR 2800[2], at "land acquisitions", [also see: 57 FR 40242] as "Federally Protected Activities" (18 USC §§ 242, 245(b)(2)(B), 666[3]).

  <u>XX</u>  C. PROBABLE ISSUE FOR REVIEW:

("...the stay provisions of section 362 are automatic and self-operating and those who have knowledge of the pendency of a bankruptcy action and stay are bound to honor the stay unless and until it is properly lifted. Sermersheim v. Sermersheim (In re Sermersheim), 97 Bankr. 885, 889 (Bankr. N.D. Ohio 1989) (quoting NLT Computer Services Corp. v. Capital Computer Systems, Inc., 755 F.2d 1253, 1258 (6th Cir. 1985) (citation omitted))."

(See: Smith v. GTE N. Inc. (In re Smith), 170 B.R. 111, pp.115 (Bankr. N.D. Ohio 1994))

It follows that on **MAY 14, 2012** GMAC filed a Voluntary Petition in Bankruptcy in the State of New York (See attached: EXHIBIT B, at May 14, 2012) and the Federal stay provisions of section 362 were automatic and self-operating in BR. case no.12-bk-12020 (jointly administered with case no. 12-bk-12032). (See: Smith v. GTE, infra)

---

[1] "ASNA, codified at 49 U.S.C. § 47501 et seq., directs the Secretary of Transportation to establish "a single system of measuring noise" from aircraft operations and the exposure of individuals to that noise. 49 U.S.C. § 47502." (See: **Nat'l Bus. Aviation Ass'n v. City of Naples Airport Auth., 162 F. Supp. 2d 1343, 1350 (M.D. Fla. 2001)**)

[2] "Before we proceed to the merits of the appeal, we must ensure that we have jurisdiction. The FAA determinations at issue here are "advisory." See 14 C.F.R. § 157.7(a). Nevertheless, we have previously treated appeals of "advisory" FAA orders as reviewable and justiciable. Air Line Pilots' Ass'n Int'l v. FAA, 446 F.2d 236, 240 (5th Cir. 1971) (hereinafter "Air Line Pilots")." (See: **Menard v. FAA, 548 F.3d 353, 356-357 (5th Cir. 2008)**)

[3] "n1 Pursuant to a plea agreement, the Government moved to dismiss the indictment against Petitioner which charged conspiracy to violate the federal programs bribery statute, 18 U.S.C. § 666 (Count I) ***".
(See: United States v. Scruggs, 2011 U.S. Dist. LEXIS 148531, 1-2 (N.D. Miss. Dec. 27, 2011)

"Section 362 operates to protect both the **debtor and creditors** of the estate who may be harmed by a creditor's unilateral acts against the debtor or property of the estate.

(See: Smith v. GTE N. Inc. (In re Smith), 170 B.R. 111, pp.115 (Bankr. N.D. Ohio 1994))

It follows that on **MAY 31, 2012** the Federal stay 11 U.S.C. § 362 was a prohibition against the Creditor GMAC's Notice of Assignment of BID in case 05-CV-4555 as an act to unlawfully continue litigation in the State Court proceedings. The Stay operated to protect both the **debtor**/Mortgagor Lewis and **creditor**/Mortgagee GMAC from said unilateral acts by GMAC against the property of the bankruptcy estate. (Id.)

> "Courts have held parties in contempt for the violation of the automatic stay provision of the bankruptcy code, 11 U.S.C. § 362, because of the special nature of that provision. The automatic stay is comparable to an **AUTOMATIC INJUNCTION**. It acts as a **SPECIFIC AND DEFINITE ORDER OF A COURT TO RESTRAIN CREDITORS FROM CONTINUANCE OF JUDICIAL PROCESS** or collection efforts against the debtor"

(See: ONE STOP REALTOUR PLACE, Inc. v. ALLEGIANCE TELECOM, Inc. (In re One Stop Realtour Place, Inc.), 268 B.R. 430, 440-441 (Bankr. E.D. Pa. 2001))

