UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
[11 U.S.C.A. § 362(a), (h); Fed. R. Bankr. P. 9020]

| | | |
|---|---|---|
| In Re: Residential Capital, LLC, et al., (RESCAP) | ) | Case No. 12-12020. *NOTICE* |
| | ) | (Ch.11 ) |
| Debtor | ) | (Related Case No. 05-bk-75111, SD.,Ohio) |

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES of America, Ex Rel., | ) | ACTION NO. _____ |
| Yvonne D. Lewis, Complainant 1, pro se | ) | |
| Sidney T. Lewis, Complainant 2, pro se | ) | |
| Complainants/Relators | ) | |
| | ) | |
| Vs | ) | |
| | ) | |
| (RESCAP) case no. 12-12020. | ) | |
| GMAC Mortgage Company LLC (12-12032). | ) | |
| Residential Capital, LLC, et al., | | |
| Defendants/Respondents | | |

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO;
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: SIDNEY T. LEWIS, pro se, | ) | Case No. 07-bk-57237 |
| | ) | (Ch.7 ) |
| Debtor | ) | (Related Bankr Case No. 05-bk-75111) |
| | ) | |
| Social Security No.: xxx-xx-5959 | ) | JUDGE: HOFFMAN, JOHN, Jr. |

| | | |
|---|---|---|
| In Re: Yvonne D. Lewis, | ) | Case No. 05-bk-75111 |
| | ) | (Ch.7 ) |
| Debtor | ) | (Related Case No. 07-bk-57237) |
| | ) | |
| Social Security No.: xxx-xx-2390 | ) | JUDGE: HOFFMAN, JOHN, Jr. |

COURT OF COMMON PLEAS; FRANKLIN COUNTY; OHIO
CIVIL DIVISION

UNITED STATES of America, Ex Rel.,                    :

1 of 3 pages

IN RE: VACY O. WEBB LIVING TRUST

GMAC Mortgage Corp, (Assignee of Mtg.),    : <u>CASE NO. 05-CV-4555</u>
Huntington Nat'l Bank, (Mtg. Lender/Judg. Lienholder): Related CASE NO. 07-EVH-60047
   Plaintiffs/Successor Corporate Trustee, (related Case #02MS-20, fiche 92613, at D07)
Vs.            :

           : JUDGE: JULIE M. LYNCH

Yvonne D. Lewis, et al.,       :
   Defendants/ Alleged Trust Beneficiaries;


GMAC Mortgage Corp, (Assignee of Mtg.),    : <u>CASE NO. 03-CV-6954</u>
Huntington Nat'l Bank, (Mtg. Lender/Judg. Lienholder): Related CASE NO. 07-EVH-60047
   Plaintiffs,        (related  #02MS-20, fiche 92613, at C20)
Vs.            :

            JUDGE: PATRICK SHEERAN

Sidney T. Lewis        :
   Defendants;


HUNTINGTON NATIONAL BANK, et al.,   : <u>CASE NO. 05-CV-7346</u>
   Plaintiffs/Successor ERISA Trustee, (related #02MS-20, fiche no. 92613, at D07)
Vs.            :

          JUDGE: HOLBROOK, MICHAEL

Sidney T. Lewis, et al.,        :
   Defendants/ERISA Beneficiaries;

## NOTICE OF CHARGE OF CIVIL CONTEMPT
### [11 U.S.C.A. § 362(a), (h); Fed. R. Bankr. P. 9020]

PLEASE TAKE NOTICE that Defendant, Sidney T. Lewis [case no. 03-CV-6954] and Yvonne D.

Lewis [case no. 05-CV-4555], as husband and wife, the debtors in the above-named cases in OHIO [i.e.

GMAC in 05-bk-75111 and 07-bk-57237, S.D., Ohio, E. Div.]), has filed a motion to hold GMAC

Mortgage Company LLC, a creditor, in civil contempt and liable for damages for violation of the

automatic stay of <u>11 U.S.C A. § 362(a), (h)</u>, on the following grounds:

1. On <u>May 31, 2012</u> GMAC filed a Notice of Assignment of Bid in case no. 05-CV-4555 for a sale of the subject real property at 1875 Alvason Avenue, Columbus, Ohio, as allegedly conducted by the Franklin County Sheriff on April 20, 2012.

(See: **EXHIBIT B**, Notice, attached to the motion for civil contempt)

2 of 3 pages

"In interpreting § 362(h), the Court agrees with the Ninth Circuit that: 'willful violation' does <u>not</u> require a specific intent to violate the automatic stay. Rather, <u>the statute provides for damages upon a finding that the defendant knew of the</u> <u>automatic stay and that the defendant's actions which violated the automatic stay</u> <u>were intentional.</u> Goichman v. Bloom (In re Bloom), 875 F.2d 224, 227 (9th Cir. 1989)); see Cuffee v. Atlantic Business And Community Dev. Corp. (In re Atlantic Business And Community Corp.), 901 F.2d 325, 329 (3rd Cir. 1990) (applying Bloom standard); Crysen/Montenay Energy Co. v. Esselen Associates, Inc. (In re Crysen/Montenay Energy Co.), 902 F.2d 1098 at 1104-05 (2nd Cir. 1990) (agreeing with Bloom that § 362 imposes "a standard less stringent than maliciousness or bad faith to govern the imposition of sanctions in bankruptcy cases") (citations omitted); In re Bennett, 135 Bankr. 72, 75 (Bankr. S.D. Ohio 1992) (debtor need not prove "bad faith or maliciousness") (citations omitted)."

