IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In Re: )
MARY GARDNER, )
 )
v. )
 ) Case No: 12-12032(MG)
RESIDENTIAL CAPITAL, LLC, et al, )
 )
 Debtors. )

**RECEIVED JUN 18 2012 U.S. BANKRUPTCY COURT SO DIST OF NEW YORK**

## MARY GARDNER'S MOTION FOR RELIEF FROM STAY

Mary Gardner, by her undersigned attorney, moves for relief from the automatic stay to permit her to liquidate in state court her breach of contract and conversion claim against the debtor. As grounds therefore, the movant alleges as follows:

1. On May 14, 2012 the debtor filed a complaint for relief under Chapter 11 of the Bankruptcy Code in this Court.

2. On March 11, 2011, a date prior to the filing of the bankruptcy petition, the debtor breached a contract for repair of the movant, Mary Gardner's roof. Mary Gardner had deposited with the debtor four thousand three hundred fifty dollars and ninety-nine cents ($4,350.99) which was insurance proceeds paid to Ms. Gardner for the repair of her roof that was damaged in a hail storm. The debtor transferred the insurance proceeds to MGC after assigning its servicing contract. MGC is also a named defendant in the lawsuit brought by Ms. Gardner. Most allegations of the complaint are against both the debtor and MGC jointly. The debtor

negligently handled the transfer of the funds to MGC and fraudulently suppressed material facts regarding said funds. The debtor and/or MGC refused to return the insurance money to Ms. Gardner and thus converted those funds. As a proximate result Ms. Gardner's hail damaged roof has not been repaired and her home has suffered damage beyond the amount initially covered by her policy of insurance. As a result of said acts Ms. Gardner has been damaged.

3. As a consequence, the movant is a creditor of the bankruptcy estate, although the movant's claim is unliquidated.

4. The movant desires to continue prosecuting a pending civil action against the debtor in Alabama Federal Court for the purpose of liquidating her claim. If the debtor obtains recovery or judgment against the debtor, the movant will seek to enforce it solely against the proceeds of insurance, if any, and will not seek to enforce the recovery or judgment against the debtor, property of the debtor, or property of the estate.

**WHEREFORE**, the movant prays that the court will GRANT her motion and modify the automatic stay in the manner requested.

Arlene M. Richardson (RIC045)
Attorney for Petitioner
RICHARDSON LEGAL CENTER, LLC
P.O. Box 6
Highland Home, Alabama 36041
(334)537-9011
Fax (561) 228-1085
*arlawyer@mon-cre.net*

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of June, 2012, I mailed the foregoing Motion to the Clerk of the Court the following persons by U.S. Mail properly addressed and postage prepaid:

Clerk of the U.S. Bankruptcy Court
Vito Genna, Clerk
One Bowling Green
New York, New York 10004

Morrison & Foerster LLP
Attention: Larren M. Nashelsky, Gary S. Lee, Lornezo Marinuzzi
1290 Avenue of the Americas
New York, New York 10104

/s/ Arlene M. Richardson
Arlene M. Richardson, (RIC045)
Attorney for Plaintiff
Richardson Legal Center LLC
P.O. Box 6
Highland Home, AL 36041
(334) 537-9011
(561) 228-1085 Fax
E-mail: *arlawyer@mon-cre.net*