MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Larren M. Nashelsky
Gary S. Lee
Lorenzo Marinuzzi

*Proposed Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------------

| | ) | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

--------------------------------------------------------------------

**DEBTORS' APPLICATION UNDER SECTION 327(e) OF THE BANKRUPTCY CODE,**
**BANKRUPTCY RULE 2014(a) AND LOCAL RULE 2014-1 FOR AUTHORIZATION TO**
**EMPLOY AND RETAIN ORRICK, HERRINGTON & SUTCLIFFE LLP AS SPECIAL**
**SECURITIZATION TRANSACTIONAL AND LITIGATION COUNSEL**
**TO THE DEBTORS, *NUNC PRO TUNC* TO MAY 14, 2012**

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

The debtors and debtors in possession in the above-captioned cases (each, a

"Debtor," collectively, the "Debtors")[1] hereby move for entry of an order, under section 327(e)

of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules

of Bankruptcy Procedures and Local Rule 2014-1 of the Local Rules for the Bankruptcy Court

for the Southern District of New York (the "Local Rules"), authorizing the Debtors to employ

and retain Orrick, Herrington & Sutcliffe LLP as special securitization transactional and

---

[1]    The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit
1 to the Whitlinger Affidavit (defined below).

litigation counsel to the Debtors, *nunc pro tunc* to May 14, 2012 (the "Application").[2]  In support

of the Application, the Debtors respectfully represent:

## JURISDICTION

1.    This Court has jurisdiction to consider this Application under 28 U.S.C. §§

157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and

this Application in this district is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory

predicates for the relief requested herein are Bankruptcy Code section 327(e), Bankruptcy Rule

2014(a) and Local Rule 2014-1.

## BACKGROUND

2.    On May 14, 2012 (the "Petition Date"), each of the Debtors filed a

voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code.  The Debtors

are managing and operating their businesses as debtors in possession pursuant to Bankruptcy

Code sections 1107(a) and 1108.  These cases are being jointly administered pursuant to

Bankruptcy Rule 1015(b).  No trustee has been appointed in these Chapter 11 cases; however,

the Court has directed that an examiner be appointed.

3.    On May 16, 2012, the United States Trustee for the Southern District of

New York (the "U.S. Trustee") appointed a nine member official committee of unsecured

creditors (the "Creditors' Committee").

4.    The Debtors are a leading residential real estate finance company

indirectly owned by Ally Financial Inc. ("AFI"), which is not a Debtor.  The Debtors and their

non-debtor affiliates operate the fifth largest mortgage servicing business and the tenth largest

mortgage origination business in the United States.  A more detailed description of the Debtors,

including their business operations, their capital and debt structure, and the events leading to the

---

[2]    Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases or the relief
requested in this Application may refer to http://www.kccllc.net/rescap for additional information.

filing of these bankruptcy cases, is set forth in the Affidavit of James Whitlinger, Chief Financial

Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings

(the "Whitlinger Affidavit").

## RELIEF REQUESTED

5.      By this Application, the Debtors seek entry of an order, substantially in the

form attached hereto as <u>Exhibit 1</u>, under section 327(e) of the Bankruptcy Code, Bankruptcy

Rule 2014(a) and Local Rule 2014-1, for authorization to employ and retain Orrick, Herrington

& Sutcliffe LLP ("Orrick") as special securitization transactional and litigation counsel to the

Debtors, *nunc pro tunc* to May 14, 2012, to permit Orrick to continue its performance of legal

services in connection with, *inter alia*, (a) the Debtors' rights and obligations relating to their

securitization and servicing agreements, (b) certain claims and litigation asserted by insurers,

trustees and/or investors against the Debtors arising from or related to residential mortgage-

backed securities, and (c) the sale of the Debtors' assets.  Orrick will coordinate with Morrison &

Foerster such that the services provided by both Orrick and Morrison & Foerster are

complimentary of each other and not duplicative.

6.      This Application is supported by the Declaration of Katharine I. Crost in

Support of the Debtors' Application Under Section 327(e) of the Bankruptcy Code, Bankruptcy

Rule 2014(a), and Local Rule 2014-1 for Authorization to Employ and Retain Orrick, Herrington

& Sutcliffe LLP as Special Securitization Transactional and Litigation Counsel to the Debtors,

*Nunc Pro Tunc* to May 14, 2012 (the "Crost Declaration"), attached hereto as <u>Exhibit 2</u>.

## APPLICABLE AUTHORITY

7.      Section 327(e) of the Bankruptcy Code states, in pertinent part:

The [debtor in possession], with this Court's approval, may employ,
for a specified special purpose, other than to represent the [debtor in
possession] in conducting the case, an attorney that has represented the
debtor, if in the best interest of the estate, and if such attorney does not

> represent or hold any interest adverse to the debtor or to the estate with
> respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).

8.      By regulating the ability of the debtors in possession to retain

professionals, section 327 of the Bankruptcy Code "serve[s] the important policy of ensuring that

all professionals appointed . . . tender undivided loyalty and provide untainted advice and

assistance in furtherance of their fiduciary responsibilities." In re The Leslie Fay Cos., Inc., 175

B.R. 525, 532 (Bankr. S.D.N.Y. 1994) (citation omitted).  When evaluating a proposed retention,

a bankruptcy court "should exercise its discretionary powers over the approval of professionals

in a manner which takes into account the particular facts and circumstances surrounding each

case and the proposed retention before making a decision."  Bank Brussels Lambert v. Coan (In

re Arochem Corp.), 176 F.3d 610, 621 (2d Cir. 1999) (citation omitted).

**RETENTION OF ORRICK IS WARRANTED**

9.      Orrick began representing Residential Funding Company, LLC ("RFC"), a

Debtor in these Chapter 11 cases, in 1990.  In addition, Orrick began representing GMAC

Mortgage, LLC, also a Debtor in these Chapter 11 cases ("GMACM" and, together with RFC,

"RFC/GMACM"), in 1999.

10.     Orrick's representation of RFC/GMACM has included representation of (a)

RFC's wholly owned depositing entities, all Debtors in these Chapter 11 cases, Residential

Assets Mortgage Products, Inc. ("RAMP"),  Residential Accredit Loans, Inc. ("RALI"),

Residential Asset Securities Corporation ("RASC"), Residential Funding Mortgage Securities I,

Inc. ("RFMSI") and Residential Funding Mortgage Securities II, Inc. ("RFMSII"), (b) wholly-

owned direct and indirect subsidiaries of RFC or GMACM, Debtors GMACR Mortgage

Products, LLC, RFC – GSAP Servicer Advance, LLC, Passive Asset Transactions, LLC and

RFC Asset Holdings II, LLC and (c) Phoenix Residential Securities, LLC ("PRS"), which is not

a debtor in these Chapter 11 cases.  As described in the Crost Declaration, Orrick's primary role

for RFC and GMACM was to act as securitization counsel for a number of its monthly offerings

of residential mortgage-backed securities, both public and private.

11.      In its role as securitization and transactional counsel, Orrick, among other

things: (a) assisted the client in preparing registration statements on Form S-3 for RAMP, RALI

and RASC; (b) assisted the client in preparing various offering documents in connection with

residential mortgage-backed security offerings, including related operative documents,

indentures, trust agreements, servicing agreements or pooling and servicing agreements,

underwriting agreements, and other ancillary documents; (c) communicated with rating agencies

and investment banks that were underwriting the offerings; (d) represented RFC/GMACM in

connection with financing of servicing advances made by RFC/GMACM, as servicer, under

various servicing agreements through the securitization of advance receivables; (e) represented

RFC with a number of mortgage loan sale transactions; (f) rendered customary legal opinions to

the rating agencies, trustees, monolines, RFC/GMACM and underwriters in connection with the

securitizations; (g) with the consent of RFC/GMACM and Residential Capital, LLC, represented

certain underwriters in a number of debt offerings by Residential Capital, LLC; and (h) advised

RFC/GMACM in connection with various potential amendments to certain operative

securitization documents.

12.      In addition to its role as securitization and transactional counsel, Orrick

represents certain Debtor-entities in connection with twelve separate civil actions filed by

Financial Guaranty Insurance Company ("FGIC") between November 2011 and March 2012.

The lawsuits were filed in state and federal courts in New York against various Debtors-entities

and their subsidiaries.  The complaints allege multiple claims for damages and other relief with

respect to FGIC's participation as the insurer for twenty separate residential mortgage-backed

security issuances.  Orrick appeared in all of the actions as lead counsel for various Debtor-

entities.  FGIC also named as defendants in some but not all of the cases, AFI and Ally Bank.

