**Hearing Date: July 13, 2012 at 10:00 a.m. (ET)**
**Objection Deadline: July 6, 2012 at 4:00 p.m. (ET)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Larren M. Nashelsky
Gary S. Lee
Lorenzo Marinuzzi

*Proposed Counsel for the*
*Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| In re: | Case No. 12-12020 |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

---

**DEBTORS' MOTION FOR ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a) AND 331 ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors")[1] hereby move for entry of an order, pursuant to sections 105(a) and 331 of title 11, United States Code (the "Bankruptcy Code"), Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules") and standing General Order M-412

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, In Support Of Chapter 11 Petitions and First Day Pleadings (the "Whitlinger Affidavit").

ny-1011939

Establishing Procedures For Monthly Compensation and Reimbursement of Expenses of Professionals, dated December 21, 2010 (Gonzalez, C.J.) ("Standing Order M-412") for entry of an order authorizing the establishment of certain procedures for interim compensation and reimbursement of professionals during these Chapter 11 cases (the "Motion").[2] In support of the Motion, the Debtors, by and through their undersigned counsel, respectfully represent:

## JURISDICTION

1.  This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are Bankruptcy Code sections 105(a) and 331.

## BACKGROUND

2.  On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code. The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b). No trustee has been appointed in these Chapter 11 cases; however, the Court has directed that an examiner be appointed.

3.  On May 16, 2012, the United States Trustee for the Southern District of New York appointed a nine member official committee of unsecured creditors (the "Creditors' Committee").

---

[2] Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases or the relief requested in this Motion may refer to http://www.kccllc.net/rescap for additional information.

4. The Debtors are a leading residential real estate finance company indirectly owned by AFI, which is not a Debtor. The Debtors and their non-debtor affiliates operate the fifth largest mortgage servicing business and the tenth largest mortgage origination business in the United States. A more detailed description of the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these bankruptcy cases, is set forth in the Whitlinger Affidavit.

**RELIEF REQUESTED**

5. Pursuant to sections 105(a) and 331 of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Local Rule 2016-1 and Standing Order M-412, the Debtors request that the Court establish an orderly, regular process for the monthly allowance and payment of compensation and reimbursement of expenses (the "Interim Compensation Procedures") for professionals whose services are authorized by this Court pursuant to sections 327, 328 or 1103 of the Bankruptcy Code and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a). In addition, the Debtors seek approval of a procedure for reimbursement of reasonable out-of-pocket expenses incurred by members of the Committee. A proposed order (the "Order") is annexed hereto as Exhibit 1.

**RETENTION OF PROFESSIONALS**

6. Given the size and complex nature of these Chapter 11 cases, the Debtors require the assistance of a number of professionals to efficiently manage these proceedings to successfully and timely emerge from Chapter 11. Accordingly, the Debtors have filed (and will file) separate applications with the Court to employ and retain a number of professionals pursuant to Bankruptcy Code sections 327(a) and (e) and 328(a) (collectively, the "Debtors'

3

ny-1011939

Professionals"). The Debtors anticipate that they may need to retain other professionals in these cases under Bankruptcy Code sections 327 and 328, which professionals would likewise be subject to the compensation and reimbursement procedures set forth in this Motion.

7. In addition, the Creditors' Committee likely will retain counsel and other professionals under Bankruptcy Code section 1103 to assist in the performance of its statutory duties (collectively, the "Committee's Professionals"), including Kramer Levin Naftalis & Frankel LLP as counsel to the Creditors' Committee, and Moelis and Company and AlixPartners as financial advisors to the Creditors' Committee.

