**Hearing Date: July 13, 2012 at 10:00 a.m. (ET)**
**Objection Deadline: July 6, 2012 at 4:00 p.m. (ET)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Larren M. Nashelsky
Gary S. Lee
Lorenzo Marinuzzi

*Proposed Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------
)
In re:                                              )       Case No. 12-12020 (MG)
                                                    )
RESIDENTIAL CAPITAL, LLC, <u>et al</u>.,            )       Chapter 11
                                                    )
                                Debtors.            )       Jointly Administered
                                                    )
---------------------------------------------------------------------

**DEBTORS' MOTION FOR ORDER UNDER BANKRUPTCY CODE SECTIONS 105(a), 327, AND 330 AND BANKRUPTCY RULE 2014 AUTHORIZING EMPLOYMENT AND PAYMENT OF PROFESSIONALS UTILIZED IN ORDINARY COURSE OF BUSINESS *NUNC PRO TUNC* TO THE PETITION DATE**

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

The debtors and debtors in possession in the above-captioned cases (collectively,

the "<u>Debtors</u>")[1] hereby move (the "<u>Motion</u>") for entry of an order in substantially the form

annexed hereto as <u>Exhibit 1</u> (the "<u>Proposed Order</u>"), under sections 105(a), 327, and 330 of title

11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rule 2014 of the Federal Rules of

Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), authorizing, but not directing, the Debtors to

---

[1]     The names of the Debtors in these cases and their respective tax identification numbers are identified on
<u>Exhibit 1</u> to the Whitlinger Affidavit (defined below). Additional subsidiaries and affiliates of the Debtors may
file Chapter 11 petitions on a rolling basis. As used herein, the term "Debtors" includes any such entities.

employ and pay, *nunc pro tunc* to the Petition Date (defined below) professionals utilized in the ordinary course of business.[2]  In support of the Motion, the Debtors rely on the declaration of Tammy Hamzehpour, General Counsel for Residential Capital, LLC, annexed hereto as Exhibit 2 (the "Hamzehpour Declaration").  In support of the Motion, the Debtors, by and through their undersigned counsel, respectfully represent as follows:

## **JURISDICTION**

1.     This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are Bankruptcy Code sections 105(a), 327, and 330 and Bankruptcy Rule 2014.

## **BACKGROUND**

2.     On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code.  The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).  No trustee has been appointed in these Chapter 11 cases; however, the Court has directed that an examiner be appointed.

3.     On May 16, 2012, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed a nine member official committee of unsecured creditors (the "Committee").

---

[2]     Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases or the relief requested in this Motion may refer to http://www.kccllc.net/rescap for additional information.

ny-1011942

4.      The Debtors are a leading residential real estate finance company indirectly owned by Ally Financial Inc., which is not a Debtor.  The Debtors and their non-debtor affiliates operate the fifth largest mortgage servicing business and the tenth largest mortgage origination business in the United States.  A more detailed description of the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these bankruptcy cases, is set forth in the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings (D.E. 6) (the "Whitlinger Affidavit").

## RELIEF REQUESTED

5.      Pursuant to sections 105(a), 327(a), and 327(e) of the Bankruptcy Code and Bankruptcy Rule 2014, the Debtors seek entry of an order authorizing the Debtors to retain various attorneys in the ordinary course of their business (each an "OCP" and, collectively, the "OCPs"), *nunc pro tunc* to the Petition Date, without the submission of separate employment applications and the issuance of separate retention orders for each individual professional.  The OCPs provide services to the Debtors in a variety of discrete matters unrelated to these Chapter 11 cases.

6.      Specifically, the Debtors are involved in pending litigation matters throughout the country related to their residential mortgage loan origination, securitization, and servicing businesses.  In the day-to-day performance of their servicing and other business operations, the Debtors regularly call upon outside counsel to represent them in pending litigation and other matters arising in the ordinary course of their businesses, unrelated to these Chapter 11 cases.  The OCPs are necessary for the day-to-day operations of the Debtors' businesses and are also necessary for the Debtors to maintain compliance under their servicing

agreements.

7.        A list of the Debtors' current OCPs is attached hereto as <u>Exhibit 3</u> (the "<u>OCP List</u>").  The Debtors typically compensate the OCPs on an hourly rate basis.  The applicable rate depends on a variety of factors, including the complexity of the matter, variations in local billing rates, and the experience of the OCP.  In certain circumstances, the Debtors may also enter into alternative fee arrangements with OCPs, pursuant to which the OCPs receive a flat fee per case or on a bulk-case basis.  On average, the monthly compensation paid to any OCP by the Debtors under either fee structure does not exceed $75,000.

8.        The Debtors request that they be permitted to employ and retain the OCPs on terms substantially similar to those in effect prior to the Petition Date, but subject to the procedures described below.  The Debtors represent that: (a) the OCPs are necessary for the day-to-day operations of the Debtors' businesses; (b) the OCPs are necessary for the Debtors to maintain compliance under their servicing agreements, (c) the expenses for the OCPs will be managed in an efficient and effective manner consistent with the Debtors' prepetition practices; and (d) the OCPs will not perform substantial services relating to bankruptcy matters without permission of this Court.

9.        The Debtors will seek specific Court authority under Bankruptcy Code section 327 to employ any professionals involved in the actual administration of these chapter 11 cases.

## **PROPOSED PROCEDURES**

10.        The Debtors propose that the retention and compensation of each OCP shall be subject to the following conditions (collectively, the "<u>OCP Procedures</u>"):

(i)        Within ten (10) business days after the date on which the Order approving this Motion is served upon an OCP, such OCP shall provide to the Debtors: (a) a declaration (the "<u>OCP Declaration</u>"), substantially in the form

4

annexed hereto as <u>Exhibit 4</u>, certifying that the professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter on which the professional is to be employed; and (b) a completed retention questionnaire (the "<u>OCP Questionnaire</u>"), substantially in the form annexed hereto as <u>Exhibit 5</u>.

(ii)     The Debtors shall then file the OCP Declaration and OCP Questionnaire with the Court and serve them upon: (a) the U.S. Trustee and (b) counsel for the Committee (the "<u>Notice Parties</u>").  The Notice Parties shall then have 20 days following service (the "<u>Objection Deadline</u>") to file any objection to the retention stemming from the contents of the OCP Declaration or OCP Questionnaire (which 20-day period can be extended with the consent of the Debtors).  If no objection is filed by the Objection Deadline, then the retention of such OCP shall be deemed approved and the OCP may be paid in accordance with paragraph (iii) below.  If an objection is filed by the Objection Deadline and such objection cannot be resolved within ten (10) days, the matter shall be set for a hearing before the Court.  No OCP shall be paid any amounts for invoiced fees and expenses until the OCP has been approved under the above procedure.

(iii)    After the retention of an OCP has been approved in accordance with paragraph (ii), the Debtors shall be permitted to pay the OCP, without a prior application to the Court, 100% of the fees and disbursements incurred, upon the submission to, and approval by, the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and disbursements actually incurred, up to the lesser of (a) $75,000 per month per OCP (an "<u>OCP Monthly Limit</u>") or (b) $750,000 per OCP during the pendency of these Chapter 11 Cases (up to and including the effective date of a confirmed plan) (an "<u>OCP Case Limit</u>" and, together with an OCP Monthly Limit, an "<u>OCP Payment Limit</u>").  In the event that, for a given month, an OCP seeks an amount greater than its OCP Monthly Limit, and consent for such increase is not agreed by the Creditors' Committee, which consent shall not be unreasonably withheld, then such OCP shall be required to file a fee application with respect to such month for the full amount of its fees and expenses in accordance with sections 330 and 331 of the Bankruptcy Code, as well as the applicable provisions of the Bankruptcy Rules and the Local Rules.  The Debtors reserve the right to amend the OCP Monthly Limit set forth in this paragraph upon notice to parties-in-interest.  In the event an OCP reaches the OCP Case Limit, the OCP will either file a retention application pursuant to section 327 of the Bankruptcy Code, or the Debtors shall seek to amend the OCP Case Limit.

(iv)     The Debtors reserve the right to supplement the OCP List from time to time as necessary.  The Debtors have diligently attempted to identify all of their current OCPs.  Nevertheless, some OCPs may have been inadvertently omitted.  Further, the nature of the Debtors' businesses

5

requires the retention of additional OCPs from time to time. In either event, the Debtors propose to file a notice (a "Supplemental Notice of OCPs"), with the Court listing the additional OCPs that the Debtors intend to employ. An OCP listed on a Supplemental Notice of OCPs shall be retained and paid in accordance with the terms and conditions set forth above.

11.    The Debtors shall disclose compensation paid to the OCPs pursuant to the OCP Procedures in their monthly operating reports.

12.    Other than OCPs, all "professional persons" under section 327 to be employed by the Debtors to assist in the prosecution of these Chapter 11 cases will be retained by the Debtors pursuant to separate retention applications.[3] These professionals shall be compensated in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and other orders of this Court.

---

[3]    On the Petition Date, the Debtors filed the *Debtors' Motion for Interim and Final Orders Under Sections 105(a), 362, 363, 1107(a) and 1108 of the Bankruptcy Code (I) Authorizing the Debtors to Continue in the Ordinary Course of Business (A) Servicing Non-Governmental Association Loans, and (B) Sale Activities Related to Certain Loans in Foreclosure and Real Estate Owned Property, and (II) Granting Limited Stay Relief to Enable Borrowers to Assert Related Counter-Claims in Foreclosure and Eviction Proceedings* [Dkt. No. 46] and *Debtors' Motion for Interim and Final Orders Under Sections 105(a), 361, 362, 363, 1107(a), and 1108 of the Bankruptcy Code (I) Authorizing the Debtors to Continue in the Ordinary Course of Business (A) Servicing Governmental Association Loans and (B) Foreclosure Activities Related to Certain Real Estate Owned by Fannie Mae, Freddie Mac, and Ginnie Mae; (II) Authorizing the Debtors to Pay Certain Prepetition Amounts Due to Critical Servicing Vendors and Foreclosure Professionals; (III) Granting Limited Stay Relief to Enable Borrowers to Assert Related Counter-Claims in Foreclosure and Eviction Proceedings; (IV) Authorizing the Debtors to Use Cash Collateral Under the Fannie Mae EAF Facility; and (V) Granting Related Relief* [Dkt. No. 57] (collectively, the "Servicing Motions"), pursuant to which the Debtors sought and were granted on a final basis authority to continue various aspects of their servicing activities in the ordinary course of their businesses without further order of the Court. See Dkt. Nos. 401, 402. In connection with that relief, the Debtors requested and were granted authority to employ and pay various ordinary course professionals in connection with mortgage loan default activities, including attorneys (collectively, the "Default Counsel"). As described in the Servicing Motions, Default Counsel are typically paid on a pre-approved, per service basis. The payment of a Default Counsel's fees and expenses constitute Corporate Advances (as defined in the Servicing Motions) and are typically reimbursable by investors. The Debtors submit that Default Counsel do not qualify as "professional persons" within the meaning of Bankruptcy Code section 327(a). Accordingly, the Debtors are not requesting separate authority to retain and employ Default Counsel pursuant to this Motion.

ny-1011942

## BASIS FOR RELIEF

13.     Pursuant to section 327(a) of the Bankruptcy Code, a debtor "may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the [debtor's] duties . . . ." 11 U.S.C. § 327(a).

