**Hearing Date and Time: July 13, 2012 at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: July 6, 2012 at 4:00 p.m. (prevailing Eastern Time)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:     (212) 468-8000
Facsimile:     (212) 468-7900
Larren M. Nashelsky
Gary S. Lee
Lorenzo Marinuzzi

*Proposed Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------- | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| ------------------------------------------------- | ) | |

**DEBTORS' APPLICATION UNDER SECTIONS 327(a) AND 328(a) OF THE**
**BANKRUPTCY CODE, BANKRUPTCY RULE 2014(a) AND LOCAL RULE 2014-1 FOR**
**AUTHORIZATION TO EMPLOY AND RETAIN FTI CONSULTING, INC.**
**AS FINANCIAL ADVISOR *NUNC PRO TUNC* TO MAY 14, 2012**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

The debtors and debtors in possession in the above-captioned cases (collectively,

the "Debtors"),[1] hereby apply (the "Application")[2] for entry of an order under sections 327(a)

and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local

---

[1]    The names of the Debtors in these cases and their respective tax identification numbers are identified on <u>Exhibit 1</u> to the Whitlinger Affidavit (defined below).

[2]    Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases or the relief requested in this Application may refer to http://www.kccllc.net/rescap for additional information.

Rules for the Bankruptcy Court for the Southern District of New York (the "Local Rules"),

authorizing the employment and retention of the consulting firm of FTI Consulting, Inc., together

with its wholly owned subsidiaries, agents, independent contractors, and employees (collectively

"FTI"), as financial advisor for the Debtors *nunc pro tunc* to May 14, 2012.  In support of the

Application, the Debtors rely upon and incorporate by reference the Affidavit of William J.

Nolan in Support of the Debtors' Application for an Order Authorizing Employment and

Retention of FTI Consulting, Inc., dated as of June 27**,** 2012 (the "Nolan Affidavit"), a copy of

which is attached hereto as <u>Exhibit 2</u>.  In further support of the Application, the Debtors

respectfully represent:

## JURISDICTION

1.      This Court has jurisdiction to consider this Application under 28 U.S.C. §§

157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and

this Application in this district is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory

predicates for the relief requested herein are Bankruptcy Code sections 327(a) and 328(a) as

supplemented by Bankruptcy Rule 2014 and Local Rule 2014-1.

## BACKGROUND

2.      On May 14, 2012 (the "Petition Date"), each of the Debtors filed a

voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code.  The Debtors

are managing and operating their businesses as debtors in possession pursuant to Bankruptcy

Code sections 1107(a) and 1108.  These cases are being jointly administered pursuant to

Bankruptcy Rule 1015(b).  No trustee has been appointed in these Chapter 11 cases; however,

the Court has directed that an examiner be appointed.

ny-1011932

3.      On May 16, 2012, the United States Trustee for the Southern District of

New York (the "U.S. Trustee") appointed a nine member official committee of unsecured

creditors (the "Creditors' Committee").

4.      The Debtors are a leading residential real estate finance company

indirectly owned by Ally Financial Inc., which is not a Debtor.  The Debtors and their non-

debtor affiliates operate the fifth largest mortgage servicing business and the tenth largest

mortgage origination business in the United States.  A more detailed description of the Debtors,

including their business operations, their capital and debt structure, and the events leading to the

filing of these bankruptcy cases, is set forth in the Affidavit of James Whitlinger, Chief Financial

Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings

(the "Whitlinger Affidavit").

<strong>RELIEF REQUESTED</strong>

5.      By this Application, the Debtors seek to employ and retain FTI pursuant to

section 327(a) of the Bankruptcy Code to perform financial advisory services for the Debtors in

these Chapter 11 cases, *nunc pro tunc* to the Petition Date.  In addition, under Bankruptcy Code

section 328(a), a debtor in possession may, with the Court's approval, employ a professional "on

any reasonable terms and conditions of employment, including on a retainer, on an hourly basis,

on a fixed or percentage fee basis, or on a contingent fee basis."  11 U.S.C. § 328(a).

**I.      FTI's Qualifications**

6.      By this Application, and pursuant to Bankruptcy Code sections 327 and

328(a) as well as Bankruptcy Rule 2014 and Local Rule 2014-1, the Debtors request that FTI be

employed according to the terms more fully set forth in the engagement letter and the attached

Standard Terms and Conditions (collectively, the "Engagement Agreement") between FTI and

the Debtors dated August 25, 2011, which is attached hereto as <u>Exhibit 5</u>, and the Addendum to

the Engagement Agreement between FTI and the Debtors dated June 26, 2012, (the

"Addendum"), which is attached hereto as <u>Exhibit 6</u>.

       7.     The Debtors are familiar with the professional standing and reputation of

FTI.  The Debtors understand that FTI has a wealth of experience in providing financial advisory

services in restructurings and reorganizations and enjoys an excellent reputation for services it

has rendered in large and complex Chapter 11 cases on behalf of debtors and creditors

throughout the United States.

       8.     On March 30, 2007, FTI was first engaged to provide financial advisory

services to the Debtors and has been periodically re-engaged by the Debtors since that time.

During this time, FTI has developed a great deal of institutional knowledge regarding the

Debtors' operations, finance and systems.  Such experience and knowledge will be valuable to

the Debtors in their efforts to reorganize.  Accordingly, the Debtors wish to retain FTI to provide

assistance during these cases.

       9.     The services of FTI are deemed necessary to enable the Debtors to

maximize the value of their estates and to reorganize successfully.  Further, FTI is well qualified

and able to represent the Debtors in a cost-effective, efficient and timely manner.

## II.    Scope Of Services To Be Provided By FTI

      10.     FTI will provide such financial advisory services as FTI and the Debtors

deem appropriate and feasible in order to advise the Debtors in the course of these Chapter 11

cases, including but not limited to the following:

        (a)    Assist with the preparation of financial related disclosures required
by the Court, including the Schedules of Assets and Liabilities, the
Statement of Financial Affairs and Monthly Operating Reports;

        (b)    Assist the Debtors with certain aspects of claims management and
resolution, specifically (i) the development of a claims
management database based on the schedules of liabilities
(schedules D, E and F), and (ii) the analysis of creditor claims and

4

assistance with claims management and resolution efforts;

(c)    Advise the Debtors on specific accounting matters related to the bankruptcy filing and as required by SOP 90-7, including quantification and categorization of liabilities and fresh start accounting;

(d)    Assist with the identification and implementation of short-term cash management procedures;

(e)    Advise and assist with the development and implementation of key employee retention and other critical employee benefit programs;

(f)    Assist with and advise the Debtors with respect to the identification of core business assets and the disposition of assets or liquidation of unprofitable operations;

(g)    Assist with the identification of executory contracts and leases and performance of cost/benefit evaluations with respect to the affirmation or rejection of each;

(h)    Assist with the valuation of the present level of operations and identification of areas of potential cost savings, including overhead and operating expense reductions and efficiency improvements;

(i)    Assistance in the preparation of financial information for distribution to creditors and others, including, but not limited to, cash flow projections and budgets, cash receipts and disbursement analysis, analysis of various asset and liability accounts, and analysis of proposed transactions for which Court approval is sought;

(j)    Attend meetings and assist in discussions with potential investors, banks and other secured lenders, any official committee appointed in these Chapter 11 cases, the U.S. Trustee, other parties in interest and professionals hired by the same, as requested;

(k)    Assist in the preparation of information and analysis necessary for the confirmation of a plan in these Chapter 11 proceedings;

(l)    Assist in the evaluation and analysis of avoidance actions, including fraudulent conveyances and preferential transfers; and

(m)    Render such other general business consulting or such other assistance as Debtors' management or counsel may deem necessary that are consistent with the role of a financial advisor and not duplicative of services provided by other professionals in these proceedings.

11.     Contemporaneously with the filing of this Application, the Debtors have also filed an application for authority to retain Centerview Partners LLC ("Centerview"), to provide certain other financial advisory and investment banking services to the Debtors.  The services that Centerview is to provide to the Debtors are separate and distinct from the financial advisory services that FTI will be providing to the Debtors.  In order to ensure that there is no unnecessary duplication of services by either firm during the pendency of these Chapter 11 cases, FTI and Centerview will coordinate on the services they are providing to the Debtors. Moreover, FTI notes that its proposed fee structure for the financial advisory services that it will be providing to the Debtors was reduced to account for the financial advisory services that are being provided by Centerview.  To perform these services in a cost-effective manner, FTI will work with other professionals retained in these cases so as to avoid duplicating work or creating unnecessary work.  The Debtors are seeking to retain Centerview to provide financial advisory services complementary to those provided by FTI.  Representatives of FTI, Centerview and Debtors' Counsel have already met to address an appropriate and efficient division of responsibilities.  Furthermore, Centerview and FTI have been working together in an efficient and coordinated manner for over nine months and have developed a well defined and efficient division of responsibilities.

12.     It is currently contemplated that FTI will be principally responsible for providing to the Debtors, amongst other matters, financial analyses as to liquidity, cash forecasting and management, budgeting, compliance with statutory and other reporting requirements, operational elements of the Debtors' planned sale and plan of reorganization, as well as tax-related advice and claims analysis.  Centerview will be primarily responsible for advising the Debtors as investment bankers and accordingly, will primarily be responsible for providing analyses and advice on, amongst other matters, the financial, transactional and

6

strategic elements of the Debtors' proposed sale, debtor in possession financing and plan of reorganization.  While both FTI and Centerview recognize that it is difficult to predict how these complex cases will proceed, they will coordinate all of their services to the Debtors in order to minimize any duplication of services and any potential burden on the Debtors and their professional advisors.

## III.    FTI's Disinterestedness

13.    In connection with the preparation of the Nolan Affidavit, FTI conducted a review of its contacts with the Debtors, their affiliates and certain entities holding large claims against or interest in the Debtors that were made reasonably known to FTI.  A listing of the parties reviewed by FTI is attached hereto as Exhibit 3.  Based on the results of its review, and as discussed in greater detail in the Nolan Affidavit, FTI does not have a relationship with any of the parties on Exhibit 3 in matters related to these proceedings; however, FTI has provided and could reasonably be expected to continue to provide services unrelated to the Debtors' cases for the various entities shown on Exhibit 4 hereto.

14.    The Nolan Affidavit filed in support of this Application contains information available to date on FTI's connections with other parties-in-interest, as required by Bankruptcy Rule 2014(a).  FTI has informed the Debtors that, except as may be set forth in the Nolan Affidavit, the directors, consultants and employees (a) do not have any connection with the Debtors, their affiliates, their creditors, or any other parties-in-interest, or their respective attorneys, accountants, the United States Trustee for Region 2 or any person employed in the office of the same, or any judge in the United States Bankruptcy Court for the Southern District of New York or any person employed in the office of the same, (b) are "disinterested persons," as that term is defined in the Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b), and (c) do not hold or represent any interest adverse to the estates.

15.     Except as may be set forth in the Nolan Affidavit, a copy of which is attached hereto as Exhibit 2, FTI: (a) has no connection with the Debtors, its creditors or other parties in interest in these cases; (b) does not hold any interest adverse to the Debtors' estates; and (c) believes it is a "disinterested person" as defined within section 101(14) of the Bankruptcy Code.

16.     FTI will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new material facts or relationships are discovered or arise, FTI will supplement its disclosure to the Court.

17.     FTI has agreed not to share with any person or firm the compensation to be paid for professional services rendered in connection with these cases.

## IV.    Terms of FTI's Retention

18.     FTI is not owed any amounts with respect to its prepetition fees and expenses.

19.     The Debtors understand that FTI intends to apply to the Court for allowances of compensation and reimbursement of expenses for financial advisory support services in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, corresponding local rules, orders of this Court and guidelines established by the U.S. Trustee. Subject to Court approval and in accordance with the reasonableness standard provided for in Bankruptcy Code sections 328(a) and the United States Trustee Fee Guidelines, FTI will seek payment for compensation of a monthly fixed fee of $1,750,000 per month until the later of March 31, 2013 or the sale of substantially all of the assets of the Debtors. After this time, FTI will seek payment for compensation of a monthly fixed fee of $1,250,000 until the Effective Date of the Chapter 11 Plan of Reorganization or Liquidation (together with the monthly fixed fee of $1,750,000, the "Monthly Fixed Fee"), plus reimbursement of actual and necessary

8

expenses incurred by FTI, including legal fees related to this retention application and future fee applications as approved by the court.  In addition to the Monthly Fixed Fee, FTI will seek a completion fee of $4,300,000 (the "Completion Fee"), which will be considered earned and payable subject to Bankruptcy Court approval, upon the earliest occurrence of the following: (a) confirmation of Chapter 11 plan of reorganization or liquidation; or (b) the sale of substantially all of the Debtors' assets; or (c) upon the Termination Date as described in the Addendum to the Engagement Agreement.  FTI reserves the right to assert that the Completion Fee is earned and payable upon conversion of the Chapter 11 cases to Chapter 7 cases.

20.    It should be noted, that the Monthly Fixed Fee does not reflect fees associated with extensive litigation, contested matters and related expert testimony requirements as these issues are unpredictable and, at least in part, out of the control of the Debtors and FTI. Should FTI be required to support the Debtors in litigation and/or contested matters, as a testifying expert, consulting expert or otherwise, FTI reserves the right to request additional compensation for such services on an hourly basis and a separate Retention Application for these services will submitted to the Court at that time.  Similarly, although the Monthly Fixed Fee reflects ongoing and routine tax advisory services related to the bankruptcy and restructuring, it does not reflect extensive tax analyses or preparation of tax returns or defense thereof.  Should these services be required, FTI reserves the right to request additional compensation for such services on an hourly basis and a separate Retention Application for these services will be submitted to the Court at that time.

21.    The Debtors acknowledge that (a) FTI's general restructuring experience and expertise will inure to the benefit of the estates in pursuing any restructuring, (b) the value to the estates of FTI's services hereunder derives in substantial part from that expertise and

9

experience, and (c) accordingly, the structure and amount of the Monthly Fixed Fee and Completion Fee is reasonable.

