**Hearing Date and Time: July 13, 2012 at 10:00 a.m. (prevailing Eastern time)**
**Objection Deadline: July 6, 2012 at 4:00 p.m. (prevailing Eastern time)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Larren M. Nashelsky
Gary S. Lee
Lorenzo Marinuzzi

*Proposed Counsel for the Debtors and*
*Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
In re:                                           :   Case No. 12-12020 (MG)
                                                 :
RESIDENTIAL CAPITAL, LLC, et al.,                :   Chapter 11
                                                 :
                              Debtors.            :   Jointly Administered
-------------------------------------------------------------x

### DEBTORS' APPLICATION FOR ORDER UNDER BANKRUPTCY CODE SECTIONS 327(a) AND 328(a), BANKRUPTCY RULE 2014(a) AND LOCAL RULE 2014-1 AUTHORIZING THE EMPLOYMENT AND RETENTION OF CURTIS, MALLET-PREVOST, COLT & MOSLE LLP AS CONFLICTS COUNSEL *NUNC PRO TUNC* TO THE PETITION DATE

TO THE HONORABLE MARTIN GLENN, UNITED STATES BANKRUPTCY JUDGE:

Residential Capital, LLC ("**ResCap**"), and the other debtors and debtors-in-possession in the above-captioned cases (each a "**Debtor**" and collectively, the "**Debtors**," and, together with its non-Debtor affiliates, the "**Company**")[1] in the above-referenced Chapter 11 cases (the "**Chapter 11 Cases**"), hereby apply (the "**Application**") for entry of an order (the "**Order**"), in substantially the form attached hereto as **Exhibit 1**, pursuant to sections 327(a) and 328(a) of Title 11 of the United States Code, as amended (the "**Bankruptcy Code**") and Rule

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the Whitlinger Affidavit (defined below). Several additional subsidiaries and affiliates of the Debtors may file Chapter 11 petitions on a rolling basis. As used herein, the term "Debtors" includes any such entities.

2014(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") authorizing

the Debtors to employ and retain Curtis, Mallet-Prevost, Colt & Mosle LLP ("**Curtis**") as

conflicts counsel for the Debtors, effective *nunc pro tunc* to the Petition Date (as defined below).

In support of this Application, the Debtors rely upon and incorporate by reference the Whitlinger

Affidavit (defined below) and submit the declaration of Steven J. Reisman, a partner of Curtis

(the "**Reisman Declaration**") attached hereto as **Exhibit 2**.    In further support of the

Application, the Debtors respectfully state as follows:

### JURISDICTION

1.        This Court has jurisdiction to consider this Application under 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and

this Application in this district is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory

predicates for the relief requested herein are Bankruptcy Code sections 327(a) and 328(a) as

supplemented by Bankruptcy Rule 2014 and Rules 2014-1 and 2016-1 of the Local Bankruptcy

Rules for the United States Bankruptcy Court for the Southern District of New York (the "**Local**

**Rules**").

### BACKGROUND

2.        On May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a

voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code.  The Debtors

are managing and operating their businesses as debtors-in-possession pursuant to Bankruptcy

Code sections 1107(a) and 1108.  These cases are being jointly administered pursuant to

Bankruptcy Rule 1015(b).  No trustee has been appointed in these Chapter 11 cases; however,

the Court has directed that an examiner be appointed.

3.      On May 16, 2012, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed a nine member official committee of unsecured creditors (the "**Creditors' Committee**").

4.      The Debtors are a leading residential real estate finance company indirectly owned by Ally Financial Inc., which is not a Debtor.  The Debtors and their non-debtor affiliates operate the fifth largest mortgage servicing business and the tenth largest mortgage origination business in the United States.  A more detailed description of the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these bankruptcy cases, is set forth in the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings, filed with the Court on the Petition Date* (the "**Whitlinger Affidavit**") [Docket No. 6].

## RELIEF REQUESTED

5.      By the Application, the Debtors respectfully request authority to retain and employ Curtis as their conflicts counsel in connection with these Chapter 11 Cases effective *nunc pro tunc* to the Petition Date pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 and Local Bankruptcy Rules 2014-1 and 2016-1 and in accordance with the terms and conditions set forth in that certain engagement letter between the Debtors and Curtis dated as of March 5, 2012 (the "**Engagement Letter**"), as such Engagement Letter is modified by the relief requested herein and the terms of the order approving the Application.  A copy of the Engagement Letter is annexed as **Exhibit 1-A** to **Exhibit 1** attached hereto.

6.      Contemporaneously with the Application, the Debtors are filing an application to retain and employ Morrison & Foerster LLP ("**MoFo**") as their lead counsel in

these Chapter 11 Cases.  As discussed herein, MoFo is aware of certain actual or potential

conflicts of interest that it has in connection with its representation of the Debtors.  Accordingly,

the Debtors seek to employ and retain Curtis to handle matters that are not appropriately handled

by MoFo or other counsel to the Debtors, because of actual or potential conflict of interest issues.

7.    The Debtors have been informed that Steven J. Reisman, a member of

Curtis, as well as other members of, counsel to, and associates of Curtis who will be employed in

these Chapter 11 Cases, are members in good standing of the Bar of the State of New York and

the United States District Court for the Southern District of New York, among other courts.

8.    The Debtors have selected Curtis as conflicts counsel because the

retention of Curtis will enhance the ability of MoFo to represent the Debtors generally and assist

the Debtors in carrying out their duties in the Chapter 11 Cases.  The Debtors believe that, rather

than resulting in extra expense to the Debtors' estates, the retention of Curtis as conflicts counsel

will promote the effective and economical representation of the Debtors in the Chapter 11 Cases.

Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, the Debtors request that the

Court approve the retention of Curtis as their conflicts counsel, to perform services that will be

necessary during these cases in accordance with Curtis's normal hourly rates and policies in

effect when Curtis renders the services or incurs the expenses.

9.    Curtis has stated its desire and willingness to act in these cases and render

the necessary professional services as conflicts counsel for the Debtors.  Curtis has assured the

Debtors that it will work closely with MoFo and the Debtors to take care not to duplicate the

efforts of MoFo, or any other counsel of the Debtors retained in the Chapter 11 Cases.  Curtis'

role in the Chapter 11 Cases is limited to discrete matters where it is or may be inappropriate for

MoFo to assist the Debtors due to the existence of an actual or potential conflict or, alternatively

-4-

and upon further notice, which the Debtors, MoFo, or other counsel to the Debtors request to be

handled by Curtis.  As a result, it is relatively simple for MoFo and Curtis to avoid duplication of

efforts, and Curtis will endeavor to coordinate with MoFo and any other counsel retained by the

Debtors that are involved significantly in the Chapter 11 Cases to avoid duplication and

inefficiency.

10.    Curtis has been involved in a number of other significant Chapter 11 cases

where it served as conflicts counsel in this District.  Curtis has found that the relationship works

best when the debtors or their counsel promptly inform Curtis of any matter where there is

involvement of another client of the relevant counsel's firm, even if the debtors' counsel are not

adverse to that client.  It is anticipated that as soon as Curtis is notified of a transaction, motion

or litigation affecting a client of MoFo, or such other counsel to the Debtors, where such counsel

is adverse to their client, Curtis will be responsible for advising the Debtors on such transaction,

motion or litigation.  This best serves the Debtors' fiduciary obligation to all creditors.  For those

matters in which the Debtors' other counsel are clearly adverse to any client of such other

counsel, Curtis will be responsible for advising the Debtors.

11.    In preparing for its representation of the Debtors in the Chapter 11 Cases,

Curtis has become familiar with the Debtors' businesses and many of the potential legal issues

that may arise in the context of the Chapter 11 Cases.  The Debtors believe that Curtis is both

well qualified and uniquely able to represent them in the Chapter 11 Cases in an efficient and

timely manner.

12.    The employment of Curtis is appropriate and necessary to enable the

Debtors to faithfully execute their duties in the Chapter 11 Cases, and to implement the

restructuring and/or reorganization of the Debtors.

**SCOPE OF SERVICES**

13.     Subject to this Court's approval, and after consulting with the Debtors,

Curtis will render professional services to the Debtors for certain discrete matters, which may

include the following services, in connection with matters where MoFo or other counsel to the

Debtors may not be able to act as a result of an actual or potential conflict of interest:

a.     advise the Debtors with respect to their powers and duties as debtors-in-possession in the continued management and operation of their businesses and properties;

b.     attend meetings and negotiate with representatives of creditors and other parties in interest;

c.     take necessary action to protect and preserve the Debtors' estates, including prosecuting actions on the Debtors' behalf, defending any action commenced against the Debtors and representing the Debtors' interests in negotiations concerning litigation in which the Debtors are involved, including objections to claims filed against the estates;

d.     prepare motions, applications, answers, orders, appeals, reports and papers necessary to the administration of the Debtors' estates;

e.     take any necessary action on behalf of the Debtors to obtain approval of a disclosure statement and confirmation of one or more Chapter 11 plans;

f.     represent the Debtors in connection with obtaining postpetition financing, including use of cash collateral;

g.     advise the Debtors in connection with any potential sale of assets;

h.     appear before the Court, any appellate courts and the U.S. Trustee, and protect the interests of the Debtors' estates before those Courts and the U.S. Trustee;

i.     consult with the Debtors regarding tax matters; and

j.     perform all other legal services for the Debtors in connection with these cases, as required under the Bankruptcy Code and Bankruptcy Rules, including, without limitation, (i) the analysis of the Debtors' leases and executory contracts and the assumption, rejection or assignment thereof, (ii) the analysis of the validity of liens against the Debtors, (iii) the analysis of issues concerning the

transfer of claims against, and equity securities in, the Debtors as they may impact net operating losses of the Debtors; and (iv) advice on corporate, litigation, employment, intellectual property, governmental investigatory, regulatory and environmental matters.

14.     Should the Debtors prior to confirmation of a plan of reorganization seek to expand the role of Curtis beyond conflicts matters (for example, matters where the Debtors, MoFo or other counsel to the Debtors may determine that the use of Curtis is more cost effective to the Debtors' estates or where the Debtors, MoFo or other counsel to the Debtors otherwise specifically ask Curtis to act), Curtis will file with the Court a notice of expanded role, including a description of such expanded services, and serve such notice and description, on (a) the Office of the U.S. Trustee and (b) any official committee(s) appointed in these Chapter 11 Cases.  All parties shall have seven (7) days from the date of such notice to object to such expanded role.

15.     The Debtors seek to retain Curtis as their conflicts counsel because Curtis has extensive expertise, experience and knowledge in the field of debtors' and creditors' rights and business reorganization under Chapter 11 of the Bankruptcy Code as well as other areas of the law where the Debtors may need legal advice.  Curtis also possesses extensive experience practicing before this Court and other bankruptcy courts throughout the United States.

16.     Curtis has been actively involved in major bankruptcy cases throughout the United States, including some of the largest cases before this Court.  For example, Curtis is presently or has been involved as conflicts/special counsel in *In re Hawker Beechcraft, Inc., et al.*, Case No. 12-11873, *In re General Maritime Corporation, et al.*, Case No. 11-15285, *In re Sbarro, Inc., et al.,* Case No. 11-11527, *In re FGIC Corp.*, Case No. 10-14215, *In re Lear Corp.*, Case No. 09-14326, *In re Charter Communications, Inc.*, Case No. 09-11435, *In re CIT Group, Inc., et al.,* Case No. 09-16565, *In re Readers' Digest Association, Inc., et al.*, Case No. 09-23529, *In re Star Tribune Holdings Corporation, et al.*, Case No. 09-10244, *In re Bally Total*

*Fitness of Greater N.Y., Inc.*, Case No. 08-14818, *In re Lehman Bros. Holdings, Inc.*, Case

No. 08-13555, *In re Silicon Graphics, Inc.*, Case No. 06-10977, *In re Musicland Holding Corp.*,

Case No. 06-10064, *In re Calpine Corp.*, Case No. 05-60200, *In re Northwest Airlines Corp.*,

Case No. 05-17930, *In re Parmalat Finanziaria S.p.A.*, Case No. 04-14268, and *In re Lodgian,*

*Inc.*, Case No. 01-16345.

17. The Debtors believe that Curtis is both well-qualified and uniquely able to

perform as conflicts counsel for the Debtors in the Chapter 11 Cases in an effective, efficient and

timely manner.

18. In the *Declaration of Larren M. Nashelsky in Support of Debtors'*

*Application for Entry of an Order Pursuant to Section 327(a) of the Bankruptcy Code and*

*Bankruptcy Rules 2014 and 2016 Authorizing the Retention and Employment of Morrison &*

*Foerster LLP as Bankruptcy Counsel to the Debtors Nunc Pro Tunc to the Petition Date* (the

"**Nashelsky Declaration**"), MoFo makes certain disclosures with regard to present and former

representations. To the extent an issue arises in connection with certain clients that in the view

of MoFo could give rise to an actual or potential conflict as further set forth in the Nashelsky

Declaration, such issue will be addressed by Curtis. Subject to the terms of the Application and

the Reisman Declaration, Curtis will represent the Debtors in all matters in which MoFo has an

actual or potential conflict, as well as the conflict parties of any other counsel to the Debtors or

any other parties that MoFo may subsequently disclose with whom it has a conflict.

## TERMS OF RETENTION

19. The Debtors understand that Curtis intends to apply for compensation for

professional services rendered in connection with these Chapter 11 Cases, subject to the Court's

approval and in compliance with applicable provisions of the Bankruptcy Code, Bankruptcy

Rules, the Local Rules, the guidelines established by the Office of the United States Trustee (the

"**Guidelines**"), and further orders of this Court, on an hourly basis, plus reimbursement of actual,

necessary expenses and other charges that Curtis incurs on the Debtors' behalf.

20.     Pursuant to the Bankruptcy Code, the Debtors may retain Curtis on any

reasonable terms and conditions.  The Debtors submit that the most reasonable terms and

conditions are those on which Curtis is retained by clients on a regular basis in a competitive

market for legal services.  Therefore, the Debtors and Curtis have agreed that Curtis shall be paid

its customary hourly rates for services rendered that are in effect from time to time, as set forth

below and in the Reisman Declaration, and shall be reimbursed according to Curtis' and the

Debtors' customary reimbursement policies consistent with the Bankruptcy Code, Bankruptcy

Rules, Local Rules, the Guidelines and such other procedures as may be fixed by order of this

Court.  Curtis' hourly rates are based on, among other things, the individual professional's level

of expertise and experience.

21.     The current hourly rates charged by Curtis for each of the above-

referenced services to be provided on an hourly basis are, subject to change from time to time,

$730 to $830 for partners, $510 to $625 for counsel, $300 to $590 for associates, $190 to $230

for paraprofessionals, $450 for managing clerks, and $55 to $325 for other support personnel.

