Hearing Date: **July 24, 2012 at 10:00 a.m. (ET)**
Objection Deadline: **July 17, 2012 at 4:00 p.m. (ET)**

ANGLIN, FLEWELLING, RASMUSSEN,
  CAMPBELL & TRYTTEN LLP
199 S. Los Robles Avenue, Suite 600
Pasadena, California 91101-2459
Tel: (626) 535-1900
Fax: (626) 577-7764
Jeremy E. Shulman
*Attorneys for Movant*
*Wells Fargo Bank, N.A., successor*
*by merger with Wells Fargo Bank*
*Southwest, N.A., f/k/a Wachovia Mortgage,*
*FSB, f/k/a World Savings Bank, FSB*
*("Wells Fargo")*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | Case No. 12-12020 (MG) |
| ) | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, et al., ) | |
| ) | Jointly Administered |
| Debtors. ) | |
| ) | (Re Debtor Executive Trustee Services, LLC, Case No. 12-12028) |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT
PROSECUTION OF NON-BANKRUPTCY FORUM ACTION AGAINST DEBTOR
EXECUTIVE TRUSTEE SERVICES, LLC, OR, IN THE ALTERNATIVE, TO PERMIT
MOVANT TO CONDUCT DISCOVERY AND TO ISSUE TRIAL SUBPOENAS
<u>DIRECTED AT DEBTOR IN THE NON-BANKRUPTCY ACTION</u>**

    Movant Wells Fargo Bank, N.A., successor, by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB ("Wells Fargo" and "Movant") hereby moves for relief from the automatic stay as to Debtor Executive Trustee Services, LLC ("Debtor") and Debtor's estate for an order under Bankruptcy Code section 362 permitting Wells Fargo to continue prosecution of its cross-complaint against Debtor in the matter entitled <u>Franciska Susilo v. Wells Fargo Bank, N.A., et al.</u>, Case No. CV11-1814-

CAS (RJWx), currently pending in the United States District Court (the "District Court") for the Central District of California (the "Action") until final judgment (including any appeals). Movant further moves for an order permitting Movant to enforce its final judgment by collecting upon any available insurance in accordance with applicable non-bankruptcy law and/or proceeding against the Debtor as to non-estate property or earnings.

Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay to proceed with the Action to final judgment on grounds that the claims at issue arise under non-bankruptcy law and can be most expeditiously resolved in the non-bankruptcy forum, and based on the additional grounds set forth in the accompanying declaration of Jeremy E. Shulman.

In the alternative, cause exists under 11 U.S.C. § 362(d)(1) to grant Movant relief from the automatic stay to permit Movant to conduct discovery in the Action directed at Debtor including the issuance of deposition and records subpoenas, and to permit Movant to issue trial subpoenas requiring certain officers, directors, agents and/or employees of Debtor, to appear and to produce documents at trial in the Non-Bankruptcy Action.

Movant further moves that the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code, and that the 14-day stay prescribed by Bankruptcy Rule 4001(a)(3) be waived.

The proposed order, including the alternative order, (the "Order") is attached hereto as Exhibit 1.

This motion is based on the following memorandum of points and authorities, the supporting declaration of Jeremy E. Shulman and exhibits thereto, the records on file in this action, and such other evidence and oral argument as will be permitted by the court at the hearing on this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. INTRODUCTION.

By this motion, Wells Fargo seeks an order granting relief from stay to permit continued prosecution of its cross-complaint against debtor Executive Trustee Services, LLC in the District Court Action.  The Action has been pending since January 21, 2011 and a <u>trial has been set to commence on October 2, 2012</u>.  Debtor and Wells Fargo filed cross-complaints against one another in the Action on March 30, 2012.

