ANGLIN, FLEWELLING, RASMUSSEN,
  CAMPBELL & TRYTTEN LLP
199 S. Los Robles Avenue, Suite 600
Pasadena, California 91101-2459
Tel: (626) 535-1900
Fax: (626) 577-7764
Jeremy E. Shulman
*Attorneys for Movant*
*Wells Fargo Bank, N.A., successor*
*by merger with Wells Fargo Bank*
*Southwest, N.A., f/k/a Wachovia Mortgage,*
*FSB, f/k/a World Savings Bank, FSB*
*("Wells Fargo")*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |
| | (Re Debtor Executive Trustee Services, LLC, Case No. 12-12028) |

**DECLARATION OF JEREMY E. SHULMAN IN SUPPORT OF WELLS FARGO'S MOTION FOR AN ORDER (A) GRANTING RELIEF FROM AUTOMATIC STAY PERMITTING PROSECUTION OF NON-BANKRUPTCY FORUM ACTION AGAINST DEBTOR EXECUTIVE TRUSTEE SERVICES, LLC, OR, IN THE ALTERNATIVE, (B) PERMITTING MOVANT TO CONDUCT DISCOVERY AND TO ISSUE TRIAL <u>SUBPOENAS DIRECTED AT DEBTOR IN THE NON-BANKRUPTCY ACTION</u>**

I, Jeremy E. Shulman, declare as follows:

1.   I am an attorney at law licensed to practice in the States of New York and California, and I am admitted to practice in the United States District Court for the Southern District of New York.  The following is based on my own personal knowledge, and I am competent to testify thereto.

95451/000660/00416392-1

2.      I submit this declaration in support of Wells Fargo's Motion for an order under Bankruptcy Code section 362 permitting Wells Fargo to continue prosecution of its cross-complaint against debtor Executive Trustee Services, LLC ("Debtor") in the matter entitled <u>Franciska Susilo v. Wells Fargo Bank, N.A., et al.</u>, Case No. CV11-1814-CAS(RJWx), currently pending in the United States District Court (the "District Court") for the Central District of California (the "Action").

3.      I am counsel of record for Movant Wells Fargo Bank, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB ("Wells Fargo" and "Movant") in the Action.

4.      The Action was originally filed in the Los Angeles County Superior Court of the State of California on January 21, 2011, and removed to the District Court on March 2, 2011. The operative second amended complaint is attached hereto as <u>Exhibit A</u>.  In the Action, plaintiff names Movant and Debtor as defendants.

5.      On March 30, 2012, Wells Fargo and Debtor Executive Trustee Services, LLC ("ETS" and "Debtor") each filed cross-complaints against one another in the Action.  Copies of the cross-complaints of Movant and Debtor, are attached hereto as <u>Exhibits B and C.</u>  In Wells Fargo's Cross-Complaint against Debtor, Wells Fargo asserts a single cause of action for equitable indemnity against Debtor.  In the Cross-Complaint of Debtor, Debtor asserts four causes of action against Movant including equitable indemnity, comparative indemnity, comparative contribution, and declaratory relief.  In summary the cross-complaints of Debtor and Movant against one another are for indemnity for any liability owing to plaintiff.

5.      The Action is in the advanced stages of litigation and trial is presently set to commence on October 2, 2012.  The District Court has invited a stipulation and proposed order to continue the case scheduling and trial 60 days due to the ETS bankruptcy.  Wells Fargo advised the District Court of its intention to seek relief from the automatic stay.

6.      The District Court was notified of the automatic stay in connection with Debtor's bankruptcy filing on May 17, 2012.  In response to the notice of the bankruptcy stay, on May 22, 2012, District Court Judge Christina A. Snyder issued an order staying all proceedings against defendant, cross-defendant and cross-complainant Debtor, including discovery, but permitting the trial to go forward on plaintiff's complaint against Wells Fargo.  A copy of the Civil Minutes of the Telephonic Further Status Conference Re: Settlement, issued on May 21, 2012 in the Action, is attached hereto as Exhibit D.

7.      The allegations of plaintiff's complaint center around plaintiff's attempt at reinstatement of a residential real estate loan before foreclosure.[1]  At issue are plaintiff's written and oral communications with Debtor, the foreclosure trustee under Movant's deed of trust.  Also at issue are allegations that Debtor failed to properly prepare and serve statutorily required pre-foreclosure notices on plaintiff giving rise to wrongful foreclosure-related claims.  Because Debtor, as foreclosure trustee, acts as a limited dual agent for plaintiff/borrower and Movant/lender, Wells Fargo could potentially be liable for actions of Debtor in regards to the foreclosure while being unable to obtain key factual information from Debtor due to the automatic stay.  As such, Wells Fargo is unable to adequately defend itself at trial without being able to complete discovery of Debtor, including necessary depositions, and without the trial testimony of employees of Debtor who had direct communications with plaintiff regarding plaintiff's attempt at loan reinstatement.  The inability of Wells Fargo to conduct discovery directed at Debtor concerning plaintiff's claim will irretrievably prejudice Wells Fargo in its defense.

---

[1] California is a nonjudicial foreclosure state whereby the recorded security instrument allows a foreclosure trustee such as ETS to exercise the power of sale following a loan default without resorting to a judicial foreclosure action.  The lender and trustee are required to exercise the power of sale in compliance with certain statutory notice provisions and other requirements found in California Civil Code § 2924, *et seq.*

8.  I do not have personal knowledge of whether Debtor has errors and omissions (E&O) insurance that provides for a defense and indemnity of the claims asserted by plaintiff and Movant against Debtor in the Action. However, I have several years of banking litigation experience representing Wells Fargo in matters involving foreclosure proceedings. Based on this experience, I am aware that trustees often carry E&O insurance that provides for the defense and indemnity of the types of claims asserted in the Action against Debtor.

9.  A separate trial of the claims of plaintiff against Wells Fargo and a trial of the claims of Wells Fargo against Debtor will involve an unnecessary duplication of efforts: the separate trials would involve the participation of the same witnesses testifying on the same areas of inquiry, and will involve the same issues, namely: what communications did Debtor and Wells Fargo have with plaintiff regarding plaintiff's attempt at reinstatement; and what information does Debtor have regarding its duties to properly prepare, serve, and record the statutorily required pre-foreclosure notices. It would be a tremendous waste of judicial resources to require separate trials on plaintiff's claim and the claims for indemnity between defendants Debtor and Movant.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing statements are true and correct.

Executed on June 29, 2012 in Pasadena, California.

      /s/ Jeremy Shulman
JEREMY E. SHULMAN