# EXHIBIT A

1  Roger A. S. Manlin, Bar #051094
   rmanlin@manlinlaw.com
2  4647 Kingswell Ave., No. 158
   Los Angeles, CA 90027
3  Telephone: (323) 953-6789
   Facsimile: (323) 953-6156
4
   Attorney for Plaintiff Franciska Susilo
5

6

7

8              UNITED STATES DISTRICT COURT

9      CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

10

11

12 | FRANCISKA   SUSILO,   an ) CASE No.: 2:11-cv-01814-CAS-PJW
   | individual,                )
13 |                            ) [The Hon. Christina A. Snyder, Judge,
   |          Plaintiff,        ) Courtroom 5 – 2nd Floor]
14 |                            )
   |          vs.               ) Complaint Filed: January 21, 2011
15 |                            )
   | WELLS FARGO BANK, N.A., form ) Second Amended Complaint for:
16 | unknown;    WACHOVIA        )
   | MORTGAGE FSB, f.k.a.  World ) 1. Negligence
17 | Savings Bank, FSB, form unknown; ) 2. Breach of Contract,
   | ETS  SERVICES,  LLC,  form  ) 3. Negligent Misrepresentation
18 | unknown; CARLOS GONZALEZ,   ) 4. Fraud
   | an individual; CHRISTOPHER LEE ) 5. Promissory Fraud
19 | ROBERTSON, an individual doing ) 6. Trespass and Conversion
   | business as Real Estate Advisors, ) 7. Set Aside Trustee Sale
20 | form unknown; ADVISORS, INC., ) 8. Set Aside Trustee's Deed
   | a  California  corporation  doing ) 9. Wrongful Foreclosure
21 | business as Real Estate Advisors; ) 10. Breach of the Implied Covenant of
   | REAL ESTATE ADVISORS, form  ) Good Faith and Fair Dealing
22 | unknown; Does 1 to 50, Inclusive, ) 11. Aiding And Abetting and Conspiracy
   |                            ) to Defraud
23 |          Defendants.       ) 12. Violation of B&PC § 17200 et seq.
   |                            )
24 | ─────────────────────────── ) DEMAND FOR JURY TRIAL

25

26        Plaintiff complains and for causes of action alleges as follows:

27

28
   ────────────────────────────────────────────
   PLAINTIFF'S [PROPOSED] SECOND AMENDED COMPLAINT

12-12020-mg   Doc 542-1   Filed 06/29/12   Entered 06/29/12 16:51:20   Exhibit A -
Second Amended Complaint in USDC   Central District   Case No. 2:11-cv   Pg 3 of 25
Case 2:11-cv-01814-CAS -PJW   Document 44   Filed 11/17/11   Page 2 of 24   Page ID #:526

## GENERAL ALLEGATIONS

**PARTIES**

1.    Plaintiff Franciska Susilo (hereinafter "Plaintiff" or "Trustor"), is now and at all times relevant to this action was a resident of the City of Singapore, Republic of Singapore, and was the owner of the real property residence commonly known as 1100 Wilshire Blvd., Unit 3108, Los Angeles, CA 90017, APN 5143-029-173 (hereinafter the "Property").

2.    Upon information and belief, Defendant WELLS FARGO BANK, NA (hereinafter "Wells Fargo"), is an entity of unknown form doing business in the County of Los Angeles, State of California.

3.    Defendant, WACHOVIA MORTGAGE, FSB (hereinafter "Wachovia Mortgage"), is a business organization the form of which is presently unknown to Plaintiff, but which Plaintiff is informed and believes is and was at all times mentioned herein a division of Wells Fargo doing business in Los Angeles County, California. Defendants Wells Fargo and Wachovia Mortgage are individually and collectively referred to herein as "lender".

4.    Upon information and belief, Defendant ETS SERVICES, LLC ("ETS") is an entity of unknown form doing business in the County of Los Angeles, State of California with offices located at 2255 N. Ontario St., Suite 400, Burbank, CA 91504. All acts of ETS alleged herein were performed by it in its capacity as the appointed trustee under and pursuant to a deed of trust recorded 5/7/08 as instrument No. 20080806003 of the official records of the Los Angeles County recorder's office (the "deed of trust") on behalf of, as the agent of, and under the direction and control of lender. Plaintiff is informed and believes that individuals identified herein as Doe Defendants are now and at all times mentioned herein were individuals residing and conducting business in Los Angeles County, California, and on Plaintiff's information and belief were the agents, employees, representatives, managers and owners of Defendant ETS who in all matters alleged herein dealt with Plaintiff and

12-12020-mg   Doc 542-1   Filed 06/29/12   Entered 06/29/12 16:51:20   Exhibit A -
Second Amended Complaint in USDC   Central District   Case No. 2:11-cv   Pg 4 of 25
Case 2:11-cv-01814-CAS -PJW   Document 44   Filed 11/17/11   Page 3 of 24   Page ID #:527

1  Plaintiff's representatives on behalf of ETS and on behalf of, as the agent of, and
2  under the direction and control of lender. Monique Doe and Liz Doe are named and
3  identified herein by the fictitious last name "Doe" because their true last name has
4  been withheld from Plaintiff. Plaintiff will amend this complaint to assert their true
5  last names when these names have been ascertained. Shanon De'Arman, Erica
6  Puentes, Carlos Gonzalez, Monique Doe, and Liz Doe, are hereinafter collectively
7  referred to as the "ETS representatives". Plaintiff is informed and believes, and
8  thereon alleges, that Defendant Carlos Gonzalez is the manager and/or supervisor of
9  the other ETS representatives, and directed, authorized, ratified and approved on
10  behalf of ETS the performance of their duties and responsibilities, and their
11  representations, acts and omissions referred to herein.

12      5.      Plaintiff is informed and believes, and thereon alleges, that Defendant
13  Christopher Lee Robertson is an individual, with offices and doing business at all
14  times mentioned herein at 5482 Wilshire Blvd Ste 315, Los Angeles, CA. Plaintiff
15  is informed and believes, and thereon alleges, that Defendant Christopher Lee
16  Robertson is a California real estate licensee, and is the owner, managing agent and
17  responsible officer and broker for Defendant Advisors, Inc., a California corporation
18  and real estate broker. Plaintiff is informed and believes, and thereon alleges that
19  Defendant Real Estate Advisors is a dba of Defendants Christopher Lee Robertson
20  and Advisors, Inc. (Defendants Christopher Lee Robertson, Real Estate Advisors,
21  and Advisors, Inc. are individually and collectively referred to herein as "Advisors".)
22  Plaintiff is informed and believes, and thereon alleges, that Defendant Advisors at all
23  times herein mentioned was the listing agent and real estate broker for the sale of
24  Lenders' REO properties, and engaged in the conduct alleged herein in that capacity
25  and in violation of statutory licensee regulatory provisions, including Business &
26  Professions Code § 10176.

