# EXHIBIT B

12-12020-mg   Doc 542-2   Filed 06/29/12   Entered 06/29/12 16:51:20   Exhibit B -
Wachovia Mortgages Cross Complaint in USDC   Central District   Pg 2 of 8
Case 2:11-cv-01814-CAS-PJW   Document 77   Filed 03/30/12   Page 1 of 7   Page ID #:761

Jeremy E. Shulman (# 257582)
   jshulman@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN,
   CAMPBELL & TRYTTEN LLP
199 South Los Robles Avenue, Suite 600
Pasadena, California 91101-2459
Tel: (626) 535-1900 | Fax: (626) 577-7764

Attorneys for Defendant/Cross-Complainant
WACHOVIA MORTGAGE, a
division of WELLS FARGO BANK,
N.A., successor by merger to
Wachovia Mortgage, FSB,
erroneously sued here separately as
"Wells Fargo Bank, N.A., form
unknown; Wachovia Mortgage, FSB,
fka World Savings Bank, FSB, form
unknown" (collectively, "Wachovia")

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISKA SUSILO, an individual,<br><br>        Plaintiff,<br><br>   v.<br><br>WELLS FARGO BANK, N.A., form unknown; WACHOVIA MORTGAGE, FSB, form unknown; ETS SERVICES, LLC, form unknown; DOES 1 to 50, Inclusive,<br><br>        Defendants. | CASE NO.: 2:11-cv-01814-CAS-PJW<br><br>[Assigned to the Honorable Christina A. Snyder, Courtroom 5]<br><br>**WACHOVIA MORTGAGE'S CROSS-COMPLAINT AGAINST ETS SERVICES, LLC** |
| WACHOVIA MORTGAGE, a division of Wells Fargo Bank, N.A., formerly known as Wachovia Mortgage, FSB, formerly known as World Savings Bank, FSB,<br><br>        Cross-Claimant,<br><br>   v.<br><br>ETS SERVICES, LLC, a Delaware Limited Liability Company; ROES 1 to 10, Inclusive,<br><br>        Cross-Defendants. | |

12-12020-mg    Doc 542-2    Filed 06/29/12    Entered 06/29/12 16:51:20    Exhibit B -
Wachovia Mortgages Cross Complaint in USDC    Central District    Pg 3 of 8
Case 2:11-cv-01814-CAS-PJW    Document 77    Filed 03/30/12    Page 2 of 7    Page ID #:762

1   Wachovia Mortgage, a division of Wells Fargo Bank, N.A., formerly known
2   as Wachovia Mortgage, FSB, formerly known as World Savings Bank, FSB
3   ("Wachovia") brings this cross-complaint against cross-defendants ETS Services,
4   LLC ("ETS") and Roes 1-10, and alleges as follows:

## GENERAL ALLEGATIONS

6   1.   At the time of plaintiff's loan transaction, Wachovia was a federal
7   savings association, organized and existing under the federal Home Owners Loan
8   Act, 12 U.S.C. § 1461 *et seq.* and regulated by the Office of Thrift Supervision,
9   Department of the Treasury. On November 1, 2009, Wachovia was merged into
10  Wells Fargo Bank, N.A., and now operates as a division of it. Wells Fargo Bank,
11  N.A. is a national association organized and existing under the National Bank
12  Act, 12 U.S.C. § 1 *et seq.*, and is regulated by the Comptroller of the Currency,
13  Department of the Treasury.
14  2.   In April 2008, Wachovia made a $620,750 loan (the "Loan") to
15  plaintiff Fransiska Susilo (named in this suit as Franciska Susilo). The loan was
16  memorialized by a promissory note and secured by a deed of trust encumbering
17  real property commonly known as 1100 Wilshire Boulevard, Apartment 3108,
18  Los Angeles, California.
19  3.   Cross-Defendant ETS Services, LLC ("ETS") is a Delaware limited
20  liability company authorized to do business in the State of California.
21  4.   The true names and capacities, whether individual, corporate,
22  associate or otherwise, of cross-defendants Roes 1 through 10, inclusive, are
23  unknown to Wachovia, which therefore sues said cross-defendants by such
24  fictitious names. Wachovia is informed and believes and thereupon alleges that
25  each of the cross-defendants designated herein as a fictitiously named defendant
26  is, in some manner, responsible for the events referenced below. When Wachovia
27  ascertains the true names and capacities of Roes 1 through 10, it will amend its
28  cross-complaint by setting forth the same.

