# EXHIBIT C

Stephen C. Chuck (SBN 119612)
schuck@foleymansfield.com
Tiffany M. Birkett (SBN 222390)
tbirkett@foleymansfield.com
Victoria J. Tsoong (SBN 261862)
vtsoong@foleymansfield.com
FOLEY & MANSFIELD, PLLP
300 South Grand Avenue, Suite 2800
Los Angeles, CA 90071
Telephone: (213) 283-2100; Fax (213) 283-2101

**ATTORNEYS FOR DEFENDANT ETS SERVICES, LLC**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

FRANCISKA SUSILO,

Plaintiff,

vs.

WELLS FARGO BANK, N.A., form unknown; WACHOVIA MORTGAGE FSB, f.k.a. World Savings Bank FSB, form unknown ETS SERVICES, LLC, form unknown; CARLOS GONZALEZ, an individual; CHRISTOPHER LEE ROBERTSON, an individual doing business as Real Estate Advisors, form unknown; ADVISORS, INC., a California corporation doing business as Real Estate Advisors; REAL ESTATE ADVISORS, form unknown; DOES 1 to 50, Inclusive,

Defendants.

---

ETS SERVICES, LLC,

Cross-Complainant,

vs.

WACHOVIA MORTGAGE, A DIVISION OF WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WACHOVIA MORTGAGE, FSB; and ROES 1through 50, inclusive,

Cross-Defendants.

Case No: CV11-1814-CAS-PJWx

**CROSS-COMPLAINT OF ETS SERVICES, LLC (RE: PLAINTIFF'S SECOND AMENDED COMPLAINT) FOR:**

**1. Equitable Indemnity**
**2. Comparative Indemnity**
**3. Comparative Contribution**
**4. Declaratory Relief**

District Judge: Christina A. Snyder

Complaint Filed: 03/02/2011
Trial Date: 10/02/12

CROSS-COMPLAINT OF ETS SERVICES, LLC (RE: PLAINTIFF'S SECOND AMENDED COMPLAINT)

**COME NOW** Cross-Complainant ETS Services, LLC (hereinafter "Cross-complainant"), and bring this Cross-Complaint (Re: Plaintiff's Second Amended Complaint) against Cross-defendant WACHOVIA MORTGAGE, A DIVISION OF WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WACHOVIA MORTGAGE, FSB, erroneously sued separately in the underlying case as "Wells Fargo Bank, N.A., form unknown; Wachovia Mortgage, FSB, fka World Savings Bank, FSB, form unknown" (hereinafter "Wachovia"), and ROES 1 through 50, inclusive, as follows:

**JURISDICTION**

1. This court has jurisdiction under 28 U.S.C. §1332(a)(2) because there is diversity of citizenship and an amount in controversy greater than $75,000. Plaintiff Franciska Susilo ("Plaintiff") is not a United States citizen and currently resides in Singapore, Republic of Singapore. Wachovia is a citizen of South Dakota, and ETS is a citizen of Delaware and Michigan.

**VENUE**

2. Venue is proper pursuant to 28 U.S.C. §1391 because the property at issue in the underlying complaint is located in this district.

**PARTIES**

3. Cross-complainant ETS Services, LLC ("Cross-complainant"), is a limited liability company, doing business in Los Angeles County, California. Cross-complainant was the foreclosing Trustee under the subject Note and Deed of Trust in Plaintiff's Second Amended Complaint.

4. Cross-complainant is informed and believes, and on that basis alleges, that cross-defendant WACHOVIA MORTGAGE, A DIVISION OF WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WACHOVIA MORTGAGE, FSB, erroneously sued separately in the underlying case as "Wells Fargo Bank, N.A., form unknown; Wachovia Mortgage, FSB, fka World Savings Bank, FSB, form unknown" (hereinafter "Wachovia") is a National Association, doing business in Los Angeles County, California. Wachovia was the foreclosing beneficiary under the subject Note

and Deed of Trust in Plaintiff's Second Amended Complaint.

## GENERAL ALLEGATIONS

5. On or about November 17, 2011, Plaintiff filed her Second Amended Complaint naming Cross-complainant as defendants. Plaintiff alleges that on or about July 21, 2010 a Notice of Default and Election to Sell under Deed of Trust ("NOD") was recorded in the Los Angeles County Recorder's Office based upon Plaintiff's default on the loan secured by the subject Deed of Trust. Plaintiff further alleges that in or about September 2010, Plaintiff was advised by Cross-complainant that the total amount necessary to cure the default was less than $46,800 which fund should be delivered to Wachovia. Plaintiff further alleges that she received a letter dated September 28, 2010 sent by Shanon De'Arman on behalf of Cross-complainant and Wachovia with the same information. Plaintiff alleges that on or about October 7, 2011, she caused a check issued by Bank of America in the total reinstatement amount to be delivered to Wachovia. Plaintiff alleges that such check was accepted and endorsed for deposit by Wachovia, but that the endorsement was thereafter cancelled and Wachovia continued with the foreclosure proceedings. Plaintiff also alleges that on or about November 10, 2012, Plaintiff delivered to Wachovia proof of a cashier's check in the total reinstatement amount at that time. Plaintiff alleges that despite tendering these checks, the subject loan was not reinstated. Plaintiff further alleges that the foreclosure was improperly conducted in light of Plaintiff's reinstatement of the subject loan. As a result of the alleged wrongful foreclosure, Plaintiff alleges she suffered and continues to suffer injuries as alleged in her Second Amended Complaint.

6. Plaintiff alleges that she sustained injuries and damages as a result of Cross-complainant's representations of the reinstatement procedure. For purposes of information only, and without admitting any of the allegation contained therein, cross-complainant incorporates Plaintiff's Second Amended Complaint filed herein by reference as though fully set forth.

7. In her Second Amended Complaint, Plaintiff seeks damages, attorney's fees

3

CROSS-COMPLAINT OF ETS SERVICES, LLC (RE: PLAINTIFF'S SECOND AMENDED COMPLAINT)

and costs, cancelation of the Trustee's Deed upon Sale, and disgorgement of profits and proceeds.

8. Cross-complainant alleges that it is the foreclosing agent on behalf of Wachovia, the beneficiary under the Note and Deed of Trust. Cross-complainant further alleges that it followed Wachovia's instructions in communicating information, including reinstatement information, to Plaintiff. Cross-complainant further alleges that it followed Wachovia's instructions in acting as foreclosing Trustee.

9. Cross-complainant is informed and believes that Plaintiff tendered a check in the amount of $48,000 issued by Bank of America to Wachovia, and that such check was endorsed by Wachovia. Thereafter, upon information and belief, Cross-complainant alleges that Wachovia cancelled the endorsement of the tendered check and the subject loan was not reinstated.

10. In accordance with Wachovia's instructions, Cross-complainant conducted the foreclosure sale on November 12, 2010.

11. Upon information and belief, Cross-complainant allege that Wachovia and each cross-defendant designated herein as a ROE are negligently, statutorily, vicariously, or otherwise legally responsible in some manner for the events and happenings referred to in the Second Amended Complaint, and are therefore responsible for Plaintiff's damages.

12. Cross-complainant is informed and believes, and based thereon alleges, that cross-defendants ROES 1 through 50 are individuals or business entities whose capacities are unknown, but who at all times herein mentioned were doing business in the State of California. The true names and capacities of cross-defendants designated herein as ROES 1 through 50, inclusive, are unknown to Cross-complainant. Cross-complainant therefore sues these cross-defendants by such fictitious names. Cross-complainant will seek leave of court to amend this cross-complaint to insert the true names and capacities of these fictitiously named cross-defendants when the same have been ascertained.

13. Cross-complainant is informed and believes, and based thereon alleges, that

4

CROSS-COMPLAINT OF ETS SERVICES, LLC (RE: PLAINTIFF'S SECOND AMENDED COMPLAINT)

cross-defendants were the agents and employees of each of the remaining cross-defendants, and each of said cross-defendants were at all times acting within the purpose and scope of said agency and employment.

14. Without admitting any of Plaintiff's allegations contained in her Second Amended Complaint, Cross-complainant is informed and believes and based thereon alleges that cross-defendants Wachovia, and ROES 1 through 50, inclusive, negligently and carelessly failed to exercise reasonable care and diligence to avoid loss, minimize, and mitigate damages to Plaintiff, which could have been prevented by reasonable efforts on the part of cross-defendants.

15. Cross-complainant is informed and believes, and based thereon alleges, that cross-defendants' negligence and wrongful conduct caused, in whole or in part, the injuries and damages alleged by Plaintiff, if any.

16. Cross-complainant is informed and believes, and based thereon alleges, that as a direct, legal, and proximate result of the negligence and wrongful conduct of cross-defendants, and each of them, Cross-complainant has incurred and continue to incur costs and expenses, including, but not limited to, litigation costs and attorneys' fees, to defend Plaintiff's Second Amended Complaint and Wachovia's Cross-Complaint.

**FIRST CAUSE OF ACTION**

**(Equitable Indemnity - As to All Cross-Defendants)**

17. Cross-complainant incorporates by reference each and every allegation contained in paragraphs 1 through 14, above, as though set for in full herein.

18. Cross-complainant has answered the Second Amended Complaint, denying the allegations therein and further denying that Plaintiff was damaged in any way. Cross-complainant has also pled various affirmative defenses in their Answer to the Second Amended Complaint. Said Answer is incorporated herein by reference as though fully set forth herein. If it is determined that Plaintiff was in fact injured or suffered damages due to the incidents and products alleged by Plaintiff, such damages were caused in whole or in part by the conduct, acts, omissions, fault and other wrongful conduct,

intentional or otherwise, on the part of cross-defendants.

19. An actual controversy now exists between Cross-complainant and cross-defendants, and each of them, the nature of which is entitlement to indemnity and contribution. If Plaintiff recovers against Cross-complainant, or any of them, herein, then Cross-complainant asserts it is entitled to equitable indemnity, apportionment of liability, and contribution among and from the cross-defendants, and each of them, according to their respective fault for the injuries and damages allegedly sustained by Plaintiff, if any, made by way of sums paid by settlement, judgment or otherwise against cross-defendants based upon the Second Amended Complaint.

20. If it is determined that Cross-complainant is in any manner at fault for the damages alleged by Plaintiff, then any such fault was vicarious, passive and secondary, and the negligence, fault and culpability of cross-defendants in connection with the incidents alleged in the Second Amended Complaint was active, primary and affirmative.

21. Accordingly, Cross-complainant is entitled to indemnification by cross-defendants, and each of them, for any and all amounts which Cross-complainant may in good faith be obliged to pay by compromise, settlement or judgment to Plaintiff, and further will be entitled to costs, fees and expenses in connection therewith.

22. It has been necessary for Cross-complainant to retain the services of an attorney to defend in this action and to bring these claims. Accordingly, this Cross-Complaint shall serve as notice to cross-defendants of Cross-complainant's demands that such cross-defendants indemnify Cross- complainant for all losses, damages, judgments, fees and costs in connection with the defense of the Second Amended Complaint.

**SECOND CAUSE OF ACTION**

**(Comparative Indemnity - As to All Cross-Defendants)**

23. Cross-complainant repeats, re-alleges, and incorporates herein by reference each and every paragraph of the First Cause of Action of this Cross-Complaint and paragraphs 1 through 20, herein.

24. If, upon trial of this matter, judgment is rendered in favor of Plaintiff, Cross-

complainant will have been damaged as a proximate result of the wrongful conduct of all cross-defendants as hereinbefore alleged. Based upon the foregoing, Cross-complainant is entitled to indemnification from cross-defendants, and each of them, in an amount equal to that portion of the total amount of the judgment which is attributable to the acts and omissions of cross-defendants, and each of them.

**THIRD CAUSE OF ACTION**

**(Comparative Contribution - As to All Cross-Defendants)**

25. Cross-complainant repeats, re-alleges, and incorporates herein by reference each and every paragraph of the First and Second Causes of Action of this Cross-Complaint and paragraphs 1 through 22, herein.

26. Cross-complainant contends that if Plaintiff incurred any loss, damage or detriment as alleged in the Second Amended Complaint, then the same was directly and proximately caused and contributed to by the primary, active, and sole negligent and other wrongful conduct of cross-defendants, and each of them. If Cross-complainant is are held liable to Plaintiff, then Cross-complainant is entitled to contribution on an equitable basis from cross-defendants, and each of them, whose negligence or other wrongful conduct caused or contributed to such loss, damage or detriment.

**FOURTH CAUSE OF ACTION**

**(Declaratory Relief – Indemnity and Contribution As to All Cross-Defendants)**

27. Cross-complainant repeats, re-alleges, and incorporates herein by reference each and every paragraph of the First, Second, and Third Causes of Action of this Cross-Complaint and paragraphs 1 through 24, herein.

28. Cross-complainant is informed and believes, and on that basis alleges, that an actual controversy has arisen and now exists with cross-defendants, and each of them, with respect to any ultimate responsibility in the underlying action, and with respect to the rights to receive, or duty to give, indemnification in proportion to their comparative fault, if any, with respect to the injuries and damages claimed by Plaintiff.

29. A judicial determination is necessary to resolve the dispute set forth herein

as no other adequate remedy at law exists to provide a prompt, speedy and timely resolution thereof. Such a declaration is necessary and appropriate at this time in order that the parties to this Cross-Complaint may ascertain its rights and duties with respect to the claims asserted in the Second Amended Complaint. Furthermore, the Second Amended Complaint and this Cross-Complaint arise out of the same occurrence, and the determination of both in one proceeding is necessary and appropriate in order to avoid the circuitry and multiplicity of actions that would result if Cross-complainant was required to defend against the claims asserted in the Second Amended Complaint and then bring a separate action against cross-defendants, and each of them, for indemnification.

30. Cross-complainant seeks a declaration by the Court as to their rights and cross-defendants' duties and obligations as to the liability and responsibility of the cross-defendants, and each of them, in connection with the matters herein alleged, and a judgment in favor of Cross-complainant as to any obligations by said cross-defendants, and each of them, to Cross-complainant.

## PRAYER

**WHEREFORE**, Cross-complainant prays for judgment herein, against cross-defendants as follows:

### First Cause of Action for Equitable Indemnity

1. If it be found that cross-defendants are liable to Plaintiff, then judgment in the same amount be rendered in favor of Cross-complainant and against cross-defendants, and each of them;

### Second and Third Causes of Action for Comparative Indemnity and Contribution

2. If it be found that cross-defendants are liable to Plaintiff, then judgment be rendered against cross-defendants, and each of them, apportioning the respective liability of cross-defendants, and each of them;

### Fourth Cause of Action for Declaratory Relief

3. For a declaration, order and judgment thereon that Cross-complainant is entitled to equitable indemnity and contribution from cross-defendants;

**All Causes of Action**

4. For costs of suit incurred herein, including but not limited to attorneys' fees; and

5. For such other and further relief as this court deem just and proper.

Dated: March 30, 2012

**FOLEY & MANSFIELD, PLLP**

By: /s/ Victoria J. Tsoong
Stephen C. Chuck
Tiffany M. Birkett
Victoria J. Tsoong
Attorneys for Defendant/Cross-Complainant **ETS SERVICES, LLC**

# PROOF OF SERVICE

[CCP, 1013A(3) CRC Rule 2006(d) - Revised 3/1/92]

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 300 S. Grand Ave., Suite 2800, Los Angeles, CA 90071.

On **March 30 2012**, I served the foregoing document described as: **CROSS-COMPLAINT OF ETS SERVICES, LLC (RE: PLAINTIFF'S SECOND AMENDED COMPLAINT) FOR: 1. Equitable Indemnity; 2. Comparative Indemnity; 3. Comparative Contribution; 4. Declaratory Relief** on the interested parties in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Roger A.S. Manlin, Esq.<br>**LAW OFFICES OF ROGER MANLIN**<br>4647 Kingswell Avenue, No. 158<br>Los Angeles, CA 90027<br>(323) 953-6789<br>Fax (323) 953-6156<br>rmanlin@manlinlaw.com<br>**Attorneys for Plaintiff** | Jeremy E. Shulman, Esq.<br>**Anglin, Flewelling, Rasmusson, Campbell & Trytten LLP**<br>199 S. Los Robles Avenue, Suite 600<br>Pasadena, CA 91101<br>(626) 535-1900<br>Fax (626) 577-7764<br>jshulman@afrct.com<br>Attorneys for Defs. Wachovia Mortgage and Wells Fargo Bank, NA |

☐ *(BY MAIL)* I caused such envelope with postage thereon fully prepaid to be placed in the U.S. mail at Los Angeles, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. Postal Service on that same day in the ordinary course of business.

☒ *(BY COURT'S CM/ECF SYSTEM)* Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF systems, which sent notification of that filing to the persona listed above.

Executed on **March 30, 2012**, Los Angeles, California.

☒ **[FEDERAL]** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

/s/ Leo Valente
Leo Valente