Hearing Date and Time: July 24, 2012 at 10:00 a.m. (prevailing Eastern Time)
Objection Deadline: July 17, 2012 at 4:00 p.m. (prevailing Eastern Time)

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Larren M. Nashelsky
Gary S. Lee
Lorenzo Marinuzzi

*Proposed Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**NOTICE OF DEBTORS' SECOND MOTION FOR ORDER UNDER
BANKRUPTCY CODE SECTION 521 AND BANKRUPTCY RULE 1007(c)
<u>FURTHER EXTENDING TIME FOR FILING SCHEDULES AND STATEMENTS</u>**

PLEASE TAKE NOTICE that on June 30, 2012, the Debtors and Debtors in possession in the above-captioned cases (collectively, the "Debtors") filed the attached Debtors' Second Motion for Order Under Bankruptcy Code Section 521 and Bankruptcy Rule 1007(c) Further Extending Time for Filing Schedules and Statements (the "Motion") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). A hearing to consider the Motion is scheduled for **July 24, 2012 at 10:00 a.m. (prevailing Eastern Time)** before the Honorable Martin Glenn, United States Bankruptcy Judge, in Courtroom 501 at the Bankruptcy Court, One Bowling Green, New York, New York 10004.

PLEASE TAKE FURTHER NOTICE that any objection to the Motion must be in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for

the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **July 17, 2012 at 4:00 p.m. (prevailing Eastern Time)**, upon (a) proposed counsel for the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attn: Larren M. Nashelsky, Gary S. Lee and Lorenzo Marinuzzi); (b) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attn: Tracy Hope Davis, Linda A. Riffkin and Brian S. Masumoto); (c) the Office of the United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001 (Attn: US Attorney General, Eric H. Holder, Jr.); (d) Office of the New York State Attorney General, The Capitol, Albany, NY 12224-0341 (Attn: Nancy Lord, Esq. and Neal Mann, Esq.); (e) Office of the U.S. Attorney for the Southern District of New York, One St. Andrews Plaza, New York, NY 10007 (Attn: Joseph N. Cordaro, Esq.); (f) counsel for Ally Financial Inc., Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY 10022 (Attn: Richard M. Cieri); (g) counsel to Barclays Bank PLC, as administrative agent for the DIP lenders, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036 (Attn: Ken Ziman & Jonathan H. Hofer); (h) proposed counsel for the committee of unsecured creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attn: Kenneth Eckstein & Greg Horowitz); (i) counsel for Nationstar Mortgage LLC, Sidley Austin LLP, One South Dearborn, Chicago, Illinois 60603 (Attn: Jessica C.K. Boelter); (j) Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346 (if by overnight mail, to 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-5016); and (k) Securities and Exchange Commission, New

ny-1048110

York Regional Office, 3 World Financial Center, Suite 400, New York, NY 10281-1022 (Attn:

George S. Canellos, Regional Director).

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not timely filed and served, the Bankruptcy Court may enter an order granting the relief requested in the Motion without further notice or opportunity to be heard afforded to any party.

Dated: June 30, 2012
      New York, New York

                                              */s/* Larren M. Nashelsky
                                              Larren M. Nashelsky
                                              Gary S. Lee
                                              Lorenzo Marinuzzi
                                              MORRISON & FOERSTER LLP
                                              1290 Avenue of the Americas
                                              New York, New York 10104
                                              Telephone: (212) 468-8000
                                              Facsimile: (212) 468-7900

                                              *Proposed Counsel for the Debtors and Debtors in Possession*

ny-1048110

Hearing Date:  **July 24, 2012 at 10:00 a.m. (ET)**
Objections Due:  **July 17, 2012 at 4:00 p.m. (ET)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:     (212) 468-8000
Facsimile:      (212) 468-7900
Larren M. Nashelsky
Gary S. Lee
Lorenzo Marinuzzi

*Proposed Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------------
)
In re:                                                    )        Case No. 12-12020 (MG)
                                                          )
RESIDENTIAL CAPITAL, LLC, <u>et al</u>.,       )        Chapter 11
                                                          )
                                        Debtors.     )        Jointly Administered
---------------------------------------------------------------------------)

**DEBTORS' SECOND MOTION FOR ORDER UNDER
BANKRUPTCY CODE SECTION 521 AND BANKRUPTCY RULE 1007(c)
FURTHER EXTENDING TIME FOR FILING SCHEDULES AND STATEMENTS**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors")[1] hereby move for entry of an order, under section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), extending the deadline by which the Debtors must file (a) schedules of assets and liabilities, (b) schedules of current income and expenditures, (c) statements of financial affairs, (d) statements of executory contracts and unexpired leases, and (e) a list of equity security holders (collectively, the "Schedules and Statements") by twenty

---

[1]  The names of the Debtors in these cases and their respective tax identification numbers are identified on <u>Exhibit 1</u> to the Whitlinger Affidavit (defined below). Additional subsidiaries and affiliates of the Debtors may file Chapter 11 petitions on a rolling basis. As used herein, the term "Debtors" includes any such entities.

ny-1047994

(20) days (the "Motion").[2]  In support of the Motion, the Debtors rely upon and incorporate by reference the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings (the "Whitlinger Affidavit") (Docket No. 6).  In further support of the Motion, the Debtors, by and through their undersigned counsel, respectfully represent:

## JURISDICTION

1.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are Bankruptcy Code section 521 and Bankruptcy Rule 1007(c).

## BACKGROUND

2.      On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code.  The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).  No trustee has been appointed in these Chapter 11 cases; however, the Court has directed that an examiner be appointed.

3.      On May 16, 2012, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed a nine member official committee of unsecured creditors (the "Creditors' Committee").

---

[2]  Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases or the relief requested in this Motion may refer to http://www.kccllc.net/rescap for additional information.

4.     The Debtors are a leading residential real estate finance company indirectly owned by Ally Financial Inc., which is not a Debtor.  The Debtors and their non-debtor affiliates operate the tenth largest mortgage loan origination and fifth largest mortgage loan servicing businesses in the United States.  A more detailed description of the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these bankruptcy cases, is set forth in the Whitlinger Affidavit.

5.     On May 16, 2012, the Court entered an order granting relief similar to that requested in this Motion (the "Prior Extension Order"), which extended the Debtors' time to file the Schedules and Statements until June 30, 2012. (Docket No. 97).

**RELIEF REQUESTED**

**I.    Request for Further Extension of Deadline by Which Debtors Must File Schedules and Statements**

6.     By this Motion, the Debtors respectfully seek entry of an order, substantially in the form attached hereto as Exhibit 1, extending the deadline to file their Schedules and Statements for an additional twenty (20) days, from June 30, 2012 through and including July 20, 2012, without prejudice to the Debtors' ability to request additional time should it become necessary.

**II.   Basis for Relief**

7.     Section 521(a)(1) of the Bankruptcy Code and Rule 1007(b) of the Bankruptcy Rules provide, in pertinent part, that a debtor shall file a list of its creditors and "unless the court orders otherwise[,] a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs . . . ." 11 U.S.C. § 521(a)(1); Fed. R. Bankr. P. 1007(b).  Bankruptcy Rule 1007(c) further provides that

ny-1047994

"[a]ny extension of the time for the filing of schedules [and] statements" may be granted "on motion for cause shown . . . ." See Fed. R. Bankr. P. 1007(c).

8.  As set forth more fully in the Whitlinger Affidavit, the Debtors and their non-debtor affiliates are one of the largest originators and servicers of residential mortgage loans in the United States. The Debtors have tens of thousands of creditors, and billions of dollars in assets and liabilities. Given the size and complexity of their businesses, the Debtors have a significant amount of information to prepare in order to file their Schedules and Statements.

9.  The Debtors' business operations require them to maintain voluminous books and records and complex accounting systems. To prepare the Schedules and Statements, the Debtors and their advisors must gather, review, and assemble information from books, records, and documents related to thousands of transactions. Consequently, collecting the information necessary to complete the Schedules and Statements has required substantial time and effort on the part of the Debtors' employees.

10. Significant progress has been made to date with respect to compiling and completing the Schedules and Statements. However, since the Petition Date, the Debtors have also spent a significant amount of time responding to various discovery requests, negotiating with the Creditors' Committee with respect to the sale process, the debtor-in-possession financing facilities and the use of cash collateral, and addressing stay relief requests from borrowers, all of which have affected the Debtors' ability to finalize and file specific portions of the Schedules and Statements.

11. In light of the amount of work entailed in completing the Schedules and Statements, as well as the size of the Debtors' cases, the substantial burdens already imposed on management by the commencement of these Chapter 11 cases, the number of employees

ny-1047994

required to collect the required information, the competing demands upon such employees' time and the attention the Debtors must devote to the restructuring process, the Debtors believe that they will be unable to fully complete the Schedules and Statements by the June 30, 2012 deadline.  Accordingly, the Debtors respectfully submit that "cause" exists to extend the deadline as requested herein.

12. Nevertheless, recognizing the importance of the Schedules and Statements in these chapter 11 cases, on June 30, 2012, the Debtors will file substantially completed Schedules and Statements.  However, certain portions of the Statements will not be completed (i.e., SOFA Questions 3(b) and 3(c)) because the Debtors must complete the reconciliation of their books and records with their bank account statements.  At this juncture, the Debtors estimate that an extension of twenty days will provide sufficient time to complete the entirety of the Schedules and Statements.  The Debtors thus request that the Court establish July 20, 2012 as the date on or before which they must file their fully-completed Schedules and Statements, without prejudice to the Debtors' rights to seek any further extensions from this Court.

13. The requested extension will help to ensure that the Debtors' Schedules and Statements are accurate and avoid the need for the Debtors to file subsequent amendments. Additionally, the Debtors respectfully submit that an extension of time to file the Schedules and Statements will not prejudice any creditor or other third party.

**APPLICABLE AUTHORITY**

14. Courts have routinely granted to large business debtors the same or substantially similar relief to that requested in this Motion.  See, e.g., In re MF Global Holdings Ltd., Case No. 11-15059 (MG) (Bankr. S.D.N.Y. May 18, 2012) (Docket No. 691); In re Eastman Kodak Co., Case No. 12-10202 (ALG) (Bankr. S.D.N.Y. Feb. 28, 2012) (Docket No. 443); In re AMR Corp., Case No. 11-15463 (SHL) (Bankr. S.D.N.Y. Jan. 27, 2012) (Docket No.

ny-1047994

881); In re Gen. Mar. Corp., No. 11-15285 (Bankr. S.D.N.Y. Nov. 18, 2011) (Docket No. 26); In re Lyondell Chem. Co., Case No. 09-10023 (REG) (Bankr. S.D.N.Y Feb. 11, 2009) (Docket No. 701); In re Lehman Brothers Holdings Inc., Case No. 08-13555 (JMP) (Bankr. S.D.N.Y Jan. 15, 2009) (Docket No. 2554); In re Lenox Sales, Inc., Case No. 08-14679 (ALG) (Bankr. S.D.N.Y. Nov. 25, 2008) (Docket No. 29).

## NOTICE

15.    The Debtors have provided notice of this Motion to:  (a) the Office of the United States Trustee for the Southern District of New York; (b) the Office of the United States Attorney General; (c) the Office of the New York Attorney General; (d) the Office of the United States Attorney for the Southern District of New York; (e) the Internal Revenue Service; (f) the Securities and Exchange Commission; (g) each of the Debtors' prepetition lenders, or their agents, if applicable; (h) each of the indenture trustees for the Debtors' outstanding notes issuances; (i) Ally Financial Inc. and its counsel; (j) counsel for Barclays Bank PLC, as administrative agent for the lenders under the debtor in possession financing facility; (k) Nationstar Mortgage LLC and its counsel; (l) counsel for the Committee; and (m) all entities which have requested notice with the Court pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

ny-1047994

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court (i) enter an order substantially in the form annexed hereto as <u>Exhibit 1</u> granting the relief requested in the Motion; and (ii) such other and further relief to the Debtors as the Court may deem just and proper.

Dated:  June 30, 2012
    New York, New York

*/s/* Larren M. Nashelsky
Larren M. Nashelsky
Gary S. Lee
Lorenzo Marinuzzi
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Proposed Counsel for the Debtors and Debtors in Possession*

ny-1047994

# **EXHIBIT 1**

ny-1047994

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

---------------------------------------------------------------------------

**ORDER UNDER BANKRUPTCY CODE SECTION 521 AND
BANKRUPTCY RULE 1007(c) FURTHER EXTENDING TIME FOR
FILING SCHEDULES AND STATEMENTS**

Upon the motion (the "Motion")[1] of the Debtors for an order, under Bankruptcy Code section 521 and Bankruptcy Rule 1007(c), extending the deadline by which the Debtors must file their Schedules and Statements for an additional twenty (20) days, through and including July 20, 2012; and upon the Whitlinger Affidavit; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation thereon; and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.  The Motion is GRANTED, as set forth herein.

2.  The time by which the Debtors must file their Schedules and Statements shall be and hereby is extended for an additional twenty (20) days, through and including July 20, 2012,

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion. Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases or the relief requested in this Motion may refer to http://www.kccllc.net/rescap for additional information.

ny-1047994

without prejudice to the Debtors' right to seek additional extensions, or to seek a waiver of the requirement to file certain Schedules and Statements.

      3.      Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

      4.      This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated:      New York, New York
                       _____, 2012

                                                    THE HONORABLE MARTIN GLENN
                                                    UNITED STATES BANKRUPTCY JUDGE

ny-1047994