**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
|  |  |  |
|---|---|---|
|  | : |  |
| In re | : | **Chapter 11** |
|  | : |  |
| **RESIDENTIAL CAPITAL, LLC, et al.,** [1] | : | **Case No. 12-12020 (MG)** |
|  | : |  |
|  | : |  |
|  | : | **(Jointly Administered)** |
| Debtors. | : |  |
-----------------------------------------------------------------x

# SCHEDULES OF ASSETS AND LIABILITIES FOR
## RESIDENTIAL FUNDING MORTGAGE SECURITIES II, INC. (CASE NO. 12-12061)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Residential Capital, LLC (0738); ditech, LLC (7228); DOA Holding Properties, LLC (4257); DOA Properties IX (Lots-Other), LLC (3274); EPRE LLC (7974); Equity Investment I, LLC (2797); ETS of Virginia, Inc. (1445); ETS of Washington, Inc. (0665); Executive Trustee Services, LLC (8943); GMAC Model Home Finance I, LLC (8469); GMAC Mortgage USA Corporation (6930); GMAC Mortgage, LLC (4840); GMAC Residential Holding Company, LLC (2190); GMAC RH Settlement Services, LLC (6156); GMACM Borrower LLC (4887); GMACM REO LLC (2043); GMACR Mortgage Products, LLC (6369); GMAC-RFC Holding Company, LLC (3763); HFN REO Sub II, LLC (N/A); Home Connects Lending Services, LLC (9412); Homecomings Financial Real Estate Holdings, LLC (6869); Homecomings Financial, LLC (9458); Ladue Associates, Inc. (3048); Passive Asset Transactions, LLC (4130); PATI A, LLC (2729); PATI B, LLC (2937); PATI Real Estate Holdings, LLC (5201); RAHI A, LLC (3321); RAHI B, LLC (3553); RAHI Real Estate Holdings, LLC (5287); RCSFJV204, LLC (2722); Residential Accredit Loans, Inc. (8240); Residential Asset Mortgage Products, Inc. (5181); Residential Asset Securities Corporation (2653); Residential Consumer Services of Alabama, LLC (5449); Residential Consumer Services of Ohio, LLC (4796); Residential Consumer Services of Texas, LLC (0515); Residential Consumer Services, LLC (2167); Residential Funding Company, LLC (1336); Residential Funding Mortgage Exchange, LLC (4247); Residential Funding Mortgage Securities I, Inc. (6294); Residential Funding Mortgage Securities II, Inc. (8858); Residential Funding Real Estate Holdings, LLC (6505); Residential Mortgage Real Estate Holdings, LLC (7180); RFC Asset Holdings II, LLC (4034); RFC Asset Management, LLC (4678); RFC Borrower LLC (5558); RFC Constructing Funding, LLC (5730); RFC REO LLC (2407); RFC SFJV-2002, LLC (4670); RFC-GSAP Servicer Advance, LLC (0289)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------
                                          )
In re:                                    )    Case No. 12-12020 (MG)
                                          )
RESIDENTIAL CAPITAL, LLC, et al.,         )    Chapter 11
                                          )
                        Debtors.          )    Jointly Administered
                                          )
---------------------------------------------------------------

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

On May 14, 2012 (the "**Petition Date**")[1], Residential Capital, LLC ("**ResCap**") and its affiliated debtors (each a "**Debtor**," and collectively, the "**Debtors**")[2] commenced voluntary cases under chapter 11 of title 11, United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The

---

[1]     Capitalized terms not otherwise defined herein shall have the meaning set forth in the *Affidavit Of James Whitlinger, Chief Financial Officer Of Residential Capital, LLC, In Support Of Chapter 11 Petitions And First Day Pleadings*, [Docket No. 6, Case No. 12-12020 (MG)].

[2]     The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: ditech, LLC (7228), DOA Holding Properties, LLC (4257), DOA Properties IX (Lots-Other), LLC (3274), EPRE LLC (7974), Equity Investment I, LLC (2797), ETS of Virginia, Inc. (1445),ETS of Washington, Inc. (0665),Executive Trustee Services, LLC (8943), GMAC-RFC Holding Company, LLC (3763), GMAC Model Home Finance I, LLC (8469), GMAC Mortgage USA Corporation (6930), GMAC Mortgage, LLC (4840), GMAC Residential Holding Company, LLC (2190), GMACRH Settlement Services, LLC (6156), GMACM Borrower LLC (4887), GMACM REO LLC (2043), GMACR Mortgage Products, LLC (6369), HFN REO SUB II, LLC (None), Home Connects Lending Services, LLC (9412), Homecomings Financial Real Estate Holdings, LLC (6869), Homecomings Financial, LLC (9458), Ladue Associates, Inc. (3048), Passive Asset Transactions, LLC (4130), PATI A, LLC (2729), PATI B, LLC (2937), PATI Real Estate Holdings, LLC (5201), RAHI A, LLC (3321), RAHI B, LLC (3553), RAHI Real Estate Holdings, LLC (5287), RCSFJV2004, LLC (2772), Residential Accredit Loans, Inc. (8240), Residential Asset Mortgage Products, Inc. (5181), Residential Asset Securities Corporation (2653), Residential Capital, LLC (0738), Residential Consumer Services of Alabama, LLC (5449), Residential Consumer Services of Ohio, LLC (4796), Residential Consumer Services of Texas, LLC (0515), Residential Consumer Services, LLC (2167), Residential Funding Company, LLC (1336), Residential Funding Mortgage Exchange, LLC (2427), Residential Funding Mortgage Securities I, Inc. (6294), Residential Funding Mortgage Securities II, Inc. (8858), Residential Funding Real Estate Holdings, LLC (6505), Residential Mortgage Real Estate Holdings, LLC (7180), RFC – GSAP Servicer Advance, LLC (0289),RFC Asset Holdings II, LLC (4034), RFC Asset Management, LLC (4678), RFC Borrower LLC (5558), RFC Construction Funding, LLC (5730), RFC REO LLC (2407), RFC SFJV-2002, LLC (4670).

Debtors' cases have been consolidated for procedural purposes only and are being jointly administered under case number 12-12020 (MG).

The Schedules of Assets and Liabilities and Statements of Financial Affairs (the "**Schedules and Statements**") were prepared pursuant to Bankruptcy Code section 521 and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") by management of the Debtors with unaudited information available as of the Petition Date.

These Global Notes and Statement of Limitations, Methodology and Disclaimers Regarding The Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (the "**Global Notes**") are incorporated by reference in, and comprise an integral part of, each of the Debtors' Schedules, sub-Schedules, Statements and sub-Statements, exhibits and continuation sheets, and should be referred to in connection with any review of the Schedules and Statements.  Disclosure of information in one Schedule, sub-Schedule, Statement, sub-Statement, exhibit or continuation sheet, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, Statement, exhibit or continuation sheet.

**The Schedules and Statements and these Global Notes should not be relied upon by any persons for information relating to current or future financial conditions, events or performance of any of the Debtors.**

<u>Reservation of Rights</u>.  The Debtors' chapter 11 cases are large and complex.  The Debtors' management has made every reasonable effort to ensure that the Schedules and Statements are as accurate and complete as possible, based on the information that was available to them at the time of preparation.  Subsequent information or discovery may result in material changes to these Schedules and Statements, and inadvertent errors or omissions may have occurred. Because the Schedules and Statements contain unaudited information, which is subject to further review, verification, and potential adjustment, there can be no assurance that these Schedules and Statements are accurate and/or complete.

The Debtors have made reasonable efforts to characterize, classify, categorize or designate the claims, assets, executory contracts, unexpired leases and other items reported in the Schedules and Statements correctly. Due to the complexity and size of the Debtors' businesses, however, the Debtors may have improperly characterized, classified, categorized or designated certain items.  In addition, certain items reported in the Schedules and Statements could be included in more than one category.  In those instances, one category has been chosen to avoid duplication. Further, the designation of a category is not meant to be wholly inclusive or descriptive of the rights or obligations represented by such item.

Nothing contained in the Schedules and Statements or these Global Notes shall constitute an admission or a waiver of rights with respect to these Chapter 11 cases, including, but not limited to, any issues involving substantive consolidation for plan purposes, subordination and/or causes of action arising under the provisions of Chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets or avoid transfers.  For the avoidance of doubt, listing a claim on Schedule D as "secured," on Schedule E as "priority," on Schedule F as "unsecured priority," or listing a contract or lease on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant, or a waiver of a

Debtor's right to recharacterize or reclassify such claim or contract. Failure to designate a claim on a given Debtor's Schedules as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated" or that such claim is not subject to objection. The Debtors reserve their respective rights to dispute, or assert offsets, setoffs or defenses to any claim reflected on the Schedules as to the nature, amount, liability, or status or to otherwise subsequently designate any claim as disputed, contingent or unliquidated.

**Reporting Date**. Each Debtor's fiscal year ends on December 31. All asset and liability information, except where otherwise noted, is provided as of the Petition Date.

**Currency**. All amounts are reflected in U.S. dollars as of the Petition Date, unless otherwise noted. Assets and liabilities denominated in foreign currencies were translated into U.S. dollars at reasonable market exchange rates as of the Petition Date, unless otherwise noted. Subsequent adjustments to foreign currency valuation were not made to assets and liabilities denominated in foreign currencies after the Petition Date, unless otherwise noted.

**Basis of Presentation**. ResCap has historically prepared quarterly and annual financial statements that were audited annually and included all of the Debtors as well as the non-Debtor entities within the ResCap consolidated group. The Schedules and Statements are unaudited. Unlike the consolidated financial statements, the Schedules and Statements generally reflect the assets and liabilities of each Debtor on a non-consolidated basis. Accordingly, the amounts listed in the Schedules and Statements will likely differ, at times materially, from the consolidated financial reports prepared historically by ResCap for public reporting purposes or otherwise.

Although the Schedules and Statements may, at times, incorporate information prepared in accordance with United States generally accepted accounting principles ("**GAAP**"), the Schedules and Statements neither purport to represent nor reconcile to financial statements otherwise prepared and/or distributed by the Debtors in accordance with GAAP or otherwise.

**Estimates and Assumptions**. The preparation of the Schedules and Statements required the Debtors to make estimates and assumptions that affected the reported amounts of certain assets and certain liabilities, the disclosure of contingent assets and liabilities and the reported amounts of revenue and expense. Actual results could differ materially from these estimates.

**Undetermined or Unknown Amounts**. The description of an amount as "Undetermined" or "Unknown" is not intended to reflect upon the materiality of such amount. Certain amounts may be clarified over the period of the bankruptcy proceedings and certain amounts may depend on contractual obligations to be assumed as part of a sale in a bankruptcy proceeding under section 363 of the Bankruptcy Code.

**Asset Presentation and Valuation**. The Debtors' assets are presented at values consistent with their books and records. Generally speaking, for assets that are valued at fair value or the lower of cost or fair value, the Debtors value these assets using modeling techniques customarily used in the industry and uses market based information to the extent possible in these valuations. These values do not purport to represent the ultimate value that would be received in the event of

a sale, and may not represent economic value as determined by an appraisal or other valuation technique.  As it would be prohibitively expensive and an inefficient use of estate assets for the Debtors to obtain current economic valuations for all of their assets, unless otherwise noted, the carrying value on the Debtors' books (*i.e.*, net book value), rather than current economic values is reflected on the Schedules and Statements. The stalking-horse bids approved by the Bankruptcy Court have not been considered in determining the value of the Debtors' assets.

**Contingent Assets and Causes of Action**.  Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in their Schedules and Statements, including, but not limited to, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant non-bankruptcy laws to recover assets. The Debtors reserve all of their rights with respect to any claims, causes of action, or avoidance actions they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims, causes of actions, or avoidance actions or in any way prejudice or impair the assertion of such claims.

The Debtors may also possess contingent and unliquidated claims against affiliated entities (both Debtor and non-Debtor) for various financial accommodations and similar benefits they have extended from time to time, including, but not limited to, contingent and unliquidated claims for contribution, reimbursement, and/or indemnification arising from various (i) guarantees, (ii) indemnities, (iii) tax sharing agreements, (iv) warranties, (v) operational and servicing agreements, (vi) shared service agreements and (vii) other arrangements.

Additionally, prior to the Petition Date, each Debtor may have commenced various lawsuits in the ordinary course of its business against third parties seeking monetary damages for business-related losses. Refer to each Statement Question No. 4a or correspondent schedule for a list of lawsuits commenced prior to the relevant Petition Date in which the Debtor was a plaintiff, except as noted below.

**Pledged Assets**.  A significant amount of the assets listed on the Debtors' Schedule B have been pledged as collateral by the Debtors and are outside of the Debtors' control. These assets include, among other things, cash, securities, servicer advance receivables, consumer mortgage loans held for sale and corporate loans, equity interests in subsidiaries, primary and master servicing rights and other licenses and intangibles.

**Liabilities**.  Some of the scheduled liabilities are unknown, contingent and/or unliquidated at this time. In such cases, the amounts are listed as "Unknown" or "Undetermined." Accordingly, the Schedules and the Statements may not equal the aggregate value of the Debtors' total liabilities as noted on any previously issued financial statements.  In addition, certain contingent, unliquidated and disputed litigation claims listed on Schedule F are subject to various settlement agreements for which the Debtors have sought Bankruptcy Court approval as reflected at Docket No. 320 on the docket maintained for ResCap (Case No. 12-12020).

**Confidentiality**.  Addresses of current and former employees, customers and borrowers of the Debtors are generally not included in the Schedules and Statements. Notwithstanding, the Debtors will mail any required notice or other documents to the address in their books and

records for such individuals.  In addition, certain schedules contain information about litigation involving individual borrowers.  Except as to *pro se* plaintiffs, the Debtors have not included counter party addresses related to such actions but only the contact information for their counsel.  Moreover, the Debtors have listed only the last four digits of the relevant borrower loan number and the relevant Debtor bank account.

**Intercompany Transactions**.  Prior to the Petition Date (and subsequent to the Petition Date but only pursuant to Bankruptcy Court approval), the Debtors routinely engaged (and continue to engage) in intercompany transactions with both Debtor and non-Debtor subsidiaries and affiliates, including Ally Financial Inc. ("**AFI**").  With respect to prepetition transactions between Debtors, such intercompany accounts payable and receivable, if any, are reflected in the respective Debtor's Schedules and Statements and are not necessarily indicative of the ultimate recovery on any inter-Debtor receivables or the impairment or claim status of any intercompany payable.  The Debtors have made every attempt to properly characterize, prioritize and classify all intercompany transaction.  Each Debtor reserves all rights to re-characterize, re-prioritize and re-classify claims against and debts owed to other Debtors and non-Debtor affiliates.

**Bankruptcy Court First-Day Orders**.  The Bankruptcy Court has authorized the Debtors to pay various outstanding prepetition claims, including but not limited to, payments relating to the Debtors' servicing obligations (as set forth in greater detail in Docket Nos. 87, 91, 391 and 400), employee wages and compensation, benefits, reimbursable business expenses and payroll-like taxes.  Accordingly, the scheduled claims are intended to reflect sums due and owing before the Petition Date for which the Debtors did not obtain relief from the Bankruptcy Court to satisfy.  The estimate of claims set forth in the Schedules, however, may not reflect assertions by the Debtors' creditors of a right to have such claims paid or reclassified under the Bankruptcy Code or orders of the Bankruptcy Court.

**Liens**.  The inclusion on Schedule D of creditors that have asserted liens against the Debtors is not an acknowledgement of the validity, extent, or priority of any such liens, and the Debtors reserve their right to challenge such liens and the underlying claims on any ground whatsoever.  Reference to the applicable agreements and other relevant documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in these Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.  Certain liens may have been inadvertently marked as disputed but had previously been acknowledged in an order of the Court as not being disputed by the Debtors. It is not the Debtors' intent that Schedules be construed to supersede any orders entered by the Bankruptcy Court.

**Leases**.  In the ordinary course of its business, the Debtors lease facilities from certain third-party lessors for use in the daily operation of the businesses. Any such leases are set forth in Schedule G. The property subject to any of such leases is not reflected in either Schedule A or Schedule B as either owned property or assets of the Debtors.  Neither is the property subject to any such leases reflected in the Statements as property or assets of third-parties within the control of a Debtor. Nothing in the Schedules is or shall be construed as an admission or determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect to any of such issues.

**Setoff**.  Prior to the Petition Date, and in the ordinary course of their businesses, the Debtors incurred setoffs in connection with, among other things, intercompany and derivative transactions.  Unless otherwise stated, certain setoffs that were incurred in the ordinary course or under customary practices are not listed in the Schedules and Statements and the Debtors have not intentionally offset amounts listed on Schedules B, D or F.  Nonetheless, some amounts listed may have been affected by setoffs taken of which the Debtors are not yet aware. The Debtors reserve all rights to challenge any setoff and/or recoupment rights that may be asserted.

**Guarantees and Other Secondary Liability Claims**.  The Debtors have used their reasonable best efforts to locate and identify guarantees and other secondary liability claims (collectively, "**Guarantees**") in each of their executory contracts, unexpired leases, secured financings, debt instruments and other such agreements. Where such Guarantees have been identified, they have been included in the relevant Schedule for the Debtor or Debtors affected by such Guarantees. The Debtors have placed Guaranty obligations on Schedule H for both the primary obligor and the guarantor of the relevant obligation. Such Guarantees were additionally placed on Schedule D or F for each guarantor, except to the extent that such Guarantee is associated with obligations under an executory contract or unexpired lease identified on Schedule G.  Further, it is possible that certain Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements may have been inadvertently omitted. Thus, the Debtors reserve their rights to amend the Schedules and Statements to the extent that additional Guarantees are identified.  In addition, the Debtors reserve the right to amend the Schedules and Statements to recharacterize or reclassify any such contract or claim.

**Insiders**.  Hundreds of individuals are employed by certain of the Debtors and are given the title of either Executive Vice President, Managing Director, Senior Vice President, Vice President and Assistant Vice President.  However, for its response to Statement Question Nos. 21 and 23, ResCap and certain Debtors have listed members of its Board of Directors and all employees that are, or were, Executive Officers (Chief Executive Officer, Chief Financial Officer and General Counsel) and other persons that the Debtors believe fall within the legal definition of "insiders" in terms of control of the Debtors, management responsibilities or functions, decision-making or corporate authority. In the ordinary course of the Debtors' businesses, directors and officers of one Debtor may have been employed and paid by another Debtor or a non-Debtor affiliate.  The Debtors have only scheduled payments to Insiders that were paid or reimbursed by a Debtor while the Insider was in the employ of such Debtor.

The Schedules and Statements have been signed by James Whitlinger, in his capacity as Executive Vice President and Chief Financial Officer of each Debtor or such Debtor's managing member. In reviewing and signing the Schedules and Statements, Mr. Whitlinger has necessarily relied upon the efforts, statements and representations of other Debtor personnel and professionals. Mr. Whitlinger has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors and their addresses.

---

In addition to the foregoing, the following conventions were adopted by the Debtors in the preparation of the Schedules and Statements:

**Schedules of Assets and Liabilities**

Schedule A Notes.

- Real property includes the Debtors' real estate held for sale, real estate held for investment, and real estate acquired through foreclosure ("**REO**") as well as land and buildings occupied by the Debtors.  REO is scheduled at the legal entity that held the underlying loan and in some instances, may not be scheduled under the Debtor that holds title to such REO because the Debtors did not transfer the asset off of the original lender's books and records.

- Before the Petition Date, EPRE LLC and AFI entered into a sale and buy-back transaction for the real estate interests in the data center property known as "Shady Oak" (Eden Prairie, Minnesota).  As a result of certain terms and conditions under the agreement, including, but not limited to, buy-back and assumption obligations, the Debtors accounted for this transaction as a capitalized lease obligation and has included the property as an asset on its books and records.  Therefore, these financial obligations are scheduled at book value on Schedules A and D.

Schedule B Notes.

- Each Debtor's assets in Schedule B is listed at net book value unless otherwise noted and may not necessarily reflect the market or recoverable value of these assets as of the Petition Date.

- Schedule B2 – Cash accounts are presented based on the actual cash balance as of the Petition Date.  It does not include any adjustments for cash in transit (e.g., ACH issued but not settled and, issued, but outstanding, checks), and also does not include sums held in lockboxes, custodial accounts and any other accounts where cash is held for the benefit of third parties.

- Schedule B13 – Only direct investments of 5% or greater in subsidiaries are listed.

- Schedule B15 – Loans "held for sale" and trading securities are listed at net carry value plus accrued interest.

- Schedule B16 – This does not include (i) certain assets that were previously sold, transferred or settled immediately after the Petition Date and (ii) certain servicing advances that were collateralized and pledged under the Barclays-sponsored nonrecourse servicing advance facility (which was refinanced postpetition) (the "**GSAP Facility**"); however, these specific categories of assets are accounted for on Debtors' books and records in accordance with GAAP.

<u>Schedule D Notes</u>.

- The Debtors' assets are presented at values consistent with their books and records.  Generally speaking, for assets that are valued at fair value or the lower of cost or fair value, the Debtors value these assets using modeling techniques customarily used in the industry and uses market based information to the extent possible in these valuations.  These values do not purport to represent the ultimate value that would be received in the event of a sale, and may not represent economic value as determined by an appraisal or other valuation technique. The Debtors reserve all rights to dispute or challenge the secured nature of any creditor's claim or the characterization of the structure of any transaction or any document or instrument (including, without limitation, any intercompany agreement) related to such creditor's claim.

- Except as otherwise agreed in accordance with a stipulation or order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien listed on Schedule D purported to be granted to a secured creditor or perfected in any specific asset.  Nothing in these Global Notes or in the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements or related documents.

- In certain instances, a Debtor may be a co-obligor, co-mortgagor or guarantor with respect to scheduled claims of its affiliates. No claim scheduled on Schedule D is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other Debtors.

- Co-borrowers and guarantors under the AFI LOC (two Debtor-borrowers and four Debtor-guarantors) and the AFI Senior Secured Credit Facility (two Debtor-borrowers and seven Debtor-guarantors) are jointly and severally liable under each of these credit facilities.  Therefore, the full amount of obligations under these agreements is scheduled for each borrower and guarantor; however, the amounts that may ultimately be paid by the borrowers and guarantors has not yet been fixed and determined and remains subject to resolution.

- Prior to the Petition Date, the Debtors maintained the GSAP Facility to fund servicer advances (the "**Advances**") for specified PLS Trusts, and the facility was secured by the receivables relating to those Advances.  The Debtors also entered into a secured financing facility with BMMZ Holdings, LLC, an indirect, wholly owned subsidiary of AFI, pursuant to which the Debtors sold assets under repurchase agreements and repurchased the assets at a later date.  The BMMZ Repo Facility was secured by the assets being sold pursuant to the repurchase agreements. The Debtors did not schedule these facilities because as part of the first-day relief, the Debtors used the proceeds of the Barclays debtor-in-possession loan facility (the "**Barclays DIP**") to refinance the GSAP Facility and the BMMZ Repo Facility.

<u>Schedule E Notes</u>.

- The Bankruptcy Court has approved the payment of certain unsecured claims against the Debtors including, without limitation, certain claims of employees for wages, salaries, and benefits.  In general, employee claims for items that were not clearly authorized to be paid by the Bankruptcy Court have been included in the Schedules and Statements.

- The listing of any claim on this Schedule E does not constitute an admission by the Debtors that such claim is entitled to priority treatment under 11 U.S.C. § 507.

- The Debtors reserve the right to take the position that any claim listed on Schedule E is not entitled to priority.

- Due to confidentiality concerns, the Debtors have suppressed the addresses of the employee claimants listed in this Schedule.

<u>Schedule F Notes</u>.

- The Bankruptcy Court approved the payment of certain unsecured claims against the Debtors including, without limitation, claims of critical vendors.  While the Debtors have made every effort to reflect the current obligations as of the Petition Date in Schedule F, certain payments made and certain invoices received after the Petition Date may not be accounted for in Schedule F.

- To the extent that the Debtor, in its capacity as a named defendant, has only been identified in such cases as "GMAC," the action is listed in the Statement of GMAC Mortgage, LLC.

<u>Schedule G Notes</u>.

- While best efforts have been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred.  To the extent a Debtor becomes aware of additional executory contracts and unexpired leases, it will supplement this Schedule.

- The Debtors hereby reserve all rights to dispute the validity, status or enforceability of any contracts, agreements or leases set forth in Schedule G and to amend or supplement such Schedule as necessary.  Additionally, the placing of a contract or lease onto this Schedule shall not be deemed an admission that such contract is an executory contract or unexpired lease, or that it is necessarily a binding, valid and enforceable contract.  Any and all of the Debtor's rights, claims and causes of action with respect to the contracts and agreements listed on this Schedule are hereby reserved and preserved.

- Omission of a contract or agreement from this Schedule does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtor's rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.  This Schedule may be amended at any time to add any omitted contract or agreement.

- The contracts, agreements and leases listed on Schedule G may have expired or may have been terminated, assigned, modified, amended and/or supplemented from time to time by various amendments, change orders, restatements, waivers, estoppel certificates, letters and other documents, instruments, and agreements which may not be listed therein. Certain of the real property leases listed on Schedule G may contain renewal options, guarantees of payment, options to purchase, rights of first refusal, rights to lease additional space and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth on Schedule G. Certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings, and the inclusion of such on Schedule G is not an admission that the agreement is an executory contract, financing agreement or otherwise.

Schedule H Notes.

- In the ordinary course of their businesses, the Debtors may be involved in pending or threatened litigation and claims. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counterclaims against other parties. Because all such claims are "contingent," "unliquidated" or "disputed", such claims have not been set forth individually on Schedule H.

### Statement of Financial Affairs

**Question No. 1**: The Debtors scheduled Total Net Revenue and Income (Loss) Before Income Taxes and Discontinued Operation in accordance with GAAP and the Debtors' accounting policies and procedures as described in the Residential Capital Consolidated Financial Statements for the years ended December 31, 2011 and December 31, 2010.

**Question No. 2**: The Debtors scheduled Income Taxes and Discontinued Operations in accordance with GAAP and the Debtors' accounting policies and procedures as described in the Residential Capital, LLC Consolidated Financial Statements for the year ended December 31, 2011 and December 31, 2010.

**Question No. 3b**: The Debtors have not scheduled any payments to creditors aggregating more than $5,475 that were made during the 90 days prior to the Petition Date. Certain Debtors continue to reconcile this information and will file amended sub-Statements with this information at a later date.

**Question No. 3c**: The Debtors have not scheduled payments to insiders. Certain Debtors continue to reconcile this information and will file amended sub-Statements with this information at a later date.

**Question No. 4**: The Debtors made every effort to include on Attachment 4 a complete list of all suits and proceedings to which the Debtors were a party within the one year immediately preceding the Petition Date. However, the Debtors were unable to identify the address of certain opposing counsel for closed cases, and as a result, have scheduled the address as "unknown." The Debtors listed the case number and jurisdiction for these cases. In addition, the Debtors are

engaged in the business of originating, selling, and servicing residential real estate mortgage loans on behalf of the Debtors, their affiliates and other third-party investors. In the ordinary course of business and at any time, a number of the mortgage loans the Debtors service are delinquent and in default. As part of the servicing function, the Debtors are required to commence foreclosure proceedings against certain borrowers and, if a foreclosure is not otherwise resolved, to complete the foreclosure sale of the mortgaged property.

The Debtors manage more than 65,000 foreclosure actions that were commenced either in the name of a Debtor or third-party investors. Attachment 4a to the Statements includes all foreclosure actions commenced where a Debtor owns the underlying mortgage loan or where the borrower-defendant contested the foreclosure by seeking a temporary restraining order or has filed a counterclaim or cross-claim against a Debtor entity.

Foreclosure actions commenced on behalf of third-party investors are not listed in Attachment 4a to the Statements, unless the borrower has contested the foreclosure or filed a counter-claim or cross-claim against a Debtor, because such proceedings are an integral part of the ordinary course of the Debtors' loan servicing business. To the extent a Debtor omitted any suits or proceedings, it will amend its Statement.

**Question No. 5**: While various lenders purported to exercise certain remedies under their respective agreements, the Debtors reserve all of their rights with respect to whether the remedies exercised by such lenders were proper or were properly exercised.

**Question No. 7**: Gifts given to customers are not scheduled because they are issued in the ordinary course of business as part of the Debtors' marketing and branding efforts.

**Question No. 8**: Workers' compensation claims generally have been excluded from the Schedules and Statements because the Debtors are performing their obligations as required by law and in accordance with Bankruptcy Court orders granting authority to the Debtors to satisfy those obligations in the ordinary course. In addition, ordinary property losses of *de minimus* amounts (i.e., vandalism, theft, flood damage, etc.) are identified, but the value of the loss is excluded because such information is not ordinarily maintained in the Debtors' books and records. However, the Debtors have identified any related insurance reimbursements that they received under AFI's property and casualty insurance programs.

**Question No. 9**: The Debtors' obligations are paid by and through ResCap. Accordingly, all payments related to debt counseling or bankruptcy for affiliated Debtors appear in the response to Question No. 9 of ResCap's Statement (Case No. 12-12020). Among the scheduled professional payments are retainer payments made to: (i) Morrison & Foerster LLP ($3.5 million), (ii) FTI Consulting, Inc. ($1.35 million) and (iii) Centerview Partners, LLC ($300,000).

In addition, the Debtors made payments totaling approximately $9.5 million to professionals and advisors on behalf of third-party creditors and Ad Hoc committees representing third party creditors as required under relevant agreements.

**Question No. 10**: Footnotes for Question No. 10 are contained in the respective Debtor Statement of Financial Affairs.

**Question No. 12:**  The Debtors had no safe deposit boxes; however, bank accounts that contained cash or securities, which were closed prior to the Petition Date, are listed in response to Question No. 11.  Signatories for such bank and security accounts are not disclosed in response to Question No. 12 due to confidentiality and security reasons.

**Question No. 13**:  Certain of the Debtors have engaged in various derivative transactions in connection with their market risk management activities.  In these transactions, Debtors routinely incur setoffs on collateral that has been posted or cash flows to be paid to various counterparties, including affiliates.  These setoffs are consistent with the ordinary course of business in the Debtors' industries and these transactions and can be particularly voluminous, making it unduly burdensome and costly for the Debtors to list all such instances.  In addition, in the ordinary course, counterparties, including, but not limited, to Ally Bank, routinely setoff certain obligations owed to the Debtors in the settlement of loan sale proceeds and payment of servicing and other operational income.  Therefore, these ordinary course setoffs are excluded from the Debtors' responses to Question No. 13.

Prior to the Petition Date, the Debtors, under ordinary course accounting procedures and operations processes, netted intercompany obligations to each other and with non-Debtor affiliates.  The Debtors have used their reasonable best efforts to identify all known setoffs with non-Debtor affiliates.

**Question No. 14**:  The Debtors maintain and service loan portfolios owned by various institutions.  At any given time, in the ordinary course of business, the Debtors received and disbursed funds related to the loans that they serviced.  In conjunction with loan servicing, the Debtors control and continue to maintain lockboxes, disbursement accounts and custodial bank accounts, which are detailed in Attachment 14 to the Statements.  The Debtors reserve the right to dispute or challenge the ownership interest of assets held in such accounts.

**Question No. 15**:  In certain instances, a Debtor was not able to identify the initial date of occupancy, and therefore used its date of incorporation as the date on which occupancy commenced at the specific premises.

**Question No. 17**:  From time to time, the Debtors have, in the ordinary course of business, foreclosed on real estate property subject to minor problems that were subsequently resolved.  The disclosures pertain only to Debtor-owned real property, not real property managed by the Debtors for the benefit of third-party investors.  The Debtors have utilized their best efforts in reviewing their books and records to identify all material environmental issues, but the lists might be incomplete and will be updated should additional information become available.

**Questions Nos. 19(a)-(c)**:  The Debtors' books and records are in an integrated system and may be accessed by multiple employees of the Debtors, AFI, Ally Bank and other affiliates.  The lists of firms and individuals listed in response to Question Nos. 19(a)-(c) are not intended to be exhaustive, but rather represent a listing of those firms and/or individuals that supervised or were primarily responsible for the respective tasks, since AFI had ultimate control over the Debtors' books and records.

**Question No. 19d**:  Prior to the Petition Date, upon the occurrence of certain significant events and at the end of the Debtors' fiscal quarters and fiscal years, AFI filed reports with the Securities and Exchange Commission ("**SEC**") on Form 8-K Current Reports, Form 10-Q Quarterly Reports and Form 10-K Annual Reports that contained the Debtors' financial results. Because these reports are of public record, the Debtors do not have records of the parties who requested or obtained copies of any such documents.  The Debtors' individual financial statements were also provided to various third parties, including, but not limited to, financial counterparties, vendors, government agencies, government sponsored entities, investors and lenders, as required under contractual arrangements and to maintain credit terms with vendors and service providers.

**Question No. 20**:  Due to the nature of their operations, the Debtors do not hold physical inventory for sale to customers.  Therefore, none has been listed in their responses to Statement question 20.

**Question No. 22b**:  Gerald A. Lombardo has been listed as a former Treasurer for a number of the Debtors.  To clarify, Mr. Lombardo was an employee of AFI who provided treasury services for certain Debtors.

**Question No. 23**:  Prior to the Petition Date, certain of the Debtors' employees were previously employees of AFI or other non-Debtor affiliates at different times during the reporting period and were only compensated by those non-Debtor parties.  Attachment 23 to the Statements only includes cash and non-cash transfers, including grants of restricted stock units, while such individuals were employees of one of the Debtors.

**Question No. 24**:  ResCap and its limited liability subsidiaries are disregarded entities for tax purposes.  ResCap's incorporated subsidiaries are part of the AFI consolidated tax group.  The Debtors have provided the name and tax identification number of the taxpayer for federal tax purposes for each of the Debtors.

**B6 Summary (Official Form 6 - Summary) (12/07)**

**UNITED STATES BANKRUPTCY COURT**

**Southern District of New York, New York**

In re: **Residential Funding Mortgage Securities II, Inc.**

Case No. **12-12061 (MG)**

Chapter **11**

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| Name of Schedule | Attached (YES/NO) | No. of Sheets | Assets | Liabilities | Other |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $0.00 | | |
| B - Personal Property | YES | 13 | $0.00 | | |
| C - Property Claimed as Exempt | NO | N/A | | | |
| D - Creditors Holding Secured Claims | YES | 6 | | $0.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 3 | | $0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 5 | | $14,500,000.00 | |
| G - Executory Contracts and Unexpired Leases | YES | 2 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | NO | N/A | | | |
| J - Current Expenditures of Individual Debtor(s) | NO | N/A | | | |
| **TOTAL** | | **31** | **$0.00** | **$14,500,000.00** | |

B6A (Official Form 6A) (12/07)

**In re: Residential Funding Mortgage Securities II, Inc.**                                                    **Case No. 12-12061 (MG)**

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate.  Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit.   If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "HWJC."  If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim.  See Schedule D.  If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM OR MORTGAGE |
|---|---|---|---|---|
| NONE | | | $0.00 | $0.00 |
| | | Total | **$0.00** | |

(Report total also on Summary of Schedules.)

Page 1 of 1

B6B (Official Form 6B) (12/0

**In re: Residential Funding Mortgage Securities II, Inc.**                    **Case No. 12-12061 (MG)**

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind.  If the debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "None".  If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category.   If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "HWJC." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."  If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007 (m).

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1.  Cash on hand. | X | | | $0.00 |
| 2.  Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | | $0.00 |

Subtotal (Total on this page)          **$0.00**

B6B (Official Form 6B) (12/07) - Cont.

**In re: Residential Funding Mortgage Securities II, Inc.**                    Case No. 12-12061 (MG)

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | $0.00 |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | X | | | $0.00 |
| 5.  Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | $0.00 |

Subtotal (Total on this page)           **$0.00**

B6B (Official Form 6B) (12/07) - Cont.

**In re: Residential Funding Mortgage Securities II, Inc.**                                    **Case No. 12-12061 (MG)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 6.  Wearing apparel. | X | | | $0.00 |
| 7.  Furs and jewelry. | X | | | $0.00 |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | | $0.00 |

Subtotal (Total on this page)          **$0.00**

B6B (Official Form 6B) (12/07) - Cont.

**In re: Residential Funding Mortgage Securities II, Inc.**                    Case No. 12-12061 (MG)

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | $0.00 |
| 10. Annuities. Itemize and name each issuer. | X | | | $0.00 |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | $0.00 |

Subtotal (Total on this page)          **$0.00**

B6B (Official Form 6B) (12/07) - Cont.

**In re: Residential Funding Mortgage Securities II, Inc.**                                    **Case No. 12-12061 (MG)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 12.  Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | $0.00 |
| 13.  Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | $0.00 |
| 14.  Interests in partnerships or joint ventures. Itemize. | X | | | $0.00 |

Subtotal (Total on this page)  |  **$0.00**

B6B (Official Form 6B) (12/07) - Cont.

**In re: Residential Funding Mortgage Securities II, Inc.**                    **Case No. 12-12061 (MG)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 15.  Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | $0.00 |
| 16.  Accounts Receivable. | X | | | $0.00 |
| 17.  Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | $0.00 |

Subtotal (Total on this page)    **$0.00**

B6B (Official Form 6B) (12/07) - Cont.

**In re: Residential Funding Mortgage Securities II, Inc.**                    Case No. 12-12061 (MG)

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 18.  Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | $0.00 |
| 19.  Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property. | X | | | $0.00 |
| 20.  Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | $0.00 |

Subtotal (Total on this page)          **$0.00**

B6B (Official Form 6B) (12/07) - Cont.

**In re: Residential Funding Mortgage Securities II, Inc.**                    **Case No. 12-12061 (MG)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 21.  Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | $0.00 |
| 22.  Patents, copyrights, and other intellectual property. Give particulars. | X | | | $0.00 |
| 23.  Licenses, franchises, and other general intangibles. Give particulars. | X | | | $0.00 |

Subtotal (Total on this page)      **$0.00**

B6B (Official Form 6B) (12/07) - Cont.

In re: **Residential Funding Mortgage Securities II, Inc.**                                      Case No. 12-12061 (MG)

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 24.  Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | $0.00 |
| 25.  Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | $0.00 |
| 26.  Boats, motors, and accessories. | X | | | $0.00 |

Subtotal (Total on this page)         **$0.00**

B6B (Official Form 6B) (12/07) - Cont.

**In re: Residential Funding Mortgage Securities II, Inc.**                                    **Case No. 12-12061 (MG)**

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 27.  Aircraft and accessories. | X | | | $0.00 |
| 28.  Office equipment, furnishings, and supplies. | X | | | $0.00 |
| 29.  Machinery, fixtures, equipment, and supplies used in business. | X | | | $0.00 |

Subtotal (Total on this page)          **$0.00**

B6B (Official Form 6B) (12/07) - Cont.

**In re: Residential Funding Mortgage Securities II, Inc.**                    **Case No. 12-12061 (MG)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 30.  Inventory. | X | | | $0.00 |
| 31.  Animals. | X | | | $0.00 |
| 32.  Crops - growing or harvested.  Give particulars. | X | | | $0.00 |

Subtotal (Total on this page) **$0.00**

B6B (Official Form 6B) (12/07) - Cont.

**In re: Residential Funding Mortgage Securities II, Inc.**                    **Case No. 12-12061 (MG)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 33.  Farming equipment and implements. | X | | | $0.00 |
| 34.  Farm supplies, chemicals, and feed. | X | | | $0.00 |
| 35.  Other personal property of any kind not already listed. Itemize. | X | | | $0.00 |

Subtotal (Total on this page)      **$0.00**

B6B (Official Form 6B) (12/07) - Cont.

**In re: Residential Funding Mortgage Securities II, Inc.**                              **Case No. 12-12061 (MG)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| | |
|---|---|
| Subtotal (Total on this page) | **$0.00** |
| Total | **$0.00** |

(Include amounts from any continuation
sheets attached.  Report total also on
Summary of Schedules.)

B6D (Official Form 6D) (12/07)

**In re: Residential Funding Mortgage Securities II, Inc.**                                    **Case No. 12-12061 (MG)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "HWJC."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, AND AN ACCOUNT NUMBER *(See Instructions Above.)* | CODEBTOR | HWJC | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| See Schedule D-1 Attachment | | | | | | | Unknown | Unknown |
| | | | Subtotal(s) (Total(s) on this page) | | | | $0.00 | $0.00 |
| | | | Total(s) (Use only on last page) | | | | $0.00 | $0.00 |
| | | | | | | | (Report also on Summary of Schedules) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data) |

In re: Residential Funding Mortgage Securities II, Inc.
Case No. 12-12061
Schedule D-1
Creditors Holding Secured Claims

| Creditor's Name | Codebtor | Address 1 | Address 2 | Address 3 | City | State | Zip | OFFICE / AGENCY SEARCHED, LIEN NUMBER, LIEN DATE | Contingent | Unliquidated | Disputed | Amount of claim without deducting value of collateral | Unsecured portion, if any |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Bank One, National Association | | 1 Bank One Plaza Suite IL-1-0481 | | | Chicago | IL | 60670 | Delaware Secretary of State, Lien Number: 32778978, Dated: 10/23/2003, Assignment # 80778595 filed 03/04/2008 | X | X | X | UNKNOWN | UNKNOWN |
| Home Equity Loan Trust  2004-HS2 | | c/o Wilmington Trust Company | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | Delaware Secretary of State, Lien Number: 41849233, Dated: 07/02/2004 | X | X | X | UNKNOWN | UNKNOWN |
| Home Equity Loan Trust 2001-HS3 | | c/o Wilmington Trust Company | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | Delaware Secretary of State, Lien Number: 11463236, Dated: 11/14/2001 | X | X | X | UNKNOWN | UNKNOWN |
| Home Equity Loan Trust 2002-HS3 | | c/o Wilmington Trust Company | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | Delaware Secretary of State, Lien Number: 22466864, Dated: 10/01/2002 | X | X | X | UNKNOWN | UNKNOWN |
| Home Equity Loan Trust 2003-HS1 | | c/o Wilmington Trust Company | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | Delaware Secretary of State, Lien Number: 30811862, Dated: 03/28/2003 | X | X | X | UNKNOWN | UNKNOWN |
| Home Equity Loan Trust 2003-HS2 | | c/o Wilmington Trust Company | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | Delaware Secretary of State, Lien Number: 31638819, Dated: 06/27/2003 | X | X | X | UNKNOWN | UNKNOWN |
| Home Equity Loan Trust 2003-HS3 | | c/o Wilmington Trust Company | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | Delaware Secretary of State, Lien Number: 33431619, Dated: 12/31/2003 | X | X | X | UNKNOWN | UNKNOWN |
| Home Equity Loan Trust 2003-HS4 | | c/o Wilmington Trust Company | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | Delaware Secretary of State, Lien Number: 42243014, Dated: 08/10/2004 | X | X | X | UNKNOWN | UNKNOWN |
| Home Equity Loan Trust 2004-HS1 | | c/o Wilmington Trust Company | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | Delaware Secretary of State, Lien Number: 41004797, Dated: 04/08/2004 | X | X | X | UNKNOWN | UNKNOWN |
| Home Equity Loan Trust 2004-HS3 | | c/o Wilmington Trust Company | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | Delaware Secretary of State, Lien Number: 42982942, Dated: 10/22/2004 | X | X | X | UNKNOWN | UNKNOWN |
| Home Equity Loan Trust 2005-HS1 | | c/o Wilmington Trust Company | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | Delaware Secretary of State, Lien Number: 52986645, Dated: 09/27/2005 | X | X | X | UNKNOWN | UNKNOWN |
| Home Equity Loan Trust 2005-HS1 | | c/o Wilmington Trust Company | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | Delaware Secretary of State, Lien Number: 60057125, Dated: 01/06/2006 | X | X | X | UNKNOWN | UNKNOWN |
| Home Equity Loan Trust 2005-HS2 | | c/o Wilmington Trust Company | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | Delaware Secretary of State, Lien Number: 53713261, Dated: 12/01/2005 | X | X | X | UNKNOWN | UNKNOWN |
| Home Equity Loan Trust 2006-HSA2 | | c/o Wilmington Trust Company | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | Delaware Secretary of State, Lien Number: 60755231, Dated: 03/03/2006 | X | X | X | UNKNOWN | UNKNOWN |
| Home Equity Loan Trust 2006-HSA3 | | c/o Wilmington Trust Company | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | Delaware Secretary of State, Lien Number: 61875574, Dated: 06/02/2006 | X | X | X | UNKNOWN | UNKNOWN |
| Home Equity Loan Trust 2006-HSA4 | | c/o Wilmington Trust Company | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | Delaware Secretary of State, Lien Number: 62634756, Dated: 07/31/2006 | X | X | X | UNKNOWN | UNKNOWN |
| Home Equity Loan Trust 2006-HSA5 | | c/o Wilmington Trust Company | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | Delaware Secretary of State, Lien Number: 63565991, Dated: 10/13/2006 | X | X | X | UNKNOWN | UNKNOWN |
| Home Equity Loan Trust 2007-HSA1 | | c/o Wilmington Trust Company | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | Delaware Secretary of State, Lien Number: 70892397, Dated: 03/08/2007 | X | X | X | UNKNOWN | UNKNOWN |

In re: Residential Funding Mortgage Securities II, Inc.
Case No. 12-12061
Schedule D-1
Creditors Holding Secured Claims

| Creditor's Name | Codebtor | Address 1 | Address 2 | Address 3 | City | State | Zip | OFFICE / AGENCY SEARCHED, LIEN NUMBER, LIEN DATE | Contingent | Unliquidated | Disputed | Amount of claim without deducting value of collateral | Unsecured portion, if any |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Home Loan Trust 1999-HI1 | | c/o Wilmington Trust Company | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | Delaware Secretary of State, Lien Number: 40731465, Dated: 03/16/2004 | X | X | X | UNKNOWN | UNKNOWN |
| Home Loan Trust 1999-HI-1 | | c/o Wilmington Trust Company | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | Delaware Secretary of State, Lien Number: 9912827, Dated: 03/17/1999 | X | X | X | UNKNOWN | UNKNOWN |
| Home Loan Trust 1999-HI4 | | c/o Wilmington Trust Company | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | Delaware Secretary of State, Lien Number: 31671596, Dated: 07/01/2003 | X | X | X | UNKNOWN | UNKNOWN |
| Home Loan Trust 1999-HI6 | | c/o Wilmington Trust Company | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | Delaware Secretary of State, Lien Number: 42575449, Dated: 09/14/2004 | X | X | X | UNKNOWN | UNKNOWN |
| Home Loan Trust 1999-HI-6 | | c/o Wilmington Trust Company | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | Delaware Secretary of State, Lien Number: 9951097, Dated: 09/28/1999 | X | X | X | UNKNOWN | UNKNOWN |
| Home Loan Trust 1999-HI8 | | c/o Wilmington Trust Company | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | Delaware Secretary of State, Lien Number: 43322932, Dated: 11/24/2004 | X | X | X | UNKNOWN | UNKNOWN |
| Home Loan Trust 1999-HI-8 | | c/o Wilmington Trust Company | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | Delaware Secretary of State, Lien Number: 9962825, Dated: 11/23/1999 | X | X | X | UNKNOWN | UNKNOWN |
| Home Loan Trust 2000-HI1 | | c/o Wilmington Trust Company | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | Delaware Secretary of State, Lien Number: 51118398, Dated: 04/12/2005 | X | X | X | UNKNOWN | UNKNOWN |
| Home Loan Trust 2000-HI-1 | | c/o Wilmington Trust Company | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | Delaware Secretary of State, Lien Number: 13581, Dated: 03/02/2000 | X | X | X | UNKNOWN | UNKNOWN |
| Home Loan Trust 2000-HI-11 | | c/o Wilmington Trust Company | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | Delaware Secretary of State, Lien Number: 10190525, Dated: 03/01/2001 | X | X | X | UNKNOWN | UNKNOWN |
| Home Loan Trust 2000-HI-12 | | c/o Wilmington Trust Company | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | Delaware Secretary of State, Lien Number: 10319934, Dated: 04/03/2001 | X | X | X | UNKNOWN | UNKNOWN |
| Home Loan Trust 2000-HI2 | | c/o Wilmington Trust Company | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | Delaware Secretary of State, Lien Number: 50935529, Dated: 03/28/2005 | X | X | X | UNKNOWN | UNKNOWN |
| Home Loan Trust 2000-HI-2 | | c/o Wilmington Trust Company | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | Delaware Secretary of State, Lien Number: 19314, Dated: 03/28/2000 | X | X | X | UNKNOWN | UNKNOWN |
| Home Loan Trust 2000-HI3 | | c/o Wilmington Trust Company | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | Delaware Secretary of State, Lien Number: 51885251, Dated: 06/20/2005 | X | X | X | UNKNOWN | UNKNOWN |
| Home Loan Trust 2000-HI-3 | | c/o Wilmington Trust Company | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | Delaware Secretary of State, Lien Number: 41600, Dated: 06/29/2000 | X | X | X | UNKNOWN | UNKNOWN |
| Home Loan Trust 2000-HI4 | | c/o Wilmington Trust Company | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | Delaware Secretary of State, Lien Number: 52831916, Dated: 09/13/2005 | X | X | X | UNKNOWN | UNKNOWN |
| Home Loan Trust 2000-HI-4 | | c/o Wilmington Trust Company | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | Delaware Secretary of State, Lien Number: 68031, Dated: 10/04/2000 | X | X | X | UNKNOWN | UNKNOWN |
| Home Loan Trust 2000-HI5 | | c/o Wilmington Trust Company | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | Delaware Secretary of State, Lien Number: 53994713, Dated: 12/22/2005 | X | X | X | UNKNOWN | UNKNOWN |

In re: Residential Funding Mortgage Securities II, Inc.
Case No. 12-12061
Schedule D-1
Creditors Holding Secured Claims

| Creditor's Name | Codebtor | Address 1 | Address 2 | Address 3 | City | State | Zip | OFFICE / AGENCY SEARCHED, LIEN NUMBER, LIEN DATE | Contingent | Unliquidated | Disputed | Amount of claim without deducting value of collateral | Unsecured portion, if any |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Home Loan Trust 2000-HI-5 | | c/o Wilmington Trust Company | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | Delaware Secretary of State, Lien Number: 10003041, Dated: 12/26/2000 | X | X | X | UNKNOWN | UNKNOWN |
| Home Loan Trust 2001-HI1 | | c/o Wilmington Trust Company | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | Delaware Secretary of State, Lien Number: 60680280, Dated: 02/27/2006 | X | X | X | UNKNOWN | UNKNOWN |
| Home Loan Trust 2001-HI2 | | c/o Wilmington Trust Company | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | Delaware Secretary of State, Lien Number: 60680355, Dated: 02/27/2006 | X | X | X | UNKNOWN | UNKNOWN |
| Home Loan Trust 2001-HI4 | | c/o Wilmington Trust Company | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | Delaware Secretary of State, Lien Number: 11555783, Dated: 11/28/2001 | X | X | X | UNKNOWN | UNKNOWN |
| Home Loan Trust 2001-HI4 | | c/o Wilmington Trust Company | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | Delaware Secretary of State, Lien Number: 64133849, Dated: 11/28/2006 | X | X | X | UNKNOWN | UNKNOWN |
| Home Loan Trust 2001-HI4 | | c/o Wilmington Trust Company | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | Delaware Secretary of State, Lien Number: 81437795, Dated: 04/24/2008 | X | X | X | UNKNOWN | UNKNOWN |
| Home Loan Trust 2002-HI1 | | c/o Wilmington Trust Company | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | Delaware Secretary of State, Lien Number: 20215784, Dated: 01/25/2002 | X | X | X | UNKNOWN | UNKNOWN |
| Home Loan Trust 2002-HI2 | | c/o Wilmington Trust Company | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | Delaware Secretary of State, Lien Number: 20736334, Dated: 03/21/2002 | X | X | X | UNKNOWN | UNKNOWN |
| Home Loan Trust 2002-HI2 | | c/o Wilmington Trust Company | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | Delaware Secretary of State, Lien Number: 41755620, Dated: 06/24/2004 | X | X | X | UNKNOWN | UNKNOWN |
| Home Loan Trust 2002-HI3 | | c/o Wilmington Trust Company | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | Delaware Secretary of State, Lien Number: 21537509, Dated: 06/24/2002 | X | X | X | UNKNOWN | UNKNOWN |
| Home Loan Trust 2002-HI4 | | c/o Wilmington Trust Company | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | Delaware Secretary of State, Lien Number: 22506891, Dated: 10/04/2002 | X | X | X | UNKNOWN | UNKNOWN |
| Home Loan Trust 2002-HI5 | | c/o Wilmington Trust Company | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | Delaware Secretary of State, Lien Number: 30049554, Dated: 01/07/2003 | X | X | X | UNKNOWN | UNKNOWN |
| Home Loan Trust 2003-HI2 | | c/o Wilmington Trust Company | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | Delaware Secretary of State, Lien Number: 31585622, Dated: 06/23/2003 | X | X | X | UNKNOWN | UNKNOWN |
| Home Loan Trust 2003-HI3 | | c/o Wilmington Trust Company | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | Delaware Secretary of State, Lien Number: 32454281, Dated: 09/23/2003 | X | X | X | UNKNOWN | UNKNOWN |
| Home Loan Trust 2003-HI4 | | c/o Wilmington Trust Company | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | Delaware Secretary of State, Lien Number: 33356477, Dated: 12/19/2003 | X | X | X | UNKNOWN | UNKNOWN |
| Home Loan Trust 2004-HI1 | | c/o Wilmington Trust Company | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | Delaware Secretary of State, Lien Number: 40790941, Dated: 03/22/2004 | X | X | X | UNKNOWN | UNKNOWN |
| Home Loan Trust 2004-HI3 | | c/o Wilmington Trust Company | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | Delaware Secretary of State, Lien Number: 42686188, Dated: 09/24/2004 | X | X | X | UNKNOWN | UNKNOWN |
| Home Loan Trust 2005-HI1 | | c/o Wilmington Trust Company | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | Delaware Secretary of State, Lien Number: 50244401, Dated: 01/21/2005 | X | X | X | UNKNOWN | UNKNOWN |

In re: Residential Funding Mortgage Securities II, Inc.
Case No. 12-12061
Schedule D-1
Creditors Holding Secured Claims

| Creditor's Name | Codebtor | Address 1 | Address 2 | Address 3 | City | State | Zip | OFFICE / AGENCY SEARCHED, LIEN NUMBER, LIEN DATE | Contingent | Unliquidated | Disputed | Amount of claim without deducting value of collateral | Unsecured portion, if any |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Home Loan Trust 2005-HI2 | | c/o Wilmington Trust Company | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | Delaware Secretary of State, Lien Number: 51988295, Dated: 06/28/2005 | X | X | X | UNKNOWN | UNKNOWN |
| Home Loan Trust 2005-HI3 | | c/o Wilmington Trust Company | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | Delaware Secretary of State, Lien Number: 53354496, Dated: 10/27/2005 | X | X | X | UNKNOWN | UNKNOWN |
| Home Loan Trust 2006-HI1 | | c/o Wilmington Trust Company | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | Delaware Secretary of State, Lien Number: 61073014, Dated: 03/30/2006 | X | X | X | UNKNOWN | UNKNOWN |
| JPMorgan Chase Bank | | 270 PARK AVENUE 10TH FLOOR | | | New York | NY | 10017 | Delaware Secretary of State, Lien Number: 21694763, Dated: 07/11/2002, Assignment # 72430345 filed 06/26/2007 | X | X | X | UNKNOWN | UNKNOWN |
| JPMorgan Chase Bank, N.A. | | 270 PARK AVENUE 10TH FLOOR | | | New York | NY | 10017 | Delaware Secretary of State, Lien Number: 60425181, Dated: 02/03/2006, Assignment # 93891865 filed 12/04/2009 | X | X | X | UNKNOWN | UNKNOWN |
| JPMorgan Chase Bank, National Association, as Indenture Trustee | | 270 PARK AVENUE 10TH FLOOR | | | New York | NY | 10017 | Delaware Secretary of State, Lien Number: 61779255, Dated: 05/25/2006, Assignment # 93890875 filed 12/04/2009 | X | X | X | UNKNOWN | UNKNOWN |
| JPMorgan Chase Bank, National Association, as Indenture Trustee | | 270 PARK AVENUE 10TH FLOOR | | | New York | NY | 10017 | Delaware Secretary of State, Lien Number: 62532190, Dated: 07/21/2006, Assignment # 93891022 filed 12/04/2009 | X | X | X | UNKNOWN | UNKNOWN |
| LaSalle Bank National Association, as Indenture Trustee | | 135 S LASALLE STREET | SUITE 1511 | | Chicago | IL | 60603 | Delaware Secretary of State, Lien Number: 71217735, Dated: 03/30/2007 | X | X | X | UNKNOWN | UNKNOWN |
| The Bank of New York Mellon Trust Company, N.A., as Indenture Trustee | | Asset-Backed Securities Group | 101 Barclay St 4W | | New York | NY | 10286 | Delaware Secretary of State, Lien Number: 63378445, Dated: 09/28/2006 | X | X | | UNKNOWN | UNKNOWN |
| The Bank of New York Trust Company, N.A. as successor Trustee to JPMorgan Chase | | Asset-Backed Securities Group | 101 Barclay St 4W | | New York | NY | 10286 | Delaware Secretary of State, Lien Number: 71000420, Dated: 03/16/2007 | X | X | | UNKNOWN | UNKNOWN |
| The Bank of New York Trust Company, N.A., not in its individual capacity but solely as Indenture Trustee | | Asset-Backed Securities Group | 101 Barclay St 4W | | New York | NY | 10286 | Delaware Secretary of State, Lien Number: 71454189, Dated: 04/18/2007 | X | X | | UNKNOWN | UNKNOWN |
| The Chase Manhattan Bank | | 4 METROTECH CENTER | | | Brooklyn | NY | 11245 | Delaware Secretary of State, Lien Number: 63921780, Dated: 11/09/2006, Assignment # 12440165 filed 06/24/2011 | X | X | X | UNKNOWN | UNKNOWN |
| The Chase Manhattan Bank, as Grantor Trustee | | 4 METROTECH CENTER | | | Brooklyn | NY | 11245 | Delaware Secretary of State, Lien Number: 9828092, Dated: 06/26/1998 | X | X | X | UNKNOWN | UNKNOWN |
| The Chase Manhattan Bank, as Grantor Trustee | | 4 METROTECH CENTER | | | Brooklyn | NY | 11245 | Delaware Secretary of State, Lien Number: 31557670, Dated: 06/19/2003, Assignment # 82037065 filed 06/13/2008 | X | X | X | UNKNOWN | UNKNOWN |
| The Chase Manhattan Bank, as Grantor Trustee | | 4 METROTECH CENTER | | | Brooklyn | NY | 11245 | Delaware Secretary of State, Lien Number: 31557787, Dated: 06/19/2003, Assignment # 82037073 filed 06/13/2008 | X | X | X | UNKNOWN | UNKNOWN |
| The Chase Manhattan Bank, as Grantor Trustee | | 4 METROTECH CENTER | | | Brooklyn | NY | 11245 | Delaware Secretary of State, Lien Number: 31557860, Dated: 06/19/2003, Assignment # 82037081 filed 06/13/2008 | X | X | X | UNKNOWN | UNKNOWN |
| U.S. Bank National Association | | Attn: George Rayzis | 50 South 16th Street | Suite 2000 | Philadelphia | PA | 19102 | Delaware Secretary of State, Lien Number: 71721215, Dated: 05/07/2007 | X | X | X | UNKNOWN | UNKNOWN |
| U.S. Bank National Association | | Attn: George Rayzis | 50 South 16th Street | Suite 2000 | Philadelphia | PA | 19102 | Delaware Secretary of State, Lien Number: 72149143, Dated: 06/07/2007 | X | X | X | UNKNOWN | UNKNOWN |
| U.S. Bank National Association, as Indenture Trustee | | Attn: George Rayzis | 50 South 16th Street | Suite 2000 | Philadelphia | PA | 19102 | Delaware Secretary of State, Lien Number: 64569117, Dated: 12/28/2006 | X | X | X | UNKNOWN | UNKNOWN |
| U.S. Bank National Association, as Trustee | | Attn: George Rayzis | 50 South 16th Street | Suite 2000 | Philadelphia | PA | 19102 | Delaware Secretary of State, Lien Number: 61461544, Dated: 04/27/2006 | X | X | X | UNKNOWN | UNKNOWN |
| U.S. Bank, National Association | | Attn: George Rayzis | 50 South 16th Street | Suite 2000 | Philadelphia | PA | 19102 | Delaware Secretary of State, Lien Number: 43348838, Dated: 11/30/2004 | X | X | X | UNKNOWN | UNKNOWN |

In re: Residential Funding Mortgage Securities II, Inc.
Case No. 12-12061
Schedule D-1
Creditors Holding Secured Claims

| Creditor's Name | Codebtor | Address 1 | Address 2 | Address 3 | City | State | Zip | OFFICE / AGENCY SEARCHED, LIEN NUMBER, LIEN DATE | Contingent | Unliquidated | Disputed | Amount of claim without deducting value of collateral | Unsecured portion, if any |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Wilmington Trust Company, as owner trustee for the Home Loan Trust 1998-HI2 | | 1100 NORTH MARKET STREET RODNEY SQUARE NORTH | | | WILMINGTON | DE | 19801 | Delaware Secretary of State, Lien Number: 9828090, Dated: 06/26/1998 | X | X | X | UNKNOWN | UNKNOWN |
| Wilmington Trust Company, as owner Trustee for the Home Loan Trust 1998-HI2 | | 1100 NORTH MARKET STREET RODNEY SQUARE NORTH | | | WILMINGTON | DE | 19801 | Delaware Secretary of State, Lien Number: 31557522, Dated: 06/19/2003 | X | X | X | UNKNOWN | UNKNOWN |
| Wilmington Trust Company, as owner Trustee for the Home Loan Trust 1998-HI2 | | 1100 NORTH MARKET STREET RODNEY SQUARE NORTH | | | WILMINGTON | DE | 19801 | Delaware Secretary of State, Lien Number: 31557746, Dated: 06/19/2003 | X | X | X | UNKNOWN | UNKNOWN |
| Wilmington Trust Company, as owner Trustee for the Home Loan Trust 1998-HI2 | | 1100 NORTH MARKET STREET RODNEY SQUARE NORTH | | | WILMINGTON | DE | 19801 | Delaware Secretary of State, Lien Number: 31557829, Dated: 06/19/2003 | X | X | X | UNKNOWN | UNKNOWN |
| | | | | | | | | | | Total: | | UNKNOWN | UNKNOWN |

B6E (Official Form 6E) (04/10)

**In re: Residential Funding Mortgage Securities II, Inc.**                                   **Case No. 12-12061 (MG)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "HWJC." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☑ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIM  (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

*Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B6E (Official Form 6E) (04/10) - Cont.

**In re: Residential Funding Mortgage Securities II, Inc.**                                    **Case No. 12-12061 (MG)**

   ☐  **Certain farmers and fishermen**

      Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

   ☐  **Deposits by individuals**

      Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

   ☐  **Taxes and Certain Other Debts Owed to Governmental Units**

      Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

   ☐  **Commitments to Maintain the Capital of an Insured Depository Institution**

      Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

   ☐  **Claims for Death or Personal Injury While Debtor Was Intoxicated**

      Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507 (a)(10).

*Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B6E (Official Form 6E) (04/10) - Cont.

**In re: Residential Funding Mortgage Securities II, Inc.**                    **Case No. 12-12061 (MG)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS, INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See Instructions Above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| NONE | | | | | | | $0.00 | $0.00 | $0.00 |
| | | | Subtotals (Totals on this page): | | | | **$0.00** | **$0.00** | **$0.00** |
| | | | Total: (Report also on the Summary of Schedules) | | | | **$0.00** | | |
| | | | Totals: (Report also on the Statistical Summary of Certain Liabilities Related Data) | | | | | **$0.00** | **$0.00** |

B6F (Official Form 6F) (12/07)

In re: **Residential Funding Mortgage Securities II, Inc.**                                    Case No. 12-12061 (MG)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.   See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "HWJC."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS, INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See Instructions Above.)* | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| See Schedule F-2 Attachment Representation & Warranty Claims | | | | | | | Unknown |
| See Schedule F-3 Attachment General Litigation Claims | | | | | | | Unknown |

Subtotal (Total on this page)          | $0.00 |

B6F (Official Form 6F) (12/07) - Cont.

**In re: Residential Funding Mortgage Securities II, Inc.**                    **Case No. 12-12061 (MG)**

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS, INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See Instructions Above.)* | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| See Schedule F-4 Attachment Settled Litigation | | | | | | | $14,500,000.00 |

|  | | |
|---|---|---|
| Subtotal (Total on this page) | | **$14,500,000.00** |
| Total (Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | | **$14,500,000.00** |

**In re: Residential Funding Mortgage Securities II, Inc.**
**Case No. 12-12061**
Schedule F-2
Representation Warranty
Creditors Holding Unsecured Claims

| Creditor's Name | Address 1 | Address 2 | City | State | Zip | Co-Debtor | Date claim was incurred and consideration for claim | Subject to setoffs Y/N | Contingent | Unliquidated | Disputed | Total amount of claim |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Allstate Insurance Company, Allstate Life Insurance Company, Allstate Bank (f/k/a Allstate Federal Savings Bank), Allstate New Jersey Insurance Company, American Heritage Life Insurance Company, First Colonial Insurance Company, Allstate Life Insurance Company of New York, Allstate Retirement Plan, and Kennett Capital, Inc. | 865 South Figueroa Street | 10th Floor | Los Angeles | CA | 90017 | | Representation & Warranty Claim | | X | X | X | Unknown |
| Allstate Insurance Company, Allstate Life Insurance Company, Allstate Bank (f/k/a Allstate Federal Savings Bank), Allstate New Jersey Insurance Company, American Heritage Life Insurance Company, First Colonial Insurance Company, Allstate Life Insurance Company of New York, Allstate Retirement Plan, and Kennett Capital, Inc. | 865 South Figueroa Street | 10th Floor | Los Angeles | CA | 90017 | | Representation & Warranty Claim | | X | X | X | Unknown |
| Allstate Insurance Company, Allstate Life Insurance Company, Allstate Bank (f/k/a Allstate Federal Savings Bank), Allstate New Jersey Insurance Company, American Heritage Life Insurance Company, First Colonial Insurance Company, Allstate Life Insurance Company of New York, Allstate Retirement Plan, and Kennett Capital, Inc. | 865 South Figueroa Street | 10th Floor | Los Angeles | CA | 90017 | | Representation & Warranty Claim | | X | X | X | Unknown |
| Assured Guaranty Municipal Corp., f/k/a Financial Security Assurance Inc. | 1000 Louisiana St | Suite 5100 | Houston | TX | 77002 | | Representation & Warranty Claim | | X | X | X | Unknown |
| National Credit Union Administration Board, as Liquidating Agent of U.S. Central Federal Credit Union | 205 North Michigan Ave | Suite 1950 | Chicago | IL | 60601 | | Representation & Warranty Claim | | X | X | X | Unknown |
| | | | | | | | | | | | **Total:** | **Unknown** |

In re: Residential Funding Mortgage Securities II, Inc.
Case No. 12-12061
Schedule F-3
General Litigation
Creditors Holding Unsecured Claims

| Creditor's Name | Address 1 | Address 2 | City | State | Zip | Co-Debtor | Date claim was incurred and consideration for claim | Subject to setoffs Y/N | Contingent | Unliquidated | Disputed | Total amount of claim |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| MITCHELL--STEVEN AND RUTH MITCHELL V. RESIDENTIAL FUNDING CORPORATION, RESIDENTIAL FUNDING MORTGAGE SECURITIES II, INC., THE CHASE MANHATTAN BANK N/K/A JP MORGAN CHASE BANK, WILMINGTON TRUST COMPANY, HOMECOMINGS FINANCIAL NETWORK, INC., ET AL. Docket: 03CV220489 Matter: 693965 | Walters Bender Stroehbehn & Vaughan, P.C | 2500 City Center Square 1100 Main Street | Kansas City | MO | 64105 | | General Litigation - Origination - Mortgage | | X | X | X | Unknown |
| | | | | | | | | | | | Total: | Unknown |

In re: Residential Funding Mortgage Securities II, Inc.
Case No. 12-12061
Schedule F-4
Settled Litigation
Creditors Holding Unsecured Claims

| Creditor's Name | Address 1 | Address 2 | Address 3 | City | State | Zip | Co-Debtor | Date claim was incurred and consideration for claim | Subject to setoffs Y/N | Contingent | Unliquidated | Disputed | Total amount of claim |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Steven And Ruth Mitchell | C/O Walters Bender Stroehbehn & Vaughan, P.C. | 2500 City Center Square, 1100 Main Street | | Kansas City | MO | 64105 | | Settled Litigation - Steven And Ruth Mitchell V. Residential Funding Corporation, Residential Funding Mortgage Securities II, Inc., The Chase Manhattan Bank N/K/A JP Morgan Chase Bank, Wilmington Trust Company, Homecomings Financial Network, Inc., Et Al.  (Settled 04/12/2012) | | | | X | $14,500,000.00 |
| | | | | | | | | | | | | Total: | $14,500,000.00 |

B6G (Official Form 6G) (12/07)

**In re: Residential Funding Mortgage Securities II, Inc.**                              **Case No. 12-12061 (MG)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

       Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m)

☐ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST.  STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT |
|---|---|
| See Schedule G Attachment | |

**In re: Residential Funding Mortgage Securities II, Inc.**
**Case No. 12-12061**
Schedule G
Executory Contracts and Unexpired Leases

| Name of other parties to lease or contract | Address 1 | Address 2 | City | State | Zip | Description of contract or lease and nature of debtor's interest.  State whether lease is of nonresidential real property.  State contract number of any government contract. |
|---|---|---|---|---|---|---|
| Barclays Bank PLC | Barclays Bank PLC | 745 7th Avenue, 27th Floor | New York | NY | 10119 | Loan Security and Borrowing Collateral Agreement |
| GMAC-RFC Holding Company, LLC | 8400 Normandale Lake Boulevard | Suite 350 | Minneapolis | MN | 55440 | Tax Sharing Agreement |
| Steven And Ruth Mitchell | C/O Walters Bender Stroehbehn & Vaughan, P.C | 2500 City Center Square, 1100 Main Street | Kansas City | MO | 64105 | Settled Litigation - Steven And Ruth Mitchell V. Residential Funding Corporation, Residential Funding Mortgage Securities II, Inc., The Chase Manhattan Bank N/K/A JP Morgan Chase Bank, Wilmington Trust Company, Homecomings Financial Network, Inc., Et Al.  (Settled 04/12/2012) |

B6H (Official Form 6H) (12/07)

**In re: Residential Funding Mortgage Securities II, Inc.**                    **Case No. 12-12061 (MG)**

## SCHEDULE  H - CODEBTORS

   Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. Bankr. P. 1007(m)

☑ Check this box if debtor has no codebtors.

| NAME AND  ADDRESS OF CODEBTOR | NAME AND  ADDRESS OF CREDITOR |
|---|---|
| NONE | |

Page 1 of 1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK, NEW YORK**

In re: Residential Funding Mortgage Securities II, Inc.                                    Case No. 12-12061 (MG)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

I, James Whitlinger, Chief Financial Officer of the corporation named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of 46 sheets , and that they are true and correct to the best of my knowledge, information, and belief.


Date  6/30/2012                                          Signature:    / s / James Whitlinger
_____                      _____

                                                          **James Whitlinger**

                                                          **Chief Financial Officer**


---------------------------------------------------------------------------------------------------------------------------------

**Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C.§§
152 and 3571.**