STATE OF VERMONT

SUPERIOR COURT  
Rutland Unit

CIVIL DIVISION  
DOCKET NO. 593-8-09 RDCV

COMMUNITY SOUTH BANK  
    Plaintiff  
vs.

ROBERT B. CHERNIN;  
CELESTE CHERNIN;  
NORTH AMERICAN SAVINGS BANK FSB;  
GMAC MORTGAGE LLC;  
and all UNNAMED OCCUPANTS  
RESIDING AT 1882 EAST MOUNTAIN ROAD,  
KILLINGTON VT  
    Defendants

CONFORMED COPY  
VERMONT SUPERIOR COURT  
DEC 30 2010  
RUTLAND

### JUDGMENT AND DECREE OF FORECLOSURE BY JUDICIAL SALE

This foreclosure action was brought before the Vermont Superior Court, Rutland Unit, Civil Division by complaint of Plaintiff dated August 11, 2009 and served upon Defendant Robert B. Chernin on August 18, 2009, Defendant Celeste Chernin on August 18, 2009, Defendant North American Savings Bank FSB on August 24, 2009, and Defendant GMAC Mortgage LLC on August 12, 2009. Judgment was granted to Plaintiff on April 26, 2010 as to Defendants Robert B. Chernin and Celeste Chernin on the basis of summary judgment. Judgment was granted to Plaintiff on December 9, 2009 as to Defendant North American Savings Bank FSB on the basis of a summary judgment. Judgment was granted to Plaintiff on December 9, 2009 as to Defendant GMAC Mortgage LLC on the basis of default judgment. The Accounting was entered on July 27, 2010 without hearing. Pursuant to V.R.C.P. 80.1(g) and V.R.C.P. 58, IT IS HEREBY ORDERED, ADJUDGED, and DECREED as follows:

1. **Judgment.** There is presently due and owing the principal amount of Note dated 2/15/07 of $242,611.02, principal amount of Note dated 11/4/05 of $824,301.62, accrued interest on Note dated 2/15/07 from 8/26/08 to 6/11/10 of $22,901.49, accrued interest on Note dated 11/4/05 of $77,398.13 from 8/8/08 to 6/11/10, late fees of $4,676.83, court costs of $455.60, reasonable attorneys' fees of $7,862.50, making the total amount due Plaintiff <u>as of July 27, 2010</u> the sum of $1,180,207.19, plus interest accruing at the rate of $153.46 from 6/12/10 to 7/27/10 (date of Accounting) and thereafter at the per diem rate of $350.92 from 7/28/10 to the date of redemption.

1

2. **Taxes.** Plaintiff is entitled to have any amounts paid for taxes after the date of the affidavit of amounts due added to the amount due at time of redemption, pursuant to 12 V.S.A. § 4525, upon proof of payment made.

3. **Mortgaged Property.** The property which is the subject of this foreclosure, the "Mortgaged Property," is described as follows:

*Mortgaged Property secured by Mortgage dated November 4, 2005 from Robert B. Chernin and Celeste Chernin, to Community South Bank recorded in the Town of Killington Land Records on November 10, 2005, in Book 280, at Page 170:*

> Being all and the same lands and premises conveyed to Robert B. Chernin and Celeste Chernin by Warranty Deed of Gayle Gromada Zera dated August 9, 1993, and recorded in Book 135, Page 224 of the Town of Killington Land Records. ("Lot #3")

*Mortgaged Property secured by Mortgage dated February 15, 2007 from Robert B. Chernin and Celeste Chernin, to Community South Bank recorded in the Town of Killington Land Records on February 27, 2007, in Book 293, at Page 210:*

> Being all and the same lands and premises conveyed to Robert B. Chernin and Celeste Chernin by Warranty Deed of Gayle Gromada Zera dated August 9, 1993, and recorded in Book 135, Page 224 of the Town of Killington Land Records. ("Lot #3")

> Being all and the same lands and premises conveyed to Robert B. Chernin and Celeste Chernin by Warranty Deed of Paula S. Gromada Catalano, dated August 9, 1993, and recorded in Book 135, Page 227 of the Town of Killington Land Records. ("Lot #2")

Subject to terms, conditions and restrictive covenants, rights of way and easements referenced in the above mentioned deeds and instruments and their records, or otherwise of record in the Town of Killington Land Records, to which reference is hereby made in further aid of this description.

Lot #3 is subject to a prior mortgage given by Robert B. Chernin and Celeste Chernin to North American Savings Bank, F.S.B. dated March 31, 2004 and recorded in Book 252, Page 516 of the Town of Killington Land Records.

4. **Redemption.** It is further ordered that unless Robert B. Chernin and Celeste Chernin pays to the Clerk of the Court on or before ~~April~~ JUNE 30, 2011, **the date of redemption, payable to Court,** before 4:30 p.m., the sum of $1,180,207.19, together with any amounts established under paragraph 2 above, and together with per diem interest of $153.46 from 6/12/10 to 7/27/10 (date

2

of Accounting) and thereafter with a per diem interest of $350.02 from 7/28/10 to the date of redemption, then the Plaintiff may file a motion for a writ of possession.

It is further ordered that unless GMAC Mortgage, LLC pays to the Clerk of the Court on or before ~~April~~ July 1st, 2011, before 4:30 p.m., the sum of $1,180,207.19, together with any amounts established under paragraph 2 above, and together with per diem interest of $153.46 from 6/12/10 to 7/27/10 (date of Accounting) and thereafter with a per diem interest of $350.02 from 7/28/10 to the date of redemption, then such party shall be foreclosed and forever barred from all equity of redemption in the Mortgaged Property.

No redemption date is provided to Defendant North American Savings Bank, FSB as the mortgage given by Robert B. Chernin and Celeste Chernin to North American Savings Bank, F.S.B. dated March 31, 2004 and recorded in Book 252, Page 516 of the Town of Killington Land Records is prior to that of the Plaintiff herein as to Lot #3. Reference is made to the Stipulation For Judgment filed with the Court dated November 19, 2009.

5. **Mortgagor Defendant's Additional Right to Redeem.** *Defendant/Mortgagor Robert B. Chernin and Celeste Chernin may also redeem the Mortgaged Property at any time prior to the judicial sale, described in paragraph 7 below, pursuant to 12 V.S.A. § 4532 (i). by paying the full amount due under the Plaintiff's mortgages, including the costs and expenses of the sale. If no redemption is made, then such party shall be foreclosed and forever barred from all equity of redemption in the Mortgaged Property.*

6. **Non-Redemption; Notice of Sale.** If the Defendant shall fail to redeem the Mortgaged Property as set forth in paragraph 4 above, then the Court shall issue a Certificate of Non-Redemption, and the Mortgaged Property shall be sold to the highest bidder at public sale by a sheriff, deputy sheriff, constable, licensed auctioneer, or other disinterested person specifically appointed by the Court, pursuant to 12 V.S.A. § 4531 *et seq.* and V.R.C.P. 80.1. The sale shall take place within six months of the **Redemption Date**, unless extended by the Court or the case is stayed by a bankruptcy filing. Plaintiff shall send a Notice of Sale as required by 12 V.S.A. § 4532 (e) and (f) at least 60 days before the sale. If the designation of a specific date and time of sale is not included, Plaintiff shall send a supplemental Notice of Sale as required by 12 V.S.A. § 4532 (e) and (f) at least 21 days before the sale, specifying the exact date and time of the sale. Plaintiff shall also publish a Notice of Sale in a newspaper distributed in *Town of Killington* in the State of Vermont for three (3) consecutive weeks prior to the date of sale and shall specify that the property shall be sold to the highest bidder at a public sale to be held at the

3

Mortgaged Property on a specified date and time. The first publication shall be not less than 21 days prior to the date of sale. Prior to any request for confirmation, Plaintiff shall file a copy of all Notices of Sale with the Court with a certificate of service. Plaintiff shall also file a copy of the published Notice of Sale with the Court, with a copy of publications or a certificate of publication dates.

    7. **Public Sale.** At the sale, the person holding the public sale shall sell to the highest bidder all of the Mortgaged Property, subject to property taxes and municipal assessments, (*delinquent and current*), if any. If the Plaintiff makes the highest bid, Plaintiff shall be required to pay cash or certified funds only to the extent that its bid is in excess of the sum due it by the Defendant Mortgagor up to the date of sale under this Judgment and Decree *the costs and expenses of the sale.* The purchaser at the sale shall pay cash or certified funds to the person holding the sale. The Notice of Sale shall specify that this form of payment is authorized. In any case, a deposit shall be paid at the time of sale of at least $10,000.00 for *each lot* in the form of cash, a bank treasurer's check, or certified funds. Plaintiff is authorized to require the purchaser to sign a Purchase and Sales Agreement. If specified in the Notice of Sale that includes the date and time of sale, the person holding the public sale may, for good cause, postpone the sale for a period of up to thirty (30) days, from time to time until it is completed, giving notice of such adjournment and specifying the new date by public proclamation at the time and place appointed for the sale.

    *Pursuant to the Order of this Court dated April 26, 2010, Defendants Robert B. Chernin and Celeste Chernin can request that the sale of the two lots (Lot #2 and Lot #3) be scheduled one week a part, with the lot with the house on it (lot #3) scheduled 1 week prior to lot #2. The request shall be made in writing to the Court by the expiration of their redemption date as set forth in paragraph 4 above. If no request is made, the public sale of the Mortgaged Property shall be held on the same day.*

    8. **Report of Sale.** The person holding the public sale shall file a Report of Sale, under oath, with the Court within ten (10) days of the date of sale pursuant to 12 V.S.A. § 4533 (a). The person holding the public sale, or the attorney for the Plaintiff, shall retain all sale proceeds as custodian, to be disbursed in accordance with the final Confirmation Order of this Court promptly following confirmation pursuant to 12 V.S.A. § 4533 (a).

    9. **Confirmation.** Plaintiff shall file a motion for confirmation, which shall set forth the satisfaction of all statutory requirements for confirmation, supported by affidavit if necessary,

and a proposed distribution of sale proceeds in specified amounts together with a factual basis for such distribution supported by the record and affidavit(s) if necessary. The Court may require Plaintiff to serve any interested persons, as well as all parties who appeared in the case, with any motion for confirmation and notice of confirmation hearing scheduled pursuant to 12 V.S.A. § 4533 (a). At confirmation, Plaintiff may be allowed reasonable attorneys' fees and the reasonable expenses of making the sale pursuant to 12 V.S.A. § 4533 (a) as well as taxes paid since the accounting, if any, pursuant to 12 V.S.A. §4525 *and such other expenses incurred to preserve and protect the Mortgaged Property as allowed by the mortgages as allowed by the Court.* If the Court confirms the sale, the Court shall issue a Final Confirmation Order which shall set forth the information required by V.R.C.P. 80.1 (k) and shall order distribution of sale proceeds to named persons in specified amounts in accordance with V.R.C.P. 80.1 (j)(1). If the Court confirms the sale, the Confirmation Order shall constitute conclusive evidence as against all persons that the power was duly executed. When the purchase price has been paid in full and the Confirmation Order recorded in the land records, transfer of title is effectuated pursuant to 12 V.S.A. §4533 (b).

10. **Deficiency Claim.** Any motion for a deficiency judgment based on a claim in the complaint shall be filed at the same time as the motion for confirmation pursuant to V.R.C.P. 80.1 (j)(2); *or as otherwise ordered by the court*, otherwise any claim for a deficiency judgment will be dismissed *without prejudice* at the time of entry of the Confirmation Order.

*If a Writ of possession has not been issued to Plaintiff, after the Order of Confirmation has been issued by this court, the purchaser(s) at the sale, upon request for the Clerk, shall be entitled to a Writ of possession to the Mortgaged Property.*

**If you wish to appeal this judgment, you must request permission to appeal by motion filed with the Court within ten (10) days of the date of entry of the judgment, not including that date or Saturdays, Sundays, or legal holidays.**

Dated at Rutland, Vermont this 29th day of December, 2010.

_____
Hon. Mary Miles Teachout
Presiding Judge

8723/1/361013

5

STATE OF VERMONT

SUPERIOR COURT  
Rutland Unit

CIVIL DIVISION  
DOCKET NO. 593-8-09 RDCV

COMMUNITY SOUTH BANK  
    Plaintiff  
vs.

ROBERT B. CHERNIN;  
CELESTE CHERNIN;  
NORTH AMERICAN SAVINGS BANK FSB;  
GMAC MORTGAGE LLC;  
and all UNNAMED OCCUPANTS  
RESIDING AT 1882 EAST MOUNTAIN ROAD,  
KILLINGTON VT  
    Defendants

CONFORMED COPY  
VERMONT SUPERIOR COURT  

JUL 27 2011  

RUTLAND

## FIRST AMENDED JUDGMENT AND DECREE OF FORECLOSURE BY JUDICIAL SALE

This First Amended Judgment and Decree of Foreclosure By Judicial Sale amends and restates in its entirety the Judgment Order and Decree of Foreclosure By Judicial Sale issued by this Court on December 30, 2010.

This foreclosure action was brought before the Vermont Superior Court, Rutland Unit, Civil Division by complaint of Plaintiff dated August 11, 2009 and served upon Defendant Robert B. Chernin on August 18, 2009, Defendant Celeste Chernin on August 18, 2009, Defendant North American Savings Bank FSB on August 24, 2009, and Defendant GMAC Mortgage LLC on August 12, 2009. Judgment was granted to Plaintiff on April 26, 2010 as to Defendants Robert B. Chernin and Celeste Chernin on the basis of summary judgment. Judgment was granted to Plaintiff on December 9, 2009 as to Defendant North American Savings Bank FSB on the basis of a summary judgment. Judgment was granted to Plaintiff on December 9, 2009 as to Defendant GMAC Mortgage LLC on the basis of default judgment. The Accounting was entered on July 27, 2010 without hearing. Pursuant to V.R.C.P. 80.1(g) and V.R.C.P. 58, IT IS HEREBY ORDERED, ADJUDGED, and DECREED as follows:

    1. **Judgment.** There is presently due and owing the principal amount of Note dated 2/15/07 of $242,611.02, principal amount of Note dated 11/4/05 of $824,301.62, accrued interest on Note dated 2/15/07 from 8/26/08 to 6/11/10 of $22,901.49, accrued interest on Note dated 11/4/05 of $77,398.13 from 8/8/08 to 6/11/10, late fees of $4,676.83, court costs of $455.60,

1

reasonable attorneys' fees of $7,862.50, making the total amount due Plaintiff <u>as of July 27, 2010</u> the sum of $1,180,207.19, plus interest accruing at the rate of $153.46 from 6/12/10 to 7/27/10 (date of Accounting) and thereafter at the per diem rate of $350.92 from 7/28/10 to the date of redemption.

    2. **Taxes.** Plaintiff is entitled to have any amounts paid for taxes after the date of the affidavit of amounts due added to the amount due at time of redemption, pursuant to 12 V.S.A. § 4525, upon proof of payment made.

    3. **Mortgaged Property.** The property which is the subject of this foreclosure, the "Mortgaged Property," is described as follows:

*Mortgaged Property secured by Mortgage dated November 4, 2005 from Robert B. Chernin and Celeste Chernin, to Community South Bank recorded in the Town of Killington Land Records on November 10, 2005, in Book 280, at Page 170:*

> Being all and the same lands and premises conveyed to Robert B. Chernin and Celeste Chernin by Warranty Deed of Gayle Gromada Zera dated August 9, 1993, and recorded in Book 135, Page 224 of the Town of Killington Land Records. ("Lot #3")

*Mortgaged Property secured by Mortgage dated February 15, 2007 from Robert B. Chernin and Celeste Chernin, to Community South Bank recorded in the Town of Killington Land Records on February 27, 2007, in Book 293, at Page 210:*

> Being all and the same lands and premises conveyed to Robert B. Chernin and Celeste Chernin by Warranty Deed of Gayle Gromada Zera dated August 9, 1993, and recorded in Book 135, Page 224 of the Town of Killington Land Records. ("Lot #3")

> Being all and the same lands and premises conveyed to Robert B. Chernin and Celeste Chernin by Warranty Deed of Paula S. Gromada Catalano, dated August 9, 1993, and recorded in Book 135, Page 227 of the Town of Killington Land Records. ("Lot #2")

Subject to terms, conditions and restrictive covenants, rights of way and easements referenced in the above mentioned deeds and instruments and their records, or otherwise of record in the Town of Killington Land Records, to which reference is hereby made in further aid of this description.

Lot #3 is subject to a prior mortgage given by Robert B. Chernin and Celeste Chernin to North American Savings Bank, F.S.B. as Lender dated March 31, 2004 and recorded in Book 252, Page 516 of the Town of Killington Land Records, <u>as assigned to CitiMortgage, Inc. by Assignment of Mortgage dated December 23, 2009 and recorded March 14, 2010 in the Town of Killington Land Records.</u>

4. **Redemption.** It is further ordered that unless Robert B. Chernin and Celeste Chernin pays to the Clerk of the Court on or before August 3, 2011, the date of redemption, **payable to Court,** before 4:30 p.m., the sum of $1,180,207.19, together with any amounts established under paragraph 2 above, and together with per diem interest of $153.46 from 6/12/10 to 7/27/10 (date of Accounting) and thereafter with a per diem interest of $350.02 from 7/28/10 to the date of redemption, then the Plaintiff may file a motion for a writ of possession.

It is further ordered that unless GMAC Mortgage, LLC or <u>Mortgage Electronic Registration System, Inc. (MERS) as Nominee for GMAC Mortgage LLC</u> pays to the Clerk of the Court on or before Aug 4, 2011, before 4:30 p.m., the sum of $1,180,207.19, together with any amounts established under paragraph 2 above, and together with per diem interest of $153.46 from 6/12/10 to 7/27/10 (date of Accounting) and thereafter with a per diem interest of $350.02 from 7/28/10 to the date of redemption, then such party shall be foreclosed and forever barred from all equity of redemption in the Mortgaged Property.

No redemption date is provided to Defendant North American Savings Bank, FSB as the mortgage given by Robert B. Chernin and Celeste Chernin with North American Savings Bank, F.S.B. as Lender dated March 31, 2004 and recorded in Book 252, Page 516 of the Town of Killington Land Records <u>as assigned to CitiMortgage, Inc. by Assignment of Mortgage dated December 23, 2009 and recorded March 14, 2010 in the Town of Killington Land Records,</u> is prior to that of the Plaintiff herein as to Lot #3. Reference is made to the Stipulation For Judgment filed with the Court dated November 19, 2009. <u>As CitiMortgage, Inc. is now the holder of the mortgage, CitiMortgage, Inc. is substituted in place of North American Savings Bank, FSB.</u>

5. **Mortgagor Defendant's Additional Right to Redeem.** *Defendant/Mortgagor Robert B. Chernin and Celeste Chernin may also redeem the Mortgaged Property at any time prior to the judicial sale, described in paragraph 7 below, pursuant to 12 V.S.A. § 4532 (i), by paying the full amount due under the Plaintiff's mortgages, including the costs and expenses of the sale. If no redemption is made, then such party shall be foreclosed and forever barred from all equity of redemption in the Mortgaged Property.*

6. **Non-Redemption; Notice of Sale.** If the Defendant shall fail to redeem the Mortgaged Property as set forth in paragraph 4 above, then the Court shall issue a Certificate of Non-Redemption, and the Mortgaged Property shall be sold to the highest bidder at public sale

3

by a sheriff, deputy sheriff, constable, licensed auctioneer, or other disinterested person specifically appointed by the Court, pursuant to 12 V.S.A. § 4531 *et seq.* and V.R.C.P. 80.1. The sale shall take place within six months of the **Redemption Date**, unless extended by the Court or the case is stayed by a bankruptcy filing. Plaintiff shall send a Notice of Sale as required by 12 V.S.A. § 4532 (e) and (f) at least 60 days before the sale. If the designation of a specific date and time of sale is not included, Plaintiff shall send a supplemental Notice of Sale as required by 12 V.S.A. § 4532 (e) and (f) at least 21 days before the sale, specifying the exact date and time of the sale. Plaintiff shall also publish a Notice of Sale in a newspaper distributed in *Town of Killington* in the State of Vermont for three (3) consecutive weeks prior to the date of sale and shall specify that the property shall be sold to the highest bidder at a public sale to be held at the Mortgaged Property on a specified date and time. The first publication shall be not less than 21 days prior to the date of sale. Prior to any request for confirmation, Plaintiff shall file a copy of all Notices of Sale with the Court with a certificate of service. Plaintiff shall also file a copy of the published Notice of Sale with the Court, with a copy of publications or a certificate of publication dates.

    7. **Public Sale.** At the sale, the person holding the public sale shall sell to the highest bidder all of the Mortgaged Property, subject to property taxes and municipal assessments, (*delinquent and current*), if any. If the Plaintiff makes the highest bid, Plaintiff shall be required to pay cash or certified funds only to the extent that its bid is in excess of the sum due it by the Defendant Mortgagor up to the date of sale under this Judgment and Decree *the costs and expenses of the sale.* The purchaser at the sale shall pay cash or certified funds to the person holding the sale. The Notice of Sale shall specify that this form of payment is authorized. In any case, a deposit shall be paid at the time of sale of at least $10,000.00 for *each lot* in the form of cash, a bank treasurer's check, or certified funds. Plaintiff is authorized to require the purchaser to sign a Purchase and Sales Agreement. If specified in the Notice of Sale that includes the date and time of sale, the person holding the public sale may, for good cause, postpone the sale for a period of up to thirty (30) days, from time to time until it is completed, giving notice of such adjournment and specifying the new date by public proclamation at the time and place appointed for the sale.

    *Pursuant to the Order of this Court dated April 26, 2010, Defendants Robert B. Chernin and Celeste Chernin can request that the sale of the two lots (Lot #2 and Lot #3) be scheduled one week a part, with the lot with the house on it (lot #3) scheduled 1 week prior to lot #2. The*

4

*request shall be made in writing to the Court by the expiration of their redemption date as set forth in paragraph 4 above. If no request is made, the public sale of the Mortgaged Property shall be held on the same day.*

    8. **Report of Sale.** The person holding the public sale shall file a Report of Sale, under oath, with the Court within ten (10) days of the date of sale pursuant to 12 V.S.A. § 4533 (a). The person holding the public sale, or the attorney for the Plaintiff, shall retain all sale proceeds as custodian, to be disbursed in accordance with the final Confirmation Order of this Court promptly following confirmation pursuant to 12 V.S.A. § 4533 (a).

    9. **Confirmation.** Plaintiff shall file a motion for confirmation, which shall set forth the satisfaction of all statutory requirements for confirmation, supported by affidavit if necessary, and a proposed distribution of sale proceeds in specified amounts together with a factual basis for such distribution supported by the record and affidavit(s) if necessary. The Court may require Plaintiff to serve any interested persons, as well as all parties who appeared in the case, with any motion for confirmation and notice of confirmation hearing scheduled pursuant to 12 V.S.A. § 4533 (a). At confirmation, Plaintiff may be allowed reasonable attorneys' fees and the reasonable expenses of making the sale pursuant to 12 V.S.A. § 4533 (a) as well as taxes paid since the accounting, if any, pursuant to 12 V.S.A. §4525 *and such other expenses incurred to preserve and protect the Mortgaged Property as allowed by the mortgages as allowed by the Court.* If the Court confirms the sale, the Court shall issue a Final Confirmation Order which shall set forth the information required by V.R.C.P. 80.1 (k) and shall order distribution of sale proceeds to named persons in specified amounts in accordance with V.R.C.P. 80.1 (j)(1). If the Court confirms the sale, the Confirmation Order shall constitute conclusive evidence as against all persons that the power was duly executed. When the purchase price has been paid in full and the Confirmation Order recorded in the land records, transfer of title is effectuated pursuant to 12 V.S.A. §4533 (b).

    10. **Deficiency Claim.** Any motion for a deficiency judgment based on a claim in the complaint shall be filed at the same time as the motion for confirmation pursuant to V.R.C.P. 80.1 (j)(2); *or as otherwise ordered by the court*, otherwise any claim for a deficiency judgment will be dismissed *without prejudice* at the time of entry of the Confirmation Order.

    *If a Writ of possession has not been issued to Plaintiff, after the Order of Confirmation has been issued by this court, the purchaser(s) at the sale, upon request for the Clerk, shall be entitled to a Writ of possession to the Mortgaged Property.*

If you wish to appeal this judgment, you must request permission to appeal by motion filed with the Court within ten (10) days of the date of entry of the judgment, not including that date or Saturdays, Sundays, or legal holidays.

Dated at Rutland, Vermont this 22nd day of July, 2011.

_____Mary Miles Teachout_____
Hon.
Presiding Judge

8723/1/378499

STATE OF VERMONT

SUPERIOR COURT  
Rutland Unit

CIVIL DIVISION  
DOCKET NO. 593-8-09 RDCV

COMMUNITY SOUTH BANK  
    Plaintiff  
vs.

ROBERT B. CHERNIN;  
CELESTE CHERNIN;  
CITIMORTGAGE, INC.;  
GMAC MORTGAGE LLC;  
and all UNNAMED OCCUPANTS  
RESIDING AT 1882 EAST MOUNTAIN ROAD,  
KILLINGTON VT  
    Defendants

CONFORMED COPY  
VERMONT SUPERIOR COURT  
APR - 6 2012  
RUTLAND

## SECOND AMENDED AND RESTATED JUDGMENT AND DECREE OF FORECLOSURE BY JUDICIAL SALE

*This Second Amended and Restated Judgment and Decree of Foreclosure By Judicial Sale amends and restates in its entirety the First Amended Judgment Order and Decree of Foreclosure By Judicial Sale issued by this Court on July 27, 2011.*

This foreclosure action was brought before the Vermont Superior Court, Rutland Unit, Civil Division by complaint of Plaintiff dated August 11, 2009 and served upon Defendant Robert B. Chernin on August 18, 2009, Defendant Celeste Chernin on August 18, 2009, Defendant North American Savings Bank FSB (*now CitiMortgage, Inc. in substitution*) on August 24, 2009, and Defendant GMAC Mortgage LLC on August 12, 2009. Judgment was granted to Plaintiff on April 26, 2010 as to Defendants Robert B. Chernin and Celeste Chernin on the basis of summary judgment. Judgment was granted to Plaintiff on December 9, 2009 as to Defendant North American Savings Bank FSB (*now CitiMortgage, Inc. in substitution*) on the basis of a summary judgment. Judgment was granted to Plaintiff on December 9, 2009 as to Defendant GMAC Mortgage LLC on the basis of default judgment. The Accounting was entered on July 27, 2010 without hearing. Pursuant to V.R.C.P. 80.1(g) and V.R.C.P. 58, IT IS HEREBY ORDERED, ADJUDGED, and DECREED as follows:

    1. **Judgment.** There is presently due and owing the principal amount of Note dated 2/15/07 of $242,611.02, principal amount of Note dated 11/4/05 of $824,301.62, accrued interest on Note dated 2/15/07 from 8/26/08 to 6/11/10 of $22,901.49, accrued interest on Note dated

1

11/4/05 of $77,398.13 from 8/8/08 to 6/11/10, late fees of $4,676.83, court costs of $455.60, reasonable attorneys' fees of $7,862.50, making the total amount due Plaintiff as of July 27, 2010 the sum of $1,180,207.19, plus interest accruing at the rate of $153.46 from 6/12/10 to 7/27/10 (date of Accounting) and thereafter at the per diem rate of $350.92 from 7/28/10 to the date of redemption.

2. **Taxes.** Plaintiff is entitled to have any amounts paid for taxes after the date of the affidavit of amounts due added to the amount due at time of redemption, pursuant to 12 V.S.A. § 4525, upon proof of payment made.

3. **Mortgaged Property.** The property which is the subject of this foreclosure, the "Mortgaged Property," is described as follows:

Mortgaged Property secured by Mortgage dated November 4, 2005 from Robert B. Chernin and Celeste Chernin, to Community South Bank recorded in the Town of Killington Land Records on November 10, 2005, in Book 280, at Page 170:

> Being all and the same lands and premises conveyed to Robert B. Chernin and Celeste Chernin by Warranty Deed of Gayle Gromada Zera dated August 9, 1993, and recorded in Book 135, Page 224 of the Town of Killington Land Records. ("Lot #3")

Mortgaged Property secured by Mortgage dated February 15, 2007 from Robert B. Chernin and Celeste Chernin, to Community South Bank recorded in the Town of Killington Land Records on February 27, 2007, in Book 293, at Page 210:

> Being all and the same lands and premises conveyed to Robert B. Chernin and Celeste Chernin by Warranty Deed of Gayle Gromada Zera dated August 9, 1993, and recorded in Book 135, Page 224 of the Town of Killington Land Records. ("Lot #3")

> Being all and the same lands and premises conveyed to Robert B. Chernin and Celeste Chernin by Warranty Deed of Paula S. Gromada Catalano, dated August 9, 1993, and recorded in Book 135, Page 227 of the Town of Killington Land Records. ("Lot #2")

Subject to terms, conditions and restrictive covenants, rights of way and easements referenced in the above mentioned deeds and instruments and their records, or otherwise of record in the Town of Killington Land Records, to which reference is hereby made in further aid of this description.

*The Mortgaged Property includes an easement over the existing roadway/driveway on Lot 2 for the benefit of Lot 3, pursuant to the terms of an Easement Deed dated February 3, 2012 from Robert B. Chernin and Celeste Chernin and to be recorded in the Town of Killington Land Records, with the following provisions:*

> *a.     Said easement shall be used in common by the owners of Lot 2 and 3, for ingress, egress and utility line installation and maintenance.*

  b. *The owners of Lots 2 and 3 shall share equally in the cost of maintaining the roadway constructed within the easement limits (including winter plowing and summer grading) which is shared. The owners of Lots 2 and 3 shall be solely responsible for any and all costs associated with those portions of the roadway which are utilized solely by either Lot 2 or Lot 3. In the event of a dispute concerning maintenance of the roadway constructed in the easement, or the cost thereof, the parties will attempt to mediate the dispute prior to instituting litigation.*

  c. *Any damage caused to the roadway within the easement limits by the installation and maintenance of utility line service shall be promptly repaired by the owner of the lot exercising the rights.*

Lot #3 is subject to a prior mortgage given by Robert B. Chernin and Celeste Chernin to North American Savings Bank, F.S.B. as Lender dated March 31, 2004 and recorded in Book 252, Page 516 of the Town of Killington Land Records, as assigned to CitiMortgage, Inc. by Assignment of Mortgage dated December 23, 2009 and recorded March 14, 2010 in the Town of Killington Land Records. *CitiMortgage, Inc. was substituted as a defendant in this action for North American Savings Bank, F.S.B. by motion granted January 12, 2012.*

  4. Redemption. It *was* further ordered that unless Robert B. Chernin and Celeste Chernin pays to the Clerk of the Court on or before June 30, 2011, the date of redemption, payable to Court, before 4:30 p.m., the sum of $1,180,207.19, together with any amounts established under paragraph 2 above, and together with per diem interest of $153.46 from 6/12/10 to 7/27/10 (date of Accounting) and thereafter with a per diem interest of $350.02 from 7/28/10 to the date of redemption, then the Plaintiff may file a motion for a writ of possession. *This redemption period has expired.*

  It *was* further ordered that unless GMAC Mortgage, LLC or Mortgage Electronic Registration System, Inc. (MERS) as Nominee for GMAC Mortgage LLC pays to the Clerk of the Court on or before July 1, 2011, before 4:30 p.m., the sum of $1,180,207.19, together with any amounts established under paragraph 2 above, and together with per diem interest of $153.46 from 6/12/10 to 7/27/10 (date of Accounting) and thereafter with a per diem interest of $350.02 from 7/28/10 to the date of redemption, then such party shall be foreclosed and forever barred from all equity of redemption in the Mortgaged Property. *The redemption period has expired.*

  No redemption date is provided to Defendant *CitiMortgage, Inc.* as the mortgage given by Robert B. Chernin and Celeste Chernin with North American Savings Bank, F.S.B. as Lender dated March 31, 2004 and recorded in Book 252, Page 516 of the Town of Killington Land Records as assigned to CitiMortgage, Inc. by Assignment of Mortgage dated December 23, 2009

and recorded March 14, 2010 in the Town of Killington Land Records, is prior to that of the Plaintiff herein as to Lot #3. Reference is made to the Stipulation For Judgment filed with the Court dated November 19, 2009. As CitiMortgage, Inc. is now the holder of the mortgage, CitiMortgage, Inc. is substituted in place of North American Savings Bank, FSB.

5. **Mortgagor Defendant's Additional Right to Redeem.** Defendant/Mortgagor Robert B. Chernin and Celeste Chernin may also redeem the Mortgaged Property at any time prior to the judicial sale, described in paragraph 7 below, pursuant to 12 V.S.A. § 4532 (i). by paying the full amount due under the Plaintiff's mortgages, including the costs and expenses of the sale. If no redemption is made, then such party shall be foreclosed and forever barred from all equity of redemption in the Mortgaged Property.

6. **Non-Redemption; Notice of Sale.** If the Defendant shall fail to redeem the Mortgaged Property as set forth in paragraph 4 above, then the Court shall issue a Certificate of Non-Redemption, and the Mortgaged Property shall be sold to the highest bidder at public sale by a sheriff, deputy sheriff, constable, licensed auctioneer, or other disinterested person specifically appointed by the Court, pursuant to 12 V.S.A. § 4531 et seq. and V.R.C.P. 80.1. *The public sale of the Mortgaged Property is to be scheduled and held within 90 days of the date of issuance of this Second Amended and Restated Judgment Order and Decree of Foreclosure.* Plaintiff shall send a Notice of Sale as required by 12 V.S.A. § 4532 (e) and (f) at least 60 days before the sale. If the designation of a specific date and time of sale is not included, Plaintiff shall send a supplemental Notice of Sale as required by 12 V.S.A. § 4532 (e) and (f) at least 21 days before the sale, specifying the exact date and time of the sale. Plaintiff shall also publish a Notice of Sale in a newspaper distributed in Town of Killington in the State of Vermont for three (3) consecutive weeks prior to the date of sale and shall specify that the property shall be sold to the highest bidder at a public sale to be held at the Mortgaged Property on a specified date and time. The first publication shall be not less than 21 days prior to the date of sale. Prior to any request for confirmation, Plaintiff shall file a copy of all Notices of Sale with the Court with a certificate of service. Plaintiff shall also file a copy of the published Notice of Sale with the Court, with a copy of publications or a certificate of publication dates.

7. **Public Sale.** At the sale, the person holding the public sale shall sell to the highest bidder all of the Mortgaged Property, subject to property taxes and municipal assessments, (delinquent and current), if any. If the Plaintiff makes the highest bid, Plaintiff shall be required to pay cash or certified funds only to the extent that its bid is in excess of the sum due it by the

4

Defendant Mortgagor up to the date of sale under this Judgment and Decree the costs and expenses of the sale. The purchaser at the sale shall pay cash or certified funds to the person holding the sale. The Notice of Sale shall specify that this form of payment is authorized. In any case, a deposit shall be paid at the time of sale of at least $10,000.00 for each lot in the form of cash, a bank treasurer's check, or certified funds. Plaintiff is authorized to require the purchaser to sign a Purchase and Sales Agreement. If specified in the Notice of Sale that includes the date and time of sale, the person holding the public sale may, for good cause, postpone the sale for a period of up to thirty (30) days, from time to time until it is completed, giving notice of such adjournment and specifying the new date by public proclamation at the time and place appointed for the sale.

Pursuant to the Order of this Court dated April 26, 2010, Defendants Robert B. Chernin and Celeste Chernin can request that the sale of the two lots (Lot #2 and Lot #3) be scheduled one week a part, with the lot with the house on it (lot #3) scheduled 1 week prior to lot #2. The request shall be made in writing to the Court by the expiration of their redemption date as set forth in paragraph 4 above. If no request is made, the public sale of the Mortgaged Property shall be held on the same day. *The Chernins filed the request with the Court for sale of the two lots (Lot #2 and Lot #3) to be scheduled one week a part, with the lot with the house on it (lot #3) scheduled 1 week prior to lot #2.*

8. **Report of Sale.** The person holding the public sale shall file a Report of Sale, under oath, with the Court within ten (10) days of the date of sale pursuant to 12 V.S.A. § 4533 (a). The person holding the public sale, or the attorney for the Plaintiff, shall retain all sale proceeds as custodian, to be disbursed in accordance with the final Confirmation Order of this Court promptly following confirmation pursuant to 12 V.S.A. § 4533 (a).

9. **Confirmation.** Plaintiff shall file a motion for confirmation, which shall set forth the satisfaction of all statutory requirements for confirmation, supported by affidavit if necessary, and a proposed distribution of sale proceeds in specified amounts together with a factual basis for such distribution supported by the record and affidavit(s) if necessary. The Court may require Plaintiff to serve any interested persons, as well as all parties who appeared in the case, with any motion for confirmation and notice of confirmation hearing scheduled pursuant to 12 V.S.A. § 4533 (a). At confirmation, Plaintiff may be allowed reasonable attorneys' fees and the reasonable expenses of making the sale pursuant to 12 V.S.A. § 4533 (a) as well as taxes paid since the accounting, if any, pursuant to 12 V.S.A. §4525 and such other expenses incurred to

5

preserve and protect the Mortgaged Property as allowed by the mortgages as allowed by the Court. If the Court confirms the sale, the Court shall issue a Final Confirmation Order which shall set forth the information required by V.R.C.P. 80.1 (k) and shall order distribution of sale proceeds to named persons in specified amounts in accordance with V.R.C.P. 80.1 (j)(1). If the Court confirms the sale, the Confirmation Order shall constitute conclusive evidence as against all persons that the power was duly executed. When the purchase price has been paid in full and the Confirmation Order recorded in the land records, transfer of title is effectuated pursuant to 12 V.S.A. §4533 (b).

10. **Deficiency Claim.** Any motion for a deficiency judgment based on a claim in the complaint shall be filed at the same time as the motion for confirmation pursuant to V.R.C.P. 80.1 (j)(2); or as otherwise ordered by the court, otherwise any claim for a deficiency judgment will be dismissed without prejudice at the time of entry of the Confirmation Order.

If a Writ of possession has not been issued to Plaintiff, after the Order of Confirmation has been issued by this court, the purchaser(s) at the sale, upon request for the Clerk, shall be entitled to a Writ of possession to the Mortgaged Property.

**If you wish to appeal this judgment, you must request permission to appeal by motion filed with the Court within ten (10) days of the date of entry of the judgment, not including that date or Saturdays, Sundays, or legal holidays.**

Dated at Rutland, Vermont this 5th day of April, 2012.

_Mary Miles Teachout_
Hon. Mary Miles Teachout
Presiding Judge

8723/1/411375

6