SHEARMAN & STERLING LLP
Fredric Sosnick
Susan A. Fennessey
599 Lexington Avenue
New York, New York 10022
Telephone:   (212) 468-8000
Facsimile:   (212) 468-7900

*Counsel for Citibank, N.A.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**LIMITED OBJECTION OF CITIBANK, N.A. TO GILBERT MOTION TO DISMISS CHAPTER 11 BANKRUPTCY FOR CAUSE, OR, IN THE ALTERNATIVE, MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT THE GILBERT LITIGATION NOW PENDING IN THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT TO PROCEED IN THE FEDERAL COURTS AND MOTION SEEKING DAMAGES FOR WILLFUL VIOLATIONS OF THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 363(H)**

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

Citibank, N.A. ("**Citibank**") hereby submits this limited objection to the motion of Rex T. Gilbert, Jr. and Daniela L. Gilbert (together, the "**Gilberts**") to dismiss the above-captioned chapter 11 bankruptcy cases (the "**Cases**") of the debtors and debtors in possession (the "**Debtors**") for cause, or, in the alternative, a motion for relief from the automatic stay to permit the Gilbert Litigation now pending in the United States Court of Appeals for the Fourth Circuit (the "**Appeals Court**") to proceed in the federal courts, and seeking damages for willful violations of the automatic stay pursuant to 11 U.S.C. § 363(h) (the "**Gilbert Motion**") [Docket

No. 274].¹  In this limited objection to the Gilbert Motion, Citibank respectfully represents as follows:

## PRELIMINARY STATEMENT

1.  Dismissal of the Cases is inappropriate because the Gilberts have failed to establish that any of the actions enumerated in the Gilbert Motion constitute "cause," which is required for the Court to dismiss the Debtors' cases.  Furthermore, dismissal of these Cases is neither in the best interests of creditors, including Citibank, nor is it in the best interests of the Debtors' estates.  Citibank takes no position with respect to the Gilberts' motion for relief from the automatic stay and for damages for alleged violations of the automatic stay.

## BACKGROUND

2.  On May 14, 2012 (the "**Petition Date**"), the Debtors filed for bankruptcy relief under title 11 of the United States Code (the "**Bankruptcy Code**").  Prior to the Petition Date, Citibank entered into a revolving credit facility with GMAC Mortgage, LLC as borrower, and Residential Capital, LLC ("**ResCap**"), as guarantor (the "**Prepetition MSR Facility**").

3.  The Prepetition MSR Facility is secured by certain mortgage servicing rights for mortgage loans in Freddie Mac and Fannie Mae securitization pools.  The outstanding principal amount under the Prepetition MSR Facility as of the Petition Date was approximately $152 million.  *See* Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings, dated May 14, 2012 [Docket No. 6] (the "**Whitlinger Affidavit**") ¶ 62.

4.  On June 11, 2012, the Gilberts filed the Gilbert Motion seeking, *inter alia*, to dismiss the above-captioned bankruptcy cases on the basis that dismissal of the Cases is

---

¹  Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Gilbert Motion.

appropriate because the Debtors filed the Cases in bad faith. The Gilberts, without any factual support and in contradiction to the record in these Cases to date, also argued that dismissal of the Cases is in the best interests of the Debtors' creditors and their estates.

## ARGUMENT

5.  Section 1112(b)(1) of the Bankruptcy Code states, in pertinent part, "on request of a party in interest . . . the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause." 11 U.S.C. § 1112(b)(1). Section 1112(b)(2) further provides that:

> The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that –
> (A) there is reasonable likelihood that a plan will be confirmed . . .; and
> (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A) –
> > (i) for which there exists a reasonable justification for the act or omission; and
> > (ii) that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. § 1112(b)(2).

6.  The party in interest seeking dismissal of a case must establish cause under section 1112(b)(1), s*ee In re MF Global Holdings Ltd.*, 465 B.R. 736, 742 (Bankr. S.D.N.Y. 2012) (*citing In re Loco Reality Corp.*, No. 09-11785, 2009 WL 2883050, at *2 (Bankr. S.D.N.Y. June 25, 2009)), and must establish such cause by a preponderance of the evidence. *See In re AdBrite Corp.*, 290 B.R. 209, 218 (Bankr. S.D.N.Y. 2003). If the movant establishes cause for dismissal, then the party opposing the motion must show unusual circumstances establishing that dismissing a case is not in the best interests of creditors and the estate, that there is a reasonable likelihood that a plan will be confirmed, and that the grounds for dismissing the

case include an act or omission for which there exists reasonable justification and that will be cured within a reasonable time period. *See In re Ashley Oaks Dev. Corp.*, 458 B.R. 280 (Bankr. D.S.C. 2011) (discussing the 2010 amendments to section 1112(b)).

7. Section 1112(b)(4) provides an "illustrative" but "not exhaustive" list of factors that a court must find in order to dismiss a case. *See* 11 U.S.C. § 1112(b)(4); *In re C-TC 9th Ave. P'ship.*, 113 F.3d 1304, 1310 (2d Cir. 1997). The only factor alleged by the Gilberts is that the Cases were filed in bad faith.[2]

8. A finding of bad faith "must be made only after broadly viewing the circumstances of the individual case." *In re 234-6 W. 22nd St. Corp.*, 214 B.R. 751, 761 (Bankr. S.D.N.Y. 1997) (*quoting In re Con Am Grandview Assocs., L.P.*, 179 B.R. 29, 32 (S.D.N.Y. 1995)). Moreover, such relief is "an extraordinary remedy that requires careful examination of the facts on a case-by-case basis." *In re Eclair Bakery Ltd.*, 255 B.R. 121, 138 (Bankr. S.D.N.Y. 2000) (citation omitted).

9. The Gilberts' allegations that the Debtors' alleged bad faith actions provide cause to dismiss these Cases are insufficient to meet their burden. To establish bad faith, the Gilberts must also demonstrate that there is "no reasonable probability that [the debtors] would eventually emerge from bankruptcy proceedings" and that "there was no reasonable likelihood that the debtor[s] intended to reorganize." *Squire Motel, LLC v. Gance*, 426 B.R. 29, 35 (N.D.N.Y. 2010) (*quoting In re Cohoes Indus. Terminal, Inc.*, 931 F.2d 222, 227 (2d Cir. 1991) (citations omitted)). The Gilberts allege that the Debtors filed these Cases in bad faith because they sought, solely in relation to litigation with the Gilberts, "to use the automatic stay

---

[2] The Gilbert Motion also asserts that the Debtors have failed to comply "with an order . . . of the court." Gilbert Motion ¶ 19 (*quoting* 11 U.S.C. § 1112(b)(4)(E)). However, the Gilberts fail to identify any order with which the Debtors have failed to comply.

has [sic] a shield from their misconduct." Gilbert Motion ¶ 19.  However, the only alleged misconduct provided by the Gilberts as cause to dismiss these Cases is conduct supposedly aimed exclusively at prejudicing the Gilberts in their individual claims against the Debtors.  Moreover, the Gilbert Motion fails to establish how the Debtors' bankruptcy filings are not reasonably likely to conclude with the Debtors' emergence from bankruptcy.  Thus, the Gilbert Motion fails to meet the burden of establishing that the Debtors' entire Cases were filed in bad faith and the Gilbert Motion should be overruled with respect to dismissal of these Cases.

10.   While it may be beneficial to the Gilberts not to be burdened with the duty of filing a motion to lift the automatic stay and eventually to file a proof of claim, the results engendered by a dismissal of these cases would be catastrophic to creditors owed an aggregate of billions of dollars by the Debtors that would receive a greatly diminished recovery on their claims, the thousands of employees who could lose their jobs if the Cases were dismissed, and the 2.4 million consumers whose loans are serviced by the Debtors.  *See* Whitlinger Affidavit ¶ 13 & ¶ 77 (indicating that, as of March 31, 2012, the Debtors employ 4,031 people). Additionally, the turmoil that may be created in the housing market with the dismissal of the Debtors' Cases could result in large losses to the investors — including pension funds, money fund managers, and insurance companies — in securitization pools that own loans serviced by the Debtors.  *See Id.* ¶ 110 (explaining that the filing of these Cases will avoid a disruption to the "fragile housing market").  Finally, the Debtors' estate, without an orderly process by which to sell its assets, likely would liquidate and not provide the maximum return to creditors that the filing of these Cases and the Debtors' sale of their assets will provide.  *See Id*. ¶ 109 (explaining that commencing the Cases will maximize the value of the Debtors' assets for the benefit of creditors).

11.    Further undermining any basis for dismissal, the Debtors have asserted in their bankruptcy filings that they intend to file a plan of reorganization and disclosure statement for approval by the Court within a relatively short time frame. *See, e.g.*, *Id.* ¶ 8. Numerous creditors have entered into plan support agreements with the Debtors in anticipation of the filing of a plan of reorganization in these Cases. *Id.* ¶ 108. The Court has approved a process for sales of the Debtors' assets that will facilitate the Debtors' chapter 11 cases and plan process. Thus, there is a reasonable likelihood that a plan will be confirmed well within a reasonable period of time.

12.    For all of the foregoing reasons, Citibank submits that filing of petitions for rehearing by the Debtors in the Gilbert Litigation could not warrant dismissal of these Cases. If the Court finds, however, that the filing of a petition seeking rehearing provides, as alleged by the Gilberts, sufficient cause to dismiss these entire Cases as having been filed in bad faith, the Court should permit the Debtors to provide a justification for their filing and allow the Debtors a reasonable period of time to cure any issues created thereby. *See* 11 U.S.C. § 1112(b)(2)(B)(i) and (ii).

## **CONCLUSION**

13.    The Gilbert Motion has failed to establish sufficient cause for dismissing the Debtors' cases. Even if the Gilberts were to meet their burden of establishing cause, it would not be in the best interests of the Debtors' estates or their creditors to dismiss these Cases.

WHEREFORE, Citibank requests that the Court overrule the Gilbert Motion with respect to the request that the Court dismiss these Cases.

Dated: July 3, 2012
New York, New York

SHEARMAN & STERLING LLP

*/s/ Fredric Sosnick*_____
Fredric Sosnick
Susan A. Fennessey
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 484-4000
Facsimile:  (212) 484-7179

*Counsel for Citibank, N.A.*