UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
: Case No. 12-12020 (MG)
In re :
:
RESIDENTIAL CAPITAL, LLC, *et al.*, : (Chapter 11)
:
Debtors. : Jointly Administered
:
---------------------------------------------------------x

### UNITED STATES TRUSTEE'S APPLICATION FOR ORDER APPROVING APPOINTMENT OF EXAMINER

To: HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

Tracy Hope Davis, the United States Trustee the Region 2 (the "United States Trustee") hereby applies to the Court pursuant to Fed. R. Bankr. P. 2007.1 for an Order Approving Appointment of Examiner, and in support thereof, states as follows:

1. On May 14, 2012, Residential Capital, LLC, and certain of its direct and indirect subsidiaries (collectively "the Debtors") each filed petitions for relief under chapter 11, title 11, United States Code (the "Bankruptcy Code"). ECF Doc. No. 1.

2. On May 16, 2012, the United States Trustee appointed an Official Committee of Unsecured Creditors pursuant to section 1102(a) of the Bankruptcy Code. ECF Doc. No. 102.

3. On June 4, 2012, Berkshire Hathaway, Inc. filed a "Motion of Berkshire Hathaway, Inc. For the Appointment of an Examiner Pursuant to 11 U.S.C. § 1104(c)" (the "Examiner Motion"). ECF Docket No. 208.

4. Following a hearing on the Examiner Motion, on June 18, 2012, the Court determined that the appointment of an Examiner was required and appropriate pursuant to section 1104(c) of the Bankruptcy Code.

5. On June 20, 2012, the Court entered the "Memorandum Opinion and Order Granting Berkshire Hathaway's Motion to Appoint an Examiner Under 11 U.S.C. § 1104(c)." ECF Doc. No. 454.

6. On June 28, 2012, the Court entered the "Order Directing the Appointment of an Examiner Pursuant to Section 1104(c) of the Bankruptcy Code." ECF Docket No. 536.

7. The United States Trustee consulted with the following parties-in-interest regarding the appointment of the Examiner:

    a. Thomas B. Walper, Esq. and Seth Goldman, Esq. of Munger, Tolles & Olson, LLP; Counsel to Berkshire Hathaway, Inc.;

    b. Larren M. Nashelsky, Esq. and Lorenzo Marinuzzi, Esq. of Morrison & Foerster LLP; Counsel to the Debtors;

    b. Kenneth Eckstein, Esq. and Douglas Mannal, Esq. of Kramer Levin Naftalis & Frankel, LLP; Counsel to the Official Committee of Unsecured Creditors;

    c. Joseph N. Cordaro, Esq. of the United States Attorney's Office for the Southern District of New York;

    d. J. Christopher Shore, Esq. of White & Case LLP; Counsel to the Ad Hoc Group of Junior Secured Noteholders;

    e. Richard M. Cieri, Esq., Ray C. Schrock, Esq., and Stephen E. Hessler, Esq. of Kirkland & Ellis LLP; Counsel to Ally Financial Inc.;

    f. Michael S. Etkin, Esq. of Lowenstein Sandler, P.C.; Counsel to the New Jersey Carpenters Health Fund, the Union Central Life Insurance Company, Ameritas Life Insurance Corp. and Acacia Life Insurance Company; and

    g. Thomas J. Moloney, Esq. of Cleary, Gottlieb, Steen & Hamilton LLP; Counsel to Redwood Master Fund, LTD, Lonestar Partners, L.P., King Street Capital Master Fund, Ltd., King Street Capital, L.P., ES Moore, Ltd., CO Moore, LP, Canyon Value Realization Fund, L.P., The Canyon Value Realization Master Fund, L.P., Canyon Distressed Opportunity Investing Fund, L.P., Canyon Distressed Opportunity Master Fund, L.P., Canyon Balanced Master Fund, Ltd.

8.    The United States Trustee has appointed Arthur J. Gonzalez, Esq. as Examiner in the above captioned cases on July 3, 2012.

9.    To the best of the United State Trustee's knowledge, the Examiner's connections with the debtors, creditors, any other parties in interest, their respective attorneys and accountants, the United States Trustee, and persons employed in the Office of the United States Trustee, are limited to the connections set forth in the "Declaration of Disinterestedness of Arthur J. Gonzalez" filed in support of this Application and attached hereto as Exhibit A.

WHEREFORE, the United States Trustee requests that the Court enter an Order Approving Appointment of Arthur J. Gonzalez, Esq. as Examiner in the above-captioned case.

Dated: New York, New York
       July 3, 2012

                          Respectfully Submitted,

                          TRACY HOPE DAVIS
                          UNITED STATES TRUSTEE

By:    /s/ Linda A. Riffkin
        Linda A. Riffkin
        Assistant United States Trustee
        Michael T. Driscoll
        Trial Attorney
        33 Whitehall Street, 21st Floor
        New York, New York 10004

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | Case No. 12-12020 (MG) |
| Debtors. | Jointly Administered |

## DECLARATION OF DISINTERESTEDNESS OF ARTHUR J. GONZALEZ

I, under penalty of perjury, state and represent as follows:

1. I am a Senior Fellow at New York University School of Law ("NYU") teaching courses in bankruptcy law. NYU is located at 40 Washington Square South, New York, New York 10012-1099. Prior to my appointment as a Senior Fellow, I was the Chief Bankruptcy Judge of the Southern District of New York. I retired as a bankruptcy judge on March 1, 2012.

2. I am an attorney at law admitted in and in good standing to practice before the State of New York and the federal courts of the Southern District of New York, Eastern District of New York and the United States Tax Court.

3. I submit this declaration in connection with the application for my appointment as Examiner in the above captioned cases of Residential Capital, LLC, *et al.* (collectively, the "Debtors"), pursuant to section 1104 of title 11 of the United States Code (the "Bankruptcy Code"). The facts set forth below are based upon my knowledge. I will supplement this declaration if additional relevant information becomes available during the pendency of these cases.

4. To assist me in the performance of my duties as Examiner, I intend to apply to the Court to retain counsel. Further, if I determine it is necessary to engage additional counsel, consultants, or other professionals, I will apply to the Court for their retention.

5. I have reviewed the Court's order granting the motion directing the appointment of an examiner. I understand the duties and responsibilities of the Examiner and, if my appointment is approved, I will perform them to the best of my abilities. As indicated below, I meet the qualifications set forth to be appointed as Examiner in these cases.

6. I make the following disclosures to establish that I am (i) qualified to act as Examiner in these chapter 11 cases, and (ii) a "disinterested person" as that term is defined in section 101 of the Bankruptcy Code.

7. Over the course of my career on the bench, I presided over adversary proceedings in which causes of actions based upon similar allegations as set forth in the motion for the

appointment of an examiner were made. I have issued opinions in some of those adversary proceedings in which the alleged conduct raised similar legal and factual issues that are subject of the scope of the examination to be conducted in these cases.

8. I have not taken on any other assignment or project in respect of the Debtors' cases. I do not hold directly, or to my knowledge indirectly, any claim, debt or equity security of the Debtors. It is possible that government pension funds of which I am member may hold a claim, debt, or equity security interest.

9. I am not an insider of the Debtors. I have never been a director, officer or employee of the Debtors as specified in Subparagraph (C) of section 101(4) of the Bankruptcy Code.

10. I do not possess any interest that is materially adverse to the interests of the Debtors' estates or any class of creditors or equity security holders of the Debtors, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors.

11. I have reviewed the Master Conflicts List provided to me by Debtors' counsel. I have the following connections to the entities listed below:

| | |
|---|---|
| Citibank, NA -- | Joint personal checking account. Master Charge account Savings account |
| JP Morgan Chase, NA -- | Home equity line of credit – presently, there is no outstanding draw on the account. |
| Charles Schwab & Company -- | Spouse 401(k) funds held in money market account. |

None of the aforementioned connections give rise to any conflict in these cases.

12. I am not a relative of any Bankruptcy Judge of the United States Bankruptcy for the Southern District of New York, United States Trustee (Region 2), or any person employed by the United States Trustee (Region 2). During my more than 16 years as a bankruptcy judge in the Southern District of New York, I developed friendships with my colleagues - both on a professional level as well as a personal level. I do not believe that any of those friendships create any conflicts of interest or appearances of impropriety in these cases. Further, in June 1991, I became an Assistant United States Trustee in the Southern District of New York office of the United States Trustee Program. In 1993, I became the United States Trustee for Region 2 (Second Circuit) until my departure in 1995 upon my appointment to the Bankruptcy Court for the Southern District of New York. Although I have friendships with members of that office, I do not believe that any of those friendships create any conflicts of interest or appearance of impropriety in these cases.

13. I represent that, to the best of my knowledge and belief, I do not hold or represent any interest adverse the Debtors' estates or the Debtors' creditors in these cases and have no connection with the Debtors, their creditors or any other parties-in-interest or their

respective attorneys in these cases. I believe that I am a "disinterested person" pursuant to and within the meaning of section 101(14) of the Bankruptcy Code.

14. I have never previously represented the Debtors.

15. I will bill the estate at the rate of $750 an hour for my time on these cases.

16. For all of the foregoing reasons, I believe that my appointment is in the interests of creditors, any equity security holders, and other interests of the Debtors' estates.

17. The foregoing statements are true and correct to the best of my knowledge, information and belief.

_____
ARTHUR J. GONZALEZ

Sworn to this
   3rd Day of July, 2012