Hearing Date: July 24, 2012 at 10:00 a.m. (ET)
Objection Deadline Date: July 17, 2012 at 4:00 p.m. (ET)

NICHOLS KASTER, PLLP
Kai H. Richter (admitted *pro hac vice*)
4600 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
Telephone: (612) 256-3200
Fax: (612) 215-6870
E-Mail:  krichter@nka.com

NICHOLS KASTER, LLP
Robert L. Schug (*pro hac vice* pending)
One Embarcadero Center
Suite 720
San Francisco, CA 94111
Telephone: (415) 277-7235
Fax: (415) 277-7238
E-Mail: rschug@nka.com

*Bankruptcy Counsel for Christina Ulbrich
and the Putative Class Members*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------X

| | |
|---|---|
| **In re:** | : |
| | : **Chapter 11** |
| **Residential Capital, LLC,** *et al.*, | : |
| | : **Case No. 12-12020 (MG)** |
| Debtors. | : |
| | : **Jointly Administered** |

-------------------------------------------------------X

**DECLARATION OF KAI H. RICHTER IN SUPPORT OF MOTION
OF CHRISTINA ULBRICH FOR RELIEF FROM AUTOMATIC STAY AS TO
<u>GMAC MORTGAGE, LLC</u>**

I, Kai H. Richter, declare as follows:

    1.    I am counsel of record for Plaintiff Christina Ulbrich and the putative classes in the matter captioned *Ulbrich v. GMAC Mortgage, LLC et al.*, Civ. No. 11-cv-62424-RNS,

currently pending in the United States District Court for the Southern District of Florida.  I make this declaration in support of Plaintiff's motion for relief from the automatic stay pursuant to 11 U.S.C. § 362.

2. Plaintiff's action was filed on November 14, 2011.  The operative Class Action Complaint is attached hereto (without exhibits) as **Exhibit A**.

3. In early 2012, Plaintiff and GMAC entered into a Standstill Agreement to address the servicing of Plaintiff's mortgage loan during the pendency of her lawsuit.  The agreement is attached hereto as **Exhibit B**.

4. On January 13, 2012, GMAC Mortgage, LLC ("GMAC") filed a Motion to Compel Arbitration and for a Stay or, in the Alternative, to Dismiss the Complaint and Otherwise Strike the Jury Demand.  Balboa Insurance Services, Inc. ("Balboa") filed a Motion to Dismiss the Complaint on the same date.  On April 2, 2012, GMAC filed a motion to stay discovery pending the district court's ruling on the outstanding motions.  All motions have been fully briefed.  However, as of the date of this motion, no rulings have been issued by the court.

5. In early 2012, Plaintiff conferred with GMAC and Balboa pursuant to Fed. R. Civ. P. 26(f), and submitted a Joint Discovery Plan and Conference Report.  The district court issued a scheduling order on March 9, 2012.  Fact discovery is scheduled to be completed by November 14, 2012, and dispositive motions are to be filed by November 29, 2012.  The case is set for a two-week trial period beginning March 25, 2013.  Plaintiff has served discovery on GMAC and Balboa, and Balboa has responded.  Plaintiff has not been able to make further progress with discovery as to GMAC because of the imposition of the bankruptcy stay.

6. On May 17, 2012, GMAC filed a Notice of Bankruptcy and Effect of Automatic Stay.  On May 18, 2012, the district court issued an order staying the case as it pertains to

GMAC.  The court ordered the remaining parties to confer and inform the court of their positions as to whether the case should proceed against Balboa despite the stay as to GMAC, or whether the matter should be stayed in its entirety.  On May 23, 2012, Plaintiff and Balboa jointly advised the court that the case could proceed against Balboa, despite the stay as to GMAC.[1]

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing statements are true and correct.

Executed on July 3, 2012 in Minneapolis, Minnesota.

/s/ Kai Richter
KAI RICHTER

---

[1] In the joint submission, Balboa noted its view that it would be more costly and less efficient to continue the litigation without GMAC, but nonetheless acknowledged that Balboa is not protected by the automatic stay.