UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF NEW YORK;

| | |
|---|---|
| UNITED STATES of America, Ex Rel., | |
| In Re: Residential Capital, LLC., et al. ) | Case No. 12-12020 (MG) |
| ) | (Ch.11 ) |
| Debtor ) | (Related BR Case No.07-bk-57237, S.D., OHIO) |
| ) | (Related BR Case No. 12-bk-12032, S.D., N.Y.) |
| ) | JUDGE: GLENN, MARTIN |

### CREDITORS' NOTICE OF FILING AND EVIDENCE OF TRANSFER OF DEBTOR GMAC MORTGAGE, LLC, OWNERSHIP CLAIM

UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF OHIO;
(at Columbus)

[18 USC §§ 245(b)(2)(B), 664, 666][29 USC §§ 1131, 1132(h), 1140][26 USC §§ 101(h), 267(b)(1)][ 42 U.S.C. § 4651(2)]

| | |
|---|---|
| In Re: SIDNEY T. LEWIS, pro se, ) | Case No. 2:07-bk-57237 |
| ) | (Ch.7 ) |
| Debtor ) | (Related Bankr Case No. 2:05-bk-75111) |
| ) | |
| Social Security No.: xxx-xx-5959 ) | JUDGE: HOFFMAN, JOHN, Jr. |
| | |
| In Re: Yvonne D. Lewis, ) | Case No. 2:05-bk-75111 |
| ) | (Ch.7 ) |
| Debtor ) | (Related Case No. 2:07-bk-57237) |
| ) | |
| Social Security No.: xxx-xx-2390 ) | JUDGE: HOFFMAN, JOHN, Jr. |

IN THE UNITED STATES DISTRICT COURT, S. D. OF OHIO
EASTERN DIVISION (at Columbus)

| | |
|---|---|
| UNITED STATES of America, Ex Rel., | |
| Sidney T. Lewis, et al., ) | Action No. 2:08-cv-1042 |
| Plaintiffs | (Related Dist. Ct. Cases 2:08-cv-16; 2:96-cv-494; |
| Vs. ) | 2:09-cv-179); |
| | JUDGE: HOLSCHUH |
| Larry McClatchey, et al., ) | Magistrate Judge: KING |
| Defendants | |

IN THE COURT OF APPEALS, FRANKLIN COUNTY; OHIO
TENTH DISTRICT COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, EX REL. | |
| GMAC, Mortgage Co., et al., : | APPELLATE NO. _12-AP-506_ |

1 of 6 pages

|  |  |
|---|---|
| Plaintiffs/Creditor<br>Vs.<br><br>Yvonne D. Lewis, et al.,<br>Defendants/Discharged Debtors | (related Case Nos. 02-MS-20; 05-JG-6455;<br>05-CV-7346 (03-CV-7478); 03-CV-10836;<br>05-CV-4555; 03-CV-6954)(11-AP-875) |

## I. CREDITORS' NOTICE OF FILING OF EVIDENCE OF TRANSFER OF DEBTOR GMAC'S OWNERSHIP CLAIM PURSUANT TO BANKRUPTCY RULE 3001(e); AND,

## II. CREDITORS' EVIDENCE OF TRANSFER OF CLAIM NO. 12-12032 AND REQUEST FOR ORDER SUBSTITUTING "FANNIE MAE" TRANSFEREE FOR "GMAC" TRANSFEROR

### I. NOTICE OF FILING OF EVIDENCE
### OF TRANSFER OF CLAIM

TO: Bankrupt Debtor **GMAC Mortgage**, LLC. as *servicer of "at issue" residential mortgage*, [See: 15 U.S.C. §1639A(a)(1)] and to the Bankruptcy Creditor **Huntington National Bank** (HNB), as *residential mortgage loan originator of "at issue" residential mortgage*, [See: 15 U.S.C. §1639B] collectively as "the Joint Transferor(s)".

Please take notice that on **JUNE 18, 2012**, ("Transferee") FEDERAL HOME MORTGAGE ASSOCIATION (i.e. "Fannie Mae"), by and through surplus creditors, SIDNEY LEWIS and YVONNE D. LEWIS (Relators) and U.S. Attorney General, of the US DOJ, by Glenn D. Gillette[1] (Ex Relator) and filed with the BR Court Evidence of Transfer of Ownership Claim and Request for Order Substituting Transferee for Transferor, pursuant to which Transferee "Fannie Mae" submitted evidence of the prepetition loan transfer by you on **APRIL 20, 2012**, as Transferor, to Transferee of that certain

---

[1] U.S. Department of Justice, Attn: Glenn D. Gillette, Civil Division, 1100 L Street NW, Room 10018, Washington, DC 20005)

Notice of Assignment of Bid claim proof of which was filed with the Franklin County, Common Pleas Court, Columbus, Ohio, on May 31, 2012 as an Ownership Claim after the Federal Injunction under 11 USC 362(a) Stay and before a full release of fee-simple (absolute) interest in the **SEPT. 25, 1987** statutory "TAKING" by the City of Columbus under a Federal Administrative Order issued by the Federal Aviation Administration (FAA) for the 1985-1990 Noise Compatibility Program pursuant to 49 USC § 47504(a)(2)(D)&(E) .

(See and Compare: 49 USC § 47504(a)(2)(D)&(E);Compare With: 53 FR 2800)

Pursuant to Rule 3001(e)(2) of the Federal Rules of Bankruptcy Procedure, you have twenty-one (21) days from the date of this Notice within which to file a written objection to the ownership transfer of the Lot 17 Argyle Park Subdivision property claim filed May 31, 2012 to Transferee "Fannie Mae". If no objection is filed within the twenty-one (21) day period, the Court will enter an order substituting Transferee "Fannie Mae" for you as a set aside of the May 18, 2012 Interim Order under 11 USC 363(m) with said ownership claim being transferred to Debtor GMAC MORTGAGE, LLC for "Fortress Investment Co.", as the Transferor, with respect to the transferred claim.

| | |
|---|---|
| _____<br>Sidney T. Lewis, Debtor<br>1875 Alvason Avenue<br>Columbus, OH  43219 | _/s/ Yvonne D. Lewis_____<br>Yvonne D. Lewis, Spouse of Debtor<br>1875 Alvason Avenue<br>Columbus, OH  43219 |

## II. EVIDENCE OF TRANSFER

Pursuant to Rule 3001(e)(2) of the Federal Rules of Bankruptcy Procedure; 49 U.S.C. §§ 106(f)(2)(A)(ii), 47504(a)(2)(E) "land acquisition, easements,..."; 18 U.S.C. §§ 154, 245(b)(2)(B), 664, 666, 1001, 1341, 1503, 1962; Art. VI, Cl.2, And, the 14th Amend., U.S. Const.; the surplus creditors, SIDNEY LEWIS and YVONNE D. LEWIS in BR. case no. 12-bk-12020 and 12-bk-12032, S.D., N.Y., on behalf of FEDERAL HOME MORTGAGE ASSOCIATION (i.e. "Fannie Mae") (the

"Transferee") hereby files evidence of the alleged state courts' transfer by "writ of possession" of homeowners interest through a unauthorized "confirmation entry of sale and distribution of proceeds" filed on **JUNE 4, 2012** (See: EXHIBIT 1, confirmation entry, pg.2, paragragh 7, at "writ of possession") of that certain equity (interest) for Lot 17, in the Argyle Park Subdivision, aka 1875 Alvason Avenue, in this chapter 11, Bankruptcy Reorganization of equity (case) claim (the "Transferred Claim"), proof of which was filed with this Bankruptcy Court as pending prepetition BR Claim No. 12-12020 on **MAY 14, 2012**. (See: EXHIBIT 2, Notice of 341 Creditors Meeting, at Barclays DIP Order, at pg.3, at "GMAC" transfer of mortgage loans)

The Transferred Claim was allegedly sold on June 4, 2012 absent a "Release" of "seized" interest in uncompensated residential subdivision aviation easements used for aircraft "Flight Tracks" (See: 53 FR 2800) pursuant to 49 U.S.C. § 47504(a)(2)(D)&(E) before transferred by Debtor GMAC MORTGAGE, LLC (the "Transferor"), to FANNIE MAE (the "Transferee") pursuant to that certain **"REPURCHASE AGREEMENT"** for mortgage-backed securities (the **"Repurchase Agreement"**) between the Transferor(s[2]) GMAC & HNB, and the Transferee, FANNIE MAE[3], a copy of which is not attached hereto as *Exhibit A*, but is incorporated by reference to a related website. (See:<www.sec.gov/Archives/edgar/data/1261740/000119312504151879/dncsr.htm#toc36924_1>;)

No consideration was given or received in connection with the **"Repurchase Agreement"**

---

[2] (i.e., GMAC Mortgage, LLC. as *servicer of residential mortgages*, [See: 15 U.S.C. §1639A(a)(1)] and the Huntington National Bank (HNB)., as *residential mortgage loan originator*, [See: 15 U.S.C. §1639B] the **Transferor(s)**)

[3] *"Repurchase agreements.* Each Portfolio may engage in repurchase agreement transactions whereby the Portfolio takes possession of an underlying debt instrument subject to an obligation of the seller to repurchase the instrument from the Portfolio and an obligation of the Portfolio to resell the instrument at an agreed upon price and term. At all times, the Portfolio maintains the value of collateral, including accrued interest, at least 100% of the amount of the repurchase agreement, plus accrued interest. If the seller defaults or the fair value of the collateral declines, realization of the collateral by the Portfolios may be delayed or limited."
(See:<www.sec.gov/Archives/edgar/data/1261740/000119312504151879/dncsr.htm#toc36924_1>; at Notes to Financial Statements, no. 1., of SEC FORM N-CSR, for Meeder Premier Portfolios Trust);

transfer except as provided in the Assignment (HNB & FEDERAL HOME MORTGAGE ASSOCIATION Repurchase agreements[4]) Agreement, and the Assignment Agreement reflects the entire understanding and agreement between the parties.

The surplus creditors (Relators) and U.S. Attorney General (Ex Relator) on behalf of the Transferee FANNIE MAE hereby requests the Clerk(s) of the NY and OHIO Bankruptcy Court(s) immediately to mail to the Transferor(s) GMAC & HNB[5] (i.e, *CUSTODIAN for Meeder Premier Portfolios Trust*) the accompanying Notice notifying the Transferor(s) counsel of the filing of this Evidence of Transfer and that objection thereto, if any, must be filed within twenty-one (21) days of the mailing of the Notice. The address of the Transferor(s) counsels are:

1. **Proposed Counsel to the Debtor/ Transferor:**
   Larren M. Nashelsky
   Gary S. Lee
   Lorenzo Marinuzzi
   MORRISON & FOERSTER LLP
   1290 Avenue of the Americas
   New York, NY 10104

   (as counsels for GMAC Mortgage, LLC., Debtor/Loan Servicer/Agent)

2. **Proposed Counsel to the Creditor/ Transferor:**
   **Huntington Bancshares Inc. (HBAN)**
   c/o Grant & Eisenhofer
   123 S. Justison Street
   Wilmington, DE 19801
   (as counsels for HNB and HBAN, Top 50 Creditors/Loan Originator/Principal)

---

[4] (See:< www.sec.gov/Archives/edgar/data/1261740/000109380103001105/exg1-803.txt>; at Schedule of Investments, Growth Portfolio, Huntington National Bank and "FNMA", FEDERAL HOME MORTGAGE ASSOCIATION);

[5] (See:< www.sec.gov/Archives/edgar/data/1261740/000109380103001105/exg1-803.txt>;"APPOINTMENT OF CUSTODIAN. The Trust hereby constitutes and appoints the Custodian as custodian of all Securities and cash owned by each Fund at any time during the term of this Agreement.");

The surplus creditors (Relators) and U.S. Attorney General (Ex Relator) on behalf of the Transferee "FNMA" further requests the Court(s) to enter the accompanying Order substituting the Transferee for the Transferor with respect to the Transferred Claim and, providing that all notices and distributions in respect of the Transferred Claim(s) be sent to the Transferee at the following:

**Fannie Mae**
Attn John S Forlines Vice President, Credit Management
3900 Wisconsin Ave NW
Mail Stop 8H-504
Washington, DC 20016
(as transferee under Repurchase Agreements for HNB (loan originator) and FNMA (prepetition lender)

**Repurchase Agreements — 20.4%**
The Huntington National Bank, 1.11%, 07/01/04, (Collateralized by $12,258,340 FNMA, at 3.25% - 5.75%, due 06/15/05 - 05/16/08, value — $12,521,494)
Total Repurchase Agreements (Cost $12,517,000)

(See and Compare:<www.sec.gov/Archives/edgar/data/1261740/000109380103001105/exg1-803.txt>;" Mortgage Backed Securities & Private Placement Payments; Compared With: <www.sec.gov/Archives/edgar/data/1261740/000119312504151879/dncsr.htm#toc36924_1>; HNB Repurchase Agreements at Growth Portfolio of Meeder Premier Portfolios Trust)

Respectfully Submitted,

_____          *Yvonne D. Lewis* (signature)
Sidney T. Lewis, Debtor            Yvonne D. Lewis, Spouse of Debtor
1875 Alvason Avenue                1875 Alvason Avenue
Columbus, OH  43219                Columbus, OH  43219

### NOTICE AND CERTIFICATE OF SERVICE

Sidney T. Lewis, THIS IS TO CERTIFY that a copy of the foregoing "EVIDENCE OF TRANSFER of Claim" and "Notice of Filing EVIDENCE OF TRANSFER of Claim" were sent electronically or by ordinary United States mail to the Transferee and Transferor, on *June 18, 2012*.

_____          *Yvonne D. Lewis* (signature)
Sidney T. Lewis, Debtor            Yvonne D. Lewis, Non-Filing Spouse of Debtor

IN THE COURT OF COMMON PLEAS
FRANKLIN COUNTY, OHIO

| | |
|---|---|
| **GMAC Mortgage Corporation** | Case No. 05CVE-04-4555 |
| Plaintiff, | Judge Julie M. Lynch |
| vs. | |
| Yvonne D. Lewis aka Yvonne D. Webb-Lewis, et al. | **CONFIRMATION ENTRY OF SALE AND DISTRIBUTION OF PROCEEDS** |
| Defendants. | |

This action was heard on the return of the Sheriff of Franklin County of the sale of property commonly known as 1875 Alvason Avenue, Columbus, OH 43219, parcel no. 010-136633-00 (the "Property"). The legal description of the Property is attached to this order as Exhibit A, which is incorporated herein by reference.

1. The Property was sold by the Sheriff on April 20, 2012 to GMAC Mortgage Corporation for the following amount: **$81,480.00**. Plaintiff subsequently assigned its bid to Federal National Mortgage Association ("Plaintiff's Assignee").

2. Having carefully examined the proceedings of the officer, the Court finds that the sale of the Property conformed in all respects to the law and the prior orders of this Court and hereby confirms and approves the sale of the Property and these proceedings.

3. The Sheriff shall convey the Property to Federal National Mortgage Association by deed

Ref# 05-2846/NNW

EXHIBIT 1

according to law free and clear of all liens and encumbrances and shall issue the deed in the following name: Federal National Mortgage Association.

4. The tax mailing address of the purchaser of the Property is as follows: P.O. Box 650043, Dallas, TX 75265-0043.

5. The prior deed reference with respect to the Property is as follows: Deed filed May 5, 1997, recorded in Official Records Volume 35026, Page G14, Recorder's Office, Franklin County, Ohio.filed May 23, 1990, recorded in Official Records Volume 15237, Page D07, Recorder's Office, Franklin County, Ohio.

6. The purchaser of the Property is hereby subrogated to the rights of the mortgagees and lien holders in the Property to the extent necessary to protect the purchaser's title to the Property.

7. The Court hereby grants the purchaser of the Property a writ of possession to put the purchaser in possession of the Property.

8. The Court hereby orders the release of all mortgages and liens held by all parties to this action. As a result, the Clerk of Courts shall cause certificates of satisfaction and release to be presented for recording by the County Recorder with respect to each of the mortgages and liens listed on Exhibit B, which is attached to this order for the convenience of the Clerk of Courts and incorporated herein by reference. Such mortgages and liens shall be released only to the extent that they encumber the property foreclosed upon in this action and not to the extent that they encumber any other property.

9. Because Federal National Mortgage Association is the assignee of the successful bid of GMAC Mortgage Corporation, which holds a valid and subsisting mortgage on the Property, Federal National Mortgage Association need not pay the full amount of the

Ref# 05-2846/NNW

12-12020-mg Doc 673 Filed 06/19/12 Entered 07/03/12 14:55:32 Main Document Pg 9 of 16
Franklin County Ohio Clerk of Courts of the Common Pleas- 2012 Jun 04 9:39 AM-05CV004555
0A465 - O66

purchase price to the Sheriff. Instead, Federal National Mortgage Association need only pay an amount necessary to pay court costs, real estate taxes and assessments, and Sheriff's costs. The deposit amount of **$350.00** tendered at the Sheriff's sale shall be distributed as follows:

a. The Clerk of Courts shall be paid **$399.00** for court costs.
b. The County Treasurer shall be paid **$1,046.69** for taxes and assessments currently due on the Property and payable through full year 2011 as well as an estimated portion of the 2012 taxes pro-rated through MAY 28, 2012. Grantee takes title subject to all taxes, interest, penalties, assessments, and tax lien certificates if any.
c. The Sheriff shall be paid **$125.00** for Sheriff's costs.
d. The Auditor shall be paid **$163.50** for conveyance fees and transfer tax.
e. The Recorder shall be paid **$36.00** for recording the deed.
f. Since the deposit is not sufficient to satisfy these items, the Plaintiff's Assignee shall pay the Sheriff the deficit of **$1,420.19** to cover all requisite disbursements.

10. The following amount shall be applied as a credit toward the amount of the judgment previously entered in favor of the Plaintiff: **$79,709.81**.

**IT IS SO ORDERED.**

                                                            Judge Julie M. Lynch
                                                            Common Pleas Judge

Approved:

/s/ Matthew J Richardson
Matthew J. Richardson (0077157)
Holly N. Wolf (0068847)
Manley Deas Kochalski LLC
P. O. Box 165028
Columbus, OH 43216-5028
Telephone: 614-222-4921
Fax: 614-220-5613
Email: mjr2@mdk-llc.com
Attorney for Plaintiff

Via fax 5/25/12
Mary Johnson
Assistant Prosecutor
373 South High Street
17th Floor
Columbus, OH 43215
Via Email
Attorney for Franklin County Treasurer

Ref# 05-2846/NNW

## EXHIBIT A

### Legal Description of the Property

Situated in the County of Franklin, in the State of Ohio, and in the City of Columbus:

Being Lot Number Seventeen (17) of ARGYLE PARK SUBDIVISION, as the same is numbered and delineated upon the recorded plat thereof, of record in Plat Book 36, Page 6, Recorder's Office, Franklin County, Ohio.

Parcel No. 010-136633-00

Address: 1875 Alvason Avenue, Columbus, OH 43219

Property Address: 1875 Alvason Avenue, Columbus, OH 43219

Parcel No. 010-136633-00

Ref# 05-2846/NNW

## EXHIBIT B

### Mortgages and Liens to be Released

Mortgage in favor of The Huntington Mortgage Company, 7575 Huntington Park Drive, Columbus, OH 43235, from Yvonne D. Lewis aka Yvonne D. Webb-Lewis and Sidney T. Lewis, Husband and Wife, in the amount of $63,400.00, dated March 9, 2001, filed March 20, 2001, recorded as Official Instrument No. 200103200055720, Recorder's Office, Franklin County, Ohio,

as assigned by The Huntington Mortgage Company to GMAC Mortgage Corporation, 3451 Hammond Avenue, Waterloo, IA 50702, by Assignment dated October 4, 2001, filed November 14, 2001, recorded in Official Instrument No. 200111140262914, Recorder's Office, Franklin County, Ohio.

Ref# 05-2846/NNW

Franklin County Court of Common Pleas

**Date:** 06-04-2012

**Case Title:** GMAC MORTGAGE CORPORATION -VS- YVONNE D LEWIS

**Case Number:** 05CV004555

**Type:** CONFIRMATION OF SALE

It Is So Ordered.

/s/ Judge Julie M. Lynch

Electronically signed on 2012-Jun-04    page 6 of 6

| UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF NEW YORK ||
|---|---|
| In re Residential Capital, LLC, et al., Debtors. | Chapter 11 Case No: 12-12020 (MG) (Jointly Administered) |

**NOTICE OF CHAPTER 11 BANKRUPTCY CASES, MEETING OF CREDITORS, AND DEADLINES**

Chapter 11 bankruptcy cases concerning the Debtors listed below were filed on May 14, 2012. You may be a creditor of one of the Debtors. This notice lists important deadlines. You may want to consult an attorney to protect your rights. All documents filed with the Bankruptcy Court, including lists of the Debtors' properties and debts, are available for inspection at the office of the Clerk of the Bankruptcy Court and the Bankruptcy Court's website, www.nysb.uscourts.gov or by accessing the website maintained by the Debtors' claims and noticing agent, www.kccllc.net/rescap. Note that a PACER password is needed to access documents on the Bankruptcy Court's website (a PACER password may be obtained by accessing the PACER website, http://pacer.psc.uscourts.gov). NOTE: The staff members of the office of the Clerk of the Bankruptcy Court and the Office of the United States Trustee cannot give legal advice.

If you have any questions regarding this notice, please call the ResCap Homeowner Hotline at (888) 926-3479. You may also submit an inquiry online at www.kccllc.net/rescap.

| Name of Debtor | Case Number | Tax Identification Number |
|---|---|---|
| Residential Funding Company, LLC | 12-12019 (MG) | 93-0891336 |
| Residential Capital, LLC | 12-12020 (MG) | 20-1770738 |
| ditech, LLC | 12-12021 (MG) | 23-2887228 |
| DOA Holding Properties, LLC | 12-12022 (MG) | 26-1424257 |
| DOA Properties IX (Lots-Other), LLC | 12-12023 (MG) | 26-2783274 |
| EPRE LLC | 12-12024 (MG) | 26-2747974 |
| Equity Investment I, LLC | 12-12025 (MG) | 02-0632797 |
| ETS of Virginia, Inc. | 12-12026 (MG) | 26-4051445 |
| ETS of Washington, Inc. | 12-12027 (MG) | 45-2910665 |
| Executive Trustee Services, LLC | 12-12028 (MG) | 23-2778943 |
| GMAC-RFC Holding Company, LLC | 12-12029 (MG) | 23-2593763 |
| GMAC Model Home Finance I, LLC | 12-12030 (MG) | 26-2748469 |
| GMAC Mortgage USA Corporation | 12-12031 (MG) | 20-4796930 |
| GMAC Mortgage, LLC | 12-12032 (MG) | 23-1694840 |
| GMAC Residential Holding Company, LLC | 12-12033 (MG) | 91-1902190 |
| GMACRH Settlement Services, LLC | 12-12034 (MG) | 23-3036156 |
| GMACM Borrower LLC | 12-12035 (MG) | 45-5064887 |
| GMACM REO LLC | 12-12036 (MG) | 45-5222043 |
| GMACR Mortgage Products, LLC | 12-12037 (MG) | 03-0536369 |
| HFN REO Sub II, LLC | 12-12038 (MG) | None |
| Home Connects Lending Services, LLC | 12-12039 (MG) | 25-1849412 |
| Homecomings Financial Real Estate Holdings, LLC | 12-12040 (MG) | 26-2736869 |
| Homecomings Financial, LLC | 12-12042 (MG) | 51-0369458 |
| Ladue Associates, Inc. | 12-12043 (MG) | 23-1893048 |
| Passive Asset Transaction, LLC | 12-12044 (MG) | 51-0404130 |
| PATI A, LLC | 12-12045 (MG) | 26-3722729 |
| PATI B, LLC | 12-12046 (MG) | 26-3722937 |
| PATI Real Estate Holdings, LLC | 12-12047 (MG) | 27-0515201 |
| RAHI A, LLC | 12-12048 (MG) | 26-3723321 |
| RAHI B, LLC | 12-12049 (MG) | 26-3723553 |
| RAHI Real Estate Holdings, LLC | 12-12050 (MG) | 27-0515287 |
| RCSFJV2004, LLC | 12-12051 (MG) | 20-3802722 |
| Residential Accredit Loans, Inc. | 12-12052 (MG) | 51-0368240 |
| Residential Asset Mortgage Products, Inc. | 12-12053 (MG) | 41-1955181 |
| Residential Asset Securities Corporation | 12-12054 (MG) | 51-0362653 |
| Residential Consumer Services of Alabama, LLC | 12-12055 (MG) | 63-1105449 |
| Residential Consumer Services of Ohio, LLC | 12-12056 (MG) | 34-1754796 |
| Residential Consumer Services of Texas, LLC | 12-12057 (MG) | 75-25010515 |
| Residential Consumer Services, LLC | 12-12058 (MG) | 20-4812167 |

HOMEOWNER

EXHIBIT 2

| Residential Funding Mortgage Exchange, LLC | 12-12059 (MG) | 41-1674247 |
|---|---|---|
| Residential Funding Mortgage Securities I, Inc. | 12-12060 (MG) | 75-2006294 |
| Residential Funding Mortgage Securities II, Inc. | 12-12061 (MG) | 41-1808858 |
| Residential Funding Real Estate Holdings, LLC | 12-12062 (MG) | 26-2736505 |
| Residential Mortgage Real Estate Holdings, LLC | 12-12063 (MG) | 26-2737180 |
| RFC-GSAP Servicer Advance, LLC | 12-12064 (MG) | 26-1960289 |
| RFC Asset Holdings II, LLC | 12-12065 (MG) | 41-1984034 |
| RFC Asset Management, LLC | 12-12066 (MG) | 06-1664678 |
| RFC Borrower LLC | 12-12068 (MG) | 45-5065558 |
| RFC Construction Funding, LLC | 12-12069 (MG) | 41-1925730 |
| RFC REO LLC | 12-12070 (MG) | 45-5222407 |
| RFC SFJV-2002, LLC | 12-12071 (MG) | 06-1664670 |

| **Proposed Attorneys for Debtors**<br>Larren M. Nashelsky<br>Gary S. Lee<br>Lorenzo Marinuzzi<br>MORRISON & FOERSTER LLP<br>1290 Avenue of the Americas<br>New York, New York 10104<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900 | **DATE, TIME, AND LOCATION OF MEETING OF CREDITORS PURSUANT TO BANKRUPTCY CODE SECTION 341(a)**<br>June 25, 2012 at 1:00 p.m. (ET)<br>80 Broad Street, Fourth Floor<br>New York, New York 10004 |
|---|---|

| **DEADLINE TO FILE A PROOF OF CLAIM** None at this time. When the Bankruptcy Court sets a claims deadline, you will be notified and provided a proof of claim form by mail. |
|---|

| **DEADLINE TO FILE A COMPLAINT TO DETERMINE DISCHARGEABILITY OF CERTAIN DEBTS**<br>None at this time. |
|---|
| CREDITORS MAY NOT TAKE CERTAIN ACTIONS AGAINST THE DEBTORS IN MOST INSTANCES, BECAUSE THE FILING OF THE BANKRUPTCY CASE AUTOMATICALLY STAYS CERTAIN COLLECTION AND OTHER ACTIONS AGAINST THE DEBTORS AND THE DEBTORS' PROPERTY. UNDER CERTAIN CIRCUMSTANCES, THE STAY MAY BE LIMITED TO 30 DAYS OR NOT EXIST AT ALL, ALTHOUGH THE DEBTORS CAN REQUEST THE BANKRUPTCY COURT TO EXTEND OR IMPOSE A STAY. IF YOU ATTEMPT TO COLLECT A DEBT OR TAKE OTHER ACTION IN VIOLATION OF THE BANKRUPTCY CODE, YOU MAY BE PENALIZED. COMMON EXAMPLES OF PROHIBITED ACTIONS BY CREDITORS ARE CONTACTING THE DEBTORS TO DEMAND REPAYMENT, TAKING ACTION AGAINST THE DEBTORS TO COLLECT MONEY OWED TO CREDITORS OR TO TAKE PROPERTY OF THE DEBTORS, AND STARTING OR CONTINUING COLLECTION ACTIONS, FORECLOSURE ACTIONS, OR REPOSSESSIONS. CONSULT A LAWYER TO DETERMINE YOUR RIGHTS IN THIS CASE. |

| Address of the Clerk of the Bankruptcy Court<br>Clerk of the United States Bankruptcy Court, One Bowling Green, New York, New York 10004 | For the Bankruptcy Court: Vito Genna Clerk of the Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004. |
|---|---|
| Hours Open: 8:30 a.m. – 5:00 p.m. | Date: May 24, 2012 |
| Filing of Chapter 11 Bankruptcy Case | A bankruptcy case under chapter 11 of the Bankruptcy Code (title 11, United States Code) has been filed in this Bankruptcy Court by each of the Debtors named above, and an order for relief has been entered. Chapter 11 allows a debtor to reorganize or liquidate pursuant to a plan. A plan is not effective unless confirmed by the Bankruptcy Court. You may be sent a copy of the plan and disclosure statement telling you about the plan, and you might have an opportunity to vote on the plan. You will be sent a notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the Debtors will remain in possession of the Debtors' property and may continue to operate their business. |
| Legal Advice | Staff of the office of the Clerk of the Bankruptcy Court cannot give legal advice. Consult a lawyer to determine your rights in this case. |
| Creditors Generally May Not | Prohibited collection actions are listed in Bankruptcy Code § 362. Common examples of prohibited actions include contacting the Debtors by telephone, mail, or otherwise to demand |

2

HOMEOWNER

| | |
|---|---|
| Take Certain Actions | repayment; taking actions to collect money or obtain property from the Debtors; repossessing the Debtors' property; and starting or continuing lawsuits or foreclosures. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time, and location listed above. *The Debtors' representative must be present at the meeting to be questioned under oath by the trustee and by creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date without further notice. |
| Notice | You will not receive notice of all documents filed in these chapter 11 cases. On May 23, 2012, the Bankruptcy Court entered its Order Under bankruptcy Code Sections (102)(1), 105(a) and 105(d), Bankruptcy Rules 1015(c), 2002(m) and 9007 and Local Bankruptcy Rule 2002-2 Establishing Certain Notice, Case Management and Administrative Procedures (the "Notice Procedures Order"). The Notice Procedures Order describes the notice procedures that apply in these chapter 11 cases. All parties who desire to participate in these chapter 11 cases must follow the procedures set forth in the Notice Procedures Order. Parties can obtain a copy of the Notice Procedures Order and all other documents filed electronically with the Bankruptcy Court in these cases, including lists of the Debtors' property and debts, by: (i) contacting the office of the Clerk of the Bankruptcy Court at One Bowling Green, New York, New York 10004-1408, (ii) accessing the Bankruptcy Court's website at www.nysb.uscourts.gov. Note that a PACER (http://www.pacer.psc.uscourts.gov) password and login are needed to access documents on the Court's website; (iii) accessing the website maintained by the Debtors' claims and noticing agent at www.kccllc.net/rescap; or (iv) contacting the Debtors' counsel at: Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York 10104 (Attn: Larren M. Nashelsky, Esq., Gary S. Lee, Esq. and Lorenzo Marinuzzi, Esq.). |
| Claims | Schedules of liabilities will be filed pursuant to Bankruptcy Rule 1007. Any creditor holding a scheduled claim which is not identified as disputed, contingent, or unliquidated as to amount may, but is not required to, file a proof of claim in these cases. Creditors whose claims are not scheduled or whose claims are scheduled as disputed, contingent, or unliquidated as to amount and who desire to participate in these cases or share in any distribution must file a proof of claim. A creditor who relies on the schedule of liabilities has the responsibility for determining that the claim is listed accurately. A form of proof of claim and notice of the deadline for filing such proof of claim will be sent to you later. A deadline for the last day for filing proofs of claim has not yet been established. |
| Discharge of Debts | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. *See* Bankruptcy Code § 1141(d). A discharge means that you may never try to collect the debt from the Debtors, except as provided in the plan. If you believe that a debt owed to you is not dischargeable under Bankruptcy Code § 1141(d)(6)(A), you must start a lawsuit by filing a complaint in the office of the Clerk of the Bankruptcy Court by the deadline established by the Bankruptcy Court. |
| Barclays DIP Order | The Bankruptcy Court is considering the entry of several "final orders," including the final order (the "Barclays DIP Order") to grant the Debtors' Motion For Interim And Final Orders Pursuant To 11 U.S.C. §§ 105, 362, 363(b)(1), 363(f), 363(m), 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) And 364(e) And Bankruptcy Rules 4001 And 6004 (I) Authorizing The Debtors To (A) Enter Into And Perform Under Receivables Purchase Agreements And Mortgage Loan Purchase And Contribution Agreements Relating To Initial Receivables And Mortgage Loans And Receivables Pooling Agreements Relating To Additional Receivables, And (B) Obtaining Postpetition Financing On A Secured, Superpriority Basis, (II) Scheduling A Final Hearing Pursuant To Bankruptcy Rules 4001(b) and 4001(c), And (III) Granting Related Relief.<br><br>The Debtors are seeking to have the Barclays DIP Order provide, among other things, that the transfers of mortgage loans and servicing advance receivables from Debtors GMAC Mortgage LLC and Residential Funding Company LLC to Debtors GMACM Borrower LLC to RFC Borrower LLC were or are, as applicable, free and clear of all liens, claims and encumbrances pursuant to Section 363(f) of the Bankruptcy Code. |
| Office of the Clerk of the Bankruptcy Court | Any paper that you file in these bankruptcy cases should be filed at the office of the Clerk of the Bankruptcy Court at the address listed in this notice. You may inspect all papers filed, including the list of the Debtors' property and debts and the list of property claimed as exempt, at the office of the Clerk of the Bankruptcy Court. |
| Foreign Creditors | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |

3

HOMEOWNER

GMAC Mortgage,
c/o KCC
PO Box 5004
Hawthorne, CA 90250

087277



PRF 49070    1853755

SIDNEY T. LEWIS
1875 ALVASON AVE
COLUMBUS OH 43219