UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF NEW YORK;

|  |  |
|---|---|
| In Re: Residential Capital, LLC., et al., And, ) | Case No. 12-bk-12020 (MG) |
| In Re: GMAC, Mortgage Co., et al, ) | Chapter___ (Ch.11, Joint Admin. ) |
| Debtors ) | (Related BR Case No.07-bk-57237, S.D., OHIO) |
| ) | (Related BR Case No. 12-bk-12032, S.D., N.Y.) |
| ) | JUDGE: GLENN, MARTIN |
| UNITED STATES of America, Ex Rel., ) | |
| Yvonne D. Lewis, et al., ) | Adversary Case No.: _____ |
| Plaintiffs/ Surplus Creditors ) | (Related Case No. 12-bk-12020 (MG); |
| Vs. ) | 05-CV-7346 (03-CV-7478); 03-CV-10836; |
| ) | 05-CV-4555; 03-CV-6954);(11-AP-875, |
| GMAC, Mortgage Co., et al, ) | COA10th Dist., OHIO), (10-AP-110, COA10th |
| Defendants/ Bankrupt Debtor, ) | Dist., OHIO) |

## MOTION FOR AN ORDER OF CONTEMPT AND OBJECTION/MOTION TO VACATE INTERIM ORDER UNDER DOC 13-3 PURSUANT TO BANKRUPTCY RULES 9013, 9014, 9020, 9024, 1018 (CITING 11 U.S.C. §§ 105(A), 362, 524, 553); 18 USC §§ 664, 1962; 28 USC §§ 157, 1406, 1631; U.S. CONSTITUTION, ART. VI, CL.2 AND 5TH & 14TH AMENDMENTS;

UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF OHIO;
(at Columbus)

[18 USC §§ 245(b)(2)(B), 664, 666, 1962][29 USC §§ 1131, 1132(h), 1140]
[26 USC §§ 101(h), 267(b)(1)][42 U.S.C. §§ 4651(2),7407(d)(1)(C)(i)]

|  |  |
|---|---|
| In Re: SIDNEY T. LEWIS, pro se, ) | Case No. 2:07-bk-57237 |
| ) | (Ch.7 ) |
| Debtor ) | (Related Bankr Case No. 2:05-bk-75111) |
| ) | |
| Social Security No.: xxx-xx-5959 ) | JUDGE: HOFFMAN, JOHN, Jr. |
| | |
| In Re: Yvonne D. Lewis, ) | Case No. 2:05-bk-75111 |
| ) | (Ch.7 ) |
| Debtor ) | (Related Case No. 2:07-bk-57237) |
| ) | |
| Social Security No.: xxx-xx-2390 ) | JUDGE: HOFFMAN, JOHN, Jr. |

IN THE UNITED STATES DISTRICT COURT, S. D. OF OHIO
EASTERN DIVISION (at Columbus)

|  |  |
|---|---|
| UNITED STATES of America, Ex Rel., ) | |
| Sidney T. Lewis, et al., ) | Action No. 2:08-cv-1042 |

1 of 10 pages

Plaintiffs

Vs.

Larry McClatchey, et al.,

Defendants

) (Related Dist. Ct. Cases 2:08-cv-16; 2:96-cv-494;
)   2:09-cv-179);
    JUDGE: HOLSCHUH
)   Magistrate Judge: KING

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

FRIENDS OF THE EARTH, et al.,
          Plaintiff,

Vs.

UNITED STATES E.P.A. and
LISA JACKSON, Administrator,
          Defendants.

)
)   Case: 1: 12-cv-00363
)
)
)   Assigned To: Jackson, Amy Berman, Judge
)
)
)
)
)

## IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

SECURITIES AND EXCHANGE COMMISSION )
Plaintiff,

vs.

AMERICAN EQUITY INVESTMENT LIFE
HOLDING COMPANY;
DAVID J. NOBLE; and
WENDY C. WAUGAMAN,
Defendants.

)
)
)   Case No. 4:10-cv-87
)
)
)
)
)
)

## IN THE COURT OF APPEALS, FRANKLIN COUNTY; OHIO
## TENTH DISTRICT COURT OF APPEALS

UNITED STATES OF AMERICA, EX REL.

GMAC, Mortgage Co., et al.,
          Plaintiffs/Creditor

Vs.

Yvonne D. Lewis, et al.,
          Defendants/Discharged Debtors

:   Case No. 12-AP-506, COA10th Dist., Ohio
    (Related Case Nos. 02-MS-20; 05-JG-6455;
:   05-CV-7346 (03-CV-7478); 03-CV-10836;
    05-CV-4555; 03-CV-6954)(11-AP-875)
:

**MOTION FOR AN ORDER OF CONTEMPT AND OBJECTION/MOTION TO VACATE
INTERIM ORDER UNDER DOC 13-3 PURSUANT TO BANKRUPTCY RULES 9013, 9014,
9020, 9024, 1018 (CITING 11 U.S.C. §§ 105(A), 362, 524, 553); 18 USC §§ 664, 1962; 28 USC §§
157, 1406, 1631; U.S. CONSTITUTION, ART. VI, CL.2 AND 5TH & 14TH AMENDMENTS;**

I.     MOTION FOR AN ORDER OF CONTEMPT

Alleged Creditors, SIDNEY LEWIS and YVONNE D. LEWIS, pro se, move for an order for contempt

and to Vacate Interim Order entered May 14, 2012 (See: Doc. 13-1, at Exhibit A, Interim Order) framed

as an Objection to Debtors GMAC Mortgage LLC's and Rescap's Agreements as relief under the

Interim Order pursuant to 11 USC 363 in case no. 12-bk-12020 (case no. 12-bk-12032) entered May 14,

2012 at Doc. 13-1 (See: Doc. 13-1, Interim Order), and in support of its motion states that:

1.0. On **JUNE 24, 2003** GMAC Mortgage LLC as "servicer" first brought suit against aforesaid

Creditors SIDNEY LEWIS and YVONNE D. LEWIS (spouse) in CPC case no. 03-CV-6954,

Franklin County, Ohio in reference to a legally "defective" mortgage note executed in December

1999 for Lot 11.  Said Note and alleged Mortgage were "pre-empted" as subject to the fee-simple

interest of the Federal Aviation Administration (FAA)'s September 25, 1987 "Regulatory

Acquisition" [see: 53 FR 2800] of the ARGYLE PARK SUBDIVISION ("APS") properties, i.e.,

uncompensated aviation easements ("AV-Easements") for "regulating flight paths" [see: 49 USC

§47504(a)(2)(D)&(E)]" which 'impliedly pre-empted local control of aircraft noise[1]' and air

pollution in Columbus, Ohio, over 1913 Argyle Drive, Columbus, Ohio [Lot 11]:

LEGAL DESCRIPTION OF THE PROPERTY

Situated in the County of Franklin, in the State of Ohio, and in the City of Columbus:
Being all of Lot No. Eleven (11) of Argyle Park Subdivision, as the same is

---

[1] "49 U.S.C. § 40103(a) (expressly pre-empting, inter alia, local regulation of aircraft noise by regulating
flight paths) and City of Burbank, 411 U.S. at 633, 93 S. Ct. at 1859-60(concluding that "pervasive
nature" of federal regulation impliedly pre-empts local control of aircraft noise). (See: Nat'l Bus.
Aviation Ass'n v. City of Naples Airport Auth., 162 F. Supp. 2d 1343, 1352)

numbered and delineated upon the recorded plat thereof, of record in Plat Book 36, Page 6, Recorder's Office, Franklin County, Ohio.

Property address: 1913 Argyle Drive, Columbus, Ohio 43219
Parcel No. 010-136627-00

1.1.    On **APRIL 22, 2005** GMAC Mortgage LLC as "servicer" brought a second lawsuit against aforesaid Creditors SIDNEY LEWIS and YVONNE D. LEWIS in CPC case no. 05-CV-4555, Franklin County, Ohio in reference to 1987 **"taking"** of uncompensated "AV-Easement" and "breached" mortgage note executed in March 2001 for Lot 17, in "APS", subject to Federal statutory *"authority of the Administrator of the Federal Aviation Administration*[2]*"* [see: 49 U.S.C. § 44715(c)] under Aviation Safety Noise Abatement Act ("ASNA") regulations to control and abate aircraft noise under the "Secretary of Transportation[3]" i.e., FAA,ROA, B-4 for **"part 150 Regulations**[4]**"** on or after **SEPTEMBER 25, 1987** [see: 53 FR 2800, at 14 CFR §150.21] for uncompensated "AV-Easements" [see: Id. §47504(a)]" over 1875 Alvason Avenue, Columbus, Ohio [Lot 17]:

### LEGAL DESCRIPTION OF THE PROPERTY

Situated in the County of Franklin, in the State of Ohio, and in the City of Columbus: Being all of Lot No. Seventeen (17) of ARGYLE PARK SUBDIVISION, as the same is numbered and delineated upon the recorded plat thereof, of record in Plat Book 36, Page 6, Recorder's Office, Franklin County, Ohio.

---

[2] See: 49 U.S.C. § 44715(c) reads in pertinent parts: "(c) Proposed Regulations of Administrator of Environmental Protection Agency.— The Administrator of the Environmental Protection Agency shall submit to the Administrator of the Federal Aviation Administration proposed regulations to control and abate aircraft noise and sonic boom (including control and abatement through the use of the **authority of the Administrator of the Federal Aviation Administration)**\*\*\*."

[3] "ASNA, codified at 49 U.S.C. § 47501 et seq., directs the Secretary of Transportation to establish "a single system of measuring noise" from aircraft operations and the exposure of individuals to that noise. 49 U.S.C. § 47502."

(See: Nat'l Bus. Aviation Ass'n v. City of Naples Airport Auth., 162 F. Supp. 2d 1343, 1350 (2001))

[4] "The FAA implements ASNA through regulations found at 14 C.F.R. § 150 ("Part 150")." (See: Nat'l Bus. Aviation Ass'n v. City of Naples Airport Auth., 162 F. Supp. 2d 1343, 1350 (M.D. Fla. 2001))

Property address: 1875 Alvason Avenue, Columbus, Ohio 43219

Parcel No. 010-136633-00
as allegedly related to this "core" chapter 11, Bankruptcy Reorganization case.

2.0. On **MAY 14, 2012** GMAC Mortgage LLC as "servicer" filed a "Notice of Assignment of Advance reimbursement Rights" in Lots 11 and 17, in the ARGYLE PARK SUBDIVISION ("APS") to itself as PURCHASER on or before **JUNE 25, 2012** in BR case no. 12-bk-12020.

(See: **EXHIBIT A**, at Doc 13-3, at "Notice of Assignment of Advance reimbursement Rights", case no. 12-bk-12020, **MAY 14, 2012**)

3.0. On **MAY 31, 2012** GMAC Mortgage LLC as "servicer" "Notice of Assignment of Bid" to Fannie Mae as PURCHASER in CPC case no. 05-CV-4555.

 (See: **EXHIBIT B**, "Notice of Assignment of Bid" in CPC case no. 05-CV-4555, **MAY 31, 2012**)

4.0. On or before **JUNE 25, 2012** GMAC Mortgage LLC as "servicer" failed to give "Notice of Assignment of Bid" to Fannie Mae as PURCHASER of "AV-Easements" in "APS" for CPC case no. 03-CV-6954.

(See: **EXHIBIT C**, "Confirmation Entry of Sale and Distribution of Proceeds" to Third Party)

5.0. SIDNEY LEWIS and YVONNE D. LEWIS are named Creditors in both BR Case No. 12-bk-12020 and No. 12-bk-12032, S.D., N.Y.; and are Discharged Debtors as Surplus Creditors in both BR Case No. 2:05-bk-75111 and No. 2:07-bk-57237, S.D., Ohio.

> "Discharge violations—which, under 11 U.S.C. § 524*** is provided by 11 U.S.C. § 105(a), which complements "the inherent powers of a federal court to enforce its own orders," Solow v. Kalikow (In re Kalikow), 602 F.3d 82, 96 (2d Cir. 2010), *** Walls v. Wells Fargo Bank, N.A., 276 F.3d 502, 510 (7th Cir. 2002). Permitting an independent action in the district court would permit the plaintiff to "directly contravene the Bankruptcy Code's remedial scheme." Diamante v. Solomon & Solomon, P.C., No. 1:99CV1339, 2001 U.S. Dist. LEXIS 14818, 2001 WL 1217226, at *6 (N.D.N.Y. Sept. 18, 2001)."

(See: Killion v. N.Y. State Dep't of Taxation & Fin., 2012 U.S. Dist. LEXIS 46075, 9-10 (N.D.N.Y Apr. 2, 2012); Also See: Chiang v. Neilson (In re Death Row Records, Inc.), 2012 Bankr. LEXIS 1227,

HN28, (B.A.P. 9th Cir. Mar. 21, 2012); as harmonized with Barrientos v. Wells Fargo Bank, N.A., 633 F.3d 1186 (9th Cir.2011).

> "section 1406 applies to actions that are brought in an **impermissible forum**; the district court need not have personal jurisdiction over defendants before transferring pursuant to this section. Martin, 623 F.2d at 471, 474."

(See: **Jackson v. L&F Martin Landscape, 421 Fed. Appx. 482, 483 (6th Cir. Ohio 2009)**)

It follows that GMAC's failed to file its Notices of Assignment to RFC and Fannie Mae for 1913 Argyle Drive and 1875 Alvason Avenue (i.e. "APS") properties in both Ohio BR Case Nos. 2:05-bk-75111 and No. 2:07-bk-57237, S.D., Ohio to effect a turnover of claims to the Trustees of named creditors SIDNEY LEWIS and YVONNE D. LEWIS as DISCHARGED DEBTORS (Killion Id.) for a right to "set-off" 11 USC § 553 in the New York Interim Order in case no. 12-bk-12020 (case no. 12-bk-12032) on before May 24, 2012 as an **impermissible forum**. 28 USC §§ 157, 1406, 1631 applies to actions such as this that are brought in an **impermissible forum** for a 11 USC § 553 Set-off.

Authorities: Barrientos v. Wells Fargo Bank, N.A., 633 F.3d 1186 (9th Cir.2011) and Killion v. N.Y. State Dep't of Taxation & Fin., 2012 U.S. Dist. LEXIS 46075, 9-10 (N.D.N.Y Apr. 2, 2012)

More to the point, on **May 14, 2012** the "APS" properties were not includable in the GMAC Bankruptcy estate in the United States Bankruptcy Court for the Southern District of New York due to several material facts, i.e. the fee-simple equity interest in aforesaid restricted residential "APS" properties were unconstitutionally "taken" by an "FAA", "Record of Approval" (FAA, ROA, B-4) as an unauthorized "Land Use Control" over the private "APS" "AV-Easements" in violation of the 5th Amendment of the US constitution on September 25, 1987 (See: 53 FR 2800 eff. September 25, 1987) under said FAA **"regulatory taking"** near Port Columbus International Airport and protected by Executive Order 12630 issued on March 15, 1988 "Protecting the Property Rights of the American People" (See: 53 FR 8859, at EO 12630) against the Head of the Federal Agency over the Federal Aviation Administration 49 U.S.C. §§106(f)(2)(A)(ii), 47504(a)(2)(D)&(E) in connection with "the acquisition and maintenance of property, services, and equipment of the Administration" over uncompensated private aviation easements over ARGYLE PARK SUBDIVISION for Aircraft and Airport "Flight Tracks". (Compare: 53 FR 2800 "Flight Tracks"; With: 53 FR 8859 Executive Order 13406 at Sect. 4(c) issued on June 23, 2006 "Protecting the Property Rights of the American People")

Respectfully Submitted,

Dated: June 25, 2012. _Sidney Lewis_   Dated: June 25, 2012. _Yvonne D. Lewis_
Sidney T. Lewis, Debtor                  Yvonne D. Lewis, Spouse of Debtor
1875 Alvason Avenue                      1875 Alvason Avenue
Columbus, OH 43219                       Columbus, OH 43219
(614) 940-3306                           (614) 940-3306


## OBJECTION/MOTION TO VACATE INTERIM ORDER FOR RELIEF UNDER DOC 13-3

Yvonne D. Lewis and Sidney T. Lewis, as OHIO Discharged Debtors and Surplus Creditors in the above-captioned Ohio BR Case Nos. 2:05-bk-75111 and No. 2:07-bk-57237, S.D., Ohio for the "at issue" ARGYLE PARK SUBDIVISION ("APS") properties, respectfully represent that the "first BR court *jurisdiction*" is in Ohio (at Columbus), due to the fact that between 2005 to 2008 GMAC Mortgage submitted requests for relief as "jurisdictional standing questions[5]" in the above-entitled Ohio BR cases under the Power of the Court 11 USC §§ 105(a), 362 as subject to 49 USC §§ 106(f)(2)(A)(ii), 47504(a)(2)(E). Consequently, Movant Lewis shows the necessity for a 'Transfer to Cure' "first court" Jurisdiction under fundamental principles of "separation of powers" pursuant to 28 USC §§ 1406 , 1631:

1. On or about **May 14, 2012** a Ch. 11, voluntary petition in N.Y. bankruptcy case nos. 12-bk-12020 (case no. 12-bk-12032) was filed by GMAC Mortgage LLC as Debtor after its willful submission to Jurisdiction and "Power of Court" in Ohio BR Case Nos. 2:05-bk-75111 and No. 2:07-bk-57237 under 11 USC §§ 105(a), 506(a), 507, 553 "to prevent an abuse of process" for setoff under section 553.

---

[5] "Furthermore, the Supreme Court recently decided that this Court must address any jurisdictional standing question first, before deciding a case on the merits. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 93-94, 140 L. Ed. 2d 210, 118 S. Ct. 1003 (1999) ("The Ninth Circuit [and the **Second Circuit** have] denominated this practice--which [they] characterize[] as 'assuming' jurisdiction for the purpose of deciding the merits--the 'doctrine of hypothetical jurisdiction.' **We decline to endorse such an approach because it carries the courts beyond the bounds of authorized judicial action and thus offends fundamental principles of separation of powers.**") (citations omitted) (footnote omitted). Although respondents do not challenge petitioners' Article III standing, we must nevertheless take it upon ourselves to determine whether we have jurisdiction over this case." (See: Friends of Gateway v. Slater, 257 F.3d 74, 77-78 (2d Cir. N.Y. 2001)

2. Although copies of the unrecorded SEPTEMBER 19, 2011 Summons and Complaint for Foreclosure in the underlying Ohio State Court proceeding in CPC case no. 05-CV-4555 were "fatally defective", their "incorporation by reference" on the face of the JANUARY 6, 2011 "ORDER OF SALE" was designed by the petitioners GMAC Mortgage LLC to fraudulently obtain the JUNE 4, 2012 Entry of "Confirmation of Sheriff's Sale".  The sale was held on <u>APRIL 20, 2012</u> and including the embedded "Writ of Possession" to FANNIE MAE as substitute PURCHASER of said in CPC case no. 05-CV-4555; The *proof of service* of the unrecorded Summons and Complaint on SEPTEMBER 19, 2011 was <u>not</u> returned by the United States Postal Service as legally delivered to anyone representing APS properties through the use of the **authority of the Administrator of the Federal Aviation Administration** for uncompensated private subdivision aviation easements over restricted ARGYLE PARK SUBDIVISION for unauthorized Aircraft and Airport "Flight Tracks". (See: Id. §§106(f)(2)(A)(ii), 44715(c), 47504(a)(2)(D)&(E)).

## AFFIRMATIVE DEFENSE FOR INSUFFICIENCY OF SERVICE OF PROCESS

The recorded MAY 2, 2005 Summons as returned by process server on **MAY 3, 2005** was issued to validate the APRIL 22, 2005 Complaint of Foreclosure filed by GMAC on APRIL 22, 2005 in CPC case no. 05-CV-4555.  On **MAY 31, 2005** the Lewis 'Defendants raised an "**affirmative defense**[6]" for **insufficiency of service of process** before actively participating in said case and before filing a timely "Notice of Appeal" filed on **JULY 19, 2005** to preserve said affirmative defense. (See: Coke v. Mayo,

---

[6] ""A defendant who raises an **affirmative defense** for **insufficiency of service of process** before actively participating in the case continues to have an adequate defense relating to service of process." Coke v. Mayo (Feb. 4, 1999), 10th Dist. No. 98AP-550, 1999 Ohio App. LEXIS 346, citing First Bank of Marietta v. Cline (1984), 12 Ohio St.3d 317, 12 Ohio B. 388, 466 N.E.2d 567." (See: DeLarosa v. Taylor Edwards Addison Transp., 2005 Ohio 1130, P10 (Ohio Ct. App., Wayne County Mar. 16, 2005))

Id., Infra) GMAC failed to seek "Leave of court" under Civ. R. 15(A) to re-file a Complaint in Foreclosure on **SEPTEMBER 19, 2011**, nor was Leave granted by the Ohio Trial Court on or before **JANUARY 6, 2012** to authorize GMAC's Re-filed Complaint to support the Fraudulent Order To Sale filed **JANUARY 6, 2012** causing GMAC to seek Bankruptcy protections in the New York voluntary BR petition case no. 12-bk-12020 and 12-bk-12032 under "joint administration".

3. On or about **MAY 14, 2012**, an interim 363 order for relief was entered in favor of GMAC Mortgage LLC as Debtor for FAA seized APS property at Lot 11, for owner Bettie Hamilton on Sept. 25, 1987 now held in the name of Lawrence Boyd by the Franklin County Auditor. (See and Compare: Exhibit D; With: 53 FR 2800)

4. Since that time, the Discharged Debtors learned of a companion RICO action 18 USC § 1962 in No. 2:96-cv-494, USDC, S.D., Ohio, E. Div., involving alleged Bankruptcy "abandonment" of the "at issue" APS properties by the "tainted" U.S. (Panel) Trustee, Larry McClatchey's unlawful employment practices as both the Ch. 7 Trustee and counsel to the Ch. 7 Trustee (case no. 07-bk-57237), causing the companion BR estate to go un-administered for the set off of GMAC Mortgage LLC Claims.

5. Yvonne D. Lewis and Sidney T. Lewis, as Ohio-Discharged BR Debtors and Surplus Creditors have meritorious Affirmative defenses to the New York-GMAC voluntary BR petition and Counter-Claims in GMAC's Adversary Proceeding. If the within Motion(s) are allowed, Discharged Debtors as New York-Creditors will proffer at the "Due Process Hearing" June 25, 2012 oral evidence to support the instant Motion(s), i.e. To "Transfer To Cure" (See: 28 USC §§ 1406, 1631), for "Set-Off" sanctions (See: 11 USC §§ 157, 362, 362, 524, 553) which physical evidence in support is appended hereto as Exhibits "A to D."

WHEREFORE, Yvonne D. Lewis and Sidney T. Lewis, as OHIO Discharged Debtors and Surplus Creditors, respectfully moves this BR Court pursuant to Rules 9013, 9014, and 9024 of the Federal

Rules of Bankruptcy Procedure to vacate the Interim order for relief filed May 14, 2012, and for any other relief available.

Respectfully Submitted,

Dated: June 25, 2012. _Sidney Lewis_          Dated: June 25, 2012. _Yvonne D. Lewis_
    Sidney T. Lewis, Debtor                       Yvonne D. Lewis, Spouse of Debtor
    1875 Alvason Avenue                            1875 Alvason Avenue
    Columbus, OH  43219                            Columbus, OH  43219
    (614) 940-3306                                 (614) 940-3306

## CERTIFICATE OF SERVICE

I, Sidney T. Lewis, certify that on June 25, 2012 the "Motions" was served on

(a) Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attention: Larren M. Nashelsky (LNashelsky@mofo.com) and Todd M. Goren (TGoren@mofo.com), attorneys for the Debtors;

(b) Skadden, Arps, Slate,
Meagher & Flom LLP, 4 Times Square, New York, New York 10036 (Attention: Kenneth S. Ziman (Ken.Ziman@skadden.com) and Jonathan H. Hofer (jhofer@skadden.com)), attorneys for Barclays Bank PLC, as Administrative Agent;

(c) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022 (Attention: Richard M. Cieri (richard.cieri@kirkland.com), Ray C. Schrock (ray.schrock@kirkland.com), and Stephen E. Hessler (stephen.hessler@kirkland.com)), attorneys for Ally Financial Inc.; and

(d) the Office of the United States Trustee for the Southern District of New York, and shall be filed with the Clerk of the United States Bankruptcy Court, Southern District of New York, 33 Whitehall Street, 21st Floor New York, New York 10004; And, the United States Trustees, the United States Attorney and parties, by personal delivery or ordinary U.S. Mail.

Dated: June 25, 2012. _Sidney Lewis_          Dated: June 25, 2012. _Yvonne D. Lewis_
    Sidney T. Lewis, pro se                        Yvonne D. Lewis, pro se
    1875 Alvason Avenue                            1875 Alvason Avenue
    Columbus, Ohio 43219                           Columbus, Ohio 43219
    (614) 940-3306                                 (614) 940-3306

## FORM OF MBS TRUSTEE NOTICE

RESIDENTIAL FUNDING COMPANY, LLC

[DATE]

[      ], as Trustee

_____
Attention: Structured Finance/_____

### NOTICE OF ASSIGNMENT OF ADVANCE REIMBURSEMENT RIGHTS

This is intended as notification, as contemplated by UCC § 9-404(a)(2), that Residential Funding Company, LLC ("RFC") has sold, assigned, conveyed, transferred and contributed to RFC BORROWER LLC, a Delaware limited liability company (the "RFC Purchaser"), all of RFC's present and future rights to reimbursement for all servicer advances, including, but not limited to, advances for any applicable monthly principal and/or interest, taxes and insurance, home equity lines of credit draws, and foreclosure and liquidation and related expenses (the "Advance Reimbursement Rights") made by RFC on or after May 15, 2012 (the "Transfer Date"), in its capacity as Servicer of mortgage loans in any pool that is subject to the servicing agreement(s) described on the attached Schedule 1 (the "Servicing Agreement(s)") pursuant to a Receivables Purchase and Pooling Agreement, dated as of the Transfer Date, between the RFC Purchaser and RFC. These Advance Reimbursement Rights have been further pledged by the RFC Purchaser to Barclays Bank PLC, as Collateral Agent under a certain Superpriority Debtor-in-Possession Credit and Guaranty Agreement, dated as of May 15, 2012 (the "Credit Agreement"), by and among the RFC Purchaser, GMACM Borrower LLC, Residential Capital, LLC ("ResCap"), GMAC Mortgage, LLC ("GMACM"), RFC, and certain Subsidiaries of ResCap, as Guarantors, GMACM and RFC, as Administrators, Originators, Receivables Custodians and Servicers, GMACM, as GMACM Servicer, the Lenders party thereto from time to time, Barclays Bank PLC, as Administrative Agent and Collateral Agent for the Secured Parties, and the other persons party thereto from time to time.

In addition, RFC previously sold, assigned, conveyed, transferred and contributed its Advance Reimbursement Rights under the Servicing Agreements specified on Schedule 1 hereto to GSAP Servicer Advance, LLC, a Delaware limited liability company (the "GSAP Intermediate Transferor") and such Advance Reimbursement Rights were subsequently sold, assigned, conveyed, transferred and contributed by the GSAP Intermediate Transferor to GMAC Mortgage Servicer Advance Funding Company Ltd., an exempted company incorporated with limited liability under the laws of the Cayman Islands (the "GSAP Transferor"). The GSAP Transferor pledged such Advance Reimbursement Rights to The Bank of New York Mellon, as Indenture Trustee under a Fourth Amended and Restated Indenture, dated as of March 15, 2011, among the Issuer, The Bank of New York Mellon, as Indenture Trustee, Calculation Agent and Paying Agent, GMACM, as an Administrator and as a Servicer, and RFC, as an Administrator and as a Servicer, as further amended by Amendment No. 1 and the 2012-VF1 supplement under which Barclays Bank PLC acted as an administrative agent, dated as of March 13, 2012 (the "GSAP Indenture"). You are hereby notified that on or prior to the date hereof, the GSAP Indenture has been terminated, all notes issued pursuant thereto have been paid in full, and all liens granted in favor of the Indenture Trustee in connection therewith have been released.

In addition, this is intended as notification, as contemplated by UCC § 9-404(a)(2), that the GSAP Transferor has sold, assigned, conveyed and transferred all Advance Reimbursement Rights originated under the Servicing Agreements prior to the Transfer Date (as defined above), which are all of the Advance Reimbursement Rights owned by it, to the RFC Purchaser pursuant to a Receivables Purchase Agreement, dated as of the Transfer Date, among the RFC Purchaser, RFC and the GSAP Transferor. These Advance Reimbursement Rights have also been further pledged by the RFC Purchaser to Barclays Bank PLC, as Collateral Agent under the Credit Agreement.

Attachment C-1

EXHIBIT A

Execution Version

RFC RECEIVABLES PURCHASE AGREEMENT

by and among

RESIDENTIAL FUNDING COMPANY, LLC

(Originator and Servicer),


RFC BORROWER LLC

(RFC Purchaser)


and


GMAC MORTGAGE SERVICER
ADVANCE FUNDING COMPANY LTD.

(GSAP Transferor)


Dated as of May 15, 2012


EX. A

proceeds received by the GSAP Transferor under this Agreement and under a Receivables Purchase Agreement, dated of even date herewith, into which the GSAP Transferor is entering with GMACM and GMACM Borrower LLC. The GSAP Indenture is being discharged.

D.     On May 14, 2012, RFC and GMACM filed voluntary petitions with the Bankruptcy Court initiating their respective cases under Chapter 11 of the Bankruptcy Code and have continued in the possession of their assets and in the management of their businesses pursuant to Sections 1107 and 1108 of the Bankruptcy Code;

E.     The RFC Purchaser, as a borrower, and RFC, as a guarantor, administrator, originator, receivables custodian and servicer, are entering into the Superpriority Debtor-in-Possession Credit and Guaranty Agreement, dated of even date herewith (as such agreement may be amended, modified, restated or supplemented from time to time, the "Credit Agreement"), together with GMACM Borrower LLC, as a borrower, Residential Capital, LLC, GMAC Mortgage, LLC and certain subsidiaries of Residential Capital, LLC, as guarantors, GMAC Mortgage, LLC, as administrator, originator, receivables custodian, servicer and GMACM servicer, the Lenders party thereto, Barclays Bank PLC, as administrative agent (the "Administrative Agent"), and as collateral agent (the "Collateral Agent"), and the other Persons party thereto from time to time.

F.     Pursuant to the Borrowers Security Agreement (as defined herein), the RFC Purchaser will pledge the Receivables it purchases hereunder and all of its rights related to such Receivables to the Collateral Agent for the benefit of the Secured Parties to secure the repayments of the Obligations under the Credit Documents.

G.     The execution, delivery and performance of this Agreement and the sale and assignment of the Receivables by the GSAP Transferor to the RFC Purchaser have been authorized and approved by the Interim Financing Order and, upon the entry thereof, the Final Financing Order.

H.     To supplement the Orders without in any way diminishing or limiting the effect of the Orders or the approval of such sale and assignment thereunder, the parties hereto desire to more fully set forth their respective rights in connection with such sale and assignment.

## AGREEMENT

NOW, THEREFORE, in consideration of the above premises and of the mutual promises hereinafter set forth, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto, intending to be legally bound, hereby agree as follows:

**Section 1.     Definitions.**

This Agreement is entered into pursuant to the terms and conditions of the Credit Agreement. Any capitalized term used but not defined herein shall have the meaning given to it in the Credit Agreement.

"Administrative Agent" has the meaning assigned to that term in the Recitals.

"Agreement" has the meaning assigned to that term in the Recitals.

2

Ex. A

would not have a material adverse effect on the ability of the Originator to perform its obligations hereunder or the Servicer's ability to perform its obligations under the Designated Servicing Agreements.

(d)    *Separate Identity*. The Originator hereby covenants and agrees to take all actions necessary to maintain the GMACM Purchaser's status as a separate legal entity. The Originator shall conduct its business solely in its own name and all written and oral communications of the Originator shall be made solely in the name of the Originator. The Originator views the GMACM Purchaser as a separate legal entity.

(e)    *No Liens, Etc. Against Transferred Assets*. The Originator hereby covenants that it will not sell, pledge, assign or transfer to any other Person, or grant, create, incur or assume any Lien on any of the Receivables, or any interest therein. The Originator shall notify the GMACM Purchaser and the Collateral Agent and their designees of the existence of any Lien (other than as provided above) on any Receivable immediately upon discovery thereof; and the Originator shall defend the right, title and interest of the GMACM Purchaser and the Collateral Agent and their assignees in, to and under the Receivables against all claims of third parties claiming through or under the Originator; *provided, however*, that nothing in this Section 7 shall be deemed to apply to any Liens for municipal or other local taxes and other governmental charges if such taxes or governmental charges shall not at the time be due and payable or if the Originator shall currently be contesting the validity thereof in good faith by appropriate proceedings to the extent the same would not constitute an Event of Default under the Credit Agreement. The Originator shall take all actions, and shall cause the GSAP Transferor to take all actions, as may be necessary to ensure that the ownership of the Receivables is conveyed to the GMACM Purchaser pursuant to this Agreement.

(f)    *Keeping of Records and Books of Account*. The Originator shall maintain accurate, complete and correct documents, books, records and other information which is reasonably necessary for the collection of all Receivables (including, without limitation, records adequate to permit the prompt identification of each new Receivable and all collections of, and adjustments to, each existing Receivable).

(g)    *Taking of Necessary Actions*. The Originator and the GSAP Transferor shall perform all actions necessary to sell, contribute and absolutely assign the Receivables and other Transferred Assets to the GMACM Purchaser and its assigns, including the Collateral Agent, including, without limitation, any necessary notifications to the MBS Trustees or other parties.

**Section 8.    Intent of Parties.**

The parties hereto intend that the conveyance of the GSAP Transferor's right, title and interest in and to the Transferred Assets shall constitute an absolute sale, conveying good title free and clear of any liens, claims, encumbrances or rights of others, from the GSAP Transferor to the GMACM Purchaser. It is the intention of the parties hereto that the arrangements with respect to the Transferred Assets shall constitute a purchase and sale of such Transferred Assets and not a loan, including for accounting purposes.

**Section 9.    Indemnity.**

Each of GMACM and the GMACM Purchaser, jointly and severally, agrees to indemnify the GSAP Transferor, the GSAP Indenture Trustee and the GSAP Administrative Agent against and hold each of them harmless from any and all liabilities, losses, claims, damages, judgments and reasonable costs and expenses actually incurred by any of them (including reasonable attorneys' fees and expenses) (collectively, "Losses") arising in connection with, or relating to, the GSAP Indenture, the GMACM Receivables Sale Agreement, the GMACM

12

E X, A

Franklin County Ohio Clerk of Courts of the Common Pleas- 2012 May 31 3:05 PM-05CV004555

0A460 - R10

## IN THE COURT OF COMMON PLEAS
## FRANKLIN COUNTY, OHIO

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

| | |
|---|---|
| GMAC Mortgage Corporation | Case No. 05CVE-04-4555 |
|       Plaintiff, | Judge Julie M. Lynch |
| vs. | |
| | **NOTICE OF ASSIGNMENT OF BID** |
| Yvonne D. Lewis aka Yvonne D. Webb-Lewis, et al. | |
|       Defendants. | |

    Plaintiff GMAC Mortgage Corporation, acting through counsel, hereby gives notice that

it has assigned its bid on the sale of the property that is the subject of this foreclosure action to

the following person:

**Federal National Mortgage Association**
**P.O. Box 650043**
**Dallas, TX 75265-0043**

                           Respectfully submitted,

                           Matthew J. Richardson (0077157)
                           Holly N. Wolf (0068847)
                           Manley Deas Kochalski LLC
                           P. O. Box 165028
                           Columbus, OH  43216-5028
                           Telephone: 614-222-4921
                           Fax: 614-220-5613
                           Email: mjr2@mdk-llc.com
                           Attorney for Plaintiff

*EXHIBIT B*

Ref# 05-2846/NNW

F14

Franklin County Ohio Clerk of Courts of the Common Pleas- 2012 May 31 3:05 PM-05CV004555
0A460 - R11

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Notice of Assignment of

Bid was sent to the following by ordinary U.S. Mail, postage prepaid, on the date indicated

below:

Yvonne D. Lewis aka Yvonne D. Webb-Lewis
1875 Alvason Avenue
Columbus, OH 43219

Sidney T. Lewis
1875 Alvason Avenue
Columbus, OH 43219

_____
Matthew J. Richardson
Holly N. Wolf

May ___, 2012
_____
Dated

$Ex. B$

Ref# 05-2846/NNW

E1509 - F50   Franklin County Ohio Clerk of Courts of the Common Pleas- 2011 Dec 12 5:03 PM-03CV006954



**201201310012840**
Pgs: 7    $88.00    T20120006492
01/31/2012 8 16AM  MEPCLERK OF C
Daphne Hawk
Franklin County Recorder

**IN THE COURT OF COMMON PLEAS**
**FRANKLIN COUNTY, OHIO**

7/.5

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

| | |
|---|---|
| **GMAC Mortgage Company** | **Case No. 03 CVE 06 6954** |
| **Plaintiff,** | **Judge Patrick E. Sheeran** |
| **vs.** | |
| **Sidney T. Lewis, et al.** | **CONFIRMATION ENTRY OF SALE AND DISTRIBUTION OF PROCEEDS** |
| **Defendants.** | |

This action was heard on the return of the Sheriff of Franklin County of the sale of property commonly known as 1913 Argyle Drive, Columbus, OH 43219, parcel no. 010-136627-00 (the "Property"). The legal description of the Property is attached to this order as Exhibit A, which is incorporated herein by reference.

1. The Property was sold by the Sheriff on October 28, 2011 to GMAC Mortgage Company for the following amount: **$82,136.00.** Plaintiff subsequently assigned its bid to Federal National Mortgage Association ("Plaintiff's Assignee").

2. Having carefully examined the proceedings of the officer, the Court finds that the sale of the Property conformed in all respects to the law and the prior orders of this Court and hereby confirms and approves the sale of the Property and these proceedings.

3. The Sheriff shall convey the Property to Federal National Mortgage Association by deed according to law free and clear of all liens and encumbrances and shall issue the deed in the following name: Federal National Mortgage Association.

4. The tax mailing address of the purchaser of the Property is as follows: P.O. Box 650043, Dallas, TX 75265-0043.

5. The prior deed reference with respect to the Property is as follows: Deed dated April 26, 2001, filed April 26, 2001, recorded at Official Instrument Number 20010426009526, Recorder's Office, Franklin County.

Ref# 03-0741/JNT2

①  7   *EXHIBIT C*



6.    The purchaser of the Property is hereby subrogated to the rights of the mortgagees and lien holders in the Property to the extent necessary to protect the purchaser's title to the Property.

7.    The Court hereby grants the purchaser of the Property a writ of possession to put the purchaser in possession of the Property.

8.    The Court hereby orders the release of all mortgages and liens held by all parties to this action. As a result, the Clerk of Courts shall cause certificates of satisfaction and release to be presented for recording by the County Recorder with respect to each of the mortgages and liens listed on Exhibit B, which is attached to this order for the convenience of the Clerk of Courts and incorporated herein by reference. Such mortgages and liens shall be released only to the extent that they encumber the property foreclosed upon in this action and not to the extent that they encumber any other property.

9.    Because Federal National Mortgage Association is the assignee of the successful bid of GMAC Mortgage Company, which holds a valid and subsisting mortgage on the Property, Federal National Mortgage Association need not pay the full amount of the purchase price to the Sheriff. Instead, Federal National Mortgage Association need only pay court costs, real estate taxes and assessments, and Sheriff's costs. The deposit amount of **$250.00** tendered at the Sheriff's sale shall be distributed as follows:

a.    The Clerk of Courts shall be paid **$1,371.00** for court costs.

b.    The County Treasurer shall be paid **$1,277.35** for taxes and assessments currently due on the Property and payable through full year 2010 as well as an estimated portion of the 2011 taxes pro-rated through December 9, 2011. Grantee takes title subject to all taxes, interest, penalties, assessments, and tax lien certificates if any.

c.    The Sheriff shall be paid **$125.00** for Sheriff's costs.

d.    The Auditor shall be paid **$164.90** for conveyance fees and transfer tax.

e.    The Recorder shall be paid **$36.00** for recording the deed.

Ref# 03-0741/JNT2

② EX. C

f.   Since the deposit is not sufficient to satisfy these items, the Plaintiff's Assignee

shall pay the Sheriff the deficit of **$2,724.25** to cover all requisite disbursements.

10.   The following amount shall be applied as a credit toward the amount of the judgment

previously entered in favor of the Plaintiff: **$79,161.75**.

**IT IS SO ORDERED.**

_____
Judge Patrick E. Sheeran
*Common Pleas Judge*

Approved:

/s/ Matthew J Richardson
Matthew J. Richardson (0077157)
Manley Deas Kochalski LLC
P. O. Box 165028
Columbus, OH  43216-5028
Telephone: 614-222-4921
Fax:  614-220-5613
Email:  mjr2@mdk-llc.com
Attorney for Plaintiff

Approval via 11/14/11 email
Mary Johnson
Assistant Prosecutor
373 S. High Street – 17th Floor
Columbus, OH 43215
Fax: 614-462-2530

Circulating for approval
Sidney T. Lewis, pro-se
1875 Alvason Ave.
Columbus, OH 43219

Circulating for approval
Michelle Sutter
Attorney for the State of Ohio Department of Taxation
Assistant Attorney General
101 East Town Street
Columbus, OH  43215

EX, C



Ref# 03-0741/JNT2

## EXHIBIT A

### Legal Description of the Property

Situated in the County of Franklin, in the State of Ohio, and in the City of Columbus:

Being all of Lot No. Eleven (11) of Argyle Park Subdivision, as the same is numbered and delineated upon the recorded plat thereof, of record in Plat Book 36, Page 6, Recorder's Office, Franklin County, Ohio.

Property Address: 1913 Argyle Drive, Columbus, OH 43219

Parcel No. 010-136627-00

$Ex. C$

(4)

## EXHIBIT B

### Mortgages and Liens to be Released

1.  Certificate of Judgment in favor of State of Ohio, Department of Taxation, c/o Ohio
    Attorney General, 150 East Gay Street, 21st Floor, Columbus, OH  43215, Judgment
    Creditor, against Robert A. Hamilton and Allison R. Hamilton, 51 South Oakley Avenue
    Columbus, Ohio 43204, Judgment Debtor, in the amount of $221.29, plus interest and
    costs, filed on November 2, 1993, recorded at Certificate of Judgment 93JG-11-33202,
    Clerk of Court's Office, Franklin County, Ohio.

    The above mentioned lien also filed in Official Records Volume 43005, Page E03,
    Recorder's Office, Franklin County, Ohio.

2.  Certificate of Judgment in favor of State of Ohio, Department of Taxation, c/o Ohio
    Attorney General, 150 East Gay Street, 21st Floor, Columbus, OH  43215, Judgment
    Creditor, against Robert Ben Hamilton, PO Box 651 Port Colborne Ont. Canada,
    L3K5V8, Judgment Debtor, in the amount of $57.50, plus interest and costs, filed on
    January 7, 1997, recorded at Certificate of Judgment 97JG-01-00144, Clerk of Court's
    Office, Franklin County, Ohio.

3.  Certificate of Judgment in favor of State of Ohio, Department of Taxation, c/o Ohio
    Attorney General, 150 East Gay Street, 21st Floor, Columbus, OH  43215, Judgment
    Creditor, against Robert A. Hamilton and Allison R. Hamilton, 51 South Oakley Avenue
    Columbus, Ohio 43204, Judgment Debtor, in the amount of $591.45, plus interest and
    costs, filed on November 26, 1997, recorded at Certificate of Judgment 97JG-11-19818,
    Clerk of Court's Office, Franklin County, Ohio.

    The above referenced lien also recorded in Official Records volume 61797, Page G18,
    Recorder's Office, Franklin County, Ohio.

4.  Ohio Bureau of Employment Lien in favor of State of Ohio, Bureau of Employment
    Services, c/o Ohio Attorney General, 150 East Gay Street, 21st Floor, Columbus, OH
    43215, Judgment Creditor, against Robert L. Hamilton dba Hamilton Construction Co.,
    8877 Winston Road Pickerington, Ohio 43147, Judgment Debtor, in the amount of
    $558.30, plus interest and costs, filed May 7, 1999, recorded at Official Instrument
    Number 199905070115223, Recorder's Office, Franklin County, Ohio.

5.  *Ohio Bureau of Employment Lien in favor of State of Ohio, Bureau of Employment*
    *Services, c/o Ohio Attorney General, 150 East Gay Street, 21st Floor, Columbus, OH*
    *43215, Judgment Creditor, against Robert L. Hamilton dba Hamilton Construction Co.,*
    *8877 Winston Road Pickerington, Ohio 43147, Judgment Debtor, in the amount of*
    *$729.15, plus interest and costs, filed May 7, 1999, recorded at Official Instrument*
    *Number 199905070115224, Recorder's Office, Franklin County, Ohio.*

6.  Mortgage in favor of The Huntington Mortgage Company, 7575 Huntington Park Drive,
    Columbus, OH  43235, from Robert Hamilton, unmarried, in the amount of $45,500.00,
    filed January 25, 2000, recorded at Official Instrument Number 200001250017092,
    Recorder's Office, Franklin County, Ohio.

Ref# 03-0741/JNT2



E1509 — F55   Franklin County Ohio Clerk of Courts of the Common Pleas- 2011 Dec 12 5:03 PM-03CV006954

as assigned to GMAC Mortgage Corporation, 3451 Hammond Avenue, Waterloo, IA 50702, by Assignment filed July 20, 2000, recorded at Official Instrument Number 200007200143660, Recorder's Office, Franklin County, Ohio.

7.  Lien Affidavit in favor of Ohio Medicaid Recovery Program, c/o Bruce H. Burkholder, 300 Spruce Street, Floor One, Columbus, OH 43215, Judgment Creditor, against Robert Hamilton, no address listed, Judgment Debtor, in the amount of $10,529.14, plus interest and costs, filed August 17, 2005, recorded at Official Instrument Number 200508170167270, Recorder's Office, Franklin County, Ohio.

8.  Certificate of Judgment in favor of The Huntington National Bank, no address shown, Judgment Creditor, against Sidney T. Lewis and Yvonne D. Webb-Lewis, no address listed, Judgment Debtor, in the amount of $28,517.00, plus interest and costs, filed on August 23, 2005, recorded at Certificate of Judgment 05JG-08-06455, Clerk of Court's Office, Franklin County, Ohio.

The above referenced lien also recorded in Official Records Volume 83986, Page J05, Recorder's Office, Franklin County, Ohio.





E1509   F58   Franklin County Ohio Clerk of Courts of the Common Pleas- 2011 Dec 12 5:03 PM-03CV006954

# Franklin County Court of Common Pleas

**Date:**          12-12-2011

**Case Title:**    GMAC MORTGAGE COMPANY -VS- SIDNEY T LEWIS

**Case Number:**   03CV006954

**Type:**          CONFIRMATION OF SALE

It Is So Ordered.

/s/ Judge Patrick E. Sheeran

Electronically signed on 2011-Dec-12    page 7 of 7

THE STATE OF OHIO, Franklin County, ss — I MARYELLEN O'SHAUGHNESSY, Clerk OF THE COURT OF COMMON PLEAS WITHIN AND FOR SAID COUNTY,

HEREBY CERTIFY THAT THE ABOVE AND FORE-GOING IS TRULY TAKEN AND COPIED FROM THE ORIGINAL.......... NOW ON FILE IN MY OFFICE. WITNESS MY HAND AND SEAL OF SAID COUNTY THIS........ DAY OF........ A.D. 20....

MARYELLEN O'SHAUGHNESSY, Clerk

By.................... Deputy

⑦   EX. C

Select Language ▼
Powered by Google Translate




# Clarence E. Mingo, II
## Franklin County Auditor

Auditor Home    Real Estate Home    Search    Specialty Maps    Auditor Services    Contact Us    On-Line Tools

# Summary

## Parcel Info

| Parcel ID | Map Routing Number | Owner | Location |
|---|---|---|---|
| 010-136627-00 | 010-M206A -011-00 | **BOYD LAWRENCE** | 1913 ARGYLE DR |

Summary

Property Profile
Land
Building
Improvements
Interactive Map
MAP(GIS)
Sketch
Photo
Transfer History
2010/2011 BOR
CAUV Status
Area Sales Activity
Area Rentals
Tax/Payment Info
Current Levy Info
Assessment Payoff
Tax Distribution
Rental Contact
Tax Estimator
Property Reports

Recorder's Office
Document Search

Area Sex Offender
Inquiry

Pay Real Estate
Taxes Here

### Owner Information

| Owner | **BOYD LAWRENCE** 1913 ARGYLE DR COLUMBUS OH 43219 If the address above is incorrect - Click Here |
|---|---|
| Tax Bill Mailing Info | **LAWRENCE BOYD** 1913 ARGYLE DR COLUMBUS OH 43219 To change mailing information ONLY - Click Here |

### Current Value

| | Market | Taxable |
|---|---|---|
| Land | $7,500 | $2,630 |
| Improvements | $40,100 | $14,040 |
| Total | $47,600 | $16,670 |
| Cauv | 0 | 0 |

### Legal Description

ARGYLE DR
ARGYLE PARK
LOT 11

### Building Data

| | | | |
|---|---|---|---|
| Year Built | 1963 | Total Sq Footage | 925 |
| Total Rooms | 5 | Bedrooms | 3 |
| Full Baths | 1 | Half Baths | 0 |

### Most Recent Transfer

| Sale Amount | $10,000 |
|---|---|
| Date of Transfer | 02/14/2012 |
| Conveyance Type | LW |
| Conveyance Number | 1847 |
| Number of Parcels | 1 |

### 2011 Tax Status

| | | |
|---|---|---|
| Land Use | [510] ONE-FAMILY DWELLING | |
| Tax District | [010] CITY OF COLUMBUS | |
| School District | [2503] COLUMBUS CSD | |
| Neighborhood | 01401 | |
| Board of Revision | NO | CDQ |
| Homestead Exemption | NO | Owner Occupied Reduction (2.5%) | YES |

### Tax Year 2011

| Annual Taxes | $969.72 | Taxes Paid | $1,184.97 |
|---|---|---|---|

**Disclaimer**
The information on this web site is prepared for the real property inventory within this county. Users of this data are notified that the public primary information source should be consulted for verification of the information contained on this site. The county and vendors assume no legal responsibilities for the information contained on this site. Please notify the Franklin County Auditor's Real Estate Division of any discrepancies.

powered by
MetaMAP

Data updated on:
2012-06-22 06:52:18

EK, D

EXHIBIT 1

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| UNITED STATES of America, Ex Rel., | | |
| Sidney T. Lewis, et al., | ) | Case No. _____ |
| Plaintiff, | ) | |
| | ) | **COMPLAINT** |
| v. | ) | |
| | ) | |
| The United States of America, | ) | **"REGULATORY TAKING" CASE** |
| Defendant | ) | |

**UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF NEW YORK;**

**UNITED STATES of America, Ex Rel.,**

| | | |
|---|---|---|
| In Re: Residential Capital, LLC., et al. | ) | Case No. 12-12020 (MG) |
| | ) | (Ch.11 ) |
| Debtor | ) | (Related BR Case No.07-bk-57237, S.D., OHIO) |
| | ) | (Related BR Case No. 12-bk-12032, S.D., N.Y.) |
| | ) | JUDGE: GLENN, MARTIN |

**UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF OHIO;**
**(at Columbus)**

[18 USC §§ 245(b)(2)(B), 664, 666][29 USC §§ 1131, 1132(h), 1140][26 USC §§ 101(h), 267(b)(1)][ 42 U.S.C. § 4651(2)]

| | | |
|---|---|---|
| In Re: SIDNEY T. LEWIS, pro se, | ) | Case No. 2:07-bk-57237 |
| | ) | (Ch.7 ) |
| Debtor | ) | (Related Bankr Case No. 2:05-bk-75111) |
| | ) | |
| Social Security No.: xxx-xx-5959 | ) | JUDGE: HOFFMAN, JOHN, Jr. |

| | | |
|---|---|---|
| In Re: Yvonne D. Lewis, | ) | Case No. 2:05-bk-75111 |
| | ) | (Ch.7 ) |
| Debtor | ) | (Related Case No. 2:07-bk-57237) |
| | ) | |

1 of 9 pages

Social Security No.: xxx-xx-2390                    )        JUDGE: HOFFMAN, JOHN, Jr.

## IN THE UNITED STATES DISTRICT COURT, S. D. OF OHIO
### EASTERN DIVISION (at Columbus)

UNITED STATES of America, Ex Rel.,

Sidney T. Lewis, et al.,                    )        Action No. 2:08-cv-1042
    Plaintiffs                               )        (Related Dist. Ct. Cases 2:08-cv-16; 2:96-cv-494;
Vs.                                          )         2:09-cv-179);
                                                       JUDGE: HOLSCHUH
Larry McClatchey, et al.,                    )        Magistrate Judge: KING
    Defendants

## IN THE COURT OF APPEALS, FRANKLIN COUNTY; OHIO
### TENTH DISTRICT COURT OF APPEALS

UNITED STATES OF AMERICA, EX REL.

GMAC, Mortgage Co., et al.,            :        APPELLATE NO. 12-AP-506
    Plaintiffs/Creditor                         (related Case Nos. 02-MS-20; 05-JG-6455;
Vs.                                     :        05-CV-7346 (03-CV-7478); 03-CV-10836;
                                                 05-CV-4555; 03-CV-6954)(11-AP-875)
Yvonne D. Lewis, et al.,               :
    Defendants/Discharged Debtors

### COMPLAINT—"TAKING" CASE

COMES NOW the Plaintiffs Sidney T. Lewis and Yvonne D. Lewis, Petitioners, Surplus Creditors, and

Relators herein, in relation to the above-captioned Ohio BR Case Nos. 2:05-bk-75111 and No. 2:07-bk-

57237, S.D., Ohio, in case no. 12-bk-12020 (case no. 12-bk-12032) through their undersigned counsel,

The United States Attorney General, Eric H. Holder, Jr., by and through Assistant U.S. Attorneys, Glenn

D. Gillette and Joseph Cordaro, Civil Division, and alleges as follows:

### PARTIES
#### I.

Petitioners as Relators Yvonne D. Lewis and Sidney T. Lewis, are of a group of homeowners and

residents at Lots 11, 17, 75 in the ARGYLE PARK SUBDIVISION ("APS") Columbus, OH  43219

properties, are individuals authorized under the laws of the State of Ohio, with a principal place of

residency in the State of Ohio.

II.

Defendant is the United States of America, acting by *the Administrator of the Federal Aviation Administration*[1]" and *The Administrator of the Environmental Protection Agency* and "Fannie Mae" under the provisions of the Aviation Safety Noise Abatement Act ("ASNA") 'pre-empting state and local control' for "**regulation of aircraft noise by regulating flight paths**" and through the statutory authority set forth under 49 USC 44715(c), 47128(b)(4)(c) and (d), 47504(a)(2)(D)&(E) and affirmed in Burbank v. Lockheed Air Terminal, Inc..., 411 U.S. 624, pp.633, 93 S. Ct. 1854 (May 14, 1973, Decided), which states in pertinent parts:

> The Court says that the 1972 "Act reaffirms and reinforces the conclusion that FAA, now in conjunction with EPA, has full control over aircraft noise, pre-empting state and local control." *Ante,* at 633."

(See: Burbank v. Lockheed Air Terminal, Inc., 411 U.S. 624,pp.633)

> "49 U.S.C. § 40103(a) **(expressly pre-empting, inter alia, local regulation of aircraft noise by regulating flight paths)** and City of Burbank, 411 U.S. at 633, 93 S. Ct. at 1859-60 (concluding that "pervasive nature" of federal regulation impliedly pre-empts local control of aircraft noise)."

(See: Nat'l Bus. Aviation Ass'n v. City of Naples Airport Auth., 162 F. Supp. 2d 1343, 1352 (M.D. Fla. 2001))

NATURE OF THE ACTION
III.

Petitioner brings this action seeking an award of just compensation under the Fifth Amendment to the Constitution of the United States for the value of property owned by Petitioner(s) as immediate family members of then September 25, 1987 titleholders (Biological Parents) which has been taken by the

---

[1] See: 49 U.S.C. § 44715(c) reads in pertinent parts: "(c) Proposed Regulations of Administrator of Environmental Protection Agency.— The Administrator of the Environmental Protection Agency shall submit to the Administrator of the Federal Aviation Administration proposed regulations to control and abate aircraft noise and sonic boom (including control and abatement through the use of the **authority of the Administrator of the Federal Aviation Administration)***."

United States through action **by the Federal Aviation Administration ("FAA") and the U.S. Environmental Protection Agency ("US EPA")** under 49 U.S.C. §§ 44715(c), 47504(a)(2)(D)&(E) (See: 53 FR 2800 and 53 FR 8859) prohibiting any viable economic use of Petitioner's private residential subdivision property(s), including but not limited to the uncompensated subdivision aviation easement(s). (See: 55 FR 47483 and 58 FR 30212 "a Passenger Facility Charge (PFC) at Port Columbus International Airport, Columbus, OH.")

Petitioner(s) also seek an award of monetary damages under the Fifth Amendment of the Constitution of the United States due to a deprivation of "at issue" private uncompensated subdivision easement property in "APS" by the United States without due process of law. (see **EXHIBIT A**)

The Fifth Avenue property(s) [828-832 E. 5th Ave., Cols., OHIO] as well as property in the Argyle Park Subdivision [1910 & 1913 Argyle Drive and 1875 Alvason Ave.] are "non-attainment areas" for CARBON MONOXIDE in air from "Aviation Fuel" with "Lead" contaminate pollutants in the City of Columbus, by the US EPA (See: *40 CFR 52.1887* Control strategy: CARBON MONOXIDE), and the FAA, by "Operation of Law" under 42 U.S.C. § 7407(d)(1)(C)(i)and(5) and 49 U.S.C. § 47504(a)(2)(E) as associated with "Federal Policies" and "a Federal Block Grant" under 49 U.S.C. §§ 47101(a)(13)(c), 47128(b)(4)(c)&(d) and under the "Clean Air Act" 42 U.S.C. §§ 7401(c), 7407(d)(1)(C)(i) as mandated by the United States Congress under the National Environmental Policy Act (NEPA) set forth under its Congressional findings, declarations, and purposes under 42 U.S.C. §§ 4371(b)(2), 4321.

JURISDICTION
IV.

This Court has jurisdiction over this controversy under the Tucker Act, 28 U.S.C. § 1491(a) and 31 U.S.C.A. §§ 3729 to 3733, and 42 U.S.C.A. §§ 1982, 1983, 1985.

4 of 9 pages

## THE BASIS OF THE CONTROVERSY
### V.

Petitioner(s) are owner(s) and residents of Lots 11, 17, & 75 in the uncompensated residential ARGYLE

PARK SUBDIVISION ("APS") [1910 & 1913 Argyle Drive and 1875 Alvason Ave., Cols., OHIO] and

owner(s) and residents of the uncompensated Fifth Avenue property(s) at Lots 1, 2, 3, and 4 of the F.R.

Winget's Estates [828-832 E. 5th Ave., Cols., OHIO] under color of law. The properties are shown on

the 1991 Noise Exposure Map attached to this Complaint as **EXHIBIT B**. (see attached **EXHIBIT B**)


### VI.

Factual history of the companion State and Federal Cases are as follows:

1. Case No 2:96-cv-494, USDC, S.D., Ohio, E. Div., RICO, Lots 1-4 of the F.R. Winget's Estates.

2. Case No 98-CV-3445, Franklin County, CPC, Ohio, Lots 11, 17, & 75 in the "APS".

3. Case No. 2:05-bk-75111, USBC, S.D., Ohio, E. Div.,

4. Case No. 2:07-bk-57237, USBC, S.D., Ohio, E. Div.; And,

5. Case no. 12-bk-12020 (case no. 12-bk-12032), USBC, S.D., NY.,

### FIRST COUNT

**Taking Without Just Compensation by federal regulation of flight tracks to control aircraft noise.**

Taking Without Just Compensation under 49 U.S.C. §§ 44715(c), 47504(a)(2)(D)&(E), for flight tracks

over the ARGYLE PARK SUBDIVISION ("APS").   Proof that the Fifth Avenue and Argyle Park

Subdivision properties are still impacted with hazardous and harmful air and contaminated pollutants

from aircraft emissions and remain a non-attainment area as shown by the recent lawsuit against the

United States EPA by the Friends of the Earth (FoE) vs. United States EPA in case no. 12-cv-363,

USDC, DC (2012), "Clean Air Initiatives" under the Executive Order No. 12088, Federal Compliance

with Pollution Control Standards, Section 1-601, Compliance With Pollution Controls, as **"an elaborate**

**and detailed system of controls"** (Burbank, Supra), and the attached **EXHIBIT A**, Executive Order

No. 13406, dated June 23, 2006 by President George W. Bush Jr., **"Protecting the Property Rights of**

**the American People."**; citing Executive Order No. 12630, dated March 15, 1988 by President Ronald

Reagan, "Governmental Actions and Interference With Constitutionally Protected Property Rights."

(See: 53 FR 8859)

> "It is the pervasive nature of the scheme of **federal regulation of aircraft noise** that leads us
> to conclude that there is pre-emption. As Mr. Justice Jackson stated, concurring in *Northwest*
> *Airlines, Inc.* v. *Minnesota*, 322 U.S. 292, 303:
>
> "Federal control is intensive and exclusive. Planes do not wander about in the sky like
> vagrant clouds. They move only by **federal permission**, subject to **federal inspection**, in
> the hands of **federally certified personnel** and under an intricate system of **federal**
> **commands**. The moment a ship taxis onto a runway it is caught up in **an elaborate and**
> **detailed system of controls**.""

(See: Burbank v. Lockheed Air Terminal, Inc., 411 U.S. 624, pp.633-634)

VII.

The allegations set forth in paragraphs I through VI are hereby realleged and reaverred in this Count I.

VIII.

The action of the United States, acting by and through **the Federal Aviation Administration ("FAA"),**

**the FEDERAL NATIONAL MORTGAGE ASSOCIATION ("Fannie Mae") and the U.S.**

**Environmental Protection Agency ("US EPA")**, in exercising authority under FAR part 150, and 49

U.S.C. §§ 44715(c), 47504(a)(2)(D)&(E) (See: 53 FR 2800), to prohibit all beneficial uses of the "APS"

and "Wingets" Properties has taken, destroyed, and deprived Petitioner of all economically viable use of

the land and has frustrated, taken, and deprived Petitioner of reasonable investment-backed expectations for the development of the "APS" and "Wingets" properties.

IX.

As a result of these actions, the United States has taken Petitioner's property without just compensation in violation of the Fourteenth and Fifth Amendments to the United States Constitution. (See: 53 FR 8859, Executive Order No. 12630, dated March 15, 1988 and Executive Order No. 13406, dated June 23, 2006)  Petitioner(s) are entitled to an award of just compensation for the taking of the private residential "APS" and "Wingets" properties pursuant to authority under FAR part 150, and under the Fourteenth and Fifth Amendments to the United States Constitution.


"The FAA implements ASNA through regulations found at 14 C.F.R. § 150 ("Part 150")."
(See: Nat'l Bus. Aviation Ass'n v. City of Naples Airport Auth., 162 F. Supp. 2d at 1350 (Fla. 2001))

SECOND COUNT

Denial of Due Process under the Fourteenth and Fifth Amendments to the United States Constitution.

X.

The allegations of paragraphs I–IX are hereby realleged and reaverred in this Count II.

XI.

In exercising authority under exercising authority under FAR part 150, and 49 U.S.C. §§ 44715(c), 47504(a)(2)(D)&(E) (See: 53 FR 2800), the "FAA", "Fannie Mae" and the "US EPA" acted in an arbitrary, capricious, and unreasonable manner which failed to advance any legitimate governmental interest in case nos. 05-CV-4555 and *98-cv-3445, Franklin County, CPC, Ohio,* Lots 11, 17, & 75 in the

7 of 9 pages

"APS" and has resulted in a prohibition of any reasonable use of the private residential "APS" and "Wingets" by Petitioner(s).

## XII.

These actions by the United States have destroyed, taken and deprived Petitioner(s) of all reasonable use of the "at issue" private property interest in the "APS" and "Wingets" private property(s) without due process of law under the "Uniform Relocation Assistance and Real Property Acquisition Act" (URARPA), ERISA, RICO, NEPA, ASNA, and CAA and in violation of the Fifth Amendment to the United States Constitution, 12 USC § 4511 **"Authority over Fannie Mae,\*\*\*"**; 12 USC § 1233.3 **"possible fraud** relating to the purchase or sale of any loan or financial instrument"; 12 USC § 1233.6 **"Supervisory action**"; 49 CFR 24.102(d) "BASIC ACQUISITION POLICIES" READS: "**(d) Establishment and offer of just compensation\*\*\***the Agency shall make a written offer to the owner to acquire the property for the full amount believed to be just compensation."

## XIII.

Petitioner(s) are entitled to recover money damages from the United States 31 U.S.C.A. §§ 3729 to 3733 for False Claim Act and for the wrongful deprivation of Petitioner's property by the United States through the actions of the "FAA", "Fannie Mae" and the "US EPA" acting under color of federal law 42 U.S.C.A. §§ 1982, 1983, 1985.

## PRAYER FOR RELIEF

WHEREFORE, Petitioners as Relators Yvonne D. Lewis and Sidney T. Lewis, pray that after due proceedings are had in the proper Court, there be judgment herein in Petitioners' favor and against Defendant(s), the United States of America, as follows:

8 of 9 pages

1. declaring that the actions of the Defendant, i.e. the "FAA", "Fannie Mae" and the "US EPA", in exercising authority under FAR part 150, and 49 U.S.C. §§ 44715(c), 47128(b)(4)(c)&(d), 47504(a)(2)(D)&(E) (See: 53 FR 2800), to prohibit all beneficial uses of the "APS" and "Wingets" private property(s) constitutes a Regulatory Taking of private property under FAR part 150, for public use in violation of Petitioners' rights under the Fourteenth and Fifth Amendments to the United States Constitution;

2. declaring that the foregoing actions of Defendant under the "Uniform Relocation Assistance and Real Property Acquisition Act" (URARPA), ERISA, RICO, NEPA, ASNA, and CAA in conflict with Executive Order No. 13406, dated June 23, 2006, **"Protecting the Property Rights of the American People."**; citing Executive Order No. 12630, dated March 15, 1988, "Governmental Actions and Interference With Constitutionally Protected Property Rights." (See: 53 FR 8859) constitute a deprivation of Petitioner's property without due process of law in violation of Petitioner's rights under the Fifth Amendment to the United States Constitution;

3. awarding Petitioners' the amount of $18 Million Dollars representing just compensation for these actions of Defendant, and others under 31 U.S.C.A. §§ 3729 to 3733 for violations of the False Claim Act relative to "False Affidavits" in mortgage foreclosure actions as well as reasonable attorney fees, expenses, and all costs of these proceedings;

4. awarding Petitioner legal interest upon all amounts awarded Petitioners herein to the full extent authorized by law;

5. granting such other general and equitable relief as may be just and appropriate under the circumstances.

Respectfully Submitted,

Dated: June 25, 2012. _____  Dated: June 25, 2012. _____
       Sidney T. Lewis, pro se         Yvonne D. Lewis, pro se
       1875 Alvason Avenue         1875 Alvason Avenue
       Columbus, Ohio 43219         Columbus, Ohio 43219
       (614) 940-3306           (614) 940-3306

## CERTIFICATE OF SERVICE

I, Sidney T. Lewis, certify that on June 25, 2012 the "Regulatory Taking Complaint" was served on the United States Attorney and parties, by personal delivery or ordinary U.S. Mail.

Dated: June 25, 2012. _____  Dated: June 25, 2012. _____
       Sidney T. Lewis, pro se         Yvonne D. Lewis, pro se
       1875 Alvason Avenue         1875 Alvason Avenue
       Columbus, Ohio 43219         Columbus, Ohio 43219
       (614) 940-3306          (614) 940-3306

Federal Register
Vol. 71, No. 124
Wednesday, June 28, 2006

# Presidential Documents

Title 3—

## The President

Executive Order 13406 of June 23, 2006

### Protecting the Property Rights of the American People

By the authority vested in me as President by the Constitution and the laws of the United States of America, and to strengthen the rights of the American people against the taking of their private property, it is hereby ordered as follows:

**Section 1.** *Policy.* It is the policy of the United States to protect the rights of Americans to their private property, including by limiting the taking of private property by the Federal Government to situations in which the taking is for public use, with just compensation, and for the purpose of benefiting the general public and not merely for the purpose of advancing the economic interest of private parties to be given ownership or use of the property taken.

**Sec. 2.** *Implementation.* (a) The Attorney General shall:

(i) issue instructions to the heads of departments and agencies to implement the policy set forth in section 1 of this order; and

(ii) monitor takings by departments and agencies for compliance with the policy set forth in section 1 of this order.

(b) Heads of departments and agencies shall, to the extent permitted by law:

(i) comply with instructions issued under subsection (a)(i); and

(ii) provide to the Attorney General such information as the Attorney General determines necessary to carry out subsection (a)(ii).

**Sec. 3.** *Specific Exclusions.* Nothing in this order shall be construed to prohibit a taking of private property by the Federal Government, that otherwise complies with applicable law, for the purpose of:

(a) public ownership or exclusive use of the property by the public, such as for a public medical facility, roadway, park, forest, governmental office building, or military reservation;

(b) projects designated for public, common carrier, public transportation, or public utility use, including those for which a fee is assessed, that serve the general public and are subject to regulation by a governmental entity;

(c) conveying the property to a nongovernmental entity, such as a telecommunications or transportation common carrier, that makes the property available for use by the general public as of right;

(d) preventing or mitigating a harmful use of land that constitutes a threat to public health, safety, or the environment;

(e) acquiring abandoned property;

(f) quieting title to real property;

(g) acquiring ownership or use by a public utility;

(h) facilitating the disposal or exchange of Federal property; or

(i) meeting military, law enforcement, public safety, public transportation, or public health emergencies.

**Sec. 4.** *General Provisions.* (a) This order shall be implemented consistent with applicable law and subject to the availability of appropriations.

(b) Nothing in this order shall be construed to impair or otherwise affect:



EXHIBIT A

(i) authority granted by law to a department or agency or the head thereof; or

(ii) functions of the Director of the Office of Management and Budget relating to budget, administrative, or legislative proposals.

(c) This order shall be implemented in a manner consistent with Executive Order 12630 of March 15, 1988.

(d) This order is not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law or in equity against the United States, its departments, agencies, entities, officers, employees, or agents, or any other person.

THE WHITE HOUSE,
*June 23, 2006.*

[FR Doc. 06–5828
Filed 6–27–06; 8:45 am]
Billing code 3195–01–P



EXHIBIT B