**Hearing Date: July 24, 2012 at 10:00 a.m. (ET)**
**Objection Deadline Date: July 17, 2012 at 4:00 p.m. (ET)**

NICHOLS KASTER, LLP
Robert L. Schug (*pro hac vice* pending)
One Embarcadero Center
Suite 720
San Francisco, CA 94111
Telephone: (415) 277-7235
Fax: (415) 277-7238
E-Mail: rschug@nka.com

*Bankruptcy Counsel for Plaintiffs*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------X
In re:                                        :
                                              :  Chapter 11
                                              :
Residential Capital, LLC, et al.,             :
                                              :  Case No. 12-12020 (MG)
                   Debtors.                    :
                                              :  Jointly Administered
-------------------------------------------------------X
```

**MEMORANDUM IN SUPPORT OF MOTION OF DEBORAH BOLLINGER AND**
**BRYAN BUBNICK FOR RELIEF FROM AUTOMATIC STAY AS TO GMAC**
**MORTGAGE, LLC AND RESIDENTIAL CAPITAL, LLC**

## TABLE OF CONTENTS

**INTRODUCTION**..................................................................................................................1

**FACTUAL AND PROCEDURAL BACKGROUND** ......................................................1

   I.   OVERVIEW OF PLAINTIFFS' CLAIMS; CONDITIONAL CERTIFICATION OF
OVERTIME CLAIMS UNDER 29 USC § 216(b) ...................................................1

   II.  STATUS OF DISCOVERY; SUMMARY JUDGMENT ......................................2

      A.  Discovery........................................................................................................2

      B.  The Court Grants Plaintiffs' Motion for Summary Judgment on Defendants'
Affirmative Defenses, and denies Defendants' Motion for Summary Judgment on
Good Faith, Willfulness, and Liquidated Damages ....................................................3

   III.  THE AUTOMATIC STAY ....................................................................................5

**ARGUMENT**.........................................................................................................................**5**

   I.   LEGAL STANDARD............................................................................................5

   II.  THE RELEVANT CIRCUMSTANCES WEIGH IN FAVOR OF LIFTING THE
AUTOMATIC STAY ............................................................................................6

      A.  No Interference with the Bankruptcy Case; Balance of Harms .................................6

      B.  Summary Judgment Has Been Granted and the Parties are Ready for Trial ..............7

      C.  The Western District of Washington Has Extensive Knowledge of the Relevant
Legal and Factual Issues .............................................................................................8

**CONCLUSION** ...................................................................................................................**9**

## TABLE OF AUTHORITIES

**CASES**

*In re ISO Group*, 395 B.R. ...............................................................................................8

*In re Keene Corp.*, 171 B.R. 180 (Bankr. S.D.N.Y. 1994) ...............................................6

*In re Murray Indus.*, Inc., 121 B.R. 635 (Bankr. M.D. Fla. 1990) .............................7, 8

*In re Sonnax Indus., Inc.*, 907 F.2d 1280 (2d Cir. 1990) ............................................5, 6

*In re Taub*, 413 B.R. 55 (Bankr. E.D.N.Y. 2009) .......................................................6, 7

*In re The SCO Group, Inc.*, 395 B.R. 852 (Bankr. D. Del. 2007) ...................................7

*In re Touloumis*, 170 B.R. 825 (Bankr. S.D.N.Y. 1994) .................................................6

*In re Wiley*, 288 B.R. 818 (8th Cir. 2003) .......................................................................6

*In re Williams*, 302 B.R. 923 (Bankr. M.D. Ga. 2003) ...................................................8

*Matter of Rexene Products Co.*, 141 B.R. 574 (Bankr. D. Del. 1992) ........................8, 9


**STATUTES**

11 U.S.C. § 362(a)(1) ........................................................................................................5

11 U.S.C. § 362(d)(1) ........................................................................................................5

11 U.S.C. § 362(g)(2) ........................................................................................................5

29 U.S.C. § 216(b) .........................................................................................................1, 2

29 U.S.C. § 259..............................................................................................................3, 4


**OTHER SECONDARY SOURCES**

H.R. Rep. No. 595, 95th Cong., 1st Sess. (1977) .............................................................5
U.S. Code Cong. & Admin. News 1978 .............................................................................5

## INTRODUCTION

By this motion, Plaintiffs Deborah Bollinger and Bryan Bubnick request relief from the

automatic stay as to debtors Residential Capital, LLC and GMAC Mortgage, LLC in order to

liquidate their claims for unpaid overtime, and the claims of the opt-in Plaintiffs, in the case

captioned *Bollinger et al. v. Residential Capital, LLC et al.*, Civ No. 2:10-01123 (RSM),

currently pending in the United States District Court for the Western District of Washington.  For

the past two years, Plaintiffs and 89 other former mortgage underwriters have been litigating

their claims for unpaid overtime against Defendants Ally Financial, Inc., Residential Capital,

LLC, and GMAC Mortgage, LLC.  Discovery is now largely complete.  Moreover, in late May

of this year, Plaintiffs achieved a substantial victory when the Honorable Ricardo S. Martinez

granted Plaintiffs' motion for summary judgment on Defendants' two key affirmative defenses to

liability—the Fair Labor Standards Act's "administrative exemption" defense and "good faith"

defense.  The district court also denied Defendants' motions for summary judgment on good

faith, willfulness, and liquidated (double) damages.  Given the advanced stages of the litigation,

the extensive knowledge and experience of the trial court, and the negligible burden on the

debtors in proceeding through trial, the relevant considerations weigh in favor of relief from the

automatic stay.  Plaintiffs' motion should be granted in full.

## FACTUAL AND PROCEDURAL BACKGROUND

**I.      OVERVIEW OF PLAINTIFFS' CLAIMS; CONDITIONAL CERTIFICATION
OF OVERTIME CLAIMS UNDER 29 USC § 216(b)**

On July 9, 2010, Plaintiffs Deborah Bollinger and Bryan Bubnick filed a Class and

Collective Action Complaint against Defendants Residential Capital, LLC and Ally Financial,

Inc. pursuant to Fed. R. Civ. P. 23 and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §

216(b).  (*See* Schug Decl., Ex. A (Am. Compl.).)  The Complaint was later amended to add

1

GMAC Mortgage, LLC as a defendant. (*See id.*) The case is filed in the United States District

Court for the Western District of Washington, and has been assigned to the Honorable Ricardo S.

Martinez for all proceedings.

Plaintiffs worked for Defendants as mortgage underwriters in various locations around

the country. (*See id.* ¶¶ 5-6.) Plaintiffs were routinely forced to work over forty hours per week

for Defendants—often starting work early in the morning and working into the evening, as well

as on weekends—but were denied proper overtime pay due to Defendants' willful

misclassification of their underwriting workforce as "exempt" from the protections of state and

federal wage and hours laws. (*Id.* ¶¶ 27-35.) As a result of Defendants' willful misconduct,

Plaintiffs have asserted claims for unpaid overtime under the FLSA, and for unpaid overtime and

failure to provide meal and rest periods under Washington state law. (*Id.* ¶¶ 48-69.)

On August 17, 2010, Defendants filed a motion to dismiss the Complaint in its entirety.

(Schug Decl. ¶ 4.) On November 5, 2010, Plaintiffs filed a motion for conditional certification

and judicial notice pursuant to 29 U.S.C. § 216(b). (*Id.*)

On January 5, 2011, the district court denied Defendants' motion to dismiss, and granted

Plaintiffs' motion for conditional class certification. (*Id.* ¶ 5.) Notice of the lawsuit was sent to

the members of the putative FLSA collective, (*id.*), and approximately 91 current and former

mortgage underwriters have joined the case.

## II.    STATUS OF DISCOVERY; SUMMARY JUDGMENT

### A.    Discovery

On June 21, 2011, after the close of the FLSA opt-in period, the parties submitted a Joint

Status Report and Discovery Plan. (*Id.* ¶ 6.) On August 16, 2011, the district court issued an

Order Setting Trial Date & Related Dates.  (Schug Decl., Ex. B (Order).)  Discovery is to be

completed by July 16, 2012.  (*Id.*)  Trial is set for January 21, 2013.  (*Id.*)

The parties engaged in fairly extensive discovery during the summer and fall of 2011.

The parties exchanged documents, and both sides took multiple depositions.  (Schug Decl. ¶ 7.)

Plaintiffs took the Rule 30(b)(6) deposition of Defendants through multiple witnesses.  (*Id.*)

Plaintiffs also deposed two non-party witnesses.  (*Id.*)  Defendants took the depositions of the

named Plaintiffs, as well as three opt-in Plaintiffs.  (*Id.*)   Although there may be the need for

some additional discovery due to recent maneuvering by Defendant Ally Financial,[1] discovery is

substantially complete.

**B.      The Court Grants Plaintiffs' Motion for Summary Judgment on Defendants'
Affirmative Defenses, and Denies Defendants' Motion for Summary
Judgment on Good Faith, Willfulness, and Liquidated Damages**

On January 13, 2012, Plaintiffs filed a motion for summary judgment.  (*Id.* ¶ 8.)

Plaintiffs requested that the court grant summary judgment in Plaintiffs' favor on Defendants'

two primary defenses to liability for unpaid overtime: (1) the administrative exemption defense;

and (2) Defendants' good faith reliance defense under 29 U.S.C. § 259.  (*Id.*)  On February 17,

2012, Defendants filed a cross-motion for summary judgment on their good faith defense, as well

as the issues of willfulness and liquidated damages.  (*Id.*).

On May 30, 2012, the Court granted Plaintiffs' motion for summary judgment in full, and

denied Defendants' motion for summary judgment in full.  (Schug Decl., Ex. C (Order).)  The

district court held that, as a matter of law, Defendants could not meet their burden to establish

---

[1] After the Court's entry of summary judgment in Plaintiffs' favor on Defendants' key defenses,
Defendant Ally Financial suddenly took the position that it did not "employ" Plaintiffs for
purposes of the FLSA.  This directly contradicted Ally's written concession of the "employer"
issue earlier in the litigation.  Plaintiffs have requested a status conference with the district court
to address how this issue should be handled.

that Plaintiffs were exempt under the FLSA's administrative exemption. (*Id.* at 5-13.) The court

explained, "Plaintiffs did not perform the sort of high-level analysis and counseling that

constitutes exempt administrative work in the financial services industry." (*Id.* at 12.)

The court also granted summary judgment in Plaintiffs' favor on Defendants' good faith

reliance defense under 29 U.S.C. § 259. (*Id.* at 13-20.) The court explained that Defendants

"did not act in conformity with [Department of Labor opinion letter guidance] by concluding

underwriters with very different duties were exempt." (*Id.* at 18.) The court further confirmed

that the various DOL regulations and guidance that Defendants claimed to have relied upon were

"too general or plainly distinguishable from Defendants' situation" to satisfy the good faith

requirements of § 259. (*Id.*)

Finally, the district court denied Defendants' motion for summary judgment on Plaintiffs'

claims that Defendants' violations were willful, and denied Defendants' motion for summary

judgment on Plaintiffs' entitlement to liquidated (double) damages. (*Id.* at 20-22.) With regard

to willfulness, the court held that a jury could conclude that Defendants willfully misclassified

Plaintiffs because "[i]nternal emails show the exemption decision provoked ongoing debate and

concern, especially since Defendants' officers knew that competitors considered underwriters to

be non-exempt." (*Id.* at 22.) The district court deferred the question of whether Plaintiffs are

entitled to liquidated damages until after final adjudication on the merits. (*Id.* at 20-21.)

The district court's order on Plaintiffs' motion for summary judgment eliminated, as a

matter of law, Defendants' two key defenses to liability for unpaid overtime. Accordingly, trial

will focus mainly on (1) damages, and (2) willfulness.

III.    **THE AUTOMATIC STAY**

On June 1, 2012, debtors Residential Capital, LLC and GMAC Mortgage, LLC filed a

Notice of Bankruptcy and Effect of Automatic Stay.  (Schug Decl. ¶ 10.)

<u>ARGUMENT</u>

I.    **LEGAL STANDARD**

The automatic stay set forth in § 362(a) of the Bankruptcy Code stays the continuation of

actions against the debtor that were, or could have been, brought before the commencement of

the bankruptcy proceedings.  11 U.S.C. § 362(a)(1).  However, as Congress has stated:

> It will often be more appropriate to permit proceedings to continue in their place
> of origin, when no great prejudice to the bankruptcy estate would result, in order
> to leave the parties to their chosen forum and to relieve the bankruptcy court from
> duties that may be handled elsewhere.

*In re The SCO Group, Inc.*, 395 B.R. 852, 856 (Bankr. D. Del. 2007) (citing H.R. Rep. No. 595,

95th Cong., 1st Sess., 341 (1977), U.S. Code Cong. & Admin. News 1978, pp. 5787, 6297).

After notice and a hearing, a party in interest may obtain relief from the stay "for cause."  11

U.S.C. § 362(d)(1).  "The burden of proof on a motion to lift or modify the automatic stay is a

shifting one."  *In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1285 (2d Cir. 1990).  The initial burden

is on the movant.  *Id.*  The burden then shifts to the debtor for all other issues.  11 U.S.C. §

362(g)(2).  The decision of whether to lift the stay is within the discretion of the bankruptcy

judge, and may be overturned only for an abuse of discretion. *In re Sonnax*, 907 F.2d at 1286.

In *In re Sonnax*, the Second Circuit set forth twelve factors to be weighed in deciding

whether litigation can continue despite the automatic stay.[2]  *Id.*  Only the relevant factors need to

---

[2] The factors are: (1) whether relief would result in a partial or complete resolution of the issues;
(2) lack of any connection with or interference with the bankruptcy case; (3) whether the other
proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the
necessary expertise has been established to hear the cause of action; (5) whether the debtor's

5

be considered, and all factors need not be assigned equal weight. *In re Keene Corp.*, 171 B.R.

180, 183 (Bankr. S.D.N.Y. 1994). In deciding whether to lift a stay and allow a creditor to

continue litigation in another forum, the bankruptcy court should consider the "particular

circumstances" of the case, and ascertain what is just to the claimants, the debtor, and the estate.

*In re Touloumis*, 170 B.R. 825, 828 (Bankr. S.D.N.Y. 1994).

## II.    THE RELEVANT CIRCUMSTANCES WEIGH IN FAVOR OF LIFTING THE AUTOMATIC STAY

The relevant circumstances weigh strongly in favor of granting relief from the automatic

stay to allow Plaintiffs to liquidate their clams in the United States District Court for the Western

District of Washington. Plaintiffs' motion should be granted.

### A.    <u>No Interference with the Bankruptcy Case; Balance of Harms</u>

First, allowing Plaintiffs to continue litigating their overtime claims in the Western

District of Washington will not significantly prejudice debtors Residential Capital and GMAC,

or interfere with the bankruptcy proceedings. Aside from a few issues, discovery is largely

complete. Accordingly, there will be no undue burden on the debtors. *See In re Wiley*, 288 B.R.

818, 823 (8th Cir. 2003) ("The mere cost of defense . . . is ordinarily considered an insufficient

basis for denying relief from the stay."). Moreover, if Plaintiffs are allowed to proceed, the

prompt resolution of the dispute over the precise amount of unpaid overtime that is owed will

remove one obstacle to GMAC's pursuit of the confirmation of a bankruptcy plan. *See e.g.*, *In re*

---

insurer has assumed full responsibility for defending it; (6) whether the action primarily involves
third parties; (7) whether litigation in another forum would prejudice the interests of other
creditors; (8) whether the judgment claim arising from the other action is subject to equitable
subordination; (9) whether movant's success in the other proceeding would result in a judicial
lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and
economical resolution of litigation; (11) whether the parties are ready for trial in the other
proceeding; and (12) impact of the stay on the parties and the balance of harms. *In re Sonnax
Indus.,* 907 F.2d at 1286.

*Taub*, 413 B.R. 55, 62-63 (Bankr. E.D.N.Y. 2009) ("This would resolve significant open issues in the Debtor's bankruptcy case, and would assist the Debtor in pursuing the confirmation of a Chapter 11 plan."); *In re SCO Group, Inc.*, 395 B.R. 852, 859 (Bankr. D. Del. 2007) ("In addition, without a ruling on the Liability Issues, Novell's rights in these bankruptcy cases remains undetermined and the value of Novell's claim will remain a troubling issue for the Court, Novell and Debtors.").

On the other hand, forcing Plaintiffs to pursue their claims in bankruptcy would cause them substantial harm. As a result of Defendants' willful violation of the Fair Labor Standards Act by misclassifying Plaintiffs as "exempt" from overtime pay, Plaintiffs have been deprived of thousands of dollars of unearned wages. Plaintiffs have been litigating their claims for nearly two years, have obtained a substantial victory in defeating Defendants' affirmative defenses at the summary judgment stage, and should not be further denied their right to liquidate their claims in the most convenient forum. *In re Murray Indus*., Inc., 121 B.R. 635, 637 (Bankr. M.D. Fla. 1990) ("While this Court recognizes that lifting the stay will present some hardship to these Debtors, this Court is of the opinion that to begin this litigation anew in this bankruptcy court would result in more of a hardship to the Movant and would certainly result in a waste of judicial resources.").

**B.** **Summary Judgment Has Been Granted and the Parties are Ready for Trial**

Second, relief from the stay is warranted in light of the late stages of the case and the parties' readiness for trial. As set forth above, Plaintiffs have been litigating their overtime claims for nearly two years. Extensive discovery has been completed, and dispositive motions have already been filed and decided. Indeed, in late May the district court granted summary judgment in Plaintiffs' favor. (Schug Decl., Ex. C.) The only issues left for trial are damages

7

and willfulness.  The late stage of the proceedings and the very limited issues remaining for trial

weigh strongly in favor of lifting the stay.  *See In re Williams*, 302 B.R. 923, 926 (Bankr. M.D.

Ga. 2003) ("Both Movant and Respondents have already invested almost two years of time on

this matter in state court"); *In re Murry Indus.*, 121 B.R. at 637 ("This litigation has been

proceeding for an extended period of time; to force the Movant to duplicate all of its efforts in

the bankruptcy court is both unfair and wasteful.").

<b>C.     <u>The Western District of Washington Has Extensive Knowledge of the<br>Relevant Legal and Factual Issues</u></b>

Finally, the significant knowledge and experience of the district court also favors

allowing Plaintiffs to continue in the Western District of Washington.  Over two years of

litigation, Judge Martinez has gained significant knowledge of the facts involved in Plaintiffs'

claims, as well as the specific legal issues to be decided.  Judge Martinez has decided numerous

pretrial issues through rulings on Defendants' motion to dismiss, Defendants' motion to strike

consent forms, Plaintiffs' motion for conditional class certification, and the parties' cross-

motions for summary judgment.  (Schug Decl. ¶ 5 & n.1.)

It would be far more efficient to allow Plaintiffs to litigate their claims through trial in

front of Judge Martinez in the Western District of Washington.  *See In re ISO Group*, 395 B.R. at

860 ("It is undeniable that the Lawsuit involves many highly technical issues that the District

Court has already addressed and mastered.  Debtors concede that it is unreasonable to expect this

Court to spend a significant amount of time learning and resolving the Liability Issues when the

District Court already has the knowledge required to adjudicate the Liability Issues. Moreover, to

do so would be economically inefficient and unnecessarily time consuming."); *In re Williams*,

302 B.R. at 926 ("This Court does not find grounds to keep the automatic stay in effect, which

would require Movant to start over in Bankruptcy Court with his lawsuit."); *Matter of Rexene*

8

*Products Co.*, 141 B.R. 574, 577 (Bankr. D. Del. 1992) ("Judicial economy dictates a prompt

resolution in a single forum and with the same judge who was originally assigned to the case.").

**CONCLUSION**

In consideration of all of the relevant factors, this Court should grant Plaintiffs relief from

the automatic stay to litigate their claims for unpaid overtime, and the claims of the opt-in

Plaintiffs, in the United States District Court for the Western District of Washington.

Dated:  July 3, 2012
San Francisco, California

Respectfully Submitted,

**NICHOLS KASTER, LLP**

/s/ Robert L. Schug
Robert L. Schug, CA Bar No. 249640*
  *(*pro hac vice* application pending)
One Embarcadero Center, Suite 720
San Francisco, CA 94111
Telephone: (415) 277-7235
Fax: (415) 277-7238
E-Mail:  rschug@nka.com

*Bankruptcy Counsel for Plaintiffs*

9