BINGHAM McCUTCHEN LLP
Steven Wilamowsky
399 Park Avenue
New York, New York 10022
(212) 705-7000

*Attorneys for Allstate Life Insurance*
*Company*


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
|  | : |  |
| In re | : | Chapter 11 |
|  | : |  |
| Residential Capital, LLC, *et al.*, | : | Case No. 12-12020 (MG) |
|  | : |  |
| Debtors | : | (Jointly Administered) |
|  | : |  |
---------------------------------------------------------x


### MOTION OF ALLSTATE LIFE INSURANCE COMPANY FOR THE ENTRY OF AN ORDER APPROVING SPECIFIED INFORMATION BLOCKING PROCEDURES AND PERMITTING TRADING OF CLAIMS AGAINST THE DEBTORS UPON ESTABLISHMENT OF A SCREENING WALL

# TABLE OF CONTENTS

**Page**

BACKGROUND ................................................................................................................... 1

JURISDICTION .................................................................................................................. 2

BASIS FOR RELIEF........................................................................................................... 3

NO PRIOR REQUEST ........................................................................................................ 5

CONCLUSION.................................................................................................................... 5


EXHIBIT A - Declaration of Peter A. McElvain
EXHIBIT B - Proposed Order

A/74953866.3

# TABLE OF AUTHORITIES

**Page(s)**

FEDERAL CASES

*In re Calpine Corp., et al.*, No. 05-60200 (Bankr. S.D.N.Y. Jan**.** 25, 2006) ...................................4

*In re Capmark Financial Group, Inc., et al.*, No. 09-13684 (Bankr. D. Del. Apr. 7, 2010) ...........4

*In re Federated Dep't Stores, Inc.*, No. 1-90-00130, 1991 Bankr. LEXIS 288 (Bankr.
S.D. Ohio Mar. 7, 1991) .................................................................................................4, 5

*In re General Growth Properties, Inc., et al.*, No. 09-11977 (Bankr. S.D.N.Y. Sept. 28,
2008, Sept. 29, 2009, Mar**.** 2, 2010, and Apr**.** 8, 2010) ..............................................................4

*In re Lehman Bros. Holding, Inc., et al.*, No. 08-13555 (Bankr. S.D.N.Y Oct. 16, 2008,
Oct. 22, 2008, Nov. 5, 2008, and Mar. 22, 2010) ........................................................................4

*In re Magellan Health Services, Inc., et al*, No. 03-40515 (Bankr. S.D.N.Y. May 6, 2003) ..........4

*In re MF Global Holdings Ltd., et al*., No. 11-15059 (Bankr. S.D.N.Y. Nov. 17, 2011)................4

*In re SemCrude L.P., et al.*, No. 08-11525 (Bankr. D. Del. Aug. 29, 2008) ..................................4

*In re Solutia Inc., et al*, No. 03-17949 (Bankr. S.D.N.Y. Jan. 22, 2004)........................................4

*In re WorldCom, Inc.*, No. 02-13533 (Bankr. S.D.N.Y. Aug. 6, 2002)..........................................4

FEDERAL: STATUTES, RULES, REGULATIONS, CONSTITUTIONAL PROVISIONS

11 U.S.C.§ 105(a) .......................................................................................................................1

11 U.S.C. § 1102(a) .....................................................................................................................1

11 U.S.C. §§ 1107 and 1108 .........................................................................................................1

28 U.S.C. § 157(b)(2) ...................................................................................................................2

28 U.S.C. § 1334...........................................................................................................................2

28 U.S.C. §§ 1408 and 1409 .........................................................................................................2

OTHER: STATUTES, RULES, REGULATIONS, CONSTITUTIONAL PROVISIONS

Local Bankruptcy Rule 9074-1(b) ................................................................................................3

Securities Act of 1933 § 2(a)(1) ...................................................................................................2

A/74953866.3

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

Allstate Life Insurance Company, for itself and its affiliates ("Allstate"), a

member of the Official Committee of Unsecured Creditors (the "Committee"), in the above-

captioned chapter 11 cases, as and for its motion (the "Motion") for the entry of an order,

pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"),

approving information blocking procedures and permitting trading Claims (as defined below),

subject to adherence to the Screening Wall (as defined below), respectfully represents as follows:

BACKGROUND

1.    On May 14, 2012 (the "Petition Date"), the debtors and debtors in

possession in the above captioned cases (the "Debtors") filed voluntary petitions for relief under

chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern

District of New York.

2.    The Debtors continue to operate their businesses and manage their assets

as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.    On May 16, 2012, pursuant to section 1102(a) of the Bankruptcy Code,

the United States Trustee for the Southern District of New York (the "United States Trustee")

appointed the Committee in these cases.  In addition to Allstate, the members of the Committee

are AIG Asset Management (U.S.), LLC, The Bank of New York Mellon Trust Company, N.A.,

Deutsche Bank Trust Company Americas, Financial Guaranty Insurance Company, MBIA

Insurance Corporation, Rowena L. Drennen, U.S. Bank National Association, and Wilmington

Trust, N.A.

-1-

## JURISDICTION

4.      The Court has subject matter jurisdiction to consider this matter pursuant

to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and may be

determined by this Court.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and

1409.

5.      By this Motion, Allstate requests an order in the form annexed as Exhibit

"B" hereto (the "Order") determining that Allstate, as a member of the Committee and a

company engaged in the trading of securities and/or claims for others or for its own account as a

regular part of its business, will not violate its fiduciary duties as a member of the Committee by

trading Claims[1] during the pendency of the Debtors' chapter 11 cases, as long as Allstate

establishes and effectively implements a Screening Wall[2] and procedures to prevent the misuse

of any material non-public information obtained as a result of Allstate's performance of

Committee-related activities.

6.      Although members of the Committee owe fiduciary duties to the creditors

of the Debtors' estates, Allstate also has fiduciary duties to maximize returns to its clients and

shareholders through trading securities.  Thus, if Allstate is barred from trading the Claims

during the pendency of these bankruptcy cases because of its duties to other creditors, it may risk

the loss of a beneficial investment opportunity for itself and/or its clients and, moreover, may

---

[1]      "Claims" is used in this Motion to mean (x) any claims against or related to the Debtors and/or any of their
non-Debtor affiliates (collectively, the "Debtor Related Entities"), including (i) "Securities" as defined in
Section 2(a)(1) of the Securities Act of 1933 (including the following: stocks, notes, bonds, debentures,
participation in, or derivatives based upon or relating to, any of the Debtors' debt obligations or equity
interests) and (ii) bank debt and (y) any Securities issued by entities that acquired mortgages or loans
directly or indirectly from the Debtor Related Entities.

[2]      The term "Screening Wall" refers to procedures established by an organization to isolate its trading
activities as a member of a statutory creditors' committee.  A Screening Wall typically involves procedures
inside the institution which both: (i) comply with the requirements for insulating certain people from
certain material non-public information and (ii) function without unnecessary disruption to the management
and operation of the organization.

A/74953866.3

breach its fiduciary duty to its clients.  Alternatively, if Allstate is compelled to resign from the

Committee because of its inability to trade for the benefit of itself and its clients, its interests as a

creditor of the Debtors, as well as the interests of unsecured creditors in having a broad-based

committee of active, commercially sophisticated creditors, may be compromised.  Allstate

should not be forced to choose between serving on the Committee and risking the loss of

beneficial investment opportunities or forgoing service on the Committee and possibly

compromising its responsibilities by taking a less active role in the reorganization process,

particularly because its service as a Committee member benefits all unsecured creditors.

7.    As evidence of its implementation of the procedures detailed herein, filed

as Exhibit "A" hereto is a declaration (the "Declaration") of Peter A. McElvain, which confirms

that Allstate will comply with the terms and procedures set forth in this motion, or otherwise

approved by the United States Trustee.

8.    Consistent with Local Bankruptcy Rule 9074-1(b), Allstate submits that a

notice of presentment is appropriate and sufficient with regard to this Motion.  Notice and a

hearing are not required for the relief sought.  Moreover, prompt approval of the Screening Wall

is necessary to permit Allstate to participate fully on the Committee while being able to

participate in trading and protecting its clients' interests in what may prove to be an extremely

volatile market.

## BASIS FOR RELIEF

9.    Many institutions have faced the same issue described above with respect

to statutory committee memberships in other chapter 11 cases in recent years.  To resolve it,

bankruptcy courts, with increasing regularity, have allowed members (and their affiliates) of

statutory committees to trade in the securities of a debtor and its non-debtor affiliates while still

serving as committee members.  Cases in the Southern District of New York where a bankruptcy

-3-

court has authorized members of statutory committees to trade securities upon establishment of a

Screening Wall include: *In re MF Global Holdings Ltd., et al.*, No. 11-15059 (Bankr. S.D.N.Y.

Nov. 17, 2011); *In re General Growth Properties, Inc., et al.*, No. 09-11977 (Bankr. S.D.N.Y.

Sept. 28, 2008, Sept. 29, 2009, Mar. 2, 2010, and Apr. 8, 2010); *In re Lehman Bros. Holding,*

*Inc., et al.*, No. 08-13555 (Bankr. S.D.N.Y Oct. 16, 2008, Oct. 22, 2008, Nov. 5, 2008, and Mar.

22, 2010); *In re Calpine Corp., et al.*, No. 05-60200 (Bankr. S.D.N.Y. Jan. 25, 2006); *In re*

*Solutia Inc., et al*, No. 03-17949 (Bankr. S.D.N.Y. Jan. 22, 2004); *In re Magellan Health*

*Services, Inc., et al*, No. 03-40515 (Bankr. S.D.N.Y. May 6, 2003); and *In re WorldCom, Inc.*,

No. 02-13533 (Bankr. S.D.N.Y. Aug. 6, 2002).

10.    The proposed relief is also supported by substantially similar orders

entered in other jurisdictions. *See, e.g., In re Capmark Financial Group, Inc., et al.*, No. 09-

13684 (Bankr. D. Del. Apr. 7, 2010); *In re SemCrude L.P., et al.*, No. 08-11525 (Bankr. D. Del.

Aug. 29, 2008); and *In re Federated Dep't Stores, Inc.*, No. 1-90-00130, 1991 Bankr. LEXIS

288 (Bankr. S.D. Ohio Mar. 7, 1991).

11.    Each of these orders provides that a statutory committee member does not

violate its fiduciary duties as a committee member by trading in a debtor's securities (or, by

extension, a non-debtor affiliate's securities) so long as it acts in accordance with certain

information blocking procedures approved by the Bankruptcy Court.  The orders further provide

that the Bankruptcy Court may take appropriate action if there is any actual breach of fiduciary

duty because of a breach of the information blocking procedures.

12.    In the seminal decision on this issue, *In re Federated Dep't Stores, Inc.*,

No. 1-90-00130, 1991 Bankr. LEXIS 288 (Bankr. S.D. Ohio Mar. 7, 1991), the Bankruptcy

-4-

Court – agreeing with the position of the Securities and Exchange Commission on this issue – stated that the movant, Fidelity Management & Research Company, would:

> not be violating its fiduciary duties as a committee member and accordingly, will not be subjecting its claims to possible disallowance, subordination, or other adverse treatment, by trading in securities of the Debtors . . . during the pendency of these [c]ases, provided that Fidelity employs an appropriate information blocking device or "Chinese Wall" which is reasonably designed to prevent Fidelity trading personnel from receiving any non-public committee information through Fidelity committee personnel and to prevent Fidelity committee personnel from receiving information regarding Fidelity's trading in securities of the Debtors . . . in advance of such trades.

*In re Federated Dep't Stores, Inc.*, 1991 Bankr. LEXIS 288 at *2.  The *Federated Dep't Store* Court approved Fidelity's Screening Wall procedures, which, as here, included: (i) a written acknowledgement by personnel performing committee work that they could receive non-public information and were aware of the Screening Wall procedures in effect; (ii) a prohibition on the sharing of non-public committee information with certain other employees; (iii) separate file space for committee work inaccessible to certain other employees; (iv) restrictions on committee personnel's access to trading information; and (v) a compliance review process.  The Screening Wall procedures outlined here parallel those protections established in the *Federated Dep't Store* case and followed in subsequent cases.

<u>NO PRIOR REQUEST</u>

13.    No previous request for the relief sought herein has been made to this Court or any other Court.

<u>CONCLUSION</u>

WHEREFORE, Allstate respectfully requests that the Court enter the Order, substantially in the form attached as Exhibit "B" hereto: (i) approving the Screening Wall procedures set forth herein; (ii) confirming that Allstate will not violate its fiduciary duties as a

-5-

Committee member and, accordingly, will not subject its interests or claims to possible

disallowance, subordination, or other adverse treatment by trading Claims during the pendency

of the Debtors' chapter 11 cases, provided that Allstate follows the procedures set forth herein to

insulate its trading activities from its Committee-related activities; and (iii) granting such other

and further relief as is just and proper.

Dated:  July 3, 2012

                                           BINGHAM McCUTCHEN LLP

                                           By:   /s/Steven Wilamowsky
                                           Steven Wilamowsky
                                           399 Park Avenue
                                           New York, NY 10022
                                           (212) 705-7000

                                           *Attorneys for Allstate Life Insurance Company*

A/74953866.3