## **Exhibit A**

A/74953866.3

BINGHAM McCUTCHEN LLP
Steven Wilamowsky
399 Park Avenue
New York, New York  10022
(212) 705-7000

*Attorneys for Allstate Life Insurance
Company*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
|  |  : |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| Residential Capital, LLC, *et al.*, | : | Case No. 12-12020 (MG) |
|  | : |  |
| Debtors | : | (Jointly Administered) |
|  | : |  |
-------------------------------------------------------x

## DECLARATION OF PETER A. McELVAIN

I, Peter A. McElvain, hereby declare:

1.      I have personal knowledge of each of the facts stated in this Declaration,

except for those facts stated on information and belief, and as to those facts, I am informed and

believe them to be true.  I submit this Declaration on behalf of Allstate Life Insurance Company

and its affiliates ("Allstate"), a member of the Official Committee of Unsecured Creditors (the

"Committee") in the chapter 11 cases of the debtors and debtors in possession in the above

captioned cases (the "Debtors"), in connection with the *Motion Of Allstate Life Insurance*

*Company For The Entry Of An Order Approving Specified Information Blocking Procedures*

*And Permitting Trading Of Claims Against The Debtors Upon Establishment Of A Screening*

*Wall (*the "Motion")*,* to advise the United States Trustee for the Southern District of New York

of the "Screening Wall" procedures designed to prevent trading personnel and investment

advisory personnel of Allstate from receiving any non-public information concerning the

A/74953866.3

Debtors through Allstate personnel, representatives or agents performing activities related to the
Committee.

2.      Allstate shall cause personnel designated to receive non-public Committee
information ("<u>Committee Personnel</u>") to execute a letter, substantially in the form annexed as
Exhibit "1" hereto, acknowledging that they may receive non-public information and that they
are aware of, and agree to comply with, the Order and the Screening Wall procedures that are in
effect with respect to the Securities.  Allstate will provide a copy of any such letter executed by
its Committee Personnel to the United States Trustee.

3.      Committee Personnel will not share material non-public Committee
information ("<u>Information</u>") with any other employees of Allstate other than in compliance with
the Screening Wall procedures, provided that Information may be shared with:

    a.      Members of senior management who, due to their duties and
            responsibilities, have a legitimate need to know such Information,
            provided that such individuals: (i) otherwise comply with the Order; and
            (ii) use such Information only in connection with their senior managerial
            responsibilities; and

    b.      regulators, auditors, consultants, advisors and legal and compliance
            personnel, and to the extent that such information may be accessible by
            internal computer systems, Allstate administrative personnel who service
            and maintain such systems, each of whom will agree not to share
            Information with other employees and will keep such Information in files
            inaccessible to other employees, representatives and agents, other than
            those permitted to receive the Information pursuant to the Order.

4.      Except as otherwise provided for in the Order, Allstate will take those
steps necessary to restrict access to hard copy files containing Information to non-Committee
Personnel.  Further, Allstate will direct any calls to it related to its Committee role to its legal
department, at direct lines not generally accessible by securities traders.

Exh. A-3

5.    Except as otherwise provided for in the Order, Allstate shall take those steps necessary to restrict the access to Information by electronic means between Committee Personnel and all non-Committee Personnel.

6.    Committee Personnel will not receive any specific or detailed information regarding Allstate's trades in Claims and Securities (as defined in the Motion) in advance of the execution of such trades; *provided, however*, that this restriction shall not apply to Committee Personnel who are legal personnel, to the extent they are consulted about these chapter 11 cases, including but not limited to, the terms of the Order or the Allstate's general ability to trade in Claims and Securities.  Committee Personnel may receive: (i) reports and communications showing Allstate's purchases, sales and ownership of Claims and Securities, but no more frequently than as is customary or otherwise appropriate; and (ii) the usual internal reports showing Allstate's purchases and sales on behalf of Allstate or its clients to the extent that such personnel would otherwise receive such reports and communications in the ordinary course, and such reports are not specifically prepared with respect to the Debtors.

7.    Allstate's compliance personnel will review such Allstate's trades from time to time to determine if there is any reason to believe that such trades were not made in compliance with the information blocking procedures; *provided, however*, that the Order is not intended to preclude the Court from taking any action it may deem appropriate in the event that an actual breach of fiduciary duty has occurred because the procedures employed have not been effective or for reasons unrelated to the fact of Allstate's ability to trade based upon the establishment of the procedures set forth in the Order, and the Order shall not preclude the United States Trustee from taking any appropriate action (including the removal of Allstate from the Committee) for an actual breach of fiduciary duty by Allstate.

A/74953866.3

8.      Allstate will, unless it resigns from the Committee or otherwise is no

longer a party to the Order, provide written or electronic notice on a quarterly basis (with the first

notice due on the first business day that is three months after the last calendar day of the month

in which the Order is entered) to the United States Trustee verifying review of, and continued

compliance with, the terms of the Order and shall disclose, as soon as is practicable, to the

United States Trustee, any material breaches of the Order.

9.      I declare under the penalty of perjury that the foregoing is true and correct.

Dated:  July 3, 2012


 /s/Peter A. McElvain_____

A/74953866.3

**<u>Exhibit 1 to Declaration</u>**

Exh. A-6

A/74953866.3

**[FIRM LETTERHEAD]**
**[NAME]**
**[ADDRESS]**

Re:    In re Residential Capital, LLC, et al., Case No. 12-12020 (MG)
        Order to Permit Securities Trading Upon Establishment of a Screening Wall

Dear            :

       I am writing this letter pursuant to, and in accordance with, the *Order Approving*

*Specified Information Blocking Procedures And Permitting Trading Of Claims Against The*

*Debtors Upon Establishment Of A Screening Wall* (the "Order") entered by the United States

Bankruptcy Court for the Southern District of New York on _____ __, 2012. I am an

**[TITLE]**.  I am Committee Personnel (as referenced in the Order). I hereby acknowledge that: (a)

I may receive nonpublic information regarding the Debtors and the Debtors' non-debtor affiliates

as a consequence of Allstate's performance of Committee-related activities; and (b) I am aware

of, and agree to comply with, the Screening Wall procedures which is in effect with respect to

Claims and Securities (as referenced in the Order).

       Sincerely yours,

A/74953866.3