**Exhibit B**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
                                              :
In re                                         :    Chapter 11
                                              :
Residential Capital, LLC, *et al*.,           :    Case No. 12-12020 (MG)
                                              :
        Debtors                       :    (Jointly Administered)
                                              :
-------------------------------------------------------x

ORDER APPROVING SPECIFIED INFORMATION BLOCKING
PROCEDURES AND PERMITTING TRADING OF CLAIMS AGAINST
THE DEBTORS UPON ESTABLISHMENT OF A SCREENING WALL

Upon the motion dated July 3, 2012 (the "Motion"),[1] of Allstate Life Insurance Company, on behalf of itself and its affiliates ("Allstate"), a member of the Official Committee of Unsecured Creditors (the "Committee") of the debtors and debtors in possession (collectively, the "Debtors") in the above captioned cases, for the entry of an order, pursuant to section 105(a) of title 11 of the United States Code, approving information blocking procedures and permitting trading Claims and Securities, subject to adherence to the Screening Wall, and due and proper notice of the Motion having been given, and no adverse interest being affected, and any opposition to the Motion having been duly considered and overruled, and after due deliberation and sufficient cause appearing therefor, it is hereby

        ORDERED, that the Motion is granted as herein provided; and it is further

        ORDERED, that Allstate will not violate its duties as a Committee member and, accordingly, will not subject its claims to possible disallowance, subordination, or other adverse treatment, as a result of trading Claims or Securities during the pendency of the Debtors' cases, provided that Allstate establishes and effectively implements and strictly adheres to the

---

[1]    Capitalized terms not otherwise defined refer to the meanings ascribed to them in the Motion.

information blocking procedures detailed in the Declaration or otherwise approved in writing by the United States Trustee or by Order of the Court; and it is further

ORDERED, that the Screening Wall procedures to be employed by Allstate, if it wishes to trade in Claims and Securities, shall be substantially as described in the Declaration; and it is further

ORDERED, that nothing set forth in the Motion or this Order shall constitute an admission by any party or finding by this Court that debt obligations of the Debtors or non-debtor affiliates, whether arising under a credit facility or similar agreement or arrangement, or a participation in the same, is a "security" as such term is defined in the Securities Act of 1933, as amended; and it is further

ORDERED, that any individuals designated as Committee Personnel shall execute a letter substantially in the form annexed as Exhibit "1" to the Declaration and provide a copy of such executed letter to the United States Trustee; and it is further

ORDERED, that the requirements of this Order shall terminate on the *earlier* of the date: (a) the Committee is dissolved; or (b) Allstate ceases to be a member of the Committee, whether by reason of voluntary resignation or otherwise.

ORDERED, that notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under: (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation; (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012; (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the

Federal Deposit Insurance Act, as amended, dated February 10, 2012; and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

ORDERED, that this Court retains jurisdiction to construe and enforce the terms of this Order.

Dated: July __, 2012

_____
UNITED STATES BANKRUPTCY JUDGE