# EXHIBIT 1

## Scoliard Declaration

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:     (212) 468-8000
Facsimile:     (212) 468-7900
Larren M. Nashelsky
Gary S. Lee
Norman Rosenbaum

*Proposed Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**DECLARATION OF JENNIFER SCOLIARD, IN-HOUSE BANKRUPTCY COUNSEL AT RESIDENTIAL CAPITAL, LLC, IN SUPPORT OF OMNIBUS OBJECTION TO MOTIONS FOR RELIEF FROM THE AUTOMATIC STAY SCHEDULED FOR <u>HEARING ON JULY 10, 2012</u>**

I, Jennifer Scoliard, being duly sworn, depose and say:

1. I act as In-House Bankruptcy Counsel in the Legal Department at Residential Capital, LLC ("ResCap"), a limited liability company organized under the laws of the state of Delaware and the parent of the other debtors and debtors in possession in the above-captioned Chapter 11 cases (collectively, the "Debtors"). I have held this position since September 2010. Prior to that date, I served in various legal roles supporting GMAC Mortgage, LLC from January 2008 to September 2010. I joined ResCap in January 2008. In my role as In-House Bankruptcy Counsel at ResCap, I am responsible for the management of all non-routine bankruptcy litigation nationwide, including contested bankruptcy matters. I am authorized to

ny-1048281

submit this declaration (the "Declaration") in further support of the Debtors Omnibus Objection to Motions for Relief From the Automatic Stay Scheduled for Hearing on July 10, 2012 (the "Omnibus Objection"), as set forth below.[1]

2.   In my capacity as In-House Bankruptcy Counsel, I am generally familiar with the Debtors' litigation matters. Except as otherwise indicated, all statements in this Declaration are based upon my personal knowledge; information supplied or verified by personnel in departments within the Debtors' various business units; my review of the Debtors' litigation case files, books and records as well as other relevant documents; my discussions with other members of the Debtors' Legal Department; information supplied by the Debtors' consultants; or my opinion based upon experience, expertise, and knowledge of the Debtors' litigation matters, financial condition and history. In making my statements based on my review of the Debtors' litigation case files, books and records, relevant documents, and other information prepared or collected by the Debtors' employees or consultants, I have relied upon these employees and consultants accurately recording, preparing, collecting, or verifying any such documentation and other information. If I were called to testify as a witness in this matter, I would testify competently to the facts set forth herein.

3.   The Debtors by way of direct claims and counter-claims are defendants, respondents, or are contractually obligated to defend third parties in excess of 1,900 pending litigation and contested foreclosure and bankruptcy matters, involving lawsuits filed in jurisdictions all around the country. Approximately one-third of these matters concern either (ii) defenses asserted in foreclosure, eviction or borrower bankruptcy proceedings or (ii) title disputes, both of which are exempted from the automatic stay by the Supplemental Servicing

---

[1] Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to them in the Omnibus Objection.

Order. In addition to the forgoing, approximately one-third of ResCap's pending litigation and contested foreclosure and bankruptcy matters are not subject to the stay, notwithstanding the Supplemental Servicing Order. Thus, approximately two-thirds of ResCap's pending litigation and contested foreclosure and bankruptcy matters are not stayed and continue to proceed in various jurisdictions across the country.

### A.  Lifting the Automatic Stay Will Interfere With the Debtors Chapter 11 Cases

4. The Legal Department is tasked with managing litigation in which the Debtors are defendants or respondents in state and federal court, including bankruptcy courts, as well as managing litigation for third parties for which the Debtors have contractual obligations to defend. The Legal Department plays a very active role in analyzing and strategizing on active litigation matters, working with various departments within the Debtors' various regional offices, collecting all documents and information necessary to analyze each case, including, but not limited to, the following: (i) reviewing documents and information related to discovery, (ii) reviewing all draft pleadings and discovery responses, (iii) witness preparation of deposition and trial witnesses, (iv) directing settlement negotiations, (v) coordinating discussion with internal business personnel, (vi) maintaining the Legal Staff database, (vii) coordinating with local litigation counsel and ResCap bankruptcy counsel, (viii) attending mediations and settlement conferences and (ix) preparing for trial.

5. In addition to the above, the Legal Department has been the primary group tasked with assisting in the development and implementation of the Supplemental Servicing Order and assisting outside counsel with application of the automatic stay to various claims in light of theSupplemental Servicing Order.

ny-1048281                                3

6. As a result of the Debtor's bankruptcy filing and the entry of the Supplemental Servicing Order, the Legal Department must also review and analyze each individual claim in conjunction with internal business personnel, local litigation counsel and ResCap bankruptcy counsel to determine the applicability of this Court's orders regarding stay relief.

7. The Legal Department also fields inquiries daily from both its outside litigation counsel and its Default Counsel regarding the application of the Supplemental Servicing Order and will continue to do so as new legal actions arise after the order is entered on a final basis.

8. Moreover, several employees from the Legal Department have also spent the better part of the last month assisting in the preparation of the Debtors' schedules of assets and liabilities, statements of financial affairs, and ordinary course professionals and special counsel retention applications.

9. The comprehensive and detailed role the Legal Department plays in the management of the Debtors' litigation and contested foreclosure and bankruptcy matters, addressing the oversight of said litigation; responding to the inquiries from outside litigation counsel and Default Counsel; and assisting ResCap's bankruptcy counsel with various motions and other filings in the Debtors' bankruptcy case, has been and will continue to be a monumental task

10. Permitting legal actions otherwise stayed by the Debtors' bankruptcy to proceed would create a significant burden on the Debtors, adding an approximate additional 690 cases, plus any future actions similar to the ones described in the Motions would divert the Legal

Department's and other critical employees' attention from the critical tasks of running the Debtors' business and significantly increase the Debtors' out-of-pocket legal costs.

### B.    No Specialized Tribunal has Been Established to Hear the Actions

11.    As far as I am aware, no specialized tribunal has been created to hear any of the claims involved in any of the Actions. Instead, each of the Actions raises ordinary state and federal civil claims, such as breach of contract, wrongful conversion, foreclosure or reconveyance, and violations of TILA, RESPA, and FDCPA.

### C.    No Insurer has Assumed Responsibility for Any of the Actions

12.    The Debtors' legal costs represent a large operating expense. For the most part, in the vast majority of cases, including each of the Actions, the Debtors pay their legal defense fees and costs out-of-pocket. The Debtors' out-of-pocket defense costs averaged approximately $14.8 million per month for the year prior to the Petition Date. Additionally, the Debtors' insurance policies carry a high per claim deductible; therefore any amounts awarded as judgments against the Debtors will be born directly by the Debtors.

### D.    The Actions do not Primarily Involve Third Parties

13.    While some of the Actions involve the Debtors as co-defendants, (with the exception of the Burris and Lewis Motions), each of the Actions that is the basis for the Motions has also been brought against the Debtors.

### E.    Actions are at Early Stages

1.    Most of the Actions underlying the Motions are in their early stages. For example:

- <u>Gilbert Action</u>: The Gilbert Action is on appeal to the Fourth Circuit as a result of dismissal on procedural grounds, with the Debtors' Rehearing Motion pending. The Fourth Circuit entered an order denying rehearing as to Deutsche Bank, but stayed the mandate regarding a rehearing *en banc* as to the Debtor parties. In the event the automatic stay were lifted, whether

rehearing was granted or denied (and the case was therefore remanded for further litigation), either outcome would come at a cost to the Debtors' estates. None of the Debtors are party to the Gilbert's state court foreclosure action.

- <u>Gardner Action</u>: The Gardner Action was filed in May 2011 and, while much of the document discovery has occurred, the Debtors believe several depositions are likely to be required prior to the motion for summary judgment or trial phase of this Action.

- <u>Lewis Action</u>: The Lewises currently have no Action pending which would require relief from the automatic stay. The Lewises have already filed a complaint against the Debtors and launched an adversary proceeding in these Chapter 11 cases; and

- <u>Jackson Action</u>: The Debtors have filed a motion to dismiss Jacksons' claims, which remains pending, and no evidentiary/discovery schedule has been set.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 3, 2012

*/s/* Jennifer Scoliard
Jennifer Scoliard
In-House Bankruptcy Counsel for
Residential Funding, LLC