

## OPTION ONE
M O R T G A G E

*an H&R BLOCK company*



018416/FL-RE-PI-

CORLA JACKSON
13230 TOM GASTON RD
MOBILE AL 36695-8658

|  |  |
|---|---|
| Payment Due Date | 08/01/04 |
| Current Payment | $ 1,920.64 |
| Past Due Payment(s) | $ .00 |
| Unpaid Late Charges | $ .00 |
| Other Charges | $ .00 |
| Total Amount Due | $ 1,920.64 |
| After 08/16/04 Add Late Charge Of | $ 102.17 |
| Total Payment After 08/16/04 | $ 2,022.81 |

### Account Information

| Item Description | Amount |
|---|---|
| **Balances** | |
| Principal Balance | $ 240,000.00 |
| Escrow Balance | $ 871.14 |
| Unpaid Late Charges | $ .00 |
| **Payment Factors** | |
| Int Rate - First Mtg | 7.650% |
| Principal & Interest | $ 1,702.83 |
| Escrow Payment | $ 217.81 |
| Other | $ .00 |
| Total Payment Amount | $ 1,920.64 |
| **Year to Date** | |
| Interest | $ 1,428.00 |
| Taxes | $ .00 |

| | |
|---|---|
| Loan Number | 4848 |
| Property Address | 13230 TOM GASTON RD |
| | MOBILE AL 36695 |
| Home Phone | 251-865-4440 |
| Work Phone | 702-524-3135 |

## Activity Since Last Statement

| Date | Description | Principal | Interest | Escrow | Misc. | Late/Other Charges | Total |
|---|---|---|---|---|---|---|---|
| 06/03 06/03 | NEW LOAN SET UP PREDIST PMT | $240,000.00- | $1,428.00 | $871.14 | | | $2,299.14 |

Payments received after the statement date may not appear on this statement.



# WELCOME TO OPTION ONE

Option One Mortgage Corporation is pleased to welcome you as a customer. We are happy to have helped facilitate the financing of your home loan. For your convenience, we will send you a billing statement every month which includes a payment stub and an envelope that you can use to mail in your payments.

*Please verify the information on the billing statement, particularly your property and mailing addresses. You can use the back of the payment stub to indicate any corrections or changes needed.*

*To access your account information online, you must first register as a new user. During the registration process, you will be asked to choose a user name and password. You will then use the user name and password you created to log in.*

New Loan Verification Line: **888.323.4390**
Online account access: **www.optiononeonline.com**

DETACH AND SEND LOWER PORTION WITH PAYMENT

# GE Money
# Home Loans
PO BOX 25142
Santa Ana, CA 92799-9905

February 8, 2006

**Address**

RE: Account No.          : ████2124
    Property Address     : 13230 Tom Gaston Rd  Mobile, AL 36695-0000
    File No.             : CRTN
    Date of Loss         : LDT

Dear Corla Jackson

We realize how difficult a loss to your home can be, and we want to process your claim as quickly and efficiently as possible. To assist in the claim- handling process, please submit the following items to our office:

1. The insurance claim check(s) (SIGNED/ENDORSED BY ALL PARTIES LISTED ON THE CHECKS».
2. The enclosed *Homeowner's Statement* completed and signed by you.
3. A copy of the insurance adjuster's detailed report or your contractor's detailed damage estimate for repairs.
4. A copy of the signed contract between you and your contractor doing the repairs.
5. The enclosed *Contractor Affidavit/Statement* needs to be completed and returned to our office once ALL REPAIRS HAVE BEEN COMPLETED.

Upon receipt of the fully endorsed insurance claim check and above required information, we will release a portion of the claim funds within 4-5 business days after receipt. If all required items are not received, we are unable to proceed with a disbursement of the claim funds until the missing items are submitted.

Due to the amount of loss, partial funds will be released at various stages. After the first release of insurance funds, periodic property inspections will be needed to confirm repair progress. Please contact our office seven to ten business days prior to needing additional funds to allow time for the property inspection.

If I may be of additional assistance, please call me at 1-866-354-7281.

Sincerely,

Insurance Claims Center
FAX: (866)336-3811

GE TPA 13
HAZ6-NWCLMDP
Enclosures
BRE



Loan Number: ●●●3367          Servicing Number: 001347464-8          Date: 05/26/04

# INSTRUCTIONS TO CLOSING AGENT

BORROWER: CORLA JACKSON
DOCUMENT DATE: 05/26/04
DISBURSEMENT DATE: 06/01/04
BRANCH: Atlanta House
PROPERTY ADDRESS: 13230  TOM GASTON RD
MOBILE, AL  36695-8658
COUNTY: Mobile

MONTHLY PAYMENT:
P & I:    $1,702.83
TAX:       $73.32
INS.:     $144.49
FLOOD:      $0.00
MISC:       $0.00
TOTAL:  $1,920.64

TO:  HERITAGE TITLE
2521 HILLCREST RD STE C
MOBILE, AL 36695
CLOSING AGENT
Phone: (251) 776-1661
Fax:   (251) 662-3336
E-Mail:paigetitle@yahoo.com

TITLE CO:  STEWART TITLE COMPANY
5760 I-55 NORTH SUITE 200
JACKSON, MS 39211
CLOSING AGENT
Phone: (601) 977-9776
Fax:   (601) 977-9790

CLOSING AGENT NO./: JACKSON          TITLE ORDER NO.: 999010283

SALES PRICE:                    INTEREST RATE: 7.650%      FIRST PAYMENT DATE: August 01, 2004
LOAN AMOUNT: $240,000.00         LOAN TERM: 360             LAST PAYMENT DATE: July 01, 2034

## TITLE INSURANCE REQUIREMENTS

ALTA POLICY** must contain endorsements: 6.1, 8.1 (OR EQUIV)    CLTA 116 (OR EQUIV)

EAGLE TITLE POLICY **All Inclusive/Comprehensive (If Applicable)
with liability in the amount of $ 240,000.00 .          on property described herein.

  Date and Time of Title Policy must be exactly as reflected on the Deed of Trust/Mortgage/Security Deed.

** Please issue ALTA Short Form Policy when available.  For Second Mortgage Loans, Lender will accept CLTA or
standard ALTA Policy in lieu of an Extended Coverage ALTA Policy.

LIABILITY SUBJECT ONLY TO: (Gen. & Spec. taxes) Fiscal Year; COUNTY/PARISH: All 2003 Paid
CITY:                                      SCHOOL:
CITY/SCHOOL:                               SPECIAL DISTRICT:
TOWN/TOWNSHIP/BOROUGH/PLANTATION:
VILLAGE:                                   SURFACE WATER MANAGEMENT:

Funds may be used for account of the vestees or mortgagors, and you will record all instruments when you comply with the
following:

1.  Issue said form of Policy showing name of insured to read
        Option One Mortgage Corporation, a California Corporation, Its
                    Successors and/or Assigns

2.  Issue said form of Policy showing title vested as shown below.
    Title must be vested in individuals only.
    CORLA JACKSON, A  SINGLE WOMAN

3.  Issue said form of Policy free from encumbrances except items
    . NONE

    of Preliminary Title Report or Title Commitment dated  05/03/04

4.  Survey exception, if applicable, MUST be removed from the title policy.  If survey is required to remove the survey exception
    and issue the title policy as requested, contact the Lender prior to disbursement of funds.

5.  VERIFICATION that vesting on Grant/Warranty Deed matches Deed of Trust/Mortgage/Security Deed.

6.  All liens, judgements, delinquent or outstanding personal and/or property taxes must be paid in full and released or a partial
    reconveyance issued releasing our subject property. INDEMNIFICATIONS are NOT ACCEPTABLE.  - PROOF OF PAYOFF
    IS REQUIRED.

7.  This loan MUST record in    [X] First Lien Position    [ ] Second Lien Position.

8.  Forward original title policy in duplicate directly to lender within 90 days of closing (see page 5)

# NexTier Bank

1301 Grandview Avenue, Suite 120
Pittsburgh, PA 15211
Phone: 877-533-2784 Fax: 412-390-3535

To whom it may concern,

Based on the credit information supplied to me, Corla Jackson would qualify for a mortgage if all negative information regarding her mortgage were taking off the three credit bureaus. **(Trans Union, Equifax and Experian)** Then her credit scores would need to go back up in the 700 Range. Once her credit scores are increased and the negative reporting of her current mortgage company is removed she would be able to apply for a new mortgage.

This property is **uninhabitable to live in, it cannot be borrowed against, or used as a secured instrument to** be sold as a primary residents for anyone to live in until it is brought up to zoning coded, and all the structural damages are completed, for its intended use.

Based on our knowledge of all (Structural Damages) it must also comply, with high wind zoning laws first, which exceeds the limit of the mortgage of (**$240,000**), and the limit of insurance of (**$312,000**). We cannot put a mortgage against a property that cannot be lived in safely, or as permanent primary residents, to occupy per our appraisers guidelines.

This letter basically says (Ms. Jackson) would qualify for a mortgage, if she did not carry the liability on an insured uninhabitable home, which cannot legal be occupied, until it can be signed off on by (Mobile County Chief Building Inspector.

When we closed on Ms. Jackson's current property the lender required the homeowner to obtain homeowners insurance that would cover any damages whether from fire, flooding, hurricane or any other storm related damages to this property. **This insurance covers, the entire replacement cost.**

This case had nothing to do with mold, at the time of loss. This had to do with Structural Damages being completed on this Dwelling, at the time of loss. Because the Structural Damages was not completed, and not brought up to high wind codes, to prevent further and major damages at the time of loss mold set in, by not removing and replacing the wet contaminated rain water debris throughout out the entire Dwelling. This included inside the walls, structure, and hard wood floors throughout.

If you have any questions or concerns regarding this matter, please do not hesitate to call or e-mail me.

Sincerely,

*Steve J. Arthur*

**Steve Arthur**
**412-390-3530 Ext. 108**
**412-298-2748 Cell Phone** *(Evenings and Weekends)*
sarthur@fedmc.com
*********************************************************

Federated Mortgage Corp. or any subsidiaries of Federated Mortgage Corp. shall not be liable for the contents contained in this electronic data. The views contained in this electronic document are the views of the individual sending this document.
*********************************************************

| A. U.S. Department of Housing and Urban Development | | B. Type of Loan | | |
|---|---|---|---|---|
| | | 1. [ ] FHA | 2. [ ] FMHA | 3. [ ] Conv. Unins. |
| | | 4. [ ] VA | 5. [ ] Conv. Ins. | [X] Other. |
| | | 6. File Number | | 7. Loan Number |
| | | 401582 | | |
| | | 8. Mortgage Ins. Case No. | | |

**Settlement Statement**

C. Note: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked ("POC") were paid outside the closing; they are shown here for information purposes and are not included in the totals.

| | |
|---|---|
| D. Name of Borrower: | Corla Jackson |
| E. Name of Sellers: | |
| F. Name of Lender: | Option One Mortgage Corporation, 1600 Parkwood Circle SE, Atlanta, GA 30339-2147 |
| G. Property Location: | 13230 Tom Gaston Rd, Mobile, AL 36695-6059 |
| H. Settlement Agent: | Heritage Title, LLC (228) 669-7192 |
| Place of Settlement | TIN: 69-1283722 |
| I. Settlement Date: | 6/29/2004 |
| | Proration Date: 6/1/2004 |

| | | | | | |
|---|---|---|---|---|---|
| 100. | Gross amount due from borrower: | | 400. | Gross amount due to sellers: | |
| 101. | Contract sales price | | 401. | Contract sales price | |
| 102. | Personal property | | 402. | Personal property | |
| 103. | Settlement charges to borrower (line 1400) | 234,766.18 | 403. | | |
| 104. | Pay off of Vendors Lien | 5,000.00 | 404. | | |
| 105. | Pay off Vendors Lien | 5,000.00 | 405. | | |
| | | | | | |
| 106. | City/town taxes | | 406. | City/town taxes | |
| 107. | County taxes | | 407. | County taxes | |
| 108. | Assessments | | 408. | Assessments | |
| 109. | | | 409. | | |
| 110. | | | 410. | | |
| 111. | | | 411. | | |
| 112. | | | 412. | | |
| 120. | Gross amount due from borrower: | 244,766.18 | 420. | Gross amount due to seller: | 0.00 |
| | | | | | |
| 201. | Deposit or earnest money | | 501. | Excess deposit (see instructions) | |
| 202. | Principal amount of new loan(s) | 240,000.00 | 502. | Settlement charges to seller (line 1400) | 0.00 |
| 203. | Existing loan(s) taken subject to | | 503. | Existing loan(s) taken subject to | |
| 204. | | | 504. | Payoff of first mortgage loan | |
| 205. | | | 505. | Payoff of second mortgage loan | |
| 206. | | | 506. | | |
| 207. | | | 507. | | |
| 208. | Lender Credit to Borrower | 4,800.00 | 508. | | |
| 209. | | | 509. | | |
| | | | | | |
| 210. | City/town taxes | | 510. | City/town taxes | |
| 211. | County taxes | | 511. | County taxes | |
| 212. | Assessments | | 512. | Assessments | |
| 213. | | | 513. | | |
| 214. | | | 514. | | |
| 215. | | | 515. | | |
| 216. | | | 516. | | |
| 217. | | | 517. | | |
| 218. | | | 518. | | |
| 219. | | | 519. | | |
| 220. | Total paid by/for borrower: | 244,800.00 | 520. | Total reduction in amount due seller: | 0.00 |
| | | | | | |
| 301. | Gross amount due from borrower (line 120) | 244,766.18 | 601. | Gross amount due to seller (line 420) | 0.00 |
| 302. | Less amount paid by/for borrower (line 220) | 244,800.00 | 602. | Less total reduction in amount due seller (line 520) | 0.00 |
| 303. | CASH (FROM) (TO) BORROWER | 33.82 | 603. | CASH (FROM) (TO) SELLER | 0.00 |

SUBSTITUTE FORM 1099 SELLER STATEMENT – The information contained in Blocks E, G, H and I and on line 401 (or, if line 401 is subtotaled, lines 403 and 404), 406, 407 and 408-412 (applicable part of buyer's real estate tax reportable to the IRS) is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction will be imposed on you if this item is required to be reported and the IRS determines that it has not been reported.

SELLER INSTRUCTION – If this real estate was your principal residence, file form 2119, Sale or Exchange of Principal Residence, for any gain, with your income tax return; for other transactions, complete the applicable parts of form 4797, Form 6252 and/or Schedule D (Form 1040).

You are required by law to provide Heritage Title, LLC (228) 669-7192 with your correct taxpayer identification number.
If you do not provide Heritage Title, LLC (228) 669-7192 with your correct taxpayer identification number, you may be subject to civil or criminal penalties.

| | | | | Paid From Borrower's Funds at Settlement | Paid From Seller's Funds at Settlement |
|---|---|---|---|---|---|
| 700. | Total sales/broker commission | | | | |
| | Division of commission (line 700) as follows: | | | | |
| 701. | $ | | | | |
| 702. | $ | | | | |
| 703. | Commission paid at settlement | | | | |
| 704. | | | | | |
| 800. | Items payable in connection with loan | | | | |
| 801. | Loan origination fee | | | | |
| 802. | Loan discount | | | | |
| 803. | Appraisal fee | to | Colorado Federal Savings Bank | | |
| 804. | Credit report | | | POCB 300.00 | |
| 805. | Lender's inspection fee | | | | |
| 806. | Mortgage insurance application fee | | | | |
| 807. | Assumption fee | | | | |
| 808. | Processing Fee | to | Colorado Federal Savings Bank | | |
| 809. | Application Fee | | | 378.00 | |
| 810. | Administration Fee | | | | |
| 811. | Tax Service Fee | to | Fidelity National Tax Service | | |
| 812. | Flood Certification Fee | to | First American Flood Data Services | 70.00 | |
| 813. | Broker Fee | to | Colorado Federal Savings Bank | 12.00 | |
| 814. | Funding Fee | to | Option One Mortgage Corporation | 3,120.00 | |
| 815. | Underwriting Fee | to | Option One Mortgage Corporation | 50.00 | |
| | | | | 595.00 | |
| 900. | Items required by lender to be paid in advance | | | | |
| 901. | Interest from | 6/1/2004 | to 7/1/2004    at $51.0000/day for 30 days. | | |
| 902. | Mortgage insurance premium for | | | 1,530.00 | |
| 903. | Hazard insurance premium for | 1 yrs. | to Farmers Insurance    POCB 1739.82 | | |
| 904. | | | | | |
| 905. | | | | | |
| 1000. | Reserves deposited with lender | | | | |
| 1001. | Hazard insurance | 4 mo.@ $144.4600 per mo. | | | |
| 1002. | Mortgage insurance | | | 577.98 | |
| 1003. | City property taxes | | | | |
| 1004. | County property taxes | 11 mo.@ $73.3200 per mo. | | | |
| 1005. | Annual assessments (maint.) | | | 806.52 | |
| 1006. | | | | | |
| 1007. | | | | | |
| 1008. | | | | | |
| 1009. | Aggregate Accounting Adjustment | to | Corla Jackson | | |
| 1100. | Title charges | | | (513.34) | |
| 1101. | Settlement or closing fee | to | Heritage Title, LLC | | |
| 1102. | Abstract or title search | to | Heritage Title, LLC | 350.00 | |
| 1103. | Title examination | | | 100.00 | |
| 1104. | Title insurance binder | | | | |
| 1105. | Document preparation | | | | |
| 1106. | Notary fees | | | | |
| 1107. | Attorney's fees | to | | | |
| | Includes above items no.: | | | | |
| 1108. | Title insurance | to | Heritage Title, LLC | | |
| | Includes above items no.: | | | 705.00 | |
| 1109. | Lender's coverage | $240,000.00 | $175.00 | | |
| 1110. | Owner's coverage | $240,000.00 | $530.00 | | |
| 1111. | | | | | |
| 1112. | Endorsement Fee | | | | |
| 1113. | Courier Fee | to | Heritage Title, LLC | | |
| 1200. | Government recording and transfer charges | | | 30.00 | |
| 1201. | Recording fees: | | Mortgage $434.00 | | |
| 1202. | City/county tax/stamps: | | | 434.00 | |
| 1203. | State tax/stamps: | | | | |
| 1204. | | | | | |
| 1205. | | | | | |
| 1206. | | | | | |
| 1300. | Additional settlement charges: | | | | |
| 1301. | Survey | | | | |
| 1302. | Pest inspection | | | | |
| 1303. | Pay off Mortge | to | Southtrust Bank | | |
| 1304. | Payoff Mortgage | to | Hibernia Bank | 44,834.89 | |
| 1305. | Pay on Account | to | NCO Financial | 181,398.15 | |
| 1400. | Total settlement charges (entered on lines 103, section J and 502, section K) | | | 291.00 | |
| | | | | 234,766.16 | |

CERTIFICATION: I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of HUD-1 Settlement Statement.

Corla Jackson    5/26/04

Corla Jackson

Paid In Full

To the best of my knowledge, the HUD-1 Settlement Statement which I have prepared is a true and accurate account of the funds which were received and have been or will be disbursed by the undersigned as part of the settlement of this transaction.

Case 12-cv-00521-KDF Document 1-7 Filed 02/23/12 Page 31 of 36





WHEN RECORDED MAIL TO:
OPTION ONE MORTGAGE CORPORATION
P.O. BOX 57096
IRVINE, CA 92619-7096
ATTN:   RECORDS MANAGEMENT

28.50
360.00
388.50
10.00
398.50
2.00
400.50

2004042906  Book-5505  Page-1916
Total Number of Pages: 11

Heritage Title, LLC   $240,000.00

Loan Number: ######8367
Servicing Number: 001347464-8

[Space Above This Line For Recording Data]

## MORTGAGE

THIS MORTGAGE ("Security Instrument") is given on   May 26, 2004        . The grantor is
CORLA JACKSON, A  SINGLE WOMAN

("Borrower"). This Security Instrument is given to

Option One Mortgage Corporation, a California Corporation

which is organized and existing under the laws of CALIFORNIA                      , and whose
address is
                      3 Ada, Irvine, CA  92618
("Lender"). Borrower owes Lender the principal sum of
TWO HUNDRED FORTY THOUSAND
   . . . AND NO/100THS        Dollars (U.S.  $240,000.00        ).
This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides
for monthly payments, with the full debt, if not paid earlier, due and payable on July 01, 2034
This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and
all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced
under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's
covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby
mortgage, grant and convey to Lender and Lender's successors and assigns, with power of sale, the following
described property located in
                               Mobile                              County, Alabama:

02-35-06-23-0-000-002.010
SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART THEREOF.

State of Alabama - Mobile County
I certify this instrument was filed on

Thu, Jan-10-2004 @ 2:13:56PM
RECORDING FEE         28.50
SURCHARGE             10.00
S. R. FEE              2.00
MORTGAGE TAX         360.00
TOTAL AMOUNT        $400.50

2004042906
Don Davis, Judge of Probate

which has the address of 13230  TOM GASTON RD, MOBILE

Alabama       36695-8658          ("Property Address");                    [Street, City],
              [Zip Code]

     TO HAVE AND TO HOLD this property unto Lender and Lender's successors and assigns, forever,
together with all the improvements now or hereafter erected on the property, and all easements, appurtenances, and
fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this
Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

ALABAMA - Single Family
Page 1 of 7

C. J.

ALD10011.wp (11-30-01)

Loan Number: ████████367      Servicing Number: 001347464-8      Date: 05/26/04

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

COVENANTS. Borrower and Lender covenant and agree as follows:

1. Payment of Principal and Interest; Prepayment and Late Charges. Borrower shall promptly pay when due the principal of and interest on the debt evidenced by the Note and any prepayment and late charges due under the Note.

2. Funds for Taxes and Insurance. Subject to applicable law or to a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments are due under the Note, until the Note is paid in full, a sum ("Funds") for: (a) yearly taxes and assessments which may attain priority over this Security Instrument as a lien on the Property; (b) yearly leasehold payments or ground rents on the Property, if any; (c) yearly hazard or property insurance premiums; (d) yearly flood insurance premiums, if any; (e) yearly mortgage insurance premiums, if any; and (f) any sums payable by Borrower to Lender, in accordance with the provisions of paragraph 8, in lieu of the payment of mortgage insurance premiums. These items are called "Escrow Items." Lender may, at any time, collect and hold Funds in an amount not to exceed the maximum amount a lender for a federally related mortgage loan may require for Borrower's escrow account under the federal Real Estate Settlement Procedures Act of 1974 as amended from time to time, 12 U.S.C. Section 2601 *et seq.* ("RESPA"), unless another law that applies to the Funds sets a lesser amount. If so, Lender may, at any time, collect and hold Funds in an amount not to exceed the lesser amount. Lender may estimate the amount of Funds due on the basis of current data and reasonable estimates or expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is such an institution) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items. Lender may not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. However, Lender may require Borrower to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise. Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender may agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds, showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for all sums secured by this Security Instrument.

If the Funds held by Lender exceed the amounts permitted to be held by applicable law, Lender shall promptly refund to Borrower any Funds held by Lender. If, under paragraph 21, Lender shall acquire or sell the Property, Lender, prior to the acquisition or sale of the Property, shall apply any Funds held by Lender at the time of acquisition or sale as a credit against the sums secured by this Security Instrument.

3. Application of Payments. Unless applicable law provides otherwise, all payments received by Lender under paragraphs 1 and 2 shall be applied: first, to any prepayment charges due under the Note; second, to amounts payable under paragraph 2; third, to interest due; fourth, to principal due; and last, to any late charges due under the Note.

4. Charges; Liens. Borrower shall pay all taxes, assessments, charges, fines and impositions attributable to the Property which may attain priority over this Security Instrument, and leasehold payments or ground rents, if any. Borrower shall pay these obligations in the manner provided in paragraph 2, or if not paid in that manner, Borrower shall pay them on time directly to the person owed payment. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph. If the Borrower makes these payments directly, Borrower shall promptly furnish to Lender receipts evidencing the payments.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the hold of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

5. Hazard or Property Insurance. Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage" and any other hazards, including floods or flooding, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's approval which shall not be unreasonably withheld. If Borrower fails to maintain coverage described above, Lender may, at Lender's option, obtain coverage to protect Lender's rights in the Property in accordance with paragraph 7.

All insurance policies and renewals shall be acceptable to Lender and shall include a standard mortgage clause. Lender shall have the right to hold the policies and renewals. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

Unless Lender and Borrower otherwise agree in writing, or applicable Law otherwise requires, insurance proceeds shall be applied first to reimburse Lender for costs and expenses incurred in connection with obtaining any

           ALD10812.wp (11-30-01)

*C.P.*

Loan Number: ████3367      Servicing Number: 001347464-8      Date: 05/26/04

If Lender invokes the power of sale, Lender shall give a copy of a notice to Borrower in the manner provided in paragraph 14. Lender shall publish the notice of sale once a week for three consecutive weeks in a newspaper published in Mobile County, Alabama, and thereupon shall sell the Property to the highest bidder at public auction at the front door of the County Courthouse of this County. Lender shall deliver to the purchaser Lender's deed conveying the Property. Lender or its designee may purchase the Property at any sale. Borrower covenants and agrees that the proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this

Loan Number: 651003367      Servicing Number: 001347464-8      Date: 05/26/04

interest, upon notice from Lender to Borrower requesting payment.

8. Mortgage Insurance. If Lender required mortgage insurance as a condition of making the loan secured by this Security Instrument, Borrower shall pay the premiums required to maintain the mortgage insurance in effect. If, for any reason, the mortgage insurance coverage required by Lender lapses or ceases to be in effect, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the mortgage insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the mortgage insurance previously in effect, from an alternate mortgage insurer approved by Lender. If substantially equivalent mortgage insurance coverage is not available, Borrower shall pay to Lender each month a sum equal to one-twelfth of the yearly mortgage insurance premium being paid by Borrower when the insurance coverage lapsed or ceased to be in effect. Lender will accept, use and retain these payments as a loss reserve in lieu of mortgage insurance. Loss reserve payments no longer be required, at the option of Lender, of mortgage insurance coverage (in the amount and for the period that Lender requires) provided by an insurer approved by Lender again becomes available and is obtained. Borrower shall pay the premiums required to maintain mortgage insurance in effect, or to provide a loss reserve, until the requirements for mortgage insurance ends in accordance with any written agreement between Borrower and Lender or applicable law.

9. Inspection. Lender or its agent may make reasonable entries upon and inspections of the Property. Lender shall give Borrower notice at the time of or prior to an inspection specifying reasonable cause for the inspection.

10. Condemnation. The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking or any part of the Property, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender. Lender may apply, use or release the condemnation proceeds in the same manner as provided in paragraph 5 hereof with respect to insurance proceeds.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the condemnor offers to make an award or settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the proceeds, at its option, either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not exceed or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of such payments.

11. Borrower Not Released; Forbearance By Lender Not a Waiver. Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

12. Successors and Assigns Bound; Joint and Several Liability; Co-signers. The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph

17. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

13. Loan Charges. If the loan secured by this Security Instrument is subject to a law which sets maximum loan charge, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge under the Note.

14. Notices. Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any other address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

15. Governing Law; Severability. This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

Loan Number: ____3367        Servicing Number: 001347464-8        Date: 05/26/04

[Check applicable boxes]

[X] Adjustable Rate Rider                [ ] Condominium Rider                    [ ] 1-4 Family Rider
[ ] No Prepayment Penalty Option Rider   [ ] Planned Unit Development Rider       [ ] Occupancy Rider
[ ] Other(s) (specify)

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.
Witnesses:

_____(Seal)
                        -Borrower

_____(Seal)
                        -Borrower

_____(Seal)          _____(Seal)
CORLA    JACKSON       -Borrower                              -Borrower

_____(Seal)          _____(Seal)
                        -Borrower                              -Borrower

STATE OF ALABAMA,                                        Mobile    County ss:

On this    26th    day of    May                                    , 2004    , I,

_____, a Notary Public in and for said county and in said state,

hereby certify that    Corla  Jackson

_____ , whose name(s)    is    signed to the
foregoing conveyance, and who    is    known to me, acknowledged before me that, being informed
of the contents of the conveyance,              she    executed the same voluntarily and as
              she    act on the day the same bears date.
Given under my hand and seal of office this    26th    day of    May    , 2004

My Commission Expires: 5/8/2005                    _____
                                                    Notary Public

This instrument was prepared by

ALO10017.wp (11-30-01)

WHEN RECORDED MAIL TO:
OPTION ONE MORTGAGE CORPORATION
P.O. BOX 57096
IRVINE, CA 92619-7096
ATTN:    RECORDS MANAGEMENT



Loan Number: ██████367
Servicing Number: 001347466-9

_____ Space Above This Line For Recording Data _____

# MORTGAGE

THIS MORTGAGE ("Security Instrument") is given on  May 26, 2004       . The grantor is
CORLA JACKSON, A  SINGLE WOMAN

("Borrower"). This Security Instrument is given to

Option One Mortgage Corporation, a California Corporation

which is organized and existing under the laws of CALIFORNIA.                     , and whose
address is

3 Ada, Irvine, CA  92618

("Lender"). Borrower owes Lender the principal sum of
TWO HUNDRED FORTY THOUSAND
. . . AND NO/100THs                Dollars (U.S.  $240,000.00      ).
This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides
for monthly payments, with the full debt, if not paid earlier, due and payable on  July 01, 2034          .
This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and
all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced
under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's
covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby
mortgage, grant and convey to Lender and Lender's successors and assigns, with power of sale, the following
described property located in
                                    Mobile                              County, Alabama:

02-38-05-23-0-000-002.918
SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART THEREOF.

which has the address of  13236   TOM GASTON RD, MOBILE

                                                                              [Street, City],
Alabama          36695-6658          ("Property Address");
                 [Zip Code]

    TO HAVE AND TO HOLD this property unto Lender and Lender's successors and assigns, forever,
together with all the improvements now or hereafter erected on the property, and all easements, appurtenances, and
fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this
Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

ALABAMA - Single Family
Page 1 of 9

C. J.

ALD10811.usp (11-30-01)

4/21/2004 17:17    r412-398-          Federated Mortgage Corp.                    Blakeney→Jennifer    6/6

## Supplemental Addendum

File No.   24-Jach

| Borrower/Client | Carla Jackson | | | |
|---|---|---|---|---|
| Property Address | 13230 Tom Gaston Rd | | | |
| City | Mobile | County | Mobile | State AL | Zip Code 36605-8058 |
| Lender | Colorado Federal Savings Bank | | | |

Subject property value is $50,000 for three acres. This equates to roughly $17,500 per acre.

A $34,000 adjustment was made in each comparable sale to accommodate an additional two acres to subject and all sales.

The adjusted values of each comparable sale as well as the subject's indicated value will increase accordingly.

The subject and five acres will be, say, $340,000.

All site line adjustments are in excess of 10% after the $34,000 addition.  All other adjustments are within guidelines.

All comparable sales are in more defined and well developed subdivisions with higher per acre site values than subject.

The $34,000 adjustments for additional acreage attempts to reconcile all valuable variables involved while acknowledging a reasonable addition in values for this acreage.

Form TADD — "TOTAL for Windows" appraisal software by a la mode, inc. — 1-800-ALAMODE

# GMAC Mortgage

P.O. Box 25144
Santa Ana, CA 92799-5144

September 6, 2006

Corla Jackson
13230 Tom Gaston Rd
Mobile, AL 36695-0000

RE: Property Address    :13230 Tom Gaston Rd  Mobile, AL 36695-0000
    File No.            : GMC002124
    Date of Loss        : 08/24/2005

To Whom It May Concern:

This letter is to confirm the following. Hurrican Katrina damages on this property have been partiall
completed. At this point we have confirmed that only the roof has been completed.

To date we received a total of 69,294.45 in checks payable to Ms. Jackson and GMAC. The estimate
provided by Town & Country Roofing was $59,800.00. Leaving only 9,494.45 for the rest of repair t
the property.

According to Ms. Jackson she has not received any additional funds for repair of the rest of the
damages to the property.

Any further assistance need you may contact me at 866-354-7281 ext. 8534

Sincerely,

Insurance Claims Center
FAX: (866)336-3811

3451 Hammond Avenue
PO Box 780
Waterloo IA  50704-0780

**GMAC Mortg**

September 29, 2008

Corla Jackson
13230 Tom Gaston Rd
Mobile AL 36695

RE:     Account Number          ████2124
        Property Address        13230 Tom Gaston Rd
                                Mobile AL  36695

Dear Corla Jackson:

I am writing to confirm the review completed by our insurance claims division relating to your insurance losses to the property at 13230 Tom Gaston Road.  Thank you for taking the time to provide us with the documentation relative to this situation.

We have confirmed two insurance losses were filed on this property:

   1.  Fire claim dated March 13, 2008.  Claim settlement of $18,213.23
   2.  Hurricane loss dated August 24, 2005.  Claim settlement of $69,294.15

I understand you do not feel Farmers has properly handled the claims filed under your homeowner's policy; however, this dispute is between you and your insurance provider.

GMAC Mortgage has no rights to file under the mortgage clause if the carrier has paid out on the claim, which it appears Farmers has paid on both claims.  If Farmers denied the claim, we need written documentation from Farmers to you indicating they are denying your claim.

Typically, if Farmers feels GMAC Mortgage should have filed under the mortgage clause they would send a letter confirming this request.  We have no record of a letter of request to file under the mortgage clause or a letter denying payment of the claim from Farmers Insurance.

Based on this review, there is no additional action required of GMAC Mortgage at this time.  We must continue our attempts to collect the payments owed on this mortgage.

If I can be of additional assistance, please contact me at 1-800-627-0128, extension 2365385.

Sincerely,

Sharon Robinson
Advocacy Resolution Specialist
Executive Offices

# Mold Reporter

## News, Vol. 1, No. 3

Prev | Next | Volume 1, Number 3

Search

### The Final Solution: Mold-Contaminated House Burned to Ground

In February of this year, the Associated Press reported a Eugene, Oregon,
couple's plan to burn their house to the ground, letting the fire department
use it for a training exercise. It became contaminated while Mark and Mary Ja
O'Hara were having it remodeled. They and their children were made sick
result (headaches, respiratory problems, rapid weight loss, swollen and pai
joints, chronic fatigue, profuse nosebleeds and severely inflamed sinuses).
After the house is demolished, they plan to rebuild on the same 8-acre plot
land.

The O'Haras are seeking $3.5 million in damages in a lawsuit that will
probably be brought to trial this summer. They allege that their architect
(Michael Cockram of Eugene) failed to control the quality of work by the
general contractor, Stangland Construction, which failed to keep the inside
the house dry during remodeling. These issues are being contested.

The family tried to decontaminate their personal belongings, but had to dis
many of them.

### Melinda Ballard & Family win Large Settlement against Farmers Insurance

It was a lawsuit that made legal history. The Dripping Springs, Texas, famil
whose house was lost to mold last year was awarded $32 million by a jury i
the first part of June, 2001. Farmers Insurance Exchange, they found, failed
adequately and swiftly cover repairs for a water leak. As a result, the mold
Stachybotrys overran their 22-room house and severely damaged the parent
health and that of their child.

The award was broken down as follows:

- $6.2 million in actual damages. The house will have to be
  decontaminated, leveled, and rebuilt.
- $12 million in punitive damages.
- $5 million for mental anguish
- $8.9 million in lawyers' fees.

The award may be reduced by Judge John Dietz when he officially enters the
judgment on June 25. Also: Farmers may appeal. And political pressure may
ultimately release insurers from the necessity of covering conditions that may

 **FARMERS**

Farmers National Catastrophe Center of Excellence
17150 West 118th Terrace
Olathe, KS  66061

April 6, 2006

Ms. Corla Jackson
13230 Tom Gaston Rd
Mobile, AL  36695

RE:          Claim: 1007093144:
             Policy:████5620:
             DATE OF LOSS:          08/29/05

Dear Ms. Jackson:

In regards to the estimate you have provided from Town and Country Roofing, LLC.  We have updated your estimate to include replacement of your shingles, roof decking, framing for rafter repair, insulation, and 10% overhead and 10% profit to cover contractor charges.  As has been addressed in previous letters, mold is specifically excluded from coverage therefore I will not be able to include the mold remediation from the estimate provided.

Sincerely,
Fire Insurance Exchange

James M. Jenkins
Catastrophe Claims Service Representative
National Catastrophe Center

# TOWN & COUNTRY
# ROOFING CONTRACTORS L.L.C.
## 633-8224 FAX 634-1655

### PROPOSAL FOR STRUCTURE DAMAGED ROOF

NAME:CORLA JACKSON
INS. COMPANY:FARMERS INSURANCE
STREET:13230 TOM GASTON RD.
CITY:MOBILE  STATE:AL.
PHONE:228-235-8047

REROOF DUE TO HURRICAN'S IVAN & KATRINA
REMOVE PRESENT ROOFING TO THE BASE,CLEAN DECK
THROUGHLY.APPLY FIFTEEN POUND FELT.INSTALL WEATHER
WATCH STROM GAURD IN ALL VALLEYS.REPLACE ALL ROOF
JACKS AND PIPE COLLARS.INSTALL TWO POWER
TURBINES.INSTALL WHITE ALUMINUM EAVE METAL
SURROUNDING PRIMMISSES OF HOUSE.COVER ROOF WITH
FOURTY YEAR COMP. SHINGLES.
ROOF PITCH NINE ON TWELVE,FIFTY FOUR SQUARES.TOTAL
PRICE FOR ROOF $13,500.00

WOOD WORK
RAISE LOW RAFFTERS AND REPLACE DAMAGED SURRPORT
BEAMS AND TRUSSES.REMOVE AND REPLACE ALL
DECKING.INSTALL FIFTY FOUR HUNDRED SQUARE FEET OF
HALF INCH (OSB) DECKING.TOTAL PRICE $18,400.00 (NOT
INCLUDING FACIAL BOARDS OR SOFFITS)

Commercial • Residential            Roofing
                                    Since 1975
## TOWN & COUNTRY
## ROOFING, LLC
All Types Roofing & Waterproofing
**We Stop Leaks**
WRITTEN GUARANTEE - FREE ESTIMATES
LICENSED & BONDED
251-633-8224

Fax  633-4418         Presented by:____B.B.____

TREATMENT
TREAT WOOD IN INTIRE ATTIC FOR MOLD.TOTAL PRICE
$4,750.00 OR Remove Wet Damaged 2/4'S/Wood

INSULATION
REMOVE ALL INSULATION IN ATTIC AND REBLOW.TOTAL
PRICE $5,900.00

DEBRIS
HAUL OFF ALL DEBRIS DEVELOPED FROM JOB AND CLEAN IN
WAY OF SAME.TOTAL PRICE $5,000.00

INSPECTION IS REQUIRED BY COUNTY ON THIS SEVERLY
STURCTURAL DAMAGED AND DANGEROUS ROOF.
ADDITIONAL FEES FOR STATE OF ALABAMA GENERAL
CONTRACTORS REQUIRED BY LAW AND EXPECT FEES
$10,000.00   FRANK MOORE #12,250.00 (CONTRACTORS Licensing Fee only)
OR WH Construction, Addinal Fees FOR over Seeing JOB Required
THE ROOF STRUCTURE WAS DAMAGED BECAUSE THE ROOF
AND ITS SUPPORT WAS TIED INTO THE FRAMING OF THE
HOUSE WHICH CAUSE MAJOR DAMAGE.

THESE FEES SHOULD COVER THE INTIRE STUCTURAL
DAMAGED ROOF ONLY.

IF YOU HAVE ANY QUESTIONS PLEASE CALL THE NUMBER
LISTED ABOVE.

THANK YOU FOR CALLING TOWN & COUNTRY!



Total $ 59,800

Case 12-87-00521-KD Document 1-2 Entered 07/23/12 Page 34 of 36

| Dictionary | Thesaurus | Encyclopedia | Translator | Web | | Login | Register | Help |

> **mortgage clause**

**Related Searches**

Standard mortgage c...
Bank mortgage claus..
Mortgagee clause
Enculpatory clause
Countrywide home lo...
Loss payee on prope...

**Nearby Words**

mortgage banker
mortgage bond
mortgage broker
**mortgage clause**
mortgage deed
mortgage holder
mortgage loan



## mortgage clause · 1 dictionary result

Bank of America® Mortgage
Take Advantage Of Low Refi Rates For Home Loans Up To $3 Million.
www.bankofamerica.com

Mortgage
Refinance Now and Save - No SSN Rqd Get 4 Free Quotes - Save Here!
MortgageRefinance.SmartQuote.com

See Todays Mortgage Rates
$180,000 **Mortgage** under $999/mo. As Seen on Good Morning America!
www.Mortgage.LowerMyBills.com

### Legal Dictionary

**Main Entry: mortgage clause**
**Function:** *noun*
: a clause in an insurance contract (as for fire insurance) that entitles a named mortgagee to be paid for damage or loss to the property —see also OPEN MORTGAGE CLAUSE, STANDARD MORTGAGE CLAUSE

Merriam-Webster's Dictionary of Law, © 1996 Merriam-Webster, Inc.
Cite This Source

Bank of America® Mortgage
Take Advantage Of Low Refi Rates For Home Loans Up To $3 Million.
www.bankofamerica.com

Mortgage
Refinance Now and Save - No SSN Rqd Get 4 Free Quotes - Save Here!
MortgageRefinance.SmartQuote.com

Search another word or see **mortgage clause** on Thesaurus | Reference



**Search faster for words with Dictionary.com Premium.**

[Sign Up Now]

See Todays Mortgage Rates
$180,000 **Mortgage** under $999/mo. As Seen on Good Morning America!
www.Mortgage.LowerMyBills.com

4.25% Fixed Refinance
No Hidden Fees. Refi & Save w/ DPR® As Featured on CNNMoney and Forbes!
Mortgage.DeltaPrimeRefinance.com

> **mortgage clause**

About · Privacy Policy · Terms of Use · Ask Answers · Advertise with Us · Link to Us · Contact Us
Dictionary.com LLC. Copyright © 2009. All rights reserved.

× Forum          ▲ Style guide
▶ School gear     ▲ Literary terms


THE DAILY BEAST

**Berlin Wall Legend Shattered**

GET XTRA INSIGHT ►

**SPELL YOUR WAY TO THE TOP OF THE CLASS**
**PLAY Mike Spell's CLASS**

↩ A NEW word game from Dictionary.com ↪


Dictionary.com

**Find out what 'truth' is...in Icelandic!**

**Use our multilingual dictionary to find words in 30 different languages.**

Follow us:   Twitter   Facebook

Home | Español

# RCS - Residential Credit Solutions

First Time Visitors
About Your Loan / About Us  Contact Information
Existing Customers

### Customer Login

User Name:

Password:

Log In

Forgot your Username?

Forgot your Password?

Not Registered Yet?

Escrow Account Information  Insurance Information  Payment Services  Payment Counseling  Payoff
Request  End of Year FAQs  Insurance Loss Draft FAQs  Contact Information

Make A Payment

Investor Services
General Investor Information  Corporate Information  Contact Information
Existing Customers   Insurance Information



## Homeowner's Insurance Information

Insuring your home is an important way to protect your most
valuable asset. Maintaining adequate insurance means that
you will be covered in the unlikely event of a loss.

Having homeowner's insurance is an obligation under your
mortgage contract, and providing your lender with evidence of
adequate insurance coverage is an important responsibility of
home ownership. Everyone must have hazard insurance on
their property. If your property is located in a flood zone, you
must also obtain flood insurance on your property. In certain
states or geographic zones where windstorms, earthquakes, or
hurricanes occur, additional coverage against resulting
damage is required.



# Exhibits & Case Laws

Number Of Pages: _____

As a result of the foregoing transaction, Smith and others ultimately initiated litigation against Walden in the Montgomery Circuit Court (case no. CV–95–1093), seeking a judgment declaring the ownership of certain property. Walden filed several counterclaims against Smith, seeking damages for default on a promissory note, breach of a joint-venture agreement, and fraudulent suppression. Because a detailed summary of the background of these disputes was provided in Walden v. Hutchinson, 987 So.2d 1109 (Ala.2007), from which we quote extensively below, we use the terms defined therein as defined terms in this opinion.

| State of Alabama<br>Unified Judicial System<br><br>Form ARCIvP-93   Rev. 5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>`GV` `A` `0` `7` `0` `4` `9` .<br>Date of Filing:  Judge Code:<br>`0` `1` `1` `8` `2` `0` `1` `2`<br>Month  Day  Year |
| --- | --- | --- |

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF _Mobile_ , **ALABAMA**

_Corla Jackson_ _(Name of County)_
Plaintiff v. _GMAC Mortgage_
Defendant

First Plaintiff   ☐ Business   ☒ Individual      First Defendant   ☐ Business   ☐ Individual
☐ Government   ☐ Other      ☐ Government   ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PROPERTY INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damage Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN** (check one):   F ☐ INITIAL FILING   A ☐ APPEAL FROM DISTRICT COURT   O ☐ OTHER:
R ☐ REMANDED   7 ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**   ☐ YES  ☐ NO   Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**   ☐ MONETARY AWARD REQUESTED      ☐ NO MONETARY AWARD REQUESTED

ATTORNEY CODE:
`_____`   Date _1/18/2012_   _Corla Jackson_
Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**   ☐ YES  ☐ NO  ☐ UNDECIDED

# ORIGINAL

AVS0350

## ALABAMA JUDICIAL DATA CENTER
### MOBILE       COUNTY

### SUMMONS

CV 2012 000049.00

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
```

IN THE   CIRCUIT COURT OF    MOBILE       COUNTY

CORLA JACKSON VS GMAC MORTGAGE CORPORATION

    SERVE ON: (D001)

    SSN: 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                    PLAINTIFF'S ATTORNEY

    GMAC MORTGAGE CORPORATION            *** PRO SE ***
    CSC LAWYERS INC SERVICES
    150 SOUTH PERRY STREET
    MONTGOMERY      ,AL  36104-0000

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
```

TO THE ABOVE NAMED DEFENDANT:

    THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST
TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS, YOU OR YOUR ATTORNEY ARE
REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER
ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO THE PLAINTIFFS
ATTORNEY(S) SHOWN ABOVE OR ATTACHED.

    THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS
AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGEMENT BY DEFAULT MAY BE
ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
```

( ✓ )  TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY EITHER RULES 4.1(B)(2) OR
    4.2(B)(2) OR 4.4(B)(2) OF THE ALABAMA RULES OF CIVIL PROCEDURE:
    YOU ARE HEREBY COMMANDED TO SERVE THIS SUMMONS AND A COPY OF THE
    COMPLAINT IN THIS ACTION UPON DEFENDANT.

( )  THIS SERVICE BY CERTIFIED MAIL OF THIS SUMMONS IS INITIATED UPON THE
    WRITTEN REQUEST OF _____ PURSUANT TO RULE 4.1(C)
    OF THE ALABAMA RULES OF CIVIL PROCEDURE.

DATE: 01/19/2012                     CLERK: JOJO SCHWARZAUER
                                      205 GOVERNMENT STREET
                                      ROOM C936 NORTH TOWER
                                      MOBILE  AL  36644-2936
                                      (251)574-8420

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
```

  RETURN ON SERVICE:

  ( )  CERTIFIED MAIL RETURN RECEIPT IN THIS OFFICE ON (DATE) _____
      (RETURN RECEIPT HERETO ATTACHED)

  ( )  I CERTIFY THAT I PERSONALLY DELIVERED A COPY OF THE SUMMONS AND

    COMPLAINT TO _____

    IN _____ COUNTY, ALABAMA ON (DATE) _____

DATE _____            SERVER SIGNATURE _____

SERVER ADDRESS _____            TYPE OF PROCESS SERVER _____

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
```

OPERATOR: LEG
PREPARED: 01/19/2012



EXECUTED BY SERVING
A COPY OF THE WITHIN

~~Mac Montgomery corp~~

~~Wm Russell~~

This: 27 _Jan 2012_
D. T.
She~~ff~~
By ~~John Marnick~~
       Deputy Sheriff   630

9:10

## ALABAMA SJIS CASE DETAIL

**CUMMINGS LLP**

alacourt.com

**PREPARED FOR:** jpatterson

County: **02**   Case Number: **CV-2012-000049.00**   Court Action:
Style: **CORLA JACKSON VS GMAC MORTGAGE CORPORATION**

REAL TIME

### Case

#### Case Information

| | |
|---|---|
| County: | MOBILE |
| Case Number: | CV-2012-000049.00 |
| Judge ID: | JCW:JAMES C WOOD |
| Trial: | Jury |
| Style: | CORLA JACKSON VS GMAC MORTGAGE CORPORATION |
| Filed: | 01/18/2012 |

#### Case Type

| | |
|---|---|
| Code: | TOXX |
| Type: | FRAUD |
| Track | F:Fast |
| Status: | A:ACTIVE |
| No of Plaintiffs: | 001 |
| No of Defendants: | 001 |

#### Court Action

| | |
|---|---|
| Disposition JudgeID: | |
| Court Action: | |
| Judgment For: | |
| Trial days: | 0 |
| Lien: | 0 |

#### Damages

| | |
|---|---|
| Amount: | $0.00 |
| Compensatory: | $0.00 |
| Punitive: | $0.00 |
| General: | $0.00 |
| None: | |

#### Other Actions

| | | | |
|---|---|---|---|
| Continuance Date: | | # of Previous Continuances: 0000 | Why: |
| Revised Judgment Date: | | Admin Date: 0000 | Why: |
| Appeal Date: | | Court: | Case: |
| Date Trial Began but No Verdict (TBNV1): 00000000 | | Date Trial Began but No Verdict (TBNV2): | |
| Disposition Date: | | Disposition Type: | |

#### Comments

Comment 1:
Comment 2:

### Settings

#### Court Dates

| | Date: | Que: | Time: | Description: |
|---|---|---|---|---|
| 1: | | 000 | 00:00 | . |
| 2: | | 000 | 00:00 | . |
| 3: | | 000 | 00:00 | . |
| 4: | 10/19/2012 | 001 | 08:30 AM | READ - CERT TO BE FILED |

### Party 1 - C 001 - JACKSON CORLA

#### Party Information

| | | | | | | |
|---|---|---|---|---|---|---|
| Party: | C 001 | Name: | JACKSON CORLA | | Type: | I:Individual |
| Index: | Y | Alt Name: | | | Judge ID: | JCW |
| SSN: | | DOB: | | Sex: | | Race: |
| Address 1: | 13230 TOM GASTON RD | | | Address 2: | | |
| Phone: | (205) 000-0000 | City: | MOBILE | State: | AL   Zip: 36695-0000 | Country: US |
| Dock: | | Notice: | | Entered: | | |

#### Service Information

| | | | | | |
|---|---|---|---|---|---|
| Issued: | Type: | | Reissue: | | Type: |
| Return: | Type: | | Return: | | Type: |
| Service: | Type: | | Service On: | | By: |

EXHIBIT
3

| Answer: | Type: | NS Not: | NA Not: |
| Warrant | Type: | Arrest: | |

### Court Action

| Court action: | Date: | For | Exempt: |
| Amount: $0.00 | Cost: $0.00 | Other: $0.00 | Satisfied: |
| Comment: | | | |

### Attorneys

| Attorney 1: 000000 | Name: PRO SE | City: | State: |
| Attorney 2: | Name: | City: | State: |
| Attorney 3: | Name: | City: | State: |
| Attorney 4: | Name: | City: | State: |
| Attorney 5: | Name: | City: | State: |
| Attorney 6: | Name: | City: | State: |

## Party 2 - D 001 - GMAC MORTGAGE CORPORATION

### Party Information

| Party: | D 001 | Name: | GMAC MORTGAGE CORPORATION | Type: | B:Business |
| Index: | Y | Alt Name: | | Judge ID: | JCW |
| SSN: | | DOB: | Sex: | Race: | |
| Address 1: CSC LAWYERS INC SERVICES | | | Address 2: 150 SOUTH PERRY STREET | | |
| Phone: | (205) 000-0000 | City: MONTGOMERY | State: AL | Zip: 36104-0000 | Country: US |
| Dock: | | Notice: | Entered: | | |

### Service Information

| Issued: 01/19/2012 | Type: S:Sheriff | Reissue: | Type: |
| Return: | Type: | Return: | Type: |
| Service: 01/27/2012 | Type: S:Served personally | Service On: | By: |
| Answer: | Type: | NS Not: | NA Not: |
| Warrant | Type: | Arrest: | |

### Court Action

| Court action: | Date: | For | Exempt: |
| Amount: $0.00 | Cost: $0.00 | Other: $0.00 | Satisfied: |
| Comment: | | | |

### Attorneys

| Attorney 1: | Name: | City: | State: |
| Attorney 2: | Name: | City: | State: |
| Attorney 3: | Name: | City: | State: |
| Attorney 4: | Name: | City: | State: |
| Attorney 5: | Name: | City: | State: |
| Attorney 6: | Name: | City: | State: |

## Financial

### Fee Sheet

| PR: | NO | Acct | Status | Checks | AdminFe | From | For | To | Total Due | Amt Paid | Balance | Hold Amt |
|-----|----|----|--------|--------|---------|------|-----|----|-----------|----------|---------|----------|
| | | CV05 | A | A | N | C001 | 000 | 000 | $315.00 | $315.00 | $0.00 | 0 |
| | | JDMD | A | A | N | C001 | 000 | 000 | $100.00 | $100.00 | $0.00 | 0 |
| | | | | | | | TOTAL: | | $415.00 | $415.00 | $0.00 | $0.00 |

### Financial History

| Transaction Date | Transaction Type | Disb Acct | Payment From/To | Batch | Check or Receipt # | Amount | Fee | Money Type | Attorney | Operator |
|------------------|------------------|-----------|-----------------|-------|-------------------|--------|-----|-----------|----------|----------|

| 01/19/2012 | R:RECEIPT | | CV05 | 2012111 | 25898900 | $315.00 | N | P | | COR |
| 01/19/2012 | R:RECEIPT | | JDMD | 2012111 | 25899000 | $100.00 | N | C | | COR |
| 01/19/2012 | Z:FEE ADDED | | CV05 | 2012111 | 00000000 | $315.00 | N | O | | COR |
| 01/19/2012 | Z:FEE ADDED | | JDMD | 2012111 | 00000000 | $100.00 | N | O | | COR |

## SJIS Witness List

| Served | Ser. Type Prt | Name | Type | Party | Issued | Iss. Type | Request |
|---|---|---|---|---|---|---|---|

## Case Action Summary - CV201200004900

| Date: | Time | Code | Comments | Operator |
|---|---|---|---|---|
| 01/19/2012 | 10:25:37 | FILE | FILED THIS DATE: 01/18/2012          (AV01) | LEG |
| 01/19/2012 | 10:25:38 | ASSJ | ASSIGNED TO JUDGE: JAMES C WOOD          (AV01) | LEG |
| 01/19/2012 | 10:25:39 | SCAN | CASE SCANNED STATUS SET TO: N          (AV01) | LEG |
| 01/19/2012 | 10:25:40 | STAT | CASE ASSIGNED STATUS OF: ACTIVE          (AV01) | LEG |
| 01/19/2012 | 10:25:41 | TDMJ | JURY TRIAL REQUESTED          (AV01) | LEG |
| 01/19/2012 | 10:25:42 | DAT4 | SET FOR: CERT TO BE FILED ON 10/19/2012 AT 0830A | LEG |
| 01/19/2012 | 10:25:43 | TRAC | CASE ASSIGNED TO: FAST     TRACK     (AV01) | LEG |
| 01/19/2012 | 10:25:44 | EORD | E-ORDER FLAG SET TO "N"          (AV01) | LEG |
| 01/19/2012 | 10:25:45 | ORIG | ORIGIN: INITIAL FILING          (AV01) | LEG |
| 01/19/2012 | 10:26:33 | C001 | C001 PARTY ADDED: JACKSON CORLA          (AV02) | LEG |
| 01/19/2012 | 10:26:34 | ATTY | LISTED AS ATTORNEY FOR C001: PRO SE          (AV02) | LEG |
| 01/19/2012 | 10:26:35 | EORD | C001 E-ORDER FLAG SET TO "N"          (AV02) | LEG |
| 01/19/2012 | 10:52:36 | D001 | D001 PARTY ADDED: GMAC MORTGAGE CORPORATION (AV02) | LEG |
| 01/19/2012 | 10:52:37 | EORD | D001 E-ORDER FLAG SET TO "N"          (AV02) | LEG |
| 01/19/2012 | 10:52:38 | SUMM | SHERIFF ISSUED: 01/19/2012 TO D001          (AV02) | LEG |
| 02/06/2012 | 9:32:56 | ESERC | SERVICE RETURN - TRANSMITTAL | |
| 02/06/2012 | 9:33:07 | SERC | SERVICE OF SERVED PERSON ON 01/27/2012 FOR D001 | AJA |

**END OF THE REPORT**

**13**

IN THE U.S. DISTRICT COURT, DISTRICT OF Colorado

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2010 MAR 22  PM 3:37

GREGORY C. LANGHAM
CLERK

BY_____DEP. CLK

Mark Burris and Lori Burris
PRO-SE
Plaintiffs

Vs

US BANK NATIONAL ASSOSIATION
AS TRUSTEE FOR THE BS ALTA 2006-3,
GMAC BANK,
AND JOHN & Jane DOE,
UNKNOWN
OWNERS OF SECURITIZED NOTE

Defendant/s

'10 - CV - 0 0 6 7 0 REB-MEH

CASE NO. _____

## COMPLAINT

Plaintiffs, bring this action seeking damages from Defendants, US BANK NATIONAL

ASSOSIATION AS TRUSTEE FOR THE BS ALTA 2006-3, GMAC AND JOHN DOE,

UNKNOWN OWNER OF SECURITIZED NOTE, for slander of title and attempting to

foreclose on property in which defendants have no interest in. Because the original

note that cannot be produced, Plaintiffs believe that Defendant's actions

constituted fraud on the court thereby slandering Plaintiff's title.

## PARTIES

Plaintiffs; Mark Burris and Lori Burris  reside at149 Royal Drive, Bailey CO 80421

and have owned subject property for: _7_ years.

Defendant, GMAC Bank  is a federally chartered banking institution with offices at

100 Witmer Road, Horsham PA 19044-0936

Defendant, Deutsche US BANK NATIONAL ASSOSIATION AS TRUSTEE FOR THE BS

ALTA 2006-3    Series is a federally chartered banking institution with offices at

800 Nicollet Mall, Minneapolis, MN 55402

### JURISDICTION AND VENUE

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. Diversity of

jurisdiction has been established because Defendant's principal place of business

is in another state.

### FACTS RELATING TO SLANDER OF TITLE

1.  Defendant identifies itself as Trustee for a Trust (BA ALTA 2006-3 ) which is a trust

    created by the issuer of mortgage notes. Upon receiving mortgage notes, and

    including the note of the Plaintiffs the issuer created a SPV or as referred to a

    special purpose vehicle. This entity utilized the equity of the mortgage notes and

    subsequently a pooling and services agreement was created. But the trust can

    not be found under the SEC Fillings as required by law.

2. Plaintiff cannot ascertain the specific duties of the Trustee which would surface in the pooling and services agreement. Upon, creation of the unit interests in the trust, investors were solicited to purchase units of the trust and would be treated as certificate holders.

3. Trustee would have a clause in the pooling and services agreement having the authority to issue certificates to book entry participants at such time as trustee would deem it appropriate for such. Book entry investors were never identified by name but merely assigned a number. Hence, investors with significant amounts of cash could surface and purchase interests in the trust without revealing their identity.

6. Trustee, would have the ability to transfer notes in and out of the trust to effectuate favorable bond ratings which in turn would induce investors to invest into a purported insured and secured investment. Once the AAA rating was awarded the trustee would pull out of the trust those loans that were rated as "A" grade paper   and replace them with sub-prime loans.

7. Subject sub-prime loans would be insured through agents such as AIG, Smith Barney and others. The trustee working in conjunction with the investment banker/seller would assure the investors that their investment was secure, insured and conservative. A yield of (6%) or ROI was the norm. The Trustee and the seller would then provide the necessary (6%) return by purchasing high yield sub-prime mortgages and pocket the substantial difference on the spread of the interest.

8. It is this ponzi scheme that has brought down the insurers and caused the shortfall of cash that created the infusion of tax payers cash by the government to brace the insurer from being insolvent.

9. This clause in the pooling and services agreement would further illustrate to this court that identifying the true holder in due course is  virtually an impossibility.

10. The investor/certificate holders were cautioned to insure that the purchase of these certificates were a true sale to insulate the investors  from being deemed lenders in event of the bankruptcy of any note obligor. Plaintiff believes that if a true sale were conducted under SEC guidelines, then certificate holders had purchased an un-divided interest in subject notes.

11. By the nature of this agreement or creation of one type of instrument called the Special Purpose Vehicle, it becomes apparent that the note instrument has disappeared. This is critical when foreclosure cases are tried and the trustee informs the courts that they in fact are owners and holders of the subject note, but in the same document, ask the court to accept a lost note affidavit or petition the court to accept as evidence of the note a re-establishment of the note.

12. In cases where the consumer/defendant has no knowledge of the industry nor has any ability for representation, this fraud goes un-detected and unchallenged. The following cases clearly illustrate the frustration that the courts have had regarding this activity.

13. This action of where is the original note has raised eyebrows in many of the Federal Courts in other districts. US District Central District of California, July 21, 2008 Nelson v. Empire Mortgage Co. et.al. Case SACV 08-0404 AG(RNBX) (N.D. Ohio, October 31, 2007 Judge Kathleen M O'Malley, Case#1:07 cv 1007 et. al. re: Foreclosure Actions.( S. D. Ohio, Nov 15, 2007, Case # 3:07 cv 043 et.al. Judge Thomas M. Rose. Lasalle Bank National Assn. v.Tapoicsany filed 09/28/2007 Case # 5:2007cv 02980 (N.D. Ohio Judge David Dowd Jr. Lasalle Bank National Assn v. Fordyce et.al. Filed 09/07/2007 cases# 5:2007 cv 02724 (N.D. Ohio Judge David Dowd Jr)

14. Plaintiff believes that absent the original note and the pooling and

services agreement, Defendants are without standing as they are not

the holders in due course nor owners of the purported debt instrument.


15.     In the combined Notice of Sale and Notice of Rights to cure or redeem

And Notice of Election and demand for sale (Exhibit 'A' and 'B') Defendant is

named on time as  Current beneficiary and one time as holder of Evidence of

debt. This is another indicator beside the trust that Mortgage / deed of trust are

separated, the issue before us was decided 138 years ago in the U.S. Supreme

Court  case of Carpenter v. Longan, and the cite for that case is 16 Wall 271; 83

U.S. 271,  1872. At page 274 of the U.S. Supreme Court decision, the Court says,

and we quote,

"The note and the mortgage are inseparable. The former as essential,

the latter as an incident. An assignment of the note carries the mortgage with it.

An assignment of the latter is a nullity." (Exhibit 'C'). Plaintiff is not aware of

assignment of the beneficiary interest to defendant


16. Plaintiff has not been afforded their rights under the Fair Debt Collection Practices

Act U.S.C. 15 § 1692 in determining the accuracy and the claim of amount of

money owed. Absent the master ledger, it would deem true validation of the

amount claimed as owed a farce.

17. Lender failed to give to the Borrowers signed copies (Borrower and Lender) of
the complete loan transaction, as required by 15 USC §1601 et seq. within a
reasonable amount of time or never during the entire period of the loan agreement.
We received no signed documents at time of closing or within a reasonable amount
of time of signing.  Lender did not acquire a UCC-1 Lien on the property as required
by revised Article 9.

The Borrower must sign the UCC-1 papers for the Original Loan and each time the
NOTE is sold.  The Borrower must sign again for each new assignee.

18. "lender" GMAC Bank  was paid in full before, during or immediately following the
loan closing by an agent of the real lender. To this was added a fee of approximately
2.5%. If there  was or is a party that is a holder in due course of the note and who has
not been paid by reserves, overcollateralization, credit default swaps, insurance, or
cross guarantees, then demand is herewith made for the name(s) of such holder(s) in
due course and their contact information. Failure to respond to the rescission notice
as spelled out above results in another violation and an addition award of statutory
damages. White v. WMC Mortgage, 2001 U.S. Dist. LEXIS 15907, at * 5 (E.D. Pa. July 31,
2001); Mayfield v. Vanguard Savings & Loan, 710 F. Supp. 143, 145 (E.D. Pa. 1989).

19. We filled a rescission, which was denied by lender.  Liability for TILA claims for
monetary damages runs against assignees where the violation is apparent on the
face of the loan documents. 15 U.S.C. § 1641(a).

Statute of Limitations

• 1 year for affirmative claims. 15 U.S.C. § 1640(e);

• 3 years for rescission. Beach v. Ocwen, 523 U.S. 410 (1998);

• Unlimited as a defense to foreclosure in the nature of a

recoupment or setoff. 735 ILCS 5/13-207. Bank of New York v.

Heath, 2001 WL 1771825, at *1 (Ill. Cir. Oct. 26, 2001).

20. Fraud in the inducement: Borrower reasonably relied to borrower's detriment upon

the representations and good faith estimates and the duty of the mortgage broker

and "lender" to act within their duties as fiduciaries and representatives of the

borrowers in executing a loan that was vastly different from the loan the borrower

was promised or reasonably believed to be the case at the loan closing.

21. Fraud in the execution: Borrower reasonably relied upon the representations and

good faith estimates of the parties at the loan closing and was tricked into issuing

what became a negotiable security from which the participants received fees and

profits far in excess of their normal remuneration. The participants at the loan closing

knew that the borrower believed that the borrower was merely entering into a loan

closing when the borrower, without his knowledge or consent was in fact issuing what

would be used as a negotiable security to commit fraud upon other third parties.

22. MERS can not hold or sell mortgages or have beneficiary interest as nominee. MERS, by its own self-definition, does not own or hold notes or mortgages pr deed of trusts, and is not a vehicle for transferring interests (which means it does not assign, sell, convey, deed, bargain or assign interests), so MERS which does not own mortgages, cannot foreclose, yet (little realized) neither can it assign or transfer the beneficiary interest. On September 25, 2009, R.K. Arnold, the President and CEO of MERSCORP, Inc. — the parent corporation of Mortgage Electronic Registration Systems, Inc. was deposed in Alabama. Arnold is also an Officer of MERS. Arnold admitted MERS does not have a beneficial interest in any mortgage; does not loan money; does not suffer a default if monies are not paid; etc. etc. On November 11, 2009, William C. Hultman was deposed in Alabama and made the same admissions. And, of course, the internal agreement used by MERS expressly disavows any beneficial interest.

**WHEREFORE**: Plaintiff begs this Honorable Court for Judgment in the amount of $1,000,000 and sanctions against Defendants and Attorneys for Defendant for filing of action to foreclose without proof of ownership of note at time of filing. And for all other costs and relief that Plaintiffs prove to be entitled to.

**U.S. Supreme Court**

**Carpenter v. Longan, 83 U.S. 16 Wall. 271 271 (1872)**

**Carpenter v. Longan**

**83 U.S. (16 Wall.) 271**

*Syllabus*

1. The assignment of a negotiable note before its maturity raises the presumption of **a want of notice of any defense to it**, and this presumption stands till it is overcome by sufficient proof.

2. When a mortgage given at the same time with the execution of a negotiable note and to secure payment of it, is subsequently, but before the maturity of the note, transferred *bona fide* for value, with the note, the holder of the note when obliged to resort to the mortgage is unaffected by any equities arising between the mortgagor and mortgagee subsequently to the transfer, and of which he, the assignee, had no notice at the time it was made. He takes the mortgage as he did the note.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and accurate copy of the above has been furnished by US Postal Service, Certified Return Receipt Requested on this 22th day of March 2010 to:

Castle Meinhold & Stawiarski
999 18th Street Suite 2201
Denver CO 80202

Lori Burris   Pro-Se

Mark Burris   Pro-Se