Hearing Date:    July 10, 2012 at 10:00 a.m. (ET)

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Larren M. Nashelsky
Gary S. Lee
Lorenzo Marinuzzi

*Proposed Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------- )
                                                                       )
In re:                                                                 )    Case No. 12-12020 (MG)
                                                                       )
RESIDENTIAL CAPITAL, LLC, et al.,                                      )    Chapter 11
                                                                       )
                                                            Debtors.   )    Jointly Administered
---------------------------------------------------------------------- )

**DEBTORS' REPLY TO THE
AMENDED OBJECTION OF WENDY ALISON NORA**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors")[1] submit this reply (the "Reply"),[2] to the amended objection[3] (the "Supplemental Servicing Objection") [Docket No. 546] of Wendy Alison Nora (the "Objector"), dated June 29, 2012, to among other things, the proposed final order (the "Supplemental Servicing Order")

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of the Chapter 11 Petitions and First Day Pleadings, filed with the Court on the Petition Date (the "Whitlinger Affidavit") [Docket No. 6].

[2] Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases or the relief requested in this Reply may refer to http://www.kccllc.net/rescap for additional information.

[3] On June 29, 2012, the Objector filed an *Omnibus Objection to Entry of Final Orders Which Authorize the Continuation of the Operations of a Racketeering Enterprise* (the "Objection") [Docket No. 543]. She filed an amended Objection, the Nora Objection, later that day.

ny-1048325

approving the Debtors' Supplemental Servicing Motion.[4]  In support of the Reply, the Debtors rely on, and incorporate by reference, the *Declaration of Joseph A. Pensabene in Support of Debtors' GA Servicing Motion, Non-GA Servicing Motion and Supplemental Servicing Motion* [Docket No. 256].  In further support of the Reply, the Debtors, by and through their undersigned counsel, respectfully represent:

## REPLY

1.  This Court should overrule the Supplemental Servicing Objection because it is not supported by facts or evidence.

2.  As an initial matter, many of the arguments the Objector raises in the Supplemental Servicing Objection are duplicative of arguments already raised in the Objector's second amended objection to certain of the "first-day" orders entered by the Court, filed on June 5, 2012 [Docket No. 227] (the "Interim Objection").  On June 8, 2012 the Debtors filed their reply to the Interim Objection (the "Interim Reply") [Docket No. 254].  The Court overruled the Interim Objection on the record of the hearing held on June 18, 2012.  The Debtors hereby repeat and incorporate by reference responsive arguments made in the Interim Reply to the extent applicable.

3.  Throughout the Supplemental Servicing Objection, the Objector takes issue with the fact that the Debtors had not yet filed their Schedules and Statements of Financial

---

[4]  The term "Supplemental Servicing Motion" refers to the *Debtors' Motion Pursuant to Fed. R. Bankr. P. 9006 and Local Bankruptcy Rules 9006-1 and 9077 for Entry of an Order Shortening the Time for Notice of and Scheduling a Hearing to Consider the Debtors' Motion for Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a) and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses* [Docket No 180].  The Court
*(cont'd)*

Affairs.  *S*upplemental Servicing Objectio*n* ¶¶ 3, 10, 13, 16, 18.  On June 30, 2012, following the filing of the Supplemental Servicing Objection, the Debtors filed their Schedules and Statements of Financial Affairs [Docket Nos. 548-649], certain of which were subsequently amended [Docket Nos. 683-688].  Therefore, the Supplemental Servicing Objection is now substantially moot to the extent it relies on this basis[5].

4. The Objector also argues that these Chapter 11 cases have been filed in bad faith.  Supplemental Servicing Objection ¶ 8.  Although a bad faith bankruptcy filing may constitute grounds for dismissal of the case, such an argument is not germane to consideration of the Supplemental Servicing Order.  The Objector has not satisfied her burden of establishing a bad faith filing.  See In re MF Global Holdings Ltd., 465 B.R. 736, 742 (Bankr. S.D.N.Y. 2012) (the party in interest seeking dismissal of a case must establish cause under section 1112(b)(1) (citing In re Loco Realty Corp., No. 09-11785, 2009 WL 2883050, at *2 (Bankr. S.D.N.Y. June 25, 2009)); In re AdBrite Corp., 290 B.R. 209, 218 (Bankr. S.D.N.Y. 2003) (such cause must be established by a preponderance of the evidence).

5. In any event, the Debtors strongly object to any suggestion that the Chapter 11 cases were in bad faith.  The Debtors sought bankruptcy protection in an effort to reorganize their business and facilitate the orderly sale of substantially all of the Debtors' assets.  The Debtors believe that orderly asset sales conducted under the protection of Chapter 11 are the

_____
*(cont'd from previous page)*

    approved the Supplemental Servicing Motion on an interim basis on June 15, 2012 [Docket No. 391].  On June 29, 2012, the Debtors filed the proposed form of final Supplemental Servicing Order.  [Docket No. 544]

[5]    Notwithstanding that the Debtors filed substantially complete Schedules and Statements of Financial Affairs on June 30, 2012, the Debtors sought a modest 20-day extension of time to address select items not originally disclosed on June 30, 2012.

3

ny-1048325

best way to: (a) maximize the value of the Debtors' assets for the benefit of creditors; (b) preserve the Debtors' servicing business on a going concern basis for sale (in whole or in part), thus preserving jobs, providing the best possible outcome for the more than 2.4 million consumers whose loans are serviced by the Debtors and for the investors, including pension fund and money fund managers and insurance companies, in securitization pools that own loans serviced by the Debtors; (c) avoid disruption in the fragile housing market recovery; and (d) provide a vehicle for distributing the proceeds of the asset sales to creditors pursuant to the priority scheme under the Bankruptcy Code. Whitlinger Affidavit ¶ 13. As described at length in the Whitlinger Affidavit, the Debtors have compelling reasons for filing these Chapter 11 cases and the Objector's assertion that they were filed in bad faith is baseless.

6. Additionally, the Objector states that she is burdened by the cost of receiving the pleadings filed in these Chapter 11 cases. Supplemental Servicing Objection ¶¶ 12-13. The Debtors' claims and noticing agent manages a website on which all filings in the Debtors' Chapter 11 cases are posted and can be downloaded free of charge by any party, including the Objector.

7. The Objector also objects to the entry of the Supplemental Servicing Order on the apparent grounds that it provides one-sided stay relief that would allow the Debtors to continue litigation at will, to the detriment of counterparties. Supplemental Servicing Objection ¶¶ 16-17. Contrary to the Objector's contention, the stay relief requested under the Supplemental Servicing Order specifically allows borrowers to assert many claims and defenses against the Debtors in connection with foreclosure actions and borrower bankruptcy cases. The Debtors worked closely with both the National Association of Consumer Bankruptcy Attorneys and the Creditors' Committee to craft relief that would strike an appropriate balance between

preserving the Debtors' statutory protections under the Bankruptcy Code and providing a clear and efficient mechanism for resolving ongoing litigation affecting borrowers nationwide.

8.  Lastly, the Supplemental Servicing Objection states that there is no proof that the Debtors are insolvent.  Supplemental Servicing Objection ¶ 20.  The Bankruptcy Code does not require a debtor to be insolvent to file for bankruptcy protection. United States v. Huebner, 48 F.3d 376, 379 (9th Cir. 1994) (holding that the Bankruptcy Code "does not require any particular degree of financial distress as a condition precedent to a petition seeking relief."); In re General Growth Properties, Inc., 409 B.R. 43, 61 (Bankr. S.D.N.Y. 2009) (stating that "it is well established that the Bankruptcy Code does not require that a debtor be insolvent prior to filing").

## CONCLUSION

Accordingly, for the reasons set forth herein the Debtors respectfully request that the Court overrule the Supplemental Servicing Objection and grant such other and further relief as it deems just and proper.

Dated: July 6, 2012
      New York, New York

                                               /s/ Larren M. Nashelsky
                                               Larren M. Nashelsky
                                               Gary S. Lee
                                               Lorenzo Marinuzzi
                                               MORRISON & FOERSTER LLP
                                               1290 Avenue of the Americas
                                               New York, New York 10104
                                               Telephone: (212) 468-8000
                                               Facsimile: (212) 468-7900

                                               *Proposed Counsel for the Debtors and Debtors in Possession*

ny-1048325