Paul N. Papas II
4727 E Bell Rd.
Ste 45-350
Phoenix, AZ 85032
602-493-2016



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RESIDENTIAL CAPITAL, LLC<br>a/k/a RESIDENTIAL CAPITAL CORPORATION<br>1177 Avenue of the Americas<br>New York, New York 10036<br>Debtor | Chapter 11<br>Case No. 12-12020-mg<br>Joint Administration Pending |

## MOTION OF CREDITOR PAUL N.PAPAS II, FOR ORDER PURSUANT TO SECTION 362(d)b OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 4001 AND LOCAL BANKRUPTCY RULE 4001-1 MODIFYING THE AUTOMATIC STAY TO ALLOW CONTINUATION OF PRE-PETITION LITIGATION

1. Creditor Paul N. Papas II , as plaintiff, *pro se*, in Quiet Title, declaratory relief and slander of title, and violations of the Uniform Fraudulent Transfer Act actions stemming from GMAC wrongful and fraudulent conveyance of several security instruments securing loans against real property in Arizona, Massachusetts and other States, brings this motion ("Motion") pursuant to section 362(d) of Title 11, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Bankruptcy Rules for an order modifying the automatic stay to allow the actions against GMAC and Assigns, as defendants, to continue in the Superior Courts of Arizona, Massachusetts, and other States.

## PRELIMINARY STATEMENT

2. Good cause exists to modify the automatic stay to permit the actions in which this Creditor is a Party to proceed. A review of the balance of harms between this Creditor and the Debtors demonstrates that allowing the litigation to proceed in the state court as scheduled is proper.

3. The Actions against GMAC date back to 2008, and negotiations between this Creditor and the Debtors regarding these matters began several months prior. GMAC, by and through its agents or Assigns, erroneously executed and recorded a Full Conveyance of titles. GMAC had no authority to execute these Conveyances, see docket # 464. As a result of GMAC's wrongful actions, this Creditor is now unable to enforce his security interests, resulting in a loss of security and money.

## STATEMENT OF COMMON FACTS

1. The common facts to each action include information contained in the Creditor's previous filings in this matter docketed as numbers #157 and #464 and his yet undocketed Notice of Appearance and Proof of Claim and incorporates them by reference. His Motion to File Electronically has not been docketed either.

2. This Creditor, at each time relevant, was the purchaser of the properties and was denied the opportunity for this Creditor to complete his purchase by the actions of GMAC and Assigns.

3. The Homeowners, at each time relevant, who either granted this Creditor an Option To Purchase and/or accepted a written offer to purchase their property were denied the opportunity to redeem their property before the foreclosure auction date by the actions of GMAC and Assigns. This Creditor attaches and incorporates by reference evidence of GMAC and Assigns the most recent violation of the Uniform Fraudulent Transfer Act by way of a Notice posted on the property 8025 E Krail

Street, Scottsdale, Arizona by Simnor Realty with a phone number of 623-451-9610 whereby Notice was made that GMAC and Assigns transferred title to Fannie Mae. The Realtor had no trouble locating the recorded Lis Pendens on that property when asked on the phone. That recorded Lis Pendens is attached to this Creditor's Proof of Claim. In state court action involving 8025 E. Krail Street, Scottsdale, Arizona the Debtor waived it's Bankruptcy protection from this Creditor when it transferred title to Fannie Mae which is also in violation of the Uniform Fraudulent Transfer Act.

4.  GMAC and Assigns, at each time relevant, unlawfully and fraudulently at least once transferred the title of the properties to another entity. The title transfers were sometimes made to other GMAC related entities listed on the names of the Debtor filed in this matter.

5.  GMAC and Assigns, at each time relevant, failed to notify the state Superior Courts in which this Creditor is challenging GMAC and Assigns of their Bankruptcy filing. This Creditor notified the state Superior Courts.

6.  The state Superior Courts have Ordered the Creditor to file a Motion for Relief from the Automatic Stay. The state Superior Courts required the Relief from the Automatic Stay to be granted in order for those cases to proceed in the state Superior Courts.

### The Bankruptcy Proceedings

7.  On May 14, 2012, the Debtors filed voluntary petitions in this Court under Chapter 11 of Title 11 of the Bankruptcy Code.

8.  On June 1, 2012, GMAC filed a Notice of Stay and Effect of Automatic Stay in the Joint Action. Debtors' Notice states that the Joint Action should be stayed pursuant to 11 U.S.C. § 362(a).

### JURISDICTION

9.  This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§

157 and 1334. Venue of this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b) (2) (G).

## ARGUMENT

### THE COURT SHOULD LIFT OR MODIFY THE AUTOMATIC STAY TO ALLOW THE STATE COURT LITIGATION TO PROCEED TO JUDGMENT

10.  The statutory predicates for the relief requested herein are sections 362(a) and (d) of the Bankruptcy Code. Under the Bankruptcy Code, a stay is both temporary in duration and subject to being modified or terminated. The Court should enter an order lifting or modifying the automatic stay pursuant to section 362(d) of the Bankruptcy Code allowing the Arizona and Massachusetts Litigations to proceed to judgment against the Debtors, along with the non-debtor defendants, for a number of reasons.

11.  In <u>Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.</u> (1982) 458 U.S. 50, the Supreme Court considered constitutional restraints on bankruptcy court jurisdiction. The plurality distinguished those issues "at the core of the federal bankruptcy power ... from the adjudication of state-created private rights." Id. at 71. The bankruptcy court can exercise jurisdiction over the former, but cannot exercise jurisdiction over a state law claim that arose pre-petition. Such a claim can be adjudicated only in an Article III court. The claims within the state Superior Courts involve state real property law, and should be adjudicated by the state courts. In each action, the court must determine the priority of multiple encumbrances upon each property, the validity of foreclosure proceedings, the enforceability of documents recorded

in county recorder's offices within Arizona and the Registry of Deeds in Massachusetts, whether subsequent buyers of these properties are bona fide purchasers under the state recording statutes, whether subsequent encumbrances of these properties are bona fide encumbrances under state law, and/or other complex issues of state law. Such claims should be adjudicated by the state Superior Courts in which the claims were filed.

12. Moreover, if the Court does not modify the automatic stay, this Creditor will be forced to choose between waiting indefinitely to proceed with the state court action against all of the defendants in the pending state Superior Court, or moving to sever the Debtors from the other defendants, proceeding with the litigation as to the non-debtor defendants and then litigating the claims against the Debtors at some later point. Judicial efficiency will be served if the Arizona and Massachusetts State Superior Courts are permitted to resolve all of the litigation against all of the defendants in a single trial, and the balance of hardships mandates that the trial proceed now rather than later.

13. Finally, permitting the state Superior Courts to proceed will have minimal impact upon the Debtors and their estates. On information and belief, the Debtors have insurance coverage for most if not all of any judgment against them. The facts mandate modification of the automatic stay to permit this Creditor to proceed against the Debtors.

### A. Standards for Modification of the Automatic Stay

14. Section 362(d) of the Bankruptcy Code provides that the automatic stay shall be modified for "cause." 11 U.S.C. § 362(d)(1). The Sonnax factors require a court to consider (1) whether relief would result in a partial or complete resolution of

the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceedings involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; **(11)** whether the parties are ready for trial in the other proceedings; and (12) impact of the stay on other parties and the balance of the harms. Sonnax Indus., Inc. v. TRI Component Products Corp. (In re Sonnaz Indus., Inc.) (2nd Cir. 1990) 907 F.2d 1280, 1286; *see also* In re Godt (E.D.N.Y. 2002) 282 B.R. 577, 585 (affirming bankruptcy court decision to lift stay to allow malpractice actions to proceed against chapter 7 debtor); In re Larkham (Bankr, D. Vt. 1983) 31 B.R. 273, 276 (listing stay to allow continuation of employment discrimination case).

In applying Sonnax standard, "it will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties in their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere." Matter of Holtkamp (7th Cir. 1982) 669 R.2d 505, 508 (citing S. Rep. No. 989, 95th Cong., 2d Sess. 50 *reprinted in* 1978 U.S.C.C.A.N. 5787, 5836) (affirming decision to lift stay to allow personal injury case to proceed because civil action did not jeopardize estate

where insurer assumed full financial responsibility for defending the litigation). Not all of the Sonnax factors are relevant in each case, and the Court need not assign equal weight to each factor. In re New York Med. Group, P.C. (Bankr, S.D.N.Y. 2001) 265 B.R. 408, 413 (modifying the automatic stay to allow medical malpractice suit to proceed against liquidating debtor).

### B. Both the Balancing Test and the Sonnax Factors Require Modification of the Automatic Stay to Permit this Creditor to Continue to Judgment

15. All of the relevant factors under the three-pronged test and Sonnax mandate modification of the automatic stay to permit this Creditor to proceed to judgment in the state Superior Courts. First, this Court should allow the Arizona and Massachusetts Courts to decide issues of state real property law. When the bankruptcy court cannot adjudicate pre-petition claims, the stay should be modified to permit the action to continue in the original court. See In re Cooke, 2007 WL 2102687, at *3.

16. Furthermore, severe prejudice to Creditor may result if the stay is not modified. Many of the actions have been pending for over a year, with nearly all delay originating from Debtors. Further delay would effectively prevent justice and reward Debtors for their unresponsiveness and default. In contrast, neither the Debtors nor the chapter 11 estates will be prejudiced in any significant degree, not will material burdens be imposed on the Debtors, if the Court permits the state Superior Court actions to proceed in the state court. In their bankruptcy filings, Debtors indicate that sufficient assets exist to pay unsecured claims, and Debtors intend to continue operations after the conclusion of the bankruptcy. *See Voluntary Bankruptcy Petitions of Residential*

*Capital, LLC, GMAC Mortgage, LLC and Executive Trustee Services, LLC.* This Creditor does not know if any of the members of the Debtors' senior management whose attention to the bankruptcy case may be essential will be required at any mediation or as witnesses at the trial(s) because the Debtors have refused to cooperate with this Creditor.

17. Relief from the automatic stay will ensure judicial economy and will allow the most efficient and expeditious resolution of this Creditor's claims, which were pending in the state courts before the bankruptcy petitions were filed. In similar circumstances, courts have frequently modified the automatic stay to allow prepetition litigation to continue where discovery was not required or had already taken place. *See* In re Fischer (1996) 202 B.R. 341, 355 (granting stay relief to allow civil RICO claims to proceed where discovery was near completion); In re Rexene (1992) 141 B.R. 574 (granting relief from stay where document discovery had been completed and only a few depositions remained).

18. Modifying the stay to allow this Creditor to continue would be the most efficient and cost effective way to achieve complete resolution of the issues raised in those cases. This Creditor has alleged claims against other defendants based on the same facts at issue in the claims against the Debtor, and only the state trial court may render a judgment binding on all parties in the those state court actions. *See* New York Med. Group (2001) 265 B.R. 408, 413 (modifying the stay to allow prepetition litigation to continue where only state court could render a complete judgment). While it is possible that the litigation against the non-debtor defendants could proceed if the claims against them are severed from the claims against the Debtors, it would be

extremely expensive and inefficient to force this Creditor to try the case twice against two sets of defendants, and it would be unfair to force this Creditor to wait indefinitely to obtain recovery from the Debtors' insurance when the burden on the Debtors of permitting the trial to go forward is minimal. For these reasons, judicial economy and the interest in expediting complete resolution of the issues raised by this Creditor requires that claims that may be decided in a non-bankruptcy court be resolved in the non-bankruptcy courts in which the claims were commenced. In re Larkham (1983) 31 B.R. 273, 276; In re Cooke (2007) 2007 WL 2102687 at *3.

19. The automatic stay should be modified where the purposes of section 362(a) of the Bankruptcy code would not be served by leaving the stay in effect. See e.g. In re Continental Airlines, Inc. (1993) 152 B.R. 420, 426 (finding cause to lift the automatic stay to permit movant to file motion in federal district court). In this case, enforcing the automatic stay would not promote any of the general policies of the Bankruptcy code (i.e. "protect[ing] property that may be necessary for the debtor's fresh start and... provind[ing] the dismemberment of a debtor's assets by individual creditors levying on the property." Collier on Bankruptcy ¶ 362.03 at 362-13 (15th ed. rev. 2006).

20. Finally, policy concerns mandate modification of the automatic stay in this case. In enacting the Bankruptcy Code, Congress noted that, while the automatic stay had broad application, "it will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties in their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere." In re Holtkamp (1982) 669

F.2d 505, 508 (citing S. Rep. No. 989, 95th Cong., 2d Sess. 50). Here, it would increase efficiency to have the claims outlined above, which involve Arizona and Massachusetts state laws.

21. This Court should decide the issue as to which assets the Debtor really does own as stated in docket number 464 as it greatly affects the value of the Debtor and the Bankruptcy Estate.

THEREFORE, for the above stated reasons this Creditor should be granted Relief from the Automatic Stay to pursue his claims against the Debtor in state courts.

Dated June 26, 2012

Paul N. Papas II

## Certificate Of Service

I have served a copy of this upon; United States Trustee, Tracey Hope Davis, 33 Whitehall Street, 21st Floor, NY, NY 10004; Attorney Larren M. Nashelsky, MORRISON & FOERSTER, LLP, 1290 Avenue of the Americas, NY, NY, 10104 and Attorney Wendy Allison Nova, 210 Second Street NE, Minneapolis, MN 55413. by email and/or by Regular Mail as well as those on the following email list.

Dated June 26, 2012

Paul N. Papas II

| | |
|---|---|
| • Kevin S. Allred | kevin.allred@mto.com, john.spiegel@mto.com |
| • Bijan Amini | bamini@samlegal.com, jhoyte@samlegal.com |
| • Herbert Baer | rjacobs@ecf.epiqsystems.com |
| • Elizabeth Banda Calvo | rgleason@pbfcm.com, ebcalvoapbfcm.com |
| • Andrew Behlmann | abehlmannalowenstein.com |
| • Leslie Ann Berkoff | lberkoff@morittock.com |

- Mark K. Broyles    broylesmk@rgcattys.com, ramoffatt@rgcattys.com
- Martin G. Bunin    marty.bunin@alston.com
- Michael Robert Carney    mcarney@mckoolsmith.com
- James S. Carr    KDWBankruptcyDepartment@kelleydrye.com
- Gerard Sylvester Catalanelo    gcatalanello@duanemorris.com
- Ronald L. Cohen    cohenr@sewkis.com
- Joseph N. Cordaro    joseph.cordaro@usdoj.gov
- Joseph Comeau    jcorneau@klestadt.com
- Christopher C. Costello    cccostello@winston.com, docketny@winston.com
- Benjamin P. Deutsch    bdeutsch@schnader.com
- John P. Dillman    houstonbankruptcy@publicans.com
- David W. Dykhouse    dwdykhouse@pbwt.com, mcobankruptcy@pbwt.com
- Mark C. Ellenberg    mark.ellenberg@cwt.com, allison.dipasqua@cwt.com; betty.comerro@cwt.com; wendy.kane@cwt.com
- Michael S. Etkin    metkin@lowenstein.com, mseymour@lowenstein.com; tdwatson    owenstein.com
- Daniel J. Flanigan    dflanigan@polsinelli.com, tbackus@polsinelli.com; docket@polsinelli.com
- Patrick D. Fleming    Pfleming@morganlewis.com
- Andrew K. Glenn    aglenn@kasowitz.com, courtnotices@kasowitz.com
- Joel R. Glucksman    jglucksman@scarincihollenbeck.com, bcaughey@scarincihollenbeck.com
- Seth Goldman    seth.goldman@mto.com
- Irena M. Goldstein    igoldstein@proskauer.com, lsaal@proskauer.com
- Joel C Haims    JHaims@mofo.com, docketny@mofo.com
- Alan D. Halperin    ahalperin@halperinlaw.net, lgu@halperinlaw.net; cmitchell@halperinlaw.net; cbattaglia@halperinlaw.net
- William A. Hazeltine    whazeltine@sha-llc.com

| | |
|---|---|
| • Stephen Hessler | beth.friedman@kirkland.com; jacob.goldfinger@kirkland.com; richard.cieri@kirkland.corn; victoria.cole@kirkland.com; michaelmeltzer@kirkland.com; anthony.grossi@kirkland.com; shavone.green@kirkland.com |
| • William H. Hochwill | crowedunlevy.com, donna.hinkle@crowedunlevy.com; ecf@crowedunlevy.com; chrisopher.staine@crowedunlevy.com; lysbeth.george crowedunlevy.corn; kerryann.wagoner@crowedunlevy.com |
| • Brandon Johnson | brandon.johnson@pillsburylaw.com |
| • Richardo I. Kilpatrick | ecf@kaalaw.com, |
| • James N. Lawlor | , jgiampolo@wmd-law.com |
| • Gary S. Lee | glee@mofo.com, jpintarelli@mofo.com |
| • Ira M. Levee | ilevee@lowenstein.com, mseymour@lowenstein.com |
| • Alan E. Marder | lgomez@msek.com |
| • Lorenzo Marinuzzi | lmarinuzzi@mofo.com |
| • D. Ross Martin | ross.martin@ropesgray.com, Patricia.Chen@ropesgray.com |
| • Joseph Thomas Moldovan | bankruptcy@morrisoncohen.com |
| • Thomas J. Moloney | maofiling@cgsh.com, tmoloney@cgsh.com;dlivshiz@cgsh.com |
| • Carol E. Momjian | cmomjian@attorneygeneral.gov |
| • Thomas M. Monahan | tmonahan@samlegal.com |
| • Matthew P. Morris | mpmorris@gelaw.com, delman@gelaw.com |
| • Andrew W. Muller | amuller@stinson.com, ecugno@stinson.com |
| • Vicente Matias Murrell | murrell.vicente@pbgc.gov, efile@pbgc.gov |
| • Jason A. Nagi | jnagi@polsinelli.com, tbackus@polsinelli.com;kvervoort@polsinelli.com;docketing@polsinelli.com |
| • Larren M. Nashelsky | lnashelsky@mofo.com |
| • David Neier    dneie | inston.com, dcunsolo@winston.com |
| • Laura E. Neish | lneish@zuckerman.com |
| • Katherine S. Parker-Lowe | katherine@ocracokelaw.com |

- Gregory M. Petrick    gregory.petrick@cwt.com, allison.dipasqua@cwt.com
- David M. Powlen    david.powlen@btlaw.com
- Anthony Princi    aprinci@mofo.com, nmoss@mofo.com
- Steven J. Reisman    sreisman@curtis.com, cgiglio@curtis.com; jdre    curtis.com; mgallagher@curtis.com; dching@curtis.com;hsaydah@curtis.com; jzimme    curtis.com; macohen    curtis.com; tsmith@curtis.com
- Michael A. Rollins    scoggins@rplaw.com, aromanelli@rplaw.corn
- Scott K. Rutsky    srutsky@proskauer.com
- Diane W. Sanders    austin.bankmptcy@lgbs.com
- Thomas P. Sarb    ecfsarbt@millerjohnson.com
- Bradley Schneider    bradley.schneider@mto.com
- Ray C Schrock    ray.schrock@kirkland.com, beth.friedman@kirkland.com
- Andrea Sheehan    sheehan@txschoollaw.com, coston@txschoollaw.com; asheel@yahoo.com; garza@txschoollaw.com
- Scott C. Shelley    scottshelley@quinnemanuel.com
- J. Christopher Shore    cshore@whitecase.com, jdisanti@whitecase.com; mcosbny@whitecase.com; Lindsay.Leonard@ny.whitecase.com
- Steven S. Sparling    ssparling@kramerlevin.com, docketing@kramerlevin.com
- John Mark Stern    john.ste    oag.state.tx.us, sheni.simpson@oag.state.tx.us
- Patricia Tomasco    ptomasco@jw.com, kgradney@jw.com; ccthomas@jw.com
- Michael D. Warner    mwarner@coleschotz.com, klabrada@coleschotz.com
- Elizabeth Weller    dallas.banlcruptcy@publicans.com
- Douglas C. Wigley    dwigley@dessauleslaw.com, hpeters@dessauleslaw.com
- Amy Williams-Derry    awilliams-derry@kellerrohrback.com, kmak@kellerrohrback.com; dwilcher@kellerrohrback.com
- Eric D. Winston    ericwinston@quinnemanuel.com
- Robert D. Wolford    ecfwolfordr@millerjohnson.com

## Important Notice to Occupants

Property Address: 8025 E Kra__ St Scottsdale, AZ

Date of Notice: 6-26-13

**This property is now owned by Fannie Mae.** If you are living in this property, you have several options. Fannie Mae has engaged a real estate agent to manage this property, and as an occupant of this property, to make you aware of some options that may be available. Please review the information within this notice thoroughly and contact the agent listed below immediately to advise of your intentions. If you have questions regarding your rights, you should seek the advice of an attorney – find attorneys in your area at www.findlegalhelp.org.

### OPTION 1:

If you are renting this property, you might have the right to continue living in the property under your existing lease or tenancy. Many tenancies are protected by the *Protecting Tenants at Foreclosure Act of 2009* or other applicable law.

Fannie Mae also offers the following lease options to eligible occupants in eligible properties:
- 12-month term lease with relocation assistance at the end of the lease (no security deposit or credit check required)
- Month-to-month (no security deposit or credit check required)

### OPTION 2:

Occupant borrowers might be eligible for financial relocation assistance to help cover expenses associated with moving. To qualify, you must:
- Sign an agreement with Fannie Mae to move out of the property
- Leave the property in broom-swept condition and leave all window coverings



Paul N. Papas II
4727 E Bell Rd., Ste 45-350
Phoenix, AZ 85032
602-493-2016

26 June 2012

Clerk
US Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

RE: **RESIDENTIAL CAPITAL, LLC Chapter 11 a/k/a RESIDENTIAL CAPITAL CORPORATION Case No. 12-12020-mg**

Dear Sir:

Today I am sending for filing and consideration my Proof Of Claim form and my Motion for Relief from Automatic Stay.

My Additional Objection and Opposition in the above matter as a Claimant is docketed # 464.

My original is docketed #157

My Notice of Appearance and Motion to File Electronically dated 16 June 12 and sent by Certified Mail do not yet show up on the docket.

Thank you,

Paul N. Papas II
Paul_Papas@MyLegalHelpUSA.com