**Hearing Date: July 24, 2012 at 10:00 a.m. (ET)**
**Objection Deadline: July 17, 2012 at 4:00 p.m. (ET)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Larren M. Nashelsky
Gary S. Lee
Lorenzo Marinuzzi

*Proposed Counsel for the*
 *Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ------------------------------------------------------------- ) | |
| In re:                                            ) | |
|                                                     ) | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>.,    ) | |
|                                                     ) | Chapter 11 |
|                        Debtors.         ) | |
|                                                     ) | Jointly Administered |
|                                                     ) | |
|                                                     ) | |
| ------------------------------------------------------------- ) | |

**DEBTORS' APPLICATION FOR AN ORDER AUTHORIZING**
**EMPLOYMENT AND RETENTION OF FORTACE LLC AS**
**<u>CONSULTANT TO THE DEBTORS *NUNC PRO TUNC* TO MAY 21, 2012</u>**

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

  The debtors and debtors in possession in the above-captioned cases (collectively, the

"<u>Debtors</u>")[1] hereby apply (the "<u>Application</u>")[2] for entry of an order, the proposed form of

which is attached as <u>Exhibit 1</u>, under sections 327(a) and 328(a) of title 11 of the United

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on <u>Exhibit 1</u> to the Whitlinger Affidavit (defined below).

[2] Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases or the relief requested in this Application may refer to http://www.kccllc.net/rescap for additional information.

States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules for the

United States Bankruptcy Court for the Southern District of New York (the "Local Rules"),

authorizing the employment and retention of Fortace LLC ("Fortace") as a consultant and

possible expert witness for the Debtors, *nunc pro tunc* to May 21, 2012.  In support of this

Application, the Debtors rely on the Affidavit of Frank Sillman (the "Sillman Affidavit"), a

co-founder and managing partner of Fortace, attached hereto as Exhibit 2.  In further support

of this Application, the Debtors, by and through their undersigned counsel, respectfully state

as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider the Application under 28 U.S.C. §§ 157

and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this

Application in this district is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory

predicates for the relief requested herein are Bankruptcy Code sections 327(a) and 328 as

supplemented by Bankruptcy Rule 2014 and Local Rule 2014-1.

## BACKGROUND

2.      On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary

petition in this Court for relief under Chapter 11 of the Bankruptcy Code.  The Debtors are

managing and operating their businesses as debtors in possession pursuant to Bankruptcy

Code sections 1107(a) and 1108.  No trustee has been appointed in these Chapter 11 cases;

however, the Court has directed that an examiner be appointed.

3.      On May 16, 2012, the Office of the United States Trustee appointed the nine-

member statutory creditors' committee (the "Committee").

4.     The Debtors are a leading residential real estate finance company indirectly owned by Ally Financial Inc. ("AFI"), which is not a Debtor.  The Debtors and their non-debtor affiliates operate the fifth largest mortgage loan servicing business and the tenth largest residential mortgage loan origination business in the United States.  A more detailed description of the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these bankruptcy cases, is set forth in the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings (D.E. No. 6) (the "Whitlinger Affidavit").

### RELIEF REQUESTED

5.     By this Application, the Debtors seek entry of an order pursuant to Bankruptcy Code section 327(a) and 328(a) authorizing the employment and retention of Fortace as a consultant and possible expert witness, *nunc pro tunc* to May 21, 2012, in accordance with the terms of the engagement letter between Fortace and Morrison & Foerster LLP ("M&F"), dated as of May 21, 2012, a copy of which is attached hereto as Exhibit 3 (the "Engagement Letter").  M&F has engaged Fortace on behalf of the Debtors to provide consulting services and possible expert testimony services in connection with the valuation of certain settlement agreements to be proposed by the Debtors in these Chapter 11 cases.

**A.     The Debtors' Retention Of Fortace Is Warranted**

6.     As described in detail in the *Debtors' Motion Pursuant To Fed. R. Bankr. P. 9019 For Approval Of The RMBS Trust Settlement Agreements*, [Dkt. No. 320] (the "9019 Motion"), the Debtors are seeking approval of a proposed settlement (the "RMBS Settlement") resolving alleged and potential representation and warranty claims (the "R&W Claims") held by up to 392 securitization trusts (collectively, the "Trusts") in connection with

3

approximately 1.6 million mortgage loans and approximately $221 billion in original issue balance of associated residential mortgage-backed securities ("RMBS"), comprising all of such securities issued by the Debtors' affiliates from 2004 to 2007.  While the exact amount is the subject of debate, in aggregate the R&W Claims represent tens of billions of dollars in potential contingent claims against the Debtors' estates.  The R&W Claims allegedly arise under Pooling and Servicing Agreements, Assignment and Assumption Agreements, Indentures, Mortgage Loan Purchase Agreements and other documents governing the Trusts.

7.      The Debtors anticipate that valuation of the RMBS Settlement will require expert testimony.  Valuation of the complex litigation issues raised in the RMBS Settlement requires the knowledge and expertise of an experienced risk mitigation professional.

8.      M&F contemplates that Fortace will provide consulting services and possible expert testimony services; analysis and consulting will be performed by members of the firm and, should expert testimony services be provided, Mr. Sillman would serve as an expert witness.

**B.      Services To Be Provided**

9.      Subject to approval of the Application, and pursuant to the Engagement Letter, Fortace will provide the following consulting services and possible expert witness services to M&F for the benefit of the Debtors:

(a)      Develop an expert report and opinion with respect to the RMBS Settlement and related Plan Support Agreements entered into on May 13, 2012 with a group of residential mortgage-backed securities institutional investors and the reasonableness of the corresponding settlement amount; and

(b)      Provide other expert related testimony, consulting or advisory services as requested by M&F on behalf of the Debtors.

ny-1042266

10.    To the extent M&F or the Debtors request that Fortace perform additional services not contemplated by the Engagement Letter or directly related to services detailed therein, the Debtors shall file an application for an order by the Court approving any such additional services, and such application shall set forth the additional services to be performed and any additional fees to be paid.

**C.    Qualifications Of Professionals**

11.    Fortace has informed M&F and the Debtors that it is willing to serve as M&F's consultant and possible expert witness with respect to the RMBS Settlement and to perform the services described above for the benefit of the Debtors.  The Debtors believe that Fortace is well qualified to perform these services.

12.    The Debtors have been informed that Mr. Sillman has approximately twenty five years of experience in the mortgage banking industry, and has extensive experience in the origination, securitization, analysis of loan loss reserves and repurchase related activities for Fannie Mae, Freddie Mac, FHA, Prime Jumbo, Alt A, Sub Prime, HELOC and Second Lien residential mortgage loans.

13.    M&F selected Fortace to serve as a consultant and possible expert witness because of the firm's extensive expertise, experience, and knowledge regarding RMBS securitization, loan origination processes, risk mitigation services and analysis.  Mr. Sillman has managed residential mortgage origination, loan operations, secondary marketing, risk mitigation and capital markets for a federally insured bank and several non-bank mortgage banking companies. In those capacities he has been involved in the securitization of Fannie Mae, Freddie Mac, Ginnie Mae and Private Label RMBS securitizations.  Additionally Mr.

ny-1042266

Sillman has provided quality control, loan audit services and litigation consulting to several national banks and leading law firms.

**D.      Compensation**

14.      The terms and conditions of Fortace's engagement are governed by the Engagement Letter.[3]  Fortace intends to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these Chapter 11 cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court (collectively, the "Compensation Guidelines") and consistent with the proposed terms of compensation set forth in the Engagement Letter (the "Fee Structure").

15.      Fortace proposes to charge the Debtors the following hourly rates for the services to be performed herein:

| Personnel Category | Expert Report & Consulting Hourly Rates | Deposition and Court Testimony Hourly Rates (4 hour minimum) |
|---|---|---|
| Administrative Analyst | $75 | N/A |
| Document Specialist | $65 | N/A |
| Document Supervisor | $95 | N/A |
| Business Analyst | $150 | N/A |
| Subject Matter Expert | $200 | $275 |
| Senior Manager | $250 | $325 |
| Project Manager | $325 | $395 |
| Partner | $395 | $475 |

---

[3]      This summary is solely for the convenience of the Court and parties in interest.  To the extent that this summary and the terms of the Engagement Letter are inconsistent, the terms of the Engagement Letter shall control.

ny-1042266

16.     The Debtors have also agreed to reimburse the Firm, subject to the Court's approval, for all actual out-of-pocket expenses incurred by the Firm on the Debtors' behalf, such as travel, lodging, transportation and meal costs and other disbursements, as more fully set forth in the Sillman Affidavit.  All requests for reimbursement of expenses will be consistent with the Compensation Guidelines.

17.     Fortace intends to file time records in one tenth (.1) hour increments.  Fortace will also maintain detailed records of any actual and necessary costs and expenses incurred in connection with the services discussed above.  Fortace's applications for compensation and expenses will be paid by the Debtors, pursuant to the terms of the Engagement Letter upon approval by this Court.

18.     Fortace has agreed to accept as compensation such sums as may be allowed by the Court and understands that interim and final fee awards are subject to Court approval.

19.     To the best of the Debtors' knowledge, (i) no commitments have been made or received by Fortace with respect to compensation or payment in connection with these Chapter 11 cases other than in accordance with the provisions of the Bankruptcy Code; and (ii) there is no agreement or understanding between Fortace and any other entity, other than a member, partner or regular associate of Fortace, for the sharing of compensation received or to be received for services rendered in connection with these proceedings.

**E.      Fortace's Disinterestedness**

20.     To the best of the Debtors' knowledge, Fortace does not have any connection with or any interest adverse to the Debtors, their creditors, or any other party in interest, or their respective attorneys or accountants, except as may be set forth in the Sillman Affidavit.

7

ny-1042266

21.     In view of the foregoing, the Debtors submit that Fortace is a "disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code and as required under section 327(a) of the Bankruptcy Code.

**F.     Confidentiality**

22.     To the extent that Fortace provides consulting services to M&F or to the Debtor at the direction of M&F, counsel to the Debtors in connection with the RMBS Settlement, or any of the Debtors' other retained counsel in connection with such matters, Fortace's work will be deemed to have been performed at the sole direction of Debtors' counsel and shall be solely and exclusively for the purpose of assisting counsel in their representation of the Debtors.  Consequently, Fortace's work may be of fundamental importance in the formulation of mental impressions and legal theories by counsel, which may be used in counseling the Debtors, representing the Debtors, and negotiating further settlements on behalf of the Debtors.  Accordingly, in order for Fortace to carry out its responsibilities, it may be necessary for Debtors' counsel to disclose to Fortace their legal analysis, as well as other privileged information and attorney work product.  Thus, it is critical that this Court order that the status of any writings, analysis, communications, and mental impressions formed, produced or created by Fortace in connection with its assistance of M&F or any of the Debtors' other retained counsel in connection with the RMBS Settlement (collectively, the "Fortace Work Product") be deemed the work product of M&F or any of the Debtors' other retained counsel in their capacity as counsel to the Debtors.  Moreover, the Debtors seek an order providing that the confidential and/or privileged status of the Fortace Work Product, except in the event that Mr. Sillman is designated as a testifying expert witness

ny-1042266

and the Fortace Work Product becomes subject to discovery pursuant to the either the Federal Rules of Evidence or the Federal Rules of Bankruptcy Procedure, (i) shall not be affected by the fact that Fortace has been retained by M&F rather than by the Debtors or any of the Debtors' other retained counsel, and (ii) shall not be affected if certain aspects of Fortace's work are shared with the Debtors, any of the Debtors' other retained counsel, the Committee, or the Committee's counsel.

## BASIS FOR RELIEF

23.     Pursuant to section 327(a) of the Bankruptcy Code, a debtor in possession is authorized to employ professional persons "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor in possession] in carrying out [its] duties under [the Bankruptcy Code.]" 11 U.S.C. §327(a).  Under section 328(a) of the Bankruptcy Code, with the court's approval, a debtor in possession may employ professional persons under section 327(a) of the Bankruptcy Code "on any reasonable terms and conditions of employment, including on retainer, on an hourly basis, on a fixed or percentage basis, or on a contingent fee basis."  11 U.S.C. §328(a).

24.     As required by Bankruptcy Rule 2014(a), this Application sets forth the following: (a) the specific facts showing the necessity for Fortace's employment, (b) the reasons for M&F and the Debtors' selection of Fortace as a consultant and possible expert witness, (c) the professional services to be provided by Fortace, (d) the arrangement between the Debtors and Fortace with respect to Fortace's compensation, and (e) to the best of the Debtors' knowledge, the extent of Fortace's connections, if any, to certain parties in interest in these Chapter 11 cases.  As set forth above, Fortace intends to apply for compensation for

professional services and reimbursement of expenses incurred in connection with these cases, subject to the Court's approval and in compliance with the Compensation Guidelines.

## NOTICE

25.    Notice of this Application will be given to the following parties, or in lieu thereof, to their counsel:  (a) the Office of the United States Trustee for the Southern District of New York; (b) the office of the United States Attorney General; (c) the office of the New York Attorney General; (d) the office of the United States Attorney for the Southern District of New York; (e) the Internal Revenue Service; (f) the Securities and Exchange Commission; (g) each of the Debtors' prepetition lenders, or their agents, if applicable; (h) each of the indenture trustees for the Debtors' outstanding notes issuances; (i) counsel for Ally Financial Inc.; (j) counsel for Barclays Bank PLC, as administrative agent for the lenders under the debtor in possession financing facility; (k) Nationstar Mortgage LLC and its counsel; (l) counsel for the Creditors' Committee; and (m) all parties requesting notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

## NO PREVIOUS REQUEST

26.    No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

ny-1042266

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order (i) substantially in the form attached hereto as <u>Exhibit 1</u>, granting the relief requested in the Application, (ii) approving the terms of the Engagement Letter, and (iii) granting such other and further relief to the Debtors as the Court may deem just and proper.

Dated: July 6, 2012

RESIDENTIAL CAPITAL, LLC,
on behalf of itself and each of its
Debtor subsidiaries

By: _/s/_ James Whitlinger
Name:  James Whitlinger
Title:  Chief Financial Officer

11

## EXHIBIT 1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------- )
                                                                     )
In re:                                                               )     Case No. 12-12020 (MG)
                                                                     )
RESIDENTIAL CAPITAL, LLC, et al.,                                    )     Chapter 11
                                                                     )
                                               Debtors.              )     Jointly Administered
                                                                     )
-------------------------------------------------------------------- )

### ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF FORTACE LLC AS CONSULTANT TO THE DEBTORS *NUNC PRO TUNC* TO MAY 21, 2012

Upon the application, dated July 6, 2012 (the "Application"),[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (the "Order"), pursuant to sections 327(a) and 328(a) of the "Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rule 2014-1, authorizing the Debtors to employ and retain Fortace LLC ("Fortace") as a consultant and possible expert witness to the Debtors on the terms set forth in its engagement letter dated as of May 21, 2012 (the "Engagement Letter"), *nunc pro tunc* to May 21, 2012, as more fully set forth in the Application; and upon consideration of the Affidavit of Frank Sillman in support of the Application (the "Sillman Affidavit"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431 dated January 31, 2012 (Preska, C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.  Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases or the relief granted herein may refer to http://www.kccllc.net/rescap for additional information.

terms and conditions of Fortace's employment being reasonable as required by section 328(a) of the Bankruptcy Code; and Fortace not holding or representing any interest adverse to the Debtors' estates; and Fortace being a "disinterested person," as that term is defined in Bankruptcy Code section 101(14), as modified by section 1107(b), of the Bankruptcy Code; and this Court having found that the relief requested herein is in the best interests of the Debtors' estates, their creditors and other parties in interest; and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided; and a hearing having been held on July 24, 2012 to consider the relief requested in the Application; and upon the record of the hearing, and of all of the proceedings had before the Court; and any objections to the Application having been withdrawn, resolved or overruled; and the Court having found and determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Application is granted as set forth herein.

2.      In accordance with Bankruptcy Code section 327(a) and Bankruptcy Rule 2014 and Local Rule 2014-1, the Debtors are authorized to employ and retain Fortace as a consultant and possible expert witness in accordance with the terms and conditions set forth in the Application and the Engagement Letter, effective *nunc pro tunc* to May 21, 2012.

3.      Fortace shall be compensated in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any applicable orders of

2

the Court, the Amended Guidelines for Fees and Disbursements for Professionals in the

Southern District of New York Bankruptcy Cases M-389 (Nov. 25, 2009), and the United

States Trustee Guidelines currently in effect (collectively, the "Compensation

Guidelines").

4.      Fortace shall file fee applications for monthly, interim and final allowance

of compensation and reimbursement of expenses pursuant to the procedures set forth in

the Compensation Guidelines and any other applicable procedures and orders of the

Court.

5.      Pursuant to the terms of the Engagement Letter, and in accordance with

the Fee Guidelines, Fortace is entitled to reimbursement by the Debtors for reasonable

expenses incurred in connection with the performance of its engagement under the

Engagement Letter.

6.      The Engagement Letter is incorporated herein by reference and approved

in all respects except as otherwise set forth herein.

7.      In the event that the rates of compensation for its services increase from

the rates disclosed for services in the Application or the Engagement Letter, Fortace will

provide notice of such increased rates to the Debtors, the U.S. Trustee, the Committee

and any other statutory committee appointed in this case, and file such notice with this

Court, within ten (10) business days prior to the effective date of such increases.

8.      To the extent the Debtors request that Fortace perform additional services

not contemplated by the Engagement Letter or directly related to services detailed in the

Engagement Letter, the Debtors shall seek approval by the Court for any such additional

services.

ny-1042266

9.      Any Fortace Work Product shall be deemed (a) the work product of M&F or any of the Debtors' other retained counsel in their capacity as counsel to the Debtors, and (b) privileged and confidential, except in the event that Mr. Sillman is designated as a testifying expert witness.  Any Fortace Work Product that becomes subject to discovery pursuant to either the Federal Rules of Evidence or the Federal Rules of Bankruptcy Procedure, (i) shall not be affected by the fact that Fortace has been retained by M&F rather than by the Debtors or any of the Debtors' other retained counsel, and (ii) shall not be affected if certain aspects of Fortace's work are shared with the Debtors, any of the Debtors' other retained counsel, the Committee, or the Committee's counsel.

10.      To the extent that there may be any inconsistency between the terms of the Application, the Sillman Affidavit, the Engagement Letter and this Order, the terms of this Order shall govern.

11.      Fortace shall use its reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

12.      The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order in accordance with the Application.

13.      Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty

4

Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated

February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their

respective subsidiaries and affiliates.

14.    This Court shall retain jurisdiction with respect to all matters relating to

the interpretation or implementation of this Order.

Dated:        New York, New York
              , 2012


_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 2**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| ----------------------------------------------- ) | | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |
| | ) | |
| ----------------------------------------------- ) | | |

**AFFIDAVIT OF FRANK SILLMAN IN SUPPORT OF
DEBTORS' APPLICATION FOR AN ORDER AUTHORIZING
EMPLOYMENT AND RETENTION OF FORTACE LLC AS
CONSULTANT TO THE DEBTORS *NUNC PRO TUNC* TO MAY 21, 2012**

I, Frank Sillman, under penalty of perjury, declares as follows:

1.      I am a co-founder and managing partner of Fortace LLC ("<u>Fortace</u>" or the "Firm"), which has its principal office at 444 South Flower Street, Suite 1750, Los Angeles, CA 90071.  I am authorized to make this declaration on behalf of Fortace and in support of the application (the "<u>Application</u>")[1] of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") for entry of an order authorizing the Debtors to employ and retain Fortace as a consultant and possible expert witness for the Debtors in connection with the above-captioned chapter 11 cases (the "<u>Chapter 11 Cases</u>") pursuant to that certain engagement letter, dated as of May 21, by and between Fortace and Morrison & Foerster LLP (the "<u>Engagement Letter</u>"), a copy of which is attached as <u>Exhibit 3</u> to the Application.  I submit this affidavit in accordance with sections 327(a) and 328 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"),

---

[1]      Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Application or the Engagement Letter, as appropriate.

Rule 2014(a), of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules")
and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the
Southern District of New York (the "Local Rules"). Unless otherwise stated in this
declaration, I have personal knowledge of the matters set forth herein.

### Fortace's Qualifications

2.      I have approximately twenty five years of experience in the mortgage
banking industry.  In particular, I have extensive experience in the origination,
securitization, analysis of loan loss reserves and repurchase related activities for Fannie
Mae, Freddie Mac, FHA, Prime Jumbo, Alt A, Sub Prime, HELOC and Second Lien
residential mortgage loans.

3.      I have extensive expertise, experience, and knowledge regarding RMBS
securitization, loan origination processes, risk mitigation services and analysis.  I have
managed residential mortgage origination, loan operations, secondary marketing, risk
mitigation and capital markets for a federally insured bank and several non-bank
mortgage banking companies. In those capacities I have been involved in the
securitization of Fannie Mae, Freddie Mac, Ginnie Mae and Private Label RMBS
securitizations.  Additionally I have provided quality control, loan audit services and
litigation consulting to several national banks and leading law firms.

### Services to Be Provided[2]

4.    Subject to approval of the Application, and pursuant to the Engagement Letter, Fortace will provide the following consulting services and possible expert witness services to M&F for the benefit of the Debtors:

(a)    Develop an expert report and opinion with respect to the RMBS Settlement and related Plan Support Agreements entered into on May 13, 2012 with a group of residential mortgage-backed securities institutional investors and the reasonableness of the corresponding settlement amount; and

(b)    Provide other expert related testimony, consulting or advisory services as requested by M&F on behalf of the Debtors.

### Professional Compensation

5.    Fortace intends to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these Chapter 11 cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court (collectively, the "Compensation Guidelines") and consistent with the proposed terms of compensation set forth in the Engagement Letter (the "Fee Structure").

6.    Fortace proposes to charge the Debtors the following hourly rates for the services to be performed herein:

| Personnel Category | Expert Report & Consulting Hourly Rates | Deposition and Court Testimony Hourly Rates (4 hour minimum) |
|---|---|---|
| Administrative Analyst | $75 | N/A |

---

[2]    The summaries of the Engagement Letter contained herein are provided for purposes of convenience only.  In the event of any inconsistency between the summaries contained herein and the terms and provisions of the Engagement Letter, the terms of the Engagement Letter shall control.

3

| Personnel Category | Expert Report & Consulting Hourly Rates | Deposition and Court Testimony Hourly Rates (4 hour minimum) |
|---|---|---|
| Document Specialist | $65 | N/A |
| Document Supervisor | $95 | N/A |
| Business Analyst | $150 | N/A |
| Subject Matter Expert | $200 | $275 |
| Senior Manager | $250 | $325 |
| Project Manager | $325 | $395 |
| Partner | $395 | $475 |

7.     The Debtors have also agreed to reimburse the Firm, subject to the Court's approval, for all actual out-of-pocket expenses incurred by the Firm on the Debtors' behalf, such as travel, lodging, transportation and meal costs and other disbursements. All requests for reimbursement of expenses will be consistent with the Compensation Guidelines.

8.     Fortace intends to file interim and final fee applications for the allowance of compensation for services rendered and reimbursement of expenses incurred in accordance with applicable provisions of the Bankruptcy Code, the Guidelines, the Bankruptcy Rules and any applicable orders of this Court.  Such applications will include time records setting forth, in a summary format, a description of the services rendered by each professional, and the amount of time spent on each date by each such individual in rendering services on behalf of the Debtors.  Fortace will maintain time records in one-tenth (.1) hour increments, as well as detailed records of any actual and necessary costs and expenses incurred in connection with the services discussed above.  Fortace's applications for compensation and expenses will be paid by the Debtors, pursuant to the terms of the Engagement Letter upon approval by this Court.

9.      Fortace has not shared or agreed to share any of its compensation from the

Debtors with any other person, other than as permitted by section 504 of the Bankruptcy

Code.

### Fortace's Disinterestedness

10.     In connection with its proposed retention by the Debtors in these

Chapter 11 Cases, Fortace undertook to determine whether it had any conflicts or other

relationships that might cause it not to be disinterested or to hold or represent an interest

adverse to the Debtors.  In connection with this inquiry, Fortace obtained from the

Debtors and their professionals the names of individuals and entities that may be parties-

in-interest in these Chapter 11 Cases (the "Potential Parties-in-Interest").  A categorized

summary of the Potential Parties-in-Interest is provided on Schedule 1 annexed hereto.

11.     Fortace's conflicts review consisted of searching the Fortace Client

database to determine if Fortace had been retained by one or more of the Potential

Parties-in-Interest to provide services in the last three years or is currently retained to

provide services to one or more of the Potential Parties-in-Interest provided on

Schedule 1.  I reviewed each of the names to determine if Fortace has been retained by

one or more of the Potential Parties-in-Interest listed on Schedule 1 to provide services in

the last three years or is currently retained to provide services to one or more of the

Potential Parties-in-Interest listed on Schedule 1.  Any current or prior Fortace clients or

persons named on Schedule 1 for which I or Fortace have or had a relationship have been

noted on Schedule 2 annexed hereto.

12.     Fortace provides services to financial institutions and commercial

corporations.  Fortace has in the past provided services to, currently provides services to,

and may in the future provide services to, entities that are claimants of, or interest holders

5

in, the Debtors or their subsidiaries, in matters unrelated to the Debtors' Chapter 11

Cases. Some of these entities are, or may consider themselves to be, creditors or parties

in interest in the Debtors' pending Chapter 11 Cases or may otherwise have interests in

these cases. Fortace will not provide services to such entities in matters related to these

Chapter 11 Cases. Based on our current knowledge of the parties listed as Potential

Parties-in-Interest in these Chapter 11 Cases, and to the best of my knowledge, none of

these business relations constitute interests adverse to the Debtors.

13. Furthermore, to the best of my knowledge and belief, insofar as I have

been able to ascertain after reasonable inquiry, none of the principals or employees of

Fortace has had, or will have in the future, direct contact concerning these Chapter

11 Cases with the Potential Parties-in-Interest herein, the United States Trustee, or

anyone employed in the Office of the United States Trustee, other than in connection

with this engagement for the Debtors.

14. To the extent that I have been able to ascertain that Fortace has been

retained within the last three years to provide services to any of the Potential Parties-in-

Interest in matters unrelated to these cases, such parties are referenced on <u>Schedule 2</u>

annexed hereto. Fortace's representation of each entity referenced on <u>Schedule 2</u> is only

in connection with matters that are unrelated to the Debtors or these Chapter 11 Cases.

15. Fortace has in the past provided certain loan audit and consulting services

to Carpenter Lipps & Leland LLP, in the course of their representation of the Debtors, in

which the Debtors' non-Debtor parent, Ally Financial Inc. ("<u>AFI</u>"), was invoiced and

responsible for paying all fees and expenses due Fortace for such services provided.

Fortace does not and will not perform any loan audit or consulting services for AFI or its

6

affiliates with respect to the Chapter 11 Cases and will not perform loan audit or consulting services for the Debtors with respect to any disputes which may arise between them and AFI or its non-Debtor affiliates.

16.    Other than as referenced on <u>Schedule 2</u>, I am unaware of any client relationships that Fortace has had with the Potential Parties-in-Interest herein.   If Fortace's proposed retention by the Debtors is approved by this Court, Fortace will not accept any engagement or perform any service for any entity or person other than the Debtors in the Chapter 11 Cases.  Given the size of the Firm and the breadth of Fortace's client base, it is possible that Fortace may now or in the future be retained by one or more of the Potential Parties-in-Interest in matters unrelated to the Debtors or these Chapter 11 Cases without my knowledge.  In addition, the Debtors may have customers, creditors, competitors and other parties with whom they maintain business relationships that are not listed as Potential Parties-in-Interest and with whom Fortace may now or in the future maintain commercial or other professional relationships.  To the extent that Fortace discovers any, or enters into any new, material commercial or other professional relationship with Potential Parties-in-Interest, it will supplement this disclosure to the Court promptly.

17.    I am not related or connected to and, insofar as I have been able to ascertain after reasonable inquiry, no other professional of Fortace is related or connected to, any United States Bankruptcy Judge for the Southern District of New York, any of the District Judges for the Southern District of New York, the U.S. Trustee for the Southern District of New York or any employee in the Office of the U.S. Trustee for the Southern District of New York.

18.    To the best of my knowledge and belief, insofar as I have been able to ascertain after reasonable inquiry, none of the professionals of Fortace working on this engagement on the Debtors' behalf has had, or will have in the future, direct contact concerning the Chapter 11 Cases with the Debtors' creditors, other parties in interest, the U.S. Trustee or anyone employed in the Office of the U.S. Trustee other than in connection with performing financial advisory and investment banking services on behalf of the Debtors.

19.    To the best of my knowledge and belief, insofar as I have been able to ascertain after reasonable inquiry, Fortace has no agreement with any other entity to share with such entity any compensation received by Fortace in connection with these Chapter 11 Cases.  No promises have been received by Fortace as to compensation for Fortace in connection with these Chapter 11 Cases other than in accordance with the Engagement Letter.

20.    As of the Petition Date, Fortace did not hold a prepetition claim against the Debtors for fees or expenses related to services rendered in connection with the engagement.

21.    Accordingly, other than as disclosed herein, and insofar as I have been able to determine after reasonable inquiry, Fortace has no relationship with the Debtors of which I am aware.  Based upon the foregoing, I believe that Fortace is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, in that Fortace and its professionals:

(a)    are not creditors, equity security holders or insiders of the Debtors;

(b)    were not, within two years before the Petition Date, a director, officer or employee of the Debtors; and

8

ny-1042266

(c)     do not have an interest materially adverse to the Debtors, their respective estates or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in the Debtors, or for any other reason.

22.     Fortace will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise.  To the extent that any new relevant facts or relationships bearing on the matters described herein during the period of Fortace's retention are discovered or arise, Fortace will use reasonable efforts to file promptly a supplemental declaration, as required by Bankruptcy Rule 2014(a).

Pursuant to 28 U.S.C. §1746, I declare under the penalty of perjury that the foregoing is true and correct.

Executed on July 6, 2012

FORTACE LLC

By:   /s/ Frank Sillman
        Frank Sillman
        Managing Partner

STATE OF CALIFORNIA                          )
COUNTY OF LOS ANGELES                    )

Subscribed and sworn to (or affirmed) before me on this 6th day of July, 2012, by Frank Sillman, who proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature:  /s/ Artin Ohannesian

OFFICIAL SEAL
ARTIN OHANNESIAN
Notary Public – State of California
Commission # 1807989
Los Angeles County
My Commission Expires August 28, 2012

9

## SCHEDULE 1 TO SILLMAN AFFIDAVIT

**List of Interested Parties Searched**

ny-1042266

**Debtors and Subsidiaries**
ditech, LLC
DOA Holding Properties, LLC
DOA Properties IX (Lots-Other), LLC
EPRE LLC
Equity Investment I, LLC
ETS of Virginia, Inc.
ETS of Washington, Inc.
Executive Trustee Services LLC
GMAC – RFC Holding Company, LLC
GMAC Model Home Finance I, LLC
GMAC Mortgage USA Corporation
GMAC Mortgage, LLC
GMAC Residential Holding Company, LLC
GMAC RH Settlement Service, LLC
GMACM Borrower LLC
GMACM REO LLC
GMACR Mortgage Products, LLC
HFN REO SUB II, LLC
Home Connects Lending Services, LLC
Homecomings Financial Real Estate Holdings,
    LLC
Homecomings Financial, LLC
Ladue Associates, Inc.
Passive Asset Transactions, LLC
PATI A, LLC
PATI B, LLC
PATI Real Estate Holdings, LLC
RAHI A, LLC
RAHI B, LLC
RAHI Real Estate Holdings, LLC
RCSFJV2004, LLC
Residential Accredit Loans, Inc.
Residential Asset Mortgage Products, Inc.
Residential Asset Securities Corporation
Residential Capital, LLC
Residential Consumer Services of Alabama,
    LLC
Residential Consumer Services of Ohio, LLC
Residential Consumer Services of Texas, LLC
Residential Consumer Services, LLC
Residential Funding Company, LLC
Residential Funding Mortgage Exchange, LLC
Residential Funding Mortgage Securities I, Inc.
Residential Funding Mortgage Securities II, Inc.
Residential Funding Real Estate Holdings, LLC
Residential Mortgage Real Estate Holdings, LLC
RFC – GSAP Servicer Advance, LLC
RFC Asset Holdings II, LLC
RFC Asset Management, LLC
RFC Borrower LLC
RFC Construction Funding, LLC
RFC REO LLC
RFC SFJV-2002, LLC

**Foreign Subsidiaries**
Canada Mortgage Acceptance Corporation
Foreign Obligation Exchange, Inc. 2003-H12
Foreign Obligation Exchange, Inc. 2003-H14
Foreign Obligation Exchange, Inc. 2004-H11
Foreign Obligation Export, Inc.
GMAC Financiera S.A. de C.V. Sociedad
    Financiera de Objecto Multiple
GMAC Residential Funding of Canada Limited
GMAC-RFC (No. 2) Limited
GMAC-RFC Auritec, S.A.
GMAC-RFC Direct Limited
GMAC-RFC Espana Hipotecas SL
GMAC-RFC Europe Limited
GMAC-RFC Holdings Limited
GMAC-RFC Property Finance Limited
High Street Home Loans Limited
MCA Finance Limited
National Guarantee plc
Private Label Group Limited
Private Label Mortgage Services Limited

**Officers and Directors**
Abreu, Steven M.
Aretakis, James
Dondzila, Catherine M.
Fleming, Patrick
Hamzehpour, Tammy
Harney, Anthony J.
Hills, Garry
Horner, Jill M.
III, Edward F. Smith,
Ilany, Jonathan
Mack, John E.
Marano, Thomas
Meyer, Darsi
Nees, Louis A.
Pensabene, Joseph A.
Riddle, Mindy
Strauss, Thomas M.
Tyson, William N.
West, Pamela E.
Whitlinger, James
Wilkinson, Winston Carlos

**Parties to Funding Agreements**
Ally Financial Inc (f/k/a GMAC Inc.)
Barclays Bank PLC
Citibank, N.A.
Wells Fargo Bank, N.A.
BMMZ Holdings LLC
US Bank National Association
Deutsche Bank Trust Company Americas

**Bondholders**
AllianceBernstein Advisors

American Enterprise Investment Services Inc.
Appaloosa Management L.P.
Bank of New York Mellon, (The)/Barclays
   Capital - London
Bank of Nova Scotia/CDS
BARC/FIXED
Barclays Capital Inc. /LE
Berkshire Hathaway Inc.
BlackRock Global Investors
Charles Schwab & Co., Inc.
CITIBK/GRP
Citigroup Global Markets Inc.
Citigroup Global Markets Inc. /Salomon
   Brothers
Credit Suisse Securities (USA) LLC
David Lerner Associates, Inc.
Deutsche Bank Securities, Inc.
E*Trade Clearing LLC
Edward D. Jones & Co.
First Clearing, LLC
First Southwest Company
Goldman Sachs International
Goldman, Sachs & Co.
Interactive Brokers Retail Equity Clearing
J.P. Morgan Clearing Corp.
J.P. Morgan Securities LLC
Janney Montgomery Scott Inc.
Loomis Sayles & Company
LPL Financial Corporation
Merrill Lynch Safekeeping
Morgan Stanley & Co. LLC
Morgan Stanley Smith Barney LLC
National Financial Services LLC
Oppenheimer & Co. Inc.
OptionXpress, Inc
P. Schoenfeld Asset Management
Paulson & Co. Inc.
Penson Financial Services, Inc./Ridge.
Pershing LLC
Pentwater Capital Management
Putnam Investment Management
Raymond, James & Associates, Inc.
RBC Capital Markets, LLC
Scottrade, Inc.
Security Investors LLC
Silver Point Capital, L.P.
Stifel, Nicolaus & Company Incorporated
Taconic Capital Advisors, L.P.
TD Ameritrade Clearing, Inc.
Timber Hill LLC
UBS Financial Services LLC
UBS Securities LLC
Vanguard Marketing Corporation
Western Asset Management Company

## Landlords and Tenants

2155 Northpark Lane LLC
2255 Partners, L.P. c/o M. David Paul
   Development LLC
Avenel Realty Company d / b / a Avenel at
   Montgomery Square
Brandywine Cityplace LP
BREOF Convergence LP c/o Brookfield Real
   Estate Opportunity Fund
Business Suites (Texas) LTD
Center Township of Marion County
Del Amo Financial Center, LP
DRA CLP Esplanade LP c/o Colonial Properties
   Services Ltd Partnership
Euclid Plaza Associates, LLC
GBM Properties, LLC
Homeowners Alliance
Liberty Property Limited Partnership
National Default Servicing, LLC
New Towne Center Inc.
PBC San Jose, LLC
PBC Walnut Creek, LLC
Realty World - Graham/Grubbs and Associates
Regus Management Group LLC
Teachers Insurance and Annuity Association of
   America c/o Northmarq RES
The Irvine Company LLC
The Office Annex, Inc.
Veridian Credit Union f/k/a John Deere
   Community Credit Union
W.E.G., Jr., Inc. d / b / a Highland-March
   Beverly Suites

## Parties to Litigation

Acacia Life Insurance Company
Allstate Bank (f/k/a Allstate Federal Savings
   Bank)
Allstate Insurance Company
Allstate Life Insurance Company
Allstate Life Insurance Company of New York,
   Allstate Retirement Plan
Allstate New Jersey Insurance Company
American Heritage Life Insurance Company
Ameritas Life Insurance Corp.
Boilermaker Blacksmith National Pension Trust
Brown County, Ohio
Cambridge Place Investment Management Inc.
Church-Dellinger, Victoria Jean
Columbus Life Insurance Company
Deutsche Zentral-genossenschaftsbank, New
   York Branch, d/b/a DZ Bank AG, New York
   Branch
DG Holding Trust
Federal Home Loan Bank of Boston
Federal Home Loan Bank of Chicago
Federal Home Loan Bank of Indianapolis

Federal Home Loan Mortgage Corporation
Federal Housing Finance Agency
Financial Guaranty Insurance Company
First Colonial Insurance Company
Fort Washington Active Fixed Income LLC
Fort Washington Investment Advisors, Inc.
HSH Nordbank AG
HSH Nordbank AG, Luxembourg Branch
HSH Nordbank AG, New York Branch
HSH Nordbank Securities S.A.
Huntington Bancshares Inc.
IKB Deutche Industriebank AG
IKB International S.A. (in Liquidation)
Integrity Life Insurance Company
Kennett Capital, Inc.
Kral, Kenneth L.
Laster, Marteal
Massachusetts Mutual Life Insurance Company
MBIA Insurance Corporation
Mitchell, Ruth
Mitchell, Steven
National Credit Union Administration Board
National Integrity Life Insurance Company
New Jersey Carpenters Health Fund
New Jersey Carpenters Vacation Fund
Rio Debt Holdings (Ireland) Limited
Sall, Mohammed A.
Sealink Funding Ltd.
State of Ohio
Stichting Pensioenfonds ABP
The Charles Schwab Corporation
The Union Central Life Insurance Company
The Western and Southern Life Insurance
   Company
Thrivent Balanced Fund
Thrivent Balanced Portfolio
Thrivent Bond Index Portfolio
Thrivent Core Bond Fund
Thrivent Financial Defined Benefits Plan Trust
Thrivent Financial for Lutherans
Thrivent Income Fund
Thrivent Limited Maturity Bond Fund
Thrivent Limited Maturity Bond Portfolio
U.S. Central Federal Credit Union
West Virginia Investment Management Board
Western Corporate Federal Credit Union
Western-Southern Life Assurance Company

**U.S. Trustee's Office (Region 2 Trial
   Attorneys)**
Davis, Tracy Hope
Driscoll, Michael
Gasparini, Elisabetta
Golden, Susan
Khodorovsky, Nazar
Masumoto, Brian S.

Morrissey, Richard C.
Nakano, Serene
Riffkin, Linda A.
Schwartz, Andrea B.
Schwartzberg, Paul K.
Velez-Rivera, Andy
Zipes, Greg M.

**Bankruptcy Judges (New York)**
Bernstein, Stuart M.
Chapman, Shelley C.
Drain, Robert
Gerber, Robert E.
Glenn, Martin
Gropper, Allan L.
Lane, Sean H.
Lifland, Burton R.
Morris, Cecelia G.
Peck, James M.

**District Court Judges (New York)**
Baer, Harold
Batts, Deborah A.
Berman, Richard M.
Briccetti, Vincent L.
Buchwald, Naomi Reice
Carter, Andrew L.
Castel, P. Kevin
Cedarbaum, Miriam Goldman
Cote, Denise L.
Crotty, Paul A.
Daniels, George B.
Duffy, Kevin T.
Engelmayer, Paul A.
Forrest, Katherine B.
Gardephe, Paul G.
Griesa, Thomas P.
Haight, Charles S.
Hellerstein, Alvin K.
Jones, Barbara S.
Kaplan, Lewis A.
Karas, Kenneth M.
Koeltl, John G.
Marrero, Victor
McKenna, Lawrence M.
McMahon, Colleen
Nathan, Alison J.
Oetken, J. Paul
Owen, Richard
Patterson, Robert P.
Pauley, William H.
Preska, Loretta A.
Rakoff, Jed S.
Ramos, Edgardo
Sand, Leonard B.
Scheindlin, Shira A.

Seibel, Cathy
Stanton, Louis L.
Stein, Sidney H.
Sullivan, Richard J.
Swain, Laura Taylor
Sweet, Robert W.
Wood, Kimba M.

**Depositing Banks**
Ally Bank
Bank of America, N.A.
Bank of New York Mellon
Citibank, N.A.
Deutsche Bank Trust Company Americas
JPMorgan Chase Bank, N.A.
M&T Bank
State Street Bank and Trust Company
U.S. Bank National Association
Wachovia Bank, National Association

**Consultants & Professionals**
Barclays Bank PLC
Centerview Partners LLC
Deloitte & Touche
Evercore
Fortress Investment Group, LLC
FTI Consulting, Inc.
Gonzalez, Arthur J.
Kirkland & Ellis LLP
Kurtzman Carson Consultants LLC
Mayer Brown LLP
Mercer
Nationstar Mortgage, LLC
PricewaterhouseCoopers
Rubenstein Associates, Inc.
Sidley Austin LLP
Skadden, Arps, Slate, Meagher & Flom LLP

**HELOC Investors**
5th 3rd bank
Aurora Loan Services LLC
Bank One, Texas N.A.
Deutsche Bank National Trust Co.
Everbank
JP Morgan Chase
Macquarie Mortgages USA Inc
Suntrust
The Bank of New York Mellon
Treasury Bank, N.A.
Us Bank, N.A.
Wachovia Bank Na
Wells Fargo Bank, N.A.

**Servicing Counterparties**

**Government Entities and GSEs**
Federal Home Loan Mortgage Corporation
    (Freddie Mac)
Federal Housing Administration (FHA)
Federal National Mortgage Association (Fannie
    Mae)
Government National Mortgage Association
    (Ginnie Mae)

**Housing and Local Agencies**
California Housing Finance Agency
CitiMortgage, Inc., as administrator for Texas
    Veterans Land Board
Connecticut Housing Finance Authority
Delaware Housing Authority
Hawaii Housing (Hula Mae)
Housing Opportunities Commission of
    Montgomery County, Maryland
Mississippi Home Corporation
Neighborhood Housing Services of America and
    Philadelphia N.H.S.
Oregon Housing and Community Services
    Department
Redevelopment Authority of the County of
    Berks
Rural Housing
The Housing and Redevelopment Authority in
    and for the City of Minneapolis
The Industrial Commission of North Dakota

**Mortgage and Monoline Insurers**
Ambac
Assured Guaranty Corp.
Cuna Mutual Group Mortgage Insurance
    Company
FGIC
Financial Security Assurance Inc
General Electric Mortgage Insurance
    Corporation
Genworth Mortgage Insurance Corporation
MBIA
Mortgage Guaranty Insurance Corp.
PMI Mortgage Insurance Co.
Radian Asset Assurance Inc.
Radian Guaranty Inc.
Republic Mortgage Insurance Company
Triad Guaranty Insurance Corporation
United Guaranty Residential Insurance Company

**Trustees**
Bank One, National Association
BNY Midwest Trust Company
Chase Bank of Texas, N.A.
Citibank, N.A.

Deutsche Bank National Trust Company
Deutsche Bank Trust Company Americas
HSBC Bank USA, National Association
JPMorgan Chase Bank, N.A.
LaSalle Bank National Association
Security Pacific National Company
The Bank of New York Mellon
U.S. Bank National Association
US National Association
Wells Fargo Bank Minnesota, N.A.
Wells Fargo Bank, National Association
Wilmington Trust Company

**Other Counterparties to Servicing
  Agreements**
50 BY 50, LLC
ABN AMRO Mortgage Croup, Inc.
Access National Mortgage Corporation
Ace Home Equity Loan Trust, Series 2007-SL3
ACE Securities Corp.
ACT Mortgage Capital
Advantage Bank
Aegis Mortgage Corporation
Aegon USA Realty Advisors
Alliance Bancorp
Alliance Securities Corp.
Ally Bank
Ally Financial Inc.
Ally Investment Management LLC
Alternative Finance Corporation
Amalgamated Bank of New York
American Equity Mortgage, Inc.
American Home Mortgage
American Home Mortgage Acceptance, Inc.
American Home Mortgage Investment Trust
   2005-2
American Home Mortgage Investment Trust
   2005-4A
American Home Mortgage Investment Trust
   2006-2
American Home Mortgage Investment Trust
   2007-A
American Home Mortgage Servicing, Inc.
American Home Mortgage Trust 2004-4
American Home Mortgage Trust 2005-1
American Home Mortgage Trust 2005-2
American Home Mortgage Trust 2005-4A
American Residential Equities XXVII, LLC
American Residential Equities, LLC
Ameriquest Mortgage Company
Andover Bank
Arbor Commercial Mortgage, LLC
Asset Management Holding of South Florida,
   LLC
Assured Guaranty Municipal Corp
Atlantic Financial Federal

Audobon Savings Bank
Aurora Loan Services Inc.
Aurora Loan Services LLC
Banc of America Funding 2005-3 Trust
Banc of America Funding 2005-8 Trust
Banc of America Funding 2006-1 Trust
Banc of America Funding 2006-4 Trust
Banc of America Funding Corporation
Banc of America Mortgage Capital Corporation
Bancap
Banco Mortgage Company
Banco Popular North America
Bank of America, National Association
Bank of Hawaii
Bank One, Texas, N.A.
Bank Rhode Island
Bank United, FSB
Bankatlantic, A Federal Savings Bank
Bankers Saving
Bankers Trust Company
Banknorth Mortgage
Bay Atlantic Federal Credit Union
Bay Financial Savings Bank, FSB
Bayrock Mortgage Corporation
Bayview Acquisitions, LLC
Bayview Financial Asset Trust
Bayview Financial Property Trust
Bayview Financial Securities Company, LLC
Bayview Financial Trading Group, L.P.
Bayview Financial, L.P.
Bear Stearns Asset Backed Securities I, LLC
Bear Stearns Mortgage Capital Corporation
Bear Stearns Second Lien Trust 2007-1
Bear Stearns Second Lien Trust 2007-SV1
Bell Federal Savings and Loan Association
BellaVista Funding Corporation
Belvedere Trust Finance Corporation
Bluebonnet Savings Bank FSB
BMMZ Holdings LLC
Broadway Federal Bank, FSB
Brothers Bank, FSB
Butte Savings and Loan Association
Caliber Funding, LLC
California Banking Association
California Federal Bank, FSB
California Public Employees' Retirement System
Cambridge Place Collateral Management LLC
Canada Mortgage Acceptance Corporation
Capital Crossing Bank
Capitol Federal Savings and Loan Association
Capstead Mortgage Corporation
CDC Mortgage Capital Inc. (Natixis)
Cenfed Bank, a Federal Savings Bank
Cenlar FSB
CenterState Bank of Florida, N.A.
Central Bank of Jefferson County, Inc.

Century Bank, FSB
CFX Bank
Charter One Bank, FSB
Charter One Bank, N.A.
Chase Manhattan Mortgage Corporation
Chemical Mortgage Company
Citi Financial Mortgage Co., Inc
Citibank (West), FSB
Citigroup Global Markets Realty Corp.
Citigroup Mortgage Loan Trust Inc.
CitiMortgage, Inc.
Citizens Bank of Connecticut
Citizens Bank of Massachusetts
Citizens Bank of New Hampshire
Citizens Bank of Pennsylvania
Citizens Bank, N.A.
Citizens Federal Bank, FSB
Clayton Fixed Income Services Inc.
Clayton National, Inc.
CMC Investment Partnership
Coastal Banc Capital Corporation
Coastal Banc SSB
Coastal States Mortgage Corporation
Collective Federal Savings Bank
Colonial Mortgage Service Company
Comerica Bank
Community Lending, Incorporated
Communityone Bank, N.A.
ComUnity Lending, Incorporated
Copperfield
Core, Cap Inc.
Corona Asset Management III, LLC
Countrywide Bank, N.A.
Countrywide Home Loans Servicing, LP
Countrywide Home Loans, Inc.
Credit Suisse First Boston Mortgage Securities
    Corp.
CSX
CTCE Federal Credit Union
CTX Mortgage Company, LLC
DB Structured Products, Inc.
Deutsche Alt-A Securities, Inc.
Deutsche Bank AG New York Branch
Deutsche Mortgage Securities, Inc.
DLJ Mortgage Acceptance Corp.
DLJ Mortgage Capital, Inc.
Dollar Bank, FSB
Drawbridge Consumer Funding Ltd
Dynex Securities Corporation
E*Trade Bank
E*Trade Mortgage
E*Trade Wholesale Lending Corp.
EAB Mortgage Company, Inc.
EMC Mortgage Corporation
Empire Mortgage X, Inc.
Encore Bank and National Association

Encore Savings Bank
Erie Savings Bank
Eurekabank
EverBank
Fairbanks Capital Corp.
Fairfax Savings Bank
Family Bank, FSB
Family Lending Services, Inc.
FBS Mortgage Corporation
Federal Home Loan Bank of Atlanta
Federal Trust Bank, FSB
Fidelity Federal Bank
Fidelity Savings and Loan
Fifth Third Bank
Financial Asset Securities Corp.
First Bank Incorporated
First Bank, Inc.
First Cap Holdings, Inc.
First Citizens Bank and Trust Company
First Citizens Mortgage Company
First Community Bank N.A.
First Federal of Michigan
First Federal Savings and Loan Association of
    Storm Lake
First Guaranty Mortgage Corporation
First Horizon Home Loan Corporation
First Indiana Bank
First Internet Bank of Indiana
First Massachusetts Bank, N.A.
First National Bank and Trust Company
First National Bank of Arizona
First National Bank of El Dorado
First Nationwide Mortgage Corporation
First NLC
First Rate Capital Corporation
First Savings Mortgage Corporation
First Tennessee Bank National Association
First Tennessee Capital Assets Corporation
First Trust Savings Bank
First Union National Bank
First-Citizens Bank & Trust Company
Firstrust Bank
Fleet National Bank
Flex Point Funding Corporation
Flick Mortgage Investors, Inc.
FNBA
Fortress Credit Corp.
FPA Corporation
Franklin Bank, SSB
Franklin Credit
Franklin Credit Management Corporation
Gateway Credit Union
Gateway Funding Diversified Mortgage Services,
    LP
GE Capital Consumer Card Co.
GE Mortgage Services, LLC

Geneva Mortgage Corporation
Germantown Savings Bank
Gibraltar Savings Association
Ginn Financial Services, LLC
Goldman Sachs Mortgage Company
Gonzalo Residential Asset Trust
Great American First Savings Bank
Great American Savings Bank
Green Planet Servicing, LLC
Green Tree Servicing LLC
GreenPoint Mortgage Funding Trust 2005-HE4
GreenPoint Mortgage Funding Trust 2006-HE1
GreenPoint Mortgage Funding, Inc.
Greenwich Capital Acceptance, Inc.
Greenwich Capital Financial Products, Inc.
Greenwich Universal Portfolio
GS Mortgage Securities Corp.
GSAA Home Equity Trust 2005-9
GSMPS Mortgage Loan Trust 2005-LT1
GSR Mortgage Loan Trust 2006-AR2
GSR Trust 2007-HEL1
Guardian Savings Bank
Hanover Capital Mortgage Holdings, Inc.
HarborView Mortgage Loan trust 2004-10
Healthcare Employees Federal Credit Union
Home Equity Loan Trust 2005-HS2
Home Equity Loan Trust 2006-HSA2
Home Equity Loan Trust 2006-HSA3
Home Equity Loan Trust 2006-HSA5
Home Equity Loan Trust 2007-HSA1
Home Equity Loan Trust 2007-HSA3
Home Federal Savings & Loan Association of
   Rome, Ga.
Home Loan Corporation
Home Loan Series 09-2028
HomeBanc Mortgage
HomEq Servicing Corporation
Horsham Funding Inc.
HSI Asset Securitization Corporation
Hudson & Keyse, LLC
Hudson City Savings Bank
Huntington Federal Savings & Loan Association
Hyperion Capital Group LLC
IMPAC CMB Trust Series 2005-6
IMPAC Funding Companies
IMPAC Funding Corporation
IMPAC Mortgage Holdings, Inc.
IMPAC Secured Assets Corp.
Imperial Credit Industries, Inc.
Independent Bank East Michigan
IndyMac Bank, FSB (now OneWest Bank, FSB)
IndyMac MBS, Inc.
IndyMac Mortgage Holdings, Inc.
ING Bank, FSB
Investment Capital Group
Irwin Union Bank and Trust Company

Ixis Real Estate Capital Inc
Jackson Federal Bank
Just Mortgage, Inc.
Kaiser Federal Bank
Keystone Nazareth Bank & Trust Company
Kidder Peabody Mortgage Capital Corporation
Lacera
Lebank
Lehman Brothers Bank, FSB
Lehman Brothers Holdings Inc.
Lehman Capital, a division of Lehman Brothers
   Holdings Inc.
Liberty Home Lending, Inc.
Liberty Savings Bank, FSB
Linden Assemblers Federal Credit Union
Litton Loan Servicing, LP
LNV Corporation
Loan Center of California
Loan Link Financial Services
Local #38 and Associates Credit Union
Lomas Mortgage USA, Inc.
Los Angeles County Employees Retirement
   Association
Los Angeles Federal Savings
LPP Mortgage Ltd.
Luminent Mortgage Capital, Inc.
Lydian Private Bank
Macquarie Mortgage Funding Trust 2007-1
Macquarie Mortgages USA, Inc.
MAIA Mortgage Finance Statutory Trust
Marine Bank
Market Street Mortgage Corporation
Massachusetts Mutual Life Insurance Co.
Matrix Capital Bank
MB Financial Bank N.A.
Medway Savings Bank
Mellon Bank
Mellon/McMahon Real Estate Advisors Inc.
Merck Sharp & Dohme Federal Credit Union
Mercury Mortgage Finance Statutory Trust
Meridian Mortgage Corporation
Merrill Lynch Bank & Co.
Merrill Lynch Hunton Paige
Merrill Lynch Mortgage Capital Inc.
Merrill Lynch Mortgage Holdings, Inc.
Merrill Lynch Mortgage Investors, Inc.
Merrill Lynch Mortgage Lending, Inc.
Metlife Bank, N.A.
Metrocities Mortgage Corp., LLC
Metropolitan Life Insurance Company
Mid America Bank, FSB
MidFirst Bank
Midland Financial Savings and Loan Association
Mint I, LLC
Mint II, LLC
Money Bank Investment Corporation

Monterey I Holdings
Morgan Stanley Capital I Inc.
Morgan Stanley Mortgage Capital Inc.
Morgan Stanley Mortgage Loan Trust 2005-3AR
Mortgage Asset Securitization Transactions, Inc.
Mortgage Asset Securitization Trust
Mortgage Interest Networking Trust II
Mortgage Investors Corporation
MortgageIT Holdings Inc.
MortgageIT Securities Corp.
MortgageIT Trust 2005-4
MortgageIT, Inc
MRF 3 LLC
Mrit Securities Corporation
Mutual Savings & Loan Association of Charlotte,
  N.C.
Mutual Savings Bank
National Bank of Commerce
NETBANK
Network Funding L.P.
Neuwest Equity Partners
New Century Mortgage Securities, Inc.
New Cumberland Federal Credit Union
New Penn Financial, LLC
New York Life Insurance and Annuity
  Corporation
New York Life Insurance Company
Nomura Asset Acceptance Corporation
Nomura Credit & Capital, Inc.
Nomura Home Equity Loan, Inc.
North Jersey Federal Credit Union, Inc.
Northwest Funding, Inc.
Northwestern National Bank of Minneapolis
Norwest Bank Minnesota, National Association
Norwest Mortgage, Inc.
Ocwen Federal Bank FSB
Ocwen Loan Servicing, LLC
Ohio Savings Bank
Opteum Financial Services, LLC
Option One Mortgage Corporation
Paine Webber Real Estate Securities Inc.
Parkside Lending, LLC
Parkvale Savings Bank
Paul Financial, LLC
People Savings Bank, Inc., SSB
Peoples Heritage Savings Bank
PHH Mortgage
Philadelphia Federal Credit Union
Pinnacle Capital Mortgage Corporation
Pinnacle Financial Corporation
Plaza Home Mortgage, Inc.
PMC Bancorp
PNC Bank, N.A.
PNC Mortgage Securities Corp.
Pomona First Federal Bank and Trust
Principal Asset Markets, Inc.

Principal Bank
Principal Mutual Life Insurance Company
Private Capital Group
Quaker City Bank
Quicken Loans Inc.
RBS Citizens, National Association
Real Time Resolutions, Inc.
Real Time Solutions
Realty Mortgage Corporation
Redlands Federal Bank, FSB
Redwood Trust, Inc.
Reliance Federal Credit Union
Residential Mortgage Assistance Enterprise,
  LLC
Resolution Capital Advisors, LLC
Ridgewood Savings Bank
Riggs Bank N.A.
Rochester Community Savings Bank
Roosevelt Management Company, LLC
RWT Holdings, Inc.
Ryland Acceptance Corporation Four
SACO I Trust 2005-GP1
SACO I Trust 2006-8
Salomon Brothers Realty Corp.
Saxon Mortgage Funding Corporation
Sea Breeze Financial Services, Inc.
Sebring Capital
Secured Bankers Mortgage Company
Security National
Security Pacific National Bank
Select Portfolio Servicing Inc.
Sequoia Funding Trust
Sequoia Residential Funding, Inc.
Shearson Lehman Government Securities, Inc.
Shellpoint Mortgage LLC
Sierra Pacific Mortgage, Inc
Silver State Financial Services, Inc.
Silvergate Bank
Skyline Financial Corp.
SMFC Funding Corporation
SN Servicing Corporation
SNBOA, LLC
Southbank
Southern Pacific Thrift and Loan Association
SouthStar Funding, LLC
Southwest Savings and Loan Association
Sovereign Bank, FSB
Specialized Loan Servicing LLC
St. Paul Federal Bank for Savings
Stanwich Mortgage Acquisition Company, LLC
Sterling Savings Bank
Steward Financial, Inc.
Stonebridge Bank
Structured Asset Mortgage Investments II Inc.
Structured Asset Mortgage Investments, Inc.
Structured Asset Securities Corporation

Structured Mortgage Investments II Inc.
Summit Savings & Loan Association
Suntrust Asset Funding, LLC
Superior Bank
Susquehanna Bank
Syncora Guarantee Inc.
Taylor, Bean Whitaker
TCF National Bank
TCIF, LLC
TeleBank
Terwin Advisors LLC
Terwin Mortgage Trust 2006-6
Terwin Securitization LLC
The Canada Trust Company
The Chase Manhattan Bank
The First Boston Corporation
The First National Bank of Glens Falls
The Frost National Bank
The Mortgage Store Financial, Inc.
The New York Mortgage Company, LLC
The Travelers Indemnity Company
The Winter Group
Treasury Bank, N.A.
Tri Counties Bank
Tri Country Area Federal Credit Union
Truman Capital Securitization LLC
UBS Real Estate Securities Inc.
UBS Warburg Real Estate Securities Inc.
UBS Warburg, LLC
United Capital Mortgage, LLC
United Federal Savings Bank
United Financial Mortgage Corporation
United Savings Association of Texas, FSB
Unity Bank
Universal Master Servicing, LLC
US Bank Home Mortgage
USAA Federal Savings Bank
Valley Independent Bank
Vermont Mortgage Group, Inc.
Wachovia Bank, National Association
Wachovia Mortgage Corporation
Walter Mortgage Company
Washington Mutual Bank
Washington Mutual Mortgage Securities Corp.
Webster Bank
Western Financial Savings Bank, FSB
WestStar Mortgage, Inc.
Wilshire Credit Corporation
Winter Group
Witmer Funding LLC
WMCC Clayton / Washington Mutual Bank
WMD Capital Markets, LLC

**Utilities**
Abovenet Communications Inc.
AT&T

AT&T Mobility
Center Point Energy
CenturyLink
Cisco Systems Capital Corporation
City of Eden Prairie
Comcast
Dish Network
Genesys Conferencing
Global Capacity Group Inc.
IEX Corporation
Inova Solutions
Intercall
Intervoice Inc.
Level 3 Communications LLC
MediaCom
Micro-Tel Center
MidAmerican Energy
Sprint
Time Warner Cable
Time Warner Telecom
Verizon
Verizon Business
Verizon California
Verizon Wireless
Waste Management
Waterloo Water Works
Xcel Energy

**Consolidated Top 50 Creditors**
Aegis Usa Inc.
Alan Gardner
Allstate Insurance
Ambac Assurance Corp
Assured Guaranty Corp.
BNYMellon
Boilermaker Blacksmith National Pension Trust
Brian Kessler, et al
Cambridge Place Investment Management Inc.
Credstar
Deutsche Bank AG, New York
Deutsche Bank Trust Company Americas
Don E. Diane M. Patterson
Donna Moore
Emortgage Logic
Federal Home Loan Bank of Boston
Federal Home Loan Bank of Chicago
Federal Home Loan Bank of Indianapolis
Federal Housing Finance Agency
Financial Guaranty Insurance Co.
Huntington Bancshares Inc.
Indecomm Global Services
Iowa Public Employees Retirement System
Lehman Brothers Holdings, Inc.
Loan Value Group
Massachusetts Mutual Life Insurance Company
MBIA, Inc.

Midwest Operating Engineers Pension Trust
  Fund
National Credit Union Administration Board
New Jersey Carpenters Health Fund
New Jersey Carpenters Vacation Fund
Orange County Employees Retirement System
Police and Fire Retirement System of the City of
  Detroit
Sealink Funding Limited
Steven And Ruth Mitchell
Stichting Pensioenfonds ABP
The Charles Schwab Corporation
The Union Central Life Insurance Company
Thrivent Financial for Lutherans
Tiffany Smith
US Bank
Wells Fargo & Company
Wells Fargo Bank N.A
West Virginia Investment Management Board
Western & Southern

**Members of the Creditors' Committee**
Allstate Life Insurance Company
AIG Asset Management (U.S.), LLC
The Bank of New York Mellon Trust Company,
  N.A.
Deutsche Bank Trust Company Americas

Drennen, Rowena L.
Financial Guaranty Insurance Company
MBIA Insurance Corporation
U.S. Bank National Association
Wilmington Trust, N.A.

**Rule 2004 Motion Parties**
AlixPartners
Cerberus Capital Management, L.P.
Cerberus FIM Investors LLC
Cerberus FIM, LLC
FIM Holdings LLC
General Motors Company
Gibbs & Bruns, LLP
GMAC Bank
GMAC Commercial Finance, LLC
GMAC LLC
GMAC Mortgage Group, LLC
Houlihan Lokey
IB Finance Holding Company, LLC
Kelly Drye & Warren LLP
Kramer Levin et al
Moelis & Company
Morrison Cohen LLP
National Motors Bank FSB
Ropes & Gray LLP
White & Case

## SCHEDULE 2 TO SILLMAN AFFIDAVIT

Fortace has represented each of the Potential Parties-in-Interest listed below in connection with matters completely unrelated to the Debtors' Chapter 11 Cases:

| Entity | Nature of Services | Status |
|---|---|---|
| Ally Bank | Consulting & Loan Audit Services for Debtor affiliates | No current engagement |
| Ally Financial Inc (f/k/a GMAC Inc.) | Consulting & Loan Audit Services for Debtor affiliates | No current engagement |
| Citigroup Global Markets Inc. | Consulting & Loan Audit Services | Current engagement |
| Citigroup Global Markets Realty Corp. | Consulting & Loan Audit Services | Current engagement |
| CitiMortgage, Inc. | Loan Audit Services | No current engagement |
| GMAC Residential Holding Company, LLC | Consulting & Loan Audit Services | No current engagement |
| Metrocities Mortgage Corp., LLC | Consulting | No current engagement |
| MidFirst Bank | Loan Audit Services | Current engagement |
| PMI Mortgage Insurance Co. | Loan Audit Services | No current engagement |
| Radian Guaranty Inc. | Loan Audit Services | No current engagement |

## EXHIBIT 3

**Engagement Letter**



| **CONSULTING AND EXPERT WITNESS SERVICES AGREEMENT** | | |
|---|---|---|
| **EFFECTIVE DATE** | **COUNTERPARTY** | **COUNTERPARTY ID** |
| 05/21/2012 | Morrison & Foerster LLP | 0119 |
| **TERMS** | | |

**1. Parties**

This Consulting and Expert Witness Services Agreement ("Expert Agreement") is between Morrison & Foerster LLP ("Morrison & Foerster"), counsel to Debtor Residential Capital, LLC ("Debtor"), and Fortace LLC, a limited liability company ("Expert"), as of the Effective Date specified above. Any reference herein to Expert, Debtor and Morrison & Foerster shall include all such entity's partners, managers, employees, contractors, agents and affiliates.

**2. Scope and Purpose of Expert Agreement**

The parties intend for this Expert Agreement to cover (i) all expert services (the "Expert Services") that Morrison & Foerster requests and Expert agrees to perform hereunder, (ii) the fees and expense reimbursements payable in connection with such Expert Services as set forth herein, and (iii) all other terms and conditions as enumerated herein.

**3. Summary Statement of Work under Expert Agreement**

Morrison & Foerster hereby retains Expert to perform the following Expert Services on behalf of Debtor:

A) Develop an Expert Report and opinion with respect to the Settlement Agreements ("RMBS Trust Settlement") and Plan Support Agreements ("RMBS Trust PSA") entered into on May 13, 2012 with a group of residential mortgage-backed securities Institutional Investors and the reasonableness of the corresponding settlement amount.

B) Other Expert related testimony, consulting or advisory services as requested by Morrison & Foerster on behalf of Debtor.

**4. Performance Standards**

Expert agrees to perform all Expert Services under this Expert Agreement in a timely and professional manner in accordance with the highest standards, by individuals of suitable competency, training and skill, and to correct or supplement any work not performed in accordance with this standard, provided that Morrison & Foerster notifies Expert of any claim of incomplete or inadequate work within thirty (30) calendar days following the performance of such Services.

**5. Timing of Services and Reports**

1



| CONSULTING AND EXPERT WITNESS SERVICES AGREEMENT | | |
|---|---|---|
| **EFFECTIVE DATE** | **COUNTERPARTY** | **COUNTERPARTY ID** |
| 05/21/2012 | Morrison & Foerster LLP | 0119 |

The schedule and timing requirements, if any, for each Expert Service and any related reports shall be jointly established by Expert and Morrison & Foerster and in each case, shall be measured from the "Receipt Date" with respect to any applicable required documents identified from time to time by Expert ("Required Documents"), which shall be defined as the date on which all such Required Documents have been received by Expert from Debtor or other approved sources, in the format(s) agreed by such parties from time to time.

6. **Fees and Expenses**

Debtor shall pay Expert for (i) all Expert Services fees ("Expert Fees"), (ii) and reimbursement of all third party expenses, travel, lodging, transportation and meal costs consistent with this Agreement incurred by Expert ("Expert Expenses"), all as provided in this Expert Agreement.
The Expert Fee rates are provided on Exhibit A to this Expert Agreement.

7. **Billing and Payment**

Fees related to Expert Fees or reports are billable monthly. Fees related to consulting or other Services are billable as such Services are rendered. Expert Expenses, and third party vendor costs, are billable as incurred and may be invoiced contemporaneously with or subsequent to the related Expert Service or Expert Services.

Any Expert Fees shall be billed hourly in minimum increments of tenths of an hour (6 minutes).

All other fees and expenses will be invoiced to Debtor monthly. Debtor agrees to make all payments owed to Expert within 30 days of receipt. Invoices are due upon receipt by Debtor.

In the event this Expert Agreement is terminated by either party, Debtor shall pay for (i) all outstanding Expert invoices, (ii) any Expert Witness, Consulting Services or other Services or work performed by Expert but not yet invoiced, (iii) any Expert Services or other work to be performed by Expert during any Notice Period (as defined below), and (iv) any unreimbursed Expert Expenses, third party vendor costs or travel costs meeting the requirements of this Agreement.

Expert may suspend further work if its invoices are 90 or more days delinquent.

Expert's entitlement to payment for Expert Services is in no way contingent on the outcome of any legal proceeding or dispute for which such services are performed.

2



| CONSULTING AND EXPERT WITNESS SERVICES AGREEMENT | | |
|---|---|---|
| **EFFECTIVE DATE** | **COUNTERPARTY** | **COUNTERPARTY ID** |
| 05/21/2012 | Morrison & Foerster LLP | 0119 |

**8. Term**

This Expert Agreement shall commence on the Effective Date stated above and shall have an initial minimum term of twelve (12) months (the "Contract Term"). Any extension of the Contract Term shall be subject to and as provided by a written amendment to this Expert Agreement; provided that, in the absence of any such amendment, the terms of this Agreement and any associated Exhibits shall continue in full force and effect; and provided further, that this Expert Agreement and any associated Exhibits shall automatically renew for an additional twelve (12) month Contract Term, with all provisions remaining in force, unless either party gives notice of expiration at least ninety (90) calendar days prior to the end of such Contract Term.

**9. Termination**

This Expert Agreement may be terminated prior to the end of a Contract Term as follows:

A) Either party may terminate this Expert Agreement for convenience by providing ninety (90) days prior written notice to the other party, or for cause by providing thirty (30) calendar days prior written notice to the other party (in each case, a "Notice Period"); provided that if Morrison & Foerster elects to provide notice to Expert of termination for cause, Expert shall be given a reasonable opportunity to cure any alleged deficiencies in Expert's work during the applicable Notice Period.

B) Expert may also terminate this Agreement if Debtor fails to pay Expert Fees or Expert Expenses within ninety (90) calendar days of written notice to Debtor.

C) In the event of termination of this Expert Agreement, Expert shall provide Debtor with a final invoice of all Expert Fees and Expert Expenses due, no later than sixty (60) days after the specified termination date.

**10. Indemnification**

Expert will indemnify and hold the Morrison & Foerster and Debtor harmless against any and all liabilities imposed or claimed by any third party, including attorney's fees and other legal expenses, arising directly or indirectly from any grossly negligent, reckless or intentional act or omission of the Expert, its affiliates, employees or agents.

**11. Disclaimer of Warranties and Consequential Damages**

Expert does not make, and hereby disclaims, any warranty, express or implied, including warranties regarding the correctness, completeness, merchantability or fitness for a particular purpose, of any Expert Services or work product provided

3



| CONSULTING AND EXPERT WITNESS SERVICES AGREEMENT | | |
|---|---|---|
| EFFECTIVE DATE | COUNTERPARTY | COUNTERPARTY ID |
| 05/21/2012 | Morrison & Foerster LLP | 0119 |

hereunder, and in no event shall Expert be liable for any indirect, incidental, special or consequential damages incurred by Morrison & Foerster, Debtor or any other person. Morrison & Foerster and Debtor acknowledges that the quality and quantity of the Expert Services, and any resulting work product developed by Expert for Morrison & Foerster, may vary, depending on factors such as (i) the availability of relevant documents and information, (ii) the quality and amount of work on any loan file previously performed by Morrison & Foerster or Debtor, (iii) the level of cooperation and response from any third parties in response to inquiries from Expert, and (iv) the terms of any underlying loan transactions.

With respect to any Expert Services provided to Morrison & Foerster by Expert, including but not limited to any Expert Services, Morrison & Foerster acknowledges and agrees that (x) Expert is performing all such Services solely for the purpose of assisting Morrison & Foerster and under Morrison & Foerster direct supervision, and that Expert does not provide, and expressly disclaims that it is providing, any legal analysis or similar advice to Morrison & Foerster, and (y) Morrison & Foerster is obligated, to the extent Morrison & Foerster in its sole discretion deems it advisable, to render any legal or similar advice that Morrison & Foerster determines is appropriate under the circumstances.

12. **Additional Limitation on Liability of Expert**

In the event that any financial liability (including any liability for indemnification) is claimed from or imposed on Expert for any action taken or failed to have been taken by Expert in connection with this Expert Agreement, or any services provided to Morrison & Foerster, other than liability for data breaches or privacy violations, such financial liability shall be limited to the specific Expert Fees actually paid by Debtor to Expert with respect to the Expert Services directly rendered in connection with the specific Expert Services ("Liability Limit").

Further, Debtor and Morrison & Foerster hereby agrees that Expert's aggregate liability for any and all losses or damages to Morrison & Foerster or Debtor arising out of any acts or omissions by Expert in connection with the Expert Services or any related work or work product (other than acts or omissions due to willful misconduct or gross negligence by Expert, and other than liability for data breaches or privacy violations), regardless of the cause or causes of such loss or injury, and regardless of the nature of the legal or equitable right claimed to have been violated, and including, without limitation, any attorneys' fees or legal costs or other expenses incurred by Morrison & Foerster or Debtor as to which Morrison & Foerster or Debtor is seeking to hold Expert liable, shall not exceed the Liability Limit.

13. **Independent Contractor**



| CONSULTING AND EXPERT WITNESS SERVICES AGREEMENT | | |
| --- | --- | --- |
| EFFECTIVE DATE | COUNTERPARTY | COUNTERPARTY ID |
| 05/21/2012 | Morrison & Foerster LLP | 0119 |

Expert shall be an independent contractor and not agent or employee or either the Debtor or Morrison & Foerster, and Expert shall make no representation as an agent or employee of Debtor or Morrison & Foerster, unless so authorized by Debtor or Morrison & Foerster. Expert will have no authority to bind Morrison & Foerster or Debtor or incur other obligations on behalf of Morrison & Foerster or Debtor without Morrison & Foerster or Debtor authorization.

### 14. Confidentiality

Both parties acknowledge that, during the Contract Term, Debtor, Morrison & Foerster and Expert may each obtain non-public, confidential information related to the business, services or work products of the other party, and the receiving party hereby agrees to keep and protect all such information as confidential and private, and to return all such information and any copies thereof at the end of such Contract Term if so requested.

Expert further acknowledges that certain court orders in connection with client bankruptcy proceedings may from time to time provide for confidentiality or similar limitations applicable to the Services being performed or documents and information provided or exchanged under this Expert Agreement, and Expert agrees to respect and abide by such limitations, provided that Morrison & Foerster provides Expert with written notice including the specific terms of any such court orders, and with written instructions on how Morrison & Foerster proposes that Expert comply therewith.

Expert hereby acknowledges that Debtor and Morrison & Foerster may be subject to certain privacy and information security laws and regulations, specifically including the Gramm-Leach-Bliley Act and the Interagency Guidelines Establishing Standards for Safeguarding Customer Information (12 C.F.R. Section 208, Appendix D-2), pursuant to which Morrison & Foerster is required to monitor whether Expert appropriately safeguards all non-public information, including but not limited to personal or financial information regarding current or former residential mortgage loan borrowers ("Borrower Sensitive Data").

To the extent that Expert receives any Borrower Sensitive Data as a result of any exchange of information under this Expert Agreement, Expert agrees that it will take all necessary precautions to (a) not disclose or use any Borrower Sensitive Data except to the extent necessary to carry out its obligations under this Expert Agreement, (b) not disclose Borrower Sensitive Data to any third party, including its third party service providers, except in furtherance of the purposes of this Expert Agreement, or as required by law, and (c) employ commercially reasonable administrative, technical and physical safeguards, including proper information disposal procedures, designed to prevent unauthorized use or disclosure of Borrower Sensitive Data, which are



| CONSULTING AND EXPERT WITNESS SERVICES AGREEMENT | | |
|---|---|---|
| EFFECTIVE DATE | COUNTERPARTY | COUNTERPARTY ID |
| 05/21/2012 | Morrison & Foerster LLP | 0119 |

consistent with acceptable standards and industry practices.

Expert agrees to (x) provide such information regarding its privacy and information security systems, policies and procedures as Morrison & Foerster may reasonably request relating to its oversight obligations under applicable law, (y) in the event of any actual or apparent theft, unauthorized use or disclosure of any Borrower Sensitive Data, promptly commence all reasonable efforts to investigate and correct the causes and remediate the results thereof, and (z) as soon as practicable following discovery of any event described in clause (y) hereof, provide Morrison & Foerster notice thereof, and such further information and assistance as may be reasonably requested.

Upon Morrison & Foerster request, Expert agrees to promptly (a) return to Debtor the Borrower Sensitive Data or (b) destroy or erase (on all likely forms of recordation) the Borrower Sensitive Data; provided that Debtor shall be responsible for reimbursing Expert for all reasonable expenses incurred by Expert or any vendor to Expert in connection therewith.

### 15.    Non-Solicitation

All parties agree that, during the Contract Term and for a period of one hundred and eighty (180) days thereafter, they will not, without the prior written consent of the other party, directly solicit, hire, contract with, or engage the services of any employee or contractor of the other party with whom they have worked in conjunction with performance of the Services under this Expert Agreement.

### 16.    Notices

Any notices by one party to another under this Expert Agreement shall be provided to such party at its respective address set forth under the signature blocks below. Expert, and Morrison & Foerster shall provide each other with a list of relevant managers and their respective contact information in connection with this engagement.

### 17.    Governing Law

This Expert Agreement and any Exhibits hereunder shall be governed by the laws of the State of New York, without reference to its conflicts of laws principles.

### 18.    No Third Party Beneficiaries

This Expert Agreement shall not confer any rights or remedies upon any third-party other than the parties to this Agreement, Morrison & Foerster, Debtor and their respective successors and permitted assigns.

### 19.    Severability Clause



| CONSULTING AND EXPERT WITNESS SERVICES AGREEMENT | | |
|---|---|---|
| EFFECTIVE DATE | COUNTERPARTY | COUNTERPARTY ID |
| 05/21/2012 | Morrison & Foerster LLP | 0119 |

If any provision of this Expert Agreement or any Exhibit hereto is held unenforceable, then such provision will be modified to reflect the parties' intention. All remaining provisions of such agreements shall remain in full force and effect.

20. **Miscellaneous Provisions**

All capitalized terms shall have the respective meanings given such terms in this Expert Agreement. In the event of any conflict or inconsistency between the terms of this Expert Agreement or any Exhibit, the terms of the Exhibit shall control.

21. **Attorney-Client Privilege**

The provisions of this Expert Agreement, any Exhibit, and any Expert Services or work product rendered pursuant hereto, are subject to applicable attorney-client and attorney work product privileges, as may be asserted by Morrison & Foerster on behalf of its client from time to time.

7

# ⚜ FORTACE

## CONSULTING AND EXPERT WITNESS SERVICES AGREEMENT

| EFFECTIVE DATE | COUNTERPARTY | COUNTERPARTY ID |
|---|---|---|
| 05/21/2012 | Morrison & Foerster LLP | 0119 |

| Morrison & Foerster LLP | | FORTACE LLC | |
|---|---|---|---|
| Signature | *[signature]* | Signature | *[signature]* |
| Printed | Jamie Levitt | Printed | Frank Sillman |
| Title | Partner | Title | CEO |
| Date | 7/6/12 | Date | 7/15/12 |

Address:
1290 Avenue of the Americas
New York, NY 10104
Attn: Larren M. Nashelsky

Address:
444 South Flower Avenue
Suite 1750
Los Angeles, CA 90071
Attn: Frank Sillman

| Agreed to and Acknowledged By: Residential Capital, LLC | |
|---|---|
| Signature | *[signature]* |
| Printed | JAMES WHITLINGER |
| Title | CEO |
| Date | 7/6/12 |

Address: 1177 Avenue of the America's
New York, NY 10104

Attn: _____

8



| CONSULTING AND EXPERT WITNESS SERVICES AGREEMENT | | |
| --- | --- | --- |
| **EFFECTIVE DATE** | **COUNTERPARTY** | **COUNTERPARTY ID** |
| 05/21/2012 | Morrison & Foerster LLP | 0119 |

## Exhibit A to Consulting and Expert Witness Services Agreement
### Expert Witness & Consulting Fees and Hourly Rates

| Consulting Services | General Qualifications | Expert Report & Consulting Hourly Rates | Deposition and Court Testimony Hourly Rates (4 hour minimum) |
| --- | --- | --- | --- |
| Date: May 21, 2012 | | | |
| Personnel Categories | | | |
| Administrative Analyst | • Minimum Two Years Experience<br>• General Administrative work | $75 | N/A |
| Document Specialist | • Notes and Identifies Missing or Required Documents<br>• Takes follow up actions to Obtain Documents | $65 | N/A |
| Document Supervisor | • Minimum Two Years Experience<br>• Organizes and Analyzes Documents<br>• Works under Supervision of SME or Project Manager | $95 | N/A |
| Business Analyst | • Minimum Three Years Experience<br>• Performs Financial and Systems Analysis<br>• Works under Supervision of SME or Project Manager | $150 | N/A |
| Subject Matter Expert | • Minimum Five Years Experience<br>• Responsible for Testing and Analysis, Drafting Reports and Findings, Supervising and Reviewing Work of Junior Staff | $200 | $275 |
| Senior Manager | • Minimum Eight Years Experience<br>• Review and Approval of Working Papers and Findings<br>• Meeting Standards of Client SOW<br>• Supervision of Junior Staff | $250 | $325 |
| Project Manager | • Minimum Ten Years Experience<br>• Manages Project including Project Plan, Nature, Timing and Extent of Services provided<br>• Directs Project Staff<br>• Day to Day Client Interface | $325 | $395 |
| Partner | • Minimum Fifteen Years Experience<br>• Responsible for all Services provided<br>• Ensures Engagement Meets Terms of project plan, Client SOW and Fortace's quality objectives | $395 | $475 |

1. The total Expert Fees billed for a given calendar month shall be calculated based on the actual dollar amounts of such Expert Services, utilizing the rates set forth above, incurred by Expert for the account of Debtor during such calendar month.

9



**CONSULTING AND EXPERT WITNESS SERVICES AGREEMENT**

| EFFECTIVE DATE | COUNTERPARTY | COUNTERPARTY ID |
|---|---|---|
| 05/21/2012 | Morrison & Foerster LLP | 0119 |

## Exhibit A to Consulting and Expert Witness Services Agreement
### Expert Witness & Consulting Fees and Hourly Rates (cont)

2. The above Expert Fees do not include any third party vendor fees, travel, lodging, transportation and meal costs or any other expenses, which are to be separately reimbursed by Debtor to Expert under the Expert Agreement.

3. Travel time is billed at 50% of the Expert Fee hourly rates. If Fortace Personnel are performing normal Expert Report and/or Consulting services during some or all of the travel time, that time will be billed at the applicable hourly rates.

10

