MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:     (212) 468-8000
Facsimile:     (212) 468-7900
Larren M. Nashelsky
Gary S. Lee
Lorenzo Marinuzzi

*Proposed Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------------
)
In re:                                                           )        Case No. 12-12020 (MG)
                                                                 )
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,        )        Chapter 11
                                                                 )
                                            Debtors.        )        Jointly Administered
                                                                 )
----------------------------------------------------------------------

**DEBTORS' APPLICATION UNDER SECTIONS 327(e) AND 328 OF THE**
**BANKRUPTCY CODE, BANKRUPTCY RULE 2014(a) AND LOCAL RULE 2014-1 FOR**
**AUTHORIZATION (I) TO EMPLOY AND RETAIN BRADLEY ARANT BOULT**
**CUMMINGS LLP AS SPECIAL LITIGATION AND COMPLIANCE COUNSEL TO**
**THE DEBTORS, *NUNC PRO TUNC* TO MAY 14, 2012, AND (II) TO APPROVE**
**<u>ALTERNATIVE BILLING ARRANGEMENT</u>**

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

            The debtors and debtors in possession in the above-captioned cases (collectively,

the "Debtors")[1] hereby move for entry of an order, under sections 327(e) and 328 of title 11 of

the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of

Bankruptcy Procedures (the "Bankruptcy Rules") and Local Rule 2014-1 of the Local Rules for

the Bankruptcy Court for the Southern District of New York (the "Local Rules"), (i) authorizing,

but not directing, the Debtors to employ and retain Bradley Arant Boult Cummings LLP

---

[1]    The names of the Debtors in these cases and their respective tax identification numbers are identified on <u>Exhibit 1</u> to the Whitlinger Affidavit (defined below).

("BABC") as special litigation and compliance counsel to the Debtors, *nunc pro tunc* to May 14, 2012, and (2) approving the Debtors' alternative billing arrangement with BABC as described herein (the "Application").[2]  In support of the Application, the Debtors respectfully represent:

## JURISDICTION

1.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are Bankruptcy Code sections 327(e) and 328, Bankruptcy Rule 2014(a) and Local Rule 2014-1.

## BACKGROUND

2.      On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code.  The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).  No trustee has been appointed in these Chapter 11 cases; however, the Court has directed that an examiner be appointed.

3.      On May 16, 2012, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed a nine member official committee of unsecured creditors (the "Creditors' Committee").

4.      The Debtors are a leading residential real estate finance company indirectly owned by Ally Financial Inc. ("AFI"), which is not a Debtor.  The Debtors and their non-debtor affiliates operate the fifth largest mortgage servicing business and the tenth largest mortgage origination business in the United States.  A more detailed description of the Debtors,

---

[2]    Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases or the relief requested in this Application may refer to http://www.kccllc.net/rescap for additional information.

including their business operations, their capital and debt structure, and the events leading to the

filing of these bankruptcy cases, is set forth in the Affidavit of James Whitlinger, Chief Financial

Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings

(the "Whitlinger Affidavit") [Docket No. 6].

## RELIEF REQUESTED

5.      By this Application, the Debtors seek entry of an order, substantially in the

form attached hereto as Exhibit 1, under sections 327(e) and 328 of the Bankruptcy Code,

Bankruptcy Rule 2014(a) and Local Rule 2014-1, for authorization to employ and retain BABC

as Special Litigation and Compliance Counsel to the Debtors, *nunc pro tunc* to May 14, 2012, to

provide, among other things, the following services (collectively, the "Special Counsel Matters")

to or on behalf of the Debtors during their bankruptcy cases:

> (a)    to continue to represent the Debtors and/or the investors for which
> the Debtors provide servicing or sub-servicing services in existing
> or future litigation concerning claims related to mortgage loans and
> related servicing practices brought by borrower against the Debtors
> and/or such investors primarily, but not exclusively, within the
> jurisdictions of Alabama, Florida, Kentucky, Mississippi, North
> Carolina, Oklahoma, South Carolina, Tennessee, and Texas (the
> "Covered States");
>
> (b)    to continue to represent the Debtors and/or the investors for which
> the Debtors provide servicing or sub-servicing services in existing
> or future consumer and class action litigation relating to the
> Debtors' mortgage servicing operations;
>
> (c)    to continue to advise the Debtors regarding the performance and
> satisfaction of their obligations under and in compliance with (i)
> the Board of Governors of the Federal Reserve System Consent
> Order, dated April 13, 2011 (the "Consent Order"), by and among
> AFI, Ally Bank, Residential Capital, LLC ("ResCap"), GMAC
> Mortgage, LLC, the Board of Governors of the Federal Reserve
> System, and the Federal Deposit Insurance Corporation, (ii) the
> consent judgment entered April 5, 2012 by the District Court for
> the District of Columbia, dated February 9, 2012 (the "Consent
> Judgment"), and (iii) all related agreements with the Debtors and
> their respective affiliates (the "Related Agreements");

ny-1043259

(d)    to continue to advise the Debtors regarding compliance with various federal, state, and local laws, statutes, regulations, orders, and similar restrictions regarding the operation of the Debtors' businesses and the performance of their obligations under their servicing, sub-servicing, and related contracts and agreements;

(e)    to continue to counsel and otherwise advise and assist the Debtors in the development, drafting, review, and revision of practices, policies, and procedures relating to the operation of the Debtors' businesses; and

(f)    to continue to counsel and otherwise advise and assist the Debtors with regard to research and review projects as needed and directed by the Debtors in furtherance of the Debtors' ongoing business operations.

6.    The Debtors also request approval pursuant to section 328(a) of the Bankruptcy Code of the Alternative Billing Arrangement (defined below) negotiated among the Debtors and BABC with respect to the Alternative Billing Arrangement Matters (defined below).

7.    This Application is supported by the Declaration of Robert R. Maddox in Support of the Debtors' Application, Under Sections 327(e) and 328 of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rule 2014-1, for Authorization (i) to Employ and Retain Bradley Arant Boult Cummings LLP as Special Litigation and Compliance Counsel to the Debtors, *Nunc Pro Tunc* to May 14, 2012, and (ii) to Approve Alternative Billing Arrangement (the "Maddox Declaration"), attached hereto as Exhibit 2.

## RETENTION OF BABC IS WARRANTED

8.    Since January 2008,[3] the Debtors have employed BABC to represent the Debtors and/or the investors for which the Debtors provide servicing or sub-servicing services in approximately 600 open litigation files related to a variety of causes of action, such as claims asserted under the Truth in Lending Act (TILA), the Home Ownership and Equity Protection Act (HOEPA), the Fair Debt Collection Practices Act (FDCPA), the Fair Credit Reporting Act

---

[3]    Before joining BABC in January 2008, the core group of attorneys working on the Debtors' matters was associated with another law firm where they provided legal services to the Debtors since 2002.

4

(FCRA), the Real Estate Settlement Procedures Act (RESPA), the Racketeer Influenced and

Corrupt Organizations Act (RICO), and state deceptive trade practice laws (the "Litigation

Matters").  BABC's representation of the Debtors has also included matters related to pooling

and servicing agreements, loan repurchase disputes, secondary market representations and

warranties, servicing matters, and settlement services issues (the "Servicing Matters").  BABC

has further represented the Debtors in numerous pre-litigation situations with borrowers, state

agencies and consumer advocacy groups and has assisted the Debtors with numerous non-

litigation legal projects related to their daily mortgage servicing operations, including related

regulatory and compliance matters (the "Prelitigation Matters"). In addition, BABC has

represented the Debtors with respect to their duties as servicer to manage, maintain, dispose of,

and pursue claims with respect to various "REO" (real estate owned) properties upon which the

Debtors have foreclosed, including claims against insurers of the REO properties and claims

involving boundary and lien disputes (the "REO  Matters").

       9.     Further, on behalf of the Debtors, BABC has responded to informal and

formal inquiries by state attorneys general (both individual state subpoenas and multi-state civil

investigative demands (CIDs)), the Department of Justice, the Office of Inspector General of the

Department of Housing and Urban Development (HUD), and the United States Attorney's office

(the "Government Matters").

      10.    Finally, BABC has assisted the Debtors in the negotiation of, and

compliance with their obligations under, the Consent Order, the Consent Judgment, and the

Related Agreements (the "Compliance Matters" and, together with the Litigation Matters, the

Servicing Matters, the Prelitigation Matters, the REO Matters, and the Government Matters, the

"Prepetition Matters").

5

11.    By virtue of such prior engagement, BABC is familiar with the facts and history of the Debtors' servicing platform, their litigation files in more than a dozen states, their foreclosure and loss mitigation departments, their negotiation of the nationwide Attorney General settlement in 2012, the implementation of the Consent Order issued by the Federal Reserve Board (FRB), the Debtors' review and revision of their policies and procedures related to document execution and notary practices, their internal quality control processes, as well as their mortgage servicing policies and procedures.  As such, retaining BABC is an efficient and cost effective manner in which the Debtors may obtain the requisite services.

12.    Because BABC had represented the Debtors in the Prepetition Matters, and because these matters were ongoing as of the Petition Date or were expected to continue thereafter as part of the Debtors' servicing business, the Debtors requested that BABC continue to provide the legal services described herein to the Debtors and BABC did so at the Debtors' request.  Accordingly, the Debtors request *nunc pro tunc* approval of the fees and expenses incurred by BABC in the provision of services in connection with the matters described herein following the Petition Date, as well as authorization to pay out of prepetition retainer amounts any unpaid fees and expenses of BABC incurred prior to the Petition Date.

13.    BABC's representation of the Debtors in connection with the Prepetition Matters does not involve representing the Debtors in their bankruptcy cases.  BABC will coordinate with Morrison & Foerster such that the services provided by both BABC and Morrison & Foerster are complimentary of each other and not redundant.  Accordingly, the services rendered and functions to be performed by BABC will not be duplicative of any bankruptcy-related work performed by Morrison & Foerster or any other law firms retained by the Debtors.

14.     BABC has extensive knowledge of and experience with the Debtors'

mortgage loan servicing and sub-servicing businesses, applicable laws and regulations regarding

the operation of their businesses, and ongoing litigation against the Debtors and the investors

they represent relating to the Debtors' mortgage servicing operations.  Therefore, in light of the

foregoing and the Maddox Declaration, the Debtors believe that BABC is well qualified to

represent the Debtors as Special Litigation and Compliance Counsel pursuant to section 327(e)

of the Bankruptcy Code, and that BABC's retention would be in the best interest of the Debtors'

estates, their creditors, and other parties in interest.

## APPLICABLE AUTHORITY

15.     Section 327(e) of the Bankruptcy Code states, in pertinent part:

> The [debtor in possession], with this Court's approval, may employ,
> for a specified special purpose, other than to represent the [debtor in
> possession] in conducting the case, an attorney that has represented the
> debtor, if in the best interest of the estate, and if such attorney does not
> represent or hold any interest adverse to the debtor or to the estate with
> respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).

16.     By regulating the ability of the debtor in possession to retain professionals,

section 327 of the Bankruptcy Code "'serve[s] the important policy of ensuring that all

professionals appointed . . . tender undivided loyalty and provide untainted advice and assistance

in furtherance of their fiduciary responsibilities.'" In re The Leslie Fay Cos., Inc., 175 B.R. 525,

532 (Bankr. S.D.N.Y. 1994) (citation omitted). When evaluating a proposed retention, a

bankruptcy court "'should exercise its discretionary powers over the approval of professionals in

a manner which takes into account the particular facts and circumstances surrounding each case

and the proposed retention before making a decision.'"  Bank Brussels Lambert v. Coan (In re

Arochem Corp.), 176 F.3d 610, 621 (2d Cir. 1999) (citation omitted).

ny-1043259

17.     Section 328(a) provides in pertinent part:

(a)     The trustee . . . with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis. Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.

11 U.S.C. § 328(a).

## SCOPE OF SERVICES

18.     Subject to approval of the Application, as Special Litigation and Compliance Counsel, the Debtors seek BABC to, *inter alia*, represent the Debtors in connection with the Special Counsel Matters described above.

19.     More specifically, it is anticipated that BABC will provide, among other things, the following services to or on behalf of the Debtors during their bankruptcy cases:

(a)     Continue to represent the Debtors and/or the investors for which the Debtors provide servicing or sub-servicing services in existing or future litigation;

(b)     Continue to represent the Debtors and/or the investors for which the Debtors provide servicing or sub-servicing services in certain existing and future consumer and class action litigation relating to the Debtors' mortgage servicing operations;

(c)     Continue to advise the Debtors regarding the performance and satisfaction of their obligations under and compliance with the Consent Order, the Consent Judgment, and the Related Agreements;

(d)     Continue to advise the Debtors regarding compliance with various federal, state, and local laws, statutes, regulations, orders, and similar restrictions regarding the operation of the Debtors' businesses and the performance of their obligations under their servicing, sub-servicing, and related contracts and agreements;

(e)     Continue to represent the Debtors with respect to REO Matters;

8

(f)     Continue to counsel and otherwise advise and assist the Debtors in
the development, drafting, review, and revision of practices,
policies, and procedures relating to the operation of the Debtors'
businesses; and

(g)     Continue to counsel and otherwise advise and assist the Debtors
with regard to research and review projects as needed and directed
by the Debtors in furtherance of their ongoing business operations.

## BABC'S DISINTERESTEDNESS

20.    As stated in the Maddox Declaration, and to the best of the Debtors'

knowledge, BABC does not represent or hold any interest adverse to the Debtors or to their

estates with respect to the Special Counsel Matters upon which BABC is to be engaged.  As

further stated in the Maddox Declaration, and to the best of the Debtors' knowledge, BABC is

not connected with the U.S. Trustee or any person employed by the U.S. Trustee.

## COMPENSATION OF BABC

21.    With respect to the Prepetition Matters, the Debtors employed BABC both

on an hourly rate basis and pursuant to an alternative billing arrangement.  The Debtors seek to

continue postpetition these same employment and compensation arrangements with BABC.

22.    The material terms of the alternative billing arrangement between the

Debtors and BABC (the "Alternative Billing Arrangement") were as follows:

(a)     Geographic Scope:  The Debtors agreed that BABC would be their
primary legal services provider for the litigation described under
clause (f) below within the Covered States.

(b)     Timing:  The Alternative Billing Arrangement extends through
December 31, 2012; provided that either the Debtors or BABC can
terminate the arrangement on ninety (90) day's notice.

(c)     Financial Terms:  The Debtors agreed to pay BABC $7,300 per
matter for all legal fees and expenses (exclusive of certain
expenses described below), subject to the Safety Valve/Stop Loss
adjustments below, for all matters within the scope of the
Alternative Billing Arrangement.  The per-matter fee would be
payable in full following BABC's submission of an invoice for
each matter after it has been opened in accordance with the

Debtors' standard policies, except as otherwise agreed by the parties' standard operating procedures.

(d)     <u>Safety Valve/Stop Loss</u>:  With respect to any individual matter, if the fees (exclusive of expenses) incurred by BABC with respect to any case exceed $18,000 (the "Safety Valve Level"), that case would be removed from the Alternative Billing Arrangement and would convert to an hourly-rate payment arrangement, including payment of out of pocket expenses incurred from and after the month in which the matter converted to hourly billing.  BABC would provide the Debtors with a list each month of all cases subject to this agreement in which the legal fees exceeded $7,000.  BABC agreed to absorb the first $11,000 in fee overages on each case plus expenses until the month of conversion.  BABC agreed to invoice the Debtors, and the Debtors agreed to pay, for the amount in excess of the Safety Valve Level on a monthly basis.  Fees (exclusive of costs) were calculated for purposes of the Safety Valve Level from the inception of the related matter but only payable with respect to amounts accrued after January 1, 2011.

(e)     <u>Out of Pocket Expenses</u>:  The Debtors agreed to reimburse BABC for the fees of expert witnesses engaged on behalf of the Debtors for all cases within the scope of this agreement.  The Debtors would not pay any other costs or fees on any case unless and until such case exceeds the Safety Valve Level and becomes billable on an hourly basis.  In such case, the Debtors would reimburse BABC for fees and costs (such as travel expenses, court reporter fees, transcript costs, and filing fees) it incurs from the first day of the month in which the case is converted.  It is understood that BABC shall be permitted to use means to minimize travel to the extent reasonable.

(f)     <u>Matters "In Scope" under the Alternative Billing Arrangement</u>: The Alternative Billing Arrangement extends only to ordinary litigation concerning claims against the Debtors by borrowers related to mortgage loans and related servicing practices that are filed in a court in one of the Covered States (collectively, the "Alternative Billing Arrangement Matters").

(g)     <u>Matters "Out of Scope" under the Alternative Billing Arrangement</u>: Excluded from the scope of coverage of the fixed-fee arrangement is any matter pending before a bankruptcy court (other than adversarial proceedings; and not merely claims, motions or objections), securities law matters, litigation relating to TARP and similar programs, any complaint or action brought by, pending with, or primarily related to, a regulatory or governmental authority, regulatory corrective actions taken prior to the commencement of litigation and any actions to affirmatively

ny-1043259

enforce debts, claims, liens or the rights of the Debtors.  Also, the parties agreed to exclude certain specific litigation and other matters from the Alternative Billing Arrangement.

(h)    <u>Invoicing Procedure</u>:  On a monthly basis, BABC submits invoices at what would otherwise be ordinary applicable hourly rates, and generally in conformity with the Debtors' billing policies then in effect, including expense reimbursement procedures.  Once a matter which was previously under a fixed-fee arrangement reaches the Safety Valve Level, it is assigned new BABC and GMAC matter numbers and will be processed under the standard arrangements for BABC invoices submitted to the Debtors under hourly fee and expense arrangements.

(i)    <u>90-Day Reviews</u>:  BABC and the Debtors agreed to hold regular meetings of administrative staff, joined where appropriate by more senior legal personnel, to consider all aspects of the engagement relationship with the view toward improving efficiency in administrative functions, identifying any problem areas and discussing mutual outlooks and resource demands.

23.    Other than these Alternative Billing Arrangement Matters, the Debtors and BABC agreed that all other Prepetition Matters would be billed at hourly rates, with actual and necessary expenses and other charges incurred by BABC to be reimbursed by the Debtors in full.

24.    The Debtors wish to employ BABC on all Special Counsel Matters, other than Alternative Billing Arrangement Matters on an hourly rate basis, with full reimbursement of all actual and necessary costs and expenses.  As for those matters that have typically been categorized as Alternative Billing Arrangement Matters, the Debtors wish to engage BABC pursuant to the terms of the Alternative Billing Arrangement in effect with BABC as of the Petition Date.

25.    The current hourly billing rates in effect as of the Petition Date for BABC professionals expected to spend a significant time on the Special Counsel Matters range from $236 to $603 for partners, $184 to $341 for associates, and $65 to $150 for paralegals.  In addition to the hourly billing rates set forth above, BABC customarily charges its clients for reimbursable expenses incurred, including photocopying charges, messengers, courier mail,

overtime, overtime meals, late night transportation, travel, lodging, meal charges for business

meetings, postage, printing, transcripts, filing fees, computer research, and similar items.

26.    The Debtors understand that BABC intends to apply to the Court for the

allowance of compensation for professional services rendered and reimbursement of expenses

incurred in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy

Rules, the Local Rules, the United States Trustee's Guidelines for Reviewing Applications for

Compensation and Reimbursement of Expenses, and any other applicable procedures and orders

of the Court.  With respect to the Alternative Billing Arrangement Matters, the Debtors propose

to pay compensation to BABC pursuant to the Alternative Billing Arrangement, in accordance

with section 328(a) of the Bankruptcy Code and subject to the Court's approval of such

compensation.  BABC has agreed to accept as compensation such sums as may be allowed by

the Court and understands that interim and final fee awards are subject to approval by the Court.

27.    Prior to February 14, 2012 (the 90th day preceding the Petition Date),

BABC received payment of a $750,000 retainer to cover fees for future services rendered and

costs incurred. The Debtors made additional retainer payments to BABC in the amounts of

$250,000 and $750,000 on March 8, 2012 and May 4, 2012, respectively.

28.    During the 90 days prior to the Petition Date, BABC received in the

ordinary course of business numerous payments from the Debtors totaling $10,109,382.82

(including the application of the Debtors' retainer as described below) to pay for services

rendered and costs incurred by BABC on the Debtors' behalf.

29.    On May 14, 2012, BABC applied $1,013,464.87 of its retainer against

billed but unpaid fees and expenses owed by the Debtors to BABC and an additional

$550,000.00 to accrued but unbilled amounts of work in process and unbilled expenses

("Prepetition WIP").  BABC advised the Debtors that, upon reconciling the final amount of

12

Prepetition WIP owed to BABC, BABC would return to its retainer account any funds applied against Prepetition WIP that were in excess of the final reconciled Prepetition WIP amount.

30.    Since the Petition Date, BABC has continued to receive payment from the Debtors for work performed by BABC on REO Matters in the ordinary course of the Debtors' businesses. These payments were made by the Debtors in accordance with the Servicing Orders[4] entered by the Court. As of July 4, 2012, BABC had received postpetition payments from the Debtors totaling $109,110.29 (the "Postpetition REO Payments") on account of certain invoices issued prepetition on account of the REO Matters (the "Prepetition REO Invoices"). The obligations evidenced by the Prepetition REO Invoices, however, had been satisfied already upon BABC applying its retainer prepetition against such invoices. To facilitate the Debtors' internal recordkeeping, BABC has since reversed its application of its retainer against the Prepetition REO Invoices and, in lieu thereof, has applied the Postpetition REO Payments against the Prepetition REO Invoices.

31.    Also, since the Petition Date, BABC has received additional payments from the Debtors totaling $19,631.43 (the "Postpetition Non-REO Payments") with respect to invoices issued prepetition by BABC for work performed on matters other than REO Matters (the "Prepetition Non-REO Invoices"). The obligations evidenced by the Prepetition Non-REO Invoices were satisfied previously, however, upon BABC applying its retainer prepetition against such invoices. BABC is holding the Postpetition Non-REO Payments in its client-trust fund

---

[4]    The "Servicing Orders" refer to the: (1) Final Order Under Sections 105(a), 362, 363, 1107(a) and 1108 of the Bankruptcy Code (i) Authorizing the Debtors to Continue in the Ordinary Course of Business (a) Servicing Non-Governmental Association Loans, and (b) Sale Activities Related to Certain Loans in Foreclosure and Real Estate Owned Property, and (ii) Granting Limited Stay Relief to Enable Borrowers to Assert Direct Claims and Related Counter-Claims in Foreclosure and Eviction Proceedings [Docket No. 402]; and (2) Final Order Under Sections 105(a), 361, 362, 363, 1107(a), and 1108 of the Bankruptcy Code (i) Authorizing the Debtors to Continue in the Ordinary Course of Business (a) Servicing Governmental Association Loans and (b) Foreclosure Activities Related to Certain Real Estate Owned by Fannie Mae, Freddie Mac and Ginnie Mae; (ii) Authorizing the Debtors to Pay Certain Prepetition Amounts Due to Critical Servicing Vendors and Foreclosure Professionals; (iii) Granting Limited Stay Relief to Enable Borrowers to Assert Direct Claims and Related Counter-Claims in Foreclosure and Eviction Proceedings; (iv) Authorizing the Debtors to Use Cash Collateral Under the Fannie Mae EAF Facility; and (v) Granting Related Relief [Docket No. 401].

account and is prepared to disburse these funds as requested by the Debtors or as otherwise ordered by this Court.  The Debtors propose that BABC be authorized to hold these Postpetition Non-REO Payments and add them to BABC's retainer for its postpetition services and expenses, subject to eventual Court approval of BABC's fees and expenses.

32.    As of the Petition Date, after application of the funds in the manner described in the preceding paragraphs, BABC held the sum of $183,875.77 in retainage with respect to the Debtors' account.  After reversing the prepetition application of its retainer against the Prepetition REO Invoices and applying the Postpetition REO Payments against the same invoices in the manner described above, an additional amount of $109,110.29 was added to BABC's retainage, for a total amount as of the date of this Application of $292,986.06.  As of the Petition Date, BABC was not owed any amounts by the Debtors for fees and expenses.  By this Application, the Debtors are seeking permission from the Court for BABC to apply a portion of the retainer that BABC received prior to the Petition Date to its unpaid fees and costs, if any, and ratification of its prepetition payment of the Prepetition WIP from the retainer, as well as permission to apply any remaining portions of the retainer as a credit toward postpetition fees and expenses relating to the Special Counsel Matters incurred to date and ongoing, after such postpetition fees and expenses are approved by the Court.

33.    To the best of the Debtors' knowledge, neither BABC, nor any partner or associate thereof, has received or been promised any compensation for legal services rendered or to be rendered in any capacity in connection with the Debtors' Chapter 11 cases, other than as permitted by the Bankruptcy Code.  BABC has not agreed to share compensation received in connection with these cases with any other person, except as permitted by section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016(b) in respect of the sharing of compensation among BABC's partners.

## NOTICE

34.    Notice of this Application will be given to the following parties, or in lieu thereof, to their counsel:  (a) the Office of the United States Trustee for the Southern District of New York; (b) the Office of the United States Attorney General; (c) the Office of the New York Attorney General; (d) the Office of the United States Attorney for the Southern District of New York; (e) the Internal Revenue Service; (f) the Securities and Exchange Commission; (g) each of the Debtors' prepetition lenders, or their agents, if applicable; (h) each of the indenture trustees for the Debtors' outstanding notes issuances; (i) Ally Financial Inc.; (j) Barclays Bank PLC, as administrative agent for the lenders under the debtor in possession financing facility; (k) Nationstar Mortgage LLC and its counsel; (l) the Creditors' Committee; and (m) all parties requesting notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court (i) enter an order substantially in the form attached hereto as Exhibit 1 granting the relief requested in the Application and (ii) grant such other and further relief to the Debtors as the Court may deem just and proper.

Dated:  July 9, 2012

RESIDENTIAL CAPITAL, LLC,
on behalf of itself and each of its Debtor
subsidiaries


By: /s/ James Whitlinger
      Name:  James Whitlinger
      Title:  Chief Financial Officer

ny-1043259

## **EXHIBIT 1**

## **Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |

-------------------------------------------------------------------------

### ORDER UNDER SECTIONS 327(e) AND 328 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 2014(a) AND LOCAL RULE 2014-1 AUTHORIZING (I) THE EMPLOYMENT AND RETENTION OF BRADLEY ARANT BOULT CUMMINGS LLP AS SPECIAL LITIGATION AND COMPLIANCE COUNSEL TO THE DEBTORS, *NUNC PRO TUNC* TO MAY 14, 2012, AND (II) APPROVING THE ALTERNATIVE BILLING ARRANGEMENT

Upon the application (the "Application")[1] of the Debtors for entry of an order, under Bankruptcy Code sections 327(e) and 328, Bankruptcy Rule 2014(a) and Local Rule 2014-1, authorizing, but not directing, the Debtors to employ and retain Bradley Arant Boult Cummings LLP ("BABC") as Special Litigation and Compliance Counsel to the Debtors, *nunc pro tunc* to May 14, 2012, and approving the parties' alternative billing arrangement all as more fully described in the Application; and upon consideration of the Maddox Declaration; and it appearing that this Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue in these Chapter 11 cases and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this proceeding on the Application is a core proceeding pursuant to 28 U.S.C. § 157(b); and sufficient notice of the Application having been given under the circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested in the Application is in

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application. Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases or the relief granted herein may refer to http://www.kccllc.net/rescap for additional information.

the best interests of the Debtors' estates, their creditors and other parties in interest; and after due

deliberation thereon; and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1.      The Application is GRANTED as set forth herein.

2.      In accordance with section 327(e) of the Bankruptcy Code, Bankruptcy

Rule 2014 and Local Rule 2014-1, the Debtors are authorized to employ and retain BABC as

Special Litigation and Compliance Counsel to the Debtors on the terms set forth in the

Application and the Maddox Declaration.

3.      The terms and conditions of the Alternative Billing Arrangement

applicable to the Alternative Billing Arrangement Matters are hereby approved pursuant to

section 328(a) of the Bankruptcy Code.  With respect to the Alternative Billing Arrangement

Matters, BABC shall be compensated in accordance with the Alternative Billing Arrangement

and, in particular, all of BABC's fees and expenses pursuant to the Alternative Billing

Arrangement are hereby approved pursuant to section 328(a) of the Bankruptcy Code and shall

not be subject to the standard of review set forth in section 330 of the Bankruptcy Code except

by the U.S. Trustee.

4.      For all Special Counsel Matters, other than the Alternative Billing

Arrangement Matters and the REO Matters, BABC shall apply for compensation and

reimbursement of expenses incurred following the Petition Date in accordance with the

procedures set forth in sections 330 and 331 of the Bankruptcy Code, such Bankruptcy Rules and

Local Rules as may then be applicable from time to time, the United States Trustee's Guidelines

for Reviewing Applications for Compensation and Reimbursement of Expenses, and any

additional procedures that may be established by order of this Court.

2

5.      Prior to any increases in BABC's rates, as set forth in paragraph 25 of the Application, BABC shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtors, the United States Trustee and any official committee.  The supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether BABC's client has consented to the rate increase.  The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in Section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to Section 330 of the Bankruptcy Code.

6.      BABC shall apply any remaining amounts of its prepetition retainer as a credit toward postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to the first Order of the Court awarding fees and expenses to BABC.

7.      The Debtors are authorized, empowered and directed to take all actions necessary to implement the relief granted pursuant to this Order.

8.      To the extent there may be any inconsistency between the terms of the Application, the Maddox Declaration and this Order, the terms of this Order shall govern.

9.      Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the

3

Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related

agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

       10.    This Court shall retain jurisdiction with respect to all matters relating to

the interpretation or implementation of this Order.

Dated: _____, 2012
      New York, New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

4

## **EXHIBIT 2**

## **Maddox Declaration**

ny-1043259

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------

| | ) | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |

---------------------------------------------------------------------

**DECLARATION OF ROBERT R. MADDOX IN SUPPORT OF DEBTORS'**
**APPLICATION UNDER SECTIONS 327(e) AND 328 OF THE BANKRUPTCY CODE,**
**BANKRUPTCY RULE 2014(a) AND LOCAL RULE 2014-1 FOR AUTHORIZATION**
**(I) TO EMPLOY AND RETAIN BRADLEY ARANT BOULT CUMMINGS LLP AS**
**SPECIAL LITIGATION AND COMPLIANCE COUNSEL TO THE DEBTORS,**
***NUNC PRO TUNC* TO MAY 14, 2012, AND (II) TO APPROVE**
**ALTERNATIVE BILLING ARRANGEMENT**

Pursuant to sections 327, 328 and 329 of the Bankruptcy Code, Bankruptcy Rules 2014(a)

and 2016(b) and 28 U.S.C. § 1746, Robert R. Maddox declares:

1.      I am a partner of the firm of Bradley Arant Boult Cummings LLP

("BABC"), One Federal Place, 1819 Fifth Avenue North, Birmingham, Alabama 35203 and am

admitted to practice law before the Courts of the States of Alabama, Georgia, New York,

Oklahoma, Tennessee, Texas, and the District of Columbia, and before the U.S. District Courts

for the Middle, Northern, and Southern Districts of Alabama, the Middle District of Georgia, and

the Eastern, Northern, and Southern Districts of Texas, and before the U.S. Court of Appeals for

the Fifth Circuit.

2.      I submit this declaration (the "Declaration") in support of the application

(the "Application")[1] filed by Residential Capital, LLC ("ResCap") and its affiliated debtors

(collectively, the "Debtors") seeking authorization to employ BABC as special litigation and

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the
Application.

compliance counsel to the Debtors with respect to the litigation, regulatory and compliance

matters described below *nunc pro tunc* to May 14, 2012, and to approve BABC's alternative

billing arrangement with the Debtors pursuant to section 328(a) of the Bankruptcy Code, as

described in greater detail below and in the Application, and to provide disclosures required

under Bankruptcy Rules 2014(a) and 2016(b).

3.      Facts set forth in this Declaration are based upon information from, and

discussions I or other BABC personnel reporting to me have had with, certain of my colleagues

and the personnel at BABC with administrative responsibilities for conflicts checking.  The facts

set forth herein are also based on the review (described below) of certain categories of parties

from the list provided to BABC by Morrison & Foerster LLP ("Morrison & Foerster"), the

Debtors' general bankruptcy counsel, on May 17, 2012 and thereafter supplemented as needed,

which we understand remains substantially current (as supplemented, the "Conflicts Checklist"),

setting forth certain of the creditors and other parties in interest of the Debtors in their Chapter

11 cases.  A copy of the Conflicts Checklist is attached hereto as <u>Schedule 1</u>.  This review was

performed by the persons within BABC with administrative responsibility for maintaining

records of our representations, and their work was reviewed by Peggy McCain, the Director of

Client Accounts and Records at BABC principally working on the conflicts checklists.

4.      If I were called upon to testify, I could and would testify competently to

the facts set forth herein based, *inter alia,* upon the aforesaid review and input.  I am authorized

to submit this Declaration on behalf of BABC.

## SERVICES PERFORMED PREPETITION BY BABC

5.      The Debtors seek to retain BABC as special litigation and compliance

counsel pursuant to section 327(e) of the Bankruptcy Code, *nunc pro tunc* to May 14, 2012, to

permit BABC to continue its performance of legal services in connection with various litigation,

2

regulatory, and compliance matters, as set forth below and in the Application.  The Debtors also

seek approval pursuant to section 328(a) of the Bankruptcy Code of the Alternative Billing

Arrangement (defined below).

6.      BABC has extensive knowledge of and experience with the Debtors'

mortgage loan servicing and sub-servicing businesses, applicable laws and regulations regarding

the operation of their businesses, and ongoing litigation against the Debtors and the investors

they represent relating to the Debtors' mortgage servicing operations.

7.      Since January 2008,[2] the Debtors have employed BABC to represent the

Debtors and/or the investors for which the Debtors provide servicing or sub-servicing services in

approximately 600 open litigation files related to a variety of causes of action, such as claims

asserted under the Truth in Lending Act (TILA), the Home Ownership and Equity Protection Act

(HOEPA), the Fair Debt Collection Practices Act (FDCPA), the Fair Credit Reporting Act

(FCRA), the Real Estate Settlement Procedures Act (RESPA), the Racketeer Influenced and

Corrupt Organizations Act (RICO), and state deceptive trade practice laws (the "Litigation

Matters").  BABC's representation of the Debtors has also included matters related to pooling

and servicing agreements, loan repurchase disputes, secondary market representations and

warranties, servicing matters, and settlement services issues (the "Servicing Matters").  BABC

has further represented the Debtors in numerous pre-litigation situations with borrowers, state

agencies and consumer advocacy groups and has assisted the Debtors with numerous non-

litigation legal projects related to their daily mortgage servicing operations, including related

regulatory and compliance matters (the "Prelitigation Matters"). In addition, BABC has

represented the Debtors with respect to their duties as servicer to manage, maintain, dispose of,

and pursue claims with respect to various "REO" (real estate owned) properties upon which the

---

[2]      Before joining BABC in January 2008, the core group of attorneys working on the Debtors' matters was
associated with another law firm where they provided legal services to the Debtors since 2002.

ny-1043259

Debtors have foreclosed, including claims against insurers of the REO properties and claims involving boundary and lien disputes (the "REO  Matters").

8.    Further, on behalf of the Debtors, BABC has responded to informal and formal inquiries by state attorneys general (both individual state subpoenas and multi-state civil investigative demands (CIDs)), the Department of Justice, the Office of Inspector General of the Department of Housing and Urban Development (HUD), and the United States Attorney's office (the "Government Matters").

9.    Finally, BABC has assisted the Debtors in the negotiation of, and compliance with their obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011 (the "Consent Order"), by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012 (the "Consent Judgment"), and (c) all related agreements with the Debtors and their respective affiliates (the "Related Agreements" and, together with the Consent Order and the Consent Judgment, the "Compliance Matters," and, together with the Litigation Matters, the Servicing Matters, the Prelitigation Matters, the REO Matters, and the Government Matters, the "Prepetition Matters").

10.    By virtue of such prior engagement on the Prepetition Matters, BABC is familiar with the facts and history of the Debtors' servicing platform, their litigation files in more than a dozen states, their foreclosure and loss mitigation departments, their negotiation of the nationwide Attorney General settlement in 2012, the implementation of the Consent Order issued by the Federal Reserve Board (FRB), the Debtors' review and revision of their policies and procedures related to document execution and notary practices, their internal quality control processes, as well as their mortgage servicing policies and procedures.

11.     Because BABC had represented the Debtors in the Prepetition Matters, and because these matters were ongoing as of the Petition Date and are expected to continue thereafter as part of the Debtors' servicing business, the Debtors requested that BABC continue to provide the legal services described herein to the Debtors and BABC did so at the Debtors' request.  Pursuant to the Application, the Debtors request *nunc pro tunc* approval of the fees and expenses incurred by BABC in the provision of services in connection with the matters described herein following the Petition Date, as well as authorization to pay out of prepetition retainer amounts the unpaid fees and expenses of BABC incurred prior to the Petition Date.

## SCOPE OF BABC'S RETENTION

12.     Based upon my communications with the Debtors, I anticipate that BABC will provide, among other things, the following services (collectively, the "Special Counsel Matters") to or on behalf of the Debtors during their bankruptcy cases:

(a)     Continue to represent the Debtors and/or the investors for which the Debtors provide servicing or sub-servicing services in existing or future litigation;

(b)     Continue to represent the Debtors and/or the investors for which the Debtors provide servicing or sub-servicing services in certain existing and future consumer and class action litigation relating to the Debtors' mortgage servicing operations;

(c)     Continue to advise the Debtors regarding the performance and satisfaction of their obligations under and compliance with the Consent Order, the Consent Judgment, and the Related Agreements;

(d)     Continue to advise the Debtors regarding compliance with various federal, state, and local laws, statutes, regulations, orders, and similar restrictions regarding the operation of the Debtors' businesses and the performance of their obligations under their servicing, sub-servicing, and related contracts and agreements;

(e)     Continue to represent the Debtors with respect to REO Matters;

(f)     Continue to counsel and otherwise advise and assist the Debtors in the development, drafting, review, and revision of practices,

5

policies, and procedures relating to the operation of the Debtors'
businesses; and

(g)    Continue to counsel and otherwise advise and assist the Debtors
with regard to research and review projects as needed and directed
by the Debtors in furtherance of their ongoing business operations.

13.    In light of the above, I believe that BABC is well qualified to represent the
Debtors in the Special Counsel Matters, and I believe that BABC's retention would be in the best
interest of the Debtors' estates, their creditors, and other parties in interest.

14.    Morrison & Foerster will represent the Debtors in connection with the
financial restructuring of the Debtors and bankruptcy-specific issues.  Because BABC is not
serving as the Debtors' bankruptcy counsel, it is our position that BABC has not rendered
"services . . . in contemplation of, or in connection within the case" within the meaning of
section 329(a) of the Bankruptcy Code. BABC's postpetition work hereafter will be comprised
of continuing to represent the Debtors in connection with the Special Counsel Matters.  These
matters do not involve representing the Debtors in their bankruptcy cases.[3]

15.    Accordingly, I do not believe the services rendered and functions to be
performed by BABC will be duplicative of any bankruptcy-related work performed by Morrison
& Foerster or any other law firms retained by the Debtors.  As a result of the foregoing, I believe
that BABC is qualified to represent the Debtors as special litigation and compliance counsel
pursuant to section 327(e) of the Bankruptcy Code.

### "CONNECTIONS" OF BABC WITH RESPECT TO
### THE MATTERS ON WHICH BABC IS TO BE EMPLOYED

16.    Section 327(e) of the Bankruptcy Code provides that the Debtors "may
employ, for a specified special purpose, other than to represent the trustee in conducting the case,

---

[3]    Notwithstanding the fact that representing the Debtors in the litigation, regulatory, and compliance matters
described herein does not involve representing the Debtors in its bankruptcy case, it is anticipated that the
services BABC will provide the Debtors will include any necessary assistance to the Debtors' bankruptcy
counsel with respect to its efforts to seek through the bankruptcy court approval process the approval of the
settlement and the entry of the releases and bar orders upon which the settlement is conditioned.

ny-1043259

an attorney that has represented the Debtors, if in the best interest of the estates, and if such

attorney does not represent or hold any interest adverse to the Debtors or to the estates with

respect to the matter on which such attorney is to be employed." 11 U.S.C. § 327(e).

17.     As discussed above, BABC's proposed retention as special litigation and

compliance counsel is for the Special Counsel Matters.  Because of the limited nature of BABC's

proposed retention and in light of the requirements of section 327(e), BABC has limited its

efforts to a review for "connections" with regard to the parties listed on the Conflicts Checklist

attached as <u>Schedule 1</u> hereto.  BABC has made no other effort to identify or particularize

BABC's connections with all parties who may have an interest in the bankruptcy estates.[4]

18.     To determine BABC's "connections" to the parties listed in <u>Schedule 1</u>,

BABC personnel reviewed our client database to determine whether BABC had any relationships

with the parties listed in <u>Schedule 1</u>.[5]  To the extent that this review indicated that BABC has

represented, or currently represents, any of these entities, the identities of these parties and such

parties' relationship to the Debtors and connection to BABC are as described herein and/or set

forth in <u>Schedule 2</u>.

19.     To the best of my knowledge and belief, insofar as we have been able to

ascertain after reasonable inquiry (based on the review described above), BABC has no

connection with the parties listed in <u>Schedule 1</u> hereto, except as set forth herein and in <u>Schedule

2</u> hereto, and BABC does not represent or hold any interest adverse to the Debtors or the

Debtors' estates with respect to the Special Counsel Matters.

---

[4]    Even without engaging in a methodical review for connections, we are aware that BABC does in fact represent, in matters unrelated to the Special Counsel Matters, various of the Debtors' creditors, bondholders, and contract counterparties who are listed in the Conflicts Checklist.  BABC also has business relationships with certain of the Debtors' creditors, bondholders, and contract counterparties who are listed in the Conflicts Checklist.  Because of the limited nature of BABC's proposed retention pursuant to section 327(e) of the Bankruptcy Code, these representations or relationships are not identified or particularized herein, except for those persons listed on <u>Schedule 1</u>.

[5]    Were our review to extend further back in time, there would likely be additional connections that are not included on <u>Schedule 2</u>.

20.     Despite the efforts described above to identify and disclose connections with the parties listed in Schedule 1 hereto, BABC is unable to state with certainty that every client connection of BABC with any party that may have a direct interest in the Special Counsel Matters has been disclosed.  In this regard, if BABC discovers additional information that requires disclosure, BABC will file supplemental disclosures with the Court.

## SECURITIES OWNERSHIP AND
## COMMERCIAL RELATIONSHIPS

21.     We have not undertaken any effort to ascertain or report whether individual attorneys at BABC received any services from the Debtors or any of the parties listed in Schedule 1 hereto, or whether any individual attorneys at BABC have a business relationship with the Debtors or any of the other parties listed in Schedule 1 hereto.  Various individual attorneys at BABC have or may have such business relationships.  Attorneys at BABC may have relatives or spouses who are members of professional firms involved in these cases or employed by parties listed in Schedule 1 hereto.  We have not undertaken any effort to ascertain or report the banking, insurance, brokerage or investment activities or familial connections of BABC attorneys in preparing this Declaration.

## BABC'S FEES AND COSTS PRIOR TO THE PETITION DATE

22.     Prior to February 14, 2012 (the 90th day preceding the Petition Date), BABC received payment of a $750,000 retainer to cover fees for future services rendered and costs incurred.  The Debtors made additional retainer payments to BABC in the amounts of $250,000 and $750,000 on March 8, 2012 and May 4, 2012, respectively.

23.     During the ninety (90) days prior to the Petition Date, BABC received in the ordinary course of business numerous payments from the Debtors totaling $10,109,382.82 (including the application of the Debtors' retainer as described below) to pay for services rendered and costs incurred by BABC on the Debtors' behalf.

8

24.     On May 14, 2012, BABC applied $1,013,464.87 of its retainer against billed but unpaid fees and expenses owed by the Debtors to BABC and an additional $550,000.00 to accrued but unbilled amounts of work in process and unbilled expenses ("Prepetition WIP").  BABC advised the Debtors that, upon reconciling the final amount of Prepetition WIP owed to BABC, BABC would return to its retainer account any funds applied against Prepetition WIP that were in excess of the final reconciled Prepetition WIP amount.

25.     Since the Petition Date, BABC has continued to receive payment from the Debtors for work performed by BABC on REO Matters in the ordinary course of the Debtors' businesses.  These payments were made by the Debtors in accordance with the Servicing Orders[6] entered by the Court.  As of July 4, 2012, BABC had received postpetition payments from the Debtors totaling $109,110.29 (the "Postpetition REO Payments") on account of certain invoices issued prepetition with respect to the REO Matters (the "Prepetition REO Invoices").  The obligations evidenced by the Prepetition REO Invoices, however, had been satisfied already upon BABC applying its retainer prepetition against such invoices.  To facilitate the Debtors' internal recordkeeping, BABC has since reversed its application of its retainer against the Prepetition REO Invoices and, in lieu thereof, has applied the Postpetition REO Payments against the Prepetition REO Invoices.

26.     Also, since the Petition Date, BABC has received additional payments from the Debtors totaling $19,631.43 (the "Postpetition Non-REO Payments") with respect to

---

[6]     The "Servicing Orders" refer to the: (1) Final Order Under Sections 105(a), 362, 363, 1107(a) and 1108 of the Bankruptcy Code (i) Authorizing the Debtors to Continue in the Ordinary Course of Business (a) Servicing Non-Governmental Association Loans, and (b) Sale Activities Related to Certain Loans in Foreclosure and Real Estate Owned Property, and (ii) Granting Limited Stay Relief to Enable Borrowers to Assert Direct Claims and Related Counter-Claims in Foreclosure and Eviction Proceedings [Docket No. 402]; and (2) Final Order Under Sections 105(a), 361, 362, 363, 1107(a), and 1108 of the Bankruptcy Code (i) Authorizing the Debtors to Continue in the Ordinary Course of Business (a) Servicing Governmental Association Loans and (b) Foreclosure Activities Related to Certain Real Estate Owned by Fannie Mae, Freddie Mac and Ginnie Mae; (ii) Authorizing the Debtors to Pay Certain Prepetition Amounts Due to Critical Servicing Vendors and Foreclosure Professionals; (iii) Granting Limited Stay Relief to Enable Borrowers to Assert Direct Claims and Related Counter-Claims in Foreclosure and Eviction Proceedings; (iv) Authorizing the Debtors to Use Cash Collateral Under the Fannie Mae EAF Facility; and (v) Granting Related Relief [Docket No. 401].

9

invoices issued prepetition by BABC for work performed on matters other than REO Matters

(the "Prepetition Non-REO Invoices").  The obligations evidenced by the Prepetition Non-REO

Invoices were satisfied previously, however, upon BABC applying its retainer prepetition against

such invoices.  BABC is holding the Postpetition Non-REO Payments in its client-trust fund

account and is prepared to disburse these funds as requested by the Debtors or as otherwise

ordered by this Court.  The Debtors propose that BABC be authorized to hold these Postpetition

Non-REO Payments and add them to BABC's retainer for its postpetition services and expenses,

subject to eventual Court approval of BABC's fees and expenses.

27.     As of the Petition Date, after application of the funds in the manner

described in the preceding paragraphs, BABC held the sum of $183,875.77 in retainage with

respect to the Debtors' account.  After reversing the prepetition application of its retainer against

the Prepetition REO Invoices and applying the Postpetition REO Payments against the same

invoices in the manner described above, an additional amount of $109,110.29 was added to

BABC's retainage, for a total amount as of the date of this Application of $292,986.06.  As of

the Petition Date, BABC was not owed any amounts by the Debtors for fees and expenses.  By

this Application, the Debtors are seeking permission from the Court for BABC to apply a portion

of the retainer that BABC received prior to the Petition Date to its unpaid fees and costs, if any,

and ratification of its prepetition payment of the Prepetition WIP from the retainer, as well as

permission to apply any remaining portions of the retainer as a credit toward postpetition fees

and expenses relating to the Special Counsel Matters incurred to date and ongoing, after such

postpetition fees and expenses are approved by the Court.

## PROFESSIONAL COMPENSATION

28.     With respect to the Prepetition Matters, the Debtors employed BABC both

on an hourly rate basis and on an alternative billing arrangement.  It is my understanding that the

Debtors seek to continue postpetition these same employment and compensation arrangements

with BABC.

29.    The material terms of the alternative billing arrangement between the

Debtors and BABC (the "Alternative Billing Arrangement") are as follows:

(a)    Geographic Scope:  The Debtors agreed that BABC would be their primary legal services provider for the litigation described under clause (f) below within the states of Alabama, Florida, Mississippi, North Carolina, South Carolina, Tennessee, Kentucky, Texas and Oklahoma (the "Covered States").

(b)    Timing:  The Alternative Billing Arrangement extends through December 31, 2012; provided that either the Debtors or BABC can terminate the arrangement on 90 day's notice.

(c)    Financial Terms:  The Debtors agreed to pay BABC $7,300 per matter for all legal fees and expenses (exclusive of certain expenses described below), subject to the Safety Valve/Stop Loss adjustments below, for all matters within the scope of the Alternative Billing Arrangement.  The per-matter fee would be payable in full following BABC's submission of an invoice for each matter after it has been opened in accordance with the Debtors' standard policies, except as otherwise agreed by the parties' standard operating procedures.

(d)    Safety Valve/Stop Loss:  With respect to any individual matter, if the fees (exclusive of expenses) incurred by BABC with respect to any case exceed $18,000 (the "Safety Valve Level"), that case would be removed from the Alternative Billing Arrangement and would convert to an hourly-rate payment arrangement, including payment of out of pocket expenses incurred from and after the month in which the matter converted to hourly billing.  BABC would provide the Debtors with a list each month of all cases subject to this agreement in which the legal fees exceeded $7,000.  BABC agreed to absorb the first $11,000 in fee overages on each case plus expenses until the month of conversion. BABC agreed to invoice the Debtors, and the Debtors agreed to pay, for the amount in excess of the Safety Valve Level on a monthly basis.  Fees (exclusive of costs) were calculated for purposes of the Safety Valve Level from the inception of the related matter but only payable with respect to amounts accrued after January 1, 2011.

(e)    Out of Pocket Expenses:  The Debtors agreed to reimburse BABC for the fees of expert witnesses engaged on behalf of the Debtors for all cases within the scope of this agreement.  The Debtors

would not pay any other costs or fees on any case unless and until such case exceeds the Safety Valve Level and becomes billable on an hourly basis.  In such case, the Debtors would reimburse BABC for fees and costs (such as travel expenses, court reporter fees, transcript costs, and filing fees) it incurs from the first day of the month in which the case is converted.  It is understood that BABC shall be permitted to use means to minimize travel to the extent reasonable.

(f)     Matters "In Scope" under the Alternative Billing Arrangement: The Alternative Billing Arrangement shall only extend to ordinary litigation concerning claims against the Debtors by borrowers related to mortgage loans and related servicing practices that are filed in a court in one of the Covered States (collectively, the "Alternative Billing Arrangement Matters").

(g)     Matters "Out of Scope" under the Alternative Billing Arrangement: Excluded from the scope of coverage of the fixed-fee arrangement is any matter pending before bankruptcy court (other than adversarial proceedings; and not merely claims, motions or objections), securities law matters, litigation relating to TARP and similar programs, any complaint or action brought by, pending with, or primarily related to, a regulatory or governmental authority, regulatory corrective actions taken prior to the commencement of litigation and any actions to affirmatively enforce debts, claims, liens or the rights of the Debtors.  Also, the parties agreed to exclude certain specific litigation and other matters from the Alternative Billing Arrangement.

(h)     Invoicing Procedure:  On a monthly basis, BABC submits invoices at what would otherwise be ordinary applicable hourly rates, and generally in conformity with the Debtors' billing policies then in effect, including expense reimbursement procedures.  Once a matter which was previously under a fixed-fee arrangement reaches the Safety Valve Level, it is assigned new BABC and GMAC matter numbers and will be processed under the standard arrangements for BABC invoices submitted to the Debtors under hourly fee and expense arrangements.

(i)     90-Day Reviews:  BABC and the Debtors agreed to hold regular meetings of administrative staff, joined where appropriate by more senior legal personnel, to consider all aspects of the engagement relationship with the view toward improving efficiency in administrative functions, identifying any problem areas and discussing mutual outlooks and resource demands.

12

30.     Other than the Alternative Billing Arrangement Matters, the Debtors and
BABC agreed that all other Prepetition Matters will be billed at hourly rates, with actual and
necessary expenses and other charges incurred by BABC to be reimbursed by the Debtors in full.

31.     It is my understanding that the Debtors wish to continue to employ BABC
on all Special Counsel Matters, other than Alternative Billing Arrangement Matters, subject to
Court approval and in compliance with applicable provisions of the Bankruptcy Code, on an
hourly basis, plus reimbursement of actual and necessary expenses and other charges incurred by
BABC.  As for those matters that have typically been categorized as the Alternative Billing
Arrangement Matters, it is my further understanding that the Debtors wish to continue to engage
BABC pursuant to the terms of the Alternative Billing Arrangement under section 328(a) of the
Bankruptcy Code.

32.     With respect to those matters for which the Debtors will pay BABC on an
hourly-rate basis, the current hourly billing rates in effect as of the Petition Date for BABC
professionals expected to spend significant time on the Special Counsel Matters range from $236
to $603 for partners, $184 to $341 for associates, and $65 to $150 for paralegals.  In addition to
the hourly billing rates set forth above, BABC customarily charges its clients for reimbursable
expenses incurred, including photocopying charges, messengers, courier mail, overtime,
overtime meals, late night transportation, travel, lodging, meal charges for business meetings,
postage, printing, transcripts, filing fees, computer research and similar items.  I believe that
BABC's hourly billing rates, and the terms and conditions of BABC's employment, are
reasonable.

33.     Consistent with past practice and its staffing procedures generally, a
number of BABC attorneys and paralegals have provided services to the Debtors from time to
time.  The name of each attorney and paralegal working on matters for the Debtors and the

13

billing rate of each such individual will be reflected in the periodic fee applications filed by or on

behalf of BABC.  BABC will submit time records for all Special Counsel Matters, whether they

are subject to hourly billing agreements or the Alternative Billing Arrangement.

34.    With respect to all the Special Counsel Matters, BABC intends to maintain

contemporaneous records of time expended and out-of-pocket expenses incurred in connection

with providing services to the Debtors and to submit fee applications to this Court for

compensation and reimbursement of expenses in accordance with the applicable provisions of

the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines set forth by the

Executive Office of the United States Trustee, any additional procedures that may be established

by the Court in these Chapter 11 cases.

35.    For the Alternative Billing Arrangement Matters, BABC understands that

the Debtors propose to pay compensation to BABC pursuant to the Alternative Billing

Arrangement, in accordance with section 328(a) of the Bankruptcy Code and subject to the

Court's approval of such compensation.

36.    BABC understands that interim and final fee awards are subject to

approval by this Court, and BABC has agreed to accept as compensation such sums as may be

allowed by this Court.

37.    To the best of my knowledge and belief, insofar as I have been able to

ascertain after reasonable inquiry, neither I nor BABC, nor any partner or associate thereof, has

received or been promised any compensation for legal services rendered or to be rendered in any

capacity in connection with the Debtors' Chapter 11 cases, other than as permitted by the

Bankruptcy Code.  BABC has not agreed to share compensation received in connection with

these cases with any other person, except as permitted by section 504(b) of the Bankruptcy Code

and Bankruptcy Rule 2016(b) in respect of the sharing of compensation among BABC's partners.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: July 9, 2012

Robert R. Maddox, Esq.
Bradley Arant Boult Cummings LLP
1819 Fifth Avenue North
Birmingham, Alabama 35243
Phone: (205) 521-8000

15

## <u>Schedule 1</u>

**Overview**: This Schedule provides the complete list of parties that BABC personnel reviewed for "connections" as described in the Declaration.

### <u>MASTER CONFLICT LIST</u>

**<u>Debtors and Subsidiaries</u>**
ditech, LLC
DOA Holding Properties, LLC
DOA Properties IX (Lots-Other), LLC
EPRE LLC
Equity Investment I, LLC
ETS of Virginia, Inc.
ETS of Washington, Inc.
Executive Trustee Services LLC
GMAC – RFC Holding Company, LLC
GMAC Model Home Finance I, LLC
GMAC Mortgage USA Corporation
GMAC Mortgage, LLC
GMAC Residential Holding Company, LLC
GMAC RH Settlement Service, LLC
GMACM Borrower LLC
GMACM REO LLC
GMACR Mortgage Products, LLC
HFN REO SUB II, LLC
Home Connects Lending Services, LLC
Homecomings Financial Real Estate Holdings, LLC
Homecomings Financial, LLC
Ladue Associates, Inc.
Passive Asset Transactions, LLC
PATI A, LLC
PATI B, LLC
PATI Real Estate Holdings, LLC
RAHI A, LLC
RAHI B, LLC
RAHI Real Estate Holdings, LLC
RCSFJV2004, LLC
Residential Accredit Loans, Inc.
Residential Asset Mortgage Products, Inc.
Residential Asset Securities Corporation
Residential Capital, LLC
Residential Consumer Services of Alabama, LLC
Residential Consumer Services of Ohio, LLC
Residential Consumer Services of Texas, LLC
Residential Consumer Services, LLC
Residential Funding Company, LLC
Residential Funding Mortgage Exchange, LLC
Residential Funding Mortgage Securities I, Inc.
Residential Funding Mortgage Securities II, Inc.
Residential Funding Real Estate Holdings, LLC
Residential Mortgage Real Estate Holdings, LLC
RFC – GSAP Servicer Advance, LLC
RFC Asset Holdings II, LLC
RFC Asset Management, LLC
RFC Borrower LLC

RFC Construction Funding, LLC
RFC REO LLC
RFC SFJV-2002, LLC

**<u>Foreign Subsidiaries</u>**
Canada Mortgage Acceptance Corporation
Foreign Obligation Exchange, Inc. 2003-H12
Foreign Obligation Exchange, Inc. 2003-H14
Foreign Obligation Exchange, Inc. 2004-H11
Foreign Obligation Export, Inc.
GMAC Financiera S.A. de C.V. Sociedad Financiera
    de Objecto Multiple
GMAC Residential Funding of Canada Limited
GMAC-RFC (No. 2) Limited
GMAC-RFC Auritec, S.A.
GMAC-RFC Direct Limited
GMAC-RFC Espana Hipotecas SL
GMAC-RFC Europe Limited
GMAC-RFC Holdings Limited
GMAC-RFC Property Finance Limited
High Street Home Loans Limited
MCA Finance Limited
National Guarantee plc
Private Label Group Limited
Private Label Mortgage Services Limited

**<u>Officers and Directors</u>**
Abreu, Steven M.
Aretakis, James
Dondzila, Catherine M.
Fleming, Patrick
Hamzehpour, Tammy
Harney, Anthony J.
Hills, Garry
Horner, Jill M.
III, Edward F. Smith,
Ilany, Jonathan
Mack, John E.
Marano, Thomas
Meyer, Darsi
Nees, Louis A.
Pensabene, Joseph A.
Riddle, Mindy
Strauss, Thomas M.
Tyson, William N.
West, Pamela E.
Whitlinger, James
Wilkinson, Winston Carlos

**Parties to Funding Agreements**

Ally Financial Inc (f/k/a GMAC Inc.)
Barclays Bank PLC
Citibank, N.A.
Wells Fargo Bank, N.A.
BMMZ Holdings LLC
US Bank National Association
Deutsche Bank Trust Company Americas

**Bondholders**

AllianceBernstein Advisors
American Enterprise Investment Services Inc.
Appaloosa Management L.P.
Bank of New York Mellon, (The)/Barclays Capital - London
Bank of Nova Scotia/CDS
BARC/FIXED
Barclays Capital Inc. /LE
Berkshire Hathaway Inc.
BlackRock Global Investors
Charles Schwab & Co., Inc.
CITIBK/GRP
Citigroup Global Markets Inc.
Citigroup Global Markets Inc. /Salomon Brothers
Credit Suisse Securities (USA) LLC
David Lerner Associates, Inc.
Deutsche Bank Securities, Inc.
E*Trade Clearing LLC
Edward D. Jones & Co.
First Clearing, LLC
First Southwest Company
Goldman Sachs International
Goldman, Sachs & Co.
Interactive Brokers Retail Equity Clearing
J.P. Morgan Clearing Corp.
J.P. Morgan Securities LLC
Janney Montgomery Scott Inc.
Loomis Sayles & Company
LPL Financial Corporation
Merrill Lynch Safekeeping
Morgan Stanley & Co. LLC
Morgan Stanley Smith Barney LLC
National Financial Services LLC
Oppenheimer & Co. Inc.
OptionXpress, Inc
P. Schoenfeld Asset Management
Paulson & Co. Inc.
Penson Financial Services, Inc./Ridge.
Pershing LLC
Pentwater Capital Management
Putnam Investment Management
Raymond, James & Associates, Inc.
RBC Capital Markets, LLC
Scottrade, Inc.
Security Investors LLC
Silver Point Capital, L.P.
Stifel, Nicolaus & Company Incorporated

Taconic Capital Advisors, L.P.
TD Ameritrade Clearing, Inc.
Timber Hill LLC
UBS Financial Services LLC
UBS Securities LLC
Vanguard Marketing Corporation
Western Asset Management Company

**Landlords and Tenants**

2155 Northpark Lane LLC
2255 Partners, L.P. c/o M. David Paul Development LLC
Avenel Realty Company d / b / a Avenel at Montgomery Square
Brandywine Cityplace LP
BREOF Convergence LP c/o Brookfield Real Estate Opportunity Fund
Business Suites (Texas) LTD
Center Township of Marion County
Del Amo Financial Center, LP
DRA CLP Esplanade LP c/o Colonial Properties Services Ltd Partnership
Euclid Plaza Associates, LLC
GBM Properties, LLC
Homeowners Alliance
Liberty Property Limited Partnership
National Default Servicing, LLC
New Towne Center Inc.
PBC San Jose, LLC
PBC Walnut Creek, LLC
Realty World - Graham/Grubbs and Associates
Regus Management Group LLC
Teachers Insurance and Annuity Association of America c/o Northmarq RES
The Irvine Company LLC
The Office Annex, Inc.
Veridian Credit Union f/k/a John Deere Community Credit Union
W.E.G., Jr., Inc. d / b / a Highland-March Beverly Suites

**Parties to Litigation**

Acacia Life Insurance Company
Allstate Bank (f/k/a Allstate Federal Savings Bank)
Allstate Insurance Company
Allstate Life Insurance Company
Allstate Life Insurance Company of New York, Allstate Retirement Plan
Allstate New Jersey Insurance Company
American Heritage Life Insurance Company
Ameritas Life Insurance Corp.
Boilermaker Blacksmith National Pension Trust
Brown County, Ohio
Cambridge Place Investment Management Inc.
Church-Dellinger, Victoria Jean
Columbus Life Insurance Company

2

Deutsche Zentral-genossenschaftsbank, New York
   Branch, d/b/a DZ Bank AG, New York Branch
DG Holding Trust
Federal Home Loan Bank of Boston
Federal Home Loan Bank of Chicago
Federal Home Loan Bank of Indianapolis
Federal Home Loan Mortgage Corporation
Federal Housing Finance Agency
Financial Guaranty Insurance Company
First Colonial Insurance Company
Fort Washington Active Fixed Income LLC
Fort Washington Investment Advisors, Inc.
HSH Nordbank AG
HSH Nordbank AG, Luxembourg Branch
HSH Nordbank AG, New York Branch
HSH Nordbank Securities S.A.
Huntington Bancshares Inc.
IKB Deutche Industriebank AG
IKB International S.A. (in Liquidation)
Integrity Life Insurance Company
Kennett Capital, Inc.
Kral, Kenneth L.
Laster, Marteal
Massachusetts Mutual Life Insurance Company
MBIA Insurance Corporation
Mitchell, Ruth
Mitchell, Steven
National Credit Union Administration Board
National Integrity Life Insurance Company
New Jersey Carpenters Health Fund
New Jersey Carpenters Vacation Fund
Rio Debt Holdings (Ireland) Limited
Sall, Mohammed A.
Sealink Funding Ltd.
State of Ohio
Stichting Pensioenfonds ABP
The Charles Schwab Corporation
The Union Central Life Insurance Company
The Western and Southern Life Insurance Company
Thrivent Balanced Fund
Thrivent Balanced Portfolio
Thrivent Bond Index Portfolio
Thrivent Core Bond Fund
Thrivent Financial Defined Benefits Plan Trust
Thrivent Financial for Lutherans
Thrivent Income Fund
Thrivent Limited Maturity Bond Fund
Thrivent Limited Maturity Bond Portfolio
U.S. Central Federal Credit Union
West Virginia Investment Management Board
Western Corporate Federal Credit Union
Western-Southern Life Assurance Company

**U.S. Trustee's Office**
Adams, Diana G.
Brooks, Catletha
Choy, Danny A.
Davis, Tracy Hope
Driscoll, Michael
Dub, Elizabetta C.
Felton, Marilyn
Fields, Myrna R.
Gasparini, Elizabeth
Golden, Susan
Khodorovsky, Nazar
Martin, Marylou
Martinez, Anna M.
Masumoto, Brian S.
Mendoza, Ercilia A.
Moroney, Mary V.
Morrissey, Richard C.
Nadkarni, Joseph
Nakano, Serene
Phillips, Nigel
Riffkin, Linda A.
Schwartz, Andrea B.
Schwartzberg, Paul K.
Sharp, Sylvester
Velez-Rivera, Andy
Zipes, Greg M.

**Bankruptcy Judges (New York)**
Bernstein, Stuart M.
Chapman, Shelley C.
Drain, Robert
Gerber, Robert E.
Glenn, Martin
Gonzalez, Arthur J.
Gropper, Allan L.
Lane, Sean H.
Lifland, Burton R.
Morris, Cecelia G.
Peck, James M.

**District Court Judges (New York)**
Baer, Harold
Batts, Deborah A.
Berman, Richard M.
Briccetti, Vincent L.
Buchwald, Naomi Reice
Carter, Andrew L.
Castel, P. Kevin
Cedarbaum, Miriam Goldman
Cote, Denise L.
Crotty, Paul A.
Daniels, George B.
Duffy, Kevin T.
Engelmayer, Paul A.
Forrest, Katherine B.
Gardephe, Paul G.

3

Griesa, Thomas P.
Haight, Charles S.
Hellerstein, Alvin K.
Jones, Barbara S.
Kaplan, Lewis A.
Karas, Kenneth M.
Koeltl, John G.
Marrero, Victor
McKenna, Lawrence M.
McMahon, Colleen
Nathan, Alison J.
Oetken, J. Paul
Owen, Richard
Patterson, Robert P.
Pauley, William H.
Preska, Loretta A.
Rakoff, Jed S.
Ramos, Edgardo
Sand, Leonard B.
Scheindlin, Shira A.
Seibel, Cathy
Stanton, Louis L.
Stein, Sidney H.
Sullivan, Richard J.
Swain, Laura Taylor
Sweet, Robert W.
Wood, Kimba M.

## Depositing Banks
Ally Bank
Bank of America, N.A.
Bank of New York Mellon
Citibank, N.A.
Deutsche Bank Trust Company Americas
JPMorgan Chase Bank, N.A.
M&T Bank
State Street Bank and Trust Company
U.S. Bank National Association
Wachovia Bank, National Association

## Consultants & Professionals
Barclays Bank PLC
Centerview Partners LLC
Deloitte & Touche
Evercore
Fortress Investment Group, LLC
FTI Consulting, Inc.
Kirkland & Ellis LLP
Kurtzman Carson Consultants LLC
Mayer Brown LLP
Mercer
Nationstar Mortgage, LLC
PricewaterhouseCoopers
Rubenstein Associates, Inc.
Sidley Austin LLP
Skadden, Arps, Slate, Meagher & Flom LLP

## HELOC Investors
5th 3rd bank
Aurora Loan Services LLC
Bank One, Texas N.A.
Deutsche Bank National Trust Co.
Everbank
JP Morgan Chase
Macquarie Mortgages USA Inc
Suntrust
The Bank of New York Mellon
Treasury Bank, N.A.
Us Bank, N.A.
Wachovia Bank Na
Wells Fargo Bank, N.A.

## Servicing Counterparties

## Government Entities and GSEs
Federal Home Loan Mortgage Corporation (Freddie Mac)
Federal Housing Administration (FHA)
Federal National Mortgage Association (Fannie Mae)
Government National Mortgage Association (Ginnie Mae)

## Housing and Local Agencies
California Housing Finance Agency
CitiMortgage, Inc., as administrator for Texas Veterans Land Board
Connecticut Housing Finance Authority
Delaware Housing Authority
Hawaii Housing (Hula Mae)
Housing Opportunities Commission of Montgomery County, Maryland
Mississippi Home Corporation
Neighborhood Housing Services of America and Philadelphia N.H.S.
Oregon Housing and Community Services Department
Redevelopment Authority of the County of Berks
Rural Housing
The Housing and Redevelopment Authority in and for the City of Minneapolis
The Industrial Commission of North Dakota

## Mortgage and Monoline Insurers
The ACE Group
Ambac
Assured Guaranty Corp.
Cuna Mutual Group Mortgage Insurance Company
Federal Insurance Group (a subsidiary of the Chubb Group of Insurance Companies)
FGIC
Financial Security Assurance Inc
General Electric Mortgage Insurance Corporation
Genworth Mortgage Insurance Corporation
MBIA

4

Mortgage Guaranty Insurance Corp.
PMI Mortgage Insurance Co.
Radian Asset Assurance Inc.
Radian Guaranty Inc.
Republic Mortgage Insurance Company
Triad Guaranty Insurance Corporation
United Guaranty Residential Insurance Company

**Trustees**
Bank One, National Association
BNY Midwest Trust Company
Chase Bank of Texas, N.A.
Citibank, N.A.
Deutsche Bank National Trust Company
Deutsche Bank Trust Company Americas
HSBC Bank USA, National Association
JPMorgan Chase Bank, N.A.
LaSalle Bank National Association
Security Pacific National Company
The Bank of New York Mellon
U.S. Bank National Association
US National Association
Wells Fargo Bank Minnesota, N.A.
Wells Fargo Bank, National Association
Wilmington Trust Company

**Other Counterparties to Servicing Agreements**
50 BY 50, LLC
ABN AMRO Mortgage Croup, Inc.
Access National Mortgage Corporation
Ace Home Equity Loan Trust, Series 2007-SL3
ACE Securities Corp.
ACT Mortgage Capital
Advantage Bank
Aegis Mortgage Corporation
Aegon USA Realty Advisors
Alliance Bancorp
Alliance Securities Corp.
Ally Bank
Ally Financial Inc.
Ally Investment Management LLC
Alternative Finance Corporation
Amalgamated Bank of New York
American Equity Mortgage, Inc.
American Home Mortgage
American Home Mortgage Acceptance, Inc.
American Home Mortgage Investment Trust 2005-2
American Home Mortgage Investment Trust 2005-4A
American Home Mortgage Investment Trust 2006-2
American Home Mortgage Investment Trust 2007-A
American Home Mortgage Servicing, Inc.
American Home Mortgage Trust 2004-4
American Home Mortgage Trust 2005-1
American Home Mortgage Trust 2005-2
American Home Mortgage Trust 2005-4A
American Residential Equities XXVII, LLC

American Residential Equities, LLC
Ameriquest Mortgage Company
Andover Bank
Arbor Commercial Mortgage, LLC
Asset Management Holding of South Florida, LLC
Assured Guaranty Municipal Corp
Atlantic Financial Federal
Audobon Savings Bank
Aurora Loan Services Inc.
Aurora Loan Services LLC
Banc of America Funding 2005-3 Trust
Banc of America Funding 2005-8 Trust
Banc of America Funding 2006-1 Trust
Banc of America Funding 2006-4 Trust
Banc of America Funding Corporation
Banc of America Mortgage Capital Corporation
Bancap
Banco Mortgage Company
Banco Popular North America
Bank of America, National Association
Bank of Hawaii
Bank One, Texas, N.A.
Bank Rhode Island
Bank United, FSB
Bankatlantic, A Federal Savings Bank
Bankers Saving
Bankers Trust Company
Banknorth Mortgage
Bay Atlantic Federal Credit Union
Bay Financial Savings Bank, FSB
Bayrock Mortgage Corporation
Bayview Acquisitions, LLC
Bayview Financial Asset Trust
Bayview Financial Property Trust
Bayview Financial Securities Company, LLC
Bayview Financial Trading Group, L.P.
Bayview Financial, L.P.
Bear Stearns Asset Backed Securities I, LLC
Bear Stearns Mortgage Capital Corporation
Bear Stearns Second Lien Trust 2007-1
Bear Stearns Second Lien Trust 2007-SV1
Bell Federal Savings and Loan Association
BellaVista Funding Corporation
Belvedere Trust Finance Corporation
Bluebonnet Savings Bank FSB
BMMZ Holdings LLC
Broadway Federal Bank, FSB
Brothers Bank, FSB
Butte Savings and Loan Association
Caliber Funding, LLC
California Banking Association
California Federal Bank, FSB
California Public Employees' Retirement System
Cambridge Place Collateral Management LLC
Canada Mortgage Acceptance Corporation
Capital Crossing Bank
Capitol Federal Savings and Loan Association

ny-1043259

Capstead Mortgage Corporation
CDC Mortgage Capital Inc. (Natixis)
Cenfed Bank, a Federal Savings Bank
Cenlar FSB
CenterState Bank of Florida, N.A.
Central Bank of Jefferson County, Inc.
Century Bank, FSB
CFX Bank
Charter One Bank, FSB
Charter One Bank, N.A.
Chase Manhattan Mortgage Corporation
Chemical Mortgage Company
Citi Financial Mortgage Co., Inc
Citibank (West), FSB
Citigroup Global Markets Realty Corp.
Citigroup Mortgage Loan Trust Inc.
CitiMortgage, Inc.
Citizens Bank of Connecticut
Citizens Bank of Massachusetts
Citizens Bank of New Hampshire
Citizens Bank of Pennsylvania
Citizens Bank, N.A.
Citizens Federal Bank, FSB
Clayton Fixed Income Services Inc.
Clayton National, Inc.
CMC Investment Partnership
Coastal Banc Capital Corporation
Coastal Banc SSB
Coastal States Mortgage Corporation
Collective Federal Savings Bank
Colonial Mortgage Service Company
Comerica Bank
Community Lending, Incorporated
Communityone Bank, N.A.
ComUnity Lending, Incorporated
Copperfield
Core, Cap Inc.
Corona Asset Management III, LLC
Countrywide Bank, N.A.
Countrywide Home Loans Servicing, LP
Countrywide Home Loans, Inc.
Credit Suisse First Boston Mortgage Securities Corp.
CSX
CTCE Federal Credit Union
CTX Mortgage Company, LLC
DB Structured Products, Inc.
Deutsche Alt-A Securities, Inc.
Deutsche Bank AG New York Branch
Deutsche Mortgage Securities, Inc.
DLJ Mortgage Acceptance Corp.
DLJ Mortgage Capital, Inc.
Dollar Bank, FSB
Drawbridge Consumer Funding Ltd
Dynex Securities Corporation
E*Trade Bank
E*Trade Mortgage
E*Trade Wholesale Lending Corp.

EAB Mortgage Company, Inc.
EMC Mortgage Corporation
Empire Mortgage X, Inc.
Encore Bank and National Association
Encore Savings Bank
Erie Savings Bank
Eurekabank
EverBank
Fairbanks Capital Corp.
Fairfax Savings Bank
Family Bank, FSB
Family Lending Services, Inc.
FBS Mortgage Corporation
Federal Home Loan Bank of Atlanta
Federal Trust Bank, FSB
Fidelity Federal Bank
Fidelity Savings and Loan
Fifth Third Bank
Financial Asset Securities Corp.
First Bank Incorporated
First Bank, Inc.
First Cap Holdings, Inc.
First Citizens Bank and Trust Company
First Citizens Mortgage Company
First Community Bank N.A.
First Federal of Michigan
First Federal Savings and Loan Association of Storm
    Lake
First Guaranty Mortgage Corporation
First Horizon Home Loan Corporation
First Indiana Bank
First Internet Bank of Indiana
First Massachusetts Bank, N.A.
First National Bank and Trust Company
First National Bank of Arizona
First National Bank of El Dorado
First Nationwide Mortgage Corporation
First NLC
First Rate Capital Corporation
First Savings Mortgage Corporation
First Tennessee Bank National Association
First Tennessee Capital Assets Corporation
First Trust Savings Bank
First Union National Bank
First-Citizens Bank & Trust Company
Firstrust Bank
Fleet National Bank
Flex Point Funding Corporation
Flick Mortgage Investors, Inc.
FNBA
Fortress Credit Corp.
FPA Corporation
Franklin Bank, SSB
Franklin Credit
Franklin Credit Management Corporation
Gateway Credit Union
Gateway Funding Diversified Mortgage Services, LP

6

GE Capital Consumer Card Co.
GE Mortgage Services, LLC
Geneva Mortgage Corporation
Germantown Savings Bank
Gibraltar Savings Association
Ginn Financial Services, LLC
Goldman Sachs Mortgage Company
Gonzalo Residential Asset Trust
Great American First Savings Bank
Great American Savings Bank
Green Planet Servicing, LLC
Green Tree Servicing LLC
GreenPoint Mortgage Funding Trust 2005-HE4
GreenPoint Mortgage Funding Trust 2006-HE1
GreenPoint Mortgage Funding, Inc.
Greenwich Capital Acceptance, Inc.
Greenwich Capital Financial Products, Inc.
Greenwich Universal Portfolio
GS Mortgage Securities Corp.
GSAA Home Equity Trust 2005-9
GSMPS Mortgage Loan Trust 2005-LT1
GSR Mortgage Loan Trust 2006-AR2
GSR Trust 2007-HEL1
Guardian Savings Bank
Hanover Capital Mortgage Holdings, Inc.
HarborView Mortgage Loan trust 2004-10
Healthcare Employees Federal Credit Union
Home Equity Loan Trust 2005-HS2
Home Equity Loan Trust 2006-HSA2
Home Equity Loan Trust 2006-HSA3
Home Equity Loan Trust 2006-HSA5
Home Equity Loan Trust 2007-HSA1
Home Equity Loan Trust 2007-HSA3
Home Federal Savings & Loan Association of Rome,
    Ga.
Home Loan Corporation
Home Loan Series 09-2028
HomeBanc Mortgage
HomEq Servicing Corporation
Horsham Funding Inc.
HSI Asset Securitization Corporation
Hudson & Keyse, LLC
Hudson City Savings Bank
Huntington Federal Savings & Loan Association
Hyperion Capital Group LLC
IMPAC CMB Trust Series 2005-6
IMPAC Funding Companies
IMPAC Funding Corporation
IMPAC Mortgage Holdings, Inc.
IMPAC Secured Assets Corp.
Imperial Credit Industries, Inc.
Independent Bank East Michigan
IndyMac Bank, FSB (now OneWest Bank, FSB)
IndyMac MBS, Inc.
IndyMac Mortgage Holdings, Inc.
ING Bank, FSB
Investment Capital Group

Irwin Union Bank and Trust Company
Ixis Real Estate Capital Inc
Jackson Federal Bank
Just Mortgage, Inc.
Kaiser Federal Bank
Keystone Nazareth Bank & Trust Company
Kidder Peabody Mortgage Capital Corporation
Lacera
Lebank
Lehman Brothers Bank, FSB
Lehman Brothers Holdings Inc.
Lehman Capital, a division of Lehman Brothers
    Holdings Inc.
Liberty Home Lending, Inc.
Liberty Savings Bank, FSB
Linden Assemblers Federal Credit Union
Litton Loan Servicing, LP
LNV Corporation
Loan Center of California
Loan Link Financial Services
Local #38 and Associates Credit Union
Lomas Mortgage USA, Inc.
Los Angeles County Employees Retirement
    Association
Los Angeles Federal Savings
LPP Mortgage Ltd.
Luminent Mortgage Capital, Inc.
Lydian Private Bank
Macquarie Mortgage Funding Trust 2007-1
Macquarie Mortgages USA, Inc.
MAIA Mortgage Finance Statutory Trust
Marine Bank
Market Street Mortgage Corporation
Massachusetts Mutual Life Insurance Co.
Matrix Capital Bank
MB Financial Bank N.A.
Medway Savings Bank
Mellon Bank
Mellon/McMahon Real Estate Advisors Inc.
Merck Sharp & Dohme Federal Credit Union
Mercury Mortgage Finance Statutory Trust
Meridian Mortgage Corporation
Merrill Lynch Bank & Co.
Merrill Lynch Hunton Paige
Merrill Lynch Mortgage Capital Inc.
Merrill Lynch Mortgage Holdings, Inc.
Merrill Lynch Mortgage Investors, Inc.
Merrill Lynch Mortgage Lending, Inc.
Metlife Bank, N.A.
Metrocities Mortgage Corp., LLC
Metropolitan Life Insurance Company
Mid America Bank, FSB
MidFirst Bank
Midland Financial Savings and Loan Association
Mint I, LLC
Mint II, LLC
Money Bank Investment Corporation

7

Monterey I Holdings
Morgan Stanley Capital I Inc.
Morgan Stanley Mortgage Capital Inc.
Morgan Stanley Mortgage Loan Trust 2005-3AR
Mortgage Asset Securitization Transactions, Inc.
Mortgage Asset Securitization Trust
Mortgage Interest Networking Trust II
Mortgage Investors Corporation
MortgageIT Holdings Inc.
MortgageIT Securities Corp.
MortgageIT Trust 2005-4
MortgageIT, Inc
MRF 3 LLC
Mrit Securities Corporation
Mutual Savings & Loan Association of Charlotte,
    N.C.
Mutual Savings Bank
National Bank of Commerce
NETBANK
Network Funding L.P.
Neuwest Equity Partners
New Century Mortgage Securities, Inc.
New Cumberland Federal Credit Union
New Penn Financial, LLC
New York Life Insurance and Annuity Corporation
New York Life Insurance Company
Nomura Asset Acceptance Corporation
Nomura Credit & Capital, Inc.
Nomura Home Equity Loan, Inc.
North Jersey Federal Credit Union, Inc.
Northwest Funding, Inc.
Northwestern National Bank of Minneapolis
Norwest Bank Minnesota, National Association
Norwest Mortgage, Inc.
Ocwen Federal Bank FSB
Ocwen Loan Servicing, LLC
Ohio Savings Bank
Opteum Financial Services, LLC
Option One Mortgage Corporation
Paine Webber Real Estate Securities Inc.
Parkside Lending, LLC
Parkvale Savings Bank
Paul Financial, LLC
People Savings Bank, Inc., SSB
Peoples Heritage Savings Bank
PHH Mortgage
Philadelphia Federal Credit Union
Pinnacle Capital Mortgage Corporation
Pinnacle Financial Corporation
Plaza Home Mortgage, Inc.
PMC Bancorp
PNC Bank, N.A.
PNC Mortgage Securities Corp.
Pomona First Federal Bank and Trust
Principal Asset Markets, Inc.
Principal Bank
Principal Mutual Life Insurance Company

Private Capital Group
Quaker City Bank
Quicken Loans Inc.
RBS Citizens, National Association
Real Time Resolutions, Inc.
Real Time Solutions
Realty Mortgage Corporation
Redlands Federal Bank, FSB
Redwood Trust, Inc.
Reliance Federal Credit Union
Residential Mortgage Assistance Enterprise, LLC
Resolution Capital Advisors, LLC
Ridgewood Savings Bank
Riggs Bank N.A.
Rochester Community Savings Bank
Roosevelt Management Company, LLC
RWT Holdings, Inc.
Ryland Acceptance Corporation Four
SACO I Trust 2005-GP1
SACO I Trust 2006-8
Salomon Brothers Realty Corp.
Saxon Mortgage Funding Corporation
Sea Breeze Financial Services, Inc.
Sebring Capital
Secured Bankers Mortgage Company
Security National
Security Pacific National Bank
Select Portfolio Servicing Inc.
Sequoia Funding Trust
Sequoia Residential Funding, Inc.
Shearson Lehman Government Securities, Inc.
Shellpoint Mortgage LLC
Sierra Pacific Mortgage, Inc
Silver State Financial Services, Inc.
Silvergate Bank
Skyline Financial Corp.
SMFC Funding Corporation
SN Servicing Corporation
SNBOA, LLC
Southbank
Southern Pacific Thrift and Loan Association
SouthStar Funding, LLC
Southwest Savings and Loan Association
Sovereign Bank, FSB
Specialized Loan Servicing LLC
St. Paul Federal Bank for Savings
Stanwich Mortgage Acquisition Company, LLC
Sterling Savings Bank
Steward Financial, Inc.
Stonebridge Bank
Structured Asset Mortgage Investments II Inc.
Structured Asset Mortgage Investments, Inc.
Structured Asset Securities Corporation
Structured Mortgage Investments II Inc.
Summit Savings & Loan Association
Suntrust Asset Funding, LLC
Superior Bank

Susquehanna Bank
Syncora Guarantee Inc.
Taylor, Bean Whitaker
TCF National Bank
TCIF, LLC
TeleBank
Terwin Advisors LLC
Terwin Mortgage Trust 2006-6
Terwin Securitization LLC
The Canada Trust Company
The Chase Manhattan Bank
The First Boston Corporation
The First National Bank of Glens Falls
The Frost National Bank
The Mortgage Store Financial, Inc.
The New York Mortgage Company, LLC
The Travelers Indemnity Company
The Winter Group
Treasury Bank, N.A.
Tri Counties Bank
Tri Country Area Federal Credit Union
Truman Capital Securitization LLC
UBS Real Estate Securities Inc.
UBS Warburg Real Estate Securities Inc.
UBS Warburg, LLC
United Capital Mortgage, LLC
United Federal Savings Bank
United Financial Mortgage Corporation
United Savings Association of Texas, FSB
Unity Bank
Universal Master Servicing, LLC
US Bank Home Mortgage
USAA Federal Savings Bank
Valley Independent Bank
Vermont Mortgage Group, Inc.
Wachovia Bank, National Association
Wachovia Mortgage Corporation
Walter Mortgage Company
Washington Mutual Bank
Washington Mutual Mortgage Securities Corp.
Webster Bank
Western Financial Savings Bank, FSB
WestStar Mortgage, Inc.
Wilshire Credit Corporation
Winter Group
Witmer Funding LLC
WMCC Clayton / Washington Mutual Bank
WMD Capital Markets, LLC

**Utilities**
Abovenet Communications Inc.
AT&T
AT&T Mobility
Center Point Energy
CenturyLink
Cisco Systems Capital Corporation
City of Eden Prairie

Comcast
Dish Network
Genesys Conferencing
Global Capacity Group Inc.
IEX Corporation
Inova Solutions
Intercall
Intervoice Inc.
Level 3 Communications LLC
MediaCom
Micro-Tel Center
MidAmerican Energy
Sprint
Time Warner Cable
Time Warner Telecom
Verizon
Verizon Business
Verizon California
Verizon Wireless
Waste Management
Waterloo Water Works
Xcel Energy

**Consolidated Top 50 Creditors**
Aegis Usa Inc.
Alan Gardner
Allstate Insurance
Ambac Assurance Corp
Assured Guaranty Corp.
BNYMellon
Boilermaker Blacksmith National Pension Trust
Brian Kessler, et al
Cambridge Place Investment Management Inc.
Credstar
Deutsche Bank AG, New York
Deutsche Bank Trust Company Americas
Don E. Diane M. Patterson
Donna Moore
Emortgage Logic
Federal Home Loan Bank of Boston
Federal Home Loan Bank of Chicago
Federal Home Loan Bank of Indianapolis
Federal Housing Finance Agency
Financial Guaranty Insurance Co.
Huntington Bancshares Inc.
Indecomm Global Services
Iowa Public Employees Retirement System
Lehman Brothers Holdings, Inc.
Loan Value Group
Massachusetts Mutual Life Insurance Company
MBIA, Inc.
Midwest Operating Engineers Pension Trust Fund
National Credit Union Administration Board
New Jersey Carpenters Health Fund
New Jersey Carpenters Vacation Fund
Orange County Employees Retirement System

9

Police and Fire Retirement System of the City of
  Detroit
Sealink Funding Limited
Steven And Ruth Mitchell
Stichting Pensioenfonds ABP
The Charles Schwab Corporation
The Union Central Life Insurance Company
Thrivent Financial for Lutherans
Tiffany Smith
US Bank
Wells Fargo & Company
Wells Fargo Bank N.A
West Virginia Investment Management Board
Western & Southern

**Members of the Creditors' Committee**
Allstate Life Insurance Company
AIG Asset Management (U.S.), LLC
The Bank of New York Mellon Trust Company, N.A.
Deutsche Bank Trust Company Americas
Drennen, Rowena L.
Financial Guaranty Insurance Company
MBIA Insurance Corporation
U.S. Bank National Association
Wilmington Trust, N.A.

**Other Parties in Interest**
AlixPartners
Cerberus Capital Management, L.P.
Cerberus FIM Investors LLC
Cerberus FIM, LLC
FIM Holdings LLC
General Motors Company
Gibbs & Bruns, LLP
GMAC Bank
GMAC Commercial Finance, LLC
GMAC LLC
GMAC Mortgage Group, LLC
Houlihan Lokey
IB Finance Holding Company, LLC
Kelly Drye & Warren LLP
Kramer Levin et al
Moelis & Company
Morrison & Foerster LLP
Morrison Cohen LLP
National Motors Bank FSB
Ropes & Gray LLP
White & Case

10

## Schedule 2

**Overview**: As described in the Declaration, to determine BABC's "connections" to the parties listed in <u>Schedule 1</u>, BABC personnel with the administrative responsibility for conflicts checking reviewed BABC's client database to determine whether BABC had any client relationships with the parties listed in <u>Schedule 1</u>. To the extent that this review indicated that BABC has represented, or currently represents, any of these entities, the identities of the parties and such parties' relationship to the Debtors and connection to BABC are set forth in the chart below.

In addition, with respect to BABC's representation of the Debtors in foreclosure proceedings and in pending or threatened litigation relating to such foreclosure proceedings (including the Alternative Billing Arrangement Matters and certain other litigation matters), BABC frequently represents not only the interests of the Debtors in such proceedings and litigation, but also, in accordance with the Debtors' servicing obligations, the interests of the investors for which the Debtors provide servicing or sub-servicing services, as certain non-debtor affiliates of the Debtors (including Ally Bank and AFI), and employees of the Debtors or affiliates of the Debtors.  In these proceedings, the interests of the Debtors and the other represented defendants are mutual and aligned and, accordingly, in my opinion, BABC's concurrent representation of such investors, affiliates, and employees does not cause BABC to hold an interest adverse to the Debtors or their estates with respect to such matters.

| POTENTIALLY INTERESTED PARTY | RELATIONSHIP TO THE DEBTORS | POSSIBLE RELATIONSHIP TO BABC |
|---|---|---|
| ABN AMRO Mortgage Group, Inc. | Servicing counterparty (other) | Former representation in matters unrelated to the Special Counsel Matters. |
| The ACE Group | Mortgage and/or Monoline Insurer | Current and former representation of affiliates in matters unrelated to the Special Counsel Matters |
| Aegon USA Realty Advisors | Servicing counterparty (other) | Former representation in matters unrelated to the Special Counsel Matters. |
| AIG Asset Management (U.S.), LLC | Creditors' Committee member | Possible former representation of affiliates in matters unrelated to the Special Counsel Matters |
| Alix Partners, LLP | Other party in interest | Current representation in matters unrelated to the Special Counsel Matters |
| AllState Insurance Company | Top 50 creditor | Current representation in matters unrelated to the Special Counsel Matters |

| | | |
|---|---|---|
| Ally Bank | Party to funding agreements with Debtors; non-debtor affiliate of Debtors | Current representation in foreclosure proceedings and related litigation related to the Debtors' mortgage servicing business where interests are mutual and aligned with those of Debtors |
| Ally Financial, Inc. | Equity holder | Current representation in foreclosure proceedings and related litigation related to the Debtors' mortgage servicing business where interests are mutual and aligned with those of Debtors |
| American Home Mortgage (and various affiliates) | Servicing counterparty (other) | Former representation of American Home Mortgage in matters unrelated to the Special Counsel Matters. |
| American Heritage Life Insurance Company | Party to litigation | Former representation of possible affiliate in matters unrelated to the Special Counsel Matters |
| American Suzuki Financial Services | Party in foreclosure litigation | Current representation in foreclosure proceedings and related litigation related to the Debtors' mortgaged servicing business where interests are mutual and aligned with those of Debtors |
| AT&T / AT&T Mobility | Utility | Current representation in matters unrelated to the Special Counsel Matters |
| Aurora Loan Services Inc. / Aurora Loan Services LLC | Party in foreclosure litigation | Current representation in foreclosure proceedings and related litigation related to the Debtors' mortgaged servicing business where interests are mutual and aligned with those of Debtors |
| Banco Popular North America | Servicing counterparty (other) | Current representation in matters unrelated to the Special Counsel Matters |

2

| | | |
|---|---|---|
| Bank of America, N.A. (successor to LaSalle Bank) | Servicing counterparty (Trustee); Party in foreclosure litigation | Current representation of Bank of America in its capacity as trustee and otherwise in foreclosure proceedings and related litigation related to the Debtors' mortgaged servicing business where interests are mutual and aligned with those of Debtors. |
| The Bank of New York Mellon / BNYMellon | Bondholder; HELOC Investor; Top 50 creditor | Former representation in litigation matters unrelated to the Special Counsel Matters. Current representation of BONY in its capacity as trustee and otherwise in foreclosure proceedings and related litigation related to the Debtors' mortgage servicing business where interests are mutual and aligned with those of Debtors. |
| The Bank of Nova Scotia | Bondholder | Former representation in matters unrelated to the Special Counsel Matters |
| Bank One, Texas N.A. | HELOC Investor | Former representation of Bank One and affiliates in matters unrelated to the Special Counsel Matters |
| Bankatlantic, a Federal Savings Bank | Servicing counterparty (other) | Former representation in matters unrelated to the Special Counsel Matters |
| Bankers Trust Company | Servicing counterparty (other) | Current representation in matter(s) unrelated to Debtors. Current representation of Bankers Trust in its capacity as trustee and otherwise in foreclosure proceedings and related litigation related to the Debtors' mortgage servicing business where interests are mutual and aligned with those of Debtors. |
| Barclays Bank PLC | Party to funding agreements with Debtors; Consultant and Professional | Former representation in matters unrelated to the Special Counsel Matters |

| | | |
|---|---|---|
| Bear Stearns Asset Backed Securities I, LLC | Servicing counterparty (other) | Former representation of Bear Stearns in matters unrelated to the Special Counsel Matters |
| Bear Stearns Mortgage Capital Corporation | Servicing counterparty (other) | Former representation of Bear Stearns in matters unrelated to the Special Counsel Matters |
| Bear Stearns Second Lien Trust 2007-1 | Servicing counterparty (other) | Former representation of Bear Stearns in matters unrelated to the Special Counsel Matters |
| Bear Stearns Second Lien Trust 2007-SV1 | Servicing counterparty (other) | Former representation of Bear Stearns in matters unrelated to the Special Counsel Matters |
| Bell Federal Savings & Loan Association | Servicing counterparty (other) | Former representation in matters unrelated to the Special Counsel Matters |
| Bluebonnet Savings Bank FSB | Servicing counterparty (other) | Former representation in matters unrelated to the Special Counsel Matters |
| Capital Crossing Bank | Servicing counterparty (other) | Current representation of possible affiliate in matters unrelated to the Special Counsel Matters. |
| CenturyLink | Utility | Current representation of affiliate in matter unrelated to Debtors. |
| Cerberus Capital Management, L.P. | Other party in interest | Former representation in matters unrelated to the Special Counsel Matters |
| The Chase Manhattan Bank | Servicing counterparty (other) | Former representation in matters unrelated to the Special Counsel Matters. |
| Citibank, N.A. | Party to funding agreements with Debtors | Former representation of affiliates of Citibank in matters unrelated to the Special Counsel Matters. Also representation of Citibank in several matters in which one or more Debtors are also parties where interests are mutual and aligned. |
| Citimortgage, Inc., as administrator for Texas Veterans Land Board | Servicing counterparty | Former representation in matters unrelated to the Special Counsel Matters |
| Citizens Bank, N.A. | Servicing counterparty (other) | Possible current and representation in matters unrelated to the Special Counsel Matters. |

4

| Columbus Life Insurance Company | Party to litigation | Current representation in matters unrelated to the Special Counsel Matters |
|---|---|---|
| Comcast | Utility | Current representation in matters unrelated to the Special Counsel Matters |
| Community Group Inc. | Party in foreclosure litigation | Current representation in matters in which one or more Debtors are also parties where interests are mutual and aligned. |
| Countrywide Bank, N.A. | Servicing counterparty (other) | Current representation of affiliate Bank of America in matters unrelated to the Special Counsel Matters |
| Countrywide Home Loans Servicing, LP | Servicing counterparty (other) | Current representation of affiliate Bank of America in matters unrelated to the Special Counsel Matters |
| Countrywide Home Loans, Inc. | Servicing counterparty (other) | Current representation of affiliate Bank of America in matters unrelated to the Special Counsel Matters |
| Credit Suisse Securities | Bondholder | Former representation of Credit Suisse and affiliates in matters unrelated to the Special Counsel Matters |
| CSX | Servicing counterparty (other) | Former representation in matters unrelated to the Special Counsel Matters |
| CTX Mortgage Company, LLC | Servicing counterparty (other) | Current representation of affiliate Balfour Beatty in matters unrelated to the Debtors |
| CUNA Mutual Insurance Group Mortgage Insurance Company | Servicing counterparty | Former representation in matters unrelated to the Special Counsel Matters |
| Deloitte & Touche | Consultant and Professional | Current representation in matters unrelated to the Special Counsel Matters |

5

| | | |
|---|---|---|
| Deutsche Bank AG, New York | Top 50 creditor | Current representation of Deutsche Bank and affiliates thereof in transactional and litigation matters unrelated to the Special Counsel Matters. Also representation of Deutsche in various matters in which one or more Debtors are also parties where interests are mutual and aligned. |
| Deutsche Bank Trust Company Americas | Party to funding agreements with Debtors; Top 50 creditor | Current representation of Deutsche Bank and affiliates thereof in transactional and litigation matters unrelated to the Special Counsel Matters. Also representation of Deutsche Bank Trust Company as trustee in various matters in which one or more Debtors are also parties where interests are mutual and aligned. |
| Dish Network | Utility | Current representation in matters unrelated to the Special Counsel Matters |
| E*Trade Clearing LLC | Bondholder | Former representation in matters unrelated to the Special Counsel Matters |
| Edward D. Jones & Co. | Bondholder | Former representation of apparent affiliate in matters unrelated to the Special Counsel Matters |
| Everbank | HELOC Investor; Servicing counterparty (other) | Current representation in matters unrelated to the Special Counsel Matters |
| Fairbanks Capital Corporation | Servicing counterparty (other) | Former representation in matters unrelated to the Special Counsel Matters |

6

| | | |
|---|---|---|
| Federal Home Loan Mortgage Corporation | Servicing Counterparty | Current representation in matters unrelated to the Special Counsel Matters. Also representation of FHLMC in numerous litigation matters in which one or more Debtors are also parties where interests are mutual and aligned. |
| Federal Insurance Group (a subsidiary of the Chubb Group of Insurance Companies) | Mortgage and/or Monoline Insurer | Former representation in matters unrelated to the Special Counsel Matters. |
| Fifth Third Bank | HELOC Investor | Current representation in matters unrelated to the Special Counsel Matters |
| First American Field Services, Inc., n/k/a CoreLogis | Party in foreclosure litigation | Current representation of First American in its capacity as trustee and otherwise in foreclosure proceedings and related litigation related to the Debtors' mortgage servicing business where interests are mutual and aligned with those of Debtors. |
| First Bank Incorporated | Servicing counterparty (other) | Current representation in matters unrelated to the Special Counsel Matters |
| First Bank, Inc. | Servicing counterparty (other) | Current representation in matters unrelated to the Special Counsel Matters |
| First Community Bank, N.A. | Servicing counterparty (other) | Former representation in matters unrelated to the Special Counsel Matters |
| First Indiana Bank | Servicing counterparty (other) | Former representation in matters unrelated to the Special Counsel Matters |
| First National Bank & Trust Company | Servicing counterparty (other) | Former representation in matters unrelated to the Special Counsel Matters |
| First Tennessee Bank National Association | Servicing counterparty (other) | Current representation in matters unrelated to the Special Counsel Matters |

7

| First Tennessee Capital Assets Corporation | Servicing counterparty (other) | Current representation of affiliate First Tennessee Bank National Association in matters unrelated to the Special Counsel Matters |
|---|---|---|
| First Union National Bank | Servicing counterparty (other) | See Wells Fargo listing |
| Fleet National Bank | Servicing counterparty (other) | Former representation in matters unrelated to the Special Counsel Matters |
| GE Capital Consumer Card Co. | Servicing counterparty (other) | Current representation of affiliates in matters unrelated to the Special Counsel Matters |
| Goldman, Sachs & Co. | Bondholder; Servicing counterparty (other) | Current and former representation of Goldman, Sachs and affiliates in matters unrelated to the Special Counsel Matters. |
| GMAC Bank | Party to funding agreements with Debtors; non-debtor affiliate of Debtors | See Ally Bank |
| GMAC LLC | Other party in interest | Current representation in one or more matters in which one or more Debtors are also parties where interests are mutual and aligned. |
| GMAC Mortgage Group LLC | Other party in interest | Current representation in one or more matters in which one or more Debtors are also parties where interests are mutual and aligned. |
| Government National Mortgage Association | Servicing Counterparty | Current representation in matters unrelated to the Special Counsel Matters. Also representation of FHLMC in several matters in which one or more Debtors are also parties where interests are mutual and aligned. |
| Greenwich Capital Financial Products, Inc. | Servicing counterparty (other) | Former representation in matters unrelated to the Special Counsel Matters |
| Homecomings Financial | Party in foreclosure litigation | Current representation in various matters in which one or more Debtors are also parties where interests are mutual and aligned. |

8

| | | |
|---|---|---|
| HSBC Bank USA, N.A. | Servicing counterparty (Trustee) | Current representation in matters unrelated to the Special Counsel Matters. Also representation of HSBC as trustee in various matters in which one or more Debtors are also parties where interests are mutual and aligned. |
| Huntington Bancshares Inc. | Top 50 creditor | Current representation of affiliate in matters unrelated to the Special Counsel Matters |
| IMPAC Funding Companies / IMPAC Funding Corporation | Party in foreclosure litigation | Current representation in foreclosure related litigation related to the Debtors' mortgage servicing business where interests are mutual and aligned with those of Debtors |
| IndyMac Bank | Servicing counterparty (other) | Former representation in matters unrelated to the Special Counsel Matters |
| J.P. Morgan Chase Bank, N.A. | Servicing counterparty (Trustee) | Former representation of J.P. Morgan and affiliates in matters unrelated to the Special Counsel Matters. Current representation of J.P. Morgan in its capacity as trustee and otherwise in foreclosure proceedings and related litigation related to the Debtors' mortgage servicing business where interests are mutual and aligned with those of Debtors. |
| J.P. Morgan Chase Clearing Corp. and J.P. Morgan Securities LLC | Bondholders | Former representation of affiliates in matters unrelated to the Special Counsel Matters |
| Kirkland & Ellis LLP | Consultant and Professional | Former representation in matter unrelated to Debtors |
| Lacera | Servicing counterparty (other) | Former representation in matters unrelated to the Special Counsel Matters |
| LaSalle Bank National Association | Servicing counterparty (Trustee) | See Bank of America |
| Level 3 Communications LLC | Utility | Current representation in matters unrelated to the Special Counsel Matters |

9

| LPP Mortgage Ltd. | Servicing counterparty (other) | Current representation in matters unrelated to the Special Counsel Matters |
|---|---|---|
| M&T Bank | Depositing bank | Current representation in matters unrelated to the Special Counsel Matters |
| Mercer | Consultant and Professional | Former representation of possible affiliate in matters unrelated to the Special Counsel Matters |
| Merrill Lynch Bank & Co. | Servicing counterparty (other) | Current representation of affiliate in matters unrelated to the Special Counsel Matters |
| Merrill Lynch Hunton Paige | Servicing counterparty (other) | Current representation of affiliate in matters unrelated to the Special Counsel Matters |
| Merrill Lynch Mortgage Capital Inc. | Servicing counterparty (other) | Current representation of affiliate in matters unrelated to the Special Counsel Matters |
| Merrill Lynch Mortgage Holdings Inc. | Servicing counterparty (other) | Current representation of affiliate in matters unrelated to the Special Counsel Matters |
| Merrill Lynch Mortgage Investors Inc. | Servicing counterparty (other) | Current representation of affiliate in matters unrelated to the Special Counsel Matters |
| Merrill Lynch Mortgage Lending Inc. | Servicing counterparty (other) | Current representation of affiliate in matters unrelated to the Special Counsel Matters |
| Merrill Lynch Safekeeping | Bondholder | Current representation of affiliate in matters unrelated to the Special Counsel Matters |
| Mortgage Electronic Registration Systems, Inc. (MERS) | Party in foreclosure litigation | Current representation in foreclosure proceedings and related litigation related to the Debtors' mortgage servicing business where interests are mutual and aligned with those of Debtors |
| Metlife Bank, N.A. | Servicing counterparty (other) | Current representation in matters unrelated to the Special Counsel Matters |
| MidAmerican Energy | Utility | Current representation of affiliates in matters unrelated to the Special Counsel Matters |

10

| MidFirst Bank, N.A. | Servicing counterparty (other) | Former representation in matters unrelated to the Special Counsel Matters |
|---|---|---|
| Morgan Stanley Capital I Inc. | Servicing counterparty (other) | Former and current representation of affiliates in matters unrelated to the Special Counsel Matters |
| Morgan Stanley Mortgage Capital Inc. | Servicing counterparty (other) | Former and current representation of affiliates in matters unrelated to the Special Counsel Matters |
| Morgan Stanley Mortgage Loan Trust 2005-3AR | Servicing counterparty (other) | Former and current representation of affiliates in matters unrelated to the Special Counsel Matters |
| Morrison & Foerster LLP | Debtors' bankruptcy counsel | Current representation in matters unrelated to Special Counsel Matters |
| Mortgage Investors Corporation | Party in foreclosure litigation | Current representation in foreclosure related litigation related to the Debtors' mortgage servicing business where interests are mutual and aligned with those of Debtors |
| MortgageIT Holdings Inc. / MortgageIT Securities Corp. / MortgageIT Trust 2005-4; MortgageIT Inc. | Party in foreclosure litigation | Current representation in foreclosure related litigation related to the Debtors' mortgage servicing business where interests are mutual and aligned with those of Debtors |
| National Bank of Commerce | Servicing counterparty (other) | Current representation in matters unrelated to the Special Counsel Matters |
| NETBANK | Servicing counterparty (other) | Former representation in matters unrelated to the Special Counsel Matters |
| New York Life Insurance and Annuity Corporation | Servicing counterparty (other) | Current representation in matters unrelated to the Special Counsel Matters |
| New York Life Insurance Company | Servicing counterparty (other) | Current representation in matters unrelated to the Special Counsel Matters |
| Nomura Asset Acceptance Corporation | Servicing counterparty (other) | Former representation in matters unrelated to the Special Counsel Matters |

11

| Nomura Credit and Capital, Inc. | Servicing counterparty (other) | Former representation in matters unrelated to the Special Counsel Matters |
|---|---|---|
| Nomura Home Equity Loan, Inc. | Servicing counterparty (other) | Former representation in matters unrelated to the Special Counsel Matters |
| Ocwen Federal Bank FSB | Servicing counterparty (other) | Former representation in matters unrelated to the Special Counsel Matters |
| Ocwen Loan Servicing, LLC | Servicing counterparty (other) | Former representation in matters unrelated to the Special Counsel Matters |
| PHH Mortgage | Servicing counterparty (other) | Former representation in matters unrelated to the Special Counsel Matters |
| PNC Bank, N.A. | Servicing counterparty (other) | Former representation of affiliate Royal Bank of Canada in matters unrelated to the Special Counsel Matters |
| PNC Mortgage Securities Corp. | Servicing counterparty (other) | Former representation of affiliate Royal Bank of Canada in matters unrelated to the Special Counsel Matters |
| Police and Fire Retirement System of the City of Detroit | Top 50 creditor | Current representation in matter(s) unrelated to Debtors |
| PricewaterhouseCoopers | Consultant and Professional | Current representation in matters unrelated to the Special Counsel Matters |
| Principal Mutual Life Insurance Company | Servicing counterparty (other) | Former representation in matters unrelated to the Special Counsel Matters |
| Raymond James & Associates, Inc. | Bondholder | Current representation of affiliates in matters unrelated to the Special Counsel Matters |
| RBC Capital Markets, LLC | Bondholder | Former representation of apparent affiliates in matters unrelated to the Special Counsel Matters |
| Saxon Mortgage Funding Corporation | Servicing counterparty (other) | Current representation in matters unrelated to the Special Counsel Matters |
| Sebring Capital | Servicing counterparty (other) | Former representation in matters unrelated to the Special Counsel Matters |

12

| | | |
|---|---|---|
| Security Pacific National Company | Servicing counterparty (Trustee) | Former representation in matters unrelated to the Special Counsel Matters |
| Silver Point Capital, LLC | Bondholder | Former representation in matters unrelated to the Special Counsel Matters |
| Southbank | Servicing counterparty (other) | Current representation in matters unrelated to the Special Counsel Matters. |
| SouthStar Funding LLC | Servicing counterparty (other) | Current representation in matters unrelated to the Special Counsel Matters. |
| Sovereign Bank FSB | Servicing counterparty (other) | Current representation in matters unrelated to the Special Counsel Matters. |
| Specialized Loan Servicing LLC | Servicing counterparty (other) | Current representation in matters unrelated to the Special Counsel Matters. Also representation of Specialized in several matters in which one or more Debtors are also parties where interests are mutual and aligned. |
| Sprint | Utility | Current representation in matters unrelated to the Special Counsel Matters. |
| SunTrust | HELOC Investor | Current representation in matters unrelated to the Special Counsel Matters |
| SunTrust Asset Funding, LLC | Servicing counterparty (other) | Current representation of affiliate in matters unrelated to the Special Counsel Matters. |
| Superior Bank | Servicing counterparty (other) | Current representation in matters unrelated to the Special Counsel Matters. |
| Thrivent Financial for Lutherans | Top 50 creditor | Current representation in matters unrelated to the Special Counsel Matters |
| Time Warner Cable / Time Warner Telcom | Utility | Current representation in matters unrelated to the Special Counsel Matters. |
| The Travelers Indemnity Company | Servicing counterparty (other) | Current representation of Travelers and/or insureds of Travelers in matters unrelated to the Special Counsel Matters. |

13

| UBS Financial Services LLC | Bondholder | Former representation in matters unrelated to the Special Counsel Matters |
| UBS Real Estate Securities Inc. | Servicing counterparty (other) | Former representation of affiliates in matters unrelated to the Special Counsel Matters |
| UBS Warburg Real Estate Securities Inc. | Servicing counterparty (other) | Former representation of affiliates in matters unrelated to the Special Counsel Matters |
| UBS Warburg, LLC | Servicing counterparty (other) | Former representation in matters unrelated to the Special Counsel Matters |
| US Bank, N.A. | HELOC Investor; Top 50 creditor | Current representation in matters unrelated to the Special Counsel Matters. Current representation of US Bank in its capacity as trustee and otherwise in foreclosure proceedings and related litigation related to the Debtors' mortgage servicing business where interests are mutual and aligned with those of Debtors. |
| USAA Federal Savings Bank | Servicing counterparty (other) | Current representation in matters unrelated to the Special Counsel Matters. Current representation in litigation related to the Debtors' mortgage servicing business where interests are mutual and aligned with those of Debtors. |
| Verizon / Verizon Business / Verizon Wireless | Utility | Current representation in matters unrelated to the Special Counsel Matters. |
| Wachovia Bank, N.A. | Servicing counterparty (other) | See listing for Wells Fargo |
| Washington Mutual Bank | Servicing counterparty (other) | Former representation in matters unrelated to the Special Counsel Matters |
| Waste Management | Utility | Current representation in matters unrelated to the Special Counsel Matters |

14

| Wells Fargo Bank, N.A. | Party to funding agreements with Debtors; HELOC Investor | Current representation in matters unrelated to the Special Counsel Matters. Current representation in litigation related to the Debtors' mortgage servicing business where interests are mutual and aligned with those of Debtors. |
|---|---|---|
| Western & Southern Financial Group | Top 50 creditor | Current representation in matters unrelated to Debtor |
| Wilshire Credit Corporation | Servicing counterparty (other) | Current representation in matters unrelated to the Special Counsel Matters |

ny-1043259