**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

---

| | ) | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et</u> <u>al</u>., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

---

**SUPPLEMENTAL DECLARATION OF LARREN M. NASHELSKY IN FUTHER SUPPORT OF DEBTORS' APPLICATION FOR ENTRY OF AN ORDER PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2014 AND 2016 AUTHORIZING THE RETENTION AND EMPLOYMENT OF MORRISON & FOERSTER LLP AS BANKRUPTCY COUNSEL TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**

I, Larren M. Nashelsky, being duly sworn, state the following under penalty of perjury:

1. I am a partner in the law firm of Morrison & Foerster LLP ("<u>Morrison & Foerster</u>" or the "<u>Firm</u>"). The Firm maintains offices for the practice of law at, among other locations in the United States and worldwide, 1290 Avenue of the Americas, New York, New York 10104. I am an attorney duly admitted and in good standing to practice before the courts of the state of New York and Connecticut, the United States District Court for the Southern and Eastern Districts of New York, and the Supreme Court of the United States.

2. I submit this declaration in further in support of the application [Docket No. 506] (the "<u>Application</u>")[1] of Residential Capital, LLC ("<u>ResCap</u>"), <u>et al.</u>, debtors and debtors in the above-captioned cases (collectively, the "<u>Debtors</u>") pursuant to section 327(a) of title 11, United States Code, as amended (the "<u>Bankruptcy Code</u>"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and Rules 2014-1 and 2016-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "<u>Local</u>

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Application.

ny-1048979

Rules"), for entry of an order authorizing the retention and employment of Morrison & Foerster as bankruptcy counsel to the Debtors *nunc pro tunc* to May 14, 2012 (the "Petition Date"). This declaration supplements, and incorporates by reference, my first declaration in support of the Application (the "Initial Declaration"), which was filed as Exhibit 2 to the Application. Except as otherwise indicated, the facts set forth in this Declaration are personally known to me and, if called as a witness, I could and would testify thereto.

3. As requested by the United States Trustee, attached as Exhibit 1 is a list of the dates and amounts of payments received by Morrison & Foerster from the Debtors during the 90-day period prior to the Petition Date. These payments were made by ResCap or on ResCap's behalf. To the extent payments were made by non-Debtor affiliates on ResCap's behalf, Morrison & Foerster was not involved in the ultimate allocation of such payments between the Debtors and such non-Debtor affiliates.

4. As set forth in the Application, in December 2011, Morrison & Foerster received a retainer of $3,500,000 (the "Retainer") from the Debtors, which the Debtors agreed was earned upon receipt. Morrison & Foerster has applied the Retainer to fees and expenses incurred during the 90-day period prior to the Petition Date that were not invoiced until after the Petition Date. The outstanding balance of the Retainer as of the date hereof is $2,083,601.34.

5. In connection with its representation of the boards of directors of both ResCap and Ally Financial Inc. ("AFI") with respect to an internal investigation of events surrounding the temporary suspension of evictions and post-foreclosure closings in judicial states by ResCap, the boards of each of ResCap and AFI executed an engagement letter, dated as of November 1, 2010 (the "Investigation Engagement Letter"). A copy of the Investigation Engagement Letter will be provided to the United States Trustee in advance of the hearing on the Application.

ny-1048979

Morrison & Foerster is not precluded from being adverse to AFI in connection with its representation of the Debtors as a result of its engagement pursuant to the Investigation Engagement Letter.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 11, 2012                                  /s/ Larren M. Nashelsky
                                                      Larren M. Nashelsky

ny-1048979

# EXHIBIT 1

## Payments Received During 90 Days Prior to the Petition Date

| Type | Invoice | Date | Fees | Cost | Total |
|---|---|---|---|---|---|
| BILL | 5055200 | 8/8/2011 | 35,005.00 | 36.75 | 35,041.75 |
| PAYMENT | | 4/6/2012 | -33,325.00 | -36.75 | -33,361.75 |
| EBILCST | | 4/23/2012 | -1680 | | -1,680.00 |
| Total | | | 0 | 0 | 0 |
| | | | | | |
| BILL | 5098711 | 12/21/2011 | 8,130.75 | 12.94 | 8,143.69 |
| PAYMENT | | 4/26/2012 | -8,130.75 | -12.94 | -8,143.69 |
| Total | | | 0 | 0 | 0 |
| | | | | | |
| BILL | 5108074 | 2/7/2012 | 1,527,350.50 | 1,153.97 | 1,528,504.47 |
| PAYMENT | | 2/23/2012 | 0 | -1,153.97 | -1,153.97 |
| PAYMENT | | 3/1/2012 | -843,356.50 | 0 | -843,356.50 |
| PAYMENT | | 3/1/2012 | -683,994.00 | 0 | -683,994.00 |
| Total | | | 0 | 0 | 0 |
| | | | | | |
| BILL | 5111768 | 2/17/2012 | 433,577.00 | 1,581.25 | 435,158.25 |
| PAYMENT | | 3/1/2012 | -433,577.00 | -1,581.25 | -435,158.25 |
| Total | | | 0 | 0 | 0 |
| | | | | | |
| BILL | 5111769 | 2/17/2012 | 549,102.00 | 1,032.22 | 550,134.22 |
| PAYMENT | | 3/1/2012 | -549,102.00 | -1,032.22 | -550,134.22 |
| Total | | | 0 | 0 | 0 |
| | | | | | |
| BILL | 5114629 | 3/5/2012 | 986.04 | 0 | 986.04 |
| PAYMENT | | 3/16/2012 | -986.04 | 0 | -986.04 |
| Total | | | 0 | 0 | 0 |
| | | | | | |
| BILL | 5114631 | 3/5/2012 | 1,411,977.50 | 19,416.08 | 1,431,393.58 |
| PAYMENT | | 3/29/2012 | -1,410,775.30 | -19,416.08 | -1,430,191.38 |
| DEALDIS | | 5/4/2012 | -102.2 | 0 | -102.20 |
| PAYMENT | | 5/4/2012 | -1,100.00 | 0 | -1,100.00 |
| Total | | | 0 | 0 | 0.00 |
| | | | | | |
| BILL | 5114632 | 3/5/2012 | 31,020.44 | 0 | 31,020.44 |
| PAYMENT | | 4/12/2012 | -30,816.44 | 0 | -30,816.44 |
| EBILCST | | 4/23/2012 | -204.00 | | -204.00 |
| Total | | | 2 | 0 | 0.00 |
| | | | | | |
| BILL | 5121895 | 3/31/2012 | 3,249,686.50 | 140,547.70 | 3,390,234.20 |
| PAYMENT | | 4/12/2012 | -1,240,601.30 | -140,547.70 | -1,381,149.00 |
| PAYMENT | | 4/12/2012 | -1,318,385.00 | 0 | -1,318,385.00 |
| PAYMENT | | 4/19/2012 | -683,984.87 | 0 | -683,984.87 |
| PAYMENT | | 4/26/2012 | -6,140.33 | 0 | -6,140.33 |
| PAYMENT | | 5/4/2012 | -62.5 | 0 | -62.50 |
| PAYMENT | | 5/4/2012 | -387.5 | 0 | -387.50 |

ny-1048979

| Type | Invoice | Date | Fees | Cost | Total |
|---|---|---|---|---|---|
| PAYMENT | | 5/4/2012 | -125 | 0 | -125.00 |
| Total | | | 0 | 0 | 0 |
| | | | | | |
| BILL | 5124692 | 4/12/2012 | 647,198.50 | 31,632.02 | 678,830.52 |
| PAYMENT | | 4/26/2012 | -646,428.50 | -31,632.02 | -678,060.52 |
| PAYMENT | | 5/4/2012 | -770 | 0 | -770.00 |
| Total | | | 0 | 0 | 0 |
| | | | | | |
| BILL | 5127565 | 4/18/2012 | 515,640.00 | 1,647.81 | 517,287.81 |
| PAYMENT | | 4/26/2012 | -515,640.00 | -1,647.81 | -517,287.81 |
| Total | | | 0 | 0 | 0 |
| | | | | | |
| BILL | 5128969 | 4/24/2012 | 639,079.00 | 150,971.57 | 790,050.57 |
| PAYMENT | | 5/4/2012 | -639,079.00 | -150,971.57 | -790,050.57 |
| Total | | | 0 | 0 | 0 |
| | | | | | |
| BILL | 5130931 | 4/30/2012 | 944,213.50 | 1,032.71 | 945,246.21 |
| PAYMENT | | 5/7/2012 | -944,213.50 | -1,032.71 | -945,246.21 |
| Total | | | 0 | 0 | 0 |
| | | | | | |
| BILL | 5131077 | 4/30/2012 | 3,073.40 | 0 | 3,073.40 |
| PAYMENT | | 5/10/2012 | -3,073.40 | | -3,073.40 |
| Total | | | 0.00 | 0 | 0 |
| | | | | | |
| BILL | 5132448 | 5/6/2012 | 1,174,822.00 | 395.44 | 1,175,217.44 |
| PAYMENT | | 5/11/2012 | -1,174,822.00 | -395.44 | -1,175,217.44 |
| Total | | | 0 | 0 | 0 |
| | | | | | |
| BILL | 5134265 | 5/10/2012 | 1,706,987.12 | 93,012.88 | 1,800,000.00 |
| PAYMENT | | 5/11/2012 | -1,706,987.12 | -93,012.88 | -1,800,000.00 |
| Total | | | 0 | 0 | 0 |

ny-1048979