**Hearing Date: July 13, 2012 at 10:00 a.m. (ET)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Larren M. Nashelsky
Gary S. Lee
Lorenzo Marinuzzi

*Proposed Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**DEBTORS' OMNIBUS REPLY TO OBJECTIONS TO DEBTORS'
APPLICATIONS TO RETAIN AND EMPLOY PROFESSIONALS**

ny-1049020

**TABLE OF CONTENTS**

Page

INTRODUCTION ................................................................................................................. 1

I.   THE OBJECTIONS.................................................................................................... 2

     A.   THE UST OBJECTION ................................................................................ 3

          (i)    The Professionals Will Avoid Unnecessary Duplication of
                 Efforts ................................................................................................ 3

          (ii)   Miscellaneous UST Objections.......................................................... 7

     B.   LEWIS OBJECTION..................................................................................... 8

CONCLUSION..................................................................................................................... 9

ny-1049020

# TABLE OF AUTHORITIES

**Cases**                                                                                                          **Page**

In re Borders Group, Inc., 456 B.R. 195 (Bankr. S.D.N.Y. 2011) ........................................7

In re Borders, Group, Inc., Case No. 11-10614 (MG) (Bankr. S.D.N.Y. Apr. 7, 2011)
   [Docket No. 560] ........................................................................................................8

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

The above-captioned debtors and debtors in possession (collectively, the "Debtors"),[1] by and through their undersigned proposed counsel, Morrison & Foerster LLP ("Morrison & Foerster"), hereby submit their Omnibus Reply to Objections to the Debtors' Applications to Retain and Employ Professionals (the "Reply"). In support thereof, the Debtors respectively allege as follows:

## INTRODUCTION

1. The Debtors' bankruptcy cases are among the most complex cases ever filed. Even prior to the commencement of their bankruptcy cases on May 14, 2012 (the "Petition Date"), the sophisticated and regulated nature of the Debtors' businesses, and the many litigations and investigations initiated prior to the Petition Date, required the Debtors to employ hundreds of professionals.

2. Many of the matters on which these professionals had been assisting the Debtors prior to the Petition Date will be of intense focus during these bankruptcy cases. In particular and among other things, the Debtors will (a) seek to achieve settlements of complex prepetition litigation claims, (b) seek to reconcile countless claims arising out of numerous prepetition actions and contractual arrangements, (c) endeavor to continue cooperating in investigations being conducted by governmental agencies including the United States Securities and Exchange Commission (the "SEC"), (d) continue operating their complex businesses in compliance with regulatory requirements and directives, and (e) maintain the support and confidence of their servicing partners, borrowers, and thousands of dedicated employees and vendors.

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC in Support of the Chapter 11 Petitions and First Day Pleadings, filed with the Court on the Petition Date [Docket No. 6].

ny-1049020

3.      With these necessary goals in mind, the Debtors filed applications to retain professionals to provide them with specialized legal, financial, communications, and employee compensation expertise during these cases (collectively, the "Retention Applications").[2] In doing so, the Debtors have been mindful of retaining those professionals that they believe are essential to the restructuring process.

## I.    THE OBJECTIONS

4.      A review of the docket maintained in these cases demonstrates that these cases have been very active and that many parties have been participating in the proceedings since their onset. Yet, only two parties objected to the Retention Applications - the Office of the United States Trustee for the Southern District of New York ("UST"), which filed an omnibus objection[3] to the Retention Applications (the "UST Objection"), and Mr. and Mrs. Sidney and Yvonne D. Lewis (the "Lewis'"), who served Morrison & Foerster with an objection (the "Lewis Objection") to the Debtors' proposed retention of Carpenter Lipps.

---

[2] On June 26, 2011, the Debtors filed applications to retain: Morrison & Foerster as the bankruptcy counsel under section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), Carpenter Lipps & Leland LLP ("Carpenter Lipps"), Dorsey & Whitney LLP ("Dorsey & Whitney"), and Orrick, Herrington & Sutcliff LLP ("Orrick"), as special counsel under Section 327(e) of the Bankruptcy Code; Rubinstein Associates, Inc. as corporate communications consultant; Mercer (US) Inc. ("Mercer") as compensation consultant, Curtis, Mallet, Provost, Colt & Mosle LLP ("Curtis Mallet") as conflicts counsel; FTI Consulting, Inc. ("FTI") as financial advisors to the Debtors under section 328 of the Bankruptcy Code, and Centerview Partners LLC ("Centerview") as investment bankers for the Debtors under section 328 of the Bankruptcy Code. After discussions with the Official Committee of Unsecured Creditors appointed in the Debtor's bankruptcy cases (the "Committee"), the Debtors agreed to adjourn to July 24, 2012 the hearing on the Debtors' applications to retain FTI and Centerview.

[3] On July 6, 2012 the U.S. Trustee filed the *Omnibus Objection of the United States Trustee to Applications for Separate Orders Authorizing the Employment and Retention of (i) Morrison & Foerster LLP as Bankruptcy Counsel; (ii) Centerview Partners LLC as Investment Banker; (iii) Carpenter Lipps and Leland LLP as Special Litigation Counsel; (iv) Dorsey & Whitney LLP as Special Securitization and Investigatory Counsel; (v) Orrick, Herrington & Sutcliffe LLP as Special Securitization Transactional and Litigation Counsel; (vi) Mercer (US) Inc. as Compensation Consultant; (vii) Rubenstein Associates, Inc. as Corporate Communications Consultant; (viii) FTI Consulting, Inc. as Financial Advisor; (ix) Curtis, Mallet-Prevost, Colt & Mosle LLP as Conflicts Counsel; (x) Moelis & Company LLC as Investment Banker; (xi) AlixPartners LLP as Financial Advisor; and (xii) Professionals Used in the Ordinary Course of Business* [Docket No. 703].

2

ny-1049020

### A. THE UST OBJECTION

5. The UST Objection raises only a few issues, most of which the Debtors believe have been resolved. For example, the Debtors' proposed professionals have all agreed to include in their respective retention orders language requested by the UST regarding (i) hourly rate increases, (ii) application of remaining pre-petition retainers and (iii) indemnities. Also, the Debtors' professionals have agreed to file supplemental disclosures as requested by the UST regarding specific prepetition engagements and fees paid by the Debtors to the professionals within the ninety days preceding the Petition Date. The remaining objections which have not been resolved are addressed below.

### (i) The Professionals Will Avoid Unnecessary Duplication of Efforts.

6. The UST Objection raises concerns regarding possible duplication among Morrison & Foerster, Carpenter Lipps, Dorsey & Whitney and Orrick. See UST Objection at 23. Specifically, the UST raises concerns about possible overlap of services with respect to securitization-related litigation and investigations and to the "catch-all" service provisions in the retention applications of each of these professionals.

7. As noted above, well before the filing of the Debtors' bankruptcy cases, the Debtors were embroiled in numerous litigations and investigations brought by investors, insurers, state and federal agencies, and other parties arising out of residential mortgage backed securitizations, foreclosure proceedings, and alleged violations of state and federal laws. These litigations and investigations encompass millions upon millions of pages of documents, years of negotiations and, in many cases, seek billions of dollars in damages against the Debtors. These matters, are highly complex, and require the specialized factual and legal knowledge of the Debtors' outside counsel.

8. The Debtors seek to retain Morrison & Foerster as general bankruptcy counsel under section 327(a) of the Bankruptcy Code. As such, Morrison & Foerster will provide to the Debtors primary advice regarding the bankruptcy process. Naturally, such advice cannot be given in a vacuum. To offer effective advice on bankruptcy matters impacting the goals outlined above, Morrison & Foerster must draw from the knowledge and expertise of the Debtors' other professionals. In particular, Morrison & Foerster must work carefully with various law firms that the Debtors seek to retain under section 327(e) of the Bankruptcy Code. These firms possess the specialization, and the factual knowledge gained from their prepetition involvement in litigations, investigations and negotiations conducted on the Debtors' behalf.

9. One such firm is Carpenter Lipps. The firm's institutional knowledge and extensive work in defending claims brought against the Debtors by monoline insurance provider, MBIA, is invaluable to Morrison & Foerster as the Debtors attempt to navigate these claims during the bankruptcy cases. See Declaration of Jennifer A.I. Battle (the "Battle Decl.") ¶ 7. Carpenter Lipps has been defending the Debtors in private label mortgage-backed securities litigations ("PLS") since 2010. See Battle Decl. ¶ 6. The firm has supervised the production of more than seven million pages of documents and defended over eighty days' worth of depositions of current and former personnel of the Debtors. See Battle Decl. ¶ 7. They have provided and continue to provide to Morrison & Foerster invaluable assistance in connection with the Debtors' efforts to extend the automatic stay to third parties and in connection with settlement discussions with representatives of PLS trusts. It is anticipated that Morrison & Foerster will need the assistance of Carpenter Lipps in future disputes related to PLS and in their dealings with the monoline insurers in these cases.

10. Similarly, Orrick has been providing the Debtors and Morrison & Foerster assistance in interpreting and implementing contractual provisions of securitization documents

and servicing contracts, many of which were drafted by Orrick attorneys. See Supplemental Declaration of Katharine Crost (the "Crost Decl.") § A.  Moreover, Orrick is assisting with matters that may arise in connection with modifications to the Debtors' securitization and servicing agreements necessitated by the Debtors' sale process.  See Crost Decl. § A.  Their insight into these matters, including the timing required to provide satisfactory notice to third parties under these prepetition agreements is of particular importance to the Debtors and will assist Morrison & Foerster in working through the logistical hurdles of the sale process.  Furthermore, Orrick had been retained by the Debtors to assist in defending litigation brought by FGIC and other monolines (other than MBIA).  Orrick will transition those services to Morrison & Foerster.  See Crost Decl. § A.

11. Finally, Dorsey & Whitney has been particularly active in investigations being conducted by the United States Department of Justice and the SEC regarding the Debtors' prepetition securities transactions.  See Supplemental Declaration of Thomas Kelly (the "Kelly Decl.") ¶ 9.  The SEC investigation continues and will need to be addressed during these cases.  Dorsey & Whitney will be transitioning the responsibility for these investigations to Morrison & Foerster.  See Kelly Decl. ¶ 10.

12. Each of these three firms will support Morrison & Foerster in rendering bankruptcy advice while assisting the Debtors on the specific matters for which they are being retained.  In so doing, the firms will keep duplication to a minimum.  While the subject matter on which their firm were retained prepetition appears to be similar, i.e., "securitizations," there exist many types of proceedings concerning a given subject matter, and no single firm is representing the Debtors in each and every proceeding concerning a subject matter.

13. The UST expresses a concern regarding the "catch-all" provision contained within the description of services for each of the firms sought to be retained as special counsel.  See

5

ny-1049020

UST Objection at 23. The UST argues that the provisions are too broad and should be replaced by references to specific services to be rendered. See UST Objection at 24. To be clear, the "catch-all" provision is not intended to provide the Debtors or the professional with the broad right to provide services on matters that are not part of the general scope of services for which they are being retained. Instead, the "catch-all" provisions are intended to account for the fact that the landscape of these complex cases have and will continue to evolve through the bankruptcy process. Whatever services are being rendered, they must relate to the matters for which the professional has been retained.

14. In these cases, it is difficult to neatly isolate matters from one another into silos because so many of the issues that affect the scope and direction of these cases are interwoven. A given servicing agreement may be the focus of the proposed sale process, a contractual dispute with the servicing party, or the subject of a prepetition or administrative claim reconciliation and/or an investigation. Its relevance to these cases can change depending upon the context in which it is implicated. Attempting to place hard delineations on the services to be rendered without providing the flexibility needed to adapt to a situation will lead to additional applications, Court hearings, delay and expense.

15. The Debtors have done their best to identify clearly with their professionals the scope of matters to be addressed by such professionals. Because many of these services will be reactionary and dictated by the actions of third parties in these cases, the applications have been crafted in a manner intended to define the scope of the professionals' tasks but provide necessary flexibility. Certainly, to the extent that the proposed retention of any of these particular firms would be expanded to include an entirely new subject matter, the Debtors will file an application seeking Court approval to amend the terms of that particular professional's engagement.

16.     It should also be noted that each of these professionals understands that this Court will not tolerate unnecessary duplication of efforts. Each professional also understands that in filing applications for payment of compensation and reimbursement of expenses, the UST, the Committee, this Court and other parties-in-interest will carefully scrutinize the services provided.

### (ii)     Miscellaneous UST Objections

17.     The UST also objects to the requests by Mercer, Rubinstein and Centerview for authority to charge the estates for outside counsel fees incurred by these professionals. See UST Objection at 34. Mercer requests this right as part of the terms of their standard engagement. See Supplemental Declaration of John Dempsey (the "Dempsey Declaration") ¶ 8.[4] The Debtors respectfully submit that this Courts' decision on this point in In re Borders Group, Inc., 456 B.R. 195 (Bankr. S.D.N.Y. 2011) is well reasoned and should be applied to the facts of these particular retentions. Moreover, as discussed in the Dempsey Declaration, the inclusion of the provision in the Mercer engagement letter for the reimbursement of attorneys' fees is typical of Mercer's agreements with clients, including those in bankruptcy. See Dempsey Declaration ¶ 8.

18.     Furthermore, to the extent Rubenstein seeks to be reimbursed for attorneys' fees it will only do so in connection with a request for indemnification. See Supplemental Affidavit of Howard Rubenstein ¶ 5. Rubenstein has revised the proposed order approving its retention to include the UST's requested language on this issue.

19.     The UST also objects to the requests by Mercer and Rubinstein to maintain time in quarter hour increments rather than the tenth of an hour increments required by the UST's guidelines. Rubinstein has agreed to comply with this request. Mercer has agreed that it will not

---

[4] As noted above, the Debtors have continued to July 24th the hearing on the application to retain Centerview. Nevertheless, Centerview's standard engagement letter also includes this same right to payment of attorney's fees.

7

ny-1049020

seek reimbursement for services that do not equal at least a quarter of an hour.[5]  See Dempsey Declaration ¶ 7.  Moreover, the order entered by this Court approving Mercer's retention in In re Borders Group, Inc., explicitly provided that Mercer was permitted to maintain time in quarter hour increments.  See In re Borders, Group, Inc., Case No. 11-10614 (MG) (Bankr. S.D.N.Y. Apr. 7, 2011) [Docket No. 560].

20. Based on the foregoing, the Debtors respectfully request that the UST Objection be overruled.

    **B.    LEWIS OBJECTION**

21. The only other objection filed to any of the Retention Applications was filed by Mr. and Mrs. Sidney Lewis.  The Lewis' oppose the Debtors' efforts to retain Carpenter Lipps as special counsel.  The Lewis Objection is based on incorrect facts.  Moreover, even if the facts as alleged in the Lewis Objection were true, they would not serve as a basis to deny the Debtors' application to retain Carpenter Lipps.  As set forth in the Battle Decl., Carpenter Lipps was not retained by the Debtors in connection with the commencement of the Ohio State Court proceedings of which the Lewis' complain.  See Battle Decl. ¶ 16.  Rather, Carpenter Lipps was retained by the Debtors in connection with an appeal of that underlying proceeding initiated by the Lewis'.  Moreover, it should be noted that Mr. Lewis and Mrs. Lewis have been declared by the Franklin Court of Common Pleas to be "vexatious litigants" who must get leave of the Court in order to file any request for relief or maintain any appeal within the state courts of the State of Ohio.[6]  See Battle Decl. ¶ 17.

22. For the foregoing reasons, the Debtors respectfully request that the Lewis Objection to the Debtors' application to retain the Carpenter Lipps firm be overruled.

---

[5] As provided in the Dempsey Declaration, Mercer's computer system does not allow for its professionals to maintain time records in less than one quarter hour increments.  See Dempsey Declaration ¶ 7.
[6] The decision from the Ohio Supreme Court in annexed to the Battle Decl. as Exhibit 5.

## CONCLUSION

Accordingly, for the reasons set forth herein the Debtors respectfully request that, (a) the UST Objection be overruled, (b) the Lewis Objection be overruled, (c) that the Retention Applications be approved, and (d) for such other and further relief as this Court deems just and proper.

Dated: July 11, 2012
      New York, New York

                                                 */s/*   Larren M. Nashelsky
                                                Larren M. Nashelsky
                                                Gary S. Lee
                                                Lorenzo Marinuzzi
                                                MORRISON & FOERSTER LLP
                                                1290 Avenue of the Americas
                                                New York, New York 10104
                                                Telephone: (212) 468-8000
                                                Facsimile: (212) 468-7900

                                                *Proposed Counsel for the Debtors and Debtors in Possession*

9

ny-1049020