**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------

In re:

RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,

                    Debtors.

---------------------------------------------------------------

)
)
)
)
)
)
)
)
)

Case No. 12-12020 (MG)

Chapter 11

Jointly Administered

## DECLARATION OF JENNIFER A.L. BATTLE

        Pursuant to section 327 of the Bankruptcy Code, Bankruptcy Rule 2014(a) and 28

U.S.C. § 1746, Jennifer A.L. Battle declares:

        1.      I am an attorney at law admitted and in good standing to practice in the States of

New York, Pennsylvania and Ohio, before the United States District Court for the Eastern

District of Pennsylvania, and before the Third Circuit Court of Appeals.

        2.      I am a partner of the law firm of Carpenter Lipps & Leland LLP ("CLL") and am

duly authorized to make this Declaration on behalf of CLL.  I make this Declaration in support of

the Application Under 11 U.S.C. § 327(e) Authorizing Debtors to Retain and Employ Carpenter

Lipps & Leland LLP as Special Litigation Counsel, *Nunc Pro Tunc* to the Petition Date (the

"Application")[1] and in response to (a) the Omnibus Objection to professional retention

applications filed by the United States Trustee (Docket No. 703) and (b) the Objection of

Yvonne Lewis and Sidney Lewis to the retention of CLL.

        3.      Facts set forth in this Declaration are based upon information from, and

discussions I, or other CLL personnel reporting to me, have had with certain of my colleagues

who have been working on certain litigation matters on behalf of the Debtors.

---

[1]    Capitalized terms not otherwise defined herein have the meanings given to them in the Application.

4.      If I were called upon to testify, I could and would testify competently to the facts set forth herein based *inter alia* upon the aforesaid review and input.  I am authorized to submit this Declaration on behalf of CLL.

## SERVICES PERFORMED BY CLL

5.      The specific services it is anticipated that the Debtors will require of CLL are described in Paragraph 6(a) through (e) of the Lipps Declaration.  Additional detail regarding CLL's unique ability to provide these services efficiently and effectively is provided below.

6.      CLL has been defending the Debtors in residential mortgage-backed securities (PLS) litigation since the spring of 2010.  The Firm has had primary responsibility for investigating the historical facts surrounding the Debtors' PLS business during the time period of 2004 to 2008, the critical time period for the issuance of the Debtors' PLS securitizations.

7.      CLL defended the Debtors in the *MBIA v. RFC* and *MBIA v. GMAC Mortgage* cases, which have progressed the farthest of any of the PLS litigation cases against the Debtors. In these two cases, CLL lawyers have worked with Debtors to locate, collect and analyze hundreds of thousands of relevant documents, supervised the production of over 7 million pages of documents, and defended over 80 days worth of depositions of current or former personnel of the Debtors.  Additional document productions and factual research into the Debtors' PLS business were performed by CLL in connection with the *New Jersey Carpenters* and *West Virginia Investment Management Board* cases.  The factual development of the defenses in the various cases has involved dozens of interviews and meetings with current and former employees, many of whom had long since left the Debtors' employment.  Indeed, because of the extraordinary downsizing of the Debtors since 2007, the vast majority of the relevant witnesses are former employees who were involuntarily terminated years ago.

8.      Because of this deep experience base, the Debtors have asked CLL to serve as primary defense counsel in many other pending PLS litigation matters, and brought CLL in as co-counsel when a PLS case initially handled by another firm has approached the start of factual discovery (as was the case in Allstate, Cambridge Place, Union Central, and Mass Mutual). In the cases in which CLL had not yet entered an appearance at the time of the Debtors' bankruptcy filings, such as the NCUA litigation matters, the Debtors have nonetheless enlisted CLL's help, and encouraged other counsel to enlist CLL's help, on factual issues and strategic questions along the way.

9.      Since the filing of these cases, CLL and Morrison & Foerster LLP ("Morrison & Foerster") have collaborated closely on a number of PLS matters, but in a way designed to avoid duplication. Many of the creditors are party plaintiffs in private suits against ResCap entities that CLL has already been litigating for several years, and CLL is continuing to provide advice and strategic guidance to ResCap as to those creditors' claims. Both firms worked on the Motion to Extend Stay (Adv. Proc. Case No. 12-01671); the Motion to Approve RMBS Trust Settlements (Docket No. 320), and are collaborating on the responses to discovery propounded by the UCC. In each such case, there has been minimal or no duplication of effort. For example, while Morrison & Foerster drafted and conducted the legal research necessary to file the Motion to Extend Stay, CLL drafted and summarized the relevant facts relating to the underlying PLS litigation described in the Lipps Declaration submitted in support of that Motion. CLL also helped review the motion to insure that the factual arguments made in the Motion reflected the factual record. Similarly, while Morrison & Foerster drafted the Motion to approve the RMBS Trust Settlements, CLL provided technical advice and support and factual background based on its deep prepetition experience with PLS litigation, including the potential impact of the

settlement on monoline insurers (which CLL had extensively analyzed in connection with the
two pre-petition cases filed by MBIA).

      10.     At Morrison & Foerster's request, CLL also participated in working with Frank
Sillman and Fortace (with whom CLL had worked in pre-petition PLS matters on behalf of the
Debtors) to prepare the supporting expert report. Accordingly, appropriate efforts have been
made and continue to be made to coordinate the work being done by Morrison & Foerster and
CLL to avoid unnecessary duplication and minimize the costs borne by the Debtors' estates.

      11.     Apart from the PLS litigation matters, CLL serves as counsel for the Debtors in
connection with certain contested foreclosure proceedings in the state of Ohio. The cases are
assigned to CLL based on their particular complexity, greater potential exposure or other unique
factual or legal issues, and are therefore different from more standard foreclosure proceedings,
which can be handled by ordinary course foreclosure counsel. CLL also defends the Debtors
from time to time in other litigation filed in the state of Ohio when requested by the Debtors. No
other law firm for whom the Debtors have filed a retention application acts as foreclosure
counsel in Ohio and these services are not duplicative of those provided by any other
professional.

      12.     Finally, because of CLL's unique base of knowledge regarding the Debtors'
historical mortgage-related business operations, CLL has assisted the Debtors in responding to
various government investigations. Some of the investigations have required the Debtors to
research a number of historical information sources, and CLL's accumulated knowledge of the
Debtors' historical business practices and electronic systems has been central to the process of
correctly identifying and providing responsive information. In that regard, CLL and ResCap
employees have worked together to manage the identification, collection, and production

processes, and CLL has interfaced directly with the SEC on a number of substantive issues about which the SEC has inquired. CLL has the knowledge and experience to prepare mortgage business employees for possible testimony in connection with the SEC or other investigations.

13.    As counsel to ResCap on PLS litigation discovery issues, CLL manages the team of contract reviewers that has worked on document production across the PLS litigation since 2010, and provides the quality control for the review process with attorneys experienced with ResCap's historical business processes, personnel and documents. These services are currently being provided in connection with the Rule 2004 subpoena, the government investigations, and other miscellaneous discovery requests such as those propounded in connection with the Motions to Extend Stay and the Motion to Approve RMBS Trust Settlements. If other discovery requests are propounded in connection with, for example, creditor claims or the appointment of the Examiner, it is anticipated that CLL would be directly involved in the collection and production efforts for those matters.

## PAYMENT HISTORY

14.    Attached as Exhibit 1 is a report detailing the payments that CLL received with respect to legal services related to the Debtors and their nondebtor affiliates in the 90 days before the filing of these cases. Prior to the Petition Date, the Debtors and their nondebtor affiliates had CLL submit single bills for particular legal matters and these bills would be satisfied by a single payment. CLL was not involved in the ultimate allocation of the burden of these bills between the Debtors and their nondebtor affiliates under this arrangement. As disclosed in the June 26, 2012 Declaration of Jeffrey Lipps in support of the Application (the "Lipps Declaration"), CLL has continued to represent certain of the nondebtor affiliates that were co-defendants with the Debtors since the Petition Date. CLL has opened separate billing matters for the fees and expenses related to those services and will not charge the Debtors for those services.

## OBJECTION OF SIDNEY LEWIS AND YVONNE D. WEBB-LEWIS

15.    The Objection of Sidney Lewis and Yvonne D. Webb-Lewis appears to be concerned with a factual dispute regarding whether they were properly served with foreclosure papers in 2005.  CLL has not been involved in the service of any foreclosure papers on the Lewises on behalf of GMACM and no attack by the Lewises on the validity of such service would require testimony by CLL.

16.    In the fall of 2011, the Debtors assigned CLL to handle the appeal of a foreclosure case involving the Lewises which had been handled at the trial level by other counsel.  A copy of the court docket showing when CLL first appeared in the appeal is attached hereto as Exhibit 2. The appeal was dismissed before CLL filed an appellate brief on behalf of GMACM.  After that appeal was dismissed, the original foreclosure counsel who handled the matter at the trial level successfully prosecuted the matter through a foreclosure sale.  The Lewises then filed a separate appeal of the order confirming the foreclosure sale, which the Franklin County Court of Appeals has dismissed sua sponte as having no merit and noted they had previously been found to be vexatious litigators.  A copy of the order dismissing the appeal is attached hereto as Exhibit 3.

17. .   On May 4, 2006 an order was entered in <u>Sidney Lewis v. Old Republic Surety Company, Ltd.</u>, Case No. 05CVHO4-4B14 in the Court of Common Pleas of Franklin County, Ohio finding Sidney Lewis to be a vexatious litigator.  On July 24, 2008, an order was entered in <u>Huntington National Bank v. Sidney Lewis, et al,</u> Case No. 05CVH07-7346 in the Court of Common Pleas of Franklin County, Ohio finding Sidney Lewis and Yvonne D. Webb-Lewis to be vexatious litigators.  Copies of those orders obtained from public court records are attached hereto as Exhibit 4.

18.    On December 30, 2011, Sidney Lewis and Yvonne D. Webb-Lewis petitioned the Ohio Supreme Court for authority to file a motion to reconsider the sanctions imposed on them

as vexatious litigators. On January 4, 2012, the Ohio Supreme Court announced that it had

denied the request. A copy of the case announcement from the Ohio Supreme Court denying the

request is attached hereto as Exhibit 5.

## UPDATE TO DISCLOSURES IN ORIGINAL LIPPS DECLARTION

19.     Since the filing of the Lipps Declaration a number of developments have occurred

with respect to the disclosures made in that Declaration. We would like to provide the following

updates:

> (a)     Replacement counsel for Ally Securities LLC ("Ally Securities") has filed
> papers with the court in the Union Central matter to be substituted as
> counsel. CLL understands that Deutsche Bank has selected replacement
> counsel in that matter and that counsel will file papers with the Court to
> replace CLL in the near future.

> (b)     Replacement counsel for Ally Securities in the FHFA v. Ally and New
> Jersey Carpenters cases has had their pro hac motions granted and will be
> filling papers in the near future to be substituted in as counsel.

20.     A typographical error was made in the finalization of the Lipps Declaration with

respect to the outstanding amount of the retainer held by CLL. The Application correctly

reported in footnote 4 that the remaining amount of the retainer was $381,113.85. However, the

Lipps Declaration inadvertently described the $118,886.15 amount of the retainer drawn down

by CLL prepetition as the remaining retainer balance. CLL intends to draw on the balance of the

retainer to satisfy fees and expenses in these cases that are approved by the Court until the

retainer is exhausted, at which point it intends to invoice the Debtors for these fees and expenses.

21.     In addition to the expenses listed in Paragraph 18 of the Lipps Declaration, CLL

also customarily charges its clients for vendor expenses incurred in connection with processing

documents, including electronic documents, for production in response to discovery requests.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the

United States of America that the foregoing is true and correct.

Date:   July 11, 2012

Jennifer A.L. Battle, Esq.

**EXHBIIT 1**

Exhibit 1 to Battle Declaration
Payments to CLL in 90 Days Prior to Bankruptcy

| Invoice Date | Invoice # | Invoice Amount | Breakdown of invoices | Date Paid | Amount Paid | |
|---|---|---|---|---|---|---|
| 2/3/2012 | | $240,001.41 | | | | |
| | 47831 | | $37,235.00 | 2/22/2012 | $37,235.00 | |
| | 47833 | | $250.00 | 2/29/2012 | $250.00 | |
| | 47834 | | $276.00 | 2/15/2012 | $276.00 | |
| | 47847 | | $48,389.62 | 2/22/2012 | $48,389.62 | |
| | 47959 | | $20,582.90 | 2/22/2012 | $20,582.90 | |
| | 47960 | | $9,740.50 | 2/29/2012 | $9,740.50 | |
| | 47962 | | $207.00 | 2/15/2012 | $207.00 | |
| | 47954 | | $25,430.50 | 2/22/2012 | $25,430.50 | |
| | 48128 | | $13,179.00 | 2/22/2012 | $13,179.00 | |
| | 48089 | | $26,551.89 | 2/22/2012 | $26,551.89 | |
| | 48130 | | $210.31 | 2/15/2012 | $210.31 | |
| | 48131 | | $3,530.95 | 2/15/2012 | $3,530.95 | |
| | 48132 | | $17,342.86 | 2/22/2012 | $17,342.86 | |
| | 48133 | | $36,319.88 | 2/22/2012 | $36,319.88 | |
| | 48134 | | $755.00 | 2/15/2012 | $755.00 | |
| | | | $240,001.41 | | | $240,001.41 |
| 2/8/2012 | | $67,460.76 | | | | |
| | 48142 | | $3,211.50 | 2/15/2012 | $3,211.50 | |
| | 48143 | | $8,911.00 | 2/22/2012 | $8,911.00 | |
| | 48144 | | $3,712.36 | 2/22/2012 | $3,712.36 | |
| | 48145 | | $23,495.00 | 2/29/2012 | $23,495.00 | |
| | 48146 | | $3,058.70 | 2/22/2012 | $3,058.70 | |
| | 48147 | | $3,405.70 | 2/29/2012 | $3,405.70 | |
| | 48148 | | $3,777.00 | 2/22/2012 | $3,777.00 | |
| | 48149 | | $890.00 | 2/15/2012 | $890.00 | |
| | 48150 | | $11,334.50 | 2/29/2012 | $11,334.50 | |
| | 48151 | | $5,149.00 | 2/29/2012 | $5,149.00 | |
| | 48152 | | $516.00 | 2/15/2012 | $516.00 | |
| | | | $67,460.76 | | | $67,460.76 |
| 2/24/2012 | | $64,813.22 | | | | |
| | 48450 | | $1,033.17 | 3/8/2012 | $1,033.17 | |
| | 48451 | | $7,891.82 | 3/21/2012 | $7,891.82 | |
| | 48452 | | $1,008.30 | 3/8/2012 | $1,008.30 | |
| | 48453 | | $989.99 | 3/8/2012 | $989.99 | |
| | 48454 | | $601.81 | 3/8/2012 | $601.81 | |
| | 48455 | | $13,674.66 | 4/4/2012 | $13,674.66 | |
| | 48456 | | $29,509.91 | 3/21/2012 | $29,509.91 | |
| | 48457 | | $259.50 | 3/8/2012 | $259.50 | |
| | 48458 | | $9,829.06 | 3/29/2012 | $9,829.06 | |
| | 48459 | | $15.00 | 3/8/2012 | $15.00 | |
| | | | $64,813.22 | | | $64,813.22 |
| 3/6/2012 | | $402,969.09 | | | | |
| | 48499 | | $24,717.41 | 3/29/2012 | $24,717.41 | |
| | 48500 | | $5,643.50 | 3/29/2012 | $5,643.50 | |
| | 48501 | | $155,199.72 | 3/29/2012 | $155,199.72 | |
| | 48502 | | $124,557.19 | 4/11/2012 | $124,557.19 | |
| | 48503 | | $23,303.73 | 3/29/2012 | $23,303.73 | |
| | 48504 | | $11,057.00 | 3/29/2012 | $11,057.00 | |

| | | | | | | |
|---|---|---|---|---|---|---|
| | 48505 | | $7,844.00 | 3/29/2012 | $7,844.00 | |
| | 48506 | | $14,013.50 | 3/29/2012 | $14,013.50 | |
| | 48507 | | $150.00 | 3/14/2012 | $150.00 | |
| | 48508 | | $4,915.00 | 3/21/2012 | $4,915.00 | |
| | 48509 | | $14,466.62 | 3/29/2012 | $14,466.62 | |
| | 48510 | | $13,844.42 | 3/29/2012 | $13,844.42 | |
| | 48511 | | $175.00 | 3/14/2012 | $175.00 | |
| | 48512 | | $853.00 | 4/18/2012 | $853.00 | |
| | 48513 | | $906.00 | 3/29/2012 | $906.00 | |
| | 48529 | | $948.00 | 3/29/2012 | $948.00 | |
| | 48530 | | $375.00 | 3/21/2012 | $375.00 | |
| | | | $402,969.09 | | | $402,969.09 |
| 3/21/2012 | | $304,936.14 | | | | |
| | 48634 | | $11,580.81 | 4/18/2012 | $11,580.81 | |
| | 48635 | | $10,688.19 | 4/18/2012 | $10,688.19 | |
| | 48636 | | $75,078.98 | 4/25/2012 | $75,078.98 | |
| | 48637 | | $99,587.84 | 4/25/2012 | $99,587.84 | |
| | 48638 | | $5,823.24 | 4/18/2012 | $5,823.24 | |
| | 48639 | | $10,400.50 | 4/18/2012 | $10,400.50 | |
| | 48640 | | $30,144.25 | 4/25/2012 | $30,144.25 | |
| | 48641 | | $19,490.42 | 4/18/2012 | $19,490.42 | |
| | 48642 | | $3,381.56 | 4/25/2012 | $3,381.56 | |
| | 48643 | | $1,610.75 | 4/25/2012 | $1,610.75 | |
| | 48644 | | $6,610.63 | 4/4/2012 | $6,610.63 | |
| | 48645 | | $7,184.00 | 4/4/2012 | $7,184.00 | |
| | 48646 | | $21,554.14 | 4/18/2012 | $21,554.14 | |
| | 48647 | | $484.00 | 3/29/2012 | $484.00 | |
| | 48648 | | $133.00 | 3/29/2012 | $133.00 | |
| | 48649 | | $379.83 | 3/29/2012 | $379.83 | |
| | 48650 | | $50.00 | 3/29/2012 | $50.00 | |
| | 48762 | | $754.00 | 3/21/2012 | $754.00 | |
| | | | $304,936.14 | | | $304,936.14 |
| 3/26/2012 | | $698.00 | | | | |
| | 48808 | | $312.00 | 4/11/2012 | $312.00 | |
| | 48810 | | $386.00 | 4/11/2012 | $386.00 | |
| | | | $698.00 | | | $698.00 |
| 3/30/2012 | | $47,206.83 | | | | |
| | 48833 | | $5,984.17 | 4/11/2012 | $5,984.17 | |
| | 48834 | | $17,594.70 | 4/11/2012 | $17,594.70 | |
| | 48835 | | $7,994.50 | 4/11/2012 | $7,994.50 | |
| | 48836 | | $1,549.50 | 4/11/2012 | $1,549.50 | |
| | 48837 | | $350.00 | 4/11/2012 | $350.00 | |
| | 48838 | | $13,733.96 | 4/11/2012 | $13,733.96 | |
| | | | $47,206.83 | | | $47,206.83 |
| 4/2/2012 | | $191,556.00 | | | | |
| | 48840 | | $5,377.00 | 4/18/2012 | $5,377.00 | |
| | 48841 | | $3,423.00 | 4/25/2012 | $3,423.00 | |
| | 48842 | | $75,803.50 | 4/25/2012 | $75,803.50 | |
| | 48843 | | $15,056.50 | 4/18/2012 | $15,056.50 | |
| | 48844 | | $108.00 | 4/11/2012 | $108.00 | |
| | 48845 | | $17,455.00 | 4/18/2012 | $17,455.00 | |
| | 48846 | | $1,870.00 | 4/11/2012 | $1,870.00 | |
| | 48847 | | $12,139.00 | 4/18/2012 | $12,139.00 | |

| | | | | | | |
|---|---|---|---|---|---|---|
| | 48848 | | $5,614.00 | 4/18/2012 | $5,614.00 | |
| | 48849 | | $10,118.00 | 4/18/2012 | $10,118.00 | |
| | 48850 | | $7,669.00 | 4/18/2012 | $7,669.00 | |
| | 48851 | | $276.00 | 4/25/2012 | $276.00 | |
| | 48852 | | $330.00 | 4/18/2012 | $330.00 | |
| | 48853 | | $2,834.00 | 4/18/2012 | $2,834.00 | |
| | 48854 | | $175.00 | 4/25/2012 | $175.00 | |
| | 48855 | | $325.00 | 4/11/2012 | $325.00 | |
| | 48856 | | $32,908.00 | 4/18/2012 | $32,908.00 | |
| | 48857 | | $75.00 | 4/11/2012 | $75.00 | |
| | | | $191,556.00 | | | $191,556.00 |
| | | | | | | |
| 4/6/2012 | | $86,078.25 | | | | |
| | 48862 | | $1,997.00 | 4/18/2012 | $1,997.00 | |
| | 48863 | | $36,865.55 | 4/18/2012 | $36,865.55 | |
| | 48864 | | $28,563.67 | 4/18/2012 | $28,563.67 | |
| | 48865 | | $62.52 | 4/18/2012 | $62.52 | |
| | 48866 | | $104.73 | 4/18/2012 | $104.73 | |
| | 48867 | | $18,484.78 | 4/18/2012 | $18,484.78 | |
| | | | $86,078.25 | | | $86,078.25 |
| | | | | | | |
| 4/9/2012 | | $7,000.00 | | | | |
| | 48880 | | $7,000.00 | 4/18/2012 | $7,000.00 | |
| | | | $7,000.00 | | | $7,000.00 |
| | | | | | | |
| 4/10/2012 | | $100.00 | | | | |
| | 48881 | | $100.00 | 4/18/2012 | $100.00 | |
| | | | $100.00 | | | $100.00 |
| | | | | | | |
| 4/13/2012 | | $208,037.65 | | | | |
| | 48892 | | $286.08 | 4/18/2012 | $286.08 | |
| | 48893 | | $12,015.57 | 4/18/2012 | $12,015.57 | |
| | 48894 | | $195,379.88 | 4/25/2012 | $195,379.88 | |
| | 48895 | | $58.12 | 4/18/2012 | $58.12 | |
| | 48896 | | $266.74 | 4/18/2012 | $266.74 | |
| | 48897 | | $15.63 | 4/18/2012 | $15.63 | |
| | 48898 | | $15.63 | 4/18/2012 | $15.63 | |
| | | | $208,037.65 | | | $208,037.65 |
| | | | | | | |
| 4/13/2012 | | $9,063.77 | | | | |
| | 48951 | | $3,593.16 | 5/11/2012 | $3,593.16 | |
| | 49030 | | $3,832.14 | 5/11/2012 | $3,832.14 | |
| | 48980 | | $1,586.47 | 5/11/2012 | $1,586.47 | |
| | 48981 | | $26.00 | 5/11/2012 | $26.00 | |
| | 48983 | | $26.00 | 5/11/2012 | $26.00 | |
| | | | $9,063.77 | | | $9,063.77 |
| | | | | | | |
| 4/19/2012 | | $192,714.72 | | | | |
| | 49003 | | $8,845.91 | 4/25/2012 | $8,845.91 | |
| | 49004 | | $14,256.00 | 4/25/2012 | $14,256.00 | |
| | 49005 | | $44,549.18 | 4/25/2012 | $44,549.18 | |
| | 49006 | | $53,328.22 | 5/2/2012 | $53,328.22 | |
| | 49007 | | $9,863.00 | 4/25/2012 | $9,863.00 | |

| | | | | | |
|---|---|---|---|---|---|
| | 49008 | | $5,027.00 | 4/25/2012 | $5,027.00 | |
| | 49009 | | $4,453.59 | 4/25/2012 | $4,453.59 | |
| | 49010 | | $10,680.26 | 4/25/2012 | $10,680.26 | |
| | 49011 | | $7,072.56 | 4/25/2012 | $7,072.56 | |
| | 49012 | | $12,402.50 | 4/25/2012 | $12,402.50 | |
| | 49013 | | $1,047.00 | 4/25/2012 | $1,047.00 | |
| | 49014 | | $383.00 | 4/25/2012 | $383.00 | . |
| | 49015 | | $137.00 | 4/25/2012 | $137.00 | |
| | 49016 | | $425.00 | 4/25/2012 | $425.00 | |
| | 49017 | | $19,986.50 | 4/25/2012 | $19,986.50 | |
| | 49018 | | $258.00 | 4/25/2012 | $258.00 | |
| | | | $192,714.72 | | | $192,714.72 |
| | | | | | | |
| 4/25/2012 | | $93,210.45 | | | | |
| | 49143 | | $1,442.00 | 5/2/2012 | $1,442.00 | |
| | 49144 | | $515.44 | 5/2/2012 | $515.44 | |
| | 49145 | | $25,029.95 | 5/2/2012 | $25,029.95 | |
| | 49146 | | $42,279.67 | 5/2/2012 | $42,279.67 | |
| | 49147 | | $4,452.00 | 5/2/2012 | $4,452.00 | |
| | 49148 | | $343.00 | 5/2/2012 | $343.00 | |
| | 49149 | | $6,778.50 | 5/2/2012 | $6,778.50 | |
| | 49150 | | $150.00 | 5/2/2012 | $150.00 | |
| | 49151 | | $150.00 | 5/2/2012 | $150.00 | |
| | 49152 | | $2,039.00 | 5/2/2012 | $2,039.00 | |
| | 49153 | | $458.00 | 5/2/2012 | $458.00 | |
| | 49154 | | $574.00 | 5/2/2012 | $574.00 | |
| | 49155 | | $50.00 | 5/2/2012 | $50.00 | |
| | 49156 | | $587.00 | 5/2/2012 | $587.00 | |
| | 49157 | | $8,361.89 | 5/2/2012 | $8,361.89 | |
| | | | $93,210.45 | | | $93,210.45 |
| | | | | | | |
| 5/4/2012 | | $205,845.33 | | | | |
| | 49199 | | $4,563.00 | 5/9/2012 | $4,563.00 | |
| | 42000 | | $547.50 | 5/9/2012 | $547.50 | |
| | 49201 | | $68,548.63 | 5/11/2012 | $68,548.63 | |
| | 49202 | | $87,169.33 | 5/11/2012 | $87,169.33 | |
| | 49203 | | $3,183.00 | 5/9/2012 | $3,183.00 | |
| | 49204 | | $6,331.00 | 5/11/2012 | $6,331.00 | |
| | 49205 | | $2,468.00 | 5/9/2012 | $2,468.00 | |
| | 49206 | | $9,207.50 | 5/11/2012 | $9,207.50 | |
| | 49207 | | $3,489.50 | 5/9/2012 | $3,489.50 | |
| | 49208 | | $3,776.89 | 5/9/2012 | $3,776.89 | |
| | 49209 | | $125.00 | 5/9/2012 | $125.00 | |
| | 49210 | | $23.00 | 5/9/2012 | $23.00 | |
| | 49211 | | $1,598.00 | 5/9/2012 | $1,598.00 | |
| | 49212 | | $764.00 | 5/9/2012 | $764.00 | |
| | 49213 | | $272.00 | 5/9/2012 | $272.00 | |
| | 49214 | | $7,646.78 | 5/11/2012 | $7,646.78 | |
| | 49215 | | $243.00 | 5/9/2012 | $243.00 | |
| | 49217 | | $520.00 | 5/11/2012 | $520.00 | |
| | 49218 | | $1,826.60 | 5/11/2012 | $1,826.60 | |
| | 49219 | | $1,826.60 | 5/11/2012 | $1,826.60 | |
| | 49220 | | $1,222.00 | 5/11/2012 | $1,222.00 | |
| | 49221 | | $260.00 | 5/11/2012 | $260.00 | |
| | 49222 | | $234.00 | 5/11/2012 | $234.00 | |
| | | | $205,845.33 | | | $205,845.33 |

| Date | Check # | Amount | | Date | Amount | |
|---|---|---|---|---|---|---|
| 5/7/2012 | | $960.00 | | | | |
| | 49223 | | $480.00 | 5/11/2012 | $480.00 | |
| | 49224 | | $480.00 | 5/11/2012 | $480.00 | |
| | | | $960.00 | | | $960.00 |
| | | | | | | |
| 5/8/2012 | | $105,010.51 | | | | |
| | 49225 | | $1,075.46 | 5/11/2012 | $1,075.46 | |
| | 49226 | | $1,096.46 | 5/11/2012 | $1,096.46 | |
| | 49227 | | $1,096.47 | 5/11/2012 | $1,096.47 | |
| | 49228 | | $3,074.00 | 5/11/2012 | $3,074.00 | |
| | 49229 | | $1,057.60 | 5/11/2012 | $1,057.60 | |
| | 49228 | | $3,074.00 | 5/11/2012 | $3,074.00 | |
| | 49229 | | $1,057.60 | 5/11/2012 | $1,057.60 | |
| | 49230 | | $520.00 | 5/11/2012 | $520.00 | |
| | 49231 | | $35,630.90 | 5/11/2012 | $35,630.90 | |
| | 49232 | | $22,163.02 | 5/11/2012 | $22,163.02 | |
| | 49233 | | $3,279.00 | 5/11/2012 | $3,279.00 | |
| | 49234 | | $3,614.00 | 5/11/2012 | $3,614.00 | |
| | 49235 | | $10,947.00 | 5/11/2012 | $10,947.00 | |
| | 49236 | | $3,096.00 | 5/11/2012 | $3,096.00 | |
| | 49237 | | $3,241.00 | 5/11/2012 | $3,241.00 | |
| | 49238 | | $75.00 | 5/11/2012 | $75.00 | |
| | 49239 | | $3,282.00 | 5/11/2012 | $3,282.00 | |
| | 49240 | | $225.00 | 5/11/2012 | $225.00 | |
| | 49241 | | $6,372.00 | 5/11/2012 | $6,372.00 | |
| | 49242 | | $50.00 | 5/11/2012 | $50.00 | |
| | 49243 | | $100.00 | 5/11/2012 | $100.00 | |
| | 49244 | | $442.00 | 5/11/2012 | $442.00 | |
| | 49245 | | $442.00 | 5/11/2012 | $442.00 | |
| | | | $105,010.51 | | | $105,010.51 |
| | | | | | | |
| 5/9/2012 | | $235,116.71 | | | | |
| | 49248 | | $781.00 | 5/11/2012 | $781.00 | |
| | 49249 | | $336.00 | 5/11/2012 | $336.00 | |
| | 49247 | | $209,359.79 | 5/11/2012 | $209,359.79 | |
| | 49248 | | $781.00 | 5/11/2012 | $781.00 | |
| | 49249 | | $336.00 | 5/11/2012 | $336.00 | |
| | 49250 | | $208.00 | 5/11/2012 | $208.00 | |
| | 49251 | | $7,243.50 | 5/11/2012 | $7,243.50 | |
| | 49253 | | $504.00 | 5/11/2012 | $504.00 | |
| | 49254 | | $850.00 | 5/11/2012 | $850.00 | |
| | 49255 | | $1,760.00 | 5/11/2012 | $1,760.00 | |
| | 49256 | | $2,770.00 | 5/11/2012 | $2,770.00 | |
| | 49257 | | $189.00 | 5/11/2012 | $189.00 | |
| | 49258 | | $8,816.42 | 5/11/2012 | $8,816.42 | |
| | 49259 | | $1,182.00 | 5/11/2012 | $1,182.00 | |
| | | | $235,116.71 | | | $235,116.71 |
| | | | | | | |
| 5/10/2012 | | $22,060.61 | | | | |
| | 49268 | | $1,032.00 | 5/11/2012 | $1,032.00 | |
| | 49269 | | $364.65 | 5/11/2012 | $364.65 | |
| | 49268 | | $1,032.00 | 5/11/2012 | $1,032.00 | |
| | 49269 | | $364.66 | 5/11/2012 | $364.66 | |
| | 49270 | | $4,943.72 | 5/11/2012 | $4,943.72 | |
| | 49272 | | $955.00 | 5/11/2012 | $955.00 | |
| | 49273 | | $3,645.00 | 5/11/2012 | $3,645.00 | |

| | | | | | |
|---|---|---|---|---|---|
| | 79274 | | $2,919.00 | 5/11/2012 | $2,919.00 | |
| | 79275 | | $237.00 | 5/11/2012 | $237.00 | |
| | 79276 | | $15.00 | 5/11/2012 | $15.00 | |
| | 49277 | | $904.00 | 5/11/2012 | $904.00 | |
| | 49278 | | $1,907.00 | 5/11/2012 | $1,907.00 | |
| | 49279 | | $3,741.58 | 5/11/2012 | $3,741.58 | |
| | | | $22,060.61 | | | $22,060.61 |
| 5/11/2012 | | $34,809.46 | | | | |
| | 49280 | | $754.00 | 5/11/2012 | $754.00 | |
| | 49281 | | $624.00 | 5/11/2012 | $624.00 | |
| | 49282 | | $26.00 | 5/11/2012 | $26.00 | |
| | 89283 | | $26.00 | 5/11/2012 | $26.00 | |
| | 89284 | | $26.00 | 5/11/2012 | $26.00 | |
| | 49285 | | $1,465.00 | 5/11/2012 | $1,465.00 | |
| | 49287 | | $4,075.88 | 5/11/2012 | $4,075.88 | |
| | 49288 | | $2,666.50 | 5/11/2012 | $2,666.50 | |
| | 49289 | | $276.00 | 5/11/2012 | $276.00 | |
| | 49290 | | $8,798.00 | 5/11/2012 | $8,798.00 | |
| | 49291 | | $2,969.00 | 5/11/2012 | $2,969.00 | |
| | 49292 | | $409.00 | 5/11/2012 | $409.00 | |
| | 49293 | | $1,535.00 | 5/11/2012 | $1,535.00 | |
| | 49294 | | $1,743.00 | 5/11/2012 | $1,743.00 | |
| | 49298 | | $1,062.50 | 5/11/2012 | $1,062.50 | |
| | 49299 | | $5,148.58 | 5/11/2012 | $5,148.58 | |
| | 49300 | | $105.00 | 5/11/2012 | $105.00 | |
| | 49301 | | $3,100.00 | 5/11/2012 | $3,100.00 | |
| | | | $34,809.46 | | | $34,809.46 |
| 5/11 Estimated Invoices | | $118,886.15 | | | | |
| Satisfied by Retainer Draw | | | | | | |
| | 49302 Fee | | $49,195.00 | 5/11/2012 | $49,195.00 | |
| | Exp | | $4,006.00 | | $4,006.00 | |
| | 96 | | $20,879.00 | | $20,879.00 | |
| | 49305 Fee | | $44,806.15 | | $44,806.15 | |
| | | | $118,886.15 | | | |
| | | | | | | $118,886.15 |
| | | | $2,638,535.06 | | | $2,638,535.06 |

Note: Invoice amounts have been adjusted to reflect prepetition writeoffs of certain amounts.

**EXHIBIT 2**



Last Name: [ ]   First Name: [ ]   Middle Init: [ ]   Court: All ▾   Case: 05 CV ▾ 004555   [Search]

⊞ Advanced Search                                                                  [Email Updates]

# CIVIL CASE DETAIL

[Previous Case]                                                                    [Next Case]

| CASE NUMBER | TYPE of CASE | | STATUS | DATE FILED |
|---|---|---|---|---|
| 05 CV 004555 | FORECLOSURES | | CLOSED | 04/22/2005 |

| JUDGE | COURTROOM |
|---|---|
| JULIE LYNCH | COURTROOM 7E |
| | 345 SOUTH HIGH STREET |
| | 7TH FLOOR |
| | COLUMBUS, OH 43215 |

**PLAINTIFF(S)**

| Name | | Attorney |
|---|---|---|
| ⊞ GMAC MORTGAGE CORPORATION | | |

**DEFENDANT(S)**

| Name | Attorney |
|---|---|
| ⊞ YVONNE D LEWIS | DAVID F HANSON |
| ⊞ SIDNEY T LEWIS | SIDNEY T LEWIS |

⊞ **CASE SCHEDULE**

| Date | Description |
|---|---|
| 04/22/05 | CASE FILED |
| ******** | INITIAL STATUS CONFERENCE |
| 09/30/05 | INITIAL JOINT DISCLOSURE OF ALL WITNESSES |
| 11/04/05 | SUPPLEMENTAL JOINT DISCLOSURE OF ALL WITNESSES |
| 11/18/05 | TRIAL CONFIRMATION DATE |
| 01/27/06 | DISPOSITIVE MOTIONS |
| 02/10/06 | DISCOVERY CUT-OFF |
| 03/24/06 | DECISIONS ON MOTIONS |
| ******** | FINAL PRE-TRIAL CONFERENCE/ORDER (OR BOTH) |
| ******** | TRIAL ASSIGNMENT |

**DOCKET** Show All Descriptions ⊟   Select Docket Category [All .......] ▾ Start Date   ◀Prev  Jul ▾ 8 ▾ 2012 📅   Search Next ▶

| Date | Description | Image | Fiche | Frame | Pages |
|---|---|---|---|---|---|
| ⊞ 07/05/12 | SECURITY DEPOSIT RECEIVED | | | 00 | |
| ⊞ 07/05/12 | APPLIED - DEPOSIT FOR COSTS | | | 00 | |
| ⊞ 06/18/12 | APPEAL DISMISSED BY COURT OF APPEALS | 🔲 | 0A496 | M51 | 1 |
| ⊞ 06/12/12 | NOTICE OF APPEAL FILED - COURT OF APPEALS | 🔲 | E1690 | J14 | 4 |
| 06/04/12 | CONFIRMATION OF SALE | 🔲 | 0A465 | O84 | 6 |
| 05/31/12 | ASSIGNMENT OF BID | 🔲 | 0A480 | R10 | 2 |
| ⊞ 04/25/12 | SHERIFFS RETURN OF ORDER OF SALE - NO FEES (WHITE COPY) | 🔲 | E1566 | K14 | 2 |
| ⊞ 04/25/12 | SERVICE FEES-SHERIFFS RETURN OF ORDER OF SALE (PINK COPY) | 🔲 | E1566 | K14 | 2 |
| 04/25/12 | ORDER OF SALE | 🔲 | E1566 | K14 | 2 |
| ⊞ 04/04/12 | APPLIED - DAILY REPORTER PUBLICATION | | | 00 | |
| ⊞ 04/03/12 | PROOF OF PUBLICATION | 🔲 | E1557 | A57 | 1 |
| ⊞ 03/30/12 | COST BILL SENT - ORDER OF SALE | | | | |
| ⊞ 03/21/12 | NOTICE OF SHERIFFS SALE | 🔲 | 0A310 | R93 | 2 |
| 01/09/12 | ORDER W/ONE COPY ISSUED FR CO SHERIFF | 🔲 | 0A147 | R05 | 8 |
| ⊞ 01/06/12 | SECURITY DEPOSIT RECEIVED | | | 00 | |
| ⊞ 01/06/12 | APPLIED - DEPOSIT FOR COSTS | | | 00 | |
| ⊞ 01/06/12 | PRAECIPE TO ISSUE ALIAS ORDER OF SALE | 🔲 | 0A147 | R05 | 8 |
| 01/04/12 | SALE W/D,R REFUND ISSUED | | | 00 | |
| ⊞ 01/04/12 | REFUND OF DEPOSIT FOR FEES AND COSTS | | | 00 | |
| ⊞ 01/04/12 | APPLIED - CLERK | | | 00 | |
| ⊞ 01/04/12 | APPLIED - DAILY REPORTER | | | 00 | |
| ⊞ 01/04/12 | APPLIED - FRANKLIN COUNTY SHERIFF | | | 00 | |
| ⊞ 01/04/12 | APPLIED - APPRAISER FEE | | | 00 | |
| ⊞ 01/04/12 | APPLIED - APPRAISER FEE | | | 00 | |
| ⊞ 01/04/12 | APPLIED - APPRAISER FEE | | | 00 | |
| ⊞ 01/03/12 | COST BILL PREPARED | | | | |
| ⊞ 12/20/11 | SHERIFFS RETURN OF ORDER OF SALE - NO BID NO SALE | 🔲 | E1480 | A91 | 1 |
| ⊞ 12/20/11 | APPRAISER FEE - SHERIFFS RETURN OF ORDER OF SALE | 🔲 | E1480 | A91 | 1 |
| ⊞ 12/20/11 | SHERIFFS RETURN OF ORDER OF SALE - NO FEES (WHITE COPY) | 🔲 | E1460 | A91 | 1 |
| ⊞ 12/20/11 | SERVICE FEES-SHERIFFS RETURN OF ORDER OF SALE (PINK COPY) | 🔲 | E1460 | A91 | 1 |
| 12/20/11 | ORDER OF SALE | 🔲 | E1460 | A89 | 3 |
| ⊞ 12/16/11 | MOTION GRANTED | 🔲 | 0A116 | D31 | 2 |
| ⊞ 12/16/11 | ENTRY WITHDRAWING PROPERTY FROM SHERIFF SALE | 🔲 | 0A116 | D31 | 2 |
| ⊞ 12/15/11 | MOTION DENIED | 🔲 | 0A112 | M04 | 3 |
| 12/15/11 | DECISION/ENTRY | 🔲 | 0A112 | M04 | 3 |
| ☒ 12/15/11 | MOTION VACATE ORDER OF SALE W/DRAW PROPERTY FROM SALE | 🔲 | 0A111 | V89 | 2 |
| 12/14/11 | EXHIBITS | 🔲 | 0A108 | E45 | 1 |

| Date | Description | | Code | Ref | No. |
|------|-------------|--|------|-----|-----|
| 12/14/11 | EXHIBITS | | 0A108 | E43 | 2 |
| ⊞ 12/14/11 | MEMO CONTRA FILED | | 0A108 | E36 | 7 |
| ⊞ 12/14/11 | APPEARANCE FILED | | | | |
| ☑ 12/14/11 | APPEARANCE FILED | | | | |
| NAME: | GMAC MORTGAGE CORPORATION | | | | |
| PLNTIF/DEFNDT IND: | P | | | | |
| ATTORNEY NAME: | KAREN CADIEUX | | | | |
| ATTORNEY ADDRESS: | CARPENTER & LIPPS LLP | | | | |
| | SUITE 1300 | | | | |
| | 280 N HIGH ST | | | | |
| | COLUMBUS, OH 43215 | | | | |
| | (614) 365-4100 | | | | |
| ⊞ 12/12/11 | MOTION FOR LEAVE TO FILE | | E1450 | K98 | 33 |
| ⊞ 12/07/11 | NOTICE OF SHERIFF'S SALE | | 0A093 | H08 | 2 |
| ⊞ 12/02/11 | ENTRY TO PAY APPRAISERS FEES | | E1446 | E48 | 1 |
| ⊞ 11/30/11 | PROOF OF PUBLICATION | | E1439 | J79 | 1 |
| ⊞ 11/30/11 | APPLIED - DAILY REPORTER PUBLICATION | | | 00 | |
| ☑ 11/29/11 | COST BILL SENT - ORDER OF SALE | | | | |
| 11/22/11 | SHERIFFS MOTION TO PAY APPRAISER | | E1436 | F63 | 1 |
| 10/24/11 | RCD TRANS TO C/A W/1-133 PLEADINGS | | | | |
| ⊞ 10/21/11 | ADDITIONAL COST BILL CREATED | | | | |
| ⊞ 10/19/11 | LAND APPRAISEMENT | | E1387 | D14 | 3 |
| ⊞ 10/12/11 | MISCELLANEOUS PAPER | | E1373 | X84 | 1 |
| ⊞ 10/12/11 | MISCELLANEOUS PAPER | | E1373 | Z89 | 1 |
| ⊞ 10/12/11 | MISCELLANEOUS PAPER | | E1373 | V63 | 53 |
| ⊞ 10/12/11 | MISCELLANEOUS PAPER | | E1375 | B10 | 1 |
| ⊞ 10/12/11 | AFFIDAVIT FILED | | E1375 | B09 | 1 |
| ⊞ 10/12/11 | AFFIDAVIT FILED | | E1375 | B08 | 1 |
| ⊞ 10/12/11 | NOTICE OF APPEAL FILED - COURT OF APPEALS | | E1368 | Q16 | 7 |
| ⊞ 10/07/11 | TERMINATE CASE | | E1410 | P74 | 1 |
| ⊞ 09/29/11 | MOTION | | E1354 | U84 | 21 |
| ⊞ 09/29/11 | MOTION FOR LEAVE TO FILE | | E1354 | U84 | 21 |
| 09/27/11 | NOTICE RETURNED - NOT SERVED | | E1345 | V25 | 1 |
| ⊞ 09/26/11 | ADDITIONAL COST BILL CREATED | | | | |
| ⊠ 09/22/11 | MOTION TO DISMISS | | E1340 | M74 | 17 |
| ⊞ 09/20/11 | MOTION RELEASED TO CLEAR DOCKET | | E1334 | F92 | 9 |
| ⊞ 09/20/11 | MOTION RELEASED TO CLEAR DOCKET | | E1334 | F92 | 9 |
| ⊞ 09/20/11 | MOTION RELEASED TO CLEAR DOCKET | | E1334 | F92 | 9 |
| ⊞ 09/20/11 | MOTION RELEASED TO CLEAR DOCKET | | E1334 | F92 | 9 |
| ⊞ 09/20/11 | MOTION RELEASED TO CLEAR DOCKET | | E1334 | F92 | 9 |
| 09/16/11 | ORDER W/ONE COPY ISSUED FR CO SHERIFF | | E1320 | R17 | 1 |
| ⊞ 09/16/11 | ORIGINAL COPY OF FINAL APPEALABLE ORDER NOTICE FILED | | | | |
| ⊞ 09/16/11 | ORIGINAL COPY OF FINAL APPEALABLE ORDER NOTICE FILED | | | | |
| ⊞ 09/16/11 | ORIGINAL COPY OF FINAL APPEALABLE ORDER NOTICE FILED | | | | |
| ⊞ 09/16/11 | ORIGINAL COPY OF FINAL APPEALABLE ORDER NOTICE FILED | | | | |
| ⊞ 09/16/11 | ORIGINAL COPY OF FINAL APPEALABLE ORDER NOTICE FILED | | | | |
| ⊞ 09/16/11 | ORIGINAL COPY OF FINAL APPEALABLE ORDER NOTICE FILED | | | | |
| ⊞ 09/15/11 | PRAECIPE TO ISSUE ORDER OF SALE | | E1320 | R17 | 3 |
| ⊞ 09/15/11 | SECURITY DEPOSIT RECEIVED | | | 00 | |
| ⊞ 09/15/11 | APPLIED - DEPOSIT FOR COSTS | | | 00 | |
| ⊞ 09/12/11 | MOTION GRANTED | | E1307 | O73 | 1 |
| 09/12/11 | CASE REINSTATED BY ORDER | | E1307 | O73 | 1 |
| ⊞ 09/12/11 | NOTICE OF FINAL APPEALABLE ORDER | | E1307 | Q74 | 4 |
| ⊞ 09/12/11 | TERMINATE CASE | | E1307 | Q74 | 4 |
| ⊞ 09/12/11 | MOTION GRANTED | | E1307 | Q74 | 4 |
| 09/12/11 | DECREE OF FORECLOSURE | | E1307 | Q74 | 4 |
| 09/12/11 | JUDGMENT ENTRY | | E1307 | Q74 | 4 |
| ⊞ 09/08/11 | NOTICE OF FILING | | E1299 | L79 | 9 |
| ⊞ 09/08/11 | MOTION TO REINSTATE | | E1299 | L78 | 3 |
| ⊞ 09/08/11 | AFFIDAVIT OF MILITARY SERVICE | | E1299 | L87 | 9 |
| ⊞ 09/08/11 | AFFIDAVIT FILED | | E1299 | L84 | 3 |
| ⊞ 09/08/11 | MOTION FOR DEFAULT JUDGMENT | | E1299 | L59 | 3 |
| ⊞ 09/08/11 | APPEARANCE FILED | | E1299 | L82 | 2 |
| ⊞ 08/03/11 | MASS TRANFER OF JUDGE LOCATION | | | | |
| ⊞ 08/25/08 | NOTICE | | D6263 | X98 | 6 |
| ⊞ 08/25/08 | NOTICE OF FILING | | D6263 | X97 | 1 |
| 08/25/08 | NOTICE OF SERVICE | | D6290 | J82 | 1 |
| ⊞ 08/25/08 | ATTORNEY WITHDRAWAL | | D8201 | P98 | 2 |
| 08/25/08 | NOTICE OF SUBSTITUTION OF COUNSEL | | D8201 | P98 | 2 |
| ⊞ 08/25/08 | APPEARANCE FILED | | | | |
| ⊞ 11/21/07 | MISCELLANEOUS PAPER | | D6408 | C05 | 1 |
| ⊞ 10/26/07 | SERVICE COMPLETE - CERTIFIED MAIL | | D5687 | F19 | 1 |
| ⊞ 10/24/07 | PROOF OF SERVICE ISSUED - CERTIFIED MAIL | | D5530 | E02 | 1 |
| ⊞ 10/05/07 | ADDITIONAL COST BILL CREATED | | | | |
| ⊞ 09/21/07 | REQUEST FOR SERVICE - CERTIFIED MAIL | | | | 1 |
| ⊞ 09/21/07 | INSTRUCTIONS FOR SERVICE | | D4494 | G02 | 2 |
| ⊞ 09/21/07 | TERMINATE CASE | | D4494 | G02 | 11 |
| 09/21/07 | REMOVE TO UNITED STATES DISTRICT COURT | | D4494 | G02 | 11 |
| ⊞ 09/21/07 | MISCELLANEOUS PAPER | | D4493 | J15 | 1 |
| ⊞ 08/13/07 | MOTION FOR LEAVE TO FILE | | D2195 | J03 | 3 |
| ⊞ 08/01/07 | MOTION DENIED | | D2773 | D13 | 1 |
| 08/01/07 | DECISION/ENTRY | | D2773 | D12 | 1 |
| ⊞ 07/12/07 | AFFIDAVIT FILED | | D2258 | D10 | 1 |
| ⊞ 07/12/07 | MOTION TO DISMISS | | D2258 | D07 | 23 |
| ⊞ 07/10/07 | MOTION TO STAY | | D2166 | D03 | 23 |
| ⊞ 07/10/07 | APPEARANCE FILED - PRO SE | | D2166 | D03 | 1 |
| ⊞ 07/09/07 | AFFIDAVIT FILED | | D2136 | G09 | 1 |
| ⊞ 07/09/07 | MOTION TO QUASH | | D2136 | G06 | 4 |

| | | | | |
|---|---|---|---|---|
| ⊞07/02/07 | MOTION TO SET ASIDE | D1990 | J13 | 4 |
| ⊞07/02/07 | APPEARANCE FILED - PRO SE | D1990 | J13 | 4 |
| 06/22/07 | COMMITMENT FOR TITLE INSURANCE | D1708 | D08 | 3 |
| ⊞06/22/07 | NOTICE OF FILING | D1708 | D08 | 5 |
| ⊞06/22/07 | MOTION FOR DEFAULT JUDGMENT | D1707 | J15 | 4 |
| ⊞06/11/07 | MEMO CONTRA FILED | D1338 | H07 | 12 |
| 06/08/07 | CASE REINSTATED BY ORDER | D1224 | I05 | 1 |
| ⊞06/08/07 | MOTION GRANTED | D1224 | I05 | 1 |
| ⊞06/08/07 | ORDER | D1224 | I05 | 1 |
| ⊞05/30/07 | MOTION TO REINSTATE | D0993 | H11 | 33 |
| ⊞01/16/07 | REFUND OF DEPOSIT FOR FEES AND COSTS | | | |
| ⊞01/16/07 | COST PAID BY DEPOSIT | | | |
| ⊞01/16/07 | COST BILL PREPARED | | | |
| ⊞01/12/07 | ADDITIONAL COST BILL CREATED | | | |
| ⊞01/03/07 | ADDITIONAL COST BILL CREATED | | | |
| ⊞12/29/06 | TERMINATE CASE | C6002 | G19 | 1 |
| ⊞12/20/06 | TERMINATE CASE | C5813 | C10 | 1 |
| ⊞12/20/06 | ORDER | C5813 | C10 | 1 |
| 09/08/06 | CASE REMANDED - U. S. DISTRICT COURT | C3046 | J04 | 1 |
| ⊞04/18/06 | APPEAL DISMISSED BY COURT OF APPEALS | B6548 | H10 | 1 |
| ⊞03/21/06 | ADDITIONAL COST BILL CREATED | | | |
| ⊞03/07/06 | STRIKE SCHEDULE DATE | B6409 | C07 | 1 |
| ⊞03/07/06 | TERMINATE CASE | B6409 | C07 | 1 |
| ⊞08/01/05 | RECORD TRANSMITTED TO COURT OF APPEALS | 00000 | A01 | |
| ⊞08/01/05 | MISCELLANEOUS PAPER | 00000 | A01 | |
| 07/29/05 | SUMMONS ISSUED | B3579 | J06 | 1 |
| ⊞07/29/05 | PROOF OF SERVICE ISSUED - ORDINARY MAIL | B3579 | J06 | 1 |
| 07/29/05 | SUMMONS ISSUED | B3579 | J05 | 1 |
| ⊞07/29/05 | PROOF OF SERVICE ISSUED - ORDINARY MAIL | B3579 | J05 | 1 |
| ⊞07/28/05 | REQUEST FOR SERVICE - ORDINARY MAIL | | | 1 |
| ⊞07/28/05 | REQUEST FOR SERVICE - ORDINARY MAIL | | | 1 |
| ⊞07/26/05 | INSTRUCTIONS FOR SERVICE | B3519 | B06 | 1 |
| ⊞07/19/05 | DOCKETING STATEMENT FILED | B3385 | C16 | 1 |
| ⊞07/19/05 | NOTICE OF APPEAL FILED - COURT OF APPEALS | B3385 | C16 | 1 |
| ⊞07/15/05 | ORIGINAL COPY OF FAILURE OF SERVICE NOTICE FILED | | | |
| ⊞07/15/05 | ORIGINAL COPY OF FAILURE OF SERVICE NOTICE FILED | | | |
| ⊞07/15/05 | SERVICE FAILED - CERTIFIED | B3318 | A13 | 1 |
| ⊞07/15/05 | SERVICE FAILED - CERTIFIED | B3318 | A12 | 1 |
| ⊞07/05/05 | MOTION DENIED | B3049 | G06 | 1 |
| 07/05/05 | JUDGMENT ENTRY | B3049 | G06 | 1 |
| ⊞06/23/05 | WITHDRAW PAPER FILING | B2859 | C04 | 2 |
| 06/21/05 | SUMMONS ISSUED | B2841 | G20 | 1 |
| ⊞06/21/05 | PROOF OF SERVICE ISSUED - CERTIFIED MAIL | B2841 | G20 | 1 |
| 06/21/05 | SUMMONS ISSUED | B2841 | G19 | 1 |
| ⊞06/21/05 | PROOF OF SERVICE ISSUED - CERTIFIED MAIL | B2841 | G19 | 1 |
| 06/20/05 | DECREE OF FORECLOSURE | B2719 | F14 | 4 |
| 06/20/05 | JUDGMENT ENTRY | B2719 | F14 | 4 |
| ⊞06/17/05 | REQUEST FOR SERVICE - CERTIFIED MAIL | | | 1 |
| ⊞06/17/05 | REQUEST FOR SERVICE - CERTIFIED MAIL | | | 1 |
| ⊞06/17/05 | INSTRUCTIONS FOR SERVICE | B2727 | B16 | 1 |
| ⊞06/17/05 | ADDRESS CORRECTION | B2727 | B16 | 1 |
| ⊞06/17/05 | APPEARANCE FILED | B2727 | B16 | 1 |
| ⊞06/16/05 | MEMO IN OPPOSITION | B2745 | E16 | 2 |
| ⊞06/16/05 | APPEARANCE FILED | B2745 | E16 | 1 |
| ⊞06/09/05 | MOTION FOR DEFAULT JUDGMENT | B2682 | J03 | 2 |
| ⊞06/09/05 | MEMO CONTRA FILED | B2578 | E15 | 2 |
| ⊞05/31/05 | AFFIDAVIT FILED | B2355 | J01 | 1 |
| ⊞05/31/05 | AFFIDAVIT FILED | B2355 | I20 | 1 |
| ⊞05/31/05 | MOTION TO DISMISS | B2355 | I17 | 2 |
| ⊞05/31/05 | APPEARANCE FILED - PRO SE | B2355 | I17 | 2 |
| ⊞05/24/05 | ORIGINAL COPY OF FAILURE OF SERVICE NOTICE FILED | | | |
| ⊞05/24/05 | SERVICE FAILED - CERTIFIED | B2242 | J14 | 1 |

**EXHIBIT 3**

20869 – H70

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

FILED
COURT OF APPEALS
FRANK. N CO. OHIO

2012 JUN 18 AM 10: 55

CLERK OF COURTS

GMAC Mortgage Corporation,                :

       Plaintiff-Appellee,               :

v.                                                          :            No. 12AP-506

Yvonne D. Lewis aka                            :            (ACCELERATED CALENDAR)
Yvonne D. Webb-Lewis et al.,
                                                              :
      Defendants-Appellants.
                                                              :

## JOURNAL ENTRY OF DISMISSAL

      Appellants not demonstrating that there are reasonable grounds for this appeal, and appellants having been adjudicated vexatious litigators by the Franklin County Court of Common Pleas, appellants' June 12, 2012 motion for leave to file an appeal challenging the trial court's confirmation of sale order is denied, and this appeal is hereby dismissed.


_____
Judge William A. Klatt

_____
Judge Peggy Bryant

_____
Judge John A. Connor

## EXHIBIT 4

IN THE COMMON PLEAS COURT OF FRANKLIN COUNTY, OHIO
CIVIL DIVISION

SIDNEY LEWIS,                                          ⁀9854J04

               Plaintiff,      :        Case No. 05CVH04-4814

v.                                          :        Judge HOLBROOK

OLD REPUBLIC SURETY COMPANY, et al.,   :

              Defendants    :

### ENTRY GRANTING MOTION FOR SUMMARY JUDGMENT OF DEFENDANT WESTERN SURETY COMPANY FILED MARCH 13, 2006;

### ORDER DECLARING SIDNEY LEWIS A VEXATIOUS LITIGATOR;

### ORDER TO CLERK OF COURTS PURSUANT TO R.C. 2323.52(H)

Rendered this _9th_ day of May 2006.

Holbrook, M., J.

As set forth in the May 3, 2006 Decision Granting Motion for Summary Judgment of Defendant Western Surety Company, the Court hereby **GRANTS** Western Surety summary judgment as to Plaintiff Sidney Lewis' claims against it. Moreover, Western Surety's motion for summary judgment on its claim to declare Plaintiff Sidney Lewis a vexatious litigator is **GRANTED**, for the reasons set forth in the May 3, 2006 Decision.

Therefore, it is hereby **ORDERED** that Sidney Lewis is prohibited from doing any of the following without first obtaining leave of this Court to Proceed:

1. Mr. Lewis shall not institute any legal proceeding, nor make any application, other than an application to this Court for leave to proceed under division (F) of R.C. §2323.52, in the Ohio Court of Claims, or in any county court of common pleas, municipal court, or other county court of Ohio.

Pursuant to R.C. §2323.52(G), no appeal by Mr. Lewis shall lie from a decision of this Court if this Court denies Mr. Lewis, under R.C. §2323.52(F), leave for the institution or continuance of, or the making of an application in, legal proceedings in the Ohio Court of Claims or in any court of common pleas, municipal court, or county court in Ohio.

Pursuant to R.C. §2323.52(H), the Franklin County Common Pleas Clerk of Courts shall immediately send a certified copy of this order to the Ohio Supreme Court for publication in a manner that the Supreme Court determines is appropriate and that will facilitate the clerk of the Court of Claims and clerks of all courts of common pleas, municipal courts, or any county courts in Oho in refusing to accept pleadings or other papers submitted for filing by Mr. Lewis if he has failed to obtain leave under R.C. §2323.52(F) to proceed.

Pursuant to R.C. §2323.52(I), whenever it appears by suggestion of the parties or otherwise that Mr. Lewis has instituted, continued, or made an application in legal proceedings without obtaining leave to proceed from this court, the court in which legal proceedings are pending shall immediately dismiss the proceeding or application of Mr. Lewis.

## ORDER TO CLERK OF COURTS

Pursuant to R.C. 2323.52(H), the Clerk of Courts shall immediately send a certified copy of this Order to the Supreme Court of Ohio.

**IT IS SO ORDERED.**

MICHAEL J. HOLBROOK, JUDGE

3

.

Copies to:

Clerk of Court, Civil Division                          R9854J07

Sidney Lewis
Plaintiff pro se

William H. Woods
Jonathan M. Bryan
Counsel for Western Surety Co.

John J. Petro
Counsel for Old Republic Surety Co

4

IN THE COURT OF COMMON PLEAS OF FRANKLIN COUNTY, OHIO
CIVIL DIVISION

D2633E13

TERMINATION NO _____

BY _____

HUNTINGTON NATIONAL BANK,

    PLAINTIFF,

CASE NO  05CVH07-7346

vs

SIDNEY T  LEWIS, et al ,

JUDGE HOLBROOK

    DEFENDANTS

**.FINAL APPEALABLE ORDER**

## ENTRY GRANTING THE HUNTINGTON'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT;

### ORDER DECLARING SIDNEY T. LEWIS AND YVONNE D. WEBB-LEWIS VEXATIOUS LITIGATORS;

### ORDER TO CLERK OF COURTS PURSUANT TO R.C. 2323.52(H)

Rendered this 24 day of July 2007

Holbrook, M , J

As set forth in the July 24, 2007 Decision Granting the Huntington's Motions

Partial Summary Judgment, the Court hereby **GRANTS** the Huntington summary

judgment as to the Defendants claims against it  Moreover, the Huntington's motion for

summary judgment on its claim to declare Plaintiff Sidney T  Lewis and Yvonne D

Webb-Lewis  vexatious litigators is **GRANTED,** for the reasons set forth in the July 24,

2007 Decision

Therefore, it is hereby **ORDERED** that Sidney T  Lewis and Yvonne D  Webb-

Lewis, whether represented by counsel or acting pro se, are prohibited from doing any

of the following without first obtaining leave of this Court to Proceed

    1    Sidney T  Lewis and Yvonne D  Webb-Lewis shall not institute any legal

        proceeding, nor make any application, other than an application to this

Court for leave to proceed under division (F) of R C §2323.52, in the Ohio
Court of Claims, or in any county court of common pleas, municipal court,
or other county court of Ohio

2   Sidney T Lewis and Yvonne D Webb-Lewis shall not continue in any
legal proceeding that they have instituted in the Ohio Court of Claims, or in
any court of common pleas, municipal court, or other county court of Ohio
prior to the date of the Entry of this Order

3   Sidney T Lewis and Yvonne D Webb-Lewis shall not institute a legal
proceeding in any court of appeals, or continue any legal proceeding
already instituted in a court of appeals prior to entry of this order, other
than an application for leave to proceed under division (F) of R C
§2323 52

Pursuant to R C §2323 52(E), this Order shall remain in force indefinitely

Pursuant to R C §2323 52(F), only this Court may grant Sidney T Lewis and
Yvonne D Webb-Lewis leave for institution or continuance of, or making an application
in, legal proceedings in the Ohio Court of Claims, or in any court of common pleas,
municipal court, or any county court in Ohio   This court will only grant such leave if it is
satisfied that the proceedings or application are not an abuse of process of the court in
question, and that there are reasonable grounds for the proceeding or application   If
leave is granted, it will be in the form of a written order by this Court   Pursuant to R C
§2323 52(D)(3), only the relevant court of appeals may grant Sidney T Lewis and
Yvonne D Webb-Lewis leave to institute or continue an action in the relevant court of
appeals

Additionally, if Sidney T Lewis and Yvonne D Webb-Lewis requests this Court to
grant them leave to proceed as described in R.C §2323 52(F), the period of time
commencing with the filing with this Court of an application for the issuance of an order

2

granting leave to proceed and ending with the issuance of an order of that nature shall

not be computed as part of an applicable period of limitations within which the legal

proceedings or application involved generally must be instituted or made

Pursuant to R C §2323 52(G), no appeal by Sidney T Lewis and Yvonne D

Webb-Lewis shall lie from a decision of this Court if this Court denies Sidney T Lewis

and Yvonne D Webb-Lewis, under R C §2323 52(F), leave for the institution or

continuance of, or the making of an application in, legal proceedings in the Ohio Court

of Claims or in any court of common pleas, municipal court, or county court in Ohio

Pursuant to R C §2323 52(H), the Franklin County Common Pleas Clerk of

Courts shall immediately send a certified copy of this order to the Ohio Supreme Court

for publication in a manner that the Supreme Court determines is appropriate and that

will facilitate the clerk of the Court of Claims and clerks of all courts of common pleas,

municipal courts, or any county courts in Oho in refusing to accept pleadings or other

papers submitted for filing by Sidney T Lewis and Yvonne D Webb-Lewis if they have

failed to obtain leave under R C §2323 52(F) to proceed

Pursuant to R C §2323 52(I), whenever it appears by suggestion of the parties

or otherwise that Sidney T Lewis and Yvonne D Webb-Lewis have instituted,

continued, or made an application in legal proceedings without obtaining leave to

proceed from this court, the court in which legal proceedings are pending shall

immediately dismiss the proceeding or application of Sidney T Lewis and Yvonne D

Webb-Lewis.

3

### ORDER TO CLERK OF COURTS

D2633E16

Pursuant to R C  2323 52(H),  the  Clerk  of  Courts  shall  Immediately  send  a

certified copy of this Order to the Supreme Court of Ohio

**IT IS SO ORDERED**

MICHAEL  HOLBROOK, JUDGE

Copies to

Clerk of Court, Civil Division

Craig Carlson, Esq
PORTER, WRIGHT MORRIS & ARTHUR, LLP
41 South High Street
Columbus, Ohio 43215
Attorney for Plaintiff

Grady L  Pettigrew, Jr , Esq
PETTIGREW & ASSOCIATES, LLC
115 W  Main St , Ste  400
Columbus, Ohio 43215-5009
Counsel for Defendants

4

**EXHIBIT 5**

# 𝔗𝔥𝔢 𝔖𝔲𝔭𝔯𝔢𝔪𝔢 ℭ𝔬𝔲𝔯𝔱 𝔬𝔣 𝔒𝔥𝔦𝔬

## CASE ANNOUNCEMENTS

### January 4, 2012

[Cite as *01/04/2012 Case Announcements*, 2012-Ohio-3.]

## MOTION AND PROCEDURAL RULINGS

**2011-1933. Rayess v. Educational Comm. for Foreign Med. Graduates.**
Montgomery App. No. 24125. This cause is pending before the court as a discretionary appeal and claimed appeal of right.

Upon consideration of appellant's motion to seal the September 30, 2011 court of appeals' decision, it is ordered by the court that the motion is granted.

**2011-1995. DeVries Dairy, L.L.C, v. White Eagle Coop. Assoc.**
Certified Question of State Law, Northern District of Ohio, Western Division, No. 3:09CV207. This cause is pending before the court as a certified question of state law from the United States District Court, Northern District of Ohio, Western Division.

Upon consideration of the motion for admission pro hac vice of Philip C. Graham, it is ordered by the court that the motion is granted.

**In re Lewis.**
On May 11, 2005, this court found Sidney T. Lewis and Yvonne D. Webb-Lewis to be vexatious litigators under S.Ct.Prac.R. 14.5(B). This court further ordered that Sidney T. Lewis and Yvonne D. Webb-Lewis were prohibited from continuing or instituting legal proceedings in this court without first obtaining leave. On December 30, 2011, Sidney T. Lewis and Yvonne D. Webb-Lewis submitted a "motion for leave to file supplemental motion to remove PVL sanctions grounded on exhibits A & B, for reconsideration to correct clerical mistake in reporting of Supreme Court Case No. 2002-1462 as 02-CV-20."

Upon consideration thereof, it is ordered by the court that the motion for leave of Sidney T. Lewis and Yvonne D. Webb-Lewis is denied.

## DISCIPLINARY CASES

**2011-1421. In re O'Malley.**

On August 22, 2011, this court imposed an interim suspension upon felony conviction on respondent, Joseph Patrick O'Malley, and ordered him to file an affidavit of compliance on or before 30 days from the date of the order. On November 23, 2011, this court ordered respondent to show cause why he should not be found in contempt for failure to comply with the court's August 22, 2011 order. On December 27, 2011, respondent filed a Notice of Filing Corrected Affidavit of Compliance and Respondent's Motion to Lift Contempt Sanction. The affidavit of compliance was not timely filed. In addition, the motion was prematurely filed as no contempt sanction has been imposed.

Upon consideration thereof, it is ordered by the court, sua sponte, that the affidavit of compliance and motion are stricken.

It is further ordered by the court, sua sponte, that Joseph Patrick O'Malley, Attorney Registration No. 0060087, last known business address in Westlake, Ohio, is found in contempt for failure to comply with this court's order of August 22, 2011, to wit: failure to file an affidavit of compliance on or before September 21, 2011. Respondent may purge himself of contempt by filing an affidavit of compliance along with a motion requesting that such relief be granted.

01-04-12