UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**SUPPLEMENTAL DECLARATION OF THOMAS KELLY IN SUPPORT OF THE DEBTORS' OMNIBUS REPLY TO OBJECTIONS TO THE DEBTORS' APPLICATIONS TO RETAIN AND EMPLOY PROFESSIONALS AND IN RESPONSE TO THE OMNIBUS OBJECTION OF THE UNITED STATES TRUSTEE TO APPLICATIONS FOR SEPARATE ORDERS AUTHORIZING THE EMPLOYMENT AND RETENTION OF CERTAIN PROFESSIONALS**

Pursuant to section 327 of the Bankruptcy Code, Bankruptcy Rule 2014(a) and 28 U.S.C. § 1746, Thomas Kelly declares:

1. I am a partner of the firm of Dorsey & Whitney LLP ("Dorsey & Whitney"), 50 South Sixth Street, Suite 1500, Minneapolis, Minnesota 55402 and I am admitted to practice law before the Courts of the state of Minnesota.

2. On June 26, 2012, Residential Capital, LLC, *et al.* (the "Debtors"), filed an Application to Employ Dorsey & Whitney LLP as Special Securitization and Investigatory Counsel to the Debtors / Debtors' Application Under Section 327(e) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1 for Authorization to Employ and Retain Dorsey & Whitney LLP as Special Securitization and Investigatory Counsel to the Debtors, *Nunc Pro Tunc* to May 14, 2012 (the "Application"), which included my declaration in support thereof (the "Declaration") as Exhibit 2 thereto.

3. I submit this supplemental declaration (the "Supplemental Declaration") (a) in support of the Debtors' Omnibus Reply to Objections to Debtors' Applications to Retain

and Employ Professionals filed concurrently herewith (the "Omnibus Reply") and (b) in response to the Omnibus Objection (the "Objection") of the United States Trustee to Applications for Separate Orders Authorizing the Employment and Retention of Certain Professionals filed on July 6, 2012, and hereby incorporate by reference all statements made in the Declaration.

4. Facts set forth in this Supplemental Declaration are based upon information from, and discussions I or other Dorsey & Whitney personnel reporting to me have had with, my colleagues, including particularly James K. Langdon, who handles the Ongoing Matters described in items 1, 3-11 and 14 on Schedule 1 to the Declaration.

5. If I were called upon to testify, I could and would testify competently to the facts set forth herein based *inter alia* upon the aforesaid review and input. I am authorized to submit this Supplemental Declaration on behalf of Dorsey & Whitney.

### "CONNECTIONS" OF DORSEY & WHITNEY ATTORNEYS IN BUSINESS OR FAMILIAL RELATIONSHIP WITH THE DEBTORS AND OTHER PARTIES IN INTEREST

6. Based on an email inquiry sent to all attorneys at Dorsey & Whitney seeking information about personal or business relationships of individual attorneys with the Debtors and with Ally Financial Inc., Ally Bank and Ally Securities, Inc. (the "Ally Entities"), (a) six attorneys responded that their mortgages were owned or serviced by the Debtors; (b) four attorneys responded that they have automobile leases or loans with the Ally Entities; (c) three attorneys responded that they have personal checking and/or savings accounts with Ally Bank; and (d) as set forth in paragraph 6 to the Declaration, two partners responded that they were previously employed by the Debtors.

## DORSEY & WHITNEY'S RETAINER AND FEES AND COSTS
## PRIOR TO THE PETITION DATE

7. On December 23, 2011, Dorsey & Whitney received a retainer from the Debtors in the total amount of $250,000. None of the retainer has been applied. Dorsey & Whitney has incurred $227,264.30 in pre-petition fees and expenses that were not separately paid by the Debtors for services rendered by Dorsey & Whitney in connection with the Ongoing Matters. Subject to Court approval, Dorsey & Whitney intends to apply $227,264.30 of the $250,000 retainer to pay pre-petition legal fees and expenses, and to apply the remaining $22,735.70 of the retainer towards post-petition fees and expenses awarded by the Court.

8. During the ninety (90) days prior to the Petition Date, Dorsey & Whitney received the following payments for its work on the Ongoing Matters:

| Invoice Date | Invoiced Amount | Date Paid | Amount Paid |
|---|---|---|---|
| 1/24/2012 | 45,522.85 | 3/2/2012 | 45,403.85 |
| 2/13/2012 | 25,346.70 | 3/2/2012 | 24,932.70 |
| 2/21/2012 | 100,000.00 | 4/13/2012 | 100,000.00 |
| 3/15/2012 | 26,804.50 | 3/30/2012 | 26,279.50 |
| 3/26/2012 | 100,000.00 | 4/13/2012 | 100,000.00 |
| 3/29/2012 | 39,029.25 | 5/11/2012 | 38,694.00 |
| 3/29/2012 | 10,054.35 | 5/11/2012 | 10,031.85 |
| 4/17/2012 | 28,834.70 | 4/27/2012 | 28,372.70 |
| 4/17/2012 | 100,000.00 | 5/11/2012 | 100,000.00 |
| 4/26/2012 | 38,961.42 | 5/11/2012 | 38,714.42 |
| 4/26/2012 | 29,500.00 | 5/11/2012 | 29,500.00 |
| 4/26/2012 | 10,726.51 | 5/11/2012 | 10,694.00 |
| 4/26/2012 | 26,525.25 | 5/11/2012 | 26,500.25 |
| 4/30/2012 | 46,445.85 | 5/11/2012 | 46,425.35 |
| 4/30/2012 | 3,466.96 | 5/11/2012 | 3,466.96 |
| 5/7/2012 | 21,754.80 | 5/11/2012 | 21,353.00 |
| 5/10/2012 | 4,591.97 | 5/11/2012 | 4,195.35 |
| 5/10/2012 | 2,638.11 | 5/11/2012 | 2,336.25 |
| 5/15/2012 | 100,000.00 | 5/11/2012 | 37,835.60 |

## DORSEY & WHITNEY'S REPRESENTATION OF THE DEBTORS IN CERTAIN ACTIONS WITH SIGTARP, THE DOJ, AND THE SEC

9. Dorsey & Whitney represents the Debtors in connection with governmental investigations that are not subject to the automatic stay. These investigations are conducted by the Office of the Special Inspector General for Troubled Asset Relief Program ("SIGTARP"), the Department of Justice ("DOJ"), and the Securities Exchange Commission ("SEC"), as follows:

   a. In connection with the SIGTARP investigation, Dorsey & Whitney has produced documents related to a single securitization transaction and engaged in numerous oral and written discussions with SIGTARP representatives regarding that transaction and procedural aspects of the securitization process.

   b. In connection with the DOJ investigation, Dorsey & Whitney has helped the Debtors produce individual loan-level data responsive to requests for information regarding the origination and securitization of the approximately three million loans originated during a ten-year period. Dorsey & Whitney expects to engage in extended discussions and negotiation with DOJ representatives regarding the substance of that data as well as regarding the origination and securitization process generally.

   c. The SEC is conducting two separate investigations: one is out of its Denver office; the other out of its Los Angeles office. In connection with the Denver investigation, which is presently focused on collateral-related aspects of one securitization transaction, Dorsey & Whitney has produced various agreements and loan-level documents related to that transaction and is presently engaged in discussions with representatives of the SEC about those documents and related matters.

10. In connection with the SEC investigation and the DOJ investigation, Dorsey & Whitney is in the process of transferring responsibility for the matters to Morrison & Foerster. In order to assist in a smooth transition Dorsey & Whitney will have a limited role in these cases until such time as Morrison & Foerster has completed the transition.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: July 11, 2012
Minneapolis, Minnesota

THOMAS KELLY
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN  55402