**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**SUPPLEMENTAL DECLARATION OF JOHN DEMPSEY IN SUPPORT
OF DEBTORS' APPLICATION FOR ENTRY OF AN ORDER
AUTHORIZING EMPLOYMENT AND RETENTION OF MERCER (US) INC.**

I, John Dempsey, being duly sworn, hereby deposes and says:

1. I am a partner of the firm Mercer (US) Inc. ("Mercer"), with offices located at 10 South Wacker Drive, Suite 1700, Chicago, Illinois 60606. I am authorized to execute this declaration (the "Declaration") on behalf of Mercer. Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth within.

2. This Declaration is being submitted in response to the objection[1] filed by the United States Trustee for the Southern District of New York (the "U.S. Trustee") to the proposed retention of Mercer as compensation consultant to the Debtors to perform services as set forth in the *Debtors' Application for an Order Authorizing Employment and Retention of Mercer*

---

[1] On July 6, 2012 the U.S. Trustee filed the *Omnibus Objection of the United States Trustee to Applications for Separate Orders Authorizing the Employment and Retention of (i) Morrison & Foerster LLP as Bankruptcy Counsel; (ii) Centerview Partners LLC as Investment Banker; (iii) Carpenter Lipps and Leland LLP as Special Litigation Counsel; (iv) Dorsey & Whitney LLP as Special Securitization and Investigatory Counsel; (v) Orrick, Herrington & Sutcliffe LLP as Special Securitization Transactional and Litigation Counsel; (vi) Mercer (US) Inc. as Compensation Consultant; (vii) Rubenstein Associates, Inc. as Corporate Communications Consultant; (viii) FTI Consulting, Inc. as Financial Advisor; (ix) Curtis, Mallet-Prevost, Colt & Mosle LLP as Conflicts Counsel; (x) Moelis & Company LLC as Investment Banker; (xi) AlixPartners LLP as Financial Advisor; and (xiii) Professionals Used in the Ordinary Course of Business* [Docket No. 703].

ny-1049318

*(US) Inc. as Compensation Consultant to the Debtors Nunc Pro Tunc to the Petition Date* filed with the Court on June 26, 2012 [Docket No. 511] (the "Application").[2]

3. Mercer has provided compensation consulting services to the Debtors in connection with these Chapter 11 cases. Mercer plans to continue advising the Debtors in connection with creating and implementing any incentive-based and retention-based plans.

4. The U.S. Trustee has requested additional information regarding payments Mercer received in the ninety days before the Petition Date. Mercer was selected as compensation consultant to the Debtors on or about April 2, 2012, and the parties executed an engagement letter on April 27, 2012. On that same date, Mercer issued an invoice to the Debtors in the amount of $51,000, which was payable upon receipt.

5. On May 1, 2012, the Debtors paid Mercer the amount of $51,000 as payment in full for the April 27, 2012 invoice. The $51,000 payment covered services Mercer provided to the Debtors for the approximate period of April 2 through April 27, 2012.

6. On May 10, 2012, Mercer issued another invoice to the Debtors, which requested payment of $23,381.88 on account of services provided to the Debtors for the approximate period of April 25, 2012 through May 10, 2012.[3] The May 10, 2012 invoice was not paid prior to the Petition Date, and Mercer has agreed to waive its claim for the amounts stated in that invoice in connection with its retention in these Chapter 11 cases.

7. The U.S. Trustee has requested that Mercer keep and submit time records in one-tenth of an hour increments. Mercer's billing system is unable to record the time of its

---

[2] Capitalized terms not otherwise defined herein shall be given the meanings ascribed to them in the Application.

[3] The May 10, 2012 invoice also requested an additional $20,000 retainer for future work. This additional retainer, along with the $23,381.88 for prior services, was never paid by the Debtors.

professionals in tenth of an hour increments and has requested a waiver from having to maintain time descriptions in tenths of an hour increments and instead maintain records of its services in quarter-hour increments. When engaged as compensation consultants, Mercer typically does not bill its clients for services that take substantially less than a quarter of an hour, such as short telephone conferences and responses to e-mails. Furthermore, in situations where Mercer performs services that take shortly more than a quarter of an hour – such as services that take between fifteen and twenty-five minutes – Mercer will typically round this time down and only charge the Debtors a quarter of an hour.

8. The U.S. Trustee has also objected to the provision in the Engagement Agreement that allows Mercer to seek reimbursement of its own legal fees as an expense of the estate. Mercer customarily requests and receives similar reimbursement rights from its clients. In fact, Mercer received approval recently of this same provision over the U.S. Trustee's objection in In re Borders Group, Inc., et al., Case No. 11-10614 (MG) (Bankr. S.D.N.Y.). In connection with its retention in these Chapter 11 cases, Mercer has retained Freeborn & Peters, LLP. To date, Mercer's outside legal fees are estimated at less than $6,000. Mercer will only seek reimbursement from the Debtors of those legal fees that were performed solely on behalf of Mercer.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 11, 2012

/s/ John Dempsey
John Dempsey