**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------------
                                                    )
In re:                                              )        Case No. 12-12020 (MG)
                                                    )
RESIDENTIAL CAPITAL, LLC, et al.,                   )        Chapter 11
                                                    )
                                    Debtors.        )        Jointly Administered
                                                    )
--------------------------------------------------------------------

**SUPPLEMENTAL DECLARATION OF KATHARINE I. CROST IN SUPPORT OF THE
DEBTORS' APPLICATION UNDER SECTION 327(e) OF THE BANKRUPTCY CODE,
BANKRUPTCY RULE 2014(a) AND LOCAL RULE 2014-1 FOR AUTHORIZATION TO
EMPLOY AND RETAIN ORRICK, HERRINGTON & SUTCLIFFE LLP
AS SPECIAL SECURITIZATION TRANSACTIONAL AND LITIGATION COUNSEL
TO THE DEBTORS, *NUNC PRO TUNC* TO MAY 14, 2012**

Pursuant to sections 327 and 329 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and

2016(b) and 28 U.S.C. § 1746, Katharine I. Crost declares:

1.       I am a partner of the firm of Orrick, Herrington & Sutcliffe LLP

("Orrick"), which maintains offices for the practice of law at 51 West 52nd Street, New York,

New York 10019-6142 and in other cities in the United States and around the world.  I am

admitted to practice law before the Courts of the State of New York, the Southern District of

New York, and the Eastern District of New York.

2.       I am authorized to submit this supplemental declaration (the

"Supplemental Crost Declaration") on behalf of Orrick.

3.       On June 26, 2012, I submitted my declaration (the "Crost Declaration")

pursuant to Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure in support

of the application filed by Residential Capital, LLC, *et al.* (each, a "Debtor," collectively, the

"Debtors") seeking authorization to employ Orrick as Special Securitization Transactional and

Litigation Counsel to the Debtors (Dkt. No. 510) (the "Application").

4.      The facts set forth in this Supplemental Crost Declaration are based upon my personal knowledge, upon records maintained by Orrick in the ordinary course of its business and which have been reviewed by me and/or by other partners or employees of Orrick at my direction, or upon information known by other partners or employees of Orrick and conveyed to me.

5.      On July 6, 2012, the United States Trustee filed an omnibus objection to the Debtors' applications for separate orders authorizing the employment and retention of Orrick and certain other professionals in the above-captioned Chapter 11 cases (Dkt. No. 703) (the "Omnibus Objection").

6.      I am submitting this Supplemental Crost Declaration in response to the Omnibus Objection in order to provide additional disclosures with respect to Orrick as requested by the United States Trustee.

### A.  Orrick Will Avoid Unnecessary Duplication of Efforts With Other Retained Professionals

7.      The United States Trustee objects to the services to be provided by Morrison & Foerster, Carpenter Lipps, Dorsey & Whitney, and Orrick on the grounds that these services may result in unnecessary duplication unless efforts are made to eliminate such a risk. Omnibus Objection at 23.  In order to alleviate this concern, this Supplemental Crost Declaration provides greater detail regarding the specific services to be rendered by Orrick.

8.      As described in more detail in the Crost Declaration, prior to the Petition Date, Orrick served as the Debtors' principal securitization counsel.  *See* Crost Declaration ¶¶ 6-8.  In that role, Orrick, among other things, assisted the client in preparing various offering documents in connection with residential mortgage-backed security offerings, including related operative documents, indentures, trust agreements, servicing agreements or pooling and servicing agreements, underwriting agreements, and other ancillary documents.  *Id.* ¶ 8.  Since

2

the Petition Date, Orrick has continued to advise the Debtors in connection with various issues

related to those pre-petition securitization documents, many of which were drafted by Orrick

attorneys.  I anticipate that Orrick will continue to serve in this role during the Debtors'

Chapter 11 cases.

9.      In addition, since the Petition Date, Orrick has started to draft amendments

to pooling and servicing agreements for loans in securitizations as well as servicing agreements

for loans that the Debtors service but that are not in securitizations.  The asset purchase

agreement with Nationstar requires certain provisions be added to these agreements to explicitly

permit the financing of servicing advances.  The Debtors are also required to use good faith

efforts to obtain other amendments that Nationstar may reasonably request.  Subject to Court

approval as Special Securitization Transactional and Litigation Counsel to the Debtors, Orrick

will continue to render these services to the Debtors.  In addition, Orrick will negotiate and

discuss the securitization documents with the related trustees and their counsel and other parties

to the related agreements.  Orrick will also review all of the documents that need amending

(approximately 375) in order to determine who needs to consent and to determine the consent

requirements under the specific documents.  No other counsel for the Debtors has been

substantively involved with these services.

10.      Furthermore, prior to the Petition Date, Orrick acted as lead counsel to the

Debtors in defending contract-based and insurance claims filed in twelve (12) lawsuits by

Financial Guaranty Insurance Company ("FGIC") in the Southern District of New York.  *See*

Crost Declaration ¶ 9.  I understand that in the event the FGIC-related litigation becomes active

during the Chapter 11 cases, Morrison & Foerster intends to represent the Debtors in connection

therewith.  Accordingly, Orrick will coordinate with Morrison & Foerster to transition the work

it performed pre-petition and will be available to provide support to Morrison & Foerster, upon

request.  I also anticipate that Orrick may be called upon to provide support and assistance to Morrison & Foerster in connection with claims asserted by other monoline insurers (excluding MBIA).

      11.    In sum, Orrick anticipates that it will render the following services to the Debtors as Special Securitization Transactional and Litigation Counsel:

    (a) advise the Debtors and Morrison & Foerster regarding contractual provisions in securitization documents and servicing contracts, including with respect to document requirements relating to termination demands and other claims or rights asserted by parties to such operative documents as well as other interested parties;

    (b) advise the Debtors and Morrison & Foerster regarding the Debtors' rights and obligations relating to their securitization and servicing agreements (including various REMIC and tax issues), including matters that may arise in connection with amendments to, or notifications required under, the securitization and servicing agreements, as necessary or appropriate in connection with the asset purchase agreement, the settlement agreement, the debtor in possession financing agreement, any proposed plans of reorganization, or otherwise;

    (c) obtain and analyze securitization documents and other relevant documentation regarding the Debtors' securitization and servicing assets and obligations;

    (d) transition the work it performed pre-petition (and provide support and assistance, if requested) to Morrison & Foerster in connection with Morrison & Foerster's representation of the Debtors in contract-based disputes, claims

4

and defenses asserted by monoline and mortgage insurers (excluding MBIA),

residential mortgage-backed securities trustees and/or residential mortgage-

backed securities certificate- or note-holders against the Debtors arising from

or related to contractual terms and conditions, representations, warranties and

covenants in connection with residential mortgage-backed securities;

(e) assist the Debtors in the preparation of amendments to securitization

documents and servicing agreements with third parties, and in the preparation

of documentation related to such amendments, including negotiation with

parties to such amendments, rating agencies and other interested parties as

may be necessary or appropriate in connection with the sale of the Debtors'

assets; and

(f) assist the Debtors and Morrison & Foerster, as needed, in responding to

requests for documents and information in response to inquiries from

government, law enforcement and litigants.

12.    In addition, Orrick has agreed to add the following provisions as

paragraphs 3 and 4 of its proposed order (the "Revised Proposed Order," attached hereto as

**Exhibit 1**),[1] which provisions were suggested by the United States Trustee:

> Orrick shall use its best efforts to avoid duplication of services
> provided by any of the Debtor(s)' other retained professionals in
> these Chapter 11 cases.
>
> To the extent that other services may be requested by the Debtors
> and agreed to by Orrick, such other services shall be subject to
> separate approval by Court order.

---

[1] A blackline showing the changes made to the proposed order submitted with the Application is
attached hereto as Exhibit 2.

**B.  Additional Disclosure Regarding Orrick's Prepetition Retainers**

13.    Paragraph 21 of Orrick's Application indicates that the Debtors paid
Orrick prepetition retainers that aggregate $325,000.  The United States Trustee seeks additional
information regarding the balance remaining on the retainer as of the Petition Date.  *See*
Omnibus Objection at 27.  As of the Petition Date, the balance remaining on the retainer is
$160,829.03.

14.    In addition, the United States Trustee requests that Orrick be required to
draw down on its retainer once the Court approves the first interim fee application.  Omnibus
Objection at 32-34.  Per the United States Trustee's suggestion, Orrick has agreed to revise
paragraph 7 of the proposed order to indicate that Orrick will draw down on its retainer once the
Court approves the first interim fee application.  Accordingly, paragraph 7 of the Revised
Proposed Order has been revised to state:

> Orrick intends to apply the remaining balance as a credit toward
> post-petition fees and expenses, after such post-petition fees and
> expenses are approved pursuant to the first Order of the Court
> awarding fees and expenses to Orrick.

**C.  Disclosures Regarding Payments Received by Orrick During the Ninety Days Prior
to the Petition Date**

15.    Paragraph 31 of the Crost Declaration indicates that during the ninety days
prior to the Petition Date, Orrick was paid $1,437,922.55 for fees and expenses.  I understand
that a non-debtor entity paid the legal fees incurred by various Debtor and non-debtor entities
and then would seek reimbursement from the appropriate Debtor or non-debtor entity, as
appropriate.

16.    The United States Trustee requests that Orrick disclose the dates of
invoices for which payment was received during the ninety-day period prior to the Petition Date,

the period of time covering those invoices, and the date of payment for those invoices.  Omnibus

Objection at 27.  Accordingly, I am providing the following additional disclosures:

| Date Paid | Amount Paid | Invoice Numbers | Invoice Date | Period of Time Covered by Invoice | Invoice Amount Billed | Amount Paid per Invoice |
|---|---|---|---|---|---|---|
| 2/23/2012 | $61,781.15 | 1349014 | 2/7/2012 | 1/1/12 - 1/31/12 | $376.20 | $264.00 |
| | | 1349018 | 2/7/2012 | 1/1/12 - 1/31/12 | $4,962.33 | $4,233.04 |
| | | 1349010 | 2/7/2012 | 1/1/12 - 1/31/12 | $7,831.13 | $7,552.30 |
| | | 1349017 | 2/7/2012 | 1/1/12 - 1/31/12 | $5,308.60 | $4,607.37 |
| | | 1349020 | 2/7/2012 | 1/1/12 - 1/31/12 | $11,546.07 | $10,957.02 |
| | | 1349011 | 2/7/2012 | 1/1/12 - 1/31/12 | $35,160.02 | $34,167.42 |
| | | | | | | |
| | | | | | | |
| 2/29/2012 | $30,814.67 | 1349015 | 2/7/2012 | 1/1/12 - 1/31/12 | $34,443.27 | $30,814.67 |
| | | | | | | |
| | | | | | | |
| 4/19/2012 | $121,083.40 | 1357616 | 4/4/2012 | 3/1/12 – 3/31/12 | $8,900.85 | $8,746.00 |
| | | 1357476 | 4/3/2012 | 3/1/12 – 3/31/12 | $2,460.51 | $2,417.03 |
| | | 1357473 | 4/3/2012 | 3/1/12 – 3/31/12 | $21,453.72 | $21,078.31 |
| | | 1357615 | 4/4/2012 | 3/1/12 – 3/31/12, also contains some Feb. 2012 time | $329.18 | $315.88 |
| | | 1357475 | 4/4/2012 | 3/1/12 – 3/31/12 | $90,412.78 | $88,526.18 |
| | | | | | | |
| | | | | | | |
| 5/8/2012 | $183,483.77 | 1361999 | 5/1/2012 | 4/1/12 – 4/30/12 | $12,528.13 | $12,365.63 |
| | | 1362104 | 5/3/2012 | 4/1/12 – 4/30/12 | $12,485.15 | $12,485.15 |
| | | 1361979 | 4/30/2012 | 4/1/12 – 4/30/12 | $81,763.60 | $81,763.58 |
| | | 1361917 | 4/30/2012 | 4/1/12 – 4/30/12, also contains some Feb-March 2012 time | $39,217.15 | $1,869.41 |
| | | | | | | |
| | | | | | | |
| 2/16/2012 | $5,452.76 | 1349013 | 2/7/2012 | 1/1/12 – 1/31/12 | $926.25 | $926.25 |
| | | 1349012 | 2/7/2012 | 12/1/11 – 12/31/11 | $1,072.31 | $1,072.31 |
| | | 1349019 | 2/7/2012 | 1/1/12 – 1/31/12 | $226.58 | $226.56 |
| | | 1349016 | 2/7/2012 | 1/1/12 – 1/31/12, also contains Dec 2011 time | $3,227.64 | $3,227.64 |
| | | | | | | |
| | | | | | | |
| 3/22/2012 | $206,729.91 | 1352921 | 3/15/2012 | 2/1/12 – 2/29/12 | $18,609.33 | $18,389.01 |
| | | 1352917 | 3/15/2012 | 2/1/12 – 2/29/12 | $14,177.84 | $13,891.16 |
| | | 1347550 | 1/24/2012 | 12/1/11 – 12/31/11 | $109,219.94 | $109,219.89 |
| | | 1352928 | 3/15/2012 | 2/1/12 – 2/29/12 | $52,391.31 | $51,711.36 |
| | | 1348566 | 2/28/2012 | 11/1/11 – 11/30/11 | $13,518.50 | $13,518.49 |
| | | | | | | |
| | | | | | | |

| Date Paid | Amount Paid | Invoice Numbers | Invoice Date | Period of Time Covered by Invoice | Invoice Amount Billed | Amount Paid per Invoice |
|---|---|---|---|---|---|---|
| 3/28/2012 | $2,965.91 | 1352413 | 2/15/2012 | 1/1/12 – 1/31/12 | $9,396.45 | $372.41 |
| | | 1355225 | 3/15/2012 | 2/1/12 – 2/29/12 | $2,593.50 | $2,593.50 |
| | | | | | | |
| | | | | | | |
| 4/6/2012 | $68,255.62 | 1356887 | 3/15/2012 | 2/1/12 – 2/29/12 | $6,024.00 | $6,024.00 |
| | | 1352057 | 2/15/2012 | 1/1/12 – 1/31/12, also contains Nov-Dec 2011 time | $27,091.92 | $25,616.03 |
| | | 1352412 | 2/15/2012 | 1/1/12 – 1/31/12 | $21,038.70 | $21,038.70 |
| | | 1352054 | 2/15/2012 | 1/1/12 – 1/31/12, also contains Nov-Dec 2011 time | $16,540.40 | $15,576.89 |
| | | | | | | |
| | | | | | | |
| 4/12/2012 | $17,295.02 | 1352057 | 2/15/2012 | 1/1/12 – 1/31/12, also contains Nov-Dec 2011 time | $27,091.92 | $642.47 |
| | | 1357798 | 4/6/2012 | 3/1/12 – 3/31/12, also contains Feb 2012 time | $4,013.70 | $4,013.70 |
| | | 1357783 | 4/5/2012 | 3/1/12 – 3/31/12 | $7,488.66 | $7,460.83 |
| | | 1357472 | 4/3/2012 | 3/1/12 – 3/31/12 | $100.70 | $96.90 |
| | | 1357474 | 4/3/2012 | 3/1/12 – 3/31/12 | $745.28 | $730.32 |
| | | 1352915 | 3/15/2012 | 2/1/12 – 2/29/12, also contains Dec 2011 time | $4,389.26 | $4,350.80 |
| | | | | | | |
| | | | | | | |
| 4/26/2012 | $4,735.18 | 1357475 | 4/4/2012 | 3/1/12 – 3/31/12, also contains Feb 2012 time | $90,412.78 | $298.00 |
| | | 1357786 | 4/6/2012 | 3/1/12 – 3/31/12 | $4,437.18 | $4,437.18 |
| | | | | | | |
| | | | | | | |
| 5/7/2012 | $735,325.16 | 1361996 | 4/30/2012 | 4/1/12 – 4/30/12 | $425.13 | $425.13 |
| | | 1361919 | 4/30/2012 | 4/1/12 – 4/30/12 | $1,633.66 | $1,571.78 |
| | | 1351642 | 3/26/2012 | 1/1/12 – 1/31/12, also contains Nov-Dec 2011 time | $214,839.39 | $199,040.57 |
| | | 1257488 | 4/11/2012 | 3/1/12 – 3/31/12, also contains Feb 2012 time | $228,558.26 | $226,672.79 |
| | | 1354658 | 3/22/2012 | 2/1/12 – 2/29/12 | $267,666.13 | $241,066.06 |
| | | 1361917 | 4/30/2012 | 4/1/12 – 4/30/12, also contains Feb 2012 time | $39,217.15 | $37,317.74 |
| | | 1361997 | 4/30/2012 | 4/1/12 – 4/30/12 | $1,369.90 | $1,334.75 |
| | | 1361998 | 4/30/2012 | 4/1/12 – 4/30/12 | $28,864.67 | $27,896.34 |
| | | | | | | |
| TOTAL: | $1,437,922.55 | | | | | |

8

## D.  Disclosures Regarding Notice on Any Rate Increases

17.    The United States Trustee objects to the Application on the grounds that

Orrick did not disclose the amount of notice to be provided on hourly rate increases.  Omnibus

Objection at 31-32.  Accordingly, to alleviate this concern, Orrick agrees to add the following

provision to paragraph 6 of the proposed order, which provision was suggested by the United

States Trustee.

> Prior to any increases in Orrick's rates, as set forth in paragraph 19
> of the Application, Orrick shall file a supplemental affidavit with
> the Court and provide ten (10) business days' notice to the Debtors,
> the United States Trustee and any official committee.  The
> supplemental affidavit shall explain the basis for the requested rate
> increases in accordance with Section 330(a)(3)(F) of the
> Bankruptcy Code and state whether Orrick's client has consented
> to the rate increase.  The United States Trustee retains all rights to
> object to any rate increase on all grounds including, but not limited
> to, the reasonableness standard provided for in Section 330 of the
> Bankruptcy Code, and the Court retains the right to review any rate
> increase pursuant to Section 330 of the Bankruptcy Code.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the

United States of America that the foregoing is true and correct.

Dated: July 11, 2012
New York, New York

*/s/ Katharine I. Crost*
Katharine I. Crost
Orrick, Herrington & Sutcliffe LLP
51 West 52nd Street
New York, New York 10019-6142
Telephone:  (212) 506-5000
Facsimile:  (212) 506-5151

9

# EXHIBIT 1:
# REVISED PROPOSED ORDER

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ )
                                                             )
In re:                                                       )    Case No. 12-12020 (MG)
                                                             )
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,                     )    Chapter 11
                                                             )
                                              Debtors.       )    Jointly Administered
                                                             )
------------------------------------------------------------ )

**ORDER UNDER SECTION 327(e) OF THE BANKRUPTCY CODE, BANKRUPTCY
RULE 2014(a) AND LOCAL RULE 2014-1 AUTHORIZING THE EMPLOYMENT AND
RETENTION OF ORRICK, HERRINGTON & SUTCLIFFE LLP AS
SPECIAL SECURITIZATION TRANSACTIONAL AND LITIGATION COUNSEL
TO THE DEBTORS, *NUNC PRO TUNC* TO MAY 14, 2012**

Upon the application (the "Application")[1] of the Debtors for entry of an order,

under Bankruptcy Code section 327(e), Bankruptcy Rule 2014(a) and Local Rule 2014-1,

authorizing, but not directing, the Debtors to employ and retain Orrick, Herrington & Sutcliffe

LLP ("Orrick") as Special Securitization Transactional and Litigation Counsel to the Debtors,

*nunc pro tunc* to May 14, 2012, all as more fully described in the Application; and upon

consideration of the Crost Declaration and Supplemental Crost Declaration; and it appearing that

this Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334;

and it appearing that venue in these Chapter 11 cases and the Application in this district is proper

pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this proceeding on the Application

is a core proceeding pursuant to 28 U.S.C. § 157(b); and sufficient notice of the Application

having been given under the circumstances; and it appearing that no other or further notice need

be provided; and it appearing that the relief requested in the Application is in the best interests of

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the
       Application.  Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11
       cases or the relief granted herein may refer to http://www.kccllc.net/rescap for additional information.

the Debtors' estates, their creditors and other parties in interest; and after due deliberation

thereon; and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1.      The Application is GRANTED in its entirety.

2.      In accordance with section 327(e) of the Bankruptcy Code, Bankruptcy

Rule 2014 and Local Rule 2014-1, the Debtors are authorized to employ and retain Orrick as

Special Securitization Transactional and Litigation Counsel to the Debtor, *nunc pro tunc* to the

Petition Date, on the terms set forth in the Application and the Crost Declaration.

3.      Orrick shall use its best efforts to avoid duplication of services provided

by any of the Debtor(s)' other retained professionals in these Chapter 11 cases.

4.      To the extent that other services may be requested by the Debtors and

agreed to by Orrick, such other services shall be subject to separate approval by Court order.

5.      Orrick shall apply for compensation and reimbursement of expenses

incurred following the Petition Date in accordance with the procedures set forth in sections 330

and 331 of the Bankruptcy Code, such Bankruptcy Rules and Local Rules as may then be

applicable from time to time, the United State Trustee's Guidelines for Reviewing Applications

for Compensation and Reimbursement of Expenses and any additional procedures that may be

established by order of this Court.

6.      Prior to any increases in Orrick's rates, as set forth in paragraph 19 of the

Application, Orrick shall file a supplemental affidavit with the Court and provide ten (10)

business days' notice to the Debtors, the United States Trustee and any official committee.  The

supplemental affidavit shall explain the basis for the requested rate increases in accordance with

Section 330(a)(3)(F) of the Bankruptcy Code and state whether Orrick's client has consented to

the rate increase.  The United States Trustee retains all rights to object to any rate increase on all

grounds including, but not limited to, the reasonableness standard provided for in Section 330 of

the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to

Section 330 of the Bankruptcy Code.

       7.    Orrick shall apply any remaining amount of its prepetition Retainer as a

credit toward postpetition fees and expenses, after such postpetition fees and expenses are

approved pursuant to the first Order of the Court awarding fees and expenses to Orrick.

       8.    The Debtors are authorized, empowered and directed to take all actions

necessary to implement the relief granted pursuant to this Order.

       9.    To the extent there may be any inconsistency between the terms of the

Application, the Crost Declaration and this Order, the terms of this Order shall govern.

       10.    Notwithstanding anything herein to the contrary, this Order shall not

modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board

of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among

AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal

Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment

entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012,

(c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the

Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related

agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

       11.    This Court shall retain jurisdiction with respect to all matters relating to

the interpretation or implementation of this Order.

Dated: _____, 2012
     New York, New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

3

# EXHIBIT 2:
# BLACKLINE OF PROPOSED ORDER

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER UNDER SECTION 327(e) OF THE BANKRUPTCY CODE, BANKRUPTCY
RULE 2014(a) AND LOCAL RULE 2014-1 AUTHORIZING THE EMPLOYMENT AND
RETENTION OF ORRICK, HERRINGTON & SUTCLIFFE LLP AS
SPECIAL SECURITIZATION TRANSACTIONAL AND LITIGATION COUNSEL
TO THE DEBTORS, *NUNC PRO TUNC* TO MAY 14, 2012**

Upon the application (the "Application")[1] of the Debtors for entry of an order,

under Bankruptcy Code section 327(e), Bankruptcy Rule 2014(a) and Local Rule 2014-1,

authorizing, but not directing, the Debtors to employ and retain Orrick, Herrington & Sutcliffe

LLP ("Orrick") as Special Securitization Transactional and Litigation Counsel to the Debtors,

*nunc pro tunc* to May 14, 2012, all as more fully described in the Application; and upon

consideration of the Crost Declaration and Supplemental Crost Declaration; and it appearing that

this Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334;

and it appearing that venue in these Chapter 11 cases and the Application in this district is proper

pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this proceeding on the Application

is a core proceeding pursuant to 28 U.S.C. § 157(b); and sufficient notice of the Application

having been given under the circumstances; and it appearing that no other or further notice need

be provided; and it appearing that the relief requested in the Application is in the best interests of

the Debtors' estates, their creditors and other parties in interest; and after due deliberation

thereon; and sufficient cause appearing therefor, it is hereby

---

[1]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the
Application. Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases
or the relief granted herein may refer to http://www.kccllc.net/rescap for additional information.

ORDERED, ADJUDGED AND DECREED THAT:

1.     The Application is GRANTED in its entirety.

2.     In accordance with section 327(e) of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1, the Debtors are authorized to employ and retain Orrick as Special Securitization Transactional and Litigation Counsel to the Debtor, *nunc pro tunc* to the Petition Date, on the terms set forth in the Application and the Crost Declaration.

3.     Orrick shall use its best efforts to avoid duplication of services provided by any of the Debtor(s)' other retained professionals in these Chapter 11 cases.

4.     To the extent that other services may be requested by the Debtors and agreed to by Orrick, such other services shall be subject to separate approval by Court order.

5.     Orrick shall apply for compensation and reimbursement of expenses incurred following the Petition Date in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, such Bankruptcy Rules and Local Rules as may then be applicable from time to time, the United State Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses and any additional procedures that may be established by order of this Court.

4.     Orrick shall file with the Court and serve upon the U.S. Trustee and the Creditors' Committee appointed in these Chapter 11 cases a notice of any changes to its hourly billing rates for attorneys or other personnel performing services for the Debtors. 6.     Prior to any increases in Orrick's rates, as set forth in paragraph 19 of the Application, Orrick shall file a supplemental affidavit with the Court and provide ten (10) business days' notice to the Debtors, the United States Trustee and any official committee. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether Orrick's client has consented to the rate increase. The

United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in Section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to Section 330 of the Bankruptcy Code.

5. 7.    Orrick shall apply any remaining amount of its prepetition Retainer as a credit toward postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to the procedures established by first Order of the Court for awarding fees and expenses to Orrick.

6. 8.    The Debtors are authorized, empowered and directed to take all actions necessary to implement the relief granted pursuant to this Order.

7. 9.    To the extent there may be any inconsistency between the terms of the Application, the Crost Declaration and this Order, the terms of this Order shall govern.

8. 10.    Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

9. 11.    This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: , 2012
        New York, New York

3

_____

THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY ~~JUDG~~JUDGE

Document comparison by Workshare Compare on Wednesday, July 11, 2012 11:18:03 AM

| Input: | |
|---|---|
| Document 1 ID | interwovenSite://NCUSADMS01/USA/750977915/1 |
| Description | #750977915v1<USA> - RESCAP - revised proposed order - Orrick retention application |
| Document 2 ID | interwovenSite://NCUSADMS01/USA/750977915/2 |
| Description | #750977915v2<USA> - RESCAP - revised proposed order - Orrick retention application (with UST's edits) |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 18 |
| Deletions | 10 |
| Moved from | 1 |
| Moved to | 1 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 30 |