UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF NEW YORK;

| | |
|---|---|
| In Re: Residential Capital, LLC., et al., And,) | Case No. 12-bk-12020 (MG) |
| In Re: GMAC, Mortgage Co., et al, ) | Chapter___ (Ch.11, Joint Admin. ) |
| Debtors ) | (Related BR Case No.07-bk-57237, S.D., OHIO) |
| ) | (Related BR Case No. 12-bk-12032, S.D., N.Y.) |
| ) | JUDGE: GLENN, MARTIN |
| UNITED STATES of America, Ex Rel., ) | |
| Yvonne D. Lewis, et al., ) | Adversary Case No.: _12-0173_1_ |
| Plaintiffs/ Surplus Creditors ) | (Related Case No. 12-bk-12020 (MG); |
| Vs. ) | 05-CV-7346 (03-CV-7478); 03-CV-10836; |
| ) | 05-CV-4555; 03-CV-6954);(11-AP-875, |
| GMAC, Mortgage Co., et al, ) | COA10th Dist., OHIO), (10-AP-110, COA10th |
| Defendants/ Bankrupt Debtor, ) | Dist., OHIO) |

**NOTICE/OBJECTION TO NOTICE OF HIRING OF PROFESSIONAL UNDER 11 USC § 327(a), DOC. 516, FILED 06/26/12 ENTERED 06/26/12 AT PG. 2 OF 3, AT SECTION (c); GROUNDED ON "ACTUAL AND POTENTIAL CONFLICTS" RELATED TO THE PARTICULAR MATTERS FOR WHICH REPRESENTATION IS SOUGHT**

UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF OHIO;
(at Columbus)

[18 USC §§ 245(b)(2)(B), 664, 666, 1962][29 USC §§ 1131, 1132(h), 1140]
[26 USC §§ 101(h), 267(b)(1)][42 U.S.C. §§ 4651(2),7407(d)(1)(C)(i)]

| | |
|---|---|
| In Re: SIDNEY T. LEWIS, pro se, ) | Case No. 2:07-bk-57237 |
| ) | (Ch.7 ) |
| Debtor ) | (Related Bankr Case No. 2:05-bk-75111) |
| ) | |
| Social Security No.: xxx-xx-5959 ) | JUDGE: HOFFMAN, JOHN, Jr. |
| | |
| In Re: Yvonne D. Lewis, ) | Case No. 2:05-bk-75111 |
| ) | (Ch.7 ) |
| Debtor ) | (Related Case No. 2:07-bk-57237) |
| ) | |
| Social Security No.: xxx-xx-2390 ) | JUDGE: HOFFMAN, JOHN, Jr. |

IN THE UNITED STATES DISTRICT COURT, S. D. OF OHIO
EASTERN DIVISION (at Columbus)

| | |
|---|---|
| UNITED STATES of America, Ex Rel., ) | |
| Sidney T. Lewis, et al., ) | Action No. 2:08-cv-1042 |

1 of 6 pages

|  |  |
|---|---|
| Plaintiffs | ) (Related Dist. Ct. Cases 2:08-cv-16; 2:96-cv-494; |
| Vs. | )     2:09-cv-179); |
|  |    JUDGE: HOLSCHUH |
| Larry McClatchey, et al., | )    Magistrate Judge: KING |
| Defendants |  |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| FRIENDS OF THE EARTH, et al., ) | Case: 1: 12-cv-00363 |
| Plaintiff, ) |  |
| ) |  |
| Vs. ) | Assigned To: Jackson, Amy Berman, Judge |
| ) |  |
| UNITED STATES E.P.A. and ) |  |
| LISA JACKSON, Administrator, ) |  |
| Defendants. ) |  |

IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION ) |  |
| Plaintiff, ) |  |
| ) |  |
| vs. ) | Case No. 4:10-cv-87 |
| ) |  |
| AMERICAN EQUITY INVESTMENT LIFE ) |  |
| HOLDING COMPANY; ) |  |
| DAVID J. NOBLE; and ) |  |
| WENDY C. WAUGAMAN, ) |  |
| Defendants. ) |  |

IN THE COURT OF APPEALS, FRANKLIN COUNTY; OHIO
TENTH DISTRICT COURT OF APPEALS

UNITED STATES OF AMERICA, EX REL.

|  |  |
|---|---|
| GMAC, Mortgage Co., et al., | : Case No. <u>12-AP-506, COA10th Dist., Ohio</u> |
|     Plaintiffs/Creditor |    (Related Case Nos. 02-MS-20; 05-JG-6455; |
| Vs. | : 05-CV-7346 (03-CV-7478); 03-CV-10836; |
|  |    05-CV-4555; 03-CV-6954)(11-AP-875) |
| Yvonne D. Lewis, et al., | : |
|     Defendants/Discharged Debtors |  |

## NOTICE/OBJECTION TO NOTICE OF HIRING OF PROFESSIONAL UNDER 11 USC § 327(a), DOC. 516, FILED 06/26/12 ENTERED 06/26/12 AT PG. 2 OF 3, AT SECTION (c); GROUNDED ON "ACTUAL AND POTENTIAL CONFLICTS" RELATED TO THE PARTICULAR VOID FORECLOSURE JUDGMENT MATTERS FOR WHICH REPRESENTATION IS SOUGHT.

Plaintiffs SIDNEY LEWIS and YVONNE D. LEWIS as creditor of the above-named debtor GMAC Mortgage Co. LLC., presents and files "THE LEWIS" objections to the proposed 11 USC § 327(a) HIRING OF PROFESSIONALS (Docket No. 516, pg. 2, at (c)), on the following grounds:

1. FAILURE TO COMPLY WITH "DISINTERESTEDNESS REQUIREMENT", Section 327(e) due to former representation of the debtor GMAC regarding the underlying 2011 "void judgment of foreclosure"; (see: Kovacs, infra; and In re McKenzie, infra)

2. FAILURE TO DISCLOSE "void judgment of foreclosure", due to "actual conflicts", i.e. primary service by Affidavit of "Process Server" vs secondary "Ordinary U.S. Mail Service", vs "defendant's sworn denial of receipt of service"; (See: Gilligan, Id., Infra., (6th Cir.); and Foreman, Id., Infra., (2nd Cir.); Nature's First Law, Id, Supra. **(D. Conn. 2006)**)

Accordingly, debtor GMAC Mortgage Co. LLC, Case No. 12-bk-12032 requested a July 13, 2012 a N.Y. hearing forum in these proceedings, to consider the proposed hiring of Carpenter Lipps & Leland LLP as "Special Litigation Counsel To The Debtors" (Doc. Id. pp. 2(c)), involving "one of factual evaluation" of a non-discretionary set aside of the underlying 2011 "void judgment of foreclosure" (Civ. R.60(B)(4)) due to the Defective 2005 Process Service of Summon and Complaint (Civ. R. 4) and these objections to it.

This notice/objection is supported by the Authorities in the attached memorandum, and facts of record giving rise to the underlying 2011 "void judgment of foreclosure".

Respectfully Submitted,

Dated: July 6, 2012. _/s/ Sidney Lewis_      Dated: July 6, 2012. _/s/ Yvonne D. Lewis_
          Sidney T. Lewis, pro se          Yvonne D. Lewis, pro se
          1875 Alvason Avenue           1875 Alvason Avenue
          Columbus, Ohio 43219         Columbus, Ohio 43219
          (614) 940-3306                  (614) 940-3306

## MEMORANDUM IN SUPPORT

## **CONFLICT OF INTEREST**

> "Section 327(e), under which Judge Speer appointed Carey, contains no similar limitation. That section only requires that appointed counsel not represent or hold any interest adverse to the debtor or estate. See In re Statewide Pools, Inc., 79 B.R. 312, 314 (Bankr. S.D. Ohio 1987) (noting that § 327(e), *** **disinterestedness requirement** for a professional who has formerly represented the debtor, ***narrows the **conflict of interest** issue to one of factual evaluation of **actual or potential conflicts** *** as related to the particular matters for which representation is sought)."

(See: RFCBC, Inc. v. Kovacs (In re Nat'l Staffing Servs., LLC), 2007 U.S. Dist. LEXIS 50944, 5-6 (N.D. Ohio July 13, 2007)); (also see: In re McKenzie, 453 B.R. 737, 743 (Bankr. E.D. Tenn. 2011))("***a professional hired to provide a defense to the trustee should be paid from the estate in the same manner as any other professional authorized under 11 U.S.C. § 327."); See also: In re Project Orange Assocs., LLC, 431 B.R. 363, 376 (Bankr. S.D.N.Y. 2010); In re Emanuel, 422 B.R. 443, 448 (Bankr. S.D.N.Y. 2009)

It follows that "one of factual evaluation" of former representation of the debtor GMAC by Carpenter Lipps & Leland LLP shows an **actual conflict** of the facts of record which established by the process server's affidavit and necessitated an evidentiary hearing. Carpenter Lipps & Leland LLP holds that the Defective 2005 Process Service of Summon and Complaint was effective; Yet, the record of the facts in the underlying case reveals the Debtor GMAC's failure to request a timely **evidentiary hearing** while the record is "silent" and fails to support sufficient service by process server. Fact is, the record in the Common Pleas Court case no. 05-CV-4555, Franklin County, Ohio, entered on MAY 31, 2005 shows two Affidavits of defendant's sworn denial of receipt of service.

(See Attached: Exhibits A & B, sworn denials of receipt of service)

> "the Second Circuit has held that "[a] defendant's sworn denial of receipt of service . . . rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing." Old Republic Ins. Co., 301 F.3d at 57; see also Davis v. Musler, 713 F.2d 907 (2d Cir. 1983) (holding, in light of the directly conflicting affidavits submitted by the

process server and by the defendants, that the district court abused its discretion by failing to hold an evidentiary hearing to resolve the issue of whether service had been effected)."

(See: **Nature's First, Inc. v. Nature's First Law, Inc., 436 F. Supp. 2d 368, 374 (D. Conn. 2006)**)

It follows that an "evidentiary hearing" was necessary to defeat defendant's sworn denial of receipt of service. (See: Nature's First Law, Id)

> "See Affinity Card, 8 F. Supp. 2d at 376 ("Where the parties' accounts of the attempted service differ but both are inherently plausible, and there is **nothing in the record upon which to judge the veracity of either version**, a court should credit the version of the party seeking to vacate the default judgment."). The plaintiff has made no effort to establish the existence or authority of the alleged "warehouse manager." The defendant's affidavits are detailed and precise in their denials."

(See: Local 78, Asbestos, Lead & Hazardous Waste Laborers v. Termon Constr., Inc., 2003 U.S. Dist. LEXIS 15181, 11-12 (S.D.N.Y. Aug. 30, 2003))

It follows that The Debtor GMAC has made no effort to establish the existence or authority of the alleged "affidavit submitted by the process server." (See: Termon Constr., Id) The defendant's affidavits A & B are detailed and precise in their denials. (See Attached: Exhibits A & B) Laches prohibits an untimely "evidentiary hearing" to defeat defendant's sworn denial of receipt of service, thus, Debtor GMAC has caused the **void judgment of Foreclosure**.

## VOID JUDGMENT

> "Appellants claim that their motion is timely under Fed. R. Civ. P. 60(b)(4), which, they argue, allows collateral attack "within a reasonable time" on a civil judgment on the ground that it is "void." We accept appellants' contention: Although the Rule is silent about collateral attack as a method of challenging the validity of a judgment, there can be little doubt that if the judgment is void . . . a **collateral attack** upon the **void judgment** may be made **in any proceeding in any court** where the validity of the judgment comes in issue.
>
> 7 Moore's Federal Practice para. 60.25[3], at 240 (2d ed. 1983); see Lubben v. Selective Serv. Sys. Local Bd. No. 27, 453 F.2d 645, 649 (1st Cir. 1972); Graciette v. Star Guidance, Inc., 66 F.R.D. 424, 426 (S.D.N.Y. 1975)."

(See: Collins v. Foreman, 729 F.2d 108, 111 (2d Cir. N.Y. 1984))(also see: Jordon v. Gilligan, 500 F.2d 701, 710 (6th Cir. Ohio 1974); In re Waters, 2011 Bankr. LEXIS 3245 (Bankr. D. Conn. Aug. 23,

<mark>
</mark>

2011) citing Jordon v. Gilligan, 500 F.2d 701, 704 (6th Cir. 1974) ("A void judgment is a legal nullity.").)

It follows that a **collateral attack** can be had upon the 2011 **void judgment of Foreclosure** and may be made **in any Bankruptcy proceeding, in any New York or Ohio court** where the validity of the judgment comes in issue. (See: Gilligan, Id (6th Cir.); and Foreman, Id (2nd Cir.)) In Conclusion, this court should 'narrow the **conflict of interest** issue to one of factual evaluation of the rebuttal of "the presumption of proper service established by the process server's affidavit" (See: Old Republic Ins. Co., supra), and credit the version of the party seeking to vacate the default judgment, Creditor Lewis. (See Attached: Exhibits A & B) (See also: Termon Constr., Supra., Id)

Respectfully Submitted,

Dated: July 6, 2012. _/s/ Sidney Lewis_    Dated: July 6, 2012. _/s/ Yvonne D. Lewis_
Sidney T. Lewis, pro se            Yvonne D. Lewis, pro se
1875 Alvason Avenue                1875 Alvason Avenue
Columbus, Ohio 43219               Columbus, Ohio 43219
(614) 940-3306                     (614) 940-3306

CERTIFICATE OF SERVICE

I, Sidney T. Lewis, certify that on July 6, 2012 the "Notice/Objection" was served on the United States Attorney and parties, by personal delivery or ordinary U.S. Mail.

Dated: July 6, 2012. _/s/ Sidney Lewis_    Dated: July 6, 2012. _/s/ Yvonne D. Lewis_
Sidney T. Lewis, pro se            Yvonne D. Lewis, pro se
1875 Alvason Avenue                1875 Alvason Avenue
Columbus, Ohio 43219               Columbus, Ohio 43219
(614) 940-3306                     (614) 940-3306

EXHIBIT A

IN THE COMMON PLEAS COURT OF FRANKLIN COUNTY; OHIO.

CIVIL DIVISION

| | |
|---|---|
| GMAC MORTGAGE COMPANY (Plaintiff) | Case No.: 05 CVE-04-4555 |
| VS. | |
| YVONNE LEWIS (Defendant) | JUDGE: ALAN C. TRAVIS |

AFFIDAVIT IN SUPPORT OF DEFENDANT, YVONNE D. LEWIS TO DISMISS

State of Ohio    )
                 ) SS:
Franklin County  )

1. I, Yvonne Lewis am of lawful age and sound mind, and makes this Affidavit upon my personal knowledge and being duly sworn according to law deposes and states as follows:

2. On May 2, 2005, Yvonne Lewis was not at 1875 Alvason Avenue to be personally served by J. Pritchard, Process Server, who filed a Personal Service Return on May 3, 2005 stating that he served Yvonne Lewis at 6:50 P.M. at her residential dwelling at 1875 Alvason Avenue, Columbus, Ohio 43219.

FURTHER AFFIANT SAYETH NAUGHT.

_Yvonne Lewis_
Yvonne Lewis, Affiant

Sworn to before me and subscribed in my presence this __28__ day of May, 2005.

_[signature]_
Notary Public                              My commission expires __11-21-07__

EXHIBIT B
# AFFIDAVIT OF DAVE WIDENER,
## IN SUPPORT OF WHEREABOUTS OF YVONNE D. WEBB-LEWIS ON MONDAY, MAY 2, 2005 BETWEEN 6:00 P.M. TO 7:10 P.M.

E235SJ01

State of Ohio            )
                         ) SS:
Franklin County          )

I, DAVE WIDENER, am of lawful age and sound mind, makes this Affidavit upon my personal knowledge, gained through one of my five (5) senses, and being duly sworn according to law deposes and states as follows:

1. On Monday, May 2, 2005, from 6:00 P.M. to 7:10 P.M., I was hereby attest that Yvonne D. Webb-Lewis was in my presence, view, sight, vision, and spectacle, at my office located at 4100 Regent Street, Ste. B, in Columbus, Ohio 43219, also known as the Easton Town Center.

2. Specifically, I attest that Yvonne Webb-Lewis was in my office at the specific time of 6:30 P.M. on Monday, May 2, 2005, and did not leave from my presence, view, sight, or vision, until 7:10 P.M. as the time of departure from my office located at 4100 Regent Street, Ste. B, in Columbus, Ohio 43219.

I voluntarily make the aforegoing statement of my own freewill with no threats or promises made unto me whatsoever by anyone.

FURTHER AFFIANT SAYETH NAUGHT.

_____      Date: 5/10/2005
DAVE WIDENER, Affiant    OD.#RC368416

Sworn to before me and subscribed in my presence this 10th day of May, 2005.

Notary: _____    My Commission Expires: _____

PAGE 1 OF 1