**QUINN EMANUEL URQUHART**
  **& SULLIVAN, LLP**
Susheel Kirpalani
Scott C. Shelley
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone:  (212) 849-7000
Telecopier: (212) 849-7100

*Counsel for AIG Asset Management (U.S.), LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) |
|  | ) |
| RESIDENTIAL CAPITAL, LLC, et al. | ) Chapter 11 |
|  | ) |
|  | ) Case No. 12-12020 (MG) |
| Debtors. | ) |
|  | ) (Jointly Administered) |
|  | ) |

**MOTION OF AIG ASSET MANAGEMENT (U.S.), LLC FOR THE ENTRY
OF AN ORDER APPROVING SPECIFIED INFORMATION BLOCKING
PROCEDURES AND PERMITTING TRADING OF CLAIMS AGAINST
THE DEBTORS UPON ESTABLISHMENT OF A SCREENING WALL**

## **TABLE OF CONTENTS**

**BACKGROUND** ..................................................................................................................1

**JURISDICTION** ................................................................................................................2

**RELIEF REQUESTED** .....................................................................................................2

**BASIS FOR RELIEF**..........................................................................................................6

**NO PREVIOUS REQUEST**...............................................................................................8

**Exhibit A** – Proposed Form of Order

**Exhibit B** – Declaration of Chérie Schaible

01456.62468/4769978.5

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

AIG Asset Management (U.S.), LLC, for itself and its affiliates ("**AMG**"), a member of the Official Committee of Unsecured Creditors (the "**Committee**"), in the chapter 11 cases of the above-captioned debtors and debtors-in-possession (the "**Debtors**") hereby submits this motion (the "**Motion**") for the entry of an order, pursuant to section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), approving information blocking procedures and permitting trading of Claims (as defined below), subject to adherence to the Screening Wall (as defined below).  In support of the Motion, AMG respectfully represents and states as follows:

## BACKGROUND

1. On May 14, 2012 (the "**Petition Date**"), the Debtors commenced their reorganization cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

2. The Debtors continue to operate their businesses and manage their assets as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. On May 16, 2012, pursuant to section 1102(a) of the Bankruptcy Code, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed the Committee in these cases.  The members of the Committee are AMG, Allstate Life Insurance Company, The Bank of New York Mellon Trust Company, N.A., Deutsche Bank Trust Company Americas, Financial Guaranty Insurance Company, MBIA Insurance Corporation, Rowena L. Drennen, U.S. Bank National Association, and Wilmington Trust, N.A.

**JURISDICTION**

4. The Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and may be determined by this Court. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**RELIEF REQUESTED**

5. AMG requests the entry of an order, substantially in the form annexed hereto as Exhibit A (the "**Order**"), determining that, as a member of the Committee and a firm engaged in the trading of securities and/or claims as investment manager for certain of its affiliates as a regular part of its business, it will not violate its fiduciary duties as a member of the Committee by trading Claims[1] during the pendency of the Debtors' chapter 11 cases, provided that AMG has established, effectively implements, and adheres to the information blocking policies and procedures (collectively, the "**Screening Wall**") that are approved by the U.S. Trustee herein or that are otherwise consistent with those described in the AMG Declaration (as defined below), a copy of which is annexed hereto as **Exhibit B**.

6. The term "Screening Wall" refers to a procedure established by an institution to isolate its trading activities from its activities as a member of an official committee of unsecured creditors in a chapter 11 case. A Screening Wall includes, among other things, such features as the employment of different personnel to perform certain functions, physical separation of the office and file space, procedures for locking committee-related files, separate telephone and

---

[1] "Claims" is used in this Motion to mean (x) any claims against or related to the Debtors and/or any of their non-Debtor affiliates (collectively, the "**Debtor Related Entities**"), including (i) "Securities" as defined in Section 2(a)(1) of the Securities Act of 1933 (including the following: stocks, notes, bonds, debentures, participation in, or derivatives based upon or relating to, any of the Debtors' debt obligations or equity interests) and (ii) bank debt and (y) any Securities issued by entities that acquired mortgages or loans directly or indirectly from the Debtor Related Entities.

01456.62468/4769978.5                           - 4 -

facsimile lines for certain functions, and special procedures for the delivery and posting of telephone messages. Such procedures will prevent AMG's trading personnel from using or misusing non-public information obtained by AMG's personnel engaged in Committee-related activities ("**AMG Committee Personnel**") and also will preclude AMG Committee Personnel from receiving inappropriate information regarding AMG's trading Claims in advance of such trades.

7. Although members of the Committee owe fiduciary duties to the creditors of the Debtors' estates, AMG also has fiduciary duties to maximize returns to its clients through trading securities. Thus, if AMG were to be barred from trading the Claims during the pendency of these bankruptcy cases because of its duties to other creditors, it might risk the loss of a beneficial investment opportunity for its clients and, moreover, may breach its fiduciary duty to its clients. Alternatively, if AMG is compelled to resign from the Committee because of its inability to trade for the benefit of its clients, its interests may be compromised by virtue of taking a less active role in the reorganization process. AMG should not be forced to choose between serving on the Committee and risking the loss of beneficial investment opportunities or foregoing service on the Committee and possibly compromising its responsibilities by taking a less active role in the reorganization process, particularly because its service as a Committee member benefits all unsecured creditors.

8. As evidence of its implementation of the procedures detailed herein, filed herewith is a declaration (the "**AMG Declaration**") by Chérie Schaible, one of the AMG Committee Personnel, which states that the AMG Committee Personnel shall comply with terms and procedures consistent with those set forth in this Motion or otherwise approved by the U.S. Trustee.

9. Consistent with Local Bankruptcy Rule 9074-1(b), AMG submits that a notice of presentment is appropriate and sufficient with regard to this Motion. Notice and a hearing are not required for the relief sought. Moreover, immediate approval of the Screening Wall is necessary to permit AMG to participate fully on the Committee while being able to participate in trading and protecting its clients' interests in what may prove to be an extremely volatile market.

## BASIS FOR RELIEF

10. Approval of this Motion is necessary to ensure AMG's ability to serve on the Committee while at the same time fulfilling its fiduciary duties to its clients. The relief requested is consistent with other orders entered by this Court,[2] and is further supported by similar orders entered in other jurisdictions.[3] Each of the trading orders entered in the foregoing cases provided that a committee member does not violate its fiduciary duties as a committee member by trading in a debtor's securities, so long as it acts in accordance with certain information blocking procedures approved by the Bankruptcy Court. These orders further provide that the Bankruptcy Court may take appropriate action if there is any actual breach by a Committee member of its fiduciary duty as a Committee member.

---

[2] *See, e.g.*, *In re MF Global Holdings Ltd., et al.*, Case No. 11-15059 (MG) (Bankr. S.D.N.Y. Nov. 17, 2011); *In re Lehman Brothers Holdings, Inc., et al.*, Case No. 08-13555 (JMP) (Bankr. S.D.N.Y. Mar. 22, 2010); *In re Calpine Corp., et al.*, Case No. 05-60200 (BRL) (Bankr. S.D.N.Y. Jan. 25, 2006); *In re Solutia Inc., et al.*, Case No. 03-17949 (PCB) (Bankr. S.D.N.Y. Jan. 22, 2004); *In re Magellan Health Services, Inc. et al.*, Case No. 03-40515 (PCB) (Bankr. S.D.N.Y. May 6, 2003); *In re WorldCom, Inc.*, Case No. 02-13533 (AJG) (Bankr. S.D.N.Y. Aug. 6, 2002); *In re Flag Telecom Holdings Ltd.*, Case No. 02-11732 (ALG) (Bankr. S.D.N.Y. July 22, 2002); *In re Global Crossing Ltd.*, Case No. 02-40187 (REG) (Bankr. S.D.N.Y. Mar. 25, 2002); *In re Enron Corp.*, Case No. 01-16034 (AJG) (Bankr. S.D.N.Y. Feb. 27, 2002); *In re Dairy Mart Convenience Stores, Inc.*, Case No. 01-42400 (AJG) (December 20, 2001); *In re Iridium Operating LLC*, Case No. 99-45005 (CB) (Bankr. S.D.N.Y. Nov. 3, 1999).

[3] *See, e.g.*, *In re Advanta Corp.*, No. 09-13931 (KJC) (Bankr. D. Del. Mar. 3, 2010); *In re Cooper-Standard Holdings, Inc.*, No. 09-12743 (PJW) (Bankr. D. Del. Sept. 25, 2009); *In re Smurfit-Stone Container Corp.*, No. 09-10235 (BLS) (Bankr. D. Del. Mar. 23, 2009); *In re The Finova Group, Inc.*, Case No. 01-00697 (PJW) (Bankr. D. Del. Apr. 12, 2001); *In re GST Telecom, Inc.*, Case No. 00-01982 (GMS) (Bankr. D. Del. Oct. 19, 2000); *In re Vista Eyecare, Inc.*, Case No. 00-65214 (JEM) (Bankr. N.D. Ga. June 1, 2000); *In re Sun Healthcare Group, Inc.*, Case No. 99-03657 (MFW) (Bankr. D. Del. Jan. 11, 2000); *In re ICO Global Communications Services Inc.*, Case No. 99-02933 (MFW) (Bankr. D. Del. Sept. 21, 1999).

11. In this case, Committee members will not only receive confidential non-public information regarding the Debtors, but they will also likely receive confidential non-public information that relates to the Debtors' affiliates, including the ultimate parent company, Ally Financial, Inc. In addition, such information will also likely relate to certain mortgage-backed securities issued by securitization trusts that acquired mortgages and loans from the Debtors and/or their affiliates. Therefore, the relief being sought by this Motion is somewhat different than prior trading orders in that the definition of "Claims" is expanded to include both claims and securities against the Debtors and their affiliates, as well as securities issued by the securitization trusts that acquired mortgages or loans directly or indirectly from the Debtors and/or their affiliates.

12. The end result is the same — AMG Committee Personnel will not misuse the information obtained as a result of their service on the Committee, as the Screening Wall (which AMG implemented on May 22, 2012) ensures that such information will not be shared with AMG's trading personnel and will preclude AMG Committee Personnel from receiving inappropriate information regarding AMG's trading Claims in advance of such trades.

13. The key decision on the issue of trading walls that allow institutions to continue to trade when serving on a creditors' committee is *In re Federated Department Stores, Inc.*, No. 90-00130, 1991 Bankr. LEXIS 288 (Bankr. S.D. Ohio Mar. 7, 1991). There, the Bankruptcy Court—agreeing with the position of the Securities and Exchange Commission on this issue—stated that Fidelity Management & Research Company:

> Will not be violating its fiduciary duties as a committee member and accordingly, will not be subjecting its claims to possible disallowance, subordination, or other adverse treatment, by trading in securities of the Debtors . . . during the pendency of these [c]ases, provided that Fidelity employs an appropriate information blocking device or "[Screening] Wall" which is reasonably

> designed to prevent Fidelity trading personnel from receiving any nonpublic committee information through Fidelity committee personnel and to prevent Fidelity committee personnel from receiving information regarding Fidelity's trading in securities of the Debtors . . . in advance of such trades.

*In re Federated Dep't Stores, Inc.*, 1991 Bankr. LEXIS 288, at *2.

14. The *Federated* court approved Fidelity's Screening Wall procedures, which, as here, included: (i) a written acknowledgement by personnel performing committee work that they could receive nonpublic information and were aware of the Screening Wall procedures in effect; (ii) a prohibition on the sharing of non-public committee information with certain other employees; (iii) separate file space for committee work that is inaccessible to certain other employees; (iv) restrictions on committee personnel's access to trading information; and (v) a compliance review process. The Screening Wall procedures outlined here parallel the protections established in the *Federated* case and followed in subsequent cases. In addition, the relief requested herein is consistent with the relief recently granted by this court in respect of a similar motion filed by Allstate Life Insurance Company. See Docket No. 737 (order approving information blocking procedures similar to those proposed by AMG).

## NO PREVIOUS REQUEST

15. No previous request for the relief sought herein has been made to this Court or any other Court.

WHEREFORE, AMG respectfully requests that the Court enter an order substantially in the form attached hereto as **Exhibit A**: (i) approving the Screening Wall procedures set forth herein; (ii) determining that AMG will not violate its fiduciary duties as a Committee member and, accordingly, will not subject its interests or claims to possible disallowance, subordination, or other adverse treatment by trading Claims during the pendency of the Debtors' chapter 11 cases, provided that AMG follows the procedures set forth herein to insulate its trading activities from its Committee-related activities; and (iii) granting such other and further relief as is just and proper.

Dated: July 11, 2012
      New York, New York

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

  /s/  Scott C. Shelley
Susheel Kirpalani
Scott C. Shelley
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile:  (212) 849-7100

*Counsel for AIG Asset Management (U.S.), LLC*