# Exhibit A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————— X

In re:                                                    )
                                                          )
                                                          )
RESIDENTIAL CAPITAL, LLC, et al.                          )        Chapter 11
                                                          )
                                                          )        Case No. 12-12020 (MG)
                                                          )
Debtors.                                                  )        (Jointly Administered)
                                                          )
                                                          )
———————————————————— X

### ORDER APPROVING SPECIFIED INFORMATION BLOCKING PROCEDURES AND PERMITTING TRADING IN CLAIMS AGAINST THE DEBTORS BY AIG ASSET MANAGEMENT (U.S.), LLC UPON ESTABLISHMENT OF A SCREENING WALL

Upon the Motion (the "**Motion**")[1] of AIG Asset Management (U.S.), LLC and its affiliates ("**AMG**"), a member of the Official Committee of Unsecured Creditors (the "**Committee**") appointed in these chapter 11 cases (the "**Chapter 11 Cases**") concerning the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), by and through its counsel, for the entry of an order pursuant to section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), approving specified information blocking procedures and permitting trading Claims (as defined below) in certain situations, and all exhibits attached thereto, including the Declaration of Chérie Schaible, dated June 20, 2012 (the "**AMG Declaration**"); and adequate notice of the Motion having been given; and the Motion having come on to be heard before the Court; and no objections to the Motion having been filed; and the Court being satisfied that the relief requested in the Motion is necessary and in the best interests of AMG, the Committee, creditors, and the Debtors' estates; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1.      The Motion is granted, subject to the terms and conditions of this Order.

2.      The information blocking procedures established by AMG described substantially in the AMG Declaration annexed to the Motion as **Exhibit B**, which are designed to prevent the misuse of Committee information and which are acceptable to the Office of the U.S. Trustee or otherwise consistent with those policies and procedures, are hereby approved.

3.      AMG will not violate its duties as a Committee member and, accordingly, will not subject its claims to possible disallowance, subordination, or other adverse treatment, as a result of trading Claims during the pendency of the Chapter 11 Cases, provided that AMG establishes and effectively implements and strictly adheres to the information blocking procedures detailed in the AMG Declaration or otherwise approved in writing by the U.S. Trustee and ordered by the Court.

4.      For purposes of this Order, the term "Claims" is used to mean (x) any claims against or related to the Debtors and/or any of their non-Debtor affiliates (collectively, the "**Debtor Related Entities**"), including (i) "Securities" as defined in Section 2(a)(1) of the Securities Act of 1933 (including the following: stocks, notes, bonds, debentures, participation in, or derivatives based upon or relating to, any of the Debtors' debt obligations or equity interests), and (ii) bank debt, and (y) any Securities issued by entities that acquired mortgages or loans directly or indirectly from the Debtor Related Entities.  AMG's trading of Claims will not constitute a breach of this Order provided that it establishes and effectively implements and strictly adheres to the information blocking procedures detailed in the Screening Wall Declaration or otherwise approved in writing by the U.S. Trustee.

5.      In the event that any other individual AMG representative is chosen to replace or supplement AMG's representative(s) on the Committee, such individual will be provided copies

of the Motion and the AMG Declaration and shall be required to execute a Confidentiality letter indicating such individual's commitment to comply with the screening procedures described herein prior to accepting any responsibilities in connection with these Chapter 11 Cases (a "Confidentiality Letter").    Following execution of a Confidentiality Letter, such AMG representative shall be included in the definition of "AMG Committee Personnel" for purposes of implementing the screening procedures described in the Motion and the AMG Declaration.

6.    Nothing in this Order shall prejudice the right of the U.S. Trustee to take such action as she deems appropriate in the case, including the removal of any Committee member pursuant to section 1102 of the Bankruptcy Code.

7.    This Order shall not preclude the Court from taking any action it may deem appropriate in the event that it is determined that a breach of fiduciary duty has occurred as a result of a defect in, or the ineffectiveness of, the implementation of the information blocking procedures herein approved.

Dated:  New York, New York
_____, 2012

_____
HON. MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE