# Exhibit B

QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
Susheel Kirpalani
Scott C. Shelley
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Telecopier: (212) 849-7100

*Counsel for AIG Asset Management (U.S.), LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------- X
In re:                                              )
                                                    )
RESIDENTIAL CAPITAL, LLC, et al.                    )   Chapter 11
                                                    )
                                                    )   Case No. 12-12020 (MG)
Debtors.                                            )
                                                    )   (Jointly Administered)
                                                    )
---------------------------------------------------- X

**DECLARATION OF CHÉRIE SCHAIBLE**

I, Chérie Schaible, hereby declare:

1.   I have personal knowledge of each of the facts stated in this Declaration, except for those facts stated on information and belief and, as to those facts, I am informed and believe them to be true.

2.   I submit this Declaration in support of the Motion of AIG Asset Management (U.S.), LLC, for itself and its affiliates ("**AMG**"), for the Entry of an Order Approving Specified Information Blocking Procedures and Permitting Trading of Claims Against the Debtors Upon Establishment of a Screening Wall (the "**Motion**"). Further, I submit this Declaration to advise the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") of (i) the information blocking procedures designed to prevent trading personnel and investment advisory

01456.62468/4769978.5

personnel of AMG from receiving any non-public information concerning the chapter 11 cases of the above-captioned debtors (the "**Debtors**") through AMG personnel, representatives or agents ("**AMG Committee Personnel**")[1] performing activities related to the Official Committee of Unsecured Creditors (the "**Committee**") in the Debtors' chapter 11 cases (the "**Chapter 11 Cases**") and (ii) to prevent AMG Committee Personnel from receiving information regarding AMG's trading in Claims[2] in advance of trading.

3. I am a Managing Director and Associate General Counsel of AMG, which serves as an investment adviser on behalf of certain client accounts (specifically, accounts of affiliates of AMG for which it trades) that beneficially own securities or other claims or interests in the Chapter 11 Cases. In that capacity, I am a representative that serves on committees in out-of-court restructurings and chapter 11 reorganization cases.

4. In conjunction with AMG's existing information blocking procedures and this Declaration, AMG has established and will maintain the following internal procedures:

> (i) AMG Committee Personnel shall execute a letter substantially in the form submitted herewith as Exhibit 1 (a "**Confidentiality Letter**") acknowledging that they may receive such non-public Information (as defined below) and that they are aware of the information blocking procedures that are in effect with respect to the Claims and will follow these procedures and will immediately inform Committee counsel and the U.S. Trustee in writing if such procedures are materially breached;
>
> (ii) subject to paragraph 5 hereof, AMG Committee Personnel will not directly or indirectly share any non-public information generated by, received from, or relating to Committee activities or Committee membership ("**Information**") with any other employees, representatives or agents of AMG, including

---

[1] The "AMG Committee Personnel" shall consist of Kaye Handley and Chérie Schaible, and others in accordance with paragraph 6 below.

[2] "Claims" is used in this Declaration to mean (x) any claims against or related to the Debtors and/or any of their non-Debtor affiliates (collectively, the "**Debtor Related Entities**"), including (i) "Securities" as defined in Section 2(a)(1) of the Securities Act of 1933 (including the following: stocks, notes, bonds, debentures, participation in, or derivatives based upon or relating to, any of the Debtors' debt obligations or equity interests) and (ii) bank debt and (y) any Securities issued by entities that acquired mortgages or loans directly or indirectly from the Debtor Related Entities.

AMG's trading personnel and investment advisory personnel, and AMG Committee Personnel shall use good faith efforts not to share any material Information concerning these Chapter 11 Cases with any AMG employee reasonably known to be engaged in trading activities with respect to the Claims on behalf of AMG[3] and/or its clients, except that a good faith communication of publicly available Information shall not be presumed to be a breach of the obligations of AMG or any AMG Committee Personnel hereunder;

(iii) AMG Committee Personnel will maintain all files containing information received in connection with or generated from Committee activities in secured cabinets inaccessible to other employees of AMG or in other locations inaccessible to other employees of AMG;

(iv) AMG Committee Personnel will not receive any information regarding AMG's trades in the Claims in advance of the execution of such trades, but AMG Committee Personnel may receive trading reports showing AMG's purchases and sales and ownership of the Claims but no more frequently than bi-weekly (provided that AMG Committee Personnel may receive the usual and customary internal reports showing AMG's purchases and sales on behalf of AMG or its clients and the amount and class of claims, interests, or securities owned by AMG or its clients to the extent that such personnel would otherwise receive such reports in the ordinary course and such reports are not specifically prepared with respect to the Debtors);

(v) AMG's compliance personnel shall review on a weekly basis AMG's trades of the Claims to determine if there is any reason to believe that such trades were not made in compliance with the information blocking procedures and shall keep records of such review;

(vi) AMG's compliance personnel shall periodically monitor, consistent with AMG's ordinary course compliance practice, the exchange of Information through electronic means among AMG Committee Personnel to ensure that such exchanges are performed in a manner consistent with the foregoing procedures;

(vii) so long as AMG is a member of the Committee, it shall disclose to the U.S. Trustee, in writing, any decrease in dollar amount of the Claims held by AMG and in clients' accounts at AMG that results in such holdings being less than one-third of the aggregate holdings of AMG and in clients' accounts at AMG as of the date of AMG's appointment to the Committee and any increase in dollar amount of the Claims held by AMG and in clients' accounts at AMG that results in an increase in aggregate holdings of more than two-thirds of the aggregate holdings of AMG and its clients' accounts at AMG as of the date of

---

[3] AMG trades only on behalf of its affiliates and does not trade on behalf of its own account.

AMG's appointment to the Committee, within 10 business days of such trade or trades aggregating the foregoing amount;

(viii) so long as AMG is a member of the Committee, it shall disclose to the Committee counsel and the U.S. Trustee every 6 months a declaration verifying continued compliance with the procedures described herein; and

(ix) AMG shall immediately disclose to the Committee's counsel and the U.S. Trustee any material breaches of the procedures described herein.

If AMG resigns from the Committee for any reason, AMG will continue to follow the procedures set forth in clauses (i) through (iii), (v), (vi) and (ix) above until a plan has been confirmed in the Chapter 11 Cases or the Chapter 11 Cases have been converted or dismissed.

5. Notwithstanding any of the above, AMG Committee Personnel may share Information with (a) senior management of AMG who, due to their duties and responsibilities, have a legitimate need to know such Information provided that such individuals (i) otherwise comply with the procedures herein, and (ii) use such Information only in connection with their senior managerial responsibilities, (b) regulators, auditors, and designated legal and compliance personnel for the purpose of rendering legal advice to the AMG Committee Personnel, and to the extent that such Information may be accessible by internal computer systems, AMG administrative personnel who service and maintain such systems, each of whom will agree not to share Information with other employees and will keep such Information in files (or in other locations) inaccessible to other employees, and (c) other AMG employees, representatives and agents who (i) are not involved with trading or investment advisory activities with respect to the Claims, and (ii) execute a Confidentiality Letter.

6. In the event any other individual AMG representative in addition to the AMG Committee Personnel is chosen to act as a Committee representative on behalf of AMG in the Chapter 11 Cases, such individual will be provided a copy of the Motion and this Declaration

01456.62468/4769978.5                                    - 4 -

and shall be required to execute a Confidentiality Letter, thereby indicating such individual's commitment to comply with the screening procedures described herein prior to accepting any responsibilities in connection therewith. Following execution of a Confidentiality Letter, such AMG representative shall be included in the definition of AMG Committee Personnel.

*[signature page follows]*

      I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 11, 2012

_____
Chérie Schaible