KLESTADT & WINTERS, LLP
Tracy L. Klestadt
Brendan M. Scott
570 Seventh Avenue, 17th Floor
New York, New York 10018
Tel: (212) 972-3000
Fax: (212) 972-2245

Hearing Date: August 10, 2012 at 10:00 a.m.
Objection Deadline: August 3, 2012 at 4:00 p.m.

*Attorneys for Vermont Housing Finance Agency*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re                                           :
                                                :    Chapter 11
RESIDENTIAL CAPITAL, LLC, *et al*.              :
                                                :    Case No. 12-12020 (MG)
                        Debtors.                :
                                                     (Jointly Administered)
-------------------------------------------------------x

**MOTION OF VERMONT HOUSING FINANCE AGENCY FOR AN ORDER,
PURSUANT TO 11 U.S.C. § 362(d), AND FED. R. BANKR. P. 4001,
GRANTING RELIEF FROM THE AUTOMATIC STAY**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

Vermont Housing Finance Agency (the "VHFA"), by its counsel, Klestadt & Winters, LLP, as and for its motion for an order pursuant to 11 U.S.C. § 362(d), and Rule 4001(a) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), granting relief from the automatic stay and authorizing VHFA to proceed with a State Court hearing to confirm the results of a public auction in the context of a foreclosure action; respectfully sets forth and represents:

**PRELIMINARY STATEMENT**

VHFA seeks relief from the automatic stay to proceed with a hearing in Vermont State Court on its motion seeking an order confirming the foreclosure sale of certain real property in which the Debtor holds a junior mortgage lien.

Pursuant to the terms of that certain Assignment of Mortgage, dated May 26, 2006, between Connecticut River Bank and VHFA, VHFA holds a first position senior mortgage in the amount of $127,500.00 on the lands and premises known as 13 Eaton Avenue, Springfield, Vermont ("Mortgaged Property").  GMAC Mortgage LLC ("Debtor") holds a junior mortgage on the Mortgaged Property in the amount of $34,000.  On September 27, 2011, the Superior Court for the State of Vermont, Windsor Unit ("State Court") entered a Judgment and Decree of Foreclosure by Judicial Sale in the amount of $131,682.49, plus interest and costs (the "Foreclosure Judgment") in favor of VHFA against Jason A. Colburn and Susannah Colburn ("Mortgagors"); Mortgage Electronic Registrations Systems, Inc., as nominee for GMAC Mortgage Corporation d/b/a/ ditech.com; and GMAC Mortgage LLC, successor to GMAC Mortgage Corporation.  Pursuant to the terms of the Foreclosure Judgment and a certain Notice of Sale, on April 30, 2012, Mortgaged Property was sold at public auction.  The proceeds of the sale of the Mortgaged Property were $56,950.  On May 10, 2012, VHFA moved the State Court for an order confirming the sale of the Mortgaged Property.  On May 16, 2012, the State Court issued a Notice of Hearing, which indicated that a hearing would be held on VHFA's motion on July 3, 2012.

As set forth below and as set forth in the affidavit of Susan A. Steckel, submitted in support of this Motion (the "Steckel Affidavit"), VHFA should be granted relief from the stay to continue its foreclosure and confirm the sale of the Mortgaged Property because the Debtor has no equity in the Mortgaged Property, the Mortgaged Property is not necessary for the Debtor's reorganization and VHFA's interests in the Mortgaged Property are not adequately protected.

**INTRODUCTION**

1.  The Debtor and its related affiliates (collectively, the "Debtors") filed Chapter 11 petitions on May 14, 2012 (the "Petition Date") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") and continued in the operation of their businesses and properties as debtors in possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

2.  On May 16, 2012, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") in this case, which consists of the following members: (i) Wilmington Trust, N.A., (ii) Deutsche Bank Trust Company Americas, (iii) The Bank of New York Mellon Trust Company, N.A., (iv) MBIA Insurance Corporation, (v) Rowena L. Drennen, (vi) AIG Asset Management (U.S.), LLC, (vii) U.S. Bank National Association, (viii) Allstate Life Insurance Company, and (ix) Financial Guaranty Insurance Company.

**JURISDICTION**

3.  The Bankruptcy Court has jurisdiction over the Debtor's case and this matter pursuant to 28 U.S.C. §§ 157 and 1334.

4.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

5.  The statutory predicate for the relief sought herein is 11 U.S.C. §362(d).

**BACKGROUND**

a.  **The VHFA Mortgage**

6.  On or around May 26, 2006, the Mortgagors granted to Connecticut River Bank, N.A. ("CRB") a first position mortgage in the amount of $127,500.00 on the Mortgaged Property (the "CRB Mortgage"). On May 26, 2006, via an Assignment of Mortgage, CRB

3

assigned all of its rights and interests with regard to the CRB Mortgage to VHFA (the "Assignment"). A copy of the Assignment is annexed to the Affidavit of Susan Steckel, dated July 2, 2012 ("Steckel Affidavit"), as **Exhibit "A"**.

**b.      The GMAC Junior Mortgage**

7.      On September 11, 2006, the Mortgagors granted a subordinate mortgage on the Mortgaged Property to GMAC Mortgage Corporation d/b/a Ditech.com (the "GMAC Junior Mortgage"). The GMAC Junior Mortgage secured a promissory note, dated September 11, 2006 in the amount of $34,000. Upon information and belief, the Debtor is the successor in interest to GMAC Mortgage Corporation. A copy of the GMAC Junior Mortgage is annexed to the Steckel Affidavit as **Exhibit "B"**.

c.      **The Foreclosure Proceedings**

8.      On or about May 16, 2011, VHFA commenced a foreclosure proceeding against the Mortgagors; Mortgage Electronic Registrations Systems, Inc, as nominee for GMAC Mortgage Corporation d/b/a/ ditech.com; and GMAC Mortgage LLC, successor to GMAC Mortgage Corporation.

9.      On September 27, 2011, the State Court entered the Foreclosure Judgment in the amount of $131,682.49, plus interest and costs in favor of VHFA against ("Mortgagors"); Mortgage Electronic Registrations Systems, Inc, as nominee for GMAC Mortgage Corporation d/b/a/ ditech.com; and the Debtor, as successor to GMAC Mortgage Corporation. A copy of the Foreclosure Judgment is annexed to the Steckel Affidavit as **Exhibit "C"**.

10.     The Foreclosure Judgment provided in part as follows:

> It is further ordered that unless **GMAC Mortgage, LLC, successor to GMAC Mortgage Corporation** pays to the Clerk of the Court on or before March 29, 2012, the sum of $131,682.49, together with any amounts established under paragraph 2 above, and together with per diem interest of $40.71 from September 2,

4

> 2011 to the date of redemption then such party, its successors and assigns, and all persons claiming under such party shall be foreclosed and forever barred from all equity of redemption in the Mortgaged Property.

See Steckel Affidaivt at **Exhibit "C"**.

11.     The Debtor did not redeem the Mortgaged Property prior to March 29, 2012.

12.     Pursuant to the terms of the Foreclosure Judgment and a certain Notice of Sale, on April 30, 2012, Mortgaged Property was sold at public auction. The proceeds of the sale of the Mortgaged Property were $56,950. On May 10, 2012, VHFA moved the State Court for an order confirming the sale of the Mortgaged Property ("Sale Confirmation Motion"). On May 16, 2012, the State Court issued a Notice of Hearing, which indicated that a hearing would be held on the Sale Confirmation Motion on July 3, 2012.

## RELIEF REQUESTED AND BASIS FOR RELIEF

13.     Section 362(a) of the Bankruptcy Code imposes a stay of, among other things:

> (3)  any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
>
> (4)  any act to create, perfect, or enforce a lien against property of the estate;
>
> (5)  any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;
>
> (6)  any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case. . . .

11 U.S.C. § 362(a)(6).

5

14. The Bankruptcy Code allows for relief from the automatic stay through Section 362(d), which states, in relevant part, that:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2) with respect to a stay of an act against property under subsection
>
> (a) of this section if –
>   (A) the debtor does not have an equity in such property; and
>   (B) such property is not necessary to an effective reorganization;

See 11 U.S.C. § 362(d).

## ARGUMENT

### I. Relief From the Automatic Stay Should Be Granted Under 11 U.S.C. § 362(d)(2).

a. The Debtor lacks equity in the Mortgaged Property and is barred from asserting any rights under the GMAC Junior Mortgage.

15. The allocation of burdens of proof in an action seeking relief from the automatic stay is set forth in section 362(g). The moving party carries the burden of proof only as to the debtor's equity in the property. The party opposing the lifting of the stay carries the burden as to *all other* issues. In re 160 Bleecker Street Associates, 141 B.R. 275, 281 (Bankr. S.D.N.Y. 1993) (emphasis added). In Roxrun Estates, Inc., 74 B.R. 997, 1002 (S.D.N.Y. 1987) ("The party moving for relief from the stay carries the burden of proof on the issue of the debtor's equity. . . while the party opposing such relief bears the burden of proof on all other issues."); In re Garsal Realty, Inc., 89 B.R. 140, 153-156.

16. Equity is the "difference between the property value and the total amount of liens against it." In re Stewart, 745 F.2d 1194, 1195 (9th Cir. 1984); In re Garsal Realty, Inc., 98 B.R. 140, 154 (Equity is "the remaining interest belonging to one who has pledged or

6

mortgaged his property, or the surplus of value which may remain after the property has been disposed of for the satisfaction of liens.")

17. On April 30, 2012, the Mortgaged Property was sold at auction for $56,950. Mark R. Tillson, a Vermont licensed appraiser, appraised the Mortgaged Property and determined that the fair market value of the Mortgaged Property as of April 11, 2012 was $67,000.00 ("Tillson Appraisal"). A copy of the Tillson Appraisal is annexed to the Steckel Affidaivt as **Exhibit "D"**. VHFA holds a perfected first position lien on the Mortgaged Property in the amount of at least $131,682.49. The Debtor holds a second position lien in the amount of $34,000. Significantly, pursuant to the terms of the Foreclosure Judgment, the Debtor forever waived any right to redeem the Mortgaged Property under the GMAC Junior Mortgage when it failed to redeem the Mortgaged Property prior to March. In light of the fact that VHFA holds a senior perfected lien on the Mortgaged Property in excess of the total value of the Mortgaged Property, the Debtor does not hold any equity in the property.

b. The Mortgaged Property is not a necessary part of the Debtors' reorganization efforts.

18. In United Sav. Ass'n v. Timbers of Inwood Forest Assocs., Ltd., 484 U.S. 365, 376, 108 S. Ct. 626, 98 L. Ed. 2d 740 (1998), the Supreme Court held that to establish that collateral is necessary for an effective reorganization under section 362(d)(2), a debtor must show that the "property is essential for an effective reorganization that is in prospect."

19. Here, the Debtor has demonstrated that it does not deem the Mortgaged Property to be an important part of its reorganization efforts. Prior to the Petition Date, the Debtor waived its right to redeem the property. The Debtor's decision was no doubt based on the Debtor's acknowledgement that the value of VHFA's senior lien on the Mortgaged Property far exceeds the total value of the Mortgaged Property. There exists a shortfall of over $80,000 between the value of VHFA's lien and the auction sale proceeds. In light of the value of

7

VHFA's valid perfected lien, the Debtor is completely under secured with respect to the Mortgaged Property.

20. In consideration of the facts, the Debtor will be unable to establish that it holds equity in the Mortgaged Property or that the Mortgaged Property is necessary to its reorganization.

21. For the foregoing reasons, VHFA should be granted relief from the automatic stay.

**II. Relief From the Automatic Stay Should Be Granted Under 11 U.S.C. § 362(d)(1).**

22. Moreover, upon information and belief, the value of the Mortgaged Property is decreasing, or not increasing at the same rate as the Mortgagor's indebtedness to VHFA is increasing.

23. Therefore, VHFA's interest in the Mortgaged Property is not adequately protected.

24. The Mortgagors allowed the hazard insurance policy covering the Mortgaged Property to lapse. Therefore, VHFA's interest in the Mortgaged Property is not adequately protected.

25. The Mortgagors abandoned the Mortgaged Property in early April, 2012. The Mortgaged Property is vacant and in disrepair. Therefore, VHFA's interest in the Mortgaged Property is not adequately protected.

26. A continued stay of VHFA's action against the Mortgaged Property will cause VHFA significant prejudice.

27. Therefore, cause exists to terminate the automatic stay to permit VHFA to exercise its non-bankruptcy rights and remedies with respect to the Mortgaged Property pursuant to § 362(d)(1) of the Bankruptcy Code.

## NOTICE

28. Notice of this Motion will be provided in accordance with the provisions set forth in the *Order Under Bankruptcy Code Sections 102(1), 105(A) and 105(D), Bankruptcy Rules 1015(C), 2002(M) And 9007 and Local Bankruptcy Rule 2002-2 Establishing Certain Notice, Case Management and Administrative Procedures* [Docket Entry No. 141]. VHFA respectfully submits that the foregoing notice is good and sufficient, and no further or additional notice need be given of this application or the relief sought herein.

## NO PRIOR RELIEF

29. No other application for the relief sought herein has been made by Movant to this or any other court.

**WHEREFORE**, VHFA respectfully requests that this Court enter an order (i) granting it relief from the automatic stay allowing it to proceed with a confirmation hearing on the sale of the Mortgaged Property and apply the proceeds to satisfy its lien, and granting such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        July 12, 2012

                                KLESTADT & WINTERS LLP

                                By:  */s/ Brendan M. Scott*
                                     Tracy L. Klestadt
                                     Brendan M. Scott
                                     570 Seventh Avenue, 17th Floor
                                     New York, New York 10018
                                     Tel: (212) 972-3000
                                     Fax: (212) 972-2245

                                     *Counsel for Vermont Housing Finance Agency*

9