**STATE OF VERMONT**

**SUPERIOR COURT**  **CIVIL DIVISION**
**WINDSOR Unit**  **Docket Number 294-6-11 Wrcv**



**Vermont Housing Finance Agency,**
*Plaintiff*

v.

**Jason A. Colburn,**
**Susannah Colburn,**
**Mortgage Electronic Registrations Systems, Inc.**
*As nominee for*
**GMAC Mortgage Corporation, d/b/a ditech.com,** and
**GMAC Mortgage, LLC,** *successor to*
**GMAC Mortgage Corporation,**
*Defendants*

## CERTIFICATE OF NON-REDEMPTION

I, Alison Waters, Deputy Clerk of the Vermont Superior Court, Windsor Civil Division, the same being a Court of record and having a seal, hereto attached, do hereby CERTIFY that attached hereto is a true and complete copy of the Judgment and Decree of Foreclosure by Judicial Sale in the above matter, the same having been filed in said Court on September 27, 2011.

I FURTHER CERTIFY that neither the Defendants Jason A. Colburn, Susannah Colburn, Mortgage Electronic Registration Systems, Inc. as nominee for GMAC Mortgage Corporation, d/b/a ditech.com and GMAC Mortgage, LLC, Successor to GMAC Mortgage Corporation nor anyone on their behalf tendered to the Clerk of this Court for the benefit of the Plaintiff, the sums due in equity for redemption of the lands and premises situated at **13 Eaton Avenue, Springfield, Vermont** the same being of record in **Book 369 at Page 258** of the Town of **Springfield** Land Records, within the time limited for redemption in said Judgment and Decree of Foreclosure by Judicial Sale.

By failure of the Defendant to redeem said lands and premises, **Jason A. Colburn, Susannah Colburn, Mortgage Electronic Registration Systems, Inc. as nominee for GMAC Mortgage Corporation, d/b/a ditech.com and GMAC Mortgage, LLC, Successor to GMAC Mortgage Corporation,** their heirs, executors, administrators, successors and assigns, and all persons claiming under them, are foreclosed and forever barred from all equity of redemption in the said lands and premises, except for such rights of redemption that may arise under 12 V.S.A. § 4532(i).

IN TESTIMONY WHEREOF, I hereunto set my hand and affix the seal of said Court, at Woodstock in said County this 10th day of April, 2012.

_____
Alison Waters, Deputy Clerk

*susteckel:Office:VHFA:Colb:Certificate of Non-Redemption.docx*

```
Springfield, VT Received For Record
On Apr 16,2012  AT 10:37A
Recorded In  Vol:   496 PG:   290

Meredith D. Kelley
Town Clerk
```

2

**STATE OF VERMONT**

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **WINDSOR Unit** | **Docket Number 294-6-11 Wrcv** |

3060414

**Vermont Housing Finance Agency,**
Plaintiff

v.

**Jason A. Colburn,**
**Susannah Colburn,**
**Mortgage Electronic Registrations Systems, Inc.**
**As nominee for**
**GMAC Mortgage Corporation, d/b/a ditech.com,** and
**GMAC Mortgage, LLC, successor to**
**GMAC Mortgage Corporation,**
Defendants

---

### JUDGMENT AND DECREE OF FORECLOSURE BY JUDICIAL SALE

This foreclosure action was brought before the Vermont Superior Court-Windsor Civil Division by complaint of Vermont Housing Finance Agency dated May 16, 2011 and served upon all Defendants on or before July 5, 2011. Judgment was granted to Vermont Housing Finance Agency on August 19, 2011 on the basis of default. The Accounting was entered without hearing. Pursuant to V.R.C.P. 80.1(g) and V.R.C.P. 58,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED as follows:

1. **Judgment.** There is presently due and owing the principal amount of $120,046.05, accrued interest as of September 1, 2011 of $6,851.50, court costs of $655.15, reasonable attorneys' fees as of August 14, 2011 of $1,204.50, title examination fees of $711.42, recording fees in the amount of $80.00, and additional amounts allowed in the accounting of $ $10.00 in late fees and $2,425.08 in taxes and insurance paid through August 9, 2011, less $300.81 in unapplied funds, making the total amount due Plaintiff as of September 1, 2011 the sum of $131,682.89, plus interest accruing at the rate of $40.71 per diem, from the date of accounting until the date of redemption.

2. **Taxes.** Plaintiff is entitled to have any amounts paid for taxes after the date of the affidavit of amounts due added to the amount due at time of redemption, pursuant to

FILED
SEP 27 2011
VERMONT SUPERIOR COURT
WINDSOR UNIT

12-12020-mg    Doc 760-5    Filed 07/12/12    Entered 07/12/12 12:38:01    Exhibit C to
Judgment and Decree of Foreclosure by Judicial Sale    Pg 4 of 8
Vermont Housing Finance Agency v. Colburn

12 V.S.A. § 4525, upon proof of payment made. Plaintiff shall also be entitled to reimbursement for other expenses incurred between the effective date of the Affidavit of Amounts Due filed by the Plaintiff and the date of redemption, upon the approval of the Court.

3. **Mortgaged Property.** The property which is the subject of this foreclosure, the "Mortgaged Property," is commonly known as 13 Eaton Avenue, Springfield, Vermont 05156 and is more particularly described as follows:

> Being all and the same land and premises conveyed to Jason A. Colburn and Susannah Colburn by Warranty Deed of Judith Staszko and Edwin Staszko dated May 26, 2006 and of record in Book 369 at Page 258 of the Town of Springfield Land Records and more particularly described therein as follows:.
>
> Meaning and intending hereby to convey a portion of the same land and premises as conveyed to Judith Staszko by deed of Kathleen C. Dix and Judith Staszko, dated August 18, 2000 and recorded August 21, 2000 in Book 214, Page 235 of the Springfield Land Records.
>
> Being a portion of the same land and premises as were conveyed to Kathleen C. Dix and Judith Staszko by Quit Claim Deed of Kathleen C. Dix, dated September 5, 1995 and recorded September 7, 1995 in Book 142, Pages 274-275 of the Springfield Land Records.
>
> Being a portion of the same land and premises as were conveyed to Edward L. Dix (now deceased) and Kathleen C. Dix by the Warranty Deed of Leland G. Chase and Mary E. Chase, said deed dated November 10, 1953 and recorded November 12, 1953 in Book 53 at Page 406 of the Springfield Land Records, and in said deed being more particularly described as follows:
>
> The first parcel being Lot No. 4 as delineated on a plot of lots entitled "Plan of Proposed Lots, Property of Hazel A. Eaton, Springfield, Vt., A.G. Buxton, C.E., June 21, 1939", which plan is on file in the Springfield Land Records.
>
> Being a portion of the same land and premises with the buildings thereon situate which were conveyed to Leland G. Chase by Eva H. Furman joined by her husband, Fred H. Furman, by warranty deed dated August 2, 1944, recorded in Book 49 at Page 389 of the Springfield Land Records.
>
> Reference is hereby had to the aforesaid plan, the aforesaid deed, and the record thereof, for a more particular description of the said Lot No. 4.
>
> Said Lot No. 4 is subject to the condition that no dwelling house costing less than Three Thousand Dollars ($3,000) shall be erected or placed on said lot and that no use shall be made of said premises except for dwelling purposes.
>
> These premises can be further described as 13 Eaton Road, in Springfield, Vermont, and consisting of .25+/- acres.

FILED

SEP 27 2011

VERMONT SUPERIOR COURT
WINDSOR UNIT

2

12-12020-mg   Doc 760-5   Filed 07/12/12   Entered 07/12/12 12:38:01   Exhibit C to
Affidavit   Pg 5 of 8
Judgment and Decree of Foreclosure by Judicial Sale
Vermont Housing Finance Agency v. Colburn

Reference is hereby made to a Quitclaim Deed from Judith Staszko to Judith Staszko and Edwin Staszko, deed dated April 10, 2006, recorded April 19, 2006 in Book 366, Page 22 of the Springfield Land Records.

Reference is hereby made to the above-mentioned instruments, the records thereof, the references therein made, and their respective records and references, in further aid of this description.

4. **Redemption.** It is further ordered that unless Defendants Mortgagors **Jason A. Colburn and Susannah Colburn** pay to the Clerk of the Court on or before _March 27_, 2012, the date of redemption payable to Court, before 4:30 p.m., the sum of $131,682.49, together with any amounts established under paragraph 2 above, and together with per diem interest of $40.71 from September 2, 2011 to the date of redemption, then the Plaintiff may request a writ of possession.

It is further ordered that unless **GMAC Mortgage, LLC, successor to GMAC Mortgage Corporation** pays to the Clerk of the Court on or before _March 29_ 2012, the sum of $131,682.49, together with any amounts established under paragraph 2 above, and together with per diem interest of $40.71 from September 2, 2011 to the date of redemption then such party, its successors and assigns, and all persons claiming under such party shall be foreclosed and forever barred from all equity of redemption in the Mortgaged Property.

It is further ordered that unless **Mortgage Electronic Registration Systems, Inc. as nominee for GMAC Mortgage Corporation, d/b/a ditech.com** pays to the Clerk of the Court on or before _April 2_ 2012, the sum of $131,682.49, together with any amounts established under paragraph 2 above, and together with per diem interest of $40.71 from September 2, 2011 to the date of redemption then such party, its successors and assigns, and all persons claiming under such party shall be foreclosed and forever barred from all equity of redemption in the Mortgaged Property.

5. **Mortgagor Defendant's Additional Right to Redeem.** Defendants/Mortgagors Jason A. Colburn and Susannah Colburn may also redeem up to the date of the judicial sale, described in paragraph 7 below, by payment of the redemption amount pursuant to 12 V.S.A. § 4532 (i).

FILED

SEP 27 2011

VERMONT SUPERIOR COURT
WINDSOR UNIT

3

12-12020-mg    Doc 760-5    Filed 07/12/12    Entered 07/12/12 12:38:01    Exhibit C to
Affidavit    Pg 6 of 8
Judgment and Decree of Foreclosure by Judicial Sale
Vermont Housing Finance Agency v. Colburn

6. **Non-Redemption; Notice of Sale.** If the Defendants shall fail to redeem the Mortgaged Property as set forth in paragraph 4 above, then the Court shall issue a Certificate of Non-Redemption, and the Mortgaged Property shall be sold as a whole to the highest bidder at public sale by a sheriff, deputy sheriff, constable, licensed auctioneer, or other disinterested person specifically appointed by the Court, pursuant to 12 V.S.A. § 4531 et seq. and V.R.C.P. 80.1. The sale shall take place within six months of the last redemption date under paragraph 4 above, unless extended by the Court or the case is stayed by a bankruptcy filing. Plaintiff shall send a Notice of Sale as required by 12 V.S.A. § 4532 (e) and (f) at least 60 days before the sale. If the designation of a specific date and time of sale is not included, Plaintiff shall send a supplemental Notice of Sale as required by 12 V.S.A. § 4532 (e) and (f) at least 21 days before the sale, specifying the exact date and time of the sale. Plaintiff shall also publish a Notice of Sale in a newspaper distributed in Springfield in the State of Vermont for three (3) consecutive weeks prior to the date of sale and shall specify that the property shall be sold to the highest bidder at a public sale to be held at the Mortgaged Property on a specified date and time. The first publication shall be not less than 21 days prior to the date of sale. Prior to any request for confirmation, Plaintiff shall file a copy of all Notices of Sale with the Court with a certificate of service. Plaintiff shall also file a copy of the published Notice of Sale with the Court, with a copy of publications or a certificate of publication dates.

7. **Public Sale.** At the sale, the person holding the public sale shall sell to the highest bidder all of the Mortgaged Property, subject to property taxes and municipal assessments, if any. If the Plaintiff makes the highest bid, Plaintiff shall be required to pay cash or certified funds only to the extent that its bid is in excess of the sum due it by the Defendant Mortgagor up to the date of sale under this Judgment and Decree. The purchaser at the sale shall pay cash or certified funds to the person holding the sale. The Notice of Sale shall specify that this form of payment is required. In any case, a deposit shall be paid at the time of sale of at least $10,000.00 in the form of cash, a bank treasurer's check, or certified funds. The deposit shall be increased to at least 10% (ten percent) of the successful bid by an additional payment in the form of cash or bank treasurer's check no later than 7 days following the public sale. Plaintiff is authorized to require the purchaser to sign a Purchase and Sales Agreement. If

4

FILED
SEP 27 2011
VERMONT SUPERIOR COURT
WINDSOR UNIT

Judgment and Decree of Foreclosure by Judicial Sale
Vermont Housing Finance Agency v. Colburn

specified in the Notice of Sale that includes the date and time of sale, the person holding the public sale may, for good cause, postpone the sale for a period of up to thirty (30) days, from time to time until it is completed, giving notice of such adjournment and specifying the new date by public proclamation at the time and place appointed for the sale.

   8. **Report of Sale.** The person holding the public sale shall file a Report of Sale, under oath, with the Court within ten (10) days of the date of sale pursuant to 12 V.S.A. § 4533 (a). The person holding the public sale, or the attorney for the Plaintiff, shall retain all sale proceeds as custodian, to be disbursed in accordance with the final Confirmation Order of this Court promptly following confirmation pursuant to 12 V.S.A. § 4533 (a).

   9. **Confirmation.** Plaintiff shall file a motion for confirmation, which shall set forth the satisfaction of all statutory requirements for confirmation, supported by affidavit if necessary, and a proposed distribution of sale proceeds in specified amounts together with a factual basis for such distribution supported by the record and affidavit(s) if necessary. The Court may require Plaintiff to serve any interested persons, as well as all parties who appeared in the case, with any motion for confirmation and notice of confirmation hearing scheduled pursuant to 12 V.S.A. § 4533 (a). At confirmation, Plaintiff may be allowed reasonable attorneys' fees and the reasonable expenses of making the sale pursuant to 12 V.S.A. § 4533 (a) as well as taxes paid since the accounting, if any, pursuant to 12 V.S.A. §4525. If the Court confirms the sale, the Court shall issue a Final Confirmation Order which shall set forth the information required by V.R.C.P. 80.1 (k) and shall order distribution of sale proceeds to named persons in specified amounts in accordance with V.R.C.P. 80.1 (j)(1). If the Court confirms the sale, the Confirmation Order shall constitute conclusive evidence as against all persons that the power was duly executed. When the purchase price has been paid in full and the Confirmation Order recorded in the land records, transfer of title is effectuated pursuant to 12 V.S.A. §4533 (b).

   **If you wish to appeal this judgment, you must request permission to appeal by motion filed with the Court within ten (10) days of the date of entry of the judgment, not including that date or Saturdays, Sundays, or legal holidays.**

FILED

SEP 27 2011

5

VERMONT SUPERIOR COURT
WINDSOR UNIT

12-12020-mg    Doc 760-5    Filed 07/12/12    Entered 07/12/12 12:38:01    Exhibit C to
Affidavit    Pg 8 of 8
Judgment and Decree of Foreclosure by Judicial Sale
Vermont Housing Finance Agency v. Colburn

Dated at Woodstock, Vermont this 21 day of September, 2011.

*Theresa S. DiMauro*
Theresa S. DiMauro
Presiding Judge

susansteckel:Office:VHFA:Co b:Foreclosure Judgment.docx

```
Springfield, VT Received For Record
ON Apr 16,2012 AT 10:37A
Recorded In  Vol:   496 PG:   292

Meredith D. Kelley
Town Clerk
```

FILED

SEP 27 2011

VERMONT SUPERIOR COURT
WINDSOR UNIT

6