**Hearing Date and Time: August 14, 2012 at 10:00 a.m. (prevailing Eastern Time)
Objection Deadline: July 23, 2012 at 4:00 p.m. (prevailing Eastern Time)**

QUARLES & BRADY LLP
One Renaissance Square
Two North Central Avenue
Phoenix, Arizona 85004-2391
Telephone: (602) 229-5200
Facsimile: (602) 229-5690
Lori L. Winkelman, Esq. (admitted *pro hac vice*)
lori.winkelman@quarles.com
Walter J. Ashbrook, Esq. (admitted *pro hac vice*)
walter.ashbrook@quarles.com

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, et al., | Case No. 12-12020-MG |
| Debtors. | Jointly Administered |

**NOTICE OF MOTION OF ONEWEST BANK FOR ORDER PURSUANT TO
BANKRUPTCY RULE 2004 AUTHORIZING RULE 2004 EXAMINATION OF
HOMECOMINGS FINANCIAL, LLC AND REQUIRING PRODUCTION OF
DOCUMENTS**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. On July 12, 2012, OneWest Bank ("**OneWest**"), a creditor in the cases of the above-captioned Chapter 11 debtors and debtors in possession (the "**Debtors**"), filed concurrently herewith the Motion by OneWest Bank for Production of Documents Pursuant to Rule 2004 (the "**Rule 2004 Motion**").

2. A hearing the ("**Hearing**") to consider the Motion shall be held by the Honorable Martin Glenn, United States Bankruptcy Judge, in Room 501 of the United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New

York 10004, or such other courtroom as may be announced on the date of the Hearing on **August 14, 2012 at 10:00 a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel and the parties may be heard.

3. Any objection to the Rule 2004 Motion must be made in writing, filed with the Court (with a copy to Chambers) in accordance with the Order Under Bankruptcy Code Sections 102(1), 105(a) and 105(d), Bankruptcy Rules 1015(c), 2002(m) and 9007 and Local Bankruptcy Rule 2002-2 Establishing Certain Notice, Case Management and Administrative Procedures entered by this Court on May 23, 2012 [Docket No. 141] (the "**Case Management Order**"), and served on the Special Service List, as the term is defined in the Case Management Order so as to be received no later than **July 23, 2012 at 4:00 p.m. (prevailing Eastern Time)** (the "**Objection Deadline**").

4. The relief requested in the Rule 2004 Motion may be granted without a hearing if no objection is timely filed and served in accordance with the Case Management Order, in which case, OneWest may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Rule 2004 Motion, which order may be entered without a hearing, and without further notice to any party.

5. A copy of the Rule 2004 Motion can be obtained or viewed for a fee via PACER at www.pacer.gov or (without charge) on the Debtors' restructuring website at www.kccllc.net/rescap.

QB\136701.00059\17335289.2

Dated: July 12, 2012
       Phoenix, Arizona

                    /s/ Walter J. Ashbrook
                    Lori L. Winkelman
                    Walter J. Ashbrook

                    QUARLES & BRADY LLP
                    One Renaissance Square
                    Two North Central Avenue
                    Phoenix, AZ 85004-2391
                    Telephone: (602) 229-5200
                    Facsimile: (602) 229-5690

                    Attorneys for OneWest Bank

QB\136701.00059\17335289.2

**Hearing Date and Time: August 14, 2012 at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: July 23, 2012 at 4:00 p.m. (prevailing Eastern Time)**

QUARLES & BRADY LLP
One Renaissance Square
Two North Central Avenue
Phoenix, Arizona 85004-2391
Telephone: (602) 229-5200
Facsimile: (602) 229-5690
Lori L. Winkelman, Esq. (admitted *pro hac vice*)
lori.winkelman@quarles.com
Walter J. Ashbrook, Esq. (admitted *pro hac vice*)
walter.ashbrook@quarles.com

*Counsel for OneWest Bank*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, et al., | Case No. 12-12020-MG (Jointly Administered) |
| Debtors. | |

**MOTION OF ONEWEST BANK FOR ORDER PURSUANT TO BANKRUPTCY RULE 2004 AUTHORIZING RULE 2004 EXAMINATION OF HOMECOMINGS FINANCIAL, LLC AND REQUIRING PRODUCTION OF DOCUMENTS**

OneWest Bank ("**OneWest**"), a creditor and party-in-interest in the above-captioned, jointly administered Chapter 11 cases of RESIDENTIAL FUNDING COMPANY, LLC, et al. ("**Debtors**"), by and through undersigned counsel, hereby moves (the "**Rule 2004 Motion**") for entry of an order, pursuant to 11 U.S.C. §§ 105(a); Rules 2004, 9006(c)(1) and 9013 of the Federal Rules of Bankruptcy Procedure (the "**Rules**"); and Rule 9006-1(b) of the Local Bankruptcy Rules for the Southern District of New York, substantially in the form attached hereto as **Exhibit "A"**, requiring the debtor Homecomings Financial, LLC[1] ("**Homecomings**")

---

[1] Homecomings Financial, LLC is also known as Homecomings Financial Network, Inc. and Tri-Advantage Credit Services.

QB\136701.00059\17323240.2

to appear and testify under oath at a 2004 examination on a date and at a time agreeable to OneWest and Homecomings on not less than fourteen (14) days notice from OneWest to Homecomings (the "**2004 Examination**"), and requiring Homecomings to produce the documents specified in the order within 21 calendar days from the date of the entry of the order (the "**Document Production**").

## JURSIDICTION

1.  The Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

2.  Pursuant to Rule 2004, OneWest seeks entry of an order (the "**Order**") substantially of the form attached hereto as **Exhibit "A"**, requiring Homecomings to produce the documents specified in the Order on or before July 25, 2012, and requiring Homecomings to appear and testify at the 2004 Examination on a date and at a time agreeable to Homecomings and OneWest on not less than fourteen (14) days' notice from OneWest to Homecomings.

3.  The Rule 2004 Examination and Document Production are necessary for OneWest to determine the amount of its claim against Homecomings relating to, among other things, (i) Homecomings' failure to release a lien it held in connection with a loan (the "**Loan**") secured by property located at 8234 E. Desert Cove Ave., Scottsdale, AZ  85260 (the "**Property**"); and (ii) Homecomings' assignment of the Loan to a third party after Homecomings had been paid in full.

## CONCLUSION

WHEREFORE, OneWest respectfully requests that the Court (i) enter an order granting this Motion substantially the same as the form attached hereto as **Exhibit "A"**; and (ii) grant OneWest such other and further relief as the Court deems proper under the circumstances.

-2-

Dated: July 12, 2012
      Phoenix, Arizona

/s/ Walter J. Ashbrook
Lori L. Winkelman
Walter J. Ashbrook

QUARLES & BRADY LLP
One Renaissance Square
Two North Central Avenue
Phoenix, AZ 85004-2391
Telephone: (602) 229-5200
Facsimile: (602) 229-5690

Attorneys for OneWest Bank

-3-

# Exhibit "A"

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, et al., | Case No. 12-12020-MG |
| Debtors. | Jointly Administered |

**ORDER GRANTING MOTION BY ONEWEST BANK FOR ORDER PURSUANT TO BANKRUPTCY RULE 2004 AUTHORIZING RULE 2004 EXAMINATION AND REQUIRING PRODUCTION OF DOCUMENTS**

Upon the "Motion by OneWest Bank for Order Pursuant to Bankruptcy Rule 2004 Authorizing Rule 2004 Examination of Homecomings Financial, LLC and Requiring Production of Documents" (the "**Motion**") filed by ONEWEST BANK ("**OneWest**"), a creditor and party-in-interest in the above-captioned Chapter 11 cases of RESIDENTIAL FUNDING COMPANY, LLC, et al. ("**Debtors**") and, after due deliberation and sufficient cause appearing therefore, it is hereby

ORDERED that the Motion is granted; and it is further

ORDERED that Debtor Homecomings Financial, LLC produce the documents requested in, and in accordance with **Exhibit "A"** attached hereto and incorporated herein by this reference, within 21 calendar days after entry of this Order at the offices of Quarles & Brady LLP, Attn: Walter P. Ashbrook, One Renaissance Square, Two North Central Avenue, Phoenix, Arizona 85004-2391, Facsimile: (602) 229-5690, Email: walter.ashbrook@quarles.com; and it is further

-2-

ORDERED that Debtor Homecomings Financial, LLC appear and testify under oath at an examination pursuant to Bankruptcy Rule 2004 on a date and at a time and location agreeable to OneWest and Homecomings Financial, LLC, on not less than fourteen (14) days notice from OneWest to Homecomings.

Dated: July ____, 2012
      New York, New York

                                                 _____
                                                     MARTIN GLENN
                                           United States Bankruptcy Judge

# EXHIBIT "A" – REQUEST FOR PRODUCTION OF DOCUMENTS

I. **INSTRUCTIONS.**

    A.    This Request for Production of Documents shall be deemed to be a request for the production by you of all documents enumerated below, whether prepared by or for you or by any other party or any other person, which documents are in your possession, custody, control, or in the possession, custody or control of your attorneys, accountants, consultants, receivers, employees, agents, or anyone acting on your behalf.

    B.    In responding to this Request, you are to state:

        1.    With respect to each item, category or request, that inspection and related activities will be permitted as requested, unless the Request is objected to, in which event the reasons for the objection shall be stated;

        2.    If objection is made to part of an item, category or request, that part shall be specified and inspection permitted for the remaining parts; and

        3.    As to each document you are withholding from production on the basis of privilege, you are to provide the following information to identify the document for a subpoena or motion to compel its production:

            a.    Title or description;

            b.    Date;

            c.    Author;

            d.    Recipient(s);

            e.    Number of pages;

            f.    Subject matter;

            g.    Method of transmission; and

            h.    The specific grounds for withholding the document.

    C.    You are required to organize and label the documents you produce to correspond with the categories set forth in this Request; if you are currently in business, you may produce documents as they are kept in the usual course of your business.

    D.    If any document or information requested by this Request was formerly in your actual or constructive care, custody, possession or control or that of any of your employees, agents or representatives and has been lost, discarded or destroyed, you shall submit a written statement that:

        1.    Describes in detail the nature of the information or document and its contents;

-3-

QB\136701.00059\17323410.1

        2.     Identifies the person who prepared the document and any and all persons to whom the document was sent or disclosed;

        3.     Identifies any and all persons who have seen, had possession or access to or custody of the document;

        4.     Specifies the dates on which the document was prepared, transmitted and received;

        5.     Specifies the date on which the document was lost or destroyed and, if destroyed, the conditions of and reasons for such destruction and the identities of the persons requesting and performing the destruction; and

        6.     Identifies all persons with knowledge of the contents or any portion of the contents of the document.

        E.     If you respond to this Request with a response that is complete when made, you are nevertheless under a duty to supplement the response to include information thereafter acquired.

        F.     If you obtain information which shows (and failure to amend your response in light of such information is in substance a knowing concealment) your earlier response was incorrect when made, or your earlier response, although correct when made, is no longer true, you must supplement your response.

## II.    **DEFINITION OF TERMS.**

        As used herein and unless the context requires otherwise, the terms used in the foregoing Instructions, in these Definitions, and in the following list of Documents Requested shall have the following meanings:

        1.     "And" or "or" shall be construed either disjunctively or conjunctively or both, as necessary to bring within the scope of this discovery request all responses which might otherwise be construed to be outside the scope.

        2.     "Bankruptcy Cases" means the bankruptcy cases pending in the Southern District of New York that are jointly administered under Bankruptcy Case No. 12-12020-MG (including Case No. 12-12042-MG of Homecomings Financial, LLC) filed by the Debtors in the United States Bankruptcy Court for the Southern District of New York on May 14, 2012.

        3.     "Communication" means all correspondence, notes, emails, faxes, memoranda, and all other forms of written or electronic communication.  This definition includes any documents that are exchanged or transmitted in conjunction with any oral, written, or electronic communication, and includes any notes of or other documents memorializing the substance of such communication.

        4.     "Debtors" means the debtors in the Bankruptcy Cases.

QB\136701.00059\17323410.1

5. "<u>Discussion</u>" means any form of communication, written or oral.

6. "<u>Document</u>" refers to and includes the originals (or copies if the originals are unavailable to you), and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, of every writing of every type or description, and every other thing constituting any medium by which, through which, or on which any type of communication or knowledge has been transmitted, recorded, or preserved, whether printed, handwritten, recorded or graphic matter, computer records, photographic matter, or sound reproductions, wherever produced or recorded, whether claimed to be exempt from production pursuant to a properly asserted privilege or for any other reason, with this definition including, for illustrative purposes and without limitation, all of the following:

(i) correspondence, memoranda, notes, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, check statements, check stubs, bank statements, spreadsheets, statements of account, memoranda, pamphlets, reports, surveys, studies, analyses, tabulations, graphs, logs, statements, receipts, returns, summaries, pamphlets, books, inter-office or intraoffice communications, telephone message slips, offers, notations of conversations, bulletins, drawings, plans, computer printouts, teletypes, telefaxes, invoices, worksheets, ledger books, books of account, reports and/or summaries of investigations, opinions and/or reports of consultants, appraisals and/or other valuation estimates of any kind, and all drafts, alterations, modifications, changes and amendments of any of the foregoing;

(ii) all graphic or aural records and representations of any kind, including without limitation photographs, charts, graphs, microfiche, microfilm, videotape recordings, motion pictures and electronic, mechanical or electrical records, cassettes, disks, or recordings of any kind; and

(iii) electronic mail communications, computer disks and diskettes, computer input or output, computer hard drive files, computer back up tapes, zip drive files, recorded information, electromagnetic tapes used for preserving and backing up computer systems, data and information located in computer systems, on computer networks, and information in whatever other form stored or utilized by the Debtor on computer systems.

7. "<u>Loan</u>" means the loan held or at any time previously held by Homecomings Financial Network, LLC that secured by a Deed of Trust dated March 17, 2005 with Mayra Hernandez as grantor, Homecomings Fincnaila Network, Inc., as lender, recorded in the Official Records of the Maricopa County Recorder, Marcopa County, Arizona at Recorder's Number 20050345808, pursuant to which was or is secured by the Property.

QB\136701.00059\17323410.1

8. "Person" means any natural person, corporation, limited liability company, partnership, association, trust, joint venture, sole proprietorship, firm, or other business enterprise, governmental entity, or legal entity, and means both the singular and plural.

9. "Personal Property" means any property, tangible or intangible, including, without limitation, cash, funds, accounts, receivables, inventory, projects, stocks, bonds, partnership membership interests, interests in a business, equitable interests, client lists, intellectual property, jewelry, vehicles, furniture, fixtures, equipment, contract/legal rights, and insurance policies.

10. "Property" means real property commonly referred to as, and/or located at 8234 E. Desert Cove Ave., Scottsdale, Arizona 85260.

11. "Relate to" "related to", "relating to", or "regarding" means mentioning, discussing, including, summarizing, describing, reflecting, containing, referring to, relating to, depicting, arising from, in connection with, embodying, evidencing, constituting, concerning, reporting, purporting or involving an act, occurrence, event, transaction, fact, thing, or course of dealing.

12. "You", "you", or "your" means Debtor Homecomings Financial, LLC, together with any and all insiders and/or affiliates (as defined under 11 U.S.C. §§ 101(2) and (31)) of Homecomings Financial, LLC.

13. The singular form of any word shall include the plural, the masculine form of any word shall include the feminine. The terms "and" and "or" mean "and/or;" that is, the conjunctive or disjunctive, whichever results in the most comprehensive and exhaustive answer.

## III. **DOCUMENTS TO BE PRODUCED.**

1. All documents relating to the Loan, including your entire file relating thereto.

2. All communications relating to the Loan.

3. All documents evidencing, referencing, or relating to any and all payments received by you in connection with the Loan, including any payoff of the Loan on or around September 6, 2005.

4. All documents evidencing or relating to the payment history on the Loan.

5. All periodic statements (i.e., monthly, quarterly, annual, etc.) relating to the Loan.

6. All documents and communications relating to any offer to sell, any sale, any assignment, and/or any transfer of the Loan by Homecomings Financial, LLC to any person

-6-

7. All documents relating to policies and/or procedures of Homecomings Financial, LLC and its affiliates regarding loan payoff, including policies regarding release of liens upon loan payoff.