**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| ---------------------------------------------------------- x | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Residential Capital, LLC, et al., | : | Case No. 12-12020 (MG) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |
| ---------------------------------------------------------- x | | |

**ORDER APPROVING RETENTION OF KRAMER LEVIN NAFTALIS & FRANKEL LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, *NUNC PRO TUNC* TO MAY 16, 2012**

Upon the application, dated June 27, 2012 (the "**Application**"), of the Official Committee of Unsecured Creditors appointed in the above-captioned cases (the "**Committee**") for entry of an order (the "**Order**") authorizing the retention of Kramer Levin Naftalis & Frankel LLP ("**Kramer Levin**") as attorneys to the Committee effective as of May 16, 2012, as more fully described in the Application; and upon the Declaration of Kenneth H. Eckstein (the "**Eckstein Declaration**"), a member of Kramer Levin, dated June 27, 2012, attached to the Application as Exhibit A; and the Court being satisfied that based on the representations made in the Application and the Eckstein Declaration that Kramer Levin is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and as required under section 327(a) of the Bankruptcy Code, and that Kramer Levin represents no interest adverse to the Committee with respect to the matters upon which it is to be engaged; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and the Amended Standing Order M-431 of Referral of Cases to Bankruptcy Court

Judges of the District Court for the Southern District of New York, dated January 31, 2012 (Preska, Acting C.J.); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided; and a hearing having been held to consider the relief requested in the Application (the "**Hearing**"); and upon the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Application is in the best interests of the Committee and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Application is granted as provided herein; and it is further

ORDERED that the Committee is authorized to retain Kramer Levin as counsel in these Chapter 11 Cases, *nunc pro tunc* to May 16, 2012, pursuant to Bankruptcy Code §§ 328 and 1103, Bankruptcy Rule 2014(a) and Local Bankruptcy Rule 2014-1, on the terms described in the Application and the Eckstein Declaration, to perform necessary legal services for the Committee; and it is further

ORDERED that payment of Kramer Levin's fees and expenses shall be made pursuant to the terms described in the Application and the Eckstein Declaration, in accordance with the applicable provisions of the Bankruptcy Code (including Bankruptcy Code §§ 330 and 331), the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. Section 330, dated January 30, 1996, and any other applicable procedures and orders of this Court; and it is further

ORDERED that prior to any increases in rates as set forth in paragraph 9 of the Application, Kramer Levin shall file a supplemental declaration with the Court and give ten

business days' notice to the Debtors, the United States Trustee and any official committee, which supplemental declaration shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and indicate whether the client has received notice of and approved the proposed rate increase; and it is further

ORDERED that notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among Ally Financial Inc. ("**AFI**"), Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates; and it is further

ORDERED that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that the Committee is authorized and empowered to take all actions necessary to implement the relief granted in this Order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
July 16, 2012

**_____/s/Martin Glenn_______**
MARTIN GLENN
United States Bankruptcy Judge