**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, <u>et</u> al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

**ORDER AUTHORIZING EMPLOYMENT AND RETENTION
OF RUBENSTEIN ASSOCIATES, INC. AS CORPORATE COMMUNICATIONS
<u>CONSULTANT TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE</u>**

Upon the application, dated June 26, 2012 (the "Application"),[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (the "Order"), pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), authorizing the Debtors to employ and retain Rubenstein Associates, Inc. ("Rubenstein") as corporate communications consultant to the Debtors, *nunc pro tunc* to May 14, 2012, as more fully set forth in the Application; and upon consideration of the Affidavit of Howard Rubenstein in support of the Application; and the Supplemental Affidavit of Howard Rubenstein in support of the Application; Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431 dated January 31, 2012 (Preska, C.J.); and consideration of the

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application. Creditors and parties-in-interest with questions or concerns regarding the relief granted herein may refer to http://www.kccllc.net/rescap.

ny-1049583

Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the terms and conditions of Rubenstein's employment, including but not limited to the Fee Structure as set forth in the Engagement Letter; and Rubenstein not holding or representing any interest adverse to the Debtors' estates; and Rubenstein being a "disinterested person," as that term is defined in Bankruptcy Code section 101(14), as modified by section 1107(b), of the Bankruptcy Code; and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided; and a hearing having been held on July 13, 2012 to consider the relief requested in the Application; and upon the record of the hearing, and of all of the proceedings had before the Court; and the Court having found and determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and this Court having found that the relief requested herein is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor, it is hereby

        **ORDERED, ADJUDGED AND DECREED THAT:**

        1.        The Application is granted as set forth herein.

        2.        In accordance with Bankruptcy Code section 327(a), and Bankruptcy Rule 2014 and Local Rule 2014-1, the Debtors are authorized to employ and retain Rubenstein as their corporate communications consultant in accordance with the terms and conditions set forth in the Application and the Engagement Letter, effective *nunc pro tunc* to the Petition Date.

        3.        Rubenstein shall be compensated in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any applicable orders of the Court, the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District

of New York Bankruptcy Cases M-389 (Nov. 25, 2009), and the United States Trustee Guidelines currently in effect (the "Fee Guidelines").

4.  Rubenstein shall file fee applications for monthly, interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Rules, the Fee Guidelines, and any other applicable procedures and orders of the Court.

5.  Prior to any increases in Rubenstein's rates, as set forth in paragraph 14 of the Application, Rubenstein shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtors, the United States Trustee and any official committee. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether Rubenstein's client has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

6.  Pursuant to the terms of the Engagement Letter, and in accordance with the Fee Guidelines, Rubenstein is entitled to reimbursement by the Debtors for reasonable expenses incurred in connection with the performance of its engagement under the Engagement Letter, consistent with the Supplemental Rubenstein Affidavit.

7.  The Engagement Letter, including, without limitation, the indemnification provisions, is incorporated herein by reference and approved in all respects except as otherwise set forth herein.

8. All requests of Rubenstein for payment of indemnity pursuant to the Engagement Letter shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity confirms to the terms of the Engagement Letter and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought, provided, however, that in no event shall Rubenstein be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence of willful misconduct.

9. In the event that Rubenstein seeks reimbursement from the Debtors for reasonable attorneys' fees in connection with a request by Rubenstein for payment of indemnity pursuant to the Engagement Letter, as modified by this Order, the invoices and supporting time records from such attorneys shall be included in Rubenstein's own application (both interim and final) and such invoices and time records shall be subject to the Fee Guidelines and the approval of the Court under the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

10. To the extent that there may be any inconsistency between the terms of the Application, the Rubenstein Affidavit, the Supplemental Rubenstein Affidavit, the Engagement Letter and this Order, the terms of this Order shall govern.

11. Rubenstein shall use its reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

12. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order in accordance with the Application.

13. Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

14. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated:    New York, New York
         July 16, 2012

                                    __/s/Martin Glenn_____
                                    MARTIN GLENN
                                    United States Bankruptcy Judge