**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et</u> <u>al</u>., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT**
**OF MORRISON & FOERSTER LLP AS BANKRUPTCY COUNSEL TO THE**
**DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application (the "Application")[1] dated June 26, 2012 of the Debtors for entry of an order, under Bankruptcy Code section 327(a), Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1 authorizing the Debtors and debtors-in-possession to employ and retain the law firm of Morrison & Foerster LLP ("Morrison & Foerster") as their bankruptcy counsel *nunc pro tunc* to May 14, 2012 (the "Petition Date"); and the Debtors having submitted the Nashelsky Declaration in support of the Application; and the Debtors having submitted the Supplemental Declaration of Larren M. Nashelsky in Further Support of the Application (the "Supplemental Nashelsky Declaration"); and the Court being satisfied based on the representations made in the Application, the Nashelsky Declaration, and the Supplemental Nashelsky Declaration that the partners, "of counsel", associates, and paraprofessionals of Morrison & Foerster who will be engaged in the Chapter 11 cases represent no interest adverse to the Debtors' estates with respect to the matters upon which Morrison & Foerster is to be engaged, and that they are disinterested persons as that term is defined under section 101(14) of

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application. Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases or the relief granted herein may refer to http://www.kccllc.net/rescap for additional information.

ny-1049522

the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code; and having considered the statements of counsel and the evidence adduced with respect to the Application at a hearing before the Court (the "Hearing"); and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it further appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it further appearing that notice of the Application as set forth therein is sufficient under the circumstances, and that no further notice need be provided; and any objections to the Application having been resolved, withdrawn or overruled; and it further appearing that the relief requested in the Application is in the best interests of the Debtors, their estates and their creditors; and after due deliberation and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT**:

1.   The Application is granted as set forth herein.

2.   To the extent the Application is inconsistent with this Order, the Nashelsky Declaration, or the Supplemental Nashelsky Declaration, the terms of this Order shall govern.

3.   Pursuant to sections 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1 and subject to the terms of this Order, the Debtors are authorized to employ and retain Morrison & Foerster as their bankruptcy counsel *nunc pro tunc* to the Petition Date on the terms set forth in the Application, the Nashelsky Declaration, and the Supplemental Nashelsky Declaration to perform the services described therein.

4.   Morrison & Foerster shall be compensated and reimbursed in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the guidelines established by the Executive Office of the United States Trustee, and such other procedures as may be fixed by order of this Court (collectively, the "Compensation

2

Guidelines").

5. Morrison & Foerster shall file fee applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the Compensation Guidelines.

6. Morrison & Foerster shall apply any amounts of its prepetition Retainer as a credit toward postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to the first Order of the Court awarding fees and expenses to Morrison & Foerster.

7. Prior to any increases in Morrison & Foerster's rates, as set forth in paragraph 10 of the Application, Morrison & Foerster shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtors, the United States Trustee and any official committee. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether Morrison & Foerster's client has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in Section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to Section 330 of the Bankruptcy Code.

8. Morrison & Foerster is authorized to provide the following services:

    (a) advising the Debtors with respect to their powers and duties as debtors in possession in the continued management and operation of their businesses and properties;

    (b) attending meetings and negotiating with creditors and parties in interest;

    (c) advising the Debtors in connection with any sale of assets in these Chapter 11 cases;

    (d) taking all necessary action to protect and preserve the Debtors' estates, including prosecuting actions on the Debtors' behalf, defending any action commenced against the Debtors, and representing the Debtors' interests in

3

      negotiations concerning all litigation in which the Debtors are involved, including, but not limited to, objections to claims filed against the Debtors or their estates;

  (e) preparing all motions, applications, answers, orders, reports, and papers necessary to the administration of the Chapter 11 cases;

  (f) taking any necessary action on behalf of the Debtors to obtain approval of solicitation procedures, a disclosure statement and confirmation of a Chapter 11 plan;

  (g) providing U.S. tax advice to the Debtors regarding restructuring matters;

  (h) appearing before this Court, any appellate courts, and the United States Trustee to protect the interests of the Debtors' estates before such Courts and the United States Trustee;

  (i) performing other necessary legal services for the Debtors in connection with the Chapter 11 cases, including (i) analyzing the Debtors' leases and executory contracts and the assumption or assignment thereof, (ii) analyzing the validity of liens against the Debtors, and (iii) advising on corporate, litigation, and other legal matters; and

  (j) taking all steps necessary and appropriate to bring the Chapter 11 cases to conclusion.

9. Morrison & Foerster shall use its best efforts to avoid any duplication of services provided by any other counsel or professionals retained by the Debtors in the Chapter 11 cases.

10. Morrison & Foerster will coordinate with all professionals retained under section 327(e) of the Bankruptcy Code to create and utilize task codes in an effort to assist the Court and other parties in interest in monitoring any duplication of efforts.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

12. Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System,

4

and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

13. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:  July 16, 2012
        New York, New York

                                          **/s/Martin Glenn**
                                          MARTIN GLENN
                                   United States Bankruptcy Judge