**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et</u> <u>al</u>., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION**
**AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

Upon the motion (the "Motion")[1] of Residential Capital, LLC, and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors") for entry of an order establishing procedures for the interim allowance and payment of compensation and reimbursement for attorneys and other professionals whose retentions are approved by the Court pursuant to sections 327, 328 or 1103 of the Bankruptcy Code and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code, as more fully set forth in the Motion; and the Court having subject matter jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.); and the Motion being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and no other or further notice need be provided; and the

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion. Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases or the relief granted herein may refer to http://www.kccllc.net/rescap for additional information.

ny-1048679

relief requested in the Motion being in the best interests of the Debtors and their estates and creditors; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and it appearing that the relief requested by the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation thereon; and sufficient cause appearing therefor, it is hereby:

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is granted as provided herein.

2. Except as may otherwise be provided in orders of this Court authorizing the retention of specific professionals, all Retained Professionals in these cases may seek interim compensation in accordance with the following procedures (the "Interim Compensation Procedures"):

    (a) On or before the 30th day of each month following the month for which compensation and expense reimbursement is sought or as soon as reasonably practicable thereafter, each Retained Professional seeking compensation shall serve a monthly statement (the "Monthly Statement"), by hand or overnight delivery, on the following parties (collectively, the "Notice Parties"): (i) proposed counsel for the Debtors, Morrison & Foerster LLP (Attn: Larren M. Nashelsky, Gary S. Lee and Lorenzo Marinuzzi); (ii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attn: Tracy Hope Davis, Linda A. Riffkin, and Brian S. Masumoto); (iii) proposed counsel for the Official Committee of Unsecured Creditors (the "Creditors' Committee"), c/o Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attn: Kenneth H. Eckstein and Douglas H. Mannal); (iv) counsel for Ally Financial Inc., Kirkland & Ellis, 601 Lexington Avenue, New York, NY 10022 (Attn: Richard M. Cieri and Ray C. Schrock); and (v) counsel for Barclays Bank PLC, Skadden, Arps, Slate,

    Meagher & Flom LLP, 4 Times Square, New York, New York 10036 (Attn: Kenneth S. Ziman and Jonathan H. Hofer).

(b)   The Monthly Statement need not be filed with this Court and a courtesy copy need not be delivered to the presiding judge's chambers. The procedures are not intended to alter the fee application requirements outlined in sections 330 and 331 of the Bankruptcy Code, and the Retained Professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules for the United States Bankruptcy Court, Southern District of New York.

(c)   Unless otherwise provided in the order authorizing the retention of a Retained Professional, each Monthly Statement must contain a list of the individuals and their respective titles (e.g., attorney, accountant, or paralegal) who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred, and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour. No professional should seek reimbursement of an expense that would otherwise not be allowed pursuant to this Court's Administrative Orders, dated June 24, 1991, April 21, 1995 and November 25, 2009, or the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330, dated June 4, 2004.

(d)   Each Notice Party shall have the later of (i) 20 days after its receipt of a Monthly Statement or (ii) the 40th day following the end of the month for which compensation is sought (the "Objection Deadline") to review it and, if such party has an objection to the compensation or reimbursement sought in a particular Monthly Statement (an "Objection"), such party shall serve upon the Retained Professional whose Monthly Statement is the subject of an Objection, and the other Notice Parties, a written "Notice of Objection to Fee Statement," setting forth the nature of the Objection and the amount of fees or expenses at issue.

(e)   At the expiration of the Objection Deadline, the Debtors shall promptly pay 80% of the fees and 100% of the expenses identified in each Monthly Statement to which no Objection has been served in accordance with paragraph (d) above.

ny-1048679

(f) If an Objection to a particular Monthly Statement is served, the Debtors shall withhold payment of that portion of the Monthly Statement to which the Objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (e) above.

(g) Similarly, if the parties to an objection are able to resolve their dispute following the service of an Objection, and if the party whose statement was objected to serves upon all of the Notice Parties a statement indicating that the Objection is withdrawn and describing in detail the terms of the resolution, then the Debtors will promptly pay, in accordance with paragraph (e), that portion of the fee statement which is no longer subject to an objection.

(h) All Objections that are not resolved by the parties shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court in accordance with paragraph (j) below.

(i) The service of an Objection in accordance with paragraph (d) above shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground, whether raised in the Objection or not. Furthermore, the decision by any party not to object to a Monthly Statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code.

(j) Approximately every 120 days, but no more than every 150 days, each of the Retained Professionals shall serve and file with the Court an application for interim or final Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be) (the "Interim Fee Application"), of the compensation and reimbursement of expenses requested.

(k) Any Retained Professional who fails to timely file an Interim Fee Application seeking approval of compensation and expenses previously paid pursuant to a Monthly Statement (1) shall be ineligible to receive further monthly payments of fees or reimbursement of expenses as provided herein until such Interim Fee Application is filed or by further order of the Court, and (2) may be required to disgorge any fees paid since retention or the last fee application, whichever is later.

(l) The pendency of an Interim Fee Application or a Court order that payment of compensation or reimbursement of expenses was

ny-1048679

        improper as to a particular Monthly Statement shall not disqualify a Retained Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

(m)    Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Retained Professionals.

(n)    Counsel for each official committee may, in accordance with the foregoing procedure for monthly compensation and reimbursement of professionals, collect and submit statements of expenses, with supporting vouchers, from members of the committee he or she represents; provided, however, that such committee counsel ensures that these reimbursement requests comply with this Court's Administrative Orders dated June 24, 1991 and April 21, 1995.

3.    Each Retained Professional whose retention has been approved by the Court as of Petition Date may seek, in its first Monthly Statement, compensation for work performed and reimbursement for expenses incurred during the period beginning on the Petition Date and ending on June 30, 2012. All professionals not retained as of the Petition Date may seek, in their first Monthly Statement, compensation for work performed and reimbursement for expenses incurred during the period from the effective date of their retention through the end of the first full month following the effective date of their retention, and otherwise in accordance with the procedures set forth in the Motion. The first interim fee application for the Retained Professional shall seek compensation and reimbursement of expenses for the period from the Petition Date through August 31, 2012.

4.    Notice of the interim and final fee applications shall be served on the Notice Parties. Notice given in accordance with this paragraph is deemed sufficient

ny-1048679

and adequate and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of this Court.

5.   Notice of the hearing on the interim and final fee applications shall be served on the Notice Parties and all parties that have filed a notice of appearance with the Clerk of this Court and requested such notice.  Notice given in accordance with this paragraph is deemed sufficient and adequate and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this Court and/or the Case Management Order approved in these Chapter 11 cases.

6.   The amount of fees and disbursements sought in the Monthly Statement and the Fee Applications shall be set out in U.S. Dollars.  If the fees and disbursements are to be paid in foreign currency, the amount shall be set out in U.S. dollars and the conversion amount in the foreign currency, calculated at the time of the submission of the application.

7.   The Debtors shall include all payments to professionals on their monthly operating reports, detailed so as to state the amount paid to each of the Retained Professionals.

8.   Any party may object to requests for payments made pursuant to this Order on the grounds that the Debtors have not timely filed monthly operating reports, remained current with their administrative expenses and 28 U.S.C. § 1930 fees, or a manifest exigency exists by seeking a further order of this Court; otherwise, this Order shall continue and shall remain in effect during the pendency of this case.

9.   All time periods referenced in this Order shall be calculated in accordance with Rule 9006(a) of the Federal Rules of Bankruptcy Procedure.

ny-1048679

10. Any and all other and further notice of the relief requested in the Motion shall be, and hereby is, dispensed with and waived; provided, however, that the Debtors must serve a copy of this Order on the Notice Parties.

11. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

13. Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

Dated: New York, York
      July 17, 2012

                                            **/s/Martin Glenn**
                                            MARTIN GLENN
                                United States Bankruptcy Judge