**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER PURSUANT TO 11 U.S.C. § 327(A) AND FED. R. BANKR. P. 2014 AUTHORIZING THE EMPLOYMENT AND RETENTION OF KURTZMAN CARSON CONSULTANTS LLC AS ADMINISTRATIVE AGENT, *NUNC PRO TUNC* TO THE PETITION DATE**

Upon consideration of the application (the "Application")[1] of Residential Capital, LLC, as debtors and debtors in possession (the "Debtors") for entry of an order (the "Order") pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 2014-1 of the Local Bankruptcy Rules of the Southern District of New York (the "Local Rules") authorizing the retention of Kurtzman Carson Consultants LLC ("KCC") as administrative agent in the Debtors' Chapter 11 cases *nunc pro tunc* to May 14, 2012 on the terms and conditions set forth in the agreement between the Debtor and KCC (the "KCC Agreement") and all as described more fully in the Application; and upon the Declaration of Albert Kass, KCC's Vice President of Corporate Restructuring Services, (the "Kass Declaration"); and the Debtors having estimated that the size and complexity of their cases warrants the retention of an agent to assist with certain administrative duties; and the Court being satisfied that KCC has the capability and experience to provide such services and that KCC does not hold an interest adverse to the

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

1

Debtors or their estates respecting matters upon which it is to be engaged; and it appearing that the Court has jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. § 157(b)(2)(A), (B), and (O); and it appearing that venue is proper in this district pursuant to 28 U.S.C. § 1408; and it appearing that KCC is disinterested and eligible for retention pursuant to sections 101(14) and 327(a) of the Bankruptcy Code and that the terms of the KCC Agreement, as modified by the terms of this Order and as applicable, are reasonable and appropriate; and good and sufficient notice of the Application having been given and no other or further notice being required; and it appearing that the employment of KCC is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1.  The Application is granted to the extent provided herein.

2.  The Debtors are authorized pursuant to section 327(a) of the Bankruptcy Code to retain and employ KCC as administrative agent, *nunc pro tunc* to the Petition Date, subject to the terms of the Application and the KCC Agreement, and to perform the Professional Services specifically listed in the Application subject to the terms of this Order.

3.  KCC shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these Chapter 11 cases.

4.  KCC is authorized to take such other action to comply with all duties set forth in the Application.

5.  This Order shall not apply to any services KCC was authorized to render pursuant to the Section 156(c) Application, which was approved by the Court.

6.  KCC shall apply to the Court for allowances of compensation and reimbursement of out-of-pocket expenses incurred in this case after the Petition Date in

accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, General Order M-412, the guidelines established by the U.S. Trustee, and further orders of this Court.

7. To the extent that KCC increases its rates under the terms of the KCC Agreement, KCC shall promptly file with the Court, and serve upon the Debtors, the U.S. Trustee and any official committee, an affidavit setting forth all changes in rates for each individual.

8. Notwithstanding anything to the contrary in the KCC Agreement, the indemnification provisions are hereby modified and restated as follows:

   (a) All requests of KCC for payment of indemnity pursuant to the KCC Agreement shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that such indemnity conforms to the terms of the KCC Agreement, and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought, *provided*, however, that in no event shall KCC be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct;

   (b) In the event that KCC seeks reimbursement from the Debtors for reasonable attorneys' fees in connection with a request by KCC for payment of indemnity pursuant to the KCC Agreement, as modified by this Order, the invoices and supporting time records from such attorneys shall be included in KCC's own application (both interim and final) and such invoices and time records shall be subject to the guidelines established by the United States Trustee for Region 2 and the approval of the Court under the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code;

   (c) KCC shall not be entitled to reimbursement by the Debtors for any fees, disbursements and other charges of KCC's counsel other than those incurred in connection with a request of KCC for payment of indemnity; and

   (d) In no event shall KCC be indemnified if the Debtors or representatives of the estates assert a claim for, and a court determines by final order that such claim arose out of, KCC's own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct.

3

ny-1049752

9. Notwithstanding anything contained in the KCC Agreement to the contrary, KCC's liability shall neither be limited to (i) the total amount billed or billable to the Debtors for the portion of the particular work which gave rise to the loss or damage nor (ii) the total amount billed to the Debtors and paid to KCC for the services contemplated under the KCC Agreement.

10. Prior to the Petition Date, and as disclosed in the Section 156 Application, the Debtors provided KCC a retainer in the amount of $100,000. KCC may apply its retainer to all prepetition invoices, and thereafter, KCC may hold its retainer under the KCC Agreement during the Chapter 11 cases as security for the payment of expenses incurred under the KCC Agreement.

11. To the extent that the Application or the KCC Agreement is inconsistent with this Order, the terms of the Order shall govern.

12. The KCC Agreement may not be assigned by KCC without permission of the Court.

13. The Debtors and KCC are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

14. The terms and conditions of this Order are immediately effective and enforceable upon its entry.

15. Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the

Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

16. Notwithstanding any provision to the contrary in the Application or KCC Agreement, the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

New York, New York
Date:  July 17, 2012

                                                 _/s/Martin Glenn_
                                                 MARTIN GLENN
                                                 United States Bankruptcy Judge

ny-1049752

1