**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, <u>et</u> <u>al</u>., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

**ORDER UNDER BANKRUPTCY CODE SECTIONS 105(a), 327, AND 330
AND BANKRUPTCY RULE 2014 AUTHORIZING EMPLOYMENT AND
PAYMENT OF PROFESSIONALS UTILIZED IN ORDINARY COURSE
OF BUSINESS *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the motion (the "<u>Motion</u>")[1] of the Debtors for an order, under Bankruptcy Code sections 105(a), 327, and 330 and Bankruptcy Rule 2014 for entry of an order authorizing the Debtors to employ and compensate certain professionals in the ordinary course of business, as more fully set forth in the Motion; and the Court having subject matter jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the Amended Standing Order of Reference, dated January 31, 2012 (Preska, C.J.); and the Motion being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and no other or further notice need be provided; and the relief requested in the Motion being in the best interests of the Debtors and their estates and creditors; and the Court having reviewed the Motion and the Hamzehpour Declaration, and having heard the statements in support of the relief requested therein at a hearing before the Court (the "<u>Hearing</u>"); and the Court having determined that the legal and factual bases set forth in the Motion and the Hamzehpour Declaration, and at

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

ny-1011946

the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED, as set forth herein.

2. Pursuant to sections 105(a), 327 and 330 of the Bankruptcy Code and Bankruptcy Rule 2014, to the extent deemed necessary or appropriate by the Debtors, the Debtors are authorized, but not required nor directed, to employ the OCPs listed on Exhibit 2 annexed to the Motion in the ordinary course of their businesses, effective as of the Petition Date; provided, however, that as a condition of such employment, each such OCP shall comply with the OCP Procedures detailed herein.

3. The following OCP Procedures are hereby approved:

   (a) Within ten (10) business days after the date on which the Order approving this Motion is served upon an OCP, such OCP shall provide to the Debtors: (i) a declaration (the "OCP Declaration"), substantially in the form annexed to the Motion as Exhibit 3, certifying that the professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter on which the professional is to be employed; and (ii) a completed retention questionnaire (the "OCP Questionnaire"), substantially in the form annexed to the Motion as Exhibit 4.

   (b) The Debtors shall then file the OCP Declaration and OCP Questionnaire with the Court and serve them upon: (i) the U.S. Trustee and (ii) counsel for the Committee (the "Notice Parties"). The Notice Parties shall then have 20 days following service to file any objection to the retention stemming from the contents of the OCP Declaration or OCP Questionnaire (which 20-day period can be extended with the consent of the Debtors). If no objection is filed by the Objection Deadline, then the retention of such OCP shall be deemed approved and the OCP may be paid in accordance with paragraph (c) below. If an objection is filed by the Objection Deadline and such objection cannot be resolved within ten (10) days, the matter shall be set for a hearing before the Court. No OCP shall be paid any amounts for invoiced fees and expenses until the OCP has been approved under the above procedure.

2

  (c) After the retention of an OCP has been approved in accordance with paragraph (b), the Debtors shall be permitted to pay the OCP, without a prior application to the Court, 100% of the fees and disbursements incurred, upon the submission to, and approval by, the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and disbursements actually incurred, up to the lesser of (i) $50,000 per month per OCP (an "<u>OCP Monthly Limit</u>") or (ii) $500,000 per OCP during the pendency of these Chapter 11 cases (up to and including the effective date of a confirmed plan) (an "<u>OCP Case Limit</u>" and, together with an OCP Monthly Limit, an "<u>OCP Payment Limit</u>").  In the event that, for a given month, an OCP seeks an amount greater than its OCP Monthly Limit, then such OCP shall be required to file a fee application with respect to such month for the full amount of its fees and expenses in accordance with sections 330 and 331 of the Bankruptcy Code, as well as the applicable provisions of the Bankruptcy Rules and the Local Rules; <u>provided</u>, <u>however</u>, that the Debtors may pay such professional $50,000 as provided hereunder while such application is pending with the Court.  In the event an OCP reaches the OCP Case Limit, the OCP will either file a retention application pursuant to section 327 of the Bankruptcy Code, or the Debtors shall seek to amend the OCP Case Limit.

  (d) If an OCP held a retainer as of the Petition Date, then the OCP shall disclose the amount of the retainer in the OCP Questionnaire.  The OCP may apply its retainer against any prepetition claims.  Any sums remaining shall then be applied against postpetition fees up to the OCP Payment Limit.

  (e) The Debtors reserve the right to supplement the OCP List from time to time as necessary.  The Debtors have diligently attempted to identify all of their current OCPs.  Nevertheless, some OCPs may have been inadvertently omitted.  Further, the nature of the Debtors' businesses requires the retention of additional OCPs from time to time.  In either event, the Debtors propose to file a notice (a "<u>Supplemental Notice of OCPs</u>"), with the Court listing the additional OCPs that the Debtors intend to employ.

  (f) An OCP listed on a Supplemental Notice of OCPs shall be retained and paid in accordance with the terms and conditions set forth above.

4. The Debtors shall disclose compensation paid to the OCPs pursuant to this Order in their monthly operating reports.

5. At three (3) month intervals during the pendency of these chapter 11 cases (each, a "**Quarter**"), the Debtors shall file with the Court and serve on the Notice Parties, no

3

ny-1011946

later than thirty (30) days after such Quarter, a statement that shall include the following information for each OCP: (i) the name of the OCP; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that OCP during the reported Quarter; (iii) all postpetition payments made to that OCP to date; and (iv) a general description of the services rendered by that OCP. The first statement shall be filed on or before September 30, 2012, which shall cover payments made after entry of this Order through August 31, 2012.

6. The Debtors may amend the OCP Payment Limits set forth in this Order upon motion to the Court and due notice to parties in interest, including the Notice Parties.

7. This Order shall not apply to any professional retained by the Debtors under a separate order of this Court.

8. Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

9. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

ny-1011946

10. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated:  July 17, 2012
        New York, New York

                                            **/s/Martin Glenn**
                                            MARTIN GLENN
                                    United States Bankruptcy Judge

ny-1011946