Hearing Date and Time: August 14, 2012 at 10:00 AM
Objection Deadline: August 7, 2012

FORMAN HOLT ELIADES
RAVIN & YOUNGMAN
80 Route 4 East, Suite 290
Paramus, New Jersey 07652
201-845-1000
Michael E. Holt
Mholt@formanlaw.com

Counsel for Hitoshi & Wakana Inoue

UNITED STATES BANKRUTPCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re: | : |  |
|---|---|---|
|  | : | Chapter 11 |
| RESIDENTIAL CAPITAL LLC, et. al. | : |  |
|  | : | Case No. 12-12020 (MG) |
| Debtors | : |  |
|  | : | (Jointly Administered) |
|  | : |  |

**MOTION OF HITOSHI & WAKANA INOUE FOR ORDER PURSUANT TO SECTION 362(d) OF THE BANKRUPTCY CODE MODIFYING THE AUTOMATIC STAY TO PERMIT MOVANTS TO PROCEED TO TRIAL BEFORE CALIFORNIA SUPERIOR COURT AND TO EXTEND TIME TO OBJECT TO DISCHARGE OF DEBT**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

Hitoshi Inoue and Wakana Inoue (the "Movants"), individuals residing in California, by their counsel, Forman Holt Eliades Ravin & Youngman LLC, respectfully submit this Motion for an Order Modifying the Automatic Stay Pursuant to Section 362 of the United States Bankruptcy Code to Permit Movants to proceed to trial in California Superior Court, County of Sonoma and to extend time for Movants to object to Debtors' discharge pursuant to Rule 4004(b) of the Federal Rules of Bankruptcy Procedure (the "Motion").

00140074 - 2

## JURISDICTION

1. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334. This proceeding is a core proceeding pursuant to 28 U.S.C § 157(b)(2)(G) and a proceeding to obtain relief from the automatic stay in accordance with Bankruptcy Rules 4001 and 9014. Venue of this proceeding and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

## PRELIMINARY STATEMENT

2. On May 14, 2012, the GMAC Mortgage, LLC (formerly known as GMAC Mortgage Corporation, "GMAC"), Executive Trustee Services, Inc. (now known as Executive Trustee Services, LLC, "ETS"), and affiliated entities (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et. seq.* (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Court"). The Debtors' chapter 11 cases have been consolidated and are being jointly administered pursuant to Federal Rule of Bankruptcy Procedure 1015.

3. On September 20, 2010, Movants filed a complaint, *Inoue v. GMCAC*, SCV 248256, in California Superior Court, County of Sonoma (the "Inoue Action"), and filed a lis pendens with the Sonoma County Recorder stemming from GMAC's wrongful foreclosure of Movant's primary residence located at 3735 Coffey Lane, Santa Rosa California, 95403-1616 (the "Property").

4. The Inoue Action has been pending for almost two years. A trial date was initially set for July 20, 2012 which trial was been stayed by the Debtors' bankruptcy filing and Section 362(a) of the Bankruptcy Code.

5.  On or about June 28, 2012, the Debtors vacated the trial date by *ex parte* motion before the California Superior Court. Nevertheless, discovery has been completed and the parties are prepared for trial.

6.  Movants now seek to modify the automatic stay to proceed with trial of the Inoue Action to judgment and to extend time to file a complaint objecting to discharge.

## RELEVANT FACTS

7.  At all relevant times herein, GMAC was the servicer for the first deed of trust on the Property.

8.  GMAC, through their agent ETS recorded a Notice of Default against the Property on May 20, 2010 with the Sonoma County Recorder bearing document number 2010-041850 in the official records of Sonoma County.

9.  On August 20, 2010 GMAC, through their agent ETS, recorded a Notice of Trustee's Sale against the Property with the Sonoma County Recorder bearing document number 2010-069754 in the official records of Sonoma County. This Notice of Trustee's Sale set a sale date of September 13, 2010.

10. On August 23, 2010 Movants contacted GMAC by telephone and spoke with an authorized agent of GMAC who told Movants that the amount for full reinstatement was $15,626.02 and that if this full amount was paid, the Trustee's sale set for September 13, 2010 would be cancelled, in accordance with California law.

11. On August 31, 2010 Movants sent a cashier's check in the amount of $15,626.02 via certified mail to GMAC in order to reinstate the mortgage and cure the default.

12. Notwithstanding Movants' payment in full, On September 13, 2010 GMAC and ETS completed a foreclosure sale by holding a public auction for the sale of the Property. At this Trustee's sale, MED&G Group, a California Limited Partnership and a co-defendant in the Inoue Action (hereinafter "MED&G") purchased the Property for $244,144.84.

13. Movants filed the Inoue Action on September 20, 2010 and filed a lis pendens with the Sonoma County Recorder. Movants also applied for a restraining order and preliminary injunction against any further action against the Property by GMAC, ETS, or MED&G. This was denied by the Court.

14. As a result of that denial, on September 28, 2010 MED&G filed an Unlawful Detainer action against Movants in California Superior Court, County of Sonoma to evict them.

15. As a result of MED&G's Unlawful Detainer Action, Movants were forced to leave their home on October 17, 2010 and surrender possession to MED&G on October 18, 2010.

16. The Inoue Action states California State Law causes of action for wrongful foreclosure, fraud, and quiet title, among others. A copy of the Second Amended Verified Complaint, which is the most current pleading in the Inoue Action, is attached to the declaration of Thomas P. Kelly III filed herewith as **Exhibit A**.

## BASIS FOR RELIEF

A. <u>Cause Exists for Lifting the Automatic Stay</u>.

17. Bankruptcy Code Section 362(d)(1) authorizes a court to terminate, annul, modify or condition the automatic stay for "cause." The Bankruptcy Code does not define "cause" and, therefore, courts determine cause on a case-by-case basis. *See In re Sonnax Industries, Inc.*, 907

F.2d 1280, 1285 (2d Cir. 1990). However, courts should consider whether granting relief from the stay would "permit pending litigation involving the debtor to continue in a non-bankruptcy forum" because "it will often be more appropriate to permit proceedings to continue in their place of origin, where no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from duties that may be handled elsewhere." *In re Project Orange Associates, LLC*, 432 B.R. 89, 103 (Bankr. S.D.N.Y. 2010)(MG) (*quoting* H.R.Rep. No. 95-595, at 341 (1977), U.S.Code Cong. & Admin. News 1978, at 5963, 6297; S.Rep. No. 95-989, at 50 (1978), U.S.Code. Cong. & Admin. News 1978, at 5787, 5836) (*internal quotations omitted).*

18.     Based upon the factors established by the Second Circuit Court of Appeals in *Sonnax Industries*, cause clearly exists for lifting the automatic stay so that Movants can continue their litigation in California State Court. In *Sonnax Industries*, the court stated that a bankruptcy court may consider the following factors in determining whether to lift the automatic stay to permit litigation in another forum: (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceedings involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in

5

the other proceedings; and (12) impact of the stay on other parties and the balance of the harms. *Id.* at 1286; *see also Project Orange Associates, LLC,* 432 B.R. 89 (finding cause under the *Sonnax* Factors to lift the automatic stay to allow actions to continue in state-court); *In re Godt* (E.D.N.Y. 2002) 282 B.R. 577, 585 (affirming bankruptcy court decision to lift stay to allow malpractice actions to proceed against chapter 7 debtor).

19.     Only those factors relevant to a particular case need be considered, *Id.* at 1285, and a court need not assign them equal weight. *In re Burger Boys, Inc.*, 183 B.R. 682, 688 (S.D.N.Y. 1994) (*citing In re Helen Touloumis,* 170 B.R. 825, 828 (Bankr.S.D.N.Y.1994); *In re Keene Corporation,* 171 B.R. 180, 183 (Bankr.S.D.N.Y.1994)).     Under *Sonnax*, the "fundamental question" as to whether a court should grant stay relief is the balance of the harms. 907 F.2d at 1286.

20.     *Sonnax* Factor 1: Lifting the automatic stay to allow Movants to proceed in California Superior Court is in the interest of judicial economy and is the only means to a complete resolution of the issues. The California Superior Court, County of Sonoma has heard the Inoue Action from inception and is familiar with both the facts and the law relevant to the dispute.  The claims within the Inoue Action involve California real property law, and should be adjudicated by the California courts.  In this action, the court must determine the validity of a foreclosure proceeding, whether subsequent buyers of these properties are bona fide purchasers under the California recording statutes, and other complex issues of California law.  Such claims should be adjudicated by the court in which the claims were filed.  *See In re Project Orange Associates, LLC*, 432 B.R.at 112 ("this Court will not permit the relitigation of state court issues before it, nor will it pass on issues that only implicate state law and are better resolved in a state court.").

6

21. Furthermore, Movants have alleged claims against other defendants based on the same facts at issue in the claims against the Debtor. Only the California trial court may render a judgment binding on all parties in the Inoue Action. *See New York Med. Group* 265 B.R. 408, 413 (Bankr. S.D.N.Y. 2001) (modifying the stay to allow prepetition litigation to continue where only state court could render a complete judgment). While it is possible for Movants to sever the claims against Debtors and to proceed solely against the non-debtor defendants, it would force Movants to try the case twice against two sets of defendants at great and unnecessary expense to Movants and the judicial system. Granting relief from the automatic stay is the only way to insure that a judgment against all parties is reached efficiently.

22. *Sonnax* Factors 6 and 2: The automatic stay should also be lifted because the Inoue Action primarily involves third parties, including Debtors' Insurer and the current owner of the Property. Declaration of Thomas P. Kelly III at ¶ 14. Indeed the Inoue Action is against the current holder of title to the Property, MED&G; Debtors have been joined as co-defendants because they conducted the foreclosure sale which Movant's allege was wrongful. Because the Inoue action primarily involves third parties, lifting the automatic stay will not interfere with the Debtors' bankruptcy proceeding.

23. *Sonnax* Factor 11: The parties are ready for trial. Although the trial date has been vacated, discovery is complete and the parties are prepared for trial. Declaration of Thomas P. Kelly III at ¶¶ 13, 14. In similar circumstances, courts frequently modify the automatic stay to allow pre-petition litigation to continue where discovery was not required or had already taken place. And in the Inoue Action, discovery has already been completed. *See In re Fischer* 202 B.R. 341, 355 (E.D.N.Y. 1996) (granting stay relief to allow civil RICO claims to proceed where

7

discovery was near completion); *In re Rexene* 141 B.R. 574 (Bankr. D.Del. 1992) (granting relief from stay where document discovery had been completed and only a few depositions remained).

24. *Sonnax* Factor 7 and 12: The balance of harms favors lifting the automatic stay. Severe prejudice to Movants may result if the stay is not modified. At this time, the Inoue Action has been pending for nearly two years. Movants have been wrongfully evicted from their home and further delay would effectively prevent justice and reward Debtors and non-debtor defendants for their wrongful conduct.

25. In contrast, neither the Debtors, the chapter 11 estates, nor other creditors will be prejudiced in any significant degree, nor will material burdens be imposed on the Debtors, if the Court permits the Inoue Action to proceed in the state court. In their bankruptcy filings, Debtors indicate that sufficient assets exist to pay unsecured claims and that Debtors intend to continue operations after the conclusion of the bankruptcy. *See Voluntary Bankruptcy Petitions of Residential Capital, LLC, GMAC Mortgage, LLC and Executive Trustee Services, LLC*.

26. Thus, the automatic stay should be lifted to permit Movants to proceed with trail in California Superior Court which will be a more efficient use of judicial resources, and will result in full resolution of the issues without prejudicing the Debtors' estates, other creditors or the Debtors' prospects for reorganization.

B. <u>Cause Exists to Extend Time for Movants to Object to Discharge of Debt</u>

27. Pursuant to Rule 4004(b) of the Federal Rules of Bankruptcy Procedure, the court may extend the time to file a complaint objecting to discharge for cause.

28. Pursuant to Rule 4004(a) of the Federal Rules of Bankruptcy Procedure, a complaint objecting to discharge may not be filed after the date set for a hearing on confirmation has been set. A confirmation hearing date has not been set.

8

29. Cause is not defined, and whether to extend time to file an objection to discharge is left to the Court's discretion. *In re Nowinski*, 291 B.R. 302, 305 (Bankr. S.D.N.Y. 2003) (*citing In re Farhid*, 171 B.R. 94, 96 (N.D.Cal.1994); *In re Nevius*, 269 B.R. 209, 211 (Bankr.N.D.Ind.2001); *In re James*, 187 B.R. 395, 397 (Bankr.N.D.Ga.1995)).

> The factors that inform the court's discretion include (1) whether the creditor had sufficient notice of the deadline and the information to file an objection, (2) the complexity of the case, (3) whether the creditor exercised diligence, (4) whether the debtor refused in bad faith to cooperate with the creditor, and (5) the possibility that proceedings pending in another forum will result in collateral estoppel on the relevant issues.

*Id.* at 305-06 (*citations omitted*).

30. Cause exists to extend Movants' time to object to discharge in this case because the Inoue Action may result in collateral estoppel on the relevant issues. *Id.* at 306; *In re Weinstein*, 234 B.R. 862, 866 (Bankr. E.D.N.Y. 1999). In *In re Weinstein* the court found cause to extend time to object to discharge because an arbitration hearing "may make findings which will act as *res judicata* as to relevant issues in the nondischargeability action to be commenced in this Court." *In re Weinstein*, 234 B.R. at 866.

31. Similarly, the Inoue Action alleges fraud and intentional and negligent misrepresentation; each of which is cause for denial of discharge under Section 523(a) of the Bankruptcy Code. If relief from the automatic stay is granted, the California Superior Court, in deciding the Inoue Action, will "make findings which will act as *res judicata*" as to issues of nondischargeablity. *Id.* Therefore, the Court should extend Movants' time to object to discharge for 60 days after entry of judgment in the Inoue Action.

## NOTICE

Notice of this motion has been provided to parties as required in the Court's *Order Establishing Certain Notice, Case Management and Administrative Procedures*. (Docket No. 141.)

## CONCLUSION

For the reasons set forth above, Movants respectfully requests that this Court enter an order modifying the automatic stay to allow the continuation of the Inoue Action in California Superior Court, and granting leave to commence an adversary proceeding with this Court to determine dischargeability within 60 days of entry of judgment in the Inoue Action, and granting such other and further relief as is just and proper under the circumstances.

Respectfully submitted,

        FORMAN HOLT ELIADES
        RAVIN & YOUNGMAN, LLC
        Attorneys for Hitoshi Inoue and Wakana Inoue


        By:*/s/ Michael E. Holt*
            Michael E. Holt

Dated: July 16, 2012