Hearing Date and Time: August 14, 2012 at 10:00 AM
Objection Deadline: August 7, 2012

FORMAN HOLT ELIADES
RAVIN & YOUNGMAN
80 Route 4 East, Suite 290
Paramus, New Jersey 07652

Counsel for Hitoshi & Wakana Inoue

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:                                              :
                                                    :  Chapter 11
RESIDENTIAL CAPITAL LLC, et. al.                    :
                                                    :  Case No. 12-12020 (MG)
           Debtors                                  :
                                                    :  (Jointly Administered)
                                                    :

**DECLARATION OF THOMAS P. KELLY III IN SUPPORT OF
MOTION OF HITOSHI & WAKANA INOUE FOR ORDER PURSUANT
TO SECTION 362(d) OF THE BANKRUPTCY CODE MODIFYING THE
AUTOMATIC STAY TO PERMIT MOVANTS TO PROCEED TO TRIAL
BEFORE CALIFORNIA SUPERIOR COURT AND TO EXTEND TIME
TO OBJECT TO DISCHARGE OF DEBT**

I, Thomas P. Kelly III, declare:

1.  I am over the age of 18 years and I am not a party to this action.

2.  I am an attorney duly admitted to practice law before all of the State and Federal Courts of the State of California, all of the Courts of the State of Oregon, and the District of Columbia.

3.  I have personal knowledge of the facts stated in this declaration, and if called as a witness, could and would testify competently to the truth of the facts as stated herein.

4.  I am the attorney of record for Hitoshi Inoue and Wakana Inoue ("Movants"), as Plaintiffs in the pending case of *Inoue v. GMAC*, SCV 248256, Superior Court for the State of California, County of Sonoma, (hereinafter "Inoue Action").

00140073 - 1

5.  A true and correct copy of the complaint in the Inoue Action is attached hereto as **Exhibit A**.

6.  A true and correct copy of the Notice of Stay and Effect of Automatic Stay in the Inoue Action dated May 25, 2012 and filed by and through the counsel for GMAC, Alex Sears in the Inoue Action, is attached hereto as **Exhibit B**.

7.  The Inoue Action arises from GMAC Mortgage, LLC's (formerly known as GMAC Mortgage Corporation, "GMAC") wrongful foreclosure of Movant's primary residence located at 3735 Coffey Lane, Santa Rosa, California, 95403-1616 also bearing Sonoma County Assessor's Parcel Number 058-032-016-000 (hereinafter "Property").

8.  On May 14, 2012, the GMAC Mortgage, LLC (formerly known as GMAC Mortgage Corporation, "GMAC"), Executive Trustee Services, Inc. (now known as Executive Trustee Services, LLC, "ETS"), and affiliated entities (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et. seq.* (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Court"). Upon the filing of the petition, a stay of the Inoue action was automatically imposed pursuant to Section 362 of the Bankruptcy Code.

9.  My clients seek relief from the automatic stay to pursue the Inoue Action against GMAC and its agent, Executive Trustee Services, Inc. (now known as Executive Trustee Services, LLC, "ETS"), as defendants, in the Sonoma County Superior Court of California.

10. The Inoue Action was commenced on September 20, 2010. This action stems from the foreclosure conducted by GMAC and ETS on the Property on September 13, 2010. The Inoue Action alleges that GMAC and ETS completed this foreclosure despite Movants resort to California statutory remedies to redeem the property prior to foreclosure. Specifically, Movants

contacted GMAC prior to the foreclosure sale and obtained a full payoff amount to cure the default on the Property, and subsequently sent a cashiers check for the full payoff amount via certified mail to GMAC prior to the foreclosure sale.

11. As a result of the wrongful foreclosure conducted by GMAC and ETS, Movants have lost title to the Property, and have suffered damages in an amount to be determined at trial in the Inoue Action.

12. The Inoue Action has been pending for almost two years, with a trial date initially set for July 20, 2012.

13. On or about June 28, 2012, the Debtors ~~the Debtors~~ vacated the trial date by *ex parte* motion before the California Superior Court.

14. The parties completed discovery on June 20, 2012 pursuant to California Rules of Procedure and are currently prepared for trial.

15. The Inoue Action states causes of action for wrongful foreclosure, fraud, quiet title and other causes of action.

16. The primary parties to the Inoue Action are non-debtor third parties including Debtors' insurer and the current owner of the Property.

17. Movants are informed and believe that some of the causes of action alleged may lead to a non-dischargeable debt pursuant to 11 U.S.C. 523(a). This includes causes of action for fraud, intentional misrepresentation, and negligent misrepresentation.

18. Pursuant to Rule 4004(a) of the Federal Rules of Bankruptcy Procedure, the deadline for filing a complaint objecting to Debtors' discharge is the date of the first hearing on confirmation of a plan which date has not yet been set.



19.  Movants therefore seek an additional order from this Court granting leave to commence an adversary proceeding with this Court to determine dischargeability within 60 days of entry of judgment in the Inoue Action.

Dated: July 11, 2012

By: _____
Thomas P. Kelly III
Attorney for Movants