# EXHIBIT A

1    Thomas P. Kelly Jr., SBN 37545
Thomas P. Kelly III, SBN 230699
2    50 Old Courthouse Square, Suite 609
Santa Rosa, California, 95404-4926
3    Telephone : 707-545-8700
Facsimile : 707-542-3371
4    Email : tomkelly@sonic.net

ENDORSED
FILED

MAR 2 1 2011

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

5    Attorneys for Plaintiffs

6

7

8

9            SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                  COUNTY OF SONOMA

11    HITOSHI INOUE             Case No. SCV248256
WAKANA ANNA INOUE

12             Plaintiffs;      Unlimited Civil

13    vs.                      SECOND AMENDED VERIFIED COMPLAINT

14    GMAC MORTGAGE
CORPORATION, a Delaware      1. PROMISSORY ESTOPPEL;
Corporation; ETS SERVICES LLC, a    2. SET ASIDE TRUSTEE SALE;
15    Delaware Limited Liability Company;    3. SET ASIDE TRUSTEE DEED;
MED&G GROUP, a California      4. RECOVERY OF DAMAGES FOR
16    Limited Partnership; and DOES 001    WRONGFUL FORECLOSURE;
through 025; inclusive,          5. FRAUD;
17                          6. NEGLIGENT MISREPRESENTATION;
       Defendants.         7. NEGLIGENCE;
18                          8. QUIET TITLE;
                         9. DECLARATORY RELIEF;
19                          10. INTENTIONAL INFLICTION OF
                         EMOTIONAL DISTRESS.

20                          DEMAND FOR JURY TRIAL

21                          Judge:      Honorable Patrick Broderick
                         Court:      Department 19
22                          3055 Cleveland Avenue
                         Santa Rosa, California
23                          95403

24                          Action Filed:    September 20, 2010
                         Trial Date:     Not yet set
25

26

27        Comes now Plaintiffs Hitoshi Inoue and Wanaka Anna Inoue who present this Second

28    Amended Verified Complaint (hereinafter "COMPLAINT") and allege as follows:

Thomas P. Kelly Jr.
Thomas P. Kelly III
50 Old Courthouse Sq
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

FIRST AMENDED COMPLAINT           Page 1 of 31

//

## GENERAL ALLEGATIONS

1.      Plaintiff Hitoshi Inoue and Wakana Anna Inoue, father and daughter, were at all times herein residents of Sonoma County, California and are hereinafter collectively referred to as "PLAINTIFFS."

2.      PLAINTIFFS are informed and believe and on that basis allege that Defendant GMAC Mortgage Corporation is a corporation formed and existing under the laws of the State of Delaware and qualified to and is doing business in the State of California and has its principal place of business in Detroit, Michigan. Defendant GMAC Mortgage Corporation and it's authorized agents DOE-001 through DOE-006, are all hereinafter referred to collectively as "GMAC".

3.      PLAINTIFFS are informed and believe and on that basis allege that Defendant ETS Services LLC (hereinafter "ETS SERVICES") is a Limited Liability Company formed and existing under the laws of the State of Delaware, and is qualified to and is doing business in the State of California, and has its principal place of business in Burbank, California. PLAINTIFFS have named ETS SERVICES herein as an indispensable party against whom no relief is sought.

4.      PLAINTIFFS are informed and believe and on that basis allege that Defendant MED&G Group (hereinafter "MED&G") is a Limited Partnership formed under the laws of the State of California, is qualified to and is doing business in the State of California, and has its principal place of business in Santa Rosa, California.

5.      PLAINTIFFS do not know the true names and capacities of those Defendants sued herein as DOES-001 through DOES-025, and therefore sue these Defendants by such fictitious names. PLAINTIFFS will amend the COMPLAINT to allege their true names and capacities when ascertained. PLAINTIFFS are informed and believe and thereon allege that each of the fictitiously named Defendants DOES-001 through DOES-025 either caused damages to PLAINTIFFS or claim some right, title, estate, lien or interest in the real property at issue herein adverse to PLAINTIFFS title and interest therein. PLAINTIFFS are informed and believe and thereon allege that each of these fictitiously named Defendants DOES-001 through DOES-025

Thomas P. Kelly Jr.
Thomas P. Kelly III
50 Old Courthouse Sq
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

FIRST AMENDED COMPLAINT                     Page 2 of 31

1  are responsible in some manner for the occurrences herein alleged, and that PLAINTIFFS

2  injuries were proximately caused by such Defendants DOES-001 through DOES-025.

3      6.  PLAINTIFFS are informed and believe and thereon allege that at all times herein

4  mentioned each Defendant was the agent and employee of each of the remaining Defendants and

5  was acting within the course and scope of said agency and employment and with the knowledge

6  and consent of the remaining Defendants.

7  //

8              **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

9      7.  On or about June 23, 1995 PLAINTIFFS purchased certain real property in

10  Sonoma County, California commonly known as 3735 Coffey Lane, Santa Rosa, California,

11  95403-1616 also bearing Assessor's Parcel Number 058-032-016-000 (hereinafter

12  "PROPERTY").

13     8.  In connection with the purchase of the PROPERTY on about April 19, 2003

14  PLAINTIFFS executed a purchase money promissary note payable to GMAC Mortgage

15  Corporation in the sum of $248,000.00 (hereinafter "NOTE"). The NOTE was secured by a deed

16  of trust on the PROPERTY which was recorded on May 7, 2003 with the Sonoma County

17  Recorder bearing document number 2003-092480 in the official records of Sonoma County

18  (hereinafter "DEED OF TRUST").  A true and correct copy of the NOTE and DEED OF TRUST

19  is attached hereto and marked as Exhibit "A".

20     9.  Cal. Civ. Code §2924c(e) provides in part as follows:

21     "Reinstatement of a monetary default under the terms of an obligation secured by
22     a deed of trust, or mortgage may be made at any time within the period
       commencing with the date of recordation of the notice of default until five
       business days prior to the date of sale set forth in the initial recorded notice of
23     sale."

24     10.  Paragraph 19 of the DEED OF TRUST is entitled "BORROWER'S RIGHT TO

25  REINSTATE AFTER ACCELERATION" and provides as follows:

26     "If borrower meets certain conditions, Borrower shall have the right to have
       enforcement of this security instrument discontinued at any time prior to the
27     earliest of (a) five days before sale of the Property pursuant to any power of sale
       contained in this Security Instrument ... Those conditions are that Borrower (a)
28     pays lender all sums which then would be due under this security instrument and

Thomas P. Kelly Jr.
Thomas P. Kelly III
50 Old Courthouse Sq.
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

FIRST AMENDED COMPLAINT

1    the note as if no acceleration had occurred... ."

2    11.    At all times herein, PLAINTIFFS were advised that any inquiries regarding the

3    NOTE and DEED OF TRUST should be directed solely to GMAC, and at all times herein

4    PLAINTIFFS have dealt solely with GMAC.

5    12.    On December 9, 2003 PLAINTIFFS borrowed $30,000 from Bank of America. In

6    exchange PLAINTIFFS granted Bank of America a second deed of trust on the PROPERTY.  A

7    true and correct copy of the Bank of America note and deed of trust are attached hereto and

8    marked as Exhibit "B".

9    13.    On July 23, 2004 PLAINTIFFS borrowed $50,000 from Bank of America. In

10    exchange PLAINTIFFS granted Bank of America a third deed of trust on the PROPERTY.  A

11    true and correct copy of the Bank of America note and second deed of trust are attached hereto

12    and marked as Exhibit "C".

13    14.    From June of 1995 through approximately May of 2010 PLAINTIFFS made

14    monthly mortgage payments pursuant to the NOTE of approximately $1,447.27 to GMAC.

15    15.    In May, 2010 the consulting contract Plaintiff Hitoshi Inoue had with GreenVolt

16    Inc. ended. As a result of the loss of this income, PLAINTIFFS were no longer able to make

17    mortgage payments to GMAC.

18    16.    Because PLAINTIFFS had fallen behind on payments, GMAC, through their

19    agent ETS SERVICES recorded a Notice of Default against the PROPERTY on May 20, 2010

20    with the Sonoma County Recorder bearing document number 2010-041850 in the official

21    records of Sonoma County (hereinafter "NOTICE OF DEFAULT"). A true and correct copy of

22    the NOTICE OF DEFAULT is attached hereto and marked as Exhibit "D".

23    17.    In response to the Notice of Default, PLAINTIFFS applied for a loan

24    modification with GMAC in June of 2010. A true and correct copy of this loan modification

25    application is attached hereto and marked as Exhibit "E".

26    18.    On July 19, 2010 GMAC sent a letter to PLAINTIFFS stating that the loan

27    modification was not complete because Plaintiff Hitoshi Inoue was self-employed, and

28    profit/loss statements would be required. A true and correct copy of this letter is attached hereto

Thomas P. Kelly Jr.
Thomas P. Kelly III
50 Old Courthouse Sq
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

FIRST AMENDED COMPLAINT                    Page 4 of 31

1   and marked as Exhibit "F".

2       19.     On July 19, 2010 PLAINTIFFS contacted GMAC by telephone at 888-714-4622

3   and asked about the status of the loan modification. An authorized representative of GMAC told

4   PLAINTIFFS that the loan modification was under review.

5       20.     On July 20, 2010 PLAINTIFFS prepared a profit and loss statement and mailed

6   it to GMAC. A true and correct copy of this statement is attached hereto and marked as Exhibit

7   "G".

8       21.     On July 30, 2010 GMAC sent a letter to PLAINTIFFS stating that the loan

9   modification application was denied due to insufficient income. PLAINTIFFS did not receive

10  this letter for several weeks after it was sent. A true and correct copy of this letter is attached

11  hereto and marked as Exhibit "H".

12      22.     On August 4, 2010 PLAINTIFFS contacted GMAC by telephone at 888-714-

13  4622 and inquired as to the status of the loan modification. The authorized representative of

14  GMAC did not tell PLAINTIFFS that the loan modification was denied. The authorized

15  representative of GMAC told PLAINTIFFS that the loan modification was still under review.

16      23.     On August 20, 2010 GMAC, through their agent ETS SERVICES, recorded a

17  Notice of Trustee's Sale against the PROPERTY with the Sonoma County Recorder bearing

18  document number 2010-069754 in the official records of Sonoma County. This Notice of Trustee

19  Sale set a sale date of September 13, 2010. (hereinafter "TRUSTEE SALE") A true and correct

20  copy of the Notice of Trustee Sale is attached hereto and marked as Exhibit "I".

21      24.     On August 19, 2010 PLAINTIFFS contacted GMAC by telephone at 888-714-

22  4622  and for the first time the authorized representative of GMAC told PLAINTIFFS that the

23  first loan modification had been denied.

24      25.     During the August 19, 2010 telephone conversation, PLAINTIFFS told the

25  authorized representative of GMAC that Plaintiff Hitoshi Inoue was in the process of starting a

26  second job, and that this would generate sufficient income to pay the NOTE. The authorized

27  representative of GMAC told PLAINTIFFS that this would be sufficient income, and that they

28  should submit a second loan modification application based on the new salary level.

Thomas P. Kelly Jr.
Thomas P. Kelly III
50 Old Courthouse Sq.
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

FIRST AMENDED COMPLAINT                    Page 5 of 31

26.     On August 23, 2010 PLAINTIFFS contacted GMAC by telephone at 888-714-4622. During this telephone conversation PLAINTIFFS spoke with an authorized agent of GMAC who did not identify themself to PLAINTIFFS, and thus the name and identity of this agent is unknown to PLAINTIFFS (hereinafter "DOE-001"). DOE-001 told PLAINTIFFS that to postpone the TRUSTEE SALE the total amount of the default on the NOTE would have to be paid. DOE-001 told PLAINTIFFS that the amount for full reinstatement was $15,626.02 and that if this full amount was paid the TRUSTEE SALE would be cancelled.

27.     PLAINTIFFS borrowed $15,626.02 from members of PLAINTIFFS family living in Japan in order to pay all of the back payments owed to GMAC on the NOTE.

28.     On August 25, 2010 Plaintiff Hitoshi Inoue was hired as a consultant with Technical Link.

29.     On August 26, 2010 PLAINTIFFS submitted a second loan modification application because of the increase in income represented by the Technical Link contract. A true and correct copy of this application is attached hereto and marked as Exhibit "J".

30.     On August 31, 2010 PLAINTIFFS sent a cashier's check in the amount of $15,626.02 via certified mail to GMAC in order to reinstate the NOTE (hereinafter "REINSTATEMENT PAYMENT"). A true and correct copy of this cashiers check and certified mail receipt is attached hereto and marked as Exhibit "K".

31.     On August 31, 2010 PLAINTIFFS contacted GMAC by telephone at 888-714-4622. During this telephone conversation PLAINTIFFS spoke with an authorized agent of GMAC who did not identify themself to PLAINTIFFS, and thus the name and identity of this agent is unknown to PLAINTIFFS (hereinafter "DOE-002"). During this telephone conversation, DOE-002 confirmed the facsimile number for GMAC and the mailing address to which PLAINTIFFS should send the REINSTATEMENT PAYMENT.

32.     On August 31, 2010 PLAINTIFFS contacted GMAC a second time that day by telephone at 888-714-4622. During this telephone conversation PLAINTIFFS spoke with an authorized agent of GMAC who did not identify themself to PLAINTIFFS, and thus the name and identity of this agent is unknown to PLAINTIFFS (hereinafter "DOE-003"). During this

Thomas P. Kelly Jr
Thomas P. Kelly III
50 Old Courthouse Sq.
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

FIRST AMENDED COMPLAINT                    Page 6 of 31

1  telephone conversation PLAINTIFF confirmed to DOE-003 that the REINSTATEMENT

2  PAYMENT had been mailed by PLAINTIFFS to GMAC via certified mail.

3       33.    On August 31, 2010 PLAINTIFFS sent a facsimile copy of the

4  REINSTATEMENT PAYMENT to GMAC at 866-709-4744. A true and correct copy of the

5  confirmation for this facsimile transmission is attached hereto and marked as Exhibit "L".

6       34.    On September 1, 2010 GMAC sent a letter to PLAINTIFFS stating that the

7  second loan modification was under review and that GMAC would respond within 20 days. A

8  true and correct copy of this letter is attached hereto and marked as Exhibit "M".

9       35.    On September 2, 2010 PLAINTIFFS contacted GMAC by telephone at 888-714-

10  4622. During this telephone conversation PLAINTIFFS spoke with an authorized agent of

11  GMAC who did not identify themself to PLAINTIFFS, and thus the name and identity of this

12  agent is unknown to PLAINTIFFS (hereinafter "DOE-004"). PLAINTIFFS asked DOE-004 if

13  GMAC had received the REINSTATEMENT PAYMENT. DOE-004 told PLAINTIFFS they

14  could not locate the REINSTATEMENT PAYMENT. GMAC also told PLAINTIFFS in this

15  telephone conversation that PLAINTIFFS' loan modification application was still being

16  reviewed.

17       36.    On September 8, 2010 PLAINTIFFS contacted GMAC by telephone at 888-714-

18  4622. During this telephone conversation PLAINTIFFS spoke with an authorized agent of

19  GMAC who did not identify themself to PLAINTIFFS, and thus the name and identity of this

20  agent is unknown to PLAINTIFFS (hereinafter "DOE-005"). PLAINTIFFS asked DOE-005 if

21  GMAC had received the REINSTATEMENT PAYMENT. DOE-005 told PLAINTIFFS in this

22  telephone conversation that it was unknown whether GMAC had received the

23  REINSTATEMENT PAYMENT.

24       37.    During the telephone conversation of September 8, 2010, DOE-005 also told

25  PLAINTIFFS that the TRUSTEE SALE had been postponed. PLAINTIFFS asked DOE-005 at

26  least three times to confirm that the TRUSTEE SALE was postponed. DOE-005 confirmed at

27  least three times that the TRUSTEE SALE was postponed.

28       38.    On September 13, 2010 PLAINTIFFS received a letter from GMAC dated

Thomas P. Kelly Jr.
Thomas P. Kelly III
50 Old Courthouse Sq.
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

FIRST AMENDED COMPLAINT          Page 7 of 31

September 8, 2010 stating the REINSTATEMENT PAYMENT was being returned because the reinstatement amount had changed. A true and correct copy of this letter is attached hereto and marked as Exhibit "N".

39.     On September 13, 2010 GMAC and ETS SERVICES completed the TRUSTEE SALE by holding a public auction for the sale of the PROPERTY. At this sale, MED&G purchased the PROPERTY for $244,144.84.

40.     On the same day as the TRUSTEE SALE, MED&G posted a three day notice to quit on the PROPERTY signed by Brian Burke of Dry Creek Real Estate. A true and correct copy of this notice is attached hereto and marked as Exhibit "O".

41.     After receiving the three day notice to quit, PLAINTIFFS contacted GMAC by telephone at 888-714-4622. During this telephone conversation PLAINTIFFS spoke with an authorized agent of GMAC who did not identify themself to PLAINTIFFS, and thus the name and identity of this agent is unknown to PLAINTIFFS (hereinafter "DOE-006"). PLAINTIFFS asked DOE-006 why the REINSTATEMENT PAYMENT had not been applied to the amount of the default on the NOTE and DEED OF TRUST. DOE-006 told PLAINTIFFS that there was no record of the REINSTATEMENT PAYMENT and that PLAINTIFFS could not do anything to stop or reverse the TRUSTEE SALE because it had already occurred.

42.     On September 13, 2010 PLAINTIFFS received a letter from MED&G'S agent, Jim Cates of Dry Creek Real Estate. This letter offered to pay PLAINTIFFS an unknown cash amount if PLAINTIFFS surrendered possession of the PROPERTY. A true and correct copy of this letter is attached hereto and marked as Exhibit "P".

43.     PLAINTIFFS filed the present action on September 20, 2010. On the same day PLAINTIFFS recorded a Notice of Pendency of Action with the Sonoma County Recorder bearing document number 2010-079903 in the official records of Sonoma County (hereinafter "LIS PENDENS"). A true and correct copy the LIS PENDENS is attached hereto and marked as Exhibit "Q".

44.     On September 20, 2010 MED&G's agent, Joe Agost of Formost Insurance entered the PROPERTY. During this visit, Mr. Agost confronted PLAINTIFFS, and banged on the front

Thomas P. Kelly Jr.
Thomas P. Kelly III
50 Old Courthouse Sq.
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

FIRST AMENDED COMPLAINT                Page 8 of 31

1    door and the side of the house with his fist. PLAINTIFFS were deeply distressed by this

2    behavior. A copy of Mr. Agost's apology letter dated September 21, 2010 is attached hereto and

3    marked as Exhibit "R".

4         45.    On September 20, 2010 Counsel for PLAINTIFFS contacted both MED&G and

5    ETS SERVICES and informed them of the COMPLAINT and the LIS PENDENS. (See

6    previously filed Declaration of Thomas P. Kelly III).

7         46.    On September 21, 2010 ETS SERVICES recorded a trustee deed against the

8    PROPERTY in favor of MED&G bearing document number 2010-080387 in the official records

9    of Sonoma County (hereinafter "TRUSTEE DEED"). A true and correct copy of the TRUSTEE

10   DEED is attached hereto and marked as Exhibit "S".

11        47.    On September 28, 2010 MED&G filed an Unlawful Detainer action against

12   PLAINTIFFS. A true and correct copy MED&G's Unlawful Detainer Action is attached hereto

13   and marked as Exhibit "T".

14        48.    As a result of MED&G's Unlawful Detainer Action, PLAINTIFFS were forced to

15   leave their home on October 17, 2010 and surrender possession to MED&G on October 18,

16   2010. As a result of the surrender of possession, MED&G's Unlawful Detainer Action was

17   dismissed.

18        49.    Throughout these events, PLAINTIFFS suffered severe emotional distress.

19   This included a deep sense of shock and humiliation at the sudden foreclosure after being led to

20   believe the TRUSTEE SALE would not go forward. Further, PLAINTIFFS believed that the

21   REINSTATEMENT PAYMENT made to GMAC would resolve the issue. The conduct of

22   MED&G's agent Joe Agost was also deeply distressing for PLAINTIFFS. These events have

23   also caused loss of sleep, depression, anxiety, and a sense of humiliation that these events have

24   occurred. Further, PLAINTIFFS have suffered and continue to suffer profound stress, anxiety,

25   and despair after being treated in the manner described above by all Defendants.

26   //

27   **FIRST CAUSE OF ACTION**
     (Breach of Contract - Promissory Estoppel as Substitute for

28   Consideration against Defendant GMAC)

Thomas P. Kelly Jr.
Thomas P. Kelly III
50 Old Courthouse Sq
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

FIRST AMENDED COMPLAINT                          Page 9 of 31

1        50.    PLAINTIFFS incorporate herein each and every allegation set forth in paragraphs

2    1 through 49 as though fully set forth herein.

3        51.    PLAINTIFFS had a right to reinstate the NOTE by tendering the default amount

4    at any time until five days prior to the TRUSTEE SALE under Cal. Civ. Code §2924c(e). (See

5    COMPLAINT, ¶9)

6        52.    PLAINTIFFS had a right to reinstate the NOTE by tendering the default amount

7    at any time until five days prior to the TRUSTEE SALE under Paragraph 19 of the DEED OF

8    TRUST. (See COMPLAINT, ¶10)

9        53.    PLAINTIFFS are informed and believe and on that basis allege that GMAC

10   made a clear and unambiguous promise to PLAINTIFFS that if PLAINTIFFS submitted the

11   REINSTATEMENT PAYMENT that GMAC would postpone the TRUSTEE SALE.

12       54.    PLAINTIFFS allege that GMAC first made this promise on August 23, 2010,

13   when DOE-001 advised PLAINTIFFS that if $15,626.02 was paid to GMAC the TRUSTEE

14   SALE would be cancelled. (See COMPLAINT, ¶26)

15       55.    PLAINTIFFS allege that GMAC repeated this promise on September 8, 2010,

16   when  DOE-005 advised PLAINTIFFS that the TRUSTEE SALE had been postponed. (See

17   COMPLAINT, ¶37)

18       56.    PLAINTIFFS are informed and believe and on that basis allege that GMAC

19    should have reasonably expected that PLAINTIFFS would rely upon this promise, that GMAC

20   should have reasonably expected that PLAINTIFFS would substantially change their position in

21   reliance on this promise, and that GMAC should have reasonably expected that PLAINTIFFS

22   would forbear other remedies in reliance on this promise.

23       57.    PLAINTIFFS in fact did rely on the promise of GMAC, DOE-001, and DOE-005,

24   by sending the REINSTATEMENT PAYMENT to GMAC. This reliance by PLAINTIFFS was

25   reasonable because the promise made by GMAC was from an authorized agent, and

26   PLAINTIFFS had no reason to believe that GMAC would not honor it's promise.

27       58.    PLAINTIFFS in fact did rely on the promise of  GMAC, DOE-001, and DOE-005

28   by not seeking to borrow money from other lenders, friends, or family to raise additional funds

Thomas P. Kelly Jr.
Thomas P. Kelly III
50 Old Courthouse Sq.
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

FIRST AMENDED COMPLAINT                Page 10 of  31

to reinstate the NOTE at any time five days prior to the TRUSTEE SALE pursuant to the provisions of California Civil Code §2924c(e). This reliance by PLAINTIFFS was reasonable because the promise made by GMAC was from an authorized agent, and PLAINTIFFS had no reason to believe that GMAC would not honor it's promise.

59.    PLAINTIFFS in fact did rely on the promise of GMAC, DOE-001, and DOE-005 by forgoing bankruptcy protection under Title 11 of the United States Code. This reliance by PLAINTIFFS was reasonable because the promise made by GMAC was from an authorized agent, and PLAINTIFFS had no reason to believe that GMAC would not honor it's promise.

60.    PLAINTIFFS are informed and believe and on that basis allege that GMAC is by the conduct and representations set forth above estopped to deny that PLAINTIFF waived performance of the promise of GMAC to postpone the TRUSTEE SALE.

61.    PLAINTIFFS are informed and believe and on that basis allege that the promise of GMAC was not honored because GMAC went forward with the TRUSTEE SALE despite promising not to do so, a promise upon which PLAINTIFFS relied, and which has resulted in injustice and loss to PLAINTIFFS. PLAINTIFFS have suffered damages because PLAINTIFFS have lost title to the PROPERTY, have lost equity in the PROPERTY, were forced to abandon possessions as a result of the TRUSTEE DEED, have suffered enormous anxiety and humiliation, and was despicable conduct that subjected PLAINTIFFS to cruel and unjust hardship in conscious disregard of PLAINTIFFS rights, so as to justify an award of exemplary and punitive damages.

WHEREFORE, Plaintiffs pray for judgment as follows:

//

## SECOND CAUSE OF ACTION
(To Set Aside Trustee's Sale against All Defendants)

62.    PLAINTIFFS incorporate herein each and every allegation set forth in paragraphs 1 through 49 as though fully set forth herein.

63.    PLAINTIFFS had a right to reinstate the NOTE by tendering the default amount at any time until five days prior to the TRUSTEE SALE under Cal. Civ. Code §2924c(e). (See

Thomas P. Kelly Jr.
Thomas P. Kelly III
50 Old Courthouse Sq.
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

FIRST AMENDED COMPLAINT                    Page 11 of 31

1  COMPLAINT, ¶9)

2      64.    PLAINTIFFS had a right to reinstate the NOTE by tendering the default amount

3  at any time until five days prior to the TRUSTEE SALE under Paragraph 19 of the DEED OF

4  TRUST. (See COMPLAINT, ¶10)

5      65.    PLAINTIFFS are informed and believe and on that basis allege that GMAC

6  made a clear and unambiguous promise to PLAINTIFFS that if PLAINTIFFS submitted the

7  REINSTATEMENT PAYMENT that GMAC would postpone the TRUSTEE SALE.

8      66.    PLAINTIFFS allege that GMAC first made this promise on August 23, 2010,

9  when DOE-001 advised PLAINTIFFS that if $15,626.02 was paid to GMAC the TRUSTEE

10  SALE would be cancelled. (See COMPLAINT, ¶26)

11      67.    PLAINTIFFS allege that GMAC repeated this promise on September 8, 2010,

12  when  DOE-005 advised PLAINTIFFS that the TRUSTEE SALE had been postponed. (See

13  COMPLAINT, ¶37)

14      68.    PLAINTIFFS are informed and believe and on that basis allege that GMAC

15   should have reasonably expected that PLAINTIFFS would rely upon this promise, that GMAC

16  should have reasonably expected that PLAINTIFFS would substantially change their position in

17  reliance on this promise, and that GMAC should have reasonably expected that PLAINTIFFS

18  would forbear other remedies in reliance on this promise.

19      69.    PLAINTIFFS in fact did rely on the promise of GMAC, DOE-001, and DOE-005,

20  by sending the REINSTATEMENT PAYMENT to GMAC. This reliance by PLAINTIFFS was

21  reasonable because the promise made by GMAC was from an authorized agent, and

22  PLAINTIFFS had no reason to believe that GMAC would not honor it's promise.

23      70.    PLAINTIFFS in fact did rely on the promise of  GMAC, DOE-001, and DOE-005

24  by not seeking to borrow money from other lenders, friends, or family to raise additional funds

25  to reinstate the NOTE at any time five days prior to the TRUSTEE SALE pursuant to the

26  provisions of California Civil Code §2924c(e).  This reliance by PLAINTIFFS was reasonable

27  because the promise made by GMAC was from an authorized agent, and PLAINTIFFS had no

28  reason to believe that GMAC would not honor it's promise.

Thomas P. Kelly Jr.
Thomas P. Kelly III
50 Old Courthouse Sq.
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

FIRST AMENDED COMPLAINT                    Page 12 of 31

71.     PLAINTIFFS in fact did rely on the promise of GMAC, DOE-001, and DOE-005 by forgoing bankruptcy protection under Title 11 of the United States Code. This reliance by PLAINTIFFS was reasonable because the promise made by GMAC was from an authorized agent, and PLAINTIFFS had no reason to believe that GMAC would not honor it's promise.

72.     PLAINTIFFS in fact did rely on the promise of GMAC, DOE-001, and DOE-005 by forgoing bankruptcy protection under Title 11 of the United States Code. This reliance by PLAINTIFFS was reasonable because the promise made by GMAC was from an authorized agent, and PLAINTIFFS had no reason to believe that GMAC would not honor it's promise.

73.     Because GMAC misrepresented the amount necessary to cure the default on the NOTE and DEED OF TRUST, PLAINTIFFS were denied their statutory right to reinstate the NOTE as provided for in California Civil Code §2924c(e).

74.     Because GMAC misrepresented the amount necessary to cure the default on the NOTE and DEED OF TRUST, PLAINTIFFS were denied their contract right to reinstate the NOTE as provided under Paragraph 19 of the DEED OF TRUST.

75.     California Civil Code Section 2924 provides that a non-judicial foreclosure sale pursuant to the power of sale clause contained in a deed of trust shall comply with all requirements of applicable law.

76.     PLAINTIFFS are further informed and believe and on that basis allege that by failing to accurately state the amount necessary to cure the default on the NOTE and DEED OF TRUST, and by failing to accept the REINSTATEMENT PAYMENT, GMAC did not comply with all requirements of applicable law.

77.     PLAINTIFFS are further informed and believe and on that basis allege that because GMAC failed to comply with all requirements of applicable law, the TRUSTEE SALE held on September 13, 2010 was invalid and should be set aside.

78.     PLAINTIFFS are further informed and believe and on that basis allege that because GMAC did not honor it's promise,  the TRUSTEE SALE held on September 13, 2010 was invalid and should be set aside.

79.     PLAINTIFFS are informed and believe and on that basis allege that because

Thomas P. Kelly Jr.
Thomas P. Kelly III
50 Old Courthouse Sq
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

FIRST AMENDED COMPLAINT                    Page 13 of 31

1   GMAC failed to comply with all requirements of applicable law, PLAINTIFFS have suffered

2   injustice and loss. PLAINTIFFS have suffered damages because PLAINTIFFS have lost title to

3   the PROPERTY, have lost equity in the PROPERTY, were forced to abandon possessions as a

4   result of the TRUSTEE DEED, have suffered enormous anxiety and humiliation, and was

5   despicable conduct that subjected PLAINTIFFS to cruel and unjust hardship in conscious

6   disregard of PLAINTIFFS rights, so as to justify an award of exemplary and punitive damages.

7       80.     PLAINTIFFS are informed and believe and on that basis allege that the promise

8   of GMAC was not honored because GMAC went forward with the TRUSTEE SALE despite

9   promising not to do so, a promise upon which PLAINTIFFS relied, and which has resulted in

10  injustice and loss to PLAINTIFFS. PLAINTIFFS have suffered damages because PLAINTIFFS

11  have lost title to the PROPERTY, have lost equity in the PROPERTY, were forced to abandon

12  possessions as a result of the TRUSTEE DEED, have suffered enormous anxiety and

13  humiliation, and was despicable conduct that subjected PLAINTIFFS to cruel and unjust

14  hardship in conscious disregard of PLAINTIFFS rights, so as to justify an award of exemplary

15  and punitive damages.

16      WHEREFORE, Plaintiffs pray for judgment as follows:

17  //

18                        **THIRD CAUSE OF ACTION**
                    (To Set Aside Trustee's Deed against All Defendants)

19

20      81.     PLAINTIFFS incorporate herein each and every allegation set forth in paragraphs

21  1 through 49 as though fully set forth herein.

22      82.     PLAINTIFFS had a right to reinstate the NOTE by tendering the default amount

23  at any time until five days prior to the TRUSTEE SALE under Cal. Civ. Code §2924c(e). (See

24  COMPLAINT, ¶9)

25      83.     PLAINTIFFS had a right to reinstate the NOTE by tendering the default amount

26  at any time until five days prior to the TRUSTEE SALE under Paragraph 19 of the DEED OF

27  TRUST. (See COMPLAINT, ¶10)

28      84.     PLAINTIFFS are informed and believe and on that basis allege that GMAC

Thomas P. Kelly Jr.
Thomas P. Kelly III
50 Old Courthouse Sq.
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

FIRST AMENDED COMPLAINT                    Page 14 of 31

1   made a clear and unambiguous promise to PLAINTIFFS that if PLAINTIFFS submitted the

2   REINSTATEMENT PAYMENT that GMAC would postpone the TRUSTEE SALE.

3       85.    PLAINTIFFS allege that GMAC first made this promise on August 23, 2010,

4   when DOE-001 advised PLAINTIFFS that if the REINSTATEMENT PAYMENT was paid to

5   GMAC the TRUSTEE SALE would be cancelled. (See COMPLAINT, ¶26)

6       86.    PLAINTIFFS allege that GMAC repeated this promise on September 8, 2010,

7   when DOE-005 advised PLAINTIFFS that the TRUSTEE SALE had been postponed. (See

8   COMPLAINT, ¶37)

9       87.    PLAINTIFFS are informed and believe and on that basis allege that GMAC

10   should have reasonably expected that PLAINTIFFS would rely upon this promise, that GMAC

11   should have reasonably expected that PLAINTIFFS would substantially change their position in

12   reliance on this promise, and that GMAC should have reasonably expected that PLAINTIFFS

13   would forbear other remedies in reliance on his promise.

14       88.    PLAINTIFFS in fact did rely on the promise of GMAC, DOE-001, and DOE-005,

15   by sending the REINSTATEMENT PAYMENT to GMAC. This reliance by PLAINTIFFS was

16   reasonable because the promise made by GMAC was from an authorized agent, and

17   PLAINTIFFS had no reason to believe that GMAC would not honor it's promise.

18       89.    PLAINTIFFS in fact did rely on the promise of GMAC, DOE-001, and DOE-005

19   by not seeking to borrow money from other lenders, friends, or family to raise additional funds

20   to reinstate the NOTE at any time five days prior to the TRUSTEE SALE pursuant to the

21   provisions of California Civil Code §2924c(e). This reliance by PLAINTIFFS was reasonable

22   because the promise made by GMAC was from an authorized agent, and PLAINTIFFS had no

23   reason to believe that GMAC would not honor it's promise.

24       90.    PLAINTIFFS in fact did rely on the promise of GMAC, DOE-001, and DOE-005

25   by forgoing bankruptcy protection under Title 11 of the United States Code. This reliance by

26   PLAINTIFFS was reasonable because the promise made by GMAC was from an authorized

27   agent, and PLAINTIFFS had no reason to believe that GMAC would not honor it's promise.

28       91.    PLAINTIFFS in fact did rely on the promise of GMAC, DOE-001, and DOE-005

Thomas P. Kelly Jr.
Thomas P. Kelly III
50 Old Courthouse Sq.
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

FIRST AMENDED COMPLAINT              Page 15 of 31

by forgoing bankruptcy protection under Title 11 of the United States Code. This reliance by PLAINTIFFS was reasonable because the promise made by GMAC was from an authorized agent, and PLAINTIFFS had no reason to believe that the GMAC would not honor it's promise.

92.    Because GMAC misrepresented the amount necessary to cure the default on the NOTE and DEED OF TRUST, PLAINTIFFS were denied their statutory right to reinstate the NOTE as provided for in California Civil Code §2924c(e).

93.    Because GMAC misrepresented the amount necessary to cure the default on the NOTE and DEED OF TRUST, PLAINTIFFS were denied their contract right to reinstate the NOTE as provided under Paragraph 19 of the DEED OF TRUST.

94.    California Civil Code Section 2924 provides that a non-judicial foreclosure sale pursuant to the power of sale clause contained in a deed of trust shall comply with all requirements of applicable law.

95.    PLAINTIFFS are further informed and believe and on that basis allege that by failing to accurately state the amount necessary to cure the default on the NOTE and DEED OF TRUST, and by failing to accept the REINSTATEMENT PAYMENT, GMAC did not comply with all requirements of applicable law.

96.    PLAINTIFFS are further informed and believe and on that basis allege that because GMAC failed to comply with all requirements of applicable law, the TRUSTEE SALE held on September 13, 2010 was invalid, and that because the TRUSTEE SALE was invalid, the TRUSTEE DEED is likewise invalid and should be set aside.

97.    PLAINTIFFS are further informed and believe and on that basis allege that because GMAC did not honor it's promise,  the TRUSTEE SALE held on September 13, 2010 was invalid, and that because the TRUSTEE SALE was invalid, the TRUSTEE DEED is likewise invalid and should be set aside.

98.    PLAINTIFFS are informed and believe and on that basis allege that because GMAC failed to comply with all requirements of applicable law, PLAINTIFFS have suffered injustice and loss. PLAINTIFFS have suffered damages because PLAINTIFFS have lost title to the PROPERTY, have lost equity in the PROPERTY, were forced to abandon possessions as a

Thomas P. Kelly Jr.
Thomas P. Kelly III
50 Old Courthouse Sq.
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

FIRST AMENDED COMPLAINT                    Page 16 of 31

1  result of the TRUSTEE DEED, have suffered enormous anxiety and humiliation, and was

2  despicable conduct that subjected PLAINTIFFS to cruel and unjust hardship in conscious

3  disregard of PLAINTIFFS rights, so as to justify an award of exemplary and punitive damages.

4      99.    PLAINTIFFS are informed and believe and on that basis allege that the promise

5  of GMAC was not honored because GMAC went forward with the TRUSTEE SALE despite

6  promising not to do so, a promise upon which PLAINTIFFS relied, and which has resulted in

7  injustice and loss to PLAINTIFFS. PLAINTIFFS have suffered damages because PLAINTIFFS

8  have lost title to the PROPERTY, have lost equity in the PROPERTY, were forced to abandon

9  possessions as a result of the TRUSTEE DEED, have suffered enormous anxiety and

10  humiliation, and was despicable conduct that subjected PLAINTIFFS to cruel and unjust

11  hardship in conscious disregard of PLAINTIFFS rights, so as to justify an award of exemplary

12  and punitive damages.

13      WHEREFORE, Plaintiffs pray for judgment as follows:

14  //

## FOURTH CAUSE OF ACTION
(For Recovery of Damages for Wrongful Foreclosure
against Defendant GMAC)

17
18      100.    PLAINTIFFS incorporate herein each and every allegation set forth in paragraphs
19  1 through 49 as though fully set forth herein.

20      101.    PLAINTIFFS had a right to reinstate the NOTE by tendering the default amount
21  at any time until five days prior to the TRUSTEE SALE under Cal. Civ. Code §2924c(e). (See
22  COMPLAINT, ¶9)

23      102.    PLAINTIFFS had a right to reinstate the NOTE by tendering the default amount
24  at any time until five days prior to the TRUSTEE SALE under Paragraph 19 of the DEED OF
25  TRUST. (See COMPLAINT, ¶10)

26      103.    PLAINTIFFS are informed and believe and on that basis allege that GMAC
27  made a clear and unambiguous promise to PLAINTIFFS that if PLAINTIFFS submitted the
28  REINSTATEMENT PAYMENT that GMAC would postpone the TRUSTEE SALE.

Thomas P. Kelly Jr.
Thomas P. Kelly III
50 Old Courthouse Sq.
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

FIRST AMENDED COMPLAINT         Page 17 of 31

104.    PLAINTIFFS allege that GMAC first made this promise on August 23, 2010, when DOE-001 advised PLAINTIFFS that if the REINSTATEMENT PAYMENT was paid to GMAC the TRUSTEE SALE would be cancelled. (See COMPLAINT, ¶26)

105.    PLAINTIFFS allege that GMAC repeated this promise on September 8, 2010, when DOE-005 advised PLAINTIFFS that the TRUSTEE SALE had been postponed. (See COMPLAINT, ¶37)

106.    PLAINTIFFS submitted the amount necessary to cure the default on the NOTE and DEED OF TRUST as quoted by GMAC through it's authorized agent DOE-001 by making the REINSTATEMENT PAYMENT.  (See COMPLAINT, ¶26, ¶30)

107.    Because GMAC misrepresented the amount necessary to cure the default on the NOTE and DEED OF TRUST, PLAINTIFFS were denied their statutory right to reinstate the NOTE as provided for in California Civil Code §2924c(e).

108.    Because GMAC misrepresented the amount necessary to cure the default on the NOTE and DEED OF TRUST, PLAINTIFFS were denied their contract right to reinstate the NOTE as provided under Paragraph 19 of the DEED OF TRUST.

109.    California Civil Code Section 2924 provides that a non-judicial foreclosure sale pursuant to the power of sale clause contained in a deed of trust shall comply with all requirements of applicable law.

110.    PLAINTIFFS are further informed and believe and on that basis allege that by failing to accurately state the amount necessary to cure the default on the NOTE and DEED OF TRUST, and by failing to accept the REINSTATEMENT PAYMENT, GMAC did not comply with all requirements of applicable law.

111.    PLAINTIFFS are further informed and believe and on that basis allege that GMAC was on notice as to all applicable law, including but not limited to Cal. Civ. Code §2924c(e) and Paragraph 19 of the DEED OF TRUST, and should have known of same prior to conducting the TRUSTEE SALE on the PROPERTY.

112.    PLAINTIFFS are further informed and believe and on that basis allege that GMAC was fully aware of and ratified those actions which were in violation of California Civil

Thomas P. Kelly Jr.
Thomas P. Kelly III
50 Old Courthouse Sq
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

FIRST AMENDED COMPLAINT                Page 18 of 31

1    Code §2924 and §2924e and Paragraph 19 of the DEED OF TRUST.

2    113.    PLAINTIFFS are further informed and believe and on that basis allege that as a

3    result of the failure of GMAC to comply with all applicable law, including but not limited to Cal.

4    Civ. Code §2924c(e) and Paragraph 19 of the DEED OF TRUST,  the TRUSTEE SALE was

5    wrongful, and that as a result PLAINTIFFS were wrongfully deprived of the fee title of the

6    PROPERTY.

7    114.    PLAINTIFFS are informed and believe and on that basis allege that because

8    GMAC failed to comply with all requirements of applicable law, PLAINTIFFS have suffered

9    injustice and loss. PLAINTIFFS have suffered damages because PLAINTIFFS have lost title to

10    the PROPERTY, have lost equity in the PROPERTY, were forced to abandon possessions as a

11    result of the TRUSTEE DEED, have suffered enormous anxiety and humiliation, and was

12    despicable conduct that subjected PLAINTIFFS to cruel and unjust hardship in conscious

13    disregard of PLAINTIFFS rights, so as to justify an award of exemplary and punitive damages.

14    WHEREFORE, Plaintiffs pray for judgment as follows:

15    //

16    **FIFTH CAUSE OF ACTION**
      (Fraud against Defendant GMAC)

17

18    115.    PLAINTIFFS incorporate herein each and every allegation set forth in paragraphs

19    1 through 49 as though fully set forth herein.

20    116.    PLAINTIFFS had a right to reinstate the NOTE by tendering the default amount

21    at any time until five days prior to the TRUSTEE SALE under Cal. Civ. Code §2924c(e). (See

22    COMPLAINT, ¶9)

23    117.    PLAINTIFFS had a right to reinstate the NOTE by tendering the default amount

24    at any time until five days prior to the TRUSTEE SALE under Paragraph 19 of the DEED OF

25    TRUST. (See COMPLAINT, ¶10)

26    118.    PLAINTIFFS are informed and believe and on that basis allege that GMAC

27    through it's authorized agent DOE-001 represented to PLAINTIFFS on August 23, 2010 that the

28    amount to cure the default on the NOTE and DEED OF TRUST was $15,626.02. (See

Thomas P. Kelly Jr.
Thomas P. Kelly III
50 Old Courthouse Sq
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

FIRST AMENDED COMPLAINT                         Page 19 of 31

1  COMPLAINT, ¶26)

2      119.    PLAINTIFFS submitted the amount necessary to cure the default on the NOTE

3  and DEED OF TRUST as quoted by GMAC through it's authorized agent DOE-001 by making

4  the REINSTATEMENT PAYMENT. (See COMPLAINT, ¶26, ¶30)

5      120.    Because GMAC misrepresented the amount necessary to cure the default on the

6  NOTE and DEED OF TRUST, PLAINTIFFS were denied their statutory right to reinstate the

7  NOTE as provided for in California Civil Code §2924c(e).

8      121.    Because GMAC misrepresented the amount necessary to cure the default on the

9  NOTE and DEED OF TRUST, PLAINTIFFS were denied their contract right to reinstate the

10  NOTE as provided under Paragraph 19 of the DEED OF TRUST.

11      122.    California Civil Code §2924(e) provides as follows:

12        There is a rebuttable presumption that the beneficiary actually knew of all unpaid
        loan payments on the obligation owed to the beneficiary and secured by the deed
13        of trust or mortgage subject to the notice of default.

14      123.    PLAINTIFFS are informed and believe and on that basis allege that GMAC not

15  only knew the true reinstatement amount, but was presumed to know the true reinstatement

16  amount under California Civil Code §2924(e).

17      124.    PLAINTIFFS are informed and believe and on that basis allege that GMAC

18  through it's authorized agent DOE-001 intentionally misstated the reinstatement amount to

19  PLAINTIFFS, and this constitutes a fraudulent misrepresentation.

20      125.    GMAC did not inform PLAINTIFFS that the REINSTATEMENT AMOUNT was

21  insufficient until after the five day period tolled under California Civil Code §2924c(e). (See

22  COMPLAINT, ¶38)

23      126.    GMAC did not notify PLAINTIFFS of the correct reinstatement amount until

24  GMAC sent a letter to PLAINTIFFS on September 8, 2010 which is exactly five days before the

25  TRUSTEE SALE. (See COMPLAINT, ¶38)

26      127.    PLAINTIFFS are informed and believe and on that basis allege that GMAC knew

27  that a letter sent first class mail on September 8, 2010 would not be received by PLAINTIFFS

28  until after the five day period of §2924c(e) had expired, thereby preventing PLAINTIFFS from

Thomas P. Kelly Jr.
Thomas P. Kelly III
50 Old Courthouse Sq.
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

FIRST AMENDED COMPLAINT             Page 20 of 31

1  making any additional payment for full reinstatement.

2          128.    PLAINTIFFS are informed and believe and on that basis allege that when GMAC

3  through it's authorized agent DOE-001 made the aforesaid fraudulent misrepresentations to

4  PLAINTIFFS they knew them to be false and made them with the intention to deceive and

5  defraud PLAINTIFFS and to induce PLAINTIFFS to act in reliance on these fraudulent

6  misrepresentations in the manner hereafter alleged, or with the expectation that PLAINTIFFS

7  would so act, which resulted in PLAINTIFFS losing title to their interest in the PROPERTY at

8  the TRUSTEE SALE.

9          129.    PLAINTIFFS were ignorant of the falsity of the fraudulent representations made

10  by GMAC through it's authorized agent DOE-001 and believed them to be true.

11          130.    PLAINTIFFS relied upon the fraudulent representations of GMAC made by

12  GMAC's authorized agent DOE-001 by making the REINSTATEMENT PAYMENT.

13          131.    PLAINTIFFS reliance on the fraudulent misrepresentations of GMAC was

14  justified as the representations were made by an authorized agent of GMAC, and PLAINTIFFS

15  had no reason to doubt the veracity of the fraudulent misrepresentations.

16          132.    As a proximate result of this reliance on the fraudulent misrepresentations of

17  GMAC, PLAINTIFFS were induced to take no additional steps to protect their interest in the

18  PROPERTY. Had PLAINTIFFS known the true facts, they could have pursued alternate

19  measures to avoid the TRUSTEE SALE, including but not limited to, borrowing additional funds

20  to reinstate the NOTE and filing for bankruptcy protection under Title 11 of the United States

21  Code.

22          133.    In addition, as a proximate result of the fraudulent misrepresentations of GMAC,

23  PLAINTIFFS have suffered severe emotional distress in the form of inability to sleep, panic

24  attacks, depression, and daily constant anxiety.

25          134.    The aforementioned conduct of GMAC, was an intentional fraudulent

26  misrepresentation, deceit or concealment of material facts known to GMAC, and were made

27  intentionally by GMAC in order to deprive PLAINTIFFS of the PROPERTY, legal rights or

28  otherwise causing injury, and the actions of GMAC was despicable conduct that subjected

Thomas P. Kelly Jr.
Thomas P. Kelly III
50 Old Courthouse Sq
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

1   PLAINTIFFS to cruel and unjust hardship in conscious disregard of PLAINTIFFS rights, so as

2   to justify an award of exemplary and punitive damages.

3          WHEREFORE, Plaintiffs pray for judgment as follows:

4   //

5                          **SIXTH CAUSE OF ACTION**
                (Negligent Misrepresentation against Defendant GMAC)

6

7          135.   PLAINTIFFS incorporate herein each and every allegation set forth in paragraphs

8   1 through 49 as though fully set forth herein.

9          136.   PLAINTIFFS had a right to reinstate the NOTE by tendering the default amount

10  at any time until five days prior to the TRUSTEE SALE under Cal. Civ. Code §2924c(e). (See

11  COMPLAINT, ¶9)

12         137.   PLAINTIFFS had a right to reinstate the NOTE by tendering the default amount

13  at any time until five days prior to the TRUSTEE SALE under Paragraph 19 of the DEED OF

14  TRUST. (See COMPLAINT, ¶10)

15         138.   PLAINTIFFS are informed and believe and on that basis allege that GMAC

16  through it's authorized agent DOE-001 represented to PLAINTIFFS on August 23, 2010 that the

17  amount to cure the default on the NOTE and DEED OF TRUST was $15,626.02. (See

18  COMPLAINT, ¶26)

19         139.   PLAINTIFFS submitted the amount necessary to cure the default on the NOTE

20  and DEED OF TRUST as quoted by GMAC through it's authorized agent DOE-001 by making

21  the REINSTATEMENT PAYMENT. (See COMPLAINT, ¶26, ¶30)

22         140.   Because GMAC misrepresented the amount necessary to cure the default on the

23  NOTE and DEED OF TRUST, PLAINTIFFS were denied their statutory right to reinstate the

24  NOTE as provided for in California Civil Code §2924c(e).

25         141.   Because GMAC misrepresented the amount necessary to cure the default on the

26  NOTE and DEED OF TRUST, PLAINTIFFS were denied their contract right to reinstate the

27  NOTE as provided under Paragraph 19 of the DEED OF TRUST.

28         142.   When GMAC through it's authorized agent DOE-001 made the representations to

Thomas P. Kelly Jr.
Thomas P. Kelly III
50 Old Courthouse Sq.
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

FIRST AMENDED COMPLAINT                    Page 22 of 31

1    PLAINTIFFS set forth above they had no reasonable grounds for believing them to be true.

2    143.    When GMAC through it's authorized agent DOE-001 made the representations to

3    PLAINTIFFS set forth above they were negligent and were made with the knowledge that

4    PLAINTIFFS would rely on those representations, and with the expectation that PLAINTIFFS

5    would rely on those representations, and with the intent of preventing PLAINTIFFS from further

6    inquiry into available remedies for the TRUSTEE SALE.

7    144.    In addition, as a proximate result of the negligent conduct of GMAC,

8    PLAINTIFFS have suffered severe emotional distress in the form of inability to sleep, panic

9    attacks, depression, and daily constant anxiety.

10    145.    The aforementioned conduct of GMAC, was an negligent misrepresentation, of

11    material facts known to GMAC, and were negligently made by GMAC which resulted in

12    PLAINTIFFS loss of the PROPERTY, legal rights or otherwise causing injury, and the actions

13    of GMAC was despicable conduct that subjected PLAINTIFFS to cruel and unjust hardship in

14    conscious disregard of PLAINTIFFS rights, so as to justify an award of exemplary and punitive

15    damages.

16    WHEREFORE, Plaintiffs pray for judgment as follows.

17    //

18    ### SEVENTH CAUSE OF ACTION
19    (Negligence against Defendant GMAC)

20    146.    PLAINTIFFS incorporate herein each and every allegation set forth in paragraphs

21    1 through 49 as though fully set forth herein.

22    147.    PLAINTIFFS had a right to reinstate the NOTE by tendering the default amount

23    at any time until five days prior to the TRUSTEE SALE under Cal. Civ. Code §2924c(e). (See

24    COMPLAINT, ¶9)

25    148.    PLAINTIFFS had a right to reinstate the NOTE by tendering the default amount

26    at any time until five days prior to the TRUSTEE SALE under Paragraph 19 of the DEED OF

27    TRUST. (See COMPLAINT, ¶10)

28    149.    PLAINTIFFS are informed and believe and on that basis allege that GMAC

Thomas P. Kelly Jr.
Thomas P. Kelly III
50 Old Courthouse Sq.
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

FIRST AMENDED COMPLAINT                    Page 23 of 31

1  through it's authorized agent DOE-001 represented to PLAINTIFFS on August 23, 2010 that the

2  amount to cure the default on the NOTE and DEED OF TRUST was $15,626.02. (See

3  COMPLAINT, ¶26)

4      150.    PLAINTIFFS submitted the amount necessary to cure the default on the NOTE

5  and DEED OF TRUST as quoted by GMAC through it's authorized agent DOE-001 by making

6  the REINSTATEMENT PAYMENT. (See COMPLAINT, ¶26, ¶30)

7      151.    Because GMAC misrepresented the amount necessary to cure the default on the

8  NOTE and DEED OF TRUST, PLAINTIFFS were denied their statutory right to reinstate the

9  NOTE as provided for in California Civil Code §2924c(e).

10      152.    Because GMAC misrepresented the amount necessary to cure the default on the

11  NOTE and DEED OF TRUST, PLAINTIFFS were denied their contract right to reinstate the

12  NOTE as provided under Paragraph 19 of the DEED OF TRUST.

13      153.    PLAINTIFFS are informed and believe and on that basis allege that at all

14  applicable times GMAC owed a duty to PLAINTIFFS to conduct all business related to the

15  NOTE and DEED OF TRUST with the level of care of a reasonable loan servicer. Further,

16  GMAC owed a duty to PLAINTIFFS to conduct all activities related to the TRUSTEE SALE in

17  accord with all applicable law, including those duties imposed on GMAC  under California Civil

18  Code §2924, et. seq. And under Paragraph 19 of the DEED OF TRUST.

19      154.    PLAINTIFFS are informed and believe and on that basis allege that on September

20  13, 2010 GMAC carelessly and negligently permitted the TRUSTEE SALE to occur on the

21  PROPERTY despite the fact that PLAINTIFFS had offered the REINSTATEMENT

22  PAYMENT, and that PLAINTIFF had been misled as to the correct amount by GMAC.

23      155.    PLAINTIFFS are informed and believe and on that basis allege that this conduct

24  breached the duty GMAC owed to PLAINTIFFS, thus causing damage to PLAINTIFFS in an

25  amount according to proof.

26      156.    The aforementioned conduct of GMAC, was negligent and has resulted in

27  PLAINTIFFS loss of the PROPERTY, legal rights or otherwise causing injury, and the actions

28  of GMAC was despicable conduct that subjected PLAINTIFFS to cruel and unjust hardship in

Thomas P. Kelly Jr.
Thomas P. Kelly III
50 Old Courthouse Sq.
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

FIRST AMENDED COMPLAINT                Page 24 of 31

1    conscious disregard of PLAINTIFFS rights, so as to justify an award of exemplary and punitive

2    damages.

3         WHEREFORE, Plaintiffs pray for judgment as follows:

4    //

5                            **EIGHTH CAUSE OF ACTION**
                     (Quiet Title against Defendant MED&G)

6

7         157.    PLAINTIFFS incorporate herein each and every allegation set forth in paragraphs

8    1 through 49 as though fully set forth herein.

9         158.    PLAINTIFFS had a right to reinstate the NOTE by tendering the default amount

10   at any time until five days prior to the TRUSTEE SALE under Cal. Civ. Code §2924c(e). (See

11   COMPLAINT, ¶9)

12        159.    PLAINTIFFS had a right to reinstate the NOTE by tendering the default amount

13   at any time until five days prior to the TRUSTEE SALE under Paragraph 19 of the DEED OF

14   TRUST. (See COMPLAINT, ¶10)

15        160.    PLAINTIFFS are informed and believe and on that basis allege that GMAC

16   through it's authorized agent DOE-001 represented to PLAINTIFFS on August 23, 2010 that the

17   amount to cure the default on the NOTE and DEED OF TRUST was $15,626.02. (See

18   COMPLAINT, ¶26)

19        161.    PLAINTIFFS submitted the amount necessary to cure the default on the NOTE

20   and DEED OF TRUST as quoted by GMAC through it's authorized agent DOE-001 by making

21   the REINSTATEMENT PAYMENT. (See COMPLAINT, ¶26, ¶30)

22        162.    Because GMAC misrepresented the amount necessary to cure the default on the

23   NOTE and DEED OF TRUST, PLAINTIFFS were denied their statutory right to reinstate the

24   NOTE as provided for in California Civil Code §2924c(e).

25        163.    Because GMAC misrepresented the amount necessary to cure the default on the

26   NOTE and DEED OF TRUST, PLAINTIFFS were denied their contract right to reinstate the

27   NOTE as provided under Paragraph 19 of the DEED OF TRUST.

28        164.    PLAINTIFFS are informed and believe and on that basis allege that the

Thomas P. Kelly Jr.
Thomas P. Kelly III
50 Old Courthouse Sq.
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

FIRST AMENDED COMPLAINT                    Page 25 of 31

1   TRUSTEE SALE was conducted in violation of applicable law as set forth above, and that this

2   violation renders any claim to title on the PROPERTY arising from the TRUSTEE SALE or

3   TRUSTEE DEED is invalid.

4        165.    PLAINTIFFS are informed and believe and on that basis allege that title to the

5   PROPERTY is allegedly held by MED&G, that the title of MED&G in the PROPERTY arises

6   from the TRUSTEE SALE, and that title is wrongfully held by MED&G because the TRUSTEE

7   SALE and TRUSTEE DEED are invalid.

8        166.    PLAINTIFFS are informed and believe and on that basis allege that as a result of

9   the invalid TRUSTEE SALE and TRUSTEE DEED, MED&G has no right, title, estate, lien, or

10  interests whatever in the PROPERTY or any part thereof.

11       167.    Therefore, PLAINTIFFS seek to quiet title in the name of PLAINTIFFS as of

12  September 13, 2010.

13       WHEREFORE, Plaintiffs pray for judgment as follows:

14  //

15                            **NINTH CAUSE OF ACTION**
                      (Declaratory Relief against All Defendants)
16

17       168.    PLAINTIFFS incorporate herein each and every allegation set forth in paragraphs

18  1 through 49 as though fully set forth herein.

19       169.    An actual controversy arisen now exists between PLAINTIFFS and Defendants

20  GMAC, ETS SERVICES, and MED&G concerning their respective rights and duties in that

21  PLAINTIFFS maintains that the TRUSTEE SALE as alleged above was not conducted in

22  accordance with all applicable law, and as a result, the TRUSTEE SALE and TRUSTEE DEED

23  should be set aside.

24       170.    GMAC, ETS SERVICES, and MED&G dispute the foregoing conditions and

25  contend that the TRUSTEE SALE and TRUSTEE DEED were properly conducted and recorded

26  and in accordance with all applicable law.

27       171.    PLAINTIFFS desire judicial determination of their rights and duties in the

28  determination as to whether the TRUSTEE SALE and TRUSTEE DEED were properly

Thomas P. Kelly Jr.
Thomas P. Kelly III
50 Old Courthouse Sq
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

FIRST AMENDED COMPLAINT                    Page 26 of 31

1    conducted and recorded and in accordance with all applicable law.

2      172.    A judicial determination is necessary and appropriate at this time under the

3    circumstances in that PLAINTIFFS may ascertain their rights and duties pursuant to the conduct

4    of the TRUSTEE SALE and as to the validity of the TRUSTEE DEED.

5      173.    PLAINTIFFS further hereby seek declaratory relief from this Court that MED&G

6    was not a bona fide purchaser for value as a result of the TRUSTEE SALE or TRUSTEE DEED.

7      WHEREFORE, Plaintiffs pray for judgment as follows:

8    //

9                          **TENTH CAUSE OF ACTION**
      (Intentional Infliction of Emotional Distress against Defendant MED&G)
10

11      174.    PLAINTIFFS incorporate herein each and every allegation set forth in paragraphs

12    1 through 49 as though fully set forth herein.

13      175.    PLAINTIFFS are informed and believe and on that basis allege that the MED&G

14    knew or should have known that any person whose primary residence is the subject of a non-

15    judicial foreclosure is in a vulnerable state, and likely to suffer emotional distress as a result of

16    such a proceeding.

17      176.    PLAINTIFFS are informed and believe and on that basis allege that the actions

18    of the agent of MED&G,  Joe Agost of Formost Insurance, which included entering the

19    PROPERTY without any right to do so, banging on the front door and banging on the side of the

20    house with his fist was intentional and unreasonable conduct which was done with the

21    recognition that these actions were likely to result in illness through mental distress for

22    PLAINTIFFS.

23      177.    PLAINTIFFS are informed and believe and on that basis allege that the actions

24    of the agent of MED&G in brining an Unlawful Detainer Action against PLAINTIFFS was

25    calculated to cause pain and suffering for PLAINTIFFS and was intentional and unreasonable

26    conduct which was done with the recognition that these actions were likely to result in illness

27    through mental distress for PLAINTIFFS.

28      178.    In addition, as a proximate result of this conduct of MED&G, PLAINTIFFS

Thomas P. Kelly Jr.
Thomas P. Kelly III
50 Old Courthouse Sq
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

FIRST AMENDED COMPLAINT                    Page 27 of 31

1  have suffered, and continue to suffer, severe emotional distress in the form of inability to sleep,

2  panic attacks, depression, and daily constant anxiety.

3      179.    The aforementioned conduct of MED&G was intentional and despicable

4  conduct that subjected PLAINTIFFS to cruel and unjust hardship in conscious disregard of

5  PLAINTIFFS rights, so as to justify an award of exemplary and punitive damages.

6      WHEREFORE, Plaintiffs pray for judgment as follows:

7  //

8                    **PRAYER FOR RELIEF**

9      A.    For a judgment estopping GMAC from denying there was a Contract and

10  damages for breach thereof to PLAINTIFFS according to proof; and

11      D.    For a judgment setting aside the TRUSTEE SALE; and

12      E.    For a judgment setting aside the TRUSTEE DEED; and

13      F.    For a judgment awarding damages to PLAINTIFFS from GMAC for Recovery of

14  Damages for Wrongful Foreclosure according to proof; and

15      G.    For a judgment awarding damages to PLAINTIFFS from GMAC for Fraud

16  according to proof; and

17      H.    For a judgment awarding damages to PLAINTIFFS from GMAC for Negligent

18  Misrepresentation according to proof; and

19      I.    For a judgment to Quiet Title to the PROPERTY in the name of PLAINTIFFS

20  against MED&G; and

21      K.    For declaration that the TRUSTEE SALE and TRUSTEE DEED failed to comply

22  with applicable law and have no force or effect; and

23      L.    For a judgment awarding damages to PLAINTIFFS against MED&G for

24  Intentional Infliction of Emotional Distress according to proof; and

25      M.    For general damages against all Defendants according to proof; and

26      N.    For exemplary damages against all Defendants according to proof; and

27      O.    For punitive damages against all Defendants according to proof; and

28      P.    For Prejudgment interest; and

Thomas P. Kelly Jr
Thomas P. Kelly III
50 Old Courthouse Sq.
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

FIRST AMENDED COMPLAINT                    Page 28 of 31

1    Q.    For costs of suit herein incurred, including attorney's fees; and

2    R.    For such other and further relief as the Court may deem proper.

4    Dated: __MARCH 20__, 2010

Thomas P. Kelly III
Attorney for Plaintiffs

Thomas P. Kelly Jr
Thomas P. Kelly III
Old Courthouse Sq
Suite 609
Santa Rosa, California
95404-0726
(707)545-8700

FIRST AMENDED COMPLAINT                    Page 29 of 31

1

2

3

4

5

### DEMAND FOR JURY TRIAL

6

    Plaintiffs Hitoshi Inoue and Wakana Inoue hereby demand a jury trial on all claims.

7

Dated: March 20, 2011

                        Thomas P. Kelly III

8

                        Attorney for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Thomas P Kelly Jr
Thomas P Kelly III
50 Old Courthouse Sq
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

FIRST AMENDED COMPLAINT                Page 30 of 31

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# VERIFICATIONS TO FOLLOW

C:\Documents\Client Files\Inoue, Hitoshi\Pleadings\Second Amended Complaint\3-19-11 Second Amended Complaint.wpd *sine missione*

Thomas P. Kelly Jr.
Thomas P. Kelly III
50 Old Courthouse Sq
Suite 609
Santa Rosa, California
95404-4926
(707) 545-8700

FIRST AMENDED COMPLAINT                    Page 31 of 31