UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, *et al.*,<br><br>　　　　　　　　　　Debtors. | Case No. 12-12020 (MG)<br><br>Chapter 11<br><br>Jointly Administered |

**FEDERAL HOUSING FINANCE AGENCY'S
*EX PARTE* MOTION PURSUANT TO FED. R. BANKR. P. 9006(c)(1) AND
LOCAL BANKRUPTCY RULE 9077-1(b) TO SHORTEN THE NOTICE PERIOD
WITH RESPECT TO MOTION OF THE FEDERAL HOUSING FINANCE AGENCY
PURSUANT TO THE JULY 11, 2012 ORDER OF THE HONORABLE DENISE L. COTE
SEEKING LIMITED DISCOVERY FROM THE DEBTORS AND, IF NECESSARY
TO THAT PURPOSE, RELIEF FROM THE AUTOMATIC STAY**

　　　　The Federal Housing Finance Agency, as Conservator for Freddie Mac ("FHFA"), by and through its undersigned counsel, hereby respectfully submits this motion (the "Motion to Shorten") for an order shortening the notice period with respect to the *Motion of the Federal Housing Finance Agency Pursuant to the July 11, 2012 Order of the Honorable Denise L. Cote Seeking Limited Discovery from the Debtors and, if Necessary to That Purpose, Relief from the Automatic Stay* (the "Motion"),[1] filed contemporaneously herewith, and respectfully represents as follows:

**FACTUAL BACKGROUND**

　　　　1.　　On September 2, 2011, FHFA, in its capacity as conservator for Freddie Mac, commenced the action styled *Federal Housing Finance Agency, as Conservator for the Federal Home Loan Mortgage Corporation v. Ally Financial Inc. f/k/a GMAC, LLC et al.* in the Supreme Court of the State of New York, County of New York. The action (referred to herein as the

---

[1]　　All capitalized terms used but not herein defined shall have the meanings assigned to them in the Motion.

FHFA Case) was then removed to the District Court where it is pending before the Honorable Denise L. Cote. (*See Declaration of Kanchana Wangkeo Leung in Support of Defendant Federal Housing Finance Agency's (A) Memorandum of Law in Support of Motion to Withdraw the Reference as to Defendant Federal Housing Finance Agency and (B) Memorandum of Law (I) in Support of FHFA's Motion to Dismiss the Complaint for Lack of Jurisdiction and (II) in Opposition to Debtors' Motion to Extend Automatic Stay and to Enjoin Litigation Against Non-Debtors* dated June 28, 2012 (cited herein as the "June 28 Leung Decl." and annexed to the Motion as **Exhibit A**) at ¶ 15.)

2. The FHFA Case is one of 18 similar securities actions brought by FHFA; 16 are in New York. The 16 cases, including the FHFA Case (collectively, the "FHFA Coordinated Actions"), have been assigned to Judge Cote. On May 15, 2012, Judge Cote entered a scheduling order applicable to all the FHFA Coordinated Actions. The scheduling order provided a timeline for discovery in all the FHFA Coordinated Actions. (June 28 Leung Decl. ¶ 5.)

3. In the FHFA case, FHFA seeks discovery of 21 "loan tapes" or spreadsheets containing data regarding the mortgage loans in the securitizations at issue in the FHFA Case. By Orders dated May 8 and May 15, 2012, the District Court directed all defendants to produce to FHFA the final closing loan tapes and originator information for each securitization so that FHFA could use the data to develop its sampling protocols. (*See Declaration of Kanchana Wangkeo Leung* dated July 17, 2012 (cited herein as the "July 17 Leung Decl." and filed herewith) at ¶ 18.)

4. On July 11, 2012, Judge Cote held a conference with counsel for FHFA, the Debtors, AFI/GMACM, Ally Securities and the Non-Affiliated Defendants to discuss production

2

of (1) the final closing loan tapes for the 21 Securitizations that are the subject of the FHFA Case and (2) information sufficient to identify originators of each underlying loan.  Judge Cote emphasized the importance of ensuring that discovery progress in the FHFA Case, and directed FHFA to file the Motion seeking the loan tapes and originator information from the Debtors, and ordered AFI to cooperate fully in the Application.  (*Id.* at ¶ 22)  Further, on July 11, 2012, Judge Cote issued an Order consistent with her determinations at the July 11, 2012 conference.  (*Id.*)

5. Therefore, at the direction of Judge Cote, and because it is crucial that discovery in the FHFA Case proceed immediately, FHFA files this Motion to Shorten to allow the Motion to be heard on July 24, 2012.

## JURISDICTION AND VENUE

6. This Court has jurisdiction to consider the Motion to Shorten pursuant to 28 U.S.C. §§ 157 and 1134.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (O).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

7. Through the Motion to Shorten, FHFA respectfully requests an order, pursuant to Bankruptcy Rule 9006(c)(1) and Rule 9077-1(b) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York, shortening the notice period to allow the Motion to be heard on July 24, 2012.

## BASIS FOR RELIEF

8. Bankruptcy Rule 9006(c)(1) provides:

> [e]xcept as provided in paragraph (2) of this subdivision, when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced.

9. Sufficient cause exists to shorten the applicable notice period and for the Court to

3

hear the Motion at the July 24, 2012 hearing.  FHFA is filing the Motion pursuant to Judge Cote's instructions and, as more fully set forth in the Motion, in order for litigation to proceed efficiently in the FHFA Coordinated Actions, FHFA must obtain the loan tapes and originator information immediately.  Judge Cote found it "clear from the conferences [she had] held in these cases that without that [the loan tapes and originator information], it will be very difficult for the litigation to proceed" because the limited discovery "is the first cut that permits the parties to evaluate the claims and to organize their other discovery requests and figure out whether or not third-party discovery needs to take place and who would be involved in that." (July 17 Leung Decl., Ex. J at 9:3-10.)   The subject discovery is very limited in scope, and, once obtained, will allow other discovery in the FHFA Coordinated Actions to proceed much more efficiently.

10. Accordingly, cause exists to shorten the notice period and schedule the hearing on the Motion for July 24, 2012.

### NOTICE

11. Pursuant to Bankruptcy Rule 9006(c)(1), the Court may shorten time without notice.  Accordingly, no notice of this Motion to Shorten has been given.

12. No previous request for the relief sought herein has been made by FHFA to this or any other court.

WHEREFORE, FHFA respectfully requests that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

DATED:    July 17, 2012
         New York, New York

                                            KASOWITZ, BENSON, TORRES &
                                                FRIEDMAN LLP

/s/ Andrew K. Glenn
Andrew K. Glenn (aglenn@kasowitz.com)
Matthew B. Stein (mstein@kasowitz.com)
Daniel A. Fliman (dfliman@kasowitz.com)
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
Facsimile: (212) 506-1800

*Attorneys for Defendant Federal Housing Finance Agency, as Conservator for the Federal Home Loan Mortgage Corporation*