**EXHIBIT 2**

**<u>Appendix</u>**

2010 WL 4966018
Only the Westlaw citation is currently available.
United States District Court,
S.D. New York.

In re MOTORS LIQUIDATION
COMPANY, et al., Debtors.
Walter J. Lawrence, Appellant,
v.
Motors Liquidation Company, Appellee.

Nos. 09–50026 (REG), 10
Civ. 36(RJH). | Nov. 17, 2010.

**Opinion**

### *MEMORANDUM OPINION AND ORDER*

RICHARD J. HOLWELL, District Judge.

 **\*1**  Appellant Walter J. Lawrence, appearing *pro se*, appeals from a judgment of the United States Bankruptcy Court for the Southern District of New York denying his motion for relief from the automatic stay pursuant to Section 362 of the Bankruptcy Code. Appellant seeks relief to proceed with an action he filed against General Motors ("GM"), the predecessor in interest to Appellee Motors Liquidation Company ("MLC"). Appellant contends that the Bankruptcy Court lacked subject matter jurisdiction over his motion and that the Bankruptcy Court erred in denying him relief. For the reasons stated below, the Court finds that the Bankruptcy Court had jurisdiction to consider Appellant's motion to lift the stay and did not abuse its discretion in denying that motion. [1]

[1]    On September 21, 2010, Appellant also filed a "Motion for the Court to Rule on Appellant's Pending Appeal from the United States Bankruptcy Court." (Docket No. 8.) The Court's disposition of Appellant's appeal in this order vitiates Appellant's motion, and that motion is hereby dismissed as moot.

### BACKGROUND

The following facts are taken from Appellant's motion for relief from the automatic stay filed in the bankruptcy court. *See In re Motors Liquidation Co.,* Ch. 11 Case No. 09–50026 (Bankr.S.D.N.Y.) (Docket No. 4202) ("App.Mot."). Appellant was an employee of GM until he retired on March

1, 1993. (*See* App. Mot. at 2–3.) As such, Appellant was a beneficiary of the General Motors Hourly–Rate Employees Pension Plan ("the Pension Plan") which was governed by the General Motors/United Auto Workers Pension Plan Agreement ("the Agreement"). (*See* App. Mot. at 2–3.)

On May 14, 2007, the Pension Plan wrote to Appellant informing him that Appellant had received $32,985.00 in overpayments and that Appellant was required to remit such overpayments to the Pension Plan. (*See* App. Mot. at 24.) The Pension Plan sent Appellant a second notice in September 2007, but Appellant refused to remit the overpayments. The Pension Plan then began reducing Appellant's ongoing payments to satisfy the outstanding overpayments. (*See* App. Mot. at 24–25.)

Appellant brought suit against the Pension Plan and GM in the United States District Court for the Middle District of Florida on October 9, 2007 alleging that GM and the Pension Plan had violated the Employee Retirement Income Security Act ("ERISA") by wrongfully reducing his pension payments and diverting some of those payments to the IRS to satisfy a tax levy against Appellant. (*See Walter J. Lawrence v. General Motors Hourly–Rate Employee Pension Plan,* 5:07–CV–408 OC (M.D.Fla.) (Docket No. 1) ("the ERISA suit").) Appellant amended his complaint in February 2008 and the parties subsequently filed cross motions for summary judgment, which remain pending. (*See* App. Br. at 11; App. Mot. at 25–26, 31.) [2]

[2]    Appellant also seems to have filed a series of other motions in his ERISA suit, including motions to strike affirmative defenses, various discovery motions, and a motion for recusal. (*See* App. Mot. at 31–33.) Thereafter, the United States District Court for the Middle District of Florida entered an order enjoining Appellant from filing any other documents with that court pending disposition of the parties' motions for summary judgment. (*See* App. Mot. at 33 .)

On June 1, 2009, MLC—an entity formed in conjunction with the United States Treasury to reorganize GM—filed a Title 11 bankruptcy petition in the bankruptcy court in this district. Pursuant to 11 U .S.C. § 362(a), the bankruptcy petition triggered the so-called "automatic stay" of all pre-petition litigation against GM which, in MLC's case, included the ERISA suit. Appellant filed a motion in the bankruptcy court for this district seeking relief from the automatic stay to allow the ERISA suit to proceed. (*See* App. Mot .; App. Br. at 7.) In an opinion from the bench after a hearing on November 6, 2009, Bankruptcy Judge Gerber denied Appellant's motion

and later entered an order to that effect on November 24, 2009. (*See id.; see also* Tr. of Hr'g, Nov. 6, 2009, *In re Motors Liquidation Co.,* 09–50026 (Bank.S.D.N.Y.) (Docket No. 4416) ("Hr'g Tr.").) On December 3, 2009, Appellant filed a notice of appeal of that order to this court.

### STANDARD OF REVIEW

 **\*2**  "Pursuant to Bankruptcy Rule 8013, a District Court reviews a bankruptcy court's conclusions of law de novo and reviews findings of fact for clear error. *In re Cavalry Const., Inc.,* 428 B.R. 25, 29 (S.D.N.Y.2010); *see also In re Bayshore Wire Prods. Corp.,* 209 F.3d 100, 103 (2d Cir.2000) ( "Like the District Court, we review the Bankruptcy Court's findings of fact for clear error, [and] its conclusions of law de novo ...." (internal citations omitted). A district court reviews a bankruptcy court's denial of a motion for relief from the automatic stay for abuse of discretion. *See In re Dairy Mart Convenience Stores, Inc.,* 351 F.3d 86, 91 (2d Cir.2003) ("The decision to lift an automatic stay is left to the discretion of the bankruptcy court...."); *In re Sonnax Indus., Inc.,* 907 F.2d 1280, 1286 (2d Cir.1990). In such a review, the district court considers not whether it would have made the same decision, but only whether the decision was reasonable. *See In re Jamesway Corp.,* 179 B.R. 33, 39 (S.D.N.Y.1995).

### DISCUSSION

#### A. Subject Matter Jurisdiction

Despite having moved the bankruptcy court to grant relief from the automatic stay, Appellant now contends that the bankruptcy court did not have jurisdiction over that motion. Appellant argues that, because the terms of the Agreement prohibited GM from transferring beneficial interests in the Pension Plan, the pension benefits at issue in the ERISA suit are not part of the bankruptcy estate.

Appellant's arguments are misplaced. Section 1334 of title 28 of the United States Code provides that the federal "district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." Under 28 U.S.C. § 1334(b). Under 28 U.S.C. § 157(a), a "district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a). "In this district, by standing order under 28 U.S.C. § 157(a), the district court refers all cases 'arising under,' 'arising in,' or

'related to' Title 11 proceedings to the bankruptcy court." *In re 131 Liquidating Corp.,* 222 B.R. 209, 211 (S.D.N.Y.1998) (citing Order of Acting Chief Judge Robert J. Ward, July 10, 1984). Accordingly, the bankruptcy court had jurisdiction if Appellant's motion concerned a proceeding "arising under title 11, or arising in or related to cases under title 11."

Appellant's motion was plainly a proceeding "arising under title 11." Not only does the provision governing the automatic stay from which Appellant seeks relief appear in 11 U.S.C. § 362, but Title 11 also defines "motions to terminate, annul, or modify the automatic stay" as "core proceedings" which reside "at the heart of federal bankruptcy power." *Norkin v. DLA Piper Rudnick Gray Cary, LLP,* No. 05 Civ. 9137, 2006 WL 839079, at \*3 (S.D.N.Y. Mar. 31, 2006). Accordingly, courts in this Circuit have consistently held that bankruptcy courts have jurisdiction over motions for relief from the automatic stay. *See, e.g., Contemporary Mortg. Bankers, Inc. v. High Peaks Base Camp, Inc.,* 156 B.R. 890, 891 n. 2 (N.D.N.Y.1993) ("A motion to terminate, annul, or modify the automatic stay is a core proceeding within the meaning of 28 U.S.C. § 157(2)(G) and is, therefore, a proceeding properly referred to a bankruptcy judge under 28 U.S.C. § 157."); *In re Gibson & Cushman Dredging Corp.,* 100 B.R. 634, 637 (E.D.N.Y.1989) ("[A] motion to modify the automatic stay is a core proceeding under 28 U.S.C. § 157(b)(2)(G). As such, the Bankruptcy Court was empowered to enter judgment on that branch of the motion.") The same was true of the bankruptcy court here.

#### B. Relief from the Automatic Stay

 **\*3**  Motions for relief from the automatic stay are governed by 11 U.S .C. § 362(d), which provides in relevant part:

   (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

   (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

   (2) with respect to a stay of an act against property under subsection (a) of this section, if—

   (A) the debtor does not have an equity in such property; and

   (B) such property is not necessary to an effective reorganization;

11 U.S.C. § 362(d).

Apparently challenging the substance of the bankruptcy court's denial of relief, Appellant argues that he "met his burden of proof under 11 U.S.C. § 362 ... because Debtor has no equity in the property that is excluded from the estate as a result of debtor's agreement with the UAW to include within the term of the GM/UAW ERISA and IRC supplemental pension plan the anti-alienation and anti-assignment clause." (App. Br. at 2.) That is, Appellant appears to argue that the provisions of the Agreement prohibiting GM from transferring beneficial interests in the Pension Plan deprived MLC of any equity in the property for purposes of Section 362(d)(2).

This argument is directed at the wrong section of Section 362. "The legislative history makes clear that § 362(d)(2) is aimed at protecting a creditor's right to foreclosure, *not* a creditor's right to pursue any form of litigation against the debtor in another court." *In re Northwest Airlines Corp.,* No. 05–17930, 2006 WL 2583647, at *3 n. 2 (Bankr.S.D.N.Y. Aug. 28, 2006) (emphasis added); *see also* S.Rep. No. 95–589, at 5 (1978) ("In cases where the single asset of the debtor is *real property,* the court shall grant relief from the stay if the debtor has no equity in the collateral, thereby allowing the creditor to proceed with his foreclosure.") (emphasis added). Since Appellant's ERISA action is not an action to enforce a secured interest in real property, Section 362(d)(2) does not apply and his motion for relief from the stay can only be granted for "cause" under Section 362(d)(1). *See Sonnax,* 907 F.2d at 1285 ("Because the instant case concerns a stay of a judicial proceeding, only Section 362(d)(1) is applicable.")

In considering whether "cause" exists to grant relief from an automatic stay under Section 362(d)(1), courts in this Circuit apply a multifactor test pursuant to the Second Circuit's decision in *In re Sonnax Industries, Inc.,* 907 F.2d 1280 (2d Cir.1990). In *Sonnax,* the Second Circuit identified twelve factors relevant to a "cause" determination:

> (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.

**\*4** *Id.* at 1286. The bankruptcy court here concluded that the *Sonnax* factors weighed strongly against granting Appellant relief from the automatic stay. That decision was not an abuse of discretion.

Focusing on the second, seventh, and twelfth *Sonnax* factors, the bankruptcy court found that the *Sonnax* factors weighed against relief because, regardless of whether beneficial interests in the Pension Plan were property of the MLC estate, allowing Appellant to proceed with the ERISA suit would force MLC to expend estate resources to defend that action. Hence the bankruptcy court found that relief "would prejudice the interests of other creditors" and that there was no "lack of any connection with or interference with the bankruptcy case." (*See* Hr'g Tr. at 39:25–41:3.) By the same token, in assessing the "impact of the stay on the parties and the balance of harms," the bankruptcy court noted that denying Appellant relief would conserve the resources of the MLC estate without prejudicing Appellant because the ERISA suit against MLC could and would be adjudicated as part of the claims allowance process under Title 11. (*See* Hr'g Tr. at 41:4–42:4.) Far from an abuse of discretion, that reasoning accorded with the general rule that, "[g]enerally, unsecured claims should not be granted relief from the stay because to do so would result in a violation of one of the fundamental concepts of bankruptcy law[:] that there should be an equality of distribution among creditors. An unsecured claimant should not be entitled to obtain a distributive advantage over other unsecured claimants who are similarly enjoined from seeking distribution by any method other than in accordance with the distributive scheme under the Bankruptcy Code." *In re Leibowitz,* 147 B.R. 341, 345 (Bankr.S.D.N.Y.1992).

The bankruptcy court also found that the first *Sonnax* factor, "whether relief would result in a partial or complete resolution of the issues", weighed against relief because allowing the

ERISA suit to proceed would merely enable the United States District Court for the Middle District of Florida to resolve the pending cross motions for summary judgment. (Hr'g Tr. at 42:5–19.) The outcome of those motions is at best uncertain, and it seems unlikely that the Florida court will grant a *plaintiff's* motion for summary judgment. *Cf. Norden v. Samper,* 503 F.Supp.2d 130, 136 (D.D.C.2007) ("This is that rare case in which a plaintiff wins on summary judgment."). Hence the bankruptcy court reasonably found that granting Appellant relief from the stay would more likely expose MLC to protracted litigation rather than speedily resolve the ERISA suit.

For much the same reason, the bankruptcy court found that the parties were not ready for trial in the ERISA action and that the eleventh *Sonnax* factor weighed against relief. (*See* Hr'g Tr. at 46:19–23.) That analysis, too, was far from an abuse of discretion. Appellant contends that he has completed discovery and that the "the district judge is right on the doorstep of resolving this case" (Hr'g Tr. at 25:7–8), but the dispositive motions filed in the ERISA suit were pending for over a year before the automatic stay came into effect, hardly an indication that the case was ready for trial.

 **\*5** The bankruptcy court also found that the United States District Court for the Middle District of Florida was not a "specialized tribunal" with any unique expertise in adjudicating ERISA actions. (*See* Hr'g Tr. at 43:9–14.) That decision was more than reasonable, for this Court has found bankruptcy courts well-equipped to adjudicate statutory actions involving employee benefits. *See, e.g., See In re Bally Total Fitness of Greater New York, Inc.,* 411 B.R. 142, 1471–148 (S.D.N.Y.2009) (finding no need for a specialized tribunal in wage and hour class action). *Cf. In re White Motor Corp.,* 42 B.R. 693, 705–706 (N.D.Ohio 1984) (finding no need for bankruptcy court to withdraw under Section 157 from suit involving ERISA and tax issues).

In addition, the bankruptcy court found that the presence of the Pension Plan as a defendant in Appellant's ERISA suit weighed against relief because the automatic stay would not apply to a suit against the Pension Plan alone. (Hr'g Tr. at 43:22–44:13.) *Cf. Buchanan v. Golden Castin Corp. Hourly Health Benefit Plan,* No. No. 4:03–CV–151, 2003 WL 22951936, at \*3 (S.D.Ind. Oct. 10, 2003) (holding that "a stay of claims against the employer does not stay claims against the employee benefit plan") (citing *Brengettys v. LTV Steel Hourly Pension Plan,* 241 F.3d 609, 609 n. 1 (7th Cir.2001)). Accordingly, Appellant could vitiate the effect of the automatic stay by severing the ERISA suit into two

actions, one against the Pension Plan alone in the Middle District of Florida and another against MLC in the bankruptcy court. The fact that Appellant has the power to move his ERISA suit forward weighs strongly in favor of denying him relief.

Finally, the bankruptcy court found that "the interests of judicial economy and the expeditious and economical resolution of litigation" weighed against relief because allowing Appellant to proceed with his classic pre-petition action would open the "floodgates" to thousands of other litigants with garden variety claims against the MLC estate. (*See* Hr'g Tr. at 44:20–45:10.) That would usher in the very state of affairs the automatic stay was enacted to prevent. *See In re Ionosphere Clubs, Inc.,* 922 F .2d 984, 989 (2d Cir.1990) ("[T]he automatic stay allows the bankruptcy court to centralize all disputes concerning property of the debtor's estate in the bankruptcy court so that reorganization can proceed efficiently, unimpeded by uncoordinated proceedings in other arenas.").

In making these findings, the bankruptcy court clearly did not abuse its discretion. "The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy." S.Rep. No. 95–989, at 54–55 (1978). The only reason related to the *Sonnax* factors that Appellant has advanced as to why MLC should be stripped of the fundamental debtor protection embodied in the stay is that doing so would prevent the bankruptcy court from being "further burdened by more motions for pro hac vice attorneys to come in here and try to hear issues ... that have already been heard by the district court judge in Ocala, Florida...." (Hr'g Tr. at 23:9–24:13.) However, the minimal benefit, if any, of freeing the bankruptcy court of such routine motions is dwarfed by the burden on MLC of defending the ERISA suit outside the established claims process. Under *Sonnax,* that conclusion strongly militates against relief, particularly where Appellant could vitiate any burden to any party by severing his suit. In reaching the same conclusion, the bankruptcy court did not abuse its discretion.

## CONCLUSION

 **\*6** For the foregoing reasons, the bankruptcy court's denial of Appellant's motion for relief from the automatic stay is AFFIRMED, Appellant's appeal [1] is DISMISSED, and

Appellant's motion [8] to decide this appeal is DISMISSED as moot. The Clerk is directed to close this case.

SO ORDERED.

**End of Document**                    © 2012 Thomson Reuters. No claim to original U.S. Government Works.

In re Northwest Airlines Corp., Not Reported in B.R. (2006)

2006 WL 694727
Only the Westlaw citation is currently available.
NOT FOR PUBLICATION
United States Bankruptcy Court,
S.D. New York.

In re: NORTHWEST AIRLINES
CORPORATION, et al., Debtors.

No. 05–17930ALG. | March 13, 2006.

**Attorneys and Law Firms**

Cadwalader, Wickersham & Taft LLP, By: Bruce R. Zirinsky, Gregory M. Petrick, Nathan A. Haynes, New York, New York, for the Debtors.

Howrey LLP, By: Robert D. Terris, San Francisco, California, for Edita Laurel.

**Opinion**

**MEMORANDUM OF OPINION AND ORDER
DENYING MOTION FOR RELIEF FROM STAY**

GROPPER, Bankruptcy J.

**\*1** Before the Court is a motion (the "Motion") by Edita Laurel (the "Movant") seeking relief from the automatic stay to allow the Movant to pursue state court actions in the Superior Court of California, County of San Mateo (the "State Court"), Case Nos. CIV 435432 and CIV 447767 (together, the "State Court Actions"), against Northwest Airlines Corporation (the "Debtor") and Kieran Sheridan ("Sheridan"), an employee of Northwest Airlines, Inc. The State Court Actions assert claims including employment discrimination and intentional infliction of emotional distress and have been stayed against the Debtor by virtue of the automatic stay and against Sheridan pursuant to a ruling by the State Court.

A principal purpose of the automatic stay is to permit a debtor to focus its energies on reorganizing and managing its business affairs without facing diversions and litigation brought on by its creditors. *Eastern Refractories Co. v. Forty Eight Insulations, Inc.,* 157 F.3d 169, 172 (2d Cir.1998); *Teachers Ins. & Annuity Ass'n. v. Butler,* 803 F.2d 61, 64 (2d Cir.1986); *CAE Indus. Ltd. v. Aerospace Holdings Co.,* 116 B.R. 31, 32 (S.D.N.Y.1990). Pursuant to § 362(d) (1) of the Bankruptcy Code, the automatic stay may only be

lifted to permit a litigation to go forward in another court upon an initial showing of "cause" by the party seeking relief from the stay. *Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.),* 907 F.2d 1280, 1285 (2d Cir.1990); *In re New York Med. Grp., P.C.,* 265 B.R. 408, 413 (Bankr.S.D.N.Y.2001).[1] In determining whether cause exists to lift the automatic stay to allow litigation to proceed in another tribunal, courts consider a number of factors enumerated by the Second Circuit in *In re Sonnax:*

[1] An alternative ground for lifting the stay, that the debtor has no equity in the property at issue and the property is not needed for an effective reorganization, is not relevant. 11 U.S.C. § 362(d)(2).

(1) whether relief would result in a partial or complete resolution of the issue;

(2) lack of any connection with or interference with the bankruptcy case;

(3) whether the other proceeding involves the debtor as a fiduciary;

(4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

(5) whether the debtor's insurer has assumed full responsibility for defending it;

(6) whether the action primarily involves third parties;

(7) whether litigation in another forum would prejudice the interest of the creditors;

(8) whether the judgment claim arising from the other action is subject to equitable subordination;

(9) whether the movant's success in the other proceeding would result in a judicial lien avoidance action by the debtor;

(10) the interests of judicial economy and the expeditious and economical resolution of litigation;

(11) whether the parties are ready for trial in the other proceeding; and

(12) impact of the stay on the parties and the balance of harms.

*In re Sonnax,* 907 F.2d at 1286). "Not all of these factors will be relevant in every case," *Mazzeo v. Lenhart (In re Mazzeo),* 167 F.3d 139, 143 (2d Cir.1999), and a court need not give equal weight to each factor. *In re Burger Boys, Inc.,* 183 B .R. 682, 688 (S.D.N.Y.1994). As set forth below, the relevant *Sonnax* factors weigh against lifting the automatic stay to allow the State Court Actions to go forward against the Debtor.

**\*2** This Court has recognized that the Debtors in these Chapter 11 cases are at a critical stage in their bankruptcy proceedings and are dealing with significant, time-sensitive issues that require the attention of management and counsel as well as the breathing spell from prepetition litigation that is afforded by the automatic stay. See, e.g., *In re Northwest Airlines et al.,* No. 05–17930(ALG) (Bankr.S.D.N.Y. Mar. 10, 2006), (Bankr.S.D.N.Y. Jan. 12, 2006) ( *"Gladstone"* ). Defending against a multitude of actions like the ones the Movant seeks to pursue would impede the Debtors' successful emergence from Chapter 11. As this Court stated in *Gladstone,* "the Debtors are party to hundreds if not thousands of actions which are presently pending before other courts and are stayed under § 362(a)(1). To allow the automatic stay to be lifted with respect to this action at this time would prompt similar motions and require the Debtors to spend an inordinate amount of time and money on litigation and detract from the Debtors' attempts to restructure their business." ( *Gladstone,* p. 4). The distraction and expense of defending such litigation would interfere with judicial economy and the Debtors' process of reorganization. See *In re Ionosphere Cubs, Inc.,* 922 F.2d 984, 989 (2d Cir.1990).

On the other hand, the Movant has not established that she will suffer legally cognizable harm if the automatic stay remains in place. The Movant is seeking monetary damages and the State Court Actions involve no issue of public health or safety. Thus the impact of the stay and a balancing of the harms weigh strongly against lifting the automatic stay.

Other *Sonnax* factors also weigh against lifting the stay: (i) the State Court Actions appear to be in the early stages of litigation and the parties are not ready for trial; (ii) no specialized tribunal has been established to hear the State Court Actions; (iii) the Debtor does not appear to have insurance coverage for the claims raised in the State Court Actions; and (iv) the State Court Actions cannot be characterized as primarily involving third parties.

With respect to the stay of the actions against Sheridan, this Court has no jurisdiction to consider the stay imposed by the State Court. The State Court may have reasonably concluded that one hearing involving all defendants would be more judicially economical than proceeding against the Debtor and Sheridan separately.

For the reasons set forth above, the Motion is denied. IT IS SO ORDERED.

**End of Document**

© 2012 Thomson Reuters. No claim to original U.S. Government Works.

1  Jeremy E. Shulman (#257582)
2    jshulman@afrct.com
   ANGLIN, FLEWELLING, RASMUSSEN,
3    CAMPBELL & TRYTTEN LLP
4  199 S. Los Robles Avenue, Suite 600
   Pasadena, California  91101-2459
5  Telephone: (626) 535-1900
6  Facsimile:  (626) 577-7764

7  Attorneys for Defendant
8  WACHOVIA MORTGAGE, a division of
   WELLS FARGO BANK, N.A., successor
9  by merger to Wachovia Mortgage, FSB,
   erroneously sued here separately as "Wells
10 Fargo Bank, N.A., form unknown;
   Wachovia Mortgage, FSB, fka World
11 Savings Bank, FSB, form unknown"
12 (collectively, "Wachovia")

13                UNITED STATES DISTRICT COURT

14      CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

15

16 | FRANCISKA SUSILO, an individual, | Case No. 2:11-cv-01814-CAS-PJW |
17 |      Plaintiff, | [The Honorable Christina A. Snyder] |
18 |     v. | **ORDER GRANTING** |
19 | WELLS FARGO BANK, N.A., form | **STIPULATION TO CONTINUE** |
   | unknown, WACHOVIA MORTGAGE, | **TRIAL AND RELATED DATES** |
20 | FSB, form unknown; ETS SERVICES, | |
   | LLC, form unknown; DOES 1 to 50, | |
21 | Inclusive, | |
22 |     Defendants. | |
23 | | |
24 | WACHOVIA MORTGAGE, a division | Discovery Cutoff: July 15, 2012 |
   | of Wells Fargo Bank, N.A., formerly | Pretrial Conference: Sept. 10, 2012 |
25 | known as Wachovia Mortgage, FSB, | Trial Date:  Oct. 2, 2012 |
   | formerly known as World Savings Bank, | |
26 | FSB, | |
27 |     Cross-Claimant, | |
28 | | |

C:\Temp\notesD30550\Susilo - Order re stipulation to
continue dates 60 days (00424819).DOC          1          CASE NO. 2:11-cv-01814-CAS-PJW
                                                          ORDER GRANTING STIPULATION

v.

ETS SERVICES, LLC, a Delaware
Limited Liability Company; ROES 1 to
10, Inclusive,

        Cross-Defendants.

AND RELATED CROSS ACTION

## **ORDER**

After consideration of the Stipulation submitted by Plaintiff Franciska Susilo, and defendant WACHOVIA MORTGAGE, a division of WELLS FARGO BANK, N.A., successor by merger to Wachovia Mortgage, FSB, sued here separately as "Wells Fargo Bank, N.A., form unknown; Wachovia Mortgage, FSB, fka World Savings Bank, FSB, form unknown" (collectively, "Wachovia"), by and through their respective counsel of record, and good cause appearing therefor, the Court ORDERS as follows:

1.     Trial is continued from October 2, 2012 at 9:30 a.m. to December 4, 2012, at 9:30a.m.

2.     The pretrial conference date of September 10, 2012 at 11:00 a.m. is continued to November 5, 2012, at 11:00 a.m.

3.     The dispositive motion cut-off date of July 30, 2012 is continued to September 28, 2012.

4.     The discovery cut-off date of July 15, 2012 is continued to September 17, 2012.

Dated:  July 10, 2012

_____
The Honorable Christina A. Snyder
United States District Judge

<u>**CERTIFICATE OF SERVICE**</u>

I, the undersigned, declare that I am over the age of 18 and am not a party to this action.  I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California  91101-2459.

On the date below, I served a copy of the following document entitled:

**ORDER GRANTING STIPULATION TO CONTINUE TRIAL AND RELATED DATES**

on all interested parties in said case addressed as follows:

<u>***Served Electronically Via the Court's CM/ECF System:***</u>

| *Counsel for Plaintiff:* | *Counsel for Defendant ETS:* |
|---|---|
| Roger A.S. Manlin, Esq.<br>4647 Kingswell Avenue, #158<br>Los Angeles, California 90027<br>Telephone: (323) 953-6789<br>Facsimile:  (323) 953-6156 | Stephen C. Chuck, Esq.<br>Tiffany M. Birkett, Esq.<br>Victoria J. Tsoong, Esq.<br>FOLEY & MANSFIELD, PLLP<br>300 S. Grand Avenue, Suite 2800<br>Los Angeles, CA 90071<br>Telephone: (213) 283-2100<br>Facsimile: (213) 283-2101<br>schuck@foleymansfield.com<br>tbirkett@foleymansfield.com<br>vtsoong@foleymansfield.com |

☒    **FEDERAL:**   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.  This declaration is executed in Pasadena, California, on **July 10, 2012.**

| Mark Betti | */s/ Mark Betti* |
|---|---|
| *(Print Name)* | *(Signature of Declarant)* |

(PJWx), DISCOVERY, MANADR

# UNITED STATES DISTRICT COURT for the CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles)
## CIVIL DOCKET FOR CASE #: 2:11-cv-01814-CAS-PJW

| | |
|---|---|
| Franciska Susilo v. Wells Fargo Bank NA et al | Date Filed: 03/02/2011 |
| Assigned to: Judge Christina A. Snyder | Jury Demand: Plaintiff |
| Referred to: Magistrate Judge Patrick J. Walsh | Nature of Suit: 220 Real Property: Foreclosure |
| Case in other court: Superior Court of CA Los Angeles County, BC453474 | Jurisdiction: Diversity |
| Cause: 28:1441 Notice of Removal - Breach of Contract | |

**Plaintiff**

**Franciska Susilo**                          represented by    **Roger A S Manlin**
                                                                Roger A S Manlin Law Offices
                                                                4647 Kingswell Avenue No 508
                                                                Los Angeles, CA 90027
                                                                323-953-6789
                                                                Fax: 232-953-6156
                                                                Email: rmanlin@manlinlaw.com
                                                                *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Wells Fargo Bank NA**                       represented by    **Jeremy E Shulman**
*form unknown*                                                  Anglin Flewelling Rasmussen
                                                                Campbell & Trytten LLP
                                                                199 South Los Robles Avenue Suite
                                                                600
                                                                Pasadena, CA 91101-2459
                                                                626-535-1900
                                                                Fax: 626-577-7764
                                                                Email: jshulman@afrct.com
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Robert A Bailey**
                                                                Anglin Flewelling Rasmussen
                                                                Campbell and Trytten LLP
                                                                199 South Los Robles Avenue Suite
                                                                600
                                                                Pasadena, CA 91101-2459
                                                                626-535-1900
                                                                Fax: 626-577-7764
                                                                Email: rbailey@afrct.com
                                                                *ATTORNEY TO BE NOTICED*

**Defendant**

**Wachovia Mortgage FSB**                  represented by   **Jeremy E Shulman**
*formerly known as*                                        (See above for address)
World Savings Bank FSB form                                *ATTORNEY TO BE NOTICED*
unknown

                                                           **Robert A Bailey**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*


**Defendant**

**ETS Services LLC**                       represented by   **Stephen Craig Chuck**
*form unknown*                                             Foley and Mansfield PLLP
                                                           300 South Grand Avenue Suite 2800
                                                           Los Angeles, CA 90071
                                                           213-283-2100
                                                           Fax: 213-283-2101
                                                           Email: schuck@foleymansfield.com
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Tiffany Morgan Birkett**
                                                           Foley and Mansfield PLLP
                                                           300 South Grand Avenue Suite 2800
                                                           Los Angeles, CA 90071
                                                           213-283-2100
                                                           Fax: 213-283-2101
                                                           Email: tbirkett@foleymansfield.com
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Victoria Jane Tsoong**
                                                           Foley & Mansfield PLLP
                                                           300 South Grand Suite 2800
                                                           Los Angeles, CA 90071
                                                           213-283-2100
                                                           Fax: 213-283-2101
                                                           Email: vtsoong@foleymansfield.com
                                                           *ATTORNEY TO BE NOTICED*

**Defendant**

**Shanon De Arman**
*an individual*
*TERMINATED: 04/08/2011*

**Defendant**

**Erica Puentes**
*an individual*
*TERMINATED: 04/08/2011*

**Defendant**

**Carlos Gonzalez**                        represented by   **Stephen Craig Chuck**

*an individual*                                              (See above for address)
*TERMINATED: 05/04/2011*                                    *ATTORNEY TO BE NOTICED*

                                                            **Tiffany Morgan Birkett**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Victoria Jane Tsoong**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**Monique Doe**
*an individual*
*TERMINATED: 04/08/2011*

**Defendant**

**Liz Doe**
*an individual*
*TERMINATED: 04/08/2011*

**Defendant**

**Does**
*1 to 50 inclusive*

**Cross Claimant**

**Wachovia Mortgage**                represented by    **Jeremy E Shulman**
*a division of Wells Fargo Bank NA*                    (See above for address)
*formerly known as*                                    *ATTORNEY TO BE NOTICED*
Wachovia Mortgage FSB
*formerly known as*                                    **Robert A Bailey**
World Savings Bank FSB                                 (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

**Mediator (ADR Panel)**

**ASO Mark Loeterman**
Mark Loeterman Mediation
1925 Century Park East, Suite 2000
Los Angeles, CA 90067
310-556-8300

**Cross Defendant**

**Roes**
*1 to 10 Inclusive*

**Cross Defendant**

**ETS Services LLC**                  represented by    **Stephen Craig Chuck**
*a Delaware Limited Liability Company*                  (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

**Tiffany Morgan Birkett**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Victoria Jane Tsoong**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cross Claimant**

**ETS Services LLC**                    represented by    **Stephen Craig Chuck**
*a Delaware Limited Liability Company*                    (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

**Tiffany Morgan Birkett**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Victoria Jane Tsoong**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Cross Defendant**

**Roes**
*1 through 50, inclusive*

**Cross Defendant**

**Wachovia Mortgage**                    represented by    **Jeremy E Shulman**
*a division of Wells Fargo Bank NA*                       (See above for address)
*Successor*                                               *ATTORNEY TO BE NOTICED*
Wachovia Mortgage FSB
*Erroneously Sued As*                                     **Robert A Bailey**
Wells Fargo Bank NA                                      (See above for address)
*formerly known as*                                      *ATTORNEY TO BE NOTICED*
World Savings Bank FSB

| Date Filed | # | Docket Text |
|---|---|---|
| 03/02/2011 | [1] | NOTICE OF REMOVAL from the Superior Court of CA, Los Angeles County, case number BC453474 with CONFORMED copies of summons and complaint. Case assigned to Judge Christina A. Snyder, discovery to Magistrate Judge Patrick J Walsh; (Filing fee $ 350 PAID ); filed by defendants Wells Fargo Bank NA, Wachovia Mortgage FSB.(esa) (mg). (Entered: 03/03/2011) |
| 03/02/2011 | | SUPERIOR COURT CONFORMED COPY OF FIRST AMENDED COMPLAINT against defendants Shanon De Arman, Liz Doe, Monique Doe, |

| | | |
|---|---|---|
| | | Does 1 to 50, ETS Services LLC, Carlos Gonzalez, Erica Puentes, Wachovia Mortgage FSB, Wells Fargo Bank NA amending Complaint, 1 ,filed by plaintiff Franciska Susilo (esa) (Entered: 03/03/2011) |
| 03/02/2011 | 2 | CERTIFICATION AND NOTICE OF INTERESTED PARTIES filed by defendants Wachovia Mortgage FSB, Wells Fargo Bank NA, identifying Corporate Parent Wells Fargo and Company for Wells Fargo Bank NA; Other Affiliate Wells Fargo Bank NA for Wachovia Mortgage FSB. (esa) (mg). (Entered: 03/03/2011) |
| 03/03/2011 | 3 | CERTIFICATE OF SERVICE filed by Defendant Wachovia Mortgage FSB, *of Initial Filing Documents* served on March 3, 2011. (Shulman, Jeremy) (Entered: 03/03/2011) |
| 03/06/2011 | 4 | NOTICE TO COUNSEL by Judge Christina A. Snyder: This case has been assigned to the calendar of Judge Christina A. Snyder. Counsel are advised that the Court expects strict compliance with the provisions of the Local Rules and the Federal Rules of Civil Procedure. See document for details. (gk) (Entered: 03/07/2011) |
| 03/11/2011 | 5 | CERTIFICATE OF SERVICE filed by Defendant Wachovia Mortgage FSB, Wells Fargo Bank NA, re Order, 4 served on March 11, 2011. (Shulman, Jeremy) (Entered: 03/11/2011) |
| 03/16/2011 | 6 | STIPULATION for Extension of Time to File Response as to Amended Complaint, filed by Defendant Wachovia Mortgage FSB, Wells Fargo Bank NA.(Shulman, Jeremy) (Entered: 03/16/2011) |
| 03/17/2011 | 7 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Stipulation to Extend Time to Respond to First Amended Complaint By Not More Than 30 Days filed 3/16/2011 6 . The following error(s) was found: Incorrect event selected. The correct event is: Stipulations - Extending Time to Answer (More than 30 days). Proposed Order not submitted herewith. Stipulations - Extension of Time to File Response/Reply event was utilized in docketing this filing. Local Rule 8-3 only pertains to an initial Complaint. A First Amended Complaint was filed prior to removal to the District Court. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (gk) (Entered: 03/17/2011) |
| 03/21/2011 | 8 | NOTICE to USDC that State Court Received the Removal Notice filed by Defendant Wachovia Mortgage FSB. (Shulman, Jeremy) (Entered: 03/21/2011) |
| 04/05/2011 | 9 | OF SERVICE filed by Plaintiff Franciska Susilo, *Certificate of Service of Initial Filing Documents on Defendant ETS Services, LLC* served on 3/18/11. (Manlin, Roger) (Entered: 04/05/2011) |
| 04/05/2011 | 10 | *Certification and Notice* of Interested Parties filed by Plaintiff Franciska Susilo, (Manlin, Roger) (Entered: 04/05/2011) |
| 04/08/2011 | 11 | Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c) |

|            |    |                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                       |
|------------|----|-------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|            |    | filed by Plaintiff Franciska Susilo (Manlin, Roger) (Entered: 04/08/2011)                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                            |
| 04/08/2011 | 12 | OF SERVICE filed by Plaintiff Franciska Susilo, *ETS SERVICES, LLC* served on 3/1/2011. (Manlin, Roger) (Entered: 04/08/2011)                                                                                                                                                                                                                                                                                                                                                                                                                                                                                        |
| 04/08/2011 | 13 | NOTICE OF MOTION AND MOTION to Dismiss PLAINTIFF'S FIRST AMENDED COMPLAINT filed by DEFENDANT ETS Services LLC. Motion set for hearing on 5/9/2011 at 10:00 AM before Judge Christina A. Snyder. (Attachments: # 1 Proposed Order Granting Motion to Dismiss Plaintiff's First Amended Complaint)(Tsoong, Victoria) (Entered: 04/08/2011)                                                                                                                                                                                                                                                                               |
| 04/08/2011 | 14 | REQUEST FOR JUDICIAL NOTICE re MOTION to Dismiss PLAINTIFF'S FIRST AMENDED COMPLAINT 13 filed by DEFENDANT ETS Services LLC. (Tsoong, Victoria) (Entered: 04/08/2011)                                                                                                                                                                                                                                                                                                                                                                                                                                                 |
| 04/12/2011 | 15 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Certificate of Service 9 . The following error(s) was found: Incorrect event selected. The correct event is: Service of Summons and Complaint Returned Executed (21 days). In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (vdr) (Entered: 04/13/2011)                                                       |
| 04/15/2011 | 16 | NOTICE OF MOTION AND MOTION to Dismiss First Amended Complaint filed by Defendant Wachovia Mortgage FSB, Wells Fargo Bank NA. Motion set for hearing on 6/6/2011 at 10:00 AM before Judge Christina A. Snyder. (Attachments: # 1 Proposed Order)(Shulman, Jeremy) (Entered: 04/15/2011)                                                                                                                                                                                                                                                                                                                                |
| 04/15/2011 | 17 | NOTICE OF MOTION AND MOTION to Strike Portions of Amended Complaint, filed by Defendant Wachovia Mortgage FSB, Wells Fargo Bank NA. Motion set for hearing on 6/6/2011 at 10:00 AM before Judge Christina A. Snyder. (Attachments: # 1 Proposed Order)(Shulman, Jeremy) (Entered: 04/15/2011)                                                                                                                                                                                                                                                                                                                          |
| 04/15/2011 | 18 | REQUEST FOR JUDICIAL NOTICE re MOTION to Strike Portions of Amended Complaint, 17 , MOTION to Dismiss First Amended Complaint 16 filed by Defendant Wachovia Mortgage FSB, Wells Fargo Bank NA. (Shulman, Jeremy) (Entered: 04/15/2011)                                                                                                                                                                                                                                                                                                                                                                                |
| 04/15/2011 | 19 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Notice of Dismissal Pursuant to FRCivP 41(a) or (c) 11 . The following error(s) was found: Incorrect event selected. The correct event is: Notices - Voluntary Dismissal of Party(ies). The First Amended Complaint names defendant Carlos Gonzalez. This dismissal appears to have a typographical error, and lists Carlo Gonzalez. Clerk has thus terminated defendants Shanon-DeArman, Erica Puentes, Monique Doe and Liz Doe, only. Counsel may re-file or make correction as to Gonzalez. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (vdr) (Entered: 04/18/2011) |
|            |    |                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                       |

| 04/15/2011 | 20 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Notice of Dismissal Pursuant to FRCivP 41(a) or (c) 12 . The following error(s) was found: Incorrect event selected. The correct event is: Service of Summons and Complaint Returned Executed (21 days). Proof of Service (subsequent documents) event utilized in docketing this filing. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (vdr) (Entered: 04/18/2011) |
|---|---|---|
| 04/15/2011 | 21 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Defendant ETS Services, LLC Notice of Motion and Motion to Dismiss PLAINTIFF'S FIRST AMENDED COMPLAINT 13 . The following error(s) was found: Local Rule 7.1-1 No Certification of Interested Parties and or no copies. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (vdr) (Entered: 04/18/2011) |
| 04/18/2011 | 22 | MEMORANDUM in Opposition *to ETS Motion to Dismiss First Amended Complaint* filed by Plaintiff Franciska Susilo. (Manlin, Roger) (Entered: 04/18/2011) |
| 04/28/2011 | 23 | REPLY IN SUPPORT OF MOTION to Dismiss PLAINTIFF'S FIRST AMENDED COMPLAINT 13 filed by Defendant ETS Services LLC. (Tsoong, Victoria) (Entered: 04/28/2011) |
| 05/03/2011 | 25 | MINUTE ORDER IN CHAMBERS by Judge Christina A. Snyder: re: MOTION to Dismiss PLAINTIFF'S FIRST AMENDED COMPLAINT 13 . On the Courts own motion, defendant ETS Services, LLCs Motion to Dismiss Plaintiffs First Amended Complaint is hereby taken under submission. Pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court hereby dispenses with oral argument on the above motion and will decide the motion on the basis of the papers submitted. Therefore, the parties are not to appear before this Court on May 9, 2011 at 10:00 A.M. (rp) (Entered: 05/04/2011) |
| 05/04/2011 | 24 | NOTICE OF DISMISSAL filed by Plaintiff Franciska Susilo pursuant to FRCP 41a(1) as to Carlos Gonzalez. (Manlin, Roger) (Entered: 05/04/2011) |
| 05/16/2011 | 26 | MEMORANDUM in Opposition *to Wells Fargo Bank's Motion to Strike* filed by Plaintiff Franciska Susilo. (Manlin, Roger) (Entered: 05/16/2011) |
| 05/16/2011 | 27 | MEMORANDUM in Opposition *to Wells Fargo Bank's Motion to Dismiss* filed by Plaintiff Franciska Susilo. (Manlin, Roger) (Entered: 05/16/2011) |
| 05/23/2011 | 28 | REPLY in Support of MOTION to Strike Portions of Amended Complaint, 17 , MOTION to Dismiss First Amended Complaint 16 filed by Defendant Wachovia Mortgage FSB. (Shulman, Jeremy) (Entered: 05/23/2011) |
| 05/24/2011 | 29 | MINUTES (IN CHAMBERS): DEFT WACHOVIA'S MOTION TO DISMISS (filed 4/14/11) DEFT WACHOVIA'S MOTION TO STRIKE PORTIONS OF |

|  |  | PLAINTIFF'S FIRST AMENDED COMPLAINT (filed 4/15/11) by Judge Christina A. Snyder: On the Court's own motion, the above-referenced motions are hereby taken under submission. (bp) (Entered: 05/25/2011) |
|---|---|---|
| 06/21/2011 | 30 | MINUTES (IN CHAMBERS) by Judge Christina A. Snyder Re: Wachovia's Motion to Dismiss 16 , Wachovia's Motion to Strike Portions of Plaintiff's First Amended Complaint 17 , and ETS Services, LLC's Motion to Dismiss Plaintiff's First Amended Complaint 13 . The Court's disposition defendants' motions is as follows. Each number signifies the corresponding claim: 1. Negligence: DENIED as to Wells Fargo and GRANTED as to ETS with prejudice. 2. Beach of Contract: DENIED as to Wells Fargo's and GRANTED as to ETS without prejudice. 3. Negligent Misrepresentation: DENIED as to all defendants. 4. Fraud: DENIED as to all defendants. 5. Promissory Fraud: DENIED as to all defendants. 6. Trespass and Conversion: DENIED as to all defendants. 7. Set Aside Trustee's Sale: DENIED as to all defendants. 8. Set Aside Trustee's Deed: DENIED as to all defendants. 9. Wrongful Foreclosure: DENIED as to all defendants. 10 Breach of the Implied Covenant of Good Faith and Fair Dealing: DENIED as to Wells Fargo's and GRANTED as to ETS without prejudice. 11. Violation of Bus. & Prof. Code Section 17200 et seq.: DENIED as to all defendants. Finally, the Court DENIES Wells Fargo's motion to strike. Court Reporter: Not Present. (gk) (Entered: 06/22/2011) |
| 07/06/2011 | 31 | ANSWER to Amended Complaint, filed by Defendant Wachovia Mortgage FSB, Wells Fargo Bank NA.(Shulman, Jeremy) (Entered: 07/06/2011) |
| 07/11/2011 | 32 | MINUTE ORDER IN CHAMBERS SETTING SCHEDULING CONFERENCE by Judge Christina A. Snyder: This matter is set for a Scheduling Conference on August 29, 2011, at 11:00 a.m. **SEE ORDER FOR IMPORTANT INFORMATION** (im) (Entered: 07/11/2011) |
| 07/19/2011 | 33 | ANSWER *TO PLAINTIFF'S FIRST AMENDED COMPLAINT* filed by DEFENDANT ETS Services LLC.(Tsoong, Victoria) (Entered: 07/19/2011) |
| 08/15/2011 | 34 | JOINT REPORT Rule 26(f) Discovery Plan ; estimated length of trial 5-7 days, filed by Defendant ETS Services LLC.. (Tsoong, Victoria) (Entered: 08/15/2011) |
| 08/21/2011 | 35 | DEMAND for Jury Trial filed by Franciska Susilo Franciska Susilo.. (Manlin, Roger) (Entered: 08/21/2011) |
| 08/29/2011 | 36 | MINUTES OF Scheduling Conference held before Judge Christina A. Snyder: Court and counsel confer regarding dates. Counsel are ordered to file a revised joint report. The Scheduling Conference is continued to 11/7/2011 11:00 AM before Judge Christina A. Snyder. Court Reporter: Laura Elias. (gk) (Entered: 09/06/2011) |
| 10/28/2011 | 37 | JOINT REPORT OF PARTIES IN filed by Plaintiff Franciska Susilo (Manlin, Roger) (Entered: 10/28/2011) |
| 11/07/2011 | 38 | MINUTES of Scheduling Conference held before Judge Christina A. Snyder: Court confers with counsel and schedules the following dates. Request for leave to file amended pleadings or to add parties: January 13, 2012. Settlement Conference Completion: March 30, 2012. Discovery Cut-off: March 30, 2012. |

| | | |
|---|---|---|
| | | Last Day to File Motions: May 10, 2012. Telephonic Status Conference re: Settlement (12:00 PM): January 20, 2012. Pretrial Conference/Hearing on Motions in Limine (11:00 AM): July 2, 2012. Jury Trial (9:30 AM): September 4, 2012.Court Reporter: Laura Elias. (kpa) (Entered: 11/08/2011) |
| 11/08/2011 | 39 | ORDER/REFERRAL to ADR Program by Judge Christina A. Snyder: Settlement Designation to be determine no later than 1/20/12. This Court sets a Telephonic conference on 1/20/12, at 12:00 pm at which point they will inform the Court as to which settlement proceeding they wish to utilize. (kpa) (Entered: 11/08/2011) |
| 11/17/2011 | 40 | Summons filed by Plaintiff Franciska Susilo *of Carlos Gonzalez* (Manlin, Roger) (Entered: 11/17/2011) |
| 11/17/2011 | 41 | Summons filed by Plaintiff Franciska Susilo *of Christopher Lee Robertson* (Manlin, Roger) (Entered: 11/17/2011) |
| 11/17/2011 | 42 | Summons filed by Plaintiff Franciska Susilo *of Real Estate Advisors, form unknown* (Manlin, Roger) (Entered: 11/17/2011) |
| 11/17/2011 | 43 | Summons of Advisors, Inc. filed by Plaintiff Franciska Susilo (Manlin, Roger) (Entered: 11/17/2011) |
| 11/17/2011 | 44 | AMENDED DOCUMENT filed by Plaintiff Franciska Susilo. *Second Amended Complaint* (Manlin, Roger) (Entered: 11/17/2011) |
| 11/22/2011 | 45 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Unissued Summons as to Carlos Gonzalez filed 11/17/2011 40 . The following error(s) was found: Second Amended Complaint submitted electronically as document number 44. The docket does not reflect an order granting leave to file a Second Amended Complaint. If appropriate, summonses are to be submitted to the Civil Intake Clerk in the traditional manner for issuance. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (gk) (Entered: 11/23/2011) |
| 11/22/2011 | 46 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Unissued Summons as to Christopher Lee filed 11/17/2011 41 . The following error(s) was found: Second Amended Complaint submitted electronically as document number 44. The docket does not reflect an order granting leave to file a Second Amended Complaint. If appropriate, summonses are to be submitted to the Civil Intake Clerk in the traditional manner for issuance. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (gk) (Entered: 11/23/2011) |
| 11/22/2011 | 47 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Unissued Summons as to Real Estate Advisors filed 11/17/2011 42 . The following error(s) was found: Second Amended Complaint submitted |

| | | |
|---|---|---|
| | | electronically as document number 44. The docket does not reflect an order granting leave to file a Second Amended Complaint. If appropriate, summonses are to be submitted to the Civil Intake Clerk in the traditional manner for issuance. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (gk) (Entered: 11/23/2011) |
| 11/22/2011 | 48 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Unissued Summons as to Advisors, Inc. filed 11/17/2011 43 . The following error(s) was found: Second Amended Complaint submitted electronically as document number 44. The docket does not reflect an order granting leave to file a Second Amended Complaint. If appropriate, summonses are to be submitted to the Civil Intake Clerk in the traditional manner for issuance. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (gk) (Entered: 11/23/2011) |
| 11/22/2011 | 49 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Second Amended Complaint filed 11/17/2011 44 . The following error(s) was found: The docket does not reflect an order granting leave to file a Second Amended Complaint. If appropriate, initiating documents (including amended complaints) should be manually filed, pursuant to General Order 10-07 and Local Rule 3-2. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (gk) (Entered: 11/23/2011) |
| 12/01/2011 | 50 | ANSWER *by Defendant Wachovia to Plaintiff's Second Amended Complaint (Document #44)* filed by Defendant Wachovia Mortgage FSB.(Shulman, Jeremy) (Entered: 12/01/2011) |
| 12/08/2011 | 51 | NOTICE OF MOTION AND MOTION to Dismiss Plaintiff's Second Amended Complaint filed by DEFENDANTS ETS Services LLC, Carlos Gonzalez. Motion set for hearing on 1/9/2012 at 10:00 AM before Judge Christina A. Snyder. (Attachments: # 1 Proposed Order Granting Defendants ETS Services, LLC'S and Carlos Gonzalez' Motion to Dismiss Plaintiff's Second Amended Complaint)(Tsoong, Victoria) (Entered: 12/08/2011) |
| 12/08/2011 | 52 | REQUEST FOR JUDICIAL NOTICE re MOTION to Dismiss Plaintiff's Second Amended Complaint 51 filed by DEFENDANTS ETS Services LLC, Carlos Gonzalez. (Tsoong, Victoria) (Entered: 12/08/2011) |
| 12/08/2011 | 53 | NOTICE OF MOTION AND MOTION to Strike PORTIONS OF PLAINTIFF'S SECOND AMENDED COMPLAINT Amended Document (Non-Motion) 44 filed by DEFENDANTS ETS Services LLC, Carlos Gonzalez. Motion set for hearing on 1/9/2012 at 10:00 AM before Judge Christina A. Snyder. (Attachments: # 1 Proposed Order Granting Defendants |

| | | |
|---|---|---|
| | | Motion to Strike Plaintiff's Second Amended Complaint)(Tsoong, Victoria) (Entered: 12/08/2011) |
| 12/08/2011 | 54 | NOTICE of Interested Parties filed by DEFENDANT Carlos Gonzalez, (Tsoong, Victoria) (Entered: 12/08/2011) |
| 12/15/2011 | 55 | NOTICE OF DISMISSAL filed by Plaintiff Franciska Susilo pursuant to FRCP 41a(1) *Negligence Claim* as to Carlos Gonzalez. (Manlin, Roger) (Entered: 12/15/2011) |
| 12/15/2011 | 56 | NOTICE OF DISMISSAL filed by Plaintiff Franciska Susilo pursuant to FRCP 41a(1) *NEGLIGENCE CLAIM* as to ETS Services LLC. (Manlin, Roger) (Entered: 12/15/2011) |
| 12/19/2011 | 57 | NOTICE OF DISMISSAL filed by Plaintiff Franciska Susilo pursuant to FRCP 41a(1) *as to 2d Claim, 10th Claim* as to ETS Services LLC. (Manlin, Roger) (Entered: 12/19/2011) |
| 12/19/2011 | 58 | NOTICE OF DISMISSAL filed by Plaintiff Franciska Susilo pursuant to FRCP 41a(1) as to Carlos Gonzalez. (Manlin, Roger) (Entered: 12/19/2011) |
| 12/19/2011 | 59 | MEMORANDUM in Opposition *to ETS Services Motion to Dismiss 2nd Amended Complaint* filed by Plaintiff Franciska Susilo. (Manlin, Roger) (Entered: 12/19/2011) |
| 12/21/2011 | 60 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Notice of Dismissal Pursuant to F.R.Civ.P. 41(a) or (c) as to Defendant ETS Services, LLC on the Negligence Cause of Action ONLY filed 12/15/2011 56 . The following error(s) was found: Defendant ETS Services, LLC filed an Answer to the First Amended Complaint on 7/19/2011. Form CV-09 may be submitted for voluntary dismissals in the absence of Answers and Motions for Summary Judgment. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (gk) (Entered: 12/21/2011) |
| 12/22/2011 | 61 | REPLY IN SUPPORT OF MOTION to Dismiss Plaintiff's Second Amended Complaint 51 filed by Defendant ETS Services LLC. (Tsoong, Victoria) (Entered: 12/22/2011) |
| 12/22/2011 | 62 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Notice of Dismissal Pursuant to F.R.Civ.P. 41(a) or (c) as to Defendant ETS Services, LLC on the 2nd Claim for Breach of Contract, 10th Claim for Breach of Implied Covenant of Good Faith and Fair Dealing ONLY filed 12/19/2011 57 . The following error(s) was found: Defendant ETS Services, LLC filed an Answer to the First Amended Complaint on 7/19/2011. Form CV-09 may be submitted for voluntary dismissals in the absence of Answers and Motions for Summary Judgment. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (gk) (Entered: 12/22/2011) |

| 12/29/2011 | 63 | STIPULATION to Dismiss Defendant ETS Services LLC filed by Plaintiff Franciska Susilo. (Attachments: # 1 Proposed Order To Dismiss 2nd and 10th Claims Against ETS)(Manlin, Roger) (Entered: 12/29/2011) |
|---|---|---|
| 01/03/2012 | 64 | (IN CHAMBERS) Order re: Defendant ETS' Motion to Dismiss 51 and Motion to Strike Plaintiff's Second Amended Complaint 53 ; and Parties' Stipulation to Dismiss Plaintiff's Second and Tenth Claims Against Defendant ETS Services, LLC 63 by Judge Christina A. Snyder: Court DENIES ETS' s motion to dismiss plaintiff's claim for aiding and abetting and conspiracy to defraud. ETS's motion to dismiss is DENIED as to plaintiff's claims for negligent misrepresentation, fraud, promissory fraud, trespass and conversion, to set aside the trustee sale, to set aside the trustee's deed, wrongful foreclosure, aiding and abetting and conspiracy for defraud, and violations of California's UCL. Because plaintiff voluntarily dismissed defendant Gonzalez from this action and voluntarily dismissed or stipulated to dismissal of the remaining claims for negligence, breach of contract, and breach of the implied covenant of good faith and fair dealing, ETS's motion to dismiss as to defendant Gonzalez and those claims is DENIED as moot. Finally, ETS's motion to strike plaintiff's negligence claim is DENIED as moot. (Please see order for details.) (kpa) (Entered: 01/03/2012) |
| 01/18/2012 | 65 | ANSWER *TO PLAINTIFF'S SECOND AMENDED COMPLAINT* filed by DEFENDANT ETS Services LLC.(Tsoong, Victoria) (Entered: 01/18/2012) |
| 01/20/2012 | 66 | MINUTES OF Telephonic Status Conference Re Settlement held before Judge Christina A. Snyder: The Court confers with counsel. The Court refers the action to the ADR Program. The Court sets a Telephonic Further Status Conference re: Settlement on 3/2/2012 12:00 PM before Judge Christina A. Snyder. All parties are ordered to discuss the matter with their clients and opposing counsel prior to the telephone conference. Counsel for PLAINTIFF is ordered to initiate the telephone conference call THROUGH THE TELEPHONE OPERATOR to include all counsel of record, and CHAMBERS. Court Reporter: Not Present. (gk) (Entered: 01/20/2012) |
| 01/20/2012 | 67 | ORDER/REFERRAL to ADR Procedure No 2 by Judge Christina A. Snyder, ordering case to a neutral selected from the courts Mediation Panel for mediation. Status Conference set for 3/2/2012 12:00 PM before Judge Christina A. Snyder. (gk) (Entered: 01/23/2012) |
| 02/17/2012 | 68 | STIPULATION for Extension of Time to File Defendant filed by Defendant Wachovia Mortgage FSB, Wells Fargo Bank NA. (Attachments: # 1 Proposed Order Order Granting Stipulation to Extend Time to File Cross-Complaint) (Shulman, Jeremy) (Entered: 02/17/2012) |
| 02/17/2012 | 69 | STIPULATION REGARDING SELECTION of Panel Mediator filed. Parties stipulate that Mark Loeterman may serve as Panel Mediator. Plaintiff obtained the Panel Mediators consent to serve. Filed by Defendant ETS Services LLC (Tsoong, Victoria) (Entered: 02/17/2012) |
| 02/17/2012 | 70 | MINUTES (IN CHAMBERS) by Judge Christina A. Snyder: On the Court's own motion, the Telephonic Further Status Conference re: Settlement is advanced to 2/27/2012 12:00 PM before Judge Christina A. Snyder. All parties |

| | | |
|---|---|---|
| | | are ordered to discuss the matter with their clients and opposing counsel prior to the telephone conference. Counsel for PLAINTIFF is ordered to initiate the telephone conference call THROUGH THE TELEPHONE OPERATOR. Court Reporter: Not Present. (gk) (Entered: 02/21/2012) |
| 02/21/2012 | 71 | ORDER GRANTING STIPULATION TO EXTEND TIME TO FILE CROSSCOMPLAINT by Judge Christina A. Snyder 68 . The time for defendants Wachovia and ETS Services, LLC to file crosscomplaints against one another for indemnification and/or contribution is extended to March 30, 2012. (im) (Entered: 02/21/2012) |
| 02/21/2012 | 72 | NOTICE OF ASSIGNMENT of Panel Mediator. Mediator (ADR Panel) Mark Loeterman has been assigned to serve as Panel Mediator. (mb) (Entered: 02/21/2012) |
| 02/27/2012 | 73 | MINUTES OF Telephonic Further Status Conference Re Settlement held before Judge Christina A. Snyder: The Court confers with counsel. The Court orders counsel to meet and confer regarding dates. Thereafter, counsel shall submit a Stipulation and Proposed Order continuing dates, with the trial continuance to be no more than 30 days. The Court continues the Telephonic Further Status Conference re: Settlement to 5/21/2012 12:00 PM before Judge Christina A. Snyder. All parties are ordered to discuss the matter with their clients and opposing counsel prior to the telephone conference. Counsel for PLAINTIFF is ordered to initiate the telephone conference call THROUGH THE TELEPHONE OPERATOR to include all counsel of record, and CHAMBERS. Court Reporter: Not Present. (gk) (Entered: 03/06/2012) |
| 03/08/2012 | 74 | STIPULATION to Continue TRIAL from September 4, 2012 to October 2, 2012 filed by DEFENDANT ETS Services LLC. (Attachments: # 1 Proposed Order re Stipulation to Continue Trial and Trial Related Dates)(Tsoong, Victoria) (Entered: 03/08/2012) |
| 03/08/2012 | 75 | ORDER RE: STIPULATION TO CONTINUE TRIAL AND TRIAL RELATED DATES by Judge Christina A. Snyder: Upon Stipulation 74 , the Court ORDER as follows: Jury Trial is continued to 10/2/2012 09:30 AM before Judge Christina A. Snyder. Pretrial Conference/Motions in Limine hearing date is continued to 9/10/2012 11:00 AM before Judge Christina A. Snyder. Motions due by 7/30/2012. Discovery cut-off 6/15/2012. (gk) (Entered: 03/08/2012) |
| 03/30/2012 | 76 | CROSS-COMPLAINT OF ETS SERVICES, LLC (RE:PLAINTIFF'S SECOND AMENDED COMPLAINT) filed by Defendant ETS Services LLC (Tsoong, Victoria) (Entered: 03/30/2012) |
| 03/30/2012 | 77 | CROSS-COMPLAINT filed by Defendant Wachovia Mortgage FSB *Against ETS Services, LLC* (Shulman, Jeremy) (Entered: 03/30/2012) |
| 04/03/2012 | 78 | CROSSCLAIM against Cross Defendants ETS Services LLC, Roes filed by Cross Claimant Wachovia Mortgage.(lom) (lom). (Entered: 04/04/2012) |
| 04/04/2012 | 79 | CROSSCLAIM against Cross Defendants Wachovia Mortgage, Roes filed by Crossclaimant ETS Services LLC. (lom) (lom). (Entered: 04/05/2012) |
| | | |

| | | |
|---|---|---|
| 04/09/2012 | 80 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Cross-Complaint of ETS Services, LLC filed 3/30/2012 76 . The following error(s) was found: Duplicative electronic filing of pleading manually filed 4/4/2012, document number 79. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (gk) (Entered: 04/09/2012) |
| 04/09/2012 | 81 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Wachovia Mortgage's Cross-Complaint filed 3/30/2012 77 . The following error(s) was found: Duplicative electronic filing of pleading manually filed 4/3/2012, document number 78. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (gk) (Entered: 04/09/2012) |
| 04/20/2012 | 82 | ANSWER to Crossclaim 79 *to Cross-Complaint of ETS Services, LLC* filed by Cross-Defendant Wachovia Mortgage.(Shulman, Jeremy) (Entered: 04/20/2012) |
| 04/20/2012 | 83 | ANSWER to Crossclaim 78 filed by DEFENDANT AND CROSS-DEFENDANT ETS Services LLC.(Tsoong, Victoria) (Entered: 04/20/2012) |
| 05/07/2012 | 84 | MEDIATION REPORT Filed by Mediator (ADR Panel) Mark Loeterman: Mediation held on May 7, 2012. The parties are unable to reach an agreement at this time.(mb) (Entered: 05/07/2012) |
| 05/17/2012 | 85 | NOTICE filed by DEFENDANT ETS Services LLC. *NOTICE OF BANKRUPTCY AND EFFECT OF AUTOMATIC STAY* (Tsoong, Victoria) (Entered: 05/17/2012) |
| 05/21/2012 | 86 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Notice of Bankruptcy and Effect of Automatic Stay filed 5/17/2012 85 . The following error(s) was found: Incorrect event selected. The correct event is: Notices - Filing Bankruptcy (non-bankruptcy appeal). Notice (Other) event utilized for docketing this filing. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (gk) (Entered: 05/22/2012) |
| 05/21/2012 | 87 | MINUTES OF Telephonic Further Status Conference Re Settlement held before Judge Christina A. Snyder: The Court confers with counsel. Counsel notify the Court that defendant/cross-defendant/cross claimant ETS SERVICES, LLC has filed a Chapter 11 Bankruptcy Petition on or about 5/14/2012. IT IS FURTHER ORDERED that the above-referenced action is hereby stayed as to defendant/cross-defendant/cross claimant ETS SERVICES, LLC. Counsel for plaintiff and cross-claimant shall file a quarterly status report commencing on 9/5/2012. The Court extends the discovery cutoff to 7/15/2012 and the motion cutoff to 7/30/2012. Counsel shall submit a Stipulation and |

| | | |
|---|---|---|
| | | Proposed Order re: Discovery, as discussed with the Court. The remaining parties in the action are still undergoing settlement discussions. The Court continues the Telephonic Further Status Conference re: Settlement to 6/11/2012 12:00 PM before Judge Christina A. Snyder, as to the remaining active parties. All parties are ordered to discuss the matter with their clients and opposing counsel prior to the telephone conference. Counsel for PLAINTIFF is ordered to initiate the telephone conference call THROUGH THE TELEPHONE OPERATOR to include all counsel of record, and CHAMBERS. Court Reporter: Not Present. (gk) (Entered: 05/22/2012) |
| 06/05/2012 | 88 | STIPULATION to Compel Deposition of Plaintiff Franciska Susilo filed by Defendant Wachovia Mortgage FSB. (Attachments: # 1 Proposed Order Order Setting Plaintiff's Deposition for June 28, 2012)(Shulman, Jeremy) (Entered: 06/05/2012) |
| 06/06/2012 | 89 | ORDER by Magistrate Judge Patrick J. Walsh, GRANTING Stipulation Re: Plaintiff's June 28, 2012 Deposition, 88 . (ca) (Entered: 06/06/2012) |
| 06/11/2012 | 90 | MINUTES OF TELEPHONIC FURTHER Status Conference re: Settlement held before Judge Christina A. Snyder. The Court continues the Telephonic Further Status Conference re: Settlement to 6/26/2012 at 12:30 P.M.(Noon), as to the remaining active parties. All parties are ordered to discuss the matter with their clients and opposing counsel prior to the telephone conference. (READ ORDER CAREFULLY) (ys) (Entered: 06/12/2012) |
| 06/26/2012 | 91 | MINUTES OF Telephone Conferencic Further Status Conference Re Settlement held before Judge Christina A. Snyder: The Court confers with counsel and the parties are at a standstill. No settlement reached. In light of the parties efforts with settlement discussions, the Court will consider the parties' Stipulation and Proposed Order continuing the dates in the action by no more than 60 days. Court Reporter: Rosalyn Adams. (gk) (Entered: 07/02/2012) |
| 07/09/2012 | 92 | STIPULATION to Continue Trial from October 2, 2012 to December 4, 2012 filed by Defendant Wachovia Mortgage FSB, Wells Fargo Bank NA. (Attachments: # 1 Proposed Order Order Granting Stipulation to Continue Trial and Related Dates)(Shulman, Jeremy) (Entered: 07/09/2012) |
| 07/10/2012 | 93 | ORDER GRANTING STIPULATION 92 TO CONTINUE TRIAL AND RELATED DATES by Judge Christina A. Snyder. The Court ORDERS as follows: Jury Trial is continued to 12/4/2012 at 09:30 AM; Pretrial Conference continued to 11/5/2012 at 11:00 AM; dispositive motion cut-off is continued to 9/28/2012. Discovery cut-off is continued to 9/17/2012. (ys) (Entered: 07/11/2012) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 07/17/2012 06:07:10 | | |
| **PACER Login:** | sr0245 | **Client Code:** 062108-0430 |
| | Docket | **Search** 2:11-cv-01814-CAS-PJW |

| Description: | Report | Criteria: | End date: 7/17/2012 |
|---|---|---|---|
| Billable Pages: | 12 | Cost: | 1.20 |