UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, *et al.*,<br><br>Debtors. | Case No. 12-12020 (MG)<br><br>Chapter 11<br><br>Jointly Administered |

### DECLARATION OF KANCHANA WANGKEO LEUNG IN SUPPORT OF MOTION OF THE FEDERAL HOUSING FINANCE AGENCY PURSUANT TO THE JULY 11, 2012 ORDER OF THE HONORABLE DENISE L. COTE SEEKING LIMITED DISCOVERY FROM THE DEBTORS AND, IF NECESSARY TO THAT PURPOSE, RELIEF FROM THE AUTOMATIC STAY

I, Kanchana Wangkeo Leung, hereby declare, pursuant to 28 U.S.C. § 1746, that the following is true and correct to the best of my knowledge, information and belief:

1. I am a member of the law firm of Kasowitz, Benson, Torres & Friedman LLP, counsel for Federal Housing Finance Agency ("FHFA"), as Conservator for the Federal Home Loan Mortgage Corporation.

2. I make this declaration in further support of *Motion of the Federal Housing Finance Agency Pursuant to the July 11, 2012 Order of the Honorable Denise L. Cote Seeking Limited Discovery from the Debtors and, if Necessary to That Purpose, Relief from the Automatic Stay.*

3. Annexed hereto as **Exhibit A** is a true and correct copy of Plaintiff FHFA's Proposed Sampling Protocol dated February 29, 2012 in the coordinated actions before the Honorable Denise L. Cote, Case Nos. 11 Civ. 5201, 11 Civ. 6188, 11 Civ. 6189, 11 Civ. 6190, 11 Civ. 6192, 11 Civ. 6193, 11 Civ. 6195, 11 Civ. 6196, 11 Civ. 6198, 11 Civ. 6200, 11 Civ. 6201, 11 Civ. 6202, 11 Civ. 6203, 11 Civ. 6739, 11 Civ. 6739, 11 Civ. 7010, 11 Civ. 7048 (the

"FHFA Coordinated Actions").

4. Annexed hereto as **Exhibit B** is a true and correct copy of the relevant excerpts of the hearing transcript before the Honorable Denise L. Cote in the FHFA Coordinated Actions (S.D.N.Y. May 14, 2012).

5. Annexed hereto as **Exhibit C** is a true and correct copy of an Order, dated July 9, 2012, of the Honorable Denise L. Cote in *Federal Housing Finance Agency v. UBS Americas Inc.*, Case No. 11 Civ. 05201 (DLC) (S.D.N.Y. July 9, 2012) [Docket No. 114].

6. Annexed hereto as **Exhibit D** is a true and correct copy of an Order, dated May 8, 2012, of the Honorable Denise L. Cote in the FHFA Coordinated Actions (S.D.N.Y. May 8, 2012) [1] [Docket No. 69].

7. Annexed hereto as **Exhibit E** is a true and correct copy of an Order, dated May 15, 2012, of the Honorable Denise L. Cote in the FHFA Coordinated Actions (S.D.N.Y. May 15, 2012) [Docket No. 75].

8. Annexed hereto as **Exhibit F** is a true and correct copy of the Responses and Objections by Defendants Ally Financial, Inc. and GMAC Mortgage Group, LLP to Plaintiff FHFA's First Request for the Production of Documents, dated June 18, 2012 and served on FHFA in the action *Federal Housing Finance Agency, as Conservator for the Federal Home Loan Mortgage Corporation v. Ally Financial Inc. f/k/a GMAC, LLC et al.*, Case No. 11 Civ. 7010 (DLC) (S.D.N.Y.).

9. Annexed hereto as **Exhibit G** is a true and correct copy of the Declaration of Jeffrey Lipps, dated May 24, 2012 filed in *Residential Capital, LLC et al. v. Allstate Ins. Co. et*

---

[1] Judge Cote dockets orders in the first-filed FHFA Coordinated Action, *Federal Housing Finance Agency v. UBS Americas Inc.*, 11 Civ. 5201 (DLC), including orders that are applicable to one or more of the FHFA Coordinated Actions.

2

*al.*, Adv. Proc. No. 12-01671 [Adv. Pro. Docket No. 6].

10. Annexed hereto as **Exhibit H** is a true and correct copy of my letter, dated July 2, 2012, to the Honorable Denise L. Cote.

11. Annexed hereto as **Exhibit I** is a true and correct copy of the letter, dated July 6, 2012, from Reginald R. Goeke to the Honorable Denise L. Cote.

12. Annexed hereto as **Exhibit J** is a true and correct copy of the relevant excerpts of the hearing transcript before the Honorable Denise L. Cote in the FHFA Coordinated Actions (S.D.N.Y. July 11, 2012).

13. Annexed hereto as **Exhibit K** is a true and correct copy of an Order, dated July 11, 2012, of the Honorable Denise L. Cote in *Federal Housing Finance Agency v. UBS Americas, Inc.*, Case No. 11 Civ. 05201 (DLC) (S.D.N.Y. July 11, 2012) [Docket No. 118].

14. Annexed hereto as **Exhibit L** is a true and correct copy of Declaration of Jeffrey Blaschko in Support of Defendants' Opposition to Plaintiffs' Motion for Remand dated December 2, 2011, filed in *Federal Housing Finance Agency, as Conservator for the Federal Home Loan Mortgage Corporation v. Ally Financial Inc. f/k/a GMAC, LLC et al.*, Case No. 11 Civ. 7010 (DLC) (S.D.N.Y. Dec. 2, 2011) [Docket No. 63].

15. The FHFA Case is one of 18 similar securities actions brought by FHFA; 16 are in New York. The 16 cases, including the FHFA Case, have been assigned to Judge Cote.

16. On February 29, 2012, FHFA filed its sampling proposal in which it described two tools for drawing a statistically valid random sample, i.e., stratification and clustering, and its need to examine data from loan tapes and originator information. (Exhibit A). A loan tape is a data file that typically takes the form of an Excel spreadsheet containing approximately 50-60 data fields regarding characteristics for each loan in the securitization. The final closing loan

tapes delivered to the trustees for the securitizations are generally the last and most updated versions of loan tapes generated and used during the securitization process. *See id.* at 8 n.6. FHFA explained that, upon examining the data obtained from loan tapes and the originator information, it would consider stratifying each sample based on factors (such as reported loan-to-value ratios) and would determine the propriety of clustering at that time. The analysis of the sample of loans could then be extrapolated to the population. FHFA also informed the District Court that it would be prepared to propose specific sample selection criteria for the samples in each FHFA Coordinated Action after it had received loan tapes and originator information. *See id.* at 11. Defendants failed to submit a counter-proposal at that time.

17. Judge Cote held a scheduling conference on May 14, 2012, at which she addressed the importance of sampling and the loan tapes in that process. (Exhibit B, Tr. 37:22-38:6)

18. To facilitate the development of sampling protocols, the District Court entered orders (the "Loan Tape Orders") on May 8 and May 15, 2012, directing defendants to provide FHFA no later than June 8, 2012 with the "final closing loan tapes provided to Trustees and the information sufficient to identify originators of each loan" (together, "Loan Tapes"). (Exhibits D, E.) Over the ensuing month, several Non-Affiliate Defendants produced certain Loan Tapes, which cover 16 out of the 21 Securitizations. However, the majority of the produced Loan Tapes contain data deficiencies that make them insufficient for FHFA's sampling expert to develop a sampling protocol. For example, there is information missing about originators and loan group identifiers and there are material discrepancies between the data in the spreadsheets and the loan information in the prospectus supplements for the Certificates.

19. AFI and GMACM failed to produce any Loan Tapes and justified their non-

4

compliance with the Loan Tape Orders by asserting that "the loan tapes and information identifying the originators of each loan *may be* in the possession of the bankruptcy estate, and subject to the automatic stay in the proceeding. . . ." (Exhibit F.) (emphasis added). The Debtors have represented to this Court that they have ready access to the Loan Tapes responsive to the Loan Tape Orders. In support of the Stay Motion, Jeffrey Lipps, counsel for several of the Debtors, declared that "[o]nly the debtor entities have the *ready access* to information responsive to Judge Cote's Order: it is the debtor ResCap that maintains the loan-level data, and debtor ResCap personnel that must research and query debtor ResCap systems to pull together that type of information." (Exhibit G ¶ 67) (emphasis added).

20. On July 2, 2012, FHFA sent a letter to Judge Cote requesting permission to file a motion to compel the production by AFI and GMACM of (1) the final closing loan tapes for the 21 Securitizations that are the subject of the FHFA Case and (2) information sufficient to identify originators of each underlying loan (Exhibit H). In response, AFI and GMACM argued, among other things, that the automatic stay precludes them from obtaining loan tapes and originator information from the Debtors. (Exhibit I).

21. On July 11, 2012, Judge Cote held a conference with counsel for FHFA, the Debtors, AFI/GMACM, Ally Securities and the Non-Affiliated Defendants (the "July 11 Conference") to discuss production of the loan tapes and originator information. Judge Cote emphasized the importance of ensuring that discovery progress. (Exhibit J at 7:19-8:4.)

22. On July 11, 2012, Judge Cote issued an Order consistent with her determinations at the July 11, 2012 Conference. That Order provides that "[o]n the assumption that the tapes and information are, as defendants claim, in the physical possession of Ally's bankrupt subsidiary, Residential Capital LLC," then "FHFA is directed to make its application for access

5

to the tapes and originator information in the first instance to the Bankruptcy Court" and "Ally shall fully cooperate with FHFA in this application." (Exhibit K.)

I declare that the statements set forth above are true and correct to the best of my knowledge, information and belief.

Dated: New York, New York
       July 17, 2012

_____
Kanchana Wangkeo Leung