**EXHIBIT F**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
:
:
:
FEDERAL HOUSING FINANCE AGENCY, AS :
CONSERVATOR FOR THE FEDERAL :  11 Civ. 7010 (DLC)
NATIONAL MORTGAGE ASSOCIATION AND :
THE FEDERAL HOME LOAN MORTGAGE :  ECF Case
CORPORATION, :
:
                 Plaintiff, :
            -v-. :
:
:
ALLY FINANCIAL INC. f/k/a GMAC LLC, *et al.,* :
                 Defendants. :
:
------------------------------------------------------------------- x

**RESPONSES AND OBJECTIONS BY DEFENDANTS
ALLY FINANCIAL INC. AND GMAC MORTGAGE GROUP, LLP
TO PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS**

      Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Southern District of New York, and any other applicable rules, Defendants Ally Financial Inc. ("AFI") and GMAC Mortgage Group, LLC ("GMACM Group") submit these responses and objections to Plaintiff FHFA's First Request for the Production of Documents, dated May 18, 2012 (the "Requests").

**PRELIMINARY STATEMENT**

      1.     These responses and objections (the "Responses") are based upon AFI's and GMACM Group's present knowledge, information, and belief, and upon documents currently in the possession, custody or control of AFI and GMACM Group as a result of a reasonable search. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, AFI and GMACM Group reserve

the right to alter or supplement these responses upon subsequent discovery of additional documents or evidence of any additional facts.

2. AFI's and GMACM Group's failure to object to a Request on any particular ground does not constitute a waiver of their right to object on that ground or any additional ground at any time. The reference in any of the Responses to another Response is intended to include and to fully incorporate all of the qualifications, explanations, and objections stated in the referenced Response.

3. AFI's and GMACM Group's response to a Request shall not be construed as an admission of the truth or relevancy of any statement or characterization in that Requests.

4. AFI's and GMACM Group's response to a Request shall not be construed as an admission that the Request calls for information that is relevant to the claims and defenses in this action. AFI's and GMACM Group reserve the right to challenge the competency, relevance, materiality, and admissibility of any document produced in response to these Interrogatories at trial of this or any other action, or at any subsequent proceeding in this or any other action.

5. AFI's and GMACM Group's failure to object to a Request on a particular ground shall not be construed as a waiver of its right to object to that Request on that ground or any additional ground at any time.

6. AFI's and GMACM Group's statement that they will produce documents in response to a Request does not constitute an admission that such documents exist or that either AFI or GMACM Group actually has such documents in its possession, custody, or control.

7. If AFI or GMACM Group states that it will produce documents in response to a Request, and Plaintiff refuses to produce documents in response to an analogous request, AFI

and GMACM Group reserve the right to withhold production until such time as a mutual agreement is reached or an order issued resolving the matter.

8. AFI and GMACM Group are willing to meet and confer with Plaintiff regarding these Responses.

## GENERAL OBJECTIONS

Each of these Responses is made subject to and incorporates by reference the following General Objections. The reassertion of or reference to a specific General Objection in the Responses shall not be construed as a waiver of any General Objections not stated specifically therein.

1. AFI and GMACM Group are responding only on behalf of themselves and not on behalf of any parent, affiliate, or subsidiary.

2. AFI and GMACM Group object to the Requests to the extent that they purport to impose burdens or obligations on AFI and GMACM Group that are broader than or inconsistent with the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Southern District of New York ("Local Rules"), any order entered in or applicable to the Action, or any other applicable law or rule governing the discovery process in this Action.

3. AFI and GMACM Group object to the Requests to the extent that they are overbroad, unduly burdensome, and oppressive in that they purport to require production of "all" documents under circumstances in which a subset of documents would be sufficient and seek the production of documents that are not reasonably calculated to lead to the discovery of admissible evidence.

4. AFI and GMACM Group object to the Requests to the extent that they are cumulative or duplicative of other Interrogatories or discovery requests, and/or seek information

obtainable from other more convenient or less burdensome or expensive sources, including public sources.

5.      AFI and GMACM Group object to the Requests as overly broad and unduly burdensome to the extent that they seek information outside the date range from which Plaintiff's allegations in this action arise.

6.      AFI and GMACM Group object to the Requests to the extent that they seek the production of documents that are subject to the attorney-client privilege, the attorney work product doctrine, the self-investigative privilege, the joint defense privilege, the common interest privilege, or any other privilege or immunity recognized by the Federal Rules of Civil Procedure, federal statute, or any other applicable federal or state rule or law.  To the extent any privileged or protected document is produced, the production will have been inadvertent and should not be deemed a waiver of any privilege or protection from production.  AFI and GMACM Group reserve the right to demand that Plaintiff return or destroy any privileged or protected documents in accordance with the Protective Order entered in this action on May 30, 2012 (Dkt. No. 92).

7.      AFI and GMACM Group object to the Requests to the extent that they seek production of documents containing confidential commercial, business, financial, or competitively sensitive information or any other proprietary information, or information protected by the privacy or confidentiality laws, provisions, or regulations of any domestic or foreign jurisdiction, including without limitation: (1) personal and confidential information concerning AFI's and GMACM Group's present or former clients, agents, advisors, attorneys, consultants, representatives, officers, and/or employees; (2) information subject to a confidentiality agreement; or (3) nonpublic personal information relating to borrowers on

4

mortgage loans. Such documents and information will be produced only pursuant to the Protective Order.

8. AFI and GMACM Group object to the Requests to the extent that they seek information that would violate the privacy rights of individual AFI or GMACM Group employees, to the extent such privacy rights are protected by law, contract, or public policy.

9. AFI and GMACM Group object to the Requests to the extent that they seek disclosure of documents not within the possession, custody, or control of AFI and GMACM, or already in the possession, custody, or control of Plaintiff.

10. AFI and GMACM Group object to the Requests to the extent that they purport to require AFI to conduct anything beyond a reasonable and diligent search for readily accessible documents – including electronically stored information ("ESI") – from readily accessible sources wherein responsive documents reasonably would be expected to be found, or otherwise would impose unreasonable search costs and burdens or that would exceed AFI's and GMACM Group's obligations under the applicable rules.

11. AFI and GMACM Group object to the Requests to the extent that they purport to require the production of documents involving any transactions other than the specific securitizations identified in the Amended Complaint in the action captioned *Federal Housing Finance Agency v. Ally Financial Inc., et al.*, No. 11 Civ. 7010 (DLC),

12. AFI and GMACM Group object to the Requests to the extent that they are oppressive and unduly burdensome in that they demand the production of documents on or before June 14, 2012. This is an insufficient period of time in which to respond to Plaintiff's Requests, and thus purports to impose upon AFI and GMACM Group a burden violative of

5

Federal Rule of Civil Procedure 34(b)(1)(B), which states that document request "must specify a reasonable time, place, and manner" for the inspection of documents.

13. AFI and GMACM Group object to the Requests to the extent that they purport to require AFI and GMACM Group to search for and produce documents in the possession, custody, and control of another party, including but not limited to subsidiaries and affiliates of AFI and GMACM Group. Such parties are not within AFI's and GMACM Group's control, and to the extent that a Request seeks such disclosure, it is improper, burdensome, and oppressive.

14. AFI and GMACM Group object to the Requests to the extent that they call for information or documents in the possession, custody or control of Residential Accredit Loans, Inc., Residential Funding Company, LLC, or any of the other debtors in the bankruptcy proceeding titled *In re Residential Capital, LLC*, No. 12-12020 (MG), in the United States Bankruptcy Court for the Southern District of New York, including those debtors that are parties to this action. Compliance with such a Request would violate 11 U.S.C. § 362(a)(3), which operates to stay automatically any effort by any entity, including AFI and GMACM Group, to obtain or exercise control over information or documents in these debtors' possession, custody, or control.

15. AFI and GMACM Group object to the Requests to the extent that they purport to require the production of documents that are publicly available or already in Plaintiff's possession, custody or control.

16. AFI and GMACM Group object to the Requests to the extent that they purport to impose an obligation to preserve and/or produce any information or documents that are newly created or received after the receipt of the Requests because efforts to preserve and/or produce such documents or information would be unduly burdensome and require unreasonable expense.

6

17. AFI and GMACM Group object to the Requests as overly broad and unduly burdensome in that they are not limited by any reasonable time period.

18. AFI and GMACM Group object to the Requests to the extent that they purport to require AFI and GMACM Group to search for and collect ESI without the use of search terms or a targeted set of custodians. In accordance with the Stipulation Regarding Electronic Discovery entered by the Court on February 6, 2012 (Dkt. 54) ("ESI Stipulation"), and subject to the reservations of rights detailed therein, AFI and GMACM Group will not search for ESI that is amenable to collection through the use of search terms by any other method. Further, AFI and GMACM Group will search for and produce responsive, non-privileged documents only pursuant to a bilateral search protocol.

19. AFI and GMACM Group object to the Requests to the extent that they seek to obligate AFI and GMACM Group to create documents for production to Plaintiff. Such Requests exceed the scope of permissible discovery under Federal Rule of Civil Procedure 34.

## DEFINITIONS

1. AFI and GMACM Group object to Plaintiff's definition of the term "Document" to the extent that it exceeds the scope of Local Civil Rule 26.3(c). In responding to these Requests, AFI and GMACM Group shall apply the definition set forth in Local Civil Rule 26.3(c).

2. AFI and GMACM Group object to Plaintiff's definition of the term "Loan Origination Files" as vague, ambiguous, and overly broad. The phrase "documents that are maintained through the life of the loan" – a period that could be several decades long – expands the definition of that term well beyond the customary industry definition of a "loan origination file." Further, the definition exceeds the scope of the parties' agreed definition of "loan

origination file" in the ESI Stipulation. In responding to these Requests, AFI and GMACM Group shall apply the definition of "loan origination file" set out in the ESI Stipulation, which is coextensive with the customary industry definition of that term.

3. AFI and GMACM Group object to Instruction No. 18 to the extent that it is inconsistent with the ESI Stipulation, which allows the parties to omit from production exact duplicates of documents and to de-duplicate e-mails so as to produce only the most complete iteration of an e-mail chain. *See* ESI Stipulation § IV.

4. AFI and GMACM Group object to Instruction No. 19 as purporting to impose obligations beyond those required by the Federal Rules of Civil Procedure and other applicable rules. Federal Rule of Civil Procedure 34 places the burden to "describe with reasonable particularity each item or category of items to be inspected" squarely upon the proponent of a document request, not upon the recipient. Accordingly, in responding to the Requests, AFI and GMACM Group will not speculate as to how one might render any overly broad document requests propounded by Plaintiff "not overbroad in your opinion."

5. AFI and GMACM Group object to Instruction No. 19 as overly broad and unduly burdensome to the extent that it purports to require anything more than a reasonable search for responsive information, or require supplemental productions after the close of fact discovery in this action.

6. AFI and GMACM Group object to Instruction No. 20 as purporting to impose obligations beyond those required by the Federal Rules of Civil Procedure and other applicable rules. AFI and GMACM Group will supplement their disclosures and responses in accordance with Federal Rule of Civil Procedure 26(e), not Plaintiff's inaccurate summary of the requirements articulated therein.

8

7. AFI and GMACM Group object to Instruction No. 22 as unduly burdensome to the extent that it purports to require AFI and GMACM Group to produce duplicates of documents produced by other parties, and thus to produce documents already in Plaintiff's possession, custody, and control. AFI and GMACM Group reserve the right pursuant to Federal Rule of Civil Procedure 26(b)(2)(C) to object to this demand where production of a duplicative document would be "unreasonably cumulative or duplicative" and/or would "outweigh[] its likely benefit" to the case.

8. AFI and GMACM Group object to Instruction No. 23 as purporting to impose obligations beyond those required by the Federal Rules of Civil Procedure and other applicable rules. Federal Rule of Civil Procedure 34(b)(2)(E)(i) provides that a party may <u>either</u> produce documents as they are kept in the usual course of business <u>or</u> organize and label the documents to correspond to the categories in the requests. Further, Instruction No. 23 squarely contradicts Instruction No. 21, which requires production of documents "as they are kept in the ordinary course of business." AFI and GMACM Group reserve the right to produce documents in either of the allowed formats as appropriate under the circumstances.

9. AFI and GMACM Group object to Instruction No. 25 to the extent that it exceeds the scope of what is required to assert privilege pursuant to Local Civil Rule 26.2. AFI and GMACM Group also object to Plaintiff's demand that privilege and redaction logs be "produced contemporaneously with the documents responsive to this request" as unreasonable and unduly burdensome given the enormously broad scope of Plaintiff's Requests. AFI and GMACM Group are willing to meet and confer with Plaintiff regarding a mutually agreeable schedule for the exchange of privilege and redaction logs.

9

10. AFI and GMACM Group object to Instruction No. 26 as purporting to impose obligations beyond those required by the Federal Rules of Civil Procedure and other applicable rules and as unduly burdensome. Plaintiff's requirement that AFI and GMACM Group provide a "written statement" for any lost or destroyed documents is inconsistent with and/or not authorized by the applicable rules.

11. AFI and GMACM Group object to Instruction No. 32 as purporting to impose obligations beyond those required by the Federal Rules of Civil Procedure and other applicable rules and as unduly burdensome.

## SPECIFIC OBJECTIONS

Subject to and without waiving the General Objections, which are incorporated by reference into each response set below, AFI and GMACM Group respond and object as follows:

**Document Request No. 1**

>Loan Tapes and Mortgage Loan Schedules for each Securitization, including without limitation any data dictionaries for such Loan Tapes and Mortgage Loan Schedules.

**RESPONSE TO REQUEST NO. 1**

Subject to and without waiving the General Objections, AFI and GMACM Group will produce responsive, non-duplicative, non-privileged documents within their possession, custody, and control, if any, pursuant to a mutually agreed-upon search protocol..

**Document Request No. 2**

>Documents sufficient to identify, for each Securitization, the Originators, the percentage of loans by number that the Originator originated, and the original principal balance that each Originator originated.

**RESPONSE TO REQUEST NO. 2**

Subject to and without waiving the General Objections, AFI and GMACM Group will produce responsive, non-duplicative, non-privileged documents within their possession, custody, and control, if any, pursuant to a mutually agreed-upon search protocol.

**Document Request No. 3**

All documents related to any pre-closing analysis, review, or other due diligence conducted with regard to the Mortgage Loans and the Securitizations, including without limitation any reports or other findings concerning the underwriting or reunderwriting of the Mortgage Loans.

**RESPONSE TO REQUEST NO. 3**

AFI and GMACM Group object to Request No. 3 as vague, ambiguous, overly broad, and unduly burdensome to the extent that it requires "all documents" in any way "related" to certain pre-closing activities with respect to the mortgage loans and securitizations at issue in this litigation. Subject to and without waiving these objections and the General Objections, AFI and GMACM Group will produce responsive, non-duplicative, non-privileged documents within their possession, custody, and control regarding any pre-closing analysis, review, or due diligence conducted [or received] by AFI and/or GMACM Group with respect to the mortgage loans that collateralized the Certificates purchased by FHFA, if any, pursuant to a mutually agreed-upon search protocol.

**Document Request No. 4**

All documents related to any post-closing analysis or review conducted with regard to the Mortgage Loans and the Securitizations.

**RESPONSE TO REQUEST NO. 4**

AFI and GMACM Group object to Request No. 4 as vague, ambiguous, overly broad, and unduly burdensome to the extent that it requires "all documents" in any way "related" to certain post-closing activities with respect to the mortgage loans and securitizations at issue in

11

this litigation. AFI and GMACM Group also object to this Request as overly broad and unduly burdensome to the extent that it is unlimited in time. AFI and GMACM Group further object to this Request to the extent that it seeks documents subject to the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest privilege, or any other applicable privilege or doctrine. Subject to and without waiving these objections and the General Objections, AFI and GMACM Group will produce responsive, non-duplicative, non-privileged documents within their possession, custody, and control regarding any pre-closing analysis, review, or due diligence conducted [or received] by AFI and/or GMACM Group with respect to the residential mortgage loans that collateralized the Certificates purchased by FHFA, if any, pursuant to a mutually agreed-upon search protocol.

**Document Request No. 5**

> All policies and procedures relating or applicable to pre-closing or post-closing analysis, review, or other due diligence with regard to the Mortgage Loans and the Securitizations.

**RESPONSE TO REQUEST NO. 5**

AFI and GMACM Group object to Request No. 5 overly broad and unduly burdensome. AFI and GMACM Group also object to the phrase "policies and procedures" as vague and ambiguous. Subject to and without waiving these objections and the General Objections, AFI and GMACM Group will produce responsive, non-duplicative, non-privileged documents within their possession, custody, and control, if any, pursuant to a mutually agreed-upon search protocol.

**Document Request No. 6**

> Any documents relating to any discussion of the Mortgage Loans, Offering Materials, Securities, or Securitizations, by any of Your committees or Board of Directors, or with any Trust or its representatives including the Trustee, including but not limited to any agendas, minutes, presentations, memoranda, or approvals.

12

**RESPONSE TO REQUEST NO. 6**

AFI and GMACM Group object to Request No. 6 on the grounds that it is overly broad, unduly burdensome, and seeks the production of documents and information neither relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. AFI and GMACM Group also object to this Request to the extent that it seeks documents subject to the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest privilege, or any other applicable privilege or doctrine. AFI and GMACM Group further object to this Request as vague and ambiguous. For example, the terms "committees" and "approvals" are susceptible to multiple interpretations and thus are vague and ambiguous as presented. Subject to and without waiving these objections and the General Objections, AFI and GMACM Group will produce responsive, non-duplicative, non-privileged documents within their possession, custody, and control, if any, pursuant to a mutually agreed-upon search protocol relating to discussions of the Mortgage Loans, Offering Materials, Securities, or Securitizations, to the extent that such discussions were conducted among (1) AFI's and/or GMACM Group's Board of Directors or Board committees; and/or (2) a Trustee or any other authorized representative of a Trust.

**Document Request No. 7**

> All documents relating to any repurchase demand made pursuant to a Pooling and Servicing Agreement, Sale and Servicing Agreement, Mortgage Loan Purchase Agreement, or other transaction document made in connection with the Mortgage Loans and responses to such demands.

**RESPONSE TO REQUEST NO. 7**

AFI and GMACM Group object to Request No. 7 on the grounds that it is overly broad, unduly burdensome, and seeks the production of documents and information neither relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of

13

admissible evidence. AFI and GMACM Group also object to this Request as vague, ambiguous, overly broad, and unduly burdensome to the extent that it seeks all documents "related" to any repurchase demand. AFI and GMACM Group also object to this Request to the extent that it seeks documents subject to the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest privilege, or any other applicable privilege or doctrine. Subject to and without waiving these objections and the General Objections, AFI and GMACM Group will produce responsive, non-duplicative, non-privileged documents within their possession, custody, and control, if any, pursuant to a mutually agreed-upon search protocol.

**Document Request No. 8**

> All documents relating to any analysis performed to determine whether the Mortgage Loans adhered to applicable underwriting guidelines, prudent and customary standards of underwriting, and the statements in the Offering Materials, including the Registration Statements and Prospectus Supplements.

**RESPONSE TO REQUEST NO. 8**

AFI and GMACM Group object to Request No. 8 on the grounds that it is overly broad, unduly burdensome, and seeks the production of documents and information neither relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. AFI and GMACM Group also object to this Request as vague and ambiguous. For example, the phrase "prudent and customary standards of underwriting" is susceptible to multiple interpretations and thus is vague and ambiguous as presented. AFI and GMACM Group further object to this Request to the extent that it seeks documents subject to the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest privilege, or any other applicable privilege or doctrine. Subject to and without waiving these objections and the General Objections, AFI and GMACM Group will produce pursuant to a mutually agreed-upon search protocol responsive, non-duplicative, non-privileged documents

within their possession, custody, and control, if any, concerning (1) whether the Mortgage Loans adhered to applicable underwriting guidelines; and (2) statements in the Offering Materials, including the Registration Statements and Prospectus Supplements, if such statements are alleged in the Amended Complaint to have been materially false and misleading.

**Document Request No. 9**

Any documents used in conducting the analysis, review, or due diligence of the Securitizations or the Mortgage Loans included in the Securitizations, including Loan Origination Files, applicable underwriting guidelines, and manuals, guides, or other reference materials containing instructions for the review.

**RESPONSE TO REQUEST NO. 9**

AFI and GMACM Group object to Request No. 9 on the grounds that it is overly broad, unduly burdensome, and seeks the production of documents and information neither relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. AFI and GMACM Group also object to this Request as vague and ambiguous. For example, the terms "used," "underwriting guidelines," and "reference materials" are susceptible to multiple interpretations and thus are vague and ambiguous as presented. AFI and GMACM Group further object to this Request to the extent that it seeks documents subject to the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest privilege, or any other applicable privilege or doctrine. Subject to and without waiving these objections and the General Objections, AFI and GMACM Group will produce responsive, non-duplicative, non-privileged documents within their possession, custody, and control, if any, pursuant to a mutually agreed-upon search protocol.

**Document Request No. 10**

All documents relating to ratings issued by credit rating agencies with respect to the Securities or Securitizations, including (i) any documents provided to the credit rating agencies by any Defendant or referring to any Defendant; (ii) any ratings by credit rating agencies obtained by any Defendant but not used; and (iii) any communications with any

15

credit rating agency concerning residential mortgage backed securitizations generally, or actual or prospective ratings for the Securities or Securitizations (including so-called "shadow credit ratings").

**RESPONSE TO REQUEST NO. 10**

AFI and GMACM Group object to Request No. 10 on the grounds that it is overly broad, unduly burdensome, and seeks the production of documents and information neither relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. AFI and GMACM Group also object to this Request as vague and ambiguous. For example, the term "used" is susceptible to multiple interpretations and thus is vague and ambiguous as presented. AFI and GMACM Group further object to this Request to the extent that it seeks documents subject to the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest privilege, or any other applicable privilege or doctrine. Subject to and without waiving these objections and the General Objections, AFI and GMACM Group will produce responsive, non-duplicative, non-privileged documents within their possession, custody, and control, if any, pursuant to a mutually agreed-upon search protocol.

**Document Request No. 11**

All documents produced or provided to any congressional body, regulatory agency, law enforcement agency, U.S. Attorney's Office, State Attorney General, or other government agency or person relating to residential mortgage backed securitizations, including the Securities, the Securitizations, or the Mortgage Loans, including any documents that were produced or made available to the Financial Crisis Inquiry Commission or the U.S. Senate Permanent Subcommittee on Investigations.

**RESPONSE TO REQUEST NO. 11**

AFI and GMACM Group object to Request No. 11 on the grounds that it is overly broad, unduly burdensome, and seeks the production of documents and information neither relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of

16

admissible evidence. AFI and GMACM Group also object to this Request as duplicative of other Requests, such as Request Nos. 12 and 13. AFI and GMACM Group further object to this Request to the extent that it seeks documents subject to the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest privilege, or any other applicable privilege or doctrine.

**Document Request No. 12**

> Any transcripts of testimony, including deposition transcripts, obtained in connection with investigations or litigation arising out of residential mortgage backed securitizations, including the Securities, the Securitizations, or the Mortgage Loans.

**RESPONSE TO REQUEST NO. 12**

AFI and GMACM Group object to Request No. 12 on the grounds that it is overly broad, unduly burdensome, and seeks the production of documents and information neither relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. AFI and GMACM Group also object to this Request as duplicative of other Requests, such as Request Nos. 11 and 13. AFI and GMACM Group further object to this Request to the extent that it seeks documents subject to the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest privilege, or any other applicable privilege or doctrine.

**Document Request No. 13**

> Any written statements made or obtained in connection with investigations or litigation arising out of residential mortgage-backed securitizations, including affidavits, declarations, or other statements.

**RESPONSE TO REQUEST NO. 13**

AFI and GMACM Group object to Request No. 13 on the grounds that it is overly broad, unduly burdensome, and seeks the production of documents and information neither relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of

admissible evidence. AFI and GMACM Group also object to this Request as duplicative of other Requests, such as Request Nos. 11 and 12. AFI and GMACM Group further object to this Request to the extent that it seeks documents subject to the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest privilege, or any other applicable privilege or doctrine.

**Document Request No. 14**

Documents sufficient to show Your corporate structure, including any organizational charts, from the time period beginning January 1, 2005 through the present.

**RESPONSE TO REQUEST NO. 13**

AFI and GMACM Group object to Request No. 13 as vague and ambiguous. For example, the terms "corporate structure" and "organizational charts" are susceptible to multiple interpretations and thus are vague and ambiguous as presented. Subject to and without waiving these objections and the General Objections, will produce responsive, non-duplicative, non-privileged documents within their possession, custody, and control, if any, pursuant to a mutually agreed-upon search protocol.

Dated:   June 18, 2012

MAYER BROWN, LLP

 */s/ Reginald Goeke*_____
Reginald Goeke (rgoeke@mayerbrown.com)
MAYER BROWN LLP
1999 K Street
Washington, DC  20006

Richard A. Spehr (rspehr@mayerbrown.com)
Michael O. Ware (mware@mayerbrown.com)
MAYER BROWN LLP
1675 Broadway
New York, NY  10019

*Attorneys for Defendants Ally Financial Inc. and GMAC Mortgage Group, LLC*

18

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2012, a true and correct copy of the Responses and Objections of Defendants Ally Financial Inc. and GMAC Mortgage Group, LLC to Plaintiff's First Request for the Production of Documents was served by e-mail on counsel for Plaintiff Federal Housing Finance Agency.

                                                                   */s/ Reginald Goeke*
                                                                   Reginald Goeke