# **EXHIBIT H**

## KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

1633 BROADWAY

NEW YORK, NEW YORK 10019-6799

212-506-1700

FACSIMILE: 212-506-1800

KANCHANA WANGKEO LEUNG
DIRECT DIAL: 212-506-1805
KLEUNG@KASOWITZ.COM

ATLANTA
HOUSTON
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY

July 2, 2012

**By Hand Delivery**

Hon. Denise L. Cote, U.S.D.J.
United States District Court for the
  Southern District of New York
United States Courthouse
500 Pearl Street, Room 1610
New York, New York 10007-1312

Re:    FHFA v. Ally Financial Inc., et al., No. 11 Civ. 7010 (DLC)

Dear Judge Cote:

We represent Plaintiff Federal Housing Finance Agency ("FHFA"), as Conservator of the Federal Home Loan Mortgage Corporation ("Freddie Mac") in the above-referenced action. We write to request permission to file a motion to compel the production of loan tapes from Ally Financial Inc. ("AFI") and GMAC Mortgage Group (together with AFI, "Ally").

By Orders dated May 8 and May 15, 2012, this Court directed Ally and all other defendants to produce to FHFA by June 8, 2012 the final closing loan tapes provided to the trustees and information sufficient to identify the originators of each loan. Other defendants in the action have produced loan tapes, which cover 16 of the 21 Securitizations at issue in this case. Ally, however, has failed to produce any loan tapes, instead maintaining that the loan tapes are property of the estate of Ally's bankrupt subsidiaries (the "Ally Debtors") and subject to an automatic stay under the Bankruptcy Code. Ally's arguments are devoid of merit.

Ally has control over the loan tapes, notwithstanding that they may be in the possession of the Ally Debtors, because of a Bankruptcy Court-approved shared services agreement ("Agreement") between AFI and its bankrupt subsidiary Residential Capital LLC ("ResCap"). The shared services include those that enable Ally to comply with the Court's Orders. In particular, under the Agreement, "ResCap *will provide . . . when requested by AFI* and consistent with current and historical practice: (i) Legal advice and counseling, including *litigation management and support*, including service of process, *e-discovery, discovery responses*, and litigation holds, as may be necessary or required by AFI from time to time, including without limitation, *making available relevant systems and software* that may be developed by or for the e-discovery team . . . ."[1] Further, the Agreement provides that "ResCap

---

[1] Debtors' Motion for Interim and Final Orders Under Bankruptcy Code Sections 105(a) and 363(b) Authorizing Residential Capital, LLC to Enter into a Shared Services Agreement with Ally Financial Inc. *Nunc Pro Tunc* to the

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

Hon. Denise L. Cote
July 2, 2012
Page 2 of 2

will . . . [p]rocess requests for files/documents that are received from internal and external clients for loan sales, *litigation requests*, audits and reconciliation projects and *deliver files/images* to [the] requestor in a mutually agreeable format that is suitable to their request (i.e. electronic format)."[2]

On June 15, 2012, Bankruptcy Judge Glenn signed the final order granting the motion. The Order provides that "AFI shall be granted limited relief from the automatic stay to the extent required to effectuate the terms and conditions of the Agreement and this Order" and that the "Debtors are authorized to execute, deliver, implement and fully perform . . . any and all obligations contemplated therein . . . ."[3] Thus, any loan tapes that are in the possession, custody, or control of the Ally Debtors are likewise in the custody or control of Ally. *See In re NTL Inc. Sec. Litig.*, 244 F.R.D. 179, 195 (S.D.N.Y. 2007) (defendant had control over documents based on contractual cooperation clause and practical ability, based on past practice, to obtain relevant documents from reorganized company).

Moreover, the bankruptcy of the Ally Debtors does not prevent Ally from complying with this Court's Orders. First, it is well-settled law that the automatic stay does not shield the Ally Debtors from discovery. Second, AFI has been granted relief from the automatic stay to the extent required to effectuate the terms and conditions of a shared services agreement between AFI and ResCap. Finally, under Ally's interpretation of bankruptcy law, the provision of services under the agreement would violate the automatic stay because the agreement specifically contemplates the exchange of documents and information between the bankrupt subsidiary and its parent corporation, as well as the provision of documents to third parties.

Despite FHFA's efforts to resolve this dispute, including a telephonic meet and confer on June 26, 2012, it has reached an impasse. In view of the bankruptcy-related issues that Ally continues to assert, we believe that an informal conference with the Court would be unlikely to resolve the dispute and that all the parties would benefit from a ruling on whether the bankruptcy of the Ally Debtors prevents Ally from obtaining relevant documents from its subsidiaries as a matter of law. Accordingly, plaintiff respectfully requests permission to file the attached motion to compel discovery (**Attachment A**) and for the Court to set an expedited briefing schedule on the motion.

Respectfully,

Kanchana Wangkeo Leung

cc: Counsel of Record (via email)

---

Petition Date for the Continued Receipt and Provision of Shared Services Necessary for the Operation of the Debtors' Businesses, at Ex. B p. 13 (emphasis added), *In re Residential Capital, LLC.*, No. 12-12020-mg (S.D.N.Y. Bankr. May 14, 2012), Docket No. 41.

[2] *Id.* at 20-21 (emphasis added).

[3] Final Order Under Bankruptcy Code Sections 105(a) and 363(b) Authorizing Residential Capital, LLC to Enter Into a Shared Services Agreement with Ally Financial Inc. *Nunc Pro Tunc* to the Petition Date for the Continued Receipt and Provision of Shared Services Necessary for the Operation of the Debtors' Businesses ¶¶ 5, 8, *In re Residential Capital, LLC.*, No. 12-12020-mg (S.D.N.Y. Bankr. June 15, 2012), Docket No. 387.