# **EXHIBIT I**

**MAYER•BROWN**

Mayer Brown LLP
1999 K Street, N.W.
Washington, D.C. 20006-1101

Main Tel +1 202 263 3000
Main Fax +1 202 263 3300
www.mayerbrown.com

July 6, 2012

**Reginald R. Goeke**
Direct Tel +1 202 263 3241
Direct Fax +1 202 263 5241
rgoeke@mayerbrown.com

Honorable Denise L. Cote
United States District Judge
500 Pearl Street, Room 1610
New York, New York 10007-1312

Re:   <u>FHFA v. Ally Financial, Inc., No. 11 Civ. 7010 (DLC)</u>

Dear Judge Cote:

      We are the attorneys for defendants Ally Financial Inc. ("AFI") and GMAC Mortgage Group, LLC in this action. As directed by Chambers, I write to respond to the July 2, 2012, letter from plaintiff's attorney Kanchana Leung seeking permission to file a discovery motion in the above-referenced case in respect of certain closing loan tapes.

      Plaintiff FHFA acknowledges that AFI does not actually have the materials in question but would have to obtain them from Residential Capital, LLC and its subsidiaries (collectively "ResCap"). ResCap is under the supervision of the bankruptcy court and subject to the automatic stay of 11 U.S.C. § 362. FHFA does not dispute that the automatic stay would preclude AFI from obtaining documents—including the loan tapes—that are in the debtors' possession, for § 362(a)(3) forbids "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."

      FHFA argues instead that AFI has "control" over the debtors' documents under a "Shared Services Agreement" approved by the bankruptcy court to ensure the smooth functioning of the debtors while in bankruptcy. That agreement, however, does not place the documents FHFA seeks within AFI's "possession, custody or control." Although we will brief these issues in detail if necessary, it is essential to recognize two key points about the Shared Services Agreement.

      First, it is an agreement, approved for the benefit of the ResCap debtors, to share certain *services*; it is not an agreement to share documents, or the possession of documents. Under the Agreement, each party retains ownership and control of its own documents and records. There is nothing in the Agreement that suggests that ResCap has ceded possession, custody or control of what are inarguably its own records.

      Second, the interpretation FHFA offers is contradicted by the purpose and context of the Shared Services Agreement. The purpose of the Shared Services Agreement was to ensure that ResCap could continue to operate its business as a debtor in possession with minimal disruption while in bankruptcy. It was not intended to permit RMBS litigants, such as FHFA, to attempt to

Pg 3 of 3

Mayer Brown LLP

Honorable Denise L. Cote
July 6, 2012
Page 2

circumvent the automatic stay and impose the same costs and burdens of discovery on ResCap that the Bankruptcy Code negates by virtue of the automatic stay.  Indeed, the language of the Agreement relating to litigation services allows for certain litigation services historically provided to AFI by ResCap personnel.  This does not suggest in any way that ResCap agreed (or was authorized by the bankruptcy court to agree) to subject itself to essentially unrestricted discovery by the simple expedient of an adversary serving document demands on non-debtor AFI.

      The more appropriate means for FHFA to obtain the documents it seeks is to request appropriate relief and ask for the documents from ResCap directly.  Indeed, we understand that FHFA already has requested these documents from ResCap's bankruptcy counsel.  The burden of this discovery demand ultimately will fall on ResCap, which is in actual possession of the loan tapes.  FHFA should not circumvent the bankruptcy process by inventing "control" rights on the basis of an agreement that plainly was not intended to create such rights.  Even if FHFA's interpretation were plausible (which it is not, as AFI will explain in response to a motion if necessary), the bankruptcy court should be permitted to consider its approval of the Shared Services Agreement in light of the plain intention of FHFA to use it as a back door to impose substantial costs and burdens on the debtor.  This will allow the bankruptcy court to consider in the first instance the burdens that FHFA's requests will impose on the bankruptcy estate and whether they will impede ResCap's efficient restructuring, with the interests of ResCap and its creditors appropriately represented.  It also will allow the bankruptcy court to consider the scope of its stay.

      We expect that a brief conference with the Court may help to resolve this dispute.  We also believe that ResCap's bankruptcy counsel should be permitted to participate in any conference the Court may schedule, to ensure that the debtors' interests are adequately represented.

      We look forward to discussing these matters with the Court and counsel.

      Respectfully submitted,

      /s/ Reginald R. Goeke / scp
      Reginald R. Goeke

c:    Counsel of Record (by email)