**EXHIBIT J**

```
                                                                        1
       C7BVFEDC                Conference
 1     UNITED STATES DISTRICT COURT
 1     SOUTHERN DISTRICT OF NEW YORK
 2     ------------------------------x
 2
 3     FEDERAL HOUSING FINANCE
 3     AGENCY, as Conservator for the
 4     Federal Home Loan Mortgage
 4     Corporation,
 5
 5                  Plaintiff,
 6                                              11 CV 5201 (DLC)
 6          v.                                  11 CV 7010 (DLC)
 7                                              12 CV 5116 (DLC)
 7     ALLY FINANCIAL INC., ET AL,
 8
 8                  Defendants.
 9
 9     ------------------------------x
10                                              New York, N.Y.
10                                              July 11, 2012
11                                              11:10 a.m.
11
12     Before:
12
13                      HON. DENISE COTE,
13
14                                              District Judge
14
15                         APPEARANCES
15
16     KASOWITZ BENSON TORRES & FRIEDMAN
16          Attorneys for Plaintiff
17     BY:  KANCHANA W. LEUNG
17          MICHAEL HANIN
18          ANDREW GLENN
18          -AND-
19     QUINN EMANUEL URQUHART & SULLIVAN
19     BY:  ADAM ABENSON
20
20     MAYER BROWN
21          Attorneys for Defendants Ally Financial and GMAC
21     BY:  MICHAEL WARE
22          REGINALD GOEKE
22          CATHERINE BERNARD
23
24
25
                        SOUTHERN DISTRICT REPORTERS, P.C.
                                 (212) 805-0300
```

```
                                                                    2
     C7BVFEDC                Conference
 1                     APPEARANCES (continued)
 2   CARPENTER LIPPS & LELAND
 2        Attorneys for Defendant Ally Securities, Inc.
 3   BY:  JEFFREY A. LIPPS
 3        JENNIFER A. L. BATTLE
 4        -AND-
 4   KIRKLAND & ELLIS
 5   BY:  JEFF POWELL
 5
 6   MORRISON & FOERSTER
 6        Attorneys for Non-Defendant Debtors
 7         Residential Capital and affiliated entities
 7   BY:  JOEL C. HAIMS
 8        JONATHAN C. ROTHBERG
 8
 9   SULLIVAN & CROMWELL
 9        Attorneys for Defendant JP Morgan Chase & Co.
10         and affiliated entities and certain individuals
10   BY:  PENNY SHANE
11        SHARON NELLES
11        JONATHAN SEDLAK
12
12   CRAVATH SWAINE & MOORE
13        Attorneys for Defendant Credit Suisse Securities
13         (USA) LLC and affiliated entities and individuals
14   BY:  LAUREN MOSKOWITZ
14
15   SIMPSON THACHER & BARTLETT
15        Attorneys for Defendant RBS Securities Inc.
16         and affiliated entities
16   BY:  THOMAS RICE
17
17   PAUL WEISS RIFKIND WHARTON & GARRISON
18        Attorneys for Defendant Citigroup Global Markets, Inc.
18         and affiliated entities and individuals
19   BY:  CAITLIN GRUSAUSKAS
19        BRUCE BIRENBOIM
20
20   SULLIVAN & CROMWELL
21        Attorneys for Defendant Barclays Bank PLC
21         and affiliated entities and individuals
22   BY:  JEFFREY SCOTT
22        JOSHUA FRITSCH
23
24
25
                    SOUTHERN DISTRICT REPORTERS, P.C.
                            (212) 805-0300
```

```
                                                                   3
     C7BVFEDC               Conference
 1                       APPEARANCES (continued)
 2
 2   SKADDEN ARPS SLATE MEAGHER & FLOM
 3        Attorneys for Defendant UBS Americas Inc.
 3         and affiliated entities and individuals
 4   BY:  ROBERT FUMERTON
 4
 5   SULLIVAN & CROMWELL
 5        Attorneys for Defendant Goldman Sachs & Co.
 6         and affiliated entities and individuals
 6   BY:  THEODORE EDELMAN
 7        MICHAEL TOMAINO
 7        JORDAN RAZZA
 8
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
                     SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```

```
                                                                        4
        C7BVFEDC                    Conference
 1              (In chambers)
 2              THE COURT:  Good morning, counsel.
 3              I have you on the speakerphone because I'm accompanied
 4     by a court reporter and my law clerk.
 5              I'm briefly going to take appearances for the record.
 6              For FHFA?
 7              MS. LEUNG:  Kanchana Leung, Andrew Glenn, and Michael
 8     Hanin from Kasowitz, Benson, Torres & Friedman.
 9              MR. ABENSON:  Your Honor, also Adam Abenson from Quinn
10     Emanuel for FHFA, though not in the Ally matter.
11              THE COURT:  For defendant Ally?
12              MR. GOEKE:  Yes, your Honor.
13              It's Reginald Goeke and Catherine Bernard and Michael
14     Ware of Mayer Brown for defendant Allied Financial and GMAC
15     Mortgage Group, Inc.
16              THE COURT:  For Allied Securities?
17              MR. LIPPS:  Jeff Lipps and Jenn Battle of Carpenter,
18     Lipps & Leland, together with Jeff Powell from Kirkland &
19     Ellis.
20              THE COURT:  For Residential Capital?
21              MR. HAIMS:  Joel Haims and Jonathan Rothberg from
22     Morrison & Foerster.
23              THE COURT:  For J.P. Morgan?
24              MS. SHANE:  Penny Shane, Sharon Nelles, and Jonathan
25     Sedlak of Sullivan & Cromwell.
                        SOUTHERN DISTRICT REPORTERS, P.C.
                                  (212) 805-0300
```

```
                                                                  5
     C7BVFEDC                    Conference
1              THE COURT:  For Credit Suisse.
2              MS. MOSKOWITZ:  Good morning, your Honor.
3              Lauren Moskowitz at Cravath, Swaine & Moore.
4              THE COURT:  For RBS?
5              MR. RICE:  Good morning, your Honor.
6              Tom Rice from Simpson, Thacher & Bartlett.
7              THE COURT:  For Citigroup?
8              MR. BIRENBOIM:  Bruce Birenboim and Caitlin Grusauskas
9    from Paul Weiss.
10             THE COURT:  For Barclays?
11             MR. SCOTT:  Jeff Scott and Josh Fritsch from Sullivan
12   & Cromwell.
13             THE COURT:  For UBS?
14             MR. FUMERTON:  Good morning, your Honor.
15             Robert Fumerton from Skadden Arps.
16             THE COURT:  And for Goldman Sachs?
17             MR. EDELMAN:  Good morning, your Honor.
18             Theodore Edelman, Michael Tomaino, and Jordan Razza
19   from Sullivan & Cromwell LLP.
20             THE COURT:  Is there anyone else on the phone call who
21   has not placed their appearance on the record?
22             Hearing no one, thank you so much, counsel, for making
23   yourselves available.
24             I want to ask that we follow the following procedures
25   during this conference call:
                      SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
```

```
                                                                    6
     C7BVFEDC                  Conference
 1              First, if anyone is going to speak, please identify
 2   yourself by name before you speak or at the beginning of
 3   speaking so that the record is clear.
 4              Secondly, please don't interrupt anyone who is
 5   speaking; it's very difficult to conduct these conference calls
 6   over -- or conduct a conference over the telephone.  And I
 7   assure you before we end this conference I'll make sure that
 8   everyone has had an opportunity to be heard and to add anything
 9   that they would like to say.
10              We're having this conference call because I received
11   letters from FHFA and the Ally defendants dated July 2nd and
12   July 6th.  I tried to have the call yesterday, but I understand
13   certain of you folks were in bankruptcy court on related
14   issues.
15              And perhaps I should ask Ms. Leung, did Judge Glenn
16   issue any ruling yesterday that would touch directly on whether
17   or not Res Cap should produce the final closing loan tapes that
18   were provided to the trustees and information sufficient to
19   identify the originators of each loan, that is, produce such
20   information in this case?
21              Ms. Leung?
22              MS. LEUNG:  This is Kanchana Leung.
23              No, your Honor.
24              THE COURT:  Thank you.
25              So let me begin by speaking a little bit to this issue
                    SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```

```
                                                                  7
        C7BVFEDC               Conference
 1   and then turning to counsel to be heard.
 2              In this case, 11 CV 7010, we have claims being brought
 3   by FHFA due to an investment of roughly six billion dollars.
 4   With a number of defendants who have nothing to do with the
 5   Ally family of defendants.
 6              J.P. Morgan and Bear Stearns are defendants here, as
 7   well as in three other of the 16 cases before me.
 8              Credit Suisse is a defendant here and is a defendant
 9   in five of the other cases before me.
10              RBS is a defendant here and a defendant in three other
11   cases before me, and in the District of Connecticut litigation.
12              Citibank is a defendant before me in this case, as
13   well as in two other cases before me and in the California
14   case.
15              Barclays is present in two cases before me.
16              UBS is present in four cases before me and the
17   California case.
18              Goldman Sachs is present in three cases before me.
19              Ultimately, there may be global resolutions by one or
20   more defendants across the whole set of cases.  And, as you
21   know, it's important that, given the scheduling and the efforts
22   we've all made together to move forward efficiently, try to
23   make sure that everybody has an opportunity to look at the
24   documents together, evaluate the strengths and weaknesses of
25   the claims and defenses, depose witnesses once, get the cases
                     SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```

```
                                                                  8
         C7BVFEDC                    Conference
 1   organized for motion practice and the conduct of the separate
 2   trials in a way that makes the most sense for all the parties,
 3   not just one, not just a plaintiff or a defendant, but all the
 4   parties.
 5            I know I have a pending motion which is not yet fully
 6   submitted, which seeks to extend the stay, the bankruptcy stay,
 7   which is governing Res Cap and some other related entities to
 8   what I'll call the Ally defendants.  I'm not prepared to rule
 9   on that.  The briefing isn't complete.
10            I've looked a little bit at the opposition papers;
11   just enough to help me make a judgment about the particular
12   issue that's addressed in the two letters.  And this is my
13   evaluation of what should happen here:
14            With respect to FHFA's request that Res Cap, which
15   apparently is -- it's undisputed has physical possession of the
16   final closing loan tapes and other information, that if FHFA
17   wants that, it needs to make an application to the bankruptcy
18   court or it should.  Whether it needs to, I think it should, in
19   the first instance, make an application to the bankruptcy court
20   for Res Cap to produce that information.  And, again, all I'm
21   talking about is the discrete information described in the July
22   2nd letter and covered by my May orders, my orders of May 8th
23   and May 15th, which is the final closing loan tapes provided to
24   the trustees and information sufficient to identify the
25   originators of each loan.  I'm not talking about anything else.
                    SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```

```
                                                                        9
        C7BVFEDC                   Conference
 1                I don't understand that there's been any argument yet
 2     made to me that the production of that material would be
 3     burdensome or unduly burdensome for Res Cap to produce.  It's
 4     also clear from the conferences I've held in these cases that
 5     without that information, it will be very difficult for the
 6     litigation to proceed.  That information is the first cut that
 7     permits the parties to evaluate the claims and to organize
 8     their other discovery requests and figure out whether or not
 9     third-party discovery needs to take place and who would be
10     involved in that.
11                It seems to me that the separate issue of whether or
12     not the bankruptcy stay is extended to the Ally defendants is
13     something that is not necessarily decided by the production
14     of -- by Res Cap of the loan tapes and originator information.
15                Looking at the opposition papers that Ally put in,
16     they're making broader arguments, and at least four different
17     arguments for an extension of the bankruptcy stay.  And I have
18     not decided on the merits of those arguments.
19                I have an open mind.  I want to wait until all the
20     papers are in and look at them together and consider each of
21     the separate arguments that are being made.
22                But even if I should extend the stay as to Ally, it
23     seems to me that Ally and Res Cap should be producing the final
24     closing loan tapes and the originator information so that the
25     rest of this litigation, that is, 11 CV 7010, can proceed.  And
                       SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
```

```
                                                                  10
        C7BVFEDC                  Conference
 1      to the extent that 7010 is interrelated with the other cases,
 2      because there are groups of defendants common to so many of the
 3      cases, that that decision about this limited discrete
 4      production of material, you know, should be considered a
 5      separate issue.
 6                As a result, what I want to do today is require two
 7      things to happen, and this is what I want counsel to feel free
 8      to comment on:
 9                One is that if FHFA wishes this information from Res
10      Cap, that it make an application in the first instance to the
11      bankruptcy court for a ruling from the bankruptcy court on that
12      physical production.  And, two, that I order Ally to cooperate
13      fully in that application that FHFA would be making to the
14      bankruptcy court.
15                So let me make sure now everybody has a chance to be
16      heard.
17                Ms. Leung, is there anything you wish to say with
18      respect to what I've outlined?
19                MS. LEUNG:  On the premise that plaintiff doesn't
20      dispute that the final closing loan tapes are in the debtor's
21      possession, it is actually not a concession that we've made.
22                Our application was based in part on representations
23      that the debtors made to the bankruptcy court that they had
24      that information in the first instance.  We are requesting that
25      information directly from Ally.  But we are, of course,
                       SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
```

```
                                                                    11
         C7BVFEDC                      Conference
 1    amenable to following the Court's instruction in seeking that
 2    information through the bankruptcy court.
 3               And I also want to clarify that his direction is not a
 4    ruling on the issue of control in that we could revisit this
 5    issue later and to the extent that the motion to extend the
 6    stay is not granted.
 7               THE COURT:  Yes, Ms. Leung.
 8               And I apologize if I didn't make this clear.  I
 9    thought what was uncontested was that the loan tapes were in
10    the physical possession of Res Cap.  But I agree that -- well,
11    let me start again.
12               I am not ruling on the highly-contested issue of
13    control.  I may have to rule on that down the road.  I'm not
14    making any finding about control right now.
15               Anything else you wanted to say, Ms. Leung, before I
16    move on?
17               MS. LEUNG:  My colleague, Andrew Glenn, would like to
18    address some bankruptcy issues.
19               MR. GLENN:  Your Honor, again, Andrew Glenn, Kasowitz,
20    Benson, Torres & Friedman on behalf of FHFA.
21               I just wanted to note to the Court that the matter, I
22    believe, on the motion to extend the stay has, in fact, been
23    fully submitted to the Court, the initial motion, our
24    opposition, and the debtor's reply.  If chambers needs
25    additional copies of those, we'd be happy to assist with that.
                    SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```

```
                                                                    12
         C7BVFEDC                  Conference
 1   But I just wanted to make the record clear that I believe that
 2   briefing has been completed.
 3              THE COURT:  Thank you so much.
 4              We'll contact you if we need additional copies.
 5              MR. GLENN:  Okay.  Very good.
 6              THE COURT:  Mr. Ware for Ally.
 7              MR. WARE:  Your Honor, my colleague Reg Goeke will
 8   speak to Ally today.
 9              MR. GOEKE:  Yes, your Honor.  This is Reg Goeke.
10              I don't believe we have any questions.
11              Just on the second point that you mentioned with
12   respect to Ally cooperating fully, we will, of course,
13   cooperate fully.
14              I just wanted to note that obviously the Res Cap
15   defendants may have a position; and, you know, of course, we
16   have no control over what position they would take in the
17   bankruptcy court with respect to any request made by FHFA of
18   the bankruptcy court.
19              THE COURT:  For Ally Securities.
20              MR. LIPPS:  Your Honor, this is Jeff Lipps.
21              This effort that's being made by FHFA I understand
22   does not reach to what is essentially a sister corporation of
23   the Res Cap defendants, so we don't have a position on it.
24              Although I will indicate that I have -- and you'll
25   probably notice in the extend stay papers, I have provided
                      SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
```

```
                                                                   13
         C7BVFEDC                    Conference
 1      information to both the bankruptcy court and now to your Honor
 2      with respect to the burden that would be associated with
 3      discovery being undertaken of the debtor.  So I just wanted to
 4      make clear that to the extent there's an application made and
 5      the Res Cap defendants choose to resist that particular
 6      application, I may be called upon to provide some information
 7      to the bankruptcy court on burden, and I wanted just that to be
 8      clear to your Honor.
 9               THE COURT:  Are you telling me that in your papers you
10      have specifically addressed the burden of producing the final
11      closing loan tapes that were provided to the trustees and
12      information sufficient to identify the originators of each
13      loan?
14               MR. LIPPS:  I have not specifically addressed those in
15      the burden papers.  I've addressed generally the scope of
16      discovery that has been experienced by the Res Cap defendants.
17      And I don't know that I would be called upon as to what you
18      specifically indicated today, but I just did want to let you
19      know that I have provided testimony with respect to general
20      discovery experienced and burdens associated with it, but have
21      not commented on the specific point raised.
22               THE COURT:  Thank you.
23               Ms. Shane.  Ms. Shane?
24               MS. SHANE:  Yes, your Honor.
25               THE COURT:  Did you want to say anything?
                       SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
```

```
                                                              14
     C7BVFEDC                Conference
 1            MS. SHANE:  No.  We take no position.
 2            THE COURT:  Credit Suisse.
 3            MS. MOSKOWITZ:  Good morning, your Honor.
 4            Nothing for Credit Suisse.
 5            THE COURT:  That was Ms. Moskowitz.
 6            Mr. Rice for RBS
 7            MR. RICE:  Nothing from us, your Honor.
 8            THE COURT:  Ms. Grusauskas for Citigroup?
 9            MS. GRUSAUSKAS:  We do not take a position.
10            THE COURT:  Mr. Scott for Barclays.
11            MR. SCOTT:  Your Honor, Barclays does not take a
12    position on this issue.
13            THE COURT:  Mr. Fumerton for UBS.
14            MR. FUMERTON:  Your Honor, UBS does not take a
15    position either.
16            THE COURT:  Mr. Edelman for Goldman Sachs.
17            MR. EDELMAN:  Good morning again, your Honor.
18            Goldman Sachs also does not take a position.
19            THE COURT:  Thank you.
20            I think the only party that I haven't heard from is
21    Res Cap, who's participating in this phone call, but I don't
22    believe is a defendant any longer in any litigation before me.
23            But, Mr. Haims, since you were kind enough to
24    participate in this phone call, I want to give you an
25    opportunity in closing to say anything that you would like to
                     SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```

```
                                                                    15
        C7BVFEDC                Conference
 1   add.
 2              Mr. Haims.
 3              MR. HAIMS:  Yes.  Thank you.
 4              Just three very, very quick points.
 5              One is I have at this point in time no position on the
 6   application that they will be making.  And when we get it
 7   before Judge Glenn, we will evaluate it.
 8              I have two points on the extend stay motion, if it's
 9   okay with your Honor, that I bring them up.
10              One is Mr. Glenn mentioned that briefing below was
11   complete.  Briefing before Judge Glenn was completed; however,
12   in your Honor's order withdrawing the case, you said that, and
13   I quote, "best position to rule on debtors motion to stay over
14   enjoined litigation in light of the potential consequences in
15   the other 16 related cases below before Judge Glenn, we were
16   briefing 20, the stay as respected the 27 different cases we
17   certainly addressed the FHFA case there, but not to any degree
18   of specificity like this."
19              And we were wondering whether we could have permission
20   to file a very short supplemental paper addressing just this
21   point, the impact of the stay that we are seeking on the other
22   16 cases.  And we can put that request in writing.  I just
23   wanted to review that with the Court.
24              THE COURT:  I believe I have a conference scheduled on
25   that issue, that is, the motion to extend the bankruptcy stay,
                    SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```

```
                                                                    16
      C7BVFEDC                   Conference
 1    scheduled for July 17th.  So if you want to put in a three-page
 2    letter by this Friday, you may.
 3             MR. HAIMS:  My second point relates to that conference
 4    which was scheduled on Monday.
 5             I'm away on vacation next week, and I was wondering
 6    whether we could push it to the following week.  I'm lead
 7    counsel on this, and I argued the motion below before Judge
 8    Glenn.  So if we could move it for a week, that would be
 9    helpful.  And the FHFA has consented to an adjournment subject
10    to your Honor's consent.
11             THE COURT:  The 17th is Tuesday, it's not Monday.
12             MR. HAIMS:  I'm on vacation the entire week.  I leave
13    on Monday.
14             THE COURT:  I'm going to ask you, counsel -- I don't
15    want to interfere with your vacation.  Go on vacation.  I'm
16    sure Mr. Rothberg can cover for you.  I expect I'll be largely
17    deciding this based on the papers in any event.
18             Anything else, Mr. Haims?
19             MR. HAIMS:  Nothing, your Honor.
20             THE COURT:  Good.
21             Thank you so much, counsel.
22                          *    *    *
23
24
25
                       SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
```