UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, *et al.*,<br><br>Debtors. | Case No. 12-12020 (MG)<br><br>Chapter 11<br><br>Jointly Administered |

**MOTION OF THE FEDERAL HOUSING FINANCE AGENCY PURSUANT TO THE
JULY 11, 2012 ORDER OF THE HONORABLE DENISE L. COTE
SEEKING LIMITED DISCOVERY FROM THE DEBTORS AND, IF NECESSARY
TO THAT PURPOSE, RELIEF FROM THE AUTOMATIC STAY**

Andrew K. Glenn (aglenn@kasowitz.com)
Matthew B. Stein (mstein@kasowitz.com)
Daniel A. Fliman (dfliman@kasowitz.com)
KASOWITZ, BENSON, TORRES &
FRIEDMAN LLP
1633 Broadway
New York, New York 10019
Telephone:  (212) 506-1700
Facsimile:  (212) 506-1800

*Attorneys for Federal Housing Finance Agency,
as Conservator for the Federal Home Loan
Mortgage Corporation*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. 2

PRELIMINARY STATEMENT ........................................................................................... 3

FACTUAL BACKGROUND ................................................................................................ 4
      A.  The FHFA Case. ............................................................................................... 4
      B.  The Adversary Proceeding And Withdrawal Of The Reference As To FHFA ........... 6
      C.  The July 11, 2012 FHFA Case Discovery Conference ................................................ 7

ARGUMENT. ........................................................................................................................ 10
I.     THE AUTOMATIC STAY DOES NOT SHIELD THE DEBTORS FROM
      THIRD PARTY DISCOVERY .................................................................................... 10
II.    THE COURT SHOULD GRANT RELIEF FROM THE AUTOMATIC STAY, IF
      THE COURT BELIEVES IT APPLIES, SO AS TO PERMIT ACCESS TO THIS
      CRUCIAL INFORMATION IN ACCORDANCE WITH JUDGE COTE'S
      ORDER. ......................................................................................................................... 12

CONCLUSION ....................................................................................................................... 15

# TABLE OF AUTHORITIES

*In re Dreier*, 438 B.R. 449, 455 (Bankr. S.D.N.Y. 2010)……………………………………...12

*In re Johns-Manville Corp.*, 39 B.R. 659, 661 (S.D.N.Y. 1984)………………………………13

*In re Hillsborough Holdings Corp.*, 130 B.R. 603, 605 (Bankr. M.D. Fla. 1991)…………….11

*In re Mahurkar Double Lumen Hemodialysis Catheter Patent Litig.*,

    140 B.R. 969, 977 (N.D. Ill. 1992)……………………………………………………….11

*In re MF Global Holdings Ltd.*, 469 B.R. 177, 191 (Bankr. S.D.N.Y. 2012)…………………12

*In re Miller*, 262 B.R. 499, 504-05 (9th Cir. B.A.P. 2001)………………………………..10, 11

*In re Project Orange Assocs., LLC*, 432 B.R. 89, 104 (Bankr. S.D.N.Y. 2010)………………12

*In re Richard B. Vance & Co.*, 289 B.R. 692, 697 (Bankr. C.D. Ill. 2003)……………………11

*In re Sonnax Indus.*, 907 F.2d 1280, 1286 (2d Cir. 1990)……………………………………..12

7 COLLIER ON BANKRUPTCY ¶ 362.03[3]…………………………………………………..10

Federal Housing Finance Agency ("FHFA" or "Conservator"), as Conservator for the Federal Home Loan Mortgage Corporation ("Freddie Mac"), at the direction of District Judge Denise Cote, presiding over the action styled *Federal Housing Finance Agency, as Conservator for the Federal Home Loan Mortgage Corporation v. Ally Financial Inc. f/k/a GMAC, LLC et al.* pending in the United States District Court for the Southern District of New York (the "District Court") as Case No. 11- Civ. 7010 (the "FHFA Case"), hereby submits this motion (the "Motion")[1] seeking access to a limited number of loan tapes and originator information in the possession of the above-captioned debtors (collectively, the "Debtors") in connection with the FHFA Case and, if necessary for that purpose, further seeking relief from the automatic stay for FHFA to obtain such access.[2]

## PRELIMINARY STATEMENT[3]

FHFA seeks discovery of 21 "loan tapes" or spreadsheets containing data regarding the mortgage loans in the securitizations at issue in the FHFA Case. By Orders dated May 8 and May 15, 2012, the District Court directed all defendants to produce to FHFA the final closing loan tapes and originator information for each securitization so that FHFA could use the data to develop its sampling protocols. Non-Debtor Affiliates Ally Financial, Inc. and GMAC Mortgage Group, Inc. failed to comply with the Loan Tape Orders alleging they did not possess the documents, that the documents were property of the Debtors' estates and that automatic stay precluded them from obtaining the documents from the Debtors. FHFA disputed the Non-

---

[1] As set forth herein, this Motion is submitted at the direction of Judge Cote pursuant to her July 11, 2012 Order. FHFA does not otherwise submit to the jurisdiction of this Court and reserves all rights with respect to such jurisdiction.

[2] FHFA files herewith the declaration of *Kanchana Wangkeo Leung* (the "July 17 Leung Declaration"), which is cited herein as "July 17 Leung Decl."

[3] Capitalized terms not defined in the Preliminary Statement have the meanings ascribed to them *infra*.

3

Debtor Affiliates' assertion that they lacked direct access and control of the documents and, therefore, sought to compel the Non-Debtor Affiliates to produce those 21 documents.

On July 11, 2012, District Judge Cote directed FHFA, before moving to compel production from the Non-Debtor Affiliates in the FHFA Case, first to seek from this Court access to the loan tapes and originator information. In compliance with the District Court's Order, FHFA brings this Motion. Judge Cote made clear during a telephonic conference with the attorneys in the FHFA Case and the Debtors' counsel the importance of these loan tapes and originator information to the FHFA Case and to the other 15 cases she is coordinating that are interrelated with the FHFA Case. Indeed, she found it "clear from the conferences [she had] held in the[] cases that without [the loan tapes and originator information], it will be very difficult for the litigation to proceed" because that limited discovery "is the first cut that permits the parties to evaluate the claims and to organize their other discovery requests and figure out whether or not third-party discovery needs to take place and who would be involved in that."[4] FHFA is entitled to such discovery from the Debtors because it falls outside the scope of the automatic stay and because, even if the automatic stay applies, ample cause exists to lift the stay.

As set forth below, the Court should permit FHFA access to the 21 loan tapes and originator information.

## FACTUAL BACKGROUND

**A.   The FHFA Case.**

1.   The FHFA Case is one of 18 similar securities actions brought by FHFA; 16 are in New York. The 16 cases, including the FHFA Case (collectively, the "FHFA Coordinated

---

[4]   (*See* July 17 Leung Decl., Ex. J at 9:3-10.)

4

Actions"), have been assigned to Judge Cote to coordinate the various cases and avoid unnecessary duplication.

2.  FHFA's amended complaint in the FHFA Case (the "FHFA Amended Complaint") filed on June 13, 2012, names 10 defendants (collectively, the "FHFA Litigation Defendants"), consisting of: (1) Ally Financial, Inc. f/k/a GMAC, LLC ("AFI"), GMAC Mortgage Group, Inc. ("GMACM") and Ally Securities, LLC f/k/a Residential Funding Securities, LLC d/b/a GMAC RFC Securities ("Ally Securities" and collectively with AFI and GMG, the "Non-Debtor Affiliates") and (2) seven underwriters that are neither Debtors nor affiliates of the Debtors (collectively, the "Non-Affiliate Defendants"). The Debtors are not named in the FHFA Amended Complaint. (*See Declaration of Kanchana Wangkeo Leung in Support of Defendant Federal Housing Finance Agency's (A) Memorandum of Law in Support of Motion to Withdraw the Reference as to Defendant Federal Housing Finance Agency and (B) Memorandum of Law (I) in Support of FHFA's Motion to Dismiss the Complaint for Lack of Jurisdiction and (II) in Opposition to Debtors' Motion to Extend Automatic Stay and to Enjoin Litigation Against Non-Debtors* dated June 28, 2012 (the "June 28 Leung Declaration") (annexed hereto as **Exhibit A** and cited herein as the "June 28 Leung Decl.") at ¶ 15.)

3.  The FHFA Amended Complaint contains seven claims against the FHFA Litigation Defendants arising from false and misleading statements and omissions in the registration statements, prospectuses and other offering materials relating to $6 billion of residential mortgage-backed securities ("RMBS" or "Certificates") purchased by Freddie Mac from 21 securitization trusts between September 23, 2005 and May 30, 2007. The FHFA Amended Complaint alleges, among other things, that the offering documents for the Certificates misrepresented that the underlying mortgage loans complied with certain underwriting guidelines

5

and standards and presented a false picture of the characteristics and riskiness of those loans. (June 28 Leung Decl. ¶ 16.)[5]

4.  On May 14, 2012, Judge Cote held a scheduling conference, at which she discussed coordinating litigation schedules for all of the FHFA Coordinated Actions. At the status conference, Judge Cote addressed the importance of loan tapes production. (July 17 Leung Decl., Ex. B at 37:22-38:6.) On May 15, 2012, Judge Cote entered a scheduling order applicable to all the FHFA Coordinated Actions. (June 28 Leung Decl. ¶ 22, Ex. C) The scheduling order provided a very compressed timeline for discovery in all the FHFA Coordinated Actions, which includes the substantial completion of document exchange by September 30, 2012. (*Id.* at 5.) It further provided as follows concerning the discovery process:

> IT IS FURTHER ORDERED that the defendants shall provide the final closing loan tapes provided to Trustees and the information sufficient to identify originators of each loan, as required by the Order of May 8, on a rolling basis, with the final production to be made no later than June 8, 2012. In the event any party currently has such tapes and information in its possession, it should be provided to FHFA by May 18, 2012.

(*Id.* at 6.)

**B.  The Adversary Proceeding And Withdrawal Of The Reference As To FHFA.**

5.  On May 25, 2012, the Debtors commenced in this Court the adversary proceeding styled *Residential Capital, LLC et al. v. Allstate Ins. Co. et al.*, Adv. Proc. No. 12-01671 (the "Adversary Proceeding") and filed their *Motion to Extend Automatic Stay or, in the Alternative, for Injunctive Relief Enjoining Prosecution of Certain Pending Litigation Against Debtors' Directors and Officers and Non-Debtor Corporate Affiliates* (the "Stay Motion"). FHFA is named as a defendant in the Adversary Proceeding.

---

[5]  (*See also* June 28 Leung Decl. ¶¶ 18-20 (providing further description of the claims in the FHFA Amended Complaint).)

6. On June 28, 2012, FHFA filed a *Notice of Motion to Withdraw the Reference of the Above-Captioned Adversary Proceeding to the Bankruptcy Court* [Adv. Proc. Docket No. 44], a memorandum of law in support of same [Docket No. 46] (the "Withdrawal Motion") and the June 28 Leung Declaration [Docket No. 48].

7. On July 9, 2012, Judge Cote entered an Order granting the Withdrawal Motion and withdrawing the reference of the Adversary Proceeding, solely as to FHFA. (July 17 Leung Decl., Ex. C.) In that Order, Judge Cote also scheduled a case conference for July 17, 2012. As such, the Adversary Proceeding, solely as to FHFA, is now pending before Judge Cote as Case No. 12-05116 where it remains *sub judice*.

C. **The July 11, 2012 FHFA Case Discovery Conference.**

8. The District Court entered orders (the "Loan Tape Orders") on May 8 and May 15, 2012, directing defendants to provide FHFA no later than June 8, 2012 with the "final closing loan tapes provided to Trustees and the information sufficient to identify originators of each loan" (together, "Loan Tapes"). (July 17 Leung Decl., Exs. D, E.) Over the ensuing month, several Non-Affiliate Defendants produced certain Loan Tapes in the FHFA Case, which cover 16 out of the 21 Securitizations. (July 17 Leung Decl. ¶ 18.) However, the majority of the produced Loan Tapes contain data deficiencies that make them insufficient for FHFA's sampling expert to develop a sampling protocol. (*Id.*) For example, there is information missing about originators and loan group identifiers and there are material discrepancies between the data in the spreadsheets and the loan information in the prospectus supplements for the Certificates. (*Id.*)

9. AFI and GMACM failed to produce any Loan Tapes. They attempted to justify their non-compliance with the Loan Tape Orders by asserting that "the loan tapes and information identifying the originators of each loan *may be* in the possession of the bankruptcy

estate, and subject to the automatic stay in the proceeding. . . ." (July 17 Leung Decl., Ex. F (emphasis added).) However, the Debtors have represented to this Court that they have ready access to the Loan Tapes responsive to the Loan Tape Orders. In support of the Stay Motion, Jeffrey Lipps, counsel to several of the Debtors, declared that "[o]nly the debtor entities have the *ready access* to information responsive to Judge Cote's Order: it is the debtor ResCap that maintains the loan-level data, and debtor ResCap personnel that must research and query debtor ResCap systems to pull together that type of information." (July 17 Leung Decl., Ex. G (Declaration of Jeffrey Lipps, dated May 24, 2012 ¶ 67 (emphasis added).)

10. On July 2, 2012, FHFA sent a letter to Judge Cote requesting permission to file a motion to compel the production by AFI and GMACM of (1) the final closing loan tapes for the 21 Securitizations that are the subject of the FHFA Case and (2) information sufficient to identify originators of each underlying loan (July 17 Leung Decl. Ex. H.) In response, AFI and GMACM argued, among other things, that the automatic stay precludes them from obtaining loan tapes from the Debtors. (July 17 Leung Decl. Ex. I.)

11. On July 11, 2012, Judge Cote held a conference with counsel to FHFA, the Debtors, AFI/GMACM, Ally Securities and the Non-Affiliated Defendants (the "July 11 Conference") to discuss production of loan tapes and originator information. Judge Cote emphasized the importance of ensuring that discovery progress, explaining:

> Ultimately, there may be global resolutions by one or more defendants across the whole set of cases. And, it's important that, given the scheduling and the efforts we've all made together to move forward efficiently, try to make sure that everybody has an opportunity to look at the documents together, evaluate the strengths and weaknesses of the claims and defenses, depose witnesses once, get the cases organized for motion practice and the conduct of the separate trials in a way that makes the most sense for all the parties, not just one, not just a plaintiff or a defendant, but all the parties.

8

(*See* July 17 Leung Decl., Ex. J at 7:19-8:4.)

    12. Judge Cote found it "clear from the conferences [she had] held in these cases that without that [the loan tapes and originator information], it will be very difficult for the litigation to proceed" because that limited discovery "is the first cut that permits the parties to evaluate the claims and to organize their other discovery requests and figure out whether or not third-party discovery needs to take place and who would be involved in that." (*Id*. 9:3-10.)

    13. Reserving judgment on whether FHFA can compel AFI/GMACM to produce documents in the Debtors' possession, Judge Cote explained:

> [E]ven if I should extend the stay as to Ally, it seems to me that Ally and Res Cap should be producing the final closing loan tapes and the originator information so that the rest of this litigation, that is, 11 CV 7010, can proceed. And to the extent that 7010 is interrelated with the other cases, because there are groups of defendants common to so many of the cases, that that decision about this limited discrete production of material, you know, should be considered a separate issue.

(*Id.* 9:22-10:5.)

    14. Judge Cote then directed FHFA to submit its application to this Court for access to the loan tapes and originator information from the Debtors and ordered AFI "to cooperate fully in that application that FHFA would be making to the bankruptcy court." (*Id.* at 10:9-14.)

    15. On July 11, 2012, Judge Cote issued an Order consistent with her determinations at the July 11, 2012 Conference. That Order provides that "[o]n the assumption that the tapes and information are, as defendants claim, in the physical possession of Ally's bankrupt subsidiary, Residential Capital LLC," then "FHFA is directed to make its application for access to the tapes and originator information in the first instance to the Bankruptcy Court" and "Ally shall fully cooperate with FHFA in this application." (July 17 Leung Decl., Ex. K.)

9

# ARGUMENT

## I.

## THE AUTOMATIC STAY DOES NOT SHIELD THE DEBTORS FROM THIRD PARTY DISCOVERY

16.     The loan tapes and originator information clearly falls outsid the scope of the automatic stay. Section 362(a) of the Bankruptcy Code automatically stays, among other things:

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
>
> * * *
>
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate

11 U.S.C. § 362(a).

17.     Section 362(a)(1) plainly does apply here because the Debtors are not parties to the FHFA Case. Thus, FHFA is not commencing or continuing an action or proceeding against the Debtors. Section 362(a)(3) also does not apply because FHFA is not attempting to obtain possession or exercise control of property of the estate or property from the estate. It is seeking to obtain copies of such information to prosecute litigation against third-parties.

18.     Discovery against a debtor in an action against defendants other than a debtor is not stayed. *See* 7 COLLIER ON BANKRUPTCY ¶ 362.03[3] ("discovery against the debtor in an action against parties other than the debtor is not stayed."). Courts have consistently held that the automatic stay does not preclude a party from seeking third-party discovery against a debtor. *See In re Miller*, 262 B.R. 499, 504-05 (9th Cir. B.A.P. 2001) (holding that the automatic stay

10

did not protect debtor from having to comply with discovery requests in multi-defendant case in which debtor was one of the defendants, so long as the discovery requests pertained only to creditors' claims against other, non-debtor defendants); *In re Mahurkar Double Lumen Hemodialysis Catheter Patent Litig.*, 140 B.R. 969, 977 (N.D. Ill. 1992) (Easterbrook, J., sitting by designation) (holding that the debtor and its employees were not protected by the automatic stay with respect to discovery relating to claims against non-debtor co-defendants and the debtor "has no ground to interfere with or disrupt discovery that is calculated to lead to evidence admissible against" his solvent co-defendant); *In re Hillsborough Holdings Corp.*, 130 B.R. 603, 605 (Bankr. M.D. Fla. 1991) (holding that the automatic stay did not prevent discovery aimed at debtor as long as the discovery pertained to claims and defenses of a non-debtor party).  Courts have found this to be true even if the information discovered could later be used against the debtor.  *See e.g., In re Richard B. Vance & Co.*, 289 B.R. 692, 697 (Bankr. C.D. Ill. 2003) (noting that the majority rule is that the automatic stay does not prohibit discovery pertaining to claims against a debtor's co-defendants, "even if the discovery requires a response from the debtor, and even if the information discovered could later be used against the debtor."); *In re Miller*, 262 B.R. at 504 ("Information is information, and we believe the discovery of it as part of the development of a case against non-debtor parties is permissible, even if that information could later be used against the party protected by the automatic stay.").

11

**II.**

## THE COURT SHOULD GRANT RELIEF FROM THE AUTOMATIC STAY, IF THE COURT BELIEVES IT APPLIES, SO AS TO PERMIT ACCESS TO THIS CRUCIAL INFORMATION IN ACCORDANCE WITH JUDGE COTE'S ORDER.

19. Assuming *arguendo* that the automatic stay applies to the loan tapes and originator information based on the Debtor's possession of this discovery, "cause" exists to grant relief from the automatic stay under the circumstances extant here. Section 362(d)(1) of the Bankruptcy Code authorizes courts to terminate, annul, modify or condition the automatic stay upon a finding of "cause." 11 U.S.C. § 362(d). Because the Bankruptcy Code does not define cause, courts in this District consider the following 12 factors adopted by the Second Circuit in *In re Sonnax Indus.*, 907 F.2d 1280, 1286 (2d Cir. 1990) to decide "whether litigation should be permitted to continue in another forum":

> (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.

*See e.g. In re MF Global Holdings Ltd.*, 469 B.R. 177, 191 (Bankr. S.D.N.Y. 2012) (applying *Sonnax* factors); *In re Project Orange Assocs., LLC*, 432 B.R. 89, 104 (Bankr. S.D.N.Y. 2010) (same); *In re Dreier*, 438 B.R. 449, 455 (Bankr. S.D.N.Y. 2010) (same).

20.     As this Court explained in *MF Global Holdings Ltd.*, 469 B.R. at 191, "[n]ot all of the factors are relevant in every case, and 'cause' is a broad and flexible concept that must be determined on a case-by-case basis." Moreover, a court need not assign equal weight to each factor. *In re Dreier*, 438 B.R. at 455.

21.     The *Sonnax* factors that are relevant here overwhelmingly weigh in favor of relief from the stay to permit FHFA to obtain access to the loan tapes and originator information. Given the limited nature of the discovery sought, the 21 loan tapes will not harm the Debtors or their estates or interfere with these Bankruptcy Cases, in contrast to the extensive harm and prejudice that not lifting the stay would have on FHFA. (*Sonnax* factors (2) and (12).) Moreover, given the paramount importance of the loan tapes and originator information to the FHFA Coordinated Actions, the interests of judicial economy clearly favor access to these loan tapes. (*Sonnax* factor (10).)

22.     The subject discovery is extremely limited. The loan tapes consist of just 21 data files, likely Excel spreadsheets, containing approximately 50-60 data fields regarding characteristics for each loan in the securitization. The originator information is supposed to be included as a data field in the loan tapes (July 17 Leung Decl. ¶ 16,) but, in any event, the Debtors have ready access to the originator information (July 17 Leung Decl., Ex. L (Declaration of Jeffrey Blaschko in Support of Defendants' Opposition to Plaintiffs' Motion for Remand dated December 2, 2011).) There is simply no basis to believe that gathering and producing 21 spreadsheets could in any way interfere with the Bankruptcy Cases. Indeed, those tasks would not require involvement of any key decision-makers involved in strategic planning or plan formulation or negotiation. *See In re Johns-Manville Corp.*, 39 B.R. 659, 661 (S.D.N.Y. 1984)

("Manville has made no showing that this discovery would involve anyone significantly responsible for high level corporate management or reorganization negotiations.")

23. In contrast to the Debtors, if FHFA is precluded from obtaining the loan tapes and originator information it will experience extensive harm and prejudice. During the July 11 Conference, Judge Cote emphasized the importance of moving forward with discovery in the FHFA Case with respect to *all* parties and the important role that the loan tapes will play in the parties' ability to do so. Several of the Non-Affiliate Defendants are defendants in the other FHFA Coordinated Actions. A delay in just one case hinders the ability of both FHFA and the defendants to "evaluate the strengths and weaknesses of the claims and defenses, depose witnesses once, get the cases organized for motion practice and the conduct of the separate trials in a way that makes the most sense for all the parties" including, but not limited to, resolving claims on a global basis across cases. (*See* July 17 Leung Decl., Ex. J at 7:21-8:4.)

24. Judge Cote stated that without the loan tapes and originator information "it will be very difficult for the litigation to proceed" because the subject discovery "is the first cut that permits the parties to evaluate the claims and to organize their other discovery requests and figure out whether or not third-party discovery needs to take place and who would be involved in that." (*Id*. at 9:3-10.)

25. Accordingly, relief from the automatic stay (if it applies) is justified here because the non-existent harm to the Debtors from providing the subject discovery is clearly outweighed by the extensive prejudice that will be befall FHFA and the FHFA Coordinated Actions without the loans tapes and originator information.

## **CONCLUSION**

For the foregoing reasons, the Court should permit FHFA access to the loan tapes and originator information and grant any such other and further relief to FHFA deemed just and proper.

DATED:    July 17, 2012
          New York, New York

                         KASOWITZ, BENSON, TORRES &
                            FRIEDMAN LLP

/s/ Andrew K. Glenn
Andrew K. Glenn (aglenn@kasowitz.com)
Matthew B. Stein (mstein@kasowitz.com)
Daniel A. Fliman (dfliman@kasowitz.com)
1633 Broadway
New York, New York 10019
Telephone:  (212) 506-1700
Facsimile:  (212) 506-1800

*Attorneys for Federal Housing*
*Finance Agency, as Conservator for the Federal*
*Home Loan Mortgage Corporation*