**UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF NEW YORK;**

| | |
|---|---|
| In Re: Residential Capital, LLC., et al., And, | )  Case No. <u>12-bk-12020 (MG)</u> |
| In Re: GMAC, Mortgage Co., et al, | )  Chapter    (Ch.11, Joint Admin. ) |
| Debtors | ) (Related BR Case No.07-bk-57237, S.D., OHIO) |
| | ) (Related BR Case No. 12-bk-12032, S.D., N.Y.) |
| | )  JUDGE: GLENN, MARTIN |
| UNITED STATES of America, Ex Rel., | ) |
| Yvonne D. Lewis, et al., | )  Adversary Case No.: <u>12-01731</u> |
| Plaintiffs/ Surplus Creditors | ) (Related Case No. 12-bk-12020 (MG); |
| Vs. | )  05-CV-7346 (03-CV-7478); 03-CV-10836; |
| | )  05-CV-4555; 03-CV-6954);(11-AP-875, |
| GMAC, Mortgage Co., et al, | )  COA10th Dist., OHIO), (10-AP-110, COA10th |
| Defendants/ Bankrupt Debtor, | )  Dist., OH.); (2:96-cv-494, USDC, SD, OH., E. Div.) |

## <u>CREDITOR LEWIS'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF OBJECTION TO DECLARATION OF JENNIFER A.L. BATTLE</u>

**UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF OHIO;**
**(at Columbus)**
[18 USC§§ 664, 1001, 1962] [ 26 USC §§101(f)(3), 267(b)(1)& (c)(4)]

| | |
|---|---|
| In Re: SIDNEY T. LEWIS, pro se, | )  Case No. 2:07-bk-57237 |
| | )        (Ch.7 ) |
| Debtor | )     (Related Bankr Case No. 2:05-bk-75111) |
| | ) |
| Social Security No.: xxx-xx-5959 | )  JUDGE: HOFFMAN, JOHN, Jr. |

| | |
|---|---|
| In Re: Yvonne D. Lewis, | )  Case No. 2:05-bk-75111 |
| | )        (Ch.7 ) |
| Debtor | )   (Related Case No. 2:07-bk-57237) |
| | ) |
| Social Security No.: xxx-xx-2390 | )  JUDGE: HOFFMAN, JOHN, Jr. |

IN THE UNITED STATES DISTRICT COURT, S. D. OF OHIO
EASTERN DIVISION (at Columbus)
[18 USC§§664, 1962] [ 26 USC §§101(f)(3), 267(b)(1)& (c)(4)]

| | |
|---|---|
| UNITED STATES of America, Ex Rel., | |
| Sidney T. Lewis, et al., | )  Action No. <u>2:08-cv-1042</u> |
| Plaintiffs | (Related Dist. Ct. Cases 2:08-cv-16; <u>2:96-cv-494</u>; |
| Vs. | )   2:09-cv-179); |
| | JUDGE: HOLSCHUH |
| Larry McClatchey, Trustee, and Attorney | ) |

RECEIVED
JUL 1 6 2012
U.S. BANKRUPTCY COURT
SO. DIST. OF NEW YORK

For Trustee Larry McClatchey, et al.,          ) Magistrate Judge: KING
        Defendants.

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA
[18 USC§§664, 1962] [ 26 USC §§101(f)(3), 267(b)(1)& (c)(4)]

|  |  |
|---|---|
| FRIENDS OF THE EARTH, et al.,<br>    Plaintiff,<br><br>Vs<br>UNITED STATES E.P.A. and<br>LISA JACKSON, Administrator,<br>    Defendants. | Case: 1: 12-cv-00363<br>  Assigned To: Jackson, Amy Berman, Judge<br>  Description: Admin. Agency Review ("I-670") |

# UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

WHITE, et al                :   Case No. 05-cv-1070 DOC (MLGx)

vs.                   :   Judge: _____

EXPERIAN INFORMATION
SOLUTIONS, INC.          :

                         :   " <u>$45 MILLION DOLLAR SETTLEMENT</u>
(Related C.A. Dist. Ct. Case Nos:   :   <u>IN ANTI-TRUST CLASS ACTION</u>"
Case #05-cv-1073, DOC (MLGx)
Case #05-cv-7821, DOC (MLGx)    :
Case #06-cv-0392, DOC (MLGx)
Case #06-cv-5060, DOC (MLGx)    :

# UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF IOWA;
# CENTRAL DIVISION
[18 USC§§664, 1001, 1962] [26 USC §§101(f)(3), 267(b)(1)& (c)(4)]

SECURITIES & EXCHANGE COMM., "S.E.C."  )
      Plaintiff,            )
vs.                      )    Case No. <u>4:10-cv-87</u>
                          ) [15 USC §§ 77d(5), 77k; 29 USC § 1001(a)]
AMERICAN EQUITY INVESTMENT LIFE  )
HOLDING COMPANY ("AEL") et al.,     )

DAVID J. NOBLE; and                    )
WENDY C. WAUGAMAN,                     )
    Defendants.               )

## UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY; LOUISVILLE DIVISION
### [18 USC§§664, 1962] [26 USC §§101(f)(3), 267(b)(1)& (c)(4)]

BEVERLY S. MALONE, Living Trust Beneficiary,)
    Plaintiff,                 )      Case No. 3:01-CV-259(H)
                               )    [15 USC §§ 77c(a)(8), 77k; 26 USC §101(f)(3)]
vs.                                    )
                               )    JUDGE: JOHN HEYBURN
                               )
AMERICAN EQUITY INVESTMENT LIFE        )
HOLDING COMPANY ("AEL") et al., and    )
ADDISON INSURANCE MARKETING (AIM)      )
    Defendants.                )

## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA; CENTRAL DIVISION (at Orlando)
### [18 USC§§664, 1962] [26 USC §§101(f)(3), 267(b)(1)& (c)(4)]

Charles Strube, Trustee and Liv. Trust Settlor, et al. )
    Plaintiff,                 )    Case No. 6:01-CV-1236-ORL-19-DAB
                               )
vs.                                    )
                               )    JUDGE: _____
AMERICAN EQUITY INVESTMENT LIFE        )
HOLDING COMPANY ("AEL") et al., and    )
ADDISON INSURANCE MARKETING (AIM)      )
    Defendants.                )

## IN THE COMMON PLEAS COURT; FRANKLIN COUNTY, OHIO; CIVIL DIVISION
### [18 USC§§664, 1962] [26 USC §§101(f)(3), 267(b)(1)&(c)(4)][49 USC §§ 47504(a)(2)(D)&(E), 47123]

ARGYLE PARK CIVIC ASSOC., et al.       :    Civil Action No.: <u>1998-CV-3445</u>
    (Plaintiffs)                   (Related CPC Case Nos: 05-CV-4555; 05-JG-6455;
                                   05-JG-7388)
Vs.                                    :
                                   JUDGE: <u>ALAN TRAVIS</u>
COLUMBUS, CITY OF
OFFICE OF CITY ATTORNEY                :
    (Defendants)

## <u>CREDITOR LEWIS'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW IN</u>

## SUPPORT OF OBJECTION TO DECLARATION OF JENNIFER A.L. BATTLE

The Discharged Debtors Sid Lewis and Yvonne D. Lewis as *Creditors* herein having commenced an adversary proceeding and proposed Findings of fact and conclusions of law in support of objection to Declaration of Jennifer A.L. Battle for CLL for an order to Transfer Case to Ohio, and the same having come on to be heard on July 13, 2012,

Now, the testimony or Declaration of Jennifer A.L. Battle adduced, and after hearing on Objections of Discharged Debtors Sid Lewis and Yvonne D. Lewis in support of said complaint, and motion to Transfer Case to Ohio and Jennifer A.L. Battle attorney for the defendant, in opposition thereto; We the Discharged Debtors hereby make and proffer the following proposed findings of fact and conclusions of law:

### Findings of Fact

(a) Bankruptcy Doc. 742, filed 7/11/12, at pg. 6 of 32, at sections15-18, Declaration of Jennifer A.L. Battle, is false and misleading (18 USC 1001) due to the fact that: Testimony by CLL is necessary to admit the disputed facts contained in CLL's Memorandum Contra filed **DECEMBER 14, 2011** filed by CLL's thru KAREN CADIEUX (see attached: **EXHIBIT A**, at pg. 7, "at co-counsel for plaintiff GMAC"), in the case of GMAC Mortgage Co. (plaintiff) vs Yvonne Lewis (defendant), in the Franklin County Common Pleas Court, Ohio, case no. 05-CV-4555, at pg. 5, regarding unresolved insufficiency of service of process and "Due Process" Hearing issues which falsely avers as follows:

> "Defendants are not entitled to a "Due Process Hearing "; And,
> "the Court should also deny Defendant's Request for a "Due Process" Hearing."

(see **EXHIBIT A**, Memorandum Contra filed **DECEMBER 14, 2011**)

(b) Bankruptcy Doc. 742, at section 16, falsely avers as follows:

> "***, the original foreclosure counsel who handled the matter at the trial level successfully prosecuted the matter through a foreclosure sale."

(See: Doc. 742, id. 16)

**(c)** Bankruptcy Doc. 742, at section 16-18, falsely implies that the "reviewing court" sua sponte reached the merits of the AFFIRMATIVE DEFENSE as an appellate "fact-finder" without "DENIAL OF ACCESS TO COURTS" as follows:

> "*** the Franklin Court of Appeals has dismissed <u>sua sponte</u> as having no merit and noted they had been found to be vexatious litigators."

(See: Doc. 742, id. 16-18)

**(d)** Pursuant to Federal Law (see 49 USC 47504(a)(2)(D)&(E), 44715(c); 53 FR 2800) the owner of the impacted properties in Argyle Park Subdivision (APS) delivered said impacted property to the Federal Aviation Administration and US EPA for abatement and control of Flight Tracks and Aircraft Emissions with lead additives under FAA, FAR part 150..

(d) There are 128 properties in APS under FAA possession or under indispensable defendant US EPA's control for abatement and control of Flight Tracks and Aircraft Emissions with lead additives under FAA, FAR part 150

Conclusions of Law

**(1)** Pursuant to the Due Process Clause of the Fourteenth Amendment of the United States Constitution, i.e., the provisions of "Due Process" and "Equal Protections", the State Defendants (Lewises) did <u>not</u> waive their rights to be heard on the issue of **"insufficiency of service of process"** (**"affirmative defense"**) in a Due Process Hearing (**"Preliminary hearing"**).  The Ohio Supreme Court in the case of Bank of Marietta v. Cline, 12 Ohio St. 3d 317, 318, held that an "**<u>appellant did not waive the defense of insufficiency of service</u>**" because Appellee failed to demonstrate "*strict compliance with statutory requirements for service of process*."

## <u>DUE PROCESS HEARING, STRICT COMPLIANCE, SERVICE OF PROCESS</u>

"Under the Due Process Clause of the Fourteenth Amendment, states are prohibited from

"depriv[ing] . . . any person of life, liberty, or property, without **due process** of law." U.S. CONST. amend. XIV. In Club Italia, we explained: The right to procedural due process "requires that when a State seeks to terminate [a protected] interest . . . it **must afford 'notice and opportunity for hearing** appropriate to the nature of the case' before the termination becomes effective." Bd. of Regents v. Roth, 408 U.S. 564, 570, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1971) (quoting Bell v. Burson, 402 U.S. 535, 542, 91 S. Ct. 1586, 29 L. Ed. 2d 90 (1971))."

(SEE: Aarti Hospitality, LLC v. City of Grove City, 350 Fed. Appx. 1, 13 (6th Cir. Ohio 2009)); ALSO SEE: First Bank of Marietta v. Cline, 12 Ohio St. 3d 317, 318 (Ohio 1984)("**Preliminary hearings**. The defenses specifically enumerated (1) to (7) in subdivision (B) of this rule, whether made in a pleading or by motion, and the motion for judgment mentioned in subdivision (C) of this rule **shall be heard** and determined before trial on application of any party. Accordingly, **appellant did not waive the defense of insufficiency of service** by choosing not to ask for a pretrial hearing. For the foregoing reasons, the judgment of the court of appeals is reversed."); See Also: South Down Rec. Ass'n v. Moran, 141 N.H. 484, 487 (N.H. 1996), ("we also consistently require **strict compliance** with statutory requirements for **service of process**. E.g., Lachapelle v. Town of Goffstown, 134 N.H. 478, 479, 593 A.2d 1152, 1153 (1991); cf. First Bank of Marietta v. Cline, 12 Ohio St. 3d 317, 466 N.E.2d 567, 568-69 (Ohio 1984)"))

""When deciding an issue of state law, we apply the law of the state's highest court." Ellis v. Cleveland Mun. Sch. Dist., 455 F.3d 690, 697 (6th Cir. 2006) (citing Erie, 304 U.S. at 78)."

(See: Aarti Hospitality, LLC v. City of Grove City, 350 Fed. Appx. 1, 7 (6th Cir. Ohio 2009))

## SERVICE OF PROCESS

""A defendant who raises an *affirmative defense* for insufficiency of service of process before actively participating in the case continues to have an adequate defense relating to service of process." Coke v. Mayo (Feb. 4, 1999), 10th Dist. No. 98AP-550, 1999 Ohio App. LEXIS 346, citing First Bank of Marietta v. Cline (1984), 12 Ohio St.3d 317, 12 Ohio B. 388, 466 N.E.2d 567."

(See: DeLarosa v. Taylor Edwards Addison Transp., 2005 Ohio 1130, P10 (Ohio Ct. App., Wayne County Mar. 16, 2005)

"the Second Circuit has held that "[a] defendant's sworn denial of receipt of service . . . rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing." Old Republic Ins. Co., 301 F.3d at 57; see also Davis v. Musler, 713 F.2d 907 (2d Cir. 1983) (holding, in light of the directly conflicting affidavits submitted by the process server and by the defendants, that the district court abused its discretion by failing to hold an evidentiary hearing to resolve the issue of whether service had been effected)."
(See: **Nature's First, Inc. v. Nature's First Law, Inc., 436 F. Supp. 2d 368, 374 (D. Conn. 2006)**)

It follows that the Defendants Lewis' as creditors herein **did not waive the defense of insufficiency of**

service as an **affirmative defense by** 'defendant's sworn denial of receipt of service' (see **Nature's First, Id**), in the Franklin County Common Pleas Court, Ohio, case no. 05-CV-4555. (See: First Bank of Marietta, Id., Supra, 12 Ohio St. 3d at pp. 318) Nor has the Debtor GMAC demonstrated that the Lewis' are not entitle to the right to a procedural due process hearing before the termination of their [a protected] interest becomes effective. (See: Bd. of Regents v. Roth, 408 U.S. at 570)

 (2) In the above entitled case, Creditors Lewis' are entitled to retain immediate possession of said Argyle Park Property due to the fact that "the record discloses that the lower court was without jurisdiction this court will notice the defect." (see Steel Co., Id., Infra, 523 U.S. at pp.95) "**a meritorious defense need not be shown.**" (See: Robinson Id., Infra, 383 Fed. Appx. at pp. 58)

## LACK OF JURISDICTION

""On every writ of error or appeal, the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes. This question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it." Great Southern Fire Proof Hotel Co. v. Jones, supra, 177 U.S. 449 at 453."

(See: Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (U.S. 1998)("And if the record discloses that the lower court was without jurisdiction this court will notice the defect***"); followed by: Aarti Hospitality, LLC v. City of Grove City, 350 Fed. Appx. 1, 16 (6th Cir. Ohio 2009); McHale v. Citibank, N.A. (In re 1031 Tax Group, LLC), 420 B.R. 178, 192 (Bankr. S.D.N.Y. 2009), ("'Without jurisdiction a court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to a court is of announcing the fact and dismissing the case.'") (quoting Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998)); followed by: New Phone Co. v. New York City Dep't of Info. Tech. & Telecomms., 2011 U.S. Dist. LEXIS 146387 (E.D.N.Y. Mar. 7, 2011))

## VACATUR OF A DEFAULT JUDGMENT IS LACK OF NOTICE

"Supreme Court has held that where the asserted basis for vacatur of a default judgment is lack of notice, **a meritorious defense need not be shown**. See Peralta v. Heights Med. Ctr, Inc., 485 U.S. 80, 86-87, 108 S. Ct. 896, 99 L. Ed. 2d 75 (1988). Appellants therefore did not need to assert a meritorious defense in support of their motion before the district court. For these reasons, we vacate the default judgment.

For the foregoing reasons, the default judgment of the district court is VACATED and the

case REMANDED for further proceedings consistent with this order."

(See: **Robinson v. Sanctuary Music, 383 Fed. Appx. 54, 58 (2d Cir. N.Y. 2010))**

It follows that the Franklin County Common Pleas Court, Ohio, case no. 05-CV-4555, "the court from

which the record comes" (see Steel Co, Id., Supra, 523 U.S. at 94-95) was "Without jurisdiction" (Id.)

absent GMAC's **strict compliance** with statutory requirements for **service of process** (see Moran, 141

N.H. at pp. 487), absent **notice and opportunity for hearing** appropriate to the nature of the case'

before the termination becomes effective on **September 12, 2011** (See: Bd.of Regents, Id. 408 U.S. at

570) and dismissed the case. (See: BR Doc. 742, at **EXHIBIT 3**)

<u>EXECUTIVE ORDER NO. 12630</u>

"Pursuant to a 1988 Executive Order, executive agencies must analyze the takings implications of
certain actions and must report any significant findings to the Office of Management and Budget: these
reports are called "Takings Implications Assessments." See Cong. Budget Office, Regulatory Takings
and Proposals for Change 45 (1998) (discussing Exec. Order No. 12630, 53 Fed. Reg. 8859 (1988)),
available at http://www.cbo.gov/doc.cfm?index=1051&type=0&sequence=6.") (see: **Res. Invs., Inc. v.
United States, 97 Fed. Cl. 545, 548, at fnt. 5, (Fed. Cl. 2011))**

It follows that the case record in Franklin County Common Pleas Court, Ohio, case no. 05-CV-4555,

fails to demonstrate that the trial court "analyzed" the 1987 "Takings Implications Assessments" (See:

**Res. Invs., Inc.**) and jurisdiction of the FAA and US EPA for 1987 flight tracks and av-gas emissions

from aircraft "Regulated" under FAA, FAR part 150, (See: 14 CFR 150.21 et seq.) for the current

Federal Program impacting the underlying Argyle Park Subdivision Properties. (see: 53 FR 2800, 8859)

Respectfully Submitted,

Dated: July 13, 2012. _____        Dated: July 13, 2012. _____
              Sidney T. Lewis, pro se                        Yvonne D. Lewis, pro se
              1875 Alvason Avenue                            1875 Alvason Avenue
              Columbus, Ohio 43219                           Columbus, Ohio 43219
              (614) 940-3306                                  (614) 940-3306

CERTIFICATE OF SERVICE

I, Sidney T. Lewis, certify that on July 13, 2012 the "Motion" was served on the United States Attorney and parties, by personal delivery, E-mail or ordinary U.S. Mail.

Dated: July 13, 2012. _____    Dated: July 13, 2012. _____
         Sidney T. Lewis, pro se         Yvonne D. Lewis, pro se
         1875 Alvason Avenue         1875 Alvason Avenue
         Columbus, Ohio 43219         Columbus, Ohio 43219
         (614) 940-3306         (614) 940-3306

VERIFICATION

State of Ohio          )
                  ) SS:
Franklin County     )

I, Yvonne D. Lewis, declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge as based on my understandings and belief.
FURTHER SAYETH THE AFFIANT NAUGHT.

Executed on July 13, 2012 pursuant to 28 U.S.C.§§ 452, 1746, 1715; Ohio Const., Art. I, §16; U.S. Const., Amend., § 14th.

_____
YVONNE D. LEWIS, *Affiant, In Personam*

VERIFICATION

State of Ohio          )
                  ) SS:
Franklin County     )

I, Sidney T. Lewis, declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge as based on my understandings and belief.
FURTHER SAYETH THE AFFIANT NAUGHT.

Executed on July 13, 2012 pursuant to 28 U.S.C.§§ 452, 1746, 1715; Ohio Const., Art. I, §16; U.S. Const., Amend., § 14th.

_____
SIDNEY T. LEWIS, *Affiant, In Personam*

Franklin County Ohio Clerk of Courts of the Common Pleas- 2011 Dec 14 11:23 AM-05CV004555

0A108 - E36

## IN THE COURT OF COMMON PLEAS
### FRANKLIN COUNTY, OHIO

GMAC MORTGAGE CORPORATION,  :

   Plaintiff,  :  CASE NO. 05-CV-4555

        :

   v.  :  JUDGE JULIE LYNCH

        :

YVONNE LEWIS, et al.,  :

        :

   Defendants.  :

### MEMORANDUM CONTRA TO DEFENDANTS'
### EX PARTE MOTION FOR LEAVE/TEMPORARY RESTRAINING ORDER
### TO RESTRAIN SHERIFFS SALE SET FOR DEC. 16, 2011
### <u>FILED ON DECEMBER 12, 2011</u>

   Defendants Yvonne and Sidney Lewis ("Defendants") have filed what they label an Ex Parte Motion for Leave/Temporary Restraining Order to Restrain Sheriffs (sic) Sale Set For December 16, 2011. Defendants have not established any basis for restraining the sale and the Court should deny their motion. Moreover, Defendants filed a similar motion for a temporary restraining order in the appellate case, which was denied by the Tenth District Court of Appeals on December 13, 2011.

### <u>BACKGROUND.</u>

   This foreclosure action has been pending since April 22, 2005. Both Defendants were served by process server on May 2, 2005, but neither ever filed an answer to the Complaint. There is no question that Defendants are default on the Note and Mortgage that is the subject of the foreclosure action. Defendants are due for their February 2005 and all subsequent payments. Plaintiff GMAC Mortgage Corporation ("GMACM") did not seek and did not obtain a personal judgment against Defendants on the Note because Defendants were discharged on the Note in bankruptcy. GMACM has been granted a judgment, however, granting it the right to foreclose

Franklin County Ohio Clerk of Courts of the Common Pleas- 2011 Dec 14 11:23 AM-05CV004555

0A108 - E37

its Mortgage on the property.  See September 12, 2011 Judgment Decree in Foreclosure.  It is this order from which Defendants have appealed.

Defendants now seek to restrain the sheriff's sale scheduled for December 16, 2011.  The motion is supported by the affidavits of Sidney and Yvonne Lewis, neither of which has been notarized.  The motion and improper affidavits are not sufficient to entitle Defendants to a temporary restraining order or any order staying the sheriff's sale.

**DISCUSSION.**

**A Temporary Restraining Order Is Not The Proper Remedy And Is Not Warranted.**

The proper procedure for staying execution of a judgment pending an appeal is to file a motion to stay under Rule 62(B) of the Ohio Rules of Civil Procedure.  Rule 62(B) provides:

> When an appeal is taken the appellant may obtain a stay of
> execution of a judgment or any proceedings to enforce a judgment
> by giving an adequate supersedeas bond. The bond may be given at
> or after the time of filing the notice of appeal. The stay is effective
> when the supersedeas bond is approved by the court.

Ohio R. Civ. P. 62(B).  Defendants in this case have not given a supersedeas bond to stay the enforcement of the judgment as required by Rule 62(B).  Instead, they improperly seek to circumvent this requirement by filing a motion for a temporary restraining order.  The Court should not allow this and should deny the motion for temporary restraining order on this basis alone.

**The Title Commitment Is Not Improper.**

Defendants seek to stop or delay the sheriff's sale in this six-year long foreclosure action by alleging the endorsement to the title insurance commitment filed by GMACM on September 8, 2011 is somehow improper.  There is nothing improper about the endorsement, however.  The final title commitment endorsement was timely filed on September 8, 2011, more than thirty

2

Franklin County Ohio Clerk of Courts of the Common Pleas- 2011 Dec 14 11:23 AM-05CV004555

0A108 — E38

days before the sheriff's sale scheduled for December 16, 2011. See Franklin Co. Loc. R. 96.

Moreover, the title insurance commitment is for the benefit of purchaser of the property at the

sheriff's sale, not the Defendants. See id. §§ 96.01– 96.04. Thus, any problem with the title

insurance commitment cannot form the basis for the relief requested by Defendants.

Defendants also argue that the endorsement to the title insurance commitment failed to

include two judgment lien holders that they allege also have an interest in the property. There

were two judgment liens on the property bearing case numbers 05-JG-6455 filed on August 25,

2005 and 05-JG-7388 filed on September 26, 2005. Both of these liens have become dormant

and are no longer are liens on the property. See Ohio Rev. Code § 2329.07(A)(1) ("If neither

execution on a judgment rendered ..., nor a certificate of judgment for obtaining a lien upon

lands and tenements is issued and filed, ...within five years from the date of the judgment or

within five years from the date of the issuance of the last execution thereon or the issuance and

filing of the last such certificate, whichever is later, then, unless the judgment is in favor of the

state, the judgment shall be dormant and shall not operate as a lien upon the estate of the

judgment debtor"); Docket in Case 05-JG-6455 (attached as Exhibit A); Docket in Case No. 05-

JG-7388 (attached as Exhibit B). Thus, the judgments that Defendants refer to as the basis for

delaying the sheriff's sale are no longer liens on the property and did not need to be added to this

action in September of 2011 when the final title commitment endorsement was prepared and

filed.

### The Timing Of The Judgment Decree In Foreclosure Was Not Improper.

Defendants also argue that they were not provided with an opportunity to respond to the

Motion for Default Judgment filed by GMACM before the Court entered judgment on

September 12, 2011. The case cited to by Defendants to support this position is quoted out of

3

Franklin County Ohio Clerk of Courts of the Common Pleas- 2011 Dec 14 11:23 AM-05CV004555

0A108 – E39

context and in fact addresses the right to respond to a motion for summary judgment, not a motion for default judgment. See GMAC Mortgage, LLC v. Jacobs, Summit App. No. 24984, 2011 Ohio 1780, ¶ 9. Moreover, Defendants fail to explain what the basis for any opposition to the motion for default judgment would have been or why they did not file an answer after being served more than six years before the default judgment motion was filed. Again, Defendants have not established a basis for delaying or preventing the sheriff's sale.

**Defendants Were Given The Opportunity To Redeem.**

The September 12, 2011 Judgment Decree in Foreclosure provided that if Defendants did not pay the full amount due to GMACM within three days of the September 12, 2011 judgment, their equity of redemption would be foreclosed. Defendants did not pay GMACM the full amount owed by September 15, 2011 and an Order of Sale issued on September 16, 2011. Defendants had the right to redeem, but did not do so. Therefore, GMACM is entitled to proceed with its foreclosure action and have the property sold by the sheriff on December 16, 2011.

**There is Nothing Improper About The Appraisals Of The Property.**

Under Ohio law,

> When execution is levied upon lands and tenements, the officer who makes the levy shall call an inquest of three disinterested freeholders, residents of the county where the lands taken in execution are situated, and administer to them an oath impartially to appraise the property so levied upon, upon actual view. They forthwith shall return to such officer, under their hands, an estimate of the real value of the property in money.

Ohio Rev. Code § 2329.17(A). Ohio courts have held that the lack of an interior inspection as part of an appraisal can form the basis for overturning a confirmation of sale only where the party objecting establishes that the condition of the interior of the house would impact the value

4

0A108 — E40

of the property and the party is prejudiced by lack of an interior appraisal. <u>Nat'l Union Fire Ins.</u> <u>Co. v. Hall</u>, Montgomery App. No. 19331, 2003-Ohio-462, ¶¶ 44-49.

Defendants in this case have not explained how an interior appraisal would impact the value of the property. Moreover, Defendants have not explained how they have been prejudiced by the lack of an interior appraisal. Defendants have been discharged in bankruptcy and thus will not be liable for any deficiency judgment if the sale does not raise sufficient funds to pay the amounts Defendants owe to GMACM. Thus, any alleged undervaluation does not prejudice Defendants. <u>See Chase Manhattan Mortg. Corp. v. Urquhart</u>, Bulter App. Nos. CA2004-04-098, CA2004-10-271, 2005-Ohio-4627, ¶ 24. Therefore, there is no reason to delay the foreclosure sale based on Mr. Lewis' unsworn statement that there was no "actual view" of the property.

### Defendants Are Not Entitled To A "Due Process" Hearing.

Because Defendants' motion does not establish any basis for delaying or preventing the December 16, 2011 sheriff's sale, there is no need for a hearing on these issues and the Court should also deny Defendant's Request for a "Due Process" Hearing.

### CONCLUSION.

As set forth above, there is simply no basis for delaying or preventing the sheriff's sale and the Court should deny Defendant's Ex Parte Motion for Leave/Temporary Restraining Order to Restrain Sheriffs (sic) Sale Set For December 16, 2011.

Franklin County Ohio Clerk of Courts of the Common Pleas- 2011 Dec 14 11:23 AM-05CV004555

0A108 - E41

Respectfully submitted,

/s/Karen M. Cadieux
David A. Wallace (0031356)
Karen M. Cadieux (0079240)
CARPENTER LIPPS & LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
(614) 365-4100 (Telephone)
(614) 365-9145 (Facsimile)
wallace@carpenterlipps.com
cadieux@carpenterlipps.com

Attorneys for Plaintiff
GMAC Mortgage Corporation

0A108 - E42

## CERTIFICATE OF SERVICE

I certify that a copy of the Memorandum Contra was electronically filed and served by

electronic mail and U.S. Mail, postage pre-paid, on December 14, 2011, upon:

David F. Hanson, Esq.                    Yvonne Lewis
PO Box 165028                            Sidney T. Lewis
Columbus OH  43216                       1875 Alvason Ave.
                                         Columbus, Ohio

Co-Counsel for Plaintiff
GMAC Mortgage Corporation                Pro Se Defendants


/s/Karen M. Cadieux
One of the Attorneys for Plaintiff
GMAC Mortgage Corporation

IN THE COURT OF COMMON PLEAS
FRANKLIN COUNTY, OHIO

B1618A03

**GMAC Mortgage Corporation**

        Plaintiff

    vs.

**Yvonne D. Lewis aka Yvonne D.
Webb-Lewis**

        Defendants.

Case No. 05CVE04    4555

Judge _____

## PRAECIPE FOR SERVICE

**TO THE CLERK OF COURTS:** Please send a summons and Complaint to the following defendants

by Certified Mail, return receipt requested and by Private Process Server:

Yvonne D. Lewis aka Yvonne D.
Webb-Lewis
1875 Alvason Avenue
Columbus, OH 43219

Sidney T. Lewis
1875 Alvason Avenue
Columbus, OH 43219

FILED
COMMON PLEAS COURT
FRANKLIN CO. OHIO
2005 APR 22 PM 12: 03
CLERK OF COURTS

Respectfully submitted,

Rachel A. Leier (0071471)
Manley Deas Kochalski LLC
495 S. High Street - Suite 300
Columbus OH 43215-5869
614-222-4921; Fax 614-220-5613
ral@mdk-llc.com
Attorney for Plaintiff

D:\Cases - TM 05-2846\Ohio foreclosure complaint-050420-SVB.WPD

JOHN O'GRADY
CLERK OF THE FRANKLIN COUNTY COMMON PLEAS COURT, COLUMBUS, OHIO 43215
CIVIL DIVISION

GMAC MORTGAGE CORPORATION,

           PLAINTIFF,

       VS.

YVONNE D. LEWIS,

           DEFENDANT.

F 1808I10

05CVE-04-4555

CASE NUMBER

**** PERSONAL SERVICE RETURN ****

ATTORNEY:    71471    RACHEL A. LEIER
(614) 220-5611

THE STATE OF OHIO, FRANKLIN COUNTY, SS.
TO THE PROCESS SERVER OF SAID COUNTY, GREETINGS:

YOU ARE HEREBY COMMANDED, FORTHWITH TO SERVE THE WITHIN COPY OF
ORIGINAL SUMMONS

UPON: SIDNEY T. LEWIS
1875 ALVASON AVENUE
COLUMBUS          OH 43219-0000                    ADDR:

YOU WILL MAKE DUE RETURN OF THIS ORDER BY THE 06 DAY OF     MAY 2005.
WITNESS MY HAND AND SEAL OF SAID COURT, THIS   22 DAY OF     APRIL, 2005.

*~K Carson~*

DEPUTY CLERK

JOHN O'GRADY
CLERK OF THE COMMON PLEAS
FRANKLIN COUNTY, OHIO

*****************************************************************************

_May 2nd_   20_05_ , I SERVED THE WITHIN NAMED _____

_Wife - Yvonne Lewis @ 6:50 Pm_ _____ PERSONALLY, WITH

CERTIFIED COPY OF _____Summons_____ HEREWITH, AS BY
THIS ORDER I AM COMMANDED.

I WAS UNABLE TO SERVE WITHIN NAMED FOR THE FOLLOWING  REASON:

_____

_____

BY ____J. Pritchard____ PROCESS SERVER
SERVICE    $_____
MILES      $_____
TOTAL FEES $_____
PLDF: SIDNEY T. LEWIS                              (CIV364-SIS)

R

JOHN O'GRADY
CLERK OF THE FRANKLIN COUNTY COMMON PLEAS COURT, COLUMBUS, OHIO 43215
CIVIL DIVISION

GMAC MORTGAGE CORPORATION,

PLAINTIFF,                        P1808I09

VS.                               05CVE-04-4555

                                  CASE NUMBER
YVONNE D. LEWIS,

DEFENDANT.

**** PERSONAL SERVICE RETURN ****

ATTORNEY:    71471    RACHEL A. LEIER
             (614) 220-5611

        THE STATE OF OHIO, FRANKLIN COUNTY, SS.
TO THE PROCESS SERVER OF SAID COUNTY, GREETINGS:

YOU ARE HEREBY COMMANDED, FORTHWITH TO SERVE THE WITHIN COPY OF
    ORIGINAL SUMMONS

UPON:   YVONNE D. LEWIS
        1875 ALVASON AVENUE
        COLUMBUS        OH 43219-0000          ADDR:1

YOU WILL MAKE DUE RETURN OF THIS ORDER BY THE 06 DAY OF    MAY, 2005.
WITNESS MY HAND AND SEAL OF SAID COURT, THIS 22 DAY OF    APRIL, 2005.

R Carson                          JOHN O'GRADY
                                  CLERK OF THE COMMON PLEAS
DEPUTY CLERK                      FRANKLIN COUNTY, OHIO
********************************************************************

_May 2nd_ 20 _05_, I SERVED THE WITHIN NAMED _____

_Yvonne Lewis @ 6:50 Pm_____ PERSONALLY, WITH

CERTIFIED COPY OF _Summons_____ HEREWITH, AS BY
THIS ORDER I AM COMMANDED.

I WAS UNABLE TO SERVE WITHIN NAMED FOR THE FOLLOWING REASON:

_____

_____

BY ___J. Pritchard___ PROCESS SERVER
SERVICE    $_____
MILES      $_____
TOTAL FEES $_____
PLDF: YVONNE D. LEWIS                          (CIV364-S15) 5.5

**EXHIBIT A**

**IN THE COMMON PLEAS COURT OF FRANKLIN COUNTY, OHIO.**   05CVE T 2 0
**CIVIL DIVISION**

| | |
|---|---|
| **GMAC MORTGAGE COMPANY** ) | **Case No.:**  05 CVE-04-4555 |
| (Plaintiff) ) | |
| ) | |
| VS. ) | |
| ) | **JUDGE: ALAN C. TRAVIS** |
| **YVONNE  LEWIS** | |
| (Defendant) | |

**AFFIDAVIT IN SUPPORT OF DEFENDANT, YVONNE D.  LEWIS TO DISMISS**

State of Ohio            )
                         ) SS:
Franklin County          )

1. I, Yvonne Lewis am of lawful age and sound mind, and makes this Affidavit upon my personal knowledge and being duly sworn according to law deposes and states as follows:

2. On May 2, 2005, Yvonne Lewis was not at 1875 Alvason Avenue to be personally served by J. Pritchard, Process Server, who filed a Personal Service Return on May 3, 2005 stating that he served Yvonne Lewis at 6:50 P.M. at her residential dwelling at 1875 Alvason Avenue, Columbus, Ohio 43219.

FURTHER AFFIANT SAYETH NAUGHT.

_Yvonne Lewis_
Yvonne Lewis, Affiant

Sworn to before me and subscribed in my presence this __28__ day of May, 2005.

_____
Notary Public                    My commission expires __11-21-07__

02355J01

**EXHIBIT B**

**AFFIDAVIT OF DAVE WIDENER,**
**IN SUPPORT OF WHEREABOUTS OF YVONNE D. WEBB-LEWIS ON MONDAY,**
**MAY 2, 2005 BETWEEN 6:00 P.M. TO 7:10 P.M.**

State of Ohio )
              ) SS:
Franklin County )

I, DAVE WIDENER am of lawful age and sound mind, makes this Affidavit upon my personal knowledge, gained through one of my five (5) senses, and being duly sworn according to law deposes and states as follows:

1. On Monday, May 2, 2005, from 6:00 P.M. to 7:10 P.M., I was hereby attest that Yvonne D. Webb-Lewis was in my presence, view, sight, vision, and spectacle, at my office located at 4100 Regent Street, Ste. B, in Columbus, Ohio 43219, also known as the Easton Town Center.

2. Specifically, I attest that Yvonne Webb-Lewis was in my office at the specific time of 6:30 P.M. on Monday, May 2, 2005, and did not leave from my presence, view, sight, or vision, until 7:10 P.M. as the time of departure from my office located at 4100 Regent Street, Ste. B, in Columbus, Ohio 43219.

I voluntarily make the aforegoing statement of my own freewill with no threats or promises made unto me whatsoever by anyone.

FURTHER AFFIANT SAYETH NAUGHT.

X _____        Date: 5/10/2005

DAVE WIDENER, Affiant     DL # RC636984146

Sworn to before me and subscribed in my presence this 10th day of May, 2005.

Notary: _____     My Commission Expires _____

PAGE 1 OF 1

# CLERK OF THE COURT OF COMMON PLEAS
## FRANKLIN COUNTY, OHIO

*Administration*
373 S. High St. Fl. 23
Columbus, OH 43215-6312
Phone (614) 525-3600
Fax: (614) 525-4325
*Office of Fiscal Services*
373 S. High St, Fl. 23, 43215
*Appeals*
373 S. High St. Fl. 23 43215-6312
*Auto Title Main Branch*
45 Great Southern Blvd., 43207



*General Division/Civil*
345 S. High St. Fl. 1B, 43215-4544
*General Division/Criminal*
345 S. High St. Fl. 1B, 43215-4544
*Domestic Division*
373 S. High St. Fl. 4, 43215-4596
*Juvenile Division*
373 S. High St. Fl. 4, 43215-4591
*Juvenile Traffic*
399 S. Front St.. Fl. 1 43215-5038

# MARYELLEN O'SHAUGHNESSY
## CLERK OF COURTS

## THE STATE OF OHIO

Franklin County,

05 CV 4555

I, Maryellen O'Shaughnessy, Clerk of the Courts of Common Pleas within and for said County, hereby certify the above and foregoing is, truly taken and copied from the original papers now on file in my office. Containing ___12___ number if papers.

Witness my hand and seal of said Court this _2nd_ day of _July_ A.D. 20_12_

CLERK OF THE COURTS OF COMMON PLEAS

By: 

FIRST BANK OF MARIETTA, APPELLEE, v. CLINE, APPELLANT, ET AL.

[Cite as First Bank of Marietta v. Cline (1984), 12 Ohio St. 3d 317.]

*Civil procedure—Service by publication not proper, when—Civ. R. 4.4(A)—
Defense of insufficiency of service not waived by failure to request
pretrial hearing—Civ. R. 12(D), construed.*

(No. 83-689—Decided August 8, 1984.)

APPEAL from the Court of Appeals for Guernsey County.

Defendant-appellant, Jack M. Cline, and defendant, Samuel F. Buckey, were involved in the construction and operation of a motel and restaurant in Cambridge, Ohio. Much of the financing came from plaintiff-appellee, First Bank of Marietta. The business did not prove successful, and in 1980 appellee brought this suit to recover on the loans. Appellee, in filing a complaint and amended complaint, attempted to serve appellant by certified mail to the address in Columbus where he had lived in 1974 and 1975 when the loans were made. On both occasions the envelope was returned by the post office marked, "Return to Sender[,] Not Deliverable as Addressed[,] Unable to Forward." The clerk of courts sent a notice of failure of service to appellee's counsel, who, with reference to the amended complaint, then filed an affidavit for service by publication and a precipe requesting service by publication, and placed the notice in a Guernsey County newspaper.

Appellant filed an answer raising several defenses including insufficiency of service of process. At the completion of the evidence at trial, appellant moved to dismiss the complaint for want of personal jurisdiction and lack of service of process. The motion was denied by the trial court. The jury then returned a verdict in favor of appellee and against all defendants. Defendants Cline and Buckey appealed, and First Bank cross-appealed. The court of appeals affirmed in all respects. All three parties appealed to this court for an order directing the court of appeals to certify the record, but the motion was allowed only as the issue of the sufficiency of service of process.

*Messrs. McCauley, Webster & Emrick* and *Mr. James H. McCauley*, for appellee.

*Murphey, Young & Smith Co., L.P.A.* and *Mr. Alan L. Briggs*, for appellant.

*Per Curiam.* There are two issues presented by this appeal. First, whether service of process by publication was proper, and, second, whether the defense of insufficiency of service, although properly raised by motion, is waived by failure to request a pretrial hearing on the motion.

Civ. R. 4.4(A), which sets forth the procedural requirements for service by publication, provides in part:

"(A) Residence unknown. When the residence of a defendant is unknown, service shall be made by publication in actions where such service is authorized by law. Before service by publication can be made, an affidavit

of a party or his counsel must be filed with the court. The affidavit shall aver that service of summons cannot be made because the residence of the defendant is unknown to the affiant and cannot with reasonable diligence be ascertained.''

In order to use service by publication, a plaintiff must first use reasonable diligence in his attempt to locate a defendant. *Brooks* v. *Rollins* (1984), 9 Ohio St. 3d 8; *Sizemore* v. *Smith* (1983), 6 Ohio St. 3d 330. Appellee's counsel asked other parties to this action and one attorney about the whereabouts of appellant. The record discloses no other actions taken by appellee. This minimal effort cannot be said to be reasonable diligence, and therefore service by publication was not proper.

Next, appellee contends that service was authorized under Civ. R. 4.3, Ohio's "long arm" rule, dealing with out of state service. However, Civ. R. 4.3 only authorizes out of state service by two methods, certified mail and personal service, neither of which was perfected by appellee.

We conclude that appellee failed to serve appellant in a manner authorized by the Rules of Civil Procedure. The second question to be determined is whether appellant waived his right to object to such failure.

Appellant properly raised the issue of sufficiency of service as an affirmative defense in his first responsive pleading. Appellee maintains that this defense is waived, though, if a party proceeds to trial without requesting a pretrial hearing on the motion, pursuant to Civ. R. 12(D).

Civ. R. 12(D) provides:

"Preliminary hearings. The defenses specifically enumerated (1) to (7) in subdivision (B) of this rule, whether made in a pleading or by motion, and the motion for judgment mentioned in subdivision (C) of this rule shall be heard and determined before trial on application of any party.''

The rule does not require a party to request a preliminary hearing on the specified motions, nor does it mandate a waiver of such defenses for failure to do so. It merely allows either party to demand a pretrial determination of certain issues which could be dispositive of the cause. Accordingly, appellant did not waive the defense of insufficiency of service by choosing not to ask for a pretrial hearing.

For the foregoing reasons, the judgment of the court of appeals is reversed.

*Judgment reversed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES and J. P. CELEBREZZE, JJ., concur.

C. BROWN, J., dissents.

CLIFFORD F. BROWN, J., dissenting. As I have oft stated in previous cases in which this court has addressed the issue of insufficiency of service,

the main objective of justice is " 'that cases should be decided on their
merits,' rather than upon procedural niceties and technicalities * * *." See
*Perotti* v. *Ferguson* (1983), 7 Ohio St. 3d 1, concurring opinion at 4; *Maritime
Manufacturers, Inc.* v. *Hi-Skipper Marina* (1982), 70 Ohio St. 2d 257, at 260
[24 O.O.3d 344]; *Svoboda* v. *Brunswick* (1983), 6 Ohio St. 3d 348, at 351;
*Baker* v. *McKnight* (1983), 4 Ohio St. 3d 125, at 129; *Hardesty* v. *Cabotage*
(1982), 1 Ohio St. 3d 114, at 117; see, also, *Peterson* v. *Teodosio* (1973), 34
Ohio St. 2d 161, at 175 [63 O.O.2d 262]. Because I firmly believe that Civ. R.
1(B) mandates that "[t]hese rules shall be construed and applied to effect just
results by eliminating delay * * * and all other impediments to the ex-
peditious administration of justice," I dissent. See, also, R.C. 1.11.

The decision reached by today's majority reverses a judgment entered by
a court which had present before it all parties involved in the litigation. Ser-
vice of process is merely a means to effect the exact situation which exists in
the present case, the giving of notice to all parties to an action of its penden-
cy. This notice allows them to present evidence and witnesses so that the
trier of facts may decide the case on its merits. This is the ultimate goal of
every form of litigation, the resolution of the case based upon its merits.
Courts should not allow procedural niceties to get in the way of such resolu-
tion.

I am further of the opinion that the trial court was correct when it ruled
that the defendant had waived his Civ. R. 12(B)(5) motion for dismissal by
failure to request a pretrial hearing pursuant to the mandate contained in
Civ. R. 12(D), which states in part:

"The defenses specifically enumerated (1) to (7) in subdivision (B) of this
rule, whether made in a pleading or by motion, * * * *shall be heard and deter-
mined before trial on application of any party.*" (Emphasis added.)

The language of this rule is mandatory. A party who desires to avail
himself of the affirmative defenses outlined in Civ. R. 12(B)(1) to (7) must
comply with the mandate of Civ. R. 12(D). Failure to request a pretrial hear-
ing on a Civ. R. 12(B)(5) motion and then proceeding to trial on the merits of
a case act as a waiver of the motion.

For the above-stated reasons I would affirm the judgment of the court of
appeals.