UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                             :
In re                                                        :   Chapter 11
                                                             :
RESIDENTIAL CAPITAL, LLC, et al.,[1]                         :   Case No. 12-12020 (MG)
                                                             :
                                                             :
                                                             :   (Jointly Administered)
            Debtors.                                         :
-------------------------------------------------------------x

# STATEMENT OF FINANCIAL AFFAIRS FOR
# RCSFJV2004, LLC (CASE NO. 12-12051)

## SUPPLEMENTAL SOFA QUESTION 3b and 3c

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Residential Capital, LLC (0738); ditech, LLC (7228); DOA Holding Properties, LLC (4257); DOA Properties IX (Lots-Other), LLC (3274); EPRE LLC (7974); Equity Investment I, LLC (2797); ETS of Virginia, Inc. (1445); ETS of Washington, Inc. (0665); Executive Trustee Services, LLC (8943); GMAC Model Home Finance I, LLC (8469); GMAC Mortgage USA Corporation (6930); GMAC Mortgage, LLC (4840); GMAC Residential Holding Company, LLC (2190); GMAC RH Settlement Services, LLC (6156); GMACM Borrower LLC (4887); GMACM REO LLC (2043); GMACR Mortgage Products, LLC (6369); GMAC-RFC Holding Company, LLC (3763); HFN REO Sub II, LLC (N/A); Home Connects Lending Services, LLC (9412); Homecomings Financial Real Estate Holdings, LLC (6869); Homecomings Financial, LLC (9458); Ladue Associates, Inc. (3048); Passive Asset Transactions, LLC (4130); PATI A, LLC (2729); PATI B, LLC (2937); PATI Real Estate Holdings, LLC (5201); RAHI A, LLC (3321); RAHI B, LLC (3553); RAHI Real Estate Holdings, LLC (5287); RCSFJV204, LLC (2722); Residential Accredit Loans, Inc. (8240); Residential Asset Mortgage Products, Inc. (5181); Residential Asset Securities Corporation (2653); Residential Consumer Services of Alabama, LLC (5449); Residential Consumer Services of Ohio, LLC (4796); Residential Consumer Services of Texas, LLC (0515); Residential Consumer Services, LLC (2167); Residential Funding Company, LLC (1336); Residential Funding Mortgage Exchange, LLC (4247); Residential Funding Mortgage Securities I, Inc. (6294); Residential Funding Mortgage Securities II, Inc. (8858); Residential Funding Real Estate Holdings, LLC (6505); Residential Mortgage Real Estate Holdings, LLC (7180); RFC Asset Holdings II, LLC (4034); RFC Asset Management, LLC (4678); RFC Borrower LLC (5558); RFC Constructing Funding, LLC (5730); RFC REO LLC (2407); RFC SFJV-2002, LLC (4670); RFC-GSAP Servicer Advance, LLC (0289)

B7 (Official Form 7) (12/07)

# FORM 7 - STATEMENT OF FINANCIAL AFFAIRS
# UNITED STATES BANKRUPTCY COURT
### Southern District of New York

In re:  RCSFJV2004, LLC                                                                                      Case No. 12-12051 (KG)

## SUPPLEMENTAL STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

This Supplemental Statement of Financial Affairs (the "SOFAs" supplements SOFA Question 3b and 3c as to the applicable Debtor.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or selfemployed
full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

**3. Payment to creditors**

*b. Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

*\* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

| NONE | NAME AND ADDRESS OF CREDITOR | DATE OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|---|
|  | See SOFA 3b Attachment |  |  |  |

*c. All debtors:* List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|---|
| X | None |  |  |  |

**In re: RCSFJV2004 LLC**
**Case No. 12-12051**
Attachment 3b
Payments to creditors

| Name of creditor | Address 1 | Address 2 | City | State | Zip | Country | Payment date | Amount paid | Currency |
|---|---|---|---|---|---|---|---|---|---|
| Wilmington Trust | 1100 N. Market St. | | Wilmington | DE | 19801 | USA | 3/5/2012 | 32.50 | USD |
| Wilmington Trust | 1100 N. Market St. | | Wilmington | DE | 19801 | USA | 3/5/2012 | 369.12 | USD |
| Wilmington Trust | 1100 N. Market St. | | Wilmington | DE | 19801 | USA | 4/4/2012 | 32.50 | USD |
| Wilmington Trust | 1100 N. Market St. | | Wilmington | DE | 19801 | USA | 4/4/2012 | 369.12 | USD |
| Wilmington Trust | 1100 N. Market St. | | Wilmington | DE | 19801 | USA | 4/4/2012 | 2,575.00 | USD |
| Wilmington Trust | 1100 N. Market St. | | Wilmington | DE | 19801 | USA | 5/1/2012 | 102.60 | USD |
| Wilmington Trust | 1100 N. Market St. | | Wilmington | DE | 19801 | USA | 5/4/2012 | 32.50 | USD |
| Wilmington Trust | 1100 N. Market St. | | Wilmington | DE | 19801 | USA | 5/4/2012 | 369.12 | USD |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re:  RCSFJV2004, LLC                                                                 Case No. 12-12051 (KG)

## Declaration Concerning Debtor's Supplemental Statement of Financial Affairs

I, James Whitlinger, Chief Financial Officer of RFC Asset Management, LLC, Sole Member of the corporation named as debtor in this case, declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date:   7/19/2012                                    Signature:   /s/ James Whitlinger
                                                                  James Whitlinger

                                                                  Chief Financial Officer of RFC Asset
                                                                  Management, LLC, Sole Member

Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §152 and 3571.