UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**SUPPLEMENTAL AFFIDAVIT IN SUPPORT OF THE DEBTORS' APPLICATION
FOR AUTHORIZATION TO EMPLOY AND RETAIN FTI CONSULTING, INC.
AS FINANCIAL ADVISORS FOR THE DEBTORS**

I, William J. Nolan, being duly sworn, hereby deposes and says:

1. I am a Senior Managing Director with FTI Consulting, Inc., together with its wholly owned subsidiaries, agents, independent contractors and employees, ("FTI"), an international consulting firm. I submit this Supplemental Affidavit on behalf of FTI (the "Supplemental Affidavit") in accordance with sections 327 and 328 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules for the Bankruptcy Court for the Southern District of New York (the "Local Rules"). I submit this Supplemental Affidavit in further support of the application (the "Application")[1] of Residential Capital LLC, et al., the debtors and debtors in possession in the above-captioned Chapter 11 cases (collectively, the "Debtors"), for authorization to employ and retain FTI as financial advisors under the terms and conditions set forth in the engagement letter and Standard Terms and Conditions between FTI and the Debtors dated August 25, 2011 (collectively, the "Engagement Agreement") and the

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

Addendum to the Engagement Agreement dated July 18, 2012 (the "Addendum"), attached as Exhibit 2. This Addendum supersedes and replaces the Addendum dated June 26, 2012, which was attached as Exhibit 6 to the Application. The change to the Addendum and the related terms of FTI's engagement reflect extensive discussions with the Debtors and the Creditors' Committee. Except as otherwise noted,[2] I have personal knowledge of the matters set forth herein.

2. As requested by the United States Trustee, attached as Exhibit 1 is a list of the dates and amounts of payments received by FTI Consulting, Inc. from the Debtors during the 90-day period prior to the Petition Date. These payments total $7,241,578.09 and exclude the payment of our retainer, which is currently equal to $1,350,000.00. It should be noted that the amount of payments received during the 90-day period excludes $150,000.00 of the retainer that was applied to outstanding prepetition fees after the Petition Date.[3]

3. FTI currently holds a retainer of $1,350,000.00 (the "Retainer") from the Debtors, which the Debtors agreed was earned upon receipt. Prior to the Petition Date, FTI received a retainer payment of $1,500,000.00.[4] FTI has applied the Retainer to $150,000.00 of fees and expenses incurred during the 90-day period prior to the Petition Date that were not invoiced until after the Petition Date. The outstanding balance of the Retainer as of the date hereof is $1,350,000.00. As requested by the United States Trustee, I can confirm that FTI will apply any

---

[2] Certain of the disclosures herein relate to matters within the personal knowledge of other professionals at FTI and are based on information provided by them.
[3] FTI incurred $209,585.25 of fees and expenses during the period of 4/23/12 to 5/13/12 that was not covered by the payments received prior to the Petition Date. FTI wrote off $59,585.25 and the remaining $150,000.00 was applied against the retainer after the Petition Date.
[4] Prior to the 90-day period before the Petition Date, FTI held a retainer of $400,000.00 (which was received on

2

remaining amounts of the Retainer as a credit toward postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to the first order of the Court awarding fees and expenses to FTI.

### Terms of FTI's Retention

4. Further, as set forth in the Addendum to the Engagement Agreement dated July 18, 2012, FTI will seek payment for compensation on an hourly basis, subject to a Monthly Cap and a Rollover Provision, plus reimbursement of actual and necessary expenses incurred by FTI and a Completion Fee, all as defined and further described in the Addendum attached hereto as Exhibit 2. FTI's customary hourly rates as charged in bankruptcy and non-bankruptcy matters of this type by the professionals assigned to this engagement are outlined below. These hourly rates are adjusted annually; however, before any increases in FTI's rates, FTI will file a supplemental affidavit with the Court and provide ten business days' notice to the Debtors, the United States Trustee and any official committee.

5. The customary hourly rates, subject to periodic adjustments, charged by FTI professionals anticipated to be assigned to this case are as follows:

**United States**

| | Per Hour (USD) |
|---|---|
| Senior Managing Directors | $780-895 |
| Directors / Managing Directors | 560-745 |
| Consultants/Senior Consultants | 280-530 |
| Administrative / Paraprofessionals | 115-230 |

**Canada**

| | Per Hour (CAD) | Per Hour (USD) |
|---|---|---|
| Senior Managing Directors | $795-830 | $795-870 |

---

9/20/11); this retainer was increased to $1,500,000.00 on 5/9/12.

|  |  |  |
|---|---|---|
| Directors / Managing Directors | 515-700 | 610-750 |
| Consultants/Senior Consultants | 285-450 | 310-495 |
| Administrative | 110 | 110 |

**Mexico**

| | Per Hour (USD) |
|---|---|
| Senior Managing Directors | $775 |
| Directors | 650 |

**United Kingdom**

| | Per Hour (GBP) |
|---|---|
| Senior Managing Directors | £675 |
| Managing Directors | 575 |
| Director / Tax Director | 515-595 |
| Consultants/Senior Consultants | 370-425 |
| Associates / Administrative | 225-120 |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 20 day of July 2012.

_____ [signature]

_____

SUBSCRIBED AND SWORN TO BEFORE ME this 20th day of July, 2012.

Angela A. Cheeseboro
Notary Public

My Commission Expires: 6/2014

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Angela A. Cheeseboro, Notary Public
Upper Dublin Twp., Montgomery County
My Commission Expires June 2, 2014
Member, Pennsylvania Association of Notaries

4

## EXHIBIT 1

## Payments Received During 90 Days Prior to the Petition Date

| Date of Wire Payment | Invoice Date | Period Covered by Invoice | Wire Amount |
|---|---|---|---|
| 3/20/2012 | 3/15/2012 | 1/30/2012-2/12/2012 | $ 305,884.53 |
| 3/22/2012 | 1/17/2012 | 11/28/2011-12/11/2011 | 300,051.56 |
| 3/22/2012 | 1/18/2012 | 12/12/2011-12/31/2012 | 181,429.37 |
| 3/22/2012 | 2/9/2012 | 1/1/2012-1/15/2012 | 277,806.85 |
| 3/22/2012 | 2/9/2012 | 12/12/2011-1/6/2012 | 73,489.30 |
| 3/22/2012 | 2/20/2012 | 1/7/2012-1/29/2012 | 209,950.07 |
| 3/22/2012 | 2/27/2012 | 1/16/2012-1/29/2012 | 397,785.52 |
| 3/22/2012 | 3/15/2012 | 1/30/2012-2/12/2012 | 396,770.47 |
| 4/5/2012 | 3/22/2012 | 2/13/2012-2/26/2012 | 265,886.70 |
| 4/26/2012 | 4/19/2012 | 2/27/2012-3/11/2012 | 466,864.26 |
| 4/26/2012 | 4/19/2012 | 2/27/2012-3/11/2012 | 219,117.49 |
| 5/2/2012 | 4/23/2012 | 3/12/2012-3/25/2012 | 584,099.22 |
| 5/2/2012 | 4/24/2012 | 3/12/2012-3/25/2012 | 177,090.03 |
| 5/3/2012 | 4/30/2012 | 3/26/2012-4/22/2012 | 848,681.38 |
| 5/5/2012 | 3/22/2012 | 2/13/2012-2/26/2012 | 530,223.27 |
| 5/9/2012 | 4/30/2012 | 4/23/2012-5/13/2012 | 1,362,313.00 |
| 5/9/2012 | 4/30/2012 | 4/23/2012-5/13/2012 | 343,160.00 |
| 5/11/2012 | 4/30/2012 | 3/26/2012-4/22/2012 | 300,975.07 |
| | | Total | $ 7,241,578.09 |

**Note:** In addition to the amounts referenced in the schedule above, FTI incurred $209,585.25 of fees and expenses during the period of 4/23/12 to 5/13/12 that was not covered by the invoices listed above. FTI wrote off $59,585.25 and the remaining $150,000.00 was applied against the Retainer after the Petition Date.

# EXHIBIT 2

**Addendum to the Engagement Agreement Dated July 18, 2012**



July 18, 2012

Mr. Jim Whitlinger
Chief Financial Officer
1100 Virginia Drive
Fort Washington, PA 19034

**Re: Revised Addendum to Letter of Engagement dated August 25, 2011 by and between FTI Consulting, Inc., and Residential Capital, LLC.**

Dear Jim:

1. **Introduction**

    This Addendum to the Letter of Engagement by and among FTI Consulting, Inc., and Residential Capital, LLC (the "Client" or the "Debtors") dated August 25, 2011 (the "LOE"), hereby supplements the LOE with respect to the below terms and revises the payment and termination terms accordingly (hereinafter referred to as the "Addendum"). This Addendum supersedes and replaces the June 26, 2012 addendum to the LOE in its entirety and such June 26, 2012 addendum is of no further force and effect. This Addendum is in connection with the Debtors' application (the "Application") for entry of an order under sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules for the Bankruptcy Court for the Southern District of New York (the "Local Rules"), authorizing the employment and retention of the consulting firm of FTI Consulting, Inc., together with its wholly owned subsidiaries, agents, independent contractors, and employees (collectively "FTI"), as financial advisor for the Debtors nunc pro tunc to May 14, 2012 (the "Petition Date"). Unless otherwise specified, capitalized terms used in this Addendum shall have the meaning given to them in the LOE.

2. **Modifications to the LOE**
    This Addendum is meant to amend the terms of the LOE and the related Standard Terms and Conditions to reflect the revised fee arrangements and the termination provisions within the LOE and to supplement and support the Debtors' Application. Unless specifically indicated within this Addendum or the Application, all terms and conditions of the Engagement Contract, as such term is defined in the LOE, shall remain in full force and effect.

3. **Fees**
    The Fee provisions as outlined in the LOE are modified by this Addendum as follows:

    Commencing on the Petition Date, and subject to Court approval and in accordance with the applicable provisions of title 11 of the United States Code (the "Bankruptcy Code"), the

Mr. Jim Whitlinger
July 18, 2012

Federal Rules of Bankruptcy Procedure, applicable U.S. Trustee guidelines and the local rules of this District, FTI will seek payment for compensation on an hourly basis, plus reimbursement of actual and necessary expenses incurred by FTI. FTI's customary hourly rates as charged in bankruptcy and non-bankruptcy matters of this type by the professionals assigned to this engagement are outlined below. These hourly rates are adjusted annually.

Notwithstanding the above, FTI's monthly fees will be subject to the following monthly caps (the "Monthly Cap" or taken together the "Monthly Caps"):

- $4.0 million for the period commencing on the Petition Date until June 30, 2012.
- $1.75 million per month for each of the six months starting in July 2012 and ending in December 2012.
- $1.25 million per month for each of the three months starting in January 2013 and ending in March 2013.
- $1.0 million in April 2013 and in each of every month thereafter.

In addition, FTI will bill for any fees, calculated at FTI's standard hourly rates, which, on a cumulative basis, are in excess of the previous Monthly Caps, calculated on a cumulative basis, in subsequent months provided that the total monthly fee amount billed for any given month does not exceed the Monthly Cap in any given month (i.e. the "Rollover Provision"). The Rollover Provision will remain in effect up to and including the month of March 2013. After that time, FTI's fees will be limited to the $1.0 million Monthly Cap as defined above.

In addition to the Monthly Caps, FTI will seek a completion fee of $2,500,000 (the "Completion Fee"), which will be considered earned and payable subject to Bankruptcy Court approval, upon the effective date of a chapter 11 plan. Should FTI resign or be terminated for gross negligence, fraud or willful misconduct, FTI will not be entitled to the payment of the Completion Fee. Should FTI be terminated without cause prior to March 31, 2013, FTI will receive a prorated Completion Fee based upon the ratio of the number of weeks between the Petition Date and the date of termination over the number of weeks between the Petition Date and March 31, 2013, and such prorated Completion Fee will be considered earned and payable upon the effective date of a chapter 11 plan. Should FTI be terminated without cause after March 31, 2013, 100% of the Completion Fee will be considered earned and payable upon the effective date of a chapter 11 plan.

It should be noted, that the Monthly Caps do not pertain to fees associated with extensive litigation, contested matters and related expert testimony requirements as these issues are unpredictable and, at least in part, out of the control of the Debtors and FTI. Should FTI be required to support the Debtors in litigation and/or contested matters, as a testifying expert,



Mr. Jim Whitlinger
July 18, 2012

consulting expert or otherwise, FTI reserves the right to request additional compensation for such services on an hourly basis and a separate Retention Application for these services will submitted to the Court at that time. Similarly, although ongoing and routine tax advisory services related to the bankruptcy and restructuring are subject to the Monthly Caps, it does not reflect extensive tax analyses or preparation of tax returns or defense thereof. Should these services be required, FTI reserves the right to request additional compensation for such services on an hourly basis and a separate Retention Application for these services will be submitted to the Court at that time. For the avoidance of doubt, the Monthly Caps shall apply to all services as set forth in paragraph 10 of the Application.

4. **Standard Hourly Rates**

The customary hourly rates, subject to periodic adjustments, charged by FTI professionals anticipated to be assigned to this case are as follows:

**United States**

|  | Per Hour (USD) |
|---|---|
| Senior Managing Directors | $780-895 |
| Directors / Managing Directors | 560-745 |
| Consultants/Senior Consultants | 280-530 |
| Administrative / Paraprofessionals | 115-230 |

**Canada**

|  | Per Hour (CAD) | Per Hour (USD) |
|---|---|---|
| Senior Managing Directors | $795-830 | $795-870 |
| Directors / Managing Directors | 515-700 | 610-750 |
| Consultants/Senior Consultants | 285-450 | 310-495 |
| Administrative | 110 | 110 |

**Mexico**

|  | Per Hour (USD) |
|---|---|
| Senior Managing Directors | $775 |
| Directors | 650 |

**United Kingdom**

|  | Per Hour (GBP) |
|---|---|
| Senior Managing Directors | £675 |
| Managing Directors | 575 |
| Director / Tax Director | 515-595 |
| Consultants/Senior Consultants | 370-425 |
| Associates / Administrative | 225-120 |

5. **Other Terms and Conditions**

Unless specifically indicated within this Addendum or the Application, all terms and conditions of the Engagement Contract, as such term is defined in the LOE, shall remain in full force and effect.



-3-

-4-

Mr. Jim Whitlinger
July 18, 2012

6. **Acknowledgement and Acceptance**

   Please acknowledge your acceptance of the terms of this Addendum by signing below.

If you have any questions regarding this letter, please do not hesitate to contact William Nolan at (704) 972-4101.

Very truly yours,

FTI CONSULTING, INC.

By: _____
William J. Nolan
Senior Managing Director


ACKNOWLEDGED AND AGREED:

Residential Capital LLC, et al.

By: _____
Name: James Whitlinger
Title: Chief Financial Officer

FTI CONSULTING