**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| RESIDENTIAL CAPITAL, LLC, et al., | : | Case No. 12-12020 (MG) |
| | : | |
| Debtors. | : | Jointly Administered |

---------------------------------------------------------------------x

**SUPPLEMENTAL DECLARATION OF JARED J. DERMONT**
**IN SUPPORT OF THE APPLICATION OF THE OFFICIAL COMMITTEE OF**
**UNSECURED CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING THE**
**EMPLOYMENT AND RETENTION OF MOELIS & COMPANY LLC**
**AS ITS INVESTMENT BANKER *NUNC PRO TUNC* TO MAY 16, 2012**

Pursuant to 28 U.S.C. § 1746, I, Jared J. Dermont, hereby declare as follows under penalty of perjury:

1. I am a Managing Director in the Recapitalization and Restructuring Group of Moelis & Company LLC ("**Moelis**"), resident in Moelis' New York office, located at 399 Park Avenue, 5th Floor, New York, New York 10022.

2. I am authorized to submit this supplemental declaration (this "**Declaration**") in further support of the application (the "**Application**") of the Official Committee of Unsecured Creditors (the **"Committee"**) of Residential Capital, LLC and its affiliates that are chapter 11 debtors and debtors-in-possession (each a "**Debtor**" and collectively the "**Debtors**") in the above-referenced chapter 11 cases (the "**Chapter 11 Cases**") for (a) the entry of an order, authorizing the Committee to retain and employ Moelis as investment banker to the Committee *nunc pro tunc* to May 16, 2012, pursuant to sections 328(a) and 1103 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq., (b) approving the provisions of the Engagement Letter, including the compensation and expense reimbursement arrangements and indemnification, contribution and reimbursement provisions set forth therein, and (c) modifying the time-keeping

requirements of Bankruptcy Rule 2016, Local Rule 2016-1, the guidelines of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**"), and this Court's General Order M-389 in connection with Moelis' engagement.

3. This Declaration supplements my declaration dated June 27, 2012 in support of the Application (the "**Initial Declaration**") and has been prepared in response to certain issues that the U.S. Trustee raised with respect to the Application in its omnibus objection filed on July 6, 2012 (the "**Objection**") [Docket No. 703]. Capitalized terms used but not defined herein have the meanings given to them in the Initial Declaration.

4. The facts set forth in this Declaration are based upon my personal knowledge, upon information and belief, or upon client matter records kept in the ordinary course of business that were reviewed either by me or other employees of Moelis under my general supervision and direction. If called and sworn as a witness, I could and would testify competently to the facts set forth herein.

### I.     Moelis' Affiliates

5. On page 29 of the Objection, the U.S. Trustee stated:

"Annex A to the Moelis Engagement Letter specifies that 'Indemnified Persons' under the Moelis Engagement Letters includes individuals associated with its affiliates. Additional disclosures are required on whether Moelis will utilize any individuals associated with its affiliates during its engagement."

6. The Moelis enterprise operates its investment banking business outside the United States through certain affiliates of Moelis (the "**Affiliates**"). It is possible that professionals who are either employees or independent contractors of Affiliates will provide services to the Committee in connection with this engagement, and Moelis has utilized the services of employees and independent contractors of Affiliates in previous restructuring engagements inside and outside of bankruptcy.

7. Because the Engagement Letter provides that Moelis would charge a fixed monthly fee and a fixed restructuring fee for its services, the Debtors' estates would not bear any additional fees relating to Moelis' utilization of employees and independent contractors of Affiliates in the Chapter 11 Cases.

8. As part of its connections check process that was described in the Initial Declaration, Moelis also checked whether the Affiliates had connections with the Potential Parties in Interest that were listed in Schedule 1 of the Initial Declaration and in Schedule 1 of this Declaration. The disclosures set forth in the Initial Declaration and Schedule 2 of the Initial Declaration and this Declaration include the results of Moelis' review of the Affiliates' connections with the Potential Parties in Interest that were listed in Schedule 1 of the Initial Declaration and in Schedule 1 of this Declaration.

## II.   Schedule 2 of the Initial Declaration

9. On page 29 of the Objection, the U.S. Trustee stated:

"Schedule 2 attached to the Dermont Declaration indicates that Moelis has connections to certain 'Potential Parties in Interest.' Schedule 2 does not specify whether the percentage of annual gross revenue that such representation generates for Moelis is above one percent for each client. In addition, Schedule 2 does not name the identities of two of the affiliates of Potential Parties in Interest. Additional disclosures are required on both of these issues."

10. Moelis has not earned more than 2% of its gross revenue during the two-year period ending on April 30, 2012 from any party listed in Schedule 2 of the Initial Declaration or in Schedule 2 of this Declaration, in connection with engagements in which such party (or an affiliate thereof that is known to Moelis)[1] was the sole client engaging Moelis.[2]

---

[1] For purposes of this sentence, "affiliate" means a parent, subsidiary or sister entity based on ownership of a majority of such entity's outstanding equity interests.

3

11.     Moelis is not a publicly-traded company. Accordingly, the names of the holders of Moelis' limited partnership interests and the names of the parties having limited partner commitments to Moelis Capital Partners are confidential. Nevertheless, to address the U.S. Trustee's concerns, Moelis is prepared to provide to counsel to the Debtors, counsel to the Committee and the United States Trustee (on a confidential, professionals' eyes only basis) the names of the parties to whom the second and third bullet points of Schedule 2 of the Initial Declaration refer.

### III.     Disclaimer of Fiduciary Duty

12.     On page 30 of the Objection, the U.S. Trustee stated:

> "Paragraph 6 of the Moelis Engagement Letter indicates that Moelis seeks to 'expressly disclaim any fiduciary duty to any party.' Moelis should disclose whether it seeks to disclaim its status as a fiduciary. See Leslie Fay, 175 B.R. at 532 (noting that the requirements of section 327 "serve the important policy of ensuring that all professionals appointed pursuant to [this section] tender undivided loyalty and provide untainted advice and assistance in furtherance of their fiduciary responsibilities."); Rome, 19 F.3d at 58 (noting that professionals retained under Section 327 have fiduciary responsibilities.). To the extent that Moelis seeks to disclaim it [sic] fiduciary duties, the United States Trustee reserves her rights to object to Moelis' retention on those grounds."

13.     Moelis has agreed to delete the sentence to which the U.S. Trustee objects from the Engagement Letter. To implement this deletion, Moelis has agreed to include the following sentence in the proposed order granting the Application: "The second sentence of paragraph 6 (on page 5) of the Engagement Letter is hereby deleted."

---

[2] As noted in Schedule 2 of the Initial Declaration and Schedule 2 of this Declaration, Potential Parties in Interest or their affiliates may be members of official or *ad hoc* creditor, lender or equity committees or groups that had retained Moelis in other engagements. In determining whether Moelis earned more than 2% of its gross revenue during the two-year period ending on April 30, 2012 from any party listed in Schedule 2 of the Initial Declaration or in Schedule 2 of this Declaration, Moelis did not take into account revenue that it generated through its engagements by such committees or groups, because there are numerous different ways that one could allocate revenue generated from group engagements among the members of that group.

**IV.  Ownership of Securities in the Debtors
and Business Transactions With the Debtors**

14.  On page 30 of the Objection, the U.S. Trustee stated:

"Paragraph 8 of the Moelis Engagement Letter indicates that '[o]ur affiliates, employees, officers and partners may at any time own the Company's securities or those of another entity involved in a transaction contemplated hereby.' Additional disclosures are required on whether partners or individuals with similar duties as partners own securities of the Debtors or are involved in business transactions with the Debtors."

15.  To the best of my knowledge, information and belief at this time, none of the managing directors or senior vice presidents (which are the two most senior professional titles for investment bankers at Moelis) of Moelis' Recapitalization and Restructuring Group own securities of the Debtors.  Moreover, to the best of my knowledge, information and belief at this time, none of the managing directors or senior vice presidents of Moelis' Recapitalization and Restructuring Group are involved in business transactions with the Debtors (other than ordinary course consumer transactions and other than in connection with Moelis' proposed engagement by the Committee under the terms of the Engagement Letter).

16.  As noted in Paragraph 28 of the Initial Declaration, Gracie Credit (which, like Moelis, is an affiliate of Moelis & Company Holdings LLC) is an investment management business that is operated in separate legal and operating entities from Moelis.  Also as noted in Paragraph 28 of the Initial Declaration, Moelis and Gracie Credit maintain strict compliance information barriers.  As a result, I do not know and cannot ascertain whether Gracie Credit or any of its employees hold securities of the Debtors or are involved in any other business transactions with the Debtors.

## V. Moelis' Outside Counsel Fees and Expenses

17. The U.S. Trustee has also objected to Moelis' request to charge the Debtors' estates for the fees and expenses of Moelis' outside counsel that are not in connection with indemnification rights. Moelis' engagement letters in both bankruptcy and non-bankruptcy matters customarily contain a provision that Moelis would charge its clients for the fees and expenses of its outside counsel. Such a provision is included in Paragraph 2(b) of the Engagement Letter with the Committee. Moelis typically receives reimbursement from its clients for its outside counsel's fees and expenses from its clients in both bankruptcy and non-bankruptcy engagements, to the extent such fees and expenses are actually incurred.

18. Consistent with Moelis' normal practice in engagements inside and outside of bankruptcy, in negotiating the amount of the monthly fee and the amount of the restructuring fee in this Engagement Letter for the Chapter 11 Cases, I did not take into account Moelis' outside counsel fees and expenses. Rather, Moelis' customary practice in engagements inside and outside of bankruptcy is to seek reimbursement of its outside counsel's fees and expenses separately from its clients. Moreover, the fees and expenses of Moelis' outside counsel are variable costs that Moelis can easily allocate among its engagements. Accordingly, I believe that the fees and expenses of Moelis' outside counsel are not "overhead."

19. In bankruptcy engagements, it is Moelis' normal practice to engage outside counsel to, among other things, review and comment on draft engagement letters that are prepared by Moelis, to prepare retention papers, to prepare or review fee applications, to respond to retention and fee objections, to appear in Court on Moelis' retention and fee applications, and to address any matters encompassed by the indemnification provisions of the engagement letters.

Moelis normally receives reimbursement from the bankruptcy estates for these outside counsel fees and expenses.

20. In connection with its retention in these Chapter 11 Cases, Moelis has retained Latham & Watkins LLP as its outside counsel. Moelis will only seek reimbursement from the Debtors' estates for such outside counsel's fees and expenses relating to work performed on Moelis' behalf. Moreover, Moelis will not seek reimbursement from the Debtors' estates for any fees or expenses incurred by outside counsel in connection with the preparation and review of the Engagement Letter.

### VI. Connections With Additional Parties in Interest

21. As stated in footnote 5 of the Initial Declaration, on or about June 26, 2012, the Debtors filed certain professional retention applications that attached a list of potential parties in interest that had been updated from a previous list provided by the Debtors that Moelis used for its connections check. Annexed hereto as Schedule 1 are the additional parties in interest that were not included in the list provided by the Debtors that Moelis used for its connections check (the "**Additional Parties in Interest**").

22. To the extent that I have been able to ascertain to date that Moelis has been engaged within the last two years or is currently engaged by any of the Additional Parties in Interest (or their affiliates, as the case may be) in matters unrelated to these cases, such facts are disclosed on Schedule 2 attached hereto.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, to the best of my information, knowledge and belief.

Executed on: July 20, 2012

                        MOELIS & COMPANY LLC

                        By:   /s/ Jared J. Dermont
                                Jared J. Dermont
                                Managing Director

# SCHEDULE 1

**Parties to Litigation**
Assured Guaranty Municipal Corp.

**Mortgage and Monoline Insurers**
The ACE Group
Federal Insurance Group (a subsidiary of the Chubb Group of Insurance Companies)

**Members of the Creditors' Committee**
Allstate Life Insurance Company
AIG Asset Management (U.S.), LLC
The Bank of New York Mellon Trust Company, N.A.
Deutsche Bank Trust Company Americas
Drennen, Rowena L.
Financial Guaranty Insurance Company
MBIA Insurance Corporation
U.S. Bank National Association
Wilmington Trust, N.A.

**Rule 2004 Motion Parties**
AlixPartners
Cerberus Capital Management, L.P.
Cerberus FIM Investors LLC
Cerberus FIM, LLC
FIM Holdings LLC
General Motors Company
Gibbs & Bruns, LLP
GMAC Bank
GMAC Commercial Finance, LLC
GMAC LLC
GMAC Mortgage Group, LLC
Houlihan Lokey
IB Finance Holding Company, LLC
Kelly Drye & Warren LLP
Kramer Levin et al
Morrison & Foerster LLP
Morrison Cohen LLP
National Motors Bank FSB
Ropes & Gray LLP
White & Case

## SCHEDULE 2

Moelis has been engaged within the last two years or is currently engaged by the following Potential Parties in Interest (or one or more of their affiliates, as the case may be) in matters unrelated to these cases*: Cerberus Capital Management, L.P.

* Note: Includes Potential Parties of Interest (or their affiliates, as the case may be) who were members of an official or ad hoc creditor, lender or equity committee or group.