UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, *et al.*,<br><br>                    Debtors. | Case No. 12-12020 (MG)<br><br>Chapter 11<br><br>Jointly Administered |

**SUPPLEMENT TO JULY 17, 2012 MOTION OF THE FEDERAL HOUSING FINANCE AGENCY PURSUANT TO THE JULY 11, 2012 ORDER OF THE HONORABLE DENISE L. COTE SEEKING LIMITED DISCOVERY FROM THE DEBTORS AND, IF NECESSARY TO THAT PURPOSE, RELIEF FROM THE AUTOMATIC STAY**

Federal Housing Finance Agency ("FHFA" or "Conservator"), as Conservator for the Federal Home Loan Mortgage Corporation ("Freddie Mac"), at the further direction of District Judge Denise Cote, presiding over the action styled *Federal Housing Finance Agency, as Conservator for the Federal Home Loan Mortgage Corporation v. Ally Financial Inc. f/k/a GMAC, LLC et al.* pending in the United States District Court for the Southern District of New York (the "District Court") as Case No. 11- Civ. 7010 (the "FHFA Case"), hereby submits this supplement (the "Supplement")[1] to its July 17, 2012 *Motion of the Federal Housing Finance Agency Pursuant to the July 11, 2012 Order of the Honorable Denise L. Cote Seeking Limited Discovery from the Debtors and, if Necessary to that Purpose, Relief from the Automatic Stay* (the "Motion")[2] [Docket No. 810].

---

[1]    As set forth herein, this Supplement is submitted at the direction of Judge Cote at a hearing held on July 17, 2012.  FHFA does not otherwise submit to the jurisdiction of this Court and reserves all rights with respect to such jurisdiction.

[2]    Capitalized terms not defined herein have the meanings ascribed to them in the Motion.

## BACKGROUND

1.  In response to FHFA's motion to compel production from the Non-Debtor Affiliates in the FHFA Case, on July 11, 2012, Judge Cote directed FHFA first to seek from this Court access to any relevant loan tapes and originator information in the Debtors' possession, custody or control. In compliance with the District Court's Order, FHFA filed the Motion on July 17, 2012.

2.  On July 17, 2012, Judge Cote held a conference (the "July 17 Conference") concerning the Debtors' *Motion to Extend Automatic Stay or, in the Alternative, for Injunctive Relief Enjoining Prosecution of Certain Pending Litigation Against Debtors' Directors and Officers and Non-Debtor Corporate Affiliates* as it relates to FHFA (the "Injunction Motion").[3]

3.  At the July 17 Conference, Judge Cote denied the Injunction Motion. (*See* Transcript of July 17, 2012 conference in *Residential Capital, LLC v. Federal Housing Finance Agency, as Conservator for the Federal Home Loan Mortgage Corporation*, Case No. 12 Civ. 5116 (DLC) (S.D.N.Y.), attached hereto as Exhibit A.) Judge Cote held that "the anti-injunction provision of HERA deprives this Court of jurisdiction to grant the relief that ResCap seeks." (*Id.* at 6:13-15.) The District Court further stated: "I personally don't find the Section 105 analysis very strong either. I don't need to reach it because I wouldn't have jurisdiction to extend the stay, but I don't find that ResCap has made a strong enough showing even if it were within my jurisdiction to consider the Section 105 argument." (*Id.* at 23:13-17.)

4.  Judge Cote then directed FHFA to request from this Court access to any loan files in the Debtors' possession – supplementing its request in the pending Motion for access to loan tapes. (*Id.* at 24:9-12 ("I want FHFA to go in the first instance to Judge Glenn. I have already

---

[3]  As referenced in the Motion, Judge Cote withdrew the reference of the adversary proceeding commenced by the Debtors in this Court seeking to enjoin FHFA's prosecution of the FHFA Case. (Motion ¶ 7.)

told you to do that with respect to the loan tapes. I want you to do that with respect to the loan files as well.").)

## SUPPLEMENT TO MOTION

5.      Pursuant to Judge Cote's direction at the July 17 Conference, FHFA hereby supplements the Motion and respectfully requests that this Court permit FHFA to obtain loan files relevant to the FHFA Case that are in the Debtors' possession (the "Loan Files"). The Loan Files comprise (i) loan origination files, or files that are aggregated and maintained in the course of originating, underwriting, approving, and funding the loan, including any documents or materials relevant to these processes but received post-funding and (ii) loan servicing files, or files that are compiled and used in the course of servicing the loan.

6.      The legal bases for FHFA to obtain access to the Loan Files are the same as those set forth in the Motion with respect to the loan tapes and originator information.

7.      First, the automatic stay does not apply to third-party discovery sought from a debtor. (Motion ¶¶ 16-18.) Indeed, at the July 17 Conference, during the District Court's colloquy with Debtor's counsel, Judge Cote noted that "the automatic stay under the bankruptcy statute does not prevent by itself discovery being taken of a debtor in third party litigation." (Ex. A at 18:14-16.) Debtors' counsel agreed, stating: "You are, correct, your Honor." (*Id.* at 18:17.) Judge Cote further elaborated:

> With respect to the law about discovery of a debtor, during the bankruptcy process, of course this is something that the Ninth Circuit has spoken of in the Miller case, 262 BR 4909, as the Ninth Circuit noted at page 505, information is information, and when it is in the possession of a debtor, it is discoverable. More recently Judge Dolinger permitted depositions to occur of a debtor's employees in the Signature Bank case, 2008 WL 4126248, noting that the automatic litigation stay in Section 362 does not prevent discovery in a current lawsuit even if the depositions in question unearth information that may be relevant to the bank's state claims

3

  against a debtor.

(*Id.* at 26:5-24.)

  8. <u>Second</u>, even if the automatic stay does apply to FHFA's request to obtain the Loan Files from the Debtors, cause exists to grant FHFA relief from stay. (*See* Motion at ¶ 19-25.) Judge Cote made several findings that are instructive on this point when, at the July 17 Conference, she rejected the Debtors' argument that allowing discovery against the Non-Debtor Affiliates would harm the Debtors.

  9. For example, Judge Cote found that the Debtors would need to participate in discovery eventually anyway and, therefore, that the potential costs of participating in discovery were unavoidable. (Ex. A. at 17:14-21 ("So it seems to me that when it comes down to the arguments with respect to indemnification for defense costs or wasting insurance policies that those arguments have to be weighed in the context of understanding that this discovery is going to occur and there will be a cost to participation in this discovery and that the cost is affecting the economics of the restructuring, whether or not the documents are produced today or in the future.").) In other words, "ResCap has the loan files. They are going to have to be produced some day. There is going to be a cost associated with the production of those loan files, whether it is today or next year." (*Id.* at 19:11-14.)

  10. Judge Cote also found that requiring the Debtors to participate in the subject discovery would not interfere with the Debtors' restructuring process. (*Id.* at 24:3-8 ("I don't think production of either the loan files or the loan tapes is something that is going to involve management of ResCap. These are ministerial duties, clerical duties to gather these documents. I don't see how they would be interfering in any way with the involvement of management in making judgments or negotiating a restructuring."), 26:17-23 ("I know the parties are familiar

4

with the Johns Manville case from 1984, which can be found in 40 BR 219.  But even there the test is, as articulated in that court, one of significant interference with a debtor's reorganization efforts.  For all the reasons I have already described, I don't think that the limited production of loan tapes and loan files can meet that test . . .").)

11. Additionally, Judge Cote reiterated the paramount importance of FHFA obtaining the relevant discovery immediately to avoid harm to the FHFA Coordinated Actions.  She explained:

> The loan files -- and we don't know the number, but it is a knowable number, something less than 105,000 apparently – are [] going to be essential to the prosecution of the litigation in 11 CV 7010 [*i.e.,* the FHFA Case].  It is my judgment that they are also essential to the prosecution of the 16 cases before me for reasons I discussed in last week's telephone call because there are seven non-affiliate defendants who are in 11 CV 7010 and one or more of the remaining 15 actions and the 16 actions are moving forward in a coordinated fashion with an understanding -- well, it is [a] hope that through coordinated discovery, there will be efficiencies for the party and ultimately savings for all concerned.

(*Id.* at 16-2-13.)

> It is important that document discovery proceed quickly so that counsel and their experts have an opportunity to review the documents and prepare for the January depositions.  As I mentioned, the FHFA and UBS depositions begin in January and both are parties to 11 CV 7010.

(*Id.* at 24:24-25:-3.)

12. Accordingly, for the reasons set forth herein and in the Motion, and consistent with Judge Cote's findings at the July 17 Conference, relief from the automatic stay (if it applies) is justified.

**CONCLUSION**

For the foregoing reasons, the Court should permit FHFA access to the Loan Files, loan tapes and originator information and grant any such other and further relief to FHFA deemed just and proper.

DATED:   July 20, 2012
         New York, New York

                                KASOWITZ, BENSON, TORRES &
                                    FRIEDMAN LLP

                                /s/ Andrew K. Glenn
                                Andrew K. Glenn (aglenn@kasowitz.com)
                                Matthew B. Stein (mstein@kasowitz.com)
                                Daniel A. Fliman (dfliman@kasowitz.com)
                                1633 Broadway
                                New York, New York 10019
                                Telephone:  (212) 506-1700
                                Facsimile:  (212) 506-1800

                                *Attorneys for Federal Housing
                                Finance Agency, as Conservator for the Federal
                                Home Loan Mortgage Corporation*