MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
Larren M. Nashelsky
Gary S. Lee
Lorenzo Marinuzzi

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**PROPOSED AGENDA FOR MATTERS SCHEDULED
TO BE HEARD ON JULY 24, 2012 AT 10:00 A.M. (EST)**

Location of Hearing:  United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton U.S. Custom House, Courtroom 501, One Bowling Green, New York, NY 10004-1408

**I.      ADJOURNED MATTERS**

**1.**    Kenneth Taggart's Motion for Leave to File Motion Pursuant Stay & Relief (and Clarification from Bankruptcy Court [Docket No. 263]

   **Related Documents**:

   **a.**    Notice of Adjournment [Docket No. 811]

   **b.**    Notice of Adjournment of Hearing on Lift Stay Motions to August 14, 2012 at 10:00 a.m. [Docket No. 824]

   **Responses**:

   **a.**    Debtors' Omnibus Objection to Motions for Relief from the Automatic Stay Scheduled for Hearing on July 10, 2012 [Docket No. 682]

ny-1049824

   **Status**: This hearing on this matter has been adjourned to August 14, 2012.

**2.** Motion of Christina Ulbrich for Relief from Automatic Stay as to GMAC Mortgage, LLC [Docket No. 667]

 **Related Documents**:

  **a.** Memorandum of Law in Support of Motion of Christina Ulbrich for Relief from Automatic Stay as to GMAC Mortgage, LLC [Docket No. 668]

  **b.** Declaration of Kai H. Richter in Support of Motion of Christina Ulbrich for Relief from Automatic Stay as to GMAC Mortgage, LLC [Docket No. 670]

  **c.** Notice of Hearing on Motion of Christina Ulbrich for Relief from the Automatic Stay as to GMAC Mortgage, LLC [Docket No. 671]

  **d.** Notice of Adjournment of Hearing on Lift Stay Motions to August 14, 2012 at 10:00 a.m. [Docket No. 824]

 **Responses**: None.

 **Status**: This hearing on this matter has been adjourned to August 14, 2012.

**3.** Motion of Deborah Bollinger and Bryan Bubnick for Relief from Automatic Stay as to GMAC Mortgage, LLC and Residential Capital, LLC [Docket No. 677]

 **Related Documents**:

  **a.** Memorandum of Law in Support of Motion of Deborah Bollinger and Bryan Bubnick for Relief from Automatic Stay as to GMAC Mortgage, LLC and Residential Capital, LLC [Docket No. 678]

  **b.** Declaration of Robert L. Schug in Support of Motion of Deborah Bollinger and Bryan Bubnick for Relief from Automatic Stay as to GMAC Mortgage, LLC and Residential Capital, LLC [Docket No. 679]

  **c.** Notice of Hearing on Motion of Deborah Bollinger and Bryan Bubnick for Relief from Automatic Stay as to GMAC Mortgage, LLC and Residential Capital, LLC [Docket No. 680]

  **d.** Notice of Adjournment of Hearing on Lift Stay Motions to August 14, 2012 at 10:00 a.m. [Docket No. 824]

 **Responses**: None.

 **Status**: This hearing on this matter has been adjourned to August 14, 2012.

**4.** Debtors' Application Under Section 327(e) and 328 of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1 for Authorization (I) to Employ and

Retain Bradley Arant Boult Cummings LLC as Special Litigation and Compliance Counsel to the Debtors, *Nunc Pro Tunc* to May 14, 2012, and (II) to Approve Alternative Billing Arrangement [Docket No. 721]

**Related Documents**:

a.   Notice of July 24, 2012 Hearing [Docket No. 722]

**Responses**:

a.   Limited Objection of Patrick Hopper to Debtors' Motion to Employ and Retain Bradley Arant Bould Cummings LLP as Special Litigation and Compliance Counsel to the Debtors [Docket No. 809]

**Status**:   The hearing on this matter has been adjourned to August 8, 2012.

## II.   ADVERSARY PROCEEDING MATTERS - RESIDENTIAL CAPITAL, LLC, *ET AL.* v. ALLSTATE INSURANCE COMPANY, *ET AL.*, ADV. PROC. NO. 12-AP-01671 (MG)

1.   Motion to Dismiss the Debtors' Complaint Against the Federal Deposit Insurance Corporation as Receiver for Citizens National Bank as Receiver for Strategic Capital Bank [Docket No. 53]

**Related Documents**:

a.   Memorandum of Law in Support of the Motion of the Federal Deposit Insurance Corporation, as Receiver for Citizens National Bank and as Receiver for Strategic Capital Bank, to Dismiss the Complaint for Lack of Jurisdiction [Docket No. 54]

b.   Notice of Hearing on Motion to Dismiss the Debtors' Complaint Against the Federal Deposit Insurance Corporation as Receiver for Citizens National Bank as Receiver for Strategic Capital Bank [Docket No. 55]

**Responses**:   None.

**Status**:   The hearing on this matter has been adjourned to October 31, 2012.

## III.   STATUS CONFERENCES

1.   Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of RMBS Trust Settlement Agreements [Docket No. 320]

**Related Documents**:

a.   Notice of Filing of Corrected Exhibit 6 to Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of the RMBS Trust Settlement Agreements [Docket No. 321]

ny-1049824                                    3

**b.**  Amended Notice of Hearing on Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of RMBS Trust Settlement Agreements [Docket No. 322]

**c.**  Notice of Filing of Corrected Exhibit 5 to Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of the RMBS Trust Settlement Agreements [Docket No. 328]

**d.**  Second Amended Notice of Hearing on Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of the RMBS Settlement Agreements [Docket No. 392]

**e.**  Notice of Initial Case Conference Regarding (I) Debtors' Motion for Entry of an Order Under Bankruptcy Rule 6006 Authorizing the Debtors to Assume Plan Support Agreements with Steering Committee Consenting Claimants, (II) Debtors' Motion for Entry of an Order Under Bankruptcy Code Section 365 and Bankruptcy Rule 6006 Authorizing the Debtors to Assume Plan Support Agreements with Talcott Franklin Consenting Claimants, and (III) Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of RMBS Trust Settlement Agreements [Docket No. 473]

**f.**  Notice of Adjournment of Hearing and Extension of Objection Deadline on RMBS Trust Settlement and Plan Support Agreements to Times and Dates To Be Determined [Docket No. 519]

**g.**  MBIA Insurance Corporation's Status Report Regarding Discovery Concerning the RMBS Trust Settlement Agreements and RMBS Trust Plan Support Agreements [Docket No. 705]

**h.**  Submission in Support of Scheduling Order Jointly Proposed by Certain RMBS Trustees [Docket No. 857]

**i.**  Notice of Proposed Order - Omnibus Scheduling Order Regarding Debtors' (i) Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of RMBS Trust Settlement Agreements; and (ii) Sale Motion, Only With Respect to the Bank of New York Mellon Trust Company, N.A., Deutsche Bank Trust Company Americas, Deutsche Bank National Trust Company, U.S. Bank National Association, and Wells Fargo Bank N.A., in their Capacities as Trustees, Indenture Trustees, or Master Servicers (the "Limited Objectors") [Docket No. 862]

**Responses Received**:

**a.**  Objection [of Triaxx] to Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of the RMBS Trust Settlement Agreements [Docket No. 481]

    **b.**    Partial Joinder of Wells Fargo Bank, N.A., as Master Servicer for Residential Mortgage Backed Securities Trusts to "Submission in Support of Scheduling Order Jointly Proposed by Certain RMBS Trustees" [Docket No. 858]

    **c.**    Statement of Official Committee of Unsecured Creditors in Support of Scheduling Order Jointly Proposed by Committee and Certain RMBS Trustees [Docket No. 860]

**Status**:   The status conference on this matter will be going forward.

**2.**   Order Under 11 U.S.C. §§ 105, 363(b) and 365 (I) Authorizing and Approving Sale Procedures, Including Payment of Break-Up Fees; (II) Scheduling Bid Deadline, Auction (If Necessary) and Sale Hearing; (III) Establishing Assumption and Assignment Procedures, Including Procedures for Fixing Cure Amounts; and (IV) Establishing Notice Procedures and Approving Forms of Notice [Docket No. 538]

**Related Documents**:   None.

**Responses**:

    **a.**    Limited Objection of Certain Trustees for Residential Mortgage Backed Securities Trusts to Debtors Motion Pursuant to 11 U.S.C. Sections 105, 363(B), (F), and (M), 365 and 1123, and Fed R. Bankr. P. 2002, 6004, 6006, and 9014 for Orders: (A)(I) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expense Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Asset Purchase Agreements Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (I) Granting Related Relief [Docket No. 291]

    **b.**    Joinder of Wells Fargo Bank, N.A., as Master Servicer for Residential Mortgage Backed Securities Trusts to (a) Limited Objection of Certain Trustees for Residential Mortgage Backed Securities Trusts to Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), and (m), 365 and 1123 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 for Orders: (A)(I) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expense Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Asset Purchase Agreements Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting

>    Related Relief; and (b) Limited Objection of Certain Trustees for Residential Mortgage Backed Securities Trusts to the Debtors Postpetition Financing Motions [Docket No. 292]
>
>    **Status**: The initial hearing on this matter took place on June 18, 2012. The Limited Objection of Certain Trustees for Residential Mortgage Backed Securities [Docket No. 291] to the Sale Motion and the Joinder of Wells Fargo, Inc., N.A. as Master Servicer to such limited objection [Docket No. 292] were adjourned by the Sales Procedures Order [Docket No. 538] to July 10, 2012. The status conference on this matter was further adjourned to this omnibus hearing date. The status conference on this matter will be going forward.

3. Debtors' Motion For Interim And Final Orders Under Bankruptcy Code Sections 105(a) And 363 Authorizing The Debtors To Continue To Perform Under The Ally Bank Servicing Agreements In The Ordinary Course Of Business [Docket No. 47]

    **Related Documents**:

    **a.** Interim Order Pursuant to Sections 105(a) and 363 of the Bankruptcy Code Authorizing the Debtors to Continue to Perform Under the Ally Bank Servicing Agreement in the Ordinary Course of Business [Docket No. 90]

    **b.** Declaration of Matthew Detwiler In Support of Debtors' Ally Servicing Motion [Docket No. 366]

    **c.** Notice of Filing of Amended Proposed Final Order Pursuant to Sections 105(a) and 363 of the Bankruptcy Code Authorizing the Debtors to Continue to Perform Under the Ally Bank Servicing Agreements in the Ordinary Course of Business [Docket No. 398]

    **d.** Declaration of Thomas Marano, Chief Executive Officer of Residential Capital, LLC, in Further Support of Debtors' Ally Servicing Motion [Docket No. 793]

    **Responses**:

    **a.** Reservation of Rights to Debtors' Motions for Continued Servicing and Origination [Docket No. 218]

    **b.** Limited Objection And Reservation Of Rights Of The Official Committee Of Unsecured Creditors To The Debtors' (I) Origination Motion And (II) Ally Servicing Motion [Docket No. 303]

    **c.** Ally Financial Inc.'s and Ally Bank's Reply to Creditors' Committee's Limited Objection to (A) The Debtors' Motion Authorizing the Debtors to Continue to Perform Under the Ally Bank Servicing Agreement in the Ordinary Course of Business and (B) The Debtors' Origination Motion [Docket No. 385]

**Replies**:

a.  Debtors' Reply to the Limited Objection and Reservation of Rights of the Official Committee of Unsecured Creditors to the Debtors' (I) Origination Motion and (II) Ally Servicing Motion [Docket No. 367]

**Status**:   The status conference on this matter will be going forward.

IV.  **UNCONTESTED MATTERS**

1.  Motion of Shellpoint Partners LLC f/k/a Shellpoint Mortgage LLC and New Penn Financial, LLC for Entry of an Order Modifying the Automatic Stay to Effectuate Termination Notice [Docket No. 182]

    **Related Documents**:

    a.  Notice of Hearing on Motion of Shellpoint Partners LLC f/k/a Shellpoint Mortgage LLC and New Penn Financial, LLC for Entry of an Order Modifying the Automatic Stay to Effectuate Termination Notice [Docket No. 184]

    **Responses**:   None.

    **Status**:   The parties are in the process of resolving this matter.

2.  Motion [of Community South Bank] for Relief from Stay [Docket No. 659]

    **Related Documents**:   None.

    **Responses:**   None.

    **Status**:   The parties are in the process of resolving this matter.

3.  Debtors' Second Motion for Order Under Bankruptcy Code Section 521 and Bankruptcy Rule 1007(c) Further Extending Time for Filing Schedules and Statements [Docket No. 547]

    **Related Documents:**   None.

    **Responses:**   None.

    **Status**:   The hearing on this matter will be going forward.

4.  Debtors' Application for an Order Authorizing Employment and Retention of Fortace LLC as Consultant to the Debtors *Nunc Pro Tunc* to May 21, 2012 [Docket No. 704]

    **Related Documents**:

    a.  Notice of July 24, 2012 Hearing [Docket No. 722]

    **b.**    Supplemental Affidavit of Frank Sillman in Further Support of Debtors' Application for an Order Authorizing Employment and Retention of Fortace, LLC as Consultant to the Debtors Nunc Pro Tunc to May 21, 2012 [Docket No. 827]

    **Responses**:    None.

    **Status**:    The hearing on this matter will be going forward.

**5.**    Debtors' Application for an Order Authorizing Employment and Retention of Towers Watson Delaware Inc. as Human Resources Consultants to the Debtors *Nunc Pro Tunc* to June 25, 2012 [Docket No. 719]

    **Related Documents**:

    **a.**    Notice of July 24, 2012 Hearing [Docket No. 722]

    **b.**    Supplemental Affidavit of Philip Logan Ullom in Support of Debtors' Application for Entry of an Order Authorizing Employment and Retention of Towers Watson Delaware Inc. [Docket No. 833]

    **Responses**:    None.

    **Status**:    The hearing on this matter will be going forward.

**6.**    Debtors' Application Under Section 327(e) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1 for Authorization to Employ and Retain Severson & Werson PC as Special California Litigation Counsel to the Debtors, *Nunc Pro Tunc* to May 14, 2012 [Docket No. 720]

    **Related Documents**:

    **a.**    Notice of July 24, 2012 Hearing [Docket No. 722]

    **b.**    Supplemental Declaration of Mary Kate Sullivan in Support of the Debtors' Application Under Section 327(e) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1 for Authorization to Employ and Retain Severson & Werson PC as Special California Litigation Counsel to the Debtors, *Nunc Pro Tunc* to May 14, 2012 [Docket No. 829]

    **Responses**:    None.

    **Status**:    The hearing on this matter will be going forward.

**V.**    **CONTESTED MATTERS**

**1.**    Gilbert Motion to Dismiss Chapter 11 Case or, in the Alternative, Motion for Relief from the Automatic Stay to Permit the Gilbert Litigation Now Pending the U.S. Court of Appeals for the Fourth Circuit to Proceed in the Federal Courts and Motion Seeking

       Damages for Willful Violation of the Automatic Stay Pursuant to 11 U.S.C. § 362(h) [Docket No. 274]

       **Related Documents**:

    **a.**    Notice of Hearing on Gilbert Motion to Dismiss Chapter 11 Case or, in the Alternative, Motion for Relief from the Automatic Stay to Permit the Gilbert Litigation Now Pending the U.S. Court of Appeals for the Fourth Circuit to Proceed in the Federal Courts and Motion Seeking Damages for Willful Violation of the Automatic Stay Pursuant to 11 U.S.C. Section 362(H) [Docket No. 275]

    **b.**    [Proposed] Order Dismissing Chapter 11 Bankruptcy Case for Cause [Docket No. 280]

    **c.**    [Proposed] Order Modifying the Automatic Stay to Permit the Gilbert Litigation to Proceed in the United States Court of Appeals for the Fourth Circuit [Docket No. 314]

    **d.**    [Proposed] Order Modifying the Automatic Stay to Permit the Gilbert Litigation to Proceed in the United States Court of Appeals for the Fourth Circuit [Docket No. 315]

       **Responses**:

    **a.**    Debtors' Omnibus Objection to Motions for Relief from the Automatic Stay Scheduled for Hearing on July 10, 2012 [Docket No. 682]

    **Status**:    The hearing on this matter will be going forward.

**2.**    Motion of Aurora Bank, FSB for Order Pursuant to Section 362(d) of the Bankruptcy Code, Bankruptcy Rule 4001 and Local Bankruptcy Rule 4001-1 Modifying the Automatic Stay to Allow Continuation of Pre-Petition Litigation [Docket No. 451]

       **Related Documents**:

    **a.**    Notice of Hearing on Motions to Lift the Stay [Docket No. 515]

    **b.**    Notice of Adjournment of Hearing Scheduled for July 10, 2012 on Movant's Motion for Order Modifying the Automatic Stay to Allow Continuation of Pre-Petition Litigation (Doc 451) Until July 24, 2012 at 10 A.M. [Docket No. 660]

       **Responses**:

    **a.**    Debtors' Objection to Motion of Aurora Bank, FSB for Order Pursuant to Bankruptcy Code 362(d), Bankruptcy Rule 4001 and Local Bankruptcy

    Rule 4001-1 Modifying Automatic Stay to Allow Continuation of Pre-Petition Litigation [Docket No. 807]

  **Status**: The hearing on this matter will be going forward.

**3.** Mary Gardner's Motion for Relief from Stay [Docket No. 462]

  **Related Documents**:

  **a.** Notice of Hearing on Motions to Lift the Stay [Docket No. 515]

  **Responses**:

  **a.** Debtors' Omnibus Objection to Motions for Relief from the Automatic Stay Scheduled for Hearing on July 10, 2012 [Docket No. 682]

  **Status**: The hearing on this matter will be going forward.

**4.** Motion [of Wells Fargo Bank, N.A.] for Relief from the Automatic Stay to Permit Prosecution of Non-Bankruptcy Forum Action Against Debtor Executive Trustee Services, LLC, Or, in the Alternative, to Permit Movant to Conduct Discovery and to Issue Trial Subpoenas Directed at Debtor in the Non-Bankruptcy Action [Docket No. 540]

  **Related Documents**:

  **a.** Notice of Hearing on Wells Fargo's Motion for Relief from the Automatic Stay to Permit Prosecution of Non-Bankruptcy Forum Action Against Debtor Executive Trustee Services, LLC, Or, in the Alternative, to Permit Movant to Conduct Discovery and to Issue Trial Subpoenas Directed at Debtor in the Non-Bankruptcy Action [Docket No. 541]

  **b.** Declaration of Jeremy E. Shulman in Support of Wells Fargo's Motion for an Order (A) Granting Relief from the Automatic Stay Permitting Prosecution of Non-Bankruptcy Forum Against Debtor Executive Trustee Services, LLC, Or, in the Alternative, (B) Permitting Movant to Conduct Discovery and to Issue Trial Subpoenas Directed at Debtor in the Non-Bankruptcy Action [Docket No. 542]

  **c.** Supplemental Declaration of Jeremy E. Shulman in Support of Wells Fargo's Motion for an Order (A) Granting Relief from the Automatic Stay Permitting Prosecution of Non-Bankruptcy Forum Against Debtor Executive Trustee Services, LLC, Or, in the Alternative, (B) Permitting Movant to Conduct Discovery and to Issue Trial Subpoenas Directed at Debtor in the Non-Bankruptcy Action [Docket No. 852]

**Responses**:

a.  Debtors' Objection to Motion of Wells Fargo Bank, N.A. for Relief from the Automatic Stay to Permit Non-Bankruptcy Forum Action Against Debtor Executive Trustee Services, LLC, or, to Permit Wells Fargo Bank, N.A. to Conduct Discovery and to Issue Trial Subpoenas Directed at Executive Trustee Services, LLC [Docket No. 805]

**Replies**:

a.  Reply to Debtors' Objection to Motion of Wells Fargo Bank, N.A. for Relief from the Automatic Stay to Permit Non-Bankruptcy Forum Action Against Debtor Executive Trustee Services, LLC, or, to Permit Wells Fargo Bank, N.A. to Conduct Discovery and to Issue Trial Subpoenas Directed at Executive Trustee Services, LLC [Docket No. 851]

**Status**:   The hearing on this matter will be going forward.

5.  Debtors' Application for Order Under Bankruptcy Code Sections 327(a) and 328(a) Authorizing Employment and Retention of Centerview Partners LLC as Investment Banker [Docket No. 507]

**Related Documents**:

a.  Notice of July 13, 2012 Hearing [Docket No. 516]

b.  Supplemental Declaration of Marc D. Puntus in Further Support of Debtors' Application for Order Under Bankruptcy Code Sections 327(a) and 328(a) Authorizing Employment and Retention of Centerview Partners LLC as Investment Banker [Docket No. 831]

**Responses**:

a.  Omnibus Objection of the United States Trustee to Applications for Separate Orders Authorizing the Employment and Retention of (i) Morrison & Foerster LLP as Bankruptcy Counsel; (ii) Centerview Partners LLC as Investment Banker; (iii) Carpenter Lipps & Leland LLP as Special Litigation Counsel; (iv) Dorsey & Whitney LLP as Special Securitization and Investigatory Counsel; (v) Orrick, Herrington & Sutcliffe LLP as Special Securitization Transactional and Litigation Counsel; (vi) Mercer (US) Inc. as Compensation Consultant; (vii) Rubenstein Associates, Inc. as Corporate Communications Consultant; (viii) FTI Consulting, Inc. as Financial Advisor; (ix) Curtis, Mallet-Prevost, Colt & Mosle LLP as Conflicts Counsel; (x) Moelis & Company LLC as Investment Banker; (xi) AlixPartners LLP as Financial Advisor; and (xii) Professionals Used in the Ordinary Course of Business [Docket No. 703]

      **b.**    Statement and Reservation of Rights of the Official Committee of Unsecured Creditors with Respect to the Debtors' Professional Retention Applications [Docket No. 747]

    **Status**:    The hearing on this matter will be going forward.

**6.**    Debtors' Application Under Sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1 for Authorization to Employ and Retain FTI Consulting, Inc. as Financial Advisor *Nunc Pro Tunc* to May 14, 2012 [Docket No. 526]

    **Related Documents**:

      **a.**    Notice of July 13, 2012 Hearing [Docket No. 532]

      **b.**    Supplemental Affidavit in Support of the Debtors' Application for Authorization to Employ and Retain FTI Consulting, Inc. as Financial Advisors for the Debtors [Docket No. 850]

      **c.**    Notice of Filing of Corrected Exhibit 1 to Supplemental Affidavit in Support of the Debtors' Application for Authorization to Employ and Retain FTI Consulting, Inc. as Financial Advisors for the Debtors [Docket No. 855]

    **Responses**:

      **a.**    Omnibus Objection of the United States Trustee to Applications for Separate Orders Authorizing the Employment and Retention of (i) Morrison & Foerster LLP as Bankruptcy Counsel; (ii) Centerview Partners LLC as Investment Banker; (iii) Carpenter Lipps & Leland LLP as Special Litigation Counsel; (iv) Dorsey & Whitney LLP as Special Securitization and Investigatory Counsel; (v) Orrick, Herrington & Sutcliffe LLP as Special Securitization Transactional and Litigation Counsel; (vi) Mercer (US) Inc. as Compensation Consultant; (vii) Rubenstein Associates, Inc. as Corporate Communications Consultant; (viii) FTI Consulting, Inc. as Financial Advisor; (ix) Curtis, Mallet-Prevost, Colt & Mosle LLP as Conflicts Counsel; (x) Moelis & Company LLC as Investment Banker; (xi) AlixPartners LLP as Financial Advisor; and (xii) Professionals Used in the Ordinary Course of Business [Docket No. 703]

      **b.**    Statement and Reservation of Rights of the Official Committee of Unsecured Creditors with Respect to the Debtors' Professional Retention Applications [Docket No. 747]

    **Status**:    The hearing on this matter will be going forward.

**7.**    Application Pursuant to Sections 328 and 1103 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 2014 for an Order to Retain and Employ Moelis &

Company LLC as Investment Banker to the Official Committee of Unsecured Creditors, *Nunc Pro Tunc*, to May 16, 2012 [Docket No. 529]

**Related Documents**:

a.  Supplemental Declaration of Jared J. Dermont in Support of the Application of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing the Employment and Retention of Moelis & Company LLC as its Investment Banker Nunc Pro Tunc to May 16, 2012 [Docket No. 853]

**Responses**:

a.  Omnibus Objection of the United States Trustee to Applications for Separate Orders Authorizing the Employment and Retention of (i) Morrison & Foerster LLP as Bankruptcy Counsel; (ii) Centerview Partners LLC as Investment Banker; (iii) Carpenter Lipps & Leland LLP as Special Litigation Counsel; (iv) Dorsey & Whitney LLP as Special Securitization and Investigatory Counsel; (v) Orrick, Herrington & Sutcliffe LLP as Special Securitization Transactional and Litigation Counsel; (vi) Mercer (US) Inc. as Compensation Consultant; (vii) Rubenstein Associates, Inc. as Corporate Communications Consultant; (viii) FTI Consulting, Inc. as Financial Advisor; (ix) Curtis, Mallet-Prevost, Colt & Mosle LLP as Conflicts Counsel; (x) Moelis & Company LLC as Investment Banker; (xi) AlixPartners LLP as Financial Advisor; and (xii) Professionals Used in the Ordinary Course of Business [Docket No. 703]

**Status**:    The hearing on this matter will be going forward.

8.  Application Pursuant to Sections 328 and 1103 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 2014 for an Order to Retain and Employ AlixPartners LLP as Financial Advisors to the Official Committee of Unsecured Creditors of the Debtors, *Nunc Pro Tunc*, to May 21, 2012 [Docket No. 530]

**Related Documents**:    None.

**Responses**:

a.  Omnibus Objection of the United States Trustee to Applications for Separate Orders Authorizing the Employment and Retention of (i) Morrison & Foerster LLP as Bankruptcy Counsel; (ii) Centerview Partners LLC as Investment Banker; (iii) Carpenter Lipps & Leland LLP as Special Litigation Counsel; (iv) Dorsey & Whitney LLP as Special Securitization and Investigatory Counsel; (v) Orrick, Herrington & Sutcliffe LLP as Special Securitization Transactional and Litigation Counsel; (vi) Mercer (US) Inc. as Compensation Consultant; (vii) Rubenstein Associates, Inc. as Corporate Communications Consultant; (viii) FTI Consulting, Inc. as Financial Advisor; (ix) Curtis, Mallet-Prevost, Colt & Mosle LLP as

> Conflicts Counsel; (x) Moelis & Company LLC as Investment Banker; (xi) AlixPartners LLP as Financial Advisor; and (xii) Professionals Used in the Ordinary Course of Business [Docket No. 703]
>
> **Status**:   The hearing on this matter will be going forward.

Dated:  July 20, 2012
New York, New York

> /s/ Larren M. Nashelsky
> Larren M. Nashelsky
> Gary S. Lee
> Lorenzo Marinuzzi
> MORRISON & FOERSTER LLP
> 1290 Avenue of the Americas
> New York, New York 10104
> Telephone: (212) 468-8000
> Facsimile: (212) 468-7900
>
> *Counsel for the Debtors and Debtors in Possession*