IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Residential Capital, LLC, et al. | ) | Case No. 12-12020-mg |
| | ) | |
| Debtors | ) | (Jointly Administered) |
| | ) | |
| | ) | Hearing Date: July 24, 2012 |
| | ) | |
| | ) | 10:00 a.m. |
| | ) | |

**REPLY OF AURORA BANK, FSB TO DEBTORS' OBJECTION TO MOTION FOR ORDER PURSUANT TO BANKRUPTCY CODE 362(d), BANKRUPTCY RULE 4001 AND LOCAL BANKRUPTCY RULE 4001-1 MODIFYING AUTOMATIC STAY TO ALLOW CONTIUATION OF PRE-PETITION LITIGATION**

1.  Aurora Bank, FSB ("Aurora") hereby submits this reply to Debtors' Residential Capital, LLC and its affiliated debtors and debtors in possession in the above-captioned Chapter 11 cases ("Debtors") objection ("Objection") to the *Motion of Aurora Bank, FSB for Order Pursuant to Section 362(d) of the Bankruptcy Code, Bankruptcy Rule 4001 and Local Bankruptcy Rule 4001-1 Modifying the Automatic Stay to Allow Continuation of Pre-Petition Litigation* (the "Motion").

2.  Sufficient cause has been shown to grant the requested relief. As a result of Debtor GMAC Mortgage, LLC's ("GMAC") and Debtor Executive Trustee Services, LLC's ("ETS") wrongful actions, Aurora is now unable to enforce several security instruments, resulting in a loss of security in excess of $1,406,000.00. GMAC and ETS seek to evade responsibility for their wrongful actions by hiding behind their unrelated bankruptcy.

3.  The issues within the two actions pending in California State Courts (the "California Actions") arise from state-created private rights. In each action, the court must

- 1 -

determine the priority of multiple encumbrances upon each property, the validity of foreclosure proceedings, the enforceability of documents recorded in county recorder's offices within California, whether subsequent buyers of these properties are bona fide purchasers under the California recording statutes, whether subsequent encumbrancers of these properties are bona fide encumbrancers under California law, as well as other complex issues of California law. The bankruptcy court cannot exercise jurisdiction over non-core state-created private rights claims that arose pre-petition. Northern Pipeline Constr. Co. v. Marathon Pipe Line Co. (1982) 458 U.S. 50, 71. Furthermore, while debtors correctly point out that the California Actions mainly involve only Aurora and Debtors, Aurora anticipates adding several additional third parties to the action, including but not limited to the current homeowners, subsequent encumbrancers, previous homeowners, and Ally Financial for approving, ratifying, and profiting from the wrongful actions of GMAC and ETS in regards to the acts alleged in the California Actions. Given the complexity of the issues involved, and the non-core nature of the claims, the California Actions should be adjudicated by the California Courts and should be allowed to proceed.

4.    Cause for granting relief from stay may exist if the equities in a particular case dictate that a lawsuit should proceed in a forum other than bankruptcy court for the purpose of liquidating claims upon which a lawsuit is premised. Smith v Tricare Rehabilitation Sys. (In re Tricare Rehabilitation Sys.) (1994, BC ND Ala) 181 BR 569. In determining whether to grant relief from a stay for cause, the court must balance potential prejudice to the debtor's estate against hardships that will be incurred by the person seeking relief from the stay if relief is denied. Factors to be considered include: (1) whether issues in the pending litigation involve only state law, so that expertise of Bankruptcy Court is unnecessary; (2) whether modifying the stay will promote judicial economy and whether there would be greater interference with

bankruptcy case if the stay were not lifted because matters would have to be litigated in Bankruptcy Court; and (3) whether the bankruptcy estate can be protected properly by a requirement that creditors seek enforcement of any judgment through Bankruptcy Court. In re Robbins (1992, CA4 NC) 964 F2d 342.

5. As discussed above and in Aurora's moving papers, the claims in the California Actions involve complex California real estate issues and state law claims. Such claims are clearly best handled by the judges in California assigned to hear the California Actions. Furthermore, any judgment rendered in the California actions would need approval by the Bankruptcy Court before enforcement of said judgment could be sought, effectively preventing these claims from receiving any undue priority as Debtors contend.

6. Because 11 USCS § 362 provides no definition of what constitutes "cause" for granting relief from stay, courts must determine when discretionary relief is appropriate on a case-by-case basis. Id. Debtors contend that granting relief from stay to Aurora will open a floodgate of similar motions; but such a claim is speculative at best. Several motions for relief from stay have already been filed (and continue to be filed) in this matter. Denying Aurora's Motion will certainly not decrease the number of these motions filed. Furthermore, each Motion for Relief from Stay will be subject to individual review, and will need to demonstrate sufficient cause as well as a balance of hardships. Aurora is not merely a homeowner seeking to punish Debtors for a previous bad loan or foreclosure. Aurora is a federal savings bank with unique and clearly articulated and specialized claims against GMAC and ETC, and as such should be distinguished from any potential "flood" of disgruntled homeowner litigation.

7.  A balancing test is used to determine whether to modify an automatic stay to permit pending actions to proceed in another forum. The court should balance the prejudice to debtors against any hardship to the moving party if the stay remains in effect, as well as consider the most efficient use of judicial resources, and location of witnesses, documents and other necessary parties. In re Aloisi (2001, BC MD Fla) 261 BR 504. In the California Actions, the real property, title companies, tile holders, property possessors, relevant documents, several potential additional parties and relevant witnesses are within California, and any potential experts are likely to be found only in California. Such factors clearly **weigh heavily** in favor of litigating this matter in California. See also In re Rutter (1982, BC ED Mich) 25 BR 244 (Court will modify 11 USCS § 362 stay where administration of justice and convenience of parties is better served by having state court act as one tribunal before which all claims, counterclaims, or cross-claims may be heard).

8.  In In re Joyner (2009, BC MD NC) 416 BR 190, the creditors were entitled to modification of automatic stay for cause under 11 USCS § 362(d) to allow state court proceeding because the complaint was sufficient to show that creditors sought monetary damages from debtor; modification would permit creditors only to reduce their claims against debtor to judgment, resulting in determination of nature and amount of debtor's liability, and would promote judicial economy. As demonstrated by the pleadings in the California Actions, Aurora also seeks to reduce its claims against Debtors to a monetary judgment, and the same arguments of judicial economy apply here.

9.  Situations warranting modification of stay to allow the underlying litigation to proceed in another forum include matters where, as here, the controversy is governed exclusively by unsettled state law or where a specialized tribunal has been established for particular causes

of action and that tribunal has expertise to hear such cases. In re Lahman Mfg. Co. (1983, BC DC SD) 31 BR 195. As discussed above, several issues of unsettled California law are involved in this matter. Debtors contend that no "specialized tribunal" has been established to hear the California Actions; but such a claim is patently false. Obviously, Civil Courts in California frequently and routinely hear cases related to California real property law, unsettled California state law. Further, it is axiomatic that California civil judges are best equipped to adjudicate the California real estate claims within the California Actions. *See also* Pursifull v Eakin (1987, CA10 Okla) 814 F2d 1501 (Sufficient cause existed for Court's lifting of automatic stay because there was pending state court proceeding dealing with same issues which were best decided by state courts).

10. "The burden of proof on a motion to lift or modify the automatic **stay** is a shifting one." Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.) (2d Cir. 1990) 907 F.2d 1280, 1285. Once the moving party makes an initial showing of "cause," the burden is shifted to the debtor to disprove the existence of cause under Bankruptcy Code § 362(g)(2). Id. at 1286; 11 U.S.C. § 362(g). As noted above, the facts that warrant the dismissal of the Debtors' cases under section 305 of the Bankruptcy Code also constitute "cause" to grant Aurora relief from the automatic stay under section 362(d)(1).

11. The Bankruptcy Court has broad discretion to grant relief from the automatic stay. In re Pittsford Polo Club, Inc. (Bankr. W.D.N.Y. 1995) 188 B.R. 339, 344; see also, In re Newman (Bankr.S.D.N.Y. 1996)196 B.R. 700, 703 ("As to those areas protected by the automatic stay, relief from the stay is liberally granted."); In re Anton (Bankr. E.D.N.Y. 1992) 145 B.R. 767, 770 ("The Bankruptcy Court has wide discretion to grant the relief and lift the automatic stay").

12. Debtors have already hired outside counsel to assist them in one of the California Actions, Steven Ensberg in West Covina, California. Mr. Ensberg was integrally involved in prior litigation of one of the items involved in the California Actions (the *Tozier* matter) and therefore is well equipped to move forward with the California Actions on Debtors' behalf. Furthermore, Aurora has offered to allow Ms. Scoliard to appear at any mediations or other matters relating to the California Actions via telephone, when available, to further decrease any potential burden upon the Debtors.

13. Clearly, given the above items, the balance of harms weighs in favor of modifying the automatic stay to allow the California Actions to proceed in the California Courts to judgment. If the Court should decide not to grant stay relief at this time, Aurora requests that such denial be without prejudice as it is highly likely that Aurora may be able to later show sufficient cause that that state litigation should continue to judgment. In re BKW Sys., Inc. (1986, BC DC NH) 66 BR 546.

Dated this 20th day of July, 2012

Respectfully submitted,

_____
James M. Lloyd, Esq.
GREEN & HALL, APC
1851 E. First Street, 10th Floor
Santa Ana, CA 92705
Telephone:(714) 918-7000
Fax:       (714) 918-6996
e-mail: jlloyd@greenhall.com
**Attorneys for Movant Aurora Bank, FSB**

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Residential Capital, LLC, et al. | ) | Case No. 12-12020-mg |
| | ) | |
| Debtors | ) | (Jointly Administered |
| | ) | |
| | ) | Hearing Date: July 10, 2012 |
| | ) | |
| | ) | 10:00 a.m. |
| | ) | |

**CERTIFICATE OF SERVICE**

**REPLY OF AURORA BANK, FSB TO DEBTORS' OBJECTION TO MOTION FOR ORDER PURSUANT TO BANKRUPTCY CODE 362(d), BANKRUPTCY RULE 4001 AND LOCAL BANKRUPTCY RULE 4001-1 MODIFYING AUTOMATIC STAY TO ALLOW CONTINUATION OF PRE-PETITION LITIGATION**

I.   **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING** ("NEF") – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document will be served by the court via NEF and hyperlink to the document. On July 20, 2012, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses indicated below:

| |
|---|
| • Kevin S. Allred    kevin.allred@mto.com, john.spiegel@mto.com |
| • Paul Nii-Amar Amamoo    namamoo@kasowitz.com, courtnotices@kasowitz.com |
| • Bijan Amini    bamini@samlegal.com, jhoyte@samlegal.com |
| • Walter J. Ashbrook    walter.ashbrook@quarles.com, sybil.aytch@quarles.com |
| • Herbert Baer    rjacobs@ecf.epiqsystems.com |
| • Elizabeth Banda Calvo    rgleason@pbfcm.com, ebcalvo@pbfcm.com |
| • Andrew Behlmann    abehlmann@lowenstein.com |
| • Leslie Ann Berkoff    lberkoff@morittbock.com |
| • Jeffrey S. Berkowitz    jberkowitz@gibbonslaw.com, cgugg@gibbonslaw.com |
| • James B. Blackburn    jbbjratty@aol.com |
| • David J. Brown    djbrown2008@gmail.com |

| | |
|---|---|
| • | Mark K. Broyles    broylesmk@rgcattys.com, ramoffatt@rgcattys.com |
| • | Martin G. Bunin    marty.bunin@alston.com |
| • | Aaron R. Cahn    cahn@clm.com |
| • | Michael Robert Carney    mcarney@mckoolsmith.com |
| • | James S. Carr    KDWBankruptcyDepartment@kelleydrye.com |
| • | Gerard Sylvester Catalanello    gcatalanello@duanemorris.com, gcatalanello@duanemorris.com |
| • | Ronald L. Cohen    cohenr@sewkis.com |
| • | Thomas A. Conrad    taconrad@sbwlawfirm.com, lwood@sbwlawfirm.com |
| • | Joseph N. Cordaro    joseph.cordaro@usdoj.gov |
| • | Joseph Corneau    jcorneau@klestadt.com |
| • | Christopher C. Costello    cccostello@winston.com, docketny@winston.com |
| • | Jonathan D. Crowley    jcrowley-esq@hotmail.com |
| • | Benjamin P. Deutsch    bdeutsch@schnader.com |
| • | John P. Dillman    houston_bankruptcy@publicans.com |
| • | Matthew J. Dyer    ecfmail@aclawllp.com |
| • | David W. Dykhouse    dwdykhouse@pbwt.com, mcobankruptcy@pbwt.com |
| • | Devon Eggert    deggert@freebornpeters.com, bkdocketing@freebornpeters.com |
| • | Mark C. Ellenberg    mark.ellenberg@cwt.com, allison.dipasqua@cwt.com; betty.comerro@cwt.com; wendy.kane@cwt.com |
| • | Michael S. Etkin    metkin@lowenstein.com, mseymour@lowenstein.com; tdwatson@lowenstein.com |
| • | Thomas R. Fawkes    tfawkes@freebornpeters.com, bkdocketing@freebornpeters.com |
| • | Steven S. Fitzgerald    sfitzgerald@wmd-law.com |
| • | Daniel J. Flanigan    dflanigan@polsinelli.com, tbackus@polsinelli.com; docket@polsinelli.com |
| • | Patrick D. Fleming    Pfleming@morganlewis.com |
| • | Ehud Gersten    egersten@gerstenlaw.com |

- Andrew K. Glenn    aglenn@kasowitz.com, courtnotices@kasowitz.com
- Joel R. Glucksman    jglucksman@scarincihollenbeck.com, bcaughey@scarincihollenbeck.com
- Seth Goldman    seth.goldman@mto.com
- Irena M. Goldstein    igoldstein@proskauer.com, lsaal@proskauer.com
- Christopher E Green    chris@myfaircredit.com, Margaret@myfaircredit.com
- Joel C Haims    JHaims@mofo.com, docketny@mofo.com
- Alan D. Halperin    ahalperin@halperinlaw.net, lgu@halperinlaw.net; cmitchell@halperinlaw.net; cbattaglia@halperinlaw.net
- William A. Hazeltine    whazeltine@sha-llc.com
- Stephen Hessler    beth.friedman@kirkland.com; jacob.goldfinger@kirkland.com; richard.cieri@kirkland.com; victoria.cole@kirkland.com; michael.meltzer@kirkland.com; anthony.grossi@kirkland.com; shavone.green@kirkland.com
- William H. Hoch    will.hoch@crowedunlevy.com, donna.hinkle@crowedunlevy.com; ecf@crowedunlevy.com; christopher.staine@crowedunlevy.com; lysbeth.george@crowedunlevy.com; kerryann.wagoner@crowedunlevy.com
- Michael E. Holt    mholt@formanlaw.com
- Claire L. Huene    chuene@mw-law.com, jmoon@mw-law.com
- Brandon Johnson    brandon.johnson@pillsburylaw.com
- Richardo I. Kilpatrick    ecf@kaalaw.com, lrobertson@kaalaw.com
- Tracy L. Klestadt    tklestadt@klestadt.com, tklestadt@gmail.com
- James N. Lawlor    jlawlor@wmd-law.com, jgiampolo@wmd-law.com
- Gary S. Lee    glee@mofo.com, jpintarelli@mofo.com
- Ira M. Levee    ilevee@lowenstein.com, mseymour@lowenstein.com
- James M Lloyd    jlloyd@greenhall.com
- Alan E. Marder    lgomez@msek.com
- Lorenzo Marinuzzi    lmarinuzzi@mofo.com
- D. Ross Martin    ross.martin@ropesgray.com, Patricia.Chen@ropesgray.com

| |
|---|
| • Joseph Thomas Moldovan    bankruptcy@morrisoncohen.com |
| • Thomas J. Moloney    maofiling@cgsh.com, tmoloney@cgsh.com;dlivshiz@cgsh.com |
| • Carol E. Momjian    cmomjian@attorneygeneral.gov |
| • Thomas M. Monahan    tmonahan@samlegal.com |
| • Matthew P. Morris    mpmorris@gelaw.com, delman@gelaw.com |
| • Andrew W. Muller    amuller@stinson.com, ecugno@stinson.com |
| • Vicente Matias Murrell    murrell.vicente@pbgc.gov, efile@pbgc.gov |
| • Jason A. Nagi    jnagi@polsinelli.com, tbackus@polsinelli.com;kvervoort@polsinelli.com;docketing@polsinelli.com |
| • Larren M. Nashelsky    lnashelsky@mofo.com |
| • David Neier    dneier@winston.com, dcunsolo@winston.com |
| • Laura E. Neish    lneish@zuckerman.com |
| • Wendy Alison Nora    accesslegalservices.bkyny@gmail.com |
| • Richard P. Norton    rnorton@hunton.com |
| • Katherine S. Parker-Lowe    katherine@ocracokelaw.com |
| • Gregory M. Petrick    gregory.petrick@cwt.com, allison.dipasqua@cwt.com |
| • David M. Powlen    david.powlen@btlaw.com |
| • Anthony Princi    aprinci@mofo.com, nmoss@mofo.com |
| • Steven J. Reisman    sreisman@curtis.com, cgiglio@curtis.com; jdrew@curtis.com; mgallagher@curtis.com; dching@curtis.com;hsaydah@curtis.com; jzimmer@curtis.com; macohen@curtis.com; tsmith@curtis.com |
| • Kai H. Richter    krichter@nka.com, assistant@nka.com |
| • Michael A. Rollin    mrollin@rplaw.com, scoggins@rplaw.com; aromanelli@rplaw.com |
| • Scott K. Rutsky    srutsky@proskauer.com |
| • Diane W. Sanders    austin.bankruptcy@lgbs.com |
| • Thomas P. Sarb    ecfsarbt@millerjohnson.com |
| • Bradley Schneider    bradley.schneider@mto.com |

- Ray C Schrock    ray.schrock@kirkland.com, beth.friedman@kirkland.com
- Robert L. Schug    rschug@nka.com
- Brendan M. Scott    bscott@klestadt.com
- Howard Seife    arosenblatt@chadbourne.com
- Joel M. Shafferman    joel@shafeldlaw.com
- Armen Shaghzo    as@shaghzolaw.com
- Andrea Sheehan    sheehan@txschoollaw.com, coston@txschoollaw.com; ashee1@yahoo.com; garza@txschoollaw.com
- Scott C. Shelley    scottshelley@quinnemanuel.com
- J. Christopher Shore    cshore@whitecase.com, jdisanti@whitecase.com; mcosbny@whitecase.com; jwinters@whitecase.com; Lindsay.Leonard@ny.whitecase.com
- Jeremy Edward Shulman    jshulman@afrct.com, mbetti@afrct.com; mpero@afrct.com; bcruz@afrct.com
- Steven S. Sparling    ssparling@kramerlevin.com, docketing@kramerlevin.com
- John Mark Stern    john.stern@oag.state.tx.us, sherri.simpson@oag.state.tx.us
- David L. Tillem    tillemd@wemed.com
- Patricia Tomasco    ptomasco@jw.com, kgradney@jw.com; ccthomas@jw.com
- Michael D. Warner    mwarner@coleschotz.com, klabrada@coleschotz.com
- Elizabeth Weller    dallas.bankruptcy@publicans.com
- Douglas C. Wigley    dwigley@dessauleslaw.com, hpeters@dessauleslaw.com
- Amy Williams-Derry    awilliams-derry@kellerrohrback.com, kmak@kellerrohrback.com; dwilcher@kellerrohrback.com
- Lori L. Winkelman    lori.winkelman@quarles.com, sybil.aytch@quarles.com;jason.curry@quarles.com
- Eric D. Winston    ericwinston@quinnemanuel.com
- Robert D. Wolford    ecfwolfordr@millerjohnson.com
- George A Zelcs    gzelcs@koreintillery.com, dhutton@koreintillery.com

**II. SERVED BY FEDERAL EXPRESS:** The undersigned certifies that on the 20th day of July, 2012, the foregoing was served via Federal Express, first class postage prepaid, addressed to:

| | |
|---|---|
| GMAC Mortgage, LLC<br>1100 Virginia Drive<br>Fort Washington, PA 19034 | |

**III. SERVED BY US MAIL:** The undersigned certifies that on the 20th day of July, 2012, the foregoing was served via United States Mail, first class postage prepaid, addressed to:

| | |
|---|---|
| Residential Capital, LLC<br>1177 Avenue of the Americas<br>New York, NY 10036 | Gary S. Lee<br>Morrison & Foerster LLP<br>1290 Avenue of the Americas<br>40th Floor<br>New York, NY 10022 |
| Arlene M. Richardson<br>Richardson Legal Center, LLC<br>PO Box 6<br>Highland Home, AL 36041 | Lorenzo Marinuzzi<br>Larren M. Nashelsky<br>Anthony Princi<br>Morrison & Foerster LLP<br>1290 Avenue of the Americas<br>New York, NY 10104 |
| Executive Trustee Services, LLC<br>2255 N. Ontario Street, Suite 400<br>Burbank, CA 91504 | Steven J. Reisman<br>Curtis, Mallet-Prevost, Colt & Mosle LLP<br>101 Park Avenue<br>New York, NY 10178 |
| United States Trustee<br>33 Whitehall Street<br>21st Floor<br>New York, NY 10004 | Steven S. Sparling<br>Kramer Levin Naftalis & Frankel, LLP<br>919 Third Avenue<br>New York, NY 10022<br>***Representing Official Committee of Unsecured Creditors*** |
| Office of Unemployment Compensation Tax Services (UCTS)<br>Dept of Labor and Industry<br>Commonwealth of Pennsylvania<br>625 Cherry Street, Room 203<br>Reading, PA 19602-1152 | Larry D. Walls<br>3831 W. 60th St.<br>Los Angeles, CA 90043 |
| Corinne Ball<br>Jones Day<br>222 East 41st Street<br>New York, NY 10017 | Judson Brown<br>Kirkland & Ellis LLP<br>665 15th Street, N.W. Ste. 1200<br>Washington, DC 20005 |

| | |
|---|---|
| Talcott Franklin<br>Talcott Franklin, P.C.<br>208 North Market Street<br>Suite 200<br>Dallas, TX 75202 | Rhodrick Harden<br>1568 Loretta Ave<br>Columbus, OH 43211 |
| Patrick J Hopper<br>220 McCartney Dr<br>Moon Twp, PA 15108 | John G. Hutchinson<br>Sidley Austin LLP<br>787 Seventh Avenue<br>New York, NY 10019 |
| Corla Jackson<br>13230 Tom Gaston Rd<br>Mobile, AL 36695 | Taggart Kenneth<br>45 Heron Rd<br>Holland, PA 18966 |
| Kurtzman Carson Consultants<br>2335 Alaska Ave<br>El Segundo, CA 90245 | James J. Lotz<br>Foley & Mansfield, P.L.L.P.<br>545 Madison Avenue<br>15th Floor<br>New York, NY 10022 |
| James R. Martin<br>14587 Berklee Drive<br>Addison, TX 75001-3533 | Madeline Martin<br>14587 Berklee Drive<br>Addison, TX 75001-3533 |
| Robert N. Michaelson<br>The Michaelson Law Firm<br>11 Broadway<br>Suite 615<br>New York, NY 10004 | Janice Marie Montgomery<br>2607 N. Shartel Avenue<br>Oklahoma City, OK 73103 |
| Sophia Mullen<br>Sidley Austin LLP<br>787 Seventh Avenue<br>New York, NY 10019 | Office of Unemployment Compensation Tax Services (UCTS)<br>Dept of Labor and Industry<br>Commonwealth of Pennsylvania<br>625 Cherry Street, Room 203<br>Reading, PA 19602-1152 |
| Jordan Segal<br>Morris, Hardwickm Schneider<br>6 Nashua Court<br>Suite D<br>Baltimore, MD 21221 | Fredric Sosnick<br>Shearman & Sterling<br>599 Lexington Avenue<br>New York, NY 10022-6069 |

| | |
|---|---|
| Scott Talmadge<br>Kaye Scholer, LLP<br>425 Park Avenue<br>New York, NY 10022 | The Bank of New York Mellon Trust Company, N.A.<br>c/o Dechert LLP<br>Attn: Glen E. Siegel, Esq.<br>1095 Avenue of the Americas<br>New York, NY 10036 |
| Willie L. Boykin<br>250 Sterling Ridge Dr<br>Atoka, TN 38004 | Nelson C. Cohen<br>Zuckerman, Spaeder, Goldstein Taylor & Kolker, LLP<br>1201 Connecticut Avenue, NW<br>Washington, DC 20036 |
| Kristin L. Crone<br>UFAN Legal Group PC<br>1490 Stone Point Drive<br>Suite 100<br>Roseville, CA 95661 | IBM Corporation<br>Attn: Shawn Konig<br>1360 Rene-Levesque W.<br>Suite 400<br>Montreal, QC, H3G 2W6 |
| Oskar A. Johanson<br>105 Rivergate Pl<br>Lodi, CA 95240-0557 | Ken Burton, Jr. Manatee County Tax Collector<br>Attn: Susan D. Profant<br>4333 US 301 North<br>Ellenton, FL 34222 |
| Sidney T. Lewis<br>Yvonne D. Lewis<br>1875 Alvason Avenue<br>Columbus, OH 43219 | Russell D. Mays<br>250 West Depot Street<br>Greeneville, TN 37743 |
| Diem T. Nguyen<br>16478 Beach Boulevard #331<br>Westminster, CA 92683 | Joan F. Niesen<br>1335 Purisima Road<br>Lompoc, CA 93436 |
| Edward Haywood Payne<br>214 North 52nd Street<br>Philadelphia, PA 19139 | Allstate Life Insurance Company<br>c/o Bingham McCutchen LLP<br>399 Park Avenue<br>New York, NY 10022 |
| Imperial County Tax Collector<br>940 West Main Street<br>Suite 106<br>El Centro, CA 92243 | Jean Milliance<br>7 Lucille Court<br>Edison, NJ 08820 |
| Paul Papas<br>4727 E. Bell Road<br>#45 PMB 350<br>Phoenix, AZ 85032 | Donald T. Prather<br>Mathis, Riggs & Prather, P.S.C.<br>500 Main Street, Sute 5<br>Shelbyville, KY 40065 |

- 8 -

- 9 -

| Patricia S. Pringle<br>104 Freestone St<br>Greenville, SC 29605 | Fedelina Roybal-Deaguero 2008 Trust<br>42265 Little Lake Road<br>Medocino, CA 94560 |
|---|---|
| Barbara L. Stephens<br>514 204th Ave.<br>Ct-KPS<br>Lakebay, WA 98349 | Joe R. Vargas<br>213 U. St.<br>Bakersfield, CA 93304 |

GREEN & HALL, APC

/s/ *Laura Lane*
Laura Lane