Corinne Ball (NY Bar No. 1125186)
Richard L. Wynne (NY Bar No. 1861426)
JONES DAY
222 East 41st Street
New York, NY 10017.6702
Telephone:    212-326-3939
Facsimile:    212-755-7306

Carl E. Black (Ohio Bar No. 0069479)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114.1190
Telephone:    216-586-3939
Facsimile:    216-579-0212

Attorneys for Creditor
FINANCIAL GUARANTY INSURANCE
COMPANY

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------- x
                                                          )
In re:                                                    )    Case No. 12-12020 (MG)
                                                          )
RESIDENTIAL CAPITAL, LLC, et al.,                         )    Chapter 11
                                                          )
     Debtors.                                             )    Jointly Administered
                                                          )
                                                          )
--------------------------------------------------------- x

**JOINDER OF FINANCIAL GUARANTY INSURANCE COMPANY
TO THE PROPOSED SCHEDULE SUBMITTED IN CONNECTION WITH
STATEMENT OF OFFICIAL COMMITTEE OF UNSECURED
CREDITORS IN SUPPORT OF SCHEDULING ORDER JOINTLY
PROPOSED BY COMMITTEE AND CERTAIN RMBS TRUSTEES**

Financial Guaranty Insurance Company ("FGIC"), the plaintiff in ten lawsuits filed against several of the above-captioned debtors (collectively, the "Debtors") and their non-debtor affiliates, and a creditor of the Debtors with claims in excess of $1 billion, hereby submits this

joinder in support of the proposed schedule (the "Proposed Schedule") submitted in connection with the Statement of Official Committee of Unsecured Creditors in Support of Scheduling Order Jointly Proposed by Committee and Certain RMBS Trustees [Docket No. 860]. For its joinder to the Proposed Schedule, FGIC respectfully represents as follows:

1.      Between 2004 and 2007, Debtors GMAC Mortgage, LLC ("GMACM") and Residential Funding Company, LLC ("RFC") procured financial guaranty insurance policies from FGIC by entering into Insurance & Indemnity Agreements ("I&I Agreements") with FGIC with respect to $23 billion of securitizations sponsored by GMACM and RFC.

2.      FGIC has suffered, and continues to suffer, significant losses in connection with such securitizations, including approximately one billion dollars in claims that have been asserted against FGIC to date under its guaranty policies. FGIC will continue to suffer potentially more losses as a result of additional claims that may be asserted against FGIC in the future depending on the performance of the remaining mortgage loans backing such securities. Pursuant to the I&I Agreements, the Debtors are liable to FGIC for its losses on these financial guaranty insurance policies.

3.      To date, FGIC has not appeared in this action because others, including the Official Committee of Unsecured Creditors ("the Committee"), adequately addressed issues for the benefit of all unsecured creditors, including FGIC. However, the issues raised by Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of RMBS Trust Settlement Agreements [Docket No. 320] (the "RMBS Settlement Motion") are of significant importance to FGIC because (i) FGIC provided financial guaranty insurance policies in connection with over forty of the Trusts that may be involved in the RMBS Trust Settlement Agreements; (ii) FGIC may have claims that could be impacted by the RMBS Trust Settlement Agreements, including claims

against Ally Financial, Inc. and Ally Bank that could be released under the terms of RMBS Trust Settlement Agreements; and (iii) as set forth below, FGIC needs substantial discovery with respect to the RMBS Settlement Motion and it is in the process of retaining its own experts to assist in the necessary analysis.

4. The Proposed Schedule sets forth a schedule for the Court's consideration of the RMBS Settlement Motion. It is FGIC's understanding that the Debtors intend to request that the Court schedule the RMBS Settlement Motion for a hearing in mid-October. Such an expedited approach to analyzing the RMBS Settlement Motion would be prejudicial to all parties, including FGIC.

5. In addition, FGIC currently is negotiating a confidentiality agreement with the Debtors as a condition to getting access to discovery that would permit FGIC to begin its analysis of the settlement reflected in the RMBS Settlement Motion. FGIC anticipates that its review and analysis of the proposed settlement will take an extended period of time and require the services of an expert. To that end, since the filing of the RMBS Settlement Motion, FGIC has been seeking to engage the services of an expert, an effort that, to date, has been complicated by the prior engagement of experienced professionals by other parties in these Chapter 11 cases and conflict issues.

6. FGIC believes that the Proposed Schedule provides a more reasonable schedule and process for the parties' analysis of the RMBS Settlement Motion than the schedule and process being proposed by the Debtors. Accordingly, FGIC joins in support of the Proposed Schedule put forth by the Committee.

7. FGIC expressly reserves its rights in connection with the RMBS Settlement Motion and the RMBS Trust Settlement Agreements, including but not limited to its right to

object to the RMBS Settlement Motion and the RMBS Trust Settlement Agreements and any modification to the RMBS Trust Settlement Agreements to which it did not consent.

Dated: July 20, 2012

/s/ Richard L. Wynne
Corinne Ball (NY Bar No. 1125186)
Richard L. Wynne (NY Bar No. 1861426)
Carl E. Black (Ohio Bar No. 0069479)
JONES DAY
222 East 41st Street
New York, NY  10017.6702
Telephone:    212-326-3939
Facsimile:    212-755-7306

Attorneys for Creditor
Financial Guaranty Insurance Company
