## IN THE UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF NEW YORK

RECEIVED

JUL 20 2012

In Re:                                      )
MARY GARDNER,                               )
                                            )
v.                                          )
                                            ) Case No: 12-12032(MG)
RESIDENTIAL CAPITAL, LLC, et al,            )
                                            )
            Debtors.                        )

### MARY GARDNER'S AMENDED MOTION TO LIFT THE AUTOMATIC STAY

**COMES NOW** Mary Gardner, by and through her attorney and
Amends her previously filed Motion to Lift the Automatic Stay as
follows:

1.    Of the twelve factors set out in *Sonnax Industries v.
Tri Component Products Corp.* 907 F. 2d 1280 (2nd Cir. 1990) Mary
Gardner can submit facts relevant to eight of them, which are
set out as follows:

**Factor 1: Whether relief would result in partial or complete
resolution of the issues.**

In Gardner's Amended Complaint there are eleven separate
counts against GMAC. Each count is also pled against Defendant
MGC, who GMAC transferred its servicing rights to. All of the
causes of action pled against both defendants arise out of one
set of circumstances. Those facts are set out in Gardner's
initial Motion and in the complaint attached hereto. (Exh. 1).

Gardner's claim for relief involves insurance proceeds for
the repair of her roof that were held by GMAC and transferred to
MGC who held them for more than two years. (Exh. 2). Gardner's
claims are for civil conversion, fraud, breach of contract,
fraudulent suppression, breach of fiduciary duty, negligence and

1

wantonness. All of these claims will be completely resolved in one trial.

Gardner's claims against the co-defendant in the case, MGC are so intertwined that it is not possible to continue the litigation without GMAC being a party to the action.

**Factor 2: Lack of connection with or interference with the bankruptcy case.**

GMAC transferred its interests in servicing the Mortgage to MGC before the bankruptcy petition was filed. GMAC has no equity interest in the property and has no equity interest or contractual obligation in servicing Mary Gardner's Note. Thus, there would be no interference with the bankruptcy case.

**Factor 3: Whether the action primarily involves third parties.**

In addition to GMAC, Gardner's case involves MGC who now holds and services her mortgage. MGC held Mary Gardner's insurance money, meant for repair of her roof, for nearly three years. On the other hand, GMAC held Ms. Gardner's insurance money for less than three months. Gardner believes that MGC has more culpability because they held her funds a much longer period of time which resulted in the bulk of the additional damage to Gardner's home.

MGC has not counterclaimed against GMAC for negligently handling the insurance proceeds in the transfer. (Exh. 3).

**Factor 4: Whether a judgment in another forum would prejudice other creditors.**

If Gardner obtains a favorable judgment against GMAC, and the verdict is not joint and several liability as to both defendants, her claim would still be subordinate to current creditors and secured creditors in the bankruptcy proceeding.

**Factor 5: Whether the judgment claim arising from the other action would be subject to equitable subordination.**

If Gardner obtained a judgment against GMAC and GMAC was solely liable for that judgment, then collateral estoppel precludes re-litigation of an issue decided in a prior proceeding and the Trustee would be free to subordinate Gardner's claim to judgments that were liquidated before hers.

**Factor 6: The interest of Judicial economy and the expeditious and economical resolution of litigation.**

Gardner filed her complaint on March 11, 2011 two years after a hail storm damaged her roof. Gardner's home has substantial water damage from the three years that her money was held by MGC. (Exh. 4). The proceeds of the initial insurance coverage will not fix the damage. MGC recently dispersed Ms. Gardner's insurance money, however it will only serve to mitigate future damage to her home since it is not sufficient to repair the significant damage that occurred during the three years her roof was leaking. With each passing day, her home continues to deteriorate. Any further delay of this case causes increased damages.

**Factor 7: Whether the parties are ready for trial.**

The document discovery in the Gardner case is nearly complete. Plaintiff has submitted her expert and Defendant MGC's expert examined Gardner's home.   The plaintiff had requested dates to take GMAC's corporate representatives deposition in late 2011, before the case was removed from state court; however, GMAC expressed an interest in mediating the case prior to taking depositions. Pre-mediation negotiations resulted in the removal of the case to Federal Court. Thereafter the parties

unsuccessfully mediated the case with a Federal Magistrate in March 2012.(Exh. 5). Therefore, the depositions of the GMAC representative, MGC representative, and the plaintiff are still outstanding.

If GMAC anticipated this bankruptcy being filed, it may have purposefully stalled taking depositions in order to keep the case in a better posture for enforcing the automatic stay. Nevertheless the case is close to being ready for trial. The case was set on the March 2013 jury term.

**Factor 8**: **Impact of the stay and balance of harms.**

The harm to GMAC as a result of this case is limited. Local legal counsel would participate in three depositions and prepare the case for trial. GMAC held the funds of the plaintiff for several months while the other defendant MGC held the funds for nearly three years.

Conversely, Mary Gardner is still living in a home that is leaking. She is in the process of having her roof partially repaired with the insurance proceeds returned to her by MGC, however, the passage of time caused extensive damage to her roof and her home. Gardner has no resources to repair all of the damage to her home which will continue to deteriorate while this case is stayed by the bankruptcy court. The harm caused to Gardner far outweighs the potential harm to GMAC.

**WHEREFORE,** Mary Gardner prays that this court grant her motion to lift the automatic stay.

ELECTRONICALLY FILED
07/30/2011 3:33 PM
CV-2011-900308.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
FLORENCE CAUTHEN, CLERK

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| MARY GARDNER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CV ACTION NO.: 11-900308** |
| | ) | |
| GMAC MORTGAGE, | ) | |
| MGC MORTGAGE, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S FIRST REQUEST FOR DISCOVERY PROPOUNDED TO MGC MORTGAGE, INC.

### REQUEST FOR PRODUCTION

Pursuant to Rule 34 of the Alabama Rules of Civil Procedure the Plaintiffs by and through their undersigned counsel, hereby submits this their first Request for Production of Documents, and hereby demands that the Defendant MGC Mortgage, Inc. (MGC) produce, for the inspection and copying, each of the documents requested herein within 45 days of service.

In lieu of producing the documents required herein at a place to be agreed upon by the parties, legible photocopies may be delivered to the office of Richardson Legal Center, LLC, 18615 Montgomery Highway, Post Office Box 6, Highland Home, Alabama 36041.

### DEFINITIONS

As used in this request, the term "document" is defined as including writings, recordings, photographs (including video tapes), as defined by Rule 1001 of the Alabama Rules of Evidence.

1.     Please produce the policy of insurance, including the declarations page, held by MGC that will or may cover the acts complained of in the complaint.

2.     Please produce any and all documents, including but not limited to, memorandums, notes, interoffice correspondence, computer documentation, call logs or

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of July 2011, I electronically filed the foregoing with the Clerk of the Court which will send notification of such filing to the following:

Jon H. Patterson
BRADLEY, ARANT, BOULT, CUMMINGS, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
jpattersohn@babc.com

**By U.S. Mail properly addressed and postage prepaid: None**

/s/Arlene M. Richardson
Arlene M. Richardson, (RIC045)
Attorney for Plaintiff
Richardson Legal Center LLC
P.O. Box 6
Highland Home, AL 36041
(334) 537-9011
(561) 228-1085 Fax
E-mail: *arlawyer@mon-cre.net*

ELECTRONICALLY FILED
7/20/2012 2:06 PM
CV-2011-900308.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
FLORENCE CAUTHEN, CLERK

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

MARY GARDNER,              )

                             )

       Plaintiff,            )

                             )

v.                          )     **Case No.: CV-2011-900308**

                             )

**GMAC MORTGAGE,**         )

**MGC MORTGAGE, INC.,**    )

**Fictitious Defendants B, C,**    )

Who are those individuals, partnerships,   )

Corporations, limited liability companies,   )

Or other legal entities who deposited the   )

Plaintiff's home owners insurance funds   )

Allotted for repair of Plaintiff's hail   )

Damaged roof and endorsed by the   )

Plaintiff, which were never used for repair   )

Of her roof,                  )

                             )

       Defendants.        )

### PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW the Plaintiff Mary Gardner and files her Amended Complaint as follows:

### PARTIES

Former Fictitious Defendant A, is replaced with Defendant MGC Mortgage, Inc. (MGC) who purportedly received and/or deposited the Plaintiff's home owner's insurance funds allotted for repair of Plaintiff's hail damaged roof and never dispersed said funds to repair Plaintiff's roof.

Plaintiff repeats, realleges and incorporates all previous pled counts against Defendants in the original Complaint.

### AMENDED COMPLAINT

1.    Plaintiff Mary Gardner (Plaintiff) is an individual over the age of nineteen (19) years and a resident of Montgomery County, Alabama.



PLAINTIFF'S
EXHIBIT
I

2.    Defendant GMAC Mortgage is a foreign corporation doing business in Montgomery County, Alabama.

3.    Defendant MGC Mortgage, Inc. is a foreign corporation doing business in Montgomery County, Alabama.

3.    Fictitious Defendants B, C,... are those individuals, partnerships, corporations, limited liability companies, or other legal entities who deposited the plaintiffs insurance funds into their account for purposes of paying for repairs to Plaintiffs hail damaged roof. Said funds were never paid or used to repair Plaintiff's roof.

4.    Jurisdiction is proper in Montgomery County, Alabama.

## FACTS

5.    On or about May 2009 a hail storm damaged the roof of Plaintiff's home.

6.    Plaintiff's homeowners insurance, State Farm Fire and Casualty Co, determined that the roof was covered by the insurance policy covering the Plaintiff's home.

7.    State Farm Fire and Casualty Co. issued a check in the amount of four thousand three hundred fifty dollars and ninety-nine cents ($4,350.99) payable to Mary Gardner and Defendant GMAC Mortgage LLC and its successors and/or assigns.

8.    Plaintiff was instructed in written correspondence from GMAC Mortgage to: endorse the check, complete and sign a "Homeowners Statement," send a copy of the insurance adjusters estimate for repairs, send a copy of the signed contract between the contractor and the plaintiff. Plaintiff did send each of the items requested to GMAC.

9.    GMAC cashed the Check endorsed by the Plaintiff.

10.    GMAC assigned its loan servicing duties to MGC on July 1, 2009.

11.    GMAC and/or MGC refused to issue a check to the contractor to begin repair of Plaintiff's roof.

12.    Plaintiff contacted GMAC and MGC numerous times and they continued to refuse to pay the insurance proceeds to the contractor.

13.    As a result of GMAC's and MGC's refusal to disperse Plaintiff's insurance proceeds, Plaintiff's roof continued to leak and further damage was done to her home. Plaintiff's roof has not been repaired to date.

## COUNT ONE
### CIVIL CONVERSION

14.    Plaintiff repeats, realleges and incorporates by reference all preceding paragraphs as if more fully set out herein.

15.    On or about May 2009, in Montgomery County Alabama, the Defendant GMAC and/or MGC and/or Ficticious Defendants B and C converted the insurance proceeds submitted to Plaintiff by her homeowners insurance, which were the property of the Plaintiff and were to be used for the repair of the Plaintiffs home.

16.    Plaintiff demanded return of the funds and/or that the funds are dispersed to the contractor with whom she contracted to repair her home.

17.    Defendant GMAC and/or MGC and/or Fictitious Defendants B and C, unlawfully refused to return Plaintiff's funds.

18.    Plaintiff claims punitive damages of the Defendant(s) because of their willful and oppressive conduct.

**WHEREFORE** Plaintiff demands Judgment against the Defendant(s) in the sum of $4,350.99, plus interest at 6% from May 2009 the date of the conversion, the cost of repair of

damage to her home as a result of the conversion, the cost of this action, an amount sufficient to compensate the Plaintiff for emotional distress and an amount a jury may deem sufficient to deter the Defendants from similar conduct in the future.

## COUNT TWO
### FRAUD

19.    Plaintiff repeats and incorporates by reference all preceding paragraphs as if more fully set out herein.

20.    Defendant GMAC, MGC, and/or Fictitious Defendants B and C made misrepresentations of material fact as follows:

a.    That the endorsed insurance check would be paid to the contractor with whom the plaintiff had contracted for repairs to her roof within 4-5 business days.

b.    That Defendants GMAC and MGC did not have the insurance claim funds or that they did not know where the funds were located.

21.    Said representation was made with the intent that the plaintiff rely upon it.

22.    Plaintiff relied on the representation and provided the Defendant with the endorsed check and other items Defendant requested.

23.    Defendants benefited from the Plaintiff's reliance.

24.    As a result of said conduct the Plaintiff has been damaged.

25.    Plaintiff has suffered mental anguish and emotional distress over the loss of her money and the lack of repairs to her home.

26.    Plaintiff's home has been damaged as a result of the roof leaking.

**WHEREFORE** Plaintiff demands judgment against the defendant in an amount exceeding the minimum jurisdictional threshold of this court, for compensatory (including

mental anguish and distress) and punitive damages, court costs, and such other and further relief

as a jury may deem just and proper.

## COUNT THREE

## BREACH OF CONTRACT (GMAC)

27.     Plaintiff repeats, realleges and incorporates by reference all preceding paragraphs

as if more fully set out herein.

28.     Plaintiff was instructed in written correspondence from GMAC Mortgage to:

endorse the insurance check for repairs, complete and sign a "Homeowner's Statement," send a

copy of the insurance adjusters estimate for repairs, send a copy of the signed contract between

the contractor and plaintiff. Plaintiff did send each of the items requested to GMAC.

29.     GMAC stated that upon receipt of the endorsed insurance claim check and the

above required information, GMAC would release a portion of the claim funds within 4-5

business days after receipt.

30.     This constituted a contract between the parties.

31.     GMAC cashed and/or deposited the check endorsed by the Plaintiff.

32.     GMAC promised to release a portion of the claim funds within 4-5 business days

(or a reasonable time) after receipt of the required items listed above.

33.     GMAC had a duty to disperse the claim funds within 4-5 business days (or a

reasonable time) after receipt of the endorsed insurance claim check.

34.     Defendants never released the claim funds, thus Plaintiff's home was never

repaired.

35.     Plaintiff has suffered further damage to her home as a result of the Defendant's

failure to disperse the claim funds to fix her roof.

35.    Plaintiff has suffered mental anguish over the loss of her money and the lack of repairs to her home.

**WHEREFORE** Plaintiff demands judgment against GMAC in an amount exceeding the minimum jurisdictional threshold of this court, for compensatory (including mental anguish and distress) and punitive damages, court costs, and such other and further relief as a jury may deem just and proper.

**COUNT FOUR**

**BREACH OF CONTRACT (MGC)**

36.    Plaintiff repeats, realleges and incorporates by reference all preceding paragraphs as if more fully set out herein.

37.    Defendant MGC assumed the duties of GMAC through its loan servicing contract with GMAC and/or the mortgage company.

38.    GMAC had a duty to disperse the insurance claim funds within 4-5 business days (or within a reasonable time) and this duty was assumed by MGC through its loan servicing contract when it took over the servicing duties of Plaintiff's loan.

39.    MGC had a duty to disperse the insurance claim funds within 4-5 business days (or within a reasonable time).

40.    MGC never released the claim funds, thus Plaintiff's roof was never repaired.

41.    Plaintiff has suffered further damage to her home as a result of MGC's failure to disperse the claim funds to fix her roof.

42.    Plaintiff has suffered mental anguish over the loss of her money and the lack of repairs to her home.

**WHEREFORE** Plaintiff demands judgment against MGC in an amount exceeding the minimum jurisdictional threshold of this court, for compensatory (including mental anguish and distress) and punitive damages, court costs, and such other and further relief as a jury may deem just and proper.

## COUNT FIVE

### FRAUDULENT SUPPRESSION (GMAC)

43.     Plaintiff repeats, realleges and incorporates by reference all preceding paragraphs as if more fully set out herein.

44.     GMAC promised to disperse the insurance claim funds within 4-5 days (or within a reasonable time) as promised.

45.     GMAC had a duty to inform Plaintiff that it held the claim funds to fix her roof.

46.     GMAC concealed or did not disclose, upon request of the Plaintiff, that they held the insurance claim funds.

47.     GMAC induced Plaintiff to wait for claims funds to be dispersed to fix her roof.

48.     As a proximate cause of GMAC acts, Plaintiff's roof and home incurred additional damage because it was not repaired in a reasonable amount of time.

**WHEREFORE** Plaintiff demands judgment against the defendant in an amount exceeding the minimum jurisdictional threshold of this court, for compensatory (including mental anguish and distress) and punitive damages, court costs, and such other and further relief as a jury may deem just and proper.

## COUNT SIX

### FRAUDULENT SUPPRESSION (MGC)

49.    Plaintiff repeats, realleges and incorporates by reference all preceding paragraphs as if more fully set out herein.

50.    GMAC promised to disperse the insurance claim funds within 4-5 days (or within a reasonable time) as promised.

51.    GMAC had a duty to inform Plaintiff that it held the claim funds to fix her roof.

52.    Defendant MGC assumed the duties of GMAC through its loan servicing contract with GMAC and/or the mortgage company.

53.    When Plaintiff inquired about the funds, MGC concealed or did not disclose that they held the insurance claim funds.

54.    MGC induced Plaintiff to wait for claims funds to be dispersed to fix her roof.

55.    Plaintiff's roof and home incurred additional damage because it was not repaired in a reasonable amount of time.

**WHEREFORE** Plaintiff demands judgment against the defendant in an amount exceeding the minimum jurisdictional threshold of this court, for compensatory (including mental anguish and distress) and punitive damages, court costs, and such other and further relief as a jury may deem just and proper.

## COUNT SEVEN

### BREACH OF FIDUCIARY DUTY (GMAC)

56.    Plaintiff repeats, realleges and incorporates by reference all preceding paragraphs as if more fully set out herein.

57.    GMAC was in a position that would reasonably inspire confidence in the Plaintiff that GMAC would act in good faith by dispersing the insurance claim funds for the Plaintiff's benefit.

58.    GMAC owed Plaintiff a fiduciary duty to disperse the claim funds in a timely manner to repair the damage to her roof.

59.    GMAC breached its fiduciary duty because it never dispersed the insurance claim funds to repair Plaintiff's roof.

60.    GMAC's breach resulted in further damage to Plaintiff's home and mental anguish as a result of the further damage to her roof and home.

**WHEREFORE** Plaintiff demands judgment against the defendant in an amount exceeding the minimum jurisdictional threshold of this court, for compensatory (including mental anguish and distress) and punitive damages, court costs, and such other and further relief as a jury may deem just and proper.

## COUNT EIGHT

### BREACH OF FIDUCIARY DUTY (MGC)

61.    Plaintiff repeats, realleges and incorporates by reference all preceding paragraphs as if more fully set out herein.

62.    MGC was in a position that would reasonably inspire confidence in the Plaintiff that MGC would act in good faith by dispersing the insurance claim funds for the Plaintiff's benefit.

63.    MGC owed Plaintiff a fiduciary duty to disperse the claim funds in a timely manner to repair the damage to her roof.

64.    MGC breached its fiduciary duty because it never dispersed the insurance claim funds to repair Plaintiff's roof.

65.    MGC's breach resulted in further damage to Plaintiff's home and mental anguish as a result of the further damage to her roof and home.

**WHEREFORE** Plaintiff demands judgment against the defendant in an amount exceeding the minimum jurisdictional threshold of this court, for compensatory (including mental anguish and distress) and punitive damages, court costs, and such other and further relief as a jury may deem just and proper.

## COUNT NINE

### NEGLIGENCE (GMAC)

66.     Plaintiff repeats, realleges and incorporates by reference all preceding paragraphs as if more fully set out herein.

67.     GMAC had a duty to disperse the Plaintiff's insurance claim funds to the contractor with whom she had contracted to repair her roof within 4-5 days (or a reasonable time).

68.     GMAC negligently managed the insurance claim funds.

69.     It was foreseeable to GMAC that Plaintiff would suffer further damage to her roof and home if the funds were not dispersed in a reasonable amount of time.

70.     As a proximate result of GMAC's negligence, Plaintiff was damaged. Plaintiff's roof has not been repaired and it continues to leak, causing widespread damage to her home.

**WHEREFORE** Plaintiff demands judgment against the defendant in an amount exceeding the minimum jurisdictional threshold of this court, for compensatory (including mental anguish and distress) and punitive damages, court costs, and such other and further relief as a jury may deem just and proper.

## COUNT TEN

## NEGLIGENCE (MGC)

71.    Plaintiff repeats, realleges and incorporates by reference all preceding paragraphs as if more fully set out herein.

72.    MGC had a duty to disperse the Plaintiff's insurance claim funds to the contractor with whom she had contracted to repair her roof within 4-5 days (or a reasonable time).

73.    MGC negligently managed the insurance claim funds.

74.    It was foreseeable to MGC that Plaintiff would suffer further damage to her roof and home if the funds were not dispersed in a reasonable amount of time.

75.    As a proximate result of MGC's negligence, Plaintiff was damaged. Plaintiff's roof has not been repaired and it continues to leak, causing widespread damage to her home.

**WHEREFORE** Plaintiff demands judgment against the defendant in an amount exceeding the minimum jurisdictional threshold of this court, for compensatory (including mental anguish and distress) and punitive damages, court costs, and such other and further relief as a jury may deem just and proper.

## COUNT ELEVEN

## WANTONNESS

76.    Plaintiff repeats, realleges and incorporates by reference all preceding paragraphs as if more fully set out herein.

77.    Plaintiff notified GMAC and MGC on numerous occasions that they were wrongfully withholding the insurance proceeds needed to repair her hail damaged roof and that their refusal to disperse said proceeds was causing further damage to her home.

78.    GMAC and MGC, with knowledge of Plaintiff's circumstances and conscious disregard and/or reckless indifference to the rights of the Plaintiff, refused to disperse the funds allotted to repair Plaintiff's home.

79.    As a proximate result of the reckless and wanton acts of GMAC and MGC, Plaintiff was injured.

80.    Plaintiff claims punitive damages against GMAC and MGC.

**WHEREFORE** Plaintiff demands judgment against the defendant in an amount exceeding the minimum jurisdictional threshold of this court, for compensatory (including mental anguish and distress) and punitive damages, court costs, and such other and further relief as a jury may deem just and proper.

### JURY DEMAND

**PLAINTIFF HEREBY DEMANDS TRIAL BY STRUCK JURY ON ALL ISSUES OF THIS CASE.**

SUBMITTED this the 30th day of August, 2011.


*/s/Arlene M. Richardson*
Arlene M. Richardson (RIC045)
Attorney for the Plaintiff


RICHARDSON LEGAL CENTER, LLC
P.O. Box 6
Highland Home, Alabama 36041
(334)537-9011
Fax (561) 228-1085
*arlawyer@mon-cre.net*

**SUBMITTED** this the 19th day of July, 2012.

*Arlene M. Richardson*
Arlene M. Richardson
AL Bar#ASB-9452-I60A

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of June, 2012, I mailed the foregoing Motion to the Clerk of the Court the following persons by U.S. Mail properly addressed and postage prepaid:

Clerk of the U.S. Bankruptcy Court
Vito Genna, Clerk
One Bowling Green
New York, New York 10004

Morrison & Foerster LLP
Attention: Larren M. Nashelsky, Gary S. Lee, Lornezo Marinuzzi
1290 Avenue of the Americas
New York, New York 10104

and also by E-Mail transmission to: Klein, Aaron M. [AKlein@mofo.com]; Newton, James A.[JNewton@mofo.com]

*Arlene M. Richardson*
Arlene M. Richardson, (RIC045)
Attorney for Plaintiff
Richardson Legal Center LLC
P.O. Box 6
Highland Home, AL 36041
(334) 537-9011
(561) 228-1085 Fax
E-mail: *arlawyer@mon-cre.net*

5

**From:** Marian Smith
**Sent:** Wednesday, August 19, 2009 9:09 AM
**To:** Elisha Lehman
**Subject:** FW: check copy requested

**From:** Erica Richardson
**Sent:** Wednesday, August 19, 2009 9:07 AM
**To:** Marian Smith
**Subject:** check copy requested



STATE FARM FIRE AND CASUALTY COMPANY
BIRMINGHAM, AL                          WACHOVIA BANK, N4  64-975/613
FIRE CENTRAL  09-953 1/61                CHARLOTTE, NC

1  09  174904  J

#4305
726/
SR 884

05-14-2009
DATE  MM DD YYYY

CLAIM NO  01-X265-214      INSURED  GARDNER, MARY
LOSS DATE  05-07-2009       TELLER # 18001

******EXACTLY FOUR THOUSAND THREE HUNDRED FIFTY AND 99/100 DOLLARS          $*****4,350.99

Pay to the
Order of  MARY GARDNER & GMAC MORTGAGE LLC ITS SUCCESSORS AND/OR ASSIGNS
          3016 N RICK DR
          MONTGOMERY AL  36108-3819

GMC528707

AUTHORIZED SIGNATURE

03695528707

"09:17174904" 1:

FOR DEPOSIT ONLY
TO THE NAMED PAYEE

JILL ROHR
750124661

MUST BE ENDORSED BY ALL PAYEES

PLAINTIFF'S
EXHIBIT
2

ELECTRONICALLY FILED
8/30/2011 3:53 PM
CV-2011-900308.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
FLORENCE CAUTHEN, CLERK

# GMAC Mortgage

P.O. Box 52052
Phoenix, AZ  85072

May 28, 2009

Mary B. Gardner
3016 N Rick Dr
Montgomery, AL 36108

| | |
|---|---|
| RE: Property Address | : 3016 N Rick Drive  Montgomery, AL 36108-0000 |
| Account No. | : 0359528707 |
| Tracking No. | : 1015719 |
| Date of Loss | : 5/7/2009 |

Dear Mary B. Gardner:

We realize how difficult a loss to your home can be, and we want to process your claim as quickly and efficiently as possible. Due to the status of your loan and investor requirements, we have the responsibility to ensure the damage is repaired. To assist in the claim-handling process, please submit the following items to our office:

1. The insurance claim-check(s) (SIGNED/ENDORSED BY ALL PARTIES LISTED ON THE CHECK(S).

2. The enclosed *Homeowner's Statement* completed and signed by you.

3. A copy of the insurance adjuster's detailed report or your contractor's detailed damage estimate for repairs.

4. A copy of the signed contract between you and your contractor doing the repairs.

5. The enclosed *Contractor Affidavit/Statement* needs to be completed and returned to our office once ALL REPAIRS HAVE BEEN COMPLETED.

Upon receipt of the fully endorsed insurance claim check and above required information, we will release a portion of the claim funds within 4-5 business days after receipt.  If all required items are not received, we are unable to proceed with a disbursement of the claim funds until the missing items are submitted.

Due to the amount of loss, partial funds will be released at various stages. After the first release of insurance funds, periodic property inspections will be needed to confirm repair progress.  **FLORIDA PROPERTIES: Please contact our office 10 to 14 business days prior to needing additional funds to allow time for the property inspection.**
NON-FLORIDA PROPERTIES: please contact our office 7-10 business days prior to needing additional funds.

If I may be of further assistance, please contact me at 1-866-354-7281.

Sincerely,
Insurance Claims Center
**FAX: (866)336-3811**

GMAC TPA 13 (a)
HAZ6-NWCLMDQ

Enclosures
** BRE **



PLAINTIFF'S
EXHIBIT

or fictitious defendants, GMACM is without sufficient information to admit or deny such allegations and therefore denies them and demands strict proof thereof.

78.    GMACM denies all of the allegations of this paragraph directed at GMACM and demands strict proof thereof.  As to the allegations directed at MGC or fictitious defendants, GMACM is without sufficient information to admit or deny such allegations and therefore denies them and demands strict proof thereof.

79.    GMACM denies all of the allegations of this paragraph directed at GMACM and demands strict proof thereof.  As to the allegations directed at MGC or fictitious defendants, GMACM is without sufficient information to admit or deny such allegations and therefore denies them and demands strict proof thereof. Specifically, GMACM denies that Gardner is entitled to any damages whatsoever, and strict proof thereof is demanded.

80.    GMACM denies all of the allegations of this paragraph directed at GMACM and demands strict proof thereof.  As to the allegations directed at MGC or fictitious defendants, GMACM is without sufficient information to admit or deny such allegations and therefore denies them and demands strict proof thereof. Specifically, GMACM denies that Gardner is entitled to any damages whatsoever, and strict proof thereof is demanded.

## AFFIRMATIVE DEFENSES

GMACM asserts and incorporates by reference all previously asserted

14

PLAINTIFF'S
EXHIBIT
3

affirmative defenses from its original Answer filed on April 15, 2011, and asserts
the following additional affirmative defenses:

34.    GMACM was not servicing Plaintiff's mortgage loan at the time the
alleged wrongdoings occurred.

35.    GMACM had no relationship with Plaintiff at the time the alleged
wrongdoings occurred.

36.    Plaintiff was notified on June 16, 2009 by GMACM that as of July 1,
2009 MGC Mortgage, Inc. would be servicing Plaintiff's mortgage loan.

37.    As of July 1, 2009 MGC Mortgage, Inc. was servicing Plaintiff's
mortgage loan.

38.    When GMACM received the signed insurance check from Plaintiff on
or about July 8, 2009, GMACM endorsed the check to MGC Mortgage, Inc. and
forwarded the check to MGC Mortgage, Inc.

39.    Representatives of GMACM notified Plaintiff on numerous occasions
after July 1, 2009 that it no longer serviced Plaintiff's mortgage loan and that she
should contact MGC Mortgage, Inc. with any questions concerning her mortgage
loan.

40.    GMACM did not owe any duty to Plaintiff.

41.    GMAC did not suppress any material information from Plaintiff.

42.    GMAC had no duty to disclose any information to Plaintiff that forms the basis of her suppression claim.

43.    Plaintiff did not act or fail to act due to any act or omission of GMAC.

44.    GMAC owed no fiduciary duty to Plaintiff.

45.    GMAC did not breach any duty, fiduciary or otherwise, owed to Plaintiff.

46.    GMAC did not breach any agreement or contract with Plaintiff.

47.    GMACM expressly reserves the right to amend its Answer and/or to assert additional affirmative defenses if additional facts come to light in this matter, so as to warrant the assertion of additional defenses.

Respectfully submitted this 9th day of September, 2011.

/s/ Jon H. Patterson
Jon H. Patterson (PAT066)

BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
jpatterson@babc.com

*Attorney for Defendant GMAC Mortgage, LLC*

16

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed using the Alafile system on this the 9th day of September, 2011, which shall send a copy of such document to the following:

Arlene M. Richardson
Richardson Legal Center, LLC
P.O. Box 6
Highland Home, AL 36041


/s/  Jon H. Patterson
OF COUNSEL

17

# MAGNUM ROOFING COMPANY, L.L.C.

### 326 Cory Street • Montgomery, AL 36107 • (334) 832-9500

Norman Bone                                    Owners                                    Laird Bone

11 January 2012


Ms. Mary Gardner
3016 N. Rick
Montgomery, AL 36108

RE:    Miscellaneous Work @ 3016 N. Rick, Montgomery, AL

Ms. Gardner,

We offer the following proposal for miscellaneous work at 3016 N. Rick, Montgomery,
AL:

1. Remove the existing shingle roof.  Repair any deteriorated wood decking at a cost
   of $2.50 per square foot..
2. Provide and install one (1) ply of 15# felt over the roof.
3. Provide and install new Twenty (20) year TAMKO 3-tab fiberglass shingles.
4. Provide and install new galvanized valley flashings, soil vent flashings, heater
   vent flashings and water diverters.
5. Remove and repair damaged fascia and soffit.
6. Remove and repair damaged sheetrock ceiling.
7. Provide jobsite cleanup and removal of debris caused by our work.


TOTAL FOR WORK AS LISTED ABOVE-------$9,000.00

Terms of Payment:    100% @ Completion of Work



Magnum Roofing Co., LLC


Laird Bone, Owner



Proposal Accepted: _____
                   Mary Gardner., Owner              Date:

PLAINTIFF'S
EXHIBIT
4


Fax: (334) 269-5400                                    Email: magroof1@aol.com

**JET BUILDING SERVICES LLC**

Maintenance and Renovation Solutions

20Ginfield Ct.
Coosada Al. 36020
Phone (334) 717-5534

**Customer:**
Mary Gardner
3016 N Rick St.
Montgomery Al. 36108
H: 334-264-6955
**C: 334-303-2733**



# QUOTATION

**DATE**  February 5, 2012
**Quotation #**

*Quotation valid until:*  March 6, 2012
*Prepared by:*  JT

| Description | AMOUNT |
|---|---|
| Master Bed Room- | |
|     Patch 4' x 4' Sheetrock due to water damage. Patch, Mud and Texture | 192.00 |
|     Remove water damaged tape, retape mud and re texture 3 - 12'6" joints. | 280.00 |
|     Repaint entire ceiling. | 150.00 |
|     Remove  wall damaged wall border. Repair damge. Paint all walls. | 610.00 |
|     Remove damaged carpet and padding. Replace carpet and padding. | 4,004.00 |
| | |
| Facia and Soffit Painting (No Repairs) | |
|     Paint Facia and Soffit around entire house. | 720.00 |
| | |
| Repair Damaged Ceiling on Back Porch | |
|     Remove entire porch ceiling due to water damage. | |
|     Replace porch ceiling. | |
|     Paint porch ceiling. | 1,470.00 |
| | |
| * All water damaged areas to be treated with anti mold and mildew treatment.(PermaGaurd) | |
|  This treatment is included in price. | |
| | |
| **TOTAL** | $    7,426.00 |

Please let me know if you have any questions concerning this quotation.

**THANK YOU FOR YOUR BUSINESS!**

**John Tompkins**
(334) 717-5534
jetbuildingservices@gmail.com





















## Arlen Richardson

| | |
|---|---|
| **From:** | efile_notice@almd.uscourts.gov |
| **Sent:** | Monday, May 14, 2012 8:36 AM |
| **To:** | almd_mailout@almd.uscourts.gov |
| **Subject:** | Activity in Case 2:12-cv-00131-WKW-TFM Gardner v. GMAC Mortgage et al Mediation Conference |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### Alabama Middle District

## Notice of Electronic Filing

The following transaction was entered on 5/14/2012 at 8:36 AM CDT and filed on 4/12/2012
**Case Name:** Gardner v. GMAC Mortgage et al
**Case Number:** 2:12-cv-00131-WKW-TFM
**Filer:**
**Document Number:** No document attached

**Docket Text:**
**Minute Entry for Mediation Conference proceedings held before Honorable Judge Terry F. Moorer on 4/12/2012 (PDF available for court use only). (Recording Time 9:00-2:30.) (cb, )**

**2:12-cv-00131-WKW-TFM Notice has been electronically mailed to:**

Arlene Marceau Richardson    arlawyer@mon-cre.net, arlenerichardson1@gmail.com, ritamcgough@mon-cre.net

John David Collins    jcollins@maynardcooper.com

Jon Howard Patterson    jpatterson@babc.com, aburke@babc.com, darceneaux@babc.com

**2:12-cv-00131-WKW-TFM Notice has been delivered by other means to:**



PLAINTIFF'S
EXHIBIT
5

7/19/2012



**ATTORNEYS AT LAW**
# RICHARDSON LEGAL CENTER, L.L.C.



July 19, 2012

Clerk of the U.S. Bankruptcy Court
Vito Genna, Clerk
One Bowling Green
New York, New York 10004

*RE: In re. Residential Capital, LLC et al. debtors.*
    Case No: 12-12032 (MG)

Dear Clerk,

Enclosed please find a Amended Motion to Lift the Automatic Stay in the above case. The debtor is GMAC Mortgage, LLC. Also enclosed is a check for $176.00 for the filing fee in this case.

If there is any problem with this filing please contact me at the phone number listed below or by e-mail to *arlawyer@mon-cre.net*.

With best regards,

*Arlene M. Richardson*
Arlene M. Richardson

cc: Morrison & Foerster LLP
    Attention: Larren M. Nashelsky, Gary S. Lee, Lornezo Marinuzzi
    1290 Avenue of the Americas
    New York, New York 10104

18615 Montgomery Highway • Highland Home, AL 36041 • ph: 334.537.9011 • fx: 561.228.1085
Mailing Address: P.O. Box 6, Highland Home, AL 36041