Paul N. Papas II
4727 E Bell Rd., Ste 45-350
Phoenix. AZ 85032
602-493-2016



17 July 2012

Clerk
US Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

RE: **_RESIDENTIAL CAPITAL, LLC Chapter 11 a/k/a RESIDENTIAL CAPITAL CORPORATION Case No. 12-12020-mg_**

Dear Sir:

Today I am sending for filing and consideration my _Notice of Withdrawal of my Motion for Relief from Automatic Stay_ AND _Motion To Convert Debtor To Chapter 7 Bankruptcy_.

My previous docketed filings can be found at 157, 464, 669, and 696. My Proof of Claim was dated and sent Jun 26, 2012. My reply to 755 was received July 16, 2012 and not yet docketed.

Thank you,

Paul N. Papas II
Paul_Papas@MyLegalHelpUSA.com

Paul N. Papas II
4727 E Bell Rd.
Ste 45-350
Phoenix, AZ 85032
602-493-2016



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RESIDENTIAL CAPITAL, LLC<br>a/k/a RESIDENTIAL CAPITAL CORPORATION<br>1177 Avenue of the Americas<br>New York, New York 10036<br>Debtor | Chapter 11<br>Case No. 12-12020-mg<br>Joint Administration Pending |

## NOTICE OF WITHDRAWAL OF MOTION

Claimant, *Pro Se* relies upon and incorporates by reference his previous filings which can be found at docket number 157, 464, 669, 696, filed Proof of Claim dated June 26, 2012 and reply to 755.

1. The Debtor voluntarily sought the protection of this Bankruptcy Court under Chapter 11.

2. The Debtor was represented by Counsel when they filed their voluntary bankruptcy petition.

3. The Debtor is very well versed in using the legal system and the Courts.

4. The Debtor was required to file all court documents signed with a statement certifying that all relevant information is both truthful and completely accurate. The

intentional failure to provide accurate information regarding bankruptcy cases compromises the outcome of this matter and is a Federal crime. The Debtor used the United States Mail and wire transmissions to file and serve the Court documents in this matter.

5. The Debtor was required to file accurate statements listing their assets and liabilities under the pains and penalties of perjury.

6. The Debtor has clearly made their presence known in various Court documents in various states in each of the properties that are the subject of, and the basis of this Claimant's filed Proof of Claim dated June 26, 2012. The Debtor used the United States Mail and wire transmissions to file and serve the Court documents in those matters.

7. This Claimant has reviewed the Debtor's filed Schedule A in this matter and the Claimant is unable to locate the properties with which the Debtor and this Claimant have been engaged.

8. If this Court should allow this Claimant's Motion For Relief from Stay, the Court would not be able to match the Claimant's list with the Debtor's list of properties. The actual assets and liabilities of the Debtor are still unknown to the Court and to the Creditors; therefore the actual Bankruptcy Estate is not yet known which compromises the outcome of this matter.

9. Even though the properties with which this Claimant and the Debtor are engaged do not appear on the Debtor's Schedule A, the Debtor has sent notices stating that the Debtor is intending to sell the properties at public action. One of the notices was sent to a property in which the Debtor had already notified the Claimant that the mortgage has been paid in full. The Debtor should not be trying to sell properties that it does not own. The Debtor should not be trying to sell the assets of this Claimant. The Debtor is acting in bad faith in violation of section 1112(b) (1), *In re Setzer*, 47 B.R. 340, 345 (Bankr. E.D.N.Y. 1985) and violating 11 USC 152.

10. Since it is not possible for this Court or this Claimant to accurately identify the assets and liabilities of the Debtor, this Claimant withdraws his Motion For Relief From Stay, docket number 699, from consideration. This Claimant will not be a party to or enable the Debtor in their fraudulent scheme in this or any other Court. This Claimant will not be a party to the Debtor's previous or continuing racketeering activities in violation of 18 USC 1961, *et seq*.

Dated July 17, 2012

Paul N. Papas II

### Affidavit in Support

I, Paul N. Papas II, state and depose the above information is true based upon personal observation, knowledge and belief under the pains and penalties of perjury dated this 17th day of July 2012.

Paul N. Papas II

### Certificate Of Service

I have served a copy of this upon; United States Trustee, Tracey Hope Davis, 33 Whitehall Street, 21st Floor, NY, NY 10004; Attorney Larren M. Nashelsky, MORRISON & FOERSTER, LLP, 1290 Avenue of the Americas, NY, NY, 10104 and Attorney Wendy Allison Nova, 210 Second Street NE, Minneapolis, MN 55413. by email and/or by Regular Mail as well as those on the July 12, 2012 notice list.

Dated July 17, 2012

Paul N. Papas II

Paul N. Papas II
4727 E Bell Rd.
Ste 45-350
Phoenix, AZ 85032
602-493-2016

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RESIDENTIAL CAPITAL, LLC<br>a/k/a RESIDENTIAL CAPITAL CORPORATION<br>1177 Avenue of the Americas<br>New York, New York 10036<br>Debtor | Chapter 11<br>Case No. 12-12020-mg<br>Joint Administration Pending |

## MOTION TO CONVERT DEBTOR TO CHAPTER 7 BANKRUPTCY

Claimant, Paul N. Papas II, *Pro Se* relies upon and incorporates by reference his previous filings which can be found at docket number 157, 464, 669, 696, filed Proof of Claim dated June 26, 2012, reply to 755, and his Notice of Withdrawal of Motion dated today, July 17, 2012, and moves this Court for an Order pursuant to 11 USC § 362(h) for willful violations of the automatic stay and to Convert the Debtor's petition to Chapter 7 Bankruptcy.

### JURISDICTION

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are 11 U.S.C. §§ 1112(b), and 105(a), Rules 9013 and 9014 of the Federal Rules of Bankruptcy Procedure, and the Case Management Procedures in this case.

Page 1 of 6

2. This Claimant also relies upon the Motion To Dismiss the Debtor portion of the *Gilbert Motion* docketed as number 274 as it relates to remedies for the Debtor's fraudulent activities.

3. The Debtor voluntarily sought the protection of this Bankruptcy Court under Chapter 11.

4. The Claimant seeks a conversion of the underlying chapter 11 bankruptcy to a chapter 7 based upon the bad faith and misconduct of Debtors' Residential Funding, LLC and GMAC Mortgage LLC. This Claimant's grounds for relief are that the properties upon which the Claimant has a claim do not now nor have they ever been an asset of the bankruptcy estate; the assignments to Residential Funding LLC and GMAC Mortgage LLC's are invalid; their position may be as merely unsubstantiated servicers with respect to the Claimant's properties ; and the substantial question of law regarding a borrower's right to exercise the extended right to rescind under the federal Truth in Lending Act; the fraudulent transfer pursuant to the Uniform Fraudulent Transfer Act; and the fraudulent listing of assets and liabilities in this Court . The Claimant seeks actual damages and attorney's fees for willful violations of the automatic stay Residential Funding LLC and GMAC Mortgage LLC; to wit: after seeking bankruptcy protection Debtors Residential Funding LL and GMAC Mortgage LLC continued to file pleadings in state Courts affecting this Claimant; and, failed to take steps to vacate this filing and have unfairly and unreasonably placed the burden upon this Claimant. The Debtors actions have been and continue to be in furtherance of their racketeering scheme to commit fraud upon this Court and the public at large using the US Mail and wire transmissions in violation of 18 USC § 1961, *et seq*. The Debtor is acting in bad faith in violation of section 1112(b) (1), *In re Setzer*, 47 B.R. 340, 345 (Bankr. E.D.N.Y. 1985) and violating 11 USC § 152.

5. This Claimant believes that rather than dismiss the Debtor from bankruptcy the petition should be converted to a Chapter 7 where this Court would have more control of the Debtor and be better able to determine what the Debtor has for assets and liabilities.

Page 2 of 6

6. Thus far the Debtor has not accurately listed its assets and liabilities. As an example, the Debtor has served notice upon a homeowner that it intends to auction their property EVEN AFTER sending the homeowner a Notice that the Mortgage *Is Paid In Full*. This property is not listed in the Debtor's list of assets and liabilities.

7. The Debtor was required to file all court documents signed with a statement certifying that all relevant information is both truthful and completely accurate. The intentional failure to provide accurate information regarding bankruptcy cases compromises the outcome of this matter and is a Federal crime. The Debtor used the United States Mail and wire transmissions to file and serve the Court documents in this matter. The Debtor is acting in bad faith in violation of section 1112(b) (1), *In re Setzer*, 47 B.R. 340, 345 (Bankr. E.D.N.Y. 1985) and violating 11 USC § 152.

8. The Debtor was required to file accurate statements listing their assets and liabilities under the pains and penalties of perjury and they have not done so. Within 60 days of the filing of the Chapter 11 case, a written disclosure statement must be filed with the court. 11 U.S.C. § 1125. The disclosure statement is a document that contains "adequate information" concerning the assets, liabilities, and business affairs of the debtor sufficient to enable a creditor to make an informed judgment about the debtor's plan of reorganization. In a typical Chapter 11 case, information that is provided in the disclosure statement includes, but is not limited to, the categories below.

- Description of the business, including
    - Date of formation/incorporation
    - Description of members/principals (with percentage of ownership)
    - Description of business pre-petition
    - Description of market/clients
    - Description of business just prior to filing
    - Description of business post-petition
- Reason(s) for the bankruptcy filing
- Financial information
- Description of assets, their value, bases for the valuation
- Historical financial statements going back three years pre-petition

Page 3 of 6

- o Financial statements for the period post-petition through date of disclosure statement
- o Projected financial statements for a minimum of five years and maximum for the life of the plan, including all assumptions, seasonal swings, and other relevant factors upon which the projections are based
- o The accounting process used in preparing these statements and the source of information
- A liquidation analysis
- Description of the Chapter 11 plan
  - o Method of execution, including the dollar amounts to be paid each class and the dates on which each payment will be made
  - o Source of funds
- Description of post-confirmation management, including salaries
- Disclosure of professional fees paid/to be paid
- Statement regarding insider transactions/claims (if none, a negative Statement is required)
- Description of pending or contemplated litigation (if none, a negative statement is required)
- Tax consequences (e.g., capital gains, if property is sold)

The above information has either been not provided, or been inadequately provided, or it is incomplete.

9. The Debtor has clearly made their presence known in various Court documents in various States in each of the properties that are the subject of, and the basis of this Claimant's filed Proof of Claim dated June 26, 2012. The Debtor used the United States Mail and wire transmissions to file and serve the Court documents in those matters.

10. This Claimant has reviewed the Debtor's filed Schedule A in this matter and the Claimant is unable to locate the properties with which the Debtor and this Claimant have been engaged.

11. Even though the properties with which this Claimant and the Debtor are engaged do not appear on the Debtor's Schedule A, the Debtor has sent notices stating that the Debtor is intending to sell the properties at public action. One of the notices was sent to a property in which the Debtor had already notified the Claimant that the mortgage has been paid in full. The Debtor should not be trying to sell properties that it does not own. The Debtor should not be trying to sell the assets of this Claimant. The

Debtor is acting in bad faith in violation of section 1112(b) (1), *In re Setzer*, 47 B.R. 340, 345 (Bankr. E.D.N.Y. 1985) and violating 11 USC §152.

12. It is not possible for this Court or this Claimant to accurately identify the assets and liabilities of the Debtor, this Claimant. This Claimant will not be a party to or enable the Debtor in their fraudulent scheme in this or any other Court. This Claimant will not be a party to the Debtor's previous or continuing racketeering activities in violation of 18 USC § 1961, *et seq*.

13. The Debtors have also violated the Uniform Fraudulent Transfer Act (UFTA) which is codified in 47 States. In two different States the Debtor has admitted that they never held the mortgage and did not posses the legal ability to foreclose. The Debtor also admitted that MERS did not have authorized signatories at the time the assignments were made to the Debtor. The Debtor also admitted that MERS is only permitted to accept mortgages, not Notes. The Debtor also admitted they did not posses the Notes, and that they needed both the Mortgage and the Note in order to collect the payments and foreclose. The Debtor also admitted that it violated the UFTA. It is most likely that most of the mortgages the Debtor claims to hold are in fact not theirs.

THEREFORE, the exact value of the bankruptcy estate is not known. The business affairs of the Debtor are not sufficiently known to enable a Creditor to make an informed judgment about the Debtor's plan of reorganization. This Debtor's petition should be converted to Chapter 7 Bankruptcy because of the Debtor's various violations of section 1112 (b) (1), *In re Setzer*, 47 B.R. 340, 345 (Bankr. E.D.N.Y. 1985), 11 USC §152, and 18 USC section 1961, *et seq*.

Dated July 17, 2012

Paul N. Papas II

## Affidavit in Support

I, Paul N. Papas II, state and depose the above information is true based upon personal observation, knowledge and belief under the pains and penalties of perjury dated this 17th day of July 2012.

_____
Paul N. Papas II

## Certificate Of Service

I have served a copy of this upon; United States Trustee, Tracey Hope Davis, 33 Whitehall Street, 21st Floor, NY, NY 10004; Attorney Larren M. Nashelsky, MORRISON & FOERSTER, LLP, 1290 Avenue of the Americas, NY, NY, 10104 and Attorney Wendy Allison Nova, 210 Second Street NE, Minneapolis, MN 55413. by email and/or by Regular Mail as well as those on the July 12, 2012 notice list.
Dated July 17, 2012

_____
Paul N. Papas II