11-5699 slm 11/18/11

IN THE COURT OF COMMON PLEAS
FRANKLIN COUNTY, OHIO

Third Federal Savings and Loan Association of Cleveland
7007 Broadway Avenue
Cleveland, OH 44105

    Plaintiff

vs.

Theodore Klotz II
269 Streamwater Court
Blacklick, OH 43004

Daniela Klotz
269 Streamwater Court
Blacklick, OH 43004

Mortgage Electronic Registration Systems,
As Nominee for GMAC Mortgage LLC, dba,
Ditech.Com
1901 E. Voorhees Street
Suite C
Danville, IL 61834

Blacklick Ridge Homeowner's Association, Inc.
c/o Matthew Avery
6956 East Broad Street #204
Columbus, OH 43213

    Defendants

Case No.:

Judge:

**COMPLAINT WITH NOTICE
UNDER THE FAIR DEBT COLLECTION
PRACTICES ACT ATTACHED**

## FIRST COUNT

1. Plaintiff says that it is in possession of and the holder of a certain promissory note, a copy of which is attached hereto, marked Exhibit "A", and made a part hereof; that by reason of default in the payment of the note and mortgage securing same, it has declared said debt due; and, that there is due and unpaid thereon the sum of $165,002.77, plus interest at the rate of 6.15% per annum from March 1, 2011, and late charges.



## SECOND COUNT

1. Plaintiff incorporates herein by reference all of the allegations contained in its first count, and further says that it is the holder of a certain mortgage deed, securing the payment of said promissory note, a copy of which mortgage deed, is attached hereto, marked Exhibit "B", and made a part hereof; and, that said mortgage is a valid and first lien upon the premises described in said mortgage deed.

2. Plaintiff says that the conditions of said mortgage deed have been broken, by reason of default in payment and the same has become absolute; and, that the defendants named in this complaint have or claim to have an interest in the premises described in Exhibit "B".

3. Plaintiff says that pursuant to the covenants and conditions of said mortgage deed it has and/or it may, from time to time during the pendency of this action, advance sums to pay real estate taxes, hazard insurance premiums and property protection and maintenance, which sums so advanced are a good and valid first lien upon the premises described in Exhibit "B". Plaintiff further says that it has performed all of the conditions precedent required to be performed by it.

**WHEREFORE**, Plaintiff demands judgment against the defendants, Theodore Klotz II and Daniela D. Klotz in the sum of $165,002.77, plus interest at the rate of 6.15% per annum from March 1, 2011, and late charges; that the defendants named herein be required to answer and set up any claim that they may have in said premises or be forever barred; that the Plaintiff be found to have a first lien on said premises for this amount so owing, together with its advances made pursuant to the terms of the mortgage for real estate taxes, insurance premiums and property protection and maintenance; that all of Defendant's equity of redemption be foreclosed; that upon failure to pay said amount within three (3) days thereafter, said premises be ordered appraised, advertised and sold according to law; that from the proceeds of said sale, the plaintiff be paid the amount so found due it; and, that Plaintiff be awarded such other and further relief as equity entitles it to receive.

                                             */s/ Bradley P. Toman*
                                             Carlisle, McNellie, Rini, Kramer & Ulrich Co., L.P.A.
                                             By: Bradley P. Toman (0042720)
                                             Attorney for Plaintiff
                                             24755 Chagrin Blvd.,, Suite 200
                                             Cleveland, OH 44122-5690
                                             216-360-7200 Phone / 216-360-7210 Facsimile
                                             franklinmail@carlisle-law.com

NOTICE REQUIRED BY THE
FAIR DEBT COLLECTION
PRACTICES ACT, (the Act),
15 U.S.C. Section 1692 As Amended

1.) As of October 18, 2011, the amount owed is $175,549.82. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the law firm listed below or call (216) 360-7200.

2.) Third Federal Savings and Loan Association of Cleveland is the Creditor to whom the debt is owed.

3.) The debt described herein will be assumed to be valid by the Creditor's law firm, unless the debtor, within (30) thirty days after the receipt of this notice, disputes, the validity of the debt or some portion thereof. Please note that notwithstanding the foregoing, you are still responsible under state law to file a response to the Complaint, to which this Notice is attached, within twenty-eight (28) days. This twenty-eight (28) day period and the thirty (30) day period mentioned above both commence the day after you receive the Complaint. If you are uncertain of your rights or obligations under this Notice or the Complaint, or if you have any questions concerning the proceedings that have been commenced by the filing of the Complaint, you should consult an Attorney of your choice.

4.) If the debtor(s) notifies the Creditor's law firm in writing within thirty (30) days of the receipt of this notice that the debt or any portion thereof is disputed, the Creditor's law firm will obtain a verification of the debt and a copy of the verification will be mailed to the debtor(s) by the Creditor's law firm.

5.) If Third Federal Savings and Loan Association of Cleveland is not the original creditor, and if the debtor(s) makes a written request to the creditor's law firm with thirty (30) days from the receipt of this notice, the name and address of the original creditor(s) will be mailed to the debtor by the Creditor's law firm.

6.) Written requests should be addressed to Carlisle, McNellie, Rini, Kramer & Ulrich Co., L.P.A., 24755 Chagrin Boulevard, Suite 200, Cleveland, Ohio 44122. ** This law firm is attempting to collect the debt on behalf of the creditor and any information obtained will be used for that purpose.**

# NOTE

"Redacted"
Copy

[Date] 4/27/2006    [City]    [State]

**269 STREAMWATER CT**
**BLACKLICK, OH 43004-8129**

[Property Address]

1. **BORROWER'S PROMISE TO PAY**
   In return for a loan that I have received, I promise to pay U.S. $**176,500.00**   (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is **THIRD FEDERAL SAVINGS AND LOAN ASSOCIATION**
   I will make all payments under this Note in the form of cash, check or money order.
   I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

2. **INTEREST**
   Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of **6.1500** %.
   The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

3. **PAYMENTS**
   (A) Time and Place of Payments
   I will pay principal and interest by making a payment every month.
   I will make my monthly payment on the **1st** day of each month beginning on **June 01, 2006**.
   I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on **May 01, 2036**, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."
   I will make my monthly payments at **THIRD FEDERAL SAVINGS AND LOAN ASSOCIATION**
   **7007 Broadway Avenue, Cleveland, OH 44105**

   or at a different place if required by the Note Holder.
   (B) Amount of Monthly Payments
   My monthly payment will be in the amount of U.S. $ **1,075.29**

4. **BORROWER'S RIGHT TO PREPAY**
   I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.
   I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT    "Redacted" Form 3200 1/01

ITEM 1646L1 (0312)    (Page 1 of 3 pages)    GREATLAND ■
MFCD3200    To Order Call 1-800-530-9393 □ Fax 616-791-1131

EXHIBIT A    TJKII  "Redacted"

5. **LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

6. **BORROWER'S FAILURE TO PAY AS REQUIRED**

   (A) **Late Charge for Overdue Payments**

   If the Note Holder has not received the full amount of any monthly payment by the end of **Fifteen** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **5.0000%** of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

   (B) **Default**

   If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

   (C) **Notice of Default**

   If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

   (D) **No Waiver By Note Holder**

   Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

   (E) **Payment of Note Holder's Costs and Expenses**

   If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

7. **GIVING OF NOTICES**

   Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

   Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

8. **OBLIGATIONS OF PERSONS UNDER THIS NOTE**

   If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

9. **WAIVERS**

   I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

10. **UNIFORM SECURED NOTE**

    This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

Form 3200 1/01
GREATLAND ■

ITEM 1646L2 (0312)  *(Page 2 of 3 pages)*  To Order Call 1-800-530-9393 □ Fax 616-791-1131

MFCD3200

"Redacted"

this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

Borrower has executed and acknowledges receipt of pages 1 through 3 of this Note.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____(Seal)          _____(Seal)
THEODORE J. KLOTZ II        -Borrower     DANIELA D. KLOTZ         -Borrower

_____(Seal)          _____(Seal)
                            -Borrower                              -Borrower

_____(Seal)          _____(Seal)
                            -Borrower                              -Borrower

*[Sign Original Only]*

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          Form 3200 1/01

ITEM 1646L3 (0312)          *(Page 3 of 3 pages)*          GREATLAND ■
MFCD3200                                                   To Order Call 1-800-530-9393 ☐ Fax 616-791-1131

"Redacted"

0A068 - C71
2006-0395

After Recording Return To:

"Redacted"

THIRD FEDERAL SAVINGS
7007 BROADWAY AVENUE
CLEVELAND, OH 44105

2006050400085310
Pgs: 3  $40.00   T20060033230
05/04/2006 3:52PM  BXP J K BOX
Robert G. Montgomery
Franklin County Recorder

_____ [Space Above This Line For Recording Data] _____

## MORTGAGE

DEFINITIONS

Words used in multiple sections of this document are defined below and in the Master Mortgage Form (as hereinafter defined).
(A) "Security Instrument" means this document, which is dated __4-27-_____, 06___, together with all Riders to this document and in the Master Mortgage Form.
(B) "Borrower" is THEODORE J KLOTZ II and DANIELA D KLOTZ, HUSBAND AND WIFE

Borrower is the mortgagor under this Security Instrument.
(C) "Lender" is Third Federal Savings and Loan Association of Cleveland. Lender is a Federal Savings Association organized and existing under the laws of the United States of America. Lender's address is 7007 Broadway Avenue, Cleveland, OH 44105. Lender is the mortgagee under this Security Instrument.
(D) "Note" means the promissory note signed by Borrower and dated __4-27_____, 06___.
The Note states that Borrower owes Lender **One Hundred Seventy Six Thousand Five Hundred and no/100** Dollars (U.S. $ **176,500.00** ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than **May 01, 2036**.
(E) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."
(F) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.
(G) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

☐ Adjustable Rate Rider      ☐ Condominium Rider                ☐ Second Home Rider
☐ Balloon Rider              ☐ Planned Unit Development Rider   ☒ Legal Description
☐ 1-4 Family Rider           ☐ Biweekly Payment Rider           ☐ Other(s) [specify]

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to Lender the following described property located in the

**County**                              of          **FRANKLIN**
[Type of Recording Jurisdiction]                    [Name of Recording Jurisdiction]

**Parcel No.:**       170-002670-00

which currently has the address of           **269 STREAMWATER CT**
                                              [Street]

**BLACKLICK**        , Ohio    **43004-8129**     ("Property Address"):
[City]                         [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

T6556 - OH
2005.06                    Page 1 of 2           TJK⬧ or "Redacted"



EXHIBIT B

MASTER MORTGAGE FORM

All terms of that certain master mortgage form ("Master Mortgage Form") recorded 04/09/04 pursuant to the Ohio Revised Code Section 5302.15 in the office of the FRANKLIN County Recorder, Instrument No. 200404090079898, O.R. Book , page , by Third Federal Savings and Loan Association of Cleveland (sometimes on title line only, Third Federal Savings and Loan Association of Cleveland), by Deborah A. Rachek, are by this reference incorporated as fully and to the same extent as if set forth and contained herein.

COPY

A copy of the Master Mortgage Form has been furnished to the mortgagor prior to the execution of this Security Instrument and mortgagor hereby acknowledges receipt of the same by signing at the end of this instrument.

**Certain Other Advances.** In addition to any other sum secured hereby, this Security Instrument shall also secure the unpaid principal balance of, plus accrued interest on, any amount of money loaned, advanced or paid by Lender to or for the account and benefit of Borrower, after this Security Instrument is delivered to and filed with the Recorder's Office, FRANKLIN County, Ohio, for recording. Lender may make such advances in order to pay any real estate taxes and assessments, insurance premiums plus all other costs and expenses incurred in connection with the operation, protection or preservation of the Property, including to cure Borrower's defaults by making any such payments which Borrower should have paid as provided in this Security Instrument, it being intended by this Section to acknowledge, affirm and comply with the provision of § 5301.233 of the Revised Code of Ohio.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument (including but not limited to the Master Mortgage Form) and in any Rider executed by Borrower and recorded with it. If for any reason the Master Mortgage Form shall not be deemed a part of this Security Instrument, this two (2) page instrument, plus any Rider(s) and attached legal description shall stand by itself as a mortgage document, binding on the Borrower for the benefit of Third Federal Savings and Loan Association of Cleveland, its successors and assigns.

Executed this 27 day of April 2006

_____ (Seal)   _____ (Seal)
THEODORE J. KLOTZ II - Borrower   DANIELA D. KLOTZ - Borrower

_____ (Seal)   _____ (Seal)
- Borrower   - Borrower

_____ (Seal)   _____ (Seal)
- Borrower   - Borrower

State of Ohio
County of Franklin

The foregoing instrument was acknowledged before me this 4-27-06 (date) by THEODORE J. KLOTZ II, DANIELA D. KLOTZ

Husband & Wife

(name of person(s) acknowledged).

DWANE HALL
Notary Public, State of Ohio
My Commission Expires
10-5-08

Dwane Hall
Notary Public

My commission expires:

This Instrument was prepared by: Third Federal Savings and Loan Association of Cleveland

T6566 - OH     Page 2 of 2

"Redacted"

2006-0395

Exhibit A

Situated in the County of Franklin, State of Ohio and in the Township of Jefferson, and being more particularly bounded and described as follows:

Being Lot No. Forty Two (42), of BLACKLICK RIDGE, Section 1, Part 1, as the same is numbered and delineated upon the recorded plat thereof, of record in Plat Book 90, Page 87 and 88, Recorder's Office, Franklin County, Ohio.

PARCEL NUMBER: 170-002670-00

269 Streamwater Court
Blacklick, OH 43004