UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK (MANHATTAN)
--------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| GMAC Mortgage, LLC , | Case No.  12-12020-mg |
| | Jointly Admininstered |
| Debtor(s) | **MEMORANDUM OF LAW** |

--------------------------------------------------------X

## PRELIMINARY STATEMENT

This is a Motion pursuant to Rule 4001(a)(1) of the Federal Rules of Bankruptcy Procedures to lift the Automatic Stay imposed by §362(a) of the United States Bankruptcy Code.  The moving party is seeking relief from the Automatic Stay to exercise its state rights under a Promissory Note, in which Movant is secured by a Promissory Note ("Agreement").  The basis for this Motion is that Movant has cause for requesting the automatic stay be lifted and Debtor does not have sufficient equity in the Collateral and the Collateral is not necessary for an effective reorganization within the meaning of §362(d)(1) and (d)(2).  All of the necessary parties to this Motion have been served with copies of the Notice and supporting Application.

## FACTS

As set forth in the application of Secured Creditor, the Individual Debtors, Theodore J. Klotz, II and Daniela D. Klotz, executed the Promissory Note to the Movant in the amount of $176,500.00, which Agreement was secured by the Collateral.   On the May 14, 2012, the GMAC Mortgage LLC filed a Petition under Chapter 11 of the Bankruptcy Code under case number 12-12032.

Movant, Third Federal Savings and Loan, has a pending foreclosure in state court, being case number CV-0A068-C65.  Third Federal Savings & Loan is plaintiff and the defendants are Theodore J. Klotz, II and Daniela D. Klotz.  Debtor, Mortgage Electronic Registration Systems as nominee for GMAC Mortgage LLC, dba Ditech.com. (hereinafter "GMAC") is a defendant as they allegedly hold a mortgage on individuals' property.  Movant requests relief from stay against GMAC in order to proceed with foreclosure.

## ARGUMENT

Section 362(d) provides that "upon request of a party in interest, the court shall grant relief from the automatic say, (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or (2) with respect to a stay of an action against property under subsection (a) of this section if (a) the debtor does not have any equity in such property; and (b) such property is not necessary to an effective reorganization."

Pursuant to 11 U.S.C. Section 362(g), the moving party carries the burden of proof with respect to the issue of equity of the property in question. In re Roxrun Estates, Inc. 74 B.R. 997, 1003 (Bankr. S.D.N.Y. 1987), a secured party is a party in interest for the purposes of §362 motions and by showing that the liens on the property exceed the property's worth, a secured creditor will have met this burden. Id.

In addition, "a debtor's failure to make regular monthly payments as they become due constitutes sufficient 'cause' to life the automatic stay." In re Michael Lancelot Taylor, 151 B.R. 646, 648 (Bankr. E.D.N.Y. 1993). The sole purpose of this motion is to allow movant to proceed with the foreclosure sale proceeding in the state court to which GMAC may have a security interest.

## CONCLUSION

WHEREFORE, it is respectfully requested that the Automatic Stay be modified with respect to

the Collateral to permit the Secured Creditor to exercise its rights pursuant to the terms of the Promissory Note, and for such other and further relief as this Court deem just and equitable.

                              Respectfully submitted,
                              WELTMAN, WEINBERG & REIS CO.
                              Attorneys for Secured Creditor
                              GMAC MORTGAGE, LLC

                      By:    /s/ Geoffrey J. Peters
                              Geoffrey J. Peters, Esq. (#GP4633)
                              175 S. 3rd Street, Suite 900
                              Columbus, OH  43215
                              614/857-4324

Sworn to before me this
July 25, 2012
/s/ Annette Rains
Notary Public/Annette Rains
Notary Public, State of Ohio/No. 26482
Qualified in Franklin County/Commission Expires   05/27/17