12-0405 dmw 1/30/12

FILED
IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO
2012 JAN 31 PM 3 45

GERALD E. FUERST
CLERK OF COURTS
CUYAHOGA COUNTY

Third Federal Savings and Loan
Association of Cleveland
7007 Broadway Avenue
Cleveland, OH 44105

    Plaintiff

Case No.:

Judge: JOAN SYNENBERG

CV 12 774854

**COMPLAINT WITH NOTICE
UNDER THE FAIR DEBT COLLECTION
PRACTICES ACT ATTACHED**

vs.

PPN: 453-07-008

Adam T. Dusek
3355 Sunhaven Oval
Parma, OH 44134

Jennifer L. Kall,
kna, Jennifer L. Dusek
3355 Sunhaven Oval
Parma, OH 44134

City of Parma
6611 Ridge Road
Parma, OH 44129

State of Ohio
Department of Taxation
c/o Attorney General
150 East Gay Street
Columbus, OH 43215

PNC Bank, Successor by
Merger to National City
Mortgage Company
249 Fifth Avenue
Pittsburg, PA 15222

CDC Servicing, Inc.
9 West 57th Street, 36th Floor
New York, NY 10019

  

Beneficial Financial I, Inc.,
Successor by merger to Beneficial Ohio, Inc.
25625 North Riverwoods Boulevard
Mettawa, IL 60045
-and-
c/o C T Corporation System
Statutory Agent
818 West 7th Street
Los Angeles, CA 90017

Mortgage Electronic Registration Systems, Inc.
as nominee for GMAC Mortgage, LLC
1901 East Voorhees Street Suite C
Danville, IL 61834

Defendants

## FIRST COUNT

1. Plaintiff says that it is in possession of and the holder of a certain promissory note, a copy of which is attached hereto, marked Exhibit "A", and made a part hereof; that said note was modified pursuant to a certain loan modification agreement, a copy of which is marked Exhibit "B" and attached hereto; that by reason of default in the payment of the note and mortgage securing same, it has declared said debt due; and, that there is due and unpaid thereon the sum of $91,692.33, plus interest at the rate of 2.00% per annum or as that rate may from time to time be adjusted in accordance with the terms of said loan modification agreement, from August 1, 2011, and late charges.

2. Defendants, Adam Thomas Dusek and Jennifer Lynn Dusek, filed a Chapter 7 Bankruptcy case in the U.S Bankruptcy Court for the Northern District of Ohio, Case No. 03-21734. The Defendants were granted a discharge in that Bankruptcy Case on December 12, 2003; and that the case was terminated and closed on July 21, 2006. Based on this Discharge, Plaintiff is not seeking a personal money judgment against the Defendants, Adam T. Dusek and Jennifer L. Kall, on the Note.

## SECOND COUNT

1. Plaintiff incorporates herein by reference all of the allegations contained in its first count, and further says that it is the holder of a certain mortgage deed, securing the payment of said promissory note, a copy of which mortgage deed is attached hereto, marked Exhibit "C", and made a part hereof; and, that said mortgage is a valid and first lien upon the premises described in said mortgage deed.

2. Plaintiff says that the conditions of said mortgage deed have been broken, by reason of default in payment and the same has become absolute; and, that the defendants named in this complaint have or claim to have an interest in the premises described in Exhibit "C".

3. Plaintiff says that pursuant to the covenants and conditions of said mortgage deed it has and/or it may, from time to time during the pendency of this action, advance sums to pay real estate taxes, hazard insurance premiums and property protection and maintenance, which sums so advanced are a good and valid first lien upon the premises described in Exhibit "C". Plaintiff further says that it has performed all of the conditions precedent required to be performed by it.

4. Plaintiff further says that the defendant, The State of Ohio, Department of Taxation, has or claims to have an interest in the premises by virtue of one (1) judgment lien, as evidenced by a copy of Schedule B of Plaintiff's Preliminary Judicial Report, a copy of which is attached hereto, marked Exhibit "D" and incorporated herein by reference.

**WHEREFORE**, Plaintiff demands that there be found due and owing upon said mortgage note and mortgage deed the sum of $91,692.33, plus interest at the rate of 2.00% per annum or as that rate may from time to time be adjusted in accordance with the terms of said loan modification agreement, from August 1, 2011, and late charges; that the defendants named herein be required to answer and set up any claim that they may have in said premises or be forever barred; that the Plaintiff be found to have a first lien on said premises for this amount so owing, together with its advances made pursuant to the terms of the mortgage for real estate taxes, insurance premiums and property protection and maintenance; that all of Defendant's equity of redemption be foreclosed; that upon failure to pay said amount within three (3) days thereafter, said premises be ordered appraised, advertised and sold according to law; that from the proceeds of said sale, the plaintiff be paid the amount so found due it; and, that Plaintiff be awarded such other and further relief as equity entitles it to receive.

Carlisle, McNellie, Rini, Kramer & Ulrich
Co., L.P.A.
By: James L. Sassano (0062253)
Attorney for Plaintiff
24755 Chagrin Blvd., Suite 200
Cleveland, OH 44122-5690
216-360-7200 Phone
216-360-7210 Facsimile
cuyahogamail@carlisle-law.com

NOTICE REQUIRED BY THE
FAIR DEBT COLLECTION
PRACTICES ACT, (the Act),
15 U.S.C. Section 1692 As Amended

1.) As of January 23, 2012, the amount owed is $94,435.19. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the law firm listed below or call (216) 360-7200.

2.) Third Federal Savings and Loan Association of Cleveland is the Creditor to whom the debt is owed.

3.) The debt described herein will be assumed to be valid by the Creditor's law firm, unless the debtor, within (30) thirty days after the receipt of this notice, disputes, the validity of the debt or some portion thereof. Please note that notwithstanding the foregoing, you are still responsible under state law to file a response to the Complaint, to which this Notice is attached, within twenty-eight (28) days. This twenty-eight (28) day period and the thirty (30) day period mentioned above both commence the day after you receive the Complaint. If you are uncertain of your rights or obligations under this Notice or the Complaint, or if you have any questions concerning the proceedings that have been commenced by the filing of the Complaint, you should consult an Attorney of your choice.

4.) If the debtor(s) notifies the Creditor's law firm in writing within thirty (30) days of the receipt of this notice that the debt or any portion thereof is disputed, the Creditor's law firm will obtain a verification of the debt and a copy of the verification will be mailed to the debtor(s) by the Creditor's law firm.

5.) If Third Federal Savings and Loan Association of Cleveland is not the original creditor, and if the debtor(s) makes a written request to the creditor's law firm within thirty (30) days from the receipt of this notice, the name and address of the original creditor(s) will be mailed to the debtor by the Creditor's law firm.

6.) Written requests should be addressed to Carlisle, McNellie, Rini, Kramer & Ulrich Co., L.P.A., 24755 Chagrin Boulevard, Suite 200, Cleveland, Ohio 44122. ** This law firm is attempting to collect the debt on behalf of the creditor and any information obtained will be used for that purpose.**

Fixed Rate - Consumer

# REAL ESTATE MORTGAGE NOTE

Cleveland, Ohio, 11/10/98

$ __109,000.00__

For value received, the undersigned jointly and severally promise to pay to the order of THIRD FEDERAL SAVINGS AND LOAN ASSOCIATION OF CLEVELAND, at its office at 7007 Broadway Avenue, Cleveland, Ohio, 44105, or at such other place as may be designated by the holder of this note, the principal sum of __One Hundred Nine Thousand and No/100__ --------------------

-------------------------------------------------------------------------------- Dollars

($ __109,000.00__ ), together with interest from the date hereof on any unpaid balance due under the terms hereof, at the rate of __6.8750__ % per annum, payable in __360__ monthly installments of $__716.06__, plus additional amounts for taxes and assessments, insurance and other charges as provided for in this note and in the mortgage of even date hereof securing the same. The first payment to be made on __January 1, 1999__ and a payment on the __first__ day of each calendar month thereafter until the entire principal sum is fully paid together with all interest, plus additional amounts for taxes and assessments, insurance and other charges as provided herein, and in the mortgage of even date hereof securing the same. In any event, the unpaid balance of this obligation shall be due and payable __30__ years from the date hereof. anuary 1, 1999

All monthly payments will be applied to interest before principal.

In the event of any default in the payment of any installment, or any portion thereof, when the same becomes due, including any additional payments required under the terms of the mortgage securing this note, and such default continues for a period of more than fifteen (15) days, the undersigned agree to pay a late charge of __5__ cents per each dollar of such total installment, including principal and interest, taxes and assessments and other charges provided for in this note or the mortgage securing the same, as compensation for handling delinquent payments.

In the event of any default in the payment of any installment when the same becomes due, including any additional payment required under the terms of this note or the mortgage securing this note, and said default continues for a period of more than thirty (30) days, or in the event of default in the observance or performance of any of the covenants, terms or conditions of the mortgage securing this note, then the entire remaining unpaid balance shall become due and payable at once, without notice, at the election of the holder hereof and shall bear interest at a rate which is __3__ % per annum higher than the rate of interest then accruing under the terms of this note.

If all or any part of the property or any interest therein described in the mortgage given to secure the payment hereof is sold, transferred or assigned, either by voluntary or involuntary act of the maker hereof, or by operation of law, without the prior written consent of the holder hereof, excluding (a) the creation of a lien or encumbrance subordinate to the mortgage, (b) the creation of a purchase money security interest for household appliances, (c) a transfer by devise, descent or by operation of law upon the death of a joint tenant or (d) the grant of any leasehold interest of three years or less not containing an option to purchase, the holder may, at holder's option, declare all sums owing under this note to be immediately due and payable and the unpaid principal balance owing hereunder shall thereafter bear interest at a rate which is __3__ % per annum higher than the rate of interest then accruing under the terms of this note.

Payments in excess of said monthly installments cannot be used to make up subsequent installments without the written consent of the holder hereof. The acceptance at any time of payments in lesser or greater amounts than those herein stipulated shall not operate as a waiver of the right of the holder hereof to require payments to be made in the exact amount and according to the schedule stipulated in this note.

Additional payments to apply upon the said principal amount of this note may be made without penalty at any time.

This note is secured by a mortgage of even date herewith.

The undersigned hereby waive any homestead or other exemption rights as to the property securing this debt.

Presentment, protest, and notice are hereby waived.

The undersigned hereby waive notice of and consent to any extensions of this note or any part thereof without notice.

_____  
ADAM T DUSEK

_____  
JENNIFER L KALL

3355 SUNHAVEN OVAL  
PARMA, OH 44134-5836  
Property Address

"Redacted"

EXHIBIT A

NOTE1 12/97  
094ESC70085

CUYAHOGA COUNTY RECORDER
LILLIAN J GREENE - 3
MORT 7/19/2010 2:50:25 PM
**201007190582**

_____ Space above this Line for Recording Data _____

## Loan Modification Agreement

Modification Features (*Check all that apply*): ☒ Interest Rate Reduction ☒ Monthly Payment Reduction

With an effective date of **June 1, 2010** this Loan Modification Agreement ("Agreement"), made this 27 day of May 2010 between **ADAM T. DUSEK AND JENNIFER L. KALL KNA JENNIFER L. DUSEK, HUSBAND AND WIFE** ("Borrower") and Third Federal Savings and Loan Association of Cleveland ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust or Deed to Secure Debt (the "Security Instrument"), dated November 16, 1998 and recorded in Document # 199811191006 in the Records of **CUYAHOGA COUNTY**, Ohio and (2) the Note bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at **3355 SUNHAVEN OVAL, PARMA, OHIO 44134-5836**. See Attached Exhibit A

This letter ("Agreement") will confirm your agreement to modify your Note and your Security Instrument as follows. Capitalized terms used herein have the meaning given them in the Note or the Security Instrument.

1. The unpaid principal balance of your Note as of the date of this Agreement, before modification, is $91,199.61. After capitalization of delinquent interest and escrow amounts, the new unpaid principal balance, after modification, is $95,005.32. This amount does not include accrued late charges.

2. ☒ **INTEREST RATE REDUCTION**. If this box is checked, this modification includes a rate-reduction feature. The interest rate of 6.875% stated in Section 2 of your Note will be modified to 2.00% effective 06/01/2010. This modified interest rate will continue in effect until 05/01/2015. On 06/01/2015 your modified interest rate will change again to 3.00%. This modified interest rate will continue in effect until 05/01/2016. On 06/01/2016 your modified interest rate will change again to 4.00% This modified rate will continue in effect until 05/01/2017. On 6/01/2017 this modified interest rate will change again to 5.00%. This modified rate will continue in effect until 05/01/2018. On 06/01/2018 this modified interest rate will change again to 5.375% and continue in effect until the Maturity date.

3. Your monthly payment stated in Section 3 (B) of your Note will change effective with the payment due on 07/01/2010(i.e., one month after the effective date of the reduction of your interest rate, if applicable) as set forth in Paragraph 4 below.

4. The interest rate and monthly payments on your Note are modified as follows:

| New Interest Rate | Interest Rate Change Date | New Monthly Principal and Interest Payment Amount | Monthly, Beginning | Number of Monthly Payments |
|---|---|---|---|---|
| 2.000% | 6/01/2010 | $392.69 | 7/01/2010 | 60 |
| 3.000% | 6/01/2015 | $432.00 | 7/01/2015 | 12 |
| 4.000% | 6/01/2016 | $471.72 | 7/01/2016 | 12 |
| 5.000% | 6/01/2017 | $511.60 | 7/01/2017 | 12 |

5. Your monthly payment will change again, effective with the payment due on 07/01/2018 (i.e., one month after your interest rate and amortization schedule change again). This interest rate of 5.375% will continue in effect until the Maturity date. If your modification includes a rate-reduction feature, the following will apply: *(CHECK ONE)*
   X **FIXED RATE LOANS WITH PERMANENT RATE MODIFICATION:** Your monthly payment after the final modified interest rate goes into effect will be $526.34.
   ☒ **FIXED RATE LOANS:** If you have a fixed-rate loan, your monthly payment will be the amount set forth in Section 3(B) of your Note.
   ☐ **ADJUSTABLE RATE LOANS:** If you have an adjustable rate loan, your loan will convert to a fixed rate loan. The new rate after modification will be _____.
   The Note Holder will send you notice of this change. This monthly payment will continue until the Maturity Date.

6. The monthly payment amounts stated above exclude any required payments for Escrow Items such as taxes and insurance. As you know, your monthly payment for Escrow Items, if applicable, changes annually.

LOAN NUMBER

"Redacted"

  

EXHIBIT B

7. As part of the modification, we will conduct an escrow analysis that may result in a different monthly payment for Escrow Items during the modification period. The schedule for adjustments to the amount of your payment for Escrow Items remains unchanged.

8. The Maturity Date stated in Section 3(A) of the Note does not change; the Maturity Date remains 04/01/2036.

9. On the Maturity Date, you may have a balloon payment (i.e. a lump-sum payment that exceeds your monthly payment), and will pay in full the remaining principal balance and any other amounts due under the Note and Security Agreement, as modified by this Agreement.

10. Your Security Instrument will continue to secure payment and performance of the Note as amended by this Agreement.

11. Except as modified by this Agreement, all terms and provisions of the Note, any Riders, and the Security Instrument remain in full force and effect.

12. The Note and Security Instrument are valid, binding agreements, enforceable in accordance with their terms, And are hereby reaffirmed.

_____           _____
ADAM T. DUSEK                        JENNIFER L. KALL KNA
                                     JENNIFER L. DUSEK

_____           _____
BORROWER                             BORROWER

STATE OF: Ohio
COUNTY OF: Cuyahoga

The foregoing instrument was acknowledged before me this 27 day of May, 2010 By Adam T. Dusek, Jennifer L. Dusek who is personally known to me or who has produced OH DL# RQ 102 764 - Ex 12 as identification.
           OH DL# RT 596 205    Ex

_____
Anna Lenk
Notary Public

ANNA LENK
Notary Public, STATE OF OHIO
My Commission Expires
NOV. 15, 2014

_____
Third Federal Savings & Loan
Association of Cleveland

STATE OF: Ohio
COUNTY OF: Cuyahoga

This instrument was acknowledged before me this 1st day of June, 2010 by Deborah Hand who is personally known to me.

_____
Notary Public

LORI L. GREGG
Notary Public, STATE OF OHIO
My Commission Expires
APRIL 26, 2015

This Instrument was prepared by:
Third Federal Savings and Loan
Association of Cleveland
7007 Broadway Ave.
Cleveland, Ohio 44105

Situated in the City of Parma, County of Cuyahoga and State of Ohio: and known as being Sublot No. 87 in Bonny Subdivision No. 5 of a part of Original Parma Township Lot No. 31 and 32, Ely Tract, as shown by the recoded plat in Volume 169 of Maps, Page 14 of Cuyahoga County Records, and being 75.0 feet front on the Southerly side of Sunhaven Oval and extending back between parallel lines 200.00 feet, as appears by said plat, be the same more or less, but subject to all legal highways.

## THIRD FEDERAL SAVINGS AND LOAN ASSOCIATION
### OF CLEVELAND

CUYAHOGA COUNTY RECORDER
199811191006    PAGE 1 of 4

### OPEN-END MORTGAGE DEED AND SECURITY AGREEMENT

TOTAL INDEBTEDNESS, EXCLUDING INTEREST AND SUMS ADVANCED IN ACCORDANCE HEREWITH, NOT TO EXCEED $ **109,000.00**

THIS MORTGAGE AND SECURITY AGREEMENT ("Security Instrument") is given on **11/16/98**. The mortgagor is **ADAM T DUSEK, UNMARRIED AND JENNIFER L KALL, UNMARRIED** ("Borrower").

This Security Instrument is given to THIRD FEDERAL SAVINGS AND LOAN ASSOCIATION OF CLEVELAND, which is organized and existing under the laws of United States of America, and whose address is 7007 Broadway Avenue, Cleveland, Ohio 44105, ("Lender"). Borrower owes Lender the principal sum of **One Hundred Nine Thousand and No/100** Dollars (U.S. $ **109,000.00** ). This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable **30** years from the date hereof. This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest and all renewals, extensions and modifications; (b) the payment of all other sums, with interest, advanced under this Security Instrument, or the Note; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to Lender the following described property which has the address of

**3355 SUNHAVEN OVAL
PARMA, OH 44134-5936
PPN: 453-07-008**

Situated in the City of Parma, County of Cuyahoga and State of Ohio; and known as being Sublot No. 87 in Bonny Subdivision No. 5 of a part of Original Parma Township Lot No. 31 and 32, Ely Tract, as shown by the recorded plat in Volume 169 of Maps, Page 14 of Cuyahoga County Records, and being 75.0 feet front on the Southerly side of Sunhaven Oval and extending back between parallel lines 200.00 feet, as appears by said plat, be the same more or less, but subject to all legal highways.    X _____    X _____

CUYAHOGA COUNTY RECORDER
PATRICK J. OMALLEY
MORT 11/19/1998 03:43:26 PM
**199811191006**

Resource Title Agency, Inc.
1110 Madison Avenue
Cleveland, Ohio 44107
(216) 520-0050


"Redacted"


EXHIBIT C

TOGETHER WITH all of the buildings and improvements now or hereafter erected thereon, including all heating, air conditioning, plumbing, lighting fixtures and equipment and all apparatus of a similar nature, whether affixed to the premises or merely placed therein, which is now or which may hereafter be placed in any building or improvement now or hereafter on the property together with all the estate, right, title and interest of the said Borrower in and to said property, including easements, rights, appurtenances, water rights and stock, and the rents, royalties, mineral, oil and gas rights and profits arising from the property, and the issues and profits thereof, all of which are hereby assigned transferred and set over unto the Lender, including all rents royalties, issues and profits now due or which may hereafter become due.

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for easements, rights of way and restrictions of record, if any, and zoning ordinances, if any. Borrower warrants and will defend the title to the Property against all claims and demands, subject to any encumbrances permitted under the terms of this Security Instrument. CUYAHOGA COUNTY RECORDER

COVENANTS. Borrower and Lender covenant and agree as follows:    199811191006    PAGE 2 of 4

1. **Payment of Principal and Interest; Prepayment and Late Charges.** Borrower shall promptly pay when due the principal of and interest on the debt evidenced by the Note and any prepayment charges, late charges or other charges due under the Note or under this Security Instrument.

2. **Funds for Taxes and Insurance.** Unless waived in writing by Lender, Borrower shall pay to Lender on the day monthly payments are due under the Note, until the Note is paid in full, a sum ("Funds") equal to one-twelfth of: (a) yearly taxes and assessments on the Property which may attain priority over this Security Instrument; (b) yearly leasehold payments or ground rents on the Property, if any; (c) yearly hazard insurance premiums; (d) yearly flood insurance premiums, if any, and (e) yearly mortgage insurance premiums, if any. These items are called "escrow items." In addition to the escrow items, Borrower shall pay to Lender as part of the Funds such additional reserve amounts (not to exceed one-sixth of the aggregate annual amount of the escrow items) as requested by Lender. Lender may estimate the Funds due on the basis of current data and reasonable estimates of future escrow items.

The funds shall be held by Lender. Lender shall apply the Funds to pay the escrow items. Lender may not charge for holding and applying the Funds, analyzing the account or verifying the escrow items. Lender shall not be required to pay borrower any interest or earnings on the Funds. Lender may co-mingle the Funds with other like funds or its own funds at its option. Lender shall make available to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose of which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Security Instrument.

If, as a result of an analysis, Lender determines that a surplus, shortage or deficiency exists in the Funds for payment of any of the escrow items; Lender shall refund such surplus or require payment of such shortage or deficiency in accordance with applicable Federal or State laws and regulations in effect at the time Lender performs the analysis.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to borrower any Funds held by Lender. If under paragraph 19 the Property is sold or acquired by Lender, Lender shall apply, no later than immediately upon the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Security Instrument.

3. **Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under paragraphs 1 and 2 shall be applied: first, to any prepayment charges due under the Note; second, to amounts payable under paragraph 2; third, to interest due; fourth, to principal due; and last, to any late charges due under the Note.

4. **Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines and impositions attributable to the Property which may attain priority over this Security Instrument, and leasehold payments or ground rents, if any. Borrower shall pay these obligations in the manner provided in paragraph 2, or if not paid in that manner, Borrower shall pay them on time directly to the person owed payment. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph. If borrower makes these payments directly, Borrower shall promptly furnish to Lender receipts evidencing the payments.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien, in legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien or forfeiture of any part of the Property; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

5. **Hazard and Flood Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards including within the term "extended coverage" and any other hazards for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's approval, which shall not be unreasonably withheld.

Borrower shall also maintain flood insurance if said property is located in a flood hazard area as defined by applicable federal regulations. This insurance shall be maintained in the amounts and for the period that Lender requires.

All insurance policies and renewals shall be acceptable to Lender and shall include a standard mortgage clause. Lender shall have the right to hold the policies and renewals. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may, but is not required to make proof of loss if not made promptly by Borrower.

Unless Lender otherwise agrees, in writing, which agreement shall define the terms and conditions for the payment of the insurance proceeds, the insurance proceeds shall be applied to the sum secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. If Borrower abandons the Property, or does not answer within 30 days a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may collect the insurance proceeds. Lender may use the proceeds to repair or restore the Property or to pay sums secured by this Security Instrument, whether or not then due, at its option. The 30-day period will begin when the notice is given.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of the payments. If under paragraph 19 the property is acquired by Lender, Borrower's right to any insurance policies and proceeds resulting from damage to the Property prior to the acquisition shall pass to Lender to the extent of the sums secured by this Security Instrument.

6. **Preservation and Maintenance of Property; Leaseholds.** Borrower shall not destroy, damage or substantially change the Property, allow the Property to deteriorate or commit waste. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease, and if Borrower acquires fee title to the Property, the leasehold and fee shall not merge unless Lender agrees to the merger in writing.

7. **Protection of Lender's Rights in the Property; Mortgage Insurance.** If Borrower fails to perform the covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, probate for condemnation or to enforce laws or regulations), then Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions may include paying any sums secured by a lien which has priority over this Security Instrument, appearing in court, paying reasonable attorneys' fees, entering on the Property to make repairs, and making such repairs as Lender may deem necessary to protect its interest in the Property. Although Lender may take action under this paragraph 7, Lender does not have to do so.

Any amounts disbursed by Lender under this paragraph 7 shall become additional debt of borrower secured by this Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to borrower requesting payment.

If Lender required mortgage insurance as a condition of making the loan secured by this Security Instrument, Borrower shall pay the premiums required to maintain the insurance in effect until such time as the requirement for the insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

CUYAHOGA COUNTY RECORDER
199811191006    PAGE 3 of 4

8. **Inspection.** Lender or its agent may make reasonable entries upon and inspection of the Property at any reasonable time.

9. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender.

In the event of a total or partial taking of the Property, the proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the condemnor offers to make an award or settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the proceeds, at its option, either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of such payments.

10. **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of sums secured by this Security Instrument granted by Lender or any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

11. **Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 17. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

12. **Loan Charges.** If the loan secured by this Security Instrument is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge under the Note.

13. **Legislation Affecting Lender's Rights.** If enactment or expiration of applicable laws has the effect of rendering any provision of the Note or this Security Instrument unenforceable according to its terms, Lender, at its option, may require immediate payment in full of all sums secured by this Security Instrument and may invoke any remedies permitted by paragraph 19.

14. **Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by written notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any other address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

15. **Governing Law; Severability.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

16. **Completion of Improvements.** Borrower will, if applicable, construct and complete the buildings and improvements upon the Property in accordance with the terms of the loan application made by or on behalf of the Borrower to the Lender for the loan secured by this Security Instrument or any modification or amendment thereof and the other loan papers which accompany the application. Borrower will commence work on said buildings and improvements within ___NA___ days from the date hereof, and will complete the same within ___NA___ months from the date hereof. If there is a failure to complete the buildings and improvements in accordance with the foregoing schedule, Lender may, at its option, consider the loan to be completed for the amount disbursed up to said time and said obligation shall there upon become fully due and payable, at Lender's option.

17. **Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold, transferred, or assigned (or if a beneficial interest in Borrower is sold, transferred, or assigned and Borrower is not a natural person) either voluntarily or involuntarily without Lender's prior written consent, excluding (a) the creation of a lien or encumbrance subordinate to this Security Instrument; (b) the creation of a purchase money security interest for household appliances; (c) transfer by devise, descent or by operation of law upon the death of a joint tenant; or (d) the grant of any leasehold interest of three years or less not containing an option to purchase, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument.

18. **Partial Release.** Borrower acknowledges that there will be a charge made by Lender for preparation of Partial Release Documents in the event of the sale or release of any portion of the Property and a charge will be made by Lender for handling the cancellation of this mortgage upon payment in full.

19. **Acceleration; Remedies.** If Borrower shall default in the payment of any installment, when the same becomes due, including any additional payments required under the Note or this Security Instrument or in the event Borrower shall default in the observance or performance of any of the covenants terms or conditions of the Note or this Security Instrument, or in the event that proceedings are brought to foreclose or marshall liens on the Property, or in the event that Borrower is adjudicated a bankrupt, Lender, at its option may require immediate payment in full of all sums secured by this Security Instrument without notice or demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to all expenses incurred in pursuing any remedies provided for in this Security Instrument including, but not limited to court costs, attorney fees and costs of title evidence.

The rights and remedies herein provided for are cumulative, and the holder of the Note may recover judgment thereon, issue execution therefor, and resort to any other right or remedy available at law or in equity, without first exhausting and without affecting or impairing the security of any right or remedy afforded by this Security Instrument, and the failure of said holder of the Note to exercise any option or right given or reserved by this Security Instrument or the Note shall not estop the exercising of any such right or option at any future time. No waiver of any covenant or condition herein shall be construed to be a waiver of any subsequent breach of the same or any other covenant or condition herein.

20. **Lender in Posession.** Upon acceleration under paragraph 19 or abandonment of the Property, Lender shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. Any rents collected by Lender or any judicially appointed receiver shall be applied first to payment of the costs of management of the property and collection of rents, including but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorney's fees, and then to the sums secured by this Security Instrument.

21. **Release.** Upon payment of all sums secured by this Security Instrument, Lender shall discharge this Security Instrument without charge to Borrower. Borrower shall pay any recordation costs.

22. **Advances to Protect Security.** This Security Instrument shall secure the unpaid balance of advances made by Lender, with respect to the Property, for the payment of taxes, assessments, insurance premiums and costs incurred for the protection of the Property.

CUYAHOGA COUNTY RECORDER
199811191006    PAGE 4 of 4

23. **Future Advances.** At the request of Borrower, Lender, at Lender's option, may make future advances to Borrower. Such future advances, with interest thereon, shall be secured by this Security Instrument and evidenced by promissory notes stating that the notes are secured hereby. Any and all monies advanced by Lender hereunder together with interest thereon shall have the same priority as the debt originally advanced. At no time shall the principal amount of the indebtedness secured by this Security Instrument, not including sums advanced in accordance with this Security Instrument to protect the security of this Security Instrument exceed $ __109,000.00__ .

24. **Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument [Check applicable box(es)]

☐ Adjustable Rate Rider    ☐ Condominium Rider    ☐ Other (Specify) _____

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

IN WITNESS WHEREOF, the Grantors have hereunto set their hands at Cleveland, Ohio, this __16TH__ day of __NOVEMBER__, 19_98_.

Signed and acknowledged in the presence of:

_____    _Adam T. Dusek_
                              ADAM T DUSEK

_Jill M. Chisnell_            _Jennifer L Kall_
Jill M. Chisnell              JENNIFER L KALL

STATE OF OHIO ) ss:
Cuyahoga County )

INDIVIDUAL ACKNOWLEDGMENT

Before me, a notary public in and for said county, personally appeared the above named ADAM T DUSEK , JENNIFER L KALL,

who acknowledged that they have read and did sign the foregoing instrument and that the same is their free act and deed.

IN TESTIMONY WHEREOF, I have hereunto set my hand and official seal at __BROXXX__ Ohio, this __16TH__ day of __NOVEMBER__, 19_98_.

My commission expires: _____
Notary Public
ELAINE HORNSBY, Notary Public
STATE OF OHIO
My Commission Expires OCT. 6, 2003

STATE OF OHIO ) ss:
Cuyahoga County )

CORPORATE ACKNOWLEDGMENT

Before me, a notary public in and for said county, personally appeared the above named _____
by _____, its _____, and
_____, its _____, who
acknowledge that they did sign the foregoing instrument and that the same is the free act and deed of said corporation and the free act and deed of each of them personally and such officers.

IN TESTIMONY WHEREOF, I have hereunto set my hand and official seal at _____
Ohio, this ___ day of _____, 19___.

_____
Notary Public
My commission expires: _____

This Instrument prepared by
Third Federal Savings and Loan
Association of Cleveland

CANCELLATION

Cleveland, Ohio, _____, 19___
The conditions of this mortgage have been complied with, and the same hereby is satisfied and discharged.
THIRD FEDERAL SAVINGS AND LOAN ASSOCIATION OF CLEVELAND
By _____

LMT01 - 5/96
024EEC1X0Y0

Order No.: J120327
Client No.: F12-0405

## SCHEDULE B

The matter shown below are exceptions to this Preliminary Judicial Report and the Company assumes no liability arising therefrom.

1. Subject to restrictions, conditions, covenants, agreement, limitations, reservations, right of ways and easements, if any, of record.

2. Mortgage from Martin A. Kall, Jr. and Kathleen Kall, husband and wife, to National City Bank, A National Banking Association, 1900 East Ninth Street, Cleveland, OH in the original amount of $65,000.00, dated September 24, 1992, filed for record September 30, 1992 at 2:38 P.M. and recorded in Volume 92-8624, Page 27 of Cuyahoga County Records.

   Assignment of Mortgage from National City Bank to National City Mortgage Co., 3232 Newmark Drive, Miamisburg, OH 45342 by Marginal Assignment dated September 24, 1992, filed for record September 30, 1992 at 2:38 P.M. and recorded in Volume 92-8624, Page 32 of Cuyahoga County Records.

   Assignment of Mortgage from National City Mortgage Co. to CDC Servicing, Inc., 9 West 57th Street, 36th Floor, New York, New York 10019 by Separate Instrument dated June 15, 1995, filed for record October 6, 1995 at 11:10 A.M. and recorded in Volume 95-08531, Page 49 of Cuyahoga County Records.

   Satisfaction of Mortgage from National City Mortgage Co., dated February 14, 1996, filed for record February 20, 1996, recorded in Vol. 96-01326, Page 16 of Cuyahoga County Records.

3. JUDGMENT LIEN: State of Ohio Department of Taxation, Judgment Creditor vs. Gardner Kallenborn, Inc./K. Kall, 15337 Lake Shore Blvd., Cleveland, OH 44110, Judgment Debtor, Originated Cuyahoga County Court of Common Pleas, Case Number ST97033369, Serial No. 1962571965, Acct. No. 001209780 3, Amount $1,650.00, plus interest and costs. Judgment Dated September 3, 1997, Filed September 3, 1997 at 3:42 P.M., Judgment Lien Number JL-97-070766.

4. Mortgage from Adam T. Dusek, unmarried, and Jennifer L. Kall, unmarried, to Third Federal Savings and Loan Association of Cleveland, 7007 Broadway Avenue, Cleveland, OH 44105 in the original amount of $109,000.00, dated November 16, 1998, filed for record November 19, 1998 at 3:43 P.M. and recorded in Instrument Number 199811191006 of Cuyahoga County Records.

   Loan Modification Agreement by and between Adam T. Dusek and Jennifer L. Kall KNA Jennifer L. Dusek, Husband and Wife and Third Federal Savings and Loan Association of Cleveland, May 27, 2010, filed for record July 19, 2010, recorded in Instrument 201007190582 of Cuyahoga County Records.

5. The following appears on the docket of the United States District Court, Case No. 03-21734, Chapter 7, Petition Filed September 5, 2003:

   NOTE: Shown for information only. Terminated July 21, 2006.

   (See Copy Attached)

6. Mortgage from Adam T. Dusek and Jennifer L. Dusek, Husband and Wife, to Mortgage Electronic Registration Systems, Inc., as nominee for GMAC Mortgage, LLC, P.O. Box 2026, Flint, MI 48501-2026 in the original amount of $50,700.00, dated August 24, 2007, filed for record September 25, 2007 at 8:37 A.M. and recorded in Instrument Number 200709250037 of Cuyahoga County Records.



7.  JUDGMENT LIEN: City of Parma, 6611 Ridge Road, Parma, OH 44129, Judgment Creditor vs. Jennifer L. Dusek and Adam T. Dusek, 3355 Sunhaven Oval, Parma, OH 44134, Judgment Debtor, Originated Parma Municipal Court, Case Number 09CVF04496, Amount $2,020.96, plus interest and costs. Judgment Dated May 10, 2010, Filed June 3, 2010 at 9:26 A.M., Judgment Lien Number JL-10-415079.

    NOTE: The above lien was prepared and filed by Attorney Sara M. Donnersbach, Lakeside Place, Suite 200, 323 Lakeside Avenue, West, Cleveland, OH 44113, (216) 685-1039.

8.  JUDGMENT LIEN: Beneficial Financial I, Inc. Successor by Merger to Beneficial Ohio, Inc., P.O. Box 8546, Virginia Beach, VA 23452, Judgment Creditor vs. Adam Dusek and Jennifer Dusek, 3355 Sunhaven Oval, Parma, OH 44134, Judgment Debtor, Originated Cuyahoga County Court of Common Pleas, Case Number CV10721069, Amount $17,490.51, plus interest and costs. Judgment Dated July 22, 2010, Filed August 5, 2010 at 11:08 A.M., Judgment Lien Number JL-10-421556.

    NOTE: The above lien was prepared and filed by Attorneys Brian C. Block and Nevenka Pavlovic, 1100 Superior Avenue, 19th Fl., Cleveland, OH 44114-2518, (216) 687-1199.

9.  For tax information, Permanent Parcel Number 453-07-008 see tax information attached.

**End of Schedule B**