**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

**ORDER AUTHORIZING EMPLOYMENT AND**
**RETENTION OF FORTACE LLC AS CONSULTANT**
**TO THE DEBTORS *NUNC PRO TUNC* TO MAY 21, 2012**

Upon the application, dated July 6, 2012 (the "Application"),[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (the "Order"), pursuant to sections 327(a) and 328(a) of the "Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rule 2014-1, authorizing the Debtors to employ and retain Fortace LLC ("Fortace") as a consultant and possible expert witness to the Debtors on the terms set forth in its engagement letter dated as of May 21, 2012 (the "Engagement Letter"), *nunc pro tunc* to May 21, 2012, as more fully set forth in the Application; and upon consideration of the affidavit of Frank Sillman in support of the Application (the "Sillman Affidavit") and the supplemental affidavit of Frank Sillman in further support of the Application (the "Supplemental Sillman Affidavit"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431 dated January 31, 2012 (Preska, C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the terms and conditions of Fortace's employment being

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application. Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases or the relief granted herein may refer to http://www.kccllc.net/rescap for additional information.

reasonable as required by section 328(a) of the Bankruptcy Code; and Fortace not holding or representing any interest adverse to the Debtors' estates; and Fortace being a "disinterested person," as that term is defined in Bankruptcy Code section 101(14), as modified by section 1107(b), of the Bankruptcy Code; and this Court having found that the relief requested herein is in the best interests of the Debtors' estates, their creditors and other parties in interest; and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided; and a hearing having been held on July 24, 2012 to consider the relief requested in the Application; and upon the record of the hearing, and of all of the proceedings had before the Court; and any objections to the Application having been withdrawn, resolved or overruled; and the Court having found and determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Application is granted as set forth herein.

2. In accordance with Bankruptcy Code section 327(a) and Bankruptcy Rule 2014 and Local Rule 2014-1, the Debtors are authorized to employ and retain Fortace as a consultant and possible expert witness in accordance with the terms and conditions set forth in the Application and the Engagement Letter, effective *nunc pro tunc* to May 21, 2012.

3. Fortace shall be compensated in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any applicable orders of the Court, the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York Bankruptcy Cases M-389 (Nov. 25, 2009), and the United States Trustee Guidelines currently in effect (collectively, the "Compensation Guidelines").

4. Fortace shall file fee applications for monthly, interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in the Compensation Guidelines and any other applicable procedures and orders of the Court.

5. Pursuant to the terms of the Engagement Letter, and in accordance with the Fee Guidelines, Fortace is entitled to reimbursement by the Debtors for reasonable expenses incurred in connection with the performance of its engagement under the Engagement Letter.

6. The Engagement Letter is incorporated herein by reference and approved in all respects except as otherwise set forth herein.

7. In the event that the rates of compensation for its services increase from the rates disclosed for services in the Application or the Engagement Letter, Fortace will provide notice of such increased rates to the Debtors, the U.S. Trustee, the Committee and any other statutory committee appointed in this case, and file such notice with this Court, within ten (10) business days prior to the effective date of such increases.

8. To the extent the Debtors request that Fortace perform additional services not contemplated by the Engagement Letter or directly related to services detailed in the Engagement Letter, the Debtors shall seek approval by the Court for any such additional services.

9. Any Fortace Work Product shall be deemed (a) the work product of M&F or any of the Debtors' other retained counsel in their capacity as counsel to the Debtors, and (b) privileged and confidential, except in the event that Mr. Sillman is designated as a testifying expert witness. Any Fortace Work Product that becomes subject to discovery pursuant to either the Federal Rules of Evidence or the Federal Rules of Bankruptcy Procedure, (i) shall not be affected by the fact that Fortace has been retained by M&F rather than by the Debtors or any of

the Debtors' other retained counsel, and (ii) shall not be affected if certain aspects of Fortace's work are shared with the Debtors, any of the Debtors' other retained counsel, the Committee, or the Committee's counsel.

10. To the extent that there may be any inconsistency between the terms of the Application, the Sillman Affidavit, the Supplemental Sillman Affidavit, the Engagement Letter and this Order, the terms of this Order shall govern.

11. Fortace shall use its reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

12. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order in accordance with the Application.

13. Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

14. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated:   July 25, 2012
         New York, New York

                                          **/s/Martin Glenn**
                                          MARTIN GLENN
                                       United States Bankruptcy Judge