**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) ) | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et</u> <u>al</u>., | ) ) | Chapter 11 |
| Debtors. | ) ) ) | Jointly Administered |

**ORDER AUTHORIZING EMPLOYMENT AND RETENTION**
**OF TOWERS WATSON DELAWARE INC. AS HUMAN RESOURCES**
**CONSULTANT TO THE DEBTORS *NUNC PRO TUNC* TO JUNE 25, 2012**

Upon the application, dated July 9, 2012 (the "Application"),[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (the "Order"), pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), authorizing the Debtors to employ and retain Towers Watson Delaware Inc. ("Towers Watson") as human resources consultant to the Debtors, *nunc pro tunc* to June 25, 2012, as more fully set forth in the Application; and upon consideration of the Affidavit of Philip Logan Ullom in support of the Application (the "Affidavit") and the Supplemental Affidavit of Philip Logan Ullom in support of the Application (the "Supplemental Affidavit"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431 dated January

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application. Creditors and parties-in-interest with questions or concerns regarding the relief granted herein may refer to http://www.kccllc.net/rescap.

31, 2012 (Preska, C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the terms and conditions of Towers Watson's employment, including but not limited to the Fee Structure as set forth herein; and Towers Watson not holding or representing any interest adverse to the Debtors' estates; and Towers Watson being a "disinterested person," as that term is defined in Bankruptcy Code section 101(14), as modified by section 1107(b), of the Bankruptcy Code; and this Court having found that the relief requested herein is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Application; and upon the record of the hearing, and of all of the proceedings had before the Court; and the Court having found and determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Application is granted as set forth herein.

2. In accordance with Bankruptcy Code section 327(a), and Bankruptcy Rule 2014 and Local Rule 2014-1, the Debtors are authorized to employ and retain Towers Watson as their Human Resources Consultants in accordance with the terms and conditions set forth in the Application and the Engagement Letter, effective *nunc pro tunc* to June 25, 2012.

3. Towers Watson shall be compensated in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any applicable orders of the Court, the Amended Guidelines for Fees and Disbursements for Professionals in the

Southern District of New York Bankruptcy Cases M-389 (Nov. 25, 2009), and the United States Trustee Guidelines currently in effect (the "Fee Guidelines").

4. Towers Watson shall file fee applications for monthly, interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Rules, the Fee Guidelines, and any other applicable procedures and orders of the Court.  Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, orders of this Court, or any guidelines regarding submission and approval of fee applications, Towers Watson and its professionals shall be excused from maintaining time records in tenth of an hour increments solely for the period June 25, 2012 through July 18, 2012, during which period Towers Watson shall instead maintain time records in quarter of an hour increments, and shall maintain time records in tenth of an hour increments thereafter.

5. In accordance with the Fee Guidelines, Towers Watson is entitled to reimbursement by the Debtors for actual and necessary costs and expenses incurred in connection with the performance of its engagement.

6. Prior to any increases in Towers Watson's hourly rates, Towers Watson shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtors, the United States Trustee and any official committee.  The supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether Professional's client has consented to the rate increase.  The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in Section 330 of the Bankruptcy Code, and

the Court retains the right to review any rate increase pursuant to Section 330 of the Bankruptcy Code.

7. To the extent that there may be any inconsistency between the terms of the Application, the Affidavit and this Order, the terms of this Order shall govern.

8. Towers Watson shall use its reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

9. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order in accordance with the Application.

10. Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, AFI Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and AFI Bank and their respective subsidiaries and affiliates.

11. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated:  July 25, 2012
         New York, New York

                                                             /s/Martin Glenn
                                                             MARTIN GLENN
                                        United States Bankruptcy Judge