**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**STIPULATION AND ORDER MODIFYING**
**AUTOMATIC STAY TO EFFECT TERMINATION NOTICE**

Residential Capital, LLC and its affiliated debtors and debtors in possession in the above-captioned Chapter 11 cases (collectively, the **"**<u>Debtors</u>"), Shellpoint Partners LLC f/k/a Shellpoint Mortgage, LLC ("<u>Shellpoint</u>"), and New Penn Financial, LLC ("<u>NPF</u>"), do hereby stipulate as follows:

**RECITALS**:

A.    On May 14, 2012 (the "<u>Petition Date</u>"), each of the Debtors filed voluntary petitions in this Court for relief under Chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>").  The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).  On May 16, 2012, the United States Trustee for the Southern District of New York (the "<u>U.S. Trustee</u>") appointed a nine member official committee of unsecured creditors (the "<u>Committee</u>") in the Debtors' cases.  No trustee has been appointed in these Chapter 11 cases.  On July 3, 2012, the U.S. Trustee appointed the Honorable Arthur T. Gonzalez, former Chief Judge of this Court, as examiner.

B.    NPF is a wholly owned subsidiary of Shellpoint.  Shellpoint is a specialty finance company that purchases, and through NPF, originates residential first-lien mortgage loans and

closed-end subordinate lien mortgage loans and/or the related servicing rights (collectively, the

"Mortgages").

       C.       Prior to the Petition Date, GMAC Mortgage, LLC ("GMAC Mortgage"), one of

the Debtors, entered into substantially identical Servicing Agreements with Shellpoint (the

"Shellpoint Agreement") and NPF (the "NPF Agreement"), each dated August 15, 2011,

pursuant to which GMAC Mortgage agreed to service and administer the Mortgages and related

property subject of the Agreements on behalf of Shellpoint and NPF (collectively the

"Agreements"). Under the Shellpoint Agreement, GMAC Mortgage currently services

approximately 100 Mortgages owned by Shellpoint. Under the NPF Agreement, GMAC

Mortgage currently services approximately 1,900 mortgages owned by NPF.

       D.       The current term of each of the Agreements expires on August 15, 2014.

       E.       Prior to the Petition Date, by letters dated April 19, 2012, each of Shellpoint and

NPF notified the Debtor that it was electing to terminate the Agreements in accordance with the

applicable termination provisions set forth in the Agreements (each, a "Termination Notice" and

collectively, the "Termination Notices"). The Termination Notices stated that the Agreements

would terminate as of July 18, 2012 or such earlier date as may be acceptable to GMAC

Mortgage (the "Termination Date").

       F.       Upon the commencement of a Chapter 11 case, the automatic stay of section 362

of the Bankruptcy Code, prohibits: (i) the commencement or continuation of an action or

proceeding against a debtor; (ii) acts to "obtain possession of property" of a debtor's estate; and

(iii) acts to "collect, assess, or recover a claim" against a debtor arising prepetition. 11 U.S.C.

§§ 362(a)(1), (a)(3), and (a)(6).

G.      The Debtors assert that, pursuant to section 362(a) of the Bankruptcy Code, commencement of the Chapter 11 cases automatically stayed any act to terminate the Agreements.

H.      Shellpoint and NPF assert that the automatic stay does not operate to prohibit termination of the Agreements because the Termination Notices were served prior to the Petition Date, were based upon an elective termination and not upon any default by GMAC Mortgage and the Agreements would terminated upon the mere passage of time.  Out of an abundance of caution, however, on May 31, 2012, Shellpoint and NPF filed a motion for entry of an order modifying the automatic stay to the extent necessary to permit termination of Agreements as of the Termination Date (the "Lift Stay Motion") [Docket No. 182].

I.      After filing the Lift Stay Motion, the parties hereto (individually, a "Party" and collectively, the "Parties") have agreed that (a) NPF would rescind its Termination Notice regarding the NPF Agreement and would continue using GMAC Mortgage as servicer for the Mortgages under the NPF Agreement and in accordance with the terms thereof, and (b) GMAC Mortgage would consent to modifying the automatic stay to permit the Shellpoint Agreement to terminate.

J.      In light of the foregoing, and to avoid the time, cost and uncertainty associated with litigation, the Parties have agreed to resolve the Lift Stay Motion and to modify the automatic stay solely to the limited extent provided herein.

K.      The Committee has reviewed this Stipulation and Order and has informed the Debtors that it has no objection to its approval and entry by the Court.

NOW THEREFORE, IT IS HEREBY AGREED, by and among the Parties, as follows:

**AGREEMENT**:

1.    Upon entry of this Stipulation and Order by the Court, the automatic stay imposed by section 362(a) of the Bankruptcy Code shall be modified solely to permit the Shellpoint Agreement to terminate as set forth in paragraph 2 hereof and to permit the Parties to perform such acts as necessary and/or appropriate to exercise their respective rights and obligations in accordance with the Shellpoint Agreement.

2.    The Shellpoint Agreement shall terminate on the date that is not less than twenty days nor more than forty-five days following the entry of this Stipulation and Order, as agreed to by the Parties, without the need for any further action or notice by either Party.

3.    The Parties shall take actions as are necessary and appropriate to effectuate termination in accordance with the Shellpoint Agreement, including, without limitation, complying with the procedures set forth in the Shellpoint Agreement for transferring Mortgage servicing provided for under the Shellpoint Agreement to a successor servicer (the "Transfer").

4.    Prior to the Transfer, GMAC Mortgage shall continue to service the Mortgages serviced thereunder in accordance with the terms and conditions of the Shellpoint Agreement, and Shellpoint shall continue to satisfy all fees, costs and expenses due to or incurred by GMAC Mortgage in connection with the servicing as provided for under the Shellpoint Agreement.

5.    Shellpoint shall satisfy all fees, costs and expenses incurred by GMAC Mortgage in connection with the transfer of the Mortgage servicing as provided for under the Shellpoint Agreement within two Business Days (as defined in the Shellpoint Agreement) of the submission of invoices therefor (the "Payment Period").  If Shellpoint has not paid such fees,

costs and expenses prior to the expiration of the Payment Period, then the Debtors may deduct

such amounts in accordance with the terms set forth in the Shellpoint Agreement.

6.      The NPF Termination Notice is hereby rescinded. The Debtor shall

continue servicing and administering the Mortgages that are the subject of the NPF Agreement in

accordance with the terms of the NPF Agreement.

7.      Nothing herein, including termination of the Shellpoint Agreement, shall

be construed as a waiver by Shellpoint with respect to any and all claims it has against the

Debtors for sums due and owing under the Shellpoint Agreements (a) as of the Petition Date, and

(b) from the Petition Date through but excluding the Termination Date, all of which are expressly

preserved in full.

8.      Nothing herein shall be construed as a waiver by NPF with respect to any

and all claims it has against the Debtors for sums due and owing under the NPF Agreement

arising prior to or after the Petition Date, all of which are expressly preserved in full.

9.      Nothing herein, including termination of the Shellpoint Agreement, shall

be construed as a waiver by the Debtors with respect to any and all claims they have against

Shellpoint or NPF for sums due and owing under the Agreements, including, without limitation,

any termination fees, all of which are expressly preserved in full.

10.     Shellpoint and NPF shall withdraw the Lift Stay Motion within five days

following entry of this Stipulation and Order by the Court.

11.     This Stipulation and Order shall not become effective unless and until it is

entered by the Court.

12.     This Stipulation and Order may not be modified other than by a signed

writing executed by the Parties hereto or by further order of the Court.

13.    Each person who executes this Stipulation and Order on behalf of a Party

hereto represents that he or she is duly authorized to execute this Stipulation and Order on behalf

of such Party.

14.    This Stipulation and Order may be executed in multiple counterparts, each

of which shall be deemed an original but all of which together shall constitute one and the same

instrument.  Each counterpart may be delivered by email as a .pdf attachment or facsimile

transmission, and an emailed or faxed signature shall have the same force and effect as an

original signature.

| GMAC MORTGAGE, LLC | SHELLPOINT PARTNERS LLC f/k/a SHELLPOINT MORTGAGE LLC AND NEW PENN FINANCIAL, LLC |
|---|---|
| /s/ Larren M. Nashelsky<br>Larren M. Nashelsky<br>Gary S. Lee<br>Norman S. Rosenbaum<br>MORRISON & FOERSTER LLP<br>1290 Avenue of the Americas<br>New York, New York 10104<br>Telephone:  (212) 468-8000<br>Facsimile:  (212) 468-7900 | /s/ Alan D. Halperin<br>Alan D. Halperin, Esq.<br>Debra J. Cohen, Esq.<br>HALPERIN BATTAGLIA RAICHT, LLP<br>555 Madison Avenue-9th Floor<br>New York, New York 10022<br>Telephone:  (212) 765-9100<br>Facsimile:  (212) 765-0964 |
| *Attorneys for Debtors*<br>*and Debtors in Possession* | *Attorneys for Shellpoint Partners LLC and*<br>*New Penn Financial, LLC* |

APPROVED AND SO ORDERED
this 25th day of July, 2012 in New York


_____/s/Martin Glenn_____
MARTIN GLENN
United States Bankruptcy Judge

6