**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | Chapter 11 |
| Debtors. | Jointly Administered |

**ORDER UNDER SECTION 327(e) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 2014(a) AND LOCAL RULE 2014-1 AUTHORIZING THE EMPLOYMENT AND RETENTION OF SEVERSON & WERSON PC AS SPECIAL CALIFORNIA LITIGATION COUNSEL TO THE DEBTORS, *NUNC PRO TUNC* TO MAY 14, 2012**

Upon the application (the "Application")[1] of the Debtors for entry of an order, under Bankruptcy Code section 327(e), Bankruptcy Rule 2014(a) and Local Rule 2014-1, authorizing, but not directing, the Debtors to employ and retain Severson & Werson PC ("Severson & Werson") as Special California Litigation Counsel to the Debtors, *Nunc Pro Tunc* to May 14, 2012, all as more fully described in the Application; and upon consideration of the Sullivan Declaration and the Supplemental Declaration of Mary Kate Sullivan in Support of the Application (the "Supplemental Sullivan Declaration"); and it appearing that this Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue in these Chapter 11 cases and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this proceeding on the Application is a core proceeding pursuant to 28 U.S.C. § 157(b); and sufficient notice of the Application having been given under the circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested in the Application is in the best interests of the Debtors'

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application. Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases or the relief granted herein may refer to http://www.kccllc.net/rescap for additional information.

estates, their creditors and other parties in interest; and after due deliberation thereon; and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1. The Application is GRANTED in its entirety.

2. In accordance with section 327(e) of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1, the Debtors are authorized to employ and retain Severson & Werson as Special California Litigation Counsel to the Debtor, *nunc pro tunc* to the Petition Date, on the terms set forth in the Application, the Sullivan Declaration and the Supplemental Sullivan Declaration.

3. As Special California Litigation Counsel, Severson & Werson is authorized to provide the following services in connection with the Debtors' cases:

   (a) defend consumer litigation initiated in California pertaining to consumer lending and servicing issues, including litigation involving allegations of wrongful foreclosure, irregularities in the foreclosure process, violation of applicable statutes related to pre-foreclosure requirements, breach of alleged oral modification, breach of promises to forebear from foreclosing, quiet title and partition actions, unfair business practices act claims and other mortgage lending issues;

   (b) defend class action claims brought in California regarding alleging improprieties with loan origination and/or servicing;

   (c) defend mass tort actions and qui tam actions brought in California raising document recording issues and relating to the utilization of Mortgage Electronic Registration Systems services; and

   (d) defend claims objections, contested relief from stay motions and adversary proceedings related to consumer lending issues brought by individual borrowers in their respective bankruptcy cases pending in California.

4. Severson & Werson shall use its best efforts to avoid any duplication of services provided by any of the Debtor(s)' other retained professionals in these Chapter 11 cases.

       5.       Severson & Werson will coordinate with Morrison & Foerster to create and utilize task codes assigned by Morrison & Foerster for the matters which Severson & Werson will be handling in an effort to assist the Court and other parties in interest in monitoring any duplication of efforts.

       6.       If the Debtors request that Severson & Werson provide additional advice on matters substantially associated with the subject matter of Severson & Werson's retention but not specifically enumerated either herein, in the Application or in the Sullivan Declaration and the Supplemental Sullivan Declaration, Severson & Werson shall advise the US Trustee and the Committee to the extent possible of such additional matters, recognizing that such professional must protect attorney-client and other privileges.

       7.       Such other services as may be requested by the Debtors and agreed to by Severson & Werson shall be subject to separate approval by Court order.

       8.       Severson & Werson shall apply for compensation and reimbursement of expenses incurred following the Petition Date in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, such Bankruptcy Rules and Local Rules as may then be applicable from time to time, the United State Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses and any additional procedures that may be established by order of this Court.

       9.       Prior to any increases in Severson & Werson's rates, as set forth in paragraph 19 of the Application, Severson & Werson shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtors, the United States Trustee and any official committee.  The supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether Severson & Werson's client has consented to the rate increase.  The United States Trustee retains

all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in Section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to Section 330 of the Bankruptcy Code.

10. The Debtors are authorized, empowered and directed to take all actions necessary to implement the relief granted pursuant to this Order.

11. To the extent there may be any inconsistency between the terms of the Application, the Sullivan Declaration, the Supplemental Sullivan Declaration and this Order, the terms of this Order shall govern.

12. Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

13. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: July 25, 2012
New York, New York

                                                                                                                            /s/Martin Glenn
                                                                                                                             MARTIN GLENN
                                                                                         United States Bankruptcy Judge