**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER UNDER SECTION 327(e) OF THE BANKRUPTCY CODE,**
**BANKRUPTCY RULE 2014(a) AND LOCAL RULE 2014-1**
**AUTHORIZING THE EMPLOYMENT AND RETENTION OF**
**CARPENTER LIPPS & LELAND LLP AS SPECIAL LITIGATION**
**<u>COUNSEL TO THE DEBTORS, *NUNC PRO TUNC* TO MAY 14, 2012</u>**

Upon the application (the "Application")[1] of the Debtors for entry of an order,

under Bankruptcy Code section 327(e), Bankruptcy Rule 2014(a) and Local Rule 2014-1,

authorizing, but not directing, the Debtors to employ and retain Carpenter Lipps & Leland LLP

("CLL") as Special Litigation Counsel to the Debtors, *nunc pro tunc* to May 14, 2012, all as

more fully described in the Application; and upon consideration of the Lipps Declaration and the

Declaration of Jennifer A.L. Battle (the "Battle Declaration"); and it appearing that this Court

has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334; and it

appearing that venue in these Chapter 11 cases and the Application in this district is proper

pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this proceeding on the Application

is a core proceeding pursuant to 28 U.S.C. § 157(b); and sufficient notice of the Application

having been given under the circumstances; and it appearing that no other or further notice need

be provided; and it appearing that the relief requested in the Application is in the best interests of

---

[1]   Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the
Application.  Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11
cases or the relief granted herein may refer to http://www.kccllc.net/rescap for additional information.

the Debtors' estates, their creditors and other parties in interest; and the Court having considered

the Application and any opposition and responses thereto; and after due deliberation thereon; and

sufficient cause appearing therefore, it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1.      The Application is GRANTED as set forth herein.

2.      In accordance with section 327(e) of the Bankruptcy Code, Bankruptcy Rule 2014

and Local Rule 2014-1, the Debtors are authorized to employ and retain CLL as Special

Litigation Counsel to the Debtors on the terms set forth in the Application, the Lipps Declaration

and the Battle Declaration.

3.      As Special Litigation Counsel, CLL is authorized to provide the following

services in connection with the Debtors' cases:

> (a)    act as primary defense counsel in pending PLS litigation matters for which
> it represented the Debtors prior to the Petition Date and act as co-counsel
> in any other matters which approach the start of factual discovery;
>
> (b)    assist the Debtors in responding to claims, defenses, or settlement
> discussions related to PLS litigation or financial guaranty insurance,
> including assisting Morrison & Foerster with respect to the motion to
> extend the stay, the motions to approve settlements of liability related to
> PLS litigation, potential claims that may be made by PLS investors,
> trustees, underwriters, or financial guarantee insurers, and providing
> advice concerning the Debtors' rights and responsibilities under the
> transaction documents for the securitizations;
>
> (c)    act as counsel for the Debtors in connection with certain contested
> foreclosure proceedings and other litigation in the state of Ohio;
>
> (d)    assist the Debtors in responding to various government investigations,
> including researching historical information sources, assisting Morrison &
> Foerster and the Debtors in communicating with regulatory agencies, and
> assisting Morrison & Foerster with the preparation of witnesses for any
> testimony taken in connection with the investigations;
>
> (e)    assist the Debtors in responding to other discovery requests and
> investigations, including the Rule 2004 examination by the Creditors'

2

Committee, the investigation that will be conducted by the examiner and discovery relating to various pending motions in the bankruptcy;

(f)     manage the team of contract reviewers working on document production across the PLS litigation, the government investigations, the Rule 2004 examination and other discovery requests described above, including providing quality control for the review process and substantive analysis of the documents produced; and

(g)     assist the Debtors and Morrison & Foerster in negotiating appropriate confidentiality protections in connection with the produced documents.

4.      CLL shall use its best efforts to avoid any duplication of services provided by any of the Debtor(s)' other retained professionals in these Chapter 11 cases.

5.      CLL will coordinate with Morrison & Foerster to create and utilize task codes assigned by Morrison & Foerster for the matters which CLL will be handling in an effort to assist the Court and other parties in interest in monitoring any duplication of efforts.

6.      If the Debtors request that CLL provide additional advice on matters substantially associated with the subject matter of CLL's retention but not specifically enumerated either herein, in the Application or in the Lipps Declaration and the Battle Declaration, CLL shall advise the US Trustee and the Committee to the extent possible of such additional matters, recognizing that such professional must protect attorney-client and other privileges.

7.      Such other services as may be requested by the Debtors and agreed to by CLL shall be subject to separate approval by Court order.

8.      CLL shall apply for compensation and reimbursement of expenses incurred following the Petition Date in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, such Bankruptcy Rules and Local Rules as may then be applicable from time to time, the United State Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses, and any additional procedures that may be

established by order of this Court.  CLL may include as expenses expert fees and local counsel

expenses related to the Special Counsel Matters.

9.      Prior to any increases in CLL's rates, as set forth in paragraph 18 of the

Application, CLL shall file a supplemental affidavit with the Court and provide ten business

days' notice to the Debtors, the United States Trustee and any official committee.  The

supplemental affidavit shall explain the basis for the requested rate increases in accordance with

Section 330(a)(3)(F) of the Bankruptcy Code and state whether CLL's client has consented to the

rate increase.  The United States Trustee retains all rights to object to any rate increase on all

grounds including, but not limited to, the reasonableness standard provided for in Section 330 of

the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to

Section 330 of the Bankruptcy Code.

10.     CLL shall apply any remaining amounts of its prepetition retainer as a credit

toward postpetition fees and expenses, after such postpetition fees and expenses are approved

pursuant to the first Order of the Court awarding fees and expenses to CLL.

11.     The Debtors are authorized, empowered and directed to take all actions necessary

to implement the relief granted pursuant to this Order.

12.     To the extent there may be any inconsistency between the terms of the

Application, the Lipps Declaration, the Battle Declaration and this Order, the terms of this Order

shall govern.

13.     Notwithstanding anything herein to the contrary, this Order shall not modify or

affect the terms and provisions of, nor the rights and obligations under, (a) the Board of

Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among

AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal

Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment

entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012,

(c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the

Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related

agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

14.    This Court shall retain jurisdiction with respect to all matters relating to the

interpretation or implementation of this Order.

Dated:    July 25, 2012
          New York, New York

                              _____/s/Martin Glenn_____
                                  MARTIN GLENN
                              United States Bankruptcy Judge