MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Larren M. Nashelsky
Gary S. Lee
Todd M. Goren
Alexandra Steinberg Barrage

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | Chapter 11 |
| Debtors. | Jointly Administered |

**CORRECTED NOTICE OF FILING AMENDED ASSUMPTION AND ASSIGNMENT
NOTICE IN CONNECTION WITH SALE PROCEDURES ORDER**

**PLEASE TAKE NOTICE THAT** on May 14, 2012, the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors")[1] filed the Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), and (m), 365 and 1123, and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 For Orders: (A)(I) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expense Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Asset Purchase Agreements Thereto; (III) Approving the Assumption and Assignment of

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on <u>Exhibit 1</u> to the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC in Support of the Chapter 11 Petitions and First Day Pleadings (Dkt. No. 6).

ny-1051648

Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief (the "Sale Motion") [Dkt. No. 61].

**PLEASE TAKE FURTHER NOTICE THAT** on June 28, 2012, the court entered an order authorizing and approving the Sale Procedures (as defined in the Sale Motion) and related notices substantially in the form attached thereto (the "Sale Procedures Order"), including Exhibit 3 to the Sale Procedures Order, which contained the proposed form of the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto (the "Assumption and Assignment Notice").[2]

**PLEASE TAKE FURTHER NOTICE THAT** on July 25, 2012, the Debtors filed the attached amended Assumption and Assignment Notice, to be served in accordance with paragraph 21(d) of the Sale Procedures Order.

Dated: June 25, 2012
       New York, New York

                                            /s/ Larren M. Nashelsky
                                            Larren M. Nashelsky
                                            Gary S. Lee
                                            Todd M. Goren
                                            Alexandra Steinberg Barrage

                                            MORRISON & FOERSTER LLP
                                            1290 Avenue of the Americas
                                            New York, New York 10104
                                            Telephone: (212) 468-8000
                                            Facsimile: (212) 468-7900

                                            *Counsel for the Debtors and
                                            Debtors in Possession*

---

[2] Order Under 11 U.S.C. §§ 105, 363(b) and 365 (I) Authorizing and Approving Sale Procedures, Including Payment of Break-Up Fees; (II) Scheduling Bid Deadline, Auction (If Necessary) and Sale Hearing; (III) Establishing Assumption and Assignment Procedures, Including Procedures for Fixing Cure Amounts; and (IV) Establishing Notice Procedures and Approving Forms of Notice [Dkt. No. 538].

# AMENDED ASSUMPTION AND ASSIGNMENT NOTICE

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------
                                            )
  In re:                                    )    Case No. 12-12020 (MG)
                                            )
  RESIDENTIAL CAPITAL, LLC, et al.,         )    Chapter 11
                                            )
                          Debtors.          )    Jointly Administered
                                            )
---------------------------------------------------------------

**NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN
EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND
UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND
(II) CURE AMOUNTS RELATED THERETO**

PLEASE TAKE NOTICE THAT:

1. By the motion dated May 14, 2012 (the "Motion"), Residential Capital LLC ("ResCap") and its debtor subsidiaries, as debtors in possession (collectively, the "Debtors" or the "Company"),[1] sought, among other things, (i) authorization and approval of certain proposed procedures (the "Sale Procedures") with respect to two proposed sales (the "Sale Transactions" or "the Sales") by certain of the Debtors of (a) the Purchased Assets (as such term is defined in the Asset Purchase Agreement by and between Nationstar Mortgage LLC and certain of the Debtors (the "Nationstar APA")); and (b) the Purchased Assets (as such term is defined in the Asset Purchase Agreement by and between Berkshire Hathaway Inc. ("BH") and certain of the Debtors (the "BH Legacy APA," together with Nationstar APA, the "APAs"); (ii) scheduling of a hearing on the Sales (the "Sale Hearing") and setting objection deadlines and bidding deadlines with respect to the Sales and Auction; (iii) approving the form and manner of notices for (a) an auction of the purchased assets (the "Auction") and (b) the Sale Hearing; and (iii) the assumption and assignment of certain executory contracts and unexpired leases (collectively, the "Assumed Contracts") in connection with the sale of the Purchased Assets pursuant to the Nationstar APA (the "Assumption and Assignment Procedures").

2. The Nationstar APA, together with its respective ancillary agreements, contemplates (i) the sale of the Purchased Assets subject to higher or better offers (the "Nationstar Sale Transaction") and (ii) the assumption and assignment of the Assumed Contracts.

3. The Nationstar APA contemplates, and the proposed order approving the Nationstar Sale Transaction (the "Nationstar Sale Approval Order"), which may be incorporated into a confirmation order, if approved, shall authorize the assumption and assignment of the Assumed Contracts pursuant to the Nationstar APA, to the Purchaser (as defined in the Nationstar

---
[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital LLC in Support of the Chapter 11 Petitions and First Day Pleadings.

ny-1014123

APA).  The Sellers maintain schedules (the "Schedules") of executory contracts and unexpired leases containing the Assumed Contracts that the Purchaser has designated as Assumed Contracts (the "Designated Agreements").  You are receiving this Notice because you are a party to one or more of the Designated Agreements.

        4.    **THE ATTACHED SCHEDULES CONTAIN A LIST OF ASSUMED CONTRACTS THAT <u>MAY</u> BE ASSUMED.  SUBJECT TO CERTAIN EXCEPTIONS EXPRESSLY PROVIDED FOR IN THE NATIONSTAR APA, THE PURCHASER RESERVES ITS RIGHTS UNDER THE NATIONSTAR APA TO EXCLUDE ANY ASSUMED CONTRACT FROM THE LIST OF ASSUMED CONTRACTS TO BE ASSUMED AND ASSIGNED BY NO LATER THAN THE DESIGNATION DEADLINE THAT IS TWO BUSINESS DAYS PRIOR TO THE CLOSING DATE, AS DISCUSSED IN PARAGRAPH 14 BELOW.**

        5.    Bankruptcy Code section 365(b)(1) requires a chapter 11 debtor to cure, or provide adequate assurance that it will promptly cure any defaults under executory contracts and unexpired leases at the time of assumption.  The required cure amount (the "Cure Amount") for each Designated Agreement determined by the Debtors is listed on the Schedule attached hereto.  The Cure Amount for each Designated Agreement reflects known amounts owing to a counterparty to a Designated Agreement as of May 14, 2012, the date the Chapter 11 cases were commenced (the "Petition Date"), based on the Debtors' books and records as of July 13, 2012.[2]  The Cure Amounts listed on the Schedule do not include any (i) existing post-petition obligations that the Debtors anticipate paying before the date the Designated Agreement is to be assumed and assigned, which is anticipated to occur no earlier than November 5, 2012 (the "Assumption Date"); (ii) post-Petition Date obligations that may be incurred but unknown as of July 25, 2012, which obligations may remain outstanding against the Debtors as of the Assumption Date; (iii) unknown pre-Petition Date obligations; and (iv) known pre-Petition Date obligations relating to critical vendor payments for which the Debtors have received Bankruptcy Court approval to pay prior to the Assumption Date.  Please note that if no amount is scheduled for a Designated Agreement, the Debtors believe that there is no Cure Amount currently outstanding for such Designated Agreement.

        6.    Please review the Cure Amount for your Assumed Contract.  In some instances, additional terms or conditions of assumption and assignment with respect to a particular Assumed Contract are provided.

        7.    In cases where a Servicing Agreement (as defined in the Nationstar APA) is contained within the same writing as an agreement related to loan origination, (i) the Debtors intend to assume and assign to the Purchaser only the Servicing Agreement; (ii) the origination agreement shall be severed from the multi-agreement document pursuant to the Nationstar Sale Approval Order; and (iii) the Purchaser shall have no liability under any origination agreement.  The Nationstar Sale Approval Order will also generally provide that no delay or failure of performance by the Debtors under or in respect to any origination agreement will (i) affect any right of Nationstar under any Servicing Agreement or (ii) permit, result in or give rise to any setoff, delay,

---

[2] For the avoidance of doubt, nothing in this Notice shall create any obligation on behalf of the Debtors to pay any disputed cure amounts.

deferral, defense, recoupment, claim, counterclaim, default or other impairment of the rights of the Purchaser under any Servicing Agreement.

8. **The deadline for objecting to approval of any Cure Amounts (a "Cure Objection") shall be September 28, 2012, at 5:00 p.m. (Eastern Time) (the "Cure Objection Deadline"). The deadline for objecting to the assumption by the Debtors and assignment to Nationstar of an Assumed Contract (an "Assignment Objection") shall be September 28, 2012, at 5:00 p.m. (Eastern Time) provided, however, that in the event the Sale Procedures result in a Successful Bidder other than Nationstar (in respect of the Nationstar Purchased Assets) the deadline for an Assignment Objection shall be at the Sale Hearing.** The deadline for objecting to approval of the Sale Transactions, including the sale of the Purchased Assets free and clear of liens, claims, encumbrances, and interests (including rights or claims based on any successor or transferee liability) shall be **October 29, 2012, at 5:00 p.m.** (Eastern Time) (the "Sale Transaction Objection Deadline").[3] Objections shall be served on the (i) Morrison & Foerster LLP, counsel for the Debtors, 1290 Avenue of the Americas, New York, New York 10104 (Attn: Larren M. Nashelsky and Gary S. Lee); (ii) with respect to Assumed Contracts listed in the Nationstar APA, Sidley Austin LLP, attorneys for the Nationstar, One South Dearborn, Chicago, Illinois 60603 (Attn: Jessica C.K. Boelter jboelter@sidley.com); (iii) Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, N Y 10036 (Attn: Kenneth H. Eckstein (keckstein@kramerlevin.com) and Douglas H. Mannal (dmannal@kramerlevin.com), counsel to the Creditors' Committee; (iv) the Office of the United States Trustee for the Southern District of New York (Attn: Brian Masumoto, 33 Whitehall Street, 21st Floor, New York, New York 10004; and (v) Munger, Tolles & Olson LLP, attorneys for BH, 355 South Grand Avenue, Los Angeles, CA 90071 (Attn: Seth Goldman (seth.goldman@mto.com) and Thomas Walper (twalper@mto.com).

9. If a timely objection is raised either to the assumption and assignment of a Designated Contract or to the proposed Cure Amount (a "Contract Objection"), (i) the Debtors; (ii) with respect to assumption and assignment of an Assumed Contract in connection with the Servicing Platform, Nationstar (or other Successful Bidder for the Servicing Platform, as applicable) or with respect to assumption and assignment of an Assumed Contract in connection with the Legacy Portfolio, BH (or other Successful Bidder for the Legacy Portfolio, as applicable); (iii) the Creditors' Committee; and (iv) the objecting party (the "Necessary Parties") may meet and confer in good faith to attempt to resolve any such objection without Court intervention. If the Necessary Parties resolve any Contract Objection, they may enter into a written stipulation, which stipulation is not required to be filed with or approved by the Court. If a Contract Objection cannot be consensually resolved, it shall be heard by the Court either at the Sale Hearing or such other date as determined by the Court (such other date being no later than the Sale Hearing).

10. Any Contract Objection that challenges a Cure Amount, or otherwise asserts that there exist outstanding defaults under an Assumed Contract, must set forth with specificity the Cure Amount being claimed by the objecting party or the nature of the asserted default, as

---

[3] Failure to object to the relief requested in the Motion shall be deemed to be "consent" for purposes of section 363(f) of the Bankruptcy Code and shall be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Motion, and to the consummation and performance of the Sale Transactions contemplated by the APAs (including the transfer free and clear of all liens, claims, encumbrances, and interests, including rights or claims based on any successor or transferee liability, of each of the Purchased Assets transferred as part of the Sale Transactions).

applicable, and must include appropriate documentation in support thereof satisfactory to the Debtors and Nationstar or BH, as applicable. If no objection to the Cure Amount or the proposed assumption and assignment of an Assumed Contract is timely filed and served, the pertinent Debtor may assume and assign the Assumed Contract to Nationstar or BH (or, alternatively, to the Successful Bidder for the applicable Purchased Assets), and the Cure Amount set forth in the Assumption and Assignment Notice shall be binding upon all non-debtor parties to the Assumed Contracts, any known third party beneficiaries to such Assumed Contracts, all trustees, certificateholders, investors, rating agencies, mortgage insurers and any parties to any pooling and servicing agreements, assignment, assumption and recognition agreements, Servicing Agreements, subservicing agreements or similar agreements (collectively, the "Assumption Notice Parties"), for all purposes in such Debtor's Chapter 11 cases.

11. The respective Assumption Notice Parties shall be forever barred from (i) objecting to the assumption and assignment of the relevant Assumed Contract and/or Cure Amount, and (ii) asserting at any time any condition to assignment, default, claims, obligations or breach and/or any additional cure, damage or other amount with respect to the respective Assumed Contract on the basis of events of any kind or nature occurring or arising prior to the Closing Date (as defined in the Nationstar APA), whether such events constituted acts or omissions by the Debtors or other person and regardless of whether such events are known or unknown, including, without limitation, claims or liabilities relating to any act or omission of any originator, holder or servicer of mortgage loans prior to the Closing Date, and any indemnification obligations, claims or liabilities relating to any act or omission of the Sellers or any other person prior to the Closing Date.

12. All Assumed Contracts will be assumed and assigned to Nationstar on the Closing Date of the Nationstar APA, except as may be otherwise set forth therein or agreed between the Debtors and Nationstar. The Debtors will request that Cure Objections to the proposed Cure Amounts based upon unquantifiable or unknown pre-closing liability be overruled; provided, however, that no such liabilities may asserted against the Purchaser or the Purchased Assets, as further described in the Sale Approval Order.

13. The Court shall conduct the Sale Hearing on **November 5, 2012 at 10:00 a.m.** (Eastern Time), at which time the Court will consider approval of the Sale Transactions to the Successful Bidder. The Sale Hearing may be adjourned or rescheduled without further notice by an announcement of the adjourned date at the Sale Hearing or by the filing of a hearing agenda.

14. If the Debtors, Purchaser, and the non-debtor counterparty determine that the Contract Objection cannot be resolved without judicial intervention, then such Contract Objection shall be determined by the Bankruptcy Court either at the Sale Hearing or such other date as determined by the Bankruptcy Court, unless the Debtors, the Purchaser, and the non-debtor counterparty to the Assumed Contract agree otherwise; if the Bankruptcy Court determines at such hearing that the Assumed Contract should not be assumed and assigned, then such contract or lease shall no longer be considered an Assumed Contract.

15. If you agree with the respective Cure Amount(s) listed in the Schedules with respect to your Assumed Contract(s), and otherwise do not object to the Debtors' assumption and assignment of your Assumed Contract, you are not required to take any further action.

4

16. Unless an Objection is filed and served before the Objection Deadline, you shall be deemed to have consented to the assumption and assignment of your Assumed Contract and the Cure Amount(s) for your Assumed Contract(s), and acknowledged that no default exists under the Assumed Contract other than those being cured by the Cure Amounts or defaults that are not required to be cured under section 365(b)(2) of the Bankruptcy Code. You shall be forever barred from objecting to the Cure Amount and from asserting any additional cure or other amounts against the Debtors, their estates, or the Purchaser.

17. No later than two business days prior to the Closing Date under the Nationstar APA (the "Contract Designation Deadline"), the Purchaser may, in its sole discretion, subject to certain limitations specified in the Nationstar APA (applicable only as between the parties thereto), exclude any of the Assumed Contracts by providing notice to the Sellers. Upon such designation, the contract or unexpired lease referenced therein shall no longer be considered an Assumed Contract, shall not be deemed to be, or to have been, assumed or assigned, and shall remain subject to assumption, rejection, or assignment by the Debtors. Until the Contract Designation Deadline, the Purchaser also may, subject to certain limitations specified in the Nationstar APA (applicable only as between the parties thereto), designate additional contracts or leases as Assumed Contracts to be assumed and assigned, and in such event the Debtors shall provide notice, in a manner generally consistent with the Assumption and Assignment Procedures, to the affected non-debtor counterparties indicating that the Debtors intend to assume and assign additional Assumed Contracts.

18. The Debtors' decision to assume and assign the Assumed Contracts is subject to Bankruptcy Court approval and consummation of the Nationstar Sale Transaction, and, absent such consummation, each of the Assumed Contracts will not be assumed or assigned to the Purchaser and shall in all respects be subject to further administration under the Bankruptcy Code.

19. All Assumed Contracts will be assumed by and assigned to the Purchaser on the Closing Date, except as may be otherwise set forth in the APA.

20. Until the Assumption Effective Date, assumption and assignment thereof is subject to the Purchaser's rights to modify the designation of Assumed Contracts as set forth in paragraph 17 above. Except as otherwise provided by the APA, the Purchaser shall have no rights in and to a particular Assumed Contract until such time as the particular Assumed Contract is assumed and assigned in accordance with the procedures set forth herein.

21. The inclusion of any document on the list of Designated Agreements shall not constitute or be deemed to be a determination or admission by the Debtors or the Purchaser that such document is, in fact, an executory contract or unexpired lease within the meaning of the Bankruptcy Code, and all rights with respect thereto are expressly reserved.

22. Any Assignment Objection or Cure Amount Objection shall not constitute an objection to the relief generally requested in the Motion (e.g., the sale of the Purchased Assets by the Debtors to the Purchaser free and clear of liens, claims, encumbrances, and interests), and parties wishing to object to the relief generally requested in the Motion must file and serve a separate objection by the Sale Transaction Objection Deadline.

23. If a party other than Nationstar is determined to be the highest and best bidder for the assets to be sold pursuant to the Nationstar Sale Transactions, you will receive a separate notice providing additional information regarding the treatment of your contract(s) or unexpired lease(s); *provided, however*, that if the applicable Cure Amount has been established pursuant to the procedures set forth in this Notice, it shall not be subject to further dispute if the new purchaser seeks to acquire such contract or unexpired lease.

24. Nationstar is not assuming and parties will be enjoined from asserting against Nationstar any claims or obligations relating to the pre-closing period under any Assumed Contract (including any Servicing Agreement), whether such claims or obligations are known, unknown, fixed, contingent, unliquidated or liquidated at the time of the Closing, including, without limitation, any claims or liabilities relating to any act or omission of any originator, holder or servicer of mortgage loans prior to the Closing Date, and any indemnification claims or liabilities relating to any act or omission of the Sellers or any other person prior to the Closing Date. Any parties holding such claims or obligations will be required to file a Cure Objection if they disagree with the Cure Amount set forth on the Schedule.

25. This Notice is subject to the full terms and conditions of the Sale Procedures Order, which shall control in the event of any conflict. The Debtors encourage parties in interest to review such documents in their entirety and consult an attorney if they have questions or want advice.

Dated: New York, New York
       July 25, 2012

  /s/ Larren M. Nashelsky
Larren M. Nashelsky
Gary S. Lee
Todd M. Goren
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

Alexandra Steinberg Barrage
MORRISON & FOERSTER LLP
2000 Pennsylvania Avenue
Washington, DC 20006
Telephone: (202) 887-1500
Facsimile: (202) 887-0763

*Counsel for the Debtors and Debtors in Possession*