**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER UNDER BANKRUPTCY CODE SECTIONS 327(a) AND 328(a)**
**AUTHORIZING EMPLOYMENT AND RETENTION OF CENTERVIEW**
**PARTNERS LLC AS DEBTORS' INVESTMENT BANKER**
***NUNC PRO TUNC* TO PETITION DATE**

Upon the application, dated June 26, 2012 (the "Application"),[1] of the above-

captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order

(the "Order"), pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the

"Bankruptcy Code"), and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules for the United States

Bankruptcy Court for the Southern District of New York (the "Local Rules"), authorizing the

Debtors to employ and retain Centerview Partners LLC ("Centerview") as investment banker to

the Debtors on the terms set forth in its engagement letter dated as of October 18, 2011, as

amended March 13, 2012 (the "Engagement Letter"), as more fully set forth in the Application;

and upon consideration of the declaration of Marc Puntus in support of the Application (the

"Puntus Declaration") and the supplemental declaration of Marc Puntus in further support of the

Application (the "Supplemental Puntus Declaration"); and the Court having jurisdiction over this

matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the
Application. Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11
cases or the relief granted herein may refer to http://www.kccllc.net/rescap for additional information.

M-431 dated January 31, 2012 (Preska, C.J.); and consideration of the Application and the relief

requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the terms and conditions

of Centerview's employment, including but not limited to the Fee Structure as set forth in the

Engagement Letter, being reasonable as required by section 328(a) of the Bankruptcy Code; and

Centerview not holding or representing any interest adverse to the Debtors' estates; and

Centerview being a "disinterested person," as that term is defined in Bankruptcy Code section

101(14), as modified by section 1107(b), of the Bankruptcy Code; and this Court having found

that the relief requested herein is in the best interests of the Debtors' estates, their creditors and

other parties in interest; and due and proper notice of the Application having been provided, and

it appearing that no other or further notice need be provided; and a hearing having been held on

June 18, 2012 to consider the relief requested in the Application; and upon the record of the

hearing, and of all of the proceedings had before the Court; and any objections to the Application

having been withdrawn, resolved or overruled; and the Court having found and determined that

the legal and factual bases set forth in the Application establish just cause for the relief granted

herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1.    The Application is granted as set forth herein.

2.    In accordance with Bankruptcy Code sections 327(a) and 328(a) and Bankruptcy

Rules 2014 and 2016 and Local Rules 2014-1 and 2016-1, the Debtors are authorized to employ

and retain Centerview as their investment banker in accordance with the terms and conditions set

forth in the Application and the Engagement Letter, effective nunc pro tunc to the Petition Date.

3.      Notwithstanding anything to the contrary in the Engagement Letter, the

Application, the Puntus Declaration, or the Supplemental Puntus Declaration, to the extent that

the Debtors request that Centerview perform any services other than (a) those detailed in the

Engagement Letter and (b) such other investment banking services directly related to services

detailed in the Engagement Letter, the Debtors shall seek further approval by the Court,

including any related modifications to the Engagement Letter, and the application seeking such

approval shall set forth, in addition to the additional services to be performed, any additional fees

sought to be paid.

4.      Centerview shall be compensated in accordance with the applicable provisions of

the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any applicable orders of the Court,

the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District

of New York Bankruptcy Cases M-389 (Nov. 25, 2009), and the United States Trustee

Guidelines currently in effect (collectively, the "Compensation Guidelines").

5.      Notwithstanding the prior paragraph and subject to paragraph 13 hereof, the fees

payable to Centerview pursuant to the Engagement Letter shall be subject to review only

pursuant to the standards set forth in section 328(a) of the Bankruptcy Code and shall not be

subject to the standard of review set forth in section 330 of the Bankruptcy Code.

6.      Centerview shall file fee applications for monthly, interim and final allowance of

compensation and reimbursement of expenses pursuant to the procedures set forth in the

Compensation Guidelines and any other applicable procedures and orders of the Court.

Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, orders

of this Court or any guidelines regarding submission and approval of fee applications, in light of

services to be provided by Centerview and the structure of Centerview's compensation pursuant

to the Engagement Letter, Centerview and its professionals shall be excused from maintaining

time records as set forth in the Compensation Guidelines in connection with the services to be

rendered pursuant to the Engagement Letter; provided, however, that Centerview shall instead

present to the Court reasonably detailed time records in one half (.5) hour increments containing

descriptions of those services provided on behalf of the Debtors, the approximate time expended

in providing those services and the individuals who provided professional services on behalf of

the Debtors.

       7.      Pursuant to the terms of the Engagement Letter, and in accordance with the Fee

Guidelines, Centerview is entitled to reimbursement by the Debtors for reasonable expenses

incurred in connection with the performance of its engagement under the Engagement Letter,

including, without limitation, the fees, disbursements and other charges of Centerview's counsel

(which counsel shall not be required to be retained pursuant to section 327 of the Bankruptcy

Code or otherwise), but excluding any fees, disbursements and other charges of Centerview's

counsel incurred in connection with the process of retaining Centerview in the Chapter 11 Cases.

       8.      Centerview shall apply any amounts of its prepetition expense retainer as a credit

toward postpetition fees and expenses, after such postpetition fees and expenses are approved

pursuant to the first Order of the Court awarding fees and expenses to Centerview.

       9.      Notwithstanding anything to the contrary in the Engagement Letter, the

Application, the Puntus Declaration, or the Supplemental Puntus Declaration, any Transaction

Fee that would otherwise be earned and payable upon the consummation of a Restructuring or

Sale Transaction under the terms of the Engagement Letter shall continue to be earned upon

consummation but shall not be paid until the effective date of a confirmed plan in the Chapter 11

Cases.

10.     The Engagement Letter, including, without limitation, the Indemnification

Provisions, is incorporated herein by reference and approved in all respects except as otherwise

set forth herein.

11.     All requests by Indemnified Persons for the payment of indemnification as set

forth in the Engagement Letter shall be made by means of an application to the Court and shall

be subject to review by the Court to ensure that payment of such indemnity conforms to the

terms of the Engagement Letter and is reasonable under the circumstances of the litigation or

settlement in respect of which indemnity is sought; provided, however, that in no event shall an

Indemnified Person be indemnified to the extent that any loss or expense for which

indemnification is sought resulted from the own bad faith, self-dealing, breach of fiduciary duty

(if any), gross negligence, willful misconduct or fraud of that or any other Indemnified Person.

12.     In the event that an Indemnified Person seeks reimbursement from the Debtors for

attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to

the Engagement Letter, the invoices and supporting time records from such attorneys shall be

included in Centerview's own applications, both interim and final, and such invoices and time

records shall be subject to the Fee Guidelines and the approval of the Bankruptcy Court pursuant

to sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have

been retained under section 327 of the Bankruptcy Code and without regard to whether such

attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

13.     To the extent that there may be any inconsistency between the terms of this Order

and either the Application, the Puntus Declaration, the Supplemental Puntus Declaration, and/or

the Engagement Letter, the terms of this Order shall govern.

5

14.     Notwithstanding anything in this Order to the contrary, the United States Trustee

for the Southern District of New York shall retain all rights to respond or object to Centerview's

interim and final applications for compensation and reimbursement of expenses on all grounds,

including, but not limited to, reasonableness, pursuant to section 330 of the Bankruptcy Code,

and in the event the U.S. Trustee objects, the Court retains the right to review such interim and

final applications pursuant to section 330 of the Bankruptcy Code.

15.     Centerview shall use its reasonable efforts to avoid any duplication of services

provided by any of the Debtors' other retained professionals in these chapter 11 cases.

16.     The Debtors are authorized and empowered to take all actions necessary to

implement the relief granted in this Order in accordance with the Application.

17.     Notwithstanding anything herein to the contrary, this Order shall not modify or

affect the terms and provisions of, nor the rights and obligations under, (a) the Board of

Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among

AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal

Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment

entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012,

(c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the

Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related

agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

18.     The relief granted herein shall be binding upon any chapter 11 trustee appointed

in any of these chapter 11 cases, or upon any chapter 7 trustee appointed in the event of a

subsequent conversion of any of these chapter 11 cases to cases under chapter 7; provided, that

nothing in this Order shall affect or modify the priority afforded to the administrative expenses of any such chapter 7 trustee pursuant to section 726 of the Bankruptcy Code.

19.    Notwithstanding the possible applicability of Bankruptcy Rules 6004, 7062 or 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

20.    This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated:    July 26, 2012
        New York, New York

                                      **/s/Martin Glenn**
                                          MARTIN GLENN
                          United States Bankruptcy Judge