**Hearing Date: July 30, 2012 at 3:00 p.m. (ET)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
Gary S. Lee
Anthony Princi
Jamie Levitt

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**AMENDED NOTICE OF PROPOSED ORDER - REVISED JOINT OMNIBUS SCHEDULING ORDER REGARDING (I) DEBTORS' MOTION PURSUANT TO FED. R. BANKR. P. 9019 FOR APPROVAL OF RMBS TRUST SETTLEMENT AGREEMENTS, AND (II) THE RMBS TRUSTEES' LIMITED OBJECTION TO THE SALE MOTION**

**PLEASE TAKE NOTICE** that Residential Capital, LLC ("ResCap") files the attached proposed Order – *Revised Joint Omnibus Scheduling Order Regarding (I) Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of RMBS Trust Settlement Agreements, and (II) the RMBS Trustees' Limited Objection to the Sale Motion* (the "Proposed Order"), attached hereto as Exhibit 1.

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider the Proposed Order will take place on **July 30, 2012 at 3:00 p.m. (prevailing Eastern Time)** before the Honorable

ny-1051906

Martin Glenn, at the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE THAT** a copy of the Motions and Proposed Order may be obtained via PACER at http://www.nysb.uscourts.gov or from the Debtors' restructuring website at www.kccllc.net/rescap.

Dated:  July 27, 2012
           New York, New York

                                              */s/ Gary S. Lee*
                                              Gary S. Lee
                                              Anthony Princi
                                              Jamie Levitt
                                              MORRISON & FOERSTER LLP
                                              1290 Avenue of the Americas
                                              New York, New York 10104
                                              Telephone: (212) 468-8000
                                              Facsimile: (212) 468-7900

                                              *Counsel for the Debtors and*
                                            *Debtors in Possession*

# EXHIBIT 1

ny-1051906

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | )  | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

---

**REVISED JOINT OMNIBUS SCHEDULING ORDER REGARDING (I) DEBTORS'
MOTION PURSUANT TO FED. R. BANKR. P. 9019 FOR APPROVAL OF RMBS
TRUST SETTLEMENT AGREEMENTS, AND (II) THE RMBS TRUSTEES' LIMITED
<u>OBJECTION TO THE SALE MOTION</u>**

Whereas, the Debtors have filed two separate motions with this Court that are the subject of this revised proposed omnibus scheduling order: (i) the *Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of RMBS Trust Settlement Agreements* (the "<u>RMBS Trust Settlement Agreements</u>") (ECF Doc. # 320) (the "<u>9019 Motion</u>") and related *Notice of Adjournment of Hearing and Extension of Objection Deadline on RMBS Trust Settlement and Plan Support Agreements to Times and Dates To Be Determined* (ECF Doc. #519); and (ii) the *Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), and (m), 365 and 1123, and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 for Orders: (A)(I) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expense Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Asset Purchase Agreements Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and*

ny-1051674

*Unexpired Leases Related Thereto; and (IV) Granting Related Relief* (the "Sale Motion") (ECF Doc. # 61);[1]

Whereas, The Bank of New York Mellon Trust Company, N.A., Deutsche Bank Trust Company Americas, Deutsche Bank National Trust Company, U.S. Bank National Association and Wells Fargo Bank, N.A., solely in their capacities as trustees or indenture trustees for certain mortgage or home equity lines of credit backed securities trusts (collectively, the "RMBS Trustees"), each acting as the trustee of some but not all of the Residential Mortgage-Backed Securitization Trusts ("RMBS Trusts"), with respect to which one or more of the Debtors is the sponsor, depositor, and/or servicer (all as more particularly described in the specific contracts relating to each such RMBS Trust) are party to certain Pooling and Servicing Agreements, Mortgage Loan Purchase Agreements, Indentures, Servicing Agreements and/or Trust Agreements (collectively, the "PSAs") with certain of the Debtors;

Whereas, the Debtors and the Institutional Investors (as hereinafter defined) have entered into the RMBS Trust Settlement Agreements relating to certain of the RMBS Trusts (the "Settlement Trusts"), as the same may be modified from time to time (collectively, the "RMBS Trust Settlement");

Whereas, (a) pursuant to the Sale Motion, the Debtors that serve as servicer (collectively, the "Servicer Debtors") under the PSAs have sought to assume the PSAs and assign their servicing obligations to the proposed purchaser in connection with the sale of assets comprising the Debtors' Servicing Platform that relate to any RMBS Trust, and (b) the Debtors have asserted

---

[1] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Sale Motion and Sale Procedures Order (as defined below), as applicable.

that certain other Debtors (collectively, the "Depositor Debtors") will reject their obligations under the PSAs;

Whereas, the Debtors have further asserted that the assumption of the PSAs by the Servicer Debtors and rejection by the Depositor Debtors (the "Assumption/Rejection Procedure") will effectively sever any obligations or liability in respect of the origination and sale of mortgage loans to the RMBS Trusts (including, without limitation, the liability of any Debtors that are party to a PSA with respect to representations and warranties made in connection with such sale or with respect to the noticing and enforcement of any remedies in respect of alleged breaches of such representations and warranties) (collectively "Origination-Related Provisions") from the PSAs being assumed and assigned in connection with the sale of the Servicing Platform;

Whereas, the RMBS Trustees filed the Limited Objection of Certain Trustees for Residential Mortgage Backed Securities (ECF Doc. # 291) to the Sale Motion and the Joinder of Wells Fargo Bank, N.A., as Master Servicer to such limited objection (ECF Doc. # 292) on June 11, 2012 (collectively, the "Limited Objection");

Whereas, the Court entered an order in respect of the Sale Procedures (ECF Doc. # 538) on June 28, 2012 (the "Sale Procedures Order");

Whereas, pursuant to paragraph 5 of the Sale Procedures Order, this Court adjourned the Limited Objection to July 10, 2012;

Whereas, on July 10, 2012, the Court requested submissions for a proposed scheduling order on the 9019 Motion and the Limited Objection by July 20, 2012, continuing the Limited Objection to July 24, 2012;

Whereas, the Debtors filed their Notice of Proposed Order on July 20, 2012 (ECF Doc. # 862);

Whereas, the RMBS Trustees filed their Submission in Support of Scheduling Order Jointly Proposed by Certain RMBS Trustees (ECF Doc. # 857) on July 20, 2012;

Whereas, the Official Committee of Unsecured Creditors (the "Creditors' Committee") filed its *Statement of Official Committee of Unsecured Creditors in Support of Scheduling Order Jointly Proposed by Committee and Certain RMBS Trustees* (ECF Doc. # 860) on July 20, 2012;

Whereas, a status conference was held on these issues on July 24, 2012. Subsequent to the July 24, 2012 status conference, counsel for the Debtors, Creditors' Committee, the RMBS Trustees, the Investors (as defined below) that are party to the RMBS Trust Settlement Agreements (the "Institutional Investors"), MBIA Insurance Corporation, and Ally Financial Inc. ("AFI") met and conferred in good faith;

Whereas, the Debtors, the Creditors' Committee, the RMBS Trustees, AFI, and the Institutional Investors have agreed on the following proposed schedule; and

Whereas, the Court has considered the proposed schedule, it is hereby:

**ORDERED** that:

(1) Fact discovery in connection with the 9019 Motion and the Sale Motion will commence immediately. All discovery responses shall be shortened to ten (10) days.

(2) Debtors will file a supplement to the 9019 Motion on August 15, 2012 (the "Supplement"), together with any amendment to the RMBS Trust Settlement, and a revised form of Proposed Order approving the RMBS Trust Settlement. The Debtors will concurrently file electronic notice on all parties required in the Court's *Order Under Bankruptcy Code Sections 102(1), 105(a) and 105(d), Bankruptcy Rules 1015(c),*

*2002(m) and 9007 and Local Bankruptcy Rule 2002-2 Establishing Certain Notice, Case Management and Administrative Procedures* (ECF Doc #141) (the "Case Management Order").

(3)     The Debtors shall provide any additional notice required by the Case Management Order within five business days of filing of the Supplement.

(4)     The RMBS Trustees are directed to provide notice of the 9019 Motion, the Supplement, and this Scheduling Order to certificateholders or other securities holders, as defined in the governing agreements for the RMBS Trusts (the "Investors"), on or before August 22, 2012.

(5)     Fact discovery of the Debtors by any objecting party will end on September 24, 2012.

(6)     Any party seeking to introduce expert testimony at the hearing for either the 9019 Motion, the Supplement, or the Sale Motion shall designate its expert witnesses not later than September 24, 2012.  The Debtors will file any supplemental expert reports not later than September 24, 2012.

(7)     Any objection from a party other than the Creditors' Committee and the RMBS Trustees to the 9019 Motion, including the Supplement, shall be filed together with any supporting expert reports by October 5, 2012.

(8)     Any expert report to be offered in evidence in connection with the 9019 Motion or the Supplement by the Creditors' Committee or the RMBS Trustees shall be filed by October 8, 2012.

(9)     Discovery will end on October 12, 2012.

5

ny-1051674

(10) Any objection or other response by the Creditors' Committee or the RMBS Trustees to the 9019 Motion, including the Supplement, shall be filed by October 15, 2012.

(11) Any reply to objections to the 9019 Motion or the Supplement (including any rebuttal expert reports) shall be filed and served by October 29, 2012.

(12) The Debtors will file their exhibit list for the Hearing (as defined below) by October 29, 2012. Any objecting or responding party will file their exhibit list for the Hearing (as defined below) by October 30, 2012.

(13) The evidentiary hearing on the 9019 Motion and the Supplement (the "Hearing") will commence on November 5, 2012.

(14) The deadline for the RMBS Trustees to accept or reject the RMBS Trust Settlement on behalf of any Settlement Trust will be the later of November 12, 2012 or five business days after the entry of an order approving the RMBS Trust Settlement. The Settlement Trusts that accept the RMBS Trust Settlement are referred to herein as the "Accepting Trusts", and the Settlement Trusts that do not accept the RMBS Trusts Settlement are referred to herein as the "Non-Accepting Trusts".

**IT IS FURTHER ORDERED** that:

(15) By August 6, 2012, the Debtors shall provide to the RMBS Trustees, the Creditors' Committee, and AFI all financial and performance-based information they have received from Nationstar. By the later of seven days after (a) entry of this Order, and (b) the date any prospective bidder submits their qualification packages, the Debtors shall provide to the RMBS Trustees, the Creditors' Committee, and AFI all financial and performance-based information the Debtors receive from each Qualified Bidder.

6

(16) Except as limited by this paragraph, on or before August 23, 2012, the Committee, the RMBS Trustees or any other party in interest may file any Pre-Auction Objections.  "Pre-Auction Objections" to the Sale Motion shall mean objections relating to (a) the scope of the obligations to be assumed by the assignee of the Servicing Agreements (including the proposed limitation of future performance described in the second bulleted paragraph on page 32 of the Sale Motion), (b) the ability of the assignee to perform under the assumed Servicing Agreements, and (c) the enforceability of any provisions that the Debtors believe are unenforceable against the Debtors or any prospective purchaser, including but not limited to those under Bankruptcy Code § 365(f)(1) or any other provisions of the Bankruptcy Code.  The Pre-Auction Objections shall not include any objection by the RMBS Trustees seeking to impose any obligation or liability on any assignee of the Assigned RMBS Contracts (as hereinafter defined) in respect of the origination and sale of mortgage loans to the RMBS Trusts (including, without limitation, the Origination-Related Provisions).

**IT IS FURTHER ORDERED** that:

(17) Subject only to the Pre-Auction Objections, the RMBS Trustees will not object to the assumption and assignment of those PSAs that the Debtors seek to assume and assign as part of the Sale Motion that relate to any RMBS Trusts (the "Assigned RMBS Contracts") or to their transfer free and clear of any lien, claim or encumbrance (including, without limitation, any liabilities with respect to the Origination-Related Provisions).

(18) The Sale Order shall provide that (a) any cure claims the RMBS Trusts may have relating to the Assigned RMBS Contracts (including, without limitation, any

7

ny-1051674

claim arising from any argument that the Debtors did not effectively sever the Origination-Related Provisions as a result of the Assumption/Rejection Procedure or that such provisions are not otherwise severable in accordance with applicable law) (the "Cure Claims") shall be reserved (except as released by any Accepting Trusts), and (b) to the extent allowed, as adequate assurance for their payment by the Debtors, the Cure Claims shall have administrative expense priority, subject to the following limitations:

    A.    The Cure Claim of each RMBS Trust shall not have administrative expense priority to the extent that it exceeds the proceeds of the sale of the Servicing Platform that are attributable to (a) the mortgage servicing rights under the PSA for that RMBS Trust (*i.e.*, that RMBS Trust's allocable portion of the mortgage servicing rights included in the price of the Servicing Platform), and (b) any servicer advances arising under such PSA that are subject to valid rights of setoff or recoupment of that RMBS Trust (together, the "Sale Proceeds").

    B.    In addition, the Cure Claims of the Settlement Trusts relating to the Origination-Related Provisions shall not have administrative expense priority to the extent that, in the aggregate, they exceed the product of (a) the lesser of the aggregate Sale Proceeds for all Settlement Trusts or $600 million, multiplied by (b) the percentage represented by (i) the total dollar amount of unpaid principal balance for the Non-Accepting Trusts, divided by (ii) the total dollar amount of unpaid principal balance for all Settlement Trusts, in each case as of the Closing Date.

(19) To the extent that any allowed Cure Claims exceed the limitations set forth in subparagraph 18(A) or 18(B) above, any such excess amount shall be treated as a general unsecured claim.

(20) All rights of the Debtors to affirmatively move or seek a judgment declaring that the PSAs are severable under any and all available legal theories (including, but not limited to, by the future rejection of the Assigned RMBS Contracts by the Depositor Debtors), and all rights of the Debtors and other parties to object to the Cure Claims or to argue as to the appropriate allocation of the Cure Claims and the Sale Proceeds among the RMBS Trusts, are expressly preserved.

(21) Any RMBS Trust shall file a notice of any alleged Cure Claim no later than sixty (60) calendar days after the closing of the sale of the Servicing Platform; provided, however, that any Non-Accepting Trust will file a notice of any alleged Cure Claim relating to Origination-Related Provisions no later than February 18, 2013.

(22) Notwithstanding anything in this Order to the contrary, nothing in this Order shall affect, prejudice, or diminish in any way the nature, extent, or priority of claims asserted by or on behalf of holders of those certain 9.625% Junior Secured Guaranteed Notes due 2015.

(23) Except as provided in this order, all parties' rights with regard to the Sale Order are preserved.

Dated: _____, 2012
New York, New York

                                                                   THE HONORABLE MARTIN GLENN
                                                                   UNITED STATES BANKRUPTCY JUDGE

ny-1051674