**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**ORDER UNDER SECTION 327(e) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 2014(a) AND LOCAL RULE 2014-1 AUTHORIZING THE EMPLOYMENT AND RETENTION OF DORSEY & WHITNEY AS SPECIAL SECURITIZATION AND INVESTIGATORY COUNSEL TO THE DEBTORS,**
*NUNC PRO TUNC* **TO MAY 14, 2012**

Upon the application (the "Application")[1] of the Debtors for entry of an order, under Bankruptcy Code section 327(e), Bankruptcy Rule 2014(a) and Local Rule 2014-1, authorizing, but not directing, the Debtors to employ and retain Dorsey & Whitney LLP ("Dorsey & Whitney") as Special Securitization and Investigatory Counsel to the Debtors, *nunc pro tunc* to May 14, 2012, all as more fully described in the Application; and upon consideration of the Kelly Declaration and the Supplemental Declaration of Thomas Kelly in Support of the Application (the "Supplemental Kelly Declaration"); and it appearing that this Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue in these Chapter 11 cases and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this proceeding on the Application is a core proceeding pursuant to 28 U.S.C. § 157(b); and sufficient notice of the Application having been given under the circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested in the Application is in the best interests of the Debtors'

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application. Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases or the relief granted herein may refer to http://www.kccllc.net/rescap for additional information.

estates, their creditors and other parties in interest; and the Court having considered the Application and any opposition and responses thereto; and after due deliberation thereon; and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1. The Application is GRANTED as set forth herein.

2. In accordance with section 327(e) of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1, the Debtors are authorized to employ and retain Dorsey & Whitney as Special Securitization and Investigatory Counsel to the Debtors on the terms set forth in the Application, the Kelly Declaration and the Supplemental Kelly Declaration.

3. As Special Securitization and Investigatory Counsel, Dorsey & Whitney is authorized to provide the following services in connection with the Debtors' cases:

    (a) represent the Debtors in connection with governmental investigations that are not subject to the automatic stay, such as the investigations conducted by the Office of the Special Inspector General for Troubled Asset Relief Program ("SIGTARP"), the Department of Justice ("DOJ") and the Securities Exchange Commission ("SEC"), including assisting with document production as well as engaging in discussions regarding specific transactions and procedural aspects of the securitization process;

    (b) transition the work it performed pre-petition (and provide support and assistance, if requested) to Morrison & Foerster in connection with the SEC investigation and the DOJ investigation, at which time Dorsey & Whitney (i) with respect to the SEC investigation, will provide ongoing consultation, on a very limited basis, based on Dorsey & Whitney's knowledge and experience gained in representing the Debtors in various aspects of their businesses, as well as in the course of its ongoing representation of individual former officers and directors in investor litigation and (ii) with regard to the DOJ investigation, will likely not have any continuing role;

    (c) represent non-debtor defendants, including former directors and officers of the Debtors under indemnification agreements, in private label securities suits to the extent the protection of the stay is not extended to such parties, including pursuing motions to

      dismiss in certain cases and, as necessary, engaging in discovery and trial;

   (d) represent the Debtors in actions to collect repurchase and indemnification claims cross-collateralized with Ally Bank warehouse facilities, and in resolution of legacy claims by and against the Debtors' former warehouse lending business;

   (e) advise ResCap and Morrison & Foerster in connection with ResCap's funding arrangements with Ally Financial Inc. and prepetition funding arrangements with third parties, and related general advice; and

   (f) secondment of associate to provide full-time assistance to the Debtors' in-house legal team in managing investor (PLS) litigation.

  4. Dorsey & Whitney shall use its best efforts to avoid any duplication of services provided by any of the Debtor(s)' other retained professionals in these Chapter 11 cases.

  5. Dorsey & Whitney will coordinate with Morrison & Foerster to create and utilize task codes assigned by Morrison & Foerster for the matters which Dorsey & Whitney will be handling in an effort to assist the Court and other parties in interest in monitoring any duplication of efforts.

  6. If the Debtors request that Dorsey & Whitney provide additional advice on matters substantially associated with the subject matter of Dorsey & Whitney's retention but not specifically enumerated either herein, in the Application or in the Kelly Declaration and the Supplemental Kelly Declaration, Dorsey & Whitney shall advise the US Trustee and the Committee to the extent possible of such additional matters, recognizing that such professional must protect attorney-client and other privileges.

  7. Such other services as may be requested by the Debtors and agreed to by Dorsey & Whitney beyond the scope of the Ongoing Matters shall be subject to separate approval by Court order.

8.   Dorsey & Whitney shall apply for compensation and reimbursement of expenses incurred following the Petition Date in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, such Bankruptcy Rules and Local Rules as may then be applicable from time to time, the United State Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses, and any additional procedures that may be established by order of this Court.

9.   Prior to any increases in Dorsey & Whitney's rates, as set forth in paragraph 17 of the Application, Dorsey & Whitney shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtors, the United States Trustee and any official committee. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether Dorsey & Whitney's client has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in Section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to Section 330 of the Bankruptcy Code.

10.   Dorsey & Whitney is authorized to apply its prepetition Retainer against fees and disbursements for prepetition services unpaid as of the Petition Date. Dorsey & Whitney shall apply any remaining amounts of its prepetition retainer as a credit toward postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to the first Order of the Court awarding fees and expenses to Dorsey & Whitney.

11.   The Debtors are authorized, empowered and directed to take all actions necessary to implement the relief granted pursuant to this Order.

12. To the extent there may be any inconsistency between the terms of the Application, the Kelly Declaration, the Supplemental Kelly Declaration and this Order, the terms of this Order shall govern.

13. Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

14. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated:   July 27, 2012
         New York, New York

                                              /s/Martin Glenn
                                           MARTIN GLENN
                                      United States Bankruptcy Judge