**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER UNDER SECTION 327(e) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 2014(a) AND LOCAL RULE 2014-1 AUTHORIZING THE EMPLOYMENT AND RETENTION OF ORRICK, HERRINGTON & SUTCLIFFE LLP AS SPECIAL SECURITIZATION TRANSACTIONAL AND LITIGATION COUNSEL TO THE DEBTORS, *NUNC PRO TUNC* TO MAY 14, 2012**

Upon the application (the "Application")[1] of the Debtors for entry of an order, under Bankruptcy Code section 327(e), Bankruptcy Rule 2014(a) and Local Rule 2014-1, authorizing, but not directing, the Debtors to employ and retain Orrick, Herrington & Sutcliffe LLP ("Orrick") as Special Securitization Transactional and Litigation Counsel to the Debtors, *nunc pro tunc* to May 14, 2012, all as more fully described in the Application; and upon consideration of the Crost Declaration and the Supplemental Declaration of Katharine I. Crost in Support of the Application (the "Supplemental Crost Declaration"); and it appearing that this Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue in these Chapter 11 cases and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this proceeding on the Application is a core proceeding pursuant to 28 U.S.C. § 157(b); and sufficient notice of the Application having been given under the circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested in the Application is in the best interests of

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application. Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases or the relief granted herein may refer to http://www.kccllc.net/rescap for additional information.

the Debtors' estates, their creditors and other parties in interest; and the Court having considered the Application and any opposition and responses thereto; and after due deliberation thereon; and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1. The Application is GRANTED in its entirety.

2. In accordance with section 327(e) of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1, the Debtors are authorized to employ and retain Orrick as Special Securitization Transactional and Litigation Counsel to the Debtors, *nunc pro tunc* to the Petition Date, on the terms set forth in the Application, the Crost Declaration and the Supplemental Crost Declaration.

3. As Special Securitization Transactional and Litigation Counsel, Orrick is authorized to provide the following services in connection with the Debtors' cases:

   (a) advise the Debtors and Morrison & Foerster regarding contractual provisions in securitization documents and servicing contracts, including with respect to document requirements relating to termination demands and other claims or rights asserted by parties to such operative documents as well as other interested parties;

   (b) advise the Debtors and Morrison & Foerster regarding the Debtors' rights and obligations relating to their securitization and servicing agreements (including various REMIC and tax issues), including matters that may arise in connection with amendments to, or notifications required under, the securitization and servicing agreements, as necessary or appropriate in connection with the asset purchase agreement, the settlement agreement, the debtor in possession financing agreement, any proposed plans of reorganization, or otherwise;

   (c) obtain and analyze securitization documents and other relevant documentation regarding the Debtors' securitization and servicing assets and obligations;

   (d) transition the work it performed prepetition (and provide support and assistance, if requested) to Morrison & Foerster in connection with Morrison & Foerster's representation of the Debtors in contract-based disputes, claims and defenses asserted by monoline

2

and mortgage insurers (excluding MBIA), residential mortgage-backed securities trustees and/or residential mortgage-backed securities certificate- or note-holders against the Debtors arising from or related to contractual terms and conditions, representations, warranties and covenants in connection with residential mortgage-backed securities; post-transition support and assistance may include, for example, advice regarding contractual provisions in securitization documents, meeting with Morrison & Foerster regarding Orrick's analysis and advice to the Debtors regarding the strengths and weaknesses of the monoline insurer's claims and defenses, including Orrick's advice to ResCap in prepetition litigation and disputes, and assistance in responding to information, document and discovery requests from third parties and government agencies;

(e) assist the Debtors in the preparation of amendments to securitization documents and servicing agreements with third parties, and in the preparation of documentation related to such amendments, including negotiation with parties to such amendments, rating agencies and other interested parties as may be necessary or appropriate in connection with the sale of the Debtors' assets; and

(f) assist the Debtors and Morrison & Foerster, as needed, in responding to requests for documents and information in response to inquiries from government, law enforcement and litigants.

4. Orrick shall use its best efforts to avoid any duplication of services provided by any of the Debtor(s)' other retained professionals in these Chapter 11 cases.

5. Orrick will coordinate with Morrison & Foerster to create and utilize task codes assigned by Morrison & Foerster for the matters which Orrick will be handling in an effort to assist the Court and other parties in interest in monitoring any duplication of efforts.

6. If the Debtors request that Orrick provide additional advice on matters substantially associated with the subject matter of Orrick's retention but not specifically enumerated either herein, in the Application or in the Crost Declaration and the Supplemental Crost Declaration, Orrick shall advise the US Trustee and the Committee to the extent possible of such additional matters, recognizing that such professional must protect attorney-client and other privileges.

3

7. Such other services as may be requested by the Debtors and agreed to by Orrick shall be subject to separate approval by Court order.

8. Orrick shall apply for compensation and reimbursement of expenses incurred following the Petition Date in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, such Bankruptcy Rules and Local Rules as may then be applicable from time to time, the United State Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses and any additional procedures that may be established by order of this Court.

9. Prior to any increases in Orrick's rates, as set forth in paragraph 19 of the Application, Orrick shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtors, the United States Trustee and any official committee. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether Orrick's client has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in Section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to Section 330 of the Bankruptcy Code.

10. Orrick shall apply any remaining amounts of its prepetition Retainer as a credit toward postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to the first Order of the Court awarding fees and expenses to Orrick.

11. The Debtors are authorized, empowered and directed to take all actions necessary to implement the relief granted pursuant to this Order.

12. To the extent there may be any inconsistency between the terms of the Application, the Crost Declaration, the Supplemental Crost Declaration and this Order, the terms of this Order shall govern.

13. Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

14. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: July 27, 2012
       New York, New York

                                            /s/Martin Glenn
                                          MARTIN GLENN
                                    United States Bankruptcy Judge