**CHADBOURNE & PARKE LLP**
Howard Seife
David M. LeMay
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 408-5100
Facsimile: (212) 541-5369

*Proposed Counsel to the Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
| In re:                                 | : | Chapter 11                  |
|                                        | : |                             |
| Residential Capital, LLC, et al.,      | : | Case No. 12-12020 (MG)      |
|                                        | : |                             |
| Debtors.                               | : | Jointly Administered        |
------------------------------------------------------------ x

**CERTIFICATE OF NO OBJECTION UNDER 28 U.S.C. § 1746
REGARDING THE RETENTION OF CHADBOURNE & PARKE LLP
AS COUNSEL TO THE EXAMINER**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case management procedures set forth in the Order Under Bankruptcy Code Sections 102(1), 105(A) and 105(D), Bankruptcy Rules 1015(C), 2002(M) and 9007 and Local Bankruptcy Rule 2002-2 Establishing Certain Notice, Case Management and Administrative Procedures [Docket No. 141] (the "Case Management Order"), the undersigned herby certifies as follows:

1. On July 17, 2012, Chadbourne & Parke LLP ("Chadbourne") filed the Application of the Examiner for Order Authorizing the Retention and Employment of

CPAM: 4859318.1

Chadbourne & Parke LLP as Counsel to the Examiner *Nunc Pro Tunc* to July 11, 2012 [Docket No. 800] (the "Application") in the above-captioned bankruptcy proceedings.

2. In accordance with the Case Management Order, **July 30, 2012 at 4:00 p.m. (Prevailing Eastern Time)** was established as the deadline for the parties to object or file a response to the Application (the "Objection Deadline"). The Case Management Order provides that pleadings may be granted without a hearing, provided that no objections have been filed prior to the relevant objection deadline and the attorney for the movant complies with the relevant procedural and notice requirements.

3. The Objection Deadline has now passed and, to the best of my knowledge, no objections or other responsive pleadings to the Application have been filed with the Court on the docket of the above-captioned proceedings in accordance with the procedures set forth in the Case Management Order nor has any objection or other responsive pleading with respect to the Application been served on Chadbourne.

4. Accordingly, for the reasons set forth in the Application, Chadbourne respectfully requests that the proposed Order granting the Application, annexed hereto as Exhibit 1 and unmodified since the filing of the Application, be entered in accordance with the procedures set forth in the Case Management Order.

I declare that the foregoing is true and correct.

Dated: New York, New York
       July 31, 2012

**CHADBOURNE & PARKE LLP**

By: */s/ David M. LeMay*
    Howard Seife
    David M. LeMay
    30 Rockefeller Plaza
    New York, New York 10112
    Telephone: (212) 408-5100
    Facsimile: (212) 541-5369

*Proposed Counsel to the Examiner*

3

# EXHIBIT 1

**Proposed Order**

CPAM: 4859318.1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
In re:                                                         : Chapter 11
                                                               :
Residential Capital, LLC, <u>et al.</u>,[1]                    : Case No. 12-12020 (MG)
                                                               :
                    Debtors.                                   : Jointly Administered
------------------------------------------------------------ x

### ORDER AUTHORIZING THE EMPLOYMENT AND
### RETENTION OF CHADBOURNE & PARKE LLP AS COUNSEL
### TO THE EXAMINER *NUNC PRO TUNC* TO JULY 11, 2012

Upon the application of Arthur J. Gonzalez, the Court-appointed Examiner (the "<u>Examiner</u>") for Residential Capital, LLC and its affiliated debtors (collectively, the "<u>Debtors</u>") in the above-captioned cases (the "<u>Chapter 11 Cases</u>"), for the entry of an order pursuant to 11 U.S.C. §§ 105(a) and 327 authorizing the Examiner to employ and retain Chadbourne & Parke LLP ("<u>Chadbourne</u>") as counsel to the Examiner in connection with the Chapter 11 Cases, *nunc pro tunc* to July 11, 2012; and the Court having reviewed the Application, the Declaration of Howard Seife (the "<u>Seife Declaration</u>"), and the exhibits thereto submitted in support thereof; the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings, filed with the Court on May 14, 2012. Additional subsidiaries and affiliates of the Debtors may file Chapter 11 petitions on a rolling basis. As used herein, the term "Debtors" includes any such entities.

Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Application being due and proper, and no other or further notice being required; and the Court being satisfied that (i) except as otherwise set forth in the Seife Declaration, Chadbourne does not represent any interests adverse to the Debtors or their estates, (ii) Chadbourne is a "disinterested person" as that term is defined in 11 U.S.C. § 101(14), and (iii) the employment of Chadbourne is necessary for the required examination to proceed and is in the best interests of the Debtors, their estates and creditors; and after due deliberation, and good and sufficient cause appearing therefor; it is hereby:

ORDERED, that the Application is granted to the extent provided herein; and it is further

ORDERED, that to the extent the Application is inconsistent with this Order, the terms of this Order shall govern; and it is further

ORDERED, that the Examiner is authorized to retain Chadbourne as his counsel in the Chapter 11 Cases, effective *nunc pro tunc* to July 11, 2012, on the terms and conditions set forth in the Application and the Seife Declaration; and it is further

ORDERED, that Chadbourne shall be compensated for fees and reimbursed for reasonable and necessary expenses and will file interim and final fee applications for allowance of its compensation and expenses in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Amended Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals, dated December 21, 2010, the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, dated November 25, 2009, and the United States Trustee Fee Guidelines (collectively, the "Fee Guidelines"); and it is further

CPAM: 4859318.1

ORDERED, that all privileges, protections, confidentiality and immunities (including, without limitation, the attorney-client privilege and the work product doctrine), shall remain in full force and effect as to any information provided to the Examiner and/or to the Examiner's proposed or court-approved professionals; and it is further

ORDERED, that prior to any increases in Chadbourne's rates, as set forth in paragraph 17 of the Seife Declaration, Chadbourne shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtors, the United States Trustee and any official committee. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether Chadbourne's client has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in Section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to Section 330 of the Bankruptcy Code, and it is further

ORDERED, that this Court shall have exclusive jurisdiction to hear and determine all matters arising from or relating to this Order and its implementation.

Dated: _____, 2012
      New York, New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE