## AFFIRMATION OF ROBERT N. MICHAELSON

1. I am local counsel to Wendy Alison Nora in *In re Residential Capital, LLC et al.*, Case No. 12-12020 (MG).

2. On July 10, 2012, I attended a scheduled 10:00 a.m. hearing (the "Hearing") to consider, among other things, *Debtors' Motion for Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a) and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses* [Docket No. 181] (the "Motion") and Ms. Nora's *Amended Objection to Entry of Final Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a) and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses* [Docket No. 546] (the "Objection") filed in response to the Motion.

3. Shortly before 10:00 a.m. Ms. Nora dialed into the Hearing from her office in Minnesota.

4. Prior to the hearing Nora advised me that she had a conflicting commitment that might require her to leave the hearing for a brief period. Since Ms. Nora and I agreed that she would argue the Objection, she requested that I ask Debtor's counsel prior to the hearing whether the Motion could be moved up on the calendar to accommodate her schedule.

5. I approached Anthony Princi of Debtor's counsel, introduced myself, conveyed Nora's request and was politely advised that it was not possible to accommodate Ms. Nora. Mr. Princi further stated that the Motion was the last item on the calendar which was expected to last most of the day.

6. I conveyed that information to Ms. Nora who was satisfied with the response because she expected her other commitments to conclude by the time the Motion was likely to be heard.

7. Given these circumstances, Ms. Nora and I determined that it made little sense for me to remain at the hearing and that I would return in the afternoon and she would dial back in when it appeared that the Motion would be heard.

{00003001v1 }

8.      I returned to the hearing at approximately 3:00 p.m. and Ms. Nora rejoined the hearing by telephone at approximately the same time.

9.      Shortly after entering the courtroom I learned that the Motion had already been heard and granted.

Dated: July 25, 2012

_____
Robert N. Michaelson