Hearing Date and Time: August 8, 2012 at 2:00 p.m. (prevailing Eastern Time)

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Douglas H. Mannal
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the Official Committee
of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
In re:                                   :    Chapter 11
                                         :
Residential Capital, LLC, et al.,        :    Case No. 12-12020 (MG)
                                         :
              Debtors.                   :    Jointly Administered
                                         :
------------------------------------------------------------ x

**LIMITED OBJECTION OF THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS WITH RESPECT TO THE DEBTORS' APPLICATION
TO RETAIN BRADLEY ARANT BOULT CUMMINGS LLP**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

The Official Committee of Unsecured Creditors (the "**Committee**") of the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") hereby files this limited objection (the "**Limited Objection**") with respect to the Debtors' application to retain Bradley Arant Boult Cummings LLP ("**BABC**") as special litigation counsel and compliance counsel (the "**Retention Application**"). The Committee respectfully submits as follows:

**PRELIMINARY STATEMENT**

1.      An issue permeating these chapter 11 cases and, indeed, the focus of ongoing investigations by the Committee and the Examiner, is the relationship between the Debtors and their non-Debtor parent company, Ally Financial Inc. ("**AFI**"). It is therefore

critical that the ongoing allegiance of any retained professional be exclusively to the Debtors, not AFI.

2. Historically, BABC jointly represented AFI, Ally Bank, GMACM and ResCap[1] in a year-long negotiation that culminated in a settlement with almost all of the state attorneys general, the Department of Justice (the "**DOJ**") and the Federal Deposit Insurance Corporation. BABC confirmed to the Committee that they dealt with AFI, Ally Bank, GMACM and ResCap as a single entity, as they shared potential joint and several liability to the various government agencies in connection with allegations of wrongdoing. Notwithstanding, AFI and Ally Bank engaged H. Rodgin Cohen of Sullivan & Cromwell LLP to represent them in the same negotiations surrounding the Consent Order and the Consent Judgment with the state attorneys general and the DOJ. ResCap and GMACM (each a Debtor entity) did not engage separate counsel; instead relying solely on the advice of BABC in connection with the negotiations and documentation of the Consent Order and Consent Judgment.

3. The Committee submits that the continuance of the joint representation of the Debtors and their non-Debtor affiliates in the same matter in which the parties are adverse presents an actual conflict of interest. Any retained professional must be working solely for the benefit of the Debtors, and not its parent company where the Debtor and its parent have conflicting interests. Thus, the Committee objects to BABC's retention to the extent BABC continues to represent AFI and Ally Bank.

4. The Committee has had extensive discussions with BABC regarding their continued representation of the Debtors and the Committee has expressed their concerns regarding the conflict of interest. The Committee made clear to BABC that it would oppose their

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Retention Application, the Original Declaration or the Supplemental Declaration, as applicable.

retention absent BABC agreeing to (i) terminate its representation of AFI and Ally Bank, and (ii) consult with the Committee's counsel on any matters that involve AFI or Ally Bank. As of the filing of this Limited Objection, the Committee understands that this proposal is still under consideration.

## BACKGROUND

5. The Debtors seek to retain BABC to represent them in connection with, among other items (i) responding to informal and formal inquiries by various government agencies, (ii) the Consent Order, Consent Judgment and all related agreements and (iii) existing or future litigation concerning claims related to mortgage loans and related servicing practices brought by borrowers and consumer and class action litigation relating to the Debtors' mortgage servicing operations.

6. On July 9, 2012, Robert R. Maddox filed a declaration in support of the Retention Application (the "**Original Declaration**"). In the Original Declaration, BABC disclosed that it represents certain investors in "foreclosure proceedings and related litigation related to the Debtors' mortgage servicing business where interests are mutual and aligned with those of Debtors." *See Original Declaration*, sch. 2. By "investors" the Original Declaration was referring to Ally Bank and AFI.

7. After inquiry by the U.S. Trustee and the Committee regarding the work performed by BABC for AFI, Ally Bank and the Debtors, on July 21, 2012, Robert R. Maddox filed a supplemental declaration in support of the Retention Application (the "**Supplemental Declaration**"). In the Supplemental Declaration, BABC made the following disclosure:

> With respect to the Government Matters, BABC also regularly represented the mutual interests of the Debtors and their non-debtor affiliates AFI and Ally Bank when the governmental inquiries at issue sought or required responses from the Debtors and such nondebtor affiliates. Similarly, BABC represented not only the Debtors ResCap and GMACM with respect to the Compliance Matters, but also

- 3 -

their non-debtor affiliates AFI and Ally Bank in the negotiation, documentation, and implementation of the agreements set forth in the Consent Order, the Consent Judgment, and the Related Agreements.

*Supplemental Declaration* at ¶ 29.

8. After further inquiry, Mr. Maddox provided more detail to counsel to the Committee on its representation of the Debtors and AFI and Ally Bank in connection with the "Compliance Matters" (i.e. the negotiation, documentation and implementation of the Consent Order and Consent Judgment). In November 2010, pursuant to an engagement letter agreement addressed to William B. Solomon, Jr., General Counsel of AFI, BABC was jointly engaged by AFI, ResCap and GMACM, in connection with certain robo-signing allegations, and was primarily providing advice to these entities with regard to affidavit remediation in connection with the robo-signing allegations. BABC was also engaged by AFI, Ally Bank, ResCap and GMACM in connection with the investigation by the DOJ, the Securities Exchange Commission, and state attorneys general and state regulators into the robo-signing allegations, mortgage foreclosure home sales and evictions.

9. The Committee has been informed that GMACM bore 100% of the fees and expenses of BABC for work done on behalf of both the Debtors and AFI and Ally Bank.[2]

10. In anticipation of a settlement with the DOJ and the state attorneys general and state regulators, on January 30, 2012, ResCap, GMACM and AFI entered into a letter agreement that outlined the obligations of the three affiliated parties relating to compliance with the potential settlement.[3] On the advice of BABC, ResCap and GMACM reached an agreement in principle with AFI, the DOJ, state attorneys general and state regulators in early February

---

[2] The Committee reserves all of its rights with respect to any fees paid by the Debtors to BABC for work done on behalf of AFI and Ally Bank.

[3] The Committee understands that BABC did not represent the Debtors or AFI in connection with the negotiation and implementation of the January 30, 2012 letter.

2012, and the settlement was documented in March 2012 (upon its approval by the District Court for the District of Columbia in April 2012, this settlement is referred to as the Consent Judgment).

11. As noted above, BABC represented ResCap, GMACM, Ally Bank and AFI collectively in connection with the negotiation, documentation, and implementation of the Consent Order and Consent Judgment during 2011 and 2012. Although the law firm Sullivan & Cromwell, LLP, led by H. Rodgin Cohen, also represented Ally Bank and AFI in connection with the negotiation, documentation, and implementation of these same documents, the Committee understands that the Debtors did not have separate counsel representing their interests in connection with this matter.[4] Under the filed Retention Application, BABC seeks to continue to advise the Debtors, Ally Bank and AFI on these agreements and, specifically is assisting ResCap and GMACM in the implementation of the servicing standards under the Consent Order and Consent Judgment.

## LIMITED OBJECTION

12. Section 327(e) of the Bankruptcy Code permits a debtor to retain special counsel if in the best interest of the estate, provided "they do not hold or represent any interest adverse to the debtor or the estate." 11 U.S.C. § 327(e). The phrase "hold or represent an adverse interest," has been defined as "(1) possess[ing] or assert[ing] any economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant; or (2) possess[ing] a predisposition under circumstances that render such a bias against the estate." *In re JMK Construction Grp., Ltd.*, 441

---

[4] The Committee continues to investigate the circumstances surrounding the Consent Judgment, and hereby reserves all of its rights to argue that ResCap was not adequately represented in connection with the Consent Judgment. In addition, the Committee believes the Examiner will be investigating all aspects of ResCap and GMACM's obligations under the settlement with the DOJ, including BABC's joint representation.

B.R. 222, 229 (Bankr. S.D.N.Y. 2010) (J. Glenn) (quoting *Bank Brussels Lambert v. Coan (In re AroChem Corp.*), 176 F.3d 610, 623 (2d Cir. 1999)).

13. The Committee recognizes that BABC's knowledge and experience from its pre-petition representation of the Debtors in the various litigations, interfacing with various government agencies and negotiating the Consent Order and Consent Judgment will likely be useful to the Debtors during the course of these chapter 11 cases. However, the Committee is concerned that BABC will not be able to adequately represent the best interests of the estates while simultaneously representing Ally Bank and AFI in related matters, as there exists a clear conflict of interest. Therefore, BABC should be precluded from representing the Debtors while it continues to represent AFI and Ally Bank.

14. The Debtors and AFI are jointly and severally liable for certain obligations under the Consent Judgment, and the parties will need to properly determine the apportionment of liability among AFI and the Debtors under this agreement.[5] It is highly questionable whether BABC will be able to independently represent the interest of the estates in connection with compliance and implementation of the Consent Judgment and related agreements if they are simultaneously advising AFI and Ally Bank with respect to their particular obligations under these same agreements. In order to be retained, BABC must be able to advise the Debtors on the best course of action for the estates (including how to minimize claims), notwithstanding the

---

[5] This issue has been reserved by the parties under the *Final Order Under Sections 105(a), 362, 363, 1107(a) and 1108 of the Bankruptcy Code (I) Authorizing the Debtors to Continue in the Ordinary Course of Business (A) Servicing Non-Governmental Association Loans, and (B) Sale Activities Related to Certain Loans in Foreclosure and Real Estate Owned Property, and (II) Granting Limited Stay Relief to Enable Borrowers to Assert Direct Claims and Related Counter-Claims in Foreclosure and Eviction Proceedings* [Docket No. 402] and the *Final Order Under Sections 105(a), 361, 362, 363, 1107(a), and 1108 of the Bankruptcy Code (I) Authorizing the Debtors to Continue in the Ordinary Course of Business (A) Servicing Governmental Association Loans and (B) Foreclosure Activities Related to Certain Real Estate Owned by Fannie Mae, Freddie Mac, and Ginnie Mae; (II) Authorizing the Debtors to Pay Certain Prepetition Amounts Due to Critical Services Vendors and Foreclosure Professionals; (III) Granting Limited Stay Relief to Enable Borrowers to Assert Direct Claims and Related Counter-Claims in Foreclosure and Eviction Proceedings; (IV) Authorizing the Debtors to Use Cash Collateral Under the Fannie Mae EAF Facility; and (V) Granting Related Relief* [Docket No. 401]

impact on AFI or Ally Bank. In addition, the pending dispute among Ally Bank, AFI, the Debtors, and the Committee in connection with indemnification obligations contained in the amended and restated servicing agreement between GMACM and Ally Bank, dated as of May 11, 2012 (the "**Servicing Agreement**") arises from the Debtors' performance under the Consent Judgment. It is critical that any professional representing the Debtors with respect to the Consent Judgment not have any obligation to advise Ally Bank or AFI on this same matter.

15. The relationship among the Debtors and its non-Debtor affiliates (including AFI) is a key issue in these chapter 11 cases, which both the Committee and the Examiner are currently investigating. A joint representation of these parties in matters central to these cases, such as the Consent Judgment, should not be allowed. Thus, any order approving the retention of BABC must be conditioned on the following: (i) BABC must terminate its representation of Ally Bank and AFI (and any other non-Debtor affiliates) and be able to advise the Debtors on matters that may be adverse to Ally Bank and AFI and (ii) BABC must consult with the Committee's counsel on any matters that involve Ally Bank and AFI.

WHEREFORE, the Committee objects to the retention of BABC absent the modifications as set forth above.

Dated: New York, New York
August 1, 2012

        KRAMER LEVIN NAFTALIS & FRANKEL LLP

        /s/ Douglas H. Mannal
        Kenneth H. Eckstein
        Douglas H. Mannal
        1177 Avenue of the Americas
        New York, New York 10036
        Telephone: (212) 715-9100
        Facsimile: (212) 715-8000
        *Counsel for the Official Committee*
        *of Unsecured Creditors*