**Hearing Date: August 14, 2012 at 10:00 a.m. (ET)**
**Response Deadline: August 1, 2012 at 4:00 p.m. (ET)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Larren M. Nashelsky
Gary S. Lee
Norman S. Rosenbaum

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------------

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

--------------------------------------------------------------------

**DEBTORS' SUPPLEMENT IN FURTHER OPPOSITION TO MOTION OF KENNETH TAGGART FOR LEAVE TO FILE MOTION PURSUANT STAY & RELIEF (AND <u>CLARIFICATION FROM BANKRUPTCY COURT</u>)**

ny-1050183

Residential Capital, LLC and its affiliated debtors and debtors in possession in the above-captioned Chapter 11 cases (collectively, the "Debtors") hereby submit this supplement (the "Supplement") in further opposition to the *Motion for Leave to File Motion Pursuant to Stay & Relief (and Clarification from Bankruptcy Court)* [Docket No. 263] filed by Kenneth Taggart on June 8, 2012 (the "Motion"). In support of hereof, the Debtors respectfully represent:

## BACKGROUND

1. By the Motion, Mr. Taggart seeks clarification regarding which of the counts contained in his counterclaim pleading (the "Taggart Counterclaim Pleading") filed against Debtor GMAC Mortgage, LLC ("GMAC Mortgage") can proceed in a state court foreclosure action initiated by GMAC Mortgage and captioned <u>GMAC Mortgage, LLC v. Taggart</u>, Case No. 09-25338 (Mont. Cty. C.C.P. 2009) (the "Foreclosure Proceeding"). The Taggart Counterclaim Pleading alleges thirty-two counterclaims against GMAC Mortgage for: (i) alleged violations of the Real Estate Settlement and Procedures Act ("RESPA"), 12 U.S.C. § 2601 <u>et. seq.</u>, and related regulations, 24 C.F.R. § 350; (ii) alleged violations of the Truth-in-Lending Act ("TILA"), 15 U.S.C. § 1601 <u>et. seq.</u>; (iii) alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 <u>et. seq.</u>; (iv) alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 <u>et. seq.</u>; (v) the Pennsylvania Unfair Trade Practice and Consumer Protection Act, 73 P.S. § 201-1 <u>et. seq.</u>; (vi) Regulation Z, 12 C.F.R. § 226.18(g), (h); (vii) Quiet Title, (viii) alleged violations of the Fair Credit Extension Uniform Act, 73 P.S. § 2270.1 <u>et. seq.</u>; (ix) alleged violations of the Mortgage Property Insurance Coverage Act, 7 P.S. § 6701 <u>et. seq.</u> (the "Insurance Claim"); and (x) alleged violations of Mr. Taggart's 1st and 4th Amendment rights of freedom of expression and due process.

2. On June 6, 2012, the Debtors filed, in the Foreclosure Proceeding, a *Notice of Bankruptcy and Effect of Automatic Stay & Interim Order Granting Limited Relief to*

ny-1050183

*Borrowers in Foreclosure Proceedings* (Notice of Bankruptcy). In the Notice of Bankruptcy, the Debtors indicated their position that each of Mr. Taggart's counter-claims, with the exception of the Insurance Claim, was stayed under this Court's *Supplemental Order for Interim Relief Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses* (the "Interim Supplemental Servicing Order") [Docket No. 391]. The Debtors also attached a copy of the Interim Supplemental Servicing Order to the Notice of Bankruptcy as an exhibit.

3. On June 11, 2012, Mr. Taggart filed in the Foreclosure Proceeding his *Amended "Motion for Stay" Pursuant to Bankruptcy of GMAC Mortgage, LLC* (the "Motion for Stay") seeking to stay the entire Foreclosure Proceeding until this Court clarified the Interim Supplemental Servicing Order.

4. On June 15, 2012, the state court presiding over the Foreclosure Proceeding entered an order summarily denying Mr. Taggart's Motion for Stay.

5. On July 3, 2012, the Debtors filed their *Omnibus Objection to Motions for Relief from the Automatic Stay Scheduled for Hearing on July 10, 2012* [Docket No. 682], objecting to the Motion.

6. On July 10, 2012, this Court held a hearing on the Motion (the "Hearing"). At the Hearing, Mr. Taggart indicated that he believed all of his counterclaims should be permitted to proceed under the Interim Supplemental Servicing Order.

7. On July 13, 2012, the Court entered the *Final Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses* (the "Supplemental Servicing Order") [Docket No. 774].

8. Without seeking a modification of the automatic stay, on July 18, 2012, Mr. Taggart, by the filing of a complaint, commenced an action in the United States District Court for the Eastern District of Pennsylvania, captioned Taggart v. GMAC Mortgage LLC, Case No. CV-12-4077 (E.D. Pa.) (the "Postpetition Federal Action"), in violation of the automatic stay. The complaint in the Postpetition Federal Action asserts claims for damages in excess of $46 million[1] and to "Quiet Title" against GMAC Mortgage, several GMAC Mortgage employees and GMAC Mortgage's attorneys in the Foreclosure Proceeding related to the same allegedly wrongful foreclosure at issue in the Foreclosure Proceeding.[2] The Debtors reserve all rights with respect to the Postpetition Federal Action.

9. On July 23, 2012, Mr. Taggart filed his *Motion for Leave to File Motion Pursuant Stay & Relief Oral Argument & Hearing Requested* [Docket No. 882],[3] apparently

---

[1] On the record of the hearing held on July 10, 2012 to consider the Motion, the Court expressly advised Mr. Taggart that the Court did not intend to lift the automatic stay to allow for Mr. Taggart to proceed with his monetary claims. July 10, 2012 Transcript, 42:13-16 (An excerpt of the July 10, 2012 hearing transcript is attached hereto as Exhibit 1). Notwithstanding the foregoing, a week later Mr. Taggart filed the Postpetition Federal Action demanding millions of dollars in damages.

[2] A copy of the complaint filed by Mr. Taggart on July 18, 2012 is attached hereto as Exhibit 2.

[3] The Debtors anticipate filing a separate response to the July 23, 2012 motion filed by Mr. Taggart in the Debtors' Chapter 11 cases.

3

seeking to proceed with the Postpetition Federal Action and a separate action pending in the United States District Court for the Eastern District of Pennsylvania, captioned <u>Taggart v. GMAC Mortgage, LLC</u>, Case No. 2:2012 – cv00415 (E.D. Pa.) (the "Prepetition Federal Action"),[4] which also seeks damages and certain declaratory relief in response to the Debtors' allegedly wrongful foreclosure.

10. In response to Mr. Taggart's arguments, the Court directed (i) that the Debtors reach out to Mr. Taggart to further discuss the potential for an agreed resolution of his Motion and (ii) to the extent that the parties were not able to consensually resolve Mr. Taggart's motion prior to July 17, 2012, the Court requested supplemental briefing regarding which of Mr. Taggart's counterclaims could proceed under Pennsylvania law. Transcript of Hearing at 44-45, Case No. 12-12020 (MG) (Bankr. S.D.N.Y. July 10, 2012).

11. On July 17, 2012, the parties agreed to adjourn the hearing on the Motion to the August 14, 2012 hearing. <u>See</u> *Notice of Adjournment on Motion for Leave to File Motion Pursuant Stay and Relief (and Clarification from Bankruptcy Court)* [Docket No. 811].

## DISCUSSION

12. The Debtors and Mr. Taggart have engaged in discussions directly via telephone and via email; however, to date a compromise has not been reached. Contemporaneously with the filing of this Supplement, the Debtors file the accompanying memorandum of law in further opposition to the Motion, submitted by the Debtors' counsel in the Foreclosure Proceeding, Reed Smith LLP. As described in the accompanying memorandum of law, with limited exceptions, Mr. Taggart has not pled valid defenses in the Foreclosure Proceeding. Notwithstanding the very clear Pennsylvania Law on the relief requested by Mr.

---

[4] A copy of the complaint in the Prepetition Federal Action is attached hereto as <u>Exhibit 3</u>.

Taggart in the Motion, the Debtors are prepared to consent to limited stay relief as follows: the parties may proceed through any dispositive motions practice in the Foreclosure Proceeding, by which the trial court will determine the viability of Mr. Taggart's alleged defenses to foreclosure in the Foreclosure Proceeding. Thereafter, Mr. Taggart would have the opportunity to renew his Motion by filing a notice of hearing 14 days in advance of the next available omnibus hearing to the extent that any of Mr. Taggart's Counterclaims remain that would otherwise be stayed by the Supplemental Servicing Order.

WHEREFORE, the Debtors request that the Court enter an order modifying the automatic stay for the limited purposes described herein, or alternatively, deny the Motion in its entirety and grant such other relief as the Court deems proper.

New York, New York
Dated: August 1, 2012

/s/ Norman S. Rosenbaum
Larren M. Nashelsky
Gary S. Lee
Norman S. Rosenbaum
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel to the Debtors and
Debtors in Possession*