# **Exhibit 1**

1

1  UNITED STATES BANKRUPTCY COURT

2  SOUTHERN DISTRICT OF NEW YORK

3  Lead Case No. 12-12020-mg  Adv. Proc. No. 12-01671-mg

4  - - - - - - - - - - - - - - - - - - - - - -x

5  In the Matters of:

6  RESIDENTIAL CAPITAL, LLC, et al.,

7           Debtors.

8  - - - - - - - - - - - - - - - - - - - - - -x

9  RESIDENTIAL CAPITAL, LLC, et al.,

10              Plaintiffs,

11         - against -

12  ALLSTATE INSURANCE COMPANY, et al.,

13              Defendants.

14  - - - - - - - - - - - - - - - - - - - - - -x

15

16              United States Bankruptcy Court

17              One Bowling Green

18              New York, New York

19

20              July 10, 2012

21              10:07 AM

22

23  B E F O R E:

24  HON. MARTIN GLENN

25  U.S. BANKRUPTCY JUDGE

**RESIDENTIAL CAPITAL, LLC, ET AL.** 35

1  THE COURT: Mr. and Mrs. Burris, so you understand how
2  we're going to proceed? I'm going to have Mr. Rosenbaum or one
3  of his colleagues -- because they're in agreement to lift the
4  stay for the purposes of allowing this mediation, hopefully the
5  conclusion of a settlement, to proceed. And the debtors'
6  counsel, Mr. Rosenbaum or one of his colleagues will get you a
7  proposed order. If it's an agreeable form, let him know. And
8  he'll share it also with the committee. And hopefully no
9  further hearing will be required. The order will be entered,
10 and you'll get notice of that. Okay?
11        MS. BURRIS: Thank you very much, Your Honor.
12        THE COURT: Thank you.
13        MS. BURRIS: We appreciate it.
14        THE COURT: Thank you Mr. and Mrs. Burris.
15        Okay, next matter?
16        MR. ROSENBAUM: Your Honor, the next motion for stay
17 relief was filed by Kenneth Taggart, who's also appearing pro
18 se. I don't know if Mr. Taggart made an appearance or not.
19        THE COURT: Mr. Taggart, are you on the phone?
20        MR. TAGGART: Yes, I am. Can you hear me?
21        THE COURT: Yes, I can. Go ahead and tell me what you
22 want to say.
23        MR. TAGGART: Yeah, hi. This is Ken Taggart calling
24 in reference to the motion that was filed in court. I do
25 represent myself pro se. And I'm requesting actually some

**RESIDENTIAL CAPITAL, LLC, ET AL.** 36

1  clarification on the stay or limited stay in the case filed by
2  GMAC v. Taggart, which was a foreclosure complaint filed in
3  Montgomery County, Pennsylvania against myself, representing
4  myself pro se.
5      And according to counsel and the filing of the limited
6  stay, they're claiming that only -- they're able to proceed
7  with the foreclosure complaint and -- I'm sorry, there's
8  counterclaims as well filed in the -- against GMAC.  And GMAC
9  is actually -- contends that only the claims that would be
10 defending the foreclosure complaint would proceed, and any
11 claims seeking monetary damages would be stayed until the stay
12 is lifted.  It's my contention that all the counterclaims
13 actually seek relief in the form of rescission of the loan,
14 which should proceed.
15     And in addition to that, in my complaint, it basically
16 states that I would be entitled to offsets for any claims that
17 were entered in my favor as far as a judgment -- monetary
18 claims would offset any judgment in GMAC's claims.  So it is my
19 opinion that all the claims should proceed and the stay should
20 be lifted in the entire case.
21     In addition to that, I've requested for quiet title on
22 the property, retaining possession.  And there's also claims
23 for breach of contract in the counterclaims as well.  So I'm
24 basically seeking relief from stay from all the counterclaims
25 that have been filed against GMAC in that case.  And GMAC, I

1  believe, it looks like in their brief -- I only just received
2  it today -- does not clarify what their position is.  But I'm
3  seeking a relief of stay from all counterclaims against GMAC.
4          THE COURT:  Mr. Taggart, are you represented by
5  counsel in that action?
6          MR. TAGGART:  I'm not, no.  It's pro se.
7          THE COURT:  Okay.  So the record --
8          MR. TAGGART:  I'm sorry.
9          THE COURT:  -- is clear, Mr. Taggart is a defendant in
10 a state court foreclosure action pending in Montgomery County,
11 Pennsylvania, captioned GMAC Mortgage LLC v. Kenneth Taggart.
12 And in connection with the pending foreclosure, on April 28th,
13 2010, Mr. Taggart filed a third amended counterclaim against
14 GMAC Mortgage LLC, LBA Financial Group LLC, Eagle Nationwide
15 Mortgage Company, et al.  And the Taggart counterclaim alleges
16 thirty-two counterclaims against the debtors and other
17 defendants, including violations of numerous state and federal
18 statutes including RESPA and TILA.
19         Mr. Rosenbaum, do you want to respond to Mr. Taggart's
20 argument?
21         MR. ROSENBAUM:  Thank you, Your Honor.  We -- at
22 Morrison & Foerster, one of my colleagues have had extensive
23 discussions with Mr. Taggart to explain to him the scope of the
24 supplemental order.  We've explained to Mr. Taggart, after
25 consultation with our counsel in the underlying action, that

**RESIDENTIAL CAPITAL, LLC, ET AL.** 38

1  there is one of the counts that he can proceed on.  That's
2  Count number 32.
3  　　　　Based on our discussions and the evaluation of our
4  counsel, none of the others would be permitted to go forward
5  under the supplemental order that we'll be revising today.
6  We'll explain that to Your Honor when we get to that motion.
7  　　　　I don't believe that Mr. Taggart had actually sought
8  that relief.  If he's amending his motion orally at this
9  hearing, we object to the breadth of the relief that he's
10 requesting.  We have struck a very careful balance in our
11 supplemental order on foreclosure proceedings.  And this would
12 basically obliterate everything we've worked hard to try to
13 achieve.  And this would be the type of floodgate-type relief
14 that we would be very concerned about, given the volume of
15 pending foreclosure actions we have.
16 　　　　THE COURT:  Are --
17 　　　　MR. ROSENBAUM:  We are more than willing to continue
18 to work with Mr. Taggart.  If there are, perhaps, one of the
19 other counterclaims -- as I said, there's thirty-two.
20 　　　　THE COURT:  What's the thirty-second that you're
21 willing to allow to proceed?
22 　　　　MR. ROSENBAUM:  Sorry, Your Honor.  I'm going to get
23 to it in a second.
24 　　　　MR. TAGGART:  Your Honor?
25 　　　　THE COURT:  No, just a second, Mr. Taggart, I'll let

**RESIDENTIAL CAPITAL, LLC, ET AL.**                                        39

1  Mr. --

2           MR. TAGGART:  Okay, sure.

3           THE COURT:  -- I'll give you another chance.  Just --

4           MR. TAGGART:  No problem.

5           THE COURT:  -- Mr. Rosenbaum is trying to find

6  something.

7           MR. ROSENBAUM:  Just bear with me one second, Your

8  Honor.  Sorry.

9           It's a claim under the Mortgage Property Insurance

10 Coverage Act, attempting to require more money in escrow than

11 allowed by law and causing and/or illegally filing foreclosure

12 as a result of such breach.  I believe this is --

13          THE COURT:  Why are you --

14          MR. ROSENBAUM:  -- a forced placed insurance --

15          THE COURT:  -- prepared to allow that to go forward,

16 but not the other thirty-one?

17          MR. ROSENBAUM:  Based on the opinion of our counsel --

18 our local counsel handling the matter, this would be a

19 defense -- a valid defense of the foreclosure action.

20          THE COURT:  And your view as to the other thirty-one

21 is that they're not valid defenses to foreclosure?

22          MR. ROSENBAUM:  Based on what our counsel has advised

23 us, yes.

24          THE COURT:  I mean, does this -- if your counsel

25 doesn't like what somebody alleges, they just say we don't like

**RESIDENTIAL CAPITAL, LLC, ET AL.** 40

1  it, and it shouldn't be allowed; and this one, we're allow --

2  we're okay with?  Is that what's happening here?

3          MR. ROSENBAUM:  No, Your Honor.  It was a very careful

4  analysis that was undertaken at our request.  I don't have a

5  declaration or affidavit from counsel.  If that's something

6  Your Honor would think would be necessary, we could adjourn the

7  matter.  And again, we're happy to continue and explain to Mr.

8  Taggart our position on each of the other thirty-one.  But they

9  are, for the most part, monetary claims or claims that

10 Pennsylvania law does not recognize as a defense to

11 foreclosure.

12         MR. TAGGART:  Hello?

13         THE COURT:  Just a second, Mr. Taggart.

14         In your opposition to the lift stay, I mean, have you

15 set forth why the -- why one is a defense and thirty-one of

16 them are not, and therefore the stay should not be lifted as to

17 thirty-one of them but you have no problem as to one?

18         MR. ROSENBAUM:  Well, we did not do that, Your Honor.

19 Because --

20         THE COURT:  I know.

21         MR. ROSENBAUM:  -- we -- Mr. Taggart -- and I

22 understand he's pro se, and we're trying to be sensitive to

23 that -- did not seek that specific relief.  He sought

24 clarification as to the order.

25         What the order provides is that monetary claims and

**RESIDENTIAL CAPITAL, LLC, ET AL.** 41

1  claims that are not a defense to the foreclosure, are stayed by
2  the supplemental order.  I understand his position now.  If
3  Your Honor would prefer to adjourn this, we can address the
4  thirty-one other counts.
5          THE COURT:  All right.  Mr. Taggart let me give you a
6  chance to reply, briefly.
7          You understand the point --
8          MR. TAGGART:  Okay.
9          THE COURT:  Wait, let me just before you do that.  Do
10 you understand the point?  Mr. Rosenbaum's arguing that you
11 can't proceed with your monetary claims.  To the extent that
12 any of your counterclaims under applicable Pennsylvania law
13 would be a defense to foreclosure, you can proceed with those.
14 He's saying, as I understand it, that the mortgagee's counsel
15 in Pennsylvania has stated that only the thirty-second
16 counterclaim would be a defense -- if established, would be a
17 defense to foreclosure.  The other thirty-one would not.
18         What is your reply, Mr. Taggart?
19         MR. TAGGART:  Yeah, I respectfully disagree.  It's
20 clearly an attempt for counsel to take advantage of a pro se
21 litigant.  But in response to that, Truth in Lending, TILA and
22 RESPA, Real Estate Settlement Procedures Act, are all defenses
23 recognized in foreclosure claims.
24         Breach of contract of the mortgage is a defense in
25 foreclosure claims, which has been alleged.  Unfair Trade

**RESIDENTIAL CAPITAL, LLC, ET AL.** 42

1  Practices Act, Consumer Protection Law, in Pennsylvania, are
2  all defenses and claims that can be made regarding
3  foreclosures, all of which have been alleged.  It's -- clearly
4  what counsel is saying for ResCap or GMAC is clearly erroneous.
5  They're all clearly defenses that are alleged here that are
6  valid as defenses in foreclosure claims.
7             THE COURT:  Are you seeking a monetary judgment
8  against the defendants, Mr. Taggart?
9             MR. TAGGART:  Yeah -- yes, I am.
10            THE COURT:  Okay.
11            MR. TAGGART:  I'm seeking monetary judgment in claims,
12 but I'm also seeking --
13            THE COURT:  Okay, but Mr. Taggart, the one thing I
14 want to be clear about is, I am not lifting -- I have not
15 lifted the stay, and I'm not going to lift the stay to permit
16 monetary claims to proceed against any of the debtors.  So --
17            MR. TAGGART:  Your Honor, I unders -- I fully
18 understand what you're saying.  I guess then -- I guess my
19 point would be that I should be able to proceed with the claims
20 regarding defenses.  I mean, obviously, if they're not able to
21 award monetary judgment at this point, and that would be
22 stayed.  Obviously, it's my right to allege breach of contract,
23 Truth in Lending and RESPA claims are all defenses, you know,
24 in the mortgage foreclosure defense.
25            THE COURT:  All right.  Let me stop you for a second,

**RESIDENTIAL CAPITAL, LLC, ET AL.**                     43

1  Mr. Taggart.

2           Mr. Rosenbaum, you disagree as to whether RESPA and
3  TILA are defenses to foreclosure?
4           MR. ROSENBAUM:  In Pennsylvania, I'm advised that
5  they're not, Your Honor.
6           THE COURT:  Okay.  Here's where we're going to
7  proceed.  Stop, Mr. Taggart.
8           MR. TAGGART:  I'm sorry.
9           THE COURT:  Mr. Rosenbaum, I'm not satisfied that
10 you've sufficiently addressed, other than telling me that your
11 counsel in Pennsylvania says they're not a defense to
12 foreclosure under Pennsylvania law.  So I'm going to adjourn
13 this matter.  I'm going to give you a further chance to see if
14 you can reach an agreement with Mr. Taggart as to which claims
15 could proceed or which could proceed.

16          It may be that the appropriate way to deal with it --
17 but I'm not compelling you to do this -- is to put it in an
18 agreed order that the claims can proceed only to the extent
19 that they would be a defense to foreclosure under Pennsylvania
20 law, and that no monetary judgment or award may be rendered,
21 and then leave it to a Pennsylvania judge to figure out what
22 Pennsylvania law is as to the thirty-two counterclaims.  I
23 don't particularly want to have to go through thirty-two
24 counterclaims and decide under Pennsylvania law which ones are
25 proper defenses to foreclosure and which are not.

**RESIDENTIAL CAPITAL, LLC, ET AL.**                                         44

1   All I can say is, I don't believe your opposition to
2   this motion adequately addresses those issues.  So I don't feel
3   I can, at this stage, rule.  So I'm going to adjourn the matter
4   to July 24th.  In the meantime, you or your colleagues should
5   try to reach an agreement or understanding with Mr. Taggart.
6   If you do that and submit a consent order, I'll go ahead and
7   act on that without the necessity of the further hearing on
8   July 24th.  Otherwise, you're going to have to file an
9   additional brief --
10            MR. TAGGART:  Hello?
11            THE COURT:  Just a second, Mr. Taggart.
12            MR. TAGGART:  Hello?
13            THE COURT:  Just a second, Mr. Taggart.
14            MR. TAGGART:  Oh.
15            THE COURT:  The debtor will have to file an
16  additional -- if you can't resolve this, Mr. Rosenbaum, the
17  debtor's going to have to file an additional brief on or before
18  5 p.m. on July 17th, one week from today, addressing the issues
19  of whether these thirty-two counterclaims are a proper defense
20  to foreclosure under Pennsylvania law.
21            And Mr. Taggart, I will give you until 5 p.m. Friday,
22  July 20th, to file any reply.  So Mr. Rosenbaum, make sure that
23  Mr. Taggart -- because he may not have access to ECF -- that
24  you either arrange to fax him or e-mail him a copy of whatever
25  further brief you file, so that he has it promptly and has a

**RESIDENTIAL CAPITAL, LLC, ET AL.** 45

1  chance by Friday the 20th at 5 p.m., to file any further reply.

2  And the matter will be continued to July 24th. Okay.
3  Thank you, Mr. Taggart.

4  MR. TAGGART: Your Honor, can I say one thing -- a
5  couple things here?

6  THE COURT: Very brief.

7  MR. TAGGART: Yes. I will be out of town on July 24th
8  visiting family for ten days. I just wonder if that could be
9  continued until --

10  THE COURT: It -- look, you're participating by phone.
11  You can participate by phone from wherever you are. Hopefully
12  you can work this out before then. Are you going to be in
13  transit on the 24th?

14  MR. TAGGART: On the 24th, let me check. I don't
15  believe so. No, I will not. No.

16  THE COURT: No. You can participate by phone from
17  wherever you are.

18  MR. TAGGART: Okay. So the hearing's on the 24th at
19  what --

20  THE COURT: Yes, it is.

21  MR. TAGGART: -- do you have a time?

22  THE COURT: At 10 a.m.

23  MR. TAGGART: 10 a.m. Okay. 10 o'clock a.m.

24  THE COURT: Mr. Taggart, just so we're clear. I am
25  not going to lift the stay -- I want to make it crystal clear

| | RESIDENTIAL CAPITAL, LLC, ET AL. | 46 |

```
 1  to you -- I'm not going to lift the stay to permit you to
 2  proceed with counterclaims seeking monetary relief.  Only -- I
 3  will consider lifting it; I'm not saying I will -- I will
 4  consider lifting it only to the extent that the counterclaims
 5  you have asserted are defenses to foreclosure under
 6  Pennsylvania law.
 7          So hopefully, when you talk with Mr. Rosenbaum or one
 8  of his colleagues, don't think that there's going to be an end
 9  run about this rule.  Any order that gets entered, if I were to
10  lift the stay, the order will make clear that it does not
11  permit any counterclaims to proceed to the extent that they
12  seek any monetary relief.  Okay.
13          MR. TAGGART:  Okay, yeah.  I understand that.  Yes.
14          THE COURT:  All right.  We've got to move on to the
15  next matter.
16          MR. TAGGART:  Okay.  All right, thank you, Your Honor.
17          THE COURT:  Thank you, Mr. Taggart.  And you're
18  excused.
19          MR. TAGGART:  Thank you.
20          THE COURT:  Go ahead, Mr. Rosenbaum.
21          MR. ROSENBAUM:  The next motion is the motion of
22  Yvonne and Sidney Lewis for relief from the automatic stay.  I
23  don't know if they've made an appearance or not, Your Honor.
24          THE COURT:  All right.  Are Mr. or Mrs. Lewis on the
25  phone?
```