Richard M. Cieri
Ray C. Schrock
Stephen E. Hessler
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

Counsel for Ally Financial Inc. and Ally Bank

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC., et al. | ) ) ) | Case No. 12-12020 (MG) |
| Debtors. | ) ) ) | Jointly Administered |

**STATEMENT OF ALLY FINANCIAL INC. REGARDING
DEBTORS' KEIP/KERP MOTION AND
DEBTORS' PREPETITION AND POSTPETITION EMPLOYEE COMPENSATION**

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

Ally Financial Inc. ("***AFI***") hereby submits this statement regarding the *Debtors' Motion for an Order Pursuant to Sections 363(b)(1) and 503(c)(3) of the Bankruptcy Code Authorizing (I) Implementation of (A) a Key Employee Retention Plan for Certain Non-Insiders and (B) a Key Employee Incentive Plan for Certain Insiders and (II) Payment of Any Obligations Arising thereunder as Administrative Expenses* [ECF No. 812] (the "***KEIP/KERP Motion***")[1]—as well as the Debtors' prepetition and postpetition employee compensation practices. AFI respectfully submits as follows:

---

[1]   Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the KEIP/KERP Motion.

**Preliminary Statement**

1.  Following the Debtors' filing of their KEIP/KERP Motion, AFI reiterated to the Debtors the need for the proposed plans to comply with the limitations on employee compensation imposed by the Troubled Asset Relief Program ("**TARP**") on AFI and the Debtors.[2] Following these discussions, the Debtors have agreed in principle to a number of revisions to be incorporated into the form of a proposed final order for the KEIP/KERP Motion that ensure AFI's and the Debtors' continued compliance with TARP. Accordingly, based on the agreed terms to be set forth in the proposed final order, AFI has no issue with the Court's approval of the KEIP/KERP Motion.

2.  Relatedly, consistent with AFI's practice of full disclosure to the Court and parties in interest of key issues between AFI and the Debtors, AFI also is submitting this statement to provide a summary update regarding the status of negotiations between AFI and the Debtors regarding ResCap's prepetition and postpetition employee compensation practices. Specifically, AFI and the Debtors have reached a tentative agreement as to which entity will remit payment on account of compensation related to TARP issued to employees of the Debtors prior to and after the Petition Date. Upon finalizing the terms of the tentative agreement described herein, AFI understands the Debtors will promptly file a motion to provide additional disclosure and obtain the requisite Court approvals described further herein.

**KEIP/KERP Motion**

3.  As described in the Debtors' previously filed *Supplemental Disclosure by George Crowley, Senior Human Resources Director, Concerning Debtors' Employee Compensation Practices* [ECF No. 426] (the "***Supplemental Crowley Disclosure***"), as a result of AFI having

---

[2] AFI had no involvement in the development of the Debtors' proposed KEIP or KERP.

received funds under TARP, the United States Government has imposed limitations on the amount, form, and timing of compensation paid to certain employees of AFI and its subsidiaries, including the Debtors and their top executives.

4. Further, during their chapter 11 cases, due to their status as a subsidiary of a TARP recipient, the Debtors are required to continue to adhere to the compensation structures for their employees that comply with TARP Standards and are within the constraints outlined in the U.S. Department of the Treasury's Office of the Special Master (the "*OSM*") determination letters.

5. On July 17, 2012, the Debtors filed the KEIP/KERP Motion seeking authority to pay incentive and retention bonuses to certain of their employees. Some of the proposed payments, due to the TARP-designated status of the proposed recipients, must comply with TARP restrictions.

6. Accordingly, following the Debtors' filing of the KEIP/KERP Motion, to gain a better understanding of the potential TARP compliance implications, AFI requested information from the Debtors regarding the identity of the KEIP and KERP recipients, and the amount, form, and timing of any proposed awards, to which the Debtors promptly responded.

7. Following this exchange of information, the Debtors have worked with AFI to reach agreement on the form of a proposed final order that satisfies AFI's TARP and OSM requirements. To that end, AFI requested provisions in the proposed form of final order to address the following assurances:

> (i) confirmation the Debtors will not make or accrue any payments under either the KEIP and KERP to employees whose total compensation ranks them among the Top 25 as indicated in the KEIP/KERP Motion;
>
> (ii) confirmation the KEIP and KERP comply with all the restrictions of TARP, and that the Debtors will make such revisions as necessary to comply with any future changes to TARP, including any future determination letters issued by

3

the OSM;

(iii) confirmation the Debtors shall defer 50% of all KEIP or KERP cash payments to a single Debtor employee that is within the Next 75 (as explained in the Supplemental Crowley Disclosure) who has total cash compensation of greater than $500,000 for at least one year, unless otherwise permitted by the OSM;

(iv) identification of the Debtors' executives who will certify that the KEIP and KERP comply with TARP;

(v) confirmation that any employee award letters or similar documentation will include a clawback feature that complies with TARP, Federal Reserve Board, and other statutory or regulatory requirements;

(vi) confirmation that any Salary Stock (as explained in the Supplemental Crowley Disclosure) issued under the KEIP and KERP will be in the form that complies with all applicable TARP requirements;

(vii) confirmation that, to the extent that AFI makes any payments on account of Salary Stock issued under the KEIP and KERP, the Debtors will promptly reimburse AFI for such payments; and

(viii) confirmation the Debtors will provide AFI advance copies of the full KEIP and KERP plan documents, any employee award letters or similar documentation, and/or any full compensation plans drafted by the Debtors prior to the implementation of such documents, for the limited purpose of AFI's review for TARP compliance.

8. AFI understands that the Debtors intend to file a revised proposed order that includes the appropriate provisions addressing these TARP prerequisites. Upon that filing, AFI has no issue with the Court's approval of the KEIP/KERP Motion.

## AFI-Debtors Tentative Agreement Regarding
## Prepetition and Postpetition Compensation Practices

9. As described in the Supplemental Crowley Declaration, also as a result of TARP restrictions, certain of the Debtors' top management receive varying forms of compensation for which payments on account of such compensation are made at a future date (collectively, the "***TARP Compensation***"). Following the Petition Date, the Debtors' and AFI's senior management and their respective compensation committees engaged in discussions regarding

4

which entity would remit payments on account of certain compensation issued prior to the Petition Date to employees of the Debtors, and TARP Compensation issued to certain of the Debtors' employees both prior to, and on and following, the Petition Date (collectively, the "***Employee Compensation***").

10. AFI has reached a tentative agreement (the "***Tentative Agreement***") with the Debtors on a resolution regarding the payments to be made on account of the Employee Compensation. The principal terms of the Tentative Agreement provide that AFI shall pay:

(i) approximately $25.3 million on account of Employee Compensation issued prior to the Petition Date to employees of the Debtors who were employed by ResCap at the time the TARP Compensation was issued;

(ii) approximately $1.2 million on account of Employee Compensation issued prior to the Petition Date to persons who were employed by the Debtors at the time the TARP Compensation was issued but were terminated prepetition by ResCap; and

(iii) approximately $22.5 million on account of Employee Compensation issued prior to the Petition Date to employees of the Debtors who were employed by AFI at the time the TARP Compensation was issued.

11. In exchange for such payments, AFI is to receive a release from the Debtors (subject to Court approval) and the relevant employees receiving the aforementioned payments. AFI also has agreed, upon the requisite request from the Debtors' compensation committee, and satisfaction of the other terms of the Tentative Agreement, to support implementation of an OSM ruling that would accelerate the payment of certain TARP Compensation.

12. Pursuant to the terms of the Tentative Agreement, the Debtors, in turn, agree that they will, after obtaining Court approval, reimburse AFI from an escrow account for approximately $9 million in payments to be made on account of TARP Compensation issued to certain top executives of the Debtors on or following the Petition Date.

13. AFI has previewed the Tentative Agreement with the official committee of

5

unsecured creditors, and will engage in further discussions with the committee, and the Office of the United States Trustee, upon its completion. AFI also has been advised by the Debtors that they are conducting similar discussions.

14. Subject to finalizing the Tentative Agreement, full disclosure of its terms, and Court approval of the motion to be filed by the Debtors, AFI supports the payment of the TARP Compensation to the Debtors' employees.

| | |
|---|---|
| New York, New York<br>Dated: August 1, 2012 | */s/ Stephen E. Hessler*<br>Richard M. Cieri<br>Ray C. Schrock<br>Stephen E. Hessler<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, New York  10022<br>Telephone:    (212) 446-4800<br>Facsimile:      (212) 446-4900<br><br>Counsel for Ally Financial Inc. and Ally Bank |