UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | ) | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## AFFIDAVIT OF DISINTERESTEDNESS

STATE OF CALIFORNIA )
                              ) ss:
COUNTY OF ORANGE )

    **STUART B. WOLFE**, being duly sworn, upon his/her oath, deposes and says:

    1.    I am a Partner of Wolfe & Wyman LLP, located at 2301 Dupont Drive, Irvine, California 92612-7531 (the "Firm").

    2.    The above-captioned debtors and debtors-in-possession (each a "Debtor" and collectively the "Debtors") have requested that the Firm provide legal services to the Debtors, and the Firm has consented to provide such services.

    3.    The Firm may have performed services in the past, may currently perform services, and may perform services in the future, in matters unrelated to the above-captioned cases (the "Chapter 11 Cases"), for persons that are parties-in-interest in the Debtors' Chapter 11 Cases. The Firm does not perform services for any such person in connection with these Chapter 11 Cases; and the scope of any relationship the Firm has or will have with any such person, their attorneys, or accountants will not require the Firm to be adverse to the Debtors or their estates, except as noted in paragraph 7 of this Affidavit.

1124453.1

4.  As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these Chapter 11 Cases,

5.  Neither I nor any partner of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Firm.

6.  Neither I nor any partner of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which this Firm is to be employed.

7.  The Debtors owe the Firm $44,397.56 for prepetition services (composed of $39,739.00 in fees and $4,658.56 in costs), the payment of which is subject to limitations contained in the United States Bankruptcy Code, 11 U.S.C. § 101, et seq.

8.  As of the Petition Date, the Firm was not party to an agreement for indemnification with certain of the Debtors

9.  The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.

\\

\\

\\

1124453.1

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 26, 2012

_____
STUART B. WOLFE

Sworn to and subscribed before me
this 26th day of July, 2012

_____
Notary Public

REBECCA S. NICHOLS
Commission # 1818971
Notary Public - California
Orange County
My Comm. Expires Oct 21, 2012

1124453.1

# Jurat

State of California

County of __ORANGE__

Subscribed and sworn to (or affirmed) before me on this __26th__ day of __July__,
20 __12__ by __Stuart B. Wolfe__,

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

__Rebecca S. Nichols__ (Notary Seal)
Signature

REBECCA S. NICHOLS
Commission # 1818971
Notary Public - California
Orange County
My Comm. Expires Oct 21, 2012

## OPTIONAL INFORMATION

DESCRIPTION OF THE ATTACHED DOCUMENT

__AFFIDAVIT OF__
(Title or description of attached document)

__DISINTERESTEDNESS__
(Title or description of attached document continued)

Number of Pages __3__ Document Date __7/26/12__

_____
(Additional information)

INSTRUCTIONS FOR COMPLETING THIS FORM
*The wording of all Jurats completed in California after January 1, 2008 must be in the form as set forth within this Jurat. There are no exceptions. If a Jurat to be completed does not follow this form, the notary must correct the verbiage by using a jurat stamp containing the correct wording or attaching a separate jurat form such as this one which does contain proper wording. In addition, the notary must require an oath or affirmation from the document signer regarding the truthfulness of the contents of the document. The document must be signed AFTER the oath or affirmation. If the document was previously signed, it must be re-signed in front of the notary public during the jurat process.*

- State and County information must be the State and County where the document signer(s) personally appeared before the notary public.
- Date of notarization must be the date that the signer(s) personally appeared which must also be the same date the jurat process is completed.
- Print the name(s) of document signer(s) who personally appear at the time of notarization.
- Signature of the notary public must match the signature on file with the office of the county clerk.
- The notary seal impression must be clear and photographically reproducible. Impression must not cover text or lines. If seal impression smudges, re-seal if a sufficient area permits, otherwise complete a different jurat form.
  ❖ Additional information is not required but could help to ensure this jurat is not misused or attached to a different document.
  ❖ Indicate title or type of attached document, number of pages and date.
- Securely attach this document to the signed document

2008 Version CAPA v1.9.07  800-873-9865  www.NotaryClasses.com

*In re Residential Capital, LLC*, et al.
Chapter 11 Case No. 12-12020 (MG)

# RETENTION QUESTIONNAIRE[1]

TO BE COMPLETED BY PROFESSIONALS EMPLOYED BY RESIDENTIAL CAPITAL, LLC, et al. (the "Debtors")

THIS QUESTIONNAIRE WILL BE FILED WITH THE COURT ON YOUR BEHALF. PLEASE REMIT IT TO THE FOLLOWING ADDRESS:

> Morrison & Foerster LLP
> 1290 Avenue of the Americas
> New York, New York 10104
> Attn: Norman S. Rosenbaum and Jordan A. Wishnew

All questions **must** be answered. Please use "none," "not applicable," or "N/A," as appropriate. If more space is needed, please complete on a separate page and attach.

1. Name and address of firm:

   **WOLFE & WYMAN LLP**
   **2301 Dupont Drive, Suite 300**
   **Irvine, CA 92612-7531**

2. Date of original retention: **February 2006**

3. Brief description of legal services to be provided:

   - **Litigation defense, typically in defense of borrower liability claims.**

   - **Other litigation and counsel, on ad hoc basis.**

4. Arrangements for compensation (hourly, contingent, etc.)

   (a) Average hourly rate (if applicable):

   **All firm partners, associates and other attorneys: $195.00/hour.**

   **All paralegals: $125.00/hour.**

   (b) Estimated average monthly compensation (based on prepetition retention if firm was employed prepetition):

---

[1] All amounts are either owing in U.S. Dollars or have been converted to U.S. Dollars based upon the applicable exchange rate in effect on the Petition Date.

1

1124461.1

<blockquote>

**Total: $28,405.91/Month\* [Composed of Fees: $26,238.61/Month\*; Costs: $2,167.30/Month\*]**
**\*Based on a 3-month average: 02/12-04/12. We note, however, debtor has been referring us increased volume of cases to provide representation on in last 60 days. Thus, these averages may be low as compared to future months.**

</blockquote>

5. Prepetition claims against any of the Debtors held by the firm:

   Amount of claim: **Total: $44,397.56 [Composed of Fees: $39,739.00; Costs: $4,658.56]**

   Date claim arose: **12/08/2011 – 05/13/2012**

   Source of claim: **Attorneys' fees and costs relating to Debtor's retention of Wolfe & Wyman LLP to represent Debtor and other parties in various matters (primarily litigation defense in four states).**

6. Prepetition claims against any of the Debtors held individually by any member, associate, or professional employee of the firm:

   Name: **None**

   Status: **N/A**

   Amount of Claim: **N/A**

   Date claim arose: **N/A**

   Source of Claim: **N/A**

7. Stock of any of the Debtors currently held by the firm:

   Kind of shares: **None**

   No. of shares: **None**

1124461.1

2

8. Stock of any of the Debtors currently held individually by any member, associate, or professional employee of the firm:

   Name: **None known of, except possibly via employee mutual funds (e.g., 401k, etc.)**

   Status: **N/A**

   Kind of shares: **N/A**

   No. of shares: **N/A**

9. Disclose the nature and provide a brief description of any interest adverse to the Debtors or to their estates with respect to the matters on which the above-named firm is to be employed.

   **None, except as noted in response to question No. 5 of this questionnaire.**

10. Amount of any retainer received from the Debtors held by the firm:

    (a) As of May 14, 2012: **None.**

    (b) Balance remaining after application to invoices due and owing prior to May 14, 2012: **None.**

    Name: **Stuart B. Wolfe**

    Title: **Partner**

1124461.1

3