**Hearing Date: August 8, 2012 at 2:00 p.m. (ET)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Larren M. Nashelsky
Gary S. Lee
Lorenzo Marinuzzi

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**DEBTORS' REPLY TO
OBJECTIONS TO DEBTORS' APPLICATION TO RETAIN AND EMPLOY
BRADLEY ARANT BOULT CUMMINGS LLC AS SPECIAL COUNSEL**

ny-1052825

# **TABLE OF CONTENTS**

Page

INTRODUCTION ............................................................................................................. 1

THE OBJECTIONS .......................................................................................................... 2

    A.    THE COMMITTEE OBJECTION ............................................................ 4

        (i)    BABC Representation of Ally ........................................................ 4

        (ii)    The Committee Seeks to Interfere in the Debtors' Attorney-Client Relationship with BABC ........................................................ 7

    B.    THE HOPPER OBJECTION .................................................................... 8

CONCLUSION ................................................................................................................ 10

# TABLE OF AUTHORITIES

**CASES**         **Page**

Bank Brussels v. Coan (In re Arochem Corp.), 176 F.3d 610 (2d Cir. 1999) ........................5, 6

**STATUTES**

11 U.S.C. § 327(e) .................................................................................................................5, 9

**OTHER AUTHORITIES**

H.R. Rep. No. 595, 95th Cong., 1st Sess. 328 (1977), U.S.Code Cong. & Admin.News
1977, p. 5963; S. Rep. No. 989, 95th Cong., 2d Sess. 38–39 (1978), U.S.Code Cong. &
Admin.News 1978, p. 5787 ............................................................................................7

Rules of Prof'l Conduct R. 1.6..................................................................................................7

ny-1052825

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

The above-captioned debtors and debtors in possession (collectively, the "Debtors"),[1] by and through their undersigned counsel, Morrison & Foerster LLP ("Morrison & Foerster"), hereby submit their Reply (the "Reply") to Objections to the Debtors' Application to Retain and Employ Bradley Arant Boult Cummings LLC ("BABC"). In support thereof, the Debtors rely on the Second Supplemental Declaration of Robert Maddox, dated August 6, 2012 (the "Second Supplemental Maddox Declaration"), filed contemporaneously herewith.[2] In further support thereof, the Debtors respectfully allege as follows:

## INTRODUCTION

1. As has been evident in these cases, the Debtors' restructuring efforts are very complex matters. Moreover, even in the absence of these bankruptcy cases, the Debtors' businesses cannot be operated without the assistance of their professionals.

2. BABC is the Debtors' connection to all things regulatory in these cases. It is largely through BABC that these Debtors communicate with the various federal and state regulatory agencies. It is through BABC that these Debtors will be able to interface with the numerous governmental agencies that must be consulted in order for the Debtors to sell successfully their servicing platform and other assets as is contemplated in these cases. BABC has been representing the Debtors since January 2008,[3] and its attorneys possess a deep and specialized historical knowledge of the Debtors' heavily regulated business operations.

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC in Support of the Chapter 11 Petitions and First Day Pleadings, filed with the Court on May 14, 2012 (the "Petition Date") [Docket No. 6].
[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Second Supplemental Maddox Declaration and the Supplemental Maddox Declaration (defined below).
[3] Before joining BABC in January 2008, the core group of attorneys working on the Debtors' matters was associated with another law firm where they provided legal services to the Debtors since 2002.

ny-1052825

3.       Critically, BABC represented the Debtors in connection with (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among Ally Financial Inc. ("AFI"), Ally Bank (together with AFI, "Ally"), Residential Capital LLC, GMAC Mortgage, LLC ("GMACM"), the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation (the "Consent Order"), (b) the consent judgment entered April 5, 2012, by the District Court for the District of Columbia, dated February 9, 2012 (the "DOJ/AG Settlement"); and (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012 (the "FDIA Consent Order").  That BABC also represented Ally[4] in connection with the investigation and settlement negotiations, which would not at all have been unusual given the affiliated relationships, is the source of the Official Committee of Unsecured Creditors' (the "Committee") objection.  But, as demonstrated below, that concern has been eliminated by BABC's withdrawal from its representation of Ally on these matters

4.       BABC's continued representation of the Debtors in their compliance with the Consent Order and DOJ/AG Settlement is critical to the success of the Debtors' bankruptcy cases. The Debtors would be unable to replace BABC's familiarity with the complex matters contemplated under these important agreements.  Therefore, the objections to BABC's retention by the Debtors in these Chapter 11 cases should be overruled.

**THE OBJECTIONS**

5.       On July 9, 2012, the Debtors filed the Debtors' Application Under Sections 327(e) and 328 of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1 for Authorization (i) to Employ and Retain Bradley Arant Boult Cummings LLP as Special Litigation and Compliance

---

[4]  Ally was also represented during the investigation and negotiation by the law firm of Sullivan & Cromwell LLP.

Counsel to the Debtors, *Nunc Pro Tunc* to May 14, 2012, and (ii) to Approve Alternative Billing Arrangement (the "BABC Application") [Docket No. 721].

6. Following requests for additional disclosures from the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), on July 21, 2012, Robert Maddox filed the Supplemental Declaration of Robert R. Maddox in Support of Debtors' Application Under Sections 327(e) and 328 of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1 for Authorization (i) to Employ and Retain Bradley Arant Boult Cummings LLP as Special Litigation and Compliance Counsel to the Debtors, *Nunc Pro Tunc* to May 14, 2012, and (ii) to Approve Alternative Billing Arrangement (the "Supplemental Maddox Declaration") [Docket No. 866].

7. On July 17, 2012, Patrick Hopper filed the Limited Objection of Patrick Hopper to Debtors Motion to Employ and Retain Bradley Arant Boult Cummings LLP as Special Litigation and Compliance Counsel to the Debtors (the "Hopper Objection") [Docket No. 809]. The Hopper Objection complains that BABC has somehow participated in unlawful conduct in connection with actions relating to robo-signing related matters. On July 30, 2012, Mr. Hopper filed the Declaration in Support of Limited Objection of Patrick Hopper to Debtors Motion to Employ and Retain Bradley Arant Boult Cummings LLP as Special Litigation and Compliance Counsel to the Debtors (the "Hopper Declaration") [Docket No. 940].

8. After the filing of the BABC Application, the Debtors and BABC engaged in extensive discussions with the Committee regarding BABC's retention in these cases. Additionally, BABC and the Debtors responded to the Committee's numerous requests for information regarding the services provided by BABC to the Debtors and to Ally.

9. Despite the Debtors' attempts to resolve any issues prior to the hearing on the BABC Application, on August 1, 2012, the Committee filed the Limited Objection of the Official

Committee of Unsecured Creditors with Respect to the Debtors' Application to Retain Bradley Arant Boult Cummings LLP (the "Committee Objection") [Docket No. 967].

### A.   THE COMMITTEE OBJECTION

10.   In the Committee Objection, the Committee objects to the retention of BABC because of BABC's proposed concurrent representation of the Debtors and Ally in certain matters. The Committee states that it objects to the Debtors' retention of BABC absent the following modifications: (a) BABC must terminate its representation of Ally, and any other non-debtor affiliates of the Debtors and (b) BABC "must consult with the Committee's counsel on any matters that involve Ally Bank and AFI." See Committee Objection ¶ 15.

#### (i)   BABC Representation of Ally

11.   As set forth in the Second Supplemental Maddox Declaration, the matters for which BABC currently represents Ally can be divided into three categories—Governmental and Compliance Matters, Residential Mortgage Litigation Matters, and Class Action Matters. As further disclosed in the Second Supplemental Maddox Declaration, Ally has consented to the withdrawal by BABC from its representation of Ally on all matters in which BABC has been representing Ally that relate to the Debtors or their businesses, with the exception of certain discrete litigation matters in which BABC has been jointly representing Ally and the Debtors. See Second Supplemental Maddox Declaration ¶ 8. BABC will immediately withdraw from representing Ally with respect to the Governmental and Compliance Matters, including the Consent Order, the DOJ/AG Settlement, the FDIA Consent Order, related agreements, and with respect to advising Ally about its obligations thereunder.

12.   As noted above and as addressed in more detail in the Second Supplemental Maddox Declaration, the Debtors wish to continue to employ BABC to represent their interests, as well as the interests of Ally, in certain Residential Mortgage Litigation Matters. These matters generally consist

4

of lawsuits relating to residential mortgages serviced by the Debtors, which lawsuits the Debtors are obligated to defend and in which lawsuits Ally has been named as a defendant.

13. In addition, certain of these litigations have given rise to class actions (the Class Action Matters) in which both Ally and one or more of the Debtors have been named as defendants. Ally has asked BABC to continue to represent it in the Class Action Matters, and the Debtors have consented to BABC's representation of Ally in the Class Action Matters. The interests of the Debtors and Ally with respect to the Class Action Matters are mutual and aligned. Accordingly, BABC's representation of Ally in these Class Action Matters does not cause BABC to hold any interest adverse to the Debtors in the Class Action Matters or in any other matter on which BABC is to be employed. In addition, the automatic stay has not been modified to allow any of the Class Action Matters to proceed against any of the Debtors. See Second Supplemental Maddox Declaration ¶ 11.

14. BABC's concurrent representation of the Debtors and Ally in the Residential Mortgage Litigation Matters and the Class Action Matters does not preclude BABC from being retained pursuant to section 327(e) of the Bankruptcy Code as special counsel to the Debtors. The literal language of section 327(e) states that an attorney can be retained "if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." 11 U.S.C. § 327(e). Thus, the standard for retention under section 327(e) of the Bankruptcy Code is whether the attorney holds an adverse interest with respect to the services being performed by the attorney. The Second Circuit defines an adverse interest as (1) possessing or asserting "'any economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant'" or (2) possessing "'a predisposition under circumstances that render such a bias against the estate.'" See Bank Brussels v. Coan (In re Arochem Corp.), 176 F.3d 610, 623 (2d Cir.

5

1999) (citation omitted). The Committee has not produced any evidence to indicate that BABC holds any interest adverse to the Debtors regarding the Residential Mortgage Litigation Matters and the Class Action Matters.

15.     In addition, the determination of whether an attorney that is to be retained under section 327(e) holds an adverse interest must be made on a case by case basis considering the totality of the circumstances. As the United States Court of Appeals for the Second Circuit in In re Arochem stated, "[w]hen evaluating proposed retention, a bankruptcy court 'should exercise its discretionary powers over the approval of professionals in a manner which takes into account the particular facts and circumstances surrounding each case and the proposed retention before making a decision.'" Id. at 621 (citing 3 Collier, p 327.04[a] (citing In re Harold & Williams Dev. Co., 977 F.2d 906, 910 (4th Cir.1992) ("The discretion of the bankruptcy court must be exercised in a way that it believes best serves the objectives of the bankruptcy system. Among the ultimate considerations for the bankruptcy courts in making these decisions must be the protection of the interests of the bankruptcy estate and its creditors, and the efficient, expeditious, and economical resolution of the bankruptcy proceeding.")).

16.     The Second Circuit, in In re Arochem, further stated that "where the interest of the special counsel and the interest of the estate are identical *with respect to the matter for which special counsel is retained*, there is no conflict and the representation can stand." Id. at 622 (emphasis in original). Here, BABC has already withdrawn as counsel for Ally in connection with the Government and Compliance Matters. Moreover, BABC's continued representation of Ally in the Residential Mortgage Litigation Matters and Class Action Matters is not prohibited because the Debtors and Ally's interests are mutual and aligned. Therefore, BABC does not hold any interest adverse to the Debtors with respect to the services being performed by BABC.

6

17. The retention of BABC is exactly what was intended by Congress when it drafted Section 327(e) of the Bankruptcy Code. The legislative history of Section 327(e) states that Section 327(e), "will most likely be used when the Debtor is involved in complex litigation, and changing attorneys in the middle of the case after the bankruptcy case has commenced would be detrimental to the progress of that other litigation." H.R. Rep. No. 595, 95th Cong., 1st Sess. 328 (1977), U.S.Code Cong. & Admin.News 1977, p. 5963; S. Rep. No. 989, 95th Cong., 2d Sess. 38–39 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787. Exemplified in many of the pleadings filed in these Chapter 11 cases, the negotiations leading up to and resulting in the Consent Order and DOJ/AG Settlement are highly complex matters. If the BABC Application is not approved, the Debtors' ability to perform the required obligations would be unlikely if not impossible.

**(ii)    The Committee Seeks to Interfere in the Debtors' Attorney-Client Relationship with BABC**

18. In the Committee Objection, the Committee also requests that the Court require BABC to "consult with the Committee's counsel on any matters that involve Ally Bank and AFI" (the "Consultation Request"). See Committee Objection ¶ 15. The Court should deny the Committee's Consultation Request because such a requirement would compromise BABC's ethical obligations to its clients and subvert the attorney-client relationship with the Debtors. Moreover, it is wholly unworkable.

19. The Consultation Request would obligate BABC to disclose confidential information to the Committee. Under the Rules of Professional Conduct, an attorney is barred from revealing confidential information relating to the representation of a client unless the client consents. See Rules of Prof'l Conduct R. 1.6. Thus, BABC is precluded from disclosing confidential information about Ally without Ally's consent. While Ally has consented to BABC's continued representation of the Debtors, Ally has not consented to BABC's disclosure of confidential information relating to

7

its representation of Ally.  Therefore, the Consultation Request is unreasonable because the Committee seeks to compel BABC to violate its ethical duties to its clients.  Moreover, such a consultation requirement is intrusive on the Debtors' ability to request and receive legal advice from its selected attorneys.

20.     For the foregoing reasons, the Debtors respectively request that the Committee Objection to the BABC Application be overruled.

### B.     THE HOPPER OBJECTION

21.     Mr. Hopper is currently a defendant in a litigious foreclosure action initiated by GMACM in Florida in December 2009, in which GMACM is represented by BABC (the "Foreclosure Proceeding").[5]  Mr. Hopper has filed several affirmative defenses and counterclaims in the Foreclosure Proceeding, and has now filed the Hopper Objection, which is a convoluted and unfounded objection to the BABC Application based on such Foreclosure Proceeding.

22.     In the Hopper Objection, Mr. Hopper cites to BABC's defense of the Debtors in robo-signing[6] related matters as a reason that BABC should not be compensated as special litigation and compliance counsel in the Debtors' future matters.  In addition, because Mr. Hopper does not agree with the propositions advocated by BABC in the Foreclosure Proceedings, Mr. Hopper asserts that BABC has taken "inaccurate, false and misleading statements and discovery."  Yet, despite these baseless allegations, it should be noted that Mr. Hopper has not filed any requests for sanctions in the Foreclosure Proceeding.  Additionally, BABC does not believe that it has engaged in any misconduct in the Foreclosure Proceeding.  See Supplemental Maddox Declaration ¶ 34.  Consequently, the retention of BABC as Special Litigation and Compliance Counsel to the Debtors should be approved *nunc pro tunc* to May 14, 2012.  Moreover, BABC should not be required to, as

---

[5]  The Foreclosure Proceeding refers to GMAC Mortgage, LLC v. Hopper, Case No. 09-11026 (Fla. Cir. Ct.).
[6]  The term "robo-signing" refers to the practice of a bank representative signing documents, such as affidavits, without verifying the content of such documents.

Mr. Hopper requests, provide a sworn statement verifying the compliance and accuracy of documents filed by BABC because BABC has not engaged in improper practices.

23.    The Hopper Objection also requests that, before BABC proceeds with prosecution, a process be established for the appointment of an independent special counsel for the purpose of reviewing and, as needed, correcting any inaccuracies in current cases where the Debtors are represented by BABC, and, where possible, settling such cases. Such request is merely an inappropriate attempt on the part of Mr. Hopper to force GMACM, through its counsel BABC, to litigate the Foreclosure Proceeding in manner that it is more favorable to Mr. Hopper. The appointment of an independent special counsel in this case for the purpose of reviewing BABC's current cases is not warranted and would be unduly burdensome and costly to the Debtors and their estates.

24.    In addition, the Hopper Objection, without any evidence to support its assertions, implies that BABC may lack the "impartiality" required of professionals under section 327 of the Bankruptcy Code. However, attorneys retained under section 327(e), as requested in the BABC Application, are not held to the same disinterestedness standard as other retained professionals. In fact, section 327(e) of the Bankruptcy Code specifically allows for the retention of "an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." 11 U.S.C. § 327(e). BABC satisfies such standard because, as set forth in the BABC Application, the Maddox Declaration, the Supplemental Maddox Declaration and the Second Supplemental Maddox Declaration, BABC does not hold an interest adverse to the Debtors' estates with respect to the matters on which BABC is to be employed.

25.    For the foregoing reasons, the Debtors respectfully request that the Hopper Objection to the BABC Application be overruled.

9

## **CONCLUSION**

Accordingly, for the reasons set forth herein the Debtors respectfully request, (a) that the Committee Objection be overruled, (b) that the Hopper Objection be overruled, (c) that the BABC Application be approved *nunc pro tunc* to May 14, 2012, and (d) such other and further relief as this Court deems just and proper.

Dated: August 6, 2012
       New York, New York

                                                 */s/* Lorenzo Marinuzzi
                                                 Larren M. Nashelsky
                                                 Gary S. Lee
                                                 Lorenzo Marinuzzi
                                                 MORRISON & FOERSTER LLP
                                                 1290 Avenue of the Americas
                                                 New York, New York 10104
                                                 Telephone: (212) 468-8000
                                                 Facsimile: (212) 468-7900

                                                 *Counsel for the Debtors and*
                                                 *Debtors in Possession*

ny-1052825