**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------------
                                                            )
    In re:                                                  )   Case No. 12-12020 (MG)
                                                            )
    RESIDENTIAL CAPITAL, LLC, et al.,                       )   Chapter 11
                                                            )
                                    Debtors.                )   Jointly Administered
                                                            )
---------------------------------------------------------------------------

**SECOND SUPPLEMENTAL DECLARATION OF ROBERT R. MADDOX IN SUPPORT OF DEBTORS' APPLICATION UNDER SECTIONS 327(e) AND 328 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 2014(a) AND LOCAL RULE 2014-1 FOR AUTHORIZATION (I) TO EMPLOY AND RETAIN BRADLEY ARANT BOULT CUMMINGS LLP AS SPECIAL LITIGATION AND COMPLIANCE COUNSEL TO THE DEBTORS, *NUNC PRO TUNC* TO MAY 14, 2012, AND (II) TO APPROVE ALTERNATIVE BILLING ARRANGEMENT**

Pursuant to sections 327, 328 and 329 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(b) and 28 U.S.C. § 1746, Robert R. Maddox declares:

1. I am a partner of the firm of Bradley Arant Boult Cummings LLP ("BABC"), One Federal Place, 1819 Fifth Avenue North, Birmingham, Alabama 35203 and am admitted to practice law before the Courts of the States of Alabama, Georgia, New York, Oklahoma, Tennessee, Texas, and the District of Columbia, and before the U.S. District Courts for the Middle, Northern, and Southern Districts of Alabama, the Middle District of Georgia, and the Eastern, Northern, and Southern Districts of Texas, and before the U.S. Court of Appeals for the Fifth Circuit.

2. I am authorized to submit this second supplemental declaration (the "Second Supplemental Maddox Declaration") on behalf of BABC.

1

ny-1053142

3. On July 9, 2012, I submitted my declaration (the "Original Maddox Declaration")[1] in support of the application filed by Residential Capital, LLC ("ResCap") and its affiliated debtors (collectively, the "Debtors") seeking authorization to employ BABC as special litigation and compliance counsel to the Debtors *nunc pro tunc* to May 14, 2012, and to approve BABC's alternative billing arrangement with the Debtors (the "Application") [Dkt. No. 721]. On July 21, 2012, I submitted my supplemental declaration (the "First Supplemental Maddox Declaration") [Dkt. No. 866] and, together with the Original Maddox Declaration, the "Maddox Declaration") in support of the Application.

4. Facts set forth in this Second Supplemental Maddox Declaration are based upon my personal knowledge and upon information from, and discussions I or other BABC personnel reporting to me have had with, certain of my colleagues and the personnel at BABC.

5. I am submitting this Second Supplemental Maddox Declaration in response to (a) the limited objection to the Application (the "Committee's Limited Objection") [Dkt. No. 967] filed by the Official Committee of Unsecured Creditors (the "Committee") and (b) the declaration filed by Patrick Hopper (the "Hopper Declaration") [Dkt. No. 940] in support of the limited objection previously filed by him to the Application (together with the Hopper Declaration, the "Hopper Objection") [Dkt. No. 809].

6. If I were called upon to testify, I could and would testify competently to the facts set forth herein based, *inter alia,* upon the aforesaid review and input.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Maddox Declaration.

**RESPONSE TO THE COMMITTEE'S LIMITED OBJECTION**

7. In the Committee's Limited Objection, the Committee objected to the Debtors' engagement of BABC because of BABC's proposed concurrent representation of two non-debtor affiliates of the Debtors, Ally Financial, Inc. ("AFI") and Ally Bank ("Ally Bank" and, together with AFI, "Ally"), along with the Debtors, in certain discrete matters. The Committee stated that it objected to the Debtors' retention of BABC absent the following modifications: (a) BABC must terminate its representation of Ally, and any other non-debtor affiliates of the Debtors, so as to be able to advise the Debtors on matters that may be adverse to Ally and (b) BABC "must consult with the Committee's counsel on any matters that involve Ally Bank and AFI." *See Committee's Limited Objection,* ¶ 15.

8. BABC has conferred with representatives of the Debtors and of Ally regarding the Committee's first condition. Ally consents to BABC immediately withdrawing from its representation of Ally on all matters in which BABC has been representing Ally which relate to the Debtors or their businesses, with the exception of certain discrete litigation matters that BABC has been handling (as more particularly described below, the "Residential Mortgage Litigation Matters"). Among other things, BABC shall immediately withdraw from representing Ally with respect to the Governmental Matters and the Compliance Matters, including any continuing work with respect to the Consent Order, the Consent Judgment, and the Related Agreements and with respect to advising Ally about its obligations thereunder. In granting such consent, Ally understands and has acknowledged the possibility that the Debtors' interests in these matters potentially could become materially adverse to the interests of Ally with respect thereto and has consented to BABC being adverse to Ally with respect to such matters; provided, however, Ally has conditioned its consent to BABC's continued representation of the Debtors in

3

the foregoing matters upon BABC agreeing not to represent the Debtors in any litigation that might be brought against Ally. BABC has discussed this condition with the Debtors' representatives, and the Debtors have confirmed that they understand such condition, that they wish to continue to employ BABC even under such condition, and that the Debtors will utilize other counsel in the event that they pursue litigation against Ally.

9. As noted above, the Debtors wish to continue to employ BABC to represent their interests, as well as the interests of Ally, in the Residential Mortgage Litigation Matters. Most of the Residential Mortgage Litigation Matters are lawsuits relating to residential mortgages serviced by the Debtors which lawsuits the Debtors are obligated to defend and in which lawsuits Ally has been named as a defendant. BABC has discussed with counsel for the Committee the scope and nature of BABC's representation of the Debtors and Ally in these Residential Mortgage Litigation Matters.

10. In addition, several of the Residential Mortgage Litigation Matters are class actions in which both Ally and one or more of the Debtors have been named as defendants (the "Class Action Matters"). The Class Action Matters include the following cases:

(a) *Brown v. Mortgage Electronic Registration System, Inc. et al., Case No 6:11-CV-06070, Western District of Arkansas.* Plaintiff, in her individual and official capacity as a county recording clerk, filed this putative class action on behalf of herself and all other clerks in the State of Arkansas. Both Ally and one of the Debtors, GMAC Mortgage LLC ("GMACM"), have been named as defendants, along with numerous other members of MERS involved in the residential mortgage servicing industry. Complaint alleges that, through the creation and use of the MERS system, MERS and its members conspired to deprive the county clerks of recording fees allegedly due them. The plaintiff is currently in the process of amending her complaint to dismiss her claims against GMACM, which claims remain subject to the automatic stay.

(b) *LaFitte v. Ally Financial, Inc., et al., Case No.* 3:10-cv-02820-MBS*, U.S. District Court for District of South Carolina.* This case involves class action claims against GMAC Mortgage and Ally

4

ny-1053142

involving allegations of fraudulent "robo-signed" affidavits and assignments. The entire lawsuit has been stayed by the trial court pending the completion of the Debtors' bankruptcy.

(c) *Chatman, et al., v. GMAC Mortgage Corp., et al., Case No. CV-2008-900015, Circuit Court of Barbour County, Alabama.* This case involves class claims against Ally, GMACM, and GMAC Mortgage Corporation (now known as GMACM) alleging that they charged excessive, unauthorized and fraudulent fees for such things as property inspections, Speedpay phone payments, faxed payoff statements, and the like. Ally was not originally named as a defendant, but was added by the plaintiffs only after the Debtors filed for bankruptcy.

(d) *Donaldson, et al., v. GMAC Mortgage, LLC, et al., Case No. SU-09-CV3359D, Superior Court of Muscogee County, Georgia.* This is a class action against GMACM, GMAC LLC, and Ally. The claims asserted are substantially similar to those in the *Chatman* case described above. Unlike in *Chatman*, Ally was originally named a defendant in this matter when the case was filed prepetition.

(e) *Robinson v. Homecomings Financial LLC, f/k/a Homecomings Financial Network, Inc., Case No. CV-2008-900007.00, Circuit Court of Barbour County, Alabama.* This is a class action against one of the Debtors, Homecomings Financial, LLC, and Ally. The claims asserted are substantially similar to those in the *Chatman* case described above. As was the case in *Chatman*, Ally was not originally named a defendant in this case, but was added as a party only after Homecomings filed for bankruptcy.

11. As the automatic stay has not been modified to allow any of the Class Action Matters to proceed against any Debtors, BABC does not foresee that it will need to perform any further services on behalf of any of the Debtors in these lawsuits.

12. Ally has asked BABC to continue to represent it in these Class Action Matters. The Debtors have consented to BABC's representation of Ally in these Class Action Matters. The interests of the Debtors and Ally with respect to the Class Action Matters are mutual and aligned. Accordingly, BABC's representation of Ally in these Class Action Matters

5

does not cause BABC to hold any interest adverse to the Debtors in the Class Action Matters or in any other matter on which BABC is to be employed.

13. As for the Committee's second condition – that BABC "must consult with the Committee's counsel on any matters that involve Ally Bank and AFI" – BABC frankly does not understand what the Committee is asking of it. BABC is concerned that the Committee, in seeking its "consultation condition" to BABC's employment, is seeking to compromise BABC's ethical obligations to its client. BABC understands that, if its employment is approved, its clients will be the Debtors, and BABC will represent the Debtors' interests diligently and zealously and, of course, will consult with the Debtors about the matters upon which BABC is engaged, whether they involve Ally or not. BABC is not opposed to conferring with the Committee so long as BABC's client, the Debtors, authorize such communications. BABC does not see how it ethically could agree that it "must consult" with someone that is not its client without its client's consent.

14. Moreover, the Committee's "consultation condition" seems intended to obligate BABC to disclose to the Committee any information that BABC might have about Ally. Under the Rules of Professional Conduct, an attorney is barred from revealing confidential information relating to the representation of a client unless the client consents. As BABC has represented Ally, it may be precluded from disclosing confidential information about Ally without Ally's consent. While Ally has consented to BABC's continued representation of the Debtors, Ally has not consented to BABC's disclosure to anyone of any confidential information that it might have relating to its representation of Ally. BABC communicated its ethical obligations to Committee counsel prior to the filing of the Committee's Limited Objection, but to

6

no avail. Thus, to the extent that the Committee seeks to compel BABC to violate its ethical duties to its clients, the Committee's "consultation requirement" is unreasonable.

## RESPONSE TO HOPPER OBJECTION

15. Mr. Hopper is currently a *pro se* defendant in a litigious foreclosure action initiated by GMAC Mortgage, LLC ("GMACM") in Florida in December 2009, in which GMACM is represented by BABC (the "Foreclosure Proceeding").[2]  Mr. Hopper has filed several affirmative defenses and counterclaims in the Foreclosure Proceeding.

16. The Hopper Objection arises out of such Foreclosure Proceeding.

17. In the First Supplemental Maddox Declaration, I responded to certain allegations made in the Hopper Objection.

18. Since the filing of the First Supplemental Maddox Declaration, Mr. Hopper has filed the Hopper Declaration with this Court.

19. A cursory reading of the Hopper Declaration shows that Mr. Hopper's objection to the Debtors' employment of BABC is simply an effort by him to obstruct the Debtors' efforts to obtain the relief they are pursuing in the Foreclosure Proceeding and to try to extract a more favorable result for himself at the Debtors' expense. This is made most evident in the section of the Hopper Declaration entitled "Proposed Compromise", in which Mr. Hopper asks this Court to reinstate the automatic stay with respect to the Foreclosure Proceeding, to transfer the Foreclosure Proceeding from the Florida state court where it is pending to the U.S. District Court for the District of Columbia, and to grant Mr. Hopper unspecified relief to which he deems himself entitled under the Consent Judgment and the Consent Order. *See Hopper Declaration*, ¶ 52.

---

[2] The Foreclosure Proceeding refers to GMAC Mortgage, LLC v. Hopper, Case No. 09-11026 (Fla. Cir. Ct.).

20. BABC believes that it is in the best interests of the Debtors and the Debtors' estates for the Foreclosure Proceeding to move forward in the current state court forum. To the extent that Mr. Hopper believes he is entitled to relief, he should seek such relief in the Florida state court and not through collateral attacks against the Debtors' retention of qualified special counsel to represent them against his interests.

21. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: August 6, 2012         /s/ Robert R. Maddox
                              Robert R. Maddox, Esq.
                              Bradley Arant Boult Cummings LLP
                              1819 Fifth Avenue North
                              Birmingham, Alabama 35243