MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Larren M. Nashelsky
Lorenzo Marinuzzi
Samantha Martin

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**DEBTORS' OBJECTION TO MOTION OF PAUL N. PAPAS II TO
CONVERT DEBTOR TO CHAPTER 7 BANKRUPTCY**

ny-1052673

Residential Capital, LLC and its affiliated debtors and debtors in possession in the above-captioned Chapter 11 cases (collectively, the "***Debtors***") hereby submit this objection (the "***Objection***") to the *Motion of Paul N. Papas II to Convert Debtor to Chapter 7 Bankruptcy*, dated July 20, 2012 [Docket No. 880] (the "***Motion***").  In support of hereof, the Debtors respectfully represent:

## BACKGROUND

1. On May 14, 2012 (the "***Petition Date***"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***").  The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).  No trustee has been appointed in the Chapter 11 Cases.[1]

2. On May 16, 2012, the United States Trustee for the Southern District of New York (the "***U.S. Trustee***") appointed a nine member official committee of unsecured creditors (the "***Creditors' Committee***").

3. On July 3, 2012, the U.S. Trustee appointed the Honorable Arthur T. Gonzalez, former Chief Judge of this Court, as examiner (the "***Examiner***").

## OBJECTION

4. This Court should deny the Motion because it is not supported by facts or evidence.

---

[1] The Debtors are a leading residential real estate finance company indirectly owned by Ally Financial Inc. ("***AFI***"), which is not a Debtor.  The Debtors and their non-debtor affiliates operate the fifth largest mortgage servicing business and the tenth largest mortgage origination business in the United States.  A more detailed description of the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these bankruptcy cases, is set forth in the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings [Docket No. 6] (the "***Whitlinger Affidavit***").

i

5.      Section 1112(b)(4) provides an illustrative but "not exhaustive" list of factors that a court must find in order to convert a case. See 11 U.S.C. § 1112(b)(4); In re Ameribuild Constr. Mgmt., Inc., 399 B.R. 129, 131 n.3 (Bankr. S.D.N.Y. 2009). The moving party has the burden of demonstrating cause for dismissal or conversion. See In re MF Global Holdings Ltd., 465 B.R. 736, 742 (Bankr. S.D.N.Y. 2012). (citing In re Loco Reality Corp., No. 09-11785, 2009 WL 2883050, at *2 (Bankr. S.D.N.Y. June 25, 2009)). Such cause must be established by a preponderance of the evidence. See In re AdBrite Corp., 290 B.R. 209, 218 (Bankr. S.D.N.Y. 2003).

6.      In the Motion, Papas alleges that the Debtors have acted in bad faith and committed misconduct. Papas therefore requests conversion to Chapter 7 "where this Court would have more control of the Debtor and be able to determine what the Debtor has for assets and liabilities." Mot. ¶ 5.

7.      The Debtors strongly object to any suggestion that the Chapter 11 cases were filed in bad faith. Indeed, this Court already has ruled that the cases were filed in good faith. See Transcript of Hearing at 153, In re Residential Capital, LLC, No. 12-12020 (Bankr. S.D.N.Y. July 24, 2012). At a recent hearing, the Court noted that various parties have filed motions in these cases to dismiss the Chapter 11 cases that are "never supported by any evidence, just assertions that the cases were filed in bad faith. Everything that has occurred in this case since the petition date would establish to the contrary. There's substantial evidence in the record in the form of the first-day [Fed. R. Bankr. P.] 1007 affidavit, numerous declarations that have been submitted in various contested matters in this case to date. This is a substantial case with serious issues. The Court concludes and finds that the case was filed in good faith, and whatever the outcome may ultimately be." Id.

8.  The Debtors submit that further oversight in Chapter 7 is unnecessary and unwarranted. This Court has already appointed an Examiner to oversee these Chapter 11 cases. In addition, liquidation in Chapter 7 would not provide the maximum return to creditors that the filing of these Chapter 11 cases and the Debtors' sale of their assets will provide. See Whitlinger Aff. ¶ 109 (explaining that commencing the Cases will maximize the value of the Debtors' assets for the benefit of creditors). Thus, the Motion should be denied.

## CONCLUSION

9.  For the foregoing reasons, the Debtors respectfully submit that Papas has failed to meet his burden. As such, the Debtors request that this Court enter an Order denying the Motion and grant such other and further relief as this Court deems proper.

| | |
|---|---|
| New York, New York<br>Dated: August 6, 2012 | /s/ Larren M. Nashelsky<br>Larren M. Nashelsky<br>Lorenzo Marinuzzi<br>Samantha Martin<br>MORRISON & FOERSTER LLP<br>1290 Avenue of the Americas<br>New York, New York 10104<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900<br><br>*Counsel to the Debtors and*<br>*Debtors in Possession* |