MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Larren M. Nashelsky
Gary S. Lee
Lorenzo Marinuzzi

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**PROPOSED AGENDA FOR MATTERS SCHEDULED
TO BE HEARD ON AUGUST 8, 2012 AT 2:00 P.M. (ET)**

Location of Hearing: United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton U.S. Custom House, Courtroom 501, One Bowling Green, New York, NY 10004-1408

**I.    STATUS CONFERENCE**

**1.**    Debtors' Motion For Interim And Final Orders Under Bankruptcy Code Sections 105(a) And 363 Authorizing The Debtors To Continue To Perform Under The Ally Bank Servicing Agreements In The Ordinary Course Of Business [Docket No. 47]

**Related Documents**:

**a.**    Interim Order Pursuant to Sections 105(a) and 363 of the Bankruptcy Code Authorizing the Debtors to Continue to Perform Under the Ally Bank Servicing Agreement in the Ordinary Course of Business [Docket No. 90]

**b.**    Declaration of Matthew Detwiler In Support of Debtors' Ally Servicing Motion [Docket No. 366]

ny-1052772

    **c.**    Notice of Filing of Amended Proposed Final Order Pursuant to Sections 105(a) and 363 of the Bankruptcy Code Authorizing the Debtors to Continue to Perform Under the Ally Bank Servicing Agreements in the Ordinary Course of Business [Docket No. 398]

    **d.**    Declaration of Thomas Marano, Chief Executive Officer of Residential Capital, LLC, in Further Support of Debtors' Ally Servicing Motion [Docket No. 793]

**Responses**:

    **a.**    Reservation of Rights of Federal National Mortgage Association to Debtors' Motions for Continued Servicing and Origination [Docket No. 218]

    **b.**    Limited Objection And Reservation Of Rights Of The Official Committee Of Unsecured Creditors To The Debtors' (I) Origination Motion And (II) Ally Servicing Motion [Docket No. 303]

**Replies**:

    **a.**    Debtors' Reply to the Limited Objection and Reservation of Rights of the Official Committee of Unsecured Creditors to the Debtors' (I) Origination Motion and (II) Ally Servicing Motion [Docket No. 367]

    **b.**    Ally Financial Inc.'s and Ally Bank's Reply to Creditors' Committee's Limited Objection to (A) The Debtors' Motion Authorizing the Debtors to Continue to Perform Under the Ally Bank Servicing Agreement in the Ordinary Course of Business and (B) The Debtors' Origination Motion [Docket No. 385]

**Status**:    The status conference on this matter will be going forward.

## II.  CONTESTED MATTERS

**1.**    Debtors' Motion for an Order Pursuant to Sections 363(b)(1) and 503(c)(3) of the Bankruptcy Code Authorizing (I) Implementation of (A) A Key Employee Retention Plan for Certain Non-Insiders and (B) A Key Employee Incentive Plan for Certain Insiders and (II) Payment of Any Obligations Arising Thereunder as Administrative Expenses [Docket No. 812]

**Related Documents**:

    **a.**    Declaration of John Dempsey in Support of Debtors' Motion for an Order Pursuant to Section 363(b)(1) and 503(c)(3) of the Bankruptcy Code Authorizing (I) Implementation of (A) A Key Employee Retention Plan for Certain Non-Insiders and (B) A Key Employee Incentive Plan for Certain

      Insiders and (II) Payment of Any Obligations Arising Thereunder as Administrative Expenses [Docket No. 812]

**b.**     Declaration of Ronald Greenspan in Support of Debtors' Motion for an Order Pursuant to Sections 363(b)(1) and 503(c)(3) of the Bankruptcy Code Authorizing (I) Implementation of (A) A Key Employee Retention Plan for Certain Non-Insiders and (B) A Key Employee Incentive Plan for Certain Insiders and (II) Payment of Any Obligations Arising Thereunder As Administrative Expenses [Docket No. 812]

**c.**     Declaration of Anne Janiczek in Support of Debtors' Motion for an Order Pursuant to Section 363(b)(1) and 503(c)(3) of the Bankruptcy Code Authorizing (I) Implementation of (A) A Key Employee Retention Plan for Certain Non-Insiders and (B) A Key Employee Incentive Plan for Certain Insiders and (II) Payment of Any Obligations Arising Thereunder as Administrative Expenses [Docket No. 812]

**d.**     Supplemental Declaration of John Dempsey in Further Support of Debtors' Motion for an Order Pursuant to Section 363(b)(1) and 503(c)(3) of the Bankruptcy Code Authorizing (I) Implementation of (A) A Key Employee Retention Plan for Certain Non-Insiders and (B) A Key Employee Incentive Plan for Certain Insiders and (II) Payment of Any Obligations Arising Thereunder as Administrative Expenses [Docket No. 1005]

**e.**     Supplemental Declaration of Anne Janiczek in Further Support of Debtors' Motion for an Order Pursuant to Section 363(b)(1) and 503(c)(3) of the Bankruptcy Code Authorizing (I) Implementation of (A) A Key Employee Retention Plan for Certain Non-Insiders and (B) A Key Employee Incentive Plan for Certain Insiders and (II) Payment of Any Obligations Arising Thereunder as Administrative Expenses [Docket No. 1005]

**f.**     Declaration of John E. Mack in Support of Debtors' Motion for an Order Pursuant to Section 363(b)(1) and 503(c)(3) of the Bankruptcy Code Authorizing (I) Implementation of (A) A Key Employee Retention Plan for Certain Non-Insiders and (B) A Key Employee Incentive Plan for Certain Insiders and (II) Payment of Any Obligations Arising Thereunder as Administrative Expenses [Docket No. 1005]

**g.**     Supplemental Declaration of Ronald Greenspan in Further Support of Debtors' Motion for an Order Pursuant to Sections 363(b)(1) and 503(c)(3) of the Bankruptcy Code Authorizing (I) Implementation of (A) A Key Employee Retention Plan for Certain Non-Insiders and (B) A Key Employee Incentive Plan for Certain Insiders and (II) Payment of Any Obligations Arising Thereunder As Administrative Expenses [Docket No. 1006]

**Responses**:

a. Statement of Ally Financial Inc. Regarding Debtors' KEIP/KERP Motion and Debtors' Prepetition and Postpetition Employee Compensation [Docket No. 970]

b. Objection of the United States Trustee to Debtors Motion for Order Authorizing (I) Implementation Of (A) a Key Employee Retention Plan for Certain Non-insiders and (B) a Key Employee Incentive Plan for Certain Insiders and (II) Payment of Any Obligations Arising Thereunder as Administrative Expenses [Docket No. 987]

**Replies**:

a. Debtors' Reply to the Objection by the United States Trustee to the Debtors' Motion for an Order Pursuant to Sections 363(b)(1) and 503(c)(3) of the Bankruptcy Code Authorizing (I) Implementation of (A) A Key Employee Retention Plan for Certain Non-Insiders and (B) A Key Employee Incentive Plan for Certain Insiders and (II) Payment of Any Obligations Arising Thereunder as Administrative Expenses [Docket No. 1005]

**Status**: The hearing on this matter will be going forward.

2. Debtors' Application Under Section 327(e) and 328 of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1 for Authorization (I) to Employ and Retain Bradley Arant Boult Cummings LLC as Special Litigation and Compliance Counsel to the Debtors, *Nunc Pro Tunc* to May 14, 2012, and (II) to Approve Alternative Billing Arrangement [Docket No. 721]

**Related Documents**:

a. Supplemental Declaration of Robert R. Maddox in Support of Debtors' Application Under Section 327(e) and 328 of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1 for Authorization (I) to Employ and Retain Bradley Arant Boult Cummings LLC as Special Litigation and Compliance Counsel to the Debtors, *Nunc Pro Tunc* to May 14, 2012, and (II) to Approve Alternative Billing Arrangement [Docket No. 866]

b. Second Supplemental Declaration of Robert R. Maddox in Support of Debtors' Application Under Section 327(e) and 328 of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1 for Authorization (I) to Employ and Retain Bradley Arant Boult Cummings LLC as Special Litigation and Compliance Counsel to the Debtors, *Nunc Pro Tunc* to May 14, 2012, and (II) to Approve Alternative Billing Arrangement [Docket No. 1008]

    **Responses**:

        **a.**    Limited Objection of Patrick Hopper to Debtors' Motion to Employ and Retain Bradley Arant Boult Cummings LLP as Special Litigation and Compliance Counsel to the Debtors [Docket No. 809]

        **b.**    Declaration in Support of Limited Objection of Patrick Hopper to Debtors' Motion to Employ and Retain Bradley Arant Boult Cummings LLP as Special Litigation and Compliance Counsel to the Debtors [Docket No. 940]

        **c.**    Limited Objection of the Official Committee of Unsecured Creditors With Respect to the Debtors' Application to Retain Bradley Arant Boult Cummings LLP [Docket No. 967]

    **Replies**:

        **a.**    Debtors' Reply to Objections to Debtors' Application to Retain and Employ Bradley Arant Boult Cummings LLC as Special Counsel [Docket No. 1007]

    **Status**:    The hearing on this matter will be going forward.

**III.**     **LEWIS V. GMAC MORTG. CO., LLC (ADV. PROC. NO. 12-01731) PRETRIAL CONFERENCE**

**1.**     Complaint [Docket No. 1]

    **Related Documents**:

        **a.**    Affidavit In Forma Pauperis in Support of Adversary Complaint [Docket No. 2]

        **b.**    Emergency Motion to Stay Order of Confirmation of Sheriff's Sale Filed June 4, 2012 and to Vacate Writ of Possession of Property to Federal Home Loan Association AKA "Fannie Mae" Entered June 4, 2012 on Grounds of Lack of Foreclosure Complaint Filed September 19, 2011, Rico Activity, And Federal Bankruptcy Injunction and Interim Orders Entered May 14 & 18, 2012 [Docket No. 3]

        **c.**    Summons and Notice of Pretrial Conference [Docket No. 5]

        **d.**    Objection to Hiring of Professionals Under 11 U.S.C. Section 327(a), Doc. 516, Filed 6/26/12 Entered 6/26/12 at Pg. 2 of 3, at Section (e); Grounded on "Actual and Potential Conflicts" Related to the Particular Matters for Which Representation is Sought [Docket No. 6]

**Responses**:

a.  Answer and Affirmative Defenses of the Debtors to Yvonne D. Lewis, et al.'s Adversary Complaint by Surplus Creditors for False Claims and RICO, 31 U.S.C.A. §§ 3729 to 3733; 18 U.S.C. §§ 666, 1962; BR Rule 7008 [Docket No. 7]

**Status**:  The pretrial conference on this matter will be going forward.

Dated: August 6, 2012
New York, New York

/s/ Larren M. Nashelsky
Larren M. Nashelsky
Gary S. Lee
Lorenzo Marinuzzi
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Debtors and Debtors in Possession*