Hearing Date:    August 14, 2012 at 10:00 a.m. (ET)

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Norman S. Rosenbaum
Gary S. Lee

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------------

| | ) | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**DEBTORS' OBJECTION TO MOTION FOR RECONSIDERATION OF
FINAL SUPPLEMENTAL SERVICING ORDER**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors")[1] submit this objection (the "Objection")[2] to the *Motion For Reconsideration Of Final Supplemental Order Under Bankruptcy Code Sections 105(A), 362, 363, 502, 1107(a) And 1108 And Bankruptcy Rule 9019 (I) Authorizing The Debtors To Continue Implementing Loss Mitigation Programs; (II) Approving Procedures For Compromise And Settlement Of Certain Claims, Litigations And Causes Of Action; (III) Granting Limited Stay Relief To Permit*

---

[1]    The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of the Chapter 11 Petitions and First Day Pleadings, filed with the Court on the Petition Date (the "Whitlinger Affidavit") [Docket No. 6].

[2]    Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases or the relief requested in this Reply may refer to http://www.kccllc.net/rescap for additional information.

ny-1048325

*Foreclosure And Eviction Proceedings, Borrower Bankruptcy Cases, And Title Disputes To Proceed; And (IV) Authorizing And Directing The Debtors To Pay Securitization Trustee Fees And Expenses [Docket No. 774] Authorizing The Continuation Of The Operations Of Debtors' Racketeering Enterprise* (the "Reconsideration Motion") [Docket No. 916] of Wendy Alison Nora.  In support of the Objection, the Debtors, by and through their undersigned counsel, respectfully represent as follows:

## PROCEDURAL BACKGROUND

1. On May 31, 2012, the Debtors filed the Supplemental Servicing Motion.[3]

2. Following a hearing held on June 12, 2012, the Court entered an order on June 15, 2012 approving the Supplemental Servicing Motion on an interim basis.[4]

3. On June 29, 2012, Ms. Nora filed an amended objection to the Supplemental Servicing Motion (the "Amended Nora Objection").[5]

---

[3] The term "Supplemental Servicing Motion" refers to the *Debtors' Motion for Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a) and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses* [Docket No. 181].

[4] See *Supplemental Order for Interim Relief Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses* [Docket No. 391].

[5] See *Amended Objection to Entry of Final Supplemental Order Under Bankruptcy Code Sections 105(A), 362, 363, 502, 1107(A) and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses [Docket No. 544] Final Orders which Authorize the Continuation of the Operations of a Racketeering Enterprise* [Docket No. 546].

ny-1048325

4. On July 6, the Debtors filed a response to the Amended Nora Objection (the "Debtors' Response").[6]

5. On July 8, 2012, Ms. Nora filed a reply to the Debtors' Response (the "Nora Reply").[7]

6. During a hearing held on July 10, 2012, the Court overruled the Amended Nora Objection on the record, and, on July 13, 2012, the Court entered an order approving the Supplemental Servicing Motion on a final basis (the "Supplemental Servicing Order").[8]

7. On July 26, 2012, Ms. Nora filed the Reconsideration Motion, pursuant to which Ms. Nora requests that the Court reconsider the Supplemental Servicing Order.

## ARGUMENT

8. This Court should overrule the Reconsideration Motion because Ms. Nora has not satisfied the standard for reconsideration of the Supplemental Servicing Order.

9. Rule 9023 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") incorporates Rule 59 of the Federal Rules of Civil Procedure ("FRCP"), which regulates

---

[6] See *Debtors' Reply to the Amended Objection of Wendy Alison Nora* [Docket No. 698].

[7] See *Amended Reply to Response of Debtors to Claimant's Amended Objection to Entry of Final Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a) and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses [Docket No. 544] Final Orders Which Authorize the Continuation of the Operations of a Racketeering Enterprise* [Docket No. 708].

[8] See *Final Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses* [Docket No. 774].

ny-1048325

motions for amendment of a judgment. Additionally, Bankruptcy Rule 9024 incorporates FRCP 60, which sets forth the grounds on which a court may grant relief to a party from a final order. Ms. Nora cites no authority in the Reconsideration Motion for the relief requested and does not satisfy the standards under either rule.

10.     Under Bankruptcy Rule 9023, "reconsideration is proper "to correct a clear error of law or prevent manifest injustice." Munafo v. Metro. Transp. Auth., 381 F.3d 99, 105 (2d Cir. 2004) (citations omitted). "Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." In re BDC 56 LLC, 330 F.3d 111, 123 (2d Cir. 2003) (internal quotations and citation omitted). A motion for reconsideration may not be used "to enable a party to complete presenting his case after the court has ruled against him." Frietsch v. Refco, Inc., 56 F.3d 825, 828 (7th Cir. 1995).

11.     Reconsideration of the Supplemental Servicing Order is not proper because the Reconsideration Motion does not provide new evidence nor has there been a change in the law. Ms. Nora asserts in the Reconsideration Motion that, due to a scheduling conflict, she was unable to participate in the hearing at the time the Court considered approval of the Supplemental Servicing Motion on a final basis and the Court failed to consider the Nora Reply when it overruled the Amended Nora Objection. See Reconsideration Motion ¶¶ 13, 24 and 28. These assertions do not warrant reconsideration of the Supplemental Servicing Order because the Court did in fact consider the Nora Objection and the Amended Nora Reply at the July 10, 2012 hearing. See July 10, 2012 Hr'g Tr. at 50:20-51:10. The Court overruled the Nora Objection because, notwithstanding the fact that the Debtors had filed their schedules and statements of

4

financial affairs after the Nora Objection was filed, the Court found that Ms. Nora failed to present any evidence supporting the assertions contained within the Nora Objection. Id. at 51:3-10. The Reconsideration Motion does not include any legal basis for reconsidering the Supplemental Servicing Order. The Reconsideration Motion is simply Ms. Nora's attempt to continue presenting arguments that have already been overruled by the Court, and should be denied.

12. Moreover, although the Reconsideration Motion does not explicitly rely on Bankruptcy Rule 9024 as a basis for relief, certain of the statements contained therein suggest that Ms. Nora may, in the alternative, be seeking relief under that rule. Bankruptcy Rule 9024 provides that relief from an order can be granted for a clerical mistake or for mistake, inadvertence, surprise, excusable neglect, newly-discovered evidence, fraud, misrepresentation, misconduct, where the order is void or has been satisfied, released, or discharged or is no longer equitable, or for any other reason justifying relief from the order. FRCP 60(a), (b). The moving party bears a heavy burden because FRCP 60 provides extraordinary relief and is, therefore, generally viewed with disfavor. Bowman v. Jack Bond (In re Bowman), 253 B.R. 233, 240 (B.A.P. 8th Cir. 2000).

13. Ms. Nora fails to satisfy the requisite burden of proof required for relief pursuant to Bankruptcy Rule 9024. Regardless of any purported miscommunication regarding Ms. Nora's availability or the timing of matters to addressed during the July 10th hearing, the Court considered Ms. Nora's arguments and overruled them on the merits, as described above. Despite Ms. Nora's statements to the contrary, she was given the opportunity to be heard and, through her papers, her objection was considered by the Court. The Reconsideration Motion does not present any new facts or arguments that suggest the Court would have reached a

different decision if Ms. Nora had appeared telephonically.  Thus, Ms. Nora has not established the existence of cause justifying relief pursuant to Bankruptcy Rule 9024.

## CONCLUSION

Accordingly, for the reasons set forth herein the Debtors respectfully request that the Court deny the Reconsideration Motion and grant such other and further relief as it deems just and proper.

Dated:  August 7, 2012
       New York, New York

                                             */s/* Norman S. Rosenbaum
                                             Norman S. Rosenbaum
                                             Gary S. Lee
                                             MORRISON & FOERSTER LLP
                                             1290 Avenue of the Americas
                                             New York, New York 10104
                                             Telephone: (212) 468-8000
                                             Facsimile: (212) 468-7900

                                             *Counsel for the Debtors and*
                                             *Debtors in Possession*

ny-1048325