### NEW YORK SOUTHERN DISTRICT BANKCRUPTCY COURT
### ONE BOWLING GREEN
### NEW YORK, N.Y. 10004-1408

*6/2/2012*

**HONRABLE JUDGE: GLENN – DISTRICT COURT JUDGE**
**RE: REQUEST FROM AUTOMATIC RELIEF**

**YOUR HONOR: GLENN**

MY NAME IS JULIO PICHARDO.  A AM A PERSON ON SSI.   MY WIFE, TWO KIDS, & MYSELF
REQUEST YOUR INSIGHT ON ENCLOSED MATTER PENDING PROCEDURES IN COURT IN CA.
SUCH IS THE GRAVITY WHICH INVOLVES GMAC AS A DEFENDANT CAUSING IRREPEARABLE
HARM TO MY HEALTH & TO MY FAMILY.
AS SEEN ON ENCLOSED CASE, MY HEALTH HAS DETERIORATED TO THE POINT OF NO RETURN
FOR WHICH I REQUEST A RELIEF FROM AUTOMATIC STAY ON CLAIMED AFTER GMAC TRIED
TO FORECLOSE ON MY HOME WITHOUT REASIN WHATSOEVER.
1- THE FIRST THING GAMC DID WAS NOTIFY ME VIA MAIL THAT I WAS BEING FORECLOSED
   UPON WHICH WAS WITHOUT MERIT AS I NEVER MISSED A PAYMENT IN THE HISTORY OF
   THIS LOAN.
2- SUCH WAS THEIR INTENT THAT I WAS ALSO INFORMED TO DO A SHORT SALE ON MY HOME.
3- ADVISING ME THAT I WAS BEING PUT OUT ON THE STREET SHORTLY WITH MY FAMILY.
4- BEGGIN GMAC NOT TO DO SO THEY PROCEEDED TO INFORM ME TO FIND ANOTHER PLACE
   TO LIVE IMMEDIATELY.
5- ALTHOUGH I ADVISED THEM OF MY CONDITION, NONE OF THIS WAS IMPORTANT TO GMAC.
6- THEIR ACTION & CONTINUED HARRASSMENT CALLS CAUSED ME TO BE HOSPITALIZED
   NUMEROUS TIMES, BEING AWAY FROM MY TWO BABIES & WIFE FOR WEEKS AT A TIME.
7- MY DOCTORS ADIVSED ME MY BLOOD PRESSURE WAS INCONTROLABLE DUE TO FACT.
8- I EVEN CONTACTED WELLS FARGO INVESTOR IN THIS LOAN TO NO AVAIL.

MY REQUEST IS TO OBTAIN A RELIEF FROM AUTOMATIC STAY AS THIS INVOLVES PERSONAL
INJURY.

LEGAL AID HAS BEEN HELPING BUT NOW I FACE THIS SITUATION OF GMAC CLAIMING A STAY
IN THIS CASE.

AS YOU CAN SEE, MY CASE HAS VALID GROUNDS FOR RELIEF.

MY SMALL FAMILY WIFE, & TWO CHILDRENS  AGES 6 & 13 & MYSELF APPRECIATE YOUR
CONSIDERATION FOR THIS REQUEST.

SHOULD A FORM BE NECESSARY, PLEASE REQUEST CLERK TO E-MAIL SUCH AT:
RJ7SAM1@YAHOO.COM TO OUR E-MAIL ADDRESS.

THANK YOU.

YOUR TRULY:  JULIO PICHARDO.

RECEIVED
AUG - 6 2012
U.S. BANKRUPTCY COURT
SO DIST OF NEW YORK

*HONORABLE CECILIA G. MORRIS*
*ATT: COURT CLERK: VETTO GENA*

*I RESIDE AT: 1201 E. SUDENE AVE, FULLERTON CALIFORNIA 92831.*

*PLEASE INFORM ME OF FORM PROCEDURE TO FILE RELIEF FROM
AUTOMATIC STAY, ON ENCLOSED CASE, AS I AM ON SSI WITH A VERY
LIMITED INCOME.*

*I HAD LEGAL AIDS ASSIST ME BUT THIS WILL INCURR INTO EXPENSES I
COULD NEVER AFFORD ON MY MONTHLY SSI. CHECK.*

*PLEASE HAVE THE HONORABLE JUDGE REVIEW REQUEST FOR RELIEF
FROM AUTOMATIC RELIEF FILED BY GMAC.*

*THANK YOU.*

*JULIO PICHARDO*

of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among

AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal

Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment

entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012,

(c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the

Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related

agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

      29.    Nothing in this Order shall discharge, release, or otherwise preclude any

setoff or recoupment right of the United States of America, its agencies, departments, or agents.

      30.    The requirements set forth in Bankruptcy Rule 6004(a) are satisfied.

      31.    Notwithstanding the possible applicability of Bankruptcy Rules

2002(a)(3), 6004(h), 7062 or 9014, the terms and conditions of this Order shall be immediately

effective and enforceable upon its entry.

      32.    This Court shall retain jurisdiction with respect to all matters relating to

the interpretation or implementation of this Order.

Dated:      July 13, 2012
            New York, New York

                                      **/s/Martin Glenn**
                                      MARTIN GLENN
                         United States Bankruptcy Judge

## PROOF OF SERVICE

    At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is The Atrium, 19100 Von Karman Avenue, Suite 700, Irvine, CA 92612.

    On July 3o, 2012, I served true copies of the following document(s):

**NOTICE OF BANKRUPTCY AND SUGGESTION OF AUTOMATIC STAY**

    on the interested parties in this action as follows:

Amid T. Bahadori          Attorney for Plaintiff
Bryan M. Thomas          JULIO PICHARDO
BAHADORI & THOMAS, LLP
2 Park Plaza, Suite 450        Telephone:   (949) 954-8164
Irvine, CA 92612           Facsimile:   (949) 954-8163

    **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Severson & Werson's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Executed on July 3o, 2012, at Irvine, California.

                            Jeffrey S. Weddle

| **FW-003** | **Order on Court Fee Waiver**<br>**(Superior Court)** |
|---|---|

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

**JUL 06 2012**

ALAN CARLSON, Clerk of the Court

(1) **Person who asked the court to waive court fees:**

Name: _JULIO RICHARDO_

Street or mailing address: _1701 E. SUDENE AVE_

City: _FULLERTON_   State: _CA_   Zip: _92831_

(2) **Lawyer, if person in (1) has one** *(name, address, phone number, e-mail, and State Bar number):* _____

Fill in court name and street address:

**Superior Court of California, County of**
**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF ORANGE**
**700 CIVIC CENTER DRIVE WEST**
**PO BOX 22014**
**SANTA ANA CA 92702-2014**

(3) A request to waive court fees was filed on *(date):* _____

☐ The court made a previous fee waiver order in this case on *(date):* _____

Fill in case number and case name:

Case Number: **30-2012**

Case Name: **0 0 5 8 1 6 4 2**

*Read this form carefully. All checked boxes ☑ are court orders.*

**Notice:** The court may order you to answer questions about your finances and later order you to pay back the waived fees. If this happens and you do not pay, the court can make you pay the fees and also charge you collection fees. If there is a change in your financial circumstances during this case that increases your ability to pay fees and costs, you must notify the trial court within five days. (Use form FW-010.) If you win your case, the trial court may order the other side to pay the fees. If you settle your civil case for **$10,000** or more, the trial court will have a lien on the settlement in the amount of the waived fees. The trial court may not dismiss the case until the lien is paid.

(4) After reviewing your *(check one):* ☑ Request to Waive Court Fees   ☐ Request to Waive Additional Court Fees
the court makes the following orders:

a. ☑ The court **grants** your request, as follows:

(1) ☑ **Fee Waiver.** The court grants your request and waives your court fees and costs listed below. *(Cal. Rules of Court, rule 3.55.)* You do not have to pay the court fees for the following:
- Filing papers in Superior Court
- Making copies and certifying copies
- Sheriff's fee to give notice
- Reporter's daily fee *(for up to 60 days following the fee waiver order at the court-approved daily rate)*
- Preparing and certifying the clerk's transcript on appeal
- Giving notice and certificates
- Sending papers to another court department
- Court-appointed interpreter in small claims court
- Court fees for phone hearings

(2) ☐ **Additional Fee Waiver.** The court grants your request and waives your additional superior court fees and costs that are checked below. *(Cal. Rules of Court, rule 3.56.)* You do not have to pay for the checked items.
☐ Jury fees and expenses
☐ Fees for court-appointed experts
☐ Reporter's daily fees *(beyond the 60-day period following the fee waiver order)*
☐ Other *(specify):* _____
☐ Fees for a peace officer to testify in court
☐ Court-appointed interpreter fees for a witness

(3) ☐ **Fee Waiver for Appeal.** The court grants your request and waives the fees and costs checked below, for your appeal. *(Cal. Rules of Court, rules 3.55, 3.56, 8.26, and 8.818.)* You do not have to pay for the checked items.
☐ Preparing and certifying clerk's transcript for appeal
☐ Other *(specify):* _____

Judicial Council of California, www.courtinfo.ca.gov
Revised July 1, 2009, Mandatory Form
Government Code, § 68634(e)
California Rules of Court, rule 3.52

**Order on Court Fee Waiver (Superior Court)**

**FW-003, Page 1 of 2**

American LegalNet, Inc.
www.FormsWorkflow.com

**30-2012**

Your name: _Julio Pichardo_

| Case Number: | 0 0 5 8 1 6 4 2 |
|---|---|

b. ☐ The court **denies** your request, as follows:

> **Warning!** If you miss the deadline below, the court cannot process your request for hearing or the court papers you filed with your original request. If the papers were a notice of appeal, the appeal may be dismissed.

(1) ☐ The court **denies** your request because it is incomplete. You have **10 days** after the clerk gives notice of this order (see date below) to:
- Pay your fees and costs, or
- File a new revised request that includes the items listed below *(specify incomplete items):*

_____

(2) ☐ The court **denies** your request because the information you provided on the request shows that you are not eligible for the fee waiver you requested *(specify reasons):* _____

_____

The court has enclosed a blank *Request for Hearing About Court Fee Waiver Order (Superior Court)*, form FW-006. You have **10 days** after the clerk gives notice of this order (see date below) to:
- Pay your fees and costs, or
- Ask for a hearing in order to show the court more information. *(Use form FW-006 to request hearing.)*

c. ☐ The court needs more information to decide whether to grant your request. You must go to court on the date below. The hearing will be about *(specify questions regarding eligibility):*

☐ Bring the following proof to support your request if reasonably available:_____

_____

| **Hearing Date** → | Date: _____ | Time: _____ | Name and address of court if different from page 1: |
|---|---|---|---|
| | Dept.: _____ | Rm.: _____ | |

> **Warning!** If item c is checked, and you do not go to court on your hearing date, the judge will deny your request to waive court fees, and you will have 10 days to pay your fees. If you miss this deadline, the court cannot process the court papers you filed with your request. If the papers were a notice of appeal, the appeal may be dismissed.

Date: **JUL 06 2012**    ALAN CARLSON    Signature of *(check one)*: ☐ Judicial Officer  ☒ Clerk, Deputy

AMANDA RINCON

**Request for Accommodations.** Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least 5 days before your hearing. Contact the clerk's office for *Request for Accommodation*, Form MC-410. (Civil Code, § 54.8.)

### Clerk's Certificate of Service

I certify that I am not involved in this case and *(check one)*:    ☐ A certificate of mailing is attached.

☒ I handed a copy of this order to the party and attorney, if any, listed in ① and ②, at the court, on the date below.

☐ This order was mailed first class, postage paid, to the party and attorney, if any, at the addresses listed in ① and ②, from *(city):* _____, California on the date below.

Date: **JUL 06 2012**    Clerk, by _____ , Deputy

This is a Court Order.    AMANDA RINCON    FW-003, Page 2 of 2

AMANDA RINCON

**Order on Court Fee Waiver (Superior Court)**

Print This Form    Clear This Form

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):** GMAC Mortgage Does 1 to 10

**YOU ARE BEING SUED BY PLAINTIFF:** Julio Pichardo
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

JUL 06 2012

ALAN CARLSON, Clerk of the Court

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site *(www.lawhelpcalifornia.org)*, the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es)*: | **CASE NUMBER:** *(Número del Caso):*<br>30-2012-00581642 |

**Orange, Central Justice Center**
**700 Civic Center Drive West**
**P. O. Box 22014**
**Santa Ana, CA 92702-2014**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

AMID T BAHADORI SBN 242351        TEL: 949 954-8164
BRYAN M THOMAS SBN 238409        FAX: 949 954 8163
2 PARK PLAZA SUITE 450 BAHADORI + THOMAS LLP
IRVINE CA 92612

| | | |
|---|---|---|
| DATE: JUL 06 2012 *(Fecha)* | ALAN CARLSON Clerk, by *(Secretario)* JAIME CORDERO | , Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)        ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):* GMAC Mortgage Does 1 to 10

**YOU ARE BEING SUED BY PLAINTIFF:** JULIO Richardo
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |
| **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br>CENTRAL JUSTICE CENTER<br><br>JUL 06 2012<br><br>ALAN CARLSON, Clerk of the Court |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | CASE NUMBER: *(Número del Caso):* |
| --- | --- |
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | 30-2012-0058 1642 |

Orange, Central Justice Center
700 Civic Center Drive West
P. O. Box 22014
Santa Ana, CA 92702-2014

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

AMID T BAHADORI SBN 242351    tel. 948 954-8164
BRYAN M THOMAS SBN 238409    fax: 949 954 8163
2 PARK PLAZA SUITE 450 BAHADORI +
IRVINE CA 92613    THOMAS LLP

| DATE:<br>*(Fecha)* JUL 06 2012 ALAN CARLSON | Clerk, by<br>*(Secretario)* JAIME CORDERO | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Amid T. Bahadori (242351)
Bryan M. Thomas (238409)
2 Park Plaza, Suite 450
Irvine, CA 92614

TELEPHONE NO.: 9499548164    FAX NO.: 9499548163
ATTORNEY FOR *(Name):* Julio Pichardo

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

**JUL 06 2012**

ALAN CARLSON, Clerk of the Court

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 700 W. Civic Center Dr.
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, 92701
BRANCH NAME: Central Justice Center

CASE NAME:
Julio Pichardo v. GMAC Mortgage, Inc., et al

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: **30-2012** |
|---|---|---|
| [✓] Unlimited  [ ] Limited | [ ] Counter  [ ] Joinder | |
| (Amount demanded exceeds $25,000) | (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: **00581642** |

*Items 1–6 below must be completed (see instructions on page 2).*

JUDGE ROBERT J. MOSS
DEPT. C23

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[✓] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [ ] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify):* 4
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 7/5/12

Amid T. Bahadori
(TYPE OR PRINT NAME)                                          ▶               (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

1   AMID T. BAHADORI (SBN 242351)
    BRYAN M. THOMAS (SBN 238409)
2   **BAHADORI & THOMAS, LLP**
    2 Park Plaza, Suite 450
3   Irvine, CA 92612
    Tel: (949) 954-8164
4   Fax: (949) 954-8163

5

6   Attorneys for Plaintiff JULIO PICHARDO

7

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

JUL 06 2012

ALAN CARLSON, Clerk of the Court

8            **SUPERIOR COURT OF STATE OF CALIFORNIA**

9         **COUNTY OF ORANGE, CENTRAL JUSTICE CENTER** **30-2012**

10

11   JULIO PICHARDO,           |  CASE NO:

12         Plaintiff           |  **0 0 5 8 1 6 4 2**

      vs.                       |  **COMPLAINT FOR:**

13                           |  1. **VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICE ACT**

14   GMAC MORTGAGE; DOES 1 to 10,  |  2. **NEGLIGENT MISREPRESENTATION**

15         Defendants         |  3. **VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200**

16

17                           |  4. **VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17500**

18

19                           |  JUDGE ROBERT J. MOSS
20                           |  DEPT C23

21                     **I.**

22              **GENERAL ALLEGATIONS**

23       COMES NOW Plaintiff, JULIO PICHARDO (hereinafter "Plaintiff"), who by reason of

24   the following causes of action against the above-captioned defendants, and each of them, alleges

25   as follows:

26                   **II.**

27           **JURISDICTIONAL ALLEGATIONS**

28

                          1
                    COMPLAINT

1.     Plaintiff, JULIO PICHARDO is a resident of the State of California and owns the property located at 1201 East Sudene Avenue, Fullerton, CA 92831.

2.     Defendant GMAC MORTGAGE (hereinafter "GMAC") is a residential lending and serving business, conducting business in the State of California, including in the County of Orange.

3.     The acts, occurrences, omissions, events and transactions which give rise to this complaint primarily occurred in the County of Orange, California. The sum total of all claims meets the jurisdictional limits of the above-captioned court.

4.     Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1-10 inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Defendants are responsible in some manner for the occurrences herein alleged, and that plaintiff's damages as herein alleged were proximately caused by their conduct.

### III.

### FACTS COMMON TO ALL CAUSES OF ACTION

5.     Plaintiff acquired the real Property located at 1201 East Sudene Avenue, Fullerton, CA 92831 in 1991.

6.     In approximately 1998, Plaintiff refinanced his mortgage.

7.     In August of 2009, Plaintiff was granted a loan modification for the subject Property.

8.     From the outset of GMAC's involvement with Plaintiff, they have claimed that the loan was in default.

9.     Thereafter, Plaintiff continued to make his regular monthly mortgage payments to GMAC.

10.     Beginning soon after the loan modification was granted and continuing through 2012, Plaintiff has received numerous threatening phone calls from agents and employees of Defendant GMAC. During each and every phone call, Plaintiff was told that his mortgage was in default and that GMAC would begin foreclosing on the property.

2
COMPLAINT

11.   Plaintiff responded each and every time that his loan was current and that he had already made the payments which GMAC identified as being past due.

12.   Each and every time, GMAC responded by repeating that his loan was past due and by using verbally abusive language, including threats of criminal liability and obscene and profane language.

13.   The phone calls made by Defendant GMAC contained numerous false and misleading representations about the character, amount and legal status of the debt owed to Defendant GMAC.

14.   Plaintiff often received numerous phone calls throughout 2011 and 2012, the intent of which was to engage Plaintiff on the phone repeatedly and continuously to annoy, harass and abuse Plaintiff.

15.   Plaintiff is informed and believes that each and every phone call from Defendant GMAC was done by an agent and employee of GMAC.

16.   Plaintiff attempted to ascertain the names and identification of the persons responsible for the phone calls but was unable to do so because the person or persons responsible for the calls would only identify themselves as being employees of GMAC.

17.   The conduct of Defendant GMAC in harassing Plaintiff in an effort to collect this debt by repeatedly engaging Plaintiff in phone calls and verbally abusing Plaintiff was a violation of numerous provisions of the Fair Debt Collections Practices Act, including, but not limited to, 15 U.S.C. sections 1692d, 1692e, 1692e(5), 1692e(7), 1692e(10 and 1692f.

18.   As a result of the above-described conduct, Plaintiff has suffered, and continued to suffer from severe emotional distress. Plaintiff has been hospitalized numerous times and has incurred substantial medical bills as a result of the harassing conduct of Defendant GMAC.

## FIRST CAUSE OF ACTION
### (Violation of the Fair Debt Collection Practices Act)

19.   Plaintiff herein repeats and incorporates each of the preceding paragraphs above as though fully set forth.

20.     Plaintiff has received numerous threatening phone calls from agents and employees of Defendant GMAC. During each and every phone call, Plaintiff was told that his mortgage was in default and that GMAC would begin foreclosing on the property.

21.     Plaintiff responded each and every time that his loan was current and that he had already made the payments which GMAC identified as being past due.

22.     Each and every time, GMAC responded by repeating that his loan was past due and by using verbally abusive language, including threats of criminal liability and obscene and profane language.

23.     The phone calls made by Defendant GMAC contained numerous false and misleading representations about the character, amount and legal status of the debt owed to Defendant GMAC.

24.     Plaintiff often received numerous phone calls throughout 2011 and 2012, the the intent of which was to engage Plaintiff on the phone repeatedly and continuously to annoy, harass and abuse Plaintiff.

25.     Plaintiff is informed and believes that each and every phone call from Defendant GMAC was done by an agent and employee of GMAC.

26.     Plaintiff attempted to ascertain the names and identification of the persons responsible for the phone calls but was unable to do so because the person or persons responsible for the calls would only identify themselves as being employees of GMAC.

27.     The conduct of Defendant GMAC in harassing Plaintiff in an effort to collect this debt by repeatedly engaging Plaintiff in phone calls and verbally abusing Plaintiff was a violation of numerous provisions of the Fair Debt Collections Practices Act, including, but not limited to, 15 U.S.C. sections 1692d, 1692e, 1692e(5), 1692e(7), 1692e(10 and 1692f.

28.     As a result of the above-described conduct, Plaintiff has suffered, and continued to suffer from severe emotional distress. Plaintiff has been hospitalized numerous times and has incurred substantial medical bills as a result of the harassing conduct of Defendant GMAC.

/ / /

/ / /

4
COMPLAINT

**SECOND CAUSE OF ACTION**
**(Negligent Misrepresentation)**

29.     Plaintiff herein repeats and incorporates each of the preceding paragraphs above as though fully set forth.

30.     Defendant GMAC, through its agents and employees, represented to Plaintiff that his loan was in default and made numerous other false and misleading representations about the character, amount and legal status of the debt owed to Defendant GMAC.

31.     These representations were false.

32.     Defendant, through its agents and employees, made these representations to Plaintiff either knowing they were false, or with reckless disregard for the truth.

33.     Defendant intended Plaintiff to rely on these representations.

34.     Plaintiff reasonably relied on these representations. Plaintiff's health deteriorated quickly upon learning that his loan was in default. Plaintiff believed Defendant's threats of criminal liability and feared for his own safety and for the loss of his home.

35.     Plaintiff was and continues to be harmed in a monetary amount to be proven at trial.

36.     Plaintiff's reliance upon the above described representations by the herein named defendant was a substantial factor in causing his harm.

37.     The acts of Defendant were willful, wanton, malicious and oppressive, and thus justify the awarding of exemplary and punitive damages.

**THIRD CAUSE OF ACTION**

**(Violation of Bus. & Prof. Code Section 17200)**

38.     Plaintiff herein repeats and incorporates each of the preceding paragraphs above as though fully set forth.

39.     Defendant GMAC has violated and continues to violate Business and Professions Code section 17200 by engaging in unlawful, unfair and fraudulent business practices. Specifically, Defendant, through its agents and employees, falsely informed Plaintiff that his

loan was in default and that he was subject to foreclosure and criminal liability if he did not make additional payments which were not due.

40. Defendant GMAC's action and representations, which were made with intent to induce Plaintiff's reliance, constitute unfair and unlawful business practices under California law.

## FOURTH CAUSE OF ACTION

### (Violation of Bus. & Prof. Code Section 17500)

41.    Plaintiff herein repeats and incorporates each of the preceding paragraphs above as though fully set forth.

42.    Defendant has violated and continue to violate Business and Professions Code section 17500 by making or disseminating untrue or misleading statements, or by causing untrue or misleading statements to be made or disseminated, in or from California. These untrue and misleading statements include but are not limited to:

a.    Throughout 2011 and 2012, Plaintiff received numerous threatening phone calls from agents and employees of Defendant GMAC. During each and every phone call, Plaintiff was told that his mortgage was in default and that GMAC would begin foreclosing on the property.

b.    GMAC told Plaintiff on numerous occasions that his loan was past due and that he would be subject to criminal liability if he did not make additional payments.

43.    Defendant GMAC knew, or by the exercise of reasonable care should have known, that these statements were untrue or misleading at the time they were made.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against defendants, and each of them, as follows:

1. For actual, compensatory and/or consequential damages in amounts according to proof at trial;

2. For restitution;

3. For punitive damages;

4. For costs of suit;

5. For attorneys fees where permitted by law;

6. For such other and further relief as this Court deems just and proper.

Dated: June 20, 2012                    **BAHADORI & THOMAS, LLP**


                                        **By:** _____
                                            **AMID T. BAHADORI**
                                            **BRYAN M. THOMAS**
                                            **Attorneys for Plaintiff**

7
COMPLAINT

# SUPERIOR COURT OF CALIFORNIA
## ORANGE COUNTY – CENTRAL JUSTICE CENTER
## CIVIL DEPARTMENT CALENDAR SCHEDULING CHART
### Ex Parte applications must comply with California Rules of Court, rules 3.1200 – 3.1207
### Court Local Rules are located at www.occourts.org

| Dept. | Judicial Officer | Motion Days and Time | Ex Parte Days and Time | Telephonic Notice to Courtroom the day before the hearing but no later than: | Ex Parte Application and Proposed Order presented to the court the day before the hearing but no later than: | Rulings posted on Internet? | Other Call for available dates. |
|---|---|---|---|---|---|---|---|
| C26 | LEWIS 657-622-5226 | Monday 10:30 a.m. | T, W, TH, F 8:30 a.m. | 10:00 a.m. | 2:00 p.m | Yes noon Friday before | Late ex parte applications shall not be accepted. Teleconference appearances are voluntary and do not require consent by court or other parties. However, the court reserves to right to reject any request. Teleconference appearances are conducted in conformity with the guidelines, which are available by calling CourtCall, LLC at (310)914-7884 or (888) 88-COURT |
| C19 | MARGINES 657-622-5219 | Wednesday 1:30 p.m. | Daily 1:30 p.m. | Reservation Required by 10:30 a.m. | 10:00 a.m. | Yes | Notice must be given to opposing party by 10:30 a.m. day before ex parte hearing |
| C7 | MARKS 657-622-5207 | Friday 10:30 a.m. Reservation Required | M,T,W,TH 1:30 p.m. | Reservation must be made with courtroom day before the hearing by noon | 3:00 p.m. | | Motions must be reserved with C-7 prior to filing by calling (657)622-5207 |
| C21 | MCEACHEN 657-622-5221 | Tuesday 1:30 p.m. | Daily 9:00 a.m. | noon day before Ex Parte hearing- Reservation must be made with courtroom prior to hearing being set | 3:00 p.m. | yes | |
| C14 | MILLER 657-622-5214 | Tuesday 1:30 p.m | T, W, TH, F 8:30 a.m. | 9:00 a.m. | 4:00 p.m. day prior to the Ex Parte hearing | Yes noon day of hearing | If Monday is a holiday, law and motion is heard on Thursday at 1:30 p.m. NOTE: for L&M, Dept. C14 requires parties call the dept. to check availability of a motion date prior to filing their motion by calling (657) 622-5214.  To schedule an ex parte matter the moving party/attorney shall contact the courtroom clerk  (657) 622-5214 to reserve a date no later than 9:00 a.m., the day prior to the hearing. Teleconference appearances are voluntary and do not require consent by court or other parties. However, the court reserves the right to reject any request. Teleconference appearances are conducted in conformity with the guidelines, which are available by calling CourtCall, LLC at (310)914-7884 or (888) 88-COURT |

4/5/12

# SUPERIOR COURT OF CALIFORNIA
## ORANGE COUNTY – CENTRAL JUSTICE CENTER
## CIVIL DEPARTMENT CALENDAR SCHEDULING CHART
### Ex Parte applications must comply with California Rules of Court, rules 3.1200 – 3.1207
### Court Local Rules are located at www.occourts.org

| Dept. | Judicial Officer | Motion Days and Time | Ex Parte Days and Time | Telephonic Notice to Courtroom the day before the hearing but no later than: | Ex Parte Application and Proposed Order presented to the court the day before the hearing but no later than: | Rulings posted on Internet? | Other Call for available dates. |
|---|---|---|---|---|---|---|---|
| C12 | MOBERLY 657-622-5212 | Friday 2:00 p.m. | M, T, W, TH 1:30 p.m. | Noon | 3:00 p.m. | Yes 4:30 p.m. the day before | If there is no appearance for argument, the court will order the tentative ruling to become effective and final the date of the hearing.  To schedule an ex parte matter the moving party/attorney shall contact the courtroom clerk (657) 622-5212 to reserve a date no later than noon, the day prior to the hearing.\n\nMotions for Summary Judgment must be reserved with C12 prior to filing by calling( 657)622-5212. |
| C16 | MONROE 657-622-5216 | Tuesday 2:00 p.m. | T, W, TH 8:30 a.m. | Reservation required by noon | 3:00 p.m. the day prior to the Ex Parte | Yes 11:00 a.m.. the day of the hearing | If Monday is a holiday, law and motion is heard on Thursday at 2:00 p.m. |
| C23 | MOSS 657-622-5223 | Friday 10:00 a.m. | Daily 8:30 a.m. | Not required | 12:00 p.m. | Yes 4:00 p.m. the day before | Teleconference appearances are voluntary and do not require consent by court or other parties. However, the court reserves to right to reject any request. Teleconference appearances are conducted in conformity with the guidelines, which are available by calling CourtCall, LLC at (310)914-7884 or (888) 88-COURT |
| C13 | MUÑOZ 657-622-5213 | Thursday 2:00 pm | M, T, W, TH 8:30 a.m. | Reservation must be made with courtroom day before the hearing by 10:00 a.m. | noon | Yes 4:00 p.m. the day before | Parties are required to call the department  to check availability of a Motion for Summary Judgment date prior to filing the motion. (657)622-5213 |
| C3 | MYERS 657-622-5203 | Thursday Unlimited/ Omni 1:30 p.m. Limited 2:00 p.m. | M, T, W, TH 1:30 p.m. Fri 11:00 a.m.- emergency only | Reservation required by 12pm on day before the hearing | 3:00 p.m. day before | No | |
| C8 | NAKAMURA 657-622-5208 | Thursday 2:00 p.m. | M, T, W, TH 1:30 p.m. | 24 hours, the day before the hearing | M, T, W, Th, 10:00 a.m. day of ex parte | Yes 4:00 p.m. the day before | Counsel must reserve a motion date with the courtroom, prior to setting the motion. If there is no appearance for argument, the court will order the tentative ruling to become effective and final the date of the hearing. |

4/5/12

### SUPERIOR COURT OF CALIFORNIA
### COUNTY OF ORANGE

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):**

**Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.**

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its Web site as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

## ADR Information

**Introduction.**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

## BENEFITS OF ADR.

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.**  A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.**  When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.**  In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.**  ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.**  In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.**  Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

## DISADVANTAGES OF ADR.

ADR may not be suitable for every dispute.

**Loss of protections.**  If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

**Less discovery.** There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**Additional costs.** The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.** Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.** In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

>**Cases for Which Arbitration May Be Appropriate.** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

>**Cases for Which Arbitration May Not Be Appropriate.** If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.** In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

>**Cases for Which Mediation May Be Appropriate.** Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

>**Cases for Which Mediation May Not Be Appropriate.** Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.** In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate.** Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate.** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.** Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

## ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the Yellow Pages under "Arbitrators" or "Mediators"

Free mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA) For information regarding DRPA, contact:
- Community Service Programs, Inc. (949) 851-3168
- Orange County Human Relations (714) 834-7198

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) pilot programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address)*: | FOR COURT USE ONLY |
|---|---|
| Telephone No.:                    Fax No. (Optional):<br>E-Mail Address (Optional):<br>ATTORNEY FOR *(Name)*:                    Bar No: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
JUSTICE CENTER:
☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512
☐ Harbor-Laguna Hills Facility – 23141 Moulton Pkwy., Laguna Hills, CA 92653-1251
☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500
☐ West – 8141 13th Street, Westminster, CA 92683-0500

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s),_____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐  Mediation

☐  Arbitration (must specify code)
        ☐ Under section 1141.11 of the Code of Civil Procedure
        ☐ Under section 1280 of the Code of Civil Procedure

☐  Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐  I have an *Order on Court Fee Waiver* (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐  The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals.  We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court rule 3.720 et seq.

Date: _____     _____     _____
                          (SIGNATURE OF PLAINTIFF OR ATTORNEY)       (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: _____     _____     _____
                          (SIGNATURE OF DEFENDANT OR ATTORNEY)    (SIGNATURE OF DEFENDANT OR ATTORNEY)

---

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

Approved for Optional Use                                     California Rules of Court, rule 3.221
L1270 (Rev. January 2010)

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>JUSTICE CENTER:<br>☑ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045<br>☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512<br>☐ Harbor-Laguna Hills Facility – 23141 Moulton Pkwy., Laguna Hills, CA 92653-1251<br>☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595<br>☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500<br>☐ West – 8141 13th Street, Westminster, CA 92683-0500 | FOR COURT USE ONLY |
|---|---|
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |
| **ALTERNATIVE DISPUTE RESOLUTION (ADR)**<br>**NEUTRAL SELECTION AND PARTY LIST**<br><br>☐ Arbitration  ☐ Mediation  ☐ Neutral Evaluation | CASE NUMBER : |

**(ATTACH THIS FORM TO FORM L-1270, ALTERNATIVE DISPUTE RESOLUTION (ADR)**
**STIPULATION, AND FILE IT WITH THE COURT.)**

### ADR NEUTRAL SELECTION

For Arbitration, parties may select a Neutral and Alternate or may have a Neutral randomly assigned from the Court's Panel.  For Mediation and Neutral Evaluation, parties must select a Neutral and an Alternate below.

☐ For Arbitration, please check this box to have an arbitrator assigned at random.

The parties select the following Neutral and Alternate from the Court ADR Panel:

Neutral: _____

Alternate:_____

The above named Neutral will be notified by a Notice of Assignment of ADR Neutral that he or she has been selected as the neutral in this proceeding.  In the event the neutral does not accept the assignment, a new Notice of Assignment of ADR Neutral will be sent to the above named Alternate.  The assignment of the Alternate to serve as the Neutral does not extend the time to complete the ADR process.

---

**ALTERNATIVE DISPUTE RESOLUTION (ADR)**
**NEUTRAL SELECTION AND PARTY LIST**

Adopted for Mandatory Use
L2748 (New February 2008)                                                                 www.occourts.org

| Short Title: | Case Number: |
|---|---|
| | |

## PARTY LIST
### (Including Affiliates)

The parties agree that the ADR Session may be conducted on one of the following dates:

1._____ 2_____ 3._____ 4._____

---

Attorney and Firm Name:_____

Mailing Address:_____City_____ZIP_____

Area Code and Telephone Number:_____ Fax_____

Attorney for:_____

---

Attorney and Firm Name:_____

Mailing Address:_____City_____ZIP_____

Area Code and Telephone Number:_____ Fax_____

Attorney for: _____

---

Attorney and Firm Name:_____

Mailing Address:_____City_____ZIP_____

Area Code and Telephone Number:_____ Fax_____

Attorney for: _____

---

Attorney and Firm Name:_____

Mailing Address:_____City_____ZIP_____

Area Code and Telephone Number:_____ Fax_____

Attorney for: _____

---

This Party List must also include the full names, addresses, and phone numbers of corporate parties' parent and subsidiary corporations, and of all insurance carriers. Counsel must immediately notify the neutral upon discovery if any attorney or self-represented party is not listed on this Party List Form.

☐ Attach additional copies of this page if necessary to include additional parties, affiliated entities or insurance carriers.

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## NEUTRAL SELECTION AND PARTY LIST

Adopted for Mandatory Use
L2748 (New February 2008)

www.occourts.org