UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| Residential Capital, LLC, et al., ) | Case No. 12-12020 (MG) |
| ) | |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | |

**SUPPLEMENTAL DECLARATION OF JAMES W. MCAVEENEY IN
SUPPORT OF THE DEBTORS' APPLICATION TO RETAIN AND EMPLOY KPMG
LLP AS TAX COMPLIANCE PROFESSIONALS AND INFORMATION
TECHNOLOGY ADVISORS NUNC PRO TUNC TO THE PETITION DATE**

I, James W. McAveeney, hereby affirm:

1. I am a principal of KPMG LLP, a professional services firm ("KPMG"). KPMG is the United States member firm of KPMG International, a Swiss cooperative. I submit this declaration on behalf of KPMG in support of the application (the "Application")[1] of the above-captioned debtors and debtors in possession (the "Debtors"), for entry of an order, pursuant to sections 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), authorizing the Debtors to retain and employ KPMG as tax compliance professionals and information technology advisors to the Debtors *nunc pro tunc* to the Petition Date. I have personal knowledge of the matters set forth herein.[2]

2. This Supplemental Declaration is intended to supplement my Declaration, dated July 25, 2012 [Docket No. 910], which is attached as an exhibit to the Application (the "Initial

---

[1] Capitalized terms used herein but not otherwise defined shall have those meanings set forth in the Application.

[2] Certain of the disclosures herein relate to matters within the knowledge of other professionals at KPMG.

Declaration"), and responds to certain questions raised by the Official Committee of Unsecured Creditors appointed in the Debtors' chapter 11 cases.

3.      As disclosed in paragraph 12 of the Initial Declaration, KPMG currently provides a variety of services to Ally Financial Inc. and various of its affiliates who are not debtors (collectively, "AFI").  These services include internal audit support, financial reporting model validation, and tax analysis, each as more fully described below.

4.      Audit Support:  KPMG provides internal audit co-source and loaned staff services to support in the completion of the AFI internal audit plan.  In this regard, KPMG's assists in the completion of internal audit projects at the discretion of AFI's general auditor, and all work is conducted under the guidance and direction of the general auditor or her designees.

5.      Reporting Model Validation:  KPMG provides limited assistance to AFI in the performance of testing and validation work with respect to AFI's financial and regulatory reporting models.  In the course of this assistance, KPMG cooperates with AFI in reviewing and testing data controls, computational processes, and model output, to determine whether or not AFI's reporting models are operating as intended and consistent with industry practice.  Models covered by the relevant statement of work between AFI and KPMG include those associated with AFI's compliance with certain government-mandated economic capital processes, as well as those used in modeling securitization cash flows. Any conclusions related to materiality of model risks are solely the responsibility of AFI.

6.      Tax Analysis:  AFI and the Debtors are part of a single, consolidated group (the "AFI/ResCap Tax Group") for certain income tax purposes.  As such, AFI is identified as the sole taxpayer for such purposes, but its filings reflect the relevant tax information for all members of the AFI/ResCap Tax Group, including the Debtors.  KPMG has been engaged to provide certain tax services to the AFI/ResCap Tax Group, on behalf of the entire consolidated group.  Specifically, KPMG has been

engaged to assist in analyzing the tax consequences of any proposed restructuring of the Debtors, including the impact of any cancellation of indebtedness income on any net-operating loss carryforwards or other tax attributes of the AFI/ResCap Tax Group, any potential gain or loss arising from asset sales that may occur in these cases, and the tax treatment of various restructuring expenses. KPMG views this work as undertaken jointly behalf of all members of the AFI/ResCap Tax Group, including the Debtors. In this regard, KPMG does not intend to, and would not, engage in any work that is intended or designed to have a materially disproportionate negative impact on the Debtors, as compared to other members of the AFI/ResCap Tax Group.

7. In this regard, I understand that AFI and the Debtors may be party to a "tax sharing agreement" which provides for a methodology to allocate the consolidated income tax liability of the AFI/ResCap Tax Group among the members of such group. Based on my discussions with KPMG professionals currently performing services for AFI, and KPMG professionals currently performing services for the Debtors, I am not aware of any tax advice KPMG has provided with respect to such tax sharing agreement, no such advice is included in the scope of KPMG's engagement with AFI, and KPMG has no intention to advise AFI or the Debtors with respect to this agreement.

8. I do not believe that KPMG's provision of the foregoing services to AFI result in KPMG holding or representing any interest adverse to the Debtors' estates that would impair KPMG's ability to objectively perform professional services for the Debtors, in accordance with section 327 of the Bankruptcy Code. Additionally, as set forth in the Initial Declaration, to the best of my knowledge, upon Bankruptcy Court approval of the Application, KPMG will be a "disinterested person" as that terms is defined in section 101(14) of the Bankruptcy Code, in that, except as may be set forth herein or in the Initial Declaration, KPMG:

    (a)    will not be a creditor, an equity security holder, or an insider of the Debtors;

(b) is not and was not, within two years before the date of filing of these chapter 11 cases, a director, officer, or employee of the Debtors; and

(c) does not have an interest materially adverse to the interest of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or for any other reason.

9. If and when additional information becomes available with respect to any other relationships that may exist between KPMG, foreign member firms of KPMG International, or their partners and professionals and the Debtors, creditors, or any other parties in interest which may affect these cases (including any future engagement by AFI for projects not described herein or in the Initial Declaration), supplemental declarations describing such information shall be filed with this Court.

10. This declaration is provided in accordance with section 327 of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1.

I declare under penalty of perjury that the foregoing is true and correct.
Executed this 7th day of August, 2012

James W. McAveeney
Principal
KPMG LLP
303 E. Wacker Drive
Chicago, Illinois 60601-5255