**Hearing Date: August 14, 2012 at 10:00 a.m. (ET)**
**Objection Deadline: August 8, 2012 at 4:00 p.m. (ET)**
**(objection deadline extended by agreement)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**DEBTORS' LIMITED OBJECTION TO MOTION OF HITOSHI & WAKANA
INOUE FOR ORDER PURSUANT TO SECTION 362(D) OF THE BANKRUPTCY
CODE MODIFYING THE AUTOMATIC STAY TO PERMIT MOVANTS
TO PROCEED TO TRIAL BEFORE CALIFORNIA SUPERIOR COURT
AND TO EXTEND TIME TO OBJECT TO DISCHARGE OF DEBT**

ny-1053489

Residential Capital, LLC and its affiliated debtors and debtors in possession in the above-captioned Chapter 11 cases (collectively, the "**Debtors**") hereby submit this limited objection to the *Motion of Hitoshi & Wakana Inoue for Order Pursuant to Section 362(d) of the Bankruptcy Code Modifying the Automatic Stay to Permit Movants to Proceed to Trial Before California Superior Court and to Extend Time to Object to Discharge of Debt* [Docket No. 801], dated July 17, 2012 (the "**Motion**"). In support hereof, the Debtors respectfully represent:

## BACKGROUND

1.  On the Petition Date, each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. These cases are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**"). No trustee has been appointed in these Chapter 11 cases. On July 3, 2012, the Office of the United States Trustee for the Southern District of New York (the "**United States Trustee**") appointed the Honorable Arthur T. Gonzalez, former Chief Judge of the United States Bankruptcy Court for the Southern District of New York, as examiner.

2.  On May 16, 2012, the United States Trustee appointed a nine member official committee of unsecured creditors.

3.  On July 13, 2012, the Court entered the *Final Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the*

*Debtors to Pay Securitization Trustee Fees and Expenses* [Docket No. 774] (the "**Supplemental Servicing Order**").

## LIMITED OBJECTION

4.      By the Motion, movants Hitoshi & Wakana Inoue (the "**Movants**") seek relief from the automatic stay to pursue their action, pending in the Superior Court of the State of California, County of Sonoma (the "**Superior Court**"), Case No. SCV24856 (the "**Action**"). Motion ¶ 3. Movants' claims arise out of an allegedly wrongful foreclosure of their house by Debtor GMAC Mortgage, LLC ("**GMAC Mortgage**") in 2010. See Motion ¶ 12, 16. In the Action, the Inoues seek to set aside the trustee's sale of their house, as well as the resulting trustee's deed upon sale. Motion, Exhibit A ¶¶ 62-99. Movants also seek money damages against GMAC Mortgage. Motion, Exhibit A at 28. The parties completed discovery and the Action is ready for trial, which was initially scheduled to begin on July 20, 2012. Kelly Declaration ¶¶ 12, 14.[1]

5.      Pursuant to the Supplemental Servicing Order, the Court has already modified the stay to permit certain types of borrower-initiated claims against the Debtors to proceed in non-judicial foreclosure states. Supplemental Servicing Order ¶ 14. Arguably the Movants' claims seeking to set aside the trustee's sale of their house and the resulting trustee's deed upon sale fall within scope of the limited relief from the automatic stay provided by the Supplemental Servicing Order.[2]

---

[1] The "Kelly Declaration" refers to the *Declaration of Thomas P. Kelly III in Support of Motion of Hitoshi & Wakana Inoue for Order Pursuant to Section 362(d) of the Bankruptcy Code Modifying the Automatic Stay to Permit Movants to Proceed to Trial Before California Superior Court and to Extend Time to Object to Discharge of Debt*, attached to the Motion.

[2] Such determination is particular to both the circumstances of each case and the applicable law, and the Debtors reserve all rights with respect to the application of the Supplemental Servicing Order in connection with all future and pending actions.

6. Because the Action is ready for trial, in the interest of judicial economy, the Debtors do not object to a limited modification of the automatic stay solely for the purpose of permitting the Movants to pursue their additional claims for monetary relief in the context of the Action solely for the purpose of liquidating those claims before the Superior Court. In all other respects, the automatic stay should remain in full force and effect and enjoin Movants from enforcing any monetary award obtained in the Action as against the Debtors, their assets, or their estates, other than by filing a claim in the Debtors' Chapter 11 cases.

7. The Motion also seeks an extension of the time (i) under Bankruptcy Rule 4004 to object to the Debtors' discharge, for cause, and (ii) under Bankruptcy Code section 523(a) to object to the dischargeability of any debt obtained by the Movants in the Action. Motion ¶¶ 27-31. These requests should be denied.

8. Bankruptcy Rule 4004(a) directs that any complaint objecting to a Chapter 11 debtor's discharge must be filed by the first date set for the hearing on confirmation. Bankruptcy Rule 4004(b) permits the Court, for cause, to extend the time to object to a debtor's discharge. Even if Bankruptcy Rule 4004 was applicable to the Debtors – which the Debtors do not concede – Movants' request to extend the time to object to discharge is premature. The Debtors have not yet filed a plan. Accordingly, Movants' request for an extension of the time to file an objection to the Debtors' discharge should be denied.

9. Likewise, the Movants request an extension, under Bankruptcy Code section 523(a), of the time to file an objection to dischargeability of any debt that may arise as a result of the Action. However, Bankruptcy Code section 523(a), by its express terms, applies

3

ny-1053489

only individual debtors.  11 U.S.C. § 523(a) (A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from . . . .").[3]

WHEREFORE, for the foregoing reasons, the Debtors request that the Court enter an Order (i) providing for limited modification of the automatic stay to allow the Action to proceed to trial for purposes of adjudicating Movants claims against the Debtors, including Movants' claims for monetary damages, but for no other purpose, and (ii) denying extension of the time to seek objection to the Debtors' discharge or to the dischargeability of any claim the Movants may hold against the Debtors, and grant such other relief as the Court deems proper.

New York, New York
Dated: August 8, 2012

/s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel to the Debtors and
Debtors in Possession*

---

[3] Under Bankruptcy Code section 1141(d)(6), certain provisions of Bankruptcy Code section 523(a) may prevent a corporate debtor from obtaining a discharge of a particular debt, but only if the debt (i) is "owed to a domestic governmental unit" (ii) results from an action brought on behalf of the United States government under title 31 of the United States Code, or (iii) is "for a tax or customs duty . . . ."  None of these exceptions applies to the Inoues' claims.

4

ny-1053489