| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | Hearing Date:<br>Hearing Time: |
| | **NOTICE OF MOTION FOR TERMINATION OF AUTOMATIC STAY** |
| In Re:<br><br>RESIDENTIAL CAPITAL, LLC, et al.<br><br>Debtor. | Case No.: 12-12020<br><br>(Chapter 11)<br><br>Assigned to:<br>Hon. Martin Glenn<br>Bankruptcy Judge |

Please take notice that HSBC BANK USA, N.A. by the undersigned attorneys, will move this Court on September 11, 2012, at 10 a.m. or as soon thereafter as counsel can be heard, at the United States Bankruptcy Court, One Bowling Green, New York, NY 10004-1408 for an Order pursuant to 11 U.S.C. §362(d)(1) terminating the automatic stay to allow Movant to proceed with its State Foreclosure Action and for such other relief as the Court may deem proper.

**PURSUANT TO LOCAL BANKRUPTCY RULE 9006-1(a), ANY ANSWERING PAPERS ARE TO BE SERVED SO AS TO BE RECEIVED BY THE SECURED CREDITOR'S COUNSEL NO LATER THAN 7 DAYS BEFORE THE HEARING DATE.**

DATED:   August 8, 2012
         New Rochelle, New York

Yours, etc.,

/s/ Charles A. Higgs
Charles A. Higgs
McCabe, Weisberg & Conway, P.C.
Attorneys for Secured Creditor.
145 Huguenot Street
New Rochelle, NY 10801
Telephone 914-636-8900

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
_____X
IN RE:

RESIDENTIAL CAPITAL, LLC, et al.

CH: 11
Case No:.12-12020

Debtor.
_____X

**MOTION OF HSBC BANK USA, N.A. SEEKING RELIEF FROM THE AUTOMATIC STAY**

HSBC BANK USA, N.A.,(hereinafter "Movant") by and through its attorneys, McCabe, Weisberg & Conway, P.C., hereby moves to terminate the automatic stay in order to proceed with a residential foreclosure action in which the above captioned Debtor is a defendant.

**BACKGROUND**

1. On May 14, 2012, Residential Capital, LLC, and fifty other affiliated entities (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code"). Included in these fifty-one Debtors are GMAC Mortgage, LLC ("GMAC") d/b/a Ditech, LLC.

2. Debtors are the holders and/or servicers of a large number of loans secured by mortgages on residential properties. Prior to Debtors' bankruptcy filing a number of foreclosure actions had been initiated by senior lien holders in which one or more of the Debtors hold junior liens and are therefore named as defendants in the actions.

3. Among those cases is <u>HSBC Bank USA, N.A. v. David Siener, GMAC Mortgage, LLC D/B/A Ditech.com, et al.</u>, Index No. 2012/60213 Supreme Court of New York, Erie County (the "State Court Action"), in which Movant is the senior lien holder, and GMAC, is a junior lien holder and named defendant. A copy of the Summons and Complaint is attached as Exhibit "A". A copy of the title report showing that Movant is the senior lien holder and GMAC is the junior lien holder is attached as Exhibit "B". Upon the Debtors' bankruptcy filing the automatic stay was imposed

under 11 U.S.C. §362(a), which prevents Movant from moving forward with the State Court Action. Accordingly, Movant has filed the instant action seeking relief from the automatic stay under Section 362(d)(1) of the Bankruptcy Code.

## APPLICATION OF THE SONNAX FACTORS FAVORS
## RELIEF FROM STAY UNDER 11 U.S.C. § 362(d)(1)

4. Where relief from stay is sought in order to proceed with a judicial action, Section 361(d)(1) applies. *See* In re Sonnax Industries, Inc., 907 F.2d 1280, 1285 (2d Cir. 1990). Section 362(d)(1) provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from stay
>
> (1) For cause, including the lack of adequate protection of an interest in property of such party in interest.

5. In moving for relief under Section 362(d)(1) the initial burden is on the moving party to show cause for relief from stay. Once cause is shown the burden moves to the party opposing relief. *See* Schneiderman v. Bodanovich (In re Bodanavich, 292 F.3d 104, 110 (2d Cir. 2002) (citing Mazzeo v. Lenhart (In re Mazzeo), 167 F.3d 139, 142-143 (2d Cir. 1999). Cause is not defined by statute. However, where relief from the automatic stay is sought in order to proceed with a judicial action the court is guided by the twelve Sonnax factors set forth in In re Sonnax Industries, Inc. Those twelve factors are:

(1) Whether relief would result in a complete or partial resolution of the issues;
(2) lack of any connection with or interference with the bankruptcy case;
(3) whether the other proceeding involves the debtor as a fiduciary;
(4) whether a specialized tribunal with the necessary expertize has been established to hear the cause of action;
(5) whether the debtor's insurer has assumed full responsibility for defending it;
(6) whether the action primarily involves third parties;
(7) whether litigation in another forum would prejudice the interests of other creditors;
(8) whether the judgment claim arising from the other action is subject to equitable subordination;

(9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;
(10) the interests of judicial economy and the expeditious and economical resolution of litigation;
(11) whether the parties are ready for trial in the other proceeding; and
(12) impact of the stay on the parties and the balance of harms.

*Id.* (citing *In re Curtis*, 40 B.R. 795, 799-800 (Bankr. D. Utah 1984)

6. It is not necessary that all twelve factors be present and equal weight need not be given to every element. *See* Mazzeo v. Lenhart (In re Mazzeo), 167 F. 3d 139, 142-143 (2d Cir. 1999). As will be shown the Sonnax factors clearly support granting Movant's motion for relief from stay.

7. As to the first Sonnax factor, lifting the stay to allow Movant to proceed with the State Court Action would result in a complete resolution of the issues. GMAC is the junior lien holder and thus allowing Movant to proceed with the State Court Action would allow a determination as to what if any monies will be paid to GMAC as the junior lien holder.

8. As to the second Sonnax factor, granting Movant relief from stay would not interfere with the bankruptcy case and ultimately may assist Debtors' case by bringing a determination as to what amount if any will be paid on the junior lien. Furthermore, the issues in this foreclosure case are not at all central to Debtors' case and in fact the only issue that would be of relevance to the case is the foreclosure sale price and payment to GMAC as junior lien holder if funds are available after the sale. The sale procedures and application of the sale funds are matters properly determined by the state court.

9. As to the fourth Sonnax factor, the foreclosure action Movant seeks to proceed with is currently pending before the Erie County Supreme Court, which is the proper court to hear the foreclosure action. There is no doubt that the Erie County Supreme Court has significant experience hearing foreclosure actions.

10. As to the sixth Sonnax factor, GMAC is named as a defendant in the State Court Action as a result of it being the junior lien holder. The foreclosure action primarily involves Movant as the

senior lien holder and David Seiner, the defendant property owner. GMAC is merely a third party in the foreclosure action and does not have a significant stake in that action.

11. As to the seventh <u>Sonnax</u> factor, allowing Movant to proceed with the State Court Action would not prejudice the interests of other creditors in the bankruptcy and in fact would be beneficial to the creditors' interest by allowing a determination to be made as to the value of the junior lien, as well as, possibly making funds available to the Debtors' estate for payment to creditors.

12. As to the tenth <u>Sonnax</u> factor, allowing Movant to proceed with the State Court Action would clearly be in the interest of judicial economy and the expeditious and economical resolution of litigation because the State Court Action has already been initiated, the Debtors have no real stake in the litigation other than a determination as to what amount if any will be paid on this particular lien, and the state court has a system in place for handling foreclosure actions.

13. As to the eleventh <u>Sonnax</u> factor, Movant as the senior lien holder is ready to proceed in the State Court Action. GMAC as a junior lien holder does not have involvement in the State Court Action until the action is over and the foreclosure sale has been held.

14. As to the twelfth <u>Sonnax</u> factor, the impact of the stay is harmful to both the Movant, the Debtors, and Debtors' creditors as the stay of the foreclosure action allows for the possibility that tax liens will arise, and that Movant's lien will grow larger, therefore diminishing amounts paid to the Debtor and ultimately Debtors' creditors.

**CONCLUSION**

15. As shown above, the <u>Sonnax</u> factors clearly support granting Movant relief from the automatic stay in order to proceed with its State Court Action.

**WHEREFORE**, Movant respectfully requests that the court enter an Order (i) granting Movant relief from stay to proceed with the State Court Action; and (ii) for all other such relief as the court deems just and proper.

**Dated:** August 9, 2012
New Rochelle, NY

Respectfully Submitted,

Charles Higgs
Attorneys for HSBC
McCabe, Weisberg & Conway, P.C.
145 Huguenot Street, Suite 210
New Rochelle, NY 10801
(914) 636-8900