EXHIBIT A

SUPREME COURT THE STATE OF NEW YORK:
COUNTY OF ERIE
-----------------------------------------------------------X
HSBC BANK USA, N.A.

                              Plaintiff

                            -against-

DAVID SIENER A/K/A DAVID J. SIENER
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,
INC., AS NOMINEE FOR GMAC MORTGAGE, LLC D/B/A
DITECH. COM
"JOHN DOE #1" to "JOHN DOE #10," the last 10 names being
fictitious and unknown to plaintiff, the persons or parties intended
being the persons or parties, if any, having or claiming an interest
in or lien upon the mortgaged premises described in the verified
complaint,

                            Defendants.
-----------------------------------------------------------X

Index No.
I2012602132

NOTICE OF
PENDENCY

Section: 151.46
Block: 4
Lot: 22.11

FILED
MAR 19 2012

      NOTICE IS HEREBY GIVEN that an action has been commenced and is pending in this Court upon the complaint of plaintiff against the above named defendants for foreclosure of a Mortgage dated April 6, 2005 in the principal amount of $75,600.00 executed by defendant David Siener a/k/a David J. Siener to Mortgage Electronic Registration Systems, Inc., as nominee for HSBC Mortgage Corporation (USA) and recorded in the office of the Clerk of Erie County on April 6, 2005 in Liber 13220 Page number 2953.

      Said mortgage was assigned from Mortgage Electronic Registration Systems, Inc., as nominee for HSBC Mortgage Corporation (USA) to HSBC Bank USA, N.A., Plaintiff, by Assignment of Mortgage dated December 22, 2011 and to be recorded in the Office of the County Clerk of Erie County.

SUPREME COURT THE STATE OF NEW YORK:
COUNTY OF ERIE
-----------------------------------------------------------X
HSBC BANK USA, N.A.

                          Plaintiff,

            -against-

DAVID SIENER A/K/A DAVID J. SIENER
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,
INC., AS NOMINEE FOR GMAC MORTGAGE, LLC D/B/A
DITECH. COM
"JOHN DOE #1" to "JOHN DOE #10," the last 10 names being
fictitious and unknown to plaintiff, the persons or parties intended
being the persons or parties, if any, having or claiming an interest
in or lien upon the mortgaged premises described in the verified
complaint,

                          Defendants.
-----------------------------------------------------------X

Index No.
Date Filed:
I2012602132
**SUMMONS**

Plaintiff designates Erie County as the place of trial based on the location of the mortgaged premises in this action.

Plaintiff's principal place of business is 961 Weigel Drive, Elmhurst, Illinois 60126.

To the above-named defendants:

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorneys within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

**NOTICE**

SUPREME COURT THE STATE OF NEW YORK:
COUNTY OF ERIE
----------------------------------------------------------X
HSBC BANK USA, N.A.

                          Plaintiff

      -against-

DAVID SIENER A/K/A DAVID J. SIENER
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., AS NOMINEE FOR GMAC
MORTGAGE, LLC D/B/A DITECH. COM
"JOHN DOE #1" to "JOHN DOE #10," the last 10
names being fictitious and unknown to plaintiff, the
persons or parties intended being the persons or
parties, if any, having or claiming an interest in or lien
upon the mortgaged premises described in the verified
complaint,
                         Defendants.
----------------------------------------------------------X

Index No.
Date Filed:

COMPLAINT

      Plaintiff, by its attorneys, McCabe, Weisberg & Conway, P.C., complains and alleges, upon information and belief, as follows:

      FIRST. Plaintiff is, and at all times relevant herein is a domestic National Association organized under the laws of United States of America with its principal place of business at 961 Weigel Drive, Elmhurst, Illinois 60126.

      SECOND. On or about the following date, the following named obligor, for the purpose of evidencing an indebtedness in the following amount and interest, duly executed, acknowledged and delivered to the following named obligee the following instrument, a copy of which is hereto annexed and marked Exhibit "A" with the same force and effect as if set forth at length herein:

INSTRUMENT: Note

DATE: April 6, 2005

OBLIGOR: David J. Siener

OBLIGEE: HSBC Mortgage Corporation (USA)

AMOUNT: $75,600.00

THIRD. For the purpose of securing payment for the said indebtedness, as more fully set forth in said instrument, the said obligor, as mortgagor, on or about said date executed, acknowledged and delivered to said obligee, as mortgagee, a certain mortgage, a copy of which is hereto annexed and marked Exhibit "B" with the same force and effect as if set forth at length herein, wherein and whereby said obligor, as mortgagor, mortgaged to said obligee, as mortgagee, certain real property, which mortgaged premises are more particularly described in said mortgage,

FOURTH. Said mortgage was duly recorded as follows in the office for the recording of mortgages in the county in which said mortgaged premises were then and are now situated, and the recording data (and section, block and lot indexing) is as follows:

RECORDED IN OFFICE OF: County Clerk of Erie

DATE OF RECORDING: April 6, 2005

LIBER 13220 PAGE NUMBER 2953

SECTION BLOCK LOT IN WHICH INDEXED: SECTION 151.46 BLOCK 4 LOT 22.11

FIFTH. The mortgages premises are commonly known as 103 Orchard Avenue, Hamburg, New York 14219, County of Erie and State of New York (the "Premises"), and is more fully described in Schedule A attached hereto.

SIXTH. Any applicable recording tax was duly paid at the time of recording said last mentioned mortgage.

SEVENTH. Plaintiff is the holder of said note and mortgage. Said mortgage was assigned from Mortgage Electronic Registration Systems, Inc., as nominee for HSBC Mortgage Corporation (USA) to HSBC Bank USA, N.A., Plaintiff, by Assignment of Mortgage dated December 22, 2011 to be recorded in the Office of the County Clerk of Erie County. See Exhibit B.

EIGHTH. The defendant(s) have failed to comply with the terms and provisions of said mortgage and said instrument secured by the mortgage, by failing to pay principal and interest and/or taxes, insurance premiums, escrows and/or other charges commencing with the September 1, 2011 payment, as more fully set forth below.

NINTH. More than fifteen (15) days have elapsed since the first of said defaults occurred, and by reason thereof, Plaintiff has elected and hereby elects to declare immediately due and payable the entire unpaid balance of principal, together with monies advanced for taxes, insurance, property maintenance, as well as the costs, allowances and reasonable attorney fees to the extent permitted by the mortgage.

TENTH. The following amounts are now due and owing on said mortgage and the said instrument secured by the mortgage, no part of which has been paid although duly demanded:

ENTIRE PRINCIPAL BALANCE: $67,490.76

INTEREST THEREON FROM: August 1, 2011

AT THE RATE AS SET FORTH IN THE INSTRUMENT SECURED BY THE MORTGAGE

ELEVENTH. In order to protect its security interest, Plaintiff, or its agents, has paid or may be compelled to pay during the pendency of this action, taxes, assessments, water rates, insurance premiums, and other charges affecting the Premises. Plaintiff requests that any

sums it or its agent has paid, together with interest, be included in the sum due as provided for and secured by the mortgage being foreclosed herein.

TWELFTH. Each of the above-named defendants has or claims to have or may claim to have some interest in or lien upon said mortgaged premises or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of said mortgage.

Pursuant to the provisions of CPLR 5203(a)(2) and/or RPAPL 1311, said judgment is subject and subordinate to plaintiff's mortgage. Mortgage Electronic Registration Systems, Inc., as nominee for GMAC Mortgage, LLC d/b/a ditech.com, is made a party to this action solely for purposes indicated above and for no other reason, Defendants lien or interest is described with specificity in Exhibit C herein.

THIRTEENTH. Plaintiff has complied with all of the provisions of Banking Law, Section 595-a [NYCLS], Section 6-l, Section 6-m, RPAPL§ 1304, RPAPL§ 1306, UCC §9-611. Exhibit D.

FOURTEENTH. John Doe No. 1 to Jane Doe No. 10 are fictitious and unknown to Plaintiff. They are named as defendants to designate any and all persons or parties, if any, having or claiming an interest in or lien upon the mortgaged Premises. They may be judgment creditors or may have, or claim to have a subordinate mortgage, all of which are subordinate to the interest of the Plaintiff herein.

FIFTEENTH. No other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of said mortgage or for the recovery of the said sum secured by said note and mortgage or any part thereof.

SIXTEENTH. Plaintiff requests that in the event that this action proceed to judgment of foreclosure and sale, said premises shall be sold subject to the following:

1. Any state of facts that an inspection of the premises would disclose;

2. Any state of facts that an accurate survey of the premises would show;

3. Covenants, restrictions, easements and public utility agreements, if any,

4. Building and zoning ordinances of the municipality in which the mortgaged premises are located and possible violations of same;

5. Any rights of tenants in possession of the subject premises;

6. Any equity of redemption of the United States of America to redeem the premises within 120 days from the date of sale;

7. Prior mortgage liens of record, and any advances and arrears thereunder;

8. Prior lien(s) of record, if any.

SEVENTEENTH. Plaintiff shall not be deemed to have waived, altered, released or changed the election hereinbefore made, by reason of any payment after the commencement of this action, of any or all of the defaults mentioned herein, and such election shall continue and remain effective.

WHEREFORE, Plaintiff demands judgment against the defendants as follows:

a. That each and all of the defendants in this action, and any and all persons claiming by, through and under any of them, subsequent to the commencement of this action and the filing of the notice of pendency thereof in the Office of the County Clerk of Erie County in the State of New York, which is the county in which the Premises are located, may

be forever barred and foreclosed of any and all right, title and interest, claim, lien and equity of redemption in the Premises;

b. That a receiver of rents may be appointed without notice as provided in the Mortgage;

c. That the Court direct that the Premises can be sold according to law, in one parcel or otherwise as equity may require;

d. That the monies arising from the sale of the Premises may be brought into Court;

e. That the monies due to Plaintiff on the Note and Mortgage may be adjudged and computed;

f. That Plaintiff may be paid the amount adjudged to be due on the Note and the Mortgage with interest at the time of such payment, together with any monies advanced and paid pursuant to any term or provision of the Note and Mortgage so as to protect the lien of the Mortgage, and together with taxes, insurance premiums and all other charges and liens paid thereon with interest upon said amount from the date of the respective payments and advances, together with all amounts due by virtue of statutory costs, allowances and attorney's fees, together with any reasonable attorney's fees over and above the amounts covered by the statutory attor-

ney's fees, together with the expenses of the sale insofar as the amount of such monies properly applicable thereto will pay the same;

g. That if the proceeds of the sale of the Premises are insufficient to pay the amount found due to Plaintiff as set forth in the immediately preceding paragraph, the officer making the sale be required by the judgment of sale herein to specify the amount of such deficiency in the report of sale so that application may be made by Plaintiff to the Court pursuant to Section 1371 of the Real Property Actions and Proceedings Law for a deficiency judgment against the Defendant Obligors David Siener a/k/a David J. Siener, which will include the amount of any such deficiency, unless (1) said debt has been listed and discharge in a bankruptcy petition or (2) Plaintiff is unable to produce a copy of the note;

h. If the Court, upon such application shall so direct, Plaintiff should have judgment against the Defendants David Siener a/k/a David J. Siener for the amount of such deficiency;

    i.   That Plaintiff be awarded reasonable attorney's fees as provided in the Note and Mortgage, as well as the costs and disbursements of this action.

DATED: New Rochelle, New York
March 14, 2012

McCABE, WEISBERG & CONWAY, P.C.

By: _____
MICHAEL LEHRMAN, ESQ.
Attorneys for Plaintiff
145 Huguenot St., Suite 499
New Rochelle, New York 10801
914-636-8900
914-636-8901 facsimile



# NOTE

April 06, 2005                    HAMBURG                    NEW YORK
[Date]                            [City]                     [State]

103 ORCHARD AVENUE , HAMBURG, NY   14219

[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $75,600.00        (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is **HSBC Mortgage Corporation (USA)**

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of       5.2500%.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

(A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the 1st       day of each month beginning on **June 01, 2005**          . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on **May 01, 2035**           , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at **2929 WALDEN AVENUE, DEPEW, NY   14043**
or at a different place if required by the Note Holder.

(B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $ **417.47**

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

NY 3120

**NEW YORK FIXED RATE NOTE-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**

VMP -5N(NY) (0005)          Form 3233 1/01
VMP MORTGAGE FORMS - (800)521-7291

Page 1 of 3           Initials _DS_

RECORD & RETURN TO:
HSBC Mortgage Corporation
2929 Walden Avenue
Depew, New York 14043

**ORIGINAL**

Return To:
MAGAVERN, RICK & MORGAN
71 MAIN STREET,
HAMBURG, NY 14075
Prepared By:
HILL, VALERIE, ,

———————————[Space Above This Line For Recording Data]———————————

# MORTGAGE MIN:

4/6/005  6556

**WORDS USED OFTEN IN THIS DOCUMENT**
(A) "Security Instrument." This document, which is dated April 06, 2005 together with all Riders to this document, will be called the "Security Instrument."
(B) "Borrower." DAVID J. SIEBER

whose address is 103 ORCHARD AVENUE , HAMBURG, NY 14219

sometimes will be called "Borrower" and sometimes simply "I" or "me."
(C) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS. FOR PURPOSES OF RECORDING THIS MORTGAGE, MERS IS THE MORTGAGEE OF RECORD.
(D) "Lender." HSBC Mortgage Corporation (USA)

will be called "Lender." Lender is a corporation or association which exists under the laws of DELAWARE             . Lender's address is 2929 WALDEN AVENUE,
DEPEW, NY 14043-2602

NY 3115
NEW YORK - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS         Form 3033 1/01

-6A(NY) (0005).07
Page 1 of 17                Initials: DS
VMP Mortgage Solutions, Inc. (800)621-7291

EXHIBIT B

## CERTIFICATE OF FORECLOSURE

TITLE NO.: VA-0024741
LOAN NO.: N/A
MATTER #: 382-0952

**VENTURE TITLE AGENCY, INC.** Certifies to McCabe, Weisberg & Conway, P.C., that it has caused searches to be made in the proper offices in the County of Erie, against the premises described in this certificate from 2005 to present date hereof for the purpose of foreclosing a mortgage dated 04/06/2005 recorded 04/06/2005 in Liber 13220 Page 2953 and held of record by Mortgage Electronic Registration Systems, Inc., as nominee for HSBC Mortgage Corporation (USA) in the original amount of $75,600.00.
**(Copy of Mortgage attached)**

THAT title to the premises described herein as ascertained from instruments of record within the period covered by this certificate is vested in David J. Siener by deed dated 01/25/2005 recorded 04/06/2005 in Liber 11093 Page 3456.
**(Copy of Deed attached)**

**Premises known as:  103 Orchard Avenue, Hamburg, New York**
                    **Section: 151.46 / Block: 4 / Lot: 22.11**

THAT this certificate is composed of the following schedules:

A. Description of premises.
B. Mortgages and Assignments thereof of record within period searched.
C. Parties Defendant.
D. Objections to title.
E. Tax Schedule.
F. Bankruptcy Search.
G. Surrogates Search

SEARCH has not been made and this certificate does not cover: Registration of Title under Art. XII, Real Property Law; general assignments, orders appointing receivers and petitions in bankruptcy against judgment creditors and minor lienors; assignments of judgments and minor liens subsequent to the date hereof; chattel mortgages; conditional sales contracts which are not indexed in the section and block where the law provides for such indexing, or, where no provision is made for such indexing, which are not indexed in the office where a deed of the premises would be recorded; bankruptcies in other than the District in which the premises are situated; judgments in Federal Courts where the premises are not in a county in which the Office of the Clerk of the United States District Court is located.

TITLE NO.: VA-0024741  
LOAN NO.: N/A  
MATTER #: 382-0952  

SCHEDULE A  
DESCRIPTION  

Section: 151.46 / Block: 4 / Lot: 22.11  

ALL THAT TRACT OR PARCEL OF LAND, situate in the Village of Blasdell, Town of Hamburg, County of Erie and State of new York, being part of Lot No. 12, Township 10, Range 8 of the Buffalo Creek Reservation and according to map filed in the Erie County Clerk's office under cover No. 383, is known as Subdivision Lots Nos. 1245, 1246 and 1247.

TITLE NO.: VA-0024741  
LOAN NO.: N/A  
MATTER #: 382-0952

## SCHEDULE B

## MORTGAGE SCHEDULE

1) Mortgagor: David J. Siener

    Mortgagee: Mortgage Electronic Registration Systems, Inc., as nominee for HSBC Mortgage Corporation (USA)

    Amount: $ 75,600.00  
    Dated: 04/06/2005  
    Recorded: 04/06/2005  
    Liber: 13220  
    Page: 2953

2) Mortgagor: David J. Siener

    Mortgagee: Mortgage Electronic Registration Systems, Inc., as nominee for GMAC Mortgage, LLC, d/b/a, ditech.com

    Amount: $ 25,000.00  
    Dated: 01/05/2007  
    Recorded: 03/12/2007  
    Liber: 13339  
    Page: 8859