| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | NOT FOR PUBLICATION |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, *et al.*<br><br>　　　　　　　　　　　　　　　　Debtors. | Case No. 12-12020 (MG)<br><br>Jointly Administered |

**MEMORANDUM OPINION GRANTING MOTION TO EMPLOY AND RETAIN
BRADLEY ARANT BOULT CUMMINGS LLP AS SPECIAL LITIGATION AND
COMPLIANCE COUNSEL TO THE DEBTORS, NUNC PRO TUNC TO MAY 14, 2012**

*A P P E A R A N C E S*:

MORRISON & FOERSTER LLP
*Counsel for the Debtors*
1290 Avenue of the Americas
New York, New York 10104
By:　Lorenzo Marinuzzi, Esq.

KRAMER LEVIN NAFTALIS & FRANKEL LLP
*Counsel for the Official Committee of Unsecured Creditors*
1177 Avenue of the Americas
New York, New York 10036
By:　Douglas H. Mannal, Esq.

TRACY HOPE DAVIS
*United States Trustee for Region 2*
33 Whitehall Street, 21st Floor
New York, New York 10004
By:　Brian S. Masumoto, Esq.

PATRICK J HOPPER
*Pro Se Objector*
220 McCartney Dr
Moon Twp Pa 15108

**MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE**

　　　　Pending before the Court is *Debtors' Application under Sections 327(e) and 328 of the*

*Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1 for Authorization to (I)*

*Employ and Retain Bradley Arant Boult Cummings LLP as Special Litigation and Compliance Counsel to the Debtors, Nunc Pro Tunc to May 14, 2012, and (II) to Approve Alternative Billing Arrangement,* filed on July 9, 2012. (ECF Doc. # 721). The Official Committee of Unsecured Creditors (the "Committee") filed a limited objection to the retention motion, but in all but one respect that objection has now been resolved. Patrick J. Hopper ("Hopper"), a defendant in a Florida state court foreclosure action filed by one of the Debtors, in which the Debtor is represented by Bradley Arant Boult Cummings LLP ("BABC"), filed a limited objection to the retention motion, arguing that a special counsel should first be appointed to investigate the Debtors' conduct (and BABC's conduct) in foreclosure actions generally—not just the foreclosure action involving Hopper. For the reasons explained below, the remaining objections are overruled and the motion to retain BABC is granted.

## I.   BACKGROUND

Since January 2008, the Debtors have employed BABC to represent the Debtors and/or the investors for which the Debtors provide servicing or sub-servicing services in approximately 600 open litigation files related to a variety of causes of action (the "Litigation Matters"). BABC's representation of the Debtors has also included matters related to pooling and servicing agreements, loan repurchase disputes, secondary market representations and warranties, servicing matters, and settlement services issues (the "Servicing Matters"). BABC has also represented the Debtors in numerous pre-litigation situations with borrowers, state agencies and consumer advocacy groups and has assisted the Debtors with numerous non-litigation legal projects related to their daily mortgage servicing operations, including related regulatory and compliance matters (the "Prelitigation Matters"). In addition, BABC has represented the Debtors with respect to their duties as servicer to manage, maintain, dispose of, and pursue claims with

respect to various "REO" (real estate owned) properties upon which the Debtors have foreclosed, including claims against insurers of the REO properties and claims involving boundary and lien disputes (the "REO Matters").

Further, on behalf of the Debtors, BABC has responded to informal and formal inquiries by state attorneys general (both individual state subpoenas and multi-state civil investigative demands), the Department of Justice, the Office of Inspector General of the Department of Housing and Urban Development, and the United States Attorney's office (the "Government Matters"). Through BABC, Debtors communicate with the various federal and state regulatory agencies, and these Debtors will be able to interface with the numerous governmental agencies that must be consulted in order for the Debtors to sell successfully their servicing platform and other assets as is contemplated in these cases.

Finally, BABC has assisted the Debtors in the negotiation of and compliance with their obligations under the Consent Orders entered into with the Federal Deposit Insurance Corporation and the Federal Reserve System and the Consent Judgment entered by the District Court for the District of Columbia relating to a settlement negotiated with the Department of Justice, and the related agreements (the "Compliance Matters" and, together with the Litigation Matters, the Servicing Matters, the Prelitigation Matters, the REO Matters, and the Government Matters, the "Prepetition Matters").

By virtue of such prior engagement, BABC is familiar with the facts and history of the Debtors' servicing platform, their litigation files in more than a dozen states, their foreclosure and loss mitigation departments, their negotiation of the nationwide Attorney General settlement in 2012, the implementation of the Consent Orders, the Debtors' review and revision of their policies and procedures related to document execution and notary practices, their internal quality

control processes, as well as their mortgage servicing policies and procedures. As such, retaining BABC is an efficient and cost effective manner in which the Debtors may obtain the requisite services.

Because BABC had represented the Debtors in the Prepetition Matters, and because these matters were ongoing as of the Petition Date or were expected to continue thereafter as part of the Debtors' servicing business, the Debtors requested that BABC continue to provide the legal services described herein to the Debtors and BABC did so at the Debtors' request. Accordingly, the Debtors request *nunc pro tunc* approval of the fees and expenses incurred by BABC in the provision of services in connection with the matters described herein following the Petition Date, as well as authorization to pay out of prepetition retainer amounts any unpaid fees and expenses of BABC incurred prior to the Petition Date.

### A.     The Committee Objection

After the filing of the BABC Application, the Debtors and BABC engaged in extensive discussions with the Committee regarding BABC's retention in these cases. Additionally, BABC and the Debtors responded to the Committee's requests for information regarding the services provided by BABC to the Debtors and to its non-debtor affiliates, Ally Bank and Ally Financial Inc. (together, "Ally"). On August 1, 2012, the Committee filed the *Limited Objection of the Official Committee of Unsecured Creditors with Respect to the Debtors' Application to Retain Bradley Arant Boult Cummings LLP* (the "Committee Objection"). (ECF Doc. # 967.)

The Committee's primary objection was to BABC's continued concurrent representation of the Debtors and Ally. *See* Committee Objection ¶ 15. That objection has now been resolved and withdrawn on the record at the August 9, 2012 hearing as BABC has agreed and Ally has consented to BABC withdrawing from the continued representation of Ally, and representing

only the Debtors in such matters. The only remaining objection from the Committee is its request that the retention order provide that BABC "must consult with the Committee's counsel on any matters that involve Ally Bank and AFI."

    **B.**    **The Hopper Objection**

On July 17, 2012, Hopper filed the *Limited Objection of Patrick Hopper to Debtors Motion to Employ and Retain Bradley Arant Boult Cummings LLP as Special Litigation and Compliance Counsel to the Debtors* (the "Hopper Objection"). (ECF Doc. # 809.) The Hopper Objection complains that BABC has participated in unlawful conduct in connection with actions relating to so-called "robo-signing," by submitting false documents in support of motions to lift the automatic stay in consumer bankruptcy cases or in state court foreclosure actions. On July 30, 2012, Hopper filed the *Declaration in Support of Limited Objection of Patrick Hopper to Debtors Motion to Employ and Retain Bradley Arant Boult Cummings LLP as Special Litigation and Compliance Counsel to the Debtors* (the "Hopper Declaration"). (ECF Doc. # 940.). Hopper also appeared and argued in support of his objection at the August 9, 2012 hearing.

Hopper is currently a defendant in a foreclosure action initiated by GMAC Mortgage, LLC ("GMACM") in Florida in December 2009. GMACM is represented in that action by BABC (the "Foreclosure Proceeding"). Hopper has filed several affirmative defenses and counterclaims in the Foreclosure Proceeding, and has now filed the Hopper Objection. Hopper alleges that GMACM submitted false documents in support of a lift stay motion in Hopper's previous chapter 7 case (now closed with Hopper receiving a discharge). GMACM was *not* represented by BABC in Hopper's chapter 7 case, and BABC represented to this Court that it has withdrawn and is not relying in the state court action in which it represents GMACM on the documents that Hopper challenges that were filed in the closed chapter 7 case. In his objection,

Hopper cites to BABC's defense of the Debtors in robo-signing related matters as a reason that BABC should not be retained and compensated as special litigation and compliance counsel in the Debtors' future matters.  In addition, Hopper asserts that BABC has taken "inaccurate, false and misleading statements and discovery."  No specifics or evidence supporting such allegation has been provided, and Hopper acknowledged at the hearing that BABC has not been sanctioned by the court in Florida for any conduct in the pending state court action.

Hopper also requests that before BABC proceeds with prosecution of any foreclosure actions on behalf of the Debtors *against anyone*, a process be established for the appointment of an independent special counsel for the purpose of reviewing and, as needed, correcting any inaccuracies in current cases where the Debtors are represented by BABC, and, where possible, settling such cases.  In addition, the Hopper Objection implies that BABC may lack the "impartiality" required of professionals under section 327 of the Bankruptcy Code.

## II.    DISCUSSION

### A.    Legal Standards Applicable to Retention and Compensation of Professionals

Section 327(a) of the Bankruptcy Code provides that:

> [e]xcept as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

With regard to applications to retain special counsel, section 327(e) allows a debtor to

> employ, for a specified special purpose . . . an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any *interest adverse* to the

6

> debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e) (emphasis added).

The legislative history of section 327(e) states that it "will most likely be used when the Debtor is involved in complex litigation, and changing attorneys in the middle of the case after the bankruptcy case has commenced would be detrimental to the progress of that other litigation." H.R. Rep. No. 595, 95th Cong., 1st Sess. 328 (1977), U.S.Code Cong. & Admin.News 1977, p. 5963; S. Rep. No. 989, 95th Cong., 2d Sess. 38–39 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787.

The Second Circuit defines an adverse interest as (1) possessing or asserting "'any economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant'" or (2) possessing "'a predisposition under circumstances that render such a bias against the estate.'" *Bank Brussels Lambert v. Coan (In re Arochem Corp.),* 176 F.3d 610, 623 (2d Cir. 1999) (citation omitted). In evaluating a motion to retain special counsel, the Second Circuit has held that "any potential conflicts must be evaluated only with respect to the scope of [the proposed special counsel's] retention." *Id.* at 622. Reasoning by analogy to section 327(e) of the Bankruptcy Code, the court held that no conflict exists so long as "the interest of the special counsel and the interest of the estate are identical with respect to the matter for which special counsel is retained." *Id.* (citing *In re Nat'l Trade Corp.*, 28 B.R. 872, 875 (Bankr. N.D. Ill. 1983) (denying motion to disqualify special counsel under section 327(c) because interest of the firm as special counsel was identical to interest of the estate)).

In addition, the determination whether an attorney that is to be retained under section 327(e) holds an adverse interest must be made on a case by case basis considering the totality of

7

the circumstances.  As the court stated in *Arochem*, "[w]hen evaluating proposed retention, a bankruptcy court 'should exercise its discretionary powers over the approval of professionals in a manner which takes into account the particular facts and circumstances surrounding each case and the proposed retention before making a decision.'" *Id*. at 621 (citing 3 COLLIER ON BANKRUPTCY ¶ 327.04[a] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2011) (citing *In re Harold & Williams Dev. Co.*, 977 F.2d 906, 910 (4th Cir.1992) ("The discretion of the bankruptcy court must be exercised in a way that it believes best serves the objectives of the bankruptcy system.  Among the ultimate considerations for the bankruptcy courts in making these decisions must be the protection of the interests of the bankruptcy estate and its creditors, and the efficient, expeditious, and economical resolution of the bankruptcy proceeding."))).

Bankruptcy Rule 2014 sets out what must be included in a retention application before a court can approve a professional's employment under sections 327, 1103, or 1114 of the Bankruptcy Code.  Local Bankruptcy Rule 2014-1 adds information that should be included as well.  The application must include

- Specific grounds for employment;
- Specific facts giving rise to the need for employment;
- Name of the party to be employed;
- Reasons for the selection of that professional;
- Professional services will be rendered;
- Compensation arrangements which have been made with the professional;
- Qualifications of person to be employed;
- Connections between the professional to be employed and the parties in interest attorneys and accountants in the case, and the UST and its personnel;
- Specific facts detailing why the terms and conditions of employment are reasonable including retainer, hourly fee, or contingent fee arrangement.

**B.      BABC Satisfies the Legal Standards for Retention as Special Counsel**

BABC's concurrent representation of the Debtors and Ally in the Residential Mortgage Litigation Matters and the Class Action Matters does not preclude BABC from being retained

8

pursuant to section 327(e) of the Bankruptcy Code as special counsel to the Debtors.  In any event, with Ally's consent, BABC is withdrawing from the representation of Ally in all matters.  No evidence has been presented that BABC holds any interest adverse to the Debtors regarding the Residential Mortgage Litigation Matters and the Class Action Matters.  The Committee's objection to the joint representation of the Debtors and Ally in Government and Compliance Matters raised more substantial issues, but it is unnecessary for the Court to resolve these issues since BABC is withdrawing from the representation of Ally in all matters, including Government and Compliance Matters, and the Committee has withdrawn its objection on the basis of the prior representation of Ally.  And the United States Trustee raised no objection to BABC's representation of the Debtors.  The Court concludes that BABC does not hold any interest adverse to the Debtors with respect to the services being performed by BABC.

The Committee Objection also requests that the Court require BABC to "consult with the Committee's counsel on any matters that involve Ally Bank and AFI" (the "Consultation Request").  *See* Committee Objection ¶ 15.  Such consultation could well require BABC to disclose information protected from disclosure to third parties by Ally's and the Debtors' attorney-client privilege and attorney work product.  *See* RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 75(1) (2000) ("If two or more persons are jointly represented by the same lawyer in a matter, a communication of either co-client that otherwise qualifies as privileged . . . and relates to matters of common interest is privileged against third persons, unless it has been waived by the client who made the communication.").  While Ally has consented to BABC's continued representation of the Debtors, Ally has not consented to BABC's disclosure of confidential information relating to its representation of Ally.  The Consultation Request likewise could require BABC to disclose information protected from

9

disclosure to third parties by the Debtors' attorney-client privilege and attorney work product. Therefore, the proposed Consultation Request could well compromise BABC's ethical obligations to its clients. The Committee's counsel acknowledged during the August 9, 2012 hearing that he had no legal authority supporting the imposition of such a consultation requirement. Therefore, the Committee's request that the Court impose a consultation requirement in any order approving the BABC representation is denied.

### C.    The Hopper Objection is Overruled

Hopper argues that BABC's defense of the Debtors in alleged robo-signing related matters is a sufficient reason for the Court to reject the BABC retention motion. Whether any of the Debtors engaged in any improper conduct in Hopper's bankruptcy case or state court foreclosure action (or in any other matters) is not properly before *this* court. Nor has Hopper established (or provided any credible evidence) that BABC engaged in improper professional conduct in Hopper's or any other matters in which BABC represented any of the Debtors. The courts in which such matters are pending are the appropriate forums to raise issues of violations of rules of professional conduct in specific cases.[1] Hopper acknowledged that he has not filed any requests for sanctions in the Foreclosure Proceeding. To the extent that Hopper challenges GMACM's standing to foreclose on his Florida property (allegedly because GMACM cannot establish that it holds the original note and mortgage), the court in which the case is pending is the appropriate forum to decide such issues.

Hopper also requests that before BABC proceeds with prosecution of any foreclosure matter on behalf of the Debtors, a process be established for the appointment of an independent

---

[1]    BABC's failure to comply with rules of professional conduct in matters for which the firm is retained to represent one of the Debtors may appropriately be raised in connection with fee applications filed in this Court. This is not a license or invitation for this Court to police counsel's conduct in cases pending elsewhere, but if another court sanctions counsel for representation of one of the Debtors for which BABC's compensation must be approved by this Court, that circumstance can and should be raised here.

special counsel to review and, as needed, correct any inaccuracies in current cases in which BABC represents the Debtors.  Certainly the Debtors and any counsel representing them in foreclosure matters must comply with applicable law and court rules.  But there is no basis for this Court to impose the requested procedures on the Debtors or BABC.

The Hopper objection also implies that BABC may lack the "impartiality" required of professionals under section 327 of the Bankruptcy Code.  However, attorneys retained under section 327(e) are held to the specific standard set forth in that section, and not held to the same disinterestedness standard as other retained professionals.  BABC satisfies the standard under section 327(e) for all the reasons mentioned above.

### III.    CONCLUSION

For the foregoing reasons, the motion to retain BABC is **GRANTED**.  The Debtors shall submit a separate order approving the retention.

Dated:    August 10, 2012
          New York, New York

_Martin Glenn_
MARTIN GLENN
United States Bankruptcy Judge