**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 )  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) Case No. 12-12020 (MG) ) |
| Debtors. | ) Jointly Administered ) |

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT
OF DELOITTE & TOUCHE LLP AS INDEPENDENT AUDITOR
AND ATTEST SERVICE PROVIDER TO
THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application (the "Application")[1] of the Debtors for entry of an order (the "Order") pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Rules 2014(a) of the Bankruptcy Rules and Rule 2014-1 of the Local Rules, authorizing the Debtors to retain and employ Deloitte & Touche LLP ("Deloitte & Touche") as their independent auditor and attest service provider, *nunc pro tunc* to the Petition Date, and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application being adequate and appropriate under the particular circumstances; and a hearing having been held to consider the relief requested in the Application (the "Hearing"); and upon consideration of the Application, the Robinson Declaration, the record of the Hearing and all proceedings had before the Court; and

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application. Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases or the relief granted herein may refer to http://www.kccllc.net/rescap for additional information.

the Court having found and determined that the relief sought in the Application is in the best interests of the Debtors' estates, their creditors and other parties-in-interest, and that the legal and factual bases set forth in the Application, the Robinson Declaration and the Supplemental Robinson Declaration establish just cause for the relief granted herein and the Court being satisfied based on the representations made in the Application, the Robinson Declaration that (i) Deloitte & Touche does not hold or represent an interest adverse to the Debtors' estates and (ii) Deloitte & Touche is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code as required by section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Application is granted in its entirety as set forth herein.

2. In accordance with sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1, the Debtors are authorized to employ and retain Deloitte & Touche as their independent auditor and attest service provider, *nunc pro tunc* to the Petition Date in these Chapter 11 cases, in accordance with the terms and conditions set forth in the Engagement Letters and to pay fees to Deloitte & Touche on the terms specified in the Engagement Letters.

3. Deloitte & Touche is authorized to perform all actions and services set forth in the Engagement Letters.

4. In accordance with the Engagement Letters, with respect to the Financial Statement Audit services, Deloitte & Touche shall be paid hourly in accordance with the rates set forth in the Robinson Declaration.  For the Servicing Compliance services, Deloitte & Touche

shall be paid a fixed fee in accordance with the billing schedule set forth in the Robinson Declaration.

   5. That Deloitte & Touche shall be compensated in accordance with and will file interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Amended Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals, dated December 21, 2010, the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, dated November 25, 2009, and the United States Trustee Fee Guidelines (collectively, the "Fee Guidelines").

   6. Prior to any increases in Deloitte & Touche's hourly rates, Deloitte & Touche shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtors, the United States Trustee and any official committee. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether Deloitte & Touche's client has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

   7. All requests by Deloitte & Touche for the payment of indemnification as set forth in the Engagement Letters shall be made by means of an application (interim or final as the case may be) to the Court and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Letters and is reasonable under the

circumstances of the litigation or settlement in respect of which indemnity is sought, provided, however, that in no event shall Deloitte & Touche be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct.

8. In the event that Deloitte & Touche seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the Engagement letters, the invoices and supporting time records from such attorneys shall be included in Deloitte & Touche's own applications, both interim and final, and such invoices and time records shall be subject to the United States Trustee's Guidelines for compensation and reimbursement of expenses and the approval of the Bankruptcy Court pursuant to sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

9. With respect to the April 23, 2012 Engagement Letters, solely as it relates to services for the Debtors from the inception of the Chapter 11 cases to the effective date of any plan of reorganization of the Debtors:

a) The term "gross negligence (as defined under New York law existing as of the date hereof)," shall be deemed included in the first sentence of sections 1(a) and 1(c) of Appendix B to such Engagement Letters prior to the phrase "bad faith";

b) The second sentence of section 1(a) of the Appendix B of such Engagement Letters shall be deemed deleted;

c) Nothing contained in section 2 of the Appendix B of such Engagement Letters shall alter the duties imposed by law on Deloitte & Touche in respect of the services to be provided thereunder.  It is understood and agreed that Deloitte & Touche is an independent contractor and that it is not, and will not be considered to be, an agent, partner, or representative of the Debtors;

d) Section 8 of Appendix B of such Engagement Letters shall be deemed deleted and replaced with the following:

>Any Dispute (as defined below) arising out of or relating to services performed under the engagement letter prior to the effective date of (a) a plan of reorganization of the Company or (b) a court order dismissing the Company's Chapter 11 case or cases (the "Effective Date") shall be brought in the Bankruptcy Court (or the District Court (each as defined below), if such District Court withdraws the reference to the Bankruptcy Court). All other Disputes, including, without limitation, Disputes arising out of or relating to services performed after the Effective Date and Disputes over which the Bankruptcy Court (or the District Court) does not have, retain or exercise jurisdiction, shall be resolved by mediation or binding arbitration as set forth in the Dispute Resolution Provision attached hereto as Appendix G and made a part hereof (the "Dispute Resolution Provision"). The parties each hereby irrevocably waive, to the fullest extent permitted by law, all rights to trial by jury in any Dispute. Except with respect to the interpretation and enforcement of the arbitration procedures set forth in the Dispute Resolution Provision (which shall be governed by the Federal Arbitration Act), the laws of the State of New York (without giving effect to its choice of law principles) shall apply in arbitration or any other forum in connection with any Dispute. The foregoing shall be binding upon the parties and any and all of their respective permitted successors and assigns. This paragraph and the Dispute Resolution Provision shall apply to the fullest extent of the law, whether in contract, statute, tort (such as negligence), or otherwise.
>
>For Purposes of the foregoing, (a) "Dispute" shall mean any controversy or claim between the parties arising out of or relating to the engagement letter, including its appendices, or this engagement, (b) "Bankruptcy Court" shall mean the United States Bankruptcy Court for the Southern District of New York and (c) "District Court" shall mean the United States District Court of which the Bankruptcy Court constitutes a unit.

10. Deloitte & Touche shall not use any nonaffiliated entities or subcontractors in connection with the services performed for the Debtors without prior Court approval.

11. To the extent the Application is inconsistent with this Order, the terms of this Order shall govern.

12. The Debtors are authorized to take all actions necessary to comply with all the duties set forth in the Application.

13. To the extent that there may be any inconsistency between the terms of the Application, the Retention Agreement, or this Order, the terms of this Order shall govern.

5

14. This Order shall be immediately effective and enforceable upon its entry.

15. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

16. Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

Dated: New York, New York
       August 10, 2012

                                                    _/s/Martin Glenn_
                                                   MARTIN GLENN
                                         United States Bankruptcy Judge