**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) ) | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | ) ) ) | Chapter 11 |
| Debtors. | ) ) ) | Jointly Administered |

**ORDER PURSUANT TO 11 U.S.C. § 327(A) AND FED.
R. BANKR. P. 2014 AUTHORIZING THE EMPLOYMENT
AND RETENTION OF KPMG LLP AS TAX COMPLIANCE
AND INFORMATION TECHNOLOGY ADVISORS,
*NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application (the "Application")[1] of the above-captioned debtors and debtors in possession (the "Debtors") for entry of an order (the "Order") pursuant to sections 327(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Bankruptcy Rules of the Southern District of New York (the "Local Rules") authorizing the retention of KPMG LLP ("KPMG") as tax compliance professionals and information technology advisors in the Debtors' Chapter 11 cases *nunc pro tunc* to the Petition Date on the terms and conditions set forth in the Agreements as described more fully in the Application; and upon the Declarations of James W. McAveeney, a principal of KPMG, submitted in support of the Application (the "McAveeney Declarations"); and the Court being satisfied that KPMG does not hold an interest adverse to the Debtors or their estates; and it appearing that the Court has jurisdiction to consider the Application; and it appearing that venue is proper in this district pursuant to 28 U.S.C. § 1408; and it appearing that KPMG is disinterested and eligible for

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

1

retention pursuant to sections 101(14) and 327(a) of the Bankruptcy Code and that the terms of the Agreements, as modified by the terms of this Order and as applicable, are reasonable and appropriate; and good and sufficient notice of the Application having been given and no other or further notice being required; and it appearing that the employment of KPMG is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Application is granted to the extent provided herein.

2. The Debtors are authorized pursuant to section 327(a) of the Bankruptcy Code to retain and employ KPMG, *nunc pro tunc* to the Petition Date, as tax compliance professionals and information technology advisors subject to the terms of the Application and the Agreements, and to perform the services specifically listed in the Application subject to the terms of this Order.

3. Any KPMG interim and final applications for allowance of compensation and expenses shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Amended Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals, dated December 21, 2010, the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, dated November 25, 2009, and the United States Trustee Fee Guidelines.

4. The terms and conditions of the Agreements, as modified by this Order, are approved.

5. If the Debtors seek to retain KPMG to perform services on behalf of the Debtors' estates beyond the tax compliance services and information technology advisory

services described in the SOWs annexed to the Application, the parties will enter into additional statement(s) of work, which the Debtors will file with the Bankruptcy Court and serve upon the United States Trustee and counsel to the Official Committee of Unsecured Creditors.  If either of such parties objects, within 10 days of receipt of such new statement(s) of work, to the additional services to be provided by KPMG, the Debtors will promptly schedule a hearing before the Court to address the objection.  If no such objection is timely filed, then the Debtors may present a proposed order to the Court for approval of such expanded retention, without the need for further notice or a hearing.

6. KPMG is authorized to take such other action to comply with all duties set forth in the Application.

7. The Debtors shall not use estate funds to pay KPMG for any services performed on behalf of non-Debtors under any engagement letter or statement of work between KPMG, on one hand, and AFI or another non-Debtor (including any audit support, reporting model validation and tax analysis work described in the Supplemental Declaration filed in support of the Application), on the other.  Any KPMG fee application must specifically identify services provided by KPMG to the Debtors, and all parties' rights with regard to any such fee application are preserved.

8. Prior to any increases in KPMG's rates, KPMG will file a supplemental declaration with the Court and provide ten days' notice to the Debtors, the United States Trustee and the Official Committee of Unsecured Creditors appointed in these cases.  The supplemental declaration should state the basis for the requested rate increases and whether the Debtors have consented to the rate increase.  All parties rights in connection with such increase are reserved.

9. Notwithstanding anything to the contrary in the MSAS, the indemnification provisions are hereby modified and restated as follows:

(a) All requests of KPMG for payment of indemnity pursuant to the Agreements shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that such indemnity conforms to the terms of the Agreements, and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought, *provided*, however, that in no event shall KPMG be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct;

(b) In the event that KPMG seeks reimbursement from the Debtors for reasonable attorneys' fees in connection with a request by KPMG for payment of indemnity pursuant to the Agreements, as modified by this Order, the invoices and supporting time records from such attorneys shall be included in KPMG's own application (both interim and final) and such invoices and time records shall be subject to the guidelines established by the United States Trustee for Region 2 and the approval of the Court under the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code; and

(c) In no event shall KPMG be indemnified if the Debtors or representatives of the estates assert a claim for, and a court determines by final order that such claim arose out of, KPMG's own bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct.

10. To the extent that the Application or the Agreements are inconsistent with this Order, the terms of the Order shall govern.

11. The Debtors and KPMG are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

12. The terms and conditions of this Order are immediately effective and enforceable upon its entry.

13. Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among

AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

14. Notwithstanding any provision to the contrary in the Agreements, any dispute relating to the services provided by KPMG shall be referred to arbitration consistent with the terms of the Agreements only to the extent that this Court does not have, retain or exercise jurisdiction over the dispute, and 28 U.S.C. § 1334(e)(2) shall govern the forum for resolving fee disputes.

15. Notwithstanding anything in the Application or the Agreements to the contrary, to the extent that KPMG uses the services of independent contractors, subcontractors or employees of foreign affiliates or subsidiaries (collectively, "Contractors") in these cases, KPMG (i) shall pass-through the cost of such Contractors to the Debtor(s) at the same rate that KPMG pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) with respect to any Contractors that are not affiliated with KPMG International, take appropriate steps to ensure that the Contractors are subject to the same conflict checks as required for KPMG; and (iv) with respect to any independent contractors or subcontractors that are not affiliated with KPMG International, take appropriate steps to ensure that such Contractors shall file with the Court such disclosures as may be required by Bankruptcy Rule 2014.

16. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: August 10, 2012
      New York, New York

                                          **/s/Martin Glenn**
                                          MARTIN GLENN
                        United States Bankruptcy Judge