UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, ., *et al.*, | ) ) | Case No. 12-12020 (MG) |
| Debtors. | ) ) ) | Jointly Administered |

## ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF ALIXPARTNERS, LLP AS FINANCIAL ADVISOR TO THE COMMITTEE *NUNC PRO TUNC* TO MAY 21, 2012

Upon consideration of the application (the "**Application**")[1] of the Official Committee of Unsecured Creditors (the "**Committee**") for entry of an order (this "**Order**"), pursuant to sections 328 and 1103 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 2014 of the Federal Bankruptcy Rules (the "**Bankruptcy Rules**") authorizing the employment and retention of AlixPartners, LLP ("**AlixPartners**") as its financial advisor as of May 21, 2012, all as further described in the Application; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Application being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. § 1408; and notice of the Application being adequate and appropriate under the particular circumstances; and a hearing having been held to consider the relief requested in the Application (the "**Hearing**"); and upon consideration of the Kelly Declaration, the record of the Hearing, and all proceedings had before the Court; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtors' estates, their creditors and other parties in interest and that the legal and factual

---

[1] All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Application.

bases set forth in the Application establish just cause for the relief granted herein; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED:

1. The Application is granted to the extent set forth herein.

2. The Committee is authorized, pursuant to section 328 of the Bankruptcy Code, to employ and retain AlixPartners as its financial advisor in accordance with the terms and conditions set forth in the Engagement Letter, effective as of May 21, 2012.

3. All requests of AlixPartners and its affiliates, and its and their partners, directors, officers, employees, and agents (the "AlixPartners Parties") for payment of indemnity pursuant to the Engagement Letter shall be made by means of an application (interim or final, as applicable) and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Letter and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought; *provided*, *however*, that in no event shall the AlixPartners Parties be indemnified in the case of bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct of itself or any of the AlixPartners Parties.

4. In no event shall the AlixPartners Parties be indemnified if the Debtors or a representative of the estate asserts a claim for, and a court determines by final order that such claim arose out of, the bad faith, self dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct of any of the AlixPartners Parties.

5. In the event that the AlixPartners Parties seek reimbursement for attorneys' fees from the Debtors pursuant to the Engagement Letter, such attorneys' fees shall be sought solely in connection with indemnity claims made by or against AlixPartners, and the invoices and

supporting time records from such attorneys shall be included in AlixPartners' own applications (both interim and final) and such invoices and time records shall be subject to the U.S. Trustee's guidelines for compensation and reimbursement of expenses and the approval of the Bankruptcy Court under the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

6. AlixPartners will file fee applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code; *provided*, *however*, that AlixPartners shall be compensated in accordance with the terms of the Engagement Letter, and subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable orders of this Court.

7. Prior to any increases in rates as set forth in paragraph 16 of the Application, AlixPartners shall file a supplemental declaration with the Court and give ten business days' notice to the Debtors, the U.S. Trustee and any official committee, which supplemental declaration shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and indicate whether the client has received notice of and approved the proposed rate increase.

8. Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among Ally Financial Inc. ("AFI"), Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b)

the consent judgment entered April 5, 2012, by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

9. The Engagement Letter is hereby modified by deleting the last sentence of paragraph 2 of section 3 thereof during the pendency of these cases.

10. The Committee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

11. Notice of the Application as provided therein shall be deemed good and sufficient notice of such application, and the requirements of the Local Bankruptcy Rules are satisfied by the contents of the Application.

12. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: August 10, 2012
       New York, New York

                                                     **/s/Martin Glenn**
                                                 MARTIN GLENN
                                  United States Bankruptcy Judge