**Hearing Date: August 14, 2012 at 10:00 a.m. (ET)**

NICHOLS KASTER, PLLP
Kai H. Richter (admitted *pro hac vice*)
4600 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
Telephone: (612) 256-3200
Fax: (612) 215-6870
E-Mail:  krichter@nka.com

NICHOLS KASTER, LLP
Robert L. Schug (admitted *pro hac vice*)
One Embarcadero Center
Suite 720
San Francisco, CA 94111
Telephone: (415) 277-7235
Fax: (415) 277-7238
E-Mail: rschug@nka.com

*Bankruptcy Counsel for Christina Ulbrich*
*and the Putative Class Members*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

-------------------------------------------------------X
**In re:**                      :
                            : **Chapter 11**

**Residential Capital, LLC, *et al*.,**    :
                            : **Case No. 12-12020 (MG)**

           **Debtors.**       :
                            : **Jointly Administered**
-------------------------------------------------------X

**REPLY MEMORANDUM IN SUPPORT OF MOTION OF CHRISTINA ULBRICH FOR**
**RELIEF FROM AUTOMATIC STAY AS TO GMAC MORTGAGE, LLC**

Movant Christina Ulbrich ("Ublrich") submits this reply to Debtors' Objection to the

Motion of Christina Ulbrich for Relief from the Automatic Stay as to GMAC Mortgage, LLC,

dated August 7, 2012 (ECF No. 1025).

## ARGUMENT

Ulbrich files this brief to address three specific arguments raised by Debtors relating to:

(1) the prejudice that Ulbrich and the putative class members would suffer if her request for

relief were denied; (2) the speculative potential for a "flood" of requests to lift the stay from

other plaintiffs with claims against GMAC related to force-placed insurance; and (3) the

(unlikely) chance that Ulbrich's action will be transferred to multi-district litigation.  As set forth

in detail below, none of these considerations weighs against granting Ulbrich relief from the

automatic stay.[1]

First, Ulbrich and the members of the putative class would unquestionably be prejudiced

if the stay were kept in place.  In addition to GMAC, Ulbrich's lawsuit also names a second

defendant, Balboa Insurance Services, Inc. ("Balboa"), which jointly participated with GMAC in

the improper force-placed insurance practices at issue.  (*See* ECF 670-1.)  With the automatic

stay in place, Ulbrich is faced with the daunting prospect of going through discovery, class

certification, dispositive motions, and trial as to one defendant (Balboa) without access to

testimony and documents from the other defendant (GMAC).  Balboa and GMAC were joined as

part of the same proceeding for a reason, and it would be inefficient and undesirable to litigate

Ulbrich's claims against GMAC and Balboa separately.  Proceeding against each defendant in

isolation would result in duplicative proceedings, each of which would present only half the

---

[1] Debtors raise these arguments primarily in the context of the *Sonnax* factors dealing with the potential for interference with the bankruptcy case and the balance of harms. *In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1286 (2d Cir. 1990).

1

picture to the Court and the jury.  This would handicap Ulbrich's presentation of her case, and

potentially affect the outcome.  This is not a hypothetical matter, since the case is currently

proceeding against Balboa (while simultaneously being stayed as to GMAC), and a Scheduling

Order is in place with tight deadlines.  (*See* Richter Decl., Ex. A.).  On top of this, Debtors

utterly disregard the ongoing foreclosure risk to the members of the putative class who have been

subject to GMAC's wrongful force-placed insurance practices (namely, charging borrowers

thousands of dollars for illegally backdated force-placed insurance policies and adding the cost

of such policies to their mortgage payments), arguing in a footnote that the members of the

putative class are "irrelevant."  (Objection, p. 14 n.22.)  Aside from being grossly callous, this

statement improperly ignores the fact that Ulbrich has brought her claims as a class action,

seeking to provide relief not only to herself, but to other similarly situated mortgagors who have

been the victim on the conduct alleged in her Complaint.

Second, contrary to Debtor's arguments, (Objection, pp. 1-2, 15), granting Ulbrich relief

from the automatic stay would neither invite similar requests from plaintiffs in other force-placed

insurance cases against GMAC, nor compel the Court to grant such requests if they were

brought.  Debtors' objection references three force-placed insurance actions currently pending

against GMAC: (1) *Cronk v. GMAC Mortgage, LLC*, No. 2:11-cv-05161 (E.D. Pa.); (2) *Throm v.*

*GMAC Mortgage, LLC*, No. 2:11-cv-06813 (E.D. Pa.); and (3) *Rothstein v. GMAC Mortgage,*

*LLC et al.*, No. 2:11-cv-3412 (S.D.N.Y.).  However, these cases differ from Ulbrich's action in

important respects.  For instance, the *Cronk* and *Throm* cases, unlike Ulbrich's lawsuit, do not

name additional defendants, such as Balboa.  (Richter Decl., ¶¶ 4-5.)  Thus, unlike Ulbrich, the

*Cronk* and *Throm* plaintiffs do not risking being required to proceed through pretrial proceedings

and trial against one co-defendant (such as Balboa) without access to information and documents

from GMAC.  Moreover, no scheduling order has been entered in the *Cronk* or *Throm* actions.

(*Id.*)

Although the *Rothstein* action does list Balboa Insurance Company and one other

defendant as additional defendants, that case has not progressed nearly as far as the Ulbrich

action.  Ulbrich's action was filed on November 14, 2011.  (Richter Decl., Ex. B.)  Under the

current scheduling order, fact discovery is scheduled to be completed by November 14, 2012,

and dispositive motions are to be filed by November 29, 2012.  (Richter Decl., Ex. A.)  Trial is

set to begin on March 25, 2013.  (*Id.*)  In contrast, the *Rothstein* action was recently filed on

April 30, 2012.  (Richter Decl., Ex. E.)  No motions to dismiss have been filed, and no defendant

has answered.  (*Id.*)  Nor has any scheduling order been issued in that case that puts the plaintiff

in *Rothstein* under the gun.  (Richter Decl., ¶ 6 & Ex. E.)  Thus, it is unsurprising that the

plaintiffs in these other cases have not sought relief from the stay, as the bankruptcy stay does

not affect them in the same way.  And even if they were to seek relief from the stay, this Court

would not be compelled to lift the stay as to their cases, given the different posture of those

cases.

Finally, although Debtors make much of the proposed multi-district litigation

proceedings relating to the force-placed insurance litigation against GMAC and other banks,

(Objection, p. 12), this argument is also unpersuasive.  Responses to the proposed MDL were

due on August 6, 2012.  (Richter Decl. ¶ 7.)  The MDL Panel has received countless objections –

from plaintiffs and defendants alike – opposing the consolidation of these actions in multi-

district litigation.  (*Id.*)  As of the date of this reply, only four briefs (in addition to the movants'

brief) have been submitted in support of the proposed MDL, whereas a total of 34 oppositions

have been filed.  (*Id.*)[2]  Thus, from a practical standpoint, it is extremely unlikely that Ulbrich's

case will be subject to massive MDL with other banks.  (*Id.*)  Moreover, in the unlikely event

that the *Ulbrich* case is consolidated with other cases, Debtors could seek reconsideration of any

order grating relief from the automatic stay at that time.

## CONCLUSION

For the foregoing reasons and the reasons set for in her initial motion papers (ECF No.

670), Plaintiff Christina Ulbrich respectfully requests that this Court grant her relief from the

automatic stay to liquidate her claims and the claims of the putative classes in the case captioned

*Ulbrich v. GMAC Mortgage, LLC et al.*, Civ. No. 11-cv-62424-RNS (S.D. Fla.).


Dated:  August 10, 2012
Minneapolis, Minnesota


Respectfully Submitted,

**NICHOLS KASTER, LLP**


/s/ Kai Richter
Kai Richter, MN Bar No. 0296545*
  *(admitted *pro hac vice*)
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 215-6870
E-Mail: krichter@nka.com

*Bankruptcy Counsel for Christina Ulbrich
and the Putative Class Members*

---

[2] Plaintiff Ulbrich submitted an opposition, Balboa submitted an opposition, and the plaintiffs in *Rothstein, Cronk,* and *Throm* also summited oppositions.  (*Id.*)  GMAC did not file a response in light of the automatic stay.  (*Id.*)