**Presentment Date and Time:  August 17, 2012 at 12:00 p.m. (ET)**
**Objection Deadline:  August 16, 2012 at 4:00 p.m. (ET)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Norman S. Rosenbaum

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**NOTICE OF PRESENTMENT OF DEBTORS' MOTION PURSUANT TO**
**BANKRUPTCY RULES 9006(b) AND 9027 FOR AN ORDER EXTENDING**
**THE TIME TO FILE NOTICES OF REMOVAL OF CIVIL ACTIONS**

**PLEASE TAKE NOTICE** that the undersigned will present the attached proposed Motion Pursuant to Bankruptcy Rules 9006(b) and 9027 for an Order Extending the Time to File Notices of Removal of Civil Actions (the "Motion"), to the Honorable Martin Glenn, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, Room 501, for signature on **August 17, 2012 at 12:00 p.m. (Prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **August 16, 2012 at 4:00 p.m. (Prevailing Eastern Time)**, upon (a) counsel for the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attn: Gary S. Lee, Lorenzo Marinuzzi, and Norman S. Rosenbaum); (b) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attn: Tracy Hope Davis, Linda A. Riffkin and Brian S. Masumoto); (c) the Office of the United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001 (Attn: US Attorney General, Eric H. Holder, Jr.); (d) Office of the New York State Attorney General, The Capitol, Albany, NY 12224-0341 (Attn: Nancy Lord, Esq. and Neal Mann, Esq.); (e) Office of the U.S. Attorney for the Southern District of New York, One St. Andrews Plaza, New York, NY 10007 (Attn: Joseph N. Cordaro, Esq.); (f) counsel for Ally Financial Inc., Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY 10022 (Attn: Richard M. Cieri); (g) counsel to Barclays Bank PLC, as administrative agent for the DIP lenders, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036 (Attn: Ken Ziman & Jonathan H. Hofer); (h) counsel for the committee of unsecured creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attn: Kenneth Eckstein & Greg Horowitz); (i) counsel for Nationstar Mortgage LLC, Sidley Austin LLP, One South Dearborn, Chicago, Illinois 60603 (Attn: Jessica C.K. Boelter); (j) Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346 (if by overnight mail, to 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-5016); and (k) Securities and Exchange Commission, New

ny-1054076                                    2

12-12020-mg    Doc 1095    Filed 08/10/12    Entered 08/10/12 18:01:34    Main Document
Pg 3 of 15... 

York Regional Office, 3 World Financial Center, Suite 400, New York, NY 10281-1022 (Attn: George S. Canellos, Regional Director).

**PLEASE TAKE FURTHER NOTICE** that, if no objections to the Motion are timely filed, served and received in accordance with this Notice, the Court may enter the Order without further notice or hearing.

Dated: August 10, 2012   Respectfully submitted,
New York, New York

/s/ Gary S. Lee
Gary S. Lee
Lorenzo Marinuzzi
Norman S. Rosenbaum
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Debtors and Debtors in Possession*

                                        **Presentment Date:    August 17, 2012 at 12:00 p.m. (ET)**
                                         **Objection Deadline:    August 16, 2012 at 4:00 p.m. (ET)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Norman S. Rosenbaum

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | |
| RESIDENTIAL CAPITAL, LLC, et al., | Case No. 12-12020 (MG) |
| Debtors. | Chapter 11 |
| | Jointly Administered |

**DEBTORS' MOTION PURSUANT TO BANKRUPTCY RULES 9006(b) AND 9027 FOR**
**AN ORDER EXTENDING THE TIME TO FILE**
**NOTICES OF REMOVAL OF CIVIL ACTIONS**

       The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors")[1] hereby submit this motion (the "Motion")[2] for entry of an order, pursuant to 28 U.S.C. § 1452 and Rules 9006 and 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), extending the period within which the Debtors may file notices of removal of Civil Actions (as defined below), and thereby extending the time to remove to the appropriate

---

[1]    The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the Whitlinger Affidavit (defined below).

[2]    Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases or the relief requested in this Application may refer to http://www.kccllc.net/rescap for additional information.

bankruptcy court civil actions and proceedings to which the Debtors are or may become a party (collectively, the "Civil Actions"). In further support of this Motion, the Debtors respectfully represent:

## JURISDICTION

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are 28 U.S.C. § 1452 and Bankruptcy Rules 9006 and 9027.

## BACKGROUND

3. On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code. The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No trustee has been appointed in these Chapter 11 cases.

4. On May 16, 2012, the Office of the United States Trustee (the "U.S. Trustee") appointed the nine-member statutory creditors' committee (the "Committee").

5. On June 20, 2012, the Court directed that an examiner be appointed [Docket No. 454], and on July 3, 2012, the Court approved Arthur J. Gonzalez as the examiner [Docket No. 674].

6. The Debtors are a leading residential real estate finance company indirectly owned by Ally Financial Inc., which is not a Debtor. The Debtors and their non-debtor affiliates operate the fifth largest mortgage loan servicing business and the tenth largest residential mortgage loan origination business in the United States. A more detailed description

of the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these bankruptcy cases, is set forth in the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings (the "Whitlinger Affidavit") [Docket No. 6].

7. Prior to the Petition Date, the Debtors were parties to a number of civil actions and proceedings in various state and federal courts. Pursuant to Bankruptcy Rule 9027, the time within which the Debtors may file notices of removal (the "Removal Period") for civil actions expires on August 12, 2012.

## RELIEF REQUESTED

8. By this Motion, the Debtors respectfully request that this Court enter an order, substantially in the form annexed hereto as Exhibit A (the "Order"), pursuant to 28 U.S.C. § 1452 and Bankruptcy Rules 9006(b) and 9027, for a 120-day extension of the 90-day time period promulgated by Bankruptcy Rule 9027(a)(2)(A), extending the time within which the Debtors are permitted to file notices of removal of the Civil Actions to the later of (a) December 10, 2012, or (b) should the Court enter an order terminating the automatic stay as to a particular Civil Action, for such Civil Action, 30 days after the entry of the order terminating the automatic stay, without prejudice to the Debtors to seek further extensions.

## BASIS FOR RELIEF

9. Section 1452 of title 28 of the United States Code provides for the removal of civil claims or actions related to bankruptcy cases and provides, in pertinent part:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to a district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of

ny-1053462                                  3

> this title. The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise.

28 U.S.C. § 1452(a).

10. Bankruptcy Rule 9027 sets forth the time periods for the filing of notices to remove claims or causes of action. Specifically, Bankruptcy Rule 9027(a)(2) provides:

> If the claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

11. Accordingly, the time within which the Debtors must file motions to remove any pending prepetition Civil Action is currently set to expire on August 12, 2012.

12. Bankruptcy Rule 9006 permits courts to extend the period provided by Bankruptcy 9027 to remove civil claims or actions. Specifically, Bankruptcy Rule 9006(b)(1) provides:

> Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required by or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefore is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Fed. R. Bankr. P. 9006(b)(1).

13. It is well established, in this circuit and others, that Bankruptcy Rule 9006 authorizes bankruptcy courts to specifically extend the removal period provided for under 28 U.S.C. § 1452 and Bankruptcy Rule 9027 "for cause." See In re Jandous Elec. Constr. Corp., 106 B.R. 48, 50 (Bankr. S.D.N.Y. 1989) (holding that Bankruptcy Rule 9006(b) permits enlargement of time to remove state court actions "if the request therefor is made before the expiration of the period originally prescribed"); Pacor, Inc. v. Higgins, 743 F.2d 984, 996 n.17 (3d Cir. 1984), overruled on other grounds by Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 134-35 (1995) (holding the bankruptcy court's power to grant an extension of the removal period pursuant to Bankruptcy Rule 9006(b) is "clear"); In re World Fin. Servs. Ctr., Inc., 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (noting that the Supreme Court intended to give bankruptcy judges the power to enlarge the filing periods under Bankruptcy Rule 9027(a) pursuant to Bankruptcy Rule 9006(b)); Raff v. Gordon, 58 B.R. 988, 990 (E.D. Pa. 1986) (holding that an expansion of time to file notices of removal is authorized under the Bankruptcy Rules).

14. Moreover, courts in this District have routinely granted similar requests for extending the time period for seeking removal in other large Chapter 11 cases. See, e.g.,; In re Grubb & Ellis Co., Case No. 12-10685 (MG) (Bankr. S.D.N.Y. May 18, 2012) (granting a 102-day extension ); In re Eastman Kodak Co., Case No. 12-10202 (ALG) (Bankr. S.D.N.Y. April 4, 2012) (granting a 120-day extension); In re MF Global Holdings Ltd., Case No. 11-15059 (MG) (Bankr. S.D.N.Y. January 10, 2012, April 24, 2012) (granting a 90-day extension upon debtors' initial request and granting subsequent request to enlarge removal period); In re Saint Vincent's Catholic Medical Centers of New York, No. 10-11963 (CGM) (Bankr. S.D.N.Y. May 2, 2011) (period extended until confirmation of chapter 11 plan(s)); In re Innkeepers USA

ny-1053462         5

Trust, No. 10-13800 (SCC) (Bankr. S.D.N.Y. Oct. 14, 2010) (period extended until later of (a) 268 days after petition date, or (b) 30 days after the entry of an order terminating the automatic stay with respect to the particular action sought to be removed); In re Neff Corp., No. 10-12610 (SCC) (Bankr. S.D.N.Y. August 8, 2010) (period extended until the effective date of chapter 11 plan); In re Great Atl. & Pac. Tea Co., Case No. 10-24549 (Bankr. S.D.N.Y. Mar. 10, 2011 and July 8, 2011) (granting a 120-day extension upon debtors' initial request and granting subsequent request to enlarge removal period through plan confirmation); In re Lehman Bros. Holdings, Inc., No. 08-13555 (JMP) (Bankr. S.D.N.Y. Dec. 18, 2008) (period extended until confirmation of chapter 11 plan). The Debtors submit that the period requested herein—extending the deadline to the later of (a) December 10, 2012, or (b) 30 days after termination of the stay as to a particular action—is well within the range of extensions granted by this court under similar circumstances.

## CAUSE EXISTS TO WARRANT EXTENSION OF THE REMOVAL PERIOD

15. As noted above, the Debtors' time to file notices to remove any Civil Actions, and thereby remove such Civil Actions to the appropriate bankruptcy court, expires in the Debtors' cases on August 12, 2012, absent an order by the Court granting an extension to remove such Civil Actions. In these obviously large and complex cases, since the Petition Date, the Debtors' have devoted virtually all of their efforts to such pressing matters as obtaining the Court's final approval of relief requested in the Debtors' First Day Motions; responding to various contested matters; preparing schedules of assets and liabilities and statements of financial affairs; and working with many parties to market and consummate sales of the Debtors assets (the "Asset Sales") that are expected to generate nearly $4 billion of value for the Debtors'

estates, all while continuing to operate the Debtors' businesses to maximize value for the Asset Sales.

16. Focusing on these crucial activities has left the Debtors little time to analyze the merits of the Civil Actions and the desirability of removing them to the appropriate bankruptcy court. Thus, the Debtors are continuing to review their files and records and analyze relevant court documents to determine whether the Debtors' estates would benefit from the removal of any of the Civil Actions. Extending the Debtors' period to file notices of removal will provide the Debtors with adequate time to conduct this review and to evaluate the pending litigation matters within the larger context of these Chapter 11 cases.

17. The Debtors believe that the proposed extension will enable them to properly consider, and make informed decisions concerning, the removal of the Civil Actions, although they reserve the right to request additional extensions should they become necessary. If the requested extension is not granted, the Debtors will not have sufficient time to fully consider the removal of the Civil Actions in light of their other pending obligations. Accordingly, the Debtors submit that cause exists to grant the relief requested herein, and that such relief is appropriate and in the best interests of the Debtors, their estates and creditors.

18. The relief requested herein will not unduly prejudice any counterparty to the Civil Actions because such adverse parties may not prosecute the Civil Actions absent relief from the automatic stay. Further, if the Debtors remove any Civil Action to federal court, the affected adverse party will nevertheless retain its right to seek remand of the removed Civil Action back to state court pursuant to 28 U.S.C. § 1452(b).

## NOTICE

19. Notice of this Motion has been provided by facsimile, electronic transmission, overnight delivery, or hand delivery to the following parties, or in lieu thereof, to their counsel: (a) the Office of the United States Trustee for the Southern District of New York; (b) the Office of the United States Attorney General; (c) the Office of the New York Attorney General; (d) the Office of the United States Attorney for the Southern District of New York; (e) the Internal Revenue Service; (f) the Securities and Exchange Commission; (g) each of the Debtors' prepetition lenders, or their agents, if applicable; (h) each of the indenture trustees for the Debtors' outstanding notes issuances; (i) Ally Financial Inc.; (j) Barclays Bank PLC, as administrative agent for the lenders under the debtor in possession financing facility; (k) Nationstar Mortgage LLC and its counsel; (l) the Committee; and (m) all parties requesting notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

## NO PREVIOUS REQUEST

20. No previous request for the relief sought herein has been made by the Debtors to this or any other court. Because this Motion raises no novel issues of law, and the authorities relied upon are set forth herein, the Debtors respectfully submit that the Motion itself satisfies the requirements of Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York regarding the submission of a memorandum of law.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

21. WHEREFORE the Debtors respectfully request the entry of an order, substantially in the form annexed hereto as Exhibit A, pursuant to 28 U.S.C. § 1452 and Bankruptcy Rules 9006(b) and 9027, extending the time within which the Debtors are permitted to file notices of removal of the Civil Actions, thereby extending the time to remove such Civil Actions to this Court, to the later of (a) December 12, 2012, or (b) should the Court enter an order terminating the automatic stay as to a particular Civil Action, for such Civil Action, 30 days after the entry of the order terminating the automatic stay.

Dated:  August 10, 2012
        New York, New York

/s/ Gary S. Lee
Gary S. Lee
Lorenzo Marinuzzi
Norman S. Rosenbaum
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*

# EXHIBIT 1

**PROPOSED ORDER**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

|  |  |
|---|---|
| In re: ) <br> ) <br> RESIDENTIAL CAPITAL, LLC, et al., ) <br> ) <br> Debtors. ) <br> ) <br> ) | Case No. 12-12020 (MG) <br><br> Chapter 11 <br><br> Jointly Administered |

---

**ORDER EXTENDING THE DEBTORS' TIME**
**TO FILE NOTICES OF REMOVAL OF CIVIL ACTIONS**

Upon the motion (the "Motion"),[1] dated August 12, 2012, of the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors")[2] for entry of an order, pursuant to 28 U.S.C. § 1452 and Rules 9006 and 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), extending the period within which the Debtors may file notices of removal of civil actions, and thereby extending the period to remove to this Court civil actions and proceedings to which the Debtors are or may become parties (collectively, the "Civil Actions"); and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors and their respective estates, creditors and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given under the circumstances and that no other or

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.
[2] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the Whitlinger Affidavit (defined below).

further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby:

ORDERED that the Motion is granted to the extent provided for herein;

ORDERED that, pursuant to Bankruptcy Rule 9006(b), the time provided by Bankruptcy Rule 9027 to file notices of removal of the Civil Actions, and thereby remove such Civil Actions to the appropriate bankruptcy court, is extended to the later of (a) December 10, 2012, or (b) should the Court enter an order terminating the automatic stay as to a particular Civil Action, for such Civil Action, 30 days after the entry of the order terminating the automatic stay;

ORDERED that this Order shall be without prejudice to the Debtors' right to request further extensions of time to file notices of removal of the Civil Actions, and thereby remove such Civil Actions to this Court;

ORDERED that this Order shall be without prejudice to any position the Debtors may take regarding whether Bankruptcy Code section 362 applies to any Civil Action;

ORDERED that the Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion;

ORDERED that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and

ORDERED that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: New York, New York
_____, 2012

                    THE HONORABLE MARTIN GLENN
                    UNITED STATES BANKRUPTCY JUDGE