Hearing Date: August 29, 2012 at 10:00 am (ET)
Objection Deadline: August 22, 2012 at 4:00 pm (ET)

**CHADBOURNE & PARKE LLP**
Howard Seife
David M. LeMay
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 408-5100
Facsimile: (212) 541-5369

*Counsel for the Examiner*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, et al.,[1] | Case No. 12-12020 (MG) |
| Debtors. | Jointly Administered |

**APPLICATION OF THE EXAMINER FOR ORDER AUTHORIZING THE
RETENTION AND EMPLOYMENT OF MESIROW FINANCIAL CONSULTING, LLC
AS FINANCIAL ADVISOR TO THE EXAMINER *NUNC PRO TUNC* TO JULY 24, 2012**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

Arthur J. Gonzalez, the Court-appointed Examiner (the "Examiner") for Residential Capital, LLC and its affiliated debtors (collectively, the "Debtors") in the above-captioned cases the ("Chapter 11 Cases"), hereby submits this application (the "Application") for an order pursuant to sections 105(a) and 327 of Title 11 of the United States Code, as amended (the "Bankruptcy Code") and the Court's Order Directing the Appointment of an Examiner Pursuant to Section 1104(c) of the Bankruptcy Code (the "Examiner Order"), substantially in the form attached hereto as Exhibit 1, authorizing the Examiner to employ and retain Mesirow Financial

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the Declaration of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings, filed with the Court on May 14, 2012. Additional subsidiaries and affiliates of the Debtors may file Chapter 11 petitions on a rolling basis. As used herein, the term "Debtors" includes any such entities.

Consulting, LLC ("MFC" or the "Firm") as financial advisor to the Examiner in connection with the Chapter 11 Cases, *nunc pro tunc* to July 24, 2012. In support of this Application, the Examiner relies on the Declaration of Ralph S. Tuliano (the "Tuliano Declaration"), which is attached hereto as Exhibit 2, and respectfully represents as follows:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this matter pursuant to sections 157 and 1134 of Title 28 of the United States Code, as amended ("Title 28"). Venue is proper pursuant to sections 1408 and 1409 of Title 28. This matter is a core proceeding within the meaning of section 157(b)(2) of Title 28.

2.      The statutory predicates for the relief requested herein are sections 105(a), 327, 1104 and 1106 of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules").

3.      This Application is made pursuant to the Examiner Order, which provides "that the Examiner may retain attorneys and/or other professionals if he or she determines that such professionals are necessary to discharge his or her duties, with such retentions to be subject to Court approval under standards equivalent to those set forth in section 327 of the Bankruptcy Code." Examiner Order at p. 2.

4.      The Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code on May 14, 2012, and the Court authorized joint administration of the cases. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2

5. On June 4, 2012, Berkshire Hathaway, Inc. filed a motion for the appointment of an examiner pursuant to 11 U.S.C. § 1104(c) (the "Examiner Motion"). On June 20, 2012, the Court issued a Memorandum Opinion and Order granting the Examiner Motion (the "Memorandum Decision"). On June 28, 2012, the Court entered the Examiner Order.

6. Pursuant to the Examiner Order, and in accordance with the Memorandum Decision, the Examiner is directed to conduct an investigation (the "Investigation") of a scope, timing, and budget to be set by the Court after the Examiner confers with other parties in interest. Examiner Order at p. 2. On July 27, 2012, the Court entered the Order Approving Scope of Investigation of Arthur J. Gonzalez, Examiner.

7. On July 3, 2012, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed Arthur J. Gonzalez as Examiner in the Chapter 11 Cases, subject to Court approval. On that same date, the Court entered an order approving the appointment.

**RELIEF REQUESTED**

8. By this Application, the Examiner seeks entry of an order, pursuant to sections 105(a) and 327 of the Bankruptcy Code, Bankruptcy Rule 2014, Local Rule 2014-1, and the terms of the Examiner Order, authorizing and approving the employment and retention of MFC as financial advisor to the Examiner, *nunc pro tunc* to July 24, 2012, to assist him in conducting the Investigation and to perform such financial advisory services as may be necessary for the Examiner to discharge his duties. The Examiner requests that MFC be retained to perform the services described in this Application and on the terms set forth herein.

**RETENTION OF MFC**

9. The Examiner has determined that the retention of MFC as financial advisor is necessary and appropriate to discharge his duties as Examiner. The Examiner believes that MFC

3

possesses extensive knowledge, experience and expertise in the areas relevant to the Investigation, and is therefore well qualified to act as his financial advisor. MFC has stated its desire and willingness to serve as the Examiner's financial advisor.

10. MFC, a full service financial advisory consulting firm, provides corporate recovery, litigation, investigative and intelligence services, valuation services, interim management and distressed M&A and capital raising services on a global basis.

11. MFC's professionals hold designations and have experience including: Certified Public Accountant (CPA), Chartered Financial Analyst (CFA), Certified Valuation Analyst (CVA), Certified in Financial Forensics (CFF), Certified Fraud Examiner (CFE), Certified Turnaround Professional (CTP), Certified Insolvency and Restructuring Advisor (CIRA) and Certification in Distressed Business Valuation (CDBV). MFC has been engaged by the world's leading law firms and public and private enterprises to address the most complex and critical issues and circumstances.

12. By retaining MFC, the Examiner will be able to benefit from the expertise, experience and knowledge of MFC's professionals in all aspects of the Investigation. The Examiner believes that services MFC is proposed to provide are essential to a thorough and cost-effective completion of the Investigation.

## SERVICES TO BE PROVIDED

13. The Examiner respectfully submits that it is necessary and appropriate to employ and retain MFC to assist the Examiner and his proposed counsel with financial advisory services in connection with the following:

   a. Analyzing material prepetition transactions and agreements between or among the Debtors and their direct or indirect parent, affiliates or subsidiaries;

    b. Evaluating the Debtors' negotiation and entry into any plan sponsor, plan support, or settlement agreement, the debtor-in-possession financing, and stalking horse asset purchase agreement and the activities of the Debtors' board of directions in connection thereto;

    c. Investigating the activities of the Debtors' board of directors concerning pre-petition and post-petition transactions and agreements, the investigation of the validity of claims against the Debtors' direct or indirect parent, and related matters;

    d. Investigating the corporate relationships between or among the Debtors and their direct or indirect parent, affiliates and subsidiaries, as well as the conduct of each in connection with the Debtors' Chapter 11 filing and entry into pre-petition and post-petition transactions and agreements;

    e. Evaluating all state and federal law claims or causes of action of the Debtors against current or former directors and officers of the Debtors, and against the Debtors' direct or indirect parent and/or insiders including current and former directors, officers, and shareholders;

    f. Evaluating all state and federal law claims or causes of action the Debtors propose to release or to be released as part of their plan;

    g. Analyzing the value of the proposed releases by the Debtors' estates, including claims against current or former directors and officers of the Debtors, and against the Debtors' direct or indirect parent and insiders including current and former directors, officers, and shareholders, and the proposed releases by third parties of claims against the Debtors' direct or indirect parent;

    h. Analyzing other matters affecting the Debtors' assets, liabilities, and financial condition including all intercompany claims and the Debtors' solvency, capital adequacy and ability to pay debts as such debts become due at various dates prior to the Petition Date; and

    i. Undertaking any additional tasks or duties that the Court may direct in any order amending or modifying the Order Approving Scope of Investigation of Arthur J. Gonzalez, Examiner.

## **PROFESSIONAL COMPENSATION**

14. MFC intends to apply to the Court for allowance of compensation and reimbursement of expenses for professional services rendered in connection with the Chapter 11 Cases. Subject to Court approval and the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the U.S. Trustee's Fee Guidelines, MFC's requested

compensation for professional services rendered to the Examiner will be based upon the hours actually expended by each assigned staff member at each staff member's hourly billing rate. The Examiner has agreed to compensate MFC for professional services rendered at its normal and customary hourly rates and respectfully submits that MFC's rates are reasonable and comparable to the rates charged by other firms for similar services.

15. MFC will also seek reimbursement for necessary expenses incurred on the Examiner's behalf, which shall include, but not be limited to, travel, photocopying, delivery service, postage, vendor charges and other out-of-pocket expenses incurred in providing professional services.

16. The current normal and customary hourly rates for financial advisory services to be rendered by MFC and applicable herein are as follows:

| Level | Hourly Rates |
| --- | --- |
| CEO, Senior Managing Director, Managing Director and Director | $855-$895 |
| Senior Vice President | $695-$755 |
| Vice President | $595-$655 |
| Senior Associate | $495-$555 |
| Associate | $315-$425 |
| Paraprofessional | $160-$250 |

17. These hourly rates are subject to periodic adjustment (typically on January 1 of each year) to reflect economic and other conditions. Prior to any such increase in MFC's rates, MFC shall file a supplemental declaration with the Court and provide ten business days' notice to the Debtors, the U.S. Trustee and any official committee. The supplemental declaration shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Examiner has consented to the rate increase.

18.     The Examiner requests that all fees and related costs and expenses incurred by MFC be paid as administrative expenses of the estates subject and pursuant to sections 327, 330(a), 331, 503(b), and 507(a)(1) of the Bankruptcy Code.

19.     Pursuant to the Examiner's request, and due to exigent circumstances, MFC commenced this engagement immediately and with assurances that the Examiner would seek approval of its employment *nunc pro tunc* to July 24, 2012.

## **INDEMNIFICATION**

20.     Subject to Court approval, the Examiner has agreed to seek an order requiring that the Debtors and their estates indemnify, defend and hold harmless MFC, its officers, directors, shareholders, principals, members, managers and employees (collectively, the "MFC Indemnified Parties") from and against any and all losses, claims, damages, liabilities, penalties, obligations and expenses, including, without limitation, the costs and expenses for counsel, incurred by or asserted against the MFC Indemnified Parties in connection with or in any way related to MFC's engagement as financial advisors to the Examiner.

21.     MFC agrees that the above indemnification shall provide that :

   a. all requests of the MFC Indemnified Parties for indemnification pursuant to the Order approving this indemnification, shall be made by means of an application (interim or final as the case may be) filed with the Bankruptcy Court;

   b. all requests by the MFC Indemnified Parties for indemnification by the Debtors and their estates shall be subject to review by the Bankruptcy Court to ensure that payment of such indemnification amounts conforms to the terms of any Order approving this indemnification and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought;

   c. in no event shall the MFC Indemnified Parties be indemnified in the case of their own bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, willful misconduct or fraud;

7

   d. in no event shall the MFC Indemnified Parties be indemnified if the Examiner asserts a claim for, and a court determines by final order, that such claim arose out of MFC's own bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, willful misconduct or fraud; and

   e. in the event that the MFC Indemnified Parties seek reimbursement for attorneys' fees from the Debtors and their estates pursuant to the Order approving this indemnification, which shall be permitted, the invoices and supporting time records from such attorneys shall be included in MFC's own applications (both interim and final) and such invoices and time records shall be subject to the United States Trustee's guidelines for compensation and reimbursement of expenses and the approval of the Bankruptcy Court under the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such attorney has been retained under section 327, 328, 1103(a) and 1103(b) of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

## DISINTERESTEDNESS OF PROFESSIONALS

22.   As described in detail in the Tuliano Declaration, MFC has conducted an extensive search of its records and has made other internal inquiries with respect to the Debtors and a voluminous list of parties in interest and potential parties in interest in the Chapter 11 Cases. The list of the parties included in MFC's search is set forth in Exhibit 1 to the Tuliano Declaration. The results therefrom for all matters which have had any activity within the past two (2) years are set forth in the Tuliano Declaration and Exhibit 2 thereto.

23.   To the best of the Examiner's knowledge and based upon the Tuliano Declaration, MFC is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

24.   To the best of the Examiner's knowledge and based upon the Tuliano Declaration, (a) MFC's connections with the Debtors, creditors, any other party in interest, or their respective attorneys or advisors are disclosed in the Tuliano Declaration and Exhibit 2 thereto; and (b) the MFC professionals working on this matter are not relatives of the United States Trustee of the

8

Southern District of New York or of any known employee in the office thereof, or any United States Bankruptcy Judge in the Southern District of New York or any District Court Judges of New York.

25. The Examiner understands that the disclosures by MFC set forth in the Tuliano Declaration and the exhibits thereto have been made based upon a review of the best information available at the time. To the extent that any additional connections are discovered, MFC has agreed to file a supplemental declaration setting forth such disclosures.

## NOTICE

26. Notice of this Application has been provided in accordance with the Order Under Bankruptcy Code Sections 102(1), 105(a) and 105(d), Bankruptcy Rules 1015(c), 2002(m) and 9007 and Local Bankruptcy Rule 2002-2 Establishing Certain Notice, Case Management and Administrative Procedures entered by this Court on May 23, 2012 [Docket No. 141] (the "Case Management Order"), and notice has been given to (i) the Office of the U.S. Trustee, (ii) the Debtors, (iii) the Official Committee of Unsecured Creditors, (iv) the parties identified on the Monthly Service List (as defined in the Case Management Order), and (v) Cerberus Capital Management L.P. The Examiner submits that, in light of the nature of the relief requested, no other or further notice need be provided.

## NO PRIOR REQUEST

27. No prior application for the relief requested herein has been made by the Examiner to this or any other court.

9

WHEREFORE, the Examiner respectfully requests that this Court grant the Application and enter an order, substantially in the form attached hereto as <u>Exhibit 1</u>, authorizing the Examiner to employ and retain MFC as financial advisor to the Examiner in connection with the Chapter 11 Cases, *nunc pro tunc* to July 24, 2012, and granting the Examiner such other and further relief as the Court deems just and proper.

Dated: August 13, 2012
      New York, NY

                Respectfully submitted,

                */s/ Arthur J. Gonzalez*
                Arthur J. Gonzalez
                Examiner

**CHADBOURNE & PARKE LLP**

By: */s/ Howard Seife*
    Howard Seife
    David M. LeMay
    30 Rockefeller Plaza
    New York, New York 10112
    Telephone: (212) 408-5100
    Facsimile: (212) 541-5369

*Counsel for the Examiner*