# **EXHIBIT 1**

## **To Application**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, et al.,[1] | Case No. 12-12020 (MG) |
| Debtors. | Jointly Administered |

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT
OF MESIROW FINANCIAL CONSULTING, LLC AS FINANCIAL ADVISOR
TO THE EXAMINER *NUNC PRO TUNC* TO JULY 24, 2012**

Upon the application of Arthur J. Gonzalez, the Court-appointed Examiner (the "Examiner") for Residential Capital, LLC and its affiliated debtors (collectively, the "Debtors") in the above-captioned cases (the "Chapter 11 Cases"), for the entry of an order pursuant to 11 U.S.C. §§ 105(a) and 327 authorizing the Examiner to employ and retain Mesirow Financial Consulting, LLC ("MFC") as financial advisor to the Examiner in connection with the Chapter 11 Cases, *nunc pro tunc* to July 24, 2012; and the Court having reviewed the Application, the Declaration of Ralph S. Tuliano (the "Tuliano Declaration"), and the exhibits thereto submitted in support thereof; the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Application being due and proper, and no other or further notice being required; and the Court being satisfied that (i) except as otherwise set forth in the Tuliano Declaration, MFC does not

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the Declaration of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings, filed with the Court on May 14, 2012. Additional subsidiaries and affiliates of the Debtors may file Chapter 11 petitions on a rolling basis. As used herein, the term "Debtors" includes any such entities.

represent any interests adverse to the Debtors or their estates, (ii) MFC is a "disinterested person" as that term is defined in 11 U.S.C. § 101(14), and (iii) the employment of MFC is necessary for the required examination to proceed and is in the best interests of the Debtors, their estates and creditors; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby:

ORDERED, that the Application is granted to the extent provided herein; and it is further

ORDERED, that to the extent the Application is inconsistent with this Order, the terms of this Order shall govern; and it is further

ORDERED, that the Examiner is authorized to retain MFC as his financial advisor in the Chapter 11 Cases, effective *nunc pro tunc* to July 24, 2012, on the terms and conditions set forth in the Application and the Tuliano Declaration; and it is further

ORDERED, that the Examiner will employ and retain MFC to assist the Examiner and his proposed counsel with financial advisory services in connection with the following:

a. Analyzing material prepetition transactions and agreements between or among the Debtors and their direct or indirect parent, affiliates or subsidiaries;

b. Evaluating the Debtors' negotiation and entry into any plan sponsor, plan support, or settlement agreement, the debtor-in-possession financing, and stalking horse asset purchase agreement and the activities of the Debtors' board of directions in connection thereto;

c. Investigating the activities of the Debtors' board of directors concerning pre-petition and post-petition transactions and agreements, the investigation of the validity of claims against the Debtors' direct or indirect parent, and related matters;

d. Investigating the corporate relationships between or among the Debtors and their direct or indirect parent, affiliates and subsidiaries, as well as the conduct of each in connection with the Debtors' Chapter 11 filing and entry into pre-petition and post-petition transactions and agreements;

e. Evaluating all state and federal law claims or causes of action of the Debtors against current or former directors and officers of the Debtors, and against the

       Debtors' direct or indirect parent and/or insiders including current and former directors, officers, and shareholders;

f.   Evaluating all state and federal law claims or causes of action the Debtors propose to release or to be released as part of their plan;

g.   Analyzing the value of the proposed releases by the Debtors' estates, including claims against current or former directors and officers of the Debtors, and against the Debtors' direct or indirect parent and insiders including current and former directors, officers, and shareholders, and the proposed releases by third parties of claims against the Debtors' direct or indirect parent;

h.   Analyzing other matters affecting the Debtors' assets, liabilities, and financial condition including all intercompany claims and the Debtors' solvency, capital adequacy and ability to pay debts as such debts become due at various dates prior to the Petition Date; and

i.   Undertaking any additional tasks or duties that the Court may direct in any order amending or modifying the Order Approving Scope of Investigation of Arthur J. Gonzalez, Examiner; and it is further

ORDERED, that such other services as may be requested by the Examiner and agreed to by MFC shall be subject to separate approval by Court order.

ORDERED, that MFC shall be compensated for fees and reimbursed for reasonable and necessary expenses and will file interim and final fee applications for allowance of its compensation and expenses in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Amended Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals, dated December 21, 2010, the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, dated November 25, 2009, and the United States Trustee Fee Guidelines (collectively, the "Fee Guidelines"); and it is further

ORDERED, that the Debtors and their estates indemnify, defend and hold harmless MFC, its officers, directors, shareholders, principals, members, managers and employees (collectively, the "MFC Indemnified Parties") from and against any and all losses, claims,

3

damages, liabilities, penalties, obligations and expenses, including, without limitation, the costs and expenses for counsel, incurred by or asserted against the MFC Indemnified Parties in connection with or in any way related to MFC's engagement as financial advisors to the Examiner; and it is further

ORDERED, that the following indemnification provisions are approved:

a. all requests of the MFC Indemnified Parties for indemnification pursuant to the Order approving this indemnification, shall be made by means of an application (interim or final as the case may be) filed with the Bankruptcy Court;

b. all requests by the MFC Indemnified Parties for indemnification by the Debtors and their estates shall be subject to review by the Bankruptcy Court to ensure that payment of such indemnification amounts conforms to the terms of this Order approving this indemnification and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought;

c. in no event shall the MFC Indemnified Parties be indemnified in the case of their own bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, willful misconduct or fraud;

d. in no event shall the MFC Indemnified Parties be indemnified if the Examiner asserts a claim for, and a court determines by final order, that such claim arose out of MFC's own bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, willful misconduct or fraud; and

e. in the event that the MFC Indemnified Parties seek reimbursement for attorneys' fees from the Debtors and their estates pursuant to the Order approving this indemnification, which shall be permitted, the invoices and supporting time records from such attorneys shall be included in MFC's own applications (both interim and final) and such invoices and time records shall be subject to the United States Trustee's guidelines for compensation and reimbursement of expenses and the approval of the Bankruptcy Court under the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such attorney has been retained under section 327, 328, 1103(a) and 1103(b) of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code; and it is further

ORDERED, that all privileges, protections, confidentiality and immunities (including, without limitation, the attorney-client privilege and the work product doctrine), shall remain in

full force and effect as to any information provided to the Examiner and/or to the Examiner's proposed or court-approved professionals; and it is further

ORDERED, that prior to any increases in MFC's rates, MFC shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtors, the United States Trustee and any official committee. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Examiner has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds, including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code; and it is further

ORDERED, that this Court shall have exclusive jurisdiction to hear and determine all matters arising from or relating to this Order and its implementation.

Dated:
    August __, 2012
    New York, NY

                                                  _____
                                                  THE HONORABLE MARTIN GLENN
                                                  UNITED STATES BANKRUPTCY JUDGE