Wendy Alison Nora                                              Hearing Date: August 14, 2012
ACCESS LEGAL SERVICE                                           Hearing Time: 10:00 a.m.
210 Second Street NE
Minneapolis, Minnesota 55413
Telephone: (612) 333-4144
Facsimile: (612) 886-2444

*Counsel to Wendy Alison Nora and, by Limited Appearance,
for Ray Elliott of Rapid City, South Dakota and Paul Papas
of Phoenix, Arizona*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
In re

Residential Capital, LLC *et al.*,                             Chapter 11

                                                               Case No. 12-12020 (MG)
.
                                  Debtors.                     Administratively Consolidated


-----------------------------------------------------------------X

**REPLY TO DEBTORS' RESPONSE TO CLAIMANT'S MOTION FOR
RECONSIDERATION OF
FINAL SUPPLEMENTAL ORDER UNDER BANKRUPTCY CODE SECTIONS 105(A),
362, 363, 502, 1107(A) AND 1108 AND BANKRUPTCY RULE 9019 (I) AUTHORIZING
THE DEBTORS TO CONTINUE IMPLEMENTING LOSS MITIGATION PROGRAMS;
(II) APPROVING PROCEDURES FOR COMPROMISE AND SETTLEMENT OF
CERTAIN CLAIMS, LITIGATIONS AND CAUSES OF ACTION; (III) GRANTING
LIMITED STAY RELIEF TO PERMIT FORECLOSURE AND EVICTION
PROCEEDINGS, BORROWER BANKRUPTCY CASES, AND TITLE DISPUTES TO
PROCEED; AND (IV) AUTHORIZING AND DIRECTING THE DEBTORS TO PAY
SECURITIZATION TRUSTEE FEES AND EXPENSES [DOCKET NO. 774]
AUTHORIZING THE CONTINUATION OF THE OPERATIONS OF DEBTORS'
RACKETEERING ENTERPRISE**

Wendy Alison Nora ("Claimant"), individually and on behalf of Ray Elliott of Rapid

City, South Dakota and Paul Papas of Phoenix, Arizona, by limited appearance, and respectfully

1

moves the Court to adjourn these proceedings to another date upon the grounds set forth below:

    1. The Court has the power to adjourn these proceeding for good cause shown under 11 USC sec. 105.

    2. Claimant proposed the hearing date and time set forth above and tried to contact the court on several occasions, but was unable to reach the Deputy Clerk or other personnel authorized to schedule the hearing for the proposed date and time.

    3. This is the Claimant's motion and is a motion upon which two other claimants have asked her to proceed on their behalf by limited appearance.

    4. Claimant has sought clarification on her personal issue from Debtors' counsel on August 9, 2012 and she was expecting to hear from Debtors' counsel for clarification of her rights to proceed in ongoing appeals before the Wisconsin Court of Appeals on (a) her Motion to Vacate a Judgment of Foreclosure and implicitly to set aside the confirmation of sale under a void order of foreclosure, which foreclosure was procured by a judgment which was ultimately discovered to have been based on forgery and perjury, which caused justice to be miscarried in the trial court and (b) from an ex parte order of eviction entered contrary to the requirements of Wis. Stats. sec. 815.63 and the Fifth and Fourteenth Amendments to the <u>Constitution of the United States</u>.

    5. As is typical of the Debtors' treatment of the victims of their crimes (which, in addition to taking homes with forged and perjured documents created in their offices and presented in courts throughout the nation , include theft of cash assets from hurricane victims like Corla Jackson, theft of loan closing proceeds from other financial institutions such as Aurora Loan Servicing and HSBC Bank and tortious interference with the business opportunities of

Green Planet) when they come before this Court or any Court in the nation, they corrupt their law firms into deceptive practices as is now occurring in the deception whereby Claimant Nora and her clients Elliott and Papas (for purpose of objecting to the continuing use of the bankruptcy as a shield while going after their creditors with a sword) were denied hearing on July 18, 2012 as set forth in the Motion for Reconsideration.

6. Whereas the Nora Objection to the Entry of the Final "Supplemental Servicing Order" was not given a status on the Debtors' Agenda for the July 18, 2012; whereas Nora had a brief scheduling conflict with another telephone conference hearing of which Debtors' counsel were advised prior to the commencement of the July 18, 2012 proceedings by Nora's local counsel, Robert Michaelson and he was told that the hearing would be the last item on the calendar which was expected to last most of the day;[1] whereas Nora called in at the commencement of the hearing and was off the live line as Debtors' counsel were told she would be at the time Judge Glenn inquired about the status of her continuing objection; whereas the Debtors first denied that Nora's objection was before the Court; whereas when confronted with Judge Glenn's knowledge that the Nora objection was properly still subject to consideration, Debtors' counsel prevaricated that the Nora motion had been "renewed;" whereas Debtors

---

[1] See Affirmation of Attorney Robert N. Michaelson, docket entry 956 at paragraphs, which provides, in part at paragraphs 4-6:

4. Prior to the hearing Nora advised me that she had a conflicting commitment that might require her to leave the hearing for a brief period. Since Ms. Nora and I agreed that she would argue the Objection, she requested that I ask Debtor's counsel prior to the hearing whether the Motion could be moved up on the calendar to accommodate her schedule.

5. I approached Anthony Princi of Debtor's counsel, introduced myself, conveyed Nora's request and was politely advised that it was not possible to accommodate Ms. Nora. Mr. Princi further stated that the Motion was the last item on the calendar which was expected to last most of the day.

6. I conveyed that information to Ms. Nora . . .

3

counsel had misrepresented the order of the proceedings to Attorney Michaelson, Nora's right to be heard on the imminent proposed sale of her home while her appeal is pending threatens her with irreparable harm.

      7. Judge Glenn had not read the Reply to the Response to her Objection prior to the hearing on July 10, 2012 because this case is overwhelming even to the most careful jurist of which Judge Glenn is one, but had Nora and her local counsel not been intentionally misled into believing thinking that Nora had time to participate in her 10:45 a.m. brief telephone conference because Debtors' counsel represented that her hearing was the last item on the calendar which was expected to last most of the day, Nora would have sought a brief rescheduling of her Eastern District of Wisconsin bankruptcy matter, which she had time to do in the 40 minutes which remained prior to that hearing being commenced by telephone call from the chambers of Judge Susan V. Kelly in Milwaukee, Wisconsin.

      8. Nora assumed that Attorney Michaelson had conferred with the Court's Deputy Clerk on July 10, 2012 and obtained the schedule from the Clerk because she never would have believed the representation of the order of proceedings from anyone representing the Debtors.

      9. Nora is more familiar with the frauds committed by Debtors and their counsel and because Attorney Michaelson had never before felt the sting of the routine misrepresentations of Debtors and their counsel, he held himself responsible, but he is not. Every lawyer and homeowner who has to deal with the duplicity of any of Debtors' counsel eventually learns that professional courtesy is not a factor and professional ethics are bent to the point of breaking. When ethical rules are broken, the practice is to shift the blame to the homeowner's lawyer until the homeowner's lawyer starts calling fraud "fraud," perjury "perjury" and forgery "forgery."

10. Normal people and conscientious lawyers still fall for the con. Nora just fell for the con herself because she believed Debtors' counsel when he said that he would get back to her about regarding her appellate rights and he did not.

11. Now, this morning she received the Debtors Amended Agenda by Federal Express[2], and there are 11 contested hearings on the Amended Agenda and again Nora is slated to be last.

12. It is interesting that Nora will be last to be called by the Debtors' constructed agenda because Kenneth Taggart, with whom she is collaborating, is going to be the first contested matter called. Nora will have to endure the torture of having to listen to the Court tell the homeowner victims who can arrange to be heard on such short notice that they did not have any evidentiary support for their motions or that their motions to lift the stay must otherwise be denied so that these corrupt Debtors can have "breathing space" while they continue to foreclosure on homes and render families homeless throughout the nation by seizing homes under forged and perjured documents and prepare to sell those homes in bundles to hedge fund investors to be re-securitized before this Court realizes that it has put its stamp of approval on the most recent misadventure in this case: the Debtor's motions for approval of de minimus sales filed on Friday, August 10, 2012 under false color of selling mortgage loans and without a single mention of the fact that in the Affidavit in Support of First Day Motions, the homes which have been seized are slated for sale "free and clear of liens" (whatever that means, since the liens of the Debtors are almost always forgeries and the homeowners still have true title as a matter of

---

[2] This is an improvement. It arrived 24 hours before the hearing is going to start and it actually contained live conference call instructions for the first time. Her office received the Amended Agenda for the July 10, 2012 hearing by Federal Express after the hearing had already commenced without live conference instructions.

5

law in title states because the forged mortgage assignments are meant to have the "servicer" appear to be the lawful mortgagee, which fraud is almost always perceived to be more "real" because a forged endorsement in blank, specific endorsement, or my personal favorite, the unattached allonge to a note which has plenty of blank space on its face for additional true endorsements, if there were any to be had.3)

      13. More evidence of Debtors' intention to abuse the shield of bankruptcy proceedings now exists because of the intrinsic fraud in the fraudulent motion for sale of homes masquerading as a motion for sale of mortgage loans4 (perhaps the Debtors cannot tell the difference between a home and a mortgage loan in their twisted reality) which was just filed on Friday, August 10, 2012.

      14. The concealed intention to sell my home is critical because the Wisconsin Court of Appeals entered an order5 on August 9, 2012 requiring a response to the application of the automatic stay in these proceedings under the Final "Supplemental Servicing Order" entered on the July 13, 2012 which is the order sought to be reconsidered herein.

---

   [3] It really is a toss-up between the unendorsed allonge to the note with plenty of space for true endorsements or the Bank of America style double-robo stamp to and from Countrywide entities for my personal favorite, but now I digress.

   [4] Too many people are watching the filings in this case now because for several weeks Kurtzman Carson Consultants, LLC (KCC, LLC) finally has its website working in such a way as to allow public view of each and every document, in order, with document number, as it should have been working all along because KCC, LLC picks and chooses what is important to serve by mail or e-mail. Now Debtors have to pretend that they are going to sell mortgage loans in the ordinary course of business and not the homes it has seized as servicer of loans which it already sold to government agencies and private label investors.

   [5] Attached Exhibits A and B.

15. This motion to reconsider the grant of the shield to Debtors while it uses the sword to seize homes is also critical to Paul Papas to who has liens and claims against multiple properties throughout the nation and the homes upon which the liens and claims have been filed are not even listed on the Schedules and Statement of Financial Affairs filed on June 30, 2012 which might be sold.

16. Ray Elliott's home is subject to a fraudulent foreclosure with forged documents and he is being injured by the Debtors who use the shield of bankruptcy to deny him discovery, knowing that they cannot be sanctioned for discovery violations and the ongoing crime of uttering forgeries (they cannot be jailed because they are not human and they cannot be fined or required to pay attorney's fees and costs because that is claim against the estate.)

17. Nora, Papas and Elliott seek reconsideration of the request that the automatic stay be imposed against the Debtors so that they may heard on their position that the Debtors are not entitled to continue to use this bankruptcy as both a sword and a shield.

**WHEREFORE**, the Motion for Reconsideration must be granted in the interests of justice and the originally requested evidentiary hearing must be granted.

Dated: August 13, 2012 at Minneapolis, Minnesota.

ACCESS LEGAL SERVICES

*/s/ Wendy Alison Nora*
Wendy Alison Nora, pro hac vice
210 Second Street NE
Minneapolis, Minnesota 55413
Telephone (612) 333-4144
Facsimile (612) 886-2444
*Counsel to Wendy Alison Nora*
*and, by Limited Appearance, for Ray Elliott of Rapid City, South Dakota*
*and Paul Papas of Phoenix, Arizona*