# UNITED STATES ~~DISTRICT~~ BANKRUPTCY COURT

# SOURTHERN DISTRICT OF NEW YORK

Civil Case#  12 – cv 12020

Residential Capital, LLC, et al

Debtor

v.

*U.S. Trustee*
**United States Trustee**
33 Whitehall Street
21st Floor
New York, NY 10004
(212) 510-0500

*Claims and Noticing Agent*
**Kurtzman Carson Consultants**
2335 Alaska Ave
El Segundo, CA 90245

Supplemental

## Brief in support of "Motion to Clarification of Stay and Relief From Stay"

Supplemental Brief in support of Motion to Stay both claims by GMAC and Taggart, defendant.

**The court should grant a Stay to all proceeding in this case pursuant to the Aurora Bank FSB decision and memorandum in support of Order dated August 7, 2012.**

The Aurora decision exemplifies the attempt by GMAC to use the Bankruptcy as both a shield and a sword. <u>GMAC attempts to assert its clams using its *"Sword"*, while attempting to use the Bankruptcy *"Shield"* to prevent counterclaims for its actions in the same or related transaction.</u> GMAC has planned and attempted to proceed with, inter alia, foreclosures with claims & counter- claims against them, including false and fraudulent documents.

For the foregoing reasons, *The Aurora Bank FSB decision and memorandum should be applied to this case.* GMAC is attempting to foreclosure while preventing claims for origination, inter alia, TILA, RESPA , Unfair Trade Practices Act Claims. Furthermore, claims of fraudulent transfer of title, lack of chain of title, lack of ownership of mortgage or note, failure to produce "wet Ink notes" and "wet Ink mortgage". And above all still foreclosing with now fraudulent affidavits from "Jeffrey Stephan" the world's most famous "Robo – Signer" , trained and produced by GMAC Mortgage.

**A Stay should be in place for both parties until lifted by Bankruptcy court.**

*GMAC attempting to evade responsibility for its action with abuse of Stay*

Based on the Aurora decision, neither party should be able to proceed without permission. Granting a Stay for defendants of foreclosures while allowing GMAC to continue with business as usual is clearly an attempt to evade responsibility, and effective use the "Sword" & "Shield".

**Offsets of judgments against GMAC should be allowed in foreclosure as it has been consented to by GMAC and granted by the court.**

Furthermore, the court & GMAC have recognized in at least one hearing with the "National Association of Bankruptcy Lawyers", that offsets to any judgments entered against them by GMAC will have the right to offset their judgment with judgments from counter-claims or claims against GMAC by defendants.

This offset should be extended to defendants in foreclosure as well. Bankruptcy Courts and Bankruptcy laws typically recognize the same or similar defenses of offsets by defendants in foreclosure. This would create a manifest injustice and allow GMAC to simply foreclose on properties and pay claims and counter-claims back at pennies on the dollar....... if at all.

**Conclusion:**

Taggart's position is that a STAY should be lifted or Granted at the same time. Both GMAC and defendants in foreclosure should be able to assert claims against GMAC, including monetary claims to the extent they offset any judgment obtained by GMAC.

It is further asserted that claims and counter-claims, including punitive damages against GMAC for, *inter alia*, willful malice, Racketeering, Fraud, and Fraud Upon The Court should Be allowed as well. GMAC Mortgage should not hide behind Bankruptcy laws to evade responsibility for willful fraud upon homeowners.

**The current order allows for claims and counterclaims to be asserted when there is a need to assert a monetary damage as a requirement to plead as a matter of law.**

3

A stay on claims regarding to the mortgage in question should proceed without limitations to prevent *a manifest injustice* to Taggart as well as all borrowers who have claims asserted which involve the mortgage in question. The position that GMAC, LLC may proceed, but defendants in a foreclosure may not proceed is ludicrous and violates borrowers constitutional rights regarding property and due process.

Respectfully Submitted,

Kenneth Taggart

August 14, 2012

# Certificate of Service

<u>Case #</u> **Civil Case# 12 – cv 12020**        **Residential Mortgage Capital, et al**

U.S Attorney for Southern District of New York
Joseph Cordero – Civil Division
86 Chambers St, 3rd Floor
New York, NY. 10007.

Counsel for Fannie Mae
Winston & Strawn, LLP
David Neier, Deseiree M Ripo, Alan Moskowitz
200 Park Ave
New York, NY. 10166

Counsel for Freddie Mac
McKool Smith
Paul DMoak
600 Travis St, suite 7000,
Houston, TX 77002


Kenneth J Taggart
Pro se

/s/ Kenneth J Taggart

August __, 2012

# Certificate of Service

<u>Case #</u> **Civil Case# 12 – cv 12020**        **Residential Mortgage Capital, et al**

The undersigned certifies that on August 14, 2012, he caused a copy of :

Supplemental

## Brief in support of "Motion to Clarification of Stay and Relief From Stay"

to be delivered to The United States Bankruptcy Court for The Southern District of New York via United States Post Office. Additionally, the undersigned certifies that he caused a true and correct copy of the foregoing Notice to be sent via to United States Post Office on August 14, 2012 to the following parties :

Counsel for Debtors  (copy also e-mailed to this party)
Morrison  & Foster,LLP, Larren M Nashelsky, Gary Lee, Lorenzo Marinuzzi
1290 Avenue of the Americas
New York, NY. 10104

Office of the United States Trustee for the Southern District of New York
33 Whitehall St, 21st Floor, Tracy Hope Davis, Linda Riffkin, Brian S Masumoto
New York, NY. 10104

Counsel for Ally Financial
Kirkland & Ellis, LLP, Richard Ceieri, Ray Schrock, Stephan Hessler
Citigroup Center,
601 Lexington Ave.
New York, NY. 10022

Counsel for Administrative Agent for Debtors,
Skaddam, Arps, Slate, Meagher, & Flon, LLP
Kenneth Ziman and Johnathan Hofer
4 Times Square
New York, NY. 10036

Counsel for United States of America, Ginnnie Mae, US Dept of Justice,
Glenn Gillett
1100 "L" St NW , Room 10018
Washington, D.C. 20005