Presentment Date and Time: August 22, 2012 at 12:00 p.m. (ET)<br>
Objection Deadline: August 21, 2012 at 4:00 p.m. (ET)

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Joel C. Haims

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**NOTICE OF PRESENTMENT OF STIPULATION AND ORDER WITH
RESPECT TO EXTENSION OF THE AUTOMATIC STAY**

**PLEASE TAKE NOTICE** that pursuant to Rule 9074-1(a) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), the undersigned will present the proposed Stipulation and Order with Respect to Extension of the Automatic Stay (the "**Stipulation**"), attached hereto as Exhibit 1, to the Honorable Martin Glenn, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, Room 501, for signature on **August 22, 2012 at 12:00 p.m. (Prevailing Eastern Time)**.

ny-1054295                                            1

**PLEASE TAKE FURTHER NOTICE** that objections and/or counterproposals, if any, to the Stipulation must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **August 21, 2012 at 4:00 p.m. (Prevailing Eastern Time)**, upon (a) counsel for the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attn: Gary S. Lee and Joel C. Haims); (b) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attn: Tracy Hope Davis, Linda A. Riffkin and Brian S. Masumoto); (c) the Office of the United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001 (Attn: US Attorney General, Eric H. Holder, Jr.); (d) Office of the New York State Attorney General, The Capitol, Albany, NY 12224-0341 (Attn: Nancy Lord, Esq. and Neal Mann, Esq.); (e) Office of the U.S. Attorney for the Southern District of New York, One St. Andrews Plaza, New York, NY 10007 (Attn: Joseph N. Cordaro, Esq.); (f) counsel for Ally Financial Inc., Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY 10022 (Attn: Richard M. Cieri); (g) counsel to Barclays Bank PLC, as administrative agent for the DIP lenders, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036 (Attn: Ken Ziman & Jonathan H. Hofer); (h) counsel for the committee of unsecured creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attn: Kenneth Eckstein & Greg Horowitz); (i) counsel for Nationstar Mortgage LLC, Sidley Austin LLP, One South Dearborn, Chicago, Illinois 60603 (Attn: Jessica C.K. Boelter); (j) Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346 (if by overnight mail, to 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-5016); and (k) Securities and Exchange Commission, New

York Regional Office, 3 World Financial Center, Suite 400, New York, NY 10281-1022 (Attn: George S. Canellos, Regional Director).

**PLEASE TAKE FURTHER NOTICE** that, if no objections to the Stipulation are timely filed, served and received in accordance with this Notice, the Court may enter the Order without further notice or hearing.

Dated: August 14, 2012  
       New York, New York

Respectfully submitted,

/s/ Joel C. Haims  
Gary S. Lee  
Joel C. Haims  
MORRISON & FOERSTER LLP  
1290 Avenue of the Americas  
New York, New York 10104  
Telephone: (212) 468-8000  
Facsimile: (212) 468-7900

*Counsel for the Debtors and Debtors in Possession*

# **Exhibit 1**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**STIPULATION AND [PROPOSED] ORDER WITH RESPECT
TO EXTENSION OF THE AUTOMATIC STAY**

Subject to the approval of the Court, this Stipulation (the "Stipulation") is made and entered into by and between the debtors and debtors in possession in the above-captioned bankruptcy case (collectively, the "Debtors"), on the one hand, and John Hancock Life Insurance Co. (U.S.A.), John Hancock Life Insurance Co. (U.S.A.) Separate Account 6A, John Hancock Life Insurance Co. (U.S.A.) Separate Account 131, John Hancock Funds II, John Hancock Variable Insurance Trust, John Hancock Sovereign Bond Fund, John Hancock Bond Trust, John Hancock Strategic Series, and John Hancock Income Securities Trust (together "John Hancock"), on the other hand.

WHEREAS, the Debtors have filed voluntary petitions in this Court for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on May 14, 2012 (the "Petition Date");

WHEREAS, on July 27, 2012, John Hancock filed an action (the "Hancock Action") in the United States District Court for the District of Minnesota against, among others, Ally Financial Inc., Ally Bank, Ally Securities, GMAC Mortgage Group, LLC, Bruce J. Paradis, Kenneth M. Duncan, Davee L. Olson, Ralph T. Flees, Jack R. Katzmark, Lisa R. Lundsten, David C. Walker, Diane S. Wold, James G. Jones, David M. Bicker, and James N. Young

ny-1053611

(together "Non-Debtor Affiliates");

WHEREAS, the Debtors believe that an extension of the automatic stay pursuant to 11 U.S.C. 362(a) (the "Automatic Stay") to claims against the Non-Debtor Affiliates in the Hancock Actions would be appropriate in these circumstances;

WHEREAS, to avoid motion practice and litigation on a motion to extend the automatic stay, the Debtors and John Hancock have reached an agreement to resolve that issue;

NOW THEREFORE, the Parties have reached the following agreement:

1.  John Hancock agrees that it is stayed and enjoined from and against the continued prosecution, including the pursuit of any discovery, of the Hancock Action against the Non-Debtor Affiliates through October 31, 2012 (the "Stay Period"), with the exception of the actions described in paragraph 2 below, and the Parties agree to extend any deadlines that occur in the Hancock Action during the Stay Period.

2.  Notwithstanding paragraph 1 above, the Debtors and John Hancock do not object to the filing of any Motions to Dismiss by the Non-Debtor Affiliates, the filing of oppositions by John Hancock to such Motions to Dismiss, oral argument and/or rendering decisions by the court on such motions to dismiss, or the filing, hearing, and/or decision on any appeal (interlocutory or otherwise) of, or motion to reconsider, such Motions to dismiss.

3.  During the Stay Period, all the Non-Debtor Affiliates will preserve documents, data, and tangible things currently in their possession, custody and control that are subject to discovery in the Hancock Action.

4.  This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation.

ny-1053611

5. Except as specifically provided for herein, John Hancock and the Non-Debtor Affiliates reserve all rights and defenses they may have in the Hancock Action or the above-captioned bankruptcy case, and entry into this Stipulation shall not impair or otherwise affect such rights and defenses, and all such rights and defenses are expressly preserved.

6. This Stipulation is without prejudice to any further requests for an Order pursuant to 11 U.S.C. §§ 362(a)(1) and/or 362(a)(3) extending the automatic stay imposed by 11 U.S.C. § 362(a) to the continued prosecution of the Hancock Action against the Non-Debtor Affiliates or, in the alternative, for entry of an order pursuant to 11 U.S.C. § 105(a) enjoining and prohibiting the continued prosecution of the Hancock Action against the Non-Debtor Affiliates, or the right of any party to contest such requests.

7. Notwithstanding anything herein to the contrary, this Stipulation shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

8. Nothing in this stipulation will alter the rights of John Hancock to seek discovery in the Chapter 11 cases.

ny-1053611

9.  John Hancock reserves the right to challenge the Bankruptcy Court's jurisdiction in this matter and/or otherwise object to the Bankruptcy Court's ability to enter judgment in this matter.

Dated: August 10, 2012

___/s/ Deborah Elman_____
Deborah Elman
Matthew P. Morris
Geoffrey C. Jarvis

GRANT & EISENHOFER P.A.
485 Lexington Avenue, 29th Floor
New York, NY 10017
Telephone: 646-722-8500
Facsimile: 646-722-8501

*Counsel to John Hancock*

New York, New York
Dated: _____, 2012

Dated: August 10, 2012

___/s/ Joel Haims_____
Gary S. Lee
Joel C. Haims

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel to the Debtors and Debtors in Possession*

**IT IS SO ORDERED**

_____
HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE