**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------   X
In re:                                                         :   Chapter 11
                                                               :
RESIDENTIAL CAPITAL, LLC, et al.,                              :   Case No. 12-12020 (MG)
                                                               :
                              Debtors.                         :   Jointly Administered
------------------------------------------------------------   X
```

**UNIFORM PROTECTIVE ORDER FOR EXAMINER DISCOVERY**

The terms and conditions of this uniform protective order (the "Protective Order") shall govern the disclosure, discovery, production and use of documents and other information provided to Arthur J. Gonzalez, the Court-appointed Examiner (the "Examiner") for Residential Capital, LLC and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned cases (the "Chapter 11 Cases") and/or made available through a central document depository (the "Document Depository") to other parties in interest who have been or who may in the future be granted access to such Document Depository (the "Depository Designees") in the Chapter 11 Cases.

1.   For purposes of this Protective Order, the following terms shall have the following indicated meanings:

"Advisors" shall include counsel, consultants, accountants, experts, auditors, examiners, financial advisors, appraisers or other agents or professionals.

"Confidential Information" means any and all proprietary and confidential nonpublic information (whether in writing or orally or in any other format) produced, provided, given or exchanged by a Disclosing Party (defined below) that is marked or designated by such Disclosing Party as being "Confidential," including, without limitation, information concerning

the Disclosing Party's assets, liabilities, business operations, business practices, business plans, financial projections, financial and business analyses, corporate governance, intellectual property, trade secrets and compilations and studies relating to the foregoing. Confidential Information includes, but is not limited to, all analyses, compilations, forecasts, studies or other documents prepared by a Receiving Party in connection with its review of, or interest in, the Chapter 11 Cases, which contain or reflect or are based upon any such Confidential Information provided by the Disclosing Party.

      The term Confidential Information will not include information that:

      (i)    is or becomes publicly available other than as a result of a disclosure by any Receiving Party or any of its Representatives or Advisors in breach of this Protective Order,

      (ii)    a Receiving Party or its Representatives or Advisors obtains independently, not pursuant to this Protective Order,

      (iii)    is or becomes available to the Receiving Party or any of its Representatives or Advisors on a non-confidential basis from a source (other than a Disclosing Party), which source is not known to the Receiving Party (who shall have no duty of investigation in this regard) to be subject to any prohibition from disclosing such information to the Receiving Party,

      (iv)    is independently developed by such Receiving Party or any of its Representatives or Advisors without violating its obligations hereunder and without using any Confidential Information,

      (v)    is disclosed or is required to be disclosed by law, rule, regulation or legal process, subject to the requirements of paragraph 12 below,

(vi) is obtained by the Receiving Party through subpoena, formal discovery or other process as contemplated by paragraph 14 below, or

(vii) is determined by a court of competent jurisdiction not to be Confidential Information.

"Disclosing Party" means any person or entity producing Discovery Material to the Examiner.

"Discovery Material" refers to all discovery documents, deposition testimony, interrogatory answers, and other information produced, given, provided or exchanged in connection with discovery to the Examiner in these Chapter 11 Cases.

"Examiner's Investigation" means the investigation to be conducted by the Examiner in the Chapter 11 Cases in accordance with the Bankruptcy Court's order dated July 27, 2012 approving the scope of such investigation, and the Work Plan of Arthur J. Gonzalez, Examiner, filed with the Bankruptcy Court and dated August 6, 2012 (each as may be amended from time to time).

"or" shall not be construed as exclusive.

"Receiving Party" means the Examiner and any party receiving or that may be granted access to Discovery Material subject to this Protective Order, including Depository Designees.

"Representatives" shall include affiliates, directors, officers, partners, members, and employees.

2. This Protective Order shall govern the disclosure, discovery, production and use of all Discovery Material provided to the Examiner, including all Discovery Material placed into the Document Depository. The Examiner's obligations with respect to Discovery

Material and the Document Depository shall not be understood or construed to extend beyond the express terms of this Protective Order.

3. Each Receiving Party hereby agrees that it will:

(a) keep the Confidential Information confidential and will not (except as required by applicable law, rule, regulation or legal process, and only after compliance with paragraph 12 below), without the Disclosing Party's prior written consent, disclose any Confidential Information to any other person or entity, except as provided for in this Protective Order;

(b) not use or allow any Confidential Information to be used for any purpose other than for the purpose of performing its duties in connection with the Examiner's Investigation; and

(c) use reasonable efforts to safeguard the Confidential Information and to protect the Confidential Information against disclosure, misuse, espionage, loss, and theft by any corporation, company, partnership or individual.

4. Notwithstanding the foregoing, Confidential Information (that is not designated "Professional's Eyes Only," subject to paragraphs 5 and 6 below) may be disclosed by the Receiving Party to (i) its Representatives and Advisors who are involved with the Examiner's Investigation, and, (ii) any other Receiving Party, including persons noticed for depositions or interviews or designated as trial witnesses and their counsel to the extent deemed necessary by counsel to the Receiving Party in order to prepare such witnesses. The Receiving Party represents that each of its Representatives and Advisors who receives Confidential Information pursuant to this Protective Order will be advised (i) of the confidentiality and use restrictions of this Protective Order, (ii) that upon receipt of any Confidential Information such

party shall be deemed bound by the terms of this Protective Order, and (iii) of such party's obligations concerning the confidentiality of all such Confidential Information and the proper use thereof.  The Disclosing Party may agree in writing to greater or lesser restrictions on the use of certain Confidential Information.

        5.      The Disclosing Party shall be permitted to designate certain items of Confidential Information as "Professionals' Eyes Only" only if the Disclosing Party in good faith reasonably believes (i) that the items contain proprietary information related to the Disclosing Party's previous, existing or ongoing business operations for which restricted access is necessary to prevent a risk of harm to the Disclosing Party in the ongoing operation of its business, or (ii) that the items contain non-privileged internal analyses regarding the treatment and/or valuation of existing or potential claims in connection with the sale or transfer of the Debtors' assets; <u>provided</u>, <u>however</u>, that the Committee's Advisors may advise the Committee on Professionals' Eyes Only information solely in order to permit the Committee to exercise its fiduciary duties (which advice may not disclose material terms in the Professionals' Eyes Only documents).

        6.      The Receiving Party agrees that information designated as Professionals' Eyes Only may not be disclosed to any Representatives of the Receiving Party and may be reviewed only by the following persons:

        (a)      The Examiner and his Advisors;

        (b)      Advisors who represent or work for the Receiving Party in matters related to the Examiner's Investigation, as well as clerical, paralegal, other staff and agents of those Advisors whose functions require access to Professionals' Eyes Only information;

        (c)      Any person indicated on the face of a document to be the author, addressee, or an actual or intended recipient of the document;

        (d)        Professional vendors to whom disclosure is reasonably necessary for the Examiner's Investigation, provided they are informed that the material is Professionals' Eyes Only information;

        (e)        The Court and its authorized staff, including official and freelance court reporters and videotape operators hired by the Receiving Party in connection with these Chapter 11 Cases; and

        (f)        Any other person, only upon order of the Court or agreement of the Disclosing Party.

        7.        A Disclosing Party may designate certain Discovery Material as "Highly Confidential" if the Discovery Material contains: (i) attorney work product or privileged information; (ii) information related to the Disclosing Party's ongoing business operations, the disclosure of which would result in direct and imminent competitive harm to the Disclosing Party's ongoing business or harm to the contemplated asset sales in these Chapter 11 Cases; and/or (iii) highly sensitive personal, financial, commercial or proprietary information, the disclosure of which could cause significant commercial harm. The Highly Confidential designation is intended to be used by Disclosing Parties sparingly, reasonably and in good faith. Discovery Material designated as Highly Confidential will be disclosed only to the Examiner and the Examiner's Advisors and will not be deposited in the Document Depository or otherwise shared with Depository Designees or disclosed in any manner in these Chapter 11 Cases or otherwise.

        8.        The Disclosing Party may designate the specific testimony during a deposition or proceeding as Confidential, Professionals' Eyes Only, or Highly Confidential, either on the record at the deposition or other proceeding, or in writing no later than three

calendar days following the date on which counsel for the Disclosing Party has received the final version of the transcript of the deposition or other proceeding (the "Transcript Designation Period"); provided that testimony designated as Confidential, Professionals' Eyes Only, or Highly Confidential shall remain subject to such designation during the Transcript Designation Period.

9.      Notwithstanding the foregoing, should the Receiving Party disagree with the Disclosing Party's designation of information as Confidential or Professionals' Eyes Only, counsel for the Disclosing Party and the Receiving Party shall confer in good faith to resolve the issue on an expedited basis. Absent a consensual resolution, the Receiving Party may request, upon written notice to the Disclosing Party and on an expedited basis, that the Bankruptcy Court resolve the issue (subject to the Court's availability). The material in question shall be treated as it was initially designated by the Disclosing Party pending resolution of the issue. If challenged pursuant to this paragraph 9, the Disclosing Party shall bear the burden of establishing that any such material challenged by the Receiving Party is entitled to the designation of Confidential or Professionals' Eyes Only assigned by the Disclosing Party.

10.     Notwithstanding the foregoing, should the Examiner disagree with the Disclosing Party's designation of information as Highly Confidential, counsel for the Disclosing Party and the Examiner shall confer in good faith to resolve the issue on an expedited basis. Five business days after the meet-and-confer is held as to any challenged Highly Confidential designation, such designation will be deemed automatically downgraded to Professionals' Eyes Only, without the need for any further action by any party or the Court, unless the Disclosing Party shall have filed a motion with the Court, within those five business days after the meet-and-confer, to determine that its use of the Highly Confidential designation was appropriate. On

any such motion, the Disclosing Party shall bear the burden of establishing that any such material challenged by the Examiner is entitled to the designation of Highly Confidential assigned by the Disclosing Party. If the Disclosing Party has timely filed such a motion as to a Highly Confidential designation, then until the Court rules on the motion, the Examiner shall continue to afford the material in question the level of protection provided herein for material bearing a Highly Confidential designation.

        11. In the event that a Receiving Party wishes to use Confidential Information disclosed or produced by a Disclosing Party for any purpose other than in connection with the Examiner's Investigation, then such Receiving Party shall (i) obtain the advance written consent of Disclosing Party (through the Disclosing Party's counsel) to such use; (ii) file under seal the Discovery Material in question or any substantive references thereto; or (iii) obtain an order of the Bankruptcy Court permitting the disclosure after advance written notice and a reasonable opportunity for the Disclosing Party to be heard on such proposed relief. Any such request for relief from the Bankruptcy Court may be heard on expedited notice of no less than five business days, subject to the Bankruptcy Court's calendar. Notwithstanding any other provision in this Protective Order, the Examiner shall not be prohibited or otherwise constrained from using or disclosing in a public report of his investigation any Discovery Material other than Discovery Material designated as Highly Confidential; <u>provided</u>, <u>however</u>, that prior to the publication or filing of any report, the Examiner shall give notice to the Disclosing Party of his intent to disclose in the Examiner's report information that is designated Professionals' Eyes Only. The Disclosing Party shall have five business days after receipt of notice by the Examiner to file a motion for a protective order concerning disclosure of materials designated Professionals' Eyes Only and shall bear the burden of establishing that such material should not be disclosed in a

public report.  If such a motion for a protective order is timely filed the Discovery Material in question shall not be publicly disclosed pending resolution of the issue.

        12.    Notwithstanding anything to the contrary herein, if a Receiving Party or any of the Receiving Party's Representatives is requested pursuant to, or becomes legally compelled by, applicable law, rule, regulation, regulatory authority, or legal process to make any disclosure that is otherwise prohibited or constrained by this Protective Order, the Receiving Party or such Representative, as the case may be, shall provide written notice of such legal proceedings or compelled disclosure (unless such notice is prohibited by applicable law) to the Disclosing Party and the Disclosing Party's counsel pursuant to the notice provisions set forth herein promptly upon receiving such notice and, unless such required disclosure by its terms compels the Receiving Party to disclose such Confidential Information in a shorter period, at least three business days prior to compliance by the Receiving Party with the request for disclosure of Confidential Information, so that the Disclosing Party may seek an appropriate protective order or other appropriate relief, or, in the Disclosing Party's sole discretion, waive compliance with the terms of this Protective Order.  In the absence of a protective order or the Receiving Party's receiving such a waiver from disclosure, the Receiving Party or its Representative shall be permitted (with the Disclosing Party's cooperation) to disclose only that portion of the Confidential Information that the Receiving Party or the Representative is advised by the Receiving Party's counsel is legally required to be disclosed and shall inform (in writing) any person to whom any Confidential Information is so disclosed of the confidential nature of such Confidential Information.

        13.    Each Receiving Party acknowledges that none of the Disclosing Parties makes any express or implied representation or warranty as to the accuracy or completeness of

the Confidential Information, and each Receiving Party agrees that no Disclosing Party shall have any liability arising from disclosure of the Confidential Information or for any errors therein or omissions therefrom.

14. Nothing in this Protective Order shall prevent or limit any right of any Receiving Party from seeking any information through subpoena, formal discovery or other process, or prevent or limit any right of a Disclosing Party to object on any basis to any such subpoena, formal discovery or other process.

15. This Protective Order shall be retroactively effective as of July 3, 2012. Upon the date that is the earliest of one year following (a) the effective date of a chapter 11 plan, (b) the dismissal of the Chapter 11 Cases, or (c) the conversion of the Chapter 11 Cases to cases under chapter 7, and upon the written request of the Disclosing Party or any of its Representatives, each Receiving Party shall either (at the Receiving Party's election) (i) promptly destroy all copies of the Confidential Information in its possession, or (ii) promptly deliver to the Disclosing Party all copies of the Confidential Information in its possession; provided, however, that the Receiving Parties may retain all analyses, compilations, forecasts, studies or other documents prepared by the Receiving Parties, including those reflecting Confidential Information, and such other information that such Receiving Party is required to retain by law or reasonable and customary internal document retention policies (including any internal document retention policies in effect as of the date of this Protective Order) (collectively the "Retained Information"); provided, further, however, that the Receiving Party shall not be required to return or destroy any Confidential Information if the Disclosing Party agrees in writing that the Receiving Party may retain such Confidential Information or the Receiving Party obtains an order of the Bankruptcy Court authorizing it to retain such Confidential Information;

provided, further, however, that backup copies of electronic communications containing Confidential Information which are automatically generated through Receiving Party's data backup and/or archiving systems and which are not readily accessible by Receiving Party's business personnel (the "electronic copies") shall not be deemed to violate this Protective Order, so long as such electronic copies are not disclosed or used in violation of the terms of this Protective Order.  If requested by a Disclosing Party, a Receiving Party shall provide a certification as to the destruction of any materials in accordance with the foregoing.  Any Receiving Party that retains any Retained Information or other Confidential Information pursuant to this paragraph will continue to be subject to the terms of this Protective Order, including, without limitation, restrictions on use of Discovery Materials, in respect of all such information.

        16.    After the date that is ninety days from the date of the issuance of the Examiner's report of his investigation, the Examiner may deactivate and terminate the Document Depository, and the Examiner and his Advisors shall have no duty to maintain or retain or make available to any other person any Discovery Material.

        17.    Each Receiving Party acknowledges that remedies at law would be inadequate to protect the Disclosing Party against any breach of this Protective Order and, without prejudice to any other rights and remedies otherwise available to the Disclosing Party, each of the Receiving Parties agrees that the Disclosing Party may seek injunctive relief restricting the further release of Confidential Information, or the specific performance of the terms of this Protective Order restricting the further release of Confidential Information, for any breach of this Protective Order by one or more of the Receiving Parties without proof of actual damages and without the requirement of obtaining any bond or giving any security in connection with the granting of any such relief.  In the absence of willful misconduct or bad faith, injunctive

relief and specific performance of the terms of this Protective Order, as provided for in this paragraph, will be the exclusive remedies available to Disclosing Parties for any alleged breach of this Protective Order by the Examiner and his Advisors.

18. The Receiving Parties and the Disclosing Parties hereby (a) submit to the jurisdiction of the Bankruptcy Court with respect to all disputes, actions, suits and proceedings arising out of or relating to this Protective Order, (b) agree that all claims with respect to any such dispute, action, suit or proceeding may be heard and determined in such court, (c) waive the defense of an inconvenient forum, (d) agree that service of any process, summons, notice or document by United States registered mail or as otherwise provided in this Protective Order shall be effective service of process for any action, suit or proceeding brought in any such court by either Party with respect to any such dispute, action, suit or proceeding, (e) agree that a final judgment in any such action, suit or proceeding shall be conclusive and may be enforced in other jurisdictions by suit on the judgment or in any other manner provided by law and (f) waive a right to trial by jury of any dispute, action, suit or proceeding related to this Protective Order.

19. In addition to the conditions on use of Discovery Material designated Confidential, Professionals' Eyes Only and Highly Confidential set forth in this Protective Order, which apply with equal force to Non-Party Borrower Information ("NPBI"), NPBI may not be used by the Receiving Party or its experts, consultants, professional vendors, counsel or other secondary recipients or affiliates for the purpose of contacting borrowers or their employers or accountants, whether through formal process or otherwise, or for the purpose of re-verifying borrower credit information, including, but not limited to, obtaining credit reports and/or verifying employment, income, place of residence, citizenship, debts or assets, except pursuant

to an order from this court or a competent authority authorizing the specific request to seek such information.

20. Each party agrees that no failure or delay by the other party in exercising any right, power or privilege hereunder will operate as a waiver thereof, nor will any single or partial exercise thereof preclude any other or further exercise thereof or the exercise of any right, power or privilege hereunder.

21. This Protective Order will be governed by and construed in accordance with the laws of the State of New York applicable to contracts between residents of that State and executed in and to be performed in that State.

22. This Protective Order supersedes any confidentiality agreements entered into by the Examiner with any parties in interest, and except as provided herein, no modifications of this Protective Order or waiver of the terms and conditions hereof will be binding upon the parties, except by order of the Bankruptcy Court. The Examiner and all parties and persons subject to the Protective Order retain the right to seek relief from the Bankruptcy Court with respect to the terms and conditions of this Protective Order.

23. All notices and other communications to the parties required or permitted under this Protective Order shall be in writing and shall become effective when delivered by electronic mail, overnight courier service, registered or certified mail (postage prepaid) or hand delivery, addressed as follows:

>If to the Examiner:
>
>Arthur J. Gonzalez, Esq.
>New York University School of Law
>40 Washington Square South, Room 314A
>New York, NY  10012-1099
>arthur.gonzalez@nyu.edu
>
>With a copy to:
>
>Chadbourne & Parke LLP
>30 Rockefeller Plaza
>New York, NY  10112
>Attn:  Howard Seife, Esq.
>hseife@chadbourne.com

For purposes of notices and communications to the Disclosing Parties or Receiving Parties required or permitted under this Protective Order, the Examiner shall file with the Bankruptcy Court a list setting forth the names, addresses, and contact information of each Disclosing Party and each Receiving Party.

24.  This Protective Order shall be binding upon and inure to the benefit of all parties hereto and their respective successors and permitted assigns.

25.  If any Disclosing Party produces to the Examiner any Highly Confidential Discovery Material that contains attorney work product or privileged information, it is understood that those items were produced by the Disclosing Party pursuant to the Court's Orders, including the Examiner Order and the Court's Order (I) Granting Examiner Authority to Issue Subpoenas for the Production of Documents and Authorizing the Examination of Persons and Entities, (II) Establishing Procedures for Responding to those Subpoenas, (III) Approving Establishment of a Document Depository and Procedures to Govern Use, and (W) Approving Protective Order, dated _____, and such production to the Examiner is not intended to be and shall not be construed in any way as a waiver by the Disclosing Party of any attorney-client, work product, or other applicable privilege or immunity in this or any other action or proceeding.

26. Subject to the Examiner's right to challenge any assertion of privilege or prohibition from disclosure, nothing in this Protective Order shall require disclosure of information by a Disclosing Party that the Disclosing Party's Advisors contends is protected or prohibited from disclosure by the attorney-client privilege, the work-product immunity, or any other legally cognizable privilege or other protection, including without limitation any applicable data privacy laws. If information protected or prohibited from disclosure is inadvertently or mistakenly produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information or any other information that may be protected from disclosure by the attorney-client privilege, the work-product immunity, or any other legally cognizable privilege or other protection. If a Disclosing Party inadvertently or mistakenly produces information that is protected or prohibited from disclosure, upon written request by the Disclosing Party after the discovery of such inadvertent or mistaken production, the Receiving Party shall use all commercially reasonable efforts to return or destroy the information for which a claim of inadvertent production is made and all copies of it, including any work product containing, identifying, or referencing such information, within five business days of such request, and the Receiving Party shall not use such information for any purpose other than in connection with a motion to compel production of the information. If the Receiving Party returns such information, it may then move the Court for an order compelling production of the information, but that motion shall not assert as a ground for entering such an order the fact or circumstance of the inadvertent production of the information.

# SCHEDULE 1

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was approved by the United States Bankruptcy Court for the Southern District of New York on August __, 2012 in the case of In re Residential Capital, LLC, et al., No. 12-12020 (MG). I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.

I further agree to submit to the jurisdiction of the United States Bankruptcy Court for the Southern District of New York for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of the Chapter 11 Cases.

Date: _____

City and State where signed: _____

Printed name: _____
        [printed name]

Signature: _____
        [signature]