**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, *et al.*<br><br>Debtors. | Case No. 12-12020 (MG)<br><br>Jointly Administered |

**ORDER DENYING MOTION BY WENDY ALISON NORA FOR RECONSIDERATION**
**OF FINAL SUPPLEMENTAL ORDER**

Pending before the Court is Wendy Alison Nora's *Motion for Reconsideration of Final Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a) and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action, (III) Granting Limited Stay Relief to Permit Foreclosures and Eviction Proceedings and Directing the Debtors to Pay Securitization Trustee Fees and Expense and Authorizing the Continuation of the Operations of Debtors' Racketeering Enterprise* (the "Reconsideration Motion"). (ECF Doc. # 916.) In support of the Reconsideration Motion, Ms. Nora filed the affirmation of Robert N. Michaelson (the "Michaelson Declaration"). (ECF Doc. # 956.) The debtors in the above-referenced cases (the "Debtors") objected to the Reconsideration Motion. (ECF Doc. # 1020.)

The Reconsideration Motion is governed by Local bankruptcy Rule 9023-1, Motions for Reargument. As such, "[n]o oral argument shall be heard unless the Court grants the motion and specifically orders that the matter be re-argued orally." The motion was listed on the Court calendar for August 14, 2012. The Court announced during the hearing that the matter would be taken under submission without oral argument. Based on all of the papers submitted in support

of and opposition to the Reconsideration Motion, the motion is **DENIED** for the reasons explained below**.**

The Reconsideration Motion does not provide any new arguments or facts that would require the Court to change its previous ruling on Ms. Nora's Objection to the Supplemental Servicing Order.  On May 31, 2012, the Debtors filed the Supplemental Servicing Motion. Following a hearing held on June 12, 2012, the Court entered an order on June 15, 2012 approving the Supplemental Servicing Motion on an interim basis.  On June 29, 2012, Ms. Nora filed an amended objection to the Supplemental Servicing Motion (the "Amended Nora Objection") and on July 6, 2012, the Debtors responded to the Amended Nora Objection (the "Debtors' Response").  On July 8, 2012, Ms. Nora filed a reply to the Debtors' Response (the "Nora Reply").  During a hearing held on July 10, 2012, the Court overruled the Amended Nora Objection on the record, and, on July 13, 2012, the Court entered an order approving the Supplemental Servicing Motion on a final basis (the "Supplemental Servicing Order").  On July 26, 2012, Ms. Nora filed the Reconsideration Motion requesting that the Court reconsider the Supplemental Servicing Order.

Ms. Nora asserts that she did not appear during the July 10, 2012 hearing due to miscommunication with the Debtors' counsel as to the time the Court would consider her objection.  The Nora objection was overruled by the Court on July 10, 2012 on the merits (or, rather, the lack thereof) and not because Ms. Nora or her local counsel failed to appear at the hearing.

Rule 9023 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") incorporates Rule 59 of the Federal Rules of Civil Procedure ("FRCP"), which regulates motions for amendment of a judgment.  Under Bankruptcy Rule 9023, "reconsideration is proper 'to

correct a clear error of law or prevent manifest injustice.'" *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004) (internal citations omitted). "Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003) (internal quotations and citation omitted). A motion for reconsideration may not be used "to enable a party to complete presenting his case after the court has ruled against him." *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995).

Bankruptcy Rule 9024 incorporates FRCP 60, which sets forth the grounds on which a court may grant relief to a party from a final order. Bankruptcy Rule 9024 provides that relief from an order can be granted for a clerical mistake or for "mistake, inadvertence, surprise, excusable neglect," newly-discovered evidence, fraud, misrepresentation, misconduct, where the order is void or has been satisfied, released, or discharged or "is no longer equitable, or for any other reason that justifies relief" from the order. FRCP 60(a), (b). The moving party bears a heavy burden because FRCP 60 provides extraordinary relief and is, therefore, generally viewed with disfavor. *Bowman v. Jack Bond* (*In re Bowman*), 253 B.R. 233, 240 (B.A.P. 8th Cir. 2000).

The Reconsideration Motion does not cite any authority for the relief requested and does not satisfy the standards under either Bankruptcy Rule 9023 or 9024. Moreover, the motion does not provide new evidence and there has not been a change in the law. Ms. Nora claims she was unable to participate in the hearing at the time the Court considered approval of the Supplemental Servicing Motion on a final basis due to a scheduling conflict. But the Court fully considered both the Nora Objection and Amended Nora Objection and overruled them on the merits because they were frivolous.

While the Reconsideration Motion does not explicitly rely on Bankruptcy Rule 9024, some of the statements made by Ms. Nora may be seeking relief under that rule. In any event, Ms. Nora fails to satisfy the requisite burden of proof required for relief pursuant to Bankruptcy Rule 9024 because she did not provide proof of any mistake, inadvertence, surprise, excusable neglect, newly-discovered evidence, fraud, misrepresentation, or misconduct. Contrary to Ms. Nora's statements, she was given the opportunity to be heard and, through her papers, her objections were considered by the Court.

The Reconsideration Motion does not present any new facts or arguments that suggest the Court would have reached a different decision if Ms. Nora or her local counsel had appeared telephonically or in person on July 10, 2012. As such, Ms. Nora has not established the existence of cause justifying relief pursuant to Bankruptcy Rules 9023 and 9024.

For the reasons explained above, the Reconsideration Motion is **DENIED.**

**IT IS SO ORDERED.**

Dated:   August 15, 2012
         New York, New York

_____*Martin Glenn*_____
MARTIN GLENN
United States Bankruptcy Judge