**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) ) | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) ) | Chapter 11 |
| Debtors. | ) ) ) | Jointly Administered |

**ORDER (I) APPROVING THE DEBTORS' KEY EMPLOYEE RETENTION PLAN FOR CERTAIN NON-INSIDERS AND (II) PAYMENT OF ANY OBLIGATIONS ARISING THEREUNDER AS ADMINISTRATIVE EXPENSES**

Upon consideration of the Debtors' motion (the "**Motion**")[1] and reply in support thereof (the "**Reply**") for entry of an order approving the implementation of a key employee retention plan for certain non-insiders (the "**KERP**"), a key employee incentive plan for certain insiders (the "**KEIP**") and the treatment of the payment of any obligations arising thereunder as administrative expenses; and jurisdiction existing for the Court to consider the Motion; and after due deliberation thereon; and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that notice of the Motion was adequate and proper under the circumstances of these cases and that no further or other notice need be given; and the Court having found that good and sufficient cause exists for granting the Motion, in part; and upon consideration of the Janiczek Declaration, the Janiczek Supplemental Declaration, the Greenspan Declaration, the Greenspan Supplemental Declaration, the Dempsey Declaration, the Dempsey Supplemental Declaration and the Mack Declaration [Docket Nos. 812, 1005, 1006], as well as

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion and the Reply.

the objection of the U.S. Trustee to the Motion [Docket No. 987] and the Statement of Ally Financial Inc. Regarding the Motion [Docket No. 970]; and upon the files and records in these cases; and upon the arguments and statements in support of the Motion presented at the hearing before the Court; and notwithstanding anything to contrary, nothing in this order shall be construed as an authorization for any payment that is prohibited by 12 U.S.C. § 5221 or any other TARP related statute or regulation; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties-in-interest; it is hereby:

**ORDERED** that the Motion is granted to the extent provided herein; and it is further

**ORDERED** that pursuant to Bankruptcy Code sections 363(b)(1) and 503(c)(3), the KERP is approved in its entirety and the Debtors are authorized to implement the KERP upon the terms described in the Motion and in this Order and to make payments contemplated thereunder; and it is further

**ORDERED** that the authorization granted hereunder to make payments to the Key Employees under the KERP shall not create any obligation on the part of the Debtors or their officers, directors, attorneys or agents to make payments under the KERP unless the Key Employees meet the necessary milestones as described in the Motion; and it is further

**ORDERED** that the Debtors are authorized to change the KERP to adjust individual budgeted awards and to add/remove employees due to attrition or otherwise; provided, however, that before such changes are implemented, the Debtors shall provide five (5) business days' notice to the U.S. Trustee and the Creditors' Committee of the change to the budgeted award or the identity of any employees added to or removed from the KERP, and the U.S. Trustee and Creditors' Committee shall have the right to consent to the change so long as such consent is not unreasonably withheld; and is further

**ORDERED** that any employee award letters or similar documentation issued by the Debtors implementing the KERP shall include a clawback provision that complies with TARP, Federal Reserve Board, and other statutory or regulatory requirements; and it is further

**ORDERED** that the Debtors shall not make or accrue any payments under the KERP to employees that qualify as employees whose total compensation ranks them among the top 25 highest paid employees at Ally Financial Inc. ("**AFI**") and its subsidiaries, including the Debtors; and is further

**ORDERED** that the KERP shall comply will all the restrictions of TARP, and the Debtors are directed to make such revisions as necessary to comply with TARP, including any future determination letter issued by the United States Department of the Treasury's Office of the Special Master (the "**OSM**"); and is further

**ORDERED** that the Debtors shall defer 50% of all KERP cash payments to a single Debtor employee that is within the Next 75 who has total cash compensation deemed earned for 2012 of greater than $500,000 for at least one year unless otherwise permitted by the OSM; and is further

**ORDERED** that any deferred stock unit ("**DSU**" or "**Salary Stock**") issued under the KERP shall be in the form that complies with all applicable TARP requirements; and it is further

**ORDERED** that to the extent a KERP payment is awarded in the form of DSUs, the Debtors will be solely responsible for the monetization of such DSUs. For the purposes of clarity, AFI shall not be responsible for making any payments issued on account of KERP awards; and it is further

**ORDERED** that to the extent any portion of a KERP payment is awarded to an employee in the form of AFI-linked equity units, the Debtors shall first obtain the consent of the Creditors'

Committee, which consent shall not be unreasonably withheld, before such equity units are issued to the employee; and it is further

**ORDERED** that the chief executive officer, chief financial officer, and the compensation committee of ResCap shall certify that the KERP comply with TARP; and it is further

**ORDERED** that the Debtors shall provide AFI advance copies of the full KERP plan documents, any employee award letters or similar documentation, and/or any full compensation plans drafted by the Debtors for such individuals prior to the implementation of such documents for the limited purpose of AFI's review for TARP compliance; and it is further

**ORDERED** that the KERP shall comply with all Federal Reserve Board requirements and all federal and state laws governing compensation, and the Debtors are directed to make revisions as necessary to comply with any future changes to such laws; and is further

**ORDERED** that notwithstanding anything herein, this Order shall not waive or foreclose and is without prejudice to any and all claims or causes of action against AFI or non-debtor affiliates of AFI that may be made by the Debtors or any party-in-interest (including the Committee) as a result of, or in relation to, transactions, programs or agreements between the Debtors, AFI, and/or affiliates of AFI, including, without limitation, in connection with employee compensation; and it is further

**ORDERED** that notwithstanding anything contained herein, all parties in interest reserve all their rights to the extent the Debtors seek to make any payments under the AFI LTECIP and ResCap AIP; and it is further

**ORDERED** that the Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion; and it is further

4

**ORDERED** that the terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order; and it is further

**ORDERED** that notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, Residential Capital LLC, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012, by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates; and it is further

**ORDERED** that this Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Order.

Dated: August 15, 2012
      New York, New York                              _/s/Martin Glenn_
                                                        MARTIN GLENN
                                          United States Bankruptcy Judge