**CHADBOURNE & PARKE LLP**
Howard Seife
David M. LeMay
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 408-5100
Facsimile: (212) 541-5369

*Counsel to the Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,[1] | : | Case No. 12-12020 (MG) |
| Debtors. | : | Jointly Administered |

**EXAMINER'S REPLY TO THE LIMITED OBJECTIONS OF CERBERUS CAPITAL MANAGEMENT, L.P. AND ALLY FINANCIAL INC. TO MOTION OF THE EXAMINER FOR ENTRY OF AN ORDER (I) GRANTING AUTHORITY TO ISSUE SUBPOENAS FOR THE PRODUCTION OF DOCUMENTS AND AUTHORIZING EXAMINATION OF PERSONS AND ENTITIES, (II) ESTABLISHING PROCEDURES FOR RESPONDING TO THOSE SUBPOENAS, (III) APPROVING ESTABLISHMENT OF DOCUMENT DEPOSITORY AND PROCEDURES TO GOVERN USE, AND (IV) APPROVING PROTECTIVE ORDER**

Arthur J. Gonzalez, the Court-appointed Examiner (the "<u>Examiner</u>") for Residential Capital, LLC and its affiliated debtors (collectively, the "<u>Debtors</u>") in the above-captioned cases (the "<u>Chapter 11 Cases</u>"), hereby submits this reply (the "<u>Reply</u>") to the limited objections (the "<u>Limited Objections</u>") [Doc. Nos. 1158, 1160] of Cerberus Capital Management,

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings, filed with the Court on May 14, 2012. Additional subsidiaries and affiliates of the Debtors may file Chapter 11 petitions on a rolling basis. As used herein, the term "Debtors" includes any such entities.

L.P. ("Cerberus") and Ally Financial Inc. ("Ally") to the Motion of the Examiner for Entry of An Order (I) Granting Authority to Issue Subpoenas For The Production Of Documents And Authorizing The Examination Of Persons And Entities, (II) Establishing Procedures For Responding To Those Subpoenas, (III) Approving Establishment Of Document Depository And Procedures To Govern Use, And (IV) Approving Protective Order [Doc. No. 1093] (the "Motion"), and respectfully represents as follows:

## REPLY

1.  The Motion seeks relief which the Examiner believes is necessary to conduct an orderly and efficient investigation. The requested relief seeks to accomplish that while at the same time (i) providing suitable protection for producing parties, (ii) allowing the Examiner to file a public report without the need for filing under seal or dealing with time consuming disputes over disclosure of information and (iii) making the fruits of the Examiner's discovery available to other parties so as to avoid duplication of effort. The Examiner seeks to establish a document depository and a related confidentiality protocol which are consistent with these goals. In order to achieve this, Examiner's counsel reached out to parties in interest, including the Debtors, the Committee, Cerberus, Ally, the Ad Hoc Group of Unsecured Bondholders and the United States Trustee, and sought their input on the proposed draft orders. As a result, the Motion, the Proposed Order[2] and the Protective Order represent the product of extensive negotiations undertaken over the course of weeks with parties who have distinctly divergent interests. The end product is fully supported by the Debtors and the Committee.

2.  Unfortunately, while the Examiner attempted to accommodate all comments, he was unable to do so, as many conflicted with those of other parties and others

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

2

were inconsistent with the Examiner's goals.  Accordingly, Cerberus and Ally, two parties who participated in the negotiations, have filed limited objections.

3. The Examiner believes that the significant changes Cerberus proposes would undermine the basic purposes of the Motion, the Proposed Order and the Protective Order. Its comments, if accepted, would have the effect of, among other things, (i) limiting access of parties to information, (ii) limiting the scope of information that may be disclosed to other parties and in the Examiner's report (by greatly expanding the scope of information that may be designated "Highly Confidential") and (iii) limiting the ability of parties in interest to use information developed by the Examiner.  The Examiner accordingly rejected these proposed changes, and asks the Court to overrule Cerberus's limited objection.  These changes are not necessary to protect producing parties and, by limiting the parties' access to and use of information produced to the Examiner, threaten duplication of effort later in these Chapter 11 Cases.  Parties will be forced to essentially "re-discover" information that has already been produced and made available, wasting both time and estate resources.

4. The Examiner takes no position on the merits of Ally's request to extend the Protective Order to all discovery conducted by all parties in these Chapter 11 Cases.  That request is beyond the scope of the relief requested by the Motion.  Addressing this issue now will unduly delay approval of the Motion, and by extension, the Investigation.  Ally is, of course, free to move for the entry of a universal protective order at a future date.

3

## **CONCLUSION**

WHEREFORE, the Examiner respectfully requests that this Court overrule the Limited Objections and enter an order, substantially in the form attached to the Motion as Exhibit A.

Dated: August 15, 2012
      New York, New York

                                       **CHADBOURNE & PARKE LLP**

                                       By: */s/ Howard Seife*
                                       Howard Seife
                                       David M. LeMay
                                       30 Rockefeller Plaza
                                       New York, New York 10112
                                       Telephone:  (212) 408-5100
                                       Facsimile:  (212) 541-5369

                                       *Counsel to the Examiner*