MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Todd M. Goren

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---

| | ) | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et</u> <u>al</u>., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**STATEMENT OF DEBTORS WITH RESPECT TO THE MOTION OF THE
EXAMINER FOR ENTRY OF AN ORDER (I) GRANTING AUTHORITY TO ISSUE
SUBPOENAS FOR THE PRODUCTION OF DOCUMENTS AND AUTHORIZING THE
EXAMINATION OF PERSONS AND ENTITIES, (II) ESTABLISHING PROCEDURES
FOR RESPONDING TO THOSE SUBPOENAS, (III) APPROVING ESTABLISHMENT
OF DOCUMENT DEPOSITORY AND PROCEDURES TO GOVERN USE, AND
<u>(IV) APPROVING PROTECTIVE ORDER</u>**

Residential Capital, LLC and its affiliated debtors and debtors in possession in the above-captioned Chapter 11 cases (collectively, the "<u>Debtors</u>") hereby submit this statement in connection with the *Motion Of The Examiner For Entry Of An Order (I) Granting Authority To Issue Subpoenas For The Production Of Documents And Authorizing The Examination Of Persons And Entities, (II) Establishing Procedures For Responding To Those Subpoenas, (II) Approving Establishment Of Document Depository And Procedures To Govern Use, And (IV) Approving Protective Order*, dated August 10, 2012 [Docket No. 1093] (the "<u>Discovery Protocol Motion</u>").  In support of hereof, the Debtors respectfully represent:

i

ny-1054535

## BACKGROUND

### A. General Chapter 11 Case Background

1. On the Petition Date, each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. These cases are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"). No trustee has been appointed in these Chapter 11 cases. On July 3, 2012, the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the Honorable Arthur T. Gonzalez, former Chief Judge of the United States Bankruptcy Court for the Southern District of New York as examiner (the "Examiner").

2. On May 16, 2012, the U.S. Trustee appointed a nine member official committee of unsecured creditors (the "Creditors' Committee").

### B. Examiner Protocol Motion

3. Pursuant to the Discovery Protocol Motion, the Examiner[1] seeks entry of an order granting him authority to issue subpoenas for the production of documents and authorizing the examination of persons and entities pursuant to Rule 2004, establishing procedures and protocols that will govern the parties' responses to the Examiner's discovery requests, including the establishment of a single central document depository (the "Document Depository") into which virtually all discovery material produced to the Examiner will be placed and including procedures to determine other parties to whom such information will be readily

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

ny-1054535

available (the "Discovery Protocol"), as well as a proposed Uniform Protective Order for Examiner Discovery [Docket No. 1093].

        4.       On August 14, 2010, Cerberus filed a limited objection to the Discovery Protocol Motion [Docket No. 1158] (the "Limited Objection"), pursuant to which, among other things, Cerberus objects to granting access to the Depository to all parties currently listed on the Special Service List. Cerberus proposes to limit access to the document depository to the Examiner, the Committee, the Debtors, the U.S. Trustee for the Southern District of New York, and Ally Financial Inc.[2] (See Limited Obj. ¶ 13.)

### DEBTORS' STATEMENT

        5.       The Debtors agree with the Examiner that the establishment of a single Document Depository and a single Discovery Protocol is necessary for the Examiner to conduct his Investigation in the Chapter 11 Cases. Since the Petition Date, the Debtors have received various requests (in addition to the Committee's requests in connection with its investigation pursuant to Bankruptcy Rule 2004) to produce documents that would otherwise be produced to the Examiner in connection with his Investigation. As a consequence, the Debtors support the Examiner's request to establish the Document Depository and the Discovery Protocol to streamline discovery and to provide a cost- and time-efficient mechanism to facilitate sharing of evidence relevant to the Investigation with parties in interest in the Chapter 11 Cases.

        6.       As to which parties are ultimately granted access to the Document Depository, given the Limited Objection, and in light of prior requests from parties not included in Cerberus's proposed parties who may gain access to the Document Depository, the Debtors request that the order approving the Discovery Protocol Motion clarifies that the Debtors only

---

[2] On August 15, 2012, Ally Financial Inc. also filed a limited objection to the Examiner's Proposed Protective Order on separate grounds [Docket No. 1160]

have to produce documents in connection with the Investigation to the Examiner. In the event the Court decides to restrict access to the Document Depository, whether as outlined in the Limited Objection or otherwise, those parties who do not have access to the Document Depository should be precluded from seeking discovery directly from the Debtors that would be duplicative of the discovery the Debtors are producing to the Examiner, absent a specific case or controversy that is pending to which such documents are relevant. Permitting parties other than the Examiner to seek discovery from the Debtors would controvert the rationale behind the establishment of the Document Depository and the Discovery Protocol—to streamline discovery—and may delay the Debtors production to the Examiner, which would potentially undermine the timely and efficient conduct of the Examiner's Investigation.

Dated: August 15, 2012
New York, New York

/s/ Gary S. Lee
Gary S. Lee
Todd M. Goren
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel to the Debtors and
Debtors in Possession*

ny-1054535