| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | NOT FOR PUBLICATION |
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, *et al.*<br><br>Debtors. | Case No. 12-12020 (MG)<br><br>Jointly Administered |

## MEMORANDUM OPINION AND ORDER DENYING THE JACKSON MOTION TO LIFT THE AUTOMATIC STAY

*A P P E A R A N C E S:*

CORLA JACKSON
*Pro Se*
13230 Tom Gaston Road
Mobile, Alabama 36695
By:    Corla Jackson

MORRISON & FOERSTER LLP
*Counsel for the Debtors*
1290 Avenue of the Americas
New York, New York 10104
By:    Norman S. Rosenbaum, Esq.

**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

On June 8, 2012, Corla Jackson ("Jackson") filed her *Motion for Relief of Stay*. (ECF Doc. # 264.) On July 19, 2012, Jackson filed an *Amended Motion to Lift the Automatic Stay* (the "Amended Motion," and together with the *Motion for Relief of Stay*, the "Motion"). (ECF Doc. # 856.) The Debtors opposed the Motion. (ECF Doc. # 682.) The Motion initially came on for hearing on July 10, 2012, but the Court, on consent of all the parties, adjourned the hearing to August 14, 2012. *See* Agenda for July 10, 2012 Hearing (ECF Doc. # 707). For the reasons explained below, the Court denies the Motion to lift the automatic stay.

## I.  BACKGROUND

Jackson commenced a lawsuit (the "Jackson Litigation") against GMAC Mortgage Corporation ("GMAC Mortgage") earlier this year in Alabama state court before GMAC Mortgage filed its chapter 11 petition in this Court.  After Jackson filed her complaint, the Debtors proceeded to foreclose on Jackson's home (the "Property").[1]  GMAC Mortgage removed the Jackson Litigation to the United States District Court for the Southern District of Alabama based on diversity jurisdiction.  The Debtors then filed a motion to dismiss Jackson's claims.  The motion to dismiss remains pending and no discovery schedule has been set.  Declaration of Jennifer Scoliard (the "Scoliard Declaration") ¶ 14 (ECF Doc. # 1022, Ex. 1).  The case has now been stayed as a result of GMAC Mortgage's bankruptcy filing.  Jackson's Motion seeks to modify the automatic stay to allow her to pursue the Jackson Litigation against GMAC Mortgage.

## II.  DISCUSSION

The Court concludes that Jackson has not established cause to lift the stay.  Jackson can, of course, file a proof of claim in the bankruptcy case.  Jackson's allegations about misconduct by GMAC Mortgage are serious, and the Court's decision that the stay remains in place reflects no judgment that her claims lack merit.  Like many others asserting claims against the Debtors, Jackson cannot jump to the head of the line to pursue her damages claims in another forum.[2]

---

[1]  At the August 14, 2012 hearing, Debtors' counsel stated that Alabama is a non-judicial foreclosure state, and that GMAC Mortgage has already completed foreclosure of the Property.  Debtors' counsel also stated that Jackson's right to redeem the property under state law after foreclosure has lapsed.  Whether these statements are accurate is not material to the Motion or to this decision.

[2]  Debtors' counsel acknowledged at the hearing that Jackson remains in possession of the Property, and that unless she voluntarily relinquishes possession, a judicial proceeding in Alabama will have to be brought to evict Jackson.  Debtors' counsel further acknowledged that Jackson can assert any *defenses* to eviction permitted by state law if and when anyone seeks to recover possession of the Property.

**A. Jackson Has Not Established Cause to Lift the Automatic Stay**

Section 362(a)(1) of the Bankruptcy Code provides that the filing of a bankruptcy petition:

> operates as a stay, applicable to all entities, of –
>
> (1) the commencement or continuation, including the issuance of employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C. § 362(a)(1).

Section 362(d)(1) of the Bankruptcy Code provides, in relevant part, that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . (1) for cause, including the lack of adequate protection of an interest in property of such party in interest . . . ." 11 U.S.C. § 362(d)(1). The Bankruptcy Code does not define "cause." In determining whether "cause" exists to lift the stay for prepetition litigation, courts consider the following factors (the "*Sonnax* Factors"):

(1) whether relief would result in a partial or complete resolution of the issues,
(2) the lack of any connection with or interference with the bankruptcy case,
(3) whether the other proceeding involves the debtor as a fiduciary,
(4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action,
(5) whether the debtor's insurer has assumed full responsibility for defending the action,
(6) whether the action primarily involves third parties,
(7) whether litigation in another forum would prejudice the interests of other creditors,
(8) whether the judgment claim arising from the other action is subject to equitable subordination,
(9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor,

3

(10) the interests of judicial economy and the expeditious and economical resolution of litigation,
(11) whether the parties are ready for trial in the other proceeding, and
(12) the impact of the stay on the parties and the balance of harms.

*Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1286 (2d Cir. 1990); *In re N.Y. Med. Grp., PC*, 265 B.R. 408, 413 (Bankr. S.D.N.Y. 2001). Not all of the *Sonnax* Factors are relevant in every case, and "cause" is a broad and flexible concept that must be determined on a case-by-case basis. *Spencer v. Bogdanovich (In re Bogdanovich)*, 292 F.3d 104, 110 (2d Cir. 2002) (citing *Mazzeo v. Lenhart (In re Mazzeo)*, 167 F.3d 139, 143 (2d Cir. 1999)).

The moving party bears the initial burden to demonstrate that "cause" exists to lift the stay. *See Sonnax*, 907 F.2d at 1285; *Capital Comm. Fed. Credit Union v. Boodrow (In re Boodrow)*, 126 F.3d 43, 48 (2d Cir. 1997) ("We have emphasized that a bankruptcy court should deny relief from the stay if the movant fails to make an initial showing of cause.") (internal quotation marks omitted). If the movant is an unsecured creditor, the policies of the automatic stay weigh against granting the relief requested. "[T]he general rule is that claims that are not viewed as secured in the context of § 362(d)(1) should not be granted relief from the stay unless extraordinary circumstances are established to justify such relief." *In re Leibowitz,* 147 B.R. 341, 345 (Bankr. S.D.N.Y. 1992); *see also Lawrence v. Motors Liquidation Co. (In re Motors Liquidation Co.)*, No. 10 Civ. 36 (RJH), 2010 WL 4966018, at *4 (S.D.N.Y. Nov. 17, 2010).

Under section 362(d)(1), Jackson bears the initial burden of showing "cause" to lift the stay. *In re Mazzeo*, 167 F.3d at 142. "If the movant fails to make an initial showing of cause, however, the court should deny relief without requiring any showing from the debtor that it is entitled to continued protection." *In re Sonnax*, 907 F.2d at 1285. Not all of the *Sonnax* Factors

4

apply in Jackson's case, but the relevant *Sonnax* Factors weigh strongly in favor of maintaining the automatic stay of the Jackson Litigation.

    1. *Relief Might Not Result in a Partial or Complete Resolution of the Issues and the Movant's Case Is Not Ready for Trial (Sonnax Factor Nos. 1 and 11)*

While relief may eventually result in partial or complete resolution of the issue at hand, the resolution may not be immediate. The Jackson Litigation is in its early stages. Discovery, trial preparation and, absent a settlement, trial all remain to be done. Therefore, the first and eleventh *Sonnax* Factors weigh against lifting the stay.

    2. *Lifting the Automatic Stay Will Interfere with the Debtors' Chapter 11 Cases (Sonnax Factor No. 2)*

Lifting the stay to allow Jackson to proceed with her damages claims in another forum could open the floodgates for other movants who also seek stay relief; many creditors assert similar claims in state and federal courts across the country. Such litigation in non-bankruptcy courts would hinder the Debtors' attempts to reorganize, forcing the Debtors to utilize time and resources that would otherwise be spent resolving these chapter 11 cases. Accordingly, the second *Sonnax* factor strongly weighs in favor of keeping the stay in place; lifting the stay will interfere with the Debtors' chapter 11 cases.

    3. *The Jackson Litigation Does Not Involve the Debtors as Fiduciaries (Sonnax Factor No. 3)*

Jackson does not assert that the Debtors are liable as fiduciaries. Even if she did, however, that alone would not be a basis for lifting the stay in this matter. "[G]enerally, proceedings in which the debtor is a fiduciary . . . need not be stayed because they bear no relationship to the purpose of the automatic stay, which is debtor protection from his creditors." *In re Curtis*, 40 B.R. 795, 799 (Bankr. D. Utah 1984) (internal citation omitted). The Motion did

not include any evidentiary showing that GMAC was acting as a fiduciary. Therefore, the third *Sonnax* Factor weighs against lifting the stay.

> 4. Foreclosure of Jackson's Property Has Already Been Completed but the State Court Will Be Best Situated to Address State Law Defenses to Any Efforts by GMAC Mortgage to Recover Possession of the Property (Sonnax Factor No. 4)

Jackson remains in possession of the Property. Unless she voluntarily relinquishes possession, the Debtors' counsel acknowledged that a judicial proceeding in Alabama will be required to recover possession. On July 13, 2012, the Court entered the *Final Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses* (the "Supplemental Servicing Order"). (ECF Doc. # 774.) Under the Supplemental Servicing Order, Jackson will be able to assert any available state law defenses (but not affirmative damages claims) in any action by GMAC Mortgage to recover possession. Jackson's damages claims will have to be pursued in this Court as part of the claims allowance process.

The fourth *Sonnax* Factor at this point is at best neutral; if and when GMAC Mortgage seeks to recover possession, a state court will be the more appropriate forum to consider state law defenses. *See Memorandum Opinion Granting in Part and Denying in Part the Taggart Motion to Lift the Automatic Stay, In re Residential Capital, LLC*, No. 12-12020 (MG) (Bankr. S.D.N.Y. August 14, 2012), slip op. at 13 (ECF Doc. # 1148) ("While this Court may interpret and apply state law in resolving claims through the bankruptcy process, *see, e.g.*, *In re Bally*

6

*Total Fitness of Greater N.Y., Inc.*, 402 B.R. 616, 624 (Bankr. S.D.N.Y. 2009) ('This Court has significant experience in applying state law . . . .'), a defendant in a state court action brought by the Debtors should be able to assert defenses to the relief sought by the Debtors. The state court is in the best position to determine whether a counterclaim is properly asserted as a defense to the foreclosure claim under applicable state law.")

  5. *No Insurer Has Assumed Responsibility for the Action (Sonnax Factor No. 5)*

No insurer has assumed responsibility for the action here, and the Debtors would therefore need to pay all expenses in litigating the action with out-of-pocket funds from the bankruptcy estate. *See* Scoliard Declaration ¶ 12. As a result, the fifth *Sonnax* Factor does not support relief from the stay.

  6. *The Jackson Litigation Does Not Primarily Involve Third Parties (Sonnax Factor No. 6)*

GMAC Mortgage, a Debtor in this Court, is the defendant in the Jackson Litigation, and no other third parties appear to be involved. The court should not grant relief from the stay under the sixth *Sonnax* Factor if the debtor is the main party to the litigation. *See City Ins. Co. v. Mego Int'l Inc.* (*In re Mego Int'l Inc.*), 28 B.R. 324, 326 (Bankr. S.D.N.Y. 1983) (denying motion to lift the automatic stay where the debtor was more than a mere conduit for the flow of proceeds and the action impacted the "property and administration of [the debtor's] estate, suggesting that continuance of the stay was proper"). Thus, the sixth *Sonnax* Factor does not support granting relief from the stay.

  7. *The Jackson Litigation Seeks to Recover Damages in Another Forum; Other Creditors Would be Prejudiced (Sonnax Factor No. 7)*

Requiring the Debtors to defend Jackson's damages claims in another forum would upend the "strong bankruptcy code policy that favors centralized and efficient administration of

7

all claims in the bankruptcy court . . . ." *Public Indus. Inc. v. United States (In re Cuyahoga Equip. Corp.)*, 980 F.2d 110, 117 (2d Cir. 1992). It would be unfair to other creditors who must bring their claims in this Court. Jackson should be treated as other similarly situated unsecured creditors; doing so also minimizes the risks of inconsistent results. The seventh *Sonnax* Factor thus weighs against relief from stay.

> 8. *The Interests of Judicial Economy and Economical Resolution of the Actions Are Best Served by Maintaining the Automatic Stay (Sonnax Factor No. 10)*

The Debtors' counsel acknowledged at the hearing that Jackson can assert state court defenses to any state court action to recover possession of the Property. In addition, Jackson's damages claims should be heard in this Court as part of the claims allowance process. Accordingly, the tenth *Sonnax* Factor supports maintaining the stay in the Jackson Litigation.

> 9. *The Balance of Harms Favors Maintaining the Automatic Stay (Sonnax Factor No. 12)*

For many of the reasons stated above, the twelfth *Sonnax* Factor, the balance of the harms, weighs in favor of continuing the stay of the Jackson Litigation.

## B. Policies Underlying the Automatic Stay Favor Giving the Debtors a Breathing Spell

The automatic stay affords "one of the fundamental debtor protections provided by the bankruptcy laws." *Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot.*, 474 U.S. 494, 503 (1986). It maintains the status quo and protects the debtor's ability to formulate a plan for the sale or other disposition of property of the estate. 3 COLLIER ON BANKRUPTCY ¶ 362.03 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2011). The automatic stay is intended to "allow the bankruptcy court to centralize all disputes concerning property of the debtor's estate so that reorganization can proceed efficiently, unimpeded by uncoordinated proceedings in other arenas." *SEC v. Brennan*, 230 F.3d 65, 71 (2d Cir. 2000) (internal quotation omitted). In this

regard, the automatic stay "promot[es] equal creditor treatment and giv[es] the debtor a breathing spell." *In re Pioneer Commercial Funding Corp.,* 114 B.R. 45, 48 (Bankr. S.D.N.Y. 1990). The automatic stay allows debtors to focus on their reorganization instead of litigation. *Id*. at 48.

Damages claims against the Debtors, as in the Jackson Litigation, are the usual grist for the bankruptcy claims allowance process; absent unusual circumstances the bankruptcy court remains the appropriate forum to resolve such claims. Permitting courts around the country to adjudicate claims risks diverting the attention of Debtors' personnel from pressing issues in the chapter 11 case and increases the risk of inconsistent decisions affecting similarly situated creditors.

### III.    CONCLUSION

For the foregoing reasons, Jackson's motion to lift the automatic stay is **DENIED**.

**IT IS SO ORDERED.**

Dated:    August 16, 2012
          New York, New York

*Martin Glenn*
MARTIN GLENN
United States Bankruptcy Judge