| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK | NOT FOR PUBLICATION |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, *et al.*,<br><br>Debtors. | Case No. 12-12020 (MG)<br><br>Jointly Administered |

**MEMORANDUM OPINION AND ORDER DENYING THE ULBRICH
MOTION TO LIFT THE AUTOMATIC STAY**

*A P P E A R A N C E S:*

NICHOLS KASTER, PLLP
*Counsel for Christina Ulbrich*
4600 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
By:     Kai H. Richter, Esq. (*pro hac vice*)

MORRISON & FOERSTER LLP
*Counsel for the Debtors*
1290 Avenue of the Americas
New York, New York 10104
By:     Norman S. Rosenbaum, Esq.

**MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE**

Christina Ulbrich ("Ulbrich") moves to lift the automatic stay (the "Ulbrich Motion") to pursue her claims and the claims of the putative classes in the case entitled *Ulbrich v. GMAC Mortgage, LLC et al.*, Civ. No. 11-cv-62424-RNS, currently pending in the United States District Court for the Southern District of Florida (the "Ulbrich Action"). (ECF Doc. # 667.) In support of her Motion, Ulbrich submits a memorandum of law (ECF Doc. # 668) and the declaration of Kai H. Richter (the "Richter Declaration") (ECF Doc. # 670). The Debtors oppose the Ulbrich Motion (the "Ulbrich Objection"). (ECF Doc. # 824.)

For the reasons explained below, the Court grants in part and denies in part Ulbrich's motion to lift the automatic stay.

## I. BACKGROUND

On November 14, 2011, Ulbrich filed a putative class action lawsuit against defendants GMAC Mortgage, LLC ("GMACM") and Balboa Insurance Services, Inc. ("Balboa") in the United States District Court for the Southern District of Florida. Ulbrich's claims are brought on behalf of herself and the members of several putative classes for (1) breach of contract/breach of the covenant of good faith and fair dealing, (2) unjust enrichment, (3) breach of fiduciary duty, and (4) violation of the Florida Deceptive and Unfair Trade Practices Act. The Ulbrich Action stems from allegations that GMACM wrongly charged Ulbrich and the putative class members for lender-placed hazard, flood and/or wind insurance provided by Balboa. Ulbrich and GMACM have entered into a Standstill Agreement providing that GMACM "will not treat Ulbrich's loan as being in default, and will not take any action to foreclose on [Ulbrich]'s property while the action is pending" (the "Standstill Agreement"). *See* Memorandum of Law in Support of Motion of Christina Ulbrich for Relief from Automatic Stay as to GMAC Mortgage, LLC at 8 (ECF Doc. # 668).

On January 13, 2012, GMACM filed a motion to compel arbitration and for a stay or, in the alternative, to dismiss the complaint and otherwise strike the jury demand. Balboa also filed a motion to dismiss.[1] On April 2, 2012, GMACM also filed a motion to stay discovery pending the district court's rulings on the motions to compel or to dismiss. All outstanding motions have

---

[1] Balboa's motion was denied on August 15, 2012.

2

been briefed.  GMACM's motion has not been decided and the action is currently stayed because of the bankruptcy filing.[2]

At the August 14, 2012 hearing on the Ulbrich Motion, counsel for Ulbrich and the Debtors agreed that the stay could be lifted to allow the motions currently pending before the court in the Ulbrich Action to be decided.

## II.    DISCUSSION

The Court concludes that the stay should be lifted to allow the court in the Ulbrich Action to issue a decision on the pending motion.  In all other respects, the stay should continue, because Ulbrich has not established cause to lift the stay.  Ulbrich's allegations about misconduct by GMACM are serious, and the Court's decision that the stay remains in place reflects no judgment that her claims lack merit.  Nonetheless, like many others asserting claims against the Debtors, Ulbrich cannot jump to the head of the line to continue to pursue her claims in another forum; she can pursue her claims through the claims allowance process.

**A.  Ulbrich Has Not Established Cause to Lift the Automatic Stay**

Section 362(a)(1) of the Bankruptcy Code provides that the filing of a bankruptcy petition:

> operates as a stay, applicable to all entities, of –
>
>> (1) the commencement or continuation, including the issuance of employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C. § 362(a)(1).

---

[2]    The district court has entered an order permitting the case to proceed against Balboa while it is stayed against GMACM.

Section 362(d)(1) of the Bankruptcy Code provides, in relevant part, that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . (1) for cause, including the lack of adequate protection of an interest in property of such party in interest . . . ." 11 U.S.C. § 362(d)(1).  The Bankruptcy Code does not define "cause."  In determining whether "cause" exists to lift the stay for prepetition litigation, courts consider the following factors (the "*Sonnax* Factors"):

(1) whether relief would result in a partial or complete resolution of the issues,
(2) the lack of any connection with or interference with the bankruptcy case,
(3) whether the other proceeding involves the debtor as a fiduciary,
(4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action,
(5) whether the debtor's insurer has assumed full responsibility for defending the action,
(6) whether the action primarily involves third parties,
(7) whether litigation in another forum would prejudice the interests of other creditors,
(8) whether the judgment claim arising from the other action is subject to equitable subordination,
(9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor,
(10) the interests of judicial economy and the expeditious and economical resolution of litigation,
(11) whether the parties are ready for trial in the other proceeding, and
(12) the impact of the stay on the parties and the balance of harms.

*Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1286 (2d Cir. 1990); *In re N.Y. Med. Grp., PC*, 265 B.R. 408, 413 (Bankr. S.D.N.Y. 2001).  Not all of the *Sonnax* Factors are relevant in every case, and "cause" is a broad and flexible concept that must be determined on a case-by-case basis.  *Spencer v. Bogdanovich (In re Bogdanovich)*, 292 F.3d 104, 110 (2d Cir. 2002) (citing *Mazzeo v. Lenhart (In re Mazzeo)*, 167 F.3d 139, 143 (2d Cir. 1999)).

The moving party bears the initial burden to demonstrate that "cause" exists to lift the stay. *See Sonnax*, 907 F.2d at 1285; *Capital Comm. Fed. Credit Union v. Boodrow* (*In re Boodrow*), 126 F.3d 43, 48 (2d Cir. 1997) ("We have emphasized that a bankruptcy court should deny relief from the stay if the movant fails to make an initial showing of cause.") (internal quotation marks omitted). If the movant is an unsecured creditor, the policies of the automatic stay weigh against granting the relief requested. "[T]he general rule is that claims that are not viewed as secured in the context of § 362(d)(1) should not be granted relief from the stay unless extraordinary circumstances are established to justify such relief." *In re Leibowitz,* 147 B.R. 341, 345 (Bankr. S.D.N.Y. 1992); *see also Lawrence v. Motors Liquidation Co. (In re Motors Liquidation Co.)*, No. 10 Civ. 36 (RJH), 2010 WL 4966018, at *4 (S.D.N.Y. Nov. 17, 2010).

Under section 362(d)(1), Ulbrich bears the initial burden of showing "cause" to lift the stay. *In re Mazzeo*, 167 F.3d at 142. "If the movant fails to make an initial showing of cause, however, the court should deny relief without requiring any showing from the debtor that it is entitled to continued protection." *In re Sonnax*, 907 F.2d at 1285. Not all of the *Sonnax* Factors apply in Ulbrich's case, but the relevant *Sonnax* Factors weigh strongly in favor of maintaining the automatic stay of the Ulbrich Action.

> 1. *Relief Might Not Result in a Partial or Complete Resolution of the Issues and the Movant Is Not Ready for Trial (Sonnax Factor Nos. 1 and 11)*

While relief may eventually result in partial or complete resolution of the issue at hand, the resolution may not be immediate. The court in the Ulbrich Action has yet to decide whether the case should go to arbitration or should be dismissed entirely. Discovery has been stayed

pending these motions; in addition, trial preparation and, absent a settlement, trial all remains to be done.[3] Therefore, the first and eleventh *Sonnax* Factors weigh against lifting the stay.

      2. *Lifting the Automatic Stay Will Interfere with the Debtors' Chapter 11 Cases (Sonnax Factor No. 2)*

Lifting the stay to allow Ulbrich to proceed with her damages claims in another forum could open the floodgates for other movants who also seek stay relief.  Such litigation in non-bankruptcy courts would hinder the Debtors' attempts to reorganize, forcing the Debtors to utilize time and resources that would otherwise be spent resolving these chapter 11 cases.  Accordingly, the second *Sonnax* Factor strongly weighs in favor of keeping the stay in place; lifting the stay will interfere with the Debtors' chapter 11 cases.

      3. *The Ulbrich Action Does Not Primarily Involve GMACM's Role as a Fiduciary (Sonnax Factor No. 3)*

Ulbrich does assert a breach of fiduciary duty claim against GMACM for allegedly taking funds out of Ulbrich's mortgage escrow account to pay for the lender-placed insurance on her property.  However, the crux of Ulbrich's claims against GMACM center on its purported wrongful conduct in charging for the insurance in the first place.  Thus, the third *Sonnax* Factor is at best neutral and cannot, on its own, fully mitigate in favor of lifting the stay.

      4. *No Insurer Has Assumed Responsibility for the Action (Sonnax Factor No. 5)*

No insurer has assumed responsibility for the action here, and the Debtors would therefore need to pay all expenses in litigating the action with out-of-pocket funds from the bankruptcy estate.  *See* Declaration of Jennifer Scoliard ¶ 12 (ECF Doc. # 1022, Exhibit 1.)  As a result, the fifth *Sonnax* Factor does not support relief from the stay.

---

[3] While a scheduling order including a March 25, 2013 trial date has been set, this alone does not demonstrate that the case is ready for trial, not least because discovery has been stayed pending resolution of the motions in the case.

6

> 5. *The Ulbrich Action Does Not Primarily Involve Third Parties (Sonnax Factor No. 6)*

The court should not grant relief from the stay under the sixth *Sonnax* Factor if the debtor is the main party to the litigation. *See City Ins. Co. v. Mego Int'l Inc.* (*In re Mego Int'l Inc.*), 28 B.R. 324, 326 (Bankr. S.D.N.Y. 1983) (denying motion to lift the automatic stay where the debtor was more than a mere conduit for the flow of proceeds and the action impacted the "property and administration of [the debtor's] estate, suggesting that continuance of the stay was proper"). While it is true that Balboa, a third party, is a defendant in the Ulbrich Action, all but one of the claims brought by Ulbrich are directed against GMACM. The sixth *Sonnax* Factor does not support granting relief from the stay.

> 6. *The Ulbrich Action Seeks to Recover Damages in Another Forum; Other Creditors Would be Prejudiced (Sonnax Factor No. 7)*

Requiring the Debtors to defend Ulbrich's damages claims in another forum would upend the "strong bankruptcy code policy that favors centralized and efficient administration of all claims in the bankruptcy court . . . ." *Pub. Indus. Inc. v. United States (In re Cuyahoga Equip. Corp.)*, 980 F.2d 110, 117 (2d Cir. 1992). It would be unfair to other creditors who must bring their claims in this Court. Ulbrich should be treated as other similarly situated unsecured creditors; doing so also minimizes the risks of inconsistent results. The seventh *Sonnax* Factor thus weighs against relief from stay.

> 7. *The Interests of Judicial Economy and Economical Resolution of the Actions Are Best Served by Maintaining the Automatic Stay (Sonnax Factor No. 10)*

To the extent any claims are unresolved by the court's decision in the Ulbrich Action to compel arbitration or dismiss the case, damages claims should be heard in this Court as part of the claims allowance process. Accordingly, the tenth *Sonnax* Factor supports maintaining the stay in the Ulbrich Action.

7

> 8. *The Balance of Harms Favors Maintaining the Automatic Stay (Sonnax Factor No. 12)*

Ulbrich concedes that under the Standstill Agreement, the Debtors will not treat her loan as being in default nor take any action to foreclose on the property during the pendency of the Ulbrich Action.[4]  On the other hand, the Debtors would be significantly burdened if the stay were to be lifted.  Thus, the twelfth *Sonnax* Factor, the balance of the harms, weighs in favor of continuing the stay of the Ulbrich Action.

## B. Policies Underlying the Automatic Stay Favor Giving the Debtors a Breathing Spell

The automatic stay affords "one of the fundamental debtor protections provided by the bankruptcy laws." *Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot.*, 474 U.S. 494, 503 (1986). It maintains the status quo and protects the debtor's ability to formulate a plan for the sale or other disposition of property of the estate.  3 COLLIER ON BANKRUPTCY ¶ 362.03 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2011).  The automatic stay is intended to "allow the bankruptcy court to centralize all disputes concerning property of the debtor's estate so that reorganization can proceed efficiently, unimpeded by uncoordinated proceedings in other arenas." *SEC v. Brennan*, 230 F.3d 65, 71 (2d Cir. 2000) (internal quotation omitted).  In this regard, the automatic stay "promot[es] equal creditor treatment and giv[es] the debtor a breathing spell." *In re Pioneer Commercial Funding Corp.,* 114 B.R. 45, 48 (Bankr. S.D.N.Y. 1990). The automatic stay allows debtors to focus on their reorganization instead of litigation.  *Id*. at 48.

Damages claims against the Debtors, as in the Ulbrich Litigation, are the usual grist for the bankruptcy claims allowance process; absent unusual circumstances the bankruptcy court remains the appropriate forum to resolve such claims.  Permitting courts around the country to

---

[4]  Debtors' counsel confirmed on the record during the August 15, 2012 hearing that the Standstill Agreement will remain in place while Ulbrich Action is stayed.

8

adjudicate claims risks diverting the attention of Debtors' personnel from pressing issues in the chapter 11 case and increases the risk of inconsistent decisions affecting similarly situated creditors.

### III.    CONCLUSION

For the foregoing reasons, the Ulbrich Motion to lift the automatic stay is **GRANTED** to allow the court in the Ulbrich Action to rule on the motion to compel or dismiss pending before it, and is otherwise **DENIED**.

**IT IS SO ORDERED.**

Dated:    August 16, 2012
         New York, New York

_____*Martin Glenn*_____
MARTIN GLENN
United States Bankruptcy Judge