UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |

**CONSENT ORDER PURSUANT TO 11 U.S.C. § 362(d)
MODIFYING THE AUTOMATIC STAY IMPOSED BY 11 U.S.C. § 362(a)**

Upon the motion, dated July 12, 2012 [Docket No. 760] (the "Motion"), of Vermont Housing Finance Agency ("Movant"), for an order, pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code") granting relief from the automatic stay to proceed with a Vermont state court hearing to confirm the foreclosure sale of certain real property located at 13 Eaton Avenue, Springfield, Vermont (the "Mortgaged Property"), upon which GMAC Mortgage, LLC previously obtained a subordinate lien; and due and proper notice of the Motion having been made on all necessary parties; and the above-captioned debtors (the "Debtors") having consented to the relief sought in the Motion on the terms and conditions contained in this Order, upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing, it is hereby

**ORDERED**, that the Motion is granted as set forth herein; and it is further

**ORDERED,** that the automatic stay imposed in this case by section 362(a) of the Bankruptcy Code, to the extent applicable, is modified under section 362(d) of the Bankruptcy Code to allow Movant to complete the foreclosure of the mortgage and security interest it holds on the Mortgaged Property, including but not limited to proceeding with a hearing in the Superior Court for the State of Vermont, Windsor Unit (the "State Court") confirming the

foreclosure sale of the Mortgaged Property and applying any proceeds from the sale of the Mortgaged Property in accordance with an order of the State Court confirming such foreclosure sale, and it is further

**ORDERED,** that to the extent proceeds from any sale of the Mortgaged Property exceed the amounts due and owing to Movant and any other entity holding a valid and enforceable lien on the Mortgaged Property that is senior to the lien of the Debtors, such proceeds shall be turned over to the Debtors' estates via wire transfer within thirty (30) days after such sale is confirmed by the State Court, and it is further

**ORDERED,** that pursuant to Bankruptcy Rule 4001(a)(3), the 14-day stay of this Order imposed by such Bankruptcy Rule is waived. Movant is authorized to implement the provisions of this Order immediately upon its entry, and it is further

**ORDERED,** that this Court shall, and hereby does, retain jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Order.

*[Remainder of page intentionally left blank]*

CONSENTED TO:

MORRISON & FOERSTER LLP

By: /s/ Norman S. Rosenbaum
Larren M. Nashelsky
Gary S. Lee
Norman S. Rosenbaum
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*


KLESTADT & WINTERS LLP

By: /s/ Brendan M. Scott
        Tracy L. Klestadt
        Brendan M. Scott
570 Seventh Avenue, 17th Floor
New York, New York 10018
Tel:  (212) 972-3000
Fax:  (212) 972-2245

*Counsel for Vermont Housing Finance Agency*

Dated:   August 17, 2012
         New York, New York

                              /s/Martin Glenn
                            MARTIN GLENN
                     United States Bankruptcy Judge