**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**STIPULATION AND ORDER MODIFYING**
**AUTOMATIC STAY WITH RESPECT TO ACTION OF HEDEYA HAROUTUNIAN**

WHEREAS, Hedeya Haroutunian (the "**Movant**") is a plaintiff in a civil action against, among others, GMAC Mortgage, LLC ("**GMAC Mortgage**"), one of the above captioned debtors and debtors in possession (collectively, the "**Debtors**"), in the Superior Court of the State of California for the County of Los Angeles – North Central District (the "**Superior Court**"), Case No. EC052638 (the "**Action**");

WHEREAS, on September 30, 2011, the Superior Court sustained GMAC Mortgage's demurrer to Movant's fourth amended complaint without leave to amend and on December 9, 2011, the Superior Court entered judgment in favor of GMAC Mortgage;

WHEREAS, the Movant appealed the Superior Court's judgment to the Court of Appeals of the State of California (the "**Appellate Court**"), Case No. B237722 (the "**Appeal**");

WHEREAS, on May 14, 2012, each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**");

WHEREAS, the Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108;

WHEREAS, pursuant to section 362 of the Bankruptcy Code, the commencement of the Debtors' Chapter 11 cases automatically stayed the Appeal;

1

WHEREAS, on June 24, 2012, Movant filed her *Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362* [Docket No. 894] (the "**Motion**") seeking relief from the automatic stay to pursue the Appeal;

WHEREAS, the Debtors have conferred with the Movant and have agree to a limited modification of the automatic stay of section 362(a) of the Bankruptcy Code (the "**Stay**"), pursuant to the terms and subject to the conditions set forth in this stipulation and order (the "**Stipulation and Order**");

NOW THEREFORE, it is hereby stipulated and agreed as between the Movant and the Debtors (collectively, the "**Parties**"), through their undersigned counsel, as follows:

1. The Stay shall be modified solely to the extent set forth herein.

2. The Movant may prosecute the Appeal through the adjudication thereof by the Appellate Court, and the Debtors may take all actions necessary to contest the Appeal, consistent with the terms, conditions and limitations of this Stipulation and Order.

3. Notwithstanding anything in this Stipulation and Order or the Motion to the contrary, absent further order of this Court, the Stay remains in full force and effect with respect to the Action, and following the adjudication of the Appeal, the Stay shall apply to the Action.

4. This Stipulation and Order shall not become effective unless and until it is entered by the Court.

5. This Stipulation and Order shall not be modified, altered, amended or vacated without the prior written consent of all Parties hereto. Any such modification, alteration, amendment or vacation in whole or part shall be subject to the approval of this Court. No

statement made or action taken in the negotiation of this Stipulation and Order, nor set forth herein, may be used by any Party in the Action or Appeal.

6. This Stipulation and Order is the entire agreement between the Parties in respect of the subject matter hereof.

7. Each person who executes this Stipulation and Order on behalf of a Party hereto represents that he or she is duly authorized to execute this Stipulation and Order on behalf of such Party.

8. This Stipulation and Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

9. The 14-day stay period under Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is hereby waived and this Stipulation and Order shall be immediately effective upon its entry.

10. This Court shall retain jurisdiction to resolve all matters relating to the implementation of this Stipulation and Order.

*[Signature page to follow]*

| GMAC MORTGAGE, LLC | HEDEYA HAROUTUNIAN |
|---|---|
| /s/ Norman S. Rosenbaum<br>Gary S. Lee<br>Norman S. Rosenbaum<br>**MORRISON & FOERSTER LLP**<br>1290 Avenue of the Americas<br>New York, New York 10104<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900<br><br>*Counsel for Debtors*<br>*and Debtors in Possession* | /s/ Armen Shaghzo<br>Armen Shagzo<br>**SHAGHZO & SHAGHZO LAW FIRM, APC**<br>100 W Broadway, Suite 540<br>Glendale, California 91210<br>Telephone: (818) 241-8887<br>Facsimile: (818) 241-0035<br><br>*Counsel for Hedeya Haroutunian* |

APPROVED AND SO ORDERED
this 17th day of August, 2012 in New York

                                                    **/s/Martin Glenn**
                                                    MARTIN GLENN
                                      United States Bankruptcy Judge