**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**STIPULATION AND ORDER REGARDING APPLICATION OF**
**THE AUTOMATIC STAY WITH RESPECT TO ACTION OF**
*STATE OF NEW YORK V. EMPIRE PROPERTY SOLUTIONS, LLC*, **ET AL.**

Residential Capital, LLC and its affiliated debtors and debtors in possession in the above-captioned Chapter 11 cases (collectively, the "<u>Debtors</u>") and the People of the State of New York, by Eric T. Schneiderman (the "<u>Movant</u>" and, together with the Debtors, the "<u>Parties</u>"), do hereby stipulate as follows:

**<u>RECITALS</u>**:

A.  Upon information and belief, William and Lisa Coon (together, "<u>Occupants</u>") reside at 2 The Lane, Rocky Point, New York (the "<u>Property</u>").

B.  Movant contends that, in connection with a fraudulent foreclosure rescue program operated by Empire Property Solutions, LLC ("<u>Empire</u>") and other defendants, Occupants were induced to enter into a "sale/leaseback" transaction with respect to the Property.

C.  GMAC Mortgage LLC ("<u>GMACM</u>") claims an interest in mortgages held on the Property. GMACM alleges that John Rutigliano and Kenneth Kiefer (together, "<u>Borrowers</u>") obtained a mortgage loan from GreenPoint Mortgage Funding, Inc. ("<u>GreenPoint</u>") in the principal amount of $340,000 (the "<u>Primary Mortgage</u>"), which was evidenced by a promissory note dated June 16, 2006 (the "<u>Mortgage Note</u>") and secured by a first lien on the Property, and a

home equity line of credit in the principal amount of $42,500 (the "HELOC"), which was evidenced by a promissory note dated June 16, 2006 (the "Home Equity Note") and secured by a second lien on the Property.

D.  GMACM alleges that on or about January 24, 2008, the servicing rights with respect to the Mortgage Note, the Home Equity Note, and all other documents, agreements and instruments executed and delivered in connection with the Primary Mortgage and the HELOC were assigned by GreenPoint to GMACM pursuant to a subservicing agreement.

E.  GMACM alleges that the Borrowers subsequently defaulted on the Primary Mortgage and the HELOC.

F.  On or about February 1, 2008, GMACM commenced an action in the Supreme Court, State of New York, County of Suffolk, entitled *GMAC Mortgage LLC v. John Rutigliano, Kenneth Kiefer, et al.* (Index No. 08-05361), to foreclose the Primary Mortgage (the "Foreclosure Action").

G.  On September 1, 2009, Movant filed a complaint commencing a civil action (the "Civil Action")[1] against various defendants in the Supreme Court for the State of New York, Nassau County (the "State Court") seeking, inter alia, to (i) permanently enjoin defendant Empire and certain other named defendants from engaging in deceptive, fraudulent and illegal business practices in connection with Empire's foreclosure rescue program, and real estate transactions with New York consumers, (ii) nullify any transfer of title to real property, and rescind any other agreements that arose out of or were incident to such unlawful practices, and (iii) obtain restitution and damages for individuals injured by such unlawful practices, and civil penalties and costs to be paid to the State of New York.  GMACM was named as a necessary

---

[1] *State of New York v. Empire Property Solutions, LLC, et al.* (Index No. 09-017767).

party defendant and joined as a necessary party to the Civil Action without whom complete relief cannot be accorded.

H.   In connection with the Civil Action, the Foreclosure Action was stayed pursuant to an order of the State Court.

I.   On or about September 30, 2011, GMACM filed an answer to the complaint in the Civil Action asserting various affirmative defenses, counterclaims and crossclaims.

J.   On May 14, 2012, each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

K.   The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

L.   On July 24, 2012, Movant filed a motion seeking entry of an order (i) determining that the Civil Action is exempt, pursuant to section 362(b)(4) of the Bankruptcy Code, from the automatic stay, or (ii) alternatively, if the Court holds that the stay applies, granting Movant relief from the automatic stay pursuant to section 362(d)(1) of the Bankruptcy Code to pursue the Civil Action [Docket No. 885] (the "Motion").

M.   As set forth in the Motion, Movant contends that the continuation of the Civil Action is not stayed pursuant to section 362(b)(4) of the Bankruptcy Court.

N.   The Debtors have asserted that, pursuant to section 362 of the Bankruptcy Code, commencement of the Debtors' Chapter 11 cases automatically stayed the Civil Action to the extent Movant seeks to continue the Civil Action against GMACM, and that section 362(b)(4) of the Bankruptcy Code does not apply to the Civil Action against GMACM.

O.   The Debtors have determined that it is in the best interests of the estates to allow the Civil Action to go forward in accordance with the terms set forth herein to allow the Debtors

to defend their interests in connection with the Primary Mortgage and HELOC and to assert their defenses, crossclaims and counterclaims, including claims for equitable relief.

P.      The Parties have conferred and, to the extent the automatic stay applies, the Debtors have consented to a limited modification of the automatic stay pursuant to section 362(a) of the Bankruptcy Code pursuant to the terms, and subject to the conditions, set forth in this Stipulation and Consent Order.

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among the Parties, as follows:

Agreement:

1.      Upon entry of this Stipulation and Consent Order by the Court, the automatic stay imposed by section 362 of the Bankruptcy Code shall, to the extent applicable, be modified for the sole purpose of permitting Movant to prosecute the Civil Action with respect to all parties, so that the Civil Action may proceed to final judgment, including any appeals; provided, however, under no circumstances shall Movant be entitled to enforce against or collect from the Debtors any monetary judgment in the Civil Action without further order of this Court.

2.      This Stipulation and Consent Order shall not become effective unless and until it is entered by the Court.

3.      This Stipulation and Consent Order may not be modified other than by a signed writing executed by the Parties hereto or by further order of the Court.

4.      This Stipulation and Order is the entire agreement between the Parties in respect of the subject matter hereof.

5. Each person who executes this Stipulation and Consent Order on behalf of a Party hereto represents that he or she is duly authorized to execute this Stipulation and Consent Order on behalf of such Party.

6. This Stipulation and Consent Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

7. The 14-day stay period under Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is hereby waived and this Stipulation and Consent Order shall be immediately effective upon its entry.

8. This Court shall retain jurisdiction to resolve all matters relating to the implementation of this Stipulation and Consent Order.

*[Remainder of page intentionally left blank.]*

| | |
|---|---|
| GMAC MORTGAGE, LLC | ERIC T. SCHNEIDERMAN<br>Attorney General of the State of New York |
| /s/ Norman S. Rosenbaum<br>Gary S. Lee<br>Lorenzo Marinuzzi<br>Norman S. Rosenbaum<br>MORRISON & FOERSTER LLP<br>1290 Avenue of the Americas<br>New York, New York 10104<br>Telephone:  (212) 468-8000<br>Facsimile:  (212) 468-7900<br><br>*Counsel for Debtors*<br>*and Debtors in Possession* | /s/ Victoria L. Safran<br>Victoria L. Safran<br>Assistant Attorney General<br>Of Counsel<br>Nassau Regional Office<br>200 Old Country Road, Suite 240<br>Mineola, New York 11501<br>Telephone:  (516) 248-3302<br>Facsimile:  (516) 747-6432 |

APPROVED AND SO ORDERED
This 17th day of August, 2012 in New York, New York

           **/s/Martin Glenn**
           MARTIN GLENN
         United States Bankruptcy Judge