| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | Hearing Date: 9/11/12<br>Hearing Time:10:00AM |
| In Re:<br><br>RESIDENTIAL CAPITAL, LLC, et al.<br><br>Debtor. | **NOTICE OF MOTION FOR<br>TERMINATION OF AUTOMATIC<br>STAY**<br><br>Case No.: 12-12020<br><br>(Chapter 11)<br><br>Assigned to:<br>Hon. Martin Glenn<br>Bankruptcy Judge |

Please take notice that PNC Mortgage by the undersigned attorneys, will move this Court on the September 11, 2012, at 10:00AM or as soon thereafter as counsel can be heard, at the United States Bankruptcy Court, One Bowling Green, New York, NY 10004-1408 for an Order pursuant to 11 U.S.C. §362(d)(1) terminating the automatic stay to allow Movant to proceed with its State Foreclosure Action and for such other relief as the Court may deem proper.

**PURSUANT TO LOCAL BANKRUPTCY RULE 9006-1(a), ANY ANSWERING PAPERS ARE TO BE SERVED SO AS TO BE RECEIVED BY THE SECURED CREDITOR'S COUNSEL NO LATER THAN 7 DAYS BEFORE THE HEARING DATE.**

DATED:   August 17, 2012
         New Rochelle, New York

Yours, etc.,

Charles A. Higgs
McCabe, Weisberg & Conway, P.C.
Attorneys for Secured Creditor.
145 Huguenot Street
New Rochelle, NY 10801
Telephone 914-636-8900

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
_____X
IN RE:

RESIDENTIAL CAPITAL, LLC, et al.

Debtor.
_____X

CH: 11
Case No:.12-12020

## MOTION FOR RELIEF FROM STAY

PNC Mortgage, (hereinafter "Movant") by and through its attorneys, McCabe, Weisberg & Conway, P.C., hereby moves to terminate the automatic stay in order to proceed with a residential foreclosure sale in which Homecomings Financial, LLC, holds a junior lien.

1. Debtors are the holders and/or servicers of a large number of loans secured by mortgages on residential properties. Prior to Debtors' bankruptcy filing a number of foreclosure actions and sales had been initiated or scheduled by senior lien holders in which one or more of the Debtors hold junior liens and are therefore named as defendants in the actions.

2. One such foreclosure sale involves certain real property located at 623 9th Street, Clarkston, WA 99403 (the "Property") in which Movant is the senior lien holder and one of the Debtors, Homecoming Financial, LLC ("Homecoming"), is a junior lien holder.

3. Upon the Debtors' bankruptcy filing the automatic stay was imposed under 11 U.S.C. §362(a), which prevents Movant from moving forward with the schedule foreclosure sale. Accordingly, Movant has filed the instant action seeking relief from the automatic stay under Section 362(d) of the Bankruptcy Code.

4. Movant is seeking relief from stay in order to proceed with a foreclosure sale; said sale will result in the junior lien of Homecoming becoming extinguished. A title report showing Movant as senior lien holder and Homecoming as the junior lien holder is attached as Exhibit "A".

5. In moving for relief under Section 362(d) the initial burden is on the moving party to show cause for relief from stay. Once cause is shown the burden moves to the party opposing relief. *See* Schneiderman v. Bodanovich (In re Bodanavich, 292 F.3d 104, 110 (2d Cir. 2002) (citing Mazzeo v. Lenhart (In re Mazzeo), 167 F.3d 139, 142-143 (2d Cir. 1999).

6. Movant has grounds for relief from the automatic stay under both 11 U.S.C. §§ 362(d)(1) and 362 (d)(2).

7. 11 U.S.C.§362(d) provides in pertinent part that the Court shall grant relief form the stay imposed by Section 362(a)
   (1) "for cause, including lack of adequate protection of an interest in property…"
   (2) "with respect to a stay of an act against property under subsection (a) of this section, if-
      (A) the debtor does not have an equity in such property, and

      (B) such property is not necessary to an effective reorganization

8. Movant has cause from relief under 362(d)(1) in that the delay in sale of the property as a result of the automatic stay puts Movant at risk of having a tax lien or other superior lien jump its lien and additionally the stay caused by the bankruptcy delays the foreclosure sale, therefore forcing Movant to hold the non-performing loan.

9. Movant has cause for relief under 362(d)(2) in that there is believed to be little if any equity in the Property and thus any value in Homecoming's junior lien and any value the junior lien has is being diminished each day the sale is delayed as a result of the automatic stay. Furthermore, the junior lien adds little to any value to the estate and is therefore is not a part of the Debtors' reorganization efforts. In fact allowing the stay to remain in place diminishes any value, if any, that the junior lien would add the bankruptcy estate.

WHEREFORE, Movant respectfully requests that the automatic stay be lifted to allow Movant to pursue a foreclosure sale of the Property.

Dated: August 17, 2012
New Rochelle, NY

Respectfully Submitted,

Charles Higgs
McCabe, Weisberg, & Conway, P.C.
145 Huguenot St.
New Rochelle, NY 10801
(914) 636-8900