EXHIBIT A



## ALLIANCE
TITLE & ESCROW CORP.

735 5th St. Clarkston, WA  99403
(509) 758-2549 Fax No. (509) 758-4849

| | | | |
|---|---|---|---|
| To: | LPS Default Title & Closing (Via email) | Date: | March 22, 2012 |
| | 3220 El Camino Real | Order No. | 135867 |
| | Irvine CA 92602 | Your No.: | |
| | Attn: Mike Scott | | |
| | Property Address: 623 9th Street, Clarkston, WA  99403 | | |

In connection with the above referenced transaction, we enclose the following

**Trustee's Sale Guarantee**
**Copies of underlying documents including plat map and tax statement**
**Invoice**

"THANK YOU" for this opportunity to serve you.  Your business is appreciated!

If you have any questions or if we may be of further assistance, please do not hesitate to contact the undersigned.

Sincerely,

*[signature]*

By:    Tami Randall

Guarantee No.:12-08-T103-WA



## NATIONAL TITLE INSURANCE
*of New York, Inc.*

### LITIGATION/TRUSTEE'S SALE/CONTRACT FORFEITURE GUARANTEE

SUBJECT TO THE EXCLUSIONS FROM COVERAGE, THE LIMITS OF LIABILITY AND OTHER PROVISIONS OF THE CONDITIONS AND STIPULATIONS HEREOF, **NATIONAL TITLE INSURANCE OF NEW YORK, INC**, a corporation, herein called the Company, guarantees the Assured against loss not exceeding the liability amount stated in Schedule A which the Assured shall sustain by reason of any incorrectness in the assurance which the Company hereby gives that, according to the public records, on the Date of Guarantee stated in Schedule A, the title to the herein described estate or interest was vested in the vestee named, subject to the matters shown as Exceptions in Schedule B, which Exceptions are not necessarily shown in the order of their priority.

*In Witness whereof,* **NATIONAL TITLE INSURANCE OF NEW YORK, INC**, has caused this policy to be signed and sealed as of the date of policy shown in Schedule A, the policy to become valid when countersigned by an authorized signatory.

Issued by: Alliance Title & Escrow Corp.
735 5th Street, Clarkston WA 99403

*[signature]*

National Title Insurance Of New York

BY *[signature] James J Duffley*

ATTEST                                President

*[signature] Colleen*

Secretary

Litigation/Trustee's Sale/Contract Forfeiture Guarantee

Guarantee No.:12-08-T103-WA

# EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this Guarantee:

1. (a) Any law, ordinance or governmental regulation (including but not limited to building and zoning laws, ordinances, or regulations) restricting, regulating, prohibiting or relating to (i) the occupancy, use, or enjoyment of the land; (ii) the character, dimensions or location of any improvement now or hereafter erected on the land; (iii) a separation in ownership or a change in the dimensions or area of the land or any parcel of which the land is or was a part; or (iv) environmental protection, or the effect of any violation of these laws, ordinances or governmental regulations, except to the extent that a notice of the enforcement thereof or a notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Guarantee.

    (b) Any governmental police power not excluded by (a) above, except to the extent that a notice of the exercise thereof or a notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Guarantee.

2. Rights of eminent domain unless notice of the exercise thereof has been recorded in the public records at Date of Guarantee.

3. Defects, liens, encumbrances, adverse claims against the title as guaranteed, or other matters: (a)   created, suffered, assumed or agreed to by one or more of the Assured;

    (b) not known to the Company, not recorded in the public records at Date of Guarantee but known to one or more of the Assured at Date of Guarantee;

    (c) resulting in no loss or damage to the Assured;

    (d) attaching or created subsequent to Date of Guarantee.

4. No guarantee is given nor liability assumed with respect to the identity of any party named or referred to in Schedule B or with respect to the validity, legal effect or priority of any matter shown therein.

5. Taxes or assessments which are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the public records.

6. Unpatented mining claims; reservations or exceptions in United States Patents or in Acts authorizing the issuance thereof; Indian tribal codes or regulations, Indian treaty or aboriginal rights, including easements or equitable servitudes; water rights, claims or title to water.

7. Title to any property beyond the lines of the land expressly described in the description set forth in this Guarantee, or title to streets, roads, avenues, lanes, ways or waterways on which such land abuts, or the right to maintain therein vaults, tunnels, ramps or any other structure or improvement; or any rights or easements therein unless such property, rights or easements are expressly and specifically set forth in said description.

8. Any loss or damage which arises out of any transaction affecting the estate or interest shown in Schedule A of this Guarantee by reason of the operation of federal bankruptcy, state insolvency or similar creditors' rights laws.

Litigation/Trustee's Sale/Contract Forfeiture Guarantee

## CONDITIONS AND STIPULATIONS

Guarantee No.:12-08-T103

1. **DEFINITION OF TERMS**

   The following terms when used in this Guarantee mean:

   (a) "land": the land described in this Guarantee and improvements affixed thereto which by law constitutes real property.

   (b) "public records": records established under state statutes at Date of Guarantee for the purpose of imparting constructive notice of matters relating to real property to purchasers for value and without knowledge. With respect to Section 1(a) (iv) of the Exclusions From Coverage, "public records" shall also include environmental protection liens filed in the records of the clerk of the United States district court for the district in which the land is located.

   (c) "date," "Date of Guarantee": the effective date.

   (d) "the Assured": the party or parties named as the Assured in this Guarantee, or in a supplemental writing executed by the Company.

   (e) "mortgage": mortgage, deed of trust, trust deed, real estate contract or other security instrument.

2. **PROSECUTION OF ACTIONS**

   (a) The Company shall have the right at its own cost to institute and prosecute any action or proceeding or do any other act which in its opinion may be necessary or desirable to establish or confirm the matters herein guaranteed; and the Company may take any appropriate action under the terms of this Guarantee whether or not it shall be liable thereunder and shall not thereby concede liability or waive any pro- vision hereof.

   (b) In all cases where the Company does so institute and prosecute any action or proceeding, the Assured shall permit the Company to use, at its option, the name of the Assured for such purpose. Whenever requested by the Company, the Assured shall give the Company all reasonable aid in prosecuting such action or proceeding, and the Company shall reimburse the Assured for any expense so incurred.

3. **NOTICE OF LOSS – LIMITATION OF ACTION**

   A statement in writing or any loss or damage for which it is claimed the Company is liable under this Guarantee shall be furnished to the Company within sixty days after such loss or damage shall have been determined, and no right of action shall accrue to the Assured under this Guarantee until thirty days after such statement shall have been furnished, and no recovery shall be had by the Assured under this Guarantee unless the action shall be commenced thereon within two years after expiration of said thirty day period. Failure to furnish such statement of loss or damage or to commence such action within the time hereinbefore specified, shall be a conclusive bar against maintenance by the Assured of any action under this Guarantee.

4. **OPTION TO PAY, SETTLE OR COMPROMISE CLAIMS**

   The Company shall have the option to pay or settle or compromise for or in the name of the Assured any claim which could result in loss to the Assured within the coverage of this Guarantee, or to pay the full amount of this Guarantee or, if this Guarantee is issued for the benefit of a holder of a mortgage, the Company shall have the option to purchase the indebtedness secured by said mortgage. Such purchase, payment or tender of payment of the full amount of the Guarantee shall terminate all liability of the Company hereunder. In the event after notice of a claim has been given to the Company by the Assured the Company offers to purchase said indebtedness, the owner of such indebtedness shall transfer and assign said indebtedness and the mortgage securing the same to the Company upon payment of the purchase price.

5. **LIMITATION OF LIABILITY – PAYMENT OF LOSS**

   (a) The liability of the Company under this Guarantee shall be limited to the amount of actual loss sustained by the Assured because of reliance upon the assurances herein set forth, but in no event shall such liability exceed the amount of the liability stated within this Guarantee.

   (b) The Company will pay all costs imposed upon the Assured in litigation carried on by the Company for the Assured, and all costs and attorneys' fees in litigation carried on by the Assured with the written authorization of the Company.

   (c) No claim for damages shall arise or be maintainable under this Guarantee (1) if the Company after having received notice of an alleged defect, lien or encumbrance not shown as an Exception or excluded herein removes such defect, lien or encumbrance within a reasonable time after receipt of such notice, or (2) for liability voluntarily assumed by the Assured in settling any claim or suit without written consent of the Company.

   (d) All payments under this Guarantee, except for attorneys' fees as provided for in paragraph 5(b) hereof, shall reduce the amount of the liability hereunder pro tanto, and no payment shall be made without producing, this Guarantee for endorsement of such payment unless the Guarantee be lost or destroyed, in which case proof of such loss or destruction shall be furnished to the satisfaction of the Company.

   (e) When liability has been definitely fixed in accordance with the conditions of this Guarantee, the loss or damage shall be payable within thirty days thereafter.

6. **SUBROGATION UPON PAYMENT OR SETTLEMENT**

   Whenever the Company shall have settled a claim under this Guarantee, all right of subrogation shall vest in the Company unaffected by any act of the Assured, and it shall be subrogated to and be entitled to all rights and remedies which the Assured would have had against any person or property in respect to such claim had this Guarantee not been issued. If the payment does not cover the loss of the Assured, the Company shall be subrogated to such rights and remedies in the proportion which said payment bears to the amount of said loss. The Assured if requested by the Company, shall transfer to the Company all rights and remedies against any person or property necessary in order to perfect such right or subrogation, and shall permit the Company to use the name of the Assured in any transaction or litigation involving such rights or remedies.

7. **GUARANTEE ENTIRE CONTRACT**

Any action or actions or rights of action that the Assured may have or may bring against the Company arising out of the subject matter hereof must be based on the provisions of this Guarantee.

No provision or condition of this Guarantee can be waived or changed except by a writing endorsed or attached hereto signed by the President, a Vice President, the Secretary, an Assistant Secretary or other validating officer of the Company.

8. **NOTICES, WHERE SENT**

   All notices required to be given the Company and any statement in writing required to be furnished the Company shall be addressed to it at the office which issued this Guarantee or to:

   NATIONAL TITLE INSURANCE OF NEW YORK, INC.
   National Claims Department
   5 Peters Canyon Road,
   Suite 300
   Irvine, CA 92606

9. THE FEE SPECIFIED WITHIN THIS GUARANTEE IS THE TOTAL FEE FOR TITLE SEARCH AND EXAMI- NATION AND FOR THIS GUARANTEE.

Litigation/Trustee's Sale/Contract Forfeiture Guarantee

Guarantee No.:12-08-TL03-

# NATIONAL TITLE INSURANCE OF NEW YORK, INC.



of New York, Inc.

**National Title Insurance of New York, Inc.**
5 Peters Canyon Road, Suite 300
Irvine, CA 92606

Guarantee No.:12-08-T103-

# LITIGATION/TRUSTEE'S SALE/CONTRACT FORFEITURE GUARANTEE

## SCHEDULE A

| | |
|---|---|
| Order No.: | 135867 |
| Your No.: | ~~(redacted)~~ |
| Guarantee No.: | 12-08-T103-WA |
| Liability: | $86,097.00 |
| Fee: | $507.00 |
| | Sales Tax:    $38.02 |
| Effective Date: | March 5, 2012 at 7:30 A.M. |

1. Name of Assured:

    **PNC Mortgage, a division of PNC Bank, N.A.**
**And**
    **Northwest Trustee Services, Inc., as Trustee**

2. Title to the estate or interest at the date hereof is vested in:

    **Dale K. Brown and Melissa Z. Brown, husband and wife**

3. The estate or interest in the land hereinafter described or referred to covered by the Guarantee is:

    **FEE SIMPLE**

4. The land referred to in this Guarantee is situated in the State of WA, County of Asotin and is described as follows:

    **The North 46.13 feet of the South 50 feet of Lot 4 in Block 16 of West of Clarkston according to the official plat thereof, filed in Book B of Plats at Page(s) 23, records of Asotin County, Washington**

### END OF SCHEDULE A

Guarantee No.:12-08-T103-

# SCHEDULE B

Order No.:     135867
Your No.:      ~~redacted~~
Guarantee No.: 12-08-T103-WA


EXCEPTIONS:

1. Taxes, including any assessments collected therewith, Parcel # 1-002-16-004-0001-0000 , for the year 2012 in the amount of $1,289.54 which are payable but not delinquent.

2. Liens, levies and assessments of the City of Clarkston for sewer, garbage and storm water.

3. Easements, reservations, notes and/or dedications as shown on the official plat of Block 16 of West of Clarkston

4. A Deed of Trust to secure an indebtedness in the amount shown below.
   Amount: $94,158.00
   Trustor/Grantor: Dale K. Brown and Melissa Z. Brown, husband and wife
   Trustee: Alliance Title and Escrow
   Beneficiary: National City Mortgage a division of National City Bank of Indiana
   Dated: July 27, 2005
   Recorded: July 29, 2005
   Instrument No.: 285157

5. A Deed of Trust to secure an indebtedness in the amount shown below.
   Amount: $21,300.00
   Trustor/Grantor: Dale K. Brown and Melissa Z. Brown, husband and wife
   Trustee: Alliance Title
   Beneficiary: Mortgage Electronic Registration Systems, Inc. (MERS), solely as nominee for HomeComings Financial, LLC (f/k/a HomeComings Financial Network, Inc.)
   Dated: October 26, 2006
   Recorded: October 31, 2006
   Instrument No.: 295019


Note No. 1: In the event this transaction fails to close and this commitment is cancelled a fee will be charged complying with the state insurance code.

Note No. 2: According to the available County Assessor's Office records, the purported address of said land is:
623 9th Street, Clarkston, WA  99403

Note No. 3: To assist you with RESPA compliance, be advised that the agent/underwriter split associated with the policy(ies) to be issued are as follows:
As to any Owners policy of title insurance proposed in Schedule A:
Agent $405.60  Underwriter $101.40
As to any Lenders policy of title insurance proposed in Schedule A:
Agent $0.00  Underwriter $0.00
As to any Endorsements proposed in Schedule A:
Agent   Underwriter

**END OF SCHEDULE B**

Litigation/Trustee's Sale/Contract Forfeiture Guarantee

Guarantee No.:12-08-T103-

# SCHEDULE C

Order No.: 135867
Your No.: ~~[redacted]~~
Guarantee No.: 12-08-T103-WA

Relative to the deed of trust shown as item **4** of Schedule B.

1. The names of the grantor(s) in the deed of trust and of the persons whose interests appear of record as successors in interest of the grantor(s) are as follows:

>  Occupant
> 623 9th Street
> Clarkston WA 99403
>
> Dale K. Brown
> 623 9th Street
> Clarkston WA 99403
>
> Melissa Z. Brown
> 623 9th Street
> Clarkston WA 99403

2. The names of persons having a lien or interest appearing of record subsequent to the interest of the trustee, other than those persons identified in 1 above, are as follows:

> Alliance Title
> 735 5th Street
> Clarkston WA 99403
>
> MERS
> P O Box 2026
> Flint MI 48501-2026
>
> HomeComings Financial, LLC
> 1687 114th Ave SE, Ste 100
> Bellevue WA 98004
>
> City of Clarkston
> 829 5th Street
> Clarkston WA 99403

Guarantee No.:12-08-T103-

Order No.:    135867
Your No.:    ~~[redacted]~~
Guarantee No.: 12-08-T103

Attention is directed to the fact that the pendency of action, suit or proceeding to recover any portion of the debt remaining secured by the deed of trust
OR
the pendency of proceedings under the Bankruptcy Code involving a party having an interest in the property to be affected by the foreclosure of the trust deed from which proper relief from the automatic stay has not yet been secured will constitute impediments to the commencement or maintenance of the contemplated trustee's sale. Except as noted hereafter we find no such proceedings pending in the public records.

OR

Attention is called to the Federal Tax Lien Act of 1996, which among other things, provides or the giving of written notice of sale in a specified manner to the District Director of IRS as a requirement for the divestment of a Federal Tax Lien in a non-judicial sale, including any Federal Tax Lien filed at least 30 days prior to the scheduled sale date, and establishes with respect to such lien a right in the United States to redeem the property within a period of 120 days from the sale date.

Attention is called to Servicemembers Civil Relief Act (108 P.L. 189; 117 Stat. 2835; 2003 Enacted H.R. 100) and amendments thereto which contain inhibitions against sale of land under a deed of trust if the owner is entitled to the benefits of said act.

**END OF SCHEDULE C**

Countersigned: _[signature]_
_____
Authorized Signature

