**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

**ORDER UNDER BANKRUPTCY CODE SECTIONS 105(A) AND 107(B) AUTHORIZING THE DEBTORS TO FILE REDACTED EXHIBIT 1 TO THE SUPPLEMENTAL DECLARATION OF ANNE JANICZEK IN FURTHER SUPPORT OF DEBTORS' MOTION FOR AN ORDER PURSUANT TO SECTIONS 363(b)(1) AND 503(c)(3) OF THE BANKRUPTCY CODE AUTHORIZING (I) IMPLEMENTATION OF (A) A KEY EMPLOYEE RETENTION PLAN FOR CERTAIN NON-INSIDERS AND (B) A KEY EMPLOYEE INCENTIVE PLAN FOR CERTAIN INSIDERS AND (II) PAYMENT OF ANY OBLIGATIONS ARISING THEREUNDER AS ADMINISTRATIVE EXPENSES**

Upon the request of the above-captioned debtors and debtors in possession for entry of an order, under Bankruptcy Code sections 105(a) and 107(b) authorizing the Debtors to file a redacted Exhibit 1 (the "Exhibit") to the Supplemental Declaration of Anne Janiczek in Further Support of Debtors' Motion for an Order Pursuant to Sections 363(b)(1) and 503(c)(3) of the Bankruptcy Code Authorizing (i) Implementation of (a) a Key Employee Retention Plan for Certain Non-Insiders and (b) a Key Employee Incentive Plan for Certain Insiders and (ii) Payment of any Obligations Arising Thereunder as Administrative Expenses; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and this being a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Debtors are authorized to file a redacted version of the Exhibit, as amended, in the form attached hereto as <u>Exhibit 1</u>.

2. Unredacted copies of the Exhibit shall only be made available to: (a) Kramer Levin Naftalis & Frankel LLP as counsel to the Official Committee of Unsecured Creditors (the "<u>Committee</u>"), and (b) such other parties as may be agreed to by the Debtors (collectively, the "<u>Authorized Recipients</u>").

3. The Authorized Recipients shall be bound by this Order and shall at all times keep the unredacted Exhibit strictly confidential and shall not disclose the unredacted contents of the amended Exhibit to any party whatsoever, including but not limited to, their respective clients.

4. No party shall file any pleadings, or offer any exhibits into evidence, that reference or disclose the information that has been redacted from the Exhibit.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

6. Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

7. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated:  August 20, 2012
        New York, New York

                                                    **/s/Martin Glenn**
                                                    MARTIN GLENN
                                         United States Bankruptcy Judge

**EXHIBIT 1**