**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | Chapter 11 |
| Debtors. | Jointly Administered |

**STIPULATION AND ORDER MODIFYING
AUTOMATIC STAY TO PROVIDE DECLARATIONS TO WELLS FARGO AND TO
ALLOW WELLS FARGO TO ISSUE TRIAL SUBPOENAS DIRECTED AT DEBTORS**

Residential Capital, LLC and its affiliated debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned Chapter 11 cases (the "**Chapter 11 Cases**") and Wells Fargo Bank, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a/ World Savings Bank, FSB ("**Wells Fargo**"), hereby stipulate as follows:

**RECITALS:**

A.     On May 14, 2012 (the "**Petition Date**"), each of the Debtors filed voluntary petitions in this Court for relief under Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  The Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).  On May 16, 2012, the United States Trustee for the Southern District of New York appointed a nine member official committee of unsecured creditors (the "**Committee**") in the Debtors' cases.  No trustee has been appointed in these Chapter 11 cases.  On July 3, 2012, the U.S. Trustee appointed the Honorable Arthur J. Gonzalez, former Chief Judge of this Court, as examiner.

B.     Executive Trustee Services, LLC ("**ETS**") is a Debtor in the Chapter 11 Cases and an indirect subsidiary of Residential Capital, LLC.

C. Wells Fargo and ETS are both defendants in a lawsuit entitled as <u>Franciska Susilo v. Wells Fargo Bank, N.A., et al.</u>, Case No. 2:11-cv-1814-CAS (PJW) (the "**Action**"), which is currently pending in the United States District Court for the Central District of California (the "**District Court**"). The Action was originally commenced by Franciska Susilo ("**Susilo**") in the Los Angeles County Superior Court of the State of California, but was removed to the District Court on March 2, 2011.

D. The Action centers around Susilo's alleged attempts at reinstatement of a defaulted residential real estate loan before foreclosure. The loan at issue was made by a predecessor to Wells Fargo, memorialized by a promissory note, and secured by a deed of trust encumbering the real estate owned by Susilo. ETS acted as the foreclosure trustee under the deed of trust and Wells Fargo was the beneficiary under the foreclosure which occurred on November 12, 2010. The issues raised by Susilo in the Action include, without limitation: (i) Susilo's written and oral communications with ETS and Wells Fargo, (ii) allegations that ETS failed to properly prepare and serve the statutorily required pre-foreclosure notices on Susilo, (iii) and Wells Fargo's and ETS' conduct in connection with Susilo's efforts to reinstate her loan.

E. In the Action, Susilo seeks, among other things, damages of no less than $250,000. Wells Fargo and ETS filed cross-claims and cross-complaints against each other in the Action, each seeking indemnification from the other to the extent they were found liable to Susilo in the Action.

F. On May 17, 2012, the District Court was notified of the automatic stay as a result of the Debtors' Chapter 11 Cases. On May 21, 2012, the District Court ordered a stay of all proceedings, including discovery, involving ETS, but permitting a trial to go forward on Susilo's

claims against Wells Fargo.  The District Court has scheduled a trial in the Action with respect to Susilo's claims against Wells Fargo for December 4, 2012.

G.      Upon the commencement of a Chapter 11 case, the automatic stay of section 362(a) of the Bankruptcy Code, prohibits, among other things: (i) the commencement or continuation of an action or proceeding against a debtor and (ii) acts to "collect, assess, or recover a claim" against a debtor arising prepetition.  11 U.S.C. §§ 362(a)(1) and (a)(6).

H.      The Debtors assert that, pursuant to section 362(a) of the Bankruptcy Code, commencement of the Chapter 11 Cases automatically stayed any act to continue the Action as to ETS, including (a) the prosecution by Wells Fargo of its cross-claim and cross-complaint against ETS, (b) discovery of or issuance of trial subpoenas directed at the Debtors, or (c) any acts to collect on a claim that Wells Fargo may have against ETS in the Action.

I.      On June 29, 2012, Wells Fargo filed a motion seeking (i) relief from the automatic stay to proceed with the prosecution of its cross-complaint against ETS in the Action or, in the alternative, (ii) relief from the automatic stay to conduct discovery directed at ETS and to permit Wells Fargo to issue trial subpoenas requiring certain officers, directors, and employees to appear and produce documents at trial in the Action (the "**Lift Stay Motion**") [Docket No. 540].

J.      On July 17, 2012, the Debtors filed an objection to the Lift Stay Motion [Docket No. 805] and on July 20, 2012, Wells Fargo filed a reply in connection with the Lift Stay Motion [Docket No. 851].

K.      The parties hereto (individually, a "**Party**" and collectively, the "**Parties**") have agreed in order to resolve the issues raised in the Lift Stay Motion that (a) the Debtors would provide Wells Fargo with declarations of certain employees of ETS whose communications with

the Plaintiff are the subject of the Action, (b) the Debtors would accept trial subpoenas on behalf of the employees who provide declarations to Wells Fargo and make them available for a trial on Susilo's claims against Wells Fargo in the Action, (c) the Parties would request that the District Court move the trial in the Action to a date no sooner than January 14, 2013, and (d) Wells Fargo would agree to withdraw its Lift Stay Motion with prejudice as provided in Paragraph 7 below. These terms were agreed to by the Parties on the record in these Chapter 11 Cases at a hearing before the Court held on July 24, 2012 (the "**Hearing**").

L. In light of the foregoing, and to avoid the time, cost and uncertainty associated with litigation, and as set forth on the record at the Hearing, the Parties have agreed to resolve the Lift Stay Motion and to modify the automatic stay solely to the limited extent provided herein.

M. The Committee has reviewed this Stipulation and Order and has informed the Debtors that it has no objection to its approval and entry by the Court.

NOW THEREFORE, IT IS HEREBY AGREED, by and among the Parties, as follows:

**AGREEMENT:**

1. Upon entry of this Stipulation and Order by the Court, the automatic stay imposed by section 362(a) of the Bankruptcy Code shall be modified solely to: (a) authorize Wells Fargo to obtain declarations from ETS concerning the subject matter of the Action, as described in the above recitals (the "**Declarations**"), for use by Wells Fargo in connection with dispositive motions that it may submit in the Action from certain employees of ETS including: Myron Ravelo, Delilah Claudio; Shanon De'Arman (Myron Ravelo, Delilah Claudio, Shanon De'Arman, and the other employees of ETS are collectively referred to hereinafter as the "**Employees**"); and (b) authorize Wells Fargo to issue trial subpoenas directed at the Debtors seeking to compel the Employees to appear as witnesses at the trial in the Action relating to

-4-

Susilo's claims against Wells Fargo. The Parties anticipate that the number of Employees will not exceed five for testimony regarding ETS' communications with Susilo and her representatives and testimony on the preparation, service, posting, and publishing of the statutorily required pre-foreclosure notices. In the event that ETS utilized outside vendors or subagents for any part of the preparation, service, posting, and publishing of the statutorily required pre-foreclosure notices, ETS agrees to cooperate with Wells Fargo in Wells Fargo's efforts to obtain Declarations from those vendors and/or subagents. Assuming the Employees remain employed by ETS or any of the Debtors, the Debtors shall accept on behalf of the Employees the trial subpoenas issued by Wells Fargo and make the Employees available to appear at a trial in the Action relating to Susilo's claims against Wells Fargo.

2. The parties will cooperate on the preparation of the Declarations and endeavor to have them completed by August 27, 2012.

3. The Parties shall take actions as are necessary and appropriate to request that the District Court move the date of trial in the Action from December 4, 2012 to a date no sooner than January 14, 2013. Notwithstanding the foregoing, if the District Court refuses to move the trial date to a date no sooner than January 14, 2013, the Debtors will make the Employees available as witnesses for Wells Fargo at a trial in the Action commencing on or subsequent to December 4, 2012.

4. Except as modified in this Stipulation and Order, the automatic stay imposed by section 362(a) of the Bankruptcy Code remains in full force and effect in all other respects in connection with the Action.

5. Nothing herein shall be construed as a waiver by Wells Fargo with respect to any and all claims it has against the Debtors in connection with its cross-claim and cross-complaint filed in the Action, all of which are expressly preserved in full.

6. Nothing herein shall be construed as a waiver by the Debtors with respect to any and all claims they have against Wells Fargo in connection with ETS's cross-claims and cross-complaint filed in the Action, all of which are expressly preserved in full.

7. Upon entry of this Stipulation and Order by the Court, the Lift Stay Motion shall be deemed withdrawn with prejudice. Wells Fargo shall retain the right, upon appropriate motion, to seek other or additional relief from the stay in the Action. This Stipulation and Order is limited exclusively to the Lift Stay Motion and the Action and shall in no way affect Wells Fargo's rights in any other matter with respect to the Chapter 11 Cases. This Stipulation and Order also shall not affect or limit the rights of Wells Fargo with respect to any presently existing or future order of the Court that otherwise alters or modifies the automatic stay in the Chapter 11 Cases.

8. This Stipulation and Order shall not become effective unless it is entered by the Court, but when entered by the Court it shall be effective *nunc pro tunc* to July 24, 2012.

9. The stay imposed by Federal Rule of Bankruptcy Procedure 4001(a)(3) is waived and the Parties are authorized to implement the provisions of this Stipulation and Order immediately.

10. This Stipulation and Order may not be modified other than by a signed writing executed by the Parties hereto or by further order of the Court.

11. Each person who executes this Stipulation and Order on behalf of a Party hereto represents that he or she is duly authorized to execute this Stipulation and Order on behalf of such Party.

-6-

12. This Stipulation and Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Each counterpart may be delivered by email as a .pdf attachment or facsimile transmission, and an emailed or faxed signature shall have the same force and effect as an original signature.

[*Remainder of Page Intentionally Left Blank*]

13. This Court shall retain jurisdiction with respect to all matters relating to the interpretation, implementation and enforcement of this Stipulation and Order.

| | |
|---|---|
| RESIDENTIAL CAPITAL, LLC AND ITS AFFILIATED DEBTORS AND DEBTORS IN POSSESSION, INCLUDING EXECUTIVE TRUSTEE SERVICES, LLC<br><br>  /s/ Steven J. Reisman  <br>Steven J. Reisman, Esq.<br>Turner P. Smith, Esq.<br>Maryann Gallagher, Esq.<br>CURTIS, MALLET-PREVOST, COLT & MOSLE LLP<br>101 Park Avenue<br>New York, NY 10178<br>Telephone: (212) 696-6000<br>Facsimile: (212) 697-1559<br><br>*Conflicts Counsel to the Debtors and Debtors in Possession* | WELLS FARGO BANK, N.A.<br><br>  /s/ Jeremy E. Shulman  <br>Jeremy E. Shulman, Esq.<br>ANGLIN, FLEWELLING, RASMUSSEN, CAMPBELL & TRYTTEN LLP<br>199 S. Los Robles Avenue, Suite 600<br>Pasadena, CA 91101-2459<br>Telephone: (626) 535-1900<br>Facsimile: (626) 577-7764<br><br>*Attorneys for Wells Fargo Bank, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a/ World Savings Bank, FSB ("Wells Fargo"* |

APPROVED AND SO ORDERED
this 20th day of August, 2012 in New York

            **   /s/Martin Glenn          **
            MARTIN GLENN
          United States Bankruptcy Judge