**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) ) | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) ) ) | Chapter 11 |
| Debtors. | ) ) | Jointly Administered |

**ORDER UNDER SECTIONS 327(e) AND 328 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 2014(a) AND LOCAL RULE 2014-1 AUTHORIZING (I) THE EMPLOYMENT AND RETENTION OF BRADLEY ARANT BOULT CUMMINGS LLP AS SPECIAL LITIGATION AND COMPLIANCE COUNSEL TO THE DEBTORS, *NUNC PRO TUNC* TO MAY 14, 2012, AND (II) APPROVING THE ALTERNATIVE BILLING ARRANGEMENT**

Upon the application (the "Application")[1] of the Debtors for entry of an order, under Bankruptcy Code sections 327(e) and 328, Bankruptcy Rule 2014(a) and Local Rule 2014-1, authorizing, but not directing, the Debtors to employ and retain Bradley Arant Boult Cummings LLP ("BABC") as Special Litigation and Compliance Counsel to the Debtors, *nunc pro tunc* to May 14, 2012, and approving the parties' alternative billing arrangement all as more fully described in the Application; and upon consideration of the Maddox Declaration, the Supplemental Declaration of Robert R. Maddox in Support of the Application (the "Supplemental Declaration") and the Second Supplemental Declaration of Robert R. Maddox in Support of the Application (the "Second Supplemental Declaration"); and it appearing that this Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue in these Chapter 11 cases and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this proceeding on the Application

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application, the Maddox Declaration, the Supplemental Maddox Declaration and the Second Supplemental Maddox Declaration. Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases or the relief granted herein may refer to http://www.kccllc.net/rescap for additional information.

is a core proceeding pursuant to 28 U.S.C. § 157(b); and sufficient notice of the Application having been given under the circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Court having considered the Application and any opposition and response thereto; and after due deliberation thereon; and sufficient cause appearing therefor; and based on the Court's Memorandum Opinion Granting the Application (the "Memorandum Opinion"), it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1. The Application is GRANTED as set forth herein and in the Memorandum Opinion.

2. In accordance with section 327(e) of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1, the Debtors are authorized to employ and retain BABC as Special Litigation and Compliance Counsel to the Debtors, *nunc pro tunc* to the Petition Date, on the terms set forth in the Application, the Maddox Declaration, the Supplemental Maddox Declaration and the Second Supplemental Maddox Declaration.

3. With respect to the Alternative Billing Arrangement Matters, the Debtors' engagement of BABC pursuant to the terms and conditions of their Alternative Billing Arrangement is hereby approved pursuant to 11 U.S.C. § 328(a), provided that, notwithstanding the terms and conditions of the Alternative Billing Arrangement, the Court may allow compensation different than that provided thereunder if the terms and conditions of the Alternative Billing Arrangement prove to have been improvident in light of developments not capable of being anticipated as of the date of this Order.

4. As Special Litigation and Compliance Counsel, BABC is authorized to provide the following services in connection with the Debtors' cases:

(a) represent the Debtors or other parties (except for AFI and Ally Bank) for which the Debtors provide servicing or sub-servicing services and/or whom the Debtors are obligated to defend or indemnify in existing or future litigation concerning claims related to mortgage loans and related servicing practices primarily, but not exclusively, within the jurisdictions of Alabama, Florida, Kentucky, Mississippi, North Carolina, Oklahoma, South Carolina, Tennessee, and Texas;

(b) represent the Debtors or other parties (except for AFI and Ally Bank) for which the Debtors provide servicing or sub-servicing services and/or for whom the Debtors are obligated to defend or indemnify in existing or future consumer and class action litigation relating to the Debtors' mortgage servicing operations;

(c) represent the Debtors in both litigation and pre-litigation matters involving state and federal regulatory inquiries, title insurance, pooling and servicing agreements, loan repurchase demands, servicing matters, and settlement services issues;

(d) provide litigation defense and corporate advice to the Debtors regarding a variety of REO related issues including title resolution, compliance with city and state ordinances, negotiation of fines/penalties, and the proper maintenance of countless REO properties;

(e) advise the Debtors regarding the performance and satisfaction of their obligations under and in compliance with (i) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, Residential Capital, LLC ("ResCap"), GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (ii) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, and (iii) all related agreements with the Debtors and their respective affiliates;

(f) advise the Debtors regarding compliance with various federal, state, and local laws, statutes, regulations, orders, and similar restrictions regarding the operation of the Debtors' businesses and the performance of their obligations under their servicing, sub-servicing, and related contracts and agreements;

(g) counsel and otherwise advise and assist the Debtors in the development, drafting, review, and revision of practices, policies, and procedures relating to the operation of the Debtors' businesses; and

3

        (h)      counsel and otherwise advise and assist the Debtors with regard to research and review projects as needed and directed by the Debtors in furtherance of the Debtors' ongoing business operations.

5. BABC shall use commercially reasonable efforts to avoid any duplication of services provided by any of the Debtor(s)' other retained professionals in these Chapter 11 cases.

6. BABC will coordinate with Morrison & Foerster to create and utilize task codes assigned by Morrison & Foerster for the matters which BABC will be handling in an effort to assist the Court and other parties in interest in monitoring any duplication of efforts.

7. If the Debtors request that BABC provide additional advice on matters substantially associated with the subject matter of BABC's retention but not specifically enumerated either herein, in the Application or in the Maddox Declaration, the Supplemental Maddox Declaration and the Second Supplemental Maddox Declaration, BABC shall advise the US Trustee and the official committee of unsecured creditors (the "Committee") to the extent possible of such additional matters, recognizing that such professional must protect attorney-client and other privileges.

8. Such other services as may be requested by the Debtors and agreed to by BABC shall be subject to separate approval by Court order.

9. For all Special Counsel Matters, BABC shall apply for compensation and reimbursement of expenses incurred following the Petition Date in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, such Bankruptcy Rules and Local Rules as may then be applicable from time to time, the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses, and any additional procedures that may be established by order of this Court.

4

10. If and to the extent that BABC has not already returned to the Debtors the Postpetition REO Payments and the Postpetition Non-REO Payments, BABC shall return such payments promptly to the Debtors.

11. Prior to any increases in BABC's rates, as set forth in paragraph 25 of the Application, BABC shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtors, the United States Trustee and any official committee. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether BABC's client has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in Section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to Section 330 of the Bankruptcy Code.

12. BABC shall apply any remaining amounts of its prepetition retainer as a credit toward postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to the first Order of the Court awarding fees and expenses to BABC.

13. BABC shall immediately withdraw from representing AFI and Ally Bank with respect to all matters.

14. The Debtors are authorized, empowered and directed to take all actions necessary to implement the relief granted pursuant to this Order.

15. The Hopper Objection (as such term is defined in the Memorandum Opinion) is hereby overruled, and the Committee Objection (as such term is defined in the Memorandum Opinion), to the extent not withdrawn by counsel for the Committee in open court, is hereby overruled.

16. To the extent there may be any inconsistency between the terms of the Application, the Maddox Declaration, the Supplemental Maddox Declaration, the Second Supplemental Maddox Declaration and this Order, the terms of this Order shall govern.

17. Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

18. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: August 20, 2012
      New York, New York

                                                    **/s/Martin Glenn**
                                                    MARTIN GLENN
                                        United States Bankruptcy Judge