UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
In re:                                                       :   Chapter 11
                                                             :
RESIDENTIAL CAPITAL, LLC, et al.,[1]                         :   Case No. 12-12020 (MG)
                                                             :
            Debtors.                                         :   Jointly Administered
------------------------------------------------------------ x

ORDER (I) GRANTING EXAMINER AUTHORITY TO ISSUE
SUBPOENAS FOR THE PRODUCTION OF DOCUMENTS AND
AUTHORIZING THE EXAMINATION OF PERSONS AND
ENTITIES, (II) ESTABLISHING PROCEDURES FOR
RESPONDING TO THOSE SUBPOENAS (III) APPROVING
ESTABLISHMENT OF A DOCUMENT DEPOSITORY AND
PROCEDURES TO GOVERN USE, AND (IV) APPROVING
<u>PROTECTIVE ORDER</u>

Upon the motion (the "<u>Motion</u>") of Arthur J. Gonzalez, the Court-appointed Examiner (the "<u>Examiner</u>") for Residential Capital, LLC and its affiliated debtors (collectively, the "<u>Debtors</u>") in the above-captioned cases (the "<u>Chapter 11 Cases</u>"), pursuant to 11 U.S.C. §§ 105(a), 1106(a)(3)-(4), 1106(b), 1109(b), and Fed. R. Bankr. P. 2004 ("<u>Bankruptcy Rule 2004</u>") for the entry of an order (i) authorizing the Examiner to issue subpoenas for the production of documents and the examination of persons and entities determined by the Examiner to have information relevant to the issues the Court has, or may, direct the Examiner to investigate (ii) establishing procedures governing responses to those subpoenas and the exhibits thereto submitted in support thereof (iii) approving the establishment of a central document depository

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings, filed with the Court on May 14, 2012. Additional subsidiaries and affiliates of the Debtors may file Chapter 11 petitions on a rolling basis. As used herein, the term "Debtors" includes any such entities.

and procedures to govern its use, and (iv) approving a uniform protective order; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation, and good and sufficient cause appearing therefor; it is hereby:

ORDERED, that the Motion is granted as set forth herein; and it is further

ORDERED, that the Examiner is authorized, but not directed, pursuant to Bankruptcy Rule 2004, to issue such subpoenas as may be necessary to compel the production of documents and the testimony of witnesses in connection with the Examiner's investigation; and it is further

ORDERED, that the Examiner shall serve each subpoena and a copy of this Order on the target of the subpoena, with copy to (i) the Debtors; (ii) the Official Committee of Unsecured Creditors; and (iii) the United States Trustee; and it is further

ORDERED, that the Examiner shall file with the Court an affidavit or declaration of service for each subpoena he serves; and it is further

ORDERED, that unless otherwise agreed to by the Examiner, witnesses shall have ten days from the service of the subpoena to either (1) produce to the Examiner all responsive documents requested in the Examiner's subpoena (except as otherwise provided herein) or (2) file with the Bankruptcy Court an objection or response to the subpoena, with a hearing promptly scheduled; _provided_, _however_, witnesses shall not be subject to the ten day time limitation set forth herein with respect to the production of electronic documents, but witnesses shall use their reasonable best efforts to produce such electronic documents to the Examiner as soon as is reasonably practicable, including on a rolling basis; and it is further

ORDERED, that, unless otherwise agreed by the Examiner, if a witness withholds any documents from the production based upon a claim of privilege, such witness is directed to provide the Examiner with a privilege log, containing the information required under Bankruptcy Rule 7026 within ten days of the service of the subpoena upon the witness; provided, however, witnesses shall not be subject to the ten day time limitation set forth herein with respect to a privilege log solely reflecting electronic documents, but witnesses shall use their reasonable best efforts to provide the Examiner with such a privilege log as soon as is reasonably practicable; and it is further

ORDERED, that absent other agreement with the Examiner, each witness is directed to submit to oral examination upon reasonable notice and, absent other agreement with the Examiner, in no event more than fifteen days from the date of service of a deposition subpoena upon such witness, which deposition counsel to the Debtors, the Official Committee of Unsecured Creditors, Ally Financial Inc., Cerberus Capital Management L.P., Wilmington Trust, as Indenture Trustee to the Senior Unsecured Notes, and the United States Trustee may attend; and it is further

ORDERED, that nothing herein limits the substantive rights of witnesses or other parties under applicable law to object to or oppose any subpoena the Examiner may serve, or to seek an extension of time to respond to any such subpoena; and it is further

ORDERED, that the Examiner is authorized to establish and maintain a centralized document depository (the "Document Depository"), subject to the protocols and procedures set forth herein:

    a. The Examiner shall establish and maintain a Document Depository to permit access by the persons and entities identified herein to all documents and other information (the "Discovery Material") produced to the Examiner by any individual or entity (a "Disclosing Party")

3

    other than Discovery Material that is designated "Highly Confidential" under the terms of the Protective Order (as defined below) by the Disclosing Party and which continue to retain such designation. The Document Depository shall be an electronic resource accessible through the Internet to those persons who are given an account and password therefor by the Examiner.

b.   The Debtors, the Official Committee of Unsecured Creditors, Ally Financial Inc., the United States Trustee, Wilmington Trust, as Indenture Trustee to the Senior Unsecured Notes, and the Ad Hoc Group of Junior Secured Noteholders, and those persons or entities who may in the future be granted access to the Document Depository pursuant to paragraph "h" below or by order of the Court as more particularly provided herein, and each of their Advisors (as defined in the Protective Order), shall be entitled to access to the Document Depository ("<u>Depository Designees</u>").

c.   The Document Depository shall hold Discovery Material in the form in which it was produced to the Examiner. The Examiner shall not be responsible for loading such Discovery Material onto any other electronic platform or application, or for processing or formatting the Discovery Material in any way.

d.   The Document Depository shall store all Discovery Material that is produced to the Examiner by a Disclosing Party in connection with the Examiner's investigation other than that which has been properly segregated and identified as "Highly Confidential" Discovery Material ("<u>Depositable Material</u>"). Disclosing Parties shall be responsible for clearly electronically segregating and identifying any "Highly Confidential" Discovery Material that they may produce to the Examiner separate from all other Discovery Material that they produce to the Examiner, at the time of such production. If "Highly Confidential" Discovery Material is produced to the Examiner without being clearly electronically segregated and identified as "Highly Confidential," the Examiner shall not be responsible for identifying or electronically separating and removing such "Highly Confidential" Discovery Material from the productions of Discovery Material in which they were commingled before depositing such productions into the Document Depository.

e.   Discovery Material that has been properly segregated and identified as "Professionals' Eyes Only" shall be stored in the Document Depository in a manner such that it is accessible only to those duly authorized representatives of Depository Designees to whom "Professionals' Eyes Only" Discovery Material may be disclosed under the terms of the Protective Order. Disclosing Parties, however, shall be responsible for clearly electronically segregating and identifying any "Professionals'

4

Eyes Only" Discovery Material that they may produce to the Examiner separate from all other Discovery Material that they produce to the Examiner, at the time of such production. If "Professionals' Eyes Only" Discovery Material is produced to the Examiner without being clearly electronically segregated and identified as "Professionals' Eyes Only," the Examiner shall not be responsible for identifying or electronically separating and removing such "Professionals' Eyes Only" Discovery Material from the productions of Discovery Material in which they were commingled before depositing such productions into the Document Depository, or before making such Discovery Material accessible to all duly authorized representatives of Depository Designees.

f. The Examiner shall deposit into the Document Depository all Depositable Material that has been produced to him to date. When the Examiner receives additional Depositable Material thereafter, he shall deposit all such additional Depositable Material into the Document Depository. The Examiner shall send notification to the Depository Designees of the receipt of each new production of Discovery Material, indicating that the material is, or soon will be, available for download.

g. Those persons who have identified themselves in writing as duly authorized representatives of the Depository Designees to the satisfaction of the Examiner shall be given an account and password by the Examiner that will enable them to have access to all of the Discovery Material in the Document Depository to which they are permitted access under the terms of the Protective Order, provided that such representative of such Depository Designee signs or already has signed the acknowledgment attached to the Protective Order as Schedule 1 (the "Acknowledgment"), subject to the provisions of this Order.

h. Any party to these Chapter 11 Cases who is not currently a Depository Designee and wishes to have access to the contents of the Document Depository (a "Requesting Party") shall provide written notice by e-mail of such request to the Examiner, the Depository Designees and the Disclosing Parties. If, within five (5) business days after such notice is given by a Requesting Party, no Disclosing Party and no existing Depository Designee gives written notice by e-mail to the Examiner, the Depository Designees and the Disclosing Parties, that it objects to the Requesting Party being given access to the contents of the Document Depository generally, or to the Discovery Material of one or more specifically identified Disclosing Parties, then the Requesting Party (and its Advisors, as defined in the Protective Order) shall become a Depository Designee upon signing the Acknowledgment, subject to the provisions of this Order. Those

5

      persons who have identified themselves in writing as duly authorized representatives of such Requesting Party to the satisfaction of the Examiner shall be given an account and password by the Examiner that will enable them to have access to all of the Discovery Material in the Document Depository to which they are permitted access under the terms of the Protective Order.

    i. If any Disclosing Party or any existing Depository Designee gives written notice by e-mail to the Examiner, the Depository Designees and the Disclosing Parties that it objects to a Requesting Party being given access to the contents of the Document Depository generally, or to the Discovery Material of one or more specifically identified Disclosing Parties, then the Court shall resolve whether or not the Requesting Party shall be allowed access to the Document Depository, or the Discovery Documents of the specifically identified Disclosing Parties, on expedited motion to be made by the Requesting Party. The Requesting Party shall not become a Depository Designee, or be given access to the Document Depository or to the Discovery Material of such specifically identified Disclosing Parties, unless and until a Court order allows such access and the representatives of the Requesting Party sign the Acknowledgment. Within three business days after such Court order and such signing of the Acknowledgment, those persons who have identified themselves in writing as duly authorized representatives of the Requesting Party to the satisfaction of the Examiner shall be given an account and password by the Examiner that will enable them to have access to all or such portion of the Discovery Material in the Document Depository to which they are permitted access under the terms of the Protective Order and as the Court order may permit.

    j. The Examiner shall promptly notify the Depository Designees by e-mail of the addition of any Discovery Material to the Document Depository, which notification shall include the identification of the Disclosing Party and any transmittal information provided by the Disclosing Party with respect to such added Discovery Material; and it is further

ORDERED, that the Uniform Protective Order for Examiner Discovery (the "Protective Order") attached hereto as Exhibit A is approved; and it is further

ORDERED, that the Depository Designees and any person who has been given an account and password for the Document Depository by the Examiner shall be bound by the terms of this Order, and of the Protective Order, and shall be deemed to have submitted to and to be

6

subject to the jurisdiction of the Court to address any issues regarding access to, use of, or operation of the Document Depository and/or its contents, or otherwise relating to the Document Depository and/or its contents or to the Protective Order.

ORDERED, that the Protective Order shall govern the disclosure, discovery, production and use of all Discovery Material provided to the Examiner in these Chapter 11 Cases, including that which is placed into the Document Depository; and it is further

ORDERED, that the Protective Order shall supersede any confidentiality agreements entered into by the Examiner with any parties in interest; and it is further

ORDERED, that this Court shall have exclusive jurisdiction to hear and determine all matters arising from or relating to this Order and its implementation.

Dated:   August 20, 2012
         New York, New York

                                                    **     /s/Martin Glenn          **
                                                         MARTIN GLENN
                                                    United States Bankruptcy Judge