**MCKEEVER LAW OFFICES PLLC**
Heather Boone McKeever, Esq.
P.O. Box 1181
Isle of Palms, South Carolina 29451
Telephone:  843-323-1174
Facsimile:   859-327-3277



AUG 17 2012

U.S. BANKRUPTCY COURT
SO DIST OF NEW YORK

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, et al.,<br><br>Debtors. | Case No. 12-12020 (MG)<br><br>Chapter 11<br><br>Jointly Administered |

## SCHEDULED CREDITOR'S MOTION FOR THE CLARIFICATION/ENFORCEMENT OF THE AUTOMATIC STAY AGAINST THE DEBTORS, CO-CREDITOR DEUTSCHE BANK AMERICAS AND COUNSEL

Comes the Scheduled Creditor, Shane M. Haffey, a family farmer, by counsel, and hereby files his Motion for the Enforcement of Automatic Stay against the Debtors and Enforcement of the Stay and Injunctive Relief Against Co-Creditor Deutsche Bank Americas and its Counsel of Record.  The Declaration of the Movant and that of undersigned counsel are attached hereto and incorporated herewith as Exhibits "A" and "B," respectfully.  Although there are claims against multiple Debtors, unless otherwise specified, the term "Debtor(s)" refers to Debtor GMAC Mortgage LLC.

The Motion is based on the following Memorandum:

# MEMORANDUM FOR CLARIFICATION/ENFORCEMENT OF THE AUTOMATIC STAY

## INTRODUCTION

On August 8, 2012, the Court entered its MEMORANDUM OPINION AND ORDER DENYING AURORA BANK'S MOTION TO MODIFY THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(d.) (ECF Doc. # 1021.)

Although the opinion in regards to the Automatic Stay was detailed in its factual and legal analysis as to both bankruptcy law and the application of the Final Supplemental Order of July 13, 2012, the heart and soul of the decision rested in the Court's affirmation that "the Court will not permit the automatic stay to be used as both a sword and a shield." *Id.* at 2.

The Motion before the Court involves the application of the "sword and shield" principal in the inverse, to a series of homeowner creditor claims against the Debtors, ("the cases,") which are pending before the 6th Circuit Court of Appeals and the United States District Court for the Eastern District of Kentucky Lexington Division and the Kentucky Fayette Circuit Court.[1] The Motion also pertains to directly related potential claims against the Debtors, individual employees of the Debtors and two of the Debtor's outside litigation law firms as Co-Defendants.

The cases have been listed by the Debtors on its schedules as unsecured claims.

---

[1] One of cases is "potentially" before the Kentucky Fayette Circuit Court as it is a Kentucky state filed slander of title, quiet title, and forgery claim against a "robo signed" Assignment of Mortgage drafted, executed and notarized by GMAC Mortgage LLC employees. One of the issues in the case is the attempted removal to Federal Court by GMAC's attorneys, Bradley, Arant Boult, and Cummings. (BABC,) and the subsequent Motion to Remand filed by the farm owner/creditor.

The cases have direct monetary claims against debtors GMAC Mortgage LLC, Rescap, RALI, RFC, and individual employees of GMAC Mortgage LLC.

The claims are in excess of the fair market value of the Lexington, Kentucky family farm which is at the crux of the cases.

The cases contain direct monetary claims against employees, such as GMAC robo signer, Patricia Kelleher and unnamed employees who played a part in fraudulent document drafting, execution and recording of both the Note, endorsements to the Note and Assignments of Mortgage.

The cases contain pending and potential claims against the agents of the Debtors, including individual attorneys and the Debtors' retained law firms of Bradley Arant Boult Cummings (BABC) and Cincinnati foreclosure mill, Dinsmore & Shohl.

The cases contain claims against at least one "entity," Deutsche Bank as Trustee, for which the Debtors could be contractually obligated for damages under a SEC registered Pooling and Servicing Agreement. (PSA.)[2]  Under a PSA, the Debtor/Defendants will be responsible for damages awarded against Co-Defendant Deutsche Bank as Trustee, especially punitive jury awards for overt acts of negligence and for the alleged fraud committed by the Debtors' employees and agents.

GMAC Bank, is the specific endorsee to a copy of Note allegedly used by Deutsche Bank in a foreclosure.

---

[2] Deutsche is referred to as an "entity" due to the fact that the Deutsche MBS Trust Corpus named by GMAC Mortgage LLC, as the Plaintiff in the lien enforcement case, does not exist in the records of the SEC or IRS. Additionally, The GMAC robo signed Assignment of Mortgage, from MERS to Deutsche Bank as Trustee has no Trust Corpus listed. The Assignment of Mortgage has been deemed fraudulent and a forgery by expert witness, Hon. Lynn Syzmoniak.

The direct claims in the cases against the Debtor/Defendants and Deutsche Bank put the Debtor/Defendants and Deutsche as Trustee in direct conflict. Regardless of this conflict of interest, the law firm BABC, represents both Deutsche Bank and the Debtor/Defendants simultaneously.

Although Mortgage Electric Registration Systems, Inc. ("MERS",) is a party to all the cases and is represented by it own Louisville, Kentucky counsel, the firm BABC also represents robo signer, Patricia Kelleher as a Defendant who is sued for fraud and forgery in her capacity as a MERS employee.

## **UNDISPUTED FACTUAL BACKGROUND**

On October 15, 2008, pursuant to Regulation Z of the Truth in Lending Act, the owners of a family farm rescinded a mortgage executed on May 18, 2007. The lien was not removed. Regardless, and pursuant to the TILA, the owners made a written "tender offer" for the value of the property and were fully prepared to follow the conditions of the TILA in regards to the rescission.

On the date of the rescission, the owners had never made a late payment in relation to the mortgage lien.

Prior to the rescission, payments were being made to Debtor, GMAC Mortgage LLC.

On the date of the rescission and up and until October 2009, the mortgage in question was recorded in the name of Mortgage Electronic Registration Systems, Inc. ("MERS.")

The Mortgage has never been recorded in the name of GMAC Mortgage LLC or GMAC Bank.

MERS had recorded the mortgage via an Assignment of Mortgage from the original Mortgagee, Bank of the Bluegrass and Trust Company.

4

The Assignment of Mortgage to MERS was dated, May 14, 2007, four days prior to the execution of the original mortgage.

The Assignment of Mortgage to MERS listed MERS as the "grantee" in its own right, not as a "nominee" of another entity.

MERS has never been a party in the chain of title to any Note for which the Mortgage would have been attached.

As a result of GMAC and MERS ignoring the TILA rescission, for which a written tender offer was made, and due solely to the continued refusal of counsel for GMAC Mortgage LLC, to engage in any form of settlement or mediation, the owner/creditors have been put through four years of costly federal litigation, with legal fees equating to up to 40% of the net present value of the farm.[3]

One year after the homeowners filed three separate monetary claims against the Debtors and the original lender and while a Declaratory Judgment on the TILA rescission and the direct monetary claims were pending, attorneys for the Debtors filed a lien enforcement (foreclosure) claim in equity in Federal Court.

The foreclosure claim was filed by the Debtor, GMAC Mortgage LLC's law firm.

The named Plaintiff used by the Debtors' law firm for the foreclosure claim was Deutsche Bank Americas as Trustee for 2007 QS-10 Trust.

---

[3]  The owner/creditor recently obtained the attorneys fees charged by BABC to GMAC Mortgage, LLC.  ($119,000.00+.)   Although the law firm BABC has represented Debtors GMAC Mortgage LLC, RALI, and RFC, simultaneously therewith, Deutsche Bank, MERS, and individual "employees" of MERS, the attorneys fees have been exclusively charged to debtor GMAC Mortgage LLC.
Pursuant to the formula mandated and utilized by Fannie Mae. the attorneys fees charged to the Debtors, equate to nearly 40% of the "net present value" of the farm.

The foreclosure Complaint filed by GMAC's law firm in the name of Deutsche Bank contained a Note specifically endorsed to GMAC Bank.

In the Chapter 11 at hand, there are two cases at issue, listed on the schedules of the Debtors. The cases involve allegations of fraud, forgery and fraud on the Court against the Debtor's and the Debtor's law firms.

## PROCEDURAL BACKGROUND TO THE CREDITOR'S CASES

1. **Residential Capital LLC c/o KCC PRF: HAFFEY-DEUTSCHE BANK & TRUST COMPANY OF THE AMERICAS V. HAFFEY 08-cv-459**

The scheduled claims against the Debtor are contained in four pending consolidated cases, noted by lead case, 08-cv-459, and are in listed in chronological order:

**(MERS SLANDER OF TITLE)** [4]
08-cv-456   Haffey v. MERS. Pending 6th Circuit Court of Appeals, case no. 10-5999. Currently held in abeyance.

The Assignment of Mortgage from Bank of the Bluegrass to MERS us attached hereto as Exhibit "C."

a.) Kentucky State Statutory Slander and Quiet Title against MERS and any and all Interested Parties to a May 14, 2007, Assignment of Mortgage to MERS.
- MERS held the May 14, 2007, Assignment of Mortgage in its own name, rather than as a "nominee."
- The original Mortgage was not executed by the owners until May 18, 2007.
- The original Mortgage can not be produced.
- GMAC Mortgage LLC and GMAC Bank had Notice of the case and chose not to participate.

---

[4] The outcome of the cases in relation to MERS ability to record and/or transfer mortgages filed in its own name, and the identity of parties who have standing to participate in Declaratory Judgments to TILA Regulation Z Rescissions; are two of a half a dozen issues which will be of first impression in relation to Kentucky law. The decisions not only effect every MERS recorded mortgage in Kentucky, but will have broad and far reaching effect on MERS mortgages in other judicial foreclosure states as well.

6

- The case challenges for the first time, the validity of every Mortgage and Assignment of Mortgage ever recorded in the state of Kentucky in the name of MERS in its own right.

### (DECLARATORY JUDGMENT ON THE RESCISSION) [5]

08-cv-459  *GMAC Mortgage LLC v. Haffey*. Pending 6th Circuit Court of Appeals.

a.) Federal Declaratory Judgment in relation to the owners' October 15, 2008, TILA rescission of a MERS Mortgage lien.
   - Filed by GMAC Mortgage LLC.
   - GMAC Mortgage LLC or GMAC Bank have never been a Mortgagee.
   - MERS, is the Mortgagee, in its own right, not as a "nominee."
   - There is no Note or Mortgage entered into evidence with the Declaratory Complaint.
   - In 2009, Debtor's attorneys substitute a third party, Deutsche Bank as the GMAC Mortgage LLC Plaintiff and begin their simultaneous representation of Debtors and Co-Creditor, Deutsche Bank Americas.
   - March 2, 2010, recorded Notice is given to the Debtors and their law firm that there is an FDIC investigation in regards to the robo signed Assignment of Mortgage. (The investigation became part of the Department of Justice's fraud prosecution in the *Szymoniak*, Qui Tam case.)

### (TILA AND FRAUD CLAIMS FOR DAMAGES)

08-cv-510, *Haffey v. GMAC Mortgage LLC and MERS*. Pending 6th Circuit Court of Appeals, case no. 10-5999. Currently held in abeyance.

a.) Damage claim based in TILA and Kentucky Conspiracy law against GMAC Mortgage LLC and the Mortgagee, MERS.
b.) Treble and punitive damage claims in excess of 5 million dollars, ($5,000,000.00.)

### (LIEN ENFORCEMENT IN PERSONAM AND IN EQUITY WITH MONETARY COUNTERCLAIMS UNRELATED TO SET OFF)

09-cv-362, *Deutsche v. Haffey*. Pending 6th Circuit Court of Appeals. Held in abeyance.

The Note endorsed to GMAC Bank is attached as Exhibit "D."
The 2009 Assignment of Mortgage from MERS is attached as Exhibit "E."
The Expert Witness Affidavit of Hon. Lynn Szymoniak is attached as Exhibit "F."

---

[5] Although GMAC Mortgage LLC filed a Declaratory Judgment in relation to the TILA Rescission, while a Slander/Quiet Title against lien recorder, MERS, was pending, GMAC never participated as a party claiming an interest to the property, in the Slander/Quiet Title, 08-cv-456.

a.) A lien enforcement claim (foreclosure) in equity by Deutsche Bank of Americas as a Trustee for an unregistered 2007 REMIC MBS Bond Fund/Trust. BABC (Debtors' law firm) are current attorneys of record for Deutsche.

- Note attached to the Complaint is specifically endorsed to GMAC MORTGAGE LLC.
- There is a 2009 Post-foreclosure Mortgage Assignment from MERS in its own right to Deutsche Bank executed by GMAC Employee, posing as an employee of MERS.
- Affidavits executed by GMAC Mortgage LLC employees in relation to ownership of the Note, alleged to be based in fraud and a Fraud on the Court.
- Rule 11 raised against GMAC Mortgage LLC's attorneys, BABC as well as Fraud on the Court.
- Assignment of Mortgage deemed a fraud and forgery by Expert Witness, Lynn Szymoniak.
- The Affidavit and the case itself are contained in the evidentiary file of the Department of Justice's prosecution of the Debtors,
- Debtors law firm BABC have unique first hand knowledge that the Szymoniak Affidavit is part of the files of the Department of Justice.
- No discovery has ever been taken.
- Damage issues regarding BABC's violations of Rule 26 in regards to BABC's refusal to provide initial Court ordered discovery.
- Potential damage claims for Debtors' violation of the FDIC April 13, 2011 Consent Judgment. The foreclosure case was filed during the period covered by the Consent Judgment in regards to the Cease and Desist Order, mandatory litigation mitigation and financial remuneration for the filing of the fraudulent foreclosure.
- Two scheduled Mediations for the settlement of all four cases, unilaterally cancelled by BABC attorney, Christopher Thorsen, counsel of record for both Deutsche and the Debtors.
- Kentucky law requires an *in personam* claim and Judgment against all parties to the underlying debt, "the Note," as well as all parties to the Mortgage.
- Direct Counterclaim damages in excess of 5 million dollars ($5,000,000.00.)

2.  **(SLANDER OF TITLE, FORGERY AND FRAUD, AGAINST DEUTSCHE AND GMAC ROBO SIGNER PATRICIA KELLEHER)** [6]

---

[6] The term "robo signer" is the official term used by the Justice Department in relation to the multi-billion dollar mortgage document fraud Complaint and 2012 Consent Judgment, filed by the Federal Government and all 50 Attorney Generals, to describe GMAC's use of its own employees to fabricate, execute and notarize false Affidavits in relation to ownership and interest in mortgage loans, including the GMAC employees statements under oath on Assignments of Mortgages that they are "Vice Presidents" or

**Residential Capital LLC c/o KCC PRF: HAFFEY, ON BEHALF OF HIMSELF & AS A RELATOR QUI TAM ON BEHALF OF FAYETTE COUNTY CLERK VS GENTRY MECHANICAL SYS ET AL 11-cv-188.**

a.) *Qui Tam* Slander of Title against Deutsche and GMAC Mortgage LLC employee, Patricia Kelleher.
b.) Quiet Title as to robo signed Assignment of Mortgage to Deutsch generically with no MBS reference.
c.) Fraud and forgery under common law and Kentucky's recording and forgery statutes in the drafting, execution, notary and recording of a 2009 post-foreclosure Assignment of Mortgage from MERS to Deutsche Bank as Trustee. (There is no Trust Corpus or MBS listed on the Assignment of Mortgage.)
d.) Fraud on the Court by GMAC Mortgage LLC and counsel of record BABC.
e.) The case challenges for the first time, the legality of every Assignment of Mortgage ever recorded in the State of Kentucky wherein a GMAC Mortgage LLC employee has executed such posing as a MERS employee.
f.) Treble and punitive damages requested in excess of five million dollars ($5,000,000.00.)
   - The Assignment of Mortgage has been deemed a fraud and forgery by the Expert Witness Affidavit, of Hon. Lynn Szymoniak.
   - The Assignment of Mortgage is in the possession of the Department of Justice and is in the evidentiary file in relation to the Federal *Qui Tam* case,
   - GMAC Mortgage LLC employee, Patricia Kelleher is a named Defendant in her individual capacity and as an employee of MERS.
   - Counsel for GMAC Mortgage LLC, BABC is simultaneously representing Deutsche Bank as the recorded lien holder, Patricia Kelleher as a GMAC employee and MERS.
   - Liability for all damages will be the sole responsibility of the Debtors.

## POTENTIAL CLAIMS

In addition to the pending cases, the owner/creditor will be filing direct monetary claims against the Debtors and their law firm, BABC.

The first claim is based on the Debtors and BABC's knowledge of the cases as part of an investigation by the Department of Justice, which includes the Affidavit of Expert Witness, Hon. Lynn Szymoniak and the specific Note and Mortgage documents at the center of the current cases.

---

other executives of MERS.   *See.* http://www.justice.gov/opa/pr/2012/March/12-asg-306.html, http://www.justice.gov/opa/documents/residential-consent-judgement.pdf

In April 2012, at the request of the Department of Justice, undersigned counsel met with and was interviewed by, United States Attorney, Hon. Fran Trapp, at the Department of Justice in Charleston, South Carolina.

United States Attorney Fran Trapp is the prosecutor in charge of the *Qui Tam* foreclosure fraud prosecution, *United States ex. Rel. Szymoniak v. GMAC/RESCAP, et al.*, which led to the 95 million dollar settlement with four of the five Defendants. *See Ms. Trapp's Press Release.* http://www.justice.gov/usao/sc/LivePressReleases/3.12.12%20Szymoniak.pdf. The press release is attached for the convenience of the Court as Exhibit "G."

The Szymoniak Settlement is part of the National Mortgage Settlement ("the Consent Judgment") reached with both the Federal Government and the 50 Attorney Generals in regards to robo signing and other accusations of mortgage fraud. *United States of America v. Bank of America, et al.*, 2012-cv-361, United States District Court for the District of Columbia.

The Debtors are parties to and are currently bound by the Federal multi-billion dollar, Consent Judgment.

The second claim pertains to the Debtors and BABC's partnership in regards to the deliberate violations of the Debtors April 13, 2011, Consent Judgment between the Debtors and Board of Governors of the Federal Reserve and the FDIC.

The Judgment specifically targets the foreclosure actions of the Debtors between January 1, 2009 through December 31, 2010. The foreclosure in the cases at hand was filed in October 2009.

As part of the April 13, 2011, Judgment, the Debtors admitted:

"in connection with the process leading to certain foreclosures involving the Servicing Portfolio . . .

(a) Filed or caused to be filed in state courts and in connection with bankruptcy proceedings in federal courts numerous affidavits executed by employees of the Mortgage Servicing Companies or employees of third-party providers making various assertions, such as the ownership of the mortgage note and mortgage, the amount of principal and interest due, and the fees and expenses chargeable to the borrower, in which the affiant represented that the assertions in the affidavit were made based on personal knowledge or based on a review by the affiant of the relevant books and records, when, in many cases, they were not based on such knowledge or review;

(b) Filed or caused to be filed in courts in various states and in connection with bankruptcy proceedings in federal courts or in the local land record offices, numerous affidavits and other mortgage-related documents that were not properly notarized,
including those not signed or affirmed in the presence of a notary;

(c) Litigated foreclosure and bankruptcy proceedings and initiated non-judicial foreclosures without always confirming that documentation of ownership was in order at the appropriate time, including confirming that the promissory note and mortgage document were properly endorsed or assigned and, if necessary, in the possession of the appropriate party;

(d) Failed to respond in a sufficient and timely manner to the increased level of foreclosures by increasing financial, staffing, and managerial resources to ensure that the Mortgage Servicing Companies adequately handled the foreclosure process; and failed to respond in a sufficient and timely manner to the increased level of Loss Mitigation Activities to ensure timely, effective and efficient communication with borrowers with respect to Loss Mitigation Activities and foreclosure activities; and

(e) Failed to have adequate internal controls, policies and procedures, compliance risk management, internal audit, training, and oversight of the foreclosure process, including sufficient oversight of outside counsel and other third-party providers handling foreclosure-related services with respect to the Servicing Portfolio.

In *the Matter of ALLY FINANCIAL INC., ALLY BANK, RESIDENTIAL CAPITAL, LLC GMAC MORTGAGE, LLC FRB* Docket No. 11-020-B-HC, 11-020-B-DEO, FDIC-11-123b, at 3.

There are three employees of the Debtors, who took personal responsibility in regard to the implementation and strict adherence to the Consent Judgment, in as far as the immediate "Cease and Desist" of the prosecution of illegal foreclosures and the payment

of damages to homeowners.

> WHEREAS, the boards of directors of Ally Financial, ResCap, and GMAC Mortgage, at duly constituted meetings, adopted resolutions authorizing and directing Michael A. Carpenter, Thomas Marano, and Steven M. Abreu to enter into this Consent Order to Cease and Desist (the "Order") on behalf of Ally Financial, ResCap, and GMAC Mortgage, respectively, and consenting to compliance with each and every applicable provision of this Order by Ally Financial, ResCap, and GMAC Mortgage, and their institution-affiliated parties, . . .

*Id.* at 6.

The Debtors as represented by the three individual employees, and in partnership with the Debtors' law firm, BABC, have violated the Consent Judgment in regards to both the defense of the Creditor's 2008 monetary claims and the 2009 attempted foreclosure of the family farm.

The Creditor is third party contractual beneficiaries of the April 13, 2011 Consent Judgment and the 2012 Universal Consent Judgment executed by the Debtors.

There are outstanding claims against the Debtors, the Debtors' law firm BABC and Mr. Carpenter, Mr. Marano and Mr. Abreu for the violations of the Consent Order.

The direct monetary damages are directly connected to the pending creditor's cases at hand.

## DISCUSSION

### I.
### THE INJUNCTION PROVIDED BY THE AUTOMATIC STAY SHOULD BE ENFORCED IN REGARDS TO THE SCHEDULED CLAIMS (THE CASES)

> The automatic stay affords "one of the fundamental debtor protections provided by the bankruptcy laws." *Midlantic Nat'l Bank v. New Jersey Dep't of Evntl. Protection*, 474 U.S. 494, 503 (1986). It maintains the status quo and protects the debtor's ability to formulate a plan for the sale or other disposition of property of the estate. COLLIER ON BANKRUPTCY ¶ 362.03 (16th ed. rev. 2012).

> The automatic stay is intended to "allow the bankruptcy court to centralize all disputes concerning property of the debtor's estate so that reorganization can proceed efficiently, unimpeded by uncoordinated proceedings in other arenas." *SEC v. Brennan*, 230 F.3d 65, 71 (2d Cir. 2000) (internal quotation omitted). In this regard, the automatic stay "promot[es] equal creditor treatment and giv[es] the debtor a breathing spell." *In re Pioneer Commercial Funding Corp.*, 114 B.R. 45, 48 (Bankr. S.D.N.Y. 1990). The stay is not meant, however, to be used by a debtor to pursue its creditors, as "more litigation is hardly consistent with the concept of a 'breathing spell' for the debtor." *Sternberg v. Johnston*, 582 F.3d 1114, 1124 (9th Cir. 2009).
>
> Instead, "[t]he stay is a shield, not a sword" that should "help the debtor deal with his bankruptcy for the benefit of himself and his creditors alike." Id.
>
> *MEMORANDUM OPINION AND ORDER DENYING AURORA BANK'S MOTION TO MODIFY THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(d)*, August 8, 2012, at 5.

As with the Aurora case, there are direct monetary claims against the Debtors and/or their agents in 08-cv-456, 08-510 and 11-188 and direct monetary Counterclaims in 09-362.

At the same time, the Debtors are the real party in interest and financially liable for damages resulting from the Declaratory Judgment in consolidated case 08-cv-459:

> At the same time the Debtors may not pursue their claim for declaratory relief against [Haffey.] *Sternberg v. Johnston*, 582 F.3d 1114, 1123-24 (9th Cir. 2009) ("[W]e have explained that the stay gives the debtor time to put finances back in order, offers the debtor an opportunity to reorganize so that creditors can be satisfied to the greatest extent possible, and prevents creditors from racing to devour the debtor's estate . . . . We have never said the stay should aid the debtor in pursuing his creditors . . . . The stay is a shield, not a sword." (internal quotation marks and citations omitted)).
>
> *Id.* at 8.

## II.
## THE NOTE IN CONTROVERSY IS "ON PAPER" AN ASSET OF THE DEBTORS ESTATE AND HAS BEEN ILLEGALLY UTIILIZED TO ATTEMPT A LIEN ENFORCEMENT IN THE NAME OF DEUTSCHE BANK

While three claims were pending against the Debtors in relation to the TILA rescission, Document fraud, and Slander of Title, the Debtors attorneys filed a foreclosure in equity in the name of Deutsche Bank Americas as Trustee of the 2007 Qs-10 Trust. Case no. 09-362.

No such MBS entity is registered with the SEC or the IRS.

The proceeds of the lien enforcement were for the sole benefit of the Debtors.

All legal fees in regard to the lien enforcement have been invoiced to the Debtors.

The copy of a Note attached to the foreclosure is specifically endorsed to GMAC Bank.

The Debtors bankruptcy schedules shows that Deutsche Bank Americas is one of the largest creditors of the Debtors.

However, Deutsche Bank is represented by Debtors law firm, BABC.

Although the legitimacy of both GMAC and Deutsche Bank as a creditor, has always been in question, (beginning with the October 15, 2008 TILA rescission and Slander and Quiet Title Complaint,) for purposes of this Motion, the owner/creditor asserts that the copy of the Note, as presented as evidence, is an asset of the Debtors' bankruptcy estate.

As such, Deutsche Bank and Debtor's law firm, BABC, should be enjoined from further participating in any and all litigation regarding the property and should be sanctioned accordingly.

Upon information and belief, neither the original of the Note or the Mortgage exist.

The Movant/creditor, is not a signatory to the Note and denies the authenticity of his signature to the Mortgage.

The Movant/creditor does not have any financial obligation under the terms of the

Note presented.

Mr. Haffey owns the family farm under Kentucky law in a tenancy by its entirety.

Under Kentucky law, if the Mortgage in question were ever produced and deemed authentic and if the original Note were produced by the real owner and successfully used to foreclose the lien, the liquidation of the property could not take place as with the wedding vows, "the two have become one." The property of the tenancy by the entirety can not be divided (liquidated) by the creditors of one of the tenants (spouses.)

### III.
### THE DEBTORS BANKRUPTCY ATTORNEYS (OR SPECIAL COUNSEL) SHOULD EXCLUSIVELY REPRESENT THE DEBTORS IN LITIGATION IN REGARDS TO THE CASES AND ALL FUTURE POTENTIAL CLAIMS AGAINST THE DEBTORS

As previously discussed, the Debtors outside litigation firm, BABC is potentially a Third Party Defendant in the cases at hand and a Co-Defendant in new direct monetary claims against the Debtors in regard to their unique knowledge of these cases as part of the Department of Justice's evidentiary file of the *Szymoniak, supra., Qui Tam* case and BABC's role in the Debtor's violations of the April 13, 2011, Consent Judgment.[7]

There is a conflict of interest between the Debtors and BABC. The continued involvement of BABC in the cases puts the interests of both the Debtors and its Creditors at stake.

The record in the cases and the Declaration of undersigned counsel, in regards to

---

[7] There has been no discovery in any of the pending Consolidated Cases. Rule 11 and Fraud on the Court have been raised against BABC. Undersigned counsel has, to date, refrained from naming BABC as a Third Party Defendant, pending receipt of information from the Department of Justice as to the extent of BABC's knowledge that the property in question and the "loan" documents proffered by BABC to the United States District Court are included in the evidentiary file of the DOJ's prosecution of the Debtors in the *Szymoniak* Qui Tam case.

BABC's handling of the cases, at the very least gives the Appearance of Impropriety and could, with the taking of discovery along with the records of the Department of Justice, show that BABC was a Co-Conspirator with the Debtors in regard to the fraud issues raised in the cases.

No less significant is the fact that the record in the cases and the Declaration of undersigned counsel show that BABC has been working against the Debtor's best interest in the cases.[8]

The potential new direct monetary claims will be filed within the bankruptcy, pursuant to the Automatic Stay. The claims directly stem from the actions of the Debtors and its law firm BABC, in the cases *sub judice* and BABC' dealings with Federal Regulators, the FDIC, the OCC and the Department of Justice as counsel for the Debtors.

The cases should be contained within the bankruptcy estate and brought to their logical conclusion by Debtor's bankruptcy counsel, or Court appointed special counsel. The law firm BABC should be barred from further participation in any current or future claims regarding the owner/creditor's property and the creditor's direct monetary claims against the Debtors.

---

[8] The legal fees paid to BABC are funded by the US taxpayers, who currently own a 74% majority share of the Debtors. In an ironic twist, the owners of the property in question are part of the pool of taxpayers who are the majority shareholders of the Debtors; much like the Bond Holders to an MBS. The owner/creditors to these cases, and the rest of the tax paying public have, involuntarily and unwittingly funded the law firms who have participated in the Debtors' illegal foreclosure practices and have funded the improper taking of thousands of American homes. As the majority shareholder, the tax paying public are arguably the only real parties in interest with a majority in relation to the Debtors Bankruptcy and all other affairs of the Debtors and its parent company, Ally Bank.

## CONCLUSION

WHERFORE, the Movant/creditor respectfully requests that the Motion be heard by the Court at its earliest convenience and the Automatic Stay enforced and an Order issued accordingly.

Dated: August 16, 2012

Respectfully submitted,

/s/ Heather Boone McKeever
MCKEEVER LAW OFFICES PLLC
P.O. Box 1181
Isle of Palms, SC 29451
Tel. 843-323-1174
Fax. 859-327-3277
COUNSEL FOR CREDITOR
SHANE M. HAFFEY