

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

CIVIL ACTION 5:08-459-JBC

GMAC MORTGAGE LLC                                    Plaintiff

v.          **DECLARATION OF SHANE HAFFEY**

HEATHER BOONE MCKEEVER, *et al.*          Defendants

\* \* \* \* \* \* \* \* \* \* \*

I, Shane Haffey, pursuant to 28 U.S.C. § 1746, in opposition to the substituted Plaintiff Deutsche Bank's Motion for Summary Judgment and in support of my own Motion for Summary Judgment declare and state:

1. Unless otherwise stated herein, I have personal knowledge of the facts stated in this declaration and when called upon by a court of law to do so, I will testify competently to them.

2. Since 2003, I have been the owner as a tenant by the entirety of the family farm which is the subject matter of these actions. The farm has been at all times relevant hereto, my principle residence where my family resides.

3. My sole source of income is through the farm.

4. On the afternoon of May 18, 2007, I executed a Mortgage lien relating to the farm to complete the construction of my farm house, barn and paddocks.

5. The Mortgage I signed replaced a February 21, 2007 renewal Note which was set to renew on February 21, 2008. Exhibit (1.)

6. I did not execute a Promissory Note in relation to the Mortgage.

EXHIBIT A

7. When I arrived to sign the Mortgage on May 18, 2007, the document was turned to the signature page with a post-it arrow pointing to the signature line. I was alone when I executed the mortgage. There was no witness.

8. I did not see any dates on the Mortgage.

9. I did not review the Mortgage document prior to signing it.

10. I believed that the Mortgage was a re-financing with the Bank of the Bluegrass for a private in-house loan. I had executed several Mortgages over the years with the Bank of the Bluegrass prior to this Mortgage. All prior loans were private and held in-house.

11. The loan and Mortgage I signed was not really with the Bank of the Bluegrass, but was in turn, a Mortgage relating to a loan made to my wife by GMAC Bank. Bank of the Bluegrass had nothing to do with the loan and acted merely as an agent for GMAC.

12. GMAC Bank reported to me that the insurance policy put in place at the loan's inception was for the benefit of GMAC not the Bank of the Bluegrass. The Insurance Declaration page as provided to me by GMAC Bank is attached as Exhibit (2.)

13. The fact that the loan was funded through a wire transfer from GMAC Bank was confirmed to me through the Bank of the Bluegrass's President, Mr. Bill Allen.

14. The February 21, 2007, loan was stamped paid in full on May 24, 2007 with funds sent by GMAC Bank, not the Bank of the Bluegrass.

15. The true identity for the lender relating to the Mortgage I signed was concealed and unknown to me.

16. If I had known the true identity of the lender for the loan was not the Bank of the Bluegrass, I would have never signed the Mortgage.

17. There were no other documents presented to me with the Mortgage nor were there any other pieces of paper or documents with the Mortgage. In other words, there were no other documents, including but not limited to the Promissory Note, any Truth in Lending documents or a Notice to Right to Cancel on the table with the Mortgage.

18. I was not given any documentation upon my departure. I did not receive a copy of the Mortgage upon departure.

19. The date typed "May 14, 2007," on the signature page did not exist when I executed the Mortgage. The date is a lie.

20. Any statement in the record of this case asserting that this Mortgage was signed on May 14, 2007, is a lie.

21. I have never signed any documents in relation to the loan except the Mortgage.

22. The Notice of Right to Cancel, dated May 14, 2007, presented to the Court as Exhibit to the Motion for Summary Judgment is a lie and based in fraud.

23. The fraudulently presented Notice to Right to Cancel was executed by me in relation to a Mortgage Loan which never took place; the loan having been rejected by my wife and myself at approximately 5:30pm on May 14, 2007.

24. The terms and interest rate for the May 14, 2007 rejected loan were completely different to the Promissory Note given to my wife to sign on May 18, 2007 in relation to the Mortgage I executed on May 18, 2007.

25. The fraudulently presented May 14, 2007, Notice to Right to Cancel was presented and executed in relation to the May 14, 2007, unconsummated loan closing.

26. It was my understanding upon departing from the May 14, 2007 unconsummated loan closing that all documents relating to the unconsummated loan would be shredded.

27. The Clerk's records for my farm indicate that a Mortgage was Assigned to Mortgage Electronic Registration Systems from the Bank of the Bluegrass on May 14, 2007.

28. The Assignment of Mortgage is dated four (4) days before I signed the Mortgage on the afternoon of May 18, 2007.

29. The May 14, 2007, Assignment of Mortgage relates to a Mortgage which never existed.

30. On October 15, 2008, the May 18, 2007, Mortgage I executed was rescinded by me under TILA Regulation Z. Notice was sent to the Bank of the Bluegrass, GMAC Bank and Mortgage Electronic Registration Systems as it was unclear as to which entity would claim a valid recorded Mortgage.

31. Although the Mortgage was not released by either the Bank of the Bluegrass GMAC or Mortgage Electronic Registration Systems, a written tender offer of

the "value" of the property was made in November 2008. The tender offer was not accepted.

32. Since the tender offer was made in November 2008, my wife and I have attempted to work in good faith the settle these matters by a tender offer of the value of the property to the real owner of the underlying debt and through consistent offers to attend mediation.

33. Attempts at settlement or mediation have continually been rejected by the lawyers for GMAC on behalf of the Plaintiff., Deutsche Bank.

34. In spite of the fact that I have been trying to settle this matter since 2008, I have never been contacted by any party connected to the Mortgage loan in relation to a loan modification, or any other Government sponsored loan program or as ordered and dictated by the Office of the Comptroller or F.D.I.C.

35. It is my understanding that GMAC Bank, although the original lender, is no longer making a claim in the underlying debt attached to the Mortgage I signed. According to the records of the Fayette County Clerk, GMAC Bank has never filed a lien on my farm. An Assignment of Mortgage was signed from Bank of the Bluegrass to Mortgage Electronic Registration Systems four days before I ever signed the Mortgage.

36. It is my understanding that GMAC Bank and its Servicer, GMAC Mortgage LLC are entities whose majority shareholder is the United States Treasury. GMAC is the sole entity funding the attempted foreclosure of my family farm, and is the sole entity controlling the attorneys prosecuting the foreclosure.

37. Although GMAC is not owed any money by my wife or ever held a mortgage in my farm, it is my understanding that GMAC intends to keep any and all proceeds of the foreclosure.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that all of the forgoing is true and correct.

Executed this 12th day of December 2011

*Shane Haffey*
Shane Haffey

| BORROWER'S NAME AND ADDRESS | LENDER'S NAME AND ADDRESS | |
|---|---|---|
| LEXINGTON, KY 40515 | LEXINGTON, KY 40507 | Date 02-21-2007 |
| | | Maturity Date 02-21-2008 |
| | | Loan Amount $ 935,000.00 |
| | | Renewal Of 24130-15 |
| "I" includes each borrower above, jointly and severally. | "You" means the lender, its successors and assigns. | |

For value received, I promise to pay to you, or your order, at your address listed above the **PRINCIPAL** sum of **NINE HUNDRED THIRTY FIVE THOUSAND AND NO/100**
_____ Dollars $ 935,000.00 _____

☐ **Single Advance:** I will receive all of this principal sum on _____. No additional advances are contemplated under this note.
☒ **Multiple Advance:** The principal sum shown above is the maximum amount of principal I can borrow under this note. On 02-21-2007
_____ I will receive the amount of $882,538.20 _____ and future principal advances are contemplated.
**Conditions:** The conditions for future advances are _____
_____

☐ **Open End Credit:** You and I agree that I may borrow up to the maximum amount of principal more than one time. This feature is subject to all other conditions and expires on _____.
☒ **Closed End Credit:** You and I agree that I may borrow up to the maximum only one time (and subject to all other conditions).

**INTEREST:** I agree to pay interest on the outstanding principal balance from _____ 02-21-2007 _____ at the rate of _____ 8.250 % per year until 02-22-2007 _____.

☒ **Variable Rate:** This rate may then change as stated below.
  ☒ **Index Rate:** The future rate will be **EQUAL TO** _____ the following index rate: **THE BASE RATE ON CORPORATE LOANS POSTED BY AT LEAST 75% OF THE NATION'S 30 LARGEST BANKS KNOWN AS THE WALL STREET JOURNAL PRIME RATE. THE RESULT OF THIS CALCULATION WILL BE ROUNDED TO THE NEAREST 0.125**
  ☐ **No Index:** The future rate will not be subject to any internal or external index. It will be entirely in your control.
  ☒ **Frequency and Timing:** The rate on this note may change as often as **EVERY DAY BEGINNING 02-22-2007** _____.
     A change in the interest rate will take effect **ON THE SAME DAY** _____.
  ☒ **Limitations:** During the term of this loan, the applicable annual interest rate will not be more than _____ **24.000**% or less than _____ **6.000** %. The rate may not change more than _____ % each _____.
**Effect of Variable Rate:** A change in the interest rate will have the following effect on the payments:
  ☒ The amount of each scheduled payment will change.    ☒ The amount of the final payment will change.
  ☐ _____

**ACCRUAL METHOD:** Interest will be calculated on a _____ **ACTUAL/365** _____ basis.
**POST MATURITY RATE:** I agree to pay interest on the unpaid balance of this note owing after maturity, and until paid in full, as stated below:
  ☒ on the same fixed or variable rate basis in effect before maturity (as indicated above).
  ☐ at a rate equal to _____.

☒ **LATE CHARGE:** If a payment is made more than _____ 10 _____ days after it is due, I agree to pay a late charge of **5.000% OF THE PAYMENT AMOUNT WITH A MAX OF $25.00**

☒ **ADDITIONAL CHARGES:** In addition to interest, I agree to pay the following charges which ☐ are ☒ are not included in the principal amount above: _____

**PAYMENTS:** I agree to pay this note as follows:
ON DEMAND, BUT IF NO DEMAND IS MADE THEN MONTHLY PAYMENTS OF ACCRUED INTEREST CALCULATED ON THE AMOUNT OF CREDIT OUTSTANDING BEGINNING ON 03-01-2007 AND PRINCIPAL DUE ON 02-21-2008. THIS IS A VARIABLE RATE LOAN AND THE PAYMENT AMOUNTS MAY CHANGE. THE FINAL PAYMENT MAY ALSO CHANGE.

**ADDITIONAL TERMS:**

EXHIBIT 1

☒ **SECURITY:** This note is separately secured by (describe separate document by type and date):
1ST RE MTG. 3250 DELONG RD, LEXINGTON, DATED 02/21/07

(This section is for your internal use. Failure to list a separate security document does not mean the agreement will not secure this note.)

**PURPOSE:** The purpose of this loan is **CONSUMER: COMPLETE RENOVATION AND INCREASE LINE OF CREDIT PURS TO KRS CH:290**
**SIGNATURES: I AGREE TO THE TERMS OF THIS NOTE (INCLUDING THOSE ON PAGE 2).** I have received a copy on today's date.

Signature for Lender
_____
BILL ALLEN PRESIDENT

_____
SHANE HAFFEY

_____
HEATHER HAFFEY

05/14/2007 08:54 FAX 8599710205                                                              @002

## DECLARATIONS

We will provide the insurance described in this policy in return for the premium and compliance with all applicable provisions of this policy.

Coverage afforded by this policy is provided by:

STATE FARM FIRE AND CASUALTY COMPANY
2500 MEMORIAL BOULEVARD
MURFREESBORO TN 37131

A Stock Company with Home Offices in Bloomington, Illinois.

17-EE-7661-4    Policy Number

**Named Insured and Mailing Address**
HAFFEY, HEATHER & SHANE
3250 DELONG RD
LEXINGTON, KY 40515-8531

The Policy Period begins and ends at 12:01 a.m. Standard Time at the residence premises.

09/29/2006    **Effective Date**
              12 months-Policy Period
09/29/2007    **Expiration of Policy Period**

**Limit of Liability - Section 1**

$ 1,089,000 Coverage A Dwelling

**Policy Type**
Homeowners Policy
 Dwell Repl Cost - Similar Construction
 Increase Dwlg Up to $217,800 - Option ID

**Location of Premises**
3250 DELONG RD
LEXINGTON, KY 40515-8531

**Automatic Renewal** - If the Policy Period is shown as 12 months, this policy will be renewed automatically subject to the premiums, rules and forms in effect each succeeding policy period. If this policy is terminated, we will give you and the Mortgagee/Lienholder written notice in compliance with the policy provisions or as required by law.

**Deductibles - Section 1 $2000**
ALL LOSSES    In case of loss under this policy, the deductible will be applied per occurrence and will be deducted from the amount of the loss. Other deductibles may apply - refer to your policy.

**Policy Premium**    $3,119.91

**Forms, Options, & Endorsements**
FP-7955.KT        HOMEOWNERS POL
LSP A1            SMLR CONST-A
LSP B1            IMT RPLC COST-B
OPT ID            COV A-INCR DWLG
OPT OL            BLD ORD/LAW-10%

**Mortgagee**
GMAC BANK WHOLESALE
MORTGAGE LENDING
ITS SUCCESSORS AND/OR ASSIGNS
PO BOX 4025
CORAOPOLIS, PA 15108-6942

Loan Number: 601745572

**Agent Name & Address**
MCCARTY, C. DWIGHT
3620 WALDEN DRIVE
SUITE 211
LEXINGTON, KY
40517-2066    (859)971-0266

Prepared:    May 14, 2007

559-916.5

2158
Agent's Code
**MORTGAGEE COPY**

EXHIBIT 2

**GMAC 0221**

05/14/2007 08:55 FAX 8599710205                                                              ☒003



**PREMIUM NOTICE**
**STATE FARM INSURANCE COMPANIES**
**AGENT ISSUED DECLARATIONS**

| POLICY NUMBER | BILLING PERIOD | | AGENT CODE |
|---|---|---|---|
| 17-EE-766_-4 | FROM 09/29/2006 | TO 09/29/2007 | 2158 |

LOCATION
3250 DELONG RD
LEXINGTON, KY 40515-8531

INSURED
HAFFEY, HEATHER & SHANE
3250 DELONG RD
LEXINGTON, KY 40515-8531

PREMIUM  $ 3,119.91
AMOUNT PAID         SFPP
AMOUNT DUE          SFPP
DATE DUE

MORTGAGEE
GMAC BANK WHOLESALE
MORTGAGE LENDING
ITS SUCCESSORS AND/OR ASSIGNS
PO BOX 4025
CORAOPOLIS, PA 15108-6942
Loan Number: 601745572

AGENT NAME & ADDRESS
MCCARTY, C. DWIGHT
3620 WALDEN DRIVE
SUITE 211
LEXINGTON, KY
40517-2066  (859)971-0266

This is the only notice you will receive. Please make check payable
to STATE FARM and return it with this notice to the address shown below.
Your canceled check is your receipt. Thanks for letting us serve you.

STATE FARM INSURANCE COMPANIES
2500 MEMORIAL BOULEVARD
MURFREESBORO TN  37131

**GMAC 0220**