August 17, 2012
Sent Via Overnight Mail
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004
T: 212-686-2870

Re: Residential Capital, LLC et al.}
Chapter 11 Case No. 12-12020 (MG)

Dear Sir/Madam

Enclosed please find an original of

**MOVANTS' MEMORANDUM IN SUPPORT OF MOTION TO RECONSIDER THE COURT'S AUGUST 10, 2012 GRANTING ORDER DOCKET 1077**

together with exhibits.

Please file accordingly.

Reference [Dkt No. 1077, 1008, 1007, 940, 721, 809, 866]

Sincerely,

P.J. h[signature]

Patrick J. Hopper

RECEIVED
AUG 20 2012
U.S. BANKRUPTCY COURT
SD DIST OF NEW YORK

1

Patrick J Hopper
Case 09-11026
c/o 220 McCartney Dr
Moon Twp Pa 15108
Telephone: (239) 293-0432
pjh.gmacbk@gmail.com (preferred contact)

*Pro-Se, non attorney Movant*

August 17, 2012



**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
In re
Residential Capital, LLC *et al.,* Chapter 11
Case No. 12-12020 (MG)

Debtors. Administratively Consolidated
-----------------------------------------------------------------X

### MOVANTS' MEMORANDUM IN SUPPORT OF
### MOTION TO RECONSIDER
### THE COURT'S AUGUST 10, 2012 GRANTING ORDER DOCKET 1077

"TO EMPLOY AND RETAIN BRADLEY ARANT BOULT CUMMINGS LLP AS SPECIAL
LITIGATION AND COMPLIANCE COUNSEL TO THE DEBTORS"

# TABLE OF CONTENTS

Page

INTRODUCTION………………………………………………………………… 4

RECONSIDERATION BACKGROUND……………………………………….. 4

  I. REQUIREMENTS FOR RECONSIDERATION………………………….. 5


  II. A CRITCAL PAGE SUPPRESSED AND ALTERED…………………….. 5

     A. POTENTIAL CONFLICTS………………………………………….. 6
     B. ORIGINAL INTENT AND ANTICIPATORY BREACH…………….. 7


  III. BABC HAS EXTENSIVE KNOWLEDGE……………………………….. 8

     C. BABC PARTNERS INVOLVED IN LOCAL FORECLOSURE ACTIONS . 8
     D. BABC LACKS ETHICS WALL……………………………………….. 9


  IV. HOPPER RELEVANCE……………………………………………………. 9

  V. SANCTIONS REQUESTED………………………………………………… 11

  VI. CONCLUSION……………………………………………………………… 12

## INTRODUCTION

Pursuant to Federal Rules Of Civil Procedure Rule 60 (b) and local Rule 9023, 9024, Movant respectfully request that the Court reconsider and reverse its Order, findings of facts, and application of law with regard to the Court's Granting Order Docket 1077. (Specifically as it relates to the appointment of BABC as special counsel in ongoing state foreclosure cases.)

## RECONSIDERATION BACKGROUND

Movant respectfully submits this Court's August 10th Granting Order overlooked important factual matters in the Declaration in Support of Limited Objection of Patrick Hopper [Docket 940] and that such matters could reasonably be expected to alter the Court's original conclusions. Movant has since learned and was "surprised" that a critical page from a timely and properly filed Limited Objection was **Suppressed and Altered** without Movants' knowledge. Action was taken to exclude a key page in the Main Document [**Docket 940**] when originally displayed on both Pacer and www.kccllc.net "ECF" on July 31, 2012.

The suppressed page specifically addresses the retention of BABC as special counsel in foreclosure issues. The responses of parties in [Dockets 1007 and 1008] as well as the Court Order [Docket 1077] is granted based on incomplete facts as removal of such page changes the entire context of Movants' limited objection.

*After* debtor and BABC filed [Dockets 1007 and 1008] responses to objections, the original declaration was then properly reflected in the Pacer system for [Docket 940] the explanation in Bold **"Correct PDF File Re: Declaration"**. The ECF site remains suppressed.

## I.    REQUIREMENTS FOR RECONSIDERATION

In, *Hoffenberg v. Hoffman & Pollok*, 296 F. Supp. 2d 504, 505 (S.D.N.Y. 2003), the Court discussed the necessary requirements for reconsideration: "A motion for reconsideration 'is appropriate where a court overlooks *controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court.*' Banco de Seguros del *Estado v. Mut. Marine Offices, Inc.*, 230 F. Supp. 2d 427, 428 (S.D.N.Y. 2002) (*quoting Range Rd. Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000)). "[A] motion for reconsideration may be granted to 'correct a clear error or prevent manifest injustice.'" *Banco*, 230 F. Supp. 2d at 428 (*quoting Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999)).

Bankruptcy Rule 9024 incorporates FRCP 60, which sets forth the grounds on which a court may grant relief to a party from a final order. Bankruptcy Rule 9024 provides that relief from an order can be granted for a clerical mistake or for "mistake, inadvertence, surprise, excusable neglect," newly-discovered evidence, fraud, misrepresentation, misconduct, where the order is void or has been satisfied, released, or discharged or "is no longer equitable, or for any other reason that justifies relief" from the order.

## II.    A CRITICAL PAGE SUPPRESSED AND ALTERED

A critical page was **"suppressed"** which explains the confusion experienced by counsel resulting in the use of wording of "cursory reading" in the *Supplemental Declaration of Robert*

*Maddox [Dkt 1008] ¶ 19* as well as Debtors' counsel statement that the *Hopper Declaration was convoluted and unfounded objection to the BABC [Dkt 1007]*. Such reliance on the altered document diverts attention away from the issues related to section 327 (e) raised in the Hopper Declaration filed in good faith. The above relief for reconsideration is warranted especially in light of a possible fraud on *this* court by suppressing a document without following the proper channels to do so. A request for sanctions as it relates to this court is covered later.

These issues relate to potential conflicts per the conflicts checklist related to representation of various parties in the securitization process. In addition actions taken by counsel via continued court filings that creates a potential exposure of interest that are adverse to those of the Debtor and its estate.

### A. POTENTIAL CONFLICTS

Paragraph 13 of the **"Suppressed"** document specifically deals with concerns regarding lack of "impartiality" under 11 U.S.C. § 327(e). With regard to applications to retain special counsel, section 327(e) allows a debtor to employ, for a specified special purpose . . . an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any *interest adverse* to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

Paragraph 13 of the <u>suppressed</u> page states:

> *In reviewing the conflicts check List-2 [Dkt. No. 721] Ally Bank, Ally Financial, Inc., Mortgage Electronic Registration Systems, Inc. (MERS), HSBC Bank USA, N.A. Servicing counterparty (Trustee), and Wells Fargo Bank, N.A. (Exhibit A) are all listed and **involved in the SEQMT 2004-08 securitization trust.***

The Supplemental Declaration of Robert Maddox, [Docket 866] states in paragraph 18, BABC stated only 2 parties represent over one percent of BABC's annual gross revenue being

HSBC Bank USA and Wells Fargo Bank, N.A. Paragraphs 19 and 20, as it relates to work performed, the states: *"Each of those matters is unrelated to the matters for which the Debtors seek to engage BABC"*.

To the extent Debtor along with Wells Fargo, and HSBC are all parties to a securitization trust, these parties are all critical players in the original intent of such trust which was to securitize a note while providing for a clear and marketable title upon borrower satisfaction. All these entities are involved in the SEQMY 2004-08 Trust that the Hopper note resides in today as it did in 2009 when Hopper filed for chapter 7 protection.

## B. ORIGINAL INTENT AND ANTICIPATORY BREACH

Paragraphs 10, 11 and 12, highlight the complexity of these transactions and thus the importance of a proper assignment trail within a securitization trust. Past practices have created an anticipatory breach of the true intent of a secured transaction, which is to return clear and marketable title to the borrower upon satisfaction in full of the borrower / lender transaction. An accurate document trail of transfer of title is the sole reason for the existence of MERS enabling them to complete the "circle of trust" or a "Fiduciary Duty" under the Umbrella Protection Theory (see ECF Doc. # 809 Exhibit B).

Debtors' bankruptcy filing and the use of the 363 sale process (free and clear of liens), enables Debtor to cure a potential anticipatory breach by establishing standing based on "intent" thus removing the clouded title issues of the past.

The consent judgment reinforces the importance of re-establishing credibility back into the system and acknowledges the importance of tracking clear and marketable title including in

part the following wording. *"Any contract for transfer or sale of servicing rights shall designate that borrowers are third party beneficiaries ...."*.

### III. BABC HAS EXTENSIVE KNOWLEDGE

BABC counsel (specifically Christian Hancock and Brian O'dell), were intimately involved in representation of the Debtor in *David Stern v GMAC Case 0:11-cv-61526-MGC* on the heels of a 2011 OCC Consent Order followed shortly thereafter by the 2012 AG Consent Judgment. BABC is now being engaged, to guide Debtor in the implementation and compliance with the Consent Order and Consent Judgment which requires implementation of new standards addressing tracking assignments, completeness of documentation and accuracy required to support standing and properly perfect a lien.

### C. BABC PARTNERS INVOLVED IN LOCAL FORECLOSURE ACTIONS

To the extent that such foreclosure is part of a securitized trust, as is the Hopper foreclosure, a major conflict exists as both Christian Hancock and Brian O'Dell have filed and continue to rely upon documents that are not in compliance with this Judgment. The non-removal of a materially inaccurate assignment violates Consent Judgment *(I.A.15), (I.A.16)* and *(I. C. 6.)*. BABC counsel Christian Hancock and Brian O'Dell have extensive knowledge of the requirements under the Consent Judgment, and by representing the debtor at the foreclosure level, after signing the Consent Judgment, have created an unintended conflict and now has an affirmative obligation, under Rule 4-3.3 of the Rules Regulating The Florida Bar, to notify when the attorney receives information that clearly establishes that the client has perpetrated a fraud on

8

the court by filing a false affidavit, such as when a false statement has been made in the affidavit or the affidavit has been improperly verified or notarized.

This is further complicated by BABC's representation of various parties to a securitization agreement where, interest may be aligned in resolving the problems created with "Clouded Title" DEBTOR, *Mortgage Electronic Registration Systems, Inc. (MERS), HSBC Bank USA, N.A. Servicing counterparty (Trustee), and Wells Fargo Bank, N.A.* These parties including BABC could have interest potentially be adverse to the Debtor as relates to exposure.

To the extent BABC is arguing standing in State Foreclosure cases, and has failed to correct the inaccuracies, is an attempt to resolve these issues to protect their own interest first, the Debtor second and then the Court. This creates conflict and exposure.

The Consent Judgment states *servicer shall ensure that mortgage assignments executed by or on behalf of Servicer are executed with appropriate legal authority, accurately reflective of the completed transaction and properly acknowledged.* Standing is not something that can be cured after a default, therefore Debtor needs to compartmentalize foreclosures to isolate arguments to the consumer default and away from exposure ramifications in other areas of the securitization process. BABC is not able to isolate the concerns with standing due to their overall involvement with Debtor on the issues leading to the Consent Order and Consent Judgment.

### D. BABC LACKS ETHICS WALL

BABC has not established an ethics wall, as partners involved in the complex litigation that has resulted in various orders and judgments, are now making filings in foreclosure actions that are not consistent with the judgment, thus creating a new risk to the debtor. BABC has a duty first to the court and therefore can't litigate actions based on facts filed that are knowingly

9

inaccurate. BABC partners would be aware of these facts by their heavy involvement in other complex issues. Furthermore, as BABC is focused on future compliance, they can not ethically engage in past practices or attempts to condone past practices that undermine the importance of complete and accurate assignments to protect property rights. This can be seen by BABC ignoring the assignment (a critical aspect of the consent Judgment) and only relying upon the note for standing.

### IV.  HOPPER CASE RELEVANCE

The Hopper specific case is important as the *proper loan holder* in the chapter 7 bankruptcy case *was and is SEQMT 2004-08*, comprised of Debtor as Servicer, *Mortgage Electronic Registration Systems, Inc. (MERS), HSBC Bank USA, N.A. Servicing (Trustee), and Wells Fargo Bank, N.A.*

Debtor and MERS filed and recorded an assignment of mortgage after foreclosure, that intentionally bypassed the securitization title process. The assignment, which is still on record today, was executed and effective approximately 5 years after the Originator / Greenpoint had sold *all rights* to the parties who ultimately created SEQMT2004-08. When a full price (first lien) offer was obtained for $65,000 greater than the first lien, a 363 bankruptcy option was available to sell free and clear of liens, (under Movants chapter 7 case) Debtor chose not to pursue as the assignment was not in accordance with the TRUE and ACCURATE filing in bankruptcy court. This created an incurable clouded title making it impossible to perform as the mortgage has been permanently separated from the note. Attempting to justify this lack of standing based on the original intent of the aparties brings into play the anticipatory breach of the original intent of protecting title, creating new risks to Debtor. This is the same issue that Debtor,

through the courts bankruptcy 363 process is looking to cure potentially from all similarly situated homeowners who are not in default, yet have a clouded title.

BABC attorneys have not, as of this date, retracted and continue to imply and argue as correct, an assignment that is materially wrong. As BABC attorneys Christian Hancock and Brian O'Dell have yet to inform the court of this inaccurate assignment and have chosen to switch attention to holder of the note basically stating the assignment is irrelevant. Ironically, at the same time, they will be stressing the importance of accurate assignments and title transfers in the future.

Just because BABC attorneys did not represent Debtor in the Chapter 7 bankruptcy proceeding, does not give them the right to ignore an assignment that has not been retracted and was a critical component of establishing standing in 2009. In reality, an anticipatory breach existed with MERS (a non-lender), on its inability from the onset to protect borrowers constitutional rights to "Clear and Marketable Title".

BABC, specifically Christian Hancock and Brian O'Dell, appear to be managing the entire foreclosure process on behalf of client and placing at jeopardy the attorney / client privilege, which, if pierced, would align interest adverse to that of the Debtor Estate as counsel has restricted any communication with Lender. It appears that BABC is managing the entire process from start to finish enabling them to "round up" all loose ends.

### V.    SANCTIONS REQUESTED

On July 31, 2012, [**Docket 940**] was **Suppressed and Altered** without Movants' knowledge. Such alteration excluded a critical page in the Main Document and originally displayed on both Pacer and www.kccllc.net "ECF".

Exhibit A is the version of the Hopper Declaration that was filed on "ECF", reflecting 17 pages of the main document and such PDF was created by the court on 7/31/2012 at 9:11 am as can be seen by the document stamp and entered at 9:48.

Exhibit B is the version of the Hopper Declaration that was filed on "ECF", reflecting 16 pages of the main document and such PDF was created by the court on 7/31/2012 at 10:20 am as can be seen by the document stamp and yet still used the same entered stamp of 9:48, indicating the document was entered into the system 32 minutes before it was created.

It appears my Declaration was "redacted for privilege" arbitrarily without proper notice to myself or the court, in a manner that removed page 6, thus changing the entire context of the Declaration. Based on the time stamps, it appears this may have been intentional.

On July 27, 2012, Movant served via email the special service list with Movants' declaration, and 2 hours later, received an email from Kirkland Ellis email with the standard disclosure wording sent to all recipients' with the message **"X0 d"**. Not sure what this code relates to or if in any way related to the above issues related to the suppressed document.

Movant requests the court investigate such allegations to determine if sanctions are warranted and against whom.

## VI.    CONCLUSION

**AN ETHICAL WALL DOES NOT EXIST CREATING EXPOSURE**

Debtor/GMAC wants to engage BABC to represent them in complex state court foreclosure litigation and ongoing litigation arising from the complexity of past shortcomings in the system. This closes the final loop of the "Circle of Trust" and exposure to Debtor. The

assignment of rights under the mortgage is a critical element of lien perfection as the mortgage follows the note. BABC *(specifically Christian Hancock and Brian O'Dell)* with the expansive knowledge of the debtors past allegations, is now in a position to ensure future compliance with the Consent Judgment, should not be placed in a position of choosing loyalties between the Debtor, MERS, HSBC, Wells Fargo, the Court as well as itself.

Furthermore, BABC should not be in a position as either counsel or 3rd party advisor to any firm associated with the "Independent Foreclosure Review" as it relates to a legal opinion, as they have a vested interest in the outcome that could create interest that are adverse to the Debtor and its Estate. To the extent BABC is involved in these reviews in some capacity should be disclosed to this court.

The suppression of a critical page of MOVANTs' Declaration warrants a closer look at this appointment especially as it relates to paragraph 15 [Docket 940] that an attempt is being made to protect a colorable claim that does not exist.

MOVANT request this court re-consider the Limited Objection to Deny Appointment of BABC as special counsel in foreclosure filings.

*P.J.H.*

Patrick J Hopper
Pro se

**EXHIBIT A**



12-12020-mg    Doc 940-3    Filed 07/30/12    Entered 07/31/12 09:48:02    Main Document
Pg 1 of 17

July 27, 2012

Sent Via Fed Ex
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004
T: 212-686-2870



RECEIVED
JUL 30 2012
U.S. BANKRUPTCY COURT
SO DIST OF NEW YORK

Re:    Residential Capita[l]
       Chapter 11 Case [No.]



Dear Sir/Madam

Enclosed please find an o[riginal]

**DECLARATION IN SU**[PPORT OF]
**DEBTORS MOTION T**[O]
**CUMMINGS LLP AS S**[PECIAL COUNSEL TO]
**THE DEBTORS**

together with exhibits.

Please file accordingly. R[...]

Please file accordingly.

Sincerely,

*DTM*

Document Properties
Description | Security | Fonts | Custom | Advanced
Description
File: mydocumnet filed in bk gmac case aug
Title:
Author:
Subject:
Keywords:
Created: 7/31/2012 9:11:45 AM
Modified: 8/6/2012 3:12:03 PM
Application: Panasonic [...]

**EXHIBIT B**



August 17, 2012
Certificate of Service

I hereby certify that on August 17, 2012, and August 18, 2012 I served the Special Service List by email if provided and the following parties via first class United States mail, postage prepaid:

To: 'gmac bk'; 'bobbie.theivakumaran@citi.com'; 'kelvin.vargas@db.com'; 'peter_mcgonigle@fanniemae.com'; 'kdwbankruptcydepartment@kelleydrye.com'; 'ray.schrock@kirkland.com'; 'richard.cieri@kirkland.com'; 'stephen.hessler@kirkland.com'; 'projectrodeo@kirkland.com'; 'William.b.Solomon@ally.com'; 'Timothy.Devine@ally.com'; 'john.bellaver@ally.com'; 'richard.cieri@kirkland.com'; 'keckstein@kramerlevin.com'; 'tmayer@kramerlevin.com'; 'dmannal@kramerlevin.com'; 'Tammy.Hamzehpour@gmacrescap.com'; 'diane.citron@ally.com'; 'lnashelsky@mofo.com'; 'glee@mofo.com'; 'lmarinuzzi@mofo.com'; 'Nancy.Lord@OAG.State.NY.US'; 'Neal.Mann@OAG.State.NY.US'; 'secbankruptcy@sec.gov'; 'newyork@sec.gov'; 'lnyhan@sidley.com'; 'jboelter@sidley.com'; 'bmyrick@sidley.com'; 'jhofer@skadden.com'; 'nikolay.kodes@skadden.com'; 'ken.ziman@skadden.com'; 'sarah.ward@skadden.com'; 'suzanne.lovett@skadden.com'; 'george.rayzis@usbank.com'; 'trina.palchuk@usbank.com'; 'AskDOJ@usdoj.gov'; 'joseph.cordaro@usdoj.com'; 'Tracy.Davis2@usdoj.gov'; 'Linda.Riffkin@usdoj.gov'; 'Brian.Masumoto@usdoj.gov'; 'hseife@chadbourne.com'

Pam Bondi, Florida Attorney General, The Capital PL-01 Tallahassee, Fl. 32399

Tom Grady, Florida OFR, 200 E. Gaines Street The Fletcher building Suite 118, Tallahassee Fl 32399

Howard Seife hseife@chadbourne.com for
Joseph Smith, Office of Mortgage Settlement Oversight 301 Fayetteville St., Suite 1801 Raleigh, NC 27601

*P.T.* [signature]