# EXHIBIT 2

## <u>Complaint</u>

ny-1055031

12-12020-mg   Doc 1033-2   Filed 08/22/12   Entered 08/07/12 16:13:16   Main Document
Pg 11 of 8

1    AMID T. BAHADORI (SBN 242351)
     BRYAN M. THOMAS (SBN 238409)
2    **BAHADORI & THOMAS, LLP**
     2 Park Plaza, Suite 450
3    Irvine, CA 92612
     Tel: (949) 954-8164
4    Fax: (949) 954-8163

5

6    Attorneys for Plaintiff JULIO PICHARDO

7

8             **SUPERIOR COURT OF STATE OF CALIFORNIA**

9         **COUNTY OF ORANGE, CENTRAL JUSTICE CENTER 30-2012**

10

11   JULIO PICHARDO,                    | CASE NO:

12              Plaintiff               | **COMPLAINT FOR:**   **00581642**

              vs.

13                                      | 1.  **VIOLATION OF THE FAIR DEBT
     GMAC MORTGAGE; DOES 1 to 10,       |     COLLECTIONS PRACTICE ACT**
14                                      | 2.  **NEGLIGENT
              Defendants               |     MISREPRESENTATION**
15                                      | 3.  **VIOLATION OF BUSINESS AND
                                        |     PROFESSIONS CODE SECTION
16                                      |     17200**
17                                      | 4.  **VIOLATION OF BUSINESS AND
                                        |     PROFESSIONS CODE SECTION
18                                      |     17500**

19                                      **JUDGE ROBERT J. MOSS**
                                              **DEPT C23**
20

21                              I.

22                   **GENERAL ALLEGATIONS**

23        COMES NOW Plaintiff, JULIO PICHARDO (hereinafter "Plaintiff"), who by reason of

24   the following causes of action against the above-captioned defendants, and each of them, alleges

25   as follows:

26                              II.

27                   **JURISDICTIONAL ALLEGATIONS**

28

                              1
                         COMPLAINT

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

JUL 06 2012

ALAN CARLSON, Clerk of the Court

12-12020-mg   Doc 1233-2   Filed 08/22/12   Entered 08/22/12 16:16:03   Exhibit 2
Complaint   Pg 2 of 8

1.    Plaintiff, JULIO PICHARDO is a resident of the State of California and owns the property located at 1201 East Sudene Avenue, Fullerton, CA 92831.

2.    Defendant GMAC MORTGAGE (hereinafter "GMAC") is a residential lending and serving business, conducting business in the State of California, including in the County of Orange.

3.    The acts, occurrences, omissions, events and transactions which give rise to this complaint primarily occurred in the County of Orange, California.  The sum total of all claims meets the jurisdictional limits of the above-captioned court.

4.    Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1-10 inclusive, and therefore sues these defendants by such fictitious names.  Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.  Defendants are responsible in some manner for the occurrences herein alleged, and that plaintiff's damages as herein alleged were proximately caused by their conduct.

## III.

## FACTS COMMON TO ALL CAUSES OF ACTION

5.    Plaintiff acquired the real Property located at 1201 East Sudene Avenue, Fullerton, CA 92831 in 1991.

6.    In approximately 1998, Plaintiff refinanced his mortgage.

7.    In August of 2009, Plaintiff was granted a loan modification for the subject Property.

8.    From the outset of GMAC's involvement with Plaintiff, they have claimed that the loan was in default.

9.    Thereafter, Plaintiff continued to make his regular monthly mortgage payments to GMAC.

10.   Beginning soon after the loan modification was granted and continuing through 2012, Plaintiff has received numerous threatening phone calls from agents and employees of Defendant GMAC. During each and every phone call, Plaintiff was told that his mortgage was in default and that GMAC would begin foreclosing on the property.

11.     Plaintiff responded each and every time that his loan was current and that he had already made the payments which GMAC identified as being past due.

12.     Each and every time, GMAC responded by repeating that his loan was past due and by using verbally abusive language, including threats of criminal liability and obscene and profane language.

13.     The phone calls made by Defendant GMAC contained numerous false and misleading representations about the character, amount and legal status of the debt owed to Defendant GMAC.

14.     Plaintiff often received numerous phone calls throughout 2011 and 2012, the intent of which was to engage Plaintiff on the phone repeatedly and continuously to annoy, harass and abuse Plaintiff.

15.     Plaintiff is informed and believes that each and every phone call from Defendant GMAC was done by an agent and employee of GMAC.

16.     Plaintiff attempted to ascertain the names and identification of the persons responsible for the phone calls but was unable to do so because the person or persons responsible for the calls would only identify themselves as being employees of GMAC.

17.     The conduct of Defendant GMAC in harassing Plaintiff in an effort to collect this debt by repeatedly engaging Plaintiff in phone calls and verbally abusing Plaintiff was a violation of numerous provisions of the Fair Debt Collections Practices Act, including, but not limited to, 15 U.S.C. sections 1692d, 1692e, 1692e(5), 1692e(7), 1692e(10 and 1692f.

18.     As a result of the above-described conduct, Plaintiff has suffered, and continued to suffer from severe emotional distress. Plaintiff has been hospitalized numerous times and has incurred substantial medical bills as a result of the harassing conduct of Defendant GMAC.

## FIRST CAUSE OF ACTION
### (Violation of the Fair Debt Collection Practices Act)

19.     Plaintiff herein repeats and incorporates each of the preceding paragraphs above as though fully set forth.

20.    Plaintiff has received numerous threatening phone calls from agents and employees of Defendant GMAC. During each and every phone call, Plaintiff was told that his mortgage was in default and that GMAC would begin foreclosing on the property.

21.    Plaintiff responded each and every time that his loan was current and that he had already made the payments which GMAC identified as being past due.

22.    Each and every time, GMAC responded by repeating that his loan was past due and by using verbally abusive language, including threats of criminal liability and obscene and profane language.

23.    The phone calls made by Defendant GMAC contained numerous false and misleading representations about the character, amount and legal status of the debt owed to Defendant GMAC.

24.    Plaintiff often received numerous phone calls throughout 2011 and 2012, the the intent of which was to engage Plaintiff on the phone repeatedly and continuously to annoy, harass and abuse Plaintiff.

25.    Plaintiff is informed and believes that each and every phone call from Defendant GMAC was done by an agent and employee of GMAC.

26.    Plaintiff attempted to ascertain the names and identification of the persons responsible for the phone calls but was unable to do so because the person or persons responsible for the calls would only identify themselves as being employees of GMAC.

27.    The conduct of Defendant GMAC in harassing Plaintiff in an effort to collect this debt by repeatedly engaging Plaintiff in phone calls and verbally abusing Plaintiff was a violation of numerous provisions of the Fair Debt Collections Practices Act, including, but not limited to, 15 U.S.C. sections 1692d, 1692e, 1692e(5), 1692e(7), 1692e(10 and 1692f.

28.    As a result of the above-described conduct, Plaintiff has suffered, and continued to suffer from severe emotional distress. Plaintiff has been hospitalized numerous times and has incurred substantial medical bills as a result of the harassing conduct of Defendant GMAC.

/ / /

/ / /

## SECOND CAUSE OF ACTION
### (Negligent Misrepresentation)

29.     Plaintiff herein repeats and incorporates each of the preceding paragraphs above as though fully set forth.

30.     Defendant GMAC, through its agents and employees, represented to Plaintiff that his loan was in default and made numerous other false and misleading representations about the character, amount and legal status of the debt owed to Defendant GMAC.

31.     These representations were false.

32.     Defendant, through its agents and employees, made these representations to Plaintiff either knowing they were false, or with reckless disregard for the truth.

33.     Defendant intended Plaintiff to rely on these representations.

34.     Plaintiff reasonably relied on these representations. Plaintiff's health deteriorated quickly upon learning that his loan was in default. Plaintiff believed Defendant's threats of criminal liability and feared for his own safety and for the loss of his home.

35.     Plaintiff was and continues to be harmed in a monetary amount to be proven at trial.

36.     Plaintiff's reliance upon the above described representations by the herein named defendant was a substantial factor in causing his harm.

37.     The acts of Defendant were willful, wanton, malicious and oppressive, and thus justify the awarding of exemplary and punitive damages.

## THIRD CAUSE OF ACTION

### (Violation of Bus. & Prof. Code  Section 17200)

38.     Plaintiff herein repeats and incorporates each of the preceding paragraphs above as though fully set forth.

39.     Defendant GMAC has violated and continues to violate Business and Professions Code section 17200 by engaging in unlawful, unfair and fraudulent business practices. Specifically, Defendant, through its agents and employees, falsely informed Plaintiff that his

loan was in default and that he was subject to foreclosure and criminal liability if he did not make additional payments which were not due.

40. Defendant GMAC's action and representations, which were made with intent to induce Plaintiff's reliance, constitute unfair and unlawful business practices under California law.

## FOURTH CAUSE OF ACTION

### (Violation of Bus. & Prof. Code  Section 17500)

41.    Plaintiff herein repeats and incorporates each of the preceding paragraphs above as though fully set forth.

42.    Defendant has violated and continue to violate Business and Professions Code section 17500 by making or disseminating untrue or misleading statements, or by causing untrue or misleading statements to be made or disseminated, in or from California. These untrue and misleading statements include but are not limited to:

a.    Throughout 2011 and 2012, Plaintiff received numerous threatening phone calls from agents and employees of Defendant GMAC. During each and every phone call, Plaintiff was told that his mortgage was in default and that GMAC would begin foreclosing on the property.

b.    GMAC told Plaintiff on numerous occasions that his loan was past due and that he would be subject to criminal liability if he did not make additional payments.

43.    Defendant GMAC knew, or by the exercise of reasonable care should have known, that these statements were untrue or misleading at the time they were made.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against defendants, and each of them, as follows:

1. For actual, compensatory and/or consequential damages in amounts according to proof at trial;

2. For restitution;

3. For punitive damages;

4. For costs of suit;

5. For attorneys fees where permitted by law;

6. For such other and further relief as this Court deems just and proper.

Dated: June 20, 2012

**BAHADORI & THOMAS, LLP**

By: _____

**AMID T. BAHADORI**
**BRYAN M. THOMAS**
**Attorneys for Plaintiff**

7

COMPLAINT