**SEWARD & KISSEL LLP**
Ronald L. Cohen
Arlene R. Alves
Laurie R. Binder
One Battery Park Plaza
New York, NY 10004
(212) 574-1200 (telephone)
(212) 480-8421 (facsimile)

Hearing Date: TBD
Objection Deadline: 8/23/12

*Attorneys for U.S. Bank National Association as Master Servicer of Certain Mortgage Backed Securities Trusts*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**JOINDER OF U.S. BANK NATIONAL ASSOCIATION AS MASTER SERVICER FOR RESIDENTIAL MORTGAGE BACKED SECURITIES TRUSTS TO THE PRE-AUCTION OBJECTIONS OF THE RMBS TRUSTEES TO THE DEBTORS' SALE MOTION (DOCKET NO. 1242 )**

U.S. Bank National Association (**"U.S. Bank"**), solely in its capacity as master servicer (in such capacity, the "**Master Servicer"**) for certain mortgaged backed securities trusts (the "**Trusts**"), hereby files its Joinder (the **"Joinder"**) to the *Pre-Auction Objections of the RMBS Trustees to the Debtors' Sale Motion*, dated August 22, 2012 (Docket No. 1242) (the **"RMBS Trustees' Pre-Auction Sale Objection"**). In support of its Joinder, the Master Servicer respectfully states as follows:

**Background**

1.  U.S. Bank, solely in its capacity as trustee or indenture trustee for certain mortgaged backed securities trusts, together with Deutsche Bank National Trust Company and

1

Deutsche Bank Trust Company Americas, The Bank of New York Mellon Trust Company, N.A., and Wells Fargo Bank, N.A., each solely in their respective capacity as trustees of certain mortgage backed securities trusts (collectively, the **"RMBS Trustees"**), jointly filed the RMBS Trustees' Pre-Auction Sale Objection, asserting objections to the *Debtors' Motion, inter alia, for an Order (I)(A) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expenses Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief; and (B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Asset Purchase Agreements Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief* (Docket No. 61), as permitted by this Court's *Revised Omnibus Scheduling Order and Provisions for other Relief Regarding (I) Debtors' Motion Pursuant to Fed.R.Bankr.P. 9019 for Approval of RMBS Trust Settlement Agreements; and (II) the RMBS Trustees' Limited Objection to the Sale Motion* (Docket No. 945).

2.      By this Joinder, U.S. Bank, solely as Master Servicer, joins in the RMBS Trustees' Pre-Auction Sale Objection to the extent that the objections set forth therein are applicable to the Master Servicer.

### U.S. Bank's Role as Master Servicer

3.      U.S. Bank is the Master Servicer for certain Trusts serviced by certain Debtor entities.[1] U.S. Bank's role as Master Servicer is separate and distinct from its role as trustee of certain mortgage backed securities trusts, and with respect to any residential mortgage backed securities trust, U.S. Bank does not serve simultaneously as the master servicer and

---

[1] U.S. Bank is Master Servicer for at least twelve Trusts, including, but not limited to: SACO 2005-GP1 HELOCS; SACO 2006-1 HELOCS; SACO 2006-5 S/S; SACO 2006-6 S/S; SACO 2006-7 S/S; SACO 2006-9 S/S; SACO 2006-8 HELOCS; SACO 2006-10 S/S; SACO 2006-12 HELOCS; SACO 2007-2 S/S; BSSL Trust 2007-1 S/S; and BSSL Trust 2007-1 HELOCS.

trustee. Thus, U.S. Bank, as Master Servicer, holds claims against the Debtors that are separate and distinct from its claims arising from its role as trustee of certain mortgage backed securities issued by various trusts.

4. As Master Servicer, U.S. Bank is generally responsible under the relevant governing agreements for supervising, overseeing and monitoring the performance by servicer Debtor entities under the relevant servicing agreements. Typically, among other things, the Master Servicer receives cash collections and mortgage loan data from the Debtor servicers, reviews and evaluates such data, and responds to requests from the Debtor servicers for consent or approval in respect of action contemplated by the Debtor servicers (for example, a transfer of servicing to another party) under the relevant servicing agreements. If the Debtor servicer defaults in its performance under the relevant servicing agreement, it is the Master Servicer's obligation to pursue appropriate remedies against the Debtor servicer as provided in the transaction documents.

5. Under many of the transaction documents governing the Trusts, the Debtors, as servicers, have certain financial obligations or indemnification obligations to the Master Servicer or the Trusts master serviced by the Master Servicer.

6. The Master Servicer may have several different types of claims against the Debtors under the transaction documents arising from the Debtors' obligations in their capacities as servicer. The Master Servicer may have claims relating to Debtors' breaches of their mortgage loan administration obligations as servicers of various Trusts' mortgage loans. The Master Servicer may also have claims against the Debtors relating to the payment of servicing transfer costs and expenses and for indemnification amounts arising from the actions of the Debtors as servicers. In addition, as the Master Servicer continues to review the transaction documents in

3

connection with the Trusts, it may have additional types of claims against the servicer Debtors. The nature, scope and amount of these claims may vary based on the documentation setting forth the obligations with respect to each Trust.[2]

### Joinder in the RMBS Trustee's Pre-Auction Sale Objection

7. So as to preserve all of its rights in connection with the Debtors' proposed sale of their servicing platform, the Master Servicer adopts and incorporates herein by reference the objections set forth in paragraphs 9 to 26 of the RMBS Trustees' Pre-Auction Sale Objection, but only to the extent such objections are applicable to the Master Servicer. The Master Servicer reserves the right to amend, supplement, alter or modify this Joinder.

**WHEREFORE,** for the reasons set forth herein, the Master Servicer respectfully

---

[2] By filing this Joinder, the Master Servicer does not waive any rights to assert against the Debtors the types of claims listed herein and any other claims it may have under the transaction documents.

requests that this Court deny the Sale Motion to the extent set forth in the RMBS Trustees' Pre-Auction Sale Objection and grant such other and further relief as the Court deems appropriate.

Dated: New York, New York
August 22, 2012

Respectfully submitted,

SEWARD & KISSEL LLP
/s/ Ronald L. Cohen
Ronald L. Cohen
Arlene R. Alves
Laurie R. Binder
One Battery Park Plaza
New York, NY 10004
(212) 574-1200 (telephone)
(212) 480-8421 (facsimile)
cohenr@sewkis.com
alves@sewkis.com
binder@sewkis.com

*Attorneys for U.S. Bank National Association as Master Servicer of Certain Mortgage Backed Securities Trusts*

SK 03687 0119 1314899