**Hearing Date: TBD**
**Objection Deadline:  August 23, 2012**

**DECHERT LLP**
Glenn E. Siegel
Craig P. Druehl
1095 Avenue of the Americas
New York, New York 10036-6797
Telephone: (212) 698-3500
Facsimile: (212) 698-3599

*Counsel to The Bank of New York Mellon, as*
*Master Servicer of Certain Mortgage Backed*
*Securities Trusts*

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **In re:** | ) |
| | )  **Case No. 12-12020 (MG)** |
| **RESIDENTIAL CAPITAL, LLC, *et al.*,** | ) |
| | )  **Chapter 11** |
| **Debtors.** | ) |
| | )  **Jointly Administered** |

**JOINDER OF THE BANK OF NEW YORK MELLON AS MASTER SERVICER FOR RESIDENTIAL MORTGAGE BACKED SECURITIES TRUSTS TO THE PRE-AUCTION OBJECTIONS OF THE RMBS TRUSTEES TO THE DEBTORS' SALE MOTION (DOCKET NO. 1242 )**

_____

The Bank of New York Mellon (**"BNY Mellon"**), solely in its capacity as master

servicer (in such capacity, the "**Master Servicer")** for certain mortgaged backed securities trusts

(the "**Trusts**"), hereby files its Joinder (the **"Joinder")** to the *Pre-Auction Objections of the*

*RMBS Trustees to the Debtors' Sale Motion*, dated August 22, 2012 (Docket No. 1242) (the

**"RMBS Trustees' Pre-Auction Sale Objection"**).  In support of its Joinder, the Master Servicer

respectfully states as follows:

### Background

1.    BNY Mellon, solely in its capacity as trustee or indenture trustee for

certain mortgaged backed securities trusts, together with Deutsche Bank National Trust

Company and Deutsche Bank Trust Company Americas, U.S. Bank National Association, and

Wells Fargo Bank, N.A., each solely in their respective capacity as trustees of certain mortgage backed securities trusts (collectively, the **"RMBS Trustees"**), jointly filed the RMBS Trustees' Pre-Auction Sale Objection, asserting objections to the *Debtors' Motion, inter alia, for an Order (I)(A) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expenses Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief; and (B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Asset Purchase Agreements Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief* (Docket No. 61), as permitted by this Court's *Revised Omnibus Scheduling Order and Provisions for other Relief Regarding (I) Debtors' Motion Pursuant to Fed.R.Bankr.P. 9019 for Approval of RMBS Trust Settlement Agreements; and (II) the RMBS Trustees' Limited Objection to the Sale Motion* (Docket No. 945).

2.     By this Joinder, BNY Mellon, solely as Master Servicer, joins in the RMBS Trustees' Pre-Auction Sale Objection to the extent that the objections set forth therein are applicable to the Master Servicer.

### BNY Mellon's Role as Master Servicer

3.     BNY Mellon is the Master Servicer for certain Trusts serviced by certain Debtor entities.[1] BNY Mellon's role as Master Servicer is separate and distinct from its role as trustee of certain mortgage backed securities trusts, and with respect to any residential mortgage backed securities trust.  Thus, BNY Mellon, as Master Servicer, holds claims against the Debtors

---

[1]     BNY Mellon is Master Servicer for at least fifteen Trusts, including, but not limited to*:* GSMPS 2005-LT1; GSAMP 2004-SEA1; GSAMP 2004-SD1; GSR 2004-10F; GSRPM 2004-1; GSMPS 2004-4; GSMPS 2005-RP2; GSR 2005-5F; GSR 2005-6F; GSR 2005-7F; GSMPS 2005-RP3; GSR 2005-8F; GSMPS 2006-RP1; GSR 2006-4F; SNB STABFUND 2009.

that are separate and distinct from its claims arising from its role as trustee of certain mortgage

backed securities issued by various trusts.

4.      As Master Servicer, BNY Mellon is generally responsible under the

relevant governing agreements for supervising, overseeing and monitoring the performance by

servicer Debtor entities under the relevant servicing agreements.  Typically, among other things,

the Master Servicer receives cash collections and mortgage loan data from the Debtor servicers,

reviews and evaluates such data, and responds to requests from the Debtor servicers for consent

or approval in respect of action contemplated by the Debtor servicers (for example, a transfer of

servicing to another party) under the relevant servicing agreements.  If the Debtor servicer

defaults in its performance under the relevant servicing agreement, it is the Master Servicer's

obligation to pursue appropriate remedies against the Debtor servicer as provided in the

transaction documents.

5.      Under many of the transaction documents governing the Trusts, the

Debtors, as servicers, have certain financial obligations or indemnification obligations to the

Master Servicer or the Trusts master serviced by the Master Servicer.

6.      The Master Servicer may have several different types of claims against

the Debtors under the transaction documents arising from the Debtors' obligations in their

capacities as servicer.  The Master Servicer may have claims relating to Debtors' breaches of

their mortgage loan administration obligations as servicers of various Trusts' mortgage loans.

The Master Servicer may also have claims against the Debtors relating to the payment of

servicing transfer costs and expenses and for indemnification amounts arising from the actions of

the Debtors as servicers.  In addition, as the Master Servicer continues to review the transaction

documents in connection with the Trusts, it may have additional types of claims against the servicer

Debtors.  The nature, scope and amount of these claims may vary based on the documentation setting forth the obligations with respect to each Trust.[2]

**Joinder in the RMBS Trustees' Pre-Auction Sale Objection**

7.    So as to preserve all of its rights in connection with the Debtors' proposed sale of their servicing platform, the Master Servicer adopts and incorporates herein by reference the objections set forth in paragraphs 9 to 26 of the RMBS Trustees' Pre-Auction Sale Objection, but only to the extent such objections are applicable to the Master Servicer.  The Master Servicer reserves the right to amend, supplement, alter or modify this Joinder.

**WHEREFORE,** for the reasons set forth herein, the Master Servicer respectfully requests that this Court deny the Sale Motion to the extent set forth in the RMBS Trustees' Pre-Auction Sale Objection and grant such other and further relief as the Court deems appropriate.

Dated:  New York, New York
         August 23, 2012

Respectfully submitted,

**DECHERT LLP**

By: /s/ Glenn E. Siegel
Glenn E. Siegel
Craig P. Druehl
1095 Avenue of the Americas
New York, New York 10036-6797
Telephone: (212) 698-3500
Facsimile: (212) 698-3599

*Counsel to The Bank of New York Mellon Trust
Company, N.A., as Trustees of Certain
Mortgage Backed Securities Trusts*

---

[2]    By filing this Joinder, the Master Servicer does not waive any rights to assert against the Debtors the types of claims listed herein and any other claims it may have under the transaction documents