**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## STIPULATION AND ORDER WITH RESPECT TO
## MARY GARDNER'S AMENDED MOTION TO LIFT AUTOMATIC STAY

Subject to the approval of this Court (the "Court"), this Stipulation and Order (the

"Stipulation and Order") is made and entered into by, between and among the debtors and

debtors in possession in the above-captioned bankruptcy cases (collectively, the "Debtors") and

Mary Gardner ("Movant" and, together with the Debtors, the "Parties" and each, a "Party").

**WHEREAS**:

A.      Movant is a plaintiff in a civil action against GMAC Mortgage, LLC ("GMAC

Mortgage"), one of the above-captioned debtors and debtors in possession (collectively, the

"Debtors"), and MGC Mortgage, Inc. ("MGC"), a non-debtor party, filed in the Circuit Court of

Montgomery County, Alabama, Case No. 2011-900308 (the "Action").  On or about February

13, 2012, the Action was removed to and is currently pending before the United States District

Court in the District of Alabama (the "District Court"), Case No 2:12-CV-00131-WKW.

B.      Prior to July 1, 2009, GMAC Mortgage was the servicer of Movant's mortgage

loan (the "Loan").  On or about July 1, 2009, GMAC Mortgage transferred servicing of the Loan

to MGC.  In connection with such transfer, GMAC Mortgage delivered documents regarding the

Loan, including a check for insurance proceeds intended to cover repairs for property damage

allegedly suffered by Ms. Gardner (the "Insurance Proceeds"), to MGC.

C.      Movant asserts claims for money damages in the Action against GMAC Mortgage and MGC for alleged misapplication of the Insurance Proceeds.

D.      On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

E.      The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

F.      Pursuant to section 362 of the Bankruptcy Code, the commencement of the Debtors' Chapter 11 cases automatically stayed the Action.

G.      On June 18, 2012, Movants filed a motion pursuant to section 365 of the Bankruptcy Code for relief from the automatic stay [Docket No. 462] (the "Motion") seeking relief from the automatic stay to continue prosecuting the Action against GMAC Mortgage.

H.      The Debtors have reached agreement with Movant under which the Debtors shall consent to a limited modification of the automatic stay pursuant to section 362(a) of the Bankruptcy Code to permit the production of certain agreed-upon documents and a witness pursuant to the terms, and subject to the conditions, set forth herein, subject to bankruptcy court approval of this Stipulation and Consent Order.

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among the Parties, as follows:

AGREEMENT:

1.      Upon entry of this Stipulation and Consent Order by the Court, the automatic stay imposed by section 362(a) of Bankruptcy Code shall be modified solely for limited purpose to

permit the production of certain agreed-upon discovery, subject to the terms and conditions set forth herein.

2.      The Debtors agree to produce only the items set forth on <u>Exhibit A</u>, annexed hereto (the "<u>Agreed Discovery</u>").  The Debtors shall not be required to provide any other documents or items to Movant under this Stipulation and Order.

3.      Movant shall: (i) treat the Agreed Discovery as confidential and will not, without the Debtors' prior written consent, disclose any such information to any other person or entity; (ii) not use or allow any Agreed Discovery for any purpose other than in connection with the Action; and (iii) use reasonable efforts to safeguard the Agreed Discovery against disclosure, misuse, espionage, loss, and theft by any corporation, company, partnership or individual.  In the event Movant intends to submit Agreed Discovery as evidence in the Action, Movant shall request that the District Court enter an Order of Protection requiring all parties of the lawsuit to keep confidential all of the Debtors' documents produced after the filing of the bankruptcy case, and if no such protection order is issued, Movant shall file any such evidence under seal.

4.      Except as provided herein, the provisions of the automatic stay, including, without limitation, those provisions prohibiting execution, enforcement or collection of any judgment that may be obtained against the Debtors and/or assets or property of the Debtors' estates (as defined in section 541 of the Bankruptcy Code) shall remain in full force and effect, and Movants, together with their respective agents, attorneys, or representatives, shall not take any action to execute, enforce or collect all of or any portion of any such judgment from the Debtors or its estates or properties.

5.      Except as otherwise provided herein, within ten business days of the completion of the Agreed Discovery, Movant shall take any and all actions as may be necessary so as to

dismiss the Action with respect to GMAC Mortgage with prejudice, including, but not limited to,

entering into and filing with the District Court a stipulation for dismissal with prejudice;

provided, however, that Movant shall not be obligated to dismiss GMAC Mortgage from the

Action if the Deponent's deposition testimony is materially inconsistent with the testimony set

forth in the Proffer (each as defined in Exhibit A); provided, further, that in the event Movant is

not obligated to dismiss GMAC Mortgage based upon inconsistent testimony, the Parties reserve

all rights and defenses they may have in the above-captioned cases and the Action, and entry into

this Stipulation and Order shall not impair or otherwise affect such rights and defenses.

6.    Upon dismissal of GMAC Mortgage from the Action:

    a.    Movant shall waive any right to assert a claim or file a proof of claim against the Debtors and the Debtors' Chapter 11 estates arising from or relating to the Action. To the extent a proof of claim has been filed by any of Movants with respect to any claims arising from or relating to the Action, upon dismissal of GMAC Mortgage from the Action, such proof of claim shall be deemed withdrawn with prejudice; and

    b.    Movant shall fully and finally waive, release, acquit and forever discharge the Debtors, their employees, officers, shareholders, agents, representatives, attorneys, successors and assigns, from any and all Claims (as such term is defined in section 101(5) of the Bankruptcy Code), demands, obligations, actions, causes of action, rights or damages under any legal theory, including, without limitation, under tort or otherwise, related to or arising out of the Action, which Movant may now have, may claim to have or ever had, whether such claims are currently known, unknown, foreseen, or unforeseen.

7.    This Stipulation and Order shall not become effective unless and until it is entered

by the Bankruptcy Court.

8.    This Stipulation and Order may not be modified other than by a signed writing

executed by the Parties hereto or by further order of the Bankruptcy Court.

9.    This Stipulation and Order is the entire agreement between the Parties in respect

of the subject matter hereof.

10.     Each person who executes this Stipulation and Order on behalf of a Party hereto represents that he is duly authorized to execute this Stipulation and Order on behalf of such Party.

11.     This Stipulation and Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

12.     The 14-day stay period under Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is hereby waived and this Stipulation and Order shall be immediately effective upon its entry.

[The remainder of this page is left intentionally blank]

13.     This Court shall retain jurisdiction to resolve all matters relating to the

implementation of this Stipulation and Order.

Dated: New York, New York
            August 22, 2012

| GMAC MORTGAGE, LLC | MARY GARDNER |
|---|---|
| /s/ Norman S. Rosenbaum | /s/ Arlene M. Richardson |
| Gary S. Lee | Arlene M. Richardson |
| Norman S. Rosenbaum | Richardson Legal Center LLC |
| MORRISON & FOERSTER LLP | P.O. Box 6 |
| 1290 Avenue of the Americas | Highland Home, Alabama 36041 |
| New York, New York 10104 | Telephone:  (334) 537-9011 |
| Telephone:  (212) 468-8000 | Facsimile:  (561) 228-1085 |
| Facsimile:  (212) 468-7900 | |
| *Counsel for Debtors* *and Debtors in Possession* | *Counsel for Mary Gardner* |

APPROVED AND SO ORDERED
this 24th day of August, 2012 in New York

    /s/Martin Glenn
            MARTIN GLENN
        United States Bankruptcy Judge

## Exhibit A

**Agreed Upon Discovery**

1.  Access to a GMAC Mortgage employee (the "<u>Deponent</u>") knowledgeable about GMAC's policy and procedure regarding the handling and transfer of casualty loss funds in connection with the transfer of mortgage loan servicing (the "<u>Transfer Protocol</u>").  The Deponent shall provide a written statement (the "<u>Proffer</u>") regarding the Transfer Policy, and the Deponent will be made available for one deposition (a "<u>Deposition</u>").

2.  Any notes or other documents regarding the transfer of Movant's mortgage loan file to MGC.

3.  Any written documents of the Debtors governing the Transfer Protocol.

4.  All documents shall be produced prior to the Deposition.

5.  Movant shall treat all Agreed Discovery as confidential and shall not disclose Agreed Discovery to any other party.  If the District Court does not issue an Order of Protection as set forth in paragraph 3 of the Stipulation and Order, all Agreed Discovery that is submitted by Movant as evidence in the Action shall be filed under seal.