MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Jamie A. Levitt
Anthony Princi

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

**DEBTORS' OBJECTION TO MOTION OF THE TRIAXX ENTITIES FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULE 2004 AUTHORIZING THE ISSUANCE OF SUBPOENAS FOR THE PRODUCTION OF DOCUMENTS AND THE <u>PROVISION OF TESTIMONY BY SETTLING CERTIFICATEHOLDERS</u>**

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................1
BACKGROUND ..............................................................................................................................2
OBJECTION ..................................................................................................................................3
        A.      Bankruptcy Rule 2004 Discovery Is Not Appropriate in a Contested
Matter and Triaxx's Request for *Ex Parte* Discovery Applications Violates
the Debtors' Rights Under the Federal Rules of Civil Procedure .........................3
        B.      Even If Bankruptcy Rule 2004 Discovery Were Appropriate, the Motion
Seeks Information Outside of Rule 2004 Purposes ................................................5
CONCLUSION ..............................................................................................................................7


# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

In re Adelphia Commc'ns Corp.,
   327 B.R. 143 (Bankr. S.D.N.Y. 2005) ................................................................................3

In re Almatis B.V.,
   No. 10–12308(MG), 2010 WL 4877868 (Bankr. S.D.N.Y. Nov. 24, 2010) ........................3

In re Bd. of Dirs. of Hopewell Int'l Ins. Ltd.,
   258 B.R. 580 (Bankr. S.D.N.Y. 2001) ................................................................................6

In re Bennett Funding Grp., Inc.,
   203 B.R. 24 (Bankr. N.D.N.Y. 1996) ............................................................................5, 6

In re Drexel Burnham Lambert Grp., Inc.,
   123 B.R. 702 (Bankr. S.D.N.Y. 1991) ............................................................................5, 6

In re Duratech Indus., Inc.,
   241 B.R. 283 (E.D.N.Y. 1999) ............................................................................................5

In re Enron Corp.,
   281 B.R. 836 (Bankr. S.D.N.Y. 2002) ......................................................................3, 4, 5, 6

In re GHR Energy Corp.,
   35 B.R. 534 (Bankr. D. Mass. 1983) ...................................................................................5

In re Glitnir banki hf.,
   No. 08–14757, 2011 WL 3652764 (Bankr.S.D.N.Y. Aug. 19, 2011) ..............................4, 5

In re Thomases,
   32 B.R. 678 (Bankr. S.D.N.Y. 1983) ..................................................................................6

**STATUTES**

Fed. R. Bankr. P. 2004(b) ........................................................................................................3

**OTHER AUTHORITIES**

Collier on Bankruptcy ¶ 9019.01 (16th ed. 2012) ...................................................................3

ny-1055211

Residential Capital, LLC and its affiliated debtors and debtors in possession in the above-captioned Chapter 11 cases (collectively, the "**Debtors**") hereby submit this objection (the "**Objection**") to the *Motion of the Triaxx Entities for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing the Issuance of Subpoenas for the Production of Documents and the Provision of Testimony by Settling Certificateholders* [Docket No. 1142] (the "**Motion**"), submitted by Triaxx Prime CDO 2006-1, LLC, Triaxx Prime CDO 2006-2, LLC, and Triaxx Prime CDO 2007-1, LLC (collectively "**Triaxx**").  In support of hereof, the Debtors respectfully represent:

## PRELIMINARY STATEMENT

1. On June 21, 2012, Triaxx filed an objection to the Debtors' motion seeking to solicit settlement of claims held by 392 securitization trusts pursuant to Federal Rules of Bankruptcy Procedure 9019.  The filing of Triaxx's objection to the Debtors' motion created a contested matter.  As this Court has made clear, Bankruptcy Rule 2004 is not the appropriate means for discovery after the initiation of a contested matter.

2. Nevertheless, Triaxx seeks to utilize Bankruptcy Rule 2004 to circumvent the discovery process for contested matters.  And Triaxx also goes one step further, improperly asking the Court for an unfettered right to file *ex parte* motions seeking additional discovery, undermining the very protections afforded to the Debtors in a contested matter by the Federal Rules of Civil Procedure.  Even if Bankruptcy Rule 2004 were appropriate here – and it is not – Triaxx is seeking information unrelated to the recovery of the Debtors' assets for the benefit of their estates.  Such requests are outside of the information permitted for discovery by Rule 2004.

3. For the following reasons, the Debtors respectfully object to the Motion.

**BACKGROUND**

4. On the Petition Date, each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. These cases are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**"). No trustee has been appointed in these Chapter 11 cases. On July 3, 2012, the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed the Honorable Arthur T. Gonzalez, former Chief Judge of the United States Bankruptcy Court for the Southern District of New York, as examiner (the "**Examiner**").

5. On May 16, 2012, the U.S. Trustee appointed a nine-member official committee of unsecured creditors (the "**Creditors' Committee**").

6. On June 11, 2012, the Debtors filed their *Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of the RMBS Trust Settlement Agreements* [Docket No. 320] (the "**9019 Motion**").

7. On June 21, 2012, Triaxx filed its *Objection to Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of the RMBS Trust Settlement Agreements* [Docket No. 481] (the "**Triaxx Objection**").

8. On July 31, 2012, the Court entered the *Revised Joint Omnibus Scheduling Order and Provisions for Other Relief Regarding (I) Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of RMBS Trust Settlement Agreements, and (II) the RMBS Trustees' Limited Objection to the Sale Motion* [Docket No. 945] (the "**Scheduling Order**") setting a schedule for discovery related to the 9019 Motion.

9. On August 14, 2012, Triaxx filed the Motion.

10. On August 15, 2012, the Debtors filed the *Debtors' Supplemental Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of RMBS Trust Settlement Agreements* [Docket No. 1176].

## OBJECTION

A. **Bankruptcy Rule 2004 Discovery Is Not Appropriate in a Contested Matter and Triaxx's Request for *Ex Parte* Discovery Applications Violates the Debtors' Rights Under the Federal Rules of Civil Procedure**

11. It is well recognized that the Triaxx Objection created a contested matter (the "**Contested Matter**") with respect to the 9019 Motion. See Collier on Bankruptcy ¶ 9019.01 (16th ed. 2012); see also, e.g., In re Adelphia Commc'ns Corp., 327 B.R. 143 (Bankr. S.D.N.Y. 2005) (treating a contested 9019 settlement as a contested matter). Because this matter is now contested, Triaxx must pursue discovery under the Federal Rules of Civil Procedure, not Bankruptcy Rule 2004.

12. Bankruptcy Rule 2004 permits discovery "relate[d] only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Fed. R. Bankr. P. 2004(b). Although the scope of Bankruptcy Rule 2004 discovery is broad, "[c]ourts have imposed limits on the use of [Bankruptcy] Rule 2004 . . . under the well recognized rule that once an adversary proceeding or contested matter is commenced, discovery should be pursued under the Federal Rules of Civil Procedure and not by [Bankruptcy] Rule 2004." In re Enron Corp., 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002). Once a party has objected to a Debtors' motion pursuant to Fed. R. Bankr. P. 9019, as Triaxx has, "a contested matter is pending, [] Federal Rules of Bankruptcy Procedure 7026–7037 apply and Rule 2004 should not be used." In re Almatis B.V., No. 10–12308(MG), 2010 WL 4877868, at *3 (Bankr. S.D.N.Y. Nov. 24, 2010).

3

13. A similar attempt by a potential claimant to use of Bankruptcy Rule 2004 was prohibited[1] by this Court during an August 14, 2012 omnibus hearing:

> [Bankruptcy Rule] 2004 is principally designed to allowed parties-in-interest to identify assets of a debtor to see whether there's anything that should be recovered for the debtor. It's not intended for use for obtaining pre-complaint or pre-claim discovery, as it appears to be used here…. If a proof of claim is filed and it becomes a contested matter if the debtor subsequently objects, the Federal Rules of Civil Procedure on discovery will apply to it.

Hr'g Tr. at 98:9-20, In re Residential Capital, LLC, Ch. 11 Case No. 12-12020 (MG) (Bankr. S.D.N.Y. Aug. 14, 2012).[2]

14. The rule that mandates the application of the Federal Rules of Civil Procedure to requests such as those in the Motion, also known as the "pending proceeding" rule, "is based on the different safeguards that attend Rule 2004 and civil litigation discovery[, as the] latter provides greater protection to adverse parties, including notice of the time and place of the examination and the right to attend, object to questions and cross-examine witnesses." In re Glitnir banki hf., No. 08–14757 (SMB), 2011 WL 3652764, at *4 (Bankr.S.D.N.Y. Aug. 19, 2011). "Based on Rule 2004's substantive differences [to the Federal Rules of Civil Procedure], courts have expressed concern that [Bankruptcy] Rule 2004 examinations not be used as a tactic to circumvent the safeguards of the Federal Rules of Civil Procedure." In re Enron Corp., 281 B.R. at 840-41 (citations omitted).

15. Circumventing the safeguards of FRCP is precisely what Triaxx seeks to do in its Motion. Indeed, Triaxx attempts to circumvent the protections of the Federal Rules of Civil Procedure by requesting the broad, unspecified, and unchecked power to make further inappropriate discovery requests on an *ex parte* basis. See Motion, Ex. A at 3. This request

---

[1] The Court did direct the Debtors to produce certain, limited information already collected despite finding that the purpose of the Bankruptcy Rule 2004 request was improper.
[2] An excerpt of the August 14, 2012 hearing transcript is contained in the appendix attached hereto as Exhibit 1.

4

explicitly attempts to use discovery under Bankruptcy Rule 2004 to deprive the Debtors of, for instance, "notice of the time and place of the examination and the right to attend…." In re Glitnir banki hf., 2011 WL 3652764, at *4.

16. Accordingly, the Motion should be denied.

**B.    Even If Bankruptcy Rule 2004 Discovery Were Appropriate, the Motion Seeks Information Outside of Rule 2004 Purposes**

17. Even if the Court discovery under Bankruptcy Rule 2004 were permissible in the Contested Matter – and it is not – the purpose of the discovery sought in the Motion is improper under Bankruptcy Rule 2004.

18. While the scope of discovery under Bankruptcy Rule 2004 is broad, "the availability of [Bankruptcy] Rule 2004 as a discovery tool is not unlimited." In re Enron Corp., 281 B.R. at 840 (internal citations omitted); In re Duratech Indus., Inc., 241 B.R. 283, 289 (E.D.N.Y. 1999) ("There are . . . limits to the scope of Rule 2004 examinations"). Indeed, at least one court in this district has recognized that "[t]he object of the examination of the bankrupt and other witnesses is to show the condition of the estate and to enable the Court to discover its extent and whereabouts, and to come into possession of it, that the rights of the creditor may be preserved." In re Drexel Burnham Lambert Grp., Inc., 123 B.R. 702, 708 (Bankr. S.D.N.Y. 1991); accord In re Bennett Funding Grp., Inc., 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996) ("The purpose of such a broad discovery tool is to assist the trustee in revealing the nature and extent of the estate, and to discover assets of the debtor which may have been intentionally or unintentionally concealed.").

19. A court considering a Rule 2004 motion must, in the first instance, determine whether the proposed discovery is for a proper purpose. See In re Enron, 281 B.R. at 842; In re GHR Energy Corp., 35 B.R. 534, 538 (Bankr. D. Mass. 1983). Even if the moving

party identifies a proper purpose, the court may exercise its discretion to decide whether or not to grant discovery. In re Enron, 281 B.R. at 840; In re Bd. of Dirs. of Hopewell Int'l Ins. Ltd., 258 B.R. 580, 587 (Bankr. S.D.N.Y. 2001) ("Rule 2004 provides that the Court 'may' order disclosure thereunder, giving the Court significant discretion."); In re Thomases, 32 B.R. 678, 679 (Bankr. S.D.N.Y. 1983) ("It is within the discretion of the court to decide in each particular case what constitutes sufficient cause and whether to require examination of a party."). The discovery requested in the Motion cannot meet this standard.

20. As the Court explained at the August 14, 2012 omnibus hearing, "2004 is principally designed to allow parties-in-interest to identify assets of a debtor to see whether there's anything that should be recovered for the debtor." Hr'g Tr. at 98:9-11, In re Residential Capital, LLC, Ch. 11 Case No. 12-12020 (MG) (Bankr. S.D.N.Y. Aug. 14, 2012); accord In re Drexel Burnham Lambert Grp, Inc., 123 B.R. at 708 ("[t]he object of the examination of the bankrupt and other witnesses is to show the condition of the estate and to enable the Court to discover its extent and whereabouts, and to come into possession of it, that the rights of the creditor may be preserved."); In re Bennett Funding Grp., Inc., 203 B.R. at 28 ("The purpose of such a broad discovery tool is to assist the trustee in revealing the nature and extent of the estate, and to discover assets of the debtor which may have been intentionally or unintentionally concealed.").

21. Here, Triaxx seeks discovery allegedly for the purpose of investigating the amount of unsecured claims held by securitization trusts that would perhaps inure to the benefit of Triaxx. This Court has ruled that investigation by an individual creditor of its potential claim against the Debtors is not a proper purpose for a Bankruptcy Rule 2004 examination. See Hr'g Tr. at 98:9-20, In re Residential Capital, LLC, Ch. 11 Case No. 12-12020 (MG) (Bankr.

S.D.N.Y. Aug. 14, 2012). The Court's ruling applies with even more force in the case of Triaxx's discovery request, which seeks discovery to assess the appropriateness of a settled claim amount on behalf of the third-party securitization trustees.

22. For each of these reasons as well, the Motion should be denied.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Debtors request that the Court enter an order denying the Motion and grant such other relief as the Court deems proper.

New York, New York  
Dated: August 24, 2012

/s/ Gary S. Lee  
Gary S. Lee  
Jamie Levitt  
Anthony Princi  
MORRISON & FOERSTER LLP  
1290 Avenue of the Americas  
New York, New York 10104  
Telephone: (212) 468-8000  
Facsimile: (212) 468-7900  

*Counsel to the Debtors and Debtors in Possession*