| | |
|---|---|
| 1 | Beals, Cohen Harrel, Quan, Montoya, Braham, Dadaian |
| 2 | Alexander Prieto, Esq. |
| 3 | 100 South Main Street, Suite 1300<br>Los Angeles, California 90012-3702 |
| 4 | Tel: (213) 687-6000<br>Fax: (213) 687-8300 |

**Hearing Date: October 10, 2012 at 10:00 a.m.**
**Objection Deadline: September 26, 2012**

5

6  Attorneys for the People of the State of California,
by and through its Department of Transportation

7

8  **UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

9

10

11  In re:

Chapter 11

12  RESIDENTIAL CAPITAL, LLC, *et al.*,

Case No. 12-12020 (MG)

13
Debtors.

(Jointly Administered)

14

15  ————————————————

Case No. 12-12028

16

Case No. 12-12032

17

18

19

20  <u>NOTICE OF MOTION SEEKING AN ORDER GRANTING RELIEF FROM THE</u>

21  <u>AUTOMATIC STAY PURSUANT TO 11 U.S.C. section 362 (a) AND FEDERAL</u>
<u>BANKRUPTCY RULE 4001</u>

22

23    **PLEASE TAKE NOTICE** that the People of the State of California, by and through its

24  Department of Transportation ("Movant") seeks relief from the automatic stay and will move before

25  the Honorable Martin Glenn, United States Bankruptcy Judge in the Courtroom located at the United

26  States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY

27  10004, on October 10, 2012 at 10:00 a.m., or as soon thereafter as counsel may be heard, for an

28  Order.

1.  Pursuant to Bankruptcy Rule 1001 and U.S.C. 105(a) and 362(d) Movant seeks relief from the automatic stay as to Movant's interest in acquiring through eminent domain real property known as 11835 Dollison Drive, Norwalk, CA 90650; and

2.  Waiving the fourteen (14) day stay invoked pursuant to F.R.B.P 4001(a) (3); and

3.  Granting Movant such other and further relief as it is just and proper.


**PLEASE TAKE FURTHER NOTICE**, that objections, if any, to the relief herein requested shall be in writing, shall state with particularity the grounds for the objection, shall be filed with the Clerk of the Bankruptcy Court and served upon, the undersigned counsel for the Movant seven (7) days prior to the return date and upon any other person whose interests would be affected if the objection is sustained.

Dated: August 21, 2012

_/s/ Alexander Prieto_
Beals, Cohen Harrel, Quan, Montoya, Braham, Dadaian
By: Alexander Prieto
Attorneys for the People of the State of California,
by and through its Department of Transportation
100 South Main Street, 13th Floor
Los Angeles, CA 90012
_E-mail address_: alexander_prieto@dot.ca.gov
_Telephone number_: (213 ) 687-6000

MOTION FOR LIFT OF STAY

Beals, Cohen Harrel, Quan, Montoya, Braham, Dadaian

**Hearing Date: October 10, 2012 at 10:00 a.m.**
**Objection Deadline: September 26, 2012**

Alexander Prieto, Esq.
100 South Main Street, Suite 1300
Los Angeles, California 90012-3702
Tel: (213) 687-6000
Fax: (213) 687-8300

Attorneys for the People of the State of California,
by and through its Department of Transportation

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | Case No. 12-12020 (MG) |
| Debtors. | (Jointly Administered) |
| | Case No. 12-12028 |
| | Case No. 12-12032 |

## AFFIRMATION IN SUPPORT OF THE MOTION OF THE PEOPLE OF THE STATE OF CALIFORNIA BY AND THROUGH ITS DEPARTMENT OF TRANSPORTATION SEEKING AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. section 362 (a) AND FEDERAL BANKRUPTCY RULE 4001

The People of the State of California, acting by and through its Department of Transportation, through its attorneys, Beals, Cohen Harrel, Quan, Montoya, Braham, Dadaian, seeks an Order vacating the automatic stay pursuant to 11 U.S.C. section 362 (d) nunc pro tunc as of May 14, 2012, and support thereof, states as follows:

Alexander Prieto, Esq., an attorney at law duly admitted to practice law before this Court and the Courts of the State of California, herby affirms the following to be true under penalty of perjury:

I

BACKGROUND

1. The People of the State of California, acting by and through its Department of Transportation ("Movant"), seek to acquire by the exercise of the power of eminent domain, a residential property, which the debtors have an interest in, located at 11835 Dollison Drive, Norwalk, CA 90650 ("Property"), as more fully described in pages 3–5 of the Movant's complaint in the Los Angeles Superior Court Case No. NC057355, attached to this affirmation as Exhibit "A" and incorporated herein by reference. The Movant seeks to acquire this property for the construction of the State Route 5 freeway widening project. The Movant filed in Los Angeles Superior Court, number NC057355, on March 3, 2012 ("Condemnation Action"). (See Exhibit "A".)

2. GMAC Mortgage, LLC filed a petition for relief under Chapter 11 of the U.S. Bankruptcy court Code on or about May 14, 2012, under matter 12-12032. Executive Trustee Services, Inc. filed a petition for relief under Chapter 11 of the U.S. Bankruptcy court Code on or about May 14, 2012, under matter 12-12028. Both are affiliated entities of Residential Capital, LLC which also filed for bankruptcy on or about May 14, 2012, under matter 12-12020. On or about May 14, 2012, this Court issued an Order Directing Joint Administration of the Chapter 11 case of Residential Capital with matters 12-12032 and 12-12028.

3. Executive Trustee Services, Inc. and GMAC Mortgage, LLC have a possible interest in the Property through a Deed of Trust dated May 17, 2005, recorded as Instrument No. 05-1435078 with the County of Los Angeles. Executive Trustee Services, Inc. is the trustee and GMAC Mortgage, LLC is the lender. ETS has been named as a defendant in the Condemnation Action. GMAC Mortgage, LLC, must be named as a DOE defendant.

II

UPON MOTION BY ANY INTERESTED PARTY THE COURT MAY GRANT RELIEF FROM THE AUTOMATIC STAY

4. Upon the request of an interested party, the Bankruptcy Court may modify or condition relief from the automatic stay. (11 U.S.C. section 362 (d) (1).) The purpose of the stay is to protect the debtors' estate and the relative positions of the creditors (*In re stringer* (9th Cir., 1988) 847 F.2d

1  549, 551-5525) and to provide equitable treatment, and, if necessary equitable liquidation, to

2  creditors of the estate.  (*Hunt v. Bankers Trust Co*. (5th Cir., 1986) 799 F.2d 1060, 1069.)

3      5. The Movant's relief sought will not be adverse to the purposes of the stay.  The Movant

4  requests relief "for cause."  Although the Movant has the burden of proof on the debtors' interest in

5  the property and, therefore, the burden of showing the existence of cause, once it presents evidence

6  showing an issue of cause, the burden shifts to the party opposing relief to prove that such cause

7  does not exist.  (11 U.S.C., section 362(g); *In re Kerns* (Bankr S. D. Ind., 1990) 111 B.R. 777, 786.)

8  Thus, once the moving party has borne the initial burden of establishing "cause," the burden lies with

9  the opposing party to demonstrate that it is entitled to the continuation of the stay.  Courts have

10  modified or lifted the stay to permit a civil action involving the debtor where (1) maintenance of the

11  civil action would result in no great prejudice to either the debtor or the bankruptcy estate, and (2)

12  the hardship to the moving party caused by the continuation of the stay would considerably outweigh

13  the hardship caused to the debtor by the modification of the stay.  (*In re UNR Industries, Inc.*

14  (Bankr. N. D. Ill., 1985) 54 B.R. 263, 265; *Matter of Holthkamp* (7th Cir., 1982) 669 F.2d 505, 508:

15  *In re McGraw* (Bankr. W.D. Wis., 1982) 18 B.R. 140, 142.)

16      6. Movant seeks to acquire the real property the debtors may have an interest in for

17  construction of the State Route 5 Freeway widening project (hereinafter "Project") in Los Angeles

18  County.  Attached hereto as Exhibit "B" is a true and correct copy of the California Transportation

19  Commission ("CTC") Resolution of Necessity No. C-20697, which sets forth the need of the

20  debtors' real property for the Project and approval by the CTC.  The timeline associated with the

21  funding of the Project and the start of construction, as discussed in the declaration of Andrew P.

22  Nierenberg, attached as Exhibit "C," dictate that the property must be acquired as soon as possible in

23  order for the Movant to begin its widening project.  This acquisition may be accomplished by filing a

24  complaint in eminent domain in the Superior Court of the State of California.  Under California

25  eminent domain law, both ETS and GMAC must be named as defendants in the Condemnation

26  Action.  (Cal. **Code of Civ. Proc**. section 1250.220 (a).)  The Movant has prepared and filed its

27  complaint in the Condemnation Action.  (See Exhibit "A.")  Under California law, the Department of

28  ///

1    Transportation is expressly authorized to take possession of, and acquire property for highway

2    purposes, upon the payment of just compensation:

3                 "Private property may be taken or damaged for public use only when just

4          compensation, ascertained by a jury unless waived, has first been paid to, or into

5          court for, the owner.  The Legislature may provide for possession by the

6          condemner following commencement of eminent domain proceeding upon

7          deposit into court and prompt release to the owner of money determined by the

8          court to be the probable amount of just compensation." (Cal. Const., Art. 1,

9          section 19.)

10                "In the name of the People of the State of California, the Department may

11         acquire by eminent domain any property necessary for state highway purposes."

12         (Sts. & High. Code, section 102, subd. (a).)

13

14         7.  Compliance with the mandate of the State Constitution and state statues assures that that

15   the parties to the proceedings will have their interests protected.  The moving party will seek court

16   approval of a proposed negotiated settlement, if any and, if no settlement is reached, a trial by jury

17   could be necessary to determining the amount of just compensation.

18         8.  This court may allow Movant to acquire the property either by contract and deed or by

19   final order of condemnation following at trial on the issue of just compensation while retaining

20   jurisdiction over the property.  For example, a court can permit a marital dissolution proceeding to

21   go forward in state court while retaining jurisdiction over community property and its distributions.

22   (*In re Teel* (Bankr. 9th Cir., 1983) 34 B.R. 762, 763.)

23         9.  Furthermore, the moving party requests that the court waive the fourteen (14) day stay of

24   order, prescribed by USCS Bankruptcy Rule 4001 (a) (3).  Time is of the essence as the Movant's

25   motive for filing this motion is to allow it to proceed with an eminent domain action to acquire

26   property interests from the bankruptcy estate so that the Movant may begin its Project.  The sooner

27   the moving party would be able to proceed with its eminent domain action, if the court grants this

28   ///

1    motion, the sooner it will be able to begin the necessary task of widening a crucial transportation

2    corridor.

3                                            III

4                                CONCLUSION

5         10.  The automatic stay in this proceeding is preventing the Movant from acquiring the

6    property rights it needs to advertise for the construction of a state highway widening project.  The

7    conditions on State Route 5 affect the motoring public and public safety of those who drive on the

8    freeway and make the need for obtaining the real property and beginning the widening project all the

9    more pressing.  Furthermore, any delays in obtaining possession of the property could result in the

10    loss of funding for the Project.  The granting of this motion for relief from the automatic stay will

11    ultimately allow the commencement of the construction of this project benefiting the travelling

12    public through the State of California.

13         11.  At the same time, the maintenance of an eminent domain proceeding will not prejudice

14    either the debtors or the bankruptcy because they are assured by the California Constitution and the

15    Eminent Domain Law of receiving just compensation as measured by the fair market value of the

16    property interests being acquired.  For these and other reasons state above, the Movant requests that

17    its motion for relief from the automatic stay be granted.

18    DATED:  August 21, 2012

19

20                                        /s/ Alexander Prieto

21                                           Alexander Prieto

22          Beals, Cohen Harrel, Quan, Montoya, Braham, Dadaian

                        Attorneys for the People of the State of California,

23              by and through its Department of Transportation

                          100 South Main Street, 13th Floor

24                            Los Angeles, CA 90012

                        alexander_prieto@dot.ca.gov

25                                (213) 687- 6000

26

27

28

MOTION FOR LIFT OF STAY

**Hearing Date: October 10, 2012 at 10:00 a.m.**
**Objection Deadline: September 26, 2012**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | Case No. 12-12020 (MG) |
| Debtors. | (Jointly Administered) |
| | Case No. 12-12028 |
| | Case No. 12-12032 |

<u>**PROPOSED ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY PURSUANT**</u>
<u>**TO 11 U.S.C. section 362 (a) AND FEDERAL BANKRUPTCY RULE 4001**</u>

**UPON** the Motion, dated August 28, 2012 (the "Motion"), of the People of the State of California, by and through its Department of Transportation ("Movant"), seeking an Order: (a) pursuant to Bankruptcy Rule 4001 and 11 U.S.C. section 362(d) seeking relief from Automatic Stay; (b) waiving the fourteen (14) day stay invoked pursuant to F.R.B.P. 4001 (a)(3); and (c) granting Movant such other and further relief as is just and proper under the circumstances of this case and due and proper notice of the Motion having been made on all necessary parties; and the Court having held a hearing (the "Hearing") on October 10, 2012, at 10:00 a.m., and there being no opposition to

1   the Motion; and upon all of the proceedings had before the Court; and after due deliberation and

2   sufficient cause appearing therefore, it is hereby

3

4         **ORDERED** that the Motion is granted as provided herein; and it is further

5         **ORDERED** that the Automatic Stay imposed in this case by section 362(a) of the

6   Bankruptcy Code is vacated under section 362(d) of the Bankruptcy Code so as to allow Movant, to

7   commence and continue its eminent domain condemnation proceedings with respect to the property

8   located at 11835 Dollison Drive, Norwalk, CA 90650; and it is further

9         **ORDERED** that if the debtors and any other parties claiming an interest in the subject

10   property enter into a settlement agreement with the People of the State of California, acting by and

11   through the Department of Transportation, for the sale and purchase of the subject property, that the

12   settlement agreement must be approved by this Court; and it is further

13         **ORDERED** that if the debtors and any other parties claiming an interest in the subject

14   property do not enter into a settlement agreement with the People of the State of California, acting by

15   and through the Department of Transportation, then the proceeding in eminent domain may proceed

16   to final judgment in accordance with applicable California state law, that; and it is further

17         **ORDERED** that any compensation awarded to the debtors under this jointly administered

18   action for the acquisition of the property in the eminent domain condemnation proceedings shall be

19   deposited with this court or in a blocked account, and all liens and interest in the eminent domain

20   condemnation proceedings and in this proceeding shall attaché to the proceeds deposited.

21         **ORDERED** that the stay invoked pursuant to F.R.B. 4001 (a) (3) is waived and this order is

22   effective upon the signing of this order.

23   Dated: _____ 2012

24       New York, New York

25

26                           _____

                                THE HONORABLE MARTIN GLENN

                                UNITED STATES BANKRUPTCY JUDGE

27

28