# EXHIBIT A

COPY

# SUMMONS
## (CITACION JUDICIAL)

SUM-100



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAR 27 2012

John A. Clarke, Executive Officer/Clerk

PORTER

DEPUTY

**NOTICE TO DEFENDANT:** ROSA M. DE LA LUZ; FIRST BANK dba FIRST
*(AVISO AL DEMANDADO):* BANK MORTGAGE; FERNANDO DE LA LUZ;
FIRST NATIONWIDE MORTGAGE CORPORATION; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC.(MERS); COMMONWEALTH
LAND TITLE COMPANY; EXECUTIVE TRUSTEE SERVICES, INC.; INTERNAL
REVENUE SERVICE; DANIEL BRADFORD; VERIZON CALIFORNIA, INC.,
successor in interest to General Telephone; SOUTHERN CALIFORNIA EDISON
COMPANY; DOES ONE to TWENTY, Inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:** THE PEOPLE OF THE STATE
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* OF CALIFORNIA,
acting by and through the Department of
Transportation,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: (El nombre y dirección de la corte es): | CASE NUMBER: (Número del Caso): |
|---|---|
| SUPERIOR COURT OF LOS ANGELES<br>South District<br>415 W. Ocean Blvd.<br>Long Beach, CA  90802 | NC057355 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Alexander Prieto, SBN 260901                                   213-687-6000    213-687-8300
BEALS, HARREL, QUAN, MONTOYA, BRAHAM, DADAIAN
100 South Main Street, Suite 1300
Los Angeles, CA  90012

DATE: MAR 27 2012    John A. Clarke    Clerk, by _____, Deputy
(Fecha)                                (Secretario)                        (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Legal
Solutions™

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465

THE PEOPLE OF THE STATE OF CALIFORNIA to the above-named defendants:

A civil complaint, in a special proceeding, has been filed by the plaintiff against you. Said proceeding is brought to acquire real property or interests in real property for public use, namely, for State highway purposes.

The real property or interests in real property sought to be acquired are within the City of Norwalk, County of Los Angeles, State of California, and generally described as that portions of Lot 38, Tract No. 18621, as per map recorded in Book 477, pages 19 and 20, of maps, in the office of the County Recorder of said county. Reference is made to the complaint herein for a specific description of the parcel sought to be acquired.

YOU ARE HEREBY NOTIFIED TO APPEAR and show cause, if you have any, why said property should not be condemned as prayed for in the complaint on file in the above-entitled proceeding, and UNLESS YOU SO FILE A WRITTEN RESPONSIVE PLEADING AS ABOVE REQUIRED, YOUR DEFAULT WILL BE ENTERED UPON APPLICATION OF THE PLAINTIFF AND THIS COURT MAY ENTER A JUDGMENT AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT WHICH COULD RESULT IN TAKING OF PROPERTY OR OTHER RELIEF REQUESTED IN THE COMPLAINT.

COPY

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAR 2 7 2012

John A. Clarke, Executive Officer/Clerk

PORTER

DEPU

EXEMPT PER GOVT. CODE 6103

1  | **RONALD W. BEALS, Chief Counsel**
   | **LINDA COHEN HARREL, Deputy Chief Counsel**
2  | **CAROL QUAN, Assistant Chief Counsel**
   | **JERALD M. MONTOYA, Assistant Chief Counsel**
3  | **LISA A. BRAHAM, Assistant Chief Counsel**
   | **STEVEN J. DADAIAN, Assistant Chief Counsel**
4  | 100 South Main Street, Suite 1300
   | Los Angeles, California 90012-3702
5  | Telephone: (213) 687-6000
   | Facsimile: (213) 687-8300
6  | **ALEXANDER PRIETO, Deputy Attorney,** Bar Number 260901
7  | Attorneys for Plaintiff

8

9  |              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10 |              FOR THE COUNTY OF LOS ANGELES

11

12 | THE PEOPLE OF THE STATE OF        NO. _____ NC057355
13 | CALIFORNIA, acting by and through the
   | Department of Transportation,        Parcels: 77657-1, 77657-2, 77657-3,
14 |                                               77657-01-01
15 |                          Plaintiff,
16 |            -vs-                      COMPLAINT IN EMINENT DOMAIN
   |                                      (Code Civ. Proc. § 1250.310)
17 | ROSA M. DE LA LUZ; FIRST BANK dba
18 | FIRST BANK MORTGAGE; FERNANDO
   | DE LA LUZ; FIRST NATIONWIDE
19 | MORTGAGE CORPORATION;             CASE MANAGEMENT REVIEW
   | MORTGAGE ELECTRONIC
20 | REGISTRATION SYSTEMS, INC. (MERS);    AUG 2 4 2012
21 | COMMONWEALTH LAND TITLE
   | COMPANY; EXECUTIVE TRUSTEE          IN DEPARTMENT  H
22 | SERVICES, INC.; INTERNAL REVENUE
23 | SERVICE; DANIEL BRADFORD;
   | VERIZON CALIFORNIA, INC., successor in
24 | interest to General Telephone; SOUTHERN
25 | CALIFORNIA EDISON COMPANY; DOE
   | ONE to DOE TWENTY, Inclusive,
26
27 |                          Defendants.
28

---

1
COMPLAINT IN EMINENT DOMAIN (Code Civ. Proc., § 1250.310)

1        Plaintiff, The People of The State of California, acting by and through the Department

2 of Transportation alleges that:

3        1.     The Department of Transportation (the "Department") is, and at all times

4 herein mentioned has been, the duly authorized body in charge of state highways and is by

5 law vested with authority to exercise in the name of the People of the State of California the

6 power of eminent domain for the purpose of acquiring property for state highway purposes, a

7 public use.

8        2.     After notice pursuant to **Code of Civil Procedure** section 1245.235, at a

9 meeting of the California Transportation Commission (the "Commission") duly and regularly

10 convened at Sacramento, California, on January 25, 2012, the Commission, pursuant to **Code**

11 **of Civil Procedure** sections 1245.210 through 1245.270, duly and regularly passed and

12 adopted Resolution of Necessity No. C-77657, declaring that certain real property or an

13 interest therein is necessary for state highway purposes and is to be acquired by plaintiff

14 pursuant to **Streets and Highways Code** section 102, and that plaintiff is authorized to

15 acquire that property in fee simple absolute unless a lesser estate is described herein for a

16 proposed project for state highway purposes in connection with state highway 07-LA-5-PM

17 5.5. The Commission has found and determined and in its resolution declared:

18         (a) The public interest and necessity require the project.

19         (b) The project is planned or located in the manner that will be most

20 compatible with the greatest public good and the least private injury.

21         (c) The property sought to be acquired is necessary for the project.

22         (d) The offer required by section 7267.2 of the **Government Code** has been

23 made to the owner or owners of record.

24        3.     The real property or interests in real property which the Department of

25 Transportation is authorized to acquire by this resolution is situated in the County of Los

26 Angeles, State of California, and is described as follows:

27 ///

28 ///

RESOLUTION OF NECESSITY DESCRIPTION

Parcel 77657-1

For freeway purposes that portion of Lot 38 of Tract No. 18621, in the City of Norwalk, County of Los Angeles, State of California, shown on map recorded in Book 477, page(s) 19 and 20 inclusive, of Maps, in the Office of the Registrar-Recorder/ County Clerk of said county, lying easterly of a line herein referred to as "Line A" lying westerly 24.00 feet of the following described line:

COMMENCING at the centerline intersection of Jersey Avenue being 60.00 feet wide with the southerly line of Dune Street being 42.00 feet wide as shown on Tract Map No. 18621, as recorded in Book 477, pages 19 to 21 inclusive in the office of the County Recorder of said county; Thence along the centerline of Jersey Avenue, N.00°01'43"W., 12.00 feet to the centerline of Dune Street now 60.00 feet wide; Thence S.89°55'07"E. along said centerline a distance of 769.70 feet to the BEGINNING OF DESCRIBED LINE; Thence N. 30°24'15"W., 2,064.31 feet to a point on the centerline of Thomas Court (formerly known as Esther Place) being 50.00 feet wide on Tract No. 25090, as shown on map recorded in Book 765, page(s) 68 and 69 of Maps, in the Office of the County Recorder of said county, said point being Easterly 57.11 feet from the centerline intersection of Thomas Court, and Dollison Drive having a bearing of N.00°03'54"W. as shown on said Tract No. 25090, and END OF DESCRIBED LINE.


Lands abutting said freeway shall have no right or easement of access thereto; provided, however, that part of the remaining lands of said parcel shall abut upon and have access to an adjoining frontage road which will be connected to the main thoroughfare of the freeway only at such points as may be established by public authority.

COMPLAINT IN EMINENT DOMAIN (Code Civ. Proc., § 1250.310)

Parcel 77657-2

For freeway purposes, an aerial-utility easement over that portion of  Lot 38 of Tract No. 18621, in the City of Norwalk, County of Los Angeles, State of California,  shown on map recorded in Book 477, page(s) 19 and 20 inclusive, of Maps, in the Office of the Registrar-Recorder/ County Clerk of said county, described as follows:

A 1.50 foot wide strip of land, the easterly line of said strip being coincident with said "Line A" as described above in Parcel 77657-1.

Parcel 77657-3

For freeway purposes, a temporary construction easement over that portion of  Lot 38 of Tract No. 18621, in the City of Norwalk, County of Los Angeles, State of California, shown on map recorded in Book 477, page(s) 19 and 20 inclusive, of Maps, in the Office of the Registrar-Recorder/ County Clerk of said county, described as follows:

A 5.00 foot wide strip of land, the easterly line of said strip being coincident with said "Line A" as described above in Parcel 77657-1.

The above-described parcel of land is to be used for temporary construction purposes and with the purpose of removing existing improvements in connection with the construction of a Route 05 freeway project designated 07-LA-05-PM 5.50 on maps in the office of the Department of Transportation, State of California at Los Angeles, California and the rights to be acquired therein shall cease and terminate not later than December 1, 2014.

The bearings of distances in the herein above described lines are on the California Coordinate System of 1983, Zone 5. Divide by a combination factor of 1.00000247 to obtain ground level distances.

COMPLAINT IN EMINENT DOMAIN (Code Civ. Proc., § 1250.310)

Parcel 77657-01-01

As excess that portion of Lot 38 of Tract No. 18621, in the City of Norwalk, County of Los
Angeles, State of California, shown on map recorded in Book 477, page(s) 19 and 20 inclusive,
of Maps, in the Office of the Registrar-Recorder/ County Clerk of said county, lying
westerly of that line referred to as "Line Λ" as described above in Parcel 77657-1.

1    4.    Maps portraying the property described in the complaint and showing its

2  location in relation to the project for which it is to be acquired are attached, marked Exhibits

3  "A" and "B", and by this reference made a part of this complaint.

4    5.    All of the above-described property lying within the boundaries of streets,

5  highways, or other public easements is subject to an easement or prescriptive right of the

6  public for use for that purpose.

7    6.    Each defendant named in this paragraph appears of record or is known by

8  plaintiff to have or claim an interest in the property described.  For the convenience of the

9  court and parties, and not as allegations to which plaintiff intends to be bound, plaintiff has

10  set out opposite each named defendant a statement of the respective interest of that defendant

11  in the described parcel(s):

12  PARCEL NOS. 77657-1, 77657-2, 77657-3, 77657-01-01:

13  Rosa M. De La Luz

14

15

16

17

18

19

20

21

22

23

24

25  First Bank dba First Bank Mortgage

26

27

28  ///

| | |
|---|---|
| | Owner |
| | Grant Deed |
| | Recorded November 15, 1999 |
| | Instrument No. 2123820 |
| | And |
| | Trustor |
| | Deed of Trust |
| | Recorded November 15, 1999 |
| | Instrument No. 99-2123821 |
| | And |
| | Trustor |
| | Deed of Trust and Assignment of Rents |
| | Recorded June 20, 2005 |
| | Instrument No. 05-1435078 |
| | Owner |
| | Trustee's Deed Upon Sale |
| | Recorded July 12, 2011 |
| | Instrument No. 20110935749 |

COMPLAINT IN EMINENT DOMAIN (Code Civ. Proc., § 1250.310)

| | |
|---|---|
| 1 | Fernando De La Luz |
| | Trustor |
| 2 | Deed of Trust |
| 3 | Recorded November 15, 1999 |
| | Instrument No. 99-2123821 |
| 4 | And |

Trustor
Deed of Trust and Assignment of Rents
Recorded June 20, 2005
Instrument No. 05-1435078

First Nationwide Mortgage Corporation

Beneficiary
Assignment of Deed of Trust
Recorded March 20, 2000
Instrument No. 00-0414074

Mortgage Electronic Registration Systems, Inc. (MERS)

Beneficiary
Deed of Trust and Assignment of Rents
Recorded June 20, 2005
Instrument No. 05-1435078

Commonwealth Land Title Company

Trustee
Deed of Trust
Recorded November 15, 1999
Instrument No. 99-2123821

Executive Trustee Services, Inc.

Trustee
Deed of Trust and Assignment of Rents
Recorded June 20, 2005
Instrument No. 05-1435078

Internal Revenue Service

Lien Holder
Notice of Federal Tax Lien
Recorded April 23, 2008
Instrument No. 20080712351
And

Notice of Federal Tax Lien
Recorded August 24, 2010
Instrument No. 20101175118

7

COMPLAINT IN EMINENT DOMAIN (Code Civ. Proc., § 1250.310)

| | |
|---|---|
| 1 | Daniel Bradford |  Debtor |
| 2 | | Notice of Federal Tax Lien |
| 3 | | Recorded April 23, 2008 |
| | | Instrument No. 20080712351 |
| 4 | | And |
| 5 | | Notice of Federal Tax Lien |
| 6 | | Recorded August 24, 2010 |
| | | Instrument No. 20101175118 |
| 7 | | |
| 8 | Verizon California, Inc., successor in interest to General Telephone | Easement Holder |
| | | Right of Way (Individual) |
| 9 | | Recorded August 12, 1953 |
| 10 | | In Book 42445, Page 370 |
| 11 | Southern California Edison Company | Easement Holder |
| 12 | | Grant of Easement |
| | | Recorded August 12, 1953 |
| 13 | | In Book 42445, Page 370 |
| 14 | | |

7.    Defendants DOE ONE through DOE TWENTY, inclusive, have, or claim to have, an interest in the described parcel(s), the exact nature of which is unknown to plaintiff. The true names or capacities, whether individual, corporate, associate, or otherwise of defendants DOE ONE through DOE TWENTY are unknown to plaintiff, who therefore sues these defendants by these fictitious names and will ask leave to amend this complaint to show their true names and capacities and state of incorporation when they have been ascertained.

8.    The interest of defendant United States of America is a tax lien arising under the Internal Revenue laws.  The liability of DANIEL BRADFORD of 11835 Dollison Drive, Norwalk, California 90650, created the tax lien.  The Office of the Internal Revenue Service filed a notice of tax lien on April 23, 2008, in the Office of the County Recorder of Los Angeles County, California.  The United States of America is joined in this proceeding as a party defendant in accordance with section 201 of the Federal Tax Lien Act of 1966, Title 28, **United States Code**, section 2410 (a) and (b).

9.      The interest of defendant United States of America is a tax lien arising under the Internal Revenue laws. The liability of DANIEL BRADFORD of 11835 Dollison Drive, Norwalk, California 90650, created the tax lien. The Office of the Internal Revenue Service filed a notice of tax lien on August 24, 2010, in the Office of the County Recorder of Los Angeles County, California. The United States of America is joined in this proceeding as a party defendant in accordance with section 201 of the Federal Tax Lien Act of 1966, Title 28, **United States Code**, section 2410 (a) and (b).

WHEREFORE, plaintiff prays judgment that:

(1)      The described property be condemned to plaintiff's use in fee simple absolute unless a lesser estate is described herein for the purposes set forth in the resolution of necessity;

(2)      The compensation be ascertained and assessed and the amount of the award for the described property be first determined between plaintiff and all defendants claiming any interest therein;

(3)      All liens and encumbrances against the described property be deducted from the judgment; and

(4)      The court allow such other and further relief as may be deemed proper.

DATED: March 26, 2012

RONALD W. BEALS, LINDA COHEN HARREL, CAROL QUAN, JERALD M. MONTOYA, LISA A. BRAHAM, STEVEN J. DADAIAN

By _____
                Alexander Prieto
                Attorneys for Plaintiff

9

COMPLAINT IN EMINENT DOMAIN (Code Civ. Proc., § 1250.310)

EXHIBIT A



EXHIBIT B



# EXHIBIT B



1  TRANSPORTATION COMMISSION
   RESOLUTION NO.

2  **C-20697**

JAN 2 5 2012

CALIFORNIA
TRANSPORTATION COMMISSION

RAISED BY

3  CALIFORNIA TRANSPORTATION COMMISSION
   RESOLUTION OF NECESSITY

4  TO ACQUIRE CERTAIN REAL PROPERTY
   OR INTEREST IN REAL PROPERTY BY EMINENT DOMAIN

5  HIGHWAY 07-LA-5-PM 5.5 PARCEL 77657-1, 2, 3, 01-01
   OWNER: First Bank D/B/A First Bank Mortgage, et al.

6

7  Resolved by the California Transportation Commission after

8  notice (and hearing) pursuant to Code of Civil Procedure Section

9  1245.235 that it finds and determines and hereby declares that:

10     The hereinafter described real property is necessary for State

11 Highway purposes and is to be acquired by eminent domain pursuant

12 to Streets and Highways Code Section 102; Code of Civil Procedure

13 Section 1240.320 in that a portion of the property is being

14 acquired for conveyance to Southern California Edison for aerial

15 utility purposes; and Code of Civil Procedure Section 1240.410 in

16 that the property being acquired includes a remnant that would be

17 of little market value;

18     The public interest and necessity require the proposed public

19 project, namely a State highway;

20     The proposed project is planned and located in the manner that

21 will be most compatible with the greatest public good and the least

22 private injury;

23     The property sought to be acquired and described by this

24 resolution is necessary for the public project;

25 APPROVED AS TO FORM AND PROCEDURE                    APPROVAL RECOMMENDED

26

_____          _____
Attorney, Department of Transportation      DIVISION OF RIGHT OF WAY

The offer required by Section 7267.2 of the Government Code has been made to the owners of record; and be it further

RESOLVED by this Commission that the Department of Transportation be and said Department is hereby authorized and empowered;

To acquire, in the name of the People of the State of California, in fee simple absolute, unless a lesser estate is hereinafter expressly described, the said hereinafter described real property, or interests in real property, by condemnation proceeding or proceedings in accordance with the provisions of the Streets and Highways Code, Code of Civil Procedure and of the Constitution of California relating to eminent domain;

The real property or interests in real property, which the Department of Transportation is by this resolution authorized to acquire, is situated in the County of Los Angeles, State of California, Highway 07-LA-5 and described as follows:



RESOLUTION OF NECESSITY DESCRIPTION

Parcel 77657-1

For freeway purposes that portion of Lot 38 of Tract No. 18621, in the City of Norwalk, County of Los Angeles, State of California, shown on map recorded in Book 477, page(s) 19 and 20 inclusive, of Maps, in the Office of the Registrar-Recorder/ County Clerk of said county, lying easterly of a line herein referred to as  "Line A" lying westerly 24.00 feet of the following described line:

COMMENCING at the centerline intersection of Jersey Avenue being 60.00 feet wide with the southerly line of Dune Street being 42.00 feet wide as shown on Tract Map No. 18621, as recorded in Book 477, pages 19 to 21 inclusive in the office of the County Recorder of said county; Thence along the centerline of Jersey Avenue, N.00°01'43"W., 12.00 feet to the centerline of Dune Street now 60.00 feet wide; Thence S.89°55'07"E. along said centerline a distance of 769.70 feet to the BEGINNING OF DESCRIBED LINE; Thence N. 30°24'15"W., 2,064.31 feet to a point on the centerline of Thomas Court (formerly known as Esther Place) being 50.00 feet wide on Tract No. 25090, as shown on map recorded in Book 765, page(s) 68 and 69 of Maps, in the Office of the County Recorder of said county, said point being Easterly 57.11 feet  from the centerline intersection of Thomas Court, and Dollison Drive having a bearing of N.00°03'54"W. as shown on said Tract No. 25090,  and END OF DESCRIBED LINE.


Lands abutting said freeway shall have no right or easement of access thereto; provided, however, that part of the remaining lands of said parcel shall abut upon and have access to an adjoining frontage road which will be connected to the main thoroughfare of the freeway only at such points as may be established by public authority.

1

Parcel 77657-2

For freeway purposes, an aerial-utility easement over that portion of Lot 38 of Tract No. 18621, in the City of Norwalk, County of Los Angeles, State of California, shown on map recorded in Book 477, page(s) 19 and 20 inclusive, of Maps, in the Office of the Registrar-Recorder/ County Clerk of said county, described as follows:

A 1.50 foot wide strip of land, the easterly line of said strip being coincident with said "Line A" as described above in Parcel 77657-1.

Parcel 77657-3

For freeway purposes, a temporary construction easement over that portion of Lot 38 of Tract No. 18621, in the City of Norwalk, County of Los Angeles, State of California, shown on map recorded in Book 477, page(s) 19 and 20 inclusive, of Maps, in the Office of the Registrar-Recorder/ County Clerk of said county, described as follows:

A 5.00 foot wide strip of land, the easterly line of said strip being coincident with said "Line A" as described above in Parcel 77657-1.

The above-described parcel of land is to be used for temporary construction purposes and with the purpose of removing existing improvements in connection with the construction of a Route 05 freeway project designated 07-LA-05-PM 5.50 on maps in the office of the Department of Transportation, State of California at Los Angeles, California and the rights to be acquired therein shall cease and terminate not later than December 1, 2014.

The bearings of distances in the herein above described lines are on the California Coordinate System of 1983, Zone 5. Divide by a combination factor of 1.00000247 to obtain ground level distances.

2

Parcel 77657-01-01

As excess that portion of Lot 38 of Tract No. 18621, in the City of Norwalk, County of Los
Angeles, State of California, shown on map recorded in Book 477, page(s) 19 and 20 inclusive,
of Maps, in the Office of the Registrar-Recorder/ County Clerk of said county, lying
westerly of that line referred to as "Line A" as described above in Parcel 77657-1.

THIS IS TO CERTIFY that the foregoing resolution was duly passed by
the California Transportation Commission at its meeting regularly called
and held on the 25th day of January, in the City of Sacramento and that the
foregoing is a full and correct copy of the original resolution. Dated this
the 26th day of January 2012.

BIMLA G. RHINEHART, Executive Director
CALIFORNIA TRANSPORTATION COMMISSION

3

# EXHIBIT C

1  Beals, Cohen Harrel, Quan, Montoya, Braham,          **Hearing Date: October 10, 2012 at 10:00 a.m.**
   Dadaian                                                       **Objection Deadline: September 26, 2012**
2  Alexander Prieto, Esq.
   100 South Main Street, Suite 1300
3  Los Angeles, California 90012-3702
   Tel: (213) 687-6000
4  Fax: (213) 687-8300

5
   Attorneys for the People of the State of California,
6  by and through its Department of Transportation

7

8  **UNITED STATES BANKRUPTCY COURT**
   **SOUTHERN DISTRICT OF NEW YORK**
9

10

11 In re:                                    Chapter 11

12 RESIDENTIAL CAPITAL, LLC, *et al.*,        Case No. 12-12020 (MG)

13                               Debtors.     (Jointly Administered)
14

15 ────────────────────────────────────      Case No. 12-12028

16                                            Case No. 12-12032

17

18

19

20 <u>**AFFIRMATION OF ANDREW T. NIERENBERG IN SUPPORT OF GRANTING RELIEF**</u>
   <u>**FROM THE AUTOMATIC STAY PURSUANT TO BANKRUPTCY RULE 4001 AND 11**</u>
21                       <u>**U.S.C. SECTION 362(d)**</u>

22

23       I, Andrew P. Nierenberg, affirm the following as true under penalty of perjury:

24       1.      Except where otherwise specifically indicated, I have personal knowledge of each of

25 the facts set forth in this declaration and, if called as a witness, I could and would testify to those

26 facts.

27       2.      I am the Deputy District Director, Division of Right of Way, for District 7 of the California

28 Department of Transportation ("Caltrans"). In this position, I am responsible for the development and

-8-

1    implementation of policies in the Right of Way offices of Appraisal, Acquisition, Relocation Assistance,

2    Property Services, Clearance and Demolition and Utilities Relocation.  One of my primary responsibilities is

3    obtaining timely possession of properties that are required for freeway and highway projects that are managed

4    by District 7 of Caltrans.  District 7 encompasses all of Los Angeles and Ventura Counties.

5        3.        As set forth in the accompanying Declaration of William H. Reagan, Caltrans is

6    currently engaged in a project to widen a certain portion of the Interstate 5 Freeway ("Project").  In

7    order to build the Project, it is necessary for Caltrans to obtain pre-trial possession of, and ultimately

8    acquire Parcels 77657-1, 76657-2, 77657-3 and 77657-07-01 ("Subject Property"), which are

9    described in the complaint Caltrans has filed in this action.  The Subject Property consists of

10   residential zoned property, and is located at 11835 Dollison Drive, Norwalk, California 90650.

11       4.        The Subject Property is situated within the required right-of-way for the Project and is

12   one of many properties that Caltrans must obtain possession of, and ultimately acquire, in order to

13   build the Project. I have the responsibility of ensuring that Caltrans obtains timely possession of all

14   property necessary to build the Project so that the Project can be advertised for bids, a construction

15   contract can be awarded and construction can begin on October 29, 2012, as scheduled.

16       5.        In order for the Project to be advertised for bids, Caltrans must provide a high level of

17   certainty to the California Transportation Commission ("CTC") that on the date construction is to

18   start, Caltrans will be able to deliver to the contractor possession of all the property needed for the

19   Project.  To provide that high level of certainty, Caltrans must obtain actual possession of each of the

20   properties or an order from the court for the remaining properties allowing Caltrans to take actual

21   possession of these properties on or prior to the date construction is to start.  In most cases, actual

22   possession must be secured prior to the date construction is to start because there is demolition work

23   that must be done and/or utilities which must be relocated.

24       6.        The Project will be built with funds from the Corridor Mobility Improvement

25   Account (CMIA).  This account contains funds raised from Proposition 1B, which was passed by the

26   public on November 7, 2006.  The CTC manages and allocates funds from this account.  The

27   language of Proposition 1B mandates that any CMIA funded project must commence construction

28   no later than December 31, 2012.  If construction does not begin prior to December 31, 2012, the

1  CTC will reassign funding to another project.  Caltrans has scheduled to start construction on the

2  Project on October 29, 2012, for two reasons: (1) for the contract to be awarded and the funds to be

3  committed within six months of April 25, 2012, the date the Project was funded; and (2) to ensure

4  that construction begins prior to December 31, 2012, per the statutory language of Proposition 1B.

5  Because of the short time frame before the start of construction, the Federal Highway Administration

6  ("FHWA") authorized Caltrans to advertise the Project and open bids prior to obtaining actual or

7  legal possession for all properties required for the Project.  Caltrans was authorized to do this by the

8  FHWA, subject to placing those properties for which possession had not been obtained on "work

9  around" status.  "Work around" status means that the contractor can begin work on October 29,

10  2012, as scheduled, but it will have to "work around" those properties for which possession is yet to

11  be obtained.  The Subject Property is one of those properties that have been placed on "work around"

12  status.

13      7.    By placing properties for which possession is yet to be obtained on "work around"

14  status, Caltrans was authorized to advertise the Project on May 29, 2012, and was able to open bids

15  on August 9, 2012.  However, having properties for which possession is yet to be obtained in the

16  midst of ongoing project construction will create many risks and problems for the property owners

17  and for Caltrans.  For example, for the property owners, their properties will be left isolated within

18  the construction zone, and for Caltrans, it will create the risk that the contractor's work will be

19  delayed and that Caltrans will incur substantial delay damages.  For this reason, possession of the

20  Subject Property is required urgently, on the earliest possible date allowed by law.  Caltrans needs

21  possession of the Subject Property no later than November 18, 2012, or 30 days after service of the

22  Order for Possession, whichever is later, in order for demolition work to be completed and/or

23  utilities to be relocated, in a timely manner, for construction to proceed as scheduled.

24      8.    If Caltrans does not obtain legal possession of the Subject Property as soon as the law

25  provides, there will be insufficient time to complete demolition of improvements and/or relocation of

26  utilities and this will likely delay construction and may possibly jeopardize funding for the Project.

27  This would in turn create severe problems for the motoring public.

28  ///

1    9.    A delay in the granting of an Order for Possession for the Subject Property will

2  constitute an extreme hardship to Caltrans.  The vast majority of property owners have agreed to

3  settle their respective cases and Caltrans has already obtained possession of the vast majority of

4  properties required for the Project.  More specifically, Caltrans has already acquired possession of

5  approximately 156 of the 186 parcels required for this Project.  Many of the properties which have

6  been acquired have already been demolished or are in the demolition and/or relocation of utilities

7  phase.  If possession of the Subject Property and the remaining properties is delayed, Caltrans will

8  lose millions of dollars already invested in the Project and may be exposed to millions more in

9  abandonment costs.  In addition, as discussed above, a delay in the construction of the Project will,

10  in turn, delay construction of the other portions of the Interstate 5 Corridor Widening, and this

11  domino effect would result directly in increased costs of materials and labor to complete the entire

12  7.6 mile Interstate 5 Corridor Widening which includes the later scheduled segments.

13    Executed this __21st__ day of August, 2012, at Los Angeles, California.

15

16  _____

Andrew P. Nierenberg
Declarant

MOTION FOR LIFT OF STAY