**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et</u> <u>al</u>., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**STIPULATION AND ORDER MODIFYING THE**
**AUTOMATIC STAY TO PERMIT LIMITED THIRD PARTY DISCOVERY**

Subject to the approval of this Court (the "Court"), this Stipulation and Order (the "Stipulation and Order") is made and entered into by, between and among the debtors and debtors in possession in the above-captioned bankruptcy cases (collectively, the "Debtors") and CMFG Life Insurance Company ("CMFG" and, together with the Debtors, the "Parties" and each, a "Party").

WHEREAS on December 14, 2011, CMFG, CUMIS Insurance Society, Inc., and Members Life Insurance Company filed an action in the Circuit Court for Dane County in Wisconsin against RBS Securities, Inc., which was subsequently removed to the United States District Court for the Western District of Wisconsin, Case No. 12-CV-00037-WMC (the "CUNA Mutual Action").

WHEREAS the Debtors have never been named as defendants in the CUNA Mutual Action;

WHEREAS Debtor Homecomings Financial LLC ("Homecomings") is among the originators of the loans underlying the CUNA Mutual Action;

WHEREAS Homecomings, Debtor Residential Funding Company, LLC ("RFC"), and Debtor GMAC Mortgage LLC ("GMACM") are the servicers for certain of the loans underlying

the CUNA Mutual Action;

WHEREAS on April 23, 2012, CMFG served third-party subpoenas on Homecomings and RFC requesting certain documents;

WHEREAS on April 24, 2012, CMFG served a third party subpoena on GMACM requesting certain documents;

WHEREAS the Debtors filed voluntary petitions in this Court for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on May 14, 2012 (the "Petition Date");

WHEREAS the Petition Date preceded the agreed deadline to respond to the subpoenas;

WHEREAS the Debtors have not produced documents in response to the subpoenas;

WHEREAS on July 9, 2012, CMFG instituted an action in the United States District Court for the Eastern District of Pennsylvania against GMACM (the "Pennsylvania Action"), which is pending under Case No. 12-mc-00182-LS, seeking to compel the production of documents requested by the subpoena it had served on GMACM prior to the Petition Date;

WHEREAS on July 12, 2012, CMFG instituted actions in the United States District Court for the District of Minnesota against Homecomings and RFC (the "Minnesota Actions"), which are pending under Case No. 12-mc-00055-ADM-FLN and 12-mc-00056-ADM-FLN, respectively, seeking to compel the production of documents requested by the subpoena it had served on Homecomings and RFC, respectively, prior to the Petition Date;

WHEREAS on July 13, 2012, the Debtors filed suggestions of stay in the Pennsylvania Action and the Minnesota Actions;

WHEREAS the Debtors assert that CMFG's non-party discovery requests are subject to the automatic stay imposed by Section 362(a) of the Bankruptcy Code;

WHEREAS CMFG asserts that the automatic stay does not bar discovery from non-party debtors, or in the alternative, that relief from the automatic stay would be warranted under the circumstances;

WHEREAS the Debtors and CMFG have been in discussions regarding the subpoenas, the Pennsylvania Action and the Minnesota Actions, and their respective positions concerning whether the non-party discovery and the institution of these actions are subject to and/or in violation of the automatic stay;

WHEREAS the Debtors and CMFG have reached agreement under which the Debtors shall consent to a limited modification of the automatic stay to permit the production of certain agreed-upon documents on the terms and conditions contained herein subject to bankruptcy court approval of the Stipulation;

NOW THEREFORE, the Parties agree and stipulate as follows:

1.     Without prejudice to the reservations of rights provided for in paragraph 5, the automatic stay of Section 362(a) of Bankruptcy Code is hereby modified for these limited purposes, and subject to the terms and conditions set forth herein.

2.     The Debtors agree to produce only the items set forth on <u>Exhibit A</u>, annexed hereto (the "Agreed Documents").  The Debtors shall not be required to provide any other documents or items to CMFG under this Stipulation and Order.

3.     CMFG shall pay to the Debtors the reasonable costs of production and the costs of employee time spent compiling the Agreed Documents.  Upon completion of the Debtors' production, the Debtors shall submit an invoice for such costs to CMFG, and, subject to a right to challenge the reasonableness of those costs, CMFG shall make payment to the Debtors by wire transfer within ten (10) business days of delivery of the invoice.  To the extent CMFG challenges

3

the reasonableness of any of the Debtors' costs (the "Disputed Costs"), and the parties are unable

to resolve the dispute, the Debtors shall have the right to bring a motion before the Bankruptcy

Court, on notice to CMFG, for a determination of the reasonableness of any such Disputed

Costs; provided, however, CMFG shall pay the balance of any non-disputed costs in accordance

with the terms hereof.

4.      CMFG acknowledges and agrees that:

a.      CMFG and its affiliates are not aware of and have not and do not intend to

bring any claims arising from CMFG's or its affiliates' purchase of

residential mortgage-backed securities against the Debtors or any of their

affiliates;

b.      CMFG shall treat the Agreed Documents as "Confidential" or "Highly

Confidential" information, depending on the Debtors' designation, in

accordance with the Amended Stipulated Protective Order Regarding

Confidential Discovery Materials and "Clawback" of Documents, entered

in the CUNA Mutual Action on May 4, 2012 (Docket No. 50) (the

"CUNA Protective Order");

c.      CMFG and its affiliates or their respective experts, consultants,

professional vendors, counsel or other secondary recipients or affiliates

will not use any Nonparty Borrower Information (as such term is defined

in the CUNA Protective Order) for the purpose of contacting borrowers or

their employers or accountants, whether through formal process or

otherwise;

4

d.    CMFG and its affiliates shall not use any of the Agreed Documents in connection with any mortgage-related claims against the Debtors or any of their affiliates; and

e.    CMFG shall seek a stay of the Pennsylvania Action and the Minnesota Actions within five (5) days of entry of this Stipulation and Order, and shall dismiss those actions upon the Debtors' full production of the documents set forth in Exhibit A.

5.    This Stipulation and Order is without prejudice to any right of (a) CMFG or its affiliates to seek to obtain and/or move to compel additional discovery from the Debtors in the future, in this Court or in the subpoena-issuing court, whether by asserting that the automatic stay is inapplicable or (assuming without conceding its applicability) seeking modification of the automatic stay in the Bankruptcy Court and (b) the Debtors to oppose any such relief, including that the automatic stay is applicable to all non-party discovery.

6.    Except as specifically provided for herein, the Parties reserve all rights and defenses they may have in the above-captioned cases, and entry into this Stipulation and Order shall not impair or otherwise affect such rights and defenses, and all such rights and defenses are expressly preserved.

7.    Notwithstanding anything herein to the contrary, this Stipulation and Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012,

(c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the

Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related

agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

8.      This Stipulation and Order shall not become effective unless and until it is entered

by the Court.

9.      The Court retains jurisdiction with respect to all matters arising from or related to

the implementation of this Stipulation and Order.

10.      This Stipulation and Order may not be modified other than by a signed writing

executed by the Parties hereto or by further order of the Court.

11.      Each person who executes this Stipulation and Order on behalf of a Party hereto

represents that he or she is duly authorized to execute this Stipulation and Order on behalf of

such Party.

Dated: August 10, 2012

___/s/__Norman S. Rosenbaum_____
Gary S. Lee
Norman S. Rosenbaum

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*

Dated: August 10, 2012

__/s/__Michael E. Klenov_____
Michael E. Klenov

KOREIN TILLERY LLC
505 N. 7th St., Ste. 3600
St. Louis, MO 63101

*Attorneys for CMFG Life Insurance Company*

New York, New York
Dated:  August 27, 2012

**IT IS SO ORDERED**

**_____/s/Martin Glenn_____**
MARTIN GLENN
United States Bankruptcy Judge

7

## EXHIBIT A

### Agreed Upon Discovery Information

1.  Underwriting Guidelines used in the origination of loans for the RALI 2006-QS3 Trust.

2.  Loan files for 372 loans from the Harborview 2005-15 Trust, 354 loans from the RALI 2006-QS3 Trust and 671 loans from the Soundview 2005-B Trust, which are serviced by the Debtors and which counsel to CMFG has previously identified by loan number to counsel to the Debtors.