1

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

Case No. 12-12020-mg

- - - - - - - - - - - - - - - - - - - - -x

In the Matter of:


RESIDENTIAL CAPITAL, LLC, et al.,


                Debtors.


- - - - - - - - - - - - - - - - - - - - -x


                United States Bankruptcy Court

                One Bowling Green

                New York, New York


                August 23, 2012

                4:06 PM


B E F O R E:

HON. MARTIN GLENN

U.S. BANKRUPTCY JUDGE

2

1

2   (Doc# 90, 47) Telephone Status Conference on the Record RE:

3   Motion Authorizing The Debtors to Continue To Perform Under The

4   Ally Bank Servicing Agreements In The Ordinary Course of

5   Business.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20   Transcribed by:  Janice D. Badeau

21   eScribers, LLC

22   700 West 192nd Street, Suite #607

23   New York, NY 10040

24   (973)406-2250

25   operations@escribers.net

3

1

2    A P P E A R A N C E S :

3    MORRISON & FOERSTER LLP

4          Attorneys for Debtors

5          1290 Avenue of the Americas

6          New York, NY 10104

7

8    BY:    GARY S. LEE, ESQ., Telephonically

9          TODD M. GOREN, ESQ., Telephonically

10

11

12   KRAMER LEVIN NAFTALIS & FRANKEL LLP

13         Attorneys for Official Creditors' Committee

14         1177 Avenue of the Americas

15         New York, NY 10036

16

17   BY:    KENNETH H. ECKSTEIN, ESQ., Telephonically

18         DOUGLAS H. MANNAL, ESQ., Telephonically

19

20

21

22

23

24

25

4

1

2  KIRKLAND & ELLIS LLP

3        Attorneys for Ally Financial and Ally Bank

4        601 Lexington Avenue

5        New York, NY 10022

6

7  BY:   RAY C. SCHROCK, ESQ., Telephonically

8        STEPHEN E. HESSLER, ESQ., Telephonically

9

10

11  KIRKLAND & ELLIS LLP

12        Attorneys for Ally Financial and Ally Bank

13        555 California Street

14        San Francisco, CA 94104

15

16  BY:   MARK E. McKANE, ESQ., Telephonically

17

18

19  CHADBOURNE & PARKE LLP

20        Attorneys for the Examiner

21        30 Rockefeller Plaza

22        New York, NY 10112

23

24  BY:   HOWARD SEIFE, ESQ., Telephonically

25        ROBERT J. GAYDA, ESQ., Telephonically

**RESIDENTIAL CAPITAL, LLC, ET AL.**                                    5

P R O C E E D I N G S

1

2          THE COURT:  We are on the record in Residential

3    Capital, number 12-12020.

4          I have the list of appearances, at least of those who

5    had checked in as of a few minutes ago.

6          Is debtors' counsel going to begin?

7          MR. GOREN:  Yes, Your Honor.  Todd Goren, Morrison &

8    Foerster, on behalf of the debtors.

9          THE COURT:  Go ahead.

10         MR. GOREN:  Well, we had hoped to get you a final

11   version of a stipulation resolving all aspects of the

12   subservicing dispute before today's conference.  We weren't

13   quite able to get there, but I do think we are almost done;

14   I'll say that.  I think there's, at this point, just one minor

15   issue that needs to be worked through.  It is my strong hope

16   that the parties will be able to work through that this

17   afternoon, following the conference, and finalize the

18   stipulation this afternoon.

19         So I guess from the debtors' perspective, at least,

20   the main question we wanted to address with you today was the

21   process by which we would then tee up that stipulation.  You

22   had suggested at the last hearing maybe filing it on notice of

23   presentment, so we just wanted to confirm with Your Honor and

24   the parties the process by which we could tee that up.

25         I am not sure if either the creditors' committee or

RESIDENTIAL CAPITAL, LLC, ET AL.                                6

1    Ally want to say anything additional.

2         THE COURT:  Somebody from the creditors' committee

3    want to be heard?

4         MR. ECKSTEIN:  Your Honor, good afternoon.  It's

5    Kenneth Eckstein from Kramer Levin.

6         I am able to confirm what Mr. Goren said, that I think

7    we are very close to finalizing a stipulation and proposed

8    order.  I wouldn't want to suggest that it's as simple as just

9    one issue, because the stipulation and order is complex, and it

10   has been the subject of extensive, extensive negotiation and

11   drafting.  But I do think it is fair to say that, based on

12   where we are right now, we should be able, by the end of today,

13   to have a stipulation and order that my office, and I believe

14   Mr. Schrock will say from the vantage point of his office, are

15   prepared to submit to our respective clients and recommend that

16   the clients accept.  And I think, at this point in time, we

17   both feel as if we're going to be there by the end of the day

18   today.

19        So assuming that's correct, I would say that we will

20   have something that the debtor can submit to the Court as a

21   proposed stipulation and proposed order that would resolve the

22   motion consensually.

23        I know Your Honor really hasn't heard the terms of the

24   resolution, and I don't know whether the simple stipulation

25   will be enough, but Your Honor will hear the terms at some

**RESIDENTIAL CAPITAL, LLC, ET AL.**                                7

1  point.

2         And I guess it is fair to say what process -- the

3  process we thought made sense -- and I had brief conversation

4  with Mr. Schrock about this -- was, assuming we get there, I

5  think it makes sense for the debtor to submit the stipulation

6  and proposed order.  I guess it could be noticed for

7  settlement.

8         Our sense was that it would make sense for the

9  committee, and I'm assuming the same to be true for Ally, to

10  submit a statement that would, I guess, follow the submission

11  of the stipulation, so the Court at least had our perspective

12  on the settlement.  And I think we'd want to flag submissions

13  that we think need to be considered by the examiner that were

14  raised by the motion itself.  They don't need to be adjudicated

15  now, but we do think need to be examined.

16         And I guess, Your Honor, you can set this down for the

17  11th.  I don't know whether you'll need any kind of

18  presentation on the 11th, or whether, based upon the

19  stipulation and the submissions, if there's no other pleadings

20  filed, Your Honor could just enter the order if you felt

21  comfortable.

22         THE COURT:  Okay.  Mr. Schrock, do you want to be

23  heard?

24         MR. SCHROCK:  Yes, thank you, Your Honor.  Again, Ray

25  Schrock of Kirkland & Ellis on behalf of Ally Financial, Inc.

**RESIDENTIAL CAPITAL, LLC, ET AL.**                    8

1  and Ally Bank.

2              I can confirm largely what Mr. Eckstein has said.  We

3  agree with the procedure.  We agree that we are very close, and

4  we should be in a position by the end of today to have

5  something to recommend to the clients.  I think that it's off

6  to the clients and I hesitate to say that anything is over

7  until it's over, especially on this very complex matter.  But

8  the process that Mr. Eckstein outlined, I think that's a good

9  suggestion.  We were thinking along the lines of something very

10  similar.  And hopefully, we can put this issue behind us for

11  the time being and move on to other issues in the case.

12              THE COURT:  Let me ask you:  in a prior hearing, I

13  don't know whether it was you, Mr. Schrock, or someone from the

14  debtors' counsel indicated that this all had to be vetted with

15  various regulators.  And I don't know whether that's happened,

16  whether you -- I mean, my questions really go to the process

17  going forward, since many things in the case have drawn

18  objections, not necessarily from those who are on the phone

19  today.  I am not sure exactly what gets accomplished by just

20  doing it on presentment, if there are going to be objections

21  sort of coming in out of left field.  But, specifically, right

22  now, I've been told before that the regulators, various

23  regulators had to -- I don't know whether approval is the right

24  term -- but had to express comfort with what was being

25  proposed.  Can somebody shed light on that?

RESIDENTIAL CAPITAL, LLC, ET AL.                                  9

1          MR. SCHROCK:  Your Honor, I'd be happy to.  Again,

2    it's Ray Schrock, on behalf of Ally Financial and Ally Bank.

3          It's a good question.  We have had various

4    conversations with our regulatory bodies, the Federal Reserve,

5    as well as the FDIC.  And we discussed this very issue of

6    process earlier today with Ally Bank.

7          We are, given that we've been bringing parties up to

8    speed as we move along, we're optimistic that there shouldn't

9    be any issues.  But I think, just in case, putting it out on

10   presentment, and certainly, if there were any issues raised by

11   regulatory bodies, we would make the Court aware immediately,

12   as well as other parties-in-interest.  But we're optimistic we

13   can work with the current construct that we've been working on

14   for the past few weeks.

15         THE COURT:  Mr. Goren, Mr. Eckstein, do you have any

16   comments on that?

17         MR. GOREN:  No; I mean, that sounds right to us.  I

18   mean, I do know that the DOJ has been very focused on this

19   issue as it relates to the DOJ/AG settlement and the debtors'

20   solicitation of loans for modification.

21         We did share with them a draft a week or two back.  We

22   didn't receive any comments to it, but I'm quite certain

23   they'll at least want to see the final output on the

24   stipulation.

25         So I think a notice of presentment, where everyone

RESIDENTIAL CAPITAL, LLC, ET AL.                    10

1  gets a chance to look at it and confirm that the stipulation is

2  acceptable makes sense.

3         THE COURT:  Mr. Eckstein?

4         MR. ECKSTEIN:  My understanding has been that the

5  regulators had been kept current on this, at least that's how

6  it's been described to us.  And we have gone to great lengths

7  to try to structure something that would not run afoul of any

8  regulatory concerns, but there's no absolute guarantee.

9         So I think the process of setting an objection

10 deadline would be the most reasonable way to go.  And,

11 obviously, if there are objections, I would imagine there's no

12 question that the Court would want to hear them.  And the Court

13 may -- given the complexity of this, the Court may want to hear

14 this presented at the hearing on the 11th regardless.  There's

15 a lot of history to this already.

16        THE COURT:  Yes.  No, and I think I do want to hear

17 it.  But I think I'm comfortable having it on presentment for

18 September 11th with -- I guess one thing, I know you think

19 you're close.  When do you realistically think you'd be in

20 a position to file it?  I don't know, Mr. Schrock or Mr. Goren,

21 whether you're in the best position -- or Mr. Eckstein -- I

22 don't care who responds to it.  When do you think you'd be in a

23 position?  Because I'll set an objection deadline, but I want

24 it to be realistic.

25        MR. ECKSTEIN:  If I could suggest, from our

1  standpoint, this will not be the first time that the committee

2  will have seen this, so this is quite advanced.  I would think

3  that we can be, assuming we get this out to everybody this

4  evening, I think, by the end of the day tomorrow, we could have

5  signoff.  And so it seems to me that, by Monday, this is

6  fileable.

7           MR. SCHROCK:  Yes, Your Honor.  It's Ray Schrock

8  again.  I agree with that.  I think tomorrow, Monday at the

9  latest.

10          I also think, Your Honor, just to emphasize, I think

11 filing statements would be beneficial for all parties

12 concerned, just given the complexity of the issues and for

13 parties just to be able to put their perspective on the issues

14 being settled.

15          THE COURT:  Okay.  I'm just now looking at the

16 calendar.  Hold on.

17          When would you be in a position to file the

18 statements, do you believe?  I mean, that may have a bearing on

19 whether anybody comes out of the woodwork with objections, too,

20 so --

21          MR. ECKSTEIN:  Your Honor, I was going to suggest, if

22 I may, that given the Labor Day weekend, that if we could make

23 the objection deadline Wednesday the 5th, that would give

24 people a reasonable amount of time.  Assuming Monday the

25 pleading is filed, it would give people, essentially, a week

1  plus a few days into the following week.

2          THE COURT:  Well, the 5th was in fact the date I was

3  looking at on the calendar, Mr. Eckstein.  But the further

4  question is, I think the suggestion of the debtor, the

5  committee, and Ally filing statements is a good one.  And when

6  will you be in a position to do that?

7          MR. ECKSTEIN:  We would file it on the 5th.

8          THE COURT:  Well, the problem with that is you're all

9  supporting the settlement.  Setting the objection deadline for

10  the same day that you propose to file statements in support

11  doesn't really give the objectors an opportunity to fully

12  appreciate what's going on, let me put it that way.

13          MR. ECKSTEIN:  I am not sure I would call the

14  statements necessarily supportive statements, as much as sort

15  of illuminating on a lot of the issues that are not necessarily

16  clear from the stipulations.

17          THE COURT:  Well, look, I don't want to -- I don't

18  want to screw up anybody's weekend, but what I'm going to do is

19  I'm going to require -- I'm going to set a deadline for filing

20  of the stipulation and any explanatory statements -- I won't

21  even call them statements in support -- but explanatory

22  statements by 5 p.m., Monday, August 27th.  And then I'm going

23  to set the objection deadline for 5 p.m. Wednesday, September

24  5th.  And any further responses or replies to objections for

25  Friday, September 7th, at 5 o'clock.

RESIDENTIAL CAPITAL, LLC, ET AL.                              13

1    I'm not encouraging lengthy filings, but I think it's

2    important that other parties-in-interest who haven't been

3    engaged in this process see not only the stipulation, but the

4    explanatory statements that will accompany it.  And that's why

5    I want to set that deadline for the same time as the filing of

6    the stipulation and before the objection deadline, so people

7    can appreciate some of the complexities and why you've gotten

8    to where you are.

9            Let me just ask this:  is this just kicking the can

10   down the road?  Or for what period is this a resolution of

11   these issues?

12           MR. ECKSTEIN:  Your Honor, if I may?  It's Ken

13   Eckstein.  I am not sure I would simply limit it to kicking the

14   can down the road.  It's actually, I think it's an interesting

15   compromise which, on the one hand, allows the servicing to be

16   approved.  It facilitates the payments of the monies that need

17   to be paid to Ally Bank, and it allows the issues that were in

18   dispute, particularly with respect to the indemnification and

19   who should be responsible for the indemnification, to be

20   deferred in an even-handed way to allow the examiner to do his

21   investigation and to not bog the Court down and the parties

22   down with the further discovery with respect to this motion

23   now.

24           THE COURT:  Okay.

25           MR. ECKSTEIN:  I think it's fair.  It does kick the

RESIDENTIAL CAPITAL, LLC, ET AL.                                   14

1   dispute with respect to the indemnification to a later date,

2   and it may be -- and it specifically provides for the

3   possibility of litigation of the dispute after the examiner's

4   report.

5            THE COURT:  Okay.  That's, I think, from the prior

6   hearings and my comments, I think that's a big part of this.

7   The examiner ought to be able to conduct his investigation.

8   And, look, it's been clear from the start that the issue of the

9   indemnification and whether AFI or the debtors should -- you've

10  all agreed that Ally Bank should be paid.  The question is

11  whether the debtors pay it or whether AFI pays it, or some

12  combination.

13           So I know one of the examiner's counsel is on the

14  phone.  Have you seen a draft of this?  Do you understand what

15  the concept is here?

16           MR. SEIFE:  Your Honor, it's Howard Seife, Chadbourne

17  & Parke for the examiner.

18           No, we have not been a party to the various

19  discussions or negotiations, so we're not aware of the terms.

20  And I must say my ears perked up when Mr. Eckstein alluded to

21  certain issues which would be reserved for the examiner.

22           We are looking into the indemnity and related issues.

23  And I don't know if the reference was to additional issues or

24  other things which have come up in the course of their

25  negotiation.  So I was going to inquire exactly what he was

RESIDENTIAL CAPITAL, LLC, ET AL.                                          15

1  referring to and whether it's something that's incorporated

2  directly in their settlement agreement or stipulation.

3          THE COURT:  Well, I think, at this point, I'll let you

4  all do that offline.

5          MR. SEIFE:  Yes.

6          THE COURT:  I am not sure that we need to include that

7  on the record now.

8          MR. ECKSTEIN:  We will sit with the examiner's counsel

9  and make sure that they are fully up to speed on everything we

10  know.  And I think everything is within the scope of the

11  examiner's investigation anyway.

12          THE COURT:  Okay.  All right, anybody else have

13  anything they want to say now?

14          All right, so just a recap on the schedule.  I'm

15  imposing a deadline of Monday.  In order to go forward with

16  this at a hearing on September 11th, I'm imposing a deadline of

17  5 p.m. Monday for filing of the proposed stipulation and the

18  statements of the various parties relating to the proposed

19  stipulation.  The objection deadline will be Wednesday,

20  September 5th, at 5 o'clock.  And a response or reply deadline

21  will be Friday, September 7th at 5 o'clock.  And the matter

22  will be set for the Court's ResCap calendar on September 11th.

23  Okay?

24          MR. SCHROCK:  Your Honor, Ray Schrock.  Thank you very

25  much.  I hope to get the clients to sign off here in the very

**RESIDENTIAL CAPITAL, LLC, ET AL.**                                 16

1    near future.

2              THE COURT:  Okay.  Let me ask this:  if something goes

3    awry here, would you -- so that this is not going to happen on

4    the schedule -- will somebody endeavor to let me know?

5              MR. GOREN:  Todd Goren, Your Honor, Morrison &

6    Foerster.  We will do so, Your Honor.

7              THE COURT:  Okay.  Thank you very much.

8              MR. GOREN:  Thank you.

9              THE COURT:  We're adjourned.  Thank you.

10         (Whereupon these proceedings were concluded at 4:25 PM)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

17

C E R T I F I C A T I O N

I, Janice D. Badeau, certify that the foregoing transcript is a
true and accurate record of the proceedings.

_____

JANICE D. BADEAU

AAERT Certified Electronic Transcriber CET**D-665


eScribers

700 West 192nd Street, Suite #607

New York, NY 10040


Date:  August 24, 2012

## A

**able (6)**
  5:13,16;6:6,12;
  11:13;14:7
**absolute (1)**
  10:8
**accept (1)**
  6:16
**acceptable (1)**
  10:2
**accompany (1)**
  13:4
**accomplished (1)**
  8:19
**actually (1)**
  13:14
**additional (2)**
  6:1;14:23
**address (1)**
  5:20
**adjourned (1)**
  16:9
**adjudicated (1)**
  7:14
**advanced (1)**
  11:2
**AFI (2)**
  14:9,11
**afoul (1)**
  10:7
**afternoon (3)**
  5:17,18;6:4
**Again (3)**
  7:24;9:1;11:8
**ago (1)**
  5:5
**agree (1)**
  8:3,3;11:8
**agreed (1)**
  14:10
**agreement (1)**
  15:2
**ahead (1)**
  5:9
**allow (1)**
  13:20
**allows (2)**
  13:15,17
**alluded (1)**
  14:20
**Ally (14)**
  4:3,3,12,12;6:1;
  7:9,25;8:1;9:2,2,6;
  12:5;13:17;14:10
**almost (1)**
  5:13
**along (2)**
  8:9;9:8
**amount (1)**
  11:24
**appearances (1)**

**5:4**
**appreciate (2)**
  12:12;13:7
**approval (1)**
  8:23
**approved (1)**
  13:16
**aspects (1)**
  5:11
**assuming (5)**
  6:19;7:4,9;11:3,24
**Attorneys (3)**
  4:3,12,20
**August (1)**
  12:22
**Avenue (1)**
  4:4
**aware (2)**
  9:11;14:19
**awry (1)**
  16:3

## B

**back (1)**
  9:21
**Bank (7)**
  4:3,12;8:1;9:2,6;
  13:17;14:10
**based (2)**
  6:11;7:18
**bearing (1)**
  11:18
**begin (1)**
  5:6
**behalf (3)**
  5:8;7:25;9:2
**behind (1)**
  8:10
**beneficial (1)**
  11:11
**best (1)**
  10:21
**big (1)**
  14:6
**bodies (2)**
  9:4,11
**bog (1)**
  13:21
**both (1)**
  6:17
**brief (1)**
  7:3
**bringing (1)**
  9:7

## C

**CA (1)**
  4:14
**calendar (3)**
  11:16;12:3;15:22
**California (1)**

**4:13**
**call (2)**
  12:13,21
**can (10)**
  6:20;7:16;8:2,10,
  25;9:13;11:3;13:7,9,
  14
**Capital (1)**
  5:3
**care (1)**
  10:22
**case (3)**
  8:11,17;9:9
**certain (2)**
  9:22;14:21
**certainly (1)**
  9:10
**CHADBOURNE (2)**
  4:19;14:16
**chance (1)**
  10:1
**checked (1)**
  5:5
**clear (2)**
  12:16;14:8
**clients (5)**
  6:15,16;8:5,6;
  15:25
**close (3)**
  6:7;8:3;10:19
**combination (1)**
  14:12
**comfort (1)**
  8:24
**comfortable (2)**
  7:21;10:17
**coming (1)**
  8:21
**comments (3)**
  9:16,22;14:6
**committee (3)**
  5:25;6:2;7:9;11:1;
  12:5
**complex (2)**
  6:9;8:7
**complexities (1)**
  13:7
**complexity (2)**
  10:13;11:12
**compromise (1)**
  13:15
**concept (1)**
  14:15
**concerned (1)**
  11:12
**concerns (1)**
  10:8
**concluded (1)**
  16:10
**conduct (1)**
  14:7
**conference (2)**
  5:12,17

**confirm (4)**
  5:23;6:6;8:2;10:1
**consensually (1)**
  6:22
**considered (1)**
  7:13
**construct (1)**
  9:13
**conversation (1)**
  7:3
**conversations (1)**
  9:4
**counsel (3)**
  5:6;8:14;14:13;
  15:8
**course (1)**
  14:24
**COURT (27)**
  5:2,9;6:2,20;7:11,
  22;8:12;9:11,15;
  10:3,12,12,13,16;
  11:15;12:2,8,17;
  13:21,24;14:5;15:3,6,
  12;16:2,7,9
**Court's (1)**
  15:22
**creditors' (2)**
  5:25;6:2
**current (2)**
  9:13;10:5

## D

**date (2)**
  12:2;14:1
**day (4)**
  6:17;11:4,22;12:10
**days (1)**
  12:1
**deadline (12)**
  10:10,23;11:23;
  12:9,19,23;13:5,6;
  15:15,16,19,20
**debtor (3)**
  6:20;7:5;12:4
**debtors (3)**
  5:8;14:9,11
**debtors' (4)**
  5:6,19;8:14;9:19
**deferred (1)**
  13:20
**described (1)**
  10:6
**directly (1)**
  15:2
**discovery (1)**
  13:22
**discussed (1)**
  9:5
**discussions (1)**
  14:19
**dispute (4)**
  5:12;13:18;14:1,3

**DOJ (1)**
  9:18
**DOJ/AG (1)**
  9:19
**done (1)**
  5:13
**down (5)**
  7:16;13:10,14,21,
  22
**draft (2)**
  9:21;14:14
**drafting (1)**
  6:11
**drawn (1)**
  8:17

## E

**earlier (1)**
  9:6
**ears (1)**
  14:20
**ECKSTEIN (18)**
  6:4,5;8:2,8;9:15;
  10:3,4,21,25;11:21;
  12:3,7,13;13:12,13,
  25;14:20;15:8
**either (1)**
  5:25
**ELLIS (3)**
  4:2,11;7:25
**else (1)**
  15:12
**emphasize (1)**
  11:10
**encouraging (1)**
  13:1
**end (4)**
  6:12,17;8:4;11:4
**endeavor (1)**
  16:4
**engaged (1)**
  13:3
**enough (1)**
  6:25
**enter (1)**
  7:20
**especially (1)**
  8:7
**ESQ (5)**
  4:7,8,16,24,25
**essentially (1)**
  11:25
**even (1)**
  12:21
**even-handed (1)**
  13:20
**evening (1)**
  11:4
**everybody (1)**
  11:3
**everyone (1)**
  9:25

exactly (2)
8:19;14:25
examined (1)
7:15
Examiner (6)
4:20;7:13;13:20;
14:7,17,21
examiner's (4)
14:3,13;15:8,11
explanatory (3)
12:20,21;13:4
express (1)
8:24
extensive (2)
6:10,10

**F**

facilitates (1)
13:16
fact (1)
12:2
fair (3)
6:11;7:2;13:25
FDIC (1)
9:5
Federal (1)
9:4
feel (1)
6:17
felt (1)
7:20
few (3)
5:5;9:14;12:1
field (1)
8:21
file (4)
10:20;11:17;12:7,
10
fileable (1)
11:6
filed (2)
7:20;11:25
filing (6)
5:22;11:11;12:5,
19;13:5;15:17
filings (1)
13:1
final (2)
5:10;9:23
finalize (1)
5:17
finalizing (1)
6:7
Financial (4)
4:3,12;7:25;9:2
first (1)
11:1
flag (1)
7:12
focused (1)
9:18
Foerster (2)

5:8;16:6
follow (1)
7:10
following (2)
5:17;12:1
forward (2)
8:17;15:15
Francisco (1)
4:14
Friday (2)
12:25;15:21
fully (2)
12:11;15:9
further (3)
12:3,24;13:22
future (1)
16:1

**G**

GAYDA (1)
4:25
gets (2)
8:19;10:1
given (4)
9:7;10:13;11:12,22
goes (1)
16:2
good (4)
6:4;8:8;9:3;12:5
GOREN (10)
5:7,7,10;6:6;9:15,
17;10:20;16:5,5,8
great (1)
10:6
guarantee (1)
10:8
guess (6)
5:19;7:2,6,10,16;
10:18

**H**

hand (1)
13:15
happen (1)
16:3
happened (1)
8:15
happy (1)
9:1
hear (4)
6:25;10:12,13,16
heard (3)
6:3,23;7:23
hearing (4)
5:22;8:12;10:14;
15:16
hearings (1)
14:6
hesitate (1)
8:6
HESSLER (1)

4:8
history (1)
10:15
Hold (1)
11:16
Honor (17)
5:7,23;6:4,23,25;
7:16,20,24;9:1;11:7,
10,21;13:12;14:16;
15:24;16:5,6
hope (2)
5:15;15:25
hoped (1)
5:10
hopefully (1)
8:10
HOWARD (2)
4:24;14:16

**I**

illuminating (1)
12:15
imagine (1)
10:11
immediately (1)
9:11
important (1)
13:2
imposing (2)
15:15,16
Inc (1)
7:25
include (1)
15:6
incorporated (1)
15:1
indemnification (4)
13:18,19;14:1,9
indemnity (1)
14:22
indicated (1)
8:14
inquire (1)
14:25
interesting (1)
13:14
into (2)
12:1;14:22
investigation (3)
13:21;14:7;15:11
issue (6)
5:15;6:9;8:10;9:5,
19;14:8
issues (11)
8:11;9:9,10;11:12,
13;12:15;13:11,17;
14:21,22,23

**K**

Ken (1)
13:12

Kenneth (1)
6:5
kept (1)
10:5
kick (1)
13:25
kicking (2)
13:9,13
kind (1)
7:17
KIRKLAND (3)
4:2,11;7:25
Kramer (1)
6:5

**L**

Labor (1)
11:22
largely (1)
8:2
last (1)
5:22
later (1)
14:1
latest (1)
11:9
least (5)
5:4,19;7:11;9:23;
10:5
left (1)
8:21
lengths (1)
10:6
lengthy (1)
13:1
Levin (1)
6:5
Lexington (1)
4:4
light (1)
8:25
limit (1)
13:13
lines (1)
8:9
list (1)
5:4
litigation (1)
14:3
LLP (3)
4:2,11,19
loans (1)
9:20
look (3)
10:1;12:17;14:8
looking (3)
11:15;12:3;14:22
lot (2)
10:15;12:15

**M**

main (1)
5:20
makes (2)
7:5;10:2
many (1)
8:17
MARK (1)
4:16
matter (2)
8:7;15:21
may (6)
10:13,13;11:18,22;
13:12;14:2
maybe (1)
5:22
McKANE (1)
4:16
mean (4)
8:16;9:17,18;11:18
minor (1)
5:14
minutes (1)
5:5
modification (1)
9:20
Monday (6)
11:5,8,24;12:22;
15:15,17
monies (1)
13:16
Morrison (2)
5:7;16:5
most (1)
10:10
motion (3)
6:22;7:14;13:22
move (2)
8:11;9:8
much (3)
12:14;15:25;16:7
must (1)
14:20

**N**

near (1)
16:1
necessarily (3)
8:18;12:14,15
need (6)
7:13,14,15,17;
13:16;15:6
needs (1)
5:15
negotiation (2)
6:10;14:25
negotiations (1)
14:19
New (2)
4:5,22
notice (2)
5:22;9:25
noticed (1)

7:6
**number (1)**
5:3
**NY (2)**
4:5,22

## O

**objection (7)**
10:9,23;11:23;
12:9,23;13:6;15:19
**objections (5)**
8:18,20;10:11;
11:19;12:24
**objectors (1)**
12:11
**obviously (1)**
10:11
**o'clock (3)**
12:25;15:20,21
**off (2)**
8:5;15:25
**office (2)**
6:13,14
**offline (1)**
15:4
**one (6)**
5:14;6:9;10:18;
12:5;13:15;14:13
**only (1)**
13:3
**opportunity (1)**
12:11
**optimistic (2)**
9:8,12
**order (7)**
6:8,9,13,21;7:6,20;
15:15
**ought (1)**
14:7
**out (4)**
8:21;9:9;11:3,19
**outlined (1)**
8:8
**output (1)**
9:23
**over (2)**
8:6,7

## P

**paid (2)**
13:17;14:10
**PARKE (2)**
4:19;14:17
**part (1)**
14:6
**particularly (1)**
13:18
**parties (7)**
5:16,24;9:7;11:11,
13;13:21;15:18
**parties-in-interest (2)**

9:12;13:2
**party (1)**
14:18
**past (1)**
9:14
**pay (1)**
14:11
**payments (1)**
13:16
**pays (1)**
14:11
**people (3)**
11:24,25;13:6
**period (1)**
13:10
**perked (1)**
14:20
**perspective (3)**
5:19;7:11;11:13
**phone (2)**
8:18;14:14
**Plaza (1)**
4:21
**pleading (1)**
11:25
**pleadings (1)**
7:19
**plus (1)**
12:1
**pm (4)**
12:22,23;15:17;
16:10
**point (5)**
5:14;6:14,16;7:1;
15:3
**position (6)**
8:4;10:20,21,23;
11:17;12:6
**possibility (1)**
14:3
**prepared (1)**
6:15
**presentation (1)**
7:18
**presented (1)**
10:14
**presentment (5)**
5:23;8:20;9:10,25;
10:17
**prior (2)**
8:12;14:5
**problem (1)**
12:8
**procedure (1)**
8:3
**proceedings (1)**
16:10
**process (9)**
5:21,24;7:2,3;8:8,
16;9:6;10:9;13:3
**propose (1)**
12:10
**proposed (7)**

6:7,21,21;7:6;8:25;
15:17,18
**provides (1)**
14:2
**put (3)**
8:10;11:13;12:12
**putting (1)**
9:9

## Q

**quite (3)**
5:13;9:22;11:2

## R

**raised (2)**
7:14;9:10
**RAY (5)**
4:7;7:24;9:2;11:7;
15:24
**realistic (1)**
10:24
**realistically (1)**
10:19
**really (3)**
6:23;8:16;12:11
**reasonable (2)**
10:10;11:24
**recap (1)**
15:14
**receive (1)**
9:22
**recommend (2)**
6:15;8:5
**record (2)**
5:2;15:7
**reference (1)**
14:23
**referring (1)**
15:1
**regardless (1)**
10:14
**regulators (4)**
8:15,22,23;10:5
**regulatory (3)**
9:4,11;10:8
**related (1)**
14:22
**relates (1)**
9:19
**relating (1)**
15:18
**replies (1)**
12:24
**reply (1)**
15:20
**report (1)**
14:4
**require (1)**
12:19
**ResCap (1)**
15:22

**Reserve (1)**
9:4
**reserved (1)**
14:21
**Residential (1)**
5:2
**resolution (2)**
6:24;13:10
**resolve (1)**
6:21
**resolving (1)**
5:11
**respect (2)**
13:18,22;14:1
**respective (1)**
6:15
**responds (1)**
10:22
**response (1)**
15:20
**responses (1)**
12:24
**responsible (1)**
13:19
**right (6)**
6:12;8:21,23;9:17;
15:12,14
**road (2)**
13:10,14
**ROBERT (1)**
4:25
**Rockefeller (1)**
4:21
**run (1)**
10:7

## S

**same (3)**
7:9;12:10;13:5
**San (1)**
4:14
**schedule (2)**
15:14;16:4
**SCHROCK (14)**
4:7;6:14;7:4,22,24,
25;8:13;9:1,2;10:20;
11:7,7;15:24,24
**scope (1)**
15:10
**screw (1)**
12:18
**seems (1)**
11:5
**SEIFE (4)**
4:24;14:16,16;15:5
**sense (5)**
7:3,5,8,8;10:2
**September (7)**
10:18;12:23,25;
15:16,20,21,22
**servicing (1)**
13:15

**set (6)**
7:16;10:23;12:19,
23;13:5;15:22
**setting (2)**
10:9;12:9
**settled (1)**
11:14
**settlement (5)**
7:7,12;9:19;12:9;
15:2
**share (1)**
9:21
**shed (1)**
8:25
**sign (1)**
15:25
**signoff (1)**
11:5
**similar (1)**
8:10
**simple (2)**
6:8,24
**simply (1)**
13:13
**sit (1)**
15:8
**solicitation (1)**
9:20
**Somebody (3)**
6:2;8:25;16:4
**someone (1)**
8:13
**sort (2)**
8:21;12:14
**sounds (1)**
9:17
**specifically (2)**
8:21;14:2
**speed (2)**
9:8;15:9
**standpoint (1)**
11:1
**start (1)**
14:8
**statement (1)**
7:10
**statements (11)**
11:11,18;12:5,10,
14,14,20,21,22;13:4;
15:18
**STEPHEN (1)**
4:8
**stipulation (19)**
5:11,18,21;6:7,9,
13,21,24;7:5,11,19;
9:24;10:1;12:20;
13:3,6;15:2,17,19
**stipulations (1)**
12:16
**Street (1)**
4:13
**strong (1)**
5:15

RESIDENTIAL CAPITAL, LLC, et al.
Case No. 12-12020-mg

August 23, 2012

**structure (1)**
10:7
**subject (1)**
6:10
**submission (1)**
7:10
**submissions (2)**
7:12,19
**submit (4)**
6:15,20;7:5,10
**subservicing (1)**
5:12
**suggest (3)**
6:8;10:25;11:21
**suggested (1)**
5:22
**suggestion (2)**
8:9;12:4
**support (2)**
12:10,21
**supporting (1)**
12:9
**supportive (1)**
12:14
**sure (6)**
5:25;8:19;12:13;
13:13;15:6,9

**T**

**tee (2)**
5:21,24
**Telephonically (5)**
4:7,8,16,24,25
**term (1)**
8:24
**terms (3)**
6:23,25;14:19
**thinking (1)**
8:9
**thought (1)**
7:3
**today (6)**
5:20;6:12,18;8:4,
19;9:6
**today's (1)**
5:12
**Todd (2)**
5:7;16:5
**told (1)**
8:22
**tomorrow (2)**
11:4,8
**true (1)**
7:9
**try (1)**
10:7
**two (1)**
9:21

**U**

**up (7)**

5:21,24;9:7;12:18;
14:20,24;15:9
**upon (1)**
7:18

**V**

**vantage (1)**
6:14
**various (5)**
8:15,22;9:3;14:18;
15:18
**version (1)**
5:11
**vetted (1)**
8:14

**W**

**way (3)**
10:10;12:12;13:20
**Wednesday (3)**
11:23;12:23;15:19
**week (3)**
9:21;11:25;12:1
**weekend (2)**
11:22;12:18
**weeks (1)**
9:14
**weren't (1)**
5:12
**what's (1)**
12:12
**Whereupon (1)**
16:10
**within (1)**
15:10
**woodwork (1)**
11:19
**work (2)**
5:16;9:13
**worked (1)**
5:15
**working (1)**
9:13

**Y**

**York (2)**
4:5,22

**1**

**10022 (1)**
4:5
**10112 (1)**
4:22
**11th (6)**
7:17,18;10:14,18;
15:16,22
**12-12020 (1)**
5:3

**2**

**27th (1)**
12:22

**3**

**30 (1)**
4:21

**4**

**4:25 (1)**
16:10

**5**

**5 (6)**
12:22,23,25;15:17,
20,21
**555 (1)**
4:13
**5th (5)**
11:23;12:2,7,24;
15:20

**6**

**601 (1)**
4:4

**7**

**7th (2)**
12:25;15:21

**9**

**94104 (1)**
4:14