## EXHIBIT 2

## BLACKLINE OF PROPOSED BAR DATE ORDER

# PROPOSED BAR DATE ORDER

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------- )
                                                                          )
In re:                                                                    )    Case No. 12-12020 (MG)
                                                                          )
RESIDENTIAL CAPITAL, LLC, et al.,                                         )    Chapter 11
                                                                          )
                                              Debtors.                    )    Jointly Administered
                                                                          )
------------------------------------------------------------------------- )

**ORDER ESTABLISHING DEADLINE FOR FILING PROOFS OF**
**CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

Upon the Application (the "Application")[1] of the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") in the above-referenced Chapter 11 cases for an order pursuant to Federal Rule of Bankruptcy Procedure 3003(c)(3) establishing a deadline and establishing procedures for filing proofs of claim and approving the form and manner of notice thereof, all as set forth more fully in the Application; and the Court having subject matter jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. § 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Application and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided, as set forth in the Application, and no other or further notice needing to be provided; and the relief requested in the Application being in the best interests of the Debtors and their estates and creditors; and the Court having reviewed the Application; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      The Application is granted as provided for herein.

2.      Except as otherwise provided herein, all persons and entities (including, without limitation, individuals, partnerships, joint ventures, corporations, estates, trusts and governmental units) that assert a claim, as defined in section 101(5) of the Bankruptcy Code, against any Debtor that arose prior to the filing of the Debtors' Chapter 11 petitions on May 14, 2012 (the

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

"Petition Date") (including, without limitation, claims entitled to priority under section 503(b)(9)
of the Bankruptcy Code) shall file a proof of such claim in writing so that it is actually received
at the ResCap Claims Processing Center or by the U.S. Bankruptcy Court on or before
November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) (the "General Bar Date").

3.    Notwithstanding any other provision hereof, governmental units (as such term is
defined in section 101(27) of the Bankruptcy Code) that assert a claim (as defined in section
101(5) of the Bankruptcy Code) against any Debtor that arose prior to the filing of the Debtors'
Chapter 11 petitions on the Petition Date shall file a proof of such claim in writing so that it is
actually received at the ResCap Claims Processing Center or the U.S. Bankruptcy Court on or
before November 30 , 2012 at 5:00 p.m. (Prevailing Eastern Time), (the "Government Bar Date"
and, with the General Bar Date, the "Bar Dates").

4.    The Proof of Claim Form attached to the Application as <u>Annex II</u> is hereby
approved.

5.    The following procedures for the filing of proofs of claim shall apply:

    (a)    Proofs of claim must conform substantially to Official Bankruptcy
Form No. 10, the Proof of Claim Form attached hereto as <u>Annex II</u>
(the "Proof of Claim Form");

    (b)    Proofs of claim must be filed either by mailing, delivering by
overnight courier, or hand delivering the original proof of claim on
or before the applicable Bar Date to:

        i.    If by mail or overnight courier:

        ResCap Claims Processing Center

c/o KCC

2335 Alaska Ave

El Segundo, CA 90245

ii.      If by hand delivery:

ResCap Claims Processing Center

c/o KCC

2335 Alaska Ave

El Segundo, CA 90245

or

the United States Bankruptcy Court for the
Southern District of New York

One Bowling Green, Room 534

New York, New York 10004

(c)     Proofs of claim sent by facsimile, telecopy or electronic mail shall

not be accepted;

(d)     Proofs of claim shall be deemed timely filed only if **actually**

**received** at the ResCap Claims Processing Center or the United

States Bankruptcy Court on or before 5:00 p.m. (Prevailing Eastern

Time) on the applicable Bar Date;

(e)     Proofs of claim must (i) be signed by the claimant or, if the

claimant is not an individual, by an authorized agent of the

claimant; (ii) include supporting documentation (if voluminous,

attach a summary) or an explanation as to why documentation is

not available; (iii) be written in the English language; and (iv) be

denominated in lawful currency of the United States; and

(f)     Proofs of claim must specify by name and case number the Debtor

against which the claim is filed. If a claimant asserts a claim

against more than one Debtor or has claims against different

Debtors, a separate Proof of Claim Form must be filed with respect

to each Debtor.

6.     The following persons or entities need **not** file a proof of claim on or before the

General Bar Date:

(a)     Any person or entity that has **already** properly filed a proof of

claim against the applicable Debtor or Debtors with the ResCap

Claims Processing Center or the Clerk of the Bankruptcy Court for

the Southern District of New York in a form substantially similar

to the Proof of Claim Form;

(b)     Any person or entity whose claim is listed on the Debtors'

schedules of assets and liabilities and/or schedules of executory

contracts and unexpired leases (collectively, the "Schedules"),

**provided** **that** (i) the claim is **not** scheduled as "disputed,"

"contingent" or "unliquidated"; **and** (ii) the claimant agrees with

the amount, nature and priority of the claim as set forth in the

Schedules; **and** (iii) the claimant agrees that the claim is an

obligation of the specific Debtor against which the claim is listed

on the Schedules;

(c)      Any person or entity that holds a claim that has been allowed by an

order of the Court entered on or before the applicable Bar Date;

(d)      Any person or entity whose claim has been paid in full by any of

the Debtors;

(e)      Any person or entity that holds a claim for which specific

deadlines have been fixed by an order of the Court entered on or

before the applicable Bar Date;

(f)      Any person or entity that holds a claim allowable under sections

503(b) and 507(a) of the Bankruptcy Code as an expense of

administration (other than any claim allowable under section

503(b)(9) of the Bankruptcy Code);

(g)      Any Debtor having a claim against another Debtor or any of the

non-debtor subsidiaries of ResCap having a claim against any of

the Debtors;

(h)      Any person or entity that holds an interest in any of the Debtors,

which interest is based exclusively upon the ownership of common

stock, membership interests, partnership interests, or warrants or

rights to purchase, sell or subscribe to such a security or interest;

provided, however, that interest holders that wish to assert claims (as opposed to ownership interests) against any of the Debtors that arise out of or relate to the ownership or purchase of an interest, including claims arising out of or relating to the sale, issuance, or distribution of the interest, must file Proofs of Claim on or before the applicable Bar Date, unless another exception identified herein applies;

(i)     Any person or entity whose claim is limited exclusively to the repayment of principal, interest, and/or other applicable fees and charges (a "Debt Claim") on or under any bond or note issued or guaranteed by the Debtors pursuant to an indenture (the "Debt Instruments"); **provided**, **however**, that (i) the foregoing exclusion in this subparagraph shall not apply to the Indenture Trustee under the applicable Debt Instruments (an "Indenture Trustee"), (ii) the Indenture Trustee shall be required to file one Proof of Claim, on or before the General Bar Date, with respect to all of the Debt Claims on or under each of the applicable Debt Instruments, and (iii) any holder of a Debt Claim wishing to assert a claim, other than a Debt Claim, arising out of or relating to a Debt Instrument shall be required to file a Proof of Claim on or before the Bar Date, unless another exception in this paragraph applies; ~~or~~

(j)     Any person or entity holding a claim for principal, interest and other fees and expenses under the Debtors' Financing Facilities to

the extent of, and only for such claims relating to the Financing

Facilities.; or

    (k)    Any person or entity that holds a claim against a securitization trust (each a "Trust") that is based exclusively upon the ownership of a note, bond and/or certificate backed by mortgage loans held by the Trust; provided, however, that holders of such notes, bonds and/or certificates that wish to assert claims against the Debtors (as opposed to claims against the applicable Trust) must file Proofs of Claim on or before the applicable Bar Date, unless another exception identified herein applies.

7.    Any person or entity who desires to rely on the Schedules shall have the responsibility for determining that the claim is accurately listed on the Schedules.

8.    Any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease must file a proof of claim by the later of (a) the General Bar Date and (b) thirty (30) days after the date of entry of an order of rejection (unless the order of rejection provides otherwise).

9.    The filing of a Proof of Claim Form in accordance with this Order shall be deemed to satisfy the procedural requirements for the assertion of administrative priority claims under section 503(b)(9) of the Bankruptcy Code.

10.    With regard to those holders of claims listed on the Schedules, the Debtors shall mail one or more Proof of Claim Form(s) (as appropriate) substantially similar to the Proof of Claim Form indicating on each Proof of Claim Form how the Debtors have scheduled such

creditor's claim in the Schedules (including the identity of the Debtor, the amount of the claim and whether the claim has been scheduled as contingent, unliquidated or disputed).

11.    Pursuant to Bankruptcy Rule 3003(c)(2), any holder of a claim against one or more of the Debtors who is required, but fails, to timely file a proof of such claim in appropriate form in accordance with the terms of this Order shall be forever barred, estopped and enjoined from asserting such claim against the Debtors (or filing a proof of claim with respect thereto), and the Debtors, their Chapter 11 estates, their successors and their respective property shall be forever discharged from any and all indebtedness or liability with respect to such claim, and such holder shall not be permitted to vote to accept or reject any plan of reorganization filed in these Chapter 11 cases, or participate in any distribution in the Debtors' Chapter 11 cases on account of such claim or to receive further notices regarding such claim.

12.    The Bar Date Notice attached hereto as <u>Annex I</u> is approved and shall be deemed adequate and sufficient if a copy is served by first-class mail at least thirty-five (35) days prior to the applicable Bar Date on:

(a)    the United States Trustee;

(b)    counsel to the Creditors' Committee;

(c)    all persons or entities that have requested notice of the proceedings in the Chapter 11 cases;

(d)    all persons or entities that have filed claims as of the date hereof;

(e)    all known creditors or known holders of prepetition claims as of the date of this Order, including all persons or entities listed in the Schedules at the addresses stated therein;

    (f)    all counterparties to the Debtors' executory contracts and unexpired leases listed on the Schedules at the addresses stated therein;

    (g)    all parties to litigation with the Debtors;

    (h)    all known members of potential class action lawsuits;

    (i)    individual borrowers whose loans are serviced by the Debtors;

    (j)    the Internal Revenue Service, the Securities and Exchange Commission, the United States Attorney for the Southern District of New York and any other required governmental units;

    (k)    the parties listed on the Special Service List and the General Service List (each as defined in the Case Management Order);

    (l)    known potential creditors with claims unknown by the Debtors; and

    (m)    such additional persons and entities as deemed appropriate by the Debtors.

13.    If the Debtors amend or supplement the Schedules subsequent to the date hereof but before service of the Bar Date Notice, then service of the personalized Proof of Claim Form shall be good and sufficient notice under Bankruptcy Rule 1009(a) and shall include the amount reflected in the amended Schedules, and no other notice of amendment of the Schedules shall be required.

14.     If the Debtors amend or supplement the Schedules subsequent to the service of

the Bar Date Notice in a manner that would add a new claim, reduce the undisputed, non-

contingent or liquidated amount of a claim, or change the classification of a claim, then the

Debtors shall give notice of any amendment or supplement to the holders of claims affected

thereby and provide such holders of claims with an additional Proof of Claim Form.  Such

affected holders of claims shall be required to file a proof of claim by the later of (a) the General

Bar Date and (b) thirty (30) calendar days after such claimant is served with notice that the

Debtors have amended their Schedules in a manner that affects such creditor as described in this

paragraph, or be barred from doing so.

15.     Pursuant to Bankruptcy Rule 2002(l), the Debtors shall publish the Bar Date

Notice (modified as necessary but consistent with the requirements of the Guidelines) at least

twenty-eight (28) days prior to the General Bar Date in (a) the national edition of the *Wall Street

Journal* and (b) the national edition of *USA Today*, which publication is hereby approved and

shall be deemed good, adequate and sufficient publication notice of the Bar Dates.

16.     The Debtors and KCC are authorized to take such steps and perform such acts as

may be necessary to implement and effectuate the terms of this Order.

17.     Nothing in this Order shall prejudice the right of any party-in-interest to object to

any proof of claim, whether filed or scheduled, on any grounds, or to dispute or assert offsets or

defenses to any claim reflected on the Schedules or any amendments thereto, as to amount,

liability, classification or otherwise or to subsequently designate any claim as disputed,

contingent, unliquidated or undetermined.

18.     Entry of this Order is without prejudice to the right of the Debtors to seek a

further order of the Court fixing a date by which holders of claims or interests not subject to the

Bar Dates established herein must file such proofs of claim or interest or be barred from doing so.

19.     Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

20.     The Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.


Dated: New York, New York
          _____, 2012


                                        _____
                                        THE HONORABLE MARTIN GLENN
                                        UNITED STATES BANKRUPTCY JUDGE

# ANNEX I

## PROPOSED BAR DATE NOTICE

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
~~Larren M. Nashelsky~~
Gary S. Lee
Lorenzo Marinuzzi

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

---------------------------------------------------------------

### <u>NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM</u>

TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST RESIDENTIAL CAPITAL, LLC OR ITS AFFILIATED ENTITIES THAT
ARE ALSO DEBTORS AND DEBTORS IN POSSESSION:

On _____, 2012, the United States Bankruptcy Court for the Southern District of New York (the "U.S. Bankruptcy Court") entered an order (the "Bar Date Order") establishing **November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time)** (the "General Bar Date") as the last date and time for each person or entity (including individuals, partnerships, corporations, joint ventures, corporations, estates, trusts, and governmental units) to file a proof of claim against Residential Capital, LLC its affiliates that are also debtors and debtors in possession in those proceedings (collectively, the "Debtors"). Solely as to governmental units the Bar Date Order established **November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time)** as the last date and time for each such governmental unit to file a proof of claim against the Debtors (the "Governmental Bar Date," and, together with the General Bar Date, the "Bar Dates").

The Bar Dates and the procedures set forth below for filing proofs of claim apply to all claims against the Debtors that arose before May 14, 2012, the date on which the Debtors commenced cases under Chapter 11 of the United States Bankruptcy Code (the "Petition Date"), except for those holders of the claims listed in section 4 below that are specifically excluded from the General Bar Date filing requirement.

**1.      WHO MUST FILE A PROOF OF CLAIM**

You **MUST** file a proof of claim to vote on a Chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim that arose before the filing of the Debtors' Chapter 11 petitions on the Petition Date and it is not one of the types of claims described in section 4 below.  Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be filed on or before the applicable Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date.

Under section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

**2.      WHAT TO FILE**

Each filed proof of claim must conform substantially to the Proof of Claim Form (as defined in the Bar Date Order).  Copies of the Proof of Claim Form may be obtained at http://www.kccllc.net/rescap.  Each proof of claim must be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.  Each proof of claim must be written in English and be denominated in United States currency.  You should attach to each completed proof of claim any documents on which the claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available.

Any holder of a claim against more than one Debtor must file a separate proof of claim with respect to each such Debtor and all holders of claims must identify on their proof of claim the specific Debtor against which their claim is asserted.  A list of the names of the Debtors and their respective case numbers is attached to the Proof of Claim Form.

Under the Bar Date Order, the filing of a Proof of Claim Form shall be deemed to satisfy the procedural requirements for the assertion of administrative priority claims under section 503(b)(9) of the Bankruptcy Code.

## 3.     WHEN AND WHERE TO FILE

Except as provided for herein, all proofs of claim must be filed so as to be actually received **on or before November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time), or solely as to governmental units on or before November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time),** at:

(i) If by mail or overnight courier:

ResCap Claims Processing Center c/o KCC
2335 Alaska Ave
El Segundo, CA 90245

(ii) if by hand delivery:

United States Bankruptcy Court for the Southern District of New York
One Bowling Green, Room 534
New York, New York 10004

or

ResCap Claims Processing Center c/o KCC
2335 Alaska Ave
El Segundo, CA 90245

Proofs of claim will be deemed timely filed only if **actually received** at the ResCap Claims Processing Center or hand delivered to the U.S. Bankruptcy Court on or before 5:00 p.m. (Prevailing Eastern Time) on the applicable Bar Date.  Proofs of claim **may not** be delivered by facsimile, or electronic mail.

## 4.     WHO NEED NOT FILE A PROOF OF CLAIM

You do not need to file a proof of claim on or before the General Bar Date if you are:

(a)     Any person or entity that has **already** properly filed a proof of claim against the applicable Debtor or Debtors with the Clerk of the Bankruptcy Court for the Southern District of New York in a form substantially similar to the Proof of Claim Form;

(b)     Any person or entity whose claim is listed on the Debtors' schedules of assets and liabilities and/or schedules of executory contracts and unexpired leases (collectively, the "Schedules"), **provided that**: (i) the claim is **not** scheduled as "disputed," "contingent" or "unliquidated"; **and** (ii) the claimant agrees with the amount, nature and priority of the claim as set forth in the Schedules; **and** (iii) the claimant agrees that the claim is an obligation of the specific Debtor against which the claim is listed on the Schedules;

(c)     Any person or entity that holds a claim that has been allowed by an order of the Court entered on or before the applicable Bar Date;

3

(d)    Any person or entity whose claim has been paid in full by any of the Debtors;

(e)    Any person or entity that holds a claim for which specific deadlines have been fixed by an order of the Court entered on or before the applicable Bar Date;

(f)    Any person or entity that holds a claim allowable under sections 503(b) and 507(a) of the Bankruptcy Code as an expense of administration (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code);

(g)    Any Debtor having a claim against another Debtor or any of the non-debtor subsidiaries of Residential Capital, LLC having a claim against any of the Debtors;

(h)    Any person or entity that holds an interest in any of the Debtors, which interest is based exclusively upon the ownership of common stock, membership interests, partnership interests, or warrants or rights to purchase, sell or subscribe to such a security or interest; provided, however, that interest holders that wish to assert claims (as opposed to ownership interests) against any of the Debtors that arise out of or relate to the ownership or purchase of an interest, including claims arising out of or relating to the sale, issuance, or distribution of the interest, must file Proofs of Claim on or before the applicable Bar Date, unless another exception identified herein applies;

(i)    Any person or entity whose claim is limited exclusively to the repayment of principal, interest, and/or other applicable fees and charges (a "Debt Claim") on or under any bond or note issued or guaranteed by the Debtors pursuant to an indenture (the "Debt Instruments"); **provided**, **however**, that (i) the foregoing exclusion in this subparagraph shall not apply to the Indenture Trustee under the applicable Debt Instruments (an "Indenture Trustee"), (ii) the Indenture Trustee shall be required to file one Proof of Claim, on or before the General Bar Date, with respect to all of the Debt Claims on or under each of the applicable Debt Instruments, and (iii) any holder of a Debt Claim wishing to assert a claim, other than a Debt Claim, arising out of or relating to a Debt Instrument shall be required to file a Proof of Claim on or before the Bar Date, unless another exception in this paragraph applies; or

4

(j)    Any person or entity holding a claim for principal, interest and other fees and

expenses under the Debtors' secured financing facilities (the "Financing

Facilities")[2] to the extent of, and only for such claims relating to the Financing

Facilities.

This Notice is being sent to many persons and entities that have had some relationship with or
have done business with the Debtors but may not have an unpaid claim against the Debtors.
Receipt of this Notice does not mean that you have a claim or that the Debtors or the Court
believe that you have a claim against the Debtors.

## 5.    EXECUTORY CONTRACTS AND UNEXPIRED LEASES

If you have a claim arising out of the rejection of an executory contract or unexpired lease, you
must file a proof of claim by the later of (a) the applicable Bar Date and (b) thirty (30) days after
the date of entry of an order of rejection (unless the order of rejection provides otherwise).

## 6.    CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE

**ANY HOLDER OF A CLAIM THAT IS NOT EXCEPTED FROM THE
REQUIREMENTS OF THE BAR DATE ORDER, AS DESCRIBED IN SECTION 4
ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE
APPROPRIATE FORM WILL BE FOREVER BARRED, ESTOPPED AND ENJOINED
FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS, THEIR SUCCESSORS,
THEIR CHAPTER 11 ESTATES AND THEIR RESPECTIVE PROPERTY OR FILING
A PROOF OF CLAIM WITH RESPECT TO SUCH CLAIM, FROM VOTING ON ANY
PLAN OF REORGANIZATION FILED IN THESE CASES AND FROM
PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CASES ON
ACCOUNT OF SUCH CLAIM OR RECEIVING FURTHER NOTICES REGARDING
SUCH CLAIM.**

## 7.    THE DEBTORS' SCHEDULES AND ACCESS THERETO

You may be listed as the holder of a claim against one or more of the Debtors in the Debtors'
Schedules. If you rely on the Debtors' Schedules, it is your responsibility to determine that your
claim is accurately listed on the Schedules. If you agree with the nature, amount and status of
your claim as listed on the Debtors' Schedules, and if you do not dispute that your claim is

---

[2] "Financing Facilities" as used herein shall mean the Debtors' financing facilities that are exempt from filing a
Proof of Claim Form as previously ordered by the Court [Docket Nos. 471, 490 and 491].

against only the specified Debtor, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a proof of claim.  Otherwise, or if you decide to file a proof of claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

Copies of the Debtors' Schedules are available for inspection on the Court's internet website at www.nysb.uscourts.gov and on the independent website maintained by the Debtors, http://www.kccllc.net/rescap.  A login and password to the Court's Public Access to Electronic Court Records ("PACER") are required to access www.nysb.uscourts.gov and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov.  Copies of the Schedules may also be examined between the hours of 9:00 a.m. and 4:30 p.m. (Prevailing Eastern Time), Monday through Friday, at the Office of the Clerk of the Bankruptcy Court, One Bowling Green, Room 511, New York, New York 10004-1408.

Copies of the Debtors' Schedules may also be obtained by written request to the Debtors' claims agent at the address set forth below:

**ResCap Claims Processing Center**
**c/o KCC**
**2335 Alaska Ave**
**El Segundo, CA 90245**

## 8.    RESERVATION OF RIGHTS

The Debtors reserve their right to object to any proof of claim, whether filed or scheduled, on any grounds.  The Debtors reserve their right to dispute or to assert offsets or defenses to any claim reflected on the Schedules or any amendments thereto, as to amount, liability, classification or otherwise, and to subsequently designate any claim as disputed, contingent, unliquidated or undetermined.

**A holder of a possible claim against the Debtors should consult an attorney regarding matters in connection with this Notice, such as whether the holder should file a Proof of Claim.**

Dated: New York, New York
_____ , 2012

BY ORDER OF THE COURT

~~Larren M. Nashelsky~~
Gary S. Lee
Lorenzo Marinuzzi
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104

*Counsel for the Debtors and Debtors in Possession*

ny- ~~1056125~~1043431

7

## ANNEX II

## PROOF OF CLAIM FORM

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Indicate only one Debtor per claim form. See Exhibit 1 for for a list of Debtor Names and Case Numbers.**

| Name of Debtor: | Case Number: |
|---|---|

NOTE: ~~Do not use this~~This form ~~should not be used~~ to make a claim for an administrative expense ~~that arises after the bankruptcy filing. You may file a~~ (other than a claim asserted under 11 U.S.C. § 503(b)(9)) arising after the commencement of the case. A ~~"request"~~ for payment of an administrative expense ~~according~~(other than a claim asserted under 11 U.S.C. § 503(b)(9)) may be filed pursuant to 11 U.S.C.~~§~~ § 503.

Name of Creditor (the person or other entity to whom the debtor owes money or property):

Name and address where notices should be sent:

Telephone number:                                         email:

Name and address where payment should be sent (if different from above):

Telephone number:                                         email:

❑ Check this box if this claim amends a previously filed claim.

**Court Claim Number:_____**
(If known)

Filed on:_____

❑ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:** $_____

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

❑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** _____
(See instruction #2)

| **3. Last four digits of any number by which creditor identifies ~~Debtor~~debtor:** ___ ___ ___ ___ | **3a. Debtor may have scheduled account as:** _____ (See instruction #3a) | **3b. Uniform Claim Identifier (optional):** _____ (See instruction #3b) |
|---|---|---|

**4. Secured Claim** (See instruction #4)

Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ❑ Real Estate  ❑ Motor Vehicle  ❑ Other

**Describe:**

**Value of Property:** $_____  **Annual Interest Rate**_____%  ❑ Fixed  ❑ Variable
(when case was filed)

**Amount of arrearage and other charges, as of the time case was filed, included in secured claim,**

if any: $_____        **Basis for perfection:** _____

**Amount of Secured Claim:** $_____        **Amount Unsecured:** $_____

**6. Claim Pursuant to 11 U.S.C. § 503(b)(9):**
Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.        $_____        (See instruction #6)

~~6.~~7. **Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #~~6~~7)

~~7.~~8. **Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7,8, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

~~8.~~9. **Signature:** (See instruction #~~8~~9) Check the appropriate box.

| ❑ I am the creditor.  ❑ I am the creditor's authorized agent. (Attach copy of power of attorney, if any.) | ❑ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.) | ❑ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.) |
|---|---|---|

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

❑ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

❑ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

❑ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

❑ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

❑ Taxes or penalties owed to governmental units – 11U.S.C. §507 (a)(8).

❑ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(___).

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: _____
Title: _____
Company: _____    _____    _____
                                              (Signature)                        (Date)
Address and telephone number (if different from notice address above):
_____
_____

Telephone number: _____    Email: _____

**COURT USE ONLY**

B 10 Modified (Official Form 10) (12/11) *Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.
B 10 Modified (Official Form 10) (12/11) cont.

### INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

~~4. Secured Claim:~~
~~Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.~~

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Claim Pursuant to 11 U.S.C. §503(b)(9):**
Check this box if you have a claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim. (See DEFINITIONS, below.)

**7. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**~~7.~~8. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**~~8.~~9. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, attach a complete copy of any power of attorney, and provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

_____**DEFINITIONS**_____        _____**INFORMATION**_____

ny-~~1056125~~1043431

**Debtor**

A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**

A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**

A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**

A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. §506(a)**

A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

**Unsecured Claim**

An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**

Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**

A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**

Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

A claim may be deleted or reduced if the creditor does not file a proof of claim. If the debtor does not dispute the claim, the creditor does not need to file a proof of claim.

To receive acknowledgement of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at ~~http://www.kccllc.net/ResCap~~ http://www.kccllc.net/ResCap.

**Offers to Purchase a Claim**

Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

## PLEASE SEND COMPLETED PROOF(S) OF CLAIM TO:

ResCap Claims Processing Center c/o KCC
2335 Alaska Avenue
El Segundo, CA 90245

**Exhibit 1**
Debtor Names and Case Numbers

| Name of Debtor | Case Number |
|---|---|
| Residential Funding Company, LLC | 12-12019 (MG) |
| Residential Capital, LLC | 12-12020 (MG) |
| ditech, LLC | 12-12021 (MG) |
| DOA Holding Properties, LLC | 12-12022 (MG) |
| DOA Properties IX (Lots-Other), LLC | 12-12023 (MG) |
| EPRE LLC | 12-12024 (MG) |
| Equity Investment I, LLC | 12-12025 (MG) |
| ETS of Virginia, Inc. | 12-12026 (MG) |
| ETS of Washington, Inc. | 12-12027 (MG) |
| Executive Trustee Services, LLC | 12-12028 (MG) |
| GMAC-RFC Holding Company, LLC | 12-12029 (MG) |
| GMAC Model Home Finance I, LLC | 12-12030 (MG) |
| GMAC Mortgage USA Corporation | 12-12031 (MG) |
| GMAC Mortgage, LLC | 12-12032 (MG) |
| GMAC Residential Holding Company, LLC | 12-12033 (MG) |
| GMACRH Settlement Services, LLC | 12-12034 (MG) |
| GMACM Borrower LLC | 12-12035 (MG) |
| GMACM REO LLC | 12-12036 (MG) |
| GMACR Mortgage Products, LLC | 12-12037 (MG) |
| HFN REO Sub II, LLC | 12-12038 (MG) |
| Home Connects Lending Services, LLC | 12-12039 (MG) |
| Homecomings Financial Real Estate Holdings, LLC | 12-12040 (MG) |
| Homecomings Financial, LLC | 12-12042 (MG) |
| Ladue Associates, Inc. | 12-12043 (MG) |
| Passive Asset Transaction, LLC | 12-12044 (MG) |
| PATI A, LLC | 12-12045 (MG) |
| PATI B, LLC | 12-12046 (MG) |
| PATI Real Estate Holdings, LLC | 12-12047 (MG) |
| RAHI A, LLC | 12-12048 (MG) |
| RAHI B, LLC | 12-12049 (MG) |
| RAHI Real Estate Holdings, LLC | 12-12050 (MG) |
| RCSFJV2004, LLC | 12-12051 (MG) |
| Residential Accredit Loans, Inc. | 12-12052 (MG) |
| Residential Asset Mortgage Products, Inc. | 12-12053 (MG) |
| Residential Asset Securities Corporation | 12-12054 (MG) |
| Residential Consumer Services of Alabama, LLC | 12-12055 (MG) |
| Residential Consumer Services of Ohio, LLC | 12-12056 (MG) |
| Residential Consumer Services of Texas, LLC | 12-12057 (MG) |
| Residential Consumer Services, LLC | 12-12058 (MG) |
| Residential Funding Mortgage Exchange, LLC | 12-12059 (MG) |
| Residential Funding Mortgage Securities I, Inc. | 12-12060 (MG) |
| Residential Funding Mortgage Securities II, Inc. | 12-12061 (MG) |
| Residential Funding Real Estate Holdings, LLC | 12-12062 (MG) |
| Residential Mortgage Real Estate Holdings, LLC | 12-12063 (MG) |
| RFC-GSAP Servicer Advance, LLC | 12-12064 (MG) |
| RFC Asset Holdings II, LLC | 12-12065 (MG) |
| RFC Asset Management, LLC | 12-12066 (MG) |
| RFC Borrower LLC | 12-12068 (MG) |
| RFC Construction Funding, LLC | 12-12069 (MG) |
| RFC REO LLC | 12-12070 (MG) |
| RFC SFJV-2002, LLC | 12-12071 (MG) |