**Hearing Date: September 11, 2012 at 10:00 a.m. (ET)**
**(Hearing to be held only if an objection to the Stipulation is filed)**
**Objection Deadline: September 5, 2012 at 5:00 p.m. (ET)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Todd M. Goren

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------------------
|                                         )
In re:                                    )    Case No. 12-12020 (MG)
                                          )
RESIDENTIAL CAPITAL, LLC, <u>et</u> <u>al</u>.,  )    Chapter 11
                                          )
                              Debtors.    )    Jointly Administered
                                          )
---------------------------------------------------------------------------------

**STATEMENT OF DEBTORS IN SUPPORT OF THE STIPULATION
AND PROPOSED ORDER RESERVING RIGHTS WITH RESPECT TO DEBTORS'
MOTION FOR INTERIM AND FINAL ORDERS UNDER BANKRUPTCY CODE
SECTIONS 105(a) AND 363 AUTHORIZING THE DEBTORS TO CONTINUE
TO PERFORM UNDER THE ALLY BANK SERVICING AGREEMENT
<u>IN THE ORDINARY COURSE OF BUSINESS</u>**

Residential Capital, LLC and its affiliated debtors and debtors in possession in the above-captioned Chapter 11 cases (collectively, the "<u>Debtors</u>") hereby submit this statement in support of the *Stipulation And Proposed Order Reserving Rights With Respect To Debtors' Motion For Interim And Final Orders Under Bankruptcy Code Sections 105(a) And 363 Authorizing The Debtors To Continue To Perform Under The Ally Bank Servicing Agreement In The Ordinary Course Of Business*, dated August 27, 2012 (the "<u>Stipulation</u>"),[1] filed contemporaneously herewith. In support of the Stipulation, the Debtors respectfully represent:

---

[1]   Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Stipulation.

## BACKGROUND

### A. General Chapter 11 Case Background

1. On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. These cases are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure. No trustee has been appointed in these Chapter 11 cases. On July 3, 2012, the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the Honorable Arthur T. Gonzalez, former Chief Judge of the United States Bankruptcy Court for the Southern District of New York as examiner (the "Examiner"). The Examiner's investigation will include the review and analysis of the Servicing Agreement and the obligations arising thereunder. See *Order Approving Scope of Investigation of Arthur J. Gonzalez, Examiner* [Docket No. 925], Exhibit A, ¶ 10 (providing that examination will include "all material . . . written agreements or contracts between or among the Debtors on the one hand and any one or more of Ally Financial Inc., f/k/a GMAC LLC, and any of its current and former, direct and indirect affiliates and subsidiaries . . . and/or Ally Bank . . . on the other hand including . . . any servicing agreements").

2. On May 16, 2012, the U.S. Trustee appointed a nine member official committee of unsecured creditors (the "Creditors' Committee").

### B. Ally Servicing Motion

3. On the Petition Date, the Debtors filed the *Debtors' Motion for Interim and Final Orders Under Bankruptcy Code Sections 105(a) and 363 Authorizing the Debtors to Continue to Perform Under the Ally Bank Servicing Agreement in the Ordinary Course of*

2

*Business* [Docket No. 1093] (the "<u>Ally Servicing Motion</u>"), pursuant to which the Debtors are seeking authority to continue to perform under that certain Amended and Restated Servicing Agreement, dated as of May 11, 2012, by and between GMAC Mortgage, LLC ("<u>GMAC Mortgage</u>") and its non-Debtor affiliate, Ally Bank (the "<u>Servicing Agreement</u>").

        4.        On May 16, 2012, the Court entered the *Interim Order Pursuant to Sections 105(a) and 363 of the Bankruptcy Code Authorizing the Debtors to Continue to Perform Under the Ally Bank Servicing Agreement in the Ordinary Course of Business* (the "<u>Interim Order</u>") [Docket No. 90].

        5.        On June 11, 2012, the Creditors' Committee filed a limited objection and reservation of rights with respect to the Ally Servicing Motion [Docket No. 303].

        6.        On June 14, 2012, the Debtors filed the declaration of Matthew Detwiler in support of the Ally Servicing Motion [Docket No. 366].

        7.        On July 16, 2012, the Debtors filed the declaration of Thomas Marano, Chief Executive Officer of Residential Capital, LLC in further support of the Ally Servicing Motion [Docket No. 793] (the "<u>Marano Declaration</u>"), describing certain modifications made by GMAC Mortgage to Ally Bank's loans pursuant to the DOJ/AG Settlement, indemnification payments made by the Debtors to Ally Bank in connection with such modifications, and section 10.01(e) of the Servicing Agreement, which obligates GMAC Mortgage to pay Ally Bank in connection with such loan modifications (the "<u>Indemnification Obligation</u>").

        8.        The Creditors' Committee opposes the inclusion of the Indemnification Obligation in the Servicing Agreement, and commenced discovery and depositions in anticipation of an evidentiary hearing on the Ally Servicing Motion.

9.      Over the course of the past several weeks, the Debtors, the Creditors' Committee, Ally Financial Inc. ("AFI"), and Ally Bank (collectively, the "Parties") have engaged in lengthy, good-faith negotiations in order to resolve all disputes related to the Servicing Agreement, including the Debtors' payment of the Indemnification Obligation. Those negotiations culminated in the Stipulation.

**DEBTORS' STATEMENT**

10.     As previously set forth in detail in the Marano Declaration, the approval of the Servicing Agreement is critical to the success of these Chapter 11 cases, which are premised on the sale of the Debtors' mortgage loan origination and servicing business as a live operational platform (the "Platform"). The Debtors' continued servicing of the Ally Bank loan portfolio will benefit the estates by, among other things, generating servicing fees and preserving the value of the Platform pending its sale. Conversely, if the Debtors are not permitted to continue servicing of the Ally Bank Portfolio under the Servicing Agreement, the repercussions could have a devastating effect on these Chapter 11 cases. See Marano Declaration, ¶¶ 21-29. For example, in addition to giving rise to financial losses as a result of reverting to less favorable pricing terms under the prior servicing agreement between GMAC Mortgage and Ally Bank, the Debtors would likely be required to terminate over 200 employees, and would potentially incur substantial transfer costs in the event that Ally Bank elected to transfer the servicing of its loans. Id. at ¶¶ 21-24. Furthermore, in the event the Debtors fail to perform under the Servicing Agreement, AFI would be entitled to terminate the AFI debtor in possession financing facility (the "AFI DIP"), as well as the Debtors' use of AFI's cash collateral. Id. at 26. Without the AFI DIP, the Debtors would be unable to fund their required Ginnie Mae buyback obligations, which would likely result in Ginnie Mae seeking to terminate the Debtors as a servicer, and the loss in

4

value to the estate from the sale of such assets to Nationstar.  Id.  Thus, approval of the Servicing Agreement is necessary to ensure the orderly operation of the Debtors' business pending the sale of the Platform and maximize the value of the Debtors' estates, both in the near term and as a going concern.

11.    All Parties are in agreement that the Debtors' continued servicing of the Ally Bank loan portfolio is in the best interest of the estates.  Further, the Parties all agree that Ally Bank is entitled to be indemnified for losses it incurs as a result of GMAC Mortgage's modification of loans held in the Ally Bank portfolio.  Thus, the primary issue in dispute among the Parties is not whether the Servicing Agreement should be approved, but instead is limited to whether AFI or the Debtors should bear the obligation to make Ally Bank whole.  The issue of whether AFI should be responsible for some or all of the Indemnification Obligation is among the issues being investigated by the Examiner.  As a result, the Debtors believe that it would premature to litigate issues related to payment of the Indemnification Obligation at this time.

12.    The Stipulation ensures the Debtors' ability to continue performance under the Servicing Agreement pending the sale of the Platform, while reserving all rights with respect to the Indemnification Obligation.  The Stipulation accomplishes this result as follows:

13.    First, the Stipulation provides that the Debtors will continue to make all payments to Ally Bank and perform under the Servicing Agreement in accordance with the terms of the Servicing Agreement, including with respect to any Indemnification Obligation. Stipulation, ¶ 2. Simultaneously, AFI will place into an escrow account an amount equal to all payments made by the Debtors following the Petition Date on account of the Indemnification Obligation.  Stipulation, ¶ 4.  The funds in the escrow account will be used to satisfy any liability

5

AFI may ultimately be determined to have on account of any Indemnification Obligation previously paid by the Debtors.

14. <u>Second</u>, the Stipulation expressly authorizes the Debtors to continue to solicit Ally Bank's loan portfolio for modifications as required under the DOJ/AG Settlement. Stipulation, ¶ 5. The Debtors intend to continue soliciting their own loan portfolio, and upon approval of the Stipulation and pending the sale of the Platform, to resume solicitation of Ally Bank's loan portfolio, in each case to the extent required by the DOJ/AG Settlement and in accordance with the work plan to be approved by the Monitoring Committee appointed pursuant to the DOJ/AG Settlement.

15. <u>Third</u>, pursuant to the Stipulation, Ally Bank has agreed to defer the right to provide any voluntary termination notice pursuant to Section 11.01(b) of the Servicing Agreement until after the earlier of (a) ten (10) days following the entry of an order approving the sale of the Platform, and (b) December 10, 2012, except with respect to certain limited subsets of loans (which are not significant to the Debtors' operations), as detailed in the Stipulation. Stipulation, ¶ 10.

16. <u>Fourth</u>, in exchange for Ally Bank's deferral of the right to provide such voluntary termination notices, the Debtors have agreed to work with Ally Bank in good faith and in consultation with the Creditors' Committee to negotiate reasonable information sharing and cooperation terms (the "<u>Information Terms</u>") in connection with the Debtors' continued servicing of the Ally Bank loan portfolio in order to permit Ally Bank to properly manage the mortgage servicing rights being serviced by the Debtors under the Servicing Agreement. Stipulation, ¶ 10(i). The Debtors will be compensated for the provision of Information Terms

pursuant to the Shared Services Agreement by and between AFI and Residential Capital LLC or the Servicing Agreement, as applicable, pursuant to the terms of those agreements.  Id.

17.     Approval of the Stipulation will allow the Debtors to continue servicing the Ally Bank loan portfolio for the benefit of the estates pending the sale of the Platform, while preserving the rights of all Parties with respect to the Indemnification Obligation.  Accordingly, the Debtors believe that the Stipulation embodies a fair and reasonable resolution of the dispute among the Parties and should be approved.

## CONCLUSION

18.     For the reasons set forth above, the Debtors request that the Court approve the Stipulation and authorize the Debtors to continue to perform their obligations under the Servicing Agreement (as modified by the Stipulation), and grant such other and further relief to the Debtors as the Court may deem just and proper.

Dated: August 27, 2012  
New York, New York

/s/ Gary S. Lee  
Gary S. Lee  
Todd M. Goren  
MORRISON & FOERSTER LLP  
1290 Avenue of the Americas  
New York, New York 10104  
Telephone: (212) 468-8000  
Facsimile: (212) 468-7900

*Counsel to the Debtors and Debtors in Possession*