|  |  |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | Hearing Date: September 27, 2012<br>Hearing Time: 10:00A.M |
| In Re:<br><br>RESIDENTIAL CAPITAL, LLC, et al.<br><br>Debtors | **<u>NOTICE OF MOTION FOR TERMINATION OF AUTOMATIC STAY</u>**<br><br>Case No.: 12-12020<br><br>(Chapter 11)<br><br>Assigned to:<br>Hon. Martin Glenn<br>Bankruptcy Judge |

Please take notice that Kevin J. Matthews by his undersigned attorneys, will move this Court on September 27, 2012, at 10:00A.M. or as soon thereafter as counsel can be heard, at the United States Bankruptcy Court, One Bowling Green, New York, NY 10004-1408 for an Order pursuant to 11 U.S.C. § 362(d)(1) terminating the automatic stay to allow Movant to proceed with his pre-petition counterclaims (and amendments thereto) filed in the State Foreclosure Action for limited purposes only against Debtor GMAC Mortgage LLC and for all purposes against its co-parties.

**PURSUANT TO LOCAL BANKRUPTCY RULE 9006-1(a), ANY ANSWERING PAPERS ARE TO BE SERVED SO AS TO BE RECEIVED BY THE SECURED CREDITOR'S COUNSEL NO LATER THAN 7 DAYS BEFORE THE HEARING DATE.**

DATED: August 28, 2012            Respectfully Submitted,

/s Phillip R. Robinson
Phillip R. Robinson, Esq. (Admitted *Pro Hac Vice*)
Legg Law Firm LLC
5500 Buckeystown Pike
Frederick, MD  21703
Phone (301) 620-1016

1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In Re:

RESIDENTIAL CAPITAL, LLC, et al.

Debtors

Case No.: 12-12020

(Chapter 11)

Assigned to:
Hon. Martin Glenn
Bankruptcy Judge

## MOTION FOR RELIEF FROM STAY

Kevin J. Matthews, (hereinafter "Movant") by and through his attorneys, Legg Law Firm LLC, hereby moves to terminate the automatic stay in order to proceed with his pre-petition counterclaims (and amendments thereto) filed in the State Foreclosure Action against GMAC Mortgage LLC ("GMAC") and two of its agents and/or employees who are co-parties and Movant's right under Maryland law for a jury trial on those claims prior to any foreclosure sale occurring.

1. Debtors are holders and/or servicers of hundreds of loans secured by Deeds of Trust on residential properties in the State of Maryland.[1] Prior to Debtors' bankruptcy filing a foreclosure action was filed by Debtors' appointed agent/trustee in the Circuit Court for Baltimore City, Maryland against Movant and his home and property (located at 3216 East Northern Pkwy. Baltimore, MD 21214)("Matthews Property"). *See O'Sullivan v. Matthews*, Balt. City. Cir. Ct.,

---

[1] Maryland also does have some loans secured by mortgages; however, the common practice in Maryland is that residential loans are secured by Deeds of Trust which identify a trustee(s) appointed by the secured parties (including holders and/or servicers such as the debtors) to act on their behalf and with their express authority.

2

Md., Case No. 24-O-12000286 (filed February 10, 2012)("State Foreclosure Action").

2. In the State Foreclosure Action, Movant timely filed counterclaims pursuant to Md. Rule 2-331(c) against (i) Debtor GMAC and (ii) two of its agents and employees (i.e. Carrie Ward and Jeffrey Stephan[2])(collectively "Counter Defendants") on March 19, 2012. The counterclaims seek monetary relief against the Counter Defendants for their collective improper and unlawful collection practices against Mr. Matthews. *See* Exhibit 1, Matthews Counter Complaint. Movant also timely elected to pursue loss mitigation mediation with Debtor in the State Foreclosure Action which has been continued until October 2012.[3]

3. Upon the Debtors' bankruptcy filing, the automatic stay was imposed under 11 U.S.C. § 362(a) which prevents Movant from moving forward with his counterclaims for monetary relief against Counter Defendants.[4] Further, because Movant is entitled under Maryland law to have a jury of his peers consider and

---

[2] It is important to note that as of August 26, 2012, neither Ward nor Stephan had appeared in this matter as creditors of the Debtors.

[3] Movant has filed a timely proof of claim as to Debtor GMAC on August 13, 2012 (Claim no. 392).

[4] The stay may also apply to Counter Defendants Ward and Stephan individually since a judgment of the Circuit Court for Baltimore City against either would likely have a collateral estoppel effect upon GMAC. *See e.g. A.H. Robbins Co., Inc. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)(the automatic stay may apply in an unusual situation where the debtor's interests are the same as the non-debtor co-defendants when a judgment against the non-debtor defendants "will in effect be a judgment or finding against the debtor"); *In re Eagle-Picher Indus., Inc.*, 963 F.2d 855, 862 (6th Cir. 1992)("the individual defendants, Hall and Ralston, are inextricably intertwined with the debtor, Eagle-Picher. Thus, it is for the protection of Eagle-Picher's numerous *creditors*, no for Hall and Ralston, that AISI is properly prohibited from proceeding with it's action against Hall and Ralston, and this prohibition is not a distortion of Congressional purpose" of the automatic stay)(emphasis in original).

rule upon his counterclaims prior to any foreclosure sale, Debtor through its appointed agents in the State Foreclosure Action may not proceed with any foreclosure sale in Maryland prior to an adjudication of Movant's claims. Accordingly, Movant has filed the instant action seeking limited relief from the automatic stay under Section 362(d) of the Bankruptcy Code.

4. Specifically, Movant merely seeks that the stay be lifted for the following purposes: (i) to determine the liability of GMAC only in the State Foreclosure Action and not to pursue any collection efforts whatsoever against GMAC based on any judgment rendered without permission of this Court; and (ii) to lift the stay for all purposes as to the non-debtor parties named in the counter complaint (i.e. Stephan and Ward) presently and those which may be added to a future amended counter complaint.

5. Counsel for GMAC in the State Foreclosure Action has represented to the Circuit Court for Baltimore City that it is not a violation of the automatic stay for the Movant to oppose GMAC's motion to dismiss in the state court (which was filed after this action commenced); however, GMAC's counsel in the State Foreclosure Action has not represented to the state court how far Movant may proceed on his counterclaims after the pending motion to dismiss is adjudicated (i.e. whether the stay applies to Movant's potential amendment to add other parties including the owner(s) of the Mathews' loan subject to the State Foreclosure Action or to correct any pleading deficiencies, potential discovery sought in connection with the counterclaims, or even as to the prosecution of claims against the agents and employees of the Debtors sued in their individual capacity, etc.).

4

6. Absent this Court's consideration and direction concerning the issues described above in the State Foreclosure Action, the rights of all parties are unclear. For good cause shown and described below, Movant requests the stay be lifted as described herein.

### STANDARD OF REVIEW

11 U.S.C.A. § 362 provides in relevant part for the motion:

**(d)** On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

> **(1)** for cause, including the lack of adequate protection of an interest in property of such party in interest…

The Bankruptcy Code does not however define "cause" under 11 U.S.C.A. § 362(d)(1). However the Second Circuit has recognized a series of factors to consider whether litigation in another forum should continue:

> These are: (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.

*In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1286 (2d Cir. 1990)(citing In re Curtis, 40 B.R. 795 (Bankr.D.Utah 1984).

Finally, in moving for relief under Section 362(d) the initial burden is on the moving party to show cause for relief from stay. Once cause is shown, the burden moves to the party opposing relief. *See Schneiderman v. Bodanovich*, 292 F.3d 104, 110 (2d Cir. 2020)(citing *Maxxeo v. Lenhart*, 167 F. 3d 139, 142-143 (2d Cir. 1999)).

## ARGUMENT

### I. Maryland Foreclosure Law as Related to the Counterclaims Asserted in the State Foreclosure Action

Movant's legal claims presented in the State Foreclosure Action arise under the Fair Debt Collection Practices Act (FDCPA), Maryland Consumer Protection Act (MCPA), Maryland Mortgage Fraud Prevention Act (MMFPA), Maryland Consumer Debt Collection Act (MCDCA), and the common law. See Exhibit 1, Counterclaims at ¶¶ 119-187. Movant's legal claims under the FDCPA, MCPA, MMFPA, and MCDCA are statutory claims. Statutory claims in Maryland are legal in nature. *See Martin v. Howard County*, 349 Md. 469, 487, 709 A.2d 125, 134 (Md. 1998). The Maryland Court of Appeals has indicated that legal claims may be raised in an equitable foreclosure proceeding. *Fairfax Sav., F.S.B. v. Kris Jen Ltd. Partnership*, 338 Md. 1, 21 (1995). The Maryland Court of Appeals has also held that responsive legal claims raised in equitable actions must be heard and decided first, before the equitable claims may be heard. *Higgins v. Barnes*, 310 Md. 532, 551 (1987).[5]

---

[5] Counterclaims in Maryland's rules of civil procedure are permissive and not mandatory. *See Baker v. Montgomery County*, 124 SEPT.TERM 2011, 2012 WL 3575283, *7 (Md. Aug. 21, 2012) ("Maryland does not require that counterclaims have to be filed in the Maryland's permissive counterclaim rule of procedure, Maryland Rule § 2–331(a), enables [Defendant] to raise such a potential counterclaim as a separate action. "[W]here the same facts may be asserted as either a defense or a counterclaim, and the issue raised by the defense is not litigated and determined so as to be precluded by collateral estoppel, the defendant in the previous action is not barred by res judicata from subsequently

Specifically, in *Kris Jen*, the Court of Appeals stated unambiguously that "nothing in the Maryland Rules of Procedure prohibits a mortgagor who voluntarily appears in a mortgage foreclosure proceeding" from filing a responsive claim against Plaintiff and other parties. *Kris Jen*, 338 Md. at 21. The Court notes in *Kris Jen* that in the event a legal responsive claim is filed in a foreclosure proceeding and a jury trial is prayed, *Higgins v. Barnes* "explains how the right to jury trial is preserved ..." *Id.*  In turn, the *Higgins v. Barnes* opinion instructs:

> We hold that a trial court may not deny a defendant his right to a jury trial on the legal issues presented by his [responsive claim] simply because that responsive claim is raised in an equitable action. We are constitutionally required to 'inviolably preserve' the right of trial by jury in actions at law, and so 'where both legal and equitable issues are presented in a single case, 'only under most imperative circumstances ... can the right to a jury trial of legal issues be lost through prior determination of equitable claims.

*Higgins,* 310 Md. 532, 551 (1987), *citing Dairy Queen v. Wood*, 369 U.S. 469, 472-73 (1962).

Accordingly, based on clear language from the Maryland Court of Appeals, when legal claims are raised in an equitable action such as a foreclosure proceeding and a jury trial is demanded on those claims, the legal claims should be heard and decided first to avoid depriving a party of the "inviolable" right to a jury trial. In the instant case, Movant's prepetition counterclaims have raised legal claims in the State Foreclosure Action which should be considered first <u>before</u> any foreclosure sale occurs.

---

maintaining an action on the counterclaim." *Rowland v. Harrison,* 320 Md. 223, 235–36, 577 A.2d 51, 57 (1990); *see also Moore v. Nissan Motor Acceptance Corp.,* 376 Md. 558, 831 A.2d 12 (2003)")(footnote omitted).

Movant's legal counterclaims include the alleged illegal, unfair, deceptive, and unconscionable debt collection practices of GMAC and its agent and employee. *See generally* Exhibit 1. On this basis, Movant argues that Debtor's contemplated foreclosure sale in the State Foreclosure Action cannot proceed since no party with unclean hands or, in this specific case, no party with a loan which is unfair, deceptive, or illegal may receive assistance in any Maryland Court. *Wells Fargo v. Neal*, 398 Md. 705(2007).

In *Wells Fargo* a residential mortgagor brought claims for breach of contract and declaratory judgment against mortgage loan servicer which had been assigned a mortgage, alleging servicer's failure to comply with United States Housing and Urban Development's (HUD) mortgage servicing requirements before initiating foreclosure proceedings. In its discussion of the case the Court of Appeals, stated that "[t]he foreclosure procedure in Maryland is equitable in nature . . . [t]hus, the venerated equity doctrine of clean hands which requires that 'he who comes into equity must come with clean hands,' is applicable in foreclosure proceedings such as the one implicated in [Homeowner's] case." *Id.* at 728-730 (internal citations omitted). The Court further held, "[t]he clean hands doctrine states that 'courts of equity will not lend their aid to anyone seeking their active interposition, who has been guilty of fraudulent, illegal, or inequitable conduct in the matter with relation to which he seeks assistance.'" *Id.* at 729-730 (emphasis added) (internal citations omitted). The doctrine mandates "that the particular matter for which a litigant seeks equitable relief must not be marred by any fraudulent, illegal, or inequitable conduct." *Id.* at 730; see also *Hicks v. Gilbert*, 135 Md. App. 394, 400-401 (2000) ("There must be a nexus between the misconduct and the transaction, because '[w]hat is material is not that the plaintiff's hands are dirty, but that

8

he dirties them in acquiring the right he now asserts.'") (quoting *Adams v. Manown*, 328 Md. 463, 476, 615 A.2d 611, 617 (1992)).

### II. This Court Respectfully Does Not Have Subject Matter Jurisdiction Over All the Claims Asserted (or those that could be Asserted) by Movant against Other Non-Debtor Parties in the State Foreclosure Action

Pursuant to the recent holding in *Stern v. Marshall*, 131 S. Ct. 2594 (2011), this Court respectfully does not have subject matter jurisdiction over all of Movant's pre-petition federal and state law claims—thus making jurisdiction in the Circuit Court for Baltimore City, Maryland proper and just in the interests of judicial economy.[6] In *Stern*, the Court held that bankruptcy courts lack the "the constitutional authority to enter a final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim." 131 S. Ct. at 2620.

One court has further summarized the import of *Stern* to this case as follows:

> The *Stern* court emphasized a point made in *Marathon:* as Article I courts, bankruptcy courts many not enter final judgments in nonbankruptcy matters that are based on the common law or state law. *Stern,* 131 S.Ct. at 2609. Consistent with separation of powers principles, the majority impressed that "Congress may not 'withdraw from judicial cognizance any matter which, from its nature, is the subject of a suit at the common law, or in equity, or admiralty.' " *Id.* (citing *Murray's Lessee,* 18 How. at 284, 15 L.Ed. 372; *Marathon,* 458 U.S. at 70 n. 25 ("What clearly remains subject to Art. III are all private adjudications in federal courts within the States—matters from their nature subject to 'a suit at common law or in

---

[6] As a practical matter this Court has implicitly recognized certain counterclaims to proceed in state courts where they "must be plead in order for an Interested Party to (sic) a assert a claim to defend against or otherwise enjoin or preclude a foreclosure." *See* Final Supplemental Order (Doc. 774) at ¶ 14(b). It should make little or no difference to the estate and other creditors to permit Movant to proceed in this situation with his claims in the Circuit Court for Baltimore City, Maryland when Movant was not required to assert his counterclaims but voluntarily elected to do so prepetition. To say otherwise would in effect require a Baltimore homeowner to involuntarily pursue his Maryland claims in a foreign jurisdiction selected not by him but by the Debtors after Debtors pursued him in Maryland state court and he counterclaimed in the jurisdiction originally selected by the Debtor.

9

> equity or admiralty' ..."). Article III protects a constellation of judicial power, specifically "the stuff of the traditional actions at common law tried by the courts at Westminster in 1789" from encroachment by the other branches. *Id.* at 2609 (quoting *Marathon,* 458 U.S. at 90 (Rehnquist, J., concurring)). Bankruptcy courts, as non-Article III tribunals, therefore lack constitutional authority to finally adjudicate state-created private rights. *Id.* at 2620; *see also Marathon,* 458 U.S. at 71 ("the restructuring of debtor-creditor relations ... must be distinguished from the adjudication of state-created private rights, such as the right to recover contract damages that is at issue in this case.").

*In re Freeway Foods of Greensboro, Inc.,* 10-11282, 2012 WL 112192 (Bankr. M.D.N.C. Jan. 13, 2012). *See also In re Eastman Kodak Co.*, 12-10202 ALG, 2012 WL 3113931, *21 (Bankr. S.D.N.Y. Aug. 1, 2012) (recognizing that this Court may not be able to enter an order of summary judgment on certain patent claims in light of *Stern*).

Movant's state-law, prepetition claims against the Debtor and certain non-debtors cannot be properly adjudicated in this Court in light of the Supreme Court's holding in *Stern*. Permitting Movant to proceed on his claims (but not upon any collection thereof without the permission of this Court), would benefit the administration of Debtors' estate in this Court and permit the parties to the State Foreclosure Case to promptly adjudicate that action to its conclusion.

### III. Good Cause Exists under the *Sonnax* Factors to lift the Stay for the Movant's prepetition Counterclaims to Proceed in the Circuit Court for Baltimore City, Maryland

The factors laid out by the Second Circuit in *In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1286 as applied to Movant's prepetition, permissive (but not mandatory) counterclaims under Maryland law and this Court's leave for other homeowners in states

10

with mandatory counterclaim requirements Final Supplemental Order (see Doc. 774 at ¶ 14(b)), weigh strongly in favor of lifting the automatic stay as requested herein:[7]

> 1. This Request Will Result in Partial Relief as to the Debtor GMAC and Complete Relief as to the Non-Debtors (*Sonnax* Factors Nos. 1 and 11)

Because of the effect of the stay as to certain non-debtor co-defendants, i.e. Ward and Stephan, Movant is not presently permitted to pursue his counterclaims as to those individuals. *A.H. Robbins Co., Inc. v. Piccinin*, 788 F.2d 994, 999; *In re Eagle-Picher Indus., Inc.*, 963 F.2d 855, 862 (6th Cir. 1992). The limited request of the Movant herein, will permit him to pursue all non-debtor, co-defendants in his counterclaims (who are not subject to this Court's jurisdiction) and also seek a judgment as to liability only against Debtor GMAC (but not pursue any collection efforts whatsoever against GMAC without permission of this Court). The Court has previously granted similar, omnibus relief from the automatic stay for other homeowners like Movant who reside in different states where counterclaims are mandatory. *See* Final Supplemental Order (Doc. 774) at ¶ 14(b).

The State Foreclosure Action is in the early motions stage whereas the Counter Defendants, including Debtor GMAC, have filed preliminary Motions to Dismiss. Movant is prepared to move for partial summary judgment and then proceed quickly to his jury trial within six months, but for the automatic stay, since few, if any, material facts are in dispute. Further, no foreclosure sale of the property may occur in any event under Maryland law until Movant has his claims heard by a jury of his peers. *Higgins,* 310 Md. 532, 551. So, lifting the stay as requested by Movant will also benefit Debtor

---

[7] Movant only seeks for the stay to be lifted to (i) determine the liability of GMAC only in the State Foreclosure Action and not to pursue any collection efforts whatsoever against GMAC without permission of this Court; and (ii) to lift the stay for all purposes as to the non-debtor parties named in the counter complaint (i.e. Stephan and Ward) presently and those which may be added to a future amended counter complaint.

11

12-12020-mg    Doc 1291    Filed 08/28/12    Entered 08/28/12 16:01:40    Main Document
Pg 12 of 18

GMAC which will not be able to proceed to a foreclosure sale under Maryland foreclosure law until <u>after</u> Movant's constitutional right to a jury trial on his legal claims.

For these reasons and in the interests of justice good cause exists under *Sonnax* Factors Nos. 1 and 11 to lift the stay as requested.

> 2. Lifting the Automatic Stay for the Purpose of Determining Liability Only Will Not Interfere with the Bankruptcy Case (*Sonnax* Factor Nos. 2)

By permitting the State Foreclosure Action to proceed on a limited basis, as to a determination only as to whether Debtor GMAC is liable only to the Movant, there is little or nor risk to the Debtor's reorganization plan. Debtor GMAC has proceeded voluntarily in the State Foreclosure Action against Movant's counterclaims after it filed its petition in this Court. *See* Exhibit 2, Docket Entries from the State Foreclosure Action. Debtor itself appears willing and able to utilize its time and resources in the Circuit Court for Baltimore City, Maryland so it cannot honestly claim any prejudice to the relief requested.

Further, this Court has already determined in other nearly identical situations involving mandatory, homeowner counterclaims as opposed to the Movant's permissive counterclaims, that lifting the stay on a limited basis as contemplated herein is appropriate. *See* Final Supplemental Order (Doc. 774) at ¶ 14(b).

For these reasons and in the interests of justice good cause exists under *Sonnax* Factor Nos. 2 to lift the stay as requested.

> 3. The State Foreclosure Action Does Not Appear to Involve the Debtor GMAC as a Fiduciary and Movant's Judgment Claims in the State Foreclosure Action Are Not Subject to Equitable Subordination and Would Not Result in a Judicial Lien Avoidable by the Debtor (*Sonnax* Factors Nos. 3, 8 & 9)

While it is unclear to the Movant based upon Debtor GMAC's conflicting representations to the Circuit Court for Baltimore City and Movant as to exactly what role Debtor GMAC has with his mortgage loan, Movant does not believe that any of the *Sonnax* Factors Nos. 3, 8, or 9 are applicable to the State Foreclosure Action and the relief requested herein.

> 4. In Light of *Stern* and the Maryland State Law Subject to the Movant's Counter Complaint, the Circuit Court for Baltimore City, Maryland is More Appropriate to Hear Movant's Legal Claims (*Sonnax* Factors Nos. 4, 7, 10)

There is no federal foreclosure law which governs the process of foreclosures in the various States. While certain federal laws may affect in limited ways the foreclosure procedures utilized, state laws generally govern the procedures used to foreclose on real property. Knowing these principles to be true, Debtor GMAC commenced through its appointed agents the State Foreclosure Action in the Circuit Court for Baltimore City, Maryland in February 2012. *See* Exhibit 2.

Since the claims asserted by the Movant involve the illegal, unfair, and deceptive collection practices related to Debtor GMAC and certain non-parties' actions in the Maryland foreclosure process in violation of federal and state law, Movant respectfully believes the Circuit Court for Baltimore City, Maryland is the appropriate forum to consider and hear these claims based in state law and procedure. Further as discussed *supra*, the Supreme Court has in *Stern v. Marshall* limited the jurisdiction of this Court to

hear the state law claims asserted in the Movant's counter complaint. Given the Supreme Court's ruling in *Stern* and this Court's previous lifting of the stay for similar homeowners as the Movant in procedurally different states (i.e. Final Supplemental Order (Doc. 774) at ¶ 14(b)), there is no prejudice to the interests of other creditors for the relief requested herein since the adjudication of those claims in the state court will occur expeditiously since all parties have appeared and are prepared to proceed in that court.

For these reasons and in the interests of justice good cause exists under *Sonnax* Factor Nos. 4, 7. and 10 to lift the stay as requested.

### 5. Movant Does Not Know Whether Debtor's Insurer has Assumed Full Responsibility for Defending Debtor (*Sonnax* Factor No. 5)

Maryland law does not require Defendants to disclose, absent a specific discovery request, whether or not the Debtor GMAC's insurer as assumed responsibility for defending GMAC. Because of the automatic stay no such discovery has commenced in the State Foreclosure Action. Since the information is exclusively within the control and knowledge of the Debtor GMAC, Movant requests that the burden shift to the Debtor to demonstrate if insurance is available to it or not in the State Foreclosure Action. Even absent any insurance, GMAC's actions in the State Foreclosure Action demonstrate no prejudice to it to proceed in the litigation since it has proffered to the Court that the automatic stay does not apply to Movant's opposition to its Motion to Dismiss but argued that Movant cannot proceed with his claims otherwise.

Absent any bona fide showing by Debtor GMAC, Sonnax Factor No. 5 does not apply relief requested in this motion.

> 6. Movant's Present and Furture Counterclaims Involve Three Non-Debtors in Addition to Debtor GMAC (*Sonnax* Factor No. 6)

Movant's present counterclaims are currently asserted against three Counter Defendants—i.e. Debtor GMAC and non-debtors Stephan and Ward. Movant has identified one other party (not protected by the automatic stay) to add as an additional counter defendant. Many of the claims asserted against the Counter Defendants by the Movant provide for joint and several liability, so if Movant cannot recover against the Debtor, he may be able to collect from Debtor's co-counter defendants.

Further, because of the effect of the stay as to certain non-debtor co-defendants, i.e. Ward and Stephan, Movant may not be presently permitted to pursue his counterclaims as to those individuals and is therefore prejudiced. *A.H. Robbins Co., Inc. v. Piccinin*, 788 F.2d 994, 999; *In re Eagle-Picher Indus., Inc.*, 963 F.2d 855, 862 (6th Cir. 1992).

For these reasons and in the interests of justice good cause exists under *Sonnax* Factor No. 6 to lift the stay as requested.

> 7. Movant Is Being Harmed by the Operation of the Stay Against His Claims While Other Similar Homeowners in Other States May Proceed in a Manner He Proposes and the Debtor (and other Counter Defendants) Are Not Bound by the Stay (*Sonnax* Factor No. 12)

Because Maryland does not require, but permits Movant to assert counter claims in the State Foreclosure Action, Mr. Matthews' counterclaims are subject to the automatic stay since Final Supplemental Order (Doc. 774) at ¶ 14(b) does not apply to his counterclaims. There simply is no just reason to permit certain homeowners in mandatory counterclaim states to proceed but not permit homeowners like Movant to proceed in the same course because his state has only permissive counterclaim rules.

15

For these reasons and in the interests of justice good cause exists under *Sonnax* Factor No. 12 to lift the stay as requested.

## CONCLUSION

For the reasons stated herein, Movant Kevin J. Matthews hereby requests this Court pursuant to 11 U.S.C.A. § 362(d)(1) to lift the automatic stay to permit Movant's counterclaims to proceed: (i) to determine the liability of GMAC only in the State Foreclosure Action and not to pursue any collection efforts whatsoever against GMAC without permission of this Court; and (ii) to lift the stay for all purposes as to the non-debtor parties named in the counter complaint (i.e. Stephan and Ward) presently and those which may be added to a future amended counter complaint.

DATED: August 28, 2012
         Frederick, Maryland          Respectfully Submitted,

                                      */s Phillip R. Robinson*

                                      Phillip R. Robinson, Esq. (Admitted *Pro Hoc Vice*)
                                      Legg Law Firm LLC
                                      5500 Buckeystown Pike
                                      Frederick, MD  21703
                                      Phone (301) 620-1016
                                      probinson@legglaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, the 28th day of August 2012, that electronic copies of the Notice for Motion for Relief from Automatic Stay and the Motion for Relief From Stay and the exhibits and proposed order thereto were sent electronically to each of the parties identified on the Monthly Service List as of August 1, 2012 (Doc. 986) at the email addresses provided and also to the Debtors' claims and noticing agent, Kurtzman Carson Consultants, LLC.

I further certify that paper copies of the same papers identified above were mailed on this 28th day of August 2012 by pre-paid, first class mail to each of the parties identified on Exhibit 1 to the Court's Case Management Procedures (Doc. 141) as required to receive paper copies.

I further certify that paper copies of the same papers identified above were mailed on this 28th day of August 2012 by pre-paid, first class mail to each of the following parties to the State Foreclosure Action subject to the motion and all other parties known to Movant with an interest in the loan subject to the prepetition litigation:

Eric Frechtel
Bradley Arant Boult Cummings, LLP
1615 L Street, NW Suite 1350
Washington, DC 20036
***Counsel for Counter Defendant GMAC***

Erin Brady
312 Marshall Avenue, Suite 800
Laurel, MD 20707
***Counsel for the Plaintiffs***

*J. Jonathan Schraub,*
*1497 Chain Bridge Road Suite 202*
*McLean, VA 22101*
***Counsel for Counter Defendant Ward***

12-12020-mg    Doc 1291    Filed 08/28/12    Entered 08/28/12 16:01:40    Main Document
      Pg 18 of 18

12-12020-mg    Doc 1291    Filed 08/28/12    Entered 08/28/12 16:01:40    Main Document
      Pg 18 of 18

*Mark Simanowith*
*Saul Ewing LLP*
*500 East Pratt Street, 8th Floor*
*Baltimore, MD 21201*
***Counsel for Counter Defendant Stephan***

Ginnie Mae
Attention: Ted Tozer, President
451 7th Street, SW, Room B-133
Washington, DC 20410
***A Purported Secured Party***

USAA
Attention: Josue Robles, Jr., President and Chief Executive Officer
9800 Fredericksburg Rd.
San Antonio, TX 78288
***A Purported Secured Party***

*/s Phillip R. Robinson*
_____
**Phillip R. Robinson**