| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | Hearing Date: September 27, 2012<br>Hearing Time: 10:00AM |
| In Re:<br><br>RESIDENTIAL CAPITAL, LLC, et al.<br><br>Debtor. | **NOTICE OF MOTION FOR<br>TERMINATION OF AUTOMATIC<br>STAY**<br><br>Case No.: 12-12020<br><br>(Chapter 11)<br><br>Assigned to:<br>Hon. Martin Glenn<br>Bankruptcy Judge |

Please take notice that PNC Mortgage by the undersigned attorneys, will move this Court on the September 27, 2012, at 10:00AM or as soon thereafter as counsel can be heard, at the United States Bankruptcy Court, One Bowling Green, New York, NY 10004-1408 for an Order pursuant to 11 U.S.C. §362(d)(1) terminating the automatic stay to allow Movant to proceed with its State Foreclosure Action and for such other relief as the Court may deem proper.

**PURSUANT TO LOCAL BANKRUPTCY RULE 9006-1(a), ANY ANSWERING PAPERS ARE TO BE SERVED SO AS TO BE RECEIVED BY THE SECURED CREDITOR'S COUNSEL NO LATER THAN 7 DAYS BEFORE THE HEARING DATE.**

DATED:  August 28, 2012
        New Rochelle, New York

Yours, etc.,

Charles A. Higgs
McCabe, Weisberg & Conway, P.C.
Attorneys for PNC Mortgage
145 Huguenot Street
New Rochelle, NY 10801
Telephone 914-636-8900

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X

IN RE:

RESIDENTIAL CAPITAL, LLC, et al.

Debtor.

CH: 11
Case No:. 12-12020

---------------------------------------------------------X

**MOTION FOR RELIEF FROM STAY**

PNC Mortgage, (hereinafter "Movant") by and through its attorneys, McCabe, Weisberg & Conway, P.C., hereby moves to terminate the automatic stay in order to enforce its rights and remedies under its note and mortgage, including the foreclosure sale of certain real property upon which Homecomings Financial, LLC ("Homecomings") holds the junior lien.

1. Debtors are the holders and/or servicers of a large number of loans secured by mortgages on residential properties. Prior to Debtors' bankruptcy filing a number of foreclosure actions and sales had been initiated or scheduled by senior lien holders in which one or more of the Debtors hold junior liens and are therefore named as defendants in the actions.

2. One such foreclosure sale involves certain real property located at 1302 S, Monroe Street, Tacoma, WA 98405 (the "Property") in which Movant is the senior lien holder and one of the Debtors, Homecomings, is a junior lien holder. A copy of the Deed of Trust showing PNC as the senior lien holder is attached as Exhibit "A" and a copy of the title search showing that Homecomings has a junior lien is attached as Exhibit "B".

3. Upon the Debtors' bankruptcy filing the automatic stay was imposed under 11 U.S.C. §362(a). The automatic stay prevents Movant from moving forward with the schedule foreclosure sale. Accordingly, Movant has filed the instant action seeking relief from the automatic stay under Section 362(d) of the Bankruptcy Code.

4. Movant is seeking relief from stay in order to proceed with a foreclosure sale; said sale will result in the junior lien of Homecoming becoming extinguished.

5. In moving for relief under Section 362(d) the initial burden is on the moving party to show cause for relief from stay. Once cause is shown the burden moves to the party opposing relief. *See* Schneiderman v. Bodanovich (In re Bodanavich, 292 F.3d 104, 110 (2d Cir. 2002) (citing Mazzeo v. Lenhart (In re Mazzeo), 167 F.3d 139, 142-143 (2d Cir. 1999).

6. Movant has grounds for relief from the automatic stay under both 11 U.S.C. §§ 362(d)(1) and 362(d)(2).

7. 11 U.S.C.§362(d) provides in pertinent part that the Court shall grant relief form the stay imposed by Section 362(a)

    (1) "for cause, including lack of adequate protection of an interest in property..."
    (2) "with respect to a stay of an act against property under subsection (a) of this section, if-
        (A) the debtor does not have an equity in such property, and

        (B) such property is not necessary to an effective reorganization

8. Movant has cause for relief under 362(d)(1), as the delay of the sale of the Property caused by the automatic stay puts Movant at risk of having a tax lien or other superior lien jump its lien, therefore reducing the amount Movant would receive in the sale. Furthermore, the delay of the sale caused by the automatic stay is forcing Movant to hold the non-performing loan instead of realizing proceeds from the sale. Movant has not received a payment on the loan in more than two years and continues to lose money each month that it is forced to hold the loan. Accordingly, Movant should be granted relief from stay pursuant to 11 U.S.C. § 362(d)(1).

9. Movant also has cause for relief under 362(d)(2), as there is believed to be no equity in the Property and thus little, if any, value in Homecomings' junior lien. According to the Pierce County Assessor's records the Property has an assessed value of $114,000.00, while Movant has a first lien of approximately $128,788.22, accordingly there is no equity in the Property available

for the junior lien. A copy of the Pierce County Tax Assessment is attached as Exhibit "C".

Additionally, even if there were any value in the Property, which there isn't, any chance of the junior lien being paid is being diminished each day the sale is delayed. The junior lien adds little to any value to the estate and therefore is not a necessary part of the Debtors' reorganization efforts.

WHEREFORE, Movant respectfully requests that the automatic stay be lifted to allow Movant to pursue all of its rights and remedies under its note and mortgage, including a foreclosure sale of the Property.

Dated: August 28, 2012
New Rochelle, NY

Respectfully Submitted,

Charles Higgs
McCabe, Weisberg, & Conway, P.C.
Attorneys for PNC Mortgage
145 Huguenot St.
New Rochelle, NY 10801
(914) 636-8900