**EXHIBIT B**

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

1633 BROADWAY

NEW YORK, NEW YORK 10019-6799

212-506-1700

FACSIMILE: 212-506-1800

KANCHANA WANGKEO LEUNG
DIRECT DIAL: 212-506-1805
KLEUNG@KASOWITZ.COM

ATLANTA
HOUSTON
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY

August 16, 2012

**By Email**

Hon. Denise L. Cote
United States District Court
500 Pearl Street, Room 1610
New York, New York 10007-1312

    Re:    *FHFA v. Ally Financial Inc., et al.*, No. 11 Civ. 7010 (DLC).

Dear Judge Cote:

    We represent plaintiff Federal Housing Finance Agency ("FHFA") in this action. We write (i) to update the Court regarding FHFA's application for loan tapes and loan files in the Bankruptcy Court; (ii) to request that defendants Ally Financial, Inc. and GMAC Mortgage Group, Inc. (together "Ally") be directed to cooperate by paying for the production of a limited number of loan files in the possession of its bankrupt subsidiaries (the "Debtors"); and (iii) to request that the other defendants be ordered not to interfere with FHFA's application in the Bankruptcy Court seeking the loan files.

    At conferences held on July 11 and 17, 2012, the Court directed FHFA to submit an application to the Bankruptcy Court to obtain loan tapes and loan files in the Debtors' possession and directed Ally to cooperate fully in that application. Accordingly, FHFA filed a motion in the Bankruptcy Court seeking the production of final closing loan tapes, originator information, and loan files from the Debtors. *See In re Residential Capital, Inc.*, No. 12-12020-mg (Bankr. S.D.N.Y.) (Dkt. Nos. 810, 859). The Debtors opposed the motion primarily on the basis of the purported burden of producing 105,000 loan files. (Ex. A). In a good faith effort to minimize the alleged burden on the Debtors, FHFA agreed to limit its request, for the time being, to the loan files selected for sampling by FHFA's expert, up to a maximum of 5,000 loan files.[1] (Ex. B). Ally failed to file papers supporting FHFA's application.

---

[1] FHFA has proposed disclosing its sampling protocol in the Ally action, along with the other Tranche III and IV actions, on or before September 25, 2012, but FHFA is endeavoring to identify the Ally sample prior to Judge Glenn's August 28, 2012 deadline, discussed below. Depending on the information provided on the collateral tapes and originator information, the sample size will likely require substantially fewer than 5,000 loans. Pending final determination of the sample size, however, FHFA requested up to 5,000 loan files out of an abundance of caution.

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

Hon. Dennis L. Cote
August 16, 2012
Page 2

      A non-evidentiary hearing on FHFA's application for the up to 5,000 loan files[2] was held in the Bankruptcy Court on August 14, 2012. During the conference before Judge Glenn, the Debtors expressed concern regarding: (1) the costs associated with production; and (2) the explicit threat by certain defendants to "open the floodgates" of discovery if any loan files were produced to FHFA. (Ex. C - Tr. at 63:2-18, 73:6-22). Counsel representing certain defendants in this case[3]—none of whom had standing to object—opposed FHFA's application, stating that the defendants "are not prepared to live by the 5,000 sample" and announcing instead that "all the loan files are in play." (*Id.* at 87:13-24; 88:7-9). Ally's counsel further undermined FHFA's application by falsely suggesting that FHFA intended to select "5,000 losers" (as opposed to the stratified random sample described in FHFA's protocols), and requesting that Ally be permitted to brief the issue. (*Id.* at 89:2-23). Judge Glenn ordered supplemental briefing, by August 28, concerning "whether ResCap is required under the shared services agreement and statement of work and any other exhibits to it to provide loan files to Ally, and who pays for it, and how is it determined at what price it'll be paid for," (*Id.* at 85:16-22) and supplemental evidence regarding "the burden and cost" of discovery of loan files (*Id.* at 86:1-25). Judge Glenn scheduled a hearing for September 11, 2012 to address these issues.

      In sum, Ally did not cooperate with FHFA's application in the Bankruptcy Court for loan tapes and loan files. Ally could have filed a memorandum or spoken at the hearing in support of FHFA's application. It did neither. To the contrary, Ally affirmatively undermined FHFA's attempt to obtain loan files, both by refusing the Debtors' request to bear the cost of production and by opposing FHFA's motion. FHFA therefore requests that this Court order Ally to cooperate by bearing the expense of producing the sample of loan files in the possession of their subsidiaries. We also respectfully request that the Court instruct the other defendants not to interfere with FHFA's application in the Bankruptcy Court seeking loan files in the possession of the Debtors. If those defendants wish to seek loan files in addition to those requested by FHFA at this time, they should make their own application in the Bankruptcy Court.

      Respectfully,

/s/ *Kanchana Wangkeo Leung*

Kanchana Wangkeo Leung

---

[2] Prior to the August 14 hearing, FHFA and the Debtors resolved the portion of the motion concerning loan tapes and originator information, with the Debtors agreeing to provide loan tape and originator information sufficient for FHFA's expert to select a stratified random sample of loan files. FHFA and the Debtors were unable to resolve FHFA's request for loan files, however, because the Debtors refused to bear cost of producing such loan files, and advised that Ally had likewise refused to bear those costs.

[3] Those defendants include Credit Suisse Securities (USA) LLC, Barclays Capital, Inc., Citigroup Global Markets, Inc., Goldman, Sachs & Co., UBS Securities LLC, RBS Securities, Inc. and J.P. Morgan Securities LLC. (*See* Tr. at 87:13-18).