**<u>EXHIBIT C</u>**

# MAYER·BROWN

Mayer Brown LLP
1999 K Street, N.W.
Washington, D.C. 20006-1101

Main Tel +1 202 263 3000
Main Fax +1 202 263 3300
www.mayerbrown.com

August 23, 2012

Reginald R. Goeke
Direct Tel +1 202 263 3241
Direct Fax +1 202 263 5241
rgoeke@mayerbrown.com

BY EMAIL

The Honorable Denise L. Cote
United States District Judge
United States Courthouse
500 Pearl Street, Room 1610
New York, NY 10007-1312

Re:  FHFA v. Ally Financial Inc., et al.,
     11-CV-7010 (DLC) (S.D.N.Y.)

Dear Judge Cote:

We write on behalf of Ally Financial, Inc. ("AFI") and GMAC Mortgage Group, Inc. ("GMACM Group") in response to the letter from FHFA dated August 16, 2012 concerning its effort to obtain loan tapes and loan files from the ResCap debtors (the "Debtors").  In that letter, FHFA argues that "Ally did not cooperate with FHFA's application . . . for loan tapes and loan files," and asks that this Court order Ally to bear the expense of producing the loan files held by the Debtors.  FHFA's argument is without merit, and its request should be denied.

First, it should be noted that FHFA does not suggest that AFI or GMACM Group took any steps to hinder the production of the loan *tapes* held by the Debtors.  Indeed, the Debtors have agreed to provide that information, which was the subject of the Court's July 12, 2012 Order, to FHFA.

Rather, FHFA complains about the production of the loan *files* that are in the Debtors' possession.  As FHFA notes, it originally sought from the Debtors *all* of the loan files in the possession of the Debtors, as this Court directed it to do in the July 17, 2012 conference.[1]  Neither AFI nor GMACM Group took any steps to hinder FHFA's request for those loan files.

In its reply in support of its request for the loan files, however, FHFA changed its position.  It no longer sought "all" the loan files as directed by this Court, but limited its request to only the loan files selected for sampling by FHFA's sampling expert, up to a maximum of 5,000 loan files.  As this Court knows, the Defendants in this action have objected to any attempt to limit the number of loan files subject to discovery based on a sampling methodology that is unknown and untested, and that cannot be adequately vetted until further discovery is completed.

---

[1] At the July 17, 2012 conference, this Court directed FHFA to obtain  the loan files from the Debtors, and the Court emphasized that "it is important that there be access . . . to all the loan files that [are] being sued upon."  7/17/2012 Tr. 25.

Mayer Brown LLP operates in combination with other Mayer Brown entities with offices in Europe and Asia
and is associated with Tauil & Chequer Advogados, a Brazilian law partnership.

The Honorable Denise L. Cote
August 23, 2012
Page 2

This Court refused to "restrict discovery of loan files" based on a sampling methodology.
(6/13/12 Tr. 14-15). FHFA's attempt to narrow its request before the Bankrupty Court to only
5,000 loan files had the potential to circumvent this Court's order. Further, to the extent that
FHFA sought to convince the Bankruptcy Court that production of loan files would not be
unduly burdensome, AFI and GMACM Group had an obligation to inform the Bankruptcy Court
that they would request additional loan files if FHFA were granted its request for the 5,000 loan
files. It was only in the context of FHFA's attempt to limit the production of loan files –
contrary to what this Court directed at the July 17, 2012 conference and this Court's order at the
June 13, 2012 hearing – that AFI and GMACM Group brought their concerns to the attention of
the Bankruptcy Court.

Nor is there any basis for FHFA to suggest that AFI or GMACM Group should pay "for
the production of a limited number of loan files" in the possession of the Debtors. AFI and
GMACM Group did not issue any of the securitizations at issue in this case, nor did they
underwrite or sponsor those securitizations. Quite simply, AFI and GMACM Group had no
involvement whatsoever with the ResCap securitizations, and FHFA makes no allegation to the
contrary. Indeed, at all relevant times when those securitizations were issued, an operating
agreement was in place that ensured ResCap's independence from AFI. The only contention
FHFA makes is that AFI and GMACM Group are liable as controlling parties – an allegation that
AFI and GMACM Group have moved to dismiss – and such a control person allegation does not
require that AFI or GMACM Group should bear the cost of production of documents within the
possession of the Debtors.

Nor should AFI and GMACM Group be required to pay for a partial production of loan
files fitting FHFA's sampling criteria. If FHFA wants those documents, it could certainly pay
for the production of those files, as it might for production from any third party witness. This is
particularly true where FHFA is obtaining only a sample of loan files, leaving AFI and GMACM
Group to make a separate request for additional loan files in support of their defense of the
claims (for which they may have to compensate the Debtors).

In short, there is no merit to FHFA's suggestion that AFI and GMACM Group did not
fully cooperate with FHFA's requests to the Debtors, and there is no basis for FHFA to argue
that AFI and GMACM Group should pay for the partial production of loan files that FHFA seeks
from the Debtors.

Respectfully,

Reginald Goeke

Enclosures

Copy to:  All counsel of record (via email)