# **EXHIBIT I**

```
                                                                        1
        C7BVFEDC              Conference
 1   UNITED STATES DISTRICT COURT
 1   SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x
 2
 3   FEDERAL HOUSING FINANCE
 3   AGENCY, as Conservator for the
 4   Federal Home Loan Mortgage
 4   Corporation,
 5
 5                Plaintiff,
 6                                          11 CV 5201 (DLC)
 6        v.                                11 CV 7010 (DLC)
 7                                          12 CV 5116 (DLC)
 7   ALLY FINANCIAL INC., ET AL,
 8
 8                Defendants.
 9
 9   ------------------------------x
10                                          New York, N.Y.
10                                          July 11, 2012
11                                          11:10 a.m.
11
12   Before:
12
13                    HON. DENISE COTE,
13
14                                          District Judge
14
15                    APPEARANCES
15
16   KASOWITZ BENSON TORRES & FRIEDMAN
16        Attorneys for Plaintiff
17   BY:  KANCHANA W. LEUNG
17        MICHAEL HANIN
18        ANDREW GLENN
18        -AND-
19   QUINN EMANUEL URQUHART & SULLIVAN
19   BY:  ADAM ABENSON
20
20   MAYER BROWN
21        Attorneys for Defendants Ally Financial and GMAC
21   BY:  MICHAEL WARE
22        REGINALD GOEKE
22        CATHERINE BERNARD
23
24
25
                    SOUTHERN DISTRICT REPORTERS, P.C.
                            (212) 805-0300
```

```
                                                                    2
        C7BVFEDC             Conference
 1                      APPEARANCES (continued)
 2      CARPENTER LIPPS & LELAND
 2           Attorneys for Defendant Ally Securities, Inc.
 3      BY:  JEFFREY A. LIPPS
 3           JENNIFER A. L. BATTLE
 4           -AND-
 4      KIRKLAND & ELLIS
 5      BY:  JEFF POWELL
 5
 6      MORRISON & FOERSTER
 6           Attorneys for Non-Defendant Debtors
 7            Residential Capital and affiliated entities
 7      BY:  JOEL C. HAIMS
 8           JONATHAN C. ROTHBERG
 8
 9      SULLIVAN & CROMWELL
 9           Attorneys for Defendant JP Morgan Chase & Co.
10            and affiliated entities and certain individuals
10      BY:  PENNY SHANE
11           SHARON NELLES
11           JONATHAN SEDLAK
12
12      CRAVATH SWAINE & MOORE
13           Attorneys for Defendant Credit Suisse Securities
13            (USA) LLC and affiliated entities and individuals
14      BY:  LAUREN MOSKOWITZ
14
15      SIMPSON THACHER & BARTLETT
15           Attorneys for Defendant RBS Securities Inc.
16            and affiliated entities
16      BY:  THOMAS RICE
17
17      PAUL WEISS RIFKIND WHARTON & GARRISON
18           Attorneys for Defendant Citigroup Global Markets, Inc.
18            and affiliated entities and individuals
19      BY:  CAITLIN GRUSAUSKAS
19           BRUCE BIRENBOIM
20
20      SULLIVAN & CROMWELL
21           Attorneys for Defendant Barclays Bank PLC
21            and affiliated entities and individuals
22      BY:  JEFFREY SCOTT
22           JOSHUA FRITSCH
23
24
25
                         SOUTHERN DISTRICT REPORTERS, P.C.
                                   (212) 805-0300
```

```
                                                              3
     C7BVFEDC              Conference
 1                      APPEARANCES (continued)
 2
 2   SKADDEN ARPS SLATE MEAGHER & FLOM
 3        Attorneys for Defendant UBS Americas Inc.
 3         and affiliated entities and individuals
 4   BY:  ROBERT FUMERTON
 4
 5   SULLIVAN & CROMWELL
 5        Attorneys for Defendant Goldman Sachs & Co.
 6         and affiliated entities and individuals
 6   BY:  THEODORE EDELMAN
 7        MICHAEL TOMAINO
 7        JORDAN RAZZA
 8
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
                    SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```

```
                                                                    4
     C7BVFEDC                   Conference
 1              (In chambers)
 2              THE COURT:  Good morning, counsel.
 3              I have you on the speakerphone because I'm accompanied
 4   by a court reporter and my law clerk.
 5              I'm briefly going to take appearances for the record.
 6              For FHFA?
 7              MS. LEUNG:  Kanchana Leung, Andrew Glenn, and Michael
 8   Hanin from Kasowitz, Benson, Torres & Friedman.
 9              MR. ABENSON:  Your Honor, also Adam Abenson from Quinn
10   Emanuel for FHFA, though not in the Ally matter.
11              THE COURT:  For defendant Ally?
12              MR. GOEKE:  Yes, your Honor.
13              It's Reginald Goeke and Catherine Bernard and Michael
14   Ware of Mayer Brown for defendant Allied Financial and GMAC
15   Mortgage Group, Inc.
16              THE COURT:  For Allied Securities?
17              MR. LIPPS:  Jeff Lipps and Jenn Battle of Carpenter,
18   Lipps & Leland, together with Jeff Powell from Kirkland &
19   Ellis.
20              THE COURT:  For Residential Capital?
21              MR. HAIMS:  Joel Haims and Jonathan Rothberg from
22   Morrison & Foerster.
23              THE COURT:  For J.P. Morgan?
24              MS. SHANE:  Penny Shane, Sharon Nelles, and Jonathan
25   Sedlak of Sullivan & Cromwell.
                    SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```

```
                                                                    5
     C7BVFEDC                    Conference
 1             THE COURT:  For Credit Suisse.
 2             MS. MOSKOWITZ:  Good morning, your Honor.
 3             Lauren Moskowitz at Cravath, Swaine & Moore.
 4             THE COURT:  For RBS?
 5             MR. RICE:  Good morning, your Honor.
 6             Tom Rice from Simpson, Thacher & Bartlett.
 7             THE COURT:  For Citigroup?
 8             MR. BIRENBOIM:  Bruce Birenboim and Caitlin Grusauskas
 9     from Paul Weiss.
10             THE COURT:  For Barclays?
11             MR. SCOTT:  Jeff Scott and Josh Fritsch from Sullivan
12     & Cromwell.
13             THE COURT:  For UBS?
14             MR. FUMERTON:  Good morning, your Honor.
15             Robert Fumerton from Skadden Arps.
16             THE COURT:  And for Goldman Sachs?
17             MR. EDELMAN:  Good morning, your Honor.
18             Theodore Edelman, Michael Tomaino, and Jordan Razza
19     from Sullivan & Cromwell LLP.
20             THE COURT:  Is there anyone else on the phone call who
21     has not placed their appearance on the record?
22             Hearing no one, thank you so much, counsel, for making
23     yourselves available.
24             I want to ask that we follow the following procedures
25     during this conference call:
                       SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
```

```
                                                                      6
     C7BVFEDC                   Conference
 1             First, if anyone is going to speak, please identify
 2   yourself by name before you speak or at the beginning of
 3   speaking so that the record is clear.
 4             Secondly, please don't interrupt anyone who is
 5   speaking; it's very difficult to conduct these conference calls
 6   over -- or conduct a conference over the telephone.  And I
 7   assure you before we end this conference I'll make sure that
 8   everyone has had an opportunity to be heard and to add anything
 9   that they would like to say.
10             We're having this conference call because I received
11   letters from FHFA and the Ally defendants dated July 2nd and
12   July 6th.  I tried to have the call yesterday, but I understand
13   certain of you folks were in bankruptcy court on related
14   issues.
15             And perhaps I should ask Ms. Leung, did Judge Glenn
16   issue any ruling yesterday that would touch directly on whether
17   or not Res Cap should produce the final closing loan tapes that
18   were provided to the trustees and information sufficient to
19   identify the originators of each loan, that is, produce such
20   information in this case?
21             Ms. Leung?
22             MS. LEUNG:  This is Kanchana Leung.
23             No, your Honor.
24             THE COURT:  Thank you.
25             So let me begin by speaking a little bit to this issue
                    SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```

```
                                                                  7
          C7BVFEDC                  Conference
 1    and then turning to counsel to be heard.
 2              In this case, 11 CV 7010, we have claims being brought
 3    by FHFA due to an investment of roughly six billion dollars.
 4    With a number of defendants who have nothing to do with the
 5    Ally family of defendants.
 6              J.P. Morgan and Bear Stearns are defendants here, as
 7    well as in three other of the 16 cases before me.
 8              Credit Suisse is a defendant here and is a defendant
 9    in five of the other cases before me.
10              RBS is a defendant here and a defendant in three other
11    cases before me, and in the District of Connecticut litigation.
12              Citibank is a defendant before me in this case, as
13    well as in two other cases before me and in the California
14    case.
15              Barclays is present in two cases before me.
16              UBS is present in four cases before me and the
17    California case.
18              Goldman Sachs is present in three cases before me.
19              Ultimately, there may be global resolutions by one or
20    more defendants across the whole set of cases.  And, as you
21    know, it's important that, given the scheduling and the efforts
22    we've all made together to move forward efficiently, try to
23    make sure that everybody has an opportunity to look at the
24    documents together, evaluate the strengths and weaknesses of
25    the claims and defenses, depose witnesses once, get the cases
                    SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```

```
                                                                    8
        C7BVFEDC                 Conference
 1   organized for motion practice and the conduct of the separate
 2   trials in a way that makes the most sense for all the parties,
 3   not just one, not just a plaintiff or a defendant, but all the
 4   parties.
 5           I know I have a pending motion which is not yet fully
 6   submitted, which seeks to extend the stay, the bankruptcy stay,
 7   which is governing Res Cap and some other related entities to
 8   what I'll call the Ally defendants.  I'm not prepared to rule
 9   on that.  The briefing isn't complete.
10           I've looked a little bit at the opposition papers;
11   just enough to help me make a judgment about the particular
12   issue that's addressed in the two letters.  And this is my
13   evaluation of what should happen here:
14           With respect to FHFA's request that Res Cap, which
15   apparently is -- it's undisputed has physical possession of the
16   final closing loan tapes and other information, that if FHFA
17   wants that, it needs to make an application to the bankruptcy
18   court or it should.  Whether it needs to, I think it should, in
19   the first instance, make an application to the bankruptcy court
20   for Res Cap to produce that information.  And, again, all I'm
21   talking about is the discrete information described in the July
22   2nd letter and covered by my May orders, my orders of May 8th
23   and May 15th, which is the final closing loan tapes provided to
24   the trustees and information sufficient to identify the
25   originators of each loan.  I'm not talking about anything else.
                    SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```

```
                                                                  9
         C7BVFEDC                    Conference
 1                I don't understand that there's been any argument yet
 2      made to me that the production of that material would be
 3      burdensome or unduly burdensome for Res Cap to produce.  It's
 4      also clear from the conferences I've held in these cases that
 5      without that information, it will be very difficult for the
 6      litigation to proceed.  That information is the first cut that
 7      permits the parties to evaluate the claims and to organize
 8      their other discovery requests and figure out whether or not
 9      third-party discovery needs to take place and who would be
10      involved in that.
11                It seems to me that the separate issue of whether or
12      not the bankruptcy stay is extended to the Ally defendants is
13      something that is not necessarily decided by the production
14      of -- by Res Cap of the loan tapes and originator information.
15                Looking at the opposition papers that Ally put in,
16      they're making broader arguments, and at least four different
17      arguments for an extension of the bankruptcy stay.  And I have
18      not decided on the merits of those arguments.
19                I have an open mind.  I want to wait until all the
20      papers are in and look at them together and consider each of
21      the separate arguments that are being made.
22                But even if I should extend the stay as to Ally, it
23      seems to me that Ally and Res Cap should be producing the final
24      closing loan tapes and the originator information so that the
25      rest of this litigation, that is, 11 CV 7010, can proceed.  And
                      SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
```

```
                                                                   10
         C7BVFEDC                 Conference
 1   to the extent that 7010 is interrelated with the other cases,
 2   because there are groups of defendants common to so many of the
 3   cases, that that decision about this limited discrete
 4   production of material, you know, should be considered a
 5   separate issue.
 6            As a result, what I want to do today is require two
 7   things to happen, and this is what I want counsel to feel free
 8   to comment on:
 9            One is that if FHFA wishes this information from Res
10   Cap, that it make an application in the first instance to the
11   bankruptcy court for a ruling from the bankruptcy court on that
12   physical production.  And, two, that I order Ally to cooperate
13   fully in that application that FHFA would be making to the
14   bankruptcy court.
15            So let me make sure now everybody has a chance to be
16   heard.
17            Ms. Leung, is there anything you wish to say with
18   respect to what I've outlined?
19            MS. LEUNG:  On the premise that plaintiff doesn't
20   dispute that the final closing loan tapes are in the debtor's
21   possession, it is actually not a concession that we've made.
22            Our application was based in part on representations
23   that the debtors made to the bankruptcy court that they had
24   that information in the first instance.  We are requesting that
25   information directly from Ally.  But we are, of course,
                    SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```

```
                                                                    11
          C7BVFEDC                   Conference
 1    amenable to following the Court's instruction in seeking that
 2    information through the bankruptcy court.
 3              And I also want to clarify that his direction is not a
 4    ruling on the issue of control in that we could revisit this
 5    issue later and to the extent that the motion to extend the
 6    stay is not granted.
 7              THE COURT:  Yes, Ms. Leung.
 8              And I apologize if I didn't make this clear.  I
 9    thought what was uncontested was that the loan tapes were in
10    the physical possession of Res Cap.  But I agree that -- well,
11    let me start again.
12              I am not ruling on the highly-contested issue of
13    control.  I may have to rule on that down the road.  I'm not
14    making any finding about control right now.
15              Anything else you wanted to say, Ms. Leung, before I
16    move on?
17              MS. LEUNG:  My colleague, Andrew Glenn, would like to
18    address some bankruptcy issues.
19              MR. GLENN:  Your Honor, again, Andrew Glenn, Kasowitz,
20    Benson, Torres & Friedman on behalf of FHFA.
21              I just wanted to note to the Court that the matter, I
22    believe, on the motion to extend the stay has, in fact, been
23    fully submitted to the Court, the initial motion, our
24    opposition, and the debtor's reply.  If chambers needs
25    additional copies of those, we'd be happy to assist with that.
                       SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
```

```
                                                                   12
        C7BVFEDC                 Conference
 1   But I just wanted to make the record clear that I believe that
 2   briefing has been completed.
 3             THE COURT:  Thank you so much.
 4             We'll contact you if we need additional copies.
 5             MR. GLENN:  Okay.  Very good.
 6             THE COURT:  Mr. Ware for Ally.
 7             MR. WARE:  Your Honor, my colleague Reg Goeke will
 8   speak to Ally today.
 9             MR. GOEKE:  Yes, your Honor.  This is Reg Goeke.
10             I don't believe we have any questions.
11             Just on the second point that you mentioned with
12   respect to Ally cooperating fully, we will, of course,
13   cooperate fully.
14             I just wanted to note that obviously the Res Cap
15   defendants may have a position; and, you know, of course, we
16   have no control over what position they would take in the
17   bankruptcy court with respect to any request made by FHFA of
18   the bankruptcy court.
19             THE COURT:  For Ally Securities.
20             MR. LIPPS:  Your Honor, this is Jeff Lipps.
21             This effort that's being made by FHFA I understand
22   does not reach to what is essentially a sister corporation of
23   the Res Cap defendants, so we don't have a position on it.
24             Although I will indicate that I have -- and you'll
25   probably notice in the extend stay papers, I have provided
                      SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
```

```
                                                                   13
        C7BVFEDC                 Conference
 1   information to both the bankruptcy court and now to your Honor
 2   with respect to the burden that would be associated with
 3   discovery being undertaken of the debtor.  So I just wanted to
 4   make clear that to the extent there's an application made and
 5   the Res Cap defendants choose to resist that particular
 6   application, I may be called upon to provide some information
 7   to the bankruptcy court on burden, and I wanted just that to be
 8   clear to your Honor.
 9            THE COURT:  Are you telling me that in your papers you
10   have specifically addressed the burden of producing the final
11   closing loan tapes that were provided to the trustees and
12   information sufficient to identify the originators of each
13   loan?
14            MR. LIPPS:  I have not specifically addressed those in
15   the burden papers.  I've addressed generally the scope of
16   discovery that has been experienced by the Res Cap defendants.
17   And I don't know that I would be called upon as to what you
18   specifically indicated today, but I just did want to let you
19   know that I have provided testimony with respect to general
20   discovery experienced and burdens associated with it, but have
21   not commented on the specific point raised.
22            THE COURT:  Thank you.
23            Ms. Shane.  Ms. Shane?
24            MS. SHANE:  Yes, your Honor.
25            THE COURT:  Did you want to say anything?
                    SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```

```
                                                                  14
     C7BVFEDC               Conference
1              MS. SHANE:  No.  We take no position.
2              THE COURT:  Credit Suisse.
3              MS. MOSKOWITZ:  Good morning, your Honor.
4              Nothing for Credit Suisse.
5              THE COURT:  That was Ms. Moskowitz.
6              Mr. Rice for RBS
7              MR. RICE:  Nothing from us, your Honor.
8              THE COURT:  Ms. Grusauskas for Citigroup?
9              MS. GRUSAUSKAS:  We do not take a position.
10             THE COURT:  Mr. Scott for Barclays.
11             MR. SCOTT:  Your Honor, Barclays does not take a
12   position on this issue.
13             THE COURT:  Mr. Fumerton for UBS.
14             MR. FUMERTON:  Your Honor, UBS does not take a
15   position either.
16             THE COURT:  Mr. Edelman for Goldman Sachs.
17             MR. EDELMAN:  Good morning again, your Honor.
18             Goldman Sachs also does not take a position.
19             THE COURT:  Thank you.
20             I think the only party that I haven't heard from is
21   Res Cap, who's participating in this phone call, but I don't
22   believe is a defendant any longer in any litigation before me.
23             But, Mr. Haims, since you were kind enough to
24   participate in this phone call, I want to give you an
25   opportunity in closing to say anything that you would like to
                      SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
```

```
                                                                       15
        C7BVFEDC                    Conference
 1      add.
 2                 Mr. Haims.
 3                 MR. HAIMS:  Yes.  Thank you.
 4                 Just three very, very quick points.
 5                 One is I have at this point in time no position on the
 6      application that they will be making.  And when we get it
 7      before Judge Glenn, we will evaluate it.
 8                 I have two points on the extend stay motion, if it's
 9      okay with your Honor, that I bring them up.
10                 One is Mr. Glenn mentioned that briefing below was
11      complete.  Briefing before Judge Glenn was completed; however,
12      in your Honor's order withdrawing the case, you said that, and
13      I quote, "best position to rule on debtors motion to stay over
14      enjoined litigation in light of the potential consequences in
15      the other 16 related cases below before Judge Glenn, we were
16      briefing 20, the stay as respected the 27 different cases we
17      certainly addressed the FHFA case there, but not to any degree
18      of specificity like this."
19                 And we were wondering whether we could have permission
20      to file a very short supplemental paper addressing just this
21      point, the impact of the stay that we are seeking on the other
22      16 cases.  And we can put that request in writing.  I just
23      wanted to review that with the Court.
24                 THE COURT:  I believe I have a conference scheduled on
25      that issue, that is, the motion to extend the bankruptcy stay,
                       SOUTHERN DISTRICT REPORTERS, P.C.
                                 (212) 805-0300
```

```
                                                               16
        C7BVFEDC                 Conference
 1   scheduled for July 17th.  So if you want to put in a three-page
 2   letter by this Friday, you may.
 3            MR. HAIMS:  My second point relates to that conference
 4   which was scheduled on Monday.
 5            I'm away on vacation next week, and I was wondering
 6   whether we could push it to the following week.  I'm lead
 7   counsel on this, and I argued the motion below before Judge
 8   Glenn.  So if we could move it for a week, that would be
 9   helpful.  And the FHFA has consented to an adjournment subject
10   to your Honor's consent.
11            THE COURT:  The 17th is Tuesday, it's not Monday.
12            MR. HAIMS:  I'm on vacation the entire week.  I leave
13   on Monday.
14            THE COURT:  I'm going to ask you, counsel -- I don't
15   want to interfere with your vacation.  Go on vacation.  I'm
16   sure Mr. Rothberg can cover for you.  I expect I'll be largely
17   deciding this based on the papers in any event.
18            Anything else, Mr. Haims?
19            MR. HAIMS:  Nothing, your Honor.
20            THE COURT:  Good.
21            Thank you so much, counsel.
22                           *    *    *
23
24
25
                    SOUTHERN DISTRICT REPORTERS, P.C.
                             (212) 805-0300
```