UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

Hearing Date:  09/27/12
Hearing Time: 10:00AM

**NOTICE OF MOTION FOR
TERMINATION OF AUTOMATIC
STAY**

In Re:

RESIDENTIAL CAPITAL, LLC, et al.

Case No.: 12-12020

(Chapter 11)

Debtor.

Assigned to:
Hon. Martin Glenn
Bankruptcy Judge

Please take notice that Capital One, N.A. by the undersigned attorneys, will move this Court on the September 27, 2012, at 10:00AM or as soon thereafter as counsel can be heard, at the United States Bankruptcy Court, One Bowling Green, New York, NY 10004-1408 for an Order pursuant to 11 U.S.C. §362(d)(1) terminating the automatic stay to allow Movant to proceed with its State Foreclosure Action and for such other relief as the Court may deem proper.

**PURSUANT TO LOCAL BANKRUPTCY RULE 9006-1(a), ANY ANSWERING PAPERS ARE TO BE SERVED SO AS TO BE RECEIVED BY THE SECURED CREDITOR'S COUNSEL NO LATER THAN 7 DAYS BEFORE THE HEARING DATE.**

DATED:   August 28, 2012
         New Rochelle, New York

Yours, etc.,

Charles A. Higgs
McCabe, Weisberg & Conway, P.C.
Attorneys for Capital One
145 Huguenot Street
New Rochelle, NY 10801
Telephone 914-636-8900

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

IN RE:

RESIDENTIAL CAPITAL, LLC, et al.

                    CH: 11
                    Case No:12-12020

Debtor.
_____X

## MOTION FOR RELIEF FROM STAY

Capital One, N.A., (hereinafter "Movant") by and through its attorneys, McCabe, Weisberg &

Conway, P.C., hereby moves to terminate the automatic stay in order to proceed with a residential

foreclosure sale in which GMAC Mortgage, LLC, holds the junior lien.

1.  Debtors are the holders and/or servicers of a large number of loans secured by mortgages on

    residential properties.  Prior to Debtors' bankruptcy filing a number of foreclosure actions and

    sales had been initiated or scheduled by senior lien holders in which one or more of the Debtors

    hold junior liens and are therefore named as defendants in the actions.

2.  One such foreclosure action involves certain real property located at 62927 Braun Drive,

    Washington, Michigan 48094 (the "Property") in which Movant is the senior lien holder by

    merger and GMAC Mortgage, LLC ("GMAC"), is the junior lien holder.  A copy of the first pages

    of the note and mortgage held by Capital One, dated March 28, 2007, is attached as Exhibit "A"

    and a copy of the first page of the second mortgage held by GMAC Mortgage, LLC, is attached as

    Exhibit "B" (full copies available upon request).

3.  Upon the Debtors' bankruptcy filing the automatic stay was imposed under 11 U.S.C. §362(a).

    The automatic stay prevents Movant from moving forward with its foreclosure action.

    Accordingly, Movant has filed the instant action seeking relief from the automatic stay under

    Section 362(d) of the Bankruptcy Code.

4. Movant is seeking relief from stay in order to enforce all of its rights and remedies in its note and mortgage including but not limited to foreclosure and sale. The foreclosure sale will result in the junior lien of GMAC becoming extinguished.

5. In moving for relief under Section 362(d) the initial burden is on the moving party to show cause for relief from stay. Once cause is shown the burden moves to the party opposing relief. *See* Schneiderman v. Bodanovich (In re Bodanavich, 292 F.3d 104, 110 (2d Cir. 2002) (citing Mazzeo v. Lenhart (In re Mazzeo), 167 F.3d 139, 142-143 (2d Cir. 1999).

6. Movant has grounds for relief from the automatic stay under both 11 U.S.C. §§ 362(d)(1) and 362 (d)(2).

7. 11 U.S.C.§362(d) provides in pertinent part that the Court shall grant relief form the stay imposed by Section 362(a)

   (1) "for cause, including lack of adequate protection of an interest in property..."
   (2) "with respect to a stay of an act against property under subsection (a) of this section, if-
       (A) the debtor does not have an equity in such property, and

       (B) such property is not necessary to an effective reorganization

8. Movant has cause for relief under 362(d)(1) as the delay of the foreclosure and sale of the Property caused by the automatic stay puts Movant at risk of having a tax lien or other superior lien jump its lien therefore reducing the amount Movant would receive in a subsequent sale. Furthermore, the automatic stay is forcing Movant to hold the non-performing loan instead of realizing proceeds from a foreclosure sale.

9. Movant also has cause for relief under 362(d)(2), according to a BPO obtained by Movant, the Property is valued at $225,000.00. Movant has a first lien in the amount of $362,711.00 and therefore the junior lien held by GMAC has no value.  A copy of the BPO is attached as Exhibit "C". As the Property is valued at well below the amount of the senior lien, the junior lien held by

GMAC has no value and is therefore is not a necessary part of the Debtors' reorganization

efforts.

WHEREFORE, Movant respectfully requests that the automatic stay be lifted to allow

Movant to pursue its rights and remedies in its note and mortgage including foreclosure and

sale.


Dated: August 28, 2012
     New Rochelle, NY

Respectfully Submitted,

Charles Higgs
McCabe, Weisberg, & Conway, P.C.
Attorneys for Capital One
145 Huguenot St.
New Rochelle, NY 10801
(914) 636-8900