Wendy Alison Nora                                    Hearing Date: August 29, 2012
ACCESS LEGAL SERVICES                                Hearing Time: 10:00 a.m.
210 Second Street NE
Minneapolis, Minnesota 55413
Telephone: (612) 333-4144
Facsimile: (612) 886-2444

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
In re

Residential Capital, LLC *et al.*,                   Chapter 11

                                                     Case No. 12-12020 (MG)
.                                    Debtors.        Administratively Consolidated

-----------------------------------------------------------------X

STATEMENT ACKNOWLEDGING DEBTORS' RESPONSE OF AUGUST 27, 2012 AND ACCEPTING THEIR PROMISE TO PROVIDE HER WITH NOTICE OF ANY ATTEMPT TO SELL HER HOME UNDER THE "DEMINIMUS SALES" ORDER SOUGHT UNDER 11 USC SEC. 363 AND FURTHER ACKNOWLEDGING DEBTORS' ADMISSION THAT THE PROPERTY SCHEDULED AS AN ASSET OF THE ESTATE OF RESIDENTIAL FUNDING COMPANY, LLC (Case No. 12-12019) IS NOT PROPERTY OF THE ESTATE BUT IS HER HOME AND HER PROPERTY (JUDICIALLY NOW ESTOPPEL APPLIES)
[DOCKET NO. 1094]
_____

Wendy Alison Nora, a contingent claimant and creditor in these proceedings, acknowledges the promise to notify her of any attempt to sell her home under the Order to be granted on Debtors' Motion to Authorize *DeMinimus* Sales under 11 USC sec. 363.

1. According to the Response filed on August 27, 2012, Debtors acknowledge that it has seized her home, is claiming it as an asset in these proceedings and may attempt to sell "her property" in the ordinary course of business or in a bundle of "assets" under the "DeMinimus" Sales Order it seeks to have entered today.

2. Because Debtors have stated that the property located at 6931 Old Sauk Road in Madison, Wisconsin is Ms. Nora's home and her property, the Debtors must be stayed from selling her home and her property and she must be restored to the possession of her property so that she can occupy her home until the final disposition of her state court appeal or pending further proceedings in this case and such a stay will be sought in the Court with jurisdiction to make such a determination.

3. Ms. Nora has sought to clarify the Debtors' position with respect to her rights to her property in these proceedings and has now received the necessary clarification of her rights to occupy and possess her home.

4. In their response to Ms. Nora's Statement of August 23, 2012, Debtors' admit that the real estate located at 6931 Old Sauk Road in Madison, Wisconsin is her home and her property.

5. At docket entry 1268, Debtors' specifically state:

"A. Reply to the Nora Statement

1. Ms. Nora has no objection to the Debtors' request to sell mortgage loans under the *De Minimis* Sale Procedures, but she demands notice of any attempt to sell her home pursuant to the *De Minimis* Sale Procedures. (Emphasis added.)

2. The Debtors typically sell real estate owned property in the ordinary course of business and currently do not intend to sell any real estate owned property pursuant to the *De Minimis* Sale Procedures. However, to the extent the Debtors seek to utilize the *De Minimis* Sale Procedures to sell Ms. Nora's property, the Debtors will provide Ms. Nora with notice in accordance with the *De Minimis* Sale Procedures."

6. Ms. Nora was not seeking hearing on the motion for approval of the *DeMinimus* Sale

2

and merely filed a statement.

7. There is nothing in Ms. Nora's statement which requires a ruling from this Court, given the Debtors' concession that she will receive notice of any attempt to sell her home as a DeMinimus sale under the order Debtors seek.

8. Debtors are judicially estopped from taking any position contrary to their admission that the property located at 6931 Old Sauk Road in Madison, Wisconsin is her home and her property.

9. Strangely, Debtors seek to have this Court overrule a Statement to which Debtors' have agreed.

10 No objection was filed by Ms. Nora and the Debtors have agreed to provide her with the notice she sought.

11. There is nothing before the Court upon which the Court may rule.

12. Even if the Ms. Nora's statement could possibly construed as an objection (which it is not, it was even filed after the deadline for objections), it is now moot because the Debtors have agreed to provide her with notice prior to any attempt to sell her home.

WHERFORE, Creditor/Claimant Wendy Alison Nora acknowledges Debtors' Response of August 27, 2012, the judicial estoppel created therein and she does not now nor did she ever seek to participate in the proceedings to be held on August 29, 2012. She merely sought notice of the attempt to sell her home in a DeMinimus Sales proceeding and Debtors' have promised to provide such notice.   Therefore, even if there were an objection before the Court (and there is not), such an objection would be moot because Debtors' have agreed to provide Ms. Nora with notice prior to any attempt to sell her home.

3

Dated: August 29, 2012 at Minneapolis, Minnesota.

ACCESS LEGAL SERVICES

*/s/ Wendy Alison Nora*
Wendy Alison Nora, pro hac vice
210 Second Street NE
Minneapolis, Minnesota 55413
Telephone (612) 333-4144
Facsimile (612) 886-2444
accesslegalservices@gmail.com