UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

RESIDENTIAL CAPITAL, LLC, *et al.*

Debtors.

Case No. 12-12020 (MG)

Jointly Administered

# ORDER DENYING PICHARDO MOTION TO LIFT THE AUTOMATIC STAY

*A P P E A R A N C E S:*

JULIO PICHARDO
*Pro Se*
1201 East Sudene Avenue
Fullerton, CA  92831
By:    Julio Pichardo

MORRISON & FOERSTER LLP
*Counsel for the Debtors*
1290 Avenue of the Americas
New York, New York 10104
By:    Norman S. Rosenbaum, Esq.

**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

Julio Pichardo ("Pichardo") filed a *Motion for Relief from Stay* (ECF Doc. # 1026) on August 6, 2012, and an *Amended Motion for Relief from Stay* (ECF Doc. # 1212) on August 17, 2012 (together, the "Motion").  The Debtors opposed the Motion.  (ECF Doc. # 1233.)  Pichardo made an additional filing in support of the Motion.  (ECF Doc. # 1235.)  The Debtors also made an additional filing in opposition to the Motion.  (ECF Doc. # 1273.)  The Court held a hearing on the Motion on August 29, 2012.  Pichardo appeared at the hearing by telephone and argued in support of the Motion; Debtors' counsel argued in opposition.

The Motion seeks to lift the stay to permit Pichardo to proceed with a civil action against GMAC Mortgage, LLC ("GMAC Mortgage") filed on his behalf in Orange County, California Superior Court, styled *Julio Pichardo v. GMAC Mortgage*, Case No. 30-2012 00581642. The complaint pleads four causes of action and seeks recovery of "actual, compensatory and/or consequential damages in amounts according to proof at trial," and restitution and punitive damages. While Pichardo filed the Motion *pro se*, he is represented by counsel in the California state court case. The complaint was filed on July 6, 2012, well after these chapter 11 cases were commenced in this Court on May 14, 2012. Therefore, the automatic stay was in effect when Pichardo's case was filed in state court in California.

As explained below, the limited stay relief provided in these chapter 11 cases does not extend to damages actions such as Pichardo's state court case. Pichardo's case does not arise in connection with GMAC Mortgage's efforts to foreclose on Pichardo's home, or to recover possession of the home after non-judicial foreclosure. Indeed, Pichardo acknowledged during the August 29, 2012 hearing (and Debtors' counsel confirmed) that no (judicial or non-judicial) foreclosure proceeding has been undertaken so far by GMAC Mortgage with respect to Pichardo's property. In short, Pichardo's action is a straight-forward damages action that has only recently been commenced in violation of the automatic stay. Pichardo may file a proof of claim in these cases and pursue recovery through the claims allowance process.

On July 13, 2012, this Court entered the *Final Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower*

2

*Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses* (the "Supplemental Servicing Order"). (ECF Doc. # 774.) The Supplemental Servicing Order is primarily designed to allow the Debtors to continue prosecuting numerous state court foreclosure actions around the country. While the automatic stay does not apply to the foreclosure actions that the Debtors commenced prepetition, the Supplemental Servicing Order permits defendants in state court foreclosure actions to assert and prosecute claims and counterclaims that are *defenses* to foreclosure under applicable state law. The automatic stay was not lifted, however, to permit borrowers to assert and prosecute claims against the Debtors seeking to recover monetary damages.[1] In short, the carve-out contained in the Supplemental Servicing Order does not apply to the Pichardo state court case.

The Court has already denied numerous motions to lift the automatic stay in these chapter 11 cases. In denying motions to lift the automatic stay, the Court has considered each of the so-called *Sonnax* Factors in determining whether "cause" exists to lift the automatic stay.

The *Sonnax* Factors include the following:

(1) whether relief would result in a partial or complete resolution of the issues,
(2) the lack of any connection with or interference with the bankruptcy case,
(3) whether the other proceeding involves the debtor as a fiduciary,
(4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action,
(5) whether the debtor's insurer has assumed full responsibility for defending the action,
(6) whether the action primarily involves third parties,

---

[1] The Supplemental Servicing Order permits borrowers to continue to "prosecute direct claims and counter-claims relating exclusively to the property that is the subject of the loan owned or serviced by a Debtor for the purposes of defending, unwinding, or otherwise enjoining or precluding any foreclosure," but prevents any claims (i) for monetary relief against the Debtors "except where a monetary claim must be plead in order for an Interested Party to assert a claim to defend against or otherwise enjoin or preclude a foreclosure" (each a "Mandatory Monetary Claim") and (ii) "for relief that if granted, would not terminate or preclude the prosecution and completion of a foreclosure or eviction . . . ."

      (7)    whether litigation in another forum would prejudice the interests of other creditors,
      (8)    whether the judgment claim arising from the other action is subject to equitable subordination,
      (9)    whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor,
     (10)   the interests of judicial economy and the expeditious and economical resolution of litigation,
     (11)   whether the parties are ready for trial in the other proceeding, and
     (12)   the impact of the stay on the parties and the balance of harms.

*Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1286 (2d Cir. 1990); *In re N.Y. Med. Grp., PC*, 265 B.R. 408, 413 (Bankr. S.D.N.Y. 2001). Not all of the *Sonnax* Factors are relevant in every case, and "cause" is a broad and flexible concept that must be determined on a case-by-case basis. *Spencer v. Bogdanovich (In re Bogdanovich)*, 292 F.3d 104, 110 (2d Cir. 2002) (citing *Mazzeo v. Lenhart (In re Mazzeo)*, 167 F.3d 139, 143 (2d Cir. 1999)). In a request for stay relief, the moving party bears the initial burden to demonstrate that "cause" exists to lift the stay. *See Sonnax*, 907 F.2d at 1285; *Capital Comm. Fed. Credit Union v. Boodrow* (*In re Boodrow*), 126 F.3d 43, 48 (2d Cir. 1997) ("We have emphasized that a bankruptcy court should deny relief from the stay if the movant fails to make an initial showing of cause.") (internal quotation marks omitted).

       If the movant is an unsecured creditor, the policies of the automatic stay weigh against granting the relief requested. "[T]he general rule is that claims that are not viewed as secured in the context of § 362(d)(1) should not be granted relief from the stay unless extraordinary circumstances are established to justify such relief." *In re Leibowitz,* 147 B.R. 341, 345 (Bankr. S.D.N.Y. 1992); *see also Lawrence v. Motors Liquidation Co. (In re Motors Liquidation Co.)*, No. 10 Civ. 36 (RJH), 2010 WL 4966018, at *4 (S.D.N.Y. Nov. 17, 2010).

       Under section 362(d)(1) of the Bankruptcy Code, Pichardo bears the initial burden of showing "cause" to lift the stay. *In re Mazzeo*, 167 F.3d at 142. "If the movant fails to make an

initial showing of cause, however, the court should deny relief without requiring any showing from the debtor that it is entitled to continued protection." *In re Sonnax*, 907 F.2d at 1285. Not all of the *Sonnax* Factors apply in Pichardo's case, but the relevant *Sonnax* Factors weigh strongly in favor of maintaining the automatic stay.

      I will not review each of the *Sonnax* Factors in this matter since the Court's reasoning and application of the Factors in ruling on lift stay motions in this case apply equally, if not more strongly, here since the Pichardo state court case was initially filed in violation of the automatic stay and it is not filed as a defense to foreclosure or to recover possession. *See, e.g., Memorandum Opinion Denying the Jackson Motion to Lift the Automatic Stay, In re Residential Capital, LLC*, No. 12-12020, 2012 WL 3555584 (Bankr. S.D.N.Y. Aug. 16, 2012) (ECF Doc. # 1184); *Memorandum Opinion Granting in Part and Denying in Part the Taggart Motion to Lift the Automatic Stay, In re Residential Capital, LLC*, No. 12-12020, 2012 WL 3423285 (Bankr. S.D.N.Y. Aug. 14, 2012) (ECF Doc. # 1148).

      For the foregoing reasons, the Pichardo Motion to lift the automatic stay is **DENIED.**

Dated:   August 29, 2012
            New York, New York

                                          *Martin Glenn*
                                          MARTIN GLENN
                             United States Bankruptcy Judge