**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**ORDER PURSUANT TO 11 U.S.C. §§ 105, 363, AND 365 TO (A) ESTABLISH PROCEDURES FOR THE SALE OR DISPOSAL OF *DE MINIMIS* ASSETS; AND (B) AUTHORIZE THE DEBTORS TO (I) PAY RELATED FEES AND EXPENSES AND (II) ASSUME, ASSIGN, OR REJECT RELATED EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Upon the motion (the "Motion"),[1] dated August 10, 2012, of the above-captioned debtors and debtors in possession (the "Debtors"), pursuant to Sections 105(a), 363 and 365 of title 11 of the United States Code, for entry of an order establishing procedures for the sale of *de minimis* assets, including the payment of related brokers' commissions, and the assumption, assignment, or rejection of related executory contracts or unexpired leases, all as more fully set forth in the Motion; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby:

ORDERED THAT:

1. The relief requested in the Motion is GRANTED as provided herein.

2. The *De Minimis* Sale Procedures are approved as follows:

**Sale Price Less than or Equal to $2.5 Million**

3. The Debtors are hereby authorized to sell their assets in any individual transaction or series of related transactions to a single buyer or group of related buyers for total

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

1

consideration of less than or equal to $2.5 million (each, a "<u>Limited Notice *De Minimis* Sale</u>") without further Court approval, by filing such notice with the Court and providing specific notice of the Limited Notice *De Minimis* Sale, by (i) email (if known); and (ii) facsimile, overnight delivery, or hand delivery, only to the following parties:

>  (i) the Office of the United States Trustee, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attn: Brian S. Masumoto, Esq.);
>
> (ii) counsel to the Creditors' Committee, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas New York, NY 10036, (Attn: Kenneth H. Eckstein and Douglas H. Mannal);
>
> (iii) counsel to Ally Financial, Inc., Kirkland & Ellis, 601 Lexington Avenue, New York, New York 10022 (Attn: Ray C. Schrock, Stephen E. Hessler, and Craig A. Bruens);
>
> (iv) counsel to Barclays Bank, PLC, as Administrative Agent for the DIP Lenders, Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, New York 10036 (Attn: Ken Ziman and Jonathan H. Hofer);
>
> (v) co-counsel to the Ad Hoc Group of Junior Secured Noteholders, White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Attn: David Thatch);
>
> (vi) co-counsel to the Ad Hoc Group of Junior Secured Noteholders, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Gerard Uzzi);
>
> (vii)   counsel to U.S. Bank, N.A., as Trustee for the Junior Secured Notes, Kelley Drye & Warren LLP, 101 Park Avenue, New York, New York 10178 (Attn: Eric R. Wilson); and
>
> (viii) any other known parties holding or asserting liens, claims, interests and encumbrances (the "<u>Liens</u>") on the assets that are the subject of the proposed Limited Noticed *De Minimis* Sale and, if known, their respective counsel.

4. The Debtors are further authorized to take any actions that are reasonable and necessary to close the Limited Notice *De Minimis* Sale and obtain the sale proceeds, including

paying reasonable commissions and fees to any properly retained third-party sale agents in connection with the Limited Notice *De Minimis* Sale.

5.      If the Debtors seek to assume, assign, or reject executory contracts or unexpired leases relating to and in connection with an asset sale that would otherwise qualify as a Limited Notice *De Minimis* Sale, the Debtors shall seek to sell those assets pursuant to the Noticed *De Minimis* Sale Procedures (as defined below).

**Sale Price Greater Than $2.5 Million But Less Than or Equal to $15 Million**

6.      The Debtors are hereby authorized to sell their assets in any individual transaction or series of related transactions to a single buyer or group of related buyers for total consideration of more than $2.5 million but less than $15 million (each, a "Noticed *De Minimis* Sale") without further Court approval, after providing notice only to the Interested Parties (as defined below).

7.      If the Debtors propose a Noticed *De Minimis* Sale, the Debtors shall file a notice of such proposed sale (referred to herein, together with the notice of the Limited Notice *De Minimis* Sale, as the "Sale Notice") and serve it by (i) email (if known); and (ii) facsimile, overnight delivery, or hand delivery only on the following parties:

> (i) the Office of the United States Trustee, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attn: Brian S. Masumoto, Esq.);
>
> (ii) counsel to the Creditors' Committee, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas New York, NY 10036, (Attn: Kenneth H. Eckstein and Douglas H. Mannal);
>
> (iii) the Office of the United States Attorney for the Southern District of New York, 86 Chambers Street, Third Floor, New York, New York 10007;
>
> (iv) counsel to Ally Financial, Inc., Kirkland & Ellis, 601 Lexington Avenue, New York, New York 10022 (Attn: Ray C. Schrock, Stephen E. Hessler, and Craig A. Bruens);

3

(v) counsel to Barclays Bank, PLC, as Administrative Agent for the DIP Lenders, Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, New York 10036 (Attn: Ken Ziman and Jonathan H. Hofer);

(vi) co-counsel to the Ad Hoc Group of Junior Secured Noteholders, White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Attn: David Thatch);

(vii) co-counsel to the Ad Hoc Group of Junior Secured Noteholders, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Gerard Uzzi);

(viii) counsel to U.S. Bank, N.A., as Trustee for the Junior Secured Notes, Kelley Drye & Warren LLP, 101 Park Avenue, New York, New York 10178 (Attn: Eric R. Wilson);

(ix) any other known parties holding or asserting Liens on the assets that are the subject of the proposed Noticed *De Minimis* Sale and, if known, their respective counsel; and

(x) any counterparty (or any such counterparty's counsel) to any executory contracts or unexpired leases related to the property as described in the Sale Notice that the Debtors are seeking to assume, assume and assign to the purchaser of the assets, or reject, in connection with this sale.

((i)-(x) shall be referred to herein collectively with the notice parties for the Limited Notice *De Minimis* Sales as the "Interested Parties").

**Notice Period and Sale Notice**

8.  Interested Parties shall have (i) five (5) business days from service of the Sale Notice to file and serve any objections to a Limited Notice *De Minimis* Sale and (ii) ten (10) business days from service of the Sale Notice to file and serve any objections to a Noticed *De Minimis* Sale (the "Notice Period"); *provided*, however, the Debtors shall consult with the Creditors' Committee as soon as practicable upon the commencement of any marketing process that the Debtors expect will culminate in a *De Minimis* Sale, including providing the Creditors' Committee with (i) the information, to the extent known, described in a Sale Notice, (ii) any

4

offering documents provided to prospective purchasers related to the *De Minimis* Sale, and (iii) any additional information reasonably requested by the Creditors' Committee.

    9.      With respect to all *De Minimis* Sales, the Sale Notice will specify:[2]

    (i) a description of the asset(s) proposed to be sold;

    (ii) (a) an identification of the executory contracts and unexpired leases, if any, to be assumed, assigned, or rejected in connection with the sale, (b) the amounts the Debtors believe are required to cure any defaults pursuant to Bankruptcy Code Section 365(b), (c) a statement regarding the adequate assurance of future performance by the proposed assignee, consistent with Bankruptcy Code Section 365, and (d) with respect to executory contracts and unexpired leases to be rejected: (I) the proposed effective date for the rejection, (II) notice of the bar date for claims arising from the rejection, and (III) that if any of the Debtors has deposited funds with the counterparty as a security deposit or other arrangement, such counterparty may not set off or otherwise use such deposit without the prior authority of the Court or agreement between the counterparty and the Debtors;

    (iii) the identities of any parties holding or asserting Liens in the property and a statement indicating how the Debtors propose to satisfy Bankruptcy Code Section 363(f) with respect thereto;

    (iv) a statement identifying the broker, if any, and the amount of the proposed commissions;

    (v) identification of the financing facility to which the asset is pledged, if any;

    (vi) instructions regarding the procedures to assert objections to the *De Minimis* Sale;

    (vii) the identity of the proposed purchaser (including a statement indicating whether the proposed purchaser is an "insider" as defined in Bankruptcy Code Section 101(31)); and

    (viii) the major economic terms and conditions of the *De Minimis* Sale, including net proceeds.[3]

---

[2]    The Sale Notice shall provide information only relating to the proposed sale of the Debtors' assets and shall not be required to contain information regarding the sale of third party assets that are being consummated in the same sale by the Debtors in their capacity as servicer.

10. Objections to all *De Minimis* Sales, including objections that relate to the assumption, assignment, or rejection of related contracts (the "<u>Objections</u>"), shall be in writing, filed with the Court, and served on the applicable Interested Parties and counsel to the Debtors so as to be received by all such parties prior to 4:00 p.m. (prevailing Eastern Time) on the last day of the Notice Period. Each Objection must state with specificity the grounds for the Objection.

11. If any economic terms of a *De Minimis* Sale are amended in a manner adverse to any Interested Party after transmittal of the Sale Notice, the Debtors shall serve a revised Sale Notice on all applicable Interested Parties describing the proposed *De Minimis* Sale, as amended. If a revised Sale Notice is required, the Notice Period will expire on the later of the original Notice Period expiration date or five (5) business days from service of the revised Sale Notice.

12. If an Objection to a *De Minimis* Sale is properly filed and served by an Interested Party:

> (i) The Debtors may negotiate with the objecting party and may change the terms of the sale without the requirement of extending the Notice Period, as long as (a) the revised terms are no more onerous to the Debtors than those set forth in the Sale Notice, and (b) the revised terms do not adversely affect the rights of any other Interested Parties; *provided*, however, that the Debtors shall provide notice of all changes as soon as reasonably practicable to the Interested Parties, whether or not such changes impact the Interested Parties.
>
> (ii) The *De Minimis* Sale may not proceed absent (a) written agreement between the Debtors and the objecting party resolving the Objection; or (b) entry of an order by the Court specifically approving the *De Minimis* Sale.

---

[3] This information may, but is not required to, be provided by attaching the applicable contract or contracts to the Sale Notice.

6

        (iii) The Debtors may schedule a hearing on the proposed *De Minimis* Sale (a) on the next omnibus hearing date in the Debtors' cases on regular or shortened notice, *provided* that the Interested Parties are provided by the Debtors at least five (5) business days' prior written notice of such hearing date and time following the expiration of the applicable Notice Period, or (b) in accordance with the Court's order establishing case management procedures (including the right of the Debtors and/or the objecting party to move for an emergency hearing). Upon the scheduling of such a hearing, the Debtors will provide notice of the hearing on the party filing the Objection and the Interested Parties.

       13.    If no Objection to a *De Minimis* Sale is filed or served by an Interested Party consistent with the *De Minimis* Sale Procedures, upon the expiration of the relevant Notice Period, such *De Minimis* Sale will be deemed final and fully authorized by the Court under the terms of this Order, including the payment of related brokers' commissions, if applicable, and the assumption, assignment, or rejection of executory contracts or unexpired leases, if applicable (including the payment of cure costs related thereto), and no further notice or Court approval to consummate the *De Minimis* Sale will be required or necessary. The Debtors may consummate a *De Minimis* Sale prior to the expiration of the applicable Notice Period if they obtain each Interested Party's written consent to such *De Minimis* Sale.

**Effects of Sale**

       14.    Pursuant to Bankruptcy Code Section 363(f), all sales of assets and interests in assets pursuant to this Order shall be free and clear of all Liens, if any, and any such valid, and where applicable perfected, Liens will attach to the proceeds of the sale with the same force, validity, priority, perfection and effect as such Liens had on the assets and interests in assets immediately prior to the sale, subject to the rights, claims, defenses and objections, if any, of the Debtors, the Creditors' Committee, or the applicable Interested Party. Notwithstanding the foregoing, nothing in this Order shall be construed to invalidate or subordinate any duly perfected, non-voidable, valid liens of governmental units for personal property taxes, real

property taxes, special taxes, special assessments, and infrastructure improvement taxes arising before or after the commencement of these Chapter 11 cases to the extent that such liens of governmental units take priority over previously granted and perfected consensual liens or security interests in assets of the Debtors under applicable non-bankruptcy law.

15. All buyers will take assets sold by the Debtors pursuant to the *De Minimis* Sale Procedures subject to the terms of the documentation executed in connection with the sale, which may (but is not required to) include provisions that the buyers are taking the assets "as is" and "where is," without any representations or warranties from the Debtors as to the quality or fitness of such assets for either their intended purpose or any particular purpose.

16. Upon the closing of a *De Minimis* Sale, the Debtors may (a) assume any executory contract or unexpired lease to be assigned to a proposed purchaser or other third party as a part of the proposed sale and provide for the payment of the related cure amount, and (b) reject any executory contract or unexpired lease identified for rejection in the Sale Notice. The counterparties to any executory contracts or unexpired leases identified in the Sale Notice pursuant to the Noticed *De Minimis* Sale Procedures are hereby barred from asserting any further cure claims in respect of such executory contracts or unexpired leases after the objection period for a Noticed *De Minimis* Sale has passed and subject to the resolution of any Objection made within the Notice Period.

17. With respect to all Limited Notice *De Minimis* Sales and Noticed *De Minimis* Sales consummated pursuant to this Order, this Order shall be sole and sufficient evidence of the transfer of title to any particular purchaser, and all such sales consummated pursuant to this Order shall be binding upon and shall govern the acts of all persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or

8

otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the property sold pursuant to this Order, including without limitation, all filing agents, filing officers, title agents, title companies ,recorders of mortgages, recorders of deeds, administrative agencies, governmental departments, secretaries of state, and federal, state, and local officials, and each of such persons and entities is hereby directed to accept this Order as sole and sufficient evidence of such transfer of title and shall rely upon this Order in consummating the transactions contemplated hereby.

**The Quarterly Report**

18. On or before the 30th day following each calendar quarter in which the Debtors consummate a *De Minimis* Sale, commencing with the calendar quarter beginning on August 1, 2012, the Debtors shall file and serve on the Creditors' Committee and the Interested Parties a report summarizing all Limited Notice *De Minimis* Sales and Noticed *De Minimis* Sales that were consummated during the immediately preceding calendar quarter (each, a "Quarterly Report").  With respect to each applicable sale, each Quarterly Report shall include:

(i) a description of the assets sold;

(ii) the identity of the purchaser and any relationship such party has with the Debtors and their estates;

(iii) the total consideration received in connection with the sale; and

(iv) the identity of any broker(s), and the amount of the commissions paid to such broker(s);

**Miscellaneous**

19. To the extent not previously authorized by this Court or as otherwise required by applicable law, the Debtors shall seek Court authority to retain any brokers or liquidators assisting the Debtors in *De Minimis* Sales.

20. Any sale to an "insider," as defined in Bankruptcy Code Section 101(31) is excluded from this Order. For the avoidance of doubt, any affiliate (as that term is defined in the Bankruptcy Code) of Ally Financial, Inc. shall be deemed an "insider."

21. The Debtors shall not sell Prepetition MSR Collateral (as such term is defined in the Final Order (I) Authorizing Use of Cash Collateral, (II) Granting Adequate Protection, and (III) Modifying the Automatic Stay [Docket No. 471]) pursuant to the *De Minimis* Sale Procedures.

22. The Debtors will segregate cash generated from any *De Minimis* Sale in accordance with the Final Order Under Bankruptcy Code Sections 105(a), 345, 363, 364, and 503(b)(1) and Bankruptcy Rules 6003 and 6004 Authorizing (I) Continued Use of Cash Management Services and Practices, (II) Continued Use of Existing Bank Accounts, Checks, and Business Forms, (III) Implementation of Modified Cash Management Procedures and Use of Certain Bank Accounts Established in Connection with Use of Pre-And Post-Petition Lenders Financing Facilities and Cash Collateral, (IV) Waiver of the Investment and Deposit Requirements of Bankruptcy Code Section 345, (V) Debtors to Honor Specified Outstanding Prepetition Payment Obligations, and (VI) Continuation of Intercompany Transactions and Granting Administrative Expense Status to Intercompany Claims [Docket No. 393], including segregating cash generated from any *De Minimis* Sale of collateral securing any of the Debtors' financing facilities into the specific bank accounts established for the benefit of the lenders under such financing facilities.

23. Subject to paragraphs 14 and 22, absent further order of the Court, the proceeds of any *De Minimis* Sale shall be used only for the payment of operating expenses in the ordinary course of business that are (i) afforded administrative expense status under Section 503(b) of the

Bankruptcy Code, or (ii) otherwise authorized by any prior orders of the Court; *provided*, however, that for the avoidance of doubt, absent further order of the Court, no proceeds of any *De Minimis* Sale shall be used to pay down any of the Debtors' prepetition credit facilities.

24. To the extent applicable, the 14-day stay of Federal Rule of Bankruptcy Procedure 6004(h) is hereby waived, and this Order shall be effective immediately. Furthermore, *De Minimis* Sales shall be deemed authorized pursuant to the terms of this Order and no further or additional waivers of the 14-day stay of Federal Rule of Bankruptcy Procedure 6004(h) shall be required for the Debtors to consummate a *De Minimis* Sale, subject to compliance with the notice and other procedures set forth herein.

25. The Debtors are authorized to execute and deliver all instruments and documents, and take such other action as may be necessary or appropriate to implement and effectuate the transactions contemplated by this Order.

26. Nothing in this Order or any purchase agreement entered into under this Order releases, nullifies, or enjoins the enforcement of any liability to a governmental unit under police and regulatory statutes or regulations that any entity would be subject to as the owner or operator of property after the date of entry of this Order.  Nothing in this Order shall be deemed to allow the Debtors to abandon real or personal property in violation of any applicable state or federal laws or regulations, including but not limited to environmental laws and regulations.

27. Nothing in this Order shall be construed to prevent the Debtors, in their sole discretion, from seeking this Court's approval at any time of any proposed sale after notice and an opportunity for a hearing.

28. No further orders of this Court are necessary to effectuate the terms set forth herein for the transactions contemplated herein.

29. Notwithstanding anything to the contrary herein, the authorizations contained in this order are subject in all respects to the terms of (i) the Barclays DIP Order[4] and the DIP Credit Agreement (as defined in the Barclays DIP Order), as such DIP Credit Agreement may be amended, modified, or supplemented from time to time, and (ii) the AFI DIP Order[5] and the AFI LOC Amendment to the AFI LOC (each as defined in the AFI DIP Order), and the Shared Services Order[6] and the Agreement (as defined in the Shared Services Order), as such may be amended, modified, or supplemented from time to time.

30. The terms and conditions of this Order shall be immediately effective upon its entry.

31. This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:   August 29, 2012
         New York, New York

                                               /s/Martin Glenn
                                            MARTIN GLENN
                                       United States Bankruptcy Judge

---

[4] As used in this order the term "Barclays DIP Order" shall mean the Final Order Pursuant to 11 U.S.C. §§ 105, 362, 363(b)(1), 363(f), 363(m), 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) and 364(e) and Bankruptcy Rules 4001 and 6004 (I) Authorizing Debtors (A) to Enter into and Perform Under Receivables Purchase Agreements and Mortgage Loan Purchase and Contribution Agreements Relating to Initial Receivables and Mortgage Loans and Receivables Pooling Agreements Relating to Additional Receivables, and (B) to Obtain Post-Petition Financing on a Secured Superpriority Basis, and (II) Granting Related Relief [Docket No. 490].

[5] As used in this order, the term "AFI DIP Order" shall mean the Final Order Under Sections 105, 361, 362, 363, and 364 of the Bankruptcy Code and Bankruptcy Rules 2002, 4001, 6004, and 9014 (I) Authorizing the Debtors to Obtain Postpetition Financing on a Secured, Superpriority Basis, (II) Authorizing the Use of Cash Collateral, and (III) Granting Adequate Protection to Adequate Protection Parties [Docket No. 491].

[6] As used in this order, the term "Shared Services Order" shall mean the Final Order Under Bankruptcy Code Sections 105(a) and 363(b) Authorizing Residential Capital, LLC to Enter into a Shared Services Agreement with Ally Financial Inc Nunc Pro Tunc to the Petition Date for the Continued Receipt and Provision of Shared Services Necessary for the Operation of the Debtors Businesses [Docket No. 387].