**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| ---------------------------------------------------------------x | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| RESIDENTIAL CAPITAL, LLC, et al., | : | Case No. 12-12020 (MG) |
| | : | |
| Debtors. | : | Jointly Administered |
| ---------------------------------------------------------------x | | |

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF MOELIS & COMPANY LLC AS INVESTMENT BANKER TO THE COMMITTEE *NUNC PRO TUNC* TO MAY 16, 2012**

Upon the application (the "**Application**")[1] of the Committee for entry of an order (the "**Order**") pursuant to sections 328(a) and 1103 of the Bankruptcy Code, Rules 2014(a) and 2016 of the Bankruptcy Rules and Rules 2014-1 and 2016-1 of the Local Rules, authorizing the Committee to retain and employ Moelis & Company LLC ("**Moelis**") as its investment banker in accordance with the terms and conditions set forth in the Engagement Letter, *nunc pro tunc* to May 16, 2012, as described in the Application and the Dermont Declaration; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application being adequate and appropriate under the particular circumstances having been given; and a hearing having been held to consider the relief requested by the Application (the "**Hearing**"); and upon consideration of the Application, the Dermont Declaration, the supplemental declaration of Jared Dermont in further support of the Application (the "**Supplemental Dermont**

[1] Capitalized Terms used and not otherwise defined herein shall have the meanings set forth for such terms in the Application.

**Declaration**"), the record of the Hearing and all proceedings had before the Court; and the Court having found and determined that the relief sought in the Application is in the best interests of the Committee, the Debtors' estates, their creditors and other parties in interest, and that the legal and factual bases set forth in the Application and the Dermont Declaration establish just cause for the relief granted herein; and any objections to the requested relief having been withdrawn or overruled on the merits; and the Court being satisfied based on the representations made in the Application and the Dermont Declaration, and the Court hereby finds, that (a) Moelis does not represent in connection with these chapter 11 cases any other party having an adverse interest to the Committee or the Debtors and (b) Moelis is eligible for retention by the Committee pursuant to sections 328(a) and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Application is granted to the extent provided herein.

2. The provisions set forth in the Engagement Letter (and all attachments thereto) are hereby approved, except as otherwise expressly provided herein to the contrary. In accordance with sections 328(a) and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1, the Committee is authorized to employ and retain Moelis in accordance with the terms and conditions set forth in the Engagement Letter, *nunc pro tunc* to May 16, 2012.

3. Subject to Paragraphs 4 and 6 of this Order, all of Moelis' fees and reimbursement of expenses under the Engagement Letter, and the indemnification, contribution and reimbursement provisions of the Engagement Letter, are all hereby approved pursuant to section 328(a) of the Bankruptcy Code. The Debtors are authorized and directed to perform their payment, indemnification, contribution and reimbursement obligations and its non-monetary

obligations under the Engagement Letter, except as otherwise expressly provided herein. Subject to Paragraphs 4 and 6 of this Order, all compensation, reimbursement of expenses, indemnification, contribution and reimbursement to Moelis and any Indemnified Person (as defined in the Engagement Letter) under the Engagement Letter shall be subject to review only pursuant to the standards set forth in section 328(a) of the Bankruptcy Code, and shall not be subject to any other standard of review including but not limited to that set forth in section 330 of the Bankruptcy Code.

4. Notwithstanding anything in this Order to the contrary, the United States Trustee for the Southern District of New York shall retain all rights to respond or object to Moelis' interim and final applications for compensation and reimbursement of expenses on all grounds, including, but not limited to, reasonableness, pursuant to section 330 of the Bankruptcy Code, and in the event the U.S. Trustee objects, the Court retains the right to review such interim and final applications pursuant to section 330 of the Bankruptcy Code.

5. Moelis will file applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code and such Bankruptcy Rules as may then be applicable, from time to time, and such procedures as may be fixed by order of this Court; *provided*, *however*, that the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Trustee Guidelines and Local Rule 2016-1 and any other compensation procedures adopted by this Court are hereby modified such that (a) Moelis' restructuring professionals shall be required only to keep reasonably-detailed time records in half-hour increments and to submit, with any interim or final fee application, together with the time records, a narrative summary, by project categories as selected by Moelis, of services rendered and will identify each professional rendering services and the categories of

services rendered, (b) Moelis' non-restructuring professionals and personnel in administrative departments (including legal) shall not be required to keep any time records, and (c) Moelis shall not be required to provide or conform to any schedule of hourly rates.

6. The indemnification, contribution and reimbursement provisions of Annex A to the Engagement Letter are approved, subject to the following:

a. All requests by Indemnified Persons for the payment of indemnification as set forth in the Engagement Letter shall be shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Letter and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought, provided, however, that in no event shall an Indemnified Person be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct.

b. In the event that an Indemnified Person seeks reimbursement from the Debtors for reasonable attorneys' fees in connection with a request by Moelis for payment of indemnity pursuant to the Engagement Letter, as modified by this Order, the invoices and supporting time records from such attorneys shall be included in Moelis' own application (interim or final as the case may be) and such invoices and time records shall be subject to the Fee Guidelines and the approval of the Court under the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

c. Indemnified Persons shall not be entitled to reimbursement by the Debtors for any fees, disbursements and other charges of their counsel other than (i) those incurred in connection with a request for payment of indemnity and (ii) the fees and expenses of Moelis' outside counsel in respect of the preparation and prosecution of Moelis' fee applications in these chapter 11 cases to the extent approved by the Court. The invoices and supporting time records from such attorneys shall be included in Moelis' own application (both interim and final) and such invoices and time records shall be subject to the Fee Guidelines and the approval of the Court under the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such attorney has been retained under

> section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

7. The second sentence of paragraph 6 (on page 5) of the Engagement Letter is hereby deleted.

8. Notwithstanding anything to the contrary in the Engagement Letter, the Application, the Dermont Declaration, or the Supplemental Dermont Declaration, any Restructuring Fee that would otherwise be earned and payable upon the consummation of a Restructuring under the terms of the Engagement Letter shall continue to be earned upon consummation but shall not be paid until the effective date of a confirmed plan in the Chapter 11 Cases.

9. Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among Ally Financial Inc. ("**AFI**"), Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

10. In the event of a conflict between the Engagement Letter, the Application, and the express terms of this Order, the express terms of this Order shall govern.

11. The Committee and Moelis are authorized and empowered to take all actions necessary to implement the relief granted in and pursuant to this Order.

12. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13. Notwithstanding any provision to the contrary in the Application or the Engagement Letter, the Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order.

Dated: August 30, 2012
New York, New York

**_____/s/Martin Glenn_______**
MARTIN GLENN
United States Bankruptcy Judge