MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:     (212) 468-8000
Facsimile:     (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Norman S. Rosenbaum

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------------- ) | | |
| In re: ) | Case No. 12-12020 (MG) | |
| ) | | |
| RESIDENTIAL CAPITAL, LLC, et al., ) | Chapter 11 | |
| ) | | |
| Debtors. ) | Jointly Administered | |
| ------------------------------------------------------- ) | | |

**DEBTORS' OBJECTION TO MOTION OF PATRICK HOPPER FOR
RECONSIDERATION OF ORDER AUTHORIZING EMPLOYMENT AND
RETENTION OF BRADLEY ARANT BOULT CUMMINGS LLP AS SPECIAL
LITIGATION AND COMPLIANCE COUNSEL TO THE DEBTORS**

The debtors and debtors in possession in the above-captioned cases (collectively,

the "Debtors")[1] submit this objection (the "Objection")[2] to the *Motion to Reconsider the Court's*

*August 10, 2012 Granting Order Docket 1077* (the "Reconsideration Motion") [Docket No. 1228]

of Patrick J. Hopper.  In support of the Objection, the Debtors, by and through their undersigned

counsel, respectfully represent as follows:

---

[1]     The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of the Chapter 11 Petitions and First Day Pleadings, filed with the Court on the Petition Date (the "Whitlinger Affidavit") [Docket No. 6].

[2]     Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases or the relief requested in this Reply may refer to http://www.kccllc.net/rescap for additional information.

## PROCEDURAL BACKGROUND

1.      On July 9, 2012, the Debtors filed the BABC Retention Application.[3]

2.      On July 17, 2012, Mr. Hopper filed an objection to the BABC Retention Application (the "Hopper Objection").[4]

3.      On July 30, 2012, Mr. Hopper filed a declaration in support of the Hopper Objection (the "Hopper Declaration").[5]

4.      On August 6, the Debtors filed a response to the Hopper Objection (the "Debtors' Response").[6]

5.      Per a notation on the ECF docket, the link to the Hopper Declaration was modified on August 6, 2012, in order to attach the correct PDF file.

6.      Following a hearing held on August 9, 2012, the Court issued a memorandum opinion on August 10, 2012 overruling the Hopper Objection and granting the BABC Retention Application (the "Opinion").[7]

7.      On August 20, 2012, the Court entered a separate order approving the BABC Retention Application (the "Retention Order").[8]

---

[3]     The term "BABC Retention Application" refers to the *Debtors' Application Under Section 327(e) and 328 of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1 for Authorization (I) to Employ and Retain Bradley Arant Boult Cummings LLC as Special Litigation and Compliance Counsel to the Debtors, Nunc Pro Tunc to May 14, 2012, and (II) to Approve Alternative Billing Arrangement* [Docket No. 721].

[4]     See *Limited Objection of Patrick Hopper to Debtors Motion to Employ and Retain Bradley Arant Boult Cummings LLP as Special Litigation and Compliance Counsel to the Debtors* [Docket No. 809].

[5]     See *Declaration in Support of Limited Objection of Patrick Hopper to Debtors' Motion to Employ and Retain Bradley Arant Boult Cummings LLP as Special Litigation and Compliance Counsel to the Debtors* [Docket No. 940].

[6]     See *Debtors' Reply to Objections to Debtors' Application to Retain and Employ Bradley Arant Boult Cummings LLC as Special Counsel* [Docket No. 1007].

[7]     See *Memorandum Opinion Granting Motion to Employ and Retain Bradley Arant Boult Cummings, LLP as Special Litigation and Compliance Counsel to the Debtors, Nunc Pro Tunc to May 14, 2012* [Docket No. 1077].

2

8.     On August 20, 2012, Mr. Hopper filed the Reconsideration Motion, pursuant to which Mr. Hopper requests that the Court reconsider the Opinion and Retention Order.

## ARGUMENT

9.     This Court should overrule the Reconsideration Motion because Mr. Hopper has not satisfied the standard for reconsideration of the BABC Retention Application.

10.     Rule 9023 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") incorporates Rule 59 of the Federal Rules of Civil Procedure ("FRCP"), which regulates motions for amendment of a judgment.  Additionally, Bankruptcy Rule 9024 incorporates FRCP 60, which sets forth the grounds on which a court may grant relief to a party from a final order. The allegations set forth in the Reconsideration Motion do not satisfy the standards under either rule.

11.     Under Bankruptcy Rule 9023, "[a] court may reconsider an earlier decision when a party can point to 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  In re Miller, 2008 Bankr. LEXIS 3631, at *3, Case No. 07-13481 (MG) (Bankr. S.D.N.Y. Feb. 28, 2008) (citing Marrero Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004).  "Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the

_____
*(cont'd from previous page)*

8      See *Order Under Sections 327(e) and 328 of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1 Authorizing (I) the Employment and Retention of Bradley Arant Boult Cummings LLC as Special Litigation and Compliance Counsel to the Debtors, Nunc Pro Tunc to May 14, 2012, and (II) to Approving Alternative Billing Arrangement* [Docket No. 1221].

3

conclusion reached by the court." In re BDC 56 LLC, 330 F.3d 111, 123 (2d Cir. 2003) (internal quotations and citation omitted). A motion for reconsideration may not be used "to enable a party to complete presenting his case after the court has ruled against him." Frietsch v. Refco, Inc., 56 F.3d 825, 828 (7th Cir. 1995).

12. Reconsideration of the BABC Retention Application is not proper because the Reconsideration Motion does not provide new evidence or establish that the Court overlooked available evidence, nor has there been a change in the law. Mr. Hopper asserts in the Reconsideration Motion that a "critical page" of the Hopper Declaration was improperly suppressed. See Reconsideration Motion at 4-6. Notwithstanding Mr. Hopper's characterization of the missing page as "critical," a review of that page reveals no facts or arguments that are consequential to this Court's consideration of whether the BABC Retention Application satisfied the requirements of section 327(e) of the Bankruptcy Code. In any event, Mr. Hopper's assertions do not warrant reconsideration of the BABC Retention Application because the corrected PDF file containing the complete Hopper Declaration was uploaded and available to the Court via ECF on August 6, 2012, prior to the hearing on the BABC Retention Application. Furthermore, the fact that the Hopper Declaration was initially filed with a missing page was already brought to the Court's attention by Mr. Hopper during the August 9th hearing (see Aug. 9, 2012 Hr'g Tr. at 42:1-4), after which the Court and Mr. Hopper engaged in a relatively lengthy dialogue regarding the basis for Mr. Hopper's objection. Id. at 42:5-47:22. Thus, there is no evidence that the Court failed to consider any facts set forth on this "critical page" when it overruled the Hopper Objection and granted the BABC Retention Application.

13. Moreover, although the Reconsideration Motion does not explicitly rely on Bankruptcy Rule 9024 as a basis for relief, certain of the statements contained therein suggest

that Mr. Hopper may, in the alternative, be seeking relief under that rule.  Bankruptcy Rule 9024

provides that relief from an order can be granted for a clerical mistake or for mistake,

inadvertence, surprise, excusable neglect, newly-discovered evidence, fraud, misrepresentation,

misconduct, where the order is void or has been satisfied, released, or discharged or is no longer

equitable, or for any other reason justifying relief from the order.  FRCP 60(a), (b).  The moving

party bears a heavy burden because FRCP 60 provides extraordinary relief and is, therefore,

generally viewed with disfavor.  Bowman v. Jack Bond (In re Bowman), 253 B.R. 233, 240

(B.A.P. 8th Cir. 2000).

14.    Mr. Hopper fails to satisfy the requisite burden of proof required for relief

pursuant to Bankruptcy Rule 9024.  The uploading of the Hopper Declaration onto the ECF

website was not performed by either the Debtors or BABC.  Instead, Mr. Hopper's pleadings, as

are those of substantially all *pro se* parties, are filed by the Court's clerk.  Accordingly, Mr.

Hopper's apparent suggestion that that his declaration was improperly altered by the Debtors

and/or BABC is misplaced, as is his request that sanctions be imposed as a result of such alleged

improprieties.  In any event, the Court was notified of the omission, which was rectified prior to

the Court's consideration of the BABC Retention Application.  Thus, Mr. Hopper has not

established the existence of cause justifying relief pursuant to Bankruptcy Rule 9024.

## CONCLUSION

Accordingly, for the reasons set forth herein the Debtors respectfully request that

the Court deny the Reconsideration Motion and grant such other and further relief as it deems

just and proper.

5

Dated:  August 31, 2012
        New York, New York

<div style="margin-left:50%">

/s/ Lorenzo Marinuzzi
Gary S. Lee
Lorenzo Marinuzzi
Norman S. Rosenbaum
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*

</div>

6