Wendy Alison Nora
ACCESS LEGAL SERVICES
210 Second Street NE
Minneapolis, Minnesota 55413
Telephone: (612) 333-4144
Facsimile: (612) 886-2444

ORDER ENTERED: August 29, 2012

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
In re

Residential Capital, LLC *et al.*,                                    Chapter 11

                                                                                Case No. 12-12020 (MG)
                           Debtors.          Administratively Consolidated

-----------------------------------------------------------------X

AMENDED
STATEMENT ACKNOWLEDGING DEBTORS' RESPONSE OF AUGUST 27, 2012 AND
ACCEPTING THEIR PROMISE TO PROVIDE HER WITH NOTICE OF ANY ATTEMPT
TO SELL HER HOME UNDER THE "DEMINIMUS SALES" ORDER SOUGHT UNDER 11
USC SEC. 363 AND FURTHER ACKNOWLEDGING DEBTORS' ADMISSION THAT THE
PROPERTY SCHEDULED AS AN ASSET OF THE ESTATE OF RESIDENTIAL FUNDING
COMPANY, LLC (Case No. 12-12019) IS NOT PROPERTY OF THE ESTATE BUT IS HER
HOME AND HER PROPERTY (JUDICIAL AND PROMISSORY ESTOPPEL APPLY)
[DOCKET NO. 1311]

---

Wendy Alison Nora, a contingent claimant and creditor in these proceedings, acknowledges the promise to notify her of any attempt to sell her home under the Order to be granted on Debtors' Motion to Authorize *DeMinimus* Sales Procedures under 11 USC sec. 363.

1. According to the Response filed on August 27, 2012, Debtors acknowledged that it has seized her home, is claiming it as an asset in these proceedings and may attempt to sell "her property" in the ordinary course of business or in a bundle of "assets" under the "De Minimus" Sales Order it sought to have entered on August 29, 2012.

1

2. Because Debtors have stated that the property located at 6931 Old Sauk Road in Madison, Wisconsin is Ms. Nora's home and her property, the Debtors must be stayed from selling her home and her property and she must be restored to the possession of her property so that she can occupy her home until the final disposition of her state court appeal or pending further proceedings in this case and such a stay will be sought in the Court with jurisdiction to make such a determination.

3. Ms. Nora has repeatedly sought to clarify the Debtors' position with respect to her rights to her property in these proceedings and, on August 27, 2012, she received the Debtors' response to her Statement in which they made the admissions set forth in paragraph 4., below.

4. In their response to Ms. Nora's Statement of August 23, 2012, Debtors' admit that the real estate located at 6931 Old Sauk Road in Madison, Wisconsin is her home and her property.

5. At docket entry 1268, Debtors' specifically state:

"A. Reply to the Nora Statement

1. Ms. Nora has no objection to the Debtors' request to sell mortgage loans under the *De Minimis* Sale Procedures, but she demands notice of any attempt to <u>sell her home</u> pursuant to the *De Minimis* Sale Procedures. (Emphasis added.)

2. The Debtors typically sell real estate owned property in the ordinary course of business and currently do not intend to sell any real estate owned property pursuant to the *De Minimis* Sale Procedures. However, to the extent the Debtors seek to utilize the *De Minimis* Sale Procedures to <u>sell Ms. Nora's property</u>, the Debtors will provide Ms. Nora with notice in accordance with the *De Minimis* Sale Procedures."

6. Ms. Nora was not seeking hearing on the motion for approval of the *DeMinimus* Sale

2

and merely filed a Statement.

7. There was nothing in Ms. Nora's statement which required a ruling from this Court, given the Debtors' concession that she will receive notice of any attempt to sell her home as a *De Minimus* sale under the order Debtors seek.

8. Nevertheless, on August 27, 2012 (Docket Entry 1268), Debtors sought to have Ms. Nora's Statement overrruled by this Court and, in so doing, took a position on the matter of law: to wit, Ms. Nora's property rights to her home which is listed on the schedules of Residential Funding Company, LLC (Case No. 12-12019) at page 22 of the attachment to its Schedule A (Exhibit A attached hereto.)

9. By admitting that the property located at 6931 Old Sauk Road in Madison, Wisconsin is Ms. Nora's home and her property in an effort to have the Court overrule Ms. Nora's Statement (Docket Entry 1268) and then listing Ms. Nora's Statement as an Objection on the Agenda of the proceedings for August 29, 2012 (Docket Entry 1284) Debtors relied upon their response (Docket Entry 1268) in obtaining the Order Approving *DeMinimus* Sales Procedures (Docket Entry 1311) and were thereby judicially estopped from taking a contrary position on the record of the proceedings because Ms. Nora acceded to their position that they would give her notice of any sale of her home and her property under the *DeMinimus* Sales Order.

10. Debtors had no authority to ask the Court to overrule Ms. Nora's Statement as an Objection (Docket Entry 1268).

11. Debtors' agreement in their response to Ms. Nora's simple request for notice if a sale of her home and her property were going to be undertaken in under the proposed *DeMinimus* Sales Procedure Order was a settlement and should have been scheduled as a settlement under

3

the Case Management Order.[1] Debtors put Ms. Nora to write an urgent explanation that there was no need for her to appear in the proceedings on August 29, 2012 lest it appear that she had failed to appear for a suddenly-noticed proceeding on an objection which she had not filed but which was inexplicably set for hearing as objection on Debtors' Agenda[2] filed on August 27, 2012 .

12. Debtors cannot now complain that Ms. Nora relied on her right to make a statement for the record to which they responded, admitting that she her home and her property is being held by the bankruptcy estate, when they *agreed* to her position in order to treat her statement as an objection for the sake of putting it on the Agenda in order to attempt to have their own

---

[1] The treatment of an agreement as an objection was in violation of the Case Management Order, which provides:
21. **Settlements**. In the event a matter is properly noticed for hearing and the parties reach agreement on a settlement of the dispute before the final hearing, the parties may announce the settlement at the scheduled hearing. In the event the Court determines that the notice of the dispute and the hearing constitutes adequate notice of the effects of the settlement (i.e., that the terms of the settlement are not materially different from those that parties in interest could have expected if the dispute were fully litigated), the Court may approve the settlement at the hearing without further notice of the terms of the settlement. In the event the Court determines at the scheduled hearing that additional or supplemental notice is required, the Debtors shall serve such notice in accordance with the Case Management Procedures set forth herein and a hearing to consider such settlement shall be on the next hearing day deemed appropriate by the Court.

[2] Debtors are authorized to set Agendas under the Case Management Order entered by the Court on May 23, 2012 but they do not have the authority to recast another party's position in the matter and schedule a party who is not objecting for hearing by placing a notice of the hearing on the hearing agenda.  The Case Management Order provides:
19. **Hearing Agenda**. By 6:00 p.m. (New York City time) two business days prior to any Omnibus Hearing, counsel to the Debtors shall file with the Court an agenda for the hearing (the "**Agenda**") and shall serve such agenda in accordance with the Case Management Order. Each Agenda shall set forth: (i) the docket number and title of each matter scheduled for the Omnibus Hearing; (ii) all related pleadings, including any Objections filed to date and any Certificates of No Objection, and, as a result, whether each matter is contested or uncontested; (iii) whether any matters have settled or at such time are proposed to be adjourned to a subsequent hearing date; (iv) other comments that will assist the Court in preparing for the hearing; and (v) a suggestion for the order in which the matters should be addressed at the Omnibus Hearing. To the extent possible, contested matters for which an evidentiary hearing is scheduled to be conducted shall be placed at the end of the proposed Agenda.

4

agreement overruled at a hearing which they set on an objection which was not made.

13. If words are to have meaning, they must have meaning in legal proceedings. A statement is a statement; an objection (which must be timely filed) is an objection; a settlement is a settlement; and "her home" and "her property" means that Debtors are intend to sell Ms. Nora's home and property, which is fraudulently listed as an asset of the Debtors' estates.

14. The sudden scheduling of Ms. Nora's statement with the Debtors' response her statement should be "overruled" led to the filing of an acknowledgment of Debtors' admission that "her home" and "her property" is pending sale by the bankruptcy estate. (Docket Entry 1268) and by so responding, with the stated request that the Court overrule her request for notice of proposed sale under the Order Approving the DeMinimus Sales Procedures to which they had already agreed, Debtors invoked judicial estoppel as to their admission should they prevail at the hearing on August 29, 2012.

15. Advance notice of intent to assert judicial estoppel, along with the acknowledgment of Debtors' admission in their response to her Statement was filed on August 29, 2012 and whatever happened at the hearing which Ms. Nora never sought and which Debtors scheduled contrary to the Case Management Order, judicial estoppel now applies because Debtors prevailed in obtaining the Order without the provision for which they purported to settle with Ms. Nora: that they would give her notice of any proposed sale of her home and her property.

WHEREFORE, Creditor/Claimant Wendy Alison Nora acknowledges Debtors' Response of August 27, 2012 and the judicial estoppel created herein, despite the fact that she did not object nor did she ever seek to participate in the proceedings to be held on August 29, 2012. She merely sought notice of the attempt to sell her home in a *DeMinimus* Sales proceeding

5

and Debtors' promised to provide such notice.  Therefore, even if there were an objection before the Court (and there was not), such an objection would have led to a settlement by which Debtors' have agreed to provide Ms. Nora with notice prior to any attempt to sell her home and they are additionally bound by promissory estoppel if they attempt to sell her home and her property under the *DeMinimus* Sales Procedures.

Dated: August 31, 2012 at Minneapolis, Minnesota.

ACCESS LEGAL SERVICES

*/s/ Wendy Alison Nora*
Wendy Alison Nora, pro hac vice
210 Second Street NE
Minneapolis, Minnesota 55413
Telephone (612) 333-4144
Facsimile (612) 886-2444
accesslegalservices@gmail.com

# EXHIBIT A

**In re: Residential Funding Company, LLC**
**Case No. 12-12019**
Schedule A
Real Property

| Description and location of property | Nature of debtor's interest in property | Current value of debtor's interest in property, without deducting any secured claim or exemption | Amount of secured claim |
|---|---|---|---|
| 6931 Old Sauk Rd<br>Madison, WI 53717 | Residential Dwelling<br>Repossessed and Foreclosed Asset | $60,627.53 | Unknown |
| 701 Fern St<br>Yeadon, PA 19050 | Residential Dwelling<br>Repossessed and Foreclosed Asset | $37,435.80 | Unknown |
| 71221 Sea View Way<br>Mecca, CA 92254 | Residential Dwelling<br>Repossessed and Foreclosed Asset | $0.00 | Unknown |
| 720 Pioneer Rd<br>Wilson, WI 54027 | Residential Dwelling<br>Repossessed and Foreclosed Asset | $29,526.45 | Unknown |
| 7217 Chestnut Tree Ln<br>Louisville, KY 40291 | Residential Dwelling<br>Repossessed and Foreclosed Asset | $44,925.86 | Unknown |
| 7316 79Th Ave Se<br>Snohomish, WA 98290 | Residential Dwelling<br>Repossessed and Foreclosed Asset | $196,855.76 | Unknown |
| 7442 Rhoads Street<br>Philadelphia, PA 19151 | Residential Dwelling<br>Repossessed and Foreclosed Asset | $53,854.96 | Unknown |
| 7600 E Half Mile Rd<br>East Leroy, MI 49051 | Residential Dwelling<br>Repossessed and Foreclosed Asset | $16,981.63 | Unknown |
| 83-85 Whitney Street Unit 83<br>Northborough, MA 01532 | Residential Dwelling<br>Repossessed and Foreclosed Asset | $79,060.03 | Unknown |
| 879 S Park Terr<br>Union, NJ 07083 | Residential Dwelling<br>Repossessed and Foreclosed Asset | $151,174.76 | Unknown |
| 88 S Peterson Rd<br>Muskegon, MI 49445 | Residential Dwelling<br>Repossessed and Foreclosed Asset | $75,298.67 | Unknown |
| 8974 Western Unit 201<br>Des Plaines, IL 60016 | Residential Dwelling<br>Repossessed and Foreclosed Asset | $59,554.45 | Unknown |
| 914 N Austin Boulevard Unit B5<br>Oak Park, IL 60302 | Residential Dwelling<br>Repossessed and Foreclosed Asset | $35,246.61 | Unknown |
| 944 Kings Way<br>Canton, MI 48188 | Residential Dwelling<br>Repossessed and Foreclosed Asset | $31,100.47 | Unknown |
| 998 Park Terr Dr<br>Galt, CA 95632 | Residential Dwelling<br>Repossessed and Foreclosed Asset | $96,769.42 | Unknown |
| | Total: | $13,157,557.33 | Unknown |