MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Joel C. Haims

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**DEBTORS' RESPONSE TO THE NON-ALLY UNDERWRITER DEFENDANTS'
MOTION IN SUPPORT OF LOAN FILE DISCOVERY FROM THE DEBTORS AND,
IF NECESSARY TO THAT PURPOSE, RELIEF FROM THE AUTOMATIC STAY**

Residential Capital, LLC and its affiliated debtors and debtors in possession in the above-captioned Chapter 11 cases (collectively, the "Debtors") hereby submit this response (the "Response") to the *Non-Ally Underwriter Defendants' Motion in Support of Loan File Discovery From the Debtors and, if Necessary to that Purpose, Relief from the Automatic Stay* (the "Underwriters' Filing") (ECF No. 1293) and respectfully represent:

**PRELIMINARY STATEMENT**

1. Debtors submit this Response to confirm that that they oppose any relief sought in the Underwriters' Filing.

2. Specifically, the Non-Ally Underwriters submitted the Underwriters' Filing in response to the Court's request for additional briefing on the Federal Housing Finance

1

Agency's ("FHFA") *Motion Pursuant to the July 11, 2012 Order of the Honorable Denise L. Cote Seeking Limited Discovery from the Debtors and, if Necessary to that Purpose, Relief from the Automatic Stay* (the "Initial Motion") as well as the supplemental motion thereto (the "Supplemental Motion") (ECF Nos. 806 and 859.) However, the Non-Ally Underwriters have couched their response as a "Motion in Support of Loan File Discovery" and as a request for "Relief from the Automatic Stay." (*See generally,* Underwriters' Filing.)

3. The Debtors oppose the relief sought in the Underwriters' Filing, and because the Non-Ally Underwriters raise no arguments in the Underwriters' Filing that were not previously addressed by the Debtors, the Debtors hereby incorporate their *Objection to Motion of the Federal Housing Finance Agency for Relief from the Automatic Stay* (ECF No. 1023), their *Supplemental Brief in Support of its Objection to Motion of the Federal Housing Finance Agency for Relief from the Automatic Stay* (ECF No. 1295), as well as all attachments and exhibits thereto and declarations in support thereof (together the "Debtors' Objection") as their opposition to the Underwriters' Filing.

## BACKGROUND

4. On July 17, 2012, FHFA filed the Initial Motion, seeking the production of "loan tapes" and "originator information" and arguing that the discovery it was seeking was "extremely limited" and "consist[s] of just 21 data files . . . ." (Initial Motion at 13.)

5. On July 20, 2012, FHFA filed the Supplemental Motion seeking access to "Loan Files" on the "same [legal bases] as those set forth in the [Initial] Motion with respect to the loan tapes and originator information." (Supplemental Motion at 3.) FHFA did not indicate in its Supplemental Motion how many loan files it was seeking. The number could have been as high as 105,000 loan files or potentially "only" 42,700 loan files if it seeks only the loan files in the "supporting loan groups."

6.  In the *Federal Housing Finance Agency's Reply in Further Support of Its Motion Pursuant to Orders of the Honorable Denise L. Cote Seeking Limited Discovery from the Debtors and, If Necessary to that Purpose, Relief from the Automatic Stay filed on August 10, 2012* ("Reply") (ECF No. 1086), FHFA for the first time declared that it was seeking "only" 5,000 Loan Files from the Debtors. However, FHFA expressly stated that its request for "only" 5,000 Loan Files was "without prejudice" to its rights to seek additional Loan Files from the Debtors (Reply at 6).

7.  At the preliminary hearing on the Motion, counsel for other Non-Ally Underwriters stated orally that if FHFA received any Loan Files from the Debtors, those defendants would demand the production of Loan Files as well, but they would demand more than the 5,000 Loan Files sought by FHFA. (Hr'g Tr. at 87:13-88:18 (Aug. 14, 2012).) They sought—and received—permission from the court to make a submission on the issues raised by the Court. (*Id.* at 88:15-23.)

8.  On August 28, 2012, the Non-Ally Underwriters submitted the Underwriters' Filing wherein they requested that "the Court order the Debtors to produce the loan files corresponding to all 42,700 supporting group loans for use in the 7010 Action." (Underwriters' Filing at 10.)

**RESPONSE**

9.  The Underwriters' request for 43,000 Loan Files should be denied for the reasons set forth in the Debtors' Objection.

10. The Non-Ally Underwriter Defendants do not submit any new arguments to this Court that justify the production of 43,000 Loan Files from the Debtors. (*See generally,* Underwriters' Filing.) Instead, the Underwriters' Filing focuses almost entirely on the argument

3

that the FHFA's effort to limit Loan File discovery to only 5,000 Loan Files is contrary to the District Court's rulings and unfair to the Non-Ally Underwriters. (*Id.*)

11. The Underwriters' Filing does not address the merits of the applicability of the automatic stay, the Shared Services Agreement, or the burdens of Loan File Production on the Debtors. (*Id.*)

12. Instead of re-briefing the same issues again here, the Debtors hereby expressly incorporate the Debtors' Objection in response and opposition to the Underwriters' Filing.

## CONCLUSION

13. For the foregoing reasons, the Debtors request that the Court enter an Order denying the Non-Ally Underwriters' requests contained in the Underwriters' Filing and grant such other relief as the Court deems proper.

New York, New York  /s/ Joel C. Haims
Dated: September 4, 2012  Gary S. Lee
Joel C. Haims
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel to the Debtors and Debtors in Possession*