# MILLER | WRUBEL

WRITER'S DIRECT NUMBER
(212) 336-3519
E-MAIL
chuene@mw-law.com

FACSIMILE
(212) 336-3555

September 4, 2012

**BY ECF**

Hon. Martin Glenn
United States Bankruptcy Judge
United States Bankruptcy Court for the Southern District of New York
One Bowling Green
New York, New York 10004-1408

          Re:      **_Residential Capital, LLC_, Chapter 11 Case No. 12-12020**

Dear Judge Glenn:

        We represent the Triaxx entities ("Triaxx"). On August 14, 2012, Triaxx moved pursuant to Rule 2004 [Doc. No. 1142] for leave to serve subpoenas on the Settling Certificateholders[1] concerning when and at what prices they accumulated their Certificates. Triaxx's Rule 2004 motion is scheduled to be heard by the Court on September 11, 2012.

        The Debtors and the Settling Certificateholders oppose Triaxx's Rule 2004 motion [Doc Nos. 1254, 1255 and 1260] on the grounds that the Debtors' Rule 9019 motion is a contested matter governed by Rule 9014. Contrary to their assertions, Triaxx does not seek to avoid Rule 9014 if applicable.[2] Subject to the Court's approval, Triaxx hereby withdraws its Rule 2004 motion in order to serve discovery requests pursuant to Rule 9014.

        Thereafter, Triaxx is willing to meet and confer with respect to any objections the Settling Certificateholders may have to the Rule 9014 requests. For example, the Settling Certificateholders' "confidentiality" objection could be resolved by a protective stipulation and order, if appropriate,[3] and Triaxx is also willing to confer with respect to finding an efficient way

---

[1] Capitalized terms not defined herein have the same meaning as in Triaxx's Rule 2004 motion.

[2] Rule 9014 and the notes thereto do not expressly refer to Rule 9019 motions. The Debtors cite one case, _In re Adelphia Commc'ns Corp._, 327 B.R. 143, 147 (Bankr. S.D.N.Y. 2005), that refers to a Rule 9019 motion as a "contested matter," but it is not a discovery case. Moreover, rather than raise the procedural issue with Triaxx prior to filing their objections, the Debtors and the Settling Certificateholders took the opportunity to mischaracterize, _inter alia_, Triaxx's discovery requests and objection to the Rule 9019 motion [_e.g_, Doc. No. 1255 at 6-7; 1254 at 7-8]. Triaxx does not respond to these and other mischaracterizations in full herein, but reserves the right to do so.

[3] Counsel for the Steering Committee Group makes the bare assertion that the information sought is sensitive and "proprietary." Decl. of Kathy Patrick, ¶¶ 1- 2 [Doc No. 1256]. She does not explain how this assertion could be made by counsel on a "personal knowledge" basis. _Id._ ¶ 1.

Hon. Martin Glenn
September 4, 2012
Page 2

to obtain the discovery it seeks, which concerns whether the Settling Certificateholders are distressed debt investors who would receive a windfall under the Proposed RMBS Settlement.[4]

For all these reasons, Triaxx respectfully requests that the Court so-order this letter allowing Triaxx to withdraw its pending Rule 2004 motion in order to serve discovery requests on the Settling Certificateholders pursuant to Rule 9014.

Respectfully submitted,

*Claire Huene*

Claire L. Huene

cc: Gary S. Lee, Esq. (*by e-mail*)
    Kathy D. Patrick, Esq. (*by e-mail*)

---

[4] The Settling Certificateholders' "relevance" objection plainly fails. *See* Triaxx Rule 2004 Motion and Priore Aff. [Doc. Nos. 1142, 1143]. Notably, in opposing Triaxx's Rule 2004 motion they are silent as to whether they are distressed debt investors or would receive a windfall, which is relevant to, *inter alia*, whether the Proposed RMBS Settlement is "fair and equitable," "inappropriately prejudices" other creditors, and was "truly the product of arms-length bargaining." *In re Adelphia*, 327 B.R. at 147, 160 (discussing Rule 9019 factors). Indeed, in support of their Rule 9019 motion the Debtors have asserted, inter alia, that the settlement will "prevent a windfall" to the Settling Certificateholders and was the product of "arm's-length" negotiations. [Doc. No. 320 at 10-11].