Hearing Date:  September 27, 2012 at 10:00 a.m. (ET)
Objection Deadline:  September 17, 2012 at 4:00 p.m. (ET)

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:     (212) 468-8000
Facsimile:      (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Naomi Moss

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**DEBTORS' MOTION FOR THE ENTRY OF AN ORDER
UNDER SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE
AUTHORIZING THE REIMBURSEMENT OF EXPENSES INCLUDING
<u>COUNSEL FEES INCURRED BY THE INDEPENDENT DIRECTORS</u>**

ny-1053345

## TABLE OF CONTENTS

Page

JURISDICTION ............................................................................................................................. 1
BACKGROUND ............................................................................................................................ 2
RESCAP RESOLUTIONS ESTABLISHING REVIEW COMMITEES ....................................... 2
MORRISON COHEN'S RETENTION BY THE INDEPENDENT DIRECTORS ...................... 4
RELIEF REQUESTED ................................................................................................................... 5
    A.    Morrison Cohen's Disinterestedness ................................................................... 6
BASIS FOR RELIEF ..................................................................................................................... 7
NOTICE ........................................................................................................................................ 11
NO PRIOR REQUEST ................................................................................................................ 11

ny-1053345

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Burlington N. R.R. Co. v. Dant & Russell, Inc. (In re Dant & Russell, Inc.),
    853 F.2d 700 (9th Cir. 1988) ..................................................................................................9

Comm. of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville
    Corp),
    60 B.R. 612 (Bankr. S.D.N.Y. 1986) ...................................................................................7, 9

Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.),
    722 F.2d 1063 (2d Cir. 1983) .................................................................................................7

Gassen v. Universal Bldg. Materials, Inc. (In re Berkley Multi-Units, Inc.),
    88 B.R 394 (Bankr. M.D. Fla. 1988) ......................................................................................8

In re 1031 Tax Group,
    No. 07-11448 (MG) (Bankr. S.D.N.Y. July 17, 2007) .........................................................10

In re 1031 Tax Group,
    No. 07-11448 (MG) (Bankr. S.D.N.Y. July 3, 2007) ...........................................................10

In re Dana Corp.,
    358 B.R. 567 (Bankr. S.D.N.Y. 2006) ...................................................................................9

In re Delaware & Hudson Ry. Co.,
    124 B.R. 169 (D. Del. 1991) ..................................................................................................7

In re Enron Corp.,
    335 B.R. 22 (Bankr. S.D.N.Y. 2005) ...................................................................................10

In re Hines Horticulture, Inc.,
    No. 08-11922 (KJC) (Bankr. D. Del. Oct. 1, 2008) .............................................................10

In re Innkeepers USA Trust,
    No. 10-13800 (SCC) (Bankr. S.D.N.Y. Nov. 10, 2010) .......................................................10

In re The Leslie Fay Cos.,
    168 B.R. 294 (Bankr. S.D.N.Y. 1994) ...................................................................................9

Med. Malpractice Ins. Ass'n v. Hirsch (In re Lavigne),
    114 F.3d 379 (2d Cir. 1997) ...................................................................................................9

Myers v. Martin (In re Martin),
    91 F.3d 389 (3d Cir. 1996) .....................................................................................................7

Official Comm. of Unsecured Creditors v. LTV Corp. (In re Chateauguay Corp.),
   973 F.2d 141 (2d Cir. 1992)..................................................................................................7

**STATUTES**

11 U.S.C.
   § 101(14).............................................................................................................................6
   § 105 ........................................................................................................................ *passim*
   § 327................................................................................................................................6, 10
   § 330....................................................................................................................................2
   § 331....................................................................................................................................2

   § 363......................................................................................................................... *passim*
   § 1107(a) .............................................................................................................................2
   § 1108..................................................................................................................................2

28 U.S.C.
   § 157 ...................................................................................................................................1
   § 1334..................................................................................................................................1
   § 1408..................................................................................................................................1
   § 1409..................................................................................................................................1

Fed. R. Bankr. P.
   1015(b)................................................................................................................................2

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors")[1], hereby move (the "Motion") for the entry of an order the proposed form of which is attached as Exhibit 1, under sections 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code") authorizing the reimbursement of expenses, including the payment of compensation by the Debtors to Morrison Cohen LLP ("Morrison Cohen") as special counsel, to the Independent Directors[2] (the "Independent Directors") of Residential Capital, LLC ("ResCap").  In support of this Motion, the Debtors rely on the Declaration of Joseph T. Moldovan, a member of Morrison Cohen (the "Moldovan Declaration"), attached hereto as Exhibit 2 and the declaration of Tammy Hamzehpour, general counsel to the Debtors, (the "Hamzehpour Declaration") attached hereto as Exhibit 3.  In further support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory basis for the relief requested herein is sections 105 and 363(b) of the Bankruptcy Code.

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Motions (the "Whitlinger Affidavit") [Docket No. 6].

[2] As defined in the Amended and Restated Operating Agreement, dated November 27, 2006, among General Motors Corporation, GMAC and ResCap, attached hereto as Exhibit 4.

1

## BACKGROUND

2. On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court for relief under Chapter 11 of the Bankruptcy Code. The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b). No trustee has been appointed in these Chapter 11 cases.

3. On May 16, 2012, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed a nine-member official committee of unsecured creditors (the "Creditors' Committee").

4. On June 20, 2012, the Court directed that an examiner be appointed [Docket No. 454], and on July 3, 2012, the Court approved Arthur J. Gonzalez as the examiner (the "Examiner") [Docket No. 674].

5. The Debtors are a leading residential real estate finance company indirectly owned by Ally Financial Inc. ("AFI"), which is not a Debtor. The Debtors and their non-debtor affiliates operate the fifth largest mortgage servicing business and the tenth largest mortgage origination business in the United States. A more detailed description of the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these bankruptcy cases, is set forth in the Whitlinger Affidavit.

## RESCAP RESOLUTIONS ESTABLISHING REVIEW COMMITEES

6. On July 14, 2008, ResCap adopted resolutions (the "2008 Resolutions"), attached hereto as Exhibit 5, creating a Special Committee of Independent Directors (the "Special Committee") for the purpose of implementing a process and procedure for the approval of any material transactions entered into between ResCap and any affiliate (other than ResCap's subsidiaries) of ResCap and any of their respective affiliates (each, an "Affiliate Transaction").

2

The 2008 Resolutions further authorized the Special Committee to engage experts and counsel in connection with the review of any Affiliate Transaction at the expense of ResCap.

7. On December 5, 2011, ResCap updated the 2008 Resolutions (the "Updated Resolutions"), which are contained in the relevant portions of the minutes of the December 5, 2011 special meeting of the Board of Directors of ResCap (the "Board Minutes"), attached hereto as Exhibit 5, and delegated authority to certain Independent Directors acting as the Special Committee, to review and approve any Affiliate Transaction involving aggregate consideration of $10 million or more. Pursuant to the Updated Resolutions, the Independent Directors, as members of the Special Committee were authorized to retain counsel at the expense of ResCap. See Board Minutes at 3.

8. On December 5, 2011, ResCap also adopted resolutions (the "2011 New Resolutions") and appointed certain Independent Directors to serve together as a committee (the "Special Review Committee," and together with the Special Committee, the "Review Committees") for the purpose of implementing a process and procedure for the review and assessment of (i) all Affiliate Transactions, (ii) the historic course of dealing and interrelationships between ResCap and AFI and their respective subsidiaries and affiliates and (iii) potential claims arising in relation to these transactions and interrelationships. Like the 2008 Resolutions and the Updated Resolutions, the 2011 New Resolutions authorized the Special Review Committee to engage legal counsel at the expense of ResCap. See Board Minutes at 5.

9. On August 29, 2012, ResCap adopted resolutions (the "2012 Resolutions"), attached hereto as Exhibit 5, which authorized members of the Review Committees to engage legal counsel, in respect of any Affiliate Transaction, including the review of Affiliate Transactions by the Examiner, at the expense of ResCap.

## MORRISON COHEN'S RETENTION BY THE INDEPENDENT DIRECTORS

10. In 2008, the Independent Directors, as members of the Review Committees, retained Morrison Cohen as special counsel. As described in the Moldovan Declaration, Morrison Cohen represents the Independent Directors in connection with corporate governance, investigation and litigation matters. See Moldovan Declaration ¶ 4. In addition, Morrison Cohen represents the Independent Directors in considering a number of corporate, finance and real estate and financial services matters. See Moldovan Declaration ¶ 4. As part of that representation, Morrison Cohen advised the Independent Directors on a number of transactions that may be the subject of the investigation from the Examiner. Morrison Cohen further advised, and continues to advise, the Independent Directors on discrete issues arising in these Chapter 11 cases, including issues relating to AFI.

11. The Independent Directors selected Morrison Cohen as their counsel because of Morrison Cohen's representation of the Independent Directors and the firm's global reputation and extensive experience and knowledge in corporate governance, investigation, finance, tax and litigation matters. See Hamzehpour Declaration ¶ 4.

12. At all times since September 2008, following the adoption of the 2008 Resolutions, ResCap has indemnified and reimbursed the Independent Directors on account of their expenses, including Morrison Cohen's fees and expenses incurred in connection with its representation of the Independent Directors, as members of the Review Committees. See Hamzehpour Declaration ¶ 7.

**RELIEF REQUESTED**

13.     By this Motion, the Debtors seek the entry of an order authorizing the Debtors to continue the reimbursement of legal expenses to the Independent Directors, as members of the Review Committees, including payments to Morrison Cohen.

14.     The Debtors will compensate Morrison Cohen for services rendered by Morrison Cohen to the Independent Directors on and after May 14, 2012.  The Debtors propose to pay Morrison Cohen amounts that do not (and will not) exceed the rates that Morrison Cohen customarily charges to its other clients, and to reimburse Morrison Cohen according to its customary reimbursement policies, and respectfully submit that such rates and policies are reasonable.  The applicable rates to be charged by Morrison Cohen are set forth in the Moldovan Declaration.

15.     Prior to the Petition Date, Morrison Cohen received a retainer of $1 million (the "Retainer") from the Debtors.  Prior to the Petition Date, Morrison Cohen applied $88,405.28 of the Retainer in satisfaction of prepetition fees and expenses.  See Moldovan Declaration ¶ 13. Morrison Cohen will apply the remaining amount of the Retainer as a credit towards postpetition fees and expenses.  See Moldovan Declaration ¶ 13.  As of the date hereof, Morrison Cohen is owed approximately $255,000 in fees and $3,500 in expenses incurred postpetition.  See Moldovan Declaration ¶ 13.

16.     The Debtors understand that in connection with the reimbursement of reasonable and necessary expenses and as set forth in the Moldovan Declaration, Morrison Cohen customarily charges its clients for all ancillary services incurred, including photocopying charges, facsimile transmissions, messengers, courier mail, computer and data bank time, word processing, secretarial overtime and temporary employees, overtime meals, overtime and late

night transportation, travel, lodging, meal charges for business meetings, postage, printing, transcripts, filing fees, document retrieval, and similar items.

17. Despite not being retained by the Debtors pursuant to section 327 of the Bankruptcy Code, Morrison Cohen will apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these Chapter 11 cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the guidelines of the U.S. Trustee, and any other applicable procedures and orders of the Court.[3] Morrison Cohen also intends to submit requests for compensation and reimbursement in accordance with the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals approved by the Court on July 17, 2012 [Docket No. 797].

**A.   Morrison Cohen's Disinterestedness**

18. The Debtors do not believe that Morrison Cohen is a professional whose employment is subject to approval under section 327 of the Bankruptcy Code. The Independent Directors are retaining Morrison Cohen. Given that the Debtors have an obligation to reimburse these expenses, the Debtors believe authority to pay for Morrison Cohen's services are more appropriately subject to section 363 of the Bankruptcy Code. Nonetheless, to the best of the Debtors' knowledge, and as disclosed in the Moldovan Declaration and exhibits thereto, Morrison Cohen (a) is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, (b) does not hold or represent an interest adverse to the Debtors' estates, and (c) except as set forth in the Moldovan Declaration, has no connection to the Debtors, their creditors, or their related parties. See Moldovan Declaration ¶ 6.

---

[3] If any of the Independent Directors seeks different representation, that law firm would also be required to comply with this process.

6

ny-1053345

19. Morrison Cohen will periodically review its files during the pendency of these Chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise. See Moldovan Declaration ¶ 10. To the extent that Morrison Cohen discovers any new relevant facts or relationships bearing on the matters described herein during the period of Morrison Cohen's employment, Morrison Cohen will use reasonable efforts to file promptly a supplemental declaration. See Moldovan Declaration ¶ 10.

**BASIS FOR RELIEF**

20. The reimbursement of expenses, including compensation of counsel, incurred as the Independent Directors as set forth herein is appropriate under section 363 of the Bankruptcy Code. Section 363(b) provides, in relevant part, that a debtor in possession, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Section 363 also provides that transactions not in the ordinary course of business must be approved by court order after notice and a hearing. Under applicable case law, in this and other jurisdictions, if a debtor's proposed use of its assets pursuant to section 363(b) represents a reasonable business judgment on the part of the debtor, such use should be approved. See, e.g., Official Comm. of Unsecured Creditors v. LTV Corp. (In re Chateauguay Corp.), 973 F.2d 141, 143 (2d Cir. 1992); Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1070 (2d Cir. 1983) (requiring "some articulated business justification" to approve the use, sale, or lease of property outside the ordinary course of business); Myers v. Martin (In re Martin), 91 F.3d 389, 395 (3d Cir. 1996) (citing Fulton State Bank v. Schipper (In re Schipper), 933 F.2d 513, 515 (7th Cir. 1991)); In re Delaware & Hudson Ry. Co., 124 B.R. 169, 175-76 (D. Del. 1991) (courts have applied the "sound business purpose" test to evaluate motions brought pursuant to section 363(b)); Comm. of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp), 60 B.R. 612, 616 (Bankr.

S.D.N.Y. 1986) ("Where the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct").

21. The payment of compensation to Morrison Cohen, by the Debtors, for services provided to the Independent Directors is within the sound exercises of the Debtors' business judgment. See Hamzehpour Declaration ¶ 5. Additionally, the Debtors believe that Morrison Cohen, in its role as counsel to the Independent Directors and in conjunction with the significant role that the Independent Directors will play, will provide services that benefit the Debtors, their estates and their creditors. See Hamzehpour Declaration ¶ 5. In particular, the Examiner has commenced a thorough investigation of the Debtors' pre-petition transactions with its affiliate AFI. The Examiner has indicated that he intends to interview the Independent Directors in connection with his investigation and analyze those transactions reviewed by the Independent Directors. In order to ensure that the Independent Directors are both fully engaged and fully protected, it is essential that they able to continue to look to their own counsel for advice, separate and apart from Debtors' counsel. As such, it is essential to the efficient administration of these cases that the Debtors be permitted to continue their pre-petition policy of reimbursing the Independent Directors' expenses, including counsel's fees.

22. Additionally, because the proposed Chapter 11 plan is premised on a settlement with AFI, the Independent Directors are expected to review and advise the Debtors on these transactions. This will require the advice of Morrison Cohen as their legal counsel.

23. Moreover, the payment of expenses, including fees for legal services provided by counsel to the Independent Directors, is within the ordinary course of the Debtors' businesses. Courts broadly interpret the term ordinary course. Gassen v. Universal Bldg. Materials, Inc. (In

8

re Berkley Multi-Units, Inc.), 88 B.R 394, 396-97 (Bankr. M.D. Fla. 1988). In determining whether a transaction is in the ordinary course of business under Bankruptcy Code section 363, the courts apply a two-pronged test: (1) the objective horizontal test, and (2) the subjective vertical test. See Med. Malpractice Ins. Ass'n v. Hirsch (In re Lavigne), 114 F.3d 379, 384-85 (2d Cir. 1997); see also In re Dana Corp., 358 B.R. 567, 580 (Bankr. S.D.N.Y. 2006) (and cases cited therein); In re The Leslie Fay Cos., 168 B.R. 294, 304 (Bankr. S.D.N.Y. 1994). The horizontal test is a factual analysis as to whether the transaction in question is of the sort commonly undertaken by companies in that industry. In re Lavigne, 114 F.3d at 385. That is, the horizontal test focuses on whether the transaction is usual or abnormal for the industry. The vertical test, which is also called the creditor's expectation test, is an analysis conducted from the perspective of a hypothetical creditor and analyzes whether the transaction subjects the creditor to an economic risk of a nature different from those it accepted when it decided to extend credit. Id.; In re The Leslie Fay Cos., 168 B.R. at 304. In making this determination, courts look to the debtor's pre-petition business practices and conduct and compare them to the debtor's postpetition conduct. In re The Leslie Fay Cos., 168 B.R. at 304.

24.    Here, all of the activities for which the Debtors seek authority to continue satisfy both the horizontal and vertical tests. The horizontal test is easily met. Each of the foregoing activities was conducted prior to the Petition Date. Likewise, a hypothetical creditor should expect that the Debtors would incur the financial obligations described in this Motion. Granting the relief requested herein would not subject creditors to economic risks that would not have been contemplated by them. Therefore, the vertical test is also satisfied. See Burlington N. R.R. Co. v. Dant & Russell, Inc. (In re Dant & Russell, Inc.), 853 F.2d 700, 705 (9th Cir. 1988) (debtor's renewal and execution of leases satisfied vertical test because debtor routinely entered

into leases prior to bankruptcy); In re Johns-Manville Corp., 60 B.R. at 616 (debtor's employment of lobbyists satisfied both vertical and horizontal tests because debtor had been retaining lobbyists for many years and because it was common practice of other major companies to do so).

25. Courts in this and other districts have regularly approved payment of expenses, including professionals and attorneys as special counsel, under Bankruptcy Code section 363 where the professional's role or services do not fall within the scope of Bankruptcy Code section 327. See, e.g., In re Enron Corp., 335 B.R. 22, 29 (Bankr. S.D.N.Y. 2005) (retention of special employees' counsel under Bankruptcy Code section 363); In re Innkeepers USA Trust, No. 10-13800 (SCC) (Bankr. S.D.N.Y. Nov. 10, 2010) (Docket No. 701) (payment to counsel to outside directors); In re Hines Horticulture, Inc., No. 08-11922 (KJC) (Bankr. D. Del. Oct. 1, 2008) (Docket Nos. 184, 185); In re 1031 Tax Group, No. 07-11448 (MG) (Bankr. S.D.N.Y. July 17, 2007) (Docket No. 400) (conditionally approving appointment of sole manager and/or director of the debtor, to be paid under Bankruptcy Code section 363); In re 1031 Tax Group, No. 07-11448 (MG) (Bankr. S.D.N.Y. July 3, 2007) (Docket No. 334) (payment of CRO and temporary employee consultants under Bankruptcy Code section 363).

26. With respect to counsel fees, in particular, Morrison Cohen will make efforts to work with the Debtors and their advisors to avoid duplication of services wherever possible. See Moldovan Declaration ¶ 5. In light of the foregoing, the Debtors believe that compensating Morrison Cohen as described herein, are appropriate and in the best interests of the Debtors and their estates and creditors.

ny-1053345

## NOTICE

27. The Debtors have provided notice of this Motion in accordance with the Case Management Procedures Order, approved by this Court on May 23, 2012 [Docket No. 141].

## NO PRIOR REQUEST

28. No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit 1, granting the relief requested herein and granting such other relief as is just and proper.

| | |
|---|---|
| New York, New York<br>Dated: September 5, 2012 | /s/ Gary S. Lee<br>Gary S. Lee<br>Lorenzo Marinuzzi<br>Naomi Moss<br>MORRISON & FOERSTER LLP<br>1290 Avenue of the Americas<br>New York, New York 10104<br>Telephone: (212) 468-80000<br>Facsimile: (212) 468-7900<br><br>*Counsel to the Debtors<br>and Debtors in Possession* |