# **EXHIBIT 2**

## **Moldovan Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------------------
                                                                    )
In re:                                                              )    Case No. 12-12020 (MG)
                                                                    )
RESIDENTIAL CAPITAL, LLC, et al.,                                   )    Chapter 11
                                                                    )
                                                        Debtors.    )    Jointly Administered
                                                                    )
---------------------------------------------------------------------------------

**DECLARATION OF JOSEPH T. MOLDOVAN IN SUPPORT OF DEBTORS' MOTION FOR THE ENTRY OF AN ORDER UNDER SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE AUTHORIZING THE REIMBURSEMENT OF EXPENSES INCLUDING COUNSEL FEES INCURRED BY THE INDEPENDENT DIRECTORS**

JOSEPH T. MOLDOVAN, duly declares the following under penalty of perjury:

1.  I am a member of the law firm of Morrison Cohen LLP ("Morrison Cohen" or "Firm"), with an office in this district located at 909 Third Avenue, New York, New York 10022. I am an attorney in good standing to practice in the State of New York and before the United States District Courts for the Southern District of New York.

2.  I submit this declaration in support of the motion (the "Motion") of Residential Capital, LLC, the above-captioned debtors and debtors-in-possession (the "Debtors"), for an order under sections 105 and 363 of title 11 of the United States Code ("Bankruptcy Code"), authorizing the Debtors to reimburse expenses, including counsel fees incurred by the Independent Directors. I have personal knowledge of the matters set forth herein.

**QUALIFICATION OF PROFESSIONALS**

3.  Morrison Cohen has extensive knowledge and experience in representing the Independent Directors in connection with various matters, including matters that are the subject of the Application as further described herein. Morrison Cohen is among the leading full service mid-size commercial law firms, and has regularly advised clients on corporate, bankruptcy, corporate

governance, and securities, commercial litigation, real estate, tax/ERISA, intellectual property, and other legal needs. Morrison Cohen has represented the Independent Directors since 2008. During that time, the Firm has represented the Independent Directors in its investigation of and deliberations regarding numerous corporate transactions. Morrison Cohen has further advised the Independent Directors in connection with general corporate and regulatory matters. Over the course of this representation, Morrison Cohen has become uniquely familiar with the business affairs of the Debtors. Accordingly, Morrison Cohen is well qualified and uniquely situated to continue representing the Independent Directors and its retention would be in the best interests of the estates, the Debtors' creditors and other parties in interest.

4. From and after the Petition Date, at the Debtors' request, Morrison Cohen has advised the Independent Directors in connection with corporate governance, investigation and litigation matters. In addition, Morrison Cohen has assisted the Independent Directors in connection with the pending investigation into the various transactions the Debtors undertook in the years prior to the commencement of the Debtors' Chapter 11 cases.

5. Morrison Cohen's postpetition work will consist primarily of advising the Independent Directors in connection with any inquiries or investigations of the prepetition transactions reviewed and considered by the Independent Directors. This representation will not involve the conduct of the bankruptcy cases themselves. Accordingly, the services provided by Morrison Cohen will not be duplicative of any bankruptcy-related work performed by MoFo or any firm retained by the Debtors.

**MORRISON COHEN'S "CONNECTIONS"**

6. Although Morrison Cohen is not seeking to be retained by the Debtors; Morrison Cohen still went through the steps of determining that it is "disinterested." To the best of my

knowledge, neither Morrison Cohen nor I has any "connection" with the above-captioned Debtors, their creditors, any other parties in interest herein, or their respective attorneys or accountants, or the Office of the United States Trustee for the Southern District of New York ("UST") except as stated herein.  To the best of my knowledge, neither the term "connection" as used in Bankruptcy Rule 2014 nor the proper scope of a professional's search for "connections" has been completely defined, and I am therefore required to exercise some degree of professional judgment in applying that term to the facts of which I am aware, as well as in defining the scope of how to search for such facts.

      7.      I performed, or caused to be performed, the following actions to identify the parties relevant to this declaration and to ascertain Morrison Cohen's connection to such parties:

      (a)      I or attorneys at my direction obtained from the Debtors' proposed counsel, a list of (i) the Debtors and their significant debtor and non-debtor affiliates, (ii) the Debtors' professionals, (iii) the Debtors' 50 (50) largest unsecured creditors, (iv) any servicing counterparty; (v) the Debtors' pre-petition and proposed post-petition lenders and counterparties to financial instruments, and (vi) other potentially material adverse parties in interest as of the Petition Date (the "Potential Party List").

      (b)      Morrison Cohen maintains a database containing the name of each current and former client, the name of the parties who are or were related or adverse to such current or former client, and the names of the Morrison Cohen personnel who are or were responsible for current or former matters for such client (the "Database").  Morrison Cohen maintains the Database to include additional entities that become related to current and former clients.

      (c)      Morrison Cohen compared the names included in the Potential Party List to the names in the Database to identify any matches, determine whether such matches are current or former

clients, and identify the Morrison Cohen personnel responsible for such matters (the "Client Match List").

(d)     Using information in the Database and by making specific inquiries of Morrison Cohen personnel, I and an attorney working under my supervision verified that Morrison Cohen does not represent any entity on the Client Match List in connection with these chapter 11 cases. An attorney under my supervision and I then reviewed the Client Match List and deleted obvious name coincidences. The remaining client connections were compiled for purposes of preparing this declaration.

8.     Morrison Cohen presently represents each of AIG International, Credit Suisse, First Union Bank, ING, Bayrock Group, LLC, Reliastar Life Insurance Company, New York Life Insurance Company, Allstate Legal, Bank of America, The Bank of Nova Scotia, Citigroup, Deutsche Bank National Trust Company, Evercore Capital Partners, Fortress Investment Group, FTI Consulting, Goldman Sachs & Co., HSBC Bank N.A., JP Morgan Chase, and Merrill Lynch & Co., and certain of their affiliates, in corporate and litigation matters unrelated to the Debtors, their affiliates, or these Chapter 11 cases.

9.     Morrison Cohen, from time to time, may work with, represent, engage, and receive referrals from the attorneys and financial advisors or consultants retained by the Debtors, the Creditors' Committee, or other parties in interest.

10.     Morrison Cohen will periodically review its files during the pendency of these Chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise. To the extent that Morrison Cohen discovers any new relevant facts or relationships bearing on the matters described herein during the period of Morrison Cohen's employment, Morrison Cohen will use reasonable efforts to file promptly a supplemental declaration.

4

ny-1051029

11. Morrison Cohen does not, and will not represent any entity other than the Independent Directors, in matters related to these Chapter 11 cases. Morrison Cohen may in the future represent entities that are claimants of, or interest holders in, the Debtors or their affiliates in matters unrelated to these Chapter 11 cases.

### **MORRISON COHEN'S RATES AND BILLING PRACTICES**

12. As is the case with respect to work for all Firm clients, Morrison Cohen's rates are subject to periodic adjustments to reflect economic and other market conditions. Currently, hourly rates of partners range from $550 to $685. Other attorneys' hourly rates, including counsel positions, range from $360 to $525. The hourly rates charged for Morrison Cohen's legal assistants range from $185 to $240.

13. Prior to the Petition Date, Morrison Cohen received a retainer of $1 million (the "Retainer") from the Debtors. Prior to the Petition Date, Morrison Cohen applied $88,405.28 of the Retainer in satisfaction of prepetition fees and expenses. Morrison Cohen will apply the remaining amount of the Retainer as a credit towards postpetition fees and expenses. As of the date hereof, Morrison Cohen is owed approximately $255,000 in fees and $3,500 in expenses incurred postpetition.

14. During the 90-day period prior to the Petition Date, Morrison Cohen received in aggregate $471,048 in payment from the Debtors on account of fees and expenses.

15. Morrison Cohen's disbursement policies pass through all out-of-pocket expenses at actual cost, or at estimated actual cost when the actual cost is difficult to determine. These expenses include facsimiles, toll calls, overtime meals, computerized research, deliveries, court costs, transcript fees, travel, clerk fees, certain secretarial and other overtime expenses, and other expenses.

5

      The foregoing statements are true and correct to the best of my knowledge, information and belief.  Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and accurate.

Dated:  September 5, 2012

                                                    /s/ Joseph T. Moldovan  
                                                    Joseph T. Moldovan