# **EXHIBIT 5**



# RESIDENTIAL CAPITAL, LLC
## UNANIMOUS WRITTEN CONSENT
## OF THE
## BOARD OF DIRECTORS

The undersigned members of the Board of Directors (the "Board") of Residential Capital, LLC, a limited liability company organized under the laws of the State of Delaware (the "Company"), do hereby consent to the following, which shall have the same force and effect as if adopted at a meeting of the Board:

WHEREAS, the Board desires to implement a process and procedure for the approval of any material transactions entered into between the Company and any affiliate (other than the Company's subsidiaries) of the Company, including Cerberus Capital Partners, L.P. ("Cerberus"), GMAC LLC ("GMAC") and any of their respective affiliates (each, an "Affiliate Transaction"), in order to ensure that the Company complies fully with the requirements contained in the Company's Operating Agreement and in its secured note indentures in respect of any such Affiliate Transactions; and

WHEREAS, the Board desires to ensure that its decisions in respect of Affiliate Transactions are not unduly influenced by members of the Board who are employees and/or officers of either Cerberus or GMAC, and that any such transactions are only undertaken upon the recommendation of the Independent Directors;

NOW THEREFORE, BE IT:

RESOLVED, that the Board hereby delegates full authority to the Independent Directors, acting as a special committee ("Special Committee") to review and approve (or to recommend for approval by at least a majority of the full Board, in any instance where majority Board approval is required under the Company's secured note indentures) any Affiliate Transaction involving aggregate consideration of $10 million or more; and

FURTHER RESOLVED, that the Special Committee is authorized to design and communicate to the Board appropriate procedures, including timelines, for its review and evaluation of proposed Affiliate Transactions; and

FURTHER RESOLVED, that the Special Committee is authorized to engage such experts and consultants, including legal counsel, in respect of any Affiliate Transaction where the Committee believes the same to be necessary or advisable to the Committee's ability to properly evaluate such transaction, which in each case shall be at the expense of the Company;

FURTHER RESOLVED, that any officer of the Company and member of the Special Committee is, and they each hereby are, authorized and directed to do and perform, or cause to be done or performed, all such acts, deeds and things and to make execute and deliver, or cause to be made, executed and delivered, all such documents or documents or other certificates in the name and on behalf of the Company as such officer may deem

necessary or appropriate in accordance with these resolutions and to certify, as necessary, to the adoption of these resolutions.

This Written Consent of the Board of Directors may be executed in two or more counterparts, each of which shall be deemed an original and all of which taken together shall be deemed one and the same instrument; and facsimile signatures on this Written Consent shall be deemed to constitute original signatures.

IN WITNESS WHEREOF, the undersigned members of the Board of Directors of Residential Capital, LLC have executed and delivered this Written Consent effective as of the 14th day of July, 2008.


_____                    _____
James G. Jones                                      Thomas Marano


_____                    _____
Joshua B. Weintraub                                 Alvaro G. de Molina


_____                    _____
Ronald J. Kravit                                    David C. Walker


_____                    _____
James N. Young                                      David DeBrunner


_____                    _____
Edward F. Smith                                     Karin Hirtler-Garvey


2

necessary or appropriate in accordance with these resolutions and to certify, as necessary, to the adoption of these resolutions.

This Written Consent of the Board of Directors may be executed in two or more counterparts, each of which shall be deemed an original and all of which taken together shall be deemed one and the same instrument; and facsimile signatures on this Written Consent shall be deemed to constitute original signatures.

IN WITNESS WHEREOF, the undersigned members of the Board of Directors of Residential Capital, LLC have executed and delivered this Written Consent effective as of the 14th day of July, 2008.


_____
James G. Jones

_____
Joshua B. Weintraub

_____
Thomas Marano

_____
Alvaro G. de Molina


_____
Ronald J. Kravit

_____
David C. Walker


_____
James N. Young

_____
David DeBrunner


_____
Edward F. Smith

_____
Karin Hirtler-Garvey


2

MINUTES of a Special Meeting of the Board of Residential Capital, LLC ("ResCap" or the "Company"), held on due notice by teleconference on December 5, 2011, at 10:30 a.m. (ET).

PRESENT:           Steven M. Abreu
                   John E. Mack
                   Thomas F. Marano
                   Edward F. Smith III
                   James M. Whitlinger

constituting a quorum of the Board.  Mr. Jonathan Ilany joined the meeting in progress and Ms. Pamela E. West was unable to attend the meeting.

        Invited guests in attendance were Tammy Hamzehpour and Cathy L. Quenneville.

        Invited advisers in attendance were Michael Connolly and Joseph T. Moldovan from Morrison Cohen LLP; Kenneth E. Kohler, Gary S. Lee, Larren M. Nashelsky, Anna T. Pinedo, and James R. Tanenbaum from Morrison & Foerster LLP; and Karn Chopra, Samuel M. Greene, and Marc D. Puntus from Centerview Partners LLC.  David Pauker and Seymour Preston, Jr. from Goldin Associates, LLC ("Goldin") were in attendance for a portion of the meeting.



1



## _Adoption of Resolutions for Special Committee_

Ms. Hamzehpour referred to the proposed resolutions circulated to the members of the Board prior to the meeting that clarify the composition and purpose of the Special Committee of the Board consisting of Mr. Smith and Ms. West and establish a Special Review Committee of the Board that would consist of Mr. Ilany and Mr. Mack. Ms. Hamzehpour pointed out that in connection with their responsibilities as Special Review Committee members, Mr. Ilany and Mr. Mack would recuse themselves from voting on any affiliate transactions that come before the Board.

After the conclusion of the discussion, upon motion made, seconded and carried, the following preambles and resolutions were duly adopted by the Board:

_Special Committee of Independent Directors_

WHEREAS, on July 14, 2008 the Board of Directors ("Board") of Residential Capital, LLC (the "Company") adopted resolutions (the "2008 Resolutions") creating a Special Committee of Independent Directors for the purpose of implementing a process and procedure for the approval of any material transactions entered into between the Company and any affiliate (other than the Company's subsidiaries) of the Company, including Cerberus Capital Partners, L.P. ("Cerberus"), Ally Financial Inc. (f/k/a GMAC

LLC) and any of their respective affiliates (each, an "Affiliate Transaction"), as set forth in those resolutions; and

WHEREAS, the Board desires to ensure that its decisions in respect of Affiliate Transactions are not unduly influenced by members of the Board who are employees and/or officers of either Cerberus or Ally Financial Inc., and that any such transactions are only undertaken upon the recommendation of the Independent Directors named herein; and

WHEREAS, the Board desires to update the 2008 resolutions in their entirety, as set forth herein; with the intention of continuing to ensure that the Company complies fully with the requirements contained in the Company's Operating Agreement, in its secured note indenture, and in certain of its affiliated and third party funding facilities in respect of any such Affiliate Transactions;

NOW THEREFORE, BE IT:

RESOLVED, that the Board hereby delegates full authority to Pamela E. West and Edward F. Smith III, as Independent Directors acting as a special committee ("Special Committee"), to review and approve (or to recommend for approval by at least a majority of the full Board where majority Board approval is required under the Company's secured note indenture) any Affiliate Transaction involving aggregate consideration of $10 million or more in any instance (it being understood, however, that the "full Board" for this purpose does not include any independent members other than Ms. West and Mr. Smith); and it was further

RESOLVED, that the Special Committee is authorized to design and communicate to the Board appropriate procedures, including timelines, for its review and evaluation of proposed Affiliate Transactions; and it was further

RESOLVED, that the Special Committee is authorized to engage such financial and other experts and consultants, including legal counsel, in respect of any Affiliate Transaction as the Committee believes to be necessary or advisable to the Committee's ability to properly evaluate such transaction, which in each case shall be at the expense of the Company; and it was further

RESOLVED, that no other independent members of the Board will serve as members of the Special Committee unless all the members of the Board of Directors then in office so determine at a future date; and it was further

RESOLVED, that any officer of the Company or member of the Special Committee is, and they each hereby are, authorized and directed to do and perform, or cause to be done or performed, such acts, deeds and things and make, execute and deliver, or cause to be made, executed and delivered, documents or certificates in the name of the Company to effectuate these resolutions as such officer may deem necessary or appropriate in accordance with these resolutions and to certify, as necessary, to the adoption of these resolutions.

3

*Special Review Committee*

WHEREAS, the Board of Directors ("Board") of Residential Capital, LLC (the "Company") has appointed John Mack and Jonathan Ilany as Independent Directors; and

WHEREAS, the Board has requested that Messrs. Mack and Ilany serve together as a special committee (the "Special Review Committee") of the Board, for the purpose of implementing a process and procedure for the review and assessment of (i) all material transactions entered into between the Company and any affiliate (other than the Company's subsidiaries) of the Company, including Cerberus Capital Partners, L.P. ("Cerberus"), Ally Financial Inc. (f/k/a GMAC LLC, "Ally")) and any of their respective affiliates (each, an "Affiliate Transaction") that occurred since the formation of the Company in 2004 or such other time period recommended by the advisors to the Special Review Committee and the Board and going forward, (ii) the historic course of dealing and interrelationships between the Company and Ally and their respective subsidiaries and affiliates over the same time period and (iii) potential claims arising in relation to these transactions and interrelationships (clauses (i) through (iii), the "Committee Responsibilities"); and

WHEREAS, although the Special Committee of the Board that was established in July 2008 reviewed and recommended (and will continue to review and potentially recommend) certain Affiliate Transactions, the Board desires to establish this Special Review Committee so that a separate assessment may be conducted of Affiliate Transactions in the event the Company determines that it may be in its interest and in the interest of its creditors to enter into any transaction or a take any action in connection with which such separate assessment is deemed necessary or advisable, including, without limitation any such transaction or action involving the grant of releases of potential liability to the counterparties under those Affiliate Transactions;

NOW THEREFORE, BE IT:

RESOLVED, that the Board hereby delegates full authority to John Mack and Jonathan Ilany, acting as the Special Review Committee, to undertake the Committee Responsibilities, including to review and assess the Affiliate Transactions and the various interrelationships described above against the requirements for such transactions and interrelationships that are set out in the Company's Operating Agreement, secured note indenture and affiliated and third party funding facilities and against any other relevant legal requirements that the Special Review Committee deems relevant or appropriate, and to approve (or to recommend for approval by at least a majority of the full Board) any potential release of liability of any counterparty to any Affiliate Transactions that may be considered by the Company; and it was further

RESOLVED, that the Special Review Committee is authorized to design and communicate to the Board appropriate procedures, including timelines, for undertaking the Committee Responsibilities; and it was further

4

RESOLVED, that the Special Review Committee is authorized to engage such financial and other experts and consultants, including legal counsel, in respect of the Committee Responsibilities as the Committee believes to be necessary or advisable for the Committee to properly assess any of such transactions and interrelationships, which in each case shall be at the expense of the Company; and it was further

RESOLVED, that no other members of the Board will serve as members of the Special Review Committee; and it was further

RESOLVED, that the members of the Special Review Committee will recuse themselves from voting on or consenting to the execution of any Affiliate Transaction by the Company; and it was further

RESOLVED, that any officer of the Company or member of the Special Review Committee is, and they each hereby are, authorized and directed to do and perform, or cause to be done or performed, such acts, deeds and things and make, execute and deliver, or cause to be made, executed and delivered, documents or certificates in the name of the Company to effectuate these resolutions as such officer may deem necessary or appropriate in accordance with these resolutions and to certify, as necessary, to the adoption of these resolutions.



of



## ADJOURNMENT

There being no further business to come before the Board, the meeting was adjourned at 12:00 p.m.  The charts presented at this meeting are on file with the Secretary.

DATED December 5, 2011.

*Secretary*

**RESIDENTIAL CAPITAL, LLC**
**CONSENT TO ACTION**
**OF THE**
**BOARD OF DIRECTORS**

The undersigned, being the members of the Board of Directors of Residential Capital, LLC, a limited liability company organized under the laws of the State of Delaware (the "Company" or "ResCap"), acting pursuant to applicable Delaware law and the Company's limited liability company agreement, hereby adopts by this Consent to Action of the Board the following resolutions, which shall have the same force and effect as if adopted at a meeting of the Board of Directors:

**WHEREAS,** pursuant to Section 18 of the Company's Amended and Restated Limited Liability Company Agreement dated and effective as of March 31, 2008 (the "LLC Agreement"), the Company is obligated to indemnify, including payment of attorneys' fees, Covered Persons, which includes persons who were or are Directors, Officers or employees of the Company (as each of such terms is defined in the LLC Agreement), subject to the limitations set forth in Section 18 of the LLC Agreement; and

**WHEREAS,** on July 14, 2008, the Board of Directors (the "Board") of the Company adopted resolutions (the "2008 Resolutions") creating a Special Committee of Independent Directors (as defined in the Amended and Restated Operating Agreement, dated November 27, 2006, among General Motors Corporation, GMAC and the Company) (the "Special Committee") for the purpose of implementing a process and procedure for the approval of any material transactions entered into between the Company and any affiliate (other than the Company's subsidiaries) of the Company and any of their respective affiliates (each, an "Affiliate Transaction"), as set forth in the 2008 Resolutions; and

**WHEREAS,** on December 5, 2011, the Board updated the 2008 Resolutions (the "2011 Updating Resolutions") and delegated authority to certain Independent Directors acting as the Special Committee, to review and approve (or to recommend for approval by at least a majority of the full Board where majority Board approval is required under the Company's secured note indenture) any Affiliate Transaction involving aggregate consideration of $10 million or more; and

**WHEREAS,** on December 5, 2011, the Board adopted resolutions (the "2011 New Resolutions") and appointed certain Independent Directors to serve together as a special committee (the "Special Review Committee") of the Board, for the purpose of implementing a process and procedure for the review and assessment of (i) all Affiliate Transactions that occurred since the formation of the Company in 2004 or such other time period recommended by the advisors to the Special Review Committee and the Board, (ii) the historic course of dealing and interrelationships between the Company and Ally Financial Inc. and their respective subsidiaries and affiliates over the same time period and (iii) potential claims arising in relation to these transactions and interrelationships; and

**WHEREAS,** pursuant to the 2008 Resolutions and the 2011 Updating Resolutions and the 2011 New Resolutions, the Special Committee and the Special Review Committee are authorized to engage financial and other experts and consultants, including legal counsel, which shall be at the expense of the Company; and

**WHEREAS,** on May 14, 2012, the Company filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Bankruptcy Cases");

**NOW THEREFORE, BE IT:**

**RESOLVED,** that, the Special Committee and the Special Review Committee, appointed pursuant to the 2008 Resolutions, the 2011 Updating Resolutions or the 2011 New Resolutions, and their respective current and former members are authorized to engage legal counsel, in respect of any Affiliate Transaction, including

*ResCap Board Consent re Indemnification and Legal Fees for Independent Directors*
*August 29, 2012*

the review of such Affiliate Transactions by the examiner appointed in the Bankruptcy Cases, which in each case shall be at the expense of the Company.

**RESOLVED,** that, the Company shall indemnify current and former Independent Directors of the Company in connection with the review of any Affiliate Transaction, and shall pay the expenses of legal counsel to such former Independent Directors in accordance with the provisions of Section 18 of the LLC Agreement; and

**RESOLVED,** that the appropriate officers of the Company are authorized, empowered and directed, on behalf of the Company, to do and perform all such other acts and things and to execute and deliver all such documents or other instruments as such officers, individually or collectively, in their discretion, deem necessary or appropriate to carry out, comply with and effectuate the intent and purpose of the foregoing resolutions.

This Consent to Action of the Board of Directors may be executed in two or more counterparts, each of which shall be deemed an original and all of which taken together shall be deemed one and the same instrument; and facsimile signatures on this Consent to Action shall be deemed to constitute original signatures.

**IN WITNESS WHEREOF,** the undersigned members of the Board of Directors of Residential Capital, LLC have executed and delivered this Consent to Action effective as of the 29th day of August, 2012.

_____
Steven M. Abreu

_____
Edward F. Smith III

_____
Jonathan Ilany

_____
Pamela E. West

_____
John E. Mack

_____
James M. Whitlinger

_____
Thomas F. Marano

2

*ResCap Board Consent re Indemnification and Legal Fees for Independent Directors*
*August 29, 2012*

the review of such Affiliate Transactions by the examiner appointed in the Bankruptcy Cases, which in each case shall be at the expense of the Company.

      **RESOLVED,** that, the Company shall indemnify current and former Independent Directors of the Company in connection with the review of any Affiliate Transaction, and shall pay the expenses of legal counsel to such former Independent Directors in accordance with the provisions of Section 18 of the LLC Agreement; and

      **RESOLVED,** that the appropriate officers of the Company are authorized, empowered and directed, on behalf of the Company, to do and perform all such other acts and things and to execute and deliver all such documents or other instruments as such officers, individually or collectively, in their discretion, deem necessary or appropriate to carry out, comply with and effectuate the intent and purpose of the foregoing resolutions.

      This Consent to Action of the Board of Directors may be executed in two or more counterparts, each of which shall be deemed an original and all of which taken together shall be deemed one and the same instrument; and facsimile signatures on this Consent to Action shall be deemed to constitute original signatures.

      **IN WITNESS WHEREOF,** the undersigned members of the Board of Directors of Residential Capital, LLC have executed and delivered this Consent to Action effective as of the 29th day of August, 2012.


| | |
|---|---|
| Steven M. Abreu | Edward F. Smith III |
| Jonathan Ilany | Pamela E. West |
| John E. Mack | James M. Whitlinger |
| Thomas F. Marano | |

*ResCap Board Consent re Indemnification and Legal Fees for Independent Directors*
*August 29, 2012*

the review of such Affiliate Transactions by the examiner appointed in the Bankruptcy Cases, which in each case shall be at the expense of the Company.

**RESOLVED**, that, the Company shall indemnify current and former Independent Directors of the Company in connection with the review of any Affiliate Transaction, and shall pay the expenses of legal counsel to such former Independent Directors in accordance with the provisions of Section 18 of the LLC Agreement; and

**RESOLVED**, that the appropriate officers of the Company are authorized, empowered and directed, on behalf of the Company, to do and perform all such other acts and things and to execute and deliver all such documents or other instruments as such officers, individually or collectively, in their discretion, deem necessary or appropriate to carry out, comply with and effectuate the intent and purpose of the foregoing resolutions.

This Consent to Action of the Board of Directors may be executed in two or more counterparts, each of which shall be deemed an original and all of which taken together shall be deemed one and the same instrument; and facsimile signatures on this Consent to Action shall be deemed to constitute original signatures.

**IN WITNESS WHEREOF**, the undersigned members of the Board of Directors of Residential Capital, LLC have executed and delivered this Consent to Action effective as of the 29th day of August, 2012.


_____
Steven M. Abreu


_____
Jonathan Ilany


_____
John E. Mack


_____
Thomas F. Marano


_____
Edward F. Smith III


_____
Pamela E. West


_____
James M. Whitlinger

the review of such Affiliate Transactions by the examiner appointed in the Bankruptcy Cases, which in each case shall be at the expense of the Company.

**RESOLVED**, that, the Company shall indemnify current and former Independent Directors of the Company in connection with the review of any Affiliate Transaction, and shall pay the expenses of legal counsel to such former Independent Directors in accordance with the provisions of Section 18 of the LLC Agreement; and

**RESOLVED**, that the appropriate officers of the Company are authorized, empowered and directed, on behalf of the Company, to do and perform all such other acts and things and to execute and deliver all such documents or other instruments as such officers, individually or collectively, in their discretion, deem necessary or appropriate to carry out, comply with and effectuate the intent and purpose of the foregoing resolutions.

This Consent to Action of the Board of Directors may be executed in two or more counterparts, each of which shall be deemed an original and all of which taken together shall be deemed one and the same instrument; and facsimile signatures on this Consent to Action shall be deemed to constitute original signatures.

**IN WITNESS WHEREOF,** the undersigned members of the Board of Directors of Residential Capital, LLC have executed and delivered this Consent to Action effective as of the 29th day of August, 2012.

Steven M. Abreu

Edward F. Smith III

Jonathan Ilany

Pamela E. West

John E. Mack

James M. Whitlinger

Thomas F. Marano

2

the review of such Affiliate Transactions by the examiner appointed in the Bankruptcy Cases, which in each case shall be at the expense of the Company.

**RESOLVED**, that, the Company shall indemnify current and former Independent Directors of the Company in connection with the review of any Affiliate Transaction, and shall pay the expenses of legal counsel to such former Independent Directors in accordance with the provisions of Section 18 of the LLC Agreement; and

**RESOLVED**, that the appropriate officers of the Company are authorized, empowered and directed, on behalf of the Company, to do and perform all such other acts and things and to execute and deliver all such documents or other instruments as such officers, individually or collectively, in their discretion, deem necessary or appropriate to carry out, comply with and effectuate the intent and purpose of the foregoing resolutions.

This Consent to Action of the Board of Directors may be executed in two or more counterparts, each of which shall be deemed an original and all of which taken together shall be deemed one and the same instrument; and facsimile signatures on this Consent to Action shall be deemed to constitute original signatures.

**IN WITNESS WHEREOF**, the undersigned members of the Board of Directors of Residential Capital, LLC have executed and delivered this Consent to Action effective as of the 29th day of August, 2012.

Steven M. Abreu

Edward F. Smith III

Jonathan Ilany

Pamela E. West

John E. Mack

James M. Whitlinger

Thomas F. Marano

2

*ResCap Board Consent re Indemnification and Legal Fees for Independent Directors*
*August 29, 2012*

the review of such Affiliate Transactions by the examiner appointed in the Bankruptcy Cases, which in each case shall be at the expense of the Company.

**RESOLVED**, that, the Company shall indemnify current and former Independent Directors of the Company in connection with the review of any Affiliate Transaction, and shall pay the expenses of legal counsel to such former Independent Directors in accordance with the provisions of Section 18 of the LLC Agreement; and

**RESOLVED**, that the appropriate officers of the Company are authorized, empowered and directed, on behalf of the Company, to do and perform all such other acts and things and to execute and deliver all such documents or other instruments as such officers, individually or collectively, in their discretion, deem necessary or appropriate to carry out, comply with and effectuate the intent and purpose of the foregoing resolutions.

This Consent to Action of the Board of Directors may be executed in two or more counterparts, each of which shall be deemed an original and all of which taken together shall be deemed one and the same instrument; and facsimile signatures on this Consent to Action shall be deemed to constitute original signatures.

**IN WITNESS WHEREOF**, the undersigned members of the Board of Directors of Residential Capital, LLC have executed and delivered this Consent to Action effective as of the 29th day of August, 2012.

Steven M. Abreu

Edward F. Smith III

Pamela E. West

Jonathan Ilany

John E. Mack

James M. Whitlinger

Thomas F. Marano

2

*ResCap Board Consent re Indemnification and Legal Fees for Independent Directors*
*August 29, 2012*

the review of such Affiliate Transactions by the examiner appointed in the Bankruptcy Cases, which in each case shall be at the expense of the Company.

**RESOLVED,** that, the Company shall indemnify current and former Independent Directors of the Company in connection with the review of any Affiliate Transaction, and shall pay the expenses of legal counsel to such former Independent Directors in accordance with the provisions of Section 18 of the LLC Agreement; and

**RESOLVED,** that the appropriate officers of the Company are authorized, empowered and directed, on behalf of the Company, to do and perform all such other acts and things and to execute and deliver all such documents or other instruments as such officers, individually or collectively, in their discretion, deem necessary or appropriate to carry out, comply with and effectuate the intent and purpose of the foregoing resolutions.

This Consent to Action of the Board of Directors may be executed in two or more counterparts, each of which shall be deemed an original and all of which taken together shall be deemed one and the same instrument; and facsimile signatures on this Consent to Action shall be deemed to constitute original signatures.

**IN WITNESS WHEREOF,** the undersigned members of the Board of Directors of Residential Capital, LLC have executed and delivered this Consent to Action effective as of the 29th day of August, 2012.


_____          _____
Steven M. Abreu                                          Edward F. Smith III


_____          _____
Jonathan Ilany                                           Pamela E. West


_____          _____
John E. Mack                                             James M. Whitlinger


_____
Thomas F. Marano