# EXHIBIT 4

FERRY COUNTY

JUN 1 1 2012
8:00 AM
JEAN BOOHER

IN THE SUPERIOR COURT OF FERRY COUNTY, STATE OF WASHINGTON

IN RE:

CONNOR, JOSEPH A III
   Plaintiff

V

GMAC MORTGAGE, LLC, et al
   Defendants

Case No. 11-2-00098-6

PLAINTIFF'S REQUEST FOR CLARIFICATION AS TO OPERATION OF THE AUTOMATIC STAY IN DEFENDANTS' BANKRUPTCY UNDER 11 US CODE, 362

Judge: A Nielson

No Hearing Requested

PLAINTIFF'S REQUEST TO COURT

1. On 14 May 2012, Residential Capital, LLC, dba GMAC Mortgage, LLC, was granted relief by the US Bankruptcy Court, District of Southern New York (Manhattan). The Case No. is 12-12020.

2. On 16 May 2012, Defendants' attorney notified Plaintiff of the GMAC Chapter 11 petition and advised Plaintiff that both his claims against GMAC were stayed, attachment 1.

3. Defendant Executive Trustee Services, LLC was also granted relief under the same

-Plaintiff's Request for Clarification at to
Operation of the Automatic Stay In
Defendants' Bankruptcy Under 11 US Code, 362

Joseph A Connor III
PO Box 1474
Cobb, CA 95426
707-809-7093
Pro se Plaintiff



petition.

4. The Court was notified of the GMAC Mortgage bankruptcy action on 18 May by both the Plaintiff and Defendants' attorney prior to hearing any matters before it. The Court chose to move ahead on the matters at hand, matters involving the Plaintiff and GMAC Mortgage, LLC, without making any determination as to whether or not the Automatic Stay applied or did not apply to the Court's authority to rule on said matters, or as to whether the Automatic Stay applied to those matters.

5. Ally Financial, Inc, the parent company of GMAC Mortgage, LLC did not petition the Bankruptcy for relief, but its status vis-à-vis the stay is unclear.

   a. Ally Financial, GMAC Mortgage and Residential Capital are essentially extensions of each other. The three corporations have failed to maintain each its own independence. Ally is a director of both GMAC Mortgage and Residential Capital.

   b. Ally Financial put GMAC Mortgage/Res Cap into Chapter 11. Ally's CEO, Michael Carpenter announced Ally's action to the world, declaring that the purpose of the Res Cap/GMAC Mortgage Chapter 11 petition was to end the drag on Ally (Detroit Free Press, 14 May 2012). In 2011, Ally Financial lost $402 million tied to Res Cap/GMAC Mortgage, ibid.

   c. Whether the automatic stay will operate to protect Ally Financial is a matter for the Bankruptcy Court, but as of now that protection is up in the air.

6. Defendants' attorney now informs Plaintiff that he will appear on 8 June 2012, via Court Call to pursue a Motion for Summary Judgment and a Motion for Sanctions on behalf of Defendants MERS, Karen Balsano, Ally Financial and LSI Title Agency, attachments 2 & 3.

-Plaintiff's Request for Clarification at to
Operation of the Automatic Stay in
Defendants' Bankruptcy Under 11 US Code, 362

Joseph A Connor III
PO Box 1474
Cobb, CA 95426
707-809-7093
Pro se Plaintiff

7. Plaintiff's requests to appear in the Summary Judgment matter via Court Call were expressly denied by the Court Administrator, Evelyn Bell, on at least three occasions (citing no particular authority). Ms Bell can be summoned if necessary to assure the Court of her information to the Plaintiff that all parties to a Summary Judgment Motion must appear in person or must appear in person before the Court via counsel.

8. None of the Defendants in # 6 was mentioned (Karen Balsano excepted) in Defendants' 20 April 2012 filing.

9. Mortgage Electronic Registration Systems, LLC (MERS) was not a party to Defendants' 20 April 2012 submissions to the Court. Plaintiff asks the Court to note Defendants' attorney, William G Fig's, initial Notice of Appearance, attachment 4. It does not include MERS.

10. MERS does not appear until 11 May 2012, attachment 5, after the Plaintiff notified Mr Fig that MERS was not his client and had in fact, made no appearance in Case No 11-2-00098-6 in Ferry County Superior Court. MERS has yet to respond to any part of Plaintiff's complaint. Defendants' attorney has once again attempted to deceive the Court.

11. Without the participation of GMAC Mortgage, LLC, this case makes little sense. Without GMAC Mortgage, Plaintiff has no possible defense against Defendants' Summary Judgment and Sanctions Motions, despite the fact that Paragraph 9 of the Settlement Agreement between Plaintiff and Defendants sanctions Plaintiff's second claim of his Amended Complaint.

12. For the record, Plaintiff asks the Court for clarification as to what is and is not stayed by the operation of 11 US Code, 362(a) in the relief granted Res Cap, GMAC Mortgage, LLC,

-Plaintiff's Request for Clarification at to
Operation of the Automatic Stay in
Defendants' Bankruptcy Under 11 US Code, 362

Joseph A Connor III
PO Box 1474
Cobb, CA 95426
707-809-7093
Pro se Plaintiff

ETS, LLC and possibly Ally Financial, Inc., as that stay applies to Plaintiff's case, now pending before this Court. To what does the stay apply and to what does it not apply, and to who does it apply and to who does it not apply?

13. Plaintiff will not expose himself to any possible violations of the Automatic Stay without such clarification by the Court.

Dated: 5 June 2012

_____
Joseph A Connor III, Pro se Plaintiff

CERTIFICATE OF SERVICE

I CERTIFY under penalty of perjury that I caused the foregoing Request by Plaintiff for Clarification to be mailed via 1st Class US Mail, Postage Prepaid to:

William G Fig
1000 SW Broadway, Suite 1400
Portland, Oregon 97205

Dated: 5 June 2012

_____
Celeste Potter

-Plaintiff's Request for Clarification at to
Operation of the Automatic Stay in
Defendants' Bankruptcy Under 11 US Code, 362

Joseph A Connor III
PO Box 1474
Cobb, CA 95426
707-809-7093
Pro se Plaintiff