| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | Hearing Date: 9/27/12<br>Hearing Time: 10:00a.m. |
| In Re:<br><br>RESIDENTIAL CAPITAL, LLC, et al.<br><br>Debtor. | **NOTICE OF MOTION FOR TERMINATION OF AUTOMATIC STAY**<br><br>Case No.: 12-12020<br><br>(Chapter 11)<br><br>Assigned to:<br>Hon. Martin Glenn<br>Bankruptcy Judge |

Please take notice that Union Savings Bank by the undersigned attorneys, will move this Court on the September 27, 2012, at 10:00AM or as soon thereafter as counsel can be heard, at the United States Bankruptcy Court, One Bowling Green, New York, NY 10004-1408 for an Order pursuant to 11 U.S.C. §§ 362(d)(1) and 362(d)(2) terminating the automatic stay to allow Movant to proceed with its State Foreclosure Action and for such other relief as the Court may deem proper.

**PURSUANT TO LOCAL BANKRUPTCY RULE 9006-1(a), ANY ANSWERING PAPERS ARE TO BE SERVED SO AS TO BE RECEIVED BY THE SECURED CREDITOR'S COUNSEL NO LATER THAN 7 DAYS BEFORE THE HEARING DATE.**

DATED:   September 6, 2012
         New Rochelle, New York

Yours, etc.,

Charles A. Higgs
McCabe, Weisberg & Conway, P.C.
Attorneys for Union Savings Bank
145 Huguenot Street
New Rochelle, NY 10801
Telephone 914-636-8900

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――X
IN RE:

RESIDENTIAL CAPITAL, LLC, et al.

CH: 11
Case No:. 12-12020

Debtor.
―――――――――――――――――――――X

**MOTION FOR RELIEF FROM STAY**

Union Savings Bank, (hereinafter "Movant") by and through its attorneys, McCabe, Weisberg & Conway, P.C., hereby moves to terminate the automatic stay in order to proceed with a residential foreclosure sale in which Residential Funding Company, LLC, ("RFC, LLC") holds a junior lien.

1. Debtors are the holders and/or servicers of a large number of loans secured by mortgages on residential properties. Prior to Debtors' bankruptcy filing a number of foreclosure actions and sales had been initiated or scheduled by senior lien holders in which one or more of the Debtors hold junior liens and are therefore named as defendants in the actions.

2. One such foreclosure action involves certain real property located at 890 South Troy Avenue, Cincinnati, OH 45246 (the "Property") in which Movant is the senior lien holder and one of the Debtors, RFC, LLC is a junior lien holder. A Judgment and Decree of Foreclosure was already entered in the foreclosure action and the automatic stay is now preventing the foreclosure sale.

3. Upon the Debtors' bankruptcy filing the automatic stay was imposed under 11 U.S.C. §362(a), which prevents Movant from pursuing its rights and remedies under its note and mortgage including foreclosure and sale of the Property. Accordingly, Movant has filed the instant action seeking relief from the automatic stay under Section 362(d) of the Bankruptcy Code.

4. Movant is seeking relief from stay in order to proceed with a foreclosure action and sale. The foreclosure sale will result in the junior lien of RFC, LLC becoming extinguished. A copy of Movant's note and mortgage is attached as Exhibit "A" and a copy of the order entered in the

Hamilton County Court of Common Pleas determining that RFC, LLC has a lien junior to Movant's is attached as Exhibit "B".

5. In moving for relief under Section 362(d) the initial burden is on the moving party to show cause for relief from stay. Once cause is shown the burden moves to the party opposing relief. *See* Schneiderman v. Bodanovich (In re Bodanavich, 292 F.3d 104, 110 (2d Cir. 2002) (citing Mazzeo v. Lenhart (In re Mazzeo), 167 F.3d 139, 142-143 (2d Cir. 1999).

6. Movant has grounds for relief from the automatic stay under both 11 U.S.C. §§ 362(d)(1) and 362 (d)(2).

7. 11 U.S.C.§362(d) provides in pertinent part that the Court shall grant relief form the stay imposed by Section 362(a)
   (1) "for cause, including lack of adequate protection of an interest in property..."
   (2) "with respect to a stay of an act against property under subsection (a) of this section, if-
      (A) the debtor does not have an equity in such property, and
      (B) such property is not necessary to an effective reorganization

8. Movant has cause from relief under 362(d)(1) in that the delay in sale of the property as a result of the automatic stay puts Movant at risk of having a tax lien or other superior lien jump its lien. Additionally the stay caused by the instant bankruptcy delays the foreclosure sale, therefore forcing Movant to hold the non-performing loan.

9. Movant also has cause for relief under 362(d)(2) in that RFC, LLC's lien has no value and is not necessary for a reorganization. According to the Hamilton County Auditor's record the property has a value of $309,670.00, while Movant has a first lien in the amount of approximately $308,862.90. See Hamilton County Auditor's record attached as Exhibit "C" The junior lien held by RFC, LLC adds no value to the estate and is therefore is not a necessary part of the Debtors' reorganization efforts. In fact allowing the stay to remain in place diminishes what little value, if any, that the junior lien would add the bankruptcy estate.

WHEREFORE, Movant respectfully requests that the automatic stay be lifted to allow Movant to pursue its rights and remedies under its note and mortgage including the continuation of the foreclosure sale.

Dated: September 6, 2012
New Rochelle, NY

Respectfully Submitted,

Charles Higgs
McCabe, Weisberg, & Conway, P.C.
145 Huguenot St.
New Rochelle, NY 10801
(914) 636-8900