Hearing Date and Time:  September 11, 2012 at 10:00 a.m. (Prevailing Eastern Time)

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Philip Bentley
Douglas H. Mannal
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the Official*
*Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | : | Case No. 12-12020 (MG) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |

------------------------------------------------------------ x

**STATEMENT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
IN SUPPORT OF (I) ENTRY OF ORDER AUTHORIZING THE EMPLOYMENT
AND RETENTION OF SAN MARINO BUSINESS PARTNERS LLC AS CONSULTANT
TO THE COMMITTEE, *NUNC PRO TUNC* TO AUGUST 11, 2012 AND (II) ENTRY
OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF
COHERENT ECONOMICS LLC AS CONSULTANT TO THE
COMMITTEE, *NUNC PRO TUNC* TO AUGUST 11, 2012**

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

        The Official Committee of Unsecured Creditors (the "<u>Committee</u>") of the above-captioned debtors and debtors-in-possession (collectively, the "<u>Debtors</u>") hereby submits this statement (the "<u>Statement</u>") in support of (i) entry of an order authorizing the employment and retention of San Marino Business Partners LLC ("<u>SMBP</u>") as consultant and possible expert witness for the Committee in connection with the above-captioned chapter 11 cases (the "<u>Chapter 11 Cases</u>"), *nunc pro tunc* to August 11, 2012 and (ii) entry of an order authorizing the

employment and retention of Coherent Economics LLC ("Coherent Economics") as consultant for

the Committee, *nunc pro tunc* to August 11, 2012.

1.       On August 27, 2012, the Committee filed an application (the "SMBP

Retention Application") to retain SMBP as consultant and possible expert witness along with a

declaration from Bradford Cornell  (the "Original Cornell Declaration").  The SMBP Retention

Application and the Original Cornell Declaration explained that SMBP would subcontract with

Coherent Economics to assist with its analysis of the RMBS Settlement.

2.       At the request of the Office of the United States Trustee (the "U.S.

Trustee"), SMBP will not subcontract with Coherent Economics and instead, the Committee will

separately retain Coherent Economics.  Coherent Economics will work with the other Committee

professionals and in particular, assist Professor Cornell and SMBP with its analysis of the RMBS

Settlement.

3.       The Committee respectfully requests that the Court enter (i) an order

approving the retention of SMBP as consultant and  possible expert witness for the Committee,

substantially in the form attached hereto as Exhibit A and (ii) enter an order approving the

retention of Coherent Economics as consultant for the Committee, substantially in the form

attached hereto as Exhibit B.  In support of this request, the Committee submits the supplemental

declaration of Bradford Cornell, attached hereto as Exhibit C and the declaration of Alan S.

Frankel, attached hereto as Exhibit D.

4.       In support of this Statement and the retention of Coherent Economics, the

Committee incorporates by reference the SMBP Retention Application, including the legal and

statutory predicates for retention of consultants to the Committee.

Dated: New York, New York
September 6, 2012

KRAMER LEVIN NAFTALIS & FRANKEL LLP

/s/ Philip Bentley
Kenneth H. Eckstein
Philip Bentley
Douglas H. Mannal

1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000
*Counsel for the Official Committee*
*of Unsecured Creditors*

## EXHIBIT A

**SMBP Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Residential Capital, LLC, <u>et</u> <u>al.</u>, | : | Case No. 12-12020 (MG) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |

------------------------------------------------------------- x

## ORDER APPROVING RETENTION OF SAN MARINO BUSINESS PARTNERS LLC AS CONSULTANT TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, *NUNC PRO TUNC* TO AUGUST 11, 2012

Upon the application (the "<u>Application</u>") and statement (the "<u>Statement</u>"), of the Official Committee of Unsecured Creditors appointed in the above-captioned cases (the "<u>Committee</u>") for entry of an order (the "<u>Order</u>") authorizing the retention of San Marino Business Partners LLC ("<u>SMBP</u>") as consultant and possible expert witness to the Committee effective as of August 11, 2012, as more fully described in the Application; and upon the Declaration of Bradford Cornell (the "<u>Original Cornell Declaration</u>"), a managing director of SMBP, dated August 27, 2012, attached to the Application as Exhibit A; and upon the Supplemental Declaration of Bradford Cornell (the "<u>Supplemental Cornell Declaration</u>, and together with the Original Cornell Declaration, the "<u>Cornell Declarations</u>"), dated September 6, 2012, attached to the Statement as Exhibit C; and the Court being satisfied that based on the representations made in the Application and the Cornell Declarations that SMBP is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and as required under section 327(a) of the Bankruptcy Code, and that SMBP represents no interest adverse to the Debtors' estates or the Committee with respect to the matters upon which it is to be engaged; and the Court having jurisdiction to consider the Application and the relief requested

therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and the Amended Standing Order M-431 of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated January 31, 2012 (Preska, Acting C.J.); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided; and a hearing having been held to consider the relief requested in the Application (the "Hearing"); and upon the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Application is in the best interests of the Committee and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Application is granted as provided herein; and it is further

ORDERED that SMBP will be working in tandem with Coherent Economics, LLC and shall use its best efforts to avoid any duplication of services provided by any of the Committee's other retained professionals in these Chapter 11 cases; and it is further

ORDERED that if the Committee requests that SMBP provide additional advice on matters substantially associated with the subject matter of SMBP's retention but not specifically enumerated in the Application, SMBP shall advise the US Trustee and the Debtors to the extent possible of such additional matters; and it is further

ORDERED that in accordance with sections 328 and 1103 of the Bankruptcy Code and Bankruptcy Rule 2014 and Local Bankruptcy Rule 2014-1, the Committee is authorized to retain and employ SMBP as its consultant and possible expert witness in accordance with the terms and

conditions set forth in the Application and the Engagement Letter, *nunc pro tunc* to August 11, 2012; and it is further

ORDERED that payment of SMBP's fees and expenses shall be made pursuant to the terms described in the Application and the Cornell Declaration, in accordance with the applicable provisions of the Bankruptcy Code (including Bankruptcy Code §§ 330 and 331), the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. Section 330, dated January 30, 1996, and any other applicable procedures and orders of this Court; and it is further

ORDERED that prior to any increases in rates as set forth in the Application, SMBP shall file a supplemental declaration with the Court and give ten business days' notice to the Debtors, the United States Trustee and any official committee, which supplemental declaration shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and indicate whether the client has received notice of and approved the proposed rate increase; and it is further

ORDERED that the Engagement Letter is incorporated herein by reference and approved in all respects; and it is further

ORDERED that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that the Committee is authorized and empowered to take all actions necessary to implement the relief granted in this Order; and it is further

ORDERED that notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of

Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among

AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve

System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5,

2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of

Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit

Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and

Ally Bank and their respective subsidiaries and affiliates; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising

from or related to this Order.

Dated:  New York, New York

_____, 2012


_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

**<u>EXHIBIT B</u>**

**Coherent Economics Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Residential Capital, LLC, <u>et</u> <u>al.</u>, | : | Case No. 12-12020 (MG) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |

---------------------------------------------------------- x

### ORDER APPROVING RETENTION OF COHERENT ECONOMICS LLC AS CONSULTANT TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, *NUNC PRO TUNC* TO AUGUST 11, 2012

Upon the statement (the "<u>Statement</u>"), of the Official Committee of Unsecured Creditors appointed in the above-captioned cases (the "<u>Committee</u>") for entry of an order (the "<u>Order</u>") authorizing the retention of Coherent Economics, LLC ("<u>Coherent Economics</u>") as consultant to the Committee effective as of August 11, 2012, as more fully described in the Statement[1]; and upon the Declaration of Alan S. Frankel (the "<u>Frankel Declaration</u>"), the director of Coherent Economics, dated September 6, 2012, attached to the Statement as Exhibit D; and the Court being satisfied that based on the representations made in the Statement and the Frankel Declaration that Coherent Economics is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and as required under section 327(a) of the Bankruptcy Code, and that Coherent Economics represents no interest adverse to the Debtors' estates or the Committee with respect to the matters upon which it is to be engaged; and the Court having jurisdiction to consider the Statement and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Statement and the

---

[1] The Statement incorporates by reference the Application of the Committee to retain San Marino Business Partners LLC as consultant to the Committee.

relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and the Amended

Standing Order M-431 of Referral of Cases to Bankruptcy Court Judges of the District Court for

the Southern District of New York, dated January 31, 2012 (Preska, Acting C.J.); and venue being

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Statement

having been provided; and a hearing having been held to consider the relief requested in the

Statement (the "Hearing"); and upon the record of the Hearing and all of the proceedings had

before the Court; and the Court having found and determined that the relief sought in the

Statement is in the best interests of the Committee and that the legal and factual bases set forth in

the Statement establish just cause for the relief granted herein; and after due deliberation and

sufficient cause appearing therefor, it is

ORDERED that the Statement is granted as provided herein; and it is further

ORDERED that Coherent Economics will be working in tandem with San Marino

Business Partners LLC and shall use its best efforts to avoid any duplication of services provided

by any of the Committee's other retained professionals in these Chapter 11 cases; and it is further

ORDERED that if the Committee requests that Coherent Economics provide additional

advice on matters substantially associated with the subject matter of Coherent Economics'

retention but not specifically enumerated in the Statement or Frankel Declaration, Coherent

Economics shall advise the US Trustee and the Debtors to the extent possible of such additional

matters; and it is further

ORDERED that in accordance with sections 328 and 1103 of the Bankruptcy Code and

Bankruptcy Rule 2014 and Local Bankruptcy Rule 2014-1, the Committee is authorized to retain

and employ Coherent Economics as its consultant in accordance with the terms and conditions set

forth in the Statement and the Coherent Economics' Engagement Letter, *nunc pro tunc* to August 11, 2012; and it is further

ORDERED that payment of Coherent Economics' fees and expenses shall be made pursuant to the terms described in the Statement and the Frankel Declaration, in accordance with the applicable provisions of the Bankruptcy Code (including Bankruptcy Code §§ 330 and 331), the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. Section 330, dated January 30, 1996, and any other applicable procedures and orders of this Court; and it is further

ORDERED that prior to any increases in rates as set forth in the Application, Coherent Economics shall file a supplemental declaration with the Court and give ten business days' notice to the Debtors, the United States Trustee and any official committee, which supplemental declaration shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and indicate whether the client has received notice of and approved the proposed rate increase; and it is further

ORDERED that the Coherent Economics' Engagement Letter is incorporated herein by reference and approved in all respects; and it is further

ORDERED that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that the Committee is authorized and empowered to take all actions necessary to implement the relief granted in this Order; and it is further

ORDERED that notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of

- 3 -

Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among

AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve

System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5,

2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of

Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit

Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and

Ally Bank and their respective subsidiaries and affiliates; and it is further

      ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising

from or related to this Order.

Dated:  New York, New York

           _____, 2012

                              _____
                              THE HONORABLE MARTIN GLENN
                              UNITED STATES BANKRUPTCY JUDGE

## <u>EXHIBIT C</u>

**Supplemental Cornell Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------- x
In re:                                                   :    Chapter 11
                                                         :
Residential Capital, LLC, <u>et</u> <u>al.</u>,          :    Case No. 12-12020 (MG)
                                                         :
                            Debtors.                     :    Jointly Administered
                                                         :
---------------------------------------------------------- x

### SUPPLEMENTAL DECLARATION OF BRADFORD CORNELL IN SUPPORT OF APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF SAN MARINO BUSINESS PARTNERS LLC AS <u>CONSULTANT TO THE COMMITTEE, *NUNC PRO TUNC* TO AUGUST 11, 2012</u>

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, BRADFORD CORNELL declares:

5.       I am the sole member and managing director of San Marino Business Partners LLC ("<u>SMBP</u>"), which is located at 607 Foxwood Road, La Canada, California 91101. I make this supplemental declaration (the "<u>Supplemental Declaration</u>") to supplement the Declaration of Bradford Cornell, executed on August 27, 2012 (the "<u>Original Declaration</u>") both in support of the application dated August 27, 2012 (the "<u>SMBP Retention Application</u>") of the duly-appointed Official Committee of Unsecured Creditors (the "<u>Committee</u>") in the chapter 11 cases (the "<u>Chapter 11 Cases</u>") of the above-captioned debtors and debtors-in-possession (collectively, the "<u>Debtors</u>") seeking entry of an order, substantially in the form attached to the Application as <u>Exhibit B</u>, authorizing the retention of SMBP as consultant and possible expert witness to the Committee in compliance with sections 328 and 1103 of chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and to provide the disclosure required under Rules

2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and Rules

2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the

"<u>Local Bankruptcy Rules</u>").

6.      Unless otherwise stated in this Declaration, I have personal knowledge of

the facts hereinafter set forth.   To the extent that any information disclosed herein requires

subsequent amendment or modification upon SMBP's completion of further analysis or as

additional information regarding creditors and other parties-in-interest becomes available, one or

more supplemental declarations will be submitted to the Court reflecting the same.

7.      On August 27, 2012, the Committee filed the SMBP Retention Application

to retain San Marino Business Partners, LLC ("<u>SMBP</u>") as consultant and possible expert witness.

The SMBP Retention Application and the Original Cornell Declaration explained that SMBP

would subcontract with Coherent Economics to assist with its analysis of the RMBS Settlement.

8.      At the request of the Office of the United States Trustee (the "<u>U.S.

Trustee</u>"), SMBP will not subcontract with Coherent Economics and instead, the Committee will

separately retain Coherent Economics.  Coherent Economics will be assisting me with my analysis

of the RMBS Settlement.

9.      SMBP will not include the fees or expenses incurred by Coherent

Economics in its monthly fee statements and its fee applications.  Instead, Coherent Economics

will prepare its own monthly fee statements and fee applications.  SMBP has agreed not to receive

any portion of the fees or expenses that Coherent Economics' receives in connection with this

engagement.  SMBP will not share any compensation to be paid by the Debtors, with any other

person, other than its principals or employees, or firm.

10.     SMBP and Coherent Economics are not affiliated companies and there is no backstop or guarantee of payments, insurance or other similar services between the two companies.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: Pasadena, California
       September 6, 2012

/s/ Bradford Cornell
Bradford Cornell

## EXHIBIT D

**Frankel Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------ x
In re:                                              :    Chapter 11
                                                    :
Residential Capital, LLC, et al.,                   :    Case No. 12-12020 (MG)
                                                    :
                                    Debtors.        :    Jointly Administered
                                                    :
------------------------------------------------------------ x

### DECLARATION OF ALAN S. FRANKEL IN SUPPORT
### OF APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
### FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION
### OF COHERENT ECONOMICS, INC, *NUNC PRO TUNC* TO AUGUST 11, 2012

    Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, ALAN S.

FRANKEL declares:

    1.  I am the sole member and director of Coherent Economics, LLC ("Coherent

Economics") which is located at 2800 Acacia Terrace, Buffalo Grove, Illinois 60089.  I made this

declaration (the "Declaration") in support of the statement and request of the duly-appointed

Official Committee of Unsecured Creditors (the "Committee") in the chapter 11 cases (the

"Chapter 11 Cases") of the above-captioned debtors and debtors-in-possession (collectively, the

"Debtors") seeking entry of an order, authorizing the retention of Coherent Economics as

consultant to the Committee in compliance with sections 328 and 1103 of chapter 11 of title 11 of

the United States Code (the "Bankruptcy Code") and to provide the disclosure required under

Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and

Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York

(the "Local Bankruptcy Rules").

2.      Unless otherwise stated in this Declaration, I have personal knowledge of the facts hereinafter set forth.  To the extent that any information disclosed herein requires subsequent amendment or modification upon Coherent Economics' completion of further analysis or as additional information regarding creditors and other parties-in-interest becomes available, one or more supplemental declarations will be submitted to the Court reflecting the same.

3.      On August 27, 2012, the Committee filed an application (the "<u>SMBP Retention Application</u>") to retain San Marino Business Partners, LLC ("<u>SMBP</u>") as consultant and possible expert witness along with a declaration from Bradford Cornell (the "<u>Original Cornell Declaration</u>").  The SMBP Retention Application and the Original Cornell Declaration explained that SMBP would subcontract with Coherent Economics to assist with its analysis of the RMBS Settlement.

4.      At the request of the Office of the United States Trustee (the "<u>U.S. Trustee</u>"), SMBP will not subcontract with Coherent Economics and instead, the Committee will separately retain Coherent Economics.   Coherent Economics will work with the other professionals retained by the Committee and in particular, assist Professor Cornell and SMBP with its analysis of the RMBS Settlement, including the statistical analysis of the results of a review of up to 1,500 loan files, econometric analyses of loss incidence and severity and estimation of breach-related losses.  It is expected that Coherent Economics' services will include, without limitation, the following consulting services:

- Estimation of the Debtors' put-back liabilities;
- Review and analysis of the Debtors' loan files (it is currently anticipated that the re-underwriter will be reviewing up to 1,500 loan files);
- Assisting SMBP with the development of an expert report and opinion with respect to the RMBS Settlement;
- Provision of such other consulting or advisory services as may be needed.

5.      A copy of the engagement letter between Kramer Levin, on behalf of the Committee and Coherent Economics is attached hereto as Exhibit 1.

6.      Coherent Economics will prepare its own monthly fee statements and fee applications.  Coherent Economics' current billing rates are as follows: $775/hour for Dr. Alan S. Frankel (Director); $690/hour for Dr. Roy J. Epstein (Senior Consultant); $645/hour for consultants; $495/hour for economists; and $220 to $445/hour for research analysts.  These hourly billing rates are subject to periodic adjustments to reflect economic and other conditions.  Coherent Economics regularly charges its clients for expenses incurred in connection with the representation of a client in a given matter.  Such expenses include, without limitation, travel costs, telecommunications, express or overnight mail, messenger service, photocopying costs, overtime meals, and other computer research related expenses, and, in general, all identifiable expenses that would not have been incurred except for representation of a particular client.  Coherent Economics will abide by the rules and regulations relating to reimbursement of expenses which have been adopted by this Court and by the Office of the United States Trustee.

7.      I understand that SMBP has agreed not to receive any portion of the fees or expenses that Coherent Economics' receives in connection with this engagement.  Coherent Economics will not share any compensation to be paid by the Debtors, with any other person, other than other principals, employees or other associates paid by Coherent Economics, or firm.[1]

---

[1] In the ordinary course of its business, Coherent Economics may retain the services of other associates, including economic experts, consultants, and support staff.  Upon Coherent Economics' engagement on a particular assignment, one or more such associates may be assigned to assist the other Coherent Economics' personnel for such engagement. Such advisors act under the management of Coherent Economics' Director who retains the lead role and primary responsibility for such assignment.  The fees and expenses of such associates are paid solely by Coherent Economics and such associates will not receive a percentage interest in any of Coherent Economics' compensation relating to its work in this engagement.

8.      SMBP and Coherent Economics are not affiliated companies and there is no backstop or guarantee of payments, insurance or other similar services between the two companies.

9.      In connection with preparation of the SMBP Retention Application and Original Cornell Declaration, I and other staff at Coherent Economics who will be working on this engagement reviewed the Retention Checklist.   Any client connection in which Coherent Economics or any other professional who will be working on this engagement had represented a Contact Party within the last two years was compiled for purposes of the Original Cornell Declaration and the results of that review were included in the Original Cornell Declaration.[2]

10.     Based on this review and the disclosures made in the Original Cornell Declaration,[3] it appears that Coherent Economics (i) does not hold or represent an interest that is adverse to the Debtors' estates or the Committee on matters on which engaged, (ii) is a disinterested person who does not hold or represent any interest adverse to and has no connection with (subject to the disclosures set forth in the Original Cornell Declaration) the Debtors, their creditors, the United States Trustee or any party-in-interest herein in the matters upon which Coherent Economics is to be retained, and (iii) is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, subject to the disclosures made in the Original Cornell Declaration.

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Original Cornell Declaration

[3] The specific disclosures with regard to Coherent Economics made in the Original Cornell Declaration were as follows: (i) Coherent Economics will not perform work for any other entities in matters directly related to these Chapter 11 Cases; (ii) various other employees and personnel at Coherent Economics working on this engagement are either independent contractors or former employees of Compass Lexecon (a division of FTI Consulting, Inc.); (iii) I (Dr. Frankel)  serve as a director on the board of a non-profit with the CEO of MB Financial Bank, N.A. and (iv) the Retention Checklist includes a number of financial institutions and employees of Coherent Economics may have interactions as consumers with a number of entities on the Retention Checklist in matters unrelated to the Debtors' Chapter 11 Cases.

11.    Coherent Economics is not a creditor, equity security holder or an insider of any of the Debtors.

12.    Coherent Economics is not, and was not within the two years prior to the petition date, a director, officer, or employee of any of the Debtors.

13.    Accordingly, I believe Coherent Economics is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: Buffalo Grove, Illinois
       September 6, 2012

                                    /s/  Alan S. Frankel
                                    Alan S. Frankel

## **EXHIBIT 1**

**Engagement Letter**

**Coherent Economics, LLC**
2800 Acacia Terrace
Buffalo Grove, IL 60089
(847) 913-8187

As of August 11, 2012

Philip Bentley, Esq.
Partner
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036

RE:    Residential Capital, LLC, et al.,
U.S. Bankruptcy Court for the Southern District of New York
Case No. 12-12020
<u>Evaluation of Proposed Settlement of Debtors' RMBS Liabilities.</u>

Dear Mr. Bentley,

This letter confirms the engagement, subject to approval of the Bankruptcy Court
for the Southern District of New York (the "Bankruptcy Court"), of Coherent
Economics, LLC ("Coherent"), effective August 11, 2012, by Kramer Levin Naftalis &
Frankel LLP ("Kramer Levin") on behalf of the Official Committee of Unsecured
Creditors (the "Committee") of Residential Capital, LLC et al. (the "Debtors") in the
above-referenced matter to assist the Committee with the evaluation of the
proposed settlement of the Debtors' RMBS liabilities, and if necessary, assist San
Marino Business Partners LLC and its expert, Professor Bradford Cornell, in
preparing an expert report or testimony with respect to the same.

Coherent agrees to treat all information, other than any publicly available
information, received from the Committee and its representatives and all
communications between Coherent and the Committee and  its representatives as
confidential, except as required by process or law or as authorized by Kramer Levin.
If access to any of the materials in Coherent's possession relating to this engagement
is sought by a third party, Coherent will promptly notify Kramer Levin of such action
and will cooperate with Kramer Levin concerning its response thereto.  In addition,
Coherent will be subject to the same confidentiality agreement currently in place
between the Committee and the Debtors.

Coherent understands that the Committee intends the work covered by this
engagement, including all opinions, conclusions, and communications, to be
protected by the attorney-client privilege and attorney work product rule to the
extent provided by law, and we will make all reasonable efforts to preserve those
privileges, as directed by you.

This obligation of confidentiality does not apply to data or information which is or becomes generally available to the public other than as a result of a disclosure by the Committee, its representatives or its members.

Following the termination of Coherent's work, any nonpublic information the Committee and its representatives has supplied to Coherent will be kept confidential with at least the same degree of care as we use for our own materials. If, upon termination of this assignment, you wish to have any such documents delivered to you, or destroyed, please advise us.

Coherent will be an independent contractor and not an agent or employee of either the Committee or its representatives and Coherent will make no representation as an agent or employee of the Committee or its representatives, unless so authorized by the Committee or its representatives. Coherent will have no authority to bind the Committee or its representatives or incur other obligations on behalf of the Committee or its representatives without the Committee or its representatives' authorization.

Under this Agreement, Coherent will provide consulting/advisory services as requested by the Committee. Coherent will report to the Committee on the progress of Coherent's work, either orally or if requested by the Committee, in written form. Coherent will offer independent, objective opinions and analysis.

Coherent will provide its services at the following rate: $775/hour for Dr. Alan S. Frankel (Director), $690/hour for Roy J. Epstein (Senior Consultant), $645/hour for consultants, $495/hour for economists, and $220 to $445/hour for research analysts. These rates may be adjusted from time to account for economic and other conditions. In addition, any out-of-pocket expenses with respect to this engagement will be billed separately.

Coherent's personnel may include employees or other regular associates. Coherent will ensure that its employees and associates adhere to the terms of this engagement (including confidentiality and protection of privileges). Coherent will not share any compensation to be paid by the Debtors, with any other person, other than other principals, employees or other associates paid by Coherent, or firm.[1]

---

[1] In the ordinary course of its business, Coherent may retain the services of other associates, including economic experts, consultants, and support staff. Upon Coherent's engagement on a particular assignment, one or more such associates may be assigned to assist the other Coherent personnel for such engagement. Such advisors act under the management of Coherent 's Director who retains the lead role and primary responsibility for such assignment. The fees and expenses of such associates are paid solely by Coherent and such associates will not receive a percentage interest in any of Coherent's compensation relating to its work in this engagement.

Coherent understands that its fees and will be paid by the Debtors, in accordance with the Bankruptcy Court-approved procedures for payment of retained professionals' fees and expenses in these chapter 11 cases, and subject to the Bankruptcy Court's approval. Coherent also understands that in no event will the Committee, its representatives (including Kramer Levin) or the Committee's members be responsible for any portion of Coherent's fees and expenses.

The total liability of Coherent shall be limited to the total amount of fees paid to Coherent under this engagement. Under no circumstances shall Coherent be liable for consequential, punitive, incidental or special damages or claims in the nature of lost profits, lost revenue or lost opportunity costs. The terms of this paragraph shall survive the termination and/or expiration of this agreement and shall apply to any controlling person, director, officer, employee, subcontractor, consultant, independent contractor or affiliate of Coherent.

Either party shall have the right to terminate this agreement upon providing written notice.

If the above meets with your approval, please sign and date a copy of this letter and return it us.

Thank you very much for your confidence in Coherent. We very much look forward to working with you.

Sincerely yours,
Coherent Economics, LLC
FEIN: 45-2046738

Alan S. Frankel
Sole Member/Director

**Accepted by Kramer Levin Naftalis & Frankel, LLP, on behalf of the Official Committee of Unsecured Creditors of Residential Capital, LLC, et al.**

Signature

Philip Bentley
Printed Name

9-6-12
Date