Hearing Date:  September 11, 2012 at 10:00 a.m. (ET)

Richard M. Cieri
Ray C. Schrock
Stephen E. Hessler
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022
Telephone:    (212) 446-4800
Facsimile:     (212) 446-4900

Counsel for Ally Financial Inc. and Ally Bank

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC., et al. | Case No. 12-12020 (MG) |
| Debtors. | Jointly Administered |

**REPLY OF ALLY FINANCIAL INC.**
**AND ALLY BANK IN SUPPORT OF DEBTORS' MOTION**
**FOR THE ENTRY OF AN ORDER EXTENDING THEIR EXCLUSIVE**
**PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF**

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

Ally Financial Inc. ("***AFI***"), on behalf of itself and its non-debtor subsidiaries and Ally Bank (together with AFI, "***Ally***"), submits this reply in support of the *Debtors' Motion for the Entry of an Order Extending Their Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof* [Docket No. 1248] (the "***Motion***").

**INTRODUCTION**

1.    The Debtors filed with their Motion a confirmable chapter 11 plan (the "***Plan***"), which is supported by several of the largest creditors in these chapter 11 cases—including those holding residential mortgage-backed securities, certain third-lien bondholders, and Ally.  The Plan is based on, and the Debtors' progress in these chapter 11 cases by design is made possible

K&E 23779196

by, the proposed settlement and support package provided by Ally after extensive good-faith, arms'-length negotiations between the Debtors and Ally.

2. To that end, Ally supported the Plan filing—and, to be clear, Ally supports prosecuting the Plan expeditiously only after the examination ordered by this Court (and supported by Ally) is completed. Notwithstanding that Ally's actions on this front are consistent with the Court's directives and in the best interests of the Debtors' estates, certain creditors—including the Official Committee of Unsecured Creditors (the "***Committee***")—have filed objections to the Motion that are replete with unfounded rhetoric concerning AFI, its alleged control of the Debtors, and unjustified innuendoes that it is improper for the Debtors to negotiate and file the prearranged Plan with substantial creditor support.[1] These allegations are untrue. Accordingly, Ally files this brief statement in support of the Debtors' exclusivity request as modified and in response to certain objections to the Motion.

## STATEMENT

3. AFI, the Debtors' indirect sole shareholder, is 74% owned by the United States Treasury, and thus the American taxpayers. It is incumbent on AFI to maximize its value and seek to repay to the taxpayers the funds that AFI received from the federal government's Troubled Asset Relief Program. Further, over an approximately four-year period prior to the Petition Date,[2] AFI provided to the Debtors a monumental financial lifeline to maximize value and give the Debtors multiple chances to turn around their operations. Since 2008, AFI's

---

[1] See, e.g., *Limited Objection of the Official Committee of Unsecured Creditors to the Debtors' Motion for the Entry of an Order Extending Their Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof* [Docket No. 1352], ¶¶ 4, 7, 8, 10, 16; *Limited Objection of Aurelius Capital Management, LP to Debtors' Motion to Extend Exclusivity* [Docket No. 1334], ¶¶ 5, 7; *Objection of Wilmington Trust, National Association to the Debtors' Motion for the Entry of an Order Extending Their Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof* [Docket No. 1336], ¶¶ 1, 2, 18, 19, 20.

[2] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Motion.

financial support of the Debtors has included more than $8 billion in capital contributions and another $3.4 billion in asset sale proceeds. AFI remains the Debtors' largest senior secured pre-petition creditor, with more than $1 billion of related claims against the Debtors. At the same time, the Debtors: (a) were at all times pre-petition, and remain, separate legal entities from Ally; (b) were for years pre-petition, and continue to be, represented by separate legal counsel and other advisors; (c) were pre-petition, and continue to be, governed by an independent board of directors; and (d) have pre- and post-petition dealt with Ally on arms'-length terms as required by applicable law and the governing operating agreement.

4. Leading up to these cases, Ally justifiably determined it was not in its or its stakeholders' best interests to continue to contribute capital to legally separate companies to pay claims for which Ally is not contractually or otherwise legally responsible—and to otherwise increase the Debtors' creditors' recoveries outside of chapter 11. These are the same creditors that previously benefited from the billions of dollars of Troubled Asset Relief Program funds Ally already contributed pre-petition in its support of the Debtors' efforts to turn around their businesses.

5. As an enterprise owned largely by the United States taxpayers and regulated closely by the United States government, Ally made a highly transparent and entirely defensible decision to support the Debtors in their chapter 11 cases. And, by continuing to support the Debtors post-petition, through the most public and open forum possible—this Court—Ally has made every attempt, consistent with its own fiduciary duties to Ally's stakeholders, to do the right thing not only for itself and the United States taxpayers, but also for the Debtors and their stakeholders.

6. Notably, Ally does not respond to every unfounded allegation made against Ally

in these chapter 11 cases. But Ally's restraint in this regard should not be construed as an unwillingness to put forth a correct evidentiary record and otherwise defend all of its rights if and when necessary.

## CONCLUSION

7.  Ally remains supportive of the Debtors' substantial restructuring efforts and progress to date in these cases, including the sale efforts and the prearranged Plan, understanding that all rights remain reserved. Despite certain unsupported statements to the contrary, it is very appropriate and responsible for any debtor, including these Debtors, to file a prearranged plan and to prosecute that plan on the Court's schedule. Ally supports the examination and the Court's process while Ally provides substantial support to the Debtors, without which the Debtors' contemplated asset sales would simply not be possible. And, Ally has honored and will continue to honor its obligations consistent with the orders of this Court. Accordingly, Ally supports the Debtors' exclusivity request, as modified, as the Debtors have shown cause in the Motion for an extension.

New York, New York  
Dated: September 7, 2012

/s/ Ray C. Schrock
Richard M. Cieri
Ray C. Schrock
Stephen E. Hessler
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

Counsel for Ally Financial Inc. and Ally Bank

K&E 23779196