**Hearing Date: September 11, 2012 at 10:00 a.m. (ET)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Anthony Princi
Darryl P. Rains

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------
|                                    )
In re:                              )    Case No. 12-12020 (MG)
|                                    )
RESIDENTIAL CAPITAL, LLC, et al.,   )    Chapter 11
|                                    )
|                   Debtors.         )    Jointly Administered
|                                    )
------------------------------------------------------------

**NOTICE OF HEARING ON DEBTOR'S MOTION PURSUANT TO**
**FED. R. BANKR. P. 9019 FOR APPROVAL OF THE RMBS TRUST SETTLEMENT**
**AGREEMENT [DOCKET # 320] AND DEBTOR'S SUPPLEMENTAL MOTION**
**PURSUANT TO FED. R. BANKR. P. 9019 FOR APPROVAL OF**
**THE RMBS TRUST SETTLEMENT AGREEMENT [DOCKET # 1176]**

**PLEASE TAKE NOTICE** that, on September 7, 2012, Debtors and Debtors in

Possession (the "Debtors") filed the *Debtors' Status Report Respecting Their Motion Pursuant to*

*Fed. R. Bankr. P. 9019 for Approval of the RMBS Settlement Agreements [Docket No. 320] and*

*Debtor's Supplemental Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of the RMBS*

*Trust Settlement Agreement [Docket No. 1176]*.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion will be held before

the Honorable Martin Glenn, United States Bankruptcy Judge, at the United States Bankruptcy

Court for the Southern District of New York, Courtroom 501, One Bowling Green, New York,

1

New York 10004 (the "Bankruptcy Court") on **September 11, 2012 at 10:00 a.m. (prevailing**

**Eastern Time)**, or as soon thereafter as counsel may be heard.

Dated: September 7, 2012
     New York, New York

 

              /s/ Gary S. Lee
              Gary S. Lee
              Anthony Princi
              Darryl P. Rains
              MORRISON & FOERSTER LLP
              1290 Avenue of the Americas
              New York, New York 10104
              Telephone: (212) 468-8000
              Facsimile: (212) 468-7900

              *Counsel for the Debtors and*
              *Debtors in Possession*

ny-1057314

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Anthony Princi
Darryl P. Rains

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------- )
In re:                                                          )        Case No. 12-12020 (MG)
                                                                   )
RESIDENTIAL CAPITAL, LLC, et al.,              )        Chapter 11
                                                                   )
                                          Debtors.          )        Jointly Administered
-------------------------------------------------------- )

**DEBTORS' STATUS REPORT RESPECTING THEIR MOTION PURSUANT TO FED.
R. BANKR. P. 9019 FOR APPROVAL OF THE RMBS TRUST SETTLEMENT
AGREEMENT [DOCKET # 320] AND DEBTORS' SUPPLEMENTAL MOTION
PURSUANT TO FED. R. BANKR. P. 9019 FOR APPROVAL OF THE RMBS TRUST
SETTLEMENT AGREEMENT [DOCKET # 1176]**

Residential Capital, LLC and its affiliated debtors and debtors in possession in the above-caption Chapter 11 cases (collectively, the "Debtors") hereby submit this status report regarding the *Debtor's Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of the RMBS Trust Settlement Agreement* [Docket # 320] (the "Original Motion") and *Debtor's Supplemental Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of the RMBS Trust Settlement Agreement* [Docket # 1176] (the "Supplement," and collectively with the Original Motion, the "9019 Motion").

## BACKGROUND

1.      The Debtors seek approval of a settlement with institutional investors involving 392 securitization trusts that have asserted various representation and warranty claims in connection with their purchase of approximately $221 billion of residential mortgage-backed securities.  These claims comprise the single largest group of disputed claims against the Debtors by a wide margin.  The continued defense of these claims would pose an enormous expense to the Debtors and a tremendous distraction from the Debtors' efforts to sell assets and resolve creditors' claims.  Resolving the claims through litigation would, in the Debtors' judgment, be dramatically more expensive than resolving them through the proposed settlement.  The RMBS Trust Settlement resolves all of the trusts' representation and warranty claims in exchange for an allowed claim against the Debtors of up to $8.7 billion.

2.      Resolving the RMBS cases expeditiously is a key step to preparing Residential Capital LLC's ("ResCap LLC") operating entities, Residential Funding Company ("RFC") and GMAC Mortgage Corporation ("GMAC Mortgage"), for a prompt sale.  The Debtors' principal objective, from the start, has been to maximize the recovery for the estate (and its creditors) from the sale of its operating businesses.  These businesses, however, cannot be

2

sold for their full values with the cloud of massive litigation and cure claims hanging over them. Resolving that litigation and these RMBS related claims through the RMBS Trust Settlement is a necessary precondition to the completion of the sales of the Debtors' most important, and most valuable, assets.

3.    The Court has scheduled a hearing on the Debtors' 9019 motion to commence on November 5 (the "Hearing").  In connection with the hearing, the Court, on July 31, entered the *Revised Joint Omnibus Scheduling Order and Provisions for Other Relief Regarding (I) Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of RMBS Trust Settlement Agreements, and (II) the RMBS Trustees' Limited Objection to the Sale Motion* [Docket No. 945] (the "Scheduling Order") that approved expedited discovery and set deadlines for the filing of objections, the completion of fact discovery, the designation of expert witnesses and the submission of expert reports, and the completion of expert discovery.

4.    As the Court noted at an earlier hearing, the Scheduling Order goes beyond mere scheduling and also contains certain substantive provisions.   These provisions included an agreement by the Trustees to defer any Cure Claims until after the sale of the Debtor's estates.  Such an agreement by the Trustees – which was made in consideration of the other terms and conditions set forth in the Scheduling Order – is of enormous benefit to these estates and their creditors in that they assure that the Debtors will have the ability to go forward with a sale of their servicing platform for the highest bid unimpeded by complicated cure and related claims that could be asserted by the Trustees which could derail or diminish the value of such a sale.

3

## THE SCHEDULING ORDER

5.      The Scheduling Order was negotiated and jointly drafted by the Debtors,

the Creditors' Committee, the RMBS Trustees, Ally Financial Inc., and the Institutional

Investors after extensive meetings and phone calls pursuant to the Court's directive during its

July 24 hearing.  Included in the Scheduling Order, and agreed to by all parties involved, was the

November 5, 2012 Hearing date for the 9019 Motion.  The Scheduling Order, including the

November 5 Hearing date, was enormously beneficial to all parties and is a key element to the

successful sale of the Debtors estates.

6.      The Debtors have complied fully with the Court's Scheduling Order, have

provided extensive discovery, and believe that the proceedings are on track for the scheduled

hearing on November 5.  The Debtors have received a large number of discovery requests from

various parties and their respective advisors and experts, and the Debtors have made available all

relevant documents and the Debtors' experts' materials by creating an electronic data room to

provide widespread access to this information for all concerned parties (the "9019 Data Room"),

and by providing access when requested to their investor website, Vision.  In addition, on

virtually a daily basis the Debtors have communicated with the Creditors' Committee by email

and/or telephonically to assist the Committee with its review and understanding of the vast

amount of information which they have sought and which has been produced to them.  To the

best of the Debtors' knowledge, all concerned parties' experts, advisors, and counsel are making

good progress towards analyzing the RMBS Trust Settlement, and all parties will be ready to

submit to depositions on the schedule set out by the Court.

7.      The Debtors are aware that certain parties have either moved for, or

indicated an intention to seek, a continuance of the November 5 hearing.  The Debtors

4

understand that these continuance requests are linked directly to the "HoldCo Election" added by

amendments to the RMBS Settlement Agreements entered into on August 15, 2012.  As

explained more fully below, it is unlikely that the August 15 amendments will remain in effect,

as the parties are negotiating a further amendment that would eliminate the HoldCo Election.

The Debtors anticipate that the allocation and substantive consolidation issues raised by various

creditor groups would be deferred until, and if, such claims and objections are brought before the

Court, heard after full discovery and briefing.

        8.      Accordingly, the Debtors respectfully submit that all parties are

progressing satisfactorily toward the November 5 Hearing in compliance with the Court's

Scheduling Order.

**PRESENT STATUS**

**I.      THE DEBTORS HAVE RESPONDED TO ALL DISCOVERY REQUESTS IN
COMPLIANCE WITH THE COURT'S SCHEDULING ORDER.**

        9.      The Court's Scheduling Order, dated July 31, provided that "fact

discovery in connection with the [the Debtor's] 9019 motion . . . will commence immediately."

It also provided that "all discovery responses shall be shortened to ten (10) days."  (Order dated

July 31, 2012, Docket No. 945, at p. 4.)

       10.      In response to the Court's order, the Debtors received document requests

and interrogatories from a number of interested parties, including MBIA Insurance Corp., FGIC,

and the Creditors Committee.  The Debtors have responded to the document requests by

uploading the requested documents and information into the 9019 Data Room, and by providing

access to Vision, which provides extensive information about the relevant trusts, when requested.

All interested parties have been afforded access to the Intralinks site (in addition to the parties

mentioned above, the junior secured bondholders and the trustees who are the plaintiffs in the

5

RMBS action have requested and obtained access to the Intralinks site). Accordingly, all

interested parties have benefited from the productions requested by any party. The following is a

brief summary of the information provided by the Debtors to interested parties since the Court's

July 31 order:

11.    *The Debtors' Vision Website*. Even before entry of the Court's Scheduling

Order, the Debtors gave the Creditors Committee and other interested parties access to the

Vision website. Vision affords the equivalent of millions of searchable pages of loan-level

information for the vast majority of the trusts at issue in the 9019 Motion, including the

prospectus, pooling and servicing agreement, indenture, servicing agreement, and purchase

agreement for each securitization. The Vision website also provides monthly distribution

statements for each trust, showing collateral losses and performance for each trust. In addition,

the website offers downloadable monthly loan-level files showing the historical and current

status of each loan, including documentation type, occupancy, loan-to-value ratio, credit score,

interest rate, loan amount, payment history information, current status (*e.g.*, default, current, or

liquidated), and the purpose of the loan. The Debtors have also made available, through

additional productions, all loan-level material for those trusts in the 392 that are not supported on

Vision.

12.    *The 9019 Data Room.* To assist the interested parties, as well as their

experts and advisors, in analyzing the RMBS Trust Settlement, the Debtors created the 9109

Data Room and populated it with all the data utilized by the Debtors' consultants, as well as all

the data and documents requested by the Creditors Committee, MBIA Insurance Corp., and

FGIC. The data room presently contains almost 50,000 pages of documents, including

6

comprehensive spreadsheets detailing information about the 392 trusts implicated in the
Settlement.

13.    *Interviews of the Debtors' Consultants*.  In order to assist the parties'
analysis, the Debtors have made available their consultants for a series of conference calls.  The
Debtor's consultants answered the questions posed by the Creditors Committee's experts,
including pages of written questions submitted prior to one of the calls.

14.    *The Creditors Committee's "Initial Diligence List."*  On July 28, the
Creditors Committee requested eighteen additional categories of documents.  In response to its
request, the Debtors have uploaded, to the Intralinks site, thousands of loan-level documents,
thousands of pages of RMBS-related legal pleadings, numerous deposition transcripts, with
exhibits, from the Debtors' litigation with MBIA Insurance Corp., a summary of the
underwriting guidelines used by GMAC Mortgage and Residential Funding Company (which
had previously been produced to the Creditors Committee), the Debtors' projected bankruptcy
waterfall analysis, tolling agreements between the Debtors and potential claimants, and the
Debtors' PLS demand data.

15.    *Meetings with Counsel and Advisors to the Creditors Committee*.  In
response to the numerous requests received from the Creditors Committee, the Debtors have met
and conferred numerous times with counsel and advisors to the Creditors Committee, including
holding "weekly status calls" to address any questions regarding the ongoing production or
analysis of the Settlement.

16.    *Interviews of the Debtors' RBMS Litigation Counsel*.  To help the parties
appreciate the risks inherent in litigating the RMBS claims, the Debtors arranged two interviews
with the Carpenter Lipps firm, the Debtors' counsel in certain RMBS litigations.

pa-1549797

17.    _Sample Complete Loan Files_.  The creditors committee, and other
interested parties, requested an opportunity to review a sample set of complete loan files, along
with accompanying pay histories and servicing notes.  Over Debtors' objection to the cost, utility
and appropriateness of a sample loan file review, Debtors ultimately agreed to produce the
Committee's and Trustee's agreed-upon sample of 1,500 loan files, to be selected by the
Creditors Committee's experts.  The Creditors Committee selected these files and provided the
list to the Debtors on August 17, 2012.  Most of these loan files are not electronically stored;
before they can be produced, they must be imaged and then reviewed for production.  As of
September 4, the Debtors have produced 924 of the loan files, pay histories, and servicing notes,
as well as the associated payment histories and servicing notes for those loans.  The majority of
the remaining 576 loan files has been collected and imaged, and will be produced as soon as
possible, but certainly over the next two weeks.

18.    _Documents and Interrogatories Regarding Settlement Negotiations_.  A
few weeks ago, the Creditors Committee served on the Debtors an additional set of document
requests and interrogatories focused largely on the negotiation of the RMBS Settlement
Agreements.  Wilmington Trust, MBIA Insurance Corp., and FGIC served similar document
requests and interrogatories.  Despite the clear case law that holds that such information is
generally not subject to production in these matters and the Debtors' corresponding disagreement
as to the appropriateness of the discovery of settlement negotiations, the Debtors have agreed to
produce all relevant non-privileged documents that are responsive to these requests.  The Debtors
expect to have completed their production with sufficient time to permit the parties' experts to
complete their analysis and prepare their reports in accordance with Court's Scheduling Order.

pa-1549797

## II.    THE AUGUST 15 "HOLDCO ELECTION" AMENDMENTS DO NOT REQUIRE ANY CHANGE TO THE NOVEMBER 5 HEARING SCHEDULE.

19.    The Debtors recognize the importance of the RMBS Settlement Agreement to all creditors.  In agreeing to amend the RMBS Settlement Agreement to include the HoldCo Election (which permitted the Trusts to allocate up to 20% of their Allowed Claim to ResCap LLC), the Debtors believed (and continue to believe) that such a provision was in the best interests of the Debtors and all their respective stakeholders.  Notwithstanding these beliefs, the Debtors acknowledge the concerns and questions raised by this further amendment.  In light of those questions and concerns, the Debtors have decided to seek to remove the HoldCo Election from the RMBS Settlement Agreements.  The Debtors have informed the parties to the RMBS Trust Settlement Agreements of their views and anticipate that a further amendment to the Settlement Agreement will shortly be made removing such provision.  The Debtors believe that this amendment will resolve the objections that have arisen since the introduction of the HoldCo Election, and will defer until later the disputed issues regarding allocation of the RMBS claim as against ResCap LLC.

9

## CONCLUSION

The Debtors have worked diligently to comply with their discovery obligations and the

numerous information requests and to meet the deadlines set out in the Court's revised omnibus

scheduling order.  Through this process, the Debtors believe they have ensured the parties'

ability to complete all necessary discovery and pleadings in the required time-frame so that the

scheduled hearing on the 9019 Motion for approval of the RMBS Trust Settlement should

commence, as agreed to and as ordered by the Court, on November 5, 2012.


New York, New York                     /s/ Gary S. Lee
Dated: September 7, 2012            Gary S. Lee
                                                   Anthony Princi
                                                   Darryl P. Rains
                                                   MORRISON & FOERSTER LLP
                                                   1290 Avenue of the Americas
                                                   New York, New York 10104
                                                   Telephone: (212) 468-8000
                                                   Facsimile: (212) 468-7900

                                                   *Counsel to the Debtors and
                                                   Debtors in Possession*

10