KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

1633 BROADWAY

NEW YORK, NEW YORK 10019-6799

212-506-1700

FACSIMILE: 212-506-1800

ANDREW K. GLENN
212-506-1747

ATLANTA
HOUSTON
NEWARK

September 10, 2012

**By Hand Delivery**

Honorable Martin Glenn
United States Bankruptcy Judge
United States Bankrutpcy Court
for the Southern District of New York
One Bowling Green
New York, New York 10004

      Re:   *In re Residential Capital LLC, et al.*, Ch. 11 Case No. 12-12020 (MG)
            Hearing: September 11, 2012 at 2:00 p.m.

Dear Judge Glenn:

      We represent Federal Housing Finance Agency ("FHFA") in the above-captioned proceeding (the "Chapter 11 Case"). We write in response to the letter, dated September 7, 2012 (the "September 7 Letter"), from Joel C. Haims of Morrison & Foerster, counsel to the debtors (the "Debtors"), seeking an adjournment of tomorrow's hearing on FHFA's application for loan files [Docket No. 810].[1] The Debtors' request should be denied.

      First, it is highly unlikely that the Second Circuit will grant the stay application of the UBS Defendants and other defendants in the 16 actions before Judge Cote (the "FHFA Coordinated Actions"). As set forth in the September 7 Letter, the defendants in *FHFA v. UBS Americas, Inc. et al.*, No. 11-cv-5201 (S.D.N.Y.) (DLC) (the "UBS Action") have filed an appeal in the Second Circuit Court of Appeals of an order denying their motion to dismiss the UBS Action (the "UBS Appeal"). On August 17, 2012, the UBS Defendants requested a stay of proceedings in the UBS Action pending resolution of the UBS Appeal as well as a stay of proceedings in the other 15 FHFA Coordinated Actions. Judge Cote denied their request on

---

[1]    In support of the Discovery Motion, FHFA has also filed a supplemental motion [Docket No 859], a reply [Docket No. 1086] and, at the direction of the Court, a supplemental brief [Docket No. 1297].

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

Hon. Martin Glenn
September 10, 2012
Page 2 of 2

September 4, 2012 (the "September 4 Order") [Docket No. 200],[2] and held that: (i) the defendants "have fallen far short of making the requisite 'strong showing' that they are likely to succeed on the merits of their appeal …[because] the defendants' arguments in favor of reversal are *weak at best*"; (ii) the defendants will not suffer irreparable injury from the costs of discovery; (iii) FHFA's determination that the potential benefit to taxpayers of bringing the FHFA Coordinated Actions swiftly to trial was not unreasonable; and (iv) there was a public interest in letting the cases go forward. (September 4 Order, at 3-4 (emphasis added).) Judge Cote concluded that "a stay of [the UBS Action] would be profoundly unwise… A stay of all sixteen actions is even less warranted." (*Id.* at 5.) Given that there was not even a close question on any of the four factors necessary for a stay, it is unlikely that the Second Circuit would grant such relief.

Second, this Court should decline to adjourn tomorrow's hearing because granting the Debtors' request would be tantamount to granting the stay that Judge Cote just denied to the defendants in the FHFA Coordinated Actions. If the Court grants the Discovery Motion, and a stay is subsequently granted by the Second Circuit, the Debtors may move for reconsideration at that time.

Finally, notwithstanding the UBS Appeal, the case against Ally would still proceed because FHFA has asserted an aiding and abetting fraud claim against Ally and fraud claims against certain underwriter defendants. The UBS Appeal concerns, in part, whether the Housing and Economic Recovery Act of 2008 ("HERA") established a comprehensive time period for FHFA to bring its claims, and thus displaced the limitations periods set forth in the Securities Act of 1933 for federal securities law claims. The UBS Appeal does not address tort claims, and under HERA, FHFA may bring "a claim arising from fraud", "without regard to the expiration of the statute of limitations applicable under State law." 12 U.S.C. § 4617(b)(13).[3] Discovery would therefore continue in the case against Ally and other defendants.

Accordingly, FHFA respectfully requests that the Court deny the Debtors' request to adjourn the September 11 Hearing and proceed with the hearing as scheduled.

Respectfully,

Andrew K. Glenn

cc:    Counsel of Record (via email)
Encl.

---

[2]    A copy of the September 4 Order has been enclosed herewith.

[3]    It is disingenuous and incongruous for the Non-Ally Underwriters to seek additional loan files from the Debtors while seeking a stay of discovery from the Second Circuit.