UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------)
                                                            )
In re:                                                      )    Case No. 12-12020 (MG)
                                                            )
RESIDENTIAL CAPITAL, LLC, et al.,                           )    Chapter 11
                                                            )
                     Debtors.                               )    Jointly Administered
                                                            )
------------------------------------------------------------)

**STIPULATION AND ORDER BETWEEN GREEN PLANET SERVICING, LLC AND GMAC MORTGAGE, LLC PROVIDING FOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT TERMINATION OF SERVICING AGREEMENT AND RELATED RELIEF IN CONNECTION WITH THE OCTOBER 1, 2011 SERVICING AGREEMENT**

WHEREAS, on May 14, 2012 (the "**Petition Date**"), GMAC Mortgage, LLC ("**GMAC**"), one of the above captioned jointly administered debtors and debtors in possession (collectively, the "**Debtors**") filed a petition for relief under chapter 11, Title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**");

WHEREAS, prior to the Petition Date on October 1, 2011, GMAC entered into that certain Servicing Agreement (the "**Agreement**"), a copy of which is attached hereto as Exhibit "A", between GMAC as servicer and Green Planet Servicing, LLC ("**Green Planet**", together with GMAC, the "**Parties**") as owner, pursuant to which GMAC agreed to act as sub-servicer to Green Planet in connection with servicing a pool of approximately 30,000 residential mortgage loans with a total principal value of approximately $5.2 billion (the "**GPS Loan Pool**");

WHEREAS, by letter dated March 23, 2012 (the "**Default Notice**"), Green Planet notified GMAC that Green Planet asserted a number of defaults by GMAC under the Agreement, including asserted defaults under Sections 2.01 and 12.13 of the Agreement, and that as a result,

Green Planet was exercising its right to terminate the Agreement in accordance with Section 11.01 thereof;

WHEREAS, GMAC responded to the Default notice by letter dated March 29, 2012 (the "**Default Response**"), alleging, among other things, that the Default Notice was premature in that Green Planet had not allowed GMAC an opportunity to cure the defaults alleged in the Default Notice and that the purported termination was of no force or effect;

WHEREAS, on or about May 7, 2012, Green Planet filed a civil complaint (the "**Complaint**") against GMAC in the Circuit Court for Baltimore City (Case no. 24-C-12-002726-OG, alleging among other things, breach of the Agreement (the "**Civil Action**"), and GMAC filed a notice of bankruptcy in the Civil Action on May 16, 2012;

WHEREAS, on July 2, 2012, Green Planet filed a motion for relief from the automatic stay seeking, among other things, authority to effectuate a termination of the agreement (the "**Motion for Relief**"), and on July 2, 2012, commenced an adversary proceeding against GMAC in the Bankruptcy Court for declaratory relief seeking, among other relief, a determination that the Agreement terminated pre-petition and cannot be assigned (the "**Adversary Proceeding**");

WHEREAS Green Planet and GMAC have engaged in extensive negotiations over the terms of the Agreement, the defaults alleged in the Default Notice, the Default Response, the Complaint, the Motion for Relief and the Adversary Proceeding, and wish to settle their differences without the necessity of incurring further cost and expense through litigation.

**NOW, THEREFORE**, in consideration of the foregoing recitals, which are incorporated into this Stipulation, and the covenants and conditions contained therein, **IT IS STIPULATED AND AGREED** by and between the GMAC and Green Planet as follows:

1. The automatic stay of section 362(a) of Bankruptcy Code is hereby modified to permit the termination of the Agreement pursuant to the terms and subject to the conditions set forth below.

2. From and after the date this Stipulation and Order is approved by the Bankruptcy Court and through and including the Transfer Date (as such term is defined below), GMAC, and each of its Affiliates[1], shall comply in all respects with the provisions of Section 12.13 of the Agreement, which are set forth below:

> Unless in accordance with Section 2.03 [of the Servicing Agreement] for the purposes of loss mitigation, from and after the date hereof, [GMAC] shall not, nor shall it take any action that would permit any Affiliate of [GMAC], to solicit the Mortgagors for purposes of prepayment or refinance of the Mortgage Loans, without the written consent of the Owner, except as otherwise provided herein.  Nothing in this Section 12.13 [of the Servicing Agreement] shall prohibit [GMAC] from generalized advertising not targeted exclusively to the Mortgagors, including on its website, monthly account statements, or VRU (voice response unit), mortgage leads purchased from third parties, recorded communications, or otherwise engaging in a program directed to the general public at large to encourage or recommend mortgage loan products and other products and services provided by [GMAC] or such Affiliate, or from taking applications for refinance from Mortgagors as a result thereof;

3. GMAC shall transfer servicing of the GPS Loan Pool to Green Planet in accordance with the Transfer Instructions annexed hereto as Exhibit "B" (the "**Transfer**"), which the Parties have agreed to solely as a compromise to effectuate the Transfer by the Transfer Date.  The Transfer shall be completed no later than October 2, 2012 (such date, the "**Transfer Date")**, and GMAC shall send the notice of Transfer required by 12 U.S.C. § 2605(b)(1) to the borrowers in the GPS Loan Pool no later than two business days following the date upon which this Stipulation and Order is approved

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Agreement.

by the Bankruptcy Court. GMAC and Green Planet shall act in a commercially reasonable manner with respect to the Transfer and shall work cooperatively to ensure that the Transfer is completed in compliance with federal regulations and guidelines governing the transfer of residential mortgage servicing.

4. From and after the date this Stipulation and Order is approved by the Bankruptcy Court, pending the completion of the Transfer, GMAC and Green Planet shall fully comply with all of the terms of the Agreement as amended by this Stipulation and Order. GMAC waives its right to receive, and shall not collect, its monthly base sub-servicing fees, default fees and resolution fees in the amount of (i) 50% of the total monthly fees due for the month of August 2012, and (ii) 100% of the total monthly fees due for the month of September 2012 and the two business days in October 2012 prior to the October 2, 2012 transfer; GMAC further waives its right to receive, and shall not collect, any de-boarding fees or termination fees. Notwithstanding the foregoing, Green Planet shall remain responsible for the payment, satisfaction or reimbursement to GMAC of all Owner Expenses pursuant to section 4.03 of the Agreement, Servicing Advances pursuant to section 3.04 of the Agreement, payments to Ginnie Mae pursuant to section 3.03 of the Agreement and actual reasonable out of pocket expenses incurred by GMAC in the ordinary course of business in connection with the servicing and transfer of the loans.

5. Green Planet and its Affiliates on the one hand (collectively, the "Green Planet Releasors"), and GMAC and the other Debtors on the other hand (collectively, the "GMAC Releasors") mutually release each other from all claims (as such term defined in section 101 of the Bankruptcy Code) including, without limitation, causes of action,

damages and liability of any kind whatsoever with respect to the Agreement or otherwise, with the exception of claims arising from their mutual obligations under this Stipulation and Order; *provided*, however, that none of the Green Planet Releasors shall have any claims against GMAC in connection with GMAC's performance of its obligations under this Stipulation and Order other than for gross negligence or willful misconduct. For the avoidance of doubt, the Parties acknowledge and agree that the release provided by the Green Planet Releasors to the GMAC Releasors pursuant to this paragraph 5 shall include any and all actual or alleged breaches by GMAC Releasors under the Agreement including, without limitation, section 12.13 thereof that occurred prior to the date this Stipulation and Order is approved by the Bankruptcy Court.

6. A Party must submit any claims arising under the limited exception set forth in paragraph 5 no later than one hundred twenty (120) days following the date this Stipulation and Order is approved by the Bankruptcy Court. To submit a claim, a Party must deliver a detailed notice (the "**Notice**") of such claims to the other Party in writing and to the extent such claim relates to any loan in the GPS Loan Pool the Notice shall contain loan level detail, to the extent such information is in the possession of Green Planet. Following receipt of the Notice, the parties shall negotiate in good faith for thirty (30) days to resolve such claims. In the event that the Parties are unable to resolve the claims during the 30-day period, (i) they mutually may agree to extend the period of negotiation, or (ii) a Party may bring such claims before the Bankruptcy Court for resolution. The Bankruptcy Court shall retain exclusive jurisdiction to hear and determine any such claim and the Parties expressly consent to such jurisdiction.

7. Within two business days of the Bankruptcy Court's approval of this Stipulation and Order, Green Planet shall dismiss with prejudice the Civil Action and the Adversary Proceeding and the Motion for Relief shall be deemed to have been withdrawn without further action or order of the Bankruptcy Court.

8. The GPS Loan Pool and the Agreement shall be excluded from any sale transaction or transfer to a third party contemplated by GMAC or any of the other Debtors and shall be excluded from any plan of reorganization or liquidation in these cases.

9. Upon Bankruptcy Court approval of this Stipulation and Order, the Parties are authorized to take all actions necessary to effectuate the provisions of this Stipulation and Order.

10. No other or further notice to creditors or parties in interest, or further approval by this Bankruptcy Court, is required to effectuate the terms and conditions of this Stipulation and Order.

11. This Bankruptcy Court shall retain jurisdiction to hear all matters or disputes arising from or related to this (i) Stipulation and Order; (ii) the Transfer Instructions and the Transfer as contemplated herein; and (iii) any claims between the Parties as set forth in paragraph 5.

12. This Stipulation and Order contains the entire understanding of the Parties hereto with regard to the matters addressed herein, and supersedes all prior and contemporaneous discussions, negotiations, understandings and agreements, whether oral or written, express or implied, between and among the Parties hereto regarding the subject matter of this Stipulation and Order.

13.       This Stipulation and Order may not be altered, modified or changes unless in writing signed by the Parties.

14.       This Stipulation and Order shall be binding upon the Green Planet, Green Planet's Affiliates, GMAC and all of the Debtors as well as any successor trustee or receiver appointed in any of the above captioned bankruptcy cases including any subsequent chapter 7 cases. No provision in any plan of liquidation or reorganizations subsequently confirmed in the above captioned bankruptcy cases shall contain any provisions inconsistent with the terms of this Stipulation and Order or otherwise impact or affect in any manner whatsoever the terms and conditions of this Stipulation and Order .

15.       Facsimile or other electronic copies of signatures on this Stipulation and Order are acceptable, and a facsimile or other electronic copy of a signature on this Stipulation and Order will be deemed an original.

16.       This Stipulation and Order may be executed in counterparts, each of which is deemed an original, but when taken together constitute one and the same document.

17.       This Stipulation and Order will be effective immediately upon approval by the Bankruptcy Court, but shall be of no force or effect until approved by the Bankruptcy Court.

[*Remainder of page intentionally left blank*]

Dated:  August 30, 2012

| | |
|---|---|
| DUANE MORRIS LLP | MORRISON & FOERSTER LLP |
| By:  /s/ Scott H. Marder<br>James J. Vincequerra<br>Scott H. Marder<br>1540 Broadway<br>New York, New York 10036<br>Telephone: (212) 692-1022<br>Facsimile: (212) 692-1020 | By:  /s/ Norman S. Rosenbaum<br>Norman S. Rosenbaum<br>Stefan W. Engelhardt<br>Samantha Martin<br>1290 Avenue of the Americas<br>New York, New York 10104<br>Telephone:     (212) 468-8000<br>Facsimile:      (212) 468-7900 |
| *COUNSEL FOR GREEN PLANET SERVICING, LLC* | *COUNSEL FOR GMAC MORTGAGE, LLC* |

SO ORDERED this 10th day of September, 2012

　　　　　　　　　　　　　　　　　　**/s/Martin Glenn**
　　　　　　　　　　　　　　　　　MARTIN GLENN
　　　　　　　　　　　　　　United States Bankruptcy Judge

**STIPULATION AND ORDER BETWEEN GREEN PLANET SERVICING, LLC AND GMAC MORTGAGE, LLC PROVIDING FOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT TERMINATION OF SERVICING AGREEMENT AND RELATED RELIEF IN CONNECTION WITH THE OCTOBER 1, 2011 SERVICING AGREEMENT**