Hearing Date: September 11, 2012 at 10:00 a.m. (ET)

Gregory M. Petrick
Ingrid Bagby
CADWALADER, WICKERSHAM & TAFT LLP
One World Financial Center
New York, New York 10281
Telephone: (212) 504-6000
Facsimile: (212) 504-6666

-and-

Mark C. Ellenberg
CADWALADER, WICKERSHAM & TAFT LLP
700 Sixth Street, N.W.
Washington, DC 20001
Telephone: (202) 862-2200
Facsimile: (202) 862-2400

*Attorneys for MBIA Insurance Corporation*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **RESIDENTIAL CAPITAL, LLC,** *et al.*, | Case No. 12-12020 (MG) |
| Debtors. | **(Jointly Administered)** |

**JOINDER OF MBIA INSURANCE CORPORATION TO THE RESPONSE OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEBTORS' SEPTEMBER 7, 2012 STATUS REPORT REGARDING THEIR INITIAL AND SUPPLEMENTAL MOTIONS FOR APPROVAL OF RMBS TRUST SETTLEMENT AGREEMENT**

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

MBIA Insurance Corporation ("***MBIA***"), an unsecured creditor of the debtors in the above-captioned chapter 11 cases (the "***Debtors***") and a member of the Official Committee of

Unsecured Creditors (*the "**Committee**"*)[1] respectfully submits this joinder to the *Response Of Official Committee Of Unsecured Creditors To Debtors' September 7, 2012 Status Report Regarding Their Initial And Supplemental Motions For Approval Of RMBS Trust Settlement Agreement* [Docket No. 1395].

      1.    Between 2004 and 2007, MBIA issued financial guaranty insurance policies in connection with numerous residential mortgage-backed securitizations, including eight securitizations involving trusts (the "**MBIA-Insured Trusts**") sponsored by Debtors Residential Funding Company, LLC ("**RFC**") and GMAC Mortgage, LLC ("**GMAC Mortgage**"). In connection therewith, MBIA has paid and is continuing to pay substantial sums in claims asserted by the trustees of the MBIA-Insured Trusts and is exposed to significant further liability based on the poor quality and performance of the mortgages held in these trusts. MBIA thus has a substantial economic interest in any matter relating to the MBIA-Insured Trusts, which are among the trusts whose claims in these chapter 11 cases the Debtors are seeking to resolve through the proposed RMBS Settlement [Docket No. 1176] (the "**RMBS Settlement**").

      2.    Since the time the Debtors filed their original motion seeking approval of the first version of the RMBS Settlement [Docket No. 320], MBIA has diligently and constructively sought to obtain the information it needs in order to evaluate the implications of the RMBS Settlement for MBIA. To date, however, the Debtors have failed to comply with the response deadlines that MBIA has established in accordance with this Court's scheduling order

---

[1] MBIA files this joinder only on its own behalf, and not on behalf of the Committee or any of its other members.

2

[Docket No. 945] (the "**Scheduling Order**"). As a result, the Debtors' responses to a number of MBIA's document requests and to all of MBIA's interrogatories currently remain outstanding.

3. In view of the Debtors' failure to fully and timely comply with MBIA's discovery requests, MBIA was surprised by the Debtors' representations in their September 7 status report [Docket No. 1373] (the "***Status Report***") to the effect that the Debtors have "responded to all discovery requests in compliance with the Court's scheduling order" and that "all parties will be ready to submit to depositions on the schedule set out by the Court."[2] Contrary to these representations, the Debtors contacted MBIA *on the very day they filed the Status Report* in order to request an extension of time to comply with MBIA's outstanding discovery requests. Due to these ongoing delays, there is a very real danger that MBIA will be unable to complete fact discovery, including fact witness depositions, by the September 24 deadline established in the Scheduling Order.

4. MBIA regrets the need to file this joinder the day before the September 11 hearing. In view of the Debtors' unexpected filing of the Status Report, however, MBIA believes it is necessary and appropriate to inform the Court that the Debtors have not only failed to comply fully with the Committee's discovery requests, but have also failed to comply fully with the discovery requests of individual Committee members, such as MBIA. In view of the short time remaining before the September 11 hearing, MBIA will not burden the Court with additional details concerning its efforts to obtain discovery from the Debtors, but would be happy to provide such details to the Court upon request.

5. Finally, MBIA shares the Committee's concerns that, in view of the size of the claims involved in the RMBS Settlement and their centrality to this case as a whole, it may

---

[2] *See* Status Report at ¶6 and p. 5.

not be feasible to address the RMBS Settlement prior to the issuance of the examiner's report and outside the context of a plan. For these reasons, MBIA concurs with the Committee's position that a deferral of the RMBS Settlement to a later stage of the case may maximize the prospects for constructive multilateral negotiations and for a consensual resolution of other major issues.

WHEREFORE, MBIA joins in the Committee's response to the Status Report and respectfully requests that the Court defer the schedule concerning the RMBS Settlement for the foregoing reasons and the reasons stated by the Committee.

Dated:   New York, New York
         September 10, 2012

CADWALADER, WICKERSHAM & TAFT LLP

By  /s/ *Gregory M. Petrick*
Gregory M. Petrick
Ingrid Bagby
CADWALADER, WICKERSHAM & TAFT LLP
One World Financial Center
New York, New York 10281
Telephone: (212) 504-6000
Facsimile: (212) 504-6666

-and-

Mark C. Ellenberg
CADWALADER, WICKERSHAM & TAFT LLP
700 Sixth Street, N.W.
Washington, DC 20001
Telephone: (202) 862-2200
Facsimile: (202) 862-2400

*Attorneys for MBIA Insurance Corporation*