**Presentment Date: September 24, 2012 at 12:00 p.m. (ET)**
**Objection Deadline: September 17, 2012 at 4:00 p.m. (ET)**

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Douglas H. Mannal
Stephen D. Zide
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the Official Committee*
*of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Residential Capital, LLC, et al., | : | Case No. 12-12020 (MG) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |

------------------------------------------------------------ x

**NOTICE OF PRESENTMENT OF MOTION OF THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF
AN ORDER (A) ESTABLISHING INFORMATION
SHARING PROCEDURES, AND (B) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.     Upon the annexed motion (the "**Motion**") of the Official Committee of Unsecured Creditors of the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**"), to (A) establish Information Sharing Procedures (as defined in the Motion) and (B) grant related relief, the undersigned will present a proposed order approving the Motion substantially in the form attached to the Motion (the "**Proposed Order**") to the Honorable Martin Glenn, United States Bankruptcy Judge, Room 501 of the United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, for signature on **September 24, 2012 at 12:00 p.m.** (prevailing Eastern Time).

2.     Any objections to the Proposed Order must be made in writing, filed with the Bankruptcy Court (with a copy to Chambers) in accordance with the Order Under Bankruptcy Code Sections 102(1), 105(a) and 105(d), Bankruptcy Rules 1015(c), 2002(m) and 9007 and Local Bankruptcy Rule 2002-2 Establishing Certain Notice, Case Management and Administrative Procedures [Docket No. 141] (the "**Case Management Order**"), and served upon the Special Service List, as that term is defined in the Case Management Order, so as to be

actually received no later than **September 17, 2012 at 4:00 p.m.** (prevailing Eastern Time) (the "**Objection Deadline**").

3.      If no objections to the entry of the Proposed Order are timely filed and served on or before the Objection Deadline, the Court may enter the Proposed Order with no further notice or opportunity to be heard offered to any party.  If an Objection is received in accordance with the terms above, the Court will schedule a hearing with respect to the relief sought in the Motion.

4.      A copy of the Case Management Order and the Motion can be viewed and obtained on the Court's website at www.ecf.nysb.uscourts.gov or, without charge, at the Debtors' restructuring website at www.kccllc.net/rescap.

Dated: September 10, 2012
       New York, New York

                                KRAMER LEVIN NAFTALIS & FRANKEL LLP

                                /s/ Stephen D. Zide
                                Kenneth H. Eckstein
                                Douglas H. Mannal
                                Stephen D. Zide
                                Kramer Levin Naftalis & Frankel LLP
                                1177 Avenue of the Americas
                                New York, New York  10036
                                Telephone:  (212) 715-9100
                                Facsimile:  (212) 715-8000
                                *Counsel for the Official Committee*
                                *of Unsecured Creditors*

**Presentment Date: September 24, 2012 at 12:00 p.m. (ET)**
**Objection Deadline: September 17, 2012 at 4:00 p.m. (ET)**

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Douglas H. Mannal
Stephen D. Zide
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000
*Counsel for the Official*
*Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Residential Capital, LLC, <u>et</u> <u>al.</u>, | : | Case No. 12-12020 (MG) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |

------------------------------------------------------------ x

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER (A) ESTABLISHING INFORMATION SHARING <u>PROCEDURES, AND (B) GRANTING RELATED RELIEF</u>**

## TABLE OF CONTENTS

**Page**

BACKGROUND ............................................................................................................ - 1 -

JURISDICTION AND VENUE ...................................................................................... - 2 -

RELIEF REQUESTED ................................................................................................... - 2 -

THE INFORMATION SHARING PROCEDURES ....................................................... - 3 -

BASIS FOR RELIEF REQUESTED .............................................................................. - 8 -

NOTICE ......................................................................................................................... - 11 -

NO PRIOR REQUEST .................................................................................................. - 11 -

CONCLUSION .............................................................................................................. - 12 -

## EXHIBITS

**Exhibit A** -- Proposed Order

**Exhibit B** -- Unsecured Creditor Notice

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

The Official Committee of Unsecured Creditors (the "**Committee**") of the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**"), by and through its undersigned counsel, respectfully submits this motion (the "**Motion**") for entry of an order (the "**Order**") pursuant to sections 105(a), 107(b), 1102(b)(3) and 1103 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") (a) establishing certain information sharing procedures (the "**Information Sharing Procedures**") and (b) granting related relief.  In support of the Motion, the Committee respectfully represents as follows:

## BACKGROUND

1. On May 14, 2012 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code commencing these chapter 11 cases (the "**Chapter 11 Cases**").  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. On May 16, 2012, the United States Trustee for the Southern District of New York, pursuant to section 1102 of the Bankruptcy Code, appointed the Committee to represent the interests of all unsecured creditors in these Chapter 11 Cases.  The United States Trustee selected the following nine parties to serve as members of the Committee: (i) AIG Asset Management (U.S.) LLC; (ii) Allstate Life Insurance Company; (iii) the Bank of New York Mellon Trust Company, N.A.; (iv) Deutsche Bank Trust Company Americas; (v) Rowena L. Drennen; (vi) Financial Guaranty Insurance Company; (vii) MBIA Insurance Corporation; (viii) U.S. Bank National Association; and (ix) Wilmington Trust, N.A.

3.      On June 11, 2012, the Committee adopted the by-laws of the Official

Committee of Unsecured Creditors of Residential Capital, LLC, et al. (the "**By-Laws**"), which

contain numerous provisions designed to, among other things, protect confidential materials and

communications produced by or related to the Committee, its members and professionals,

including, among other things, any information subject to the attorney-client privilege, the

attorney work product doctrine or similar state, federal or other jurisdictional law privilege

(including attorney work product), whether such privilege is solely controlled by the Committee

or is a joint privilege with the Debtors or some other party ("**Committee Confidential**

**Material**").

### JURISDICTION AND VENUE

4.      The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C.

§ 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the

Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The statutory predicates for the relief sought herein are sections 105(a),

107(b), 1102 and 1103 of the Bankruptcy Code, and Bankruptcy Rule 9018.

### RELIEF REQUESTED

6.      Pursuant to this Motion, the Committee requests entry of an order

authorizing the Committee to establish and implement the Information Sharing Procedures in

order to facilitate the Committee's duties under section 1102(b)(3) of the Bankruptcy Code to

provide general unsecured creditors with access to information related to the Chapter 11 Cases.

The Information Sharing Procedures establish a framework so that the Committee can provide

general unsecured creditors with access to information through, without limitation, (i) the

establishment and maintenance of a website (the "**Committee Website**");[1] (ii) the establishment and maintenance of a designated telephone hotline and email address for general unsecured creditors to contact the Committee on matters related to the Chapter 11 Cases; and (iii) procedures for general unsecured creditors to make information requests ("**Information Requests**") directly from the Committee.

### THE INFORMATION SHARING PROCEDURES

7.    Section 1102 of the Bankruptcy Code governs the appointment of creditors' committees. <u>See</u> 11 U.S.C. § 1102(a). Specifically, section 1102(b)(3) of the Bankruptcy Code provides, in relevant part:

> (3) A creditors' committee appointed under subsection (a) shall —
>
>> (A) provide access to information for creditors who
>>
>>> (i) hold claims of the kind represented by that committee; and
>>>
>>> (ii) are not appointed to the committee;
>>
>> (B) solicit and receive comments from the creditors described in subparagraph (A); and
>>
>> (C) be subject to a court order that compels any additional report or disclosure to be made to the creditors described in subparagraph (A).

11 U.S.C. § 1102(b)(3)(A)-(C). Thus, a creditors' committee is required to provide its constituency of general unsecured creditors with access to information as part of its duties under section 1102(b)(3) of the Bankruptcy Code.

8.    In order to provide general unsecured creditors with access to certain information, the Committee, through Epiq, will undertake the following actions and procedures,

---

[1] Contemporaneously herewith, the Creditors' Committee is filing an application to employ and retain Epiq Bankruptcy Solutions, LLC ("**Epiq**") as the information agent for the Committee (the "**Epiq Retention Application**"). Among Epiq's duties will be the creation and maintenance of the Committee Website and an email address to allow unsecured creditors to send questions and comments concerning the Chapter 11 Cases.

as may be necessary and appropriate, until the earliest to occur of: dissolution of the Committee,

dismissal or conversion of these Chapter 11 Cases, or a further order of this Court:

a) Establish and maintain the Committee Website at www.rescapcommittee.com that provides, without limitation:

  i. General information regarding the Chapter 11 Cases;

  ii. A general overview of the chapter 11 process;

  iii. Contact information for the Debtors (and any information hotlines that they establish), the Debtors' counsel and the Committee's counsel;

  iv. The date by which unsecured creditors must file their proofs of claim;

  v. The voting deadline with respect to any chapter 11 plan of reorganization filed in the Chapter 11 Cases;

  vi. The claims docket, as established by the Debtors;

  vii. The Debtors' monthly operating reports;

  viii. A list of upcoming omnibus hearing dates and the calendar of matters on such hearing dates;

  ix. Answers to frequently asked questions;

  x. Links to other relevant websites (e.g., the Debtors' corporate website, the website of the Debtors' notice, claims and soliciting agent, KCC, LLC, the Bankruptcy Court website and the website of the United States Trustee); and

  xi. An electronic inquiry form for creditors to submit questions and comments.

b) Establish an email address to allow unsecured creditors to send questions and comments concerning the Chapter 11 Cases (the "**Committee Email Address**").

c) Establish a call center or other creditor hotline (which telephone number shall be published on the Committee Website), respond to creditor inquiries via telephone, letter, email, facsimile or otherwise, as appropriate, and related services.

d)  Provide a confidential data room, if necessary.[2]

9.      If a general unsecured creditor (the "**Requesting Creditor**") makes a written information request seeking the disclosure of additional information (whether through the Committee Website, the Committee Email Address, or otherwise), the Committee will, within fifteen (15) calendar days of receiving the Information Request, respond to the Requesting Creditor through the means deemed most reasonable under the circumstances, either providing access to the information requested (or stating that the Committee will do so) or the reasons for the Committee being unable to comply with the Information Request.

10.      The Committee shall not be required to provide or disclose to its non-member constituents, without further order of the Court: (i) the Committee Confidential Material; (ii) any other information covered by an applicable confidentiality agreement with the Committee; (iii) any other information whose disclosure would constitute a breach or violation under any agreement or contract to which the Committee (including its members or professionals) are parties; or (iv) any other information the disclosure of which would constitute a waiver of any applicable privilege, including, without limitation, attorney-client privilege and work-product privilege (collectively, "**Confidential Material**").[3]

11.      Any information received (formally or informally) by the Committee from any entity in connection with an examination pursuant to Bankruptcy Rule 2004 or in connection

---

[2] Pursuant to the Epiq Retention Application, Epiq will also assist the Committee with certain administrative tasks, including, but not limited to, printing and serving documents as directed by the Committee and its counsel.

[3] For the avoidance of doubt, Confidential Material shall not include any information or portions of information that are or become generally available to the public, or are or become available to any member of the Committee on a non-confidential basis, but in any such case, only to the extent such information became available to the applicable parties' knowledge without violation of a contractual, legal, or fiduciary obligation to the Debtors or any of their respective affiliates or representatives of which such parties are aware. Confidential information shall also not include information that was, to the applicable parties' knowledge, in the possession of, obtained by, or available to the Committee on a non-confidential basis from a source which is not bound by a confidentiality agreement with the Debtors or any other contractual, fiduciary, or other legal obligation of confidentiality to the Debtors.

with any formal or informal discovery in any contested matter, adversary proceeding, or other litigation shall not be governed by the terms of the proposed Order but, rather, by any order governing such discovery.

12.     The Committee shall not be required to provide access to information to any entity that has not demonstrated to the satisfaction of the Committee that it holds claims of the kind described in section 1102(b)(3) of the Bankruptcy Code, nor shall the Committee be required to satisfy an Information Request, which, in its judgment, is unduly burdensome.

13.     If the Requesting Creditor is a competitor or prospective competitor of the Debtors and the information requested may impair the Debtors' business in any material way, no information will be disclosed unless the Court orders such disclosure after notice and a hearing. The determination that a Requesting Creditor is a competitor or prospective creditor will be reviewable by the Court.

14.     If the Committee denies the Information Request, then the Requesting Creditor must make a good-faith effort to meet and confer with an authorized representative of the Committee regarding the Information Request.  If no consensual resolution is reached through such meet and confer, then the Requesting Creditor may file a motion to compel disclosure for cause, which must be served, and will be heard, in accordance with the rules of the Court and the Order Under Bankruptcy Code Sections 102(1), 105(a) and 105(d), Bankruptcy Rules 1015(c), 2002(m) and 9007 and Local Bankruptcy Rule 2002-2 Establishing Certain Notice, Case Management and Administrative Procedures [Docket No. 141] (the "**Case Management Order**"). The hearing on such motion shall be noticed and scheduled by the Court.

15.     To the extent an order of the Court provides that the Committee is required to provide or disclose Confidential Material, the Committee shall require any

Requesting Creditor to enter into a confidentiality agreement reasonably acceptable to the Debtors and the Committee (a "**Creditor Confidentiality Agreement**"), and the Requesting Creditor shall enter into trading restrictions with respect to such Confidential Material as may be appropriate, and represent that such trading restrictions and any information-screening process complies with applicable securities laws and will reasonably protect the confidentiality of such information; provided, however, that the Committee shall have no responsibility for the Requesting Creditor's compliance with, or liability for violation of, applicable securities or other laws.

16.    Nothing herein shall preclude the Requesting Creditor from requesting (i) the Court to conduct an *in camera* review of the Information Request or (ii) the Committee to prepare a log or other index of information the Committee believes is responsive to the Information Request, but which the Committee believes to be Confidential Material. In addition, nothing herein shall preclude the Committee from objecting to such requests.

17.    The Committee shall not have or incur any liability to any entity (including the Debtors) for acts taken or omitted as long as the Committee has acted in compliance with the Information Sharing Procedures set forth herein and with the By-Laws. However, the foregoing shall not preclude or curtail the right of any general unsecured creditor or any entity to move the Court for an order requiring the production of other or further information, to the extent available.

18.    As soon as reasonably practicable after entry of the Proposed Order, the Committee will provide notice of the Information Sharing Procedures (the "**Unsecured Creditor Notice**") substantially in the form attached as **Exhibit B** hereto for service on those parties listed

in the Debtors' creditor matrix.  The Unsecured Creditor Notice will advise creditors of the entry

of the Order, the address of the Committee Website, and the Committee Email Address.

<u>**BASIS FOR RELIEF REQUESTED**</u>

19.    Section 105(a) of the Bankruptcy Code empowers the Court to "issue any

order . . . that is necessary or appropriate to carry out the provisions of this title."  The

Committee submits the requested relief is necessary for the Committee to fulfill its obligations as

set forth under section 1102(b)(3) of the Bankruptcy Code.

20.    The Bankruptcy Code requires a creditors' committee "to provide access

to information," but does not establish guidelines for appropriate methods to provide such access

or the type, kind and extent of the information to be provided to its constituency.  See <u>In re Refco</u>

<u>Inc.</u>, 336 B.R. 187, 190 (Bankr. S.D.N.Y. 2006) ("BAPCPA does not define the 'information'

that section 1102(b)(3)(A) requires an official creditors' committee to make available to its

constituency . . . or state how it is to be delivered, . . . but its language permits a broad

construction.").  The legislative history of section 1102(b)(3) likewise fails to describe, limit or

provide any interpretive guidance.  See H.R. Rep. No. 109-31, at 87 (2005) (stating only that

"[s]ection 405(b) requires the committee to give creditors having claims of the kind represented

by the committee access to information").  With no definition of the term "information" or

guidance on the mechanisms for providing access to such information, this mandate has the

potential to be interpreted as requiring the Committee to provide access to all information

provided to it by the Debtors or developed through the Committee's exercise of its investigative

function, regardless of whether the information is confidential, privileged, proprietary or material

non-public information. It could also be interpreted to require that the Committee provide such

information to all creditors regardless of the cost to the estate or whether a creditor has expressed

an interest in receiving information.

21.     The Committee respectfully submits that the statute cannot appropriately be interpreted in such a manner that would require the unprotected disclosure of Confidential Material and, accordingly, seeks approval of the Information Sharing Procedures as a means of satisfying the information provision requirements of section 1102(b)(3) of the Bankruptcy Code. See In re Refco Inc., 336 B.R. at 197 (explaining that "[m]aintaining the parties' reasonable expectations of confidentiality . . . is often critical to a committee's performance of its oversight and negotiation functions, compliance with applicable securities laws, and the proper exercise of committee members' fiduciary duties" and "[m]aintaining confidentiality against unsecured creditors generally may be necessary to preserve the attorney-client privilege").  If Congress had intended for section 1102(b)(3) of the Bankruptcy Code to require a creditors' committee to provide creditors with unrestricted access to all information that a creditors' committee receives from a debtor, the provision would frustrate several other provisions of the Bankruptcy Code, including a creditors' committee's authority under section 1103(c) of the Bankruptcy Code to investigate the debtor and to act as a fiduciary for its constituents.

22.     Accordingly, the relief requested by the Motion is "necessary and appropriate" to enable the Committee to fulfill its statutory duties.  First, given the lack of guidance as to the interpretation of section 1102(b)(3) of the Bankruptcy Code, the Committee, absent the relief sought herein, could be accused of being in breach of its fiduciary obligations. Second, absent clarification by the Court, the Debtors would almost certainly be hesitant or unwilling to share confidential and sensitive information—precisely the information the Committee requires and typically receives to carry out its fiduciary obligations—for fear that the shared information may be disseminated to the public, including competitors and interested buyers, thereby frustrating the Committee's efforts to fulfill its statutory obligations.  Third,

requiring dissemination of such information to all creditors in a case of this size may undermine the Committee's efforts to maximize recoveries to its constituents given the attendant cost of such efforts. Thus, the Court should approve the Information Sharing Procedures and enter the Order pursuant to section 105(a) of the Bankruptcy Code.

23. In addition, because the cost associated with soliciting and receiving comments from general unsecured creditors will ultimately be borne by the Debtors' estates, the means for soliciting and receiving such comments must be tailored to reflect the circumstances of these Chapter 11 Cases. The Committee submits that its proposal—to invite general unsecured creditors to comment on matters related to these bankruptcy proceedings via the Committee Website, and through the telephone hotline and email address created for that purpose—provides a cost-effective and efficient method for the Committee to satisfy its obligation under section 1102(b)(3)(B) of the Bankruptcy Code. As set forth in the Information Sharing Procedures, following entry of the Order, the Committee will cause the Debtors' noticing and claims agent to provide all general unsecured creditors with notice of the Committee Website.

24. The requested relief will allow the Committee to satisfy its statutory obligations to provide access to information, solicit and receive comments as well as respond to the information requests from general unsecured creditors. In addition, the proposed Information Sharing Procedures will ensure that other confidential, privileged, proprietary, and/or material non-public information is not disseminated to the detriment of the Debtors' estates. Moreover, it will assist the Committee in performing its statutory function and create a cost-effective and efficient process and procedure for compliance with section 1102(b)(3) of the Bankruptcy Code.

25.    The relief requested herein is similar to relief previously granted by courts in this district, including this Court, in other chapter 11 cases.  See, e.g., In re General Maritime Corp., No. 11-15285 (MG) (Bankr. S.D.N.Y. Mar. 12, 2012);  In re Mesa Air Group, Inc., No. 10-10018 (MG) (Bankr. S.D.N.Y. Feb. 25, 2010); In re Metaldyne Corp., No. 09-13412 (MG) (Bankr. S.D.N.Y. July 20, 2009); In re Old Carco LLC (f/k/a Chrysler LLC), No. 09-50002 (AJC) (Bankr. S.D.N.Y. July 16, 2009); In re Chemtura Corp., No. 09-11233 (REG) (Bankr. S.D.N.Y. July 7, 2009); In re Refco Inc., No. 05-60006 (RDD) (Bankr. S.D.N.Y. Jan. 20, 2006).

26.    Accordingly, the Committee respectfully requests that the Court grant the relief requested herein to, among other things, clarify the Committee's requirement to provide access to Confidential Material on the terms set forth in the Motion and the Proposed Order and find the Committee Parties to be in compliance with section 1102(b)(3) of the Bankruptcy Code by establishing the Information Sharing Procedures.

### NOTICE

27.    In accordance with the Case Management Order, notice of this Motion has been given to all parties listed on the Monthly Service List (as defined in the Case Management Order).  Because of the nature of the relief requested, the Committee submits that such notice is sufficient and that no further notice of the relief requested in the Motion need be provided.

### NO PRIOR REQUEST

28.    No prior request for the relief sought in this Motion has been made to this or any other Court in connection with these chapter 11 cases.

## CONCLUSION

WHEREFORE, the Committee respectfully requests that the Court: (i) grant the

relief requested by the Motion; (ii) enter an Order, substantially in the form attached hereto as

**Exhibit A**; and (iii) grant the Committee such other and further relief as the Court deems proper.

Dated:    September 10, 2012
          New York, New York

KRAMER LEVIN NAFTALIS & FRANKEL LLP

/s/ Stephen D. Zide
Kenneth H. Eckstein
Douglas H. Mannal
Stephen D. Zide
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000
*Counsel for the Official Committee of
Unsecured Creditors*

**EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x
                                 :

In re:                              :     Chapter 11
                                   :

Residential Capital LLC, <u>et al.</u>,      :     Case No. 12-12020 (MG)
                                   :

           Debtors.             :     Jointly Administered
                                   :

---------------------------------------------------------- x

**ORDER APPROVING MOTION OF THE OFFICIAL COMMITTEE OF**
**UNSECURED CREDITORS TO (I) ESTABLISH INFORMATION**
**<u>SHARING PROCEDURES AND (II) GRANT RELATED RELIEF</u>**

Upon consideration of the motion (the "**<u>Motion</u>**"),[1] of the Official Committee of

Unsecured Creditors (the "**<u>Committee</u>**") to (i) establish Information Sharing Procedures and (ii)

grant related relief; and due and proper notice of the Motion having been provided; and the Court

having reviewed the Motion; [and there being no opposition to the requested relief;] and the

Court having determined that the legal and factual bases set forth in the Motion establish just

cause for the relief granted herein; and this Court having jurisdiction to order the relief provided

herein in accordance with 28 U.S.C. §§ 157 and 1334 and Amended Standing Order of

Reference M-431, dated January 31, 2012 (Preska, Acting C.J.); and this being a core proceeding

pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C.

§§ 1408 and 1409; and due and proper notice of the Motion having been given, and no other or

further notice need be provided; and the Court having found and determined that the relief

sought in the Motion is in the best interests of the Debtors' estates, and that the legal and factual

bases set forth in the Motion establish just cause for the relief granted herein; and after due

deliberation and sufficient cause appearing therefor:

---

1 Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

**IT IS HEREBY FOUND ORDERED THAT:**

1.      The Motion is hereby granted to the extent provided herein.

2.      The procedures for the Committee's dissemination of information and compliance with the requirements set forth in section 1102(b) of the Bankruptcy Code are hereby approved.

3.      In full satisfaction of the Committee's obligations to provide general unsecured creditors with access to information pursuant to Bankruptcy Code section 1102(b)(3)(A) and (B), the Committee shall establish and maintain the following Information Sharing Procedures, as may be necessary and appropriate, until the earliest to occur of: dissolution of the Committee, dismissal or conversion of these Chapter 11 Cases, or a further order of this Court:

  a. Establish and maintain a Committee Website at www.rescapcommittee.com that provides, without limitation:

    i. General information regarding the Chapter 11 Cases;

    ii. A general overview of the chapter 11 process;

    iii. Contact information for the Debtors (and any information hotlines that they establish), the Debtors' counsel and the Committee's counsel;

    iv. The date by which unsecured creditors must file their proofs of claim;

    v. The voting deadline with respect to any chapter 11 plan of reorganization filed in the Chapter 11 Cases;

    vi. The claims docket, as established by the Debtors;

    vii. The Debtors' monthly operating reports;

    viii. A list of upcoming omnibus hearing dates and the calendar of matters on such hearing dates;

    ix. Answers to frequently asked questions;

2

x.   Links to other relevant websites (e.g., the Debtors' corporate website, the website of the Debtors' notice, claims and soliciting agent, KCC, LLC, the Bankruptcy Court website and the website of the United States Trustee); and

xi.   An electronic inquiry form for creditors to submit questions and comments.

b.   Establish an email address to allow unsecured creditors to send questions and comments concerning the Chapter 11 Cases (the "**Committee Email Address**").

c.   Establish a call center or other creditor hotline (which telephone number shall be published on the Committee Website), respond to creditor inquiries via telephone, letter, email, facsimile or otherwise, as appropriate, and related services.

d.   Provide a confidential data room, if necessary.

4.     If a general unsecured creditor (the "**Requesting Creditor**") makes a written request to the Committee by email or otherwise (the "**Information Request**") seeking the disclosure of additional information (whether through the Committee Website, the Committee Email Address, or otherwise), the Committee will, within fifteen (15) calendar days of receiving the Information Request, respond to the Requesting Creditor through the means deemed most reasonable under the circumstances, either providing access to the information requested (or stating that the Committee will do so) or the reasons for the Committee being unable to comply with the Information Request.

5.     The Committee shall not be required to provide or disclose to its non-member constituents, without further order of the Court: (i) the Committee Confidential Material; (ii) any other information whose disclosure would constitute a breach or violation under any agreement or contract to which the Committee (including its members or professionals) are parties; or (iii) any other information the disclosure of which would constitute a waiver of any applicable privilege, including, without limitation, attorney-client privilege and

3

work-product privilege (collectively, "**Confidential Material**").

6.      Any information received (formally or informally) by the Committee from any entity in connection with an examination pursuant to Bankruptcy Rule 2004 or in connection with any formal or informal discovery in any contested matter, adversary proceeding, or other litigation shall not be governed by the terms of this Order but, rather, by any order governing such discovery.

7.      In addition, without further order of the Court, the Committee shall not be required to provide access to information to any entity that has not demonstrated to the satisfaction of the Committee that it holds claims of the kind described in section 1102(b)(3) of the Bankruptcy Code, nor shall the Committee be required to satisfy an Information Request, which, in its judgment, is unduly burdensome.

8.      If the Requesting Creditor is a competitor or prospective competitor of the Debtors and the information requested may impair the Debtors' business in any material way, no information will be disclosed unless the Court orders such disclosure after notice and a hearing. The determination that a Requesting Creditor is a competitor or prospective creditor shall be reviewable by the Court.

9.      If the Committee denies the Information Request, then the Requesting Creditor must make a good-faith effort to meet and confer with an authorized representative of the Committee regarding the Information Request.  If no consensual resolution is reached through such meet and confer, then the Requesting Creditor may file a motion to compel disclosure for cause, which must be served, and will be heard, in accordance with the rules of the Court and the Case Management Order, entered May 23, 2012.  The hearing on such motion shall be noticed and scheduled by the Court.

4

10.     To the extent an order of the Court provides that the Committee is required to provide or disclose Confidential Material, the Committee shall require any Requesting Creditor to enter into a confidentiality agreement reasonably acceptable to the Debtors and the Committee (a "**Creditor Confidentiality Agreement**"), and the Requesting Creditor shall enter into trading restrictions with respect to such Confidential Material, as may be appropriate, and represent that such trading restrictions and any information-screening process complies with applicable securities laws and will reasonably protect the confidentiality of such information; provided, however, that the Committee shall have no responsibility for the Requesting Creditor's compliance with, or liability for violation of, applicable securities or other laws.

11.     Nothing herein shall preclude the Requesting Creditor from requesting (i) the Court to conduct an *in camera* review of the Information Request, or (ii) the Committee to prepare a log or other index of information the Committee believes is responsive to the Information Request, but which the Committee believes to be Confidential Material.  In addition, nothing herein shall preclude the Committee from objecting to such requests.

12.     The Committee shall not have or incur any liability to any entity (including the Debtors) for acts taken or omitted as long as the Committee has acted in compliance with the Information Sharing Procedures set forth herein and with the By-Laws. However, the foregoing shall not preclude or curtail the right of any general unsecured creditor or any entity to move the Court for an order requiring the production of other or further information, to the extent available.

13.     As soon as reasonably practicable after entry of this Order, the Committee will provide notice of the Information Sharing Procedures (the "**Unsecured Creditor Notice**")

5

substantially in the form attached as <u>Exhibit B</u> to the Motion for service on those parties listed in

the Debtors' creditor matrix.  The Unsecured Creditor Notice will advise creditors of the entry of

this Order, the address of the Committee Website, and the Committee Email Address.

14.    Nothing in this Order shall diminish or otherwise modify the obligations

of the Committee or its members under the By-Laws.

15.    The Committee is authorized to take all actions necessary to effectuate the

relief granted pursuant to this Order in accordance with the Application.

16.    The terms and conditions of this Order shall be immediately effective and

enforceable upon its entry.

17.    All time periods set forth in this Order shall be calculated in accordance

with Bankruptcy Rule 9006(a).

18.    The Court retains jurisdiction with respect to all matters arising from or

related to the interpretation and implementation of this Order.

Dated: _____, 2012
     New York, New York


                              _____
                              UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT B**

**Unsecured Creditor Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------- x

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| Residential Capital LLC, <u>et al.</u>, | : | Case No. 12-12020 (MG) |
|  | : |  |
| Debtors. | : | Jointly Administered |
|  | : |  |

----------------------------------------------------------- x

**NOTICE OF ESTABLISHMENT OF AN**
**INFORMAL CREDITORS' COMMITTEE WEBSITE AND**
**<u>EMAIL ADDRESS FOR GENERAL UNSECURED CREDITOR INQUIRIES</u>**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.       On May 14, 2012, the above-captioned debtors and debtors-in-possession (the "**Debtors**") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") commencing these chapter 11 cases (the "**Chapter 11 Cases**").

2.       On _____, 2012, the United States Bankruptcy Court for the Southern District of New York entered an order (the "**Order**") authorizing the Official Committee of Unsecured Creditors (the "**Committee**") in these Chapter 11 Cases to establish a website and email address for the purposes of providing general information concerning these Chapter 11 Cases in compliance with section 1102(b)(3)(A) of the Bankruptcy Code.

3.       Unsecured creditors are referred to www.rescapcommittee.com for certain non-confidential and non-privileged information regarding these Chapter 11 Cases. In addition, unsecured creditors may direct any specific case inquiries to rescapcommittee@epiqsystems.com.

Dated: _____, 2012
           New York, New York

                                                       BY ORDER OF THE COURT