MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:     (212) 468-8000
Facsimile:     (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Erica J. Richards

*Counsel for the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------------
                                                      )
In re:                                                )     Case No. 12-12020 (MG)
                                                      )
RESIDENTIAL CAPITAL, LLC, et al.,                     )     Chapter 11
                                                      )
                               Debtors.               )     Jointly Administered
                                                      )
--------------------------------------------------------------------

**NOTICE OF DEBTORS' MOTION UNDER BANKRUPTCY CODE**
**SECTIONS 105(a) AND 362(d) FOR ENTRY OF AN ORDER APPROVING**
**PROCEDURES BY WHICH THIRD PARTIES MAY REQUEST AND OBTAIN**
**STIPULATED RELIEF FROM THE AUTOMATIC STAY TO COMMENCE OR**
**CONTINUE ACTIONS TO FORECLOSE SENIOR LIENS**

**PLEASE TAKE NOTICE** that on September 11, 2012, the Debtors and Debtors

in possession in the above-captioned cases (collectively, the "Debtors") filed the attached

*Debtors' Motion Under Bankruptcy Code Sections 105(a) and 362(d) for Entry of an Order*

*Approving Procedures by Which Third Parties May Request and Obtain Stipulated Relief from*

*the Automatic Stay to Commence or Continue Actions to Foreclose Senior Liens* (the "Motion")

with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy

Court").  A hearing to consider the Motion is scheduled for **September 27, 2012 at 10:00 a.m.**

**(prevailing Eastern Time)** before the Honorable Martin Glenn, United States Bankruptcy Judge,

in Courtroom 501 at the Bankruptcy Court, One Bowling Green, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE** that any objection to the Motion must be in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **September 20, 2012 at 4:00 p.m. (prevailing Eastern Time)**, upon (a) counsel for the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attn: Gary S. Lee, Norman S. Rosenbaum and Erica J. Richards); (b) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attn: Tracy Hope Davis, Linda A. Riffkin and Brian S. Masumoto); (c) the Office of the United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001 (Attn: US Attorney General, Eric H. Holder, Jr.); (d) Office of the New York State Attorney General, The Capitol, Albany, NY 12224-0341 (Attn: Nancy Lord, Esq. and Enid N. Stuart, Esq.); (e) Office of the U.S. Attorney for the Southern District of New York, One St. Andrews Plaza, New York, NY 10007 (Attn: Joseph N. Cordaro, Esq.); (f) counsel for Ally Financial Inc., Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY 10022 (Attn: Richard M. Cieri); (g) counsel to Barclays Bank PLC, as administrative agent for the DIP lenders, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036 (Attn: Ken Ziman and Jonathan H. Hofer); (h) counsel for the committee of unsecured creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attn: Kenneth Eckstein and Douglas Mannal); (i) counsel for Nationstar Mortgage LLC, Sidley Austin LLP, One South Dearborn, Chicago, Illinois 60603 (Attn: Jessica C.K. Boelter); (j) Internal Revenue Service, P.O. Box 7346,

Philadelphia, PA 19101-7346 (if by overnight mail, to 2970 Market Street, Mail Stop 5-Q30.133,

Philadelphia, PA 19104-5016); and (k) Securities and Exchange Commission, New York

Regional Office, 3 World Financial Center, Suite 400, new York, NY 10281-1022 (Attn: George

S. Canellos, Regional Director).

      **PLEASE TAKE FURTHER NOTICE** that if an objection to the Motion is not

timely filed and served, the Bankruptcy Court may enter an order granting the relief requested in

the Motion without further notice or opportunity to be heard afforded to any party.

Dated:  September 11, 2012
      New York, New York

 

/s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Erica J. Richards
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*

**Hearing Date: September 27, 2012 at 10:00 a.m. (ET)**
**Objection Deadline: September 20, 2012 at 4:00 p.m. (ET)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Erica J. Richards

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------
                                              )
In re:                                        )    Case No. 12-12020 (MG)
                                              )
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,      )    Chapter 11
                                              )
                              Debtors.        )    Jointly Administered
                                              )
-------------------------------------------------------------------

**DEBTORS' MOTION UNDER BANKRUPTCY CODE**
**SECTIONS 105(a) AND 362(d) FOR ENTRY OF AN ORDER APPROVING**
**PROCEDURES BY WHICH THIRD PARTIES MAY REQUEST AND OBTAIN**
**STIPULATED RELIEF FROM THE AUTOMATIC STAY TO COMMENCE OR**
<u>**CONTINUE ACTIONS TO FORECLOSE SENIOR LIENS**</u>

# TABLE OF CONTENTS

**Page**

JURISDICTION ................................................................................................................1

BACKGROUND .............................................................................................................2
    A.     Chapter 11 Case Background.............................................................................2
    B.     The Debtors' Need for Lift Stay Procedures ........................................................3

RELIEF REQUESTED......................................................................................................5

PROPOSED LIFT STAY PROCEDURES .......................................................................6

BASIS FOR RELIEF .......................................................................................................9

NOTICE..........................................................................................................................11

CONCLUSION................................................................................................................13

Exhibit A – Proposed Order
      Exhibit 1 to Proposed Order – Form of Questionnaire
      Exhibit 2 to Proposed Order – Form of Stipulation

Exhibit B – Mulcahy Declaration

ny-1048336

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*In re Frontier Airlines Holdings, Inc., et al.*,
    Case No. 08-11298 (RDD) (Bankr. S.D.N.Y. June 23, 2008)................................................11

*In re Pinnacle Airlines Corp., et al.*,
    Case No. 12-11343 (REG) (Bankr. S.D.N.Y. Apr. 23, 2012) ..................................................11

STATUTES

11 U.S.C. § 105(a) .........................................................................................................1,5,10

11 U.S.C. § 362(a) ...............................................................................................................4

11 U.S.C. § 362(d) .........................................................................................................1,5,10

11 U.S.C. § 1107(a) .............................................................................................................2

11 U.S.C. § 1108 .................................................................................................................2

28 U.S.C. § 157 ...................................................................................................................1

28 U.S.C. § 157(b)(2) .........................................................................................................1

28 U.S.C. § 1334 .................................................................................................................1

28 U.S.C. § 1408 .................................................................................................................1

28 U.S.C. § 1409 .................................................................................................................1

OTHER AUTHORITY

Bankruptcy Rule 1015(b).....................................................................................................2

Bankruptcy Rule 2002 .......................................................................................................12

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors")[1] hereby move (the "Motion") for entry of an order in substantially the form annexed hereto as **Exhibit A** (the "Proposed Order"), under sections 105(a) and 362(d) of title 11 of the United States Code (the "Bankruptcy Code"), authorizing and approving the procedures described below by which third parties that hold mortgages on real property in which the Debtors own or service an interest that is subordinate to the third party's interest may request and, if certain requirements are met, obtain stipulated relief from the automatic stay in order to foreclose on such property.[2]  In support of the Motion, the Debtors rely on the declaration of Peter J. Mulcahy, annexed hereto as **Exhibit B** (the "Mulcahy Decl."), and respectfully represent as follows:

## JURISDICTION

1.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are Bankruptcy Code sections 105(a) and 362(d).

---

[1]     The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the Whitlinger Affidavit (defined below).

[2]     Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases or the relief requested in this Motion may refer to http://www.kccllc.net/rescap for additional information.

## BACKGROUND

**A.    Chapter 11 Case Background**

2.    On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code.  The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).  No trustee has been appointed in these Chapter 11 cases.

3.    On May 16, 2012, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed a nine member official committee of unsecured creditors (the "Committee").

4.    On June 20, 2012, the Court directed that an examiner be appointed, and on July 3, 2012, the Court approved Arthur J. Gonzalez as the examiner [Docket Nos. 454, 674].

5.    On July 13, 2012, the Court entered the *Final Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses* [Docket No. 774] (the "Supplemental Servicing Order") approving the Supplemental Servicing Motion.[3]

---

[3]    The term "Supplemental Servicing Motion" refers to the *Debtors' Motion For Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), And 1108 And Bankruptcy Rule 9019 (I) Authorizing The Debtors To Continue Implementing Loss Mitigation Programs; (II) Approving Procedures For Compromise And Settlement Of Certain Claims, Litigations And Causes Of Action; (III) Granting Limited Stay Relief To Permit Foreclosure And Eviction Proceedings, Borrower Bankruptcy Cases, And Title Disputes To*
*(cont'd)*

6.       The Debtors are a leading residential real estate finance company indirectly owned by Ally Financial Inc., which is not a Debtor.  The Debtors and their non-debtor affiliates operate the fifth largest mortgage servicing business and the tenth largest mortgage origination business in the United States.  A more detailed description of the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these bankruptcy cases, is set forth in the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings (Docket No. 6) (the "Whitlinger Affidavit").

**B.       The Need for Lift Stay Procedures**

7.       The Debtors estimate that they service more than 170,000 mortgage loans with an aggregate unpaid principal balance in excess of $5.9 billion that are subordinate to a third party senior lien (each, a "Senior Lien") on the underlying property.  Mulcahy Decl. ¶ 4.  The Debtors also own approximately 25,700 mortgage loans with an aggregate unpaid principal balance of approximately $696 million that are subordinate to Senior Liens.  In those circumstances where the borrower on the property defaults on the Senior Lien, the holder of the Senior Lien (the "Senior Holder") typically will commence an action to foreclose on the property (each, a "Senior Lien Foreclosure Action").  Mulcahy Decl. ¶ 4.

8.       Generally, to proceed with a Senior Lien Foreclosure Action, the Debtors must be joined as a necessary party to the action.  Mulcahy Decl. ¶ 5.  In the ordinary course of their business, the Debtors evaluate their interests in property that is the subject of a Senior Lien Foreclosure Action and determine whether or not to oppose the foreclosure.  Mulcahy Decl. ¶ 5.

_____
*(cont'd from previous page)*
*Proceed; And (IV) Authorizing And Directing The Debtors To Pay Securitization Trustee Fees And Expenses* [Docket No. 181].

Typically, the Debtors' primary consideration is the amount of equity, if any, in the property,

available after satisfaction of the Senior Lien, although evaluations are performed on a case-by-

case basis.  Mulcahy Decl. ¶ 5.  In the vast majority of cases, the Debtors neither oppose, nor

actively participate in, the Senior Lien Foreclosure Actions.  Mulcahy Decl. ¶ 5.

> 9.     As a result of the commencement of the Debtors' Chapter 11 cases, all

pending and future Senior Lien Foreclosure Actions are stayed pursuant to section 362(a) of the

Bankruptcy Code.  Following the Petition Date, the Debtors requested and, pursuant to the

Supplemental Servicing Order, were authorized to, among other things, prosecute foreclosure

actions in those circumstances where they service senior mortgage loans and own the junior

mortgage loans on the underlying property.  Supplemental Servicing Order, ¶ 16.  This relief was

intended to address the most pressing issues facing the Debtors by allowing the Debtors to

proceed with foreclosures on senior mortgage loans in their capacity as servicer in cases where

they are contractually bound to do so, even where such foreclosure might adversely impact the

Debtors' subordinate interest in the underlying property.  See Supplemental Servicing Motion,

¶ 28.  The Supplemental Servicing Order did not grant authority for any third parties to initiate or

continue Senior Lien Foreclosure Actions.

> 10.    Since that time, approximately twenty (20) motions seeking stay relief in

order to proceed with Senior Lien Foreclosure Actions have been filed with the Court, and the

Debtors anticipate that many more will follow absent the adoption of appropriate procedures.

Mulcahy Decl. ¶ 6.  In many circumstances, upon investigation, the Debtors have determined

that have no equity in the property beyond the amount owing under the senior lien loan.

Mulcahy Decl. ¶ 6.  As a consequence, the Debtors, in the exercise of their business judgment,

have consented to a modification of the automatic stay.  Mulcahy Decl. ¶ 6.

11.     In addition, to date, the Debtors have received numerous informal requests from parties seeking the Debtors' consent to lift the automatic stay to proceed with Senior Lien Foreclosure Actions and expect that they will continue to receive such requests.  Mulcahy Decl. ¶ 7.  Given the expected volume and number of such requests, omnibus procedures governing the submission and consideration of such requests are warranted.

12.     In order to promote the prompt resolution of requests for stay relief with respect to Senior Lien Foreclosure Actions and avoid unnecessary motion practice, the Debtors hereby seek approval of the procedures described herein (the "Lift Stay Procedures").  These Lift Stay Procedures are intended to streamline the process for resolving requests to lift the automatic stay under circumstances where it is in the best interests of the Debtors' estates to do so.  The Debtors propose the Lift Stay Procedures to facilitate a more expeditious and cost-effective review by the Debtors and other parties in interest of such requests than would otherwise be available absent such procedures.

**RELIEF REQUESTED**

13.     Pursuant to sections 105(a) and 362(d) of the Bankruptcy Code, the Debtors seek entry of the Proposed Order authorizing and approving the Lift Stay Procedures, by which Senior Holders that hold a Senior Lien on real property in which the Debtors own or service a subordinate interest ("Property") may request and, if certain requirements are met, obtain stipulations for relief from the automatic stay in order to continue or commence a Senior Lien Foreclosure Action with respect to the Property without further notice or hearing, except as provided by the Lift Stay Procedures.

**PROPOSED LIFT STAY PROCEDURES**

14.    Any party (each, a "Requesting Party") seeking to continue or commence a Senior Lien Foreclosure Action with respect to any Property must serve a written request for relief from the automatic stay (a "Request") on each of the following parties: (a) the Debtors; (b) Morrison & Foerster LLP, as bankruptcy counsel for the Debtors; (c) Kramer Levin Naftalis & Frankel LLP, as counsel for the Committee; (d) the U.S. Trustee (parties listed in (a) through (d) collectively, the "Notice Parties"); and (e) any other party of which the Requesting Party is aware that holds or claims to hold an interest in the Property. Nationstar Mortgage LLC ("Nationstar") or Berkshire Hathaway Inc. ("Berkshire Hathaway" and, together with Nationstar, the "Stalking Horse Bidders") may elect at any time to be added as a Notice Party by filing a notice to such effect with the Bankruptcy Court and serving it in the same manner and to the same parties as this Motion. If a Stalking Horse Bidder elects to be added as a Notice Party, the Debtors shall revise the Questionnaire to include such additional Notice Party.

15.    The Request shall be accompanied by a completed questionnaire, in a form attached to the Proposed Order as **Exhibit 1** (the "Questionnaire"). The Questionnaire shall include the following information:

(i)    Address of the Property;

(ii)    Name of the borrower under the Senior Lien;

(iii)    Nature of the Debtors' purported interest in the Property (to be supported by a title or foreclosure report reflecting such liens or interests);

(iv)    Identity of the party that owns the Senior Lien (the "Senior Holder");

(v)    Identity of Requesting Party if different from the Senior Holder, nature of such Requesting Party's interest in the Property, and capacity in which such request is made (e.g., as servicer, etc.);

(vi)    Identification of any other known liens on the Property and holder of such liens;

(vii)    Value of the Property on which the foreclosure bid is based (to be supported by an appraisal or broker price opinion (in each case conducted

6

within the ninety (90) days preceding the date of the Questionnaire), or other documentation of value reasonably acceptable to the Debtors);

(viii)  Total indebtedness attributable to the Senior Lien, including unpaid principal balance, outstanding corporate advances and legal fees (to be supported by documentation);

(ix)  Description of the default under the Senior Lien (i.e., timing and nature of default, including date and amount of last payment, contractual payment amount outstanding, and length and amount of arrearage);

(x)  Court in which First Lien Foreclosure Action is pending or in which the Requesting Party proposes to bring such action, as applicable, together with copies of any relevant documents filed in connection with the First Lien Foreclosure Action; and

(xi)  Description of any loss mitigation efforts undertaken by or on behalf of the Senior Holder with respect to the Senior Lien within the previous twelve (12) months.

16.     Within twenty (20) days after the receipt of a Request (the "Evaluation Period"), the Notice Parties shall review and evaluate the Request.  If any of the Notice Parties determine that additional information is reasonably required in order to evaluate the Request, they will promptly notify the Debtors who will forward the request for additional information to the Requesting Party.  The Evaluation Period will commence upon receipt by the Notice Parties of such additional information.

17.     To the extent the Stalking Horse Bidders are not Notice Parties, (a) the Debtors shall provide copies of each Request for which the Property value is believed to exceed the total indebtedness attributable to the Senior Lien (each, an "Equity Request") to counsel for each of the Stalking Horse Bidders within two (2) business days after receiving such Equity Request, and (b) the Stalking Horse Bidders shall have the right to object to an Equity Request to the same extent and in the same manner as a Notice Party; provided, that each of the Stalking Horse Bidders shall only have the right to object to an Equity Request to the extent the Debtors' interest in the Property is an asset subject to purchase under the respective asset purchase

7

agreement between such Stalking Horse Bidder and the Debtors.  In addition, the Debtors shall

consult with counsel for the Stalking Horse Bidders in connection with their evaluation of the

Requests bi-weekly or at such other intervals as may be reasonably requested by each Stalking

Horse Bidder.

18.    Each Notice Party may object to a Request by providing written notice to

the Debtors, the Debtors' counsel, and the Requesting Party prior to the expiration of the

Evaluation Period, which notice shall specify the basis for such objection; provided, that each of

the Stalking Horse Bidders (to the extent they become Notice Parties) shall only have the right to

object to a Request to the extent the Debtors' interest in the Property is an asset subject to

purchase under the respective asset purchase agreement between such Stalking Horse Bidder and

the Debtors.

19.    Within two (2) business days of the end of the Evaluation Period, if the

Debtors determine that they will consent to the Request and no other Notice Party has objected,

the Debtors will notify the Requesting Party, and will execute a stipulation, substantially in the

form attached to the Proposed Order as **Exhibit 2** (the "Stipulation"), within ten (10) business

days following the expiration of the Evaluation Period.  The Debtors will submit the Stipulation

to the Bankruptcy Court for approval within five (5) business days after execution by all parties.

The Stipulation may be submitted and entered upon five (5) days' notice of presentment.

20.    If the Debtors determine that they will not consent to the Request or any

other Notice Party objects, the Debtors will notify the Requesting Party that the Request has been

denied and provide the basis for the denial within two (2) business days of the end of the

Evaluation Period, following which the Requesting Party may file a motion with the Bankruptcy

Court seeking stay relief in accordance with the procedures set forth in this Court's *Case Management Procedures* [Docket No. 141] (the "Case Management Procedures").

21.      Any party that files a motion seeking relief from the automatic stay to foreclose on a Senior Lien with the Bankruptcy Court without following the Lift Stay Procedures shall be deemed to have submitted a Request, and the motion will be dismissed without prejudice and such party shall have the right to refile the motion in accordance with the Case Management Procedures in the event the Request is denied in accordance with the Lift Stay Procedures.

**BASIS FOR RELIEF**

22.      Absent the relief proposed herein, Senior Holders (or their representatives) will continue to be required to file separate motions for stay relief in order to foreclose on Senior Liens (typically for a single property), even where the Debtors would, subject to the provision of necessary information, be willing to consent to stay relief.  Indeed, to date, the Debtors, in consultation with the Committee, have evaluated each such motion in this manner, and have consented to the relief requested on terms acceptable to the Debtors, the Committee, and other parties in interest.  Resolving all anticipated motions for stay relief in this manner would pose an unnecessary and expensive administrative burden on the Debtors' estates and this Court.

23.      Further, a number of parties have already requested that the Debtors agree to enter into individual stipulations regarding requests for stay relief in order to foreclose on Senior Liens.  These inquiries have been received from counterparties located nationwide with varying resources at their disposal.  The Lift Stay Procedures provide uniform and clear guidance regarding where to direct such requests and what information is required by the Debtors to evaluate and respond to these inquiries.  The Debtors submit that the Lift Stay Procedures will significantly reduce the administrative burden placed on the Debtors and the Committee of

9

reviewing, analyzing and responding to individual motions for stay relief.  At the same time, the

Lift Stay Procedures will limit the administrative burdens on this Court associated with

individual motions for relief from the stay.  The Questionnaire will allow the Debtors and other

Notice Parties to make an informed decision regarding whether stay relief is in the best interests

of the Debtors' estates under the circumstances.  Mulcahy Decl. ¶ 8.  Such data should be easily

accessible by the Senior Holders.  Mulcahy Decl. ¶ 8.

      24.     Section 362(d) of the Bankruptcy Code provides that "[o]n request of a

party in interest and after notice and a hearing, the court shall grant relief from the automatic

stay" under certain circumstances, including "for cause," or where the debtor does not have any

equity in the subject property and the property is not necessary to an effective reorganization.

The Lift Stay Procedures do not prejudice the rights of parties to seek relief under this provision.

Rather, the proposed procedures seek to streamline the process for evaluating circumstances in

which stay relief is warranted by the underlying facts.

      25.     Section 105 of the Bankruptcy Code provides that "[t]he Court may issue

any order, process, or judgment that is necessary or appropriate to carry out the provisions of this

title." 11 U.S.C. § 105(a).  The Debtors respectfully submit that section 105 authorizes the Court

to approve the proposed Lift Stay Procedures.  The Debtors further submit that the Lift Stay

Procedures are both an exercise of sound business judgment and in the best interests of their

estates and their creditors.  The Debtors believe that all parties in interest would be best served

by having uniform procedures to reference in connection with seeking stipulated stay relief.

Likewise, the Lift Stay Procedures will relieve this Court, the U.S. Trustee, and the Committee

of the administrative burdens of reviewing numerous lift stay motions and responses.

26.     The Debtors are unaware of similar relief having been granted in this

context, although orders approving settlement or claims procedures that incorporate stay relief

have been entered in cases in this District.  *See, e.g.*, *In re Pinnacle Airlines Corp., et al.*, Case

No. 12-11343 (REG) (Bankr. S.D.N.Y. Apr. 23, 2012) [Dkt. No. 170] (approving settlement

procedures authorizing the debtors to agree to the modification of the automatic stay without

further Court approval to allow claimants to commence or continue prosecuting litigation on

account of which the debtors have insurance coverage); *In re Frontier Airlines Holdings, Inc., et

al.*, Case No. 08-11298 (RDD) (Bankr. S.D.N.Y. June 23, 2008) [Dkt. No. 374] (same).

### NOTICE

27.     Notice of this Motion will be given to the following parties, or in lieu

thereof, to their counsel:  (a) the U.S. Trustee; (b) the Office of the United States Attorney

General; (c) the Office of the New York Attorney General; (d) the Office of the United States

Attorney for the Southern District of New York; (e) the Internal Revenue Service; (f) the

Securities and Exchange Commission; (g) each of the Debtors' prepetition lenders, or their

agents, if applicable; (h) each of the indenture trustees for the Debtors' outstanding notes

issuances; (i) Ally Financial Inc.; (j) Barclays Bank PLC, as administrative agent for the lenders

under the debtor in possession financing facility; (k) the Committee; (l) Nationstar Mortgage

LLC and its counsel; (m)  Berkshire Hathaway Inc. and their counsel; (n) the parties included on

the Debtors' list of fifty (50) largest unsecured creditors; and (o) all parties requesting notice

pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in view of the facts and

circumstances, such notice is sufficient and no other or further notice need be provided.

28.     The notice shall provide that any objections to the relief granted in the

Proposed Order must be filed with the Court and served on the following parties: (a) counsel for

the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104

(Attn:  Gary S. Lee, Lorenzo Marinuzzi, and Norman S. Rosenbaum); (b) the Office of the

United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor,

New York, NY 10004 (Attn: Brian S. Masumoto, Esq.); (c) counsel to the administrative agent

for the Debtors' providers of debtor in possession financing, Skadden, Arps, Slate, Meagher &

Flom LLP, 4 Times Square, New York, New York 10036 (Attn: Kenneth S. Ziman and Jonathan

H. Hofer); (d) counsel for the Committee, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue

of the Americas New York, NY 10036, Attn: Kenneth H. Eckstein and Douglas H. Mannal,

(e) counsel to Nationstar Mortgage LLC, Sidley Austin LLP, One South Dearborn Street,

Chicago, Illinois 60603, Attn: Larry Nyhan and Jessica Boelter; and (f) counsel to Berkshire

Hathaway Inc., Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los Angeles, CA

90071, Attn: Seth Goldman and Thomas Walper, by no later than **September 20, 2012 at**

**4:00 p.m. (Eastern Time)** (the "Motion Objection Deadline").  If no objections to the Motion

are filed and served by the Motion Objection Deadline, the Court may enter the Proposed Order

on a final basis without further notice or hearing.


*[Remainder of page intentionally left blank]*

## <u>CONCLUSION</u>

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed

Order, substantially in the form annexed hereto, granting the relief requested in the Motion and

such other and further relief as may be just and proper.

Dated:   September 11, 2012
         New York, New York

                                        Respectfully submitted,

                                         /s/ Norman S. Rosenbaum
                                        Gary S. Lee
                                        Norman S. Rosenbaum
                                        Erica J. Richards
                                        MORRISON & FOERSTER LLP
                                        1290 Avenue of the Americas
                                        New York, New York 10104
                                        Telephone: (212) 468-8000
                                        Facsimile: (212) 468-7900

                                        *Counsel for the Debtors and
                                        Debtors in Possession*

## **EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------ )
                                                            )
In re:                                                      )    Case No. 12-12020 (MG)
                                                            )
RESIDENTIAL CAPITAL, LLC, et al.,                           )    Chapter 11
                                                            )
                                    Debtors.                )    Jointly Administered
                                                            )
------------------------------------------------------------------------ )

**ORDER PURSUANT TO BANKRUPTCY CODE
SECTIONS 105(a) AND 362(d) FOR ENTRY OF AN ORDER APPROVING
PROCEDURES BY WHICH THIRD PARTIES MAY REQUEST AND OBTAIN
STIPULATED RELIEF FROM THE AUTOMATIC STAY TO COMMENCE OR
CONTINUE ACTIONS TO FORECLOSE SENIOR LIENS**

Upon the motion (the "Motion"),[4] dated September 11, 2012, of the above-captioned

debtors and debtors in possession (the "Debtors"), pursuant to sections 105(a) and 362(d) of the

Bankruptcy Code, for entry of an order establishing procedures by which third parties that hold

mortgages on real property (each, a "Senior Lien") in which the Debtors hold or service an

interest that is subordinate to the third party's interest (each, a "Property") may request and, if

certain requirements are met, obtain stipulated relief from the automatic stay in order to foreclose

on such Property (each such action, a "Senior Lien Foreclosure Action"), all as more fully set

forth in the Motion; and it appearing that proper and adequate notice of the Motion has been

given and that no other or further notice is necessary; and after due deliberation thereon; and

good and sufficient cause appearing therefor, it is hereby:

ORDERED THAT:

1.        The relief requested in the Motion is GRANTED as provided herein.

2.        The Lift Stay Procedures are approved as follows:

---

[4] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

**Lift Stay Procedures**

3.        Any party (each, a "Requesting Party") seeking to continue or commence a Senior

Lien Foreclosure Action with respect to any Property must serve a written request for relief from

the automatic stay (a "Request") on each of the following parties: (a) the Debtors; (b) Morrison

& Foerster LLP, as bankruptcy counsel for the Debtors; (c) Kramer Levin Naftalis & Frankel

LLP, as counsel for the Committee; (d) the U.S. Trustee (parties listed in (a) through (d)

collectively, the "Notice Parties"); and (e) any other party of which the Requesting Party is

aware that holds or claims to hold an interest in the Property; provided, that Nationstar Mortgage

LLC ("Nationstar") or Berkshire Hathaway Inc. ("Berkshire Hathaway" and, together with

Nationstar, the "Stalking Horse Bidders") may elect at any time to be added as a Notice Party by

filing a notice to such effect with the Bankruptcy Court and serving it in the same manner and to

the same parties as this Motion.  If a Stalking Horse Bidder elects to be added as a Notice Party,

the Debtors shall revise the Questionnaire to include such additional Notice Party.

4.        The Request shall be accompanied by a completed questionnaire, in a form

attached hereto as **Exhibit 1** (the "Questionnaire").  The Questionnaire shall include the

following information:

(a)        Address of the Property;

(b)        Name of the borrower under the Senior Lien;

(c)        Nature of the Debtors' purported interest in the Property (to be
supported by a title or foreclosure report reflecting such liens or
interests);

(d)        Identity of the party that owns the Senior Lien (the "Senior
Holder");

(e)        Identity of Requesting Party if different from the Senior Holder,
nature of such Requesting Party's interest in the Property, and
capacity in which such request is made (e.g., as servicer, etc.);

(f)      Identification of any other known liens on the Property and holder of such liens;

(g)      Value of the Property on which the foreclosure bid is based (to be supported by an appraisal or broker price opinion (in each case conducted within the ninety (90) days preceding the date of the Questionnaire), or other documentation of value reasonably acceptable to the Debtors);

(h)      Total indebtedness attributable to the Senior Lien, including unpaid principal balance, outstanding corporate advances and legal fees (to be supported by documentation);

(i)      Description of the default under the Senior Lien (i.e., timing and nature of default, including date and amount of last payment, contractual payment amount outstanding, and length and amount of arrearage);

(j)      Court in which First Lien Foreclosure Action is pending or in which the Requesting Party proposes to bring such action, as applicable, together with copies of any relevant documents filed in connection with the First Lien Foreclosure Action; and

(k)      Description of any loss mitigation efforts undertaken by or on behalf of the Senior Holder with respect to the Senior Lien within the previous twelve (12) months.

5.      Within twenty (20) days after the receipt of a Request (the "Evaluation Period"), the Notice Parties shall review and evaluate the Request. If any of the Notice Parties determine that additional information is reasonably required in order to evaluate the Request, they will promptly notify the Debtors who will forward the request for additional information to the Requesting Party. The Evaluation Period will commence upon receipt by the Notice Parties of such additional information.

6.      To the extent the Stalking Horse Bidders are not Notice Parties, (a) the Debtors shall provide copies of each Request for which the Property value is believed to exceed the total indebtedness attributable to the Senior Lien (each, an "Equity Request") to counsel for each of the Stalking Horse Bidders within two (2) business days after receiving such Equity Request, and

(b) the Stalking Horse Bidders shall have the right to object to an Equity Request to the same extent and in the same manner as a Notice Party; provided, that each of the Stalking Horse Bidders shall only have the right to object to an Equity Request to the extent the Debtors' interest in the Property is an asset subject to purchase under the respective asset purchase agreement between such Stalking Horse Bidder and the Debtors.  In addition, the Debtors shall consult with counsel for the Stalking Horse Bidders in connection with their evaluation of the Requests bi-weekly or at such other intervals as may be reasonably requested by each Stalking Horse Bidder.

7.      Each Notice Party may object to a Request by providing written notice to the Debtors, the Debtors' counsel, and the Requesting Party prior to the expiration of the Evaluation Period, which notice shall specify the basis for such objection; provided, that each of the Stalking Horse Bidders (to the extent they become Notice Parties) shall only have the right to object to a Request to the extent the Debtors' interest in the Property is an asset subject to purchase under the respective asset purchase agreement between such Stalking Horse Bidder and the Debtors.

8.      Within two (2) business days of the end of the Evaluation Period, if the Debtors determine that they will consent to the Request and no other Notice Party has objected, the Debtors shall notify the Requesting Party, and shall execute a stipulation, substantially in the form attached hereto as **Exhibit 2** (the "Stipulation"), within ten (10) business days following the expiration of the Evaluation Period.  The Debtors shall submit the Stipulation to the Bankruptcy Court for approval within five (5) business days after execution by all parties.  The Stipulation may be submitted and entered upon five (5) days' notice of presentment.

9.      If the Debtors determine that they will not consent to the Request or any other Notice Party objects, the Debtors shall notify the Requesting Party that the Request has been

denied and provide the basis for the denial within two (2) business days of the end of the

Evaluation Period, following which the Requesting Party may file a motion with the Bankruptcy

Court seeking stay relief in accordance with the procedures set forth in this Court's Case

Management Procedures [Docket No. 141] (the "Case Management Procedures").

10.     Any party that files a motion seeking relief from the automatic stay to foreclose

on a Senior Lien with the Bankruptcy Court without following the Lift Stay Procedures shall be

deemed to have submitted a Request, and the motion will be dismissed without prejudice and

such party shall have the right to refile the motion in accordance with the Case Management

Procedures in the event the Request is denied in accordance with the Lift Stay Procedures.

**Miscellaneous**

11.     To the extent applicable, the 14-day stay of Federal Rule of Bankruptcy

Procedure 6004(h) is hereby waived, and this Order shall be effective immediately.

12.     The Debtors are authorized to execute and deliver all instruments and documents,

and take such other action as may be necessary or appropriate to implement and effectuate the

transactions contemplated by this Order.

13.     Notwithstanding anything herein to the contrary, this Order shall not modify or

affect the terms and provisions of, nor the rights and obligations under, (a) the Board of

Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among

AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal

Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment

entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012,

(c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the

Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related

agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

14.    This Court shall retain jurisdiction to hear and determine all matters arising from

or related to this Order.

Dated:    New York, New York
              September __, 2012

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 1**

*In re Residential Capital, LLC*, et al.
Chapter 11 Case No. 12-12020 (MG)

## <u>SENIOR LIEN STAY RELIEF QUESTIONNAIRE</u>

This questionnaire is to be completed by any party (the "<u>Requesting Party</u>") requesting stay relief (each, a "<u>Request</u>") to foreclose on a mortgage or security interest (the "<u>Senior Mortgage</u>") on property (the "<u>Property</u>") in which Residential Capital, LLC, *et al.* (the "<u>Debtors</u>") hold a subordinate interest, and served on the parties listed below.

All questions **must** be answered.  Please use "none," "not applicable," or "N/A," as appropriate. If more space is needed, please complete on a separate page and attach.

      1.     Address of the Property that is the subject of the Request:

           _____

           _____

      2.     Name of the borrower under the Senior Mortgage:

           _____

      3.     Nature of the Debtors' interest in the Property (to be supported by a title or foreclosure report reflecting such liens or interests and attached to this Questionnaire):

           _____

           _____

           _____

      4.     Name and contact information of party that owns the Senior Mortgage (the "<u>Senior Holder</u>"):

           _____

           _____

           _____

1

5.    If the Requesting Party is different from the Senior Holder:

    (a) Name and contact information of Requesting Party:

    _____

    _____

    (b) Nature of Requesting Party's interest in the Property:

    _____

    _____

    (c) Capacity in which the Request is made (i.e., servicer, etc.):

    _____

    _____

6.    Description of any other known liens on the Property (including the holder of such liens):

    _____

    _____

    _____

    _____

7.    Value of the Property on which the foreclosure bid is based (to be supported by an appraisal or broker price opinion (in each case conducted within the ninety (90) days preceding the date of the Questionnaire), or other documentation of value reasonably acceptable to the Debtors or other documentation of value reasonably acceptable to the Debtors and attached to this Questionnaire):

    _____

    _____

8.    Total indebtedness attributable to the Senior Lien, including unpaid principal balance, outstanding corporate advances and legal fees (to be supported by documentation attached to this Questionnaire):

    _____

_____

9.     Description of the default under the Senior Lien (i.e., timing and nature of default, including date and amount of last payment, contractual payment amount outstanding, and length and amount of arrearage):

_____

_____

_____

_____

10.    Court in which the foreclosure action with respect to the Senior Mortgage is pending or in which the Requesting Party proposes to bring the action (and, if applicable, the case name and number, together with copies of any relevant documents filed in the First Lien Foreclosure Action):

_____

_____

_____

11.    Description of any loss mitigation efforts undertaken by or on behalf of the Senior Holder with respect to the Senior Mortgage within the previous twelve (12) months:

_____

_____

_____

_____

**I hereby certify that (a) I am authorized to submit this Request on behalf of the Requesting Party, and (b) the foregoing is true and correct to the best of my knowledge and belief.**

Date:  _____

Name:  _____

Title:  _____

**UPON COMPLETION, PLEASE REMIT THIS QUESTIONNAIRE, TOGETHER WITH COPIES OF ANY SUPPORTING DOCUMENTATION, TO THE FOLLOWING PARTIES:**

| | |
|---|---|
| Residential Capital, LLC | Office of the United States Trustee |
| 1100 Virginia Dr. | 33 Whitehall Street, 21st Floor |
| Ft. Washington, Pennsylvania, 19034 | New York, New York 10004 |
| Attn: Tammy Hamzehpour | Attn: Brian Masumoto, Esq. and |
| | Michael Driscoll, Esq. |
| | |
| Morrison & Foerster LLP | Kramer Levin, Naftalis & Frankel LLP |
| 1290 Avenue of the Americas | Counsel for the Committee |
| New York, New York 10104 | 1177Avenue of the Americas |
| Attn:  Norman S. Rosenbaum and | New York, New York 10036 |
| Erica J. Richards | Attn: Elise Frejka |

Any other party of which the Requesting Party is aware that holds or claims to hold an interest in the Property.

**EXHIBIT 2**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------- )
In re:                                                               )    Case No. 12-12020 (MG)
                                                                     )
RESIDENTIAL CAPITAL, LLC, et al.,                                    )    Chapter 11
                                                                     )
                                             Debtors.                )    Jointly Administered
                                                                     )
-------------------------------------------------------------------- )

**CONSENT ORDER PURSUANT TO 11 U.S.C. § 362(d)**
**MODIFYING THE AUTOMATIC STAY IMPOSED BY 11 U.S.C. § 362(a)**

Pursuant to the order, dated _____, 2012 (Docket No. ___) (the "Procedures Order"),[5]

pursuant to sections 105(a) and 362(d) of title 11 of the United States Code (the "Bankruptcy

Code") establishing procedures (the "Stay Relief Procedures") for requesting relief from the

automatic stay to complete the foreclosure of a senior mortgage and security interest on lands

and premises with respect to which the Debtors hold or service a subordinate mortgage and

security interests; and [**requesting party**] ("Movant") having requested (the "Request") relief

from the automatic stay in accordance with the Stay Relief Procedures in connection with

property with an address of [**address**] (the "Mortgaged Property") and due and proper notice of

the Request having been made on all necessary parties; and the above-captioned debtors (the

"Debtors") having consented to the relief sought in the Request on the terms and conditions

contained in this Order, upon all of the proceedings had before the Court; and after due

deliberation and sufficient cause appearing, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

The Request is granted as set forth herein.

---

[5]   Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Procedures
Order.

The automatic stay imposed in this case by section 362(a) of the Bankruptcy Code is modified under section 362(d) of the Bankruptcy Code to allow Movant to complete the foreclosure of the mortgage and security interest it holds on the Mortgaged Property.

Movant shall provide due notice to the Debtors in connection with any action to be taken with respect to the Mortgaged Property, including, but not limited to, proceeding with a sale of the Mortgaged Property, in accordance with and to the extent required by applicable state law.

To the extent proceeds from any sale of the Mortgaged Property exceed the valid amounts due and owing to Movant and any other entity holding a valid and enforceable lien on the Mortgaged Property that is senior to the lien of the Debtors, such proceeds shall be turned over within thirty (30) days after such sale is completed (a) to the Debtors' estates, or (b) to the extent the Debtors' interest in the Property is an asset subject to purchase under an asset purchase agreement between the Debtors and a Stalking Horse Bidder (or any other purchaser) (each, an "APA"), then, on and after the closing of the sale under such APA, to such purchaser via wire transfer.

This Consent Order may not be modified other than by a signed writing executed by the Parties hereto or by further order of the Court.

This Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

That pursuant to Bankruptcy Rule 4001(a)(3), the 14-day stay of this Order imposed by such Bankruptcy Rule is waived.  Movant is authorized to implement the provisions of this Order immediately upon its entry.

2

This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Order.

Dated: _____ __, 201_
      New York, New York

                                    _____
                                    HONORABLE MARTIN GLENN
                                    UNITED STATES BANKRUPTCY JUDGE

| GMAC MORTGAGE, LLC | [MOVANT] |
|---|---|
| By:_____ | By:_____ |
| Gary S. Lee | [Name] |
| Norman S. Rosenbaum | [Address] |
| MORRISON & FOERSTER LLP | Tel:  [_____] |
| 1290 Avenue of the Americas | Fax:  [_____] |
| New York, New York 10104 | |
| Telephone:  (212) 468-8000 | *COUNSEL FOR [MOVANT]* |
| Facsimile:  (212) 468-7900 | |
| | |
| *Counsel for Debtors* | |
| *and Debtors in Possession* | |

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

---------------------------------------------------------------------

**DECLARATION OF PETER J. MULCAHY IN SUPPORT OF DEBTORS' MOTION
UNDER BANKRUPTCY CODE SECTIONS 105(a) AND 362(d) FOR ENTRY OF AN
ORDER APPROVING PROCEDURES BY WHICH THIRD PARTIES MAY REQUEST
AND OBTAIN STIPULATED RELIEF FROM THE AUTOMATIC STAY TO
<u>COMMENCE OR CONTINUE ACTIONS TO FORECLOSE SENIOR LIENS</u>**

I, Peter J. Mulcahy, under penalty of perjury, declare as follows:

<u>**Background and Qualifications**</u>

1.  I serve as In-House Bankruptcy Counsel in the Legal Department at Residential

Capital, LLC ("**ResCap**"), a limited liability company organized under the laws of the state of

Delaware and the parent of the other debtors and debtors in possession in the above-captioned

Chapter 11 cases (collectively, the "**Debtors**").  I have held this position since November 2011.

Prior to that date, I was employed for nearly ten years as senior bankruptcy specialist and

litigator with the law firm of Phelan, Hallinan & Schmieg, LLP, whose practice is solely devoted

to representing the largest banks and mortgage servicers in all matters of mortgage foreclosure

and bankruptcy law in Pennsylvania, New Jersey, Florida, and Georgia.  I am a member of the

Pennsylvania and New York bars, as well as admitted to practice in the Federal Bankruptcy

Courts in Pennsylvania and New York and before the Third Circuit.

2.    In my role as In-House Bankruptcy Counsel at ResCap, I am responsible for advising the Mortgage Operations Division on all matters related to bankruptcy law, policy and procedures.  In addition, I oversee all local default legal counsel used by the Debtors nationwide in their ordinary course of business servicing matters, including regular motion practice.

3.    I am authorized to make this declaration on behalf of the Debtors and in support of the *Debtors' Motion Under Bankruptcy Code Sections 105(a) And 362(d) For Entry Of An Order Approving Procedures By Which Third Parties May Request And Obtain Stipulated Relief From The Automatic Stay To Commence Or Continue Actions To Foreclose Senior Liens* (the "Motion"),[6] filed contemporaneously herewith.  Except as otherwise indicated, all statements in this Declaration are based upon my personal knowledge; information supplied or verified by personnel in departments within the various business units of the Debtors; my review of the Debtors' relevant documents; or my general experience, expertise, and knowledge of the Debtors' mortgage loan servicing operations.  In making my statements based on my review of the Debtors' relevant documents and other information prepared or collected by the Debtors' employees, I have relied upon these employees accurately recording, preparing, collecting, or verifying any such documentation and other information.  If I were called to testify as a witness in this matter, I would testify competently to the facts set forth herein.

## Senior Lien Foreclosure Actions

4.    The Debtors service more than 170,000 mortgage loans with an aggregate unpaid principal balance in excess of $5.9 billion that are subordinate to a third party senior lien (each, a "Senior Lien") on the underlying property.  The Debtors also own approximately 25,700 mortgage loans with an aggregate unpaid principal balance of approximately $696 million that

---

[6]    Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2

are subordinate to Senior Liens.  In those circumstances where the borrower on the property

defaults on the Senior Lien, the holder of the Senior Lien (the "Senior Holder") typically will

commence an action to foreclose on the property (each, a "Senior Lien Foreclosure Action").

5.    Generally, to proceed with a Senior Lien Foreclosure Action, the Debtors must be

joined as a necessary party to the action.  In the ordinary course of their business, the Debtors

evaluate their interests in property that is the subject of a Senior Lien Foreclosure Action and

determine whether or not to oppose the foreclosure.  Typically, the primary consideration in

evaluating whether to oppose the foreclosure is the amount of equity, if any, in the property,

although evaluations are performed on a case-by-case basis.  In the vast majority of cases, the

Debtors neither oppose, nor participate in, the Senior Lien Foreclosure Actions.

6.    Since the entry of the Supplemental Servicing Order, approximately twenty (20)

motions seeking stay relief in order to proceed with Senior Lien Foreclosure Actions have been

filed with the Court, and I anticipate that many more will follow absent the adoption of

appropriate procedures.  In many circumstances, upon investigation, the Debtors have

determined that have no equity in the property.  As a consequence, the Debtors, in the exercise of

their business judgment, have consented to a modification of the automatic stay.

7.    In addition, to date, the Debtors have received numerous informal requests from

parties seeking the Debtors' consent to lift the automatic stay to proceed with Senior Lien

Foreclosure Actions and expect that they will continue to receive such requests.

8.    I believe the proposed Lift Stay Procedures will promote the prompt resolution of

requests for stay relief with respect to Senior Lien Foreclosure Actions by streamlining the

process for resolving requests to lift the automatic stay.  Among other things, the Lift Stay

Procedures will facilitate a more expeditious and cost-effective review by the Debtors of such

ny-1055121

requests than would otherwise be available absent such procedures.  The Questionnaire will

allow the Debtors and other Notice Parties to make an informed decision regarding whether stay

relief is in the best interests of the Debtors' estates under the circumstances.  In my experience,

the data requested in the Questionnaire should be easily accessible by the Senior Holders.

Pursuant to 28 U.S.C. §1746, I declare under the penalty of perjury that the foregoing is

true and correct.

Executed on September 11, 2012

By:   /s/ Peter J. Mulcahy
          Peter J. Mulcahy
          In-House Bankruptcy Counsel for
          Residential Capital, LLC