Hearing Date: September 27, 2012 at 10:00 a.m. (ET)
Objection Deadline: September 20, 2012 at 4:00 p.m. (ET)

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**NOTICE OF HEARING ON DEBTORS' APPLICATION UNDER SECTION 327(e) OF THE BANKRUPTCY CODE AND LOCAL RULE 2014-1 FOR AUTHORIZATION TO EMPLOY AND RETAIN HUDSON COOK, LLP AS SPECIAL COUNSEL TO THE DEBTORS, *NUNC PRO TUNC* TO MAY 14, 2012**

**PLEASE TAKE NOTICE** that on September 12, 2012, Debtors filed an Application under Section 327(e) of the Bankruptcy Code and Local Rule 2014-1 for Authorization to Employ and Retain Hudson Cook, LLP as Special Counsel to the Debtors, *Nunc Pro Tunc* to May 14, 2012 (the "**Application**").

ny-1057708

**PLEASE TAKE FURTHER NOTICE** that the hearing on the Application will be held before the Honorable Martin Glenn, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 501, One Bowling Green, New York, New York 10004 (the "**Bankruptcy Court**") on **September 27, 2012 at 10:00 a.m.** (**prevailing Eastern Time**), or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any objections to the Application must be in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **September 20, 2012 at 4:00 p.m. (prevailing Eastern Time)**, upon (a) the Office of the United States Trustee for the Southern District of New York; (b) counsel to the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10004 (Attn: Gary S. Lee, Esq., Norman S. Rosenbaum, Esq, and Lorenzo Marinuzzi, Esq.);(c) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attn: Tracy Hope Davis, Linda A. Riffkin and Brian S. Masumoto); (d) the Office of the United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001 (Attn: U.S. Attorney General, Eric H. Holder, Jr.); (e) Office of the New York State Attorney General, The Capitol, Albany, NY 12224-0341 (Attn: Nancy Lord, Esq. and Neal Mann, Esq.); (f) Office of the U.S. Attorney for the Southern District of New York, One St. Andrews Plaza, New York, NY 10007 (Attn: Joseph N. Cordaro, Esq.); (g) counsel for Ally Financial Inc., Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY 10022 (Attn:

Richard M. Cieri); (h) counsel to Barclays Bank PLC, as administrative agent for the DIP lenders, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036 (Attn: Ken Ziman & Jonathan H. Hofer); (i) counsel for the official committee of unsecured creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attn: Kenneth Eckstein & Greg Horowitz); (j) counsel for Nationstar Mortgage LLC, Sidley Austin LLP, One South Dearborn, Chicago, Illinois 60603 (Attn: Jessica C.K. Boelter); (k) Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346 (if by overnight mail, to 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-5016); and (l) Securities and Exchange Commission, New York Regional Office, 3 World Financial Center, Suite 400, New York, NY 10281-1022 (Attn: George S. Canellos, Regional Director)

**PLEASE TAKE FURTHER NOTICE** that if no objections to the Application are timely filed and served, then the relief requested in the Application may be granted without a hearing in accordance with the Case Management Procedures.

Dated: September 12, 2012
      New York, New York

                                             /s/ Lorenzo Marinuzzi
                                             Gary S. Lee
                                             Lorenzo Marinuzzi
                                             MORRISON & FOERSTER LLP
                                             1290 Avenue of the Americas
                                             New York, New York 10104
                                             Telephone: (212) 468-8000
                                             Facsimile: (212) 468-7900

                                             *Counsel for the Debtors and*
                                             *Debtors in Possession*

**Hearing Date: September 27, 2012 at 10:00 a.m. (ET)**
**Objection Deadline: September 20, 2012 at 4:00 p.m. (ET)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi

*Counsel for the Debtors and*
*Debtors in Possession*


**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**DEBTORS' APPLICATION UNDER SECTION 327(e) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 2014(a) AND LOCAL RULE 2014-1 FOR AUTHORIZATION TO EMPLOY AND RETAIN HUDSON COOK, LLP AS SPECIAL COUNSEL TO THE DEBTORS, *NUNC PRO TUNC* TO MAY 14, 2012**

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

The debtors and debtors in possession in the above-captioned cases (each, a "**Debtor**" and collectively, the "**Debtors**") hereby move for entry of an order, substantially in the form attached hereto as Exhibit 1 (the "**Proposed Order**"), under section 327(e) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**") and Local Rule 2014-1 of the Local Rules for the Bankruptcy Court for the Southern District of New York (the "**Local Rules**"), authorizing the Debtors to employ and retain Hudson Cook, LLP ("**Hudson Cook**") as special counsel to the


**Hearing Date: September 27, 2012 at 10:00 a.m. (ET)**
**Objection Deadline: September 20, 2012 at 4:00 p.m. (ET)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**DEBTORS' APPLICATION UNDER SECTION 327(e) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 2014(a) AND LOCAL RULE 2014-1 FOR AUTHORIZATION TO EMPLOY AND RETAIN HUDSON COOK, LLP AS SPECIAL COUNSEL TO THE DEBTORS, *NUNC PRO TUNC* TO MAY 14, 2012**

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

The debtors and debtors in possession in the above-captioned cases (each, a "**Debtor**" and collectively, the "**Debtors**") hereby move for entry of an order, substantially in the form attached hereto as Exhibit 1 (the "**Proposed Order**"), under section 327(e) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**") and Local Rule 2014-1 of the Local Rules for the Bankruptcy Court for the Southern District of New York (the "**Local Rules**"), authorizing the Debtors to employ and retain Hudson Cook, LLP ("**Hudson Cook**") as special counsel to the

Debtors *nunc pro tunc* to May 14, 2012 (the "**Application**"). In support of the Application, the Debtors respectfully state as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this Application under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Application in this district is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are Bankruptcy Code section 327(e), Bankruptcy Rule 2014(a) and Local Rule 2014-1.

## BACKGROUND

2. On May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code. The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code §§ 1107(a) and 1108. These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b). On June 20, 2012, the Court directed that an examiner be appointed [Docket No. 454], and on July 3, 2012, the Court approved Arthur J. Gonzalez as the examiner [Docket No. 674].

3. On May 16, 2012, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed a nine member official committee of unsecured creditors (the "**Creditors' Committee**").

4. The Debtors are a leading residential real estate finance company indirectly owned by Ally Financial Inc. ("**AFI**"), which is not a Debtor. The Debtors and their non-debtor affiliates operate the fifth largest mortgage servicing business and the tenth largest mortgage origination business in the United States. A more detailed description of the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of

these bankruptcy cases, is set forth in the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings* (the "**Whitlinger Affidavit**").

5.      On or about April 13, 2011, certain of the Debtors, together with AFI and Ally Bank, entered into a consent order (the "**Consent Order**")[1] with the Board of Governors of the Federal Reserve System (the "**FRB**") and the Federal Deposit Insurance Corporation. The Consent Order requires, in relevant part, the retention of an independent consultant (as described in paragraph 3 of the Consent Order)[2] to conduct an independent review of certain residential mortgage foreclosure actions (the "**Foreclosure Review**").  Consent Order ¶¶ 3-4.

6.      Prior to the Debtors' bankruptcy filing, Hudson Cook received approval from the FRB and began providing legal advice and assistance in connection with PwC's Foreclosure Review.

## RELIEF REQUESTED

7.      By this Application, the Debtors seek entry of an order, substantially in the form attached hereto as Exhibit 1, under section 327(e) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1, authorizing the Debtors to employ and retain Hudson Cook as Special Counsel to the Debtors, *nunc pro tunc* to May 14, 2012, to permit Hudson Cook to continue its performance of legal services in connection with the Foreclosure Review in accordance with the terms of the Engagement Letter (as defined below), subject to the modifications described herein and in the Order. Hudson Cook will coordinate with Morrison &

---

[1] A copy of the Consent Order is attached as Exhibit 5 to the *Debtors' Motion for Entry of an Order under Bankruptcy Code Section 363 and Bankruptcy Rule 6004(i) Authorizing the Debtors to Compensate PricewaterhouseCoopers, LLP for File Review Services in Furtherance of the Debtors' Compliance Obligations under Federal Reserve Board Consent Order and (ii) Reaffirming Relief Granted in the GA Servicing Order* [Docket No. 1357], filed on September 5, 2012.
[2] On February 1, 2012, the Debtors engaged PricewaterhouseCoopers, LLP ("**PwC**") to act as the independent consultant.

3

Foerster such that the services provided by Hudson Cook and Morrison & Foerster are complementary of each other and not duplicative.

8. GMAC Mortgage, LLC ("**GMAC Mortgage**") proposes to pay Hudson Cook for its services, subject to applicable provisions of the Bankruptcy Code and the terms and conditions set for below and in the Engagement Letter (as defined below). However, the Proposed Order specifically preserves the rights of the Debtors and other parties in interest to bring claims seeking reimbursement from AFI for past or future costs of compliance with the Consent Order, and a reservation of rights by AFI regarding its ability to defend any such claims, in accordance with the Court's *Final Order Under Sections 105(a), 361, 362, 363, 1107(a), and 1108 of the Bankruptcy Code (I) Authorizing the Debtors to Continue in the Ordinary Course of Business (A) Servicing Governmental Association Loans and (B) Foreclosure Activities Related to Certain Real Estate Owned by Fannie Mae, Freddie Mac, and Ginnie Mae; (II) Authorizing the Debtors to Pay Certain Prepetition Amounts Due to Critical Services Vendors and Foreclosure Professionals; (III) Granting Limited Stay Relief to Enable Borrowers to Assert Direct Claims and Related Counter-Claims in Foreclosure and Eviction Proceedings; (IV) Authorizing the Debtors to Use Cash Collateral Under the Fannie Mae EAF Facility; and (V) Granting Related Relief* [Docket No. 401].

9. This Application is supported by the Declaration of Dana Frederick Clarke in Support of the Application (the "**Clarke Declaration**"), attached hereto as Exhibit 2.

## APPLICABLE AUTHORITY

10. Section 327(e) of the Bankruptcy Code states, in pertinent part:

> The [debtor in possession], with the court's approval, may employ, for a specified special purpose, other than to represent the [debtor in possession] in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if

4

ny-1051427

>such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).

11. When evaluating a proposed retention, a bankruptcy court "should exercise its discretionary powers over the approval of professionals in a manner which takes into account the particular facts and circumstances surrounding each case and the proposed retention before making a decision." Bank Brussels Lambert v. Coan (In re AroChem Corp.), 176 F.3d 610, 621 (2d Cir. 1999) (citation omitted).

### RETENTION OF HUDSON COOK IS WARRANTED

12. Hudson Cook began representing GMAC Mortgage and AFI in connection with the Foreclosure Review in June 2011, focusing on the four operational Foreclosure Review "workstreams" described in the Clarke Declaration.[3] Since that time, Hudson Cook has been instrumental in providing legal advice and assistance to PwC with respect to the Foreclosure Review. In the course of that work, Hudson Cook has developed significant familiarity with the issues specific to the Foreclosure Review. See Clarke Declaration ¶ 7.

13. Hudson Cook began providing services to the Debtors in June 2011 and an engagement letter between Hudson Cook and GMAC Mortgage was signed in September 2011. Subsequently, a new engagement letter (the "**Engagement Letter**," attached hereto as Exhibit 3) was signed among GMAC Mortgage, AFI and Hudson Cook on May 30, 2012. See Clarke Declaration ¶ 16. Under the Engagement Letter, AFI is secondarily liable for any invoices not paid by GMAC Mortgage. Clarke Declaration ¶ 16; Engagement Letter at 5.

---

[3] Pepper Hamilton LLP was engaged to provide services related to the bankruptcy workstream, and an application seeking to retain Pepper Hamilton for this purpose has been filed contemporaneously herewith.

5

ny-1051427

14. Pursuant to its engagement letter with the Debtors and AFI, Hudson Cook has agreed to utilize, on a regular basis, certain of its attorneys, who have been assigned responsibilities for particular state laws, in connection with the state law review portions of the Foreclosure Review. Clarke Declaration ¶ 6. Further, Hudson Cook will utilize on a regular basis additional attorneys, who have assigned responsibilities for particular federal laws, in connection with the federal law review portions of the Foreclosure Review. Clarke Declaration ¶ 6. Hudson Cook will utilize Pepper Hamilton's bankruptcy practice group as back-up support in addressing Bankruptcy Code related matters, on an as needed basis.

15. As is the case with PwC, while Hudson Cook and Pepper Hamilton are retained by the Debtors and AFI, and the Debtors and AFI are required to pay the firms for their services, Hudson Cook and Pepper Hamilton have been retained to assist PwC, as the independent consultant under the Consent Order. Engagement Letter at 4; Clarke Declaration ¶ 5.

16. As described in the Clarke Declaration, by virtue of Hudson Cook's prior involvement and ongoing engagement by GMAC Mortgage and AFI, Hudson Cook is familiar with the facts, issues and processes involved in the Foreclosure Review. Clarke Declaration ¶ 7. As such, retaining Hudson Cook is an efficient and cost effective manner in which the Debtors may obtain the requisite services during these Chapter 11 cases.

17. In light of the foregoing and the Clarke Declaration, the Debtors believe that Hudson Cook is well qualified to represent the Debtors as Special Counsel pursuant to section 327(e) of the Bankruptcy Code, and that Hudson Cook's retention would be in the best interest of the Debtors' estates, their creditors, and other parties in interest.

**SERVICES TO BE RENDERED**

18. The professional services that Hudson Cook will render to the Debtors include, but shall not be limited to, the following:

   a. Working with PwC to continue developing and refining the processes for the Foreclosure Review;

   b. Providing legal advice and assistance to the PwC in connection with the non-bankruptcy related workstreams under the Foreclosure Review; and

   c. Performing other actions, as required, in accordance with the requirements of the Consent Order.

19. Hudson Cook has agreed to render such services to the Debtors.

**HUDSON COOK'S DISINTERESTEDNESS**

20. As of the Petition Date, Hudson Cook holds a prepetition claim for approximately $131,454.43 for services rendered on behalf of GMAC Mortgage and AFI. The Debtors believe that holding such a claim does not create an interest materially adverse to the Debtors, their creditors, or other parties-in-interest on the matters for which Hudson Cook would be employed and is not disqualifying under section 327(e) of the Bankruptcy Code. See In re AroChem Corp., 176 F.3d at 622 ("[W]here the interest of the special counsel and the interest of the estate are identical *with respect to the matter for which special counsel is retained*, there is no conflict and the representation can stand.") (emphasis in original); In re Henlar, Ltd., No. 96-2374, 1997 U.S. Dist. LEXIS 134, at *10-11 (E.D. La. Jan. 3, 1997) (finding employment of special counsel that held a prepetition claim consistent with Bankruptcy Code section 327(e)); In re Tri-State Ethanol Co. LLC, Case No. 03-10194, 2007 Bankr. LEXIS 1412, at *24 (Bankr. D.S.D. Apr. 18, 2007) (determining that special counsel's prepetition interest in the estate was not a competing interest because the estate, special counsel and the debtor "are all best served if the bankruptcy estate is maximized."); see also In re AMR Corp, Case No. 11-15463 (SHL) (Bankr. S.D.N.Y. Apr. 11,

7

2012) (Docket No. 2230) (debtors sought and obtained authority to employ and retain special counsel holding a prepetition claim for approximately $210,000).

## PREPETITION SERVICES RENDERED

21.    During the one year prior to the filing of the petition in this case, Hudson Cook received $1,338,882.65 from the Debtors on account of services rendered and expenses incurred by Hudson Cook.  Clarke Declaration ¶ 19.

## PROFESSIONAL COMPENSATION

22.    Pursuant to section 328(a) of the Bankruptcy Code, the Debtors may retain Hudson Cook on any reasonable terms and conditions.  The Debtors submit that the terms set forth in the Engagement Letter represent a reasonable arrangement, and the Debtors therefore seek to continue to pay Hudson Cook on the terms contained therein.  The Engagement Letter includes a mechanism to provide Hudson Cook with a minimum monthly payment stream, but the aggregate payment received by Hudson Cook for services throughout its engagement will be based solely on the number of hours expended by Hudson Cook professionals and paraprofessionals, in accordance with Hudson Cook's applicable hourly rates.  See Engagement Letter at 4. More specifically, the Engagement Letter provides for a monthly payment of the greater of $50,000 (the "**Minimum Monthly Fee**") and the dollar value of the time billed at Hudson Cook's rates set forth in the Engagement Letter.  Id.[4]  To the extent that Hudson Cook receives the Minimum Monthly Fee in any given month, GMAC Mortgage and AFI will receive a credit balance (the "**Credit Balance**") for the difference between (i) the Minimum Monthly Fee for the applicable month and (ii) the dollar value of the time billed by Hudson Cook's attorneys during that month.  Id.  The Credit Balance may be applied to offset fees in any month

---

[4] The Minimum Monthly Fee will be prorated for partial months.  Id.

8

in which Hudson Cook's actual hourly fees exceed the Minimum Monthly Fee and, importantly, any remaining Credit Balance at the end of Hudson Cook's engagement will be refunded. Id.

23. Hudson Cook categorizes its billings by subject matter in compliance with the uniform billing guidelines promulgated by the American Bar Association. In light of the unique and limited nature of the services to be provided by Hudson Cook, the Debtors submit that strict compliance with the billing codes normally applicable to bankruptcy cases is not feasible or warranted. Hudson Cook and the Debtors have agreed that Hudson Cook will calculate the dollar value of monthly time billed, subject to this Court's approval under sections 330 and 331 of the Bankruptcy Code, applicable guidelines established by the Office of the United States Trustee (the "**U.S. Trustee Guidelines**"), Bankruptcy Rule 2016 and the Local Rules, at Hudson Cook's hourly rates which are adjusted from time to time, and range, as of the Petition Date, from $400 to $665 for partners, $240 to $375 for associates, and $185 to $230 for legal assistants. Clarke Declaration ¶ 20. Hudson Cook will also seek reimbursement for the expenses it incurs in connection with its representation of GMAC Mortgage, as is customary for Hudson Cook. Clarke Declaration ¶¶ 20-21. Such expenses include, without limitation, travel costs, express mail, messenger service, outside photocopying costs, court fees, and transcript costs. Clarke Declaration ¶ 21. The Debtors have agreed, subject to Court approval, that Hudson Cook shall be reimbursed for expenses according to Hudson Cook's customary reimbursement policies and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the U.S. Trustee Guidelines for all expenses incurred after the Petition Date.

24. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions, which adjustments typically occur on January 1 of each year, but may also occur during the calendar year. Clarke Declaration ¶ 20.

25. Hudson Cook acknowledges that all amounts paid to Hudson Cook during these Chapter 11 cases are subject to final allowance by this Court. Clarke Declaration ¶ 22. Hudson Cook therefore intends to apply to this Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules and Local Rules for all services performed and expenses incurred after the Petition Date. Clarke Declaration ¶ 22.

26. No arrangement is proposed between the Debtors and Hudson Cook for compensation to be paid in these cases other than as set forth above and in the Clarke Declaration.

**NOTICE**

27. Notice of this Application will be given to the following parties, or in lieu thereof, to their counsel: (a) the Office of the U.S. Trustee; (b) the Office of the United States Attorney General; (c) the Office of the New York Attorney General; (d) the Office of the United States Attorney for the Southern District of New York; (e) the Internal Revenue Service; (f) the Securities and Exchange Commission; (g) each of the Debtors' prepetition lenders, or their agents, if applicable; (h) each of the indenture trustees for the Debtors' outstanding notes issuances; (i) Ally Financial Inc.; (j) Barclays Bank PLC, as administrative agent for the lenders under the debtor in possession financing facility; (k) Nationstar Mortgage LLC and its counsel; (l) the Creditors' Committee; (m) the parties included on the Debtors' list of fifty (50) largest unsecured creditors; and (n) all parties requesting notice pursuant to Bankruptcy Rule 2002. The

Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided

## NO PRIOR REQUEST

28.     No previous motion for the relief sought herein has been made to this or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order approving the Debtors' employment of Hudson Cook as Special Counsel pursuant to 11 U.S.C. §§ 327(e) and 328(a) and Fed. R. Bankr. P. 2014(a), and granting such further relief as this Court deems just and proper.

Dated:  September 12, 2012               RESIDENTIAL CAPITAL, LLC,
                                                        on behalf of itself and each of its
                                                        Debtor subsidiaries


                                                   By:   /s/ Tammy Hamzehpour
                                                         Name:  Tammy Hamzehpour
                                                         Title:  General Counsel