UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x
In re:                                                     :        Chapter 11
                                                           :
RESIDENTIAL CAPITAL, LLC, et al.,                          :        Case No. 12-12020 (MG)
                                                           :
                          Debtors.                         :        Jointly Administered
-------------------------------------------------------------------x

## ORDER AUTHORIZING THE EXPANDED SCOPE OF RETENTION OF MOELIS & COMPANY LLC AS INVESTMENT BANKER TO THE COMMITTEE *NUNC PRO TUNC* TO AUGUST 1, 2012

Upon the application (the "**Supplemental Application**")[1] of the Committee for entry of an order (the "**Order**") pursuant to sections 328(a) and 1103 of the Bankruptcy Code, Rules 2014(a) and 2016 of the Bankruptcy Rules and Rules 2014-1 and 2016-1 of the Local Rules, authorizing the Committee to expand the scope of retention of Moelis & Company LLC ("**Moelis**") as its investment banker in accordance with the terms and conditions set forth in the Supplemental Engagement Letter, *nunc pro tunc* to August 1, 2012, as described in the Supplemental Application and the Dermont Declaration; and the Court having jurisdiction to consider the Supplemental Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Supplemental Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Supplemental Application being adequate and appropriate under the particular circumstances having been given; and a hearing having been held to consider the relief requested by the Supplemental Application (the "**Hearing**"); and upon consideration of the Supplemental

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings set forth for such terms in the Supplemental Application.

1

Application, the Dermont Declaration, the record of the Hearing and all proceedings had before the Court; and the Court having found and determined that the relief sought in the Supplemental Application is in the best interests of the Committee, the Debtors' estates, their creditors and other parties in interest, and that the legal and factual bases set forth in the Supplemental Application and the Dermont Declaration establish just cause for the relief granted herein; and any objections to the requested relief having been withdrawn or overruled on the merits; and the Court being satisfied based on the representations made in the Supplemental Application and the Dermont Declaration, and the Court hereby finds, that (a) Moelis does not represent in connection with these chapter 11 cases any other party having an adverse interest to the Committee or the Debtors and (b) Moelis is eligible for retention by the Committee pursuant to sections 328(a) and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Supplemental Application is granted to the extent provided herein.

2. Moelis shall use its best efforts to avoid any duplication of services provided by any of the Committee's other retained professionals in these Chapter 11 cases.

3. If the Committee requests that Moelis provide additional advice on matters substantially associated with the subject matter of Moelis' retention but not specifically enumerated in the Supplemental Application, Moelis shall advise the US Trustee and the Debtors to the extent possible of such additional matters.

4. The provisions set forth in the Supplemental Engagement Letter (and all attachments thereto) are hereby approved, except as otherwise expressly provided herein to the contrary. In accordance with sections 328(a) and 1103 of the Bankruptcy Code, Bankruptcy

Rule 2014 and Local Rule 2014-1, the Committee is authorized to expand the scope of retention of Moelis in accordance with the terms and conditions set forth in the Supplemental Engagement Letter, *nunc pro tunc* to August 1, 2012.

5. Subject to Paragraphs 7 and 9 of this Order, all of Moelis' fees and reimbursement of expenses under the Supplemental Engagement Letter, and the indemnification, contribution and reimbursement provisions of the Initial Engagement Letter, are all hereby approved pursuant to section 328(a) of the Bankruptcy Code. The Debtors are authorized and directed to perform their payment, indemnification, contribution and reimbursement obligations and its non-monetary obligations under the Supplemental Engagement Letter, except as otherwise expressly provided herein. Subject to Paragraphs 7 and 9 of this Order, all compensation, reimbursement of expenses, indemnification, contribution and reimbursement to Moelis and any Indemnified Person (as defined in the Initial Engagement Letter) under the Supplemental Engagement Letter shall be subject to review only pursuant to the standards set forth in section 328(a) of the Bankruptcy Code, and shall not be subject to any other standard of review including but not limited to that set forth in section 330 of the Bankruptcy Code.

6. Moelis is hereby authorized to request reimbursement of CoreLogic Solutions, LLC's fees and expenses in Moelis' own monthly statements and fee applications. The Debtors are hereby authorized and directed to indemnify CoreLogic Solutions, LLC and its personnel on the same terms and conditions as the indemnity contained in the Initial Engagement Letter and any modification thereto contained in the Original Retention Order (defined below). For the avoidance of doubt, CoreLogic Solutions, LLC and its indemnified persons shall not be entitled to indemnification in the case of their own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct.

3

7. The United States Trustee retains all rights to object to Moelis' interim and final fee applications (including its Monthly Fee, its Restructuring Fee and expense reimbursements) on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code and solely in adjudicating any objection filed by the United States Trustee, the Court retains the right to review the interim and final applications pursuant to section 330 of the Bankruptcy Code.

8. Moelis will file applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code and such Bankruptcy Rules as may then be applicable, from time to time, and such procedures as may be fixed by order of this Court; *provided, however*, that the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Trustee Guidelines and Local Rule 2016-1 and any other compensation procedures adopted by this Court are hereby modified such that (a) Moelis' restructuring professionals shall be required only to keep reasonably-detailed time records in half-hour increments and to submit, with any interim or final fee application, together with the time records, a narrative summary, by project categories as selected by Moelis, of services rendered and will identify each professional rendering services and the categories of services rendered, (b) Moelis' non-restructuring professionals and personnel in administrative departments (including legal) shall not be required to keep any time records, and (c) Moelis shall not be required to provide or conform to any schedule of hourly rates.

9. The indemnification, contribution and reimbursement provisions of the Supplemental Engagement Letter (which references the Initial Engagement Letter), including any indemnification of CoreLogic Solutions, LLC, are approved, subject to the modifications set forth in Paragraph 6 of the Order Authorizing the Employment and Retention of Moelis &

Company LLC as Investment Banker to the Committee *Nunc Pro Tunc* to May 16, 2012, entered on August 30, 2012 [Docket N. 1315] (the "**Original Retention Order**").

10. Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among Ally Financial Inc. ("**AFI**"), Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

11. In the event of a conflict between the Supplemental Engagement Letter, the Supplemental Application, and the express terms of this Order, the express terms of this Order shall govern.

12. The Committee and Moelis are authorized and empowered to take all actions necessary to implement the relief granted in and pursuant to this Order.

13. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

14. Notwithstanding any provision to the contrary in the Supplemental Application or the Supplemental Engagement Letter, the Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order.

Dated: September 13, 2012
New York, New York

      **/s/Martin Glenn**
MARTIN GLENN
United States Bankruptcy Judge