**Hearing Date and Time: Oct. 10, 2012 at 10:00am**
**Objection Deadline: Oct. 3, 2012 at 4:00pm**

Doonan, Graves, and Longoria, LLC
Erin P. Severini, Esq. (ES 8383)
35 Old Tarrytown Road (NY Office)
White Plains, NY 10603
Tel. (914) 949-8373
100 Cummings Center, Ste. 225D (Main Office)
Beverly, MA 02118
Tel. (978) 921-2670
es@dgandl.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | |
| ) | **CHAPTER 11** |
| **RESIDENTIAL CAPITAL, LLC,** *et al.* ) | **CASE NO. 12-12020 – MG** |
| ) | |
| ) | **(Jointly Administered)** |
| **Debtors.** ) | |
| ) | |

**AFFIRMATION IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY**

I, Erin P. Severini, Esq., the undersigned, an attorney admitted to practice in the courts of this state, aver that:

**A.    PRELIMINARY STATEMENT**

1. I am an associate with Doonan, Graves, & Longoria, LLC, the attorneys for Residential Credit Solutions, Inc. ("Movant"), the holder of a note and first mortgage relative to the premises commonly known as 4601 Pocatella Avenue, North Port, FL 34287 (the "Property") title to which is currently held by Beverly L. McGrath a/k/a Beverly McGrath and George Mathewson ("Owners").

2. Movant seeks relief from the automatic stay to proceed with its senior lien foreclosure on the Property now pending in the 12th Judicial Circuit of Florida, Sarasota County and entitled *Residential Credit Solutions, Inc. v. Beverly L. McGrath, et al.,* with case number 2010-CA-004412-NC (the "Foreclosure Action"). *See* Exhibit A (a true and correct copy of the Docket

is attached hereto); *see* Exhibit B (a true and correct copy of the Complaint is attached hereto).

3. Pursuant to a title search, the second mortgage is held by Mortgage Electronic Registrations Systems, Inc. as nominee for Homecomings Financial Network, Inc. n/k/a Homecomings Financial, LLC.

4. As a result of its interest in the Property, Mortgage Electronic Registrations Systems, Inc. as nominee for Homecomings Financial Network, Inc. n/k/a Homecomings Financial, LLC has been named as a party defendant in the Foreclosure Action.

**B.    JURISDICTION**

5. This Court has jurisdiction to hear this matter and enter a final order pursuant to 28 U.S.C. §§ 157 and 1334; and 11 U.S.C. § 362. The motion constitutes a core proceeding and is a contested matter pursuant to Fed. R. Bankr. P. 4001(a) and 9014.

6. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**C.    BANKRUPTCY FILING**

7. On May 14, 2012, Homecomings Financial Network, Inc. n/k/a Homecomings Financial, LLC (the "Debtor") filed a petition for relief under Chapter 11 of the United States Bankruptcy Code.

8. The same day, this Court authorized joint administration of the Debtor's case with Residential Capital, LLC. (ECF Doc. # 59.)

**D.    FACTUAL BACKGROUND**

9. On January 27, 2006, Beverly L. McGrath executed and delivered a promissory note in the amount of $107,250.00 to the Debtor (the "Note"). As evidenced by the Note, it is endorsed in blank. As of the date hereof, Movant or its custodian and/or agent is in possession of the Note. Movant is an entity entitled to enforce the Note. *See* Exhibit B (a true and correct copy

2

of the Note is attached thereto as Exhibit A).

10. To secure the obligation, the Owners gave a mortgage, dated January 27, 2006, to Mortgage Electronic Registration Systems, Inc. as nominee for the Debtor, which was recorded against the Property in the Office of the Clerk of the Circuit Court, Sarasota County, Florida, with instrument number 2006027953 (the "First Mortgage"). *See* Exhibit B (a true and correct copy of the First Mortgage is attached thereto as Exhibit B).

11. On the same day, Beverly L. McGrath executed and delivered a second promissory note in the amount of $28,600.00 to the Debtor (the "Second Note") and gave a second mortgage to Mortgage Electronic Registration Systems as nominee for the Debtor, which was recorded against the Property in the Office of the Clerk of the Circuit Court, Sarasota County, Florida, with instrument number 2006027954 (the "Second Mortgage"). *See* Exhibit C (a true and correct copy of the Second Mortgage is attached hereto).

12. On March 9, 2010, MERS, as nominee for the Debtor, assigned the First Mortgage to the Movant, by an assignment of mortgage recorded in the in the Office of the Clerk of the Circuit Court, Sarasota County, Florida, with instrument number 2010037362 (the "Assignment"). *See* Exhibit D (a true and correct copy of the recorded Assignment is attached hereto).

13. On April 22, 2010, the Movant commenced its Foreclosure Action by filing its Foreclosure Complaint in the 12th Judicial Circuit of Florida, Sarasota County and naming the Debtor, through its nominee, as a party defendant (the "Foreclosure Complaint"). *See* Exhibit B.

14. The Debtor failed to respond to the Foreclosure Action and was defaulted on June 10, 2010. *See* Exhibit A.

15. On May 4, 2012, the court in the Foreclosure Action approved a Stipulation for Settlement and Mutual Release between the Movant and the Owners, in which the Owners agreed not to

3

contest the Foreclosure Action. *See Id.*

16. Subsequently, the Movant learned of the Debtor's bankruptcy filing and the Foreclosure Action was stayed.

17. As of August 16, 2012, the Movant is owed approximately $176,557.23, exclusive of attorney fees and costs.

18. A Broker's Price Opinion (the "BPO"), dated April 12, 2012, values the Property at $51,900.00. *See* Exhibit D (a true and correct copy of the BPO is attached hereto).

**E.    BASIS FOR RELIEF**

19. As set forth in more detail in Movant's Memorandum of Law, the Movant, as the holder of a senior mortgage on the Property, is entitled to relief from the automatic stay under 11 U.S.C. § 362(d) in order to proceed with its Foreclosure Action because 1) the Movant's interest in the Property is not adequately protected; 2) the Debtor has no equity in the Property; and 3) the Property is not necessary for the Debtor's effective reorganization.

20. Additionally applying the relevant Sonnax factors to the Movant's request to proceed with its prepetition litigation demonstrates that relief is warranted in this case. *Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1285-87 (2d Cir. 1990).

21. Here, the Movant is not a creditor in the Debtor's bankruptcy and is not asserting affirmative claims against the Debtor. Rather, the Movant is a senior mortgagee, whose claim is admittedly undersecured, seeking to enforce its rights under the Note and First Mortgage and applicable state law in a state court proceeding that primarily involves an action between the Movant and the Owners, who have consented to the foreclosure.

22. The Debtor was named as a party defendant, through its nominee, solely because of its interest in the second mortgage loan. The Debtor has not appeared in the Foreclosure

Action or contested the Movant's superior right, title and interest in the Property.

23. Moreover, due to the Debtor's peripheral role in the Foreclosure Action, a final resolution of the Foreclosure Action will not hinder the Debtor's attempt to reorganize or affect the administration of its estate. In fact, allowing the Movant to proceed with obtaining judgment and conducting its foreclosure auction will assist the Debtor's estate in determining, what if any, surplus proceeds it may be entitled to.

24. Based on the foregoing and as set forth more fully in the Movant's Memorandum of Law cause exists for relief from the automatic stay, pursuant to 11 U.S.C. § 362(d).

25. No prior application has been made by Movant for the relief requested herein.

WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following:

1.  Relief from the stay allowing the Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its rights and remedies in the Foreclosure Action.

2.  That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

3.  For such other relief as the Court deems proper.

Respectfully Submitted,

Residential Credit Solutions, Inc.
By its attorneys,

DATED: September 14, 2012

/s/ Erin P. Severini
Erin P. Severini, Esq. (ES8383)
Kevin Graves, Esq.
Doonan, Graves, & Longoria, LLC
35 Old Tarrytown Road,
White Plains, NY 10603
Tel. (914) 949-8373
100 Cummings Center Ste. 225D

5

Beverly, MA 01915  
Tel. (978) 921-2670  
es@dgandl.com

6