Doonan, Graves, and Longoria, LLC
Erin P. Severini, Esq. (ES 8383)
35 Old Tarrytown Road (NY Office)
White Plains, NY 10603
Tel. (914) 949-8373
100 Cummings Center, Ste. 225D (Main Office)
Beverly, MA 02118
Tel. (978) 921-2670
es@dgandl.com

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: ) | |
| ) | **CHAPTER 11** |
| **RESIDENTIAL CAPITAL, LLC,** *et al*. ) | **CASE NO. 12-12020 – MG** |
| ) | |
| ) | **(Jointly Administered)** |
| Debtors. ) | |

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION FOR RELIEF FROM AUTOMATIC STAY

Residential Credit Solutions, Inc. ("Movant") hereby submits this memorandum of law in support of its motion for relief from the automatic stay, pursuant to 11 USC § 362(d), to enforce its rights in a foreclosure action entitled *Residential Credit Solutions, Inc. v. Beverly L. McGrath, et al.,* pending in the 12th Judicial Circuit of Florida, Sarasota County relative to real property located at 4601 Pocatella Avenue, North Port, FL 34287 (the "Property").

## A. STATEMENT OF FACTS

On May 14, 2012, Homecomings Financial, LLC f/k/a Homecomings Financial Network, Inc. (the "Debtor") filed a petition for relief under Chapter 11 of the United States Bankruptcy Code. The same day, this Court authorized joint administration of the Debtor's case with Residential Capital, LLC.

On January 27, 2006, Beverly L. McGrath executed and delivered two promissory notes

to the Debtor, in the amount of $107,250.00 and $28,600.00 respectively. To secure the obligations, Beverly L. McGrath a/k/a Beverly McGrath and George Mathewson gave two mortgages to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for the Debtor, which were recorded in the Office of the Clerk of the Circuit Court, Sarasota County, Florida, with instrument numbers 2006027953 (the "First Mortgage") and 2006027954 (the "Second Mortgage") respectively, against the Property.

The Movant is the current holder of the promissory note in the original amount of $107,500.00 and assignee of record of the First Mortgage. In response to Beverly L. McGrath a/k/a Beverly McGrath and George Mathewson's default under the loan documents, the Movant commenced a foreclosure action in Florida state court on April 22, 2010 ("Foreclosure Action"), naming the Debtor, through its nominee, as a party defendant, due to its junior interest in the Property.

## B. ARGUMENT

A.    Relief from the automatic stay standard.

Pursuant to 11 U.S.C. § 362(d), a party in interest may seek relief from the automatic stay:

> (1) for cause, including lack of adequate protection of an interest in property of such party in interest;  or
> (2) with respect to a stay of an act against property . . . if (A) the debtor does not have equity in such property; and (B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d). In seeking relief from the automatic stay the moving party has the burden of proof on the issue of cause, under Section 362(d)(1), as well as, the issue of equity, under Section 362(d)(2). *Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.*), 907 F.2d 1280, 1285 (2d Cir. 1990). The debtor has the burden on all other issues. *Id.*;

11 U.S.C. § 362(g)(2).

      B.    <u>Cause exists to vacate the automatic stay under 11 U.S.C. § 362(d)(1) to permit
the Movant to proceed with its Foreclosure Action.</u>

The term "for cause" is not defined in the Bankruptcy Code; as a result, a determination
as to whether a moving party has established "cause" is made on a case by case basis. *In re
Sonnax Industries, Inc.*, 907 F.2d at 1285. In considering whether to vacate the automatic stay
to allow the moving party to proceed with prepetition litigation, the Second Circuit in *In re
Sonnax Industries, Inc.* held that the following twelve factors may be relevant in making a
determination:

> (1) whether relief would result in a partial or complete
> resolution of the issues; (2) lack of any connection with or
> interference with the bankruptcy case; (3) whether the other
> proceeding involves the debtor as a fiduciary; (4) whether a
> specialized tribunal with the necessary expertise has been
> established to hear the cause of action; (5) whether the debtor's
> insurer has assumed full responsibility for defending it; (6)
> whether the action primarily involves third parties; (7) whether
> litigation in another forum would prejudice the interests of
> other creditors; (8) whether the judgment claim arising from
> the other action is subject to equitable subordination; (9)
> whether movant's success in the other proceeding would result
> in a judicial lien avoidable by the debtor; (10) the interests of
> judicial economy and the expeditious and economical
> resolution of litigation; (11) whether the parties are ready for
> trial in the other proceeding; and (12) impact of the stay on the
> parties and the balance of harms.

*Id*. at 1286.

Based on the factors set forth in *In re Sonnax Industries, Inc.* that are applicable to the
case at hand and addressed infra, cause exists to vacate the automatic stay to allow the Movant
to proceed with its Foreclosure Action. *See Mazzeo v. Lenhard (In re Mazzeo)*, 167 F.3d 139,
143 (2d Cir. 1999) ("Not all of these factors will be relevant in every case.").

3

      1.  *Whether Relief Would Result in a Partial or Complete Resolution of the Issues*

Here, vacating the automatic stay to allow the Movant to proceed with its Foreclosure Action would result in complete resolution of the issues.  Enabling the Movant to complete is Foreclosure Action would allow a final determination to be made as to the Debtor's rights in the Property.

      2.  *Lack of any Connection With or Interference With the Bankruptcy Case*

 The Foreclosure Action involves the Movant's enforcement of its rights under its perfected First Mortgage. It has little, if any, connection to the Debtor's case.  The Debtor was named solely because of its junior interest in the Property.  The Debtor has not appeared in the case and has taken no steps to remove the default entered against it. Moreover, the Movant is not asserting affirmative claims against the Debtor and is not a creditor in the Debtor's bankruptcy case. A resolution of the Foreclosure Action will not result in the Movant asserting an unsecured claim against the Debtor's estate.  The completion of the Foreclosure Action will not affect the administration of the Debtor's bankruptcy estate or hinder the Debtor's attempt to reorganize.

      6.  *Whether the Action Primarily Involves Third Parties*

While the Debtor was named as a party defendant in the Foreclosure Action, it was solely because the Debtor has an interest in the Property, through its nominee. The Movant was required to name the Debtor as a necessary party in order to comply with Florida foreclosure law.  The Foreclosure Action primarily involves the Movant and the mortgagors/owners of the Property and as mentioned supra the Movant is not seeking relief against the Debtor. The Debtor is not the main defendant in the Foreclosure Action and does not have a vested interest in the outcome of the proceeding.

4

       7.   *Whether Litigation in Another Forum Would Prejudice the Interests of Other*
            *Creditors*

As previously discussed, the Movant is not a creditor of the Debtor and its Foreclosure

Action has no relevance to the administration of claims asserted in the Debtor's case other than

the remote possibility that surplus funds may exist from the foreclosure auction that the Debtor's

estate may be entitled to.  The resolution of the Foreclosure Action will not interfere with or

prejudice the Debtor's creditors.

      10.   *The Interests of Judicial Economy and the Expeditious and Economical*
            *Resolution of Litigation*
      11.   *Whether the Parties are Ready for Trial in the Other Proceeding*

The interests of judicial economy and the expeditious and economical resolution of the

Foreclosure Action, in which the Debtor is not the main defendant, but rather only a necessary

party, favor vacating the automatic stay. The Foreclosure Action has been pending for over two

years in Florida state court, without any appearance by the Debtor, and is in its last stage. The

Movant and the main defendants have entered into a stipulation of settlement that allows the

Movant to proceed with obtaining judgment on an uncontested basis. Based on the foregoing,

the interests of judicial economy favor vacating the automatic stay.

      12.   *Impact of the Stay on the Parties and the Balance of Harms*

In the case at hand, the balancing of harms weighs in favor of the Movant. The

automatic stay has prevented the Movant of enforcing its rights under the First Mortgage and

liquidating the collateral to recoup its losses, a process it started over two years ago.  As

evidenced by the Broker's Price Opinion, attached to the affirmation in support as Exhibit H,

the Movant is undersecured, with its debt continuing to accrue late charges and interest

payments.  Moreover, due to the mortgagors/owners' default, the Movant has had to disburse its

own funds for the payment of real estate taxes and property insurance.  Here, vacating the

automatic stay will have no detrimental affect on the administration of the Debtor's estate or its attempt to reorganize. The Movant's interest in the Property is not adequately protected and the balancing of harms favors vacating the stay to allow the Movant to recoup its losses as expeditiously as possible.

      C.    <u>Relief from the automatic stay is also warranted under 11 U.S.C. § 362(d)(2).</u>

### 1. The Debtor does not have any equity in the Property.

As aforementioned and further demonstrated in the Movant's affirmation in support of its motion for relief from the automatic stay, the Movant holds an undersecured first mortgage lien on the Property.  According to the Broker's Price Opinion the Property is valued at approximately $51,900.00 and the Movant is owed over $176,000.00.  Accordingly, there is no equity to attach to the Debtor's interest in the Property.

### 2. The Property is not necessary to the Debtor's reorganization.

In order for a property to be necessary to an effective reorganization, a debtor must demonstrate that the property is an essential part of the debtor's reorganization and that there is a reasonable prospect of reorganization within a reasonable amount of time.  *See U.S. Savings Assoc. of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365, 375-76, (1988); 11 U.S.C. §362(g). In the case at hand, the Debtor cannot establish that its second position security interest in the Property is essential to its reorganization.  Initially, by failing to respond to the Foreclosure Action, the Debtor has indicated that it does not contest the Movant's superior interest in the Property or its right to foreclose and wipe out the Debtor's junior mortgage lien.  Moreover, based on the fact that the Debtor's interest in the Property is wholly unsecured, the Property adds no value to the estate and, thus, is unnecessary for the Debtor's reorganization.

## **C. CONCLUSION**

Based on the foregoing, the Movant is entitled to relief from the automatic stay, pursuant to 11 USC § 362(d) and Bankruptcy Rules 4001-1 and 9014.

Respectfully Submitted,

Residential Credit Solutions, Inc.
By its attorneys,

DATED:  September 14, 2012          /s/ Erin P. Severini
                                    Erin P. Severini, Esq. (ES8383)
                                    Kevin Graves, Esq.
                                    Doonan, Graves, & Longoria, LLC
                                    35 Old Tarrytown Road,
                                    White Plains, NY 10603
                                    Tel. (914) 949-8373
                                    100 Cummings Center Ste. 225D
                                    Beverly, MA 01915
                                    Tel. (978) 921-2670
                                    es@dgandl.com