James J. Lotz (NY # 2538551)
**FOLEY & MANSFIELD, PLLP**
485 Madison Avenue, Suite 1300
New York, NY  10022
Telephone:    (212) 421-0436
Facsimile:     (212) 421-0539
jlotz@foleymansfield.com

*Attorneys for TCF National Bank*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In Re: | Case No.:  12-12020-mg |
|---|---|
| Residential Capital, LLC *aka* Residential Capital Corporation,[1] | Chapter 11 |
| Debtor. | Jointly Administered |

**OBJECTION OF TCF NATIONAL BANK AND JOINDER IN THE PRE-AUCTION OBJECTION OF THE RMBS TRUSTEES.**

TCF National Bank ("TCF"), a creditor of Debtor GMAC Mortgage, LLC ("GMAC"), hereby submits this objection to (i) the Debtors' *Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of RMBS Trust Settlement Agreements* (the "RMBS Trust Settlement Agreements") (ECF Doc. # 320) (the "9019 Motion") and related *Notice of Adjournment of Hearing and*

---

[1] The Debtors are: Ditech, LLC; DOA Holding Properties, LLC; DOA Holdings NoteCo, LLC; DOA Properties IX (Lots-Other), LLC; EPRE LLC; Equity Investment I, LLC; ETS of Virginia, Inc.; ETS of Washington, Inc.; Executive Trustee Services, LLC; GMAC Model Home Finance I, LLC; GMAC Mortgage USA Corporation; GMAC Mortgage, LLC; GMAC Residential Holding Company, LLC; GMACM Borrower LLC; GMACR Mortgage Products, LLC; GMAC-RFC Holding Company, LLC; GMACRH Settlement Services, LLC; HFN REO SUB II, LLC; Home Connects Lending Services, LLC; Homecomings Financial, LLC; Homecomings Financial Real Estate Holdings, LLC; Ladue Associates, Inc.; Passive Asset Transactions, LLC; PATI A, LLC; PATI B, LLC; PATI Real Estate Holdings, LLC; RAHI A, LLC; RAHI B, LLC; RAHI Real Estate Holdings, LLC; RCSFJV2004, LLC; Residential Accredit Loans, Inc.; Residential Asset Mortgage Products, Inc.; Residential Asset Securities Corporation; Residential Capital, LLC; Residential Consumer Services of Alabama, LLC; Residential Consumer Services of Ohio, LLC; Residential Consumer Services of Texas, LLC; Residential Consumer Services, LLC; Residential Funding Company, LLC; Residential Funding Mortgage Exchange, LLC; Residential Funding Mortgage Securities I, Inc.; Residential Funding Mortgage Securities II, Inc.; Residential Funding Real Estate Holdings, LLC; Residential Mortgage Real Estate Holdings, LLC; RFC Asset Holdings II, LLC; RFC Asset Management, LLC; RFC Borrower LLC; RFC Construction Funding, LLC; RFC SFJV-2002, LLC; and RFC-GSAP Servicer Advance, LLC.

*Extension of Objection Deadline on RMBS Trust Settlement and Plan Support Agreements to Times and Dates To Be Determined* (ECF Doc. #519); and (ii) the Debtors' *Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), and (m), 365 and 1123, and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 for Orders: (A)(I) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expense Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Asset Purchase Agreements Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief* (the "Sale Motion") (ECF Doc. # 61); and Joinder in the Pre-Auction Objections of the RMBS Trustees to the Debtors' Sale Motion (the "RMBS Trustees Objection") (ECF Doc. #1242).

## PRELIMINARY STATEMENT

On or about June 20, 2006, TCF and GMAC entered into that certain Servicing Agreement (the "TCF Agreement"). TCF is the owner of the loans under the TCF Agreement and GMAC is the servicer. On July 27, 2012, Debtors filed their *Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto* (ECF Doc. # 924, pg. 186), indicating that that the TCF Agreement was among the servicing agreements to be assumed by the Debtors. The Sale Motion exposes TCF to risk related to breaches of the TCF Agreement by the winning bidder if the breach is determined to have arisen prior to assumption, as TCF will not be able to enforce any liabilities owed to it by the winning bidder under the assumed TCF Agreement.

Additionally, Debtors have proposed a cure amount of $0 related to the assumption of the TCF Agreement. TCF propounded discovery upon debtors to allow it to determine the accuracy of this proposed cure amount, to which Debtors have refused to respond on the basis that TCF has not objected to the Sale Motion, and are thus, not entitled to expedited discovery under the Court's Revised Joint Omnibus Scheduling Order (ECF Doc. #945).

## **OBJECTION**

This very Court has held,

> An executory contract may not be assumed in part and rejected in part. *In re Sterling Optical Corp.*, No. 91–B–15944, 2007 WL 1989233, at n. 13 (Bankr. S.D.N.Y. July 11, 2007) ("A debtor may not reject (i.e., breach) one obligation under a contract and still enjoy the benefits of that same contract."). The trustee must either assume the entire contract, *cum onere*, or reject the entire contract, shedding obligations as well as benefits.

*See In re MF Global Holdings Ltd.*, 466 B.R. 239, 241 (Bankr. S.D.N.Y. 2012). In the instant matter, Debtors seek to assume certain servicing contracts, while shedding certain liability stemming from conduct occurring in relation to said servicing contracts. Such an assumption by Debtors is contrary to the clear provisions of 11 U.S.C. § 365 and should not be allowed.

Additionally, TCF adopts and incorporates herein by reference the objections set forth in paragraphs 9 to 26 of the RMBS Trustees Objection, but only to the extent such objections are applicable to TCF. TCF reserves the right to amend, supplement, alter or modify this Joinder, and does not waive any rights to assert against the Debtors the types of claims listed herein and any other claims it may have under the TCF Agreement.

## CONCLUSION

WHEREFORE, TCF respectfully requests that this Court deny the Sale Motion and the 9019 Motion, and grant such other and further relief as is just and equitable.

                                          Respectfully submitted,

                                        **FOLEY & MANSFIELD, PLLP**

Dated: September 14, 2012        By: */e/ James J. Lotz*
                                                  James J. Lotz (NY# 2538551)
                                                485 Madison Avenue, Suite 1300
                                                New York, NY  10022
                                                Telephone:   (212) 421-0436
                                                Facsimile:   (212) 421-0539
                                                jlotz@foleymansfield.com

                                                **Attorneys for TCF National Bank**