UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
_____x

| | |
|---|---|
| In re: | Case No. 12-12020-mg |
| RESIDENTIAL CAPTIAL, LLC aka RESIDENTIAL CAPITAL CORPORATION, | Related Consolidated Cases: 12-12019 through 12-12040 12-12042, 12-12066, 12-12068 |
| Debtor. | & 12-12071 |
| Chapter 11 | |

----------------------------------------------------------x

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY[1]

Wachovia Bank National Association, as Trustee of the Security National Mortgage Loan Trust 2004-2, its assignees and/or successors in interest ("Movant"), respectfully submits this memorandum of points and authorities in support of the Movant's request for relief from the automatic stay.

### PRELIMINARY STATEMENT

Movant is the first mortgagee and the holder of the Note, which is dated August 20, 1997, in the principal amount of $89,600.00. The Note is secured by the First Mortgage, which encumbers the Property owned by the Pardues. The Debtor is a second mortgagee and holds the Second Mortgage, which is a junior lien against the Property.

With respect to Movant's First Mortgage, the total of the principal plus the reinstatement amount owed by the Pardues is 140,548.88. The fair market value of the Property, as derived from schedules A and D, and as included in the Pardue Bankruptcy petition, is $87,000.00. Accordingly, the amount owed to the Movant in connection with the First Mortgage alone exceeds the indicated value of the Property.

---

[1] Capitalized terms used herein but not otherwise defined shall have the meanings given to them in the Application in Support of Motion for Relief From Stay as submitted herewith.

1

ARGUMENT

In accordance with 11 U.S.C. § 362(g), the Movant has the burden of proof concerning whether the Debtor has equity in Property, and the Debtor has the burden of proof on all other issues. A debtor lacks equity in a particular piece of property, for purposes of a motion seeking relief from the automatic stay, when the total of claims secured by the property exceeds its value. In re Leonard, 151 B.R. 639 (Bankr. N.D.N.Y. 1992). Movant has satisfied its burden of proving the Debtor lacks equity in the Property in accordance with 11 U.S.C. § 362(d)(2)(A) through submission of the accompanying Affidavit of Julie Johnson concerning the amounts owed to the Movant secured by the First Mortgage ($140,548.88), and based on the value of the Property as set forth in the Pardues' Bankruptcy petition and schedules ($87,000.00). Accordingly, the Debtor does not have equity in the Property.

After lack of equity in property has been established by a secured creditor, the burden shifts to the debtor to establish that the property is necessary to an effective reorganization that is in prospect pursuant to 11 U.S.C. §§ 362(d)(2)(B) and 362(g). In re Washington Assoc., 147 B.R. 827 (Bankr. E.D.N.Y. 1992); In re New Era Co., 125 B.R. 725 (Bankr. S.D.N.Y. 1991)(debtor must establish that property is necessary to an effective reorganization in context of motion for relief from stay on ground debtor does not have equity in property and property not necessary to effective reorganization); In re Westchester Ave. Marina Realty, Inc., 124 B.R. 161 (Bankr. S.D.N.Y. 1991)(if secured creditor establishes debtor lacks equity it becomes debtor's burden in order to defeat motion for relief to establish that property is necessary to effective reorganization and that such reorganization is in prospect within a reasonable time).

For a debtor to satisfy its burden that property is "necessary to an effective reorganization," the debtor must prove not just that the property is indispensable to the reorganization effort, but also that there is a reasonable possibility of a successful reorganization

within a reasonable time. Washington Assoc., 147 B.R. 827. There is no evidence suggesting that the Property is indispensible to the reorganization effort, given that the Debtor does not have an ownership interest in the Property and simply holds a junior lien which is not supported by any equity. Therefore, the Property cannot be said to be indispensible to the Debtor's reorganization effort. On that basis, relief from the automatic stay in accordance with 11 U.S.C. § 362(d)(2) is appropriate because the Movant has satisfied its burden of proof that the Debtor lacks equity in the Property, and there is no evidence that the Property is necessary to an effective reorganization that is in prospect.

Alternatively, cause exists under § 362(d)(1) of the Bankruptcy Code to grant Movant relief from the automatic stay, because the Movant is not adequately protected. Pursuant to § 362(d)(1), relief may be granted "for cause, including the lack of adequate protection of an interest in property of such party in interest." Under 11 U.S.C. § 361, adequate protection may be provided by, among other things, making payments to the creditor to the extent that the automatic stay results in a decrease in the creditor's interest. In the present case, the post-petition mortgage payments have not been made, and the Movant has been forced to outlay additional funds to maintain the insurance on the Property. Therefore, the amount owed to the Movant, who is already undersecured with respect to the Property, continues to increase, while the Movant is prevented from foreclosing or pursuing other remedies due to the existence of the stay. Since no adequate protection payments are being made to Movant, Movant is also entitled to relief from stay under § 362(d)(1).

CONCLUSION

        For all the foregoing reasons, the Movant prays that this honorable Court enter an order granting relief from the automatic stay so that the Movant may exercise all rights against the Property in connection with its First Mortgage.

Dated: September 17, 2012        By:    *s/ Jason S. Leibowitz*
        Jason S. Leibowitz, Esq. (JL6718)
        Kriss & Feuerstein LLP
        360 Lexington Avenue, Suite 1200
        New York, NY 10017
        212-661-2900 ext. 4115
        646-454-4168 fax
        jleibowitz@kandfllp.com

        Prober & Raphael, A Law Corporation
        P. O. Box 4365
        Woodland Hills, CA 91365-4365
        (818) 227-0100
        S.124-5656A