**Hearing: September 19, 2012, 10:00 a.m. (ET)**

Richard L. Wynne (NY Bar No. 1861426)
Howard F. Sidman (NY Bar No. 3970985)
JONES DAY
222 East 41st Street
New York, NY 10017.6702
Telephone:    212-326-3939
Facsimile:    212-755-7306

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x
                                                        )
In re:                                                  )    Case No. 12-12020 (MG)
                                                        )
RESIDENTIAL CAPITAL, LLC, et al.,                       )    Chapter 11
                                                        )
        Debtors.                                        )    Jointly Administered
                                                        )
                                                        )
------------------------------------------------------- x

## FINANCIAL GUARANTY INSURANCE COMPANY'S
## STATUS CONFERENCE REPORT

Financial Guaranty Insurance Company ("FGIC") submits this Report to inform the

Court about the status of the discovery process regarding the proposed RMBS settlement and

respectfully states as follows:

**Preliminary Statement**

1.      FGIC[1] understands that the Debtors seek to retain both the November 5 Hearing

date and the intermediate deadlines.  However, the significant delay caused by the Debtors'

failure to timely produce requested documentation, as well as the unwieldy and cumbersome

nature of the data room used by the Debtors, make it impossible to properly evaluate the

---

[1]      FGIC is the plaintiff in twelve lawsuits filed against several of the above-captioned debtors
(collectively, the "Debtors") and their non-debtor affiliates, and is a creditor of the Debtors with claims in excess of
$1 billion.  Although FGIC is also co-chair of the Official Committee of Unsecured Creditors ("OCC"), it has
retained its own expert advisors and engaged in separate discovery to evaluate the settlement.  In filing this
response, FGIC seeks to provide its own perspective to the Court and does not speak for the OCC.

proposed settlement in the time remaining.  The Debtors did not provide a detailed index to their

data room and its design makes it impossible to search for specific documents between specific

parties or about specific topics.  And only on Friday, September 14, did the Debtors start loading

"thousands" of emails and other documents into the data room, the completion date for which

remains unknown.

2.    Against this backdrop, fact discovery against the Debtors is set to close on

September 24, 2012.  This deadline would provide FGIC a mere five days to review the Debtors'

new (and continuing) voluminous discovery responses and prepare for and conduct multiple

depositions—even assuming the Debtors had completed, not just begun, their production.

3.    The Court was told that the Debtors "will move Mother Earth" to keep the

November 5 hearing date.  (Hr'g Tr. at 31:18-19, Sept. 11, 2012 (Exhibit "A" attached hereto)).

But, the Scheduling Order was based on the assumption that the Debtors would expeditiously

provide the data necessary to conduct a meaningful analysis.  (*See id.* at 17:6-9, 18-21)  While

there was a seismic shift after the September 11 Status Conference, it remains insufficient.

4.    FGIC is entitled to the documents it has sought and to adequate time to review

and analyze the information provided and that is still promised.  As the Court has expressed,

interested parties must be allowed "a full and fair opportunity to prepare and be able to put on

whatever case they wish to put on" with respect to the 9019 Motion.  (*Id.* at 41:1-4).

**The Debtors Have Been Dilatory in Responding to FGIC's July 2012 Discovery Requests**

5.    FGIC served its Document Requests and Interrogatories on the Debtors two

months ago, on July 13 and July 18, 2012, respectively.[2]  Initially, the Debtors only agreed to

_____

[2]    FGIC has served discovery on the Debtors, and its parent AFI, as well as on the Steering
Committee of RMBS claimants represented by Gibbs & Bruns, and the Talcott Franklin group of investors.  That
discovery has not yet been completely responded to by AFI and Gibbs & Bruns.

provide access to a virtual "data room" containing documents that the Debtors represented would

both respond to FGIC's discovery requests and enable FGIC to evaluate the proposed settlement.

6.    Although the data room is organized into a variety of folders, it is not readily

searchable, and until recently neither were most of the individual documents.  There is no

identifying index of all documents set out with normal headings such as To, From, Date,

Category (*i.e.*, email, correspondence, agreement, court pleading).  Further, there is no

identifying information (*i.e.*, a unique description or even a date) on the individual documents.

7.    The document names contain no identifying description—not even who authored

the document or when it was authored—such that, even though a search is possible, any search is

effectively useless.  Initially, the data room contained 1,700 PDF files labeled only with a

generic sequential number, such as RC 9019_00029765.  Exhibit "B" attached hereto is a

screenshot of the database, showing the contents of one folder.  Because of this design, every

individual document has to be separately opened and examined to identify it, and the reviewing

party must create its own index to search for and find relevant documents.[3]

8.    FGIC wrote to the Debtors on August 30, 2012 to explain the deficiencies in the

Debtors' discovery responses, including the problems with the data room.  (*See* Exhibit "C"

attached hereto).  One key issue was that no emails, memoranda or other correspondence

concerning the settlement and the settlement process had been produced.

9.    The Debtors delayed responding until September 6 (*see* Exhibit "D" attached

hereto), and were unable to participate in a meet and confer until Wednesday, September 12,

2012.  Following the Court's comments at the September 11 conference that the Debtors' have

---

[3] By way of example only, Kathy Patrick of Gibbs & Bruns LLP represented the largest group of RMBS
holders and was apparently a key participant in negotiating this settlement with the Debtors and AFI.  As such,
documents sent to or from Ms. Patrick and her firm are obviously relevant to the issues, and essential to review prior
to depositions of the relevant parties.  However, a search of "Patrick" or "Kathy Patrick" in the database turns up no
results.  The only way for FGIC or any other party to locate such a document (FGIC has located only two so far) is
by opening and reviewing literally ever single document.

"not complied with the schedule" regarding discovery (Hr'g Tr. at 18:14-18), and that the

November 5th hearing date was in jeopardy, (*see id.*; *id* at 47:20-23), the Debtors did begin on

September 14, 2012 providing substantial documents relating to settlement negotiations.

However, it is currently unknown when the Debtors will complete their production.  This is to

say nothing of the substantial time required to access, load, review, and analyze those

documents, and prepare for depositions.

10.     On Monday, September 17, 2012, the Debtors provided a purported partial cure to

the unworkable nature of the data room by replacing many of the documents with individually

searchable versions, albeit if separately located, opened, and viewed.  The Debtors still have not

provided an index, the documents are still not labeled or named, so it is still impossible to search

across the entire production.  The thousands of new documents that are just now being dumped

into the data room, will still have to be individually opened and sorted in order to be identified

and analyzed.  FGIC has already expended considerable time and expense making the originally

produced documents searchable and will incur further delay and expense to make available the

reproduced documents on its review platform.

11.     Finally, FGIC has not received a privilege log that would explain the number,

scope and nature of the documents withheld and the theory for preventing disclosure.  Issues

relating to privilege determinations will undoubtedly require further time to resolve.

**Ally Financial, Inc. Has Refused to Engage in Discovery With FGIC**

12.     Compounding the Debtors' failure to timely and properly comply with their

discovery obligations, FGIC continues to be stonewalled in its efforts to receive discovery from

another key party to the settlement process; namely, the Debtors' parent company, Ally

Financial, Inc. ("AFI").  AFI remarkably claims that it is not a relevant party to the settlement for

discovery purposes, notwithstanding its central role in designing this bankruptcy case, the RMBS

Settlement and the simultaneously negotiated Plan Support Agreements that provided for a Plan

containing releases for AFI from the Debtors and all third parties, like FGIC, who have asserted

claims against AFI.  Indeed, it appears that these bankruptcy cases have been pursued, directed,

and managed by AFI as a critical part of AFI's long term business and operational plans.  As the

Debtors' ultimate parent company, AFI is inextricably bound to the negotiation, consummation,

effect and operation of the settlement arrangement.

13.    This is reflected in the very press release AFI issued in connection with the

Debtors bankruptcy filing, titled "Ally Financial Announces Key Strategic Actions to Strengthen

Company and Accelerate Ability to Repay U.S. Treasury."  The Press Release, attached hereto as

Exhibit "E" goes on to state:

> Ally Financial Inc. (Ally) today announced key strategic actions aimed at strengthening
> the company's longer term financial profile and accelerating repayment of the U.S.
> Treasury's investment.  The actions include the decision by the mortgage subsidiary,
> Residential Capital, LLC and certain of its subsidiaries (ResCap), to file Chapter 11
> . . .
> The action by ResCap will enable Ally to achieve a permanent solution to its legacy
> mortgage risks and put these issues behind us, said Ally Chief Executive Officer Michael
> A. Carpenter.
> . . .
> A key feature of ResCap's prearranged Chapter 11 plan is proposed settlements among
> Ally, ResCap's Chapter 11 estates and certain of ResCap's creditors that provide for the
> release of, among other things, all existing and potential claims between Ally and
> ResCap, as well as a release of all existing or potential causes of action against Ally by
> third parties.
> …
> Absent the determination by the ResCap board of directors to file for Chapter 11, ResCap
> would have required billions of dollars of support from its parent to meet its obligations,
> which would have substantially delayed Ally's plans to repay the remaining capital
> investment to the U.S. Treasury.

14.    FGIC has written AFI to challenge AFI's refusal to produce relevant documents

and is currently awaiting AFI's response.

## **The Current Discovery Deadlines Should Be Extended and the November 5th Hearing Date Postponed Until Meaningful Discovery Is Complete**

15.    The extensive delay by the Debtors, coupled with AFI's total obstinacy, has made it impossible for FGIC, in the words of the Court, to "hav[e] a full and fair opportunity to prepare and be able to put on whatever case they wish to put on" with respect to the 9019 Motion.  (Hr'g Tr. at 41:1-4).   The Debtors have not fulfilled the heavy burden they undertook to meet the aggressive timetable they sought to impose.

16.    In light of the foregoing, FGIC respectfully requests that the Court adjust the current Scheduling Order, providing additional time for discovery, and move the hearing as the Court deems appropriate.


Dated: September 18, 2012


_/s/ Richard L. Wynne_
Richard L. Wynne (NY Bar No. 1861426)
Howard F. Sidman (NY Bar No. 3970985)
JONES DAY
222 East 41st Street
New York, NY  10017.6702
Telephone:    212-326-3939
Facsimile:    212-755-7306

Carl E. Black (Ohio Bar No. 0069479)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114.1190
Telephone:    216-586-3939
Facsimile:    216-579-0212

Attorneys for Creditor
Financial Guaranty Insurance Company