# EXHIBIT A

# In Re:

*RESIDENTIAL CAPITAL, LLC, et al.*

*Case No. 12-02020-mg*

*A.M. SESSION ONLY*

*September 11, 2011*

eScribers, LLC

*(973) 406-2250*

*operations@escribers.net*

*www.escribers.net*

*To purchase copies of this transcript, please contact us by phone or email*



**Min-U-Script® with Word Index**

```
                                                                    1
 1
 2   UNITED STATES BANKRUPTCY COURT
 3   SOUTHERN DISTRICT OF NEW YORK
 4   Case No. 12-12020-mg
 5   - - - - - - - - - - - - - - - - - - - - - - -x
 6   In the Matter of:
 7
 8   RESIDENTIAL CAPITAL, LLC, et al.,
 9
10              Debtors.
11
12   - - - - - - - - - - - - - - - - - - - - - - -x
13
14              United States Bankruptcy Court
15              One Bowling Green
16              New York, New York
17
18              September 11, 2012
19              10:06 AM
20
21   B E F O R E:
22   HON. MARTIN GLENN
23   U.S. BANKRUPTCY JUDGE
24
25
```

1  That, in itself, is not at issue.  I'm, frankly, more concerned
2  that -- over the status of the discovery.  There was a
3  scheduling order that was agreed to.  You filed a status report
4  on Friday.  It indicated that discovery is substantially on
5  track.  Then I read the committee's report yesterday, and it
6  certainly appears that discovery is not on track.  The setting
7  of a November 1st -- November 5th hearing was premised on
8  substantially complete discovery in accordance with the
9  schedule that everyone agreed upon and that I approved, okay?
10 I left it to the parties to negotiate the schedule.  They did
11 so and I told them, look, if you can't agree, I will do so, but
12 it's better when the parties do that.
13         The parties did that.  They presented the Court with
14 an agreed schedule.  The Court entered it.  It's the operative
15 document.  I don't underestimate the task that's involved on
16 all parties -- for all parties in complying with a schedule.
17 You wanted a hearing as soon as possible.  Okay.  There were
18 others who wanted the schedule moved out.  I believe I made it
19 clear from the start that going forward with an aggressive
20 schedule was contingent upon complying with all discovery
21 obligations.  The committee or any other objectors are entitled
22 to full discovery and an opportunity to prepare for all of the
23 issues that are going to be raised at the hearing.
24         This is, to put it euphemistically, a huge deal.
25 You're seeking approval of a settlement that would provide an

1    allowed claim of 1 -- 8.7 billion dollars.  It has enormous
2    consequences for this case as a whole.  That's fine.  I'll go
3    ahead.  But you've already failed to comply with the agreed
4    schedule.
5            The changes that you may be negotiating to try and
6    deal with objections that have been raised informally or
7    formally, that's pretty standard.  It may be that when we get
8    to a date for a hearing, the changes will be so substantial
9    that parties will be objecting:  they've changed the deal, we
10   haven't had an opportunity to prepare, this raises new issues.
11   I don't know.  I'm not going to prejudge any of that.  But the
12   process of amending agreements, that's pretty common; I see
13   that all the time.
14           But the one thing that I won't abide, I want to make
15   it crystal clear, your November 5th hearing date is
16   substantially in jeopardy right now because you've not complied
17   with the schedule that was agreed to by the parties and so
18   ordered by the Court.
19           MR. PRINCI:  Okay.  Your Honor, a couple of things.
20   There's a -- there's some basic propositions that you've
21   stated, they've been stated by other parties; I just want to
22   make sure that we're on the record as being absolutely clear
23   that we're in full agreement.
24           This is a settlement of significant proportions.  I
25   think the term that the committee used in its response to our

**RESIDENTIAL CAPITAL, LLC, ET AL.**                                          31

1   out.  But you're not going to get to that point.

2          Here's what we're going to do, I don't want to
3   spend -- I want to give -- if you have some last points on the
4   RMBS status you want to talk about it, I'll let you do that.
5   We're going to have a separate conference to deal with the
6   discovery issues.

7          MR. PRINCI:  Okay.

8          THE COURT:  And I don't want to -- I've reacted
9   strongly to what on the one hand you file a status report and
10  say everything's hunky-dory with respect to discovery and they
11  file a sta -- if I see a bunch of status reports saying, no,
12  no, no, no, no.  So I want to move forward with the agenda.  If
13  there's some last points you want to make, we'll do that.  But
14  the message, I think, I got across pretty clearly is if it
15  doesn't happen on November 5th, it probably isn't happening
16  until sometime in January.  So you better go through backflips
17  if you want to keep to the schedule.

18         MR. PRINCI:  Your Honor, we will move Mother Earth to
19  keep that schedule, and I appreciate Your Honor allowing us the
20  time to first try to address this with the committee, and,
21  then, we can bring to the Court, as Your Honor sees fit,
22  whatever real discovery disputes there are.  And I emphasize
23  the word "real", Judge, because, again, the committee is taking
24  a position that goes beyond that and I want to address that
25  which is --

**RESIDENTIAL CAPITAL, LLC, ET AL.**                                     41

1   I'm more concerned -- I said it before, I'm more concerned
2   about them having a full and fair opportunity to prepare and be
3   able to put on whatever case they wish to put on.  The November
4   5th date may be precarious but it still is holding.  So I think
5   your --
6           MR. PRINCI:  Understood.  Judge, trust me when I say
7   this:  we hear you loud and clear on this.
8           One last point, Judge, and I do, unfortunately, have
9   to make a response to.
10          In paragraph 12 of the committee's response, there's
11  an unfortunate statement, it's untrue and we have to respond,
12  Judge.  It says flatly, "The settlement," this being the RMBS
13  settlement, "The settlement was negotiated by debtors with
14  little motivation to protect creditors by limiting the
15  settlement number and with every motivation to lock in the RMBS
16  investors' support for the debtors' pre-negotiated plan
17  providing Ally with a global release of the state and third-
18  party claims."  That's just terribly unfortunate, Judge.  It is
19  vehemently denied by the debtor and that sort of thing's
20  unnecessary.  And that's it for now, Judge.  Thank you.
21          THE COURT:  Well, when we get to the motion to --
22  well, let me -- I'll get to that later.
23          Go ahead, Mr. Eckstein.  Or I don't know which of your
24  colleagues is --
25          MR. PRINCI:  Judge, I guess I'll wait for the

|  | RESIDENTIAL CAPITAL, LLC, ET AL. | 47 |

```
 1  presented to me.  So I don't want to hear that you've been
 2  talking for weeks about there's a common interest objection and
 3  as a result they haven't produced any -- they haven't produced
 4  any documents.  You'll get it resolved pretty quickly.
 5          I will see you on the discovery dispute next Wednesday
 6  the 19th at 10 a.m.
 7          MR. ECKSTEIN:  Your Honor, I'm happy to come back and
 8  defer but it's obvious that the discovery deadline is expiring
 9  and we'll, obviously, have to deal with that next week but
10  we're not in a position to meet the discovery responsibilities
11  given where the facts stand today, and I respectfully do not
12  believe it is possible for us to meet those deadlines given
13  where the facts stand.
14          THE COURT:  And, you know, every case is different --
15          MR. ECKSTEIN:  And this is not a question of bad
16  faith.
17          THE COURT:  -- but go look at the order I entered in
18  that Paymentech adversary procedure.
19          MR. ECKSTEIN:  I've looked at it, Your Honor.
20          THE COURT:  And that's -- I told Mr. Princi the
21  November 5th date is hanging by a thread and if it doesn't
22  happen then, see you next year.  Okay?  I'm not -- it's not an
23  empty threat.  I mean it's -- I've got fully paid-for tickets
24  to be out of the country and I've got a full docket before and
25  I arranged those dates after these dates were all set and was
```