# EXHIBIT C

# JONES DAY

222 EAST 41ST STREET • NEW YORK, NEW YORK 10017.6702
TELEPHONE: +1.212.326.3939 • FACSIMILE: +1.212.755.7306

Direct Number: (212) 326-3418
hfsidman@JonesDay.com

August 30, 2012

**VIA E-MAIL AND OVERNIGHT MAIL**

Jamie Levitt
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, New York 10104
jlevitt@mofo.com

      Re:    *In re: Residential Capital, LLC, et al.,*
               Case No. 12-12020 (MG)

Dear Ms. Levitt:

      We represent Financial Guaranty Insurance Company ("FGIC") in connection with the above-captioned case. On July 13, 2012, FGIC served Debtors with their First Request for Production of Documents to the Debtors Regarding the Proposed (I) RMBS Trust Settlement Agreements and (II) Plan Support Agreements (the "FGIC Document Requests"). On July 18, 2012, FGIC served Debtors with their First Set of Interrogatories to the Debtors Regarding the Proposed (I) RMBS Trust Settlements and (II) Plan Support Agreements (the "FGIC Interrogatories").[1]

      In response to the FGIC Document Requests, and pursuant to our e-mail agreement of July 19, 2012, Debtors provided FGIC with access to a virtual data room containing numerous documents which Debtors indicated would respond to most of FGIC's requests and fully enable FGIC to evaluate the proposed RMBS Trust Settlement. However, FGIC's preliminary review of the documents in the data room has shown that, while many of these documents do relate broadly to the RMBS Trust Settlement and Plan Support Agreements, the documents are nevertheless unresponsive to most, if not all, of FGIC's thirty-five particularized and specific requests. Significantly, FGIC's preliminary review has been inhibited by the lack of any identifying information pertaining to the documents provided by Debtors, as each document is an individual PDF, and the database is not readily searchable. Therefore, if Debtors believe that they have produced documents responsive to each of the FGIC Document Requests, please

---

[1] Except where otherwise noted, capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 For Approval of the RMBS Trust Settlement Agreements, and/or any amendments, exhibits, attachments, or supplements thereto.

# JONES DAY

Jamie Levitt
August 30, 2012
Page 2

222 EAST 41ST STREET • NEW YORK, NEW YORK 10017.6702
TELEPHONE: +1.212.326.3939 • FACSIMILE: +1.212.755.7306

identify the data room location and any identifying information for the documents that relate to each particular request.

In particular, the data room does not contain any documents relevant to the specific calculations used to support the contentions underlying the terms of the RMBS Trust Settlement Agreement. For instance, Debtors have failed to provide any documents or communications regarding the calculations referenced in the Declaration of Frank Sillman that was submitted in support of the Settlement Agreement, including how the parties to the Settlement Agreement arrived at the 20% Loss Share Rate and the resulting $8.7 million Total Allowed Claim.

In order to fairly and adequately consider the terms of the Settlement Agreement, including the calculation of the Loss Share Rate and the Total Allowed Claim, FGIC is entitled to all of the information it has sought from Debtors. Nevertheless, to even begin to evaluate the Settlement Arrangement Debtors have proposed, FGIC requires *at a minimum* the information it already requested in the FGIC Interrogatories. As requested in Interrogatory No. 1, FGIC seeks, *inter alia*:

With respect to each of the Trusts referenced in the RMBS Trust Settlement and/or the Settlement Motion, provide in Excel format:

(a) cumulative collateral losses for each Trust;

(b) cumulative collateral losses to each Trust on loans that made less than or equal to the first 24 months of payments following the cut-off date of the relevant transaction, including the original balance of the loans and the loan count;

(c) cumulative collateral losses to each Trust on loans that made less than or equal to the first 6 months of payments following the cut-off date of the relevant transaction, including the original balance of the loans and the loan count;

(d) cumulative collateral losses to each Trust on loans that made less than or equal to the first 12 months of payments, but more than the first 6 months of payments, following the cut-off date of the relevant transaction, including the original balance of the loans and the loan count;

(e) cumulative collateral losses to each Trust on loans that made less than or equal to the first 18 months of payments, but more than the first 12 months of payments, following the cut-off date of the relevant transaction, including the original balance of the loans and the loan count;

# JONES DAY

222 EAST 41ST STREET • NEW YORK, NEW YORK 10017.6702
TELEPHONE: +1.212.326.3939 • FACSIMILE: +1.212.755.7306

Jamie Levitt
August 30, 2012
Page 3

(f) cumulative collateral losses to each Trust on loans that made less than or equal to the first 24 months of payments, but more than the first 18 months of payments, following the cut-off date of the relevant transaction, including the original balance of the loans and the loan count;

(g) cumulative collateral losses to each Trust on loans that made less than or equal to the first 30 months of payments, but more than the first 24 months of payments, following the cut-off date of the relevant transaction, including the original balance of the loans and the loan count;

(h) cumulative collateral losses to each Trust on loans that made less than or equal to the first 36 months of payments, but more than the first 30 months of payments, following the cut-off date of the relevant transaction, including the original balance of the loans and the loan count;

(i) cumulative collateral losses to each Trust on loans that made more than the first 36 months of payments, following the cut-off date of the relevant transaction, including the original balance of the loans and the loan count;

(j) projected remaining losses (also known as Forecasted Remaining Lifetime Losses) with respect to each Trust;

(k) the payment status and delinquency data that was used concerning the calculations, assumptions, and/or determinations with respect to each Trust;

(l) the methodology used for any calculations, assumptions, and/or determinations regarding the payment status and delinquency data with respect to each Trust, and rationale for the methodology that was employed, including whether payment status and delinquency data is based upon reporting methodologies established by the Mortgage Banker Association of America or the Office of Thrift Supervision;

(m) the vintage and type of mortgage and/or loan product associated with each of the Trusts, and the methodology used to define, determine, and/or account for such mortgage and/or loan type with respect to each Trust; and

ALKHOBAR • ATLANTA • BEIJING • BOSTON • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DUBAI
DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • JEDDAH • LONDON • LOS ANGELES • MADRID
MEXICO CITY • MILAN • MOSCOW • MUNICH • NEW DELHI • NEW YORK • PARIS • PITTSBURGH • RIYADH • SAN DIEGO
SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

# JONES DAY

222 EAST 41ST STREET • NEW YORK, NEW YORK 10017.6702
TELEPHONE: +1.212.326.3939 • FACSIMILE: +1.212.755.7306

Jamie Levitt
August 30, 2012
Page 4

    (n) the transaction name and characteristics, including the vintage and type of mortgage and/or loan product, concerning any individual Trust relied upon in a representative capacity in arriving at any of the assumptions, calculations, and/or determinations for the Total Allowed Claim.

    We note that FGIC's requests have been before Debtors for more than one month. The FGIC Interrogatories requested that responsive information be provided no later than August 8, 2012, while the FGIC Document Requests requested similar information by August 3, 2012. Both of those dates have long since passed. FGIC therefore requests that you provide forthwith documents and information responsive to each of the FGIC Document Requests and FGIC Interrogatories and, in particular, that you immediately provide the specific information identified in Interrogatory No. 1 as set forth above, so that FGIC can fully assess the terms of the proposed Settlement Agreement.

    Please note that on August 23, 2012, FGIC served its First Request for Production of Documents to Ally Financial, Inc. Regarding the Proposed RMBS Trust Settlement Agreement. Ally Financial, Inc.'s responses are due by September 4, 2012.

    In addition, while we agreed to delay obtaining documents concerning AFI's involvement in the negotiations or documents relating to the PSA, we do believe that those documents are necessary for our review. It does not appear for instance that any internal emails have been produced, nor emails or correspondence with parties to the settlement agreement or memoranda. We only located, for example, the two "direction letters" by Kathy Patrick. Please let us know if ResCap will agree to produce the documents relating to the negotiations as we requested, and if not, we will ask the Court to consider the issue. We do not believe that Judge Glenn will find those materials not to be relevant.

    We are aware that the Committee has served discovery on you, and that in particular the Committee has served interrogatories seeking the identification of the parties who participated in the negotiations. We would request that we receive access from you of all discovery materials and responses provided to the Committee. Please let us know if this is acceptable or if we should serve you with supplemental discovery requests.

    Finally, we expect that the Committee will take the lead role in scheduling depositions of both your fact and expert witnesses, however, we think it makes sense for a schedule to be coordinated next week among the interested parties.

ALKHOBAR • ATLANTA • BEIJING • BOSTON • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DUBAI
DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • JEDDAH • LONDON • LOS ANGELES • MADRID
MEXICO CITY • MILAN • MOSCOW • MUNICH • NEW DELHI • NEW YORK • PARIS • PITTSBURGH • RIYADH • SAN DIEGO
SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

# JONES DAY

Jamie Levitt  
August 30, 2012  
Page 5

222 EAST 41ST STREET • NEW YORK, NEW YORK 10017.6702  
TELEPHONE: +1.212.326.3939 • FACSIMILE: +1.212.755.7306

      We are available to discuss these issues, as well as the timing of further production by the Debtors, and look forward to your prompt response. FGIC reserves all of its rights.

Very truly yours,

Howard F. Sidman

cc:  Richard Wynne, Esq.  
      Carl Black, Esq.  
      Steven Bennett, Esq.