Paul N. Papas II, *pro se*
4727 E Bell Rd.
Ste 45-350
Phoenix, AZ 85032
602-493-2016



RECEIVED SEP 14 2012 U.S. BANKRUPTCY COURT SO DIST OF NEW YORK

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RESIDENTIAL CAPITAL, LLC<br>a/k/a RESIDENTIAL CAPITAL CORPORATION<br>1177 Avenue of the Americas<br>New York, New York 10036<br>Debtor | Chapter 11<br>Case No. 12-12020-mg<br>Joint Administration Pending |

### **RENEWED MOTION TO CONVERT DEBTOR TO CHAPTER 7 BANKRUPTCY**

Claimant, Paul N. Papas II, *Pro Se* relies upon and incorporates by reference his previous filings which can be found at docket numbers 157, 464, 669, 696, 872, 880, filed and accepted Proof of Claim dated June 26, 2012, and reply to 755, and moves this Court for an Order pursuant to 11 USC § 362(h) for willful violations of the automatic stay and to Convert the Debtor ResCap/GMAC's petition to Chapter 7 Bankruptcy.

### JURISDICTION

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are 11 U.S.C. §§ 1112(b), and 105(a), Rules 9013 and 9014 of the Federal Rules of Bankruptcy Procedure, and the Case Management Procedures in this case.

2. This Claimant also relies upon the Motion To Dismiss the Debtor ResCap/GMAC portion of the *Gilbert Motion* docketed as number 274 as it relates to remedies for the Debtor ResCap/GMAC's fraudulent activities.

3. The Debtor ResCap/GMAC voluntarily sought the protection of this Bankruptcy Court under Chapter 11.

4. The Claimant seeks a conversion of the underlying Chapter 11 bankruptcy to a Chapter 7 based upon the bad faith and misconduct of Debtor ResCap/GMAC. This Claimant's grounds for relief are that the properties upon which the Claimant has a claim do not now nor have they ever been an asset of the bankruptcy estate; the assignments to the Debtor ResCap/GMAC are invalid; their position may be as merely unsubstantiated servicers with respect to the Claimant's properties; and the substantial question of law regarding a borrower's right to exercise the extended right to rescind under the federal Truth in Lending Act; they have conducted fraudulent transfers violating the Uniform Fraudulent Transfer Act; and have fraudulently listed assets and liabilities in this Court. The Claimant seeks actual damages, costs and that the Debtor ResCap/GMAC be taxed for willful violations of the automatic stay Debtor ResCap/GMAC ; to wit: after seeking bankruptcy protection Debtor ResCap/GMAC continued to file pleadings in state Courts affecting this Claimant; and, failed to take steps to vacate this filing and have unfairly and unreasonably placed the burden upon this Claimant. The Debtor ResCap/GMAC's actions have been and continue to be in furtherance of their racketeering scheme to commit fraud upon this Court and the public at large using the US Mail and wire transmissions in violation of 18 USC § 1961, *et seq*. The Debtor is acting in bad faith in violation of section 1112(b) (1), *In re Setzer*, 47 B.R. 340, 345 (Bankr. E.D.N.Y. 1985) and violating 11 USC § 152.

5. This Claimant believes that rather than dismiss the Debtor ResCap/GMAC from bankruptcy the petition should be converted to a Chapter 7 where this Court would have more control of the Debtor ResCap/GMAC and be better able to determine what the Debtor ResCap/GMAC has for assets and liabilities as further explained below.

6. Thus far the Debtor ResCap/GMAC has not accurately listed its assets and liabilities. As an example, the Debtor ResCap/GMAC has served notice upon a homeowner that it intends to auction their property EVEN AFTER sending the homeowner a Notice that the Mortgage *Is Paid In Full*. This property is not listed in the Debtor ResCap/GMAC list of assets and liabilities.

7. The Debtor ResCap/GMAC was required to file all court documents signed with a statement certifying that all relevant information is both truthful and completely accurate. The intentional failure to provide accurate information regarding bankruptcy cases compromises the outcome of this matter and is a Federal crime. The Debtor ResCap/GMAC used the United States Mail and wire transmissions to file and serve the Court documents in this matter. The Debtor ResCap/GMAC is acting in bad faith in violation of section 1112(b) (1), *In re Setzer*, 47 B.R. 340, 345 (Bankr. E.D.N.Y. 1985) and violating 11 USC § 152.

8. The Debtor ResCap/GMAC was required to file accurate statements listing their assets and liabilities under the pains and penalties of perjury and they have not done so. Initially this Court would presume the Debtor ResCap/GMAC's filings were done in good faith, as they would with any Debtor ResCap/GMAC. However, once evidence has been presented to the contrary this Court can determine based upon subsequent evidence that the filings were done in bad faith.

9. The Debtor ResCap/GMAC has clearly made their presence known in various Court documents in various states in each of the properties that are the subject of, and the basis of this Claimant's filed and accepted Proof of Claim dated June 26, 2012. The Debtor ResCap/GMAC used the United States Mail and wire transmissions to file and serve the Court documents in those matters.

10. Debtor ResCap/GMAC does not have a plan as to how they will change their business plan to prevent a repeated financial bankruptcy. Hear their words beginning at

the 17:30 mark of the July 27, 2012 adjourned 341 Creditor's Meeting . If you always do what you've always done, you'll always get what you've always got. A business that does not have a plan, has a plan for failure. Chapter 11 allows the Debtor ResCap/GMAC to continue to do business while they restructure themselves with some supervision. Since the Debtor ResCap/GMAC has not decided what it needs to change, then it has shown that it requires the strict supervision of Chapter 7.

11. Fannie Mae sold 71 Settlers Lane, Marlboro, MA to PATI Real Estate Holdings, LLC , one of the 51 Debtor ResCap/GMAC entities in this matter, on October 12, 2011 for One Dollar, a copy of the recorded deed is attached and incorporated by reference. On May 14, 2012 Debtor ResCap/GMAC filed a voluntary Chapter 11 bankruptcy petition. On June 30, 2012 Debtor ResCap/GMAC filed its Schedules of Assets and Liabilities enumerating their financial conditions.  On July 27, 2012 at the adjourned 341 Creditor's Meeting beginning at 6:31, the Schedules of Assets and Liabilities of the 51 Debtor ResCap/GMAC's entities were affirmed as being truthful. Attached and Incorporated by reference are pages 2 and 18 along with Schedule A of docket number 552 which clearly state PATI Real Estate Holdings, LLC does NOT own one property. If we are to believe the Registry of Deeds is correct that PATI Real Estate Holdings, LLC currently has the title of the property in Marlboro, MA then we have to believe that the affirmed Schedules of Assets and Liabilities of the Debtor ResCap/GMAC are Fraudulent and the Debtor ResCap/GMAC has committed Bankruptcy Fraud using wire transmissions and the US Mail to further their scheme. The Debtor ResCap/GMAC has violated the Uniform Fraudulent Transfer Act with its title transfers with respect to this property.

12. In June of 2012 Debtor ResCap/GMAC foreclosed on 8025 E Krail Street, Scottsdale, Arizona and "sold" the property to Fannie Mae then posted a Notice on the property telling the residents that they need to vacate the property, which is attached to this Creditor's docket number 699. A year earlier, Debtor ResCap/GMAC did the same thing with this same property, then a few months later they rescinded the "sale" to Fannie Mae. The current "sale" to Fannie Mae came after the mortgage holder received a "Paid

in Full Notice" from GMAC. The County records do NOT show GMAC or Fannie Mae owning the E Krail Street property. The issue before this Court is that once again the affirmed Schedules of Assets and Liabilities of Debtor ResCap/GMAC do NOT list 8025 E Krail Street, Scottsdale, Arizona as an asset of theirs and once again that the affirmed Schedules of Assets and Liabilities of the Debtor ResCap/GMAC are Fraudulent and the Debtor has committed Bankruptcy Fraud using wire transmissions and the US Mail to further their scheme. The Debtor ResCap/GMAC has violated the Uniform Fraudulent Transfer Act with its title transfers with respect to this property.

13. When the Debtor ResCap/GMAC was asked, at the July 27, 2012 adjourned 341 Creditor's Meeting, from about the 54 minute mark about Schedules of Assets and Liabilities of the Debtor ResCap/GMAC and the DebtorResCap/GMAC's failure to list the 120 properties that this Creditor has an interest in, to which the answer was that the Debtor ResCap/GMAC would have to look into it. Thus far the Debtor ResCap/GMAC has not contacted this Creditor about the 120 properties that are not listed.

14. In addition, Debtor ResCap/GMAC has filed documents in this matter, all at least subject to Rule 11 that they are the nation's forth largest Servicer of Mortgages and that may be true. The Debtor ResCap/GMAC's Vision website clearly states that ResCap is a Servicer, see attached and incorporated by reference page four of the Investor's Guidebook. The same Vision website indentifies ResCap as being a Servicer and others such a Wilmington Trust as being the owners, and others such as New York Bank as being the Trustee of portions of the Securitized Notes. Securitization means that the Notes are sold in tranches to investors on Wall Street. What is relevant to this Court is that the Debtor ResCap/GMAC does not own the Notes either. The securitization of the Notes is good for the firms underwriting the mortgage-backed bonds because they could sell the various pieces for more money than the sum of the whole. *(see: All The Devils Are Here – The Hidden History Of The Financial Crises, by Bethany McLean and Joe Nocera,© 2010 page 8.)*

15. The history of the Debtor ResCap/GMAC is a little confusing because their website on October 5, 2010 said:

History

GMAC Mortgage came into existence in 1985 when it acquired the mortgage loan operations of the Colonial Mortgage Service companies and the servicing arm of the former Norwest Mortgage, Inc.
1985: GMAC acquires Colonial Mortgage Service Company as well as the loan administration and servicing portfolio of Norwest Mortgage and becomes GMAC Mortgage.
1990: GMAC Mortgage acquires Residential Funding Corporation
1998: Purchased 1st mortgage servicing rights from Wells Fargo
1998: GMAC Mortgage announces formation of GMAC Home Services and acquisition of Better Homes and Gardens? Real Estate Service
1998: Purchased 400,000 conforming loans from Capstead making it the largest servicing-only acquisition in the company's history.
1999: Acquired primarily all the assets of DiTech Funding Corp. (now known as ditech.com, LLC) to increase the company's e-commerce presence on the Internet.
2000: GMAC Residential was given conditional approval to form GMAC Bank.
2003: GMAC Mortgage announces the formation of CalDirect, the premiere mortgage lender for California homeowners.
2004: GMAC Mortgage converts servicing to single platform (DSU), acquires Pacific Republic Mortgage to grow business in the West, and achieves second best earnings ever with $262 million and $89 billion in lending production.
2005: GMAC Residential celebrates its 20th year with GMAC. GMAC also announced the official launch and initial funding of our new parent holding company, Residential Capital, or ResCap, a global real estate finance business created from the combined strength and experience of GMAC Residential and GMAC-RFC.
2006: GMAC Residential and GMAC-RFC continue the integration process and form the Residential Finance Group (RFG) under GMAC ResCap.
2007: The home offices of GMAC Mortgage and GMAC Bank relocate from its Horsham, PA headquarters to a facility in Fort Washington, PA.
2009: GMAC Bank becomes Ally Bank
2010: GMAC Inc is rebranded to Ally Financial Inc

See the attached and incorporated by reference Debtor ResCap/GMAC webpage printed October 5, 2010 for the above information. Page three of the Debtor ResCap/GMAC Investor's Handbook which is dated 2007, and the latest available information on the Vision website shows a flow chart stating that the main entity is GMAC Financial Services with GMAC ResCap under that, and two entities issuing securities namely GMAC RFC and GMAC Mortgage. Under those two entities it lists two loan servicing companies which are Homecomings Financial and GMAC Mortgage. This flow chart on page three is attached and incorporated by reference. The Debtor ResCap/GMAC is relying upon Ally Financial Inc as a servicer for the Debtor ResCap/GMAC in this

matter, claiming it to be a separate entity from the Debtor ResCap/GMAC when the documents show it is merely another Debtor ResCap/GMAC entity. This is relevant to this Court because it is another fraud the Debtor ResCap/GMAC has committed upon this Court in this matter again using wire transmissions and the US Mail to further their scheme.

16. This Claimant renews his objection and opposes any dollar figure established for what the Debtor ResCap/GMAC is claiming for assets. This Claimant is not waiving any claims that this Claimant has filed in various Courts against all property and assets of Debtor ResCap/GMAC which he has backed with many recorded Lis Pendens. The actual Mortgages that Debtor ResCap/GMAC claims to hold title to, has yet to be proven. Many of the assignments from MERS to Debtor ResCap/GMAC have proven to be invalid because the person who signed those documents for and behalf of MERS did not possess the legal authority to sign the MERS' documents. The evidence to support this statement is part of the Congressional Record of December 2, 2010. The Debtor ResCap/GMAC has not been able to overcome the facts presented at the Congressional Hearing in various state courts and has not produced any contrary evidence in the state courts. This means that many of Mortgages Debtor ResCap/GMAC claims to hold are not theirs if they came from MERS. This claimant has copies of the testimony presented to the Congressional Hearing and offers to provide a copy to this Court. In order for this Court to have an accurate accounting of the Debtor ResCap/GMAC's assets, this issue must first be resolved. Attached and incorporated by reference is one such recorded document signed by William Hultman dated the 31st of October 2001 recorded in Book 34988 and Page 025 at the Registry of Deeds in the Southern District of Middlesex County in Massachusetts which appears to grant signatory authority to several employees of Harmon Law Office, PC. This October 31, 2001 recorded document is one of the documents that William Hultman later stated in sworn testimony that he did not have the authority to sign. Since William Hultman did not have the authority to make such appointments any documents that where signed for and behalf of MERS, as a result of a William Hultman appoint, are void. What is relevant to this Court is that any mortgages that GMAC may have had assigned to them from MERS, that are the result of a William

Hultman appointment, are actually still with MERS and this includes the above Settlers Lane and E Krail Street properties. Considering the large volume of mortgages being processed through MERS it highly likely that most, or nearly all of the mortgages the Debtor ResCap/GMAC claim to hold, are not theirs at all. The Debtor ResCap/GMAC has already admitted in two state Courts, with Admissions to this Claimant that MERS only handles Mortgages and not Notes.

17. The information that Debtor ResCap/GMAC provides shows that they are a servicer and not the owner of the mortgages. If the Debtor ResCap/GMAC is not the owner of the mortgages and does not own the Notes, then the Schedules of Assets and Liabilities showing they own properties are fraudulent and the Debtor ResCap/GMAC has committed Bankruptcy Fraud using wire transmissions and the US Mail to further their scheme. The Debtor ResCap/GMAC has violated the Uniform Fraudulent Transfer Act with many properties by it's' title transfers.

18. The Enterprise that the Debtor ResCap/GMAC has engaged in is the foreclosures using wire transmissions and the US Mail to further their scheme. The Debtor ResCap/GMAC has violated the Uniform Fraudulent Transfer Act with many properties by it's' title transfers.

19. Even though the properties with which this Claimant and the Debtor ResCap/GMAC are engaged do not appear on the Debtor ResCap/GMAC's Schedule A, the Debtor ResCap/GMAC has sent notices stating that the Debtor ResCap/GMAC is intending to sell the properties at public action. One of the notices was sent to a property in which the Debtor ResCap/GMAC had already notified the Claimant that the mortgage has been paid in full. The Debtor ResCap/GMAC should not be trying to sell properties that it does not own. The Debtor ResCap/GMAC should not be trying to sell the assets of this Claimant. The Debtor ResCap/GMAC is acting in bad faith in violation of section 1112(b) (1), *In re Setzer*, 47 B.R. 340, 345 (Bankr. E.D.N.Y. 1985) and violating 11 USC §152.

20. It is not possible for this Court or this Claimant to accurately identify the assets and liabilities of the Debtor ResCap/GMAC. This Claimant will not be a party to or enable the Debtor ResCap/GMAC to continue their fraudulent scheme in this or any other Court. This Claimant will not be a party to the Debtor ResCap/GMAC's previous or continuing racketeering activities in violation of 18 USC § 1961, *et seq*.

21. The Debtor ResCap/GMAC has also violated the Uniform Fraudulent Transfer Act (UFTA) which is codified in 47 states. In two different states the Debtor ResCap/GMAC has admitted that they never held the mortgage and did not posses the legal ability to foreclose. The Debtor ResCap/GMAC also admitted that MERS did not have the authorized signatories at the time the assignments were made to the Debtor ResCap/GMAC. The Debtor ResCap/GMAC also admitted that MERS is only permitted to accept mortgages, and not Notes. The Debtor ResCap/GMAC also admitted they did not posses the Notes, and that they needed both the Mortgage and the Note in order to collect the payments and to foreclose. The Debtor ResCap/GMAC also admitted that it violated the UFTA. It is most likely that most of the mortgages the Debtor ResCap/GMAC claims to hold are in fact not theirs.

THEREFORE, for the above stated reasons, the exact value of the bankruptcy estate is not known. The business affairs of the Debtor ResCap/GMAC are not sufficiently known to enable a Creditor to make an informed judgment about the Debtor ResCap/GMAC's plan of reorganization, which they have said does not exist. This Debtor ResCap/GMAC's petition should be converted to Chapter 7 Bankruptcy because of the Debtor ResCap/GMAC's various violations of section 1112 (b) (1), *In re Setzer*, 47 B.R. 340, 345 (Bankr. E.D.N.Y. 1985), 11 USC §152, and 18 USC section 1961, *et seq*.

Dated September 11, 2012

_____
Paul N. Pappas II, *pro se*

## Affidavit in Support

I, Paul N. Papas II, state and depose the above information is true based upon personal observation, knowledge and belief under the pains and penalties of perjury dated this 11th day of September 2012.

_____
Paul N. Papas II, *pro se*


## Certificate Of Service

I have served a copy of this upon; United States Trustee, Tracey Hope Davis, 33 Whitehall Street, 21st Floor, NY, NY 10004; Attorney Larren M. Nashelsky, MORRISON & FOERSTER, LLP, 1290 Avenue of the Americas, NY, NY, 10104 and Attorney Wendy Allison Nova, 210 Second Street NE, Minneapolis, MN 55413. by email and/or by Regular Mail as well as those on the September 4, 2012 notice list.
Dated September 11, 2012

_____
Paul N. Papas II, *pro se*

3

Exhibit
Not to Convert

Property address: 71 Settlers Lane, Unit 75, The Williamsburg Heights Condominium, Marlboro, MA 01752

# QUITCLAIM DEED

**Federal National Mortgage Association**, a duly established corporation having its usual place of business at P.O. Box 650043, Dallas, TX 75265-0043

in full consideration of **ONE ($1.00) DOLLAR** paid

grants to          **PATI Real Estate Holdings, LLC,** 1100 Virginia Drive,
                   Fort Washington, PA 19034

with **QUITCLAIM COVENANTS**

**See Attached Legal Description**

**Said premises are conveyed subject to and with the benefit of easements, restrictions, reservations and rights of way of record so far as the same are now in force and applicable.**

This conveyance does not constitute a transfer of all or substantially all of the corporate assets of Federal National Mortgage Association in Massachusetts.

For title see Foreclosure Deed dated July 27, 2010 and recorded with the Middlesex County (Southern District) Registry of Deeds in Book 55135, Page 100.

**Witness** the execution and the corporate seal of said corporation this 29th day of August, 2011

.... .... LAW OFFICES, P.C.
P.O. BOX 610389
........ .... HIGHLANDS, MA 02461-0389

200904-1810                    FCL

/Quit Claim Deed/Nelson, Anne

Federal National Mortgage Association ~~by GMAC Mortgage, LLC as Attorney in Fact~~*

By: _[signature]_
Name: _Shanicka Singleton_
Title: _Asst. Vice President_ / ~~Attorney in Fact~~*

_Exhibit Not to Convey_

~~*For signatory authority, please see the Limited Power of Attorney recorded herewith.~~

STATE OF _Virginia_

_Fairfax_           , ss                              _August 29_ , 2011

On this _29_ day of _August_ 20_11_, before me, the undersigned notary public, personally appeared _Shanicka Singleton_, proved to me through satisfactory evidence of identification, which were _drivers license_, to be the person whose name is signed on the preceding or attached document, and acknowledged to me that (he) (she) signed it voluntarily for its stated purpose.

Capacity: (as ~~Attorney-in-Fact~~* _Asst. VP_

for _Federal National Mortgage Association_ )

_[signature: Barbara S. Cushman]_ _____ (Affix Seal)
Notary Signature

My commission expires: _1/31/13_

Barbara S. Cushman
NOTARY PUBLIC
Commonwealth of Virginia
Reg. # 7294111
My Commission Expires 1/31/2013

1139433/Nelson, Anne

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re:                                              )
                                                    )    Case No. 12-12020 (MG)
RESIDENTIAL CAPITAL, LLC, et al.,                   )
                                                    )    Chapter 11
                          Debtors.                  )
                                                    )    Jointly Administered
---

*Exhibit to Convert Mot*

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

On May 14, 2012 (the "**Petition Date**")[1], Residential Capital, LLC ("**ResCap**") and its affiliated debtors (each a "**Debtor**," and collectively, the "**Debtors**")[2] commenced voluntary cases under chapter 11 of title 11, United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The

---

[1] Capitalized terms not otherwise defined herein shall have the meaning set forth in the *Affidavit Of James Whitlinger, Chief Financial Officer Of Residential Capital, LLC, In Support Of Chapter 11 Petitions And First Day Pleadings*, [Docket No. 6, Case No. 12-12020 (MG)].

[2] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: ditech, LLC (7228), DOA Holding Properties, LLC (4257), DOA Properties IX (Lots-Other), LLC (3274), EPRE LLC (7974), Equity Investment I, LLC (2797), ETS of Virginia, Inc. (1445),ETS of Washington, Inc. (0665),Executive Trustee Services, LLC (8943), GMAC-RFC Holding Company, LLC (3763), GMAC Model Home Finance I, LLC (8469), GMAC Mortgage USA Corporation (6930), GMAC Mortgage, LLC (4840), GMAC Residential Holding Company, LLC (2190), GMACRH Settlement Services, LLC (6156), GMACM Borrower LLC (4887), GMACM REO LLC (2043), GMACR Mortgage Products, LLC (6369), HFN REO SUB II, LLC (None), Home Connects Lending Services, LLC (9412), Homecomings Financial Real Estate Holdings, LLC (6869), Homecomings Financial, LLC (9458), Ladue Associates, Inc. (3048), Passive Asset Transactions, LLC (4130), PATI A, LLC (2729), PATI B, LLC (2937), PATI Real Estate Holdings, LLC (5201), RAHI A, LLC (3321), RAHI B, LLC (3553), RAHI Real Estate Holdings, LLC (5287), RCSFJV2004, LLC (2772), Residential Accredit Loans, Inc. (8240), Residential Asset Mortgage Products, Inc. (5181), Residential Asset Securities Corporation (2653), Residential Capital, LLC (0738), Residential Consumer Services of Alabama, LLC (5449), Residential Consumer Services of Ohio, LLC (4796), Residential Consumer Services of Texas, LLC (0515), Residential Consumer Services, LLC (2167), Residential Funding Company, LLC (1336), Residential Funding Mortgage Exchange, LLC (2427), Residential Funding Mortgage Securities I, Inc. (6294), Residential Funding Mortgage Securities II, Inc. (8858), Residential Funding Real Estate Holdings, LLC (6505), Residential Mortgage Real Estate Holdings, LLC (7180), RFC – GSAP Servicer Advance, LLC (0289),RFC Asset Holdings II, LLC (4034), RFC Asset Management, LLC (4678), RFC Borrower LLC (5558), RFC Construction Funding, LLC (5730), RFC REO LLC (2407), RFC SFJV-2002, LLC (4670).

B6 Summary (Official Form 6 - Summary) (12/07)

**UNITED STATES BANKRUPTCY COURT**
**Southern District of New York, New York**

In re: PATI Real Estate Holdings, LLC

Case No. 12-12047 (MG)

Chapter 11

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| Name of Schedule | Attached (YES/NO) | No. of Sheets | Assets | Liabilities | Other |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $0.00 | | |
| B - Personal Property | YES | 13 | $0.00 | | |
| C - Property Claimed as Exempt | NO | N/A | | | |
| D - Creditors Holding Secured Claims | YES | 1 | | $0.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 3 | | $0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 1 | | $0.00 | |
| G - Executory Contracts and Unexpired Leases | YES | 2 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | NO | N/A | | | |
| J - Current Expenditures of Individual Debtor(s) | NO | N/A | | | |
| TOTAL | | 22 | $0.00 | $0.00 | |

B6A (Official Form 6A) (12/07)

In re: **PATI Real Estate Holdings, LLC**

Case No. 12-12047 (MG)

## SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "HWJC." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM OR MORTGAGE |
|---|---|---|---|---|
| NONE | | | $0.00 | $0.00 |
| | | Total | $0.00 | |

(Report total also on Summary of Schedules.)

Page 1 of 1

F
To: realfundingsolutions@yahoo.com;
Date: Tue, October 5, 2010 9:34:05 PM
Cc:
Subject: History of GMAC

EXIHIBIT One

# GMAC Mortgage

Skip navigation

Log On | Site Map | Contact Us

SEARCH

Home   Purchase   Refinance   Check Rates   Contact us   Calculators   Resource Center   My Account

About Us
Company Information
Privacy & SSN Policies
Disclosures
Licensing

## History

GMAC Mortgage came into existence in 1985 when it acquired the mortgage loan operations of the Colonial Mortgage Service companies and the servicing arm of the former Norwest Mortgage, Inc.

**1985:** GMAC acquires Colonial Mortgage Service Company as well as the loan administration and servicing portfolio of Norwest Mortgage and becomes GMAC Mortgage.

**1990:** GMAC Mortgage acquires Residential Funding Corporation

**1998:** Purchased 1st mortgage servicing rights from Wells Fargo

**1998:** GMAC Mortgage announces formation of GMAC Home Services and acquisition of Better Homes and Gardens? Real Estate Service

**1998:** Purchased 400,000 conforming loans from Capstead making it the largest servicing-only acquisition in the company's history.

**1999:** Acquired primarily all the assets of DiTech Funding Corp. (now known as ditech.com, LLC) to increase the company's e-commerce presence on the Internet.

**2000:** GMAC Residential was given conditional approval to form GMAC Bank.

**2003:** GMAC Mortgage announces the formation of CalDirect, the premiere mortgage lender for California homeowners.

**2004:** GMAC Mortgage converts servicing to single platform (DSU), acquires Pacific Republic Mortgage to grow business in the West, and achieves second best earnings ever with $262 million and $89 billion in lending production.

**2005:** GMAC Residential celebrates its 20th year with GMAC. GMAC also announced the official launch and initial funding of our new parent holding company, Residential Capital, or ResCap, a global real estate finance business created from the combined strength and experience of GMAC Residential and GMAC-RFC.

**2006:** GMAC Residential and GMAC-RFC continue the integration process and form the Residential Finance Group (RFG) under GMAC ResCap.

**2007:** The home offices of GMAC Mortgage and GMAC Bank relocate from its Horsham, Pa. headquarters to a brand new GMAC facility in Fort Washington, PA.

**2009:** GMAC Bank becomes Ally Bank

**2010:** GMAC Inc. is rebranded to Ally Financial Inc.

# GMAC FINANCIAL SERVICES

## GMAC ResCap

**SECURITIES ISSUANCE**
- GMAC RFC
- GMAC Mortgage

**LOAN SERVICING**
- Homecomings Financial — A GMAC Company
- GMAC Mortgage

GMAC-RFC and GMAC Mortgage are owned and operated by GMAC Residential Capital Company, LLC (GMAC ResCap). GMAC ResCap is part of the GMAC Financial Services family of companies. Homecomings Financial, LLC provides home financing and loan servicing in the U.S.

## GMAC ResCap Fast Facts:

### Q4 2007 Securities Issuance
- $495 billion in U.S. cumulative ABS/MBS issuance
- Non-agency MBS with $35.3 billion in issuance
- ABS HEL with $13.0 billion in issuance
- Subprime with $7.2 billion in issuance
- Non-agency prime MBS with $22.2 billion in issuance
- $8.1 billion in whole loan issuance

### Q3 2007 Loan Servicing
- Primary servicing portfolio of $122.7 billion
- Subprime servicing portfolio of $40.3 billion
- Master servicing portfolio of $159.5 billion representing 875,956 consumers

### Non-Agency MBS Market Share - as of December 31, 2007



Pie chart shares:
- GMAC-RFC 4.8%
- Deutsche Bank 4.7%
- JP Morgan Chase 5.1%
- Bear Stearns 5.4%
- Washington Mutual 5.7%
- Wells Fargo 6.6%
- Lehman Brothers 7.0%
- Countrywide Financial 11.8%
- Merrill Lynch 4.3%
- Morgan Stanley 3.8%
- Others 41.0%

| Rank | Issuer | Volume (in billions) |
|---|---|---|
| 1 | Countrywide Financial | $83.78 |
| 2 | Lehman Brothers | $49.52 |
| 3 | Wells Fargo | $46.52 |
| 4 | Washington Mutual | $40.51 |
| 5 | Bear Stearns | $38.05 |
| 6 | JPMorgan Chase | $35.99 |
| 7 | Deutsche Bank | $33.41 |
| 8 | **Residential Funding Co.** | **$32.43** |
| 9 | Merril Lynch | $30.28 |
| 10 | Morgan Stanley | $26.80 |

Information regarding competitor market share from: Inside MBS & ABS, January 11, 2008.

Although reasonable care has been exercised to provide accurate information, there is no assurance that this information is free from error. All information provided herein is unaudited. This material has been prepared solely for informational purposes. It is in no way intended to be a solicitation or an offer to buy or sell any security or instrument. Past results of securities do not forecast future results.

**GMAC ResCap**

December 31, 2007

Handwritten note: "Exhibit Not to Convert"

BK34988PG025

# MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

## CORPORATE RESOLUTION

Be it Resolved that Mark P. Harmon, Thomas J. Walsh, Andrew S. Harmon, Francis J. Nolan and Marcia A. Greeley as employees of Harmon Law Offices, P.C., (the "Member"), a Member of Mortgage Electronic Registration Systems, Inc. ("MERS"), are made assistant secretaries and vice presidents of MERS, and, as such, are authorized to:

(1) execute any and all documents necessary to foreclose upon the property securing any mortgage loan registered on the MERS® System, including but not limited to (a) assignments of mortgage or deeds of trust; (b) substitution of trustee on Deeds of Trust, (c) Foreclosure Deeds upon sale on behalf of MERS, (d) Affidavits of Non-military Status, (e) Affidavits, (f) Affidavits of Debt, (g) quitclaim deeds, (h) Affidavits regarding lost promissory notes, and (i) endorsements of promissory notes to VA or HUD on behalf of MERS as a required part of the claims process; and (j) such other documents as may be necessary and proper to carry into effect the powers granted herein;

(2) take any and all actions and execute all documents necessary to protect the interest of the beneficial owner of such mortgage loan, or MERS in any bankruptcy proceeding regarding a loan registered on the MERS System, including but not limited to: (a) executing Proofs of Claim and Affidavits of Movant under 11 U.S.C. Sec. 501-502, Bankruptcy Rule 3001-3003, and applicable local bankruptcy rules, (b) entering a Notice of Appearance, (c) vote for a trustee of the estate of the debtor, (d) vote for a committee of creditors, (e) attend the meeting of creditors of the debtor, or any adjournment thereof, and vote on behalf of the beneficial owner of such mortgage loan, or MERS, on any question that may be lawfully submitted before creditors in such a meeting, (f) complete, execute, and return a ballot accepting or rejecting a plan, and (g) execute reaffirmation agreements;

(3) execute any and all quitclaim deeds of real estate purchased by MERS at foreclosure sale;

(4) and further to ratify any and all previously executed documents and previous actions taken pursuant to said purposes.

I, William C. Hultman, being the Corporate Secretary of Mortgage Electronic Registration Systems, Inc., hereby certify that the foregoing is a true copy of a Resolution duly adopted by the Board of Directors of said corporation effective as of the 31st day of October, 2001, which is in full force and effect on this date and does not conflict with the Certificate of Incorporation or By-Laws of said corporation.

_____
William Hultman

(Corporate seal)

A true copy of Vote # 360P
filed with Norfolk Registry
District of the Land Court
Certify