# EXHIBIT A

# EXHIBIT A1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| PINNACLE AIRLINES CORP., *et al.*, | Case No. 12-11343 (REG) |
| | (Jointly Administered) |
| Debtors. | |

## ORDER AUTHORIZING AND APPROVING PROCEDURES FOR COMPROMISE AND SETTLEMENT OF CERTAIN CLAIMS, LITIGATIONS AND CAUSES OF ACTION

Upon the motion (the "**Motion**")[1] of Pinnacle Airlines Corp. and its subsidiaries

that are debtors and debtors in possession in these proceedings (collectively, the

"**Debtors**") for an order authorizing and approving procedures to compromise and settle

certain existing, pending, threatened or contemplated claims, litigations and causes of

action, both prepetition and postpetition, including, but not limited to, prepetition claims

threatened or brought against one or more of the Debtors or their estates in judicial,

administrative, arbitral or other actions or proceeding, as more fully described in the

Motion; and the Court having jurisdiction to consider the Motion and the relief requested

therein pursuant to 28 U.S.C. §§ 157 and 1334 and Standing Order M-61 Referring to

Bankruptcy Judges for the Southern District of New York Any and All Proceedings

Under Title 11, dated July 10, 1984 (Ward, Acting C.J.) as amended by Standing Order

M-431, dated February 1, 2012 (Preska, C.J.); and consideration of the Motion and the

relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and

venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due

---

[1] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to it in the Motion.

and proper notice of the Motion having been provided; and the relief requested in the

Motion being in the best interests of the Debtors and their estates and creditors; and the

Court having reviewed the Motion; and the Court having determined that the legal and

factual bases set forth in the Motion establish just cause for the relief granted herein; and

upon all of the proceedings had before the Court and after due deliberation and sufficient

cause appearing therefor, it is

ORDERED that the relief requested in the Motion is hereby granted as set forth

herein; and it is further

ORDERED that the Debtors are authorized, but not directed, to compromise and

settle certain existing, pending, threatened or contemplated claims, litigations and causes

of action, both prepetition and postpetition, including, but not limited to, prepetition

claims threatened or brought against one or more of the Debtors or their estates in

judicial, administrative, arbitral or other actions or proceedings (together, the "**Claims**")

in accordance with the following three-tiered procedures (the "**Settlement Procedures**").

The Settlement Procedures are based upon (i) the settlement amount, (ii) the difference

between the settlement amount and the Debtors' best estimate of the actual amount of the

Claim (the "**Claim Variance**") and (iii) the Debtors' ability to make *de minimis* cash

payments to settle certain postpetition Claims asserted against the Debtors.

> Tier I: (i) With respect to prepetition Claims, the Debtors, in their sole
> discretion, may enter into, execute and consummate written agreements of
> settlement with Settling Parties that will be binding on the Debtors and
> their estates without further action by this Court or notice to any party and
> (A) grant such Settling Parties allowed prepetition claims[2] in amounts not
> to exceed $150,000 per Claim or (B) grant such Settling Parties allowed
> prepetition claims in amounts exceeding $150,000 but not exceeding

---

[2] For the avoidance of doubt, prepetition claims include Claims given statutory priority pursuant to
the Bankruptcy Code.

$1,000,000 per Claim if the Claim Variance is a Permitted Variance,[3] in each case in full settlement of such Claims (each such settlement, a "**Prepetition Tier 1 Settlement**") and (ii) with respect to postpetition Claims, the Debtors, in their sole discretion, may enter into, execute and consummate written agreements of settlement with Settling Parties that will be binding on the Debtors and their estates without further action by this Court or notice to any party and grant such Settling Parties cash payments or allowed administrative claims in amounts not to exceed $100,000 in full settlement of such Claims.

<u>Tier II</u>:  (i) With respect to prepetition Claims, the Debtors, in their sole discretion, may enter into, execute and consummate written agreements of settlement with Settling Parties that will be binding on the Debtors and their estates without further action by this Court or notice to any party and (A) grant such Settling Parties allowed prepetition claims in amounts exceeding $150,000 (where the Claim Variance is not a Permitted Variance) but not exceeding $1,000,000 per Claim or (B) grant such Settling Parties allowed prepetition claims in amounts exceeding $1,000,000 but not exceeding $5,000,000 per Claim if the Claim Variance is a Permitted Variance, in each case in full settlement of such Claims and (ii) with respect to postpetition Claims, the Debtors, in their sole discretion, may enter into, execute and consummate written agreements of settlement with Settling Parties that will be binding on the Debtors and their estates without further action by this Court or notice to any party and grant such Settling Parties cash payments or allowed administrative claims in amounts exceeding $100,000 but not exceeding $500,000 per Claim in full settlement of such Claims; *provided*, in each case, that the Debtors (a) must provide notice of the terms of any such settlement to (x) the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**"), 33 Whitehall Street, 21st Floor, New York, New York 10004 Attn: Elisabetta G. Gasparini and Susan D. Golden and (y) proposed counsel to the official committee of unsecured creditors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York 10104, Attn: Brett H. Miller, Lorenzo Marinuzzi and Todd M. Goren (collectively the "**Notice Parties**") and (b) must not actually receive a written objection to such proposed settlement (addressed to the proposed counsel to the Debtors, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017, Attn: Darren S. Klein) by 4:00 p.m. (prevailing Eastern Time) by the day that is 10 calendar days from the date the Debtors provided such written notice.  If the Debtors receive an objection from a Notice Party, the parties will confer and attempt to resolve any differences.  Failing that, the Debtors may petition the Court for approval of the settlement in accordance with the Case Management

---

[3] For purposes of the Claims Settlement Procedures, a Permitted Variance is a Claim Variance that is less than the greater of (a) $150,000 and (b) 10 percent of the settlement amount.

Orders. An objection by a Notice Party with respect to a given Tier II settlement shall not delay the finality or effectiveness of any other settlement to which an objection has not timely been delivered.

Tier III: (i) With respect to prepetition Claims, the Debtors, in their sole discretion, may enter into, execute and consummate written agreements of settlement with Settling Parties that will be binding on the Debtors and their estates without further action by this Court or notice to any party and (A) grant such Settling Parties allowed prepetition claims in amounts exceeding $1,000,000 per Claim (where the Claim Variance is not a Permitted Variance) or (B) grant such Settling Parties allowed prepetition claims in amounts exceeding $5,000,000 per Claim if the Claim Variance is a Permitted Variance, in each case in full settlement of such Claims and (ii) with respect to postpetition Claims, the Debtors, in their sole discretion, may enter into, execute and consummate written agreements of settlement with Settling Parties that will be binding on the Debtors and their estates without further action by this Court or notice to any party and grant such Settling Parties cash payments or allowed administrative claims in amounts exceeding $500,000 per Claim in full settlement of such Claims; *provided*, in each case, that (a) to the extent reasonably practicable, the Debtors will consult with the official committee of unsecured creditors prior to entering into such settlement, (b) the Debtors must file a notice of settlement with the Court and serve the notice of settlement on the Core Parties (as defined in the Debtors' CMO and the relevant settlement counterparties and (c) there must be no objection to such settlement properly filed and served by 4:00 p.m. (prevailing Eastern Time) on the day that is 10 calendar days from the date the notice of settlement is filed (the "**Objection Deadline**"). An objection will be considered properly filed and served only if it is filed with the Court, and actually received by the following parties on or before the Objection Deadline: (i) the Chambers of the Honorable Robert E. Gerber, United States Bankruptcy Judge, One Bowling Green, New York, NY 10004, (ii) the proposed counsel to the Debtors, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017, Attn: Darren S. Klein and (iii) proposed counsel to the official committee of unsecured creditors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York 10104, Attn: Brett H. Miller, Lorenzo Marinuzzi and Todd M. Goren. If a Tier III settlement is properly filed and served by the Debtors and no objections are properly filed and served by the Objection Deadline, then at such time a Tier III settlement covered by this paragraph shall immediately become final and effective without any further action by the Court. If an objection is timely filed and received, the parties will confer and attempt to resolve any differences. Failing that, the Debtors may petition the Court for approval of the settlement in accordance with the Case Management Orders. The filing of an objection with respect to a given Tier III settlement shall not delay the finality or effectiveness of any

4

other settlement to which an objection has not timely been filed and served.

ORDERED that the Debtors are authorized in their sole discretion, but not directed, to enter into settlement agreements substantially in the form attached as Exhibit B to the Motion with respect to settled Claims with such changes as may be agreed by the parties thereto; and it is further

ORDERED that the Debtors are authorized in their sole discretion, but not directed, to settle claims where some or all of the consideration is being provided by a third party and/or where the Debtors are releasing claims against creditors or third parties provided the Debtors otherwise comply with the Settlement Procedures; and it is further

ORDERED that, with respect to any proofs of claim that are settled pursuant to these Settlement Procedures, the Debtors shall so represent in writing to the Debtors' authorized claims and noticing agent, Epiq Bankruptcy Solutions, LLC ("**Epiq**") and Epiq shall be authorized and directed to amend the claims register accordingly without further Order of the Court; and it is further

ORDERED that at three month intervals during the pendency of these chapter 11 cases, starting July 1, 2012 (each, a "**Quarter**"), and for April, May and June, 2012 (each, a "**Reportable Month**") the Debtors shall submit to the counsel to the official committee of unsecured creditors, no later than 30 days after such Quarter or Reportable Month, as applicable, a statement of all Prepetition Tier 1 Settlements into which the Debtors have entered during the previous Quarter or Reportable Month, as applicable, pursuant to the Settlement Procedures. With respect to such Prepetition Tier 1 Settlements, such reports shall set forth the names of the parties with whom the Debtors

5

have settled, the relevant proofs of claim numbers (where applicable) and the amounts for which such Claims have been settled; and it is further

ORDERED that the Debtors are authorized but not required to agree to the modification of the automatic stay of section 362 of the Bankruptcy Code without further court approval to allow claimants to commence or continue prosecuting litigation on account of which the Debtors have (or may have or are believed to have) insurance coverage; *provided, however,* that at a minimum each relevant litigation claimant: (a) waives all related claims against the Debtors and their estates and (b) agrees to enforce any litigation claim (and any judgment on account of such claim) solely against applicable insurance proceeds, if any. To modify the automatic stay, the Debtors shall file an executed stipulation in the form attached as Exhibit C to the Motion evidencing such agreement, which can be entered immediately by the Court with no further notice to any party; and it is further

ORDERED that the automatic stay is hereby modified (to the extent it is applicable) to permit the Debtors' insurers to pay settled or adjudicated Claims and defense costs related to any Claim, whether incurred pre- or postpetition, in accordance with the terms and conditions of the applicable insurance policies, and subject to all rights, remedies and defenses of the Debtors and any insurer, all of which are preserved pursuant to this Order; and it is further

ORDERED that nothing in this Order shall be construed to impact, impair, affect, determine, release, waive, modify, limit or expand: (i) the terms and conditions of any insurance policy; (ii) any of the rights, remedies, defenses to coverage or other defenses of any insurer under or in respect of any insurance policy (including the right of any

insurer to disclaim coverage); or (iii) any claim or payment right of any insurer against

any of the Debtors including, but not limited to, any claim or payment right for, on

account of, arising from or related to any premium, deductible, reimbursement,

self-insured retention or otherwise. All rights, remedies, defenses, defenses to coverage,

claims and payment rights of the Debtors' insurers are expressly preserved, including but

not limited to any right to receive notice, participate in the resolution of a controversy,

decide upon or approve the resolution of a controversy, and all rights of subrogation and

contribution; and it is further

ORDERED that nothing in this Order shall be construed to authorize the Debtors

to act on behalf of or as an agent for any insurer of the Debtors; and it is further

ORDERED that the Settlement Procedures are without prejudice to the right of

the Debtors to seek an order of this Court approving additional or different procedures

with respect to specific claims or categories of claims; and it is further

ORDERED that notwithstanding anything to the contrary contained herein, this

Order shall not affect, impair, impede or otherwise alter the right of the Debtors to

resolve any prepetition or postpetition controversy arising in the ordinary course of the

Debtors' businesses, or resolve any controversy authorized by any other order of the

Court; and it is further

ORDERED that nothing in this Order or the Motion shall constitute a

determination or admission of liability or of the validity or priority of any claim against

the Debtors, and the Debtors reserve their rights to dispute the validity or priority of any

claim asserted; and it is further

7

ORDERED that nothing in this Order or the Motion shall constitute an approval, assumption or rejection of any agreement, contract or lease; and it is further

ORDERED that the following claims shall not be subject to the Settlement Procedures: (a) any claims on account of postpetition professional fees incurred by any professional retained in the Debtors' chapter 11 cases; (b) any claims arising under or based on sections 503(b)(2), 503(b)(3), 503(b)(4), 503(b)(5), or 503(b)(6) of the Bankruptcy Code; (c) the U.S. Trustee's fees; (d) any claims of an "insider," as defined in section 101(31) of the Bankruptcy Code; or (e) any prepetition claims of Delta Air Lines, Inc.; and it is further

ORDERED that the authority granted in this Order shall not replace or obviate the Debtors' internal procedures, legal or otherwise, for authorizing the settlements contemplated in this Motion; and it is further

ORDERED that any period prescribed or allowed by these Procedures shall be computed in accordance with Bankruptcy Rule 9006; and it is further

ORDERED that this Court shall retain jurisdiction with respect to any matters or disputes arising from or related to this Order; and it is further

ORDERED that notwithstanding the possible applicability of Bankruptcy Rules 2002(a)(3), 6004(h), 7062 or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

8

ORDERED that notice of the Motion as provided therein shall be deemed good

and sufficient notice.

Dated: New York, New York
**April 23, 2012**

/s/ *Robert E. Gerber*
THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A2

**Objection Deadline: April 18, 2012 at 4:00 p.m. (prevailing Eastern Time)**
**Hearing Date (if necessary): April 25, 2012 at 9:45 a.m. (prevailing Eastern Time)**

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 607-7984
Marshall S. Huebner
Damian S. Schaible
Darren S. Klein

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | Chapter 11 |
| **PINNACLE AIRLINES CORP.**, *et al.*, | Case No. 12-11343 (REG) |
| | **(Jointly Administered)** |
| **Debtors.** | |

# MOTION FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING PROCEDURES FOR COMPROMISE AND SETTLEMENT OF CERTAIN CLAIMS, LITIGATIONS AND CAUSES OF ACTION

## TABLE OF CONTENTS

PAGE

Relief Requested ............................................................................................................... 1

Background and Jurisdiction............................................................................................. 1

Basis for Relief ................................................................................................................. 2

    A.    The Settlement Procedures ...................................................................... 3

    B.    Debtors' Ability to Consent to Relief from the Automatic Stay in
        Particular Circumstances ........................................................................ 7

Applicable Authority ........................................................................................................ 8

Notice................................................................................................................................ 9

No Previous Request......................................................................................................... 10

## TABLE OF AUTHORITIES

PAGE

### Cases

*In re Check Reporting Serv., Inc.*, 137 B.R. 653 (Bankr. W.D. Mich. 1992).................... 8

*In re Delta Air Lines, Inc.*, No. 05-17923 (ASH) (Bankr. S.D.N.Y. Oct. 12, 2006). ......... 8

*In re Frontier Airlines Holdings, Inc.*, No. 08-11298 (RDD) (Bankr. S.D.N.Y.
Jun. 23, 2008)............................................................................................................ 8

*In re Star Tribune Holdings Corp.*, No. 09-10244 (RDD) (Bankr. S.D.N.Y.
Aug. 3, 2009) ............................................................................................................ 8

*Magill v. Springfield Marine Bank (In re Heissinger Resources Ltd.)*, 67 B.R. 378
(C.D. Ill. 1986)......................................................................................................... 9

*Northview Motors, Inc. v. Chrysler Motors Corp.*, 186 F.3d 346 (3d Cir. 1999).............. 8

*Thomas v. Fallon (In re Chicago Rapid Transit Co.)*, 196 F.2d 484 (7th Cir. 1952)......... 9

### Statutes and Rules

11 U.S.C. § 101(31) ........................................................................................................ 7

11 U.S.C. § 105............................................................................................................... 2

11 U.S.C. § 362............................................................................................................... 7

11 U.S.C. § 363............................................................................................................... 2

11 U.S.C. § 363(b)........................................................................................................... 8

11 U.S.C. § 502............................................................................................................... 2

11 U.S.C. § 503(b)(2) ..................................................................................................... 7

11 U.S.C. § 503(b)(3) ..................................................................................................... 7

11 U.S.C. § 503(b)(4) ..................................................................................................... 7

11 U.S.C. § 503(b)(5) ..................................................................................................... 7

11 U.S.C. § 503(b)(6) ..................................................................................................... 7

11 U.S.C. § 1107(a) .............................................................................................. 1

11 U.S.C. § 1108 .................................................................................................. 1

28 U.S.C. § 157(b) ............................................................................................... 2

28 U.S.C. § 1334 ................................................................................................. 2

28 U.S.C. § 1408 ................................................................................................. 2

28 U.S.C. § 1409 ................................................................................................. 2

Bankruptcy Rule 1015(b) ...................................................................................... 1

Bankruptcy Rule 9019 .......................................................................................... 8

Bankruptcy Rule 9019(b) .................................................................................. 3, 8

Pinnacle Airlines Corp. and its subsidiaries that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") respectfully represent:

<u>**Relief Requested**</u>

1.      By this motion (the "**Motion**"), the Debtors seek entry of an order in the form attached hereto as Exhibit A authorizing and approving the procedures outlined below (the "**Settlement Procedures**") to allow the Debtors to compromise and settle certain existing, pending, threatened or contemplated claims, litigations and causes of action, both prepetition and postpetition, including, but not limited to, prepetition claims threatened or brought against one or more of the Debtors or their estates in judicial, administrative, arbitral or other actions or proceedings (together, the "**Claims**").

<u>**Background and Jurisdiction**</u>

2.      On April 1, 2012 (the "**Petition Date**"), each Debtor commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      These cases are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and the Court's Joint Administration Order entered on April 2, 2012 [ECF No. 31].

4.      Additional information about the Debtors' businesses and the events leading up to the Petition Date can be found in the Declaration of John Spanjers, Pinnacle Airline Corp.'s Executive Vice President and Chief Operating Officer, as filed on April 1, 2012 [ECF No. 3], which is incorporated herein by reference.

5.      The Court has subject matter jurisdiction to consider this matter pursuant

to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and may

be determined by the Bankruptcy Court. Venue is proper before this Court pursuant to

28 U.S.C. §§ 1408 and 1409.

**Basis for Relief**

6.      Through the Settlement Procedures, the Debtors seek to establish an

orderly and cost-effective process for resolving certain Claims that will minimize the

administrative burdens on the Debtors' estates and this Court, while preserving the

oversight function of the key parties in interest.

7.      In the course of the Debtors' operation of their businesses, disputes arise

between the Debtors and other parties concerning a variety of matters. These disputes

include, but are not limited to, contract claims, tort claims, claims of governmental

agencies regarding environmental, health, safety, aviation, employment, immigration and

other regulations and disputes regarding accounts receivable and payable with parties that

do business with the Debtors. The Debtors' chapter 11 filings left many suppliers and

vendors with unpaid prepetition payables. The Debtors expect to confront numerous

litigation claims and hundreds or thousands of non-litigation claims in these cases, many

of which could be settled with *de minimis* allowed claims or payments.

8.      Settlement of certain types of Claims is in the ordinary course of the

Debtors' businesses. However, out of an abundance of caution and in order to provide

certainty to the Debtors' estates and the relevant counter-parties, the Debtors seek

authority from this Court pursuant to sections 105, 363 and 502 of the Bankruptcy Code

2

and Bankruptcy Rule 9019(b) to resolve certain Claims without further notice or hearing,
except as provided by the Settlement Procedures.

9.     Absent the relief proposed herein, the Debtors might be required to seek
specific court approval for every proposed Claim settlement. This would require drafting
and filing individual pleadings and providing parties with an opportunity for a hearing
with respect to each Claim. Resolving all Claims in this manner would be extraordinarily
expensive, burdensome and inefficient for all parties, and particularly burdensome on the
Court's docket. Indeed, the costs of obtaining such court approval would significantly
reduce the benefits of many of these settlements and thereby discourage the Debtors from
seeking such settlements in the first place.

10.     To aid the Debtors' efforts to reduce expenses, maximize the value of their
estates and promote judicial economy, the Debtors respectfully request that the Court
approve and authorize the Settlement Procedures set forth below.

A.     **The Settlement Procedures**

11.     The Debtors seek to implement the following tiered settlement process
with respect to Claims brought by the Debtors against any non-insider third parties (each
a "**Settling Party**") or by a Settling Party against any of the Debtors. The tiered
settlement process is based upon (i) the settlement amount, (ii) the difference between the
settlement amount and the Debtors' best estimate of the actual amount of the Claim (the
"**Claim Variance**") and (iii) the Debtors' ability to make *de minimis* cash payments to
settle certain postpetition Claims asserted against the Debtors.

12.     The Debtors propose the following three-tiered settlement process:

Tier I: (i) With respect to prepetition Claims, the Debtors, in their sole
discretion, may enter into, execute and consummate written agreements of

3

settlement with Settling Parties that will be binding on the Debtors and their estates without further action by this Court or notice to any party and (A) grant such Settling Parties allowed prepetition claims in amounts not to exceed $150,000 per Claim or (B) grant such Settling Parties allowed prepetition claims in amounts exceeding $150,000 but not exceeding $1,000,000 per Claim if the Claim Variance is a Permitted Variance,[1] in each case in full settlement of such Claims and (ii) with respect to postpetition Claims, the Debtors, in their sole discretion, may enter into, execute and consummate written agreements of settlement with Settling Parties that will be binding on the Debtors and their estates without further action by this Court or notice to any party and grant such Settling Parties cash payments or allowed administrative claims in amounts not to exceed $100,000 in full settlement of such Claims.

Tier II: (i) With respect to prepetition Claims, the Debtors, in their sole discretion, may enter into, execute and consummate written agreements of settlement with Settling Parties that will be binding on the Debtors and their estates without further action by this Court or notice to any party and (A) grant such Settling Parties allowed prepetition claims in amounts exceeding $150,000 (where the Claim Variance is not a Permitted Variance) but not exceeding $1,000,000 per Claim or (B) grant such Settling Parties allowed prepetition claims in amounts exceeding $1,000,000 but not exceeding $5,000,000 per Claim if the Claim Variance is a Permitted Variance, in each case in full settlement of such Claims and (ii) with respect to postpetition Claims, the Debtors, in their sole discretion, may enter into, execute and consummate written agreements of settlement with Settling Parties that will be binding on the Debtors and their estates without further action by this Court or notice to any party and grant such Settling Parties cash payments or allowed administrative claims in amounts exceeding $100,000 but not exceeding $500,000 per Claim in full settlement of such Claims; *provided*, in each case, that the Debtors (a) must provide notice of the terms of any such settlement to (x) the Office of the United States Trustee (the "**U.S. Trustee**") for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 Attn: Elisabetta G. Gasparini and Susan D. Golden and (y) attorneys for any official committee of unsecured creditors then appointed in these cases (collectively the "**Notice Parties**") and (b) must not actually receive a written objection to such proposed settlement (addressed to the proposed attorneys for the Debtors, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017, Attn: Darren S. Klein) by 4:00 p.m. (prevailing Eastern Time) by the day that is 10 calendar days from the date the Debtors provided such written

---

[1] For purposes of the Claims Settlement Procedures, a Permitted Variance is a Claim Variance that is less than the greater of (a) $150,000 and (b) 10 percent of the settlement amount. For the avoidance of doubt, prepetition claims include Claims given statutory priority pursuant to the Bankruptcy Code.

notice. If the Debtors receive an objection from a Notice Party, the parties will confer and attempt to resolve any differences. Failing that, the Debtors may petition the Court for approval of the settlement in accordance with the Case Management Order #1 entered on April 2, 2012 [ECF No. 32] (the "**Court's CMO**") or the Order Granting Debtors' Motion for an Order Establishing Certain Notice, Case Management and Administrative Procedures entered on April 3, 2012 [ECF No. 42] (the "**Debtors' CMO**" and, together with the Court's CMO, the "**Case Management Orders**"). An objection by a Notice Party with respect to a given Tier II settlement shall not delay the finality or effectiveness of any other settlement to which an objection has not timely been delivered.

Tier III: (i) With respect to prepetition Claims, the Debtors, in their sole discretion, may enter into, execute and consummate written agreements of settlement with Settling Parties that will be binding on the Debtors and their estates without further action by this Court or notice to any party and (A) grant such Settling Parties allowed prepetition claims in amounts exceeding $1,000,000 per Claim (where the Claim Variance is not a Permitted Variance) or (B) grant such Settling Parties allowed prepetition claims in amounts exceeding $5,000,000 per Claim if the Claim Variance is a Permitted Variance, in each case in full settlement of such Claims and (ii) with respect to postpetition Claims, the Debtors, in their sole discretion, may enter into, execute and consummate written agreements of settlement with Settling Parties that will be binding on the Debtors and their estates without further action by this Court or notice to any party and grant such Settling Parties cash payments or allowed administrative claims in amounts exceeding $500,000 per Claim in full settlement of such Claims; *provided*, in each case, that (a) the Debtors must file a notice of settlement with the Court and serve the notice of settlement on the Core Parties (as defined in the Debtors' CMO) and the relevant settlement counterparties and (b) there must be no objection to such settlement properly filed and served by 4:00 p.m. (prevailing Eastern Time) on the day that is 10 calendar days from the date the notice of settlement is filed (the "**Objection Deadline**"). An objection will be considered properly filed and served only if it is filed with the Court and actually received by the following parties on or before the Objection Deadline: (i) the Chambers of the Honorable Robert E. Gerber, United States Bankruptcy Judge, One Bowling Green, New York, NY 10004, (ii) the attorneys for the Debtors, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017, Attn: Darren S. Klein and (iii) attorneys for any official committee of unsecured creditors then appointed in these cases. If a Tier III settlement is properly filed and served by the Debtors and no objections are properly filed and served by the Objection Deadline, then at such time a Tier III settlement covered by this paragraph shall immediately become final and effective without any further action by the Court. If an objection is timely filed and received, the parties will confer

5

and attempt to resolve any differences. Failing that, the Debtors may petition the Court for approval of the settlement in accordance with the Case Management Orders. The filing of an objection with respect to a given Tier III settlement shall not delay the finality or effectiveness of any other settlement to which an objection has not timely been filed and served.

13.    With respect to any proofs of claim that are settled pursuant to these Settlement Procedures, the Debtors shall so represent in writing to the Debtors' authorized claims and noticing agent, Epiq Bankruptcy Solutions, LLC ("**Epiq**"). If applicable, Epiq shall be authorized and directed to amend the claims register accordingly without further order of the Court with such changes as may be agreed by the parties thereto.

14.    The Debtors further propose that they be authorized in their discretion, but not directed, to enter into settlement agreements substantially in the form attached hereto as Exhibit B with respect to settled Claims. For the avoidance of doubt, the Debtors propose that they be authorized to settle claims where some or all of the consideration is being provided by a third party and/or where the Debtors are releasing claims against creditors or third parties provided the Debtors otherwise comply with the Settlement Procedures.

15.    The Debtors represent that no settlement will be agreed to by the Debtors unless it is reasonable, in the sole discretion of the Debtors, and upon consideration of: (a) the probability of success if the Claim were to be litigated, arbitrated or otherwise resolved, (b) the complexity, expense and likely duration of any litigation, arbitration or resolution, (c) other factors relevant to assessing the settlement and (d) the fairness of the settlement vis-à-vis the Debtors' estates, creditors and shareholders. In addition, these Settlement Procedures will not apply to settlements that involve (a) any claims on

6

account of postpetition professional fees incurred by any professional retained in the

Debtors' chapter 11 cases, (b) any claims arising under or based on sections 503(b)(2),

503(b)(3), 503(b)(4), 503(b)(5), or 503(b)(6) of the Bankruptcy Code, (c) the U.S.

Trustee's fees, or (d) any claims of an "insider," as defined in section 101(31) of the

Bankruptcy Code.

16.    These Settlement Procedures are without prejudice to the right of the

Debtors to seek an order of this Court approving additional or different procedures with

respect to specific claims or categories of claims.

**B.    Debtors' Ability to Consent to Relief from the Automatic Stay in Particular Circumstances**

17.    The Debtors further propose that they be authorized but not required to

agree to the modification of the automatic stay of section 362 of the Bankruptcy Code

without further court approval to allow entities to continue prosecuting litigation on

account of which the Debtors have (or may have or are believed to have) insurance

coverage; *provided, however,* that at a minimum each relevant litigation claimant:

(a) waives all related claims against the Debtors, their estates and persons and entities

related thereto and (b) agrees to enforce any litigation claim (and any judgment on

account of such claim) solely against applicable insurance proceeds, if any. The Debtors

propose that they be permitted to submit to the Court an executed stipulation substantially

in the form attached hereto as Exhibit C evidencing any such agreements to modify the

automatic stay and that the stipulations so submitted be eligible to be entered by the

Court with no further notice to any party or hearing and be effective immediately upon

entry by the Court thereof.

### Applicable Authority

18.     A settlement of a claim by a debtor constitutes a sale of property of the estate. *See Northview Motors, Inc. v. Chrysler Motors Corp.*, 186 F.3d 346, 350-51 (3d Cir. 1999). If a settlement is outside of the ordinary course of business of the debtor, it requires approval by the bankruptcy court pursuant to section 363(b) of the Bankruptcy Code, after notice and a hearing as required by Bankruptcy Rule 9019. *Id.*

19.     Bankruptcy Rule 9019(b) expressly empowers the Court to approve procedures for the settlement of classes of controversies by a debtor in possession: "[a]fter a hearing . . . the court may fix a class or classes of controversies and authorize the trustee to compromise or settle controversies within such class or classes without further hearing or notice." The rule requires that the proposed procedures be reasonable. *See In re Check Reporting Serv., Inc.*, 137 B.R. 653 (Bankr. W.D. Mich. 1992).

20.     The Settlement Procedures are reasonable and appropriate based on the size of the Debtors' operations and the dollar amounts of the disputes the Debtors seek authority to resolve. Claims settlement procedures similar to those proposed herein have routinely been approved by courts in other large chapter 11 cases. *See, e.g., In re Star Tribune Holdings Corp.*, No. 09-10244 (RDD) (Bankr. S.D.N.Y. Aug. 3, 2009); *In re Frontier Airlines Holdings, Inc.*, No. 08-11298 (RDD) (Bankr. S.D.N.Y. Jun. 23, 2008); *In re Delta Air Lines, Inc.*, No. 05-17923 (ASH) (Bankr. S.D.N.Y. Oct. 12, 2006).

21.     Approval of the Settlement Procedures is in the best interests of the Debtors and their estates and will not unduly prejudice the rights of any parties herein. The Settlement Procedures will encourage resolution of Claims, thereby eliminating unnecessary expenditures of time and money with respect to disputes. Courts recognize

8

the general rule in bankruptcy cases and other litigation that "[s]ettlement is intended to conserve [scarce judicial] resources, and is therefore encouraged." *Magill v. Springfield Marine Bank (In re Heissinger Resources Ltd.)*, 67 B.R. 378, 382 (C.D. Ill. 1986); *see also Thomas v. Fallon (In re Chicago Rapid Transit Co.)*, 196 F.2d 484, 490 (7th Cir. 1952) ("We fully realize the desirability of settling claims without resort to litigation in bankruptcy matters . . . where any reasonable basis for compromise settlements appears they should be encouraged.").

22.     Seeking separate court approval for each and every Claim settlement covered by the Settlement Procedures would be unduly burdensome on the Court and a drain on the time and other resources of the Debtors and their counsel. The expense of such a practice would significantly reduce the benefits of many of these settlements. Thus, after careful analysis and in the exercise of their sound business judgment, the Debtors have determined and respectfully submit that for purposes of judicial efficiency and maximizing the value of the Debtors' estates, the Settlement Procedures should be approved.

### Notice

23.     Consistent with the Case Management Orders, the Debtors will serve notice of this Motion on (a) the Core Parties and (b) the Non-ECF Service Parties (as those terms are defined in the Debtors' CMO). All parties who have requested electronic notice of filings in these cases through the Court's ECF system will automatically receive notice of this motion through the ECF system no later than the day after its filing with the Court. A copy of this motion and any order approving it will also be made available on the Debtors' Case Information Website (located at http://dm.epiq11.com/Pinnacle). In

9

light of the relief requested, the Debtors submit that no further notice is necessary.

Pursuant to paragraph 22 of the Debtors' CMO, if no objections are timely filed and

served in accordance therewith, the relief requested herein may be entered without a

hearing.

## No Previous Request

24.    No previous request for the relief sought herein has been made by the

Debtors to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court grant the

relief requested herein and such other and further relief as is just and proper.

Dated:    New York, New York
          April 10, 2012

By:    /s/ Damian S. Schaible
       Marshall S. Huebner
       Damian S. Schaible
       Darren S. Klein

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone:  (212) 450-4000
Facsimile:  (212) 607-7984

*Proposed Counsel to the Debtors
and Debtors in Possession*

10

# EXHIBIT A3

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ x
                                      :
In re:                                :
                                      :    **Chapter 11 Case No.**
                                      :
**FRONTIER AIRLINES**                 :    **08-11298 (RDD)**
**HOLDINGS, INC. et al.,**            :
                                      :    **(Jointly Administered)**
                                      :
Debtors.                              :
                                      :
------------------------------------ x

### ORDER AUTHORIZING AND APPROVING PROCEDURES FOR COMPROMISE AND SETTLEMENT OF CERTAIN CLAIMS, LITIGATIONS AND CAUSES OF ACTION

Upon the motion (the "**Motion**")[1] of Frontier Airlines Holdings,

Inc. and its two subsidiaries that are debtors and debtors in possession in these

proceedings (collectively, the "**Debtors**")[2] for an order authorizing and approving

procedures to compromise and settle certain existing, pending, threatened or

contemplated claims, litigations and causes of action, both pre-petition and post-

petition, including, but not limited to, pre-petition claims threatened or brought

against one or more of the Debtors or their estates in judicial, administrative,

arbitral or other actions or proceeding, as more fully described in the Motion; and

the Court having jurisdiction to consider the Motion and the relief requested

therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral

of Cases to Bankruptcy Court Judges of the District Court for the Southern

---

[1] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to it in the Motion.

[2] The Debtors are the following entities: Frontier Airlines Holdings, Inc.; Frontier Airlines, Inc.; and Lynx Aviation, Inc.

District of New York dated July 19, 1984 (Ward, Acting C.J.); and consideration

of the Motion and the relief requested therein being a core proceeding pursuant to

28 U.S.C. § 157(b); and venue being proper before this Court pursuant to

28 U.S.C. §§ 1408 and 1409; and there being no objections to the Motion; and

due and proper notice of the Motion having been provided; and the relief

requested in the Motion as modified hereby being in the best interests of the

Debtors and their estates and creditors; and the Court having reviewed the

Motion; and the Court having determined that the legal and factual bases set forth

in the Motion establish just cause for the relief granted herein; and upon all of the

proceedings had before the Court and after due deliberation and sufficient cause

appearing therefor, it is

ORDERED that the relief requested in the Motion is hereby

granted as provided herein; and it is further

ORDERED that the Debtors are authorized, but not directed, to

compromise and settle certain existing, pending, threatened or contemplated

claims, litigations and causes of action, both pre-petition and post-petition,

including, but not limited to, pre-petition claims threatened or brought against one

or more of the Debtors or their estates in judicial, administrative, arbitral or other

actions or proceedings (together, the **"Claims"**) in accordance with the following

three-tiered procedures (the **"Settlement Procedures"**). The Settlement

Procedures are based upon (i) the settlement amount, (ii) the difference between

the Debtors' best estimate of the actual amount of the Claim and the settlement

2

amount (the "**Claim Variance**") and (iii) the Debtors' ability to make de minimis

cash payments to settle certain post-petition Claims asserted against the Debtors.

> Tier I: (i) With respect to pre-petition Claims, the Debtors, in their sole discretion, may enter into, execute and consummate written agreements of settlement with Settling Parties that will be binding on the Debtors and their estates without further action by this Court or notice to any party and (A) grant such Settling Parties allowed non-priority pre-petition claims in amounts not to exceed $150,000 per Claim or (B) grant such Settling Parties allowed non-priority pre-petition claims in amounts exceeding $150,000 but not exceeding $1,000,000 per Claim if the Claim Variance is a Permitted Variance, [3] in each case in full settlement of such Claims and (ii) with respect to priority and post-petition Claims, the Debtors, in their sole discretion, may enter into, execute and consummate written agreements of settlement with Settling Parties that will be binding on the Debtors and their estates without further action by this Court or notice to any party and grant such Settling Parties allowed priority claims, allowed administrative claims, or cash payments in amounts not to exceed $100,000, in each case in full settlement of such Claims.

> Tier II: (i) With respect to non-priority pre-petition Claims, the Debtors, in their sole discretion, may enter into, execute and consummate written agreements of settlement with Settling Parties that will be binding on the Debtors and their estates without further action by this Court or notice to any party and (A) grant such Settling Parties allowed non-priority pre-petition claims in amounts exceeding $150,000 (where the Claim Variance is not a Permitted Variance) but not exceeding $1,000,000 per Claim or (B) grant such Settling Parties allowed non-priority pre-petition claims in amounts exceeding $1,000,000 but not exceeding $5,000,000 per Claim if the Claim Variance is a Permitted Variance, in each case in full settlement of such Claims and (ii) with respect to priority and post-petition Claims, the Debtors, in their sole discretion, may enter into, execute and consummate written agreements of settlement with Settling Parties that will be binding on the Debtors and their estates without further action by this Court or notice to any party and grant such Settling Parties allowed priority claims, allowed administrative claims, or cash payments in amounts exceeding $100,000 but not exceeding

---

[3] For purposes of the Claims Settlement Procedures, a Permitted Variance is a Claim Variance that is less than the greater of (a) $150,000 and (b) ten (10) percent of the settlement amount.

$500,000 per Claim, in each case in full settlement of such Claims; *provided*, in each case, that the Debtors (a) must provide notice of the terms of any such settlement to (x) the United States Trustee and (y) the attorneys for the statutory committee of unsecured creditors (the "**Committee**"), Wilmer Cutler Pickering Hale & Dorr LLP, 399 Park Avenue, New York, New York 10022, Attn: Andrew N. Goldman and James H. Millar (collectively the "**Notice Parties**") as provided herein, and (b) must not actually receive (in conformity with the Order Establishing Certain Notice, Case Management and Administrative Procedures entered by the Court on May 2, 2008 (the "**Case Management Order**")) a written objection to such proposed settlement (addressed to the attorneys for the Debtors, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017, Attn: Damian S. Schaible) by 4:00 p.m. (prevailing Eastern Time) by the day that is ten calendar days from the date the Debtors provided such written notice. If the Debtors receive an objection from a Notice Party, the parties will confer and attempt to resolve any differences. Failing that, the Debtors may petition the Court for approval of the settlement in accordance with the Case Management Order. An objection by a Notice Party with respect to a given Tier II settlement shall not delay the finality or effectiveness of any other settlement to which an objection has not timely been delivered.

Tier III: (i) With respect to pre-petition Claims, the Debtors, in their sole discretion, may enter into, execute and consummate written agreements of settlement with Settling Parties that will be binding on the Debtors and their estates without further action by this Court or notice to any party and (A) grant such Settling Parties allowed non-priority pre-petition claims in amounts exceeding $1,000,000 per Claim (where the Claim Variance is not a Permitted Variance), or (B) grant such Settling Parties allowed non-priority pre-petition claims in amounts exceeding $5,000,000 per Claim if the Claim Variance is a Permitted Variance, in each case in full settlement of such Claims and (ii) with respect to priority and post-petition Claims, the Debtors, in their sole discretion, may enter into, execute and consummate written agreements of settlement with Settling Parties that will be binding on the Debtors and their estates without further action by this Court or notice to any party and grant such Settling Parties allowed priority claims, allowed administrative claims or cash payments in amounts exceeding $500,000 per Claim, in each case in full settlement of such Claims; *provided*, in each case, that (a) the Debtors must file a notice of settlement with the Court and serve the notice of settlement on the Core Parties (as defined in the Case Management Order) and the relevant settlement counterparties as provided herein and (b) there must be no objection to such

4

settlement properly filed and served by 4:00 p.m. (prevailing
Eastern Time) on the day that is 10 calendar days from the date the
notice of settlement is filed (the "**Objection Deadline**"). An
objection will be considered properly filed and served only if it is
filed with the Court, One Bowling Green, New York, NY 10004
and actually received in conformity with the Case Management
Order by the following parties on or before the Objection
Deadline: (i) the Chambers of the Honorable Robert D. Drain,
United States Bankruptcy Judge, One Bowling Green, New York,
NY 10004, (ii) the attorneys for the Debtors, Davis Polk &
Wardwell, 450 Lexington Avenue, New York, New York 10017,
Attn: Damian S. Schaible and (iii) the attorneys for the Committee,
Wilmer Cutler Pickering Hale & Dorr LLP, 399 Park Avenue,
New York, New York 10022, Attn: Andrew N. Goldman, Esq. and
James H. Millar, Esq. If a Tier III settlement is properly filed and
served by the Debtors and no objections are properly filed and
served by the Objection Deadline, then at such time a Tier III
settlement covered by this paragraph shall immediately become
final and effective without any further action by the Court. If an
objection is timely filed and received, the parties will confer and
attempt to resolve any differences. Failing that, the Debtors may
petition the Court for approval of the settlement in accordance with
the Case Management Order. The filing of an objection with
respect to a given Tier III settlement shall not delay the finality or
effectiveness of any other settlement to which an objection has not
timely been filed and served; and it is further

ORDERED that each notice of a proposed Tier II or Tier III

settlement described herein shall briefly state the Debtors' basis for entering into

the settlement in light of (a) the estimated amount actually in controversy, (b) the

probability of the Debtors' success if the issues were to be litigated or not

otherwise resolved by the settlement, (c) the fairness of the settlement vis-a-vis

the Debtors' estate, creditors and shareholders, including any issues pertaining to

the priority of the proposed treatment of the Claim in relation to any similarly

situated Claims or senior Claims, and any conditions to the effectiveness of the

settlement, (d) the complexity, expense and likely duration of any future

5

litigation, arbitration or resolution, and (e) any other material factors relevant to assessing the settlement; and it is further

ORDERED that the Debtors shall provide counsel for the Committee, no less frequently than on a monthly basis, with a summary of any Tier I settlements previously entered into; and it is further

ORDERED that the Settlement Procedures shall not apply to any Claim that arises out of a security agreement for, a lease of, or a conditional sale contract with respect to aircraft, aircraft engines, propellers, appliances or spare parts as such terms are used in section 1110 of the Bankruptcy Code; and it is further

ORDERED that the Settlement Procedures shall not apply to the proposed settlement of any Claim of or dispute with an "insider" as such term is defined in 11 U.S.C. § 101(31); and it is further

ORDERED that the Debtors are authorized in their sole discretion, but not directed, to enter into settlement agreements substantially in the form attached as Exhibit B to the Motion with respect to settled Claims; and it is further

ORDERED that if the Debtors comply with the Settlement Procedures and enter into a settlement agreement substantially in the form of Exhibit B to the Motion and the non-debtor party to the settlement nevertheless requires additional notice and a hearing, such party shall bear the estates' cost of such notice and hearing, subject to written waiver by Debtors; and it is further

ORDERED that, with respect to any proofs of claim that are settled pursuant to these Settlement Procedures, the Debtors shall so represent in writing

6

to the Debtors' authorized claims and noticing agent, Epiq Bankruptcy Solutions, LLC ("**Epiq**") and Epiq shall be authorized and directed to amend the claims register accordingly without further Order of the Court; and it is further

ORDERED that the Debtors are authorized but not required to agree to the modification of the automatic stay of section 362 of the Bankruptcy Code without further Court approval to allow claimants to commence or continue prosecuting litigation on account of which the Debtors have (or may have or are believed to have) insurance coverage; *provided, however,* that at a minimum each relevant litigation claimant: (a) waives all related claims against the Debtors and their estates and (b) agrees to enforce any litigation claim (and any judgment on account of such claim) solely against applicable insurance proceeds, if any. To modify the automatic stay, the Debtors shall file an executed stipulation in the form attached as Exhibit C to the Motion evidencing such agreement, which can be entered immediately by the Court with no further notice to any party; *provided* that the Debtors shall promptly report to counsel for the Committee whether, based on reasonable projections, aggregate Claims covered by any applicable insurance are likely to exceed the available insurance limits; and it is further

ORDERED that the automatic stay is hereby modified (to the extent it is applicable) to permit the Debtor's insurers to pay settled or adjudicated Claims and defense costs related to any Claim, whether incurred pre- or post-petition, in accordance with the terms and conditions of the applicable insurance policies, and subject to all rights, remedies and defenses of the Debtors and any insurer, all of which are preserved pursuant to this Order; and it is further

7

ORDERED that nothing in this Order shall be construed to impact, impair, affect, determine, release, waive, modify, limit or expand: (i) the terms and conditions of any insurance policy; (ii) any of the rights, remedies, defenses to coverage or other defenses of any insurer under or in respect of any insurance policy (including the right of any insurer to disclaim coverage); or (iii) any claim or payment right of any insurer against any of the Debtors including, but not limited to, any claim or payment right for, on account of, arising from or related to any premium, deductible, reimbursement, self-insured retention or otherwise. All rights, remedies, defenses, defenses to coverage, claims and payment rights of the Debtors' insurers are expressly preserved, including but not limited to any right to receive notice, participate in the resolution of a controversy, decide upon or approve the resolution of a controversy, and all rights of subrogation and contribution; and it is further

ORDERED that nothing in this Order shall be construed to authorize the Debtors to act on behalf of or as an agent for any insurer of the Debtors; and it is further

ORDERED that the Settlement Procedures are without prejudice to the right of the Debtors to seek an order of this Court approving additional or different procedures with respect to specific claims or categories of claims; and it is further

ORDERED that notwithstanding anything to the contrary contained herein, this Order shall not affect, impair, impede or otherwise alter the right of the Debtors to resolve any pre-petition or post-petition controversy arising

8

in the ordinary course of the Debtors' businesses, or resolve any controversy

authorized by any other order of the Court; and it is further

ORDERED that nothing in this Order or the Motion shall

constitute a determination or admission of liability or of the validity or priority of

any claim against the Debtors, and the Debtors reserve their rights to dispute the

validity or priority of any claim asserted; and it is further

ORDERED that nothing in this Order or the Motion shall

constitute an approval, assumption or rejection of any agreement, contract or

lease; and it is further

ORDERED that the authority granted in this Order shall not

replace or obviate the Debtors' internal procedures, legal or otherwise, for

authorizing the settlements contemplated in this Motion; and it is further

ORDERED that any period prescribed or allowed by these

Procedures shall be computed in accordance with Bankruptcy Rule 9006; and it is

further

ORDERED that this Court shall retain jurisdiction with respect to

any matters or disputes arising from or related to this Order; and it is further

ORDERED that notwithstanding the possible applicability of

Bankruptcy Rules 2002(a)(3), 6004(h), 7062 or 9014, the terms and conditions of

this Order shall be immediately effective and enforceable upon its entry.

Dated:    June 23, 2008
          New York, New York

/s/ Robert D. Drain
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

9

# EXHIBIT A4

Objection Deadline: June 18, 2008 at 4:00 p.m. (prevailing Eastern Time)
Hearing Date (if necessary): June 26, 2008 at 10:00 a.m. (prevailing Eastern Time)

DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 450-6501
Marshall S. Huebner
Timothy E. Graulich
Damian S. Schaible
Hugh R. McCullough

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |
|---|---|
| **In re:** | : |
|  | : **Chapter 11 Case No.** |
|  | : |
| **FRONTIER AIRLINES** | : **08-11298 (RDD)** |
| **HOLDINGS, INC. et al.,** | : |
|  | : **(Jointly Administered)** |
|  | : |
| **Debtors.** | : |
|  | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### MOTION FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING PROCEDURES FOR COMPROMISE AND SETTLEMENT OF <u>CERTAIN CLAIMS, LITIGATIONS AND CAUSES OF ACTION</u>

Frontier Airlines Holdings, Inc. and its two subsidiaries that are debtors and

debtors in possession in these proceedings (collectively, the "**Debtors**"),[1] respectfully

represent:

---

[1] The Debtors are the following entities: Frontier Airlines Holdings, Inc.; Frontier Airlines, Inc.; and Lynx Aviation, Inc. The employer tax identification numbers and addresses for each of the Debtors are set forth in the Debtors' chapter 11 petitions.

### Background and Jurisdiction

1.       On April 10, 2008, each Debtor commenced with this Court a voluntary

case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

The Debtors are authorized to operate their businesses and manage their properties as

debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

The Debtors' cases are being jointly administered pursuant to Rule 1015(b) of the Federal

Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

2.       The Court has subject matter jurisdiction to consider this matter pursuant

to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and may

be determined by the Bankruptcy Court. Venue is proper before this Court pursuant to

28 U.S.C. §§ 1408 and 1409.

### Relief Requested

3.       By this motion (the "**Motion**"), the Debtors seek entry of an order in the

form attached hereto as Exhibit A authorizing and approving the procedures outlined

below (the "**Settlement Procedures**") to allow the Debtors to compromise and settle

certain existing, pending, threatened or contemplated claims, litigations and causes of

action, both pre-petition and post-petition, including, but not limited to, pre-petition

claims threatened or brought against one or more of the Debtors or their estates in

judicial, administrative, arbitral or other actions or proceedings (together, the "**Claims**").[2]

---

[2] The Debtors are not seeking to apply the Settlement Procedures to any Claim that arises out of a
security agreement for, a lease of, or a conditional sale contract with respect to aircraft, aircraft engines,
propellers, appliances or spare parts as such terms are used in section 1110 of the Bankruptcy Code.

2

### Basis for Relief

4.    Through the Settlement Procedures, the Debtors seek to establish an orderly and cost-effective process for resolving certain Claims that will minimize the administrative burdens on the Debtors' estates and this Court, while preserving the oversight function of the key parties in interest.

5.    In the course of the Debtors' operation of their businesses, disputes arise between the Debtors and other parties concerning a variety of matters. These disputes include, but are not limited to, tort claims, claims of governmental agencies regarding environmental, health, safety, aviation, zoning and other regulations and disputes regarding accounts receivable and payable with parties that do business with the Debtors. The Debtors' chapter 11 filings left many suppliers and vendors with unpaid pre-petition payables. The Debtors expect to confront numerous litigation claims and hundreds or thousands of non-litigation claims in these cases, many of which could be settled with de minimis allowed claims or payments.

6.    Settlement of certain types of Claims is in the ordinary course of the Debtors' businesses. However, out of an abundance of caution and in order to provide certainty to the Debtors' estates and the relevant counter-parties, the Debtors seek authority from this Court pursuant to sections 105, 363 and 502 of the Bankruptcy Code and Bankruptcy Rule 9019(b) to resolve certain Claims without further notice or hearing, except as provided by the Settlement Procedures.

7.    Absent the relief proposed herein, the Debtors might be required to seek specific court approval for every proposed Claim settlement. This would require drafting and filing individual pleadings and providing parties with an opportunity for a hearing with respect to each Claim. Resolving all Claims in this manner would be extraordinarily

3

expensive, burdensome and inefficient for all parties, and particularly burdensome on the Court's docket. Indeed, the costs of obtaining such court approval would significantly reduce the benefits of many of these settlements and thereby discourage the Debtors from seeking such settlements in the first place.

8.    To aid the Debtors' efforts to reduce expenses, maximize the value of their estates and promote judicial economy, the Debtors respectfully request that the Court approve and authorize the Settlement Procedures set forth below.

**A.    The Settlement Procedures**

9.    The Debtors seek to implement the following tiered settlement process with respect to Claims brought by the Debtors against any non-insider third parties (each a "**Settling Party**") or by a Settling Party against any of the Debtors. The tiered settlement process is based upon (i) the settlement amount, (ii) the difference between the Debtors' best estimate of the actual amount of the Claim and the settlement amount (the "**Claim Variance**") and (iii) the Debtors' ability to make de minimis cash payments to settle certain post-petition Claims asserted against the Debtors.

10.    The Debtors propose the following three-tiered settlement process:

Tier I: (i) With respect to pre-petition Claims, the Debtors, in their sole discretion, may enter into, execute and consummate written agreements of settlement with Settling Parties that will be binding on the Debtors and their estates without further action by this Court or notice to any party and (A) grant such Settling Parties allowed pre-petition claims in amounts not to exceed $150,000 per Claim or (B) grant such Settling Parties allowed pre-petition claims in amounts exceeding $150,000 but not exceeding $1,000,000 per Claim if the Claim Variance is a Permitted Variance,[3] in each case in full settlement of such Claims and (ii) with respect to post-petition Claims, the Debtors, in their sole discretion, may enter into, execute and consummate written agreements of settlement with Settling

---

[3] For purposes of the Claims Settlement Procedures, a Permitted Variance is a Claim Variance that is less than the greater of (a) $150,000 and (b) ten (10) percent of the settlement amount.

Parties that will be binding on the Debtors and their estates without further
action by this Court or notice to any party and grant such Settling Parties
cash payments in amounts not to exceed $100,000 in full settlement of
such Claims.

Tier II: (i) With respect to pre-petition Claims, the Debtors, in their sole
discretion, may enter into, execute and consummate written agreements of
settlement with Settling Parties that will be binding on the Debtors and
their estates without further action by this Court or notice to any party and
(A) grant such Settling Parties allowed pre-petition claims in amounts
exceeding $150,000 (where the Claim Variance is not a Permitted
Variance) but not exceeding $1,000,000 per Claim or (B) grant such
Settling Parties allowed pre-petition claims in amounts exceeding
$1,000,000 but not exceeding $5,000,000 per Claim if the Claim Variance
is a Permitted Variance, in each case in full settlement of such Claims and
(ii) with respect to post-petition Claims, the Debtors, in their sole
discretion, may enter into, execute and consummate written agreements of
settlement with Settling Parties that will be binding on the Debtors and
their estates without further action by this Court or notice to any party and
grant such Settling Parties cash payments in amounts exceeding $100,000
but not exceeding $500,000 per Claim in full settlement of such Claims;
*provided*, in each case, that the Debtors (a) must provide notice of the
terms of any such settlement to (x) the United States Trustee and (y) the
attorneys for the statutory committee of unsecured creditors (the
"**Committee**"), Wilmer Cutler Pickering Hale & Dorr LLP, 399 Park
Avenue, New York, New York 10022, Attn: Andrew N. Goldman and
James H. Millar (collectively the "**Notice Parties**") and (b) must not
actually receive a written objection to such proposed settlement (addressed
to the attorneys for the Debtors, Davis Polk & Wardwell, 450 Lexington
Avenue, New York, New York 10017, Attn: Damian S. Schaible) by
4:00 p.m. (prevailing Eastern Time) by the day that is ten calendar days
from the date the Debtors provided such written notice. If the Debtors
receive an objection from a Notice Party, the parties will confer and
attempt to resolve any differences. Failing that, the Debtors may petition
the Court for approval of the settlement in accordance with the Order
Establishing Certain Notice, Case Management and Administrative
Procedures entered by the Court on May 2, 2008 (the "**Case Management
Order**"). An objection by a Notice Party with respect to a given Tier II
settlement shall not delay the finality or effectiveness of any other
settlement to which an objection has not timely been delivered.

Tier III: (i) With respect to pre-petition Claims, the Debtors, in their sole
discretion, may enter into, execute and consummate written agreements of
settlement with Settling Parties that will be binding on the Debtors and
their estates without further action by this Court or notice to any party and
(A) grant such Settling Parties allowed pre-petition claims in amounts
exceeding $1,000,000 per Claim (where the Claim Variance is not a

Permitted Variance) or (B) grant such Settling Parties allowed pre-petition claims in amounts exceeding $5,000,000 per Claim if the Claim Variance is a Permitted Variance, in each case in full settlement of such Claims and (ii) with respect to post-petition Claims, the Debtors, in their sole discretion, may enter into, execute and consummate written agreements of settlement with Settling Parties that will be binding on the Debtors and their estates without further action by this Court or notice to any party and grant such Settling Parties cash payments in amounts exceeding $500,000 per Claim in full settlement of such Claims; *provided*, in each case, that (a) the Debtors must file a notice of settlement with the Court and serve the notice of settlement on the Core Parties (as defined in the Case Management Order) and the relevant settlement counterparties and (b) there must be no objection to such settlement properly filed and served by 4:00 p.m. (prevailing Eastern Time) on the day that is 10 calendar days from the date the notice of settlement is filed (the "**Objection Deadline**"). An objection will be considered properly filed and served only if it is filed with the Court, One Bowling Green, New York, NY 10004 and actually received by the following parties on or before the Objection Deadline: (i) the Chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, New York, NY 10004, (ii) the attorneys for the Debtors, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017, Attn: Damian S. Schaible and (iii) the attorneys for the Committee, Wilmer Cutler Pickering Hale & Dorr LLP, 399 Park Avenue, New York, New York 10022, Attn: Andrew N. Goldman, Esq. and James H. Millar, Esq. If a Tier III settlement is properly filed and served by the Debtors and no objections are properly filed and served by the Objection Deadline, then at such time a Tier III settlement covered by this paragraph shall immediately become final and effective without any further action by the Court. If an objection is timely filed and received, the parties will confer and attempt to resolve any differences. Failing that, the Debtors may petition the Court for approval of the settlement in accordance with the Case Management Order. The filing of an objection with respect to a given Tier III settlement shall not delay the finality or effectiveness of any other settlement to which an objection has not timely been filed and served.

11.    With respect to any proofs of claim that are settled pursuant to these Settlement Procedures, the Debtors shall so represent in writing to the Debtors' authorized claims and noticing agent, Epiq Bankruptcy Solutions, LLC ("**Epiq**"). If applicable, Epiq shall be authorized and directed to amend the claims register accordingly without further order of the Court.

12.     The Debtors further propose that they be authorized in their discretion, but not directed, to enter into settlement agreements substantially in the form attached hereto as Exhibit B with respect to settled Claims.

13.     The Debtors represent that no settlement will be agreed to by the Debtors unless it is reasonable in the sole discretion of the Debtors upon consideration of: (a) the probability of success if the Claim were to be litigated, arbitrated or otherwise resolved, (b) the complexity, expense and likely duration of any litigation, arbitration or resolution, (c) other factors relevant to assessing the settlement and (d) the fairness of the settlement vis-à-vis the Debtors' estates, creditors and shareholders.  In addition, these Settlement Procedures will not apply to settlements that involve any "insider," as defined in section 101(31) of the Bankruptcy Code.

14.     These Settlement Procedures are without prejudice to the right of the Debtors to seek an order of this Court approving additional or different procedures with respect to specific claims or categories of claims.

**B.     Debtors' Ability to Consent to Relief from the
Automatic Stay in Particular Circumstances**

15.     The Debtors further propose that they be authorized but not required to agree to the modification of the automatic stay of section 362 of the Bankruptcy Code without further court approval to allow entities to continue prosecuting litigation on account of which the Debtors have (or may have or are believed to have) insurance coverage; *provided, however,* that at a minimum each relevant litigation claimant: (a) waives all related claims against the Debtors, their estates and persons and entities related thereto and (b) agrees to enforce any litigation claim (and any judgment on account of such claim) solely against applicable insurance proceeds, if any.  The Debtors

propose that they be permitted to submit to the Court an executed stipulation substantially

in the form attached hereto as Exhibit C evidencing any such agreements to modify the

automatic stay and that the stipulations so submitted be eligible to be entered by the

Court with no further notice to any party or hearing and be effective immediately upon

entry by the Court thereof.

### Applicable Authority

16.    A settlement of a claim by a debtor constitutes a sale of property of the

estate. *See Northview Motors, Inc. v. Chrysler Motors Corp.*, 186 F.3d 346, 350-51 (3d

Cir. 1999). If a settlement is outside of the ordinary course of business of the debtor, it

requires approval by the bankruptcy court pursuant to section 363(b) of the Bankruptcy

Code, after notice and a hearing as required by Bankruptcy Rule 9019. *Id.*

17.    Bankruptcy Rule 9019(b) expressly empowers the Court to approve

procedures for the settlement of classes of controversies by a debtor in possession:

"[a]fter a hearing . . . the court may fix a class or classes of controversies and authorize

the trustee to compromise or settle controversies within such class or classes without

further hearing or notice." The rule requires that the proposed procedures be reasonable.

*See In re Check Reporting Serv.*, Inc., 137 B.R. 653 (Bankr. W.D. Mich. 1992).

18.    The Settlement Procedures are reasonable and appropriate based on the

size of the Debtors' operations and the dollar amounts of the disputes the Debtors seek

authority to resolve. Claims settlement procedures similar to those proposed herein have

routinely been approved by courts in other large chapter 11 cases. *See, e.g., In re Delta

Air Lines Inc.* No. 05-17923 (Bankr. S.D.N.Y. Oct. 12, 2006); *Northwest Airlines Corp.*,

No. 05-17930 (Bankr. S.D.N.Y. Sept. 13, 2006); *In re Delphi Corp.*, No. 05-44481

(Bankr. S.D.N.Y. June 29, 2006); *In re Adelphia Communications Corp.*, No. 02-41729

8

(Bankr. S.D.N.Y. Feb. 9, 2004); *In re Casual Male Corp.*, No. 01-41404 (Bankr.

S.D.N.Y. Dec. 3, 2002).

19.      Approval of the Settlement Procedures is in the best interests of the

Debtors and their estates and will not unduly prejudice the rights of any parties herein.

The Settlement Procedures will encourage resolution of Claims, thereby eliminating

unnecessary expenditures of time and money with respect to disputes.  Courts recognize

the general rule in bankruptcy cases and other litigation that "[s]ettlement is intended to

conserve [scarce judicial] resources, and is therefore encouraged." *Magill v. Springfield

Marine Bank (In re Heissinger Resources Ltd.)*, 67 B.R. 378, 382 (C.D. Ill. 1986); *see

also Thomas v. Fallon (In re Chicago Rapid Transit Co.)*, 196 F.2d 484, 490 (7th Cir.

1952) ("We fully realize the desirability of settling claims without resort to litigation in

bankruptcy matters . . . where any reasonable basis for compromise settlements appears

they should be encouraged.").

20.      Seeking separate court approval for each and every Claim settlement

covered by the Settlement Procedures would be unduly burdensome on the Court and a

drain on the time and other resources of the Debtors and their counsel.  The expense of

such a practice would significantly reduce the benefits of many of these settlements.

Thus, after careful analysis and in the exercise of their sound business judgment, the

Debtors have determined and respectfully submit that for purposes of judicial efficiency

and maximizing the value of the Debtors' estates, the Settlement Procedures should be

approved.

### Notice

21.      Consistent with the procedures described in the Case Management Order,

the Debtors will serve notice of this Motion on the Core Parties and the Non-ECF Service

Parties (as those terms are defined in the Case Management Order). All parties who have requested electronic notice of filings in these cases through the Court's ECF system will automatically receive notice of this motion no later than the day after its filing with the Court. In light of the relief requested, the Debtors submit that no further notice is necessary. This Motion is procedural in nature, and the relief requested herein does not purport to alter any creditor's substantive rights. Moreover, a copy of this Motion and any Order approving it will be made available on the Debtors' Case Information Website (located at *www.frontier-restructuring.com*).

22.    Pursuant to the terms of the Case Management Order, the relief requested herein may be granted without a hearing if there are no unresolved objections that were timely filed and served in accordance with the Case Management Order.

### No Previous Request

23.    No previous request for the relief sought herein has been made by the Debtors to this or any other court

10

WHEREFORE, the Debtors respectfully request that the Court grant the

Debtors the relief requested herein and such other and further relief as is just and proper.

Dated:  New York, New York
        June 10, 2008

By:  /s/ Marshall S. Huebner
      Marshall S. Huebner
      Timothy E. Graulich
      Damian S. Schaible
      Hugh R. McCullough
      DAVIS POLK & WARDWELL
      450 Lexington Avenue
      New York, New York 10017
      Telephone:  (212) 450-4000
      Facsimile:  (212) 450-6501

      *Counsel to the Debtors*
      *and Debtors in Possession*

11