MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Lorenzo Marinuzzi

*Counsel for the Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**NOTICE OF FILING OF ORDER GRANTING GMAC MORTGAGE, LLC'S MOTION TO COMPEL ARBITRATION IN ACTION ENTITLED "CHRISTINA ULBRICH V. GMAC MORTGAGE, LLC ET AL."**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On August 14, 2011, Christina Ulbrich "(***Movant***") commenced an action entitled *Ulbrich v. GMAC Mortgage, LLC et al.*, Civ. No. 11-cv-62424-RNS (the ***"Ulbrich Action"***), currently pending in the United States District Court for the Southern District of Florida (the "***Florida Court***").

On January 13, 2012, GMAC Mortgage, LLC a motion in the Florida Court to compel arbitration and for a stay or, in the alternative, to dismiss the complaint and otherwise strike a jury demand (the "***Motion to Compel***").

ny-1058638

On July 3, 2012, Movant filed her *Motion for Relief from Automatic Stay as to GMAC Mortgage, LLC* [Docket No. 667] (the "**Motion To Lift Stay**") against Residential Capital, LLC and its affiliated debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned Chapter 11 cases (the "**Chapter 11 Cases**").

On August 7, 2012, the Debtors filed an objection to the Motion [Docket No. 1025].

On August 16, 2012, this Court entered a memorandum opinion and order denying in part and granting in part the Motion To Lift Stay [Docket No. 1193] (the "**Memorandum Opinion**"). Pursuant to the Memorandum Opinion, the relief sought in the Motion to Lift Stay was (i) granted for the limited purpose of modifying the automatic stay solely to permit the Florida Court to rule on the Motion to Compel, but (ii) otherwise denied and the automatic stay was left intact in all other respects.

**PLEASE BE ADVISED** that, consistent with this Court's Memorandum Opinion, on September 14, 2012, the Honorable Robert N. Scola, Jr. in the Florida Court issued an order granting that aspect of the Motion to Compel which seeks to the compel arbitration (the "**District Court Order**"), and directing the Debtors to file such order in the Chapter 11 Cases. A true and correct copy of the District Court Order is attached hereto as Exhibit 1.

Dated: September 19, 2012
New York, New York

*/s/ Norman S. Rosenbaum*
Gary S. Lee
Norman S. Rosenbaum
Lorenzo Marinuzzi

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Debtors*

# EXHIBIT 1

ny-1058638

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-62424-Civ-SCOLA

CHRISTINA ULBRICH,

    Plaintiff,

vs.

GMAC MORTGAGE, LLC, *et al.*,

    Defendants.

_____/

## ORDER GRANTING DEFENDANT GMAC MORTGAGE, LLC'S MOTION TO COMPEL ARBITRATION

THIS MATTER is before the Court on Defendant GMAC Mortgage, LLC's Motion To Compel Arbitration and For a Stay, or In The Alternative, To Dismiss The Complaint (ECF No. 27). For the reasons explained in this Order, the Motion To Compel Arbitration is granted.

Plaintiff, Christina Ulbrich, brought this Complaint, as an individual and as a representative of a putative class, against GMAC. Ulbrich obtained a loan from GMAC Mortgage Corporation which was secured by a mortgage on her home in Fort Lauderdale, Florida. Under the terms of the mortgage Ulbrich was required to maintain insurance on the property, and GMAC was permitted to force-place insurance on Ulbrich's property, at her expense, in the event that she failed to maintain coverage. (Compl. ¶ 20, ECF No. 1.)) At the same time that she entered into the mortgage agreement, Ulbrich and GMAC also entered into a Home Equity Line of Credit ("HELOC") Agreement. The HELOC Agreement contains an arbitration provision.

Ulbrich alleges that GMAC unfairly and unlawfully force-placed backdated insurance on her property. She also alleges that GMAC unjustly profited from this force-placed insurance through illicit kickbacks with co-defendant Balboa Insurance Services, Inc. This matter was initially stayed as to GMAC pending the resolution of its bankruptcy action. (Order, ECF No. 56.) However, the Bankruptcy Court lifted the automatic bankruptcy stay for the limited purpose of allowing this Court to rule on GMAC's Motion to Compel Arbitration/Motion to Dismiss. (Mem. Op. 9, ECF No. 77-1.)

GMAC argues that Ulbrich agreed to arbitrate any and all claims between them. GMAC

cites to the HELOC Agreement which reads that "Any claim, dispute, or controversy . . . between GMAC and [Ulbrich] . . . shall be exclusively resolved by **BINDING ARBITRATION**." (HELOC Agreement ¶ 15, ECF No. 27-1.)  Ulbrich responds with four arguments against arbitration: (1) the arbitration agreement is unenforceable in light of the Dodd-Frank Act, (2) the arbitration provision in the HELOC Agreement does not apply to disputes in connection with Ulbrich's Mortgage Agreement, (3) the arbitration provision is void because GMAC has closed Ulbrich's line of credit, and (4) this matter falls within an exclusion to arbitrable claims in the HELOC Agreement.  (Resp. 7-11, ECF No. 36.)

First, the Court agrees with GMAC's argument that the Dodd-Frank Act's prohibition of arbitration agreements in connection with residential mortgage loans is not effective until January 2013.  (Reply 2, ECF No. 41.)  In addition, the HELOC agreement pre-dates the Dodd-Frank Act, and this Court finds that the Dodd-Frank Act's prohibition of arbitration agreements in connection with residential mortgage loans is not retroactive. *See Holmes v. Air Liquide USA LLC*, No. 11-2580, 2012 WL 267194 at *6 (S.D. Tex. Jan. 30, 2012); *accord Henderson v. Masco Framing Corp.*, No. 11-00088, 2011 WL 3022535 at * 4 (D. Nev. July 22, 2011).

Second, this Court finds that the broad language of the arbitration agreement in the HELOC Agreement requires that any claims between the parties be resolved by arbitration. "Absent some violation of public policy, a federal court must refer to arbitration any controversies covered by the provisions of an arbitration clause." *Telecom Italia, SpA v. Wholesale Telecom Corp.*, 248 F.3d 1109, 1114 (11th Cir. 2001).  This federal policy, favoring arbitration over litigation, requires that arbitration clauses be construed generally, resolving all doubts in favor of arbitration. *Seaboard Coast Line R.R. Co. v. Trailer Train Co.*, 690 F.2d 1343, 1348 (11th Cir. 1982).  The arbitration clause at issue in this case broadly covers any claim, dispute or controversy between GMAC and Ulbrich.  This type of all-inclusive language indicates the parties' clear agreement to arbitrate the universe of their potential claims against each other. *Brown v. ITT Consumer Fin. Corp.*, 211 F.3d 1217, 1221 (11th Cir. 2000).

Next, Ulbrich's argument that the arbitration provision is void because GMAC closed Ulbrich's line of credit is not compelling.  The arbitration provision reads that it "shall survive any termination of our Account."  (HELOC Agreement ¶ 15, ECF No. 27-1.)  Further, it does not appear that the HELOC Agreement has been voided or cancelled, but is merely suspended and

2

may be reactivated. (*See* Reply 5 n.2, ECF No. 41.)

Finally, the Court finds that this action does not fall within the exclusion to arbitrable claims under Subsection 15(b) of the HELOC Agreement. That exception provides that "any action for prejudgment injunctive relief" shall not be subject to arbitration. (HELOC Agreement ¶ 15(b), ECF No. 27-1.) However, as GMAC points out, and as Ulbrich admits, the parties have entered into a "Standstill Agreement" under which GMAC has agreed to all of Ulbrich's demands for prejudgment injunctive relief. (Resp. 11, ECF No. 36; Reply 5, ECF No. 41.) In light of the parties' Standstill Agreement, Ulbrich's demands for prejudgment injunctive relief are moot. *See Dow Jones & Co., Inc. v. Kaye*, 256 F.3d 1251, 1254 (11th Cir. 2001) (explaining that a claim for injunctive relief becomes moot if there is no expectation that a violation will reoccur and interim relief completely and irrevocably eliminates the effects of the alleged violations).

Having considered the motion, the record, and the relevant legal authorities, and for the reasons explained above, it is **ORDERED and ADJUDGED** that the GMAC's Motion to Compel Arbitration (ECF No. 27) is **GRANTED**. Consistent with the Bankruptcy Court's Order lifting the automatic bankruptcy stay for the limited purposes of allow this Court to rule on the Motion to Compel Arbitration, this matter is **STAYED**. Defendant GMAC is **ORDERED** to file a copy of this Order with the Bankruptcy Court on or before **September 19, 2012**.

**DONE and ORDERED** in chambers, at Miami, Florida, on September 12, 2012.

_____
**ROBERT N. SCOLA, JR.**
**UNITED STATES DISTRICT JUDGE**

Copies to:
*Counsel of record*