MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Aaron M. Klein

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|   |   |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**DEBTORS' OBJECTION TO**
**MOTION OF CORLA JACKSON**

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

BACKGROUND .......................................................................................................................... 2

    A.    General Background ............................................................................................... 2

    B.    The Motion and Procedural History ....................................................................... 3

OBJECTION ................................................................................................................................. 7

    I. The Motion Should Be Denied Because It Fails to Comply with Pleading
        Requirements in the Bankruptcy Rules................................................................... 7

    II. The Motion Is Not the Proper Method to Assert a Claim for Monetary
         Damages or Equitable Relief .................................................................................. 9

    III. If the Motion Is a Motion for Reconsideration, It Should Be Denied ...................... 10

CONCLUSION ............................................................................................................................ 11

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Frietsch v. Refco, Inc.,
   56 F.3d 825 (7th Cir. 1995) ...................................................................................................10

In re BDC 56 LLC,
   330 F.3d 111 (2d Cir. 2003)....................................................................................................10

In re Chandler's Cove Inn, Ltd.,
   97 B.R. 752 (Bankr. S.D.N.Y. 1988).........................................................................................7

In re Jeffrey E. White,
   409 B.R. 491 (Bankr. N.D. Ind. 2009).......................................................................................8

In re Kevin S. Hall,
   2007 Bankr. LEXIS 3888 (Bankr. S.C. Nov. 21, 2007) ............................................................7

In re Ronald Weatherford,
   434 B.R. 644 (Bankr. N.D. Ala. 2010) .....................................................................................8

Munafo v. Metro. Transp. Auth.,
   381 F.3d 99 (2d Cir. 2004).......................................................................................................10

**STATUTES**

11 U.S.C. § 362(a) ...................................................................................................................4, 5, 6

11 U.S.C. § 1107(a) ........................................................................................................................2

11 U.S.C. § 1108.............................................................................................................................2

11 U.S.C. § 1322.........................................................................................................................5, 9

11 U.S.C. § 1328.........................................................................................................................5, 9

**OTHER AUTHORITIES**

Collier on Bankruptcy, ¶ 9013.03 (16th ed. rev. 2012) ..................................................................7

Fed. R. Bankr. P. 9013-1.............................................................................................................7, 8

Fed. R. Bankr. P. 9014(a) ...............................................................................................................7

Fed. R. Bankr. P. 9023..................................................................................................................10

Fed. R. Civ. P. 59(b) .......................................................................................................................8

# TABLE OF AUTHORTIES
(continued)

**Page**

Fed. R. Civ. P. Rule 60(b) ............................................................................................................. 8

Local Rule 9013-1 ..................................................................................................................... 7, 8

ny-1058381

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

    The debtors and debtors in possession (collectively, the "<u>Debtors</u>")[1] in the above-captioned cases hereby file this objection (the "<u>Objection</u>") to the *Motion in Reference to Stay Order Violations by GMAC-GMAC Mortgage Violated/Stay Order Violation re: GMAC Mortgage Fabricated Documents and Sold Jackson Home Illegally* (the "<u>Motion</u>") [Docket No. 1229] filed by Corla Jackson (the "<u>Movant</u>"), proceeding pro se.  In support of the Objection, the Debtors, by and through their undersigned counsel, respectfully represent as follows:

### PRELIMINARY STATEMENT

    1.    The Movant has filed a puzzling Motion.  She places before this Court an amalgam of exhibits – ranging from a Consumer Bankruptcy News article to hospital emergency room reports – but fails to explain these documents' relevance to the motion at hand.  Additionally, while the Movant's cover sheet references "Stay Order Violations" and "Fraud Under Rule 59(b)," she has failed to advance any argument or cognizable legal claims in her motion papers.  Accordingly, both the legal theories that the Movant seeks to press in this Motion and the nature of the relief that the Movant seeks are nebulous and open to a variety of different interpretations.  Accordingly, the Motion should be denied on procedural grounds because it does not conform to the requirements for motions filed pursuant to the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") or the Local Bankruptcy Rules for the Southern District of New York (the "<u>Local Rules</u>").  The Debtors are entitled to know with clarity the allegations being brought against them, the legal claims being advanced, and the nature of the relief being sought.  The prerequisites of Bankruptcy Rule 9013 and Local Rule

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on <u>Exhibit 1</u> to the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of the Chapter 11 Petitions and First Day Pleadings, filed with the Court on the Petition Date (the "<u>Whitlinger Affidavit</u>") [Docket No. 6].

1

ny-1058381

9013-1 entitle the Debtors to no less. The Motion – which leaves the Debtors guessing the claims being advanced and the nature of the relief being sought – fails to satisfy the standards embodied in those rules. Denial of the Motion is, therefore, warranted.

2. Through the exercise of guesswork and employing even the most liberal construction of the relief sought in the Motion and the most lenient application of relevant pleading standards, the Motion should be denied. Assuming the Movant seeks monetary damages, equitable relief, or both, the present Motion is an improper vehicle to seek such relief. Moreover, to the extent the Movant is seeking to raise the same arguments set forth in her previously filed motion for relief from the automatic stay, those arguments have already been ruled upon in the Court's opinion, dated August 16, 2012, denying such relief. Furthermore, to the extent the Movant intends her Motion to be a motion for reconsideration, it is unclear upon what grounds she is basing her request for relief. In any light, however, the Motion is both procedurally and legally deficient and denial of the Motion is appropriate.

## BACKGROUND

**A.    General Background**

3. On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code. The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No trustee has been appointed in these Chapter 11 cases.

4. On May 16, 2012, the United States Trustee for the Southern District of New York appointed a nine member official committee of unsecured creditors.

5.      On June 20, 2012, the Court directed that an examiner be appointed, and on July 3, 2012, the Court approved Arthur J. Gonzalez as the examiner [Docket Nos. 454, 674].[2]

**B.      The Motion and Procedural History**

6.      After a close review of the motion papers filed by the Movant and on examination of the record in the Movant's Chapter 13 bankruptcy cases in the Southern District of Alabama, the Debtors have been able to discern the following.

7.      On May 26, 2004, the Movant obtained a mortgage loan (the "Loan") from Option One Mortgage Corporation ("Option One") secured by real property located at 13230 Tom Gaston Road, Mobile, Alabama 36695 (the "Property").[3]

8.      On June 19, 2008, Option One assigned the Loan to GMAC Mortgage, LLC ("GMACM"), which owned and serviced the loan at all relevant times.[4]

9.      Beginning in June 2005, the Movant filed the first of three successive Chapter 13 bankruptcy cases (the "Chapter 13 Bankruptcy Cases") in the United States Bankruptcy Court for the Southern District of Alabama (the "Alabama Bankruptcy Court").[5] On June 14, 2005, GMACM filed a proof of claim in the amount of $238,946.35 for the amount of the Loan, plus interest ("Claim No. 1").[6] On October 25, 2005, the Alabama Bankruptcy Court entered an order confirming the Movant's Chapter 13 plan (the "Chapter 13 Plan"), pursuant to which the Movant

---

[2] The Debtors are a leading residential real estate finance company indirectly owned by Ally Financial, Inc. ("AFI"), which is not a Debtor. The Debtors and their non-debtor affiliates operate the fifth largest servicing business and the tenth largest mortgage origination business in the United States. A more detailed description of the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these bankruptcy cases, is set forth in the Whitlinger Affidavit.

[3] See Mot., 5.

[4] See Mot., 10.

[5] See Chapter 13 Voluntary Petition, In re Corla R. Jackson, Case No. 05-13142 (Bankr. S.D. Ala. June 1, 2005) [Docket No. 1]. Unpublished decisions, orders, and other materials cited herein are attached hereto as Exhibit 1.

[6] See Proof of Claim of GMACM, In re Corla R. Jackson, Case No. 05-13142 (Bankr. S.D. Ala. Jun. 15, 2005).

3

ny-1058381

was directed to make payments on unpaid arrearages owed (the "Arrearages") and to continue to make timely post-petition payments on account of the Loan.[7]

10.    On January 20 2006, GMACM moved for relief from the automatic stay on the basis that GMACM did not receive post-petition regular monthly mortgage payments and the Loan had been in default since July 2005.[8] The Alabama Bankruptcy Court entered an order conditionally denying GMACM's request for relief (the "First Conditional GMACM Stay Relief Order") subject to the following terms: (i) the Movant would pay the Arrearages; (ii) GMACM was granted leave to file a proof of claim in the amount of the Arrearages; (iii) the Movant was directed to make timely monthly post-petition payments to GMACM on account of the Loan in accordance with the Chapter 13 Plan; and (iv) that should the Movant fail to cure any payment default within ten days of receipt of a notice of default (a "Notice of Default"), the automatic stay imposed pursuant to section 362(a) would automatically terminate as it pertains to the Property, and that GMACM would be entitled to exercise remedies under the Loan documentation without further order of the Alabama Bankruptcy Court.[9]

11.    In accordance with the First Conditional GMACM Stay Relief Order, on March 6, 2006, GMACM filed a proof of claim against the Movant with respect to the amount of the Arrearages ("Claim No. 7").[10]

12.    On June 8, 2006, and again on August 29, 2006, GMACM sent the Movant Notices of Default for missed mortgage payments, which were never cured.[11] In accordance

---

[7] See Chapter 13 Plan, In re Corla R. Jackson, Case No. 05-13142 (Bankr. S.D. Ala. June 1, 2005) [Docket No. 3] (providing that "A holder of a secured claim shall retain the lien securing the claim, unless otherwise provided herein."); see also Order Confirming Plan and Payment Order, In re Corla R. Jackson, Case No. 05-13142 (Bankr. S.D. Ala. Oct. 25, 2005) [Docket No. 21].
[8] See Motion for Relief from Automatic Stay Filed by GMAC Mortgage Corporation, In re Corla R. Jackson, Case No. 05-13142 (Bankr. S.D. Ala. Jan. 20, 2006) [Docket No. 23].
[9] See First Conditional GMACM Stay Relief Order, In re Corla R. Jackson, Case No. 05-13142 (Bankr. S.D. Ala. March 1, 2006) [Docket No. 30].
[10] See Proof of Claim of GMACM, In re Corla R. Jackson, Case No. 05-13142 (Bankr. S.D. Ala. Mar. 6, 2005).

4

ny-1058381

with the First Conditional GMACM Stay Relief Order, the automatic stay imposed by section 362(a) of the Bankruptcy terminated with respect to GMACM's interest in the Property. As a result of such relief, and because GMACM was entitled to begin foreclosure proceedings against Property, GMACM did not oppose the trustee's objections to Claim No. 1 and Claim No. 7, and such claims were disallowed.[12]

13.     The First Jackson Bankruptcy was discharged on January 20, 2010. However, by operation of the Chapter 13 Plan, the Confirmation Order, sections 1322(b)(2), (b)(5) and 1328(a) of the Bankruptcy Code,[13] and the relief granted pursuant to the First Conditional GMACM Stay Relief Order, the Movant was not discharged of her obligations under the Loan, including payment of Arrearages and post-petition monthly payments.

14.     On October 15, 2010, the Movant subsequently filed a second voluntary petition for relief in the Alabama Bankruptcy Court under Chapter 13 of the Bankruptcy Code (the "Second Jackson Bankruptcy").[14] On December 20, 2010, less than two months after the filing date, the Second Jackson Bankruptcy was dismissed for "failure to pay Chapter 13 plan payments."[15]

15.     On April 18, 2011, the Movant filed a third voluntary petition for relief in the Alabama Bankruptcy Court (the "Third Jackson Bankruptcy").[16] On July 25, 2011, GMACM filed a motion for relief from the automatic stay on the basis that the Loan was in default.[17] On

---

[11] See Notices of Default, dated June 8 and August 29, 2006.
[12] See Mot., 15-18.
[13] See 11 U.S.C. §§ 1322(b)(2) and (b)(5) and 11 U.S.C. § 1328(a).
[14] See Chapter 13 Voluntary Petition, In re Corla R. Jackson, Case No. 10-04820 (Bankr. S.D. Ala. Oct. 15, 2010) [Docket No. 1].
[15] See Order Dismissing Chapter 13 Case, In re Corla R. Jackson, Case No. 10-04820 (Bankr. S.D. Ala. Dec. 20, 2010) [Docket No. 13].
[16] See Chapter 13 Voluntary Petition, In re Corla R. Jackson, Case No. 11-01545 (Bankr. S.D. Ala. Apr. 18, 2011) [Docket No. 1].
[17] See *Motion for Relief From Automatic Stay Filed by GMAC Mortgage, LLC*, In re Corla R. Jackson, Case No. 11-01545 (Bankr. S.D. Ala. Jul. 25, 2011) [Docket No. 42].

August 29, 2011, the Alabama Bankruptcy Court entered an order conditionally denying such request, subject to the Movant's compliance with continued payment terms substantially similar to those set forth in the First Conditional GMACM Stay Relief Order (the "Second GMACM Conditional Stay Relief Order").[18]  On October 11, 2011, GMACM filed a notice of the termination of the automatic stay on the basis that the Movant defaulted under the terms of the Second GMACM Conditional Stay Relief Order and of its intent to initiate foreclosure proceedings against the Property.[19]  On December 8, 2011, the Alabama Bankruptcy Court denied the Debtors' motion to re-impose the automatic stay pursuant to section 362(a) of the Bankruptcy Code as to GMACM.[20]

16.     On January 8, 2012, the Movant commenced a lawsuit against GMACM in Alabama state court, case number asserting numerous claims against the Debtors, including fraud (the "Litigation").  The state court case was removed to and is currently pending before the United States District Court for the Southern District of Alabama.[21]

17.     On June 1, 2012, GMACM foreclosed upon the Property and purchased it at the foreclosure sale.[22]  On June 29, 2012, GMACM sent a notice of demand for possession of the Property in accordance with Alabama state law.  Because the Movant has not vacated the Property and remains in possession, her right of redemption of the foreclosure has been waived pursuant to Alabama state law.[23]  No eviction proceedings have as yet been instituted.

---

[18] See Second Order Conditionally Denying Motion to Reinstate the Stay as to GMAC Mortgage, LLC, In re Corla R. Jackson, Case No. 11-01545(Bankr. S.D. Ala. Aug. 29, 2011) [Docket No. 59].
[19] See Notice of Termination of the Automatic Stay by GMAC Mortgage, LLC, In re Corla R. Jackson, Case No. 11-01545 (Bankr. S.D. Ala. Oct. 11, 2011) [Docket No. 70]
[20] See Order Conditionally Denying Motion to Reinstate the Stay as to GMAC Mortgage, LLC, In re Corla R. Jackson, Case No. 11-01545(Bankr. S.D. Ala. Dec. 8, 2011) [Docket No. 89].
[21] Jackson v. GMAC Mortgage Corp, Case No. CV-2012-000049 (S.D. Ala. Feb. 23, 2012) [Docket No. 1].
[22] See Notice of Demand for Possession and Pursuant to Protecting Tenants at Foreclosure Act of 2009.
[23] See id.

6

ny-1058381

18. On June 8, 2012, the Movant filed her *Motion for Relief of Stay* (the "First Stay Relief Motion") seeking to continue to the Litigation [Docket No. 264]. On July 19, 2012, the Movant filed an Amended Motion to Lift the Automatic Stay (the "Amended Stay Relief Motion," and together with the First Stay Relief Motion, the "Stay Relief Motion").

19. On August 16, 2012, the Court issued an opinion and entered an order denying the Stay Relief Motion (the "Order Denying Stay Relief") [Docket No. 1184].

## OBJECTION

### I. The Motion Should Be Denied Because It Fails to Comply with Pleading Requirements in the Bankruptcy Rules

20. The Court should deny the Motion because it fails to comply with the pleading standards set forth in Bankruptcy Rule 9013 and Local Rule 9013-1.

21. In contested matters such as the one currently before the Court, relief is sought by motion. Fed. R. Bankr. P. 9014(a). Bankruptcy Rule 9013 requires that a motion state both the relief sought and the grounds therefor "with particularity." Fed. R. Bankr. P. 9013.

22. Bankruptcy Rule 9013 is designed to afford notice of the grounds upon which the relief requested in a motion to both the bankruptcy court and an opposing party and to provide an opposing party with a meaningful opportunity to respond. In re Kevin S. Hall, 2007 Bankr. LEXIS 3888 (Bankr. S.C. Nov. 21, 2007). The particularity requirement set forth in Bankruptcy Rule 9013 is flexible, but requires at least reasonable specification of the relief being sought. Collier on Bankruptcy ¶ 9013.03 (16th ed. rev. 2012). A properly plead motion must also contain factual allegations concerning the various requirements necessary for the relief being sought. In re Chandler's Cove Inn, Ltd., 97 B.R. 752, 755 (Bankr. S.D.N.Y. 1988) (finding that a motion to show cause was procedurally defective because it contained "misleading innuendos, and conclusions unsubstantiated with regard either to fact or law"). A motion containing merely

conclusory allegations or a mechanical recitation of the factual and legal bases for relief will not satisfy the Bankruptcy Rule 9013 pleading requirement. Rather, an adequately plead motion should allege facts supporting those conclusions or satisfying those elements. In re Jeffrey E. White, 409 B.R. 491 (Bankr. N.D. Ind. 2009); In re Ronald Weatherford, 434 B.R. 644 (Bankr. N.D. Ala. 2010) (denying a one sentence motion to reopen a case due to a violation of the automatic stay and noting that the debtors should not have to defend against facially baseless or conclusory claims).

23.    Similarly, Local Rule 9013-1(a) requires that "each motion . . . specify the rules and statutory provisions upon which it is predicated and the legal authorities that support the requested relief." Local Rule 9013-1(a) permits the court to strike the motion from the calendar if such specification has not been made. S.D.N.Y. Local Bankr. R. 9013-1(a).

24.    The Motion fails to satisfy the requirements of Bankruptcy Rule 9013 and Local Rule 9013-1, as it fails to adequately state the relief sought or grounds upon which relief could be granted and the law upon which whatever relief is being requested is predicated. The Motion is comprised of 50 pages of miscellaneous documents that are devoid of factual assertions, a request for relief or of legal authority. Although the first page of the document references Rule 59(b) of the Federal Rules of Civil Procedure, the 49 pages that follow contain no reference to any statutory provisions or legal authority, and do not set forth any explanation as to the applicability of Rule 59(b).[24] The Motion is nothing more than a random collection of

---

[24] Movant's reference to "fraud under Rule 59(b)" of the Federal Rules of Civil Procedure fails adequately to address the pleading requirements pursuant to the Bankruptcy Rules and Local Rules. First, to the extent Movant intended to reference Rule 60(b) of the Federal Rules of Civil Procedure to allege fraud or mistake, such an allegation is not properly plead in a contested matter, but should instead be litigated in an adversary proceeding. Moreover, the Motion is wholly lacking any allegations of knowledge, scienter, or any other allegation suggesting that a fraud has been committed.

statements and documents, which in combination is very difficult to comprehend and has no relation to these Chapter 11 cases.

25. Instead, the Movant merely makes conclusory assertions of the Debtors' purported wrongful conduct, including that "GMAC mortgage violated stay order violation committing fraud in black [and] white." See Mot., at 2. The Movant asserts a number of other unsubstantiated allegations in the following pages, including that (i) the Movant was "discharged January 19, 2010," (ii) "GMAC Mortgage Fabricated Documents and Sold Jackson Home Illegally, Against Law," and (iii) GMAC Made Up Fake Allonge and Assignment." See Mot., at 2, 4 and 9. These allegations are unfounded.[25]

26. Because the Motion fails to identify any legal concepts or factual content that would allow this Court to make a determination of the relief being sought, or the legal authority that serves as the basis for such relief, the Motion should be denied.

## II. The Motion Is Not the Proper Method to Assert a Claim for Monetary Damages or Equitable Relief

27. Even if this Court were to apply leniently the required pleading standards, the Motion should still be denied because it is a procedurally improper vehicle through which to seek either claims for equitable relief or monetary damages against the Debtors. *First*, if the Movant seeks equitable relief to get ownership of her home back, this Motion (and this

---

[25] The Movant has not submitted any evidence demonstrating that she was discharged from her obligation to make payments on the Loan by virtue of her Chapter 13 bankruptcy cases. To the contrary, as discussed above, under the Chapter 13 Plan, the Movant was directed to continue to make timely postpetition payments on account of the Loan and pay Arrearages. Moreover, as explained above, the Movant's obligations under the Loan were not discharged pursuant to sections 1322 and 1328 of the Bankruptcy Code. Similarly, the orders the Movant cites disallowing Claim No. 1 and Claim No. 7 do not demonstrate that GMACM no longer hold claims against the Movant on account of the Loan. GMACM did not oppose the trustee's objections to Claim No. 1 and Claim No. 7 because it had obtained relief from the automatic stay to foreclose on the Property (as well as the preservation of Movant's obligations to pay monthly payments as described herein). Moreover, foreclosure on the Property is not a violation of the automatic stay in the Movant's Chapter 13 case because GMACM had received relief from the automatic stay as a result of the Loan being in default in accordance with the First and Second Conditional GMACM Stay Relief Orders.

9

ny-1058381

Bankruptcy Court) is not the proper method (or forum) through which to obtain such relief. As stated in the Order Denying Stay Relief, the Movant may assert any defenses permitted by state law in an eviction proceeding if and when one is brought in her home state. See Order Denying Stay Relief, at 2 n.2. *Second*, if the Movant seeks to assert a money damages claim against the Debtors, this Court has already ruled that the appropriate way to do so is by filing a proof of claim through the claims reconciliation process. As the Court noted in the Order Denying Stay Relief, "damages claims against the Debtors . . . are the usual grist for the bankruptcy claims allowance process." See id. Allowing the Movant to pursue her damages claim outside of the claims allowance process would be unfair to other creditors.[26]

### III. If the Motion Is a Motion for Reconsideration, It Should Be Denied

28. Yet another possible interpretation of the Motion is that it presents a motion for reconsideration of this Court's Order Denying Stay Relief. To the extent this Court construes the Motion as such, the Motion should be denied because it does not comply with the Federal Rules of Civil Procedure, the Bankruptcy Rules or the Local Rules. Under Bankruptcy Rule 9023, "reconsideration is proper to correct a clear error of law or prevent manifest injustice." Munafo v. Metro. Transp. Auth., 381 F.3d 99, 105 (2d Cir. 2004) (citations omitted). "Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." In re BDC 56 LLC, 330 F.3d 111, 123 (2d Cir. 2003) (internal quotations and citation omitted). A motion for reconsideration may not be used "to enable a party to complete presenting his case after the court has ruled against him." Frietsch v. Refco, Inc., 56 F.3d 825, 828 (7th Cir. 1995).

---

[26] To the extent this Court determines that Movant is seeking some other type of relief, the Debtors reserve the right to assert additional arguments at the hearing or by filing additional pleadings in response to such request for relief.

29. Reconsideration of the Order Denying Stay Relief is not proper because the Motion does not identify any new arguments or new facts that would require this Court to change its previous ruling. Further, the Motion does not cite any authority to support reconsideration of the Order. Thus, to the extent the Motion is a motion for reconsideration, it should be denied.

## CONCLUSION

For the reasons set forth above, the Court should deny the Motion, and grant such other relief as is just and proper.

New York, New York  
Dated: September 20, 2012

/s/ Gary S. Lee  
Gary S. Lee  
Norman S. Rosenbaum  
Aaron M. Klein  
MORRISON & FOERSTER LLP  
1290 Avenue of the Americas  
New York, NY  10104-0050  
Telephone:  (212)-468-8000  
Facsimile:  (212)-468-7900  

*Counsel for the Debtors and Debtors in Possession*

11

ny-1058381