**MORRISON | FOERSTER**

1290 AVENUE OF THE AMERICAS
NEW YORK
NEW YORK 10104-0050

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

NORTHERN VIRGINIA, DENVER,
SACRAMENTO

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

September 21, 2012

Writer's Direct Contact
212.468.8238
JHaims@mofo.com

**By E-Mail and Electronic Filing**

Honorable Martin Glenn
United States Bankruptcy Judge
United States Bankruptcy Court
for the Southern District of New York
One Bowling Green
New York, NY 10004

Re:   *In re Residential Capital, LLC, et al.*, Chapter 11 Case No. 12-12020 (MG)

Dear Judge Glenn:

Pursuant to Your Honor's directive at the September 11, 2012, 2:00 p.m. hearing, the Debtors obtained from Iron Mountain Incorporated ("Iron Mountain")[1] a cost estimate to retrieve 43,000 loan files within sixty days. (Hr'g Tr. 55:14-23, Sept. 11, 2012.) "Attachment A" is a copy of the Budgetary Proposal received from Iron Mountain, dated September 19, 2012 (the "Proposal").

The Proposal actually contains several cost estimates, subject to certain assumptions set forth in the Proposal (including, but not limited to, assumptions as to the size of the average loan file[2]). In Option 1, Iron Mountain estimates the cost for pulling the loan files, shipping them to the Debtors' imaging vendor, and then retrieving and reshelving the loans files after imaging. In Option 2, Iron Mountain estimates the cost for pulling the loan files and then imaging the loan files themselves, although the Debtors typically do not use Iron Mountain's imaging services. Iron Mountain provides cost estimates for Options 1 and 2 based on both 60 and 120 day retrieval periods.

The Proposal does not, however, include, among other things, any estimate for the time and expense associated with identifying and locating the relevant loan files, negotiating statements of

---

[1] Because Iron Mountain stores such a large percentage of the Debtors' loan files, for purposes of this exercise, we assume (but do not know for certain) that most of the 43,000 requested loan files would be stored at Iron Mountain.

[2] Iron Mountain estimates that "each [loan] file averages 165 pages." (*See* Proposal at 2.) The Debtors, on the other hand, estimated in their submissions that "[e]ach of these loan files will likely be several hundred pages." (*See* Lipps Decl. ¶ 14(b), Aug. 6, 2012.)

ny-1058846

MORRISON | FOERSTER

United States Bankruptcy Court
September 21, 2012
Page Two

work with Iron Mountain and other third party storage and imaging vendors, preparing the loan files for production (including adding Bates numbers and/or other designations to the imaged documents), and attorney review. Also, the Proposal does not include certain additional imaging costs, such as adding search capabilities, which would increase the cost of production on a per page basis.

It is also important to note that, in preparing the Proposal, Iron Mountain assumed certain non-contract rates, presumably because the Debtors' request to retrieve and/or image 43,000 loan files in a short period of time presents unique challenges, and in some cases, cost-saving benefits. For example, whereas the Debtors' contract with Iron Mountain provides for per file shipping fees (in excess of $18.00 per loan file), the Proposal assumes per truckload fees (of $2,700 for each of 14 truckloads), which would provide a very considerable cost reduction from the contract rate that formed the basis of the Debtors' previous estimates. In other words, the Proposal reflects rates that are in some ways different from the rates upon which the Debtors have previously relied in providing cost estimates to this Court, but the cost estimates in the Proposal are nevertheless in line with the standard contract rates used by the Debtors in their submissions.

We also want to provide the Court with an update on the status of the appeal in the underlying FHFA case. We had previously provided this Court with a copy of the Second Circuit's Order, dated September 11, 2012, granting UBS' motion for a stay of all of the FHFA cases before Judge Cote pending a determination of the stay motion by the motions panel. That stay is still in place. Since then, on September 18, 2012, the FHFA filed its opposition to UBS' stay motion and, on September 19, 2012, the FHFA filed its own motion requesting that the Second Circuit hear argument on the stay motion on September 25, 2012, the date the motion is scheduled to be submitted. On September 21, 2012, the Court denied the FHFA's motion for oral argument. A copy of that order is enclosed as "Attachment B." UBS' reply in further support of the stay motion was filed earlier today.

Sincerely,

Joel C. Haims

Enclosures

cc:    Electronic Filing

ny-1058846