MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Todd M. Goren

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**DEBTORS' STATUS REPORT REGARDING
PLAN OF REORGANIZATION NEGOTIATIONS [DOCKET Nos. 1248, 1413]**

ny-1058665

Residential Capital, LLC ("ResCap LLC") and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") hereby submit this Status Report regarding Plan Negotiations.

**STATUS REPORT**

1. As directed by the Court at the September 11, 2012 hearing, the Debtors have begun the process of engaging their various creditor constituencies regarding the issues that need to be resolved in order to achieve a plan of reorganization (the "Plan"). Following the September 11th hearing, Debtors' counsel and counsel for the Official Committee of Unsecured Creditors (the "Committee"), arranged a meeting among the Debtors' professionals and the Committee's professionals to discuss the key issues and the process going forward.

2. At the meeting, the Debtors and Committee identified the following broad categories of issues that need to be resolved either prior to or as part of a Plan. The following list is by no means intended to be all inclusive, but rather to demonstrate the broad categories of issues that must be resolved as part of this process:[1]

- Intercreditor Issues – Including the extent and validity of the liens securing the Debtors' secured debt facilities[2] and the treatment of intercompany claims under the Plan.

- The Proposed Settlement with Ally – Including the proposed third party releases that may be incorporated into the Plan and the allocation of the proceeds of any settlement among the Debtor entities and their creditors.

---

[1] Capitalized terms not otherwise defined herein, shall have the meanings ascribed to them in the *Debtors' Motion for the Entry of an Order Extending Their Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof* [Docket No. 1248] (the "Exclusivity Motion").

[2] The Committee will be filing a motion seeking standing to pursue claims related to the extent of validity of certain liens consistent with the AFI Final DIP Order.

.

2

- Sales Process – Including the timing and final purchase price for the Debtors' assets, the allocation of the proceeds among the Debtors' assets, and GSE approval.

- Treatment of Various Claims Under the Plan.

- Post-Confirmation Issues – Including the structure and cost of the wind-down and the timing of the sale of the Debtors' remaining assets.

3. At the meeting and following, the Debtors and the Committee shared their respective thoughts, analyses and materials on these issues, and the Debtors have agreed to continue to provide documents to the Committee relating to these issues and answer any questions as they arise.

4. In order to resolve these and the multitude of other issues that must be dealt with under the Plan, the Debtors and the Committee discussed a process whereby representatives from both the Debtors and the Committee will meet with the other key constituents in the case, including representatives for the JSBs and Ally. Specifically, the Debtors expect to engage in the following meetings:

- The Debtors, Committee and Ally

- The Debtors, Committee and JSBs

- The Debtors, Committee, JSBs and Ally[3]

---

[3] The Debtors are currently aware of three major holders/groups of JSBs, which the Debtors believe collectively hold substantially all of the JSBs – the ad hoc group of JSBs represented by White & Case and Milbank, Aurelius Capital Management, LP and Berkshire Hathaway. While many of the representatives for the JSBs have entered into confidentiality agreements, some have not. Moreover, no holder has entered into a confidentiality agreement with the Debtors (other than Berkshire Hathaway, which executed one in connection with the Asset Sales). Thus, subject to their entry into appropriate confidentiality agreements, the Debtors intend to invite representatives of all three groups to the relevant meetings, as well as representatives for US Bank, N.A., as indenture trustee for the JSBs.

3

ny-1058665

5. Following those meetings, the Debtors anticipate arranging meetings with the specific unsecured creditor constituents, including the RMBS Investors/Trustees, monolines, senior unsecured notes (the "SUNs"), securities claimants and borrowers. The Debtors have reached out to the professionals for the Committee and Ally to arrange initial meetings with each party, and will be reaching out to other parties in the near future as well.

6. The issues that must be addressed are all complex, with each of the key constituents having divergent interests on the outcome of many of the issues.  As such, coming to consensus on each of these issues will require compromise from parties across the board.  The Debtors are hopeful that progress can be made with the various constituents on each of the issues discussed above (as well as other significant issues that may need be resolved to reach a consensual Plan) prior to issuance of the Examiner's report.  The Debtors are optimistic that the staged meeting process outlined above will help lead to resolutions of these issues.  At a minimum, the process should at least clearly define each party's position on these key issues, which should also help facilitate the Plan process.

## CONCLUSION

The Debtors have worked diligently to bring these cases to where they stand today – poised to realize billions of dollars for the Debtors' assets through the planned Asset Sales. The Debtors, however, realize that much works remains in order for the Debtors' estates to be in a position to distribute the proceeds of their assets to their creditors under a Plan. The Debtors stand ready, willing and able to engage with the many diverse creditor interests in the Debtors' estates, and attempt to reach consensus on a Plan that will maximize the value of the Debtors' assets and provide a prompt recovery to creditors.

New York, New York  
Dated: September 24, 2012

/s/ Gary S. Lee  
Gary S. Lee  
Lorenzo Marinuzzi  
Todd M. Goren  
MORRISON & FOERSTER LLP  
1290 Avenue of the Americas  
New York, New York 10104  
Telephone: (212) 468-8000  
Facsimile: (212) 468-7900  

*Counsel to the Debtors and Debtors in Possession*