**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

**ORDER PURSUANT TO 11 U.S.C. § 362(d)**
**MODIFYING THE AUTOMATIC STAY IMPOSED BY**
**11 U.S.C. § 362(a) WITH RESPECT TO MOTION OF SYDNEY AND YVONNE LEWIS**

**WHEREAS:**

A. On April 22, 2005, the above-captioned debtors (the "Debtors") initiated a judicial proceeding in the Franklin County Court of Common Pleas in the state of Ohio (the "Franklin County Court") to foreclose on mortgages and security interests it holds on lands and premises of Sydney Lewis and Yvonne Lewis ("Movants") with an address of 1875 Alvason Avenue in Columbus, Ohio (the "Property"), in which GMAC Mortgage, LLC holds a debt and lien from Movants (the "Foreclosure").

B. On September 12, 2011, the Franklin County Court entered a judgment decree authorizing the Foreclosure (the "Judgment Decree").

C. On October 12, 2011, Movants appealed entry of the Judgment Decree. On December 30, 2011, Movants' appeal of the Judgment Decree was dismissed.

D. On June 6, 2012, the Franklin County Court entered an order confirming the foreclosure sale (the "Sale Confirmation Order").

E. On June 12, 2012, Movants appealed the entry of the Sale Confirmation Order (the "Appeal of Sale"), but the Appeal of Sale was dismissed by the Franklin County Court on June 18, 2012 (the "Dismissal Order").

       F.       On June 12, 2012, Movants filed a motion for an order in the above-captioned Chapter 11 cases, pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code"), granting relief from the automatic stay (Docket No. 456) (the "Lift Stay Motion").

       G.       Due and proper notice of the Motion has been made on all necessary parties.

       H.       On June 28, 2012, and again on July 10, 2012, Movants filed applications in the Franklin County Court of Appeals to reconsider entry of the Dismissal Order (the "Applications for Reconsideration").

       I.       On July 10, 2012, this Court held a hearing (the "Hearing") with respect to the Lift Stay Motion. At the Hearing, counsel for the Debtors consented to the relief sought in the Lift Stay Motion solely to permit Movants to pursue available state law remedies in connection with reconsideration of entry of the Dismissal Order in accordance with the Supplemental Servicing Order (as defined below).

       J.       On July 13, 2012, this Court entered the *Final Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses* [Docket No. 774] (the "Supplemental Servicing Order").

   K. On July 24, 2012, the Franklin County Court of Appeals denied the Applications for Reconsideration.

   L. The above-captioned debtors (the "Debtors") having consented to the relief sought in the Motion to the extent the relief is consistent with relief granted by the Supplemental Servicing Order on the terms and conditions contained in this Order, upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

   A. The Motion is resolved as set forth herein.

   B. Pursuant to the Supplemental Servicing Order, Movants may proceed to pursue state law remedies available to them, to the extent permitted under applicable state law, for reconsideration of entry of the Dismissal Order in the pending foreclosure action in the Franklin County Court bearing docket number 20877-C58 in accordance with the Supplemental Servicing Order.

   C. Except as provided in decretal paragraph one hereof, the provisions of the automatic stay, including, without limitation, those provisions prohibiting execution, enforcement or collection of any judgment that may be obtained against the Debtors and/or assets or property of the Debtors' estates (as defined in section 541 of the Bankruptcy Code) shall remain in full force and effect, and Movants, together with their respective agents, attorneys, or representatives, shall take no other action to execute, enforce or collect all of or any portion of any judgment from the Debtors or its estates or properties.

   D. The 14-day stay period under Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is hereby waived and this Order shall be immediately effective upon its entry.

    E.  This Court shall, and hereby does, retain jurisdiction with respect to all matters arising or related to the implementation or interpretation of this Order.

Dated: September 25, 2012
    New York, New York

                **\_\_\_\_/s/Martin Glenn_____**
                MARTIN GLENN
               United States Bankruptcy Judge