**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) ) | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) ) ) | Chapter 11 |
| Debtors. | ) ) | Jointly Administered |

**SECOND REVISED JOINT OMNIBUS SCHEDULING ORDER REGARDING DEBTORS' MOTION PURSUANT TO FED. R. BANKR. P. 9019 FOR APPROVAL OF RMBS TRUST SETTLEMENT AGREEMENTS**

Whereas, the Debtors have filed the following motions with this Court that are the subject of this revised proposed omnibus scheduling order: the *Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of RMBS Trust Settlement Agreements* (the "<u>RMBS Trust Settlement Agreements</u>") [ECF Doc. # 320] and the *Debtors' Supplemental Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of RMBS Trust Settlement Agreements* [ECF Doc. # 1176] (the "<u>Supplement</u>," and together with the Initial Motion, the "<u>9019 Motion</u>");

Whereas, The Bank of New York Mellon Trust Company, N.A., Deutsche Bank Trust Company Americas, Deutsche Bank National Trust Company, U.S. Bank National Association and Wells Fargo Bank, N.A., solely in their capacities as trustees or indenture trustees for certain mortgage or home equity lines of credit backed securities trusts (collectively, the "<u>RMBS Trustees</u>"), each acting as the trustee of some but not all of the Residential Mortgage-Backed Securitization Trusts ("<u>RMBS Trusts</u>"), with respect to which one or more of the Debtors is the sponsor, depositor, and/or servicer (all as more particularly described in the specific contracts relating to each such RMBS Trust) are party to certain Pooling and Servicing Agreements, Mortgage Loan Purchase Agreements, Indentures, Servicing Agreements and/or Trust Agreements (collectively, the "<u>PSAs</u>") with certain of the Debtors;

Whereas, the Debtors and the Steering Committee Group and the Talcott Franklin Group have entered into the RMBS Trust Settlement Agreements relating to certain of the RMBS Trusts (the "Settlement Trusts"), as the same may be modified from time to time (collectively, the "RMBS Trust Settlement");

Whereas, the Court entered the *Revised Joint Omnibus Scheduling Order and Provisions for Other Relief Regarding (I) Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of RMBS Trust Settlement Agreements, and (II) the RMBS Trustees' Limited Objection to the Sale Motion* [ECF Doc. # 945] on July 31, 2012 (the "July 31, 2012 Scheduling Order");

Whereas, a status conference was held on these issues on September 19, 2012. Subsequent to the September 19, 2012 status conference, counsel for the Debtors, the Official Committee of Unsecured Creditors (the "Creditors' Committee"), the RMBS Trustees, MBIA Insurance Corporation ("MBIA"), Wilmington Trust, N.A., as successor indenture trustee ("Wilmington Trust"), Financial Guaranty Insurance Company ("FGIC"), the Talcott Franklin Group, and the Steering Committee met and conferred in good faith;

Whereas, the parties have agreed on the following proposed schedule, which shall supersede the scheduling provisions of the Court's July 31, 2012 Scheduling Order, but no other provisions of that order; and

Whereas, the Court has considered the proposed schedule, it is hereby:

**ORDERED** that:

1)  AFI will substantially complete its rolling production of documents by September 24, 2012.

2) Any party seeking to introduce expert testimony at the hearing for the 9019 Motion shall designate its expert witnesses (other than rebuttal witnesses, if any) not later than September 28, 2012. The Steering Committee shall not designate an expert witness.

3) The Debtors will file any supplemental expert reports not later than September 28, 2012.

4) The Debtors will substantially complete their rolling production of documents by October 3, 2012.

5) The Talcott Franklin Group, and the Steering Committee Group to the extent its objections to production are denied, will substantially complete their rolling production of documents by October 3, 2012.

6) Any party seeking to introduce direct testimony at the hearing for the 9019 Motion shall designate its fact witnesses (other than adverse witnesses) not later than October 5, 2012. The Steering Committee shall not designate fact witnesses.

7) The Steering Committee shall have until October 5, 2012 to submit a supporting brief of up to 25 pages, plus supporting exhibits (but no other supporting evidence).

8) The Debtors will provide a partial privilege log showing documents withheld as privileged not later than October 5, 2012, identifying documents designated as privileged as of this date.

9) AFI and the Talcott Franklin Group, and the Steering Committee Group to the extent its objections to production are denied, will provide a privilege log showing documents withheld as privileged not later than 12:00 p.m. E.S.T. October 5, 2012.

10) The Debtors will provide a final privilege log showing documents withheld as privileged not later than 10:00 a.m. E.S.T. October 8, 2012.

3

11) Any party challenging the withholding or designation of any documents as privileged shall meet and confer with producing parties by 4:00 p.m. E.S.T. October 8, 2012.

12) The Court will hear disputes regarding the withholding or designation of documents on privilege grounds on October 10, 2012.

13) Any objecting party that intends to file an expert report shall file such report by 10:00 a.m. E.S.T. on October 19, 2012. In the event the RMBS Trustees choose not to object and to support the 9019 Motion, the RMBS Trustees shall file any expert reports by October 21, 2012.

14) Fact discovery will end on October 19, 2012.

15) Expert discovery of the Debtors' experts will end on October 19, 2012.

16) Expert discovery of the objecting parties' experts will end on October 26, 2012.

17) Any objection to the 9019 Motion by any party other than the RMBS Trustees shall be filed by October 24, 2012 and the RMBS Trustees shall file any such objections by October 26, 2012.

18) The Debtors' and Steering Committee's replies to any objections to the 9019 Motion, along with Debtors' reply expert reports, shall be filed by November 7, 2012; *provided, however,* that the Steering Committee's reply shall be limited in scope, in that it will not respond to any arguments that the total Allowed Claim that the RMBS Trusts would be given under the RMBS Trust Settlement Agreement is excessive in amount.

19) All adverse witness lists, exhibit lists, and direct testimony, and supplemental declarations of experts shall be filed by November 7, 2012.

5

20) The Court will hold a hearing on the 9019 Motion on November 13, 14, and 16, 2012.

21) The deadline for the RMBS Trustees to accept or reject the RMBS Trust Settlement on behalf of any Settlement Trust will be 14 days after the entry of an order approving the RMBS Trust Settlement. The Settlement Trusts that accept the RMBS Trust Settlement are referred to herein as the "Accepting Trusts", and the Settlement Trusts that do not accept the RMBS Trusts Settlement are referred to herein as the "Non-Accepting Trusts".

22) Except as provided in this order, all parties' rights with regard to the Sale Order are preserved.

Dated: September 25, 2012
      New York, New York

                                               **/s/Martin Glenn**
                                               **MARTIN GLENN**
                                       United States Bankruptcy Judge