MORITT HOCK & HAMROFF LLP
Attorneys for Cal-Western Reconveyance Corporation
400 Garden City Plaza
Garden City, NY 11530
(516) 873-2000
Leslie A. Berkoff, Esq.
lberkoff@moritthock.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                                                                 Chapter 11
                                                                                         Case No. 12-12020 (MG)

Residential Capital, LLC, *et al.*,
                                                                                         (Jointly Administered)
                                        Debtors.
-----------------------------------------------------------X

# OBJECTION TO THE FIRST SUPPLEMENTAL NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) CURE AMOUNTS RELATED THERETO

Moritt Hock & Hamroff LLP as counsel for Cal-Western Reconveyance Corporation ("**Cal-Western**") hereby submits, as and for, Cal-Western's cure claim in response to the Notice of (i) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (ii) Cure Amounts Related Thereto, Docket No. 924, filed in Residential Capital, LLC, Case No. 12-12020 (the "**Notice**") filed by the above-referenced Debtors (collectively, the "**Debtors**") and in support thereof, respectively sets forth more fully below:

    1.     In accordance with paragraphs 23-25 of the Sale Approved Order[1] this omnibus cure

---

[1] Unless otherwise indicated, capitalized terms not defined herein shall have the same meaning ascribed to such terms in the Order Under 11 U.S.C. §§ 105, 363(b) and 365 (i) Authorizing and Approving Sale Procedures, Including Payment of Break-Up Fees; (ii) Scheduling Bid Deadline, Auction (if necessary) and Sale Hearing; (iii) Establishing Assumption

claim (the "**Initial Cure Claim**") is made by Cal-Western, as a Master Servicer under certain Agreements all as more fully defined below as against GMAC Mortgage, LLC ("**GMAC**"), one of the Debtors. The undersigned is duly authorized and empowered to make this Initial Cure Claim on behalf of Cal-Western.

    2.    *Name of Claimant and Name/Address Where Notices Should be Sent.* Cal-Western files this Initial Cure Claim in the aggregate amount of $90,881.16 ("**Claim Amount**")[2] subject to the reservation of rights set forth below.

    3.    All court orders and notices with respect to this Initial Cure Claim should be send to:

Michelle Mierzwa
Cal-Western Reconveyance Corporation
525 East Main Street
El Cajon, CA 92020
(619) 569-1193

With copies to:

Leslie A. Berkoff, Esq.
Moritt Hock & Hamroff LLP
400 Garden City Plaza
Garden City, NY 11530
Phone: (516) 873-2000

    4.    *Basis for the Claim.* Pursuant to a May 4, 2012 Statement of Work ("**SoW**") by and between Cal-Western and GMAC, Cal-Western agreed to supply certain Trustee Services (as defined in the SoW) to GMAC for the handling of foreclosure and title actions. The terms and conditions governing the SoW were further set forth and detailed in a Master Services Agreement by and

---

and Assignment Procedures, Including Procedures for Fixing Cure Amounts; and (iv) Establishing Notice Procedures and Approving Forms of Notice [Docket No. 538].

[2] The Debtors list the proposed cure amount as $0. As set forth herein, Cal-Western vigorously disputes this amount.

between Cal-Western and GMAC also dated May 4, 2012 (the "**Master Agreement**" along with the SoW and other related documentation, including a Trustee Expectation Document, collectively referred to as the "**Agreements**").

5.  Pursuant to the terms of the Agreements, Cal-Western rendered services to or on the Debtors' behalf, for which sums are due and owing under invoices rendered on or before the Petition Date as well as after the Petition Date. (Copies of the Agreements are available upon written request as are copies of the invoices).

6.  Cal-Western's records indicate that as of the date of the filing of this Initial Cure Claim, the Claim Amount ($90,881.16) is due and owing to Cal-Western under the Agreements; however, this sum does not include any obligations which have not as yet been invoiced for work performed or to be performed prior the Sale and/or which were invoiced but have not yet come due.

7.  *Reservation of Certain Rights.* The Debtors have represented in their cure notices that no defaults exist under the terms of the Servicing Agreements. As such, Cal-Western reserves its rights to further amend this claim in the event it becomes aware of the following types of breaches:

> a.  Litigation. Recovery for any loss incurred in the event that Cal-Western becomes subject of any litigation brought, as a result of, *inter alia*, any improper practice(s) employed by GMAC in servicing the underlying loans. While Cal-Western is not aware of any litigation currently seeking to hold it liable, Cal-Western notes that as Debtors are defendants and/or targets of claims by obligors under various loans, which may in turn give rise to claims (whether or not meritorious) against Cal-Western and other parties. As such, Cal-Western cannot be certain that there are no litigation matters which might give rise to a claim by Cal-Western against the Debtors, for reimbursement, indemnity or contribution.
>
> b.  General Breaches of Servicing Standards. Cal-Western would also seek recover for any damages arising from the Debtors' breach of their obligations to properly service the underlying loans. Therefore, Cal-Western reserves the right to supplement or amend this claim in this regard.

8. Further, to the extent that there is a potential purchaser for the Debtors' assets by virtue of the pending sale, Cal-Western hereby reserves its right to contest whether that purchaser is qualified to carry on the obligations under the Agreements as well as the Debtors' ability to assume or assign these Agreements to any purchaser.

9. Cal-Western reserves the right to assert claims for indemnification of its monitoring efforts as administrative priority expense claims. Cal-Western reserves the right to amend and/or supplement this Cure Claim at any time and in any manner, and to file additional cure claims for additional claims which may be based on the respective rights and obligations arising under the Agreements, the relationship described herein or the events and circumstances described herein.

10. *Reservation of Rights to Document Claim.* Cal-Western reserves the rights to support its claim with any additional documents but believes all of the relevant agreements are in the control of Debtors. In addition, Cal-Western reserves the right to attach or bring forth additional documents supporting its claims and additional documents that may become available after further investigation and discovery. Cal-Western further reserves the right to file proofs of claim for administrative expenses, other claims entitled to priority, proofs of interest and proofs of claim against other parties, including but not limited to, affiliated debtors against which proofs of claim have not been filed, if any.

11. *General Reservation of Rights and Claims.* Cal-Western expressly reserves any rights, remedies, liens, interests, priorities, protections, defenses and claims which if may have against the Debtors or any subsidiaries, creditors, management and other parties under the Bankruptcy Code, and the rights and benefits at law or in equity to all of the rights and interests

under and with respect to the Agreements.

12. The filing of this Initial Cure Claim is not intended to be and should not be construed as (a) an election of a remedy, a waiver of any past, present or future defaults or events of default or a waiver or limitation of any rights, claims or causes of action of Cal-Western; (b) a consent of Cal-Western to the jurisdiction of this Court with respect to the subjection matter of this claim, any objection or other procedure commenced in this case or otherwise involving Cal-Western; or (c) a waiver of any right to (i) move to withdraw reference, or otherwise challenge the jurisdiction of this Court, with respect to the subject matter of this claim any objection or other proceeding commenced in this case against or otherwise involving Cal-Western; or (ii) assert that the reference has already been withdrawn with respect to the subject matter of this claim, any objection or other proceeding commenced with respect thereto or any other proceeding commenced in this case or otherwise involving Cal-Western. Cal-Western specifically preserves all of its procedural and substantive defenses and rights with respect to any claim that may be asserted against Cal-Western by the Debtors, any of its successors and assigns or by any trustee for the Debtors' estate.

Dated: September 25, 2012
      Garden City, New York

                MORITT HOCK & HAMROFF LLP
                Attorneys for Cal-Western Reconveyance Corporation

                By: /s/ Leslie A. Berkoff
                      Leslie A. Berkoff
                      400 Garden City Plaza
                      Garden City, NY 11530
                      (516) 873-2000 (phone)
                      (516) 873-2010 (facsimile)
                      e-mail: lberkoff@moritthock.com