

**TENTH JUDICIAL CIRCUIT OF ALABAMA**
D-300 JEFFERSON COUNTY COURTHOUSE
716 RICHARD ARRINGTON JR. BLVD. NORTH
BIRMINGHAM, ALABAMA 35203-0102
nicole.still@alacourt.gov

NICOLE G. STILL
Circuit Judge

Phone: (205) 325-5365
Fax: (205) 327-7304

September 25, 2012

The Honorable Martin Glenn
United States Bankruptcy Court
 Southern District of New York
  One Bowling Green
New York, New York 10004-1408

Re:  Residential Capital, LLC, et al.
     Case No. 12-12020-mg

     GMAC Mortgage LLC v. Derrius E. Silmon
     Case No. : AL-CV-2009-902322-NGS

Dear Judge Glenn:

As you may recall, the above- referenced case is an Alabama case set for a bench trial in my court. The affirmative defenses of the Defendant also form the basis of the Defendant/Counterplaintiff's counterclaims.

When we first spoke, the trial was imminent. I entered a brief continuance of the trial date to determine how to proceed. Yesterday, I held a status conference. There, the parties jointly requested that I reset the Plaintiff's Motion for Summary Judgment (the "SJ Motion"). The Defendant, however, raised the possibility that additional discovery may be necessary in connection with an affidavit submitted

by the Plaintiff in support of the SJ Motion. According to counsel, this may lead to a request to re-open discovery under Rule 56 (f).

Your Honor has set this case for a status conference on Thursday. I reviewed the transcript of your initial conference with these parties. At the conclusion of the conference, Your Honor indicated that you were inclined to lift the stay in this case and let it proceed to trial since the counterclaims are unique. I will, of course, defer to your judgment. The lawyers in this case are working on a joint stipulation to present to Your Honor, consistent with Your Honor's comments.

My suggestion, subject to your approval, is that the stay be lifted so that I can hear the SJ Motion on October 8, 2012. If the Defendant/Counterplaintiff files a Rule 56(f) motion, and if that motion is due to be granted, then the parties can revisit the stay with Your Honor. If the SJ Motion is granted, the action will be disposed of in its entirety. If, on the other hand, the SJ Motion is denied, and there is no Rule 56(f) relief, then I will conduct the bench trial, thereby disposing of the claims of all parties. Again, this is just a suggestion subject to your authorization.

Upon reflection, I did want to bring an issue to your attention without going into the specific facts of this case. It appears that the fundamental issue on summary judgment relates to ownership of the note and mortgage at the time of foreclosure. My finding though not yet determined may affect or create inconsistencies in other GMAC cases. In applying the *Sonnax* factors, this could be relevant. If so, you may want explore the issue with the lawyers during your status conference.

Please call me with any questions. I will be out of the office tomorrow for a religious holiday, but will return Thursday morning. I am happy to participate in Your Honor's status conference if that will be helpful.

Sincerely,

*Nikki A. Still*

NICOLE GORDON STILL