UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

RESIDENTIAL CAPITAL, LLC, *et al*.

Debtors.

Case No. 12-12020 (MG)

Jointly Administered

**ORDER DENYING MOTIONS OF PATRICK J. HOPPER FOR RECONSIDERATION OF ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF BRADLEY ARANT BOULT CUMMINGS LLP AS SPECIAL LITIGATION AND COMPLIANCE COUNSEL TO THE DEBTORS**

Pending before the Court are two motions for reconsideration filed by Patrick J. Hopper ("Hopper")—the *Motion to Reconsider the Court's August 10, 2012 Granting Order Docket 1077 of* ("First Reconsideration Motion") [Docket No. 1228], and the *Motion to Reconsider Order 1221 Authorizing Retention of Bradley Arant Boult Cummings LLC and Movant's Request to Investigate Suppressed Page and Altered Document Refiling of Docket 1228* ("Second Reconsideration Motion") [Docket No. 1351].

Both reconsideration motions ask the Court to reconsider the approval of the retention of Bradley Arant Boult Cummings LLP ("BABC") as Special Litigation and Compliance Counsel to the Debtors. The BABC retention was approved in an opinion issued on August 10, 2012—*Memorandum Opinion Granting Motion to Employ and Retain Bradley Arant Boult Cummings, LLP as Special Litigation and Compliance Counsel to the Debtors, Nunc Pro Tunc to May 14, 2012* [Docket No. 1077]. A separate order approving the retention was entered on August 20, 2012—*Order Under Sections 327(e) and 328 of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1 Authorizing (I) the Employment and Retention of Bradley Arant Boult*

*Cummings LLC as Special Litigation and Compliance Counsel to the Debtors, Nunc Pro Tunc to May 14, 2012, and (II) to Approving Alternative Billing Arrangement* [Docket No. 1221].

On July 9, 2012, the Debtors filed the Application to Retain Bradley Arant Boult Cummings LLP as Special Litigation and Compliance Counsel to the Debtors. On July 17, 2012, Hopper filed an objection to the BABC Retention Application ("Hopper Objection"). On July 30, 2012, Hopper filed a declaration in support of the Hopper Objection ("Hopper Declaration"). On August 6, the Debtors filed a response to the Hopper Objection ("Debtors' Response"). A hearing was held on the retention application on August 9, 2012. On August 10, 2012, the Court issued its Opinion granting the retention motion. In granting the retention motion, the Court overruled the Hopper Objection. On August 20, 2012, the separate order approving the BABC retention was entered.

On August 20, 2012, Hopper filed the First Reconsideration Motion; on August 30, 2012, Hopper filed the Second Reconsideration Motion.

The Hopper Objection complained that BABC has participated in unlawful conduct in connection with actions relating to robo-signing related matters. Hopper is currently a defendant in a litigious foreclosure action initiated by GMAC Mortgage, LLC ("GMAC") in Florida in December 2009, in which GMAC is represented by BABC ("Foreclosure Proceeding"). Hopper has filed several affirmative defenses and counterclaims in the Foreclosure Proceeding. Hopper objected to the retention of BABC in these cases based, among other things, on BABC's defense of the Debtors in robo-signing related matters. In addition, Hopper has asserted that BABC has taken "inaccurate, false and misleading statements and discovery."

In support of the Second Reconsideration Motion, Hopper argues that a page of the Hopper Objection as originally filed on ECF was "suppressed" from his limited objection (by

whom, it is unclear). Hopper, as a *pro se* litigant, does not have an ECF password so Hopper did not electronically file the Hopper Objection. The Hopper Objection had to be scanned and posted to ECF. One page that "specifically addresses the retention of BABC as special counsel in foreclosure issues" was not originally included when the Hopper Objection was posted to ECF. The corrected file containing the complete Hopper Declaration was uploaded and available on ECF on August 6, 2012, prior to the hearing on the BABC retention application. The missing page does not provide new evidence or establish that the Court overlooked available evidence. Moreover, Hopper even brought this issue to the Court's attention at the hearing on the retention application on August 9, 2012.

Rule 9023 of the Federal Rules of Bankruptcy Procedure incorporates Rule 59 of the Federal Rules of Civil Procedure, which regulates motions for amendment of a judgment. Under Rule 9023, "reconsideration is proper 'to correct a clear error of law or prevent manifest injustice.'" *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004) (internal citations omitted). "Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Key Mechanical Inc. v. BDC 56 LLC (In re BDC 56 LLC)*, 330 F.3d 111, 123 (2d Cir. 2003) (internal quotation marks and citation omitted). A motion for reconsideration may not be used "to enable a party to complete presenting his case after the court has ruled against him." *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995). Under Rule 9023, "[a] court may reconsider an earlier decision when a party can point to 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *In re Miller*, 2008

Bankr. LEXIS 3631, at *3, Case No. 07-13481 (MG) (Bankr. S.D.N.Y. Feb. 28, 2008) (citing *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004)).

Additionally, Rule 9024 incorporates Rule 60 of the Federal Rules of Civil Procedure, which sets forth the grounds on which a court may grant relief to a party from a final order. Rule 9024 provides that relief from an order can be granted for a clerical mistake or for "mistake, inadvertence, surprise, excusable neglect," newly-discovered evidence, fraud, misrepresentation, misconduct, where the order is void or has been satisfied, released, or discharged or "is no longer equitable, or for any other reason that justifies relief" from the order. FED. R. CIV. P. 60(a), (b). The moving party bears a heavy burden because Rule 60 provides extraordinary relief and is, therefore, generally viewed with disfavor. *Bowman v. Jack Bond* (*In re Bowman*), 253 B.R. 233, 240 (B.A.P. 8th Cir. 2000).

Hopper has failed to satisfy the standards for reconsideration. Neither the First Reconsideration Motion nor the Second Reconsideration Motion satisfies the standards under Rules 9023 or 9024. Neither the First Reconsideration Motion nor the Second Reconsideration Motion provides new evidence or establishes that the Court overlooked available evidence. Hopper has not shown that there has been any change in the law.

Therefore, based on the foregoing:

the First Reconsideration Motion [Docket No. 1228] is **DENIED**; and

the Second Reconsideration Motion [Docket No. 1351] is **DENIED**.

Both of Hopper's reconsideration motions are frivolous. Any further motions by Hopper challenging the BABC retention will result in the imposition of sanctions.

Dated:  September 27, 2012
        New York, New York

                                        */s/ Martin Glenn*
                                        MARTIN GLENN
                                  United States Bankruptcy Judge