Objection Deadline: September 28, 2012 at 5:00 p.m. (prevailing Eastern Time)
Sale Hearing Date: November 5, 2012 at 11:00 a.m. (prevailing Eastern Time)

Darrell W. Clark (DC-3549)
STINSON MORRISON HECKER LLP
1775 Pennsylvania Ave., NW, Suite 800
Washington, DC  20006
Tel:  (202) 785-9100
Fax: (202) 785-9163
E-mail: dclark@stinson.com

*Attorneys for Verizon Communications Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, *et al.*,[1] | : | Case No. 12-12020 (MG) |
| Debtors. | : | Jointly Administered |

**OBJECTION OF VERIZON COMMUNICATIONS INC. TO PROPOSED
CURE AMOUNT IN NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN
CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL
PROPERTY, AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL
PROPERTY AND (II) CURE AMOUNTS RELATED THERETO**

COMES NOW, Verizon Communications Inc., on behalf of itself and its wholly-owned subsidiaries ("Verizon"), by and through its undersigned counsel, and files its Objection to Proposed Cure Amount in Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto ("Objection").  In support of this Objection, Verizon states as follows:

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital LLC in Support of the Chapter 11Petitions and First Day Pleadings.

DB04/0048629.0501/6981425.1

## INTRODUCTION

Residential Capital, LLC, *et al.* ("Debtors") seek to establish cure amounts associated with the potential assumption and assignment of certain agreements with Verizon in connection with the proposed sale of a substantial portion of the Debtors' assets. Although Verizon does not oppose assumption and assignment, it objects to such assumption and assignment to the extent that the proposed cure fails to satisfy all existing defaults in accordance with 11 U.S.C. § 365(b).

## BACKGROUND

1.  On May 14, 2012, each of the Debtors filed a voluntary petition for relief with this Court under Chapter 11 of the Bankruptcy Code. The Debtors' cases are jointly administered.

2.  The Debtors are operating their businesses and maintaining their assets as debtors in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

3.  Prior to the filing of the Chapter 11 proceedings, one or more of the Debtors was a party to one or more telecommunications agreements with Verizon under which Verizon delivered advanced IP, data, voice and/or wireless solutions to the Debtors (the "Agreements").

4.  On May 14, 2012, the Debtors also filed a motion seeking, *inter alia*, (i) authorization and approval of certain proposed procedures (the "Sale Procedures") with respect to two proposed sales (the "Sale Transactions" or "the Sales") by certain of the Debtors of (a) the Purchased Assets (as such term is defined in the Asset Purchase Agreement by and between Nationstar Mortgage LLC and certain of the Debtors (the "Nationstar APA")); and (b) the Purchased Assets (as such term is defined in the Asset Purchase Agreement by and between Berkshire Hathaway Inc. ("BH") and certain of the Debtors) [Docket No. 61] ("Sale Motion").

5.     Pursuant to the Sale Procedures portion of the Sale Motion, the Court entered an order on June 28, 2012 approving, among other things, procedures for the assumption and assignment of certain executory contracts and unexpired leases pursuant to the Sales Transactions [Docket No. 538] (the "Sale Procedures Order").

6.     The Debtors are seeking approval of the substantive portion of the Sale Motion, including assumption and assignment of executory contracts and unexpired leases pursuant to the Nationstar APA, at a hearing to be held November 5, 2012.

7.     On July 26, 2012, in accordance with the Sale Procedures Order, the Debtors filed a Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto [Docket No. 924] ("Cure Notice").

8.     The Cure Notice includes several listings for Verizon, with a total proposed cure amount of $2,526.55 (the "Proposed Cure"):

| Name | Contract Type/Date | Cure Amount |
|---|---|---|
| Verizon Business Services Inc | Verizon Business Services Agreement | $2,526.55 |
| Verizon Business Services Inc | Amendment 1 to BSA | See Above |
| Verizon Business Services Inc | Amendment 2 to BSA | See Above |
| Verizon Business Services Inc | Amendment 5 to BSA | See Above |
| Verizon Business Services Inc | Amendment 4 to BSA | See Above |
| Verizon Business Services Inc | Amendment 7 to BSA | See Above |
| Verizon Business Services Inc | Amendment 6 to BSA | See Above |
| Verizon Business Services Inc | Amendment 3 to BSA | See Above |
| Verizon Select Services, Inc. | New Business Services Agreement GMACM – Revised Rates and T&Cs | See Above |
| Verizon Select Services, Inc. | Amendment 6 to the Business Services Agreement | See Above |
| Verizon Select Services, Inc. | Amendment to the Verizon Business Service Agreement | See Above |
| Verizon Select Services, Inc. | Amendment 2 Addition of Internet Ded. Price Protected T1 service | See Above |
| Verizon Select Services, Inc. | Amendmt 3 - EMEA services | See Above |
| Verizon Select Services, Inc. | Agreement to protect CPNI authorized users | See Above |
| Verizon Select Services, Inc. | Extend contract 1yr. Option Term and then Month-to-month Extended Term | See Above |
| Verizon Select Services, Inc. | Horsham 4WG & Witmer - PBX Maint renewal | See Above |

3

| | | |
|---|---|---|
| Verizon Select Services, Inc. | Purchase Order # 78571 - PBX Maintenance Horsham | See Above |
| Verizon Select Services, Inc. | Corporate rewards for billed telephone numbers | See Above |

9. The Proposed Cure is insufficient to cure the pre-petition debt owed to Verizon and assume the Agreements. According to the attached pre-petition statement of accounts, the Debtors owe a total of $327,191.91 to Verizon to cure the pre-petition monetary default under the Agreements. *See* Pre-petition Statement of Accounts, attached hereto as Exhibit A.

10. Although Proposed Cure is close to the pre-petition default owed to Verizon for the regulated accounts under the Agreements ($2,382.06), the Agreements also include non-regulated accounts, which carry a pre-petition default of $324,809.85. *See* Exhibit A.

11. As the cases proceed and Verizon continues to provide post-petition services to the Debtors' estates, additional amounts become due under the Agreements. Post-petition amounts are or may become due prior to the sale closing. Any post-petition amounts due must also be paid to Verizon in order to cure the existing default.

12. Verizon objects to the Proposed Cure to the extent that it falls short of curing the default owed to Verizon pursuant to the Agreements.

13. 11 U.S.C. § 365(b)(1) states, in pertinent part:

> (b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure such default . . . ;
>
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

14. A cure under 11 U.S.C. § 365 means that all unpaid amounts due under the agreement have been paid. *In re Network Access Solutions, Corp.*, 330 B.R. 67, 76 (Bankr. D. Del. 2005).

15. Accordingly, unless and until the Debtors cure the pre-petition balances owed to Verizon in full and pay any post-petition amounts which may be due, the Debtors cannot assume and assign the Agreements.

16. Verizon requests that payment of any cure amounts to Verizon be sent to undersigned counsel to ensure that the payments are properly applied.

WHEREFORE, Verizon respectfully requests this Court enter an Order:

a. conditioning the assumption and assignment of the Agreements upon the payment of the cure amount demanded herein with same being sent to counsel for Verizon; and

b. granting such other and further relief as this Court may deem equitable and proper.

Dated: September 27, 2012

/s/ Darrell W. Clark
Darrell W. Clark (DC-3549)
STINSON MORRISON HECKER LLP
1775 Pennsylvania Ave., N.W., Suite 800
Washington, D.C. 20006
Tel: (202) 785-9100
Fax: (202) 785-9163
E-mail: dclark@stinson.com

*Attorneys for Verizon Communications Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of September, 2012, I served a copy of the foregoing Objection of Verizon Communications Inc. to Proposed Cure Amount in Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto via first-class mail, postage prepaid, or, where indicated, via electronic mail, upon the following:

Morrison & Foerster LLP
1290 Avenue of the Americas
New York, NY 10104
(Attn: Larren M. Nashelsky and Gary S. Lee)

Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(Attn: Jessica C.K. Boelter)
E-mail: jboelter@sidley.com

Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036
(Attn: Kenneth H. Eckstein and Douglas H. Mannal)
E-mail: keckstein@kramerlevin.com; dmannal@kramerlevin.com

Office of the United States Trustee
for the Southern District of New York
33 Whitehall Street, 21st Floor
New York, NY 10004
(Attn: Brian Masumoto)

Munger, Tolles & Olson LLP
355 South Grand Avenue
Los Angeles, CA 90071
(Attn: Seth Goldman and Thomas Walper)
E-mail: seth.goldman@mto.com; twalper@mto.com

        /s/ Darrell W. Clark
        Darrell W. Clark (DC-3549)

DB04/0048629.0501/6981425.1