IN THE UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

**CORLA JACKSON**
**Plaintiff,**

V.                                                                                       NO. 12-12020 (MG)

**GMAC MORTGAGE**
**CORPORATION, ET AL**
**Defendants.**

# MOTION TO RE-CONSIDER RELIEF OF STAY

DEFENDANTS WAS NOT GRANTED A PROOF OF CLAIM

UNDER JUDGE MOHANEY AFTR MARCH 2006 ON FAKE ARREARAGES

THE DOCUMENTS THE DEFENDANTS PROVIDED THE COURTS WAS FRAUD

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COME NOW** CORLA JACKSON hereinafter called the (Plaintiff) files…

Plaintiff never received notice from the courts" or the Defendants that her relief of stay was denied without cause or explaining what the motion for relief of stay was not granted" when the Defendants did not own the note or the assignment by Federal Laws….We ask the courts to allow this case to proceed to trail in the United States District Court For The Southern Division Of Alabama" Under Demand By Jury Trial.

If the Defendants do own the Original Note" then they should not have a problem" allowing this case to proceed to trail!

Plaintiff has not received notices from the courts she found out by calling the Courts today September 26, 2012, to see what the delay was on the extention of time she requested. Plaintiff was injured in fire and suffers from injury's that need to allow her time to seek counsel and to be in court from out of state. The Defendants refused to produce the original loan documents to date or answer the motions filed producing all the documents requested to

prove her case. Which cannot be done by federal laws as spelled out in her amended complaint and motions she filed backed by case laws.

**Sturdivant v. BAC Home Loans, LP, [Ms. 2100245, Dec. 16, 2011] _ So. 3d _ (Ala. Civ. App. 2011). In Sturdivant, BAC Home Loans, LP ("BAC"), initiated foreclosure proceedings on the mortgage encumbering Bessie T. Sturdivant's house before the mortgage had been assigned to BAC.**

(a) Corrections Based on Clerical Mistakes; Oversights and Omissions. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

(c) Timing and Effect of the Motion.

(1) *Timing.* A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

(2) *Effect on Finality.* The motion does not affect the judgment's finality or suspend its operation.

(3) set aside a judgment for fraud on the court.

## ASSIGNMENT & TITLE FRAUD/ SLANDER OF TITLE,

On March 8, 2012, Financial Guaranty Insurance Co. (FGIC) sued Ally Financial (Ally) and two subsidiaries, including Residential Funding Company LLC, alleging that the defendants fraudulently induced FGIC to insure $693 million in residential mortgage-

backed securities. FGIC alleges that Ally misrepresented the quality of the loans backing the RMBS, the manner in which the loans

On November 30, 2011, Financial Guaranty Insurance Co. (FGIC) filed three lawsuits in New York State court against Ally Financial Inc.'s mortgage units. The complaints allege that the defendants committed fraud in order to obtain bond insurance, and committed other breaches of their insurance contracts, related to the sale of $3.8 billion in mortgage-backed securities....

## Courts require eidence of the entire chain of custody of the mortgage and note. The claimant must prove initially "that it is the creditor to whom the debt is owed or, alternatively, that it is the authorized agent of the creditor." Parrish , 326 B.R. at 719

GMAC MORTGAGE CORPORATION/GMAC MORTGAGE LLC anad their affiliates knew better. Their Intent Was To Rob The Debitor after causing her major damges.

NOTICE ON JUNE 1, 2012 (GMAC MORTGAGE and EXCUTIVE TRUSTEE) filed a Notice Of Stay And Effect Of Automatic Stay In A Joint Action. The Debitors Notice States that a Joint Action should be Stayed Pursuant to 11 U.S.C § 362 (a) .

This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The Motion Is A core proceeding pursuant to 28 U.S.C. § 157 (b) 2 (G).

The Court Should Order lifting or modifying the automatic stay pursuant to section 362 (d) of the Bankruptcy Code allowing Alabama Litigation to proceed to judgment against the Debtors along with the non-debtor defendants for a number of reasons.

In Nothern Pipeline Constr.Co. v. Marathon Pipe Line Co. (1982) 458 U.S. 50, the Supreme court considered constitutional restraints on bankruptcy court jurisdiction. The plurality distinguished those issues at the core of the federal bankruptcy power from the adjudication of state-created private rights" Id. At 71. The Bankruptcy court can exercise jurisdiction over the former, but cannot exercise jurisdiction over state law claim that arose pre-petition. Such claim can be adjudicated only in an Article III court. The Action In The Jackson Action and the Joint Action involved In Alabama Real Property Law , and should be adjudicated by Alabama Court .

**Section 362 (d) of the Bankruptcy Code provides that the automatic stay shall be modified for cause" 11 U.S.C. § 362 (d) (1).**

In Sonnax Standard, it will often be more appropriate to permit proceeding to continue in their place in origin, when no great prejudice to the bankruptcy estate would result, in a

order to leave parties in their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere" Matter of Holtkamp (7th Cir.1982) 669 R.2d505, (citing S. Rep. No. 989, 95th Cong., 2d Sess. 50 reprinted in 1978 U.S.C.C.A.N.5787, 5836 (affirming decision to lift stay to allow personal injury case to proceed because civil action did not jeopardize estate where the insurer assumed full financial responsibility for defending the litigation).

See" New York Med. Group, P.C. (Bankr, S.D.N.Y.2001) 265 B.R. 408, 413 (modifying the automatic stay to allow medical malpractice suit to proceed against liquidation debtor). The Plaintiff Jackson Got Injured In A Home Due To What The Defendants Did To Her. The House Caught Fire Due To Them Fabricating And Processing A Claim And They Ran Off With The Funds Leaving The Home Not Being completed And Signing Off On A Home And Note That Did Not Belong To Them Knowing The Home Could Not Pass Inspection Backing It By Security's For Full Value When They Knew The Condition Of The Home Was Never Completed And It Caught Fire From All The Water Damages And Note Being Restored Back To Its Original Position Blocking The Plaintiff From Taking A Loan Against Her Own Assets They Stole And Stalled Processing The Claims And After They Processed The Claims The Cased In The Policy's And Kept The Funds For Themselves Using Deceptive Practices.

**When a bankruptcy court cannot adjudicate pre-petition claims, the stay should be modified to permit the action to continue to the original court. See In re Cooke, 2007 WL 2102687 at \*3. Also See" Fraud Under Rule 60(b) and (59 (b).**

<u>**The Defendants (GMAC MORTGAGE CORPORATION/GMAC MORTGAGE LLC/RESIDENTIAL CAPITAL LLC/ALLEY BANK FINANCIAL) is in violation of a Stay Automatic Stay Order Due To Them Filing Bankruptcy.
They Proceeded To Sale Plantiff Home With Her Still In Her Home And Then They File Bankruptcy In New York To Aviod Charges And Fines In More Than One Way Once By The SEC And The United States Government and Again By The Plaintiff On A Note They Did Not Own At All" That Has Cost The Plaintiff Major Damages In All Kind Of Way More Than You Can Imagine.**</u>

See In re, <u>Jones v. Wells Fargo Home Mortgage</u>, Adv. No. 06-01093 (Bankr. E.D. La. August 29, 2007. The Court found Wells Fargo guilty of violating the automatic stay by improperly assessing post-petition charges in a Chapter 13 case, and diverting payments made by the Chapter 13 trustee to satisfy claims not authorized by the Chapter 13 plan or the Court. Further, the Court found that *this conduct was the normal court of business for Wells Fargo in perhaps thousands of consumer cases*. The Court awarded attorneys fees and expenses of $67,202.45 and considered a multi-million dollar punitive damages award due to the apparent widespread misconduct. However, Wells Fargo proposed changes (noted below, after the jump) in the way it does business in lieu of sanctions.

Further, Wells Fargo agreed to memorialize its proposal into an order of the Court, *"enforceable in any case pending or subsequently filed before any court in the country."* The Court agreed that this was an appropriate result and would enter an order setting forth this agreement, such that the Court could continue oversight over Wells

Fargo's implementation of the agreement. <u>**Jones v. Wells Fargo Home Mortgage Inc. (In re Jones), 2012 WL 1155715 (Banker. E.D. La. 4/5/12.**</u>

**The United States District Court For The Southern Division Of Alabama Stayed Jackson Case, After The Defendants Said They Were Filing Bankruptcy. An Order Was Attached, For Them To Report Back To The Courts. What The Defendants Did To Rob The Government On Assets They Backed By Security's That Did Not Belong To Them Was Sale The Plaintiff Home With Her In It, The Plaintiff Was Contacted That They Cashed In Policy's And Sold Her Home <u>Prior To Being Approved By The New York Administered Bankruptcy Court, To Proceed In Servicing Loans Under Alley Financial See June 13, 2012 Hearing And Date The Sale Of The House Took Place Without The New York Courts Being Notified.</u>**

**What They Did Was Go Around The Courts The Judges And The Administrators Over The Bankruptcy And Their Actions. This Is Why They Told Jackson Not To Come To New York And She Did Anyway To See What They Were Doing Next....They Deceived The Courts To Continue Robbing Victims Is What They Did On January 13, 2012 Not Telling The Judge What They Had Done As Well As The United States Government Which Owns Them On Their Notes Backed By Security On Stolen Property Using Deceptive Practices. <u>That Is What They Are Trying To Hide; They Were Cashing In Policy And Selling Homes Without Their Permission Or Their Knowledge Of What Profits They Made Illegally.</u>**

It Is A Fact The Defendants Were Not Even Approved By The Bankruptcy Courts Of New York, To Take Any Action On Selling Homes They Stole Or Anything Else. The Law Firms Were Note Even Approved Through Bankruptcy Courts, Or Any Of Their Actions. In Addition To This They Objected To Jackson Motion For Automatic Stay To Keep The Courts And Administrators From Finding Out What Their Affiliates And Law Firms Had Did And Was Doing In Using Alley Banks Licensing To Rob Victims Giving GMAC MORTGAGE Auto Industry And Bad Name, Under The Table By Casing In On Profits Going Around The Courts....

In re, (Cooper- Smith 2012 WL 1143801 (Bankr E.D.N.C. 4/4/2012).
Wells Fargo N.A. v. Stewart (In re (Stewart) 647F.3d553 (5th Cir. 3/11. In the light of Stewart the 5th Cir. Remanded the Case for consideration of punitive damages.

In BMW of North America Inc. v. Gore 517 U.S. 559 1996.  The Supreme Court Identified Three Factors For Determining The Propriety Of A Punitive Damage Award. The First Factor Is The Degree Of Reprehensible Conduct. There are Lots More Damages Filed In The United District Court Of The Southern Division Of Alabama That Will Be Disclosed In Trial To Help Victims And The United States Government And Prevent Other Judges From Being Deceived By The Defendants And Their Affiliates In Helping Them Commit Crimes On Homes That Was Backed By Security's That They Had Robbed So Many Victims Of. Jackson Prays The Courts Will Prevail In Bringing All Parties To Legal Justice By Federal Laws To Prevent Further Corruption Into Our Judicial Systems With The Defendants Their Partners And Shareholders That Is Not Above Federal Laws In Deceiving Judges And Courts For Profits Personal Gain And

Favor Versus the Law Robbing Victims Causing Them Major Damages Far For Personal Gain And Favor Versus The Law.  No One Is Above The Law In The United States.

As a general rule, filing bankruptcy effectively eliminates judgments, debts, tort liability and others types of general liability, on your secured instrument such as your home, and assets by law. The rule applies to Chapter 7, 11 and 13. The U.S. Bankruptcy Code This carves this out. The lower courts proceeded illegally against the law refusing to file a relief to proceed on any of these cases in Alabama. This is a **Violation** of the **United States Bankruptcy Code.**

By law from the very beginning the courts had to file for relief to proceed with this case in writing from Bankruptcy Court, and they did not, in order to protect Jackson the (PETITIONER) and her Assets. They could not do anything without the other meaning Bankruptcy Court and PETITIONER, and they knew this.
The Judgment was against the (Secured Instrument) and Jackson and an Attorney had to be provided to Jackson by law.

The Case Management/Electronic **Case Filing (ECF) system is the** Federal **Judiciary's** comprehensive case management system for all bankruptcy courts nationwide the Defendants as well as the Judges Involved" new this prior to issuing the illegal federal court orders to date" that has never been examine knowing the defendants did not own the Plaintiff/Victim Original Note It Was Impossible" the loan numbers or assignment or note never matched" and this was pointed out in every motion filed to date' and it was ignored.

In addition to this" they sold the plaintiff home violating a federal stay order against the victims robbing her over and over again using deceptive practices committing fraud" and this to was pointed out to the courts" prior to issuing granting the Defendants illegal orders.

The problem no one has examines this case" issuing illegal orders helping the defendants rob victims.

The Defendants Did Commit Fraud Under Rule 60 (b) And 59 (b) And God Only Knows What Else They Did.   Jackson Was Not Receiving Mail From The Courts On Orders Issues In Order To Get Their Sick or Obtain A Lawyer" Which Is Very Un-usual When The Defendants Robbed Her…

Corla Reeves Jackson      9-26-12
13230 Tom Gaston Road
Mobile, Alabama. 36695
Phone: 251.554.1785
corlajacksonvsgmacmortgage.info

# CERTIFICATE OF SERVICE

I certify that on <u>September 26, 2012</u> a true and correct copy of this motion was served to each person listed below.

**GMAC MORTGAGE CORPORATION, ET AL**

MORRISON & FOSTER LLP
1290 Avenue Of The Americas
New York, New York. 10104
Telephone: (212) 468-8000
Facesmile: (212) 468-7900

Attorneys

Gary S. Lee
Norman S. Rosenbaum
Erica J. Richards

Corla Reeves Jackson   9/26/2012
13230 Tom Gaston Road
Mobile, Alabama. 36695
Phone: 251.554.1785
corlajacksonvsgmacmortgage.info