Paul N. Papas II, *pro se*
4727 E Bell Rd.
Ste 45-350
Phoenix, AZ 85032
602-493-2016



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RESIDENTIAL CAPITAL, LLC<br>a/k/a RESIDENTIAL CAPITAL CORPORATION<br>1177 Avenue of the Americas<br>New York, New York 10036<br>Debtor | Chapter 11<br>Case No. 12-12020-mg<br>Joint Administration Pending |

## OPPOSTION AND OBJECTION TO THE SALE OR TRANSFER OF ANY DEBTOR RESCAP/GMAC "ASSETS"

Claimant/Creditor Paul N. Papas II, *pro se*, Opposes and Objects to the Sale or Transfer of ANY Debtor ResCap/GMAC "Assets" including but not limited to those within docket 1514 titled *"Limited Notice of De Minimis Sale"* dated September 21, 2012 as any sale or transfer would violate the Uniform Fraudulent Transfer Act as the actual owners of the assets that Debtor ResCap/GMAC claims to own has yet to be determined. Claimant/Creditor Paul N. Papas II Opposes and Objects to the Sale or Transfer of ANY Debtor ResCap/GMAC "Assets" until the following, and their underlying issues, have been fully adjudicated:

1. The Motion to Convert Debtor ResCap/GMAC to Chapter 7 Bankruptcy and its Memorandum in Support raises pertinent and relevant issues as to the Debtor ResCap/GMAC's actual claimed assets which need to be fully adjudicated before this Court, the Unsecured Creditors, any parties in interest and the general public can

Page **1** of **6**

determine what is available for sale. The Motion to Convert Debtor ResCap/GMAC to Chapter 7 Bankruptcy and its' Memorandum in Support provide this Court with evidence that Debtor ResCap/GMAC does not own much or most of what it claims to own. The Motion to Convert Debtor ResCap/GMAC to Chapter 7 Bankruptcy and it Memorandum in Support provide this Court with evidence that Debtor ResCap/GMAC has committed Bankruptcy Fraud and violated 18 USC 1961, *et seq* using the US Mail and wire transmissions in their fraudulent scheme of their Enterprise which is the foreclosures.

2. The Omnibus Reply in Support of Motion For An Order Appointing an Official Committee of Borrower's Pursuant To Section 1102(a) (2) of the Bankruptcy Code dated September 21, 2012 raises pertinent and relevant issues as to the Debtor ResCap/GMAC's actual claimed assets which need to be fully adjudicated before this Court, the Unsecured Creditors, any parties in interest and the general public can determine what is available for sale also. It is on the backs of borrowers that Debtor ResCap/GMAC has committed Bankruptcy Fraud and violated 18 USC 1961, *et seq* using the US Mail and wire transmissions in their fraudulent scheme of their Enterprise which is the foreclosures.

3. The Partial Joinder In Motion For Appointment Of Borrowers' Committee And Reply To Objections Of The Debtors And Unsecured Creditors' Committee To The Appointment Of A Committee To Protect The Interests Of The Borrower Class Of Claimants dated September 20, 2012 raises pertinent and relevant issues as to the Debtor ResCap/GMAC actual claimed assets which need to be fully adjudicated before this Court, the Unsecured Creditors, any parties in interest and the general public can determine what is available for sale also. . It is on the backs of borrowers that Debtor ResCap/GMAC has committed Bankruptcy Fraud and violated 18 USC 1961, *et seq* using the US Mail and wire transmissions in their fraudulent scheme of their Enterprise which is the foreclosures.

4. The Uniform Fraudulent Transfer Act (UFTA) provides that title to the Debtor's assets may not be transferred during the pendency of a civil action involving the

parties. At this point it can not be determined what assets Debtor ResCap/GMAC may actually own. If this and other Claimants, unsecured creditors, this Court and other parties in interest don't know what Debtor ResCap/GMAC actually owns, then it is impossible to determine the size of the estate and what might be available for sale. The following is a list of states participating in UFTA or the older version - Uniform Fraudulent Conveyances Act (UFCA)

| State | Statute(s) | Implements | Statute of Limitation |
|---|---|---|---|
| Alabama | §§ 8-27-1 to 8-27-6. | UFTA | 4 years; § 8-9A-9(3) |
| Alaska | AS § 34.40.010 to 34.40.130. | Neither | 4 years |
| Arizona | ARS §§ 44-1001 to 44-1010. | UFTA | 4 years; § 44-1009 |
| Arkansas | ACA §§ 4-59-201 to 4-59-213. | UFTA | **3 years**; § 4-59-209 |
| California | West's Ann.Cal.Civ. Code, §§ 3439 to 3439.12. | UFTA | 4 years; within 7 regardless of discovery rule, § 3439.09 |
| Colorado | CRSA §§ 38-8-101 to 38-8-112 | UFTA | 4 years; § 38-8-110 |
| Connecticut | CGSA §§ 52-552a to 52-552*l*. | UFTA | 4 years; § 52-552j |
| Delaware | 6 Del. Code §§ 1301 to 1311. | UFTA | 4 years; § 1309 |
| District of Columbia | DC ST §§28-3101 to 28-3111. | UFTA | 4 years; § 3109 |
| Florida | West's FSA §§ 726.101 to 726.112. | UFTA | 4 years; § 726.110 |
| Georgia | CGA § 18-2-70 to 18-2-80. | UFTA | 4 years; § 9-3-35 |
| Hawaii | §§ 651C-1 to 651C-10. | UFTA | 4 years; § 651C-9 |
| Idaho | §§ 55-910 to 55-921. | UFTA | 4 years; § 55-918 |
| Illinois | 740 ILCS 160/1 to 160/12. | UFTA | 4 years; § 10 |
| Indiana | §§ 32-18-2-1 to 32-18-2-21. | UFTA | 4 years; § 32-18-2-19 |

| Iowa | ICA §§ 684.1 to 684.12. | UFTA | **5 years;** § 684.9 |
|---|---|---|---|
| Kansas | Kan. Stat. Ann. §§ 33-201 to 33-212. | UFTA | 4 years; § 33-209 |
| Kentucky | KRS 378.010 to 378.100. | **UFCA** | **5 years;** 413.120 (based on fraud) |
| Louisiana | West's La. Stat. Ann. §§ 2790.1 to 2790.12, repealed 2006. La. Civ. Code § 2036 et seq. | **UFTA Repealed** | **Lesser of 1 year** of learning of transfer; **3 years** of occurrence |
| Maine | 14 M.R.S.A. §§ 3571 to 3582. | UFTA | **6 years;** § 3580 |
| Maryland | Md. Code, Commercial Law, Title 15, Subtitle 2, §§ 15-201 to 15-214 | **UFCA** | Likely 3 years; (based on fraud) |
| Massachusetts | MGLA c. 109A, §§ 1 to 12. | UFTA | 4 years; § 10 |
| Michigan | MCLA §§ 566.31 to 566.43. | UFTA | **6 years;** § 566.39(a) |
| Minnesota | MSA §§ 513.41 to 513.51. | UFTA | **6 years;** § 541.05(1)(6) (based on fraud) |
| Mississippi | Miss. Code Ann. § 15-3-101 to 15-3-121. | UFTA | **3 years;** § 15-3-115 |
| Missouri | V.A.M.S. §§ 428.005 to 428.059. | UFTA | 4 years; § 428.049 |
| Montana | MCA §§ 31-2-326 to 31-2-342. | UFTA | 4 years; § 31-2-341 |
| Nebraska | Neb. Rev. Stat. §§ 36-701 to 36-712. | UFTA | 4 years; § 36-710 |
| Nevada | N.R.S. 112.140 to 112.250. | UFTA | 4 years; § 112.230 |
| New Hampshire | NH Rev. Stat. §§ 545-A. | UFTA | 4 years; § 545-A9 |
| New Jersey | NJSA §§ 25:2-20 to 25:2-34. | UFTA | 4 years; § 25:2-31 |
| New Mexico | NMSA §§ 56-10-14 to 56-10-25. | UFTA | 4 years; § 56-10-23 |

| New York | NY Debtor Creditor Law §§ 270 to 281. | **UFCA** | **6 years**; CPLR § 213(1) (per general fraud)* |
|---|---|---|---|
| **North Carolina** | NCGSA §§ 39-23.1 to 39-23.12. | UFTA | 4 years; § 39-23.9 |
| **North Dakota** | NDCC §§ 13-02.1-01 to 13-02.1-10. | UFTA | 4 years; § 13-02.1-09 |
| **Ohio** | Ohio Revised Code §§ 1336.01 to 1336.11. | UFTA | 4 years; § 1336.09 |
| **Oklahoma** | 24 Ok. Stat. Ann. §§ 112 to 123. | UFTA | 4 years; § 121 |
| **Oregon** | ORS §§ 95.200 to 95.310. | UFTA | 4 years; § 95.280 |
| **Pennsylvania** | 12 Pa. CSA §§5101 to 5110. | UFTA | 4 years; § 5109 |
| **Puerto Rico** | English or Spanish civil law. 31 LPRA § 3492. | **Neither** | Unknown |
| **Rhode Island** | Gen. Laws 1956, §§ 6-16-1 to 6-16-12. | UFTA | 4 years; § 6-16-9 |
| **South Carolina** | SC Code Ann. § 15-3-530(7). | **Statute of Elizabeth** | **3 years**; SC Code Ann. § 15-3-530(7) |
| **South Dakota** | SDCL 54-8A-1 to 54-8A-12. | UFTA | 4 years; § 54-8A-9 |
| **Tennessee** | §§ 66-3-301 to 66-3-315. | **UFCA** | 4 years; § 66-3-310 |
| **Texas** | VTCA Bus. & C. §§ 24.001 to 24.013. | UFTA | 4 years; § 24.010 |
| **Utah** | UCA 1953, 25-6-1 to 25-6-14. | UFTA | 4 years; § 25-6-10 |
| **Vermont** | 9 VSA §§ 2285 to 2295. | UFTA | 4 years; § 2293 |
| **Virgin Islands** | 28 VIC §§ 201 to 212. | **UFCA** | Unknown |
| **Virginia** | VA Code Ann. § 55-80. | **Neither** | **None**, only doctrine of laches |
| **Washington** | West's RCWA 19.40.011 to 19.40.903. | UFTA | 4 years; § 19.40.091 |
| **West Virginia** | §§ 40-1A-1 to 40-1A-12. | UFTA | 4 years; § 40-1A-9 |
| **Wisconsin** | Wisconsin Statutes §§ 242.01 to 242.11. | UFTA | 4 years; § 242.09 |

Page **5** of **6**

| Wyoming | §§ 34-14-201 to 34-14-212 (adopted 2006, formerly UFCA). | UFTA | 4 years; § 34-14-210 |
|---------|-----------------------------------------------------------|------|----------------------|

THEREFORE, for the above stated reason, *supra*, any and all sales of assets or transfers of assets of the Debtor ResCap/GMAC must cease FORTHWITH unless and until the above unresolved matters have been fully adjudicated, and an accurate accounting of Debtor ResCap/GMAC's assets has been made and agreed upon by the parties in interest.

Dated September 24, 2012

Paul N. Papas II

### Affidavit in Support

I, Paul N. Papas II, state and depose the above information is true based upon personal observation, knowledge and belief under the pains and penalties of perjury dated this 24th day of September 2012.

Paul N. Papas II

### Certificate Of Service

I have served a copy of this upon; United States Trustee, Tracey Hope Davis, 33 Whitehall Street, 21st Floor, NY, NY 10004; Attorney Larren M. Nashelsky, MORRISON & FOERSTER, LLP, 1290 Avenue of the Americas, NY, NY, 10104 and Attorney Wendy Allison Nova, 210 Second Street NE, Minneapolis, MN 55413. by email and/or by Regular Mail as well as those on the July 12, 2012 notice list.
Dated September 24, 2012

Paul N. Papas II