UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

**ORDER UNDER SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE
AUTHORIZING THE REIMBURSEMENT OF EXPENSES INCLUDING
<u>COUNSEL FEES INCURRED BY THE INDEPENDENT DIRECTORS</u>**

Upon the motion (the "<u>Motion</u>")[1] of the Debtors, as debtors and debtors in possession (collectively, the "<u>Debtors</u>"), for the entry of an order (this "<u>Order</u>") under sections 105 and 363 of the Bankruptcy Code, authorizing the reimbursement of expenses including counsel fees incurred by the Independent Directors, upon the Moldovan Declaration and upon the Hamzehpour Declaration; it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, DECREED AND ADJUDGED THAT:**

1.  The Motion is granted to the extent provided herein.

---

[1] All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

2. The Debtors are authorized to satisfy, pay, and reimburse on behalf of the Independent Directors all reasonable expenses, including reasonable charges for professional services rendered and disbursements incurred by Morrison Cohen as counsel to the Independent Directors.

3. Morrison Cohen shall be compensated and reimbursed in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the guidelines established by the Executive Office of the United States Trustee, and such other procedures as may be fixed by order of this Court (collectively, the "Compensation Guidelines").

4. Morrison Cohen shall file fee applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the Compensation Guidelines.

5. Prior to any increases in Morrison Cohen's hourly rates, Morrison Cohen shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtors, the United States Trustee and any official committee.  The supplemental affidavit shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether Morrison Cohen's client has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

5. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

7. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

8. Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

Date:
    September 27, 2012
    New York, New York

                                                                       **/s/Martin Glenn**
                                                                       MARTIN GLENN
                                                    United States Bankruptcy Judge