SULLIVAN & CROMWELL LLP  
Brian D. Glueckstein  
125 Broad Street  
New York, New York 10004  
Telephone:   (212) 558-4000  
Facsimile:    (212) 558-3588  

*Counsel to JPMorgan Chase Bank, N.A.*

Hearing Date:  November 19, 2012 at 10:00 a.m.  
Objection Deadline:  September 28, 2012 at 5:00 p.m.

**UNITED STATES BANKRUPTCY COURT**  
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:  <br><br>RESIDENTIAL CAPITAL LLC, *et al.*,  <br><br>　　　　　　　Debtors. | Chapter 11  <br><br>Case No. 12-12020 (MG)  <br><br>(Jointly Administered) |

**RESERVATION OF RIGHTS AND LIMITED OBJECTION OF**  
**JPMORGAN CHASE BANK, N.A. TO NOTICE AND FIRST AMENDED AND**  
**RESTATED NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN**  
**CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL**  
**PROPERTY, AND UNEXPIRED LEASES OF NONRESIDENTIAL**  
<u>**REAL PROPERTY AND (II) CURE AMOUNTS RELATED THERETO**</u>

JPMorgan Chase Bank, N.A. ("**JPMorgan Chase**") hereby submits this reservation of rights and limited objection to the Debtors' Notice and First Amended and Restated Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto (the "**Notice**") [Docket Nos. 924 and 1484], and respectfully states:

SC1:3307712.2

**RESERVATION OF RIGHTS AND LIMITED OBJECTION**

1. JPMorgan Chase has identified certain contracts and documents listed on the Debtors' Notice schedules that either are expired or otherwise not executory, or for which JPMorgan Chase requires more information in order to determine its rights and interests. JPMorgan Chase has advised the Debtors of its objections and has been working constructively to resolve these issues. While JPMorgan Chase is hopeful that these issues can be consensually resolved, JPMorgan Chase interposes this reservation of rights and limited objection to ensure its rights are protected. JPMorgan Chase reserves all of its rights, including, but not limited to all rights under the agreements identified herein, and its right to be heard at any hearing at which the Debtors seek authorization to assume and/or assign these purported contracts.

**A.     Documents Related the Debtors' Banking Relationship with JPMorgan Chase.**

2. JPMorgan Chase is the Debtors' primary depositary institution, with approximately 2,600 deposit accounts held at JPMorgan Chase. JPMorgan Chase welcomes the opportunity to speak with the purchaser of the Debtors' assets about continuing the account relationship it currently has with the Debtors. Whether or not that relationship continues after the asset sale will be the result of direct negotiations between JPMorgan Chase and the purchasing party. The Debtors included 13 contracts on its Notice schedules that relate to the Debtors' deposit account banking relationship with JPMorgan Chase that are not appropriately assumed and assigned pursuant to section 365 of the Bankruptcy Code. JPMorgan Chase has raised this issue with the Debtors and is engaged in discussions in an attempt to resolve its concerns.

3. The 13 contracts appear on pages 39 and 40 of 81 of Exhibit 2 to the Notice, the Debtors' schedule of vendor contracts. They begin with the last entry on page 39

(Residential Funding Corporation – Electronic Services and License Agreement) and continue through the first twelve entries on page 40 (Residential Funding Corporation – Merger Information Letter). None of these agreements is executory and assumable. The documents listed at line 5 (Remittance services (Lockbox) Agreement) and line 9 (GLBA Agreement) on page 40 relate to lockbox services provided by a business sold by JPMorgan Chase in 2009. GMAC LLC provided written acknowledgement of assignment of the lockbox agreements in 2009. Moreover, the entry on the Notice's Exhibit 2 at line 12 of page 40 is a letter to customers and not a contract. The remaining nine entries have each been superseded by an account terms agreement with JPMorgan Chase, so that none of those agreements remain executory and subject to assumption and assignment.

4. JPMorgan Chase further submits that contracts governing the deposit account banking relationship with the Debtors cannot simply be assumed and assigned. JPMorgan Chase faces operational and regulatory restrictions, including "Know Your Customer" rules, that would require it to establish a banking relationship with the ultimate purchaser of the Debtors' assets in order to provide the purchaser deposit account services such as those in connection with the account terms agreement. JPMorgan Chase welcomes discussions with bidders—whether the purchaser is Nationstar Mortgage LLC or another party—regarding the possibility of JPMorgan Chase remaining a depositary bank for the loan servicing business being sold. If agreement is reached, JPMorgan Chase will enter into a novation or other agreement with the purchasing party in order to effectuate an assignment of the relevant deposit accounts and continue the account relationship.

**B.    Rights and Cure Amounts Under Servicing Agreements.**

5. The Debtors have included at least 85 contracts on the Amended and Restated Primary Servicing Schedule relating to agreements with JPMorgan Chase or its

-3-

affiliates.[1]  JPMorgan Chase has requested additional information from the Debtors with respect to these agreements in an attempt to determine the roles of the parties under each contract and to identify where any Debtor is servicing loans for JPMorgan Chase.  The information currently available to JPMorgan Chase does not permit it to determine whether there are cure amounts owed to JPMorgan Chase under any of these agreements.  JPMorgan Chase therefore reserves all of its rights as to cure amounts owed with respect to these 85 contracts and any others subsequently identified.  JPMorgan Chase has discussed these issues with the Debtors and continues to work to obtain the necessary information in order to protect any rights it has under these agreements.

          6.      Section 365 of the Bankruptcy Code requires that the Debtors (or their assignee) satisfy the terms of any assumed executory contract.  JPMorgan Chase therefore does not expect that the Debtors seek to alter its rights, including the right to receive and retain payment for loan servicing advances, if any, made by JPMorgan Chase in connection with loan servicing it may have provided in connection with any of the contracts the Debtors seek to assume and assign.  JPMorgan Chase reserves its rights under the servicing agreements, including, but not limited to receiving loan servicing advances, pending determination of the scope of its rights.  No order entered assuming servicing contracts should impact or alter the existing rights of JPMorgan Chase under any agreement.

---

[1] JPMorgan Chase has identified potential rights in at least the following servicing agreements: (i) agreements with Banc One-FB, listed on page 4 of 55 of Exhibit 2 of the Amended Notice; (ii) agreements with EMC Mortgage LLC listed on pages 15-19 of 55 of Exhibit 2 of the Amended Notice; (iii) agreements with JPMorgan Chase Bank and JPMorgan Chase Bank, N.A., listed on page 29 of 55 of Exhibit 2 of the Amended Notice; and (iv) agreements with Washington Mutual Mortgage Securities Corporation, listed at page 53 of 55 of Exhibit 2 of the Amended Notice.

  **C. Miscellaneous Expired Vendor Contracts.**

  7. JPMorgan Chase has identified five other contracts on the Debtors' Notice schedules that are expired and therefore not subject to assumption under section 365 of the Bankruptcy Code. These contracts include:

- Exhibit 2, Vendor Contracts, page 7 of 31 at line 4, the "Dreyfus Service Agreement" between Homecomings Financial Network, Inc., and Banc One Securities Corporation.

- Exhibit 2, Vendor Contracts, page 7 of 31 at line 5, "Open a Ban One Securities Account Today" between Homecomings Financial Network, Inc. and Banc One Securities Corporation.

- Exhibit 2, Vendor Contracts, page 7 of 31 at line 13, "Fixed Income Derivatives Confirmation and Agreement" between Residential Funding Corporation and Bear, Stearns & Co. Inc.[2]

- Exhibit 2, Vendor Contracts, page 7 of 31 at line 14, "Data Sharing Agreement" between Residential Funding Corporation and Bear, Stearns & Co. Inc.

  8. These expired contracts should be removed from the Debtors' schedules, and JPMorgan Chase has raised this issue with the Debtors. The Debtors have indicated that these five contracts appear expired but have yet to agree to remove them from the universe of agreements that the Debtors seek Court authorization to assume. JPMorgan Chase will continue to work with the Debtors but reserves all of its rights with respect to these five agreements.

---

[2] In the response to JPMorgan Chase's inquiry concerning this agreement, the Debtors' counsel identified a Master Netting Agreement, dated as of November 9, 2007 between Residential Funding Company, LLC and Bear Stearns Mortgage Capital Corporation which also has expired.

Dated: September 27, 2012
New York, New York

/s/ Brian D. Glueckstein
Brian D. Glueckstein
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone:    (212) 558-4000
Facsimile:    (212) 558-3588

*Counsel to JPMorgan Chase Bank, N.A.*

SC1:3307712.2