PAUL J. PASCUZZI – CA Bar No. 148810
(*Pro Hac Vice*)
FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI, LLP
400 Capitol Mall, Suite 1450
Sacramento, CA  95814
Telephone:  (916) 329-7400
Facsimile:  (916) 329-7435
Email:  ppascuzzi@ffwplaw.com

Attorney for California Housing Finance Agency

Hearing Date:  **November 19, 2012**
Hearing Time:  **10:00 a.m.**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC., et al.,<br><br>Debtors. | Case No.  12-12020 (MG)<br><br>Chapter 11<br><br>Jointly Administered) |

**OBJECTION OF CALIFORNIA HOUSING FINANCE AGENCY TO NOTICE OF
(I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY
CONTRACTS AND UNEXPIRED LEASES OR PERSONAL PROPERTY, AND
UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) CURE
<u>AMOUNTS RELATED THERETO</u>**

California Housing Finance Agency ("CalHFA"), by and through its undersigned counsel, hereby submits its Objection ("Response") to the Debtors' *Notice of (i) Debtors' Intent to Assume and Assign Certain Executory Contracts and Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (ii) Cure Amounts Related Thereto* (Dkt No. 924) ("Cure Notice") provided as part of the Sale Procedures Order entered on June 28, 2012 (Dkt. No. 538).[1]

**INTRODUCTION**

CalHFA hereby responds and objects to the Debtors' request to assume and assign to Nationstar the servicing and origination agreement described in Exhibit 3a to the Cure Notice on the

---

[1] All defined terms not defined in this Response have the meanings which the Sale Procedures Order ascribes.

-1-

following grounds:[2]

1. The Debtors propose to assume only part of the executory contract with CalHFA. An executory contract must be assumed in its entirety and the Debtors should be required to assume the CalHFA servicing and origination agreement in its entirety.

2. The cure amount for the agreement to be assumed and assigned with CalHFA is actually $45,100 as of August 15, 2012, not zero, as stated in the Cure Notice. This amount is comprised of unpaid penalties incurred by debtor GMAC Mortgage, LLC ("GMAC") both pre- and post-petition with regard to servicing issues described herein.

3. Nationstar has failed to apply to be a CalHFA Servicer and, without applying to become a CalHFA Servicer, Nationstar has not shown that it can meet the criteria to be qualified to become a CalHFA Servicer under the terms of the agreement. Accordingly, the Debtors have not shown adequate assurance of future performance, which prevents the Debtors from assigning the CalHFA agreement to Nationstar.

4. Pursuant to the Sale Procedures Order, CalHFA will be contacting the Debtors to attempt to resolve these issues in advance of the Sale Hearing.

**FACTUAL BACKGROUND RELEVANT TO THE RESPONSE AND ARGUMENT**

5. The Debtors commenced these cases under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on May 14, 2012.

6. GMAC, one of the Debtor entities, entered into a Mortgage Purchase and Servicing Agreement ("Agreement") with CalHFA on February 12, 2007. Declaration of Gregory Carter in Support of Response filed herewith ("Carter Decl.") at ¶ 5. A true and correct copy of the Agreement is attached to the Carter Decl. as Exhibit A. While Exhibit 3a of the Cure Notice lists two entries referencing Contract Number 1025 with CalHFA, CalHFA is informed and believes that

---

[2] The Debtors provided notice in the *First Supplemental Notice of (i) Debtors' Intent to Assume and Assign Certain Executory Contracts and Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (ii) Cure Amounts Related Thereto* (Dkt. No. 1459) filed on September 14, 2012 of the Debtors' intent to assume and assign another agreement with CalHFA, namely the "CALHFA Servicer Participation Agreement/Hardest Hit Fund. CalHFA does not object either to the cure amount provided with respect to that agreement or the assumption and assignment of that agreement to Nationstar.

-2-

these two references refer only to the Agreement. Carter Decl. at ¶ 6.

7. Under the Agreement, GMAC agreed both to originate and service eligible loans made pursuant to CalHFA's single family home loan program. Section III.1 of the Agreement provides in relevant part: "Lender shall service the Loans in accordance with the most restrictive requirements of the following: (i) this Agreement; (ii) the Servicer's Guide and/or Program Bulletins, to the extent not inconsistent with this Agreement, (iii) the requirements of the applicable Mortgage Insurer, and (iv) the customary practices of prudent lending institutions." The Servicer's Guide is a lengthy document which, among other things, provides for penalties to be assessed to the CalHFA loan servicers if certain conditions are not met. For example, FHA/VA/USDA loans are to have a grant deed recorded to convey title from CalHFA to the insurer or the servicer within 90 days of the trustee sale date. A servicer is subject to a fifty ($50) dollar per day penalty assessment, with no maximum, for failing to comply with this requirement. Carter Decl. at ¶ 7.

8. Pursuant to the Cure Notice, the alleged cure amount for the Agreement is listed as $0.00. This amount is incorrect. As set forth in detail in a letter sent to GMAC by CalHFA dated August 15, 2012, GMAC owes CalHFA $45,100 in penalties for recording grant deeds late. Carter Decl. at ¶ 9 and Exhibit B thereto.

9. Section II.4 of the Agreement provides in relevant part: "At all times during the term of this Agreement Lender shall be an approved FHA single family servicer and direct endorsement lender and shall be an approved FNMA seller, servicer and lender." CalHFA's Servicer's Guide, which is incorporated by reference in the Agreement, has provisions and procedures addressing the qualifications and application to become a servicer. The CalHFA approval process includes the disclosure of certain information as well as a site visit by CalHFA auditors as a means for insuring that a servicer has the experience and capacity to service CalHFA's loans. Although Nationstar has applied to CalHFA to be an approved lender, it has not sought to be an approved servicer. Carter Decl. at ¶¶ 9-10 and Exhibit C.

///

///

///

# ARGUMENT

### A. The Debtors Must Assume the Entire Agreement, Not Just the Servicing Agreement.

10. "An executory contract may not be assumed in part and rejected in part. The trustee must either assume the entire contract, *cum onere*, or reject the entire contract, shedding obligations as well as benefits." 3 *Collier on Bankruptcy* ¶ 365.03[3], p. 365-27 (16th ed. 2012).

11. In the Cure Notice, the Debtors state that: "In cases where a Servicing Agreement (as defined in the Nationstar APA) is contained within the same writing as an agreement related to loan origination, (i) the Debtors intend to assume and assign to the Purchaser only the Servicing Agreement; (ii) the origination agreement shall be severed from the multi-agreement document pursuant to the Nationstar Sale Approval Order; and (iii) the Purchaser shall have no liability under any origination agreement." Cure Notice at ¶ 7. In the Memorandum of Law filed in support of the Sale Motion, the Debtors assert that "the severing of the 'Other Agreements' has been approved in circumstances very similar to those before this Court. See DB Structured Prods. v. Am. Home Mortg. Holdings, Inc. (In re Am. Home Mortg. Holdings, Inc.), 402 B.R. 87 (Bankr. D. Del. 2009) (holding that mortgage servicing rights included in the same document as other commitments are severable from loan sale commitments.)" Memorandum of Law (Dkt. No. 62) at ¶ 53 (footnote omitted). However, *Am. Home Mortg.* is inapposite.

12. In *Am. Home Mortg.* the parties to the agreement at issue stipulated for purposes of the appeal that the agreement was not an executory contract. *Am. Home Mortg.*, 402 B.R. at 93. Consequently, the ability of mortgage servicing rights included in the same document as other commitments to be severed from loan sale commitments was decided under Bankruptcy Code section 363, not section 365. The Debtors provide no legal basis for severing servicing agreements from origination agreements and assuming and assigning only part of an executory contract under Bankruptcy Code section 365. The Debtors should be required to assume the entire Agreement.

13. Here, however, Nationstar has applied to become an approved CalHFA lender, but it has not applied to become an approved servicer. Thus, even were the Debtors' attempt to sever the lending provisions of the Agreement from the servicing provisions appropriate (which it is not),

Nationstar has not shown that it is qualified to become a CalHFA servicer as proposed in the Sale Motion.

### B.   If the Court Permits Assumption, the Cure Amount Is $45,100.

14.   Section 365(b)(1)(B) of the Bankruptcy Code requires that the debtor-in-possession cure all actual pecuniary loss to the other party to a contract prior to assuming that contract. 11 U.S.C. § 365(b)(1)(B). GMAC has incurred pre- and post-petition penalties under the Agreement which remain unpaid. Thus, the actual cure amount for the Agreement is $45,100, not zero as asserted in the Cure Notice. Carter Decl. ¶ 9 and Exhibit B. The Debtors should not be permitted to assume the Agreement unless the Debtors pay CalHFA $45,100, plus any other amounts that may become due post-petition for penalties and other charges under the Agreement.

### C.   If the Court Permits Assumption, the Debtors and Nationstar Have Failed to Show Adequate Assurance of Future Performance

15.   Section 365 of the Bankruptcy Code authorizes the assumption and assignment of an executory contract provided that any defaults under such contracts are cured and adequate assurance of future performance is provided. 11 U.S.C. § 365(f)(2). "The requirement that adequate assurance of future performance be given to the other party is appropriate in light of section 365(k), which provides that assignment relieves the trustee and the estate from any liability for breaches occurring after assignment." 3 *Collier on Bankruptcy* ¶ 365.09[1], p. 365-73 (16th ed. 2012). As noted by the Debtors, "adequate assurance may be given by demonstrating the assignee's financial health and experience in managing the type of enterprise or property assigned." Sale Motion at ¶ 84.

16.   CalHFA already has an application procedure in place by which CalHFA insures that proposed servicers for its loans have the requisite capability and financial strength to service CalHFA's loans. CalHFA's Servicer's Guide contains certain requirements relating to net worth and financial acceptability that must be met by approved servicers. CalHFA's Servicer's Guide also requires servicers of its loans to, among other things, have and maintain collection call staff for calling delinquent California borrowers within authorized federal statutory time limits as well as service not less than 10,000 loans. The CalHFA approval process includes the disclosure of certain information as well as a site visit by CalHFA auditors as a means for insuring that a servicer has the

experience and capacity to service CalHFA's loans.

17.     Although Nationstar has applied to CalHFA to be an approved lender, it has not applied to CalHFA to be an approved servicer. Without being an approved servicer, the Debtors and Nationstar have failed to provide adequate assurance of future performance and any assignment of the Agreement should be denied until Nationstar submits the proper application and such application is approved in accordance with the requirements of the Agreement and the Servicer's Guide.

## CONCLUSION

CalHFA respectfully requests that the Debtors not be permitted to assume and assign the Agreement unless: (1) the Debtors have assumed the entire Agreement; (2) the Debtors pay the full cure amount of $45,100; and (3) Nationstar provides adequate assurance of future performance by applying for and being approved by CalHFA as an approved servicer.

Dated:  September 27, 2012

                                           FELDERSTEIN FITZGERALD
                                           WILLOUGHBY & PASCUZZI LLP


                                    By: */s/ Paul J. Pascuzzi*_____
                                         PAUL J. PASCUZZI (*pro hac vice*),
                                         Attorneys for California Housing Finance Agency

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 27th day of September 2012, a copy of the foregoing **OBJECTION OF CALIFORNIA HOUSING FINANCE AGENCY TO NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES OR PERSONAL PROPERTY, AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) CURE AMOUNTS RELATED THERETO** was sent to those receiving documents via the CM/ECF system and sent by first class mail, postage prepaid, to:

*Debtor*
Residential Capital, LLC
1177 Avenue of the Americas
New York, NY  10036

*Debtor's Counsel*
Anthony Princi, Gary S. Lee Joel C. Haims
Larren M. Nashelsky Lorenzo Marinuzzi
Norman Scott Rosenbaum, Todd M. Goren
**Morrison & Foerster**
1290 Avenue of the Americas
New York, NY  10104

*Debtor's Counsel*
Steven J. Reisman
Curtis, Mallet-Prevost, Colt & Mosle LLP
101 Park Avenue
New York, NY  10178

*Counsel for*
*Wilmington Trust, National Association*
Debra Weinstein Minoff, Walter H. Curchack
Loeb & Loeb LLP
345 Park Avenue
New York, NY  10154

*Counsel for*
*Wilmington Trust, National Association, as Indenture Trustee for the Senior Unsecured Notes Issued by Residential Capital, LLC*
Sean A. O'Neal, Thomas J. Moloney
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY  10006

*Counsel for*
*HSBC Bank USA, National Association*
John Kibler
Allen & Overy
1221 Avenue of the Americas
New York, NY  10178

*U.S. Trustee*
United States Trustee
33 Whitehall Street, 21st Floor
New York, NY  10004

*Claims and Noticing Agent*
*Kurtzman Carson Consultants LLC*
Attn: James Le
2335 Alaska Avenue
El Segundo, CA  90245

*Counsel for*
*Official Committee of Unsecured Creditors*
Douglas Mannal
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY  10036

*Counsel for*
*Official Committee of Unsecured Creditors*
Steven S. Sparling
Kramer Levin Naftalis & Frankel LLP
919 Third Avenue
New York, NY  10022

*Counsel for Nationstar Mortgage LLC*
Larry J. Nyhan, Jessica C.K.Boelter,
Brett Myrick
Sidley Austin LLP
One South Dearborn
Chicago, IL  60603

　　　　　　　　　　　　　　　　　　　　　　 */s/ Lori N. McCleerey*
　　　　　　　　　　　　　　　　　　　　　　  Lori N. McCleerey