UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
Camden Vicinage

Re:  Michael P. Donaghy, Jr.
aka Michael P. Donaghy
and Stephanie L. Donaghy

Case No: 10-10802
Chapter 13
Hearing Date: April 10, 2012
Time: 10:00 am
Judge: Judith H. Wizmur

## NOTICE OF MOTION FOR SANCTIONS AGAINST GMAC MORTGAGE, LLC AND MILSTEAD AND ASSOCIATES, LLC

PLEASE TAKE NOTICE that on April 10, 2012 at 10:00 am, or as soon thereafter as debtors may be heard, the undersigned will move before the United States Bankruptcy Court for the District of New Jersey, for an order imposing sanctions against GMAC Mortgage, LLC and Milstead & Associates, LLC for violations of the automatic stay and repeatedly acting in "bad faith."

PLEASE TAKE FURTHER NOTICE that if you wish to contest this motion you must file a written response with the Clerk of the Bankruptcy Court and serve a copy of the responding papers upon the undersigned at least seven (7) days prior to the hearing date.

Dated: 3/13/2012        Signed: _____
                                Michael P. Donaghy


                        _____
                        Stephanie L. Donaghy

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
Camden Vicinage

Re:   Michael P. Donaghy, Jr.
      aka Michael P. Donaghy
      and Stephanie L. Donaghy

Case No: 10-10802
Chapter 13
Hearing Date: April 10, 2012
Time: 10:00 am
Judge: Judith H. Wizmur

**CERTIFICATION OF DEBTORS IN SUPPORT OF MOTION FOR SANCTIONS AGAINST GMAC MORTGAGE, LLC AND MILSTEAD AND ASSOCIATES, LLC**

The undersigned, acting pro se, do hereby certify as follows:

1. Debtors are the owners of real property known as and located at 300 Central Avenue, Runnemede, NJ 08078 ("the Property").
2. Secured Creditor is GMAC Mortgage, LLC.
3. Debtors filed an instant Chapter 13 bankruptcy case on January 13, 2010 that was later confirmed and entered on April 29, 2010.
4. GMAC filed a proof of claim on April 14, 2010 stating the amount of the secured claim is $229,667.85, yet, the "New Principal Balance" on the HAMP modification (notarized and effective on 01/01/2010) states an amount of $210,545.44.
5. Included in proof of claim dated April 14, 2010 was $130.36 for accrued late charges. Section 3 of HAMP modification specifically states "Loan documents become modified on 01/01/2010 and ALL unpaid late charges that remain unpaid will be waived."
6. GMAC imposed unreasonable fees. 13 property inspections were performed in a single day on 01/25/2010. Five days prior, 01/20/2010, a property inspection was performed.
7. Under NJ General Order Relating to Motions for Relief from Automatic Stay, #4 states "Secured creditors shall be required to accept debtors post-petition payments and then apply them to

account." During January 2010, July 2010, April 2011, and December 2011 GMAC had placed a "stop code" on debtor's account, refusing to accept payments (without prior authorization from Milstead & Associates). These "stop codes" have enabled GMAC to maliciously commence Release of Automatic Stay twice while "defaming" our name to the courts (claiming debtors were four months behind on payments when funds were actually not being accepted and/or held in separate accounts).

8. GMAC has failed to apply funds to debtors account and then willfully utilized a "suspense account" without debtor's knowledge. $1,553.81 was held in said "suspense account" from the onset of the Chapter 13 filing until debtor's discovered it in July 2011.

9. Following debtor's 341 Meeting of Creditors on 02/25/2010, payment was made with GMAC's bankruptcy specialist (Erin – employee id number 29937) in the amount of $1,607.06. According to GMAC/Milstead & Associates Post-Petition Payment History on the Note and Mortgage, dated 06/21/2011, no such payment has ever been applied to debtor's account.

10. On 09/08/2010, debtors were contacted by a supervisor from GMAC's bankruptcy department. Debtors were informed at that time that a post-petition payment was applied to 12/01/2009 due date. Under the modification agreement, nothing was due on 12/01/2009 because debtors had successfully completed all three trial payments under the modification specifications. Yet, on 04/09/2010, $1,151.94 posted to 12/01/2009.

11. A letter dated 10/18/2010 and signed by Joseph J. Rogers, Esquire states that debtors are acting pro se with regards to motions filed against them. More specifically, it states "we hereby authorize you (Milstead & Associates) to speak directly with the debtors..." When debtors have called to ask for information pertaining to their account, it's been said that communication must be made through said attorney (who filed the instant chapter 13) or to attempt to discuss matters with GMAC mortgage specialists. Attempts to speak directly with GMAC mortgage specialists fail for the same reason. GMAC at one point required a faxed authorization from Stephanie Donaghy to speak with husband Michael Donaghy regarding the

mortgage account. Both husband and wife signed for the mortgage on July 31, 2006.

12. GMAC has repeatedly imposed unnecessary legal fees, inv. recovery fees, expense advances, and corporate advances that had never been disclosed pursuant to Bank. Rule 2016(a).. One (1) such example is when debtors were charged $450 plus an additional $150 in September 2011 after Milstead & Associates filed a Motion for Relief from the Automatic Stay in July 2011. Motion date was set for August 2011 and then postponed by Milstead & Associates. New motion date was September 7, 2011 and during role call in court on that day, debtor's found out that the issue was suddenly "resolved" without ever being notified by Milstead & Associates (debtors were told it was an oversight).

13. GMAC has intentionally failed to properly service debtor's account/loan. A Qualified Written Response (QWR) was filed by the debtors on 09/09/2010 because of inaccurate statements and other discrepancies within the account. Despite the apologetic letter that was sent in response to the QWR, in August 2011, debtors had to, once again, ask for a "work order" so that GMAC would "advance their screens." It is now March 2012, and the monthly statements are still showing an incorrect due date and payments submitted are not being credited accordingly.

14. A representative for GMAC signed The Certification for Secured Creditor in Support of Motion for Relief from Automatic Stay (not dated, but assumed on 06/20/2011) that stated (#6) "The foreclosure proceedings filed or to be instituted were stayed by the filing of the instant chapter 13." With a modification in effect, how were foreclosure proceedings filed or to be instituted? Again, the Donaghy name has been "defamed."

15. Debtors have suffered through sever emotional distress through GMAC and Milstead & Associate's abuse of process. This goes without mentioning the hours dedicated to research, phone calls, emails, the filing of oppositions and this motion, the writing of the QWR and numerous complaints regarding their actions to government agencies throughout the state and country.

16. Debtors have cause to and therefore request an injunction against GMAC and Milstead & Associates future attempts to collect unreasonable fees.

17. Debtors request sanctions to be imposed upon GMAC and Milstead and Associates immediately for willful violations of the automatic stay and for acting in "bad faith."

16. We hereby certify that the foregoing statements made are true. We are aware that if any of the foregoing statements made are willfully false, we are subject to punishment.


Dated: _____    Signed:_____
                                                Michael P. Donaghy


                                           _____
                                                Stephanie L. Donaghy

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
Camden Vicinage

Re:   Michael P. Donaghy, Jr.
      aka Michael P. Donaghy
      and Stephanie L. Donaghy

Case No: 10-10802
Chapter 13
Hearing Date: April 10, 2012
Time: 10:00 am
Judge: Judith H. Wizmur

## CERTIFICATION OF SERVICE

Debtors, Michael P. Donaghy, Jr. and Stephanie L. Donaghy, hereby certify that a copy of the Motion for Sanctions Against GMAC Mortgage, LLC and Milstead and Associates, LLC, Notice of Motion, Response Deadline, Hearing Date and Time were served upon the following persons by certified first-class mail on March  , 2012, addressed as follows:

| | |
|---|---|
| Isabel C. Balboa, Trustee<br>Cherry Tree Corporate Center<br>535 Route 38, Suite 580<br>Cherry Hill, NJ  08002 | Joseph J. Rogers, Esquire<br>900 Route 168, Suite I-4<br>Turnersville, NJ  08012 |
| Milstead & Associates, LLC<br>Woodland Falls Corporate Park<br>220 Lake Drive East, Suite 301<br>Cherry Hill, NJ  08002 | GMAC Mortgage, LLC<br>Attn:  Mail Code 507-345-110<br>3451 Hammond Avenue<br>Waterloo, Iowa 50702 |

Dated: _____        Signed:_____
                                              Michael P. Donaghy


                                       _____
                                              Stephanie L. Donaghy