UNITED STATES BANKRUPCY COURT
SOUTHERN DISTRICT OF NEW YORK

In Re: ) 
Residential Capital, LLC, <u>et al.</u>, ) Case No. 12-12020
                Debtors) ) Chapter 11
) 
)

RECEIVED SEP 27 2012 U.S. BANKRUPTCY COURT SO DIST OF NEW YORK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, WEST VIRGINIA

EDWIN R. SIMPSON &
STEFFANIE D. SIMPSON
    Plaintiffs, *Pro Se'*
v.
TEAYS VALLEY TRUSTEES, LLC,           CIVIL ACTION NO. 11-C-159
LPP MORTGAGE LTD.,
MGC MORTGAGE, INC., and
GMAC MORTGAGE CORPORATION
    Purported Defendants,

### JUDICIAL NOTICE TO NEW YORK BANKRUPTCY COURT AND JEFFERSON COUNTY CIVIL COURT

**Comes Now,** the Plaintiffs Edwin R. Simpson and Steffanie D. Simpson, in Jefferson County Civil Case 11-C159, who are West Virginia residents and appear by special appearance only for limited purpose of noticing both the New York Bankruptcy Court and the Jefferson County Circuit Court of possible Bankruptcy Fraud and court jurisdictional issues.

    The undersigned has been involved in a civil case involving fraudulently attempting to foreclose on real estate by Purported Defendants LPP Mortgage, Ltd. and MGC Mortgage for over 16 months. The purported Defendants in the Complaint filed in May of 2011 claimed via a motion for summary judgment, to have received the beneficial interests of a purported note purportedly bearing the Plaintiffs name from Residential Funding Company, LLC. The documents presented in the Motion were not original, if in fact originals do exist, and do not bear the Plaintiffs wet ink signatures. Research by the undersigned has revealed mastered documents being represented as purported originals when infact they do not bear wet ink signatures of the Plaintiffs. It becomes apparent with the Bankruptcy Filing in May 2012 of GMAC, Residential Funding Corp (who the purported Defendants received the purported note from) and other GMAC subsidiaries, that any outcome of the Jefferson County Circuit Court Civil case would have an impact and vice-versa with the New York Bankruptcy Court case 12-12020.

As such, it is the undersigned's desire to inform the Bankruptcy Court of potential Bankruptcy Fraud by someone failing to inform the Bankruptcy Court of this case pending in Jefferson County Circuit Court.

Wherefore, Plaintiffs Edwin R. Simpson and Steffanie D. Simpson respectfully want to inform both the New York Bankruptcy Court and the Jefferson County Circuit Court of the possible jurisdictional issues in what purports to be the purported Defendants in the Jefferson County Circuit Court case attempting to collect $540,000 and possibly committing Bankruptcy Fraud and apparent slander to the title of the property of the undersigned.

Edwin R. Simpson and Steffanie D. Simpson

Pro Se

*/s/ Edwin R. Simpson*

Edwin R. Simpson and Steffanie D. Simpson
45 Saddlebred Lane, PO Box 732
Kearneysville, WV 25430
304-283-2854

## CERTIFICATE OF SERVICE

We, Edwin R. Simpson and Steffanie D. Simpson, Pro Se', do hereby certify that a true and exact copy of the **Notice To New York Bankruptcy Court and Jefferson County Circuit Court** has been served upon the counsel of record by depositing same into the United States Mail, First Class, postage paid, this 20th day of September, 2012, and addressed to the following:

Kimberly K. Palmer
300 Kanawha Blvd, East
PO Box 273
Charleston, WV, 25321-0273

United Stated Bankrupcty Court
Southern District of New York
One Bowling Green
New York, NY 10004

Counsel to the Debtors
Larren M Nashelsky & Gary S. Lee &
Lorenszo Marinuzzi
Morrison & Foerster, LLP
1290 Avenue of the Americas
New York, NY 10104

Counsel to the Official Committee of the Unsecured Creditors
Kenneth H Eckstein & Thomas Moers Mayer &
Douglas H Mannal
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, NY 10036

ResCap Claims Processing Center
c/o KCC
2335 Alaska Avenue
El Segundo, CA 90245

Office of the United States Trustee
Tracy Hope Davis
33 Whitehall St.
21st Floor, Region 2
New York, NY 10004-2111

Counsel to the Examiner
Howard Seife & David M LeMay &
Robert J Gayda & Marc B Roitman
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
And hand delilvered on this date to :

Jefferson County Circuit Court
East Washington Street
Charles Town, WV 25414

Edwin R Simpson, *Pro Se*
Steffanie D Simpson, *Pro Se*
45 Saddlebred Lane
PO Box 732
Kearneysville, WV 25430
304-728-1114

Edwin R Simpson  
PO Box 732  
Kearneysville, WV 25430  
Phone 304-728-1114

**DATE:** Sept. 20, 2012  
**INVOICE #** 100  
**FOR:**

**Bill To: Counsel for purported Defendant LPP Mortgage, Ltd.**  
Kimberly K. Palmer  
Spilman, Thomas & Battle, PLLC  
300 Kanawha Blvd, PO Box 273  
Charleston, WV 25321-0273  
304-340-3800

Due Date: October 20, 2012

| DESCRIPTION | AMOUNT |
|---|---|
| Slander of Real Estate Title | $ 554,551.59 |
| | |
| **TOTAL** | **$ 554,551.59** |

Make all checks payable to **Edwin R Simpson & Steffanie D Simpson**  
If you have any questions concerning this invoice, contact with information above.  
All amounts are due in whole and in part and subject to corrections.

**THANK YOU FOR YOUR BUSINESS!**

Exhibit 1

# Teays Valley Trustees, LLC

**National Default Division**

**West Virginia Office**
600 A-1 Prestige Park | Hurricane, West Virginia 25526
ph: 866-503-4930 | fx: 304-757-7958

7196 9006 9294 9296 5968

January 13, 2011

Steffanie D. Simpson
45 Saddle Bred Lane
Kerneysville, WV 25430

    Re: LPP Mortgage Ltd.
        Loan #: 1423963337    Our file #: WV-95000758-10
        Address: 45 Saddle Bred Lane, Kerneysville, WV 25430
        Reinstatement Amount: $36,330.40 as of January 20, 2011

    Please be advised that our client, LPP Mortgage Ltd., has referred to us the matter of the above captioned loan, and be further advised that the loan is now in default. According to the records provided by our client the amount due as of **December 29, 2010**, is **$554,551.59** which includes accrued interest through December 29, 2010, late charges and other default-related costs recoverable under the terms of the Promissory Note and Mortgage. Because of interest, late charges, and other charges that may vary from day to day, the payoff amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. To avoid the need for such an adjustment, please call our office at the above number for the exact amount due as of the date you intend to tender payment. The amount to reinstate your loan is valid until the date stated above. If such date has passed, the amount to reinstate may have increased. Any amounts received which are insufficient to reinstate your loan will be returned to you, pursuant to state law. To obtain an updated amount to reinstate good through a later date, please call our office at the above number for the exact amount due as of the date you intend to pay.

    We have been instructed to proceed with foreclosure. You will receive additional notice of the foreclosure. However the lender encourages you to contact them to inquire if any alternatives to foreclosure are possible.

    **This is an attempt to collect a debt, and any information obtained will be used for that purpose. Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty (30) days from receiving this notice, this office will obtain verification of the debt or obtain a copy of the judgment if one has been obtained and mail you a copy of such judgment or verification. This office will provide you with the name and**

    This is an attempt to collect a debt and any information obtained may be used for that purpose.



Exhibit 2

address of the original creditor, if different from the current creditor, if you request the same from this office in writing within thirty (30) days after receiving this notice.

This is an attempt to collect a debt and any information obtained may be used for that purpose.

https://www.certifiedprotracking.net/FileServer/ViewImage.aspx?fileName=88033083.tif...    4/22/2011

**IF YOU ARE A DEBTOR IN BANKRUPTCY OR HAVE BEEN DISCHARGED IN BANKRUPTCY:**

Please be advised that if you are a debtor in bankruptcy or have been discharged in bankruptcy, this statement does not represent and is not intended to be a demand for payment. In such cases, this letter is provided for you for information purposes only and is not an attempt to collect a debt. You should consult legal counsel regarding your obligations, if any, to pay the mortgage loan.

Finally, if you previously received a discharge in a bankruptcy case involving this loan and did not sign a reaffirmation agreement, then this letter is not an attempt to collect a debt from you personally. This law firm is seeking solely to foreclose the creditor's lien on real estate and this law firm will not be seeking a personal money judgment against you.

The Trustee does not concede that he is required to act as stated in this letter to the extent the Supreme Court of Appeals of West Virginia's Lucas, et al. v. Fairbanks Capital Corp., et al., Nos. 31744 & 31745, W.Va. (March 18, 2005) decision provides otherwise to the contrary. The statements above should not be construed as a waiver in that regard or assumption by the Trustee of any obligation not imposed by law.

Sincerely Yours,

Teays Valley Trustees, LLC

This is an attempt to collect a debt and any information obtained may be used for that purpose.

