EXHIBIT 1

1975 FHA MORTGAGE
DEED WITH DOWER



VOL 3553 PAGE 21

STATE OF OHIO
FHA Form No. 2165M
Revised November 1972

This form is used in connection with mortgages insured under the one- to four-family provisions of the National Housing Act.

P-27987

# MORTGAGE DEED WITH DOWER

19296

KNOW ALL MEN BY THESE PRESENTS, THAT Ronald L. Moore, by Yvonne D. Moore, his Attorney-in-Fact, and Yvonne D. Moore, husband and wife, both being over 18 years of age,

of The City of Columbus, County of Franklin, 100's and State of Ohio, the Grantor, for and in consideration of the sum of Twenty-four Thousand Eight Hundred and no/ Dollars ($4,800.00), to him paid by CENTRAL SAVINGS AND LOAN COMPANY, a corporation organized and existing under the laws of The United States of America, and having its principal place of business at 46 E. Gay Street, Columbus, Ohio 43215, Grantee, the receipt of which is hereby acknowledged, does give, grant, bargain, sell, and convey unto the Grantee the following-described premises, situated in the City of Columbus, County of Franklin, State of Ohio, and bounded and described as follows, to wit:

Being Lot Number Seventeen (17) of ARGYLE PARK SUBDIVISION, as the same is numbered and delineated upon the recorded plat thereof, of record in Plat Book 36, page 6, Recorder's Office, Franklin County, Ohio.

Received OCT 6 1975 At 4:05 O'Clock P M
Recorded OCT 8 1975 19 In Franklin County
JAMES A. SCHAEFER, Recorder
Recorder's Fee $ 4.00

Columbus, Ohio                                                September 30, 1975

For value received, the undersigned hereby sells, assigns and sets over unto: CITIZENS MORTGAGE CORPORATION, a corporation organized and existing under the laws of the State of Delaware, whose address is, 24700 Northwestern Highway, Southfield, Michigan 48075, all its right, title and interest in and to the within Mortgage, without recourse.

CENTRAL SAVINGS AND LOAN COMPANY

X _____
JAMES L. BULGARD, TREAS.

X _____
JANE G. CLARKSON
ASST. SEC'Y.

together with the privileges and appurtenances thereunto belonging, and all the rents, issues, and profits which may arise or be had therefrom; and all the estate, title, and interest of the said Grantor, either in law or in equity, of, in, and to the said premises to have and to hold the above-granted and bargained premises, with all the privileges and appurtenances thereto belonging, including all heating, plumbing, and lighting fixtures and equipment now or hereafter attached to or used in connection with the said premises, and all the rents, issues, and profits which may arise or be had therefrom, unto the said Grantee, its successors or assigns, forever. And the Grantor covenants that at and until the execution and delivery of these presents, he is well seized of the above-described premises in fee simple, and has good right to bargain and sell the same in manner and form above written, and that the same are free from all encumbrances whatsoever; and that he will warrant and defend said premises, with the above-mentioned appurtenances to the said Grantee, its successors and assigns, forever, against all lawful claim or claims and demands whatsoever.

And, for a valuable consideration, the said Grantors, does hereby remise, release, and forever quitclaim, unto the Grantee all right and title of dower in the above-described premises.

The conditions of this deed are such that whereas the Grantor has executed and delivered to the Grantee his certain promissory note, of even date herewith, in the principal sum of Twenty-four Thousand Eight Hundred and no/100's Dollars ($24,800.00) with interest from date at the rate of Nine percentum ( 9 %) per annum on the unpaid balance until paid, said principal and interest being payable at the office of Citizens Mortgage Corporation, 24700 Northwestern Highway, Southfield, Michigan 48075, or at such other place as the holder may designate in writing, in monthly installments of One Hundred Ninety-nine and 64/100's Dollars ($ 199.64 ), commencing on the first day of November, 19 75, and on the first day of each month thereafter until the principal and interest are fully paid, except that the final payment of principal and interest, if not sooner paid, shall be due and payable on the first day of October, 2005.

Ex. 1

vol 3553 page 22

AND WHEREAS the Grantor further covenants and agrees that:

1. He will promptly pay the principal of and interest on the indebtedness evidenced by the said note, at the times and in the manner therein provided. Privilege is reserved to pay the debt in whole or in an amount equal to one or more monthly payments on the principal that are next due on the note, on the first day of any month prior to maturity; provided, however, that written notice of an intention to exercise such privilege is given at least thirty (30) days prior to prepayment.

2. In order more fully to protect the security of this deed, he will pay to the Grantee, together with, and in addition to, such payments of principal and interest, the following sums:

(a) An amount sufficient to provide the holder hereof with funds to pay the next mortgage insurance premium if this instrument and the note secured hereby are insured, or a monthly charge (in lieu of a mortgage insurance premium) if they are held by the Secretary of Housing and Urban Development, as follows:

(I) If and so long as said note of even date and this instrument are insured or are reinsured under the provisions of the National Housing Act, an amount sufficient to accumulate in the hands of the holder one (1) month prior to its due date the annual mortgage insurance premium, in order to provide such holder with funds to pay such premium to the Secretary of Housing and Urban Development pursuant to the National Housing Act, as amended, and applicable Regulations thereunder; or

(II) If and so long as said note of even date and this instrument are held by the Secretary of Housing and Urban Development, a monthly charge (in lieu of a mortgage insurance premium) which shall be in an amount equal to one-twelfth (1/12) of one-half (½) per centum of the average outstanding balance due on the note computed without taking into account delinquencies or prepayments;

(b) A sum equal to the ground rents, if any, next due, plus the premiums that will next become due and payable on policies of fire and other hazard insurance protecting the premises covered hereby, plus taxes and assessments next due on the premises covered by this deed (all as estimated by the Grantee) less all sums already paid therefor divided by the number of months to elapse before one month prior to the date when such ground rents, premiums, taxes and assessments will become delinquent, such sums to be held by the Grantee in trust to pay said ground rents, premiums, taxes and special assessments before the same become delinquent; and

(c) All payments mentioned in the two preceding subsections of this paragraph and all payments to be made under the note secured hereby shall be added together, and the aggregate amount thereof shall be paid by the Grantor each month in a single payment to be applied by the Grantee to the following items in the order set forth:

(I) premium charges under the contract of insurance with Secretary of Housing and Urban Development, or monthly charge (in lieu of mortgage insurance premium), as the case may be;

(II) ground rents, taxes, special assessments, fire and other hazard insurance premiums;

(III) interest on the note secured hereby; and

(IV) amortization of the principal of said note.

Any deficiency in the amount of such aggregate monthly payments shall, unless made good by the Grantor prior to the due date of the next such payment, constitute an event of default under this deed. The Grantee may collect a "late charge" not to exceed two cents (2¢) for each dollar ($1) of each payment more than fifteen (15) days in arrears to cover the extra expense involved in handling delinquent payments.

3. If the total of the payments made by the Grantor under subsection (b) of paragraph 2 preceding shall exceed the amount of the payments actually made by the Grantee for ground rents, taxes, or assessments or insurance premiums, as the case may be, such excess, at the option of the Grantee, shall be credited by the Grantee on subsequent payments to be made by the Grantor, or refunded to the Grantor. If, however, the monthly payments made by the Grantor under such subsection shall not be sufficient to pay ground rents, taxes, or assessments or insurance premiums, when the same shall become due and payable, then the Grantor shall pay to the Grantee any amount necessary to make up the deficiency, on or before the date when payment of such ground rents, taxes, assessments or insurance premiums shall be due. If at any time the Grantor shall tender to the Grantee, in accordance with the provisions of said note, full payment of the entire indebtedness represented thereby, the Grantee shall, in computing the amount of such indebtedness, credit to the account of the Grantor all payments made under the provisions of subsection (a) of paragraph 2, above, which the Grantee has not become obligated to pay to the Secretary of Housing and Urban Development, and any balance remaining in the funds accumulated under the provisions of subsection (b) of paragraph 2. If there shall be a default under any of the provisions of this deed resulting in a public sale of the premises covered hereby or if the Grantee acquires the property otherwise after default, the Grantee shall apply, at the time of the commencement of such proceedings, or at the time the property is otherwise acquired, the balance then remaining in the funds accumulated under such subsection (b) of paragraph 2 as a credit against the amount of principal then remaining unpaid under said note, and shall properly adjust any payments which shall have been made under subsection (a) of paragraph 2.

4. He will pay all ground rents, taxes, assessments, water rates, and other governmental or municipal charges, fines, or impositions, levied upon said premises, or upon the interest of the Grantee in and to said premises, for which provision has not been made hereinbefore, and in default thereof the Grantee may pay the same; and he will promptly deliver the official receipts therefor to the Grantee.

5. The Grantee, its successors or assigns, shall have the right to pay any ground rents, taxes, assessments, water rents, and other governmental or municipal charges, fines or impositions, which the Grantor has agreed to pay under paragraph 4, above, and to make any payments hereinabove provided to be made by the Grantor in subsections (a) and (b) of paragraph 2 hereof, and any amount so paid by the Grantee shall then be added to the principal debt named herein and bear interest at the rate set forth in the note secured hereby, payable monthly, from the date of such payment, and be secured by this deed.

6. He will keep the improvements now existing or hereafter erected on the premises covered by this deed, insured as may be required from time to time by the Grantee against loss by fire and other hazards, casualties and contingencies including war damage insurance, in such amounts and for such periods as may be required by the Grantee and will pay promptly, when due, any premiums on such insurance provision for payment of which has not been made hereinbefore. All insurance shall be carried in companies approved by the Grantee and the policies and renewals thereof shall be held by the Grantee and have attached thereto loss payable clauses in favor of and in form acceptable to the Grantee. In event of loss Grantor will give immediate notice by mail to the Grantee, who may make proof of loss if not made promptly by Grantor, and each insurance company concerned is hereby authorized and directed to make payment for such loss directly to the Grantee instead of to the Grantor and the Grantee jointly, and the insurance proceeds, or any part thereof, may be applied by the Grantee at its option either to the reduction of the indebtedness hereby secured or to the restoration or repair of the property damaged. In event of foreclosure of this mortgage deed, or other transfer of title to the property covered hereby in extinguishment of the indebtedness secured hereby, all right, title and interest of the Grantor in and to any insurance policies then in force shall pass to the purchaser or Grantee.

7. He will keep the mortgaged premises in as good order and condition as they are now, and will not commit or permit waste, reasonable wear and tear excepted.

8. That if the premises, or any part thereof, be condemned under any power of eminent domain, or acquired for a public use, the damages, proceeds, and the consideration for such acquisition, to the extent of the full amount of indebtedness upon this Mortgage, and the Note secured hereby remaining unpaid, are hereby assigned by the Grantor to the Grantee and shall be paid forthwith to the Grantee to be applied by it on account of the indebtedness secured hereby, whether due or not.

9. The Grantor further agrees that should this deed and the note secured hereby not be eligible for insurance under the National Housing Act within 60 days from date hereof (written statement of any officer of the Department of Housing and Urban Development or authorized agent of the Secretary of Housing and Urban Development dated subsequent to the aforesaid time from the date of this deed, declining to insure said note and this deed, being deemed conclusive proof of such ineligibility) the Grantee or the holder of the note may, at its option, declare all sums secured hereby immediately due and payable.

Ex. 1

VOL 3553 PAGE 23

10. Upon a default in any of the terms of the note secured hereby, or upon a breach of any condition or covenant of this deed, the rents of the real estate herein described shall immediately accrue to the benefit of the Grantee, and such rents shall be immediately payable to the Grantee.

11. Upon any default in the note secured hereby, or under this deed, foreclosure proceedings may be instituted, at the option of the Grantee, in any such action, the Grantee shall be entitled, without notice and without regard to the adequacy of the security of the debt, to the appointment of a receiver of the rents and profits of the mortgaged premises and in case of any other suit, or legal proceeding, wherein the Grantee shall be made a party thereto by reason of this mortgage, its costs and expenses, and the reasonable fees and charges of the attorneys or solicitors of the Grantee, so made parties, for services in such suit or proceedings, shall be a further lien and charge upon the said premises under this mortgage, and all such expenses shall become so much additional indebtedness secured hereby and be allowed in any decree foreclosing this mortgage.

12. The Grantee is authorized and empowered to do all things provided to be done by a mortgagee under Section 1311-14 of the Revised Code, and under the Act of the Legislature passed May 27, 1915, 106 Ohio Laws, Pages 522-534, and any amendments or supplements thereto.

Now, therefore, if the Grantor shall well and truly perform all the conditions of this deed, and of the note secured hereby, then this deed shall be void; otherwise, it shall remain in full force and virtue.

The covenants herein contained shall bind, and the benefits and advantages shall inure to, the respective heirs, executors, administrators, successors and assigns of the parties hereto. Whenever used, the singular number shall include the plural, the plural the singular, and the use of any gender shall include all genders.

IN WITNESS WHEREOF, the Grantor (s) ha ve hereunto set their hand s , this 30th .
day of September    A.D. 19 75 .

x _Ronald L. Moore By_
Ronald L. Moore
by Yvonne D. Moore, his Attorney-in-Fact

Signed, acknowledged and delivered in the presence of

x _Yvonne D. Moore_
Yvonne D. Moore

STATE OF OHIO )
             ) ss:
COUNTY OF Franklin )

Before me, the undersigned, a Notary Public in and for said State and County, personally appeared the above-named, Ronald L. Moore, and Yvonne D. Moore, Grantor in the above mortgage deed, and severally acknowledged the signing thereof, and that such signing was freely and voluntarily performed for the uses and purposes therein mentioned.

IN TESTIMONY WHEREOF, I have hereunto signed my name, and affixed my official seal, this 30th day of September, A.D. 19 75 .

FRANK D. FARKAS
NOTARY PUBLIC, FRANKLIN COUNTY, OHIO
MY COMMISSION EXPIRES AUG. 27, 1980

The conditions of this mortgage have been complied with, and the same is fully paid, satisfied, and discharged.

The form of this instrument was prepared by the Office of the General Counsel, Department of Housing and Urban Development, and the material in the blank space in this form was inserted by or under the direction of Central Savings and Loan Company.

Ex. 1

**GENERAL WARRANTY DEED**
STATUTORY FORM Rev. Code. Secs. 5301.01 to .05



National Graphics Corp., Cols., O.
Form No. L31-11

**Know all Men by These Presents;** That Willie Joe Cook and Frances G. Cook, husband and wife, of Franklin County, Ohio, for One Dollar ($1.00) and other good and valuable consideration paid, grant, with general warranty covenants, to Ronald L. Moore and Yvonne D. Moore, husband and wife, whose tax mailing address is 1875 Alvason Avenue, Columbus, Ohio, the following real property: Situated in the County of Franklin in the State of Ohio and in the City of Columbus and bounded and described as follows:

22508

Being Lot Number Seventeen (17) of ARGYLE PARK SUBDIVISION, as the same is numbered and delineated upon the recorded plat thereof, of record in Plat Book 36, page 6, Recorder's Office, Franklin County, Ohio.

This conveyance is subject to the lien of any taxes and assessments not now due and payable; zoning ordinances and regulations; legal highways; and restrictions, conditions reservations and easements of record.

Prior Instrument of Reference: Volume 2570, Page 475

* wife-husband of the grantor, releases all rights of dower therein.

Witness their hands this 30th day of September, 1975.

Signed and acknowledged in the presence of:

_Willie Joe Cook_
XWillie Joe Cook

_Kathryn A. Rose_      _Frances G. Cook_
                       XFrances G. Cook

THE STATE OF OHIO, Franklin COUNTY, ss.
Be It Remembered, That on this 30th day of September, 1975, before me, the subscriber, a Notary Public in and for said County, personally came the above named Willie Joe Cook and Frances G. Cook, husband and wife, the Grantor(s) in the foregoing Deed, and acknowledged the signing of the same to be their voluntary act and deed, for the uses and purposes therein mentioned.

In Testimony Whereof, I have hereunto subscribed my name and affixed my official seal, on the day and year last aforesaid.

This Instrument was prepared by
J.C. Criddle, V. Attorney at Law
165 East Livingston Avenue, Cols., Ohio 43215

_Kathryn A. Rose_
KATHRYN A. ROSE
NOTARY PUBLIC, FRANKLIN COUNTY, OHIO
MY COMMISSION EXPIRES MARCH 17, 1979

1. Name or names of Grantor(s) and marital status.
2. Description of land or interest therein and encumbrances, reservations, and exceptions, if any.
3. Delete whichever is not applicable.

This space for Auditor's Stamp

TRANSFERRED
OCT 6 1975
ARCH J. WARREN
AUDITOR
FRANKLIN COUNTY, OHIO

TRANSFER TAX
PAID
$24.90 By D.T.
ARCH J. WARREN
FRANKLIN COUNTY, AUDITOR

This space for Recorder's Stamp

OCT 6 1975   4:00 P
Received ... 19 ... At ... O'Clock ... M
Recorded OCT 8 1975 ... 19 ... In Franklin County
JAMES A. SCHAEFER, Recorder
Recorder's Fee $ 2.00

Ex. 1