# EXHIBIT 9

Letter To Atty.
  Eric LaFayette, Esq.
From Charles F. Smith
  Attorney for AEL
  Dated Oct. 26, 2011
From Lawfirm of Skadden,
Arps, Slate, Meagher & Flom, LLP

Filed in Fr. Cnty. Ohio CPC
  Case No. 11-CV-12669

0A154 - M4

## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

155 NORTH WACKER DRIVE

CHICAGO, ILLINOIS 60606-1720

———

TEL: (312) 407-0700
FAX: (312) 407-0411
www.skadden.com

DIRECT DIAL
312/407-0516
DIRECT FAX
312/407-8523
EMAIL ADDRESS
CHARLES.SMITH@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

October 26, 2011

**VIA FEDERAL EXPRESS**

Eric LaFayette, Esq.
Eric LaFayette & Co, LLP
415 E. Broad St., Suite 112
Columbus, Ohio 43215

           RE:    <u>Lewis v. Addison Insurance Marketing, Inc. et al.</u>

Dear Mr. LaFayette:

        On behalf of American Equity Investment Life Holding Company and American Equity Investment Life Insurance Company (collectively, "American Equity"), I write in response to the recently-filed action, *Lewis v. Addison Insurance Marketing Inc., et al.*, case No. 11CVB-10-12667, pending in the Common Pleas Court of Franklin County, Ohio. As I informed you last year when you filed a nearly-identical action, your client's claims against American Equity were released by a prior settlement in *Panter v. Tackett.*, Case No. 01-CI-02109 (Jefferson County, Kentucky) and must be dismissed immediately. If you do not dismiss this action on or before November 2, 2011, we will seek sanctions.

        On February 21, 2008, American Equity and the *Panter* plaintiffs entered into a Stipulation of Settlement, in which they agreed that all claims asserted against American Equity and all matters relating to American Equity raised by and in connection with the action, were settled, compromised, and dismissed on the merits and with prejudice on the terms and conditions set forth in the Stipulation of Settlement and its incorporated Release (enclosed for your reference). After notice and a hearing, the court approved that settlement and entered final judgment on July

EX. 9

12-12020-mg    Doc 1624-10    Filed 09/27/12    Entered 09/28/12 12:36:31    Exhibit 9
Pg 3 of 5
Franklin County Ohio Clerk of Courts of the Common Pleas- 2012 Jan 09 5:30 PM-11CV012667

0A154 - M5

Eric LaFayette
October 26, 2011
Page 2

17, 2008.[1] As a result, your client's claims against both American Equity companies were released on that date.

Based on the filing of the *Lewis* Complaint and the attachment thereto, it appears that you may hold the mistaken belief that Mr. Webb excluded himself from the settlement with American Equity. This is not the case. As against American Equity, the *Panter* action was certified as an opt-out class action. Thus, any person who fell within the definition of the settlement class automatically became a member <u>unless</u> he or she sent a letter by mail on or before April 18, 2008 to:

> Panter Exclusions
> American Equity Investment Life Insurance Company
> P.O. Box 71218
> West Des Moines, IA  50325-0218[2]

<u>American Equity has no record of ever receiving such a request from the *Lewis* Plaintiffs.</u>

Subsequent to the settlement between the *Panter* plaintiffs and American Equity, the plaintiffs entered into settlement agreements with the remaining defendants. It appears from the records of the Garretson Law Group that Mr. Webb may have opted out of the settlement between the plaintiffs and the McIntyre Defendants. Indeed, the *Lewis* plaintiffs sent their November 29, 2009 exclusion request to "McIntyre Exclusions, as *Class Claims Administrator*."[3] The *Lewis* plaintiffs did not, however, send any similar paperwork to opt out of the settlement with American Equity.

Accordingly, the *Lewis* plaintiffs—one of whom is an alleged beneficiary of a living trust and the other of whom is an alleged trustee of the living trust—are members of the American Equity Settlement Class in *Panter* and are

---

[1] For your reference, a copy of the *Panter* Court's Order of Final Approval of Stipulation of Settlement and Certification of the Settlement Class is enclosed. The Stipulation of Settlement is attached to the Court's Order as Exhibit A.

[2] See Notice of Proposed Settlement, annexed hereto.

[3] See Request for Exclusion, annexed hereto. Also note that the *Lewis* plaintiffs sent this opt-out letter to the Garretson Law Group over a year and a half after the deadline to opt out of the settlement with American Equity.

Ex. 9

12-12020-mg    Doc 1624-10    Filed 09/27/12    Entered 09/28/12 12:36:31    Exhibit 9
Pg 4 of 5
Franklin County Ohio Clerk of Courts of the Common Pleas- 2012 Jan 09 5:30 PM-11CV012667

0A154 - M6

Eric LaFayette
October 26, 2011
Page 3

subject to *Panter's* Stipulation of Settlement and incorporated Release. The *Panter* Settlement Class includes "all persons residing in the United States who, at any time during the period from January 1, 1997 through December 31, 2007, purchased, had an ownership interest in, or obtained a Policy (as defined herein) or a Living Trust (as defined herein) from, through, in connection with, or involving the McIntyre Defendants (as defined herein) and/or Tackett (as defined herein), and/or any predecessor, successor, affiliate, agent, assign, or entity of the McIntyre Defendants or Tackett."(Stipulation of Settlement, II.A.43)

The *Panter* Release provides that:

> Plaintiff and all Class Members subject to the Settlement Agreement, on behalf of themselves, their heirs, successors, and assigns, and any other persons they represent, shall fully, finally, and forever release and discharge the Releasees[4] from any and all causes of action, claims, damages, equitable, legal, and administrative relief, interest, demands, and rights, including, without limitation, claims for mental anguish, whether based on federal, state, or local law, statute, ordinance, regulation, contract, common law, or any other source, that have been, could have been, may be or could be alleged or asserted now or in the future by Plaintiff or any Class Member against the Releasees or any of them in the Action or in any other court action or before any administrative body (including any state Department of Insurance or other regulatory entity or organization), tribunal, arbitration panel, or other adjudicatory body, on the basis of, connected with, arising out of, or related to, in whole or in part, the Released Transactions.

(Stipulation of Settlement, VII.A.1.) The Release further states that "Plaintiffs and all Class Members (who do not timely request exclusion from the Class) further agree that, from the date of execution of this Agreement, <u>they will not institute any court action or any other proceeding on the basis of, connected with, arising out of, or related to, in whole or in part, the Released Transactions against the Releasees</u>. (Id. at VII.A.2.) "Released Transactions," as defined by the Stipulation of

---

[4]   The Stipulation of Settlement defines "Releasees" as American Equity, American Equity's past, present, and future parents, subsidiaries, affiliates, partners, predecessors, successors and assigns, and each of their and American Equity's respective past and present officers, directors, employees, branch managers, Agents (including those acting on an Agent's behalf or at an Agent's direction), representatives, attorneys, heirs, administrators, executors, insurers, predecessors, successors, and assigns, or any of them. (Stipulation of Settlement, II.A.41.)

Ex.9

12-12020-mg    Doc 1624-10    Filed 09/27/12    Entered 09/28/12 12:36:31    Exhibit 9
Franklin County Ohio Clerk of Courts of the Common Pleas- 2012 Jan 09 5:30 PM-11CV012667
Pg 5 of 5

0A154 - M7

Eric LaFayette
October 26, 2011
Page 4

Settlement, includes "the marketing, solicitation, application, underwriting, acceptance, sale, purchase, operation, performance, retention, administration and/or replacement (by means of surrender, partial surrender, withdrawal, and/or termination of any policy) of the Policies and Living Trusts." (Id. at II.A.40.)

Here, in direct violation of the *Panter* Release, plaintiffs Yvonne D. Webb-Lewis and Sidney T. Lewis have initiated a court action arising out of the Released Transactions against American Equity. Indeed, the *Lewis* plaintiffs attempt to sue American Equity based on allegations that American Equity violated the Ohio Consumer Sales Practices Act and committed fraud in connection with its alleged participation in the marketing and sale of living trusts.

In light of this violation, we expect that you will voluntarily dismiss the *Lewis* action against both American Equity defendants on or before Wednesday, November 2nd. Please send a copy of the dismissal to my attention by fax or email by the close of business on that day. If you fail to dismiss this action and American Equity is forced to appear and obtain dismissal by motion, we will seek our attorneys' fees and costs.

Please contact me if you have any questions.

Best regards,

*Charles Smith*
/MLL

Charles F. Smith

Enclosures

Ex. 9