# EXHIBIT 12

## CONSENT JUDGMENT

FILED IN CASE NO. 1:12-cv-00361 DOC. 13, FILED 04/04/12 IN THE U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,  )<br>  )<br>Plaintiffs,  )<br>  )<br>v.  )<br>  )<br>BANK OF AMERICA CORP. *et al.*,  )<br>  )<br>Defendants.  )  | **FILED**<br>APR - 4 2012<br>Clerk, U.S. District & Bankruptcy<br>Courts for the District of Columbia<br><br>12 0361<br><br>Civil Action No. _____ |

**CONSENT JUDGMENT**

WHEREAS, Plaintiffs, the United States of America and the States of Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, Florida, Georgia, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Louisiana, Maine, Maryland, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Vermont, Washington, West Virginia, Wisconsin, Wyoming, the Commonwealths of Kentucky, Massachusetts, Pennsylvania and Virginia, and the District of Columbia filed their complaint on March 12, 2012, alleging that Residential Capital, LLC, Ally Financial, Inc., and GMAC Mortgage, LLC (collectively, "Defendant") violated, among other laws, the Unfair and Deceptive Acts and Practices laws of the Plaintiff States, the False Claims Act, the Financial Institutions Reform, Recovery, and Enforcement Act of 1989, the

Servicemembers Civil Relief Act, and the Bankruptcy Code and Federal Rules of Bankruptcy Procedure;

WHEREAS, the parties have agreed to resolve their claims without the need for litigation;

WHEREAS, Defendant, by its attorneys, has consented to entry of this Consent Judgment without trial or adjudication of any issue of fact or law and to waive any appeal if the Consent Judgment is entered as submitted by the parties;

WHEREAS, Defendant, by entering into this Consent Judgment, does not admit the allegations of the Complaint other than those facts deemed necessary to the jurisdiction of this Court;

WHEREAS, the intention of the United States and the States in effecting this settlement is to remediate harms allegedly resulting from the alleged unlawful conduct of the Defendant;

AND WHEREAS, Defendant has agreed to waive service of the complaint and summons and hereby acknowledges the same;

NOW THEREFORE, without trial or adjudication of issue of fact or law, without this Consent Judgment constituting evidence against Defendant, and upon consent of Defendant, the Court finds that there is good and sufficient cause to enter this Consent Judgment, and that it is therefore ORDERED, ADJUDGED, AND DECREED:

## I.    JURISDICTION

1.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1345, 1355(a), and 1367, and under 31 U.S.C. § 3732(a) and (b), and over Defendant. The Complaint states a claim upon which relief may be granted against Defendant. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b)(2) and 31 U.S.C. § 3732(a).

## II. SERVICING STANDARDS

2. Defendant shall comply with the Servicing Standards, attached hereto as Exhibit A, in accordance with their terms and Section A of Exhibit E, attached hereto.

## III. FINANCIAL TERMS

3. *Payment Settlement Amounts.* Defendant shall pay into an interest bearing escrow account to be established for this purpose the sum of $109,628,425, which sum shall be added to funds being paid by other institutions resolving claims in this litigation (which sum shall be known as the "Direct Payment Settlement Amount") and which sum shall be distributed in the manner and for the purposes specified in Exhibit B. Defendant's payment shall be made by electronic funds transfer no later than seven days after the Effective Date of this Consent Judgment, pursuant to written instructions to be provided by the United States Department of Justice. After Defendant has made the required payment, Defendant shall no longer have any property right, title, interest or other legal claim in any funds held in escrow. The interest bearing escrow account established by this Paragraph 3 is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation Section 1.468B-1 of the U.S. Internal Revenue Code of 1986, as amended. The Monitoring Committee established in Paragraph 8 shall, in its sole discretion, appoint an escrow agent ("Escrow Agent") who shall hold and distribute funds as provided herein. All costs and expenses of the Escrow Agent, including taxes, if any, shall be paid from the funds under its control, including any interest earned on the funds.

4. *Payments to Foreclosed Borrowers.* In accordance with written instructions from the State members of the Monitoring Committee, for the purposes set forth in Exhibit C, the Escrow Agent shall transfer from the escrow account to the Administrator appointed under

Exhibit C $1,489,813,925.00 (the "Borrower Payment Amount") to enable the Administrator to provide cash payments to borrowers whose homes were finally sold or taken in foreclosure between and including January 1, 2008 and December 31, 2011; who submit claims for harm allegedly arising from the Covered Conduct (as that term is defined in Exhibit G hereto); and who otherwise meet criteria set forth by the State members of the Monitoring Committee. The Borrower Payment Amount and any other funds provided to the Administrator for these purposes shall be administered in accordance with the terms set forth in Exhibit C.

5. *Consumer Relief.* Defendant shall provide $185,000,000 of relief to consumers who meet the eligibility criteria in the forms and amounts described in Paragraphs 1-8 of Exhibit D, and $15,000,000 of refinancing relief to consumers who meet the eligibility criteria in the forms and amounts described in Paragraph 9 of Exhibit D, to remediate harms allegedly caused by the alleged unlawful conduct of Defendant. Defendant shall receive credit towards such obligation as described in Exhibit D.

## IV. ENFORCEMENT

6. The Servicing Standards and Consumer Relief Requirements, attached as Exhibits A and D, are incorporated herein as the judgment of this Court and shall be enforced in accordance with the authorities provided in the Enforcement Terms, attached hereto as Exhibit E.

7. The Parties agree that Joseph A. Smith, Jr. shall be the Monitor and shall have the authorities and perform the duties described in the Enforcement Terms, attached hereto as Exhibit E.

8. Within fifteen (15) days of the Effective Date of this Consent Judgment, the participating state and federal agencies shall designate an Administration and Monitoring Committee (the "Monitoring Committee") as described in the Enforcement Terms. The

Monitoring Committee shall serve as the representative of the participating state and federal agencies in the administration of all aspects of this and all similar Consent Judgments and the monitoring of compliance with it by the Defendant.

## V.  RELEASES

9.  The United States and Defendant have agreed, in consideration for the terms provided herein, for the release of certain claims, and remedies, as provided in the Federal Release, attached hereto as Exhibit F. The United States and Defendant have also agreed that certain claims, and remedies are not released, as provided in Paragraph 11 of Exhibit F. The releases contained in Exhibit F shall become effective upon payment of the Direct Payment Settlement Amount by Defendant.

10.  The State Parties and Defendant have agreed, in consideration for the terms provided herein, for the release of certain claims, and remedies, as provided in the State Release, attached hereto as Exhibit G. The State Parties and Defendant have also agreed that certain claims, and remedies are not released, as provided in Part IV of Exhibit G. The releases contained in Exhibit G shall become effective upon payment of the Direct Payment Settlement Amount by Defendant.

## VI.  SERVICEMEMBERS CIVIL RELIEF ACT

11.  The United States and Defendant have agreed to resolve certain claims arising under the Servicemembers Civil Relief Act ("SCRA") in accordance with the terms provided in Exhibit H. Any obligations undertaken pursuant to the terms provided in Exhibit H, including any obligation to provide monetary compensation to servicemembers, are in addition to the obligations undertaken pursuant to the other terms of this Consent Judgment. Only a payment to

5

an individual for a wrongful foreclosure pursuant to the terms of Exhibit H shall be reduced by the amount of any payment from the Borrower Payment Amount.

## VII. OTHER TERMS

12. The United States and any State Party may withdraw from the Consent Judgment and declare it null and void with respect to that party if the Defendant does not make the Consumer Relief Payments (as that term is defined in Exhibit F (Federal Release)) required under this Consent Judgment and fails to cure such non-payment within thirty days of written notice by the party.

13. This Court retains jurisdiction for the duration of this Consent Judgment to enforce its terms. The parties may jointly seek to modify the terms of this Consent Judgment, subject to the approval of this Court. This Consent Judgment may be modified only by order of this Court.

14. The Effective Date of this Consent Judgment shall be the date on which the Consent Judgment has been entered by the Court and has become final and non-appealable. An order entering the Consent Judgment shall be deemed final and non-appealable for this purpose if there is no party with a right to appeal the order on the day it is entered.

15. This Consent Judgment shall remain in full force and effect for three and one-half years from the date it is entered ("the Term"), at which time the Defendants' obligations under the Consent Judgment shall expire, except that, pursuant to Exhibit E, Defendants shall submit a final Quarterly Report for the last quarter or portion thereof falling within the Term and cooperate with the Monitor's review of said report, which shall be concluded no later than six months after the end of the Term. Defendant shall have no further obligations under this Consent Judgment six months after the expiration of the Term, but the Court shall retain

jurisdiction for purposes of enforcing or remedying any outstanding violations that are identified in the final Monitor Report and that have occurred but not been cured during the Term.

16. Except as otherwise agreed in Exhibit B, each party to this litigation will bear its own costs and attorneys' fees associated with this litigation.

17. Nothing in this Consent Judgment shall relieve Defendant of its obligation to comply with applicable state and federal law.

18. The parties further agree to the additional terms contained in Exhibit I hereto.

19. The sum and substance of the parties' agreement and of this Consent Judgment are reflected herein and in the Exhibits attached hereto. In the event of a conflict between the terms of the Exhibits and paragraphs 1-18 of this summary document, the terms of the Exhibits shall govern.

SO ORDERED this 4 day of April, 2012

_Rosemary M Collyer_
UNITED STATES DISTRICT JUDGE

For the United States:

_____
TONY WEST
Acting Associate Attorney General
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Washington, DC 20530
Tel.:   202-514-9500
Fax:   202-514-0238

For the Department of the Treasury:

For the Department of Housing and Urban Development:

_____
GEORGE W. MADISON
General Counsel
U.S. Department of the Treasury
1500 Pennsylvania Avenue, NW
Washington, D.C. 20220
Tel.:      202-622-0283
Fax:      202-622-2882

_____
HELEN R. KANOVSKY
General Counsel
U.S. Department of Housing and Urban Development
451 7th Street, S.W.
Washington, DC 20410
Tel.:   202-402-5023
Fax:   202-708-3389

For the Federal Trade Commission
(as to Exhibit F only):

For the Consumer Financial Protection Bureau
(as to Exhibit F only):

_____
Amanda Basta
Attorney
Federal Trade Commission
600 Pennsylvania Ave., NW
Washington, DC 20058
Tel:   202-326-2340
Fax:   202-326-2558

_____
Lucy Morris
Deputy Enforcement Director
Consumer Financial Protection Bureau
1500 Pennsylvania Avenue, NW
(Attn: 1801 L Street)
Washington, DC 20220
Tel:   202-435-7154

| For the Department of the Treasury: | For the Department of Housing and Urban Development: |
|---|---|
| *[signature]* | |
| GEORGE W. MADISON<br>General Counsel<br>U.S. Department of the Treasury<br>1500 Pennsylvania Avenue, NW<br>Washington, D.C. 20220<br>Tel.:    202-622-0283<br>Fax:    202-622-2882 | HELEN R. KANOVSKY<br>General Counsel<br>U.S. Department of Housing and Urban Development<br>451 7th Street, S.W.<br>Washington, DC 20410<br>Tel.:    202-402-5023<br>Fax:    202-708-3389 |
| For the Federal Trade Commission<br>(as to Exhibit F only): | For the Consumer Financial Protection Bureau<br>(as to Exhibit F only): |
| Amanda Basta<br>Attorney<br>Federal Trade Commission<br>600 Pennsylvania Ave., NW<br>Washington, DC 20058<br>Tel:    202-326-2340<br>Fax:    202-326-2558 | Lucy Morris<br>Deputy Enforcement Director<br>Consumer Financial Protection Bureau<br>1500 Pennsylvania Avenue, NW<br>(Attn: 1801 L Street)<br>Washington, DC 20220<br>Tel:    202-435-7154 |

8

| For the Department of the Treasury: | For the Department of Housing and Urban Development: |
|---|---|
| _____ | _____ *(signed)* |
| GEORGE W. MADISON | HELEN R. KANOVSKY |
| General Counsel | General Counsel |
| U.S. Department of the Treasury | U.S. Department of Housing and Urban Development |
| 1500 Pennsylvania Avenue, NW | 451 7th Street, S.W. |
| Washington, D.C. 20220 | Washington, DC 20410 |
| Tel.:    202-622-0283 | Tel.: 202-402-5023 |
| Fax:    202-622-2882 | Fax: 202-708-3389 |

| For the Federal Trade Commission (as to Exhibit F only): | For the Consumer Financial Protection Bureau (as to Exhibit F only): |
|---|---|
| _____ | _____ |
| Amanda Basta | Lucy Morris |
| Attorney | Deputy Enforcement Director |
| Federal Trade Commission | Consumer Financial Protection Bureau |
| 600 Pennsylvania Ave., NW | 1500 Pennsylvania Avenue, NW |
| Washington, DC 20058 | (Attn: 1801 L Street) |
| Tel:    202-326-2340 | Washington, DC 20220 |
| Fax:    202-326-2558 | Tel: 202-435-7154 |

8

For the Department of the Treasury:

For the Department of Housing and Urban Development:

---

GEORGE W. MADISON
General Counsel
U.S. Department of the Treasury
1500 Pennsylvania Avenue, NW
Washington, D.C. 20220
Tel.:      202-622-0283
Fax:      202-622-2882

---

HELEN R. KANOVSKY
General Counsel
U.S. Department of Housing and Urban Development
451 7th Street, S.W.
Washington, DC  20410
Tel.:   202-402-5023
Fax:   202-708-3389

For the Federal Trade Commission
(as to Exhibit F only):

For the Consumer Financial Protection Bureau
(as to Exhibit F only):

---

Amanda Basta
Attorney
Federal Trade Commission
600 Pennsylvania Ave., NW
Washington, DC  20058
Tel:   202-326-2340
Fax:   202-326-2558

---

Lucy Morris
Deputy Enforcement Director
Consumer Financial Protection Bureau
1500 Pennsylvania Avenue, NW
(Attn: 1801 L Street)
Washington, DC  20220
Tel:   202-435-7154

| For the Department of the Treasury: | For the Department of Housing and Urban Development: |
|---|---|
| GEORGE W. MADISON<br>General Counsel<br>U.S. Department of the Treasury<br>1500 Pennsylvania Avenue, NW<br>Washington, D.C. 20220<br>Tel.:    202-622-0283<br>Fax:    202-622-2882 | HELEN R. KANOVSKY<br>General Counsel<br>U.S. Department of Housing and Urban Development<br>451 7th Street, S.W.<br>Washington, DC 20410<br>Tel.:    202-402-5023<br>Fax:    202-708-3389 |
| For the Federal Trade Commission<br>(as to Exhibit F only): | For the Consumer Financial Protection Bureau<br>(as to Exhibit F only):<br><br>*/s/ Lucy Morris* |
| Amanda Basta<br>Attorney<br>Federal Trade Commission<br>600 Pennsylvania Ave., NW<br>Washington, DC 20058<br>Tel:    202-326-2340<br>Fax:    202-326-2558 | Lucy Morris<br>Deputy Enforcement Director<br>Consumer Financial Protection Bureau<br>1500 Pennsylvania Avenue, NW<br>(Attn:  1801 L Street)<br>Washington, DC 20220<br>Tel:    202-435-7154 |

8

For the Ohio Attorney General
MIKE DEWINE:

_/s/ Matthew J. Lampke_

MATTHEW J. LAMPKE
JEFFREY R. LOESER
SUSAN A. CHOE
Assistant Attorneys General
Ohio Attorney General
30 E. Broad St., 14th Floor
Columbus, OH 43215
Tel.:   614-466-1305
Fax:   614-466-8898

For the Ohio Department of
Commerce, Division of Financial
Institutions:

_____

JENNIFER S. M. CROSKEY
Assistant Attorney General
Ohio Attorney General, Executive
Agencies
30 E. Broad St., 26th Floor
Columbus, OH 43215
Tel:  614-466-2980
Fax:  614-728-9470

| For the Ohio Attorney General<br>MIKE DEWINE: | For the Ohio Department of<br>Commerce, Division of Financial<br>Institutions: |
|---|---|
| _____<br>MATTHEW J. LAMPKE<br>JEFFREY R. LOESER<br>SUSAN A. CHOE<br>Assistant Attorneys General<br>Ohio Attorney General<br>30 E. Broad St., 14th Floor<br>Columbus, OH 43215<br>Tel.:  614-466-1305<br>Fax:   614-466-8898 | */s/ Jennifer S. M. Croskey*<br>JENNIFER S. M. CROSKEY<br>Assistant Attorney General<br>Ohio Attorney General, Executive<br>Agencies<br>30 E. Broad St., 26th Floor<br>Columbus, OH 43215<br>Tel: 614-466-2980<br>Fax: 614-728-9470 |

44