KLESTADT & WINTERS, LLP
Sean C. Southard
570 Seventh Avenue, 17th Floor
New York, New York 10018
Tel:  (212) 972-3000
Fax:  (212) 972-2245

*Attorneys for Roosevelt Mortgage Acquisition Company and*
*Roosevelt Depositor LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | Case No. 12-12020(MG) |
| | Jointly Administered |
| Debtors. | |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS BY ROOSEVELT MORTGAGE ACQUISITION COMPANY AND ROOSEVELT DEPOSITOR LLC TO DEBTORS' PROPOSED SALE APPROVAL ORDER AND PROPOSED ASSUMPTION AND ASSIGNMENT OF AGREEMENTS**

TO:    THE HONORABLE MARTIN GLENN,
         UNITED STATES BANKRUPTCY JUDGE:

Roosevelt Mortgage Acquisition Company and Roosevelt Depositor LLC, for itself and on behalf of various affiliated entities and trusts (collectively "Roosevelt"), as party-in-interest in the above-captioned cases (the "Bankruptcy Cases"), files this limited objection ("Objection") to (i) the above-captioned debtors' (the "Debtors") motion dated May 14, 2012 (the "Sale Motion") and related proposed order ("Nationstar Sale Approval Order") seeking approval, among other things, of the assumption and assignment of certain executory contracts and unexpired leases in connection with the sale of assets to Nationstar Mortgage LLC ("Nationstar"), as well as (ii) that certain First Amended and Restated Notice of (I) Debtors' Intent To Assume and Assign Certain Executory

1

Contracts, Unexpired Leases of Personal Property, and Unexpired Lease of NonResidential Real Property and (II) Cure Amounts Related Thereto dated September 18, 2012 [Docket No. 1484] (the "Notice of Intent" and together with the Motion and Nationstar Sale Approval Order, the "Sale Pleadings"), and respectfully states as follows:

## Background

1.  As of May 31, 2012, Roosevelt acquired approximately 83 mortgage loans (the "Loans") from Aurora Bank FSB ("Aurora"), which Loans were thereafter deposited into various affiliated trusts and serviced by GMAC Mortgage LLC and/or one or more of its affiliates, including Residential Funding Corporation ("RFC", and collectively, "GMAC"). All of Aurora's rights and interests under various servicing agreements with GMAC, as it related to the Loans, were also assigned to Roosevelt, including rights and interests under the following agreements:

    a. Flow Sale and Servicing Agreement dated June 1, 2002, by and between Lehman Brothers Bank, FSB and GMAC Mortgage Corporation, relating to Residential Fixed Rate FHA-Insured and VA-Guaranteed Mortgage Loans Group No. 2002-Flow [Investor Number/GSE Name: 40331];

    b. Amendment Two to the Flow Subservicing Agreement dated as of March 1, 2007, by and between Lehman Brothers Bank, FSB and GMAC Mortgage LLC [Investor Number/GSE Name: 42143];

    c. Flow Subservicing Agreement dated January 1, 2005, by and between GMAC Mortgage Corporation (now GMAC Mortgage LLC "GMAC") and Lehman Brothers Bank, FSB, relating to Group No. 2005-SUBFLOW [Investor Number/GSE Name: 42503];

    d. Flow Subservicing Agreement dated May 1, 2006, by and among GMAC Mortgage Corporation, Aurora Loan Services LLC and Lehman Capital, relating to Group No. 2006 -NegAm-Flow [Investor Number/GSE Name: 42504];

    e. Flow Servicing Agreement dated September 26, 2005, by and between GMAC Mortgage Corporation and Lehman Brothers Bank, FSB, relating to Conventional Fixed and Adjustable Rate Residential Mortgage Loans [Investor Number/GSE Name: 45000]; and

    f. Sale and Servicing Agreement dated June 30, 2004, by and between Residential Funding Corporation and Capital Crossing Bank, relating to Adjustable Rate Mortgage Loans [Series 2004 PTWH-06].

(collectively and together with any other agreements relating to the servicing of the mortgage loans, the "Servicing Agreements").

    2. Each of the Servicing Agreements to which Roosevelt is a counter-party as identified in subparagraphs "a." through "e." above contains provisions providing for the termination of GMAC (or any successor) as servicer, and the transfer of servicing to a servicer selected by Roosevelt (such provisions, the "Termination Rights").[1]

    3. In addition, to the Termination Rights, there are other rights and interests of Roosevelt under each of the Servicing Agreements that are integral to the same.

## Objections

A. *Debtors Cannot Assume and Assign Less Than Complete Agreements*

    4. Roosevelt objects to the assumption and assignment of the Servicing Agreements proposed by and through the Sale Pleadings to the extent that the Debtors and Nationstar (or such higher and better purchaser as may appear at auction), seek to assume and assign less than all rights and obligations under the same.

    5. As many other parties in interest have already set forth at great length for the Court, the scope of relief contained in the current draft of the proposed Nationstar

---

[1] The Servicing Agreement between Roosevelt and RFC identified as subparagraph "f." above, contains provisions providing for mutual termination.

Sale Approval Order [Docket No. 113], is unduly broad and impermissible under section 365 of the Bankruptcy Code and the applicable law of this Circuit.

6. In light of the foregoing, Roosevelt files this Objection to clearly state its opposition to any assumption and assignment of the Servicing Agreements which purports to modify any of Roosevelt's rights against any present or future counter-party servicing the Loans, including, without limitation, the Termination Rights.

7. Simply put, GMAC, Nationstar or any other party may not "cherry-pick" those provisions of the Servicing Agreements they deem beneficial and reject those that are burdensome. The case law on this point of law is legion. In the interests of time and expense, however, Roosevelt joins in and adopts the arguments set forth in the objections to the Debtors' Sale Pleadings filed by certain trustees for residential mortgage backed securities trusts [Docket No. 291], USAA Federal Savings Bank [Docket No. 1611], Frost National Bank [Docket No. 286], and California Housing Finance Agency [Docket No. 1614] with respect to this point of law.

B. *Debtors Fail To Recognize Roosevelt As Proper Party of Record*.

8. Roosevelt further objects to the Sale Pleadings on account of the apparent inaccuracy of the Debtors' records reflected in the Notice of Intent. Though seemingly corrected on an operational level, Roosevelt has had difficulty in the past with achieving recognition by the Debtors of its counter-party status under the Servicing Agreements. Unfortunately, a review of the Notice of Intent suggests that the Debtors' records must still be updated to reflect Roosevelt.

9. At a minimum, the Debtors' records appear to require an update with respect to the Servicing Agreements identified as subparagraphs "c." through "e." in

paragraph "1." to this Objection. From Roosevelt's review of the Notice of Intent, it seems that the Debtors' have failed to recognize Roosevelt as the proper counter-party of record on these identified Servicing Agreements, as opposed to Aurora Loan Services-FB and/or Aurora Loan Services LLC.

10. Any assumption and assignment with respect to the Servicing Agreements that fails to properly recognize Roosevelt as the counter-party is ineffective.

11. Roosevelt specifically reserves all of its rights arising out of the Debtors' failure to recognize Roosevelt as the proper party under the applicable Servicing Agreements.

### Reservation of Rights

12. Roosevelt further reserves all of its rights to supplement this Objection and assert any cure that may be outstanding based upon undisclosed defaults as of the date of this filing or any amounts which may later become due on account of any future breach of the Servicing Agreements by the Debtors.

Dated: New York, New York
September 28, 2012

          KLESTADT & WINTERS, LLP

          By: /s/ Sean C. Southard
              Sean C. Southard
          570 Seventh Avenue, 17th Floor
          New York, New York 10018
          Tel: (212) 972-3000
          Fax: (212) 972-2245

          *Attorneys for Roosevelt Mortgage Acquisition Company and Roosevelt Depositor LLC*