Objection Deadline: September 28, 2012 at 5:00 p.m.
Hearing Date: November 5, 2012 at 11:00 a.m.

**ALSTON & BIRD LLP**
Martin G. Bunin
John C. Weitnauer (*pro hac vice*)
90 Park Avenue
New York, NY 10016
Telephone: (212) 210-9400
Facsimile: (212) 210-9444

*Counsel to Wells Fargo Bank, N.A.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) |
| | ) **Case No. 12-12020 (MG)** |
| **RESIDENTIAL CAPITAL, LLC,** *et al.*, | ) |
| | ) **Chapter 11** |
| **Debtors.** | ) |
| | ) **Jointly Administered** |

**OBJECTION AND RESERVATION OF RIGHTS OF
WELLS FARGO BANK, N.A., TO PROPOSED CURE AMOUNTS AND
ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS**

The corporate trust division of Wells Fargo Bank, N.A. ("**Wells Fargo**"), as master servicer, trustee, securities administrator, or other capacity, hereby files its Objection and Reservation of Rights (the "**Objection**") to cure amounts and the assumption and assignment of certain contracts proposed by the (a) *Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto* (Docket No. 924; the "**Original Notice**") and the (b) *First Amended and Restated Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto* (Docket No. 1484; the "**Amended Notice**;" together with the Original Notice, the "**Cure Notice**"). Wells Fargo respectfully states as follows:

1

**OBJECTION AND RESERVATION OF RIGHTS**

1. The Cure Notice lists numerous contracts that specify Wells Fargo as the contract counterparty. However, in many instances, the Cure Notice fails to adequately describe the contract in order to allow Wells Fargo to actually identify the contract the Debtors intend to assume and assign (the "**Unidentified Contracts**"). In such cases, Wells Fargo is thus unable to assess the appropriateness of the proposed cure amount and the proposed assumption and assignment.

2. It is also possible that contracts are listed which do not identify Wells Fargo as a counterparty or account holder, but for which Wells Fargo may hold an interest. Since the Cure Notice provides only limited information regarding the contracts to be assumed, it is impossible to determine whether contracts that do not identify Wells Fargo may nevertheless affect Wells Fargo's rights and obligations, let alone correctly identify any cure amounts.

3. For example: Exhibit 3b to the Cure Notice lists a number of contracts described as "First Union National Bank Warranties Service Agreement May 2, 2001" and "Wachovia Bank N.A. Servicing Agreement December 19, 2002" which each lists "Wells Fargo Bank, N.A." under the "Account Name." Amended Notice, Ex. 2 at 54. The descriptions of these contracts do not correlate with any contracts to which Wells Fargo is aware it is a party. Wells Fargo cannot evaluate the proposed cure amount or the proposed assumption and assignment of these contracts unless additional information is provided by Debtors that allows Wells Fargo to properly identify the contracts at issue.

4. Wells Fargo has been in regular contact with counsel for the Debtors to reconcile the list of contracts to be assumed by Nationstar Mortgage LLC ("**Nationstar**") with Wells Fargo's own records of such contracts. To date, there remain irreconcilable differences. The Amended Notice, which restates over 150 pages of contracts to be assumed by Nationstar, lacks

any additional information which would aid Wells Fargo in its ongoing reconciliation efforts. Moreover, the Amended Notice was filed just ten days prior to the deadline for this Objection which, for the reasons specified in the paragraphs above, is insufficient for Wells Fargo to determine whether such schedules are complete, confirm Wells Fargo's capacity, or evaluate any appropriate cure amounts.

5. The Cure Notice does not provide Wells Fargo with adequate notice of certain contracts the Debtors intend to assume and assign and Wells Fargo objects to the assumption and assignment of such Unidentified Contracts due to deficient notice.

6. Wells Fargo reserves the right to file additional objections, amend objections, or otherwise assert objections to proposed cure amounts and/or the assumption and assignment of the Unidentified Contracts. Wells Fargo also reserves its rights to file or otherwise assert any and all claims arising under the Unidentified Contracts.

[*Remainder of page intentionally left blank*]

Dated: September 28, 2012
     New York, New York

          Respectfully submitted,

          **ALSTON & BIRD LLP**

          By: /s/ John C. Weitnauer
          John C. Weitnauer (*pro hac vice*)
          Martin G. Bunin
          William Hao
          90 Park Avenue
          New York, NY 10016
          Telephone: (212) 210-9400
          Facsimile: (212) 210-9444

          *Counsel to Wells Fargo Bank, N.A.*