Objection Deadline:  September 28, 2012 at 5:00 p.m.
Hearing Date:  November 5, 2012 at 11:00 a.m.

**ALSTON & BIRD LLP**
Martin G. Bunin
John C. Weitnauer (*pro hac vice*)
90 Park Avenue
New York, NY 10016
Telephone: (212) 210-9400
Facsimile: (212) 210-9444

*Counsel to Wells Fargo Bank, N.A., as*
*Custodian for Certain Mortgage Backed*
*Securities Trusts*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) |
| | ) **Case No. 12-12020 (MG)** |
| **RESIDENTIAL CAPITAL, LLC, *et al.*,** | ) |
| | ) **Chapter 11** |
| Debtors. | ) |
| | ) **Jointly Administered** |

### OBJECTION OF WELLS FARGO BANK, N.A., AS CUSTODIAN FOR RESIDENTIAL MORTGAGE BACKED SECURITIES TRUSTS, TO PROPOSED CURE AMOUNTS AND ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS

Wells Fargo Bank, N.A. ("**Wells Fargo**"), solely in its capacity as custodian for certain mortgaged backed securities trusts (in such capacity, the "**Custodian**"), hereby files its Objection (the "**Objection**") to cure amounts and the assumption and assignment of certain contracts proposed by the (a) *Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto* (Docket No. 924; the "**Original Notice**") and the (b) *First Amended and Restated Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto* (Docket No. 1484; the "**Amended Notice**;" together with the Original Notice, the "**Cure Notice**"). The Custodian respectfully states as follows:

## I. PRELIMINARY STATEMENT.

1.      Wells Fargo acts as custodian for the purpose of receiving and holding certain

documents and other instruments relating to residential mortgage loans delivered by certain

Debtors, in their capacity as a servicer, master servicer, or owner with respect to such loans,

pursuant to the terms of numerous custodial agreements (each a "**Custodial Agreement**" and

collectively the "**Custodial Agreements**").  In such capacity, Wells Fargo is responsible for

holding and safeguarding the mortgage notes and other contents of the mortgage files.  Wells

Fargo is a party to approximately 1200 Custodial Agreements with Debtors, including in

connection with RMBS securitizations, whole loan warehousing arrangements, and other

financing arrangements. [1]

2.      The Cure Notice indicates that the Debtors intend to assume and assign the

Custodial Agreements in connection with their proposed sale of certain assets (the "**Proposed

Sale**") to Nationstar Mortgage LLC ("**Nationstar**").  Exhibit 3a of the Cure Notice lists

numerous Custodial Agreements to be assumed.[2]  *See* Amended Notice, Ex. 1.  Cure amounts

with respect to these Custodial Agreements are not proposed which, according to the Cure

Notice, indicates that "the Debtors believe there is no Cure Amount currently outstanding."  Cure

Notice at 2.

3.      The Custodian's records indicate that at least $287,361.89 is currently outstanding

and owed by Debtors to the Custodian under various Custodial Agreements.  Attached hereto as

Exhibit A are copies of invoices relating to Custodial Agreements that are unpaid or partially

---

[1]      The Custodian notes that it has not yet been able to reconcile all of the custodial agreements listed on the Cure Notice with its records and, also, that there may be custodial agreements between the Custodian and Debtors that are not currently listed on the Cure Notice.

[2]      Exhibit 2 to the Cure Notice also proposes a $5,965.15 cure amount with respect to a number of contracts that list Wells Fargo Bank N.A. as the counterparty.  *See* Original Notice, Ex. 2.  The Custodian cannot discern from the contract description whether such contracts are in fact Custodial Agreements or, if so, to which Custodial Agreements the proposed cure relates.  To the extent such contracts are Custodial Agreements, the Custodian objects to the proposed cure amount as set forth below.

unpaid (the "**Invoices**"). Attached hereto as Exhibit B is a chart showing the calculation of the outstanding amount. Such amount must be cured by the Debtors prior to assumption and assignment of the Custodial Agreements in connection with the Proposed Sale. Additionally, as described further below, the Custodian holds one known, but unliquidated and still accruing, Indemnification Claim (defined below) that must also be cured by the Debtors prior to assumption and assignment of the Custodial Agreements.

## II.  OBJECTION.

*Objection to Proposed Cure Amounts – Unpaid Fees*

4.      The Debtors are in default under the Custodial Agreements. Thus, the Debtors must comply with § 365(b)(1) of the Bankruptcy Code before the Custodial Agreements can be assumed and assigned to Nationstar or any other purchaser. Section 365(b)(1) provides that "a debtor must (1) cure the default, or provide adequate assurance that it will promptly cure it; (2) compensate, or provide adequate assurance that the trustee will promptly compensate, the non-debtor party to the contract for any actual monetary loss caused by the debtor's default; and (3) provide adequate assurance of future performance under the contract" before assumption can be approved. *Regen Capital I, Inc. v. Halperin (In re U. S. Wireless Data, Inc.)*, 547 F.3d 484, 489 (2d Cir. 2008).

5.      The Cure Notice suggests that no defaults exist under the Custodial Agreements. To the contrary, at least $287,361.89 in monetary defaults are currently outstanding under Custodial Agreements as indicated by the attached Invoices. Pursuant to §365(b)(1), such amount must be cured by the Debtors prior to assumption and assignment of the Custodial Agreements.

3

*Objection to Proposed Cure Amounts – Known Indemnification Claim*

6.        Additionally, some, if not all, of the Custodial Agreements provide that Debtors agree to indemnify the Custodian from and against, *inter alia*, all claims, liabilities, losses, actions, suits or proceedings at law or in equity, or any other expenses, including attorney's fees, incurred in its capacity as Custodian under the Custodial Agreements (the "**Indemnification Claims**"). At this time, the Custodian is aware of one Indemnification Claim – the Custodian is indemnified from expenses relating to the preparation of this Objection and the resolution of same. Accordingly, the Custodian hereby asserts that any Indemnification Claims that are known and outstanding as of the assumption date must be cured pursuant to § 365(b)(1).

*Objection to Assumption and Assignment of Custodial Agreements*

7.        The Custodian objects to the proposed assumption and assignment of the Custodial Agreements on the basis that it does not comply with the requirements of § 365 of the Bankruptcy Code. As more fully described in paragraphs 9 through 15 of the *Pre-Auction Objections of the RMBS Trustees to the Debtors' Sale Motion* (Docket 1242; the "**Trustees' Pre-Auction Objection**"), which are incorporated herein by reference, the Debtors purport to assume and assign the Custodial Agreements without providing adequate assurance that Nationstar, or any other purchaser, will perform obligations relating to acts or omissions of the Debtors occurring prior to the closing of the Proposed Sale. Thus, the Custodian objects to the Debtors' proposed cure amounts to the extent they are intended to relieve Nationstar, or any other purchaser, of their obligation to perform under the Custodial Agreements once assumed and assigned, including any Indemnification Claims that are unknown or unliquidated at the time of assumption and assignment.

8.      The Custodian also objects to the proposed assumption and assignment of the Custodial Agreements to the extent the Debtors seek to sever any portion of any Custodial Agreement.  Section 365 of the Bankruptcy Code does not permit a debtor to assume only the beneficial portions of an executory contract and to leave behind undesirable liabilities.  *See, e.g., In re MF Global Holdings Ltd.*, 466 B.R. 239, 241 (Bankr. S.D.N.Y. 2012) ("The trustee must either assume the entire contract, *cum onere*, or reject the entire contract, shedding obligations as well as benefits."); *The Leslie Fay Companies, Inc. v. Corporate Property Associates 3 (In re The Leslie Fay Companies, Inc.)*, 166 B.R. 802 (Bankr. S.D.N.Y. 1994) ("If an executory contract is assumed, it is said to be assumed *cum onere*, with all of its benefits and burdens."). Accordingly, the Custodian asserts that Debtors should be required to assume each Custodial Agreement in its entirety, and to perform any and all obligations thereunder.

### III.    RESERVATION OF RIGHTS.

9.      The Custodian hereby reserves its rights to amend or supplement the Objection in the event it becomes aware of additional claims accruing on or prior to the assumption date of any Custodial Agreements.  The Custodian also reserves the right to file and assert additional claims in the event any Custodial Agreements are not assumed.

[*Remainder of page intentionally left blank*]

5

Dated:  September 28, 2012
        New York, New York

Respectfully submitted,

**ALSTON & BIRD LLP**

By: /s/ John C. Weitnauer
John C. Weitnauer (*pro hac vice*)
Martin G. Bunin
William Hao
90 Park Avenue
New York, NY 10016
Telephone: (212) 210-9400
Facsimile: (212) 210-9444

*Counsel to Wells Fargo Bank, N.A., as
Custodian for Certain Mortgage Backed
Securities Trusts*