Objection Deadline: **September 28, 2012 at 5:00 p.m** (prevailing Eastern Time)
Sale Hearing Date: **November 5, 2012 at 11:00 a.m.** (prevailing Eastern Time)

Ileana M. Hernandez (CA Bar No. 198906)
*Pro Hac Vice Pending*
MANATT, PHELPS & PHILLIPS
11355 West Olympic Boulevard
Los Angeles, California 90064
Tel:  (310) 312-4000
Fax: (310) 312-4224
E-mail: ihernandez@manatt.com

*Attorneys for Los Angeles County Employees Retirement Association*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, *et al[1].,* | Case No. 12-12020 |
| | Jointly Administered |
| Debtor(s). | |
| | Honorable Martin Glenn |

**LIMITED OBJECTION OF LOS ANGELES COUNTY EMPLOYEES RETIREMENT ASSOCIATION TO NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) CURE AMOUNTS RELATED THERETO**

Los Angeles County Employees Retirement Association ("LACERA"), through its undersigned counsel, hereby submits this limited objection ("Objection") to the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contract, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto filed by the above-referenced debtors ("the "Debtors").  In support of this Objection, LACERA states as follows:

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC in Support of the Chapter 11 Petitions and First Day Pleadings.

## INTRODUCTION

The Debtors seek to assume and assign certain agreements in connection with the proposed sale of a substantial portion of the Debtors' assets. Although LACERA does not oppose the assumption and assignment of the Member Home Loan Sale and Servicing Agreement between LACERA and debtor GMAC Mortgage Corporation, dated October 1, 1992 (as amended from time to time, "Agreement"), LACERA requests that each and all of the provisions in its Agreement remain binding upon and enforceable against Nationstar Mortgage, LLC or a Successful Bidder (hereinafter, the "Purchaser").

## BACKGROUND

1.      On May 14, 2012, the Debtor filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") before the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

2.      The Debtors are presently operating their business and maintaining their assets as debtors in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

3.      Prior to the filing of the Chapter 11 proceedings, debtor GMAC Mortgage Corporation ("GMAC") and LACERA entered into the Agreement, under which LACERA's members could obtain mortgage loans from GMAC. Under the Agreement, GMAC agreed to both originate and service the mortgage loans pursuant to LACERA's home loan program.

4.      On May 14, 2012, the Debtors also filed a motion seeking, among others, (i) authorization and approval of certain proposed procedures (the "Sale Procedures") with respect to two proposed sales (the "Sale Transactions" or "the Sales") by certain of the Debtors of (a) the Purchased Assets (as such term is defined in the Asset Purchase Agreement by and between Nationstar Mortgage LLC and certain of the Debtors (the "Nationstar APA"); and (b) Purchased

Assets (as such term is defined in the Asset Purchase Agreement by and between Ally Financial

Inc. ("AFI"), and certain of the Debtors (the "AFI APA," together with Nationstar APA, the

"APAs")); (ii) scheduling a hearing on the Sales (the "Sale Hearing") and setting objection

deadlines and bidding deadlines with respect to the Sales and Auction; (iii) approving the form

and manner of notices for (a) an auction of the Purchased Assets (the "Auction") and (b) the Sale

Hearing; and (iv) the assumption and assignment of certain executory contracts and unexpired

leases (collectively, the "Assumed Contract") in connection with the sale of the Purchased Assets

pursuant to the Nationstar APA (the "Assumption and Assignment Procedures") [Docket No. 61]

(the "Sale Motion").

     5.     On June 28, 2102, the Bankruptcy Court entered a Sale Procedures Order,

approving, among other things, procedures for the assumption and assignment of certain

executory contracts and unexpired leases pursuant to the Sales Transactions [Docket No. 538]

(the "Sales Procedures Order").

     6.     On July 26, 2012, in accordance with the Sale Procedures Order, the Debtors filed

a Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contract, Unexpired

Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II)

Cure Amounts Related Thereto [Docket No. 924] ("Contract Notice"). The Contract Notice is

accompanied by a Schedule of agreements described as Assumed Contracts that may be assumed

by the Debtors and assigned to the Purchaser (with the Purchaser reserving the right to exclude

any agreement from assumption and assignment up to two days prior to the Closing Date).

     7.     The Debtors are proposing that "where a Servicing Agreement (as defined in the

Nationstar APA) is contained within the same writing as an agreement related to loan

origination, (i) the Debtors intend to assume and assign to the Purchaser only the Servicing

Agreement; (ii) the origination agreement shall be severed from the multi-agreement document pursuant to the Nationstar Sale Approval Order; and (iii) the Purchaser shall have no liability under any origination agreement. The Nationstar Sale Approval Order will also generally provide that no delay or failure of performance by the Debtors under or in respect to any origination agreement will (i) affect any right of Nationstar under any Servicing Agreement or (ii) permit, result in or give rise to any setoff, delay, deferral, defense, recoupment, claim, counterclaim, default or other impairment of the rights of the Purchaser under any Servicing Agreement." (Contract Notice, ¶ 7, p.2)

## OBJECTIONS

### A.    The Debtors Must Assume the Entire Agreement

8.      The Debtors can assume and assign executory contracts if they satisfy the requirements of section 365 of the Bankruptcy Code. However, it is well established that a debtor cannot pick and choose portions of executory contracts that it wishes to assume. *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 531-532 (1984) ("Should the debtor-in-possession elect to assume the executory contract, however, it assumes the contract *cum onere*. . . ."); *In re MF Global Holdings Ltd.*, 466 B.R. 239, 241 (Bankr. S.D.N.Y 2012) ("The trustee must either assume the entire contract, *cum onere*, or reject the entire contract, shedding obligations as well as benefits. . . [T]he nondebtor party must object if the trustee proposes to assume only a portion of the contract, or it may be bound."); *In re Ionosphere Clubs, Inc.*, 85 F.3d 992, 999 (2nd Cir. 1996) (Congress' intent in imposing the conditions on the ability of the debtor to assume the contract under section 365 of the Bankruptcy Court was "to insure that the contracting parties receive the full benefit of their bargain if they are forced to continue performance." (internal citations omitted)); *The Leslie Fay Companies, Inc. v. Corporate Property Associates 3 (In re*

*The Leslie Fay Companies, Inc.)*, 166 B.R. 802 (Bankr. S.D.N.Y. 1994) ("If an executory

contract is assumed, it is said to be assumed *cum onere*, with all of its benefits and burdens.").

9.      Further, the rights and interests of the non-debtor party may not be adversely

altered in the process of assuming and assigning a contract. *See In re Fleming Companies, Inc.*,

499 F.3d 300, 308 (3rd Cir. 2007)("an assignment is intended to change only who performs an

obligation, not the obligation to be performed").

10.     LACERA objects to any attempt by the Debtors to sever servicing agreements

from origination agreements and assuming and assigning only part of an executory contract

under Bankruptcy Code section 365.  The Debtors should be required to assume the entire

Agreement.

     B.      **The Debtors and Purchaser Have Failed to Show Adequate Assurance of**

            **Future Performance**.

11.     In connection with the assumption and assignment of a contract under Section 365

of the Bankruptcy Code, "adequate assurance of future performance by the assignee" must be

provided "whether or not there has been a default in such contract . . . " 11 U.S.C.. §

365(f)(2)(B).  "The requirement that adequate assurance of future performance be given to the

other party is appropriate in light of section 365(k), which provides that assignment relieves the

trustee and the estate from any liability for breaches occurring after assignment." 3 *Collier on*

*Bankruptcy* ¶ 365.09[1], p. 365-373 (16th ed. 2012); *see also In re Fleming Companies, Inc.*,

*supra*, 499 F.3d at 305.

12.     The Agreement cannot be assumed and assigned if the Purchaser does not provide

adequate assurance of future performance under the Agreement.  The Debtors' Sale Motion is

silent as to how the Purchaser will provide adequate assurance of future performance.  Instead,

the Sale Motion merely explains that what constitutes adequate assurance of future performance "depends on the facts and circumstances of each case" and that adequate assurance may "be provided by demonstrating the assignee's financial health and experience in managing the type of enterprise or property assigned." (Sale Motion at ¶ 84.)

13.    However, these general statements of law are insufficient to provide LACERA with adequate assurance of future performance by the Purchaser.  Adequate assurance of future performance requires the Purchaser to provide assurances of performance of "material and economically significant terms." *See* 3 *Collier* at ¶ 365.09[1]; *In re Fleming Companies, Inc., supra,* 499 F.3d at 306 (In determining whether a term of the debtor's executory contract is material and significant, for purpose of a motion for assignment of a contract, the focus is placed on the importance of the term within the overall bargained for exchange; that is, "whether the term is integral to the bargain struck between the parties (its materiality), and whether the performance of that term gives a party the full benefit of his bargain (its economic significance).")  Here, the facts and circumstances surrounding the Agreement necessitate scrutiny of precisely how the Purchaser will provide LACERA with adequate assurance of future performance, particularly with regard to the servicing responsibilities that the Purchaser will need to comply with as set forth in the Agreement.

14.    Accordingly, until the Purchaser provides LACERA with adequate assurance of future performance, the Agreement cannot be assumed and assigned to the Purchaser.

## **CONCLUSION**

WHEREFORE, LACERA respectfully requests that the Debtors not be permitted to

assume and assign the Agreement unless: (1) the assumption and assignment of the Agreement is

in conformance with *cum onere* principles; (2) each and all of the provisions of the Agreement

shall be and remain binding upon and enforceable as against the Purchaser; and (3) the Purchaser

provides adequate assurance of future performance of the Agreement.


Dated:  September 28, 2012

                                               _Ileana M. Hernandez_

Ileana M. Hernandez (CA Bar No. 198906)
*Pro Hac Vice Pending*
Manatt, Phelps & Phillips, LLP
11355 W. Olympic Boulevard
Los Angeles, CA  90069
Telephone: (310) 312-4000
Facsimile:  (310) 312-4224
Email: ihernandez@manatt.com

*Attorneys for Los Angeles County Employees*
*Retirement Association*

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of September 2012, I served a copy of the foregoing Limited Objection of the Los Angeles County Employees Retirement Association to the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contract, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto via first-class mail, postage prepaid, or, where indicated, via electronic mail, upon the following:

Morrison & Foerster LLP
1290 Avenue of the Americas
New York, NY 10104
(Attn: Larren M. Nashelsky and Gary S. Lee)
E-mail: lnashelsky@mofo.com; glee@mofo.com

Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(Attn: Jessica C.K. Boelter)
E-mail: jboelter@sidley.com

Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036
(Attn: Kenneth H. Eckstein and Douglas H. Mannal)
E-mail: keckstein@kramerlevin.com; dmannal@kramerlevin.com

Office of the United States Trustee for the Southern District of New York
33 Whitehall Street, 21st Floor
New York, NY 10004
(Attn: Brian Masumoto)

Munger, Tolles & Olson LLP
355 South Grand Avenue
Los Angeles, CA 90071
(Attn: Seth Goldman and Thomas Walper)
E-mail: seth.goldman@mto.com; twalper@mto.com

Ileana M. Hernandez (CA Bar No. 198906)

304916754.1