UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK (MANHATTAN)

| | |
|---|---|
| In Re:<br><br>GMAC MORTGAGE, LLC (SUCCESSOR BY MERGER TO GMAC MORTGAGE CORPORATION) AS SERVICER FOR THE BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF NEW YORK TRUST COMPANY, N.A. AS SUCCESSOR TO JP MORGAN CHASE BANK NA, AS TRUSTEE FOR RAMP 2003-RS11,<br>--------------------------------------------------<br>TODD A. WILLIAMS,<br>2563 ALEXANDER FARMS DRIVE<br>MARIETTA, GA 30064<br>      Plaintiff,<br>-against-<br>GMAC MORTGAGE, LLC (SUCCESSOR BY MERGER TO GMAC MORTGAGE CORPORATION) AS SERVICER FOR THE BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF NEW YORK TRUST COMPANY, N.A. AS SUCCESSOR TO JP MORGAN CHASE BANK NA, AS TRUSTEE FOR RAMP 2003-RS11,<br>AND<br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS "MERS"<br>AND | **Case No.: 12-12032**<br><br>**ADVERSARY PROCEEDING**<br><br>ADV. NO: _____<br><br><br>**COMPLAINT TO DETERMINE THE NATURE, EXTENT AND VALIDITY OF LIEN AND DISALLOW SECURED CLAIM, TILA VIOLATION, FRAUD, LIBEL, QUIET TITLE, TRO, PRELIMINARY AND PERMANENT INJUNCTIONS FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**<br><br><br>**JURY TRIAL DEMANDED**<br><br>SEP 2 6 2012 |

COMPLAINT TO DETERMINE THE NATURE, EXTENT AND VALIDITY OF LIEN AND DISALLOW SECURED CLAIM, THILA VIOLATION, FRAUD, LIBEL, QUIET TITLE, TRO, PRELIMINARY AND PERMANENT INJUNCTIONS FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT - 1

|  |  |
|---|---|
| 1 | HOMECOMINGS FINANCIAL,LLC AS SERVICING ) |
| 2 | AGENT FOR JP MORGAN CHASE BANK, NA ) |
| 3 | 1270 NORTHLAND DRIVE, SUITE 200 ) |
| 4 | MENDOTA HEIGHTS, MN 55120 ) |
| 5 | Defendant ) |

Pursuant to 28 U.S.C. 1452(A) AND 1334(B), Rule 9027 of the Federal Rule of Bankruptcy Procedure, Rule 101(e) of the Local Civil Rules of the U.S. District Court for the Southern District of New York (the "District Court"), and Local Bankruptcy Rule 9027-1 of the U.S. Bankruptcy Court for the U.S. District of New York (the "Bankruptcy Court"), and without waiving any and all applicable defenses at law and in equity to the claim asserted in the United State Bankruptcy Court Atlanta Georgia Federal Action (as defined below), Plaintiff Todd Williams, hereby gives notice that he has joined the United States Bankruptcy for the Southern District of New York Court Action. In support thereof, Defendant states as follows:

The complaint of Todd Williams, Creditor, respectfully alleges:

1. Plaintiff is the duly qualified and acting debtor/Creditor in this case.
2. The Debtor/Creditor filed a Petition for Chapter 13 Bankruptcy on 09/04/12.
3. Plaintiff files this action to determine the nature, extent and priority of The Defendants' lien, if any, **fraudulent Assignment's** on the property of the Debtor/Creditor, pursuant to Bankruptcy Rule 7001(2) and 11 U.S.C. §506.
4. The Debtor/Creditor have an interest in the real estate pursuant to 11 U.S.C.§544 which is superior to that of any that may be held by Defendants.
5. Jurisdiction is predicated upon 28 U.S.C. §1334 and §157. This action is

COMPLAINT TO DETERMINE THE NATURE, EXTENT AND VALIDITY OF LIEN AND DISALLOW SECURED CLAIM, THILA VIOLATION, FRAUD, LIBEL, QUIET TITLE, TRO, PRELIMINARY AND PERMANENT INJUNCTIONS FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT - 2

a core proceeding under the provisions of 28 U.S.C. §157(b)(2)(k), 28 U.S.C. §157(b)(2)(O), and 28 U.S.C. §157(b)(2)(E). Venue lies in this District pursuant to 28 U.S.C.1409. The alleged Assignment of October 28, 2009 is FRAUDLULENT, and null and void.

6. To the extent of any non-bankruptcy claims for relief, this matter is a noncore proceeding and the Plaintiff consents to the entry of a final order in this case by the Bankruptcy Judge.

7. Debtor/Creditor scheduled Defendant, GMAC Mortgage, as a secured creditor with a mortgage on real property located at 2563 Alexander Farms Drive Marietta, Georgia 30064.

8. HOMECOMINGS FINANCIAL, LLC as Servicing Agent for JP Morgan Chase Bank, NA, filed a fraudulent proof of claim on December 18, 2006. The documents attached to the proof of claim include a deed of trust and note to Defendant Mortgage Electronic Registration Systems, Inc., with several endorsements on the note, a suspect assignment to GMAC.

9. Defendant, Mortgage Electronic Registration Systems, Inc. is listed as the nominee for Defendant, HOMECOMINGS FINANCIAL,LLC, and its successors and assigns and is the beneficiary under the deed of trust referenced in paragraph

10. Upon investigation the Plaintiff has determined the lien on the property in question is backed by Defendant, GMAC MORTGAGE LLC.

11. The assignment to GMAC was executed by A. Torres, a MERS employee who signed the document as an officer of Defendant MERS. Prepared by attorney Jeffrey Stephan, it was executed on October 29, 2009, but purports to be effective as of July 9, 2009. Mr. Stephan's office has since closed due to allegations of foreclosure fraud and Mr. Stephan has been deposed in other lawsuits and admitted to signing approximately 10,000 documents a month which were often notarized a day later, failing to verify information contained in the documents

COMPLAINT TO DETERMINE THE NATURE, EXTENT AND VALIDITY OF LIEN AND DISALLOW SECURED CLAIM, THILA VIOLATION, FRAUD, LIBEL, QUIET TITLE, TRO, PRELIMINARY AND PERMANENT INJUNCTIONS FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT - 3

he signed or even to review the documents, and other behaviors at odds with the legitimate execution of real estate security documents. The three endorsements on the note appear to have been executed by other people who have been identified in other cases around the country as people who signed documents indiscriminately with bizarre "limited signing authorities" associated with Defendant MERS.

12. In the event that the Defendants' lien is not perfected or could be avoided, Plaintiff believes that the residence is property of the bankruptcy estate, and is property which the Debtor/Creditor may use, sell or lease pursuant to 11 U.S.C. §363. Accordingly, Plaintiff seeks entry of a Judgment that his interest in the property is superior to that of the Defendants pursuant to 11 U.S.C. §544.

13. Plaintiff further states that the Insurance purchase during closing paid off his alleged Mortgage Loan to GMAC and that based on information and belief, his debt is paid in full.

**FIRST CLAIM FOR RELIEF**
[AS TO GMAC MORTGAGE LLC SUCCESSOR BY MERGER TO GMAC MORTGAGE CORPORATION AS SERVICER FOR THE BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF NEW YORK TRUST COMPANY, N.A. AS SUCCESSOR TO JP MORGAN CHASE BANK N.A., AS TRUSTEE FOR RAMP 2003-RS11, AND ALL PERSONS CLAIMING BY, THROUGH, OR UNDER SUCH PERSON, ALL PERSONS UNKNOWN, CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN , OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFFS' TITLE THERETO AND DOES 1-13][QUIET TITLE]

14. Plaintiff re-alleges and incorporates the allegations contained In preceding Paragraphs, inclusive, as though set forth at length herein.

15. Plaintiff is the owner of the subject property now held by the Plaintiff's Estate.

16. The basis of Plaintiff's title is a deed granting the above-described property in fee simple to Plaintiff.

COMPLAINT TO DETERMINE THE NATURE, EXTENT AND VALIDITY OF LIEN AND DISALLOW SECURED CLAIM, THILA VIOLATION, FRAUD, LIBEL, QUIET TITLE, TRO, PRELIMINARY AND PERMANENT INJUNCTIONS FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT - 4

17. Plaintiff is informed and believes and on such information and belief alleges that Defendant McCurdy & Candler, LLC, GMAC MORTGAGE LLC AS SERVICER FOR THE BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF NEW YORK TRUST COMPANY, AS SUCCESSOR TO JP MORGAN CHASE BANK National Association and all persons claiming, by , through, or under such person, all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the Complaint adverse to Plaintiff's title thereto, claim an interest adverse to Plaintiff in the above-described property as adverse interest the holder of a deed of trust against the subject property.  Some of the Defendants including GMAC MORTGAGE LLC, MERS, GMAC MORTGAGE CORPORATION, THE BANK OF NEW YORK MELLON TRUST COMPANY AND JP MORGAN CHASE BANK National Association and unknown defendants, specifically those additionally designated as DOES 1-17, inclusive claim interests in the property adverse to Plaintiff as assignees and successors of Defendants.

WHEREFORE, Plaintiff is seeking to quiet title as of a date to be determined; for fees and costs of suit and incurred herein; and, for such other and further relief as the court deems just and proper.

WHEREFORE, Plaintiff prays as follows:

A. That a summons issue and be served on the Defendants, together with a copy of this complaint, and that Defendants be required to answer within the time required by law.

B. That upon a hearing of this cause the Court determine the nature and extent of the liens and **fraudulent Assignments** of the Defendants.

C. That upon a finding that the lien of the Defendants in the property is not perfected, the Court issue an order finding the interest of the Plaintiff in the property to be superior to that of the Defendants, and allow him to sell

COMPLAINT TO DETERMINE THE NATURE, EXTENT AND VALIDITY OF LIEN AND DISALLOW SECURED CLAIM, THILA VIOLATION, FRAUD, LIBEL, QUIET TITLE, TRO, PRELIMINARY AND PERMANENT INJUNCTIONS FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT - 5

1    the property and use the proceeds of the sale for the benefit of the his
2    estate.
3    D. That Plaintiff be awarded his reasonable costs in pursuing this cause
4    Pursuant to E.D. Bankr. LBR 300-1(b)(2).
5    E. That Plaintiff be awarded such further relief as may be warranted by the
6    Premises.
7    F. Rescind the foreclosure sale of September 04th 2012, that was done without
8    following Georgia Laws for Notice.

Dated this 9/19/2012

TODD A. WILLIAMS

COMPLAINT TO DETERMINE THE NATURE, EXTENT AND VALIDITY OF LIEN AND DISALLOW SECURED CLAIM, THILA VIOLATION, FRAUD, LIBEL, QUIET TITLE, TRO, PRELIMINARY AND PERMANENT INJUNCTIONS FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT - 6