Stanley B. Tarr
BLANK ROME LLP
1201 N. Market Street, Suite 800
Wilmington, DE 19801
Tel. (302) 425-6400
Fax: (302) 425-6464

Counsel for Infor Global Solutions (Michigan), Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  | : | Chapter 11 |
|---|---|---|
| In re: | : |  |
|  | : | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | : |  |
|  | : | Jointly Administered |
|  | : |  |
| Debtors. | : | **Re: Docket No. 924** |

**OBJECTION OF INFOR GLOBAL SOLUTIONS (MICHIGAN), INC.
TO THE NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN
CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF
PERSONAL PROPERTY, AND UNEXPRIED LEASES OF NONRESIDENTIAL
REAL PROPERTY AND (II) CURE AMOUNTS RELATED THERETO**

Infor Global Solutions (Michigan), Inc. ("Infor") objects to the *Notice of the (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto* (D.I. 924) (the "Assignment Notice") filed in connection with the motion (D.I. 61) (the "Sale Motion") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for authority to sell certain assets pursuant to the (i) Asset Purchase Agreement (the "Nationstar APA") by and between Nationstar Mortgage LLC ("Nationstar") and certain of the Debtors and (ii) Asset Purchase Agreement by and between Berkshire

119645.01607/40203505v.1

Hathaway Inc. and certain of the Debtors (the "BH Agreement"). In support of its objection, Infor respectfully represents as follows:

## I.     PRELIMINARY STATEMENT

1.     In connection with the Sale Motion, the Debtors seek authority to assume and assign certain executory contracts to Nationstar or the successful bidder or bidders at auction (collectively, the "Purchaser"). Exhibit 2 to the Assignment Notice identifies an undated software license agreement to which Infor is a counterparty and related supplements, addendum, servicing and maintenance agreements and amendments (collectively, the "Infor Agreements"). Infor has several concerns with respect to the Assignment Notice.

2.     First, Exhibit 2 to the Assignment Notice alleges that the party to the Infor Agreements is "GMAC Mortgage Corporation" ("GMAC"). However, the actual counterparty to the Infor Agreements is Ally Financial Inc. ("AFI"), the Debtors' non-debtor indirect parent. *See* Sale Motion at p. 3. Therefore, from the Assignment Notice it is unclear the basis upon which the Debtors assert a legal right to assume, assign and/or transfer the Infor Agreements. If a Debtor is not a party to the Infor Agreements, the Infor Agreements may not be assumed or assigned in conjunction with a proposed sale.

3.     Second, the Assignment Notice fails to provide adequate notice of the agreements to be assumed and assigned because the descriptions of the Infor Agreements fail to include the date of the governing license agreement and the dates of the related documents.

4.     Moreover, under the clear and unambiguous provisions of 11 U.S.C. § 365(c)(1), the Debtors may not assume or assign an executory contract if applicable non-bankruptcy law excuses the non-debtor contract party from accepting performance from or rendering performance to an entity other than the debtor. Here, since the Infor Agreements

contain a non-exclusive license for the limited use of, among other things, copyrighted software owned by Infor, federal copyright law excuses Infor from accepting performance from, or rendering performance to, any proposed assignee.

5.   The Infor Agreements do not have software support agreements in place currently and, therefore, Infor cannot and will not consent to the assignment of unsupported agreements. If it is determined that a Debtor is, in fact, the licensee under the Infor Agreements, then, in order for the Debtors to assume and assign the Infor Agreements, support agreements must be current and all applicable fees must be paid in connection therewith.

6.   For these and other reasons discussed below, the Debtors should not be allowed to assume or assign the Infor Agreements.

## II.    FACTUAL BACKGROUND

### A.    The Parties' Relationship

7.   Infor, as successor-in-interest to Dun & Bradstreet Software Services, Inc., and AFI, as successor-in-interest to GMAC, are parties to that certain License Agreement, dated February 29, 1996 (collectively with all amendments, addenda, supplements or related invoices, purchase orders or other documents, the "License Agreement"[1]). A true and correct copy of the License Agreement is attached hereto as **Exhibit A**.

8.   Pursuant to that certain Amendment to Agreement, dated August 30, 2010, the License Agreement was amended to reflect that AFI replaced GMAC as the licensee under

---

[1] For purposes of this Objection, Infor assumes that the Infor Agreements listed in the Assignment Notice are the License Agreement.

3

the License Agreement. A true and correct copy of the Amendment to Agreement is attached hereto as **Exhibit B**.[2]

9. Pursuant to the License Agreement, AFI has a nontransferable and nonexclusive license to install and use certain copyrighted software (the "Infor Software") owned by Infor.

10. Pursuant to the License Agreement, AFI, without Infor's consent, has no right to assign the Infor Agreements or transfer the Infor Software in the context of a piecemeal liquidation and asset sale. Specifically, the License Agreement provides, among other things, that "[n]either this Agreement nor any license hereunder may be assigned by [AFI] (whether by operation of law or otherwise) without [Infor]'s prior written consent." (License Agreement, ¶ 7.1).

11. Upon the termination of the License Agreement, AFI is obligated to (i) cease its use of the Infor Software and (ii) certify to Infor in writing that all copies of the Infor Software and all proprietary and confidential property of Infor, including, without limitation, all source code, object code and documentation have been destroyed or returned to Infor. (License Agreement, ¶ 7.4).

B.   **The Chapter 11 Proceedings and Proposed Nationstar APA**

12. On May 13, 2012, Nationstar and certain of the Debtors entered into the Nationstar APA.

13. On May 14, 2012 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy

---

[2] The Amendment to Agreement has been redacted to remove confidential and proprietary information. An unredacted copy of the Amendment to Agreement will be made available to the Court and to any party in interest that executes an appropriate confidentiality agreement.

4

119645.01607/40203505v.1

Code"). The Debtors have continued to manage and operate their businesses and properties as debtors-in-possession.

14. On the Petition Date, the Debtors filed the Sale Motion, including the Nationstar APA as an exhibit thereto.

15. On July 26, 2012, the Debtors filed the Assignment Notice. The Assignment Notice lists the Infor Agreements as executory contracts that may be assumed and assigned in connection with the proposed sale to Nationstar.

16. Under the Nationstar APA, the Infor Software and the computer equipment on which the Infor Software is installed may constitute "Transferred IT Assets" and "Licensed Transferred IP" and, as such, may be transferred to the Purchaser as "Purchased Assets" (each term as defined in the Nationstar APA) in connection with the proposed sale. Absent Infor's consent, such transfer violates the terms of the Infor Agreements and would constitute an unauthorized transfer of the Infor Software.

### III.    OBJECTION

**A.    The Debtors Cannot Assume and Assign the Infor Agreements because a Non-Debtor is the Licensee**

17. As noted above, none of the Debtors are parties to the Infor Agreements identified in the Assignment Notice. AFI, a non-Debtor, is the licensee under the License Agreement. As such, the Debtors cannot assume or assign the Infor Agreements in connection with any proposed sale. 11 U.S.C. §365(a) ("the trustee, subject to the court's approval, may assume or reject any executor contract or unexpired lease *of the debtor*.") (emphasis added).

**B.    Under Section 365(c)(1) of the Bankruptcy Code and Applicable Copyright Law, the Debtors Cannot Assume and Assign the Infor Agreements Absent Infor's Consent**

18. Section 365(c) of the Bankruptcy Code provides, in pertinent part, that a trustee (or debtor-in-possession) may not assume or assign an executory contract where, as here:

5

> (1)(A) applicable law excuses a party, other than the debtor, to such Agreement . . . from accepting performance from or rendering performance to an entity other than the debtor or the debtor in possession, whether or not such Agreement . . . prohibits or restricts assignment of rights or delegation of duties; and
> (B) such party does not consent to such assumption or assignment . . . .

11 U.S.C. §365(c)(1). In other words, if an agreement "is of a type that could not be assigned under applicable law, it may not be assumed or assigned by a trustee or debtor in possession." 3 Collier on Bankruptcy ¶ 365.06[1] (15th ed. rev.).

19. It is well-established that nonexclusive software license contracts are not assignable under federal copyright law absent the licensor's consent. See *In re Golden Books Family Entm't, Inc.*, 269 B.R. 300, 309 (Bankr. D. Del. 2001) ("Under copyright law, 'a nonexclusive licensee . . . has only a personal and not a property interest in the [intellectual property],' which 'cannot be assigned unless the [intellectual property] owner authorizes the assignment.'"); *In re Patient Education Media, Inc.*, 210 B.R. 237, 240 (Bankr. S.D.N.Y. 1997) ("[T]he nonexclusive license is personal to the transferee . . . and the licensee cannot assign it to a third party without the consent of the copyright owner."); *SQL Solutions, Inc. v. Oracle Corp.*, No. C-91-1079, 1991 WL 626458, at *6 (N.D. Cal. Dec. 18, 1991) ("Federal copyright law provides a bright line prohibition against transfer of copyright license rights," and further, "[i]t is well established that computer programs are 'works of authorship' subject to copyright.").

20. Infor granted AFI a nonexclusive license for the limited use of the copyrighted Infor Software, and transferred neither title nor any proprietary rights to AFI with respect to the Infor Software. Under applicable copyright law, Infor is excused from accepting performance from, or rendering performance to, any proposed assignee of the Infor Agreements. The plain language of section 365(c) of the Bankruptcy Code, not to mention the fact that a

6

Debtor is not the licensee, precludes the Debtors from assuming and assigning the Infor Agreements without Infor's consent.

21.     In addition, the Infor Agreements are presently unsupported. Infor cannot and will not consent to the assignment of unsupported agreements. If it is determined that one of the Debtors is, in fact, the licensee under the Infor Agreements, then, in order for the Debtors to assume and assign the Infor Agreements, support must be current and all applicable fees must be paid in connection therewith.

22.     Because Infor has not consented to the proposed assumption and assignment of the Infor Agreements, the Debtors cannot assume and assign the Infor Agreements.[3]

## C.  If the Infor Agreements are Not Assumed and Assigned, the Infor Software Must be Removed from the Debtors' IT Assets Prior to the Transfer of those Assets to Any Third-Party

23.     As explained above, the Debtors may not assume or assign the Infor Agreements. However, Infor's concern is that the Infor Software currently may be loaded on "IT Assets" (as defined in the Nationstar APA) that will be transferred in connection with the proposed sale. In order to prevent the unauthorized transfer of the Infor Software, the licensee of the Infor Software must purge all copies of the Infor Software and any portions thereof from all computer equipment on which the Infor Software is located and certify to Infor in writing that they have complied with this obligation in accordance with the License Agreement.

24.     Consistent with the above, Infor respectfully requests that the following provision be added to any order approving the sale of the Debtors' assets.

---

[3]  Under section 365(b)(1)(C), a debtor-in-possession must also provide adequate assurance of future performance by a proposed assignee. Infor reserves all rights in this respect and leaves the Debtors to their burden of proving, among other things, that the requirements of section 365(b)(1)(C) have been satisfied with respect to any Purchaser.

7

>Notwithstanding anything to the contrary contained in the Nationstar APA or this Order, this Order does not approve the sale or transfer of the software (the "Infor Software") of Infor Global Solutions (Michigan), Inc. ("Infor"), or any rights to use the Infor Software, to the Purchaser and the Purchaser shall not receive any rights to use or otherwise benefit from the Infor Software from and after the Closing Date as a result of entry of this Order. The Purchaser and Infor may agree to enter into a license for the Purchaser's use of the Infor Software (the "Purchaser-Infor Agreement"). Unless and until the Purchaser and Infor have entered into a Purchaser-Infor Agreement, the Purchaser shall not use the Infor Software. Absent a Purchaser-Infor Agreement, the licensee of the Infor Software shall (i) expunge all copies of the Infor Software and any portions thereof from all computers and storage media and devices on which the Infor Software is located (with no copies retained by the licensee) prior to the transfer of any such assets to the Purchaser, (ii) return the Infor Software, including all related documentation, manuals and copies, to Infor and (iii) certify to Infor in writing that they have complied with these obligations within five (5) days of the Closing Date.

25. Infor reserves the right to (i) amend or supplement this objection at or prior to the hearing on the Sale Motion, (ii) object to any revised proposed sale order or Asset Purchase Agreement submitted by the Debtors, including with respect to the BH Agreement and (iii) object to any different proposed purchaser(s). Infor retains all rights, claims, defenses and arguments as to the Debtors and all third parties.

**WHEREFORE**, Infor respectfully requests that this Court enter an order (a) (i) denying the Sale Motion to the extent that the Debtors request authorization to assume and assign the Infor Agreements, and/or (ii) requiring that the licensee of the Infor Software remove the Infor Software from the "IT Assets" prior to transferring the "IT Assets" to a third party, or (b) alternatively, requiring the Debtors to obtain Infor's consent as a condition to the assumption and assignment of the Infor Agreements, and (c) granting such additional relief as the Court deems proper and just.

Dated:  September 28, 2012              **BLANK ROME LLP**

*/s/ Stanley B. Tarr*
Stanley B. Tarr
Victoria Guilfoyle
1201 N. Market Street, Suite 800
Wilmington, DE 19801
Tarr@BlankRome.com
Guilfoyle@BlankRome.com
Tel:  (302) 425-6400
Fax:  (302) 425-6464

*Counsel for Infor Global Solutions (Michigan), Inc.*

119645.01607/40203505v.1