SULLIVAN • HAZELTINE • ALLINSON LLC
901 North Market Street, Suite 1300
Wilmington, DE 19801
Tel: (302) 428-8191
Fax: (302) 428-8195
William A. Hazeltine

*Attorneys for Mortgage Electronic Registration Systems, Inc. and MERSCORP Holdings, Inc.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 12-12020 (MG)<br>Jointly Administered<br><br>Related Docket No. 924 |

**OBJECTION OF MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
AND MERSCORP HOLDINGS, INC. TO NOTICE OF (I) DEBTORS'
INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY
CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY
AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL
PROPERTY AND (II) CURE AMOUNTS RELATED THERETO**

Mortgage Electronic Registration Systems, Inc. and MERSCORP Holdings, Inc. f/k/a MERSCORP, Inc. ("MERSCORP Holdings"), by and through undersigned counsel, hereby object to the *Notice of Debtors' (i) Intent to Assume and Assign certain Executory Contracts, Unexpired Leases of Personal Property and Unexpired Leases of Nonresidential Real Property and (ii) Cure Amounts Related Thereto* (the "Notice") [Docket No. 924] and states as follows:

**BACKGROUND**

1.      MERSCORP Holdings is the parent company of Mortgage Electronic Registration Systems, Inc. ("MERS").  MERS was created by the mortgage banking industry to streamline the mortgage process by using electronic commerce to eliminate paper documentation.  MERS acts as the mortgagee of record (or beneficiary under a deed of trust) on

behalf of its members (each a "Member" and collectively, the "Members"). Each mortgage loan for which MERS serves as mortgagee (or beneficiary) is registered, and changes in servicing rights or beneficial ownership interest ("MERS Registered Loans") are tracked electronically on the MERS® System. MERS remains the mortgagee or beneficiary on MERS Registered Loans as the servicing and/or beneficial rights are transferred among Members. When servicing and/or beneficial rights are transferred to non-Members, an assignment is executed by MERS to the nonmember and the MERS Registered Loans are deactivated off the MERS® System.

2.    MERSCORP Holdings owns and operates the MERS® System. MERSCORP Holdings also processes mail, facsimiles, telephone calls, and other communications related to the MERS Registered Loans. MERSCORP Holdings forwards all communications it receives on to the Member listed as the current servicer on the MERS® System.

3.    MERS® System Members become Members by submitting a membership application to MERSCORP Holdings. When approved, the application, together with the MERS® System fee schedule, the Terms and Conditions of Membership, the MERS® System Rules of Membership, and the MERS Procedures Manual, form the agreement between the Member, MERS, and MERSCORP Holdings. Other documents such as signature authorizations may also be executed in connection with a MERS® System membership.

4.    Debtor GMAC Mortgage Corporation ("GMAC") became a MERS® System Member by submitting an application on May 13, 1999. Debtor Residential Funding Corporation ("RFC" and, together with GMAC, the "Debtors") became a MERS® System Member by submitting an application on October 22, 1999. As with other Members, the Debtors' applications, together with the MERS® System fee schedule, the Terms and Conditions of Membership, the MERS® System Rules of Membership, and the MERS Procedures Manual,

2

form the membership agreement between each Debtor, MERS, and MERSCORP Holdings (the "MERS® System Membership Agreements").

5.      The Debtors filed the Notice on July 26, 2012.  The Notice identifies certain executory contracts and unexpired leases that may be assigned to Nationstar Mortgage, LLC ("Nationstar") and the amounts that the Debtors' assert would need to be paid to the counter-party to each agreement to cure all defaults under the agreement (the "Cure Amounts").  The Notice lists five alleged agreements with MERSCORP Holdings or MERS: (i) a purchase order-short form agreement between GMAC Mortgage, LLC and MERS; (ii) an amendment to GMACM loan registration system with MERS; (iii) a membership application/rules of membership between Residential Funding Corporation and Merscorp, Inc.; (iv) a GLBA letter between Residential Funding Corporation and Merscorp, Inc.; and (v) an agreement for signing authority between GMAC-RFC and Merscorp, Inc.  The Cure Amount for each is listed as $0.00.

## OBJECTION

### A.  Assumption and Assignment

6.      MERS and MERSCORP Holdings do not object to the assumption and assignment of the MERS® System Membership Agreements to Nationstar provided that the proper Cure Amounts are paid as a condition of the assumption and assignment.  However, MERS and MERSCORP Holdings do object to the assumption and assignment of only parts of one or both of the MERS® System Membership Agreements with the Debtors.  As stated above, a Member's agreement with MERS and MERSCORP Holdings consists of several different documents incorporated into one agreement.  It is not clear to MERS and MERSCORP Holdings exactly what documents are referred to in the Notice but, for the most part, they seem to indentify documents that are a part of a MERS® System Membership Agreement.  While the

Debtors may assign one or both of the MERS® System Membership Agreements, they cannot assume and assign individual documents that are parts of a MERS® System Membership Agreement. *See AGV Productions, Inc. v. MGM, Inc.*, 115 F.Supp.2d 378, 390-91 (S.D.N.Y. 2000) ("If an executory contract is assumed, it is said to be assumed *cum onere*, with all of its benefits and burdens.") (citing *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 531 (1984)); *see also In re Leslie Fay Cos., Inc.*, 166 B.R. 802, 808 (S.D.N.Y. 1994) ("An executory contract cannot be assumed in part and rejected in part."). Accordingly, any order authorizing the assumption and assignment of a MERS® System Membership Agreement must provide that the agreement must be assumed and assigned *in toto*.

**B.  Cure Amounts**

7.    MERS and MERSCORP Holdings object to the Cure Amounts set forth in the Notice for the MERS® System Membership Agreements. Pursuant to MERSCORP Holdings' records, as of the date of the bankruptcy filings, (i) RFC owed $51.38 in transactional charges with respect to the its MERS® System Membership Agreement (see Exhibit A) and (ii) GMAC owed $115,457.25 in transactional charges with respect to its MERS® System Membership Agreement (see Exhibit B) plus $1,417.00 for legal fees incurred by MERSCORP Holdings to defend litigation involving a MERS Registered Loan for which MERS held the mortgage lien for GMAC. Payment of these legal fees is also an obligation of GMAC pursuant to its MERS® System Membership Agreement. In addition, GMAC owes $82,370.46 in post-petition transactional charges plus $11,882.00 for legal fees incurred by MERSCORP Holdings post-petition to defend litigation involving a MERS Registered Loan for which MERS held the lien for GMAC. The Debtors must pay these amounts to cure the defaults under the MERS® System

4

Membership Agreements, plus any additional amounts that become due, as a condition to any assignment of the MERS® System Membership Agreements.

### C. Reservation of Rights

8.    MERS and MERSCORP Holdings expressly reserve their right to object to any attempt by the Debtors to assume and assign one or both of the MERS® System Membership Agreements to any person other than Nationstar with respect to issues of adequate assurance of future performance or for any other reason.

### CONCLUSION

WHEREFORE, MERS and MERSCORP Holdings respectfully request that this Honorable Court enter an order consistent with this objection and grant to MERS and MERSCORP Holdings such other relief as is just and proper.

Date:    September 28, 2012
         Wilmington, DE

SULLIVAN • HAZELTINE • ALLINSON LLC

William A. Hazeltine (DE Bar ID No. 3294)
901 North Market Street, Suite 1300
Wilmington, DE 19801
Tel: (302) 428-8191
Fax: (302) 428-8195

*Attorneys for Mortgage Electronic Registration Systems, Inc. and MERSCORP Holdings, Inc.*