**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

RESIDENTIAL CAPITAL, LLC, et al.

Debtors.

Case No. 12-12020 (MG)

Jointly Administered

**OBJECTION OF CLEARCAPITAL.COM, INC. TO NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) CURE AMOUNTS RELATED THERETO**

ClearCapital.com, Inc. ("ClearCapital") as and for its objection (the "Objection") to the *Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property and (II) Cure Amounts Related Thereto* (the "Cure Notice") respectfully represents as follows:

1.  ClearCapital and debtors Residential Funding Corporation, Residential Funding Company, LLC and GMAC Mortgage, LLC are parties to a Valuation Services Agreement (as amended, the "Agreement") pursuant to which ClearCapital provides the Debtors with broker price opinions and other loan valuation services.

2.  As of the date hereof, the outstanding balance due and owing to ClearCapital under the Agreement is $340,983.00 (the "Outstanding Balance"). A true and correct copy of the account summary evidencing the Outstanding Balance is annexed hereto as Exhibit "A."

3.  Although the Debtors do not dispute the amount of the Outstanding Balance, the Cure Notice lists the proposed cure amount as $0. The Debtors' position is based on informal representations that Debtors' counsel has made to ClearCapital that the Outstanding Balance will be paid in full pursuant to the Debtors' Court-approved

1

critical vendor program. To date, however, ClearCapital has not obtained critical vendor status and numerous of its prepetition and postpetition invoices remain unsatisfied.

4.  Section 365 of the Bankruptcy Code mandates that, in order to assume a contract such as the Agreement, the debtor is obligated to cure all defaults, or provide adequate assurance that it will cure such defaults. 11 U.S.C. §365(b)(1). As the Court of Appeals for the Second Circuit has stated "[I]t is particularly important for a bankruptcy court to know to what degree a debtor is in default on an executory contract because a debtor cannot assume such a contract unless the debtor satisfies several statutory conditions designed to make the non-debtor contracting party whole." In re Wireless Data, Inc. 547 F.3d 484, 489 (citing In re Ionosphere Clubs, Inc., 85 F.3d 992, 999 (2d Cir. 1996).

5.  In order to assume and assign an executory contract, the debtor must: (1) cure the default, or provide adequate assurance that it will promptly cure it; (2) compensate, or provide adequate assurance that the trustee will promptly compensate, the non-debtor party to the contract for any actual monetary loss caused by the debtor's default; and (3) provide adequate assurance of future performance under the contract. See In re Wireless Data, Inc., 547 F.3d at 489 (citing 11 U.S.C. § 365(b)(1)(A)-(C).). This requires that the Debtors remit a cure payment as a pre-condition to assumption, as the cure process is designed to restore the "debtor-creditor relationship. . .to pre-default conditions" and "bring the contract back into compliance with the contract terms." Id. (citing In re Taddeo, 685 F.2d 24, 26-27 (2d Cir. 1982) and 3 Collier on Bankruptcy § 365.05131, at 365-54 (15th ed. rev. 2008.)).

6. The Debtors' representations that the Outstanding Balance will be satisfied at some indeterminate future date under the discretionary authority granted to them under the critical vendor program is far from a firm commitment that the Debtors' cure obligations will be met, and is insufficient to meet the standards of section 365(b)(1). Simply put, the Agreement cannot be assumed and assigned unless and until the Debtors remit the Outstanding Balance to ClearCapital. Accordingly, ClearCapital respectfully submits this Objection.

Dated: New York, New York
       September 28, 2012

By:   /s/ Jeffrey L. Cohen
      Jeffrey L. Cohen
      Michael Klein

      COOLEY LLP
      1114 Avenue of the Americas
      New York, New York 10036
      Telephone:   (212) 479-6000
      Facsimile:    (212) 479-6275

            and

      Keith McDaniels
      COOLEY LLP
      101 California Street, 5th Floor
      San Francisco, CA  94111-5800
      Telephone:   (415) 693-2000
      Facsimile:    (415) 693-2222

      Attorneys for ClearCapital.com, Inc.