Hearing Date: November 19, 2012 at 10:00 a.m. (Prevailing Eastern Time)
Objection Deadline: September 28, 2012 at 5:00 p.m. (Prevailing Eastern Time)

Alan Marder Esq. (AM-0114)
MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
990 Stewart Avenue, Suite 300
P.O. Box 9194
Garden City, NY 11530-9194
Telephone: (516) 741-6565
Facsimile: (516) 741-6707
Email: amarder@msek.com

Michael S. Greger, Esq. (CA Bar No. 156525)
Ivan M. Gold (CA Bar No. 121486)
Richard M. Dinets, Esq. (CA Bar No. 265197)
ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP
1900 Main Street, Fifth Floor
Irvine, California 92614-7321
Telephone: (949) 553-1313
Facsimile: (949) 553-8354
Email: mgreger@allenmatkins.com
Email: igold@allenmatkins.com
Email: rdinets@allenmatkins.com

Attorneys for Digital Lewisville, LLC,
a Delaware limited liability company

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) Case No. 12-12020 (MG) |
| | ) |
| RESIDENTIAL CAPITAL, LLC, *et al.* | ) Chapter 11 |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

**DECLARATION OF BRYAN MARSH IN SUPPORT OF OBJECTION TO: (I) DEBTORS' MOTION FOR ORDERS: (A)(I) AUTHORIZING AND APPROVING SALE PROCEDURES, INCLUDING BREAK-UP FEE AND EXPENSE REIMBURSEMENT; (II) SCHEDULING BID DEADLINE AND SALE HEARING; (III) APPROVING FORM AND MANNER OF NOTICE THEREOF; AND (IV) GRANTING RELATED RELIEF AND (B)(I) AUTHORIZING THE SALE OF CERTAIN ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) AUTHORIZING AND APPROVING ASSET PURCHASE AGREEMENTS THERETO; (III) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES RELATED THERETO; AND (IV) GRANTING RELATED RELIEF [DOCKET NO. 61]; AND (II) NOTICE OF (I) DEBTOR'S INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) CURE AMOUNTS RELATED THERETO [DOCKET NO. 924]**

965997.02/OC

I, BRYAN MARSH, declare as follows:

1. I am a Senior Asset Manager with Digital Lewisville, LLC ("Digital") and am familiar with the facts set forth herein.

2. I submit this Declaration in support of Digital's Objection to: (I) Debtors' Motion for Orders: (A)(I) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expense Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Asset Purchase Agreements Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief [Docket No. 61]; and (II) Notice of (I) Debtor's Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto [Docket No. 924] (the "Objection").

3. As part of my duties, I am one of the persons responsible for the overall operations and performance of the Premises. As such, I have access to Digital's documents, books and records (collectively, the "Records") with respect to Digital's transactions with debtor GMAC Mortgage, LLC f/k/a GMAC Mortgage Corporation ("GMAC"). The records were made and kept by Digital in the ordinary course of Digital's business at or near the time of the act, condition or event of which they are a record, and were made by persons who had a business duty to make such records.

4. By virtue of my position as Senior Asset Manager, my custodianship of the Records, and my own personal knowledge, I have knowledge regarding Digital's transactions with GMAC, including the Lease (defined below) and the obligations due and owing thereunder. I also have knowledge of the communications between Digital and GMAC since the commencement of these bankruptcy cases. As such, except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge or my review of relevant documents. If I were called upon to testify, I would testify competently to the facts set forth herein.

965997.02/OC

5. On or about July 30, 2002, Lewisville LSF, L.P., predecessor-in-interest to BREOF Convergence LP, a Delaware limited partnership ("BREOF"), as original landlord, and GMAC, as tenant, entered into that certain Lease Agreement (the "Original Lease"), covering approximately 19,112 square feet of Rentable Space designated as Suite 300 within Building 3 of the project commonly referred to as Convergence Office Center, Lewisville, Texas (the "Original Premises").

6. The Original Lease was amended by that certain (i) First Amendment to Lease Agreement dated as of March 23, 2004 (the "First Amendment"), (ii) Second Amendment to Lease Agreement dated as of November 4, 2005 (the "Second Amendment"), and (iii) Third Amendment to Lease Agreement dated as of August 25, 2011 (the "Third Amendment"). The Original Lease, as amended by the First Amendment, Second Amendment, and Third Amendment is referred to herein as the "Lease." A true and correct copy of the Lease, as amended, (redacted in accordance with Federal Rule of Bankruptcy Procedure 9037(a)) is attached hereto and incorporated herein as Exhibit "1." As detailed in the Lease, the Original Premises were expanded to a total of approximately 78,413 square feet of Rentable Space (the "Premises").

7. On or about December 29, 2011, Digital, as buyer, and BREOF, as seller, entered into that certain Agreement of Purchase and Sale, pursuant to which Digital agreed to acquire BREOF's ownership interest in the buildings (the "Buildings") located at such parcel commonly known as Convergence Business Park, Lewisville, Texas and BREOF's interest in certain leases related thereto, including the Lease. On or about February 22, 2012, Digital, as assignee, and BREOF, as assignor, entered into that certain Assignment and Assumption of Leases, pursuant to which BREOF transferred and assigned to Digital all of BREOF's right, title and interest, in, to and under the Lease. GMAC also signed that certain Estoppel Certificate affirming its obligations to Digital under the Lease. True and correct copies of the Assignment and Assumption of Leases and Estoppel Certificate are attached hereto and incorporated herein as Exhibits "2" and "3," respectively.

8. Following Digital's acquisition and assumption of the Lease, on or about February 27, 2012, Digital sent four duplicate letters to various parties at GMAC requesting that GMAC forward an updated certificate of insurance naming Digital as an additional insured

965997.02/OC

(collectively, the "February 27 Letter.") A true and correct copy of the February 27 Letter (redacted in accordance with Federal Rule of Bankruptcy Procedure 9037(a)) is attached hereto and incorporated herein as Exhibit "4." Thereafter, on or about June 15, 2012, Digital sent GMAC another letter requesting that GMAC provide an updated certificate of insurance for the Lease (the "June 15 Letter"). A true and correct copy of the June 15 Letter is attached hereto and incorporated herein as Exhibit "5."

9. Following GMAC's bankruptcy filing and Digital's filing of its initial objection to the Debtors' Motion,[1] Digital learned that days before filing its bankruptcy petition, GMAC, together with certain affiliates and Ally Financial Inc. ("AFI") and certain of its affiliates entered into a series of agreements including: (i) a Purchase and Sale Agreement dated as of May 9, 2012 (the "Purchase Agreement"), between EPRE LLC ("EPRE") and AFI; and (ii) an Assignment of Leasehold Interest ("Assignment"). In accordance with the Assignment, GMAC purported to assign an undivided fifty-one percent (51%) leasehold interest in the Lease (the "Leasehold Interest") to AFI. Moreover, in accordance with the Assignment, AFI purported to assume the obligations of GMAC under the Lease to the extent of the Leasehold Interest. No prior notice of either the Purchase Agreement or the Assignment was given to Digital. Moreover, Digital has not consented to either the Purchase Agreement or the Assignment.

10. After learning of the prepetition Assignment following GMAC's bankruptcy filing, I notified GMAC that Digital was reserving its rights in accordance with the terms and conditions of the Lease (the "June 29 Letter"). A true and correct copy of the June 29 Letter is attached hereto and incorporated herein as Exhibit "6." To date, neither AFI nor GMAC have given proper notice of the Assignment nor attempted to comply with the terms of the Lease with respect to the Assignment.

11. Moreover, while AFI has purportedly assumed obligations as Tenant under the Lease, AFI has not performed all its obligations thereunder. For example, among other things, it was not until September 24, 2012, that AFI first provided Digital with copies of purported

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning ascribed to such terms in the Objection.

965997.02/OC

certificates of insurance (despite requests therefor). While Digital received certificates of insurance on September 24, 2012, Digital has not yet been able to verify that the required insurance has been in place since it acquired the Buildings. In addition, $19.85 of prepetition additional rent that accrued under the Lease has not been paid.

12. As a result of GMAC having assigned an undivided 51% interest to AFI without prior notice to Digital and without its consent, failing to timely provide adequate evidence of insurance, and other related defaults, Digital has been compelled to retain legal counsel to protect its interests and enforce the applicable provisions of the Lease. Digital has retained the law firms of Allen Matkins Leck Gamble Mallory & Natsis LLP and Meyer, Suozzi, English & Klein, P.C. to represent it in this chapter 11 and has, to date, incurred attorneys' fees in excess of $50,200.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. z

Executed this 27th day of September 2012, at St. Louis, Missouri.

_____
BRYAN MARSH

965997.02/OC