# **EXHIBIT "6"**

## DIGITAL LEWISVILLE, LLC
## 2323 Bryan Street, Suite 1800
## Dallas, TX 75201

June 29, 2012

**Via FedEx**

GMAC Mortgage LLC
c/o Jones Lang LaSalle Americas, Inc.
525 William Penn Place, 20th Floor
Pittsburgh, PA 15259

**Via FedEx**

GMAC Mortgage LLC
c/o Ally Corporate Workplace
1100 Virginia Drive, MC: 190-FTW-M98
Fort Washington, PA 19034

    Re:    2501 South State Highway 121, Suites 300 A-D
               Lewisville, Texas

To Whom It May Concern:

This letter is written pursuant to that certain Lease Agreement, dated July 30, 2002, as subsequently amended (the "Lease"), between Lewisville LSF, L.P., predecessor-in-interest to Digital Lewisville, LLC ("Landlord"), as landlord, and GMAC Mortgage LLC, formerly GMAC Mortgage Corporation ("GMAC Mortgage"), as tenant, with respect to the above-referenced premises, consisting of approximately 78,413 rentable square feet in Building 3 of the Convergence Office Center.

We have learned that on or about May 9, 2012, GMAC Mortgage purported to assign "an undivided fifty-one percent (51%) leasehold interest" in the Lease to Ally Financial, Inc. ("Ally") pursuant to a written Assignment of Leasehold Interest.

Landlord was never given notice of the purported assignment evidenced by the Assignment of Leasehold Interest, as required by Sections 11 and 32 of the Lease. GMAC Mortgage apparently entered into the Assignment of Leasehold Interest with Ally in reliance on the provisions of Section 11 of the Lease (in particular, as amended by the Third Amendment To Lease Agreement, dated August 25, 2011), providing that Landlord's consent is not required with respect to assignment or subletting to an "Affiliate." Even assuming that Ally is a qualified "Affiliate" of Ally under Section 11, as amended, for which consent is not required, GMAC Mortgage is not excused from compliance with the remaining provisions of Section 11 of the Lease, including the requirement that

DIGITAL LEWISVILLE, LLC

GMAC Mortgage LLC
June 29, 2012
Page 2

GMAC Mortgage provide notice to Landlord of the assignment in writing, stating the name of the proposed assignee or subtenant and the terms of the proposed assignment,

The forwarding of a copy of the May 2012 Assignment of Leasehold Interest by GMAC Mortgage's bankruptcy counsel to Landlord's attorneys, on or about June 14, 2012, does not constitute proper notice of an assignment under Sections 11 and 32 of the Lease. Additionally, Landlord has never been provided with financial information regarding Ally or its address for notices under the Lease, as contemplated by Section 11 of the Lease. The Assignment of Leasehold Interest makes reference to a "Shared Services Agreement" between GMAC Mortgage and Ally, governing their operations at the premises and "all consents, approvals and other decisions regarding the Premises, the Lease and matters relating to or between the Landlord and the tenant under the Lease." Landlord has not been provided with a copy of the Shared Services Agreement and any related agreements and thus has not received complete disclosure of the terms of the proposed assignment, as required by Section 11 of the Lease.

Further, the terms of the proposed assignment appear to provide that Ally assumes the obligations of GMAC Mortgage only to the extent of the leasehold interest, which is defined to be an undivided 51% of the Lease. Such attempted limitation on Ally's liability is improper and contrary to the terms of the Lease, providing that each assignee shall be fully responsible for the payment of rent and for compliance with all of the tenant's other covenants and obligations.

The foregoing is not intended to be an exhaustive and comprehensive listing of potential objections Landlord may have to the purported partial assignment of GMAC Mortgage's leasehold interest. Landlord reserves all of its rights and remedies under the Lease and applicable law with respect to the purported partial assignment to Ally, including, without limitation, Landlord's right to terminate the Lease and retake possession of the leased premises or Landlord's right to recovery of any consideration paid in connection with the assignment, as provided in Section 11 of the Lease.

DIGITAL LEWISVILLE, LLC

GMAC Mortgage LLC
June 29, 2012
Page 3

    If you have any questions regarding the foregoing, please direct them to our legal counsel, Michael S. Greger (mgreger@allenmatkins.com and (949) 553-1313) and Ivan M. Gold (igold@allenmatkins.com and (415) 837-1515) of Allen Matkins Leck Gamble Mallory & Natsis LLP.

    Very truly yours,

    DIGITAL LEWISVILLE, LLC,
    A Delaware limited liability company

    By: Digital Realty Trust, L.P.,
        a Maryland limited partnership

        By: Digital Realty Trust, Inc.,
            a Maryland corporation,
            its general partner

        By: _____
            Bryan Marsh
            Senior Asset Manager

cc:    Alexandria Steinberg Barrage, Esq., counsel for GMAC Mortgage LLC
       Richard M. Cieri, Esq., counsel for Ally Financial, Inc.
       Michael S. Greger, Esq.
       Ivan M. Gold, Esq.