**Hearing Date: November 19, 2012 at 10:00 a.m. (prevailing Eastern Time)**

**WINSTON & STRAWN LLP**
James Donnell (jdonnell@winston.com)
Christopher C. Costello (cccostello@winston.com)
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

*Attorneys for WFNBA*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020-MG |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Joint Administration Pending |

**RESERVATION OF RIGHTS AND LIMITED OBJECTION OF WFBNA
TO (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY
CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED
LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) CURE AMOUNTS
RELATED THERETO ["CURE OBJECTION AND ASSIGNMENT OBJECTION"]**

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

**I.    Summary of Reservation of Rights and Limited Objection**

1.    Wachovia Bank and Wachovia Bank of Delaware, now succeeded by Wells Fargo Bank, N.A., ("WFBNA" or "the Bank") executed a Commercial Deposit Agreement for Large Corporate Customers and certain agreements referenced therein ("CDA"), dated January 3, 2012, as modified effective April 25, 2012. The following was listed seven times in the exhibits of the Debtors' Original Cure Notice, but was deleted from the amended exhibits attached to the Debtors' Restated Cure Notice:

- "Residential Funding Corporation—Account Agreement Controlled Disbursement—RFC," with Wachovia Bank listed as the counterparty.

2. These entries are listed on page 77 of the exhibits to the Original Cure Notice and are referenced to hereinafter as the "Account Agreements." WFBNA understands from the Restated Notice that these Account Agreements are no longer to be proposed as "Assumed Contracts" or "Designated Contracts," since they were deleted from the exhibits in the Restated Cure Notice after originally being included in the exhibits to the Original Cure Notice. For the avoidance of doubt, WFBNA reserves its rights and objects to inclusion of these Account Agreements or its CDA in any assumption or assignment by the Debtors.

### Background

3. On September 18, 2012, Residential Capital LLC ("ResCap") and its debtor subsidiaries (" the Debtors") filed their First Amended and Restated Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto (the "Restated Cure Notice").

4. Paragraph 1 of the Restated Cure Notice notes that the Debtors had earlier filed a motion for approval of sales procedures for a sale of assets and for the assumption and assignment of "certain executory contracts and unexpired leases."

5. Paragraph 3 of the Restated Cure Notice states that the "Assumed Contracts" may be assigned to a purchaser pursuant to a proposed order approving the sale transaction; the notice further states that the "Sellers" maintain schedules of executory contracts and unexpired leases containing the "Assumed Contracts" that the purchaser has designated as "Assumed Contracts," which it also defines as the "Designated Agreements."

6. Paragraph 4 of the Restated Cure Notice notes that the Debtors had earlier filed [as Docket No. 924], a Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real

Property and (II) Cure Amounts Related Thereto, which it defines as the "Cure Notice," but for sake of clarity will be defined herein as the "Original Cure Notice." Paragraph 4 of the Restated Cure Notice further notes that the Debtors filed Schedules of Assumed Contracts as exhibits to the Original Cure Notice and states "the Debtors filed Schedules of assumed contracts that <u>may</u> be assumed as exhibits to the Cure Notice."

7. In their Restated Cure Notice, the Debtors state in paragraph 5 that the attached Schedules to the Restated Cure Notice amend and restate the exhibits 3a and 3b of the Original Cure Notice and identify the executory contracts that <u>may</u> be assumed.

## **Reservation of Rights and Limited Objection**

8. WFBNA understands the Restated Cure Notice to state that the Debtors are proposing the assumption and assignment only of the contracts listed in the amended and restated exhibits attached to the Restated Cure Notice and that the Debtors are no longer proposing to assume and assign those contracts that were listed in the Original Cure Notice but are not listed in the Restated Cure Notice.

9. Paragraph 18 of the Restated Cure Notice provides that "until the Contract Designation Deadline, the Purchaser also may, subject to certain limitations specified in the Nationstar APA . . . designate additional contracts or leases as Assumed Contracts to be assumed and assigned, and in such event the Debtor shall provide notice in a manner generally consistent with the Assumption and Assignment Procedures to the affected non-debtor counterparties indicating that the Debtors intend to assume and assign additional Assumed Contracts."

10. WFBNA files this reservation of rights and limited objection objecting to any assumption or assignment of the Account Agreements or CDA. These agreements are not subject to assumption and assignment over WFBNA's objection and are insufficiently identified

3

as agreements to be assumed.  In any event, any party assuming executory contracts must assume all obligations and liability under such contracts.  Finally, any proposed release or injunction in favor of any third party that would affect WFBNA's rights under the Account Agreements or CDA cannot be authorized by the bankruptcy court; the Court would have no jurisdiction to authorize such third party release and such third party release is overbroad and unnecessary to the Debtors' reorganization or liquidation.  WFBNA reserves the right to supplement this limited objection if the Debtor redesignates any of the Account Agreements or CDA as "Assumed Contracts" or "Designated Contracts."

11.     There is no authority under the Bankruptcy Code for the Court to release a non-debtor third party from its direct contractual liability to WFBNA.  Such a release would violate, *inter alia*, the provisions of the Bankruptcy Code that limit a discharge to the Chapter 11 Debtors and compel enforcement of creditors' contractual subordination agreements.  WFBNA reserves its rights and objects to any assumption and/or assignment of the deposit agreements to which it is a party.

WHEREFORE, the Bank reserves its rights and objects to any assumption and/or assignment of the CDA or Account Agreements.

**WINSTON & STRAWN LLP**

By: /s/ Christopher C. Costello
James Donnell (jdonnell@winston.com)
Christopher C. Costello(cccostello@winston.com)
200 Park Avenue
New York, NY  10166-4193
Telephone:  (212) 294-6700
Facsimile:  (212) 294-4700

*Attorneys for WFNBA*

4

NY:1523703.2