William H. Hoch
CROWE & DUNLEVY, P.C.
20 N. Broadway Ave., Ste. 1800
Oklahoma City, OK  73102
(405) 235-7700 – Phone
(405) 239-6651 – Fax
will.hoch@crowedunlevy.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, <u>ET</u> <u>AL</u>., ) | Case No.12-12020 (MG) |
| ) | (Jointly Administered) |
| Debtors. ) | |

**OBJECTION AND RESERVATION OF RIGHTS OF MIDFIRST BANK TO CLAIM OF
NO DEFAULT, PROPOSED CURE AMOUNTS
AND ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS**

MidFirst Bank ("MidFirst"), a federally chartered savings association, creditor, a party in interest, as servicer, trustee, or other capacity, hereby files its Objection and Reservation of Rights (the "Objection") to the Debtors' claim of no default, cure amounts and the assumption and assignment of a certain contract proposed by the (a) *Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto* (Docket No. 924; the "Original Notice") and the (b) *First Amended and Restated Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto* (Docket No. 1484; the "Amended Notice;" together with the Original Notice, the "Cure Notice").  MidFirst respectfully states as follows:

## OBJECTION AND RESERVATION OF RIGHTS

1. The Cure Notice lists a contract that specifies MidFirst as the contract counterparty. However, the Cure Notice fails to adequately describe the contract in order to allow MidFirst to actually identify the contract the Debtors intend to assume and assign (the "Unidentified Contract"). In such case, MidFirst is unable to assess the appropriateness of the proposed cure amount and the proposed assumption and assignment. For example, MidFirst is a counterparty to a contract with GMAC Mortgage, LLC ("GMAC" or "Debtors") dated October 1, 2012. The date listed in Exhibit 3a of the Cure Notice is a different date and also contains an address in Fort Washington, PA. MidFirst's operations are located in Oklahoma City, OK.

2. The description of the contract does not correlate with any contracts to which MidFirst is aware it is a party. MidFirst cannot evaluate the proposed cure amount or the proposed assumption and assignment of these contracts unless additional information is provided by Debtors that allows MidFirst to properly identify the contract(s) at issue. Accordingly, MidFirst reserves all rights related thereto.

3. It is also possible that a contract is listed which does not identify MidFirst as a counterparty or account holder, but for which MidFirst may hold an interest. Since the Cure Notice provides only limited information regarding the contract to be assumed, it is impossible to determine whether a contract that does not identify MidFirst may nevertheless affect MidFirst's rights and obligations, let alone correctly identify any cure amount. Accordingly, MidFirst reserves its rights accordingly.

4. MidFirst has been unable to reconcile the differences between the records set forth in the Debtors' exhibits. For example, the Amended Notice, which restates over 150 pages of contracts to be assumed by Nationstar, lacks any additional information which would aid MidFirst in its ongoing reconciliation efforts. Moreover, the Amended Notice was filed just ten days prior to the deadline for this Objection which, for the reasons specified in the paragraphs above, is insufficient for MidFirst to determine whether such schedules are complete, confirm MidFirst's capacity, or evaluate any appropriate cure amounts.

5. The Cure Notice does not provide MidFirst with adequate notice of any certain contract the Debtors intend to assume and assign and MidFirst objects to the assumption and assignment of such Unidentified Contracts due to deficient notice.

6. MidFirst reserves the right to file additional objections, amend objections, or otherwise assert objections to proposed cure amounts and/or the assumption and assignment of the Unidentified Contracts. MidFirst also reserves its rights to file or otherwise assert any and all claims arising under the Unidentified Contracts.

7. With respect to the Mortgage Servicing Purchase Agreement to which MidFirst is a party with GMAC (the "MidFirst MSPA"), MidFirst provides as follows:

    a. Prepetition defaults exist under the MidFirst MSPA. The prepetition defaults include, *inter alia*: (1) GMAC breached representations and warranties under the MidFirst MSPA by transferring loans that GMAC warranted and represented would not be transferred to MidFirst under the MidFirst MSPA; (2) GMAC failed to repurchase those loans that were improperly transferred as required under the MidFirst MSPA; (3) GMAC failed to indemnify MidFirst for

the losses related to these transfers. MidFirst reserves the right to supplement this pleading to reflect additional prepetition defaults.

b. To the extent that GMAC is seeking to assume and assign the MidFirst MSPA (which is not clear from the Exhibit on which MidFirst is listed), the proposed cure amount is incorrect. Specifically, MidFirst asserts and adopts the cure amount set forth on Exhibit "A" as due under the MidFirst MSPA.

## OBJECTION

The Debtors are in default under the MidFirst MSPA. Accordingly, the Debtors must comply with §365(b)(1) of the Bankruptcy Code before the MidFirst MSPA can be assumed and assigned. Section §365(b)(1) provides that "a debtor must (1) cure the default, or provide adequate assurance that it will promptly cure it; (2) compensate, or provide adequate assurance that the trustee will promptly compensate, the non-debtor party to the contract for any actual monetary loss caused by the debtor's default; and (3) provide adequate assurance of future performance under the contract" before assumption can be approved. *Regen Capital I, Inc. v. Halperin (In re U.S. Wireless Data, Inc.),* 547 F.3d 484, 489 (2d Cir. 2008). The Cure Notice suggests that no defaults exist under the MidFirst MSPA. To the contrary, as set forth in Exhibit "A", monetary defaults are currently outstanding under the MidFirst MSPA. Pursuant to § 365(b)(1), such amount must be cured by the Debtors prior to assumption and assignment of the MidFirst MSPA.

Additionally, the MidFirst MSPA provides that Debtors agree to indemnify MidFirst (the "Indemnification Claims"). At this time, MidFirst is aware of Indemnification Claims. Accordingly, MidFirst hereby asserts that any Indemnification Claims that are known and outstanding as of the assumption date must be cured pursuant to § 365(b)(1).

The cure amount due under the MidFirst MSPA are substantial. Further, MidFirst specifically reserves all rights it has with respect to and under the MidFirst MSPA including, but not limited to the "hold-back" and any and all rights of recoupment and rights at law and equity. MidFirst objects to the proposed assumption and assignment of the MidFirst MSPA on the basis that it does not comply with the requirements of § 365 of the Bankruptcy Code, and proposes to assign the MidFirst MSPA without providing adequate assurance that Nationstar, or any other purchaser, will perform obligations relating to acts or omissions of the Debtors occurring prior to the closing of the Proposed Sale. Thus, MidFirst objects to the Debtors' proposed cure amounts to the extent they are intended to relieve Nationstar, or any other purchaser, of their obligation to perform under the MidFirst MSPA once assumed and assigned, including any Indemnification Claims that are unknown or unliquidated at the time of assumption and assignment.

MidFirst also objects to the proposed assumption and assignment of the MidFirst MSPA to the extent the Debtors seek to sever any portion of the MidFirst MSPA. Section 365 of the Bankruptcy Code does not permit a debtor to assume only the beneficial portions of an executory contract and to leave behind undesirable liabilities. *See, e.g., In re MF Global Holdings Ltd.*, 466 B.R. 239, 241 (Bankr. S.D.N.Y. 2012) ("The trustee must either assume the entire contract, *cum onere*, or reject the entire contract, shedding obligations as well as benefits."); *The Leslie Fay Companies, Inc. v. Corporate Property Associates 3 (In re The Leslie Fay Companies, Inc.)*, 166 B.R. 802 (Bankr. S.D.N.Y. 1994) ("If an executory contract is assumed, it is said to be assumed *cum onere*, with all of its benefits and burdens."). MidFirst asserts that Debtors should be required to assume the MidFirst MSPA in its entirety, and to perform any and all obligations thereunder.

## **RESERVATION OF RIGHTS**

MidFirst hereby reserves its rights to amend or supplement the Objection in the event it becomes aware of additional claims accruing on or prior to the assumption date of the MidFirst MSPA. MidFirst also reserves the right to file and assert additional claims, at law and equity, in the event the MidFirst MSPA is not assumed.

Respectfully submitted,

s/ *William H. Hoch*_____

William H. Hoch, OBA #15788
-Of the Firm-
CROWE & DUNLEVY
A Professional Corporation
20 North Broadway, Suite 1800
Oklahoma City, OK 73102-8273
(405) 235-7700
(405) 239-6651 (Facsimile)
will.hoch@crowedunlevy.com

Attorneys for MidFirst Bank

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 28th day of September, 2012, a true and correct copy of the foregoing document was served via U.S. Mail, postage prepaid, and email where provided below:

Curtis, Mallet-Prevost, Colt & Mosle LLP
Attn: Steven J. Reisman
101 Park Avenue
New York, NY 10178

Larren M. Nashelsky
Gary S. Lee
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, NY 10104
lnashelsky@mofo.com
glee@mofo.com

Brian Masumoto
Office of the United States Trustee
33 Whitehall Street, 21st Floor
New York, NY 10004

Sidley Austin, LLP
Jewsica C.K. Boelter
One South Dearborn
Chicago, IL 60603
jboelter@sidley.com

Kenneth H. Eckstein
Douglas H. Mannal
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036
keckstein@kramerlevin.com
dmannal@kramerlevin.com

Kurtzman Carson Consultants
2335 Alaska Ave
El Segundo, CA 90245

Seth Goldman
Thomas Walper
Munger, Tolles & Olson LLP
355 South Grand Avenue
Los Angeles, CA 90071
seth.goldman@mto.com
twalper@mto.com

 s / *William H. Hoch*
William H. Hoch