**Objection Deadline: September 28, 2012 at 5:00 p.m. (Eastern time)**

PREET BHARARA
United States Attorney for the
Southern District of New York
By: JOSEPH N. CORDARO
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2745
Facsimile: (212) 637-2686
E-mail: joseph.cordaro@usdoj.gov

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | Case No. 12-12020 (MG) |
| Debtors. | Jointly Administered |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF
THE UNITED STATES OF AMERICA TO FIRST SUPPLEMENTAL
NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN
CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF
PERSONAL PROPERTY, AND UNEXPIRED LEASES OF NONRESIDENTIAL
<u>REAL PROPERTY AND (II) CURE AMOUNTS RELATED THERETO</u>**

1.   The United States of America (the "<u>United States</u>" or the "<u>Government</u>"), by its attorney Preet Bharara, United States Attorney for the Southern District of New York respectfully submits this Limited Objection and Reservation of Rights in connection with the *First Supplemental Notice of (i) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (ii) Cure Amounts Related Thereto*, dated September 14, 2012 [Docket No. 1459] (the "<u>Supplemental Notice</u>").[1]

---

[1] Undefined capitalized terms have the same meaning as in the Supplemental Notice.

2. In Exhibit 1 to the Supplemental Notice, Debtors identify the Department of the Treasury as a counterparty to three contracts: (i) the Commitment to Purchase Financial Instrument and Servicer Participation Agreement/Home Affordable Modification Program (HAMP) (the "Original SPA"), (ii) the Amended and Restated Commitment to Purchase Financial Instrument and Servicer Participation Agreement/Home Affordable Modification Program (HAMP) (the "Amended SPA," collectively with the Original SPA, the "SPAs"),[2] and (iii) the Treasury Servicer Participation Agreement/Hardest Hit Fund (the "HHF Contract"). *See* Supplemental Notice, Ex. 1 at 1 (Rows 9-10), 2 (Row 17). The Government files this Limited Objection with respect to the assumption and assignment of these contracts because the proposed cure amount of $0.00 does not adequately reflect that, on the date of assumption and assignment, Debtors may owe to the Government a then-uncalculated amount of financial incentive overpayments attributable to pre-assumption errors by the servicer. To the extent that neither the Successful Bidder nor the Debtors provide adequate assurance to the Government that they will assume such outstanding liabilities, the Government objects to the assumption and assignment of these contracts to Nationstar.[3]

3. In the SPAs, the Government provided or provides certain financial incentives to debtor GMAC Mortgage, LLC ("GMAC") in connection with GMAC's participation in the Making Home Affordable Program ("MHA") and its component programs, such as the Home Affordable Modification Program ("HAMP"), established pursuant to section 101 and 109 of the

---

[2] The Amended SPA amends and restates the Original SPA in its entirety.

[3] With respect to the HHF Contract, the Government's initial review of its records indicates that Treasury is not a party to such agreement. In the event the Government determines that Treasury or another U.S. governmental agency is a party to the HHF Contract, the Government reserves its right to supplement this Limited Objection to reflect cure amounts that are due and owing through the date of assumption of the HHF Contract in accordance with Section 365 of the Bankruptcy Code for the reasons stated herein in connection with the other contracts that are the subject of this Limited Objection.

Emergency Economic Stabilization Act of 2008, as amended by section 7002 of the American Recovery and Reinvestment Act of 2009. 12 U.S.C. §§ 5211, 5219. HAMP benefits borrowers by enabling them to modify the terms of their loans so that they can afford to make continued payments and avoid foreclosure. HAMP benefits the Debtors by, *inter alia*, preserving the value of the servicing rights on those loans, which would otherwise potentially go into foreclosure, as well as by GMAC's receipt of financial incentives paid under the contracts. As permitted in the contract, the Government has extended the term of the Amended SPA, and the program cut-off date for HAMP is currently December 31, 2013.

    4.    Upon the discovery of errors in connection with GMAC's participation in MHA under the SPAs, the SPAs grant the Government the right to recover any overpayment of financial incentives attributable to such errors.[4] The Government has historically made the adjustment by offsetting the amount owed by the servicer against any future incentive payments owed to the servicer. Incentives are paid on a monthly basis, and accordingly, adjustments typically occur on a monthly basis as well. Pursuant to the SPAs, however, the Government may make adjustments at any time. Accordingly, it is conceivable that post-assumption, errors committed by GMAC will be discovered that require an adjustment to recover financial incentive payments made to GMAC prior to the assumption of such contract. Based on the volume of loans at issue, it would be impossible for the Government to identify all errors and related adjustments in connection with the contracts. Moreover, as the date of assumption is uncertain, the universe of potential errors and thus claims for amounts due from the servicer is still a moving target. According to the Government's records, over the last year, the average monthly recovery from GMAC for similar claims discussed above has been approximately $30,000.

---

[4] Depending on the basis for the error, adjustments to incentive payments may be in the servicer's favor, and thus in certain instances, additional amounts are paid to the servicer.

5.      The Government further objects to the proposed cure amount to the extent that it purports to calculate Debtors' obligations to the Government as of the petition date, May 14, 2012, not the date of assumption, as required by Section 365 of the Bankruptcy Code. *See* 11 U.S.C. § 365(b)(1)(A) (in the event of a default in an executory contract or unexpired lease of the debtor, the contract or lease may not be assumed unless "at the time of assumption of such contract or lease," the trustee "cures, or provides adequate assurance that [it] will promptly cure such default . . . ."). Any proposed cure amount must reflect all amounts due and owing to the Government as of the assumption date.

6.      It is the Government's view that the most efficient means of ensuring that all appropriate adjustments are made, including the recovery of any overpayments of financial incentives attributable to pre-assumption errors, would be for the Successful Bidder to assume the benefits and burdens of the Amended SPA, including the obligation to reimburse the Government in connection with any amounts due from the servicer that are identified after the assumption. If the Successful Bidder does not agree to assume all liability for such pre-assumption claims, however, the Government will be required to look to GMAC for payment of such amounts. Accordingly, the Government files this limited objection to object to the Debtors' proposed $0.00 cure amount for the Original SPA and the Amended SPA  In addition, the Government reserves the right to amend this Limited Objection to reflect any subsequently discovered outstanding cure amounts under the SPAs.

Dated: New York, New York
      September 28, 2012

Respectfully submitted,

PREET BHARARA
United States Attorney for the
Southern District of New York
*Attorney for the United States of America*

By:   */s/ Joseph N. Cordaro*
      JOSEPH N. CORDARO
      Assistant United States Attorney
      86 Chambers Street, 3rd Floor
      New York, New York 10007
      Telephone: (212) 637-2745
      Facsimile: (212) 637-2686
      Email: joseph.cordaro@usdoj.gov