**HUNTON & WILLIAMS LLP**
Robert A. Rich
200 Park Avenue, 53rd Floor
New York, New York 10166-0136
(212) 309-1000

-and-

Tyler P. Brown
Justin F. Paget
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
(804) 788-8200

*Attorneys for CoreLogic, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | Case No. 12-12020 (MG) |
| Debtors. | (Jointly Administered) |

**CORELOGIC, INC'S OBJECTION TO DEBTORS'
PROPOSED CURE AMOUNTS NECESSARY TO ASSUME CONTRACTS**

CoreLogic, Inc., f/k/a First American CoreLogic Inc., a creditor and party-in-interest in the above-captioned case ("CoreLogic"), files this, its Objection (the "Objection") to the Debtors' proposed cure amounts set forth in Exhibit 2 to the *Notice of (i) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (ii) Cure Amounts Related Thereto* [Docket No. 924] and the *First Supplemental Notice of (i) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (ii) Cure Amounts Related Thereto* [Docket No. 1459] (collectively, the "Cure Notice") and, in support thereof, respectfully states as follows:

**PROCEDURAL AND FACTUAL BACKGROUND**

1. On May 14, 2012 (the "Petition Date"), Residential Capital, LLC and its affiliated debtors, as debtors and debtors in possession (collectively, the "Debtors"), each filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), commencing the above-captioned, jointly administered case.

2. The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. Prior to the Petition Date, CoreLogic and certain of its affiliates entered into several license agreements and service agreements, among other related agreements and amendments, with certain of the Debtors, pursuant to which CoreLogic or its affiliates provided various support services to the Debtors' mortgage servicing business.

4. On the Petition Date, the Debtors filed the *Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), and (m), 365 and 1123, and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 for Orders: (A)(I) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expense Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Asset Purchase Agreements Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief* [Doc. No. 61] (the "Sale Motion").

5. On June 28, 2012, the Court entered an order approving the sale and establishing certain sale procedures and objection deadlines related to the proposed sale [Doc. No. 598] (the

"Sale Procedures Order"). The Sale Procedures Order also approved the form of the Cure Notice, which the Debtors subsequently filed and served on counterparties to executory contracts and leases that the Debtors may seek to assume and assign to Nationstar Mortgage LLC (the "Purchaser").

6. The Cure Notice references a number of purported contracts with CoreLogic, or its affiliates (collectively, the "Contracts"), and for each, the Debtors assigned a cure amount of $0 (each, individually, the "Proposed Cure Amount"; and collectively, the "Proposed Cure Amounts"), which, according to the Debtors, reflects known amounts owing as of the Petition Date. See Cure Notice [Docket No. 924], ¶ 5.

7. The Debtors have described many of the Contracts in the Cure Notice as amendments to service agreements or actual services that CoreLogic provides to the Debtors. CoreLogic does not invoice the Debtors separately by individual service or by individual amendment. Thus, it would be overly burdensome, if not nonsensical, for CoreLogic to attempt to assign a "cure amount" to an individual amendment or service, as the Debtors have scheduled in the Cure Notice. Instead, Exhibit A attached hereto provides a summary of the pre-petition, unpaid invoices issued to certain of the Debtors by type of service CoreLogic provided.[1]

**OBJECTION TO PROPOSED CURE AMOUNT
AND RESERVATION OF RIGHTS**

8. Pursuant to Section 365 of the Bankruptcy Code, the Debtors may not assume the Contracts unless they cure all arrears under the Contracts, including reasonable attorneys' fees and expenses incurred by CoreLogic in enforcing its rights under the Contracts, and provide adequate assurance of future performance under the terms of the Contracts. See 11 U.S.C. §

---

[1] The actual invoices supporting the amounts specified in Exhibit A are voluminous and in the possession of the Debtors, but will be provided upon request.

3

365(b)(1)(A)-(C); In re M. Fine Limber Co., 383 B.R. 565, 568-70 (Bankr. E.D.N.Y. 2008) (citing In re Ames Dep't Stores, Inc., 306 B.R. 43, 81 (Bankr. S.D.N.Y. 2004)).

9.  To the extent that the Debtors assert that the Proposed Cure Amounts represent the amount required to cure the arrears under the Contracts as of the Petition Date, CoreLogic objects and reserves all rights to require cure of all arrears under those Contracts, which continue to accrue, including all reasonable attorneys' fees incurred by CoreLogic in connection with objecting to the Proposed Cure Amounts and otherwise enforcing its contractual rights thereunder.

10.  CoreLogic also reserves all rights to require cure of all arrears for any post-petition amounts currently due and owing or any post-petition amounts that may become due and owing prior to the Closing Date.

11.  Lastly, CoreLogic reserves the right to amend this Objection and add additional cure amounts based upon the ongoing review of CoreLogic's records.

[Remainder of Page Intentionally Left Blank]

WHEREFORE, CoreLogic respectfully requests that the Court enter an order granting it relief consistent with this Objection, and, specifically, directing the Debtors to cure all arrears under the Contracts as a condition to the Debtors' assumption and assignment of the Contracts, and granting such other and further relief to which CoreLogic is justly entitled, at law or in equity.

Dated: New York, New York
September 28, 2012

Respectfully submitted,

*/s/ Robert A. Rich*
**HUNTON & WILLIAMS LLP**
Robert A. Rich
200 Park Avenue, 53rd Floor
New York, New York 10166-0136
(212) 309-1000

-and-

Tyler P. Brown
Justin F. Paget
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
(804) 788-8200

*Attorneys for CoreLogic, Inc.*