MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Lorenzo Marinuzzi
Samantha Martin

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) ) | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | ) ) | Chapter 11 |
| Debtors. | ) ) ) | Jointly Administered |

**DEBTORS' OBJECTION TO RENEWED MOTION OF PAUL N. PAPAS II
TO CONVERT DEBTOR TO CHAPTER 7 BANKRUPTCY**

Residential Capital, LLC and its affiliated debtors and debtors in possession in the above-captioned Chapter 11 cases (collectively, the "***Debtors***") hereby submit this objection (the "***Objection***") to the *Renewed Motion of Paul N. Papas II to Convert Debtor to Chapter 7 Bankruptcy*, dated September 14, 2012 [Docket No. 1472] (the "***Motion***").[1] In support of hereof, the Debtors respectfully represent:

**PRELIMINARY STATEMENT**

1.  Paul N. Papas II ("***Papas***") seeks to convert the Debtors' Chapter 11 cases to Chapter 7 cases without providing any legal or factual support for conversion and relying in

---

[1] The movant previously filed the *Motion of Paul N. Papas II to Convert Debtor to Chapter 7 Bankruptcy*, dated July 20, 2012 [Docket No. 880], which was subsequently withdrawn. See *Withdrawal of Motion to Convert Debtor to Chapter 7 Bankruptcy* [Docket No. 1015].

ny-1052673

part on a motion that was already denied by this Court. See Motion at ¶ 2 ("This Claimant also relies upon the Motion to Dismiss the Debtor ResCap/GMAC portion of the *Gilbert Motion* docketed as number 274 as it relates to remedies for the Debtor ResCap/GMAC's fraudulent activities."); *Memorandum Opinion Denying the Gilbert Motion to Dismiss or to Vacate the Automatic Stay* [Docket No. 1054] (the "***Gilbert Order***"). Accordingly, the Court should deny the Motion.

## BACKGROUND

2. On May 14, 2012 (the "***Petition Date***"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***"). The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b). No trustee has been appointed in the Chapter 11 Cases.[2]

3. On May 16, 2012, the United States Trustee for the Southern District of New York (the "***U.S. Trustee***") appointed a nine member official committee of unsecured creditors (the "***Creditors' Committee***").

4. On July 3, 2012, the U.S. Trustee appointed the Honorable Arthur T. Gonzalez, former Chief Judge of this Court, as examiner (the "***Examiner***").

---

[2] The Debtors are a leading residential real estate finance company indirectly owned by Ally Financial Inc. ("***AFI***"), which is not a Debtor. The Debtors and their non-debtor affiliates operate the fifth largest mortgage servicing business and the tenth largest mortgage origination business in the United States. A more detailed description of the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these bankruptcy cases, is set forth in the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings [Docket No. 6] (the "***Whitlinger Affidavit***").

**OBJECTION**

5. The Court should deny the Motion because Papas has not provided any legal or factual support for conversion.

6. Section 1112(b)(1) of the Bankruptcy Code provides that the court may convert or dismiss a case "for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interest of creditors and the estate." 11 U.S.C. § 1112(b)(1). Section 1112(b)(4) of the Bankruptcy Code provides an illustrative but "not exhaustive" list of factors that a court must find in order to convert a case. See 11 U.S.C. § 1112(b)(4); In re Ameribuild Constr. Mgmt., Inc., 399 B.R. 129, 131 n.3 (Bankr. S.D.N.Y. 2009). The moving party has the burden of demonstrating cause for dismissal or conversion. See In re MF Global Holdings Ltd., 465 B.R. 736, 742 (Bankr. S.D.N.Y. 2012). (citing In re Loco Reality Corp., No. 09-11785, 2009 Bankr. LEXIS 1724, at *4 (Bankr. S.D.N.Y. June 25, 2009)). Such cause must be established by a preponderance of the evidence. See In re AdBrite Corp., 290 B.R. 209, 218 (Bankr. S.D.N.Y. 2003).

7. Papas has not met his burden here. First, Papas has not alleged that there is "cause" to convert the cases. While Papas makes general allegations regarding "the bad faith and misconduct of Debtor ResCap/GMAC," such allegations are unfounded and belied by the facts. See Mot. at ¶ 4. The Debtors strongly object to any suggestion that the Chapter 11 cases were filed in bad faith. Indeed, this Court already has ruled that the cases were filed in good faith. See Transcript of Hearing at 153, In re Residential Capital, LLC, No. 12-12020 (Bankr. S.D.N.Y. July 24, 2012). At a the July 24, 2012 hearing, the Court noted that various parties have filed motions in these cases to dismiss the Chapter 11 cases that are "never supported by any evidence, just assertions that the cases were filed in bad faith. Everything that has occurred in this case since the petition date would establish to the contrary. … There's substantial

evidence in the record in the form of the first-day [Fed. R. Bankr. P.] 1007 affidavit, numerous declarations that have been submitted in various contested matters in this case to date.  This is a substantial case with serious issues.  The Court concludes and finds that the case was filed in good faith, and whatever the outcome may ultimately be." Id.

8.  Second, Papas requests conversion to Chapter 7 "where this Court would have more control of the Debtor ResCap/GMAC and be better able to determine what the Debtor ResCap/GMAC has for assets and liabilities…" Mot. at ¶ 5.  The Debtors submit that further oversight in Chapter 7 is unnecessary and unwarranted.  This Court has already appointed an Examiner to oversee these Chapter 11 cases.  In addition, liquidation in Chapter 7 would not provide the maximum return to creditors that the filing of these Chapter 11 cases and the Debtors' sale of their assets will provide.  See Whitlinger Aff. at ¶ 109 (explaining that commencing the Cases will maximize the value of the Debtors' assets for the benefit of creditors).

9.  Third, this Court has already considered and denied the "Gilbert Motion" on which Papas relies.  In the Gilbert Order, the Court determined that the Gilberts had not demonstrated cause to dismiss the cases.  The standards under Rule 1112 for conversion and dismissal are the same.  See 11 U.S.C. § 1112(b)(1) ("the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause …. ").  The Gilbert Motion was brought on nearly identical grounds and denied.  See *Gilbert Motion to Dismiss Chapter 11 Bankruptcy for Cause, or, in the Alternative, Motion for Relief from the Automatic Stay to Permit the Gilbert Litigation Now Pending in the United States Court of Appeals for the Fourth Circuit to Proceed in the Federal Courts and Motion Seeking Damages for Willful Violation of the Automatic Stay*

*Pursuant to 11 U.S.C. § 362(h)* [Docket No. 274] at ¶ 3. ("The Gilberts seek a dismissal of the underlying chapter 11 bankruptcy based upon the bad faith and misconduct of Debtors Residential Funding, LLC and GMAC Mortgage LLC. The Gilberts' grounds for relief from the automatic stay are the Gilberts' mortgage is not an asset of the bankruptcy estate; Residential Funding LLC and GMAC Mortgage LLC's position as merely unsubstantiated servicers with respect to the Gilberts; and the substantial question of law regarding a borrower's right to exercise the extended right to rescind under the federal Truth in Lending Act in the Gilberts' case currently pending at the Fourth Circuit Court of Appeals."). Thus, the Court has already ruled on this issue and the Motion is precluded by *res judicata*.

10. <u>Finally</u>, the Court may **not** convert a case if the court finds that conversion is not in the best interests of creditors and the estate, and the Debtors establish that (i) there is a "reasonable likelihood that a plan will be confirmed … within a reasonable period of time", and (ii) the grounds for converting or dismissing the case include "an act or omission … for which there exists a reasonable justification … [or such act or omission] will be cured within a reasonable period of time…" <u>See</u> 11 U.S.C. § 1112(b)(2). Here, the Debtors submit that conversion is not in the best interests of creditors and the estates. The Debtors are poised to sell substantially all of their assets in the near future in two auctions that will yield significant value for the Debtors' estates and creditors. The Debtors also have established that it is in the estates' best interests to continue operating in the ordinary course of business until the sales can be consummated. Further, the Debtors are negotiating a plan of reorganization with various major constituents, and there is a reasonable likelihood that the plan will be confirmed within a reasonable period of time.

11. Accordingly, for the foregoing reasons, the Motion should be denied.

5

ny-1052673

**CONCLUSION**

12. The Debtors respectfully submit that Papas has failed to meet his burden. As such, the Debtors request that this Court enter an Order denying the Motion and grant such other and further relief as this Court deems proper.

New York, New York  /s/ Lorenzo Marinuzzi
Dated: October 1, 2012  Lorenzo Marinuzzi
Samantha Martin
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel to the Debtors and
Debtors in Possession*

6

ny-1052673