UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re                                          :
                                               :         Chapter 11
RESIDENTIAL CAPITAL, LLC, *et al.*             :
                                               :         Case No. 12-12020 (MG)
                        Debtors.               :
                                               :         (Jointly Administered)
-------------------------------------------------------x

### STIPULATION AND ORDER MODIFYING AUTOMATIC STAY
### WITH RESPECT TO COUNTER COMPLAINT OF KEVIN J. MATTHEWS

WHEREAS, Kevin J. Matthews ("**Movant**") is a defendant in a foreclosure action commenced by GMAC Mortgage, LLC ("**GMAC Mortgage**"), one of the above captioned debtors and debtors in possession (collectively, the "**Debtors**"), in the Circuit Court for Baltimore City, Maryland (the "**Maryland Court**"), captioned *O'Sullivan, et al. v. Matthews*, Case No. 21-O-12000286 (Balt. City Cir. Ct., Md.) (the "**Action**");

WHEREAS, on March 19, 2012, Movant filed a counter complaint in the Action against GMAC Mortgage and certain individual defendants (the "**Counter Complaint**"), asserting, among other things, claims for monetary damages against GMAC Mortgage (collectively, the "**Monetary Claims**");

WHEREAS, on April 25, 2012, GMAC Mortgage filed a motion to dismiss (the "**Motion to Dismiss**") the Counter Complaint in its entirety;

WHEREAS, on May 14, 2012, each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**");

WHEREAS, the Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108;

WHEREAS, pursuant to section 362 of the Bankruptcy Code, the commencement of the Debtors' Chapter 11 cases automatically stayed Movant from prosecuting the Counter Complaint against GMAC Mortgage;

WHEREAS, on July 9, 2012, a foreclosure mediation (the "**Foreclosure Mediation**") took place in the Action between Movant and GMAC Mortgage, which has been continued until October 9, 2012;

WHEREAS, on July 13, 2012, the Court entered the F*inal Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses* [Docket No. 774] (the "**Supplemental Servicing Order**");

WHEREAS, following a hearing held on July 30, 2012, the Maryland Court determined that it could consider the Motion to Dismiss pursuant to the Supplemental Servicing Order;

WHEREAS, on August 28, 2012, Movant filed the *Motion for Relief from Stay* [Docket No. 1291] (the "**Motion**") with this Court seeking relief from the automatic stay to (i) determine the liability of GMAC Mortgage, if any, with respect to the Monetary Claims and (ii) prosecute the claims asserted in the Counter Complaint against the non-Debtor defendants named therein;

WHEREAS, on September 5, 2012, Movant filed an opposition to the Motion to Dismiss and a Notice of Dismissal of Count I of the Counter Complaint with the Maryland Court;

WHEREAS, on September 20, 2012, the Debtors filed the Debtors' Objection to Matthews Motion for Relief from Stay [Docket No. 1500] (the "**Objection**");

WHEREAS, the Debtors have conferred with Movant and have agreed to a limited modification of the automatic stay of section 362(a) of the Bankruptcy Code (the "**Stay**") to the extent applicable, pursuant to the terms and subject to the conditions set forth in this stipulation and order (the "**Stipulation and Order**");

NOW THEREFORE, it is hereby stipulated and agreed as between the Movant and the Debtors (collectively, the "**Parties**"), through their undersigned counsel, as follows:

1. The Stay shall be modified solely to the extent set forth herein.

2. GMAC Mortgage may prosecute the Motion to Dismiss through the adjudication thereof by the Maryland Court and any and all appeals thereof, and Movant may take all actions necessary to contest the Motion to Dismiss, including any and all appeals thereof, consistent with the terms, conditions, and limitations of this Stipulation and Order.

3. Movant may prosecute the Counter Complaint against the non-Debtor defendants named therein, including additional non-Debtors defendants named in any amended Counter Complaint filed by Movant; provided, that this Stipulation and Order shall be without prejudice to the rights of the Debtors to seek relief from this Court (including application of the Stay) with respect to actions brought by Movant against such parties.

4. Notwithstanding anything in this Stipulation and Order or the Motion to the contrary, absent further order of this Court, the Stay remains in full force and effect with respect to the Counter Complaint as against GMAC Mortgage to the extent provided under the Supplemental Servicing Order, and, following the adjudication of the Motion to Dismiss, the Stay shall apply to Movant's Monetary Claims; provided, that, in the event the Parties do not

otherwise resolve the Action, whether through the Foreclosure Mediation or otherwise, this Stipulation and Order shall be without prejudice to Movant's right to renotice the Motion for hearing and to file a reply to the Objection consistent with the requirements of the *Order Under Bankruptcy Code Sections 102(1), 105(a) and 105(d), Bankruptcy Rules 1015(c), 2002(m) and 9007 and Local Bankruptcy Rule 2002-2 Establishing Certain Notice, Case Management and Administrative Procedures* [Docket No. 141] or as otherwise agreed upon by the Parties with the consent of the Court.

5. This Stipulation and Order shall not become effective unless and until it is entered by the Court.

6. This Stipulation and Order shall not be modified, altered, amended or vacated without the prior written consent of all Parties hereto.  Any such modification, alteration, amendment or vacation in whole or part shall be subject to the approval of this Court.  No statement made or action taken in the negotiation of this Stipulation and Order, nor set forth herein, may be used by any Party in the Action.

7. This Stipulation and Order is the entire agreement between the Parties in respect of the subject matter hereof.

8. Each person who executes this Stipulation and Order on behalf of a Party hereto represents that he or she is duly authorized to execute this Stipulation and Order on behalf of such Party.

9. This Stipulation and Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

10. The 14-day stay period under Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is hereby waived and this Stipulation and Order shall be immediately effective upon its entry.

11. This Court shall retain jurisdiction to resolve all matters relating to the implementation of this Stipulation and Order.

*[signature page to follow]*

| GMAC MORTGAGE, LLC | KEVIN J. MATTHEWS |
|---|---|
| By: /s/ Norman S. Rosenbaum<br>Gary S. Lee<br>Norman S. Rosenbaum<br>Erica J. Richards<br>MORRISON & FOERSTER LLP<br>1290 Avenue of the Americas<br>New York, New York 10104<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900<br><br>*Counsel for Debtors*<br>*and Debtors in Possession* | By: /s/ Phillip R. Robinson<br>Phillip R. Robinson<br>LEGG LAW FIRM LLC<br>5500 Buckeystown Pike<br>Frederick, MD 21703<br>Telephone: (301) 620-1016<br>Facsimile: (301) 620-1018<br><br>*Counsel for Kevin J. Matthews* |

APPROVED AND SO ORDERED

Dated:
    October 2, 2012
    New York, New York

                                              **/s/MARTIN GLENN**
                                              MARTIN GLENN
                                    UNITED STATES BANKRUPTCY JUDGE