Hearing Date:     **October 10, 2012 at 10:00 a.m. (ET)**
Objection Deadline:    **October 3, 2012 at 4:00 p.m. (ET)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Erica J. Richards

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: ) | Case No. 12-12020 (MG) |
| ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., ) | Chapter 11 |
| ) | |
| Debtors. ) | Jointly Administered |

**DEBTORS' OBJECTION TO MOTION OF JOSEPH A. CONNOR III (I) FOR DECLARATORY RULING REGARDING POSSIBLE STAY VIOLATIONS AND (II) TO SEVER DEFENDANTS PROTECTED BY AUTOMATIC STAY**

The debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**")[1] submit this objection (the "**Objection**")[2] to the motion (I) seeking a declaratory ruling as to possible violations of the automatic stay and (II) to sever defendants protected by automatic stay (the "**Motion**") [Docket No. 1359] filed by of Joseph A. Connor III ("**Movant**"), who appears in these cases *pro se*. In support of the Objection, the Debtors, by and through their

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on <u>Exhibit 1</u> to the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of the Chapter 11 Petitions and First Day Pleadings, filed with the Court on the Petition Date (the "<u>Whitlinger Affidavit</u>") [Docket No. 6].

[2] Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases or the relief requested in this Reply may refer to http://www.kccllc.net/rescap for additional information.

ny-1059778

undersigned counsel, submit the Declaration of Jennifer Scoliard, dated October 3, 2012 (the "**Scoliard Decl.**"), filed contemporaneously herewith , and respectfully represent:

## PROCEDURAL BACKGROUND

1. In December 2010, Movant filed suit (the "**Initial Washington Action**") against the following parties (collectively, the "**Defendants**"):  GMAC Mortgage, LLC ("**GMAC Mortgage**"), Executive Trustee Services, LLC ("**ETS**" and, together with GMAC Mortgage, the "**Debtor Defendants**"), LSI Title Agency, Inc. ("**LSI**"), Karen Balsano ("**Balsano**"), Mortgage Electronic Registration Systems, LLC ("**MERS**"), and Ally Financial, Inc. ("**AFI**" and, together with LSI, Balsano, and MERS, the "**Non-Debtor Defendants**") in the Superior Court of Ferry County, Washington State.  At that time, GMAC Mortgage serviced Movant's mortgage loan secured by his residence in Malo, Washington (the "**Property**"), and was responsible for the defense of Defendants ETS, MERS, AFI, LSI, and Balsano (an ETS employee).  (See Scoliard Decl., ¶ 5.)  By the Initial Washington Action, Movant challenged the rights and obligations of the Defendants with respect to his loan.  Id.

2. The Initial Washington Action was settled among the parties in May 2011 pursuant to a confidential Settlement and Release Agreement (the "**Settlement Agreement**"). (See Scoliard Decl., ¶ 6.)  Pursuant to the Settlement Agreement, the Initial Washington Action was dismissed and Movant signed a Warranty Deed conveying his property to GMAC Mortgage in exchange for a release of all claims and causes of action against the Debtor Defendants, except with respect to claims arising out of the failure of any party to perform in conformity with the Settlement Agreement, or any future disputes.  Id.

3. On February 6, 2012, Movant commenced a new action (the "**Second Washington Action**") against the Defendants in the Superior Court of Ferry County,

Washington State (the "**Washington Court**"), captioned Connor v. GMAC Mortgage, LLC, et al., Case No. 11-2-00098-6. In the Second Washington Action, Movant asserts claims for:

- actual and statutory monetary damages arising from GMAC's alleged breach of the Settlement Agreement (specifically, their failure to timely record a Reconveyance and Beneficiary's Instructions to Trustee, which Movant asserts has had the effect of preventing him from purchasing a new home with a loan guaranteed by the Veterans' Administration, thereby causing him to enter into a higher cost loan);

- a court order requiring the defendants to prove that they were parties in interest to both the original Deed of Trust and Note (which claims were asserted as part of the Initial Washington Action and released under the Settlement Agreement);

- litigation costs; and

- punitive damages.

(See Ex. 8 to Motion (Movant's Amended Complaint) at 5-6.)

4. On March 22, 2012, Movant filed a motion (the "**Lis Pendens Motion**") requesting that a notice of pendency be placed on the Property. (See Scoliard Decl., ¶ 8, Ex. A.)

5. On April 19, 2012, the Defendants filed a response to the Lis Pendens Motion, as well as a motion seeking the imposition of sanctions (the "**First Sanctions Motion**") based on Movants' refusal to withdraw the Lis Pendens Motion despite being advised that there was no legal basis for the relief requested therein. (See Scoliard Decl., ¶ 9, Ex. B.)

6. On April 20, 2012, the Defendants filed a motion for summary judgment with respect to the second count of Movant's Complaint by which Movant renews his challenge to the rights and obligations of the Defendants with respect to the mortgage loan on the Property and seeking the imposition of sanctions against Movant (the "**Summary Judgment and Second Sanctions Motion**") because such claim was expressly barred under the Settlement Agreement and therefore improper. (See Scoliard Decl., ¶ 10, Ex. C.)

3

ny-1059778

7. At a hearing held on April 27, 2012, the Washington Court heard Movant's Lis Pendens Motion and the Defendants' First Sanctions Motion, following which the Washington Court denied the Lis Pendens Motion and granted the First Sanctions Motion. (See Scoliard Decl., ¶ 11.)

8. On May 1, 2012, at the direction of the Washington Court, the Defendants submitted a proposed order denying the Lis Pendens Motion and granting the First Sanctions Motion to the Washington Court on presentment. (See Scoliard Decl., ¶ 12, Ex. D.)

9. On May 7, 2012, Movant filed a motion to vacate the order granting the First Sanctions Motion (the "**Motion to Vacate**"). (See Scoliard Decl., ¶ 13, Ex. E.)

10. On May 11, 2012, the Defendants filed a response to Movant's Motion to Vacate. (See Scoliard Decl., ¶ 14, Ex. F.)

11. On May 14, 2012 (the "**Petition Date**"), each of the Debtors, including GMAC Mortgage and ETS, filed a voluntary petition in this Court for relief under Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). Defendants MERS, LSI, AFI, and Balsano are not Debtors.

12. Also on the Petition Date, Movant filed a reply in connection with his Motion to Vacate. (See Scoliard Decl., ¶ 15, Ex. G.)

13. At a hearing held on May 18, 2012, the Washington Court was advised of the Debtors' bankruptcy proceedings. Notwithstanding that notification, the Washington Court proceeded with the hearing on Movant's Motion to Vacate, which was denied. (See Scoliard Decl., ¶ 16, Ex. H.) On that same date, the Washington Court entered the order (the "**May 18th Order**") denying the Lis Pendens Motion and granting the First Sanctions Motion. (See Scoliard Decl., ¶ 16, Ex. I.)

4

ny-1059778

14. On May 31, 2012, the Debtors filed the Supplemental Servicing Motion.[3]

15. At a hearing held on June 8, 2012, the Washington Court granted the Defendants' Summary Judgment and Second Sanctions Motion. (See Scoliard Decl., ¶ 17, Ex. H.)

16. Following a hearing held on June 12, 2012, this Court entered an order on June 15, 2012 approving the Supplemental Servicing Motion on an interim basis.[4]

17. Following a hearing held on July 10, 2012, this Court entered an order approving the Supplemental Servicing Motion on a final basis (the "**Supplemental Servicing Order**").[5]

18. On August 9, 2012, at the direction of the Washington Court, the Defendants submitted a proposed order granting the Defendants' Summary Judgment and Second Sanctions Motion to the Washington Court on presentment. (See Scoliard Decl., ¶ 18, Ex. J.)

---

[3] The term "**Supplemental Servicing Motion**" refers to the *Debtors' Motion for Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a) and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses* [Docket No. 181].

[4] See *Supplemental Order for Interim Relief Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses* [Docket No. 391].

[5] See *Final Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses* [Docket No. 774].

19. On August 31, 2012, the Washington Court entered the order (the "**August 31st Order**") granting the Defendants' Summary Judgment and Second Sanctions Motion. (See Scoliard Decl., ¶ 19, Ex. K.)

20. On September 4, 2012, Movant filed the instant Motion with this Court.

**ARGUMENT**

21. Subsequent to the Petition Date, the conduct of the Debtors in the Second Washington Action related primarily to the Debtors' effort to clear title to the underlying Property and address Movant's claims regarding the original deed of trust (which were released by Movant pursuant to the Settlement Agreement). Such relief is clearly of the type contemplated by the Supplemental Servicing Order. However, for most of the period at issue in the Motion, neither the interim supplemental servicing order nor the final Supplemental Servicing Order had been entered. While the Debtors consider that retroactive relief from the automatic stay may be warranted, as described below, they are prepared to request that the Washington Court vacate all orders entered subsequent to the Petition Date, without prejudice to the Debtors' right to seek stay relief in order to proceed with the defenses to Movant's claims that may impact the Debtors' rights in the Property, or as to any matters that are not otherwise within the scope the Supplemental Servicing Order. It was not, and is not, the Debtors' intention to use the automatic stay as both a "shield and sword" against Movant. The Debtors respectfully submit that vacating the May 18th Order and August 31st Order will remedy the present situation.

22. Accordingly this Court should deny the Motion because, to the extent the proceedings in the Second Washington Action on and after the Petition Date could be deemed a violation of the automatic stay, the Debtors have already taken steps to resolve the issue, and, with this Court's permission, will take any further action necessary to do so, thereby rendering

6

ny-1059778

Movant's request for declaratory relief moot.  Moreover, Movant's request to sever the claims in the Second Washington Action is procedurally improper and, at this time, the Debtors are not seeking to impose or extend the automatic stay with respect to the Non-Debtor Defendants.

A.  **Declaratory Relief Request**

23.  While the Washington Court's entry of the May 18th Order simply effectuated the ruling the court had already issued at the April 27, 2012 hearing, and arguably does not constitute a violation of the automatic stay,[6] for the avoidance of doubt and to ensure that Movant suffers no adverse or potentially adverse consequences, the Debtors have notified the Washington Court that, with leave of this Court, they intend to request that the Washington Court vacate the May 18th Order, without prejudice.  (See Scoliard Decl., ¶ 20, Ex. L.)

24.  The Debtors do not dispute that the hearing held on June 8, 2012, before the Washington Court, and the entry of the August 31st Order by the Washington Court were continuations of a proceeding that was subject to the automatic stay in effect as a result of the commencement of the Debtors' chapter 11 cases.  As a result, the August 31st Order, which was entered in violation of stay, is void and without effect.  See, e.g., (48th St. Steakhouse, Inc. v. Rockefeller Grp., Inc. (In re 48th St. Steakhouse, Inc.), 835 F.2d 427, 431 (2d Cir. 1987) (affirming bankruptcy court's statement that "actions taken in violation of the stay are void and without effect" (citation omitted)).  Thus, with leave of this Court, the Debtors' intend to request that the Washington Court vacate the August 31st Order, without prejudice.  (See Scoliard Decl., ¶ 20, Ex. N.)  The Debtors submit that the withdrawal of the August 31st Order is sufficient to

---

[6] "While the commencement or continuation of a judicial action or proceeding clearly is subject to the automatic stay of section 362, . . . the simple and 'ministerial' act of the entry of a judgment by the court clerk [does not constitute] the continuation of a judicial proceeding under section 362(a)(1)." *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 527 (2d Cir. 1994).

remedy any violation of the automatic stay because it places the parties to the Second Washington Action in virtually the same position they were in on the Petition Date.

25.  The Debtors' legal department and the Debtors' bankruptcy counsel have devoted substantial time and effort to explaining to both default counsel and litigation counsel the effect and application of the Supplemental Servicing Order with respect to foreclosure, eviction, bankruptcy, litigation, and other matters. They have also endeavored to ensure that default and litigation counsel have a clear understanding of the effect of the automatic stay on the matters they are handling, and what actions, if any may still be taken. The Debtors and the Debtors' legal department continue to work with default counsel and litigation counsel to ensure that all parties in interest act in conformity with the automatic stay and the Supplemental Servicing Order. (See Scoliard Decl., ¶ 21.)

26.  Because a declaratory ruling by this Court regarding a stay violation would result in a determination that the August 31st Order is void and the Debtors are prepared to request that both the May 18th Order the August 31st Order be vacated, Movant's request for declaratory relief is moot and should be denied. See, e.g., DeFunis v. Odegaard, 416 U.S. 312, 316 (1974) ("[F]ederal courts are without power to decide questions that cannot affect the rights of litigants in the case before them."(citation omitted)).

**B.    Severance Request**

27.  Movant acknowledges that there is no "cause" justifying stay relief to proceed against the Debtor Defendants. (See Motion, at 10.) In an effort to avoid the potential that he may be barred from proceeding against any of the Non-Debtor Defendants because of the impact the continuation of the Second Washington Action would have on the Debtors, Movant

8

ny-1059778

asks this Court to sever his claims against AFI and/or MERS in the Second Washington Action from those against the other Defendants pursuant to Federal Rule of Civil Procedure 21.

28.    Although the Second Washington Action has been stayed, it remains pending, and the Washington Court retains jurisdiction over the case.  It is elementary law that no federal court—other than the United States Supreme Court—can entertain a proceeding to reverse, modify, or otherwise engage in appellate review of a state court case.  See, e.g., Rooker v. Fid. Trust Co., 263 U.S. 413, 415 (1923) (holding that the jurisdiction of the federal district courts is strictly original); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476, 482 (1983) (holding that federal district courts do not have the authority to review final state court judgments).  It follows that this Court does not have jurisdiction to enter judgments on behalf of the Washington Court.  Thus, the determination of whether to sever claims in the Second Washington Action is solely within the jurisdiction of the Washington Court.  Accordingly, Movant's request to sever the claims in the Second Washington Action is procedurally improper and should be denied.

29.    To the extent Movant is simply seeking clarification that the automatic stay does not apply to the Non-Debtor Defendants and the Second Washington Action is allowed to proceed against them, the Debtors have no objection, subject to a reservation of their right to seek appropriate relief with respect to continuation of the Second Washington Action against the Non-Debtor Defendants, including the imposition of a stay as to such parties.

## CONCLUSION

Accordingly, for the reasons set forth herein the Debtors respectfully request that the Court deny the Motion and grant such other and further relief as it deems just and proper.

9

ny-1059778

Dated: October 3, 2012
      New York, New York

                                               /s/ Norman S. Rosenbaum
                                               Gary S. Lee
                                               Norman S. Rosenbaum
                                               Erica J. Richards
                                               MORRISON & FOERSTER LLP
                                               1290 Avenue of the Americas
                                               New York, New York 10104
                                               Telephone: (212) 468-8000
                                               Facsimile: (212) 468-7900

                                               *Counsel for the Debtors and*
                                               *Debtors in Possession*