MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:   (212) 468-8000
Facsimile:   (212) 468-7900
Gary S. Lee
Norman Rosenbaum
Erica J. Richards

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**DECLARATION OF JENNIFER SCOLIARD, IN-HOUSE SENIOR BANKRUPTCY COUNSEL AT RESIDENTIAL CAPITAL, LLC, IN SUPPORT OF DEBTORS' OBJECTION TO MOTION OF JOSEPH A. CONNOR III (I) FOR DECLARATORY RULING REGARDING POSSIBLE STAY VIOLATIONS AND (II) TO SEVER DEFENDANTS PROTECTED BY AUTOMATIC STAY**

I, Jennifer Scoliard, declare as follows:

1. I serve as In-House Senior Bankruptcy Counsel in the legal department (the "**Legal Department**") at Residential Capital, LLC ("**ResCap**"), a limited liability company organized under the laws of the state of Delaware and the parent of the other debtors and debtors in possession in the above-captioned Chapter 11 cases (collectively, the "**Debtors**"). I have been ResCap's In-House Bankruptcy counsel since September 2010. On October 1, 2012, I was promoted to Senior Counsel. Prior to September 2010, I served in various legal roles supporting GMAC Mortgage, LLC from January 2008 to September 2010. I joined ResCap in January 2008.

ny-1059776

2. In my role as In-House Senior Bankruptcy Counsel at ResCap, I am responsible for the management of all non-routine bankruptcy litigation nationwide, including contested bankruptcy matters. However, as a result ResCap's Chapter 11 filing, my role has significantly expanded to include assisting the Debtors and their professional advisors in connection with the administration of the Chapter 11 cases, in addition to my litigation work. Specifically, my expanded duties and responsibilities as to the Debtors' Chapter 11 cases include, but are not limited to: (i) frequently communicating with bankruptcy counsel, usually daily, on various mortgage litigation and other matters; (ii) assisting bankruptcy counsel in the analysis of and drafting of responses to motions for relief from stay, objections to various filings, and motions critical to the functions of the Debtors' business; (iii) working with bankruptcy counsel, other in-house attorneys and business personnel on bankruptcy issues impacting the Debtors' business operations; and (iv) providing guidance to the Legal Department regarding orders entered in this case, filings by other parties and the Chapter 11 process.

3. I am authorized to submit this declaration (the "**Declaration**") in further support of the *Debtors' Objection To Motion Of Joseph A. Connor III (I) For Declaratory Ruling Regarding Possible Stay Violations And (II) To Sever Defendants Protected By Automatic Stay* (the "**Objection**").[1]

4. In my capacity as In-House Senior Bankruptcy Counsel, I am generally familiar with the Debtors' litigation matters and their practices related to foreclosure actions and related proceedings and counterclaims asserted by borrowers subject to such actions. Except as otherwise indicated, all statements in this Declaration are based upon my personal knowledge; information supplied or verified by personnel in departments within the Debtors' various

---

[1] Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to them in the Objection.

ny-1059776                                             2

business units; my review of the Debtors' litigation case files, books and records as well as other relevant documents; my discussions with other members of the Legal Department; information supplied by the Debtors' consultants; or my opinion based upon experience, expertise, and knowledge of the Debtors' litigation matters, financial condition and history.  In making my statements based on my review of the Debtors' litigation case files, books and records, relevant documents, and other information prepared or collected by the Debtors' employees or consultants, I have relied upon these employees and consultants accurately recording, preparing, collecting, or verifying any such documentation and other information.  If I were called to testify as a witness in this matter, I would testify competently to the facts set forth herein.

      5.    In December 2010, Movant filed suit (the "**Initial Washington Action**") against the following parties (collectively, the "**Defendants**"):  GMAC Mortgage, LLC ("**GMAC Mortgage**"), Executive Trustee Services, LLC ("**ETS**" and, together with GMAC Mortgage, the "**Debtor Defendants**"), LSI Title Agency, Inc. ("**LSI**"), Karen Balsano ("**Balsano**"), Mortgage Electronic Registration Systems, LLC ("**MERS**"), and Ally Financial, Inc. ("**AFI**" and, together with LSI, Balsano, and MERS, the "**Non-Debtor Defendants**") in the Superior Court of Ferry County, Washington State.  At that time, GMAC Mortgage serviced Movant's mortgage loan secured by his residence in Malo, Washington (the "**Property**"), and was responsible for the defense of Defendants ETS, MERS, AFI, LSI, and Balsano (an ETS employee).  By the Initial Washington Action, Movant challenged the rights and obligations of the Defendants with respect to his loan.

      6.    The Initial Washington Action was settled among the parties in May 2011 pursuant to a Settlement and Release Agreement (the "**Settlement Agreement**").  Pursuant to the Settlement Agreement, the Initial Washington Action was dismissed and Movant signed a

Warranty Deed conveying his property to GMAC Mortgage in exchange for a release of all claims and causes of action against the Debtor Defendants, except with respect to claims arising out of the failure of any party to perform in conformity with the Settlement Agreement, or any future disputes.

7.   On February 6, 2012, Movant commenced a new action (the "**Second Washington Action**") against the Defendants in the Superior Court of Ferry County, Washington State (the "**Washington Court**"), captioned Connor v. GMAC Mortgage, LLC, et al., Case No. 11-2-00098-6.  See Exhibit 8 to Motion (Movant's Amended Complaint).

8.   On March 22, 2012, Movant filed a motion (the "**Lis Pendens Motion**") requesting that a notice of pendency be placed on the property.  See **Exhibit A**, annexed hereto.

9.   On April 19, 2012, the Defendants filed a response to the Lis Pendens Motion, as well as a motion seeking the imposition of sanctions (the "**First Sanctions Motion**") based on Movants' refusal to withdraw the Lis Pendens Motion despite being advised that there was no legal basis for the relief requested therein.  See **Exhibit B**, annexed hereto.

10.  On April 20, 2012, the Defendants filed a motion for summary judgment with respect to the second count of Movant's Complaint by which Movant renews his challenge to the rights and obligations of the Defendants with respect to the mortgage loan on the Property and seeking the imposition of sanctions against Movant (the "**Summary Judgment and Second Sanctions Motion**") because such claim was expressly barred under the Settlement Agreement and therefore improper.  See **Exhibit C**, annexed hereto.

11.  At a hearing held on April 27, 2012, the Washington Court heard Movant's Lis Pendens Motion and the Defendants' First Sanctions Motion, following which the Washington Court denied the Lis Pendens Motion and granted the First Sanctions Motion.

12. On May 1, 2012, at the direction of the Washington Court, the Defendants submitted a proposed order denying the Lis Pendens Motion and granting the First Sanctions Motion to the Washington Court on presentment. See **Exhibit D**, annexed hereto.

13. On May 7, 2012, Movant filed a motion to vacate the order granting the First Sanctions Motion (the "**Motion to Vacate**"). See **Exhibit E**, annexed hereto.

14. On May 11, 2012, the Defendants filed a response to Movant's Motion to Vacate. See **Exhibit F**, annexed hereto.

15. On May 14, 2012, Movant filed a reply in connection with his Motion to Vacate. See **Exhibit G**, annexed hereto.

16. At a hearing held on May 18, 2012, the Washington Court was advised of the Debtors' bankruptcy proceedings. Notwithstanding that notification, the Washington Court proceeded with the hearing on Movant's Motion to Vacate, which was denied. See **Exhibit H**, annexed hereto. On that same date, the Washington Court entered the order (the "**May 18th Order**") denying the Lis Pendens Motion and granting the First Sanctions Motion. See **Exhibit I**, annexed hereto.

17. At a hearing held on June 8, 2012, the Washington Court granted the Defendants' Summary Judgment and Second Sanctions Motion. See **Exhibit H**, annexed hereto.

18. On August 9, 2012, at the direction of the Washington Court, the Defendants submitted a proposed order granting the Defendants' Summary Judgment and Second Sanctions Motion to the Washington Court on presentment. See **Exhibit J**, annexed hereto.

ny-1059776                                      5

19. On August 31, 2012, the Washington Court entered the order (the "**August 31st Order**") granting the Defendants' Summary Judgment and Second Sanctions Motion. See **Exhibit K**, annexed hereto.

20. On October 3, 2012, the Debtors notified the Washington Court that, with leave of this Court, they intend to request that the Washington Court vacate the May 18th Order and the August 31st Order, without prejudice. See **Exhibit L**, annexed hereto.

21. The Debtors' legal department and the Debtors' bankruptcy counsel have devoted substantial time and effort to explaining to both default counsel and litigation counsel the effect and application of the Supplemental Servicing Order with respect to foreclosure, eviction, bankruptcy, litigation, and other matters. They have also endeavored to ensure that default and litigation counsel have a clear understanding of the effect of the automatic stay on the matters they are handling, and what actions, if any may still be taken. The Debtors and the Debtors' legal department continue to work with default counsel and litigation counsel to ensure that all parties in interest act in conformity with the automatic stay and the Supplemental Servicing Order.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 3, 2012

          /s/ Jennifer Scoliard
Jennifer Scoliard
In-House Senior Bankruptcy Counsel for
Residential Funding, LLC