# **Exhibit B**

The Honorable Allen Nielson
Hearing Date: April 27, 2012
Hearing Time: 10:00 a.m.
Ferry County

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

FOR THE COUNTY OF FERRY

| | | |
|---|---|---|
| JOSEPH A. CONNOR, III, Plaintiff, v. GMAC MORTGAGE, LLC, et. al. Defendants. | ) | Case No. 11-2-00098-6<br><br>DEFENDANTS' MOTION FOR SANCTIONS RE PLAINTIFF'S MOTION FOR PLACEMENT OF *LIS PENDENS*<br><br>(ORAL ARGUMENT REQUESTED) |

Plaintiff filed an erroneous motion for the placement of *lis pendens* on real property located in Malo, Washington. Despite Defendants' request, plaintiff has refused to withdraw the motion. Plaintiff should be sanctioned under CR 11 for filing and failing to withdraw the motion because (1) the court does not have authority to authorize the placement of a *lis pendens*; (2) plaintiff has no claim to any interest in, or ownership of, the subject real property, and plaintiff's Second Amended Complaint does not raise any claim regarding the title to the property; and (3) defendants' counsel informed plaintiff, in writing, of items 1 and 2, both before and after plaintiff filed his motion, which plaintiff has ignored.

///

///



SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

## A. BACKGROUND

Defendants incorporate by reference the Background set forth in their Response to plaintiff's Motion to Allow Placement of *Lis Pendens.*

## B. STATEMENT OF ISSUES

Issue No. 1: Should plaintiff be sanctioned for pursuing his motion for the placement of a *lis pendens*?

Answer: Yes, plaintiff's *lis pendens* motion violates CR 11 because:

(a) the court lacks authority to allow the filing of a *lis pendens*. *See* RCW 4.28.320;

(b) plaintiff's action is for an alleged breach of the settlement agreement and does not involve any claim affecting the title to real property. Plaintiff does not and cannot claim an ownership interest in the property;

(c) defendants advised plaintiff of the issues with his pursuit of a *lis pendens*, which plaintiff has ignored.

## C. EVIDENCE RELIED ON

Plaintiff's Amended Complaint and the exhibits attached thereto, Defendants' Response to Plaintiff's Motion for Placement of *Lis Pendens,* and the Declaration of William G. Fig ("Fig Decl.") filed in support of Defendants' Response to Plaintiff's Motion for Placement of *Lis Pendens* (and in support of this motion) and the Exhibits thereto.

## D. LEGAL AUTHORITY

CR 11(a) provides, in relevant part, that, by signing a pleading, the party represents and certifies that "* * * (1) it is well grounded in fact; (2) is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law or the establishment of new law; (3) it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation * * *.



SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

CR 11(a) further provides that an "appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or legal memorandum, including a reasonable attorney fee."

RCW 4.28.320, which provides in relevant part: "At any time after an action **affecting title to real property** has been commenced, or after a writ of attachment with respect to real property has been issued in an action, or after a receiver has been appointed with respect to any real property, the plaintiff, the defendant, or such a receiver may file with the auditor of each county in which the property is situated a notice of the pendency of the action . . ." Emphasis added.

## E. DISCUSSION

Plaintiff transferred the subject property to GMAC Mortgage, LLC and clearly and unequivocally released and discharged Defendants and any claim regarding or relating to the subject property, including the ownership thereof and defendants' authority to act relating thereto. Fig Decl., ¶ 3, Exhibit 1, and ¶ 6, Exhibit 4.

The court does not have authority to approve or allow the placement of a *lis pendens*. Moreover, plaintiff's action has nothing to do with the ownership of the subject property or whether plaintiff still has any interest in the property. Thus, plaintiff's Complaint **does not "affect the title" to any real property."** RCW 4.28.320.

Perhaps, most importantly, defendants advised plaintiff on multiple occasions that the filing of a *lis pendens* against the real property was improper in this case. Fig Decl., ¶¶ 4 and 5, Exhibits 2 and 3. Defendants first raised the impropriety of a *lis pendens* in March 2012. Fig Decl., ¶ 4, Exhibit 2. This advice was largely ignored, and plaintiff filed this motion. Prior to defendants filing this Motion and their Response to plaintiff's motion, defendants' counsel again explained to plaintiff, in writing, why his *lis* /

/ /



SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

*pendens* Motion was improper and requested that plaintiff withdraw his Motion. Fig Decl., ¶ 5, Exhibit 3. Plaintiff refused to withdraw his motion.

Rather than address the legal issues raised by counsel regarding the *lis pendens*, plaintiff chose to respond to counsel's emails on the issue by commenting on counsel's proofreading skills and questioning counsel's academic credentials and choice of law school.[1] See Fig Decl., ¶¶ 4 and 5, Exhibits 2 and 3.

Plaintiff's *lis pendens* Motion is not well-grounded in fact, nor is it warranted by existing law, a good faith argument for the extension, modification, or reversal of existing law, or the establishment of new law. Plaintiff was twice informed of this, yet he has pursued the *lis pendens*. Plaintiff should be sanctioned in the amount of $1,500.00 to compensate defendants for their costs and fees incurred in dealing with plaintiff's erroneous and improper *lis pendens* motion.

## CONCLUSION

Based on the above, plaintiff's *lis pendens* Motion is neither well-grounded in fact, nor is it warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, or the establishment of new law. Defendants respectfully request that the court grant their Motion and sanction plaintiff in the amount of $1,500.00.

Dated this 19th day of April, 2012.

SUSSMAN SHANK LLP

By ______________________________
William G. Fig, WSBA 33943
billf@sussmanshank.com
Attorneys for Defendants

F:\CLIENTS\20809\059\PLEADINGS\P- MOTION FOR SANCTIONS RE LIS PENDENS MOTION.DOC

[1] Defendants' counsel concedes he did not receive all As (or even all Bs). He defers to the administration of his alma matter whether his law school is "important."



SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

CERTIFICATE OF SERVICE

THE UNDERSIGNED certifies:

1. My name is Karen D. Muir. I am a citizen of Washington County, state of Oregon, over the age of eighteen (18) years and not a party to this action.

2. On April 19, 2012, I caused to be delivered via **first-class U.S. Mail, postage prepaid**, **and email** a copy of: **DEFENDANTS' MOTION FOR SANCTIONS RE PLAINTIFF'S MOTION FOR PLACEMENT OF *LIS PENDENS* MOTION** to the interested parties of record, addressed as follows:

Joseph A. Connor III
PO Box 1474
Cobb, CA 95426
Email: jaconnor3@netzero.net

I SWEAR UNDER PENALTY OF PERJURY that the foregoing is true and correct to the best of my knowledge, information, and belief.

Karen D. Muir, Legal Assistant

F:\CLIENTS\20809\059\CERTMASTER.DOC

The Honorable Allen Nielson
Hearing Date: April 27, 2012
Hearing Time: 10:00 a.m.
Ferry County

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

FOR THE COUNTY OF FERRY

| | |
|---|---|
| JOSEPH A. CONNOR, III,<br>Plaintiff,<br>v.<br>GMAC MORTGAGE, LLC, et. al.<br>Defendants. | Case No. 11-2-00098-6<br><br>DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO ALLOW PLACMENT (sic) OF *LIS PENDENS*<br><br>(ORAL ARGUMENT REQUESTED) |

Defendants object to plaintiff's Motion to Allow Placment (sic) of *Lis Pendens* based on the grounds that (1) the court does not have authority to authorize the placement of *lis pendens* and (2) plaintiff has no claim to any interest in, or ownership of, the subject real property, and plaintiff's Second Amended Complaint does not raise any claim regarding the title to the property.

**A. BACKGROUND**

In December of 2010, plaintiff filed a *pro se* complaint against defendants arising out a non-judicial foreclosure of a trust deed against property he owned in Malo, Washington (the "2010 Action"). Plaintiff's Amended Complaint, Recitals ¶ 1. In or about May of 2011, the parties settled the 2010 Action. Plaintiff's Amended Complaint,



SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

Recitals ¶ 2. A copy of the settlement agreement signed by the parties is attached as Exhibit 3 to plaintiff's Amended Complaint in this matter (the "Agreement").[1]

Under paragraph 1 of the Agreement, plaintiff agreed to transfer the property to defendant GMAC Mortgage, LLC. The transfer was to be accomplished via a statutory warranty deed. See Exhibit 1 to Plaintiff's Amended Complaint. Plaintiff executed the Statutory Warranty Deed concurrently with the execution of the Agreement, which was recorded in the real property records of Ferry County. A copy of the recorded deed is attached to the Declaration of William G. Fig as Exhibit 1.

Under paragraph 2 of the Agreement, plaintiff agreed to vacate the property, which he did. The property has since been sold to a third party.

Paragraph 3 of the Agreement specifically identifies the defendants in the 2010 action. They are <u>the same</u> as the <u>defendants</u> in this action. Under paragraph 7 of the Agreement, plaintiff released and discharged the defendants from:

1. "any and all claims that were or could have been asserted in the Lawsuit." Agreement, ¶ 7(f); and

2. "any and all claims relating to, concerning, or (sic) the underlying the Loan, or the Loan transaction, or the servicing or administration of the Loan." Agreement, ¶ 7(g).

The Agreement "discharge[d] all claims that [plaintiff] have against the [defendants] up until and including the date of the execution of this Agreement." Agreement, ¶ 7. p. 4. Thus, the Agreement clearly included any claims regarding the ownership of plaintiff's loan relating to the real property located in Malo, Washington, and any actions by any of the 2010 defendants to foreclose that loan. *See* Agreement, ¶¶ 1 and 3. No loan-related claims could exist after the date of the Agreement because, as part of the Agreement, plaintiff transferred the Malo, Washington property to

---

[1] A copy of the signed settlement agreement, identical to Exhibit 3, is attached as Exhibit 4 to the Declaration of William G. Fig.



SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

defendant GMAC Mortgage, LLC. Plaintiff's Amended Complaint, Recitals ¶ 4; *see also* Agreement, ¶ 1.

Nonetheless, in October of 2011, plaintiff filed this action against the same defendants that were named in the 2010 Action. Plaintiff's Second Claim for Relief against defendants relates to the ownership of the same loan regarding the Malo, Washington property and defendants' "standing"/"authority" to record documents relating to the same non-judicial foreclosure of this property. These were the exact subjects of the 2010 Action. See Agreement, ¶¶ 1 and 3.

Plaintiff now seeks the court's permission to file a *lis pendens* against the Malo, Washington property because of the aforementioned purported concerns raised in his barred Second Claim for Relief.

**B. STATEMENT OF ISSUES**

Issue No. 1: Does the court have authority to approve the placement of a *lis pendens*?

Answer: No, the court only has statutory authority to cancel or terminate a *lis pendens*. See RCW 4.28.320.

Issue No. 2: Even if the court had such authority, is a *lis pendens* proper in this case?

Answer: No, plaintiff's action is for an alleged breach of the settlement agreement and does not involve any claim affecting the title to real property. Plaintiff transferred the subject property to GMAC Mortgage, LLC and released and discharged any claims against defendants relating to the property. Plaintiff does not and cannot claim an ownership interest in the property.

/ / /

/ / /

/ / /



SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

## C. EVIDENCE RELIED ON

Plaintiff's Amended Complaint and the exhibits attached thereto and the Declaration of William G. Fig filed in support of Defendants' Response and the exhibits thereto.

## D. LEGAL AUTHORITY

RCW 4.28.320, which provides in relevant part: "At any time after an action **affecting title to real property** has been commenced, or after a writ of attachment with respect to real property has been issued in an action, or after a receiver has been appointed with respect to any real property, the plaintiff, the defendant, or such a receiver may file with the auditor of each county in which the property is situated a notice of the pendency of the action . . ." Emphasis added.

## E. DISCUSSION

In exchange for the settlement payment, plaintiff transferred the subject property to GMAC Mortgage, LLC and clearly and unequivocally released and discharged Defendants regarding "any and all claims that were or could have been asserted in the Lawsuit" and "any and all claims relating to, concerning, or (sic) the underlying the Loan, or the Loan transaction, or the servicing or administration of the Loan." Agreement, ¶ 7(f) and (g). This necessarily includes any claims by plaintiff regarding or relating to ownership of the subject property or defendants' authority to act relating thereto.

The court does not have authority to approve or allow the placement of a *lis pendens*. Moreover, plaintiff's action is for an alleged breach of a settlement agreement and whether defendants properly and/or timely recorded a reconveyance of plaintiff's deed of trust.[2] This has nothing to do with plaintiff's ownership of the property or whether plaintiff still has any interest in the property. Thus, plaintiff's Complaint **does**

---

[2] Plaintiff's argument regarding First American Title Company ("FATCO") is another irrelevant red herring. FATCO has an office located at 818 Stewart Street, Suite 800, Seattle, WA 98101



SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

<u>not</u> **"affect the title" to any real property."** RCW 4.28.320. As a result, the filing of a *lis pendens* against the real property is improper.

**CONCLUSION**

Based on the above, defendants respectfully request that the court deny plaintiff's motion.

Dated this 19th day of April, 2012.

SUSSMAN SHANK LLP

By ______________________________

William G. Fig, WSBA 33943
billf@sussmanshank.com
Attorneys for Defendants

F:\CLIENTS\20809\059\PLEADINGS\P- RESPONSE TO MOTION FOR LIS PENDENS.DOC



SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

CERTIFICATE OF SERVICE

THE UNDERSIGNED certifies:

1. My name is Karen D. Muir. I am a citizen of Washington County, state of Oregon, over the age of eighteen (18) years and not a party to this action.

2. On April 19, 2012, I caused to be delivered via **first-class U.S. Mail, postage prepaid, and email** a copy of: **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO ALLOW PLACMENT (SIC) OF *LIS PENDENS*** to the interested parties of record, addressed as follows:

Joseph A. Connor III
PO Box 1474
Cobb, CA 95426
Email: jaconnor3@netzero.net

I SWEAR UNDER PENALTY OF PERJURY that the foregoing is true and correct to the best of my knowledge, information, and belief.

Karen D. Muir, Legal Assistant

F:\CLIENTS\20809\059\CERTMASTER.DOC