**Exhibit C**

The Honorable Allen Nielson
Hearing Date: June 8, 2012
Hearing Time: 10:00 a.m.
Ferry County

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

FOR THE COUNTY OF FERRY

| | |
|---|---|
| JOSEPH A. CONNOR, III,<br><br>    Plaintiff,<br><br>v.<br><br>GMAC MORTGAGE, LLC, et. al.<br><br>    Defendants. | Case No. 11-2-00098-6<br><br>DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MOTION FOR SANCTIONS AGAINST PLAINTIFF<br><br>(ORAL ARGUMENT REQUESTED) |

## I. RELIEF REQUESTED

### A. Motions for Summary Judgment

1. <u>Motion Against Plaintiff's Second Claim for Relief</u>.

Pursuant to CR 56(b), defendants move the court for an order dismissing plaintiff's Second Claim for Relief, with prejudice, based on the grounds that plaintiff waived and released any such claims against defendants as part of a previous ⁞ment agreement entered into between the parties.

2. <u>Motion to Dismiss Defendant Balsano</u>.

Pursuant to CR 56(b), defendant Karen Balsano moves the court for an order ⁞issing all of plaintiff's claims against her based on the grounds that plaintiff has not ⁞d her with process as required under CR 4 and RCW 4.28.080.

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT &
MOTION FOR SANCTIONS - Page 1

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

B.  **Motion for Sanctions.**

Pursuant to CR 11, defendants move the court for an order imposing sanctions against plaintiff in the amount of $5,000.00 based on the grounds that his Second Claim for Relief is unquestionably barred by the settlement agreement and, therefore, is improper, groundless, and brought in bad faith.

## II.  STATEMENT OF FACTS

In December of 2010, plaintiff filed a *pro se* complaint against defendants arising out of a non-judicial foreclosure of a trust deed against property he owned in Malo, Washington (the "2010 Action"). Plaintiff's Amended Complaint, Recitals ¶ 1. On or about June 23, 2011, the parties settled the 2010 Action. Plaintiff's Amended Complaint, Recitals ¶ 2; Declaration of Roberto Montoya ("Montoya Decl."), ¶ 3. A copy of the settlement agreement signed by the parties is attached as Exhibit 3 to plaintiff's Amended Complaint in this matter (the "Agreement"). A fully-executed copy of the same agreement is attached as Exhibit 1 to the Montoya Decl.

Paragraph 3 of the Agreement specifically identifies the defendants in the 2010 action. Under paragraph 7 of the Agreement, plaintiff released and discharged the 2010 defendants from:

1. "any and all claims that were or could have been asserted in the Lawsuit." Agreement, ¶ 7(f); and

2. "any and all claims relating to, concerning, or (sic) the underlying the Loan, or the Loan transaction, or the servicing or administration of the Loan." Agreement, ¶ 7(g).

The Agreement "discharge[d] all claims that [plaintiff] have against the [defendants] up until and including the date of the execution of this Agreement." Agreement, ¶ 7. p. 4. Thus, the Agreement clearly included any claims regarding the ownership of plaintiff's loan relating to the real property located in Malo, Washington,

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT &
MOTION FOR SANCTIONS - Page 2

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1  and any actions by any of the 2010 defendants relating to the foreclosure of that loan.
2  See Agreement, ¶¶ 1 and 3.  No loan-related claims could exist after the date of the
3  Agreement because, as part of the Agreement, plaintiff transferred the Malo,
4  Washington property to defendant GMAC Mortgage, LLC.  Plaintiff's Amended
5  Complaint, Recitals ¶ 4; see also Agreement, ¶ 1; Fig Decl., ¶ 3, Exhibit 1.

6  Nonetheless, in October of 2011, plaintiff filed this action against the <u>same</u>
7  defendants that were named in the 2010 Action.  Plaintiff's Second Claim for Relief
8  against defendants relates to the ownership of the <u>same</u> loan regarding the Malo
9  Washington property and defendants' "standing"/"authority" to record documents
10 relating to the <u>same</u> non-judicial foreclosure of this property.  <u>These were the exact
11 subjects of the 2010 Action</u>.  See Agreement, ¶¶ 1 and 3.

12 In March of 2012 and again in April of 2012, defendants' counsel raised the issue
13 with plaintiff that his Second Claim for Relief was barred by the Agreement.  Declaration
14 of William G. Fig ("Fig Decl."), ¶ 4, Exhibit 2, and paragraph 5, Exhibit 3.  Prior to filing
15 their motions, defendants requested that plaintiff agree to dismiss his Second Claim for
16 Relief.  Fig Decl., ¶ 5, Exhibit 3.  Plaintiff refused to do so.  Id.

17                    III.    **STATEMENT OF ISSUES**

18 <u>Issue No. 1</u>:  Should plaintiff's Second Claim for Relief be dismissed because he
19 released and discharged these claims against defendants under the Agreement?

20 <u>Answer</u>:  Yes, the Agreement specifically released defendants from the claims
21 set forth in plaintiff's Second Claim for Relief.

22 <u>Issue No. 2</u>:  Should plaintiff's claims against Karen Balsano be dismissed
23 because she has not been properly served with process?

24 <u>Answer</u>:  Yes; although this matter has been pending for approximately six
25 months, plaintiff has not filed any proof of service regarding defendant Balsano.

26 / / /

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT &
MOTION FOR SANCTIONS - Page 3

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1     <u>Issue No. 3</u>: Should plaintiff be sanctioned for filing the Second Claim for Relief?

2     <u>Answer</u>: Yes, plaintiff is a savvy and experienced litigant. His Second Claim for

3 Relief is baseless and brought in bad faith because the Agreement clearly and

4 specifically releases these claims. Plaintiff was informed multiple times, in writing,

5 regarding the issues with his Second Claim for Relief, yet he has refused to withdraw

6 this claim.

7                       **IV.    EVIDENCE RELIED ON**

8     Plaintiff's Amended Complaint and the exhibits attached thereto, the Declaration

9 of William G. Fig filed in support of Defendants' Response to Plaintiff's *Lis Pendens*

10 Motion and the exhibits attached thereto, and the Declaration of Roberto Montoya filed

11 in support of Defendants' motion and the exhibits attached thereto.

12                       **V.    LEGAL AUTHORITY**

13     Defendants' motions are based on CR 4, RCW 4.28.080, CR 56, and CR 11.

14                       **VI.    DISCUSSION**

15 **A. MOTION 1 – PLAINTIFF'S SECOND CLAIM FOR RELIEF IS BARRED BY THE SETTLEMENT AGREEMENT.**

16

17     The Agreement was executed by all of the parties by the end of June 2010.

18 Montoya Dec., ¶ 3. Plaintiff was paid the settlement funds identified in paragraph 3 of

19 the Agreement. Montoya Dec., ¶ 4. In exchange for this payment, plaintiff clearly and

20 unequivocally released and discharged Defendants regarding "any and all claims that

21 were or could have been asserted in the Lawsuit" and "any and all claims relating to,

22 concerning, or (sic) the underlying the Loan, or the Loan transaction, or the servicing or

23 administration of the Loan." Agreement, ¶ 7(f) and (g).

24     Plaintiff's Second Claim for Relief in his Amended Complaint is based upon the

25 <u>same</u> loan that was the subject of the 2010 Action, is against the <u>same</u> defendants

26

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT &
MOTION FOR SANCTIONS - Page 4

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1  named in the 2010 Action and the Agreement, and is based upon events that occurred
2  prior to July 1, 2010. This claim for relief must be dismissed with prejudice.
3  **B.  PLAINTIFF HAS FAILED TO SERVE DEFENDANT BALSANO**
4  This case has been pending for six months, and plaintiff has failed to comply with
5  the service requirements under CR 4 and RCW 4.28.080. Plaintiff's claims against
6  defendant Balsano must be dismissed.
7  **C.  PLAINTIFF'S SECOND CLAIM FOR RELIEF WAS BROUGHT IN BAD FAITH**
8  As set forth above, there is absolutely no good faith basis for plaintiff's Second
9  Claim for Relief. Plaintiff is being greedy and simply litigating "for sport." Defendants
10  twice advised plaintiff that his Second Claim for Relief was barred by the Agreement.
11  Fig Dec., ¶¶ 4 and 5, Exhibits 2 and 3. In fact, prior to filing this motion, defendants'
12  counsel explained to plaintiff, in writing, why his Second Claim for Relief was improper
13  and requested that plaintiff agree to dismiss this claim. Fig Dec., ¶ 5, Exhibit 3. Rather
14  than address the issues regarding this claim raised by counsel, plaintiff, instead, chose
15  to respond to the emails by making personal attacks on counsel. See Fig Dec., ¶¶ 4
16  and 5, Exhibits 2 and 3.
17  In order to keep plaintiff from re-litigating the 2012 Action and to prevent plaintiff
18  from filing frivolous claims and motions[1], plaintiff must be <u>stiffly</u> sanctioned under CR 11
19  for filing a claim that is clearly barred by the Agreement in what is unquestionably an
20  improper attempt to get a second bite at the same apple.
21  / / /
22  / / /
23  / / /
24  / / /
25  / / /
26  ———————————————

[1] See plaintiff's motion to allow placement of *lis pendens*.

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT &
MOTION FOR SANCTIONS - Page 5

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

## VII. CONCLUSION

Based on the above, Defendants respectfully request that the Court enter an Order:

(1) dismissing plaintiff's Second Claim for Relief, with prejudice;

(2) dismissing Karen Balsano from this action; and

(3) sanctioning plaintiff in the amount of $5,000.00 for filing a claim for relief that was and is clearly and unquestionably barred by the Agreement he freely and voluntarily entered into.

Dated this 20th day of April, 2012.

SUSSMAN SHANK LLP

By _____
William G. Fig, WSBA 33943
billf@sussmanshank.com
Attorneys for Defendants

F:\CLIENTS\20809\059\PLEADINGS\P- SUMMARY JUDGMENT (2).DOC

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT &
MOTION FOR SANCTIONS - Page 6

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

## CERTIFICATE OF SERVICE

THE UNDERSIGNED certifies:

1. My name is Karen D. Muir. I am a citizen of Washington County, state of Oregon, over the age of eighteen (18) years and not a party to this action.

2. On April 20, 2012, I caused to be delivered via **first-class U.S. Mail, postage prepaid, and email** a copy of: **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MOTION FOR SANCTIONS AGAINST PLAINTIFF** to the interested parties of record, addressed as follows:

Joseph A. Connor III
PO Box 1474
Cobb, CA 95426
Email: jaconnor3@netzero.net

I SWEAR UNDER PENALTY OF PERJURY that the foregoing is true and correct to the best of my knowledge, information, and belief.

*[signature]*
Karen D. Muir, Legal Assistant

F:\CLIENTS\20809\059\CERTMASTER.DOC

Page 1 - CERTIFICATE OF SERVICE