**Exhibit F**

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

FOR THE COUNTY OF FERRY

| | |
|---|---|
| JOSEPH A. CONNOR, III, ) | Case No. 11-2-00098-6 |
| Plaintiff, ) | DEFENDANTS' RESPONSE TO |
| ) | PLAINTIFF'S MOTIONS TO VACATE |
| v. ) | AND FOR DENIAL OF SANCTIONS |
| ) | |
| GMAC MORTGAGE, LLC, et. al. ) | |
| ) | |
| Defendants. ) | |

Defendants object to plaintiff's Motion to Vacate the court's award of sanctions relating to plaintiff's erroneous Motion for *Lis Pendens* and Motion for Denial of Sanctions based on the grounds that: (1) despite adequate notice of the sanctions motion, plaintiff, until now, never filed <u>any</u> response or objection to Defendants' Sanctions Motion; (2) plaintiff has failed to raise any good faith defense to Defendants' Sanctions Motion; and (3) it is plaintiff's option to appear telephonically and, if he elects that option, it is his obligation to understand how to do so.

A.   **BACKGROUND**

1.   The Court's Sanctions Ruling.

On April 27, 2012, the court held a hearing on defendants' Motion for Sanctions. The court found that defendants advised plaintiff on multiple occasions that the filing of a *lis pendens* against the real property was improper in this case and requested that plaintiff withdraw his motion. The court further found that plaintiff's *lis pendens* Motion

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTIONS
TO VACATE AND FOR DENIAL OF SANCTIONS - Page 1

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1   a *lis pendens* against the real property was improper in this case and requested that
2   plaintiff withdraw his motion. The court further found that plaintiff's *lis pendens* Motion
3   was improper under RCW 4.28.320 and, therefore, was not well-grounded in fact, not
4   warranted by existing law, nor was it a good faith argument for the extension,
5   modification, or reversal of existing law, or the establishment of new law. As a result,
6   the court ruled that plaintiff's motion violated CR 11 and awarded Defendants sanctions
7   in the amount of $1,500.00.

8       2.    <u>Service of the Motion</u>.

9       The Motion for Sanctions was served on plaintiff via mail on April 19, 2012.
10  CR 6(e) provides that service by mail is deemed complete 3 days after mailing. Thus,
11  service by mail was technically perfected on Monday, April 23, four days before the
12  hearing. However, because the parties have agreed to service of documents via email,
13  Defendants' counsel intended to email the Motion for Sanctions to plaintiff. That
14  apparently did not occur; however, plaintiff was well aware of Defendants' Motion for
15  Sanctions and failed to appear for the hearing. Declaration of William Fig, Exhibit 1.
16  More importantly, until now, plaintiff did not raise <u>any</u> objection regarding the timing of
17  the service of the Motion for Sanctions.

18  **B.    DISCUSSION**

19      Plaintiff had adequate notice of Defendants' Motion for Sanctions. He clearly
20  was not prejudiced by the timing of service of the Motion for Sanctions. In fact, on
21  April 25, 2012, plaintiff acknowledged to Defendants' counsel the receipt of the Motion
22  and the April 28, 2012 sanctions hearing. Yet, until these present motions were filed,
23  plaintiff failed to make any written objection whatsoever to Defendants counsel or the
24  court regarding the timing of the service of the motion. Plaintiff has still failed to file any
25  substantive objection to the Motion.
26  / / /

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTIONS
TO VACATE AND FOR DENIAL OF SANCTIONS - Page 2

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1. Based on the above, the court should not reconsider its ruling on Defendants' Sanctions Motion. Plaintiff's oral argument cannot change the facts set forth in Defendants' Sanctions Motion. However, if the court is inclined to allow plaintiff to be heard on this issue, Defendants suggest that any argument be held on June 8, 2012, the date for the hearing on Defendants' Motion for Partial Summary Judgment and Second Motion for Sanctions.

## CONCLUSION

Based on the above, Defendants respectfully request that the court deny plaintiff's motions.

Dated this 11th day of May, 2012.

SUSSMAN SHANK LLP

By _____
William G. Fig, WSBA 33943
billf@sussmanshank.com
Attorneys for Defendants

F:\CLIENTS\20809\059\PLEADINGS\P- RESPONSE TO MOTION TO VACATE SANCTIONS.DOC

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTIONS
TO VACATE AND FOR DENIAL OF SANCTIONS - Page 3

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

## CERTIFICATE OF SERVICE

THE UNDERSIGNED certifies:

1. My name is Karen D. Muir. I am a citizen of Washington County, state of Oregon, over the age of eighteen (18) years and not a party to this action.

2. On May 11, 2012, I caused to be delivered via **first-class U.S. Mail, postage prepaid, and email** a copy of: **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTIONS TO VACATE AND FOR DENIAL OF SANCTIONS** to the interested parties of record, addressed as follows:

Joseph A. Connor III
PO Box 1474
Cobb, CA  95426
Email: jaconnor3@netzero.net

and to:
1616 Liholiho Street #1502
Honolulu, HI  96822

I SWEAR UNDER PENALTY OF PERJURY that the foregoing is true and correct to the best of my knowledge, information, and belief.

_____
Karen D. Muir, Legal Assistant

F:\CLIENTS\20809\059\CERTMASTER.DOC

Page 1 - CERTIFICATE OF SERVICE