**<u>Exhibit G</u>**

IN THE SUPERIOR COURT OF FERRY COUNTY, WASHINGTON STATE

IN RE:

CONNOR, JOSEPH A III          Case No. 11-2-00098-6
    Plaintiff

V.                            PLAINTIFF'S RESPONSE TO
                              DEFENDANTS' RESPONSE TO
GMAC MORTGAGE, LLC et al      PLAINTIFF'S MOTIONS TO
    Defendants               VACATE AND FOR DENIAL OF
                              OF SANCTIONS

                              Hearing Date: 18 May 2012

                              Hearing Time: 10am

                              Judge: A Nielson

THE PLAINTIFF has noted for hearing two Motions, (a) To Vacate the Court's earlier Ruling on Defendants' Motion for Sanctions; and (b) to Deny Defendants' Motion for Sanctions based on late service of Defendants' Notice of Motion and Motion on the Matter. Defendants have objected in writing to both motions and filed their Objections with the Court. The Plaintiff addresses Defendants response as follows:

1. The Defendants' first objection says that Plaintiff had adequate Notice of

-Plaintiff's Response to Defendants'          Joseph A Connor III
Response to Plaintiff's Motions to            PO Box 1474
Vacate and for Denial of Sanctions            Cobb, CA 95426
                                              707-809-7093
                                              Pro se Plaintiff

their Sanctions Motion, and had filed no response to said Motion.

2. 'Adequate' notice by definition is Notice given in compliance with the law. Defendants, by their own admission, failed to comply with LCR 6 (A), and CR 6 (a) and(e). See paragraph (2) of Section (A) of Defendants' Response (page two). Defendants' late service did not provide adequate notice to Plaintiff. Moreover, Plaintiff's interests were prejudiced by Defendants' late service and Plaintiff was denied due process.

3. Plaintiff has filed no response to Defendants' Sanctions Motions owing to Defendants' late service of its Motion. Even by overnighting a written response to the Court Administrator in Colville, the Plaintiff still could not have prepared such response and delivered it to FedEx in time for it to reach Ms Bell by noon on 26 April 2012 (LCR 6(D). The Defendants' late service made it improbable that Plaintiff could file a reply to Defendants' motion in a timely manner.

4. Nonetheless, the Plaintiff hastily prepared a verbal response to Defendants' Sanctions Motion to present to the Court via Court Call on 27 April 2012, in case the Court was inclined to disregard the provisions of LCR 6(A) and 6(a) and (e), or to exercise its discretion in favor of the offending Defendants. That defense included but was not limited to the following:

(a) The extensive research Plaintiff did in making the case for the authority of the Court to grant Plaintiff's Motion to Allow Placement of a Lis Pendens on the property at 17467 N Highway 21, Malo, WA 99150.

-Plaintiff's Response to Defendants'
Response to Plaintiff's Motions to
Vacate and for Denial of Sanctions

Joseph A Connor III
PO Box 1474
Cobb, CA 95426
707-809-7093
Pro se Plaintiff

Plaintiff's arguments might well have been unacceptable to the Court, but they were made in good faith and constructed with considerable diligence.

(b) A revisiting of Plaintiff's arguments for the Motion, all based on fact and supported by evidence. These arguments questioned the legitimacy of a Deed of Reconveyance sent to Plaintiff via e-mail by Defendants' attorney. This Deed reconveyed the property in question back to the Trustor, Joseph A Connor III. Connor is the Plaintiff in Case No. 11-2-00098-6 now pending before this Court. Such reconveyance of the property to the Plaintiff was not in accord with the intent of the parties to the Settlement Agreement in the earlier case. But it is the last document on the Public Record in connection with the underlying case, and **it returns title to the property in question to the Plaintiff**, an unwanted outcome. In previous submissions to the Court, Plaintiff has put forward no ownership claims in the property, nor has he claimed any interest in the property beyond those **unwanted** residual claims that may or may not accrue to him by virtue of an obligation that has not been acknowledged as satisfied and a Deed of Trust that has not been extinguished, as called for in the original Settlement Agreement. Plaintiff agreed to settle with Defendants based in part on Defendants' promise to release him from any and all claims they had prior to the Court's Order dismissing the case, in

-Plaintiff's Response to Defendants'
Response to Plaintiff's Motions to
Vacate and for Denial of Sanctions

Joseph A Connor III
PO Box 1474
Cobb, CA 95426
707-809-7093
Pro se Plaintiff

exchange for payment of a sum of money to Plaintiff and Plaintiff's execution of a Special Warranty Deed in favor of Defendant GMAC Mortgage. Such release included acknowledging satisfaction of Plaintiff's obligation to GMAC Mortgage and the extinguishing of the Deed of Trust wherein Plaintiff was Mortgagor. All the Plaintiff wanted was a simple acknowledgement that his obligation was satisfied and the Deed of Trust wherein he was the Mortgager was extinguished. What the Plaintiff eventually got after some nine months of badgering Defendants' attorney was a questionable Deed of Reconveyance issued by a Trustee with no physical presence of record in Washington State as required by law, acting on instructions from a bogus beneficiary who had transferred the Note and Deed of Trust (all beneficial interests) to another party (GMAC Mortgage) some 18 months earlier, in order to facilitate a foreclosure on Plaintiff's property undertaken despite Defendants' alleged breach of an agreement between Plaintiff and GMAC Mortgage. Evidence of this entire picture is in the Court record.

**(c) The Plaintiff asks the Court to take note that no Lis Pendens was ever placed on the property.** Rather the Plaintiff, who was in a quandary as to what to do to immobilize the property during the pendency of the instant case, turned to the Court for permission to index a Notice of Pendency. The Plaintiff filed the Motion in question in an effort to limit the damage done by GMAC et al to the Public Record, to contain

-Plaintiff's Response to Defendants' Response to Plaintiff's Motions to Vacate and for Denial of Sanctions

Joseph A Connor III
PO Box 1474
Cobb, CA 95426
707-809-7093
Pro se Plaintiff

his own liability under an obligation still unsatisfied and a Deed of Trust that still lives on, and because he was unsure, after extensive research, whether his action affected title to the property.

(d) The Plaintiff assumed that a denial of his Motion would constitute the Court's admonishment that his fears were unfounded, and that alternately, if the Motion was granted, he did have cause for concern and that any effort to immobilize the property was justified. If the Plaintiff remained liable under both the Note and Deed of Trust, the property should be available to offset any damages to the Plaintiff arising from his liability under said Note and Deed of Trust, or from the negligence of Defendants in failing to execute the documents necessary to implement the Settlement Agreement between Plaintiff and Defendants. The Plaintiff saw his Motion as a benign way to avoid indexing what could possibly be an unjustified Lis Pendens. He just didn't know what to do. The free legal advice coming from Defendants' attorney appeared self-serving, so he turned to the Court. And for that, Plaintiff is to be punished.

(e) The Plaintiff learned via Defendants' Motion for Sanctions that the property had been sold to a third party. The Defendants had hidden this from the Plaintiff until it was too late for Plaintiff to act on Defendants' CR 11 Notice. **Evidently, the Defendants believed Plaintiff's action affected title to the property because they waited until they had sold the property to a third party to produce the Deed of Reconveyance**

-Plaintiff's Response to Defendants'
Response to Plaintiff's Motions to
Vacate and for Denial of Sanctions

Joseph A Connor III
PO Box 1474
Cobb, CA 95426
707-809-7093
Pro se Plaintiff

**sent to Plaintiff via e-mail. Defendants recorded a Bargain-and-Sale Deed in favor of a third party on 9 February 2012, and the Deed of Reconveyance to Plaintiff was indexed 7 minutes later. So Defendants sold the property to a third party, and then reconveyed the same property back to the Plaintiff 7 minutes later.**

(f) Upon information via Defendants' Motion that the property had been sold to a third party, the Plaintiff immediately withdrew his Motion to the Court (see Defendants' e-mail exhibit on this matter). For reasons unknown to Plaintiff, the Court denied Plaintiff's Motion despite the fact that the matter was no longer before the Court. The Court seemingly denied a Motion that didn't exist. Plaintiff is bemused by this, but says nothing further.

(g) The Plaintiff withdrew his Motion because a third party buyer is a buyer in good faith and is not deserving of a messy title, nor should such third party buyers be exposed to expensive litigation to preserve the quiet title they have paid for.

i. In paragraph 1 of Section A (pages 1&2), the Defendants say that the Court found Plaintiff's Motion improper and that <u>the Court</u> "requested that the Plaintiff withdraw his Motion". Since there is no evidence of such request by the Court, and owing to the fact that the Plaintiff withdrew his Motion to Allow a Lis Pendens prior to the hearing on the Motion, this

-Plaintiff's Response to Defendants'  
Response to Plaintiff's Motions to  
Vacate and for Denial of Sanctions

Joseph A Connor III  
PO Box 1474  
Cobb, CA 95426  
707-809-7093  
Pro se Plaintiff

assertion by Defendants, which is untrue, must be construed as a deliberate attempt to deceive the Court.

   ii.   In the same paragraph, the Court may have found the Plaintiff's Lis Pendens Motion improper, but it doesn't follow that the Motion "was not well grounded in fact, not warranted by existing law, nor was it a good faith argument for the extension, modification, or reversal of existing law. " This is not an outright falsehood, as in subsection (i) above, but it is another attempt to deceive the Court.

(h) The Plaintiff looked into areas other than ownership that could 'affect' title to real property. He found that actions to enforce a lien, mechanics liens, adversary proceedings in bankruptcy, arbitration, easements, landlord/tenant disputes and specific performance are proper for placement of a Lis Pendens on real property. The point being that lack of an ownership interest is no bar to placement of a Lis Pendens. Moreover, actions not 'affecting' title to a piece of property seem to be treated in the case law on a case by case basis with no objective standard or test emerging.

(i) Nowhere could Plaintiff find a statute that prohibited his Motion. The Plaintiff therefore turned to the Court, as is proper.

(j) This Motion was the first in this case filed with the Court. Plaintiff says that sanctions are uncalled for; that Plaintiff has done nothing wrong. The Defendants are employing litigation by stealth

-Plaintiff's Response to Defendants' Response to Plaintiff's Motions to Vacate and for Denial of Sanctions

Joseph A Connor III
PO Box 1474
Cobb, CA 95426
707-809-7093
Pro se Plaintiff

tactics. This Motion for Sanctions is simply another weapon in the Defendants' arsenal. Defendants have not met their burden of proof. They have offered no evidence of a lack of Court authority to allow placement of a Lis Pendens. They have made no showing that Plaintiff's action does not 'affect' title to the property, nor have they shown that Plaintiff's Motion would lead to the improper placement of a Lis Pendens on the property at issue. They have offered no evidence that Plaintiff failed to research his Motion; that Plaintiff has done anything in bad faith; that Plaintiff's Motion was improper under RCW 4.28.320. Their attorney has trampled all over RPC 4.3. That the Court could have fallen in step with such tactics is chilling.

5. Defendants say in paragraph 2 of Section A (page 20) that "the parties have agreed to service of documents via e-mail". This is not true, and Defendants have provided the Court with no evidence of such agreement, because there is none. Plaintiff has agreed to no such alternate means of service (with but one exception in writing on an unrelated matter). This assertion by Defendants was designed to deceive the Court into believing service was being effected outside Court proceedings and yet within the law. This is not the case. Defendants have falsified their submission to the Court on this issue.

6. Defendants' 3d objection to Plaintiff's Motions is addressed in Plaintiff's Motion to Vacate and Motion to Deny Defendants' Motion for Sanctions.

-Plaintiff's Response to Defendants'
Response to Plaintiff's Motions to
Vacate and for Denial of Sanctions

Joseph A Connor III
PO Box 1474
Cobb, CA 95426
707-809-7093
Pro se Plaintiff

7. The Plaintiff has moved this Court for a denial of Defendants' Motion for Sanctions on the grounds of late service to Plaintiff, which prejudiced Plaintiff's due process rights. In making its decision, Plaintiff asks the Court consider in addition to Defendants' late service, Defendants' deliberate attempts to deceive the Court as shown in paragraph 4(g)(i) and paragraph 5.

Dated: 14 May 2012

Joseph A Connor III
Pro se Plaintiff

**CERTIFICATE OF SERVICE**

I CERTIFY under penalty of perjury under the laws of Washington State that I caused the foregoing Plaintiff's Response to Defendants' Response to Motions to Vacate and to Deny Motion for Sanctions, via 1st Class US Mail, Postage Prepaid, return receipt requested, to:

William G Fig
Sussman Shank
1000 SW Broadway, Suite 1400
Portland, Oregon  97205

Dated: 14 May 2012, in Honolulu, HI

Jean-Paul C Connor

-Plaintiff's Response to Defendants'
Response to Plaintiff's Motions to
Vacate and for Denial of Sanctions

Joseph A Connor III
PO Box 1474
Cobb, CA  95426
707-809-7093
Pro se Plaintiff