MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
James A. Newton

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**DEBTORS' OMNIBUS OBJECTION TO KENNETH TAGGART'S
(I) MOTION TO VOID PLEADINGS & SANCTIONS DUE TO VIOLATION
OF BANKRUPTCY CODE AND (II) "MOTION FOR STAY TO ORDER
REGARDING LIMITED RELIEF FROM STAY" UNTIL ORDER ON
"MOTION TO VOID PLEADINGS & SANCTIONS DUE TO VIOLATION
OF BANKRUPTCY CODE" IS ISSUED BY THE COURT AND
(III) AMENDED MOTION TO VOID PLEADINGS & SANCTIONS DUE TO
VIOLATION OF BANKRUPTCY CODE AND (IV) MOTION TO REMOVE
MORTGAGE LOAN ALLEGED BY KENNETH TAGGART FROM
ASSETS OF GMAC MORTGAGE, LLC & MOTION TO PROVE
OWNERSHIP OF MORTGAGE ASSETS (MORTGAGES & NOTES)
<u>KENNETH TAGGART DISPUTE ASSET(S) OF GMAC MORTGAGE, LLC</u>**

ny-1057065

## TABLE OF CONTENTS

                                                                                 **Page**

PRELIMINARY STATEMENT .................................................................................................. 1

BACKGROUND .......................................................................................................................... 2

       A.       The Numerous Taggart Filings ................................................................................ 3

OBJECTION ................................................................................................................................. 6

       A.       The Allegations in the Foreclosure Defense Motion Must be Heard in the State Court ............................................................................................................... 7

       B.       Mr. Taggart Has Not Been Prejudiced in the Foreclosure Proceeding or in the Interlocutory Appeals he has Taken ................................................................. 8

              1.       Nearly All of GMAC Mortgage's Postpetition Filings in the Foreclosure Proceeding Were Responsive to Relief Sought by Mr. Taggart ..................................................................................................... 8

              2.       Mr. Taggart Had Ample Ability to Assert Application of the Automatic Stay in the Unstayed Appeals ..................................................... 9

              3.       GMAC Mortgage has Indicated that it Would Agree to an Extension of Discovery ................................................................................ 11

       C.       The Reconsideration Motion Must be Denied ...................................................... 12

CONCLUSION ........................................................................................................................... 13

**Exhibits:**

Exhibit 1:    Scoliard Declaration
Exhibit 2:    Order Extending Deadlines in Foreclosure Proceeding
Exhibit 3:    Foreclosure Proceeding Docket Report
Exhibit 4:    September 11 Stay Motion
Exhibit 5:    Taggart Response to Superior Court Order to Show Cause
Exhibit 6:    GMAC Mortgage's Application to Quash
Exhibit 7:    August 21, 2012 Status Update to the State Court
Exhibit 8:    September 7, 2012 Status Update to the State Court

ny-1057065

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Frietsch v. Refco, Inc.,
   56 F.3d 825 (7th Cir. 1995)............................................................................................12

In re Miller,
   2008 Bankr. LEXIS 3631, Case No. 07-13481 (MG)
   (Bankr. S.D.N.Y. Feb. 28, 2008)....................................................................................12

Key Mech., Inc. v. BDC 56 LLC (In re BDC 56 LLC)
   330 F.3d 111 (2d Cir. 2003)...........................................................................................12

Marrero Pichardo v. Ashcroft,
   374 F.3d 46 (2d Cir. 2004).............................................................................................12

**STATUTES**

11 U.S.C. § 362..........................................................................................................................7

11 U.S.C. § 1107(a)....................................................................................................................2

11 U.S.C. § 1108........................................................................................................................2

**OTHER AUTHORITIES**

Fed. R. Bankr. P. 1015(b)........................................................................................................... 2

Fed. R. Bankr. P. 7001............................................................................................................... 6

Fed. R. Bankr. P. 9011............................................................................................................... 2

Fed. R. Bankr. P. 9023............................................................................................................. 12

Pa.R.A.P. No. 311(a)(2) ........................................................................................................... 10

Residential Capital, LLC and its affiliated debtors and debtors in possession in the above-captioned Chapter 11 cases (collectively, the "**Debtors**") hereby submit this objection (the "**Objection**") to Kenneth Taggart's (i) *Motion to Void Pleadings & Sanctions Due to Violation of Bankruptcy Code* [Docket No. 1114] (the "**Sanctions Motion**"); (ii) *"Motion for Stay to Order Regarding Limited Relief from Stay" Until Order on "Motion to Void Pleadings & Sanctions Due to Violation of Bankruptcy Code" is Issued by the Court* [Docket No. 1397] (the "**Reconsideration Motion**"), (iii) *Motion for Stay Order regarding Limited Relief from Stay until Order on Motion to Void Pleadings & Sanctions due to violation of Bankruptcy Code is Issued by the court* [Docket No. 1585] (the "**Amended Sanctions Motion**"), and (iv) *Motion to Remove Mortgage Loan alleged by Kenneth Taggart from Assets of GMAC Mortgage, LLC & Motion to Prove Ownership of Mortgage Assets (Mortgages & Notes) Kenneth Taggart Dispute Asset(s) of GMAC Mortgage, LLC* [Docket No. 1586] (the "**Foreclosure Defense Motion**" and, together with the Sanctions Motion, the Amended Sanctions Motion, and the Reconsideration Motion, the "**Motions**").[1] In support hereof, the Debtors submit the Declaration of Jennifer Scoliard (the "**Scoliard Declaration**"), attached hereto as Exhibit 1, and respectfully represent:

**PRELIMINARY STATEMENT**

1. By this point, the Court is familiar with the many proceedings initiated by Mr. Taggart against the Debtors, their employees, their counsel, Pennsylvania governmental entities, and the United States government. Mr. Taggart's most recent motions represent yet further attempts to forestall Debtor GMAC Mortgage, LLC's ("**GMAC Mortgage**") foreclosure of a three-unit investment property owned by Mr. Taggart and, apparently, to move the foreclosure proceedings to this Court. The first of the motions, the Sanctions Motion (amended

---

[1] A copy of the Sanctions Motion was also included in with the Stay Motion. Although the Debtors and Mr. Taggart had been in contact regarding the originally filed Sanctions Motion, it had not yet been noticed for hearing when Mr. Taggart filed the Reconsideration Motion.

1

ny-1057065

by the Amended Sanctions Motion) was filed on the same day that the Court denied in part and granted in part Mr. Taggart's first relief from stay motion, directed the parties to go back to the State Court (as defined below) to proceed with dispositive motions in the foreclosure proceeding, and informed Mr. Taggart that his postpetition lawsuit against the Debtors was filed in clear violation of the stay. The Reconsideration Motion, filed more recently, stems from Mr. Taggart's concern that the Court's opinion regarding his relief from stay motion did not address perceived prejudice to Mr. Taggart in the State Court foreclosure proceeding. Each of the Motions represent baseless attempts to further delay the State Court foreclosure proceeding and should be denied.[2]

## BACKGROUND

2. On May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b). No trustee has been appointed in these Chapter 11 cases. On July 3, 2012, the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed the Honorable Arthur T. Gonzalez, former Chief Judge of the United States Bankruptcy Court for the Southern District of New York as examiner.

3. On May 16, 2012, the U.S. Trustee appointed a nine member official committee of unsecured creditors (the "**Creditors' Committee**").

---

[2] The Debtors question whether Mr. Taggart has complied with Rule 9011 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**"). Given Mr. Taggart's pro se status, the Debtors have not raised the issue now, but reserve the right to do so with respect to any future pleadings filed by Mr. Taggart.

2

ny-1057065

4. On July 13, 2012, the Court entered the *Final Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108 and Bankruptcy Rule 9019 (i) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (ii) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (iii) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (iv) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses* [Docket No. 774] (the "**Supplemental Servicing Order**").[3]

### A. The Numerous Taggart Filings

5. On June 6, 2012, GMAC Mortgage filed a Notice of Bankruptcy and Effect of Automatic Stay & Interim Order Granting Limited Relief to Borrowers in Foreclosure Proceedings in GMAC Mortgage's state court foreclosure proceeding (the "Foreclosure Proceeding") related to an investment property owned by Mr. Taggart. The Foreclosure Proceeding is pending in the Court of Common Pleas of Montgomery County, Pennsylvania (the "State Court") under the caption GMAC Mortgage, LLC v. Taggart, Case No. 09-25338.

6. On June 8, 2012, Mr. Taggart, appearing *pro se*, filed his *Motion for Leave to File Motion Pursuant Stay & Relief (and Clarification from Bankruptcy Court)* [Docket No. 263] (the "**First Taggart Motion**"), seeking clarification of the application of the automatic stay. In the Foreclosure Proceeding, Mr. Taggart alleges thirty-two (32) counterclaims against

---

[3] The Supplemental Servicing Order replaced the *Supplemental Order for Interim Relief Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses* [Docket No. 391] (the "**Interim Supplemental Servicing Order**").

3

GMAC Mortgage. The First Taggart Motion sought clarification regarding which of Mr. Taggart's counterclaims could proceed in the Foreclosure Proceeding.

7. The Court held a hearing on the First Taggart Motion on July 10, 2012, during which the Court directed the parties to confer and attempt to reach a resolution regarding the First Taggart Motion. In the absence of a consensual resolution, the Court directed the Debtors to file a brief describing which of Mr. Taggart's counterclaims in the Foreclosure Proceeding could proceed under the Supplemental Servicing Order. The Court adjourned the matter to July 24, 2012. The hearing on the First Taggart Motion was subsequently adjourned to the August 14, 2012 omnibus hearing.

8. On July 18, 2012, the State Court entered its *Order Granting Extension of Pending Deadlines Due to Outstanding Bankruptcy Matter*, attached hereto as Exhibit 2, staying any pending deadlines in the Foreclosure Proceeding until further order of the State Court. No such order has yet been entered, although the State Court did hold a case management conference on Friday, September 21, 2012 and GMAC Mortgage expects that a revised case management order may be entered shortly, setting new discovery and dispositive motion deadlines.[4]

9. On July 23, 2012, Mr. Taggart filed his *Motion for Leave to File Motion Pursuant Stay & Relief Oral Argument & Hearing Request* [Docket No. 882] (the "**Second Taggart Motion**"). The Second Taggart Motion sought relief from the automatic stay to pursue two of three pending civil actions brought by Mr. Taggart in the United States District Court for

---

[4] Mr. Taggart did not appear at the case management conference, although he appears to have been aware of the hearing and necessity for a new case management order. Instead of appearing, Mr. Taggart filed a document opposing the entry of a case management order pending the resolution of newly filed motions in this Court. An updated copy of the docket report from the Foreclosure Proceeding, showing Mr. Taggart's filings, is attached hereto as Exhibit 3.

4

ny-1057065

the Eastern District of Pennsylvania,[5] including an action filed on July 18, 2012, in violation of the automatic stay.

11. 10.    Prior to the continued hearing on the First Taggart Motion, the Debtors reached out to Mr. Taggart by telephone and email in an effort to consensually resolve the First Taggart Motion. Despite the Debtors' proposal to permit Mr. Taggart to proceed with all of his counterclaims through dispositive motion practice and attempts to address any other concerns that Mr. Taggart had, the parties were unable to reach a resolution.

11.    On August 14, 2012, the Court held a hearing on the continued First Taggart Motion and the Second Taggart Motion. At the August 14 hearing, Mr. Taggart, with the consent of the Debtors, withdrew the Second Taggart Motion. The Court also took the First Taggart Motion under advisement, issuing its *Memorandum Opinion Granting in Part and Denying in Part the Taggart Motion to Lift the Automatic Stay* [Docket No. 1148] later that day.

12.    Also on August 14, 2012, Mr. Taggart filed his *Motion to Withdraw Document Filed on July 23, 2012 for Motion for Leave to file Motion Pursuant Stay & Relief Oral Argument & Hearing Requested* [Docket No. 1113], the Sanctions Motion, and *Supplemental Brief in Support of "Motion to Clarification of Stay and Relief from Stay"* [Docket No. 1115].

13.    On September 7, 2012, the Court entered its *Order Granting in Part and Denying in Part the Taggart Motion to Lift the Automatic Stay* (the "**Taggart Order**") [Docket No. 1367]. Pursuant to the Taggart Order, Mr. Taggart may proceed with all of his

---

[5] Mr. Taggart's motion did not address the third federal court action, captioned Taggart v. Court of Common Pleas of Montgomery County – State of Pennsylvania, Case No. 12-cv-01913-WD, which names the Montgomery County Court of Common Pleas and the Prothonotary of Montgomery County as defendants, with GMAC Mortgage named as a third-party defendant.

5

counterclaims in the Foreclosure Proceeding through dispositive motion practice, and may seek any needed extension of the discovery period in that proceeding.

14. On September 10, 2012, Mr. Taggart filed the Reconsideration Motion, including with the Reconsideration Motion an additional copy of the Sanctions Motion.

15. On September 11, 2012, Mr. Taggart filed in the Foreclosure Proceeding a similar "*Motion for Stay" Pending ruling on "Motion to Void Pleadings & Sanctions" Pending in United States Bankruptcy Court & Motion for Summary Judgment against GMAC Mortgage, LLC*, attached hereto as Exhibit 4.

16. On September 26, 2012, Mr. Taggart filed the Amended Sanctions Motion, the Foreclosure Defense Motion, and his *Memorandum of Law in Support of Motions* [Docket No. 1587]. In these Motions, Mr. Taggart alleges that the Debtors failure to file a notice of bankruptcy in two unstayed appeals constituted a violation of the automatic stay. Based upon these alleged violations of the automatic stay, Mr. Taggart requests, once again, that this Court assess sanctions against the Debtors and void all pleadings in the two appeals. Additionally, in the Foreclosure Defense Motion, Mr. Taggart requests that this Court render decisions regarding defenses to GMAC Mortgage's foreclosure by determining that GMAC Mortgage lacks an interest in the mortgage or note related to Mr. Taggart's investment property at 521 Cowpath Rd, Telford, PA 18969.

**OBJECTION**

17. Mr. Taggart's request for sanctions and his attempt to obtain an order "voiding" all pleadings in the Foreclosure Proceeding and appeals since the Petition Date are baseless. Further it is unclear from the Motions how Mr. Taggart could have actually been, or

6

ny-1057065

could believe he has been prejudiced in the Foreclosure Proceedings or by the Taggart Order.[6] Leaving aside these deficiencies, each of these Motions should be denied. Likewise, the Foreclosure Defense Motion seeks relief properly raised before the State Court. Accordingly, the Foreclosure Defense Motion should also be denied.

18. The Taggart Order removed any barriers to Mr. Taggart's ability to move forward with all of his counterclaims in the Foreclosure Proceeding through dispositive motion practice. As a result, there can be no suggestion that the Debtors will be violating the stay or prejudicing Mr. Taggart in any way. Nonetheless, despite the fact that every pending claim in the Foreclosure Proceeding can move forward, Mr. Taggart, in an apparent effort to delay the proceeding, seeks to have this Court deem pleadings filed postpetition in the State Court "void." Moreover, Mr. Taggart seeks sanctions against GMAC Mortgage because he claims he had to further defend several briefs and motions filed in violation of the automatic stay in the Foreclosure Proceeding – an allegation, as described below, wholly lacking in merit.

### A. The Allegations in the Foreclosure Defense Motion Must be Heard in the State Court

19. The Taggart Order directed:

> The automatic stay of Bankruptcy Code section 362 is modified for the limited purpose of permitting the Foreclosure Proceeding to proceed through resolution of dispositive motion practice, by which the state court in the Foreclosure Proceeding will determine the viability of Taggart's alleged defenses to foreclosure, and resolution of any appeals of the state court's order in connection therewith.

Taggart Order ¶ 2. As indicated above, Mr. Taggart is therefore permitted to raise any defenses to GMAC Mortgage's foreclosure in the Foreclosure Proceeding, as well as prosecute all of the

---

[6] Moreover, to the extent that the relief sought by Mr. Taggart includes one or more requests for a declaratory judgment regarding the obligations and assets of GMAC Mortgage, this relief must be sought by adversary proceeding. See Fed. R. Bankr. P. 7001.

counterclaims that he has alleged in the Foreclosure Proceeding for purposes of dispositive motion practice.

20. Instead of taking heed of this Court's order and returning to the State Court to pursue any available defenses, Mr. Taggart continues to file as many lawsuits, appeals, and motions as he can, regardless of the appropriate forum, in an apparent effort to delay and obstruct the Foreclosure Proceeding. The Foreclosure Defense Motion raises nothing more than state law foreclosure defense allegations appropriately raised in the Foreclosure Proceeding. Mr. Taggart has had ample opportunity throughout the three year Foreclosure Proceeding to raise any and all appropriate foreclosure defenses. He should not be permitted to seek to have his state court claims adjudicated in this Court where appropriate relief from the automatic stay has been granted.

 B. **Mr. Taggart Has Not Been Prejudiced in the Foreclosure Proceeding or in the Interlocutory Appeals he has Taken**

  1. **Nearly All of GMAC Mortgage's Postpetition Filings in the Foreclosure Proceeding Were Responsive to Relief Sought by Mr. Taggart**

21. To the extent that Mr. Taggart argues that the Debtors violated the automatic stay in the Foreclosure Proceeding, the Debtors submit that he is simply incorrect. After entry of the State Court's July 18, 2012 order staying all deadlines in the Foreclosure Proceeding pending the outcome of the First Taggart Motion[7], GMAC Mortgage ceased any efforts to move the Foreclosure Proceeding forward until recently seeking a new scheduling order, as noted below. In fact, despite Mr. Taggart's allegation that he has been required to "defend several briefs & motions that were filed in violation of the Stay and Bankruptcy rules and laws" since the Petition Date, the only affirmative relief sought in the Foreclosure

---

[7] This order was agreed upon by GMAC Mortgage at Mr. Taggart's request.

Proceeding since the Petition Date (until recently when the GMAC Mortgage requested that the State Court enter a revised scheduling order) was the relief sought by Mr. Taggart. Specifically, since the Petition Date, Mr. Taggart has filed motions to extend the discovery deadline, to compel discovery, to stay the Foreclosure Proceeding, and, after the Taggart Order was issued, two additional motions to stay the Foreclosure Proceeding, with one also requesting summary judgment. Conversely, with the exception of its notice of bankruptcy and recent scheduling order request, GMAC Mortgage's filings were responsive to the motions filed by Mr. Taggart. See Exhibit 3 (showing GMAC Mortgage filed only (i) an objection to third-party discovery (Docket No. 268), (ii) a notice of bankruptcy (Docket No. 281) and (iii) a response and related brief related to Mr. Taggart's motion to compel discovery and extend the discovery deadline (Docket Nos. 291 & 294).

> **2.   Mr. Taggart Had Ample Ability to Assert Application of the Automatic Stay in the Unstayed Appeals**

22.   On September 26, 2012, Mr. Taggart filed the Amended Sanctions Motion, now also claiming that the Debtors violated the automatic stay by failing to file notices of the pending bankruptcy in those appeals. Each of the appeals referenced falls squarely within the scope of the stay relief provided in the Supplemental Servicing Order and were not stayed. While Mr. Taggart would like to suggest that the Debtors are attempting to use the automatic stay as a sword and a shield, Mr. Taggart's actions leave no doubt that it is he who is in fact trying to use the automatic stay as both a shield and a sword. Mr. Taggart has continued to file motions in the Foreclosure Proceeding and take appeals from the resulting orders and, upon obtaining a negative outcome, has come back to this Court requesting that the associated pleadings and orders be voided.

9

ny-1057065

23.     The first appeal referenced in the Amended Sanctions Motion (the "**MTD Appeal**") relates to an appeal of the State Court's denial of Mr. Taggart's motion to dismiss GMAC Mortgage's affirmative foreclosure case for what Mr. Taggart alleged to be fraud on the Court.  As indicated in the docket report attached as Exhibit B to the Amended Sanctions Motion, on July 11, 2012, the Pennsylvania Superior Court, *sua sponte* issued an order to show cause why the MTD Appeal should not be dismissed for lack of jurisdiction because the denial of Mr. Taggart's motion to dismiss was not a final, appealable order.  Mr. Taggart complains that GMAC Mortgage violated the automatic stay by not filing a notice of bankruptcy in the MTD Appeal.

24.     The MTD Appeal falls clearly within the scope of the Supplemental Servicing Order, because it is an appeal of the State Court's order refusing to dismiss the Debtors' affirmative claim for foreclosure.  See Supplemental Servicing Order ¶ 14(a).  Accordingly, it is clear that the MTD Appeal was not stayed as a result of entry of the Supplemental Servicing Order, the Superior Court's *sua sponte* actions were appropriate, and Mr. Taggart's forum shopping by filing an Amended Sanctions Motion in this Court is simply a façade to request this Court to undo events adverse to Mr. Taggart in the MTD Appeal.[8]

25.     Mr. Taggart's allegations regarding the second appeal referenced in the Amended Sanctions Motion (the "**Receiver Appeal**") equally lack merit.  Receiver Appeal involves an appeal of an order of the State Court confirming GMAC Mortgage's right, under the mortgage documents, to seek appointment of a receiver.  A notice of the Receiver Appeal was filed on June 4, 2012, the same date on which Mr. Taggart sought a stay of the Foreclosure Proceeding.  See Exhibit 3.  Given Mr. Taggart's knowledge of the bankruptcy and continued

---

[8] Additionally, Mr. Taggart informed the appellate court of GMAC Mortgage's bankruptcy filing in his July 20, 2012 response to the court's order to show cause.  See Exhibit 5, attached hereto.

ny-1057065

filing of motions and appeals, Mr. Taggart cannot be heard to complain of a stay violation by the Debtors; and moreover, as an issue directly relating to the allegations of default on a loan secured by the property being foreclosed, the issues raised in the Receiver Appeal were not stayed under the terms of the Interim Supplemental Servicing Order or Supplemental Servicing Order.  See Interim Supplemental Servicing Order ¶ 12(a); Supplemental Servicing Order ¶ 14(a).  Indeed, Mr. Taggart forged on, seeking an extension of the time to file a response to GMAC Mortgage's request to quash the appeal.[9]  Only upon filing his opposition to the request to quash the appeal and faced with the imminent potential that the Superior Court will quash his appeal and the Foreclosure Proceeding will move forward as Mr. Taggart indicated he desired in the First Taggart Motion – did Mr. Taggart finally raise concerns that the Receiver Appeal should be stayed.

26. In each case, Mr. Taggart's actions clearly show that he understood and believed that the appeals of the State Court's orders related directly to GMAC Mortgage's affirmative foreclosure case and could proceed under the Supplemental Servicing Order. Nevertheless, despite Mr. Taggart's alleged defenses to foreclosure, and in an effort to delay the Foreclosure Proceeding, Mr. Taggart now raises further frivolous arguments that appeals he took and continued to prosecute long after his appearance before this Court should be stayed, all filings voided, and GMAC Mortgage should be sanctioned.  These allegations clearly lack merit and the Sanctions Motion and Amended Sanction Motion should be denied.

---

[9] Pennsylvania law permits an interlocutory appeal of an order "confirming, modifying or dissolving" a receiver. Pa.R.A.P. No. 311(a)(2). However, because the State Court's order simply affirmed GMAC Mortgage's right, under the mortgage documents, to seek appointment of a receiver upon further motion – and did not actually confirm or appoint a receiver – GMAC Mortgage has taken the position that the Receiver Appeal is premature and has moved to quash the Receiver Appeal . See *Application to Quash Appeal for Lack of Jurisdiction*, Case No. 1972 EDA 2012 (Pa. Sup. Ct. Aug. 3, 2012), attached hereto as Exhibit 6.

11

ny-1057065

### 3.  GMAC Mortgage has Indicated that it Would Agree to an Extension of Discovery

27. Although the Sanctions Motion does not raise any issues related to discovery in the Foreclosure Proceeding, Mr. Taggart has indicated previously that he believes he was prejudiced by his inability to obtain discovery as a result of the automatic stay.[10] In order to address Mr. Taggart's concerns regarding any conceivable prejudice resulting from the imposition of the automatic stay, and although it originally opposed a formal extension in conjunction with opposing Mr. Taggart' motion to compel discovery on matters arguably beyond the scope of the Foreclosure Proceeding, GMAC Mortgage advised Mr. Taggart that it would provide supplemental discovery responses, and GMAC Mortgage has since indicated on at least two occasions that it would not oppose a brief extension of the discovery period.

28. In a status update letter sent to the State Court (with a copy to Mr. Taggart), dated August 21, 2012, and attached hereto as Exhibit 7, GMAC Mortgage informed the State Court of this Court's memorandum opinion granting in part and denying in part the First Taggart Motion, informed the State Court that an order consistent with the opinion would be submitted by Debtors' counsel, and requested that the discovery deadline be extended to October 15, 2012.  See Exhibit [7].  Likewise, on September 7, 2012, GMAC Mortgage again submitted a letter to the State Court judge (again copying Mr. Taggart), informing the judge of the entry of the Taggart Order, requesting a status conference, and once again indicating that GMAC Mortgage would produce certain supplemental discovery to Mr. Taggart and would "not

---

[10] Despite the fact that discovery had been ongoing throughout the three year litigation, Mr. Taggart apparently believed that he was prevented from seeking any discovery during the short period between the filing of the Debtors' notice of bankruptcy and the end of the discovery period.  Mr. Taggart has expressed concern that he was prejudiced by his inability to take discovery during this brief period.

oppose a brief extension of time so that both parties may complete limited appropriate discovery." A copy of the September 7 letter is attached hereto as Exhibit 8.[11]

29.     Based upon the foregoing, the Debtors believe that GMAC Mortgage has done everything within its power to address any concerns Mr. Taggart may have had that he was prejudiced in seeking discovery in the State Court as a result of the automatic stay, and Mr. Taggart should not be heard to complain that he will be negatively impacted in any manner. It is plain from Mr. Taggart's filings and forum shopping that his most recent motions in this Court are yet another tactic by Mr. Taggart to delay the Foreclosure Proceeding.

### C.     The Reconsideration Motion Must be Denied

30.     The Reconsideration Motion appears to seek reconsideration of the Taggart Order. This Court has determined that pursuant to Bankruptcy Rule 9023, "[a] court may reconsider an earlier decision when a party can point to 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" In re Miller, 2008 Bankr. LEXIS 3631, at *3, Case No. 07-13481 (MG) (Bankr. S.D.N.Y. Feb. 28, 2008) (citing Marrero Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004)). "Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Key Mech., Inc. v. BDC 56 LLC (In re BDC 56 LLC), 330 F.3d 111, 123 (2d Cir. 2003) (internal quotations and citation omitted). A motion for reconsideration may not be used "to enable a party to complete presenting his case after the court has ruled against him." Frietsch v. Refco, Inc., 56 F.3d 825, 828 (7th Cir. 1995).

---

[11] Similarly, the Taggart Order, at the Debtors' request, includes a provision ensuring that Mr. Taggart would not be prevented from seeking any appropriate extension to any discovery deadline in the Foreclosure Proceeding. Taggart Order ¶ 2.

31.     Here, Mr. Taggart's sparse Reconsideration Motion does not provide a single reference to controlling law, nor does the Reconsideration Motion point to any new evidence.  Instead, Mr. Taggart simply contends that he will somehow be prejudiced by the very same relief he previously requested – the ability to move forward with all of his counterclaims in the Foreclosure Proceeding.  Likewise, for the reasons stated above, there is no indication that the Court made "a clear error," or that any injustice would occur from permitting Mr. Taggart to prosecute all of his counterclaims.  The Debtors have made every effort to ensure that such prejudice would not occur, including by agreeing to permit Mr. Taggart to go forward with all of his counterclaims through dispositive motions and requesting an extension of the discovery deadline in the Foreclosure Proceeding.  Mr. Taggart's tactics to thwart the Foreclosure Proceeding and forestall the foreclosure of his investment property should not be permitted, nor should Mr. Taggart's continued filing of frivolous motions.  Instead each of the Motions should be denied.

## CONCLUSION

32.     Based on the foregoing, the Debtors respectfully submit that Mr. Taggart has provided no basis for sanctions, to void any pleadings in the Foreclosure Proceeding, or to revisit the Taggart Order.  As such, the Court should deny the Motions.

ny-1057065

WHEREFORE, for the foregoing reasons, the Debtors request that the Court enter an Order denying the Motions and grant such other relief as the Court deems proper.

New York, New York  /s/ Norman S. Rosenbaum
Dated: October 3, 2012  Gary S. Lee
Norman S. Rosenbaum
James A. Newton
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel to the Debtors and
Debtors in Possession*