# **EXHIBIT 6**

**GMAC Mortgage's Application to Quash**

**REED SMITH LLP**
Diane A. Bettino, Esq. (Id. No. 64111)
Maria T. Guerin, Esq. (Id. No. 207378)
1650 Market Street
2500 One Liberty Place
Philadelphia, PA 19103
215-851-8100

*Attorneys for Plaintiff*
*GMAC Mortgage, LLC*

| | |
|---|---|
| **KENNETH J. TAGGART** | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant, | |
| v. | Sup. Ct. No. 1972 EDA 2012 |
| **GMAC MORTGAGE, LLC,** *et al.* | Ct. Com. Pleas. No. 2009-25338 |
| Appellee | |

## APPLICATION TO QUASH APPEAL FOR LACK OF JURISDICTION

Appellee GMAC, LLC ("Apellee" or "GMAC"), by and through its counsel, Reed Smith LLP, hereby submits this objection pursuant to Pa.R.A.P. 741 and 1972(a)(3) to this Honorable Court's jurisdiction over the present interlocutory appeal filed by Appellant Kenneth Taggart ("Appellant" or "Taggart").

### I. BACKGROUND

1. Kenneth Taggart, defendant in this foreclosure action, filed the instant appeal contesting the Trial Court's May 31, 2012 interlocutory order ("Order") which granted Plaintiff's motion to appoint a receiver in the underlying matter.

2. Specifically, the Order provided that "[a] Receiver will be appointed by the Court upon the filing of a further Motion by the Plaintiff with respect to the property located at 521 Cowpath Road, Telford, PA 18969[.]"

## II. ARGUMENT

3. GMAC incorporates by reference the foregoing paragraphs.

4. It is well-settled that an appeal will lie only from a final order unless otherwise permitted by rule or statute. *See* Pa.R.A.P. Nos. 341(a); 311(a); and *Fried v. Fried*, 501 A.2d. 211, 212-13 (Pa. 1985). However, the Trial Court's Order is not a "final order" pursuant to Pa.R.A.P. No. 341.

5. Moreover, the Order does not confirm, modify or dissolve, or refuse to confirm, modify or dissolve an attachment proceeding or similar matter affecting the possession or control or property and, therefore, the Trial Court's Order is not an interlocutory order appealable as of right pursuant to Pa.R.A.P. No. 311(a) (2).

6. Further, Taggart did not request permission to file an interlocutory appeal and, therefore, an appeal pursuant to Pa.R.A.P. No. 312 is not authorized.

7. Therefore, this Honorable Court is without jurisdiction over Taggart's appeal and the appeal must be quashed.

### A. The Trial Court's Order Is Not A Final Order

8. GMAC incorporates by reference the foregoing paragraphs.

9. "[A]n appeal may be taken as of right from any final order of an administrative agency or lower court." Pa.R.A.P. No. 341(a). "A final order is any order that: (1) disposes of all claims and of all parties; or (2) is expressly defined as a final order by statute; or (3) is entered as a final order pursuant to subdivision (c) of this rule." Pa.R.A.P. No. 341(b).

10. At bar, the Trial Court's Order did not dispose of all claims of all parties; and the Order is not defined by statute as final. Further, there was no determination of finality made by the trial court. "In the absence of such a determination and entry of a final order, any order or

other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order." Pa.R.A.P. No. 341(c).

11.   Accordingly, the Trial Court's Order is not a final order appealable as of right pursuant to Pa.R.A.P. No. 341.

**B.   The Trial Court's Order Is Not An Interlocutory Order Appealable as of Right Nor By Permission**

12.   GMAC incorporates by reference the foregoing paragraphs.

13.   The Rules of Appellate Procedure clearly state that only certain interlocutory orders may be appealed as of right, and the Trial Court's Order is not an interlocutory order appealable as of right pursuant to Pa.R.A.P. No. 311.

14.   Moreover, Rules 1301-1323 lay out a clear procedure for seeking court permission to appeal an interlocutory order, pursuant to Pa.R.A.P. 312. Appellant has not completed any of the steps in this process, nor did he seek permission within the 30-day deadline mandated in Pa. R.A.P. 1301.

15.   Given that this appeal was filed without permission, Appellant may only proceed if his appeal is authorized as of right. There are, however, only a limited group of interlocutory orders that may be appealed as of right under the Rules of Appellate Procedure. See Pa.R.A.P. 311.

16.   Although Appellant cites to Rule 311(a)(2), this provision only allows for an interlocutory appeal of an "order confirming, modifying or dissolving or refusing to confirm, modify or dissolve an attachment, custodianship, receivership or similar matter affecting the possession or control of property . . . " Pa.R.C.P. 311(a)(2).

17.   This provision, however, is simply not applicable in this case.

18.     While the Order appealed involves the potential appointment of a receiver, it does *not* itself confirm, modify, or dissolve a receivership.

19.     Rather, the Order determined that Plaintiff was entitled to the relief, and that the relief could be appointed, "upon the filing of a further Motion by the Plaintiff."

20.     Plaintiff has not filed any further motion or filing to secure an appointment of a specific receiver and there has been no change to or affect on Defendant's possession or control of the property.

21.     Accordingly, this appeal should be quashed because it does not confirm, modify or dissolve a receivership, nor has it similarly affected the possession or control of property. Indeed, there has been no affect on the possession or control of the property. *See Rappaport v. Stein*, 520 A.2d 480, 484-85 (Pa. Super. Ct. 1987) (quashing the appeal for lack of jurisdiction as the order at issue did "not constitute the appointment of a receiver nor does it presently affect the possession or control of the properties.")

22.     The exception set forth in Rule 311(a)(2) does not apply to permit this interlocutory order appealed as of right.

### III.    CONCLUSION

23.     For the foregoing reasons, Appellee respectfully requests that this Honorable Court quash the appeal for lack of jurisdiction.

- 5 -

Respectfully submitted,

By: /s/ *Maria T. Guerin*
 Dianne Bettino
 Maria T. Guerin
 **REED SMITH LLP**
 2500 One Liberty Place
 1650 Market Street
 Philadelphia, PA 19103

Dated: August 3, 2012

*Attorneys for Plaintiff*
*GMAC Mortgage, LLC*

# SUPERIOR COURT
# OF PENNSYLVANIA

KENNETH J. TAGGART
　　　　　　　　　　*Appellant*

v.　　　　　　　　　　　　　　　　　Docket Number: 1972  EDA  2012

GMAC MORTGAGE, LLC, et al.
　　　　　　　　　　*Appellee*

## Proof of Service

I hereby certify that I am this __3rd__ day of __August__, __2012__ serving the foregoing document upon the persons and in the manner indicated below, which service satisfies the requirements of Pa. R.A.P. 121:

**Party Represented:**
Pro Se Appellant

**Name:** **Kenneth J. Taggart**
**Address:** 45 Heron Road
Holland, PA 18966

**Phone:**

**Service By:**
- ● First Class Mail
- ○ Service In Person
- ○ Commercial Carrier
- ○ Facsimile (FAX)
- ○ Email

**Mail Address:** (If Different from Above)
**Address:** (If Different from Above)
**Carrier Name:**
**FAX Number:**
**Email Address:**

**Date:** Aug 3, 2012

*Signature:* /s/ Maria T. Guerin

**Email:** mguerin@reedsmith.com

Maria T. Guerin
*Type/Print Name*

**Phone:** 215-851-8100

**Attorney ID Number:** 207378
**Firm Name:** Reed Smith LLP
**Address:** 1650 Market Street
2500 One Liberty Place
Philadelphia, PA 19103

SUPERIOR COURT
OF PENNSYLVANIA

KENNETH J. TAGGART

          *Appellant*

v.

GMAC MORTGAGE, LLC, et al.

          *Appellee*

Docket Number: 1972 EDA 2012

## Proof of Service

I hereby certify that I am this __3rd__ day of __August__, __2012__ serving the foregoing document upon the persons and in the manner indicated below, which service satisfies the requirements of Pa. R.A.P. 121:

**Party Represented:** Counsel for Eagle Nationwide

**Name:** W. Christian Moffitt, Esq.
**Address:** Fox Rothschild LLP
10 Sentry Parkway, Suite 200
Blue Bell, PA 19422
**Phone:**

**Service By:**
- (•) First Class Mail
- ( ) Service In Person
- ( ) Commercial Carrier
- ( ) Facsimile (FAX)
- ( ) Email

**Mail Address:** *If Different from Above*
**Address:** *If Different from Above*
**Carrier Name:**
**FAX Number:**
**Email Address:**

**Date:** Aug 3, 2012

**Signature:** /s/ Maria Guerin

**Email:** mguerin@reedsmith.com

Maria T. Guerin
*Type/Print Name*

**Phone:** 215-851-8100

**Attorney ID Number:** 207378
**Firm Name:** Reed Smith LLP
**Address:** 1650 Market Street
2500 One Liberty Place
Philadelphia, PA 19103