# **EXHIBIT 7**

**August 21, 2012 Status Update to the State Court**



Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103-7301
+1 215 851 8100
Fax +1 215 851 1420
reedsmith.com

**Maria T. Guerin**
Direct Phone: +1 215 241 7984
Email: mguerin@reedsmith.com

August 21, 2012

<u>**VIA FACSIMILE – (610) 278-5192**</u>

The Honorable Arthur R. Tilson
Montgomery County Court House
2 East Airy Street
PO Box 311
Norristown, PA 19404-0311

Re: <u>**GMAC Mortgage, LLC v. Taggart v. Eagle Nationwide, et al., No: 09-25338**</u>

Dear Judge Tilson:

Pursuant to the Order issued on July 17, 2012, Plaintiff's counsel writes to update this Court with regard to proceedings in the matter of *In re: Residential Capital, LLC, et al.*, pending in the U.S. Bankruptcy Court for the Southern District of New York, 12-12020 (MG). Following the Bankruptcy Court hearing on August 14, 2012, Judge Glenn entered a Memorandum Opinion ("Opinion") which granted in part and denied in part Mr. Taggart's Motion To Lift The Automatic Stay ("Motion"). The Court partially granted Mr. Taggart's Motion and lifted the automatic stay solely to permit the state court to determine, on motions for summary judgment, which of Taggart's counterclaims may be asserted as defenses to foreclosure under applicable Pennsylvania law. However, Mr. Taggart's Motion was denied to the extent that he seeks affirmative damages from the Debtors. A copy of the Opinion is attached. An Order consistent with the Opinion is to be submitted by counsel for the Debtors.

Mr. Taggart has expressed to counsel for the Debtors that because of the automatic stay, he did not receive the benefit of the complete discovery period in this matter. Plaintiff's counsel does not oppose a brief extension of time so that both of the parties may complete the discovery that they need for this case. Accordingly, Plaintiff's counsel requests a case management order be entered setting a discovery close date of October 15 and a deadline of October 31 for dispositive motions.

Respectfully,

*/s/ Maria T. Guerin/bas*

Maria T. Guerin
Diane A. Bettino

MTG/bas

NEW YORK ♦ LONDON ♦ HONG KONG ♦ CHICAGO ♦ WASHINGTON, D.C. ♦ BEIJING ♦ PARIS ♦ LOS ANGELES ♦ SAN FRANCISCO ♦ PHILADELPHIA ♦ SHANGHAI ♦ PITTSBURGH
MUNICH ♦ ABU DHABI ♦ PRINCETON ♦ NORTHERN VIRGINIA ♦ WILMINGTON ♦ SILICON VALLEY ♦ DUBAI ♦ CENTURY CITY ♦ RICHMOND ♦ GREECE

US_ACTIVE-110373166.1 8/21/12 11:22 AM

ReedSmith

August 21, 2012
Page 2

cc:  Kenneth Taggart (via facsimile (215-396-4977) and electronic mail)
     Christian Moffit, Esq. (via facsimile (610-397-0450) and electronic mail)

| | BROADCAST STATUS REPORT | |
|---|---|---|

```
TIME   : 08/21/2012 12:08
NAME   : REED SMITH 27S
FAX#   : 2158511420
TEL#   :
SER.#  : 000006020323
```

| PAGE(S) | 19 |
|---|---|

| DATE | TIME | FAX NO./NAME | DURATION | PAGE(S) | RESULT | COMMENT |
|---|---|---|---|---|---|---|
| 08/21 | 11:49 | 916102785192 | 03:48 | 19 | OK | ECM |
| 08/21 | 11:55 | 916103970450 | 07:59 | 19 | OK | |
| ***** | ***** | 912153964977 | 00 | 00 | CANCEL | |

```
BUSY: BUSY/NO RESPONSE
NG  : POOR LINE CONDITION
CV  : COVER SHEET
PC  : PC-FAX
```

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK | NOT FOR PUBLICATION |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, *et al.*<br><br>Debtors. | Case No. 12-12020 (MG)<br><br>Jointly Administered |

### MEMORANDUM OPINION GRANTING IN PART AND DENYING IN PART THE TAGGART MOTION TO LIFT THE AUTOMATIC STAY

*A P P E A R A N C E S:*

KENNETH J. TAGGART
*Pro Se*
45 Heron Road
Post Office Box 730
Holland, Pennsylvania 18966
By:   Kenneth J. Taggart

MORRISON & FOERSTER LLP
*Counsel for the Debtors*
1290 Avenue of the Americas
New York, New York 10104
By:   Norman S. Rosenbaum, Esq.

**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

Kenneth J. Taggart ("Taggart") filed a *Motion for Leave to File Motion Pursuant to Stay & Relief (and Clarification from Bankruptcy Court)* (ECF Doc. # 263) on June 8, 2012 (the "Motion"). The Debtors opposed the Motion. (ECF Doc. # 682.) The Motion initially came on for hearing on July 10, 2012 (the "July 10 Hearing"), but after hearing argument, the Court adjourned the hearing, urging the parties to try consensually to resolve the issues. In the event the matter was not resolved, the Court requested supplemental briefing concerning which of Taggart's counterclaims could proceed as defenses to foreclosure under Pennsylvania law. *See*

Transcript of Hearing at 44-45, Case No. 12-12020 (MG) (Bankr. S.D.N.Y. July 10, 2012). The parties were unable to resolve the issues and the Motion came back for hearing on August 14, 2012. The Debtors filed a supplemental brief with various attachments (including a memorandum of law by Pennsylvania counsel for debtor GMAC Mortgage, LLC ("GMAC Mortgage")) addressing the issues raised by the Court during the July 10 Hearing.

For the reasons explained below, the Court grants the Taggart Motion in part and denies it in part. The stay is lifted to permit the state court to determine which of Taggart's counterclaims may be asserted as defenses to foreclosure under applicable Pennsylvania law. Absent further stay relief, however, Taggart may not proceed with his counterclaims to the extent he seeks affirmative damages relief from the Debtors.

## I.    BACKGROUND

Taggart seeks "clarification" regarding which of the counts contained in his counterclaim pleading (the "Taggart Counterclaim Pleading") filed against Debtor GMAC Mortgage can proceed in a state court foreclosure action initiated by GMAC Mortgage and captioned *GMAC Mortgage, LLC v. Taggart*, Case No. 09-25338 (Mont. Cty. C.C.P. 2009) (the "Foreclosure Proceeding"). The Taggart Counterclaim Pleading alleges thirty-two counterclaims against GMAC Mortgage including, *inter alia*, claims for: (i) alleged violations of the Real Estate Settlement and Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et. seq.,* and related regulations, 24 C.F.R. § 350; (ii) alleged violations of the Truth-in-Lending Act ("TILA"), 15 U.S.C. § 1601, *et. seq.*; (iii) alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et. seq.*; (iv) alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et. seq.*; (v) the Pennsylvania Unfair Trade Practice and Consumer Protection Act, 73 P.S. § 201-1, *et.*

*seq.*; (vi) Regulation Z, 12 C.F.R. § 226.18(g), (h); (vii) Quiet Title, (viii) alleged violations of the Fair Credit Extension Uniform Act, 73 P.S. § 2270.1, *et. seq.*; (ix) alleged violations of the Mortgage Property Insurance Coverage Act, 7 P.S. § 6701, *et. seq.* (the "Insurance Claim"); and (x) alleged violations of Taggart's First and Fourteenth Amendment rights of freedom of expression and due process.

On June 6, 2012, the Debtors filed in the Foreclosure Proceeding a *Notice of Bankruptcy and Effect of Automatic Stay & Interim Order Granting Limited Relief to Borrowers in Foreclosure Proceedings* ("Notice of Bankruptcy"). In the Notice of Bankruptcy, the Debtors indicated their position that each of Taggart's counterclaims, with the exception of the Insurance Claim, was stayed under this Court's *Supplemental Order for Interim Relief Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses* (the "Interim Supplemental Servicing Order"). (ECF Doc. # 391.)

On June 11, 2012, Taggart filed in the Foreclosure Proceeding his *Amended "Motion for Stay" Pursuant to Bankruptcy of GMAC Mortgage, LLC* (the "Motion for Stay") seeking to stay the entire Foreclosure Proceeding until this Court clarified the Interim Supplemental Servicing Order. On June 15, 2012, the state court presiding over the Foreclosure Proceeding entered an order summarily denying Taggart's Motion for Stay.