*Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1286 (2d Cir. 1990); *In re N.Y. Med. Grp., PC*, 265 B.R. 408, 413 (Bankr. S.D.N.Y. 2001). Not all of the *Sonnax* Factors are relevant in every case, and "cause" is a broad and flexible concept that must be determined on a case-by-case basis. *Spencer v. Bogdanovich (In re Bogdanovich)*, 292 F.3d 104, 110 (2d Cir. 2002) (citing *Mazzeo v. Lenhart (In re Mazzeo)*, 167 F.3d 139, 143 (2d Cir. 1999)).

In a request for stay relief, the moving party bears the initial burden to demonstrate that "cause" exists to lift the stay. *See Sonnax*, 907 F.2d at 1285; *Capital Comm. Fed. Credit Union v. Boodrow (In re Boodrow)*, 126 F.3d 43, 48 (2d Cir. 1997) ("We have emphasized that a bankruptcy court should deny relief from the stay if the movant fails to make an initial showing of cause.") (internal quotation marks omitted).

If the movant is an unsecured creditor, the policies of the automatic stay weigh against granting the relief requested. "[T]he general rule is that claims that are not viewed as secured in the context of § 362(d)(1) should not be granted relief from the stay unless extraordinary circumstances are established to justify such relief." *In re Leibowitz*, 147 B.R. 341, 345 (Bankr. S.D.N.Y. 1992); *see also Lawrence v. Motors Liquidation Co. (In re Motors Liquidation Co.)*, No. 10 Civ. 36 (RJH), 2010 WL 4966018, at *4 (S.D.N.Y. Nov. 17, 2010).

Under section 362(d)(1), Taggart bears the initial burden of showing "cause" to lift the stay. *In re Mazzeo*, 167 F.3d at 142. "If the movant fails to make an initial showing of cause, however, the court should deny relief without requiring any showing from the debtor that it is entitled to continued protection." *In re Sonnax*, 907 F.2d at 1285. Not all of the *Sonnax* Factors apply in Taggart's case, but the relevant *Sonnax* Factors weigh strongly in favor of maintaining the automatic stay.

11

*1. Relief Might Not Result in a Partial or Complete Resolution of the Issues (Sonnax Factor No. 1)*

While relief may eventually result in partial or complete resolution of the issue at hand, the resolution may not be immediate. Prior to the bankruptcy filing, Taggart's litigation was in its early stages. Motion practice addressed to the pleadings, discovery, trial preparation and, absent a settlement, trial all remain to be done. Therefore, the first *Sonnax* Factor weighs against lifting the stay.

*2. Lifting the Automatic Stay Is Connected to and Will Interfere with the Debtors' Chapter 11 Cases (Sonnax Factor No. 2)*

Lifting the stay to the extent requested by Taggart would allow him to proceed with his claims for damages against the Debtors, open the floodgates for other movants seeking stay relief, and force the Debtors to litigate in other courts. Such litigation in non-bankruptcy courts would hinder the Debtors' attempts to reorganize by forcing the Debtors to utilize time and resources that would otherwise be spent in resolution of these chapter 11 cases. Accordingly, the second *Sonnax* factor does not support relief from the stay; lifting the stay will interfere with the Debtors' chapter 11 cases.

*3. The Other Proceeding Does Not Involve the Debtors as Fiduciaries (Sonnax Factor No. 3)*

Taggart does not assert that the Debtors are liable as fiduciaries. Even if he did, however, that alone would not be a basis for lifting the stay in this matter. "[G]enerally, proceedings in which the debtor is a fiduciary . . . need not be stayed because they bear no relationship to the purpose of the automatic stay, which is debtor protection from his creditors." *In re Curtis*, 40 B.R. 795, 799 (Bankr. D. Utah 1984) (internal citation omitted). The Motion did not include any evidentiary showing that GMAC Mortgage was acting as a fiduciary. Therefore, the third *Sonnax* Factor weighs against lifting the stay.

12

*4. The State Court Hearing the Foreclosure Action Is Best Situated to Address State Law Defenses to Foreclosure (Sonnax Factor No. 4)*

With respect to the fourth *Sonnax* Factor, the pendency of the state court foreclosure action in which GMAC Mortgage is seeking relief supports lifting the stay to the extent that Taggart's counterclaims are properly asserted as defenses to foreclosure. In proposing to partially lift the automatic stay, the Debtors essentially agree with this position. While this Court may interpret and apply state law in resolving claims through the bankruptcy process, *see, e.g., In re Bally Total Fitness of Greater N.Y., Inc.*, 402 B.R. 616, 624 (Bankr. S.D.N.Y. 2009) ("This Court has significant experience in applying state law . . . ."), a defendant in a state court action brought by the Debtors should be able to assert defenses to the relief sought by the Debtors. The state court is in the best position to determine whether a counterclaim is properly asserted as a defense to the foreclosure claim under applicable state law. Accordingly, the fourth *Sonnax* Factor weighs in favor of granting relief from the automatic stay to the extent provided herein.

*5. No Insurer Has Assumed Responsibility for the Action (Sonnax Factor No. 5)*

No insurer has assumed responsibility for the action here, and the Debtors would therefore need to pay all expenses in litigating the action with out-of-pocket funds from the bankruptcy estate. *See* Declaration of Jennifer Scoliard ¶ 12 (ECF Doc. # 1022, Exhibit 1.) As a result, the fifth *Sonnax* Factor does not support relief from the stay.

*6. The State Court Action does not Primarily Involve Third Parties (Sonnax Factor No. 6)*

GMAC Mortgage, a Debtor in this Court, is the defendant on Taggart's counterclaims. The foreclosure action and Taggart's counterclaims do not primarily involve third parties. The court should not grant relief from the stay under the sixth *Sonnax* Factor if the debtor is the main party to the litigation. *See City Ins. Co. v. Mego Int'l Inc. (In re Mego Int'l Inc.)*, 28 B.R. 324,

326 (Bankr. S.D.N.Y. 1983) (denying motion to lift the automatic stay where the debtor was more than a mere conduit for the flow of proceeds and the action impacted the "property and administration of [the debtor's] estate, suggesting that continuance of the stay was proper"). Thus, the sixth *Sonnax* Factor does not support granting relief from the stay.

> 7. *Litigation of the Counterclaims to the Extent that Taggart Seeks to Recover Damages in Another Forum Would Prejudice the Interests of Other Creditors (Sonnax Factor No. 7)*

Requiring the Debtors to defend Taggart's damages claims in other forums would upend the "strong bankruptcy code policy that favors centralized and efficient administration of all claims in the bankruptcy court . . . ." *Public Indus. Inc. v. United States (In re Cuyahoga Equip. Corp.)*, 980 F.2d 110, 117 (2d Cir. 1992). Allowing Taggart to bring his damages claims now, in a different forum, would be unfair to other creditors who must bring their claims in this Court at a later date. Any litigation costs would diminish the bankruptcy estate. Taggart must be treated as any other unsecured creditor and litigate his claims in this Court along with the Debtors' other similarly situated creditors. The seventh *Sonnax* Factor thus weighs against relief from stay.

> 8. *The Interests of Judicial Economy and Economical Resolution of the Actions Are Best Served by Maintaining the Automatic Stay Except to the Extent Provided Herein (Sonnax Factor No. 10)*

The Debtors recognize that Taggart should be permitted to proceed with his counterclaims to the extent they may properly be asserted as defenses to the foreclosure action that GMAC Mortgage commenced against Taggart in Pennsylvania state court. After the state court determines which, if any, counterclaims may be adjudicated by the state court as defenses to foreclosure, it is possible that judicial economy will favor permitting that court to fix the amount of the damages claim as well. It is premature to reach that issue however. Accordingly, the tenth *Sonnax* Factor supports granting relief from the stay to the extent provided herein.

*9. The Movant's Case is Not Ready for Trial (Sonnax Factor No. 11)*

Taggart's counterclaims are clearly not ready for trial. If the Pennsylvania court agrees with the Debtors that the counterclaims may not be asserted as defenses to the state court *in rem* foreclosure proceeding, Taggart will have to return to this Court to have his claims resolved as part of the claims allowance process. If the state court concludes that any of the counterclaims may properly be asserted as defenses to foreclosure, it is possible that the state court will provide the most appropriate forum to fix the amount of the claims. It is premature at this time to assess the eleventh *Sonnax* Factor.

*10. The Balance of Harms Favors Maintaining the Automatic Stay (Sonnax Factor No. 12)*

The twelfth *Sonnax* Factor, the balance of the harms, weighs in favor of lifting the automatic stay *only* to the extent provided herein, but *not* to the extent sought by Taggart.

* * * * * * * * * * * * * *

Application of the *Sonnax* factors weigh strongly against the scope of the relief sought by Taggart. Taggart should be able to defend the state court foreclosure action to the extent that Pennsylvania law recognizes any of Taggart's counterclaims as defenses to foreclosure. On the other hand, Taggart, like all other unsecured creditors of the Debtors, should not be permitted to litigate his affirmative claims for damages outside of the bankruptcy court.

### III.   CONCLUSION

For the foregoing reasons, the Taggart Motion to lift the automatic stay is **GRANTED** to the extent provided herein, but is otherwise **DENIED**. Debtors' counsel is directed to prepare an Order consistent with this Opinion.

Dated:   August 14, 2012
         New York, New York

*Martin Glenn*
MARTIN GLENN
United States Bankruptcy Judge