## EXHIBIT 8

**September 7, 2012 Status Update to the State Court**

# ReedSmith

Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103-7301
+1 215 851 8100
Fax +1 215 851 1420
reedsmith.com

Maria T. Guerin
Direct Phone: +1 215 241 7984
Email: mguerin@reedsmith.com

September 7, 2012

**VIA FACSIMILE - 610-278-5192**

The Honorable Arthur R. Tilson
Montgomery County Courthouse
2 East Airy Street
P.O. Box 311
Norristown, PA 19404-0311

RE: *GMAC Mortgage LLC v. Taggart v. Eagle Nationwide, et al.*, No: 09-25338

Dear Judge Tilson:

Plaintiff GMAC Mortgage LLC respectfully requests that Your Honor schedule a case management conference to address outstanding issues related to discovery.

As was noted in Plaintiff's August 21, 2012 letter to Your Honor, Defendant has expressed concern to counsel for Plaintiff that he has not received the benefit of a complete discovery period for this matter. Although Plaintiff disputes the propriety or necessity of the numerous depositions Defendant previously noticed or identified through notices of intent to serve subpoenas, Plaintiff intends to produce certain supplemental discovery and does not oppose a brief extension of time so that both parties may complete limited appropriate discovery.

Plaintiff was not able to reach an agreement with Defendant with respect to a proposed case management order setting deadlines for discovery and dispositive motions and Defendant has indicated that he objected to Plaintiff's August 21, 2012 letter for reasons which were not shared with Plaintiff. Plaintiff therefore respectfully requests a case management conference to resolve these issues.

As also noted in Plaintiff's August 21, 2012 letter, following a hearing in the United States Bankruptcy Court for the Southern District of New York on August 14, 2012, Judge Glenn entered a Memorandum Opinion ("Opinion") which granted in part and denied in part Mr. Taggart's Motion to Lift the Automatic Stay ("Motion") in *In re: Residential Capital, LLC, et al.*, 12-12020 (MG). The Court partially granted Mr. Taggart's Motion and lifted the automatic stay solely to permit the state court to determine, on motions for summary judgment, which of Taggart's counterclaims may be asserted as

NEW YORK • LONDON • HONG KONG • CHICAGO • WASHINGTON, D.C. • BEIJING • PARIS • LOS ANGELES • SAN FRANCISCO • PHILADELPHIA • SHANGHAI • PITTSBURGH
MUNICH • ABU DHABI • PRINCETON • NORTHERN VIRGINIA • WILMINGTON • SILICON VALLEY • DUBAI • CENTURY CITY • RICHMOND • GREECE

US_ACTIVE-110388864.1-BEAXE 9/7/12 1:12 PM

The Honorable Arthur R. Tilson
September 7, 2012
Page 2

**ReedSmith**

defenses to foreclosure under applicable Pennsylvania law.  However, Mr. Taggart's Motion was denied
to the extent that he seeks affirmative damages from the Debtors.  A copy of the Opinion was previously
submitted to Your Honor.  The Order consistent with the Opinion was just entered by Judge Glenn today
and is enclosed herewith.

Respectfully submitted,

Maria T. Guerin
Diane Bettino

Enclosure
MTG:bea

cc:    Kenneth Taggart (via facsimile and electronic mail)
       Christian Moffit, Esq. (via facsimile and electronic mail)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**ORDER GRANTING IN PART AND DENYING IN PART**
**THE TAGGART MOTION TO LIFT THE AUTOMATIC STAY**

Upon consideration of Kenneth J. Taggart's ("**Taggart**") *Motion for Leave to File Motion Pursuant to Stay & Relief (and Clarification from Bankruptcy Court)* (ECF Doc. # 263) (the "**Motion**"),[1] and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and after due deliberation thereon; and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that notice of the Motion was adequate and proper under the circumstances of these cases and that no further or other notice need be given; and upon consideration of the *Debtors' Omnibus Objection to Motions for Relief from the Automatic Stay Scheduled for Hearing on July 10, 2012* (ECF Doc. # 682), the *Debtors' Supplement in Further Opposition to Motion of Kenneth Taggart for Leave to File Motion Pursuant Stay & Relief (and Clarification from Bankruptcy Court)* (ECF Doc. # 968) (the

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Supplement (defined below).

"**Supplement**"), the *Debtors' Memorandum of Law Regarding Counterclaims Asserted by Kenneth Taggart in State Court Foreclosure Proceedings* (ECF Doc. # 969) and Taggart's *Supplemental Brief in Support of "Motion to Clarification of Stay and Relief from Stay"* (ECF Doc. # 1115); and upon the arguments and statements in support and in opposition of the Motion presented at the hearings before the Court; and the Court having issued its *Memorandum Opinion Granting in Part and Denying in Part the Taggart Motion to Lift the Automatic Stay* (ECF Doc. # 1148); it is hereby:

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.    The Motion is GRANTED in part and DENIED in part, as provided in this Order.

2.    The automatic stay of Bankruptcy Code section 362 is modified for the limited purpose of permitting the Foreclosure Proceeding to proceed through resolution of dispositive motion practice, by which the state court in the Foreclosure Proceeding will determine the viability of Taggart's alleged defenses to foreclosure, and resolution of any appeals of the state court's order in connection therewith.

3.    Notwithstanding anything herein to the contrary, the relief granted herein shall not prevent Taggart or GMAC Mortgage from seeking an extension of any deadline fixed by the Court presiding over the Foreclosure Proceeding for completion of discovery.

4.    Absent further order of the Court, the automatic stay shall remain in full force and effect except as provided for in this Order.

5.    Upon completion of any dispositive motion practice (including resolution of any appeals taken from the state court's order(s) in connection with such dispositive motions) as permitted by paragraph 2 of this Order, Taggart may renew the Motion (the "**Renewed Motion**") as to any of his remaining counterclaims that would otherwise be stayed by the Supplemental

2

Servicing Order by filing a notice of renewal (the "**Renewal Notice**") and the Renewed Motion

shall be heard at the next regularly scheduled omnibus hearing date that is more than fourteen

(14) days from the date of filing of the Renewal Notice.

     6.    This Court shall retain jurisdiction with respect to all matters relating to the

interpretation or implementation of this Order.

Dated:  September 7, 2012
        New York, New York

                                      **/s/Martin Glenn**
                                      MARTIN GLENN
                        United States Bankruptcy Judge