MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Stefan W. Engelhardt
Samantha Martin

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | Chapter 11 |
| Debtors. | Jointly Administered |

---------------------------------------------------------

**NOTICE OF FILING OF CERTAIN ORDERS ENTERED IN THE**
**BANKRUPTCY CASES OF SIDNEY T. LEWIS AND YVONNE D. LEWIS**

**PLEASE TAKE NOTICE THAT** on September 27, 2012, a hearing was held in the

above-captioned cases, in which the Court requested that the debtors and debtors in possession

(collectively, the "Debtors")[1] file "any additional orders entered by any federal or state court

with respect to Mr. Lewis determining that he is a vexatious litigator or the equivalent..."

Transcript of Hearing at 129, <u>In re Residential Capital, LLC</u>, No. 12-12020 (MG) (Bankr.

S.D.N.Y. Sept. 27, 2012).

**PLEASE TAKE FURTHER NOTICE THAT** in response to the Court's request, the

Debtors hereby file the requested orders, annexed hereto as Exhibits 1 through 8.

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on <u>Exhibit 1</u>
to the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC in Support of the Chapter
11 Petitions and First Day Pleadings [Docket No. 6].

| **Exhibit 1** ||
| --- | --- |
| *Order Denying Debtor's Motion (Doc. 178) To Show Cause Why Lindsey Sessile Should Not Be Held In Contempt And Punished For Criminal Obstruction of Justice,*<br><br>In re Sidney T. Lewis, Bankruptcy Court for the Southern District of Ohio, Case No. 07-57237, Docket No. 325, Filed on April 27, 2009 | "Neither the purported violation nor the basis for the requested relief is set forth with any clarity.  In addition to being largely incomprehensible, the Motion is frivolous. … The issue of HNB's status has been previously decided by the United States District Court for the Southern District of Ohio and the Franklin County Court of Common Pleas. (See history set forth in Doc. 142.) The Lewises are barred by collateral estoppel from raising the issue again." (p. 2) |

| **Exhibit 2** ||
| --- | --- |
| *Omnibus Order Striking Notices of Removal (Docs. 200, 203, 226, 269, 275, 278, 283, 291, 299 and 304) And Denying Accompanying Motions to Proceed in Forma Pauperis (Docs. 199, 202, 226, 268, 273, 279, 290, 298 and 303),*<br><br>In re Sidney T. Lewis, Bankruptcy Court for the Southern District of Ohio, Case No. 07-57237, Docket No. 326, Filed on April 28, 2009, Signed on April 27, 2009 | "The Court will entertain no further notices by the Debtor or his spouse to remove actions to this Court. The Debtor has received the relief available from this Court, i.e., liquidation of his assets for distribution to creditors and a discharge in bankruptcy. Further filings by the Debtor that are frivolous, incomprehensible and that require the unnecessary expenditures of judicial resources will result in the imposition of sanctions under Fed. R. Bankr. P. 9011." (p. 8) |

| **Exhibit 3** ||
| --- | --- |
| *Order,*<br><br>Sidney T. Lewis v. Larry J. McLatchey, United States District Court for the Southern District of Ohio, Case No. 09-CV-936, Docket No. 8, Filed on January 5, 2010 | "This Court previously found Lewis to be a vexatious litigator and there is currently an Order in place forbidding Lewis and Yvonne D. Lewis from filing any action without first submitting a certification from their attorney that their claims are warranted. … For essentially the same reasons set forth in this Court's Order denying the Emergency Motion and the Order finding Mr. and Mrs. Lewis to be vexatious litigators, the Court cannot certify this appeal. Any argument raised on appeal would appear to be frivolous. Consequently, Mr. and Mrs. Lewis's motion to proceed in forma pauperis on appeal will be DENIED." (p. 1-2) |

| **Exhibit 4** ||
| --- | --- |
| *Order (I) Denying Motions To Proceed In Forma Pauperis; (2) Denying Motion to Reopen Case; and (3) Striking Notices of Removal,*<br><br>In re Sidney T. Lewis, Bankruptcy Court for the Southern District of Ohio, Case No. 07-57237, Docket | "The Court is aware that the Lewises have been deemed vexatious litigators in most, if not all, the state and federal courts (with the exception of the bankruptcy court) in this District, and suspects that Lewis's continued attempts to remove actions to this Court are not so much because he believes this Court would have jurisdiction to grant the relief he seeks, but rather because this is the one Court that has not declared him a vexatious litigator. The only reason there has not been such a declaration by this Court is that no party in interest has sought that relief here, as they have in |

| | |
|---|---|
| No. 395, Filed on March 23, 2012 | other fora in which the Lewises have made their voluminous and frivolous filings." (p. 4, fn. 4) |
| | "The Court does not wish to bar Lewis or any other debtor with legitimate justiciable issues from access to this Court. But enough is enough. Since the filing of this case five years ago, the Court has expended far more of its scarce resources on Lewis's repetitious and frivolous filings than is justified. Nearly 400 documents—more than ten times the usual number—have been filed in this relatively straightforward Chapter 7 case. … Further filings from Lewis are not anticipated, but if he should feel compelled to file papers with the Clerk, the Clerk is directed to docket them as correspondence only. The Court will take no further action on matters relating to potential assets or causes of action belonging to the bankruptcy estate unless those matters are brought to its attention by the Chapter 7 trustee." (p. 5) |
| **Exhibit 5** | |
| *Order Denying Motion to Reopen Closed Bankruptcy Case*, In re Yvonne DeCarol Lewis, Bankruptcy Court for the Southern District of Ohio, Case No. 07-75111, Docket No. 87, Filed on September 20, 2006, Signed on September 19, 2006 | "Finally, despite the fact that the Debtor's case was closed on March 16, 2006, the Debtor persists in filing motions, objections, affidavits, and various notices both in the closed bankruptcy case and in dismissed adversary proceedings. Debtor has been previously instructed to familiarize herself with Fed. R. Bankr. P. 9011 and 28 U.S.C. § 1927 and has been cautioned against filing groundless pleadings in closed cases or adversary proceedings. (See Adv. Pro. No. 06-2217, Doc. 10). Further filings of baseless pleadings will result in the Court conducting a hearing to show cause why monetary sanctions should not be imposed. Should the Debtor sincerely believe she has a basis for her ongoing litigation in the state and federal courts, she may wish to consult an attorney who can best present her arguments to the proper tribunal." (p. 2-3) |
| **Exhibit 6** | |
| <u>Order</u>, Sidney T. Lewis v. North American Specialty Ins. Co., District Court for the Southern District of Ohio, Case No. 09-CV-179, Docket No. 45, Filed on June 5, 2009 | "This matter is before the Court pursuant to the Motion of Defendant the Huntington National Bank for an order declaring Sidney T. Lewis and Yvonne D. Lewis to be vexatious litigators. For the reasons set forth herein, the Motion (Doc. 9) is GRANTED." (p. 1) |
| | "Plaintiffs are hereby warned that Rule 11 sanctions will be imposed if they continue to file frivolous lawsuits alleging that Huntington National Bank is an agency of the United States government. Furthermore, it is ORDERED that plaintiffs are barred from filing any action in this Court without submitting a certification from an attorney that their claims are warranted. Finally, if they ever file a complaint in this or any other Court concerning their dealings with the Huntington National Bank, their complaint must include the caption and case number of all the prior actions they have filed." (p. 3-4) |

| Exhibit 7 | |
|---|---|
| *Order*,<br><br>Sidney T. Lewis v. North American Specialty Ins. Co., District Court for the Southern District of Ohio, Case No. 09-CV-179, Docket No. 55, Filed on December 16, 2009 | "Mr. and Mrs. Lewis, however, fail to provide with their Motion a written certification from an attorney that the claims contained in their attached Complaint are warranted.<br><br>Mr. and Mrs. Lewis's Motion is hereby DENIED. This Court's Order of June 5, 2009, barring Mr. and Mrs. Lewis from filing any action in this Court without first submitting an attorney certification remains in place." (p. 2) |
| **Exhibit 8** | |
| *Order*,<br><br>Sidney T. Lewis v. North American Specialty Ins. Co., District Court for the Southern District of Ohio, Case No. 09-CV-179, Docket No. 60, Filed on January 5, 2010 | "For the reasons stated in this Court's June 5, and December 16, 2009 Orders declaring plaintiffs vexatious litigators and denying their motion for reconsideration, this Court CERTIFIES that there is no arguable factual or legal basis for plaintiff's argument that they are not vexatious litigators, that plaintiffs' appeal would be frivolous, and that their appeal is not taken in good faith. 28 U.S.C. §1915(a)(3). Accordingly, plaintiffs' December 29 and December 30, 2009 motions to proceed on appeal in forma pauperis (docs. 57 and 59) are DENIED." (p. 2) |

Dated:  October 4, 2012
        New York, New York

/s/ Stefan W. Engelhardt
Stefan W. Engelhardt
Samantha Martin
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*

# Exhibit 1

**This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.**

**IT IS SO ORDERED.**

Dated: April 27, 2009

John E. Hoffman, Jr.
United States Bankruptcy Judge

_____

## UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| *In re*: | : | |
| | : | Case No. 07-57237 |
| SIDNEY T. LEWIS, | : | Chapter 7 |
| | : | Judge Hoffman |
| *Debtor*. | : | |

## ORDER DENYING DEBTOR'S MOTION (Doc. 178)
## TO SHOW CAUSE WHY LINDSEY SESSILE
## SHOULD NOT BE HELD IN CONTEMPT AND
## PUNISHED FOR CRIMINAL OBSTRUCTION OF JUSTICE

This matter is before the Court on the Motion to Show Cause why Lindsey Sessile Should Not be Held in Contempt and Punished for Criminal Obstruction of Justice, 18 U.S.C. §§§§ 401, 1001, 1341; on Grounds of Lindsey Sessile's Criminal Obstruction of Justice, 18 U.S.C. §§ 1341, 1503, by Non-Compliance with Mandatory Federal Regulations, 28 C.F.R. § 15.2(b); 31 C.F.R. §§ 321.15-21, to Unlawfully Interfere with Public Administration of Debtor's Federal Tort Claims against U.S. Savings Bonds Under Equitable Tolling Statues [sic], 28 U.S.C. §§§ 2679(d)(5), 2401(b), 2679(e) ("Motion") (Doc. 178) filed by the Debtor and his non-Debtor spouse, Yvonne D.

Lewis, and the response ("Response") (Doc. 185) filed by Huntington National Bank.

By way of the Motion, the Lewises assert that Lindsey Sessile, in her capacity as counsel for The Huntington National Bank ("HNB"), is somehow in violation of federal law due to HNB's redemption several years ago of certain United States savings bonds. Neither the purported violation nor the basis for the requested relief is set forth with any clarity.

In addition to being largely incomprehensible, the Motion is frivolous. The Lewises appear to be continuing a battle with HNB that they have lost repeatedly in other courts. They persist in their assertion that HNB is a federal entity. As set forth in the Response, HNB is a publicly-traded corporation and bank holding company subject to federal regulations, but is not a federal entity, federal agency, federal employer nor an instrumentality of the federal government. (Response at 2, 3.) The issue of HNB's status has been previously decided by the United States District Court for the Southern District of Ohio and the Franklin County Court of Common Pleas. (See history set forth in Doc. 142.) The Lewises are barred by collateral estoppel from raising the issue again.

Accordingly, the Motion is **DENIED.**

**IT IS SO ORDERED.**

Copies to:

Debtor
Yvonne D. Lewis
Case Trustee
Office of the U.S. Trustee
Bradley K. Baker, Attorney for the Huntington National Bank,
　41 South High Street, Columbus, OH 43215
# # #

2

# Exhibit 2

**This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.**

**IT IS SO ORDERED.**

**Dated: April 27, 2009**

John E. Hoffman, Jr.
United States Bankruptcy Judge

_____

## UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION AT COLUMBUS

|  |  |  |
|---|---|---|
| *In re*: | : |  |
|  | : | Case No. 07-57237 |
| SIDNEY T. LEWIS, | : | Chapter 7 |
|  | : | Judge Hoffman |
| *Debtor.* | : |  |

## OMNIBUS ORDER STRIKING NOTICES OF REMOVAL
### (Docs. 200, 203, 227, 269, 275, 278, 283, 291, 299 and 304)
### AND DENYING ACCOMPANYING MOTIONS
### TO PROCEED IN FORMA PAUPERIS
### (Docs. 199, 202, 226, 268, 273, 279, 290, 298 and 303)

This matter is before the Court on numerous notices of removal filed by the Debtor and his non-debtor spouse. Accompanying each notice of removal is a motion for leave to proceed in forma pauperis and, in most instances, an affidavit of indigency.

If a claim or cause of action in a civil action is pending when a case under Chapter 7 of the Bankruptcy Code is commenced, a notice of removal may be filed only within the longest of (a) 90 days after the order for relief in the case under the Code; or (b) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the

Code.  Fed. R. Bankr. P. 9027(a)(2). The notice of removal must be signed pursuant to Rule 9011

and contain a short and plain statement of the facts which entitle the party filing the notice to

remove, contain a statement that upon removal of the claim or cause of action the proceeding is core

or non-core, and if non-core, that the party filing the notice does or does not consent to entry of final

orders or judgment by the bankruptcy judge. Fed. R. Bankr. P. 9027(a)(1).  Further, the notice of

removal must be accompanied by a copy of all process and pleadings.  *Id.*

If a claim or cause of action is asserted in another court after the commencement of a case

under the Code, a notice of removal may be filed with the clerk only within the shorter of (a) 30 days

after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim

or cause of action sought to be removed, or (b) 30 days after receipt of the summons if the initial

pleading has been filed with the court but not served with the summons.  Fed. R. Bankr. P.

9027(a)(3).

### 1.      Doc. 200 - Notice of Removal - James E. Johnston, Jr. v. Sidney T. Lewis Franklin County Court of Common Pleas 08-DVH-10168

The Debtor filed a notice of removal (Doc. 200) on September 16, 2008 to remove to this

Court an action initiated by James E. Johnston, Jr. for issuance of a civil protection order against the

Debtor.  A civil protection order was issued on July 16, 2008.   The Debtor was served with the

order by certified mail on July 23, 2008, and in person on July 29, 2008. After filing an objection

to the order, the Debtor then attempted to remove the action to the United States District Court for

the Southern District of Ohio.  That Court remanded it to the Franklin County Court of Common

Pleas by order dated September 15, 2008.  The notice of removal filed with this Court on September

16, 2008 is untimely, having been filed later than 30 days after receipt of service.  Further, even if

the notice of removal had been timely, this Court has no jurisdiction to review a civil protection

order lawfully issued by a state court. The notice of removal is **STRICKEN** and the matter is **REMANDED** to the Franklin County Court of Common Pleas. The emergency motion for leave to proceed in forma pauperis with expedited hearing on shortened notice (Doc. 199) that accompanied the notice of removal is **DENIED** as moot.

**2. Doc. 203 - Notice of Removal - Sidney Lewis and Yvonne Lewis v. City of Columbus Franklin County Municipal Court 2007-EVH-60047**

The Debtor and his non-filing spouse, Yvonne D. Lewis, filed a notice of removal (Doc. 203) on September 18, 2008 to remove to this Court an action pending in the Environmental Division of the Franklin County Municipal Court. The complaint was filed in Municipal Court on March 7, 2007, and sought an order declaring certain real property owned by the Debtor and Mrs. Lewis and others to be declared a public nuisance due to violations of the city code, to preliminarily and permanently enjoin the defendants from further violating city codes, to abate the nuisances and to cure the violations.

The Debtor's bankruptcy case was filed on September 12, 2007. The notice of removal was filed September 18, 2008, beyond the 90-day period set forth in Fed. R. Bankr. P. 9027(a)(2). The notice of removal is **STRICKEN** and the matter is **REMANDED** to the Franklin County Municipal Court. The accompanying emergency motion for leave to proceed in forma pauperis with expedited hearing on shortened notice (Doc. 202) is **DENIED** as moot.

**3. Doc. 227 - Notice of Removal - GMAC Mortgage Corp. v. Yvonne D. Lewis, et al.**

The Debtor and his non-filing spouse, Yvonne D. Lewis, filed a notice of removal of related case (Doc. 227) on September 25, 2008. The notice of removal references a number of case numbers in its caption: two bankruptcy case numbers; one United States District Court case number (05-00978), two Ohio Court of Appeals Tenth Appellate District case numbers (05-AP748 and

3

07AP-549) and two Franklin County Court of Common Pleas case numbers (05CVE 04-4555 and 05CV -7346). Review of the notice of removal does not inform the Court as to what action or actions the notice is purporting to remove. It appears, however, by the case numbers, that each action referenced was filed either in 2005 or 2007 and thus was pending at the time the Debtor's bankruptcy petition was filed. The notice of removal was filed more than 90 days after the petition was filed. Thus, the purported removal is untimely. The notice of removal is **STRICKEN.** To the best of the Court's knowledge, there is nothing to remand with respect to this notice of removal. The accompanying emergency motion for leave to proceed in forma pauperis with expedited hearing on shortened notice (Doc. 226) is **DENIED** as moot.

4.    **Doc. 269 - Notice of Removal - In the Matter of Estate of Dorothy J. Davis**
      **Franklin County Probate Court - Case No. 501845A**
      **State of Ohio ex rel Yvonne D. Lewis v. Hon. Lawrence A. Belskis**
      **Ohio Court of Appeals Tenth Appellate District - Case No. 07AP-19**

The Debtor and his non-filing spouse, Yvonne D. Lewis, filed a notice of removal (Doc. 269) in which they purport to remove an action from the Franklin County Probate Court to this Court. They attach pleadings from the Ohio Court of Appeals Tenth Appellate District, which reflect that the action that is the subject of the removal has been decided and appealed, and that the Lewises lost on appeal. The Debtor appeared in the probate court action to contest the sale of real estate by the administrator of the probate estate. The sale occurred in 2006. In January 2007, Yvonne D. Lewis filed a request for a writ of prohibition to stop the probate court judge from affirming the sale. As noted above, Debtor's case was filed in September 2007. The probate court case was pending at the time of the filing of the Debtor's bankruptcy petition. Thus, the notice of removal is untimely. Even if it were timely, the Court has no jurisdiction to review a final order from a state appeals court. The notice of removal is **STRICKEN.** The matter is **REMANDED** to the Franklin County Probate

4

Court.  The accompanying motion for leave to proceed in forma pauperis (Doc. 268) is **DENIED** as moot.

5.  **Doc. 275 - Notice of Removal - Sidney T. Lewis v. Old Republic Surety Co., et al.**
    **Franklin County Court of Common Pleas Case No. 05-CV-4814**
    **Yvonne D. Lewis v. Old Republic Surety Co., et al.**
    **Franklin County Court of Common Pleas Case No. 03-CV0474**

The Debtor and his non-debtor spouse, Yvonne D. Lewis, filed a notice of removal (Doc. 275) on December 5, 2008. A review of the notice of removal sheds no light on which action(s) the Debtor and his wife are seeking to remove to this Court.  It is apparent, though, that the action (or actions) bear case numbers reflecting that these matters were pending at the time the Debtor's bankruptcy petition was filed.  Because the notice of removal was not filed within 90 days of the filing of the petition, the notice is untimely and is **STRICKEN.**  The accompanying motion for leave to proceed in forma pauperis (Doc. 273) is **DENIED** as moot.

6.  **Doc. 278 - Notice of Removal - Sidney T. Lewis, et al., v. J.E. Wiggins & Co., et al.**
    **Ohio Supreme Court Case No. 01-150**
    **Ohio Court of Appeals Tenth Appellate District, Case Nos. 04-APE-469, 04 APE-544 and 04 APE-668**

The Debtor filed a notice of removal (Doc. 278) on December 12, 2008, purporting to remove an action that is on appeal to the Ohio Supreme Court from the Ohio Court of Appeals Tenth Appellate District. The same day the Debtor filed his notice of removal, he filed a motion in the Ohio Supreme Court to vacate the underlying judgment that was the subject of his appeal.  The case number ascribed by the Debtor to the Supreme Court case may be erroneous; it variously appears in the pleadings as 01-150 and 05-150.  At any rate, the appeal was pending at the time the Debtor's bankruptcy petition was filed and, thus, removal of the action is governed by Fed. R. Bankr. P. 9027(a)(2).  Even if it were timely, the Court has no jurisdiction to review a final, appealable order

from a state appeals court. The notice of removal is hereby **STRICKEN.** The accompanying motion

for leave to proceed in forma pauperis (Doc. 279) is **DENIED** as moot.

7.    **Doc. 283 - Emergency Motion for Order of Reference of Notice of Removal filed
      December 12, 2008
      Valencia Daniels v. State of Ohio, United States District Court Case No. 08-cv-0016**

        The Debtor filed an "emergency motion for order of reference of notice of removal filed

December 12, 2008 in case no. 07-57237, S.D., Ohio, referring said case to district court case no.

2:08-cv-16, S.D. Ohio as 'related to' memo in opposition filed December 10, 2008 as Dist. doc.

#60," *etc.*, ("Motion") (Doc. 284) on December 17, 2008.  In response, The Huntington National

Bank ("HNB") filed a motion to strike ("Motion to Strike") (Doc. 284), arguing that because the

Motion is completely unintelligible, HNB is unable to determine how or whether to respond.  The

Court shares the frustration expressed by HNB's counsel.  To the extent this pleading purports to

be a notice of removal, it is untimely under Fed. R. Bankr. P. 9027 and is **STRICKEN** on that basis.

To the extent it is not a notice of removal, the Motion to Strike is **GRANTED;** the motion is

**STRICKEN** on the basis that it is incomprehensible. The Court is unable to discern what relief is

being requested.

8.    **Doc. 291 - Notice of Removal of Core Bankruptcy Proceeding**
      **Austin v. Lewis v. Old Republic Surety Co. and CNA Surety Co.**
      **Franklin County Court of Common Pleas Case No. 03-CV-474; 05-CV4814**
      **Sidney T. Lewis v. Old Republic Surety Co., et al.**
      **Franklin County Court of Common Pleas Case No. 05-CV-4814**

On February 18, 2009, the Debtor and his non-filing spouse, Yvonne D. Lewis, filed a notice

of removal (Doc. 291) purporting to remove two actions from the Franklin County Court of

Common Pleas to this Court. The notice of removal is untimely under Fed. R. Bankr. P. 9027(a)(2).

The notice of removal is **STRICKEN.** The accompanying motion for leave to proceed in forma

pauperis (Doc. 290) is **DENIED** as moot.

9.    **Doc. 299 - Notice of Removal of "Core" Bankruptcy Case Under Vested Rights Statute**
      **Austin v. Lewis v. Old Republic Surety Co. and CNA Surety Co.**
      **Franklin County Court of Common Pleas Case No. 03-CV-474**
      **Sidney T. Lewis v. Old Republic Surety Co., et al.**
      **Franklin County Court of Common Pleas Case No. 05-CV-4814**

On March 4, 2009, the Debtor and his non-filing spouse, Yvonne D. Lewis, filed a notice of

removal (Doc. 299) purporting to remove the same actions from the Franklin County Court of

Common Pleas to this Court as was attempted in Doc. 291. For the reasons stated above in

connection with Doc. 291, the notice of removal is **STRICKEN.** The accompanying motion for

leave to proceed in forma pauperis (Doc. 298) is **DENIED** as moot.

10.    **Doc. 304 - Notice of Removal Grounded on Federal Vested Right Statute**
       **Huntington National Bank v. Sidney T. Lewis**
       **Franklin County Court of Common Pleas Case No. 05-CVH-07-7346**

On March 4, 2009 the Debtor and his non-filing spouse, Yvonne D. Lewis, filed a notice of

removal (Doc. 304) purporting to remove an action from the Franklin County Court of Common

Pleas to this Court. The notice of removal is untimely under Fed. R. Bankr. P. 9027(a)(2).

Furthermore, the action sought to be removed terminated by entry of a final order prior to the filing

of the bankruptcy proceeding.  Thus, there is no pending action to remove.  The notice of removal

is **STRICKEN.** The accompanying motion for leave to proceed in forma pauperis (Doc. 303) is

**DENIED** as moot.

### Further Frivolous Removal Notices or other Filings Prohibited

The Court will entertain no further notices by the Debtor or his spouse to remove actions to

this Court.  The Debtor has received the relief available from this Court, i.e., liquidation of his assets

for distribution to creditors and a discharge in bankruptcy.  Further filings by the Debtor that are

frivolous, incomprehensible and that require the unnecessary expenditures of judicial resources will

result in the imposition of sanctions under Fed. R. Bankr. P. 9011.

**IT IS SO ORDERED.**

Copies to:

Debtor
Yvonne D. Lewis
Case Trustee
Bradley Baker, Counsel for Huntington National Bank, 41 S. High Street, Columbus, OH 43215
Jonathan M. Bryan, Attorney for Western Surety Company, 88 East Broad Street, Suite 1250,
        Columbus, OH 43215
James E. Johnston, Jr., 1336 1/2 West Broad Street, Columbus, OH 43222
Office of the U.S. Trustee

# # #

8

# Exhibit 3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| SIDNEY T. LEWIS, | : | |
| | : | **Case No. 2:09-CV-936** |
| **Appellant** | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| v. | : | |
| | : | |
| LARRY J. MCLATCHY, | : | |
| | : | |
| **Appellee.** | : | |

## <u>ORDER</u>

This matter is before the Court on Appellants, Sidney T. Lewis's and Yvonne D. Lewis's (collectively, "Mr. and Mrs. Lewis") Motion for Leave to Appeal in Forma Pauperis (Doc. 6). On October 10, 2009, the Clerk of the Southern District Court entered a Bankruptcy Scheduling Order detailing when the deadlines for the submissions of briefs in this case. (Doc. 2.) Subsequent to that scheduling order, Mr. and Mrs. Lewis filed the Emergency Motion for Extension of Time and to Remand, requesting an indefinite extension of time and that the Bankruptcy Court be required to make findings of fact upon remand. (Doc. 4.) This Court previously found Lewis to be a vexatious litigator and there is currently an Order in place forbidding Lewis and Yvonne D. Lewis from filing any action without first submitting a certification from their attorney that their claims are warranted. (*See* Case No. 2:09-CV-179, Doc. 45.) On December 15, 2009, this Court entered an Order denying Mr. and Mrs. Lewis's Emergency Motion.

Mr. and Mrs. Lewis have filed applications for leave to appeal in forma pauperis on appeal. (Doc. 6.) Both Mr. and Mrs. Lewis have submitted affidavits of indigency as required by 28 U.S.C. §1915(a) (1). More importantly, however, Mr. and Mrs. Lewis may not proceed in

forma pauperis on appeal unless this Court certifies that the appeal is taken in good faith. For essentially the same reasons set forth in this Court's Order denying the Emergency Motion and the Order finding Mr. and Mrs. Lewis to be vexatious litigators, the Court cannot certify this appeal. Any argument raised on appeal would appear to be frivolous. Consequently, Mr. and Mrs. Lewis's motion to proceed in forma pauperis on appeal will be **DENIED**.

      **IT IS SO ORDERED.**

                                     **s/Algenon L. Marbley**

                              **UNITED STATES DISTRICT COURT**

**DATE: January 5, 2010**

# Exhibit 4

**This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.**

**IT IS SO ORDERED.**

_John E. Hoffman, Jr._

John E. Hoffman, Jr.
United States Bankruptcy Judge

**Dated: March 23, 2012**

_____

## UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| *In re*: | : | |
| | : | Case No 07-57237 |
| SIDNEY T. LEWIS, | : | Chapter 7 |
| | : | Judge Hoffman |
| *Debtor*. | : | |

## ORDER (1) DENYING MOTIONS
## TO PROCEED IN FORMA PAUPERIS;
## (2) DENYING MOTION TO REOPEN CASE;
## AND (3) STRIKING NOTICES OF REMOVAL

This matter is before the Court on three similar documents filed by Sidney T. Lewis ("Lewis"), the pro se debtor in this closed Chapter 7 case. The first is a motion to proceed in forma pauperis with regard to a motion to reopen his bankruptcy case (Doc. 381) ("Motion to Reopen"); the second and third are motions to proceed in forma pauperis in connection with notices of removal (Docs. 382 and 394) ("First Notice of Removal" and "Second Notice of Removal," respectively).[1]

_____

[1]The motions to proceed in forma pauperis contain as attachments various documents labeled as notices of removal or a motion to reopen, but no separate motion to reopen or separate notices of removal have been filed. It appears that by attaching the motion to reopen and the notices of removal to the motions to proceed in forma pauperis, Lewis may believe he has actually filed those requests for relief. For ease of identification and disposition, therefore, the Court will refer

The Court will refer to all three documents as "Motions." The first two Motions were filed October 12, 2011; the third was filed February 14, 2012. Attached to each are voluminous documents. Each Motion contains multiple case captions.[2] Each Motion is accompanied by an affidavit of indigency stating that because of his lack of financial means, Lewis is unable to pay any filing fee or give security for any costs associated with the Motions. The fee for filing a motion to reopen a Chapter 7 case is $260. At the time the First Notice of Removal was filed, the filing fee for a notice of removal was $250. By the time the Second Notice of Removal was filed, the fee had increased to $293.

The fees for reopening a case and for a notice of removal are miscellaneous fees prescribed by the Judicial Conference of the United States. *See* 28 U.S.C. §§ 1914(b), 1930(b). According to section (11) of the Bankruptcy Court Miscellaneous Fee Schedule, a reopening fee may not be charged when a debtor files a motion to reopen based upon an alleged violation of the terms of the discharge under 11 U.S.C. § 524. In addition, the Bankruptcy Court Miscellaneous Fee Schedule states in paragraph (6) that the filing fee for a notice of removal (considered a complaint for purposes of the fee schedule) must not be charged if the debtor is the plaintiff. Thus, in connection

---

to the motions to proceed in forma pauperis by the relief requested in the documents attached to the motions— *i.e.*, as the "Motion to Reopen," the "First Notice of Removal" and the "Second Notice of Removal."

[2]Doc. 381 contains a combined caption for Lewis's bankruptcy case in this Court; six civil cases filed in the United States District Court for the Southern District of Ohio; and a civil action in the United States District Court for the Southern District of Iowa. Doc. 382 contains a combined caption for all of the above plus a civil case in the Franklin County, Ohio Court of Common Pleas. Doc. 394 contains a combined caption including Lewis's bankruptcy case as well as the closed bankruptcy case of his wife, Yvonne D. Lewis, six civil cases in the United States District Court for the Southern District of Ohio; eight cases in the Franklin County, Ohio Court of Common Pleas; two cases in Ohio's Tenth District Court of Appeals; one case in the United States District Court for the Central District of California; one in the Southern District of Iowa; one in the Western District of Kentucky; one case in the Municipal Court, Environmental Division, of Franklin County, Ohio, and one in the Supreme Court of Ohio.

with the Motion to Reopen, and to the extent Lewis is alleging a discharge injunction violation, it
does not appear that a filing fee would be required. As to the First Notice of Removal and Second
Notice of Removal, it is not clear whether Lewis is a plaintiff in any of the actions he seeks to
remove, because, frankly, it is not apparent from the multiplicity of captions just what actions he is
trying to remove, or whether he is a plaintiff in any of them. Giving him the benefit of the doubt,
and assuming for purposes of argument that he is a plaintiff, no filing fee would be necessary. If he
is a defendant in any of the actions, the Court finds that no good cause has been shown for waiving
the filing fee. Nonetheless, the analysis here does not end at the issue of filing fees. Because with
or without a filing fee, there must be some basis that would support the Court's reopening of the
case, or there must exist a pending matter in another court that would be properly removable to this
Court.

To the extent the Court understands the information set forth in the Motions, Lewis appears
to believe that he and/or his wife are the owners, as beneficiaries or trustees of a trust, of 1,875,000
shares of common stock in American Equity Investment Life Holding Company ("AEI") and as a
result are entitled to $10 million as members of a class involved in a class action.[3] He states that this
asset was unscheduled and not administered by the trustee, and it appears that he also believes AEI
was to notify him or his bankruptcy trustee that he (or his bankruptcy estate) was entitled to
distribution of class action settlement funds. As a result, he believes his case should be reopened to

---

[3]Due to the stream-of-consciousness nature of Lewis's pleadings and their attendant
conglomeration of case citations, correspondence, pleadings, and other miscellaneous attachments,
it is impossible to state with certainty what class action Lewis refers to: perhaps *Lewis v. Addison
Insurance Marketing*, or maybe *Strube v. American Equity Life Ins. Co.*, or *Strube v. American
Investment Life Ins. Co.*, or possibly *Panter v. Tackett*, each of which is referenced in the papers he
filed with the Court.

3

administer this asset. Lewis also requests that the case be reopened to allow him to file and prosecute

actions in contempt for violation of the bankruptcy injunction of 11 U.S.C. § 524(a) and § 10(b)(5)

of the Securities and Exchange Act against The Huntington National Bank, GMAC Mortgage,

Western Surety Corp./CNA, American Equity Investment Life Holding Company and its CFO and

CEO, and U.S. Bancorp Equity Capital, among others.  It is unknown what specific actions or

inactions by the various parties are alleged to have violated the discharge injunction or the securities

laws.  Lewis also asserts that various cases which he seeks to have removed from state and federal

courts are core bankruptcy proceedings.

From a review of the Motions and the documents attached thereto, as well as its familiarity

with the history of this case, the Court finds—for multiple reasons— that there is no basis set forth

for reopening the case or removing to this Court any of the actions identified in his pleadings.  Based

upon the documents attached to the Motions, including letters from AEI's counsel, and from counsel

in the *Panter v. Tackett* class action, it appears that there is no foundation for Lewis's belief that an

unadministered asset in any amount, much less in the $10 million range, actually exists.  Further,

nothing in Lewis's filings suggests that any action he is attempting to remove could be characterized

as a core or related-to bankruptcy proceeding.  It also appears, based upon the case numbers of the

cases Lewis is attempting to remove, that he has failed to move within the time constraints of Fed.

R. Bankr. P. 9027.

In addition, on April 27, 2009, this Court entered an order (Doc. 326) prohibiting Lewis and

his spouse from removing or attempting to remove any further actions to this Court.[4]  As stated in

---

[4]The Court is aware that the Lewises have been deemed vexatious litigators in most, if not
all, the state and federal courts (with the exception of the bankruptcy court) in this District, and
suspects that Lewis's continued attempts to remove actions to this Court are not so much because

that order, "The Debtor has received the relief available from this Court, *i.e.*, liquidation of his assets

for distribution to creditors and a discharge in bankruptcy." Three years later, the this statement still

holds true. There is no further relief to be granted to Lewis or his spouse by the bankruptcy system.

To the extent there exist any actual unadministered assets available for the benefit of creditors, the

Chapter 7 trustee is more than capable of moving to reopen the estate to liquidate those assets. To

date, the trustee has made no such request.

The observation made by the United States Supreme Court in *In re McDonald*, 489 U.S. 180

(1989) is particularly apt here:

> [P]aupers filing *pro se* petitions are not subject to the financial
> considerations—filing fees and attorney's fees—that deter other
> litigants from filing frivolous petitions. Every paper filed with the
> Clerk of this Court, no matter how repetitious or frivolous, requires
> some portion of the institution's limited resources. A part of the
> Court's responsibility is to see that these resources are allocated in a
> way that promotes the interests of justice. The continual processing
> of petitioner's frivolous requests for extraordinary writs does not
> promote that end.

*Id.* at 184. The Court does not wish to bar Lewis or any other debtor with legitimate justiciable

issues from access to this Court. But enough is enough. Since the filing of this case five years ago,

the Court has expended far more of its scarce resources on Lewis's repetitious and frivolous filings

than is justified. Nearly 400 documents—more than ten times the usual number—have been filed

in this relatively straightforward Chapter 7 case. Lewis's motion to proceed in forma pauperis on

the Motion to Reopen is **DENIED** as moot; his motions to proceed in forma pauperis on the First

---

he believes this Court would have jurisdiction to grant the relief he seeks, but rather because this is
the one Court that has not declared him a vexatious litigator. The only reason there has not been
such a declaration by this Court is that no party in interest has sought that relief here, as they have
in other fora in which the Lewises have made their voluminous and frivolous filings.

Notice of Removal and the Second Notice of Removal are **DENIED** because no good cause has

been shown for granting the Motions.  Lewis's motion to reopen is **DENIED** and the notices of

removal found within the Motions are **STRICKEN** as being redundant and having no basis in law

or fact.  Further filings from Lewis are not anticipated, but if he should feel compelled to file papers

with the Clerk, the Clerk is directed to docket them as correspondence only. The Court will take no

further action on matters relating to potential assets or causes of action belonging to the bankruptcy

estate unless those matters are brought to its attention by the Chapter 7 trustee.

    **IT IS SO ORDERED**.

Copies to:

Default List
Bradley K. Baker, Esq., *Attorney for Huntington National Bank*
Mark Richardson, Esq., *Attorney for GMAC*
American Equity Investment Life Holding Company, Attn: Wendy Waugaman, CEO,
    P.O. Box 71216, Des Moines, IA 50325
Clerk, Franklin County Ohio Court of Common Pleas, Civil Division,
    345 S. High Street, Columbus, OH 43215
    (Re: Case Nos. 02-MS-20; 03-CV-6954; 03-CV-7478; 05-CV-7346; 05-CV-4555;
    10-CV-12370; 11-CV-12667)
Hon. Julie Lynch, Franklin County Court of Common Pleas, Courtroom 7E,
    345 S. High Street, Columbus, OH 43215
Hon. Michael Holbrook, Franklin County Court of Common Pleas, Courtroom 5B,
    345 S. High Street, Columbus, OH 43215
Hon. Richard Sheward, Franklin County, Ohio, Court of Common Pleas, Courtroom 7A,
    345 S. High Street, Columbus, OH 43215
Hon. Patrick Sheeran, Franklin County, Ohio, Court of Common Pleas, Courtroom 4A,
    345 S. High Street, Columbus, OH 43215
Hon. Charles Schneider, Franklin County, Ohio, Court of Common Pleas, Courtroom 5A,
    345 S. High Street, Columbus, OH 43215
Hon. Guy L. Reece II, Franklin County, Ohio, Court of Common Pleas, Courtroom 6A,
    345 S. High Street, Columbus, OH 43215
Hon. Richard A. Frye, Franklin County, Ohio, Court of Common Pleas, Courtroom 5F,
    345 S. High Street, Columbus, OH 43215
Hon. Stephen L. McIntosh, Franklin County, Ohio, Court of Common Pleas, Courtroom 4B,
    345 S. High Street, Columbus, OH 43215
Hon. Harland Hale, Franklin County, Ohio, Municipal Court, Environmental Division,

375 S. High Street, Columbus, OH 43215

Franklin County, Ohio Prosecuting Attorney, 373 S. High Street, Columbus, OH 43215

Clerk, Ohio Tenth District Court of Appeals, 373 S. High Street, 24th Floor,
   Columbus, OH 43215 (Re: Case No. 12-AP-88)

Clerk, United States District Court, Southern District of Ohio, Eastern Division,
   85 Marconi Boulevard, Columbus, OH 43215
   (Re: Case Nos. 09-CV-00179; 08-CV-1042; 08-CV-0016; 08-CV-0074; 08-CV-1040;
   08-CV-0075)

Clerk, United States District Court, Southern District of Iowa, Central Division,
   125 East Walnut, Des Moines, IA 50309
   (Re: Case No. 4:10-CV-87)

Clerk, United States District Court, Central District of California, Southern Division,
   411 West Fourth Street, Room 1053, Santa Ana, CA 92701
   (Re: Case No. 05-CV-1070)

Clerk, United States District Court, Western District of Kentucky, Louisville Division,
   601 W. Broadway, Room 106, Gene Snyder United States Courthouse,
   Louisville, KY 40202
   (Re: Case No. 3:01-CV-259(H)

### # # #

# Exhibit 5

12-12020-mg Doc 1719 Filed 10/04/12 Entered 10/04/12 15:12:33 Main Document
Pg 29 of 42

**This document has been electronically entered in the records of the United
States Bankruptcy Court for the Southern District of Ohio.**

**IT IS SO ORDERED.**

John E. Hoffman Jr.

**Dated: September 19, 2006**

John E. Hoffman, Jr.
United States Bankruptcy Judge

_____

## UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| *In re:* | : | |
| | : | Case No. 05-75111 |
| YVONNE DECAROL LEWIS, | : | Chapter 7 |
| | : | Judge Hoffman |
| *Debtor.* | : | |

### ORDER DENYING MOTION
### TO REOPEN CLOSED BANKRUPTCY CASE

This matter is before the Court on the Application to Reopen Closed Bankruptcy Case

Without Prepayment of Fees Pursuant to 28 U.S.C. 1915(a) and to Determine Dischargeability of

an Extinguished Prepetition Debt Against Bankrupt Debtor Yvonne D. Lewis by Co-Suretyships,

Western Surety Company and Old Republic Surety Company Pursuant to 11 U.S.C. §§§§§ 301,

350(b), 502(e)(1)(B), 509(b)(2), 727; Bankruptcy Rules §§§ 7003, 7009, 9024; Instanter ("Motion")

(Doc. 86) filed by the Debtor, pro se, on August 18, 2006.

Although neither the prayer for relief nor the reasoning in the Motion are clear, the Debtor

appears to argue that ongoing litigation in which she is engaged with Western Surety Company and

Old Republic Surety Company is an asset of the estate that should be administered for the benefit

of creditors.  Whether an asset is administered for the benefit of creditors is a decision for the

Chapter 7 Trustee.  Here the Chapter 7 Trustee filed a Report of No Distribution on February 20,

2006, the Debtor received a discharge and the case was closed.  There is nothing in the record to

reflect that the Trustee believed the litigation was worth pursuing on behalf of creditors, and the

Court will not overrule the Trustee's exercise of judgment.

The Debtor also appears to complain that the underlying state court litigation was reactivated

after her discharge was granted, thus somehow violating the discharge injunction.  A review of the

documents provided by the Debtor show that the state court case was reactivated post-discharge to

deal with  the Debtor's Motion to Vacate or Set Aside Judgment Entry of Dismissal in that case.

Thus, rather than violating the discharge, the reactivation allowed her to prosecute her right to a

review of the state court's decision.

Section 350(b) of the Bankruptcy Code provides that a closed bankruptcy case may be

reopened to administer assets, to accord relief to the debtor or for other cause.  11 U.S.C. § 350(b).

Having reviewed the Motion and the underlying case file of the Debtor, the Court concludes that it

sets forth no basis for reopening the Debtor's case.

Finally, despite the fact that the Debtor's case was closed on March 16, 2006, the Debtor

persists in filing motions, objections, affidavits, and various notices both in the closed bankruptcy

case and in dismissed adversary proceedings.  Debtor has been previously instructed to familiarize

herself with Fed. R. Bankr. P. 9011 and 28 U.S.C. § 1927 and has been cautioned against filing

groundless pleadings in closed cases or adversary proceedings. (See Adv. Pro. No. 06-2217, Doc.

10).  Further filings of baseless pleadings  will result in the Court conducting a hearing to show

cause why monetary sanctions should not be imposed.  Should the Debtor sincerely believe she has

a basis for her ongoing litigation in the state and federal courts, she may wish to consult an attorney who can best present her arguments to the proper tribunal.

**IT IS SO ORDERED.**

Copies:

Yvonne DeCarol Lewis, Debtor, *1875 Alvason Avenue, Columbus, OH 43219*
Bradley K. Baker and Craig R. Carlson, Attorneys for Huntington National Bank,
    *41 S. High Street, Columbus, OH 43215*
Jonathan M. Bryan and William H. Woods, Attorneys for Western Surety Company,
    *88 East Broad Street, Suite 1250, Columbus, OH 43215*
Clyde Hardesty, Chapter 7 Trustee, *P.O. Box 731, Newark, OH 43058-0731*
Office of the U.S. Trustee, *170 N. High Street, Suite 200, Columbus, OH 43215*

# # #

# Exhibit 6

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SIDNEY T. LEWIS, *et al.*                    :

          Plaintiffs,                :        Civil Action 2:09-cv-179

   v.                                   :        Judge Marbley

NORTH AMERICAN SPECIALTY          :        Magistrate Judge Abel
INS. CO., *et al.*
                                             :
          Defendants.

**ORDER**

This matter is before the Court pursuant to the Motion of Defendant the

Huntington National Bank for an order declaring Sidney T. Lewis and Yvonne D.

Lewis to be vexatious litigators.  For the reasons set forth herein, the Motion (Doc.

9) is **GRANTED**.

Mr. and Mrs. Lewis have repeatedly brought suit in this Court against the

Huntington National Bank, amongst other persons or entities, regarding a

transaction involving the redemption of United States savings bonds.  At the heart

of the Lewises' repeated claims is an argument that Huntington National Bank is in

some way an agency or agent of the United States.  These actions include:

- *Lewis, et al. v. State of Ohio, et al.*, 2:05-cv-0855;

- *Daniels, et al. v. State of Ohio, et al.*, 2:08-cv-016;

- *Lewis, et al. v. The Honorable Judge Michael Holbrook, et al.*, 2:08-cv-074;

1

- *Lewis, et al. v. Larry J. McClatchey, et al.*, 2:08-cv-1042;

- *Lewis, et al. v. North American Specialty Ins. Co., et al.*, 2:09-cv-179.

In each case, the Court has rejected the Lewises' argument that Huntington National Bank is an agent or an agency of the United States government, and that it is subject to suit under the Federal Tort Claims Act.  In its order denying the Lewises leave to appeal *in forma pauperis*, the Sixth Circuit Court of Appeals held that:

> Upon review, the motion is denied because any appeal by the Lewises would be frivolous.  [...]  Additionally, the claim that Huntington is a federal employee subject to the provisions of the Westfall Act and the Federal Tort Claims Act is baseless.  Huntington is a corporate entity and cannot be considered an employee or a "person acting on behalf of a federal agency" for purposes of these statutes.

*Lewis v. Holbrook*, Order of August 14, 2008, 6th Cir. Case No. 08-3357.

Of the eleven cases which the Lewises have filed or caused to be removed to this court since January 1, 2008, five were dismissed in whole or in part on initial screening, three were remanded on initial screening, and two were dismissed on motion.  The eleventh is the case at bar, in which the Magistrate Judge has issued an initial screening report and recommendation that this action be dismissed.  This Court has previously stated:

> Federal courts have recognized their own inherent power and constitutional obligation to protect themselves from conduct that impedes their ability to perform their Article III functions and to prevent litigants from encroaching on judicial resources that are legitimately needed by others.  *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir.1986).  The Sixth Circuit Court of Appeals has approved various prefiling restrictions imposed on harassing and vexatious litigators as an inherent constitutional and statutory power of the

2

federal courts. *See, e.g., Filipas v. Lemons*, 835 F.2d 1145 (6th Cir.1987)(noting courts have authority to impose restrictions on harassing and vexatious litigators); *Feathers v. Chevron U.S.A.*, 141 F.3d 264, 269 (6th Cir.1998)(affirming courts ability to impose prefiling restrictions in matters with a history of vexatious litigation); *Wrenn v. Vanderbilt Univ. Hosp.*, Nos. 94-5453, 94-5593, 50 F.3d 11 (6th Cir. Mar. 15, 1995)(unpublished) ("This court has the authority to enjoin harassing litigation under its inherent authority and the All Writs Act, 28 U.S.C. § 1651(a) ...").

*Johnson v. University Housing*, No. 2:06-cv-628, 2007 WL 4303728, at * 12 (S.D. Ohio, Dec. 10, 2007).

   Plaintiffs are hereby warned that Rule 11[1] sanctions will be imposed if they

---

[1]Fed. R. Civ. P. 11(b) provides, in pertinent part, that:
By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.
Rule 11 applies to attorneys and to parties proceeding *pro se. See Danvers v. Danvers*, 959 F.2d 601, 605 (6th Cir. 1992). The Court may impose sanctions if it determines that subdivision (b) has been violated. *See* Fed. R. Civ. P. 11(c). Sanctions are discretionary, and the court is to impose only such sanctions as are "sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(2). The rule is designed to stem the flow of

continue to file frivolous lawsuits alleging that Huntington National Bank is an

agency of the United States government.  Furthermore, it is **ORDERED** that

plaintiffs are barred from filing any action in this Court without submitting a

certification from an attorney that their claims are warranted.  Finally, if they ever

file a complaint in this or any other Court concerning their dealings with the

Huntington National Bank, their complaint must include the caption and case

number of all the prior actions they have filed.

       **IT IS SO ORDERED**

                            s/ Algenon L. Marbley
                            Algenon L. Marbley
                            United States District Judge

Dated: June 5, 2009

---

vexatious or patently meritless litigation into federal courts.

     In ruling on a Rule 11 motion, the Court is not required to make detailed
findings of fact and conclusions of law, but should set forth, at least in narrative
form, the basis of the court's conclusion that sanctions are or are not warranted.
*See Mann v. G & G Manufacturing, Inc.*, 900 F.2d 953, 959 (6th Cir. 1990). In
reaching its conclusion on this issue, the court must avoid the use of hindsight, and
evaluate whether the challenged position was reasonable at the time the complaint
was filed. *See id.* at 958.

# Exhibit 7

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **SIDNEY T. LEWIS, et al.,** | : | |
| | : | **Case No. 2:09-CV-179** |
| **Plaintiffs** | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| **v.** | : | |
| | : | |
| **NORTH AMERICAN SPECIALTY** | : | |
| **INS. CO., et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## ORDER

This matter is before the Court on Plaintiffs, Sidney T. Lewis and Yvonne D. Lewis

Motion to Vacate and for Supplemental Leave to File (Doc. 54). In an Order, dated June 5,

2009, this Court found Mr. and Mrs. Lewis to be vexatious litigators and prohibited Mr. and

Mrs. Lewis from filing any action without first submitting a certification from an attorney that

their claims are warranted. (Doc. 45, Order p. 4.) In that Order, this Court also warned Mr. and

Mrs. Lewis of the potential for Rule 11[1] sanctions, should they continue to file frivolous

---

[1] Fed. R. Civ. P. 11(b) provides, in pertinent part, that:
By presenting to the court (whether by signing, filing, submitting, or later
advocating) a pleading, written motion, or other paper, an attorney or
unrepresented party is certifying that to the best of the person's knowledge,
information, and belief, formed after an inquiry reasonable under the
circumstances,--
(1) it is not being presented for any improper purpose, such as to harass or to
cause unnecessary delay or needless increase in the cost of litigation;
(2) the claims, defenses, and other legal contentions therein are warranted by
existing law or by a nonfrivolous argument for the extension, modification, or
reversal of existing law or the establishment of new law;
(3) the allegations and other factual contentions have evidentiary support or, if
specifically so identified, are likely to have evidentiary support after a reasonable
opportunity for further investigation or discovery; and
(4) the denials of factual contentions are warranted on the evidence or, if
specifically so identified, are reasonably based on a lack of information or belief.

litigation.

Attached to the Motion to Vacate and for Supplemental Leave to File  is a new

Complaint listing the North American Specialty Insurance Company, as well as other entities

and persons, as Defendants.  (See Doc. 54, Pl. Mot. p. 12-15.)  Also attached to the Motion is a

letter from a law firm sent to Vacy Webb ("Webb"), notifying Webb of a potential entitlement to

benefits in a class action settlement.  (Doc. 54, Pl. Mot. p. 9.)[2]  Mr. and Mrs. Lewis, however,

fail to provide with their Motion a written certification from an attorney that the claims

contained in their attached Complaint are warranted.

Mr. and Mrs. Lewis's Motion is hereby **DENIED**.  This Court's Order of June 5, 2009,

barring Mr. and Mrs. Lewis from filing any action in this Court without first submitting an

attorney certification remains in place.

**IT IS SO ORDERED.**

                                          **s/Algenon L. Marbley**
                                          **UNITED STATES DISTRICT COURT**

**DATE: December 16, 2009**

---

Rule 11 applies to attorneys and to parties proceeding *pro se. See Danvers v. Danvers*, 959 F.2d
601, 605 (6th Cir. 1992). The Court may impose sanctions if it determines that subdivision (b)
has been violated. *See* Fed. R. Civ. P. 11(c). Sanctions are discretionary, and the court is to
impose only such sanctions as are "sufficient to deter repetition of such conduct or comparable
conduct by others similarly situated." Fed. R. Civ. P. 11(c)(2). The rule is designed to stem the
flow of vexatious or patently meritless litigation into federal courts.

In ruling on a Rule 11 motion, the Court is not required to make detailed findings of fact
and conclusions of law, but should set forth, at least in narrative form, the basis of the court's
conclusion that sanctions are or are not warranted.  *See Mann v. G & G Manufacturing, Inc*., 900
F.2d 953, 959 (6th Cir. 1990). In reaching its conclusion on this issue, the court must avoid the
use of hindsight, and evaluate whether the challenged position was reasonable at the time the
complaint was filed. *See id.* at 958

[2]The letter specifies, in pertinent part: "**Please do not submit your claim to the court**."
(Doc. 54, Pl. Mot. p. 9.) (emphasis in original).

# Exhibit 8

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Sidney T. Lewis                              :
and Yvonne D. Lewis,
                                             :      Civil Action 2:09-cv-00179
                  Plaintiff
                                             :      Judge Marbley
         v.
                                             :      Magistrate Judge Abel
North American Speciality Ins. Co.
(N.A.S.) Claims Department, *et al.*,         :

                  Defendants                  :

**ORDER**

Plaintiffs Sidney T. Lewis and Yvonne D. Lewis brought this action seeking to re-

litigate claims they have previously sought to raise against the United States and

Huntington National Bank and claims arising out of bankruptcy proceedings. The Court

dismissed their claims on initial screening.  They appealed. The appeal is still pending

before the United States Court of Appeals for the Sixth Circuit.

On June 5, 2009, before entering judgment, the Court declared Sidney T. Lewis

and Yvonne D. Lewis to be vexatious litigators and ordered that they would not be

permitted to proceed *in forma pauperis* in the future without first submitting a certificate

from an attorney certifying that their claims were warranted (doc. 45). Plaintiffs filed a

motion to reconsider that Order, which the Court denied by an Order filed December 16,

2009 (doc. 55). Plaintiffs have filed a notice of appeal from that Order. This matter is

before the Court on plaintiffs' December 29 and December 30, 2009 motions to proceed

on appeal *in forma pauperis* (docs. 57 and 59).

The Court determines that plaintiffs are financially indigent.  The Court must next determine whether the appeal is taken in good faith.  28 U.S.C. §1915(a)(3).  *McGore v. Wrigglesworth,* 114 F.3d 601, 610-11 (6th Cir.  1997).  An appeal is taken in good faith is it raises "any issue not frivolous."  *Coppedge v.  United States,* 369 U.S. 438, 445 (1962).  A complaint is frivolous when plaintiff "cannot make any claim with a rational or arguable basis in law or in fact."  *Lawler v.  Marshall,* 898 F.2d 1196, 1198 (6th Cir.  1990).  *See also Neitzke v.  Williams,* 490 U.S. 319, 325 (1989).

For the reasons stated in this Court's June 5, and December 16, 2009 Orders declaring plaintiffs vexatious litigators and denying their motion for reconsideration, this Court **CERTIFIES** that there is no arguable factual or legal basis for plaintiff's argument that they are not vexatious litigators, that plaintiffs' appeal would be frivolous, and that their appeal is not taken in good faith.  28 U.S.C. §1915(a)(3).

Accordingly, plaintiffs' December 29 and December 30, 2009 motions to proceed on appeal *in forma pauperis* (docs. 57 and 59) are **DENIED.**

   _s/Algenon L. Marbley_____
Algenon L. Marbley, Judge
United States District Court