UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

RESIDENTIAL CAPITAL, LLC, *et al*.

Debtors.

Case No. 12-12020 (MG)

Jointly Administered

**ORDER DENYING CORLA JACKSON MOTION IN REFERENCE TO STAY ORDER VIOLATIONS AND FRAUD BY GMAC**

On August 14, 2012, Corla Jackson ("Jackson") filed a motion in this Court appearing to allege that the Debtors violated the automatic stay in Jackson's chapter 13 case that was pending but is now dismissed in the United States Bankruptcy Court for the Southern District of Alabama. (*Motion in Reference to Stay Order Violations by GMAC - GMAC Mortgage Violated/Stay Order Violation Re: GMAC Mortgage Fabricated Documents and Sold Jackson Home Illegally*, ECF Doc. # 1229). Jackson alleges that the debtor GMAC Mortgage Corp. ("GMAC Mortgage") illegally foreclosed on her house in Alabama through non-judicial foreclosure.

It is not clear what relief Jackson now seeks from this Court. Debtors opposed Jackson's motion. (ECF Doc. # 1499). The motion was set for hearing on the Court's calendar for September 27, 2012. On September 18, 2012, Jackson filed a motion seeking to adjourn *all* of the numerous hearings scheduled in *Residential Capital* for September 27, 2012. (ECF Doc. # 1517). That motion was denied. (ECF Doc. # 1549). The hearing on Jackson's motion went forward on September 27, 2012, but Jackson did not appear in person or by telephone. For the reasons explained below, Jackson's current motion (ECF Doc. # 1229) is **DENIED.**

1

## I.   BACKGROUND

Jackson had previously filed a motion seeking to lift the automatic stay to permit her to proceed with a damages action she filed against GMAC Mortgage in Alabama state court. (ECF Doc. # 856). That motion was denied on August 16, 2012 in a written Memorandum Opinion and Order Denying the Jackson Motion to Lift the Automatic Stay. ("Jackson Opinion," ECF Doc. # 1184). In the Jackson Opinion, the Court stated that "Jackson's allegations about misconduct by GMAC Mortgage are serious, and the Court's decision that the stay remains in place reflects no judgment that her claims lack merit. Like many others asserting claims against the Debtors, Jackson cannot jump to the head of the line to pursue her damages claims in another forum." *Id.* at 2. Because Jackson remains in possession of the house, the Debtors acknowledged that unless Jackson voluntarily relinquishes possession of the property, a judicial proceeding in Alabama would need to be brought to evict her. "Jackson can assert any *defenses* to eviction permitted by state law if and when anyone seeks to recover possession of the Property." *Id.* at 2 n.2. Additionally, the Court made clear that Jackson can file a proof of claim in this case—"Damages claims against the Debtors, as in the Jackson Litigation, are the usual grist for the bankruptcy claims allowance process . . . ." *Id.* at 9.

In her current motion, Jackson makes two allegations against Debtor GMAC Mortgage. First, Jackson alleges that GMAC Mortgage violated the automatic stay in her chapter 13 case in the Southern District of Alabama when GMAC Mortgage foreclosed on her house (the "Property"). (ECF Doc. # 1229). Second, Jackson alleges that GMAC Mortgage used fraudulent documentation and illegal means to foreclose on the Property. *Id*.

2

## II.    DISCUSSION

As Jackson is a *pro se* litigant, the Court generally applies a less rigorous standard in reviewing pleadings to determine whether there is any basis for relief, even if a request for relief is not clearly spelled out in the motion.  Having reviewed not only Jackson's pleadings filed in this case, but also the files and records of Jackson's three previous chapter 13 cases—now all dismissed—filed in the Southern District of Alabama, the Court concludes that Jackson's current motion must be denied.  The circumstances remain as they were after the Court denied Jackson's lift stay motion.  If Jackson believes she has a claim for damages against GMAC Mortgage, she can file a proof of claim in this bankruptcy case.  If an action is filed against her in state court in Alabama to recover possession of the Property, she can defend the action on any basis permitted by Alabama law, including a defense of wrongful foreclosure.  If Jackson had any claim for violation of the automatic stay in her chapter 13 case, the issue should have been pursued in the Alabama bankruptcy court before the chapter case was dismissed.

Because of the serious nature of the allegations made by Jackson, the Court has nevertheless reviewed the docket in her most recent chapter 13 case to determine whether there appears to be *any* basis for relief in this case.  The Court has also considered information provided to this Court by Debtors' counsel.  The docket in Jackson's chapter 13 case strongly suggests that no stay violations occurred.[1]  If Jackson believes she has been damaged by GMAC

---

[1]    On April 4, 2011, Corla Jackson filed her third chapter 13 bankruptcy petition in the Southern District of Alabama.  *In re Carla R. Jackson*, Case No. 11-01545 (Bankr. S.D. Ala. Apr. 18, 2011) (ECF Doc. # 1).  On July 25, 2011, GMAC Mortgage moved for an order granting relief from the stay.  (ECF Doc. # 42.)  On August 8, 2011, the court conditionally denied the relief.  (ECF Doc. # 59.)  On October 11, 2011, the stay was lifted when Jackson failed to make mortgage payments pursuant to the conditional denial order.  (ECF Doc. # 70).  On October 14, 2011, Jackson moved to reinstate the stay.  (ECF Doc. # 72.)  On December 8, 2011, the court conditionally denied the relief, but the stay was reinstated until GMAC Mortgage satisfied two conditions.  (ECF Doc. # 89.)  First, GMAC had to ensure that "[a] copy of the pre-petition pay history [was] provided to Counsel for the Debtor."  *Id.*  Second, "[c]ounsel for [GMAC] confirm[ed] what interest [GMAC] ha[d] in the loan."  *Id.*  Counsel for Debtors has represented to the Court that on December 5, 2011, GMAC Mortgage sent an email to Jackson's counsel with information satisfying the first condition.  On December 13, 2011, GMAC Mortgage filed an affidavit satisfying the

Mortgage's conduct, she may file a Proof of Claim in this case prior to the November 9, 2012 Bar Date and pursue her claim through the claims allowance process.

## CONCLUSION

Based on the foregoing, the *Motion in Reference to Stay Order Violations by GMAC - GMAC Mortgage Violated/Stay Order Violation Re: GMAC Mortgage Fabricated Documents and Sold Jackson Home Illegally* (ECF Doc. # 1229) is **DENIED**.

**IT IS SO ORDERED.**

Dated:   October 4, 2012
         New York, New York

*Martin Glenn*
MARTIN GLENN
United States Bankruptcy Judge

---

second condition. (ECF Doc. # 91, 92.) On September 27, 2012, an order dismissing Jackson's chapter 13 case was entered for "failure to comply with a consent order." (ECF Doc. # 116.)