**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x
                                                           :
In re:                                                     :    Chapter 11
                                                           :
Residential Capital LLC, et al.,                           :    Case No. 12-12020 (MG)
                                                           :
                    Debtors.                               :    Jointly Administered
                                                           :
---------------------------------------------------------- x

### ORDER APPROVING MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO (I) ESTABLISH INFORMATION SHARING PROCEDURES AND (II) GRANT RELATED RELIEF

Upon consideration of the motion (the "**Motion**"),[1] of the Official Committee of Unsecured Creditors (the "**Committee**") to (i) establish Information Sharing Procedures and (ii) grant related relief; and due and proper notice of the Motion having been provided; and the Court having reviewed the Motion; and there being no opposition to the requested relief; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and this Court having jurisdiction to order the relief provided herein in accordance with 28 U.S.C. §§ 157 and 1334 and Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, Acting C.J.); and this being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given, and no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor:

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

**IT IS HEREBY ORDERED THAT:**

1. The Motion is hereby granted to the extent provided herein.

2. The procedures for the Committee's dissemination of information and compliance with the requirements set forth in section 1102(b) of the Bankruptcy Code are hereby approved.

3. In full satisfaction of the Committee's obligations to provide general unsecured creditors with access to information pursuant to Bankruptcy Code section 1102(b)(3)(A) and (B), the Committee shall establish and maintain the following Information Sharing Procedures, as may be necessary and appropriate, until the earliest to occur of: dissolution of the Committee, dismissal or conversion of these Chapter 11 Cases, or a further order of this Court:

    a. Establish and maintain a Committee Website at www.rescapcommittee.com that provides, without limitation:

        i. General information regarding the Chapter 11 Cases;

        ii. A general overview of the chapter 11 process;

        iii. Contact information for the Debtors (and any information hotlines that they establish), the Debtors' counsel and the Committee's counsel;

        iv. The date by which unsecured creditors must file their proofs of claim;

        v. The voting deadline with respect to any chapter 11 plan of reorganization filed in the Chapter 11 Cases;

        vi. The claims docket, as established by the Debtors;

        vii. The Debtors' monthly operating reports;

        viii. A list of upcoming omnibus hearing dates and the calendar of matters on such hearing dates;

        ix. Answers to frequently asked questions;

   x. Links to other relevant websites (e.g., the Debtors' corporate website, the website of the Debtors' notice, claims and soliciting agent, KCC, LLC, the Bankruptcy Court website and the website of the United States Trustee); and

   xi. An electronic inquiry form for creditors to submit questions and comments.

  b. Establish an email address to allow unsecured creditors to send questions and comments concerning the Chapter 11 Cases (the "**Committee Email Address**").

  c. Establish a call center or other creditor hotline (which telephone number shall be published on the Committee Website), respond to creditor inquiries via telephone, letter, email, facsimile or otherwise, as appropriate, and related services.

  d. Provide a confidential data room, if necessary.

4. If a general unsecured creditor (the "**Requesting Creditor**") makes a written request to the Committee by email or otherwise (the "**Information Request**") seeking the disclosure of additional information (whether through the Committee Website, the Committee Email Address, or otherwise), the Committee will, within fifteen (15) calendar days of receiving the Information Request, respond to the Requesting Creditor through the means deemed most reasonable under the circumstances, either providing access to the information requested (or stating that the Committee will do so) or the reasons for the Committee being unable to comply with the Information Request.

5. The Committee shall not be required to provide or disclose to its non-member constituents, without further order of the Court: (i) the Committee Confidential Material; (ii) any other information whose disclosure would constitute a breach or violation under any agreement or contract to which the Committee (including its members or professionals) are parties; or (iii) any other information the disclosure of which would constitute a waiver of any applicable privilege, including, without limitation, attorney-client privilege and

work-product privilege (collectively, "**Confidential Material**").

6.  Any information received (formally or informally) by the Committee from any entity in connection with an examination pursuant to Bankruptcy Rule 2004 or in connection with any formal or informal discovery in any contested matter, adversary proceeding, or other litigation shall not be governed by the terms of this Order but, rather, by any order governing such discovery.

7.  The Committee shall not be required to provide access to information to any entity that has not demonstrated to the satisfaction of the Committee that it holds claims of the kind described in section 1102(b)(3) of the Bankruptcy Code, nor shall the Committee be required to satisfy an Information Request, which, in its judgment, is unduly burdensome.

8.  If the Requesting Creditor is a competitor or prospective competitor of the Debtors and the information requested may impair the Debtors' business in any material way, no information will be disclosed unless the Court orders such disclosure after notice and a hearing. The determination that a Requesting Creditor is a competitor or prospective creditor shall be reviewable by the Court.

9.  If the Committee denies the Information Request, then the Requesting Creditor must make a good-faith effort to meet and confer with an authorized representative of the Committee regarding the Information Request. If no consensual resolution is reached through such meet and confer, then the Requesting Creditor may file a motion to compel disclosure for cause, which must be served, and will be heard, in accordance with the rules of the Court and the Case Management Order, entered May 23, 2012. The hearing on such motion shall be noticed and scheduled by the Court.

10. To the extent an order of the Court provides that the Committee is

required to provide or disclose Confidential Material, the Committee shall require any Requesting Creditor to enter into a confidentiality agreement reasonably acceptable to the Debtors and the Committee (a "**Creditor Confidentiality Agreement**"), and the Requesting Creditor shall enter into trading restrictions with respect to such Confidential Material, as may be appropriate, and represent that such trading restrictions and any information-screening process complies with applicable securities laws and will reasonably protect the confidentiality of such information; provided, however, that the Committee shall have no responsibility for the Requesting Creditor's compliance with, or liability for violation of, applicable securities or other laws.

11.  Nothing herein shall preclude the Requesting Creditor from requesting (i) the Court to conduct an *in camera* review of the Information Request, or (ii) the Committee to prepare a log or other index of information the Committee believes is responsive to the Information Request, but which the Committee believes to be Confidential Material. In addition, nothing herein shall preclude the Committee from objecting to such requests.

12.  The Committee shall not have or incur any liability to any entity (including the Debtors) for acts taken or omitted as long as the Committee has acted in compliance with the Information Sharing Procedures set forth herein and with the By-Laws. However, the foregoing shall not preclude or curtail the right of any general unsecured creditor or any entity to move the Court for an order requiring the production of other or further information, to the extent available.

13.  As soon as reasonably practicable after entry of this Order, the Committee shall provide notice of the Information Sharing Procedures (the "**Unsecured Creditor Notice**") substantially in the form attached as Exhibit B to the Motion for service on those parties listed in

the Debtors' creditor matrix. The Unsecured Creditor Notice shall advise creditors of the entry of this Order, the address of the Committee Website, and the Committee Email Address.

14. Nothing in this Order shall diminish or otherwise modify the obligations of the Committee or its members under the By-Laws.

15. The Committee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

16. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

17. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

18. The Court retains jurisdiction with respect to all matters arising from or related to the interpretation and implementation of this Order.

Dated: October 4, 2012
      New York, New York

                                              **/s/Martin Glenn**
                                                MARTIN GLENN
                                   United States Bankruptcy Judge