UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
In re:                                              :    Chapter 11
                                                    :
Residential Capital, LLC, et al.,                   :    Case No. 12-12020 (MG)
                                                    :
                    Debtors.                        :    Jointly Administered
                                                    :
------------------------------------------------------------ x

# ORDER AUTHORIZING THE RETENTION OF EPIQ BANKRUPTCY SOLUTIONS, LLC AS INFORMATION AGENT FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

Upon the application (the "**Application**")[1] of the Official Committee of Unsecured Creditors (the "**Committee**") of Residential Capital, LLC and certain of its subsidiaries, debtors and debtors-in-possession (collectively, the "**Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**") for an order authorizing the Committee to employ and retain Epiq Bankruptcy Solutions, LLC ("**Epiq**") as Information Agent to the Committee in accordance with the terms of the Services Agreement, a true and correct copy of which is attached to the Application as **Exhibit C**, all as more fully set forth in the Application; and this Court having jurisdiction to order the relief provided herein in accordance with 28 U.S.C. §§ 157 and 1334 and Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, Acting C.J.); and this being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been given, and no other or further notice need be provided; and the relief requested in the Application being in the best interests of the Debtors and their estates and creditors; and the Court having reviewed the Application and the Horwitz Declaration; and there

---

[1] Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Application.

being no opposition to the requested relief; and the Court having determined that the legal and factual bases set forth in the Application and the Horwitz Declaration establish just cause for the relief granted herein; and the Court being satisfied based on the representations made in the Application and the Horwitz Declaration that Epiq is "disinterested" as that term is defined under section 101(14) of the Bankruptcy Code, and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is granted to the extent provided herein.

2. The Committee is authorized, pursuant to section 1103(a) of the Bankruptcy Code, to employ and retain Epiq as their Information Agent in accordance with the terms and conditions of the Services Agreement, as generally described in the Application and the Horwitz Declaration, *nunc pro tunc* to May 22, 2012.

3. Epiq is authorized to render the following professional services, as may be necessary and appropriate:

   (i) Establish and maintain a website (the "**Committee Website**") at www.rescapcommittee.com that provides, without limitation:

   (1) General information regarding the Chapter 11 Cases;

   (2) A general overview of the chapter 11 process;

   (3) Contact information for the Debtors (and any information hotlines that they establish), the Debtors' counsel and the Committee's counsel;

   (4) The date by which unsecured creditors must file their proofs of claim;

   (5) The voting deadline with respect to any chapter 11 plan of reorganization filed in the Chapter 11 Cases;

   (6) The claims docket, as established by the Debtors;

      (7)    The Debtors' monthly operating reports;

      (8)    A list of upcoming omnibus hearing dates and the calendar of matters on such hearing dates;

      (9)    Answers to frequently asked questions;

      (10)    Links to other relevant websites (e.g., the Debtors' corporate website, the website of the Debtors' notice, claims and soliciting agent, KCC, LLC, the Bankruptcy Court website and the website of the United States Trustee); and

      (11)    An electronic inquiry form for creditors to submit questions and comments.

(ii)    Establish an email address to allow unsecured creditors to send questions and comments concerning the Chapter 11 Cases;

(iii)    Provide a call center or other creditor hotline, respond to creditor inquiries via telephone, letter, email, facsimile or otherwise, as appropriate, and related services (which shall be published on the Committee Website);

(iv)    Assist the Committee with certain administrative tasks, including, but not limited to, printing and serving documents as directed by the Committee and its counsel; and

(v)    Provide a confidential data room, if necessary.

4.    The Debtors are authorized and directed to compensate Epiq on a monthly basis in accordance with the terms and conditions of the Services Agreement, upon Epiq's submission to the Committee, the Debtors and the United States Trustee of monthly invoices summarizing in reasonable detail the services rendered and expenses incurred in connection therewith.

5.    The Committee, the Debtors, and the United States Trustee shall have ten business days to advise Epiq of any objections to the monthly invoices. If a timely objection is raised to an Epiq invoice, the Debtors will remit to Epiq only the undisputed portion of the invoice and, if applicable, will pay the remainder to Epiq upon the resolution of the dispute. All

objections that are not resolved by the parties shall be preserved and presented to the Court by the objecting party at the next interim or final fee application hearing to be heard by the Court.

6. Notwithstanding the previous paragraphs 4 and 5, Epiq will (a) file a final fee application, and (b) submit monthly fee statements in the event that Epiq's fees exceed $2,000 during any given month. Such fee applications and statements will be filed consistent with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, orders of the Court, the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated July 17, 2012, the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, dated November 25, 2009, and the United States Trustee Fee Guidelines (collectively, the "**Fee Guidelines**").

7. No less than ten business days prior to effecting any increases in the rates set forth in the Application and Horwitz Declaration, Epiq shall file, and provide notice to the Debtors and the United States Trustee, a supplemental declaration with the Court, which explains the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and indicates whether the Committee has received notice of and approved the proposed rate increase.

8. Epiq shall use its reasonable best efforts to avoid any duplication of services provided by any of the Committee's other retained professionals in these Chapter 11 Cases.

9. To the extent the terms of this Order are in any way inconsistent with the Application or Horwitz Declaration, the terms of this Order shall govern.

10. The Committee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

11. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

13. The Court retains jurisdiction with respect to all matters arising from or related to the interpretation and implementation of this Order.

14. Notice of the Application as provided herein shall be deemed good and sufficient notice of the Application.

Dated:    October 4, 2012
         New York, New York

                                              _____/s/Martin Glenn_____
                                                   MARTIN GLENN
                                              United States Bankruptcy Judge