Hearing Date and Time: October 10, 2012 at 10:00 a.m. (ET)
Objection Deadline: October 4, 2012 at 4:00 p.m. (ET)

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Douglas H. Mannal
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the Official*
*Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
In re:                                            :    Chapter 11
                                                  :
Residential Capital, LLC, <u>et</u> <u>al.</u>,   :    Case No. 12-12020 (MG)
                                                  :
                       Debtors.                   :    Jointly Administered
                                                  :
------------------------------------------------------------ x

**SUPPLEMENTAL OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO (A) THE DEBTORS' MOTION FOR ENTRY OF AN ORDER UNDER BANKRUPTCY CODE SECTION 363 AND BANKRUPTCY RULE 6004 (I) AUTHORIZING THE DEBTORS TO COMPENSATE PRICEWATERHOUSECOOPERS, LLP FOR FORECLOSURE REVIEW SERVICES IN FURTHERANCE OF THE DEBTORS' COMPLIANCE OBLIGATIONS UNDER FEDERAL RESERVE BOARD CONSENT ORDER AND (II) REAFFIRMING RELIEF GRANTED IN THE GA SERVICING ORDER, (B) PEPPER HAMILTON RETENTION APPLICATION, AND (C) HUDSON COOK RETENTION APPLICATION**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

    The Official Committee of Unsecured Creditors (the "**Committee**") of the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") hereby files this supplemental objection (the "**Supplemental Objection**") to (A) the Debtors' Motion for Entry of an Order Under Bankruptcy Code Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensate PricewaterhouseCoopers, LLP for Foreclosure Review Services in Furtherance of the Debtors' Compliance Obligations Under Federal Reserve Board Consent

Order and (II) Reaffirming Relief Granted in the GA Servicing Order, (B) Pepper Hamilton Retention Application, and (C) Hudson Cook Retention Application (collectively, the "**Motions**").[1] In support of the Supplemental Objection, the Committee respectfully submits as follows:

## OBJECTION

1. While the Committee continues to believe it is inappropriate for the Debtors to pay PwC and the Law Firms more than $250 million to conduct a historical foreclosure review that will only yield between $35 and $60 million in remediation payments to affected borrowers, and that AFI should bear the cost of any such review during the pendency of the bankruptcy cases pursuant to the FRB Engagement Letter and supplemental agreement with the FRB,[2] in light of the Court's statements at the September 27, 2012 hearing and based upon discussions with the Debtors, if the Court is inclined to grant the Motions, the Committee would support approval of such Motions on an interim 90-day basis.

2. Interim relief has several benefits. First, it insures that the requirements of the Consent Order will be met without interruption or uncertainty over the near term while the sale of the Debtors' mortgage platform is proceeding. Second, interim relief will provide the Committee (as well as ResCap and AFI) with an opportunity to undertake a serious review of the PwC work plan and determine whether the obligations under the Consent Order can be met in a more efficient and less expensive manner. For example, the Committee understands that the

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motions.

[2] Specifically, the supplemental agreement entered into between AFI and the Federal Reserve Bank of Chicago on April 26, 2012 (the "**Supplemental Agreement**"), provides that "[i]f ResCap commences cases or is otherwise subject to protection under the [Bankruptcy] Code, Ally will be secondarily liable for the obligations to timely pay any portions of: (a) the fee that ResCap owes PricewaterhouseCoopers . . . to complete the foreclosure review required under paragraph 3(a) of the Consent Order, and (b) the monetary reimbursement or remediation payments under a remediation plan approved by the Federal Reserve under paragraphs 3(c) and 3(d) of the Consent Order." Supplemental Agreement ¶ 1(a)-(b).

PwC work plan contemplates a sampling review of more than 20,000 loan files. This equates to an approximate average cost of more than $11,000 per loan file to assess potential problems in loans subject to review.  At an average cost of $300 per hour, this plan contemplates an average of more than 36 hours devoted to a review of each individual loan.  Even a modest adjustment to the sample size or to the time devoted to reviewing each loan could materially reduce the cost of the project without interfering with the obligations under the Consent Order.  This is particularly important to the Committee since the cost of this project represents a significant percentage of the distribution the Debtors project may be available to unsecured creditors. Third, interim relief will enable the Committee (together with ResCap and AFI) to assess the initial results of the PwC review and determine whether the initial loan file review has identified flaws or problems in the foreclosure process, the nature and scope of the flaws, and the appropriate means to address the problems. This information will permit the Committee to credibly explore alternatives to the present review plan that would be more cost effective for the Debtors and provide greater real value to the borrowers who have suffered actual losses in the foreclosure process.  At the end of 90 days, the Court will have the opportunity to consider, with substantially more information in hand, whether the proposed work plan is reasonable, whether modifications should be required and whether continued financial responsibility should be borne by ResCap or AFI.[3]

       3.      The Committee has consulted with the Debtors on this approach and understands that the Debtors would be supportive of approval of the Motions on a 90-day interim basis.  The Committee is prepared to commence discussions with the Debtors and the FRB, AFI

---

[3] Consistent with this approach, the Committee is also willing to temporarily put discovery efforts on hold with respect to the Motions while the Committee explores business options with the various parties in interest regarding the Consent Order.  If discovery is ultimately needed in connection with the approval of the Motions on a final basis, the Committee would be able to pursue discovery on a less expedited timeframe.

and PwC in the near term to address the foregoing issues, among others, and work collectively towards tailoring the foreclosure review process going forward in such a manner that will provide the greatest benefit to affected borrowers and the Debtors' estates.

### RESERVATION OF RIGHTS

4. The Committee expressly reserves all of its rights to supplement and amend this Supplemental Objection, seek discovery with respect to same, and introduce evidence at any hearing relating to the Motions, including a final hearing on the requested relief.

### CONCLUSION

WHEREFORE, the Committee respectfully requests that the Court grant the relief sought by the Motions on an interim basis as provided herein, and grant such other and further relief as may be just and proper.

Dated: New York, New York
      October 4, 2012

KRAMER LEVIN NAFTALIS & FRANKEL LLP

/s/ Kenneth H. Eckstein
Kenneth H. Eckstein
Douglas H. Mannal
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000
*Counsel for the Official*
*Committee of Unsecured Creditors*