Paul N. Papas II, *pro se*
4727 E Bell Rd.
Ste 45-350
Phoenix, AZ 85032
602-493-2016
Paul_Papas@MyLegalHelpUSA.com



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

RESIDENTIAL CAPITAL, LLC
a/k/a RESIDENTIAL CAPITAL CORPORATION
1177 Avenue of the Americas
New York, New York 10036
Debtor

Chapter 11
Case No. 12-12020-mg
Joint Administration Pending

## REPLY TO DEBTOR ResCap/GMAC OPPOSITION TO MOTION TO CONVERT THE DEBTOR TO CHAPTER 7

1. Debtor ResCap/GMAC does state in their Opposition to this Claimant/Creditor's Motion to Convert the Debtor ResCap/GMAC Chapter 11 Bankruptcy to Chapter 7(**Docketed 1472**) that they could not find any legal or factual support for the conversion while they fail to deny the facts within the Motion or its Memorandum in Support (**Docketed 1547**) or the evidence which was attached and incorporated by reference to the Motion and Memorandum in Support. Therefore they ADMIT to those facts and evidence not denied. It may be easier for Debtor ResCap/GMAC to ignore what is unpleasant for them to address, however by failing to address the facts and evidence they have admitted to those facts and evidence. The specifics will be addressed below.

2. Debtor ResCap/GMAC spends a lot of time within their Opposition to this Claimant/Creditor's Motion to Convert the Debtor ResCap/GMAC to Chapter 7 on the

1

*Gilbert Motion* when not much time is needed. This Claimant/Creditor stated in his Motion to Covert the Debtor ResCap/GMAC to Chapter 7 that he relies upon, "*as it relates to remedies for the Debtor ResCap/GMAC's fraudulent activities.*" The discussion of the *Gilbert Motion* beyond the remedies is irrelevant as it does not apply to the Motion To Convert the Debtor to Chapter 7. This is typical behavior of the Debtor ResCap/GMAC to only tell a part of the story to the Courts – hoping to hoodwink the Courts into believing Debtor ResCap/GMAC's fiction in order that the Court may adopt the fiction as the truth.

**3. Debtor ResCap/GMAC fails to Deny, therefore ADMITS to the following in this Claimant/Creditor's Motion To Convert Debtor ResCap/GMAC to Chapter 7 and its attached and incorporated by referenced Exhibits:**

Debtor ResCap/GMAC ADMITS: This Claimant's grounds for relief are that the properties upon which the Claimant has a claim do not now nor have they ever been an asset of the bankruptcy estate;

Debtor ResCap/GMAC ADMITS: The assignments to the Debtor ResCap/GMAC are invalid;

Debtor ResCap/GMAC ADMITS: Their position is merely unsubstantiated servicers with respect to the Claimant's properties and not the owners, therefore the filed Schedules of Liabilities and Assets are fraudulent filings;

Debtor ResCap/GMAC ADMITS: They have conducted fraudulent transfers violating the Uniform Fraudulent Transfer Act;

Debtor ResCap/GMAC ADMITS: After seeking bankruptcy protection Debtor ResCap/GMAC continued to file pleadings in state Courts affecting this Claimant;

Debtor ResCap/GMAC ADMITS: They have failed to take steps to vacate these filing and have unfairly and unreasonably placed the burden upon this Claimant when they continued to file pleadings in state Courts affecting this Claimant/Creditor;

Debtor ResCap/GMAC ADMITS: The Debtor ResCap/GMAC's actions have been and continue to be in furtherance of their racketeering scheme to commit fraud upon this Court and the public at large using the US Mail and wire transmissions in violation of 18 USC § 1961, *et seq*;

Debtor ResCap/GMAC ADMITS: Thus far the Debtor ResCap/GMAC has not accurately listed its assets and liabilities. As an example, the Debtor ResCap/GMAC has served notice upon a homeowner that it intends to auction their property EVEN AFTER sending the homeowner a Notice that the Mortgage *Is Paid In Full*. This property is not listed in the Debtor ResCap/GMAC list of assets and liabilities;

Debtor ResCap/GMAC ADMITS: The Debtor ResCap/GMAC was required to file all court documents signed with a statement certifying that all relevant information is both truthful and completely accurate. The intentional failure to provide accurate information regarding bankruptcy cases compromises the outcome of this matter and is a Federal crime. The Debtor ResCap/GMAC used the United States Mail and wire transmissions to file and serve the Court documents in this matter;

Debtor ResCap/GMAC ADMITS: The Debtor ResCap/GMAC was required to file accurate statements listing their assets and liabilities under the pains and penalties of perjury and they have not done so. *Initially this Court would presume the Debtor ResCap/GMAC's filings were done in good faith, as they would with any Debtor ResCap/GMAC. However, once evidence has been presented to the contrary this Court can determine based upon subsequent evidence that the filings were done in bad faith;*

Debtor ResCap/GMAC ADMITS: The Debtor ResCap/GMAC has clearly made their presence known in various Court documents in various states in each of the properties

3

that are the subject of, and the basis of this Claimant's filed and accepted Proof of Claim dated June 26, 2012. The Debtor ResCap/GMAC used the United States Mail and wire transmissions to file and serve the Court documents in those matters;

Debtor ResCap/GMAC ADMITS: Debtor ResCap/GMAC does not have a plan as to how they will change their business plan to prevent a repeated financial bankruptcy. Hear their words beginning at the 17:30 mark of the July 27, 2012 adjourned 341 Creditor's Meeting . If you always do what you've always done, you'll always get what you've always got. A business that does not have a plan, has a plan for failure. Chapter 11 allows the Debtor ResCap/GMAC to continue to do business while they restructure themselves with some supervision. Since the Debtor ResCap/GMAC has not decided what it needs to change, then it has shown that it requires the strict supervision of Chapter 7;

Debtor ResCap/GMAC ADMITS: Fannie Mae sold 71 Settlers Lane, Marlboro, MA to PATI Real Estate Holdings, LLC , one of the 51 Debtor ResCap/GMAC entities in this matter, on October 12, 2011 for One Dollar, a copy of the recorded deed is attached and incorporated by reference. On May 14, 2012 Debtor ResCap/GMAC filed a voluntary Chapter 11 bankruptcy petition. On June 30, 2012 Debtor ResCap/GMAC filed its Schedules of Assets and Liabilities enumerating their financial conditions. On July 27, 2012 at the adjourned 341 Creditor's Meeting beginning at 6:31, the Schedules of Assets and Liabilities of the 51 Debtor ResCap/GMAC's entities were affirmed as being truthful. Attached and Incorporated by reference are pages 2 and 18 along with Schedule A of docket number 552 which clearly state PATI Real Estate Holdings, LLC does NOT own one property. If we are to believe the Registry of Deeds is correct that PATI Real Estate Holdings, LLC currently has the title of the property in Marlboro, MA then we have to believe that the affirmed Schedules of Assets and Liabilities of the Debtor ResCap/GMAC are Fraudulent and the Debtor ResCap/GMAC has committed Bankruptcy Fraud using wire transmissions and the US Mail to further their scheme. The Debtor ResCap/GMAC has violated the Uniform Fraudulent Transfer Act with its title transfers with respect to this property;

4

Debtor ResCap/GMAC ADMITS: In June of 2012 Debtor ResCap/GMAC foreclosed on 8025 E Krail Street, Scottsdale, Arizona and "sold" the property to Fannie Mae then posted a Notice on the property telling the residents that they need to vacate the property, which is attached to this Creditor's docket number 699. A year earlier, Debtor ResCap/GMAC did the same thing with this same property, then a few months later they rescinded the "sale" to Fannie Mae. The current "sale" to Fannie Mae came after the mortgage holder received a "Paid in Full Notice" from GMAC. The County records do NOT show GMAC or Fannie Mae owning the E Krail Street property. The issue before this Court is that once again the affirmed Schedules of Assets and Liabilities of Debtor ResCap/GMAC do NOT list 8025 E Krail Street, Scottsdale, Arizona as an asset of theirs and once again that the affirmed Schedules of Assets and Liabilities of the Debtor ResCap/GMAC are Fraudulent and the Debtor has committed Bankruptcy Fraud using wire transmissions and the US Mail to further their scheme. The Debtor ResCap/GMAC has violated the Uniform Fraudulent Transfer Act with its title transfers with respect to this property;

Debtor ResCap/GMAC ADMITS: When the Debtor ResCap/GMAC was asked, at the July 27, 2012 adjourned 341 Creditor's Meeting, from about the 54 minute mark about Schedules of Assets and Liabilities of the Debtor ResCap/GMAC and the DebtorResCap/GMAC's failure to list the 120 properties that this Creditor has an interest in, to which the answer was that the Debtor ResCap/GMAC would have to look into it. Thus far the Debtor ResCap/GMAC has not contacted this Creditor about the 120 properties that are not listed;

Debtor ResCap/GMAC ADMITS: In addition, Debtor ResCap/GMAC has filed documents in this matter, all at least subject to Rule 11 that they are the nation's forth largest Servicer of Mortgages and that may be true. The Debtor ResCap/GMAC's Vision website clearly states that ResCap is a Servicer, see attached and incorporated by reference page four of the Investor's Guidebook. The same Vision website indentifies ResCap as being a Servicer and others such a Wilmington Trust as being the owners, and others such as New York Bank as being the Trustee of portions of the Securitized Notes.

Securitization means that the Notes are sold in tranches to investors on Wall Street. What is relevant to this Court is that the Debtor ResCap/GMAC does not own the Notes either. The securitization of the Notes is good for the firms underwriting the mortgage-backed bonds because they could sell the various pieces for more money than the sum of the whole. *(see: All The Devils Are Here – The Hidden History Of The Financial Crises, by Bethany McLean and Joe Nocera,© 2010 page 8.)*;

Debtor ResCap/GMAC ADMITS: The history of the Debtor ResCap/GMAC is a little confusing because their website on October 5, 2010 said:

History

GMAC Mortgage came into existence in 1985 when it acquired the mortgage loan operations of the Colonial Mortgage Service companies and the servicing arm of the former Norwest Mortgage, Inc.
1985: GMAC acquires Colonial Mortgage Service Company as well as the loan administration and servicing portfolio of Norwest Mortgage and becomes GMAC Mortgage.
1990: GMAC Mortgage acquires Residential Funding Corporation
1998: Purchased 1st mortgage servicing rights from Wells Fargo
1998: GMAC Mortgage announces formation of GMAC Home Services and acquisition of Better Homes and Gardens? Real Estate Service
1998: Purchased 400,000 conforming loans from Capstead making it the largest servicing-only acquisition in the company's history.
1999: Acquired primarily all the assets of DiTech Funding Corp. (now know n as ditech.com, LLC) to increase the company's e-commerce presence on the Internet.
2000: GMAC Residential was given conditional approval to form GMAC Bank.
2003: GMAC Mortgage announces the formation of CalDirect, the premiere mortgage lender for California homeowners.
2004: GMAC Mortgage converts servicing to single platform (DSU), acquires Pacific Republic Mortgage to grow business in the West, and achieves second best earnings ever with $262 million and $89 billion in lending production.
2005: GMAC Residential celebrates its 20th year with GMAC. GMAC also announced the official launch and initial funding of our new parent holding company, Residential Capital, or ResCap, a global real estate finance business created from the combined strength and experience of GMAC Residential and GMAC-RFC.
2006: GMAC Residential and GMAC-RFC continue the integration process and form the Residential Finance Group (RFG) under GMAC ResCap.
2007: The home offices of GMAC Mortgage and GMAC Bank relocate from its Horsham, PA headquarters to a facility in Fort Washington, PA.
2009: GMAC Bank becomes Ally Bank
2010: GMAC Inc is rebranded to Ally Financial Inc

See the attached and incorporated by reference Debtor ResCap/GMAC webpage printed October 5, 2010 for the above information, which is attached to the Motion To Convert

6

October 2001 recorded in Book 34988 and Page 025 at the Registry of Deeds in the Southern District of Middlesex County in Massachusetts which appears to grant signatory authority to several employees of Harmon Law Office, PC. This October 31, 2001 recorded document is one of the documents that William Hultman later stated in sworn testimony that he did not have the authority to sign. Since William Hultman did not have the authority to make such appointments any documents that where signed for and behalf of MERS, as a result of a William Hultman appoint, are void. What is relevant to this Court is that any mortgages that GMAC may have had assigned to them from MERS, that are the result of a William Hultman appointment, are actually still with MERS and this includes the above Settlers Lane and E Krail Street properties. Considering the large volume of mortgages being processed through MERS it highly likely that most, or nearly all of the mortgages the Debtor ResCap/GMAC claim to hold, are not theirs at all. The Debtor ResCap/GMAC has already admitted in two state Courts, with Admissions to this Claimant that MERS only handles Mortgages and not Notes;

Debtor ResCap/GMAC ADMITS: The information that Debtor ResCap/GMAC provides shows that they are a servicer and not the owner of the mortgages. If the Debtor ResCap/GMAC is not the owner of the mortgages and does not own the Notes, then the Schedules of Assets and Liabilities showing they own properties are fraudulent and the Debtor ResCap/GMAC has committed Bankruptcy Fraud using wire transmissions and the US Mail to further their scheme. The Debtor ResCap/GMAC has violated the Uniform Fraudulent Transfer Act with many properties by it's' title transfers;

Debtor ResCap/GMAC ADMITS: The Enterprise that the Debtor ResCap/GMAC has engaged in is the foreclosures using wire transmissions and the US Mail to further their scheme. The Debtor ResCap/GMAC has violated the Uniform Fraudulent Transfer Act with many properties by it's' title transfers;

Debtor ResCap/GMAC ADMITS: Even though the properties with which this Claimant and the Debtor ResCap/GMAC are engaged do not appear on the Debtor ResCap/GMAC's Schedule A, the Debtor ResCap/GMAC has sent notices stating that

8

the Debtor ResCap/GMAC is intending to sell the properties at public action. One of the notices was sent to a property in which the Debtor ResCap/GMAC had already notified the Claimant that the mortgage has been paid in full. The Debtor ResCap/GMAC should not be trying to sell properties that it does not own. The Debtor ResCap/GMAC should not be trying to sell the assets of this Claimant;

Debtor ResCap/GMAC ADMITS: It is not possible for this Court or this Claimant to accurately identify the assets and liabilities of the Debtor ResCap/GMAC. This Claimant will not be a party to or enable the Debtor ResCap/GMAC to continue their fraudulent scheme in this or any other Court. This Claimant will not be a party to the Debtor ResCap/GMAC's previous or continuing racketeering activities in violation of 18 USC § 1961, *et seq*;

Debtor ResCap/GMAC ADMITS: The Debtor ResCap/GMAC has also violated the Uniform Fraudulent Transfer Act (UFTA) which is codified in 47 states. In two different states the Debtor ResCap/GMAC has admitted that they never held the mortgage and did not posses the legal ability to foreclose. The Debtor ResCap/GMAC also admitted that MERS did not have the authorized signatories at the time the assignments were made to the Debtor ResCap/GMAC. The Debtor ResCap/GMAC also admitted that MERS is only permitted to accept mortgages, and not Notes. The Debtor ResCap/GMAC also admitted they did not posses the Notes, and that they needed both the Mortgage and the Note in order to collect the payments and to foreclose. The Debtor ResCap/GMAC also admitted that it violated the UFTA. It is most likely that most of the mortgages the Debtor ResCap/GMAC claims to hold are in fact not theirs;

Debtor ResCap/GMAC ADMITS: The exact value of the bankruptcy estate is not known. The business affairs of the Debtor ResCap/GMAC are not sufficiently known to enable a Creditor to make an informed judgment about the Debtor ResCap/GMAC's plan of reorganization, which they have said does not exist. This Debtor ResCap/GMAC's petition should be converted to Chapter 7 Bankruptcy because of the Debtor

ResCap/GMAC's various violations of section 1112 (b) (1), *In re Setzer*, 47 B.R. 340, 345 (Bankr. E.D.N.Y. 1985), 11 USC §152, and 18 USC section 1961, *et seq.*

Debtor ResCap/GMAC ADMITS: That Debtor ResCap/GMAC has committed Bankruptcy Fraud, has violated 18 USC 1961, et seq with its Enterprise of fraudulent foreclosures while using the US Mail and wire transmissions, has violated the Uniform Fraudulent Transfer Act and therefore acted in bad faith all of which provide grounds to convert the Debtor ResCap/GMAC to Chapter 7.

Based on the above ADMISSIONS of Debtor ResCap/GMAC this Claimant/Creditor's Motion to Convert the Debtor ResCap/GMAC to Chapter 7 as Debtor ResCap/GMAC's bad faith has been established by a preponderance of the evidence. See In re AdBrite Corp., 290 B.R. 209, 218 (Bankr. S.D.N.Y. 2003) despite Debtor ResCap/GMAC claim in paragraph seven of their opposition that "[e]verything that has occurred in this case since the petition date would establish to the contrary."

**4. In addition Debtor ResCap/GMAC fails to Deny, therefore ADMITS to the following in this Claimant/Creditor's Memorandum Of Support Of his Motion To Convert Debtor ResCap/GMAC to Chapter 7 and its attached and incorporated by referenced Exhibits:**

Debtor ResCap/GMAC ADMITS to paragraphs one through twenty four of the Memorandum in Support of his Motion To Convert Debtor ResCap/GMAC to Chapter 7, which is incorporated by reference and signed by four Creditors of Debtor ResCap/GMAC.

5. It is obvious that Debtor ResCap/GMAC does not want to have to answer to anyone so they can continue their fraudulent ways in this Court, against the Creditors, against the United State Treasury, and against the Untied States Taxpayers as they boldly proclaim in their Opposition dated October 1, 2012 they are going to sell assets, *despite*

*the many objections filed,* which include the September 24, 2012 objection of this Claimant/Creditor's **docketed at 1605**. Debtor ResCap/GMAC has used the US Mail and wire transmissions in furtherance of their scheme and Enterprise of fraudulent foreclosures. The Debtor ResCap/GMAC has violated 18 USC 1961, *et seq* while also violating the Uniform Fraudulent Transfer Act.

- This Claimant/ Creditor does not know, nor do any other Creditors or this Court know which assets the Debtor ResCap/GMAC actually own.
- If Debtor ResCap/GMAC claims they received the mortgages from MERS, then as shown above, we know they don't own them.
- If Debtor ResCap/GMAC sold any assets to the United States Treasury Department, then they are trying to be paid twice for the same assets.
- If Debtor ResCap/GMAC sold assets that they do not own to United States Treasury Department, then that is fraudulent and the Treasury will deal with that crime.

THEREFORE for the above stated reasons this Claimant/Creditor has met his burden and Debtor ResCap/GMAC Chapter 11 Bankruptcy should be converted to Chapter 7. The Notice of the Hearing on this Motion to Convert the Debtor ResCap/GMAC to Chapter 7 is **docketed at 1607.**

Dated October 3, 2012

Paul N. Papas II, *pro se*

Affidavit in Support

I, Paul N. Papas II, state and depose the above information is true based upon personal observation, knowledge and belief under the pains and penalties of perjury dated this 3rd day of October 2012.

Paul N. Papas II, *pro se*

11

Certificate Of Service

I have served a copy of this upon; United States Trustee, Tracey Hope Davis, 33 Whitehall Street, 21st Floor, NY, NY 10004; Attorney Larren M. Nashelsky, MORRISON & FOERSTER, LLP, 1290 Avenue of the Americas, NY, NY, 10104 and Attorney Wendy Allison Nova, 210 Second Street NE, Minneapolis, MN 55413 by email and/or by Regular Mail as well as those on the October 1, 2012 notice list.
Dated October 3, 2012

_____
Paul N. Papas II, *pro se*