**Hearing Date: October 10, 2012 at 10:00 a.m. (ET)**

NICHOLS KASTER, LLP
Robert L. Schug (admitted *pro hac vice*)
One Embarcadero Center
Suite 720
San Francisco, CA 94111
Telephone: (415) 277-7235
Fax: (415) 277-7238
E-Mail: rschug@nka.com

*Bankruptcy Counsel for Plaintiffs*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------X
| **In re:** | : | |
| --- | --- | --- |
| | : | **Chapter 11** |
| **Residential Capital, LLC,** *et al.*, | : | |
| | : | **Case No. 12-12020 (MG)** |
| **Debtors.** | : | |
| | : | **Jointly Administered** |
------------------------------------------------------X

**REPLY MEMORANDUM IN SUPPORT OF MOTION OF DEBORAH BOLLINGER
AND BRYAN BUBNICK FOR RELIEF FROM AUTOMATIC STAY AS TO GMAC
<u>MORTGAGE, LLC AND RESIDENTIAL CAPITAL, LLC</u>**

Movants Deborah Bollinger and Bryan Bubnick ("Plaintiffs") submit this reply to Debtors' Objection to the Motion of Deborah Bollinger and Bryan Bubnick for Relief from the Automatic stay as to GMAC Mortgage, LLC and Residential Capital, LLC, dated October 3, 2012 (ECF No. 1706).

## ARGUMENT

Plaintiffs submit this reply memorandum to address three specific arguments raised by Debtors relating to: (1) the purported burden that would be put on the Debtors if they were forced to proceed through trial; (2) the costs and timing of the trial; and (3) the prejudice to Plaintiffs and the members of the Fair Labor Standards Act collective class if the automatic stay remains in place.

First, although Debtors argue that a trial in the Washington Action would significantly interfere with the administration of the Chapter 11 Cases due to its "size and complexity," this is largely exaggerated. Aside from potential additional discovery on the discrete issue of Ally Financial's recent claim that it is not an "employer" under the FLSA, discovery has been over for several months. (*See* Schug Decl., Ex. B (Scheduling Order).) And although Debtors claim, without support, that trial will last "as long as three weeks," this is very unlikely. As Debtors acknowledge, two of the most significant and vigorously-contested issues in the case have already been decided. In its order on the parties' cross-motions for summary judgment, the district court granted summary judgment in Plaintiffs' favor on (1) Defendants' administrative exemption defense, and (2) Defendants' good faith defense under 29 U.S.C. § 259. (Schug Decl., Ex. C (Order).) The only issues left to be tried are the number of hours worked by Plaintiffs and the members of the FLSA collective class (i.e., damages), and whether Defendants' violation of the FLSA was willful.

1

It is very unlike that it will take three weeks to try this case. Plaintiffs estimate that it will take no more than ten days. With regard to the number of hours worked by Plaintiffs and the members of the collective class, proof on damages in FLSA collective actions is presented through representative proof. Only a small number of Plaintiffs will be required to testify. *See, e.g.*, *U.S. Dep't of Labor v. Cole Enters., Inc.*, 62 F.3d 775, 781 (6th Cir.1995) ("The testimony of fairly representative employees may be the basis for an award of back wages to nontestifying employees."); *Baden-Winterwood v. Life Time Fitness, Inc.*, 729 F. Supp. 2d 965, 995-97 (S.D. Ohio 2010) (utilizing testimony of representative plaintiffs to set damages for nontestifying plaintiffs*); McLaughlin v. Ho Fat Seto*, 850 F.2d 586, 589 (9th Cir. 1988) (non-testifying employees established they had worked unreported hours through the testimony of 5 testifying plaintiffs). Likewise, willfulness will be proven through documentary evidence, the testimony of the testifying Plaintiffs, and the testimony of a small number of the Defendants' employees. Although some of Debtors' employees will have to testify, they will be occupied for less than a day each, not for the full trial period.

Second, the Court should also give little weight to Debtors' argument that trial will be too costly, and that actual trial preparations have not begun. All of the Defendants in the Washington Action—GMAC Mortgage, Residential Capital, and Ally Financial—are represented by the same counsel, Jackson Lewis. The case has not been stayed as to Ally Financial, who is not a debtor. Because trial is already set to go forward with respect to Ally Financial on all of the same issues identified above, lifting the stay so that the Debtors must also appear should not cause any additional burden.

Third, Debtors' argument that Plaintiffs will suffer "virtually no hardship" if the stay remains in place is also wrong. Many Plaintiffs in this case worked for Defendants as mortgage

underwriters as long as five years ago. Given this passage of time, Plaintiffs would unquestionably be prejudiced by further delays in light of the potential for unavailability of witnesses and the inevitable dulling of witness' memories.

## CONCLUSION

For all of the reasons set forth herein, this Court should grant Plaintiffs relief from the automatic stay to litigate their claims for unpaid overtime, and the claims of the opt-in Plaintiffs, in the United States District Court for the Western District of Washington.

Dated:  October 5, 2012
San Francisco, California

Respectfully Submitted,

**NICHOLS KASTER, LLP**

/s/ Robert L. Schug
Robert L. Schug, CA Bar No. 249640*
   *(admitted *pro hac vice*)
One Embarcadero Center, Suite 720
San Francisco, CA 94111
Telephone: (415) 277-7235
Fax: (415) 277-7238
E-Mail:  rschug@nka.com

*Bankruptcy Counsel for Plaintiffs*