GIBBS & BRUNS LLP
Kathy D. Patrick, Esq. (*pro hac vice*)
Robert J. Madden, Esq. (*pro hac vice*)
1100 Louisiana, Suite 5300
Houston, TX 77002
Telephone: (713) 650-8805
Facsimile: (713) 750-0903

-AND-

ROPES & GRAY LLP
Keith H. Wofford, Esq. (KW-2225)
D. Ross Martin, Esq. (DM-2947)
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Attorneys for the Steering Committee Group of RMBS Holders*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>Residential Capital, LLC, *et al.*<br><br>Debtors. | Chapter 11<br><br>Case No. 12-12020 (MG)<br><br>Jointly Administered |

**DECLARATION OF KATHY D. PATRICK IN SUPPORT OF**
**STEERING COMMITTEE INVESTORS' STATEMENT IN SUPPORT OF**
**SETTLEMENT AND RESPONSE TO SETTLEMENT OBJECTIONS**

I, Kathy D. Patrick, hereby declare, pursuant to 28 U.S.C. § 1746, that the following is true and correct to the best of my knowledge, information and belief:

1. I am a member of the Bar of the State of Texas and a partner in the law firm of Gibbs & Bruns, LLP. I am counsel for the Steering Committee Group of RMBS Holders in the above captioned matter.

2. I make this declaration in support of the Steering Committee Investors' Statement In Support Of Settlement and Response to Settlement Objections to put certain relevant documents before the Court.

3. Attached hereto as Exhibit 1 is a true and correct copy of a presentation by Amherst Securities Group LP titled "Amherst Analysis: The Bank of America Settlement," dated June 30, 2011.

4. Attached hereto as Exhibit 2 is a true and correct copy of the Transcript of the Q1 2012 MBIA Earnings Call, dated May 11, 2012.

5. Attached hereto as Exhibit 3 is a true and correct copy of a demonstrative exhibit titled "Analysis of Sillman Models with Discounts Removed."

6. Attached hereto as Exhibit 4 is a true and correct copy of the Transcript of the Q3 2010 Bank of America Earnings Call, dated October 19, 2010.

7. Attached hereto as Exhibit 5 is a true and correct copy of a September 14, 2012 letter from Munno to Patrick and Franklin forwarding the following letters:

    a. Three Letters, dated July 23, 2012, from MBIA Insurance Corporation ("MBIA") with respect to six Trusts which purport to "instruct [U.S. Bank, as trustee] to not consider or accept any settlement or compromise offers relating to any claims that may belong to [its insured] trusts, including, but not limited to the RMBS Settlement Agreement ... ;"

    b. Letter, dated August 23, 2012, from Proskauer Rose LLP on behalf of Assured Guaranty Municipal Corp. ("Assured") with respect to one Trust which states, in relevant part, that "notwithstanding any direction the Indenture Trustee may have received from noteholders, Assured does not consent at this time to the Indenture Trustee's entering into the Joinder [of the RMBS Settlement Agreement]."

    c. Letters dated May 25 and August 9, 2012 from Financial Guaranty Insurance Company ("FGIC") with respect to eight Trusts in which FGIC, among other things, provides notice that it "does not authorize U.S. Bank, as Trustee, to vote in favor of, or opt in to, the Settlement Agreement or the Plan Support Agreement and direct[s] U.S. Bank, as Trustee, not to vote in favor or, or opt in to, such agreements, to the extent any of the [Trusts for which it is a Credit Enhancer] are subject to such agreements;"

    d. Letter dated September 14, 2012 from Munno to MBIA;

    e. Letter dated September 14, 2012 from Munno to Proskauer Rose LLP on behalf of Assured Guaranty Municipal Corp;

    f. Letter dated September 14, 2012 from Munno to FGIC; and

    g. Letter dated June 26, 2012 from Munno to FGIC.

8. Attached hereto as Exhibit 6 is a true and correct copy of a document titled "Material and Adverse Opinion of Professor Barry E. Adler," filed in *In re Bank of New York Mellon*, Case No. 1:11-cv-05988-WHP (Dkt. No. 126-1), dated May 27, 2011.

9. Attached hereto as Exhibit 7 is a true and correct copy of excerpts from sample Pooling and Servicing Agreements (PSAs):

    a. Exhibit 7-A is a true and correct copy of excerpts from the PSA for GMACM 2006-AR2;

    b. Exhibit 7-B is a true and correct copy of excerpts from the PSA for RAAC-2006-SP3;

    c. Exhibit 7-C is a true and correct copy of excerpts from the PSA for RALI 2006-QA8;

    d. Exhibit 7-D is a true and correct copy of excerpts from the PSA for RAMP 2006-RS3;

    e. Exhibit 7-E is a true and correct copy of excerpts from the PSA for RASC 2006-EMX7;

    f.  Exhibit 7-F is a true and correct copy of excerpts from the PSA for RFMSI 2006-S10;

    g.  Exhibit 7-G is a true and correct copy of excerpts from the PSA for RFMSII 2006-HSA1.

10. Attached hereto as Exhibit 8 is a true and correct compilation of excerpts from sample PSAs defining "Subsequent Recoveries."

11. Attached hereto as Exhibit 9 is a true and correct compilation of excerpts from sample PSAs defining "Available Distribution Amount."

I declare that the statements set forth above are true and correct to the best of my knowledge, information and belief.

Dated: Houston, Texas
       October 5, 2012.

_/s/ Kathy D. Patrick_
Kathy D. Patrick