MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
James A. Newton

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**DEBTORS' STATEMENT IN FURTHER SUPPORT OF (A) DEBTORS' MOTION FOR AN ORDER (I) TO COMPENSATE PRICEWATERHOUSECOOPERS, LLP FOR FORECLOSURE REVIEW SERVICES AND (II) REAFFIRMING RELIEF GRANTING IN THE GA SERVICING ORDER (B) DEBTORS' APPLICATION TO EMPLOY AND RETAIN HUDSON COOK, LLP AS SPECIAL COUNSEL, AND (C) DEBTORS' APPLICATION TO EMPLOY AND RETAIN PEPPER HAMILTON LLP AS SPECIAL <u>FORECLOSURE REVIEW COUNSEL FOR BANKRUPTCY ISSUES</u>**

ny-1060795

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

    The debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**") submit this statement in further support of the *Debtors' Motion for Entry of an Order Under Bankruptcy Code Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensate PricewaterhouseCoopers, LLP for Foreclosure Review Services in Furtherance of the Debtors' Compliance Obligations Under Federal Reserve Board Consent Order and (II) Reaffirming Relief Granting in the GA Servicing Order* [Docket. No. 1357] (the "**PwC Motion**"), *Debtors' Application Under Section 327(e) of the Bankruptcy Code and Local Rule 2014-1 for Authorization to Employ and Retain Hudson Cook, LLP as Special Counsel to the Debtors, Nunc Pro Tunc to May 14, 2012* [Docket No. 1427] (the "**HudCo Application**"), and *Debtors' Application for an Order Under Section 327(e) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1 Authorizing the Debtors to Employ and Retain Pepper Hamilton LLP as Special Foreclosure Review Counsel for Bankruptcy Issues to the Debtors, Nunc Pro Tunc to May 14, 2012* [Docket No. 1426] (together with the PwC Motion and the HudCo Application, the "**Motions**").[1]  In further support of the Motions, the Debtors respectfully state as follows:

    1.  During the past two weeks, the Debtors have worked with the Creditors' Committee in an effort to resolve the concerns raised by Creditors' Committee at the September 27, 2012 status conference (the "**Hearing**") before the Court.  While the Creditors' Committee is currently unwilling to agree to entry of orders granting the Motions on a final basis, the Debtors are pleased that Creditors' Committee has agreed to entry of interim orders permitting GMAC Mortgage, during the 90 days following entry of the interim orders, to pay PwC and the Law

---

[1] Any capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the PwC Motion.

2

ny-1060795

Firms and permitting the Debtors to otherwise continue to fulfill their obligations under the FRB Consent Order without the need for discovery or an evidentiary hearing.

2. The Debtors continue to believe that their proposed approach – continuing to pay PwC and the Law Firms while preserving the rights of parties-in-interest to later pursue AFI for some portion, or all, of the costs of compliance with the FRB Foreclosure Review – remains the appropriate approach. The Debtors must continue to comply with the FRB Consent Order, including by ensuring the payment of PwC and the Law Firms by GMAC Mortgage. The Debtors also recognize that the costs of the FRB Foreclosure Review are disproportionate when compared to the expected remediation payments to borrowers. Accordingly, the Debtors will cooperate with the Creditors' Committee and the FRB in an effort to determine whether there exists a more economical way to achieve the FRB's expressed goal of ensuring appropriate remediation, if any, to borrowers. At the October 10, 2012 hearing, the Debtors expect to submit an order, agreeable to the Creditors' Committee and Wilmington Trust, permitting the Debtors to continue to comply with the FRB Consent Order, including making payment to PwC and the Law Firms for their services in connection with the FRB Foreclosure Review.

3. Additionally, last week, the FRB approved an engagement letter (the "**Engagement Letter**") among ResCap, GMAC Mortgage, and Grant Thornton, LLP ("**Grant Thornton**"),[2] pursuant to which Grant Thornton will act as the independent validation agent under paragraph 22 of the FRB Consent Order.[3] The Debtors have requested that the Creditors'

---

[2] The Debtors will endeavor to provide the Committee, the U.S. Trustee, and the Court with a copy of the Engagement Letter upon receipt of approval from Grant Thornton and the FRB to do so. AFI has a separate engagement letter with Grant Thornton.

[3] Paragraph 22 of the FRB Consent Order states:

> "Within 15 months after the date of this Order, Ally Financial, ResCap and GMAC Mortgage shall submit a validation report prepared by an independent third-party consultant with respect to compliance with the Order during the first year after the Order becomes effective. The independent third-party consultant shall be acceptable to the [Federal] Reserve Bank [of Chicago],

3

ny-1060795

Committee consent to the Debtors' payment of Grant Thornton – currently expected to total approximately $4 million – without the delay and expense of filing an additional motion.

        4.      The Engagement Letter sets forth the terms of Grant Thornton's engagement, including the requirement for a $1 million retainer, to be paid prior to October 31, 2012. Grant Thornton has agreed to submit monthly fee statements as though it was retained pursuant to Bankruptcy Code section 327. Likewise, Grant Thornton has agreed that during the pendency of the Debtors' chapter 11 cases, any request for indemnification under the Engagement Letter will be made by application to this Court. As with the payment of PwC and the Law Firms, the Debtors believe that they obtained in the GA Servicing Order the authority to engage and pay Grant Thornton and seek to pay the retainer and fees required by the Engagement Letter. However, to the extent that the Creditors' Committee or the Court believes an additional motion is required, the Debtors are prepared to file such a motion.

## CONCLUSION

        5.      The Debtors are pleased with the progress that the parties have been able to make and look forward to continuing the constructive discussions with the Creditors' Committee and the FRB to ensure that the Debtors may continue to comply with their obligations under the FRB Consent Order in the most cost effective manner. In the meantime, the Debtors will continue to work with the Creditors' Committee and Wilmington Trust to prepare a mutually agreeable interim orders, approving GMAC Mortgage's payment of PwC and retention of the Law Firms, *nunc pro tunc* to the Petition Date, and otherwise permitting the

---

and shall be engaged not more than nine months after the effective date of this Order. The engagement letter retaining the independent third-party consultant shall be subject to the Reserve Bank's approval. At a minimum the validation report shall include the results of a testing program acceptable to the Reserve Bank that, among other things, will evaluate the effectiveness of the various programs, policies and procedures implemented as a result of this Order."

ny-1060795

Debtors to comply in all respects with the FRB Consent Order for 90 days after the entry of the interim orders.

Dated: October 8, 2012
      New York, New York

Respectfully submitted,

/s/ Lorenzo Marinuzzi
Gary S. Lee
Lorenzo Marinuzzi
James A. Newton
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*

ny-1060795