MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:     (212) 468-8000
Facsimile:      (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Jordan A. Wishnew

*Counsel for the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- )
In re:                                                        )   Case No. 12-12020 (MG)
                                                              )
RESIDENTIAL CAPITAL, LLC, et al.,                             )   Chapter 11
                                                              )
                        Debtors.                              )   Jointly Administered
                                                              )
------------------------------------------------------------- )

**DEBTORS' MOTION TO SHORTEN NOTICE OF THE AMENDED MOTION FOR AN ORDER PURSUANT TO SECTIONS 503(c)(3) OF THE BANKRUPTCY CODE AUTHORIZING (I) IMPLEMENTATION OF A KEY EMPLOYEE INCENTIVE PLAN FOR CERTAIN INSIDERS AND (II) PAYMENT OF ANY OBLIGATIONS ARISING THEREUNDER AS ADMINISTRATIVE EXPENSES**

The debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**")[1] respectfully submit this motion (the "**Motion**") pursuant to Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 9006-1(b) and 9077 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Bankruptcy Rules**") to shorten the time for notice of and schedule a hearing to consider the *Debtors' Motion Authorizing (I) Implementation Of A Key Employee Incentive Plan For Certain Key Executives, And (II) Payment Of Any Obligations Arising Thereunder As Administrative Expenses* (the

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the Whitlinger Affidavit (defined below). Additional subsidiaries and affiliates of the Debtors may file Chapter 11 petitions on a rolling basis. As used herein, the term "Debtors" includes any such entities.

ny-1060904

"**KEIP Amendment Motion**")[2] filed contemporaneously herewith.  In support of this Motion, the Debtors rely upon and incorporate by reference the *Declaration of Anne Janiczek in Support of (I) the Debtors' Motion Authorizing (I) Implementation Of A Key Employee Incentive Plan For Certain Key Executives, And (II) Payment Of Any Obligations Arising Thereunder As Administrative Expenses, and (II) Debtors' Motion to Shorten Notice of the Debtors' Motion Authorizing (I) Implementation Of A Key Employee Incentive Plan For Certain Key Executives, And (II) Payment Of Any Obligations Arising Thereunder As Administrative Expenses* (the "**Janiczek Declaration**"), filed contemporaneously herewith.  In further support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION

1.     This Court has subject matter jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are Bankruptcy Rule 9006(c) and Local Bankruptcy Rules 9006-1(b) and 9077.

## BACKGROUND

2.     On May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code.  The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  No trustee has been appointed in these Chapter 11 cases.[3]

---

[2]  Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the KEIP Amendment Motion.

[3]  The Debtors are a leading residential real estate finance company indirectly owned by Ally Financial, Inc. ("**AFI**"), which is not a Debtor.  The Debtors and their non-debtor affiliates operate the fifth largest servicing business and the tenth largest mortgage origination business in the United States.  A more detailed description of the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these bankruptcy cases, is set forth in the Whitlinger Affidavit. [Docket No. 6].

ny-1060904

2

3. On May 16, 2012, the United States Trustee for the Southern District of New York appointed a nine member official committee of unsecured creditors (the "**Creditors' Committee**").

4. On June 20, 2012, the Court directed that an examiner be appointed, and on July 3, 2012, the Court approved Arthur J. Gonzalez as the examiner [Docket Nos. 454, 674].

### RELIEF REQUESTED

5. By this Motion, the Debtors request entry of an order, substantially in the form attached hereto as Exhibit 1, shortening notice with respect to the Court's hearing on the KEIP Amendment Motion and setting the date and time for the hearing on the KEIP Amendment Motion as October 17, 2012 at [10:00 a.m.] (prevailing eastern time) (the "**Hearing**"). In addition, the Debtors request that the Court set the deadline for the service and filing of objections to the KEIP Amendment Motion to October [15], 2012 at [noon] (prevailing eastern time).

### BASIS FOR RELIEF

6. In response to the Court's earlier denial of the Original KEIP, the Debtors and their advisors reconfigured the KEIP elements in order to address the concerns voiced by the Court and the Office of the U.S. Trustee during prior proceedings. The Modified KEIP has been reviewed by both the U.S. Trustee and the Creditors' Committee and neither party has voiced an objection to the updated structure.

7. As set forth in the Janiczek Declaration and the KEIP Amendment Motion, the Modified KEIP is beneficial to the Debtors' estates because it will help to ensure that the Debtors' executive and senior managers remain motivated in these difficult and taxing times to press forward with their extraordinary efforts to facilitate the auctions and closings of the Asset Sales. It is therefore critical for the Court to approve the Modified KEIP prior to the start of the

auctions for the Asset Sales. The Debtors are on the cusp of the most significant event to date in these Chapter 11 cases – auctions for assets that may yield proceeds in excess of $4 billion. The KEIP Participants have worked extraordinarily hard throughout these Chapter 11 cases to create the most robust auction process for the benefit of their creditors. The auctions for the sale of substantially all of the Debtors' assets, including the Debtors' mortgage loan origination and servicing businesses (the "**Platform Sale**") and the Debtors' "legacy" portfolio consisting mainly of mortgage loans and other residual financial assets (the "**Legacy Sale**," together with the Platform Sale, the "**Asset Sales**"), are scheduled to commence in approximately two weeks, and the KEIP Participants deserve to know going into the auctions that their efforts to date and going forward will be appropriately rewarded through the Modified KEIP.

8. The Debtors understand that the Creditors' Committee and the U.S. Trustee do not object to the relief requested herein and further believe that no party in interest will be materially prejudiced by the relief requested herein.

## CONCLUSION

9. Based on the foregoing, the Debtors respectfully submit that cause exists for the Court to shorten notice with respect to the KEIP Amendment Motion and to set October 17, 2012 at [10:00 a.m.] (prevailing eastern time) as the date for the Hearing and to set October [15], 2012 at [noon] (prevailing eastern time) as the deadline to object to the KEIP Amendment Motion.

## NOTICE

10. Notice of this Motion has been provided by facsimile, electronic transmission, overnight delivery, or hand delivery to: (a) the Office of the United States Trustee for the Southern District of New York; (b) the office of the United States Attorney General; (c) the office of the New York Attorney General; (d) the office of the United States Attorney for the Southern District of New York; (e) the Internal Revenue Service; (f) the Securities and Exchange

Commission; (g) each of the Debtors' prepetition lenders, or their agents, if applicable; (h) each of the indenture trustees for the Debtors' outstanding notes issuances; (i) counsel for AFI Financial Inc.; (j) counsel for Barclays Bank PLC, as administrative agent for the lenders under the debtor in possession financing facility; (k) Nationstar Mortgage LLC and its counsel; (l) counsel for the Creditors' Committee; and (m) all parties requesting notice pursuant to Bankruptcy Rule 2002.

WHEREFORE for the reasons set forth herein, the Debtors respectfully submit that the Court enter an order, substantially in the form attached hereto as <u>Exhibit 1</u>, granting the relief requested herein and such further relief that the Court deems just and proper.

Dated:   October 9, 2012
         New York, New York

                                            /s/     Gary S. Lee
                                            Gary S. Lee
                                            Lorenzo Marinuzzi
                                            Jordan A. Wishnew
                                            MORRISON & FOERSTER LLP
                                            1290 Avenue of the Americas
                                            New York, New York 10104
                                            Telephone: (212) 468-8000
                                            Facsimile: (212) 468-7900

                                            *Counsel for the Debtors and
                                            Debtors in Possession*

**Exhibit 1**

ny-1060904

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------)
In re:                                                          ) Case No. 12-12020 (MG)
                                                                )
RESIDENTIAL CAPITAL, LLC, et al.,                               ) Chapter 11
                                                                )
                              Debtors.                          ) Jointly Administered
----------------------------------------------------------------)

**ORDER SHORTENING THE NOTICE PERIOD FOR HEARING ON THE DEBTORS'
AMENDED MOTION FOR AN ORDER PURSUANT TO SECTIONS 503(c)(3) OF THE
BANKRUPTCY CODE AUTHORIZING (I) IMPLEMENTATION OF A KEY
EMPLOYEE INCENTIVE PLAN FOR CERTAIN INSIDERS AND (II) PAYMENT OF
ANY OBLIGATIONS ARISING THEREUNDER AS ADMINISTRATIVE EXPENSES**

Upon consideration of the motion (the "**Motion**"),[1] dated October 9, 2012, of the debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order pursuant to Fed. R. Bankr. P. 9006(c) and Local Bankruptcy Rule 9006-1(b) shortening the time for notice of and scheduling a hearing to consider the *Debtors' Motion Authorizing (I) Implementation Of A Key Employee Incentive Plan For Certain Key Executives, And (II) Payment Of Any Obligations Arising Thereunder As Administrative Expenses* (the "**KEIP Amendment Motion**"); and the Court having jurisdiction to consider the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Debtors having provided adequate and appropriate notice of the Motion under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

---
[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

ny-1060904                                   2

1. The Motion is granted to the extent provided herein.

2. The Court's hearing on the KEIP Amendment Motion shall be on October 17, 2012 at [10:00 a.m.] (prevailing eastern time) (the "**Hearing**").

3. The Debtors shall serve a copy of this Order as promptly as practicable on October __, 2012 by fax, e-mail or overnight mail on the Notice Parties (defined below).

4. Objections to the KEIP Amendment Motion, if any, must be filed on the docket and served by **October [15], 2012 at [noon]** (prevailing eastern time) upon each of the following parties (collectively, the "**Notice Parties**"): (a) the Office of the United States Trustee for the Southern District of New York; (b) the office of the United States Attorney General; (c) the office of the New York Attorney General; (d) the office of the United States Attorney for the Southern District of New York; (e) the Internal Revenue Service; (f) the Securities and Exchange Commission; (g) each of the Debtors' prepetition lenders, or their agents, if applicable; (h) each of the indenture trustees for the Debtors' outstanding notes issuances; (i) counsel for Ally Financial Inc.; (j) counsel for Barclays Bank PLC, as administrative agent for the lenders under the debtor in possession financing facility; (k) Nationstar Mortgage LLC and its counsel; (l) counsel for the Creditors' Committee; and (m) all parties requesting notice pursuant to Bankruptcy Rule 2002.

5. Objections not timely filed and served in the manner set forth above shall not be considered and shall be overruled. Responses to any Objections shall be due by October [16], 2012 at [4:00 p.m.] (prevailing eastern time) and served on the objecting party.

6. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: New York, New York
       October __, 2012

_____
The Honorable Martin Glenn
United States Bankruptcy Judge