# Exhibit 1

```
 1                     UNITED STATES BANKRUPTCY COURT
                            DISTRICT OF DELAWARE
 2

 3  IN RE:                           ) Case No. 09-13684 (CSS)
                                     ) Chapter 11
 4  CAPMARK FINANCIAL GROUP, INC.,   )
         et al,                      )
 5                                   ) Courtroom No. 6
                    Debtors.         ) 824 Market Street
 6                                   ) Wilmington, Delaware 19801
                                     )
 7                                   )
                                     ) November 24, 2009
 8                                   ) 1:00 P.M.

 9                         TRANSCRIPT OF HEARING
                 BEFORE HONORABLE CHRISTOPHER S. SONTCHI
10                  UNITED STATES BANKRUPTCY JUDGE

11  APPEARANCES:

12  For the Debtors:         Dewey & LeBoeuf
                             By:  MICHAEL KESSLER, ESQUIRE
13                           1301 Avenue of the Americas
                             New York, New York 10019-6092
14                           (212) 259-8675

15                           Capmark Financial Group, Inc.
                             By:  TOM MIRAGLIA, ESQUIRE
16                           116 Welsh Road
                             Horsham, Pennsylvania 19044
17                           (215) 328-3681

18                           Beekman Advisors
                             By:  SHEKAR NARASIMHAN, ESQUIRE
19                           8000 Westpark Drive, Suite 250
                             McLean, Virginia 22102
20                           (703) 752-8321

21  ECRO:                    LESLIE MURIN

22  Transcription Service:   Antonio's Word Processing Services
                             704 W. 14th Street
23                           New Castle, Delaware  19720
                             Telephone:  (302) 322-9419
24                           E-Mail:  antonioswp@verizon.net

25  Proceedings recorded by electronic sound recording;
    transcript produced by transcription service.
```

```
 1  would be willing to put provision in the order that says by
 2  the closing date that the buyer has to have obtained
 3  confirmation from Moody's in writing that that the, there
 4  will not be, that the assignment of this particular agreement
 5  will not cause a downgrading of the underlying notes.  The
 6  problem is that there's no testimony what so ever and no
 7  proof that they can, that they can meet this obligation under
 8  the servicing agreement.  Moody's has said that they won't
 9  provide confirmation prior to closing which is required by
10  our agreement.  The witness said that they didn't even
11  discuss with Moody the downgrading of the notes that are the
12  underlying notes.  There's no evidence that the Debtors can
13  comply with the servicing agreement requirement.  And we
14  really have no idea if Moody's is going to confirm this.  And
15  certainly they don't expect that it's going to happen by
16  closing under any circumstances.  So that's our issue with
17  adequate assurance is this particular provision and their
18  contract maybe is a little bit different than other
19  contracts.
20          THE COURT:  All right, thank you.
21          MS. COUNIHAN:  I do also have a cure issue but I
22  don't know if Your Honor wants to take that later.
23          THE COURT:  Let's save that for later.  I think the,
24  let me respond to that.  I think the evidence was clear that
25  Moody's, Fitch, and S&P there were meetings with those
```

1  Parties that they indicated orally that they intended to
2  reinstate the existing ratings upon closing, that they don't
3  and won't provide a written agreement or commitment to do
4  that prior to the closing.  So I think that, in effect, this
5  contract is out of touch with reality and, in effect, is
6  anti-assignment clause that is void under the Bankruptcy Code
7  because it's an impossible condition to meet.  I think the
8  evidence is sufficient to provide adequate assurance that
9  that term will be complied with to the extent it's relevant
10 to the parties which is that the ratings stay in place post
11 sale.  So I'll overrule that objection.  Anyone else on
12 adequate assurance?  All right, I find based on the record
13 before me that the buyer has provided and is providing
14 adequate assurance of future performance under any contracts,
15 leases, etc. to be assumed and assigned to them under this
16 agreement.
17          MR. KESSLER:  Thank you, Your Honor.  And with those
18 two rulings, I think that it will help us get through many of
19 the objections.  But if we can now go to my chart and start,
20 I'll go through them numerically if that's okay with the
21 Court?
22          THE COURT:  That's fine. Does everyone have a chart
23 that needs a chart?  I think you have extras available, is
24 that correct?
25