**<u>EXHIBIT 1</u>**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------

In re:                                    )    Case No. 12-12020 (MG)

                                          )

RESIDENTIAL CAPITAL, LLC, et al.,         )    Chapter 11

                                          )

                             Debtors.     )    Jointly Administered

---------------------------------------------------

**THIRD REVISED JOINT OMNIBUS SCHEDULING ORDER REGARDING DEBTORS'
MOTION PURSUANT TO FED. R. BANKR. P. 9019 FOR APPROVAL OF RMBS
TRUST SETTLEMENT AGREEMENTS**

Whereas, the Debtors have filed the following motions with this Court that are the subject

of this revised proposed omnibus scheduling order: the *Debtors' Motion Pursuant to Fed. R.*

*Bankr. P. 9019 for Approval of RMBS Trust Settlement Agreements* (the "RMBS Trust

Settlement Agreements") [ECF Doc. # 320] and the *Debtors' Supplemental Motion Pursuant to*

*Fed. R. Bankr. P. 9019 for Approval of RMBS Trust Settlement Agreements* [ECF Doc. # 1176]

(together, the "9019 Motion");

Whereas, the Court entered the *Revised Joint Omnibus Scheduling Order and Provisions*

*for Other Relief Regarding (I) Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval*

*of RMBS Trust Settlement Agreements, and (II) the RMBS Trustees' Limited Objection to the*

*Sale Motion* [ECF Doc. # 945] on July 31, 2012 (the "July 31, 2012 Scheduling Order");

Whereas, the Court entered the *Second Revised Joint Omnibus Scheduling Order*

*Regarding Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of RMBS Trust*

*Settlement Agreements* [ECF Doc. # 1551] on September 25, 2012 (the "September 25, 2012

Scheduling Order");

Whereas, the Debtors have requested certain changes to the schedule set out in the

September 25, 2012, Scheduling Order;

Whereas, except for the changes set forth in this Order, all of the provisions of the July

31, 2012, Scheduling Order and September 25, 2012, Scheduling Order remain in effect; and

Whereas, the Court has considered the proposed changes to the schedule, and good cause

appearing therefor;

**IT IS HEREBY ORDERED** that:

1)    No further requests for documents, or other form of written

discovery from any party, will be permitted except for good cause shown.

2)    The Debtors and Ally Financial, Inc. ("AFI") shall complete on a

rolling basis any remaining production of documents by October 29, 2012.  The Debtors

and AFI shall also provide supplemental privilege logs by October 29, 2012.  The Court

will hear disputes regarding the withholding of documents on privilege grounds on

October 31, 2012.

3)    Depositions of fact witnesses shall be completed by November 16,

2012.  The objecting parties are permitted to take the depositions of eleven fact witnesses.

Four of the depositions shall not exceed three hours in length.  Four of the depositions

shall not exceed four hours in length.  Three of the depositions shall not exceed seven

hours in length.  The objectors shall disclose, in advance, whether the deposition will take

no more than three, four, or seven hours.  No other depositions of fact witnesses will be

permitted except for good cause shown.

4)    Any party intending to object to the 9019 Motion on the ground

that the amount of the allowed claim is outside the range of reasonableness as it relates to

the Debtors, the RMBS Trusts, the RMBS trust certificate holders, or any of the creditors,

shall provide notice of that intention, along with a preliminary indication of the amount

2

by which it contends the allowed claim falls outside the range of reasonableness, to the Debtors, the Trustees, the Steering Committee Group, and the Talcott Franklin Group, on or before November 16, 2012. Any such party may modify, amend, revise, or supplement its contentions regarding the amount of the allowed claim as part of its objection to the 9019 Motion.

5)      The Creditors Committee, MBIA, and FGIC shall respond to, and shall produce documents in response to, the Debtors' requests for documents on or before November 16, 2012.

6)      Depositions of the Debtors' experts shall be completed by November 21, 2012. The depositions shall not exceed four hours per expert, except that the objectors may allocate the allowed time among each of the Debtors' experts at its discretion. The party noticing the deposition shall disclose, in advance, the length of each deposition.

7)      Any objection to the 9019 Motion, by any party other than the RMBS Trustees, shall be filed by November 28, 2012. The RMBS Trustees shall file any objections to any aspect of the settlement by December 3, 2012.

8)      Any objecting party, other than the RMBS Trustees, that intends to file an expert report shall file such report on November 28, 2012. In the event the RMBS Trustees choose not to object and to support the 9019 Motion, the RMBS Trustees shall file any expert reports by December 3, 2012.

9)      Depositions of the objecting parties' experts and the RMBS Trustees' experts shall be completed by December 14, 2012. The depositions shall not exceed four hours per expert, except that the Debtors may allocate the allowed time

3

among each objecting party's experts at its discretion.  The Debtors shall disclose, in advance, the length of each deposition.

10)     The Debtors' and Steering Committee's replies to any objections to the 9019 Motion, along with Debtors' reply expert reports, shall be filed by December 24, 2012; *provided, however,* that the Steering Committee's reply shall be limited in scope, in that it will not respond to any arguments that the total allowed claim that the RMBS Trusts would be given under the RMBS Trust Settlement Agreement is excessive in amount.

11)     All adverse witness lists, exhibit lists, direct testimony, and supplemental declarations of experts shall be filed by January 7, 2013.

12)     The Court will hold a hearing on the 9019 Motion on January 14, 15, and 16, 2013.  The hearing will be limited to three days.  The Court will enter an order imposing time limits on all parties consistent with the three days allotted for the hearing.  There will be no further adjournment of the hearing except for good cause shown.

13)     The deadline for the RMBS Trustees to accept or reject the RMBS Trust Settlement on behalf of any Settlement Trust will be 14 days after the entry of an order approving the RMBS Trust Settlement.

14)     Any RMBS Trust shall file a notice of any alleged cure claim no later than sixty (60) calendar days after the closing of the sale of the Servicing Platform.

15)     Except as provided in this order, and in the July 31, 2012, Scheduling Order and the September 25, 2012, Scheduling Order, all parties' rights with regard to the Sale Order are preserved.  All deadlines that have already expired are not

4

extended or altered by this Order.


Dated: _____, 2012
        New York, New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE