# KRAMER LEVIN NAFTALIS & FRANKEL LLP

PHILIP BENTLEY
PARTNER
PHONE 212-715-9505
FAX 212-715-8000
PBENTLEY@KRAMERLEVIN.COM

October 9, 2012

**By E-mail to Chambers**

Honorable Martin Glenn
United States Bankruptcy Court
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004

      Re:   *In re Residential Capital, LLC, et al.*,
               Case No. 120-12020 (MG)

Dear Judge Glenn:

      Pursuant to the Court's directive at the October 4, 2012 conference, we write on behalf of the Official Committee of Unsecured Creditors to report on the current status of discovery in connection with the Debtors' pending Rule 9019 motion.

      The following issues now appear to have been resolved as a result of meet-and-confer sessions with the Debtors' counsel:

- The Debtors have agreed to search for, collect, and produce all non-privileged documents from June 1, 2011 forward — including e-mails and other documents in the possession, custody, or control of FTI and Centerview — concerning the evaluation or analysis of their potential RMBS liability or the setting of reserves for such liability as reflected in AFI's April 2012 10Q.

- The Debtors have agreed to search for, collect, and produce all non-privileged documents from October 1, 2011 forward concerning the RMBS settlement and negotiation process.

- The Debtors and the Committee have agreed upon the search terms to be used by the Debtors in collecting documents responsive to the Committee's requests, with only one outstanding issue (about the application of original search terms to the new date range) that we expect to be resolved shortly.

- The Debtors have agreed to produce additional documents considered by two of their three experts, Franklin Sillman and Jeffrey Lipps, in connection with the preparation of their respective expert reports.

**KRAMER LEVIN NAFTALIS & FRANKEL** LLP

Honorable Martin Glenn
October 9, 2012
Page 2

The Debtors' counsel have advised us that we can expect production of this last category of documents by the end of this week. They have been unable to tell us when the other categories of documents described above will be produced, except to say that they do not expect production for at least two weeks.

Although a number of discovery issues between the parties have been resolved, several significant issues remain:

- The Committee has been unable to reach agreement with AFI concerning the scope of the additional document production required by AFI, or as to the search terms to be used in connection with that production. Specifically, the Committee has requested that AFI — like the Debtors — produce all documents from June 1, 2011 forward concerning the evaluation or analysis of the Debtors' RMBS liability or the setting of reserves for such liability as reflected in AFI's April 2012 10Q, including all e-mail communications with the Debtors, FTI, or Centerview. While AFI has indicated a willingness to run searches that might capture some of these materials, the Committee does not believe the searches currently proposed by AFI are sufficient to capture all of them.

- AFI has provided the Committee with a privilege log reflecting that it is withholding more than 600 communications between itself (or its counsel) and ResCap (or its counsel) based on a supposed common interest privilege. We believe no such common interest privilege can properly be asserted, especially since ResCap has not asserted any common interest with AFI.

- AFI's privilege log also reflects the withholding of numerous communications between AFI and ResCap employees, Board members, or financial advisors as supposedly protected by the attorney-client privilege. We do not believe the attorney-client privilege can apply to any of these communications.

- The Debtors have withheld as privileged certain documents, including presentations and communications, made by lawyers to the ResCap Board in connection with its approvals of the RMBS Trust Settlement Agreements and the Plan Support Agreements. But because the Debtors are claiming that the decision to accept the settlement was made in reliance on counsel and based on sound business judgment, we believe they have waived any privilege that might otherwise have applied to those documents.

- The Debtors have also submitted a privilege log that lacks sufficient descriptions to enable the parties to ascertain the nature of the 1,280 documents being withheld, and we are continuing to review their log.

We will address these issues with the Court at tomorrow morning's conference.

KRAMER LEVIN NAFTALIS & FRANKEL LLP

Honorable Martin Glenn
October 9, 2012
Page 3

       We note, finally, that the letter filed by Debtors' counsel earlier this evening concerning the proposed revised scheduling order does not fairly and accurately characterize the Committee's position as to several provisions of that proposed order. We will address these issues, as well, at tomorrow's conference.

                              Respectfully yours,

                              /s/ Philip Bentley
                              Philip Bentley

PB:sh

CC:    Gary S. Lee, Esq.
        Anthony Princi, Esq.
        Jamie A. Levitt, Esq.
        Darryl P. Rains, Esq.
        Patrick M. Bryan, Esq.
        Kathy D. Patrick, Esq.
        Talcott Franklin, Esq.
        Keith H. Wofford, Esq.
        James L. Garrity, Jr., Esq.
        Arlene R. Alves, Esq.
        Mark D. Kotwick, Esq.
        Mauricio Espana, Esq.
        Hector Gonzalez, Esq.
        Kit Weitnauer, Esq.
        Bill Macurda, Esq.
        John C. Goodchild, III, Esq.
        John M. Rosenthal, Esq.
        Jonathan M. Hoff, Esq.
        Howard Sidman, Esq.
        Richard L. Wynne, Esq.
        Sean O'Neal, Esq.
        Kyle A. Lonergan, Esq.
        Christopher Shore, Esq.
        Gerry Uzzi, Esq.
        Ray C. Schrock, Esq.