# UNITED STATES BANKRUPTCY COURT

# SOURTHERN DISTRICT OF NEW YORK

**Civil Case# 12 – cv 12020**

Residential Capital, LLC, et al
Debtor
    v.

*U.S. Trustee* -United States Trustee
33 Whitehall Street
21st Floor
New York, NY 10004
(212) 510-0500

*Claims and Noticing Agent*
**Kurtzman Carson Consultants**
2335 Alaska Ave
El Segundo, CA 90245

*Claim(s) made by Kenneth Taggart, and others similarly situated*

**Rebuttal of Kenneth Taggart to GMAC Mortgage, LLC's Objection to:**

**Motion to Remove Mortgage Loan alleged by Kenneth Taggart from Assets of GMAC Mortgage, LLC &Motion to Prove Ownership of Mortgage Assets (Mortgages & Notes) Kenneth Taggart Dispute Asset(s) of GMAC Mortgage, LLC. & Memorandum Law in Support of Motions**

I.

**Rebuttal to Brief filed by GMAC Mortgage, LLC in opposition to Void Pleadings in violation of Bankruptcy Laws.**

1.    It is undisputed by GMAC Mortgage, LLC that it clearly failed to timely failed to filed "Notice of Bankruptcy" in 3 cases in which Kenneth Taggart is defendant; They failed to file a timely appeal with "The Court of Common Pleas in Montgomery county, Pennsylvania, and 2 appeals in "The Superior Court of Pennsylvania. GMAC Mortgage,

LLC only filed a notice of appeal in the case in Montgomery County court of common Pleas in Montgomery County Pennsylvania after Taggart filed a notice with the court notifying them that GMAC Mortgage, LLC in fact filed for Bankruptcy Protection under Chapter 11 of The United States Bankruptcy Code.

2. Furthermore, GMAC Mortgage, LLC misrepresented the Bankruptcy Stay to the Court of Common Pleas in Montgomery County, Pennsylvania asserting that only 1 of the 32 counter-claims could proceed against GMAC Mortgage, LLC; The court later issued an order clarifying that all 32 of Taggart's counter-claims could proceed. It was only after pressure and filing a Motion with the Bankruptcy court that GMAC agreed to a "Stay" on July 18, 2012. Taggart was prejudiced as GMAC asserted only 1 claim could proceed from June 6, 2012 until July 18, 2012. (see Exhibit "A")

3. GMAC Mortgage, LLC refused to allowed scheduled depositions to take place citing "Stay of 31 of 32 of Taggart's claims".

4. <u>GMAC Mortgage, LLC did not even file a "Notice of Bankruptcy" in either case in The Superior Court of Pennsylvania</u>. No notice was filed in either case. When Taggart notified Superior Court in the second case, the court requested GMAC reply to the effect of the Stay. <u>A clear violation of Bankruptcy Code</u> **(Emphasis Added)**

5. Taggart clearly had to take time and resources to file several motions to clarify stay, clarify stay, and notify each court on the fact that GMAC Mortgage, LLC even filed for Bankruptcy. Taggart was prejudiced by GMAC's actions and is entitled to sanctions for said violations of the United States Bankruptcy Code.

II.

**Taggart's Rebuttal to GMAC's opposition to prove assets including ownership of alleged mortgage and any rights servicing alleged mortgage, including right to collect payments on mortgage in question.**

### A. <u>Court's Authority to hear motion and standing</u>

1. Taggart cites several reasons this court has jurisdiction to adjudicate the foregoing motion in which there is standing to do so. Taggart cites, among other reasons, the court has standing and jurisdiction over the matters presented. Taggart cites:

   a. Taggart contests the disclosure statement issued by GMAC Mortgage, LLC under Rule 9014 and any other rules that apply to the following facts. Taggart is disputing financial <u>statement</u> of assets & liabilities submitted to the court June 30, 2012 (doc #0600) & statement from July 3, 2012 (doc #0685) and all other statements in which GMAC Mortgage, LLC has purported to hold an asset of a mortgage that was allegedly assigned to it.

   b. Taggart objects to *GMAC Mortgage, LLC's claim* of ownership interest in mortgage and servicing rights to mortgage alleged to hold on Taggart's property under Rule 9014

c. Rule 4003(d) holds a provision for contested matters regarding the assumption, assignment of executor contract. Taggart contests the assignment of contract in which GMAC Mortgage, LLC alleges it owns an interest in Taggart's property. Taggart further objects and contests the validity of the mortgage ownership that GMAC Mortgage, LLC alleges in Taggart's property. Taggart s contesting that the mortgage originated by LBA Financial, LLC was valid, or the alleged assignment of mortgage from LBA financial to GMAC Mortgage, LLC

d. Consent Oder in which GMAC Mortgage is a part of Signed on February 10, 2012 with the Board of Governors of The Federal Reserve in which this court has authority pursuant to the Stay Order in this court.

e. Consent Oder in which GMAC Mortgage is a part of Signed on April 13, 2011 with The FDIC & Federal Reserve Board.

f, Consent Agreement with The United States Attorney General & 49 State Attorneys Generals in February 2012; GMAC Mortgage, LLC has agreed, among other things, hat it has used faulty and fraudulent assignments, affidavits, and have failed to prove ownership in mortgages.

g. This court has the authority and jurisdiction to hear motions and claims of Fraud, or "Fraud Upon the Court" in which it involves any of the assets, claims or actions of a debtor of their actions regarding their Bankruptcy. The ownership of the ownership of the mortgage constitutes Fraud & "Fraud Upon the Court".

**2. Taggart further sites case law from this very court regarding proving ownership of assets**

a) This very court has issued orders in which parties, including mortgage companies, have been required to prove chain of title and ownership when parties have asserted ownership of mortgage loans, assignments, affidavits & notes. <u>US Bankruptcy Court. S.D.N.Y Talanda Mims Debtor,10:14030-mg, Jul7 27,2010</u>

**B. No proof of Ownership provided to Taggart or any court of Law by GMAC Mortgage, LLC**

1. GMAC Mortgage, LLC has the burden to show proof of claim to this court as well as Movant, Taggart, as to the ownership and proof pursuant to Pennsylvania Law where they allege claim to a mortgage loan. GMAC Mortgage, LLC has not proven ownership of the alleged loan in question that was originated by LBA Financial, LLC. in July 2008. It is further disputed that the loan originated by LBA Financial, LLC is even a valid mortgage itself. No ownership proven by, inter alia, showing "Wet Ink Note", or "Wet Ink Mortgage". The Note & Mortgage were never assigned from LBA Financial, LLC to GMAC Mortgage, LLC.

### Conclusion

For the forgoing reasons, the court should void all pleadings that were made in violation of United States Bankruptcy Laws. Furthermore, the court should remove the loan, and all claims in question that GMAC Mortgage, LLC alleges it holds regarding the property at: 521 Cowpath Rd, Telford, Pa. 18969 (Montgomery County, Pennsylvania)

Respectfully Submitted

*/s/ Kenneth Taggart*

Kenneth Taggart

October 7, 2012

# EXHIBIT "A"



AMERICAN BANKRUPTCY INSTITUTE JOURNAL
Vol. XXIII, No. 4 • Issues and Information for the Insolvency Professional • May 2004

# Violations of the Automatic Stay: Void or Voidable?

*Written by..*
*Michael J. Lichtenstein*


*Michael Lichtenstein*

Section 362 of the Bankruptcy Code provides for an automatic stay that prohibits any actions against a debtor or property of a debtor's estate. There is a split between the circuits on the consequence of a violation of the automatic stay. The Third, Fifth, Sixth and Eleventh Circuits have held that violations of the stay render such actions voidable. On the other hand, the First, Second, Ninth and Tenth Circuits have held violation of the stay to be void *ab initio*. Thus far, the U.S. Courts of Appeal for the Fourth Circuit and the Eighth Circuit have avoided the issue. The practical consequences of whether the stay is void or voidable relate to which party has the burden of challenging the action in violation of the stay. If a stay violation is void *ab initio*, a debtor can focus its efforts on reorganization and not bother with litigating whether a violation can be rectified retroactively.

Section 362 provides a debtor breathing room by prohibiting the commencement or continuation of action against the estate.' Upon the filing of the debtor's petition, creditors are precluded from taking any actions to obtain possession of property of the estate or to control property of the estate.' The stay is one of the most basic protections a debtor enjoys.' The stay is intended to grant a debtor breathing room by "stop[ping] all collection efforts, all harassment and all foreclosure actions." H.R. Rep. No. 95-595 at 340 (1977). The automatic stay is designed to protect a debtor from all collection efforts while the debtor attempts to regain its financial footing,' and is effective immediately upon the filing of the petition without further action and suspends any non-bankruptcy court's authority to continue judicial proceedings.' By virtue of the automatic stay, a creditor is provided with a breathing spell from creditors who cannot collect, harass or pursue foreclosure actions.'

### Violations of the Stay Are Voidable

The Third Circuit has acknowledged the general rule that violations of the automatic stay are void *ab initio*. However, the Third Circuit has held that there is an exception to the general rule. In *Siciliano*, the debtor staved off a foreclosure through filing two chapter 13 petitions.' The secured creditor completed the foreclosure after the second petition had been filed. The bankruptcy court held that the sale was void, and the district court affirmed.'

The Third Circuit reversed, holding that the bankruptcy court could have granted an annulment of the stay retroactively.'" The Third Circuit viewed the inclusion of the word "annulling" in §362 as indicative of a legislative intent to apply certain kinds of relief retroactively. Accordingly, the Third Circuit concluded that an exception exists to the void *ab initio* rule.

In the *Matter of Coho Resources Inc.*, two insurance companies appealed a district court order allowing the execution of a state court order. The order had been entered after the primary defendant had filed for bankruptcy. In spite of these "patent violations of the automatic stay," the Fifth Circuit disregarded the parties' voidness argument, holding that stay violations are merely voidable and are subject to discretionary cure.' The Fifth Circuit based its holding on the bankruptcy court's statutory power to annul the stay. Interestingly, the Fifth Circuit had no problem with the Mississippi state court, rather than the bankruptcy court, ruling on the applicability of the automatic stay.' In light of the complex state law issues related to the validity of the Mississippi judgment, the Fifth Circuit concluded that such issues are best left to the Mississippi courts.

Previously, in *Picco v. Global Marine Drilling Co.*," the Fifth Circuit had held similarly that a violation of the stay is merely voidable. A federal court dismissed plaintiffs action after the defendant filed for bankruptcy." The plaintiff subsequently wanted the dismissal set aside for statute-of-limitations purposes and argued that the district court's action was void in light of the automatic stay." The Fifth Circuit reiterated its previously stated view that violation of the stay was merely voidable, not void, ecause e a ruptcy court d e power to annul the stay." The Fifth Circuit concluded that by lifting the stay, the bankruptcy court had validated the alleged violative act and therefore cured any defect.

In *Eagle-Pettibone Michigan Corp.*, a forklift operator, injured on the job, sued the manufacturer after the manufacturer had filed for bankruptcy. The plaintiff then sought relief from the stay, which was denied. The debtor subsequently filed an adversary proceeding seeking a declaration that the plaintiffs action was null and void because the filing had violated the automatic stay. The bankruptcy court annulled the stay retroactively and allowed the state court litigation to proceed. Subsequently, the Sixth Circuit agreed to determine whether an action filed in violation of the automatic stay is void or voidable.

The Sixth Circuit noted that a majority of courts have held that stay violations render an action void." In its analysis, the Sixth Circuit defined void and voidable and noted that void means invalid, without legal force and effect. However, if invalid, an action may not be incurable compared to a void action, which cannot be cured or validated at a later time.

The Sixth Circuit concluded that the stay is voidable, not void." In part, the Sixth Circuit believed that, as a practical matter, even if a stay violation is void, a debtor would still need to take some action. Therefore, determining a stay violation voidable does not have significant consequences. Also, the Sixth Circuit acknowledged that other courts have recognized an equitable exception to the automatic stay. This recognition is really an acknowledgment that stay violations are voidable. However, the Sixth Circuit cautioned that equitable exceptions to the automatic stay must be applied sparingly and absent limited equitable circumstances, stay violations should be voided."

In *In re Albany Partners Ltd.*," the secured creditor consummated a foreclosure post-petition and then filed a motion seeking relief from stay. The bankruptcy court annulled the stay, and the district court affirmed." The Eleventh Circuit affirmed,

---

[1] 11 U.S.C. 836'
[2] 11 U.S.C. §362(a)(3). See, also, *Holmes Transp.*, 931 F.2d 984, 987 (1st Cir. 1991) (automatic stay is designed to effect immediate freeze of status quo at outset of chapter 11 proceedings).
[3] *In re Soares*, 107 F.3d 975 (1st Cir. 1997).
[4] *In re Best Payphones Inc.*, 279 B.R. 92, 97 (Bankr. S.D.N.Y. 2002); *Jones v. Cain*, 804 A.2d 322, 325 (D.C. 2002).
*In re Siciliano*, 13 F.3d 748, 750, 3d Cir 1994 = *But. of In re Global Indust. Technologies Inc.*, Bankr. No 02-21624-JKF (Bankr. W.D Pa.) (unpublished decision dated Jan. 15, 2004) citing *Siciliano* for the proposition that stay s olutions in the Third Circuit are void ab initio
[8] Id. at 749
[9] Id. at 750
[10] Id at 751.
' 345 F.3d 338, 340 (5th Cir. 2003)
[12] Id. at 344.
[13] Id. at 345.
[14] 900 F.2d 846, 850 (5th Cir. 1990)
0/ at 5.'
' Id See, also, *In re Shorrt* 277 B.R 683,694 (Bankr. N.D. Tex 2)802. ("ay violation was merely voidable so stay was modified nunc pro tunc to validate tax refund setoff
[h] Id, e werse
" 990 F  40 , 907 (6th Cir 1993)
 Id at 909
[21] Id at 910.
[22] Id at 911. See also, *In re Thompson*, 273 B.R. 143, 145 (Bankr. S.D. Ohio 2001) (holding that post-petition entry of judgment was merely voidable).

relying on the "annulment" language in §362(d) of the Bankruptcy Code." While acknowledging the importance of the automatic stay and noting that stay violations are generally void, the Eleventh Circuit was swayed in part by the bankruptcy court's finding that the petition had not been filed in good faith. Also, the litigant's rights had been previously adjudicated in state court and the debtor had lost. Accordingly, the Eleventh Circuit concluded that "the bankruptcy court did not err in granting relief in the form of an annulment of the stay (ab

## Violations of the Stay Are Void

In *Soares*, a state court entered a default order and authorized entry of a foreclosure judgment one week after the debtor filed for bankruptcy." Subsequently, the bankruptcy court vacated the automatic stay retroactively so that the state court's actions would not be deemed to have violated the stay. The district court reversed, holding that the district court's actions were not merely ministerial?

---

24 *Id.* at 671.
25 *Id.* at 675.
26 *Id.* In *In re Ford*, 296 B.R. 537, 543 (Bankr. N.D. Ga. 2003), the bankruptcy court noted that in the Eleventh Circuit stay violations are generally void but can be validated through annulment of the stay.
27 *Id.* at 676.
28 *Soares*, 107 F.3d at 972.
29 *Id.* at 974.

---

The First Circuit concluded that the majority of courts consider violations of the stay to be void, recognizing that equitable considerations might change some outcomes." Considering the facts, the First Circuit concluded that the bankruptcy court should not have validated the foreclosure judgment obtained in violation of the stay.' *See, also, In re Best Payphones Inc.*,' (actions in violation of stay are void and without vitality if taken after stay is in effect).

The Second Circuit agreed that actions taken in violation of the stay are void.' However, in *Rexnord Holdings Inc. v. Bidermann*, the Second Circuit concluded that a $12.9 million judgment entered one day after the debtor filed a bankruptcy petition was a simple ministerial act that did not constitute a continuation of a judicial proceeding under §362(a)(1) of the Bankruptcy Code. The Second Circuit was persuaded that the district court judge had endorsed the judgment the day before the bankruptcy, and at that point a hearing on the merits was concluded." Accordingly, the clerk's post-petition entry of the judgment, after the stay became effective, did not violate §362(a)(1)."

---

30 *Id.* at 976.
31 *Id.* at 978.
32 279 B.R. at 97.
33 *Rexnord Holdings Inc. v. Bidermann*, 21 F.3d 522, 527 (2d Cir. 1994).
34 *Id.* at 528

---

In *In re Schwartz*," the debtors objected that an IRS tax assessment had occurred during the debtors' previous chapter 11 proceeding and therefore was void. The bankruptcy court agreed, but the Ninth Circuit BAP reversed, holding that stay violations are voidable, not void. There was no dispute that the IRS assessment violated the automatic stay. In *Schwartz*, the Ninth Circuit clarified its previous decisions by making clear that stay violations are void, not voidable. The Ninth Circuit emphasized the vital role the automatic stay plays in a bankruptcy. In light of the significance of the stay, the Ninth Circuit focused on policy considerations that allow debtors to reorganize and not have to spend time policing creditor actions. The Ninth Circuit criticized other courts for reading too much into §362(d) of the Code." Considering policy and the purpose of bankruptcy, the Ninth Circuit concluded that, absent affirmative relief from the bankruptcy court, violations of the stay are void.'

---

35 *Id. See, also, Jones, Cunt.,* 949 A.2d at 324 (D.C. Court of Appeals held that judgment entered in violation of automatic stay was void).
36 954 F.2d at 570.
37 *Id.* at 571
38 Ri at 573.
39 *Id. See, also In re* Guidon, 295 B.R. 332, 336 (Bankr. W.D. Ill. 2003) "acts enforcing lien and controlling debtor's property in violation of automatic stay were void ab initio."

*continued on page 53*

voidable transfers. It precludes preference recipients from obtaining a recovery on their claims until they return all avoided transfers. It does not require a debtor or other party prosecuting an objection to claim to raise preference claims as a compulsory counterclaim. The court also noted that the reconciliation of claims was integral to consummating the sale of the debtor's assets. Prosecuting preference claims would have hindered the prospects for resolving claims and thrown the sale in jeopardy.

### Conclusion

There are conflicting court decisions on the preclusive effect of §502(d) on preference actions following the resolution of an objection to a preference defendant's disputed claim. If courts follow the "gotcha" approach of the *LaRoche* line of cases, preference defendants, whose disputed claims were previously resolved by court process, might have an additional defense to a preference action. However, the contrary decisions in *TWA*, *Rhythms* and *Bridge* suggest plenty of future litigation on this issue. Stay tuned for more developments! ∎

## Violations of *Automatic Stay*
from page 21

In *Ellis v. Consolidated Diesel Elec. Corp.*,[40] the district court granted the defendants' summary judgment motion in a personal injury case. The Tenth Circuit held that the judgment was entered in violation of the automatic stay. Accordingly, there was no properly entered final judgment from which the plaintiffs could appeal. The Tenth Circuit ruled that "it is well established that any action taken in violation of the stay is void and without effect."[41] This apparently is true even though the judgment was entered in the debtor's favor." "The operation of the stay should not depend on whether the district court finds for or against the debtor." The Tenth Circuit concluded that the violation was void and that, moreover, lifting the stay could only be prospective, not retroactive"

### Avoiding the Issue

In *Winters v. George Mason Bank*,[44] the Fourth Circuit declined to address the issue of void vs. voidable" While acknowledging

[40] 894 F.2d 371 (10th Cir. 1990).
[41] Id. at 372 (citation omitted).
[42] Id. at 373.
[43] Id. See, also, In re Spriggs, 219 B.R. 909, 913 (10th Cir. BAP 1998) (affirming bankruptcy court determination that post petition foreclosure was void).
[44] 94 F.3d 130, 136 (4th Ch. 1996).
[45] Similarly, the Eighth Circuit has not joined the void vs. voidable debate. See *Riley v. United States*, 118 F.3d 1220, (8th Cir. 1997) (finding the district court's holding that the stay violation rendered in IRS assessment void *ab initio* theoretical and beside the point and declining to address the issue

the split between the circuits, the Fourth Circuit determined that it was unnecessary to enter the fray because the movant lacked standing to challenge the action that violated the stay. Lower courts in the Fourth Circuit have ruled differently on the violation-of-stay issue. In *Khozai v. Resolution Trust Corp.*,[4] for example, the district court held that a stay violation was voidable.

Without notice of the bankruptcy, the RTC sold the debtor's property at foreclosure' To validate the sale, the RTC sought *nunc pro tunc* relief from the stay, which the bankruptcy court granted. Reviewing existing circuit court decisions regarding stay violations, the district court was persuaded by the decisions that allowed *nunc pro tunc* relief to validate stay violations."[48] Agreeing with that logic, the district court affirmed the bankruptcy court's validation of the foreclosure retroactively.

However, several lower courts in the Fourth Circuit have concluded that stay violations are void, not voidable. For example, in *hi re Felder*,[49] the debtor alleged that an insurance company violated the stay by canceling his credit personal property insurance post-petition and by retaining and applying to his outstanding loan $67.32 of an unearned premium. The bankruptcy court held that actions in violation of the stay are void *ab*

Because the cancellation was void, the debtor was still covered under the policy and therefore was not entitled to a refund.

---

*Holding a stay violation merely voidable generally forces a debtor to divert time and resources.*

---

The U.S. District Court for the District of Maryland has also held automatic stay violations to be void. In *Chesapeake Fiber Packaging Corp. v. Sebro Packaging Corp.*,[51] an assignor's attempted post-petition termination of a patent assignment was deemed void. The court noted that contract rights constituted property of the debtor's estate. Accordingly, attempts to terminate the contract during the bankruptcy violated §362 of the Bankruptcy Code and was void and without effect.

A North Carolina bankruptcy court dealt with the stay violation by sidestepping the issue. In *In re Ware*,[5] a car finance company

[46] 177 B.R. 524, 52627 (E.D. La. 1995).
[47] Id. at 525.
[48] Id. at 527.
[49] 2000 WL 33710885 *1 (Bankr. D. S.C. July 7, 2000).
[50] Id. at *7
[51] 143B R vo, 372 (D 'std. 1992)

tried to perfect a security interest in violation of the stay. The bankruptcy court concluded that the plaintiff was entitled to prevail under either line of authority. The security interest and lien in favor of the automobile finance company, perfected post-petition, was either void *ab initio* or was voidable and should be adjudged void because it was perfected in violation of the automatic stay."[53]

### Impact of Void vs. Voidable

In *Soares*,[54] the First Circuit noted that the semantic difference between void and voidable has practical consequences, determining the burden of going forward." If an action in violation of the stay is void, the burden of validating the action rests squarely on the offending creditor's shoulders."[56] On the other hand, if a stay violation is deemed to be voidable, the debtor is burdened with challenging the action."[57] The First Circuit concluded that the former paradigm "best harmonizes with the nature of the automatic stay and the important purposes that it serves."

Similarly, in *Best Payphones*, the bankruptcy court noted that even though a stay violation is void, a bankruptcy court has the power to validate it.[58] If an action is void *ab initio*, the party seeking validation must move to annul the stay. If deemed voidable, the party seeking to avoid the stay violation, generally the debtor, must seek relief."[59]

The Ninth Circuit has also commented that a determination of whether stay violations are void or voidable impacts policy considerations."' If a violation is void, a debtor is afforded better protection and can focus on reorganization. If merely voidable, a debtor has to spend considerable time and money policing and litigating creditor actions.

### Conclusion

The debate continues over whether a violation of the automatic stay is void *ab initio* or merely voidable. It appears that the former determination may be more consistent with the Code goals of allowing a debtor to focus on reorganization. Holding a stay violation merely voidable generally forces a debtor to divert time and resources. This does not appear to be a productive use of the debtor's resources. ∎

[52] 2003 WL 22956837.'5 (Bankr. M.D.N.C., Dec. 15, 2003).
[53] Id. at '5.
[54] In re Soares, 107 F.3d at 976.
[55] But, see In re Ford, 296 B.R. at 543 (distinction between void and voidable is largely semantic).
[56] Id. See, also, James V. Cain, 804 A.3d at 324 (vacating judgment without prejudice noting that creditor could petition court to annul stay retroactively).
[57] Id. One author has argued that Congress should amend the Bankruptcy Code to specifically provide that stay violations are void. Tobar, Donna Renee,  The Need for a Uniform  Void *Ab Initio* Standard for Violations of the Automatic Stay,  24 *Whinier Law Review* 3 (Fall 2002).
[58] 279 B.R. at 98.
[59] Id (citing Soares).
[60] In re F/s int; 954 F.2d at 571.

# Certificate of Service

<u>Case #</u> **Civil Case# 12 – cv 12020**        **Residential Mortgage Capital, et al**

The undersigned certifies that on October 9, 2012, he caused a copy of :

**Rebuttal of Kenneth Taggart to GMAC Mortgage, LLC's Objection to:**

**Motion to Remove Mortgage Loan alleged by Kenneth Taggart from Assets of GMAC Mortgage, LLC &Motion to Prove Ownership of Mortgage Assets (Mortgages & Notes) Kenneth Taggart Dispute Asset(s) of GMAC Mortgage, LLC. & Memorandum Law in Support of Motions,**

to be delivered to The United States Bankruptcy Court for The Southern District of New York via United States Post Office. Additionally, the undersigned certifies that he caused a true and correct copy of the foregoing Notice to be sent via to United States Post Office on October 9, 2012 to the following parties :

Counsel for Debtors (copy also e-mailed to this party on October 8, 2012)
Morrison & Foster,LLP, Larren M Nashelsky, Gary Lee, Lorenzo Marinuzzi
1290 Avenue of the Americas
New York, NY. 10104

Office of the United States Trustee for the Southern District of New York
33 Whitehall St, 21st Floor, Tracy Hope Davis, Linda Riffkin, Brian S Masumoto
New York, NY. 10104

Counsel for Ally Financial
Kirkland & Ellis, LLP, Richard Ceieri, Ray Schrock, Stephan Hessler
Citigroup Center,
601 Lexington Ave.
New York, NY. 10022

Counsel for Administrative Agent for Debtors,
Skaddam, Arps, Slate, Meagher, & Flon, LLP
Kenneth Ziman and Johnathan Hofer
4 Times Square
New York, NY. 10036

Counsel for United States of America, Ginnnie Mae, US Dept of Justice,
Glenn Gillett
1100 "L" St NW , Room 10018
Washington, D.C. 20005

# Certificate of Service

<u>Case #</u> **Civil Case#  12 – cv 12020**          **Residential Mortgage Capital, et al**

U.S Attorney for Southern District of New York
Joseph Cordero – Civil Division
86 Chambers St, 3rd Floor
New York, NY. 10007.

Counsel for Fannie Mae
Winston & Strawn, LLP
David Neier, Deseiree M Ripo, Alan Moskowitz
200 Park Ave
New York, NY. 10166

Counsel for Freddie Mac
McKool Smith
Paul DMoak
600 Travis St, suite 7000,
Houston, TX 77002


Kenneth J Taggart
Pro se

October 9, 2012