MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:   (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Todd M. Goren
Samantha Martin

*Counsel for the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**DEBTORS' MOTION TO SHORTEN NOTICE OF THE DEBTORS'
MOTION TO APPROVE AMENDMENT TO THE BARCLAYS DIP FACILITY
AND FEES PAYABLE THEREUNDER**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors")[1] respectfully submit this motion (the "Motion") pursuant to Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-1(b) and 9077 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules") to shorten the time for notice of and schedule a hearing to consider the *Debtors' Motion to Approve Amendment to the Barclays DIP Facility and Fees Payable Thereunder* (the "DIP Amendment Motion")[2] filed contemporaneously herewith. In support of this Motion, the

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the Whitlinger Affidavit (defined below). Additional subsidiaries and affiliates of the Debtors may file Chapter 11 petitions on a rolling basis. As used herein, the term "Debtors" includes any such entities.

[2] Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the DIP Amendment Motion.

ny-1060762

Debtors rely upon and incorporate by reference the *Declaration of Marc D. Puntus in Support of (I) the Debtors' Motion to Approve Amendment to the Barclays DIP Facility and Fees Payable Thereunder, and (II) Debtors' Motion to Shorten Notice of the Debtors' Motion to Approve Amendment to the Barclays DIP Facility and Fees Payable Thereunder* (the "Puntus Declaration"), filed contemporaneously herewith. In further support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION

1. This Court has subject matter jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are Bankruptcy Rule 9006(c) and Local Bankruptcy Rules 9006-1(b) and 9077.

## BACKGROUND

2. On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code. The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No trustee has been appointed in these Chapter 11 cases.[3]

3. On May 16, 2012, the Debtors entered into the Superpriority Debtor-In-Possession Credit and Guaranty Agreement pursuant to the *Interim Order Pursuant To 11 U.S.C. §§ 105, 362, 363(b)(1), 363(m), 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) and 364(e) and Bankruptcy Rules 4001 and 6004 (I) Authorizing Debtors (A) to Enter Into and Perform Under*

---

[3] The Debtors are a leading residential real estate finance company indirectly owned by Ally Financial, Inc. ("AFI"), which is not a Debtor. The Debtors and their non-debtor affiliates operate the fifth largest servicing business and the tenth largest mortgage origination business in the United States. A more detailed description of the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these bankruptcy cases, is set forth in the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings*, filed on May 14, 2012 [Docket No. 6].

*Receivables Purchase Agreements and Mortgage Loan Purchase and Contribution Agreements Relating to Initial Receivables and Mortgage Loans and Receivables Pooling Agreements Relating to Additional Receivables, and (B) to Obtain Postpetition Financing on a Secured Superpriority Basis, (II) Scheduling Final Hearing, entered on May 15, 2012* [Docket No. 80].

4. On May 16, 2012, the United States Trustee for the Southern District of New York appointed a nine member official committee of unsecured creditors (the "Creditors' Committee").

5. On June 20, 2012, the Court directed that an examiner be appointed, and on July 3, 2012, the Court approved Arthur J. Gonzalez as the examiner [Docket Nos. 454, 674].

6. The Superpriority Debtor-In-Possession Credit and Guaranty Agreement, dated as of May 16, 2012, was amended and restated as of June 29, 2012 pursuant to the Amended and Restated Superpriority Debtor-In-Possession Credit and Guaranty Agreement, and further amended and restated as of August 14, 2012 pursuant to the Second Amended and Restated Superpriority Debtor-In-Possession Credit and Guaranty Agreement.

## **RELIEF REQUESTED**

7. By this Motion, the Debtors request entry of an order, substantially in the form attached hereto as Exhibit 1, shortening notice with respect to the Court's hearing on the DIP Amendment Motion and setting the date and time for the hearing on the DIP Amendment Motion as October 17, 2012 at 2:00 p.m. (prevailing Eastern Time) (the "Hearing"). In addition, the Debtors request that the Court set the deadlines for (i) the service and filing of objections to the DIP Amendment Motion to October 12, 2012 at 12:00 p.m. (prevailing Eastern Time), and (ii) the service and filing of the responses to any objections to October 15, 2012 at 4:00 p.m. (prevailing Eastern Time).

**BASIS FOR RELIEF**

8.      The DIP Amendment amends the Barclays DIP Facility to permit the Debtors to, among other things: (i) consummate the sale of their "legacy" whole loan portfolio (the "Legacy Portfolio" and the "Legacy Portfolio Sale") prior to the sale of their mortgage loan origination and servicing platform (the "Platform" and the "Platform Sale"), and (ii) sell certain junior lien collateral consisting of Federal Housing Administration mortgage insurance backed mortgage loans and mortgage loans guaranteed by the U.S. Department of Veterans Affairs (the "FHA/VA Loan Sales").

9.      As set forth in more detail in the Puntus Declaration and the DIP Amendment Motion, the Debtors believe the DIP Amendment is beneficial to the Debtors' estates because it will ensure that the winning bidder for the Legacy Portfolio Sale will be able to close promptly and not be forced to wait for the closing of the Platform Sale. The Debtors also believe the DIP Amendment will maximize the value that can be achieved in the Legacy Portfolio Sale auction and will result in cost savings to the estates.

10.     The bid deadline for the Legacy Portfolio Sale is October 19, 2012, and the auction for the Legacy Portfolio Sale is scheduled to begin on October 24, 2012.  It is important for the Court to authorize the DIP Amendment prior to the bid deadline so that bidders understand the timing for closing and can reflect that information in their bids. The Debtors believe the staggered sales that will be accommodated by the DIP Amendment will help encourage bidders to participate in the Legacy Portfolio Sale auction and, potentially, result in more robust bidding.

11.     The Debtors believe that no party in interest will be materially prejudiced by the relief requested herein.

## CONCLUSION

12. Based on the foregoing, the Debtors respectfully submit that cause exists for the Court to shorten notice with respect to the DIP Amendment Motion and to set October 17, 2012 at 2:00 p.m. (prevailing Eastern Time) as the date for the Hearing and to set the deadlines for (i) the service and filing of objections to the DIP Amendment Motion to October 12, 2012 at 12:00 p.m. (prevailing Eastern Time), and (ii) the service and filing of the responses to any objections to October 15, 2012 at 4:00 p.m. (prevailing Eastern Time).

## NOTICE

13. Notice of this Motion has been provided by facsimile, electronic transmission, overnight delivery, or hand delivery to: (a) the Office of the United States Trustee for the Southern District of New York; (b) the office of the United States Attorney General; (c) the office of the New York Attorney General; (d) the office of the United States Attorney for the Southern District of New York; (e) the Internal Revenue Service; (f) the Securities and Exchange Commission; (g) each of the Debtors' prepetition lenders, or their agents, if applicable; (h) each of the indenture trustees for the Debtors' outstanding notes issuances; (i) counsel for AFI Financial Inc.; (j) counsel for Barclays Bank PLC, as administrative agent for the DIP Lenders; (k) Nationstar Mortgage LLC and its counsel; (l) counsel for the Creditors' Committee; and (m) all parties requesting notice pursuant to Bankruptcy Rule 2002.

WHEREFORE for the reasons set forth herein, the Debtors respectfully submit that the Court enter an order, substantially in the form attached hereto as Exhibit 1, granting the relief requested herein and such further relief that the Court deems just and proper.

Dated:   October 10, 2012
      New York, New York

                */s/*    Todd M. Goren
                Gary S. Lee
                Todd M. Goren
                Samantha Martin
                MORRISON & FOERSTER LLP
                1290 Avenue of the Americas
                New York, New York 10104
                Telephone: (212) 468-8000
                Facsimile: (212) 468-7900

                *Counsel for the Debtors and*
                *Debtors in Possession*

# **Exhibit 1**

ny-1060762

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------------
)
In re:                                              )        Case No. 12-12020 (MG)
                                                    )
RESIDENTIAL CAPITAL, LLC, et al.,                   )        Chapter 11
                                                    )
                              Debtors.              )        Jointly Administered
                                                    )
---------------------------------------------------------------------------

**ORDER SHORTENING THE NOTICE PERIOD FOR HEARING ON THE DEBTORS' MOTION TO APPROVE AMENDMENT TO THE BARCLAYS DIP FACILITY AND FEES PAYABLE THEREUNDER**

Upon consideration of the motion (the "Motion"),[1] dated October 10, 2012, of the debtors and debtors in possession (collectively, the "Debtors") for entry of an order pursuant to Fed. R. Bankr. P. 9006(c) and Local Bankruptcy Rules 9006-1(b) and 9077 shortening the time for notice of and scheduling a hearing to consider the Debtors' Motion to Approve Amendment to the Barclays DIP Facility and Fees Payable Thereunder (the "DIP Amendment Motion"); and the Court having jurisdiction to consider the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Debtors having provided adequate and appropriate notice of the Motion under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

ny-1060762                                    2

1. The Motion is granted to the extent provided herein.

2. The Court's hearing on the DIP Amendment Motion shall be October 17, 2012 at 2:00 p.m. (prevailing Eastern Time) (the "Hearing").

3. Objections to the DIP Amendment Motion, if any, must be filed on the docket and served by **October 12, 2012 at 12:00 p.m.** (prevailing eastern Time) upon each of the following parties: (a) the Office of the United States Trustee for the Southern District of New York; (b) the office of the United States Attorney General; (c) the office of the New York Attorney General; (d) the office of the United States Attorney for the Southern District of New York; (e) the Internal Revenue Service; (f) the Securities and Exchange Commission; (g) each of the Debtors' prepetition lenders, or their agents, if applicable; (h) each of the indenture trustees for the Debtors' outstanding notes issuances; (i) counsel for AFI Financial Inc.; (j) counsel for Barclays Bank PLC, as administrative agent for the DIP Lenders; (k) Nationstar Mortgage LLC and its counsel; (l) counsel for the Creditors' Committee; and (m) all parties requesting notice pursuant to Bankruptcy Rule 2002.

4. Objections not timely filed and served in the manner set forth above shall not be considered and shall be overruled. Responses to any Objections shall be due by October 15, 2012 at 4:00 p.m. (prevailing eastern Time) and served on the objecting party.

5. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: New York, New York
       October __, 2012                    _____
                                           The Honorable Martin Glenn
                                           United States Bankruptcy Judge