UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re                                                    :
                                                         :         Chapter 11
RESIDENTIAL CAPITAL, LLC, *et al.*    :
                                                         :         Case No. 12-12020 (MG)
                          Debtors.               :
                                                                   (Jointly Administered)
-------------------------------------------------------x

**STIPULATION AND ORDER PURSUANT TO 11 U.S.C. § 362(d)**
**MODIFYING THE AUTOMATIC STAY IMPOSED BY 11 U.S.C. § 362(a)**

Upon the motion, dated July 25, 2012 (Docket No.897) (the "**Motion**"), of Third Federal Savings and Loan Association ("**Movant**"), for an order, pursuant to section 362(d) of title 11 of the United States Code (the "**Bankruptcy Code**"), granting relief from the automatic stay to complete the foreclosure of a senior mortgage and security interest on lands and premises of Adam T. Dusek and Jennifer L. Kall, with an address of 3355 Sunhaven Oval, Parma, Ohio 44134-5836 (the "**Mortgaged Property**"); and due and proper notice of the Motion having been made on all necessary parties; and the above-captioned debtors (the "**Debtors**") having consented to the relief sought in the Motion on the terms and conditions contained in this Order, upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is granted as set forth herein.

2. The automatic stay imposed in these cases by section 362(a) of the Bankruptcy Code is modified under section 362(d) of the Bankruptcy Code to allow Movant to complete the foreclosure of the mortgage and security interest it holds on the Mortgaged Property.

3. Movant shall provide due notice to the Debtors in connection with any action to be taken with respect to the Mortgaged Property, including, but not limited to proceeding with a sale of the Mortgaged Property, in accordance with and to the extent required by applicable state law.

4. To the extent proceeds from any sale of the Mortgaged Property exceed the valid amounts due and owing to Movant and any other entity holding a valid and enforceable lien on the Mortgaged Property that is senior to the lien of the Debtors, such proceeds shall be turned over within thirty (30) days after such sale is completed to the Debtors' estates.

5. This Consent Order may not be modified other than by a signed writing executed by the Parties hereto or by further order of the Court.

6. This Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which when taken together shall constitute one and the same instrument.

7. That pursuant to Bankruptcy Rule 4001(a)(3), the 14-day stay of this Order imposed by such Bankruptcy Rule is waived. Movant is authorized to implement the provisions of this Order immediately upon its entry.

8. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Order.

| GMAC MORTGAGE, LLC | THIRD FEDERAL SAVINGS AND LOAN ASSOCIATION |
|---|---|
| By: /s/ Norman S. Rosenbaum<br>Gary S. Lee<br>Norman S. Rosenbaum<br>**MORRISON & FOERSTER LLP**<br>1290 Avenue of the Americas<br>New York, New York 10104<br>Tel.: (212) 468-8000<br>Fax: (212) 468-7900<br><br>*Counsel for the Debtors and Debtors in Possession* | By: /s/ Geoffrey J. Peters<br>Geoffrey J. Peters<br>**WELTMAN, WEINBERG & REIS CO., LPA**<br>175 S. 3rd Street, Suite 900<br>Columbus, OH 43215<br>Tel.: (614) 857-4324<br><br>*Counsel for Third Federal Savings and Loan Association* |

Dated: October 11, 2012
    New York, New York

                                              /s/Martin Glenn
                                            MARTIN GLENN
                                United States Bankruptcy Judge