Presentment Date and Time:  October 18, 2012 at 12:00 p.m. (ET)
Objection Deadline:  October 18, 2012 at 11:30 a.m. (ET)

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Lorenzo Marinuzzi

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**NOTICE OF PRESENTMENT OF STIPULATION AND CONSENT
ORDER REGARDING RELIEF FROM THE AUTOMATIC STAY TO
ALLOW STATE COURT ACTION TO PROCEED**

**PLEASE TAKE NOTICE** that the undersigned will present the attached proposed *Stipulation and Consent Order Regarding Relief from the Automatic Stay to Allow State Court Action to Proceed* (the "**Stipulation and Order**"), to the Honorable Martin Glenn, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, Room 501, for signature on **October 18, 2012 at 12:00 p.m. (Prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Stipulation and Order must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the

ny-1061450                                      1

Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **October 18, 2012 at 11:30 a.m. (Prevailing Eastern Time)**, upon (a) counsel for the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attn: Gary S. Lee, Norman S. Rosenbaum, and Lorenzo Marinuzzi); (b) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attn: Tracy Hope Davis, Linda A. Riffkin and Brian S. Masumoto); (c) the Office of the United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001 (Attn: U.S. Attorney General, Eric H. Holder, Jr.); (d) Office of the New York State Attorney General, The Capitol, Albany, NY 12224-0341 (Attn: Nancy Lord, Esq. and Neal Mann, Esq.); (e) Office of the U.S. Attorney for the Southern District of New York, One St. Andrews Plaza, New York, NY 10007 (Attn: Joseph N. Cordaro, Esq.); (f) counsel for Ally Financial Inc., Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY 10022 (Attn: Richard M. Cieri); (g) counsel to Barclays Bank PLC, as administrative agent for the DIP lenders, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036 (Attn: Ken Ziman & Jonathan H. Hofer); (h) counsel for the committee of unsecured creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attn: Kenneth Eckstein & Greg Horowitz); (i) counsel for Nationstar Mortgage LLC, Sidley Austin LLP, One South Dearborn, Chicago, Illinois 60603 (Attn: Jessica C.K. Boelter); (j) Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346 (if by overnight mail, to 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-5016); (k) Securities and Exchange Commission, New York Regional Office, 3 World Financial Center, Suite 400, New York, NY 10281-1022 (Attn: George

S. Canellos, Regional Director); and (l) counsel for Derrius Silmon, Hood & Lay LLC, 1117 22nd Street South, Suite 101, Birmingham, AL 35205 (Attn: Rhonda Steadman Hood).

**PLEASE TAKE FURTHER NOTICE** that, if no objections to the Stipulation and Order are timely filed, served and received in accordance with this Notice, the Court may enter the Order without further notice or hearing.

Dated: October 11, 2012  
      New York, New York

Respectfully submitted,

/s/ Norman S. Rosenbaum  
Gary S. Lee  
Norman S. Rosenbaum  
Lorenzo Marinuzzi  
MORRISON & FOERSTER LLP  
1290 Avenue of the Americas  
New York, New York 10104  
Telephone: (212) 468-8000  
Facsimile: (212) 468-7900

*Counsel for the Debtors and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et. al., | Chapter 11 |
| Debtors. | Jointly Administered |

**STIPULATION AND CONSENT ORDER REGARDING RELIEF FROM AUTOMATIC STAY TO ALLOW STATE COURT ACTION TO PROCEED**

WHEREAS, Derrius Silmon ("**Borrower**") is a defendant and counter-claim plaintiff in a civil action brought by GMAC Mortgage, LLC ("**GMAC Mortgage**"), one of the above captioned debtors and debtors in possession (the "**Debtors**"), filed in the Circuit Court of Jefferson County, Alabama (the "**State Court**"), Case No. 2009-902322 (the "**Silmon Action**");[1]

WHEREAS, on May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**");

WHEREAS, the Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108;

WHEREAS, as of the Petition Date, the trial on the Silmon Action was scheduled to commence on September 17, 2012 as a bench trial before the Hon. Nikki Gordon Still;

WHEREAS, on August 2, 2012, GMAC Mortgage filed a Motion for Summary Judgment in the Silmon Action (the "**GMAC Mortgage SJ Motion**"), seeking summary judgment as to its affirmative claim for ejectment against Silmon and seeking summary

---

[1] Silmon filed counterclaims against GMAC Mortgage and against non-debtor Mortgage Electronic Registration Systems, Inc.

1

ny-1061463

judgment as to those defenses and counterclaims alleged by Silmon against GMAC which Silmon is entitled to prosecute in accordance with the Court's Supplemental Servicing Order dated July 13, 2012 [Dkt. # 774] (the "**Supplemental Servicing Order**") as defenses to ejectment[2];

WHEREAS, on August 29, 2012, following a request from Judge Nikki Gordon Still to this Court to confirm whether and to what extent the Silmon Action could proceed forward given the Chapter 11 cases and the terms of the Supplemental Servicing Order, this Court conducted a status conference where counsel for Silmon and counsel for GMAC Mortgage were present, and this Court directed the Parties to hold a phone conference and discuss the possibility of a stipulation concerning the Silmon Action proceeding forward as to all claims and counterclaims at issue therein;

WHEREAS, on September 24, 2012, Judge Still held a status conference on the Silmon Action to discuss the parties' respective positions with respect to the status of the case and the Bankruptcy Action;

WHEREAS, the trial date has been rescheduled to November 13, 2012;

WHEREAS, the GMAC Mortgage SJ Motion is pending;

WHEREAS, on September 27, 2012, the parties appeared before this Court for a telephone status conference to discuss the status of the parties' efforts to reach a stipulation as to the Silmon Action proceeding forward with respect to the GMAC Mortgage SJ Motion as to all claims and counterclaims;

WHEREAS, Silmon has indicated to Judge Still and to this Court that he intends to file a Rule 56(f) affidavit in response to the GMAC Mortgage Motion for SJ as he contends additional

---

[2] The motion for summary judgment was filed on behalf of GMAC Mortgage and co-counterclaim defendant Mortgage Electronic Registration Systems, Inc.

2

ny-1061463

discovery is needed to oppose the Motion for SJ. As part of that discovery he will initially seek the deposition of the GMAC Mortgage employee who submitted an affidavit in support of the GMAC Mortgage SJ Motion ("**The GMAC Affiant**") but depending on the GMAC affiant's testimony, may find it necessary to seek additional discovery to oppose the SJ Motion;

WHEREAS, in consenting to limited relief from the automatic stay, the Debtors have considered all of the particular facts and circumstances of the Silmon Action;

WHEREAS, Silmon and Debtors (collectively, the "**Parties**") have conferred and the Debtors have consented to a limited modification of the automatic stay (the "**Stay**") of section 362(a) of the Bankruptcy Code pursuant to the terms, and subject to the conditions set forth in this stipulation and consent order (the "**Stipulation and Consent Order**").

**NOW THEREFORE**, it is hereby stipulated and agreed as between the Parties to this Stipulation and Consent Order, through their undersigned counsel, that:

1. The Stay shall be modified solely to the extent set forth herein.

2. The Silmon Action may proceed and Judge Still may rule on all claims and counterclaims subject to the GMAC Mortgage SJ Motion that is currently pending, including each of Silmon's defenses and counter claims for monetary or other relief asserted in the Silmon Action.

3. Silmon is allowed to file any motion, response or opposition to the GMAC Mortgage SJ Motion.

4. Judge Still shall hear oral arguments on the GMAC Mortgage SJ Motion and on any opposition filed by Silmon on October 22, 2012 at 1:00 p.m. (said date and time to be re-scheduled at the direction of Judge Still if necessary).

ny-1061463

5.      To the extent Judge Still finds that Silmon shall be allowed to depose The GMAC Affiant prior to a decision on the GMAC Mortgage Summary Judgment Motion, the Stay is hereby modified to permit Silmon to proceed with such deposition of The GMAC Affiant. However, the Stay shall remain in effect with respect to any additional discovery and unless otherwise stipulated to by GMAC Mortgage with the approval of this Court, Silmon must move in this Court for relief from Stay to proceed with any additional discovery against GMAC Mortgage, and GMAC Mortgage shall be entitled to object to any further relief from the Stay.

6.      To the extent the GMAC Mortgage SJ Motion is denied and any claims or counterclaims remain pending and Judge Still does not order any additional discovery and the Silmon Action is then ready for trial, the trial may commence and the Parties may pursue any appeal therefrom, solely for the purpose of determining the extent, if any, of GMAC Mortgage's liability to Silmon or Silmon's liability to GMAC Mortgage, consistent with the terms, conditions and limitations of this Stipulation and Consent Order.  This Stipulation and Consent Order is without prejudice to Silmon's rights to pursue third parties in the Silmon Action. Further, nothing herein shall be interpreted to prevent either party from appealing any decision of the trial court pursuant to law, including any decision regarding additional discovery sought by Silmon (whether such appeal would be by mandamus petition or other appellate review).

7.      Notwithstanding anything in this Stipulation and Consent Order to the contrary, absent further order of this Court, Silmon shall not enforce as against the Debtors, their assets, or their estates, any judgment obtained in the Silmon Action or take any other action against the Debtors with respect to the Silmon Action.

8.      Silmon agrees that the Silmon Action shall be the sole proceeding in which to resolve any and all claims Silmon may have arising in connection with any and all of the

transactions at issue in the Silmon Action and that any proof of claim Silmon files in the Debtors' bankruptcy arising in connection with such transactions shall be limited to the amount of any final judgment obtained in the Silmon Action. This Stipulation and Order is without prejudice to Silmon's rights, if any, he may have under the Consent Judgment approved by the United States District Court for the District of Columbia on April 4, 2012, in Civil Action 12-00361, by among other parties, the United States, 49 state attorney generals, Ally Financial, Inc., Residential Capital, LLC and GMAC Mortgage, LLC. This Stipulation and Order is also without prejudice to Silmon's rights, if any, under the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among Ally Financial Inc., Ally Bank, Residential Capital, LLC, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation.

9. This Stipulation and Consent Order shall not be modified, altered, amended or vacated without the prior written consent of all the Parties hereto. Any such modification, alteration, amendment or vacation in whole or part shall be subject to the approval of this Court. No statement made or action taken in the negotiation of this Stipulation and order, not set forth herein, may be used by any Party in the Silmon Action.

10. This Stipulation and Consent Order is the entire agreement between the Parties in respect of the subject matter hereof.

11. Each person who executes this Stipulation and Consent Order on behalf of a Party hereto represents that he or she is duly authorized to execute this Stipulation and Consent Order on behalf of such Party.

12. This Stipulation and Consent order may be executed in multiple counterparts, each of which shall be deemed an original but all of which when taken together shall constitute one and the same instrument.

13. The 14-day stay period under Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is hereby waived and this Stipulation and Consent Order shall be immediately effective upon its entry.

14. This Stipulation and Consent Order shall be of no force or effect unless and until it is approved by the Court.

15. This Court shall retain jurisdiction to resolve all matters relating to the implementation of this Stipulation and Consent Order.

Dated: October 11, 2012

| GMAC Mortgage, LLC | DERRIUS SILMON |
|---|---|
| By: /s/ Norman S. Rosenbaum<br>Gary S. Lee<br>Norman S. Rosenbaum<br>MORRISON & FOERSTER LLP<br>1290 Avenue of the Americas<br>New York, New York 10104<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900 | By: /s/ Rhonda Steadman Hood<br>Rhonda Steadman Hood<br>Wooten, Hood & Lay, LLC<br>1117 22nd Street South, Suite 101<br>Birmingham, AL 35205<br>Telephone: (205) 323-4123 |
| Counsel for Debtors and Debtors in Possession | Counsel for Derrius Silmon |

So Ordered this ___ day of October, 2012

_____
United States Bankruptcy Judge