# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

IN RE:

RESIDENTIAL CAPITAL, LLC., et al.

Case No. 12-12020 MG

Chapter 11

Jointly Administered

GEORGE VAN WAGNER,

Plaintiff.

V

RESIDENTIAL FUNDING COMPANY, LLC, et al.,

NATIONAL CITY MORTGAGE,
GOLDEN & AMOS PLLC;
TIM AMOS
GMAC MORTGAGE;
PETER T. DEMASTERS;
FLAHERTY, SESABAUGH, BONASSO PLLC;
SUSAN ROMAIN
PNC BANK NATIONAL ASSOCIATION;
SENECA TRUSTEES, INC;
JASON MANNING,
TROUTMAN SANDERS LLP

Defendants.

AP _____

Complaint

## COMPLAINT AND MOTION
## TO ENJOIN WRONGFUL FORECLOSURE ACTION

George Van Wagner
P.O. Box 867
Martinsburg, WV. 25402

Submitted 10/09/2012



RECEIVED OCT 11 2012

1

Comes now, George Van Wagner (hereinafter Van Wagner) Pro se in good faith, and in accordance with U.S. Bankruptcy Rules and files this COMPLAINT AND MOTION TO ENJOIN WRONGFUL FORECLOSURE ACTION that he filed in accordance with U.S. Bankruptcy Rules and asks that this motion supplement his Complaint and Motion to Enjoin Wrongful Foreclosure Action.

### JURISDICTION

This honorable court has jurisdiction to entertain this complaint within USC 28 §1332, PART 4 chapter 85 whereas there is a diversity in citizenship of parties and the amount in controversy exceeds $75,000. As well as companies named herein as defendants have federal charters to engage in business in a intrastate as well as interstate capacity.

### PARTIES INVOLVED

**GEORGE VAN WAGNER, PRO SE**
P.O. BOX 867
MARTINSBURG, WV. 25402

**RESIDENTIAL FUNDING COMPANY, LLC**
**MORRISON & FOESTER LLP**
Gary Lee
Lorenzo Marinuzzi
1290 Avenue of the Americas
New York, NY. 10104

**SENECA TRUSTEES, INC.**
6108 MID ATLANTIC DRIVE
MORGANTOWN, WV. 26505

**NATIONAL CITY MORTGAGE**
P.O. Box 1820
Dayton, Ohio 45401-1820

**Golden & Amos PLLC (*Tim Amos*) Counsel for National City Mortgage**
P.O. Box 81
Parkersburg, WV. 26102

**PNC BANK (Successor to City National)**
249 5th Ave., Ste. 30
Pittsburgh, PA 15222

**Flaherty,Sensabaugh,Bonasso,PLLC (*Susan Romain and Peter T. Demasters*) (counsel for PNC)**
P.O. BOX 3843
Charleston, WV. 25338-3843

**GMAC MORTGAGE**
P.O. BOX 4622
WATERLOO, IA. 50704

**TROUTMAN SANDERS LLP -*Jason Manning* (counsel of record for GMAC)**
222 CENTRAL PARK AVENUE SUITE 2000
VIRGINIA BEACH, VA 23462

## PROPERTY IN QUESTION

At the heart of this dispute is the following described real estate, together with its improvements, easements and appurtenances thereunto belonging, situate in Mill Creek District, Berkeley County, West Virginia, and more particularly described:

All that certain lot or parcel containing 6.000 acres as shown on plat made by Gamma Associates, Arnold L. Godlove, C.E., dated September 19, 1975 and recorded in the Office of the Clerk of the County Court of Berkeley County, West Virginia, in Deed Book 291, at page

3

40, being subject to easements of record and in existence. At the time of the execution of the Deed of Trust, this property was reported to have an address of (and currently has an address of) 409 three Run Road, Bunker Hill, WV. 25413.

## WRONGFUL AND NEGLIGENT ACTIONS BY DEFENDANTS

*LOAN WAS SOLD 3 TIMES WITHOUT NOTIFYING ALL PARTIES*
*DECEIT AND FRAUDULENT PRACTICE OF FORECLOSURES*
*RENEGE ON AGREEMENT VIOLATED TRUTH-IN-LENDING ACT*
*NOT GIVEN TIME TO CURE TO REDEEM*
*FAILURE TO PERFORM TITLE TAKEDOWN*
*THE SALE AND RESALE(S) OF THE LOAN, OR THE SERVICING OF IT, WAS RIDDLED WITH UNFAIR AND DECEPTIVE PRACTICES*

## STATEMENT OF FACTS

On 08/24/2006, George Van Wagner formed VAC, LLC. and filed such entity with the WV. Secretary of State. From 2006 to 2008, among business transactions, there were several properties that were conveyed unto VAC, LLC. Pertinent to this case is one conveyance which is property known as 409 Three Run Road. On October 30, 2006, real estate parcel as described above was conveyed unto the Plaintiff, George Van Wagner and recorded in the Clerk of the County Commission for Berkeley County WV. In Deed Book 852 at page 131. On July 11, 2007, same property was conveyed from George Van Wagner to VAC, LLC through David Pill, trustee. VAC, LLC. held title to said property, George Van Wagner held the deed of trust therein, and City National held the Mortgage Note.

On March 28, 2008, VAC filed for chapter 11 bankruptcy (08-BK-00435) in the US Bankruptcy Court for the Northern District of WV (Flatley). During the Chapter 11 bankruptcy proceedings, Van Wagner possessed membership or equity interests in various business entities, including: Hickory Ridge, LLC; Vanwood, LLC; Leisure Living, LLC; Norwood, Inc.; **VAC, LLC**; and Topaz, LLC.

Within the VAC entity, several properties were conveyed to VAC ( One of those were the 409 Three Run Road which is at the heart of this action). Subsequently and during open court in the bankruptcy proceedings Judge Flatley had determined that the conveyed deeds to VAC were fraudulent because they were conveyed within the 1 year period of filing for bankruptcy in accordance with 11 U.S.C. § 548. This was not intentional on Van Wagner and no challenges were made to that affect, nonetheless the conveyances became void by proxy And the properties reverted back to Van Wagner.

Flatley then stipulated that those properties that were fraudulently conveyed reverted back to Van Wagner and were now part of his personal assets and subjected to his bankruptcy case. Flatley then proceeding to address each of the properties separately as properties of George Van Wagner and for 2 years has been litigating those properties as George Van Wagner, Debtor.

On April 17, 2009, upon Van Wagner's motion and without an objective response, the Honorable Flatley issued an ORDER to remove National City Mortgage as claimant to mortgage on 409 Three Run Road. On February 23, Van Wagner received notice that GMAC is taking over the National City Mortgage and that National will no longer accept payments.

5

Van Wagner then was denied a refund of 2 payments made to National (each $1,649.90) since they no longer was to accept payments. The filed RESPONSE OF NATIONAL CITY MORTGAGE CO. TO MOTION OF DEBTOR HAVE NATIONAL CITY MORTGAGE COMPANY RETURN UNREPORTED PAYMENTS on the face at least acknowledges that Van Wagner is the Debtor, and Van Wagner personally made payments toward 409 Three Run Road.

In July 2009, the companies mentioned above were converted from chapter 11 to chapter 7 proceedings. The only exception was VAC, LLC. as stated above was fraudulently instituted, and the properties therein were reverted back to Van Wagner. On 11/01/2010, through the WV. Secretary of State, VAC was officially revoked.

National never informed GMAC of the bankruptcy proceedings or the new agreement. Although Van Wagner had indeed started paying his new lower payment as agreed, when the transfer to GMAC took place, the payments were not included in the conditions, nor were the amounts credited and the transfer and sale transpired without disclosing the factual terms of the agreement.

Van Wagner believed the payments were to be made to National City as the agreement stipulated, and when Van Wagner received a letter on 02/23/09 from GMAC advising that National City Mortgage will be unable to accept payments after 02/01/09, Van Wagner believing he was a victim of deceit did not know who he was supposed to pay, and payments

ceased.

On August 02, 2011, Van Wagner received a letter from Seneca Trustees, Inc. advising that as a substitute trustee at the direction of Residential Funding Company, that the property accelerated to declare all sums due and that property would be sold on August 23, 2011.

Van Wagner has no idea as to the entity of Residential Funding, how they have any claim to the property, or how they retain any right to seek foreclosure, and Residential Funding have yet to produce documentation they hold any interest.

## ARGUMENT

Undoubtedly and for the reasons stated above and in accordance with Judge Flately's rulings, Van Wagner is debtor, holds deed, and title to 409 Tree Run road. Van Wagner has a right to know the rightful owner of the note so an offer for payment of the note at a discount and at fair market value can be made. If the note has been pledged and encumbered, then that party must be made aware of the foreclosure and your right to negotiate with them a payment and release of the note by you, other lien holders or private parties. Van Wagner had the right to have his modified term honored, and the reneging thereof constituted a violation of the truth in lending act.

## The Real Estate Settlement Procedures Act of 1974

(RESPA) (12 USC 2601 *et seq.*) (the "Act") became effective on June 20, 1975. The Act requires lenders, mortgage brokers, or servicers of home loans to provide borrowers with pertinent and timely disclosures regarding the nature and costs of the real estate settlement process. The Act also protects borrowers against certain abusive practices, including the resale of loan without notifying all parties, and requiring that the Lender must give the "Borrowers" notice of the loan default and an opportunity to cure the default before the loan can be accelerated.

## PART 3500—REAL ESTATE SETTLEMENT PROCEDURES ACT   3500.21

d)Notices of Transfer; loan servicing.(1)Requirement for notice. (i)Except as provided in this paragraph (d)(1)(i) or paragraph (d)(1)(ii) of this section, each transferor servicer and transferee servicer of any mortgage servicing loan shall deliver to the borrower a written Notice of Transfer, containing the information described in paragraph (d)(3) of this section, of any assignment, sale, or transfer of the servicing of the loan. The following transfers are not considered an assignment, sale, or transfer of mortgage loan servicing for purposes of this requirement if there is no change in the payee, address to which payment must be delivered, account number, or amount of payment due:

(A)Transfers between affiliates; (B)Transfers resulting from mergers or acquisitions of

servicers or subservicers; and (C)Transfers between master servicers, where the subservicer remains the same

## WEST VIRGINIA CODE
### §46A-2-106. Notice of consumer's right to cure default; cure; acceleration

Except as hereinafter provided in this section, after a default on any installment obligation or any other secured obligation other than with respect to a covenant to provide insurance for or otherwise to protect and preserve the property covered by a security interest or lease, a creditor may not accelerate maturity of the unpaid balance of any such installment obligation or any other such secured obligation, commence any action or demand or take possession of collateral on account of default until ten days after notice has been given to the consumer of his or her right to cure such default. Until such period expires, the consumer shall have the right to cure any default by tendering the amount of all unpaid sums due at the time of the tender, without acceleration, plus any unpaid delinquency or deferral charges and by tendering any other performance necessary to cure such default. Any such cure shall restore a consumer to all his or her rights under the agreement the same as if there had been no default. A consumer who has been in default three or more times on the same obligation and who has been given notice of such fact three or more times shall not have the right to cure a default under this section even though previous defaults have been cured and his or her creditor's right to proceed against him or her and his or her collateral shall not be impaired or limited in any way by this section. There shall be no acceleration of the maturity of all or part of any amount owing in such a consumer credit sale, consumer lease or consumer loan, except where nonperformance specified in the agreement as constituting default has occurred.

## COMPANIES HISTORY OF FRAUDULENT PRACTICES

Without getting into a lengthy discussion of the wide-spread problems of fraud and deceit associated with reselling loans and wrongful foreclosures across the country, the defendants herein have themselves been subjected to litigation for negligent practices; to wit:

A jury, sitting in state court in Jackson County, Missouri had previously found that **Residential Funding Company LLC** and 2 other entities owed the plaintiffs 5.1 million dollars in actual damages, and $99,000,000.00 in punitive damages for tainted, fraudulent, and deceptive practices regarding reselling loans and foreclosures therein.

WASHINGTON Dept. of Justice– **National City Mortgage Inc.** has agreed to pay the United States $4.6 million to settle allegations arising under the False Claims Act concerning 58 federally insured loans for mortgages submitted to the Department of Housing and Urban Development (HUD), the Justice Department announced.

In June 2003, **PNC Bank** agreed to pay $115 million to settle federal securities fraud charges after one of its subsidiaries fraudulently transferred $762 million in bad loans and other venture-capital investments to an AIG entity in order to conceal them from investors. Ally Financial and its subsidiary **GMAC** Mortgage are being sued by the Ohio Attorney General for allegedly submitting fraudulent documents in hundreds of foreclosure cases across the state.

## CONCLUSION

George Van Wagner in good faith avoided a bankruptcy proceeding and settled on a lower interest payment. He made two payments of the new term and during the two payments, the loan was sold. He was advised to stop paying a Note Holder. The Note was then sold again, and Van Wagner had no idea and had no documentations. Through deceit and fraud, Residential Funding Company comes out of no where and claims to be the lender, and that the property is going to be sold.

Accordingly, George Van Wagner respectfully requests this Court to enjoin the foreclosure and to issue an injunction to stop the sale, and in light of any negligence found to be committed by the Court, Van Wagner asks for punitive and compensatory damages as well as any other equally effective relief deemed necessary and just.

Respectfully Submitted,

_____

George Van Wagner, Pro se

P. O. Box 867

Martinsburg, WV. 25402



# SENECA TRUSTEES, INC.

6108 MId Atlantic Drive | Morgantown, WV 26505
Toll Free 1-888-534-3132

August 2, 2011

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**AND FIRST CLASS U.S. MAIL**
George VanWagner aka Georg VanWagner Iii
594 Eagle School Road
Martinsburg, WV 25401

    Re:    Notice of Trustee's Sale
            Loan No. 0359529173
            Property: 409 Three Run Rd, Bunker Hill, WV 25413
            Our File No. 48-012527-09

        NOTICE is hereby given that Seneca Trustees Inc., Substitute Trustees under that certain Deed of Trust dated October 30, 2006, and recorded in the Office of the Clerk of the County Commission of Berkeley County, West Virginia in Trust Deed Book 2016 at page 00355, at the direction of the lender, Residential Funding Company, LLC f/k/a Residential Funding Corporation, does hereby:

1. Accelerate and declare all sums secured by said Deed of Trust to be immediately due and payable without further demand, subject to terms of said Deed of Trust and applicable laws; and,
2. Invoke the power given by said Deed of Trust to sell the above-described real estate at public auction on August 23, 2011, at 11:00 o'clock am, at the front door of the Berkeley County Courthouse, Martinsburg, West Virginia.

        Notice is also given that any personal property and/or belongings remaining at the property after the foreclosure sale will be deemed to constitute ABANDONED PROPERTY AND WILL BE DISPOSED OF ACCORDINGLY. Insofar as this letter may be interpreted by a Court of competent jurisdiction, that the undersigned is attempting to collect a debt on behalf of a lender, you are informed that any information given by you to the undersigned is information which may be passed on to the lender may be used for the collecting a debt.

        You have the right to bring a Court action to assert the non-existence of the default or any other defense you may have to stop the acceleration of the sale. Copy of the Notice of Trustee's sale of valuable real estate is enclosed herewith.

Respectfully,

*[signature]*

SENECA TRUSTEES, INC.

## TRUSTEE'S SALE OF VALUABLE REAL ESTATE

The undersigned Substitute Trustee, by virtue of the authority vested in him by that certain Deed of Trust, dated the **30th day of October, 2006**, and duly recorded in the Office of the Clerk of the County Commission of **Berkeley** County, West Virginia, in Trust **Deed Book 2016, at page 00355**, **George VanWagner aka Georg VanWagner Iii** did convey unto **Richard A. Pill, Esq**, Trustee(s), certain real property described in said Deed of Trust; and the beneficiary has elected to appoint **Seneca Trustees, Inc.**, as Substitute Trustee by a Substitution of Trustee dated **June 14, 2011** and recorded in the aforesaid Clerk's office; and default having been made under the aforementioned Deed of Trust, and the undersigned Substitute Trustee having been instructed by Residential Funding Company, LLC f/k/a Residential Funding Corporation to foreclose thereunder, will offer for sale at public auction at the front door of the **Berkeley** County Courthouse in **Martinsburg**, West Virginia, on

### August 23, 2011 at 11:00 o'clock am

the following described real estate, together with its improvements, easements and appurtenances thereunto belonging, situate in **Mill Creek District, Berkeley** County, West Virginia, and more particularly described as follows:

**All that certain lot or parcel of real estate together with the improvements thereon and appurtenances thereto belonging, situate in Mill Creek District, Berkeley County, West Virginia, and more particularly described as follows:**

**All that certain lot or parcel containing 6.000 acres as shown on a plat made by Gamma Associates, Arnold L. Godlove, C.E., dated September 19, 1975 and recorded in the Office of the Clerk of the County Court of Berkeley County, West Virginia, in Deed Book 291, at page 40, being subject to easements of record and in existence.**

At the time of the execution of the Deed of Trust, this property was reported to have an address of: **409 Three Run Rd, Bunker Hill, WV 25413**.

The referenced real estate will be conveyed with no covenants of warranty, and subject to all covenants, restrictions, easements, rights of way and reservations which may be a matter of record in the aforesaid Clerk's Office or visible upon the ground, all prior liens and encumbrances, including, without limitation, liens for real estate taxes, incinerator, sanitary and sewer charges. The purchasers at the sale shall be responsible for paying the recording costs and also the tax on the privilege of transferring real property (the cost of the tax stamp to be affixed to the deed). The purchasers shall be responsible for payment of all real estate taxes.

The subject property will be sold in "AS IS" condition. The Substitute Trustee shall be under no duty to cause any existing tenant or person occupying the subject property to vacate said property.

TERMS: **$24,000.00** in cash and/or certified funds as deposit with the balance due and payable within 30 days of the day of sale.

FEDERAL TAX LIEN: In the event that there are Federal Tax Liens against the property, the United States would have the right to redeem the property within a period of 120 days from the date of such sale or the period allowable for redemption under local law, whichever is longer.

Pursuant to the Deed of Trust, the Trustee may postpone the sale by public announcement at the time and place designated or by posting a notice of the same, and act by agent in the execution of the sale. The parties secured by the Deed of Trust reserve the right to purchase the property at such sale.

SENECA TRUSTEES, INC.
6108 Mid Atlantic Drive
Morgantown, WV 26508
(304) 413-0044
(304) 292-2918
Toll free: (888) 534-3132
Reference File No. 48-012527-09

cc:   The Journal
      08/12/11, 08/19/11

√

GMAC Mortgage
Transfer Dept.
PO Box 780
Waterloo IA 50704-0780

**GMAC Mortgage**

February 6, 2009

10/27/08 09:00   0000423 20090209 IB097101 DEFLT   1 OZ DOM IB09710000* 146316   W1

GEORGE VANWAGNER
127 WALKER CT
HEDGESVILLE WV 25427-3831

RECEIVED
FEB 23 2009

RE:  Account Number     0359529173
     Property Address   409 THREE RUN RD
                        BUNKER HILL WV 25413-0000

Dear George Vanwagner:

Welcome to GMAC Mortgage. You were recently notified by National City Mortgage that the servicing of the above referenced account was transferred to our office effective 02/01/09. The new GMAC Mortgage Account Number is listed above.

We are pleased to serve you and hope you find our services a perfect match for your needs.

Beginning 02/01/09, payments should be sent to GMAC Mortgage as National City Mortgage will be unable to accept payments and apply them to the account on or after that date. We realize you may have inquiries regarding the transfer of the account and have included contact information below. For questions regarding the transfer of servicing to GMAC Mortgage or past servicing of the account, please contact National City Mortgage's Customer Service at 800-822-5626 (call collect if not toll-free). For consumer information that may be required by your state, please see the enclosed Required Disclosures.

GMAC Mortgage is committed to providing superior service to our customers! Please detach the contact information below and keep it for future reference.

Sincerely,

*[signature]*

Charles R. Hoecker
Sr. Vice President, Customer Care
Loan Servicing

Enclosure(s)

**National City Mortgage Co.**

National City Mortgage Co.
A Subsidiary of National City Bank
3232 Newmark Drive • Miamisburg, Ohio 45342
Telephone: (937) 910-1200

Mailing Address:
P.O. Box 1820
Dayton, Ohio 45401-1820

February 04, 2009

GEORGE VAN WAGNER
PRO SE
127 WALKER COURT
HEDGESVILLE WV 25427

RECEIVED
FEB 16 2009

RE:   Loan No. 0004920821
      Case No. 0800435
      Name: GEORGE VANWAGNER

The servicing of this loan has been transferred from National City Mortgage to GMAC MORTGAGE effective 02-02-2009.

All future correspondence/inquiries should be directed to the following address and telephone number:

    GMAC MORTGAGE
    PAYMENT PROCESSING
    P O BOX 780
    WATERLOO  IA  50704-0780    215-734-5382

*409 3 Run Rd.* (handwritten)

Sincerely,

Bankruptcy Department

copy to:  Trustee:
          Attorney: GEORGE VAN WAGNER

BD097 009 KMV