**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------------
                                                    )
In re:                                              )    Case No. 12-12020 (MG)
                                                    )
RESIDENTIAL CAPITAL, LLC, <u>et</u> <u>al</u>.,     )    Chapter 11
                                                    )
                    Debtors.                        )    Jointly Administered
                                                    )
------------------------------------------------------------------------------

**ORDER PURSUANT TO BANKRUPTCY CODE
SECTIONS 105(a) AND 362(d) FOR ENTRY OF AN ORDER APPROVING
PROCEDURES BY WHICH THIRD PARTIES MAY REQUEST AND OBTAIN
STIPULATED RELIEF FROM THE AUTOMATIC STAY TO COMMENCE OR
CONTINUE ACTIONS TO FORECLOSE SENIOR LIENS**

Upon the motion (the "<u>Motion</u>"),[1] dated September 11, 2012, of the above-captioned debtors and debtors in possession (the "<u>Debtors</u>"), pursuant to sections 105(a) and 362(d) of the Bankruptcy Code, for entry of an order establishing procedures by which third parties that hold mortgages on real property (each, a "<u>Senior Lien</u>") in which the Debtors hold or service an interest that is subordinate to the third party's interest (each, a "<u>Property</u>") may request and, if certain requirements are met, obtain stipulated relief from the automatic stay in order to foreclose on such Property (each such action, a "<u>Senior Lien Foreclosure Action</u>"), all as more fully set forth in the Motion; and JPMorgan Chase Bank, N.A. ("<u>JPMorgan Chase</u>") having filed a response and objection to the Motion [Docket No. 1490] (the "<u>JPMorgan Chase Objection</u>"); and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby:

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

1

ORDERED THAT:

1. The relief requested in the Motion is GRANTED as provided herein, except with respect to the JPMorgan Chase Objection, which shall either be resolved by a separate stipulation and order between JPMorgan Chase and the Debtors or adjudicated by a separate order of the Court.

2. The Lift Stay Procedures are approved as follows:

**Lift Stay Procedures**

3. Any party (each, a "Requesting Party") seeking to continue or commence a Senior Lien Foreclosure Action with respect to any Property must serve a written request for relief from the automatic stay (a "Request") on each of the following parties: (a) the Debtors; (b) Morrison & Foerster LLP, as bankruptcy counsel for the Debtors; (c) Kramer Levin Naftalis & Frankel LLP, as counsel for the Committee; (d) the U.S. Trustee (parties listed in (a) through (d) collectively, the "Notice Parties"); and (e) any other party of which the Requesting Party is aware that holds or claims to hold an interest in the Property; provided, that Nationstar Mortgage LLC ("Nationstar") or Berkshire Hathaway Inc. ("Berkshire Hathaway" and, together with Nationstar, the "Stalking Horse Bidders") may elect at any time to be added as a Notice Party by filing a notice to such effect with the Bankruptcy Court and serving it in the same manner and to the same parties as this Motion. If a Stalking Horse Bidder elects to be added as a Notice Party, the Debtors shall revise the Questionnaire to include such additional Notice Party.

4. The Request shall be accompanied by a completed questionnaire, in a form attached hereto as **Exhibit 1** (the "Questionnaire"). The Questionnaire shall include the following information:

    (a) Address of the Property;

    (b) Name of the borrower under the Senior Lien;

(c) Nature of the Debtors' purported interest in the Property (to be supported by a title or foreclosure report reflecting such liens or interests);

(d) Identity of the party that owns the Senior Lien (the "Senior Holder");

(e) Identity of Requesting Party if different from the Senior Holder, nature of such Requesting Party's interest in the Property, and capacity in which such request is made (e.g., as servicer, etc.);

(f) Identification of any other known liens on the Property and holder of such liens;

(g) Value of the Property on which the foreclosure bid is based (to be supported by an appraisal or broker price opinion (in each case conducted within the ninety (90) days preceding the date of the Questionnaire), or other documentation of value reasonably acceptable to the Debtors);

(h) Total indebtedness attributable to the Senior Lien, including unpaid principal balance, outstanding corporate advances and legal fees (to be supported by documentation);

(i) Description of the default under the Senior Lien (i.e., timing and nature of default, including date and amount of last payment, contractual payment amount outstanding, and length and amount of arrearage);

(j) Court in which First Lien Foreclosure Action is pending or in which the Requesting Party proposes to bring such action, as applicable, together with copies of any relevant documents filed in connection with the First Lien Foreclosure Action; and

(k) Description of any loss mitigation efforts undertaken by or on behalf of the Senior Holder with respect to the Senior Lien within the previous twelve (12) months.

5. Within twenty (20) days after the receipt of a Request (the "Evaluation Period"), the Notice Parties shall review and evaluate the Request. If any of the Notice Parties determine that additional information is reasonably required in order to evaluate the Request, they will promptly notify the Debtors who will forward the request for additional information to the

3

Requesting Party. The Evaluation Period will commence upon receipt by the Notice Parties of such additional information.

6. To the extent the Stalking Horse Bidders are not Notice Parties, (a) the Debtors shall provide copies of each Request for which the Property value is believed to exceed the total indebtedness attributable to the Senior Lien (each, an "Equity Request") to counsel for each of the Stalking Horse Bidders within two (2) business days after receiving such Equity Request, and (b) the Stalking Horse Bidders shall have the right to object to an Equity Request to the same extent and in the same manner as a Notice Party; provided, that each of the Stalking Horse Bidders shall only have the right to object to an Equity Request to the extent the Debtors' interest in the Property is an asset subject to purchase under the respective asset purchase agreement between such Stalking Horse Bidder and the Debtors. In addition, the Debtors shall consult with counsel for the Stalking Horse Bidders in connection with their evaluation of the Requests bi-weekly or at such other intervals as may be reasonably requested by each Stalking Horse Bidder.

7. Each Notice Party may object to a Request by providing written notice to the Debtors, the Debtors' counsel, and the Requesting Party prior to the expiration of the Evaluation Period, which notice shall specify the basis for such objection; provided, that each of the Stalking Horse Bidders (to the extent they become Notice Parties) shall only have the right to object to a Request to the extent the Debtors' interest in the Property is an asset subject to purchase under the respective asset purchase agreement between such Stalking Horse Bidder and the Debtors.

8. Within two (2) business days of the end of the Evaluation Period, if the Debtors determine that they will consent to the Request and no other Notice Party has objected, the Debtors shall notify the Requesting Party, and shall execute a stipulation, substantially in the

4

form attached hereto as **Exhibit 2** (the "Stipulation"), within ten (10) business days following the expiration of the Evaluation Period. The Debtors shall submit the Stipulation to the Bankruptcy Court for approval within five (5) business days after execution by all parties. The Stipulation may be submitted and entered upon five (5) days' notice of presentment.

9. If the Debtors determine that they will not consent to the Request or any other Notice Party objects, the Debtors shall notify the Requesting Party that the Request has been denied and provide the basis for the denial within two (2) business days of the end of the Evaluation Period, following which the Requesting Party may file a motion with the Bankruptcy Court seeking stay relief in accordance with the procedures set forth in this Court's Case Management Procedures [Docket No. 141] (the "Case Management Procedures").

10. Any party that files a motion seeking relief from the automatic stay to foreclose on a Senior Lien with the Bankruptcy Court without following the Lift Stay Procedures shall be deemed to have submitted a Request, and the motion will be dismissed without prejudice and such party shall have the right to refile the motion in accordance with the Case Management Procedures in the event the Request is denied in accordance with the Lift Stay Procedures.

**Miscellaneous**

11. To the extent applicable, the 14-day stay of Federal Rule of Bankruptcy Procedure 6004(h) is hereby waived, and this Order shall be effective immediately.

12. The Debtors are authorized to execute and deliver all instruments and documents, and take such other action as may be necessary or appropriate to implement and effectuate the transactions contemplated by this Order.

13. Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of

Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

14. This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:   New York, New York
         October 15, 2012

                                         _____/s/Martin Glenn_____
                                              MARTIN GLENN
                                         United States Bankruptcy Judge

# **EXHIBIT 1**

*In re Residential Capital, LLC*, et al.
Chapter 11 Case No. 12-12020 (MG)

# SENIOR LIEN STAY RELIEF QUESTIONNAIRE

This questionnaire is to be completed by any party (the "Requesting Party") requesting stay relief (each, a "Request") to foreclose on a mortgage or security interest (the "Senior Mortgage") on property (the "Property") in which Residential Capital, LLC, *et al.* (the "Debtors") hold a subordinate interest, and served on the parties listed below.

All questions **must** be answered.  Please use "none," "not applicable," or "N/A," as appropriate.  If more space is needed, please complete on a separate page and attach.

1. Address of the Property that is the subject of the Request:

   _____

   _____

2. Name of the borrower under the Senior Mortgage:

   _____

3. Nature of the Debtors' interest in the Property (to be supported by a title or foreclosure report reflecting such liens or interests and attached to this Questionnaire):

   _____

   _____

   _____

4. Name and contact information of party that owns the Senior Mortgage (the "Senior Holder"):

   _____

   _____

   _____

5. If the Requesting Party is different from the Senior Holder:

   (a) Name and contact information of Requesting Party:

   _____

   _____

   (b) Nature of Requesting Party's interest in the Property:

   _____

   _____

   (c) Capacity in which the Request is made (i.e., servicer, etc.):

   _____

   _____

6. Description of any other known liens on the Property (including the holder of such liens):

   _____

   _____

   _____

   _____

7. Value of the Property on which the foreclosure bid is based (to be supported by an appraisal or broker price opinion (in each case conducted within the ninety (90) days preceding the date of the Questionnaire), or other documentation of value reasonably acceptable to the Debtors or other documentation of value reasonably acceptable to the Debtors and attached to this Questionnaire):

   _____

   _____

8. Total indebtedness attributable to the Senior Lien, including unpaid principal balance, outstanding corporate advances and legal fees (to be supported by documentation attached to this Questionnaire):

   _____

2

_____

9. Description of the default under the Senior Lien (i.e., timing and nature of default, including date and amount of last payment, contractual payment amount outstanding, and length and amount of arrearage):

_____

_____

_____

_____

10. Court in which the foreclosure action with respect to the Senior Mortgage is pending or in which the Requesting Party proposes to bring the action (and, if applicable, the case name and number, together with copies of any relevant documents filed in the First Lien Foreclosure Action):

_____

_____

_____

11. Description of any loss mitigation efforts undertaken by or on behalf of the Senior Holder with respect to the Senior Mortgage within the previous twelve (12) months:

_____

_____

_____

_____

**I hereby certify that (a) I am authorized to submit this Request on behalf of the Requesting Party, and (b) the foregoing is true and correct to the best of my knowledge and belief.**

Date: _____

Name: _____

Title: _____

3

**UPON COMPLETION, PLEASE REMIT THIS QUESTIONNAIRE, TOGETHER WITH COPIES OF ANY SUPPORTING DOCUMENTATION, TO THE FOLLOWING PARTIES:**

Residential Capital, LLC
1100 Virginia Dr.
Ft. Washington, Pennsylvania, 19034
Attn: Melody Wright

Office of the United States Trustee
33 Whitehall Street, 21st Floor
New York, New York 10004
Attn: Brian Masumoto, Esq. and
          Michael Driscoll, Esq.

Morrison & Foerster LLP
1290 Avenue of the Americas
New York, New York 10104
Attn:  Norman S. Rosenbaum
       James Newton, and
       Erica J. Richards

Kramer Levin, Naftalis & Frankel LLP
Counsel for the Committee
1177 Avenue of the Americas
New York, New York 10036
Attn: Elise Frejka and Douglas Mannal

Any other party of which the Requesting Party
is aware that holds or claims to hold an interest
in the Property.

# **EXHIBIT 2**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------------
                                                              )
  In re:                                                      )    Case No. 12-12020 (MG)
                                                              )
  RESIDENTIAL CAPITAL, LLC, et al.,                           )    Chapter 11
                                                              )
                                               Debtors.       )    Jointly Administered
---------------------------------------------------------------------------  )

### STIPULATION AND ORDER PURSUANT TO 11 U.S.C. § 362(d) MODIFYING THE AUTOMATIC STAY IMPOSED BY 11 U.S.C. § 362(a)

Pursuant to the order, dated _____, 2012 (Docket No. ___) (the "Procedures Order"),[2] pursuant to sections 105(a) and 362(d) of title 11 of the United States Code (the "Bankruptcy Code") establishing procedures (the "Stay Relief Procedures") for requesting relief from the automatic stay to complete the foreclosure of a senior mortgage and security interest on lands and premises with respect to which the Debtors hold or service a subordinate mortgage and security interests; and [**requesting party**] ("Movant") having requested (the "Request") relief from the automatic stay in accordance with the Stay Relief Procedures in connection with property with an address of [**address**] (the "Mortgaged Property") and due and proper notice of the Request having been made on all necessary parties; and the above-captioned debtors (the "Debtors") having consented to the relief sought in the Request on the terms and conditions contained in this stipulation and order ("Stipulation and Order"), upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

The Request is granted as set forth herein.

---

[2] Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Procedures Order.

The automatic stay imposed in this case by section 362(a) of the Bankruptcy Code is modified under section 362(d) of the Bankruptcy Code to the extent necessary to allow Movant to complete the foreclosure of the mortgage and security interest it holds on the Mortgaged Property.

Movant shall provide due notice to the Debtors in connection with any action to be taken with respect to the Mortgaged Property, including, but not limited to, proceeding with a sale of the Mortgaged Property, in accordance with and to the extent required by applicable state law.

To the extent proceeds from any sale of the Mortgaged Property exceed the valid amounts due and owing to Movant and any other entity holding a valid and enforceable lien on the Mortgaged Property that is senior to the lien of the Debtors, such proceeds shall be turned over within thirty (30) days after such sale is completed (a) to the Debtors' estates, or (b) to the extent the Debtors' interest in the Property is an asset subject to purchase under an asset purchase agreement between the Debtors and a Stalking Horse Bidder (or any other purchaser) (each, an "APA"), then, on and after the closing of the sale under such APA, to such purchaser via wire transfer.

This Stipulation and Order may not be modified other than by a signed writing executed by the Parties hereto or by further order of the Court.

This Stipulation and Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

   That pursuant to Bankruptcy Rule 4001(a)(3), the 14-day stay of this Stipulation and Order imposed by such Bankruptcy Rule is waived. Movant is authorized to implement the provisions of this Stipulation and Order immediately upon its entry.

   This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Stipulation and Order.

| GMAC MORTGAGE, LLC | [MOVANT] |
|---|---|
| By:_____<br>Gary S. Lee<br>Norman S. Rosenbaum<br>MORRISON & FOERSTER LLP<br>1290 Avenue of the Americas<br>New York, New York 10104<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900<br><br>*Counsel for Debtors<br>and Debtors in Possession* | By:_____<br>[Name]<br>[Address]<br>Tel: [____]<br>Fax: [____]<br><br>*COUNSEL FOR [MOVANT]* |

APPROVED AND SO ORDERED
This ___ day of _____ in New York

            _____
            **HONORABLE MARTIN GLENN**
            **UNITED STATES BANKRUPTCY JUDGE**

3