Hearing Date:  October 17, 2012, 2:00 p.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer
Ronit J. Berkovich

*Attorneys for Syncora Guarantee Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Residential Capital, LLC, *et al*. | Case No. 12-12020 (MG) |
| Debtors. | (Jointly Administered) |

**SYNCORA GUARANTEE INC.'S REQUEST FOR**
**CLARIFICATION ON OCTOBER 17, 2012**
**HEARING AND RESERVATION OF RIGHTS REGARDING**
**EARLY CONSIDERATION OF OBJECTIONS TO TREATMENT OF**
**MORTGAGE SERVICING CONTRACTS PURSUANT TO DEBTORS' SALE MOTION**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

Syncora Guarantee Inc. ("***Syncora***") respectfully represents as follows:

**Request for Clarification, Request to be Heard, Reservation of Rights**

1. On the evening of Thursday October 11, 2012, less than four business days before their omnibus hearing scheduled for October 17, 2012 (the "***October 17 Hearing***"), the above-captioned debtors (the "***Debtors***") filed a notice on the docket [Docket No. 1806] that the Pre-Auction Objections of the RMBS Trustees (the "***Trustees***") to the Debtors' Sale Motion [Docket No. 1242] (the "***Trustees' Objection***") would be heard at the October 17 Hearing.  The Trustees' Objection challenges the Debtors' request to assume and assign certain mortgage

servicing contracts pursuant to their sale motion [Docket No. 62] (the "***Motion***") because, among other things, (i) the Debtors propose to fundamentally alter those contracts in violation of title 11 of the United States Code and the rights provided thereunder to counterparties of contracts and (ii) the Debtors have not demonstrated that the proposed assignee of these contracts, Nationstar Mortgage LLC ("***Nationstar***"), can and will fully perform under these contracts after assumption and assignment (*i.e.,* failure to provide adequate assurance of future performance).

        2.     Syncora and numerous other parties filed objections to the Debtors' Motion on the same basis or similar bases. *See*, *e.g.*, Docket Nos. 1611 (USAA Federal Savings Bank), 1612 (CIBM Bank), 1628 (Roosevelt Mortgage Acquisition Company and Roosevelt Depositor LLC), 1646 (CitiMortgage, Inc.), 1653 (MidFirst Bank), 1689 (Federal National Mortgage Assoc. ("Fannie Mae")), 1690 (Federal Home Loan Mortgage Corporation ("Freddie Mac")), 1746 (Financial Guaranty Insurance Company), 1810 (Ambac Assurance Corporation).

        3.     Syncora submits that early consideration by the Court of the Trustees' Objection, at a hearing where other objections that raise identical and similar issues have not been noticed and are not heard, will prejudice the Syncora's interests. The Court may decide issues raised by objecting parties not before the Court. Syncora has been in communications with the Debtors and other parties to seek clarification about the unusual procedural posture of the October 17 Hearing. As of the time hereof, the Debtors have not provided Syncora with a clear indication of (i) which, if any, of the issues raised in the Trustees' Objection will be heard on October 17, (ii) whether the Debtors intend for the Court to consider similar objections raised by other parties at the October 17 Hearing (notwithstanding that such objections have not been

noticed for hearing), or (iii) what effect any arguments the Court hears or ruling the Court makes at the October 17 Hearing will have on other objectors.[1]

4. Syncora respectfully requests that a hearing on the substance of the Trustees' Objection should be deferred until the sale hearing on November 19, 2012 or an earlier hearing that is noticed with sufficient time for all parties raising similar objections to the treatment of contracts under the sale order to prepare and appear. *See Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306 (U.S. 1950) (finding that under the Due Process Clause of the U.S. Constitution, at a minimum, deprivation of property by adjudication must be "preceded by notice and an opportunity for hearing appropriate to the nature of the case" and that notice "must afford a reasonable time for those interested to make their appearance").

5. If the hearing is not adjourned as requested, Syncora hereby requests clarification as to what will be considered at the October 17 Hearing, which objections will be heard, which parties will be able to raise arguments, and how the Court's hearing arguments at this time regarding or deciding the Trustees' Objection will affect the similar objections raised by other parties, including Syncora. Moreover, if the Court decides to hear argument on the Trustees' Objection before the sale hearing, then Syncora requests that the Court (i) hear from all parties asserting similar objections to the objections asserted by the Trustees, including Syncora, (ii) require the Debtors provide notice of the hearing to all parties to counterparties to executory contracts with the Debtors that may be affected by the Motion and that may, therefore, have

---

[1] Syncora understands that references to considering the Trustees' Objection at the October 17 Hearing if settlement discussions were not successful were made during previous hearings in these cases. These references are insufficient notice of a hearing on the Trustees' Objection given other parties' interests in the issues to be considered in connection with the Trustees' Objection. The Debtors have been on formal notice since September 28, 2012 that many parties in these cases are interested in these issues. Thus, the Debtors could have provided such parties with more than three weeks' notice that they intended to schedule a hearing on October 17 to consider objections on these issues.

similar objections to those raised in the Trustees' Objection, (iii) require the Debtors to make a transcript of the hearing available to all parties that object to the sale so that parties may be aware of all proceedings on the Motion prior to the sale hearing, and (iv) defer any ruling on the Trustees' Objection until after all parties objecting on the same basis as the Trustees may appear and be heard.  In addition, if the Debtors reach a settlement with the Trustees on the Trustees' Objection, Syncora and the other objectors cannot be bound by any such settlement; Syncora reserves the right to continue prosecuting its objection and requests that the Court provide a meaningful opportunity to object to the settlement.

6.    While Syncora is sympathetic that certain parties prefer a ruling on the merits of certain issues to obtain clarification prior to the bid deadline and auction, the Debtors simply did not set up their sale approval process to facilitate such a path.  If it is truly important to some parties to obtain clarification on these issues prior to the auction, having the Court rule on some but not all of the objections raising the same issues will not, in any case, provide them the certainty they seek.  Nor would settling only the Trustees' Objection prior to the bid deadline.  Bidders must be made aware of the objections raised by Syncora and others, notwithstanding any resolution of the Trustees' Objection.  There is no reason why a hearing cannot be scheduled for all of the similar objections at the same time on proper notice.  If clarification prior to the auction is important to the Debtors, they can always move the bid deadline and auction until after the properly-noticed hearing date on the objections.  What the Debtors and any other party should not be permitted to do is sacrifice due process for expediency.

WHEREFORE, Syncora respectfully requests that the Court define the issues for consideration at the October 17 Hearing, make appropriate arrangements for parties in interest to be heard before any decision on the Trustees' Objection and grant Syncora such other and further relief as is just and proper.

Dated: October 16, 2012
      New York, New York

/s/ Ronit J. Berkovich
Gary T. Holtzer
Ronit J. Berkovich
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Syncora Guarantee Inc.