UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC., *et al.*, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**STIPULATION AND ORDER PERMITTING U.S. BANK NATIONAL
ASSOCIATION, AS INDENTURE TRUSTEE TO FILE
CONSOLIDATED CLAIMS UNDER A SINGLE CASE NUMBER**

This Stipulation (the "Stipulation") is entered into on October 12, 2012 by and between Residential Capital, LLC and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors") and U.S. Bank National Association, in its capacity as Indenture Trustee (the "Trustee," and together with the Debtors, the "Parties") with respect to certain 9.625% Junior Secured Guaranteed Notes Due 2015 (the "Junior Secured Notes") issued by Residential Capital, LLC ("ResCap"), pursuant to that certain Indenture dated as of June 6, 2008 (the "Indenture"), guaranteed by, and secured by pledges from, certain of the Debtors, including but not limited to GMAC Residential Holding Company, LLC, GMAC-RFC Holding Company, LLC, GMAC Mortgage, LLC, Residential Funding Company, and Homecomings Financial, LLC, GMAC Model Home Finance I, LLC, Developers of Hidden Springs, LLC, DOA Holding Properties, Equity Investment IV, LLC, RFC Constructions Funding, LLC, RFC Asset Holdings II, LLC, and Passive Asset Transactions, LLC.

WHEREAS, on May 14, 2012 (the "Petition Date"), ResCap and fifty (50) of its affiliates each filed a voluntary petition for relief with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court");

WHEREAS, on the Petition Date, the Bankruptcy Court procedurally consolidated the Debtors' cases and ordered that they be jointly administered under *In re Residential Capital, LLC*, Case No. 12-12020 (MG);

WHEREAS, on June 25, 2012, the Court issued a *Final Order Under Sections 105, 361, 362, 363 and 364 of the Bankruptcy Code and Bankruptcy Rules 2002, 4001, 6004, and 9014(1) Authorizing the Debtors to Obtain Postpetition Financing on a Secured, Superpriority Basis, (II) Authorizing the Use of Cash Collateral, and (III) Granting Adequate Protection to Adequate Protection Parties* (Docket Entry No. 491) (the "AFI DIP Order"). The AFI DIP Order provided that the Trustee was deemed to hold a timely-filed allowed claim and that the Trustee was not required to file a proof of claim either for the benefit of itself or for the benefit of the holders of the Junior Secured Notes.

WHEREAS, on August 29, 2012, the Court issued an *Order Establishing Deadline For Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* (Docket No. 1309) (the "Bar Date Order"), establishing November 9, 2012 as the general claims bar date. The Bar Date Order provides that if a claim is asserted against more than one of the Debtors, a separate proof of claim must be filed in each such Debtors' reorganization case, except for an Indenture Trustee who is required to file only one proof of claim;

NOW THEREFORE, in consideration of the promises contained and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

1. Notwithstanding any provision of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, any order of the Bankruptcy Court, or any approved proof of claim form that would otherwise

require the Trustee to file separate proofs of claim against more than one of the Debtors, the Debtors and the Trustee agree that the filing of a proof of claim or proofs of claim by the Trustee on its own behalf or on behalf of the holders of the Junior Secured Notes in the jointly administered chapter 11 case, Case No. 12-12020 (MG) shall be deemed to constitute the filing of such proof of claim or proofs of claim in each of the Debtors' cases.

2. The Trustee will not be required to file with the proof of claim any documents in support of its proof of claim as the documents are voluminous in nature. The documents will be available from the Trustee upon written request from a party in interest.

3. Any amendments that the Trustee may make with respect to the proof of claim or proofs of claim filed by the Trustee in Case No. 12-12020 (MG), shall constitute the filing of an amended proof of claim or proofs of claim in each of the Debtors' cases.

4. The Court shall retain jurisdiction over all matters or disputes under this Stipulation.

5. This Stipulation is entered into by the Debtors and the Trustee for administrative convenience only and is without prejudice to, and expressly reserves, the rights of all parties-in-interest to contest the allowance of any such claims.

Agreed to this 12th day of October, 2012:

| KELLEY DRYE & WARREN LLP | MORRISON & FOERSTER LLP |
|---|---|
| By: */s/ Eric R. Wilson* | By: */s/ Todd M. Goren* |
|    Eric R. Wilson |    Todd M. Goren |
|    James S. Carr |    Gary S. Lee |
| 101 Park Avenue |    Lorenzo Marinuzzi |
| New York, New York 10178 | 1290 Avenue of the Americas |
| Tel: (212) 808-7800 | New York, New York 10104 |
| Fax: (212) 808-7897 | Tel: (212) 468-8000 |
| | Fax: (212) 468-7900 |

*Counsel for U.S. Bank National*  *Counsel for Residential Capital, LLC, et*
*Association, as Indenture Trustee*  *al., Debtors and Debtors-in-possession*

**SO ORDERED:**

Dated: October 16, 2012
      New York, New York

                                              **_/s/Martin Glenn_**
                                              MARTIN GLENN
                                      United States Bankruptcy Judge