**Hearing Date: To be noticed at a later date.**
**Objection Deadline: To be noticed at a later date.**

SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439
Duane M. Geck (Admitted *Pro Hac Vice*)
dmg@severson.com
Donald H. Cram (Admitted *Pro Hac Vice*)
dhc@severson.com

*Special California Litigation Counsel to the
Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**SUMMARY OF FIRST INTERIM APPLICATION OF SEVERSON & WERSON, P.C. AS SPECIAL CALIFORNIA LITIGATION COUNSEL FOR DEBTORS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE TIME PERIOD MAY 15, 2012 THROUGH AUGUST 31, 2012**

19000.9997/2420926.1

| | |
|---|---|
| This is a(n):  ___ monthly  _X_ interim  ___ final application. | |
| Name of Applicant: | Severson & Werson, P.C. ("**Applicant**") |
| Authorized to Provide Professional Services to: | Residential Capital, LLC, *et al.* (collectively, the "**Debtors**") |
| Date of Retention: | Order entered on July 25, 2012 retaining Applicant *nunc pro tunc* to May 14, 2012 |
| Period for which Compensation and Reimbursement is sought: | May 15, 2012 through August 31, 2012 (the "**Application Period**") |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $1,242,804.45 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $124,486.44 |

19000.9997/2420926.1

## Summary of Monthly Applications for Application Period:

| Date Filed | Compensation Period | Requested Fees | Requested Expenses | Fees Paid | Expenses Paid | 20% Holdback |
|---|---|---|---|---|---|---|
| 08/10/12 | 05/15/12 – 06/30/12 | $588,986.10 | $59,430.36 | $365,609.24 | $35,403.75 | $117,797.22 |
| 09/05/12 | 07/01/12 – 07/31/12 | $349,655.95 | $27,897.88 | $0 | $0 | $69,931.19 |
| 09/27/12 | 08/01/12 – 08/31/12 | $304,162.40 | $37,158.20 | $0 | $0 | $60,832.48 |
| TOTAL | 05/15/12 – 08/31/12 | $1,242,804.45 | $124,486.44 | $365,609.24 | $35,403.75 | $248,560.89 |

SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439
Duane M. Geck (Admitted *Pro Hac Vice*)
dmg@severson.com
Donald H. Cram (Admitted *Pro Hac Vice*)
dhc@severson.com

*Special California Litigation Counsel to the
Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>RESIDENTIAL CAPITAL, LLC, et al.,,<br><br>Debtors. | Case No. 12-12020 (MG)<br><br>Chapter 11<br><br>Jointly Administered |

**FIRST INTERIM APPLICATION OF SEVERSON & WERSON, P.C. AS SPECIAL
CALIFORNIA LITIGATION COUNSEL FOR DEBTORS FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES INCURRED FOR THE TIME PERIOD
MAY 15, 2012 THROUGH AUGUST 31, 2012**

For its first interim application for compensation and reimbursement of expenses (the "**Application**") for the period May 15, 2012 through August 31, 2012 (the "**Application Period**"), Severson & Werson, P.C. ("**Applicant**"), Special California Litigation Counsel to Residential Capital, LLC., *et al.*, as debtors and debtors in possession (collectively, the "**Debtors**"), respectfully represents as follows:

**JURISDICTION, VENUE AND STATUTORY PREDICATES**

1.   This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue

of this proceeding and this Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  The statutory bases for the relief requested herein are sections 330, 331, and 1103 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2016-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "**Local Rules**"). This Application has been prepared in accordance with General Order M-389, *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, entered December 21, 2010 (the "**Local Guidelines**"), and the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330* effective January 30, 1996 (the "**UST Guidelines**" and, together with the Local Guidelines, the "**Guidelines**"). Pursuant to the Local Guidelines, a certification regarding compliance with the Local Guidelines is attached hereto as Exhibit A.

## BACKGROUND

### A.   The Chapter 11 Cases

3.  On May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code. The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b). No trustee has been appointed in these Chapter 11 cases.

4.  On May 16, 2012, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed a nine member official committee of unsecured creditors (the "**Creditors' Committee**").

5.     On June 20, 2012, the Court directed that an examiner be appointed, and on July 3, 2012, the Court approved Arthur J. Gonzalez as the examiner [Docket Nos. 454, 674].

B.     **Applicant's Retention and Interim Compensation**

6.     On July 25, 2012, the Court entered the *Order Under Section 327(c) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1 Authorizing the Employment and Retention of Severson & Werson PC as Special California Litigation Counsel to the Debtors, Nunc Pro Tunc to May 14, 2012* [Docket No. 905], approving Applicant's retention.

7.     On July 17, 2012, the Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (the "**Interim Compensation Order**") [Docket No. 797]. Pursuant to the terms of the Interim Compensation Order, Applicant, among others, is authorized to file and submit monthly fee applications to the Debtors and their counsel, counsel for the Creditors' Committee, counsel for Ally Financial Inc., counsel for Barclays Bank PLC, and the United States Trustee (collectively, the "**Notice Parties**").

8.     On August 10, 2012, Applicant served its first monthly fee application covering the period from May 15, 2012 through June 30, 2012 (the "**First Monthly Fee Application**") on the Notice Parties. On September 5, 2012, Applicant served its second monthly fee application covering the period from July 1, 2012 through July 31, 2012 (the "**Second Monthly Fee Application**") on the Notice Parties. On September 27, 2012, Applicant served its third monthly fee application covering the period from August 1, 2012 through August 31, 2012 (the "**Third Monthly Fee Application**" and together with the First Monthly Fee Application and the Second Monthly Fee Application, the "**Monthly Fee Applications**") on the Notice Parties. Applicant did not receive any objections to the Monthly Fee Applications.

9. For the convenience of this Court and all parties in interest, attached hereto as Exhibit B is a schedule of the total amount of fees incurred under each of Applicant's internal task codes during the Application Period.

10. The total payments authorized by the terms of the Interim Compensation Order as of the date hereof are equal to: (i) 80% of requested compensation from the Monthly Fee Applications ($994,243.56) and (ii) 100% of requested expenses ($124,486.44) from the Monthly Fee Applications. To date, the Applicant has received payments totaling $401,012.99, representing $365,609.24 in fees and $35,403.75 in expenses.

11. Applicant maintains computerized records of the time expended in the rendering of the professional services required by the Committee. These records are maintained in the ordinary course of Applicant's practice. For the convenience of this Court and all parties in interest, attached hereto as Exhibit C is a billing summary for the Application Period, setting forth the name of each attorney and paraprofessional who rendered services during the Application Period, each attorney's year of bar admission and area of practice concentration, the aggregate time expended by each attorney and each paraprofessional, the hourly billing rate for each attorney and each paraprofessional at Applicant's current billing rates, and the individual amounts requested for each professional. The compensation requested by Applicant is based on the customary compensation charged by comparably skilled practitioners in other similar cases.

12. Applicant also maintains computerized records of all expenses incurred in connection with the performance of professional services. A summary of the amounts and categories of expenses for which reimbursement is sought is attached hereto as Exhibit D.

13.     Copies of Applicant's computerized records of fees and expenses in the format specified by the Guidelines have been served on the Notice Parties with each of the Monthly Fee Applications and are attached hereto as Exhibit E.[1]

14.     There is no agreement or understanding between Applicant and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered to the Debtors.

15.     The Monthly Fee Applications submitted by Applicant are subject to a 20% holdback (as is customary in this District) imposed by the Court on the allowance of fees. The aggregate amount of Applicant's holdback during the Application Period is $248,560.89. Applicant respectfully requests, in connection with the relief requested herein, that the Court allow this holdback amount on an interim basis pursuant to sections 330 and 331 of the Bankruptcy Code and authorize the Debtors to satisfy such amounts.

### DESCRIPTION OF SERVICES AND EXPENSES AND RELIEF REQUESTED

16.     In general, Applicant has represented the Debtors in connection with litigation in California where Applicant:

(a)     defended claims brought in California by individual borrowers pertaining to consumer lending issues, including, but not limited to, allegations of wrongful foreclosure, irregularities in the foreclosure process, violation of applicable statutes related to pre-foreclosure requirements, breach of alleged oral modification, breach of promises to forebear from foreclosing, quiet title and partition actions, unfair business practices act claims and other mortgage lending issues;

---

[1]     On average, Applicant performed services on behalf of one or more of the Debtor entities with respect to 240 different litigation matters in California for each Monthly Fee Application period. Thus, approximately 240 invoices were attached to each Monthly Fee Application (total 720 invoices for the three and a half month period).

  (b)  defended class action claims regarding alleging improprieties with loan origination and/or servicing;

  (c)  defended mass tort actions and qui tam actions raising document recording issues and relating to the utilization of Mortgage Electronic Registration Systems services;

  (d)  defended claims objections, contested relief from stay motions and adversary proceedings related to consumer lending issues brought by individual borrowers in their respective bankruptcy cases pending in California; and

  17.  To provide an orderly and meaningful summary of the services rendered by Applicant on behalf of the Debtors during the Application Period, Applicant established, in accordance with the Guidelines and its internal billing procedures, separate task codes in connection with the litigation matters it defended in California. The following is a summary of the most significant professional services rendered by Applicant on behalf of one or more of the Debtor entities with respect to numerous litigation matters in California during the Application Period organized in accordance with Applicant's internal system of task codes:[2]

  (a)  Fact Investigation/Development – Task Code L110.

**Fees: $32,588.40; Total Hours: 176.40**

  (b)  Analysis/Strategy – Task Code L120.

**Fees: $229,750.95; Total Hours: 832.70**

  (c)  Document/File Management – Task Code L140.

**Fees: $13,778.10; Total Hours: 63.90**

---

[2] On average, Applicant performed services on behalf of one or more of the Debtor entities with respect to 240 different litigation matters in California for each Monthly Fee Application period.

(d)  Settlement/Non-Binding ADR – Task Code L160.

**Fees: $79,251.75; Total Hours: 295.20**

(e)  Other Case Assessment – Task Code L190.

**Fees: $138,268.80; Total Hours: 544.10**

(f)  Pleadings – Task Code L210.

**Fees: $234,940.20; Total Hours: 916.30**

(g)  Preliminary Injunctions – Task Code L220.

**Fees: $12,472.65; Total Hours: 47.00**

(h)  Court Mandated Conferences – Task Code L230.

**Fees: $49,661.10; Total Hours: 192.20**

(i)  Dispositive Motions – Task Code L240.

**Fees: $145,503.00; Total Hours: 545.50**

(j)  Other Written Motions – Task Code L250.

**Fees: $81,094.50; Total Hours: 300.10**

(k)  Written Discovery – Task Code L310.

**Fees: $39,144.15; Total Hours: 147.60**

(l)  Document Production – Task Code L320.

**Fees: $3,152.25; Total Hours: 11.80**

(m)  Depositions – Task Code L330.

**Fees: $23,377.95; Total Hours: 85.00**

(n)    Discovery Motions – Task Code L350.

**Fees: $2,935.35; Total Hours: 11.10**

(o)    Other Discovery – Task Code L390.

**Fees: $1,541.25; Total Hours: 9.00**

(p)    Written Motions/Submission – Task Code L430.

**Fees: $38,689.20; Total Hours: 134.30**

(q)    Other Trial Preparation – Task Code L440.

**Fees: $9,024.75; Total Hours: 34.50**

(r)    Trial and Hearing Attendance – Task Code L450.

**Fees: $12,103.20; Total Hours: 50.00**

(s)    Post-Trial Motions and Submissions – Task Code L460.

**Fees: $3,599.10; Total Hours: 14.70**

(t)    Appellate Motions and Submissions – Task Code L510.

**Fees: $32,696.55; Total Hours: 113.20**

(u)    Appellate Briefs – Task Code L520.

**Fees: $53,692.20; Total Hours: 164.00**

(v)    Oral Argument – Task Code L530.

**Fees: $3,434.40; Total Hours: 7.50**

18. The foregoing descriptions of services rendered by Applicant in specific areas are not intended to be exhaustive of the scope of Applicant's activities in the various California litigation matters for which Applicant performed services on behalf of one or more of the Debtor entities. Applicant's time records which have been served on the Notice Parties and are attached hereto as Exhibit E present more completely the work performed by Applicant in each billing category during the Application Period.

## CONCLUSION

19. Applicant believes that the services rendered during the Application Period on behalf of the Debtors were reasonable and necessary within the meaning of Bankruptcy Code section 330. Further, the expenses requested were actual and necessary to the performance of Applicant's services.

20. Applicant therefore requests an order (i) approving interim compensation in the amount of $1,242,804.45 and interim reimbursement of expenses in the amount of $124,486.44,[3] (ii) directing payment of all compensation held back in connection with the Monthly Fee Applications, and (iii) granting such other and further relief as may be just and proper.

DATED: October 17, 2012            SEVERSON & WERSON
                                    A Professional Corporation


                                    By: /s/ Donald H. Cram
                                        Donald H. Cram
                                        *Special California Litigation Counsel for*
                                        *Residential Capital, LLC, et al.*

---

[3] The rates charged for such expenses are (i) equivalent to what Applicant normally bills to its non-bankruptcy clients and (ii) calculated to compensate Applicant for only the actual costs of the expenses.