**Hearing Date:  December 20, 2012 at 10:00 a.m. (ET)**
**Objection Deadline:   October 29, 2012 by 4:00 p.m. (ET)**

Katharine I. Crost (New York Bar No. 1391523)
Lorraine S. McGowen (New York Bar No. 2137727)
Orrick, Herrington & Sutcliffe LLP
51 West 52nd Street
New York, NY 10019-6142
Telephone:  (212) 506-5000
Facsimile:  (212) 506-5151

*Special Securitization Transactional*
*and Litigation Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------------------------------ | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et</u> <u>al</u>., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| ------------------------------------------------------------------------ | ) | |

**SUMMARY OF FIRST INTERIM APPLICATION OF ORRICK, HERRINGTON &
SUTCLIFFE LLP AS SPECIAL SECURITIZATION TRANSACTIONAL AND
LITIGATION COUNSEL FOR THE DEBTORS FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD
<u>MAY 14, 2012 THROUGH AUGUST 31, 2012</u>**

**Hearing Date:  December 20, 2012 at 10:00 a.m. (ET)**
**Objection Deadline:   October 29, 2012 by 4:00 p.m. (ET)**

This is a(n):      ___  monthly       _X_  interim    ___  final application.

| | |
|---|---|
| Name of Applicant: | Orrick, Herrington & Sutcliffe LLP ("**Applicant**") |
| Authorized to Provide Professional Services to: | Residential Capital, LLC, *et al*. (collectively, the "**Debtors**") |
| Date of Retention: | Order entered on July 27, 2012 retaining Applicant *nunc pro tunc* to May 14, 2012 |
| Period for which Compensation and Reimbursement is sought: | May 14, 2012 through August 31, 2012 (the "**Application Period**") |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $733,357.07 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $678.12 |
| Total Fees & Expenses: | $734,035.19 |
| Prior Interim Applications: | None |

## SUMMARY OF MONTHLY FEE STATEMENTS FOR APPLICATION PERIOD

| Date Filed | Compensation Period | Requested Fees | Requested Expenses | Fees Paid | Expenses Paid | 20% Holdback |
|---|---|---|---|---|---|---|
| 8/16/12 | 5/14/12 – 6/30/12 | $311,664.09 | $204.00 | $0.00 | $0.00 | $62,332.82 |
| 8/27/12 | 7/1/12 – 7/31/12 | $257,980.85 | $452.22 | $0.00 | $0.00 | $51,596.17 |
| 10/1/12 | 8/1/12 – 8/31/12 | $163,712.13 | $21.90 | $0.00 | $0.00 | $32,742.43 |
| **TOTAL** | **5/14/12 – 8/31/12** | **$733,357.07** | **$678.12** | **$0.00** | **$0.00** | **$146,671.42** |

## SUMMARY OF PROFESSIONAL SERVICES RENDERED
## BY PROFESSIONAL FOR APPLICATION PERIOD

| Name of Professional | Department and Licensure | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| **Partners/Of Counsel** | | | | |
| Katharine I. Crost | Structured Finance 1978 | $874.00 | 95.20 | $83,204.80 |
| Daniel J. Dunne | Securities Litigation & Regulatory Enforcement 1985 | $741.00 | 25.90 | $19,191.90 |
| Elyse D. Echtman | Commercial Litigation 1993 | $666.00 | 1.50 | $999.00 |
| Martin B. Howard | Structured Finance 1986 | $731.50 | 75.10 | $54,935.65 |

2

| Name of Professional | Department and Licensure | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Stephen J. Jackson | Tax 1996 | $736.26 | 0.80 | $589.01 |
| Dora Y. Mao | Structured Finance 1987 | $660.25 | 7.50 | $4,951.90 |
| Nikiforos Mathews | Structured Finance 1996 | $688.75 | 3.00 | $2,066.25 |
| Lorraine S. McGowen | Restructuring 1986 | $875.00 | 24.40 | $21,350.00 |
| James A. Meyers | Securities Litigation & Regulatory Enforcement 1981 | $902.50 | 2.60 | $2,346.50 |
| Thomas C. Mitchell | Restructuring 1985 | $790.00 | 13.80 | $10,902.00 |
| Leah P. Sanzari | Structured Finance 1995 | $755.00 | 4.20 | $3,171.00 |
| Thomas J. Welsh | Insurance 1989 | $703.00 | 1.20 | $843.60 |
| Simon Willis | Commercial Litigation 1991 | $812.25 | 1.30 | $1,055.93 |
| **Associates** | | | | |
| Spencer C. Barrowes | Banking & Debt Capital Markets 2005 | $451.25 | 119.30 | $53,834.22 |
| Kristen Bartlett | Securities Litigation & Regulatory Enforcement 2010 | $370.50 | 0.80 | $296.40 |
| Duane K. Beasley | Structured Finance 2000 | $612.75 | 167.70 | $102,791.63 |

3

| Name of Professional | Department and Licensure | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Dennis M. Bent | Structured Finance 2005 | $451.25 | 235.30 | $106,179.39 |
| James Drury-Smith | Emerging Companies 2002 | $489.25 | 3.20 | $1,565.61 |
| James Duff | Structured Finance 2006 | $517.75 | 1.50 | $776.63 |
| John A. Farmer | Banking & Debt Capital Markets 2004 | $342.00 | 124.70 | $42,647.40 |
| Debra L. Felder | Restructuring 2002 | $617.50 | 138.00 | $85,215.00 |
| Njoki Gatimu | Structured Finance 2008 | $495.00 | 85.80 | $42,471.00 |
| S. Chris Min | Structured Finance 2006 | $510.00 | 53.30 | $27,183.00 |
| Kara F. Moskowitz | Structured Finance 2005 | $530.00 | 4.70 | $2,491.00 |
| Boris Volodarsky | Structured Finance 2009 | $427.50 | 26.20 | $11,200.50 |
| Sarah R. Weissman | Corporate 2009 | $190.00 | 36.50 | $6,935.00 |
| **Paralegals/Paraprofessionals** | | | | |
| Debra O. Fullem | Bankruptcy Research Specialist | $256.50 | 29.60 | $7,592.40 |
| Margaret A. Goetz | Paralegal | $242.25 | 18.80 | $4,554.35 |
| Frances McKeown | Research Specialist | $232.76 | 1.20 | $279.31 |
| Sherwin Sabado | Research & Information Resource Assistant | $185.86 | 0.50 | $92.63 |

| Name of Professional | Department and Licensure | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Linda C. Santos | Senior Paralegal | $266.00 | 23.40 | $6,224.40 |
| Elizabeth Y. Walker | Senior Paralegal | $261.25 | 97.30 | $25,419.66 |
| **Total Professional Hours and Fees** | | | **1,424.30** | **$733,357.07** |
| **Total Hourly Blended Rate** **(excluding paralegals/paraprofessionals)** | | | | **$549.82** ($689,194.32/ 1,253.50 hrs = $549.82) |

### SUMMARY OF EXPENSES INCURRED DURING APPLICATION PERIOD

| Expense Category | Amount |
|---|---|
| Hand Delivery | $211.50 |
| Pacer | $146.20 |
| Secretary of State Filing Fees | $204.00 |
| Taxi | $116.42 |
| **Total** | **$678.12** |

5

## SUMMARY OF PROFESSIONAL SERVICES RENDERED
## BY PROJECT CATEGORY DURING APPLICATION PERIOD

| Task Code | Matter Description | Total Billed Hours | Total Compensation |
|---|---|---|---|
| 141 | PSA Amendments | 750.50 | $365,818.71 |
| 142 | General Bankruptcy Administration | 45.90 | $21,168.68 |
| 143 | Retention | 144.50 | $99,421.00[1] |
| 144 | Compensation | 54.60 | $33,812.00[2] |
| 146 | Securitization Questions | 334.10 | $153,135.27 |
| 148 | Resolution of Pre-Bankruptcy Transactions | 57.70 | $31,086.77 |
| 149 | SEC Investigation Assistance | 4.20 | $3,532.10 |
| 150 | Non-Securitization | 6.00 | $3,804.29 |
| 151 | Termination of Servicing Contracts | 26.80 | $21,578.25 |
| **Total Hours & Fees Incurred** | | **1,424.30** | **$733,357.07** |

---

[1] Orrick voluntarily reduced its hours by 62.30 resulting in fees of $35,629.85 as stated in its Monthly Fee Statement for the Period May 14, 2012 through June 30, 2012.

[2] Orrick voluntarily reduced its hours by 11.50 resulting in fees of $8,606.05 as stated in its Monthly Fee Statement for the Period July 1, 2012 through July 31, 2012.

**Hearing Date: December 20, 2012 at 10:00 a.m. (ET)**
**Objection Deadline: October 29, 2012 by 4:00 p.m. (ET)**

Katharine I. Crost (New York Bar No. 1391523)
Lorraine S. McGowen (New York Bar No. 2137727)
Orrick, Herrington & Sutcliffe LLP
51 West 52nd Street
New York, NY 10019-6142
Telephone: (212) 506-5000
Facsimile: (212) 506-5151

*Special Securitization Transactional*
*and Litigation Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------------------

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

---------------------------------------------------------------------------------

**FIRST INTERIM APPLICATION OF ORRICK, HERRINGTON & SUTCLIFFE LLP**
**AS SPECIAL SECURITIZATION TRANSACTIONAL AND LITIGATION COUNSEL**
**FOR THE DEBTORS FOR COMPENSATION AND REIMBURSEMENT**
**OF EXPENSES INCURRED FOR THE PERIOD**
**MAY 14, 2012 THROUGH AUGUST 31, 2012**

For its first interim application for compensation and reimbursement of expenses

(the "**Application**") for the period May 14, 2012 through August 31, 2012 (the "**Application**

**Period**"), Orrick, Herrington & Sutcliffe LLP ("**Applicant**"), Special Securitization

Transactional and Litigation Counsel to Residential Capital, LLC., *et al.*, as debtors and debtors

in possession (collectively, the "**Debtors**"), respectfully represents as follows:

**JURISDICTION, VENUE AND STATUTORY PREDICATES**

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue of this proceeding and this Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 330, 331, and 1103 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2016-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "**Local Rules**").  This Application has been prepared in accordance with General Order M-389, *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, entered December 21, 2010 (the "**Local Guidelines**"), and the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330*, effective January 30, 1996  (the "**UST Guidelines**" and, together with the Local Guidelines, the "**Guidelines**").  Pursuant to the Local Guidelines, a certification regarding compliance with the Local Guidelines is attached hereto as **Exhibit A**.

**BACKGROUND**

**A.      The Chapter 11 Cases**

3.      On May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code.  The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).  No trustee has been appointed in these Chapter 11 cases.

4.      On May 16, 2012, the United States Trustee for the Southern District of New

York (the "**U.S. Trustee**") appointed a nine member official committee of unsecured creditors

(the "**Creditors' Committee**").

5.      On June 20, 2012, the Court directed that an examiner be appointed, and on

July 3, 2012, the Court approved Arthur J. Gonzalez as the examiner [Docket Nos. 454, 674].

**B.      Applicant's Retention and Interim Compensation**

6.      On July 27, 2012, the Court entered the *Order Under Section 327(e) of the*

*Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1 Authorizing the Employment*

*and Retention of Orrick, Herrington & Sutcliffe LLP as Special Securitization Transactional and*

*Litigation Counsel to the Debtors, Nunc Pro Tunc to May 14, 2012* ("**Orrick Retention Order**")

[Docket No. 930], approving Applicant's retention.

7.      On July 17, 2012, the Court entered the *Order Establishing Procedures for*

*Interim Compensation and Reimbursement of Expenses of Professionals* (the "**Interim**

**Compensation Order**") [Docket No. 797].  Pursuant to the terms of the Interim Compensation

Order, Applicant, among others, is authorized to file and submit monthly fee statements to the

Debtors and their counsel, counsel for the Creditors' Committee, counsel for Ally Financial Inc.,

counsel for Barclays Bank PLC, and the United States Trustee (collectively, the "**Notice**

**Parties**").

8.      On August 16, 2012, Applicant served its first monthly fee statement covering the

period from May 14, 2012 through June 30, 2012 (the "**First Monthly Fee Statement**") on the

Notice Parties.  On August 27, 2012, Applicant served its second monthly fee statement covering

the period from July 1, 2012 through July 31, 2012 (the "**Second Monthly Fee Statement**") on

the Notice Parties.  On October 1, 2012, Applicant served its third monthly fee statement (as

amended) covering the period from August 1, 2012 through August 31, 2012 (the "**Third**

**Monthly Fee Statement**" and together with the First Monthly Fee Statement and the Second

Monthly Fee Statement, the "**Monthly Fee Statements**") on the Notice Parties.  Applicant did

not receive any objections to the Monthly Fee Statements.

9.    In accordance with the Orrick Retention Order, Applicant intends to apply the

remaining amounts of its prepetition retainer of $160,829.03 as a credit towards the postpetition

fees and expenses in the Monthly Fee Statements, after approval of the fees and expenses.

10.    For the convenience of this Court and all parties in interest, attached hereto as

**Exhibit B** is a schedule of the total amount of fees incurred under each of Applicant's internal

task codes during the Application Period.

11.    There have been no payments received by Applicant as of the date hereof.

12.    Applicant maintains computerized records of the time expended in the rendering

of the professional services required by the Debtors.  These records are maintained in the

ordinary course of Applicant's practice.  For the convenience of this Court and all parties in

interest, attached hereto as **Exhibit C** is a billing summary for the Application Period, setting

forth the name of each attorney and paraprofessional who rendered services during the

Application Period, each attorney's year of bar admission and area of practice concentration, the

aggregate time expended by each attorney and each paraprofessional, the hourly billing rate for

each attorney and each paraprofessional at Applicant's current billing rates,[1] and the individual

amounts requested for each professional.  The compensation requested by Applicant is based on

---

[1] Orrick began representing certain of the Debtors more than twenty years ago.  In connection with its longstanding representation, Orrick has historically billed the company at a discounted hourly rate for legal services rendered to the company.  Orrick has agreed to continue to bill at its discounted hourly rates (subject to annual rate increases) during these Chapter 11 cases.  Accordingly, the fees included in Orrick's Monthly Fee Statements reflect Orrick's discounted hourly rates.

4

the customary compensation charged by comparably skilled practitioners in other similar cases

under the Bankruptcy Code.

13.    Applicant also maintains computerized records of all expenses incurred in

connection with the performance of professional services.  A summary of the amounts and

categories of expenses for which reimbursement is sought is attached hereto as **Exhibit D**.

14.    Copies of Applicant's computerized records of fees and expenses in the format

specified by the Guidelines have been served on the Notice Parties with each of the Monthly Fee

Statements and are attached hereto as **Exhibit E**.

15.    There is no agreement or understanding between Applicant and any other person,

other than partners or associates of the firm, for the sharing of compensation to be received for

services rendered in the Chapter 11 cases.

16.    The Monthly Fee Statements submitted by Applicant are subject to a 20%

holdback (as is customary in this District) imposed by the Court on the allowance of fees.  The

aggregate amount of Applicant's holdback during the Application Period is $146,671.42.

Applicant respectfully requests, in connection with the relief requested herein, that the Court

allow this holdback amount on an interim basis pursuant to sections 330 and 331 of the

Bankruptcy Code and authorize the Debtors to satisfy such amounts.

### DESCRIPTION OF SERVICES AND
### EXPENSES AND RELIEF REQUESTED

17.    In general, Applicant has represented the Debtors in connection with the

following aspects of the Chapter 11 cases:

> (a)    provide advice to the Debtors and Morrison & Foerster
> (Debtors' lead bankruptcy counsel) regarding contractual
> provisions in securitization documents and servicing
> contracts, including with respect to document requirements
> relating to termination demands and other claims or rights

5

asserted by parties to such operative documents as well as other interested parties;

(b)     provide advice to the Debtors and Morrison & Foerster regarding the Debtors' rights and obligations relating to their securitization and servicing agreements, including matters that have arisen in connection with amendments to, or notifications required under the securitization and servicing agreements;

(c)     obtain and analyze securitization documents and other relevant documentation regarding the Debtors' securitization and servicing assets and obligations; and

(d)     assist the Debtors in the preparation of amendments to securitization documents and servicing agreements with third parties, and in the preparation of documentation related to such amendments, including negotiations with parties to such amendments, rating agencies, and other interested parties.

18.     To provide an orderly and meaningful summary of the services rendered by Applicant on behalf of the Debtors during the Application Period, Applicant established, in accordance with the Guidelines and its internal billing procedures, separate task codes in connection with the Chapter 11 cases.  The following is a summary of the most significant professional services rendered by Applicant during the Application Period organized in accordance with Applicant's internal system of task codes:

(a)     **PSA Amendments (Matter 141)**

        **Fees:  $365,818.71; Expenses: $225.90; Hours: 750.50**

Orrick researched and analyzed certain documents in connection with preparing amendments to pooling and servicing agreements for loans in securitizations as well as servicing agreements for loans that the Debtors service but that are not in securitizations.  Orrick advised the Debtors and their lead bankruptcy counsel, Morrison & Foerster, regarding the amendment process and the consents necessary for such amendments.  Orrick also reviewed servicing agreements to identify provisions covering advance facility, if any.  In addition, Orrick reviewed various Wells Fargo servicing agreements and corresponding securitization documents to determine who must consent to an amendment to add servicer advance language.  Orrick prepared a draft form PSA amendment and a draft servicing agreement for Impac loans.  Orrick also advised the Debtors regarding the status of negotiations with the trustees and discussed concerns with required

6

amendment language.  Orrick participated in telephone conferences and negotiations with certain parties, including, *inter alia*, the trustees and their counsel, in connection with the asset purchase agreement with Nationstar, which requires that certain provisions be added to the pooling and servicing agreements and the servicing agreements to explicitly permit the financing of servicing advances.  In addition, Orrick advised the Debtors in connection with the MetLife amendments and certain indemnification issues for the RALI trust servicing transfer to Nationstar.  Orrick also participated in telephone conferences with Credit Suisse and attorneys from SNR Denton regarding the MetLife amendments and the Goldman Sachs amendments.

(b)      **General Bankruptcy Administration (Matter 142)**

**Fees: $21,168.68; Expenses: $146.20; Hours: 45.90**

Orrick reviewed the Debtors' first day motions, RMBS settlement agreement and related agreements and prepared notices of the Debtors' bankruptcy filings in twelve FGIC cases. Orrick also reviewed the adversary action to stay the FGIC litigation and corresponded with the Debtors and the Carpenter Lipps law firm regarding the same.  In addition, Orrick reviewed the memorandum opinion and orders authorizing the appointment of an examiner, and various other pleadings relevant to Orrick's retention as the Debtors' special securitization transactional and litigation counsel in these Chapter 11 cases.

(c)      **Retention (Matter 143)[2]**

**Fees: $99,421.00; Expenses: $29.11; Hours: 144.50**

In connection with its retention as the Debtors' special securitization transactional and litigation counsel, Orrick reviewed the conflicts checklist provided by Morrison & Foerster, which identified the Debtors, their direct and indirect domestic and foreign affiliates and subsidiaries, their creditors, professionals, and other parties in interest in these Chapter 11 cases.  Orrick conducted a search of its electronic conflicts database with respect to such entities.  That search produced a report consisting of approximately 19,000 pages.  In order to comply with the disclosure requirements of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, Orrick reviewed the report for connections with the Debtors, their creditors, and any other parties in interest, their respective attorneys and accountants, the United States Trustee, and any person employed in the office of the United States Trustee.  Orrick also communicated internally with lawyers and paraprofessionals to assess and address any conflicts of interest and connections with such parties.  In connection with this review, Orrick devoted 62.30 hours resulting in fees of $35,629.85.  Although Orrick believes these fees are compensable from the Debtors' estates, given Orrick's longstanding relationship with the Debtors and the Bankruptcy Court's statements at the July 13, 2012 hearing, Orrick has voluntarily reduced its fees in the amount of $35,629.85 in connection with this review.

---

[2] As described herein, Orrick voluntarily reduced its hours by 62.30 resulting in fees of $35,629.85 as stated in its Monthly Fee Statement for the period May 14, 2012 through June 30, 2012 (attached hereto as Exhibit E-1).  Accordingly, Orrick is not seeking compensation from the Debtors' estates for such fees.

The remaining fees incurred in connection with this matter, which are included in this Application, involve time spent drafting Orrick's retention application and related exhibits. Orrick also prepared a supplemental disclosure in response to the United States Trustee's objection to Orrick's retention application and attended the Bankruptcy Court hearing on Orrick's retention application on July 13, 2012.  In addition, Orrick communicated with Morrison & Foerster regarding the application, the supplemental disclosure, the scope of Orrick's employment, and the proposed order approving Orrick's retention.

(d)   **Compensation (Matter 144)[3]**

**Fees: $33,812.00; Expenses: $0.00; Hours: 54.60**

Orrick reviewed the Bankruptcy Court and United States Trustee's guidelines regarding fee applications and compensation and prepared a memorandum to the Orrick team regarding the same.  Orrick also reviewed the Debtors' motion to approve interim compensation procedures and the order approving the same.  In addition, Orrick prepared, reviewed, revised, and finalized its monthly fee statements for the time periods (i) May 14, 2012 through June 30, 2012; (ii) July 1, 2012 through July 31, 2012; and (iii) August 1, 2012 through August 31, 2012.  Orrick corresponded with Morrison & Foerster regarding the same.

(e)   **Securitization Questions (Matter 146)**

**Fees: $153,135.27; Expenses: $75.91; Hours: 334.10**

At the request of the Debtors and their lead bankruptcy counsel, Orrick reviewed numerous documents including certain pooling and servicing agreements, assignment and assumption agreements, mortgage loan purchase agreements, and home loan purchase agreements in connection with numerous separate deals.  Orrick also reviewed contractual provisions related to trustee fee arrangements.  Orrick provided Debtors' counsel with its advice and analysis with respect thereto and responded to inquiries regarding the same.  In addition, Orrick advised the Debtors regarding the payment of FGIC premiums under the securitization documents and discussed the submissions of claims to Ambac.

(f)   **Resolution of Pre-Bankruptcy Transactions (Matter 148)**

**Fees: $31,086.77; Expenses: $0.00; Hours 57.70**

Orrick reviewed various documents including certain indentures, servicing agreements or pooling and servicing agreements and certain amendments thereto.  Orrick also reviewed the DIP

---

[3] In connection with Orrick's Monthly Fee Statement for the period July 1, 2012 through July 31, 2012, Orrick voluntarily reduced its hours by 11.50  resulting in fees of $8,606.05 in connection with reviewing, revising and finalizing its monthly time records.  Orrick is aware of Judge Bernstein's August 24, 2010 decision in *In re CCT Communications, Inc.*, Case No. 07-10210, which held that reviewing and editing time records is not compensable.  Accordingly, Orrick is not seeking compensation from the Debtors' estates for such fees.

credit agreement to confirm that it conformed with pooling and service agreement amendment requirements and in connection with the termination of funding facilities. Orrick also participated in telephone conferences with the Debtors regarding the same. Orrick advised the Debtors regarding certain MBIA insured transactions. Orrick also prepared notices to the trustees regarding certain securitizations and advance reimbursement amounts. In addition, Orrick sent notices to the pooling and servicing trustees indicating that the pre-petition advance facility related to the securitizations was terminated. Orrick prepared amendments to certain indentures, declarations of trust and servicing agreements. Orrick also advised Morrison & Foerster regarding pre-bankruptcy pooling and servicing agreements. In addition, Orrick reviewed and revised certain assignment and assumption agreements in connection with the MetLife transfer and responded to inquiries from the Debtors regarding the same. Orrick also advised the Debtors regarding the termination of servicing under certain Deutsche Bank transactions.

(g)    **SEC Investigation Assistance (Matter 149)**

**Fees: $3,532.10; Expenses: $201.00; Hours 4.20**

Orrick reviewed certain pleadings and subpoenas in connection with the ongoing SEC investigation and advised the Debtors regarding the same.

(h)    **Non-Securitization Issues (Matter 150)**

**Fees: $3,804.29; Expenses: $0.00; Hours 6.00**

Orrick analyzed a confidential legal issue involving the UK and advised the Debtors with respect thereto.

(i)    **Termination of Servicing Contracts (Matter 151)**

**Fees: $21,578.25; Expenses: $0.00; Hours 26.80**

Orrick reviewed termination provisions of contracts where Ambac, Shellpoint and others delivered notices of servicing termination in order to analyze rights to terminate, and advised the Debtors and Morrison & Foerster regarding the same. In addition, Orrick researched and provided its analysis to the Debtors and their counsel regarding the bases to object to terminations.

19.    The foregoing descriptions of services rendered by Applicant in the specific

project categories are not intended to be exhaustive of the scope of Applicant's activities in the

Chapter 11 cases. The time records attached hereto as Exhibit E present more completely the

work performed by Applicant in each project category during the Application Period.

9

## CONCLUSION

20.     Applicant believes that the services rendered during the Application Period on behalf of the Debtors were reasonable and necessary within the meaning of Bankruptcy Code section 330.  Further, the expenses requested were actual and necessary to the performance of Applicant's services.

21.     Applicant therefore requests an order (i) approving interim compensation in the amount of $733,357.07 and interim reimbursement of expenses in the amount of $678.12,[4] (ii) directing payment of all compensation held back in connection with the Monthly Fee Statements in the aggregate amount of $146,671.42, and (iii) granting such other and further relief as may be just and proper.


Dated: October 19, 2012                    /s/ Katharine I. Crost
                                           Katharine I. Crost (New York Bar No. 1391523)
                                           Lorraine S. McGowen (New York Bar No. 2137727)
                                           ORRICK HERRINGTON & SUTCLIFFE LLP
                                           51 W. 52nd Street
                                           New York, NY  10019-6142
                                           Telephone:  (212) 506-5000
                                           Facsimile:  (212) 506-5151

                                           *Special Securitization Transactional
                                           and Litigation Counsel to the Debtors
                                           and Debtors in Possession*

---

[4] The rates charged for such expenses are (i) equivalent to what Applicant normally bills to its non-bankruptcy clients and (ii) calculated to compensate Applicant for only the actual costs of the expenses.

10