**Hearing Date:** To be Noticed at a Later Date
**Objection Deadline**: To be Noticed at a Later Date

Eric Lopez Schnabel, Esq.
DORSEY & WHITNEY LLP
51 W. 52nd Street
New York, New York 10019
Telephone: (212) 415-9200
Facsimile: (212) 953-7201

-and-

Thomas O. Kelly III, Esq. (MN Bar No. 0189960)
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600
Facsimile: (612) 340-2868

*Special Securitization and Investigatory Counsel
to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**SUMMARY OF FIRST INTERIM APPLICATION OF DORSEY & WHITNEY LLP AS
SPECIAL SECURITIZATION AND INVESTIGATORY COUNSEL FOR THE
DEBTORS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES
INCURRED FOR THE PERIOD MAY 14, 2012 THROUGH AUGUST 31, 2012**

This is a(n):     ___ monthly     _x_ interim ___ final application.

| | |
|---|---|
| Name of Applicant: | Dorsey & Whitney LLP ("**Applicant**") |
| Authorized to Provide Professional Services to: | Residential Capital, LLC, *et al*. (collectively, the "**Debtors**") |
| Date of Retention: | Order entered on July 27, 2012 retaining Applicant *nunc pro tunc* to May 14, 2012 |
| Period for which Compensation and Reimbursement is sought: | May 14, 2012 through August 31, 2012 (the "**Application Period**") |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $412,188.83 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $5,105.22 |

**Summary of Monthly Applications for Application Period:**

| Date Filed | Compensation Period | Requested Fees | Requested Expenses | Fees Paid[1] | Expenses Paid | 20% Holdback[2] |
|---|---|---|---|---|---|---|
| 08/21/2012 | 05/14/2012 – 07/31/2012 | $355,022.83 | $2,264.87 | $0 | $0 | $71,004.57 |
| 09/12/2012 | 08/01/2012 – 08/31/2012 | $57,166.45 | $4,380.53 | $0 | $0 | $11,433.29 |
| **TOTAL** | 05/14/2012 – 08/31/2012 | $412,189.28[3] | $6,645.40[4] | $0 | $0 | $82,437.86 |

---

[1] The objection deadline has passed and no objections have been made to the fees and expenses requested by Applicant.  Accordingly, Applicant expects payment of fees in the total amount of $329,751.42 (the requested amount less holdback) and expenses in the amount of $5,498.67.

[2] Amounts listed in the 20% Holdback column reflect the twenty percent holdback that is expected upon payment of Requested Fees.

[3] Fees requested in the Monthly Fee Statements (defined below) are $.45 higher than fees requested in this application as a result of difficulty, on the part of the Applicant, reconciling fees listed on the Exhibits.

[4] Expenses requested in the Monthly Fee Statements are $1,146.73 higher than expenses requested in this application as a result of certain expenses listed therein being incurred prior to the Petition Date (defined below). They are charges listed in the Monthly Fee Statements as follows: (i) 479140-3 $81.48 Taxi Charges and $6.25 Local Authority Search – Companies House Services May 12; (ii) 479140-5 $1,003.02 Court Reporter – Veritex – Deposition transcript of S. Pitchersky taken 5/09/12; (iii) 355030-364, $41.73 Overnight Delivery Charges; and (iv) 355050-365 $14.25 Overnight Delivery Charges.

Eric Lopez Schnabel, Esq.
DORSEY & WHITNEY LLP
51 W. 52nd Street
New York, New York 10019
Telephone:  (212) 415-9200
Facsimile:  (212) 953-7201

-and-

Thomas O. Kelly III, Esq. (MN Bar No. 0189960)
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600
Facsimile: (612) 340-2868

*Special Securitization and Investigatory Counsel*
 *to the Debtors and Debtors in Possession*


**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------------------------ | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| ------------------------------------------------------------------ | ) | |


**FIRST INTERIM APPLICATION OF DORSEY & WHITNEY LLP AS SPECIAL**
**SECURITIZATION AND INVESTIGATORY COUNSEL FOR THE DEBTORS FOR**
**COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED**
**FOR THE PERIOD MAY 14, 2012 THROUGH AUGUST 31, 2012**

For its first interim application for compensation and reimbursement of expenses

(the "**Application**") for the period May 14, 2012 through August 31, 2012 (the "**Application**

**Period**"), Dorsey & Whitney LLP ("**Applicant**"), Special Securitization and Investigatory

Counsel to Residential Capital, LLC., *et al.*, as debtors and debtors in possession (collectively,

the "**Debtors**"), respectfully represents as follows:

**JURISDICTION, VENUE AND STATUTORY PREDICATES**

1.        This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue of this proceeding and this Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.        The statutory bases for the relief requested herein are sections 328, 330 and 331 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2016-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "**Local Rules**"). This Application has been prepared in accordance with General Order M-389 effective as of December 4, 2009, *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Case* (the "**Local Guidelines**"), and the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330* effective January 30, 1996  (the "**UST Guidelines**" and, together with the Local Guidelines, the "**Guidelines**").  Pursuant to the Local Guidelines, a certification regarding compliance with the Local Guidelines is attached hereto as Exhibit A.

**BACKGROUND**

**A.        The Chapter 11 Cases**

3.        On May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code.  The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).  No trustee has been appointed in these Chapter 11 cases.

2

4.       On May 16, 2012, the United States Trustee for the Southern District of New

York (the "**U.S. Trustee**") appointed a nine member official committee of unsecured creditors

(the "**Creditors' Committee**").

5.       On June 20, 2012, the Court directed that an examiner be appointed, and on July

3, 2012, the Court approved Arthur J. Gonzalez as the examiner [Docket Nos. 454, 674].

**B.       Applicant's Retention and Interim Compensation**

6.       On July 27, 2012, the Court entered the Order Under Section 327(e) of the

Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1 Authorizing the

Employment and Retention of Dorsey & Whitney as Special Securitization and Investigatory

Counsel to the Debtors, Nunc Pro Tunc to May 14, 2012 [Docket No. 929], approving

Applicant's retention.

7.       On July 17, 2012, the Court entered the *Order Establishing Procedures for*

*Interim Compensation and Reimbursement of Expenses of Professionals* (the "**Interim**

**Compensation Order**") [Docket No. 797].  Pursuant to the terms of the Interim Compensation

Order, Applicant, among others, is authorized to file and submit monthly fee statements to the

Debtors and their counsel, counsel for the Creditors' Committee, counsel for Ally Financial Inc.,

counsel for Barclays Bank PLC, and the United States Trustee (collectively, the "**Notice**

**Parties**").

8.       On August 21, 2012, Applicant served its first monthly fee statement covering the

period from May 14, 2012 through July 31, 2012 (the "**First Monthly Fee Statement**") on the

Notice Parties.  On September 12, 2012, Applicant served its second monthly fee statement

covering the period from August 1, 2012 through August 31, 2012 (the "**Second Monthly Fee**

**Statement"** and together with the First Monthly Fee Statement, the "**Monthly Fee Statements**")
on the Notice Parties.

        9.      For the convenience of this Court and all parties in interest, attached hereto as
Exhibit B is a schedule of the total amount of fees incurred under each of Applicant's internal
task codes during the Application Period.

        10.     The Applicant has not received payment for any of the fee statements.

        11.     Applicant maintains computerized records of the time expended in the rendering
of the professional services required by the Debtors.  These records are maintained in the
ordinary course of Applicant's practice.  For the convenience of this Court and all parties in
interest, attached hereto as Exhibit C is a billing summary for the Application Period, setting
forth the name of each attorney who rendered services during the Application Period, each
attorney's year of bar admission and area of practice concentration, the aggregate time expended
by each attorney, the hourly billing rate for each attorney at Applicant's current billing rates, and
the individual amounts requested for each professional.  The compensation requested by
Applicant is based on the customary compensation charged by comparably skilled practitioners
in other similar cases under the Bankruptcy Code.

        12.     Applicant also maintains computerized records of all expenses incurred in
connection with the performance of professional services.  A summary of the amounts and
categories of expenses for which reimbursement is sought is attached hereto as Exhibit D.

        13.     Copies of Applicant's computerized records of fees and expenses in the format
specified by the Guidelines have been served on the Notice Parties with each of the Monthly Fee
Statements and are attached hereto as Exhibit E.

4

14.     There is no agreement or understanding between Applicant and any other person,

other than partners of the firm, for the sharing of compensation to be received for services

rendered in the Chapter 11 Cases.

15.     The Monthly Fee Statements submitted by Applicant are subject to a 20%

holdback (as is customary in this District) imposed by the Court on the allowance of fees.  The

aggregate amount of Applicant's holdback during the Application Period is $82,437.86.

Applicant respectfully requests, in connection with the relief requested herein, that the Court

allow this holdback amount on an interim basis pursuant to sections 330 and 331 of the

Bankruptcy Code and authorize the Debtors to satisfy such amounts.

### DESCRIPTION OF SERVICES AND
### EXPENSES AND RELIEF REQUESTED

16.     In general, Applicant has represented the Debtors in connection with the

following aspects of the Chapter 11 Cases:

(a)     Applicant has provided litigation support both for matters
that have been stayed by the automatic stay and for certain
actions commenced by government agencies which have
not been stayed.  Applicant has also assisted the Debtors
with ongoing securitization issues.

Listed below is a listing of work performed by the Applicant by matter:

| Matter Description | Total Billed Hours | Total Compensation |
| --- | --- | --- |
| Residential Capital, LLC / ResCap Treasury General | 64.2 | $20,718.45 |
| Residential Capital/Broker-Dealer Regulatory Advice | 34.6 | $10,948.50 |
| Residential Capital, LLC /Business Lending Workout Matters | 106.6 | $45,352.80 |
| Residential Funding Company, LLC / Allstate Insurance Company et al. | 28.3 | $9,136.35 |
| Residential Funding Company, LLC / Huntington Bancshares Inc. | 16.3 | $7,060.50 |
| Residential Funding Company, LLC/ 1941 Stichting Pensioenfonds ABP | 83.1 | $27,981.00 |

5

| | | |
|---|---|---|
| Residential Funding Company, LLC/ Secondment of Associate | 532.0 | $105,629.03[1] |
| Residential Funding Company, LLC/ Investigation by SIGTARP | 3.0 | $815.40 |
| Residential Funding Company, LLC/ Investigation by US Sec- Los Angeles Division | 551.1 | $156,801.15 |
| Residential Funding Company, LLC/ Investigation by US Department of Justice | 45.9 | $10,575.90 |
| Residential Funding Company, LLC/ Investigation by US SEC-Denver Division | 29.5 | $11,597.85 |
| Residential Funding Company, LLC/ John Hancock Life Insurance Company, et al. | 13.9 | $5,572.35 |
| Total for all matters | **1,508.5** | **$412,189.28** |

17.    To provide an orderly and meaningful summary of the services rendered by Applicant on behalf of the Debtors during the Application Period, Applicant established, in accordance with the Guidelines and its internal billing procedures, separate task codes in connection with the Chapter 11 Cases.  The following is a summary of the most significant professional services rendered by Applicant during the Application Period organized in accordance with Applicant's internal system of task codes:

(a)    **Asset Analysis and Recovery, Task Code 1**

Fees:  $6,594.30[2]; Total Hours:  19.9

18.    During the Application Period, Applicant has (i) conducted research and corresponded with debtor and counsel regarding security interests in various of debtor's assets; (ii) researched and drafted a memoranda regarding Ginnie Mae release of liens; and (iii) located documents responsive to discovery and communicated with counsel regarding same.

---

[1] Based on fixed fee arrangement.

[2] All fees listed, unless otherwise indicated, are after application of a 10 percent discount.

6

(b)    **Asset Disposition/Sales, Task Code 2**

Fees:  $619.20; Total Hours:  2.0

19.    During the Application Period, Applicant compiled documentation for Viaduct

and Flume and communications with debtor regarding asset sales.

(c)    **Business Operations and Advice, Task Code 3.**

Fees:  $13,298.85; Total Hours:  42.3

20.    During the Application Period, Applicant (i) communicated with counsel and

conducted research regarding (a) sale of securities, (b) deficiencies and (c) broker dealer issues

and (ii) drafted and reviewed notices of termination of control agreements, direction letters,

acknowledgement letters and side letters.

(d)    **Case Administration, Task Code 4**

Fees:  $294.30; Total Hours:  0.9

21.    During the Application Period, Applicant communicated with debtor for legal

update.

(e)    **Plan Supplement Documents, Task Code 11**

Fees:  $1,125.00; Total Hours:  4.4

22.    During the Application Period, Applicant (i) reviewed settlement and plan

support agreement and (ii) collected documents for production to creditors' committee.

(f)    **PLS Litigation, Task Code 17.**

Fees:  $199,261.88[3]; Total Hours:  775.4

23.    During the Application Period, Applicant (i) drafted memoranda regarding

bankruptcy issues, indemnification issues and discovery issues; (ii) drafted and filed motions to

---

[3] In addition to the 10 percent discount, one of the matters in the PLS Litigation Task Code is subject to a fixed fee arrangement.

7

extend the automatic stay, for substitution of counsel and bankruptcy notices; (iii) draft and filed briefing for motions to dismiss; (iv) communicated with counsel regarding substitution and discovery issues; and (v) had fixed fee placement of B. Smith in Residential Funding Offices.

(g)     **Litigation (Other), Task Code 18**

Fees:  $546.30; Total Hours:  1.4

24.     During the Application Period, Applicant (i) annualized effect of bankruptcy filing on litigation and (ii) reviewed document requests and communicated with debtors regarding same.

(h)     **Government/Regulatory, Task Code 19.**

Fees:  $180,165.15; Total Hours:  631.2

25.     During the Application Period, Applicant engaged in litigation with four separate governmental investigations of Residential Funding, which were not subject to the automatic stay.  These investigations are conducted by the Office of the Special Inspector General for Troubled Asset Relief Program ("SIGTARP"), the Department of Justice ("DOJ"), and the Securities Exchange Commission ("SEC").  In connection with the SIGTARP investigation, Dorsey & Whitney has produced documents related to a single securitization transaction and engaged in numerous oral and written discussions with SIGTARP representatives regarding that transaction and procedural aspects of the securitization process.  In connection with the DOJ investigation, Dorsey & Whitney has helped the Debtors produce individual loan-level data responsive to requests for information regarding the origination and securitization of the approximately three million loans originated during a ten-year period and has engaged in extended discussions and negotiation with DOJ representatives regarding the substance of that data as well as regarding the origination and securitization process generally.  The SEC is conducting two separate investigations: one is out of its Denver office; the other out of its Los

8

Angeles office.  In connection with the Denver investigation, Dorsey & Whitney has produced

various agreements and loan-level documents related to that transaction and is presently engaged

in discussions with representatives of the SEC about those documents and related matters.

Dorsey & Whitney LLP has completed the process of transferring responsibility for these

matters to Morrison & Foerster.

> (i)   **Communications with Creditors, Task Code 22**
>
> Fees:  $392.40; Total Hours:  0.8

26.   During the Application Period, Applicant located and produced documents

responsive to creditors' committee.

> (j)   **Discovery or Rule 2004 Requests, Task Code 25**
>
> Fees:  $196.20; Total Hours:  0.4

27.   During the Application Period, Applicant located and produced documents

responsive to creditors' committee.

> (k)   **Schedules and Statements, Task Code 26**
>
> Fees:  $98.10; Total Hours:  0.2

28.   During the Application Period, Applicant forwarded mortgage loan schedules.

> (l)   **First Day Motions and Hearings, Task Code 27.**
>
> Fees:  $9,597.60; Total Hours:  29.6

29.   During the Application Period, Applicant (i) reviewed first day filings in

connection with eighth amendment to line of credit agreement (DIP financing); (ii) drafted

eighth amendment and documents in connection therewith; and (iii) researched law relating to

and drafted notices of mortgage transfer disclosures.

30.   The foregoing descriptions of services rendered by Applicant in specific areas are

not intended to be exhaustive of the scope of Applicant's activities in the Chapter 11 Cases.  The

time records attached hereto as <u>Exhibit E</u> present more completely the work performed by

Applicant in each billing category during the Application Period.

<strong><u>CONCLUSION</u></strong>

31.     Applicant believes that the services rendered during the Application Period on

behalf of the Debtors were reasonable and necessary within the meaning of Bankruptcy Code

section 330.  Further, the expenses requested were actual and necessary to the performance of

Applicant's services.

32.     Applicant therefore requests an order (i) approving interim compensation in the

amount of $412,188.83 and interim reimbursement of expenses in the amount of $5,105.22,[4]

(ii) directing payment of all compensation held back in connection with the Monthly Fee

Statements, and (iii) granting such other and further relief as may be just and proper.

[*Signatures on the next page*]

---

[4]     The rates charged for such expenses are (i) equivalent to what Applicant normally bills to its non-bankruptcy clients and (ii) calculated to compensate Applicant for only the actual costs of the expenses.

Dated: October 19, 2012

DORSEY & WHITNEY LLP


By:   *Eric Lopez Schnabel*
Eric Lopez Schnabel, Esq.
DORSEY & WHITNEY LLP
51 W. 52nd Street
New York, New York 10019
Telephone: (212) 415-9200
Facsimile: (212) 953-7201

-and-

Thomas O. Kelly III, Esq. (MN Bar No. 0189960)
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600
Facsimile: (612) 340-2868

*Special Securitization and Investigatory Counsel*
*for Residential Capital, LLC, et al.*