**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER (A) DENYING MOTION OF JOSEPH A. CONNOR III (I) FOR DECLARATORY RULING REGARDING POSSIBLE STAY VIOLATIONS AND (II) TO SEVER DEFENDANTS PROTECTED BY AUTOMATIC STAY AND (B) GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY**

Upon consideration of the *(I) Motion for Declaratory Ruling Pursuant to 28 U.S.C. Section 2201 and F.R.C.P. 57 as to Possible Violations of the Automatic Stay in Bankruptcy 11 U.S. Code Section 362(a) and (II) Motion to Sever Defendants Protected by the Automatic Stay from those Not So Protected in a Washington State Court Action Pursuant to F.R.C.P. 19(a) & (b) and F.R.C.P. 21; WA Ct. Rules 19 & 21* (ECF Doc. # 1359), filed by Joseph A. Connor III ("**Connor**") on September 4, 2012, and a *Supplement to Connor Motion (I) Seeking a Declaratory Ruling as to Possible Violations of the Automatic Stay* (ECF Doc. # 1431), filed by Connor on September 13, 2012 (together, the "**Motion**"); and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that notice of the Motion was adequate and proper under the circumstances of these cases and that no further or other notice need be given; and upon consideration of the *Debtors' Objection to Motion of Joseph A. Connor III (I) for Declaratory Ruling Regarding Possible Stay Violations and (II) to Sever Defendants Protected by Automatic Stay* (ECF Doc. # 1704) and the *Declaration of*

1

*Jennifer Scoliard, In-House Senior Bankruptcy Counsel at Residential Capital, LLC, in Support of Debtors' Objection to Motion of Joseph A. Connor III (I) for Declaratory Ruling Regarding Possible Stay Violations and (II) to Sever Defendants Protected by Automatic Stay* (ECF Doc. # 1704); and upon consideration of the *Response of Joseph A Connor (Movant) to Debtors' Objection to Motions of Joseph A Connor III (I) for Declaratory Ruling Regarding Possible Stay Violations and (II) to Sever Defendants Protected By Automatic Stay* (ECF Doc. # 1774); and upon the arguments and statements in support of and in opposition to the Motion presented at the hearing before the Court held on October 10, 2012, during which Connor appeared by telephone and the Debtors' counsel appeared in person; and after due deliberation; it is hereby

**ORDERED THAT:**

    1.    For the reasons stated on the record at the hearing, the Motion is **DENIED** in its entirety.

    2.    The automatic stay of section 362(a) of the Bankruptcy Code is lifted solely to the extent necessary to permit the named defendants in the action pending before the Superior Court of Ferry County, Washington State, captioned <u>Connor v. GMAC Mortgage, LLC, et al.</u>, Case No. 11-2-00098-6 (the "**Washington Action**") to seek to vacate, without prejudice, the *Order re Plaintiff's Motion for Lis Pendens and Defendants' Motion for Sanctions re Motion for Lis Pendens*, dated May 18, 2012, and the *Supplemental Order re Plaintiff's Motions for Sanctions*, dated August 31, 2012, each entered in the Washington Action.

    3.    Notwithstanding anything herein to the contrary, the relief granted herein shall be without prejudice to the rights of the parties to the Washington Action, including, but not limited to, the right of the non-Debtor defendants to resubmit the vacated orders on their own behalf, and the right of any party to seek further relief from the automatic stay from this Court.

4. Absent further order of the Court, the automatic stay shall remain in full force and effect except as provided for in this Order.

5. The Debtors are authorized to execute and deliver all instruments and documents, and take such other action as may be necessary or appropriate to implement and effectuate the transactions contemplated by this Order.

6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:   October 19, 2012
         New York, New York

                                              **/s/Martin Glenn**
                                              MARTIN GLENN
                                   United States Bankruptcy Judge