# **Exhibit 1**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER GRANTING DEBTORS' MOTION PURSUANT TO FED. R. BANKR. P. 9019 FOR APPROVAL OF THE RMBS TRUST SETTLEMENT AGREEMENTS**

1.  Upon consideration of *Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of RMBS Trust Settlement Agreements* (the "<u>Initial Motion</u>") of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>" and each, a "<u>Debtor</u>") for entry of an order granting Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of the RMBS Trust Settlement Agreements and the *Debtors' Supplemental Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of RMBS Trust Settlement Agreements* (the "<u>Supplement</u>," and together with the Initial Motion, the "<u>Motion</u>"), requesting the same remedy;[1] and upon the Whitlinger Affidavit and the Declarations of Jeffrey Lipps, Frank Sillman, and William J. Nolan, and the affidavits of publication and mailing to all Investors and Releasors (the "<u>RMBS Trustee Notice Affidavits</u>") of the notice of the Trustees (defined below) of the Motion and the RMBS Trust Settlement (the "<u>RMBS Trustee Notice</u>"); and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these Chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this proceeding on the Motion is a core proceeding pursuant to 28 U.S.C. §157(b); and sufficient notice of the Motion having been given; and it appearing that no

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

ny-1053220

other or further notice need be provided; and the Court having found that the RMBS Trust Settlement is reasonable, fair and equitable and supported by adequate consideration; and that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest, including the Investors in any RMBS Trust that accepts the RMBS Trust Settlement pursuant to a Joinder (defined below); and after due deliberation and sufficient cause appearing therefore, it is hereby:

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is granted to the extent set forth herein.

2. The RMBS Trust Settlement Agreements between the Debtors and the Institutional Investors are hereby approved pursuant to Federal Rule of Bankruptcy Procedure 9019(a) and the applicable decisional case law, and the Parties are hereby authorized and ordered to take any and all actions as may be necessary to effectuate and implement the RMBS Trust Settlement, subject to the terms thereof.

3. Each Trust, each acting by its named trustee, or indenture trustee (*i.e.*, The Bank of New York Mellon Trust Company, N.A., Deutsche Bank Trust Company Americas, Deutsche Bank National Trust Company, U.S. Bank National Association or Wells Fargo Bank, N.A., in each case solely in their respective capacity as trustee or indenture trustee for a RMBS Trust and not in any other capacity) (collectively, the "Trustees") and the Debtors may enter into the RMBS Trust Settlement. A draft form for the acceptance by a Trust of the Trust Settlement, entitled "Trustee Joinder and Acceptance of the RMBS Trust Settlement Agreement," is attached hereto as Exhibit A (the "Joinder").

4. Each Trust that executes a Joinder to the RMBS Trust Settlement shall have an allowed general unsecured claim in these cases under the terms of the RMBS Trust Settlement.

ny-1053220

5.     The RMBS Trust Settlement, including the releases given therein, meet the standards established by the Second Circuit for the approval of a compromise and settlement in bankruptcy, and are fair and reasonable to, and in the best interest of, all interested parties, including but not limited to the Debtors, their respective creditors, including but not limited to the Institutional Investors, the Investors for each Trust that executes a Joinder and each such Trust, the Trustees, and other Releasors, as a compromise of each joining Trust's asserted claims against the Debtors.

6.     Notice of the RMBS Trust Settlement and the Motion, including the notice given by the Debtors in these bankruptcy cases and the RMBS Trustee Notice, was sufficient and effective in satisfaction of federal and state due process requirements and other applicable law to put the parties in interest in this bankruptcy proceeding, including the Investors and Releasors, on notice of the RMBS Trust Settlement, the Motion, and the relief requested therein

7.     The terms and conditions of this Order shall be effective and enforceable immediately upon entry of this Order.

8.     All objections to the Motion or the relief requested therein that have not been withdrawn, waived or settled, and all reservations of rights included therein, are overruled on the merits.

9.     Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012,

(c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

10. Upon notice to the parties and no objection having been interposed, an affiliated debtor shall be deemed to be a "Future Debtor" upon the Court's entry of an order authorizing the joint administration of such Future Debtor's Chapter 11 case with the Chapter 11 cases of the Debtors. Upon notice to the parties and no objection being timely interposed, the relief granted by this Order shall apply to the Future Debtor in these jointly-administered cases.

11. Nothing contained in the RMBS Trust Settlement Agreement, this Order, and any associated expert reports, including exhibits, schedules, declarations, and other documents attached thereto or referenced therein, or in any declarations, pleadings, or other documents or evidence submitted to, or filed in, the Bankruptcy Court in connection therewith, shall be construed as an admission of, or to prejudice in any way, Ally Financial Inc. and its non-Debtor direct and indirect subsidiaries and affiliates (collectively, "Ally") and may not be used as evidence against Ally in any court proceeding.

12. This Court shall retain jurisdiction with respect to all matters arising or related to the implementation of this Order.

Dated: _____, 2012
       New York, New York

                                        _____
                                        THE HONORABLE MARTIN GLENN
                                        UNITED STATES BANKRUPTCY JUDGE

4

ny-1053220

**Exhibit A**

**TRUSTEE JOINDER AND ACCEPTANCE OF THE RMBS SETTLEMENT**

This joinder and acceptance ("Joinder") relates to the RMBS Trust Settlement Agreement, dated as of May 13, 2012 (as amended, the "Settlement Agreement"), by and among Residential Capital, LLC ("ResCap") and certain of its direct and indirect subsidiaries (collectively, the "Debtors") and the Institutional Investors (as defined therein), is made by [ _____ ], as trustee or indenture trustee (the "Joining Trustee") for [ _____ ] (the "Accepting RMBS Trust") and is executed and delivered as of [ _____ ], 2012. Each capitalized term used herein but not otherwise defined has the meaning set forth in the Settlement Agreement.

1. *Agreement to be Bound*. The Joining Trustee, on behalf of the Accepting RMBS Trust, hereby accepts the offer to settle set forth in Section 5.01 of the Settlement Agreement and agrees on its and the Accepting RMBS Trust's respective behalves to be bound by the terms of Articles V, VI, VII, VIII, IX and X of the Settlement Agreement and all exhibits referred to therein (as the same has been or may, with the consent of the Joining Trustee, be hereafter amended, restated or otherwise modified from time to time in accordance with the provisions hereof), applicable to Trusts and Trustees. The Accepting RMBS Trust shall be deemed to be an "Accepting RMBS Trust" for all purposes under the Settlement Agreement. For avoidance of doubt, the Joining Trustee and the Accepting RMBS Trust shall assume no obligations under the Settlement Agreement except as expressly set forth in this paragraph and nothing in this Joinder shall be deemed to represent an adoption, concurrence or consent by the Joining Trustee in or to any recital, representation or statement made by the Debtors, the Institutional Investors or any other party in interest in the Chapter 11 Cases either in the Settlement Agreement or in any motion, pleading, notice or other document relating to the Settlement Agreement or the settlement thereunder.

2. *Representations and Warranties*. The Joining Trustee hereby represents and warrants that it is the duly appointed trustee for the Accepting RMBS Trust and that it has the authority to take the actions contemplated under the Settlement Agreement and has the authority with respect to any other entities, account holders or accounts for which or on behalf of which it is signing this Joinder. In making this representations, the Joining Trustee has, with the consent of the Debtors, relied, *inter alia* on the Bankruptcy Court's order approving the Settlement Agreement.

3. *Governing Law*. This Joinder shall be governed by and construed in accordance with the internal laws of the State of New York, without regard to any conflicts of law provisions which would require the application of the law of any other jurisdiction.

4. *Notice.* All notices and other communications given or made pursuant to the Settlement Agreement shall be sent to:

    To the Joining Trustee at:
    [JOINING TRUSTEE]
    As Trustee for [ _____ ]

2

Attn.:
Facsimile:
Email:

3

**IN WITNESS WHEREOF**, the Joining Trustee has caused this Joinder to be executed as of the date first written above.

          [JOINING TRUSTEE]

          solely in its capacity as trustee of the Accepting RMBS Trust and not in its individual capacity

          By: _____

              Name:

              Title: