**Objection Date: November 8, 2012**
**Hearing Date: To be Determined**

Reed Smith, LLP
John L. Scott, Esquire
Leonard A. Bernstein, Esquire
599 Lexington Avenue
22nd Floor
New York, NY 10022

*Ordinary Course Professional for the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**APPLICATION OF REED SMITH, LLP FOR AN AWARD OF COMPENSATION
FOR SERVICES RENDERED AS AN ORDINARY COURSE PROFESSIONAL FOR
THE DEBTORS FOR THE PERIOD OF JULY 1, 2012 THROUGH JULY 31, 2012**

| | |
|---|---|
| Name of Applicant: | Reed Smith, LLP ("Reed Smith") |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession, as ordinary course professional |
| Date of Retention: | August 21, 2012 *Nunc Pro Tunc* to May 14, 2012 (the "Petition Date") |
| Application Period: | July 1, 2012 through July 31, 2012 |
| Amount of Compensation Sought: | $39,686 (a total of $89,686 is sought for July, 2012 but, as set forth below, $50,000 is payable upon approval of the Debtors under the OCP Order, as defined below) |
| Amount of Expense Reimbursement Sought: | $0 |

| | |
|---|---|
| Total Amount of Compensation and Expense Sought: | $39,686 ($89,686 less $50,000 approved by the Debtors pursuant to the OCP Order as defined below |
| This is a: | X  Monthly __ Interim __ Final Application |

**Summary of Reed Smith's July 2012 Fees and Expenses**

| Period | Requested Fees | Approved Fees | Requested Expenses | Approved Expenses |
| --- | --- | --- | --- | --- |
| July 1 – July 31 | $89,686 | $89,686[1] | $0 | $0 |

---

[1] Pursuant to the July 17, 2012 Order Under Bankruptcy Code Sections 105(a), 327 and 330 and Bankruptcy Rule 2014 Authorizing Employment and Payment of Professionals Utilized in Ordinary Course of Business *Nunc Pro Tunc* to the Petition Date [Docket No. 799], $50,000 of Reed Smith's July 2012 Invoice is payable by the Debtors without Court approval.

**Timekeeper Summary**

| Timekeeper | Position | Department | Year of NY Bar Admission | Rate | Hours | Amount |
|---|---|---|---|---|---|---|
| Bailey Axe | Associate | Commercial Litigation | 2010 (PA/NJ) | $295 | 59.3 | $17,493.50 |
| Bailey Axe | Associate | Commercial Litigation | 2010 (PA/NJ) | $325 | 3.8 | $1,235 |
| Diane Bettino | Partner | Financial Services Litigation | 1991 (PA/NJ) | $475 | 11.5 | $5,462.50 |
| Maria Guerin | Associate | Financial Services Litigation | 2004 (VA) 2006 (NY) 2008 (PA) | $345 | 140.3 | $46,851 |
| Barbara Hager | Counsel | Financial Services Litigation | 2002 (PA/NJ) | $350 | 5.2 | $1,820 |
| Robert Jaworski | Partner | Financial Services | 1974 (NJ) | $475 | 6.4 | $3,040 |
| Elizabeth Kim | Associate | Financial Services Litigation | 2004 (NJ) 2005 (NY) | $375 | 1.6 | $600 |
| Ira Lefton | Partner | Commercial Litigation | 1978 (PA) | $475 | 9.4 | $4,465 |
| Josh Martin | Paralegal | Litigation | N/A | $175 | 12.9 | $2,257.50 |
| Leonard Bernstein | Partner | Financial Services Regulatory | 1983 (NJ/PA) | $530 | 1.7 | $901 |
| Kurt Gwynne | Partner | Financial Services Litigation | 1992 (PA) 1993 (NJ) 2000 (DE) | $550 | 2.1 | $1,155 |
| Scott DeMaris | Analyst | Library Services | N/A | $150 | 0.4 | $60 |
| Lauren Abbott | Associate | Financial Services Regulatory | 2006 (PA) | $295 | 6.7 | $1,976.50 |
| David Bird | Associate | Financial Services Litigation | 2004 (PA) | $350 | 0.7 | $245 |
| Roy Prather | Associate | Commercial Litigation | 2010 (PA/NJ) | $295 | 7.2 | $2,124 |
| **Total** | | | | **$333.16** | **269.2** | **$89,686** |

4

## Billing Category Summary

| Billing Category | Hours | Amount |
|---|---:|---:|
| Taggart RICO | 11.5 | $3,392.50 |
| Taggart Foreclosure | 239.9 | $78,955 |
| Taggart, Kenneth Civil Rights Complaint | 2.3 | $885.50 |
| Taggart, Kenneth Federal Suit | 3.4 | $1143 |
| Deborah Young | 1.6 | $600 |
| Dalton | 9.4 | $4,465 |
| Moffit Class Action | 0.7 | $245 |
| **Total** | **269.2** | **$89,686** |

Reed Smith, LLP
John L. Scott, Esquire
Leonard A. Bernstein, Esquire
599 Lexington Avenue
22nd Floor
New York, NY 10022

*Ordinary Course Professional for the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**APPLICATION OF REED SMITH, LLP FOR AN AWARD OF COMPENSATION FOR SERVICES RENDERED AS AN ORDINARY COURSE PROFESSIONAL FOR THE DEBTORS FOR THE PERIOD JULY 1, 2012 THROUGH JULY 31, 2012**

By this application (the "Application") pursuant to sections 327, 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), the Order Under Bankruptcy Code Sections 105(a), 327 and 330 and Bankruptcy Rule 2014 Authorizing Employment and Payment of Professionals Utilized in Ordinary Course of Business *Nunc Pro Tunc* to the Petition Date [Docket No. 799], dated July 17, 2012 (the "OCP Order"), Reed Smith, LLP ("Reed Smith") an ordinary course professional for the above-captioned debtors (the "Debtors"), hereby seeks reasonable compensation for professional legal services in the amount of $39,686 (Reed Smith's fees totaled $89,686, but, because under the OCP Order, $50,000 is payable by the Debtors upon the Debtors' approval without Court approval, Reed Smith seeks

6

approval of the $39,686 of fees that exceed the OCP Order's $50,000 monthly cap) for the period July 1, 2012 through July 31, 2012 (the "Fee Period").  Reed Smith did not incur any actual and necessary expenses during July 2012.  In support of this Application, Reed Smith, LLP respectfully represents as follows:

## JURISDICTION

1. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This Application has been prepared by Reed Smith, LLP ("Reed Smith") in accordance with the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on November 25, 2009 (the "Local Guidelines"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330, adopted on January 30, 1996 (the "UST Guidelines"), and the OCP Order.  Pursuant to the Local Guidelines, a certification regarding compliance with same is attached hereto as Exhibit 1.  Pursuant to the UST Guidelines, the Debtors reviewed this Application and approved of the entire amount requested by Reed Smith for services performed and expenses incurred during this Fee Period.

## BACKGROUND

3. On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court for relief under Chapter 11 of the Bankruptcy Code.  The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).  No trustee has been appointed in these Chapter 11 cases.

7

4.  On May 16, 2012, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed a nine-member official committee of unsecured creditors (the "Creditors' Committee").

5.  On June 20, 2012, the Court directed that an examiner be appointed [Docket No. 454], and on July 3, 2012, the Court approved Arthur J. Gonzalez as the examiner [Docket No. 674].

6.  The Debtors are a leading residential real estate finance company indirectly owned by Ally Financial Inc. ("AFI"), which is not a Debtor. The Debtors and their non-debtor affiliates operate the fifth largest mortgage servicing business and the tenth largest mortgage origination business in the United States. A more detailed description of the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these bankruptcy cases, is set forth in the Whitlinger Affidavit.

7.  On August 1, 2012, pursuant to paragraph 3(b) of the OCP Order, the Debtors filed the Affidavit of Disinterestedness sworn to by Leonard Bernstein, a partner of Reed Smith, on July 30, 2012 (the "Reed Smith Affidavit"), along with the accompanying Retention Questionnaire [Docket No. 958]. Pursuant to the Reed Smith Affidavit, the Debtors sought to retain Reed Smith as an ordinary course professional under the OCP Order to provide legal services to the Debtors, including regarding the defense of residential mortgage litigation throughout the United States and the provision of consumer compliance advice, *nunc pro tunc* to the Petition Date. Because no objections to the employment of Reed Smith as an ordinary course professional were filed, under the OCP Order, the retention of Reed Smith was deemed approved on August 21, 2012.

8.   Pursuant to paragraph 3(c) of the OCP Order, the Debtors may pay Reed Smith without prior application to the Court 100% of its fees and disbursements incurred, upon submission to, and approval by, the Debtors of invoices setting forth in reasonable detail the nature of the services rendered and disbursements actually incurred up to $50,000 per month ("OCP Monthly Limit").  Reed Smith submitted invoices for its fees and expenses for the post-petition portion of May 2012 and June, 2012, each invoice seeking less than OCP monthly limit.  The Debtor has approved each of these prior invoices.  The Debtor owes Reed Smith a balance of $1,500 on the May 2012 invoice and $16,558.50 on the June 2012 invoice.

9.   Paragraph 3(c) of the OCP Order also provides that if an ordinary course professional's monthly invoice exceeds the OCP Monthly Limit, then payments to such ordinary course professional for any such excess amounts shall be subject to the prior approval of the Court in accordance with sections 330 and 331 of the Bankruptcy Code as well as the applicable provisions of the Bankruptcy Rules and the Local Rules.

## RELIEF REQUESTED

10.   Reed Smith's invoices for July 2012 totaled $89,686, exceeding the $50,000 OCP Monthly Limit by $39,686.  Accordingly, Reed Smith submits this Application in accordance with the OCP Order.  All services for which Reed Smith requests compensation were performed for, or on behalf of, the Debtors.

11.   This Application is the first application filed by Reed Smith in these chapter 11 cases. In connection with the professional services rendered, by this Application Reed Smith seeks approval for interim compensation in the amount of $39,686.  Per the OCP Order, Reed Smith has submitted its invoice to the Debtors for payment of $50,000, the OCP Monthly Limit, which has been approved by the Debtors.

9

12. The invoices that comprise the Fee Period are attached hereto as <u>Exhibit 4</u>. The invoices contain a detailed statement of hours spent rendering legal services to the Debtors in support of Reed Smith's request of compensation for fees incurred during the Fee Period. Due to privilege and confidentiality, certain time entries have been redacted. The Debtors were provided an unredacted version of the invoice. The monthly fee invoice contained in <u>Exhibit 4</u> (i) identifies the professionals who rendered services, (ii) describes each service such professional or paraprofessional performed; and (iii) sets forth the number of hours in increments of one-tenth of an hour spent by each individual providing the services. Reed Smith maintains computerized records of the time spent by all Reed Smith professionals in connection with its representation of the Debtors. The rates described in the invoice contained in <u>Exhibit 4</u> are Reed Smith's customary hourly rates for services of this type.

## SERVICES RENDERED BY REED SMITH

13. During the Fee Period, Reed Smith performed work only in the litigation task category, involving seven different matters. A summary of the work performed is set forth below.

<u>Taggart Foreclosure</u> – 239.9 hours; $78,955

During the Compensation Period, Reed Smith strategized the defense of this action; reviewed related claims filed in other venues, including a bankruptcy filing by the plaintiff; attended to motions and hearings in related matters; researched and prepared a motion for summary judgment; reviewed discovery responses and attended to other discovery issues; and prepared briefs for bankruptcy court issues.

<u>Taggart RICO</u>– 11.5  hours; $3,395.50

During the Compensation Period, Reed Smith reviewed and analyzed the complaint and researched issues regarding the bankruptcy stay in the plaintiff's underlying bankruptcy action.

<u>Taggart Kenneth Civil Rights Complaint</u> – 2.3 hours; $885.50

During the Compensation Period, Reed Smith researched affirmative defenses and reviewed case documents and conferred about the same.

Taggart Kenneth Federal Suit – 3.4 hours; $1,143

During the Compensation Period, Reed Smith reviewed the waiver of service of the complaint in this matter, conferred regarding the complaint, and drafted and revised an entry of appearance.

Deborah Young – 1.6 hours; $600

During the Compensation Period, Reed Smith conferred with the client regarding the case and confirmed deposition dates with opposing counsel.

Dalton – 9.4 hours; $4,465

During the Compensation Period, Reed Smith reviewed recent appellate filings.

Moffitt Class Action – 0.7 hours; $245

During the Compensation Period, Reed Smith reviewed a recent appellate court decision.

14. The cover sheet to this Application provides information regarding Reed Smith's billing attorneys and law clerks and a summary of the hours and services rendered by each attorney and law clerk and the hourly rates of each individual during the Fee Period.

15. The rates charged by Reed Smith for services rendered by attorneys and law clerks in this case are the same as rates charged by Reed Smith attorneys and law clerks on similar matters, without considering the size and degree of responsibility, difficulty, complexity, and results achieved. Accordingly, and based on such rates, the value of the professional services rendered during the Fee Period by Reed Smith for the Debtors totals $89,686. Reed Smith attorneys expended a total of 269.2 hours during the Fee Period.

16. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (i) the complexity of these cases; (ii) the time expended; (iii) the nature and extent of the services rendered; (iv) the value of such

11

services; and (v) the costs of comparable services other than in a case under the Bankruptcy Code.  See e.g., In re Borders Group, Inc., 456 B.R. 195, 211 (Bankr. S.D.N.Y. 2011); In re Mesa Air Group, Inc., 449 B.R. 441, 444 (Bankr. S.D.N.Y. 2011); In re Moss, 320 B.R. 143, 156-57 (Bankr. E.D. Mich. 2005); In re Ray, 314 B.R. 643, 662-63 (Bankr. M.D. Tenn. 2004).

## AMOUNTS REQUESTED

17.     Reed Smith seeks 100% of its compensation for the Fee Period in the amount of $39,686 representing the excess amounts over the OCP Monthly Limit, in connection with the professional services detailed in Exhibit 4.

## CONCLUSION

18.     By this Application, Reed Smith requests allowance and payment of fees and expenses for services performed in July 2012 in the total amount of $39,686, representing the difference between the OCP Monthly Limit, which amount has been approved by the Debtors and does not require Court approval in order to be paid, and total fees of $39,686.

## NOTICE

19.     The Debtors have provided notice of this Motion in accordance with the Case Management Procedures Order, approved by this Court on May 23, 2012 [Docket No. 141].

WHEREFORE, Reed Smith respectfully requests the entry of an order (a) allowing an administrative expense claim for Reed Smith's compensation and reimbursement for its fees and expenses incurred during the Fee Period, (b) authorizing and directing payment of such amounts and (c) granting such other and further relief as is just and proper.

Dated:  New York, NY
October 19, 2012

REED SMITH, LLP

By:/s/ John L. Scott

John L. Scott, Esquire

Reed Smith, LLP
John L. Scott, Esquire
Leonard M. Bernstein, Esquire
599 Lexington Avenue
22nd Floor
New York, NY 10022
Tel.: (212) 521-5400
Fax: (215) 521-5450
Email: jlscott@reedsmith.com

*Ordinary Course Professional For The Debtors*