**MORRISON COHEN LLP**
909 Third Avenue
New York, New York 10022
(212) 735-8600
Joseph T. Moldovan, Esq.
Robert K. Dakis, Esq.

*Attorneys for the Independent Directors*
*of the Residential Capital, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | : | |
| | : | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | : | |
| | : | Case No. 12-12020 (MG) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

**SUMMARY SHEET PURSUANT TO UNITED STATES TRUSTEE GUIDELINES FOR REVIEWING APPLICATIONS FOR COMPENSATION AND REIMBURSEMENT OF <u>EXPENSES FILED UNDER 11 U.S.C.§330</u>**

**FIRST INTERIM FEE APPLICATION**

| | |
|---|---|
| Name of Applicant: | Morrison Cohen LLP |
| Time Period: | May 14, 2012 through August 31, 2012 |
| Role in the Case: | Attorneys for the Independent Directors of the Residential Capital, LLC |
| Fees Incurred for Counsel: | $325,625.50 |
| Expenses Incurred: | $4,248.73 |
| Blended Hourly Rate for Fees Incurred during Compensation Period | $605.00 |

#4104997 v1 \020530 \0002

**Schedule 1**

**COMPENSATION BY PROFESSIONAL**

| NAME | YEAR OF ADMISSION | RATE | HOURS | AMOUNT |
|---|---|---|---|---|
| **PARTNERS** | | | | |
| Joseph T. Moldovan | 1983 | $685.00 | 204.30 | $139,945.50 |
| Michael Connolly | 1986 | $570.00 | 148.50 | $84,645.00 |
| David Piedra | 1992 | $575.00 | 65.00 | $37,375.00 |
| Jack Levy | 1977 | $605.00 | 16.60 | $10,943.00 |
| David Lerner | 1981 | $585.00 | 2.60 | $1,521.00 |
| **SENIOR COUNSEL** | | | | |
| Robert K. Dakis | 2005 | $525.00 | 63.10 | $33,127.50 |
| **ASSOCIATES** | | | | |
| Neil Siegel | 1979 | $450.00 | 29.60 | $13,320.00 |
| **PARAPROFESSIONALS/OTHERS** | | | | |
| Mariola Wiatrak | N/A | $220.00 | 25.10 | $5,396.50 |
| Jason P. Reid | N/A | $360.00 | 0.70 | $252.00 |
| **Total** | | | **555.50** | **$325,625.50** |

**Schedule 2**

**Hours and Fees for the First Interim Compensation Period As Rendered By Category**

| **Category** | **Hours** | **Fees** |
|---|---:|---:|
| Case Administration | 24.90 | $5,353.50 |
| Fee/Employment Applications | 25.40 | $13,273.00 |
| Board of Directors Matters | 505.20 | $306,999.00 |
| **Total** | **555.50** | **$325,625.50** |

## Schedule 3

## Summary of Expenses

| Description | Total |
|---|---|
| Travel | $1,277.21 |
| Telephone/Facsimile | $569.08 |
| Printing | $6.44 |
| Color Printing | $39.06 |
| Postage | $4.50 |
| Court Services (Pacer) | $488.00 |
| Overtime Meals | $939.88 |
| Court Filings | $430.00 |
| CourtCall | $494.56 |
| **Total** | **$4,248.73** |

**MORRISON COHEN LLP**
909 Third Avenue
New York, New 10022
Joseph T. Moldovan
Robert K. Dakis
Telephone: (212) 735-8600

*Counsel for the Independent Directors of
Residential Capital LLC*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | : | |
| | : | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | : | |
| | : | Case No. 12-12020 (MG) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |

**FIRST INTERIM APPLICATION OF MORRISON COHEN LLP FOR
ALLOWANCE OF INTERIM COMPENSATION FOR PROFESSIONAL
SERVICES RENDERED AND EXPENSES INCURRED DURING THE PERIOD
MAY 14, 2012 THROUGH AUGUST 31, 2012**

Morrison Cohen LLP ("MoCo"), Counsel to the Independent Directors of Residential Capital, LLC (the "Independent Directors"), by this application (the "Application"), respectfully moves this Court, pursuant to sections 330 and 331 of title 11 of the United States Code, §§ 101-1532 (the "Bankruptcy Code"), and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals entered July 17, 2012 ( the "Compensation Order"), for allowance of interim compensation for professional services rendered in the amount of $325,625.50 and reimbursement of actual, reasonable and necessary out-of-pocket expenses incurred in the

#4104997 v1 \020530 \0002

amount of $4,248.73, during the period beginning May 14, 2012 through and including August 31, 2012 (the "Fee Period"), and, in support thereof, respectfully represents as follows:

## JURISDICTION

1.    This Court has jurisdiction to hear and determine the Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 330 and 331 of the Bankruptcy Code. Pursuant to the Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on June 24, 1991 and amended April 21, 1995 (the "Local Guidelines"), a certification regarding compliance with the Local Guidelines is attached hereto as Exhibit A.

## GENERAL BACKGROUND

2.    On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code. The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b). No trustee has been appointed in these Chapter 11 cases.

3.    On May 16, 2012, the United States Trustee for the Southern District of New York appointed a nine member official committee of unsecured creditors (the "Creditors' Committee").

4.    On June 20, 2012, the Court directed that an examiner be appointed [Docket No. 454], and on July 3, 2012, the Court approved Arthur J. Gonzalez as the examiner to investigate, inter alia, various transfers and transactions involving the Debtors and their affiliates as well as the events immediately preceding the commencement of the Chapter 11 Cases [Docket No. 674].

## RETENTION OF MOCO

5. On September 5, 2012, the Debtors filed their Motion for the Entry of an Order Under Sections 105 and 363 of the Bankruptcy Code Authorizing the Reimbursement of Expenses Including Counsel Fees Incurred by the Independent Directors (the "Retention Motion").

6. On September 27, 2012, this Court entered the Order Under Sections 105 and 363 of the Bankruptcy Code Authorizing the Reimbursement of Expenses Including Counsel Fees Incurred by the Independent Directors (the "Retention Order"). A true and correct copy of the Retention Order is attached hereto as Exhibit B. Pursuant to the Retention Order, the Debtors are authorized to reimburse reasonable expenses, including reasonable charges for professional services rendered and disbursements incurred by Morrison Cohen as counsel to the Independent Directors.

7. As set forth in the Retention Application, the Independent Directors retained MoCo in connection with corporate governance, investigation and litigation matters. In addition, MoCo represents the Independent Directors in considering a number of corporate, finance and real estate, and financial services matters. As part of that representation, MoCo advised the Independent Directors on a number of transactions that may be the subject of the investigation from the Examiner. Morrison Cohen further advised, and continues to advise, the Independent Directors on discrete issues arising in these Chapter 11 cases, including issues relating to Ally Financial.

8. To that end, MoCo has served as counsel to the Independent Directors and has rendered legal services for the benefit of the Independent Directors during the Fee Period.

**MONTHLY FEE STATEMENTS AND QUARTERLY APPLICATIONS**

9. For the period from May 14, 2012 through and including August 31, 2012, MoCo submitted a combined monthly fee statement (the "Monthly Fee Statement").[1] Through the Monthly Fee Statement, MoCo has requested interim fee compensation in the amount of $260,500.40 (representing 80% of the fees billed by MoCo from May 14, 2012 through August 31, 2012) and expenses incurred in the total amount of $4,248.73 (100% of the expenses billed by MoCo from May 14, 2012 through August 31, 2012).

10. This Application is MoCo's first quarterly fee application and seeks payment of interim compensation and reimbursement of expenses for services rendered to the Independent Directors in amounts that have been invoiced to the Debtors for the period from May 14, 2012 through August 31, 2012.

11. Pursuant to the Compensation Order, if no timely objections are filed to MoCo's monthly fee statements, MoCo is paid 80% of its fees and 100% of its expenses.

12. This Application requests that the Court (a) approve interim fees in the total amount of $325,625.50 (including the 20% of such fees "held back"), and reasonable out-of-pocket expenses in the amount of $4,248.73 incurred by MoCo for services rendered in the Chapter 11 Cases during the Fee Period and (b) award and order to be paid to MoCo the balance of any such fees, costs and expenses that remain unpaid, after deducting interim payments already received by MoCo pursuant to the Compensation Order.

13. The fees and expenses requested are reasonable, and all amounts requested were for actual and necessary services rendered on behalf of the Independent Directors.

14. MoCo has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services rendered in these cases. No promises have been received by MoCo or any member thereof as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.

## SUMMARY OF PROFESSIONAL SERVICES RENDERED

15. Pursuant to the guidelines promulgated by the United States Trustee, MoCo classified all services performed for which compensation is sought into separate categories. MoCo attempted to place the services performed in the category that best relates to the services provided. However, because certain services may relate to one or more categories, services pertaining to one category may be included in another category. Schedule 1, attached hereto, lists each timekeeper, his or her respective billing rate, professional information, and the total number of hours expended on this case. Schedule 2, attached hereto, summarizes the professional and paraprofessional time expended by project category. Timekeeping entries and MoCo invoices provide detailed descriptions of all services rendered by each of these categories. Exhibit C, attached hereto, contains time entry records broken down in tenths of an hour by project category, based on the U.S. Trustee Guidelines, setting forth a detailed description of services performed by each attorney and paraprofessional on behalf of the Independent Directors.

16. The following summary is intended only to highlight key services rendered by MoCo in certain project billing categories where MoCo has expended a considerable number of hours on

---

[1] MoCo's retention was approved after the end of the Fee Period. As such, MoCo submitted a combined fee statement for the periods prior to MoCo's engagement. Going forward, MoCo will submit monthly fee statements.

behalf of the Independent Directors, and is not meant to be a detailed description of all of the work performed.

### A. Case Management/Calendar Maintenance (Hours:24.90 , Fees:$5,353.50)

17.     Time billed under this category relates to a variety of tasks that were necessary to ensure competent representation of the Independent Directors, including:

- Daily monitoring of dockets in the Chapter 11 Cases;
- Circulating relevant documents filed to the appropriate team attorneys; and
- Creating and updating reports tracking the status of various matters in the cases and certain of the adversary proceedings.

### B. Board of Directors Issues (Hours:505.20 , Fees:$306,999.00)

18.     Time billed to this category generally relates to issues that MoCo, as counsel to the Independent Directors, are handling at the direction of the Independent Directors. Generally, time billed in this category falls into three categories:

19.     <u>Board of Directors Meetings and Inquiries</u>. As counsel for the Independent Directors, MoCo attorneys are tasked with participating in meetings of the full board of directors as well as sub-meetings of the Independent Directors. Additionally, the Independent Directors often make inquiries as to the status of the cases and procedural and substantive issues raised therein. Given the size and complexity of these cases, this task requires a significant expenditure of resources. In order to diligently perform this task, MoCo attorneys review and consider the numerous pleadings filed in these cases, and also consider general corporate and restructuring developments. In performing this review, MoCo attorneys review each pleading as well as hearing transcripts in order to remain abreast of the procedural and substantive issues pending in these proceedings. MoCo attorneys also listen to or attend each hearing in order to provide real time updates to the Independent Directors of any key developments.

20.     <u>Examiner Issues</u>.  On June 20, 2012, the Court directed that an examiner be appointed, and on July 3, 2012, the Court appointed an examiner.  From and after the appointment of an examiner, MoCo has expended considerable resources reviewing documents pertaining to the issues presently subject to the examination.  Additionally, MoCo has spent time liaising with the Debtors' main bankruptcy counsel to understand the procedural and substantive issues involved in the investigation.  During the Fee Period, MoCo also prepared for and attended a meeting with the Examiner.  MoCo will continue to work with the Debtors' counsel in responding to the Examiner's inquiries.

21.     <u>Committee Communications</u>.  In addition to the discovery attendant to the Examiner's investigation, MoCo also worked with counsel for the Debtors in addressing inquiries raised by the Creditors' Committee.  In connection with responding to these inquiries, MoCo attorneys spent time reviewing documents regarding certain pre-petition transactions.  MoCo also reviewed documents relating to the proposed settlement between the Debtors and Ally Financial Services.  During the Fee Period, MoCo attorneys also attended a meeting with the Creditors' Committee.

## ALLOWANCE OF COMPENSATION

22.     The factors to be considered in awarding attorneys fees as enumerated in *In re First Colonial Corp. of America*, 544 F.2d 1291, 1298-99 (5th Cir. 1977), have been adopted by most courts, including the Bankruptcy Court for the Southern District of New York.  *See, e.g., In re Drexel Burnham Lambert Group, Inc.*, 133 B.R. 13, 22 n.5 (Bankr. S.D.N.Y. 1991).  Indeed, a majority of the *First Colonial* factors are now codified in section 330(a)(3). See, e.g., 3 L. King, et al., *Collier on Bankruptcy* at ¶ 330.04[3][c] (15th ed. rev 2008).

23. Section 330(a)(1)(A) of the Bankruptcy Code provides, in pertinent part, that the Court may award to a professional person, "reasonable compensation for actual, necessary services rendered." Section 330(a)(3)(A), in turn, provides that:

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> > (A) the time spent on such services;
> >
> > (B) the rates charged for such services;
> >
> > (C) whether the services were necessary to the administration of, or beneficial at the time which the service was rendered toward the completion of, a case under this title;
> >
> > (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
> >
> > (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3)(A).

24. The congressional policy expressed above provides for adequate compensation in order to continue to attract qualified and competent professionals to bankruptcy cases. *In re Busy Beaver Bldg. Ctrs., Inc.*, 19 F.3d 833, 850 (3d Cir. 1994) ("Congress rather clearly intended to provide sufficient economic incentive to lure competent bankruptcy specialists to practice in the bankruptcy courts.") (citation and internal quotation marks omitted); *In re Drexel Burnham Lambert Group, Inc.*, 133 B.R. at 18 (Bankr. S.D.N.Y. 1991) ("Congress' objective on requiring that the market, not the Court, establish attorneys' rates was to ensure that bankruptcy cases were staffed by appropriate legal specialists."). MoCo respectfully submits that the consideration of these factors should result in this Court's allowance of the full compensation sought.

### A. The Time and Labor Required

25.    The professional services rendered by MoCo required the continuous expenditure of time and effort, under time pressures which at times necessitated providing services late into the evening and, on a number of occasions, over weekends and holidays. The services rendered required a high degree of professional competence and expertise in order to be administered with skill and dispatch. Mindful of the cost of these cases, however, MoCo staffed the case leanly so as to efficiently handle each issue for which it was tasked. Moreover, MoCo's pre-petition representation of the Independent Directors lessened the time necessary for MoCo attorneys to familiarize themselves with the issues. During the Fee Period, Period, approximately 555.50 recorded hours were expended by MoCo' s partners, associates, and legal assistants in providing the requested professional services. MoCo's hourly billing rates, as set out in Schedule 1, are computed at the rates MoCo regularly charges its hourly clients.

### B. The Necessity of The Services and Benefit to the Estate

26.    These Chapter 11 Cases are among the most active bankruptcy cases presently pending. Indeed, many of the complex issues regarding the Debtors' operations and relationships with affiliates are hotly contested, with significant legal and factual issues being raised by the parties. As detailed above, the services MoCo provided to the Independent Directors were necessary to assist the Debtors in preserving and enhancing the value of the Debtors' estates and conferred substantial benefit to the Debtors' unsecured creditors. MoCo's services have furthered and will continue to further the Independent Directors obligations and will continue to maximize estate value.

**C. The Novelty and Difficulty of Issues Presented in the Cases**

27.     Novel and complex issues have arisen in the course of the Chapter 11 Cases, and it can be anticipated that other such issues will be encountered. In these cases, as in many others in which the firm is involved, MoCo's effective advocacy and creative approach to problem solving have helped clarify and resolve difficult issues and will continue to prove beneficial.

**D. The Experience, Reputation and Ability of the Attorneys**

28.     MoCo has extensive experience in the areas of insolvency, workouts and corporate reorganizations. MoCo's services on behalf of the Independent Directors have been rendered in a highly efficient manner by attorneys who have achieved a high degree of expertise in these areas. The skill and competency of the MoCo attorneys who have represented the Independent Directors have ensured that these cases have been administered in the most efficient and expeditious manner.

**DISBURSEMENTS**

29.     MoCo has incurred a total of $4,248.73 in expenses in connection with representing the Independent Directors during the Fee Period. MoCo records all expenses incurred in connection with the performance of professional services. A summary of these expenses and detailed descriptions of these expenses, is annexed hereto as Exhibit D.

30.     In connection with the reimbursement of expenses, MoCo's policy is to charge its clients in all areas of practice for expenses, other than fixed and routine overhead expenses, incurred in connection with representing its clients. The expenses charged to MoCo's clients include, among other things, telephone and telecopy toll and other charges, mail and express mail charges, special or

hand delivery charges, photocopying charges, out-of-town travel expenses, local transportation expenses, expenses for working meals, computerized research and transcription costs.

31.     MoCo charges the Independent Directors for these expenses at rates consistent with those charged to MoCo's other bankruptcy clients, which rates are equal to or less than the rates charged by MoCo to its non-bankruptcy clients. MoCo seeks reimbursement from the Debtors at the following rates for the following expenses: (a) $0.20 per page for photocopying; (b) no charge for incoming facsimiles; and (c) toll charges only for outgoing facsimiles. In accordance with section 330 of the Bankruptcy Code, the Local Guidelines and with the U.S. Trustee Guidelines, MoCo seeks reimbursement only for the actual cost of such expenses to MoCo.

32.     In providing or obtaining from third parties services which are reimbursable by clients, MoCo does not include in such reimbursable amount any costs of investment, equipment or capital outlay.

33.     MoCo regularly charges its non-bankruptcy clients for ordinary business hourly fees and expenses for secretarial, library, word processing and other staff services because such items are not included in the firm's overhead for the purpose of setting the billing rates. However, MoCo is not requesting reimbursement of such expenses in this Application and will not seek reimbursement from the Debtors of such expenses in future applications. Nevertheless, MoCo reserves its rights with respect to such expenses until such time as an order is entered regarding its final fee application.

34.     Attorneys at MoCo have not incurred expenses for luxury accommodations or deluxe meals. Throughout the Fee Period, MoCo has been keenly aware of cost considerations and has tried to minimize the expenses charged to the Debtors' estates.

## **NOTICES**

35.     Notice of this Application, as set forth in the Compensation Order, has been given to (a) counsel for the Debtors, Morrison & Foerster LLP (Attn: Larren M. Nashelsky, Gary S. Lee and Lorenzo Marinuzzi); (b) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attn: Tracy Hope Davis, Linda A. Riffkin, and Brian S. Masumoto); (c) counsel for the Official Committee of Unsecured Creditors (the "Creditors' Committee"), c/o Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attn: Kenneth H. Eckstein and Douglas H. Mannal); (d) counsel for Ally Financial Inc., Kirkland & Ellis, 601 Lexington Avenue, New York, NY 10022 (Attn: Richard M. Cieri and Ray C. Schrock); and (e) counsel for Barclays Bank PLC, Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, New York 10036 (Attn: Kenneth S. Ziman and Jonathan H. Hofer).

## **CONCLUSION**

WHEREFORE, MoCo respectfully requests the Court to enter an order, conforming to the amounts set forth in Fee Schedule A (1) attached hereto as Exhibit E (a) allowing MoCo (i) interim compensation for professional services rendered as counsel for the Independent Directors during the Fee Period in the amount of $325,625.50 and (ii) reimbursement of expenses incurred in connection with rendering such services in the aggregate amount of $4,248.73, for a total award of $329,874.23; (b) authorizing and directing the Debtors to pay to MoCo any and all such amounts less any amounts already received for services rendered and expenses incurred during the Fee Period; and (c) granting such further relief as is just and necessary.

Dated: New York, New York
October 19, 2012

MORRISON COHEN LLP

By: */s/ Joseph T. Moldovan*
Joseph T. Moldovan
Robert K. Dakis
909 Third Avenue
New York, New York 10022
Telephone:  (212) 735-8600
Fax:  (212) 735-8708
jmoldovan@morrisoncohen.com
www.morrisoncohen.com