Hearing Date and Time:  To Be Determined
Objection Deadline: November 8, 2012

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, et al.,[1] ) | |
| ) | Case No. 12-12020 (MG) |
| ) | |
| Debtors. ) | Jointly Administered |

**FIRST INTERIM FEE APPLICATION OF
MESIROW FINANCIAL CONSULTING, LLC FOR
COMPENSATION AND REIMBURSEMENT OF EXPENSES AS
FINANCIAL ADVISOR TO THE EXAMINER
FOR THE PERIOD JULY 24, 2012 THROUGH AUGUST 31, 2012**

| | |
|---|---|
| Name of Applicant: | Mesirow Financial Consulting, LLC |
| Professional Services to: | The Examiner |
| Date of Retention: | August 29, 2012, *nunc pro tunc* to July 24, 2012 |
| Period for which Compensation and Reimbursement are Sought: | July 24, 2012 through August 31, 2012 |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary: | $3,007,275 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary: | $   30,048 |
| Total Amount of Fees and Expense Reimbursement Sought as Actual, Reasonable and Necessary: | **$3,037,323** |

This is a(n):      ____ Monthly           _x_  Interim           ____ Final Application

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the Declaration of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings, filed with the Court on May 14, 2012. Additional subsidiaries and affiliates of the Debtors may file Chapter 11 petitions on a rolling basis. As used herein, the term "Debtors" includes any such entities.

Prior Monthly Fee Statements *:

| Date Served | Period Covered | Fees Requested | Expenses Requested | Fees Approved (80%) | Expenses Approved |
|---|---|---|---|---|---|
| 9/28/2012 | 7/24/2012 - 8/31/2012 | $3,091,495 | $ 30,048 | $2,473,196 | $ 30,048 |

_____

* Both <u>redacted</u> and <u>unredacted</u> copies of the Monthly Fee Statement were provided to the U.S. Trustee. Mesirow Financial Consulting, LLC has requested that the U.S. Trustee destroy the <u>unredacted</u> copy of the Monthly Fee Statement following the U.S. Trustee's review.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, et al.,[2] ) | |
| ) | Case No. 12-12020 (MG) |
| ) | |
| Debtors. ) | Jointly Administered |

**FIRST INTERIM FEE APPLICATION OF
MESIROW FINANCIAL CONSULTING, LLC FOR
COMPENSATION AND REIMBURSEMENT OF EXPENSES AS
FINANCIAL ADVISOR TO THE EXAMINER
FOR THE PERIOD JULY 24, 2012 THROUGH AUGUST 31, 2012**

Mesirow Financial Consulting, LLC ("MFC"), financial advisor to Arthur J. Gonzalez, the Court-appointed Examiner (the "Examiner") for Residential Capital, LLC and its affiliated debtors (collectively, the "Debtors") in the above-captioned cases (the "Chapter 11 Cases"), hereby submits this First Interim Fee Application (the "Application") for allowance of compensation for professional services rendered and reimbursement of expenses in connection with MFC's services to the Examiner. This Application seeks allowance and approval of the compensation for services rendered by professionals and actual and necessary expenses as described more fully herein for the period July 24, 2012 through August 31, 2012 (the "First Interim Fee Period").

**PRELIMINARY STATEMENT**

1.  By this Application and pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Bankruptcy Rules for the

---

[2] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the Declaration of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings, filed with the Court on May 14, 2012. Additional subsidiaries and affiliates of the Debtors may file Chapter 11 petitions on a rolling basis. As used herein, the term "Debtors" includes any such entities.

3

Southern District of New York (the "Local Rules"), and the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated July 17, 2012 (the "Interim Compensation Order"), MFC seeks allowance and approval of reasonable compensation in the amount of $3,007,275 for 4,519.7 hours of professional services rendered to the Examiner, and reimbursement of $30,048 for actual and necessary expenses and disbursements incurred, for a total of $3,037,323 for the First Interim Fee Period.

2.    This Application has been prepared in accordance with the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on April 19, 1995 (the "Local Guidelines") and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 adopted on January 30, 1996 (the "UST Guidelines" and, together with the Local Guidelines, the "Guidelines").  Pursuant to the Guidelines, a certification regarding compliance with same is attached hereto as Exhibit F.

## JURISDICTION AND VENUE

3.    This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding under 28 U.S.C. § 157(b).  Venue of this Application in this District is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are §§ 330, 331 and 503(b) of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules and Rule 2016-1 of the Local Rules.

## BACKGROUND

4.    The Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code on May 14, 2012, and the Court authorized joint administration of the cases. The Debtors

4

continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

       5.      On June 4, 2012, Berkshire Hathaway, Inc. filed a motion (the "Examiner Motion") for the appointment of an examiner pursuant to 11 U.S.C. § 1104(c). On June 20, 2012, the Court issued a Memorandum Opinion and Order granting the Examiner Motion (the "Memorandum Decision"). On June 28, 2012, the Court entered the Order Directing the Appointment of an Examiner Pursuant to Section 1104(c) of the Bankruptcy Code (the "Examiner Order").

       6.      On July 3, 2012, the United States Trustee for the Southern District of New York appointed Arthur J. Gonzalez as Examiner in the Chapter 11 Cases, subject to Court approval. On that same date, the Court entered an order approving the appointment.

       7.      Pursuant to the Examiner Order, and in accordance with the Memorandum Decision, the Examiner was directed to conduct an investigation of a scope, timing, and budget to be set by the Court after the Examiner had conferred with other parties in interest. After the requisite consultations, the Court mandated that the Examiner conduct an investigation covering the topics set forth in the Order Approving Scope of Investigation of Arthur J. Gonzalez, Examiner, dated July 27, 2012 (the "Scope Order").

## **RETENTION OF MFC**

       8.      On August 13, 2012, the Examiner filed the Application of the Examiner for Order Authorizing the Retention and Employment of Mesirow Financial Consulting, LLC as Financial Advisor to Examiner *nunc pro tunc* to July 24, 2012 (the "Employment Application"). On August 29, 2012, this Court entered an Order authorizing the retention and employment of MFC (the "Retention Order").

5

**SUMMARY OF PROFESSIONAL COMPENSATION
AND REIMBURSEMENT OF EXPENSES REQUESTED**

9. By this Application, MFC seeks (i) an interim allowance of compensation for professional services rendered to the Examiner during the First Interim Fee Period in the amount of $3,007,275 and (ii) reimbursement of actual and necessary expenses incurred by MFC during the First Interim Fee Period in the amount of $30,048. During the First Interim Fee Period, MFC professionals and paraprofessionals expended a total of 4,519.7 hours for which compensation is requested. The blended hourly rate for all services during the First Interim Fee Period is $665. MFC is not seeking compensation for 171.9 hours and $104,358 in fees or reimbursement for $18,956 in expenses incurred in this matter during the First Interim Fee Period but voluntarily excluded from this First Interim Fee Application. MFC's average hourly rate including these voluntarily reduced hours is $641.

10. Attached as **Exhibit A** hereto is a summary of hours and fees incurred during the First Interim Fee Period setting forth the names, titles, hourly rates and total hours charged for the professionals and paraprofessionals providing services during the First Interim Fee Period. Attached as **Exhibit B** hereto is a summary schedule of hours and fees charged for each category of services during the First Interim Fee Period. Attached as **Exhibit C** hereto is a summary schedule of actual and necessary expenses incurred during the First Interim Fee Period. Attached as **Exhibit D** hereto are the detailed daily descriptions of services rendered by each professional and paraprofessional and billed to the estate during the First Interim Fee Period for each category, including the hours necessarily incurred with respect to each task and the resultant fees.

11. The following is a summary of the services provided by MFC professionals and paraprofessionals during the First Interim Fee Period, by category:

6

a.  Case Administration / General Bankruptcy Matters

Fees: $269,003        Hours: 394.3

During the First Interim Fee Period, MFC performed various tasks in connection with the initiation of its work on this engagement. MFC prepared and implemented a staffing plan to assign professionals to various functional and transaction teams and developed a related budget for engagement activities. MFC also developed various knowledge and case management processes and procedures to promote the efficient administration of the engagement. MFC addressed technology support matters, including setting up internal shared drives and email repositories and developing protocols for use of the Relativity electronic document review tool. MFC also deployed Synthesis, an MFC proprietary web-based analytical tool designed to synthesize and analyze data and information, manage workflows and coordinate engagement activities, for use by the Examiner and his professionals in this matter. MFC developed relevant reports, lists, and upload forms to aggregate information for various transactions, witnesses, and causes of action. Finally, MFC disseminated relevant information and coordinated various meetings and other efforts internally and with Chadbourne & Parke ("Chadbourne"), counsel to the Examiner.

b.  Document Review and Analysis

Fees: $2,024,799        Hours: 3,079.9

MFC's primary efforts during the First Interim Fee Period were directed towards the review and analysis of relevant information from a number of sources. MFC professionals reviewed filings in these Chapter 11 Cases as well as publicly available financial statements and other data to obtain background regarding the Debtors' financial condition and industry, the events leading to the Debtors' bankruptcy filing and the transactions and other matters within the Examiner's scope. MFC also received numerous documents pursuant to production requests

during the First Interim Fee Period. MFC professionals performed an initial review of documents received in response to each production request in order to obtain an overall understanding of the types of documents being produced by the various constituents. MFC conducted a substantive review of a majority of the documents/files based on relevant search terms provided by the various functional and transaction teams. Based on this review, summaries of the types of documents identified and access to the relevant files were provided to team members based on their assigned areas of responsibility. The MFC transaction teams then undertook various detailed analyses of the financial, accounting and economic aspects of certain pre-petition and post-petition transactions between or among the Debtors and their direct or indirect parent, affiliates or subsidiaries. MFC also initiated analyses of the financial condition of the Debtors, including considerations of solvency, capital adequacy and the ability to pay debts as such debts become due, at various points in time. Additionally, MFC assisted with other financial forensic reviews in connection with the business and financial aspects of Board duties and the Debtors' business model, operations and controls. Finally, MFC supported counsel in assessing the financial aspects of various potential causes of action.

c.      Fee / Retention Application

Fees: $49,380        Hours: 216.0

This category includes the preparation of the detailed monthly statements and interim fee applications, as required, in order to comply with the Bankruptcy Code, the Bankruptcy Rules, the Guidelines, the Interim Compensation Order and other guidelines governing the payment of professionals in these cases. In this regard, MFC undertook analyses and reconciliations of time and expenses incurred in the First Interim Fee Period, and initiated preparation of the First Monthly Fee Statement through August 31, 2012 and this Application. This category of services also includes preparation of retention applications and related affidavits and the performance of

8

relationship searches, including updates. In this regard, MFC researched, prepared and submitted its retention application and related affidavit for filing, and addressed questions from counsel and the UST regarding the same. Fees related to the retention application were voluntarily reduced by seventy-five percent ($84,221).

d.   Report Drafting

   Fees: $24,433        Hours 28.6

MFC reviewed and assisted Chadbourne in drafting a detailed outline of the Examiner's report and certain content therein, focusing upon the financial sections of the report outline.

e.   Substantive Investigation Planning and Coordination

   Fees: $431,134       Hours 506.9

During the First Interim Fee Period, MFC undertook detailed planning processes at several levels to define case issues, identify transactions and issues subject to investigation and determine the initial processes for analysis and review. MFC's various transaction and functional teams, as well as the engagement leadership team, spoke or met regularly to plan and coordinate work, assess progress and discuss the results of document reviews and analyses underway. MFC also regularly communicated and met with the Examiner and Chadbourne to perform planning and coordination, discuss preliminary observations and findings and address substantive case issues. Given the complexity of the subject matter and the limited time allotted for the Examiner's investigation, frequent communication between MFC and Chadbourne was critical to ensuring that information was disseminated in a timely and efficient manner to appropriate individuals working on a variety of distinct yet interrelated efforts and analyses and that work was appropriately coordinated.

f.   Travel Time

   Fees: $34,849        Hours 88.9

9

This category includes non-working travel time to and from client and office locations and to attend various meetings and other case functions, primarily in New York and Chicago. Fees for travel time were reduced by fifty percent ($34,849), and one-way travel time was generally limited to four (4) hours absent extraordinary circumstances.

g.  Witness Interviews and Discovery

Fees: $173,679        Hours 205.1

During the First Interim Fee Period, MFC professionals collaborated with the Examiner and Chadbourne to identify prospective witnesses for interview. MFC also assisted in preparation for witness interviews, including developing questions specific to the transactions or other matters at issue and identifying relevant supporting documents. In addition to the interview process, MFC team leaders with knowledge of the relevant transactional or functional areas being discussed attended key meetings with the Debtors, Ally Financial Inc., the Official Committee of Unsecured Creditors and various creditor constituents or other parties-in-interest. MFC also conducted additional meetings with the financial advisors to several of these parties. Finally, MFC assisted counsel in reviewing and drafting numerous document requests and subpoenas to various parties-in-interest and in addressing issues and responses received in connection therewith.

12.  Attached as **Exhibit E** hereto are the detailed descriptions of expenses incurred during the First Interim Fee Period. MFC has voluntarily limited amounts billed for lodging to the lesser of actual cost or $400 per night and has voluntarily limited amounts billed for each out of town dinner to the lesser of actual cost or $50 per person. MFC is seeking reimbursement for actual and necessary out of pocket expenses of $30,048 during the First Interim Fee Period, after the voluntary reductions described herein.

13. MFC performed the above professional services and other necessary activities at the request and direction of the Examiner and his counsel, and closely coordinated such services with the Examiner and his counsel to avoid duplication of effort. Communication between MFC and counsel to the Examiner has been frequent and such communication has been critical to ensuring that MFC's work was performed in an efficient and effective manner. Given the depth and breadth of the Examiner's scope and the limited time available to conduct the work required, the services provided by MFC were essential to assisting the Examiner and were reasonable and necessary under the circumstances.

14. All professional services and expenses for which an allowance is requested were performed or incurred by MFC for and on behalf of the Examiner and not on behalf of any other entity or party-in-interest.

15. The fees and expenses sought by MFC, except to the extent prohibited by the Guidelines, are billed at rates and in accordance with practices customarily employed by MFC and generally accepted by MFC's clients. MFC's rates are established after a comprehensive review of public information regarding our competitors' requested rates of compensation and careful consideration of the marketplace by our senior leadership team and are routine and generally applicable to all clients. Moreover, the rates are designed to enable MFC to fairly compensate its personnel commensurate with their skill level and experience.

16. MFC's compensation sought in this Application is based on the customary compensation charged by comparably skilled practitioners in cases other than in chapter 11. Further, the compensation is consistent with that awarded to financial advisors in chapter 11 cases of a similar size and complexity.

17. During the First Interim Fee Period, other than pursuant to the Interim Compensation Order, MFC has received no payment and no promises for payment from any

11

source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered in this Application.

18.     No agreement or understanding exists between MFC and any other person for the sharing of compensation to be received for services rendered in, or in connection with, these cases.

### NOTICE AND NO PRIOR APPLICATION

19.     Pursuant to the Interim Compensation Order, notice of this Application has been served upon the following parties (collectively, as further defined in the Interim Compensation Order, the "Notice Parties"): (i) counsel for the Debtors; (ii) the Office of the United States Trustee for the Southern District of New York; (iii) counsel for the Official Committee of Unsecured Creditors; (iv) counsel for Ally Financial Inc.; and (v) counsel for Barclays Bank PLC. In light of the nature of the relief requested herein, MFC submits that no further or other notice is required.

20.     No previous application for relief sought herein has been made to this or any other court.

**CONCLUSION**

WHEREFORE, MFC respectfully requests that this Court issue and enter an order (i) authorizing compensation in the amount of $3,007,275 for professional services rendered and reimbursement of actual and necessary expenses incurred in connection therewith in the amount of $30,048 during the First Interim Fee Period for a total fee and expense request of $3,037,323; (ii) authorizing and directing the Debtors to remit payment to MFC as set forth herein, less all amounts previously paid on account of such fees and expenses; and (ii) granting such other and further relief as this Court deems just and proper.

Dated:  New York, New York
        October 19, 2012

**MESIROW FINANCIAL CONSULTING, LLC**

By: */s/ Ralph S. Tuliano*
    Ralph S. Tuliano
    Chief Executive Officer
    Mesirow Financial Consulting, LLC
    666 Third Avenue, 21st Floor
    New York, NY  10017