UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
                                                         :

FEDERAL HOUSING FINANCE AGENCY, AS
CONSERVATOR FOR THE FEDERAL               :   11 Civ. 7010 (DLC)
NATIONAL MORTGAGE ASSOCIATION AND
THE FEDERAL HOME LOAN MORTGAGE        :   ECF Case
CORPORATION,

                     Plaintiff,
                -v-.

ALLY FINANCIAL INC. f/k/a GMAC LLC, *et al.,*

                    Defendants.

------------------------------------------------------------------ x

**RESPONSES AND OBJECTIONS BY DEFENDANTS
ALLY FINANCIAL INC. AND GMAC MORTGAGE GROUP, INC.
TO PLAINTIFF'S THIRD REQUEST FOR THE PRODUCTION OF DOCUMENTS**

        Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Southern District of New York, and any other applicable rules, Defendants Ally Financial Inc. ("AFI") and GMAC Mortgage Group, Inc. ("GMACM Group") submit these responses and objections to Plaintiff FHFA's Third Request for the Production of Documents, dated June 20, 2012 (the "Requests").

**PRELIMINARY STATEMENT**

        1.     These responses and objections (the "Responses") are based upon AFI's and GMACM Group's present knowledge, information, and belief, and upon documents currently in the possession, custody or control of AFI and GMACM Group as a result of a reasonable search. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, AFI and GMACM Group reserve

the right to alter or supplement these responses upon subsequent discovery of additional documents or evidence of any additional facts.

2. AFI's and GMACM Group's failure to object to a Request on any particular ground does not constitute a waiver of their right to object on that ground or any additional ground at any time. The reference in any of the Responses to another Response is intended to include and to fully incorporate all of the qualifications, explanations, and objections stated in the referenced Response.

3. AFI's and GMACM Group's response to a Request shall not be construed as an admission of the truth or relevancy of any statement or characterization in that Requests.

4. AFI's and GMACM Group's response to a Request shall not be construed as an admission that the Request calls for information that is relevant to the claims and defenses in this action. AFI's and GMACM Group reserve the right to challenge the competency, relevance, materiality, and admissibility of any document produced in response to these Interrogatories at trial of this or any other action, or at any subsequent proceeding in this or any other action.

5. AFI's and GMACM Group's failure to object to a Request on a particular ground shall not be construed as a waiver of its right to object to that Request on that ground or any additional ground at any time.

6. AFI's and GMACM Group's statement that they will produce documents in response to a Request does not constitute an admission that such documents exist or that either AFI or GMACM Group actually has such documents in its possession, custody, or control.

7. If AFI or GMACM Group states that it will produce documents in response to a Request, and Plaintiff refuses to produce documents in response to an analogous request, AFI

2

and GMACM Group reserve the right to withhold production until such time as a mutual agreement is reached or an order issued resolving the matter.

8. AFI and GMACM Group are willing to meet and confer with Plaintiff regarding these Responses.

**GENERAL OBJECTIONS**

1. AFI and GMACM Group incorporate by reference the General Objections set forth in AFI's and GMACM Group's Responses and Objections to Plaintiff FHFA's First Set of Requests for the Production of Documents dated June 18, 2012 (the "First Responses") and AFI's and GMACM Group's Responses and Objections to Plaintiff FHFA's Second Set of Requests for the Production of Documents dated July 5, 2012 (the "Second Responses"). These General Objections set forth in the First Responses and the Second Responses apply to the Requests generally and to each Definition, Instruction and Specific Request included in the Requests; and, unless otherwise stated, shall have the same force and effect as if set forth in full in response to each Definition, Instruction and Specific Request.

2. AFI and GMACM Group further object to these Requests to the extent that they purport to require AFI and GMACM Group to search for and produce documents, whether in the form of ESI or hard copy, prior to AFI/GMACM Group's and Plaintiff's reaching agreement on an appropriate cost-sharing arrangement.

3. AFI and GMACM Group further object to these Requests to the extent that they assume loan-level or deal-level involvement on the part of AFI and GMACM Group with respect to the mortgage loans and securitizations at issue in this action. AFI and GMACM Group had no such involvement, as is demonstrated by the fact that Plaintiff has sued AFI and GMACM Group exclusively in a control person capacity.

## OBJECTIONS TO DEFINITIONS

1.    AFI and GMACM Group incorporate by reference the Definitions and Objections to Definitions set forth in the First Responses and the Second Responses.

## SPECIFIC OBJECTIONS

Subject to and without waiving the General Objections and Objections to Definitions, which are incorporated by reference into each response set below, AFI and GMACM Group respond and object as follows:

**Document Request No. 1**

All Loan Origination Files and Loan Servicing Files relating to Mortgage Loans.

**RESPONSE TO REQUEST NO. 1**

AFI and GMACM Group object to Request No. 1 as overly broad and unduly burdensome to the extent that it seeks documents not within AFI's and GMACM Group's possession, custody, and control. Absent cost-shifting, AFI and GMACM Group further object to Request No. 1 as unduly burdensome. AFI and GMACM Group also object to Request No. 1 as overly broad, unduly burdensome, and neither seeking information relevant to the claims in this action nor reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks the production of loan files for mortgage loans that are not within the supporting loan groups of the specific Certificates that FHFA alleges in the Amended Complaint to have purchased. *See* Am. Compl. ¶ 47 & Table 1. AFI and GMACM Group further object to Request No. 1 as overly broad, unduly burdensome, and neither seeking information relevant to the claims in this action nor reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks production of Loan Servicing Files. AFI and GMACM Group also object to Request No. 1 as unduly burdensome to the extent that it seeks the production of loan

4

origination and servicing files already within FHFA's possession, custody, and control. According to the Amended Complaint and FHFA's counsel, FHFA already is in possession of loan origination and/or servicing files for 235 loans in the RALI 2006-QO8 and RALI 2007-QH5 securitizations.  *See* Am. Compl. ¶ 126.

Subject to and without waiving these objections and the General Objections, AFI and GMACM Group state that as both the Court and counsel for FHFA acknowledged during the July 17, 2012 hearing in this matter, the loan files relevant to this action are in the possession of Residential Capital LLC (together with its direct subsidiaries, the "ResCap Debtors").  *See, e.g.,* Tr. 19:11 22:12-14.  AFI and GMACM Group do not have any such files in their possession, custody, or control.

Dated: July 20, 2012

                              MAYER BROWN, LLP

                              /s/ Reginald Goeke
                              Reginald Goeke (rgoeke@mayerbrown.com)
                              MAYER BROWN LLP
                              1999 K Street, NW
                              Washington, DC  20006

                              Richard A. Spehr (rspehr@mayerbrown.com)
                              Michael O. Ware (mware@mayerbrown.com)
                              MAYER BROWN LLP
                              1675 Broadway
                              New York, NY  10019

                              *Attorneys for Defendants Ally Financial Inc. and*
                              *GMAC Mortgage Group, Inc.*

5

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2012, a true and correct copy of the Responses and Objections of Defendants Ally Financial Inc. and GMAC Mortgage Group, Inc. to Plaintiff's Third Request for the Production of Documents was served by e-mail on counsel for Plaintiff Federal Housing Finance Agency.

    /s/ Reginald Goeke
Reginald Goeke

702698301