**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**THIRD REVISED JOINT OMNIBUS SCHEDULING ORDER AND PROVISIONS FOR OTHER RELIEF REGARDING DEBTORS' MOTION PURSUANT TO FED. R. BANKR. P. 9019 FOR APPROVAL OF RMBS TRUST SETTLEMENT AGREEMENTS**

Whereas, the Debtors have filed the following motions with this Court that are the subject of this revised proposed omnibus scheduling order: the *Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of RMBS Trust Settlement Agreements* (the "RMBS Trust Settlement Agreements") [ECF Doc. # 320] and the *Debtors' Supplemental Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of RMBS Trust Settlement Agreements* [ECF Doc. # 1176] (together, the "9019 Motion");

Whereas, the Court entered the *Revised Joint Omnibus Scheduling Order and Provisions for Other Relief Regarding (I) Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of RMBS Trust Settlement Agreements, and (II) the RMBS Trustees' Limited Objection to the Sale Motion* [ECF Doc. # 945] on July 31, 2012 (the "July 31, 2012 Scheduling Order");

Whereas, the Court entered the *Second Revised Joint Omnibus Scheduling Order Regarding Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of RMBS Trust Settlement Agreements* [ECF Doc. # 1551] on September 25, 2012 (the "September 25, 2012 Scheduling Order");

Whereas, the Debtors have requested certain changes to the schedule set out in the September 25, 2012, Scheduling Order;

Whereas, except for the changes set forth in this Order, all of the provisions of the July 31, 2012 Scheduling Order and September 25, 2012 Scheduling Order remain in effect; and

Whereas, the Court has considered the proposed changes to the schedule, and good cause appearing therefor;

**IT IS HEREBY ORDERED** that:

1) No further requests for documents, or other form of written discovery from any party, will be permitted except for good cause shown or by agreement of the party to which the request is made.

2) The Debtors and Ally Financial, Inc. ("AFI") shall complete on a rolling basis any remaining production of documents, and shall provide supplemental privilege logs, by October 26, 2012, at 5 p.m. The Court will hear disputes regarding the withholding of documents on privilege grounds on October 31, 2012.

3) Depositions of fact witnesses shall be completed by November 16, 2012. The objecting parties are permitted to take the depositions of eleven fact witnesses. Four of the depositions shall not exceed three hours in length. Four of the depositions shall not exceed four hours in length. Three of the depositions shall not exceed seven hours in length. The parties noticing the depositions shall disclose, in advance, whether the deposition will take no more than three, four, or seven hours. No other depositions of fact witnesses will be permitted except for good cause shown.

4) Any party intending to object to the 9019 Motion on the ground that the amount of the allowed claim is outside the range of reasonableness as it relates to the Debtors, the RMBS Trusts, the RMBS trust certificate holders, or any of the creditors, shall provide notice of that intention, along with a preliminary indication of the amount

by which it contends the allowed claim falls outside the range of reasonableness, to the Debtors, the RMBS Trustees, the Steering Committee Group, and the Talcott Franklin Group, on or before November 16, 2012. Any such party may modify, amend, revise, or supplement its contentions regarding the amount of the allowed claim as part of its objection to the 9019 Motion.

    5)  The Creditors Committee, MBIA, and FGIC shall respond to, and shall produce documents in response to, the Debtors' requests for documents on or before November 16, 2012.

    6)  Depositions of the Debtors' experts shall be completed by November 21, 2012. The depositions shall not exceed four hours per expert, except that the parties noticing the deposition may allocate the allowed time among each of the Debtors' experts at its discretion. The parties noticing the deposition shall select and disclose, in advance, the limit on the length of each deposition.

    7)  Any objection to the 9019 Motion, by any party other than the RMBS Trustees, shall be filed by November 28, 2012. Any such objecting party that intends to file an expert report shall file such report on November 28, 2012, and shall also make the disclosures required under Rule 26(a)(2) of the Federal Rules of Civil Procedure by that date.

    8)  The RMBS Trustees shall file any objections to the 9019 Motion, or any responses to objections filed by certificateholders of the RMBS Trusts, by December 3, 2012. If the RMBS Trustees intend to file an expert report, they shall do so by December 3, 2012, and shall also make the disclosures required under Rule 26(a)(2) of the Federal Rules of Civil Procedure by that date.

9) Depositions of experts identified pursuant to paragraphs 7 or 8 above shall be completed by December 14, 2012. The depositions shall not exceed four hours per expert, except that (a) the Debtors may allocate the allowed time among each objecting party's experts at its discretion, and (b) if the RMBS Trustees file reports by more than one expert, the parties noticing the depositions of those experts may allocate the allowed time among them at their discretion. Each party allocating time among experts shall select and disclose, in advance, the limit on the length of each deposition.

10) The Debtors' and Steering Committee's replies to any objections to the 9019 Motion (and the RMBS Trustees' reply to the extent they have elected to support the 9019 Motion), along with Debtors' reply expert reports made pursuant to rule 26(a)(2) of the Federal Rules of Civil Procedure, shall be filed by December 23, 2012; *provided, however,* that any reply filed by the Steering Committee or the RMBS Trustees shall be limited in scope, in that it will not respond to any arguments that the total allowed claim that the RMBS Trusts would be given under the RMBS Trust Settlement Agreement is excessive in amount.

11) All adverse witness lists, exhibit lists, direct testimony, and supplemental declarations of experts, along with any other disclosures required by Rule 26(a)(3) of the Federal Rules of Civil Procedure, shall be filed by January 7, 2013.

12) The Court will hold a hearing on the 9019 Motion on January 14, 15, 16, and 17, 2013. The hearing will be limited to 30 hours. The Court has tentatively allocated 12 hours to the parties supporting the 9019 Motion and 18 hours to the parties opposing the motion. The Court will make a final allocation of time at a status conference on December 20, 2012, at which it will enter an order imposing time limits on

4

all parties.  There will be no further adjournment of the hearing except for good cause shown.

13) The deadline for the RMBS Trustees to accept or reject the RMBS Trust Settlement on behalf of any Settlement Trust will be 14 days after the entry of an order approving the 9019 Motion.

14) Any RMBS Trust (including RMBS Trusts that are not Settlement Trusts) shall file a notice of any alleged cure claim no later than sixty (60) calendar days after the closing of the sale of the servicing platform; provided, however, that in the event an order has not been entered with respect to the 9019 Motion on or before the closing of the sale of the servicing platform, Settlement Trusts shall have until sixty (60) days after the entry of an order approving or disapproving the 9019 Motion to assert cure claims solely related to any origination-related provision (the "RMBS Cure Claim Deadline").  The Debtors, the RMBS Trustees, and the Creditors Committee shall meet and confer and, within seven (7) days after the RMBS Cure Claim Deadline, propose to the Court a schedule for any remaining discovery concerning and adjudication of such cure claims.

15) Except as provided in this order, and in the July 31, 2012, Scheduling Order and the September 25, 2012, Scheduling Order, all parties' rights with regard to the Sale Order are preserved.  All deadlines that have already expired are not extended or altered by this Order.

Dated: October 23, 2012                             _____/s/Martin Glenn_____
       New York, New York                                MARTIN GLENN
                                                     United States Bankruptcy Judge