Presentment Date and Time: **October 30, 2012 at 12:00 p.m. (ET)**
Objection Deadline: **October 29, 2012 at 4:00 p.m. (ET)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Lorenzo Marinuzzi

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**NOTICE OF PRESENTMENT OF STIPULATION
AND ORDER WITH RESPECT TO MOTION OF GERARD
WIENER FOR RELIEF FROM AUTOMATIC STAY AS TO GMAC MORTGAGE, LLC**

**PLEASE TAKE NOTICE** that the undersigned will present the attached proposed *Stipulation and Order With Respect to Motion of Gerard Wiener for Relief From Automatic Stay as to GMAC Mortgage, LLC* (the "Stipulation and Order"), to the Honorable Martin Glenn, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, Room 501, for signature on **October 30, 2012 at 12:00 p.m. (Prevailing Eastern Time)**.

i

ny-1056463 v7

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Stipulation and Order must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **October 29, 2012 at 4:00 p.m. (Prevailing Eastern Time)**, upon (a) counsel for the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attn: Gary S. Lee, Norman S. Rosenbaum, and Lorenzo Marinuzzi); (b) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attn: Tracy Hope Davis, Linda A. Riffkin and Brian S. Masumoto); (c) the Office of the United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001 (Attn: U.S. Attorney General, Eric H. Holder, Jr.); (d) Office of the New York State Attorney General, The Capitol, Albany, NY 12224-0341 (Attn: Nancy Lord, Esq. and Neal Mann, Esq.); (e) Office of the U.S. Attorney for the Southern District of New York, One St. Andrews Plaza, New York, NY 10007 (Attn: Joseph N. Cordaro, Esq.); (f) counsel for Ally Financial Inc., Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY 10022 (Attn: Richard M. Cieri); (g) counsel to Barclays Bank PLC, as administrative agent for the DIP lenders, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036 (Attn: Ken Ziman & Jonathan H. Hofer); (h) counsel for the committee of unsecured creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attn: Kenneth Eckstein & Greg Horowitz); (i) counsel for Nationstar Mortgage LLC, Sidley Austin LLP, One South Dearborn, Chicago, Illinois 60603 (Attn: Jessica C.K. Boelter); (j) Internal Revenue Service, P.O. Box

ny-1056463 v7

7346, Philadelphia, PA 19101-7346 (if by overnight mail, to 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-5016); (k) Securities and Exchange Commission, New York Regional Office, 3 World Financial Center, Suite 400, New York, NY 10281-1022 (Attn: George S. Canellos, Regional Director); and (l) counsel for Gerard Wiener, for himself and as representative of the estate of Roland Wiener, The Law Offices of David J. Brown, 1135 Ulloa Street, San Francisco, CA 94127 (Attn: David J. Brown).

     **PLEASE TAKE FURTHER NOTICE** that, if no objections to the Stipulation and Order are timely filed, served and received in accordance with this Notice, the Court may enter the Order without further notice or hearing.

Dated: October 23, 2012  
       New York, New York

Respectfully submitted,

/s/ Norman S. Rosenbaum  
Gary S. Lee  
Lorenzo Marinuzzi  
Norman S. Rosenbaum  
MORRISON & FOERSTER LLP  
1290 Avenue of the Americas  
New York, New York 10104  
Telephone: (212) 468-8000  
Facsimile: (212) 468-7900  

*Counsel for the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**STIPULATION AND ORDER WITH RESPECT TO
MOTION OF GERARD WIENER FOR RELIEF FROM
AUTOMATIC STAY AS TO GMAC MORTGAGE, LLC**

Subject to the approval of this Court (the "Court"), this Stipulation and Order (the "Stipulation and Order") is made and entered into by, between and among the debtors and debtors in possession in the above-captioned bankruptcy cases (collectively, the "Debtors") and Gerard Wiener ("Movant" and, with the Debtors, each a "Party" and together, the "Parties").

**RECITALS**:

A.      On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are managing and operating their businesses as debtors and debtors in possession

B.      Movant is a plaintiff, on behalf of his deceased father's estate, in a civil action (the "Action") against GMAC Mortgage, LLC ("GMAC Mortgage"), one of the above-captioned Debtors, and non-Debtor defendants Bankers Trust Company ("Bankers Trust"), Federal Home Loan Mortgage Corporation ("Freddie Mac"), Fifth Third Mortgage-MI, LLC ("Fifth Third"), Jeffrey Baskin and Lauren Newman (collectively, with Freddie Mac, Fifth Third, Bankers Trust, and GMAC Mortgage, the "Defendants"), pending in the United States District Court for the Eastern District of Michigan (the "Michigan Federal Court"), Case No. 11-10770-GCS-PJK.

ny-1056463 v7

  C. In May 1972, Movant's father, Roland Wiener purchased the real property located at 1946 Parmenter Boulevard, Apartment 305, Building 53, Segment 19 Royal Oak, Michigan (the "Property").  In 1997, to refinance the purchase of the Property, Roland Wiener obtained a loan secured by a mortgage (the "Mortgage") on the Property.  In 2003, Freddie Mac purchased the Mortgage from Bankers Trust and was the owner of the Mortgage until foreclosure in early 2010.  GMAC Mortgage was the servicer of the Mortgage at all relevant times to the allegations raised in the Action.

  D. The Property was sold at a Sheriff's sale to Freddie Mac on January 5, 2010.

  E. Subsequently, on June 22, 2010, Movant, as personal representative of his father's estate, filed the Action against GMAC Mortgage and Bankers Trust in Michigan state court seeking damages and equitable relief for wrongful foreclosure on the Property.

  F. On September 21, 2012, the Property was sold by Freddie Mac to Baskin and Newman.

  G. Thereafter Movant added Freddie Mac, Baskin, Newman and Fifth Third, the current holder of a Mortgage from Baskin and Newman, as defendants to the Action and Freddie Mac removed the case to the Michigan Federal Court.

  H. Pursuant to section 362 of the Bankruptcy Code, the commencement of the Debtors' Chapter 11 cases automatically stayed the Action against GMAC Mortgage.

  I. Each of the Defendants has filed and fully briefed a motion for summary judgment (the "Summary Judgment Motions") against Movant.  Movant has not filed a cross-motion for summary judgment against any of the Defendants.  Movant has opposed each of the Summary Judgment motions.

J. Except as to GMAC Mortgage, by virtue of the automatic stay, the Summary Judgment Motions were argued before and taken under advisement by the Michigan Federal Court on June 18, 2010. On September 17, 2012, the Michigan Federal Court issued a written opinion and order granting the Summary Judgment Motions as to each of the non-debtor Defendants and on October 17, 2012, Movant filed a notice of Appeal of such order. GMAC Mortgage's Summary Judgment Motion (the "GMAC SJ Motion") is fully briefed, but not yet argued, and is currently pending before the Michigan Federal Court.

K. On July 18, 2012, Movants filed a motion pursuant to section 362 of the Bankruptcy Code for relief from the automatic stay seeking relief from the automatic stay to continue prosecuting the Action against GMAC Mortgage, including the taking of certain discovery from the Debtors [Docket No. 813] (the "Motion").

L. In order to resolve the risk and expense of litigating the Motion, the Debtors have reached agreement with Movant under which the Debtors shall consent to a limited modification of the automatic stay pursuant to section 362(a) of the Bankruptcy Code subject to the conditions set forth herein and to this Court's approval of this Stipulation and Order.

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among the Parties, as follows:

**AGREEMENT:**

1. Upon entry of this Stipulation and Order by the Court, the automatic stay imposed by section 362(a) of Bankruptcy Code shall be modified solely for the limited purpose to permit (i) GMAC Mortgage and Movant to argue the GMAC SJ Motion before the Michigan Federal Court and any appeals taken in connection therewith, (ii) the Michigan Federal Court to render a ruling on the GMAC SJ Motion, and (iii) the Debtors to produce certain agreed-upon documents

and witnesses pursuant to the terms and subject to the terms and conditions set forth herein; <u>provided</u>, <u>however</u>, that GMAC Mortgage may seek no sooner than ten days after the completion of the Agreed Discovery (as defined below), on appropriate notice to schedule argument on the GMAC SJ Motion before the Michigan Federal Court.

2. The Debtors agree to produce only the discovery set forth on <u>Exhibit A</u> annexed hereto (the "<u>Agreed Discovery</u>"). The Debtors shall not be required to provide any other documents, items or witnesses to Movant under this Stipulation and Order.

3. Except as provided herein, the provisions of the automatic stay, including, without limitation, those provisions prohibiting execution, enforcement or collection of any judgment that may be obtained against the Debtors and/or assets or property of the Debtors' estates (as defined in section 541 of the Bankruptcy Code) shall remain in full force and effect, and Movants, together with their respective agents, attorneys, or representatives, shall not take any action to execute, enforce or collect all of or any portion of any such judgment from the Debtors or its estates or properties.

4. Upon entry of this Stipulation and Order, the Motion shall be deemed withdrawn without prejudice to renew.

5. This Stipulation and Order shall not become effective unless and until it is entered by the Bankruptcy Court.

6. This Stipulation and Order may not be modified other than by a signed writing executed by the Parties hereto or by further order of the Bankruptcy Court.

7. This Stipulation and Order is the entire agreement between the Parties in respect of the subject matter hereof.

ny-1056463 v7

8. Each person who executes this Stipulation and Order on behalf of a Party hereto represents that he is duly authorized to execute this Stipulation and Order on behalf of such Party.

9. This Stipulation and Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

10. The 14-day stay period under Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is hereby waived and this Stipulation and Order shall be immediately effective upon its entry.

[The remainder of this page is left intentionally blank]

ny-1056463 v7

11. This Court shall retain jurisdiction to resolve all matters relating to the implementation of this Stipulation and Order.

Dated: New York, New York
      October 23, 2012

| GMAC MORTGAGE, LLC | GERARD WIENER, FOR HIMSELF AND AS REPRESENTATIVE OF THE ESTATE OF ROLAND WIENER |
|---|---|
| /s/ Norman S. Rosenbaum<br>Gary S. Lee<br>Norman S. Rosenbaum<br>MORRISON & FOERSTER LLP<br>1290 Avenue of the Americas<br>New York, New York 10104<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900<br><br>*Counsel for Debtors*<br>*and Debtors in Possession* | /s/ David J. Brown<br>David J. Brown<br>1135 Ulloa Street<br>San Francisco, CA 94127<br>Telephone: (415) 716-7786<br><br><br><br>*Counsel for Gerard Wiener* |

APPROVED AND SO ORDERED
this ___ day of _____, 2012 in New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

## Exhibit A

## Agreed Upon Discovery

1. One deposition of Patricia L. Scully, a GMAC Mortgage employee, conducted in accordance with the Federal Rules of Civil Procedure, with appropriate follow-up on any questions not answered because of assertion of a privilege by means of Movant's motion to compel.

2. One deposition of GMAC Mortgage's person most knowledgeable ("PMK"), conducted in accordance with the Federal Rules of Civil Procedure, to take place in Detroit, Michigan, about the following subjects (the "PMK Topics") with appropriate follow-up on any questions not answer because of assertion of a privilege by means of Movant's motion to compel:

Loan made to Roland Wiener, including without limitation,

a. Administration of loan after made

b. All aspects of any foreclosure actions regarding the loan

c. Communications with owner of loan, Freddie Mac, once payments on the loan ceased, including up to the Debtors' bankruptcy filing

d. Who, in terms of persons and entities made decisions regarding the Wiener loan after payments ceased, specifically including how the decisions were communicated to GMAC Mortgage if they were not GMAC decisions.

e. How the GMAC Mortgage relationship with Freddie Mac worked with respect to the Wiener loan and the foreclosure sale, the attempts to modify the loan, who made decisions regarding the handling of the loan, and how, if at all, the Freddie Mac Single Family Seller/Servicer Guide played any role in these activities

f. How and why GMAC Mortgage, directly and indirectly was communicating with Gerard Wiener and his attorney after the foreclosure sale occurred

g. What authority GMAC Mortgage had from time-to-time with respect to the Wiener loan to modify the loan, to negotiate possible modification of the loan, and from whom or what in terms of communications that authority came

h. GMAC Mortgage's reference to and following of Freddie Mac's loan modification policies and procedures

i. GMAC Mortgage's policies and procedures as used in connection with the foreclosure on the Wiener loan

j. GMAC Mortgage's policies and procedures regarding post foreclosure activities on the Wiener loan

k. GMAC Mortgage's policies and procedures regarding the Federal Home Loan Modification program as it was applied or considered to be applied to the Wiener loan

3.  No later than five calendar days prior to the PMK deposition, GMAC Mortgage will produce to Movant's counsel, in hard copies or electronically, any documents not yet produced that are relevant to each of the subjects matter of the PMK Topics.