**MORRISON | FOERSTER**

1290 AVENUE OF THE AMERICAS
NEW YORK, NY 10104-0050

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

October 24, 2012

Writer's Direct Contact
212.468.8238
JHaims@mofo.com

Honorable Denise L. Cote (**via email**)
United States District Judge
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Honorable Martin Glenn (**via ECF**)
United States Bankruptcy Judge
United States Bankruptcy Court
for the Southern District of New York
One Bowling Green
New York, NY 10004

Re:    *FHFA v. Ally Financial Inc., et al.*, Case No. 11 Civ. 7010 (DLC)
    *In re Residential Capital, LLC, et al.*, Chapter 11 Case No. 12-12020 (MG)

Dear Judges Cote and Glenn:

We are counsel to the Debtors in the above-captioned bankruptcy case.  We submit this letter only to address a specific issue raised in the "Response of the Federal Housing Finance Agency to the District Court's Proposed Production Order for Loan Files" (the "Response," SDNY ECF #251; Bankr. ECF#1919) that is directed at the Debtors and relates to Judge Glenn's October 12, 2012 Discovery Order.[1]

In the Response, FHFA argues that "The Record Does Not Show That the Production of 2,100 Loan Files Would Place an Undue Burden on the Debtors" and that "the Bankruptcy Court did not correctly assess this burden."  (Response at 18.)

As an initial matter, FHFA's argument in this regard is a transparent attempt to argue its appeal of the Discovery Order, which is not before the District Court at this time.[2] When the appeal is briefed, FHFA may challenge the evidentiary findings contained in the Discovery Order, and the Debtors reserve the right to oppose any such challenge.

Further, as set forth in the Discovery Order, there was an evidentiary record in the Bankruptcy Court—and an analysis of that record in the Discovery Order—that demonstrates the burdens on

---

[1] Capitalized terms not otherwise defined have the definition as the Debtors' October 19, 2012 letter.

[2] This letter does not constitute the Debtors' briefing on the appeal noticed by FHFA and we do not understand the Joint Order to set any deadlines in, or in any way affect, the noticed appeal.

ny-1063145

MORRISON | FOERSTER

Honorable Denise L. Cote
Honorable Martin Glenn
October 24, 2012
Page Two

the Debtors of a loan file production to FHFA.[3]  In fact, as the Discovery Order shows, the Debtors submitted substantial evidence of burden to the Bankruptcy Court in the form of testimony and documentary evidence, and in response, FHFA "did not call or cross-exam[ine] any witnesses during the hearing," but rather submitted only two declarations of its counsel unrelated to the issue of burden.  (Discovery Order at 8.)  The evidence the Debtors submitted, and that FHFA did not challenge or refute, demonstrates the burdens of loan file production.

Finally, contrary to FHFA's assertion, the Bankruptcy Court assessed the burden on the Debtors. For example, the Discovery Order states that the production of 2,500 loan files "may not sound like a lot, but" a previous production of 1,500 loan files to the Creditors Committee had taken "nearly a month, if not more." (*Id*. at 24-5.)  Perhaps more to the point—and as discussed in detail in the Discovery Order—the burden of producing 2,100 loan files cannot be assessed in a vacuum.  As the Bankruptcy Court noted, it is the burden of producing those loan files to FHFA *on top of* the massive amount of work being done by the Debtors in the bankruptcy case (including work that requires the collection and transfer of loan files) *and* producing them on FHFA's timeframe that is unduly burdensome.  The Debtors made an extensive—and unchallenged—showing to that end, and the Bankruptcy Court relied on that extensive showing in issuing the Discovery Order.

Respectfully submitted,

Joel C. Haims

cc:    Counsel of record

---

[3] To the extent FHFA is pointing to the fact that the Debtors never specifically addressed a 2,100 loan file production as grounds to undermine the evidence provided in the Bankruptcy Court, such an argument is disingenuous.  FHFA's request for loan files is constantly changing, and the Debtors have addressed the burden presented at each turn.  Initially, FHFA submitted a request to the Bankruptcy Court indicating it wanted *all* loan files at issue in the FHFA Case.  Then, in its reply to the Debtors' objection to FHFA's motion, FHFA claimed it wanted "only" 5,000 loan files.  Later, at the hearing on that motion, FHFA lowered its request to 2,500 loan files. FHFA's further reduction of its request to "only" 2,100 loan files does not alter the fact that the evidence supplied by the Debtors and relied upon by the Bankruptcy Court is applicable and sufficient.