HERRICK, FEINSTEIN LLP
*Attorneys for Canon USA, Inc.*
Paul Rubin
2 Park Avenue
New York, New York 10016
(212) 592-1400
(212) 592-1500 (fax)
prubin@herrick.com


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

In re:                                                    Chapter 11

RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,                 Case No.: 12-12020 (MG)
                                                         (Jointly Administered)
         Debtors.

------------------------------------------------------------x

### CANON USA, INC.'S OBJECTION TO PROPOSED CURE <u>AMOUNTS IN CONNECTION WITH ASSUMPTION OF ITS CONTRACTS</u>

Canon USA, Inc. ("<u>Canon</u>"), by and through its undersigned counsel, by way of objection to the cure amounts proposed to be paid in connection with the assumption of two contracts between debtor GMAC Mortgage, LLC ("<u>Debtor</u>") and Canon, as set forth in Debtor's *Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto*, dated July 26, 2012 [ECF No. 924] (the "<u>Cure Notice</u>"), hereby states as follows:

### <u>Background</u>

1.      Debtor and its affiliated debtors filed their petitions for relief under chapter 11 of the Bankruptcy Code on May 14, 2012 (the "<u>Petition Date</u>").

HF 7762691v.1

2.      Prior to the Petition Date, Canon and GMAC Mortgage, Inc., the predecessor-in-interest to Debtor, entered into two (2) contracts (the "Contracts"), copies of which are annexed to the accompanying Affidavit of Carmelo Minio (the "Minio Affidavit") at **Exhibit A**.  Since they were entered into, the terms of the Contracts have been extended multiple times.  Pursuant to the Contracts, Canon provides Debtor with copy machines that Debtor uses during the course of its business, and Debtor pays Canon variable fees for such copy machines based on the level of use.  Generally speaking, up to the Petition Date, Debtor was making payments to Canon under the Contracts.  However, according to Canon's books and records, there is still an outstanding prepetition balance in the amount of **$26,684.90**, and an outstanding postpetition balance in the amount of **$3,971.96**, for a total outstanding balance of **$30,656.86**.  (Minio Affidavit at **Exhibit B** and **Exhibit C**.)

3.      On June 28, 2012, Debtor and certain of its affiliated debtors entered into an *Amended and Restated Asset Purchase Agreement* [ECF No. 534-1] (the "APA") with Nationstar Mortgage LLC ("Nationstar").  Upon information and belief, pursuant to the APA, the Debtor, upon obtaining Court approval, intends to sell to Nationstar (or a higher bidder at an auction to take place in November 2012) *inter alia*, Debtor's rights in the Contracts.

4.      Before Debtor can assume the Contracts and assign them to Nationstar, Debtor is required to cure all of its defaults under the Contracts.  Pursuant to the Cure Notice,[1] however, Debtor indicated that the cure amounts in connection with the Contracts were "$0.00" (the "Proposed Cure Amounts").  Canon hereby objects to the Proposed Cure Amounts.

---

[1] Due to the ambiguity of the Cure Notice, it is unclear whether Debtor intended to list the Contracts on the Cure Notice.  Additionally, while Schedule G of Debtor's Statement of Assets and Liabilities identifies only one contract between Debtor and Canon, the Cure Notice lists four contracts with Canon, which may or may not include the Contracts.  Accordingly, Canon submits this objection to preserve its rights, and to the extent that Debtor does not intend to assume the Contracts, then this cure objection would be moot.

2

## Objection

5.      Pursuant to Section 365(b)(1)(A) of the Bankruptcy Code, a debtor may not assume any pre-petition executory contract or lease unless it cures any existing defaults. In addition, pursuant to Section 365(b)(1)(c) of the Bankruptcy Code, a debtor must provide adequate assurance of future performance under such executory contract or lease. As such, a non-debtor party to an executory contract or lease is entitled to both the cure of all defaults under such contract and the future performance of all outstanding obligations under such contract or lease (including obligations relating to claims that have accrued, but are not yet in default). Any proposed assumption (or assumption and assignment) that does not provide for the payments of all outstanding amounts owed under the contract and/or lease to be assumed clearly violates the Bankruptcy Code.

6.      Here, the Proposed Cure Amounts are incorrect.  Rather, the correct cure amount in connection with the Contract is **$30,656.86** (the "Correct Cure Amount").  Spreadsheets showing the Correct Cure Amount are annexed to the Minio Affidavit as **Exhibit B** and **Exhibit C**.  Accordingly, Debtor cannot assume the Contracts until it pays to Canon the Correct Cure Amount.

## Reservation of Rights

7.      Nothing contained herein shall constitute a waiver of limitation of Canon's rights and remedies under the Contracts, the Bankruptcy Code, or other applicable law, including, without limitation, the right to supplement this cure objection, raise additional arguments at a later date, or present evidence at a hearing on this cure objection.  This cure objection shall also not constitute an admission that the Contracts are "executory."

HF 7762691v.1

**WHEREFORE**, Canon respectfully requests that the Court require Debtor to pay the

Correct Cure Amount to Canon as a condition to Debtor's assumption of the Contracts.

Respectfully submitted:

HERRICK, FEINSTEIN LLP
*Attorneys for Canon USA, Inc.*

Dated: October 24, 2012                    By:  /s/ *Paul Rubin*
New York, New York                              Paul Rubin
                                                2 Park Avenue
                                                New York, New York 10016
                                                (212) 592-1400
                                                (212) 592-1500 (fax)
                                                prubin@herrick.com

4