HERRICK, FEINSTEIN LLP
*Attorneys for Canon USA, Inc.*
Paul Rubin
2 Park Avenue
New York, New York 10016
(212) 592-1400
(212) 592-1500 (fax)
prubin@herrick.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re:

RESIDENTIAL CAPITAL, LLC, et al.,

    Debtors.
---------------------------------------------------------------x

Chapter 11

Case No.: 12-12020 (MG)
(Jointly Administered)

### AFFIDAVIT OF CARMELO MINIO
### IN SUPPORT OF CANON USA, INC.'S CURE OBJECTION

STATE OF NEW YORK )
                      ss.:
COUNTY OF NASSAU )

    **CARMELO MINIO**, being duly sworn, deposes and says as follows:

    1.    I am employed by Canon USA, Inc. ("Canon") as a Credit Manager in the Credit Division. I have been employed by Canon for twenty (20) years, and have been involved with Debtor's (as defined below) account for at least the past fourteen (14) years. I am fully familiar with the facts and circumstances set forth herein. I submit this Affidavit in support of Canon's objection to the Proposed Cure Amounts[1] listed in the Cure Notice.

    2.    Prior to the Petition Date, Canon and GMAC Mortgage, Inc., the predecessor-in-interest to debtor GMAC Mortgage, LLC ("Debtor") entered into two contracts (the

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in *Canon USA, Inc.'s Objection to Proposed Cure Amount in Connection with Assumption of its Contracts*, which Canon's counsel has informed me is being filed contemporaneously herewith.

1

HF 7769343v.1

"Contracts"), copies of which are annexed hereto as **Exhibit A**. Since they were entered into, the terms of the Contracts have been extended multiple times. Pursuant to the Contracts, Canon provides Debtor with copy machines that Debtor uses during the course of its business, and Debtor pays Canon variable fees for such copy machines based on the level of use. Generally speaking, up to the Petition Date, Debtor was making payments to Canon under the Contracts. However, according to Canon's books and records, there is still an outstanding prepetition balance in the amount of **$26,684.90**, and an outstanding postpetition balance in the amount of **$3,971.96**, for a total outstanding balance of **$30,656.86** (the "Correct Cure Amount"). Spreadsheets showing the prepetition and postpetition balances are annexed hereto as **Exhibit B** and **Exhibit C**, respectively.

3.    In the Cure Notice,[2] Debtor indicates that the Proposed Cure Amounts in connection with the Contracts are $0.00. That is incorrect. Instead, the Correct Cure Amount is **$30,656.86**.

_____
CARMELO MINIO

Sworn to before me on this
24th day of October, 2012

_____
JUDITH WEINSTEIN
Notary Public, State of New York
No. 01WE4734936
Qualified in Nassau County
Certificates filed: New York and Suffolk Counties
Commission Expires January 31, 20__

---

[2] Due to the ambiguity of the Cure Notice, it is unclear whether Debtor intended to list the Contracts on the Cure Notice. Additionally, while Schedule G of Debtor's Statement of Assets and Liabilities identifies only one contract between Debtor and Canon, the Cure Notice lists four contracts with Canon, which may or may not include the Contracts. Accordingly, Canon submits this objection to preserve its rights, and to the extent that Debtor does not intend to assume the Contracts, then this cure objection would be moot.

2

HF 7769343v.1