UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF NEW YORK;

| | |
|---|---|
| In Re: Residential Capital, LLC., et al., And, ) <br> In Re: GMAC, Mortgage Co., et al, )<br>     Debtors ) | Case No. <u>12-bk-12020 (MG)</u> <br> Chapter____ (Ch.11, Joint Admin. ) <br> (Related BR Case No.07-bk-57237, S.D., OHIO) <br> (Related BR Case No. 12-bk-12032, S.D., N.Y.) <br> JUDGE: GLENN, MARTIN |

UNITED STATES of America, Ex Rel., )
Yvonne D. Lewis, et al., )    Adversary Case No.: 1:<u>12-av-1731</u>
    Plaintiffs/ Surplus Creditors )    (Related Case Nos. 1:12-bk-12020, 1:12-bk-12032;
Vs. )    05-CV-7346 (03-CV-7478); 03-CV-10836;
    )    05-CV-4555; 03-CV-6954);(11-AP-875,
 GMAC, Mortgage Co., et al, )    COA10th Dist., OHIO), (10-AP-110, COA10th
    Defendants/ Bankrupt Debtors, )    Dist., OHIO)
    )
    ) **I. <u>OBJECTION/NOTICE TO MOTION [Doc. 14]</u>**
    )    AND
    ) **II. <u>MOTION/NOTICE FOR SHOW CAUSE [Doc. 6]</u>**

UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF OHIO;
(at Columbus)

[18 USC §§ 245(b)(2)(B), 664, 666, 1962][29 USC §§ 1131, 1132(h), 1140]
[26 USC §§ 101(h), 267(b)(1)][42 U.S.C. §§ 4651(2),7407(d)(1)(C)(i)]

In Re: SIDNEY T. LEWIS, pro se, )    Case No. 2:07-bk-57237
    )    (Ch.7 )
Debtor )    (Related Bankr Case No. 2:05-bk-75111)
    )
Social Security No.: xxx-xx-5959 )    JUDGE: HOFFMAN, JOHN, Jr.

In Re: Yvonne D. Lewis, )    Case No. 2:05-bk-75111
    )    (Ch.7 )
Debtor )    (Related Case No. 2:07-bk-57237)
    )
Social Security No.: xxx-xx-2390 )    JUDGE: HOFFMAN, JOHN, Jr.

IN THE UNITED STATES DISTRICT COURT, S. D. OF OHIO
EASTERN DIVISION (at Columbus)

UNITED STATES of America, Ex Rel., )
Sidney T. Lewis, et al., )    Action No. <u>2:08-cv-1042</u>
    Plaintiffs )    (Related Dist. Ct. Cases 2:08-cv-16; 2:96-cv-494;
Vs. )    2:09-cv-179; 2:08-cv-75, at Doc. No. 65);

JUDGE: HOLSCHUH

Larry McClatchey, et al.,                    )    Magistrate Judge: KING
        Defendants                                  [26 USC §§ 267(b)(1), 4975(e); 18 USC § 1962]

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FRIENDS OF THE EARTH, et al.,           )    Case: 1: 12-cv-00363
        Plaintiff,                             )      (RELATED Case: 1: 12-cv-00361)
                                               )   [26 USC §§ 267(b)(1), 4975(e); 18 USC § 1962]
Vs.                                            )    Assigned To: Jackson, Amy Berman, Judge
                                               )
UNITED STATES E.P.A. and                )
LISA JACKSON, Administrator,           )
        Defendants.                            )
                                               )

IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

SECURITIES AND EXCHANGE COMMISSION )
Plaintiff,                                     )
                                               )
vs.                                            )    Case No. 4:10-cv-87
                                               )
AMERICAN EQUITY INVESTMENT LIFE   )   [26 USC §§ 267(b)(1), 4975(e); 18 USC § 1962]
HOLDING COMPANY;                          )
DAVID J. NOBLE; and                          )
WENDY C. WAUGAMAN,                       )
Defendants.                                    )

IN THE COURT OF APPEALS, FRANKLIN COUNTY; OHIO
TENTH DISTRICT COURT OF APPEALS

UNITED STATES OF AMERICA, EX REL.

GMAC, Mortgage Co., et al.,               :    Case No. 12-AP-506, COA10th Dist., Ohio
        Plaintiffs/Creditor                          (Related Case Nos. 02-MS-20; 05-JG-6455;
                                               :    05-CV-7346 (03-CV-7478); 03-CV-10836;
Vs.                                            :    05-CV-4555; 03-CV-6954)(11-AP-875)

Yvonne D. Lewis, et al.,                   :
        Defendants/Discharged Debtors

**UNITED STATES SUPREME COURT;**

Charles STRUBE, et al., Living Trust Beneficiary,  )    11th Cir. No. 06–35, Certiorari denied.
Beverly  MALONE, Living Trust Beneficiary,        )    No. 05-13014 / No. 05-11461

|  |  |
|---|---|
| Appellant, | ) Removed USDC, M.D., FL, case # 01-cv-1236 |
|  | ) [26 USC §§ 267(b)(1), 4975(e); 18 USC § 1962] |
| vs. | ) |
|  | )    Reported below: 158 Fed. Appx. 198. |
| AMERICAN EQUITY ("AEL"), et al., | ) |
| Appellee. | ) |

## UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT; AT FL.

|  |  |
|---|---|
| Charles STRUBE, et al., Living Trust Beneficiary, | )   **No. 05-11461 Non-Argument Calendar;** |
| Beverly MALONE, Living Trust Beneficiary, | )   **No. 05-13014 Non-Argument Calendar** |
| Plaintiffs/Appellants, | )    Removed from case no. 6:01-cv-1236 |
|  | ) [26 USC §§ 267(b)(1), 4975(e); 18 USC § 1962] |
| vs. | ) |
|  | )   Before ANDERSON, BLACK and PRYOR, |
| AMERICAN EQUITY ("AEL"), et al., | ) Circuit Judges. |
| Defendants/Appellees. | ) |

## I. OBJECTION/NOTICE TO DEBTORS' MOTION FOR JUDGMENT [DOC. 14]; GROUNDED ON DEFECTIVE WHITLINGER AFFIDAVIT [DOC.6] WHICH CONCEALS EQUITY SKIMMING AND RICO, 12 U.S.C. § 1715z-19; 18 U.S.C. §§ 2, 371, 1001, 1505, 1962;

### AND,

## II. MOTION/NOTICE FOR AN ORDER OF CONTEMPT/OR IN THE ALTERNATE, AN ORDER TO SHOW CAUSE FOR DEBTORS CONTEMPT OF FEDERAL INTERIM ORDERS [Docs. 87, 90 & 1420]; GROUNDED ON CONCEALMENT OF DEFECTIVE AFFIDAVIT OF JAMES WHITLINGER [DOC.14, PG.3, P.4];

### I.    OBJECTION/ NOTICE

Yvonne D. Lewis and Sidney T. Lewis, plaintiffs, creditors and movant in the above-entitled and numbered adversary case no. 1:12-1731, U.S.D.C., S.D., NY., as surplus creditors in the above-entitled and numbered Related Bankr Case Nos. 2:05-bk-75111, and 2:07-bk-57237, U.S.D.C., S.D., OH., objects to the Motion (Doc. 14) of defendant due to fraud on the court by defective "self declaration (Doc. 6)" and "Equity Skimming" through "RICO enterprises" (Doc.14) and shows the court as follows:

1. That on <u>May 14, 2012</u>, Debtor GMAC Mortgage LLC., filed its voluntary ch. 11 petition (Doc. 1) supported by an affidavit of James Whitlinger (Doc. 6) in case no. 1:12-bk-12020 in the Bankruptcy Court for the Southern District of New York, whereupon interim orders

(Doc. 47 and 90) for relief were entered. That thereafter, Debtor proceeded under its second addendum to its servicing agreements on April 1, 2005 (see: Doc.793-1, at pg 79) on the fact that no statutory authority was cited in the Affidavit to authorize a "self declaration" of James Whitlinger (see: Doc. 6, at pg. 101 of 101) to sustain the defective bankruptcy action.

2. That on Sept. 12, 2012, Debtor GMAC, filed its Motion for Judgment on the Pleadings (Doc. 14) in the Bankruptcy Court for the Southern District of New York, requesting modification of consent judgment to terminate payments to homeowners by virtue of the Defective Affidavit /"self declaration" of Whitlinger (compare: Doc. 6, at pg. 101; compare to: Doc. 14, at pg. 3 of 9, at P.4) whereby an order for relief by dismissal "with prejudice" (Id. 9 of 9) was requested contrary to the approved terms for **Hardship Affidavit**", etc. (See: Doc. 793-1, at pg. 10 of 111, at P.6.b.vii.) incorporated in the consent judgment dated April 5, 2012 in case no. 1:12-cv-361, U.S.D.C., D.C. (See: case no. 1:12-cv-361, Doc. 13, at pg. 6 of 92, at P.13) That thereafter, Debtors incorporated said terms in "core proceeding" by the Affidavit of Thomas Marano (See: Doc. 793) in which capacity Debtors AFI and GMAC knowingly brought the bankruptcy action on the Defective "self declaration" of James Whitlinger (See: Doc. 6) as fraud on the court.

## A. FRAUD ON THE COURT

(1) ELEMENTS:

Demjanjuk defined fraud on the court as conduct: 1) on the part of an officer of the court; that 2) is directed to the judicial machinery itself; 3) is intentionally false, willfully blind to the truth, or is in reckless disregard for the truth; 4) is a positive averment or a concealment when one is under a duty to disclose; and 5) deceives the court. Demjanjuk v. Petrovsky, 10 F.3d 338, 348 (6th Cir. 1993).

(2) CONDUCT:

STEFAN W. ENGELHARDT and SAMANTHA MARTIN'S conduct: 1) on the part of attorneys MARTIN and ENGELHARDT as officers of the court in adv. case no. 1:12-1731 [Doc 14]; that 2) is directed to the judicial machinery itself [Doc 14]; 3) is intentionally false "self declaration" under common law [Doc 6, pg 101], willfully blind to the truth that 28 USC 1746 must be cited as mandatory [See: Doc. 793, pg.16 of 16], or is in reckless disregard for the truth by stating "there is no viable Claim" [see: Doc 14, pg. 8 of 9, at lines 3-4] and "Debtors were required to solicit and, as appropriate, to modify loans" [Doc. 793, pg.15 of 16, P.27]; 4) is a *positive averment* or a *concealment* when one is under a *duty to disclose*[1] 28 USC § 1746 under 18 USC § 1001 for a "self declaration [Id at pg 101]" and a "2001 Partial Mortgage Release[2]" by virtue of the 1992 Partial Land Acquisition by the FAA, FAR part 150 as a 1987 permanent aviation easement under 49 USC § 40103(a), 47504(a)(2)(E) [See: Doc 13-4, at pg. 5 of 8]; and 5) MARTIN and ENGELHARDT deceived the court by a *positive averment* [Id pg. 8 of 9, at lines 3-4] and a *concealment* [Id pg. 101] to grant the interim orders at Docs 47, 90 & 1420 [see Docs 47 & 90] supported by the defective "declaration [Id pg. 101]". (See: Demjanjuk v. Petrovsky, 10 F.3d at pp. 348 (6th Cir. 1993).

(See: Carter v. Anderson, 585 F.3d 1007, pp. 1011; 2009 U.S. App. LEXIS 23904, p9, at HN2)

Respectfully Submitted,

Dated: Sept. 19, 2012    *Sidney Lewis*    Dated: Sept. 19, 2012    *Yvonne D. Lewis*
Sidney T. Lewis, pro se                                        Yvonne D. Lewis, pro se
1875 Alvason Avenue                                         1875 Alvason Avenue
Columbus, OH 43219                                          Columbus, OH 43219

## VERIFICATION

State of Ohio                )
                             ) SS:
Franklin County              )

I, Yvonne D. Lewis, declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge as based on my understandings and belief.

FURTHER SAYETH THE AFFIANT NAUGHT.

Executed on Sept. 19, 2012 pursuant to 28 U.S.C.§§ 1715,1746; U.S. Const., Amend., § 14th.

---

[1] 18 USC § 1001 also covers half-truths if there is a duty to speak the truth. See generally United States v. Lutwak, 195 F.2d 748 (7th Cir. 1948), aff'd, 344 U.S. 604 (1953).
[2] "Partial Mortgage Release: A document evidencing release of a Mortgage with respect to a portion of the Mortgaged Property." [See: Doc. 793-1, pg.50 of 111],

*Yvonne D. Lewis*
_____
YVONNE D. LEWIS, Affiant, In Personam

## VERIFICATION

State of Ohio          )
                       ) SS:
Franklin County        )

I, Sidney T. Lewis, declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge as based on my understandings and belief.

FURTHER SAYETH THE AFFIANT NAUGHT.

Executed on Sept. 19, 2012 pursuant to 28 U.S.C.§§ 1715,1746; U.S. Const., Amend., § 14th.

*Sidney Lewis*
_____
SIDNEY T. LEWIS, Affiant, In Personam

## II.  MOTION TO SHOW CAUSE

Yvonne D. Lewis and Sidney T. Lewis, plaintiffs and movant in the above-entitled and numbered adversary case no. 1:12-av-1731, U.S.D.C., S.D., NY., move this court for its Order requiring Debtors Counsels **STEFAN W. ENGELHARDT** and **SAMANTHA MARTIN** (Bar Assoc. No. unknown), and joint defendants AFI, ResCap, GMAC Mortgage, LLC, as indispensable defendants in the above-entitled and 1:12-av-1731 action "incorporated by reference" to mandatory **rights and obligations** and "terms" from numbered case 12-cv-361, U.S.D.C., DC, to show cause why they should <u>not</u> be held in civil contempt and brought before the court to answer for their violations of the April 4 & 13, 2012, DOJ/State AG Settlement and/or FRB Order a/k/a Consent Judgments in case 12-cv-361, and "incorporated by reference" in the May 15, 2012 interim orders at Doc Nos. 87, 90 & 1420, [***Doc. 87***[3],

---

[3] <u>Doc. 87</u>, pgs. 13 & 14, at P.35 & P.36: "35. Notwithstanding anything herein to the contrary, this Order shall <u>not</u> modify or affect the terms and provisions of, nor the **rights and obligations** under, (a) the Board of Governors of the Federal Reserve System **Consent Order, dated April 13, 2011**, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the **consent judgment entered**

*Interim Order (I) Authorizing the Debtors to Continue in the Ordinary Course of Business (A) <u>Servicing</u>*

*<u>Governmental Association</u> Loans and (B) Foreclosure Activities Related to Certain Real Estate Owned*

*by Fannie Mae, Freddie Mac and Ginnie Mae; (II) Authorizing the Debtors to Pay Certain Prepetition*

*Amounts Due to Critical Servicing Vendors and Foreclosure Professionals; (III) Granting Limited Stay*

*Relief to Enable Borrowers to Assert Related Counter-Claims in Foreclosure and Eviction Proceedings;*

*(IV) Authorizing the Debtors to Use Cash Collateral Under the Fannie Mae EAF Facility; and (V)*

*Granting Related Relief. (related document(s)57)]* and, *[**Doc. 90**[4], Interim Order Authorizing The*

*Debtors To Continue To Perform Under The <u>Ally Bank Servicing Agreements</u> In The Ordinary Course*

*Of Business (related document(s)47)]* entered in the action on 05/16/2012, (See Also: Doc. 6-4, at Pg. 2

of 3, at P.11; and at Pg. 3 of 3, at P.14, in case no. 12-CV-12020, **WHITLINGER'S AFFIDAVIT IN**

**SUPPORT OF FIRST DAY MOTIONS,** Exhibit 4, filed 5-14-12); and, *[**Doc 1420**[5], "STIPULATION*

*AND ORDER RESERVING RIGHTS WITH RESPECT TO DEBTORS' MOTION FOR INTERIM AND*

---

**April 5, 2012** by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and *** 36. Nothing in this Order shall discharge, release, or otherwise preclude any setoff or recoupment right of the United States of America, its agencies, departments, or agents." (See: Doc 87, pgs. 13 & 14, at P.35 & P.36, in case no. 12-CV-12020, a Interim Order filed 5-16-12)

[4] <u>Doc. 90, pg. 5 of 7, P.11.</u> states in pertinent parts: "Notwithstanding anything herein to the contrary, this Order shall <u>not</u> modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System **Consent Order, dated April 13, 2011,** by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the **consent judgment entered April 5, 2012** by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) **all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.**" (See: Doc 90, at Pg. 5 of 7, at P.11, in case no. 12-CV-12020, an Interim Order filed 5-16-12)

[5] <u>Doc 1420, pg. 4 of 17, P.1.</u> states in pertinent parts: "NOW THEREFORE, it is hereby STIPULATED and AGREED by the Parties that: 1. Subject to the terms of this Stipulation, the Debtors are authorized and directed to continue to perform under the terms of the Servicing Agreement *** in accordance with the provisions set forth herein." (See: Doc 1420, pg. 4 of 17, P.1., in case no. 12-CV-12020, an Interim Order filed 09/12/12)

*FINAL ORDERS UNDER BANKRUPTCY CODE SECTIONS 105(a) AND 363 AUTHORIZING THE*

*DEBTORS TO CONTINUE TO PERFORM UNDER THE ALLY BANK SERVICING AGREEMENT IN*

*THE ORDINARY COURSE OF BUSINESS" (related document(s)47)*] entered in the action on **09/12/12**.

A. As grounds for this motion, movant shows the court:

1. On **5/15/2012**, Interim Orders [Docs. 87 & 90] were entered by the Honorable **James M. Peck**, Judge of the United States Bankruptcy Court, S.D. of New York, permanently enjoining case 12-cv-361 defendants as Debtors and Debtors in possession in Bankruptcy case 1:12-bk-12020 and adversary case 1:12-av-1731 and defendants' officers, employees, and agents, and any other persons acting under defendants' authority from Altering the **consent judgment entered April 5, 2012** by attempting to erroneously discharge, deceptively release, or otherwise preclude mitigation to "mortgage loan borrowers" of "hard dollar payments" or "soft dollar credits" pursuant to obligations and terms of the DOJ/State AG Settlement or FRB Order ("Settlement Costs") set forth in the January 30, 2012 Ally Financial Inc. ("AFI") Servicing Agreement (See: Doc 793-1, at Pg.18, at P.4 & 5) and any setoff or recoupment right of the United States of America, its agencies, i.e. HUD, FAA, FHWA, U.S. DOT, U.S. EPA, S.E.C., U.S. DOJ, departments, or agents (GNMA; FNMA; FHA) as permanent subdivision Avigation Easement lienholders of uncompensated mortgagors on Lots 11 and 17 in the Argyle Park Subdivision, Columbus, Ohio.

2. On **09/12/12**, Doc 1420 was filed as an amendment of Doc 47 being a Stipulated Interim Order [Docs. 47 & 90] and entered in case 1:12-bk-12020 by the Honorable **Martin Glenn**, Judge of the United States Bankruptcy Court, S.D. of New York, permanently enjoining "AFI" defendants as Debtors in possession in United States District Court, for D.C., case 12-cv-361 and defendants' officers, employees, and agents, and any other persons acting under defendants'

authority pursuant to obligations and terms of the DOJ/State AG Settlement or FRB Order in Doc 1420 from attempting to erroneously discharge, deceptively release, or otherwise preclude timely mitigation to plaintiff/mortgagors as "mortgage loan borrowers" nor precluding any statutory setoff or recoupment for the $7,341,707 "**September 2, 1992** Equity Skimming" of Passenger Facility Charges[6] (PFC's) as a result of findings of the Federal Aviation Administration "FAA" effective **September 25, 1987** Permanent Subdivision Avigation Easement[7] Airspace Rights under 49 USC §§ 40103(a), 47504(a)(2)(E) for the United States of America, its agencies, i.e. HUD, FAA, FHWA, U.S. DOT, U.S. EPA, S.E.C., U.S. DOJ, departments, or agents, i.e. GNMA; FNMA; FHA pursuant to 12 U.S.C. §§ 1715z-19, 1709; 49 U.S.C. §§ 40103(a), 40117; 42 U.S.C. §§ 2000d, 1441, 3535, 4621(c)(4), 7573. (See: Doc 1420, pg. 4 of 17, P.1.)

3. On **09/12/12**, Doc. 14 in Adv. case 1:12-1731 was filed to conceal Debtors' breach of DOJ/State AG Settlement and FRB Order incorporated in the April 4, 2012 "Consent Judgment" [see: Doc. 1275] and to conceal this "Transformative Transaction" without the consent of AFI under a "Notice of Default for the January 30, 2012 Servicing Agreement"; to conceal the aforesaid "Equity Skimming" on GNMA, FNMA, and FHA mortgages, including Plaintiff Yvonne Lewis' f/k/a Yvonne Moore's 1975 FHA Mortgage (See: Attached **EXHIBIT A**) subject to: (1) the FRB Order, dated April 13, 2011, (2) Servicing Agreement, dated January 30, 2012, Doc 793-1, at pgs. 24 to 27; (3) Addendums to Servicing Agreements, dated April 1, 2005, Doc 793-1, at pgs. 79 to 84 & 86; (4) Consent Judgment entered April 5, 2012 by Defendants, i.e. Residential Capital, LLC, Ally Financial, Inc., and GMAC Mortgage, LLC (collectively, "Defendants" in case 12-cv-361 as *Debtors and Debtors in Possession*) consented to the entry of the above-

---

[6]  (See: 57 FR 40242, PFC's)
[7]  (See: 53 FR 2800, FAA)

described orders subject to the terms of the Servicing Agreement, which was approved by

defendant's attorney of record, Gary S. Lee, *Counsel to the Debtors and Debtors in Possession,*

and Craig A. Bruens, *Counsel to Ally Financial Inc. and Ally Bank* on August 27, 2012 in BR

case 1:12-bk-12020 and approved by defendant's attorneys of record, **STEFAN W.**

**ENGELHARDT** and **SAMANTHA MARTIN**, *Counsel to the Debtors and Debtors in*

*Possession,* on September 12, 2012 for Doc. 14 in Adv. case no. 1:<u>12-1731</u>.


4.  Notwithstanding the final entry of the FRB Order a/k/a Consent Order dated APRIL 13, 2012;

    the United States District Court for the District of Columbia's "Consent Judgment" a/k/a

    DOJ/State AG Settlement entered APRIL 5, 2012, defendants as Debtors in Possession, contrary

    to, and in violation of, the terms of the Addendums to Servicing Agreements, dated August 21,

    2001, and amended as of July 1, 2004, April 1, 2005, and September 1,2007 (See: Doc 793-1, at

    Pg.86) has continued and is continuing to conceal the false first day motions supported by the

    Defective "self declaration" by James Whitlinger under State Common Law (Doc.6, case 12,

    12020); continuing to engage in unfair or deceptive practices with respect to consumers[8] to

    conceal uncompensated easements under FAA part 150 regulations, to aid and abet in the FHA

    Equity Skimming Scheme (12 U.S.C. § 1715z-19) using FAA controlled PFC's (49 U.S.C. §

    40117) as "hard dollars" derived from uncompensated private residential subdivision Avigation

    Easements (49 U.S.C. § 40103(a)).

B.  EQUITY SKIMMING, 12 U.S.C. § 1715z-19; 18 U.S.C. §§ 157, 371

---

[8] (See: Case 1:12-cv-00361, Doc. 1, Filed 03/12/12, at Page 23-28 of 99, at P.52-67,)

1.   Plaintiff Yvonne Lewis petition is filed on behalf of the HUD/FHA homeowner program[9] [42

U.S.C. §§ 1441, 3535, 4621(c)(4), 2000d], against Debtors and Defendants under the

DOJ/State AG Settlement and GMAC's Amended Servicing Agreements dated August 21,

2001 and amended as of July 1, 2004, April 1, 2005, and September 1, 2007 (See: Doc 793-1,

at pg.84) in delaying the FHA Loan Modification and Loss Mitigation Processes as collection

efforts for September 2, 1992 PFC's (See: 57 FR 40242) from uncompensated September 25,

1987 FAA/easements while the skim occurs subject to FAA land use controls under FAR part

150 regulations (See: 53 FR 2800).  Lewis' Skimming petition is filed as the alleged 2001

GMAC loan originator (HNB) used an unlawful 2001 "Living Trust Mill and Equity Index

Annuity scheme[10]" to procure fraudulent 2005 Judgment Liens (see: 05-JG-6455) to encumber

a 1963 and 1975 HUD/ FHA Mortgage Deed approved by HUD as a Federal agency for Lots

11 and 17 of the Argyle Park Subdivision which was purportedly saving the impacted HUD-

insured single family residential mortgages under the State unfair or deceptive practices law.

2.   From on or about September 2, 1992 (See: 57 FR 40242)  to on or about April 13, 2013 (See:

69 FR 20957), in the Southern District of Ohio, GMAC as Debtor and Debtor in Possession of

Lots 11 and 17 of the Argyle Park Subdivision and Defendants under the DOJ/State AG

Settlement, along with defendants herein, devised a scheme and artifice to defraud the United

States of America, i.e. GMAC Bank (See: Doc 793-1, at pg.84) and Yvonne Moore a/k/a/

Yvonne D. Lewis of "Equity" money from PFC's.

---

[9] "In United States v. Madeoy, 912 F.2d 1486, pp.1492 (D.C. Cir. 1990), cert. denied, 498 U.S. 1105
(1991), the defendants were convicted of conspiracy to defraud the government and other offenses in
connection with a scheme to fraudulently obtain loan commitments from the Federal Housing
Administration (FHA) or Veterans Administration (VA).
[10] (See: Case Nos. 2:96-cv-494, USDC, S.D., Ohio; and, 01-cv-1236, M.D., Fl.; 10-cv-87, S.D., Iowa)

3.  It was part of the prohibited scheme, 12 U.S.C. § 1715z-19; 18 U.S.C. §§ 2, 371, 1505, that on April 22, 2005 defendant GMAC (servicer) and Huntington National Bank (originator) (See: Doc 13-1, at pg.2 of 3), was in the process of foreclosing on the home of Yvonne D. Lewis, contacted Yvonne Lewis and falsely claimed that due to a June 20, 2005 foreclosure Decree the FHA could not refinance the mortgage with GMAC Bank through FHA regulations and guidance and HAMP and other MHA servicer participation agreements under the "**national housing program**" as established requirements that were available due to the 1987 FAA, FAR part 150 program's land use controls for the 1992 permanent Aviation Easement to mitigate aircraft noise and aircraft emissions from aircraft engines encumbering the 1975 FHA Mortgage Deed[11] with Federal preemptions[12] under 49 U.S.C. § 40103(a); 42 U.S.C. § 7573.

    (See: Online Docket at 6-20-2005, at fiche no. B2719 at frame no. F14, in CPC case no. 05-cv-4555, Fr. Cnty., Ohio, foreclosure Decree)

4.  It was further part of the prohibited skimming scheme under Id.371[13] and the "**national housing program**" that defendants GMAC Bank, AFI, HNB, FNMA, GNMA (See: Doc 13-3, at pg.2 of 2), and others, convinced Yvonne Lewis to partially deed her property at 1875 Alvason Avenue to the City of Columbus (grantee), as alleged 1992 sponsor of the Columbus Metropolitan Airport Authority (CMAA) under a permanent 1992 aviation easement while doing business as a participant in the FAA, "FAR part 150 noise mitigation program" (See:

---

[11] "In short, "the respective rights and obligations of a federal mortgagee and a defaulting mortgagor under **a national housing program . . . are governed by federal law which preempts state** laws in the field, such as Act 6." Stohr, 1993 U.S. Dist. Lexis 2228, 4-5. Accordingly, Jones-Williams motion to dismiss will be denied." (See: United States ex rel. United States Dep't of Hous. & Urban Dev. v. Jones-Williams, 870 F. Supp. 90, 95 (M.D. Pa. 1994));

[12] (See: Burbank v. Lockheed Air Terminal, Inc., 411 U.S. 624, pp.633-634, citing *Northwest Airlines, Inc.* v. *Minnesota*, 322 U.S. 292, 303, "It is the pervasive nature of the scheme of federal regulation of aircraft noise that leads us to conclude that there is pre-emption.");

[13] See: United States v. Jackson, 850 F. Supp. 1481, 1497 (D. Kan. 1994) United States v. Minarik, 875 F.2d 1186 (6th Cir. 1989),

case no. 12-01731, at Doc 13-4) and to continue making her complete mortgage payments to

said GMAC Mortgage LLC (Servicer) absent a Partial Mortgage Release under FAR part 150,

instead of partial mortgage payment subsidized from PFC revenues.

5.  It was further part of the scheme that following the execution of the FAA 1992 quit claim

aviation easement/deed (See: 63 FR 16413 at Disclosure Requirements, FAA Response) by

Yvonne Lewis, defendant as Debtor in Possession, GMAC Mortgage LLC, filed bankruptcy on

behalf of Yvonne Lewis as a Bankruptcy Creditor of GMAC and did <u>not</u> disclose the transfer

by Aviation Easement/deed, thus stopping and delaying Loss mitigation collection and loan

modification to prevent foreclosure efforts by GMAC Bank (Servicer).

6.  It was further part of the scheme that from 2001 defendant GMAC Mortgage LLC continued to

collect full mortgage payment/money from Yvonne Lewis which would not be applied to the

mortgage escrow account, but would be converted to the personal use of others.

7.  On or about <u>May 14, 2012</u>, Defendant GMAC Mortgage LLC (filing debtor) for the purpose of

executing the scheme and artifice to defraud [id 371], caused a petition under title 11 to be

filed on behalf of Yvonne Lewis (creditor) listing as Debtor in Possession, GMAC/Ally Bank

(sub-servicer) and as an asset the residence at 1875 Alvason Avenue.

8.  On or about <u>Aug. 24, 2012</u>, Defendant GMAC (filing debtor) for the purpose of violating the

April 4, 2012 consent judgment's "Hardship Affidavit" and obtaining unlawful possession of

the subject FHA/FAA controlled property (49 U.S.C. § 106(f)&(g)) under the skimming

scheme [id 1715z-19], and artifice to defraud [id 371], caused a false writ of possession to be

executed as issued on June 4, 2012 (See: Doc 11-7, at pg. 3 of 7, P.7, "*writ of possession*"),

whereby the Franklin County Sheriff forcefully terminated the plaintiff's rights under the 1975

FHA Mortgage (See: **EXHIBIT A**) in violation of the "**national housing program**"

guidelines and Debtors obligations to mitigate under the DOJ/State AG Settlement and FRB

Order as incorporated in the April 4, 2012 "Consent Judgment" and in violation of this courts

interim orders Doc. 47 & 90 [see: Docs. 47 & 90],

All in violation of 18 U.S.C. §§ 2, 371, 1001, 1505, 1962; 12 U.S.C. §§ 1709, 1715z-19.

## CONCLUSION

Movants respectfully requests that an order be issued requiring defendants *as Debtors and Debtors in Possession,* GMAC/AFI (sub-servicer) and **ENGELHARDT** and **MARTIN**, *Counsel to the Debtors and Debtors in Possession,* to appear before this court and show cause why defendants should <u>not</u> be adjudged in contempt of this honorable court for aiding and abetting a false "self declaration" under "state common law" by Affidavit of James Whitlinger (Doc 6) and "Equity Skimming" and "RICO" by concealment of state law Judgment lien in case 05-jg-6455 and federal FAA, FAR part 150, preemptions 42 USC §§ 7573, 4621(c)(4) (See: Doc 13-4, at pg. 5, lines 1-8); And failure to mitigate loss nor modify the 1975 FHA mortgage loan (See: **EXHIBIT A**) of plaintiff Yvonne D. Moore a/k/a Yvonne Lewis as allegedly foreclosed upon on **Sept. 12, 2011** (See: Doc 11-7, at pg. 3 of 7, P.7) as within the class period beginning on January 1, 2008 and ending on December 31, 2011 for this courts interim orders, Doc. 47 & 90 [see: Docs. 47 & 90], as prematurely rejected by the state of Ohio notwithstanding the RICO enterprise in Ohio Related Bankr Case Nos. 2:05-bk-75111, and 2:07-bk-57237, USBRC, S.D., OH.; and 2:96-cv-494, and 2:08-cv-75, at Doc. No. 65 ("Dismissal Order"), USDC, S.D., OH..

Respectfully Submitted,

Dated: Sept. 19, 2012 _Sidney Lewis_          Dated: Sept. 19, 2012 _Yvonne D. Lewis_
                      Sidney T. Lewis, pro se                        Yvonne D. Lewis, pro se

## CERTIFICATE OF SERVICE

A copy of the foregoing: I. Objection/Notice; and, II. Motion for Show Cause/Notice, were served on Debtors counsels of record, and other parties to the instant action, by hand delivery, electronic mail service, or by certified U.S. Mail Service, Postage Prepaid on Sept. 19, 2012.

Dated: Sept. 19, 2012 _Sidney Lewis_          Dated: Sept. 19, 2012 _Yvonne D. Lewis_
                      Sidney T. Lewis, pro se                        Yvonne D. Lewis, pro se



935530008

:VOL **3553** PAGE **21**

STATE OF OHIO

FHA Form No. 2165M
Revised November 1972

P-27987

This form is used in connection with mortgages insured under the one- to four-family provisions of the National Housing Act.

# MORTGAGE DEED
## WITH DOWER

19296

KNOW ALL MEN BY THESE PRESENTS, THAT  Ronald L. Moore, by Yvonne D. Moore, his
Attorney-in-Fact, and Yvonne D. Moore, husband and wife, both being
over 18 years of age,

of The City of Columbus , County of Franklin 100's
and State of Ohio, the Grantor, for and in consideration of the sum of Twenty-four Thousand Eight Hundred and no/
Dollars (\$4,800.00), to him paid by  CENTRAL SAVINGS AND LOAN COMPANY

, a corporation organized and existing under the laws of
The United States of America , and having its principal place of business at 46 E. Gay Street,
Columbus, Ohio  43215 , Grantee, the receipt of which is hereby acknowledged, does give, grant,
bargain, sell, and convey unto the Grantee the following-described premises, situated in the  City
of  Columbus , County of  Franklin , State
of Ohio, and bounded and described as follows, to wit:

> Being Lot Number Seventeen (17) of ARGYLE PARK
> SUDDIVISION, as the same is numbered and
> delineated upon the recorded plat thereof, of
> record in Plat Book 36, page 6, Recorder's
> Office, Franklin County, Ohio.

Received....OCT....8...1975.. At............O'Clock...P..M  4:05 P
Recorded....OCT..8....1975...19...... In Franklin County
JAMES A. SCHAEFER, Recorder

Recorder's Fee \$.....4.00

Columbus, Ohio September 30, 1975
For value received, the undersigned hereby sells, assigns and sets over unto:
CITIZENS MORTGAGE CORPORATION, a corporation organized and existing under the
laws of the State of Delaware, whose address is, 24700 Northwestern Highway,
Southfield, Michigan 48075, all  its right, title and interest in and to the
within Mortgage, without recourse.

CENTRAL SAVINGS AND LOAN COMPANY

X _____ JAMES L. BEGARD, TREAS.

X _____ JANE G. CLARKSON
ASST. SECY.

Together with the privileges and appurtenances thereunto belonging, and all the rents, issues, and profits which may arise or be had therefrom; and all the estate, title, and interest of the said Grantor, either in law or in equity, of, in, and to the said premises; to have and to hold the above-granted and bargained premises, with all the privileges and appurtenances thereto belonging, including all building, plumbing, and lighting fixtures and equipment now or hereafter attached to or used in connection with the said premises, and all the rents, issues, and profits which may arise or be had therefrom, unto the said Grantee, its successors or assigns, forever. And the Grantor covenants that at and until the execution and delivery of these presents, he is well seised of the above-described premises in fee simple, and has good right to bargain and sell the same in manner and form above written, and that the same are free from all encumbrances whatsoever; and that he will warrant and defend said premises, with the above-mentioned appurtenances to the said Grantee, its successors and assigns, forever, against all lawful claims or claims and demands whatsoever.

And, for a valuable consideration, the said  Grantors _____
_____ does hereby remise, release, and forever quitclaim, unto the Grantee all right and title
of dower, in the above-described premises.

The conditions of this deed are such that whereas the Grantor has executed and delivered to the Grantee his certain promissory note, of even date herewith, in the principal sum of  Twenty-four Thousand Eight Hundred and no/100's------
Dollars (\$24,800.00) with interest from date at the rate of  Nine percentum ( 9 %) per
annum on the unpaid balance until paid, said principal and interest being payable at the office of Citizens Mortgage Corporation
24700 Northwestern Highway , or at such other place as the holder may designate in writing, in monthly installments of
Southfield, Michigan 48075
One Hundred Ninety-nine and 64/100's------------------ Dollars (\$ 199.64 ), commencing on
the first day of  November , 19 75, and on the first day of each month thereafter until the principal and interest are fully
paid, except that the final payment of principal and interest, if not sooner paid, shall be due and payable on the first day of  October, 2005.

3221

EXHIBIT    A

VOL 3553 PAGE 22

AND WHEREAS the Grantor further covenants and agrees that:

1. He will promptly pay the principal of and interest on the indebtedness evidenced by the said note, at the times and in the manner therein provided. Privilege is reserved to pay the debt in whole or in an amount equal to one or more monthly payments on the principal that are next due on the note, on the first day of any month prior to maturity; provided, however, that written notice of an intention to exercise such privilege is given at least thirty (30) days prior to prepayment.

2. In order more fully to protect the security of this deed, he will pay to the Grantee, together with, and in addition to, such payments of principal and interest, the following sums:

(a) An amount sufficient to provide the holder hereof with funds to pay the next mortgage insurance premium if this instrument and the note secured hereby are insured, or a monthly charge (in lieu of a mortgage insurance premium) if they are held by the Secretary of Housing and Urban Development, as follows:

(I) If and so long as said note of even date and this instrument are insured or are reinsured under the provisions of the National Housing Act, an amount sufficient to accumulate in the hands of the holder one (1) month prior to its due date the annual mortgage insurance premium, in order to provide such holder with funds to pay such premium to the Secretary of Housing and Urban Development pursuant to the National Housing Act, as amended, and applicable Regulations thereunder; or

(II) If and so long as said note of even date and this instrument are held by the Secretary of Housing and Urban Development, a monthly charge (in lieu of a mortgage insurance premium) which shall be in an amount equal to one-twelfth (1/12) of one-half (½) per centum of the average outstanding balance due on the note computed without taking into account delinquencies or prepayments;

(b) A sum equal to the ground rents, if any, next due, plus the premiums that will next become due and payable on policies of fire and other hazard insurance protecting the premises covered hereby, plus taxes and assessments next due on the premises covered by this deed (all as estimated by the Grantee) less all sums already paid therefor divided by the number of months to elapse before one month prior to the date when such ground rents, premiums, taxes and assessments will become delinquent, such sums to be held by the Grantee in trust to pay said ground rents, premiums, taxes and special assessments before the same become delinquent; and

(c) All payments mentioned in the two preceding subsections of this paragraph and all payments to be made under the note secured hereby shall be added together, and the aggregate amount thereof shall be paid by the Grantor each month in a single payment to be applied by the Grantee to the following items in the order set forth:

(I) premium charges under the contract of insurance with Secretary of Housing and Urban Development, or monthly charge (in lieu of mortgage insurance premium), as the case may be;

(II) ground rents, taxes, special assessments, fire and other hazard insurance premiums;

(III) interest on the note secured hereby; and

(IV) amortization of the principal of said note.

Any deficiency in the amount of such aggregate monthly payments shall, unless made good by the Grantor prior to the due date of the next such payments, constitute an event of default under this deed. The Grantee may collect a "late charge" not to exceed two cents (2¢) for each dollar ($1) of each payment more than fifteen (15) days in arrears to cover the extra expense involved in handling delinquent payments.

3. If the total of the payments made by the Grantor under subsection (b) of paragraph 2 preceding shall exceed the amount of the payments actually made by the Grantor for ground rents, taxes, or assessments or insurance premiums, as the case may be, such excess, at the option of the Grantor, shall be credited by the Grantee on subsequent payments to be made by the Grantor, or refunded to the Grantor. If, however, the monthly payments made by the Grantor under subsection shall not be sufficient to pay ground rents, taxes, or assessments or insurance premiums, when the same shall become due and payable, then the Grantor shall pay to the Grantee any amount necessary to make up the deficiency, on or before the date when payment of such ground rents, taxes, assessments or insurance premiums shall be due. If at any time the Grantor shall tender to the Grantee, in accordance with the provisions of said note, full payment of the entire indebtedness represented thereby, the Grantee shall, in computing the amount of such indebtedness, credit to the account of the Grantor all payments made under the provisions of subsection (a) of paragraph 2, above, which the Grantor has not become obligated to pay to the Secretary of Housing and Urban Development, and any balance remaining in the funds accumulated under the provisions of subsection (b) of paragraph 2. If there shall be a default under any of the provisions of this deed resulting in a public sale of the premises covered hereby or if the Grantee acquires the property otherwise after default, the Grantee shall apply, at the time of the commencement of such proceedings, or at the time the property is otherwise acquired, the balance then remaining in the funds accumulated under such subsections (b) of paragraph 2 as a credit against the amount of principal then remaining unpaid under said note, and shall properly adjust any payments which shall have been made under subsection (a) of paragraph 2.

4. He will pay all ground rents, taxes, assessments, water rates, and other governmental or municipal charges, fines, or impositions, levied upon said premises, or upon the interest of the Grantee in and to said premises, for which provision has not been made hereinbefore, and in default thereof the Grantee may pay the same; and he will promptly deliver the official receipts therefor to the Grantee.

5. The Grantee, its successors or assigns, shall have the right to pay any ground rents, taxes, assessments, water rents, and other governmental or municipal charges, fines or impositions, which the Grantor has agreed to pay under paragraph 4, above, and to make any payments hereinabove provided to be made by the Grantor in subsections (a) and (b) of paragraph 2 hereof, and any amount so paid by the Grantee shall then be added to the principal debt named herein and bear interest at the rate set forth in the note secured hereby, payable monthly, from the date of such payment, and be secured by this deed.

6. He will keep the improvements now existing or hereafter erected on the premises covered by this deed, insured as may be required from time to time by the Grantee against loss by fire and other hazards, casualties and contingencies including war damage insurance, in such amounts and for such periods as may be required by the Grantee and with pay promptly, when due, any premiums on such insurance provision for payment of which has not been made hereinbefore. All insurance shall be carried in companies approved by the Grantee and the policies and renewals thereof shall be held by the Grantee and have attached thereto loss-payable clauses in favor of and in form acceptable to the Grantee. In event of loss Grantor will give immediate notice by mail to the Grantee, who may make proof of loss if not made promptly by Grantor, and each insurance company concerned is hereby authorized and directed to make payment for such loss directly to the Grantee instead of to the Grantor and the Grantee jointly, and the insurance proceeds, or any part thereof, may be applied by the Grantee at its option either to the reduction of the indebtedness hereby secured or to the restoration or repair of the property damaged. In event of foreclosure of this mortgage deed, or other transfer of title to the property covered hereby in extinguishment of the indebtedness secured hereby, all right, title and interest of the Grantor in and to any insurance policies then in force shall pass to the purchaser or Grantee.

7. He will keep the mortgaged premises in as good order and condition as they are now, and will not commit or permit waste, reasonable wear and tear excepted.

8. That if the premises, or any part thereof, be condemned under any power of eminent domain, or acquired for a public use, the damages, proceeds, and the consideration for such acquisition, to the extent of the full amount of indebtedness upon this Mortgage, and the Note secured hereby remaining unpaid, are hereby assigned by the Grantor to the Grantee and shall be paid forthwith to the Grantee to be applied by it on account of the indebtedness secured hereby, whether due or not.

9. The Grantor further agrees that should this deed and the note secured hereby not be eligible for insurance under the National Housing Act within  60 days  from date hereof (written statement of any officer of the Department of Housing and Urban Development or authorized agent of the Secretary of Housing and Urban Development dated subsequent to the  aforesaid  time from the date of this deed, declining to insure said note and this deed, being deemed conclusive proof of such ineligibility) the Grantee or the holder of the note may, at its option, declare all sums secured hereby immediately due and payable.

EX. A

VOL 3553 PAGE 23

10. Upon a default in any of the terms of the note secured hereby, or upon a breach of any condition or covenant of this deed, the rents of the real estate herein described shall immediately accrue to the benefit of the Grantee, and such rents shall be immediately payable to the Grantee.

11. Upon any default in the note secured hereby, or under this deed, foreclosure proceedings may be instituted, at the option of the Grantee. In any such action, the Grantee shall be entitled, without notice and without regard to the adequacy of the security of the debt, to the appointment of a receiver of the rents and profits of the mortgaged premises and in case of any other suit, or legal proceeding, wherein the Grantee shall be made a party thereto by reason of this mortgage, its costs and expenses, and the reasonable fees and charges of the attorneys or solicitors of the Grantee, so made parties, for services in such suit or proceedings, shall be a further lien and charge upon the said premises under this mortgage, and all such expenses shall become so much additional indebtedness secured hereby and be allowed in any decree foreclosing this mortgage.

12. The Grantee is authorized and empowered to do all things provided to be done by a mortgagee under Section 1311-14 of the Revised Code, and under the Act of the Legislature passed May 27, 1915, 106 Ohio Laws, Pages 523-534, and any amendments or supplements thereto.

Now, therefore, If the Grantor shall well and truly perform all the conditions of this deed, and of the note secured hereby, then this deed shall be void; otherwise, it shall remain in full force and virtue.

The covenants herein contained shall bind, and the benefits and advantages shall inure to, the respective heirs, executors, administrators, successors and assigns of the parties hereto. Whenever used, the singular number shall include the plural, the plural the singular, and the use of any gender shall include all genders.

IN WITNESS WHEREOF, the Grantor (s) ha ve hereunto set   their .  hand s . this   30th.
day of   September .  , A.D. 19 75 .            *Ronald L. Moore By*

            *Yvonne D. Moore Atty. In fact*

Signed, acknowledged and delivered in the presence of   by Yvonne D. Moore, his Attorney-in-Fact

            *Yvonne D. Moore*
            Yvonne D. Moore

STATE OF OHIO      )
                  ) ss.
COUNTY OF Franklin )

Before me, the undersigned, a   Notary Public   in and for said State and County, personally appeared the above named, Ronald L. Moore and Yvonne D. Moore   who is the above mortgage deed, and severally acknowledged the signing thereof, and that such signing was their free act and deed, for the uses and purposes therein mentioned.

IN ADDITION WHEREOF, I have hereunto signed my name, and affixed my official seal, this   30th   day
of   September , A.D. 19 75 .

            FRANK D. FARKAS
            NOTARY PUBLIC, FRANKLIN COUNTY, OHIO
            MY COMMISSION EXPIRES AUG. 27, 1910

The conditions of this mortgage have been complied with, and the same is fully paid, satisfied and discharged.

The form of this instrument was prepared by the Office of the General Counsel, Department of Housing and Urban Development, and the material in the blank space in this form was inserted by or under the direction of   Central Savings and Loan Company .

EX,   A



**GENERAL WARRANTY DEED**
STATUTORY FORM  Rev. Code, Secs. 5301.01 to .06                                          National Graphics Corp., Cols., O.
                                                                                          Form No. L-19-11

**Know all Men by These Presents;** That Willie Joe Cook and Frances G. Cook,
husband and wife,            Franklin                   County,  Ohio            for
One Dollar ($1.00) and other good and
valuable consideration paid, grant s , with general warranty covenants, to  Ronald L. Moore and
Yvonne D. Moore, husband and wife,      , whose tax mailing address is
1875 Alvason Avenue, Columbus, Ohio
                         , the following real property: Situated in the County of

Franklin       in the State of    Ohio                and in the    City
of      Columbus      and bounded and described as follows:
                                                                                      22508

Being Lot Number Seventeen (17) of ARGYLE PARK SUBDIVISION,
as the same is numbered and delineated upon the recorded plat
thereof, of record in Plat Book 36, page 6, Recorder's Office,
Franklin County, Ohio.

This conveyance is subject to the lien of any taxes and assessments
not now due and payables; zoning ordinances and regulations ; legal
highways; and restrictions, conditions reservations and easements of
record.

Prior Instrument of Reference:  Volume 2570      , Page 475      .

* wife-husband of the grantor, releases all rights of
dower therein.

Witness     their     hands this     30th day of    September            , 19 75 .

Signed and acknowledged in the presence of:

_____                    Willie Joe Cook
                                            X Willie Joe Cook

Kathryn A. Rose                             Frances G. Cook
                                            X Frances G. Cook

THE STATE OF OHIO,        Franklin        COUNTY, ss.
Be It Remembered, That on this    30th        day of    September        , 1975 ,
before me, the subscriber, a    Notary Public      in and for said County, personally came the
above named, Willie Joe Cook and Frances G. Cook, husband and wife,
the Grantor s in the foregoing Deed, and acknowledged the signing of the same to be    their
voluntary act and deed, for the uses and purposes therein mentioned.
In Testimony Whereof, I have hereunto subscribed my name and affixed my official seal, on the day
and year last aforesaid.
This Instrument was prepared by                    Kathryn A. Rose
                                            KATHRYN A. ROSE
                                            NOTARY PUBLIC, FRANKLIN COUNTY, OHIO
J. C. Chiodo, V. Attorney at Law            MY COMMISSION EXPIRES MARCH 17, 1979
105 East Livingston Avenue, Columbus , Ohio   43215
1. Name or names of Grantor(s) and marital status.
2. Description of real estate or interest therein and encumbrances, reservations, and exceptions, if any.
3. Delete whichever is not applicable.

This space for Auditor's Stamp      TRANSFER TAX        This space for Recorder's Stamp

TRANSFERRED                          PAID              Received   OCT 6 1975         4.00
OCT 6 1975                          $ 2.90 - D/        Recorded  OCT. 8 ... 1975 ...19..... in Franklin County
ARCH J. WARREN                      By                           JAMES A. SCHAEFER, Recorder
AUDITOR                             ARCH J. WARREN              Recorder's Fee $...00
FRANKLIN COUNTY, OHIO               FRANKLIN COUNTY, AUDITOR

EX.    14

**OHIO**

| | |
|---|---|
| COUNTY OF | FRANKLIN |
| LOAN NO 1: | 4002455385 |
| LOAN NO 2: | 002455384 |
| INVESTOR: | 01537 |
| POOL NO: | X00008228 |
| INVESTOR TYPE: | GNMA |

**WHEN RECORDED MAIL TO:**

BayView Portfolio Services, Inc.
3631 S. Harbor Blvd., Suite 200
PO BOX 25079
Santa Ana, CA 92704-6951

Prepared By Production Group

## Assignment of Real Estate Mortgage

FOR VALUE RECEIVED, the undersigned as Mortgagee ("ASSIGNOR"), hereby grants, conveys, assigns and transfers to
CITICORP MORTGAGE, INC., A DELAWARE CORPORATION
27555 FARMINGTON ROAD, FARMINGTON HILLS, MI 48334-3357

("Assignee") all beneficial interest under that certain mortgage dated                9/30/75        executed by
RONALD L. MOORE, BY YVONNE D. MOORE, HIS ATTORNEY-IN-FACT, AND YVONNE D. MOORE, HUSBAND AND WIFE, BOTH
BEING OVER 18 YEARS OF AGE.
                                                                                                Mortgagor, to

CENTRAL SAVINGS AND LOAN COMPANY
                                                                                Mortgagee, and

recorded as    Instrument No.                             on    10/8/75    in    Book                3338
Page                    21   , Micro Film            , of Official Records in the office of the County Recorder of
FRANKLIN                    County, Ohio    as described in said mortgage.

PIN: 10-136633

Together with the note or notes therein described or referred to, the money due and to become due thereon
with interest, and all rights accrued or to accrue under said Mortgage.

Dated:        11/1/00                                CHASE MORTGAGE COMPANY, AN OHIO CORPORATION, F/K/A
                                                    CHEMICAL MORTGAGE COMPANY

                                                    3415 VISION DRIVE, COLUMBUS, OH 43219

                                                    By _____
                                                        ROBERT ZIERTEN
                                                        VICE PRESIDENT

STATE OF    CALIFORNIA                )
                                     ) SS
COUNTY OF    ORANGE                   )

On        11/1/00        before me,            MONICA LADZINSKI                    personally appeared
ROBERT ZIERTEN, VICE PRESIDENT,

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s)
is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the
entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal

NOTARY PUBLIC
MONICA LADZINSKI
My commission expires    8/18/02
This instrument was prepared by: Production Group, BayView PS
3631 S. Harbor Blvd., Suite 200, Santa Ana, CA 92704

*EXHIBIT A-1*

 **Mike DeWine**
Ohio Attorney General

**Consumer Protection**
Office    (614) 466-8831
Fax       (614) 466-8898

30 East Broad Street, 14th Floor
Columbus, Ohio 43215
www.ohioattorneygeneral.gov

January 13, 2011

Sidney T. Lewis
Yvonne D. Webb-Lewis
1875 Alvason Avenue
Columbus, Ohio 43219

Dear Mr. and Mrs. Lewis:

I am in receipt of your constituent inquiry received by our office on December 9, 2010. Your request was forwarded to the Consumer Protection Section for review. I am writing to follow up on your request for our office to review the documents that you submitted with respect to your difficulties with American Investment Life Insurance Company (AILIC), regarding equity indexed annuities. I am sorry to know of the difficulties you are facing.

First, you asked us to confirm whether the notice of defective living trust was given to the State of Ohio. In reviewing your documents, I am assuming you are asking whether or not we received noticed of the class actions that are referenced in the documents. Unfortunately, I cannot answer this question for you as the Consumer Protection Section does not generally receive notices related to insurance and annuities class actions.

Second, in reviewing the documents attached, it appears that you wanted us to review and take action with respect to the court's decision on AILIC's class action settlement related to annuities and living trusts that were sold, apparently, between 1997 and 2007. First, the matter relates to a court decision and we do not have the authority to overturn the court's decision. Second, this also appears to be a matter concerning a transaction that is at least three years old and the statute that we enforce, the Ohio Consumer Sales Practices Act has a time limitation of two years.

I did confer with Greg Mobley with the Ohio Department of Insurance concerning your inquiry with us, since matters related to insurance and annuities are usually referred to them as we do not have jurisdiction over these matters. Mr. Mobley has informed me that you have filed a separate complaint with them and that they will be providing a response soon.

EXHIBIT B

Ohio Attorney General Mike DeWine
January 13, 2011
Page 2


I apologize that I cannot be of further assistance to you at this time. You may want to speak with your attorney, concerning what other options may be available to you. If you are not currently represented by an attorney, you may want to call the Columbus Bar Association Lawyer Referral Service at 614/221.0754 or toll-free at 877/560.1014.

Very truly yours,

MIKE DEWINE
Ohio Attorney General

Susan Choe
Section Chief
Consumer Protection
(614) 466-1306
FAX (614) 466-8898
Susan.choe@ohioattorneygeneral.gov


EX. B

UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF NEW YORK;

| | |
|---|---|
| In Re: Residential Capital, LLC., et al., And, )<br>In Re: GMAC, Mortgage Co., et al, )<br>     Debtors ) | Case No. <u>12-bk-12020 (MG)</u><br>Chapter_____ (Ch.11, Joint Admin. )<br>) (Related BR Case No.07-bk-57237, S.D., OHIO)<br>) (Related BR Case No. 12-bk-12032, S.D., N.Y.)<br>)    JUDGE: GLENN, MARTIN |

```
In Re: Residential Capital, LLC., et al., And, )    Case No. 12-bk-12020 (MG)
In Re: GMAC, Mortgage Co., et al,              )    Chapter_____ (Ch.11, Joint Admin. )
        Debtors                                )  (Related BR Case No.07-bk-57237, S.D., OHIO)
                                               )  (Related BR Case No. 12-bk-12032, S.D., N.Y.)
                                               )     JUDGE: GLENN, MARTIN
                                               )
UNITED STATES of America, Ex Rel.,             )
Yvonne D. Lewis, et al.,                       )    Adversary Case No.:  1:12-av-1731
        Plaintiffs/ Surplus Creditors          )  (Related Case Nos. 1:12-bk-12020, 1:12-bk-12032;
Vs.                                            )   05-CV-7346 (03-CV-7478); 03-CV-10836;
                                               )   05-CV-4555; 03-CV-6954);(11-AP-875,
 GMAC, Mortgage Co., et al,                    )   COA10th Dist., OHIO), (10-AP-110, COA10th
        Defendants/ Bankrupt Debtors,          )   Dist., OHIO)
                                               )
```

IN THE UNITED STATES DISTRICT COURT, S. D. OF OHIO
EASTERN DIVISION (at Columbus)

```
UNITED STATES of America, Ex Rel.,
Sidney T. Lewis, et al.,
        Plaintiffs,                     )     Action No. 2:08-cv-1042
                                         (Related Dist. Ct. Cases 2:08-cv-16; 2:96-cv-494;
Vs.                                     )  2:08-cv-75 at Doc. 65 "Dismissal", 2:09-cv-179);
                                              JUDGE: HOLSCHUH
                                        )     Magistrate Judge: KING
Larry McClatchey, et al.,               )
Emens, Hurd, Kegler & Ritter nka
Emens, Kegler, Brown, Hill & Ritter, LPC.   )
        Defendants.
```

---

**PRAECIPE**

---

To the Clerks of the Bankruptcy Court:

1. Please find enclose one (1) copy of the following *Motion/Notice for Leave to File First Amended Complaint* to be filed in case no. **1:12-adv-1731** with your court instanter.

2. Please find enclose one (1) copy of the following *Objection/Notice (doc.14)* and *Motion/Notice for Show Cause (doc.6)* to be filed in case no. **1:12-adv-1731** with your court instanter.

Respectfully Submitted,

Dated: Sept. 19, 2012 _____*Sidney Lewis*_____    Dated: Sept. 19, 2012 _____*Yvonne D. Lewis*_____
                      Sidney T. Lewis, pro se                           Yvonne D. Lewis, pro se