UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |

### AFFIDAVIT OF DISINTERESTEDNESS

| | |
|---|---|
| STATE OF PENNSYLVANIA | ) |
| | ) ss: |
| COUNTY OF PHILADELPHIA | ) |

Ricky M. Guerra, being duly sworn, upon his/her oath, deposes and says:

1. I am an associate of Lavin, O'Neil, Ricci, Cedrone & DiSipio, located at 190 N. Independence Mall W., Suite 500, Philadelphia, Pennsylvania 19106 (the "Firm").

2. The above-captioned debtors and debtors-in-possession (each a "Debtor" and collectively the "Debtors") have requested that the Firm provide legal services to the Debtors, and the Firm has consented to provide such services.

3. The Firm may have performed services in the past, may currently perform services, and may perform services in the future, in matters unrelated to the above-captioned cases (the "Chapter 11 Cases"), for persons that are parties-in-interest in the Debtors' Chapter 11 Cases. The Firm does not perform services for any such person in connection with these Chapter 11 Cases, or have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates.

4. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these Chapter 11 Cases,

ny-1050237

5. Neither I nor any officer, director or shareholder of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Firm.

6. Neither I nor any officer, director or shareholder of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which this Firm is to be employed.

7. The Debtors owe the Firm $0.00 for prepetition services, the payment of which is subject to limitations contained in the United States Bankruptcy Code, 11 U.S.C. § 101, et seq.

8. As of the Petition Date, the Firm was not party to an agreement for indemnification with certain of the Debtors.

9. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 25, 2012

_____
RICKY M. GUERRA

Sworn to and subscribed before me
this 25th day of September, 2012.

_____
Notary Public

ny-1050237

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
CLARA E. BROWN, Notary Public
City of Philadelphia, Phila. County
My Commission Expires December 28, 2012

*In re Residential Capital, LLC*, et al.
Chapter 11 Case No. 12-12020 (MG)

RETENTION QUESTIONNAIRE[1]

TO BE COMPLETED BY PROFESSIONALS EMPLOYED BY RESIDENTIAL CAPITAL, LLC, et al. (the "Debtors")

THIS QUESTIONNAIRE WILL BE FILED WITH THE COURT ON YOUR BEHALF. PLEASE REMIT IT TO THE FOLLOWING ADDRESS:

> Morrison & Foerster LLP
> 1290 Avenue of the Americas
> New York, New York 10104
> Attn: Norman S. Rosenbaum and Jordan A. Wishnew

All questions **must** be answered. Please use "none," "not applicable," or "N/A," as appropriate. If more space is needed, please complete on a separate page and attach.

1. Name and address of firm:

    Lavin, O' Neil, Ricci, Cedrone & DiSipio

    190 N. Independence Mall W., Suite 500

    Philadelphia, PA 19106

2. Date of original retention: May 25, 2012

3. Brief description of legal services to be provided:

    Representation of debtor in litigation related to

    debtor's mortgage foreclosure actions.

4. Arrangements for compensation (hourly, contingent, etc.)

    (a) Average hourly rate (if applicable): Approximately $300

    (b) Estimated average monthly compensation (based on prepetition retention if firm was employed prepetition):

    Approximately $13,650 based upon post-petition services provided to date

---

[1] All amounts are either owing in U.S. Dollars or have been converted to U.S. Dollars based upon the applicable exchange rate in effect on the Petition Date.

1

ny-1050235

5. Prepetition claims against any of the Debtors held by the firm: <u>None</u>

   Amount of claim: <u>Not applicable</u>

   Date claim arose: <u>Not applicable</u>

   Source of claim: <u>Not applicable</u>

6. Prepetition claims against any of the Debtors held individually by any member, associate, or professional employee of the firm: <u>None</u>

   Name: <u>Not applicable</u>

   Status: <u>Not applicable</u>

   Amount of Claim: <u>Not applicable</u>

   Date claim arose: <u>Not applicable</u>

   Source of Claim: <u>Not applicable</u>

7. Stock of any of the Debtors currently held by the firm: <u>None</u>

   Kind of shares: <u>Not applicable</u>

   No. of shares: <u>Not applicable</u>

8. Stock of any of the Debtors currently held individually by any member, associate, or professional employee of the firm: <u>None</u>

   Name: <u>Not applicable</u>

   Status: <u>Not applicable</u>

   Kind of shares: <u>Not applicable</u>

   No. of shares: <u>Not applicable</u>

9. Disclose the nature and provide a brief description of any interest adverse to the Debtors or to their estates with respect to the matters on which the above-named firm is to be employed.

   <u>We have only had one situation where a conflicts possibility has arisen regarding the debtor's retention of our services in *Bank of America, N.A., as successor by merger to LaSalle Bank N National Association as Trustee*</u>

<u>*for RAMP 2007RZI vs. Patricia and Ronald Dewees*. The conflict concern was with a case captioned, *Matthew Laffer v. GE MoneyBank*, where our firm represents GE Money Bank and Bank of America is a co-defendant. Plaintiff Laffer is alleging violations of the Fair Credit Reporting Act by GE Money Bank and Bank of America, disputes the manner in which GE Money Bank reports the GE Money Bank account and also disputes the way Bank of America reports the Bank of America account. Our client, GE Money Bank will **not** be asserting any claims against Bank of America in that matter. In an abundance of caution we have obtained executed waiver of conflict letters from both clients.</u>

10. Amount of any retainer received from the Debtors held by the firm: <u>None</u>

    (a) As of May 14, 2012: <u>Not applicable</u>

    (b) Balance remaining after application to invoices due and owing prior to May 14, 2012:

    <u>Not applicable</u>

Name: *[signature]*
      Ricky Mario Guerra
Title:  Associate