UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| RESIDENTIAL CAPITAL, L.L.C., *et al.* | § | 12-12020 (MG) |
| | § | |
| Debtors. | § | Jointly Administered |
| | § | |

**LIMITED OBJECTION OF LEWISVILLE INDEPENDENT SCHOOL DISTRICT AND CARROLLTON-FARMERS BRANCH INDEPENDENT SCHOOL DISTRICT TO DEBTORS' MOTION PURSUANT TO 11 U.S.C. §§105, 363(b), (f), AND (m), 365 AND 1123, AND FED. R. BANKR. P. 2002, 6004, 6006 AND 9014 FOR ORDERS: (A)(I) AUTHORIZING AND APPROVING SALE PROCEDURES, INCLUDING BREAK-UP FREE AND EXPENSE REIMBURSEMENT; (II) SCHEDULING BID DEADLINE AND SALE HEARING; (III) APPROVING FORM AND MANNER OF NOTICE THEREOF; AND (IV) GRANTING RELATED RELIEF AND (B)(I) AUTHORIZING THE SALE OF CERTAIN ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) AUTHORIZING AND APPROVING ASSET PURCHASE AGREEMENTS THERETO; (III) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES RELATED THERETO; AND (IV) GRANTIN RELATED RELIEF**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Now come Lewisville Independent School District (hereinafter "LISD") and Carrollton-Farmers Branch Independent School District (hereinafter "CFBISD"), collectively referred to herein as the School Districts, and file this their Limited Objection to the Debtors' Motion Pursuant to 11 U.S.C. §§0105, 363(b), (f) and (m), and 1123, and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 for Orders: (A)(I) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expense Reimbursement; (II) Scheduling Bid Deadline and Sale

1

Hearing; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Asset Purchase Agreements Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief (Docket No. 61) (hereinafter the Motion"), objecting to the sale of property free and clear of the School Districts' tax liens without adequate protection, and would respectfully show the Court in support thereof the following:

1. According to its tax records, LISD currently holds claims against Debtors for unpaid 2012 ad valorem taxes on business personal property and real property owned by Debtors and located within LISD's taxing jurisdiction. According to its tax records, CFBISD currently holds a claim against Debtors for unpaid 2012 ad valorem taxes on real property owned by Debtors and located within CFBISD's taxing jurisdiction.

2. The School Districts are secured creditors of Debtors' bankruptcy estate by virtue of their statutory tax liens. Pursuant to Texas law, first priority liens automatically attach on January 1 of each tax year to secure payment of all taxes, penalties, and interest ultimately imposed on the property by the School Districts for the relevant tax year on property located within the School Districts' taxing jurisdictions. Texas Tax Code §32.01 provides in relevant part:

> (a) On January 1 of each year, a tax lien attaches to property to secure the payment of all taxes, penalties, and interest ultimately imposed for the year on the property, whether or not the taxes are imposed in the year the lien attaches. The lien exists in favor of each taxing unit having power to tax the property.

      (b)  A tax lien on inventory, furniture, equipment, or other personal property is a lien in solido and attaches to all inventory, furniture, equipment, and other personal property that the property owner owns on January 1 of the year the lien attaches or that the property owner subsequently acquires.

...

2.    Furthermore, pursuant to Section 32.07 of the Texas Tax Code, Debtors, to the extent the owners of property on January 1 of the relevant tax years, are personally liable for the full amount of taxes due. *See*, Tex. Tax Code §32.07.

3.    Pursuant to Texas Tax Code §32.05(c), the School Districts' secured tax liens, with limited exceptions not applicable in this case, take priority over the claim of any creditor of a person whose property is encumbered by the liens, regardless of whether the debt, lien, future interest, or other encumbrances existed before the attachment of the lien. *See*, Tex. Tax Code §32.05(c). Therefore, the School Districts have first priority liens on all property owned by Debtor and subject to the School Districts' tax liens.

4.    The School Districts do not oppose the Debtor selling assets as proposed in the Motion. However, the School Districts have not consented to the sale of property free and clear of their statutory tax liens, and object to the Motion to the extent no provision is made for adequate protection of the School District's tax liens, including payment at closing of any taxes due and owing to the School Districts on any property subject to the School Districts' tax liens which is to be sold pursuant to the Sales proposed in the Motion. The School Districts assert that they are entitled to adequate protection of their tax liens under 11 U.S.C. §363, that any proceeds of the sale of property subject to the School Districts' tax liens will be the School Districts' cash collateral, and seek assurance that no proceeds of the Sale will be

distributed to other creditors of lower priority prior to payment or segregation of funds for payment of the School Districts claims.

5. The 2012 ad valorem taxes are currently due and owing. Therefore, the School Districts request that Debtors be required to pay all taxes due and owing to the School Districts' on any property sold, including any interest thereon, at the closing of the sale(s). In addition to providing adequate protection to the School Districts, payment of all taxes due and owing will avoid the Debtors' estates incurring further interest on the School Districts' secured claims at the rate of 1% per month pursuant to 11 U.S.C. §506(b), 11 U.S.C. §511 and Texas Tax Code §33.01.

6. In the alternative, to the extent any taxes are not paid at the closing of the Sales, the School Districts request that, as adequate protection of the School Districts' tax liens, any sale order(s) provide that the tax liens shall remain on the property and be designated as assumed liabilities of the Purchaser(s), or that the Debtor be required to segregate sufficient proceeds of the sale(s) to satisfy the School Districts' taxes, and any interest thereon, with the School Districts' tax liens attaching to such segregated funds with the same validity, priority, and extent as such liens currently hold on the Debtors' property.

7. Additional tax liens securing 2013 taxes will attach to Debtors' taxable property located with the School Districts' taxing jurisdictions on January 1, 2013. *See*, Tex. Tax Code §32.01. Therefore, to the extent any proposed Sales do not close on or before January 1, 2013, the School Districts request clarification in the sale order(s) that any and all ad valorem tax liens for the 2013 tax year shall be specifically retained.

WHEREFORE, PREMISES CONSIDERED, the School Districts hereby request that, if the Court approves the Sales proposed in the Motion, the Order(s) approving the Sales provide for payment of any and all ad valorem tax amounts due and owing to the School Districts at the time of sale, retention of any ad valorem tax liens for unpaid taxes (including, but not limited to, 2013 tax liens if a sale closes on or after January 1, 2013), or other adequate protection as set forth herein, and such other relief to which they may show themselves justly entitled.

Respectfully submitted,

/s/ Andrea Sheehan
Andrea Sheehan
State Bar No. 24002935
LAW OFFICES OF ROBERT E. LUNA, P.C.
4411 North Central Expressway
Dallas, Texas 75205
(214) 521-8000  Phone
(214) 521-1738  Fax
sheehan@txschoollaw.com

ATTORNEYS FOR LEWISVILLE
INDEPENDENT SCHOOL DISTRICT AND
CARROLLTON-FARMERS BRANCH
INDEPENDENT SCHOOL DISTRICT

/s/ J. Ted Donovan
J. Ted Donovan, Esq.
Goldberg Weprin Finkel Goldstein LLP
1501 Broadway, 22nd Floor
New York, NY 10036
General phones: (212) 221-5700
Telecopier: (212) 422-6836

LOCAL COUNSEL FOR LEWISVILLE
INDEPENDENT SCHOOL DISTIRCT AND
CARROLLTON-FARMERS BRANCH
INDEPENDENT SCHOOL DISTRICT