**DUANE MORRIS LLP**
Wendy M. Simkulak, Esquire (WS-8945)
1540 Broadway, 14th Floor
New York, NY 10036-4086
(212) 692-1000 (Telephone)
(212) 692-1020 (Facsimile)
and
Richard W. Riley, Esquire
222 Delaware Avenue, Suite 1600
Wilmington, Delaware 19801
(302) 657-4900 (Telephone)
(302) 657-4901 (Facsimile)
Counsel for PHH Mortgage Corporation

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | : Chapter 11 Case |
| | : |
| RESIDENTIAL CAPITAL, LLC, *et al.* | : |
| | : Case No. 12-12020 |
| Debtors. | : |
| | : Jointly Administered |

**LIMITED RESPONSE OF PHH MORTGAGE CORPORATION TO DEBTORS' MOTION PURSUANT TO 11 U.S.C. § § 105, 363(B), (F) AND (M), 365 AND 1123, AND FED. R. BANKR. P. 2002, 6004, 6006, AND 9014 FOR ORDERS: (A)(I) AUTHORIZING AND APPROVING SALE PROCEDURES, INCLUDING BREAK-UP FEE AND EXPENSE REIMBURSEMENT; (II) SCHEDULING BID DEADLINE AND SALE HEARING; (III) APPROVING FORM AND MANNER OF NOTICE THEREOF; AND (IV) GRANTING RELATED RELIEF AND (B)(I) AUTHORIZING THE SALE OF CERTAIN ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) AUTHORIZING AND APPROVING ASSET PURCHASE AGREEMENTS RELATED THERETO; (III) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES RELATED THERETO; AND (IV) GRANTING RELATED RELIEF**

PHH Mortgage Corporation, on behalf of itself and its predecessors-in-interest including, but not limited to, Bishop's Gate Residential Mortgage Trust and Cendant Residential Mortgage Trust (collectively, "PHH"), by and through its undersigned counsel, hereby file this Limited Response (the "Response") to the Debtors' Motion Pursuant to 11 U.S.C. § § 105, 363(b), (f) and (m), 365 and 1123, and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 for Orders: (A)(I)

Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expense Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, And Other Interests; (II) Authorizing and Approving Asset Purchase Agreements Related Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief (the "Motion"). In support of the Response, PHH respectfully states as follows:

## BACKGROUND

1.  On or about May 14, 2012 (the "Petition Date"), Residential Capital, LLC and certain of its affiliates (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2.  On or about the Petition Date, the Debtors filed the Motion which, *inter alia*, seeks to sell the Debtors' "mortgage origination and servicing platform . . . including certain financial assets to Nationstar [Mortgage LLC] and legacy loan portfolio to [Ally Financial Inc.]." *See* Motion ¶ 2.

3.  Prior to the Petition Date, PHH entered into certain mortgage loan flow purchase, sale and servicing agreements (collectively, the "Agreements")[1] with one or more of the Debtors or their predecessors pursuant to which a Debtor (or a predecessor thereof) agreed to purchase

---

[1] Those Agreements include, but are not limited to: (i) Mortgage Loan Flow Purchase, Sale & Servicing Agreement dated as of March 26, 2002, by and between Residential Funding Corporation, as purchaser, and Cendant Mortgage Corporation and Bishop's Gate Residential Mortgage Trust, as sellers; (ii) Mortgage Loan Purchase, Sale & Servicing Agreement dated as of September 29, 2004, by and between Homecomings Financial Network, Inc., as purchaser, and Cendant Mortgage Corporation and Bishop's Gate Residential Mortgage Trust, as sellers; and (iii) Mortgage Loan Flow Purchase, Sale & Servicing Agreement dated as of September 1, 2006, by and between Residential Funding Corporation, as purchaser, and PHH Mortgage Corporation and Bishop's Gate Residential Mortgage Trust, as sellers.

2

certain Mortgage Loans (as defined in the Agreements) from PHH (or a predecessor thereof) and PHH agreed to manage and service such Mortgage Loans.[2]

4. PHH is in the process of reviewing its relationship with the Debtors and centralizing its records relating thereto but upon information and belief, there are four (4) Agreements which govern nine (9) sets (the "Sets")[3] of Mortgage Loans for which PHH continues to provide certain management and servicing services.

5. Based upon PHH's review of the Motion and the pleadings related thereto, it does not appear that the Debtors are selling their rights under the Agreements but given the broad relief requested by the Debtors (*see* paragraph 2 above), PHH files this Response.

6. Accordingly, to the extent that the Debtors are selling their rights under the Agreements pursuant to the Sale Motion, or otherwise intend to alter the relationship between PHH and the Debtors, the approval of any such sale/transfer shall be subject to (i) the requirements of 11 U.S.C. § 365, (ii) the consent of PHH, (iii) all terms and conditions contained in each of the Agreements, and (iv) the normal practices and procedures of PHH with regard to such a transfer which may include, *inter alia*, execution of a continuing guaranty by the applicable purchaser, an assumption fee, and payment of all accrued and accruing default interest.

7. PHH further reserves all rights and remedies under each of the Agreements including, but not limited to, any right to declare an Event of Default (as defined in the Agreements), if and when applicable.

---

[2] Nothing herein is intended to alter or modify the terms of the Agreements. Any summary or description provided herein is for convenience only. Reference should be made to the Agreements for the terms and conditions thereof.

[3] Upon information and belief, the Debtors have subsequently assigned their interest in seven (7) of the nine (9) Sets.

8. PHH reserves all rights to assert additional statements, arguments, and issues at the time of the hearing on the Motion.

        Respectfully submitted,

        DUANE MORRIS LLP
        A Delaware Limited Liability Partnership

        By: */s/ Wendy M. Simkulak*
        Wendy M. Simkulak, Esq. (WS-8945)
        DUANE MORRIS LLP
        1540 Broadway, 14th Floor
        New York, NY 10036-4086
        (212) 692-1000 (Telephone)
        (212) 692-1020 (Facsimile)

        and

        Richard W. Riley (DE 4052)
        222 Delaware Avenue, Suite 1600
        Wilmington, DE 19801-1659
        Telephone: (302) 657-4900
        Facsimile: (302) 657-4901
        rwriley@duanemorris.com

        *Counsel for PHH Mortgage Corporation*

DATED: October 29, 2012

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | : Chapter 11 Case |
| | : |
| RESIDENTIAL CAPITAL, LLC, *et al.* | : |
| | : Case No. 12-12020 |
| Debtors. | : |
| | : Jointly Administered |

## CERTIFICATE OF SERVICE

I, Catherine E. Beideman, hereby state that I am certify that I am over eighteen years of age and that on October 29, 2012, I caused a true and correct copy of the *Limited Response to the Debtors' Motion Pursuant to 11 U.S.C. § § 105, 363(b), (f) and (m), 365 and 1123, and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 for Orders: (A)(I) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expense Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, And Other Interests; (II) Authorizing and Approving Asset Purchase Agreements Related Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief* to be served upon the parties listed below via electronic mail, and U.S. Mail, First Class, postage pre-paid, unless otherwise noted:

Morrison & Foerster LLP
Larren M. Nashelsky (lnashelsky@mofo.com)
Gary S. Lee (glee@mofo.com)
1290 Avenue of the Americas
New York, New York 10104
Counsel to the Debtors

Sidley Austin LLP
Jessica C.K. Boelter (jboelter@sidley.com)
One South Dearborn
Chicago, Illinois 60603

Counsel to Nationstar

Kramer Levin Naftalis & Frankel LLP
Kenneth H. Eckstein (keckstein@kramerlevin.com)
Douglas H. Mannal (dmannal@kramerlevin.com)
1177 Avenue of the Americas
New York, NY 10036
Counsel to the Creditor's Committee

Office of the United States Trustee for the Southern District of New York
Brian Masumoto (Brian.Masumoto@usdoj.gov)
33 Whitehall Street
21st Floor
New York, New York 10004

Munger, Tolles & Olson LLP
Seth Goldman (seth.goldman@mto.com)
Thomas Walper (twalper@mto.com)
355 South Grand Avenue
Los Angeles, CA 90071
Counsel for Berkshire Hathaway Inc.

The Honorable Martin Glenn
c/o Clerk's Office
United States Bankruptcy Court for the Southern District of New York
One Bowling Green
New York, NY 10004-1408
*Via Federal Express Only*

OFFICE OF THE UNITED STATES TRUSTEE
SOUTHERN DISTRICT OF NEW YORK
Attn: Brian S. Masumoto
c/o Clerk's Office
United States Bankruptcy Court for the Southern District of New York
One Bowling Green
New York, NY 10004-1408
*Via Federal Express Only*

  Under penalty of perjury, I declare that the foregoing is true and correct.

Dated: October 29, 2012

             */s/ Catherine E. Beideman*
             Catherine E. Beideman
             DUANE MORRIS LLP
             30 S. 17th Street
             Philadelphia, PA 19103

2