Stanley B. Tarr
BLANK ROME LLP
1201 N. Market Street, Suite 800
Wilmington, DE 19801
Tel. (302) 425-6400
Fax: (302) 425-6464

Counsel for PNC Mortgage, a Division of PNC Bank, NA

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
|  | : | Case No. 12-12020(MG) |
| RESIDENTIAL CAPITAL, LLC, *et al.,* | : |  |
|  | : | (Joint Administration) |
|  | : |  |
| Debtors. | : | **Re: Docket No. 61 & 924** |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF PNC
MORTGAGE, A DIVISION OF PNC BANK, NA WITH RESPECT
TO PROPOSED SALE OF DEBTORS' ASSETS**

PNC Mortgage, a division of PNC Bank, NA ("PNC Mortgage") hereby files this limited objection and reservation of rights (this "Reservation of Rights" or "Limited Objection", where appropriate) with respect to the proposed sale of certain of the assets (the "Asset Sales") of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") pursuant to asset purchase agreements with Nationstar Mortgage LLC ("Nationstar") and Berkshire Hathaway Inc. ("BH"). In support of this Reservation of Rights and Limited Objection, PNC Mortgage respectfully states as follows:

1. Prior to the Debtors' bankruptcy filings, the Debtors and PNC Mortgage entered into various agreements whereby PNC Mortgage would service certain mortgages owned by the Debtors (the "Servicing Agreements").[1]

---

[1] The Servicing Agreements may include agreements the Debtors entered into with affiliates and/or divisions of National City Bank, NA., predecessors in interest to PNC Mortgage.

131832.01441/40204023v.1

2. On May 14, 2012, the Debtors filed a motion seeking approval of the Asset Sales [Dkt. No. 61] (the "Asset Sales Motion"). Attached to the Asset Sales Motion as Exhibit D was a form of Order approving the Nationstar Sale Transaction (the "Nationstar Sale Order").

3. On July 26, 2012, the Debtors filed the *Notice of (I) Debtors' Intent to Assume and Assign Executory Contracts, Unexpired Leases of Personal Property, and (II) Cure Amounts Related Thereto* [Dkt. No. 924] (the "Assumption Notice").[2]

4. The Schedules attached to the Assumption Notice contain a list of executory contracts (the "Designated Agreements") that may be assumed and assigned by the Debtors in connection with the Nationstar Sale Transaction. The Schedules do not list any executory contracts to be assumed and assigned in connection with the proposed Sale to BH. Indeed, upon information and belief, the Debtors are not assuming and/or assigning any executory contracts in connection with the Sale to BH.

5. The Schedules list thirteen (13) Designated Agreements to which various PNC Bank, NA affiliates, divisions and/or subsidiaries are counterparties (the "PNC Contracts"). (See Schedules at 68, 128, 131 and 210). It appears that certain of the Servicing Agreements are included in the list of PNC Contracts.

6. On September 28, 2012, PNC Mortgage filed its *Limited Objection and Reservation of Rights to Notice of (I) Debtors' Intent to Assume and Assign Executory Contracts, Unexpired Leases of Personal Property, and (II) Cure Amounts Related Thereto* [Dkt. No. 1635] (the "Cure Objection") . The Assumption Notice had asserted that PNC Mortgage was due a zero cure in connection with the PNC Contracts. By the Cure Objection, PNC Mortgage asserted $2,049,647.23 in fixed, liquidated claims against the Debtors in connection with the Servicing

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Assumption Notice.

Agreements as a cure amount, which must be fully satisfied prior to assumption and assignment of the PNC Contracts and the PNC servicing relationship under applicable bankruptcy law and specifically, Bankruptcy Code section 365(b)(1), while reserving all of its rights under the terms of the Servicing Agreements and the related servicing guides and handbooks, documents, agreements and instruments otherwise evidencing the PNC Mortgage servicing relationship with the Debtors.

7. On October 25, 2012, the Debtors filed the *Notice of Successful Bidders at the Auctions and Sales of (A) the Platform Assets to Ocwen Loan Servicing, LLC and (B) the Whole Loan Assets to Berkshire Hathaway Inc.* [Dkt. No. 1960] (the "Successful Bidder Notice"). Pursuant to the Successful Bidder Notice, the Debtors provided notice that Ocwen Loan Servicing, LLC ("Ocwen") was the successful bidder for the assets subject to the Nationstar Sale Transaction. PNC Mortgage has not been served with any modified documents or papers in connection with Ocwen's successful bid.

**LIMITED OBJECTION AND RESERVATION OF RIGHTS**

8. PNC Mortgage presumes that Ocwen will cause the Debtors to assume and assign to Ocwen all of the PNC Contracts listed on the Schedules to the Assumption Notice. Moreover, based upon a review of the Assumption Notice and related papers in respect of the Nationstar Sale Transaction, PNC Mortgage presumes that Ocwen intends to take the Servicing Agreements, on a full servicing retained basis, including, without limitation, all obligations and rights to and of PNC Mortgage. Further, PNC Mortgage presumes that Ocwen intends to assume the entire existing servicing relationship between PNC Mortgage and the Debtors and thus all Servicing Agreements. The obligations and rights to and of PNC Mortgage in connection with the PNC Contracts, the Servicing Agreements, and the PNC/Debtor servicing relationship in its

3

entirety, include, without limitation, all related payment obligations and other rights in respect of advances and escrows and other servicing activity preserved in full for and fully enforceable by PNC Mortgage, as well as all rights of setoff, recoupment, offset or other secured claims in respect of relevant loans, advances, escrows, fees, borrowers, entities, collateral and collateral proceeds (the "PNC Servicing Rights").  Based upon the Assumption Notice, PNC Mortgage additionally presumes that the PNC Contracts, and the obligations thereunder are in respect of PNC Mortgage servicing obligations only, and do not relate to mortgage loan origination.  PNC Mortgage understands that currently the Debtors do not anticipate assuming and assigning any executory contracts in connection with the Sale to BH.

9. PNC Mortgage hereby objects to the Asset Sales on any and all grounds in the event that any of the aforementioned presumptions are incorrect.

[*Remainder of Page Intentionally Left Blank*]

131832.01441/40204023v.1

10. Further, and among other things, PNC Mortgage objects to paragraphs P, 6 and 7 and any other provision of the Nationstar Sale Order and/or any similar papers to be proposed by the Debtors and Ocwen to the extent that any PNC Servicing Rights are in any way limited or impaired thereby (as all such must be preserved to permit their assumption and assignment under applicable bankruptcy and non-bankruptcy law) and only to such extent. PNC Mortgage looks forward to working with Ocwen and the Debtors to obtain needed clarity in order to resolve this Limited Objection.

Dated: October 29, 2012             **BLANK ROME LLP**

*/s/ Stanley B. Tarr*
Stanley B. Tarr
Alan M. Root
1201 N. Market Street, Suite 800
Wilmington, DE 19801
Tel: (302) 425-6400
Fax: (302) 425-6464
        - and -
Michael B. Schaedle
One Logan Square
18th and Cherry Streets
Philadelphia, PA  19103
Telephone: (215) 569-5500
Facsimile: (215) 569-5555

*Counsel for PNC Mortgage, a Division of PNC Bank, NA*