Hearing Date:  November 19, 2012 at 10:00 a.m. (ET)
Objection Deadline:  October 29, 2012 at 5:00 p.m. (ET)

**LOWENSTEIN SANDLER PC**
1251 Avenue of the Americas, 17th Floor
New York, New York  10020
(212) 262-6700 (Telephone)
(212) 262-7402 (Facsimile)
Michael S. Etkin (ME 0570)
Ira M. Levee (IL9958)
Andrew D. Behlmann (AB1174)
   and
65 Livingston Avenue
Roseland, New Jersey  07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Bankruptcy Counsel for Lead Plaintiff and Class*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | Case No. 12-12020 (MG) |
| | (Jointly Administered) |
| Debtors. | Re:  Doc. No. 61 and 446 |

**LEAD PLAINTIFF'S LIMITED OBJECTION TO DEBTORS'
MOTION TO APPROVE SALE OF ASSETS PURSUANT TO
(A) THE ASSET PURCHASE AGREEMENT WITH OCWEN
LOAN SERVICING, LLC [PLATFORM ASSETS] AND (B) THE
ASSET PURCHASE AGREEMENT WITH BERKSHIRE
<u>HATHAWAY LLC [WHOLE LOAN ASSETS]</u>**

New Jersey Carpenters Health Fund, the court-appointed lead plaintiff (the "<u>Lead Plaintiff</u>"), on behalf of itself and all persons or entities (the "<u>Class</u>") it represents in the consolidated securities class action styled as *New Jersey Carpenters Health Fund, et als., on Behalf of Themselves and All Others Similarly Situated v. Residential Capital, LLC, et als.*, filed in the United States District Court for the Southern District of New York (the "<u>District Court</u>"),

Case No. 08-CV-8781 (HB) (the "MBS Litigation"), along with Plaintiff, New Jersey Carpenters Vacation Fund and Boilermaker Blacksmith National Pension Trust, submit this limited objection (the "Limited Objection") to the Debtors' Motion Authorizing, *inter alia*, the sale of certain assets and approving asset purchase agreements (the "Sale Motion") [Doc. No. 61], the order approving the sale procedures [Doc. No. 538] and the proposed asset purchase agreements with Nationstar Mortgage LLC [Doc. No. 534] and Berkshire Hathaway Inc. [Doc. No. 535], and state the following:

## PRELIMINARY STATEMENT

1.  Lead Plaintiff does not object to the relief requested in the Sale Motion, but requests that any order granting, in whole or in part, the relief requested provide (i) an appropriate protocol, policy or mechanism for the retention, preservation and protection of books, records and other documents, in whatever form or format that may be transferred as part of the sale under the Nationstar APA (defined below)[1] or the Berkshire APA (defined below) and (ii) that notice be given to Lead Plaintiff and other parties in interest of, and an opportunity to object to and be heard on, any efforts by the Sellers or the Purchaser (as defined in the respective APA) to destroy or abandon any of the foregoing documents (including those copies or originals retained by the Debtors, if any).

## BACKGROUND

2.  The procedural history of the MBS Litigation is set forth in detail in the *Objection of New Jersey Carpenters Health Fund to Debtors' Motion to Extend the Automatic Stay or, in*

---

[1] On October 24, 2012, Ocwen Loan Servicing, LLC ("Ocwen") was the successful bidder for the assets described in the Nationstar APA. As of the date of the submission of this Limited Objection, Ocwen has not filed an amended APA. Should Ocwen file an amended APA, Lead Plaintiff reserves the right to further object thereto to the extent it differs with the relevant provisions of the Nationstar APA. Accordingly, references to the "Nationstar APA" shall include any APA filed by Ocwen.

-2-

*the Alternative, for Injunctive Relief Enjoining Prosecution of Certain Litigation Against Debtors' Directors and Officers and Non-Debtor Corporate Affiliates,* Adv. Pro. No. 12-ap-01671(MG) [Doc. No. 38] and is incorporated herein by reference.

3. On May 14, 2012, the Debtors filed the Sale Motion seeking authority to sell its mortgage servicing rights (referred to as the "Platform Assets") to Nationstar Mortgage LLC ("Nationstar") and its legacy loan portfolio to Ally Financial, Inc. ("AFI"). Berkshire Hathaway Inc. ("Berkshire") ultimately replaced AFI as the stalking horse bidder for the legacy loan portfolio assets (referred to as the "Whole Loan Assets").

4. On June 28, 2012, the Debtors filed the *Amended and Restated Asset Purchase Agreement Among Nationstar Mortgage LLC and Certain Debtors* (the "Nationstar APA") [Doc. No. 534] and the *Asset Purchase Agreement Among Berkshire Hathaway Inc. and Certain Debtors* (the "Berkshire APA") [Doc. No. 535] (collectively, the "APAs").

5. Pursuant to the Nationstar APA, Nationstar proposed to purchase the Debtors' mortgage servicing business and, pursuant to the Berkshire APA, Berkshire proposed to purchase the Debtors' legacy loan portfolio.

6. On June 28, 2012, the Court also entered the Order [Doc. No. 538] approving the sale and bid procedures and, to the extent competing qualified bids are received, scheduling auctions for October 23 and 24, 2012 with respect to each APA.

7. On September 14, 2012, the Debtors' filed an *Amended Notice of Public Auctions and Sale Hearing*, confirming the auction dates and deadline for competing bids, as well as the Sale objection deadline (October 29, 2012) and hearing date (November 19, 2012. [Doc. No. 1446]

8. On October 23, and 24, 2012, the Debtors conducted an auction with respect to the assets included in the Nationstar APA. The successful bidder was Ocwen (*see* n. 1, *supra*). On October 25, 2012, the Debtors conducted an auction with respect to the assets included in the Berkshire APA. Berkshire was the successful bidder. *See Notice of Successful Bidders* [Doc. No. 1960].

9. Pursuant to this Court's General Order M-383 (Guidelines for the Conduct of Asset Sales), certain "extraordinary provisions" must be "disclosed conspicuously *in a separate section* of the sale motion and, where applicable, in the proposed Sale Procedures Order or Sale Order "together with substantial justification therefor." Gen. Order M-383, §I.D (emphasis in original).

10. Specifically, with respect to record retention, the General Order requires:

> [i]f the debtor proposes to sell substantially all of its assets, the sale motion must confirm that the debtor will retain, or have reasonable access to, its books and records to enable it to administer its bankruptcy case.

Gen. Order M-383, §I.D. 9.

11. The Sale Motion provides that:

> the Debtors are selling their mortgage origination and servicing platform *(effectively comprising the entirety of the Debtors' operating business)*, including certain financial assets to Nationstar and legacy loan portfolio to [Berkshire]. These Sales represent the Debtors' primary and most valuable assets.

*See* Sale Motion, ¶2 (emphasis added). By virtue of the foregoing, the Debtors are selling substantially all of their assets through the two APAs and, therefore, must include the language identified in General Order M-383. *See* ¶10, *supra*. Even if the APAs did not involve the sale of substantially all of the Debtors' assets, this Limited Objection is no less warranted with respect to document preservation.

12. The Sale Motion, at least with respect to documents included among the assets to be purchased under the Nationstar APA, complies with the requirement of the General Order. *See* Sale Motion, ¶51 ("**Record Retention.** The Debtors confirm they will retain, or have reasonable access to, their books and records to enable them to administer their bankruptcy cases"). However, no such representation is included in the Berkshire APA, the Motion or the proposed Order approving the Sale.

13. In any event and especially given the pendency of multiple lawsuits involving, in varying degrees, residential mortgage backed securities tied to the Debtors, compliance with the General Order does not provide adequate assurance that the Debtors' books and records will be available to the extent necessary for the prosecution of Lead Plaintiff's claims herein or in the MBS Litigation. Despite that the APAs themselves contain references (albeit different in each APA) to records and their retention or preservation, neither APA provides sufficient protections for Lead Plaintiff and other parties in interest.

*Nationstar APA*

14. The Nationstar APA provides that:

> (a) Each of Sellers and Purchaser shall, for a period of seven years after the Closing Date, preserve and retain in accordance with their respective document retention policies, as amended from time to time, and shall cause its respective Affiliates in accordance with their respective document retention policies, as amended from time to time, to preserve and retain, all agreements, documents, books, records and files (including any documents relating to any governmental or non-governmental actions, suits, proceedings or investigations) relating to the Business prior to the Closing Date; provided, that if at the end of the seven years, any third-party charge, complaint, action, suit, proceeding, hearing, investigation, claim or demand identified in Section 6.4(c) is ongoing, the parties shall maintain and preserve all such information relating thereto until one year after such action, suit, proceeding or investigation has been finally concluded**.**

(b) From and after the Closing Date, each party shall, and shall cause its Affiliates to, afford the other party and its counsel, accountants and other authorized representatives, with five Business Days' prior notice, reasonable access during normal business hours to the respective premises, properties, personnel, Books and Records and to any other assets or information that such other party reasonably deems necessary, including in connection with the Bankruptcy Case or any report or Tax Return required to be filed under applicable Law (but so as not to unduly disrupt the normal course of operations of Purchaser), including preparing or defending any Tax Return and any interim or annual report or other accounting statements.

(c) If and for so long as any party hereto is contesting or defending against any third-party charge, complaint, action, suit, proceeding, hearing, investigation, claim or demand, including in the Bankruptcy Case, in connection with (i) any transaction contemplated under this Agreement or (ii) any fact, situation, circumstance, status, condition, activity, practice, plan, occurrence, event, incident, action, failure to act, or transaction involving the Business and the Purchased Assets, or the Excluded Assets and Retained Liabilities, in any respect, each other party hereto shall (A) reasonably cooperate with and assist it and its counsel and other advisors in the contest or defense, (B) make available its personnel (including for purposes of fact finding, consultation, interviews, depositions and, if required, as witnesses) and (C) provide such information, testimony and access to its books and records, in each case as shall be reasonably requested in connection with the contest or defense, all at the sole cost and expense (not including employee compensation and benefits costs) of the contesting or defending party. For the avoidance of doubt, this Section 6.4(c) shall not apply with respect to disputes between the parties hereto.

(d) Purchaser agrees, at Sellers' cost and expense, to make available, at the reasonable request of Sellers, any books and records that may be included in the Purchased Assets to the extent they may relate to Excluded Assets and, if necessary, to provide such original books and records to any purchaser of such Excluded Assets and to retain only a copy thereof, subject to the delivery by such purchaser of a non-disclosure agreement as reasonably requested by Purchaser.

(e) Notwithstanding anything to the contrary in this Agreement, each of the parties will comply with federal and state laws and regulations regarding the confidentiality and privacy relating to

information collected and used in connection with the application for and processing and servicing of Mortgage Loans.

Nationstar APA, §6.4.

*Berkshire APA*

15. On the other hand, the Berkshire APA does not provide for a 7 year (or any) document preservation period. It does, however, contain similar language with respect to documents needed by a party to the APA to contest or defend a pending action, etc.

> (b) From and after the Closing Date, each party shall, and shall cause its Affiliates to, afford the other party and its counsel, accountants and other authorized representatives, with five Business Days' prior notice, reasonable access during normal business hours to the respective premises, properties, personnel, books and records and to any other assets or information, in each case relating to the Purchased Assets, that such other party reasonably deems necessary, including in connection with the Bankruptcy Case or any report or Tax Return required to be filed under applicable Law (but so as not to unduly disrupt the normal course of operations of Purchaser).
>
> (c) If and for so long as any party hereto is contesting or defending against any third-party charge, complaint, action, suit, proceeding, hearing, investigation, claim or demand, including in the Bankruptcy Case, in connection with (i) any transaction contemplated under this Agreement or (ii) any fact, situation, circumstance, status, condition, activity, practice, plan, occurrence, event, incident, action, failure to act, or transaction involving the Purchased Assets or the Excluded Assets and Retained Liabilities in any respect, each other party hereto shall (A) reasonably cooperate with and assist it and its counsel and other advisors in the contest or defense, (B) make available its personnel (including for purposes of fact finding, consultation, interviews, depositions and, if required, as witnesses) and (C) provide such information, testimony and access to its books and records, in each case as shall be reasonably requested in connection with the contest or defense, all at the sole cost and expense (not including employee compensation and benefits costs) of the contesting or defending party. For the avoidance of doubt, this Section. 6.4(c) shall not apply with respect to disputes between the parties hereto.

> (d) Purchaser agrees, at Sellers' cost and expense, to make available, at the reasonable request of Sellers, any books and records that may be included in the Purchased Assets to the extent they may relate to Excluded Assets and, if necessary, to provide such original books and records to any purchaser of such Excluded Assets and to retain only a copy thereof, subject to the delivery by such purchaser of a non-disclosure agreement as reasonably requested by Purchaser.
>
> (e) Notwithstanding anything to the contrary in this Agreement, each of the parties will comply with federal and state laws and regulations regarding the confidentiality and privacy relating to information collected and used in connection with the application for and processing and servicing of Mortgage Loans.

Berkshire APA, § 6.4.

## LIMITED OBJECTION

16.    As previously stated, Lead Plaintiff does not object to the Sale Motion provided that an appropriate protocol or other mechanism exists to (i) ensure the preservation, maintenance, protection and availability of the Debtors' (and where applicable, the Debtors' affiliates') books, records and other documents (however identified in the APAs), in whatever format, including native format (collectively, the "Books and Records"), that may be relevant to Lead Plaintiff's claims against the Debtors or the claims asserted in the MBS Litigation, and (ii) provide notice to Lead Plaintiff and other parties in interest and an opportunity to be heard by a court of competent jurisdiction before any such Books and Records are destroyed, abandoned or otherwise rendered unavailable.  In other words, no Books and Records should be destroyed, abandoned or otherwise rendered unavailable without such notice and an opportunity to be heard.

17.    Preservation and notice are critical because the Books and Records to be transferred under each APA may not be available from another source.  Indeed, by virtue of the automatic bankruptcy stay, 11 U.S.C. §362(a), and the *Stipulation and Order with Respect to*

*Debtors' Supplemental and Renewed Motion to Extend the Automatic Stay or, in the Alternative, for Injunctive Relief* (the "Stipulation") [Doc. No. 86], Lead Plaintiff has not yet had the opportunity to conduct formal discovery of the Debtors, their affiliates or the Non-Debtor Defendants in the MBS Litigation (except for certain exceptions as set forth in the Stipulation) and therefore cannot even determine the content or nature of the Books and Records and whether they include information and/or evidence potentially relevant to Lead Plaintiff's claims against the Debtors or as alleged in the MBS Litigation.

18. The preservation of the Books and Records is critical and essential to Lead Plaintiff's ability to prosecute such claims. Indeed, notwithstanding the seven year document preservation period provided in the Nationstar APA, and notably absent from the Berkshire APA despite numerous references to books, records and other documents in section 6.4 of, and elsewhere throughout, the Berkshire APA, the Order approving the sales must affirmatively provide that the Books and Records will be preserved and that notice of any destruction, abandonment or any action which might render the Books and Records unavailable shall be given to Lead Plaintiff and other parties in interest with an opportunity to be heard by a court of competent jurisdiction. The preservation and access to Books and Records provided in section 6.4(c) in each APA does not extend to litigants such as Lead Plaintiff and other stakeholders, but rather appears limited to the parties to the APA who must defend third party actions (essentially giving those parties an unfair advantage in defending the underlying "third-party charge, complaint, action, suit, proceeding hearing, investigation, claim or demand").

19. Permitting the Debtors to sell their Assets and transfer their Books and Records without an appropriate reservation of rights and protocol to ensure that access to such Books and Records remains available to third parties and a means to enforce those rights and document

retention protocol unduly and inappropriately prejudices Lead Plaintiff, as well other creditors and stakeholders in these proceedings. Moreover, to the extent any Books and Records are not transferred to the Purchaser, but remain with the Debtors, they must be maintained and preserved pursuant to the provisions of the PSLRA, 15 U.S.C. §78u-4(b)(3)(C) (requiring parties to preserve relevant documents) and the Bankruptcy Code. *See* 11 U.S.C. § 554 (requiring notice and a hearing before a debtor may abandon property of the estate).

20. A reasonable document retention protocol that precludes the Debtors and the Purchaser from destroying the Books and Records or any other documents is warranted to provide Lead Plaintiff (and others) an opportunity to seek appropriate relief, if and when necessary, to access the Books and Records relevant to the MBS Litigation and other issues in this case. At the very least, such documents must be maintained and preserved for the duration of the MBS Litigation, including any appeals, so access can be provided at the appropriate time.

## CONCLUSION

21. Based upon the foregoing, Lead Plaintiff respectfully requests that a protocol or other mechanism be set forth in the respective Sale Orders to safeguard, preserve, maintain, protect and make available (when appropriate) the Books and Records to third parties, such as Lead Plaintiff, before any such orders are entered approving the Sale and granting such other and further relief as the Court deems just and proper.

-11-

| | |
|---|---|
| Dated: October 29, 2012<br>New York, New York | Respectfully submitted,<br><br>/s/ Michael S. Etkin<br>**LOWENSTEIN SANDLER PC**<br>Michael S. Etkin (ME 0570)<br>Ira M. Levee (IL9958)<br>Andrew D. Behlmann (AB1174)<br>1251 Avenue of the Americas, 17th Floor<br>New York, New York 10020<br>(212) 262-6700 (Telephone)<br>(212) 262-7402 (Facsimile)<br><br>and<br><br>65 Livingston Avenue<br>Roseland, New Jersey 07068<br>(973) 597-2500 (Telephone)<br>(973) 597-2481 (Facsimile)<br><br>*Bankruptcy Counsel for Lead Plaintiff and the Class* |