Hearing Date: November 19, 2012
Hearing Time: 10:00 a.m. (Prevailing Eastern Time)

| | |
|---|---|
| **MORGAN, LEWIS & BOCKIUS LLP**<br>James L. Garrity, Jr.<br>John C. Goodchild, III (*pro hac vice*)<br>101 Park Avenue<br>New York, New York 10178-0600<br>Telephone: (212) 309-6000<br>Facsimile: (212) 309-6001<br><br>*Counsel to Deutsche Bank National Trust Company and Deutsche Bank Trust Company Americas, as Trustees of Certain Mortgage Backed Securities Trusts* | **DECHERT LLP**<br>Glenn E. Siegel<br>Craig P. Druehl<br>1095 Avenue of the Americas<br>New York, New York 10036-6797<br>Telephone: (212) 698-3500<br>Facsimile: (212) 698-3599<br><br>*Counsel to The Bank of New York Mellon and The Bank of New York Mellon Trust Company, N.A., as Trustee of Certain Mortgage Backed Securities Trusts* |
| **ALSTON & BIRD LLP**<br>Martin G. Bunin<br>John C. Weitnauer (*pro hac vice*)<br>90 Park Avenue<br>New York, NY 10016<br>Telephone: (212) 210-9400<br>Facsimile: (212) 210-9444<br><br>*Counsel to Wells Fargo Bank, N.A., as Trustee of Certain Mortgage Backed Securities Trusts* | **SEWARD & KISSEL LLP**<br>Ronald L. Cohen<br>Arlene R. Alves<br>One Battery Park Plaza<br>New York, New York  10004<br>Telephone:  (212) 574-1200<br>Facsimile:  (212) 480-8421<br><br>*Counsel to U.S. Bank National Association, as Trustee of Certain Mortgage Backed Securities Trusts* |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, *et al.*,<br><br>Debtors. | ) <br> ) Case No. 12-12020 (MG)<br> ) <br> ) Chapter 11<br> ) <br> ) Jointly Administered |

**SUPPLEMENT TO PRE-AUCTION OBJECTIONS OF THE RMBS TRUSTEES TO THE DEBTORS' SALE MOTION**

The Bank of New York Mellon and The Bank of New York Mellon Trust Company, N.A., Deutsche Bank Trust Company Americas, Deutsche Bank National Trust Company, U.S. Bank National Association and Wells Fargo Bank, N.A., solely in their respective capacities as trustees or indenture trustees for certain mortgaged backed securities trusts (collectively, the "**RMBS Trustees**"),[1] hereby submit this *Supplement to the Pre-Auction Objections of the RMBS Trustees to the Debtors' Sale Motion*[2] (Docket No. 1242; the "**Pre-Auction Objections**"). The RMBS Trustees respectfully state as follows:

## SUPPLEMENT

1. On August 23, 2012, the RMBS Trustees filed their Pre-Auction Objections, which set forth in detail their objections to the transfer of the Debtors' **Servicing Platform**[3] as proposed by the Sale Motion. Among other things, the RMBS Trustees objected to: any attempt to limit the scope of obligations under the PSAs[4] to be assumed and assigned; any failure to provide the RMBS Trustees with adequate assurance of future performance by the purchaser of the Servicing Platform (the "**Purchaser**"); and any attempt to abrogate provisions of the PSAs requiring the consent of third parties prior to assignment pursuant to § 365(f)(1) of the Bankruptcy Code or otherwise. The Pre-Auction Objections are still pending before the Bankruptcy Court.

---

[1] The RMBS Trustees file this Objection solely in their capacity as trustees of RMBS Trusts and not, in the case of all of the RMBS Trustees other than Wells Fargo, N.A., in any of their capacities as members of the Official Committee of Unsecured Creditors (the "**Committee**"). Wells Fargo, N.A. is not a member of the Committee.

[2] "**Sale Motion**" refers to *Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), and (m), 365 and 1123, and Fed R. Bankr. P. 2002, 6004, 6006, and 9014 for Orders: (I)(A) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expenses Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Asset Purchase Agreements Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief* (Docket No. 61).

[3] "**Servicing Platform**" was defined by the Debtors as "the Debtors' mortgage loan origination and servicing platform." Sale Motion at p. 7.

[4] Capitalized terms not defined herein shall have the meaning ascribed to them in the Pre-Auction Objections.

1

2. At the time the Pre-Auction Objections were filed, Nationstar Mortgage LLC ("**Nationstar**") was the stalking horse bidder for the sale of the Servicing Platform. Although the Pre-Auction Objections apply regardless of the identity of the purchaser, the identity of the purchaser is material to certain of the objections, such as the ability of the purchaser to provide the RMBS Trustees with adequate assurance of its future performance and the purchaser's ability to garner the consents necessary for the assumption and assignment of the PSAs. *See In re Gen. Oil Distribs., Inc.*, 18 B.R. 654, 658 (Bankr. E.D.N.Y. 1982) ("What constitutes adequate assurance is a factual question to be determined on a case by case basis with due regard to the nature of the parties, their past dealings and present commercial realities.").

3. On October 23, 2012, the Debtors began the auction of the Servicing Platform. On October 24, 2012, Ocwen Financial Corp. ("**Ocwen**") was determined to by the Debtors to have submitted the highest and best offer for the purchase of the Servicing Platform.

4. By this Supplement, the RMBS Trustees reiterate each of the Pre-Auction Objections and confirm that each of the Pre-Auction Objections apply with equal force to Ocwen as Purchaser as they did to Nationstar as the stalking horse bidder.

5. In particular, the RMBS Trustees emphasize that they are entitled to adequate assurance of future performance under the PSAs by Ocwen. *See* Pre-Auction Objection ¶¶ 22-24. As set forth in the Pre-Auction Objections, the RMBS Trustees have significant ongoing rights and obligations (financial and otherwise) under the PSAs, and it must be demonstrated that Ocwen has the ability to assume all of the Debtors' obligations in order to meet the requirement that the RMBS Trustees be provided with adequate assurance of future performance. The RMBS Trustees reserve the right to introduce evidence on this issue.

6. Additionally, the RMBS Trustees reiterate their objection to the proposed sale to the extent the Debtors seek to render unenforceable any provisions of any PSAs that are to be assumed and assigned to Ocwen by virtue of § 365(f)(1) or any other provision of the Bankruptcy Code. As set forth in the Pre-Auction Objections, the PSAs affirmatively allow assignment - but only to a qualified person. *See* Pre-Auction Objections ¶ 25. Many of the PSAs also require confirmation from credit rating agencies that rated RMBS issued thereunder that the proposed assignment and delegation will not result in a downgrade of such securities ratings. *See id*. Certain of the PSAs also include provisions that may require the consent of the applicable insurer or another third party prior to assignment. *See id*. The identity of the Purchaser is thus crucial to whether these provisions can be satisfied. The RMBS Trustees reiterate their objection to any attempt by the Debtors to override such provisions pursuant to § 365(f)(1) or any other section of the Bankruptcy Code. These requirements are part and parcel of adequate assurance of future performance; they are not arbitrary or *ipso facto* restrictions on assignment that would hamstring a debtor's effort to realize value from an executory contract.

7. As set forth in the Pre-Auction Objections, the PSAs cannot be assumed and assigned if the obligations thereunder are modified or abrogated, if provisions requiring the consent of third parties to assignment are deemed "unenforceable" and struck by the Debtors, and if the RMBS Trustees are not provided with adequate assurance of future performance by the Purchaser.

[*Remainder of page intentionally left blank*]

**WHEREFORE**, for the reasons set forth herein, the Trustees respectfully request that this Court deny the Sale Motion to the extent set forth herein and grant such other and further relief as the Court deems appropriate.

Dated: October 29, 2012
New York, New York

Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

By:/s/ James L. Garrity, Jr.
James L. Garrity, Jr.
John C. Goodchild, III (*pro hac vice*)
101 Park Avenue
New York, New York 10178-0600
Telephone: (212) 309-6000
Facsimile: (212) 309-6001

*Counsel to Deutsche Bank National Trust Company and Deutsche Bank Trust Company Americas, as Trustees of Certain Mortgage Backed Securities Trusts*

**DECHERT LLP**

By: /s/ Glenn E. Siegel
Glenn E. Siegel
Craig P. Druehl
1095 Avenue of the Americas
New York, New York 10036-6797
Telephone: (212) 698-3500
Facsimile: (212) 698-3599

*Counsel to The Bank of New York Mellon and The Bank of New York Mellon Trust Company, N.A., as Trustees of Certain Mortgage Backed Securities Trusts*

**ALSTON & BIRD LLP**

By: /s/ John C. Weitnauer
John C. Weitnauer (*pro hac vice*)
Martin G. Bunin
William Hao
90 Park Avenue
New York, NY 10016
Telephone: (212) 210-9400
Facsimile: (212) 210-9444

*Counsel to Wells Fargo Bank, N.A., as Trustees of Certain Mortgage Backed Securities Trusts*

**SEWARD & KISSEL LLP**

By:/s/ Arlene R. Alves
Ronald L. Cohen
Arlene R. Alves
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 574-1200
Facsimile: (212) 480-8421

*Counsel to U.S. Bank National Association, as Trustees of Certain Mortgage Backed Securities Trusts*

4