Hearing Date:  November 19, 2012 at 10:00 a.m. (Prevailing Eastern Time)
Objection Deadline:  October 29, 2012 at 5:00 p.m. (Prevailing Eastern Time)

Alan Marder Esq. (AM-0114)
MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
990 Stewart Avenue, Suite 300
P.O. Box 9194
Garden City, NY 11530-9194
Telephone: (516) 741-6565
Facsimile: (516) 741-6707
Email: amarder@msek.com

Michael S. Greger, Esq. (CA Bar No. 156525)
Ivan M. Gold  (CA Bar No. 121486)
Richard M. Dinets, Esq. (CA Bar No. 265197)
ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP
1900 Main Street, Fifth Floor
Irvine, California  92614-7321
Telephone:  (949) 553-1313
Facsimile:  (949) 553-8354
Email:  mgreger@allenmatkins.com
Email:  igold@allenmatkins.com
Email:  rdinets@allenmatkins.com

Attorneys for Digital Lewisville, LLC,
a Delaware limited liability company

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) Case No. 12-12020 (MG) |
| | ) |
| RESIDENTIAL CAPITAL, LLC, *et al.* | ) Chapter 11 |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) |

### DIGITAL LEWISVILLE LLC'S SUPPLEMENTAL LIMITED OBJECTION TO DEBTORS' SALE MOTION, IN PARTICULAR, DEBTORS' PROPOSED ORDER

968050.03/OC

In the above-captioned debtors' (the "Debtors") sale motion (the "Motion", Docket

No. 61),[1] the Debtors request, among other things, that the Court approve the sale of substantially

all of the Debtors' assets pursuant to two separate sale orders free and clear of liens, claims,

encumbrances, and other interests under section 363(f) of the Bankruptcy Code.  Digital

Lewisville, LLC ("Digital"), as successor landlord and the assignee of original landlord's rights

and claims against debtor GMAC Mortgage, LLC f/k/a GMAC Mortgage Corporation ("GMAC")

under the terms of a nonresidential property lease, hereby files its supplemental limited objection

to the Motion, in particular, the Debtors' proposed sale order (the "Proposed Order," Docket

No. 113-2), as follows:

## I.    PRELIMINARY STATEMENT

1.    On or about June 11, 2012, Digital filed its Limited Objection to Debtors' Motion

for Orders: (A)(I) Authorizing and Approving Sale Procedures, Including Break-Up Fee and

Expense Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form

and Manner of Notice Thereof; and (IV) Granting Related Relief (the "First Limited Objection,"

Docket No. 278).  In the First Limited Objection, Digital raised certain objections to the

assumption and assignment of Digital's unexpired nonresidential property lease.  In the "Sale

Procedures Order" [Docket No. 538], the Court left unimpaired Digital's objections to the Motion

set forth in the First Limited Objection (subject to certain exceptions set forth in the Sale

Procedures Order).

2.    In its "Assumption Notice" filed on July 26, 2012 [Docket No. 924], the Debtors

identified the Lease (as defined in the First Limited Objection) as one of the unexpired leases the

Debtors may assume and assign to the Purchaser.  Assumption Notice, Ex. "1", pg. 7/236.  On

September 28, 2012, Digital filed its objection to the assumption and assignment of the Lease

[Docket No. 1649] (the "Assumption Objection").

3.    Out of an abundance of caution, Digital now files this supplemental limited

objection to the Sale Transactions to the extent the Proposed Order, in any way, modifies the

---

[1]    Capitalized terms not otherwise defined herein shall have the same meaning ascribed to such
terms in the Motion.

968050.03/OC

-2-

Purchaser's obligations under the Lease or provides for the sale free and clear of any obligations under the Lease.

## II.    NATURE OF OBJECTION

### A.    Sale Free and Clear of Certain Rights and Obligations

4.    To the extent any objections raised in either the First Limited Objection or the Assumption Objection are more properly raised to the Sale Transactions and Proposed Order, Digital incorporates by reference its First Limited Objection and Assumption Objection.

5.    In addition, the Proposed Order creates ambiguity as to whether the assets being sold are being sold free and clear of obligations under assumed leases.  Sale orders typically provide that assets being sold are sold "free and clear of all Claims and Interests *except for Assumed Contracts and Assumed Liabilities*." Here, while the Proposed Order does state that "except for Assumed Liabilities" assets are transferred free and clear of liens, the definition of Assumed Liabilities is limited to obligations arising under contracts on and after the Closing. Thus, the Debtors' proposed free and clear language purports to sell free and clear of obligations under assumed contracts and leases that may have arisen, but are not yet due, prior to the Closing. Accordingly, Digital requests that, for the sake of clarity, the Proposed Order be modified to clearly state that no assets are sold free and clear of assumed obligations whether they arise pre or post Closing.  See e.g., Proposed Order at preamble, ¶¶ O, R, 7, 9, 10, 11, 17, 22.[2]  The Debtors cannot assume and assign contracts free and clear of Claims and Interests arising under assumed leases – section 363(f) does not trump sections 365(b) and (f), which specifically relate to the requirements for assuming and assigning leases.

---

[2]    Some additional examples of rights terminated without regard to whether they should be assumed contractual obligations are rights "relating to taxes arising under or out of, in connection with, or in any way relating to the operation of the Purchased Assets prior to the closing" and any "indemnification Claims or Liabilities relating to any act or omission of the Sellers or any other Persons prior to the Closing Date."  See Proposed Order, ¶¶ O, 9.

B.    **The Transition Services Agreements Violate the Terms of the Lease and Should Not Be Approved**

6.    The relevant sale agreements contemplate that the Purchaser will enter into certain transition services agreements with both the Debtors and Ally Financial, Inc. ("AFI"). See Docket No. 534, § 6.20(c) and (d).  These agreements will provide, among other things, that AFI shall have certain occupancy rights in Digital's leasehold Premises following the closing of the sale to Purchaser.  Indeed, the AFI Transitions Services Agreement purports to provide AFI with up to 24 months of occupancy in Digital's Premises post-assignment in violation of the terms of the Lease. [Docket No. 1845, p. 9, ¶ 2].  The proposed Transition Services Agreement between the Debtors and Purchaser has not yet been disclosed, but may include similar occupancy rights.

7.    Digital objects to the proposed transitions services agreements between the Purchaser and both the Debtors and AFI to the extent they, in any way, violate the terms and provisions of the Lease.  For example, to the extent these agreements grant either the Debtors or AFI continuing rights to occupy the Premises subsequent to the assignment, these proposed agreements would violate the prohibitions against subleasing or assignment in the Lease.  There is no authority for the Debtors, AFI, and Purchaser to create occupancy rights through contract provisions purporting to allow AFI to continue to operate at the Premises.  Such an arrangement is nothing more than a *de facto* assignment or sublease of the Lease contrary to any assignment and sublease restrictions in the Lease (see Lease, pp. 6-7, ¶ 11) and without compliance with the cure and adequate assurance requirements of Bankruptcy Code sections 365(b)(1)(A)-(B) and (f).  Such arrangement also reflects an overly simplistic view of the nature of GMAC'S lease obligations, ignoring ongoing repair and maintenance, indemnification, and compliance with laws and obligations and the risk of loss in the event of damage or casualty.  There is no basis for a bankruptcy court to grant a non-debtor party rights to use and occupy real property leased by a debtor outside the parameters of section 365.  See, e.g., In re Antwerp Diamond, Inc., 138 B.R. 865, 866-869 (Bankr. N.D. Ohio 1992).

8.    AFI should not be permitted to occupy the Premises through the creation of some form of occupancy rights under the AFI Transition Services Agreement.  Accordingly, Section 2

of the AFI Transition Services Agreement should not be approved as presented, and the Transition

Services Agreement should not be approved until it is disclosed and Digital has had an opportunity

to review its terms to ensure its compliance with section 365.

### III.    <u>CONCLUSION</u>

The Sale Order should be modified to provide that the Debtors may only assume and

assign whole contracts, including related agreements, without modification of existing contractual

rights.

Dated:  October 29, 2012                                 MEYER, SUOZZI, ENGLISH & KLEIN, P.C.


                                                    /s/ Alan E. Marder
                                                    Alan Marder Esq.
                                                    990 Stewart Avenue, Suite 300
                                                    P.O. Box 9194
                                                    Garden City, NY 11530-9194
                                                    Telephone: (516) 741-6565
                                                    Facsimile: (516) 741-6707

                                                    - and –

                                                    Michael S. Greger (CA Bar No. 156525)
                                                    Ivan M. Gold (CA Bar No. 121486)
                                                    Richard M. Dinets, Esq. (CA Bar No. 265197)
                                                    Allen Matkins Leck Gamble Mallory
                                                       & Natsis LLP
                                                    1900 Main Street, Fifth Floor
                                                    Irvine, CA 92614-7321
                                                    Telephone:  (949) 553-1313
                                                    Facsimile:  (949) 553-8354

                                                    Attorneys for Digital Lewisville, LLC