IN THE UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

IN RE:                                                                                    CASE NO. 12-12020 (MG)

RESIDENTIAL CAPITAL, LLC., et al.,                              (Jointly Administered)

              DEBTORS                                                          CHAPTER 11

<u>LOCAL TEXAS TAX AUTHORITIES' & CITY OF MEMPHIS' OBJECTION TO DEBTORS' MOTION PURSUANT TO 11 U.S.C. §§ 105, 363(b), and 365 FOR ENTRY OF AN ORDER (I) AUTHORIZING AND APPROVING SALE PROCEDURES . . . (II) SCHEDULING BID DEADLINE, (III) ESTABLING ASSUMPTION AND ASSIGNMENT PROCEDURES . . . AND (IV) ESTABLISHING  NOTICE AND FOR OTHER RELATED RELIEF PERTAINING TO THE SALE OF CERTAIN ASSETS FREE AND CLEAR OF LEINS, CLAIMS ENCUMBRANCES AND OTHER INTERESTS</u>

TO THE HONORABLE COURT :

NOW COME Alton, Bexar County, Cleveland ISD, Coppell, Coppell ISD, Cypress-Fairbanks ISD, Dallas County, Ector CAD, Ed Couch-Elsa ISD, Edinburg, Edinburg CISD, El Paso, El Paso County WID #1, Elsa, Falls County, Fort Bend County, Galveston County, Harris County, Hays CISD, Hidalgo Co ESD #02, Hunt County, Jasper County, Jim Wells CAD, Judson ISD, Katy ISD, La Joya ISD, Limestone County, Live Oak CAD, McAllen, Mission CAD, Montgomery County, Northwest ISD, Nueces County, Orange County, Pharr-San Juan-Alamo ISD, Pleasanton ISD, Rio Grande City CISD, Round Rock ISD, San Juan, Sharyland ISD, South Texas College, South Texas ISD, Starr County, Tarrant County, Wise CAD, and Wise County, (hereinafter jointly referred to as the "Local Texas Tax Authorities") and the City of Memphis, TN (together the "Local Tax Authorities"  or "Tax Authorities"), and file their Objection to the Debtors' Motion for approval of bid procedures and other related relief.  In support of their Objection, the Local Tax Authorities would show the Court as follows:

I.

The Local Texas Tax Authorities are political subdivisions of the State of Texas.  They hold claims for ad valorem taxes assessed against the business personal property and any owned real estate of the Debtors for 2012

and prior years' taxes.  Their claims total approximately $375,000.[1]  The City of Memphis is owed approximately $5,000 for 2012 and prior year taxes.  While the taxes are primarily on real property, some Tax Authorities may have claims for taxes on personal property.

II.

As of January 1 of each tax year liability arose and a senior lien attached to the property of the Debtors for the taxes of the Local Tax Authorities. The laws of the State of Texas, Texas Property Tax Code § 32.05(b), and Tennessee, §§ 67-5-2101 and 67-5-2102 of the Tennessee Property Tax Code, give the tax liens securing these property taxes superior claim over any other claim or lien against this property.  This state priority for tax liens is retained in the Bankruptcy Code giving this claim a superior position over all other claims against this property, and this position has been retained through the process of the Debtors obtaining DIP Financing. Stanford v. Butler, 826 F.2d 353 (5th Cir. 1987), 11 USC § 506; Universal Seismic Associates, Inc., 288 F.3d 205 (5th Cir. 2002); In Re Winn's Stores, Inc.; 177 B.R. 253 (Bktcy W.D. Tex 1995).

III.

These Local Tax Authorities specifically object to the proposed sale because they fail to provide for the liens and interests of the Tax Authorities to be adequately protected.  With respect to a credit bid, the proposed sale fail to take into account that any credit bid will be of a junior lien and the purchaser should either tender sufficient cash to pay the tax claims along with the other expenses and claims or the credit bid purchaser should take the property subject to the tax liens and under the terms of the final asset purchase agreement agree to pay the taxes.

Further, the proceeds from the sale of the collateral of the Local Tax Authorities constitute the cash collateral of these Tax Authorities, and they object to the use of their collateral or the proceeds of the sale of their collateral to pay any other creditors of these estates.  Pursuant to 11 U.S.C. § 363(c)(4), absent consent by the Tax Authorities or an order of the Court permitting use of its cash collateral, the Debtors "shall segregate and account for any cash collateral" in their possession.  The Debtors have not filed a motion seeking to use the cash collateral of these Tax Authorities, nor has there been notice or a hearing on the use of these Ad Valorem Tax

---

[1] The 2012 taxes are in the process of being finalized pursuant to applicable Texas law.  The Local Texas Tax Authorities are in the process of researching and revising their claims accordingly.  Upon completion of researching all claims, they will be amended to reflect the actual amount billed for 2012.

Authorities' cash collateral. Accordingly, absent their consent, these taxes must either be paid prior to distribution of any proceeds of the sale of their collateral, or a segregated account must be established from <u>any</u> sale proceeds to comply with the requirements of 11 USC § 363(c)(4).

IV.

WHEREFORE, the Local Texas Tax Authorities pray that the Court order the Debtors to include such provisions in the Order approving this Motion as would require that any credit bid must include a cash component adequate to fund the payment in full in cash of the Tax Authorities claims (together with interest pursuant to 11 U.S.C. § 506(b)), and that sufficient proceeds from the sale of the collateral of these Texas Ad Valorem Tax Authorities be segregated and their liens be attached thereto with the priority they otherwise hold pursuant to non-bankruptcy law, prior to the distribution of any further proceeds of the sale of their collateral to any other party, and further request other and such relief as is just and proper.

Dated:  October 29, 2012

                                            Respectfully submitted,

                                            */s/ Elizabeth Weller*
                                           Elizabeth Weller
                                           Tex. Bar No. 00785514
                                           LINEBARGER GOGGAN BLAIR & SAMPSON, LLP
                                           2323 Bryan St. #1600
                                           Dallas, TX 75201
                                           (469)221-5075 phone
                                           (469)221-5002 fax
                                           BethW@publicans.com

                                           Attorneys for the Local Tax Authorities

## CERTIFICATE OF SERVICE

I hereby certify that I have placed a copy of the above Objection to the to the Debtors' Motion to the following parties by electronic mail upon the following parties, and upon all parties to the Court's electronic noticing system, this 29th day of October, 2012.

       /s/ Elizabeth Weller
Elizabeth Weller

## SERVICE LIST

Larren Nashelsky at lnashelsky@mofo.com
Gary Lee at glee@mofo.com
Larry Nyhan at lnyhan@sidley.com
Jessica Boelter at jboelter@sidley.com
Ray Schrock at rschrock@kirkland.com
Richard Cieri at Richard.cieri@kirkland.com
Elizabeth Raymond at eraymond@mayerbrown.com
Kenneth Eckstein at Keckstein@kramerlevin.com
Douglas Mannal at dmannal@kramerlevin.com
Seth Goldman at seth.goldman@mto.com
Thomas Walper at twalper@mto.com