**MORRISON | FOERSTER**

| | |
|---|---|
| 1290 AVENUE OF THE AMERICAS | MORRISON & FOERSTER LLP |
| NEW YORK, NY 10104-0050 | NEW YORK, SAN FRANCISCO, LOS ANGELES, PALO ALTO, |
| TELEPHONE: 212.468.8000 | SACRAMENTO, SAN DIEGO, DENVER, NORTHERN VIRGINIA, |
| FACSIMILE: 212.468.7900 | WASHINGTON, D.C. |
| WWW.MOFO.COM | TOKYO, LONDON, BRUSSELS, BEIJING, SHANGHAI, HONG KONG |

November 1, 2012

Writer's Direct Contact
212.468.8042
GLee@mofo.com

Honorable Denise L. Cote **(via email)**
United States District Judge
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Honorable Martin Glenn **(via ECF)**
United States Bankruptcy Judge
United States Bankruptcy Court
for the Southern District of New York
One Bowling Green
New York, NY 10004

Re:    *FHFA v. Ally Financial Inc., et al.*, Case No. 11 Civ. 7010 (DLC)
       *In re Residential Capital, LLC, et al.*, Chapter 11 Case No. 12-12020 (MG)

Dear Judges Cote and Glenn:

I am lead bankruptcy counsel to the Debtors in the above-captioned bankruptcy case. We submit this letter to respond to Ally Financial's proposal in its submissions (SDNY ECF# 247, 255; Bankr. ECF# 1903, 1961) that it would request an "Additional Service" from the Debtors in order to collect the loan files at issue in the above-captioned case brought by the FHFA.

Specifically, I write to apprise Your Honors of certain obligations of the Debtors in the bankruptcy case that relate to the Proposed Production Order and would affect the Debtors' ability to agree to such Additional Services. Judge Glenn is familiar with these issues, but prior to the joint conference (originally scheduled for October 29, 2012), I wanted to provide Your Honors a brief description of them and of the Debtors' concerns.

Judge Glenn's October 12, 2012 Discovery Order provides the Debtors with a much-needed breathing spell as they work through the most intensive part of their restructuring. In the immediate term, the Debtors are undertaking the following loan file and document production related tasks:

- The collection and production of thousands of loan files related to the January 14, 2013 trial on the $8.7 billion RMBS trust settlement—a key component to the Debtors' restructuring efforts. This production is currently underway and will take another 3-4 weeks to complete.

- The collection and transfer of 30,000 loan files necessary to complete the sale of the Debtors' mortgage servicing platform. This process will commence immediately after

ny-1063553

MORRISON | FOERSTER

Honorable Denise L. Cote
Honorable Martin Glenn
November 1, 2012
Page Two

completing the RMBS trust settlement production, and will not be complete until around the closing of the servicing platform sale, scheduled to occur on or about January 31, 2013.

- The production of tens of thousands of documents demanded by the court appointed bankruptcy examiner necessary for the completion of his investigation in early 2013. This production, which is ongoing, involves email production for approximately 20 custodians as well as thousands of other documents. The production will likely take several more months to complete.

The Debtors are undertaking other significant tasks, including plan negotiation and the claims process, but the three listed above are the largest ones that directly impact the production of loan files and involve the Debtors' employees who would necessarily be involved with any loan file production. Completing these critical restructuring tasks on their required timeframes and producing the loan files requested by the FHFA in the short term cannot both be accomplished. The broad protections that the Discovery Order provides are paramount to the Debtors' ability to reorganize.

In an effort to resolve these seemingly irreconcilable issues, the Debtors are willing to enter into an "Additional Statement of Work" under the Shared Services Agreement that would provide Ally Financial with the loan files requested by FHFA as well as those loan files to be requested by Ally Financial within a timetable that preserves the Debtors' ability to accomplish their critical restructuring tasks, but ensures that the requested loan files are produced as quickly as possible within the limitations created by those tasks. That Additional Statement of Work would be, prior to finalization, provided to the United States Trustee and the Unsecured Creditors Committee (as required by the Shared Services Agreement). In addition, the Debtors would submit it to the Bankruptcy Court for approval to ensure it does not interfere with the other aspects of the bankruptcy case.

It is not the Debtors intention to prevent the progress of the FHFA's case, and within the confines of their restructuring-related obligations the Debtors will commit to produce the requested loan files as quickly as possible.

Respectfully submitted,

Gary S. Lee

cc:    Counsel of record

ny-1063553