Timothy T. Brock, Esq.
Abigail Snow, Esq.
SATTERLEE STEPHENS BURKE & BURKE LLP
230 Park Avenue, Suite 1130
New York, New York 10169
 (212) 818-9200

*Local Counsel to:*

Barry S. Glaser, Esq.
STECKBAUER WEINHART JAFFE, LLP
333 S. Hope Street, 36th Floor
Los Angeles, California 90071
(213) 229-2868

*Attorneys for Los Angeles County Treasurer and Tax Collector*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, et al. | Case No.:  12-12020 (MG) |
| Debtors. | Jointly Administered |

**LOS ANGELES COUNTY TAX COLLECTOR'S (I) LIMITED OBJECTION
TO PROPOSED SALE OF CERTAIN OF THE DEBTORS'
ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND
ENCUMBRANCES; AND (II) REQUEST FOR ADEQUATE PROTECTION**

The Los Angeles County Treasurer and Tax Collector (the "County"), by and through its undersigned counsel, hereby files its limited objection to the Debtors motion dated May 14, 2012, for an order, *inter alia*, authorizing the sale of certain assets free and clear of liens, claims, encumbrances and other interests [Docket 61] (the "Sale Motion") and in support thereof states as follows:

**PROCEDURAL BACKGROUND**

1. On May 14, 2012, Residential Capital, LLC, and its affiliated debtors (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the

1534933_1

United States Code (the "Bankruptcy Code"). On that same date, the Debtors filed the Sale Motion seeking to sell certain of the Debtors' assets.

2. Also on May 14, 2012, the Debtors filed "Debtors' Motion for Interim and Final Orders under Bankruptcy Code Sections 105(a), 363, 506(a), 507(a)(8), 541 and 1129 and Bankruptcy Rule 6003 Authorizing Payment of Taxes and Regulatory Fees" [Docket 37] (the "Tax Motion"). The Tax Motion was approved by this Court, and interim and final orders were entered on May 18, 2012 [Docket 108] and June 11, 2012, [Docket 310], respectively.

3. On June 28, 2012, the Court entered the "Order Under 11 U.S.C. §§ 105, 363(b) and 365 (I) Authorizing and Approving Sale Procedures, Including Payment of Break-up Fees; (II) Scheduling Bid Deadline, Auction (if Necessary) and Sale Hearing; (III) Establishing Assumption and Assignment procedures, Including Procedures for Fixing Cure Amounts; and (IV) Establishing Notice Procedures and Approving Forms of Notice" [Docket 538] (the "Order"). Pursuant to the Order, objections to the Sale Motion were due on or before 5:00 p.m. October 29, 2012, which deadline has been extended day-to-day by the closing of the Bankruptcy Court due to severe weather.

4. The Debtors filed a copy of the Asset Purchase Agreement between Berkshire Hathaway Inc. and Residential Capital, LLC, Residential Funding Company, LLC, GMAC Mortgage, LLC, GMACM Borrower LLC and RFC Borrower LLC dated as of June 28, , 2012, (the "APA") on June 28, 2012 [Docket 535].

## STATEMENT AND LIMITED OBJECTION

5. The County has filed ten claims against five of the Debtors for taxes in the total amount of $668,104.36 (the "Tax Claim"). A summary of the Tax Claim is set forth below:

| Claim No. | Claim Amount | Debtor | Comment |
|---|---|---|---|
| 109 | 389,702.37 | GMAC Mortgage, LLC | Secured Roll – Estimated taxes for FY ending 6/30/2013 |
| 110 | 63,244.57 | Residential Funding Company, LLC | Secured Roll – Estimated taxes for FY ending 6/30/2013 |
| 111 | 24,182.46 | GMAC Mortgage, LLC | Secured Roll – Past due taxes for fiscal years ending 2008 - 2012 |
| 113 | 62,001.33 | Residential Funding Company, LLC | Secured Roll – Past due taxes for fiscal years ending 2008 - 2012 |
| 115 | 65,319.72 | Residential Funding Company, LLC | Unsecured Roll – some portion secured by statutory and/or recorded lien, or entitled to priority status |
| 120 | 20,618.06 | Homecomings Financial, LLC | Unsecured Roll – some portion secured by statutory and/or recorded lien |
| 164 | 591.62 | GMAC Model Home Finance I, LLC | Unsecured Roll – some portion secured by statutory and/or recorded lien |
| 165 | 5,556.61 | Executive Trustee Services, LLC | Unsecured Roll – some portion secured by statutory and/or recorded lien, or entitled to priority status |
| 166 | 11,330.78 | GMAC Mortgage, LLC | Unsecured Roll – some portion secured by statutory and/or recorded lien, or entitled to priority status |
| 167 | 25,556.84 | GMAC Mortgage, LLC | Unsecured Roll – some portion secured by statutory and/or recorded lien |
|  | 668,104.36 |  |  |

6. Pursuant to California Revenue and Tax Code § 2192.1, "[e]very tax declared in this chapter to be a lien on real property, and every public improvement assessment declared by law to be a lien on real property, have priority over all other liens on the property, regardless of the time of their creation." Cal. Rev. & T. Code § 2192.1. Of the County's Tax Claim, a total of $539,130.73 (Claims 109, 110, 111 and 113) are Secured Roll claims (the "Secured Roll Tax Claim"), defined as "that part of the [entire assessment] roll containing State assessed property and property the taxes on which are a lien on real property sufficient, in the opinion of the assessor, to secure payment of the taxes." Cal. Rev. & T. Code § 109.

-3-

1534933_1

Accordingly, the Seured Roll Tax Claim is entitled to priority over all other liens on the Debtors' property on which the Secured Roll Tax Claim is assessed.

7. The $128,973.63 balance of the County's Tax Claim represents "unsecured roll" taxes (the "<u>Unsecured Roll Tax Claim</u>") which are granted a statutory lien pursuant to California Revenue and Tax Code § 2192. The statutory lien with respect to these property taxes attaches "annually as of 12:01 a.m. on the first day of the January preceding the fiscal year for which the taxes are levied." Cal. Rev. & T. Code § 2192. It is the County's practice to record its statutory liens with respect to unsecured roll taxes. Of the total Unsecured Roll Tax Claim, $89,336.14 is entitled to secured status on account of its unexpired statutory and/or recorded liens or is entitled to priority status under 11 U.S.C. § 507(a)(8), while $39,637.49 is an unsecured claim for past due taxes for which the recorded liens have expired.

8. Pursuant to the Tax Motion, the Debtors propose to pay taxes on real and personal property in the ordinary course of business, including those taxes which are entitled to priority treatment under 11 U.S.C. § 507(a)(8)(B). See, Tax Motion at ¶¶ 6-9. The Tax Motion also states that the amount the Debtors propose to pay under the Tax Motion includes "an accrued estimate of Taxes owed by the Debtors in connection with tax audit assessments related to Washington excise tax, New Jersey sales and use tax, and California property tax in the aggregate amount of approximately $200,000 for years covering 2005-2012 but not payable until such time as the audits are complete, which is targeted for the fourth quarter of 2012." Tax Motion at note 6, p.5.

9. The APA contains a definition of Permitted Liens,[1] which includes "statutory liens for current Taxes, assessments or other governmental charges not yet due and payable or the amount or validity of which is being contested in good faith by appropriate

---

[1] Capitalized terms used and not defined herein are as defined in the APA.

proceedings or the making of appropriate demands, notices or filings; <u>provided</u>, that an appropriate reserve is established therefore against the carrying amount of the related assets;" APA at Definitions at p.11.  Under the APA's definition, the only portion of the County's Tax Claim which would appear to be entitled to treatment as a Permitted Lien is claims 109 and 110, for Secured Roll taxes for the fiscal year ending June 30, 2013.  However, even that is unclear as the first half of these taxes is due on November 1, 2012, more than two weeks before the scheduled November 19, 2012, Sale Hearing.  It thus appears that by the time of any closing on the sale, approximately half of these claims will be for past due taxes, although the first installment of said taxes is last payable by December 10, 2012, without penalty.

        10.    The County objects to the proposed sale to the extent it fails to provide for the liens and interests of the County to be adequately protected.  Pursuant to 11 U.S.C. § 363(c)(4), the Debtors "shall segregate and account for any cash collateral" they hold, absent consent of the County or an order of the Court.  The County has not consented to the sale of property free and clear of its statutory tax liens, and objects the extent that the sale does not provide adequate protection for the County's liens, including payment at closing of any taxes due and owing to the County on any property to be sold which is subject to the County's tax liens.

        11.    The first half of the Secured Roll Tax Claims for the fiscal year ended June 30, 2013, will be due before the closing on the sale of the Debtors' assets, and there are Secured Roll Tax Claims for unpaid taxes for the fiscal years ending June 30, 2008 through June 30, 2012, which are due, and there are Unsecured Tax Claims which are entitled to secured status.  Accordingly, the County requests that the Debtors be required to pay all taxes due and owing to the County on any property sold, including any interest, penalties and charges which may have accrued, at the closing of the sale.  In the alternative, the County request that, as adequate protection, any sale order shall provide that the County's tax liens shall remain on the

-5-

property and be assumed by the Purchaser(s) or that the Debtor be required to segregate sufficient proceeds of the sale to satisfy the County's tax liens, including any accrued interest.

## CONCLUSION

WHEREFORE, for the reasons stated above, the County respectfully requests that the Sale Motion be denied unless and until provision is made to adequately protect the Tax Claim and lien of the County and its interest in the proceeds of a sale of its collateral.

Dated: November 1, 2012
New York, New York

Respectfully submitted,

SATTERLEE STEPHENS BURKE & BURKE LLP

By:  /s/ Abigail Snow
    Timothy T. Brock, Esq.
    Abigail Snow, Esq.
230 Park Avenue, Suite 1130
New York, New York 10169
Tel:  (212) 818-9200
Fax:  (212) 818-9606
Email: tbrock@ssbb.com
    asnow@ssbb.com

*Local Counsel to:*

Barry S. Glaser, Esq.
STECKBAUER WEINHART JAFFE, LLP
333 S. Hope Street, 36th Floor
Los Angeles, California 90071
Tel: (213) 229-2868
Fax: (213) 229-2870
Email: bglaser@swjlaw.com

*Attorneys for Los Angeles County Treasurer and Tax Collector*