BINGHAM McCUTCHEN LLP
Steven Wilamowsky
399 Park Avenue
New York, New York 10022
(212) 705-7000

*Attorneys for DB Structured Products, Inc.*
*and MortgageIT Holdings, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
                                              :
In re                                         :    Chapter 11
                                              :
Residential Capital, LLC, *et al.*,           :    Case No. 12-12020 (MG)
                                              :
                    Debtors                   :    (Jointly Administered)
                                              :
---------------------------------------------------------x

SUPPLEMENTAL OBJECTION OF DB STRUCTURED
PRODUCTS, INC. AND MORTGAGEIT HOLDINGS, INC. TO
DEBTORS' PROPOSED CURE AMOUNT AND TO ASSUMPTION
AND ASSIGNMENT OF RELATED AGREEMENTS

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

DB Structured Products, Inc. and MortgageIT Holdings, Inc. (collectively, the "DB Counterparties"), submit this supplemental objection (this " Supplemental Objection") in further support of their objection (the "Objection")[1] with respect to the cure amounts proposed by the debtors-in-possession (the "Debtors") in the above-captioned-chapter 11 cases in the Debtors' *First Amended and Restated Notice Of (i) Debtors' Intent To Assume And Assign Certain Executory Contracts, Unexpired Leases Of Personal Property, And Unexpired Leases Of*

---

[1] *Objection of DB Structured Products, Inc. and MortgageIT Holdings, Inc. to Debtors' Proposed Cure Amount And To Assumption And Assignment Of Related Agreements* filed on September 28, 2012 (Doc. No. 1623). All facts, background information, definitions, and arguments set forth in the Objection are hereby incorporated into this Supplemental Objection.

*Nonresidential Real Property And (ii) Cure Amounts Related Thereto* [Doc. No. 1484] (the "Amended Cure Notice") and to the related May 14, 2012 sale motion referenced in the Amended Cure Notice (the "Sale Motion"), and respectfully represent as follows:

## ADDITIONAL CURE AMOUNTS DISCOVERED DURING CONTINUED DILIGENCE

When the DB Counterparties filed the Objection, their research revealed that GMAC Mortgage owed them approximately $3 million under the DB Agreements. At the time, the DB Counterparties had only been able to fully review data from July 2009 and later. Accordingly, the DB Counterparties expressly reserved the right to amend and supplement the Objection in regard to, *inter alia*, any proposed cure amount for the DB Agreements. *See* Objection at ¶ 19.

After conducting further diligence for the period prior to July 2009, the DB Counterparties discovered that GMAC Mortgage actually owes them an aggregate total of at least $4,698,403.38. To research the amounts owed under the DB Agreements prior to July 2009, the DB Counterparties have only been able to review a publicly-available data source, Intech Desktop Consultant ("Intech"). The master mortgage servicer posts the relevant information on Intech, and in the absence of any cooperation from GMAC Mortgage, the DB Counterparties had no choice but to rely on information from Intech. Thus, the DB Counterparties believe they are owed *at least* $4,698,403.38, but almost certainly more than that, because the DB Counterparties have been unable to obtain the full history of and relevant data for every agreement.

## PROPOSED SALE TERMS

On October 24, 2012, the Debtors announced that the winning bidder was not the stalking horse bidder, Nationstar, but rather Ocwen Financial Corp. ("Ocwen"). However, the details regarding the terms and conditions of Ocwen's winning bid, including a modified form of

2

the asset purchase agreement and Ocwen's required form of Sale Order, has not been disclosed. As a result, the DB Counterparties cannot know whether they have additional concerns or bases for objection to the Sale Motion. To the extent that this information is not disclosed on a basis that permits ample time for considered analysis and, if appropriate, the interposition of a further objection by parties in interest, the DB Counterparties object to the Sale Motion for that reason.

RESERVATION OF RIGHTS

The DB Counterparties are still researching the amounts owed to them under the DB Agreements. As such, the DB Counterparties continue to reserve the right to amend and to supplement the Objection and this Supplemental Objection in any way, including, but not limited to, objections to the purchaser, objections to the terms of any proposed purchase agreement, objections to any proposed cure amounts, and objections to the proposed assumption and assignment of any agreements and related documents that the Debtors identify prior to or at the hearing on the Motion.

Dated: November 2, 2012

BINGHAM McCUTCHEN LLP

By: /s/Steven Wilamowsky
Steven Wilamowsky
Matthew J. Cursio
399 Park Avenue
New York, NY 10022
(212) 705-7000

*Attorneys for DB Structured Products, Inc. and MortgageIT Holdings, Inc.*

3