Hearing Date and Time:  December 20, 2012 at 10:00 a.m. (ET)
Objection Deadline:  November 12, 2012 at 4:00 p.m. (ET)

**POLSINELLI SHUGHART**
Daniel J. Flanigan, Esq.
805 Third Avenue, Suite 2020
New York, New York 10022
(212) 684-0199 (Telephone)
(212) 759-8290 (Facsimile)
*Bankruptcy Counsel for Lead
Plaintiffs and the Putative Class*

**WALTERS, BENDER,
STROHBEHN & VAUGHAN**
David M. Skeens, Esq.
2500 City Center Square
1100 Main
Kansas City, Missouri  64105
(816) 421-6620 (Telephone)
(816) 421-4747 (Facsimile)
*Co-Lead Counsel For Lead Plaintiffs and
the Putative Class*

**CARLSON LYNCH LTD.**
R. Bruce Carlson, Esq.
115 Federal Street, Suite 210
Pittsburgh, Pennsylvania 15212
(412) 322-9243 (Telephone)
(412) 231-0246 (Facsimile)
*Co-Lead Counsel for Lead Plaintiffs and
the Putative Class*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **RESIDENTIAL CAPITAL, LLC,** *et al.*, | **Case No. 12-12020 (MG)** |
| **Debtors.** | **(Jointly Administered)** |

### NOTICE OF MOTION TO APPLY BANKRUPTCY RULE 7023 AND TO CERTIFY CLASS CLAIMS

PLEASE TAKE NOTICE that on November 2, 2012, Rowena Drennan,[1] Flora Gaskin, Roger Turner, Christie Turner, John Picard, and Rebecca Picard (the "**Class Claimants**"), on behalf of themselves and all others similarly situated and the general public including, without limitation, the putative class ("**Putative Class**") of persons represented in the consolidated class action entitled In Re: Community Bank of Northern Virginia Second Mortgage Lending Practice Litigation, filed in the United States District Court for the Western District of Pennsylvania, MDL No. 1674, Case Nos. 03-0425, 02-01201, 05-0688, 05-1386, filed the attached *Motion to*

---

[1] Rowena Drennan is a member of the Official Committee of Unsecured Creditors.  *See* Appointment of Official Committee of Unsecured Creditors, filed May 16, 2012 (Doc. No. 102).

*Apply Bankruptcy Rule 7023 and to Certify Class Claims* (the "**Motion**") with the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").  A hearing to consider the Motion is scheduled for December 20, 2012 at 10:00 a.m. (prevailing Eastern Time) before the Honorable Martin Glenn, United States Bankruptcy Judge, in Courtroom 501 at the Bankruptcy Court, One Bowling Green, New York, New York 10004.

PLEASE TAKE FURTHER NOTICE that any objection to the Motion must be in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served upon undersigned counsel, so as to be received no later than **November 12, 2012 at 4:00 p.m.** (prevailing Eastern Time).

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not timely filed and served, the Bankruptcy Court may enter an order granting the relief requested in the Motion without further notice or opportunity to be heard afforded to any party.

Dated: November 2, 2012
New York, New York

*/s/ Daniel J. Flanigan*
**POLSINELLI SHUGHART**
Daniel J. Flanigan, Esq.
805 Third Avenue, Suite 2020
New York, New York 10022
(212) 684-0199 (Telephone)
(212) 759-8290 (Facsimile)
*Bankruptcy Counsel for Lead Plaintiffs and the Putative Class*

*/s/ David M. Skeens*
**WALTERS, BENDER, STROHBEHN & VAUGHAN**
David M. Skeens, Esq.
2500 City Center Square
1100 Main
Kansas City, Missouri 64105
(816) 421-6620 (Telephone)
(816) 421-4747 (Facsimile)

*Co-Lead Counsel for Lead Plaintiffs and the Putative Class*

*/s/ R. Bruce Carlson*
**CARLSON LYNCH LTD.**
R. Bruce Carlson, Esq.
115 Federal Street, Suite 210
Pittsburgh, Pennsylvania 15212
(412) 322-9243 (Telephone)
(412) 231-0246 (Facsimile)

*Co-Lead Counsel for Lead Plaintiffs and the Putative Class*

3

2303221.1

Hearing Date and Time: December 20, 2012 at 10:00 a.m. (ET)
Objection Deadline: November 12, 2012 at 4:00 p.m. (ET)

**POLSINELLI SHUGHART**
Daniel J. Flanigan, Esq.
805 Third Avenue, Suite 2020
New York, New York 10022
(212) 684-0199 (Telephone)
(212) 759-8290 (Facsimile)
*Bankruptcy Counsel for Lead*
*Plaintiffs and the Putative Class*

**WALTERS, BENDER,**
**STROHBEHN & VAUGHAN**
David M. Skeens, Esq.
2500 City Center Square
1100 Main
Kansas City, Missouri 64105
(816) 421-6620 (Telephone)
(816) 421-4747 (Facsimile)
*Co-Lead Counsel for Lead Plaintiffs*
*and the Putative Class*

**CARLSON LYNCH LTD.**
R. Bruce Carlson, Esq. *(Pro Hac Pending)*
115 Federal Street, Suite 210
Pittsburgh, Pennsylvania 15212
(412) 322-9243 (Telephone)
(412) 231-0246 (Facsimile)
*Co-Lead Counsel For Lead Plaintiffs*
*and the Putative Class*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **RESIDENTIAL CAPITAL, LLC,** *et al.*, | Case No. 12-12020 (MG) |
| Debtors. | (Jointly Administered) |

**MOTION TO APPLY BANKRUPTCY RULE 7023 AND TO CERTIFY CLASS CLAIMS**

Pursuant to Bankruptcy Rule 9014 and Local Bankruptcy Rule 9013-1, Rowena Drennen,[1] Flora Gaskin, Roger Turner, Christie Turner, John Picard, and Rebecca Picard (the "**Class Claimants**"), on behalf of themselves and all others similarly situated and the general public including, without limitation, the putative class ("**Putative Class**") of persons represented in the consolidated class action entitled In Re: Community Bank of Northern Virginia Second Mortgage Lending Practice Litigation, filed in the United States District Court for the Western

---

[1] Rowena Drennen is a member of the Official Committee of Unsecured Creditors. *See* Appointment of Official Committee of Unsecured Creditors, filed May 16, 2012 (Doc. No. 102).

2293408

District of Pennsylvania, MDL No. 1674, Case Nos. 03-0425, 02-01201, 05-0688, 05-1386 (the "**Pre-Petition Class Action**"), hereby move the Court for its Order authorizing the application of Bankruptcy Rule 7023 to any contested matters associated with or arising out of any of the claims asserted against GMAC-Residential Funding Corporation n/k/a Residential Funding Company, LLC ("**RFC**") and other Debtors pursuant to the class proofs of claim filed by the Class Claimants in this case (the "**Class Claims**" or "**Claims**").

In support of this Motion the Debtors state as follows:

1. The Class Claimants are among the group of 41 lead plaintiffs in the Pre-Petition Class Action and representative of those lead plaintiffs and of the entire putative class in the Pre-Petition Class Action.

2. The Class Claimants have filed a Proof of Claim (the "**Proof of Class Claim (Primary)**") against Debtor Residential Funding Company, LLC, f/k/a GMAC-Residential Funding Corporation ("**RFC**") on behalf of the Putative Class.

3. The Proof of Class Claim (Primary) asserts (for convenient summary and not in limitation) generally the following claims against RFC, which are described in full detail in Plaintiffs' Joint Consolidated Amended Class Action Complaint filed in the Pre-Petition Class Action (the "**Class Action Complaint**" or "**Complaint**"):

- Violations of the Real Estate Settlement Procedures Act ("**RESPA**") for kickbacks, unearned fees and impermissible business relationships;

- Violations of the Truth in Lending Act ("**TILA**") and the Home Ownership and Equity Protection Act ("**HOEPA**") for inaccurate and understated material disclosures;

- Violations of other disclosure and substantive requirements of TILA and HOEPA; and

- Violations of the Racketeer Influenced and Corrupt Organizations Act ("**RICO**") for racketeering activities used to perpetuate and further a predatory lending scheme.

2

2293408

4. The Class Claimants have also filed a Proof of Claim (the **"Proof of Class Claim (Alter Ego/Veil Piercing)"** against RFC's immediate and ultimate Debtor parents--respectively, GMAC-RFC Holding Company, LLC and Residential Capital, LLC ("**Parent Entities**")--on an alter ego and veil piercing theory as more particularly alleged in Attachment 3 to the Proof of Class Claim (Alter Ego/Veil Piercing) filed against each Parent Entity.[2]

5. The Claims asserted in the Proof of Class Claim (Primary) and the Proofs of Class Claim (Alter Ego/Veil Piercing) are sometimes collectively referred to herein and in accompanying papers as the "**Class Proofs of Claim.**" The Claims asserted in the Class Proofs of Claim are sometimes collectively referred to herein and in accompanying papers as the **"Claims"** or the "**Class Claims.**" The Class Action Complaint is attached as Exhibit A, and the Class Proofs of Claim are attached as Exhibits B, C, and D, to the Declaration of R. Frederick Walters, David M. Skeens and R. Bruce Carlson in Support of Motion to Apply Bankruptcy Rule 7023 and to Certify Class Claims ("**Walters/Skeens/Carlson Declaration**") filed contemporaneously herewith.

6. The Class Claimants estimate that there are 44,535 members of the Putative Class.

7. Based on the extensive record gathered during the pre-petition litigation, the Class Claimants' current estimate (which is preliminary and without prejudice to the right of the Putative Class members to claim additional amounts as the facts and law may ultimately warrant) that the total amount recoverable on each individual Class Claim is, on average, $42,076.00. Because there are 44,535 known Putative Class members, the damages for which RFC and other Debtors are liable on these claims is at least $1.87 billion dollars.

---

[2] The Class Claimants believe that many more facts currently unknown to Class Claimants exist that would support these Claims against the Parent Entities and perhaps other Debtor and non-Debtor entities as well, facts that will be revealed by the various ongoing Examiner, Creditors Committee, and other investigations as the bankruptcy case progresses, and Class Claimants reserve all rights to supplement the Proofs of Claim as facts supporting them are later revealed.

3

8. For the reasons set forth herein and in the Class Proofs of Claim, the <u>Memorandum in Support of Motion to Apply Bankruptcy Rule 7023 and to Certify Class Claims</u> and the <u>Walters/Skeens/Carlson Declaration</u> filed contemporaneously herewith, the Class Claimants should be allowed to pursue the Class Claims on behalf of the Putative Class.

WHEREFORE, the Class Claimants request that this Court enter one or more appropriate orders granting the relief requested in this Motion and for such other and further relief as is just and proper.

Dated: November 2, 2012
New York, New York

/s/ Daniel J. Flanigan
**POLSINELLI SHUGHART**
Daniel J. Flanigan, Esq.
805 Third Avenue
20th Floor
New York, New York 10022
(212) 684-0199 (Telephone)
(212) 759-8290 (Facsimile)
*Bankruptcy Counsel for Lead*
*Plaintiffs and the Putative Class*

/s/ David M. Skeens
**WALTERS, BENDER,**
**STROHBEHN & VAUGHAN**
David M. Skeens, Esq.
2500 City Center Square
1100 Main
Kansas City, Missouri 64105
(816) 421-6620 (Telephone)
(816) 421-4747 (Facsimile)
*Co-Lead Counsel for Lead Plaintiffs*
*and the Putative Class*

/s/ R. Bruce Carlson
**CARLSON LYNCH LTD.**
R. Bruce Carlson, Esq. *(Pro Hac Pending)*
115 Federal Street, Suite 210
Pittsburgh, Pennsylvania 15212
(412) 322-9243 (Telephone)
(412) 231-0246 (Facsimile)

*Co-Lead Counsel for Lead Plaintiffs*
*and the Putative Class*