# Exhibit B

Morrison & Foerster LLP
Gary S. Lee
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
*Counsel for the Debtors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X

In re:                                                      :      Chapter 11
                                                            :
RESIDENTIAL CAPITAL, LLC, et al.,                           :      Case No. 12-12020 (MG)
                                                            :
                              Debtors.                      :      Jointly Administered
                                                            :
------------------------------------------------------- X

## CONFIDENTIALITY AGREEMENT

It is hereby stipulated and agreed, by and among the parties hereto by their

undersigned counsel, that discovery or disclosure in these Chapter 11 bankruptcy cases filed by

Residential Capital, LLC, et al., (collectively, the "Company" or the "Debtors"), jointly

administered under the caption In re Residential Capital, LLC, et al., Case No. 12-12020 (MG),

shall be subject to the terms and conditions of this Agreement to protect the confidentiality of

proprietary, non-public, and sensitive information:

    1.    For purposes of this Agreement, the following terms shall have the

following indicated meanings:

"Advisors" shall include counsel, consultants, accountants, experts, auditors,

examiners, financial advisors, appraisers or other agents or professionals.

"Confidential Information" means any and all proprietary, confidential and nonpublic information (whether in writing or orally or in any other format) produced, provided, given or exchanged by a Disclosing Party (defined below) that is marked or designated by such Disclosing Party as being "Confidential," including, without limitation, information concerning the Disclosing Party's assets, liabilities, business operations, business practices, business plans, financial projections, financial and business analyses, corporate governance, intellectual property, trade secrets and compilations and studies relating to the foregoing. Confidential Information includes, but is not limited to, all analyses, compilations, forecasts, studies or other documents prepared by a Receiving Party in connection with its review of, or interest in, the Chapter 11 Cases, which contain or reflect or are based upon any such Confidential Information provided by the Disclosing Party.

The term Confidential Information will not include information that:

(i) is or becomes publicly available other than as a result of a disclosure by any Receiving Party or Representative or Advisor in breach of this Agreement,

(ii) a Receiving Party or its Representatives or Advisors obtains independently, not pursuant to this Agreement, provided that if such information is subject to another confidentiality agreement between the Receiving Party and the Disclosing Party, use of such Confidential Information by such Receiving Party is governed by such other confidentiality agreement and not by the terms of this Agreement,

(iii) is or becomes available to the Receiving Party or its Representatives or Advisors on a non-confidential basis from a source (other than a Disclosing Party), which source

KL3 2880298.8

is not to the Receiving Party's knowledge subject to any prohibition from disclosing such information to the Receiving Party,

(iv) is independently developed by such Receiving Party or its Representatives or Advisors without violating its obligations hereunder and without using any Confidential Information,

(v) is disclosed or is required to be disclosed by law, rule, regulation or legal process, subject to the requirements of paragraph 9 below, or

(vi) is determined by a court of competent jurisdiction not to be Confidential Information.

"Disclosing Party" means any party producing Discovery Material.

"Discovery Material" refers to all discovery documents, deposition testimony, interrogatory answers, and other information produced, given, provided or exchanged in connection with discovery in these Chapter 11 cases.

"or" shall not be construed as exclusive.

"Receiving Party" means any party receiving Discovery Material  pursuant to this Agreement and any other party receiving Discovery Material that executes and delivers to the Disclosing Party a confidentiality agreement on substantially identical terms to this Agreement..

"Representatives" shall include affiliates, directors, officers, partners, members, and employees.

2.    Each Receiving Party hereby agrees that it will:

- 3 -

KL3 2830298.8

(a)    keep the Confidential Information confidential and will not (except as required by applicable law, rule, regulation or legal process, and only after compliance with paragraph 9 below), without the Disclosing Party's prior written consent, disclose any Confidential Information to any other person or entity, except as provided for in this Agreement;

(b)    not use or allow any Confidential Information to be used for any purpose other than for the purpose of performing its duties in the Chapter 11 cases; and

(c)    use reasonable efforts to safeguard the Confidential Information and to protect the Confidential Information against disclosure, misuse, espionage, loss, and theft by any corporation, company, partnership or individual.

3.    Notwithstanding the foregoing, Confidential Information (that is not designated Professionals' Eyes Only as defined below) may be disclosed by the Receiving Party to (i) its Representatives and Advisors who are involved with these Chapter 11 cases; (ii) any other Receiving Party, including persons noticed for depositions or designated as trial witnesses and their counsel to the extent deemed necessary by counsel for the Receiving Party in order to prepare such witnesses. For the avoidance of doubt, Kramer Levin Naftalis & Frankel LLP, proposed counsel to the Official Committee of Unsecured Creditors (the "Creditors' Committee"), and the Receiving Party's other Advisors, may share Confidential Information (that is not designated Professionals' Eyes Only) with the Creditors' Committee and members of the Creditors' Committee, provided that the Committee has either executed a confidentiality agreement on terms reasonably acceptable to the Debtors or enacted Committee bylaws that are in effect that include confidentiality restrictions reasonably acceptable to the Debtors. The Receiving Party represents that each of its Representatives and Advisors who receives

- 4 -

Confidential Information pursuant to this Agreement, will be advised (i) of the terms of this

Agreement, (ii) that upon receipt of any Confidential Information such party shall be deemed

bound by the terms of this Agreement and (iii) of such party's obligations concerning the

confidentiality of all such Confidential Information and the proper use thereof. The parties may

agree in writing to greater or lesser restrictions on the use of certain Confidential Information.

4.     The Disclosing Party shall be permitted to designate certain items of

Confidential Information as "Professionals' Eyes Only" only if the Disclosing Party in good faith

reasonably believes that (i) the items contain highly confidential and sensitive proprietary

information related to the Disclosing Party's previous, existing or ongoing business operations

for which restricted access is necessary to prevent a risk of competitive harm to the Disclosing

Party in the ongoing operation of its business; or (ii) the items contain attorney work product or

privileged information; or (iii) the items contain internal analyses regarding the treatment and/or

valuation of existing or potential claims in connection with the sale of mortgages or mortgage

backed securities; or (iv) the items are documents that were produced to the Disclosing Party in

an existing litigation and are subject to a protective order or confidentiality agreement in

connection with that litigation; provided that Committee Counsel and the Committee's Advisors

may advise the Committee on Professionals' Eyes Only information solely in order to permit the

Committee to exercise its fiduciary duties (which advice may not disclose material terms in the

Professionals' Eyes Only documents).

5.     The Receiving Party agrees that information designated as Professionals'

Eyes Only may not be disclosed to any Representatives of the Receiving Party and may be

reviewed only by the following persons:

KL3 2880298.8

- 5 -

(a)    Advisors who represent or work for the Receiving Party in matters related to the Chapter 11 bankruptcy cases, as well as clerical, paralegal, other staff and agents of those Advisors whose functions require access to Professionals' Eyes Only Information;

(b)    Any person indicated on the face of a document to be the author, addressee, or an actual or intended recipient of the document;

(c)    A Committee Members' financial advisor if that advisor is not (a) currently assisting and will not later assist the Member or any party in any mortgage related litigation against the Debtors or its affiliates, and (b) is not itself a party nor does it intend to be a party in any mortgage related litigation against the Debtors or its affiliates; provided that the financial advisor will not share the Professionals' Eyes Only information with the Member;

(d)    Professional vendors to whom disclosure is reasonably necessary for Chapter 11 issues, provided they are informed that the material is Professionals' Eyes Only information;

(e)    The Court and its authorized staff, including official and freelance court reporters and videotape operators hired by the Receiving Party in connection with these Chapter 11 cases;

(f)    Any other person, only upon order of the Court or agreement of the Disclosing Party.

6.    The Disclosing Party may designate the specific testimony during a deposition or proceeding as "Confidential" or "Professionals' Eyes Only" either on the record at the deposition or other proceeding, or in writing no later than three (3) calendar days following

- 6 -

the date on which attorneys for the Disclosing Party has received the final version of the transcript of the deposition or other proceeding (the "Transcript Designation Period"); provided that testimony designated as Confidential or Professionals' Eyes Only shall remain subject to such designation during the Transcript Designation Period.

7.    Notwithstanding the foregoing, should the Receiving Party disagree with the Disclosing Party's designation of information as Confidential Information or "Professionals' Eyes Only," counsel for the Disclosing Party and the Receiving Party shall confer in good faith to resolve the issue on an expedited basis. Absent a consensual resolution, the Receiving Party may request, upon written notice to the Disclosing Party and on an expedited basis, that the Bankruptcy Court resolve the issue (subject to the Court's availability). The material in question shall be treated as it was initially designated by the Disclosing Party pending resolution of the issue. If challenged pursuant to this paragraph 7, the Disclosing Party shall bear the burden of establishing that any such material challenged by the Receiving Party is entitled to the designation of "Confidential" or "Professionals' Eyes Only" assigned by the Disclosing Party.

8.    In the event that a Receiving Party intends to offer into evidence or otherwise use Confidential Information in the Chapter 11 Case, then such Receiving Party shall (i) obtain the advance written consent of the Disclosing Party (through the Disclosing Party's counsel) to such offer or use; (ii) file under seal the Confidential Information or any substantive references thereto; or (iii) obtain an order of the Bankruptcy Court permitting the disclosure after advance written notice and a reasonable opportunity for the Disclosing Party to be heard on such proposed relief. Any such request for relief from the Bankruptcy Court may be heard on expedited notice of no less than five (5) business days, subject to the Bankruptcy Court's calendar.

- 7 -

9.    Notwithstanding anything to the contrary herein, if a Receiving Party or any of the Receiving Party's Representatives is requested pursuant to, or becomes legally compelled by, applicable law, rule, regulation, regulatory authority, or legal process to make any disclosure that is prohibited or otherwise constrained by this Agreement, the Receiving Party or such Representative, as the case may be, shall provide written notice of such legal proceedings or compelled disclosure (unless such notice is prohibited by applicable law) to the Disclosing Party and the Disclosing Party's counsel, pursuant to the notice provisions set forth herein, promptly upon receiving such notice and at least three (3) business days prior to compliance by the Receiving Party with the request for Confidential Information, so that the Disclosing Party may seek an appropriate protective order or other appropriate relief, or, in the Disclosing Party's sole discretion, waive compliance with the terms of this Agreement. In the absence of a protective order or the Receiving Party's receiving such a waiver from disclosure, the Receiving Party or its Representative shall be permitted (with the Disclosing Party's cooperation) to disclose only that portion of the Confidential Information that the Receiving Party or the Representative is advised by the Receiving Party's counsel is legally required to disclose and shall inform (in writing) any person to whom any Confidential Information is so disclosed of the confidential nature of such Confidential Information.

10.    Each Receiving Party acknowledges that none of the Disclosing Parties makes any express or implied representation or warranty as to the accuracy or completeness of the Confidential Information, and each Receiving Party agrees that no Disclosing Party shall have any liability arising from disclosure of the Confidential Information or for any errors therein or omissions therefrom.

KL3 2880298.8

11.    Nothing in this Agreement shall prevent or limit any right of any Receiving Party from seeking any information through subpoena, formal discovery or other process, or prevent or limit any right of a Disclosing Party to object on any basis to any such subpoena, formal discovery or other process.

12.    This Agreement shall be retroactively effective as of May 25, 2012 (the "Effective Date"), and shall automatically terminate on the date that is the earliest of one year following: (a) the effective date of a chapter 11 plan, (b) the dismissal of the chapter 11 cases, or (c) the conversion of the chapter 11 cases to cases under chapter 7 (the "Termination Date"). After the Termination Date and upon the written request of the Disclosing Party or any of its Representatives, the Receiving Party shall either (at the Receiving Party's election) (i) promptly destroy all copies of the Confidential Information in its possession, or (ii) promptly deliver to the Disclosing Party all copies of the Confidential Information in its possession; provided, however, that the Receiving Parties may retain all analyses, compilations, forecasts, studies or other documents prepared by the Receiving Parties and such other information that such Receiving Party is required to retain by law or reasonable and customary internal document retention policies (including any internal document retention policies in effect as of the date of this Agreement) (collectively the "Retained Information"); provided, further, however, that the Receiving Party shall not be required to return or destroy such Confidential Information if the Disclosing Party agrees in writing that the Receiving Party may retain such Confidential Information or the Receiving Party obtains an order of the Bankruptcy Court authorizing it to retain such Confidential Information.  If requested by a Disclosing Party, a Receiving Party shall provide a certification as to the destruction of any materials in accordance with the foregoing. Any Receiving Party that retains any Retained Information or other Confidential Information

- 9 -

KL3 2880298.8

pursuant to the foregoing sentence will continue to be subject to the terms of this Agreement in respect of all such information, without regard to whether this Agreement has terminated in accordance with this Section 12.

13.    Each Receiving Party acknowledges that remedies at law would be inadequate to protect the Disclosing Party against any breach of this Agreement and, without prejudice to any other rights and remedies otherwise available to the Disclosing Party, each of the Receiving Parties agrees that the Disclosing Party may seek injunctive relief restricting the further release of Confidential Information, or the specific performance of the terms of this Agreement restricting the further release of Confidential Information, for any breach of this Agreement by one or more of the Receiving Parties without proof of actual damages and without the requirement of obtaining any bond or giving any security in connection with the granting of any such relief.

14.    The Receiving Parties and the Disclosing Parties hereby (a) submit to the jurisdiction of the Bankruptcy Court with respect to all disputes, action, suits and proceedings arising out of or relating to this Agreement, (b) agree that all claims with respect to any such dispute, action, suit or proceeding may be heard and determined in such court, (c) waive the defense of an inconvenient forum, (d) agree that service of any process, summons, notice or document by United States registered mail or as otherwise provided in this Agreement shall be effective service of process for any action, suit or proceeding brought against a Receiving Party in any such court, (e) agree that a final judgment in any such action, suit or proceeding shall be conclusive and may be enforced in other jurisdictions by suit on the judgment or in any other manner provided by law and (f) waive a right to trial by jury of any dispute related to this Agreement.

- 10 -

KL3 2880296.8

15.    Limitation on Use of Non-Party Borrower Information ("NPBI").  In addition to the conditions on use of Discovery Material designated "Confidential" and "Professional Eyes Only" set forth in the Confidentiality Agreement, which apply with equal force to NPBI, NPBI may not be used by the Receiving Party or its experts, consultants, professional vendors, counsel or other secondary recipients or affiliates for the purpose of contacting borrowers or their employers or accountants, whether through formal process or otherwise, or for the purpose of re-verifying borrower credit information, including, but not limited to, obtaining credit reports and/or verifying employment, income, place of residence, citizenship, debts or assets,  except pursuant to an order from this court or a competent authority authorizing the specific request to seek such information.

16.    Each Receiving Party agrees that no failure or delay by the Disclosing Party in exercising any right, power or privilege hereunder will operate as a waiver thereof, nor will any single or partial exercise thereof preclude any other or further exercise thereof or the exercise of any right, power or privilege hereunder.

17.    This Agreement will be governed by and construed in accordance with the laws of the State of New York applicable to contracts between residents of that State and executed in and to be performed in that State.

18.    This Agreement contains the entire agreement between the parties hereto concerning the confidentiality of the Confidential Information, and except as provided herein, no modifications of this Agreement or waiver of the terms and conditions hereof will be binding upon the parties, unless approved in writing by each of the parties.

- 11 -

KL3 2880298.8

19.    All notices and other communications to the parties required or permitted under this Agreement shall be in writing and shall become effective when delivered by facsimile transmission, electronic mail, overnight courier service, registered or certified mail (postage prepaid) or hand delivery, addressed as follows or to such other addresses as may be thereafter designated in writing by such party to the other parties:

If to the Company:

Residential Capital, LLC
1100 Virginia Drive
Fort Washington, Pennsylvania 19034
Attn: Tammy Hamzehpour, General Counsel
Tammy.hamzehpour@gmacrescap.com

With a copy to:

Morrison & Foerster LLP
1290 Avenue of the Americas
New York, New York 10104
Attn: Jamie A. Levitt, Esq.
jlevitt@mofo.com

If to the Creditors' Committee:

Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036
Attn: Barry Berke, Esq.
bberke@kramerlevin.com

Any subsequent signatories to this Agreement shall provide corresponding contact information for notices or communications under this Agreement.

20.    This Agreement is non-assignable except with the prior written approval of the authorized representatives of all parties.  This Agreement shall be binding upon and inure to the benefit of all parties hereto and their respective successors and permitted assigns.

- 12 -

21.     This Agreement shall be executed in any number of counterparts, which counterparts may be delivered by facsimile or electronic mail, and it shall not be necessary that the signature of, or on behalf of, each party, appear on each counterpart; but it shall be sufficient that the signature of, or on behalf of, each party, appear on one or more counterparts. All such counterparts when taken together shall be deemed to be an original and all of which together shall be deemed to be one and the same instrument.

22.     Subject to the Receiving Party's right to challenge any assertion of privilege or prohibition from disclosure, nothing in this Agreement shall require disclosure of information by a Disclosing Party that the Disclosing Party's Advisors contends is protected or prohibited from disclosure by the attorney-client privilege, the work-product immunity, or any other legally cognizable privilege or other protection, including without limitation any applicable data privacy laws. If information protected or prohibited from disclosure is inadvertently or mistakenly produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information or any other information that may be protected from disclosure by the attorney-client privilege, the work-product immunity, or any other legally cognizable privilege or other protection. If a Disclosing Party inadvertently or mistakenly produces information that is protected or prohibited from disclosure, upon written request by the Disclosing Party after the discovery of such inadvertent or mistaken production, the Receiving Party shall use all commercially reasonable efforts to return or destroy the information for which a claim of inadvertent production is made and all copies of it, including any work product containing, identifying, or referencing such information, within five (5) business days of such request, and the Receiving Party shall not use such information for any purpose other than in connection with a motion to compel production of

- 13 -

KL3 2880298.8

the information.  If the Receiving Party returns such information, it may then move the Court for

an order compelling production of the information, but that motion shall not assert as a ground

for entering such an order the fact or circumstance of the inadvertent production of the

information.

Dated:  New York, New York

June 18, 2012

KRAMER LEVIN NAFTALIS & FRANKEL LLP

By: _____
        Barry H. Berke
1177 Avenue of the Americas
New York, New York 10036
Telephone:  212-715-9100
*Counsel to the Official Unsecured Creditors' Committee*

MORRISON & FOERSTER LLP

By: _____
        Gary S. Lee
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
*Counsel for the Debtors*

- 14 -