# JONES DAY

555 SOUTH FLOWER STREET • FIFTIETH FLOOR • LOS ANGELES, CALIFORNIA 90071.2300

TELEPHONE: +1.213.489.3939 • FACSIMILE: +1.213.243.2539

Direct Number: (213) 243-2548
rlwynne@JonesDay.com

November 5, 2012

VIA ELECTRONIC DELIVERY

The Honorable Martin Glenn
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

  Re: *In re Residential Capital, LLC, et al.*, Case No. 12-12020 (MG)

Dear Judge Glenn:

  We write on behalf of Financial Guaranty Insurance Company ("FGIC") and MBIA Insurance Corporation ("MBIA") in response to the Debtors' and Ally Financial, Inc.'s November 4, 2012 letters to Your Honor regarding a claw back request initiated by Ally Financial, Inc. ("Ally").

  The November 2, 2012 letters of FGIC and MBIA to Your Honor were based on: (i) the Debtor's October 17, 2012 claw back letter, attaching Ally's October 15, 2012 letter to the Debtors; and (ii) statements made by Ally and the Debtors at a meet and confer on October 24, 2012. Debtors and Ally now assert that they are only seeking to claw back approximately 100 documents and to redact a handful of documents from the original claw back request of 367 documents. Although it is unclear, this assertion apparently is based on a letter sent by Ally on November 2nd to the Official Committee of Unsecured Creditors (the "Committee"), which was not sent to FGIC or MBIA. In fact, FGIC only received the letter yesterday (after receiving Ally's and Debtors' correspondence to the Court) and MBIA received the letter today.[1] We understand that the Committee disputes the accuracy of the characterizations in Debtors' new letters.

  Despite the benefit of multiple letters to the parties and the Court, the Debtors' and Ally's position continues to be unclear and at times indecipherable. Although the Debtors and now Ally assert that there is a smaller universe of documents at issue, Ally's November 2nd letter flatly stated that "Ally requests that Debtors . . . claw back joint-defense and attorney-client privileged documents identified in Exhibit A hereto." That letter lists approximately 423 documents, an increase from the 367 originally at issue. Ally then asserts in its own November

---

[1] Accordingly, Debtors' assertion that "MBIA and FGIC knew, before sending their letters, that Ally had shortened its list to 109 documents" is simply not true.

ALKHOBAR • ATLANTA • BEIJING • BOSTON • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DUBAI
DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • JEDDAH • LONDON • LOS ANGELES • MADRID
MEXICO CITY • MILAN • MOSCOW • MUNICH • NEW YORK • PARIS • PITTSBURGH • RIYADH • SAN DIEGO
SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

The Honorable Martin Glenn
November 5, 2012
Page 2

4th letter to the Court that it is not in fact seeking to claw back any of the documents FGIC listed in its November 2nd letter to the Court, <u>which are listed on Ally's Exhibit A</u>.  The reason for this significant discrepancy is unclear.  While the November 2nd Ally letter did not say so, it now appears from the November 4th letters to the Court that what was intended (but not stated) is that documents marked "Y" on the "common interest" column on the document spreadsheet means those documents are still being clawed back and the documents marked "N" are no longer being clawed back.

A seemingly similar but not identical chart was attached to Debtors' November 4th correspondence to the Court.  The fact that Ally's and the Debtors' lists do not appear to match is confusing at best about what Ally seeks to claw back, what is being withheld from production, and on what basis Ally is attempting to claw back and which documents.

What is clear, however, is any purported confusion regarding Debtors' and Ally's privilege positions is the result of late, selective, and opportunistic disclosure by those parties.  As discussed in FGIC's, MBIA's and the Committee's November 2nd letters to the Court, Debtors' October 17, 2012 claw back letter to the Committee revealed for the first time that Ally was asserting that Mr. Devine had been representing the Debtors and that there was a post-petition joint defense agreement between Ally and Debtors.  Moreover, the role of Ally's counsel representing Debtors was flatly inconsistent with prior disclosures and of significant concern when interposed with the original claw back request.  As such, based on the list of documents that Debtors sought to claw back, FGIC's and MBIA's conclusions about Mr. Devine's role and the lack of disclosure that formed the basis for the objection to Debtors' claw back was appropriate and warranted.

We appreciate that Ally and Debtors now appear to be willing to significantly limit the disputed issues.  However, it is still not clear exactly which of the documents they seek to claw back or the basis for any such privilege assertion.

Respectfully submitted,

*/s/ Richard L. Wynne*

Richard L. Wynne

cc:   Counsel for Debtors (*via email*)
    Counsel for Ally Financial, Inc. (*via email*)
    Counsel for Official Committee of Unsecured Creditors (*via email*)
    Counsel for MBIA (*via email*)