Response Date and Time: TBD

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Joel C. Haims

*Counsel for the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**DEBTORS' MOTION REQUESTING CERTIFICATION
OF APPEAL TO SECOND CIRCUIT COURT OF APPEALS**

**TO THE HONORABLE JUDGE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:**

The debtors and debtors in possession in the above-captioned bankruptcy cases ("Debtors") request certification directly to the United States Court of Appeals for the Second Circuit ("Court of Appeals"), pursuant to 28 U.S.C. §158(d)(2)(A) and Rule 8001(f)(3) of the Federal Rules of Bankruptcy Procedure, of the Federal Housing Finance Agency's ("FHFA's") appeal of this Court's Memorandum Opinion and Order Denying the Motions of the FHFA and Underwriter Defendants to Compel Document Discovery from the Debtors, *In re Residential Capital, LLC,* No. 12-12020 (Bankr. S.D.N.Y. Oct. 12, 2012), ECF No. 1813 ("Discovery Order"[1]). A proposed certification order is attached as Exhibit 1.

---
[1] The Discovery Order is attached as Exhibit 2.

1

**INTRODUCTON**

1.  This Court should certify FHFA's appeal directly to the Court of Appeals without delay because both issues presented on appeal have already been determined to be "question[s] of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States." 28 U.S.C. § 158(d)(2)(A). Those questions are:

- whether this Court's issuance of an order staying discovery from Debtors by any third parties violates 12 U.S.C. § 4617(f) (the "anti-injunction provision" of FHFA's promulgating statute, the Housing and Economic Recovery Act of 2008 ("HERA")); and

- whether this Court erred in concluding that the burden on Debtors of the discovery at-issue warranted extending protections of 11 U.S.C § 105(a) ("Section 105(a)") to Debtors themselves with respect to third-party discovery.

2.  Certification to the Court of Appeals will also promote judicial economy because Debtors already have an appeal pending before the Court of Appeals concerning a district court order that relied on the same provision of HERA to deny Debtors' request to enjoin the prosecution of litigation brought by FHFA against non-debtor affiliates. Briefing on that appeal is scheduled to begin later this month. Certification of FHFA's appeal directly to the Court of Appeals will prevent duplicative consideration of the same provision in separate appeals.

**BACKGROUND**

3.  On the May 14, 2012, each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No trustee has been appointed in the Chapter 11 cases.[2]

---

[2] On May 16, 2012, the United States Trustee for the Southern District of New York appointed a nine-member official committee of unsecured creditors. On July 3, 2012, the United States Trustee appointed the Honorable Arthur T. Gonzalez, former Chief Judge of this Court, as examiner.

2

4. On May 25, 2012, Debtors filed an adversary proceeding seeking to extend the automatic discovery stay to cover, *inter alia*, certain non-debtor affiliates. (Motion to Extend the Automatic Stay or, in the Alternative, for Injunctive Relief Enjoining Prosecution of Certain Pending Litigation Against Debtors' Directors and Officers and Non-Debtor Corporate Affiliates, *Residential Capital, LLC v. Allstate Ins. Co.,* No. 12-ap-01671 (MG) (Bankr. S.D.N.Y. May 25, 2012), ECF No. 4 ("Stay Motion").) The Stay Motion sought relief with respect to twenty-seven lawsuits, including one lawsuit brought by FHFA. (Stay Motion at 1.)

5. FHFA moved to withdraw the reference of the adversary proceeding and Stay Motion from the Bankruptcy Court to the District Court on June 28, 2012. (Notice Of Motion To Withdraw The Reference Of The Above Captioned Adversary Proceeding To The Bankruptcy Court, *Residential Capital, LLC v. Allstate Ins. Co.,* No. 12-ap-01671 (MG) (Bankr. S.D.N.Y. June 28, 2012), ECF No. 44.)

6. On the same day, FHFA moved to dismiss the adversary proceeding citing HERA's "anti-injunction provision." (Defendant FHFA's Memorandum Of Law (I) In Support Of FHFA's Motion To Dismiss The Complaint For Lack Of Jurisdiction And (II) In Opposition To Debtors' Motion To Extend Automatic Stay And To Enjoin Litigation Against Non-Debtors, *Residential Capital, LLC v. Allstate Ins. Co.,* No. 12-ap-01671 (MG) (Bankr. S.D.N.Y. June 28, 2012), ECF No. 47.)

7. The District Court withdrew the reference on July 9, 2012 and issued a decision from the bench at a hearing one week later, denying Debtors' motion to extend the automatic stay and granting FHFA's motion to dismiss on the grounds that: (i) the relief requested by Debtors was prohibited by HERA's anti-injunction provision; and, alternatively (ii) Debtors had not met the standard under Section 105(a) for an injunction to issue staying the FHFA Litigation as to non-debtor affiliates. (Hearing Transcript, *Residential Capital, LLC v. Allstate Ins. Co. et*

*al.,*, No. 12-cv-05116 (DLC) (S.D.N.Y. July 17, 2012), ECF No. 31; *see also* Order, *Residential Capital, LLC et al v. Allstate Ins. Co. et al.*, No. 12-cv-05116 (DLC) (S.D.N.Y. July 18, 2012), ECF No. 28.)

8. Debtors appealed the District Court's ruling (Notice of Appeal, *Residential Capital, LLC v. FHFA,* No. 12-cv-05116 (DLC) (S.D.N.Y. Aug. 16, 2012), ECF No. 33 ("Stay Motion Appeal"), attached hereto as Exhibit 3) and their opening appellate brief is due on November 29, 2012. (Order, *In re Residential Capital, LLC,* No. 12-3342 (2d Cir. Sept. 17, 2012), ECF No. 21, attached hereto as Exhibit 4.)

9. The central issues on Debtors' Stay Motion Appeal are the scope and applicability of HERA's anti-injunction provision and whether the District Court erred in concluding that the Debtors had not met the standard for the issuance of an injunction under Section 105(a) to extend the automatic stay.

### This Court's Challenged Discovery Order

10. Immediately after the District Court's July 17, 2012 ruling, FHFA sought discovery from Debtors before this Court. (*See* Motion Pursuant To The July 11, 2012 Order Of The Honorable Denise L. Cote Seeking Limited Discovery From The Debtors And, If Necessary To That Purpose, Relief From The Automatic Stay, *In re Residential Capital, LLC,* No. 12-12020 (Bankr. S.D.N.Y. July 17, 2012), ECF No. 810 ("Initial Motion"); *and* Supplement To July 17, 2012 Motion Of The FHFA Pursuant To The July 11, 2012 Order Of The Honorable Denise L. Cote Seeking Limited Discovery From The Debtors And, If Necessary To That Purpose, Relief From The Automatic Stay, *In re Residential Capital, LLC,* No. 12-12020 (Bankr. S.D.N.Y. July 20, 2012), ECF No. 859 ("Supplemental Motion").)

11. FHFA's discovery motions sought thousands of loan files[3] from Debtors in support of its case against Debtor's corporate affiliates Ally Securities, Ally Financial, Inc., and GMAC Mortgage Group, Inc. (together, the "Non-Debtor Affiliates"), captioned *FHFA v. Ally Financial Inc.,* No. 11-civ-07010-DLC (S.D.N.Y. Oct. 6, 2012) (the "FHFA Litigation"). (Initial Motion at 3; Supplemental Motion at 1.)[4]

12. In response to FHFA's discovery requests, certain "Underwriter Defendants" in the FHFA Litigation requested the production of 43,000 loan files from Debtors. (Non-Ally Underwriter Defendants' Motion In Support Of Loan File Discovery From The Debtors And, If Necessary To That Purpose, Relief From The Automatic Stay, *In re Residential Capital, LLC,* No. 12-12020 (Bankr. S.D.N.Y. Aug. 28, 2012), ECF No. 1293 ("Underwriter Motion").)

13. Following a full evidentiary hearing, the Court denied both FHFA's and the Underwriter Defendants' motions and issued an order pursuant to its powers under Section 105(a) to regulate any discovery sought from Debtors by third parties. (Memorandum Opinion And Order Denying The Motions Of The FHFA and Underwriter Defendants To Compel Document Discovery From The Debtors, *In re Residential Capital, LLC,* No. 12-12020 (Bankr. S.D.N.Y. Oct. 12, 2012), ECF No. 1813 ("Discovery Order").) Specifically, the Court held that:

- "Section 105 provides the Court with the necessary authority to extend the protections of the automatic stay to discovery from the Debtors. On the evidentiary record here, the Court concludes that the Debtors have established that section 105 should be applied to *limit* or *restrict* third-party discovery from the Debtors absent further order of the Court." (*Id.* at 11); and

---

[3] By letter dated November 12, 2012, FHFA indicated that it would like to greatly expand the scope of the discovery it sought that is in the possession of the Debtors including, among other things, documents "from *all* custodians requested by FHFA, including former employees of the Debtors." (Letter from K. Leung to Hon. Denise L. Cote and Hon. Martin Glenn, dated November 2, 2012, attached as Exhibit 5) (emphasis in original).

[4] FHFA's Initial Motion sought "loan tapes" as well, but Debtors and FHFA resolved that request by stipulation. (*See* Stipulation And Order With Respect To FHFA's July 17, 2012 Motion Pursuant To The July 11, 2012 Order Of The Honorable Denise L. Cote Seeking Limited Discovery From The Debtors And, If Necessary To That Purpose, Relief From The Automatic Stay, *In re Residential Capital, LLC,* No. 12-12020 (Bankr. S.D.N.Y. Sept. 14, 2012), ECF No. 1444.)

- The anti-injunction provision of HERA does not prohibit the stay because "this Court is *not* issuing an injunction against FHFA; rather, the Court is extending the protection of the stay pursuant to section 105(a) to *anyone* seeking discovery from the Debtors absent further order of the Court." (*Id.*)

14. In so holding, the Court recognized that:

- "[N]o case has apparently addressed the question whether section 105 allows a bankruptcy court to extend the stay to protect the *debtor itself*, not just a non-debtor party, from third-party discovery, and whether an adversary proceeding is required to grant such relief. . . . This appears to be an issue of first impression." (*Id.* at 14); and

- However, "the power to stay discovery against the debtor is an essential attribute of the Court's power to administer a bankruptcy proceedings and carry out other enumerated powers under the Bankruptcy Code for the benefit of all parties in interest." (*Id.*)

15. FHFA filed a notice of appeal of the Discovery Order on October 15, 2012 and its designation of the record and statement of issues on appeal on October 29, 2012. (Notice Of Appeal Of Memorandum Opinion And Order Denying The Motions Of FHFA And Underwriter Defendants To Compel Document Discovery From The Debtors, *In re Residential Capital, LLC*, No. 12-12020 (Bankr. S.D.N.Y. Oct. 15, 2012), ECF No. 1817; Designation Of Record And Statement Of Issues Presented On Appeal From Memorandum Opinion And Order Denying The Motions Of The FHFA And Underwriter Defendants To Compel Document Discovery From The Debtors Entered By The Bankruptcy Court On October 12, 2012, *In re Residential Capital, LLC*, No. 12-12020 (Bankr. S.D.N.Y. Oct. 29, 2012), ECF No. 1989, attached as <u>Exhibit 6</u>.) The appeal has not yet been docketed in the District Court.

16. FHFA designated two issues for appeal: (i) whether the Discovery Order violated HERA's "anti-injunction provision;" and (ii) whether this Court correctly concluded that the burden on the Debtors justified the Discovery Order under Section 105(a).

## ARGUMENT

17.     This Court should certify the Discovery Order for appeal directly to the Court of Appeals pursuant to 28 U.S.C. § 158(d)(2) and Bankruptcy Rule 8001(f) because FHFA's appeal raises two questions of law as to which there are no controlling decisions of the Supreme Court or the Court of Appeals.

18.     Presently, this Court, and only this Court, has authority to certify the appeal of the Discovery Order to the Court of appeals. Fed. R. Bankr. Proc. 8001(f)(2)(A)(i) ("Before Docketing or Grant of Leave to Appeal. Only a bankruptcy court may make a certification on request or on its own initiative while the matter is pending in the bankruptcy court.").

19.     Section 158(d)(2)(B) provides that if the bankruptcy court, "on its own motion or on the request of a party, determines that a circumstance specified" in Section 158(d)(2)(A)(i)-(iii) exists, it "shall make the certification" to the Court of Appeals.

20.     Section 158(d)(2)(A)(i) provides for certification where "the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance."[5] *See also Pension Benefit Guar. Corp. v. Oneida Ltd.*, 562 F.3d 154, 155 (2d Cir. 2009) (appeal accepted from the S.D.N.Y. Bankruptcy Court pursuant to 28 U.S.C. § 158(d) because it involved a question of law under the Deficit Reduction Act of 2005 and Pension Protection Act of 2006 as to which there was no controlling decision in the circuit or by the Supreme Court). The Discovery Order unquestionably meets this standard.

---

[5]    Section 158(d)(2)(A) also provides for certification to the Court of Appeals where (ii) "the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions," or (iii) "an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken." It is unnecessary to reach those issues here because the first prong—an appeal that raises a matter of first impression—is clearly satisfied.

21.     *First*, FHFA's appeal addresses whether the Discovery Order violates Section 4617(f) of HERA, which provides that "no court may take any action to restrain or affect the exercise of powers or functions of the Agency as a conservator or a receiver." 12 U.S.C. § 4617(f). "[T]here is no appellate authority construing this section," as the District Court recognized when issuing its decision that is the subject of Debtors' Stay Motion Appeal. (*See* Hearing Transcript at 6:20-21, *Residential Capital, LLC v. FHFA*, No. 12-cv-05116 (DLC) (S.D.N.Y. July 17, 2012), ECF No. 31).

22.     *Second*, FHFA's appeal will present the question whether the Discovery Order was appropriate under Section 105(a). As is reflected in the Discovery Order itself, "FHFA acknowledged during the September 11 Hearing that no case has apparently addressed the question whether section 105 allows a bankruptcy court to extend the stay to protect the *debtor itself*, and not just a non-debtor party, from third-party discovery . . . . This appears to be an issue of first impression." (Discovery Order at 14.)

23.     Pursuant to 28 U.S.C. § 158(d)(2)(B), this Court "shall" issue the certification once it determines that a circumstance in Section 158(d)(2)(A) is met. Because both of the issues that FHFA intends to raise on appeal are questions on which the courts and FHFA have already determined that there is no controlling authority from the Supreme Court or the Court of Appeals, and because this Court is authorized to issue the certification on its own initiative or on request once that determination is made, certification is appropriate now.

24.     The interests of all parties to this bankruptcy proceeding and the interests of judicial economy generally also weigh in favor of certification to the Court of Appeals. The protection afforded to Debtors in the Discovery Order is critical to the orderly administration of this bankruptcy proceeding because it temporarily shields Debtors from extremely costly and

8

burdensome discovery. Failure to certify, on the other hand, will lead to overlapping appeals between the same parties related to the same provision of HERA.

## **CONCLUSION**

25. For the foregoing reasons, Debtors respectfully request that the Court enter the attached proposed order certifying FHFA's appeal directly to the United States Court of Appeals for the Second Circuit.

Dated: November 5, 2012

\_\_\_\_/s/ Joel C. Haims_____
Gary S. Lee
Joel C. Haims
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: 212 468-8000
Facsimile: 212 468-7900

*Counsel to the Debtors and Debtors in Possession*