# **Exhibit 5**

# KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

1633 BROADWAY

NEW YORK, NEW YORK 10019-6799

(212) 506-1700

FACSIMILE: (212) 506-1800

KANCHANA WANGKEO LEUNG
DIRECT DIAL: (212) 506-1805
KLEUNG@KASOWITZ.COM

ATLANTA
HOUSTON
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY

November 2, 2012

**By Email**

Hon. Denise L. Cote
United States District Court
500 Pearl Street, Room 1610
New York, NY 10007-1312

Hon. Martin Glenn
United States Bankruptcy Court
One Bowling Green
New York, NY 10004

Re: *Federal Housing Finance Agency v. Ally Financial, Inc., et al.*, 11 Civ. 7010 (DLC)
*In re Residential Capital, LLC*, 12-12020 (MG)

Dear Judge Cote and Judge Glenn:

      We represent plaintiff Federal Housing Finance Agency ("FHFA") in the above-referenced action. We write in response to the November 1, 2012 letters of Ally Financial Inc., GMAC Mortgage Group, Inc. (together "Ally") and the Debtors, advising the Court that Ally and the Debtors had agreed to the production of 2,100 loan files on an undefined timetable subject to Bankruptcy Court approval. The agreement does not moot the Proposed Production Order, the issues raised in FHFA's October 26 letter, or FHFA's appeal of the Bankruptcy Court's October 12 Order ("Bankruptcy Order"). We therefore respectfully request that the Court reschedule the conference originally set for October 29, as soon as practicable.

      First, Ally's failure to comply with the document production deadline demonstrates the need for final resolution of the issue at the heart of this dispute: whether Ally has "control" over documents maintained by the Debtors notwithstanding their bankruptcy. The concerns raised in FHFA's October 26 letter remain. While Ally tries to minimize its transgressions in its October 29 response, Ally's belated actions do not change the facts that (i) Ally did not comply with the Court-ordered deadline;[1] (ii) Ally destroyed relevant documents; (iii) communications between Ally and the Debtors are relevant to the issue of control—for example, to demonstrate actual direction by Ally; and (iv) Ally's offer of additional custodians is meaningless because, by its own admission, Ally "believes they will have little relevant info." If Ally will not, or cannot, produce its "own" communications with the Debtors, then there is all the more reason that Ally should be ordered to produce the communications of the Debtors, for which FHFA maintains that Ally has legal control. Furthermore, given the abbreviated discovery schedule, the parties would benefit from the Court's guidance on whether Ally's refusal to produce documents from the requested custodians is appropriate, how to meet the discovery schedule in light of the Debtors' bankruptcy, and how to remedy the prejudice caused by Ally's gaps in production, such as, by directing Ally to produce responsive documents from *all* custodians requested by FHFA, including former employees of the Debtors, General Motors, and Cerberus; ordering Ally to provide appropriate assistance to the

---

[1] Ally's justifications for non-compliance are meritless for reasons we are prepared to discuss at the next conference.

Debtors to alleviate any so-called burden; and evidentiary sanctions for Ally's failure to comply. *See JPMorgan Chase Bank v. Winnick*, 228 F.R.D. 505, 507-08 (S.D.N.Y. 2005) (ordering assignee of claims to produce documents in possession of assignor in response to discovery requests, or else face sanctions including motions to strike claims).

    Second, FHFA respectfully requests that the underwriting guidelines applicable to the selected loans be included in the Court's Proposed Production Order and in the agreement between Ally and Debtors. As the Court is aware, FHFA needs the underwriting guidelines in order to re-underwrite the loan files in its sample. FHFA did not make a prior request to the Court because FHFA reasonably expected Ally to produce them by the prior deadline. FHFA is not aware that Ally has produced the underwriting guidelines of RFC or underlying originators.

    Third, Ally's agreement with the Debtors in this instance does not moot the necessity of a ruling from the Court because (i) there is no deadline for production, (ii) Ally has kept the issue alive by filing a *Daubert* motion that challenges FHFA's selected sample of loans, thus presenting the possible need for additional loan files, and (iii) Ally will not agree to request other documents from the Debtors. Therefore, the Court may have to revisit on a repeated basis the issue of producing loan files and other necessary documents in the Debtors' possession, for which Ally has control. *See N.Y. Public Interest Group, Inc. v. Johnson*, 427 F.3d 172, 185 (2d Cir. 2005) ("A claim does not become moot where it is not 'absolutely clear' that the offense could not reasonably expect to recur."); *Jobie O. v. Spitzer*, 2007 U.S. Dist. LEXIS 91460, at *13 (S.D.N.Y. Dec. 5, 2007) ("The voluntary cessation exception to the mootness doctrine stems from the principle that a party should not be able to alter its behavior or practices temporarily in order to evade judicial review or manipulate the jurisdiction of the courts."); *Knox v. SEIU, Local 1000*, 132 S. Ct. 2277, 2287 (2012) ("maneuvers designed to insulate decision from review" will "be viewed with a critical eye").

    Finally, as FHFA will explain in its appeal, the Bankruptcy Order went beyond the scope of the underlying application and violates HERA's Anti-Injunction Provision, 12 U.S.C. § 4617(f), as it enjoined *all* discovery of documents in the possession of the Debtors by the Conservator. It is a matter of particular importance that such an order that restrains and affects the Conservator in carrying out its duties is not permitted to stand. If the Court accepts Ally's and the Debtors' agreement to produce loan files in lieu of ruling on the Propose Production Order, then FHFA respectfully requests that the Court vacate the Bankruptcy Order. *See NML Capital, Ltd. v. Republic of Argentina*, 2012 U.S. App. LEXIS 19740, at *3-4 (2d Cir. Sept. 20, 2012) (appropriate disposition was to vacate district court's judgment where party mooted the case pending appeal by intentionally removing from the country the satellite parts sought to be attached); *cf. Penguin Books USA Inc. v. Walsh*, 929 F.2d 69, 73 (2d Cir. 1991) ("a judgment from which litigants have the right of appeal should not be accorded preclusive effects when events beyond their control prevent them from exercising that right"; vacatur appropriate because "were it otherwise, appellees could deliberately moot cases on appeal, thereby shielding erroneous decisions from reversal").

                                                            Respectfully,

                                                               Kanchana Wangkeo Leung

cc: Counsel of Record (via email)