MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:   (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Joel C. Haims

*Counsel for the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |

**DEBTORS' MOTION TO SHORTEN THE TIME TO RESPOND TO
THE DEBTORS' MOTION REQUESTING CERTIFICATION
OF APPEAL TO SECOND CIRCUIT COURT OF APPEALS**

The debtors and debtors in possession in the above-captioned cases ("Debtors")[1] respectfully submit this motion (the "Motion") pursuant to Rule 8001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to shorten the time to respond to *Debtors' Motion Requesting Certification of Appeal to Second Circuit Court of Appeals* (the "Certification Request")[2] filed contemporaneously herewith.  In support of this Motion, Debtors rely on the Declaration of Joel C. Haims, dated November 5, 2012 (the "Haims Declaration"), filed contemporaneously herewith.  In further support of this Motion, the Debtors respectfully represent as follows:

---

[1]  The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the Whitlinger Affidavit (defined below).

[2]  Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Certification Request.

ny-1064275

## JURISDICTION

1. This Court has subject matter jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are Bankruptcy Rules 8001(f)(3)(D) and 9006(c)(1).

## BACKGROUND

2. This Motion concerns Debtors' request that the Court certify directly to the Court of Appeals FHFA's appeal of the Court's Memorandum Opinion And Order Denying The Motions Of The FHFA and Underwriter Defendants To Compel Document Discovery From The Debtors, *In re Residential Capital, LLC,* No. 12-12020 (Bankr. S.D.N.Y. Oct. 12, 2012), ECF No. 1813 ("Discovery Order").) The background relevant to this Motion is set forth in the Debtors' Certification Request which, to avoid unnecessary duplication, is incorporated by reference herein.

3. FHFA filed a notice of appeal of the Discovery Order on October 15, 2012 and its designation of the record and statement of issues on appeal on October 29, 2012. The appeal has not yet been docketed in the District Court.

4. Contemporaneously herewith, Debtors filed the Certification Request seeking certification directly to the Court of Appeals of the Discovery Order.

## RELIEF REQUESTED

5. As a preliminary matter, 28 U.S.C. § 158(a)(1)(f) provides that the Court may certify FHFA's appeal to the Court of Appeals on its own initiative without further delay, in which case this Motion would be moot.

6. However, to the extent the Court deems it necessary to entertain a response from FHFA before certifying the appeal, by this Motion Debtors request entry of an order, substantially

in the form attached hereto as Exhibit 1, shortening the time to respond to the Certification Request in order to enable the Court to consider the Certification Request prior to the earliest date that the appeal may be docketed in the District Court.

7. Specifically, Debtors request that the Court set the deadline for the service and filing of responses to the Certification Request to November 9, 2012 at 4:00 p.m. (prevailing Eastern Time).

**BASIS FOR RELIEF**

8. Bankruptcy Rule 8001(f)(3)(D) provides that "A party may file a response to a request for certification or a cross request within 14 days after notice of the request is served, *or another time fixed by the court.*"[3] (Emphasis added.)

9. Pursuant to Bankruptcy Rule 8001(f)(2), a certification request "shall be filed in the court in which a matter is pending." A matter is pending before this Court until the appeal is docketed in the District Court. Fed. R. Bankr. Proc. 8001(f)(2).

10. In the ordinary course the appeal can be docketed in the District Court only after Debtors either file a counter-designation of the record on appeal or their time to do so expires, which will occur on November 15, 2012. (Haims Declaration ¶ 4.) Bankruptcy Rule 8007(b) provides that "[w]hen the record is complete for purposes of appeal, the clerk shall transmit a copy thereof forthwith to the clerk of the district court or the clerk of the BAP. On receipt of the transmission, the clerk of the district court or clerk of the BAP shall enter the appeal in the docket and give notice promptly to all parties to the judgment, order, or decree appealed from of the date on which the appeal was docketed." Fed. R. Bankr. Proc. 8007(b).

11. On October 29, 2012, FHFA filed its Designation Of Record And Statement Of Issues Presented On Appeal From Memorandum Opinion And Order Denying The Motions Of

---

[3] In addition, pursuant to Bankruptcy Rule 9006(c)(1), "when an act is required or allowed to be done within a specified time," this Court, "for cause shown may in its discretion with or without motion or notice order the period reduced."

ny-1064275

3

The FHFA And Underwriter Defendants To Compel Document Discovery From The Debtors Entered By The Bankruptcy Court On October 12, 2012, *In re Residential Capital, LLC,* No. 12-12020 (Bankr. S.D.N.Y. Oct. 29, 2012), ECF No. 1989.)  Service was accomplished by electronic filing.  (Haims Declaration ¶ 6.)

12. Bankruptcy Rule 8006 provides that Debtors have 14 days "after service of appellant's statement" to file a counter-designation of the record (and three additional days are added due to electronic filing).

13. Debtors respectfully submit that cause exists to shorten the time to respond to the Certification Request so that the Court may fully consider the request within the time frames outlined above.

## CONCLUSION

14. Based on the foregoing, Debtors respectfully request that the Court shorten notice with respect to the Certification Request and set the deadline for the service and filing of responses to the Certification Request to be November 9, 2012 at 4:00 p.m. (prevailing Eastern Time).

## NOTICE

15. Notice of this Motion has been provided by facsimile, electronic transmission, overnight delivery, or hand delivery in accordance with the Case Management Procedures Order, approved by this Court on May 23, 2012 [Docket No. 141].

WHEREFORE for the reasons set forth herein, the Debtors respectfully submit that the Court enter an order, substantially in the form attached hereto as <u>Exhibit 1</u>, granting the relief requested herein and such further relief that the Court deems just and proper.

Dated: November 5, 2012
      New York, New York

<u>/s/ Joel C. Haims</u>
Gary S. Lee
Joel C. Haims
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*

ny-1064275

**Exhibit 1**

ny-1064275

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- )
In re:                                                           )    Case No. 12-12020 (MG)
                                                                 )
RESIDENTIAL CAPITAL, LLC, et al.,                                )    Chapter 11
                                                                 )
                                          Debtors.               )    Jointly Administered
                                                                 )
---------------------------------------------------------------- )

### ORDER SHORTENING THE TIME TO RESPOND TO THE THE DEBTORS' MOTION REQUESTING CERTIFICATION OF APPEAL TO SECOND CIRCUIT COURT OF APPEALS

Upon consideration of the motion (the "Motion"),[1] dated November 5, 2012, of the debtors and debtors in possession (collectively, the "Debtors") for entry of an order pursuant to Fed. R. Bankr. P.8001(f)(3)(D) shortening the time to respond to the *Debtors' Motion Requesting Certification of Appeal to Second Circuit Court of Appeals* (the "Certification Request"); and the Court having jurisdiction to consider the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Debtors having provided adequate and appropriate notice of the Motion under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

ny-1064275                                        2

1. The Motion is granted to the extent provided herein.

2. Responses to the Certification Request, if any, must be filed on the docket and served by **November 9, 2012 at 4:00 p.m.** (prevailing eastern Time) upon each of the following parties: (a) the Office of the United States Trustee for the Southern District of New York; (b) the office of the United States Attorney General; (c) the office of the New York Attorney General; (d) the office of the United States Attorney for the Southern District of New York; (e) the Internal Revenue Service; (f) the Securities and Exchange Commission; (g) each of the Debtors' prepetition lenders, or their agents, if applicable; (h) each of the indenture trustees for the Debtors' outstanding notes issuances; (i) counsel for AFI Financial Inc.; (j) counsel for Barclays Bank PLC, as administrative agent for the DIP Lenders; (k) Nationstar Mortgage LLC and its counsel; (l) counsel for the Creditors' Committee; (m) counsel for the FHFA; and (n) all parties requesting notice pursuant to Bankruptcy Rule 2002.

4. Responses not timely filed and served in the manner set forth above shall not be considered and shall be overruled.

5. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: New York, New York
      November __, 2012

                                        _____
                                        THE HONORABLE MARTIN GLENN
                                        UNITED STATES BANKRUPTCY JUDGE