**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Joint Administration Pending |

### DECLARATION OF JOEL C. HAIMS

I, Joel C. Haims, hereby declare:

1. I am an attorney admitted to practice before the Courts of the State of New York and the U.S. District Court for the Southern District of New York and a partner with Morrison & Foerster LLP, counsel to the Debtors and Debtors in Possession ("Debtors"). I submit this declaration in support of Debtors' Motion to Shorten the Time to Respond to Debtors' Motion Requesting Certification of Appeal to the Second Circuit Court of Appeals ("Motion to Shorten Time").[1]

2. Debtors' Motion to Shorten Time relates to their request that the Court certify directly to the Court of Appeals FHFA's appeal of this Court's October 29, 2012 Discovery Order. To the extent the Court deems it necessary to entertain a response from FHFA before certifying the appeal, Debtors request that the Court provide FHFA until Friday, November 9, 2012 to respond, in order to enable the Court to consider the certification request before the appeal of the Discovery Order is docketed in the District Court.

3. Based on my calculation, FHFA would otherwise have until November 22, 2012 to respond to the Debtors' request for certification.

4. Pursuant to Bankruptcy Rule 8001(f)(2), a certification request "shall be filed in the court in which a matter is pending." A matter is pending before this Court until the appeal is docketed in the District Court. Fed. R. Bankr. Proc. 8001(f)(2). To the best of my knowledge, in

---

[1] Unless otherwise defined, capitalized terms have the meanings ascribed to them in Debtors' Motion Requesting Certification of Appeal to the Second Circuit Court of Appeals, filed contemporaneously herewith.

1

ny-1064282

the ordinary course the appeal can be docketed in the District Court only after Debtors either file a counter-designation of the record on appeal or their time to do so expires, which will occur on November 15, 2012.

5.   Specifically, Bankruptcy Rule 8007(b) provides that "When the record is complete for purposes of appeal, the clerk shall transmit a copy thereof forthwith to the clerk of the district court or the clerk of the BAP. On receipt of the transmission, the clerk of the district court or clerk of the BAP shall enter the appeal in the docket and give notice promptly to all parties to the judgment, order, or decree appealed from of the date on which the appeal was docketed."

6.   On October 29, 2012, FHFA filed its Designation Of Record And Statement Of Issues Presented On Appeal From Memorandum Opinion And Order Denying The Motions Of The FHFA And Underwriter Defendants To Compel Document Discovery From The Debtors Entered By The Bankruptcy Court On October 12, 2012, *In re Residential Capital, LLC*, No. 12-12020 (Bankr. S.D.N.Y. Oct. 29, 2012), ECF No. 1989.) Service was accomplished by electronic filing.

7.   Bankruptcy Rule 8006 provides that Debtors have 14 days "after service of appellant's statement" to file a counter-designation of the record. By my calculation (including three additional days for electronic service), Debtors have until November 15, 2012 to file their counter-designation of the record.

8.   In order to provide the Court time to consider the certification request after any response is filed, without extending the existing schedule, Debtors request that the Court set the deadline for responses to be November 9, 2012.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on November 5, 2012 in New York, New York.

_____
Joel C. Haims

2

ny-1064282