UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re                                      :
                                           :          Chapter 11
RESIDENTIAL CAPITAL, LLC, *et al*.         :
                                           :          Case No. 12-12020 (MG)
                 Debtors.                  :
                                           :          (Jointly Administered)
-------------------------------------------------------x


## STIPULATION FOR LIMITED WAIVER AND PROTECTIVE ORDER


WHEREAS, on May 14, 2012 (the "Commencement Date"), Residential Capital, LLC

and its direct and indirect subsidiaries ("Debtors") filed Chapter 11 bankruptcy petitions in this

Court;

WHEREAS, Ally Financial ("AFI") asserts that, prior to the Commencement Date,

certain in-house attorneys of AFI performed services for the Debtors, including the provision of

legal advice;

WHEREAS, certain in-house attorneys of AFI, external legal counsel representing AFI,

in-house attorneys of the Debtors, and external legal counsel representing the Debtors, have had

communications regarding litigation and potential litigation that the Debtors and/or AFI assert

are protected by the attorney-client privilege, the work product doctrine, and/or the common

interest doctrine;

WHEREAS, on June 5, 2012, AFI and the Debtors assert that they entered into a Joint

Defense, Common Interest, and Information Sharing Agreement which memorialized their

agreement regarding confidential information protected against disclosure by the attorney-client

privilege, the work product doctrine,  and the common interest doctrine;

WHEREAS, various parties in this proceeding seek discovery from the Debtors and AFI

of certain materials relating to the motion by the Debtors pursuant to Rule 9019 for approval of a

settlement permitting an allowed claim in favor of certain securitization trusts, including but not

limited to all amendments to the settlement (the "RMBS Trust Settlement") and the RMBS Plan

Support Agreements with the Steering Committee Group and theTalcott Franklin Group (the

"Plan Support Agreements");

WHEREAS, among the documents and materials sought by parties in this proceeding are

certain communications, presentations, and documents exchanged between legal counsel and the

Board of Directors of Residential Capital LLC ("ResCap") in connection with its approval of the

RMBS Trust Settlement and Plan Support Agreements;

WHEREAS, the Debtors and/or AFI assert that the communications, presentations, and

documents exchanged between legal counsel and ResCap's Board of Directors in connection

with its approval of the RMBS Trust Settlement and Plan Support Agreements are protected by

the attorney-client privilege, the work product doctrine, and/or the common interest doctrine;

WHEREAS, the Committee of Unsecured Creditors and various parties dispute the

Debtors' and/or AFI's assertion of attorney-client privilege, the work product doctrine, and/or

the common interest doctrine regarding certain communications, presentations, and documents;

WHEREAS, pursuant to Federal Rule of Evidence 502, the Debtors have engaged in

discussions with various parties, including the Committee of Unsecured Creditors, concerning

their request for disclosure of communications, presentations, and documents between legal

counsel and ResCap's Board of Directors;

WHEREAS, the Debtors have consented to disclose the communications, presentations,

and documents exchanged between legal counsel and ResCap's Board of Directors in connection

with the board's approval of the RMBS Trust Settlement so long as such disclosures are not

deemed to constitute a broader subject matter waiver pursuant to Federal Rule of Evidence

502(a);

WHEREAS, the Debtors assert that they have not waived any privilege with respect to

any other communications, documents or communications other than those covered by this

stiplation;

WHEREAS, the Committee of Unsecured Creditors has agreed not to argue that the

production of documents pursuant to this stipulation would constitute a broader subject matter

waiver of the attorney-client privilege, attorney work product doctrine, or common interest

doctrine with regard to any other undisclosed communications;

WHEREAS, the Debtors agree that the Committee of Unsecured Creditors may disclose

the documents produced pursuant to this stipulation to other members of the Creditors'

Committee;

WHEREAS, the Committee of Unsecured Creditors reserves all rights to contest the

Debtors' and/or AFI's assertion of the attorney-client privilege, the work product doctrine,

and/or the common interest doctrine concerning the documents produced by the Debtors and/or

AFI in this action, including the documents produced pursuant to this stipulation;

NOW THEREFORE, upon consideration of the record and proceedings in this matter, the

stipulation of the parties, and good cause appearing:

IT IS HEREBY ORDERED AND DECREED, pursuant to Rule 26(c)(1) of the Federal

Rules of Civil Procedure and Rules 502(a), (e), (f), and (g) of the Federal rules of Evidence, as

follows:

1.    The Debtors shall be deemed to have waived the attorney-client privilege, the

work product doctrine, and the common interest doctrine, solely with respect to communications,

presentations, and documents exchanged between legal counsel and the Board of Directors of

ResCap in connection with its approval of the RMBS Trust Settlement and the Plan Support

Agreements.  The limited waiver extends to:

    a.  Legal advice, presentations of counsel, and communications at the May 9,

        2012, meeting of the Board of Directors of ResCap in connection with its

        approval of the RMBS Trust Settlement and Plan Support Agreements;

    b.  Estimates of damages exposures and presentation materials prepared by

        Jeff Cancelliere and/or FTI Consulting in April 2012 for use by counsel in

        negotiating the RMBS Trust Settlement, the contents of which were

        summarized by counsel in oral communications and presentations to

        members of the ResCap Board of Directors;

    c.  Legal advice and communications of counsel to the ResCap Board of

        Directors in connection with amendments to the RMBS Trust Settlement.

2.    The disclosure of communications, presentations, and/or documents exchanged

between legal counsel and ResCap's Board of Directors in connection its the approval of the

RMBS Trust Settlement and Plan Support Agreements shall not be deemed to be a waiver in this

or any other federal or state proceeding of any applicable privilege or doctrine protecting any

other undisclosed communications.

3.    This Order shall not constitute an admission or agreement by any party with

respect to any other undisclosed communications.

4.      This Order shall be without prejudice to the rights of the Committee of Unsecured

Creditors to contest the Debtors' and/or AFI's assertion of the attorney-client privilege, the work

product doctrine, and/or the common interest doctrine concerning the documents produced by

the Debtors and/or AFI in this action, including the documents produced pursuant to this Order.

5.      The Committee of Unsecured Creditors shall be permitted to disclose the

documents produced pursuant to this Order to other members of the Creditors' Committee.

SO STIPULATED.


By: /s/ Darryl P. Rains
Gary S. Lee
Anthony Princi
Darryl P. Rains
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel for Debtors
and Debtors in Possession*

By: /s/ Kenneth H. Eckstein
Kenneth H. Eckstein
Douglas H. Mannal
Kramer Levin Naftallis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036
T: 212-715-9100
F: 212-715-8000

*Counsel to the Official Committee of
Unsecured Creditors*


APPROVED AND SO ORDERED
This 5th day of November in New York


/s/Martin Glenn
**MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE**