CLEARY GOTTLIEB STEEN & HAMILTON LLP
Thomas J. Moloney (TJM-9775)
Sean A. O'Neal (SAO-4067)
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Special Counsel for Wilmington Trust, National*
*Association, as Indenture Trustee for the Senior*
*Unsecured Notes Issued by Residential Capital, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------X
:
**In re**                                       :          **Chapter 11 Case No.**
:
**RESIDENTIAL CAPITAL, LLC, et al.,**           :          **12-12020 (MG)**
:
**Debtors.**                                :          **(Jointly Administered)**
:
:
------------------------------------------------X

**LIMITED OBJECTION OF WILMINGTON TRUST, N.A.**
**TO SALE TRANSACTIONS AND RESERVATION OF RIGHTS**

**TO THE HONORABLE JUDGE GLENN,**
**UNITED STATES BANKRUPTCY JUDGE:**

Wilmington Trust, National Association (the "Trustee"), solely in its capacity as

indenture trustee for various series of senior unsecured notes in the outstanding aggregate

principal amount of approximately $1 billion (the "Notes," and the holders thereof, the

"Noteholders") issued by Residential Capital, LLC ("Residential Capital," and with its debtor-

affiliates, the "Debtors"), under that certain indenture dated as of June 24, 2005 (as

supplemented, the "Indenture"),[1] respectfully submits this limited objection and reservation of

rights with respect to the motion of the Debtors dated May 14, 2012 seeking authorization for,

among other things, the sale of certain assets free and clear of liens, claims, and encumbrances.[2]

The Trustee represents as follows:

## LIMITED OBJECTION

1.      The Trustee objects to any terms of the proposed orders approving the sale of the

Servicing Platform or the Legacy Portfolio[3] that purport to allocate sale proceeds to individual

assets, other than allocation exclusively for tax purposes.  Section 3.3(a) of the asset purchase

agreements signed with Ocwen Loan Servicing, LLC and with Berkshire Hathaway Inc. provides

for the preparation of a schedule that would allocate the Purchase Price of the assets and the

Assumed Liabilities among the assets sold at the auctions.  *See* Amended Notice of Successful

Bidders at the Auctions And Sales of (A) The Platform Assets to Ocwen Loan Servicing, LLC and

(B) The Whole Loan Assets to Berkshire Hathaway Inc. and Notice of Filing (A) Ocwen APA and

(B) Amended And Restated BH Legacy APA (Doc. No. 2050).  Section 3.3(b) provides that such

---

[1]      The Notes include $1,250,000,000 6.5% notes due 2012, $1,750,000,000 6.5% notes due 2013, $750,000,000 6.875% notes due 2015, €750,000,000 5.125% notes due 2012, £400,000,000 6.375% notes due 2013, and £400,000,000 7.875% notes due 2014, with a total aggregate outstanding principal amount of approximately $1 billion (based on the foreign exchange rate as of the petition date, May 14, 2012).

[2]      Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f) and (m), 365 and 1123 and Fed R. Bankr. P. 2002, 6004, 6006 and 9014 for Orders: (A)(I) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expense Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Asset Purchase Agreements Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto and (IV) Granting Related Relief (Doc. No. 61).

[3]      Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Order Under 11 U.S.C. §§ 105, 363(b), (f), and (m) and 365 (I) Authorizing and Approving Sale Procedures, Including Payment of Break-Up Fees; (II) Scheduling Bid Deadline, Auction (If Necessary) and Sale Hearing; (III) Establishing  Assumption and Assignment Procedures, Including Procedures for Fixing Cure Amounts; and (IV) Establishing Notice Procedures and Approving Forms of Notice (Doc. No. 538).

allocations bind the Sellers and the Purchasers for the purposes of taxation "but not for any other purpose." The Trustee objects to the extent that section 3.3(a) is interpreted to affect the allocation of the proceeds for any non-taxation purpose. There is no need for the Court at the sale hearing to determine the allocation of the proceeds to individual assets for purposes of any Chapter 11 plan or any other distributions to creditors.

2.      The issue of allocation of proceeds among Debtor assets raises many of the inter-debtor conflict issues that the Trustee has raised in prior pleadings, including the Trustee's pleadings in response to the Debtors' attempt to seek approval of the "Holdco Election." The Debtors should clarify that any allocation for tax purposes shall not be binding on them with respect to any allocation for non-tax purposes. Absent such a reservation of rights or other affirmative steps, any allocation of sale proceeds may be plagued by conflicts of interests, with the Debtors and their professionals taking positions that could adversely affect one Debtor over another Debtor.

3.      The Trustee reserves all rights with respect to the manner in which the proceeds shall be allocated and requests a clarification in the sale orders providing that the tax allocation shall in no way be determinative with respect to any allocation of sale proceeds among the Debtors' assets for purposes of a Chapter 11 plan or any other distribution of proceeds. In addition, the Trustee requests access to information concerning any such allocation.

Dated:  New York, New York
        November 5, 2012

Respectfully submitted,

CLEARY GOTTLIEB STEEN & HAMILTON LLP


By:  /s/ Sean A. O'Neal
Thomas J. Moloney (TJM-9775)
Sean A. O'Neal (SAO-4067)
A Member of the Firm
One Liberty Plaza
New York, NY 10006
*(212) 225-2000*

*Special Counsel for Wilmington Trust, National
Association, as Indenture Trustee for the Senior
Unsecured Notes Issued by Residential Capital, LLC*