William H. Hoch
CROWE & DUNLEVY, P.C.
20 N. Broadway Ave., Ste. 1800
Oklahoma City, OK  73102
(405) 235-7700 – Phone
(405) 239-6651 – Fax
will.hoch@crowedunlevy.com

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, ET AL., | ) Case No. 12-12020 (MG) |
| | ) (Jointly Administered) |
| Debtors. | ) |

## WITHDRAWAL OF MIDFIRST BANK'S OBJECTION [DOCKET NO. 1653] AND RESERVATION OF RIGHTS TO CLAIM OF NO DEFAULT, PROPOSED CURE AMOUNTS AND ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS

MidFirst Bank ("MidFirst"), a federally chartered savings association, creditor, a party in interest, as servicer, trustee, or other capacity, hereby files its Withdrawal of MidFirst's Objection and Reservation of Rights **[Docket No. 1653]** (the "Withdrawal") to the Debtors' claim of no default, cure amounts and the assumption and assignment of a certain contract proposed by the (a) *Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto* **[Docket No. 924; the "Original Notice"]** and the (b) *First Amended and Restated Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure*

*Amounts Related Thereto* **[Docket No. 1484; the "Amended Notice;" together with the Original Notice, the "Cure Notice"]**. In support of the Withdrawal, MidFirst respectfully states as follows:

## WITHDRAWAL OF OBJECTION WITH RESERVATION OF RIGHTS

1. In accordance with the procedure established with respect to Debtor's Cure Notice, undersigned counsel for MidFirst corresponded and held telephonic conferences with counsel for Debtor, specifically Melissa D. Beck of the Morrison Foerster firm, concerning those contracts listed in Debtor's Cure Notice that specifies MidFirst as the contract counterparty.

2. In the course of those conferences, it was determined that the Debtor desired, at one time, to assume two contracts involving MidFirst. However, Debtor no longer desires to assume and assign these contracts with MidFirst. The contracts are:

    a. Mortgage Servicing Purchase Agreement by and between MidFirst Bank and GMAC Mortgage. LLC, dated October 1, 2008 (the "2008 Agreement")
    b. Servicer Appointment, Assumption and Amendment Agreement (Custodial Agreement) and the Servicer Appointment, Assumption and Amendment Agreement (Servicer Agreement) both dated November 1, 2007 (the "2007 Agreements"), specifically identified as DBALT2007-AB1, where MidFirst is servicer and Wells Fargo Bank is Master Servicer with the sponsor being Deutsche Bank and the Trustee is HSBC.

3. With respect to the 2008 Agreement, Debtor has removed the 2008 Agreement from the assumption/assignment list and Cure Notice. The 2008 Agreement

2

will not be assumed and assigned to the proposed purchaser. Therefore, MidFirst withdraws the objection thereto.

4.  With respect to the 2007 Agreements, likewise Debtor has removed the 2007 Agreements in which MidFirst is a party from the assumption list and Cure Notice. Therefore, the 2007 Agreements will not be assumed and assigned as Debtor did not retain any rights or interests under the 2007 Agreements and such 2007 Agreements (which concern MidFirst) will be removed from the assumption/assignment list and Cure Notice.[1] Again, these 2007 Agreements were transactions in which GMAC was terminated as servicer in 2007 (as was agreed and acknowledged by Wesley Howland, V.P. of GMAC). Therefore, GMAC did not and does not retain any right, title or interest in the servicing of these loans (other than a continuing obligation with respect to servicing errors, if any, by GMAC that may have occurred prior to MidFirst taking over servicing in 2007). As a result, there is nothing to "assume and assign" and Debtor has informed MidFirst that the 2007 Agreements will not be assumed and assigned. Accordingly, MidFirst withdraws the objection thereto.[2] MidFirst is informed by counsel for Morrison & Foerster of an April 13, 2007 AAR involving 26 loans that GMAC

---

[1] These 2007 Agreements are available for review upon request of undersigned counsel and were transactions in which GMAC was terminated as servicer in 2007 (as was agreed and acknowledged by Wesley Howland, V.P. of GMAC). Therefore, GMAC did not and does not retain any right, title or interest in the servicing of these loans (other than servicing errors, if any, by GMAC that may have occurred prior to MidFirst taking over servicing in 2007).

[2] MidFirst is informed by counsel for Morrison & Foerster of an April 13, 2007 AAR involving 26 loans that GMAC continued to service that does not involve MidFirst and that will be assigned. Obviously, as to contracts in which MidFirst is not a party, MidFirst does not object to such contracts being assumed and assigned.

continued to service that does <u>not</u> involve MidFirst and that will be assigned. Obviously, as to contracts in which MidFirst is not a party, MidFirst does not object to such contracts being assumed and assigned.

5. THE CURE NOTICE DOES NOT PROVIDE MIDFIRST WITH ANY OTHER NOTICE OF CONTRACT THE DEBTORS INTEND TO ASSUME AND ASSIGN. HOWEVER, TO THE EXTENT THAT ANY ARE LATER IDENTIFIED TO WHICH MIDFIRST DID NOT HAVE ADEQUATE NOTICE, MIDFIRST RESERVES THE RIGHT TO OBJECT OR OTHERWISE ASSERT OBJECTIONS TO PROPOSED CURE AMOUNTS AND/OR THE ASSUMPTION AND ASSIGNMENT OF ANY UNIDENTIFIED CONTRACT(S).

6. Based upon these representations of counsel for Debtors, MidFirst withdraws its objection [Docket No. 1653].

        Respectfully submitted,

        s/ *William H. Hoch*_____
        William H. Hoch, OBA #15788
        -Of the Firm-
        CROWE & DUNLEVY
        A Professional Corporation
        20 North Broadway, Suite 1800
        Oklahoma City, OK 73102-8273
        (405) 235-7700
        (405) 239-6651 (Facsimile)
        will.hoch@crowedunlevy.com

        Attorneys for MidFirst Bank

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 5th day of November, 2012, a true and correct copy of the foregoing document was served via U.S. Mail, postage prepaid, and emailed where provided below:

Curtis, Mallet-Prevost, Colt & Mosle LLP
Attn: Steven J. Reisman
101 Park Avenue
New York, NY 10178

Larren M. Nashelsky
Gary S. Lee
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, NY 10104
lnashelsky@mofo.com
glee@mofo.com

Brian Masumoto
Office of the United States Trustee
33 Whitehall Street, 21st Floor
New York, NY 10004

Sidley Austin, LLP
Jewsica C.K. Boelter
One South Dearborn
Chicago, IL 60603
jboelter@sidley.com

Kenneth H. Eckstein
Douglas H. Mannal
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036
keckstein@kramerlevin.com
dmannal@kramerlevin.com

Kurtzman Carson Consultants
2335 Alaska Ave
El Segundo, CA 90245

Seth Goldman
Thomas Walper
Munger, Tolles & Olson LLP
355 South Grand Avenue
Los Angeles, CA 90071
seth.goldman@mto.com
twalper@mto.com

Melissa D. Beck
Morrison Foerster
1290 Avenue of the Americas
New York, New York 10104-0050
United States of America

    s / *William H. Hoch*
    William H. Hoch