**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| In re: | ) Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) Chapter 11 |
| Debtors. | ) Jointly Administered |

**FIRST NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN
SBO SERVICING AGREEMENTS AS EXECUTORY CONTRACTS
AND (II) CURE AMOUNTS RELATED THERETO**

PLEASE TAKE NOTICE THAT:

1. By the motion dated May 14, 2012 (the "**Motion**"), Residential Capital LLC ("**ResCap**") and its debtor subsidiaries, as debtors in possession (collectively, the "**Debtors**" or the "**Sellers**"),[1] sought, among other things, (i) authorization and approval of certain proposed procedures (the "**Sale Procedures**") with respect to two proposed sales by certain of the Debtors of (a) the Purchased Assets (as such term is defined in the Asset Purchase Agreement by and between Nationstar Mortgage LLC and certain of the Debtors; and (b) the Purchased Assets (as such term is defined in the Asset Purchase Agreement by and between Berkshire Hathaway Inc. ("**BH**") and certain of the Debtors (the "**Original BH APA**,") (such transaction, the "**BH Sale Transaction**"); (ii) scheduling of a hearing on the sales (the "**Sale Hearing**") and setting objection deadlines and bidding deadlines with respect to the sales and Auction; (iii) approving the form and manner of notices for (a) an auction of the purchased assets (the "**Auction**") and (b) the Sale Hearing; and (iv) the assumption and assignment of certain executory contracts and unexpired leases (collectively, the "**Assumed Contracts**") in connection with the sale of the Purchased Assets pursuant to the APAs (the "**Assumption and Assignment Procedures**").

2. On October 25, 2012, pursuant to the Sale Procedures, the Debtors conducted the Auction for the Purchased Assets (as such term is defined in the Original BH APA, the "**Whole Loan Assets**") (the "**Whole Loan Auction**"). At the conclusion of the Whole Loan Auction, the Debtors, and their legal and financial advisors, in consultation with the Official Committee of Unsecured Creditors (the "**Creditors' Committee**"), through their legal and financial advisors, determined that BH offered the highest and best bid for the purchase of the Whole Loan Assets and, accordingly, named BH as the successful bidder.

3. On November 2, 2012, certain of the Debtors entered into an amended and restated asset purchase agreement by and among BH, on the one hand, and ResCap, Residential

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on <u>Exhibit 1</u> to the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital LLC in Support of the Chapter 11 Petitions and First Day Pleadings.

ny-1064229

Funding Company, LLC, and GMAC Mortgage, LLC on the other (the "**BH APA**"), which provided for the assumption and assignment of the SBO Servicing Agreements (as defined in the BH APA).

4. The BH APA, together with its respective ancillary agreements, contemplates (i) the sale of the Whole Loan Assets to BH; and (ii) the assumption and assignment of the SBO Servicing Agreements to the extent they relate to the Whole Loan Assets. The SBO Servicing Agreements are also being assigned to Ocwen Loan Servicing, LLC ("**Ocwen**") as contemplated by the Asset Purchase Agreement entered into on November 2, 2012 by Ocwen, on the one hand, and ResCap, Residential Funding Company, LLC, and GMAC Mortgage, LLC, Executive Trustee Services, LLC, ETS of Washington, Inc., EPRE LLC, GMACM Borrower LLC and RFC Borrower LLC on the other, to the extent they relate to loans owned by parties other than the Debtors and are master serviced by the Debtors on behalf of such parties.

5. The BH APA contemplates, and the proposed order approving the BH Sale Transaction (the "**BH Sale Approval Order**"), if approved, shall authorize the assumption and assignment of the SBO Servicing Agreements pursuant to the BH APA. The Sellers maintain a schedule (the "**Schedule**") of executory contracts containing the SBO Servicing Agreements that BH has designated as Assumed Contracts (the "**BH Scheduled Agreements**"). You are receiving this Notice because you are a party to one or more of the BH Scheduled Agreements.

6. **THE ATTACHED SCHEDULE CONTAINS A LIST OF SBO SERVICING AGREEMENTS THAT THE DEBTORS SEEK TO ASSUME AND ASSIGN TO BH.**

7. Bankruptcy Code section 365(b)(1) requires a chapter 11 debtor to cure, or provide adequate assurance that it will promptly cure, any defaults under executory contracts and unexpired leases at the time of assumption. The required cure amount (the "**Cure Amount**") for each BH Scheduled Agreement determined by the Debtors is listed on the Schedule attached hereto. The Cure Amount for each BH Scheduled Agreement reflects known amounts owing to a counterparty to a BH Scheduled Agreement as of May 14, 2012, the date the Chapter 11 cases were commenced (the "**Petition Date**"), based on the Debtors' books and records as of October 31, 2012.[2] The Cure Amounts listed on the Schedule do not include any (i) existing post-petition obligations that the Debtors anticipate paying before the date the BH Scheduled Agreement is to be assumed and assigned, which is anticipated to occur no earlier than the Closing Date (as defined in the BH APA) (the "**Assumption Date**"); (ii) post-Petition Date obligations that may be incurred but unknown as of October 31, 2012, which obligations may remain outstanding against the Debtors, but not BH or the Purchased Assets, as of the Assumption Date; (iii) unknown pre-Petition Date obligations; and (iv) known pre-Petition Date obligations relating to critical vendor payments for which the Debtors have received Bankruptcy Court approval to pay prior to the Assumption Date. Please note that if no amount is scheduled for a BH Scheduled Agreement, the Debtors believe that there is no Cure Amount currently outstanding for such BH Scheduled Agreement. Please review the Cure Amount for your Assumed Contract.

---

[2] For the avoidance of doubt, nothing in this Notice shall create any obligation on behalf of the Debtors to pay any disputed cure amounts.

ny-1064229

8. **The deadline for objecting to approval of any Cure Amount (a "Cure Objection") shall be November 16, 2012, at 5:00 p.m. (Eastern Time) (the "Cure Objection Deadline"). The deadline for objecting to the assumption by the Debtors and assignment to BH of an Assumed Contract (an "Assignment Objection") shall be November 16, 2012, at 5:00 p.m. (Eastern Time).** The deadline for you to object to approval of the sales, including the sale of the Purchased Assets free and clear of liens, claims, encumbrances, and interests (including rights or claims based on any successor or transferee liability) shall be **November 16, 2012, at 5:00 p.m. (Eastern Time) (the "Sale Transaction Objection Deadline")**.[3] Objections shall be served on (i) Morrison & Foerster LLP, counsel for the Debtors, 1290 Avenue of the Americas, New York, New York 10104 (Attn: Gary S. Lee (glee@mofo.com) and Alexandra Steinberg Barrage (abarrage@mofo.com)); (ii) Clifford Chance US LLP, attorneys for Ocwen, 31 West 52nd Street, New York, NY 10019, (Attn: Jennifer C. DeMarco (jennifer.demarco@cliffordchance.com)) (iii) Munger, Tolles & Olson LLP, attorneys for BH, 355 South Grand Avenue, Los Angeles, CA 90071 (Attn: Seth Goldman (seth.goldman@mto.com) and Thomas Walper (twalper@mto.com)) (iv) Kramer Levin Naftalis & Frankel LLP, counsel for the Creditors' Committee, 1177 Avenue of the Americas, New York, NY 10036 (Attn: Kenneth H. Eckstein (keckstein@kramerlevin.com) and Douglas H. Mannal (dmannal@kramerlevin.com)); and (v) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Brian Masumoto).

9. If a timely objection is raised either to the assumption and assignment of a BH Scheduled Agreement or to the proposed Cure Amount (a "**Contract Objection**"), (i) the Debtors; (ii) BH; (iii) the Creditors' Committee; and (iv) the objecting party (the "**Necessary Parties**") may meet and confer in good faith to attempt to resolve any such objection without Court intervention. If the Necessary Parties resolve any Contract Objection, they may enter into a written stipulation, which stipulation is not required to be filed with or approved by the Court. If a Contract Objection cannot be consensually resolved, it shall be heard by the Court either at the Sale Hearing or such other date as determined by the Court.

10. Any Contract Objection that challenges a Cure Amount, or otherwise asserts that there exist outstanding defaults under an Assumed Contract, must set forth with specificity the Cure Amount being claimed by the objecting party or the nature of the asserted default, as applicable, and must include appropriate documentation in support thereof satisfactory to the Debtors and BH. If no objection to the Cure Amount or the proposed assumption and assignment of an Assumed Contract is timely filed and served, the pertinent Debtor may assume and assign the Assumed Contract to BH, and the Cure Amount set forth in the Assumption and Assignment Notice shall be binding upon all non-debtor parties to the Assumed Contracts, any known third party beneficiaries to such Assumed Contracts, all trustees, certificateholders, investors, rating agencies, mortgage insurers and any parties to any pooling and servicing agreements, assignment, assumption

---

[3] Failure to object to the relief requested in the Motion shall be deemed to be "consent" for purposes of section 363(f) of the Bankruptcy Code and shall be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Motion, and to the consummation and performance of the BH Sale Transaction under the BH APA and BH Sale Approval Order (including the transfer free and clear of all liens, claims, encumbrances, and interests, including rights or claims based on any successor or transferee liability, of each of the Whole Loan Purchased Assets transferred as part of the BH Sale Transaction).

ny-1064229

and recognition agreements, Servicing Agreements, subservicing agreements or similar agreements (collectively, the "**Assumption Notice Parties**"), for all purposes in such Debtor's Chapter 11 case.

11. The respective Assumption Notice Parties shall be forever barred (i) from objecting to the assumption and assignment of the relevant Assumed Contract and/or Cure Amount, (ii) from asserting at any time any condition to assignment, default, claims, obligations or breach and/or any additional cure, damage or other amount with respect to the respective Assumed Contract on the basis of events of any kind or nature occurring or arising prior to the Closing Date (as defined in the BH APA), whether such events constituted acts or omissions by the Debtors or other person and regardless of whether such events are known or unknown, including, without limitation, claims or liabilities relating to any act or omission of any originator, holder or servicer of mortgage loans prior to the Closing Date, and any indemnification obligations, claims or liabilities relating to any act or omission of the Sellers or any other person prior to the Closing Date; and (iii) as set forth in the BH Sale Approval Order.

12. All BH Assumed Contracts will be assumed and assigned to BH on the Closing Date to the extent they relate to the Whole Loan Assets, except as may be otherwise set forth therein or agreed between the Debtors and BH. The Debtors will request that Cure Objections to the proposed Cure Amounts based upon unquantifiable or unknown pre-closing liability be overruled; provided, however, that no such liabilities, no Cure Amount, and no amounts asserted in Cure Objections may be asserted against BH or the Purchased Assets, as provided in the BH Sale Approval Order.

13. The Court shall conduct the Sale Hearing on **November 19, 2012 at 10:00 a.m.** (Eastern Time), at which time the Court will consider approval of the sales. The Sale Hearing may be adjourned or rescheduled without further notice by an announcement of the adjourned date at the Sale Hearing or by the filing of a hearing agenda.

14. If the Debtors, BH, and the non-debtor counterparty determine that the Contract Objection cannot be resolved without judicial intervention, then such Contract Objection shall be determined by the Bankruptcy Court either at the Sale Hearing or such other date as determined by the Bankruptcy Court, unless the Debtors, BH, and the non-debtor counterparty to the Assumed Contract agree otherwise; if the Bankruptcy Court determines at such hearing that the Assumed Contract should not be assumed and assigned, then such contract shall no longer be considered an Assumed Contract.

15. If you agree with the respective Cure Amount(s) listed in the Schedule with respect to your Assumed Contract(s), and otherwise do not object to the Debtors' assumption and assignment of your Assumed Contract, you are not required to take any further action.

16. Unless an Objection is filed and served before the Objection Deadline, you shall be deemed to have consented to the assumption and assignment of your Assumed Contract and the Cure Amount(s) for your Assumed Contract(s) in accordance with the BH APA and the BH Sale Approval Order; and acknowledged that no default exists under the Assumed Contract other than those being cured by the Cure Amounts or defaults that are not required to be cured under section 365(b)(2) of the Bankruptcy Code. You shall be forever barred from objecting to the Cure Amount

and from asserting any additional cure or other amounts against the Debtors, their estates, BH, or the Purchased Assets.

17. The Debtors' decision to assume and assign the Assumed Contracts is subject to Bankruptcy Court approval and consummation of the sales, and, absent such consummation, each of the Assumed Contracts will not be assumed or assigned to BH and shall in all respects be subject to further administration under the Bankruptcy Code.

18. All BH Assumed Contracts will be assumed by and assigned to BH on the Closing Date, to the extent they relate to the Whole Loan Assets, except as may be otherwise set forth in the BH APA or the BH Sale Approval Order.

19. Except as otherwise provided by the BH APA, BH shall have no rights in and to a particular Assumed Contract until such time as the particular Assumed Contract is assumed and assigned in accordance with the procedures set forth herein.

20. The inclusion of any document on the list of BH Scheduled Agreements shall not constitute or be deemed to be a determination or admission by the Debtors or BH that such document is, in fact, an executory contract or unexpired lease within the meaning of the Bankruptcy Code, and all rights with respect thereto are expressly reserved.

21. Any Assignment Objection or Cure Amount Objection shall not constitute an objection to the relief generally requested in the Motion (e.g., the sale of the Purchased Assets by the Debtors to BH free and clear of liens, claims, encumbrances, and interests), and parties wishing to object to the relief generally requested in the Motion must file and serve a separate objection by the Sale Transaction Objection Deadline.

22. BH is not assuming and parties will be enjoined from asserting against BH or the Purchased Assets any claims or obligations, including any cure amount necessary for assumption, relating to the pre-closing period under any Assumed Contract (including any Servicing Agreement), whether such claims or obligations are known, unknown, fixed, contingent, unliquidated or liquidated at the time of the Closing, including, without limitation, any claims or liabilities relating to any act or omission of any originator, holder or servicer of mortgage loans prior to the Closing Date, and any indemnification claims or liabilities relating to any act or omission of the Sellers or any other person prior to the Closing Date. Any parties holding such claims or obligations will be required to file a Cure Objection if they disagree with the Cure Amount set forth on the Schedule.

23. This Notice is subject to the full terms and conditions of the Sale Procedures Order, which shall control in the event of any conflict. The Debtors encourage parties in interest to review such documents in their entirety and consult an attorney if they have questions or want advice.

Dated: New York, New York
November 5, 2012

/s/ Gary S. Lee
Gary S. Lee
Todd M. Goren
Lorenzo Marinuzzi
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

Alexandra Steinberg Barrage
MORRISON & FOERSTER LLP
2000 Pennsylvania Avenue
Washington, DC  20006
Telephone: (202) 887-1500
Facsimile: (202) 887-0763

*Counsel for the Debtors and Debtors in Possession*

## Schedule 1 - Whole Loan and SBO Servicing Agreements

| Debtor Entity (counter party) | Contract Name | Shelf-Series ID | Counterparty | Counterparty / Investor Address | Cure Amount |
|---|---|---|---|---|---|
| Residential Funding Company | B of A Flow MLSSA with RFC 12-1-06 (798, 986, S48) | Sub Servicer | Bank of America | 150 North College St., Charlotte, NC 28255 | $0.00 |
| Residential Funding Company | Branch Banking & Trust Client Contract Addendum 07-31-98 | Sub Servicer | Branch Banking and Trust | 301 College St, Greenville, SC, 29601 | $0.00 |
| Residential Funding Company | CitiMortgage Seller-Servicer Contract 03-31-95 | Sub Servicer | Citicorp Mortgage Inc | 1000 Technology Drive MS 313, O'Fallon, MO, 63368 | $0.00 |
| Residential Funding Company | Guidance Residential Client Contract 08-22-05 | Sub Servicer | Guidance Residential | 11107 Sunset Hills Rd., Suite 200, Reston, VA 20190 | $0.00 |
| Residential Funding Company | HSBC Mortgage Client Contract 09-27-02 | Sub Servicer | HSBC Mortgage | 2929 Walden Avenue, Depew, NY, 14043 | $0.00 |
| Residential Funding Company | HSBC Mortgage Client Contract 10-03-07 | Sub Servicer | HSBC Mortgage | 2929 Walden Avenue, Depew, NY, 14043 | $0.00 |
| Residential Funding Company | Washington Mutual Bank Client Contract 04-23-02 with Addenda | Sub Servicer | JPMorgan Chase Bank | 270 Park Avenue, New York, NY 10172 | $0.00 |
| Residential Funding Company | WAMU Servicing Agreement with HFN 03-01-04 | Sub Servicer | JPMorgan Chase Bank | 270 Park Avenue, New York, NY 10172 | $0.00 |
| Residential Funding Company | Columbia Seller and Servicer Contracts 01-03-86 with addenda 06-03-87, 08-17-92 | Sub Servicer | Ocean First | 975 Hooper Avenue, Toms River, NJ, 08753 | $0.00 |
| Residential Funding Company | PHH Z58 Amended and Re-stated ML Flow PSSA 11-01-03 | Sub Servicer | PHH Mortgage Corp | 1 Mortgage Way, Mt. Laurel, NJ 08054 | $0.00 |
| Residential Funding Company | PHH X79 ML Flow PSSA 09-29-04 | Sub Servicer | PHH Mortgage Corp | 1 Mortgage Way, Mt. Laurel, NJ 08054 | $0.00 |
| Residential Funding Company | PHH AY9 ML Flow PSSA 09-01-06 | Sub Servicer | PHH Mortgage Corp | 1 Mortgage Way, Mt. Laurel, NJ 08054 | $0.00 |
| Residential Funding Company | NCMC Newco Inc Client Contract 12-21-04 | Sub Servicer | PNC Bank N.A. | 3232 Newmark Drive Mail Stop B6-YM14-01-7, Miamisburg, OH, 45342 | $0.00 |
| Residential Funding Company | National City Mortgage Company Merger w National City Bank 10-16-08 | Sub Servicer | PNC Bank N.A. | 3232 Newmark Drive Mail Stop B6-YM14-01-7, Miamisburg, OH, 45342 | $0.00 |
| Residential Funding Company | SunTrust Mortgage Seller & Servicer Contracts 01-28-86, 06-17-87 | Sub Servicer | Sun Trust Mortgage | 1001 Semmes Ave (Mail Code RVW 3032), Richmond, VA, 23224 | $0.00 |
| Residential Funding Company | Wachovia Mortgage Corp Client Contract 02-04-02 and Addenda 11-10-06 | Sub Servicer | Wells Fargo Bank, N.A. | 6th and Marquette, Minneapolis, MN 55479 | $0.00 |

**Schedule 1 - Whole Loan SBO Servicing Agreements**

| Debtor Entity (counter party) | Contract Name | Shelf-Series ID | Counterparty | Counterparty / Investor Address | Cure Amount |
|---|---|---|---|---|---|
| Residential Funding Company | Wells Fargo Subservicer Contract BH8, BH9, BI1, BI2 with Exhibits 02-01-07 and First Amendment 05-01-07 and Second Amendment 11-17-10 | Sub Servicer | Wells Fargo Bank, N.A. | 6th and Marquette, Minneapolis, MN 55479 | $0.00 |