**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------
)
In re:                                                    )    Case No. 12-12020 (MG)
                                                          )
RESIDENTIAL CAPITAL, LLC, et al.,                         )    Chapter 11
                                                          )
                                    Debtors.              )    Jointly Administered
                                                          )
---------------------------------------------------------------

**SECOND NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN
SBO SERVICING AGREEMENTS AS EXECUTORY CONTRACTS
AND (II) CURE AMOUNTS RELATED THERETO**

PLEASE TAKE NOTICE THAT:

1. By the motion dated May 14, 2012 (the "**Motion**"), Residential Capital LLC ("**ResCap**") and its debtor subsidiaries, as debtors in possession (collectively, the "**Debtors**" or the "**Sellers**"), [1] sought, among other things, (i) authorization and approval of certain proposed procedures (the "**Sale Procedures**") with respect to two proposed sales by certain of the Debtors of (a) the Purchased Assets (as such term is defined in the Asset Purchase Agreement by and between Nationstar Mortgage LLC and certain of the Debtors (the "**Nationstar APA**"); and (b) the Purchased Assets (as such term is defined in the Asset Purchase Agreement by and between Berkshire Hathaway Inc. ("**BH**") and certain of the Debtors (the "**BH APA**" and together with the Nationstar APA, the "**APAs**"); (ii) scheduling of a hearing on the sales (the "**Sale Hearing**") and setting objection deadlines and bidding deadlines with respect to the sales and Auction; (iii) approving the form and manner of notices for (a) an auction of the purchased assets (the "**Auction**") and (b) the Sale Hearing; and (iv) the assumption and assignment of certain executory contracts and unexpired leases (collectively, the "**Assumed Contracts**") in connection with the sale of the Purchased Assets pursuant to the APAs (the "**Assumption and Assignment Procedures**").

2. On October 23, 2012 and October 24, 2012, pursuant to the Sale Procedures, an Auction was held for the Purchased Assets (as such term is defined in the Nationstar APA and Ocwen APA, the "**Platform Assets**") (the "**Platform Auction**"). At the conclusion of the Platform Auction, the Debtors and their legal and financial advisors, in consultation with the Official Committee of Unsecured Creditors, through their legal and financial advisors, determined that Ocwen Loan Servicing, LLC ("**Ocwen**") offered the highest and best bid for the purchase of the Platform Assets and, accordingly, named Ocwen as the successful bidder.

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital LLC in Support of the Chapter 11 Petitions and First Day Pleadings.

ny-1064227

3. On November 2, 2012, certain of the Debtors entered into an asset purchase agreement by and among Ocwen, on the one hand, and ResCap, Residential Funding Company, LLC, and GMAC Mortgage, LLC, Executive Trustee Services, LLC, ETS of Washington, Inc., EPRE LLC, GMACM Borrower LLC and RFC Borrower LLC on the other (the "**Ocwen APA"**) (such transaction, the "**Ocwen Sale Transaction**", which provided for the assumption and assignment of the SBO Servicing Agreements (as defined in the Ocwen APA)).

4. The Ocwen APA, together with its respective ancillary agreements, contemplates (i) the sale of the Platform Assets to Ocwen; and (ii) the assumption and assignment of the SBO Servicing Agreements.

5. The Ocwen APA contemplates, and the proposed order approving the Ocwen Sale Transaction (the "**Ocwen Sale Approval Order**"), if approved, shall authorize the assumption and assignment of the SBO Servicing Agreements pursuant to the Ocwen APA. The Sellers maintain a schedule (the "**Schedule**") of executory contracts containing the SBO Servicing Agreements that Ocwen has designated as Assumed Contracts (the "**Ocwen Scheduled Agreements**"). You are receiving this Notice because you are a party to one or more of the Ocwen Scheduled Agreements.

6. **THE ATTACHED SCHEDULE CONTAINS A LIST OF SBO SERVICING AGREEMENTS THAT THE DEBTORS SEEK TO ASSUME AND ASSIGN TO OCWEN.**

7. The Debtors may assume the SBO Servicing Agreements listed on the attached Schedule and assign the SBO Servicing Agreements under the Ocwen APA. The agreements marked with an asterisk may be assumed and assigned under the Ocwen APA, excluding loans being purchased by BH under the BH APA that are governed by such SBO Agreements, as set forth in the *First Notice of (I) Debtors' Intent to Assume and Assign Certain SBO Servicing Agreements as Executory Contracts and (II) Cure Amounts Related Thereto* filed on November 5, 2012 [Docket No. 2076]. Such agreements are being assigned to Ocwen only to the extent they relate to loans owned by parties other than the Debtors and are master serviced by the Debtors for such parties.

8. Bankruptcy Code section 365(b)(1) requires a chapter 11 debtor to cure, or provide adequate assurance that it will promptly cure, any defaults under executory contracts and unexpired leases at the time of assumption. The required cure amount (the "**Cure Amount**") for each Ocwen Scheduled Agreement determined by the Debtors is listed on the Schedule attached hereto. The Cure Amount for each Ocwen Scheduled Agreement reflects known amounts owing to a counterparty to a Ocwen Scheduled Agreement as of May 14, 2012, the date the Chapter 11 cases were commenced (the "**Petition Date**"), based on the Debtors' books and records as of October 31, 2012.[2] Any Cure Amounts listed on the Schedule do not include any (i) existing post-petition obligations that the Debtors anticipate paying before the date the Ocwen Scheduled Agreement is to be assumed and assigned, which is anticipated to occur no earlier than the Closing

---

[2] For the avoidance of doubt, nothing in this Notice shall create any obligation on behalf of the Debtors to pay any disputed cure amounts.

2

Date (as defined in the Ocwen APA) (the "**Assumption Date**"); (ii) post-Petition Date obligations that may be incurred but unknown as of October 31, 2012, which obligations may remain outstanding against the Debtors, but not Ocwen or the Purchased Assets, as of the Assumption Date; (iii) unknown pre-Petition Date obligations; and (iv) known pre-Petition Date obligations relating to critical vendor payments for which the Debtors have received Bankruptcy Court approval to pay prior to the Assumption Date.  Please note that if no amount is scheduled for an Ocwen Scheduled Agreement, the Debtors believe that there is no Cure Amount currently outstanding for such Ocwen Scheduled Agreement.  Please review the Cure Amount for your Assumed Contract.

9.     **The deadline for objecting to approval of any Cure Amount (a "Cure Objection") shall be November 16, 2012, at 5:00 p.m. (Eastern Time) (the "Cure Objection Deadline").  The deadline for objecting to the assumption by the Debtors and assignment to Ocwen of an Assumed Contract (an "Assignment Objection") shall be November 16, 2012, at 5:00 p.m. (Eastern Time).**  The deadline for you to object to approval of the sales, including the sale of the Purchased Assets free and clear of liens, claims, encumbrances, and interests (including rights or claims based on any successor or transferee liability) shall be **November 16, 2012, at 5:00 p.m.** (Eastern Time) (the "**Sale Transaction Objection Deadline**").[3]  Objections shall be served on (i) Morrison & Foerster LLP, counsel for the Debtors, 1290 Avenue of the Americas, New York, New York 10104 (Attn:  Gary S. Lee (glee@mofo.com) and Alexandra Steinberg Barrage (abarrage@mofo.com)); (ii) Clifford Chance US LLP, attorneys for Ocwen, 31 West 52nd Street, New York, NY 10019, (Attn: Jennifer C. DeMarco (jennifer.demarco@cliffordchance.com)) (iii) Munger, Tolles & Olson LLP, attorneys for BH, 355 South Grand Avenue, Los Angeles, CA 90071 (Attn: Seth Goldman (seth.goldman@mto.com) and Thomas Walper (twalper@mto.com)) (iv) Kramer Levin Naftalis & Frankel LLP, counsel for the Creditors' Committee, 1177 Avenue of the Americas, New York, NY 10036 (Attn: Kenneth H. Eckstein (keckstein@kramerlevin.com) and Douglas H. Mannal (dmannal@kramerlevin.com)); and (v) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Brian Masumoto).

10.    If a timely objection is raised either to the assumption and assignment of a Ocwen Scheduled Agreement or to the proposed Cure Amount (a "**Contract Objection**"), (i) the Debtors; (ii) Ocwen; (iii) the Creditors' Committee; and (iv) the objecting party (the "**Necessary Parties**") may meet and confer in good faith to attempt to resolve any such objection without Court intervention.  If the Necessary Parties resolve any Contract Objection, they may enter into a written stipulation, which stipulation is not required to be filed with or approved by the Court.  If a Contract Objection cannot be consensually resolved, it shall be heard by the Court either at the Sale Hearing or such other date as determined by the Court.

---

[3] Failure to object to the relief requested in the Motion shall be deemed to be "consent" for purposes of section 363(f) of the Bankruptcy Code and shall be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Motion, and to the consummation and performance of the Ocwen Sale Transaction under the Ocwen APA and Ocwen Sale Approval Order (including the transfer free and clear of all liens, claims, encumbrances, and interests, including rights or claims based on any successor or transferee liability, of each of the Whole Loan Purchased Assets transferred as part of the Ocwen Sale Transaction).

11. Any Contract Objection that challenges a Cure Amount, or otherwise asserts that there exist outstanding defaults under an Assumed Contract, must set forth with specificity the Cure Amount being claimed by the objecting party or the nature of the asserted default, as applicable, and must include appropriate documentation in support thereof satisfactory to the Debtors and Ocwen. If no objection to the Cure Amount or the proposed assumption and assignment of an Assumed Contract is timely filed and served, the pertinent Debtor may assume and assign the Assumed Contract to Ocwen, and the Cure Amount set forth in the Assumption and Assignment Notice shall be binding upon all non-debtor parties to the Assumed Contracts, any known third party beneficiaries to such Assumed Contracts, all trustees, certificateholders, investors, rating agencies, mortgage insurers and any parties to any pooling and servicing agreements, assignment, assumption and recognition agreements, Servicing Agreements, subservicing agreements or similar agreements (collectively, the "**Assumption Notice Parties**"), for all purposes in such Debtor's Chapter 11 case.

12. The respective Assumption Notice Parties shall be forever barred (i) from objecting to the assumption and assignment of the relevant Assumed Contract and/or Cure Amount, (ii) from asserting at any time any condition to assignment, default, claims, obligations or breach and/or any additional cure, damage or other amount with respect to the respective Assumed Contract on the basis of events of any kind or nature occurring or arising prior to the Closing Date (as defined in the Ocwen APA), whether such events constituted acts or omissions by the Debtors or other person and regardless of whether such events are known or unknown, including, without limitation, claims or liabilities relating to any act or omission of any originator, holder or servicer of mortgage loans prior to the Closing Date, and any indemnification obligations, claims or liabilities relating to any act or omission of the Sellers or any other person prior to the Closing Date; and (iii) as set forth in the Ocwen Sale Approval Order.

13. All Ocwen Assumed Contracts will be assumed and assigned to Ocwen on the Closing Date, except as may be otherwise set forth therein or agreed between the Debtors and Ocwen. The Debtors will request that Cure Objections to the proposed Cure Amounts based upon unquantifiable or unknown pre-closing liability be overruled; provided, however, that no such liabilities, no Cure Amount, and no amounts asserted in Cure Objections may be asserted against Ocwen or the Purchased Assets, as provided in the Ocwen Sale Approval Order.

14. The Court shall conduct the Sale Hearing on **November 19, 2012 at 10:00 a.m.** (Eastern Time), at which time the Court will consider approval of the sales. The Sale Hearing may be adjourned or rescheduled without further notice by an announcement of the adjourned date at the Sale Hearing or by the filing of a hearing agenda.

15. If the Debtors, Ocwen, and the non-debtor counterparty determine that the Contract Objection cannot be resolved without judicial intervention, then such Contract Objection shall be determined by the Bankruptcy Court either at the Sale Hearing or such other date as determined by the Bankruptcy Court, unless the Debtors, Ocwen, and the non-debtor counterparty to the Assumed Contract agree otherwise; if the Bankruptcy Court determines at such hearing that the Assumed Contract should not be assumed and assigned, then such contract shall no longer be considered an Assumed Contract.

ny-1064227

16. If you agree with the respective Cure Amount(s) listed in the Schedule with respect to your Assumed Contract(s), and otherwise do not object to the Debtors' assumption and assignment of your Assumed Contract, you are not required to take any further action.

17. Unless an Objection is filed and served before the Objection Deadline, you shall be deemed to have consented to the assumption and assignment of your Assumed Contract and the Cure Amount(s) for your Assumed Contract(s) in accordance with the Ocwen APA and the Ocwen Sale Approval Order; and acknowledged that no default exists under the Assumed Contract other than those being cured by the Cure Amounts or defaults that are not required to be cured under section 365(b)(2) of the Bankruptcy Code. You shall be forever barred from objecting to the Cure Amount and from asserting any additional cure or other amounts against the Debtors, their estates, Ocwen, or the Purchased Assets.

18. The Debtors' decision to assume and assign the Assumed Contracts is subject to Bankruptcy Court approval and consummation of the sales, and, absent such consummation, each of the Assumed Contracts will not be assumed or assigned to Ocwen and shall in all respects be subject to further administration under the Bankruptcy Code.

19. All Ocwen Assumed Contracts will be assumed by and assigned to Ocwen on the Closing Date, except as may be otherwise set forth in the Ocwen APA or the Ocwen Sale Approval Order.

20. Except as otherwise provided by the Ocwen APA, Ocwen shall have no rights in and to a particular Assumed Contract until such time as the particular Assumed Contract is assumed and assigned in accordance with the procedures set forth herein.

21. The inclusion of any document on the list of Ocwen Scheduled Agreements shall not constitute or be deemed to be a determination or admission by the Debtors or Ocwen that such document is, in fact, an executory contract or unexpired lease within the meaning of the Bankruptcy Code, and all rights with respect thereto are expressly reserved.

22. Any Assignment Objection or Cure Amount Objection shall not constitute an objection to the relief generally requested in the Motion (e.g., the sale of the Purchased Assets by the Debtors to Ocwen free and clear of liens, claims, encumbrances, and interests), and parties wishing to object to the relief generally requested in the Motion must file and serve a separate objection by the Sale Transaction Objection Deadline.

23. Ocwen is not assuming and parties will be enjoined from asserting against Ocwen or the Purchased Assets any claims or obligations, including any cure amount necessary for assumption, relating to the pre-closing period under any Assumed Contract (including any Servicing Agreement), whether such claims or obligations are known, unknown, fixed, contingent, unliquidated or liquidated at the time of the Closing, including, without limitation, any claims or liabilities relating to any act or omission of any originator, holder or servicer of mortgage loans prior to the Closing Date, and any indemnification claims or liabilities relating to any act or omission of the Sellers or any other person prior to the Closing Date. Any parties holding such claims or obligations will be required to file a Cure Objection if they disagree with the Cure Amount set forth on the Schedule.

24. This Notice is subject to the full terms and conditions of the Sale Procedures Order, which shall control in the event of any conflict. The Debtors encourage parties in interest to review such documents in their entirety and consult an attorney if they have questions or want advice.

Dated: New York, New York
November 5, 2012

/s/ Gary S. Lee _____
Gary S. Lee
Todd M. Goren
Lorenzo Marinuzzi
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

Alexandra Steinberg Barrage
MORRISON & FOERSTER LLP
2000 Pennsylvania Avenue
Washington, DC 20006
Telephone: (202) 887-1500
Facsimile: (202) 887-0763

*Counsel for the Debtors and
Debtors in Possession*

**Schedule 1 – Platform SBO Servicing Agreements**

| Debtor Entity (counter party) | Contract Name | Shelf-Series ID | Counterparty | Counterparty / Investor Address | Cure Amount | Assigned to the extent agreement relates to loans owned by parties other than the Debtors that are master serviced by the Debtors. |
|---|---|---|---|---|---|---|
| Residential Funding Company | 1st 2nd Mortgage Co of NJ Client Contract 3-8-94 | Sub Servicer | 1st 2nd Mortgage Company | 50 Spring Street, Cresskill, NJ, 07626 | $0.00 | |
| Residential Funding Company | Amegy Client Contract 04-30-02 | Sub Servicer | Amegy Mortgage Company | 4576 Research Forest Dr., The Woodlands, TX 77381 | $0.00 | |
| Residential Funding Company | B of A Flow MLSSA with RFC 12-1-06 (798, 986, S48) | Sub Servicer | Bank of America | 150 North College St., Charlotte, NC 28255 | $0.00 | * |
| Residential Funding Company | Countrywide Seller-Servicer Contract 02-24-93 | Sub Servicer | Bank of America | 4500 Park Granada, Calabasas, CA 91302 | $0.00 | |
| Residential Funding Company | Bank-Fund Staff FCU Seller & Servicer Contracts 02-15-89 | Sub Servicer | Bank-Fund Staff FCU | 1750 H ST. NW , Suite 200, Washington DC, 20006 | $0.00 | |
| Residential Funding Company | Branch Banking & Trust Client Contract Addendum 07-31-98 | Sub Servicer | Branch Banking and Trust | 301 College St, Greenville, SC, 29601 | $0.00 | * |
| Residential Funding Company | Cambridge Savings Bank Servicer Contract 09-23-04 | Sub Servicer | Cambridge Savings Bank | 1374 Massachusetts Avenue, Cambridge, MA, 02138 | $0.00 | |
| Residential Funding Company | GreenPoint Mortgage Loan Purchase and Warranties Agreement 12-16-05 | Sub Servicer | Capital One | 15000 Capital One Dr., Richmond, VA 23238 | $0.00 | |
| Residential Funding Company | CitiMortgage Seller-Servicer Contract 03-31-95 | Sub Servicer | Citicorp Mortgage Inc | 1000 Technology Drive MS 313, O'Fallon, MO, 63368 | $0.00 | * |
| Residential Funding Company | CNBA-Citi Mortgage Name Change - 6-1-2012 | Sub Servicer | Citi Mortgage Inc | 1000 Technology Drive MS 313, O'Fallon, MO, 63368 | $0.00 | |
| Residential Funding Company | Citizens First Wholesale Client Contract 04-13-04 | Sub Servicer | Citizens First Wholesale Mtg | 560 Fieldcrest Drive, The Villages, FL, 32162 | $0.00 | |
| Residential Funding Company | Colonial Savings Seller-Servicer 03-10-95 | Sub Servicer | Colonial Savings F.A. | 2626 West Freeway, Fort Worth, TX, 76102 | $0.00 | |
| Residential Funding Company | FRB NIC - State SB to Fifth Third Bank | Sub Servicer | Fifth Third Bank | 5050 Kingsley Drive 1MOC2P, Cincinnati, OH, 45227 | $0.00 | |
| Residential Funding Company | State SB Seller-Servicer Contract 03-15-93 | Sub Servicer | Fifth Third Bank | 38 Fountain Square Plaza, Cincinnati, OH 45263 | $0.00 | |
| Residential Funding Company | First Republic Bank Seller-Servicer Contract 11-01-96 | Sub Servicer | First Republic Bank | 8310 W. Sahara Ave, Las Vegas, NV, 89117 | $0.00 | |
| Residential Funding Company | Fremont Bank Seller-Servicer Contract 08-26-92 | Sub Servicer | Fremont Bank | 39150 Fremont Blvd. Fremont, CA 94538 | $0.00 | |

| Debtor Entity (counter party) | Contract Name | Shelf-Series ID | Counterparty | Counterparty / Investor Address | Cure Amount | Assigned to the extent agreement relates to loans owned by parties other than the Debtors that are master serviced by the Debtors. |
|---|---|---|---|---|---|---|
| Residential Funding Company | Guardian Mortgage Company, Inc. Client Contract 03-12-98 | Sub Servicer | Guardian Mortgage Co | 100 N. Central Expressway, Suite 190, Richardson, TX, 75080 | $0.00 | |
| Residential Funding Company | Guidance Residential Client Contract 08-22-05 | Sub Servicer | Guidance Residential | 11107 Sunset Hills Rd., Suite 200, Reston, VA 20190 | $0.00 | * |
| Residential Funding Company | Home Financing Center Seller Contract 05-16-96 | Sub Servicer | Home Financing Center | 806 S. Douglas Road, Suite 580, Coral Gables, FL, 33134 | $0.00 | |
| Residential Funding Company | Home Financing Center to Servicer Guide 03-10-09 | Sub Servicer | Home Financing Center | 806 S. Douglas Road, Suite 580, Coral Gables, FL, 33134 | $0.00 | |
| Residential Funding Company | American Home Mtg Assumption - Marina Mortgage Client Contract 09-29-00 | Sub Servicer | Homeward Residential | 1525 S. Beltline Rd., Coppell, TX, 75019 | $0.00 | |
| Residential Funding Company | Marina Mortgage Seller-Servicer Contract 10-25-94 | Sub Servicer | Homeward Residential | 1525 South Beltiline Rd., Coppell, TX 75019 | $0.00 | |
| Residential Funding Company | HSBC Mortgage Client Contract 10-03-07 | Sub Servicer | HSBC Mortgage | 2929 Walden Avenue, Depew, NY, 14043 | $0.00 | * |
| Residential Funding Company | HSBC Mortgage Client Contract 09-27-02 | Sub Servicer | HSBC Mortgage | 2929 Walden Avenue, Depew, NY, 14043 | $0.00 | * |
| Residential Funding Company | Chase Assignment-Assumption Agreement with merger confirmation 07-11-97 | Sub Servicer | JPMorgan Chase Bank | 270 Park Avenue, New York, NY 10172 | $0.00 | |
| Residential Funding Company | Chase-Chemical Seller-Servicer Contract 01-04-96 | Sub Servicer | JPMorgan Chase Bank | 270 Park Avenue, New York, NY 10172 | $0.00 | |
| Residential Funding Company | CHF to JPMCB 5-1-11 | Sub Servicer | JPMorgan Chase Bank | 270 Park Avenue, New York, NY 10172 | $0.00 | |
| Residential Funding Company | CHF-JPMCB acq WMB servicing 9-25-08 | Sub Servicer | JPMorgan Chase Bank | 270 Park Avenue, New York, NY 10172 | $0.00 | |
| Residential Funding Company | EMC Mortgage Corp Client Contract 02-01-08 | Sub Servicer | JPMorgan Chase Bank | 270 Park Avenue, New York, NY 10172 | $0.00 | |
| Residential Funding Company | Letter EMC to JPMCBNA 04-22-09 | Sub Servicer | JPMorgan Chase Bank | 270 Park Avenue, New York, NY 10172 | $0.00 | |
| Residential Funding Company | Washington Mutual Bank Client Contract 04-23-02 with Addenda | Sub Servicer | JPMorgan Chase Bank | 270 Park Avenue, New York, NY 10172 | $0.00 | * |
| Residential Funding Company | Y01 WAMU Servicing Agreement with HFN 03-01-04 | Sub Servicer | JPMorgan Chase Bank | 270 Park Avenue, New York, NY 10172 | $0.00 | * |

**Schedule 1 – Platform SBO Servicing Agreements**

| Debtor Entity (counter party) | Contract Name | Shelf-Series ID | Counterparty | Counterparty / Investor Address | Cure Amount | Assigned to the extent agreement relates to loans owned by parties other than the Debtors that are master serviced by the Debtors. |
|---|---|---|---|---|---|---|
| Residential Funding Company | Matrix Financial Services Seller-Servicer Contract 12-13-93 | Sub Servicer | Matrix Financial Services | 23910 N. 19th Ave., Bldg 4, Suite 68, Phoenix, AZ 85085 | $0.00 | |
| Residential Funding Company | Midland Loan Services 2000-RS4 Servicing Agreement 12-01-00 | Sub Servicer | Midland Loan Services | 10851 Mastin Suite 300, Overland Park, KS, 66210 | $0.00 | |
| Residential Funding Company | Columbia Seller and Servicer Contracts 01-03-86 with addenda | Sub Servicer | Ocean First | 975 Hooper Avenue, Toms River, NJ, 08753 | $0.00 | * |
| Residential Funding Company | FRB NIC Columbia HL closure | Sub Servicer | Ocean First | 975 Hooper Avenue, Toms River, NJ, 08753 | $0.00 | |
| Residential Funding Company | Litton Amendment 6.2008-12 | Sub Servicer | Ocwen Loan Servicing | 2002 Summit Blvd, Suite 610, Atlanta, GA 30319 | $0.00 | |
| Residential Funding Company | Litton servicing agreement | Sub Servicer | Ocwen Loan Servicing | 2002 Summit Blvd, Suite 610, Atlanta, GA 30319 | $0.00 | |
| Residential Funding Company | Litton_Servicing_08_18_2011 | Sub Servicer | Ocwen Loan Servicing | 2002 Summit Blvd, Suite 610, Atlanta, GA 30319 | $0.00 | |
| Residential Funding Company | Litton to Ocwen Acquisition Notice | Sub Servicer | Ocwen Loan Servicing | 2002 Summit Blvd, Suite 610, Atlanta, GA 30319 | $0.00 | |
| Residential Funding Company | Ocwen Letter extending Servicing Agreement 12-15-06 | Sub Servicer | Ocwen Loan Servicing | 1661 Worthington Road, Suite 100, West Palm Beach, FL, 33409 | $0.00 | |
| Residential Funding Company | Ocwen Subservicing Agreement with Amendments | Sub Servicer | Ocwen Loan Servicing | 1661 Worthington Road, Suite 100, West Palm Beach, FL, 33409 | $0.00 | |
| Residential Funding Company | Cendant-PHH Client Contract 5-13-98 | Sub Servicer | PHH Mortgage Corp | 1 Mortgage Way, Mt. Laurel, NJ 08054 | $0.00 | |
| Residential Funding Company | Cendant-PHH Client Contract Addendum 3-31-99 | Sub Servicer | PHH Mortgage Corp | 1 Mortgage Way, Mt. Laurel, NJ 08054 | $0.00 | |
| Residential Funding Company | Certificate of name change Cendant to PHH 12-16-04 | Sub Servicer | PHH Mortgage Corp | 1 Mortgage Way, Mt. Laurel, NJ 08054 | $0.00 | |
| Residential Funding Company | PHH AY9 ML Flow PSSA 09-01-06 | Sub Servicer | PHH Mortgage Corp | 1 Mortgage Way, Mt. Laurel, NJ 08054 | $0.00 | * |
| Residential Funding Company | PHH X79 ML Flow PSSA 09-29-04 | Sub Servicer | PHH Mortgage Corp | 1 Mortgage Way, Mt. Laurel, NJ 08054 | $0.00 | * |
| Residential Funding Company | PHH Z58 Amended and Re-stated ML Flow PSSA 11-01-03 | Sub Servicer | PHH Mortgage Corp | 1 Mortgage Way, Mt. Laurel, NJ 08054 | $0.00 | * |

Schedule 1 – Platform SBO Servicing Agreements

| Debtor Entity (counter party) | Contract Name | Shelf-Series ID | Counterparty | Counterparty / Investor Address | Cure Amount | Assigned to the extent agreement relates to loans owned by parties other than the Debtors that are master serviced by the Debtors. |
|---|---|---|---|---|---|---|
| Residential Funding Company | National City Mortgage Company Merger w National City Bank 10_16_08 | Sub Servicer | PNC Bank N.A. | 3232 Newmark Drive Mail Stop B6-YM14-01-7, Miamisburg, OH, 45342 | $0.00 | * |
| Residential Funding Company | NCMC Newco Inc Client Contract 12-21-04 | Sub Servicer | PNC Bank N.A. | 3232 Newmark Drive Mail Stop B6-YM14-01-7, Miamisburg, OH, 45342 | $0.00 | * |
| Residential Funding Company | NCB to PNCB merger ack 8-26-09 | Sub Servicer | PNC Bank N.A. | 3232 Newmark Drive Mail Stop B6-YM14-01-7, Miamisburg, OH, 45342 | $0.00 | |
| Residential Funding Company | Provident Funding Associates Client Contract 01-15-03 | Sub Servicer | Provident Funding | 3750 N. Robertson Blvd, Suite 102, Culver City, CA, 90232 | $0.00 | |
| Residential Funding Company | Stanford FCU Client Contract 07-30-02 | Sub Servicer | Stanford FCU | 1860 Embarcadero Road, Palo Alto, CA, 94303 | $0.00 | |
| Residential Funding Company | FRB NIC Trust Co Mort renamed SunTrust Mort | Sub Servicer | Sun Trust Mortgage | 1001 Semmes Ave (Mail Code RVW 3032), Richmond, VA, 23224 | $0.00 | |
| Residential Funding Company | SunTrust Mortgage Seller & Servicer Contracts 01-28-86 | Sub Servicer | Sun Trust Mortgage | 1001 Semmes Ave (Mail Code RVW 3032), Richmond, VA, 23224 | $0.00 | * |
| Residential Funding Company | Third Federal S & L PSSA to FNMA Guide 04-01-03 | Sub Servicer | Third Federal S&L | 7007 Broadway Avenue, Cleveland, OH, 44105 | $0.00 | |
| Residential Funding Company | TIB Client Contract 03-01-04 | Sub Servicer | TIB | 350 Phelps Court, Dallas, TX 75356 | $0.00 | |
| Residential Funding Company | Ulster Savings Bank Seller-Servicer Contract 06-30-92 | Sub Servicer | Ulster Savings Bank | P.O. BOX 337, Kingston, NY, 12402 | $0.00 | |
| Residential Funding Company | Union Bank of CA Client Contract 01-22-04 | Sub Servicer | Union Bank, N.A | 8155 Mercury Court MC 904, San Diego, CA, 92111 | $0.00 | |
| Residential Funding Company | Downey UBS PSA 08012002 | Sub Servicer | US Bank | 200 S. 6th Street, Minneapolis, MN 55402 | $0.00 | |
| Residential Funding Company | Downey UBS_08012002_amend3 09-01-03 | Sub Servicer | US Bank | 200 S. 6th Street, Minneapolis, MN 55402 | $0.00 | |
| Residential Funding Company | U. S. Bank confirmation 6-29-09 of Downey acq 11-21-08 | Sub Servicer | US Bank | 200 S. 6th Street, Minneapolis, MN 55402 | $0.00 | |
| Residential Funding Company | U.S. Bank Client Contract & Assumption 03-05-02 | Sub Servicer | US Bank | 200 S. 6th Street, Minneapolis, MN 55402 | $0.00 | |

**Schedule 1 – Platform SBO Servicing Agreements**

| Debtor Entity (counter party) | Contract Name | Shelf-Series ID | Counterparty | Counterparty / Investor Address | Cure Amount | Assigned to the extent agreement relates to loans owned by parties other than the Debtors that are master serviced by the Debtors. |
|---|---|---|---|---|---|---|
| Residential Funding Company | Norwest Amendment to Articles of Incorp - Wells Fargo Home Mortgage | Sub Servicer | Wells Fargo Bank, N.A. | 6th and Marquette, Minneapolis, MN 55479 | $0.00 | |
| Residential Funding Company | Norwest Seller-Servicer Contract 01-28-93 | Sub Servicer | Wells Fargo Bank, N.A. | 6th and Marquette, Minneapolis, MN 55479 | $0.00 | |
| Residential Funding Company | OCC cert WFHM to WFB 5-10-04 | Sub Servicer | Wells Fargo Bank, N.A. | 6th and Marquette, Minneapolis, MN 55479 | $0.00 | |
| Residential Funding Company | Wachovia Mortgage Corp Client Contract 02-04-02 and Addenda | Sub Servicer | Wells Fargo Bank, N.A. | 6th and Marquette, Minneapolis, MN 55479 | $0.00 | * |
| Residential Funding Company | Wells Fargo Bank Second Amendment to the Subservicer Contract - execution | Sub Servicer | Wells Fargo Bank, N.A. | 6th and Marquette, Minneapolis, MN 55479 | $0.00 | * |
| Residential Funding Company | Wells Fargo Subservicer Contract BH8, BH9, BI1, BI2 with Exhibits 02-01-07 and First Amendment 05-01-07 | Sub Servicer | Wells Fargo Bank, N.A. | 6th and Marquette, Minneapolis, MN 55479 | $0.00 | * |
| Homecomings Financial LLC | Wells Fargo servicing terms agreement dated 2/14/05 | Sub Servicer | Wells Fargo Bank, N.A. | 6th and Marquette, Minneapolis, MN 55479 | $0.00 | |
| Homecomings Financial LLC | Wells Fargo servicing terms agreement 8/10/05 | Sub Servicer | Wells Fargo Bank, N.A. | 6th and Marquette, Minneapolis, MN 55479 | $0.00 | |
| Homecomings Financial LLC | Wells Fargo servicing terms agreement dated 9/30/05 | Sub Servicer | Wells Fargo Bank, N.A. | 6th and Marquette, Minneapolis, MN 55479 | $0.00 | |
| Homecomings Financial LLC | Wells Fargo servicing terms agreement dated 11/28/05 | Sub Servicer | Wells Fargo Bank, N.A. | 6th and Marquette, Minneapolis, MN 55479 | $0.00 | |
| Homecomings Financial LLC | Wells Fargo servicing terms agreement 1/31/06 | Sub Servicer | Wells Fargo Bank, N.A. | 6th and Marquette, Minneapolis, MN 55479 | $0.00 | |
| Homecomings Financial LLC | Wells Fargo letter agreement dated 3/6/06 | Sub Servicer | Wells Fargo Bank, N.A. | 6th and Marquette, Minneapolis, MN 55479 | $0.00 | |
| Homecomings Financial LLC | Wells Fargo subservicing agreement dated 5/10/04 | Sub Servicer | Wells Fargo Bank, N.A. | 6th and Marquette, Minneapolis, MN 55479 | $0.00 | |
| Homecomings Financial LLC | Wells Fargo Seller Warranties and Servicing Agreement dated 3/1/05 | Sub Servicer | Wells Fargo Bank, N.A. | 6th and Marquette, Minneapolis, MN 55479 | $0.00 | |