MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Erica J. Richards

*Counsel for the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | Chapter 11 |
| Debtors. | Jointly Administered |

**CERTIFICATE OF NO OBJECTIONS REGARDING DEBTORS' MOTION FOR ENTRY OF AN ORDER PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTORS TO PERFORM REMEDIATION ACTIVITIES IN CONNECTION WITH REAL ESTATE OWNED AND INCUR NECESSARY EXPENSES RELATED THERETO**

1.      The undersigned hereby certifies that, as of the date hereof, he is not aware of any answer, objection or other responsive pleading to the relief sought in the following Motion, filed by the Debtors on October 19, 2012 (the "<u>Motion</u>"):

> Debtors' Motion for Entry of an Order Pursuant to Sections 105 and 363 of the Bankruptcy Code Authorizing the Debtors to Perform Remediation Activities in Connection with Real Estate Owned and Incur Necessary Expenses Related Thereto [Docket No. 1876].

2.      The undersigned further declares that he has caused a review of the Court's docket in these cases and has not been advised that any answer, objection or other responsive

ny-1064127

pleading to the Motion appears thereon.  The deadline for filing objections to the Motion has passed.

3. In accordance with the Order Under Bankruptcy Code Sections 102(1), 105(a) and 105(d), Bankruptcy Rules 1015(c), 2002(m) and 9007 and Local Bankruptcy Rule 2002-2 Establishing Certain Notice, Case Management and Administrative Procedures entered on May 23, 2012 [Docket No. 151] (the "Case Management Procedures"), the undersigned submits this Certificate of No Objections pursuant to 28 U.S.C. § 1746.

4. Accordingly, for the reasons set forth in the Motion, the Debtors respectfully request that the proposed Order granting the Motion (the "Order"), annexed hereto as Exhibit 1,[1] be entered in accordance with the procedures set forth in the Case Management Procedures.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
   November 6, 2012

/s/ Norman S. Rosenbaum
MORRISON & FOERSTER LLP
Gary S. Lee
Norman S. Rosenbaum
Erica J. Richards
1290 Avenue of the Americas
New York, NY 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Debtors
and Debtors in Possession*

---

[1] A copy of the Order was also attached as Exhibit 1 to the Motion.

# EXHIBIT 1

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE
AUTHORIZING THE DEBTORS TO PERFORM REMEDIATION ACTIVITIES
IN CONNECTION WITH REAL ESTATE OWNED AND TO
<u>INCUR NECESSARY EXPENSES RELATED THERETO</u>**

Upon the motion (the "<u>Motion</u>")[1] of the Debtors, as debtors and debtors in possession (collectively, the "<u>Debtors</u>"), for the entry of an order (this "<u>Order</u>") under sections 105 and 363 of the Bankruptcy Code, authorizing the Debtors to perform remediation activities in connection with the Oakland REO, including, but not limited to, incurring necessary expenses related to the relocation of the Oakland REO tenants; and upon the Scoliard Declaration; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, DECREED AND ADJUDGED THAT:**

1. The Motion is granted.

---

[1] All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

ny-1057438

2.      Pursuant to section 363(b)(1) of the Bankruptcy Code, the Debtors are hereby authorized, but not required, in their sole discretion, to perform the Remediation with respect to the Oakland REO.

5.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

7.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

8.      Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

New York, New York  
Date: _____, 2012      THE HONORABLE MARTIN GLENN  
                                      UNITED STATES BANKRUPTCY JUDGE