UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE
AUTHORIZING THE DEBTORS TO PERFORM REMEDIATION ACTIVITIES
IN CONNECTION WITH REAL ESTATE OWNED AND TO
INCUR NECESSARY EXPENSES RELATED THERETO**

Upon the motion (the "Motion")[1] of the Debtors, as debtors and debtors in possession (collectively, the "Debtors"), for the entry of an order (this "Order") under sections 105 and 363 of the Bankruptcy Code, authorizing the Debtors to perform remediation activities in connection with the Oakland REO, including, but not limited to, incurring necessary expenses related to the relocation of the Oakland REO tenants; and upon the Scoliard Declaration; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, DECREED AND ADJUDGED THAT:**

1.  The Motion is granted.

---

[1] All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

2.       Pursuant to section 363(b)(1) of the Bankruptcy Code, the Debtors are hereby authorized, but not required, in their sole discretion, to perform the Remediation with respect to the Oakland REO.

5.       The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6.       The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

7.       The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

8.       Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

New York, New York                           **/s/Martin Glenn**
Date: November 6, 2012                    MARTIN GLENN
                                                UNITED STATES BANKRUPTCY JUDGE