**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**STIPULATION AND ORDER PERMITTING CERTAIN
PARTIES TO FILE PROOFS OF CLAIM AFTER THE BAR DATE**

This stipulation and order (the "Stipulation") is made and entered into by, between and among the debtors and debtors in possession in the above-captioned bankruptcy case (collectively, the "Debtors"),[1] and Deutsche Bank National Trust Company and Deutsche Bank Trust Company Americas, The Bank of New York Mellon, The Bank of New York Mellon Trust Company, N.A., U.S. Bank National Association, and Wells Fargo Bank, N.A. (collectively, solely in the capacities listed below, the "RMBS Trustees" and collectively with the Debtors, the "Parties"), solely in their respective capacities as trustees, indenture trustees, securities administrators, and/or master servicers for certain mortgage backed securities trusts, as well as under whole loan servicing agreements and other similar arrangements (collectively, the "RMBS Trusts"), including the Trusts (as such term is defined in the Debtors' Supplemental Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of RMBS Trust Settlement Agreements [Docket No. 1176] (the "Supplemental RMBS Settlement Motion"). The Parties, by and through their respective counsels, respectfully submit this Stipulation permitting each of the RMBS Trustees to file a proof of claim (each a "Proof of Claim") in respect of a prepetition claim held by a

1

RMBS Trust, as defined in Bankruptcy Code section 101(5), and allowing the RMBS Trustees to submit such Proofs of Claim no later than March 1, 2013.

**RECITALS**:

A. On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code. The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b). No trustee has been appointed in these Chapter 11 cases.

B. On August 29, 2012 the Bankruptcy Court set November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for filing proofs of claim against the Debtors (the "General Bar Date") pursuant to the *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* (the "General Bar Date Order") [Docket No. 1309].

**NOW, THEREFORE,** it is hereby stipulated and agreed, and upon approval by the Bankruptcy Court it shall be **SO ORDERED**:

1. The Proofs of Claim shall be deemed timely filed notwithstanding the occurrence of the General Bar Date; provided that the RMBS Trustees shall cause such Proofs of Claim to be actually filed no later than March 1, 2013. Absent further order of the Bankruptcy Court, any RMBS Trustee that fails to comply with this Stipulation by timely filing a Proof of Claim in the appropriate form as set forth below shall be barred from: (i) asserting such claim against the Debtors and their Chapter 11 estates; and (ii) participating in any distribution in these Chapter 11 cases on account of such claim.

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of

2. Notwithstanding any provision of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, any order of the Bankruptcy Court, including the General Bar Date Order, or any approved proof of claim form that may otherwise require any RMBS Trustee to file separate proofs of claim against one or more Debtors or to file separate proofs of claim with respect to each RMBS Trust, the filing of a single Proof of Claim by each of the RMBS Trustees on its own behalf or on behalf of the applicable RMBS Trusts in the jointly administered Chapter 11 case, Case No. 12-12020 (MG), shall constitute the filing of such Proof of Claim in each of the Debtors' cases for all the claims of all RMBS Trusts for which that RMBS Trustee acts, *provided, however*, that each such Proof of Claim (or an attachment thereto) shall set forth, on a trust-by-trust basis, each claim asserted against each Debtor, and for each such claim provide, at a minimum, (i) the amount of the claim, or, that the claim is contingent and/or unliquidated; (ii) the capacity in which the RMBS Trustee is acting in asserting the claim (*i.e.*, trustee, indenture trustee, securities administrator, and/or master servicer); and (iii) the name of the Debtors against which the claim is asserted and the basis upon which each Debtor is asserted to be liable for the claim.

3. The RMBS Trustees will not be required to file with the Proofs of Claim any documents in support of the Proofs of Claim (except as provided in paragraph 2, above) as the documents are voluminous in nature. The documents will be available from the RMBS Trustees upon written request from a party in interest.

4. Any amendments that any RMBS Trustee may make with respect to any Proof of Claim filed by such RMBS Trustee in Case No. 12-12020 (MG), shall constitute the filing of an amended Proof of Claim in each of the Debtors' cases.

---

Chapter 11 Petitions and First Day Pleadings [Docket No. 6].

5. The Parties shall retain any and all rights and defenses with respect to the Proofs of Claim, including with respect to the validity, priority, and amount of any claim asserted pursuant to the Proofs of Claim. Nothing herein shall constitute or be deemed to constitute an admission of liability by the Debtors with respect to any claim asserted by the Proofs of Claim.

6. This Stipulation shall not become effective unless and until it is approved and entered by the Bankruptcy Court.

7. This Stipulation is entered into by the Debtors and the RMBS Trustees for administrative convenience only and is without prejudice to, and expressly reserves, the rights of all parties-in-interest to contest the allowance of any such claims.

8. Neither the Stipulation nor any negotiations and writings in connection with this Stipulation shall in any way be construed as or deemed to constitute: (a) an admission of liability by the Debtors with respect to any claim asserted by the Proofs of Claim; or (b) evidence of or an admission on behalf of any Party regarding any claim or right that such Party may have against the other Party, other than as provided herein.

9. Each of the Parties hereto represents and warrants it is duly authorized to enter into and be bound by this Stipulation.

10. This Stipulation may be executed in multiple counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which shall be deemed an original, but all of which together shall constitute one instrument.

11. The Bankruptcy Court shall retain jurisdiction to hear any disputes relating to or arising from this Stipulation.

12. The terms and conditions of this Stipulation shall be immediately effective and enforceable upon its entry by the Bankruptcy Court.

**SO STIPULATED.**

Dated:  November 5, 2012

| | |
|---|---|
| Todd M. Goren<br>Gary S. Lee<br>Anthony Princi<br>Darryl Rains<br>Jamie A. Levitt<br><br>/s/ Todd M. Goren<br>**MORRISON & FOERSTER LLP**<br>1290 Avenue of the Americas<br>New York, New York  10104<br>Telephone:  (212) 468-800<br>Facsimile:  (212) 468-7900<br><br>*Counsel to the Debtors and Debtors in Possession* | James L. Garrity, Jr.<br>John C. Goodchild, III (*pro hac vice*)<br><br>/s/ James L. Garrity, Jr.<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>101 Park Avenue<br>New York, New York  10178-0600<br>Telephone:  (212) 309-6000<br>Facsimile:  (212) 309-6001<br><br>*Counsel to Deutsche Bank National Trust Company and Deutsche Bank Trust Company Americas, as RMBS Trustees for Certain Trusts* |
| Glenn E. Siegel<br>Craig P. Druehl<br><br>/s/ Glenn E. Seigel<br>**DECHERT LLP**<br>1095 Avenue of the Americas<br>New York, New York  10036-6797<br>Telephone:  (212) 698-3500<br>Facsimile:  (212) 698-3599<br><br>*Counsel to The Bank of New York Mellon and The Bank of New York Mellon Trust Company, N.A., as RMBS Trustees for Certain Trusts* | Martin G. Bunin<br>John C. Weitnauer (*pro hac vice*)<br><br>/s/ John C. Weitnauer<br>**ALSTON & BIRD LLP**<br>90 Park Avenue<br>New York, New York  10016<br>Telephone:  (212) 210-9400<br>Facsimile:  (212) 210-9444<br><br>*Counsel to Wells Fargo Bank, N.A., as RMBS Trustee for Certain Trusts* |
| Ronald L. Cohen<br>Arlene R. Alves<br>Laurie R. Binder<br><br>/s/ Arlene R. Alves<br>**SEWARD & KISSEL LLP**<br>One Battery Park Plaza<br>New York, New York  10004<br>Telephone:  (212) 574-1200<br>Facsimile:  (212) 480-8421 | |

```
```
*Counsel to U.S. Bank National Association,
as RMBS Trustee for Certain Trusts*

**SO ORDERED** this
6th day of November, 2012

/s/Martin Glenn
MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE