UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, *et al.*,<br><br>           Debtors. | Case No. 12-12020 (MG)<br><br>Chapter 11<br><br>Jointly Administered<br><br>Related Docket Nos.: 2064, 2065 |

# OBJECTION TO DEBTORS' MOTION TO SHORTEN THE TIME TO RESPOND TO THE DEBTORS' MOTION REQUESTING CERTIFICATION OF APPEAL TO SECOND CIRCUIT COURT OF APPEALS

Andrew K. Glenn (aglenn@kasowitz.com)
Kanchana W. Leung (kleung@kasowitz.com)
Daniel A. Fliman (dfliman@kasowitz.com)
Matthew B. Stein (mstein@kasowitz.com)
KASOWITZ, BENSON, TORRES &
  FRIEDMAN LLP
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
Facsimile: (212) 506-1800

*Attorneys for Federal Housing Finance Agency,
as Conservator for the Federal Home Loan
Mortgage Corporation*

The Federal Housing Finance Agency ("FHFA" or "Conservator"), as Conservator for the Federal Home Loan Mortgage Corporation ("Freddie Mac"), hereby submits this objection (the "Objection") to the *Debtors' Motion to Shorten the Time to Respond to the Debtors' Motion Requesting Certification of Appeal to Second Circuit Court of Appeals*, dated November 5, 2012 [Docket No. 2065] (the "Motion to Shorten").

## BACKGROUND

1. On July 17 and July 20, 2012, FHFA filed its motion (the "Original Discovery Motion") [Docket No. 810] and its supplemental motion (together with the Original Discovery Motion, the "Discovery Motion") [Docket No. 859] at the direction of United States District Judge Denise Cote.[1] Judge Cote is presiding over the action styled *Federal Housing Finance Agency, as Conservator for the Federal Home Loan Mortgage Corporation v. Ally Financial Inc. f/k/a GMAC, LLC, et al.*, pending in the United States District Court for the Southern District of New York (the "District Court") as Case No. 11-civ-7010 (the "FHFA Case"). The Bankruptcy Court held a preliminary hearing on the Discovery Motion on August 14, 2012 (the "August 14 Hearing"). At the August 14 Hearing, the Court asked the parties to file additional briefing and scheduled an evidentiary hearing for September 11, 2012.

2. Following the August 14 Hearing, and in disagreement with FHFA's offer to narrow its request for loan files to an initial sample of approximately 2,100 files, certain underwriter defendants in the FHFA Case (the "Underwriter Defendants") filed their own application requesting the production of all of the loan files for the 43,000 loans in the supporting loan groups at issue in the FHFA Case.

---

[1] FHFA filed the Discovery Motion at the direction of Judge Cote at hearings held on July 11 and 17, 2012. FHFA does not otherwise submit to the jurisdiction of this Court and continues to reserve all rights with respect to such jurisdiction.

3. On October 12, 2012, the Court entered its Memorandum Opinion and Order denying both FHFA's and the Underwriter Defendants' requests for loan files (the "Discovery Order") [Docket No. 1813]. On October 15, 2012, the next business day, FHFA promptly filed its notice of appeal of the Discovery Order (the "Appeal") [Docket No. 1817] and submitted a letter to the District Court seeking to expedite the appeal and articulating its concerns about the attendant delays with discovery. On October 29, 2012, FHFA timely filed its designation of record and statement of issues on appeal from the Discovery Order [Docket No. 1989].

4. On November 5, 2012, three weeks after FHFA filed its Appeal and only one week before the Debtors' deadline to file its counter-designations and issues on appeal, the Debtors filed a motion to request certification of the Appeal (the "Certification Motion") [Docket No. 2064] directly to the United States Court of Appeals for the Second Circuit pursuant to 28.U.S.C. § 158(d)(2)(A) and Rule 8001(f)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Along with the Certification Motion, the Debtors filed the Motion to Shorten seeking to truncate FHFA's period to respond to the Certification Motion from 17 days to a mere 4 days.

5. The Motion to Shorten has no valid basis. Indeed, the only reason for shortening notice articulated is the Debtors' strategic attempt to have the Certification Motion leap ahead of the appellate deadlines set forth in the Bankruptcy Rules. In other words, the Debtors ask the Court to discard the statutory timing contemplated in the Bankruptcy Rules just so that the Debtors can handpick which Court rules on the Certification Motion notwithstanding that any exigency was easily avoidable by the Debtors and that the relief requested would deprive FHFA due process and adequate time to respond to the Certification Motion. The Court should refuse to tolerate such blatant gamesmanship and deny the Motion to Shorten to allow FHFA time to properly consider the merits of the Certification Motion and to respond accordingly.

## OBJECTION

6. The Debtors have not demonstrated sufficient cause to reduce the time for parties to object to the Certification Motion. To the contrary, there is no legitimate rationale to reduce the time for FHFA to respond to the Certification Motion and is transparent forum shopping.

7. Bankruptcy Rule 8001(f)(3)(D) provides that "[a] party may file a response to a request for certification or a cross request within 14 days after notice of the request is served, or another time is fixed by the court." Fed. R. Bankr. P. 8001(f)(3)(D).

8. Bankruptcy Rule 9006(c)(1) provides, in pertinent part, that "when an act is required or allowed to be done at or within a specified time" "the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 8006(c).

9. Courts have held that "the flexibility written into Bankruptcy Rule 9006 to reduce the time for notice should be sparingly invoked and may be invoked only for cause shown." *In re Sandra Cotton, Inc.*, 65 B.R. 153, 155-156 (W.D.N.Y. 1986). Indeed, mere administrative convenience does not justify abbreviated notice. *Id.*

10. Here, the Debtors have presented no unusual or exigent circumstances to justify a legitimate need for a shortened notice period. The Debtors do not – because they cannot – argue that the Certification Motion could be rendered moot if the time for parties to respond is not shortened. Instead, the sole basis underlying their Motion to Shorten is that unless it is granted, the Certification Motion would not be heard until after the Appeal is docketed and thus, will be heard by the District Court rather than this Court.

11. Pursuant to Bankruptcy Rule 8001(f)(2)(A), the docketing of the Appeal determines only which court has jurisdiction over the Certification Motion. If the Certification Motion is heard before the Appeal is docketed, this Court has jurisdiction; if the Certification

Motion is heard after the Appeal is docketed, the District Court has jurisdiction. *See* Fed. R. Bankr. P. 8001(f)(2)(A).

12. By filing the Motion to Shorten, the Debtors seek to ensure that this Court adjudicates the Certification Motion rather than the District Court. Doing so, however, means that FHFA will have four business days to research and respond to the Certification Motion instead of the established 17 days under the Bankruptcy Rules. The Debtors' request extends far beyond the bounds of any good faith basis to modify FHFA's time in which to respond – it completely guts the time allotted by the Bankruptcy Rules for FHFA to respond adequately to the Certification Motion.

13. Blatant forum shopping is not a legitimate basis to justify the Debtors' Motion. *See In re Official Comm. of Unsecured Creditors of Verestar, Inc.*, 2006 U.S. Dist. LEXIS 12820, at *15 (S.D.N.Y. Mar. 23, 2006) ("In short, the implication is that rather than have the bankruptcy court proceed, pursuant to the provisions of 28 U.S.C. § 157(b)(3), to make the initial core/non-core determination subject to review by the district court, they were seeking by filing in the district court to have the core/non-core determination made by the district court without the benefit of that prior review. . . . Local Civil and Criminal Rules and General Reference Orders are directed to all members of the bar of this court, and in part are directed to preventing the undesirable practice of judge-shopping.").

14. Moreover, the Debtors' desire to shorten the notice period should be seen for what it is – a last minute, further attempt to prejudice the rights of FHFA as Conservator and, ultimately, the rights of American taxpayers. . Indeed, the Debtors could have filed their Certification Motion on October 15, 2012 when the Appeal was commenced. As of that date, the Debtors certainly knew exactly which issues FHFA was appealing and so, if they chose, the Debtors could have sought certification at that time. Instead, the Debtors unjustifiably waited

4

three weeks before filing the Certification Motion. The Debtors have lost the ability to argue convincingly that the relief requested is necessary and that they are entitled to shortened notice. *See In re Schindler*, 2011 Bankr. LEXIS 1208, at *4-7 (Bankr. E.D.N.Y. Mar. 21, 2011) ("Rather than being the product of something that could not properly be prepared for, the current emergency seems to be prompted by nothing more than the approach of an impending deadline, which has been known for sometime. This failure to plan ahead does not rise to the level of a genuine emergency justifying shortened notice or expedited relief. Any emergency is one of the debtor's own making."). It would be wholly inequitable and contrary to public policy to punish FHFA by granting Debtors' motion to deliberately manipulate the time period for FHFA to respond to Debtors' Certification Motion.

15.     Accordingly, sufficient cause is lacking and there is no basis for the Court to grant the relief requested in the Motion to Shorten.

## CONCLUSION

For the foregoing reasons, FHFA respectfully requests that the Court deny the Motion to Shorten.

DATED:      November 7, 2012
            New York, New York

                                KASOWITZ, BENSON, TORRES &
                                 FRIEDMAN LLP

                                /s/ Andrew K. Glenn
                                Andrew K. Glenn (aglenn@kasowitz.com)
                                Kanchana W. Leung (kleung@kasowitz.com)
                                Daniel A. Fliman (dfliman@kasowitz.com)
                                Matthew B. Stein (mstein@kasowitz.com)
                                1633 Broadway
                                New York, New York 10019
                                Telephone: (212) 506-1700
                                Facsimile: (212) 506-1800

                                *Attorneys for Federal Housing
                                Finance Agency, as Conservator for the Federal
                                Home Loan Mortgage Corporation*