Hearing Date: November 19, 2012, 10:00 a.m. (Eastern Time)
Objection Deadline: November 7, 2012, 4:00 p.m. (Eastern Time)
[extended pursuant to agreement with the Debtors-Movants]

David M. Powlen (DP – 0678)
BARNES & THORNBURG LLP
1000 North West Street, Suite 1200
Wilmington, Delaware 19801
Telephone: 302-888-4536
Facsimile: 302-888-0246
Email: david.powlen@btlaw.com

*Attorneys for USAA Federal Savings Bank*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | ) | Case No. 12-12020 (MG) |
| | ) | |
| Debtors. | ) | Jointly Administered |

**SUPPLEMENTAL LIMITED OBJECTION OF USAA FEDERAL SAVINGS BANK TO (I) THE DEBTORS' SALE MOTION, (II) NOTICE OF INTENT TO (A) ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND (B) CURE AMOUNTS, AND (III) NOTICE OF SUCCESSFUL BIDDER FOR SERVICING PLATFORM**

USAA Federal Savings Bank ("**USAA**"), through its undersigned counsel, hereby submits this supplement (the "**Supplement**") to its **Limited Objection**[1] in relation to the **Sale Motion**[2] and the **Contract Notice**[3] filed by the above-referenced debtors (the "**Debtors**") which

---

[1] **Limited Objection** means *USAA Federal Savings Bank's Limited Objection to Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), and (m), 365 and 1123, and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 For an Order (A) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests, (B) Authorizing and Approving Asset Purchase Agreements Thereto, (C) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto, an d (IV) Granting Related Relief; and (II) Notice of Intent to (A) Assume and Assign Certain Executory Contracts and (B) Cure Amounts* filed on September 27, 2012 [Docket No. 1611].

[2] **Sale Motion** means the *Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), and (m), 365 and 1123, and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 For Orders: (A)(I) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expense Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief*

pertain to the proposed sale and transfer of the Debtors' **Servicing Platform**[4] and which could potentially alter or affect USAA's contractual rights, claims and interests in connection therewith. In support of this Supplement, USAA respectfully states as follows:[5]

## BACKGROUND

1. On September 27, 2012, USAA filed its Limited Objection, by which, *inter alia*, USAA objected to the assumption and assignment of the USAA Servicing Agreement pursuant to 11 U.S.C. §365, or alternatively, the possible sale and transfer of the USAA-Related MSRs under 11 U.S.C. §363, unless each and all of the Operating Conditions, Indemnification Obligations, Transfer Restrictions and other contractual provisions (collectively, the "**Contract Provisions**") contained in the USAA Servicing Agreement shall be and remain binding upon the Purchaser (as assignee or acquiror) after the Closing of the Sale.[6]

2. After an Auction of the Servicing Platform was conducted on October 23-24, Ocwen Financial Corp. ("**Ocwen**") was determined by the Debtors to be the Successful Platform

---

*and (B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Asset Purchase Agreements Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief* filed on May 14, 2012 [Docket No. 61].

[3] **Contract Notice** means the *Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto* filed on July 26, 2012 [Docket No. 924].

[4] The **Servicing Platform** is defined and described in the Sale Motion, ¶ 6, p. 7.

[5] All capitalized terms used but not defined herein shall have the meanings ascribed to them in USAA's Limited Objection.

[6] The Limited Objection was expressly intended to constitute an objection to the Sale Motion as well as the Contract Notice, including with respect to any attempt by the Debtors to sell or transfer the USAA-Related MSRs "free and clear" of any of the Contract Provisions. See paragraphs 35 and 47 of the Limited Objection.

2

Bidder, and Nationstar Mortgage LLC was determined by the Debtors to be the Next-Highest Bidder for the Servicing Platform.[7]

3. As of the date of the filing of this Supplement, none of the elements of USAA's Limited Objection have been resolved, in relation to either Ocwen or Nationstar becoming the Purchaser.

## INCORPORATION OF PRIOR OBJECTIONS

4. USAA hereby incorporates and reiterates the analyses, objections, statements and requests for relief set forth in its Limited Objection as if they were fully set forth herein, and hereby intends its Limited Objection to be applicable to Ocwen as well as Nationstar (each as a prospective Purchaser).

## SUPPLEMENTAL OBJECTIONS

### Objections Based Upon Specific Contract Provisions

5. Without altering the generality and scope of its Limited Objection, and based upon the authorities and principles referenced in the Limited Objection, USAA hereby asserts and states that each and all of the following specific Contractual Provisions may and should be and remain applicable to and binding upon Ocwen (or Nationstar) as assignee of the USAA Servicing Agreement and Purchaser:

> (a) All services and processing, other than government claims processing, for the Member Mortgages shall be performed by the Purchaser within the continental United States of America;

---

[7] *Notice of Successful Bidders at the Auctions and Sales of (A) the Platform Assets to Ocwen Loan Servicing, LLC and (B) the Whole Loan Assets to Berkshire Hathaway Inc.* filed by the Debtors on October 25, 2012 [Docket No. 1960]; *Amended Notice of Successful Bidders at the Auctions and Sales of (A) the Platform Assets to Ocwen Loan Servicing, LLC and (B) the Whole Loan Assets to Berkshire Hathaway Inc. and Notice of Filing (A) Ocwen APA and (B) Amended and Restated BH Legacy APA* filed by the Debtors on November 3, 2012 [Docket No. 2050].

3

(b)     All Member Mortgagor data and records shall be held, maintained and stored in facilities and systems located or sited within the continental United States of America;

(c)     The Purchaser shall not solicit, market or cross-sell any product or service to any Member Mortgagor;

(d)     The Purchaser will service each Member Mortgage Loan only with counselors specifically trained regarding USAA's mortgage loan program;

(e)     The Purchaser will maintain toll-free lines to answer questions from Member Mortgagers concerning the servicing of the mortgage loans and the counselors will answer telephone calls "Customer Care" and the Voice Response Utility will answer "[Servicer Name]—Proudly Serving USAA Members;"

(f)     The Purchaser shall be open to transact business and receive calls for servicing of the Member Mortgage Loans (i) on business days from 7:30 a.m. to 7:00 p.m.(Central Time) Monday through Friday and (ii) 7:30 a.m. to 6:00 p.m. (Central Time) on Saturday;

(g)     The Purchaser shall use commercially reasonable efforts, under the circumstances of each particular situation, to respond to all inquiries and complaints of any Member Mortgagor with respect to the loans, including inquiries and complaints made by USAA on behalf of a Member Mortgagor;

(h)     The Purchaser shall maintain personnel who will be responsible for responding to those inquiries and complaints;

(i)     The Purchaser shall comply with a mutually acceptable expedited property loss payment process for all Member Mortgagors who are insured by an affiliate of USAA;

(j)     USAA shall have the right, from time to time, upon reasonable request, to monitor the Purchaser's telephone calls and conversations with Member Mortgagors for quality assurance purposes;

(k)     The Purchaser shall provide USAA monthly, weekly and daily reports on the Member Mortgage Loans in digital form in the format and in the manner reasonably requested by USAA, and each report shall contain the fields from among those maintained by the Purchaser as reasonably requested by USAA;

(l)     The Purchaser shall provide USAA the information for posting on the USAA website which will allow a Member Mortgagor to determine at a minimum the monthly payment amount, the next due date and the escrow for the Member Mortgage Loan (and Purchaser shall provide the information to USAA weekly in digital form in the format and in the matter reasonably requested by USAA);

(m)     The Purchaser shall provide for linkage of USAA's website with Purchaser's website in order to permit Member Mortgagors to access

4

information on Purchaser's website concerning the Member Mortgagor's Mortgage Loan;

(n)     The Purchaser shall not further assign the Member MSRs without USAA's consent;

(o)     USAA shall have the right to purchase the Member MSRs from the Purchaser at fair market value;

(p)     Purchaser shall indemnify, defend and hold USAA harmless against and in respect of, and shall reimburse USAA for, any and all losses associated with enforcing any rights under the Master Agreement, suffered or incurred by USAA arising out of, resulting from or relating to:

>   (i)     Any material misrepresentation made by GMACM in the Master Agreement, or in any schedule, exhibit, written statement or certificate furnished by GMACM pursuant to the Master Agreement,
>
>   (ii)    Any breach by GMACM or Purchaser of a representation, warranty or covenant of GMACM contained in the Master Agreement, or in any agreement entered into by the parties in connection with the Master Agreement, or in any schedule, exhibit, written statement or certificate furnished by GMACM pursuant to the Master Agreement,
>
>   (iii)   Errors and omissions in servicing any of the Mortgage Loans on the part of GMACM or Purchaser, including without limitation any litigation arising out of, resulting from or relating to such an error or omission,
>
>   (iv)    Any fraud in the servicing of the Mortgage Loan, whether or not as a result of any act or omission on the part of GMACM or Purchaser or a mortgagor,
>
>   (v)     Any PMI lapses due to any act or omission by GMACM or Purchaser;

(q)     Purchaser shall assume all of GMACM's duties and obligations under, and pay, perform and discharge, as and when due, all of the obligations of GMACM under the Agreement dated April 26, 2007, by and among GMAC Mortgage, LLC (formerly known as GMAC Mortgage Corporation), USAA Federal Savings Bank and Fannie Mae and the Agreement dated August 21, 2007, by and among GMAC Mortgage, LLC (formerly known as GMAC Mortgage Corporation), USAA Federal Savings Bank and Fannie Mae, as amended by (i) Applicability Agreement dated May 16, 2008, by and among USAA, Fannie Mae and GMAC Mortgage, LLC, (ii) First Amendment to Agreement dated September 30, 2011, by and among GMAC Mortgage, LLC (formerly known as GMAC Mortgage Corporation), Ally Bank (formerly known as GMAC Bank), USAA Federal Savings Bank and Fannie Mae, and (iii) Second Amendment to Agreement dated August 1, 2012, by and among Ally Bank (formerly known as GMAC

Bank), USAA Federal Savings Bank and Fannie Mae and acknowledged by GMAC Mortgage, LLC; and

(r)    Purchaser shall assume all of GMACM's duties and obligations under, and pay, perform and discharge, as and when due, all of the obligations of GMACM under the Agreement dated September 14, 2009, by and among GMAC Mortgage, LLC, Ally Bank (formerly known as GMAC Bank), USAA Federal Savings Bank and Freddie Mac, as amended by Agreement, dated August 10, 2011, by and among GMAC Mortgage, LLC, USAA Federal Savings Bank and Freddie Mac.

6.    Obviously, a relatively brief period of time has passed since notice was issued of Ocwen's selection by the Debtors as the Successful Platform Bidder. USAA intends and expects to continue to have further discussions with Ocwen's representatives and obtain additional information about Ocwen's business plan for the Servicing Platform. Further, USAA will endeavor to produce in cooperation with Ocwen a definitive and separate writing (as USAA had essentially done with Nationstar when it was the stalking horse bidder) that would set forth all of the terms, conditions and other provisions of the USAA Servicing Agreement (which are presently embedded in USAA's Master Agreement, as it has been amended and supplemented at various times).

7.    However, USAA has been informed and believes that Ocwen's typical practices and procedures for servicing of mortgages may not conform to or include all of the above-referenced Contract Provisions. These provisions are material and important for USAA's Members and USAA's business, and have been and are integral to the USAA Servicing Agreement. There is no basis under Section 365 of the Bankruptcy Code or other applicable law to limit or denigrate the continued efficacy of the Contract Provisions with respect to an assignee/Purchaser's utilization or exercise of the USAA-Related MSRs after Closing.

8.    Accordingly, USAA hereby specifically supplements its Limited Objection and objects if or to the extent that prior to or at the Sale Hearing, and in the Sale Order or otherwise,

there will be no express confirmation that each and all of the Contract Provisions shall be and remain binding upon Ocwen (or Nationstar) after any assumption and assignment of the USAA Servicing Agreement or transfer of the USAA-Related MSRs.

## Adequate Assurance of Future Performance

9. Consistent with and as was more particularly set forth in its Limited Objection, USAA shall continue to object to the assumption and assignment of the USAA Servicing Agreement to the extent that adequate assurance of the Purchaser's ability to perform under the USAA Servicing Agreement is not demonstrated at the Sale Hearing or otherwise provided.

## Objection to Debtors' Request for Waiver of 14-Day Stay Period Under Bankruptcy Rules 6004(h) and 6006(d)

10. USAA hereby objects to any shortening of the stay period provided by Bankruptcy Rules 6004(h) and 6006(d) (as has been requested in the Sale Motion) to the extent that such would alter or impair USAA's right to appeal any adverse rulings in relation to its Limited Objection or this Supplement, or ability to seek and obtain a further stay of any particular provisions of an order which relate to the USAA Servicing Agreement, the USAA-Related MSRs or other interests of USAA.

## RESERVATION OF RIGHTS

11. USAA respectfully reserves the right to (a) amend, supplement or otherwise modify its Limited Objection and this Supplement, and (b) assert or raise such other and further objections or responses to a possible assumption by the Debtors and assignment to the Purchaser of the USAA Servicing Agreement or a possible sale and transfer of the USAA-Related MSRs based upon additional information received by USAA from the Debtors, Ocwen, Nationstar or

7

other sources, and with respect to any supplemental or revised notices or pleadings filed by the Debtors or any other party.

12. Prior to the assumption, rejection or other disposition of the USAA Servicing Agreement and final resolution of the Sale Motion, USAA reserves all rights and remedies that may otherwise be available to it under the Bankruptcy Code and other applicable law.

## CONCLUSION

**WHEREFORE**, USAA respectfully requests that the Court (I) find and determine that USAA is entitled to relief on the basis of its Limited Objection and this Supplement, (II) ensure that any assumption and assignment of the USAA Servicing Agreement or sale and transfer of the USAA-Related MSRs be in conformance with *cum onere* principles, (III) require that each and all of the Contract Provisions within USAA's Master Agreement shall be and remain binding upon and enforceable as against the Purchaser, (IV) provide for the payment or satisfaction by the Debtors and/or the assumption by the Purchaser of any and all claims of USAA, including those that are unascertainable, unknown or unliquidated as of the Closing and regardless of whether based upon or associated with a default under the USAA Servicing Agreement; and (V) grant to USAA such other and further relief as may be just and proper.

Dated: November 7, 2012

/s/ *David M. Powlen*
David M. Powlen (DP – 0678)
BARNES & THORNBURG LLP
1000 North West Street, Suite 1200
Wilmington, Delaware 19801
Telephone: 302-888-4536
Facsimile: 302-888-0246
Email: *david.powlen@btlaw.com*

*Attorneys for USAA Federal Savings Bank*