UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

In re:

    RESIDENTIAL CAPITAL, LLC, *et al.*,

                              Debtors.

Case No. 12-12020 (MG)
Chapter 11

Jointly Administered

## MEMORANDUM OPINION AND ORDER DENYING THE TAGGART MOTIONS

*A P P E A R A N C E S:*

KENNETH J. TAGGART
*Pro Se*
45 Heron Road
Post Office Box 730
Holland, Pennsylvania 18966
By:    Kenneth J. Taggart

MORRISON & FOERSTER LLP
*Counsel for the Debtors*
1290 Avenue of the Americas
New York, New York 10104
By:    Gary S. Lee, Esq.
        Norman S. Rosenbaum, Esq.
        James A. Newton, Esq.

**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

        Pending before the Court are four motions made by Kenneth Taggart ("Taggart")

(together, the "Taggart Motions"):

- *Motion to Void Pleadings & Sanctions Due to Violation of Bankruptcy Code* (the "Sanctions Motion," ECF Doc. # 1114);

- *"Motion for Stay to Order Regarding Limited Relief from Stay" Until Order on "Motion to Void Pleadings & Sanctions Due to Violation of Bankruptcy Code" is Issued by the Court* (the "Reconsideration Motion," ECF Doc. # 1397);

- *Amended "Motion for Stay Order regarding Limited Relief from Stay" until Order on Motion to Void Pleadings & Sanctions due to violation of Bankruptcy*

1

> *Code is Issued by the court* (the "Amended Sanctions Motion," ECF Doc. # 1585); and

- *Motion to Remove Mortgage Loan alleged by Kenneth Taggart from Assets of GMAC Mortgage, LLC & Motion to Prove Ownership of Mortgage Assets (Mortgages & Notes) Kenneth Taggart Dispute Asset(s) of GMAC Mortgage, LLC* (the "Foreclosure Defense Motion," ECF Doc. # 1586).

Debtors filed an omnibus response to the Taggart Motions on October 3, 2012 (the "Debtors' Omnibus Response," ECF Doc. # 1707). Taggart filed a reply on October 9, 2012 (the "Taggart Rebuttal," ECF Doc. # 1777). This Court heard argument on the Taggart Motions at a hearing on October 10, 2012.

For the reasons explained below, the Taggart Motions are **DENIED**.

## I.  BACKGROUND

Taggart is no stranger to this Court. On June 6, 2012, about a month after Debtors filed their bankruptcy petitions, GMAC Mortgage filed a *Notice of Bankruptcy and Effect of Automatic Stay & Interim Order Granting Limited Relief to Borrowers in Foreclosure Proceedings* in GMAC Mortgage's state court foreclosure proceeding (the "Foreclosure Proceeding") related to an investment property owned by Taggart. The Foreclosure Proceeding is pending in the Court of Common Pleas of Montgomery County, Pennsylvania (the "State Court") under the caption *GMAC Mortgage, LLC v. Taggart*, Case No. 09-25338.

On June 8, 2012, Taggart, appearing in this Court *pro se*, filed his *Motion for Leave to File Motion Pursuant Stay & Relief (and Clarification from Bankruptcy Court)* (the "First Taggart Motion," ECF Doc. # 263). In the Foreclosure Proceeding, Taggart alleges thirty-two counterclaims against GMAC Mortgage. The First Taggart Motion sought clarification regarding which of Taggart's counterclaims could proceed in the Foreclosure Proceeding.

The Court held a hearing on the First Taggart Motion on July 10, 2012, and directed the parties to confer and attempt to reach a resolution regarding the First Taggart Motion. In the absence of a consensual resolution, the Court directed the Debtors to file a brief explaining which of Taggart's counterclaims in the Foreclosure Proceeding could proceed under the Supplemental Servicing Order.[1] The matter was adjourned to the August 14, 2012 omnibus hearing date.

While the First Taggart Motion was still pending, on July 23, 2012 Taggart filed his *Motion for Leave to File Motion Pursuant Stay & Relief Oral Argument & Hearing Request* (the "Second Taggart Motion," ECF Doc. # 882). The Second Taggart Motion sought relief from the automatic stay to pursue two of three pending civil actions filed by Taggart in the United States District Court for the Eastern District of Pennsylvania, including an action Taggart filed on July 18, 2012, in violation of the automatic stay.

On August 14, 2012, the Court held a hearing on the continued First Taggart Motion and the Second Taggart Motion. At the hearing, Taggart, with the consent of the Debtors, withdrew the Second Taggart Motion.[2] The Court took the First Taggart Motion under advisement. On September 7, 2012, the Court issued its *Memorandum Opinion Granting in Part and Denying in Part the Taggart Motion to Lift the Automatic Stay* (the "Taggart Opinion," ECF Doc. # 1148), and entered its *Order Granting in Part and Denying in Part the Taggart Motion to Lift the Automatic Stay* (the "Taggart Order," ECF Doc. # 1367.) Among other things, the Court held

---

[1] The Supplemental Servicing Order refers to the *Final Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108 and Bankruptcy Rule 9019 (i) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (ii) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (iii) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (iv) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses.* (ECF Doc. # 774.)

[2] On or around the date of the August 14 hearing, Taggart also filed various notices to withdraw the Second Taggart Motion. *See* ECF Doc. ## 1113 and 1163.

3

that the state court, and not the bankruptcy court, should decide the extent Taggart could proceed with his counterclaims in the Foreclosure Proceeding consistent with the Taggart Opinion and the Taggart Order.

On August 14, 2012, in addition to other papers relating to the First Taggart Motion and the Second Taggart Motion, Taggart filed his Sanctions Motion. On September 10, 2012, Taggart filed the Reconsideration Motion. On September 26, 2012, Taggart filed an Amended Sanctions Motion, along with the Foreclosure Defense Motion, and his *Memorandum of Law in Support of Motions* (ECF Doc. # 1587).

In the Taggart Motions, Taggart makes a variety of allegations and requests. Specifically, in his Amended Sanctions Motion, Taggart claims that the Debtors violated the automatic stay by failing to file notices of the pending bankruptcy in two appeals filed in the Foreclosure Proceeding, although each of the referenced appeals falls squarely within the scope of the stay relief provided in the Supplemental Servicing Order and, accordingly, were not stayed.[3] Based upon these alleged violations of the automatic stay, Taggart requests that this Court assess sanctions against the Debtors and void all pleadings in the two appeals. In addition, in his Foreclosure Defense Motion, Taggart requests that this Court make a determination that GMAC Mortgage lacks an interest in the mortgage or promissory note related to Taggart's investment property at 521 Cowpath Road, Telford, Pennsylvania 18969. Lastly, in his Reconsideration Motion, Taggart appears to be asking for reconsideration of this Court's

---

[3] The first appeal referenced in the Amended Sanctions Motion (the "MTD Appeal") relates to the appeal of the State Court's denial of Taggart's motion to dismiss GMAC Mortgage's affirmative foreclosure case for what Taggart alleged to be fraud on the Court. On July 11, 2012, the Pennsylvania Superior Court, *sua sponte,* issued an order to show cause why the MTD Appeal should not be dismissed for lack of jurisdiction because the denial of Taggart's motion to dismiss was not a final, appealable order. The second appeal (the "Receiver Appeal") involves the appeal of a State Court order confirming GMAC Mortgage's right, under the mortgage documents, to seek the appointment of a receiver.

4

decision with respect to the First Taggart Motion, or, at the least, a stay of the Taggart Order until the Court decides Taggart's Sanctions Motion.

## II.  DISCUSSION

### A.  The Foreclosure Defense Motion

The Taggart Order permits Taggart to raise any defenses to GMAC Mortgage's foreclosure in the Foreclosure Proceeding, as well as prosecute all of the counterclaims that he has alleged in the Foreclosure Proceeding for purposes of dispositive motion practice. *See* Taggart Order ¶ 2.

Instead of heeding this Court's order and returning to the State Court to pursue any available defenses, Taggart continues to file as many lawsuits, appeals, and motions as he can, regardless of the appropriate forum, in an apparent effort to delay and obstruct the Foreclosure Proceeding. The Foreclosure Defense Motion raises nothing more than state law foreclosure defense allegations that this Court has ordered must be raised before the State Court in the Foreclosure Proceeding.

### B.  The Sanctions Motion and the Amended Sanctions Motion

In the Sanctions Motion and the Amended Sanctions Motion, Taggart complains that GMAC Mortgage violated the automatic stay by not filing a notice of bankruptcy in the MTD Appeal or the Receiver Appeal.  Both the MTD Appeal and the Receiver Appeal clearly fall within the scope of the Supplemental Servicing Order and are not subject to the automatic stay. The MTD Appeal is an appeal of the State Court's order refusing to dismiss the Debtors' affirmative claim for foreclosure. *See* Supplemental Servicing Order ¶ 14(a). Accordingly, the MTD Appeal was not stayed as a result of the entry of the Supplemental Servicing Order and Taggart's forum shopping by filing an Amended Sanctions Motion in this Court is simply his

5

latest attempt to make this Court undo events adverse to Taggart in the MTD Appeal.

Taggart's allegations regarding the second appeal referenced in the Amended Sanctions Motion (the "Receiver Appeal") equally lack merit. The issues raised in the Receiver Appeal relate to allegations of default on a loan secured by the property being foreclosed and were not stayed under the terms of the Supplemental Servicing Order. *See* Supplemental Servicing Order ¶ 14(a). It appears to this Court that, concerned that the Receiver Appeal would be decided against him, which would permit the Foreclosure Proceeding to move forward to trial, Taggart filed the Amended Sanctions Motion in an effort to stop the appeal and the Foreclosure Proceeding. The irony is that in the First Taggart Motion, Taggart wanted that state court action to move forward so that he could prosecute his counterclaims.[4] Now that the state court rulings have been going against him, Taggart is trying to stop the state court proceedings from moving forward at all.[5] Taggart has been burdening and misusing the bankruptcy court in an effort to thwart the state court Foreclosure Proceeding. Taggart's continued misuse of the bankruptcy court proceedings will result in the imposition of sanctions against Taggart.

### C.  The Reconsideration Motion

The Reconsideration Motion appears to seek reconsideration of the Taggart Order. Pursuant to Bankruptcy Rule 9023, "[a] court may reconsider an earlier decision when a party can point to 'an intervening change of controlling law, the availability of new evidence, or the

---

[4] Although the Sanctions Motion does not raise any issues related to discovery in the Foreclosure Proceeding, Taggart previously argued that he was prejudiced by his inability to obtain discovery as a result of the automatic stay. Taggart makes a brief allusion to this effect in his reply to the Debtors' Omnibus Response. *See* Taggart Rebuttal ¶ 3. In order to address Taggart's concerns, GMAC Mortgage advised Taggart that it would provide supplemental discovery responses; and has indicated on at least two occasions that it would not oppose a brief extension of the discovery period in the Foreclosure Proceeding.

[5] Taggart has continued to file motions in the Foreclosure Proceeding and to take appeals from the resulting orders. After obtaining a negative outcome, Taggart has come back to this Court requesting that the associated pleadings and orders be voided. Since the Petition Date, Taggart has filed motions to extend the discovery deadline, to compel discovery, and to stay the Foreclosure Proceeding; and, after the Taggart Order was issued by this Court, Taggart filed two additional motions to stay the Foreclosure Proceeding, and one motion requesting summary judgment.

need to correct a clear error or prevent manifest injustice.'" *In re Miller*, 2008 Bankr. LEXIS 3631, at *3, Case No. 07-13481 (MG) (Bankr. S.D.N.Y. Feb. 28, 2008) (citing *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004)). Motions for reconsideration are only granted if "the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration may not be used "to enable a party to complete presenting his case after the court has ruled against him." *Frietsch v. Refco, Inc.,* 56 F.3d 825, 828 (7th Cir. 1995).

Here, neither the Reconsideration Motion nor the Taggart Rebuttal provides a single reference to controlling law or points to any new evidence. Instead, Taggart contends that he will somehow be prejudiced by the very same relief he previously requested—the ability to move forward with all of his counterclaims in the Foreclosure Proceeding. There is no indication that the Court made "a clear error," or that any injustice would occur from permitting Taggart to prosecute all of his counterclaims. The Debtors have made every effort to ensure that such prejudice would not occur, including by agreeing to permit Taggart to go forward with all of his counterclaims through dispositive motions and requesting an extension of the discovery deadline in the Foreclosure Proceeding. Taggart's tactics to thwart the Foreclosure Proceeding and forestall the foreclosure of his investment property, in addition to his continued filing of frivolous motions, is impermissible.

### III. CONCLUSION

Taggart suggests that the Debtors are attempting to use the automatic stay as a sword and a shield; in fact, Taggart's actions leave no doubt that he is the one trying to use the automatic stay as both a shield and a sword. Taggart has continued to file motions in the Foreclosure Proceeding and take appeals from the resulting adverse rulings; upon obtaining a negative outcome, Taggart has come back to this Court requesting that the associated pleadings and orders be voided. This Court has shown great patience in carefully considering the numerous *pro se* filings by Taggart. Taggart's repeat filings in this Court are frivolous.

The Taggart Motions are **DENIED**. Any additional frivolous motions made by Taggart could result in the imposition of sanctions.

**IT IS SO ORDERED.**

Dated:    November 7, 2012
         New York, New York

*Martin Glenn*
MARTIN GLENN
United States Bankruptcy Judge