## Exhibit A to Freddie Mac Sale Objection

In connection with the *Objection of Federal Home Loan Mortgage Corporation to the Debtor's Proposed Sale of Servicing Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests* (the "Objection"), Freddie Mac submits the following list of additional provisions of the Asset Purchase Agreement between Ocwen Loan Servicing, LLC ("Ocwen") and the Debtors dated as of November 2, 2012 (the "Ocwen APA") which impermissibly alter agreements among Freddie Mac and the Debtors in violation of the Bankruptcy Code.[1]  Because the Ocwen APA was filed four days prior to the extended deadline for filing Freddie Mac's Objection, Freddie Mac reserves its rights to withdraw, supplement or modify any of the following objections.  Further, the Debtors did not file the schedules or the exhibits to the Ocwen APA.

### Consent
- With respect to the items listed in Schedule 4.3,[2] neither Freddie Mac nor its Conservator has consented to the assumption or assignment of any executory agreements between Debtors and Freddie Mac, and neither Freddie Mac nor its Conservator has waived any portion of the amounts owing from the Debtors to Freddie Mac under the terms of any such agreements, which amounts continue to accrue.  Freddie Mac's consent is subject to, among other things, the resolution of certain issues, including without limitation, representations and warranties, any master servicing to be transferred to Ocwen, whether any amendments to the servicing agreements are anticipated, servicing advances, and any proposed non-assumption of standard obligations assumed on a transfer of servicing.
- Section 4.11(a) fails to define the words "Government Authority" and appears to inaccurately represent that Debtors have not received any notice of any non-compliance with Freddie Mac's guides.

### Purchased and Excluded Assets and Liabilities
- The definition of "Retained Liabilities" impermissibly absolves Ocwen of any origination obligations.
- The definition of "Retained Liabilities" impermissibly absolves Ocwen from performing any obligations that could be traced to any pre-Closing action or omissions under contracts assumed and assigned by the Debtors.
- The Ocwen APA fails to ensure that Ocwen will continue to service the loans according to the Debtors' terms, variances and special obligations.
- The definition of "Assumed Liabilities" fails to properly assume obligations to pay compensatory fees for the pre-Closing period that may become due post-Closing, except for "any applicable compensatory fees related to a failure to adhere to the foreclosure timelines relating to any Fannie Mae or Freddie Mac

---

[1]  Capitalized terms used but not defined herein shall have the meanings ascribed to those terms in the Ocwen APA.  Section and Schedules references herein refer to sections and schedules of the Ocwen APA.

[2]  Because the Debtors have not filed copies of the schedules to the Ocwen APA, this reference is to Schedule 4.3 to the Nationstar APA.  To the extent the Ocwen APA modifies this schedule, Freddie Mac reserves the right to assert additional objections.

Agency Loan that is a Non-Lagging Defaulted Loan." The definition of "Non-Lagging Defaulted Loan" refers to a Schedule 1.1, which has not been provided to Freddie Mac. The practical application of the Non-Lagging Defaulted Loan is also unclear.

- Section 2.1 does not provide for the assignment to Ocwen of all the licenses and permits required to service all of the loans.

### Servicing Advances
- The definition of "Mortgage Servicing" and Section 4.9 fail to provide a procedure for the reimbursement of servicing advances.
- Pursuant to Section 4.9(c), the Debtors represent that each servicing advance is valid and a subsisting amount owed to it, but fail to provide for Freddie Mac's right to object to any reimbursement request.

### Mortgage Loan Documents and the Servicing Transfer Agreement
- The definition of "Mortgage Servicing" and Section 4.9 fail to provide assurances of adequate protocols that would allow Ocwen to obtain all the documents needed to properly service the loans. These provisions also fail to require that Ocwen obtain and retain the origination file, as required by Freddie Mac. Finally, these provisions do not identify which party will be responsible for incomplete servicing documents and records.
- Though Section 4.9 references a Servicing Transfer Agreement, the Ocwen APA does not attach a copy of the Servicing Transfer Agreement nor provide assurances of smooth transfer of the Servicing Agreements.

### Subservicing of Loans Serviced by Ally Bank
- The Ocwen APA deletes section 6.31 of the Nationstar APA, which provided for the transfer of the Debtors' servicing obligations relating to the loans that the Debtors currently subservice, including presumably approximately 160,000 Freddie Mac loans (the "Subserviced Loans") for which Ally Bank is the servicer and the Debtors are the subservicer. The status of the subservicing relating to the Subserviced Loans therefore remains uncertain. The Subserviced Loans comprise approximately half of the Freddie Mac loan portfolio currently serviced (or subserviced) by the Debtors. The absence of clarity regarding the status of the Subserviced Loans, coupled with the dismantling of the Debtors' servicing platform, creates substantial risk to Freddie Mac that must be resolved in a manner satisfactory to Freddie Mac.

### Commitment Letter/Financing
- Section 5.4 fails to provide adequate information regarding the financing of the Purchase.

### Handling and Contesting Mortgage Insurance Claims
- The Ocwen APA fails to adequately provide for the handling and contesting of servicing errors or omissions that result in denial of mortgage insurance claims.

**<u>Handling and Correcting Loans with Title Defects</u>**
- The Ocwen APA fails to adequately provide for the handling and correcting of loans with title defects.

McKool 838169v4