MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Jordan A. Wishnew

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

|  |  |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**NOTICE OF FILING OF ADDITIONAL EXHIBIT TO DEBTORS' MOTION FOR A SUPPLEMENTAL ORDER UNDER BANKRUPTCY CODE SECTIONS 105(a), 363, 503(b)(1), 507(a)(2), 1107(a) AND 1108 AND BANKRUPTCY RULE 9019 TO THE FINAL WAGES ORDER (I) AUTHORIZING AND DIRECTING THE DEBTORS TO REIMBURSE ALLY FINANCIAL INC. FOR PAYMENTS MADE TO THE DEBTORS' EMPLOYEES ON ACCOUNT OF COMPENSATION ISSUED ON OR AFTER THE PETITION DATE; (II) GRANTING ALLY FINANCIAL INC. AN ADMINISTRATIVE EXPENSE CLAIM ON ACCOUNT OF SUCH PAYMENTS; (III) GRANTING ALLY FINANCIAL INC. A LIMITED RELEASE; AND (IV) AUTHORIZING THE DEBTORS TO ESTABLISH AND FUND AN ESCROW ACCOUNT FOR THE BENEFIT OF ALLY FINANCIAL INC. ON ACCOUNT OF SUCH ADMINISTRATIVE EXPENSE CLAIMS, INCLUDING ADDITIONAL AMOUNTS TO THE ESCROW ACCOUNT AS NECESSARY**

**PLEASE TAKE NOTICE THAT** on November 2, 2012, the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors")[1] filed the *Debtors' Motion*

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC in Support of the Chapter 11 Petitions and First Day Pleadings [Docket No. 6].

ny-1064976

*for a Supplemental Order Under Bankruptcy Code Sections 105(a), 363, 503(b)(1), 507(a)(2), 1107(a) and 1108 and Bankruptcy Rule 9019 to the Final Wages Order (I) Authorizing and Directing the Debtors to Reimburse Ally Financial Inc. for Payments Made to the Debtors' Employees on Account of Compensation Issued on or After the Petition Date; (II) Granting Ally Financial Inc. an Administrative Expense Claim on Account of Such Payments; (III) Granting Ally Financial Inc. a Limited Release; and (IV) Authorizing the Debtors to Establish and Fund an Escrow Account for the Benefit of Ally Financial Inc. on Account of Such Administrative Expense Claims, including Additional Amounts to the Escrow Account as Necessary* (the "**Motion**") [Docket No. 2049].

**PLEASE TAKE FURTHER NOTICE THAT** in further support of the Motion, the Debtors hereby submit the attached form of release as Exhibit 2 to the Term Sheet, which is an exhibit to the Janiczek Declaration that accompanies the Motion.

Dated: November 9, 2012
       New York, New York

       */s/ Gary S. Lee*
       Gary S. Lee
       Lorenzo Marinuzzi
       Jordan A. Wishnew
       MORRISON & FOERSTER LLP
       1290 Avenue of the Americas
       New York, New York 10104
       Telephone: (212) 468-8000
       Facsimile: (212) 468-7900

       *Counsel for the Debtors and*
       *Debtors in Possession*

**EXHIBIT**

# RELEASE

In consideration of the discretionary implementation of the compensation changes authorized by Office of the Special Master's Supplemental Determination Letter dated [June 8, 2012 OR July 6, 2012], the details of which are described in Exhibit A, I, _____, on my own behalf and on behalf of any heirs, agents, representatives, successors, or assigns, hereby release and forever discharge Ally Financial Inc., its shareholders, subsidiaries, affiliates and business units, predecessors and successors, joint ventures, employee benefit plans, and the managers, officers, directors, agents, employees, and assigns of each (collectively "Ally") from all claims, demands, and causes of action, known or unknown, which I may have based on my employment with Ally.

This release specifically includes, without limitation, a release of any rights or claims I may have under the Employee Retirement Income Security Act (ERISA); the Age Discrimination in Employment Act (ADEA), which prohibits age discrimination in employment; Title VII of the Civil Rights Act, which prohibits discrimination in employment based on race, color, national origin, religion, or sex; the Equal Pay Act; the Americans with Disabilities Act; the Family Medical Leave Act; the Worker Adjustment and Retraining Notification Act (WARN); state fair employment practices or civil rights laws, and any other federal, state, or local laws, or regulations, or any common law actions relating to employment, compensation, or employment discrimination, including but not limited to those which preclude any discrimination based on age.  This includes, without limitation, any claims for breach of employment contract, either expressed or implied,

defamation, slander, libel, tort and, wrongful discharge.  This release does not foreclose my ability to file an administrative charge with the Equal Employment Opportunity Commission (EEOC). If any claim is not subject to release, to the extent permitted by law, I waive any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Ally is a party.  I promise not to consent to become a member of any class or collective in a case in which claims are asserted against Ally that are related in any way to my employment or the termination of my employment with Ally.  If I am made a member of a class in any such proceeding, I will immediately opt out of the class.

I understand that this release does not waive any claims that arise after the date I sign it.  Additionally, for the purpose of clarity, this release does not waive any right I may have under Article VIII of the Ally Financial Inc. Articles of Incorporation, dated as of March 25, 2011.

If Ally successfully asserts this release as a defense against a future lawsuit or claim brought by me, I agree to pay for all costs incurred by Ally, including reasonable attorney's fees, in defending against my claim.

I acknowledge that I have been provided a period of at least twenty-one (21) calendar days to review and consider this release before signing it.  My acceptance or rejection of this release must be made by _____, 2012 and returned to Richard L. Strahota, Senior Vice President – Total Rewards, Ally Financial Inc., 1177 Avenue of the Americas, New York, NY  10036**.**  I further understand that I may use as much of this consideration period as I

wish prior to signing.  If I execute this release, I shall have a period of seven (7) calendar days to revoke, in writing, my acceptance and this release shall not be effective until the expiration of this 7-calendar day period.  For this revocation to be effective, Richard L. Strahota , must receive written notice no later than the 7th calendar day after I sign this release.  If I do not sign or if I revoke this release, it shall not be effective or enforceable, and the consideration described above will not be payable.

I have been advised to consult with an attorney before signing this release, but understand whether or not I do so is my own decision.

**NOTICE TO CALIFORNIA RESIDENTS:**

BY AGREEING TO RELEASE BOTH CLAIMS THAT I CURRENTLY KNOW ABOUT AND THOSE THAT I MAY NOT KNOW ABOUT, I SPECIFICALLY WAIVE ANY AND ALL RIGHTS UNDER CALIFORNIA CIVIL CODE SECTION 1542, OR ANY STATUTE, RULE, OR PRINCIPLES OF COMMON LAW OR EQUITY THAT IS SIMILAR TO SECTION 1542. SECTION 1542 PROVIDES IN PERTINENT PART:  "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR [EMPLOYEE] DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE…"  I AM AWARE OF THIS PROVISION AND RECOGNIZE AND UNDERSTAND THAT MY AGREEMENT TO THE SPA EXEMPTS ME FROM INVOKING THE BENEFIT OF SECTION 1542 OR ANY SIMILAR PROVISION IN ORDER TO PROSECUTE OR ASSERT IN ANY MANNER CLAIMS RELEASED IN THIS SPA.

**NOTICE TO MINNESOTA RESIDENTS:**

TO THE EXTENT THAT THE RELEASE IN THIS SPA APPLIES TO CLAIMS ARISING OUT OF THE MINNESOTA HUMAN RIGHTS ACT, MINN. STAT. § 363.031, I MAY RESCIND THIS SPA WITHIN 15 CALENDAR DAYS OF EXECUTION.  THIS 15-DAY PERIOD RUNS CONCURRENTLY WITH THE 7-DAY PERIOD PROVIDED IN THE SPA. TO BE EFFECTIVE, I UNDERSTAND THAT MY RESCISSION MUST BE IN WRITING AND DELIVERED TO THE RESCAP REPRESENTATIVE IDENTIFIED BELOW BY EITHER HAND OR MAIL.  IF DELIVERED BY MAIL, THE RESCISSION MUST BE POSTMARKED WITHIN THE 15-DAY PERIOD; PROPERLY ADDRESSED TO THE REPRESENTATIVE IDENTIFIED BELOW; AND SENT BY CERTIFIED MAIL RETURN RECEIPT REQUESTED.  THE RESCAP AUTHORIZED REPRESENTATIVE FOR THIS

PURPOSE IS [INSERT NAME, JOB TITLE], RESIDENTIAL Capital, LLC, [INSERT ADRESS].

**NOTICE TO WEST VIRGINIA RESIDENTS:**

I HAVE BEEN PROVIDED WITH THE PHONE NUMBER TO THE WEST VIRGINIA STATE BAR ASSOCIATION (1-866-989-8227), IN THE EVENT THAT I WANT TO CONSULT WITH AN ATTORNEY.

Print: _____    _____
       Employee Name                       PeopleSoft ID

Signed: _____    _____
        Employee                           Date

State Of:_____

County Of: _____

On this _____ day of _____, before me personally came_____
to me known to be the person described in and who executed the foregoing Release and that he duly acknowledged to me that he executed the same.

_____
Notary Public

ACCEPTED:

_____
Richard L. Strahota
Senior Vice President – Total Rewards
Ally Financial Inc.