UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:                                                    )     Case Nos. 12-12020 (MG)
                                                          )
RESIDENTIAL CAPITAL, LLC, et al.     )     Chapter 11
                                                          )
                                                          )
                                                          )     (Jointly Administered)
                    Debtors.                        )
-------------------------------------------------------x

## STIPULATION AND ORDER PERMITTING
## PENSION BENEFIT GUARANTY CORPORATION TO
## FILE CONSOLIDATED CLAIMS UNDER ONE CASE NUMBER

Residential Capital, LLC and fifty (50) of its debtor subsidiaries (collectively, the "Debtors") and the Pension Benefit Guaranty Corporation ("PBGC") have agreed that PBGC will be permitted to file four (4) consolidated proofs of claim on behalf of PBGC, the Employees Retirement Plan for GMAC Mortgage Group, LLC[1] (a defined benefit pension plan) and any other defined benefit pension plans sponsored by one or more of the Debtors (together with the Employees Retirement Plan for GMAC Mortgage Group, LLC, the "Pension Plans"), which would be deemed to have been filed in each of the Debtors' cases, for the reasons and on the terms and conditions set forth below:

RECITALS:

A.  The Debtors filed voluntary petitions under Chapter 11 of Title 11, United States Code (the "Bankruptcy Code") on May 14, 2012 (the "Petition Date") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). On the Petition Date, the Bankruptcy Court procedurally consolidated the Debtors' cases and ordered that they be jointly administered under Case No. 12-12020 (MG).

---

[1] GMAC Mortgage Group, LLC is not a Debtor in these chapter 11 cases.

1

B.   On August 29, 2012, the Bankruptcy Court entered its *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Docket No. 1309] (the "Bar Date Order"), establishing November 9, 2012 as the general claims bar date.  The Bar Date Order provides that if a claim is asserted against more than one of the Debtors, a separate proof of claim must be filed in each such Debtors' reorganization case, except in the case of an indenture trustee, which is required to file only one proof of claim;

C.   Pursuant to 11 U.S.C. § 1111, and Federal Rules of Bankruptcy Procedure 3002(a) and 3003(c)(2), a proof of claim must be filed for all unscheduled claims, as well as claims scheduled as unsecured or unliquidated.

D.   PBGC is a wholly-owned United States government corporation that administers the defined benefit pension plan termination insurance program under Title IV of the Employee Retirement Income Security Act of 1974 ("ERISA"), <u>as amended</u>, 29 U.S.C. §§ 1301-1461 (2006 & Supp. IV 2010).  PBGC asserts that the Debtors either sponsor the Pension Plans covered under Title IV of ERISA, or are members of the respective sponsor's controlled group.

E.   PBGC has concluded that it must file four (4) separate claims against each of the fifty-one (51) Debtors, representing the claims for which the PBGC believes the Debtors are jointly and severally liable to the Pension Plans and PBGC under 26 U.S.C. § 412; 29 U.S.C. §§ 1082(c)(11), 1307(e)(12), 1362(a), (b), (c).  Therefore, PBGC believes that literal compliance with the Bar Date Order would require PBGC to file 204 separate proofs of claim.  These multiple claims would impose a significant administrative burden on PBGC.

AGREEMENT:

1.   Notwithstanding any provision in the Bar Date Order, Bankruptcy Code, Federal Rules of Bankruptcy Procedure and/or local bankruptcy rules that would otherwise

require PBGC to file separate proofs of claim against more than one of the Debtors on account of each claim against such Debtors, it is expressly agreed herein that the filing of a proof of claim or proofs of claim by PBGC on its own behalf or on behalf of the Pension Plans in Chapter 11 Case No. 12-12020 (MG) shall be deemed to constitute the separate filing of such proof of claim or proofs of claim in Case No. 12-12020 (MG) and in each of the other Debtors' Chapter 11 cases jointly administered under *In re Residential Capital, LLC, et al.*, Case No. 12-12020 (MG), *provided however* that PBGC shall specify for each such proof of claim (in the proof of claim or an attachment thereto) the name of each Debtor against which PBGC asserts such claim. Consequently, each claim that PBGC files under Case No. 12-12020 (MG) shall represent a separate claim asserted against each of the fifty-one Debtors.

        2.      This Stipulation is intended solely for the purpose of administrative convenience and, except to the extent expressly set forth herein, shall not affect the substantive rights of the Debtors, PBGC or any other party in interest. Moreover, this Stipulation is without prejudice to, and expressly reserves, the rights of all parties-in-interest to contest or defend the allowance of any such claims.

        3.      Any amendments that PBGC may make with respect to one or more of its timely filed proofs of claim shall constitute the filing of an amended proof of claim in each of the Debtors' cases.

Dated: November 5, 2012
New York, New York

   /s/ Todd M. Goren
Todd M. Goren
Gary S. Lee
Norman S. Rosenbaum
Erica J. Richards
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

Counsel to the Debtors and
 Debtors-in-Possession

 /s Vincente Matias Murrell
ISRAEL GOLDOWITZ
Chief Counsel
CHARLES L. FINKE
Deputy Chief Counsel
ANDREA WONG
Assistant Chief Counsel
VICENTE MATIAS MURRELL
(MD Bar No. 9806240098)
Attorney
PENSION BENEFIT GUARANTY
 CORPORATION
Office of the Chief Counsel
1200 K Street, N.W.
Washington, D.C. 20005-4026
Tel: (202) 326-4020
Fax: (202) 326-4112

**IT IS SO ORDERED**

Dated: November 7, 2012
New York, New York

   **/s/Martin Glenn**
MARTIN GLENN
United States Bankruptcy Judge