UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |

**STIPULATION AND ORDER PERMITTING WILMINGTON TRUST,
NATIONAL ASSOCIATION, IN ITS CAPACITY AS INDENTURE TRUSTEE
FOR THE SENIOR UNSECURED NOTES TO FILE
<u>CONSOLIDATED PROOF OF CLAIM</u>**

This stipulation (the "**Stipulation**") is entered into on November 7, 2012 by and between Residential Capital, LLC ("**ResCap**") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), and Wilmington Trust, National Association ("**Wilmington Trust**"), solely in its capacity as successor indenture trustee for the senior unsecured notes (in such capacity, the "**Trustee,**" and together with the Debtors, the "**Parties**") issued under the Indenture (as hereinafter defined).

**WHEREAS**, on May 14, 2012 (the "**Petition Date**"), ResCap and fifty (50) of its affiliates each filed a voluntary petition for relief with the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**");

**WHEREAS**, on the Petition Date, the Bankruptcy Court procedurally consolidated the Debtors' cases and ordered that they be jointly administered under *In re Residential Capital, LLC*, Case No. 12-12020 (MG) (the "**Main Case**");

**WHEREAS**, on August 29, 2012, the Bankruptcy Court entered its *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* (Docket No. 1309; the "**Bar Date Order**"), establishing November 9, 2012 as the

1

general claims bar date.  The Bar Date Order provides that if a claim is asserted against more than one of the Debtors, a separate proof of claim must be filed in each such Debtors' reorganization case.  The Bar Date Order also provides that an indenture trustee is required to file only one proof of claim;

**WHEREAS**, Wilmington Trust acts as successor indenture trustee under that certain Indenture, dated as of June 24, 2005 (as amended, modified and supplemented, the "**Indenture**"), between Deutsche Bank Trust Company Americas, as Trustee, ResCap, as Issuer, and the Guarantors party thereto;

**NOW THEREFORE**, in consideration of the promises contained herein and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

1.  Notwithstanding any provision of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, any order of the Bankruptcy Court, including the Bar Date Order, or any approved proof of claim form that would otherwise require the Trustee to file separate proofs of claim against more than one of the Debtors, the Debtors and the Trustee agree that the filing of a consolidated proof of claim by the Trustee on behalf of the Trustee and the holders of the notes issued under the Indenture (the "**Noteholders**") in the Main Case (the "**Trustee Proof of Claim**") shall be deemed to constitute the filing of such proof of claim in each of the Debtors' cases, *provided however that* such Trustee Proof of Claim shall specify (in the Trustee Proof of Claim or an attachment thereto) the name of each Debtor against which such claim is being asserted and the basis upon which each Debtor is asserted to be liable for the claim.

2. By filing the Trustee Proof of Claim, the Trustee will be deemed to have submitted a proof of claim that complies with Section 501 of the Bankruptcy Code and Rules 3002 and 3003 of the Bankruptcy Rules for all the claims asserted in the Trustee Proof of Claim.

3. The Trustee will not be required to file with the Trustee Proof of Claim any documents in support of its proof of claim (except as provided in paragraph 2, above) as the documents are voluminous in nature. The documents will be available from the Trustee upon written request from a party in interest.

4. Any amendments that the Trustee may make with respect to the Trustee Proof of Claim filed by the Trustee in the Main Case shall constitute the filing of an amended proof of claim in each of the Debtors' cases.

5. This Stipulation is entered into by the Debtors and the Trustee for administrative convenience only and is without prejudice to, and expressly reserves, the rights of all parties-in-interest to contest the allowance of any such claims.

6. The Court shall retain jurisdiction over all matters or disputes under this Stipulation.

Agreed to this 7 of November, 2012:

| **LOEB & LOEB LLP** | **MORRISON & FOERSTER LLP** |
|---|---|
| By: /s/ Vadim J. Rubinstein | By: /s/ Todd M. Goren |
| Walter H. Curchack | Todd M. Goren |
| Vadim J. Rubinstein | Gary S. Lee |
| 345 Park Avenue | Lorenzo Marinuzzi |
| New York, NY 10154 | 1290 Avenue of the Americas |
| Telephone: (212) 407-4900 | New York, New York 10104 |
| Facsimile: (212) 656-1307 | Tel: (212) 468-8000 |
|  | Fax: (212) 468- 7900 |
| *Counsel to Wilmington Trust, National Association, as Indenture Trustee for the Senior Unsecured Notes* | *Counsel for Residential Capital, LLC, et al., Debtors and Debtors-in-Possession* |

**SO ORDERED**:

Dated: November 7, 2012
       New York, New York


         /s/Martin Glenn
         MARTIN GLENN
United States Bankruptcy Judge