It follows that on **JUNE 4, 2012** both Judge Julie Lynch and debtor/**Mortgagee GMAC** became subject to a Federal Order of civil contempt for their violations of the "**SPECIFIC AND DEFINITE ORDER**" in the Federal automatic stay provision of the bankruptcy code, 11 U.S.C. § 362 and U.S. Constitution, Art. VI, Cl. 2, "Supremacy Clause[4]". Evidence of Notice on May 31, 2012 and Confirmation Order on June 4, 2012 demonstrates their willful and voluntary acts to continue litigation in the State Court proceedings in disobedience of the Federal "**AUTOMATIC INJUNCTION**" imposed on **MAY 14, 2012** by GMAC[5]'s Bankruptcy filing as commenced after Yvonne Lewis obtained a discharge injunction under provisions of the bankruptcy code, 11 U.S.C. §§ 524, 727. (See:

---

[4] See: Union Stockyards Co. v. United [297 U.S. 175, 183-185]
[5] "In view of the above finding that GTE willfully violated the automatic stay, the Court need not decide whether GTE's conduct also violated the discharge injunction of § 524. C.f. 11 U.S.C. § 524(a)(2) (enjoining any act to collect a debt discharged under § 727)." (See: Smith v. GTE N. Inc. (In

EXHIBIT B)

## CONCLUSION

It follows that on **JUNE 4, 2012** "The FAA determinations at issue here are *not* "advisory"" (**Menard, supra, Id. 356-357**), but mandatory "as designated, by operation of law, as a nonattainment area for such pollutant" as lead; and, both Judge Julie Lynch and debtor/**Mortgagee GMAC** interfere with the FAA Record of Approval for "Land Use Controls" effective **SEPTEMBER 25, 1987** in the non-attainment area "by operation of federal law" (See: 42 USC §§ 7401(c), 7407(d)(1)(C) and (5) "by operation of law"; [53 FR 2800]). On **MAY 14, 2012** the U.S. EPA admitted that it has not set forth regulations for the subject non-attainment area so as to release the subject property from the ASNA program. (See: FoE vs. U.S. EPA, 12-cv-363, USDC, S.D., DC., at May 14, 2012, Answer, P2, P24-26)

Respectfully Submitted,

Dated: June 12, 2012 _____   Dated: June 12, 2012 _____
Sidney T. Lewis, pro se                                           Yvonne D. Lewis, pro se
1875 Alvason Avenue                                              1875 Alvason Avenue
Columbus, Ohio 43219                                             Columbus, Ohio 43219

## CERTIFICATE OF SERVICE

I certify that I have mailed or otherwise delivered a copy of this Docketing Statement to all counsels and parties this 11th day of June, 2012.

Dated: June 12, 2012 _____   Dated: June 14, 2012 _____
Sidney T. Lewis, pro se                                           Yvonne D. Lewis, pro se
1875 Alvason Avenue                                              1875 Alvason Avenue
Columbus, Ohio 43219                                             Columbus, Ohio 43219

---

re Smith), 170 B.R. 111, 115 (Bankr. N.D. Ohio 1994))

IN THE COURT OF COMMON PLEAS
FRANKLIN COUNTY, OHIO

| | |
|---|---|
| GMAC Mortgage Corporation<br><br>Plaintiff,<br><br>vs.<br><br>Yvonne D. Lewis aka Yvonne D. Webb-Lewis, et al.<br><br>**Defendants.** | Case No. 05CVE-04-4555<br><br>Judge Julie M. Lynch<br><br>**CONFIRMATION ENTRY OF SALE AND DISTRIBUTION OF PROCEEDS** |

This action was heard on the return of the Sheriff of Franklin County of the sale of property commonly known as 1875 Alvason Avenue, Columbus, OH 43219, parcel no. 010-136633-00 (the "Property"). The legal description of the Property is attached to this order as Exhibit A, which is incorporated herein by reference.

1. The Property was sold by the Sheriff on April 20, 2012 to GMAC Mortgage Corporation for the following amount: **$81,480.00**. Plaintiff subsequently assigned its bid to Federal National Mortgage Association ("Plaintiff's Assignee").

2. Having carefully examined the proceedings of the officer, the Court finds that the sale of the Property conformed in all respects to the law and the prior orders of this Court and hereby confirms and approves the sale of the Property and these proceedings.

3. The Sheriff shall convey the Property to Federal National Mortgage Association by deed

Ref# 05-2846/NNW    EX. A

according to law free and clear of all liens and encumbrances and shall issue the deed in the following name: Federal National Mortgage Association.

4. The tax mailing address of the purchaser of the Property is as follows: P.O. Box 650043, Dallas, TX 75265-0043.

5. The prior deed reference with respect to the Property is as follows: Deed filed May 5, 1997, recorded in Official Records Volume 35026, Page G14, Recorder's Office, Franklin County, Ohio.filed May 23, 1990, recorded in Official Records Volume 15237, Page D07, Recorder's Office, Franklin County, Ohio.

6. The purchaser of the Property is hereby subrogated to the rights of the mortgagees and lien holders in the Property to the extent necessary to protect the purchaser's title to the Property.

7. The Court hereby grants the purchaser of the Property a writ of possession to put the purchaser in possession of the Property.

8. The Court hereby orders the release of all mortgages and liens held by all parties to this action. As a result, the Clerk of Courts shall cause certificates of satisfaction and release to be presented for recording by the County Recorder with respect to each of the mortgages and liens listed on Exhibit B, which is attached to this order for the convenience of the Clerk of Courts and incorporated herein by reference. Such mortgages and liens shall be released only to the extent that they encumber the property foreclosed upon in this action and not to the extent that they encumber any other property.

9. Because Federal National Mortgage Association is the assignee of the successful bid of GMAC Mortgage Corporation, which holds a valid and subsisting mortgage on the Property, Federal National Mortgage Association need not pay the full amount of the

Ref# 05-2846/NNW                    Ex. A

purchase price to the Sheriff. Instead, Federal National Mortgage Association need only pay an amount necessary to pay court costs, real estate taxes and assessments, and Sheriff's costs. The deposit amount of **$350.00** tendered at the Sheriff's sale shall be distributed as follows:

a. The Clerk of Courts shall be paid **$399.00** for court costs.
b. The County Treasurer shall be paid **$1,046.69** for taxes and assessments currently due on the Property and payable through full year 2011 as well as an estimated portion of the 2012 taxes pro-rated through MAY 28, 2012. Grantee takes title subject to all taxes, interest, penalties, assessments, and tax lien certificates if any.
c. The Sheriff shall be paid **$125.00** for Sheriff's costs.
d. The Auditor shall be paid **$163.50** for conveyance fees and transfer tax.
e. The Recorder shall be paid **$36.00** for recording the deed.
f. Since the deposit is not sufficient to satisfy these items, the Plaintiff's Assignee shall pay the Sheriff the deficit of **$1,420.19** to cover all requisite disbursements.

10. The following amount shall be applied as a credit toward the amount of the judgment previously entered in favor of the Plaintiff: **$79,709.81**.

**IT IS SO ORDERED.**

_____
Judge Julie M. Lynch
Common Pleas Judge

Approved:

/s/ Matthew J Richardson
Matthew J. Richardson (0077157)
Holly N. Wolf (0068847)
Manley Deas Kochalski LLC
P. O. Box 165028
Columbus, OH 43216-5028
Telephone: 614-222-4921
Fax: 614-220-5613
Email: mjr2@mdk-llc.com
Attorney for Plaintiff

Via fax 5/25/12
Mary Johnson
Assistant Prosecutor
373 South High Street
17th Floor
Columbus, OH 43215
Via Email
Attorney for Franklin County Treasurer

Ref# 05-2846/NNW                                     Ex. A

## EXHIBIT A

### Legal Description of the Property

Situated in the County of Franklin, in the State of Ohio, and in the City of Columbus:

Being Lot Number Seventeen (17) of ARGYLE PARK SUBDIVISION, as the same is numbered and delineated upon the recorded plat thereof, of record in Plat Book 36, Page 6, Recorder's Office, Franklin County, Ohio.

Parcel No. 010-136633-00

Address: 1875 Alvason Avenue, Columbus, OH 43219

Property Address: 1875 Alvason Avenue, Columbus, OH 43219

Parcel No. 010-136633-00

Ex, A

Ref# 05-2846/NNW

## EXHIBIT B

### Mortgages and Liens to be Released

Mortgage in favor of The Huntington Mortgage Company, 7575 Huntington Park Drive, Columbus, OH 43235, from Yvonne D. Lewis aka Yvonne D. Webb-Lewis and Sidney T. Lewis, Husband and Wife, in the amount of $63,400.00, dated March 9, 2001, filed March 20, 2001, recorded as Official Instrument No. 200103200055720, Recorder's Office, Franklin County, Ohio,

as assigned by The Huntington Mortgage Company to GMAC Mortgage Corporation, 3451 Hammond Avenue, Waterloo, IA 50702, by Assignment dated October 4, 2001, filed November 14, 2001, recorded in Official Instrument No. 200111140262914, Recorder's Office, Franklin County, Ohio.

Ex. A

Ref# 05-2846/NNW

Franklin County Court of Common Pleas

**Date:**        06-04-2012

**Case Title:**  GMAC MORTGAGE CORPORATION -VS- YVONNE D LEWIS

**Case Number:** 05CV004555

**Type:**        CONFIRMATION OF SALE

It Is So Ordered.

/s/ Judge Julie M. Lynch

Electronically signed on 2012-Jun-04    page 6 of 6

Ex. A

12-12032 Doc 1 Filed 05/14/12 Entered 05/14/12 08:10:40 Main Document Pg 1 of 25

Docket #0001 Date Filed: 5/14/2012

B 1 (Official Form 1)(12/08)

**United States Bankruptcy Court**
**Southern District of New York**

**Voluntary Petition**

| | |
|---|---|
| Name of Debtor (if individual, enter Last, First, Middle):<br>**GMAC Mortgage, LLC** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>GMAC Mortgage Corporation | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all): 23-1694840 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>1100 Virginia Drive<br>Fort Washington, PA     ZIP CODE 19034 | Street Address of Joint Debtor (No. and Street, City, and State):    ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>Montgomery | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):    ZIP CODE | Mailing Address of Joint Debtor (if different from street address):    ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):    ZIP CODE | |

**Type of Debtor** (Form of Organization) (Check one box.)
- [ ] Individual (includes Joint Debtors) See Exhibit D on page 2 of this form
- [X] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business** (Check one box.)
- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [X] Other

**Tax-Exempt Entity** (Check box, if applicable.)
- [ ] Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box.)
- [ ] Chapter 7
- [ ] Chapter 9
- [X] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts** (Check one box.)
- [ ] Debts are primarily consumer, debts defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or house-hold purpose."
- [X] Debts are primarily business debts

**Filing Fee** (Check one box.)
- [X] Full Filing Fee attached.
- [ ] Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
- [ ] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- [X] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300.

Check all applicable boxes:
- [ ] A plan is being filed with this petition.
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**THIS SPACE IS FOR COURT USE ONLY**

**Statistical/Administrative Information**
- [X] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [ ] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

**Estimated Number of Creditors**
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [X] | [ ] | [ ] | [ ] | [ ] |

**Estimated Assets**
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [X] |

**Estimated Liabilities**
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [X] |

ny-1012325

EXHIBIT B

1212020120514000000000014