(See: Smith v. GTE N. Inc. (In re Smith), 170 B.R. 111, pp.115 (Bankr. N.D. Ohio 1994))

2. Fact is on <u>MAY 14, 2012</u> GMAC obtained a Federal Court Order of Stay under 362(a) which prohibited the May 31, 2012 State Court Notice under 362(h) as a "**CONTINUANCE OF JUDICIAL PROCESS**".

(See: **EXHIBIT 1**, Order of Stay under 362, attached to the motion for civil contempt)

"Courts have held parties in contempt for the violation of the automatic stay provision of the bankruptcy code, 11 U.S.C. § 362, because of the special nature of that provision. The automatic stay is comparable to an AUTOMATIC INJUNCTION. It acts as a SPECIFIC AND DEFINITE ORDER OF A COURT TO RESTRAIN CREDITORS FROM CONTINUANCE OF JUDICIAL PROCESS or collection efforts against the debtor"

(See: ONE STOP REALTOUR PLACE, Inc. v. ALLEGIANCE TELECOM, Inc. (In re One Stop Realtour Place, Inc.), 268 B.R. 430, 440-441 (Bankr. E.D. Pa. 2001))

THIS motion will be heard at the United States Bankruptcy Court for the Southern District of NEW

YORK in 12-bk-12020 (i.e. GMAC in 12-bk-12032, S.D., NY.), on a date and time set by the court, in

2012 or that day or as soon thereafter as debtor can be heard.

Dated: June 5, 2012 _Sidney T. Lewis_    Dated: June 5, 2012 _Yvonne D. Lewis_
                       Sidney T. Lewis, pro se                            Yvonne D. Lewis, pro se
                       1875 Alvason Avenue                           1875 Alvason Avenue
                       Columbus, Ohio 43219                         Columbus, Ohio 43219

3 of 3 pages

### UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK
### [11 U.S.C.A. § 362(a), (h); Fed. R. Bankr. P. 9020]

In Re: Residential Capital, LLC, et al., (RESCAP) )        Case No. 12-12020.
                                                 )                (Ch.11 )
Debtor                                           ) (Related Case No. 05-bk-75111, SD.,Ohio)

*MOTION NOTICE* (handwritten)

### UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

UNITED STATES of America, Ex Rel.,            )        ACTION NO. _____
Yvonne D. Lewis, Complainant 1, pro se
Sidney T. Lewis, Complainant 2, pro se        )
        Complainants/Relators
                                              )
Vs
                                              )
(RESCAP) case no. 12-12020.
GMAC Mortgage Company LLC (12-12032).          )
Residential Capital, LLC, et al.,

        Defendants/Respondents

### UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF OHIO;
### EASTERN DIVISION

In Re: SIDNEY T. LEWIS, pro se,               )        Case No. 07-bk-57237
                                              )                (Ch.7 )
Debtor                                        ) (Related Bankr Case No. 05-bk-75111)
                                              )
Social Security No.: xxx-xx-5959              )        JUDGE: HOFFMAN, JOHN, Jr.


In Re: Yvonne D. Lewis,                       )        Case No. 05-bk-75111
                                              )                (Ch.7 )
Debtor                                        ) (Related Case No. 07-bk-57237)
                                              )
Social Security No.: xxx-xx-2390              )        JUDGE: HOFFMAN, JOHN, Jr.

### COURT OF COMMON PLEAS; FRANKLIN COUNTY; OHIO
### CIVIL DIVISION

UNITED STATES of America, Ex Rel.,            :
IN RE: VACY O. WEBB LIVING TRUST
GMAC Mortgage Corp, (Assignee of Mtg.),      :        CASE NO. 05-CV-4555

1 of 6 pages

Huntington Nat'l Bank, (Mtg. Lender/Judg. Lienholder):     Related CASE NO. 07-EVH-60047
    Plaintiffs/Successor Corporate Trustee,     (related Case #02MS-20, fiche no. 92613, at D07)
Vs.                :
                    JUDGE: JULIE M. LYNCH
Yvonne D. Lewis, et al.,        :
    Defendants/ Alleged Trust Beneficiaries;


GMAC Mortgage Corp, (Assignee of Mtg.),    :    CASE NO. 03-CV-6954
Huntington Nat'l Bank, (Mtg. Lender/Judg. Lienholder):   Related CASE NO. 07-EVH-60047
    Plaintiffs/Successor Corporate Trustee,     (related Case #02MS-20, fiche 92613, at C20)
Vs.                :
                    JUDGE: PATRICK SHEERAN
Sidney T. Lewis, et al.,        :
    Defendants/Alleged Trust Beneficiaries;


HUNTINGTON NATIONAL BANK, et al.,    :    CASE NO. 05-CV-7346
    Plaintiffs/Successor ERISA Trustee,    (related Case #02MS-20, fiche no. 92613, at D07)
Vs.                :
                    JUDGE: HOLBROOK, MICHAEL
Sidney T. Lewis, et al.,        :
    Defendants/ERISA Beneficiaries;

---

**I.   MOTION FOR LEAVE TO FILE NOTICE OF GMAC'S BANKRUPTCY FILING AND IMPOSITION OF FEDERAL AUTOMATIC STAY FILED 5-14-12;**
**AND,**
**II.   MOTION BY ALLEGED DEBTORS SIDNEY T. LEWIS AND YVONNE D. LEWIS TO HOLD ALLEGED CREDITOR GMAC MORTGAGE CO., LLC, IN CIVIL CONTEMPT AND LIABLE FOR ALL DAMAGES FOR VIOLATIONS OF THE FEDERAL AUTOMATIC STAY ON 5-31-12;**

**[11 U.S.C.A. § 362(a), (h); Fed. R. Bankr. P. 9020]**

---

I.  Motion for Leave/Notice

Now comes Defendant, Sidney T. Lewis [case no. 03-CV-6954] and Yvonne D. Lewis [case no. 05-CV-4555], as husband and wife, who are the alleged Debtors-Mortgagor in the above-named cases filed by

GMAC Mortgage Company LLC and move the court for leave to give notice to the Ohio state and

bankruptcy courts of the filing of Bankruptcy Case by GMAC in the State of New York on May 14,

2012 under chapter 11 and the imposition of the **11 U.S.C.A. § 362(a), (h) Order of Stay.** This motion/

Notice are supported by the entire records in the aforementioned State and Federal cases including, but

not limited to the "RICO" action in case no. 2:96-cv-494, USDC, SD, Ohio, E. Div.. The instant

Motion/Notice is under authorities set forth in Sermersheim v. Sermersheim (In re Sermersheim), 97

Bankr. 885, 889 (Bankr. N.D. Ohio 1989) and NLT Computer Services Corp. v. Capital Computer

Systems, Inc., 755 F.2d 1253, 1258 (6th Cir. 1985) which states in pertinent parts:

> ("...the stay provisions of section 362 are automatic and self-operating and those who have
> knowledge of the pendency of a bankruptcy action and stay are bound to honor the stay unless
> and until it is properly lifted. Sermersheim v. Sermersheim (In re Sermersheim), 97 Bankr.
> 885, 889 (Bankr. N.D. Ohio 1989) (quoting NLT Computer Services Corp. v. Capital
> Computer Systems, Inc., 755 F.2d 1253, 1258 (6th Cir. 1985) (citation omitted))."

(See: Smith v. GTE N. Inc. (In re Smith), 170 B.R. 111, pp.115 (Bankr. N.D. Ohio 1994))

Dated: June 5, 2012 _____   Dated: June 5, 2012 _____
            Sidney T. Lewis, pro se                Yvonne D. Lewis, pro se
            1875 Alvason Avenue                1875 Alvason Avenue
            Columbus, Ohio 43219              Columbus, Ohio 43219
             (614) 940-3306                  (614) 940-3306

## II. Motion for Civil Contempt Order

Now comes Plaintiffs, Sidney T. Lewis [PRF 48744 1853755] and Yvonne D. Lewis [PRF 48744

2362398], as husband and wife, who are the alleged Debtors-Mortgagor in the above-named state and

federal cases, and attests and prays the Court as follows:

1. Alleged Debtor-Mortgagee, GMAC Mortgage Company LLC (12-12032), as subsidiary of

   Residential Capital, LLC (RESCAP 12-12020) filed the "voluntary petition" for joint

   administration under Chapter 11 of the Bankruptcy Code commencing its Bankruptcy case on

   May 14, 2012 pursuant to 11 U.S.C. § 362(a).

(See: **EXHIBIT 1.0**, Doc. 1, "petition", at pg. 1 of 25, case no. 12-12032, SD, NY, filed 5/14/12)

2. Under 11 U.S.C. § 362(a), said filing in case no. 12-12032, SD, NY, gave rise to an automatic ORDER OF STAY of all debt collection activities for assets to 363 sale to Fortress Investment Group LLC by alleged creditor/debtor GMAC (including, i.e. GMAC, under the Bankruptcy Discharge Orders 11 U.S.C. § 727, issued by the Honorable Judge John Hoffman for the United States Bankruptcy Court for the Southern District of OHIO [i.e. GMAC in 05-bk-75111 and 07-bk-57237, S.D., Ohio, E. Div.]); issued by the Bankruptcy Interim Order issued by the Honorable Judge GLENN for the United States Bankruptcy Court for the Southern District of NEW YORK (i.e. GMAC in 12-bk-12032, S.D., NY.), with certain exceptions not here relevant.

(See: **EXHIBIT 2.0**, Doc. 1, "Fortress Inv. Grp. LLC", at pg. 14 of 25, "363 sale" filed 5-14-12)

3. On that same day 5-14-12, GMAC failed to give verbal notice to the Federal Program Administrator for the Aviation Safety and Noise Abatement program in the FAA with primary administrative authority over the subject "impacted" real properties in a designated "non-attainment zone" **"by operation of law"** under 53 FR 2800 and 49 U.S.C. §106(f)(2)(A)(ii) and 42 U.S.C. §7407(d)(1)(C) and (5) [See: 53 FR 2800 and 49 U.S.C. §106(f)(2)(A)(ii)]; and GMAC failed to give verbal notice to the Lewises' as State Court litigants in two Foreclosure Actions on GMAC's notes and repacked mortgage securities in case nos. 03-CV-6954 and 05-CV-4555, CPC, Franklin County, Ohio, against Plaintiffs, Sidney T. Lewis and Yvonne D. Lewis as (creditors) debtor-Mortgagor who were duly listed as such in the lists and schedules filed with the GMAC petition on 5-14-12, of the fact that GMAC had filed said voluntary petition under Id. § 362(a), and of the fact that GMAC knew it must cease efforts to collect the

Mortgage debt from Sidney T. Lewis and Yvonne D. Lewis pursuant to Id. § 524(a) on or before

5-14-12.

> "Section 362 operates to protect both the debtor and creditors of the estate who may be harmed by a creditor's unilateral acts against the debtor or property of the estate.
>
> In interpreting § 362(h), the Court agrees with the Ninth Circuit that: 'willful violation' does not require a specific intent to violate the automatic stay. Rather, the statute provides for damages upon a finding that the defendant knew of the automatic stay and that the defendant's actions which violated the automatic stay were intentional. Goichman v. Bloom (In re Bloom), 875 F.2d 224, 227 (9th Cir. 1989)); see Cuffee v. Atlantic Business And Community Dev. Corp. (In re Atlantic Business And Community Corp.), 901 F.2d 325, 329 (3rd Cir. 1990) (applying Bloom standard); Crysen/Montenay Energy Co. v. Esselen Associates, Inc. (In re Crysen/Montenay Energy Co.), 902 F.2d 1098 at 1104-05 (2nd Cir. 1990) (agreeing with Bloom that § 362 imposes "a standard less stringent than maliciousness or bad faith to govern the imposition of sanctions in bankruptcy cases") (citations omitted); In re Bennett, 135 Bankr. 72, 75 (Bankr. S.D. Ohio 1992) (debtor need not prove "bad faith or maliciousness") (citations omitted).
>
> First, the Court finds that GTE had knowledge that the automatic stay of § 362 applied to its postconversion collection efforts ***."

(See: Smith v. GTE N. Inc. (In re Smith), 170 B.R. 111, pp.115 (Bankr. N.D. Ohio 1994))

4. On or about 5-18-12 Sidney T. Lewis and Yvonne D. Lewis were served by the Court appointed servicing agent with a Bankruptcy Notice dated 5-14-12 which is attached and marked as **EXHIBIT A** (See: **EXHIBIT A, NOTICE OF BANKRUPTCY FILING**), reciting that creditor GMAC had nonetheless commenced a voluntary action against me in the Bankruptcy court of New York to recover the repackaged mortgage debt.

5. The commencement of the Notice of Assignment of Bid entered on May 31, 2012 (See: **EXHIBIT B,** Notice of Assignment dated May 30, 2012) in connection with an active voluntary petition in Bankruptcy entered on May 14, 2012 relative to the Franklin County Sheriffs' Returns

of Orders To Sale Real Properties in the Foreclosure action in state court proceedings after being entered on **APRIL 25, 2012** and **OCTOBER 28, 2011** constituted a "willful violation" of the ORDER OF STAY as that term is used in 11 U.S.C. § 362(h), entitling me to actual damages, including costs and attorney's fees, and punitive damages.

> "Courts have held parties in contempt for the violation of the automatic stay provision of the bankruptcy code, 11 U.S.C. § 362, because of the special nature of that provision. The automatic stay is comparable to an **AUTOMATIC INJUNCTION**. It acts as a **SPECIFIC AND DEFINITE ORDER OF A COURT TO RESTRAIN CREDITORS FROM CONTINUANCE OF JUDICIAL PROCESS** or collection efforts against the debtor"

(See: ONE STOP REALTOUR PLACE, Inc. v. ALLEGIANCE TELECOM, Inc. (In re One Stop Realtour Place, Inc.), 268 B.R. 430, 440-441 (Bankr. E.D. Pa. 2001))

THEREFORE, We pray the Bankruptcy courts' (i.e. GMAC in case no.12-bk-12032 [12-bk-12020], S.D., NY; and GMAC in case nos. 05-bk-75111 and 07-bk-57237, S.D., Ohio, E. Div..), for their orders finding GMAC Mortgage Company LLC (12-12032) in contempt of the court's § 727 ORDERS OF DISCHARGE entered on **FEB. 21, 2006** and **JAN. 29, 2008** pursuant to Id. §524(a)[1], as in contempt of willfully violating the court's § 362(a) ORDER OF STAY entered on **MAY 14, 2012**, and awarding us judgment for actual damages in the unspecified amount of $2,500.00, and separate legal fees, costs, and expenses in such amount as the court shall allow upon the fee application to be filed by our attorney, and punitive damages in the amount of $250,000.00.

Dated: June 5, 2012 _Sidney T. Lewis_   Dated: June 5, 2012 _Yvonne D. Lewis_
                     Sidney T. Lewis, pro se                          Yvonne D. Lewis, pro se
                     1875 Alvason Avenue                              1875 Alvason Avenue
                     Columbus, Ohio 43219                             Columbus, Ohio 43219

---

[1] "In view of the above finding that GTE willfully violated the automatic stay, the Court need not decide whether GTE's conduct also violated the discharge injunction of § 524. C.f. 11 U.S.C. § 524(a)(2) (enjoining any act to collect a debt discharged under § 727)." (See: Smith v. GTE N. Inc. (In re Smith), 170 B.R. 111, 115 (Bankr. N.D. Ohio 1994))

# GMAC Mortgage

May 14, 2012

Dear Homeowner,

As you may have read or heard, Residential Capital, LLC (ResCap), recently announced that it and its subsidiaries, including GMAC Mortgage, are restructuring under Chapter 11. Although you may not be familiar with our name, ResCap is the parent company of GMAC Mortgage, which services your mortgage.  As servicer, GMAC Mortgage collects and keeps track of your mortgage payments and ensures that they are applied to your account and properly distributed to the lenders and investors who own your loan.

The restructuring of ResCap and GMAC Mortgage does not change your obligations as a mortgage borrower.  **As such, you must continue to make your scheduled mortgage payments on time and in full to the address listed on your monthly account statement.**

While nothing has changed in relation to the amount of your mortgage payments or where you send those payments, we understand you may have some questions. Please feel free to contact our toll-free Homeowner Hotline at (888) 926-3479 between 8 a.m. and 5 p.m. EST, or refer to http://www.kccllc.net/rescap for additional information regarding ResCap's Chapter 11 reorganization. If you have specific questions about your loan, please reach out to the customer service number listed on your monthly statement.

In the coming weeks, you will receive a Notice of Chapter 11 Bankruptcy Cases, Meeting of Creditors, and Deadlines in the mail. No action is required on your part, related to this restructuring.

For our part, everyone on the GMAC Mortgage team is committed to providing the same high level of service and responsiveness we've always shown to the homeowners whose mortgage loans are entrusted to us.  We look forward to helping you continue to build equity and value in your home.

Sincerely,

Thomas Marano
Chief Executive Officer
Residential Capital, LLC

GMAC Mortgage, LLC
1100 Virginia Drive
Fort Washington, PA 19034

EX. A

GMAC Mortgage
c/o Kurtzman Carson Consultants LLC
PO Box 8013
Redondo Beach, CA 90277

087277



PRF 48744    1853765

SIDNEY T. LEWIS
1875 ALVASON AVE
COLUMBUS OH 43219

$EX.\ A$

Police Report No.:    120397877
May 14, 2012

GMAC Mortgage
c/o Kurtzman Carson Consultants LLC
PO Box 8013
Redondo Beach, CA 90277

093530



PRF 48744    2362398

YVONNE D. LEWIS
1875 ALVASON AVE
COLUMBUS OH 43219

EX. A

12-12020-mg    Doc 456-7    Filed 06/15/12    Entered 06/20/12 11:23:14    Exhibit Ntc.
of Charge    Pg 13 of 22
0A460 - R10
Franklin County Ohio Clerk of Courts of the Common Pleas- 2012 May 31 3:03 PM-05CV004555

## IN THE COURT OF COMMON PLEAS
## FRANKLIN COUNTY, OHIO

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**GMAC Mortgage Corporation**

      **Plaintiff,**

vs.

**Yvonne D. Lewis aka Yvonne D. Webb-Lewis, et al.**

      **Defendants.**

**Case No. 05CVE-04-4555**

**Judge Julie M. Lynch**

**NOTICE OF ASSIGNMENT OF BID**

    Plaintiff GMAC Mortgage Corporation, acting through counsel, hereby gives notice that it has assigned its bid on the sale of the property that is the subject of this foreclosure action to the following person:

**Federal National Mortgage Association**
**P.O. Box 650043**
**Dallas, TX 75265-0043**

Respectfully submitted,

Matthew J. Richardson (0077157)
Holly N. Wolf (0068847)
Manley Deas Kochalski LLC
P. O. Box 165028
Columbus, OH 43216-5028
Telephone: 614-222-4921
Fax: 614-220-5613
Email: mjr2@mdk-llc.com
Attorney for Plaintiff

*EXHIBIT B*

Ref# 05-2846/NNW

F14

12-12020-mg   Doc 456-7   Filed 06/15/12   Entered 06/20/12 11:23:14   Exhibit Ntc.
0A460 - R11      Frankfin County Ohio Clerk of Courts of the Common Pleas- 2012 May 31 3:05 PM-05CV004555
of Charge   Pg 14 of 22

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Notice of Assignment of

Bid was sent to the following by ordinary U.S. Mail, postage prepaid, on the date indicated

below:

Yvonne D. Lewis aka Yvonne D. Webb-Lewis
1875 Alvason Avenue
Columbus, OH 43219

Sidney T. Lewis
1875 Alvason Avenue
Columbus, OH 43219

_____
Matthew J. Richardson
Holly N. Wolf

May ___, 2012
Dated

E x₁ B

B 1 (Official Form 1) (12/11)    12-12020-mg    Doc 1    Filed 05/14/12    Entered 05/14/12    Pg 15 of 25    Docket #0001  Date Filed: 5/14/2012

| United States Bankruptcy Court<br>Southern District of New York | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**GMAC Mortgage, LLC** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**GMAC Mortgage Corporation** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all): **23-1694840** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>**1100 Virginia Drive**<br>**Fort Washington, PA**<br>ZIP CODE **19034** | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>**Montgomery** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

**Type of Debtor** (Form of Organization) (Check one box.)
- [ ] Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- [x] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business** (Check one box.)
- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [x] Other

**Tax-Exempt Entity** (Check box, if applicable.)
- [ ] Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box.)
- [ ] Chapter 7
- [ ] Chapter 9
- [x] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts** (Check one box.)
- [ ] Debts are primarily consumer, debts defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or house-hold purpose."
- [x] Debts are primarily business debts

**Filing Fee** (Check one box.)
- [x] Full Filing Fee attached.
- [ ] Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
- [ ] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- [x] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $ 2,343,300.

Check all applicable boxes:
- [ ] A plan is being filed with this petition.
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**
- [x] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [ ] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

**Estimated Number of Creditors**

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] |

**Estimated Assets**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [x] |

**Estimated Liabilities**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 | More than |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [x] |

ny-1012325

*EXHIBIT 1*

1212020120514000000000014

## ACTION BY WRITTEN CONSENT OF THE BOARD OF DIRECTORS
## OF GMAC MORTGAGE, LLC,
## A SUBSIDIARY OF RESIDENTIAL CAPITAL, LLC

The undersigned, being all of the Directors of GMAC Mortgage, LLC ("GMAC Mortgage"), an indirect subsidiary of Residential Capital, LLC ("ResCap"), and constituting the entire Board of Directors of GMAC Mortgage (the "Board"), acting pursuant to applicable law, hereby waives any and all requirements for the holding of a meeting, including, without limitation, any requirements as to call and notice thereof, and consents to the adoption of the following recitals and resolutions and to the actions set forth herein as of this 13th day of May, 2012, which actions shall have the same force and effect as if taken by affirmative vote at a meeting of the Board, duly called and held.

WHEREAS, the Board (i) has extensively reviewed the alternatives available to GMAC Mortgage, (ii) has been advised of and considered the decision of the Board of Directors of ResCap to authorize the commencement of a case under the provisions of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") for itself and for certain of its direct and indirect subsidiaries, and (iii) has determined that seeking relief under the provisions of Chapter 11 of the Bankruptcy Code presents the best opportunity for preserving and maximizing the value of the enterprise for the benefit of GMAC Mortgage, its subsidiaries, creditors, employees, stakeholders and other interested parties;

WHEREAS, GMAC Mortgage has engaged in negotiations ranging from preliminary to late-stage with a number of prospective strategic and financial investors who expressed interest in pursuing a transaction and sale process to acquire substantially all of the assets of GMAC Mortgage pursuant to 11 U.S.C. §§ 105, 363 and 365 (a "Section 363 Sale");

WHEREAS, GMAC Mortgage has narrowed the field of prospective investors interested in pursuing a Section 363 Sale to Fortress Investment Group LLC ("Fortress"), a leading, highly diversified global investment management firm;

WHEREAS, the proposed transaction with Fortress would entail the sale of substantially all of GMAC Mortgage's assets, including its mortgage loan origination and servicing businesses, in a Section 363 Sale as part of a Chapter 11 bankruptcy proceeding filed by GMAC Mortgage, and the institution of an auction process under the supervision of the Bankruptcy Court to ensure that the price and terms obtained by GMAC Mortgage constitute the best available transaction for GMAC Mortgage (such transactions being collectively referred to herein as the "Fortress Transaction");

WHEREAS, the Board has determined that it is in the best interests of GMAC Mortgage that GMAC Mortgage pursue the Fortress Transaction;

WHEREAS, the Board has also been presented by the management of GMAC Mortgage with a proposed Superpriority Debtor-in-Possession Credit and Guaranty Agreement (the "Credit Agreement") by and among GMACM Borrower, LLC ("GMACM Borrower"), GMACM Borrower, LLC ("GMACM Borrower"; together with GMACM Borrower, the "Borrowers"), ResCap, GMAC Mortgage, Residential Funding Company, LLC, certain subsidiaries of ResCap

ny-1040139

*EXHIBIT 2*

LYNN E. SZYMONIAK, ESQ.
The Metropolitan, PH2-05
403 South Sapodilla Avenue
West Palm Beach, Florida 33401

*April 19, 2010*

*Dear Honorable Judges in Foreclosure and Bankruptcy Proceedings:*

*This letter concerns how a Jacksonville, Florida publicly-traded company, Lender Processing Services, Inc. solves Deutsche Bank National Trust Company's problem of missing documents in foreclosure cases. Deutsche Bank National Trust Company ("DBNTC") is the plaintiff in the majority of foreclosure actions filed in thousands of counties in America since 2007. Deutsche Bank is sometimes referred to as "America's Foreclosure King." There is currently a Department of Justice investigation of LPS and its influence over law firms in foreclosure actions, according to an article in the Dow Jones Daily Bankruptcy Review on April 16, 2010.*

*In these foreclosure actions, DBNTC is usually acting as the trustee for a mortgage-backed securitized trust. This means that a securities company made a commodity out of approximately 5,000 mortgages that were bundled together. The notes in the trust have a face value of approximately $1.5 billion in each trust. Investors buy shares of these trusts. Deutsche Bank is the most common name in the business of being a Trustee for Mortgage-Backed trusts. Other banks very active in this role of Trustee include Wells Fargo, U.S. Bank, Citibank, Bank of New York, JP Morgan Chase and HSBC.*

*When each of these trusts was made, the securities company responsible for the securitization (often Financial Assets Securities Corporation in Greenwich, Connecticut) was supposed to have obtained mortgage assignments showing that the trust had acquired each mortgage and note from the previous owner, which was most often the original lender. The trust documents specify that the mortgages, notes and assignments in recordable from will have been obtained by the trust. Most mortgage-backed trusts included the following or equivalent language regarding Assignments:*

> *Assignments of the Mortgage Loans to the Trustee (or its nominee) will not be recorded in any jurisdiction, but will be delivered to the Trustee in recordable form, so that they can be recorded in the event recordation is necessary in connection with the servicing of a Mortgage Loan.*

*Trustees take very few actions relating to the individual properties in the trust. Typically, the bank acting as a trustee for a mortgage-backed trust hires a mortgage servicing company to deal with issues involving the individual mortgages in the trust. The mortgage servicing companies in turn hire a "default management company" to foreclose when a homeowner defaults on payments on a loan that is part of the trust. Lender Processing Services in Jacksonville, Florida, is the largest mortgage default*

*management company. Deutsche Bank National Trust Company uses several mortgage servicing companies, but most often uses American Home Mortgage Servicing, Inc. in Irving, Texas as its mortgage servicing company.*

*In tens of thousands of foreclosure cases filed by Deutsche Bank National Trust Company as trustee for a mortgage-backed trust, Deutsche Bank has not produced the mortgage, note or Assignment and instead has filed pleadings claiming that the original mortgage and note were inexplicably lost. In these cases, Deutsche Bank uses specially prepared Mortgage Assignments to show that they have the right to foreclose. These documents were often prepared by clerical employees of Docx, LLC, a subsidiary company of Lender Processing Services, the default management company. Hundreds of thousands of other Mortgage Assignments came from the LPS office in Dakota County, Minnesota. More recently, these documents were produced from the LPS offices in Jacksonville, Duval County, Florida. In thousands of other cases, LPS directs the law firms it hires to use the employees of the law firms to sign as officers of Mortgage Electronic Registration Systems to create the documents necessary for foreclosure. **These employees sign as officers of the Grantors, when they are actually working for the Grantees.***

*These Assignments relied upon by Deutsche Bank to foreclose are in one of the following forms:*

*a) Mortgage Electronic Registration Services (MERS) is identified as the grantor and American Home Mortgage Servicing, Inc. is identified as the grantee; within days (or minutes), a second Assignment is filed, identifying American Home Mortgage Servicing, Inc. as the grantor and Deutsche Bank National Trust Company as trustee for the trust as the grantee;*

*b) a mortgage company no longer in existence is identified as the grantor and American Home Mortgage Servicing, Inc. is identified as the grantee; within days (or minutes), a second Assignment is filed, identifying American Home Mortgage Servicing, Inc. as the grantor and Deutsche Bank National Trust Company as trustee for the trust as the grantee;*

*c) a mortgage company no longer in existence is identified as the grantor and Deutsche Bank National Trust Company as trustee is identified as the grantee;*

*d) American Home Mortgage Servicing, Inc., purporting to be the "successor-in-interest" to Option One Mortgage Company, is identified as the grantor and Deutsche Bank National Trust Company as trustee is identified as the grantee;*

*e) Sand Canyon Corporation, formerly known as Option One Mortgage Company, is identified as the grantor and Deutsche Bank National Trust Company as trustee is identified as the grantee, with no further explanation of how both American Home Mortgage Servicing and Sand Canyon have authority to act for Option One Mortgage.*

*On several hundred thousand Assignments, the individuals signing as officers of the grantor were actually clerical employees of Lender Processing Services, the*

mortgage default management company hired by American Home Mortgage Servicing, Inc., working for the grantee - Deutsche Bank National Trust Company. On several hundred thousand Assignments, the very same individuals signed as officers of both the grantor and grantee.

In all of these hundreds of thousands of cases, no Assignment actually took place on the date stated and no consideration was paid by the grantee to the grantor despite the representations in the Assignments. Most significantly, no disclosure was ever made to the Court in the foreclosure or bankruptcy case or to the homeowners in default that the original Assignments to the Trust were never made – or were lost – or were defective and that the recently-filed Assignments were specially made to facilitate foreclosures years after the property was transferred to the trust.

An examination of the signatures on these Assignments shows that many are forgeries, with several different people signing the names Linda Green, Tywanna Thomas, Korell Harp, Jennifer Ohde, Linda Thoresen and many of the other names used on several million mortgage assignments, as I have reported in my article "Compare These Signatures." Many of these same individuals use at least a dozen different job titles as I have reported in my article, "An Officer of Too Many Banks." These articles are available at www.frauddigest.com.

A summary of my credentials can be found at www.szymoniakfirm.com.

Please do not hesitate to contact me for additional information.

Yours truly,


Lynn E. Szymoniak, Esq.


This article could also have been titled:

HOW LENDER PROCESSING SERVICES, INC. SOLVES U.S. BANK'S MISSING PAPERWORK PROBLEM IN FORECLOSURES

-or-

HOW LENDER PROCESSING SERVICES, INC. SOLVES WELLS FARGO'S MISSING PAPERWORK PROBLEM IN FORECLOSURES

-or-

HOW LENDER PROCESSING SERVICES, INC. SOLVES BANK OF NEW YORK'S MISSING PAPERWORK PROBLEM IN FORECLOSURES

-or-

HOW LENDER PROCESSING SERVICES, INC. SOLVES CITIBANK'S MISSING

*PAPERWORK PROBLEM IN FORECLOSURES*

*-or-*

*HOW LENDER PROCESSING SERVICES, INC. SOLVES HSBC'S MISSING PAPERWORK PROBLEM IN FORECLOSURES*

**For a copy of the Exhibits referenced below, please contact szymoniak@mac.com.**

*Copies of Assignments from MERS to American Home Mortgage Servicing, Inc. are attached hereto as Exhibit 1.*

*Copies of Assignments from American Home Mortgage Servicing Inc. to Deutsche Bank as Trustee are attached as Exhibit 2.*

*Copies of Assignments from American Brokers Conduit, a mortgage company no longer in existence at the time the Assignments were made, to Deutsche Bank as trustee are attached as Exhibit 3. These were filed in counties were no Power of Attorney designating Lender Processing Services or American Home Mortgage Servicing or any other entity as Attorney-in-Fact for American Brokers Conduit had been filed. This Exhibit also includes Assignments signed by Lender Processing Services employees as officers of MERS as nominee for American Brokers Conduit.*

*Copies of other Assignments to Deutsche Bank as Trustee signed by employees of Lender Processing Services, working for the grantee Deutsche Bank, but signing on behalf of the grantor mortgage companies or banks, or MERS as nominee for the grantor mortgage companies or banks, are attached as Exhibit 4.*

*Copies of Assignments from American Home Mortgage Servicing, Inc. as the successor-in-interest to Option One Mortgage as grantor and Deutsche Bank as Trustee as the grantee are attached as Exhibit 5.*

*Copies of Assignments from Sand Canyon, formerly known as Option One Mortgage as grantor and Deutsche Bank as Trustee as the grantee are attached as Exhibit 6.*

*Copies of Assignments signed by employees of law firms working for Lender Processing Services on behalf of American Home Mortgage Servicing, Inc. and ultimately for grantee Deutsche Bank, where such employees signed as officers of MERS as grantor are attached as Exhibit 7.*

*Copies of Assignments signed by employees of Lender Processing Services on behalf of grantors and notarized in Duval County, Florida for grantee Deutsche Bank, filed by law firms working for Deutsche Bank are attached as Exhibit 8.*

# UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK
### [11 U.S.C.A. § 362(a), (h); Fed. R. Bankr. P. 9020]

In Re: Residential Capital, LLC, et al., (RESCAP)  )    <u>Case No. 12-12020; [12-12032].</u>

                                             )    (Ch.11 )

Debtor

                                             ) (Related Case No. 05-bk-75111, SD.,Ohio)

<u>AFFIDAVIT OF YVONNE D. LEWIS ALLEGING GMAC MORTGAGE LLC'S CONTEMPTUOUS
DISOBEDIENCE OF 362 ORDER FOR STAY</u>

State of OHIO              )
County of FRANKLIN     )

Yvonne D. Lewis, affiant, being duly sworn, deposes and says:

1. I am the alleged creditor, in the above-entitled and numbered joint BR actions (12-12020 [12-12032]).

2. On May 14, 2012, an order was made by this court directing the parties to cease litigation in the state courts concerning assets in the Debtor GMAC's bankruptcy estate.

3. A copy of the 362 Stay order was duly served on GMAC as alleged contemnor on May 14, 2012 as shown by the filed Voluntary Petition in case 12-12032 under Chapter 11, which is attached to the motion for contempt as Exhibit (1) and incorporated by reference. GMAC Mortgage LLC has had actual knowledge and notice of the order since May 14, 2012.

4. GMAC Mortgage LLC has at all times had the ability to comply with this order, in that on May 24, 2012 it sought a 341 Creditors Meeting to address any notices of assignments of bids on May 31, 2012 to estate property held by the Trustee under 11 USC 541(a).

5. GMAC Mortgage LLC has failed to comply with the order as follows:

    On May 31, 2012 GMAC filed a Notice of Assignment of Bid in the State Court to continue to collect a **"seller's capital gain"** and recording a "new deed" by confirmation of a disputed Sheriff's Sale on April 20, 2012 after imposition of the 362 Stay Order in Bankruptcy on May 14, 2012.

    "Transfer Gains Tax is ordinarily imposed at the time of completing legal title and recording a new deed, the Tax is not based on the total value of the property as are traditional transfer taxes, but only on the **seller's capital gain**. See Collins v. U.S., 946 F.2d 864 (Fed. Cir. 1991). Thus, the Transfer Gains Tax is *** to be an income tax."
(See: **National R. Passenger Corp. v. 10,178 Square Feet of Land, 789 F. Supp. 142, 143 (1992)**)

It follows that GMAC's **seller's capital gain** was <u>not</u> confirmed prior to the Bankruptcy Stay.

"Courts have held parties in contempt for the violation of the automatic stay provision of the bankruptcy code, 11 U.S.C. § 362, because of the special nature of that provision. The automatic stay is comparable to an **AUTOMATIC INJUNCTION**. It acts as a **SPECIFIC AND DEFINITE ORDER OF A COURT TO RESTRAIN CREDITORS FROM CONTINUANCE OF JUDICIAL PROCESS** or collection efforts against the debtor"

(See: ONE STOP REALTOUR PLACE, Inc. v. ALLEGIANCE TELECOM, Inc. (In re One Stop Realtour Place, Inc.), 268 B.R. 430, 440-441 (Bankr. E.D. Pa. 2001))

It follows that GMAC failed to conform to the special nature of the 362 Stay Order to **RESTRAIN CREDITORS** (its equity stakeholders) **FROM CONTINUANCE OF JUDICIAL PROCESS** in Ohio state case no. 05-CV-4555, Franklin County Ohio on or after May 30, 2012.

6. The failure of GMAC Mortgage LLC to conform to the special nature of the 362 Stay Order was, and is, willful and contumacious.

Affiant requests that the Court issue an order requiring GMAC Mortgage LLC to appear before this Court and show cause why it should not be adjudged guilty of contempt of court, and that after hearing, it be adjudged guilty of contempt and appropriately punished.

"I certify under penalty of perjury that the foregoing is true and correct."

Executed on: _Yvonne D. Lewis_ 5th day of June 2012. [28 U.S.C. §1746]
Yvonne D. Lewis, Affiant
1875 Alvason Avenue,
Columbus, Ohio 43219
(614) 940-3306

2 of 2 pages