Orrick did not appear on behalf of those entities or any other non-debtor defendant.  All of the

cases were either removed to federal court pursuant to notices of removal filed by Orrick, or filed

originally in the United States District Court for the Southern District of New York.  As of the

Petition Date, Orrick had drafted correspondence to the District Judge requesting leave to file

certain specified motions to dismiss, and had acted with respect to preliminary scheduling

matters.  Orrick had also conducted substantial research and analysis, and had outlined or written

preliminary drafts of motions to dismiss various tort and contract claims FGIC alleged against

the Debtor-entities for failure to state a claim under applicable laws.  Orrick has also performed

additional related research and analytical work in these matters.  On May 14, 2012, Orrick filed

notices of stay pursuant to the automatic stay provisions of the Bankruptcy Code in all cases.

13.     As described in the Crost Declaration, by virtue of Orrick's prior

engagement, Orrick is familiar with the facts and history of the Debtors' residential mortgage-

backed securities and the litigation related thereto.  As such, retaining Orrick is an efficient and

cost effective manner in which the Debtors may obtain the requisite services during these

Chapter 11 cases.

14.     In light of the foregoing and the Crost Declaration, the Debtors believe

that Orrick is well qualified to represent the Debtors as Special Securitization Transactional and

Litigation Counsel pursuant to section 327(e) of the Bankruptcy Code, and that Orrick's

retention would be in the best interest of the Debtors' estates, their creditors, and other parties in

interest.

## SCOPE OF SERVICES

15.    The Debtors anticipate that Orrick will continue to advise them with

respect to securitization transactional and litigation issues due to Orrick's recognized expertise in

these fields, and because of Orrick's actual knowledge and experience with the Debtors before

the Petition Date.

16.    Subject to approval of the Application, the Debtors have asked Orrick to

render the following services as Special Securitization Transactional and Litigation Counsel:

> (a)    advise the Debtors regarding their rights and obligations relating to
> their securitization and servicing agreements (including various
> REMIC and tax issues), including matters that may arise in
> connection with amendments to, or notifications required under,
> the securitization and servicing agreements, as necessary or
> appropriate in connection with the asset purchase agreement, the
> settlement agreement, the debtor in possession financing
> agreement, any proposed plans of reorganization, or otherwise;

> (b)    represent the Debtors in connection with claims and litigation
> asserted by insurers, trustees and/or investors against the Debtors
> arising from or related to residential mortgage-backed securities;

> (c)    assist with the sale of the Debtors' assets;

> (d)    assist the Debtors in responding to requests for documents and
> information in response to inquiries from government, law
> enforcement and litigants; and

> (e)    provide any other tasks as mutually agreed upon by the Debtors
> and Orrick.

17.    Orrick has indicated a willingness to act on behalf of, and render such

services to, the Debtors, upon the terms set forth herein.

## ORRICK'S DISINTERESTEDNESS

18.    As stated in the Crost Declaration, and to the best of the Debtors'

knowledge, Orrick does not represent or hold any interest adverse to the Debtors or to their

estates with respect to the matters upon which Orrick is to be engaged.  As further stated in the

Crost Declaration, and to the best of the Debtors' knowledge, Orrick is not connected with the

U.S. Trustee or any person employed by the U.S. Trustee.

## COMPENSATION OF ORRICK

19.     The current hourly billing rates for Orrick professionals expected to spend

significant time on these cases range from $695 to $895 for partners and counsel, $355 to $675

for associates, and $170 to $270 for paralegals.[3]  In addition to the hourly billing rates set forth

herein, Orrick customarily charges its clients for all reimbursable expenses incurred, including

photocopying charges, messengers, courier mail, overtime, overtime meals, late night

transportation, travel, lodging, meal charges for business meetings, postage, printing, transcripts,

filing fees, computer research, and similar items.

20.     The Debtors understand that Orrick intends to apply to the Court for the

allowance of compensation for professional services rendered and reimbursement of expenses

incurred in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy

Rules, the Local Rules, the United State Trustee's Guidelines for Reviewing Applications for

Compensation and Reimbursement of Expenses and any other applicable procedures and orders

of the Court.  Orrick has agreed to accept as compensation such sums as may be allowed by the

Court and understands that interim and final fee awards are subject to approval by the Court.

21.     Prior to the Petition Date, Orrick received retainers from the Debtors in

the aggregate amount of $325,000.00 (the "Retainer").  By this Application, Orrick seeks

authority to apply any remaining amounts of the Retainer as a credit toward postpetition fees and

expenses incurred to date and ongoing, after such postpetition fees and expenses are approved by

the Court.

---

[3]     Such hourly rates are subject to change from time to time in the regular course of Orrick's business.

22.     To the best of the Debtors' knowledge, neither Orrick, nor any partner or associate thereof, has received or been promised any compensation for legal services rendered or to be rendered in any capacity in connection with the Debtors' Chapter 11 cases, other than as permitted by the Bankruptcy Code.  Orrick has not agreed to share compensation received in connection with these cases with any other person, except as permitted by section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016(b) in respect of the sharing of compensation among Orrick's partners and associates.

## REQUEST FOR NUNC PRO TUNC AUTHORIZATION

23.     For the reasons set forth herein, issues which require Orrick's review and input have arisen and continue to arise in these cases, and the Debtors continue to require Orrick's advice and assistance in these cases.  In order to avoid delaying these Chapter 11 cases, the Debtors asked Orrick to continue to work after the Petition Date, contingent upon the Court's approval of this Application.  Given the Debtors' need for Orrick's advice and assistance, the Debtors respectfully request that Orrick's employment be authorized effective as of the Petition Date.

## NOTICE

24.     Notice of this Application will be given to the following parties, or in lieu thereof, to their counsel:  (a) the Office of the United States Trustee for the Southern District of New York; (b) the Office of the United States Attorney General; (c) the Office of the New York Attorney General; (d) the Office of the United States Attorney for the Southern District of New York; (e) the Internal Revenue Service; (f) the Securities and Exchange Commission; (g) each of the Debtors' prepetition lenders, or their agents, if applicable; (h) each of the indenture trustees for the Debtors' outstanding notes issuances; (i) Ally Financial Inc.; (j) Barclays Bank PLC, as administrative agent for the lenders under the debtor in possession financing facility; (k)

Nationstar Mortgage LLC and its counsel; (l) the Creditors' Committee; and (m) all parties

requesting notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in view of the

facts and circumstances, such notice is sufficient and no other or further notice need be provided.

### CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court (i) enter an order

substantially in the form attached hereto as Exhibit 1 granting the relief requested in the

Application and (ii) grant such other and further relief to the Debtors as the Court may deem just

and proper.


Dated:  June 26, 2012                         RESIDENTIAL CAPITAL, LLC,
                                              on behalf of itself and each of its Debtor
                                              subsidiaries



                                              By: /s/ James Whitlinger_____
                                                  Name:  James Whitlinger
                                                  Title:  Chief Financial Officer

## EXHIBIT 1

## Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------
)
In re:                                                    )       Case No. 12-12020 (MG)
)
RESIDENTIAL CAPITAL, LLC, et al.,      )       Chapter 11
)
Debtors.              )       Jointly Administered
-----------------------------------------------------------------------
)

**ORDER UNDER SECTION 327(e) OF THE BANKRUPTCY CODE, BANKRUPTCY**
**RULE 2014(a) AND LOCAL RULE 2014-1 AUTHORIZING THE EMPLOYMENT AND**
**RETENTION OF ORRICK, HERRINGTON & SUTCLIFFE LLP AS**
**SPECIAL SECURITIZATION TRANSACTIONAL AND LITIGATION COUNSEL**
**TO THE DEBTORS, *NUNC PRO TUNC* TO MAY 14, 2012**

Upon the application (the "Application")[1] of the Debtors for entry of an order,

under Bankruptcy Code section 327(e), Bankruptcy Rule 2014(a) and Local Rule 2014-1,

authorizing, but not directing, the Debtors to employ and retain Orrick, Herrington & Sutcliffe

LLP ("Orrick") as Special Securitization Transactional and Litigation Counsel to the Debtors,

*nunc pro tunc* to May 14, 2012, all as more fully described in the Application; and upon

consideration of the Crost Declaration; and it appearing that this Court has jurisdiction to

consider the Application pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue in

these Chapter 11 cases and the Application in this district is proper pursuant to 28 U.S.C. §§

1408 and 1409; and it appearing that this proceeding on the Application is a core proceeding

pursuant to 28 U.S.C. § 157(b); and sufficient notice of the Application having been given under

the circumstances; and it appearing that no other or further notice need be provided; and it

appearing that the relief requested in the Application is in the best interests of the Debtors'

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the
Application.  Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11
cases or the relief granted herein may refer to http://www.kccllc.net/rescap for additional information.

estates, their creditors and other parties in interest; and after due deliberation thereon; and

sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1.　　　The Application is GRANTED in its entirety.

2.　　　In accordance with section 327(e) of the Bankruptcy Code, Bankruptcy

Rule 2014 and Local Rule 2014-1, the Debtors are authorized to employ and retain Orrick as

Special Securitization Transactional and Litigation Counsel to the Debtor, *nunc pro tunc* to the

Petition Date, on the terms set forth in the Application and the Crost Declaration.

3.　　　Orrick shall apply for compensation and reimbursement of expenses

incurred following the Petition Date in accordance with the procedures set forth in sections 330

and 331 of the Bankruptcy Code, such Bankruptcy Rules and Local Rules as may then be

applicable from time to time, the United State Trustee's Guidelines for Reviewing Applications

for Compensation and Reimbursement of Expenses and any additional procedures that may be

established by order of this Court.

4.　　　Orrick shall file with the Court and serve upon the U.S. Trustee and the

Creditors' Committee appointed in these Chapter 11 cases a notice of any changes to its hourly

billing rates for attorneys or other personnel performing services for the Debtors.

5.　　　Orrick shall apply any remaining amount of its prepetition Retainer as a

credit toward postpetition fees and expenses, after such postpetition fees and expenses are

approved pursuant to the procedures established by the Court for awarding fees and expenses to

Orrick.

6.　　　The Debtors are authorized, empowered and directed to take all actions

necessary to implement the relief granted pursuant to this Order.

7.     To the extent there may be any inconsistency between the terms of the Application, the Crost Declaration and this Order, the terms of this Order shall govern.

8.     Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

9.     This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.


Dated: _____, 2012
        New York, New York


_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 2**

**Crost Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

-------------------------------------------------------------------

**DECLARATION OF KATHARINE I. CROST IN SUPPORT OF THE DEBTORS'**
**APPLICATION UNDER SECTION 327(e) OF THE BANKRUPTCY CODE,**
**BANKRUPTCY RULE 2014(a) AND LOCAL RULE 2014-1 FOR AUTHORIZATION TO**
**EMPLOY AND RETAIN ORRICK, HERRINGTON & SUTCLIFFE LLP**
**AS SPECIAL SECURITIZATION TRANSACTIONAL AND LITIGATION COUNSEL**
**TO THE DEBTORS, *NUNC PRO TUNC* TO MAY 14, 2012**

Pursuant to sections 327 and 329 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(b) and 28 U.S.C. § 1746, Katharine I. Crost declares:

1.      I am a partner of the firm of Orrick, Herrington & Sutcliffe LLP ("Orrick"), which maintains offices for the practice of law at 51 West 52nd Street, New York, New York 10019-6142 and in other cities in the United States and around the world.  I am admitted to practice law before the Courts of the State of New York, the Southern District of New York, and the Eastern District of New York.

2.      I submit this declaration (the "Declaration") in support of the application (the "Application") filed by Residential Capital, LLC, *et al.* (each, a "Debtor," collectively, the "Debtors") seeking authorization to employ Orrick as Special Securitization Transactional and Litigation Counsel to the Debtors with respect to, *inter alia*, (a) the Debtors' rights and obligations relating to their securitization and servicing agreements, (b) certain claims and litigation asserted by insurers, trustees and/or investors against the Debtors arising from or related to residential mortgage-backed securities, and (c) the sale of the Debtors' assets, *nunc pro*

*tunc* to May 14, 2012, as described in greater detail below and in the Application, and to provide

disclosures required under Bankruptcy Rules 2014(a) and 2016(b).

3.      The facts set forth in this Declaration are based upon my personal

knowledge, upon records maintained by Orrick in the ordinary course of its business and which

have been reviewed by me and/or by other partners or employees of Orrick at my direction, or

upon information known by other partners or employees of Orrick and conveyed to me.  The

facts set forth herein are also based on a review (described below) of certain categories of parties

identified by Orrick and included on a list provided to Orrick by Morrison & Foerster LLP

("Morrison & Foerster"), the Debtors' general bankruptcy counsel, on May 19, 2012 and

thereafter supplemented as needed (as supplemented, the "Conflicts Checklist"), setting forth

certain of the creditors and other parties in interest of the Debtors in their Chapter 11 cases.  This

review was performed by the persons within Orrick with administrative responsibility for

maintaining records of our representations, and their work was reviewed by me and/or by other

partners or employees of Orrick at my direction.

4.      If I were called upon to testify, I could and would testify competently to

the facts set forth herein based *inter alia* upon the aforesaid review and input.  I am authorized to

submit this Declaration on behalf of Orrick.

## ORRICK'S QUALIFICATIONS AND
## PREPETITION SERVICES PERFORMED BY ORRICK

5.      The Debtors seek to retain Orrick as special securitization transactional

and litigation counsel pursuant to section 327(e) of the Bankruptcy Code, *nunc pro tunc* to May

14, 2012, to permit Orrick to continue its performance of legal services in connection with

certain securitization and litigation issues, as set forth below and in the Application.

6.      Orrick began representing Residential Funding Company, LLC ("RFC"), a

Debtor in these Chapter 11 cases, in 1990.  In addition, Orrick began representing GMAC

Mortgage, LLC, also a Debtor in these Chapter 11 cases ("GMACM" and, together with RFC, "RFC/GMACM"), in 1999.

7.    Orrick's representation of RFC/GMACM has included representation of (i) RFC's wholly owned depositing entities, all Debtors in these Chapter 11 cases, Residential Assets Mortgage Products, Inc. ("RAMP"),  Residential Accredit Loans, Inc. ("RALI"), Residential Asset Securities Corporation ("RASC"), Residential Funding Mortgage Securities I, Inc. ("RFMSI") and Residential Funding Mortgage Securities II, Inc. ("RFMSII"), (ii) wholly-owned direct and indirect subsidiaries of RFC or GMACM, Debtors GMACR Mortgage Products, LLC, RFC – GSAP Servicer Advance, LLC, Passive Asset Transactions, LLC and RFC Asset Holdings II, LLC and (iii) Phoenix Residential Securities, LLC ("PRS"), which is not a debtor in these Chapter 11 cases.  Orrick's primary role for RFC and GMACM was to act as securitization counsel for a number of its monthly offerings of residential mortgage-backed securities, both public and private.

8.    In its role as securitization and transactional counsel, Orrick, among other things: (a) assisted the client in preparing registration statements on Form S-3 for RAMP, RALI and RASC; (b) assisted the client in preparing various offering documents in connection with residential mortgage-backed security offerings, including related operative documents, indentures, trust agreements, servicing agreements or pooling and servicing agreements, underwriting agreements, and other ancillary documents; (c) communicated with rating agencies and investment banks that were underwriting the offerings; (d) represented RFC/GMACM in connection with financing of servicing advances made by RFC/GMACM, as servicer, under various servicing agreements through the securitization of advance receivables; (e) represented RFC with a number of mortgage loan sale transactions; (f) rendered customary legal opinions to the rating agencies, trustees, monolines, RFC/GMACM and underwriters in connection with the

securitizations; (g) with the consent of RFC/GMACM and Residential Capital, LLC, represented

certain underwriters in a number of debt offerings by Residential Capital, LLC; and (h) advised

RFC/GMACM in connection with various potential amendments to certain operative

securitization documents.

9.      In addition to its role as securitization and transactional counsel, Orrick

represents certain Debtor-entities in connection with twelve (12) separate civil actions filed by

Financial Guaranty Insurance Company ("FGIC") between November 2011 and March 2012.

The lawsuits were filed in state and federal courts in New York against various Debtors-entities

and their subsidiaries.  The complaints allege multiple claims for damages and other relief with

respect to FGIC's participation as the insurer for twenty (20) separate residential mortgage-

backed security issuances.  Orrick appeared in all of the actions as lead counsel for various

Debtor-entities.  FGIC also named as defendants in some but not all of the cases, AFI and Ally

Bank.  Orrick did not appear on behalf of those entities or any other non-debtor defendant.  All

of the cases were either removed to federal court pursuant to notices of removal filed by Orrick,

or filed originally in the United States District Court for the Southern District of New York.  As

of the Petition Date, Orrick had drafted correspondence to the District Judge requesting leave to

file certain specified motions to dismiss, and had acted with respect to preliminary scheduling

matters.  Orrick had also conducted substantial research and analysis, and had outlined or written

preliminary drafts of motions to dismiss various tort and contract claims FGIC alleged against

the Debtor-entities for failure to state a claim under applicable laws.  Orrick has also performed

additional related research and analytical work in these matters.  On May 14, 2012, Orrick filed

notices of stay pursuant to the automatic stay provisions of the Bankruptcy Code in all cases.

## SCOPE OF ORRICK'S RETENTION

10.    By virtue of Orrick's prior engagement, as described above, Orrick is familiar with the facts and history of the Debtors' residential mortgage-backed securities and the litigation related thereto.  As such, I believe that Orrick is uniquely qualified and well suited to assist the Debtors as Special Securitization Transactional and Litigation Counsel in these Chapter 11 cases.

11.    Subject to approval of the Application, the Debtors have asked Orrick to render the following services as Special Securitization Transactional and Litigation Counsel:

(a)    advise the Debtors regarding their rights and obligations relating to their securitization and servicing agreements (including various REMIC and tax issues), including matters that may arise in connection with amendments to, or notifications required under, the securitization and servicing agreements, as necessary or appropriate in connection with the asset purchase agreement, the settlement agreement, the debtor in possession financing agreement, any proposed plans of reorganization, or otherwise;

(b)    represent the Debtors in connection with claims and litigation asserted by insurers, trustees and/or investors against the Debtors arising from or related to residential mortgage-backed securities;

(c)    assist with the sale of the Debtors' assets;

(d)    assist the Debtors in responding to requests for documents and information in response to inquiries from government, law enforcement and litigants; and

(e)    provide any other tasks as mutually agreed upon by the Debtors and Orrick.

12.    Orrick is willing to act on behalf of, and render such services to, the Debtors, upon the terms set forth in the Application.

13.    Because issues which require Orrick's review and input have arisen and continue to arise in these cases, and because the Debtors continue to require Orrick's advice and assistance in these cases, the Debtors requested that Orrick continue to provide legal services to

the Debtors after the Petition Date, contingent upon the Court's approval of the Application.  I

understand that pursuant to the Application, the Debtors are requesting *nunc pro tunc* approval of

the fees and expenses incurred by Orrick after the Petition Date, as well as authorization to apply

any remaining amount of its prepetition Retainer as a credit toward postpetition fees and

expenses, after such postpetition fees and expenses are approved by the Court.

14.    I understand that Morrison & Foerster will represent the Debtors in

connection with the financial restructuring of the Debtors and bankruptcy-specific issues.

Because Orrick is not serving as the Debtors' bankruptcy counsel, it is our position that Orrick

has not rendered "services . . . in contemplation of, or in connection with the case" within the

meaning of section 329(a) of the Bankruptcy Code.  Orrick's postpetition work will be

comprised of continuing to represent the Debtors in connection with certain securitization issues

and litigation relating thereto.  Accordingly, the services rendered and functions to be performed

by Orrick will not be duplicative of any bankruptcy-related work performed by Morrison &

Foerster.

15.    As a result of the foregoing, I believe that Orrick is qualified to represent

the Debtors as Special Securitization Transactional and Litigation Counsel pursuant to section

327(e) of the Bankruptcy Code.

### ORRICK'S "CONNECTIONS" TO THE DEBTORS AND OTHER PARTIES IN INTEREST IN MATTERS UNRELATED TO THESE CHAPTER 11 CASES

16.    Section 327(e) of the Bankruptcy Code provides that the Debtors "may

employ, for a specified special purpose, other than to represent the trustee in conducting the case,

an attorney that has represented the Debtors, if in the best interest of the estates, and if such

attorney does not represent or hold any interest adverse to the Debtors or to the estates with

respect to the matter on which such attorney is to be employed."  11 U.S.C. § 327(e).

17.     In preparing this Declaration, I utilized a set of procedures developed by Orrick to comply with the requirements of the Bankruptcy Code, the Bankruptcy Rules and any local rules of the Court regarding the retention of professionals by a debtor under the Bankruptcy Code (the "Firm Disclosure Procedures").  Pursuant to the Firm Disclosure Procedures, I performed, or caused to be performed, the following actions to identify the parties relevant to this Declaration and to ascertain Orrick's connection to such parties:

(a)     Using the Conflicts Checklist provided by the Debtors and other information I or other Orrick personnel gathered, Orrick personnel assembled the list of parties identified in Schedule 1, which includes the following categories:  Debtors; Non-Debtor Affiliates; Non-Debtor Indirect Affiliates (including foreign affiliates); Officers and Directors; Parties to Funding Agreements; U.S. Trustee's Office (Region 2 Trial Attorneys); Bankruptcy Judges (New York); District Court Judges (New York); Servicing Counterparties, which includes Government Entities and GSEs, Housing and Local Agencies, Mortgage and Monoline Insurers, and Trustees); and the Consolidated Top 50 Creditors.  Except as otherwise described herein, Orrick has not made other efforts to identify or particularize Orrick's connections with all parties who may have an interest in the bankruptcy estates.  Orrick intends to review periodically its client database during the pendency of these Chapter 11 cases to insure, to the extent reasonably possible, that no conflict or other disqualifying circumstance exists or arises.

(b)     I and other Orrick lawyers instructed the employees responsible for maintaining Orrick's computerized database of client matters to enter the names of the parties listed on Schedule 1 into the database with a view toward determining whether Orrick has any reported connections with any of those parties.

(c)     In addition, a general inquiry to all Orrick attorneys and paralegals was sent by electronic mail to determine whether any such individual (a) holds any stocks, bonds, or other securities issued by the Debtors or by its non-debtor parent; (b) has a mortgage loan issued by the Debtors; (c) represents a client in connection with claims by that client against the Debtors; (d) has any connection to the Office of the United States Trustee for the Southern District of New York or to any of the United States Trustee's employees nationwide; (e) holds or represents any interest adverse to the Debtors; or (f) has any other known connection to the Debtors, their creditors, attorneys, or accountants.

18.     To the extent that our review and inquiries indicated that Orrick has represented, or currently represents, any of the entities identified in Schedule 1, the identities of such parties and such parties' relationship to the Debtors and connection to Orrick are described herein and/or set forth in Schedule 2.  Our review is ongoing and, if any relevant fact or relationship not disclosed herein is discovered or arises, I will file a supplemental declaration with the Court as soon as practicable.

19.     Based upon the above described client database review and inquiries, as far as I am able to ascertain to date and to the best of my knowledge, except as set forth herein and in Schedule 2 hereto, Orrick has no connection with the parties listed in Schedule 1 hereto. In addition, except as set forth herein and in Schedule 2 hereto, Orrick does not represent or hold any interest adverse to the Debtors or the Debtors' estates with respect to the matters on which Orrick is to be employed in these Chapter 11 cases.

20.     To the best of my knowledge, Orrick, its partners, attorneys and counsel have represented in the past, currently represent, and may in the future represent, creditors of the Debtors and various other parties in interest in these Chapter 11 cases with respect to matters in which the Debtors and their affiliates were or are adverse but which were or are unrelated to anything fairly contemplated to be within the scope of Orrick's retention.  Orrick also may have or represent interests adverse to such creditors or parties in interest in matters unrelated to these Chapter 11 cases.  To the extent any of these parties are identified in Schedule 1, the identities of such parties and such parties' relationship to the Debtors and connection to Orrick are set forth in Schedule 2.

21.     In addition to the foregoing, Orrick's partners and employees may have business associations with, or professional, social or familial relationships with, or interests aligned with or adverse to, creditors or parties in interest, or their attorneys, accountants or

advisors.  Orrick's partners and employees may have business associations with, or professional,

social or familial relationships with employees or officers of the Debtors.  As part of its practice,

Orrick appears in cases, proceedings and transactions throughout the world involving many

different parties, and works together with many different parties, which may include creditors or

parties in interest, or attorneys, accountants or other professional firms or advisors who may

represent creditors or parties in interest in these cases.  As far as I have been able to ascertain,

none of these associations, relationships, or interests has any connection with the Debtors or

these Chapter 11 cases.

   22.  In addition, I note that the Debtors have filed applications to retain, or

have indicated that they may file additional applications to retain, various professionals during

the pendency of these cases, including, for example, Morrison & Foerster (as bankruptcy

counsel), FTI Consulting Inc. (as financial advisors), Centerview Partners LLC (as investment

bankers), Kurtzman Carson Consultants LLP (as claims and noticing agent), and Rubenstein

Associates, Inc. (as public relations consultants).  Orrick works with many professionals during

the course of rendering legal services to clients all over the world and may have previously

worked with the professionals the Debtors have retained or may retain on various representations,

and will continue to do so, at times representing the same parties and at other times representing

parties with similar interests or parties with adverse interests.  In addition, to the best of my

knowledge, and to the extent I have been able to ascertain, Orrick, its partners, attorneys and

counsel have represented in the past, currently represent, or may in the future represent various

professional firms the Debtors have retained or may retain.  None of these representations has

any connection with the Debtors or these Chapter 11 cases.  In addition, I understand that Orrick

and Morrison & Foerster are members of the same malpractice insurance pool.

23.     Because of the nature of the Debtors' businesses and corporate structure, relationships between Orrick (on the one hand) and the Debtors, their direct and indirect affiliates, and their creditors (on the other hand) may have existed in past years, may currently exist, or may exist in the future. Except as set forth herein and in Schedule 2 hereto, any such contacts or relationships do not relate to the Debtors' Chapter 11 cases and thus do not create any conflicts with respect to Orrick's representation of the Debtors.

24.     I am not related to any United States District Judge or United States Bankruptcy Judge in New York or to the United States Trustee in these cases or to any known employees in her office. To the best of my knowledge, no lawyer at Orrick who is proposed to work on these Chapter 11 cases is related to any of the foregoing.

25.     Neither I nor, to the best of my knowledge, any partner or attorney employed by Orrick is a creditor, equity security holder or an insider of the Debtors or their estates. Neither I nor, to the best of my knowledge, any partner or employee of Orrick serves or served as an officer, director, or employee of any of the Debtors within two (2) years before the date of the filing of these Chapter 11 cases. None of the representations described herein and in Schedule 2 hereto are materially adverse to the interests of the Debtors, their estates, or their creditors in these Chapter 11 cases.

26.     In 2009, RFC raised concerns in connection with the cash flow provisions applicable to certain situations in three securitization transactions issued in 2006. The issue was resolved in 2010. In addition, Moody's Investors Service raised a question about the allocation of realized losses under certain circumstances in certain residential mortgage-backed securities offerings sponsored by RFC. Similar issues were previously raised. Orrick was counsel to RFC in those offerings.

27.    I do not believe that any of the current or former representations described

herein or in Schedule 2 hereto constitute a conflict with Orrick's representation of the Debtors

nor are they likely to create a conflict in the future.

28.    Orrick has made reasonable efforts to discover and disclose the existence

of any conflict of interest or connections based upon the information available to Orrick.  Orrick

is unable to state, however, whether one or more of its clients or their affiliates that has not been

identified in Schedule 1 holds a claim or interest, or otherwise is a party in interest in these

Chapter 11 cases.  Orrick intends to review periodically its database during the pendency of these

Chapter 11 cases to insure, to the extent reasonably possible, that no conflict or other

disqualifying circumstance exists or arises.  In this regard, if Orrick discovers additional

information that requires disclosure, Orrick will file supplemental disclosures with the Court.

## SECURITIES OWNERSHIP AND
## COMMERCIAL RELATIONSHIPS

29.    As far as I have been able to ascertain, and to the best of my knowledge, I

understand that one or more Orrick attorneys have in the past held, currently hold, or may in the

future hold, a loan serviced by the Debtors or their affiliates.  Other than as described herein, I

have not undertaken any other efforts to ascertain or report whether individual attorneys at

Orrick received any other services from the Debtors or any of the parties listed in Schedule 1

hereto, or whether any individual attorneys at Orrick have a business relationship with the

Debtors or any of the other parties listed in Schedule 1 hereto.  Various individual attorneys at

Orrick have or may have such business relationships.  Attorneys at Orrick may have relatives or

spouses who are members of professional firms involved in these cases or employed by parties

listed in Schedule 1 hereto.  In addition, as far as I have been able to ascertain, and to the best of

my knowledge, I understand that one or more Orrick attorneys currently hold debt securities

issued by certain non-debtor affiliates.  Other than as described herein, we have not undertaken

any other efforts to ascertain or report the banking, insurance, brokerage or investment activities

or familial connections of Orrick attorneys in preparing this Declaration.

## ORRICK'S FEES AND COSTS
## PRIOR TO THE PETITION DATE

30.    I understand that prior to the Petition Date, Orrick received retainers from

the Debtors in the aggregate amount of $325,000.00 (the "Retainer").  I further understand that

the Application seeks authority to apply any remaining amounts of the Retainer as a credit

toward postpetition fees and expenses incurred to date and ongoing, after such postpetition fees

and expenses are approved by the Court.

31.    In addition, I understand that during the ninety (90) days prior to the

Petition Date, Orrick received payments for fees and expenses in the aggregate amount of

$1,437,922.55.

## PROFESSIONAL COMPENSATION

32.    The current hourly billing rates in effect as of January 1, 2012 for Orrick

professionals expected to spend a significant amount of time in these cases range from $695 to

$895 for partners and counsel, $355 to $675 for associates, and $170 to $270 for paralegals.  In

addition to the hourly billing rates set forth, Orrick customarily charges its clients for all

reimbursable expenses incurred, including photocopying charges, messengers, courier mail,

overtime, overtime meals, late night transportation, travel, lodging, meal charges for business

meetings, postage, printing, transcripts, filing fees, computer research, and similar items.  I

believe that Orrick's billing rates, and the terms and conditions of Orrick's employment, are

reasonable.

33.    Orrick intends to maintain contemporaneous records of time expended and

out-of-pocket expenses incurred in connection with providing services to the Debtors and to

apply to the Court for the allowance of such fees and expenses in accordance with the applicable

provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the United States

Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of

Expenses and any other applicable procedures and orders of the Court.  Orrick has agreed to

accept as compensation such sums as may be allowed by the Court and understands that interim

and final fee awards are subject to approval by the Court.

34.    Consistent with past practice and its staffing procedures generally, subject

to approval of the Application, a number of Orrick attorneys and paralegals will provide services

to the Debtors in connection with Orrick's retention.  The name of each attorney and paralegal

working on these matters for the Debtors and the billing rate of each such individual will be

reflected in the periodic fee applications filed by or on behalf of Orrick.

35.    To the best of my knowledge and belief, insofar as I have been able to

ascertain after reasonable inquiry, neither I nor Orrick, nor any partner or associate thereof, has

received or been promised any compensation for legal services rendered or to be rendered in any

capacity in connection with the Debtors' Chapter 11 cases, other than as permitted by the

Bankruptcy Code.  Orrick has not agreed to share compensation received in connection with

these cases with any other person, except as permitted by section 504(b) of the Bankruptcy Code

and Bankruptcy Rule 2016(b) in respect of the sharing of compensation among Orrick's partners

and associates.

[concluded on following page]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the

United States of America that the foregoing is true and correct.

Dated: June 26, 2012
New York, New York

Katharine I. Crost
Orrick, Herrington & Sutcliffe LLP
51 West 52nd Street
New York, New York 10019-6142
Telephone: (212) 506-5000
Facsimile: (212) 506-5151

14

## Schedule 1

**Overview**: This Schedule provides the complete list of parties that Orrick personnel reviewed for "connections" as described in the Crost Declaration.

**Debtors**
ditech, LLC
DOA Holding Properties, LLC
DOA Properties IX (Lots-Other), LLC
EPRE LLC
Equity Investment I, LLC
ETS of Virginia, Inc.
ETS of Washington, Inc.
Executive Trustee Services LLC
GMAC – RFC Holding Company, LLC
GMAC Model Home Finance I, LLC
GMAC Mortgage USA Corporation
GMAC Mortgage, LLC
GMAC Residential Holding Company, LLC
GMAC RH Settlement Service, LLC
GMACM Borrower LLC
GMACM REO LLC
GMACR Mortgage Products, LLC
HFN REO SUB II, LLC
Home Connects Lending Services, LLC
Homecomings Financial Real Estate Holdings, LLC
Homecomings Financial, LLC
Ladue Associates, Inc.
Passive Asset Transactions, LLC
PATI A, LLC
PATI B, LLC
PATI Real Estate Holdings, LLC
RAHI A, LLC
RAHI B, LLC
RAHI Real Estate Holdings, LLC
RCSFJV2004, LLC
Residential Accredit Loans, Inc.
Residential Asset Mortgage Products, Inc.
Residential Asset Securities Corporation
Residential Capital, LLC
Residential Consumer Services of Alabama, LLC
Residential Consumer Services of Ohio, LLC
Residential Consumer Services of Texas, LLC
Residential Consumer Services, LLC
Residential Funding Company, LLC
Residential Funding Mortgage Exchange, LLC
Residential Funding Mortgage Securities I, Inc.
Residential Funding Mortgage Securities II, Inc.
Residential Funding Real Estate Holdings, LLC
Residential Mortgage Real Estate Holdings, LLC
RFC – GSAP Servicer Advance, LLC
RFC Asset Holdings II, LLC
RFC Asset Management, LLC
RFC Borrower LLC

RFC Construction Funding, LLC
RFC REO LLC
RFC SFJV-2002, LLC

**Non-Debtor Affiliates**
CAP RE of Vermont, LLC

**Non-Debtor Indirect Affiliates (Including Foreign Affiliates)**
Phoenix Residential Securities, LLC
CoverageOne Corporation
ResMor Trust Company
RFSC International Limited
Car Care Plan GmbH
Car Care Plan Limited
Car Care Plan, S.A. de C.V.
CoverageOne Corporation
SmartCoverage Insurance Agency Inc.
SmartCoverage Insurance Services Inc.
GMACI Corretora de Seguros S.A.
Shanghai First Response Service Co., Ltd
Ally US LLC
GMAC Capital Trust I
GMAC Financial Services GmbH
GMAC Holdings (No. 1) B.V.
GMAC International Finance B.V.
GMAC Investments GmbH
Ally Funding Transferor Exclusive Receivables II LLC
Ally Funding Transferor Exclusive Receivables LLC
Ally Secured Transferor Aggregator LLC
Ally Secured Transferor Receivables Aggregator LLC
Domestic Asset Management LLC
Gamma Auto Receivables, LLC
Grand US Holding LLC
Nuvell Credit Company LLC
6376 Pearl Road LLC
Auto Park Place LLC
Orrin Drive LLC
SBJV, LLC (aka CGMJV, LLC)
SFJV2004-B, LLC
1020491 Alberta Ltd.
3224881 Nova Scotia Company
3224882 Nova Scotia Company
3228380 Nova Scotia Company
3228381 Nova Scotia Company
3230521 Nova Scotia Company
3230522 Nova Scotia Company
3252381 Nova Scotia Company

3252382 Nova Scotia Company
3252383 Nova Scotia Company
3255328  Nova Scotia Company
3255329 Nova Scotia Company
4347072 Canada Limited
GMAC Commercial Finance (Holdings) Limited
GMAC Mortgage Group LLC
IB Finance Holding Company, LLC
RFC Investments Limited
Secured Asset Facility Entity LLC
GMAC Finansiering A/S
GMAC Holdings UK Limited
GMAC International Holdings B.V.
GMAC Management GmbH
GMAC International Funding Company
Ally Insurance Holdings Inc. (formerly GMAC
Insurance Holdings, Inc.)
Car Care Plan (Holdings) Limited
GMACI Cyprus Holdings Ltd.
GMAC Holdings GmbH
GMAC Arrendamiento S.A. de C.V.
GMAC Colombia S.A. LLC
GMAC Latin America Holdings LLC
Masterlease (UK) Limited
Ally Canadian Holdings LLC
Basic Credit Holding Company, L.L.C.
GMAC Commercial LLC
GMAC International LLC
Nuvell National Auto Finance LLC
CMH Holdings LLC
GMAC Model Home Finance I, LLC
ResMor Capital Corporation
GMAC Real Estate GmbH & Co KG
CARI New Zealand
Ambassador Receivables Partnership
Canadian Reliable Earmarked International Network
Limited Partnership
Canadian Securitized Holdings Auto Receivables
Partnership
Leading Edge Automotive Securitization Partnership
Ontario
Securitized Holdings International Loan Partnership
GMAC Pan European Auto Receivable Lending
(PEARL) B.V.
Guardian Auto Receivables Depository, Ltd.
Reliable Earmarked International Network LLC
Capital Auto Receivables LLC
Central Originating Lease, LLC
Central Originating Lease II LLC
Variable Asset Receivables LLC
Wholesale Auto Receivables LLC
Foreign Obligation Exchange, Inc. 2002-HI4
Foreign Obligation Exchange, Inc. 2002-HI5
Foreign Obligation Exchange, Inc. 2003-HI1
GMAC Mortgage Servicer Advance Funding
Company Ltd.
GMAC Commercial Finance Pension Trustees Ltd.

GMAC Foreign Subsidiaries, Inc.
GMAC Germany GmbH & Co. KG
GMAC UK Finance plc
Aba Servicios Corporativos, S.A. de C.V.
Car Care Pension Trustees Limited
GMAC International Insurance Services Limited
GMAC - Prestadora de Serviços de Mão-de-Obra
Ltda.
Servicios GMAC S.A. de C.V.
Alandco Holdings LLC
Ally Bank
Ally Auto Assets LLC
Ally Central Originating Lease LLC
Ally Grand Leasing Operating Warehouse LLC
Ally Liquidity Transferor-W LLC
Ally Loan Lease Obligations Transferor II LLC
Ally Loan Lease Obligations Transferor III LLC
Ally Loan Lease Obligations Transferor LLC
Ally Retail Instament Obligations Transferor II LLC
Ally Retail Instament Obligations Transferor LLC
Ally Term Lease Asset Silo LLC
Ally Variable Asset Receivables LLC
Ally Variable Asset Receivables Transferor LLC
Ally Wholesale Enterprises LLC
GMAC Wholesale Mortgage Corp.
Car Care Plan do Brasil Ltda.
GMAC Wholesale Portfolio Management LLC
GMAC Australia LLC
Ally Credit Canada Limited
Ally Commercial Finance LLC
GMAC Commercial Finance Corporation-Canada
GMAC Commercial Finance Limited
GMAC Administradora de Consórcios Ltda.
G.M.A.C. - Comercio e Aluguer de Veiculos, Lda.
GMAC - Instituição Financeira de Crèdito, S.A.
GMAC North America LLC
GMAC Financiera S.A. de C.V. Sociedad Financiera
de Objeto Multiple, Entidad no Regulada
Ally Financial Inc.
GMAC Bank GmbH
GMAC Continental Corporation (from LLC)
GMAC UK plc
GMAC Automotriz Limitada
GMAC-SAIC Automotive Finance Company
Limited
Ally Credit, S.A. de C.V. Sociedad Financiera de
Objeto Multiple, Entidad No Regulada
GMAC Espana, Sociedad Anonima de Financiacion,
E.F.C.
GMAC Rahoitus Oy
GMAC, s.r.o.
Banco GMAC S.A.
American Suzuki Financial Services Company LLC
GMAC Banque S.A.
GMAC Financial Services AB
GMAC Italia SpA
GMAC Leasing GmbH (Austrian entity)

GMAC Nederland N.V.
GMAC Suisse SA
GMAC Risk Services, Inc.
GMAC Insurance Georgia, LLC
Ally Servicing LLC
CGMRFC, LLC
Nuvell Financial Services LLC
RouteOne Canada Corp
RouteOne LLC
GMAC HB
GMAC Leasing (U.K.) Limited
GMAC Leasing of DE LLC
GMAC Leasing GmbH (German entity)
Ally Investment Management LLC
Ally Securities, LLC (formerly Residential Funding
Securities, LLC)
GMAC Comercial Automotriz Chile S.A.
CARI Australia Pty Ltd
GMAC (Thailand) Ltd.
GMAC Financial Services India Limited
GMAC Financial Services NZ Limited
WARCO Australia Pty Limited
Canadian Lease Auto Receivable Corporation
Canadian Securitized Auto Receivables Corporation
Canadian Securitized Auto Receivables One
Corporation
GMAC Leaseco Corporation
Commercial Finance EFD 2002-II, LLC
Commercial Finance SAD Ireland 2008-1 Limited
Ally Finance UK Ltd.
Ally Financial Ltd.
Ally Financial UK Ltd.
Ally Leasing UK Ltd.
GMAC d.o.o.
GMAC Hungary Financial Services Private Limited
Company
GMAC Hungary Kereskedelmi Korlátolt Felelósségú
Társaság
GMAC Leasing (UK) (No. 1) Limited
GMAC Leasing (UK) (No. 2) Limited
GMAC Leasing (UK) (No. 3) Limited
Saab Finance Limited
Optford Limited
Optional Motor Finance Limited
Concept Automotive Services Limited
Interleasing (UK) Limited
Interleasing Limited
Jessups Vehicle Contracts Limited
Masterlease (UK1) Limited
Masterlease (UK2) Limited
Masterlease (UK3) Limited
Masterlease Finance Limited
Masterlease (UK4) Limited
Commercial Care Plan Limited
Trinity General Agency, Inc.
On:Line Finance Limited
Autofinanciamiento GMAC, S.A. de C.V.

General Motors Acceptance Corporation del Peru
S.A.
GMAC del Ecuador S.A.
GMAC Servicios S.A.S.
Pardo Rabello Inversiones S.R.L.
Servicios, Representacion y Asesoramiento de
Personal Persoserv S.A.
BondCo 700 Limited
Masterlease Central Limited
Masterlease Limited
BMMZ Holdings LLC
Concorde Acceptance Corporation
DOA Holdings NoteCo, LLC
GMCMTH, LLC
Hic-Star Corporation
LENOne, LLC
RealAsset Management Services, Inc.
Dillingham Construction International LLC
Dillingham Hyperion Holdings LLC
Dillingham-Ray Wilson
Kutlutas / Dillingham Joint Venture (KDJV)
Patriot Constructors, LLC
Resort Finance Assets Holding LLC
Dillingham Construction (HK) Ltd.
Canadian Asset Monetization Partnershp
Canadian Receivables Issuer Partnership
Canadian Receivables Origination Partnership
Aba Seguros, S.A. de C.V.
CIM Insurance Corporation
GMAC International Insurance Company Ltd.
GMAC Service Agreement Corporation
MIC Property and Casualty Insurance Corporation
Motors Insurance Company Limited
Motors Insurance Corporation
Motors Insurance Purchasing Group, Inc.
Universal Warranty Corporation
GMAC Lease B.V. (a.k.a Masterlease Europe)
Master Lease Germany GmbH
Masterlease Europe Renting, S.L.
Gamma Auto Receivables II, LLC
Capmark Financial Group Inc.
KBOne, LLC
Canada Mortgage Acceptance Corporation
Foreign Obligation Exchange, Inc. 2003-H12
Foreign Obligation Exchange, Inc. 2003-H14
Foreign Obligation Exchange, Inc. 2004-H11
Foreign Obligation Export, Inc.
GMAC Financiera S.A. de C.V. Sociedad Financiera
    de Objecto Multiple
GMAC Residential Funding of Canada Limited
GMAC-RFC (No. 2) Limited
GMAC-RFC Auritec, S.A.
GMAC-RFC Direct Limited
GMAC-RFC Espana Hipotecas SL
GMAC-RFC Europe Limited
GMAC-RFC Holdings Limited
GMAC-RFC Property Finance Limited

High Street Home Loans Limited
MCA Finance Limited
National Guarantee plc
Private Label Group Limited
Private Label Mortgage Services Limited
Cerberus Capital Management, L.P.
Cerberus Partners

**Officers and Directors**
Abreu, Steven M.
Aretakis, James
Dondzila, Catherine M.
Fleming, Patrick
Hamzehpour, Tammy
Harney, Anthony J.
Hills, Garry
Horner, Jill M.
III, Edward F. Smith,
Ilany, Jonathan
Mack, John E.
Marano, Thomas
Meyer, Darsi
Nees, Louis A.
Pensabene, Joseph A.
Riddle, Mindy
Strauss, Thomas M.
Tyson, William N.
West, Pamela E.
Whitlinger, James
Wilkinson, Winston Carlos

**Parties to Funding Agreements**
Ally Financial Inc (f/k/a GMAC Inc.)
Barclays Bank PLC
Citibank, N.A.
Wells Fargo Bank, N.A.
BMMZ Holdings LLC
US Bank National Association
Deutsche Bank Trust Company Americas

**Official Committee of Unsecured Creditors**
Wilmington Trust, N.A.
Deutsche Bank Trust Company Americas
The Bank of New York Mellon Trust Company, N.A.
MBIA Insurance Corporation
Rowena L. Drennen (As representative for plaintiffs
    in In re: Community Bank of Northern Virginia
    Second Mortgage Lending Practices Litigation,
    MDL No. 1674, (Brian Kessler, et al.) Case No.
    03-0425, Case No. 02-01201, Case No. 05-0688,
    Case No. 05-1386, United States District Court
    for the Western District of Pennsylvania)
AIG Asset Management (U.S.), LLC
U.S. Bank National Association
Allstate Life Insurance Company
Financial Guaranty Insurance Company

**U.S. Trustee's Office (Region 2 Trial Attorneys)**
Davis, Tracy Hope
Driscoll, Michael
Gasparini, Elisabetta
Golden, Susan
Khodorovsky, Nazar
Masumoto, Brian S.
Morrissey, Richard C.
Nakano, Serene
Riffkin, Linda A.
Schwartz, Andrea B.
Schwartzberg, Paul K.
Velez-Rivera, Andy
Zipes, Greg M.

**Bankruptcy Judges (New York)**
Bernstein, Stuart M.
Chapman, Shelley C.
Drain, Robert
Gerber, Robert E.
Glenn, Martin
Gonzalez, Arthur J.
Gropper, Allan L.
Lane, Sean H.
Lifland, Burton R.
Morris, Cecelia G.
Peck, James M.

**District Court Judges (New York)**
Baer, Harold
Batts, Deborah A.
Berman, Richard M.
Briccetti, Vincent L.
Buchwald, Naomi Reice
Carter, Andrew L.
Castel, P. Kevin
Cedarbaum, Miriam Goldman
Cote, Denise L.
Crotty, Paul A.
Daniels, George B.
Duffy, Kevin T.
Engelmayer, Paul A.
Forrest, Katherine B.
Gardephe, Paul G.
Griesa, Thomas P.
Haight, Charles S.
Hellerstein, Alvin K.
Jones, Barbara S.
Kaplan, Lewis A.
Karas, Kenneth M.
Koeltl, John G.
Marrero, Victor
McKenna, Lawrence M.
McMahon, Colleen
Nathan, Alison J.
Oetken, J. Paul

Owen, Richard
Patterson, Robert P.
Pauley, William H.
Preska, Loretta A.
Rakoff, Jed S.
Ramos, Edgardo
Sand, Leonard B.
Scheindlin, Shira A.
Seibel, Cathy
Stanton, Louis L.
Stein, Sidney H.
Sullivan, Richard J.
Swain, Laura Taylor
Sweet, Robert W.
Wood, Kimba M.

**Servicing Counterparties**

**Government Entities and GSEs**
Federal Home Loan Mortgage Corporation (Freddie Mac)
Federal Housing Administration (FHA)
Federal National Mortgage Association (Fannie Mae)
Government National Mortgage Association (Ginnie Mae)

**Housing and Local Agencies**
California Housing Finance Agency
CitiMortgage, Inc., as administrator for Texas Veterans Land Board
Connecticut Housing Finance Authority
Delaware Housing Authority
Hawaii Housing (Hula Mae)
Housing Opportunities Commission of Montgomery County, Maryland
Mississippi Home Corporation
Neighborhood Housing Services of America and Philadelphia N.H.S.
Oregon Housing and Community Services Department
Redevelopment Authority of the County of Berks
Rural Housing
The Housing and Redevelopment Authority in and for the City of Minneapolis
The Industrial Commission of North Dakota

**Mortgage and Monoline Insurers**
Ambac
Assured Guaranty Corp.
Cuna Mutual Group Mortgage Insurance Company
FGIC
Superintendent of Financial Services of the State of New York
Financial Security Assurance Inc
General Electric Mortgage Insurance Corporation
Genworth Mortgage Insurance Corporation
MBIA

Mortgage Guaranty Insurance Corp.
PMI Mortgage Insurance Co.
Radian Asset Assurance Inc.
Radian Guaranty Inc.
Republic Mortgage Insurance Company
Triad Guaranty Insurance Corporation
United Guaranty Residential Insurance Company

**Trustees**
Bank One, National Association
BNY Midwest Trust Company
Chase Bank of Texas, N.A.
Citibank, N.A.
Deutsche Bank National Trust Company
Deutsche Bank Trust Company Americas
HSBC Bank USA, National Association
JPMorgan Chase Bank, N.A.
LaSalle Bank National Association
Security Pacific National Company
The Bank of New York Mellon
U.S. Bank National Association
US National Association
Wells Fargo Bank Minnesota, N.A.
Wells Fargo Bank, National Association
Wilmington Trust Company

**Consolidated Top 50 Creditors**
Aegis Usa Inc.
Alan Gardner
Allstate Insurance
Ambac Assurance Corp
Assured Guaranty Corp.
BNYMellon
Boilermaker Blacksmith National Pension Trust
Brian Kessler, et al
Cambridge Place Investment Management Inc.
Credstar
Deutsche Bank AG, New York
Deutsche Bank Trust Company Americas
Don E. Diane M. Patterson
Donna Moore
Emortgage Logic
Federal Home Loan Bank of Boston
Federal Home Loan Bank of Chicago
Federal Home Loan Bank of Indianapolis
Federal Housing Finance Agency
Financial Guaranty Insurance Co.
Huntington Bancshares Inc.
Indecomm Global Services
Iowa Public Employees Retirement System
Lehman Brothers Holdings, Inc.
Loan Value Group
Massachusetts Mutual Life Insurance Company
MBIA, Inc.
Midwest Operating Engineers Pension Trust Fund
National Credit Union Administration Board
New Jersey Carpenters Health Fund

New Jersey Carpenters Vacation Fund
Orange County Employees Retirement System
Police and Fire Retirement System of the City of
  Detroit
Sealink Funding Limited
Steven And Ruth Mitchell
Stichting Pensioenfonds ABP
The Charles Schwab Corporation
The Union Central Life Insurance Company
Thrivent Financial for Lutherans
Tiffany Smith
US Bank
Wells Fargo & Company
Wells Fargo Bank N.A
West Virginia Investment Management Board
Western & Southern

**<u>Other Parties-In-Interest</u>**
Fortress Investment Group LLC
The ACE Group
Federal Insurance Group (a subsidiary of the Chubb
  Group of Insurance Companies)
AlixPartners
Cerberus FIM Investors LLC
Cerberus FIM, LLC
FIM Holdings LLC
General Motors Company
Gibbs & Bruns, LLP
Houlihan Lokey
Kelly Drye & Warren LLP
Kramer Levin et al
Moelis & Company
Morrison Cohen LLP
National Motors Bank FSB
Ropes & Gray LLP
FTI Consulting, Inc.
Morrison & Foerster
Centerview Partners LLC
Kurtzman Carson Consultants LLC
Rubenstein Associates, Inc.
PricewaterhouseCoopers

## Schedule 2

**Overview**: As described in the Crost Declaration, to determine Orrick's "connections" to the parties listed in Schedule 1, Orrick personnel reviewed Orrick's client database to determine whether Orrick had any client relationships with the parties listed in Schedule 1.  To the extent that this review indicated that Orrick has represented, or currently represents, any of these entities, the identities of the parties and such parties' relationship to the Debtors and connection to Orrick are set forth below.  Except as otherwise described in the Crost Declaration, these representations do not relate to the Debtors' Chapter 11 cases and thus do not create any conflicts with respect to Orrick's representation of the Debtors.

| POTENTIALLY INTERESTED PARTY | RELATIONSHIP TO THE DEBTORS | POSSIBLE RELATIONSHIP TO ORRICK |
|---|---|---|
| GMAC Mortgage, LLC | Debtor | Current Client |
| GMACR Mortgage Products, LLC | Debtor | Current Client |
| Passive Asset Transactions, LLC | Debtor | Current Client |
| Residential Accredit Loans, Inc. | Debtor | Current Client |
| Residential Asset Mortgage Products, Inc. | Debtor | Current Client |
| Residential Asset Securities Corporation | Debtor | Current Client |
| Residential Capital, LLC | Debtor | Current Client |
| Residential Funding Company, LLC | Debtor | Current Client |
| Residential Funding Mortgage Securities I, Inc. | Debtor | Current Client |
| Residential Funding Mortgage Securities II, Inc. | Debtor | Current Client |
| RFC – GSAP Servicer Advance, LLC | Debtor | Current Client |
| RFC Asset Holdings II, LLC | Debtor | Current Client |
| All other Debtors in these Chapter 11 cases not otherwise listed above | Debtors | Affiliates of Current Client |
| CAP RE of Vermont, LLC | Non-Debtor Affiliate | Affiliate of Current Client |
| Capmark Financial Group Inc. | Non-Debtor Indirect Affiliate | Current Client |
| GMAC Banque S.A. | Non-Debtor Indirect Affiliate | Current Client |
| Phoenix Residential Securities, LLC | Non-Debtor Indirect Affiliate | Current Client |
| Ally Securities, LLC | Non-Debtor Indirect Affiliate | Former Client |
| Cerberus Capital Management, L.P. | Non-Debtor Indirect Affiliate | Former Client |
| Cerberus Partners | Non-Debtor Indirect Affiliate | Former Client |
| Ally Financial Inc (f/k/a GMAC Inc.) | Party to Funding Agreement | Former Client; Non-Debtor Parent of Current Client |
| Barclays Bank PLC | Party to Funding Agreement | Current Client |
| Citibank, N.A. | Party to Funding Agreement | Current Client |

| POTENTIALLY INTERESTED PARTY | RELATIONSHIP TO THE DEBTORS | POSSIBLE RELATIONSHIP TO ORRICK |
|---|---|---|
| Wells Fargo Bank, N.A. | Party to Funding Agreement; Trustee; Creditor | Current Client |
| US Bank National Association | Party to Funding Agreement | Current Client |
| Deutsche Bank Trust Company Americas | Party to Funding Agreement; Trustee; Creditor; Member of Unsecured Creditors' Committee | Affiliate of Current Client |
| AIG Asset Management (U.S.), LLC | Member of Unsecured Creditors' Committee | Affiliate of Former Client |
| The Bank of New York Mellon Trust Company, N.A. | Member of Unsecured Creditors' Committee | Current Client |
| Wilmington Trust, N.A. | Member of Unsecured Creditors' Committee | Affiliate of Current Client |
| Andy Velez-Rivera | U.S. Trustee's Office | Formerly employed by Orrick |
| Federal Home Loan Mortgage Corporation (Freddie Mac) | Servicing Counterparty: Government Entities/GSEs | Former Client |
| Federal Housing Administration (FHA) | Servicing Counterparty: Government Entities/GSEs | Former Client |
| Federal National Mortgage Association (Fannie Mae) | Servicing Counterparty: Government Entities/GSEs | Former Client |
| California Housing Finance Agency | Servicing Counterparty: Housing/Local Agencies | Current Client |
| CitiMortgage, Inc., as administrator for Texas Veterans Land Board | Servicing Counterparty: Housing/Local Agencies | Affiliate of Current Client |
| Housing Opportunities Commission of Montgomery County, Maryland | Servicing Counterparty: Housing/Local Agencies | Former Client |
| Neighborhood Housing Services of America and Philadelphia N.H.S. | Servicing Counterparty: Housing/Local Agencies | Former Client |
| Oregon Housing and Community Services Department | Servicing Counterparty: Housing/Local Agencies | Current Client |
| Ambac | Servicing Counterparty: Mortgage/Monoline Insurer | Former Client |
| Assured Guaranty Corp. | Servicing Counterparty: Mortgage/Monoline Insurer; Creditor | Former Client |
| Cuna Mutual Group Mortgage Insurance Company | Servicing Counterparty: Mortgage/Monoline Insurer | Former Client |
| FGIC | Servicing Counterparty: Mortgage/Monoline Insurer; Creditor; Member of Unsecured Creditors' Committee | Former Client |

| POTENTIALLY INTERESTED PARTY | RELATIONSHIP TO THE DEBTORS | POSSIBLE RELATIONSHIP TO ORRICK |
|---|---|---|
| Financial Security Assurance Inc | Servicing Counterparty: Mortgage/Monoline Insurer | Former Client |
| Genworth Mortgage Insurance Corporation | Servicing Counterparty: Mortgage/Monoline Insurer | Former Client |
| MBIA | Servicing Counterparty: Mortgage/Monoline Insurer; Creditor; Member of Unsecured Creditors' Committee | Affiliate of Current Client |
| PMI Mortgage Insurance Co. | Servicing Counterparty: Mortgage/Monoline Insurer | Current Client (Current Client is the Director of the Arizona Department of Insurance, in her capacity as the statutory receiver of PMI Mortgage Insurance Co.) |
| Radian Asset Assurance Inc. | Servicing Counterparty: Mortgage/Monoline Insurer | Former Client |
| Triad Guaranty Insurance Corporation | Servicing Counterparty: Mortgage/Monoline Insurer | Affiliate of Former Client |
| United Guaranty Residential Insurance Company | Servicing Counterparty: Mortgage/Monoline Insurer | Former Client |
| Bank One, National Association | Trustee | Former Client (Bank One, National Association is now known as JPMorgan Chase, which is a Current Client) |
| BNY Midwest Trust Company | Trustee | Affiliate of Current Client |
| Chase Bank of Texas, N.A. | Trustee | Current Client |
| Citibank, N.A. | Trustee | Current Client |
| Deutsche Bank National Trust Company | Trustee | Affiliate of Current Client |
| HSBC Bank USA, National Association | Trustee | Current Client |
| JPMorgan Chase Bank, N.A. | Trustee | Current Client |
| LaSalle Bank National Association | Trustee | Former Client (LaSalle Bank National Association is now known as Bank of America, which is a Current Client) |
| Security Pacific National Company | Trustee | Current Client |
| The Bank of New York Mellon | Trustee; Creditor | Current Client |
| U.S. Bank National Association | Trustee; Creditor; Member of Unsecured Creditors' Committee | Current Client |
| Wells Fargo Bank Minnesota, N.A. | Trustee | Affiliate of Current Client |

| POTENTIALLY INTERESTED PARTY | RELATIONSHIP TO THE DEBTORS | POSSIBLE RELATIONSHIP TO ORRICK |
|---|---|---|
| Wilmington Trust Company | Trustee | Current Client |
| Allstate Insurance | Creditor; Member of Unsecured Creditors' Committee | Former Client |
| Ambac Assurance Corp | Creditor | Former Client |
| Deutsche Bank AG, New York | Creditor | Current Client |
| Iowa Public Employees Retirement System | Creditor | Affiliate of Former Client |
| Lehman Brothers Holdings, Inc. | Creditor | Former Client |
| Loan Value Group | Creditor | Current Client |
| Massachusetts Mutual Life Insurance Company | Creditor | Former Client |
| Police and Fire Retirement System of the City of Detroit | Creditor | Affiliate of Current Client |
| The Charles Schwab Corporation | Creditor | Current Client; Orrick's Retirement Administrator |
| Wells Fargo & Company | Creditor | Current Client |
| Fortress Investment Group LLC | Party-in-interest  (lead bidder for the Debtors' mortgage business) | Current Client |
| Federal Insurance Group | Party-in-interest | Affiliate of Former Client |
| General Motors Company | Party-in-interest | Affiliate of Former Client |
| Alix Partners | Party-in-interest | Former Client |
| Houlihan Lokey | Party-in-interest | Affiliate of Current Client |
| Kramer Levin et al. | Party-in-interest | Former Client |
| Ropes & Gray LLP | Party-in-interest | Former Client |
| FTI Consulting, Inc. | Party-in-interest | Former Client |
| PricewaterhouseCoopers | Party-in-interest | Current Client |
| Centerview Partners LLC | Party-in-interest | Current Client |