8. The Debtors believe that establishing orderly procedures to pay the Debtors' Professionals, the Committee's Professionals and attorneys and other professionals whose retentions are approved by this Court pursuant to sections 327, 328 or 1103 of the Bankruptcy Code and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code (collectively and together with the Debtors' Professionals and the Committee's Professionals, the "Retained Professionals") will streamline the administration of these Chapter 11 cases and otherwise promote efficiency for the Court, the U.S. Trustee, and all parties in interest. Specifically, a streamlined process for serving interim fee applications and notices thereof is in the best interest of the Debtors, because it will facilitate efficient review of the Retained Professionals' fees and expenses thereby enabling all parties to closely monitor costs of administration, while saving the Debtors unnecessary copying and mailing expenses. Moreover, the procedures suggested herein will permit the Debtors to maintain a more predictable cash flow and an efficient cash management system.

ny-1011939

**PROPOSED COMPENSATION AND REIMBURSEMENT PROCEDURES**

9. Specifically, the Debtors propose that payment of compensation and reimbursement of expenses of Retained Professionals be structured as follows:[3]

(a) On or before the 30th day of each month following the month for which compensation and expense reimbursement is sought, each Retained Professional seeking compensation shall serve a monthly statement (the "Monthly Statement"), by hand or overnight delivery, on the following parties (collectively, the "Notice Parties"): (i) proposed counsel for the Debtors, Morrison & Foerster LLP (Attn: Larren M. Nashelsky, Gary S. Lee and Lorenzo Marinuzzi); (ii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attn: Tracy Hope Davis, Linda A. Riffkin, and Brian S. Masumoto); (iii) proposed counsel for the Official Committee of Unsecured Creditors (the "Creditors' Committee"), c/o Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attn: Kenneth H. Eckstein and Douglas H. Mannal); (iv) counsel for Ally Financial Inc., Kirkland & Ellis, 601 Lexington Avenue, New York, NY 10022 (Attn: Richard M. Cieri and Ray C. Schrock); and (v) counsel for Barclays Bank PLC, Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, New York 10036 (Attn: Kenneth S. Ziman and Jonathan H. Hofer).

(b) The Monthly Statement need not be filed with this Court and a courtesy copy need not be delivered to the presiding judge's chambers. The procedures are not intended to alter the fee application requirements outlined in sections 330 and 331 of the Bankruptcy Code, and the Retained Professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules for the United States Bankruptcy Court, Southern District of New York.

(c) Each Monthly Statement must contain a list of the individuals and their respective titles (e.g., attorney, accountant, or paralegal) who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, a

---

[3] All time periods referenced in this motion shall be calculated in accordance with Rule 9006(a) of the Federal Rules of Bankruptcy Procedure.

5

ny-1011939

    reasonably detailed breakdown of the disbursements incurred, and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour.  No professional should seek reimbursement of an expense that would otherwise not be allowed pursuant to this Court's Administrative Orders, dated June 24, 1991, April 21, 1995 and November 25, 2009, or the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330, dated June 4, 2004.

(d) Each Notice Party shall have at least 35 days after receipt of a Monthly Statement to review it and, if such party has an objection to the compensation or reimbursement sought in a particular Monthly Statement (an "Objection"), such party shall, by no later than the 36th day following receipt of the Monthly Statement (the "Objection Deadline"), serve upon the Retained Professional whose Monthly Statement is the subject of an Objection, and the other Notice Parties, a written "Notice of Objection to Fee Statement," setting forth the nature of the Objection and the amount of fees or expenses at issue.

(e) At the expiration of the Objection Deadline, the Debtors shall promptly pay 80% of the fees and 100% of the expenses identified in each Monthly Statement to which no Objection has been served in accordance with paragraph (d) above.

(f) If an Objection to a particular Monthly Statement is served, the Debtors shall withhold payment of that portion of the Monthly Statement to which the Objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (e) above.

(g) Similarly, if the parties to an objection are able to resolve their dispute following the service of an Objection, and if the party whose statement was objected to serves upon all of the Notice Parties a statement indicating that the Objection is withdrawn and describing in detail the terms of the resolution, then the Debtors will promptly pay, in accordance with paragraph (e), that portion of the fee statement which is no longer subject to an objection.

(h) All Objections that are not resolved by the parties shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court in accordance with paragraph (j) below.

(i) The service of an Objection in accordance with paragraph (d) above shall not prejudice the objecting party's right to object to any

6

fee application made to the Court in accordance with the Bankruptcy Code on any ground, whether raised in the Objection or not. Furthermore, the decision by any party not to object to a Monthly Statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code.

(j)    Approximately every 120 days, but no more than every 150 days, each of the Retained Professionals shall serve and file with the Court an application for interim or final Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be) (the "Interim Fee Application"), of the compensation and reimbursement of expenses requested.

(k)    Any Retained Professional who fails to timely file an Interim Fee Application seeking approval of compensation and expenses previously paid pursuant to a Monthly Statement shall (1) be ineligible to receive further monthly payments of fees or reimbursement of expenses as provided herein until such Interim Fee Application is filed further order of the Court, and (2) may be required to disgorge any fees paid since retention or the last fee application, whichever is later.

(l)    The pendency of an Interim Fee Application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Statement shall not disqualify a Retained Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

(m)    Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Retained Professionals.

(n)    Counsel for each official committee may, in accordance with the foregoing procedure for monthly compensation and reimbursement of professionals, collect and submit statements of expenses, with supporting vouchers, from members of the committee he or she represents; provided, however, that such committee counsel ensures that these reimbursement requests comply with this Court's Administrative Orders dated June 24, 1991 and April 21, 1995.

10.    The Debtors further request that the Court limit service of interim fee applications and the final fee application (collectively, the "Fee Applications") to the Notice

7

ny-1011939

Parties. The Debtors further request that all other parties that have filed a notice of appearance with the Clerk of this Court and requested notice of pleadings in these Chapter 11 cases shall be entitled to receive only notice of hearings on the Fee Applications (the "Hearing Notices"). Serving the Fee Applications and the Hearing Notices in this manner will permit the parties most active in these Chapter 11 cases to review and object to the Retained Professionals' fees and will save unnecessary duplication and mailing expenses.

## THE PROPOSED INTERIM COMPENSATION PROCEDURES SHOULD BE APPROVED BY THE COURT

11. Pursuant to section 331 of the Bankruptcy Code, all Retained Professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days, or more often if the Court permits. Bankruptcy Code section 331 provides, in relevant part, as follows:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title.

11 U.S.C. § 331. Section 105(a) of the Bankruptcy Code authorizes the Court to issue any order "that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. Id. § 105(a). Thus, the Court has ample authority to enter an order authorizing the Interim Compensation Procedures requested herein.

12. The Interim Compensation Procedures are in accordance with the standing General Order M-412 of the Bankruptcy Court for the Southern District of New York, dated December 21, 2010, establishing procedures for monthly compensation and reimbursement of

8

ny-1011939

expenses of professionals, and pursuant to sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a).

13. The Interim Compensation Procedures will enable the Debtors to closely monitor the costs of administration, forecast cash flows, and implement efficient cash management procedures. They also will allow the Court and key parties in interest, including the U.S. Trustee, to ensure the reasonableness and necessity of the compensation and reimbursement requested.

14. Based upon the foregoing, the Debtors submit that the relief requested herein is essential, appropriate, and in the best interest of the Debtors' estates, creditors, and all parties in interest, and therefore should be granted in these Chapter 11 cases.

## NOTICE

15. Notice of this Motion has been provided by facsimile, electronic transmission, overnight delivery, or hand delivery to: (a) the Office of the United States Trustee for the Southern District of New York; (b) the Office of the United States Attorney General; (c) the Office of the New York Attorney General; (d) the Office of the United States Attorney for the Southern District of New York; (e) the Internal Revenue Service; (f) the Securities and Exchange Commission; (g) each of the Debtors' prepetition lenders, or their agents, if applicable; (h) each of the indenture trustees for the Debtors' outstanding notes issuances; (i) Ally Financial Inc.; (j) Barclays Bank PLC, as administrative agent for the lenders under the debtor in possession financing facility; (k) Nationstar Mortgage LLC and its counsel; (l) the Creditors' Committee; (m) the parties included on the Debtors' list of fifty (50) largest unsecured creditors; (n) each of the Governmental Associations and their counsel; (o) counsel for the United States of America; (p) the trustees for each of the GA Securitization Trusts; (q) the trustees for each of the

Non-GA Securitization Trusts; (r) all parties requesting notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, under the circumstances, no other or further notice is necessary.

## NO PRIOR REQUEST

16. No prior request for the relief requested herein has been made to this or any other Court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form annexed hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated:  June 26, 2012
 New York, New York

Respectfully submitted,
*/s/* Larren M. Nashelsky
Larren M. Nashelsky
Gary S. Lee
Lorenzo Marinuzzi
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Proposed Counsel for the Debtors and Debtors in Possession*

10

ny-1011939

## **EXHIBIT 1**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------------
                                                )
In re:                                          )    Case No. 12-12020
                                                )
RESIDENTIAL CAPITAL, LLC, et al.,               )    Chapter 11
                                                )
                          Debtors.              )    Jointly Administered
------------------------------------------------------------------------------ )

**ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

Upon the motion (the "Motion")[1] of Residential Capital, LLC, and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors") for entry of an order establishing procedures for the interim allowance and payment of compensation and reimbursement for attorneys and other professionals whose retentions are approved by the Court pursuant to sections 327, 328 or 1103 of the Bankruptcy Code and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code, as more fully set forth in the Motion; and the Court having subject matter jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.); and the Motion being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and no other or further notice need be provided; and the relief

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion. Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases or the relief granted herein may refer to http://www.kccllc.net/rescap for additional information.

2

ny-1011939

requested in the Motion being in the best interests of the Debtors and their estates and creditors; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and it appearing that the relief requested by the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation thereon; and sufficient cause appearing therefor, it is hereby:

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is granted as provided herein.

2. Except as may otherwise be provided in orders of this Court authorizing the retention of specific professionals, all Retained Professionals in these cases may seek interim compensation in accordance with the following procedures (the "Interim Compensation Procedures"):

    (a) On or before the 30th day of each month following the month for which compensation and expense reimbursement is sought, each Retained Professional seeking compensation shall serve a monthly statement (the "Monthly Statement"), by hand or overnight delivery, on the following parties (collectively, the "Notice Parties"): (i) proposed counsel for the Debtors, Morrison & Foerster LLP (Attn: Larren M. Nashelsky, Gary S. Lee and Lorenzo Marinuzzi); (ii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attn: Tracy Hope Davis, Linda A. Riffkin, and Brian S. Masumoto); (iii) proposed counsel for the Official Committee of Unsecured Creditors (the "Creditors' Committee"), c/o Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attn: Kenneth H. Eckstein and Douglas H. Mannal); (iv) counsel for Ally Financial Inc., Kirkland & Ellis, 601 Lexington Avenue, New York, NY 10022 (Attn: Richard M. Cieri and Ray C. Schrock); and (v) counsel for Barclays Bank PLC, Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, New York 10036 (Attn: Kenneth S. Ziman and Jonathan H. Hofer).

3

(b) The Monthly Statement need not be filed with this Court and a courtesy copy need not be delivered to the presiding judge's chambers. The procedures are not intended to alter the fee application requirements outlined in sections 330 and 331 of the Bankruptcy Code, and the Retained Professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules for the United States Bankruptcy Court, Southern District of New York.

(c) Each Monthly Statement must contain a list of the individuals and their respective titles (e.g., attorney, accountant, or paralegal) who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred, and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour. No professional should seek reimbursement of an expense that would otherwise not be allowed pursuant to this Court's Administrative Orders, dated June 24, 1991, April 21, 1995 and November 25, 2009, or the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330, dated June 4, 2004.

(d) Each Notice Party shall have at least 35 days after receipt of a Monthly Statement to review it and, if such party has an objection to the compensation or reimbursement sought in a particular Monthly Statement (an "Objection"), such party shall, by no later than the 36th day following receipt of the Monthly Statement (the "Objection Deadline"), serve upon the Retained Professional whose Monthly Statement is the subject of an Objection, and the other Notice Parties, a written "Notice of Objection to Fee Statement," setting forth the nature of the Objection and the amount of fees or expenses at issue.

(e) At the expiration of the Objection Deadline, the Debtors shall promptly pay 80% of the fees and 100% of the expenses identified in each Monthly Statement to which no Objection has been served in accordance with paragraph (d) above.

(f) If an Objection to a particular Monthly Statement is served, the Debtors shall withhold payment of that portion of the Monthly Statement to which the Objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (e) above.

4

(g) Similarly, if the parties to an objection are able to resolve their dispute following the service of an Objection, and if the party whose statement was objected to serves upon all of the Notice Parties a statement indicating that the Objection is withdrawn and describing in detail the terms of the resolution, then the Debtors will promptly pay, in accordance with paragraph (e), that portion of the fee statement which is no longer subject to an objection.

(h) All Objections that are not resolved by the parties shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court in accordance with paragraph (j) below.

(i) The service of an Objection in accordance with paragraph (d) above shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground, whether raised in the Objection or not. Furthermore, the decision by any party not to object to a Monthly Statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code.

(j) Approximately every 120 days, but no more than every 150 days, each of the Retained Professionals shall serve and file with the Court an application for interim or final Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be) (the "Interim Fee Application"), of the compensation and reimbursement of expenses requested.

(k) Any Retained Professional who fails to timely file an Interim Fee Application seeking approval of compensation and expenses previously paid pursuant to a Monthly Statement shall (1) be ineligible to receive further monthly payments of fees or reimbursement of expenses as provided herein until such Interim Fee Application is filed further order of the Court, and (2) may be required to disgorge any fees paid since retention or the last fee application, whichever is later.

(l) The pendency of an Interim Fee Application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Statement shall not disqualify a Retained Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

(m) Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall

5

        have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Retained Professionals.

    (n)    Counsel for each official committee may, in accordance with the foregoing procedure for monthly compensation and reimbursement of professionals, collect and submit statements of expenses, with supporting vouchers, from members of the committee he or she represents; provided, however, that such committee counsel ensures that these reimbursement requests comply with this Court's Administrative Orders dated June 24, 1991 and April 21, 1995.

3.    Each Retained Professional whose retention has been approved by the Court as of Petition Date may seek, in its first Monthly Statement, compensation for work performed and reimbursement for expenses incurred during the period beginning on the Petition Date and ending on June 30, 2012. All professionals not retained as of the Petition Date shall file their first Monthly Statement for the period from the effective date of their retention through the end of the first full month following the effective date of their retention, and otherwise in accordance with the procedures set forth in the Motion. The first interim fee application for the Retained Professional shall seek compensation and reimbursement of expenses for the period from the Petition Date through August 30, 2012.

4.    Notice of the interim and final fee applications shall be served on the Notice Parties. Notice given in accordance with this paragraph is deemed sufficient and adequate and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of this Court.

5.    Notice of the hearing on the interim and final fee applications shall be served on the Notice Parties and all parties that have filed a notice of appearance with the Clerk of this Court and requested such notice. Notice given in accordance with this paragraph is deemed sufficient and adequate and in full compliance with the applicable provisions of the

6

Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this Court and/or the Case Management Order approved in these Chapter 11 cases.

6. The amount of fees and disbursements sought in the Monthly Statement and the Fee Applications shall be set out in U.S. Dollars. If the fees and disbursements are to be paid in foreign currency, the amount shall be set out in U.S. dollars and the conversion amount in the foreign currency, calculated at the time of the submission of the application.

7. The Debtors shall include all payments to professionals on their monthly operating reports, detailed so as to state the amount paid to each of the Retained Professionals.

8. Any party may object to requests for payments made pursuant to this Order on the grounds that the Debtors have not timely filed monthly operating reports, remained current with their administrative expenses and 28 U.S.C. § 1930 fees, or a manifest exigency exists by seeking a further order of this Court; otherwise, this Order shall continue and shall remain in effect during the pendency of this case.

9. All time periods referenced in this Order shall be calculated in accordance with Rule 9006(a) of the Federal Rules of Bankruptcy Procedure.

10. Any and all other and further notice of the relief requested in the Motion shall be, and hereby is, dispensed with and waived; provided, however, that the Debtors must serve a copy of this Order on the Notice Parties.

11. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

ny-1011939

13.     Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

Dated: New York, York
 \_\_\_\_ \_\_, 2012

        THE HONORABLE MARTIN GLENN
        UNITED STATES BANKRUPTCY JUDGE