14.     The Debtors submit that, in light of the additional cost associated with the preparation of employment applications for professionals who will receive relatively modest fees, it is impractical and cost inefficient for the Debtors to submit individual applications and proposed retention orders for each OCP as required by Bankruptcy Rules 2014 and 2016. Accordingly, the Debtors request that this Court dispense with the requirement of individual employment applications and retention orders with respect to each OCP.

15.     Likewise, the OCP Procedures will relieve this Court, the U.S. Trustee, and any statutorily appointed committee of the burden of reviewing numerous fee applications involving relatively small amounts of fees and expenses.

16.     Although some of the OCPs may hold unsecured claims against the Debtors in respect of prepetition services rendered, the Debtors do not believe that any of the OCPs have an interest materially adverse to the Debtors, their creditors, or other parties-in-interest on the matters for which they would be employed, and thus all OCPs whom the Debtors propose to retain meet the special counsel retention requirement under section 327(e) of the Bankruptcy Code.

17.     It is essential that the employment of these OCPs, many of whom are already familiar with the Debtors' services and affairs, be continued to avoid disruption of the Debtors' normal business operations.  The Debtors submit that the proposed employment of the

OCPs and the payment of monthly compensation on the basis set forth herein are in the best interests of their estates and creditors.

18.      Similar relief has been granted in other large chapter 11 cases in this District.  See, e.g., In re Grubb & Ellis Co., No. 12-10685 (MG) (Bankr. S.D.N.Y. March 16, 2012); In re General Maritime Corp., No. 11-15285 (MG) (Bankr. S.D.N.Y. Dec. 12, 2011); In re AMR Corp., Case No. 11-15463 (SHL) (Bankr. S.D.N.Y. Jan. 17, 2012); In re Sbarro, Inc., No. 11-11527 (SCC) (Bankr. S.D.N.Y. May 3, 2011); In re St. Vincents Catholic Medical Centers of New York, No. 10-11963 (CGM) (Bankr. S.D.N.Y. May 18, 2010); In re Motors Liquidation Co. (f/k/a Gen. Motors Corp.), No. 09-50026 (REG) (Bankr. S.D.N.Y. July 1, 2009); In re Old Carco, LLC (f/k/a Chrysler LLC), No. 09-50002 (AJG) (Bankr. S.D.N.Y. May 20, 2009); In re Bally Total Fitness of Greater New York, Inc., No. 08-14818 (BRL) (Bankr. S.D.N.Y. Dec. 22, 2008).

## **NOTICE**

19.      Notice of this Motion will be given to the following parties, or in lieu thereof, to their counsel:  (a) the Office of the United States Trustee for the Southern District of New York; (b) the Office of the United States Attorney General; (c) the Office of the New York Attorney General; (d) the Office of the United States Attorney for the Southern District of New York; (e) the Internal Revenue Service; (f) the Securities and Exchange Commission; (g) each of the Debtors' prepetition lenders, or their agents, if applicable; (h) each of the indenture trustees for the Debtors' outstanding notes issuances; (i) Ally Financial Inc.; (j) Barclays Bank PLC, as administrative agent for the lenders under the debtor in possession financing facility; (k) Nationstar Mortgage LLC and its counsel; (l) the Committee; (m) the parties included on the Debtors' list of fifty (50) largest unsecured creditors; (n) all parties requesting notice pursuant to

Bankruptcy Rule 2002; and (o) each of the OCPs listed on <u>Exhibit 3</u>.  The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

        20.      The notice shall provide that any objections to the relief granted in the Order must be filed with the Court and served on the following parties: (a) proposed counsel for the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attn:  Larren M. Nashelsky, Gary S. Lee, Lorenzo Marinuzzi); (b) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attn: Brian S. Masumoto, Esq.); (c) counsel to the administrative agent for the Debtors' providers of debtor in possession financing, Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, New York 10036 (Attn: Kenneth S. Ziman and Jonathan H. Hofer); and (d) counsel for the Committee, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas New York, NY 10036, Attn: Kenneth H. Eckstein and Douglas H. Mannal, by no later than **July 6, 2012 at 4:00 p.m. (Eastern Time)** (the "<u>Motion Objection Deadline</u>").  If no objections to the Motion are filed and served by the Motion Objection Deadline, the Court may enter the final order without further notice or hearing.

ny-1011942

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form annexed hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated:   June 26, 2012
         New York, New York

Respectfully submitted,

  /s/ Larren M. Nashelsky
Larren M. Nashelsky
Gary S. Lee
Lorenzo Marinuzzi
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Proposed Counsel for the Debtors and Debtors in Possession*

**<u>EXHIBIT 1</u>**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------ )
                                                    )
In re:                                              )    Case No. 12-12020 (MG)
                                                    )
RESIDENTIAL CAPITAL, LLC, et al.,                   )    Chapter 11
                                                    )
                                   Debtors.         )    Jointly Administered
                                                    )
------------------------------------------------------------------ )

### ORDER UNDER BANKRUPTCY CODE SECTIONS 105(a), 327, AND 330 AND BANKRUPTCY RULE 2014 AUTHORIZING EMPLOYMENT AND PAYMENT OF PROFESSIONALS UTILIZED IN ORDINARY COURSE OF BUSINESS *NUNC PRO TUNC* TO THE PETITION DATE

Upon the motion (the "Motion")[1] of the Debtors for an order, under Bankruptcy

Code sections 105(a), 327, and 330 and Bankruptcy Rule 2014 for entry of an order authorizing

the Debtors to employ and compensate certain professionals in the ordinary course of business,

as more fully set forth in the Motion; and the Court having subject matter jurisdiction to consider

the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the Amended

Standing Order of Reference, dated January 31, 2012 (Preska, C.J.); and the Motion being a core

proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28

U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and no

other or further notice need be provided; and the relief requested in the Motion being in the best

interests of the Debtors and their estates and creditors; and the Court having reviewed the Motion

and the Hamzehpour Declaration, and having heard the statements in support of the relief

requested therein at a hearing before the Court (the "Hearing"); and the Court having determined

that the legal and factual bases set forth in the Motion and the Hamzehpour Declaration, and at

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had

before the Court; and after due deliberation and sufficient cause appearing therefor;

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.  The Motion is GRANTED, as set forth herein.

2.  Pursuant to sections 105(a), 327 and 330 of the Bankruptcy Code and

Bankruptcy Rule 2014, to the extent deemed necessary or appropriate by the Debtors, the

Debtors are authorized, but not required nor directed, to employ the OCPs listed on Exhibit 2

annexed to the Motion in the ordinary course of their businesses, effective as of the Petition

Date; provided, however, that as a condition of such employment, each such OCP shall comply

with the OCP Procedures detailed herein.

3.  The following OCP Procedures are hereby approved:

   (a) Within ten (10) business days after the date on which the Order
       approving this Motion is served upon an OCP, such OCP shall provide
       to the Debtors: (i) a declaration (the "OCP Declaration"), substantially
       in the form annexed to the Motion as Exhibit 3, certifying that the
       professional does not represent or hold any interest adverse to the
       Debtors or their estates with respect to the matter on which the
       professional is to be employed; and (ii) a completed retention
       questionnaire (the "OCP Questionnaire"), substantially in the form
       annexed to the Motion as Exhibit 4.

   (b) The Debtors shall then file the OCP Declaration and OCP
       Questionnaire with the Court and serve them upon: (i) the U.S. Trustee
       and (ii) counsel for the Committee (the "Notice Parties").  The Notice
       Parties shall then have 20 days following service to file any objection
       to the retention stemming from the contents of the OCP Declaration or
       OCP Questionnaire (which 20-day period can be extended with the
       consent of the Debtors).  If no objection is filed by the Objection
       Deadline, then the retention of such OCP shall be deemed approved
       and the OCP may be paid in accordance with paragraph (c) below.  If
       an objection is filed by the Objection Deadline and such objection
       cannot be resolved within ten (10) days, the matter shall be set for a
       hearing before the Court.  No OCP shall be paid any amounts for
       invoiced fees and expenses until the OCP has been approved under the
       above procedure.

ny-1011946

(c) After the retention of an OCP has been approved in accordance with paragraph (b), the Debtors shall be permitted to pay the OCP, without a prior application to the Court, 100% of the fees and disbursements incurred, upon the submission to, and approval by, the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and disbursements actually incurred, up to the lesser of (i) $75,000 per month per OCP (an "OCP Monthly Limit") or (ii) $750,000 per OCP during the pendency of these Chapter 11 cases (up to and including the effective date of a confirmed plan) (an "OCP Case Limit" and, together with an OCP Monthly Limit, an "OCP Payment Limit").  In the event that, for a given month, an OCP seeks an amount greater than its OCP Monthly Limit, and consent for such increase is not agreed by the Creditors' Committee, which consent shall not be unreasonably withheld, then such OCP shall be required to file a fee application with respect to such month for the full amount of its fees and expenses in accordance with sections 330 and 331 of the Bankruptcy Code, as well as the applicable provisions of the Bankruptcy Rules and the Local Rules.  The Debtors reserve the right to amend the OCP Monthly Limit set forth in this paragraph upon notice to parties-in-interest.  In the event an OCP reaches the OCP Case Limit, the OCP will either file a retention application pursuant to section 327 of the Bankruptcy Code, or the Debtors shall seek to amend the OCP Case Limit.

(d) The Debtors reserve the right to supplement the OCP List from time to time as necessary.  The Debtors have diligently attempted to identify all of their current OCPs.  Nevertheless, some OCPs may have been inadvertently omitted.  Further, the nature of the Debtors' businesses requires the retention of additional OCPs from time to time.  In either event, the Debtors propose to file a notice (a "Supplemental Notice of OCPs"), with the Court listing the additional OCPs that the Debtors intend to employ.

(e) An OCP listed on a Supplemental Notice of OCPs shall be retained and paid in accordance with the terms and conditions set forth above.

4.    The Debtors shall disclose compensation paid to the OCPs pursuant to this Order in their monthly operating reports.

5.    This Order shall not apply to any professional retained by the Debtors under a separate order of this Court.

6.    Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board

3

of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among

AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal

Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment

entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012,

(c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the

Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related

agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

   7.  The terms and conditions of this Order shall be immediately effective and

enforceable upon its entry.

   8.  This Court shall retain jurisdiction with respect to all matters relating to

the interpretation or implementation of this Order.

Dated:  _____, 2012
    New York, New York


       _____
       THE HONORABLE MARTIN GLENN
       UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 2**

ny-1046097

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------
|  | ) |  |
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |
|  | ) |  |
|  | ) |  |
---------------------------------------------------------------

**DECLARATION OF TAMMY HAMZEHPOUR IN SUPPORT OF DEBTORS'
MOTION FOR ORDER UNDER BANKRUPTCY CODE SECTIONS 105(a), 327, AND
330 AND BANKRUPTCY RULE 2014 AUTHORIZING EMPLOYMENT AND
PAYMENT OF PROFESSIONALS UTILIZED IN ORDINARY COURSE OF BUSINESS
*NUNC PRO TUNC* TO THE PETITION DATE**

I, Tammy Hamzehpour, under penalty of perjury, declare as follows:

1.      I am the General Counsel for Residential Capital, LLC ("ResCap"), a debtor and

debtor in possession in the above-captioned Chapter 11 cases, a limited liability company

organized under the laws of the state of Delaware and the parent of the other debtors and debtors

in possession in the above-captioned Chapter 11 cases (collectively, the "Debtors"). I have held

my current title since October 2007. Since joining ResCap in 1998, I have held various legal

positions covering both Mergers & Acquisitions and ResCap's International Business Group. In

my capacity as General Counsel, I am responsible for providing legal advice and counsel to the

directors and management of the Debtors and the non-Debtor subsidiaries of ResCap relating to

their respective business operations, and for the overall delivery of legal services to them. I am

authorized to make this declaration on behalf of the Debtors and in support of the *Debtors'*

*Motion For Order Under Bankruptcy Code Sections 105(a), 327, And 330 And Bankruptcy Rule*

*2014 Authorizing Employment And Payment Of Professionals Utilized In Ordinary Course Of Business* Nunc Pro Tunc *To The Petition Date* (the "<u>Motion</u>").[1]

2.      In my capacity as General Counsel, I am familiar with the Debtors' day-to-day legal affairs.  I submit this declaration (the "<u>Declaration</u>") on the Debtors' behalf in conjunction with and in support of the Motion.  Except as otherwise indicated, all statements in this Declaration are based upon my personal knowledge; information supplied or verified by personnel in departments within the legal staff and various business units of the Debtors or the Debtors' advisors; my review of the Debtors' relevant documents; or my general experience, expertise, and knowledge of the Debtors' legal affairs.  In making my statements based on my review of the Debtors' relevant documents and other information prepared or collected by the Debtors' employees, I have relied upon these employees accurately recording, preparing, collecting, or verifying any such documentation and other information.  If I were called to testify as a witness in this matter, I would testify competently to the facts set forth herein.

3.      The Debtors are involved in pending litigation matters throughout the country related to the Debtors' residential mortgage loan origination, securitization, and servicing businesses.  In the day-to-day performance of their servicing and other business operations, the Debtors regularly call upon outside counsel to represent them in pending litigation and other matters arising in the ordinary course of their businesses, unrelated to these Chapter 11 cases. The OCPs are necessary for the day-to-day operations of the Debtors' businesses and are also necessary for the Debtors to maintain compliance under their servicing agreements.

---

[1]   Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

ny-1046097

4.      As of the Petition Date, the Debtors employed approximately 400 firms as outside counsel.  An initial list of firms currently employed by the Debtors in the ordinary course of their businesses (each, an "OCP" and collectively the "OCPs") is attached as Exhibit 3 to the Motion.

5.      As the Debtors' pending litigation varies geographically, the OCPs are necessary to supplement the effort of the Debtors' in-house counsel in those various jurisdictions.  It is not feasible for in-house counsel to know the specific local laws, rules, and customs and practices of every jurisdiction where the Debtors have pending litigation.  In addition, in-house counsel typically are not licensed to practice law in jurisdictions other than the one in which their principal office is located.  Thus, in order to properly manage the Debtors' litigation, in-house counsel needs the assistance of OCPs who regularly litigate in and are well versed with the local laws, rules, and customs and practices in each of the jurisdictions where litigation is pending.  Further, OCPs are also needed when special expertise and/or defense of multiple parties is required.  Additionally, the Debtors are parties to various servicing agreements, pursuant to which they are obligated to retain counsel for investors in and trustees of securitization trusts.

6.      Accordingly, the Debtors seek to continue to employ, *nunc pro tunc* to the Petition Date, the OCPs to provide a variety of professional services to these estates in the same manner and for the same purposes as the OCPs did before the Petition Date.  It is essential to continue the employment of these OCPs, who are already familiar with the Debtors' businesses and financial affairs, so as to avoid disruption, duplication and delay in those matters for which they are already engaged.

7.      The Debtors typically compensate the OCPs on an hourly rate basis; the applicable rate depends on a variety of factors, including the complexity of the matter, variations in local billing rates, and the experience of the OCP.  In certain circumstances, the Debtors may

ny-1046097

also enter into alternative fee arrangements with OCPs, pursuant to which the OCPs receive a flat fee per case or on a bulk-case basis. On average, the monthly compensation paid to any OCP by the Debtors under either fee structure does not exceed $75,000.

8.    The proposed employment of the OCPs, and the payment of monthly compensation on the basis set forth in the Motion, are in the best interests of the Debtors' estates, creditors, and all parties-in-interest. The relief requested will save the Debtors' estates the substantial expenses that would be associated with applying separately for the employment of each OCP. Further, the relief requested will avoid the incurrence of additional fees relating to the preparation and prosecution of fee applications.

9.    OCPs will be paid only for services necessary to litigate pending matters or for work necessary for the day-to-day operations of the Debtors businesses, and the OCPs will not perform services relating to bankruptcy matters without permission of the Court.

10.    Notice of the OCPs who are proposed to be retained will be served on the Notice Parties (as defined in the Motion). Monthly invoices for each OCP will be capped at $75,000 (an "OCP Monthly Limit"), and aggregate invoices for each OCP will be capped at $750,000 for the duration of these Chapter 11 Cases. In the event that, for a given month, an OCP seeks an amount greater than its OCP Monthly Limit, then, absent the consent of the Creditors' Committee, such OCP will be required to file a fee application in accordance with sections 330 and 331 of the Bankruptcy Code, as well as the applicable provisions of the Bankruptcy Rules and the Local Rules. The Debtors will disclose the amount of compensation paid to the OCPs in their monthly operating reports. Accordingly, there is adequate oversight of the retention of and payment to the OCPs.

4

11.     Based on the above, I have determined that each of the OCPs should be retained

as described in and for the reasons set forth in the Motion.

Pursuant to 28 U.S.C. §1746, I declare under the penalty of perjury that the

foregoing is true and correct.


Executed on June 26, 2012


By:     ___/s/ Tammy Hamzehpour_____
        Tammy Hamzehpour
        General Counsel
        Residential Capital, LLC

# EXHIBIT 3

## Schedule of Ordinary Course Counsel

| Firm | Contact | Address | Practice Area |
|---|---|---|---|
| ADAMS AND REESE LLP | E. Greggo Barrios | 701 POYDRAS STREET SUITE 4500 NEW ORLEANS, LA 70139 | COMMERCIAL FINANCE; LITIGATION |
| AINSWORTH THELIN & RAFTICE PA | John Turcotte | John Turcotte P.O. BOX 2412 SOUTH PORTLAND, ME 04116-2412 | LITIGATION |
| AKERMAN SENTERFITT | Jennifer Classer | Jennifer Classer P.O. BOX 231 ORLANDO, FL 32802-0231 | LITIGATION |
| ALLEN GUTHRIE & THOMAS PLLC | Rebecca A. Betts | 500 LEE STREET EAST SUITE 800 CHARLESTON, WV 25301 | LITIGATION |
| ALSTON HUNT FLOYD & ING | Louise K. Y. Ing | Louise K. Y. Ing 1001 BISHOP STREET, 18TH FLR. HONOLULU, HI 96813 | LITIGATION |
| ANDERSON KILL & OLICK, P.C | Christopher C. Gerard | Christopher C. Gerard 1251 AVENUE OF THE AMERICAS NEW YORK, NY 10020 | LITIGATION |
| ARMSTRONG TEASDALE LLP | Daniel R. Wofsey | Daniel R. Wofsey DEPARTMENT NUMBER 478150 P.O. BOX 790100 SAINT LOUIS, MO 63179 | LITIGATION |
| ASKOUNIS & DARCY PC | Debra Devassy Babu | Debra Devassy Babu 401 N MICHIGAN AVE SUITE 550 CHICAGO, IL 60611 | LITIGATION |
| BABST CALLAND CLEMENTS AND ZOMNIR PC | James Corbelli | James Corbelli TWO GATEWAY CENTER, 8TH FLOOR PITTSBURGH, PA 15222 | LITIGATION |
| BAER TIMBERLAKE COULSON & CATES PC | B. Johnston | 6846 SOUTH CANTON, STE 100 TULSA, OK 74136 | LITIGATION |
| BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ PC | George T. Lewis, III | FIRST TENNESSEE BUILDING 165 MADISON AVE., 20TH FL. MEMPHIS, TN 38103 | LITIGATION |
| BALLARD SPAHR | Alan Kaplinsky Martin Bryce | Alan Kaplinsky Martin Bryce 1735 MARKET STREET, 51ST FLOOR PHILADELPHIA, PA 19103 | LITIGATION; MORTGAGE OPERATIONS |
| BARBER MCCASKILL JONES & HALE PA | Joseph Kolb | 2700 REGIONS CENTER 400 W CAPITOL AVENUE LITTLE ROCK, AR 72201 | LITIGATION |

| Firm | Contact | Address | Practice Area |
|---|---|---|---|
| BARRETT DAFFIN FRAPPIER TURNER & ENGEL LLP | James Frappier | 15000 SURVEYOR BOULEVARD SUITE 100 ADDISON, TX 75001 | LITIGATION |
| BASS & MOGLOWSKY SC | Art Moglowsky | 501 WEST NORTHSHORE DRIVE SUITE 300 MILWAUKEE, WI 53217 | LITIGATION |
| BENJAMIN M MARAAN II ESQ | Benjamin M. Maraan, Esq. | 312 WALNUT STREET, SUITE 1600 CINCINATTI, OH 45202 | LITIGATION |
| BERRIGAN LITCHFIELD SCHONEKAS MANN AND TRAINA LLC | Arthur Mann | Arthur Mann 201 ST CHARLES AVE SUITE 4204 NEW ORLEANS, LA 70170 | LITIGATION |
| BETTS PATTERSON & MINES PS | Christopher Tompkins John Braislin | CHRISTOPHER TOMPKINS ONE CONVENTION PLACE 701 PIKE STREET, SUITE 1400 SEATTLE, WA 98101-3927 | LITIGATION |
| BIERMAN GEESING WARD & WOOD LLC | Ralph Di Pietro | 4520 EAST WEST HIGHWAY, SUITE 200; BETHESDA, MD 20814 | LITIGATION |
| BISHOP JACKSON & KELLY LLC | Garrett Denniston | GARRETT DENNISTON 472 WHEELERS FARMS ROAD 3RD FLOOR PO BOX 629 MILFORD, CT 06615-0629 | LITIGATION |
| BLACK, MANN & GRAHAM, L.L.P. | David Dulock | David Dulock 2905 CORPORATE CIRCLE FLOWER MOUND, TX 75028 | MORTGAGE OPERATIONS |
| BOSE MCKINNEY & EVANS, LLP | David J. Jurkiewicz | 111 MONUMENT CIRCLE, STE. 2700 INDIANAPOLIS, IN 46204 | LITIGATION; MORTGAGE OPERATIONS |
| BOWLES RICE MCDAVID GRAFF & LOVE | Sally Smith | SALLY SMITH 600 QUARRIER ST. P.O. BOX 1386 CHARLESTON, WV 25325 | LITIGATION |
| BRICKER & ECKLER LLP | Dan Paoletti | 100 SOUTH THIRD STREET COLUMBUS, OH 43215 | MORTGAGE OPERATIONS |
| BRYAN CAVE, LLP | Irvin Belzer Kenneth Lee Marshall | IRVIN B. BELZER ONE KANSAS CITY PLACE 1200 MAIN STREET, SUITE 3500 ST LOUIS, MO 64105-2100 K. LEE MARSHALL TWO EMBARCADERO CENTER, SUITE 1410 SAN FRANCISO, CA 94111 | COMMERCIAL FINANCE; LITIGATION; MORTGAGE OPERATIONS |

| Firm | Contact | Address | Practice Area |
|---|---|---|---|
| BUCHALTER NEMER | Melissa L. Richards<br>Karen Stevenson | MELISSA L. RICHARDS<br>55 SECOND STREET, SUITE 1700<br>SAN FRANCISCO, CA 94105-3492<br><br>KAREN STEVENSON<br>1000 WILSHIRE BOULEVARD<br>SUITE 1500<br>LOS ANGELES, CA 90017-2457 | LITIGATION;<br>MORTGAGE<br>OPERATIONS |
| BUCKLEYSANDLER LLP | John P. Kromer<br>Clint Rockwell | John P. Kromer<br>Clint Rockwell<br>1250 24TH STREET NW<br>SUITE 700<br>WASHINGTON, DC 20037 | LITIGATION;<br>MORTGAGE<br>OPERATIONS |
| BURR & FORMAN LLP | Shea Sullivan | P.O. BOX 830647<br>420 N. 20TH STREET, STE 3400<br>BIRMINGHAM, AL  35283 | LITIGATION |
| BURR PEASE & KURTZ | John C. Siemers | 810 N ST., SUITE 300<br>ANCHORAGE, AK 99501 | LITIGATION |
| BUSH SEYFERTH & PAIGE PLLC | Cheryl A. Bush | 3001 W. BIG BEAVER ROAD, STE 600<br>TROY, MI 48048 | LITIGATION |
| BUTLER SNOW O'MARA STEVENS | Stephen W. Rosenblatt | 1020 HIGHLAND COLONY PARKWAY, SUITE 1400<br>P.O. BOX 6010<br>RIDGELAND, MS 39158 | LITIGATION |
| CALFEE HALTER & GRISWOLD LLP | Brent D. Ballard | 1400 KEYBANK CENTER<br>800 SUPERIOR AVENUE<br>CLEVELAND, OH 44114-2688 | LITIGATION |
| CANNON LAW FIRM | Ross Cannon | P.O. BOX 5717<br>HELENA, MT 59604 | LITIGATION |
| CASTLE STAWIARSKI, LLC | Chris Groen<br>Deanne R. Stodden | CHRIS GROEN<br>999 18TH ST.<br>SUITE 2301<br>DENVER, CO 80202 | LITIGATION |
| CODILIS & STAWIARSKI PC | Mary Speidel | 6782 SOUTH POTOMAC STREET SUITE 175<br>CENTENNIAL, CO 80112 | LITIGATION;<br>MORTGAGE<br>OPERATIONS |
| COHN DUSSI & BILODEAU LLC | Kelly Garden | 931 JEFFERSON BOULEVARD, SUITE 1003<br>WARWICK, RI 02886 | LITIGATION |
| CONRAD O'BRIEN PC | Judson Aaron | 1500 MARKET STREET CENTRE SQUARE<br>WEST TOWERS, STE 3900<br>PHILADELPHIA, PA 19102 | MORTGAGE<br>OPERATIONS |
| COVINGTON BURLING | Tammy Albarran | 1201 PENNSYLVANIA NW<br>WASHINGTON, DC 20004 | MORTGAGE<br>OPERATIONS |
| DAVIES LAW GROUP | Douglas W. Davis | 701 FIFTH AVENUE<br>SUITE 4200<br>SEATTLE, WA 98104 | LITIGATION |
| DAVIS WRIGHT TREMAINE | Robert Blackstone | 1201 THIRD AVENUE<br>STE 2200<br>SEATTLE, WA 98101 | MORTGAGE<br>OPERATIONS |

| Firm | Contact | Address | Practice Area |
|------|---------|---------|---------------|
| DAY PITNEY LLP | Paul D. Williams | 242 TRUMBALL STREET<br>P.O. BOX 33300<br>HARTFORD, CT 06103 | LITIGATION |
| DEBEVOISE AND PLIMPTON | Pedro DeOliveria | 919 THIRD AVENUE<br>NEW YORK, NY 10022 | MORTGAGE OPERATIONS |
| DIAMOND MCCARTHY LLP | Eric Madden | Eric Madden<br>909 FANIN STREET, 15TH FLOOR<br>HOUSTON, TX 77010 | LITIGATION |
| DINSMORE & SHOHL LLP | David Fornshell | 255 EAST 5TH STREET, SUITE 1900<br>CINCINNATI, OH 45202 | LITIGATION |
| DLA PIPER | Robert J. Alessi | 1251 AVENUE OF THE AMERICAS<br>NEW YORK, NYU 10020 | MORTGAGE OPERATIONS |
| DOWNS RACHLIN MARTIN PLLC | Merritt Schnipper<br>James C. Gallagher | MERRITT SCHNIPPER<br>28 VERNON STREET, SUITE 501,<br>BRATTLEBORO, VT 05302<br><br>90 PROSPECT ST.<br>PO BOX 99<br>ST JOHNSBURY, VT 05819-0099 | LITIGATION; MORTGAGE OPERATIONS |
| DRAY DYEKMAN REED & HEALEY PC | Gregroy C. Dyekman | GREGORY C. DYEKMAN<br>204 EAST 22ND STEET<br>CHEYENNE, WY 82001-3799 | LITIGATION |
| DRUMMOND & DRUMMOND LLP | Horace W. Horton | ONE MONUMENT WAY<br>PORTLAND, ME 04101-4084 | LITIGATION |
| DURANT & DURANT LLP | Marc Durant | MARC DURANT<br>325 CHESTNUT STREET<br>SUITE 1116<br>PHILADELPHIA, PA 19106-2611 | LITIGATION |
| DURRETTE CRUMP PLC | Wyatt B. Durrette, Jr. | 1111 E. MAIN STREET, 16TH FLOOR<br>RICHMOND, VA 23219 | LITIGATION; MORTGAGE OPERATIONS |
| DYKEMA GOSSETT PLLC | Richard E. Gottlieb | 400 RENAISSANCE CENTER<br>DETROIT, MI 48243 | LITIGATION |
| EDWARDS WILDMAN PALMER LLP | John A. Houllihan | 750 LEXINGTON AVENUE FLOOR 6<br>NEW YORK, NY 10022 | LITIGATION; MORTGAGE OPERATIONS |
| EMMET MARVIN MARTIN LLP | John F. Bartlett | 120 BROADWAY<br>NEW YORK, NY 10271 | CORPORATE TREASURY; MORTGAGE OPERATIONS |
| EVANS PETREE PC | Caren Beth Nichol | 1000 RIDGEWAY LOOP RD., SUITE 200<br>MEMPHIS, TN 38120 | LITIGATION |
| EVP ADVISORS, INC. | Emma Chuck | 1631 EAGLEBROOK DRIVE<br>GENEVA IL 60134 | LITIGATION |

| Firm | Contact | Address | Practice Area |
|------|---------|---------|---------------|
| FAEGRE BAKER DANIELS LLP | Lance W. Lange Michael B. Fisco | LANCE W. LANGE 801 GRAND AVENUE, SUITE 3100 DES MOINES, IA 503909-8002  2200 WELLS FARGO CENTER 90 SOUTH SEVENTH STREET MINNEAPOLIS, MN 55402-3901 | LITIGATION; MORTGAGE OPERATIONS |
| FARRELL LAW LLC | Barbara A. Farrell | THREE FIRST NATIONAL PLAZA 70 WEST MADISON STREET STE 1400 CHICAGO, IL 60602 | LITIGATION |
| FEIN SUCH KAHN & SHEPARD PC | Jim Shepard | 7 CENTURY DRIVE SUITE 201 PARSIPPANY, NJ 07054 | LITIGATION |
| FEIWELL AND HANNOY | Leanne Titus | Leanne Titus PO BOX 7232 DEPT 167 INDIANAPOLIS, IN 46206-7232 | LITIGATION |
| FELHABER LARSON FENLON & VOGT | Donald G. Heeman | 220 SOUTH 6TH STREET, STE 2200 MINNEAPOLIS, MN 55402-4504 | LITIGATION; MORTGAGE OPERATIONS |
| FINKEL LAW FIRM LLC | Janet B. Haigler | 1201 MAIN STREET SUITE 1800 PO BOX 1799 COLUMBIA, SC 29202 | LITIGATION |
| FISHER & SHAPIRO LLC | Lee Perres | 221 WAUKEGAN ROAD, SUITE 301 BANNOCKBURN, IL 60015 | LITIGATION |
| FISHER LAW GROUP PLLC | Martin S. Goldberg | 9440 PENNSYLVANINA AVENUE SUITE 350 UPPER MARBORO, MD 20772 | LITIGATION |
| FLAMM TEIBLOOM & STANKO LTD | Joseph Teibloom | 20 NORTH CLARK STREET SUITE 2200 CHICAGO, IL 60602 | LITIGATION |
| FLEISCHER, FLEISCHER & SUGLIA | Brian Fleischer | PLAZA 1000 AT MAIN STREET SUITE 208 VOORHEES, NJ 08043 | LITIGATION |
| FOLEY HOAG LLP | Michele L. Adelman | 155 SEAPORT BLVD. SEAPORT WEST BOSTON, MA 02210 | LITIGATION |
| FOLEY & LARDNER LLP | Sam Jaspin | 777 E. WISCONSIN AVENUE MILWAUKEE, WI 53202 | CORPORATE SERVICES; MORTGAGE OPERATIONS |
| FOSTER SWIFT COLLINS & SMITH PC | Charles E. Barbieri | 313 SOUTH WASHINGTON SQUARE LANSING, MI 48933-2193 | LITIGATION; MORTGAGE OPERATIONS |
| FRAGOMEN DEL REY BERSEN & LOEWY LLP | Jonathan C. Adams | 90 MATAWAN ROAD MATAWAN, NJ 07747 | LITIGATION |

| Firm | Contact | Address | Practice Area |
|------|---------|---------|---------------|
| FRANZEN AND SALZANO PC | Loretta Salzano | 40 TECHNOLOGY PARKWAY SOUTH SUITE 202 NORCROSS, GA 30092 | CORPORATE SERVICES; LITIGATION; MORTGAGE OPERATIONS |
| FRASCO CAPONIGRO WINEMAN& SCHEIBLE PLLC | John W. Frasco | 1668 TELEGRAPH ROAD SUITE 200 BLOOMFIELD HILLS, MI 48302 | LITIGATION |
| FRASCONA, JOINER, GOODMAN AND GREENSTEIN P.C. | G. Roger Block | 4750 TABLE MESA DRIVE BOULDER, CO 80305 | LITIGATION |
| FRASER STRYKER PC LLO | Jordan W. Adams | 409 SOUTH 17TH STREET OMAHA, NE 68102 | LITIGATION |
| FRIDAY ELDRIDGE & CLARK | Harry A. Light | HARRY A. LIGHT 400 WEST CAPITOL AVENUE, SUITE 2000 LITTLE ROCK, ARKANSAS 72201-3522 | LITIGATION |
| FRIED FRANK HARRIS SHRIVER & JACOBSON LLP | John W. Frasco | ONE NEW YORK PLAZA NEW YORK, NY 10004 | LITIGATION |
| FRILOT LLC | Benjamin M. Castoriano | 1100 POYDRAS STREET SUITE 3700 NEW ORLEANS, LA 70163 | LITIGATION |
| FROST BROWN TODD | George E. Yund | P.O. BOX 5716 CINCINNATI, OH 45201-5716 | MORTGAGE OPERATIONS |
| FULBRIGHT & JAWORSKI LLP | Steven Pfeiffer | 1301 MCKINNEY SUITE 5100 HOUSTON, TX 77010 | LITIGATION |
| GLOVER & DAHNK | Jeannie P. Dahnk | 1103 PRINCESS ANNE ST P.O. BOX 207 FREDERICKSBURG, VA 22404 | MORTGAGE OPERATIONS; LITIGATION |
| GODFREY & KAHN | Jon Anderson | ONE EAST MAIN STREET MADISON, WI 53703 | LITIGATION |
| GOODWIN PROCTER | Susan Abbott | EXCHANGE PLACE 53 STATE STREET BOSTON, MA 02109 | LITIGATION |
| GRAY & ASSOCIATES LLP | Duncan C. Delhey | 16345 W. GLENDALE DR NEW BERLIN, WI 53151 | LITIGATION |
| GRAYDON HEAD & RITCHEY LLP | Steven P. Goodin | P.O. BOX 6464 CINCINNATI, OH 45201 | LITIGATION |
| GREEN FORD AND WALLACE LLC | Jon Wallace | 602 RUTLEDGE AVENUE CHARLESTON, SC 29403 | LITIGATION |
| GREENBERG TRAURIG | Jeffrey Lippa Laura Sixkiller, Esq. | JEFFREY LIPPA 77 W. WACKER DRIVE SUITE 2500 CHICAGO, IL 60601 LAURA SIXKILLER, ESQ. GREENBERG TRAURIG, LLP 2375 E. CAMELBACK RD. SUITE 700 PHOENIX, AZ 85016 | LITIGATION; MORTGAGE OPERATIONS |

| Firm | Contact | Address | Practice Area |
|---|---|---|---|
| HARMON LAW OFFICES PC | Mark Harmon | PO BOX 610389 NEWTON HIGHLANDS, MA 02461-0389 | LITIGATION |
| HAYNES & BOONE LLP | Larry Pascal | 2323 VICTORY AVENUE SUITE 700 DALLAS, TX 75219 | MORTGAGE OPERATIONS |
| HAYNSWORTH SINKLER BOYD, P.A. | A Parker Barnes, III | 134 MEETING ST., 4TH FLOOR CHARLESTON, SC 29401 | LITIGATION |
| HIGIER ALLEN & LAUTIN PC | Thomas Higler | 5057 KELLER SPRINGS ROAD SUITE 600 ADDISON, TX 75001 | LITIGATION |
| HINSHAW & CULBERTSON LLP | Ellen Silverman David R. Mylreas | ELLEN SILVERMAN 333 SOUTH SEVENTH STREET, SUITE 2000 MINNEAPOLIS, MN 55402 | LITIGATION; MORTGAGE OPERATIONS |
| HODEL BRIGGS WINTER LLP | Matthew  A. Hodel | 8150 IRVINE CENTER DRIVE, SUITE 1400 IRVINE, CA 92618 | CORPORATE SERVICES |
| HOLLOWAY DOBSON & BACHMAN P.C | David H. Dobson | ONE LEADERSHIP SQUARE, 211 NORTH ROBINSON, STE 900 OKLAHOMA CITY, OK 73102 | LITIGATION |
| HONIGMAN MILLER SCHWARTZ & COHN | Donald F. Baty Jr | 2290 FIRST NATIONAL BUILDING 660 WOODWARD AVENUE DETROIT, MI 48226-3583 | LITIGATION |
| HOOPER ENGLUND & WEIL LLP | Thomas Hooper | 1001 SW FIFTH AVE. SUITE 2150 PORTLAND, OR 97204-2150 | LITIGATION |
| HUBBARD RUZICKA KREAMER & KINCAID LC | D. Todd Arney | Frank Lipsman 130 NORTH CHERRY PO BOX 550 OLATHE, KS 66061 | LITIGATION |
| HUGHES WATTERS ASKANASE LLP | Gary Gunn | 333 CLAY 29TH FL HOUSTON, TX 77002-4168 | LITIGATION; MORTGAGE OPERATIONS |
| HUNT LEIBERT JACOBSON PC | Richard C. Jacobson | 50 WESTON STREET HARTFORD, CT 06120 | LITIGATION |
| JACK O'BOYLE & ASSOCIATES | Jack O'Boyle | PO BOX 815369 DALLAS, TX 75381 | LITIGATION |
| JACKSON KELLY PLLC | Charles Dunbar | 1600 LAIDLEY TOWER P.O. BOX 553 CHARLESTON, WV 25322 | MORTGAGE OPERATIONS |
| JACKSON LEWIS LLP | Maurice G. Jenkins | ONE NORTH BROADWAY WHITE PLAINS, NY 10601-2329 | CORPORATE SERVICES; LITIGATION |
| JOHNSON & FREEDMAN LLC | Larry W. Johnson Ian McCutchen | Larry W. Johnson Ian McCutchen 1587 NORTHEAST EXPRESSWAY ATLANTA, GA 30329 | LITIGATION |

| Firm | Contact | Address | Practice Area |
|------|---------|---------|---------------|
| JOHNSTONE ADAMS BAILEY GORDON & HARRIS LLC | Gregg Watts | P.O. BOX 1988 MOBILE, AL 36602 | MORTGAGE OPERATIONS |
| JONES WALKER WAECHTER POITEVENT CARRERE & DENEGRE LLP | Robert Bailey Acomb, Jr. | 201 ST. CHARLES AVE. - 50TH FLOOR NEW ORLEANS, LA 70170-5100 | LITIGATION |
| K&L GATES | David T. Case | 1601 K STREET NW WASHINGTON, DC 20006 | COMMERCIAL FINANCE; CORPORATE SERVICES; CORPORATE TREASURY; LITIGATION; MORTGAGE OPERATIONS |
| KASS SHULER SOLOMON SPECTOR FOYLE AND SINGER PA | James Shuler | 1505 N. FLORIDA AVE. TAMPA, FL 33602 | LITIGATION |
| KATTEN, MUCHIN ROSENMAN LLP | Chris D'Angelo | 525 W. MONROE STREET CHICAGO, IL 60661 | MORTGAGE OPERATIONS |
| KIVELL RAYMENT AND FRANCIS PC | | 7666 E. 61 STREET STE 550 TULSA, OK 74133 | LITIGATION |
| KLEINBARD BELL & BRECKER LLP | | ONE LIBERTY PLACE 46TH FLOOR 1650 MARKET STREET PHILADELPHIA, PA 19103 | MORTGAGE OPERATIONS; LITIGATION |
| KNUCKLES KOMOSINSKI SCUTIERI ELLIOTT LLP | Mark Knuckles | 565 TAXTER ROAD SUITE 590 ELMSFORD, NY 10523 | LITIGATION; MORTGAGE OPERATIONS |
| KOLESAR & LEATHAM | Robert Caldwell Robert List | ROBERT CALDWELL 400 SOUTH RAMPART, STE. 400 LAS VEGAS, NV 89145 | LITIGATION |
| KROPIK PAPUGA & SHAW | Laura Wardinski | 120 S LASALLE ST. SUITE 1500 CHICAGO, IL 60603 | LITIGATION; MORTGAGE OPERATIONS |
| LAMUN MOCK CUNNYNGHAM & DAVIS PC | Bret Davis | Bret Davis 5613 N. CLASSEN BLVD. OKLAHOMA CITY, OK 73118 | LITIGATION; MORTGAGE OPERATIONS |
| LANE POWELL | Heidi Anderson | 1420 FIFTH AVE., SUITE 4100 SEATTLE, WA 98101 | LITIGATION |
| LAPIN & LEICHTLING LLP | Adam B. Leichtling | 255 ALHAMBRA CIRCLE SUITE 1250 CORAL GABLES, FL 33134-7400 | LITIGATION; MORTGAGE OPERATIONS |
| LARSON KING LLP | Daniel C. Adams | 30 EAST 7TH ST, SUITE 2800 WELLS FARGO PLACE ST PAUL, MN 55101-4922 | LITIGATION |

| Firm | Contact | Address | Practice Area |
|---|---|---|---|
| LATHROP AND GAGE LLP | Michael Abrams | 2345 GRAND BLVD. KANSAS CITY, MO 64108-2612 | LITIGATION |
| LAVIN ONEIL RICCI CEDRONE & DISIPIO | Joseph O'Neil | 190 N. INDEPENDENCE MALLWEST SUITE 500 PHILADELPHIA, PA 19106 | LITIGATION |
| LAW OFFICES OF GLENN H WECHSLER | Glenn Wechsler | 1646 NORTH CALIFORNIA BLVD., SUITE 450 WALNUT CREEK, CA 94596 | LITIGATION |
| LAW OFFICES OF JOHN T BENJAMIN JR PA | John T. Benjamin, Jr. | 1115 HILLSBOROUGH STREET RALEIGH, NC 27603 | LITIGATION |
| LAW OFFICES OF RICARDO NARVAIZ | S. Ricardo Narvaiz | 1300 SPRING STREET SUITE 500 SILVER SPRING, MD 20910 | LITIGATION |
| LAW OFFICES OF ROBERT C DOUGHERTY | Robert C. Dougherty | 1130 SW MORRISON ST. SUITE 210 PORTLAND, OR 97205-2213 | LITIGATION |
| LAW OFFICES OF STEPHEN E ENSBERG | Stephen E Ensberg | 1609 W GARVEY AVENUE NORTH WEST COVINA, CA 91790 | LITIGATION |
| LERNER SAMPSON & ROTHFUSS | Nathan L. Swehla | NATHAN L. SWEHLA PO BOX 1985 CINCINNATI, OH 45264-1985 | LITIGATION |
| LEU & OKUDA | Lansen Leu | LANSEN LEU 900 - 4TH ST MALL; STE 305 HONOLULU, HI 96813 | LITIGATION |
| LEVERICK & MUSSELMAN LLC | Richard M. Leverick | 510 SAN FRANCISCO ROAD NE ALBUQUERQUE, NM 87109 | LITIGATION |
| LEWIS & ROCA LLP | Albert Acken | 40 N. CENTRAL AVENUE PHOENIX, AZ 85004 | LITIGATION |
| LITTLER MENDELSON | Marko J. Mrkonich | THREE PARKWAY 1601 CHERRY STREET, SUITE 1400 PHILADELPHIA, PA 19102 | |
| LOCKE LORD BISSELL & LIDDELL LLP | Thomas Cunningham | THOMAS J. CUNNINGHAM 111 SOUTH WACKER DRIVE CHICAGO, IL 60606 | LITIGATION; MORTGAGE OPERATIONS |
| LOEB & LOEB LLP | Michael Anderson | 10100 SANTA MONICA BLVD. SUITE 2200 LOS ANGELES, CA 90067 | CORPORATE SERVICES |
| LOTSTEIN LEGAL PLLC | Michelle Canter | 4720 PEACHTREE INDUSTRIAL BLVD, SUITE 106 NORCROSS, GA 30071 | MORTGAGE OPERATIONS |
| LOWE FELL AND SKOGG LLC | Danna B. Baggs David Fell | 370 17TH STREET, SUITE 4900 DENVER, CO 80202 | CORPORATE SERVICES; LITIGATION; MORTGAGE OPERATIONS |
| LUNDBERG & ASSOCIATES | Scott J. Lundberg | 3269 SOUTH MAIN STREET, SUITE 100 SALT LAKE CITY, UT 84115 | LITIGATION |

| Firm | Contact | Address | Practice Area |
|---|---|---|---|
| LYLE S HOSODA & ASSOCIATES | Lyle S. Hosoda | 345 QUEEN STREET HONOLULU, HI 96813 | LITIGATION |
| LYNN JACKSON SHULTZ & LEBRUN PC | Donald R. Shultz | JEFF COLLINS 909 ST. JOSEPH STREET, SUITE 800 PO BOX 8250 RAPID CITY, SD 57709-8250 | LITIGATION; MORTGAGE OPERATIONS |
| MACKALL CROUNSE & MOORE PLC | Matthew A. Anderson | 1400 AT&T TOWER 901 MARQUETTE AVE MINNEAPOLIS, MN 55402 | LITIGATION |
| MALKERSON GUNN MARTIN LLP | Bradley Gunn | 220 SOUTH SIXTH STREET, SUITE 1900 MINNEAPOLIS, MN 55402 | COMMERCIAL FINANCE; MORTGAGE OPERATIONS; LITIGATION |
| MANLEY DEAS KOCHALSKI LLC | Ted Manley | TED MANLEY P.O. BOX 165028 COLUMBUS, OH 43216 | LITIGATION |
| MANN & STEVENS PC | June A. Mann | 550 WESTCOTT STREET SUITE 560 HOUSTON, TX 77007 | LITIGATION |
| MAPLES AND CALDER | Justin Appleyard | PO BOX 309 UGLAND HOUSE GRAND CAYMAN KY1-1104 CAYMAN ISLANDS | CORPORATE TREASURY |
| MATHESON MORTENSEN OLSEN & JEPPSON | Douglas G. Mortensen | 648 EAST FIRST SOUTH SALT LAKE CITY, UT 84102 | LITIGATION |
| MCCABE, WEISBERG & CONWAY P.C. | Terrence J. McCabe | 123 SOUTH BROAD STREET, STE 2080 PHILADELPHIA, PA 19109 | LITIGATION |
| MCCALLA RAYMER, LLC | Marty Stone | SIX CONCOURSE PARKWAY SUITE 3200 ATLANTA, GA 30328 | LITIGATION |
| MCCURDY & CANDLER LLC | Donald C. Suessmith, Jr. | SIX PIEDMONT CENTER SUITE 700 3525 PIEDMONT ROAD NE ATLANTA, GA 30305 | LITIGATION |
| MCDERMOTT WILL & EMERY LLP | David P. DeYoe | P.O. BOX 6043 CHICAGO, IL 60680 | LITIGATION |
| MCDOWELL RIGA | Joseph F. Riga | 46 W MAIN STREET MAPLE SHADE, NJ 08052 | LITIGATION |
| MCGINNIS LOCHRIDGE & KILGORE LLP | Brook Brown | 600 CONGRESS AVENUE SUITE 2100 AUSTIN, TX 78701 | LITIGATION |
| MCGLINCHEY STAFFORD | John Gable Bennet S. Koren | John Gable Bennet S. Koren 601 POYDRAS STREET 12TH FLOOR NEW ORLEANS, LA 70130 | CORPORATE SERVICES; LITIGATION; MORTGAGE OPERATIONS |
| MCGUIRE WOODS LLP | George Keith Martin | ONE JAMES CENTER 901 EAST CARY STREET RICHMOND, VA 23286-0645 | CORPORATE SERVICES; CORPORATE TREASURY; LITIGATION |

| Firm | Contact | Address | Practice Area |
|------|---------|---------|---------------|
| MCKAY LAWLER FRANKLIN & FOREMAN PLLC | Edward Lawler | EDWARD LAWLER PO BOX 2488 RIDGELAND, MS 39158-2488 | LITIGATION |
| MCKELVIE & DELUCA | Frank M. DeLuca | 280 WEST MAPLE ROAD SUITE 3000 BIRMINGHAM, MI 48009 | LITIGATION |
| MILBANK, TWEED, HADLEY & MCCLOY LLP, DR. | Albert Milbank | 1 CHASE MANHATTAN PLAZA NEW YORK, NY 10005-1413 | MORTGAGE OPERATIONS; LITIGATION |
| MODRALL SPERLING ROEHL HARRIS & SISK PA | Bill Keleher Paul M Fish | BILL KELEHER P. O. BOX 2168 ALBUQUERQUE, NM 87103 | LITIGATION |
| MOFFATT, THOMAS, BARRETT, ROCK & FIELDS | Michael O. Roe | P O BOX 829 101 SOUTH CAPITOL BOULEVARD 10TH FLOOR BOISE, ID 83701 | LITIGATION |
| MONZACK MERSKY MCLAUGHLIN & BROWDER P.A. | Brian j. McLaughlin | 1201 ORANGE STREET, SUITE 400 WILMINGTON, DE 19801 | LITIGATION |
| MOORE & VAN ALLEN PLLC | Paul Lynch | 100 NORTH TRYON STREET SUITE 4700 CHARLOTTE, NC 28202 | LITIGATION |
| MORGAN & POTTINGER PSC | John T. McGarvey | 601 WEST MAIN STREET LOUISVILLE, KY 40202 | LITIGATION |
| NELSON MULLINS RILEY & SCARBOROUGH LLP | James K. Lehman | 1320 MAIN STREET MERIDIAN BUILDING, 17TH FLOOR COLUMBIA, SC 29201 | LITIGATION |
| OPPENHEIMER WOLFF & DONNELLY LLP | Lloyd G. Kepple | PLAZA VII 45 SOUTH SEVENTH ST. SUITE 3300 MINNEAPOLIS, MN 55402 | COMMERCIAL FINANCE; MORTGAGE OPERATIONS; LITIGATION |
| ORLANS ASSOCIATES PC | Justin Carter Timothy Myers | Justin Carter Timothy Myers PO BOX 5041 TROY, MI 48007-5041 | LITIGATION; MORTGAGE OPERATIONS |
| ORLANS MORAN PLLC | C. Smith Paul Mulligan | PAUL MULLIGAN 45 SCHOOL STREET, SUITE 2F BOSTON, MA 02108  1650 W BIG BEAVER ROAD ATTENTION A/R TROY, MI 48084 | LITIGATION |
| PALMER LOMBARDI & DONOHUE LLP | E. Scott Palmer | 515 SO. FLOWER STREET SUITE 2100 LOS ANGELES, CA 90071 | LITIGATION; MORTGAGE OPERATIONS |
| PARKER HUDSON RAINER & DOBBS LLP | J. Marbury Rainer | 1500 MARQUIS TWO TOWER 285 PEACHTREE CENTER AVE NE ATLANTA, GA 30303 | LITIGATION |
| PARTRIDGE SNOW & HAHN LLP | Steven E. Snow | 180 SOUTH MAIN STREET PROVIDENCE, RI 02903 | LITIGATION |

| Firm | Contact | Address | Practice Area |
|---|---|---|---|
| PATTON AND DAVISON ATTORNEYS | Alex Davison<br>John C. Patton | ALEX DAVISON<br>1920 THOMES AVENUE<br>CHEYENNE, WY 82001<br><br>JOHN C. PATTON<br>PO BOX 945<br>CHEYENNE, WY 82003 | LITIGATION |
| PATTON BOGGS LLP | Scott Wallace | 2550 M STREET NW<br>WASHINGTON, DC 20037 | COMMERCIAL FINANCE; MORTGAGE OPERATIONS |
| PAUL A BELLGARDE ESQ | Paul A. Bellgarde | 8284 SPRING LEAF COURT<br>VIENNA, VA 22182 | LITIGATION |
| PERKINS COIE LLP | Fred Rivera<br>Joseph E. Mais | Fred Rivera<br>Joseph E. Mais<br>1201 THIRD AVENUE SUITE 4800<br>SEATTLE, WA 98101 | LITIGATION |
| PHELAN HALLINAN & SCHMIEG LLP | Larry Phelan | 1617 JFK BLVD<br>SUITE 1400<br>PHILADELPHIA, PA 19103-1814 | LITIGATION; MORTGAGE OPERATIONS |
| PIERCE ATWOOD LLP | John J. Aromando | MERRILL'S WHARF<br>254 COMMERCIAL STREET<br>PORTLAND, ME 04101 | LITIGATION; MORTGAGE OPERATIONS |
| PITE DUNCAN LLP | Steven W. Pite | 4375 JUTLAND DRIVE<br>SUITE 200<br>SAN DIEGO, CA 92177-0935 | LITIGATION; MORTGAGE OPERATIONS |
| PLATZER SWERGOLD KARLIN LEVINE GOLDBERG & JASLOW LLP | Sydney G. Platzer | 1065 AVENUE OF THE AMERICAS, 18TH FLOOR<br>NEW YORK, NY 10018 | LITIGATION |
| POTESTIVO & ASSOCIATES PC (MI) | Brian Potestivo<br>David Marowske | Brian Potestivo<br>David Marowske<br>811 SOUTH BOULEVARD SUITE 100<br>ROCHESTER HILLS, MI 48307 | LITIGATION; MORTGAGE OPERATIONS |
| PRINCE LOBEL TYE LLP | Richard Briansky | 100 CAMBRIDGE STREET<br>SUITE 2200<br>BOSTON, MA 02114 | LITIGATION; MORTGAGE OPERATIONS |
| PULLMAN & COMLEY, LLC | James P. White Jr | 850 MAIN STREET<br>BRIDGEPORT, CT 06601 | LITIGATION |
| PURCELL KRUG & HALLER | Leon P. Haller | 1719 NORTH FRONT STREET<br>HARRISBURG, PA 17102 | LITIGATION |
| RADER FISHMAN AND GRAUER PLLC | Michael D. Fishman | 39533 WOODWARD AVENUE, STE 140<br>BLOOMFIELD HILLS, MI 48304 | CORPORATE SERVICES; LITIGATION |
| RAY QUINNEY & NEBEKER | Michael R. Johnson | 36 SOUTH STATE ST.<br>SUITE 1400<br>SALT LAKE CITY, UT 84111 | LITIGATION |

| Firm | Contact | Address | Practice Area |
|---|---|---|---|
| REED SMITH LLP | Sara Begley<br>Leonard Bernstein | Leonard Bernstein<br>Sara Begley<br>1650 MARKET STREET<br>2500 LIBERTY PLACE<br>PHILADELPHIA, PA 19103 | LITIGATION;<br>MORTGAGE<br>OPERATIONS |
| REISENFELD &<br>ASSOCIATES LPA LLC | Brad Reisenfeld | 3962 RED BANK ROAD<br>CINCINNATI, OH 45227 | LITIGATION |
| RHODES & SALMON<br>PC | William C. Salom | 1801 LOMAS BLVD., NW<br>ALBUQUERQUE, NM 87104 | LITIGATION |
| RICHARDS LAYTON &<br>FINGER PA | Eric Mazie | 920 KING STREET<br>WILMINGTON, DE  19801 | |
| RILEY RIPER HOLLIN<br>& COLAGRECO | Louis J. Colagreco Jr. | PO BOX 1265<br>717 CONSTITUTION DRIVE<br>EXTON, PA 19341 | MORTGAGE<br>OPERATIONS |
| RINKE NOONAN | David J. Meyers | David J. Meyers<br>1015 W. ST GERMAIN  STREET<br>ST CLOUD, MN 56302 | LITIGATION |
| ROBBINS SALOMON &<br>PATT LTD | Edward S. Salomon | 25 E WASHINGTON<br>SUITE 1000<br>CHICAGO, IL 60602 | LITIGATION |
| ROBINSON & COLE<br>LLP | Michael Enright | 280 TRUMBULL STREET<br>HARTFORD, CT 06103-3597 | LITIGATION |
| ROBISON<br>BELAUSTEGUI SHARP<br>AND LOW | Kent R. Robison<br>Stefanie T. Sharp | 71 WASHINGTON STREET<br>RENO, NV 89503 | MORTGAGE<br>OPERATIONS |
| ROGERS TOWNSEND<br>& THOMAS PC | T. McRoy Shelley<br>Michael Graham | 220 EXECUTIVE CENTER<br>DRIVE<br>SUITE 109<br>COLUMBIA, SC 29210 | LITIGATION |
| ROSENBERG MARTIN<br>GREENBERG LLP | Gerard J. Gaeng | Gerard J. Gaeng<br>25 S CHARLES STREET<br>SUITE 2115<br>BALTIMORE, MD 21201 | LITIGATION |
| ROUSE HENDRICKS<br>GERMAN & MAY PC | Charles German<br>Phillip Greenfield | 1201 WALNUT, STE 2000<br>KANSAS CITY, MO 64106 | LITIGATION |
| ROUTH CRABTREE<br>OLSEN | Lance E. Olsen | 3535 FACTORIA BLVD.<br>SUITE 200<br>BELLEVUE, WA 98006 | LITIGATION;<br>MORTGAGE<br>OPERATIONS |
| RUDEN MCCLOSKY<br>Now Greenspoon Marder | Linda Winston<br>Michael Marder | 200 EAST BROWARD BLVD.<br>FORT LAUDERDALE, FL 33301 | COMMERCIAL<br>FINANCE;<br>MORTGAGE<br>OPERATIONS;<br>LITIGATION |
| RYLEY CARLOCK &<br>APPLEWHITE | Kara Ricupero | ONE NORTH CENTRAL AVE.<br>STE 1200<br>PHOENIX, AZ 85004-4417 | LITIGATION;<br>MORTGAGE<br>OPERATIONS |
| SAIBER | James H. Forte | 18 COLUMBIA TURNPIKE<br>SUITE 200<br>FLORHAM PARK, NJ 07932 | LITIGATION |
| SANDS ANDERSON | Aaron N. Bailey<br>Jeffrey H. Geiger | 1111 E. MAIN STREET<br>RICHMOND, VA 23219 | LITIGATION |

| Firm | Contact | Address | Practice Area |
|---|---|---|---|
| SAUL EWING LLP | Christopher R. Hall | CENTRE SQUARE WEST 1500 MARKET STREET, 38TH FLOOR PHILADELPHIA, PA 19102-2186 | LITIGATION; MORTGAGE OPERATIONS |
| SCHIFF HARDIN LLP | Thomas w. Abendroth | 233 SOUTH WACKER DRIVE, SUITE 6600 CHICAGO, IL 60606-6473 | LITIGATION |
| SCHNEIDERMAN & SHERMAN P.C. | Peter M. Schneiderman | 23938 RESEARCH DRIVE SUITE 300 FARMINGTON HILLS, MI 48335 | LITIGATION |
| SCHULTE ROTH & ZABEL LLP | Robert M. Abrahams | 919 THIRD AVENUE NEW YORK, NY 10022 | MORTGAGE OPERATIONS; LITIGATION |
| SENN VISCIANO CANGES PC | David C. Camp Mark A. Senn | 1801 CALIFORNIA STREET, #4300 DENVER, CO 90202 | COMMERCIAL FINANCE; LITIGATION |
| SETTLEPOU | Brad McClain | 3333 LEE PARKWAY EIGHTH FLOOR DALLAS, TX 75219 | LITIGATION; MORTGAGE OPERATIONS |
| SEYFARTH SHAW LLP | Richard Alfred David J. Rowland | 55 EAST MONROE STREET, STE 4200 CHICAGO, IL 60603 | CORPORATE TREASURY; LITIGATION |
| SHAPIRO & ZIELKE LLP | Lawrence Zielke | 4249 PAYSHERE CIRCLE CHICAGO, IL 60674 | LITIGATION |
| SHELDON MAY & ASSOCIATES PC | Ted Sheldon May | 255 MERRICK ROAD ROCKVILLE CENTRE NEW YORK, NY 11570 | LITIGATION |
| SHEPPARD MULLIN RICHTER HAMPTON LLP | Alan M. Feld | 333 S. HOPE STREET, 48TH FLOOR LOS ANGELES, CA 90071 | COMMERCIAL FINANCE; LITIGATION; MORTGAGE OPERATIONS |
| SHUMAKER WILLIAMS PC | Paul A. Adams | 3425 SIMPSON FERRY RD CAMP HILL, PA 17011 | MORTGAGE OPERATIONS |
| SHUTTS & BOWEN LLP | Frederick O'Malley Bruce Boiko | 1500 MIAMI CENTER, 201 SOUTH BISCAYNE BLVD MIAMI, FL 33131 | LITIGATION |
| SIMMONS PERRINE MOYER BERGMAN PLC | Christine Conover Stephen J. Holtman | 115 THIRD STREET, SUITE 1200 CEDAR RAPIDS, IA 52401 | LITIGATION |
| SINGER TARPLEY & JONES PA | Linda S. Tarpley | 10484 MARTY ST. OVERLAND PARK, KS 66212 | LITIGATION |
| SIROTE & PERMUTT PC | Shaun Ramey Stephen G. Collins | Shaun Ramey Stephen G. Collins PO BOX 55509 BIRMINGHAM, AL 35255-5509 | LITIGATION |
| SMITH DEBNAM NARRON DRAKE SAINTSING & MYERS LLP | W. Thurston Debnam Jr. Byron L. Saintsing | THE LANDMARK CENTER 4601 SIX FORKS ROAD, SUITE 400 RALEIGH, NC 27611-6268 | LITIGATION |

| Firm | Contact | Address | Practice Area |
|------|---------|---------|---------------|
| SMITH GAMBRELL & RUSSELL LLP | Brian P. Hall | 1230 PEACHTREE STREET SUITE 3100 PROMENDADE II ATLANTA, GA 30309 | LITIGATION |
| SMITH MOORE LEATHERWOOD LLP | Matthew S. Moore III Michael J. Giese | 1180 WEST PEACHTREE STREET SUITE 2300 ATLANTA, GA 30309 | LITIGATION |
| SNELL & WILMER LLP | Joseph G. Adams Gregory J. Marshall | 400 E VAN BUREN ST. PHOENIX, AZ 85004 | LITIGATION |
| SNOW CHRISTENSEN & MARTINEAU | Tammy B. Georgelas | 10 EXCHANGE PLACE 11TH FLOOR P.O. BOX 45000 SALT LAKE CITY, UT 84145 | LITIGATION |
| SONNENSCHEIN NATH & ROSENTHAL LLP | Jana Cohen Barbe Karen J. Pettapiece | 233 S. WACKER DRIVE SUITE 7800 CHICAGO, IL 60606 | CORPORATE TREASURY |
| SOUTH & ASSOCIATES PC | Stephanie Mendehall Geoffrey Sawyer | Stephanie Mendehall Geoffrey Sawyer 6363 COLLEGE BLVD. STE. 100 OVERLAND PARK, KS 66211 | LITIGATION |
| SQUIRE SANDERS (US) LLP | David S. Goodman | 1500 W. 3RD STREET, SUITE 450 CLEVELAND, OH 44113 | MORTGAGE OPERATIONS |
| SULLOWAY & HOLLIS PLLC | James O. Barney Thomas W. Brightman | 9 CAPITOL STREET PO BOX 1256 CONCORD, NH 03302-1256 | LITIGATION |
| SUSAN C LITTLE & ASSOCIATES, P.A. | Susan C. Little | 4501 INDIAN SCHOOL ROAD, NE SUITE 101 ALBUQUERQUE, NM 87110 | MORTGAGE OPERATIONS |
| SUSSMAN SHANK LLP | William G. Fig | 1000 SW BROADWAY, STE 1400 PORTLAND, OR 97205 | LITIGATION; MORTGAGE OPERATIONS |
| THE CAREY LAW GROUP LLC | Patrick T. Carey | 11528 W. 183RD STREET, ORLAND PARK, 60467 | LITIGATION |
| THE GOODMAN LAW GROUP | Cameron H. Maxine Goodman | PO BOX 2843 FARMINGTON HILLS, MI 48333-2843 | CORPORATE SERVICES; LITIGATION; MORTGAGE OPERATIONS |
| THE RYAN LAW FIRM | Connie Ryan Noah Green | 1100 N. TUNSTIN AVENUE SUITE 200 ANAHEIM, CA 92807 | LITIGATION |
| THOMPSON & MCMULLAN PC | Dewey B. Morris | 100 SHOCKOE SLIP RICHMOND, VA 23219-4140 | LITIGATION |
| THOMPSON GOODIS THOMPSON GROSECLOSE RICHARDSON MILLER PA | Jeffery M. Goodis James B. Thompson | P.O. BOX 90 ST. PETERSBURG, FL 33731 | LITIGATION |

| Firm | Contact | Address | Practice Area |
|------|---------|---------|---------------|
| THOMPSON HINE LLP | John F. Isbell<br>Garrett Nail | JOHN F. ISBELL<br>GARRETT NAIL<br>TWO ALLIANCE CENTER<br>3560 LENOX ROAD, SUITE 1600<br>ATLANTA, GA  30326 | LITIGATION |
| TROUTMAN SANDERS LLP | John C. Lynch | P.O. BOX 933652<br>ATLANTA, GA 31193-3652 | LITIGATION;<br>MORTGAGE OPERATIONS |
| VANCOTT BAGLEY CORNWALL & MCCARTHY | Thomas T. Billings | 36 SOUTH STATE STREET;<br>STE 1900<br>PO BOX 45340<br>SALT LAKE CITY, UT 84145 | CORPORATE TREASURY;<br>LITIGATION;<br>MORTGAGE OPERATIONS |
| VEDDER PRICE PC | Thomas E. Schnur | 222 N. LA SALLE STREET<br>CHICAGO, IL 60601 | LITIGATION |
| WARNER NORCROSS & JUDD LLP | Douglas E. Wagner<br>Rodney D. Martin | 900 FIFTH THIRD CENTER<br>111 LYON STREET, NW<br>GRAND RAPIDS, MI 49503 | COMMERCIAL FINANCE;<br>LITIGATION |
| WEIL GOTSHAL & MANGES LLP | Craig W. Adas<br>Bruce Colbath | 767 FIFTH AVENUE<br>NEW YORK, NY 10153 | MORTGAGE OPERATIONS |
| WEIR & PARTNERS LLP | Walter Weir, Jr. | THE WIDENER BUILDING<br>1339 CHESTNUT STREET, STE 500<br>PHILADELPHIA, PA 19107 | LITIGATION |
| WEISSMAN, NOWACK, CURRY & WILCO PC | Frank O. Brown<br>Seth Weissman | 3500 LENOX RD 4TH FLOOR<br>ALTANTA, GA 30326 | LITIGATION |
| WELTMAN WEINBERG AND REIS CO LPA | Rosemary Taft-Milby | 323 W. LAKESIDE AVENUE<br>CLEVELAND, OH 44113 | LITIGATION |
| WHITEHOUSE LAW OFFICE PLLC | Daniel D. Whitehouse | 3370 C ANNAPOLIS LANE<br>PLYMOUTH, MN 55447 | MORTGAGE OPERATIONS |
| WILFORD & GESKE | Eric D. Cook | 8425 SEASONS PKWY<br>STE 105<br>WOODBURY, MN 55125 | LITIGATION |
| WILLIAMS & ANDERSON | Philip S. Anderson | TWENTY-SECOND FLOOR<br>111 CENTER STREET<br>LITTLE ROCK, AR 72201 | LITIGATION |
| WILSON AND ASSOCIATES, P.A. | Robert M. Wilson, Jr. | 1521 MERRILL DRIVE<br>SUITE D-220<br>LITTLE ROCK, AR 72211 | LITIGATION |
| WOLFE & WYMAN LLP | Stuart Wolfe<br>Samuel A. Wyman | STUART WOLFE<br>980 KELLY JOHNSON DRIVE, SUITE 140<br>LAS VEGAS, NV  89119<br><br>2301 DUPONT DRIVE<br>SUITE 300<br>IRVINE, CA 92612-7531 | LITIGATION;<br>MORTGAGE OPERATIONS |
| WOLFF ARDIS PC | Mary Lee Wolff | 5810 SHELBY OAKS DRIVE<br>MEMPHIS, TN 38134 | MORTGAGE OPERATIONS;<br>LITIGATION |
| WOMBLE CARLYLE SANDRIDGE & RICE PLLC | Rory Whelehan<br>William F. Womble Jr | ONE WEST FOURTH ST.<br>WINSTON-SALEM, NC 27101 | MORTGAGE OPERATIONS |

| Firm | Contact | Address | Practice Area |
|---|---|---|---|
| WOODEN & MCLAUGHLIN, LLP | James Boyer<br>Robert L. McLaughlin | James Boyer<br>Robert L. McLaughlin<br>211 NORTH PENNSYLVANIA<br>SUITE 1800<br>INDIANAPOLIS, IN 46204-4208 | LITIGATION |
| WRIGHT FINLAY & ZAK | Robin Perma Wright | Robin Perma Wright 4665<br>MACARTHUR COURT<br>SUITE 280<br>NEWPORT BEACH, CA 92660 | LITIGATION |
| WRIGHT LINDSEY & JENNINGS | Charles T. Coleman | Charles T. Coleman<br>200 WEST CAPITOL AVENUE<br>SUITE 2300<br>LITTLE ROCK, AR 72201 | LITIGATION |
| ZAUSMER KAUFMAN AUGUST CALDWELL & TAYLER PC | Mark Zausmer<br>Gary Aust | 31700 MIDDLEBELT<br>SUITE 150<br>FARMINGTON HILLS, MI 48334 | MORTGAGE OPERATIONS;<br>LITIGATION |
| ZEICHNER ELLMAN & KRAUSE | Jantra Van Roy | Jantra Van Roy<br>575 LEXINGTON AVENUE<br>NEW YORK, NY 10022 | LITIGATION |
| ZUCKER GOLDBERG & ACKERMAN LLC | Steven Krol<br>Michael Ackerman | Steven Krol<br>Michael Ackerman<br>200 SHEFFIELD STREET<br>SUITE 301<br>MOUNTAINSIDE, NJ 07092 | LITIGATION |

In re Residential Capital, LLC, et al.
Chapter 11 Case No. 12-12020 (MG)


Title: _____

# **EXHIBIT 4**

**Form of Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------- )
In re:                                                      )       Case No. 12-12020 (MG)
                                                            )
RESIDENTIAL CAPITAL, LLC, <u>et</u> <u>al</u>.,            )       Chapter 11
                                                            )
                                          Debtors.          )       Jointly Administered
------------------------------------------------------------------------- )

<u>**AFFIDAVIT OF DISINTERESTEDNESS**</u>

STATE OF [_____]      )
                             ) ss:
COUNTY OF [_____]  )

       **[Affiant]**, being duly sworn, upon his/her oath, deposes and says:

       1.    I am a **[position]** of **[Firm]**, located at **[Street, City, State Zip Code]** (the "<u>Firm</u>").

       2.    The above-captioned debtors and debtors-in-possession (each a "<u>Debtor</u>" and collectively the "<u>Debtors</u>,") have requested that the Firm provide legal services to the Debtors, and the Firm has consented to provide such services.

       3.    The Firm may have performed services in the past, may currently perform services, and may perform services in the future, in matters unrelated to the above-captioned cases (the "<u>Chapter 11 Cases</u>"), for persons that are parties-in-interest in the Debtors' Chapter 11 Cases.  The Firm does not perform services for any such person in connection with these Chapter 11 Cases, or have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates.

1

4.    As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these Chapter 11 Cases,

5.    Neither I nor **[any principal, partner, director, officer, etc.]** of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Firm.

6.    Neither I nor **[any principal, partner, director, officer, etc.]** of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which this Firm is to be employed.

7.    The Debtors owe the Firm **[$___]** for prepetition services, the payment of which is subject to limitations contained in the United States Bankruptcy Code, 11 U.S.C. § 101, <u>et</u> <u>seq</u>.

8.    As of the Petition Date, the Firm **[was/was not]** party to an agreement for indemnification with certain of the Debtors.  **[A copy of such agreement is attached as <u>Exhibit A</u> to this Affidavit]**.

9.    The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

is true and correct.

Executed on , 201_

_____

**[AFFIANT]**

Sworn to and subscribed before me
this _____ day of _____, 201_

_____

Notary Public

## **EXHIBIT 5**

**Form of Questionnaire**

*In re Residential Capital, LLC*, et al.
Chapter 11 Case No. 12-12020 (MG)

## RETENTION QUESTIONNAIRE[1]

TO BE COMPLETED BY PROFESSIONALS EMPLOYED BY RESIDENTIAL CAPITAL, LLC, et al. (the "Debtors")

THIS QUESIONNAIRE WILL BE FILED WITH THE COURT ON YOUR BEHALF. PLEASE REMIT IT TO THE FOLLOWING ADDRESS:

> Morrison & Foerster LLP
> 1290 Avenue of the Americas
> New York, New York 10104
> Attn:  Norman S. Rosenbaum and Jordan A. Wishnew

All questions **must** be answered.  Please use "none," "not applicable," or "N/A," as appropriate. If more space is needed, please complete on a separate page and attach.

1.    Name and address of firm:

_____

_____

_____

_____

2.    Date of original retention: _____

3.    Brief description of legal services to be provided:

_____

_____

_____

_____

---

[1]    All amounts are either owing in U.S. Dollars or have been converted to U.S. Dollars based upon the applicable exchange rate in effect on the Petition Date.

ny-1011945

4.      Arrangements for compensation (hourly, contingent, etc.)

(a) Average hourly rate (if applicable): _____

(b) Estimated average monthly compensation (based on prepetition retention if
     firm was employed prepetition):

_____

5.      Prepetition claims against any of the Debtors held by the firm:

Amount of claim: _____

Date claim arose: _____

Source of claim: _____

6.      Prepetition claims against any of the Debtors held individually by any member,
        associate, or professional employee of the firm:

Name: _____

Status: _____

Amount of Claim: _____

Date claim arose: _____

Source of Claim: _____

_____

_____

_____

7.      Stock of any of the Debtors currently held by the firm:

Kind of shares: _____

No. of shares: _____

6

8.      Stock of any of the Debtors currently held individually by any member, associate, or professional employee of the firm:

        Name: _____

        Status: _____

                 _____

        Kind of shares: _____

        No. of shares: _____

9.      Disclose the nature and provide a brief description of any interest adverse to the Debtors or to their estates with respect to the matters on which the above-named firm is to be employed.

        _____

        _____

        _____

                                        Name: _____

                                        Title: _____

7