22.    The Debtors also submit that the fee structure has been agreed upon by the parties in anticipation that (a) a substantial commitment of professional time and effort will be required of FTI, (b) such commitment may foreclose other opportunities for FTI and (c) the actual time and commitment required of FTI and its professionals may vary from week to week or month to month, creating "peak load" issues for the firm.

23.    Prior to the Petition Date, FTI received retainers totaling $1,350,000 (the "Retainer"). By this Application, FTI seeks authority to apply the Retainer against fees and expenses for prepetition services unpaid as of the Petition Date. The Debtors have agreed that the Retainer was earned upon receipt. FTI will apply the remaining amount of its prepetition Retainer as a credit towards postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to the procedures established by the Court for awarding fees and expenses to professionals during the Chapter 11 cases.

24.    The Debtors' prepetition Engagement Agreement with FTI is attached hereto as Exhibit 5. Sections 6.1 and 6.2 of the Standard Terms and Conditions attached to the engagement letter address indemnification and limitations on liability (the "Indemnification Provisions"). During the pendency of the Debtors' Chapter 11 cases, the Indemnification Provisions in the Engagement Agreement are subject to the following:

(a)    Subject to the provisions of subparagraph (b), infra, the Debtors are authorized to indemnify, and shall indemnify, FTI in accordance with the Engagement Agreement for any claim arising from, related to or in connection with the services provided for, whether prepetition or postpetition, in the Engagement Agreement;

(b)    Notwithstanding any provisions of the Engagement Agreement to the contrary, the Debtors shall have no obligation to indemnify FTI or provide contribution or reimbursement to FTI for any claim or expense that is either (i) judicially determined to have resulted

10

primarily from the willful misconduct, gross negligence, bad faith or self-dealing of FTI, or (ii) settled prior to a judicial determination as to FTI's willful misconduct, gross negligence, bad faith or self-dealing, but determined by the Court, after notice and a hearing pursuant to subparagraph (c), infra, to be a claim or expense for which FTI should not receive indemnity, contribution or reimbursement under the terms of the Engagement Agreement; and

(c)   If, before the earlier of (i) the entry of an order confirming a Chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these Chapter 11 cases, FTI believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Agreement, including without limitation the advancement of defense costs, FTI must file an application therefore in this Court, and the Debtors may not pay any such amounts to FTI before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time during which the Court shall have jurisdiction over any request for indemnification, contribution or reimbursement by FTI and is not a provision limiting the duration of the Debtors' obligation to indemnify FTI.

## V.   Dispute Resolution Provisions

25.   The Debtors and FTI have agreed, subject to the Court's approval of this Application, that:

(a)   any controversy or claim with respect to, in connection with, arising out of, or in any way related to this Application or the services provided by FTI to the Debtors as outlined in this Application, including any matter involving a successor in interest or agent of any of the Debtors or of FTI, shall be brought in the Bankruptcy Court or the District Court for the Southern District of New York (if the reference is withdrawn);

(b)   FTI and the Debtors and any and all successors and assigns thereof, consent to the jurisdiction and venue of such court as the sole and exclusive forum (unless such court does not have or retain jurisdiction over such claims or controversies) for the resolution of such claims, causes of actions or lawsuits;

(c)   FTI and the Debtors, and any and all successors and assigns thereof, waive trial by jury, such waiver being informed and freely made;

ny-1011932

(d)    if the Bankruptcy Court, or the District Court (if the reference is withdrawn), does not have or retain jurisdiction over the foregoing claims and controversies, FTI and the Debtors, and any and all successors and assigns thereof, will submit first to non-binding mediation; and, if mediation is not successful, then to binding arbitration, in accordance with the dispute resolution procedures set forth in Exhibit 7 to this Application; and

(e)    judgment on any arbitration award may be entered in any court having proper jurisdiction.

26.    By this Application, the Debtors seek approval of this agreement by the Court.  Further, FTI has agreed not to raise or assert any defense based upon jurisdiction, venue, abstention or otherwise to the jurisdiction and venue of the Bankruptcy Court or the District Court for the Southern District of New York (if the reference is withdrawn) to hear or determine any controversy or claims with respect to, in connection with, arising out of, or in any way related to this Application or the services provided hereunder.

## NOTICE

27.    Notice of this Application will be given to the following parties, or in lieu thereof, to their counsel:  (a) the Office of the United States Trustee for the Southern District of New York; (b) the Office of the United States Attorney General; (c) the Office of the New York Attorney General; (d) the Office of the United States Attorney for the Southern District of New York; (e) the Internal Revenue Service; (f) the Securities and Exchange Commission; (g) each of the Debtors' prepetition lenders, or their agents, if applicable; (h) each of the indenture trustees for the Debtors' outstanding notes issuances; (i) Ally Financial Inc.; (j) Barclays Bank PLC, as administrative agent for the lenders under the debtor in possession financing facility; (k) Nationstar Mortgage LLC and its counsel; (l) the Creditors' Committee; and (m) all parties requesting notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court (i) enter an order

substantially in the form attached hereto as <u>Exhibit 1</u> granting the relief requested in the

Application; and (ii) grant such other and further relief to the Debtors as the Court may deem just

and proper.

Dated:  June 27, 2012

RESIDENTIAL CAPITAL, LLC,
on behalf of itself and each of its Debtor
subsidiaries


By: _/s/_ James Whitlinger_____
     Name:  James Whitlinger
     Title:  Chief Financial Officer

## EXHIBIT 1

## Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------

|                                    |     |                          |
|------------------------------------|-----|--------------------------|
|                                    | )   |                          |
| In re:                             | )   | Case No. 12-12020 (MG)   |
|                                    | )   |                          |
| RESIDENTIAL CAPITAL, LLC, et al.,  | )   | Chapter 11               |
|                                    | )   |                          |
|                      Debtors.      | )   | Jointly Administered     |
|                                    | )   |                          |

------------------------------------------------------------------

**ORDER UNDER SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE,
BANKRUPTCY RULE 2014(a) AND LOCAL RULE 2014-1 AUTHORIZING THE
EMPLOYMENT AND RETENTION OF FTI CONSULTING, INC. AS FINANCIAL
ADVISOR _NUNC PRO TUNC_ TO MAY 14, 2012**

Upon the application (the "Application")[1] of the Debtors for entry of an order, under

Bankruptcy Code sections 327(a) and 328(a), Bankruptcy Rule 2014, and Local Rule 2014-1,

authorizing the employment of FTI Consulting, Inc., together with its wholly owned subsidiaries,

agents, and independent contractors ("FTI") as financial advisors for the Debtors _nunc pro tunc_

to May 14, 2012; and upon the Nolan Affidavit; and it appearing that this Court has jurisdiction

to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue

of these Chapter 11 cases and the Application in this district is proper pursuant to 28 U.S.C. §§

1408 and 1409; and it appearing that this proceeding on the Application is a core proceeding

pursuant to 28 U.S.C. § 157(b); and sufficient notice of the Application having been given under

the particular circumstances; and it appearing that no other or further notice need be provided;

and it appearing that FTI neither holds nor represents any interest adverse to the Debtors' estates;

and it appearing that FTI is "disinterested," as that term is defined in Bankruptcy Code section

101(14); and it appearing that the relief requested by the Application is in the best interests of the

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the
Application.  Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11
cases or the relief granted herein may refer to http://www.kccllc.net/rescap for additional information.

Debtors' estates, their creditors, and other parties in interest; and after due deliberation thereon; and after the Court finding that such relief is not duplicative of the retention and services provided by any other professionals retained in this matter; and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Application is GRANTED as set forth herein.

2.      In accordance with Bankruptcy Code sections 327(a) and 328(a), Bankruptcy Rule 2014 and Local Rule 2014-1, the Debtors are authorized to employ and retain FTI as their financial advisor in accordance with the terms and conditions set forth in the Application, the Engagement Agreement, the Addendum and the Indemnification Provisions, as modified by this Order, effective *nunc pro tunc* to the Petition Date.

3.      FTI shall be compensated and reimbursed in accordance with the terms of the Engagement Agreement and the Addendum, as modified by this Order, and all compensation and reimbursement of expenses to be paid to FTI, including without limitation the Monthly Fixed Fee and the Completion Fee shall be subject to section 328(a) of the Bankruptcy Code, except as set forth herein.

4.      FTI shall file fee applications for interim and final allowance of compensation and reimbursement of expenses pursuant to Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Rules, the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, dated November 25, 2009, the United States Trustee Fee Guidelines and any other orders of the Court.

5.      The U.S. Trustee retains all rights to respond or object to FTI's interim and final applications for compensation and reimbursement of expenses on all grounds including, but not limited to, reasonableness pursuant to section 330 of the Bankruptcy Code; provided further, that

2

in the event the U.S. Trustee objects, the Court retains the right to review the interim and final

applications pursuant to section 330 of the Bankruptcy Code.

6.      None of the fees payable to FTI shall constitute a "bonus" or fee enhancement

under applicable law.

7.      FTI shall apply any remaining amount of its prepetition retainer as a credit toward

postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant

to the procedures established by the Court for awarding fees and expenses to FTI.

8.      FTI shall file with the Court and serve upon the U.S. Trustee and the Creditors'

Committee appointed in these Chapter 11 cases a notice of any increases in the rates set forth in

the Application and/or the Engagement Agreement and/or the Addendum.

9.      All of FTI's personnel who provide services to or on behalf of the Debtors, with

the exception of clerical staff, shall keep contemporaneous records of the services they have

performed in one-half hour increments.

10.     FTI shall not be entitled to the reimbursement of attorney fees and legal expenses

other than in connection with (a) indemnification, as set forth in paragraph 13 below and (b) this

retention application and future fee applications as approved by the court.

11.     The following indemnification provisions are approved:

        (a)     Subject to the provisions of subparagraph (b), infra, the Debtors are

                authorized to indemnify, and shall indemnify, FTI in accordance with the

                Engagement Agreement for any claim arising from, related to or in

                connection with the services provided for, whether prepetition or

                postpetition, in the Engagement Agreement;

        (b)     Notwithstanding any provisions of the Engagement Agreement to the

                contrary, the Debtors shall have no obligation to indemnify FTI or provide

3

contribution or reimbursement to FTI for any claim or expense that is

either (i) judicially determined to have resulted primarily from the willful

misconduct, gross negligence, bad faith or self-dealing of FTI, or (ii)

settled prior to a judicial determination as to FTI's willful misconduct,

gross negligence, bad faith or self-dealing, but determined by the Court,

after notice and a hearing pursuant to subparagraph (c), infra, to be a claim

or expense for which FTI should not receive indemnity, contribution or

reimbursement under the terms of the Engagement Agreement; and

(c)     If, before the earlier of (i) the entry of an order confirming a Chapter 11

plan in these cases (that order having become a final order no longer

subject to appeal), and (ii) the entry of an order closing these Chapter 11

cases, FTI believes that it is entitled to the payment of any amounts by the

Debtors on account of the Debtors' indemnification, contribution and/or

reimbursement obligations under the Engagement Agreement, including

without limitation the advancement of defense costs, FTI must file an

application therefore in this Court, and the Debtors may not pay any such

amounts to FTI before the entry of an order by this Court approving the

payment. This subparagraph (c) is intended only to specify the period of

time during which the Court shall have jurisdiction over any request for

indemnification, contribution or reimbursement by FTI and not a provision

limiting the duration of the Debtors' obligation to indemnify FTI.

12.     All requests by FTI for the payment of indemnification as set forth in the

Engagement Agreement shall be made by means of an application to the Court and shall be

subject to review by the Court to ensure that payment of such indemnity conforms to the terms of

4

the Engagement Agreement and is reasonable under the circumstances of the litigation or

settlement in respect of which indemnity is sought.

13.     In the event that FTI seeks reimbursement from the Debtors for attorneys' fees

and expenses in connection with the payment of an indemnity claim pursuant to the Engagement

Agreement, the invoices and supporting time records from such attorneys shall be included in

FTI's own applications, both interim and final, and such invoices and time records shall be

subject to the United States Trustee's Guidelines for compensation and reimbursement of

expenses and the approval of the Bankruptcy Court pursuant to sections 330 and 331 of the

Bankruptcy Code without regard to whether such attorneys have been retained under section 327

of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section

330(a)(3)(C) of the Bankruptcy Code.

14.     The Debtors are authorized, empowered and directed to take all actions necessary

to implement the relief granted pursuant to this Order.

15.     To the extent this Order is inconsistent with the Engagement Agreement, the

Addendum, Indemnification Provisions or the Application, this Order shall govern.

16.     Notwithstanding anything herein to the contrary, this Order shall not modify or

affect the terms and provisions of, nor the rights and obligations under, (a) the Board of

Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among

AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal

Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment

entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012,

(c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the

Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related

agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

5

ny-1011932

17.     This Court shall retain jurisdiction with respect to all matters relating to the

interpretation or implementation of this Order.

Dated: New York, New York
_____, 2012

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

6

## EXHIBIT 2

## Nolan Affidavit

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------

|   |   |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

------------------------------------------------------------------------

### AFFIDAVIT IN SUPPORT OF THE DEBTORS' APPLICATION FOR AUTHORIZATION TO EMPLOY AND RETAIN FTI CONSULTING, INC. AS FINANCIAL ADVISORS FOR THE DEBTORS

I, William J. Nolan, being duly sworn, hereby deposes and says:

1.        I am a Senior Managing Director with FTI Consulting, Inc., together with its

wholly owned subsidiaries, agents, independent contractors and employees, ("FTI"), an

international consulting firm.  I submit this Affidavit on behalf of FTI (the "Affidavit") in

accordance with sections 327 and 328 of title 11 of the United States Code (the "Bankruptcy

Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and

Rule 2014-1 of the Local Rules for the Bankruptcy Court for the Southern District of New York

(the "Local Rules").  I submit this Affidavit in support of the application (the "Application")[1] of

Residential Capital LLC, et al., the debtors and debtors in possession in the above-captioned

Chapter 11 cases (collectively, the "Debtors"), for authorization to employ and retain FTI as

financial advisors under the terms and conditions set forth in the engagement letter and attached

Standard Terms and Conditions between FTI and the Debtors dated August 25, 2011

(collectively, the "Engagement Agreement") and the Addendum to the Engagement Agreement

---

[1]     Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

ny-1011933

dated June 26, 2012.  Except as otherwise noted,[2] I have personal knowledge of the matters set

forth herein.

## DISINTERESTEDNESS AND ELIGIBILITY

2.      In connection with the preparation of this Affidavit, FTI conducted a review of its

contacts with the Debtors, their affiliates and certain entities holding large claims against or

interests in the Debtors that were made reasonably known to FTI.  A listing of the parties

reviewed is reflected on Exhibit 3 annexed to the Application.  FTI's review, completed under

my supervision, consisted of a query of all such parties within an internal computer database

containing names of individuals and entities that are present or recent former clients of FTI.

3.      Based on the results of its review, FTI does not have a relationship with any of

the parties on Exhibit 3 in matters related to these proceedings.  FTI has provided and could

reasonably be expected to continue to provide services unrelated to the Debtors' cases for the

various entities shown on Exhibit 4 attached to the Application.  FTI's assistance to these parties

has been related to providing various financial restructuring, litigation support and/or

engineering and scientific investigation consulting services.  To the best of my knowledge, no

services have been provided to these parties in interest which involve their rights in the Debtors'

cases, nor does FTI's involvement in these cases compromise its ability to continue such

consulting services.

4.      FTI has had an engagement involving the Debtors, but such engagement will not

impact FTI's ability to provide the services outlined in the Application.  In July 2007, FTI was

---

[2]      Certain of the disclosures herein relate to matters within the personal knowledge of other professionals at FTI
and are based on information provided by them.

2

retained as the Financial Advisor to the Chapter 7 Trustee of Alliance Bancorp.  In connection with the Alliance Bancorp engagement, FTI, among other things, has access to certain Alliance Bancorp financial books and records.  The Chapter 7 Trustee of Alliance Bancorp is currently involved in an adversary proceeding with Residential Funding Corporation (the "RFC Adversary Proceeding") for recovery of prepetition transfers. Due to FTI's previously disclosed relationship with the Debtors, the Alliance Trustee hired an alternative financial advisor to be engaged as an expert in the RFC Adversary proceedings and FTI agreed to work cooperatively with the parties in interest to share files and work product and to work to minimize transition and learning costs. As a consequence, and although FTI's engagement was essentially completed in 2010, from time to time we have been asked to provide and interpret certain accounting information from Alliance Bancorp's books and records, including in connection with the RFC Adversary Proceeding.  The FTI professionals involved in the Alliance Bancorp engagement have not been asked to provide any services on this matter since March 2012.

5.    In addition, FTI is not currently performing any services in connection with the RFC Adversary Proceeding and will not perform services in connection with the RFC Adversary Proceeding during the Debtors' Chapter 11 cases without approval of the Court.  Moreover, no one who is currently working on the Alliance Bancorp matter is working or has worked on the ResCap engagement.  Nevertheless, it should be noted that the affiant, William Nolan, worked on the Alliance Bancorp matter in 2007 and 2008.   After May 2008 and until  March 2011, Mr. Nolan has worked less than 4 hours on this matter and primarily in an administrative capacity. Mr. Nolan has not worked on this matter since March 2011, nor will he in the future, and has not been involved in any way in the RFC Adversary matter.

3

ny-1011933

6.    Further, Ronald F. Greenspan, an FTI Senior Managing Director, is currently serving as the Liquidating Trustee in the bankruptcy estates of People's Choice Home Loan, Inc. ("PCHL"), People's Choice Financial Corporation, and People's Choice Funding, Inc. (the "People's Choice Estates").  Residential Funding Company LLC ("RFC"), a subsidiary of Residential Capital Corporation, filed proofs of claim (the "Claims") in the People's Choice Estates.  As background, on or about March 20, 2007, each of the People's Choice Estates filed a voluntary petition for relief under the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California, Santa Ana Division (the "PC Bankruptcy Court").  On or about August 6, 2008, the PC Bankruptcy Court entered an order confirming the Committee's First Amended Liquidating Plan under Chapter 11 of the Bankruptcy Code (the "PC Plan").  The PC Plan became effective on or about August 12, 2008.  On the effective date of the PC Plan, and subject to the terms and conditions of the PC Plan and Confirmation Order, among other things, the "Liquidating Trust Agreement" for each of the PC Trusts became effective, and the liquidating trustee began to manage and administer the PC Trusts subject to the terms and conditions of the Liquidating Trust Agreements.  Ronald F. Greenspan of FTI Consulting, Inc. is the liquidating trustee.  In addition, FTI is the financial advisor to Ronald F. Greenspan in his capacity as liquidating trustee of the PC Trusts.

7.    The Claims filed by RFC relate to (a) credit obligations of the People's Choice Estates under a warehousing credit agreement between RFC and the People's Choice Estates and (b) loan repurchase obligations pursuant to a mortgage loan purchase and sale agreement between RFC and PCHL.  At this time, the RFC and the People's Choice Estates have agreed upon the amount which will be allowed for all of the claims and counsel is in the process of

4

documenting this settlement, after which Court approval for the settlement will be sought.  RFC continues to participate in the bankruptcy estates as part of a four member liquidation advisory board.

8.      From time to time, FTI has worked on behalf of Ally Commercial Finance, LLC performing due diligence on potential asset based lending borrowers.  These assignments are of a relatively short term nature and are focused on the review of the working capital and cash flow of the potential borrowers.  The FTI professionals involved in these due diligence assignments have not nor will they work on the ResCap matter.

9.      Further, as part of its diverse practice, FTI appears in numerous cases, proceedings and transactions that involve many different professionals, including attorneys, accountants and financial consultants, who may represent claimants and parties-in-interest in the Debtors' Chapter 11 cases.

10.     It is my understanding that Kirkland & Ellis is engaged as counsel to Ally Financial Inc. in connection with these proceedings.  Mr. George P. Stamas, a partner at Kirkland & Ellis, is currently a member of the Board of Directors of FTI.  To the best of my knowledge, Mr. Stamas is in no way involved with the Kirkland & Ellis team in these proceedings, nor does Mr. Stamas have any professional involvement in this matter in any capacity.  Also, FTI has performed in the past, and may perform in the future, advisory consulting services for various attorneys and law firms, and has been represented by several attorneys and law firms, some of whom may be involved in these proceedings.

11.     In addition, FTI has in the past, may currently and will likely in the future be working with or against other professionals involved in these cases in matters unrelated to the

5

ny-1011933

Debtors and these cases.  Based on our current knowledge of the professionals involved, and to

the best of my knowledge, none of these relationships create interests materially adverse to the

Debtors in matters upon which FTI is to be employed, and none are in connection with these

cases.

12.     The Honorable Allan L. Gropper is related to an FTI employee in our forensic and

litigation consulting segment.  This FTI employee is not part of the engagement team and FTI

will institute ethical wall procedures with respect to this FTI employee.

13.     FTI does not believe that it is a "Creditor" with respect to fees and expenses of

any of the Debtors within the meaning of section 101(10) of the Bankruptcy Code.  Further,

neither I nor any other member of the FTI engagement team serving the Debtors, to the best of

my knowledge, is a holder of any outstanding debt or equity instruments.  As such, to the best of

my knowledge, FTI is a "disinterested person" as that term is defined in section 101(14) of the

Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, in that FTI:

(a)     is not a creditor, equity security holder or insider of the Debtors;

(b)     is not and was not an investment banker for any outstanding security of
        the Debtors;

(c)     has not been, within three years before the date of the filing of the
        Debtors' Chapter 11 petitions, (i) an investment banker for a security of
        the Debtors or (ii) an attorney for such an investment banker in connection
        with the offer, sale, or issuance of a security of the Debtors; and

(d)     was not, within two years before the date of filing of the Debtors' Chapter
        11 petitions, a director, officer, or employee of the Debtors or of any
        investment banker as specified in subparagraph (b) or (c) of this
        paragraph.

6

14.     I would note that a current FTI employee, Jerry Lombardo, worked for ResCap's parent company, Ally Financial Inc., from August 2008 through February 2012.  From August 2008 until February 2009, Mr. Lombardo was an Ally Financial Inc. (then GMAC, Inc.) employee acting as the Treasury Executive for ResCap.  In February 2009, Mr. Lombardo became the Global Funding and Liquidity Executive having responsibility for funding and liquidity activities for all Ally Financial Inc. entities including ResCap.  In November 2011, Mr. Lombardo again assumed the role as Treasury Executive for ResCap, continuing on as an Ally Financial Inc. employee.  Mr. Lombardo continued in this position until the time of his departure from Ally Financial Inc. in February 2012.  Prior to his employment with Ally Financial Inc., he was employed by Cerberus Capital Management.

15.     To the best of my knowledge and based upon the results of the relationship search described above and disclosed herein, FTI neither holds nor represents an interest adverse to the Debtors within the meaning of section 327(a) of the Bankruptcy Code.

16.     It is FTI's policy and intent to update and expand its ongoing relationship search for additional parties in interest in an expedient manner.  If any new material relevant facts or relationships are discovered or arise, FTI will promptly file a Bankruptcy Rule 2014(a) supplemental Affidavit.

## PROFESSIONAL COMPENSATION

17.     Subject to Court approval and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the applicable guidelines established by the U.S. Trustee for the Southern District of New York and the Local Rules, FTI will seek payment for compensation of a monthly fixed fee of $1,750,000 per month until the later of March 31, 2013

7

or the sale of substantially all of the assets of the Debtors. After this time, FTI will seek payment for compensation of a monthly fixed fee of $1,250,000 until the Effective Date of the Chapter 11 Plan of Reorganization or Liquidation (together with the monthly fixed fee of $1,750,000, the "Monthly Fixed Fee"), plus reimbursement of actual and necessary expenses incurred by FTI, including legal fees related to this retention application and future fee applications as approved by the court. In addition to the Monthly Fixed Fee, FTI will seek a Completion Fee in the amount of $4,300,000 (the "Completion Fee"). FTI's Monthly Fixed Fee and Completion Fee are further described in the Application for the employment of FTI.

18.    According to FTI's books and records, during the ninety (90) day period prior to the Debtors' petition date, FTI received $7,241,578 from the Debtors for professional services performed and expenses incurred.

19.    Prior to the Petition Date, FTI received retainers totaling $1,350,000 (the "Retainer"). The Debtors have agreed that the Retainer was earned upon receipt. FTI will apply the remaining amount of its prepetition Retainer as a credit towards postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to the procedures established by the Court for awarding fees and expenses to professionals during the Chapter 11 cases.

20.    To the best of my knowledge, (a) no commitments have been made or received by FTI with respect to compensation or payment in connection with these cases other than in accordance with the provisions of the Bankruptcy Code and (b) FTI has no agreement with any other entity to share with such entity any compensation received by FTI in connection with these Chapter 11 cases.

8

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this **27** day of _June_ 2012.

_____

Senior Managing Director

SUBSCRIBED AND SWORN TO BEFORE ME this **27** day of June, 2012

_____
Notary Public

My Commission Expires:

May 4, 2016

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
JENNIFER A. SHANK, Notary Public
Upper Dublin Twp., Montgomery County
My Commission Expires May 4, 2016

## EXHIBIT 3

## Parties-in-Interest Noted for Court Disclosure

**Debtors and Subsidiaries**
Ditech, LLC
DOA Holding Properties, LLC
DOA Properties IX (Lots-Other), LLC
EPRE LLC
Equity Investment I, LLC
ETS of Virginia, Inc.
ETS of Washington, Inc.
Executive Trustee Services LLC
GMAC – RFC Holding Company, LLC
GMAC Model Home Finance I, LLC
GMAC Mortgage USA Corporation
GMAC Mortgage, LLC
GMAC Residential Holding Company, LLC
GMAC RH Settlement Service, LLC
GMACM Borrower LLC
GMACM REO LLC
GMACR Mortgage Products, LLC
HFN REO SUB II, LLC
Home Connects Lending Services, LLC
Homecomings Financial Real Estate Holdings, LLC
Homecomings Financial, LLC
Ladue Associates, Inc.
Passive Asset Transactions, LLC
PATI A, LLC
PATI B, LLC
PATI Real Estate Holdings, LLC
RAHI A, LLC
RAHI B, LLC
RAHI Real Estate Holdings, LLC
RCSFJV2004, LLC
Residential Accredit Loans, Inc.
Residential Asset Mortgage Products, Inc.
Residential Asset Securities Corporation
Residential Capital, LLC
Residential Consumer Services of Alabama, LLC
Residential Consumer Services of Ohio, LLC
Residential Consumer Services of Texas, LLC
Residential Consumer Services, LLC
Residential Funding Company, LLC
Residential Funding Mortgage Exchange, LLC
Residential Funding Mortgage Securities I, Inc.
Residential Funding Mortgage Securities II, Inc.
Residential Funding Real Estate Holdings, LLC
Residential Mortgage Real Estate Holdings, LLC
RFC – GSAP Servicer Advance, LLC
RFC Asset Holdings II, LLC
RFC Asset Management, LLC
RFC Borrower LLC
RFC Construction Funding, LLC
RFC REO LLC
RFC SFJV-2002, LLC

**Foreign Subsidiaries**
Canada Mortgage Acceptance Corporation
Foreign Obligation Exchange, Inc. 2003-H12
Foreign Obligation Exchange, Inc. 2003-H14

Foreign Obligation Exchange, Inc. 2004-H11
Foreign Obligation Export, Inc.
GMAC Financiera S.A. de C.V. Sociedad Financiera
    de Objecto Multiple
GMAC Residential Funding of Canada Limited
GMAC-RFC (No. 2) Limited
GMAC-RFC Auritec, S.A.
GMAC-RFC Direct Limited
GMAC-RFC Espana Hipotecas SL
GMAC-RFC Europe Limited
GMAC-RFC Holdings Limited
GMAC-RFC Property Finance Limited
High Street Home Loans Limited
MCA Finance Limited
National Guarantee plc
Private Label Group Limited
Private Label Mortgage Services Limited

**Officers and Directors**
Abreu, Steven M.
Aretakis, James
Dondzila, Catherine M.
Fleming, Patrick
Hamzehpour, Tammy
Harney, Anthony J.
Hills, Garry
Horner, Jill M.
Smith III, Edward F.
Ilany, Jonathan
Mack, John E.
Marano, Thomas
Meyer, Darsi
Nees, Louis A.
Pensabene, Joseph A.
Riddle, Mindy
Strauss, Thomas M.
Tyson, William N.
West, Pamela E.
Whitlinger, James
Wilkinson, Winston Carlos

**Parties to Funding Agreements**
Ally Financial Inc (f/k/a GMAC Inc.)
Barclays Bank PLC
BMMZ Holdings LLC
Citibank, N.A.
Deutsche Bank Trust Company Americas
US Bank National Association
Wells Fargo Bank, N.A.

**Bondholders**
AllianceBernstein Advisors
American Enterprise Investment Services Inc.
Appaloosa Management L.P.
Bank of New York Mellon
Barclays Capital - London
Bank of Nova Scotia/CDS

Barclays Capital LLC
Barclays Capital Inc. /LE
Berkshire Hathaway Inc.
BlackRock Global Investors
Charles Schwab & Co., Inc.
CitiBank
Citigroup Global Markets Inc.
Citigroup Global Markets Inc. /Salomon Brothers
Credit Suisse Securities (USA) LLC
David Lerner Associates, Inc.
Deutsche Bank Securities, Inc.
E*Trade Clearing LLC
Edward D. Jones & Co.
First Clearing, LLC
First Southwest Company
Goldman Sachs International
Goldman, Sachs & Co.
Interactive Brokers Retail Equity Clearing
J.P. Morgan Clearing Corp.
J.P. Morgan Securities LLC
Janney Montgomery Scott Inc.
Loomis Sayles & Company
LPL Financial Corporation
Merrill Lynch Safekeeping
Morgan Stanley & Co. LLC
Morgan Stanley Smith Barney LLC
National Financial Services LLC
Oppenheimer & Co. Inc.
OptionXpress, Inc
P. Schoenfeld Asset Management
Paulson & Co. Inc.
Penson Financial Services, Inc.
Pershing LLC
Pentwater Capital Management
Putnam Investment Management
Raymond, James & Associates, Inc.
RBC Capital Markets, LLC
Scottrade, Inc.
Security Investors LLC
Silver Point Capital, L.P.
Stifel, Nicolaus & Company Incorporated
Taconic Capital Advisors, L.P.
TD Ameritrade Clearing, Inc.
Timber Hill LLC
UBS Financial Services LLC
UBS Securities LLC
Vanguard Marketing Corporation
Western Asset Management Company

**Landlords and Tenants**
2155 Northpark Lane LLC
2255 Partners, L.P. c/o M. David Paul Development
    LLC
Avenel Realty Company d / b / a Avenel at
    Montgomery Square
Brandywine Cityplace LP
BREOF Convergence LP c/o Brookfield Real Estate

Opportunity Fund
Business Suites (Texas) LTD
Center Township of Marion County
Del Amo Financial Center, LP
DRA CLP Esplanade LP c/o Colonial Properties
    Services Ltd Partnership
Euclid Plaza Associates, LLC
GBM Properties, LLC
Homeowners Alliance
Liberty Property Limited Partnership
National Default Servicing, LLC
New Towne Center Inc.
PBC San Jose, LLC
PBC Walnut Creek, LLC
Realty World - Graham/Grubbs and Associates
Regus Management Group LLC
Teachers Insurance and Annuity Association of
    America c/o Northmarq RES
The Irvine Company LLC
The Office Annex, Inc.
Veridian Credit Union f/k/a John Deere Community
    Credit Union
W.E.G., Jr., Inc. d / b / a Highland-March Beverly
    Suites

**Parties to Litigation**
Acacia Life Insurance Company
Allstate Bank (f/k/a Allstate Federal Savings Bank)
Allstate Insurance Company
Allstate Life Insurance Company
Allstate Life Insurance Company of New York,
    Allstate Retirement Plan
Allstate New Jersey Insurance Company
American Heritage Life Insurance Company
Ameritas Life Insurance Corp.
Boilermaker Blacksmith National Pension Trust
Brown County, Ohio
Cambridge Place Investment Management Inc.
Church-Dellinger, Victoria Jean
Columbus Life Insurance Company
Deutsche Zentral-genossenschaftsbank, New York
    Branch, d/b/a DZ Bank AG, New York Branch
DG Holding Trust
Federal Home Loan Bank of Boston
Federal Home Loan Bank of Chicago
Federal Home Loan Bank of Indianapolis
Federal Home Loan Mortgage Corporation
Federal Housing Finance Agency
Financial Guaranty Insurance Company
First Colonial Insurance Company
Fort Washington Active Fixed Income LLC
Fort Washington Investment Advisors, Inc.
HSH Nordbank AG
HSH Nordbank AG, Luxembourg Branch
HSH Nordbank AG, New York Branch
HSH Nordbank Securities S.A.
Huntington Bancshares Inc.

2

IKB Deutsche Industriebank AG
IKB International S.A. (in Liquidation)
Integrity Life Insurance Company
Kennett Capital, Inc.
Kral, Kenneth L.
Laster, Marteal
Massachusetts Mutual Life Insurance Company
MBIA Insurance Corporation
Mitchell, Ruth
Mitchell, Steven
National Credit Union Administration Board
National Integrity Life Insurance Company
New Jersey Carpenters Health Fund
New Jersey Carpenters Vacation Fund
People's Choice Mortgage
Rio Debt Holdings (Ireland) Limited
Sall, Mohammed A.
Sealink Funding Ltd.
State of Ohio
Stichting Pensioenfonds ABP
The Charles Schwab Corporation
The Union Central Life Insurance Company
The Western and Southern Life Insurance Company
Thrivent Balanced Fund
Thrivent Balanced Portfolio
Thrivent Bond Index Portfolio
Thrivent Core Bond Fund
Thrivent Financial Defined Benefits Plan Trust
Thrivent Financial for Lutherans
Thrivent Income Fund
Thrivent Limited Maturity Bond Fund
Thrivent Limited Maturity Bond Portfolio
U.S. Central Federal Credit Union
West Virginia Investment Management Board
Western Corporate Federal Credit Union
Western-Southern Life Assurance Company

**U.S. Trustee's Office (Region 2 Trial Attorneys)**
Davis, Tracy Hope
Driscoll, Michael
Gasparini, Elisabetta
Golden, Susan
Khodorovsky, Nazar
Masumoto, Brian S.
Morrissey, Richard C.
Nakano, Serene
Riffkin, Linda A.
Schwartz, Andrea B.
Schwartzberg, Paul K.
Velez-Rivera, Andy
Zipes, Greg M.

**Bankruptcy Judges (New York)**
Bernstein, Stuart M.
Chapman, Shelley C.
Drain, Robert
Gerber, Robert E.

Glenn, Martin
Gonzalez, Arthur J.
Gropper, Allan L.
Lane, Sean H.
Lifland, Burton R.
Morris, Cecelia G.
Peck, James M.

**District Court Judges (New York)**
Baer, Harold
Batts, Deborah A.
Berman, Richard M.
Briccetti, Vincent L.
Buchwald, Naomi Reice
Carter, Andrew L.
Castel, P. Kevin
Cedarbaum, Miriam Goldman
Cote, Denise L.
Crotty, Paul A.
Daniels, George B.
Duffy, Kevin T.
Engelmayer, Paul A.
Forrest, Katherine B.
Gardephe, Paul G.
Griesa, Thomas P.
Haight, Charles S.
Hellerstein, Alvin K.
Jones, Barbara S.
Kaplan, Lewis A.
Karas, Kenneth M.
Koeltl, John G.
Marrero, Victor
McKenna, Lawrence M.
McMahon, Colleen
Nathan, Alison J.
Oetken, J. Paul
Owen, Richard
Patterson, Robert P.
Pauley, William H.
Preska, Loretta A.
Rakoff, Jed S.
Ramos, Edgardo
Sand, Leonard B.
Scheindlin, Shira A.
Seibel, Cathy
Stanton, Louis L.
Stein, Sidney H.
Sullivan, Richard J.
Swain, Laura Taylor
Sweet, Robert W.
Wood, Kimba M.

**Depositing Banks**
Ally Bank
Bank of America, N.A.
Bank of New York Mellon
Citibank, N.A.

3

Deutsche Bank Trust Company Americas
JPMorgan Chase Bank, N.A.
M&T Bank
State Street Bank and Trust Company
U.S. Bank National Association
Wachovia Bank, National Association

**Consultants & Professionals**
Centerview Partners LLC
Deloitte & Touche
Evercore
Fortress Investment Group, LLC
Kirkland & Ellis LLP
Kurtzman Carson Consultants LLC
Mayer Brown LLP
Mercer
Morrison & Foerster, LLP
PricewaterhouseCoopers
Rubenstein Associates, Inc.
Sidley Austin LLP
Skadden, Arps, Slate, Meagher & Flom LLP

**HELOC Investors**
5th 3rd Bank
Aurora Loan Services LLC
Bank One, Texas N.A.
Deutsche Bank National Trust Co.
Everbank
JP Morgan Chase
Macquarie Mortgages USA Inc
Suntrust
The Bank of New York Mellon
Treasury Bank, N.A.
U.S. Bank National Association
Wachovia Bank, N.A.
Wells Fargo Bank, N.A.

**Servicing Counterparties**
**Government Entities and GSEs**
Federal Home Loan Mortgage Corporation (Freddie
    Mac)
Federal Housing Administration (FHA)
Federal National Mortgage Association (Fannie Mae)
Government National Mortgage Association (Ginnie
    Mae)

**Housing and Local Agencies**
California Housing Finance Agency
CitiMortgage, Inc., as administrator for Texas
    Veterans Land Board
Connecticut Housing Finance Authority
Delaware Housing Authority
Hawaii Housing (Hula Mae)
Housing Opportunities Commission of Montgomery
    County, Maryland
Mississippi Home Corporation
Neighborhood Housing Services of America and

Philadelphia N.H.S.
Oregon Housing and Community Services
    Department
Redevelopment Authority of the County of Berks
Rural Housing
The Housing and Redevelopment Authority in and
    for the City of Minneapolis
The Industrial Commission of North Dakota

**Mortgage and Monoline Insurers**
Ambac
Assured Guaranty Corp.
Cuna Mutual Group Mortgage Insurance Company
FGIC
Financial Security Assurance Inc
General Electric Mortgage Insurance Corporation
Genworth Mortgage Insurance Corporation
MBIA
Mortgage Guaranty Insurance Corp.
PMI Mortgage Insurance Co.
Radian Asset Assurance Inc.
Radian Guaranty Inc.
Republic Mortgage Insurance Company
Triad Guaranty Insurance Corporation
United Guaranty Residential Insurance Company

**Trustees**
Bank One, National Association
BNY Midwest Trust Company
Chase Bank of Texas, N.A.
Citibank, N.A.
Deutsche Bank National Trust Company
Deutsche Bank Trust Company Americas
HSBC Bank USA, National Association
JPMorgan Chase Bank, N.A.
LaSalle Bank National Association
Security Pacific National Company
The Bank of New York Mellon
U.S. Bank National Association
US National Association
Wells Fargo Bank Minnesota, N.A.
Wells Fargo Bank, National Association
Wilmington Trust Company

**Other Counterparties to Servicing Agreements**
50 BY 50, LLC
ABN AMRO Mortgage Group, Inc.
Access National Mortgage Corporation
Ace Home Equity Loan Trust, Series 2007-SL3
ACE Securities Corp.
ACT Mortgage Capital
Advantage Bank
Aegis Mortgage Corporation
Aegon USA Realty Advisors
Alliance Bancorp
Alliance Securities Corp.
Ally Bank

Ally Financial Inc.
Ally Investment Management LLC
Alternative Finance Corporation
Amalgamated Bank of New York
American Equity Mortgage, Inc.
American Home Mortgage
American Home Mortgage Acceptance, Inc.
American Home Mortgage Investment Trust 2005-2
American Home Mortgage Investment Trust 2005-4A
American Home Mortgage Investment Trust 2006-2
American Home Mortgage Investment Trust 2007-A
American Home Mortgage Servicing, Inc.
American Home Mortgage Trust 2004-4
American Home Mortgage Trust 2005-1
American Home Mortgage Trust 2005-2
American Home Mortgage Trust 2005-4A
American Residential Equities XXVII, LLC
American Residential Equities, LLC
Ameriquest Mortgage Company
Andover Bank
Arbor Commercial Mortgage, LLC
Asset Management Holding of South Florida, LLC
Assured Guaranty Municipal Corp
Atlantic Financial Federal
Audobon Savings Bank
Aurora Loan Services Inc.
Aurora Loan Services LLC
Banc of America Funding 2005-3 Trust
Banc of America Funding 2005-8 Trust
Banc of America Funding 2006-1 Trust
Banc of America Funding 2006-4 Trust
Banc of America Funding Corporation
Banc of America Mortgage Capital Corporation
Bancap
Banco Mortgage Company
Banco Popular North America
Bank of America, National Association
Bank of Hawaii
Bank One, Texas, N.A.
Bank Rhode Island
Bank United, FSB
Bankatlantic, A Federal Savings Bank
Bankers Saving
Bankers Trust Company
Banknorth Mortgage
Bay Atlantic Federal Credit Union
Bay Financial Savings Bank, FSB
Bayrock Mortgage Corporation
Bayview Acquisitions, LLC
Bayview Financial Asset Trust
Bayview Financial Property Trust
Bayview Financial Securities Company, LLC
Bayview Financial Trading Group, L.P.
Bayview Financial, L.P.
Bear Stearns Asset Backed Securities I, LLC
Bear Stearns Mortgage Capital Corporation

Bear Stearns Second Lien Trust 2007-1
Bear Stearns Second Lien Trust 2007-SV1
Bell Federal Savings and Loan Association
BellaVista Funding Corporation
Belvedere Trust Finance Corporation
Bluebonnet Savings Bank FSB
BMMZ Holdings LLC
Broadway Federal Bank, FSB
Brothers Bank, FSB
Butte Savings and Loan Association
Caliber Funding, LLC
California Banking Association
California Federal Bank, FSB
California Public Employees' Retirement System
Cambridge Place Collateral Management LLC
Canada Mortgage Acceptance Corporation
Capital Crossing Bank
Capitol Federal Savings and Loan Association
Capstead Mortgage Corporation
CDC Mortgage Capital Inc. (Natixis)
Cenfed Bank, a Federal Savings Bank
Cenlar FSB
CenterState Bank of Florida, N.A.
Central Bank of Jefferson County, Inc.
Century Bank, FSB
CFX Bank
Charter One Bank, FSB
Charter One Bank, N.A.
Chase Manhattan Mortgage Corporation
Chemical Mortgage Company
Citi Financial Mortgage Co., Inc
Citibank (West), FSB
Citigroup Global Markets Realty Corp.
Citigroup Mortgage Loan Trust Inc.
CitiMortgage, Inc.
Citizens Bank of Connecticut
Citizens Bank of Massachusetts
Citizens Bank of New Hampshire
Citizens Bank of Pennsylvania
Citizens Bank, N.A.
Citizens Federal Bank, FSB
Clayton Fixed Income Services Inc.
Clayton National, Inc.
CMC Investment Partnership
Coastal Banc Capital Corporation
Coastal Banc SSB
Coastal States Mortgage Corporation
Collective Federal Savings Bank
Colonial Mortgage Service Company
Comerica Bank
Community Lending, Incorporated
Communityone Bank, N.A.
ComUnity Lending, Incorporated
Copperfield
Core, Cap Inc.
Corona Asset Management III, LLC
Countrywide Bank, N.A.

Countrywide Home Loans Servicing, LP
Countrywide Home Loans, Inc.
Credit Suisse First Boston Mortgage Securities Corp.
CSX
CTCE Federal Credit Union
CTX Mortgage Company, LLC
DB Structured Products, Inc.
Deutsche Alt-A Securities, Inc.
Deutsche Bank AG New York Branch
Deutsche Mortgage Securities, Inc.
DLJ Mortgage Acceptance Corp.
DLJ Mortgage Capital, Inc.
Dollar Bank, FSB
Drawbridge Consumer Funding Ltd
Dynex Securities Corporation
E*Trade Bank
E*Trade Mortgage
E*Trade Wholesale Lending Corp.
EAB Mortgage Company, Inc.
EMC Mortgage Corporation
Empire Mortgage X, Inc.
Encore Bank and National Association
Encore Savings Bank
Erie Savings Bank
Eurekabank
EverBank
Fairbanks Capital Corp.
Fairfax Savings Bank
Family Bank, FSB
Family Lending Services, Inc.
FBS Mortgage Corporation
Federal Home Loan Bank of Atlanta
Federal Trust Bank, FSB
Fidelity Federal Bank
Fidelity Savings and Loan
Fifth Third Bank
Financial Asset Securities Corp.
First Bank Incorporated
First Bank, Inc.
First Cap Holdings, Inc.
First Citizens Bank and Trust Company
First Citizens Mortgage Company
First Community Bank N.A.
First Federal of Michigan
First Federal Savings and Loan Association of Storm
    Lake
First Guaranty Mortgage Corporation
First Horizon Home Loan Corporation
First Indiana Bank
First Internet Bank of Indiana
First Massachusetts Bank, N.A.
First National Bank and Trust Company
First National Bank of Arizona
First National Bank of El Dorado
First Nationwide Mortgage Corporation
First NLC
First Rate Capital Corporation

First Savings Mortgage Corporation
First Tennessee Bank National Association
First Tennessee Capital Assets Corporation
First Trust Savings Bank
First Union National Bank
First-Citizens Bank & Trust Company
Firstrust Bank
Fleet National Bank
Flex Point Funding Corporation
Flick Mortgage Investors, Inc.
FNBA
Fortress Credit Corp.
FPA Corporation
Franklin Bank, SSB
Franklin Credit
Franklin Credit Management Corporation
Gateway Credit Union
Gateway Funding Diversified Mortgage Services, LP
GE Capital Consumer Card Co.
GE Mortgage Services, LLC
Geneva Mortgage Corporation
Germantown Savings Bank
Gibraltar Savings Association
Ginn Financial Services, LLC
Goldman Sachs Mortgage Company
Gonzalo Residential Asset Trust
Great American First Savings Bank
Great American Savings Bank
Green Planet Servicing, LLC
Green Tree Servicing LLC
GreenPoint Mortgage Funding Trust 2005-HE4
GreenPoint Mortgage Funding Trust 2006-HE1
GreenPoint Mortgage Funding, Inc.
Greenwich Capital Acceptance, Inc.
Greenwich Capital Financial Products, Inc.
Greenwich Universal Portfolio
GS Mortgage Securities Corp.
GSAA Home Equity Trust 2005-9
GSMPS Mortgage Loan Trust 2005-LT1
GSR Mortgage Loan Trust 2006-AR2
GSR Trust 2007-HEL1
Guardian Savings Bank
Hanover Capital Mortgage Holdings, Inc.
HarborView Mortgage Loan trust 2004-10
Healthcare Employees Federal Credit Union
Home Equity Loan Trust 2005-HS2
Home Equity Loan Trust 2006-HSA2
Home Equity Loan Trust 2006-HSA3
Home Equity Loan Trust 2006-HSA5
Home Equity Loan Trust 2007-HSA1
Home Equity Loan Trust 2007-HSA3
Home Federal Savings & Loan Association of Rome,
    Ga.
Home Loan Corporation
Home Loan Series 09-2028
HomeBanc Mortgage
HomEq Servicing Corporation

6

Horsham Funding Inc.
HSI Asset Securitization Corporation
Hudson & Keyse, LLC
Hudson City Savings Bank
Huntington Federal Savings & Loan Association
Hyperion Capital Group LLC
IMPAC CMB Trust Series 2005-6
IMPAC Funding Companies
IMPAC Funding Corporation
IMPAC Mortgage Holdings, Inc.
IMPAC Secured Assets Corp.
Imperial Credit Industries, Inc.
Independent Bank East Michigan
IndyMac Bank, FSB (now OneWest Bank, FSB)
IndyMac MBS, Inc.
IndyMac Mortgage Holdings, Inc.
ING Bank, FSB
Investment Capital Group
Irwin Union Bank and Trust Company
Ixis Real Estate Capital Inc
Jackson Federal Bank
Just Mortgage, Inc.
Kaiser Federal Bank
Keystone Nazareth Bank & Trust Company
Kidder Peabody Mortgage Capital Corporation
Lacera
Lebank
Lehman Brothers Bank, FSB
Lehman Brothers Holdings Inc.
Lehman Capital, a division of Lehman Brothers
    Holdings Inc.
Liberty Home Lending, Inc.
Liberty Savings Bank, FSB
Linden Assemblers Federal Credit Union
Litton Loan Servicing, LP
LNV Corporation
Loan Center of California
Loan Link Financial Services
Local #38 and Associates Credit Union
Lomas Mortgage USA, Inc.
Los Angeles County Employees Retirement
    Association
Los Angeles Federal Savings
LPP Mortgage Ltd.
Luminent Mortgage Capital, Inc.
Lydian Private Bank
Macquarie Mortgage Funding Trust 2007-1
Macquarie Mortgages USA, Inc.
MAIA Mortgage Finance Statutory Trust
Marine Bank
Market Street Mortgage Corporation
Massachusetts Mutual Life Insurance Co.
Matrix Capital Bank
MB Financial Bank N.A.
Medway Savings Bank
Mellon Bank
Mellon/McMahon Real Estate Advisors Inc.

Merck Sharp & Dohme Federal Credit Union
Mercury Mortgage Finance Statutory Trust
Meridian Mortgage Corporation
Merrill Lynch Bank & Co.
Merrill Lynch Hunton Paige
Merrill Lynch Mortgage Capital Inc.
Merrill Lynch Mortgage Holdings, Inc.
Merrill Lynch Mortgage Investors, Inc.
Merrill Lynch Mortgage Lending, Inc.
Metlife Bank, N.A.
Metrocities Mortgage Corp., LLC
Metropolitan Life Insurance Company
Mid America Bank, FSB
MidFirst Bank
Midland Financial Savings and Loan Association
Mint I, LLC
Mint II, LLC
Money Bank Investment Corporation
Monterey I Holdings
Morgan Stanley Capital I Inc.
Morgan Stanley Mortgage Capital Inc.
Morgan Stanley Mortgage Loan Trust 2005-3AR
Mortgage Asset Securitization Transactions, Inc.
Mortgage Asset Securitization Trust
Mortgage Interest Networking Trust II
Mortgage Investors Corporation
MortgageIT Holdings Inc.
MortgageIT Securities Corp.
MortgageIT Trust 2005-4
MortgageIT, Inc
MRF 3 LLC
Mrit Securities Corporation
Mutual Savings & Loan Association of Charlotte,
    N.C.
Mutual Savings Bank
National Bank of Commerce
NETBANK
Network Funding L.P.
Neuwest Equity Partners
New Century Mortgage Securities, Inc.
New Cumberland Federal Credit Union
New Penn Financial, LLC
New York Life Insurance and Annuity Corporation
New York Life Insurance Company
Nomura Asset Acceptance Corporation
Nomura Credit & Capital, Inc.
Nomura Home Equity Loan, Inc.
North Jersey Federal Credit Union, Inc.
Northwest Funding, Inc.
Northwestern National Bank of Minneapolis
Norwest Bank Minnesota, National Association
Norwest Mortgage, Inc.
Ocwen Federal Bank FSB
Ocwen Loan Servicing, LLC
Ohio Savings Bank
Opteum Financial Services, LLC
Option One Mortgage Corporation

ny-1011932

Paine Webber Real Estate Securities Inc.
Parkside Lending, LLC
Parkvale Savings Bank
Paul Financial, LLC
People Savings Bank, Inc., SSB
Peoples Heritage Savings Bank
PHH Mortgage
Philadelphia Federal Credit Union
Pinnacle Capital Mortgage Corporation
Pinnacle Financial Corporation
Plaza Home Mortgage, Inc.
PMC Bancorp
PNC Bank, N.A.
PNC Mortgage Securities Corp.
Pomona First Federal Bank and Trust
Principal Asset Markets, Inc.
Principal Bank
Principal Mutual Life Insurance Company
Private Capital Group
Quaker City Bank
Quicken Loans Inc.
RBS Citizens, National Association
Real Time Resolutions, Inc.
Real Time Solutions
Realty Mortgage Corporation
Redlands Federal Bank, FSB
Redwood Trust, Inc.
Reliance Federal Credit Union
Residential Mortgage Assistance Enterprise, LLC
Resolution Capital Advisors, LLC
Ridgewood Savings Bank
Riggs Bank N.A.
Rochester Community Savings Bank
Roosevelt Management Company, LLC
RWT Holdings, Inc.
Ryland Acceptance Corporation Four
SACO I Trust 2005-GP1
SACO I Trust 2006-8
Salomon Brothers Realty Corp.
Saxon Mortgage Funding Corporation
Sea Breeze Financial Services, Inc.
Sebring Capital
Secured Bankers Mortgage Company
Security National
Security Pacific National Bank
Select Portfolio Servicing Inc.
Sequoia Funding Trust
Sequoia Residential Funding, Inc.
Shearson Lehman Government Securities, Inc.
Shellpoint Mortgage LLC
Sierra Pacific Mortgage, Inc
Silver State Financial Services, Inc.
Silvergate Bank
Skyline Financial Corp.
SMFC Funding Corporation
SN Servicing Corporation
SNBOA, LLC

Southbank
Southern Pacific Thrift and Loan Association
SouthStar Funding, LLC
Southwest Savings and Loan Association
Sovereign Bank, FSB
Specialized Loan Servicing LLC
St. Paul Federal Bank for Savings
Stanwich Mortgage Acquisition Company, LLC
Sterling Savings Bank
Steward Financial, Inc.
Stonebridge Bank
Structured Asset Mortgage Investments II Inc.
Structured Asset Mortgage Investments, Inc.
Structured Asset Securities Corporation
Structured Mortgage Investments II Inc.
Summit Savings & Loan Association
Suntrust Asset Funding, LLC
Superior Bank
Susquehanna Bank
Syncora Guarantee Inc.
Taylor, Bean Whitaker
TCF National Bank
TCIF, LLC
TeleBank
Terwin Advisors LLC
Terwin Mortgage Trust 2006-6
Terwin Securitization LLC
The Canada Trust Company
The Chase Manhattan Bank
The First Boston Corporation
The First National Bank of Glens Falls
The Frost National Bank
The Mortgage Store Financial, Inc.
The New York Mortgage Company, LLC
The Travelers Indemnity Company
The Winter Group
Treasury Bank, N.A.
Tri Counties Bank
Tri Country Area Federal Credit Union
Truman Capital Securitization LLC
UBS Real Estate Securities Inc.
UBS Warburg Real Estate Securities Inc.
UBS Warburg, LLC
United Capital Mortgage, LLC
United Federal Savings Bank
United Financial Mortgage Corporation
United Savings Association of Texas, FSB
Unity Bank
Universal Master Servicing, LLC
US Bank Home Mortgage
USAA Federal Savings Bank
Valley Independent Bank
Vermont Mortgage Group, Inc.
Wachovia Bank, National Association
Wachovia Mortgage Corporation
Walter Mortgage Company
Washington Mutual Bank

8

Washington Mutual Mortgage Securities Corp.
Webster Bank
Western Financial Savings Bank, FSB
WestStar Mortgage, Inc.
Wilshire Credit Corporation
Winter Group
Witmer Funding LLC
WMCC Clayton / Washington Mutual Bank
WMD Capital Markets, LLC

**Utilities**
Abovenet Communications Inc.
AT&T
AT&T Mobility
Center Point Energy
CenturyLink
Cisco Systems Capital Corporation
City of Eden Prairie
Comcast
Dish Network
Genesys Conferencing
Global Capacity Group Inc.
IEX Corporation
Inova Solutions
Intercall
Intervoice Inc.
Level 3 Communications LLC
MediaCom
Micro-Tel Center
MidAmerican Energy
Sprint
Time Warner Cable
Time Warner Telecom
Verizon
Verizon Business
Verizon California
Verizon Wireless
Waste Management
Waterloo Water Works
Xcel Energy

**Consolidated Top 50 Creditors**
Aegis USA Inc.
Alan Gardner
Allstate Insurance
Ambac Assurance Corp
Assured Guaranty Corp.
BNYMellon
Boilermaker Blacksmith National Pension Trust
Brian Kessler, et al
Cambridge Place Investment Management Inc.
Credstar
Deutsche Bank AG, New York
Deutsche Bank Trust Company Americas
Don E. Diane M. Patterson
Donna Moore
Emortgage Logic

Federal Home Loan Bank of Boston
Federal Home Loan Bank of Chicago
Federal Home Loan Bank of Indianapolis
Federal Housing Finance Agency
Financial Guaranty Insurance Co.
Huntington Bancshares Inc.
Indecomm Global Services
Iowa Public Employees Retirement System
Lehman Brothers Holdings, Inc.
Loan Value Group
Massachusetts Mutual Life Insurance Company
MBIA, Inc.
Midwest Operating Engineers Pension Trust Fund
National Credit Union Administration Board
New Jersey Carpenters Health Fund
New Jersey Carpenters Vacation Fund
Orange County Employees Retirement System
Police and Fire Retirement System of the City of
     Detroit
Sealink Funding Limited
Steven And Ruth Mitchell
Stichting Pensioenfonds ABP
The Charles Schwab Corporation
The Union Central Life Insurance Company
Thrivent Financial for Lutherans
Tiffany Smith
US Bank
Wells Fargo & Company
Wells Fargo Bank N.A
West Virginia Investment Management Board
Western & Southern

**Top Secured Creditors**
Ally Financial Inc.
Ally Financial Inc.
BMMZ Holdings, LLC
Citibank, N.A.
U.S. Bank National Association

**Other Parties As Known**
Ally Commercial Finance, LLC
Alston & Bird LLP
Cadwalader, Wickersham & Taft
Cerberus Capital Management
Dechert LLP
Grant & Eisenhofer
Jones Day
Seward & Kissel LLP
The ACE Group
Alix Partners
Cerberus Capital Management, L.P.
Cerberus FIM Investors LLC
Cerberus FIM, LLC
Chubb Group
Federal Insurance Group (a subsidiary of the Chubb
     Group of Insurance Companies)
FIM Holdings LLC

9

General Motors Company
Gibbs & Bruns, LLP
GMAC Bank
GMAC Commercial Finance, LLC
GMAC LLC
GMAC Mortgage Group, LLC
Houlihan Lokey
IB Finance Holding Company, LLC
Kelley Drye & Warren LLP
Kramer Levin
Morrison Cohen LLP
National Motors Bank FSB
Ropes & Gray LLP
White & Case

**Official Creditors' Committee Members**
AIG Asset Management (U.S.), LLC
Allstate Life Insurance Company
Deutsche Bank Trust Company Americas
Financial Guaranty Insurance Company
MBIA Insurance Corporation
Rowena L. Drennen
The Bank of New York Mellon Trust
  Company, N.A.
U.S. Bank National Association
Wilmington Trust, N.A.

**Official Creditors' Committee Members'
Attorneys**
Kramer Levin Naftalis & Frankel LLP

**Official Creditors' Committee Members'
Financial Advisor**
Moelis & Company

## **EXHIBIT 4**

## **Relationships in Matters Unrelated to These Proceedings**

**Debtors and Subsidiaries**
Ditech, LLC
Homecomings Financial, LLC
Residential Capital, LLC
Residential Funding Company, LLC

**Parties to Funding Agreements**
Barclays Bank PLC
Citibank, N.A.
Deutsche Bank Trust Company Americas
US Bank National Association
Wells Fargo Bank, N.A.

**Bondholders**
AllianceBernstein Advisors
American Enterprise Investment Services Inc.
Bank of New York Mellon
Barclays Capital - London
Bank of Nova Scotia/CDS
Barclays Capital LLC
Barclays Capital Inc. /LE
Berkshire Hathaway Inc.
BlackRock Global Investors
Charles Schwab & Co., Inc.
CitiBank
Citigroup Global Markets Inc.
Citigroup Global Markets Inc. /Salomon Brothers
Credit Suisse Securities (USA) LLC
David Lerner Associates, Inc.
Deutsche Bank Securities, Inc.
Edward D. Jones & Co.
First Clearing, LLC
First Southwest Company
Goldman Sachs International
Goldman, Sachs & Co.
Interactive Brokers Retail Equity Clearing
J.P. Morgan Clearing Corp.
J.P. Morgan Securities LLC
Janney Montgomery Scott Inc.
LPL Financial Corporation
Merrill Lynch Safekeeping
Morgan Stanley & Co. LLC
Morgan Stanley Smith Barney LLC
National Financial Services LLC
Oppenheimer & Co. Inc.
OptionXpress, Inc
Penson Financial Services, Inc.
Pershing LLC
Raymond, James & Associates, Inc.
RBC Capital Markets, LLC
Scottrade, Inc.
Silver Point Capital, L.P.
TD Ameritrade Clearing, Inc.
Timber Hill LLC
UBS Financial Services LLC
UBS Securities LLC

Vanguard Marketing Corporation
Western Asset Management Company

**Landlords and Tenants**
Regus Management Group LLC
Teachers Insurance and Annuity Association
  of America c/o Northmarq RES
The Irvine Company LLC

**Parties to Litigation**
Allstate Insurance Company
Allstate Life Insurance Company
Allstate Life Insurance Company of New York,
  Allstate Retirement Plan
Allstate New Jersey Insurance Company
HSH Nordbank AG
Massachusetts Mutual Life Insurance Company
People's Choice Mortgage
The Charles Schwab Corporation

**Bankruptcy Judges (New York)**
Gropper, Allan L.

**Depositing Banks**
Bank of America, N.A.
Bank of New York Mellon
Citibank, N.A.
Deutsche Bank Trust Company Americas
JPMorgan Chase Bank, N.A.
M&T Bank
State Street Bank and Trust Company
U.S. Bank National Association
Wachovia Bank, National Association

**Consultants & Professionals**
Deloitte & Touche
Evercore
Fortress Investment Group, LLC
Kirkland & Ellis LLP
Kurtzman Carson Consultants LLC
Mayer Brown LLP
Mercer
Morrison & Foerster, LLP
PricewaterhouseCoopers
Sidley Austin LLP
Skadden, Arps, Slate, Meagher & Flom

**HELOC Investors**
5th 3rd Bank
Aurora Loan Services LLC
Bank One, Texas N.A.
Deutsche Bank National Trust Co.
JP Morgan Chase
Suntrust
The Bank of New York Mellon
U.S. Bank National Association

Wachovia Bank, N.A.
Wells Fargo Bank, N.A.

**Servicing Counterparties**
**Government Entities and GSEs**
Federal Home Loan Mortgage Corporation
 (Freddie Mac)
Federal National Mortgage Association (Fannie Mae)
Government National Mortgage Association
 (Ginnie Mae)

**Mortgage and Monoline Insurers**
Ambac
Assured Guaranty Corp.
General Electric Mortgage Insurance Corporation
Genworth Mortgage Insurance Corporation
United Guaranty Residential Insurance Company

**Trustees**
Bank One, National Association
BNY Midwest Trust Company
Chase Bank of Texas, N.A.
Citibank, N.A.
Deutsche Bank National Trust Company
Deutsche Bank Trust Company Americas
HSBC Bank USA, National Association
JPMorgan Chase Bank, N.A.
LaSalle Bank National Association
The Bank of New York Mellon
U.S. Bank National Association
US National Association
Wells Fargo Bank Minnesota, N.A.
Wells Fargo Bank, National Association
Wilmington Trust Company

**Other Counterparties to Servicing Agreements**
ABN AMRO Mortgage Group, Inc.
Alliance Bancorp
American Home Mortgage
American Home Mortgage Servicing, Inc.
Aurora Loan Services Inc.
Aurora Loan Services LLC
Banc of America Funding 2005-3 Trust
Banc of America Funding 2005-8 Trust
Banc of America Funding 2006-1 Trust
Banc of America Funding 2006-4 Trust
Banc of America Funding Corporation
Banc of America Mortgage Capital Corporation
Bank of America, National Association
Bank of Hawaii
Bank One, Texas, N.A.
Bank Rhode Island
Bankatlantic, A Federal Savings Bank
Bankers Trust Company
Bear Stearns Asset Backed Securities I, LLC
Brothers Bank, FSB
California Public Employees' Retirement System

Chase Manhattan Mortgage Corporation
Citi Financial Mortgage Co., Inc
Citibank (West), FSB
Citigroup Global Markets Realty Corp.
Citigroup Mortgage Loan Trust Inc.
CitiMortgage, Inc.
Citizens Bank of Connecticut
Citizens Bank of Massachusetts
Citizens Bank of New Hampshire
Citizens Bank of Pennsylvania
Citizens Bank, N.A.
Citizens Federal Bank, FSB
Comerica Bank
Countrywide Bank, N.A.
Countrywide Home Loans Servicing, LP
Countrywide Home Loans, Inc.
Credit Suisse First Boston Mortgage Securities Corp.
CSX
DB Structured Products, Inc.
Deutsche Alt-A Securities, Inc.
Deutsche Bank AG New York Branch
Deutsche Mortgage Securities, Inc.
DLJ Mortgage Acceptance Corp.
DLJ Mortgage Capital, Inc.
EMC Mortgage Corporation
Federal Home Loan Bank of Atlanta
Fifth Third Bank
First National Bank and Trust Company
First Tennessee Bank National Association
First Citizens Bank and Trust Company
First Citizens Mortgage Company
First Union National Bank
Fleet National Bank
GE Capital Consumer Card Co.
GE Mortgage Services, LLC
Goldman Sachs Mortgage Company
GreenPoint Mortgage Funding Trust 2005-HE4
GreenPoint Mortgage Funding Trust 2006-HE1
GreenPoint Mortgage Funding, Inc.
Greenwich Capital Acceptance, Inc.
Greenwich Capital Financial Products, Inc.
GS Mortgage Securities Corp.
Horsham Funding Inc.
IMPAC Funding Corporation
IMPAC Mortgage Holdings, Inc.
Imperial Credit Industries, Inc.
IndyMac Bank, FSB (now OneWest Bank, FSB)
IndyMac MBS, Inc.
ING Bank, FSB
Ixis Real Estate Capital Inc
Lehman Brothers Bank, FSB
Lehman Brothers Holdings Inc.
Lehman Capital, a division of Lehman Brothers
 Holdings Inc.
Marine Bank
MB Financial Bank N.A.
Mellon Bank

2

Mellon/McMahon Real Estate Advisors Inc.
Merrill Lynch Bank & Co.
Merrill Lynch Hunton Paige
Merrill Lynch Mortgage Capital Inc.
Merrill Lynch Mortgage Holdings, Inc.
Merrill Lynch Mortgage Investors, Inc.
Merrill Lynch Mortgage Lending, Inc.
Metlife Bank, N.A.
Metropolitan Life Insurance Company
Mid America Bank, FSB
MidFirst Bank
Mint I, LLC
Mint II, LLC
Morgan Stanley Capital I Inc.
Morgan Stanley Mortgage Capital Inc.
Morgan Stanley Mortgage Loan Trust 2005-3AR
Mortgage Asset Securitization Transactions, Inc.
MortgageIT Holdings Inc.
MortgageIT Securities Corp.
MortgageIT Trust 2005-4
MortgageIT, Inc
Neuwest Equity Partners
New York Life Insurance and Annuity Corporation
New York Life Insurance Company
Nomura Asset Acceptance Corporation
Nomura Credit & Capital, Inc.
Option One Mortgage Corporation
PMC Bancorp
PNC Bank, N.A.
Private Capital Group
RBS Citizens, National Association
Sebring Capital
Shearson Lehman Government Securities, Inc.
SN Servicing Corporation
Sovereign Bank, FSB
Sterling Savings Bank
Structured Asset Mortgage Investments II Inc.
TCF National Bank
Terwin Advisors LLC
The Chase Manhattan Bank
The First Boston Corporation
The Frost National Bank
The Winter Group
UBS Real Estate Securities Inc.
UBS Warburg Real Estate Securities Inc.
UBS Warburg, LLC
Wachovia Bank, National Association
Wachovia Mortgage Corporation
Washington Mutual Bank
Washington Mutual Mortgage Securities Corp.
Winter Group

## Utilities
AT&T
AT&T Mobility
Centurylink
Comcast
Dish Network

Level 3 Communications, LLC
Sprint
Time Warner Cable
Time Warner Telecom
Verizon
Verizon Business
Verizon Wireless
Waste Management
Xcel Energy

## Consolidated Top 50 Creditors
Allstate Insurance
Ambac Assurance Corp
Assured Guaranty Corp.
BNYMellon
Deutsche Bank AG, New York
Deutsche Bank Trust Company Americas
Emortgage Logic
Lehman Brothers Holdings, Inc.
Massachusetts Mutual Life Insurance Company
The Charles Schwab Corporation
US Bank
Wells Fargo & Company
Wells Fargo Bank N.A

## Top Secured Creditors
Citibank, N.A.
U.S. Bank National Association

## Other Parties As Known
Ally Commercial Finance, LLC
Alston & Bird LLP
Cadwalader, Wickersham & Taft
Cerberus Capital Management
Dechert LLP
Grant & Eisenhofer
Jones Day
Seward & Kissel LLP
The ACE Group
Cerberus Capital Management, L.P.
Cerberus FIM Investors LLC
Cerberus FIM, LLC
General Motors Company
Houlihan Lokey
Kelley Drye & Warren LLP
Kramer Levin
Morrison Cohen LLP
Ropes & Gray LLP
White & Case

## Official Creditors' Committee Members
AIG Asset Management (U.S.), LLC
Allstate Life Insurance Company
Deutsche Bank Trust Company Americas
The Bank of New York Mellon Trust
  Company, N.A.
U.S. Bank National Association

3

Wilmington Trust, N.A.

**Official Creditors' Committee Members'
Attorneys**
Kramer Levin Naftalis & Frankel LLP

**Official Creditors' Committee Members'
Financial Advisor**
Moelis & Company

## EXHIBIT 5

### FTI Engagement Agreement



<u>PRIVATE & CONFIDENTIAL</u>

August 25, 2011

Mr. Jim Whitlinger
Chief Financial Officer
1100 Virginia Drive
Fort Washington, PA 19034

Re: <u>Residential Capital, LLC</u>

Dear Jim:

1.    **Introduction**

This letter confirms that we, FTI Consulting, Inc. ("FTI"), have been retained by you,
Residential Capital, LLC ("ResCap" or the "Company"), to provide certain financial advisory
and consulting services (the "Services") set out below.  This letter of engagement (the
"Engagement") and the related Standard Terms and Conditions constitute the engagement
contract (the "Engagement Contract") pursuant to which the Services will be provided.  For
purposes of the rights and protections set forth in the Engagement Contract, the terms ResCap
and Company shall be deemed to include the Company's Subsidiaries.  Subsidiaries are those
entities that, directly or indirectly through one or more intermediaries, control, are controlled
by or are under common control with Company.

2.    **Scope of Services**

The Services, to be performed at your direction, are expected to include financial advisory and
consulting services specifically related to the following:

- Supporting the Company and its other advisors in the evaluation of strategic
  alternatives available to the Company in the event that the currently contemplated
  refinancing is not consummated.
- Assisting with the contingency planning efforts, including, but not limited to a
  possible Chapter 11 filing by some or all of the affiliated entities of the Company.

In the event of a Chapter 11 filing by the Company, the Services would be further
expanded to include the following:

- Assisting the Company in meeting the reporting requirements associated with a
  Chapter 11 bankruptcy filing, including preparation of the:
  - Statement of financial affairs;
  - Required Schedules;
  - Initial monthly operating report; and
  - Monthly operating reports
- Assisting the Company with certain aspects of claims management and resolution,
  specifically:
  - Development of a claims management database based on the schedules of
    liabilities (schedules D, E, and F).  and

Mr. Jim Whitlinger
August 25, 2011

- o   Analysis of creditor claims and assistance with claims management and resolution efforts.
- Advising the Company on specific accounting matters related to the bankruptcy filing and as required by SOP 90-7, including;
  - o   Quantification and categorization of liabilities, and
  - o   Fresh start accounting.
- Assisting the Company with certain other services specifically related to:
  - o   Reclamation claims, and
  - o   Potential preference actions.
- And other financial advisory support services which may be requested by the Company and agreed to by FTI.  Approval for any further changes in the expected Services or related compensation will be requested by the Company through the court as necessary.

The Services may be performed by FTI or by any subsidiary of FTI, as FTI shall determine. FTI may also provide Services through its or its subsidiaries' agents or independent contractors.  References herein to FTI and its employees shall be deemed to apply also, unless the context shall otherwise indicate, to employees of each such subsidiary and to any such agents or independent contractors and their employees.

The Services, as outlined above, are subject to change as mutually agreed between us.

FTI is engaged by the Company to provide financial advisory and consulting services only. Accordingly, while we may from time to time suggest options which may be available to you and further give our professional evaluation of these options, the ultimate decision as to which, if any, of these options to implement rests with the Company, its management and board of directors. FTI and its employees will not make any management decisions for the Company and will not be responsible for communicating information concerning the Company to the public, the Company's shareholders or others.

As part of the Services, FTI may be requested to assist the Company (and its legal or other advisors) in negotiating with the Company's creditors and equity holders and with other interested parties. In the event that we participate in such negotiations, the representations made and the positions advanced will be those of the Company and its management, not FTI or its employees.

3.    **Fees and Cash on Account**

Fees in connection with this Engagement will be based upon the time incurred providing the Services, multiplied by our standard hourly rates, summarized as follows:

|  | Per Hour (USD) |
|---|---|
| Senior Managing Directors | $780-895 |



Mr. Jim Whitlinger
August 25, 2011

| Directors / Managing Directors | 560-745 |
| Consultants/Senior Consultants | 280-530 |
| Administrative / Paraprofessionals | 115-230 |

Hourly rates are generally revised periodically. To the extent this engagement requires services of our International divisions or personnel, the time will be multiplied by our standard hourly rates applicable on International engagements. Note that we do not provide any assurance regarding the outcome of our work and our fees will not be contingent on the results of such work.

In addition to the fees outlined above, FTI will bill for reasonable direct expenses which are likely to be incurred on your behalf during this Engagement. Direct expenses include reasonable and customary out-of-pocket expenses which are billed directly to the engagement such as certain telephone, overnight mail, messenger, travel, meals, accommodations and other expenses specifically related to the engagement. Further, if FTI and/or any of its employees are required to testify or provide evidence at or in connection with any judicial or administrative proceeding relating to this matter, FTI will be compensated by you at its regular hourly rates and reimbursed for reasonable allocated and direct expenses (including counsel fees) with respect thereto.

**Cash on Account**

Initially, the Company will forward to us the amount of $400,000, which funds will be held "on account" to be applied to our professional fees, charges and disbursements for the Engagement (the "Initial Cash on Account"). To the extent that this amount exceeds our fees, charges and disbursements upon the completion of the Engagement, we will refund any unused portion. The Company agrees to increase or supplement the Initial Cash on Account from time to time during the course of the Engagement in such amounts as the Company and we mutually shall agree are reasonably necessary to increase the Initial Cash on Account to a level that will be sufficient to fund Engagement fees, charges, and disbursements to be incurred.

We will send the Company periodic invoices (not less frequently than monthly) for services rendered and charges and disbursements incurred on the basis discussed above, and in certain circumstances, an invoice may be for estimated fees, charges and disbursements through a date certain. Each invoice constitutes a request for an interim payment against the fee to be determined at the conclusion of our Services. Upon transmittal of the invoice, we may immediately draw upon the Initial Cash on Account (as replenished from time to time) in the amount of the invoice. The Company agrees upon submission of each such invoice to promptly wire the invoice amount to us as replenishment of the Initial Cash on Account (together with any supplemental amount to which we and the Company mutually agree), without prejudice to the Company's right to advise us of any differences it may have with respect to such invoice. We have the right to apply to any outstanding invoice (including amounts billed prior to the date hereof), up to the remaining balance, if any, of the Initial Cash on Account (as may be supplemented from time to time) at any time subject to (and without prejudice to) the Company's opportunity to review our statements.



Mr. Jim Whitlinger
August 25, 2011

The Company agrees to promptly notify FTI if the Company or any of its subsidiaries or affiliates extends (or solicits the possible interest in receiving) an offer of employment to a principal or employee of FTI involved in this Engagement and agrees that FTI has earned and is entitled to a cash fee, upon hiring, equal to 150% of the aggregate first year's annualized compensation, including any guaranteed or target bonus and equity award, to be paid to FTI's former principal or employee that the Company or any of it subsidiaries or affiliates hires at any time up to one year subsequent to the date of the final invoice rendered by FTI with respect to this Engagement.

In a case under the Bankruptcy Code, fees and expenses may not be paid without the express prior approval of the bankruptcy court. In most cases of this size and complexity, on request of a party in interest, the bankruptcy court permits the payment of interim fees during the case. The Company agrees that, if asked to do so by us, the Company will request the bankruptcy court to establish a procedure for the payment of interim fees during the case that would permit payment of interim fees. If the bankruptcy court approves such a procedure, we will submit invoices on account against our final fee. These interim invoices will be based on such percentage as the bankruptcy court allows of our internal time charges and costs and expenses for the work performed during the relevant period and will constitute a request for an interim payment against the reasonable fee to be determined at the conclusion of our representation.

In preparation for the filing of any cases under the Bankruptcy Code, we also may require an additional on account payment to supplement the Initial Cash on Account to cover fees, charges and disbursements to be incurred during the initial phase of the chapter 11 cases (the "Additional Cash on Account"). We will hold the Additional Cash on Account, as we have the Initial Cash on Account. Of course, the reasonableness of the Additional Cash on Account remains subject to review by the court in any ensuing case.

If any of the Company's entities become a debtor in one or more cases under the Bankruptcy Code, some fees, charges, and disbursements (whether or not billed) incurred before the filing of bankruptcy petitions (voluntary or involuntary) might remain unpaid as of the date of the filing. The unused portion, if any, of the Initial Cash on Account and the Additional Cash on Account will be applied to any such unpaid pre-petition fees, charges and disbursements. Any requisite court permission will be obtained in advance. We will then hold any portion of the Initial Cash on Account and the Additional Cash on Account not otherwise properly applied for the payment of any such unpaid pre-filing fees, charges and disbursements (whether or not billed) as on account cash to be applied to our final invoice in any case under the Bankruptcy Code.

Post-petition fees, charges and disbursements will be due and payable immediately upon entry of an order containing such court approval or at such time thereafter as instructed by the court. The Company understands that while the arrangement in this paragraph may be altered in whole or in part by the bankruptcy court, the Company shall nevertheless remain liable for payment of court approved post-petition fees and expenses. Such items are afforded administrative priority under 11 U.S.C. § 503(b)(l). The Bankruptcy Code provides in pertinent part, at 11 U.S.C. § 1l29(a)(9)(A), that a plan cannot be confirmed unless these priority claims are paid in full in cash on the effective date of any plan (unless the holders of such claims agree to different treatment). It is agreed and understood that the unused portion, if any, of the Initial Cash on Account (as may be supplemented from time to time) and the



-4-

Mr. Jim Whitlinger
August 25, 2011

Additional Cash on Account shall be held by us and applied against the final fee application
filed and approved by the court.

4.    **Terms and Conditions**

The attached Standard Terms and Conditions set forth the duties of each party with respect to
the Services. Further, this letter and the Standard Terms and Conditions attached comprise the
entire Engagement Contract for the provision of the Services to the exclusion of any other
express or implied terms, whether expressed orally or in writing, including any conditions,
warranties and representations, and shall supersede all previous proposals, letters of
engagement, undertakings, agreements, understandings, correspondence and other
communications, whether written or oral, regarding the Services.

5.    **Conflicts of Interest**

Based on the list of interested parties (the "Potentially Interested Parties"), provided by you,
we have undertaken a limited review of our records to determine FTI's professional
relationships with the Company and its parent Ally Financial Inc.

From the results of such review, we were not made aware of any conflicts of interest or
additional relationships that we believe would preclude us from performing the Services.
However, as you know, we are a large consulting firm with numerous offices throughout the
United States. We are regularly engaged by new clients, which may include one or more of
the Potentially Interested Parties. We will not knowingly accept an engagement that directly
conflicts with this Engagement without your prior written consent.

6.    **Acknowledgement and Acceptance**

Please acknowledge your acceptance of the terms of this Engagement Contract by signing
both the confirmation below and the attached Standard Terms and Conditions and returning a
copy of each to us at the above address.

If you have any questions regarding this letter or the attached Standard Terms and Conditions, please
do not hesitate to contact William Nolan at 704-972-4101.

Yours faithfully,

FTI CONSULTING, INC.

By:    _____
        William J. Nolan
        Senior Managing Director

Attachment – As stated



Mr. Jim Whitlinger
August 25, 2011

<u>Confirmation of Terms of Engagement</u>

**We agree to engage FTI Consulting, Inc. upon the terms set forth herein and in the attached Standard Terms and Conditions.**

<u>Residential Capital, LLC</u>

By:  _____

      Jim Whitlinger
      Chief Financial Officer


Date:  _____

F T I
C O N S U L T I N G

Mr. Jim Whitlinger
August 25, 2011

## FTI CONSULTING, INC.

## STANDARD TERMS AND CONDITIONS

The following are the Standard Terms and Conditions on which we will provide the Services to you set forth within the attached letter of engagement with Residential Capital, LLC dated August 19, 2011. The Engagement letter and the Standard Terms and Conditions (collectively the "Engagement Contract") form the entire agreement between us relating to the Services and replace and supersede any previous proposals, letters of engagement, undertakings, agreements, understandings, correspondence and other communications, whether written or oral, regarding the Services. The headings and titles in the Engagement Contract are included to make it easier to read but do not form part of the Engagement Contract.

**1.    Reports and Advice**

1.1    **Use and purpose of advice and reports** – Any advice given or report issued by us is provided solely for your use and benefit and only in connection with the purpose in respect of which the Services are provided. Unless required by law, you shall not provide any advice given or report issued by us to any third party, or refer to us or the Services, without our prior written consent. In no event, regardless of whether consent has been provided, shall we assume any responsibility to any third party to which any advice or report is disclosed or otherwise made available.

**2.    Information and Assistance**

2.1    **Provision of information and assistance** – Our performance of the Services is dependent upon your providing us with such information and assistance as we may reasonably require from time to time.

2.2    **Punctual and accurate information** – You shall use reasonable skill, care and attention to ensure that all information we may reasonably require is provided on a timely basis and is accurate and complete and relevant for the purpose for which it is required. You shall also notify us if you subsequently learn that the information provided is incorrect or inaccurate or otherwise should not be relied upon.

2.3    **No assurance on financial data** – While our work may include an analysis of financial and accounting data, the Services will not include an audit, compilation or review of any kind of any financial statements or components thereof. Company management will be responsible for any and all financial information they provide to us during the course of this Engagement, and we will not examine or compile or verify any such financial information. Moreover, the circumstances of the Engagement may cause our advice to be limited in certain respects based upon, among other matters, the extent of sufficient and available data and the opportunity for supporting investigations in the time period. Accordingly, as part of this Engagement, we will not express any opinion or other form of assurance on financial statements of the Company.

2.4    **Prospective financial information** - In the event the Services involve prospective financial information, our work will not constitute an examination or compilation, or apply agreed-upon procedures, in accordance with standards established by the American Institute of Certified Public Accountants or otherwise, and we will express no assurance of any kind on such information. There will usually be differences between estimated and actual results, because events and circumstances frequently do not occur as expected, and those differences may be material. We will take no responsibility for the achievability of results or events projected or anticipated by the management of the Company.



Mr. Jim Whitlinger
August 25, 2011

**3.  Additional Services**

3.1  **Responsibility for other parties** – You shall be solely responsible for the work and fees of any other party engaged by you to provide services in connection with the Engagement regardless of whether such party was introduced to you by us.  Except as provided in this Engagement Contract, we shall not be responsible for providing or reviewing the advice or services of any such third party, including advice as to legal, regulatory, accounting or taxation matters.  Further, we acknowledge that we are not authorized under our Engagement Contract to engage any third party to provide services or advice to you, other than our agents or independent contractors engaged to provide Services, without your written authorization.

**4.  Confidentiality**

4.1  **Restrictions on confidential information** – Both parties agree that any confidential information received from the other party shall only be used for the purposes of providing or receiving Services under this or any other contract between us. Except as provided below, neither party will disclose the other party's confidential information to any third party without the other party's consent. Confidential information shall not include information that:

4.1.1  is or becomes generally available to the public other than as a result of a breach of an obligation under this Clause 4.1;

4.1.2  is acquired from a third party who, to the recipient party's knowledge, owes no obligation of confidence in respect of the information; or

4.1.3  is or has been independently developed by the recipient.

4.2  **Disclosing confidential information** – Notwithstanding Clause 1.1 or 4.1 above, either party will be entitled to disclose confidential information of the other to a third party to the extent that this is required by valid legal process, provided that (and without breaching any legal or regulatory requirement) where reasonably practicable not less than 2 business days' notice in writing is first given to the other party.

4.3  **Citation of engagement** – Without prejudice to Clause 4.1 and Clause 4.2 above, to the extent our engagement is or becomes known to the public, we may cite the performance of the Services to our clients and prospective clients as an indication of our experience, unless we and you specifically agree otherwise in writing.

4.4  **Internal quality reviews** – Notwithstanding the above, we may disclose any information referred to in this Clause 4 to any other FTI entity or use it for internal quality reviews.

4.5  **Maintenance of workpapers** – Notwithstanding the above, we may keep one archival set of our working papers from the Engagement, including working papers containing or reflecting confidential information, in accordance with our internal policies.

**5.  Termination**

5.1  **Termination of Engagement with notice** – Either party may terminate the Engagement Contract for whatever reason upon written notice to the other party. Upon receipt of such notice, we will stop all work immediately. You will be responsible for all fees and expenses incurred by us through the date termination notice is received.



Mr. Jim Whitlinger
August 25, 2011

5.2 **Continuation of terms** – The terms of the Engagement that by their context are intended to be performed after termination or expiration of this Engagement Contract, including but not limited to, Clauses 3 and 4 of the Engagement letter, and Clauses 1.1, 4, 6 and 7 of the Standard Terms and Conditions, are intended to survive such termination or expiration and shall continue to bind all parties.

## 6.    Indemnification and Liability Limitation; Waiver of Jury Trial

6.1 **Indemnification** - You agree to indemnify and hold harmless FTI and any of its subsidiaries and affiliates, officers, directors, principals, shareholders, agents, independent contactors and employees (collectively "Indemnified Persons") from and against any and all claims, liabilities, damages, obligations, costs and expenses (including reasonable attorneys' fees and expenses and costs of investigation) arising out of or relating to your retention of FTI, the execution and delivery of this Engagement Contract, the provision of Services or other matters relating to or arising from this Engagement Contract, except to the extent that any such claim, liability, obligation, damage, cost or expense shall have been determined by final non-appealable order of a court of competent jurisdiction to have resulted from the gross negligence or willful misconduct of the Indemnified Person or Persons in respect of whom such liability is asserted.

6.2 **Limitation of liability** - You agree that no Indemnified Person shall have any liability as a result of your retention of FTI, the execution and delivery of this Engagement Contract, the provision of Services or other matters relating to or arising from this Engagement Contract, other than liabilities that shall have been determined by final non-appealable order of a court of competent jurisdiction to have resulted from the gross negligence or willful misconduct of the Indemnified Person or Persons in respect of whom such liability is asserted.  Without limiting the generality of the foregoing, in no event shall any Indemnified Person be liable for consequential, indirect or punitive damages, damages for lost profits or opportunities or other like damages or claims of any kind.

6.3 **WAIVER OF JURY TRIAL** –TO FACILITATE JUDICIAL RESOLUTION AND SAVE TIME AND EXPENSE, YOU AND FTI IRREVOCABLY AND UNCONDITIONALLY AGREE NOT TO DEMAND A TRIAL BY JURY IN ANY ACTION, PROCEEDING OR COUNTERCLAIM ARISING OUT OF OR RELATING TO THE SERVICES OR ANY SUCH OTHER MATTER.

7.    **Governing Law and Jurisdiction-**The Engagement Contract shall be governed by and interpreted in accordance with the laws of the State of New York, without giving effect to the choice of law provisions thereof.  The United States District Court for the Southern District of New York and the appropriate Courts of the State of New York sitting in the Borough of Manhattan, City of New York shall have exclusive jurisdiction in relation to any claim, dispute or difference concerning the Engagement Contract and any matter arising from it. The parties submit to the jurisdiction of such Courts and irrevocably waive any right they may have to object to any action being brought in these Courts, to claim that the action has been brought in an inconvenient forum or to claim that those Courts do not have jurisdiction.

FTI CONSULTING, INC



Mr. Jim Whitlinger
August 25, 2011

***Confirmation of Standard Terms and Conditions***

We agree to engage FTI Consulting, Inc. upon the terms set forth in these Standard Terms and Conditions as outlined above.

Residential Capital, LLC

By: _____

Jim Whitlinger
Chief Financial Officer

Date: _____8|31|11_____



PRIVATE & CONFIDENTIAL

August 25, 2011

Mr. Jim Whitlinger
Chief Financial Officer
1100 Virginia Drive
Fort Washington, PA 19034

Re: Residential Capital, LLC

Dear Jim:

In accordance with the Company's restructuring initiatives and considering our prior relationship, we agree to provide a voluntary fee accommodation with respect to the professional fees for the scope and type of matters regularly worked on for the Company during its restructuring, in an amount of 15% as mutually agreed upon.  The voluntary fee accommodation will be calculated and applied to total fees on each periodic invoice issued to the Company in connection with our engagement under the Engagement Contact dated August 19, 2011.

Yours faithfully,

FTI CONSULTING, INC.

By: _____
    William Nolan
    Senior Managing Director

**Confirmation of Terms of Engagement**

**We agree to engage FTI Consulting, Inc. upon the terms set forth herein and in the Engagement Contract.**

Residential Capital, LLC

By: _____
    Jim Whitlinger
    Chief Financial Officer

Date: ___8/31/11_____

## EXHIBIT 6

## Addendum to the FTI Engagement Agreement



June 26, 2012

Mr. Jim Whitlinger
Chief Financial Officer
1100 Virginia Drive
Fort Washington, PA 19034

<u>**Re: Addendum to Letter of Engagement dated August 25, 2011 by and between FTI Consulting, Inc., and Residential Capital, LLC.**</u>

Dear Jim:

1. **Introduction**

   This Addendum to the Letter of Engagement by and among FTI Consulting, Inc., and Residential Capital, LLC (the "Client" or the "Debtors") dated August 25, 2011 (the "LOE"), hereby supplements the LOE with respect to the below terms and revises the payment terms and termination terms accordingly (hereinafter referred to as the "Addendum"). This Addendum is in connection with the Debtors' application (the "Application") for entry of an order under sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules for the Bankruptcy Court for the Southern District of New York (the "Local Rules"), authorizing the employment and retention of the consulting firm of FTI Consulting, Inc., together with its wholly owned subsidiaries, agents, independent contractors, and employees (collectively "FTI"), as financial advisor for the Debtors nunc pro tunc to May 14, 2012 (the "Petition Date"). Unless otherwise specified, capitalized terms used in this Addendum shall have the meaning given to them in the LOE.

2. **Modifications to the LOE**

   This Addendum is meant to amend the terms of the LOE and the related Standard Terms and Conditions to reflect the revised fee arrangements and the termination provisions within the Engagement Letter dated August 25, 2011 and to supplement and support the Debtors' Application. Unless specifically indicated within this Addendum or the Application, all terms and conditions of the Engagement Contract, as such term is defined in the LOE, shall remain in full force and effect.

3. **Fees**

   The Fee provisions as outlined in the LOE are modified by this Addendum as follows:

   Commencing on the Petition Date, FTI will seek payment for compensation of a monthly fixed fee of $1,750,000 per month until the later of March 31, 2013 or the sale of substantially all of the assets of the Debtors. After this time, FTI will seek payment for compensation of a monthly fixed fee of $1,250,000 until the Effective Date of the Chapter 11 Plan of

Mr. Jim Whitlinger
June 26, 2012

Reorganization or Liquidation (the "Monthly Fixed Fee"), plus reimbursement of actual and necessary expenses incurred by FTI, including legal fees related to this retention application and future fee applications as approved by the court.

In addition to the Monthly Fixed Fee, FTI will seek a completion fee of $4,300,000 (the "Completion Fee"), which will be considered earned and payable subject to Bankruptcy Court approval, upon the earliest occurrence of the following: (a) confirmation of Chapter 11 plan of reorganization or liquidation; or (b) the sale of substantially all of the Debtors' assets or (c) upon the Termination Date as outline below. FTI reserves the right to assert that the Completion Fee is earned and payable upon conversion of the Chapter 11 cases to Chapter 7 cases.

It should be noted, that the Monthly Fixed Fee does not reflect fees associated with extensive litigation, contested matters and related expert testimony requirements as these issues are unpredictable and, at least in part, out of the control of the Debtors and FTI. Should FTI be required to support the Debtors in litigation and/or contested matters, as a testifying expert, consulting expert or otherwise, FTI reserves the right to request additional compensation for such services on an hourly basis and a separate Retention Application for these services will submitted to the Court at that time. Similarly, although the Monthly Fixed Fee reflects ongoing and routine tax advisory services related to the bankruptcy and restructuring, it does not reflect extensive tax analyses or preparation of tax returns or defense thereof. Should these services be required, FTI reserves the right to request additional compensation for such services on an hourly basis and a separate Retention Application for these services will be submitted to the Court at that time.

## 4. Termination

The Termination provisions as outlined in the section 5.1 of the Standard Terms and Conditions of the LOE ("Termination of Engagement with Notice") are modified by this Addendum as follows:

Either party may terminate the Engagement Contract for whatever reason with 45 days written notice to the other party, termination being effective at the end of the 45 day notice period (the "Termination Date"). The Debtors will be responsible for all fees and expenses incurred by us through the Termination Date. For the avoidance of doubt, the fees and expenses will include the Completion Fee which will be considered earned upon the Termination Date, however, the Completion Fee will not be payable until the earlier of (a) confirmation of Chapter 11 plan of reorganization or liquidation; or (b) the sale of substantially all of the Debtors' assets.



Mr. Jim Whitlinger
June 26, 2012

**5.  Other Terms and Conditions**

Unless specifically indicated within this Addendum or the Application, all terms and
conditions of the Engagement Contract, as such term is defined in the LOE, shall remain in
full force and effect.

**6.  Acknowledgement and Acceptance**

Please acknowledge your acceptance of the terms of this Addendum by signing below.

If you have any questions regarding this letter, please do not hesitate to contact William Nolan at (704)
972-4101.

Very truly yours,

FTI CONSULTING, INC.

By: _____
William J. Nolan
Senior Managing Director

ACKNOWLEDGED AND AGREED:

By: _____
Name:  James Whitlinger
Title:   Chief Financial Officer

FTI CONSULTING

## **EXHIBIT 7**

### **Dispute Resolution Procedures**

## Dispute Resolution Procedures

The following procedures shall be used to resolve any controversy or claim ("dispute") as provided in this Agreement.  If any of these provisions are determined to be invalid or unenforceable, the remaining provisions shall remain in effect and binding on the parties to the fullest extent permitted by law.

### Mediation

A dispute shall be submitted to mediation by written notice to the other party or parties.  In the mediation process, the parties will try to resolve their differences voluntarily with the aid of an impartial mediator, who will attempt to facilitate negotiations.  The mediator will be selected by agreement of the parties.  If the parties cannot agree on a mediator, a mediator will be designated by the American Arbitration Association ("AAA") or JAMS/Endispute at the request of a party.  Any mediator so designated must be acceptable to all parties.

The mediation will be conducted as specified by the mediator and agreed upon by the parties.  The parties agree to discuss their differences in good faith and to attempt, with the assistance of the mediator, to reach an amicable resolution of the dispute.

The mediation will be treated as a settlement discussion and therefore will be confidential.  The mediator may not testify for either party in any later proceeding relating to the dispute.  No recording or transcript shall be made of the mediation proceedings.

Each party will bear its own costs in the mediation.  The fees and expenses of the mediator will be shared equally by the parties.

### Arbitration

If a dispute has not been resolved within 90 days after the written notice beginning the mediation process (or a longer period, if the parties agree to extend the mediation), the mediation shall terminate and the dispute will be settled by arbitration.   The arbitration will be conducted in accordance with the procedures in this document and the Arbitration Rules for Professional Accounting and Related Services Disputes of the AAA ("AAA Rules").