22.     These hourly rates are subject to periodic adjustments to reflect economic

and other conditions.  The rates set forth above are at a level designed to fairly compensate

Curtis for the work of its attorneys and paraprofessionals and to cover fixed and routine overhead

expenses.  The hourly rates and corresponding rate structure to be utilized by Curtis in these

cases are equivalent to the hourly rate structure predominantly used by Curtis for bankruptcy,

restructuring, insolvency and comparable matters, and similarly complex corporate, securities

and litigation matters whether in court or otherwise, regardless of whether a fee application is required.

23.     It is Curtis' policy to charge its clients for all expenses incurred in connection with the client's account.  The expenses charged to clients include, among other things, telephone toll and other charges, mail and express mail charges, special or hand delivery charges, photocopying charges, travel expenses, expenses for "working meals," computerized research, messengers, couriers, postage and non-ordinary overhead expenses such as overtime for secretaries and others.  Curtis charges the Debtors for these types of expenses in a manner and at rates consistent with charges made generally to Curtis' other clients but reduced and limited as necessary to comply with the Bankruptcy Code, Bankruptcy Rules, Local Rules, the Guidelines, further orders of this Court and certain policies of the Debtors.  Curtis believes that it is more equitable to charge these expenses to the clients incurring such expenses, as opposed to increasing hourly rates and spreading the expenses among all clients.

24.     Subject to the Court's approval, and in accordance with sections 328(a), 330(a) and 331 of the Bankruptcy Code, the applicable provisions of the Bankruptcy Rules and the Local Rules, the Guidelines and further orders of this Court, Curtis intends to apply to the Court for payment of compensation and reimbursement of expenses.  Curtis shall submit with its fee applications detailed daily time entries for each individual in one-tenth (.10) of an hour increments explaining the services provided, as well as a categorized summary of all disbursements and expenses for which Curtis is seeking reimbursement.

25.     Prior to the Petition Date, Curtis received a retainer as disclosed in the Reisman Declaration for its prepetition and postpetition services rendered and expenses incurred on behalf of the Debtors.  The Debtors have agreed that the retainer was earned upon receipt and

will be adjusted according to the terms of the engagement letter, a copy of which is attached

hereto as **Exhibit 1-A** to **Exhibit 1**. Curtis has offset $131,645.10 for prepetition fees and

expenses incurred during the period of March 5, 2012 through May 13, 2012 against the

$250,000 retainer and shall apply the balance of $118,354.90 to postpetition fees and expenses,

as permitted by the Bankruptcy Code and further orders of the Court.

26.    In the one year period immediately prior to the Petition Date, Curtis

received payments aggregating $250,000 (the amount of the retainer) in connection with its

representation of the Debtors. The balance of the retainer remaining will not be held by Curtis,

but will be applied against the first postpetition fees and expenses approved pursuant to

procedures established by the Court for awarding fees and expenses to Curtis.

27.    As of the Petition Date, the Debtors did not owe Curtis any amounts for

legal services rendered or expenses incurred before the Petition Date which are not covered by

the retainer. Thus, as of the Petition Date, Curtis was not a creditor of the Debtors.

## CURTIS' DISINTERESTEDNESS

28.    To the best of the Debtors' knowledge, and except as disclosed in the

Reisman Declaration, Curtis does not hold or represent any interests adverse to the Debtors, their

creditors, or any other party in interest, or their respective attorneys and accountants. Curtis is a

"disinterested person," as that phrase is defined in section 101(14) of the Bankruptcy Code, as

modified by section 1107(b) of the Bankruptcy Code, and does not hold or represent any interest

adverse to the Debtors' estates. Curtis' employment as conflicts counsel is necessary and in the

best interests of the Debtors and the Debtors' estates. The Debtors have been informed that

Curtis will conduct an ongoing review of its files to ensure that no disqualifying circumstances

arise, and if any new relevant facts or relationships are discovered, Curtis will supplement its

disclosure to the Court, as required by Bankruptcy Rule 2014(a).

## MOTION PRACTICE

29.     The Application includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated, and a discussion of their application to the Application.  Accordingly, the Debtors submit that the Application satisfies Local Bankruptcy Rule 9013-1(a).

## NOTICE

30.     Notice of this Motion has been provided by facsimile, electronic transmission, overnight delivery, or hand delivery to the following parties, or in lieu thereof, to their counsel: (a) the Office of the United States Trustee for the Southern District of New York; (b) the Office of the United States Attorney General; (c) the Office of the New York Attorney General; (d) the Office of the United States Attorney for the Southern District of New York; (e) the Internal Revenue Service; (f) the Securities and Exchange Commission; (g) each of the Debtors' prepetition lenders, or their agents, if applicable; (h) each of the indenture trustees for the Debtors' outstanding notes issuances; (i) Ally Financial Inc.; (j) Barclays Bank PLC, as administrative agent for the lenders under the debtor in possession financing facility; (k) Nationstar Mortgage LLC and its counsel; (l) the Creditors' Committee; (m) the parties included on the Debtors' list of fifty (50) largest unsecured creditors; and (n) all parties requesting notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

## NO PRIOR REQUEST

31.     No prior application for the relief requested herein has been made to this or any other Court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially the form attached hereto as **Exhibit 1**, authorizing the Debtors to employ and retain Curtis as their conflicts counsel, effective *nunc pro tunc* to the Petition Date and grant such other further relief as is just and proper.

Dated: June 27, 2012
      New York, New York

RESIDENTIAL CAPITAL, LLC, *et al*.

By: /s/      James Whitlinger
    Name:   James Whitlinger
    Title:    Chief Financial Officer
            Residential Capital, LLC

**<u>EXHIBIT 1</u>**

**<u>Proposed Order</u>**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

In re:                                              :    Chapter 11
                                                    :
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,              :    Case No. 12-12020 (MG)
                                                    :
                                Debtors.            :    Jointly Administered

-------------------------------------------------------------x

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF**
**CURTIS, MALLET-PREVOST, COLT & MOSLE LLP**
**AS CONFLICTS COUNSEL FOR THE DEBTORS**
***NUNC PRO TUNC* TO THE PETITION DATE**

Upon the Application[1] of Residential Capital, LLC and certain of its affiliates, as

debtors and debtors-in-possession (each a "**Debtor**" and collectively, the "**Debtors**"), pursuant to

sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016, and

Local Bankruptcy Rules 2014-1 and 2016-1, for entry of an order (this "**Order**") authorizing the

Debtors to employ and retain Curtis, Mallet-Prevost, Colt & Mosle LLP ("**Curtis**") as conflicts

counsel for the Debtors, effective *nunc pro tunc* to the Petition Date, all as more fully described

in the Application; and upon consideration of the Declaration of Steven J. Reisman, a partner of

Curtis (the "**Reisman Declaration**"); and the Court having jurisdiction to consider the

Application and the relief request therein in accordance with 28 U.S.C. §§ 157 and 1334 and the

Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York

Any and All Proceedings Under Title 11, dated July 19, 1984 (Ward, Acting C.J.); and

consideration of the Application and the relief requested therein being a core proceeding

pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before the Court pursuant to 28

U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided as

---

[1] Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Application.

reflected in the Application and the certificates of service on file in these Chapter 11 Cases, and

it appearing that no other or further notice need be provided; and the Court having reviewed the

Application and having heard the statements in support of the relief requested therein at a

hearing before the Court (the "**Hearing**"); and the Court being satisfied based on the

representations made in the Application and the Reisman Declaration that the partners, counsel

and associates of Curtis who will be engaged in the Chapter 11 Cases represent no interest

adverse to the Debtors, their creditors, or any other party in interest, or their respective attorneys

and accountants with respect to the matters upon which it is to be engaged other than as

disclosed in the Reisman Declaration; and that Curtis is disinterested as that term is defined

under section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the

Bankruptcy Code; and the Court having found and determined that the relief sought in the

Application is in the best interests of the Debtors, their estates and creditors, and all parties in

interest and that the legal and factual bases set forth in the Application establish just cause for the

relief granted herein; and the Court having found and determined that the relief sought in the

Application is in the best interests of the Debtors, their estates and creditors, and all parties in

interest; and that the legal and factual bases set forth in the Application establish just cause for

the relief granted herein; and after due deliberation and sufficient cause appearing therefore:

IT IS HEREBY ORDERED THAT:

1.      The Application is granted as set forth herein.

2.      Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code,

Bankruptcy Rule 2014, and Local Bankruptcy Rule 2014-1, the Debtors are authorized to

employ and retain Curtis as their conflicts counsel on the terms set forth in the Application, the

Reisman Declaration and that certain engagement letter attached hereto as **Exhibit 1-A** (the

"**Engagement Letter**") in accordance with Curtis' normal hourly rates and disbursement policies, effective *nunc pro tunc* to the Petition Date.

3.      Curtis will render professional services to the Debtors for certain discrete matters, which may include the following services for matters where MoFo or other counsel for the Debtors, may not be able to act as a result of an actual or potential conflict of interest:

     a.      advise the Debtors with respect to their powers and duties as debtors-in-possession in the continued management and operation of their businesses and properties;

     b.      attend meetings and negotiate with representatives of creditors and other parties in interest;

     c.      take necessary action to protect and preserve the Debtors' estates, including prosecuting actions on the Debtors' behalf, defending any action commenced against the Debtors and representing the Debtors' interests in negotiations concerning litigation in which the Debtors are involved, including objections to claims filed against the estates;

     d.      prepare motions, applications, answers, orders, appeals, reports and papers necessary to the administration of the Debtors' estates;

     e.      take any necessary action on behalf of the Debtors to obtain approval of a disclosure statement and confirmation of one or more Chapter 11 plans;

     f.      represent the Debtors in connection with obtaining postpetition financing, including use of cash collateral;

     g.      advise the Debtors in connection with any potential sale of assets;

     h.      appear before the Court, any appellate courts and the U.S. Trustee, and protect the interests of the Debtors' estates before those Courts and the U.S. Trustee;

     i.      consult with the Debtors regarding tax matters; and

     j.      perform other necessary legal services and provide other necessary legal advice to the Debtors in connection with these cases, including (i) the analysis of the Debtors' leases and executory contracts and the assumption, rejection or assignment thereof, (ii) the analysis of the validity of liens against the Debtors' interests in property, (iii) the analysis of issues concerning the

transfer of claims against, and equity securities in, the Debtors as they may impact net operating losses of the Debtors; and (iv) advice on corporate, litigation, employment, intellectual property, governmental investigatory, regulatory and environmental matters.

4.     Should the Debtors prior to confirmation of any plan of reorganization seek to expand the role of Curtis beyond conflicts matters, Curtis shall file with the Court a notice of expanded role, including a description of such expanded services, and serve such notice and description, on (a) the U.S. Trustee and (b) any official committee(s) appointed in these Chapter 11 Cases. All parties shall have seven (7) days from the date of such notice to object to such expanded role.

5.     Curtis shall be compensated in accordance with and will file interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Amended Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals, dated November 25, 2009, the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, dated November 25, 2009, and any order entered by the Court approving monthly compensation.

6.     Curtis shall apply any remaining amounts of its prepetition retainer as a credit toward postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to the procedures established by the Court for awarding fees and expenses to Curtis.

7.     Curtis shall file with the Court and serve upon the U.S. Trustee and the Creditors' Committee appointed in these Chapter 11 cases a notice of any changes to its hourly billing rates for attorneys or other personnel performing services for the Debtors.

8.      The U.S. Trustee's right to object to the reimbursement of any and all of the expenses described in the Application, the Reisman Declaration, or the Engagement Letter, are expressly reserved.

9.      Notwithstanding anything to the contrary in the Application, Reisman Declaration, or Engagement Letter, Curtis shall not withdraw as Debtors' counsel prior to the effective date of any Chapter 11 plan confirmed in these Chapter 11 Cases without prior approval of the Court in accordance with Local Bankruptcy Rule 2090-1(e).

10.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application and the terms of the Engagement Letter executed by the Debtors and Curtis consistent with this Order as approved by the Court.

11.     To the extent the terms of this Order are in any way inconsistent with the Application, Reisman Declaration, or Engagement Letter, the terms of this Order shall govern.

12.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13.     The requirements set forth in Local Bankruptcy Rule 9013-1(a) are satisfied by the contents of the Application.

14.     The Court retains jurisdiction with respect to all matters arising from, or related to, the interpretation and implementation of this Order.

15.     Notice of the Application as provided herein shall be deemed good and sufficient notice of the Application.

16.     Nothing contained in this Order shall prohibit the Debtors from seeking to expand the scope of Curtis' retention to the extent necessary in the future by separate application to the Court.

17.     Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

18.     Curtis shall be entitled to payment of fees and reimbursement of expenses for services provided by Curtis prior to the entry of this Order in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the guidelines established by the Office of the U.S. Trustee, and further orders of this Court, to the same extent as if such services were provided subsequent to the entry of this Order.

Dated:  July ___, 2012
        New York, New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

## **EXHIBIT 1-A**

**Engagement Letter**

# CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

| | | | |
|---|---|---|---|
| ALMATY | LONDON | | |
| ASTANA | MEXICO CITY | **ATTORNEYS AND COUNSELLORS AT LAW** | TELEPHONE 212-696-6000 |
| DUBAI | MILAN | | FACSIMILE 212-697-1559 |
| FRANKFURT | MUSCAT | 101 PARK AVENUE | WWW.CURTIS.COM |
| HOUSTON | PARIS | NEW YORK, NEW YORK 10178-0061 | |
| ISTANBUL | WASHINGTON, D.C. | | |

**WRITER'S DIRECT:**
TEL.: 212-696-6065
E-MAIL SREISMAN@CURTIS.COM

March 5, 2012

**_VIA_ EMAIL (tammy.hamzehpour@gmacrfc.com)**

Tammy P. Hamzehpour, Esq.
General Counsel
Residential Capital, LLC
1100 Virginia Drive
MC: 190_FTW-M01
Fort Washington, PA 19034

Re:    **Engagement Agreement**

Dear Tammy:

It was a pleasure meeting with you on February 10, 2012.  Thank you for your time.  We are pleased that Residential Capital, LLC and its subsidiaries (collectively, the "Client") have requested Curtis, Mallet-Prevost, Colt & Mosle LLP (the "Firm") to act as conflicts counsel in connection with the Client's restructuring and, to the extent necessary, any related Chapter 11 case or cases concerning the Client (collectively, the "Restructuring") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

This engagement letter confirms the Firm's understanding concerning the Client's engagement of this Firm and the basis upon which the Firm will represent the Client in its Restructuring and such other matters as are assigned to the Firm in the future and that the Firm agrees to undertake (the "Engagement").  This engagement letter sets forth the terms of the Firm's arrangements for all matters, including staffing, fees and waivers, the scope of its engagement, the basis on which the Firm will present its bills for fees, services, related charges and disbursements, and certain limitations on the Firm's services arising from potential conflicts of interests.  As usual, our Engagement is to represent the Client and not its individual directors, officers, employees or shareholders.  However, the Firm anticipates that in the course of that Engagement, it may provide information or advice to directors, officers or employees in their corporate capacities or as otherwise consented to by the Firm including as described below.

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
ATTORNEYS AND COUNSELLORS AT LAW

Tammy P. Hamzehpour, Esq.
Page 2                                                    March 5, 2012

I will be the principal member of the Firm who will be responsible for representing the Client in the Engagement.  I will be assisted, as appropriate, by the other partner(s), counsel, associate(s) listed, with their billing rates, on Exhibit A-1.

We understand that the Client has retained Morrison & Foerster LLP ("MoFo") as its lead restructuring counsel.  The Firm will represent the Client as conflicts counsel in its efforts to work out its present financial circumstances, which may include restructuring its financial affairs and capital structure and providing legal advice to the Client with respect to proposals from one or more third-party investors or potential purchasers.  The services to be provided by the Firm in connection with this Engagement will encompass all services normally and reasonably associated with this type of engagement which the Firm is requested and is able to provide and which are consistent with its ethical obligations.

As legal counsel, the Firm is not in a position to, and the Client has not retained the Firm to, provide financial advice.  With respect to this Engagement, we will closely coordinate with the Client and MoFo as to the nature of the services to be rendered by the Firm and the scope of its Engagement.

This Engagement may involve advice as to corporate transactions and corporate governance, negotiations, out-of-court agreements with creditors, equity holders, prospective acquirers and investors, review of documents, preparation of agreements, review and preparation of pleadings, court appearances and such other activities that are deemed necessary and desirable.  While the Client is pursuing diverse corporate strategies to address its current financial concerns, the Firm agrees that this Engagement also will include advice to, and representation of, the Client as debtors and debtors-in-possession, should the Client seek relief pursuant to the provisions of the Bankruptcy Code, subject to approval of the Firm's retention by the Bankruptcy Court.

If the Client determines that the filing of reorganization case(s) under Chapter 11 of the Bankruptcy Code is appropriate, the Firm, as conflicts counsel, will perform services on the matters which MoFo cannot handle as a result of an actual or potential conflict of interest and other discrete duties as are assigned by MoFo to the Firm.  Subject to ethical constraints regarding conflicts of interest, and such Bankruptcy Court approvals as may be necessary, the Firm believes that it will be available to represent the Client in any litigation which may arise in the Restructuring.  In order to avoid duplication of effort, the Firm will work closely with both MoFo and the Client to arrive at an appropriate division of labor with respect to the legal tasks involved with particular attentiveness to efficiency and cost savings.  In addition, the Client and the Firm understand that the United States Trustee retains all rights to object to the Firm's fee applications (including expense reimbursement) in connection with the Restructuring on all grounds, including, but not limited to, the reasonableness standard provided for in Section 330 of the Bankruptcy Code.

11292993

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
ATTORNEYS AND COUNSELLORS AT LAW

Tammy P. Hamzehpour, Esq.
Page 3
March 5, 2012

   The Client and the Firm understand that to the extent this engagement letter is inconsistent with the terms of any order entered by the Bankruptcy Court in any Restructuring regarding the Client's retention of the Firm for the Engagement, the terms of such order shall govern.

   The enclosed Terms of Engagement contain the Firm's practices and policies on fees, billing, collection, conflicts and other material terms of our Engagement.  Although it is not the Firm's intention to be unduly formal in its dealings with the Client, the rules covering the Firm's professional obligations require that the Firm establish a common understanding as to the terms and conditions of its engagement.  The Firm acknowledges receipt of the Client's U.S. Law Firm Billing Policies and Procedures (the "Billing Policies"), and agrees to comply with the same, even to the extent that they may conflict with the Firm's Terms of Engagement.

   In connection with this Engagement, the Firm is requesting from the Client a retainer in the amount of $250,000, which will be paid through the Client's e-billing system, in as expedited manner as possible.  The Firm will apply this advance toward its fees and charges as they are billed.  At the time the Firm renders future Billing Statements, the Client will be asked to make an additional payment to the Firm to restore the advance to its initial level of $250,000.  Any funds that the Client deposits with the Firm as an advance against the Firm's fees and charges will be treated as property of the Firm.  However, any unused portion of such advance not necessary to pay for fees and expenses for this engagement after the Firm's services are concluded will be returned to the Client.

   If the contents of this letter and the attached Terms of Engagement meet with your approval and accurately reflect your understanding of your agreement with the Firm, please sign one copy of this agreement and return it to my attention by fax at (212) 697-1559 or by e-mail in PDF format at sreisman@curtis.com with an original signature to follow by mail.  By signing on behalf of the Client in the space provided below, you hereby represent that you are duly authorized to enter into this engagement agreement on behalf of the Client.

   We look forward to working with you on this matter.

       Sincerely,

       */s/ Steven J. Reisman*

       Steven J. Reisman
       A Member of the Firm

Attachments

AGREED AND ACKNOWLEDGED
as of  March 5, 2012:


Residential Capital, LLC and its subsidiaries


By:  */s/ Tammy P. Hamzehpour*
Name: Tammy P. Hamzehpour
Title:   General Counsel


cc:   Larren M. Nashelsky, Esq. (w/ attachment, *Via* E-mail:  lnashelsky@mofo.com)
        (Morrison & Foerster LLP)

**CURTIS, MALLET-PREVOST, COLT & MOSLE LLP**

**TERMS OF ENGAGEMENT**

We appreciate your decision to retain Curtis, Mallet-Prevost, Colt & Mosle LLP (the "Firm") as your legal counsel. This document explains the policies and practices that apply to our Engagement. In addition to our professional obligation, experience has shown that an understanding of these matters will contribute to a better relationship between us, which in turn will make our efforts more productive.

1. *Scope of Engagement*

You understand that the Firm is not your general counsel, and that our representation is limited to the matter identified as the "Engagement" in the accompanying letter. We would be pleased to consider representing you in other matters designated by you. For any new matters, however, we must first confirm that we will be able to expand the scope of the Engagement as you request, and then provide you with written confirmation as to our agreement. Unless otherwise agreed in writing, the terms set forth in these Terms of Engagement and the accompanying letter shall apply to the new matter.

In all matters in which we represent you, we will provide services of a strictly legal nature. You will not rely on us for business, investment or accounting decisions, nor to assess the character or creditworthiness of persons with whom you may deal. You will provide us with the factual information and materials we require to perform the services identified in the letter.

2. *Fees for Legal Services*

Our fees for professional services are based on hourly rates for the attorneys or paralegals who render services. In determining a reasonable fee for the time and effort required for a particular matter, we consider the ability, experience and reputation of the lawyer or lawyers in our Firm who perform the services. To facilitate this determination, we internally assign to each lawyer an hourly rate based on these factors. Our internal hourly rates are adjusted periodically, usually September 1 of each year for associates, to account for increases in our cost of delivering legal service, other economic factors, and the augmentation of a particular lawyer's ability, experience, and reputation. Attached as **Exhibit A-1** is a schedule of our current billing rates for those individual partners and other legal personnel that we anticipate would provide legal services to you under this engagement. If we provide any estimate of fees and expenses, it will be based on our best professional judgment, but it is always subject to the clear understanding that it is not a maximum or fixed fee quotation.

3. *Chargeable Costs and Disbursements*

A description of some of the disbursements and internal charges that we typically charge or allocate can be found on **Exhibit A**, but we will not charge you for any such disbursements or internal charges that would be in violation of the Billing Policies.

11292993

4. *Outside Experts*

In the course of this engagement it may be appropriate to retain persons of special training or expertise to assist in our provision of legal services. Because there are privileges that may apply to services that an attorney requests from a third party, it may be advisable for the Firm to assume responsibility for hiring such experts, with your prior consent. You will be obligated to pay the invoices for the fees and expenses of such experts, whether they are retained by the Firm or by you directly.

5. *Billing*

We want our clients to be satisfied with both the quality of our services and the reasonableness of our invoices and we invite questions or comments you may have about any of our fees and disbursement or the format of our invoices. Our practice is to bill on a monthly basis for the fees and chargeable costs and disbursements incurred in the preceding month. Our invoices are due upon receipt. Please notify us promptly as to any amount in such invoices that you question. The Client agrees to promptly remit the amount due to the Firm in accordance with the Client's Billing Policies, and will do so in an expedited fashion as practicable.

Payments will be made as set forth in **Exhibit B.**

6. *Confidentiality*

For our relationship with you to succeed, it is essential for you to provide us with all factual information reasonably relevant and material to the subject matter of our engagement. A lawyer has an ethical obligation to preserve the confidences and secrets of a client. That duty is one we regard with the utmost seriousness. In instances in which we represent a corporation, partnership, or other legal entity, our relationship is with, and hence this duty of confidentiality is owed to, the entity and not to the entity's parent or subsidiary corporations, or its shareholders, members, officers, directors or partners.

7. *Conflicts of Interest*

The Firm has conducted a customary conflicts search and is not currently adverse to Residential Capital, LLC or any of its subsidiaries on any matters, except that the Firm acts as conflicts counsel to Lehman Brothers Holdings Inc. and its affiliated debtors, etc., as well as non-debtor subsidiaries and affiliates (collectively, "Lehman") in its Chapter 11 cases pending before the Bankruptcy Court for the Southern District of New York, and in that capacity, acts for Lehman on certain nominal matters related to GMAC Mortgage Corporation and GMAC Mortgage, LLC (the "GMAC Matters"). The GMAC Matters relate to an avoidance action, a claim objection, and related matters in which the aggregate amount in dispute is less than $3 million. The Firm understands that the Client has separate counsel to deal with the GMAC Matters and that the Firm will not be asked to address the GMAC Matters in connection with the Engagement.

The attorneys at the Firm who represent Lehman in connection with the GMAC Matters will be screened completely from matters relating to this Engagement. As

11292993

such, by signing the accompanying letter for the Engagement, the Client agrees to a waiver of conflicts with respect to the GMAC Matters in the Lehman Chapter 11 cases discussed in the immediately preceding paragraph.

We wish to avoid any circumstances in which you would regard our representation of another client to be inconsistent with our duties to you. Because we represent a large number of clients in a wide variety of legal matters around the world, it is possible that, while you are a client, we will be asked to represent an existing or prospective client whose interests are actually or potentially adverse to your interests, including in negotiations, workouts and litigation. In addition, our practice includes representing debtors, official and unofficial committees of creditors and equity holders, as well as affiliates of the foregoing parties in interest (collectively, "Bankruptcy Parties"), in bankruptcy cases and foreign insolvency proceedings that are pending now, or that may be filed in the future, in the United States or foreign jurisdictions. In connection with such cases and proceedings, it is possible that we may be called upon to represent one or more Bankruptcy Parties in connection with matters that are, or become, adverse to your interests, including litigated matters.

We wish to be able to represent Bankruptcy Parties and to consider the representation of the other entities, as well as other persons who may have interests that are potentially adverse to you, but only with respect to matters that are not substantially related to our representation of you in this Engagement. The ethics that govern us permit us to accept such multiple representations, assuming certain requirements are met. During the term of the Engagement, we agree that we will not accept any representation of another client to pursue interests that, to our knowledge, are directly adverse to your interests unless the following criteria are met: (i) we notify you of a potential conflict with the other client and you consent in writing to the representation; (ii) there is no substantial relationship between this Engagement and the matter for the other client; (iii) any confidential information that we have received from you will not be utilized by the lawyers and other Firm personnel involved in the representation of the other client; (iv) our effective representation of you and the discharge of our professional responsibilities to you will not be prejudiced by our representation of the other client; and (v) the other client has also consented in writing to our undertaking the two representations.

8. **Retention of Records**

We are required by certain laws or regulations to retain records of our Engagement for minimum periods of time. Barring a legal duty or other obligation to retain records associated with an Engagement for a longer period, the Firm currently expects to discard those records (whether in paper or electronic form) when ten years have lapsed since the termination of the Engagement. However, we retain the discretion to shorten this period upon notice to you, and we will discuss alternative record retention arrangements with you if your own policies dictate longer retention periods. If we are required to maintain paper records in an offsite facility, we retain the right to charge you for the Firm's cost of continued storage and handling of those records.

11292993

We will retain the "work product" accumulated during the course of the Engagement, which will be owned by the Firm. "Work product" includes documents intended for internal law office review or otherwise reflecting preliminary or tentative conclusions of an attorney that are not ultimately communicated to the Client, and Firm administrative records such as client screening documents. All other documents created or accumulated during the course of the Engagement will be the property of the Client and returned to the Client upon its written request; provided that we may retain copies for our file and document retention purposes only.

### 9. *No Representations*

You should know that we cannot make any promises or guarantees to you concerning the outcome of the matter for which you have retained us and nothing in the cover letter or terms of engagement will be construed as such a promise or guarantee. If the matter does not go forward or reach a successful conclusion for any reason, you are still directly responsible for all fees and disbursements charged by the Firm in the Engagement. Additionally, your obligation to pay our fees and disbursements will not be affected by any agreement that you may have with another party to pay your legal fees and costs or any failure by that party to comply with such agreement.

### 10. *Termination*

We hope and trust that our relationship with you will be mutually satisfactory. Nevertheless, you are free to terminate our Engagement at any time, unless judicial approval is required for us to withdraw, in which event we agree not to oppose such withdrawal. Subject always to any applicable rule of court, we may terminate our Engagement to represent you if you fail to honor the terms of our Engagement or if, in our professional judgment, we are unable to continue the representation consistent with our ethical obligations. Notwithstanding any such termination, you will remain liable to pay all of our fees and charges incurred up to the date of termination.

Our attorney-client relationship will be terminated upon our completion of the specific services that you have retained us to perform. If you later retain us to perform further or additional services, our attorney-client relationship will be revived, subject to these and any supplemental terms of the new Engagement. The fact that we may inform you from time to time of developments which may be of interest to you, by newsletter or otherwise, should not be understood to be a renewal of an attorney-client relationship. Moreover, we have no obligation to inform you of such developments in the law unless we are specifically engaged in writing to do so.

### 11. *Renewal Notices of Security Interests and Liens*

If this or any subsequent Engagement involves the taking of a security interest or lien on the property of another, you are advised that applicable law may provide that public filings giving notice of security interests or liens must be preserved by further public filing prior to expiration of a prescribed period of time (e.g., five years in the case of renewal notices of security interests granted under the New York Commercial Code). Failure to make

timely renewal filings could result in the loss of the security interest or lien. We do <u>not</u> undertake to schedule or make renewal filings in your behalf. However, if you need assistance in making renewal filings in the future, we will be pleased to assist you at that time.

12. ***Applicable Law; Dispute Resolution***

This Engagement agreement, and any disputes arising out of or relating to the Engagement, will be governed by and construed in accordance with the laws of the State of New York. In the event there are any disputes regarding our invoices, you may be entitled to require arbitration under a procedure established in New York State for resolution of certain fee disputes pursuant to Part 137 of the Rules of the Chief Administrator, New York Unified Court System.

**Exhibit A**

**Billing Rates and Internal Charges**

[Note:  This exhibit should consist of a list of the lawyers and paralegals who you reasonably anticipate would be providing services under the engagement, along with their current hourly rates.  Our Billing Policies do not permit invoicing for any time spent by clerks, librarians, secretaries, etc.]

| CATEGORY | HOURLY RATE |
|---|---|
| Partners | $730-$830 |
| Of Counsel | $510-$625 |
| Associates | $300-$590 |
| Legal Assistants | $190-$230 |
| Managing Clerk | $450 |
| Other Support Personnel | $55-$325 |

The Firm charges for all third party expenses at its actual cost, except that internal charges for the items listed below are billed in accordance with the following schedule:

| DESCRIPTION OF EXPENSE | CHARGE |
|---|---|
|  |  |
| Document Processing | $.015 per second of edit time |
| Facsimile | Actual cost of telephone call |
| Lexis-Westlaw | Billed at firm discounted rate |
| Photocopies | $.10 per page |
| Color Copy | $.50 per page |
| Proofreading | $60.00 per hour |
| Long Distance Telephone | Sprint Regular Toll Service |

The Firm agrees that none of the above internal charges will be billed to the Client if such charge would be in violation of the Billing Policies.

The Firm acknowledges receipt of the Client's Billing Policies, and agrees to comply with the same, even to the extent that they may conflict with the Firm's Terms of Engagement.

## Exhibit A-1
### Curtis Engagement Letter with Residential Capital

### List of Initial Attorneys and Paralegals for Engagement

### Partners

| NAME | RATE |
|------|------|
| Timothy A. Barnes | $785 |
| Evan S. Borenstein | $785 |
| Jerrold L. Bregman | $730 |
| Michael A. Cohen | $730 |
| Eduardo A. Cukier | $785 |
| Theresa A. Foudy | $730 |
| Martin L. Forman | $675 |
| Daniel R. Lenihan | $785 |
| Jeffrey N. Ostrager | $830 |
| Steven J. Reisman | $830 |
| Andrew H. Seiden | $785 |
| Turner P. Smith | $830 |

### Counsel

| NAME | RATE |
|------|------|
| Catherine M. Baecher | $625 |
| Maryann Gallagher | $625 |

### Associates

| NAME | RATE |
|------|------|
| Peter J. Buenger | $425 |
| Dienna Ching | $425 |
| Joseph F. Clyne | $425 |
| James V. Drew | $590 |
| Joshua Geller | $550 |
| Heather Hiznay | $345 |
| Thomas Reilly | $550 |
| Jennifer Ryan | $385 |
| Heather E. Saydah | $550 |
| James Zimmer | $345 |
| Andrew Zinman | $590 |

### Paralegals

| NAME | RATE |
|------|------|
| Georgia Faust | $230 |
| Katerina Mantel | $230 |
| Stephanie Morales | $220 |
| Martine Read | $230 |
| Melissa Rutman | $220 |

**Exhibit B**

**Payment Instructions**

Payments of our invoices should be made as follows:

Curtis, Mallet-Prevost, Colt & Mosle LLP
General Post Office
PO Box 27930
New York, N.Y.  10087-7930
Re:  Residential Capital, LLC

## **EXHIBIT 2**

**Declaration of Steven J. Reisman**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

In re:                                              :       Chapter 11
                                                    :
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,           :       Case No. 12-12020 (MG)
                                                    :
                                    Debtors.         :       Jointly Administered

---------------------------------------------------------------x

**DECLARATION OF STEVEN J. REISMAN IN SUPPORT OF DEBTORS'**
**APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE  EMPLOYMENT**
**AND RETENTION OF CURTIS, MALLET-PREVOST, COLT & MOSLE LLP AS**
**CONFLICTS COUNSEL FOR THE DEBTORS AND DEBTORS-IN-POSSESSION**
***NUNC PRO TUNC* TO THE PETITION DATE**

I, Steven J. Reisman, declare as follows under penalty of perjury under 28 U.S.C.

§ 1746:

1.      I am an attorney at law admitted to practice in the State of New York and

before the United States District Court for the Southern District of New York, and am a member

of the law firm of Curtis, Mallet-Prevost, Colt & Mosle LLP ("**Curtis**" or the "**Firm**").  Curtis is

a multi-national law firm with principal offices located at 101 Park Avenue New York, NY

10178-0061.  Curtis maintains regional offices in Washington, D.C.; Houston, Texas; Paris,

France; London, England; Frankfurt, Germany; Milan, Italy; Buenos Aires, Argentina; Mexico

City, Mexico; Muscat, Sultanate of Oman; Istanbul, Turkey; Almaty, Kazakhstan; Astana,

Kazakhstan; Ashgabat, Turkmenistan; Kuwait City, Kuwait and Dubai, United Arab Emirates.

2.      I submit this declaration (the "**Declaration**") in support of the application

(the "**Application**")[1] of Residential Capital, LLC ("**ResCap**") and certain of its direct and

indirect subsidiaries, as debtors and debtors-in-possession (each a "**Debtor**" and collectively, the

"**Debtors**"), in the above-captioned Chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to

sections 327, 328(a), 329 and 504 of title 11 of the United States Code, as amended (the

"**Bankruptcy Code**"), for entry of an order authorizing the retention and employment of Curtis

as conflicts counsel for the Debtors in the Chapter 11 Cases at Curtis' normal hourly rates in

effect from time to time, and in accordance with their normal reimbursement policies, and to

provide the disclosures required under rules 2014(a) and 2016(b) of the Federal Rules of

Bankruptcy Procedure (the "**Bankruptcy Rules**").

       3.      To the best of my knowledge, after due inquiry, and except as set forth

herein, neither I, Curtis, nor any member of, counsel to or associate of the Firm represents any

creditor, party in interest or entities other than the Debtors in connection with these Chapter 11

Cases.

       4.      Curtis is a "disinterested person" as that term is defined in section 101(14)

of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, in that Curtis

and its members, counsel and associates:

      a.      are not creditors, equity security holders, or insiders of the
Debtors;

      b.      are not and were not, within two years before the Petition Date, a
director, officer or employee of the Debtors;

      c.      do not have an interest materially adverse to the interests of the
Debtors' estates or of any class of creditors or equity security
holders, by reason of any direct or indirect relationship to,
connection with, or interest in, the Debtors, or for any other reason;
and

      d.      have not represented any party in connection with the Chapter 11
Cases, although Curtis has certain relationships with other parties
in interest, and other professionals involved in the Chapter 11
Cases in connection with matters wholly unrelated to the Debtors.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

5.      Certain interrelationships exist among the Debtors and among the Debtors and their non-debtor affiliates.  The Debtors have advised Curtis that the relationships among the Debtors and among their non-debtor affiliates do not pose any conflict of interest because of the general unity of interest among the Debtors and their non-debtor affiliates.  Insofar as I have been able to ascertain, I know of no conflict of interest that would preclude Curtis' representation of the Debtors in these cases and, as necessary, the non-debtor affiliates in matters relating to these Chapter 11 Cases.

### PREPETITION RELATIONSHIP WITH THE DEBTORS

6.      Prior to the Petition Date, the Debtors retained Curtis to represent and advise them in connection with the conflict matters that arise, or might arise, in their restructuring that are not appropriately handled by Debtors' lead bankruptcy counsel, Morrison & Foerster LLP ("**MoFo**") because of actual or potential conflict of interest issues or, alternatively, which the Debtors, MoFo, or other counsel for the Debtors request be handled by Curtis.

7.      In the *Declaration of Larren M. Nashelsky in Support of Debtors' Application for Entry of an Order Pursuant to Section 327(a) of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016 Authorizing the Retention and Employment of Morrison & Foerster LLP as Bankruptcy Counsel to the Debtors Nunc Pro Tunc to the Petition Date* (the "**Nashelsky Declaration**"), MoFo makes certain disclosures with regard to present and former representations.  As further set forth in the Nashelsky Declaration, I understand the Debtors believe conflicts counsel is required because the Debtors may encounter matters which are not appropriately handled by MoFo or other counsel for the Debtors due to actual or potential conflict of interest issues or which the Debtors, MoFo, or other counsel to the Debtors believe should be handled by Curtis.

-3-

8.     Curtis is not a creditor of the Debtors.  Pursuant to the terms of the engagement letter, dated as of March 5, 2012, a copy of which is attached as **Exhibit 1-A** to **Exhibit 1** to the Application, Curtis received a classic retainer in the amount of $250,000 to provide for the payment of services rendered and expenses incurred, and to be rendered and incurred prior to the Chapter 11 filing.  As Curtis performed services prepetition, it drew against the retainer.  Based on Curtis' review of its prepetition billings and expenses, I believe the retainer was not fully utilized and all prepetition fees and expenses incurred do not exceed the amount of the retainer.  Such fees and expenses will be reconciled in the ordinary course.  Curtis will apply any remaining amounts of the retainer as a credit toward the first postpetition fees and expenses incurred, after such postpetition fees and expenses are approved pursuant to the procedures established by the Court for awarding fees and expenses to Curtis.  Neither I nor Curtis will render any services nor accept any fee from any other party in interest in these Chapter 11 Cases relating to these Chapter 11 Cases.

### CONNECTIONS WITH CREDITORS OF THE DEBTORS AND OTHER INTERESTED PARTIES

9.     In preparing this Declaration, I have been provided with, and have examined the list of entities listed on **Schedule 1** hereto (collectively, the "**Searched Parties**"). The information listed on **Schedule 1** may have changed without my knowledge and may change during the pendency of these Chapter 11 Cases.  Accordingly, Curtis will update this Declaration as necessary and when Curtis becomes aware of material information.

## CURTIS' DISCLOSURE PROCEDURES

10.     Curtis employs over 300 attorneys worldwide and presently represents, and may in the future represent, entities that are claimants of, or interest holders in, the Debtors in matters unrelated to the Chapter 11 Cases.  Some of these entities are, or may consider themselves to be, creditors or parties in interest in the Chapter 11 Cases although the Debtors are unaware of such claims or interests.

11.     In that regard, I used a set of procedures developed by Curtis to comply with the requirements of the Bankruptcy Code and the Bankruptcy Rules and the Local Rules regarding the retention of professionals by a debtor under the Bankruptcy Code (the "**Curtis Disclosure Procedures**").  Pursuant to the Curtis Disclosure Procedures, I caused a search to be performed of Curtis' computerized database consisting of all client, matter, cross-referenced and related information from 1980 to present.

12.     To the best of my knowledge after my review of the Firm's records, except as disclosed more fully below, Curtis has no connections with the Searched Parties with respect to the Chapter 11 Cases.  Curtis does have connections with certain Searched Parties in matters unrelated to these Chapter 11 Cases as described below.

## CURTIS' CONNECTIONS WITH PARTIES IN INTEREST
## IN MATTERS UNRELATED TO THE CHAPTER 11 CASES

13.     After diligent efforts, Curtis has identified the client connections disclosed below.  The connections are categorized as follows:

> a.    clients for which Curtis has rendered services in the prior two (2) years and is presently rendering services ("**Current Clients**");
>
> b.    clients for which Curtis has rendered services in the prior two (2) years and which engagement was closed within the prior two (2) years ("**Former Clients**");

c.     entities that are related to, or may be related to, a current client for which Curtis has rendered services in the prior two (2) years and is presently rendering services; and

d.     entities that are related to, or may be related to, a former client for which Curtis has rendered services in the prior two (2) years and which engagement was closed within the prior two (2) years.

14.     All client connections were diligently reviewed by an attorney working under my supervision.

15.     From such review, I determined that, with respect to each connection between Curtis and such parties, and except as disclosed below, Curtis does not hold or represent an interest that is adverse to the Debtors' estates, and Curtis is a "disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, for the reasons discussed below.

## Current Clients – Schedule 2

16.     Curtis has currently rendered services and may, in the future, render services to the Current Clients set forth in **Schedule 2** hereto and their respective affiliates in matters unrelated to the Debtors.

17.     To the best of my knowledge and information, and except with respect to Lehman Brothers Holdings, Inc. ("**Lehman Brothers**") as described more fully below, the annual fees paid to Curtis by any of the Current Clients and their respective affiliates for either of the last two calendar years did not exceed 1% (one percent) of the annual gross revenue of Curtis for such year.  Several of the Current Clients have either executed a waiver letter or indicated that they will execute a waiver allowing Curtis to act adversely to their interests on all matters unrelated to the matter(s) on which we are acting for them.

18.     Curtis acts as conflicts counsel to Lehman Brothers in Chapter 11 cases pending before the United States Bankruptcy Court for the Southern District of New York,

captioned *In re Lehman Brothers Holdings Inc., et al.* (Case No. 08-13555) (JMP).  Lehman

Brothers is adverse to the GMAC Mortgage Corporation and Debtor GMAC Mortgage, LLC in a

small avoidance action and a claims dispute, respectively, matters in which the aggregate

amounts in dispute do not exceed $3 million (the "**Limited GMAC Matters**").  Prior to being

engaged by the Debtors, Curtis informed the Debtors of its representation of Lehman Brothers as

conflicts counsel in connection with the Limited GMAC Matters, and the Debtors have

consented to Curtis' representation of Lehman Brothers in the Limited GMAC Matters.  The

Debtors are (and have been) represented by other counsel engaged to represent them in the

Limited GMAC Matters pending in the Lehman Brothers Chapter 11 cases.  In addition, the

attorneys at Curtis who represent Lehman Brothers in the Limited GMAC Matters have been

screened from all matters relating to the Debtors, and Lehman Brothers has waived any conflict

arising from Curtis' representation of the Debtors as conflicts counsel in the Chapter 11 Cases.

While the fees paid to Curtis by Lehman Brothers over each of the last two calendar years did

exceed 1% (one percent) of the annual gross revenue of Curtis for such years, the fees paid by

Lehman in connection with the GMAC Matters were minimal and substantially less than 1%

(one percent) of the annual gross revenue of Curtis during the past two years.

19.    In addition, Curtis currently represents the following members of the

Creditors' Committee, all in discrete and limited matters unrelated to the Debtors:  Deutsche

Bank Trust Company Americas, Wilmington Trust Company, US Bank National Association,

and AIG Asset Management (U.S.), LLC.  The revenues from each of these clients did not

exceed 1% (one percent) of Curtis' annual gross revenue during each of the past two calendar

years, and is not expected to exceed 1% (one percent) of Curtis' gross revenue for the current

year.

20.     Except as described above with respect to Lehman Brothers, Curtis has not, does not and will not represent any of the Current Clients or their respective affiliates in the Chapter 11 Cases or in other matters adverse to the Debtors during the pendency of these Chapter 11 Cases.

<u>**Former Clients – Schedule 3**</u>

21.     Curtis has rendered services to the following Former Clients set forth in <u>**Schedule 3**</u> hereto, within the prior two (2) years and Curtis' engagement was formally concluded within such period.  Curtis may, however, in the future, render services to the Former Clients or their affiliates or subsidiaries in matters unrelated to the Debtors and the Chapter 11 Cases.  If any Former Client becomes a Current Client during the pendency of these Chapter 11 Cases, Curtis will make the appropriate supplemental disclosures to the Court.

22.     In an engagement that generated substantially less than 1% (one percent) of Curtis' gross revenue during the term of the representation, Curtis acted as conflicts counsel to FGIC Corporation in its Chapter 11 bankruptcy case, *In re FGIC Corporation*, Case No. 10-14215 (SMB) (Bankr. S.D.N.Y.).  Curtis' role in the case was limited solely to the evaluation of a potential preference claim unrelated to the Debtors.  FGIC Corporation's subsidiary, Financial Guaranty Insurance Company, is a member of the Creditors' Committee and provided financial guarantees with respect to mortgage backed securities issued and/or serviced by the Debtors or with respect to which the Debtors or their non-Debtor affiliates originated the underlying mortgage loans.  An Order confirming FGIC Corporation's plan of reorganization was entered on April 23, 2012.  FGIC Corporation's Chapter 11 case is completely unrelated to the Debtors' Chapter 11 cases.

### Entities That Are Related or May Be Related to Current Clients – Schedule 4

23.    In addition, the entities set forth in **Schedule 4** hereto either (i) have a name similar to a client in the client database or (ii) are or may be related to a current client (collectively, the "Potential Clients").   In certain instances, after a diligent effort, Curtis was unable to determine whether the similarity of names was, in fact, a coincidence or whether, and to what extent, the Potential Clients are related to a current client.  However, out of an abundance of caution, Curtis has confirmed that, similar to the Current Clients and Former Clients identified above, Curtis does not represent any of the Potential Clients set forth in **Schedule 4** in matters related to the Chapter 11 Cases.

### Entities That Are Related or May Be Related to Former Clients – Schedule 5

24.    Similarly, the entities set forth in **Schedule 5** hereto either (i) have a name similar to a former client in the client database or (ii) are or may be related to a former client. After a diligent effort, Curtis was unable to determine whether the similarity of names was, in fact, a coincidence or whether, and to what extent, such entity is related to a former client in the client database.  However, out of an abundance of caution, Curtis has confirmed that, similar to the Current Clients, Former Clients, and Potential Clients identified above, Curtis does not represent any of the entities set forth in **Schedule 5** in matters related to the Chapter 11 Cases.

25.    To the best of my knowledge, and except as disclosed herein, neither I, Curtis, nor any member or associate of Curtis, insofar as I have been able to ascertain, has in the past represented the Searched Parties or any other party in interest in the Chapter 11 Cases in any matter that would conflict with Curtis' duties in the Chapter 11 Cases or create any interest adverse to the interests of the Debtors in respect of the matters on which Curtis is to be employed in the Chapter 11 Cases.

26.     As the record in these proceedings reflects, the Debtors have a myriad of creditors and commercial relationships.   As additional information concerning the Debtors' creditors and relationships that have material connections with the Debtors develops, Curtis will continue to apply the Curtis Disclosure Procedures and will file appropriate supplemental disclosures with the Court.   To the best of my knowledge, Curtis has not represented and will not represent any parties other than the Debtors in these cases or in connection with any matters that would be adverse to the Debtors related to these cases in respect of the matters on which Curtis is to be employed in these Chapter 11 Cases.

## CONNECTIONS WITH PROFESSIONALS

27.     As part of its practice, Curtis regularly appears in cases, proceedings, and transactions involving many different attorneys, accountants, financial consultants, real estate consultants, and investment bankers including other professionals representing the Debtors or other parties in interest in the Chapter 11 Cases.[2]   Curtis may have worked with or presently works with the professionals involved or to be retained in the Chapter 11 Cases, on cases, proceedings or transactions in matters unrelated to the Debtors.   From time to time, Curtis has referred work to other professionals involved or to be retained in these Chapter 11 Cases. Likewise, certain such professionals have referred work to Curtis.   In certain instances, such professionals may be clients of Curtis.   In addition, Curtis has in the past represented and currently appears in matters in which Curtis represents the same entity, a related entity, or an adverse entity to those represented by other professionals in this case.

---

[2] Heather Elizabeth Saydah, an associate at Curtis, is married to Gilbert R. Saydah Jr., an associate at Kelley Drye and Warren LLP ("Kelley Drye").   Kelley Drye represents US Bank, National Association as Indenture Trustee with respect to certain 9.625% Junior Secured Guaranteed Notes Due 2015 in the Chapter 11 Cases.  However, Mr. Saydah is not involved in the US Bank representation and has been screened from the Chapter 11 Cases.  Further, Ms. Saydah and Mr. Saydah have not communicated regarding the Chapter 11 Cases to date and have each been advised to not communicate with the other regarding the Chapter 11 Cases.

28.    Curtis has not and will not represent any such entities in relation to the Debtors in the Chapter 11 Cases, and Curtis does not have any relationship with such entities that would be adverse to the Debtors or its estates in the matters upon which Curtis is to be employed in the Chapter 11 Cases.

## CONNECTIONS WITH THE U.S. TRUSTEE AND THIS COURT

29.    Insofar as I have been able to ascertain, Curtis has no connection with the U.S. Trustee or any person known to be employed by the Office of the United States Trustee in this Judicial Circuit (other than Curtis formerly employing Greg Zipes in 1998 through 1999 immediately prior to his joining the Office of the United States Trustee), except as set forth in this Declaration.[3]

30.    I am not related, and to the best of my knowledge, no attorney at the Firm is related, to any United States Bankruptcy Judge in this District or to the U.S. Trustee, or any employee thereof.

## CURTIS RATES AND BILLING PRACTICES

31.    All compensation for services rendered by Curtis and reimbursement of expenses incurred by Curtis in these cases shall be subject to the approval of this Court, and Curtis shall seek this Court's approval for the payment of such compensation pursuant to the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the guidelines established by the Office of the United States Trustee and any applicable orders of this Court.

---

[3] Jerrold L. Bregman, partner at Curtis, and Andrew D. Velez-Rivera, of the U.S. Trustee's office, previously worked together first as Summer Associates and then as Associates at the law firm of Sidley & Austin LLP from approximately 1990 until 1994, and in or about 1995, Mr. Velez-Rivera, on a contract basis, prepared a fee application on behalf of Mr. Bregman's former law firm in connection with a chapter 11 case. Messrs. Bregman and Velez-Rivera are professional acquaintances; they have not communicated regarding this case to date.

32.     Subject to such provisions and orders, compensation will be payable to Curtis on an hourly basis at its customary hourly rates for professional services rendered that are in effect from time to time, plus reimbursement of actual, necessary expenses incurred by Curtis' hourly rates for its New York office, subject to periodic firm-wide adjustment in the ordinary course of Curtis' practice, which generally become effective September 1st of each year, and are: $730 to $830 for partners, $510 to $625 for counsel, $300 to $590 for associates, $190 to $230 for paraprofessionals, $450 for managing clerks and $55 to $325 for other support personnel. For the purposes of clarification, Curtis employs one managing clerk, who is a licensed attorney, to assist in drafting and submitting complex legal filings with courts, as well as with governmental and other regulatory agencies.  Curtis uses its support personnel, who are specialists who provide specific documentary support, on evidentiary matters which would otherwise be handled by attorneys.  The use of both the managing clerk and the support personnel is intended to reduce professional expense normally borne by the client through higher associate billing on specific matters.

33.     In connection with the reimbursement of actual, necessary expenses, it is Curtis' policy to charge its clients in all areas of practice for expenses incurred in connection with the client's cases.  The expenses charged to Curtis' clients include, among other things, telephone and telecopier toll and other charges, U.S. mail and overnight mail charges, special or hand delivery charges, photocopying charges, travel expenses, expenses for "working meals," computerized research, transcription costs, court filing fees, as well as non-ordinary overhead expenses such as secretarial and other overtime directly attributable to the representation of a particular client.

34.     Curtis believes it is more fair and equitable to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients. Curtis will charge the Debtors for these expenses in a manner and at rates consistent with charges made to Curtis' other clients, the Debtors' policies and as allowed by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the guidelines established by the Office of the United States Trustee and by further orders of this Court.

35.     The Debtors' Application requests, pursuant to section 328(a) of the Bankruptcy Code, approval of the retention of Curtis on rates, terms and conditions consistent with what Curtis charges non-chapter 11 debtors, namely, prompt payment of its hourly rates as adjusted from time to time and reimbursement of out-of-pocket disbursements at cost or based on formulae that approximate the actual cost where the actual cost is not easily ascertainable. Subject to these terms and conditions, Curtis intends to apply pursuant to section 330 of the Bankruptcy Code for allowances of compensation for professional services rendered in these Chapter 11 Cases and for reimbursement of actual and necessary expenses incurred in connection therewith.

## CURTIS IS DISINTERESTED

36.     Curtis is a "disinterested person" as such term is defined in section 101(14), as modified by section 1107(b) of the Bankruptcy Code, and, except as stated herein, does not hold any interest adverse to the Debtors, its estate or the Debtors' creditors or equity holders.  Thus, I know of no reason why Curtis cannot properly act as conflicts counsel to the Debtors pursuant to the Application.

37.     The Debtors have applied to retain MoFo as their lead bankruptcy counsel in these Chapter 11 Cases.  Nonetheless, I understand the Debtors believe conflicts counsel is required because the Debtors may encounter matters which are not appropriately handled by

MoFo or other counsel for the Debtors due to actual or potential conflict of interest issues or which the Debtors, MoFo, or other counsel to the Debtors, believe should be handled by Curtis. I believe the retention of Curtis as conflicts counsel will avoid unnecessary litigation and reduce the overall expense of administering these Chapter 11 Cases.  Thus, the Debtors seek to engage Curtis as conflicts counsel.

38.    MoFo and Curtis will carefully coordinate their efforts and delineate their duties to prevent duplication of effort.  I concur with the Debtors' belief that, rather than resulting in extra expense to the Debtors' estates, the efficient coordination of efforts of counsel will greatly add to the effective and efficient administration of these Chapter 11 Cases and will result in overall lower costs to the Debtors' estates.

## CURTIS PERSONNEL INQUIRY

39.    As set forth above, Curtis has over 300 attorneys and many other employees.  It is possible that certain Curtis attorneys or employees hold interests in mutual funds or other investment vehicles that own the Debtors' securities.  No Curtis partner has filed a Schedule 13G or Schedule 13D with the Securities and Exchange Commission with respect to the Debtors.  An e-mail was sent to all of Curtis' employees inquiring as to whether any Curtis employee or any member of their immediate family is (or was) an officer, director or employee of the Debtors or their affiliates in the past two years.  As of now, the responses I have received, as set forth on **Schedule 6**, indicate that no employees of Curtis are (or were) officers, directors or employees of the Debtors or their affiliates in the past two years.

40.    Curtis will continue to apply the Curtis Disclosure Procedures as additional information concerning entities having a connection with the Debtors is developed and will file appropriate supplemental disclosure with the Court.

41.     No promises have been received by Curtis or any member, counsel or associate thereof as to compensation in connection with these Chapter 11 Cases other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and orders of this Court.

42.     Curtis further states that pursuant to Bankruptcy Rule 2016(b), it has not shared nor agreed to share (a) any compensation it has received or may receive in connection with the services rendered in these Chapter 11 Cases with another party or person, other than with the partners, counsel, associates and contract attorneys associated with Curtis or (b) any compensation another person or party has received or may receive.

43.     I am the partner at Curtis who will be primarily responsible for the representation of the Debtors as conflicts counsel in the Chapter 11 Cases.  I have read, and am generally familiar with, the Bankruptcy Code, Bankruptcy Rules and the Local Rules.

44.     The foregoing constitutes the statement of Curtis pursuant to sections 327(a), 328(a) and 504 of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016(b).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct.


Dated:  June 27, 2012
          New York, New York

                                        By:     /s/ Steven J. Reisman
                                        Name:  Steven J. Reisman
                                        Title:    A Member of the Firm

## <u>INDEX OF SCHEDULES TO DECLARATION OF STEVEN J. REISMAN</u>

SCHEDULE 1    LIST OF SEARCHED PARTIES

SCHEDULE 2    CURRENT CLIENTS OF CURTIS

SCHEDULE 3    FORMER CLIENTS OF CURTIS

SCHEDULE 4    ENTITIES THAT ARE RELATED OR MAY BE RELATED
TO CURRENT CLIENTS OF CURTIS

SCHEDULE 5    ENTITIES THAT ARE RELATED OR MAY BE RELATED
TO FORMER CLIENTS OF CURTIS

SCHEDULE  6    CURTIS PERSONNEL AND THEIR CONNECTION TO
THE DEBTORS OR THE DEBTORS' AFFILIATES

## <u>SCHEDULE 1</u>

**LIST OF SEARCHED PARTIES**

## MASTER CONFLICT LIST

**Debtors and Subsidiaries**

ditech, LLC
DOA Holding Properties, LLC
DOA Properties IX (Lots-Other), LLC
EPRE LLC
Equity Investment I, LLC
ETS of Virginia, Inc.
ETS of Washington, Inc.
Executive Trustee Services LLC
GMAC - RFC Holding Company, LLC
GMAC Model Home Finance I, LLC
GMAC Mortgage USA Corporation
GMAC Mortgage, LLC
GMAC Residential Holding Company, LLC
GMAC RH Settlement Service, LLC
GMACM Borrower LLC
GMACM REO LLC
GMACR Mortgage Products, LLC
HFN REO SUB II, LLC
Home Connects Lending Services, LLC
Homecomings Financial Real Estate Holdings, LLC
Homecomings Financial, LLC
Ladue Associates, Inc.
Passive Asset Transactions, LLC
PATI A, LLC
PATI B, LLC
PATI Real Estate Holdings, LLC
RAHI A, LLC
RAHI B, LLC
RAHI Real Estate Holdings, LLC
RCSFJV2004, LLC
Residential Accredit Loans, Inc.
Residential Asset Mortgage Products, Inc.
Residential Asset Securities Corporation
Residential Capital, LLC
Residential Consumer Services of Alabama, LLC
Residential Consumer Services of Ohio, LLC
Residential Consumer Services of Texas, LLC
Residential Consumer Services, LLC
Residential Funding Company, LLC
Residential Funding Mortgage Exchange, LLC
Residential Funding Mortgage Securities I, Inc.
Residential Funding Mortgage Securities II, Inc.
Residential Funding Real Estate Holdings, LLC
Residential Mortgage Real Estate Holdings, LLC
RFC - GSAP Servicer Advance, LLC
RFC Asset Holdings II, LLC
RFC Asset Management, LLC
RFC Borrower LLC
RFC Construction Funding, LLC
RFC REO LLC
RFC SFJV-2002, LLC

**Foreign Subsidiaries**

Canada Mortgage Acceptance Corporation
Foreign Obligation Exchange, Inc. 2003-H12
Foreign Obligation Exchange, Inc. 2003-H14
Foreign Obligation Exchange, Inc. 2004-H11
Foreign Obligation Export, Inc.
GMAC Financiera S.A. de C.V. Sociedad Financiera
    de Objecto Multiple
GMAC Residential Funding of Canada Limited
GMAC-RFC (No. 2) Limited
GMAC-RFC Auritec, S.A.
GMAC-RFC Direct Limited
GMAC-RFC Espana Hipotecas SL
GMAC-RFC Europe Limited
GMAC-RFC Holdings Limited
GMAC-RFC Property Finance Limited
High Street Home Loans Limited
MCA Finance Limited
National Guarantee plc
Private Label Group Limited
Private Label Mortgage Services Limited

**Officers and Directors**

Abreu, Steven M.
Aretakis, James
Dondzila, Catherine M.
Fleming, Patrick
Hamzehpour, Tammy
Harney, Anthony J.
Hills, Garry
Horner, Jill M.
III, Edward F. Smith,
Ilany, Jonathan
Mack, John E.
Marano, Thomas
Meyer, Darsi
Nees, Louis A.
Pensabene, Joseph A.
Riddle, Mindy
Strauss, Thomas M.
Tyson, William N.
West, Pamela E.
Whitlinger, James
Wilkinson, Winston Carlos

**Parties to Funding Agreements**

Ally Financial Inc (f/k/a GMAC Inc.)
Barclays Bank PLC
Citibank, N.A.
Wells Fargo Bank, N.A.
BMMZ Holdings LLC
US Bank National Association
Deutsche Bank Trust Company Americas

**Bondholders**

AllianceBernstein Advisors
American Enterprise Investment Services Inc.
Appaloosa Management L.P.
Bank of New York Mellon, (The)/Barclays Capital -
    London
Bank of Nova Scotia/CDS
BARC/FIXED
Barclays Capital Inc./LE
Berkshire Hathaway Inc.
BlackRock Global Investors
Charles Schwab & Co., Inc.
CITIBK/GRP
Citigroup Global Markets Inc.
Citigroup Global Markets Inc./Salomon Brothers
Credit Suisse Securities (USA) LLC
David Lerner Associates, Inc.
Deutsche Bank Securities, Inc.
E*Trade Clearing LLC
Edward D. Jones & Co.
First Clearing, LLC
First Southwest Company
Goldman Sachs International
Goldman, Sachs & Co.
Interactive Brokers Retail Equity Clearing
J.P. Morgan Clearing Corp.
J.P. Morgan Securities LLC
Janney Montgomery Scott Inc.
Loomis Sayles & Company
LPL Financial Corporation
Merrill Lynch Safekeeping
Morgan Stanley & Co. LLC
Morgan Stanley Smith Barney LLC
National Financial Services LLC
Oppenheimer & Co. Inc.
OptionXpress, Inc
P. Schoenfeld Asset Management
Paulson & Co. Inc.
Penson Financial Services, Inc./Ridge.
Pershing LLC
Pentwater Capital Management
Putnam Investment Management
Raymond, James & Associates, Inc.
RBC Capital Markets, LLC
Scottrade, Inc.
Security Investors LLC
Silver Point Capital, L.P.
Stifel, Nicolaus & Company Incorporated
Taconic Capital Advisors, L.P.
TD Ameritrade Clearing, Inc.
Timber Hill LLC
UBS Financial Services LLC
UBS Securities LLC
Vanguard Marketing Corporation
Western Asset Management Company

**Landlords and Tenants**

2155 Northpark Lane LLC
2255 Partners, L.P. c/o M. David Paul Development
    LLC
Avenel Realty Company d/b/a Avenel at
    Montgomery Square
Brandywine Cityplace LP
BREOF Convergence LP c/o Brookfield Real Estate
    Opportunity Fund
Business Suites (Texas) LTD
Center Township of Marion County
Del Amo Financial Center, LP
DRA CLP Esplanade LP c/o Colonial Properties
    Services Ltd Partnership
Euclid Plaza Associates, LLC
GBM Properties, LLC
Homeowners Alliance
Liberty Property Limited Partnership
National Default Servicing, LLC
New Towne Center Inc.
PBC San Jose, LLC
PBC Walnut Creek, LLC
Realty World - Graham/Grubbs and Associates
Regus Management Group LLC
Teachers Insurance and Annuity Association of
    America c/o Northmarq RES
The Irvine Company LLC
The Office Annex, Inc.
Veridian Credit Union f/k/a John Deere Community
    Credit Union
W.E.G., Jr., Inc. d/b/a Highland-March Beverly
    Suites

**Parties to Litigation**

Acacia Life Insurance Company
Allstate Bank (f/k/a Allstate Federal Savings Bank)
Allstate Insurance Company
Allstate Life Insurance Company
Allstate Life Insurance Company of New York,
    Allstate Retirement Plan
Allstate New Jersey Insurance Company
American Heritage Life Insurance Company
Ameritas Life Insurance Corp.
Boilermaker Blacksmith National Pension Trust
Brown County, Ohio
Cambridge Place Investment Management Inc.
Church-Dellinger, Victoria Jean
Columbus Life Insurance Company
Deutsche Zentral-genossenschaftsbank, New York
    Branch, d/b/a DZ Bank AG, New York Branch
DG Holding Trust
Federal Home Loan Bank of Boston
Federal Home Loan Bank of Chicago
Federal Home Loan Bank of Indianapolis
Federal Home Loan Mortgage Corporation
Federal Housing Finance Agency

Financial Guaranty Insurance Company
First Colonial Insurance Company
Fort Washington Active Fixed Income LLC
Fort Washington Investment Advisors, Inc.
HSH Nordbank AG
HSH Nordbank AG, Luxembourg Branch
HSH Nordbank AG, New York Branch
HSH Nordbank Securities S.A.
Huntington Bancshares Inc.
IKB Deutche Industriebank AG
IKB International S.A. (in Liquidation)
Integrity Life Insurance Company
Kennett Capital, Inc.
Kral, Kenneth L.
Laster, Marteal
Massachusetts Mutual Life Insurance Company
MBIA Insurance Corporation
Mitchell, Ruth
Mitchell, Steven
National Credit Union Administration Board
National Integrity Life Insurance Company
New Jersey Carpenters Health Fund
New Jersey Carpenters Vacation Fund
Rio Debt Holdings (Ireland) Limited
Sall, Mohammed A.
Sealink Funding Ltd.
State of Ohio
Stichting Pensioenfonds ABP
The Charles Schwab Corporation
The Union Central Life Insurance Company
The Western and Southern Life Insurance Company
Thrivent Balanced Fund
Thrivent Balanced Portfolio
Thrivent Bond Index Portfolio
Thrivent Core Bond Fund
Thrivent Financial Defined Benefits Plan Trust
Thrivent Financial for Lutherans
Thrivent Income Fund
Thrivent Limited Maturity Bond Fund
Thrivent Limited Maturity Bond Portfolio
U.S. Central Federal Credit Union
West Virginia Investment Management Board
Western Corporate Federal Credit Union
Western-Southern Life Assurance Company

**U.S. Trustee's Office (Region 2 Trial Attorneys)**
Davis, Tracy Hope
Driscoll, Michael
Gasparini, Elisabetta
Golden, Susan
Khodorovsky, Nazar
Masumoto, Brian S.
Morrissey, Richard C.
Nakano, Serene
Riffkin, Linda A.
Schwartz, Andrea B.

Schwartzberg, Paul K.
Velez-Rivera, Andy
Zipes, Greg M.

**Bankruptcy Judges (New York)**
Bernstein, Stuart M.
Chapman, Shelley C.
Drain, Robert
Gerber, Robert E.
Glenn, Martin
Gonzalez, Arthur J.
Gropper, Allan L.
Lane, Sean H.
Lifland, Burton R.
Morris, Cecelia G.
Peck, James M.

**District Court Judges (New York)**
Baer, Harold
Batts, Deborah A.
Berman, Richard M.
Briccetti, Vincent L.
Buchwald, Naomi Reice
Carter, Andrew L.
Castel, P. Kevin
Cedarbaum, Miriam Goldman
Cote, Denise L.
Crotty, Paul A.
Daniels, George B.
Duffy, Kevin T.
Engelmayer, Paul A.
Forrest, Katherine B.
Gardephe, Paul G.
Griesa, Thomas P.
Haight, Charles S.
Hellerstein, Alvin K.
Jones, Barbara S.
Kaplan, Lewis A.
Karas, Kenneth M.
Koeltl, John G.
Marrero, Victor
McKenna, Lawrence M.
McMahon, Colleen
Nathan, Alison J.
Oetken, J. Paul
Owen, Richard
Patterson, Robert P.
Pauley, William H.
Preska, Loretta A.
Rakoff, Jed S.
Ramos, Edgardo
Sand, Leonard B.
Scheindlin, Shira A.
Seibel, Cathy
Stanton, Louis L.
Stein, Sidney H.

Sullivan, Richard J.
Swain, Laura Taylor
Sweet, Robert W.
Wood, Kimba M.

**Depositing Banks**
Ally Bank
Bank of America, N.A.
Bank of New York Mellon
Citibank, N.A.
Deutsche Bank Trust Company Americas
JPMorgan Chase Bank, N.A.
M&T Bank
State Street Bank and Trust Company
U.S. Bank National Association
Wachovia Bank, National Association

**Consultants & Professionals**
Barclays Bank PLC
Centerview Partners LLC
Deloitte & Touche
Evercore
Fortress Investment Group, LLC
FTI Consulting, Inc.
Kirkland & Ellis LLP
Kurtzman Carson Consultants LLC
Mayer Brown LLP
Mercer
Nationstar Mortgage, LLC
PricewaterhouseCoopers
Rubenstein Associates, Inc.
Sidley Austin LLP
Skadden, Arps, Slate, Meagher & Flom LLP

**HELOC Investors**
5th 3rd bank
Aurora Loan Services LLC
Bank One, Texas N.A.
Deutsche Bank National Trust Co.
Everbank
JP Morgan Chase
Macquarie Mortgages USA Inc
Suntrust
The Bank of New York Mellon
Treasury Bank, N.A.
US Bank, N.A.
Wachovia Bank N.A.
Wells Fargo Bank, N.A.

**Servicing Counterparties**

**Government Entities and GSEs**
Federal Home Loan Mortgage Corporation (Freddie Mac)
Federal Housing Administration (FHA)
Federal National Mortgage Association (Fannie Mae)

Government National Mortgage Association (Ginnie Mae)

**Housing and Local Agencies**
California Housing Finance Agency
CitiMortgage, Inc., as administrator for Texas Veterans Land Board
Connecticut Housing Finance Authority
Delaware Housing Authority
Hawaii Housing (Hula Mae)
Housing Opportunities Commission of Montgomery County, Maryland
Mississippi Home Corporation
Neighborhood Housing Services of America and Philadelphia N.H.S.
Oregon Housing and Community Services Department
Redevelopment Authority of the County of Berks
Rural Housing
The Housing and Redevelopment Authority in and for the City of Minneapolis
The Industrial Commission of North Dakota

**Mortgage and Monoline Insurers**
The ACE Group
Ambac
Assured Guaranty Corp.
Cuna Mutual Group Mortgage Insurance Company
FGIC
Financial Security Assurance Inc.
Federal Insurance Group (a subsidiary of the Chubb Group of Insurance Companies)
General Electric Mortgage Insurance Corporation
Genworth Mortgage Insurance Corporation
MBIA
Mortgage Guaranty Insurance Corp.
PMI Mortgage Insurance Co.
Radian Asset Assurance Inc.
Radian Guaranty Inc.
Republic Mortgage Insurance Company
Triad Guaranty Insurance Corporation
United Guaranty Residential Insurance Company

**Trustees**
Bank One, National Association
BNY Midwest Trust Company
Chase Bank of Texas, N.A.
Citibank, N.A.
Deutsche Bank National Trust Company
Deutsche Bank Trust Company Americas
HSBC Bank USA, National Association
JPMorgan Chase Bank, N.A.
LaSalle Bank National Association
Security Pacific National Company
The Bank of New York Mellon
U.S. Bank National Association

US National Association
Wells Fargo Bank Minnesota, N.A.
Wells Fargo Bank, National Association
Wilmington Trust Company

**Other Counterparties to Servicing Agreements**
50 BY 50, LLC
ABN AMRO Mortgage Croup, Inc.
Access National Mortgage Corporation
Ace Home Equity Loan Trust, Series 2007-SL3
ACE Securities Corp.
ACT Mortgage Capital
Advantage Bank
Aegis Mortgage Corporation
Aegon USA Realty Advisors
Alliance Bancorp
Alliance Securities Corp.
Ally Bank
Ally Financial Inc.
Ally Investment Management LLC
Alternative Finance Corporation
Amalgamated Bank of New York
American Equity Mortgage, Inc.
American Home Mortgage
American Home Mortgage Acceptance, Inc.
American Home Mortgage Investment Trust 2005-2
American Home Mortgage Investment Trust 2005-4A
American Home Mortgage Investment Trust 2006-2
American Home Mortgage Investment Trust 2007-A
American Home Mortgage Servicing, Inc.
American Home Mortgage Trust 2004-4
American Home Mortgage Trust 2005-1
American Home Mortgage Trust 2005-2
American Home Mortgage Trust 2005-4A
American Residential Equities XXVII, LLC
American Residential Equities, LLC
Ameriquest Mortgage Company
Andover Bank
Arbor Commercial Mortgage, LLC
Asset Management Holding of South Florida, LLC
Assured Guaranty Municipal Corp
Atlantic Financial Federal
Audobon Savings Bank
Aurora Bank FSB
Aurora Loan Services Inc.
Aurora Loan Services LLC
Banc of America Funding 2005-3 Trust
Banc of America Funding 2005-8 Trust
Banc of America Funding 2006-1 Trust
Banc of America Funding 2006-4 Trust
Banc of America Funding Corporation
Banc of America Mortgage Capital Corporation
Bancap
Banco Mortgage Company
Banco Popular North America

Bank of America, National Association
Bank of Hawaii
Bank One, Texas, N.A.
Bank Rhode Island
Bank United, FSB
Bankatlantic, A Federal Savings Bank
Bankers Saving
Bankers Trust Company
Banknorth Mortgage
Bay Atlantic Federal Credit Union
Bay Financial Savings Bank, FSB
Bayrock Mortgage Corporation
Bayview Acquisitions, LLC
Bayview Financial Asset Trust
Bayview Financial Property Trust
Bayview Financial Securities Company, LLC
Bayview Financial Trading Group, L.P.
Bayview Financial, L.P.
Bear Stearns Asset Backed Securities I, LLC
Bear Stearns Mortgage Capital Corporation
Bear Stearns Second Lien Trust 2007-1
Bear Stearns Second Lien Trust 2007-SV1
Bell Federal Savings and Loan Association
BellaVista Funding Corporation
Belvedere Trust Finance Corporation
Bluebonnet Savings Bank FSB
BMMZ Holdings LLC
Broadway Federal Bank, FSB
Brothers Bank, FSB
Butte Savings and Loan Association
Caliber Funding, LLC
California Banking Association
California Federal Bank, FSB
California Public Employees' Retirement System
Cambridge Place Collateral Management LLC
Canada Mortgage Acceptance Corporation
Capital Crossing Bank
Capitol Federal Savings and Loan Association
Capstead Mortgage Corporation
CDC Mortgage Capital Inc. (Natixis)
Cenfed Bank, a Federal Savings Bank
Cenlar FSB
CenterState Bank of Florida, N.A.
Central Bank of Jefferson County, Inc.
Century Bank, FSB
CFX Bank
Charter One Bank, FSB
Charter One Bank, N.A.
Chase Manhattan Mortgage Corporation
Chemical Mortgage Company
Citi Financial Mortgage Co., Inc
Citibank (West), FSB
Citigroup Global Markets Realty Corp.
Citigroup Mortgage Loan Trust Inc.
CitiMortgage, Inc.
Citizens Bank of Connecticut

Citizens Bank of Massachusetts
Citizens Bank of New Hampshire
Citizens Bank of Pennsylvania
Citizens Bank, N.A.
Citizens Federal Bank, FSB
Clayton Fixed Income Services Inc.
Clayton National, Inc.
CMC Investment Partnership
Coastal Banc Capital Corporation
Coastal Banc SSB
Coastal States Mortgage Corporation
Collective Federal Savings Bank
Colonial Mortgage Service Company
Comerica Bank
Community Lending, Incorporated
Communityone Bank, N.A.
ComUnity Lending, Incorporated
Copperfield
Core, Cap Inc.
Corona Asset Management III, LLC
Countrywide Bank, N.A.
Countrywide Home Loans Servicing, LP
Countrywide Home Loans, Inc.
Credit Suisse First Boston Mortgage Securities Corp.
CSX
CTCE Federal Credit Union
CTX Mortgage Company, LLC
DB Structured Products, Inc.
Deutsche Alt-A Securities, Inc.
Deutsche Bank AG New York Branch
Deutsche Mortgage Securities, Inc.
DLJ Mortgage Acceptance Corp.
DLJ Mortgage Capital, Inc.
Dollar Bank, FSB
Drawbridge Consumer Funding Ltd
Dynex Securities Corporation
E*Trade Bank
E*Trade Mortgage
E*Trade Wholesale Lending Corp.
EAB Mortgage Company, Inc.
EMC Mortgage Corporation
Empire Mortgage X, Inc.
Encore Bank and National Association
Encore Savings Bank
Erie Savings Bank
Eurekabank
EverBank
Fairbanks Capital Corp.
Fairfax Savings Bank
Family Bank, FSB
Family Lending Services, Inc.
FBS Mortgage Corporation
Federal Home Loan Bank of Atlanta
Federal Trust Bank, FSB
Fidelity Federal Bank
Fidelity Savings and Loan

Fifth Third Bank
Financial Asset Securities Corp.
First Bank Incorporated
First Bank, Inc.
First Cap Holdings, Inc.
First Citizens Bank and Trust Company
First Citizens Mortgage Company
First Community Bank N.A.
First Federal of Michigan
First Federal Savings and Loan Association of Storm
   Lake
First Guaranty Mortgage Corporation
First Horizon Home Loan Corporation
First Indiana Bank
First Internet Bank of Indiana
First Massachusetts Bank, N.A.
First National Bank and Trust Company
First National Bank of Arizona
First National Bank of El Dorado
First Nationwide Mortgage Corporation
First NLC
First Rate Capital Corporation
First Savings Mortgage Corporation
First Tennessee Bank National Association
First Tennessee Capital Assets Corporation
First Trust Savings Bank
First Union National Bank
First-Citizens Bank & Trust Company
Firstrust Bank
Fleet National Bank
Flex Point Funding Corporation
Flick Mortgage Investors, Inc.
FNBA
Fortress Credit Corp.
FPA Corporation
Franklin Bank, SSB
Franklin Credit
Franklin Credit Management Corporation
Gateway Credit Union
Gateway Funding Diversified Mortgage Services, LP
GE Capital Consumer Card Co.
GE Mortgage Services, LLC
Geneva Mortgage Corporation
Germantown Savings Bank
Gibraltar Savings Association
Ginn Financial Services, LLC
Goldman Sachs Mortgage Company
Gonzalo Residential Asset Trust
Great American First Savings Bank
Great American Savings Bank
Green Planet Servicing, LLC
Green Tree Servicing LLC
GreenPoint Mortgage Funding Trust 2005-HE4
GreenPoint Mortgage Funding Trust 2006-HE1
GreenPoint Mortgage Funding, Inc.
Greenwich Capital Acceptance, Inc.

Greenwich Capital Financial Products, Inc.
Greenwich Universal Portfolio
GS Mortgage Securities Corp.
GSAA Home Equity Trust 2005-9
GSMPS Mortgage Loan Trust 2005-LT1
GSR Mortgage Loan Trust 2006-AR2
GSR Trust 2007-HEL1
Guardian Savings Bank
Hanover Capital Mortgage Holdings, Inc.
HarborView Mortgage Loan Trust 2004-10
Healthcare Employees Federal Credit Union
Home Equity Loan Trust 2005-HS2
Home Equity Loan Trust 2006-HSA2
Home Equity Loan Trust 2006-HSA3
Home Equity Loan Trust 2006-HSA5
Home Equity Loan Trust 2007-HSA1
Home Equity Loan Trust 2007-HSA3
Home Federal Savings & Loan Association of Rome,
   Ga.
Home Loan Corporation
Home Loan Series 09-2028
HomeBanc Mortgage
HomEq Servicing Corporation
Horsham Funding Inc.
HSI Asset Securitization Corporation
Hudson & Keyse, LLC
Hudson City Savings Bank
Huntington Federal Savings & Loan Association
Hyperion Capital Group LLC
IMPAC CMB Trust Series 2005-6
IMPAC Funding Companies
IMPAC Funding Corporation
IMPAC Mortgage Holdings, Inc.
IMPAC Secured Assets Corp.
Imperial Credit Industries, Inc.
Independent Bank East Michigan
IndyMac Bank, FSB (now OneWest Bank, FSB)
IndyMac MBS, Inc.
IndyMac Mortgage Holdings, Inc.
ING Bank, FSB
Investment Capital Group
Irwin Union Bank and Trust Company
Ixis Real Estate Capital Inc.
Jackson Federal Bank
Just Mortgage, Inc.
Kaiser Federal Bank
Keystone Nazareth Bank & Trust Company
Kidder Peabody Mortgage Capital Corporation
Lacera
Lebank
Lehman Brothers Bank, FSB
Lehman Brothers Holdings Inc.
Lehman Capital, a division of Lehman Brothers
   Holdings Inc.
Liberty Home Lending, Inc.
Liberty Savings Bank, FSB

Linden Assemblers Federal Credit Union
Litton Loan Servicing, LP
LNV Corporation
Loan Center of California
Loan Link Financial Services
Local #38 and Associates Credit Union
Lomas Mortgage USA, Inc.
Los Angeles County Employees Retirement
   Association
Los Angeles Federal Savings
LPP Mortgage Ltd.
Luminent Mortgage Capital, Inc.
Lydian Private Bank
Macquarie Mortgage Funding Trust 2007-1
Macquarie Mortgages USA, Inc.
MAIA Mortgage Finance Statutory Trust
Marine Bank
Market Street Mortgage Corporation
Massachusetts Mutual Life Insurance Co.
Matrix Capital Bank
MB Financial Bank N.A.
Medway Savings Bank
Mellon Bank
Mellon/McMahon Real Estate Advisors Inc.
Merck Sharp & Dohme Federal Credit Union
Mercury Mortgage Finance Statutory Trust
Meridian Mortgage Corporation
Merrill Lynch Bank & Co.
Merrill Lynch Hunton Paige
Merrill Lynch Mortgage Capital Inc.
Merrill Lynch Mortgage Holdings, Inc.
Merrill Lynch Mortgage Investors, Inc.
Merrill Lynch Mortgage Lending, Inc.
Metlife Bank, N.A.
Metrocities Mortgage Corp., LLC
Metropolitan Life Insurance Company
Mid America Bank, FSB
MidFirst Bank
Midland Financial Savings and Loan Association
Mint I, LLC
Mint II, LLC
Money Bank Investment Corporation
Monterey I Holdings
Morgan Stanley Capital I Inc.
Morgan Stanley Mortgage Capital Inc.
Morgan Stanley Mortgage Loan Trust 2005-3AR
Mortgage Asset Securitization Transactions, Inc.
Mortgage Asset Securitization Trust
Mortgage Interest Networking Trust II
Mortgage Investors Corporation
MortgageIT Holdings Inc.
MortgageIT Securities Corp.
MortgageIT Trust 2005-4
MortgageIT, Inc.
MRF 3 LLC
Mrit Securities Corporation

Mutual Savings & Loan Association of Charlotte, N.C.
Mutual Savings Bank
National Bank of Commerce
NETBANK
Network Funding L.P.
Neuwest Equity Partners
New Century Mortgage Securities, Inc.
New Cumberland Federal Credit Union
New Penn Financial, LLC
New York Life Insurance and Annuity Corporation
New York Life Insurance Company
Nomura Asset Acceptance Corporation
Nomura Credit & Capital, Inc.
Nomura Home Equity Loan, Inc.
North Jersey Federal Credit Union, Inc.
Northwest Funding, Inc.
Northwestern National Bank of Minneapolis
Norwest Bank Minnesota, National Association
Norwest Mortgage, Inc.
Ocwen Federal Bank FSB
Ocwen Loan Servicing, LLC
Ohio Savings Bank
Opteum Financial Services, LLC
Option One Mortgage Corporation
Paine Webber Real Estate Securities Inc.
Parkside Lending, LLC
Parkvale Savings Bank
Paul Financial, LLC
People Savings Bank, Inc., SSB
Peoples Heritage Savings Bank
PHH Mortgage
Philadelphia Federal Credit Union
Pinnacle Capital Mortgage Corporation
Pinnacle Financial Corporation
Plaza Home Mortgage, Inc.
PMC Bancorp
PNC Bank, N.A.
PNC Mortgage Securities Corp.
Pomona First Federal Bank and Trust
Principal Asset Markets, Inc.
Principal Bank
Principal Mutual Life Insurance Company
Private Capital Group
Quaker City Bank
Quicken Loans Inc.
RBS Citizens, National Association
Real Time Resolutions, Inc.
Real Time Solutions
Realty Mortgage Corporation
Redlands Federal Bank, FSB
Redwood Trust, Inc.
Reliance Federal Credit Union
Residential Mortgage Assistance Enterprise, LLC
Resolution Capital Advisors, LLC
Ridgewood Savings Bank

Riggs Bank N.A.
Rochester Community Savings Bank
Roosevelt Management Company, LLC
RWT Holdings, Inc.
Ryland Acceptance Corporation Four
SACO I Trust 2005-GP1
SACO I Trust 2006-8
Salomon Brothers Realty Corp.
Saxon Mortgage Funding Corporation
Sea Breeze Financial Services, Inc.
Sebring Capital
Secured Bankers Mortgage Company
Security National
Security Pacific National Bank
Select Portfolio Servicing Inc.
Sequoia Funding Trust
Sequoia Residential Funding, Inc.
Shearson Lehman Government Securities, Inc.
Shellpoint Mortgage LLC
Sierra Pacific Mortgage, Inc.
Silver State Financial Services, Inc.
Silvergate Bank
Skyline Financial Corp.
SMFC Funding Corporation
SN Servicing Corporation
SNBOA, LLC
Southbank
Southern Pacific Thrift and Loan Association
SouthStar Funding, LLC
Southwest Savings and Loan Association
Sovereign Bank, FSB
Specialized Loan Servicing LLC
St. Paul Federal Bank for Savings
Stanwich Mortgage Acquisition Company, LLC
Sterling Savings Bank
Steward Financial, Inc.
Stonebridge Bank
Structured Asset Mortgage Investments II Inc.
Structured Asset Mortgage Investments, Inc.
Structured Asset Securities Corporation
Structured Mortgage Investments II Inc.
Summit Savings & Loan Association
Suntrust Asset Funding, LLC
Superior Bank
Susquehanna Bank
Syncora Guarantee Inc.
Taylor, Bean Whitaker
TCF National Bank
TCIF, LLC
TeleBank
Terwin Advisors LLC
Terwin Mortgage Trust 2006-6
Terwin Securitization LLC
The Canada Trust Company
The Chase Manhattan Bank
The First Boston Corporation

The First National Bank of Glens Falls
The Frost National Bank
The Mortgage Store Financial, Inc.
The New York Mortgage Company, LLC
The Travelers Indemnity Company
The Winter Group
Treasury Bank, N.A.
Tri Counties Bank
Tri Country Area Federal Credit Union
Truman Capital Securitization LLC
UBS Real Estate Securities Inc.
UBS Warburg Real Estate Securities Inc.
UBS Warburg, LLC
United Capital Mortgage, LLC
United Federal Savings Bank
United Financial Mortgage Corporation
United Savings Association of Texas, FSB
Unity Bank
Universal Master Servicing, LLC
US Bank Home Mortgage
USAA Federal Savings Bank
Valley Independent Bank
Vermont Mortgage Group, Inc.
Wachovia Bank, National Association
Wachovia Mortgage Corporation
Walter Mortgage Company
Washington Mutual Bank
Washington Mutual Mortgage Securities Corp.
Webster Bank
Western Financial Savings Bank, FSB
WestStar Mortgage, Inc.
Wilshire Credit Corporation
Winter Group
Witmer Funding LLC
WMCC Clayton/Washington Mutual Bank
WMD Capital Markets, LLC

**Utilities**
Abovenet Communications Inc.
AT&T
AT&T Mobility
Center Point Energy
CenturyLink
Cisco Systems Capital Corporation
City of Eden Prairie
Comcast
Dish Network
Genesys Conferencing
Global Capacity Group Inc.
IEX Corporation
Inova Solutions
Intercall
Intervoice Inc.
Level 3 Communications LLC
MediaCom
Micro-Tel Center

MidAmerican Energy
Sprint
Time Warner Cable
Time Warner Telecom
Verizon
Verizon Business
Verizon California
Verizon Wireless
Waste Management
Waterloo Water Works
Xcel Energy

**Consolidated Top 50 Creditors**
Aegis Usa Inc.
Alan Gardner
Allstate Insurance
Ambac Assurance Corp
Assured Guaranty Corp.
BNYMellon
Boilermaker Blacksmith National Pension Trust
Brian Kessler, et al.
Cambridge Place Investment Management Inc.
Credstar
Deutsche Bank AG, New York
Deutsche Bank Trust Company Americas
Don E. Diane M. Patterson
Donna Moore
Emortgage Logic
Federal Home Loan Bank of Boston
Federal Home Loan Bank of Chicago
Federal Home Loan Bank of Indianapolis
Federal Housing Finance Agency
Financial Guaranty Insurance Co.
Huntington Bancshares Inc.
Indecomm Global Services
Iowa Public Employees Retirement System
Lehman Brothers Holdings, Inc.
Loan Value Group
Massachusetts Mutual Life Insurance Company
MBIA, Inc.
Midwest Operating Engineers Pension Trust Fund
National Credit Union Administration Board
New Jersey Carpenters Health Fund
New Jersey Carpenters Vacation Fund
Orange County Employees Retirement System
Police and Fire Retirement System of the City of
   Detroit
Sealink Funding Limited
Steven And Ruth Mitchell
Stichting Pensioenfonds ABP
The Charles Schwab Corporation
The Union Central Life Insurance Company
Thrivent Financial for Lutherans
Tiffany Smith
US Bank
Wells Fargo & Company

Wells Fargo Bank N.A
West Virginia Investment Management Board
Western & Southern

**Creditors' Committee Members**
Wilmington Trust, N.A.
Deutsche Bank Trust Company Americas
The Bank of New York Mellon Trust Company, N.A.
MBIA Insurance Corporation
Rowena L. Drennen
AIG Asset Management (U.S.), LLC
U.S. Bank National Association
Allstate Life Insurance Company
Financial Guaranty Insurance Company

**Potential Puchasers**
Hudson Americas, LLC
Lonestar Partners, L.P.
Lone Star U.S. Acquisitions, LLC
Vericrest Financial, Inc.

**Parties Named in Creditors' Committee's Rule
2004 Motion**
AlixPartners
Cerberus Capital Management, L.P.
Cerberus FIM Investors LLC
Cerberus FIM, LLC
FIM Holdings LLC
General Motors Company
Gibbs & Bruns, LLP
GMAC Bank
GMAC Commercial Finance, LLC
GMAC LLC
GMAC Mortgage Group, LLC
Houlihan Lokey
IB Finance Holding Company, LLC
Kelley Drye & Warren LLP
Kramer Levin et al
Moelis & Company
Morrison & Foerster LLP
Morrison Cohen LLP
National Motors Bank FSB
Ropes & Gray LLP
White & Case

## SCHEDULE 2

## CURRENT CLIENTS OF CURTIS[1]

| Name of Entity Searched | Relationship to Debtors | Relationship to Curtis |
|---|---|---|
| AIG Asset Management (U.S.), LLC | Member of Creditors' Committee | Current Client in Matters Unrelated to Debtors |
| Deutsche Zentral-genossenschaftsbank, New York Branch, d/b/a DZ Bank AG, New York Branch | Party to Litigation | Current Client in Matters Unrelated to Debtors |
| Deutsche Bank Trust Company Americas | Depositing Bank, Party to Funding Agreement, Consolidated Top 50 Creditor, Trustee and Member of Creditors' Committee | Current Client in Matters Unrelated to Debtors |
| JPMorgan Chase Bank, N.A.[2] | HELOC Investor, Depositing Bank and Trustee | Current Client in Matters Unrelated to Debtors |
| Lehman Brothers Holdings Inc. | Counterparty to Servicing Agreement and Consolidated Top 50 Creditor | Current Client in Matters Related and Unrelated to Debtors[3] |

---

[1] Certain of the Current Clients have either executed a waiver letter or indicated that they will execute a waiver allowing Curtis to act adversely to their interests on all matters unrelated to the matter(s) on which we are acting for them.  Other than as disclosed below, Curtis does not act for any Current Clients on any matter related to the Debtors.

[2] JPMorgan Chase Bank, N.A. is a Current Client on limited matters unrelated to the Debtors (the "Limited Matters").  At the time of its engagement, Curtis obtained an advanced waiver from JPMorgan Chase Bank, N.A. that allows Curtis to act adverse to JPMorgan Chase Bank, N.A. so long as any adverse matter is not substantially related to the Limited Matters.

[3] GMAC Mortgage, LLC, a Debtor, has filed proofs of claim against Lehman Brothers Holdings Inc. ("Lehman Brothers"), a current client of Curtis, in the Chapter 11 cases of Lehman Brothers and certain of its affiliates. GMAC Mortgage, LLC's claim against Lehman Brothers arises out of various servicing agreements.  Additionally, Lehman Brothers has filed a preference action against GMAC Mortgage Corporation under sections 547(b), 550(a) and 551 of the Bankruptcy Code, which preference action seeks the recovery of approximately $2.2 million.  (Adv. Pro. No. 10-03553).  In addition, Residential Funding Company, LLC, a Debtor, was listed on the bankruptcy schedules of debtor Lehman Brothers Special Financing Inc. as a derivatives contract counterparty.

| Name of Entity Searched | Relationship to Debtors | Relationship to Curtis |
|---|---|---|
| CDC Mortgage Capital Inc. (Natixis) | Counterparty to Servicing Agreement | Current Client in Matters Unrelated to Debtors |
| IMPAC Mortgage Holdings, Inc.[4] | Counterparty to Servicing Agreement | Current Client in Matters Related and Unrelated to Debtors |
| IMPAC CMB Trust Series 2005-6 | Counterparty to Servicing Agreement | Current Client in Matters Related and Unrelated to Debtors |
| IMPAC Funding Companies | Counterparty to Servicing Agreement | Current Client in Matters Related and Unrelated to Debtors |
| IMPAC Funding Corporation | Counterparty to Servicing Agreement | Current Client in Matters Related and Unrelated to Debtors |
| IMPAC Secured Assets Corp. | Counterparty to Servicing Agreement | Current Client in Matters Related and Unrelated to Debtors |
| Paulson & Co. Inc. | Bondholder | Current Client in Matters Unrelated to Debtors |
| PNC Bank, N.A. | Counterparty to Servicing Agreement | Current Client in Matters Unrelated to Debtors |
| PricewaterhouseCoopers | Consultants and Professionals | Current Client in Matters Unrelated to Debtors |
| RBS Citizens, National Association | Counterparty to Servicing Agreement | Current Client in Matters Unrelated to Debtors |
| Taconic Capital Advisors, L.P. | Bondholder | Current Client in Matters Unrelated to Debtors |

---

[4] Curtis currently represents IMH Assets Corp., IMPAC Mortgage Holdings, Inc., IMPAC Funding Corporation, and IMPAC Secured Assets Corp. (collectively, "IMPAC") in a lawsuit commenced by Federal Home Loan Bank of Boston styled as *Fed. Home Loan Bank of Bas. v. Ally Fin. Inc. et al.*, No. 1 :11-cv-10952-GAO (D. Mass.) (removed from Mass. Super. Ct. (No. 11-1533-BLS1), filed April 20, 2011) (the "FHLB Boston Action").  Ally Financial Inc. f/k/a GMAC LLC, GMAC Mortgage Group LLC f/k/a GMAC Mortgage Group, Inc. and Debtor Residential Funding Company, LLC f/k/a Residential Funding Corporation, along with more than 85 other defendants, are co-defendants with IMPAC in the FHLB Boston Action.  The claims asserted by the plaintiff in the FHLB Boston Action are arranged around approximately 25 separate and independently acting groups of defendants, who were sponsors, issuers or underwriters of private label mortgage backed securities sold to the plaintiff.  Based on the particular claims asserted in the FHLB Boston Action, Curtis is not aware of any basis for IMPAC to interpose a cross-claim against the Debtors or any other of the co-defendants in the action.  In its capacity as proposed conflicts counsel to the Debtors in these Chapter 11 Cases and at the request of MoFo, Curtis has acted as proposed counsel to the Debtors in connection with the Debtors' adversary proceeding seeking to extend the automatic stay to certain non-debtor affiliates of the Debtor who are defendants in the FHLB Boston Action.  Curtis does not believe this to be a conflict.

| Name of Entity Searched | Relationship to Debtors | Relationship to Curtis |
|---|---|---|
| US Bank National Association | Party to Funding Agreement, HELOC Investor, and Member of Creditors' Committee | Current Client in Matters Unrelated to Debtors |
| Wilmington Trust Company | Trustee and Member of Creditors' Committee | Current Client in Matters Unrelated in Debtors |

## SCHEDULE 3

### FORMER CLIENTS OF CURTIS

| Name of Entity Searched | Relationship to Debtors | Relationship to Curtis |
|---|---|---|
| BNY Mellon | Consolidated Top 50 Creditor | Former Client in Matters Unrelated to Debtors |
| Pershing, LLC | Bondholder | Former Client in Matters Unrelated to Debtors |
| Fortress Credit Corp. | Counterparty to Servicing Agreement | Former Client in Matters Unrelated to Debtors |
| Financial Guaranty Insurance Company/FGIC | Party to Litigation, Mortgage Monoline Insurer, and Member of Creditors' Committee | Former Client in Matters Unrelated to Debtors |
| HSBC Bank USA, National Association | Trustee | Former Client in Matters Unrelated to Debtors |
| Opteum Financial Services, LLC | Counterparty to Servicing Agreement | Former Client in Matters Unrelated to Debtors |

**SCHEDULE 4**

**ENTITIES THAT ARE RELATED OR MAY BE
RELATED TO CURRENT CLIENTS OF CURTIS**

| Name of Entity Searched | Relationship to Debtors | Relationship to Curtis |
|---|---|---|
| Bank of America, N.A. | Depositing Bank and Counterparty to Servicing Agreements | Affiliate of Current Client in Matters Unrelated to Debtors |
| Banc of America Funding 2006-1 Trust | Counterparty to Servicing Agreement | Affiliate of Current Client in Matters Unrelated to Debtors |
| Banc of America Funding Corporation | Counterparty to Servicing Agreement | Affiliate of Current Client in Matters Unrelated to Debtors |
| Banc of America Mortgage Capital Corporation | Counterparty to Servicing Agreement | Affiliate of Current Client in Matters Unrelated to Debtors |
| Barclays Bank PLC | Party to Funding Agreements and Consultants and Professionals | Affiliate of Current Client in Matters Unrelated to Debtors |
| Barclays Capital Inc. | Bondholder | Affiliate of Current Client in Matters Unrelated to Debtors |
| Bankers Trust Company | Counterparty to Servicing Agreement | Affiliate of Current Client in Matters Unrelated to Debtors |
| Chubb Group of Insurance Companies | Mortgage Monoline Insurer | Affiliate of Current Client in Matters Unrelated to Debtors |
| Deutsche Bank AG New York | Counterparty to Servicing Agreement and Consolidated Top 50 Creditor | Affiliate of Current Client in Matters Unrelated to Debtors |
| Deutsche Bank Securities, Inc. | Bondholder | Affiliate of Current Client in Matters Unrelated to Debtors |
| Deutsche Bank National Trust Co. | HELOC Investor and Trustee | Affiliate of Current Client in Matters Unrelated to Debtors |
| Federal Insurance Group | Mortgage Monoline Insurer | Affiliate of Current Client in Matters Unrelated to Debtors |
| General Motors Company | Party Named in Creditors' Committee's Rule 2004 Motion | Affiliate of Current Client in Matters Unrelated to Debtors |
| Lehman Brothers Bank, FSB | Counterparty to Servicing Agreement | Affiliate of Current Client in Matters Unrelated to Debtors |
| Lehman Capital | Counterparty to Servicing Agreement | Affiliate of Current Client in Matters Unrelated to Debtors |

| Name of Entity Searched | Relationship to Debtors | Relationship to Curtis |
|---|---|---|
| J.P. Morgan Clearing Corp. | Bondholder | Affiliate of Current Client in Matters Unrelated to Debtors |
| J.P. Morgan Securities LLC | Bondholder | Affiliate of Current Client in Matters Unrelated to Debtors |
| JP Morgan Chase | HELOC Investor | Affiliate of Current Client in Matters Unrelated to Debtors |
| Massachusetts Mutual Life Insurance Co. | Party to Litigation and Counterparty to Servicing Agreement | Affiliate of Current Client in Matters Unrelated to Debtors |
| Merrill Lynch Bank & Co. | Bondholder and Counterparty to Servicing Agreement | Affiliate of Current Client in Matters Unrelated to Debtors |
| Riggs Bank N.A. | Counterparty to Servicing Agreement | Affiliate of Current Client in Matters Unrelated to Debtors |
| Sterling Savings Bank | Counterparty to Servicing Agreement | Affiliate of Current Client in Matters Unrelated to Debtors |
| UBS Real Estate Securities, Inc. | Counterparty to Servicing Agreement | Affiliate of Current Client in Matters Unrelated to Debtors |
| UBS Financial Services LLC | Bondholder | Affiliate of Current Client in Matters Unrelated to Debtors |
| UBS Securities LLC | Bondholder | Affiliate of Current Client in Matters Unrelated to Debtors |
| UBS Warburg Real Estate Securities Inc. | Counterparty to Servicing Agreements | Affiliate of Current Client in Matters Unrelated to Debtors |
| Verizon | Utility | Affiliate of Current Client in Matters Unrelated to Debtors |

## SCHEDULE 5

### ENTITIES THAT ARE RELATED OR MAY BE RELATED TO FORMER CLIENTS OF CURTIS

| Name of Entity Searched | Relationship to Debtors | Relationship to Curtis |
|---|---|---|
| Bank of Nova Scotia/CDS | Bondholder | Affiliate of Former Client in Matters Unrelated to Debtors |
| The Bank of New York Mellon | Bondholder, Depositing Bank, HELOC Investor, and Trustee | Affiliate of Former Client in Matters Unrelated to Debtors |
| The Bank of New York Mellon Trust Company, N.A | Member of Creditors' Committee | Affiliate of Former Client in Matters Unrelated to Debtors |
| Cerberus Capital Management, L.P. | Party Named in Creditors' Committee's Rule 2004 Motion | Affiliate of Former Client in Matters Unrelated to Debtors |
| Cerberus FIM, LLC | Party Named in Creditors' Committee's Rule 2004 Motion | Affiliate of Former Client in Matters Unrelated to Debtors |
| HSBC Bank USA, National Association | Trustee | Affiliate of Former Client in Matters Unrelated to Debtors |

# SCHEDULE 6

## CURTIS PERSONNEL AND THEIR CONNECTION TO THE DEBTORS
## OR THE DEBTORS' AFFILIATES

| Name | Position | Connection to the Debtors or the Debtors' Affiliates |
|------|----------|------------------------------------------------------|

None[1]

---

[1] In addition, while we are unaware of any Curtis attorney or employee who has or had a mortgage or mortgage-related product that was originated or serviced by the Debtors, it is possible that employees of Curtis have or had mortgages that were originated by the Debtors or that were previously or are currently serviced by the Debtors.

11501310