The District Court was notified of the automatic stay in connection with Debtor's bankruptcy filing on May 17, 2012.  In response to the notice of the bankruptcy stay, on May 22, 2012, District Court Judge Christina A. Snyder ordered a stay of all proceedings against defendant, cross-defendant and cross-complainant Debtor, including discovery, but permitting the trial to go forward on plaintiff's complaint against Wells Fargo.  (See Declaration of Jeremy E. Shulman ["Shulman Decl."], Exh. D [Minute Order dated May 21, 2012 in the Action].) The prosecution of the complaint and cross-complaint against Debtor serves the interests of judicial economy in that litigation as the Action is in advanced stages.

The inability of Wells Fargo to complete discovery directed at Debtor has impaired Wells Fargo's ability to adequately prepare for trial.  A relief from stay order is justified to permit Wells Fargo to complete prosecution of its cross-complaint against Debtor through judgment and, at a minimum, to allow Wells Fargo to subpoena Debtor to appear and to produce documents at deposition and at trial.

### 2. BACKGROUNDS FACTS ABOUT THE DISTRICT COURT ACTION.

The Action was originally filed in the Los Angeles County Superior Court of the State of California on January 21, 2011, and removed to the District Court on March 2, 2011.  (A copy of the operative complaint in the Action is attached as Exhibit A to the accompanying Shulman Decl.)  In the Action, plaintiff names Movant and Debtor as defendants.

On March 30, 2012, Wells Fargo and Debtor Executive Trustee Services, LLC ("ETS" and "Debtor") each filed cross-complaints against one another in the Action. (Shulman Decl. Exs. B and C.) In Wells Fargo's Cross-Complaint against Debtor, Wells Fargo asserts a single cause of action for equitable indemnity against Debtor. In the Cross-Complaint of Debtor, Debtor asserts four causes of action against Movant including equitable indemnity, comparative indemnity, comparative contribution, and declaratory relief. In summary the cross-complaints of Debtor and Movant against one another are for indemnity for any liability owing to plaintiff.

The allegations of plaintiff's complaint center around plaintiff's attempt at reinstatement of a residential real estate loan before foreclosure.[1] At issue are plaintiff's written and oral communications with Debtor, the foreclosure trustee under Movant's deed of trust. Also at issue are allegations that Debtor failed to properly prepare and serve statutorily required pre-foreclosure notices on plaintiff giving rise to wrongful foreclosure-related claims. Because Debtor, as foreclosure trustee, acts as a limited dual agent for plaintiff/borrower and Movant/lender, Wells Fargo could potentially be liable for actions of Debtor in regards to the foreclosure while being unable to obtain key factual information from Debtor due to the automatic stay. As such, Wells Fargo is unable to adequately defend itself at trial without being able to complete discovery of Debtor, including necessary depositions, and without the trial testimony of employees of Debtor who had direct communications with plaintiff regarding plaintiff's attempt at loan reinstatement before foreclosure. The inability of Wells Fargo to conduct discovery directed at Debtor concerning plaintiff's claim will irretrievably prejudice Wells Fargo in its defense. (See Shulman Decl. ¶7.)

---

[1] California is a nonjudicial foreclosure state whereby the recorded security instrument allows a foreclosure trustee such as ETS to exercise the power of sale following a loan default without resorting to a judicial foreclosure action. The lender and trustee are required to exercise the power of sale in compliance with certain statutory notice provisions and other requirements found in California Civil Code § 2924, *et seq.*

95451/000660/00414657-2                                          4

### 3. CAUSE EXISTS FOR THE GRANTING OF RELIEF FROM STAY.

Under section 362(d)(1) of the Bankruptcy Code, "[o]n request of a party in interest . . . the court shall grant relief from the stay . . . for cause." The Bankruptcy Code does not define "cause." *In re Sonnax Industries, Inc.*, 907 F.2d 1280, 1285 (2d Cir. 1990) (*In re Sonnax Indus.*); *International Bus. Machs. v. Fernstrom Storage & Van Co. (In re Fernstrom Storage & Van Co.)*, 938 F.2d 731, 735 (7th Cir. 1991); *Wiley v. Hartzler*, (*In re Wiley*,) 288 B.R. 818, 822 (B.A.P. 8th Cir. 2003). Courts typically balance the hardships to the parties. *In re Fernstrom Storage & Van Co.*, 938 F.2d at 735; *Loudon v Amogio Foods, Inc. (In re Loudon)*, 284 B.R. 106, 108 (B.A.P. 8th Cir. 2002); *In re Wiley*, 288 B.R. at 822; *In re Comdisco, Inc.*, 271 B.R. 273 (Bankr. N.D. Ill. 2002). A stay may be lifted to permit litigation involving the debtor to continue in another court. <u>*In re Bogdanovich*</u>, 292 F.3d 104, 110 (2d Cir. 2002).

"Although the term 'for cause' is not defined in the bankruptcy code, we have adopted 12 factors to consider when deciding whether or not to lift a stay in order that litigation may continue to completion in another tribunal." *In re Bogdanovich*, 292 F.3d 104, 110 (citing *In re Sonnax Indus.*, 907 F.2d at 1285-86). At least 8 of the 12 factors identified in *In re Sonnax Indus.*, are pertinent here:

(1) whether relief would result in a partial or complete resolution of the issues (here, relief from stay permitting prosecution of Movant's cross-complaint would resolve all issues in the Action);

(2) lack of any connection with or interference with the bankruptcy case (Movant does not expect that the prosecution of the cross-complaint against Debtor will in any way interfere with this bankruptcy case);

(5) whether the debtor's insurer has assumed full responsibility for a defense (this is unknown, but Movant is informed and believes that Debtor carriers errors and omissions insurance that covers both defense and indemnity of the claims asserted in the Action);

    (6)    whether the action primarily involves third parties (here, the claims are brought by a borrower against Movant and Debtor acting as Trustee in connection with the foreclosure sale of borrower's property);

    (7)    whether litigation in another forum would prejudice the interests of other creditors (it is not expected that other creditors would be prejudiced);

    (10)    the interests of judicial economy and the expeditious and economical resolution of litigation (here, a single trial of the liabilities of all parties will serve the interest of judicial economy);

    (11)    whether the parties are ready for trial in the other proceeding (given the advanced stages of litigation, Movant is approaching trial readiness, but needs to conduct discovery directed at Debtor); and

    (12)    the impact of the stay on the parties and the balance of harms (here, Wells Fargo will be prejudiced in defending the Action without the benefit of Debtor's participation in discovery and trial, and it is anticipated that Debtor is insured for the claims asserted in the Action).

Based on application of the *In re Sonnax Indus*. factors, "cause" exists for the granting of relief from stay to allow continued prosecution of the cross-complaint against Debtor in the Action. Alternatively, the court should permit Wells Fargo to subpoena Debtor to compel Debtor to appear and produce documents both for deposition and trial in the Action.

## 4. CONCLUSION.

Based on the foregoing, the court should enter an order: (A) granting relief from the automatic stay permitting prosecution of the Action against Debtor through judgment (including all appeals) or, in the alternative, (B) permitting movant to issue deposition notices, discovery demands, and trial subpoenas for Debtor to appear and to produce documents at deposition and trial.

Dated: June 29, 2012
       Pasadena, California

Respectfully Submitted,

ANGLIN, FLEWELLING, RASMUSSEN,
  CAMPBELL & TRYTTEN LLP

By: */s/ Jeremy E. Shulman*
    Jeremy E. Shulman
199 S. Los Robles Avenue, Suite 600
Pasadena, California 91101-2459
Tel: (626) 535-1900
Fax: (626) 577-7764
*Attorneys for Movant*
*Wells Fargo Bank, N.A., successor*
*by merger with Wells Fargo Bank*
*Southwest, N.A., f/k/a Wachovia Mortgage,*
*FSB, f/k/a World Savings Bank, FSB*