27      6.      The true names and capacities, whether individual, corporate, associate
28  or otherwise, of the Defendants designated fictitiously herein are unknown to

PLAINTIFF'S [PROPOSED] SECOND AMENDED COMPLAINT
3

12-12020-mg    Doc 542-1    Filed 06/29/12    Entered 06/29/12 16:51:20    Exhibit A -
Second Amended Complaint in USDC    Central District    Case No. 2:11-cv    Pg 5 of 25
Case 2:11-cv-01814-CAS -PJW    Document 44    Filed 11/17/11    Page 4 of 24    Page ID #:528

1    Plaintiff at this time who, therefore, sues said Defendants by said fictitious names and

2    will seek leave of this court to amend this complaint to show their true names and

3    capacities when the same have been ascertained, together with such additional

4    allegations which may be necessary in that regard. Plaintiff is informed and believes

5    and thereon alleges that each of the fictitiously named Defendants is responsible in

6    some manner for the occurrences herein alleged, and that the damages as herein

7    alleged were caused by their conduct.

8        7.    At all times mentioned herein, each Defendant, including Does, was

9    acting as the agent, servant and/or employee of each of the other Defendants and was

10    acting within the course and scope of said agency and employment, with the consent,

11    express and implied, of each of the other Defendants, and each of the Defendants

12    authorized, ratified, approved and participated in the acts and omissions herein

13    alleged. Whenever in this complaint reference is made to any act of Defendants, or

14    a named Defendant, such allegations shall be deemed to mean the acts of the

15    Defendants named in the particular cause of action, Does 1 through 50, inclusive, and

16    each of them, acting individually, jointly and severally.

17        8.    Defendants, and each of them, aided and abetted, encouraged, and

18    rendered substantial assistance to the other Defendants in breaching their obligations

19    to Plaintiff as alleged herein. In taking action, as alleged herein, to aid and abet and

20    substantially assist the commissions of these wrongful acts and omissions complained

21    of, each of the Defendants acted with an awareness of its primary wrongdoing and

22    realized that its conduct would substantially assist the accomplishment of the

23    wrongful conduct, wrongful goals, and wrongdoing alleged herein.

24        9.    Defendants, and each of them, knowingly and willfully conspired,

25    engaged in a common enterprise, and engaged in a common course of conduct to

26    accomplish the wrongs complained of herein. The purpose and effect of the

27    conspiracy, common enterprise, and common course of conduct complained of was

28    to financially benefit Defendants at the expense of Plaintiff and take possession of

PLAINTIFF'S [PROPOSED] SECOND AMENDED COMPLAINT

4

12-12020-mg   Doc 542-1   Filed 06/29/12   Entered 06/29/12 16:51:20   Exhibit A -
Second Amended Complaint in USDC   Central District   Case No. 2:11-cv   Pg 6 of 25
Case 2:11-cv-01814-CAS -PJW   Document 44   Filed 11/17/11   Page 5 of 24   Page ID #:529

1   Plaintiff's property.     Each Defendant was a direct, necessary and substantial

2   participant in the conspiracy, common enterprise and common course of conduct

3   complained of herein, and was aware of its overall contribution to and furtherance

4   thereof.

5   **STATEMENT OF FACTS**

6       10.    At all times relevant to this action, Plaintiff was the trustor under the

7   deed of trust. The deed of trust and the loan agreement which it secures are written

8   contracts which set forth the rights and duties of the beneficiary under the deed of

9   trust to proceed with a nonjudicial foreclosure sale in the event of a default under the

10   terms of the deed of trust or the note secured by the deed of trust.

11       11.    Plaintiff is informed and believes, and thereon alleges, that at all times

12   relevant to this action, ETS was the trustee and Wachovia Mortgage was the

13   beneficiary under the deed of trust. Plaintiff is informed and believes and thereon

14   alleges that the deed of trust contains a provision providing for attorneys' fees to the

15   prevailing party in the event of a dispute.

16       12.    Plaintiff is informed and believes, and thereon alleges, that on or about

17   July 21, 2010, Defendants caused to be recorded as document number 10-0996367

18   a Notice of Default and Election to Sell under Deed Of Trust ("NOD") based upon

19   Plaintiff's alleged default of $37,515.31 in the payments of the loan secured by the

20   deed of trust as of July 20, 2010. A copy of the NOD eventually received by Plaintiff

21   is attached hereto as Ex. A.

22       13.    Neither the NOD nor any other document pertaining to the foreclosure

23   referenced in the NOD was properly prepared or served on Plaintiff in compliance

24   with applicable law or delivered to Plaintiff at her address in Singapore which, at all

25   times, was known to Defendants.

26       14.    The NOD was incomplete and contained false and misleading

27   information including, without limitation, that it incorrectly identifies the loan

28   secured by the Property in the deed of trust and with respect to which Plaintiff is

12-12020-mg   Doc 542-1   Filed 06/29/12   Entered 06/29/12 16:51:20   Exhibit A -
Second Amended Complaint in USDC   Central District   Case No. 2:11-cv   Pg 7 of 25
Case 2:11-cv-01814-CAS -PJW   Document 44   Filed 11/17/11   Page 6 of 24   Page ID #:530

1  alleged in the NOD to have defaulted on as Loan No. 0048434922100431680.

2  Plaintiff is informed and believes, and thereon alleges that the preparation, recording

3  and delivery of the NOD was done by ETS and ETS representatives.

4      15.   The NOD instructs Plaintiff that to find out the amount which must be

5  paid to reinstate the loan, or to arrange for payment to stop the foreclosure, contact

6  Wachovia Mortgage C/O ETS.  However, as set forth below, ETS and the ETS

7  representatives, and each of them, failed and refused to provide any information

8  requested by Plaintiff with regard to the amount necessary to reinstate the loan or to

9  stop the foreclosure.

10     16.   Upon receipt of the NOD during or about September, 2010, Plaintiff

11  immediately sought to cure any default in the deed of trust and contacted ETS by

12  telephone as directed in the NOD. Plaintiff was advised by the ETS representatives

13  that as of October 11, 2010, the total amount necessary to cure the default and fully

14  reinstate the loan and deed of trust was less than $46,800 which funds should be

15  delivered to Wachovia Mortgage.  This was confirmed to Plaintiff in a letter dated

16  September 28, 2010, sent by Defendant Shanon De'Arman on behalf of ETS and

17  Wachovia Mortgage.

18     17.   In accordance with the instructions received from the ETS

19  representatives, Shanon De'Arman and Wachovia Mortgage, Plaintiff on October 7,

20  2010, caused a check in the amount of $46,800 issued by Bank of America to be

21  delivered to Wachovia Mortgage, which check was accepted and endorsed for deposit

22  by Wachovia Mortgage and Wells Fargo. The default referred to in the NOD was

23  thereby cured and the loan reinstated.

24     18.   At some time after October 11, 2010, Defendants, without notifying

25  Plaintiff, failed and refused to reinstate the loan, caused the deposit endorsement of

26  lender to be canceled and proceeded with scheduling a foreclosure sale of the

27  Property pursuant to the NOD. On or about November 4, 2010, Plaintiff received an

28  unsigned letter from the Foreclosure Department of Wachovia Mortgage , backdated

PLAINTIFF'S [PROPOSED] SECOND AMENDED COMPLAINT

12-12020-mg   Doc 542-1   Filed 06/29/12   Entered 06/29/12 16:51:20   Exhibit A -
Second Amended Complaint in USDC   Central District   Case No. 2:11-cv   Pg 8 of 25
Case 2:11-cv-01814-CAS -PJW   Document 44   Filed 11/17/11   Page 7 of 24   Page ID #:531

1    to October 12, 2010, stating that the check previously delivered to Wachovia

2    Mortgage  would not be accepted because the funds were "received during the

3    initiation of a foreclosure action and are not enough to reinstate the loan." This

4    statement was false and was known by Defendants to be false at the time it was made.

5    The cancellation of the endorsement and rejection of the check was without

6    justification and was concealed from Plaintiff by Defendants for the purpose of

7    foreclosing on the Property.

8         19.    Plaintiff received no notice of the scheduled sale as required by law,

9    which was without justification and which was concealed from Plaintiff by

10   Defendants, and each of them.

11        20.    On November 4, 2010, upon receipt of the backdated October 12, 2010,

12   letter, Plaintiff contacted Gary Pollack, her accountant in Los Angeles, and advised

13   him that she believed Defendants may not have reinstated the loan and intended to

14   proceed with a foreclosure of the Property, requesting his assistance in curing any

15   default and effecting the reinstatement.

16        21.    On November 4, 2010, Mr. Pollack contacted ETS and spoke with

17   Monique Doe and other ETS representatives and advised them that the loan should

18   have been reinstated, that the default had been cured, and that Plaintiff was interested

19   in curing any default and preventing any foreclosure.  Mr. Pollack demanded on

20   behalf of Plaintiff a payoff demand statement setting forth the amount that must be

21   paid to reinstate the loan. The ETS representatives told Mr. Pollack that  no one at

22   ETS would talk to him regarding the loan or foreclosure without an authorization

23   letter from Plaintiff acceptable to lender.

24        22.    Mr. Pollack requested Plaintiff to provide an authorization letter, entitled

25   power of attorney, which was received by Mr. Pollack on November 6, 2010 and

26   delivered to the ETS representatives at ETS on November 7, 2010 together with a

27   request for the reinstatement amount, if any, and wire instructions where to deliver

28   the funds. On November 8, 2010, Mr. Pollack was advised by Monique Doe and

12-12020-mg   Doc 542-1   Filed 06/29/12   Entered 06/29/12 16:51:20   Exhibit A -
Second Amended Complaint in USDC   Central District   Case No. 2:11-cv   Pg 9 of 25
Case 2:11-cv-01814-CAS -PJW   Document 44   Filed 11/17/11   Page 8 of 24   Page ID #:532

1   other ETS representatives that Plaintiff's request for a letter of confirmation of

2   reinstatement of the loan had been sent to the lender but the lender had ignored the

3   request. Monique Doe and other ETS representatives advised Mr. Pollack that a sale

4   had been scheduled for November 12, 2010 but that there was nothing that ETS could

5   or would do and that Mr. Pollack would have to deal directly with Wachovia

6   Mortgage regarding the reinstatement.

7        23.   On November 8, Mr. Pollack delivered to Wachovia Mortgage a copy

8   of the power of attorney and telephoned Wachovia Mortgage to discuss the loan,

9   demand a payoff demand setting forth the amount that must be paid to reinstate the

10  loan, and arrange for reinstatement of the loan and for cancellation or extension of the

11  foreclosure sale which Defendants had scheduled for November 12, 2010. Mr.

12  Pollack was told by a person in the foreclosure department of Wachovia Mortgage,

13  who refused to identify himself, that it would take two weeks for Wachovia Mortgage

14  to approve the power of attorney authorization from Plaintiff, and that pending

15  approval Wachovia Mortgage would not discuss the loan or foreclosure. When Mr.

16  Pollack advised the representative from Wachovia Mortgage that he understood that

17  a sale had been set for November 12, 2010 and requested to speak with a manager,

18  Mr. Pollack was told: "Like I told you, he will not talk to you either and you will be

19  disconnected in 30 seconds." The Wachovia Mortgage representative then hung up.

20  Mr. Pollack made several more calls on November 8 to Wachovia Mortgage in an

21  effort to speak with someone regarding the matter, most of which ended in

22  substantially the same manner as the initial call.

23        24.   On the last phone call of November 8, 2010, Mr. Pollack was advised by

24  a representative of Wachovia Mortgage, who would not otherwise identify himself,

25  that Wachovia Mortgage would cancel or delay the foreclosure sale scheduled for

26  November 12, 2010 if he could provide a statement of funds available to pay the

27  reinstatement amount, the amount of which Wachovia Mortgage would not disclose.

28        25.   On November 10, 2010, Mr. Pollack obtained from Plaintiff and

PLAINTIFF'S [PROPOSED] SECOND AMENDED COMPLAINT

12-12020-mg   Doc 542-1   Filed 06/29/12   Entered 06/29/12 16:51:20   Exhibit A -
Second Amended Complaint in USDC   Central District   Case No. 2:11-cv   Pg 10 of 25
Case 2:11-cv-01814-CAS -PJW   Document 44   Filed 11/17/11   Page 9 of 24   Page ID #:533

1  delivered to Wachovia Mortgage a letter signed by a vice president of Citi Private

2  Bank with an attached copy of Plaintiff's account statement reflecting available funds

3  in Plaintiff's account of in excess of $250,000.

4       26.    On November 10, 2010, in a telephone conference call with Plaintiff, Mr.

5  Pollack, and a representative in the foreclosure department of Wachovia Mortgage

6  who would not otherwise identify himself, Plaintiff and Mr. Pollack were advised by

7  the Wachovia Mortgage representative that the correct reinstatement amount had been

8  received by Wachovia Mortgage in October, that Wachovia Mortgage had received

9  the letter verifying current availability of funds, and that, upon receipt of a letter from

10  Plaintiff disputing the sale, the foreclosure sale would be delayed pending resolution

11  of the reinstatement.  The Wachovia Mortgage representative would not provide a

12  statement of the amount required to be paid to reinstate the loan stating that the loan

13  should have been reinstated upon receipt of the check in the amount of $48,800 in

14  October, 2010.   Plaintiff delivered by facsimile the letter disputing the sale as

15  requested by Wachovia Mortgage. Mr. Pollack, also delivered to Wachovia Mortgage

16  proof of a cashier's check in the amount of $52,000 payable to Wachovia Mortgage,

17  which a representative from the foreclosure department of Wachovia Mortgage had

18  promised and represented to Mr. Pollack that upon receipt of which any scheduled

19  foreclosure sale would not proceed and would be extended pending resolution of

20  issues relating to reinstatement of the loan.

21       27.    Without further notice to Plaintiff, and in breach of their promises and

22  agreements with Plaintiff, and notwithstanding reinstatement of the loan in October,

23  2010, and without compliance with the notice, posting, and other statutory provisions

24  of Civil Code § 2924 *et seq.*, Defendants proceeded with the foreclosure sale on

25  November 12, 2010, at which time the Property was sold by ETS to Wells Fargo by

26  Trustee's Sale and delivery of the Trustee's Deed, dated December 2, 2010, and

27  executed on behalf of ETS by Defendant Erica Puentes.

28       28.    On or about November 12, 2010, Wachovia Mortgage sent Plaintiff a

PLAINTIFF'S [PROPOSED] SECOND AMENDED COMPLAINT

12-12020-mg   Doc 542-1   Filed 06/29/12   Entered 06/29/12 16:51:20   Exhibit A -
Second Amended Complaint in USDC   Central District   Case No. 2:11-cv   Pg 11 of 25
Case 2:11-cv-01814-CAS -PJW   Document 44   Filed 11/17/11   Page 10 of 24   Page ID
#:534

1   letter, addressed to her Singapore address, advising her that Wachovia Mortgage

2   would not recognize the power of attorney previously delivered which was missing

3   a notary acknowledgment and photocopy of the drivers license.  On November 16,

4   2010, Wachovia Mortgage sent Plaintiff a letter acknowledging Mr. Pollack's

5   authorization to act on Plaintiff's behalf with respect to the loan and deed of trust.

6   In a letter dated November 16, 2010, postmarked November 18, 2010, and received

7   by Plaintiff on November 30, 2010, Wachovia Mortgage states that Plaintiff's inquiry

8   regarding reinstatement of the loan had been submitted to the Wachovia Mortgage

9   foreclosure department for response and would take thirty days to respond.  On or

10  about December 8, 2010, Wachovia Mortgage responded to Mr. Pollack and

11  Plaintiff's prior inquiries and objections to the foreclosure sale, claiming, falsely, that

12  the October 7, 2010 payoff check had been rejected because it was not in the form of

13  a cashier's check, that Plaintiff had no contact with ETS or Wachovia Mortgage until

14  November 9, 2010, and that they would not reconsider the November 12, 2010

15  Trustee Sale and Trustee's Deed to lender.

16          29.    Plaintiff is informed and believes, and thereon alleges, that immediately

17  after acquiring title to the Property at the foreclosure sale, Wells Fargo, acting

18  through Nick Arnett, Wells Fargo's REO sales representative, listed the Property for

19  sale with Advisors and was record owner of the Property until it was sold by Wells

20  Fargo and Advisors to a third-party on January 28, 2011.

21          30.    Plaintiff is informed and believes, and thereon alleges, that when the

22  Property was listed for sale by Wells Fargo with Advisors shortly after the foreclosure

23  sale, and when it was sold by Wells Fargo on January 28, 2011, both Wells Fargo and

24  Advisors had constructive and actual knowledge of Plaintiff's claims, that the sale by

25  Wells Fargo and Advisors was a part of the alleged wrongfully and fraudulently

26  effected foreclosure of the Property by Wells Fargo, Wachovia and ETS, that the sale

27  was effected with the purpose and with the effect of Wells Fargo obtaining Plaintiff's

28  equity in the Property, that the sale was made without notice to Plaintiff and with the

PLAINTIFF'S [PROPOSED] SECOND AMENDED COMPLAINT

12-12020-mg    Doc 542-1    Filed 06/29/12    Entered 06/29/12 16:51:20    Exhibit A -
Second Amended Complaint in USDC    Central District    Case No. 2:11-cv    Pg 12 of 25
Case 2:11-cv-01814-CAS -PJW    Document 44    Filed 11/17/11    Page 11 of 24    Page ID
#:535

1  purpose and effect of preventing Plaintiff from taking any action to protect her equity

2  in the Property, that the Property was sold under circumstances intended to preclude

3  recovery of the Property by Plaintiff, and that it was sold to obtain a quick profit for

4  Wells Fargo and Advisors and for substantially less than its fair market value.

5      31.    Plaintiff is informed and believes and thereon alleges that during or

6  about September or October, 2010, Defendants caused the locks on Plaintiff's

7  Property to be changed and all of her personal furnishings, furniture and belongings

8  in the Property to be removed and converted to Defendants' use.

### FIRST CAUSE OF ACTION FOR NEGLIGENCE

#### (Against All Defendants other than Advisors)

11     32.    Plaintiff refers to, and by this reference incorporates herein as though set

12  forth at length, paragraphs1 through 31, inclusive, above.

13     33.    At all times relevant herein, ETS and the ETS representatives, as the

14  trustee under the deed of trust, and lender, acting as Plaintiff's lender and loan

15  servicer, had a duty to exercise reasonable care and skill to maintain proper and

16  accurate loan records and to discharge and fulfill the other incidents attendant to the

17  maintenance, accounting and servicing of loan records, including, but not limited,

18  accurate recordkeeping and documentation and performance of duties and obligations

19  relating to foreclosure of the deed of trust.

20     34.    In taking the actions alleged above, and in failing to take the actions as

21  alleged above, the Defendants breached their duty of care and skill to Plaintiff in the

22  servicing of Plaintiff's loan and deed of trust, and handling the foreclosure of the

23  Property under the deed of trust, by, among other things, failing to comply with the

24  notice, posting, and other statutory provisions of Civil Code § 2924 *et seq.* in

25  proceeding with the foreclosure; failing to reinstate the loan and deed of trust; failing

26  to delay, extend or cancel the foreclosure sale; failing to communicate with Plaintiff

27  and Plaintiff's authorized representatives regarding the foreclosure and foreclosure

28  sale; failing to advise Plaintiff of reinstatement amounts promptly, properly and

PLAINTIFF'S [PROPOSED] SECOND AMENDED COMPLAINT

12-12020-mg   Doc 542-1   Filed 06/29/12   Entered 06/29/12 16:51:20   Exhibit A -
Second Amended Complaint in USDC   Central District   Case No. 2:11-cv   Pg 13 of 25
Case 2:11-cv-01814-CAS -PJW   Document 44   Filed 11/17/11   Page 12 of 24   Page ID
#:536

1  accurately; and foreclosing on the Property without having the legal authority and/or

2  proper documentation to do so.

3      35.   As a direct and proximate result of the negligence and carelessness of the

4  Defendants as set forth above, Plaintiff has suffered damages in an amount not

5  presently ascertained and will be proved at trial, but in any event in a sum not less

6  than $250,000.

7  **SECOND CAUSE OF ACTION FOR BREACH OF WRITTEN AND ORAL**

8  **CONTRACT**

9  **(Against ETS, ETS representatives and Lender)**

10      36.   Plaintiff refers to, and by this reference incorporates herein as though set

11  forth at length, paragraphs 1 through 35, inclusive, above.

12      37.   Plaintiff has performed all conditions, covenants, and promises required

13  on her part to be performed in accordance with the terms of the NOD and the loan

14  agreement and deed of trust, and the terms of the oral agreement of ETS and lender

15  to reinstate the loan, and to delay or cancel the wrongfully scheduled and

16  consummated foreclosure sale, except those terms for which performance was

17  excused and/or waived by the conduct of Defendants.

18      38.   The Defendants breached the written agreement consisting of the deed

19  of trust and loan agreement which it secures by failing and refusing to proceed with

20  a nonjudicial foreclosure sale in the event of a default under the terms of the deed of

21  trust or the note secured by the deed of trust as provided therein, and has breached the

22  deed of trust and the oral agreement between Plaintiff and Defendants ETS and lender

23  by, among other things, failing to comply with the notice, posting, and other statutory

24  provisions of Civil Code § 2924 *et seq.* in proceeding with the foreclosure; failing to

25  reinstate the loan and deed of trust; failing to delay, extend or cancel the foreclosure

26  sale; failing to communicate with Plaintiff and Plaintiff's authorized representatives

27  regarding the foreclosure and foreclosure sale; failing to inform Plaintiff of

28  reinstatement amounts properly and accurately; and foreclosing on the Property

---

PLAINTIFF'S [PROPOSED] SECOND AMENDED COMPLAINT

12-12020-mg   Doc 542-1   Filed 06/29/12   Entered 06/29/12 16:51:20   Exhibit A -
Second Amended Complaint in USDC   Central District   Case No. 2:11-cv   Pg 14 of 25
Case 2:11-cv-01814-CAS -PJW   Document 44   Filed 11/17/11   Page 13 of 24   Page ID
#:537

1  without having the legal authority and/or proper documentation to do so.

2      39.    Plaintiff has made demands upon Defendants that Defendants comply

3  with the terms of the agreements, but Defendants have refused to do so.

4      40.    As a direct and proximate result of the Defendants' breach of contract,

5  Plaintiff has suffered damages in an amount not presently ascertained and will be

6  proved at trial, but in any event in a sum not less than $250,000.

7                    **THIRD CAUSE OF ACTION FOR**

8  **NEGLIGENT MISREPRESENTATION, CONCEALMENT AND DECEIT**

9              **(Against All Defendants other than Advisors)**

10     41.    Plaintiff refers to, and by this reference incorporates herein as though set

11  forth at length, paragraphs 1 through 40, inclusive, above.

12     42.    The Defendants made the above-referenced false representations,

13  concealments and non-disclosures relating to the written and oral promises and

14  representations referred to above with knowledge of the misrepresentations, intending

15  to induce Plaintiff's reliance, which the unsuspecting Plaintiff justifiably relied upon,

16  resulting in damage to her credit standing, costs, expenses and loss of her Property.

17  Plaintiff was unaware of the true facts. Had Plaintiff known the true facts, Plaintiff,

18  among other things, would not have maintained the Defendants as her lender, servicer

19  and trustee and/or would have taken legal action immediately to save her residence

20  and personal property.

21     43.    The promises and representations made by Defendants, and each of

22  them, to Plaintiff were untrue, and were untrue at the time that they were made. The

23  true facts, which Defendants concealed from Plaintiff, were that Defendants at the

24  time of making the representations, had no intention to perform the promises, duties

25  and obligations of Defendants. The true facts, concealed from Plaintiff, were that

26  Defendants, at the time of making the representations, intended to act in the manner

27  alleged above, including failing to comply with the notice, posting, and other

28  statutory provisions of Civil Code § 2924 *et seq.* in proceeding with the foreclosure;

PLAINTIFF'S [PROPOSED] SECOND AMENDED COMPLAINT

12-12020-mg   Doc 542-1   Filed 06/29/12   Entered 06/29/12 16:51:20   Exhibit A -
Second Amended Complaint in USDC   Central District   Case No. 2:11-cv   Pg 15 of 25
Case 2:11-cv-01814-CAS -PJW   Document 44   Filed 11/17/11   Page 14 of 24   Page ID
#:538

1  failing to reinstate the loan and deed of trust; failing to delay, extend or cancel the

2  foreclosure sale; failing to communicate with Plaintiff and Plaintiff's authorized

3  representatives regarding the foreclosure and foreclosure sale; failing to inform

4  Plaintiff of reinstatement amounts properly and accurately; and foreclosing on the

5  Property without having the legal authority and/or proper documentation to do so to

6  convert the Property and Plaintiff's personal property to themselves at Plaintiff's

7  expense.

8      44.   At the time Defendants made the misrepresentations to Plaintiff as set

9  forth above, Defendants knew or should have known that the representations were

10  false, or were made by Defendants in reckless disregard of the truth.

11     45.   The acts of said Defendants constitute negligent misrepresentation to

12  Plaintiff, which misrepresentations were a substantial cause of the damage and injury

13  to the Plaintiff.

14     46.   As a proximate result of said negligence, Plaintiff has been damaged in

15  an amount not presently ascertained and will be proved at trial, but in any event in a

16  sum not less than $250,000.

17  **FOURTH CAUSE OF ACTION FOR FRAUD, CONCEALMENT AND**

18  **DECEIT**

19          **(Against All Defendants other than Advisors)**

20     47.   Plaintiff refers to, and by this reference incorporates herein as though set

21  forth at length, paragraphs1 through 46, inclusive, above.

22     48.   Each of the Defendants knowingly and willfully misrepresented and

23  concealed material facts, as alleged above, with the intent to defraud and deceive

24  Plaintiff and to induce Plaintiff to act as alleged herein.

25     49.   At all relevant times, Plaintiff believed these misrepresentations and was

26  not aware of the falsity of the representations and concealment of the true facts by

27  Defendants.

28     50.   Plaintiff actually and justifiably relied on the misrepresentations and

PLAINTIFF'S [PROPOSED] SECOND AMENDED COMPLAINT

12-12020-mg    Doc 542-1    Filed 06/29/12    Entered 06/29/12 16:51:20    Exhibit A -
Second Amended Complaint in USDC    Central District    Case No. 2:11-cv    Pg 16 of 25
Case 2:11-cv-01814-CAS -PJW    Document 44    Filed 11/17/11    Page 15 of 24    Page ID
#:539

1    concealments by Defendants by acting as alleged herein, which she would not have

2    done had Defendants disclosed the true facts.

3        51.    As a proximate result of the misrepresentations and the failure to

4    disclose the true facts, Plaintiff has been damaged in an amount not presently

5    ascertained and will be proved at trial, but in any event in a sum not less than

6    $250,000.

7        52.    The conduct of Defendants was despicable, fraudulent, oppressive and

8    malicious, as defined in Civil Code § 3294, in that Defendants engaged in such

9    conduct with willful and conscious disregard of, and with the intention of depriving

10    Plaintiff of, Plaintiff's property and legal rights, and subjecting Plaintiff to a cruel and

11    unjust hardship so as to justify an award of punitive damages against said Defendants,

12    and each of them.

13              **FIFTH CAUSE OF ACTION FOR PROMISSORY FRAUD**

14                **(Against All Defendants other than Advisors)**

15        53.    Plaintiff refers to, and by this reference incorporates herein as though set

16    forth at length, paragraphs 1 through 52, inclusive, above.

17        54.    The conduct of Defendants as alleged herein reflects an intention of

18    Defendants from the date of entering into the deed of trust and upon initiation of the

19    foreclosure proceeding to refuse to perform any of their promises and obligations

20    with respect to the foreclosure and to conspire with and aid and abet each other and

21    others to convert Plaintiff's Property to themselves, and to deprive Plaintiff of her

22    rightful entitlement thereto and the benefits of the reinstatement.

23        55.    As a direct and proximate result of Defendants' conduct, Plaintiff has

24    been damaged in an amount not presently ascertained and will be proved at trial, but

25    in any event in a sum not less than $250,000.

26        56.    The conduct of Defendants was despicable, fraudulent, oppressive and

27    malicious, as defined in Civil Code § 3294, in that Defendants engaged in such

28    conduct with willful and conscious disregard of, and with the intention of depriving

PLAINTIFF'S [PROPOSED] SECOND AMENDED COMPLAINT

12-12020-mg   Doc 542-1   Filed 06/29/12   Entered 06/29/12 16:51:20   Exhibit A -
Second Amended Complaint in USDC   Central District   Case No. 2:11-cv   Pg 17 of 25
Case 2:11-cv-01814-CAS -PJW   Document 44   Filed 11/17/11   Page 16 of 24   Page ID
#:540

1 Plaintiff of, Plaintiff's property and legal rights, and subjecting Plaintiff to a cruel and

2 unjust hardship so as to justify an award of punitive damages against said Defendants,

3 and each of them.

4 **SIXTH CAUSE OF ACTION FOR TRESPASS AND CONVERSION**

5 **(Against All Defendants other than Advisors)**

6     57.    Plaintiff refers to, and by this reference incorporates herein as though set

7 forth at length, paragraphs 1 through 56, inclusive, above.

8     58.    Defendants have wrongfully and without Plaintiff's knowledge or

9 consent changed the locks on the Property and trespassed upon the Property to

10 remove and convert to their own use and benefit, and to others presently unknown to

11 Plaintiff, Plaintiff's personal property. Plaintiff has demanded, and hereby demands,

12 the return of the converted property, but Defendants have failed and refused, and

13 continue to fail and refuse, to return the property to Plaintiff.

14     59.    As a direct and proximate result of Defendants' conduct, Plaintiff has

15 been damaged in an amount not presently ascertained and will be proved at trial, but

16 in any event in a sum not less than $75,000.

17     60.    The conduct of Defendants was despicable, fraudulent, oppressive and

18 malicious, as defined in Civil Code § 3294, in that Defendants engaged in such

19 conduct with willful and conscious disregard of, and with the intention of depriving

20 Plaintiff of, Plaintiff' property and legal rights, and subjecting Plaintiff to a cruel and

21 unjust hardship so as to justify an award of punitive damages against said Defendants,

22 and each of them.

23 **SEVENTH CAUSE OF ACTION TO SET ASIDE TRUSTEE'S SALE**

24 **(Against ETS, ETS representatives and Lender)**

25     61.    Plaintiff refers to, and by this reference incorporates herein as though set

26 forth at length, paragraphs 1 through 60, inclusive, above.

27     62.    Upon tender and delivery by Plaintiff of the October 7, 2010 check in the

28 amount of $46,800, the loan was reinstated.

---

PLAINTIFF'S [PROPOSED] SECOND AMENDED COMPLAINT

12-12020-mg   Doc 542-1   Filed 06/29/12   Entered 06/29/12 16:51:20   Exhibit A -
Second Amended Complaint in USDC   Central District   Case No. 2:11-cv   Pg 18 of 25
Case 2:11-cv-01814-CAS -PJW   Document 44   Filed 11/17/11   Page 17 of 24   Page ID
#:541

63. In addition, Plaintiff, on the one hand, and Defendants ETS, the ETS representatives and lender, on the other hand, entered into the agreement alleged above to cancel or extend the foreclosure sale and reinstate the loan.

64. ETS, the ETS representatives and lender were without right to exercise the power of sale under the deed of trust and the trustee sale should be set aside as void for the following reasons: it was conducted in violation of the statutory notice, posting and recording requirements of the Civil Code and other irregularities referred to above; it was conducted notwithstanding that the loan had been reinstated with tender and delivery of the October 7, 2010 Bank of America check; and it was conducted in violation of an agreement between the Defendants and Plaintiff to cure the default and reinstate the loan.

65. Accordingly, Plaintiff hereby requests an order of this Court that the Trustee's Sale was irregular, legally void and conducted without any right or privilege by ETS and lender.

## EIGHTH CAUSE OF ACTION TO VOID OR CANCEL TRUSTEE'S DEED
### (Against ETS, the ETS representatives and Lender)

66. Plaintiff refers to, and by this reference incorporates herein as though set forth at length, paragraphs 1 through 65, inclusive, above.

67. Although the trustee's deed upon sale appears valid on its face, it is invalid, and of no force and effect, for the reasons set forth above.

68. Plaintiff is therefore entitled to an order that the Trustee's Deed Upon Sale is *void ab initio* and canceling such Trustee's Deed.

## NINTH CAUSE OF ACTION FOR WRONGFUL FORECLOSURE
### (Against All Defendants)

69. Plaintiff refers to, and by this reference incorporates herein as though set forth at length, paragraphs 1 through 65, inclusive, above.

70. As a direct and proximate result of the wrongful foreclosure conducted by Defendants, Plaintiff has been damaged in an amount not presently ascertained and

12-12020-mg   Doc 542-1   Filed 06/29/12   Entered 06/29/12 16:51:20   Exhibit A -
Second Amended Complaint in USDC   Central District   Case No. 2:11-cv   Pg 19 of 25
Case 2:11-cv-01814-CAS -PJW   Document 44   Filed 11/17/11   Page 18 of 24   Page ID
#:542

1  will be proved at trial, but in any event in a sum not less than $250,000.

2  ## TENTH CAUSE OF ACTION FOR BREACH OF THE IMPLIED

3  ## COVENANT OF GOOD FAITH AND FAIR DEALING

4  ### (Against ETS, the ETS representatives and Lender)

5  71.   Plaintiff refers to, and by this reference incorporates herein as though set

6  forth at length, paragraphs1 through 67, inclusive, above.

7  72.   Every contract imposes upon each party a duty of good faith and fair

8  dealing in its performance and its enforcement. This implied covenant of good faith

9  and fair dealing requires that no party will do anything that will have the effect of

10  impairing, destroying, or injuring the rights of the other party to receive the benefits

11  of their agreement. The covenant implies that in all contracts each party will do all

12  things reasonably contemplated by the terms of the contract to accomplish its

13  purpose. This covenant protects the benefits of the contract that the parties reasonably

14  contemplated when they entered into the agreement.

15  73.   Defendants did not act in good faith and did not deal fairly with Plaintiff

16  in connection with the note and deed of trust when they sought to foreclose on the

17  Property and refused to reinstate the loan as alleged above.

18  74.   The actions of Defendants as alleged above constituted a bad faith and

19  willful breach of their implied covenant of good faith and fair dealing with Plaintiff

20  in the contracts consisting of the original note and deed of trust, and the agreements

21  referred to above relating to the foreclosure.

22  75.   As a result of the Defendants' breaches of this covenant, Plaintiff has

23  suffered general and special damages in an amount to be determined at trial.

24  76.   The conduct of Defendants was despicable, fraudulent, oppressive and

25  malicious, as defined in Civil Code § 3294, in that Defendants engaged in such

26  conduct with willful and conscious disregard of, and with the intention of depriving

27  Plaintiff of, Plaintiff' property and legal rights, and subjecting Plaintiff to a cruel and

28  unjust hardship so as to justify an award of punitive damages against said Defendants,

12-12020-mg   Doc 542-1   Filed 06/29/12   Entered 06/29/12 16:51:20   Exhibit A -
Second Amended Complaint in USDC   Central District   Case No. 2:11-cv   Pg 20 of 25
Case 2:11-cv-01814-CAS -PJW   Document 44   Filed 11/17/11   Page 19 of 24   Page ID
#:543

1 | and each of t        hem.

2 | **ELEVENTH CAUSE OF ACTION FOR AIDING AND ABETTING AND**

3 | **CONSPIRACY TO DEFRAUD**

4 | (Against All Defendants)

5 | 77.    Plaintiff refers, and by this reference incorporates herein as though set

6 | forth at length, paragraphs1 through 76, inclusive, above.

7 | 78.    Defendants, and each of them, in engaging in the conduct alleged above

8 | acted in concert and in civil conspiracy with each other, and together with each other,

9 | conspired with, aided and abetted the other. Defendants engaged in such conduct with

10 | a common purpose to further their own economic interests at the expense of the

11 | economic interests of Plaintiff and to divest Plaintiff and convert to their own use

12 | Plaintiff's property.

13 | 79.    As a direct and proximate result of Defendants' conduct, Plaintiff has

14 | suffered damages to be proven at trial, but in excess of $250,000, plus interest,

15 | punitive damages, and all other proximate and foreseeable loss caused by Defendants'

16 | conduct in an amount to be established at trial.

17 | 80.    The aforementioned conduct was engaged in by Defendants with fraud,

18 | oppression and malice, and with the intention of depriving Plaintiff of property, legal

19 | rights or otherwise causing it injury, and was despicable conduct in conscious

20 | disregard of Plaintiff's rights and safety, so as to justify an award of exemplary and

21 | punitive damages.

22 | **TWELFTH CAUSE OF ACTION FOR VIOLATION OF SECTION 17200**

23 | **OF THE CALIFORNIA BUSINESS & PROFESSIONS CODE**

24 | (Against All Defendants)

25 | 81.    Plaintiff hereby incorporates paragraphs 1 through 73, inclusive, of this

26 | complaint as though fully set forth at length herein.

27 | 82.    Defendants have engaged in, and continue to engage in, acts or practices

28 | that constitute unfair competition, as that term is defined in Section 17200 of the

PLAINTIFF'S [PROPOSED] SECOND AMENDED COMPLAINT

12-12020-mg    Doc 542-1    Filed 06/29/12    Entered 06/29/12 16:51:20    Exhibit A - Second Amended Complaint in USDC    Central District    Case No. 2:11-cv    Pg 21 of 25
Case 2:11-cv-01814-CAS -PJW    Document 44    Filed 11/17/11    Page 20 of 24    Page ID
#:544

1 | California Business & Professions Code, requiring disgorgement of all profits and
2 | proceeds thereof.

3 | **PRAYER**

4 |        WHEREFORE Plaintiff requests judgment against Defendants, and each of
5 | them, as follows:

6 |        1.        For compensatory, incidental and contractual damages in an amount
7 | according to proof and not less than $250,000;

8 |        2.        For interest in an amount allowable at law, including prejudgment
9 | interest;

10 |        3.        For all costs of suit and attorneys fees as may be authorized by contract,
11 | statute, or under the doctrine of tort of another in an amount according to proof;

12 |        4.        For punitive damages on Plaintiff's claims alleging intentional
13 | misconduct.

14 |        5.        For orders that the Trustee's Sale was irregular and that the Trustee's
15 | Deed Upon Sale is *void ab initio* and canceled, or, alternatively, if an order cannot be
16 | made avoiding and canceling the Trustee's Deed, for damages.

17 |        6.        For disgorgement of all profits and proceeds derived in violation of
18 | Business & Professions Code § 17200.

19 |        7.        For such additional relief that may be just and proper.

20 | PLAINTIFF DEMANDS A JURY TRIAL

22 | Dated: November 7, 2011

24 |                        By    _____
25 |                                Roger Manlin, Attorney for Plaintiff

12-12020-mg    Doc 542-1    Filed 06/29/12    Entered 06/29/12 16:51:20    Exhibit A -
Second Amended Complaint in USDC    Central District    Case No. 2:11-cv    Pg 22 of 25
Case 2:11-cv-01814-CAS -PJW    Document 44    Filed 11/17/11    Page 21 of 24    Page ID
Case 2:11-cv-01814-CAS -PJW    Document 37    Filed 10/28/11    Page 31 of 60    Page ID
#:465

**EXHIBIT A**

12-12020-mg    Doc 542-1    Filed 06/29/12    Entered 06/29/12 16:51:20    Exhibit A -
Second Amended Complaint in USDC    Central District    Case No. 2:11-cv    Pg 23 of 25
Case 2:11-cv-01814-CAS -PJW    Document 44    Filed 11/17/11    Page 22 of 24    Page ID
Case 2:11-cv-01814-CAS -PJW    Document 876    Filed 10/28/11    Page 32 of 60    Page ID
#:486

RECORDING REQUESTED BY:

LSI TITLE COMPANY, INC.

**WHEN RECORDED MAIL TO:**
ETS Services, LLC
2255 North Ontario Street, Suite 400
Burbank, California 91504-3120

THIS IS TO CERTIFY THAT THIS IS A FULL,
TRUE AND CORRECT COPY OF THE ORIGINAL
RECORDED IN THE OFFICE OF THE COUNTY

RECORDING FEE:    $21.00
RECORDED ON:    July 21, 2010
AS DOCUMENT NO:    10-0996367
BY:    s/ Lan Tran
LSI TITLE COMPANY (CA)

---

TS No.: WC-252610-C    Loan No.: 0048434922  *100 431 680*    SPACE ABOVE THIS LINE FOR RECORDER'S USE

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

### IMPORTANT NOTICE

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN
YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION,**
and you may have the legal right to bring your account in good standing by paying all of your past
due payments plus permitted costs and expenses within the time permitted by law for reinstatement
of your account, which is normally five business days prior to the date set for the sale of your
property. No sale date may be set until three months from the date this notice of default may be
recorded (which date of recordation appears on this notice).

This amount is **$37,515.31** as of 7/20/2010, and will increase until your account becomes current.
While your property is in foreclosure, you still must pay other obligations (such as insurance and
taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on
the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as
required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you
do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee
may require as a condition of reinstatement that you provide reliable written evidence that you paid all
senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the
entire amount you must pay. You may not have to pay the entire unpaid portion of your account,
even though full payment was demanded, but you must pay all amounts in default at the time
payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing
prior to the time the notice of sale is posted (which may not be earlier than the three month period
stated above) to, among other things, (1) provide additional time in which to cure the default by
transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your
default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the
obligation being foreclosed upon or a separate written agreement between you and your creditor
permits a longer period, you have only the legal right to stop the sale of your property by paying the
entire amount demanded by your creditor. To find out the amount you must pay, or to arrange for
payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact,
Wachovia Mortgage, FSB, f.k.a. World Savings Bank, FSB
C/O ETS Services, LLC
2255 North Ontario Street, Suite 400
Burbank, California 91504-3120
(818) 260-1600 phone



7:13 9257 1474 4596 0347

Aug 06 10 07:39p    FRANSISKA K SUSILO    66-6458833    p.1

12-12020-mg   Doc 542-1   Filed 06/29/12   Entered 06/29/12 16:51:20   Exhibit A -
Second Amended Complaint in USDC   Central District   Case No. 2:11-cv   Pg 24 of 25
Case 2:11-cv-01814-CAS -PJW   Document 44   Filed 11/17/11   Page 23 of 24   Page ID
#:547

## CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Los Angeles, California; my business address is 4647 Kingswell Ave., No. 158, Los Angeles, CA 90027

On the date below, I served a copy of the following document entitled:

Second Amended Complaint for:
1. Negligence; 2. Breach of Contract; 3. Negligent Misrepresentation; 4. Fraud ;
5. Promissory Fraud; 6. Trespass and Conversion; 7. Set Aside Trustee Sale;
8. Set Aside Trustee's Deed; 9. Wrongful Foreclosure; 10. Breach of the Implied Covenant of Good Faith and Fair Dealing; 11. Aiding And Abetting and Conspiracy to Defraud; 12. Violation of B&PC § 17200 *et seq.*
DEMAND FOR JURY TRIAL

on all the interested parties in said case addressed as follows:

Served By means of The Court's CM/ECF System:

| | |
|---|---|
| Counsel for Defendants ETS Services, LLC, Stephen C. Chuck, Esq. schuck@foleymansfield.com Foley Mansfield 300 South Grand Avenue. Suite 2800 Los Angeles, CA 90071 Tel: 213-283-2128 Fax: 213-283-2101 | Counsel for Defendants Wachovia Mortgage and Wells Fargo Bank, NA Jeremy E. Shulman, Esq. jshulman@afrct.com Anglin, Flewelling, Rasmusson, Campbell & Trytten LLP 199 S. Los Robles Ave., Suite 600 Pasadena, CA 91101 Tel: (626) 535-1900 Fax: (626) 577-7764 |

_____  By Mail: By placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with he United States Postal Service in Los Angeles, California, in sealed enveloped with postage fully thereon.

_____  (BY FACSIMILE)  I caused said documents to be sent to and served on the interested parties in this action by facsimile transmission by transmitting a true and correct copy thereof to the facsimile line set forth above. and receipt of confirmation of delivery.

__X__  Federal: I declare under penalty of perjury under the laws of the United States of America

12-12020-mg    Doc 542-1    Filed 06/29/12    Entered 06/29/12 16:51:20    Exhibit A -
Second Amended Complaint in USDC    Central District    Case No. 2:11-cv    Pg 25 of 25
Case 2:11-cv-01814-CAS -PJW    Document 44    Filed 11/17/11    Page 24 of 24    Page ID
#:548

that the foregoing is true and correct. I declare that I am employed in the office of a
member of the Bar of this Court at whose direction the service was made. This
declaration is executed in Los Angeles, California, on November 17, 2011.

G. Johnston _____

(Signature)