12-12020-mg    Doc 542-2    Filed 06/29/12    Entered 06/29/12 16:51:20    Exhibit B -
Wachovia Mortgages Cross Complaint in USDC    Central District    Pg 4 of 8
Case 2:11-cv-01814-CAS-PJW    Document 77    Filed 03/30/12    Page 3 of 7    Page ID #:763

5. Wachovia is informed and believes and thereupon alleges that at all pertinent times, each of the cross-defendants was, and is, the agent, employee, representative, affiliate, partner or principal of each other, and all of the things alleged to have been done by said cross-defendants were done in the capacity of, and as agents of, the other cross-defendants.

6. The claims of plaintiff and the claims of Wachovia in this cross-complaint arise out of the same transaction and occurrence. A determination of all claims in one proceeding is necessary and appropriate to avoid the multiplicity of actions that would result if Wachovia were required to defend against plaintiff's claims and then bring a separate action against the cross-defendants for indemnification for any sums that Wachovia may be compelled to pay plaintiff as a result of any judgment or other award.

7. Plaintiff filed this action in January 2011 against Wachovia and other parties asserting claims from the Loan transaction and related foreclosure efforts. Among other things, plaintiff challenges the service and preparation of the pre-foreclosure notices that Wachovia entrusted to ETS as the acting trustee under the deed of trust. Moreover, Wachovia requires any loan reinstatement to be made in compliance with certain instructions including, without limitation: (1) that funds are delivered by wire or in the form of certified funds or a cashier's check, and (2) that funds are sent to Wachovia by overnight to 4101 Wiseman Boulevard, San Antonio, Texas 78251-4201, attention Cashiering Department. Wachovia delivered these instructions, among others, to ETS in or about July 2010 at the initiation of the foreclosure process. Plaintiff also claims that the Loan was reinstated before foreclosure by reason of a personal check that plaintiff allegedly tendered following instructions from ETS representatives. More specifically, plaintiff makes the following allegations in this action:

///
///

12-12020-mg    Doc 542-2    Filed 06/29/12    Entered 06/29/12 16:51:20    Exhibit B -
Wachovia Mortgages Cross Complaint in USDC    Central District    Pg 5 of 8
Case 2:11-cv-01814-CAS-PJW    Document 77    Filed 03/30/12    Page 4 of 7    Page ID #:764

      (a)    Plaintiff alleges that neither the Notice of Default nor any other documents pertaining to foreclosure were properly prepared or served on plaintiff. (Second Amended Complaint ("SAC") ¶13.)

      (b)    Plaintiff alleges that in accordance with the instructions received from the ETS representatives, including Shanon De'Arman, plaintiff delivered a check in the amount of $46,800 issued by Bank of America to reinstate the Loan default. (SAC ¶17.)

      (c)    Plaintiff alleges that Wachovia had no right to return the check to plaintiff. (SAC ¶18.) Wachovia maintains that the check failed to comply with reinstatement requirements for numerous reasons including the fact that the check was not in the form of certified funds or a cashier's check.

      (d)    Plaintiff alleges that the foreclosure proceeded without compliance with the notice, posting, and other statutory provisions of Civil Code § 2924 *et seq*. (SAC ¶¶27, 38, 43.)

      (e)    Plaintiff alleges that "upon tender and delivery by Plaintiff of the October 7, 2010 check in the amount of the $46,800, the loan was reinstated." (SAC ¶62.) Plaintiff claims the foreclosure sale was wrongful because "the loan had been reinstated with tender and delivery of the October 7, 2010 Bank of America check." (SAC ¶64.)

8.    Based on these and other allegations, plaintiff seeks to set aside the completed foreclosure sale and recover damages of at least $250,000.00.

9.    Wachovia has been forced to defend this action which, if plaintiff's allegations are true and meritorious, is the proximate result of culpable or conduct by each and every cross-defendant. If plaintiff's allegations have any veracity to them, all cross-defendants are responsible for Wachovia's need to defend this action, and for its legal fees and costs incurred.

///

///

12-12020-mg    Doc 542-2    Filed 06/29/12    Entered 06/29/12 16:51:20    Exhibit B -
Wachovia Mortgages Cross Complaint in USDC    Central District    Pg 6 of 8
Case 2:11-cv-01814-CAS-PJW    Document 77    Filed 03/30/12    Page 5 of 7    Page ID #:765

## FIRST CLAIM FOR RELIEF

(Equitable Indemnity against ETS and Roes 1-10)

10. Wachovia incorporates by reference the allegations of Paragraphs 1 through 9, inclusive, as though set forth in full.

11. While Wachovia does not concede the truth of plaintiff's allegations, and is vigorously defending the action, the cross-defendants are obligated to indemnify Wachovia for all damages, defense costs, settlement payments, losses in connection with the Loan, judgments, and the attorneys' fees and costs it incurs as a proximate result of plaintiff's lawsuit.

12. If Wachovia bears any liability to the plaintiff, which it denies, its liability is secondary and cross-defendants are primarily liable. Cross-defendants' primary liability is based on their conduct in discharging its duties as foreclosure trustee and in instructing plaintiff regarding the required method to reinstate the Loan default.

13. Wachovia has been and will continue to be damaged as a proximate result of the negligent, improper, inequitable, illegal, and/or tortious conduct of the cross-defendants, and each of them.

14. Wachovia is informed and believes and thereon alleges that it is entitled to equitable indemnity from the cross-defendants, and each of them, in a sum according to proof.

15. Wachovia has demanded and hereby demands that each cross-defendant indemnify it, but they fail and refuse to do so. Pursuant to Cal. Civ. Proc. Code § 1021.6, the "tort of another" doctrine, and doctrines of similar effect, Wachovia is entitled to its attorneys' fees and costs to defend this action, to prosecute its cross-complaint, and is further entitled to an award equal to any that Wachovia pays or is compelled to pay to plaintiff.

///
///

12-12020-mg    Doc 542-2    Filed 06/29/12    Entered 06/29/12 16:51:20    Exhibit B -
Wachovia Mortgages Cross Complaint in USDC    Central District    Pg 7 of 8
Case 2:11-cv-01814-CAS-PJW   Document 77   Filed 03/30/12   Page 6 of 7   Page ID #:766

## PRAYER FOR RELIEF

WHEREFORE, Wachovia prays for judgment as follows:

    1.    For equitable indemnity together with attorneys' fees and costs in an amount subject to proof pursuant to Cal. Civ. Proc. Code § 1021.6, but not less than the fees incurred by Wachovia to defend this action and to prosecute this cross-complaint, as well as any damages incurred by Wachovia as a result of a settlement or judgment;

    2.    For attorneys' fees and costs of suit;

    3.    For pre-judgment interest as permitted by law; and

    4.    For such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: March 30, 2012

ANGLIN, FLEWELLING, RASMUSSEN,
CAMPBELL & TRYTTEN LLP

By:    */s/ Jeremy E. Shulman*
     Jeremy E. Shulman
     jshulman@afrct.com
Attorneys for Defendant/Cross-Complainant WACHOVIA MORTGAGE, a division of WELLS FARGO BANK, N.A., successor by merger to Wachovia Mortgage, FSB, erroneously sued here separately as "Wells Fargo Bank, N.A., form unknown; Wachovia Mortgage, FSB, fka World Savings Bank, FSB, form unknown"

## CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California 91101-2459.

On the date below, I served a copy of the foregoing document entitled:

**WACHOVIA MORTGAGE'S CROSS-COMPLAINT AGAINST ETS SERVICES, LLC**

on the interested parties in said case as follows:

**Served Electronically Via the Court's CM/ECF System**

| | |
|---|---|
| Stephen C. Chuck, Esq.<br>Tiffany M. Birkett, Esq.<br>Victoria J. Tsoong, Esq.<br>FOLEY & MANSFIELD, PLLP<br>300 S. Grand Ave., Suite 2800<br>Los Angeles, CA 90071<br><br>Tel: (213) 282-2100<br>schuck@foleymansfield.com<br>tbirkett@foleymansfield.com<br>vtsoong@foleymansfield.com | Counsel for Defendant<br>ETS SERVICES, LLC |
| Roger A. S. Manlin, Esq.<br>4647 Kingswell Ave., #158<br>Los Angeles, CA 90027<br><br>Tel: (323) 953-6789<br>Fax: (323) 953-6156<br>rmanlin@manlinlaw.com | Counsel for Plaintiff<br>FRANCISKA SUSILO |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. This declaration is executed in Pasadena, California on March 30, 2012.

| Mark Betti | /s/ Mark Betti |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |