1   Jennifer L. Wilson, Sui Juris
2   4365 School House Commons, 500-251
    Harrisburg, NC 28075
3   Ph.: 704-773-1712

FILED
U.S. BANKRUPTCY COURT
2012 NOV -9 P 12: 32
S.D. OF N.Y.

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jennifer L. Wilson | **CASE NO: 12-12020 (MG)** |
|        Plaintiff, | ADV. CASE: _____ |
| v. | |
| RESIDENTIAL CAPITAL, LLC; RESIDENTIAL FUNDING COMPANY, LLC; and Does 1 – 10 inclusively, | **ADVERSARY COMPLAINT** **JURY TRIAL DEMANDED** |
|        Defendants. | (1) **Breach of Contract** (2) **Unfair Deceptive Acts and Practices** |
| | [Filed concurrently; NOTICE AND DEMAND FOR JURY TRIAL] |

## COMPLAINT

01.        Plaintiff, Jennifer L. Wilson, files this Complaint against defendants, RESIDENTIAL CAPITAL, LLC ("RCL"); Residential Funding Company, LLC ("RFC"); and Does 1 – 10 inclusively, alleges, on information and belief as to all the facts other than as to Plaintiff, as follows:

//

1     **JURISDICTION AND VENUE**

2     02.     This is an adversary proceeding pursuant to Rule 7001 et seq. of the

3     Federal Rules of Bankruptcy Procedure.

4     03.     This Court has jurisdiction over this proceeding pursuant to 28 U.S.C.

5     § 1334.

6     04.     This adversary proceeding constitutes a NON-CORE proceeding

7     pursuant to 28 U.S.C. §§ 157(c), 157(d), and 157(e).

8     05.     This District is the proper venue for this proceeding pursuant to 28

9     U.S.C. § 1409.

10     **NATURE OF THE ACTION**

11     06.     This Complaint arises from actions and/or inactions, taken by the

12     defendants RCL and RFC a subsidiary of RCL and/or its agent(s) acting on behalf

13     of RCL and/or RFC, either individually and/or collectively, resulting in several

14     pervasive breaches of the conditions and terms of the "NOTE" and/or Deed of

15     Trust ("Deed"), and multiple violations of federal and state law governing

16     Federally Related Mortgages.

17     07.     RCL, through its subsidiaries, engaged in the business of originating,

18     and acquiring by purchase, residential mortgage loans and re-selling said loans into

19     a "TRUST" RCL subsidiaries, RFC, created. In 2007, RFC purchased a NOTE,

20     whom defendant Jennifer L. Wilson (hereinafter "Wilson") is the maker, and Deed

21     of Trust (hereinafter collectively "CONTRACTS") from SunTrust Bank and/or its

22     subsidiary SunTrust Mortgage, Inc., and then sold the CONTRACTS into the

23     "RALI Series 2007- QS5 Trust" collectively benefiting defendants RCL, RFC, its

24     agents SunTrust Bank (hereinafter "STB") and its subsidiary SunTrust Mortgage,

25     Inc. (hereinafter "STM").

26     08.     Agreements entered into between RFC, STB and/or STM to sell the

27     CONTRACTS to RFC, and subsequently, absent any disclosure to the contrary,

STM continued masquerading as the "Lender" and "Servicer" pursuant to said agreement with RFC, wantonly misleading Wilson to believe STM is/was both the owner and servicer of the alleged obligation.

09.    STB, an agent of RCL and RFC, executed and caused to be recorded a substitution of trustee to act on its behalf. This substitution of trustee can only be characterized as a pervasive deception upon Wilson that STB, as parent of STM, is/was the owner of the obligation, a wantonly false characterization both RCL and RFC knew to be false.

10.    Through, a contractually void, appointment of a substitute trustee STB, acting in the capacity of agent for RCL and RFC (hereinafter collectively "RCRF"), engaged Substitute Trustee Services, Inc. (hereinafter "STSI") and its parent The Law Firm of Hutchen, Senter, and Britton, P.A. (hereinafter "HSB") also known as (a/k/a) to act in the capacity of a substitute trustee and counsel for the same cloaked; 1) the true nature and capacities of STB and STM; and 2) filed specious documents, and affidavit(s) with the Clerk of the General Court of Justice North Carolina.

11.    These specious documents and affidavits filed in the General Court of Justice mislead the clerk of the General Court of Justice North Carolina Cabarrus County into believing the four elements required by the North Carolina Statutes were met prompting the clerk to issue an ORDER authorizing STSI to proceed with a non-judicial foreclosure sale.

12.    In furtherance of this deception RCRF, either directly or indirectly, caused STM, subsidiary of STB, to file a false "PROOF OF CLAIM" in the United States Bankruptcy Court North Carolina Western District.

13.    Wilson alleges RCRF and its agents engaged in both express and implied misrepresentations.

14.    Wilson alleges RCRF engaged in Unfair, Deceptive Acts and Practices.

15.    Wilson alleges RCRF and its agents engaged in violations of the Racketeer Influence and Corrupt Organizations Act.

16.    Wilson alleges RCRF and its agents breached specific provisions of the NOTE.

17.    Wilson alleges RCRF and its agents breached specific provisions of the Deed of Trust.

18.    Wilson's reliance upon the false, misleading, and deceptive representations made by RCRF agents on behalf of RCRF is the proximate cause for the damages Wilson has suffered.

**PARTIES**

19.    The Plaintiff, Jennifer L. Wilson, is unaware of all the true names and lawful capacities of the all the Defendant(s) sued and/or agents for the Defendant(s) sued herein as DOES 1 through 10, but is informed and believes and thereon alleges that additional defendants may be responsible in some manner for the acts alleged herein and/or discovered at some future date and/or purports to hold or claims to hold a legal or equitable right, title, estate, lien or other interest in the Property, which is subsequent to and subject to the Plaintiff's. Plaintiff therefore sues said defendants by such fictitious names and will seek leave of the Court to amend this Complaint to their true names, capacities and add any additional causes of actions that be ascertained.

20.    Residential Funding Company, LLC, is and at all times herein mentioned a limited liability company incorporated under the laws of the State of Delaware, with its principal place of business at 380 Jackson St., Suite 700, Saint Paul, MN 5510. As of December 4, 2008, Residential Funding Company, LLC, is a

1    wholly-owned subsidiary of Residential Capital LLC, a Delaware limited liability

2    Company, which itself is a wholly-owned subsidiary of GMAC LLC ("GMAC").

## BACKGROUND

### SECURITIZATION PROCESS SUMMARIZED

5        21.        Plaintiff repeats, re-alleges and incorporates each and every allegation

6    contained in paragraphs 1 through 20 as though fully set forth herein.

7        22.        Prior to April 7, 2007, Residential Funding Company, LLC

8    established the "RALI Series 2007- QS5 Trust" (hereinafter "TRUST") for the

9    purpose of securitizing mortgage loans.

10        23.        RFC established (created) a single asset entity named "Residential

11    Accredit Loans, Inc."

12        24.        Residential Accredit Loans, Inc. (hereinafter "RALI") purpose is to

13    act as a conduit for the TRUST, purchasing, receiving, and conveying (assigning)

14    into the TRUST mortgage loans RFC either purchased or originated.

15        25.        Residential Accredit Loans, Inc. is identified and bears the title

16    "Company" in the TRUST.

17        26.        Residential Funding Company, LLC is identified and bears the title

18    "Master Servicer" in the TRUST.

19        27.        Deutsche Bank Trust Company Americas ("DBTCA") is identified

20    and bears the title "Trustee" in the TRUST.

21        28.        RFC sells the mortgage loans; it either purchased from other

22    originators or was the principal originator, into the TRUST.

23        29.        RFC is required to endorse the Notes it sold to RALI and execute an

24    assignment of the interest in the Notes along with the relevant Deeds of Trust or

25    Mortgage documents (hereinafter "Security Instruments").

30.    RALI then conveys and transfers by assignment all ownership title and interest in the purchased mortgage loan document (Notes and Security Instruments) to DBTCA.

31.    DBTCA holds the mortgage loan documents for the benefit of the certificate holders of the TRUST.

32.    The TRUST is governed by the trust laws of the State of New York, the Securities and Exchange Commission Regulations, and Title 26 of the Internal Revenue Code for a "Real Estate Mortgage Investment Conduit" ("REMIC").

33.    Mortgage loans sold into a REMIC are held in trust for the benefit of the certificate holders, therefore they may not pass freely in and out of the trust.

34.    The "Custodian" (Bank One, National Association)[1] for the TRUST is responsible for maintaining and preserving all the original mortgage loan documents held for the benefit of the TRUST certificate holders.

35.    Specific contractual conditions are set forth in the TRUST; private trust laws for the State of New York; and Title 26 of the Internal Revenue Code for the transfer of the mortgage loan documents from the "Custodian" for the TRUST to the "Substitute Trustee" in the event a mortgage loan is to be foreclosed.

36.    The contractual conditions for transfer of the mortgage loan documents, for the purpose of foreclosing, are contained in the TRUST agreement known as the "POOLING AND SERVICING AGREEMENT".

## STATEMENT OF FACTS

37.    Plaintiff repeats, re-alleges and incorporates each and every allegation contained in paragraphs 1 through 36 as though fully set forth herein.

---

[1] JP Morgan Chase Bank, National Association acquired Bank One Corporation, the parent of Bank One, National Association, in 2004.

38.     On January 18, 2007 Wilson, as maker of the "NOTE" named SunTrust Mortgage, Inc. d/b/a Sun America Mortgage a Virginia Corporation "Lender". (See Exhibit A, attached).

39.     On January 18, 2007 Wilson executed a "Deed of Trust" pledging all of Lot 129 of HEATHER-STONE. Phase 2, Map 3, as shown on map thereof recorded in Map Book 44, Page 47, in the Office of the Register of Deeds of Cabarrus County, North Carolina. Together with improvements located thereon; said property being located at 7801 Pinecroft Court, Harrisburg, North Carolina, as security for the NOTE. (See Exhibit B, attached).

40.     On or about January 18, 2007 SunTrust Bank parent of SunTrust Mortgage, Inc. d/b/a Sun America Mortgage a Virginia Corporation sold the NOTE and Deed of Trust (hereinafter "Mortgage Documents") to defendant RESIDENTIAL FUNDING COMPANY, LLC, a subsidiary of RESIDENTIAL CAPITAL, LLC to RESIDENTIAL ACCREDITED LOANS, INC.

41.     On or about January 18, 2007 RESIDENTIAL ACCREDITED LOANS, INC. (hereinafter "RALI"), acting in the capacity of a single asset entity and conduit for the purchase and conveyance of Mortgage Loan Documents into the "RALI Series 2007- QS5 Trust" (hereinafter "TRUST"), did purchase and resale to the TRUST the Mortgage Documents.

42.     On or about July 27, 2009 SunTrust Mortgage, Inc. sent Wilson a Statutory Notice advising Wilson "Your mortgage is past due." (See Exhibit C, attached).

43.     On or about October 20, 2009 The Law Firm of Hutchens, Senter & Britton, P.A. sent Wilson a "Statement Concerning Mortgage Loan". This communication identified "SunTrust Bank (the "note holder"). (See Exhibit D, attached). HSB's communication identified themselves as a Debt Collector.

44.    On or about October 21, 2009 HSB sent Wilson a "NOTICE OF INTENTION TO COLLECT ATTORNEY FEES". This communication confirmed HSB represents SunTrust Mortgage, Inc. and HSB is a debt collector. (See Exhibit E, attached).

45.    On or about October 21, 2009 Rebecca W. Shaia claiming the capacity of Vice President for SunTrust Bank did execute and caused same to be recorded on November 18, 2009 in the Office of the Register of Deeds an "APPOINTMENT OF SUBSTITTUE TRUSTEE". (See Exhibit F, attached).

46.    On or about October 27, 2009 Annette Holman-Foreman acting in the capacity of Vice President for SunTrust Mortgage, Inc. did execute an "AFFIDAVIT PURSUANT TO NCGS 45-21.16(d) AND 45-21.16c(a)" declaring "SunTrust Mortgage, Inc. is servicer ... [and] The holder of the Note and indebtedness is: SunTrust Bank ..." (See Exhibit G, attached).

47.    On November 18, 2009 Jackie W. Ballos acting on behalf of STM did execute an "ASSIGNMENT OF NOTE AND DEED OF TRUST" with a relation back date to March 1, 2007 and said assignment is allegedly acknowledged on November 18, 2009 by Sheena M. Wyatt, Notary Public Commonwealth of Virginia. (See Exhibit H, attached).

48.    On or about November 30, 2009 David R. Ford claiming the capacity of Attorney at Law for The Law Firm of Hutchens, Senter & Britton, P.A. Attorneys for Substitute Trustee Services, Inc. did execute and caused to be served on Wilson a "NOTICE OF HEARING PRIOR TO FORECLOSURE OF DEED OF TRUST". (See Exhibit I, attached).

49.    On or about January 11, 2010 David R. Ford, Attorney at Law for HSB on behalf of STSI did serve "NOTICE OF FORECLOSURE SALE" set for February 1, 2010.

50.     On or about January 12, 2010 STSI filed in the General Court of Justice North Carolina County of Cabarrus a "MOTION AND ORDER TO CONTINUE" said motion reset the "foreclosure hearing" date to January 25, 2010 stating, "The reason for continuance is clerk request." (See Exhibit J, attached).

51.     On January 25, 2010 the assistant clerk of the court issued an "ORDER" authorizing a foreclosure sale finding; 1) SunTrust Bank is the holder of the note; 2) note is in default and the instrument securing the said debt gives the note holder the right to foreclose; 3) notice of the hearing has been served on the record owners; and 4) the debtors have shown no valid legal reason why foreclosure should not commence. (See Exhibit K, attached).

52.     On or about January 25, 2010 C.T. Salyer, Attorney at Law for HSB Attorneys for STSI did executed a "NOTICE OF FORECLOSURE SALE" said notice set the sale date for February 15, 2010.

53.     On February 15, 2010 David R. Ford, Attorney at Law for HSB on behalf of STSI did filed in the General Court of Justice North Carolina Cabarrus County a "POSTPONEMENT" recasting the date set for the foreclosure sale to April 19, 2010. (See Exhibit L, attached).

54.     On April 26, 2010 David R. Ford, Attorney at Law for HSB on behalf of STSI did filed in the General Court of Justice North Carolina Cabarrus County an "AMENDED NOTICE OF FORECLOSURE SALE" recasting the date set for the foreclosure sale to May 17, 2010. (See Exhibit M, attached).

55.     On May 4, 2010 Wilson filed for bankruptcy protection in the United States Bankruptcy Court Western District of North Carolina (Charlotte), Bankruptcy Petition Number 10-31255.

56.     On May 6, 2010 Danielle Darling in the "Foreclosure Department" of HSB noticed the Office of the Clerk of the Superior Court of Cabarrus County

North Carolina a Chapter 13 Bankruptcy was filed by Jennifer L. Wilson and that all foreclosure proceedings have been stayed.

57.    On May 10, 2010 Sandi Billings, Assistant Clerk of Cabarrus County Superior Court North Carolina issued and "ORDER" removing the action from the active calendar.

58.    On May 17, 2010 Joseph J. Vonnegut and Sarah D. Miranda of HSB did execute and file a "PROOF OF CLAIM" in the United States Bankruptcy Court Western District of North Carolina declaring SunTrust Mortgage, Inc. "Creditor". (See Exhibit N, attached).

59.    On July 6, 2010 the United States Bankruptcy Court Western District of North Carolina granted Wilson's motion for voluntary dismissal of the Petition.

60.    On August 30, 2010 STSI filed in the General Court of Justice North Carolina Cabarrus County a "MOTION TO REACTIVATE FORECLOSURE FILE". (See Exhibit O, attached).

61.    On September 22, 2010 Sandi Billings, Assistant Clerk of the Superior Court for North Carolina Cabarrus County issued an "EX PARTE ORDER TO REACTIVATE FORECLOSURE FILE."

62.    On October 11, 2010 C.T. Salyer, Attorney at Law for HSB Attorneys for STSI did file in the General Court of Justice North Carolina Cabarrus County an "AMENDED NOTICE OF FORECLOSURE" recasting the date set for the foreclosure sale to November 1, 2010. (See Exhibit P, attached).

63.    On November 15, 2010 STSI conducted a foreclosure sale accepting a credit bid from SunTrust Bank in the amount of two hundred forty-five thousand and no/100 dollars ($245,000.00). (See Exhibit Q, attached).

64.    On November 30, 2010 Natasha M. Barone, Attornay at Law for HSB Attorneys for STSI, did file in the General Court of Justice North Carolina Cabarrus County an "ASSIGNMENT OF BID" assigning the SunTrust Bank credit

1   bid to Deutsche Bank Trust Company Americas as Trustee Residential Funding
2   Company, LLC f/k/a Residential Funding Corporation Attorney in Fact. (See
3   Exhibit R, attached).

### FIRST CAUSE OF ACTION

4   **I.    BREACH OF CONTRACT AS TO NOTICE OF**
5   **ACCELERATION.**

7   65.    Plaintiff repeats, re-alleges and incorporates each and every allegation
8   contained in paragraphs 1 through 64 as though fully set forth herein.

9   66.    The contract, "Deed of Trust", is specific pursuant to numbered
10  paragraph twenty-two in relevant part states,

11          *"22[.]" "Acceleration; Remedies. Lender shall give notice to*
12          *Borrower prior to acceleration following Borrower's breach of*
13          *any covenant or agreement in this Security Instrument (but not*
14          *prior to acceleration under Section 18 unless Applicable Law*
15          *provides otherwise). . ."*

16  67.    The NOTE identifies "The Lender or anyone who takes this Note by
17  transfer and who is entitled to receive payments under this Note is called the "Note
18  Holder."[2]

19  68.    On or about July 27, 2009 SunTrust Mortgage, Inc. sent Wilson a
20  Statutory Notice advising Wilson "Your mortgage is past due."

21  69.    On or about October 20, 2009 The Law Firm of Hutchens, Senter &
22  Britton, P.A. sent Wilson a "We are informed that you have defaulted under the
23  terms of your Note and/or the deed of trust securing that Note and that the note
24  holder has elected to proceed with a foreclosure action consistent with the terms of
25  the deed of trust and North Carolina State Law." This communication identifies
26  "SunTrust Bank (the "note holder").

---

[2] See Exhibit A, paragraph 1.

1    70.    HSB in its October 20, 2009 communication identified itself as
2    representative for SunTrust Bank.

3    71.    RFC's agent STB engaged HSB to serve the Notice of Acceleration as
4    set forth in paragraph 22 of the Deed of Trust.

5    72.    Wilson relied in the representations set forth in HSB "Notice of
6    Acceleration" dated October 20, 2009.

7    73.    Therefore, upon information and belief, Plaintiff, Jennifer L. Wilson,
8    alleges RCL knew the representations in HSB's October 20, 2009 communication
9    pervasively breached the contractual terms and conditions set forth in the Deed of
10    Trust and NOTE, whereby Wilson's reliance on same caused Wilson to make and
11    come to certain conclusions that directly resulted in monetary damages and the loss
12    of Wilson's home by way of a foreclosure sale.

13    ## SECOND CAUSE OF ACTION

14    **II.    BREACH OF CONTRACT AS TO APPOINTMENT OF**
15    **SUBSTITUTE TRUSTEE**

16    74.    Plaintiff repeats, re-alleges and incorporates each and every allegation
17    contained in paragraphs 1 through 73 as though fully set forth herein.

18    75.    On October 21, 2009 Rebecca W. Shaia claiming the capacity of Vice
19    President for SunTrust Bank did execute and caused same to be recorded on
20    November 18, 2009 in the Office of the Register of Deeds an "APPOINTMENT
21    OF SUBSTITTUE TRUSTEE".

22    76.    Paragraph 24 of the Deed of Trust provides the "Lender may from
23    time to time remove Trustee and appoint a successor trustee to any Trustee
24    appointed hereunder by an instrument recorded in the county in which this Security
25    Instrument is recorded."

26    77.    SunTrust Bank sold and transferred the NOTE and Deed of Trust to
27    RFC on or about January 18, 2007.

78.    RFC, pursuant to the Pooling and Servicing Agreement (hereinafter "PSA") for the TRUST, sold the NOTE and Deed of Trust to RALI.

79.    Pursuant to the PSA, The Company [RALI], concurrently with the execution and delivery hereof, does hereby assign to the Trustee [Deutsche Bank Trusts Company Americas] for the benefit of the Certificateholders without recourse all the right, title and interest of the Company [RALI] in and to the Mortgage Loans, including all interest and principal received on or with respect to the Mortgage Loans after the Cut-off Date [March 1, 2007] (other than payments of principal and interest due on the Mortgage Loans in the month of the Cut-off Date).[3]

80.    RFC is the "Master Servicer" of the TRUST.

81.    RFC knew RALI assigned all rights title and interest in the Wilson NOTE and Deed of Trust to the Trustee, Deutsche Bank Trusts Company Americas, for the TRUST.

82.    The PSA is not a modification, nor "NOVATION" to the NOTE and/or Deed of Trust.

83.    RFC knew any "APPOINTMENT OF SUBSTITUTE TRUSTEE" must be executed by the "Note Holder" (Deutsche Bank Trusts Company Americas).

84.    Therefore, upon information and belief, Plaintiff, Jennifer L. Wilson, alleges Residential Capital, LLC and Residential Funding Company, LLC did breach paragraph 24 of the Deed of Trust and Wilson's reliance on RCRF breach of contract damaged Wilson resulting in the loss of her home.

## THIRD CAUSE OF ACTION

## III.    BREACH OF CONTRACT AS TO ASSIGNMENT OF NOTE AND DEED OF TRUST

---

[3] Article II Standard Terms and Conditions, Section 2.01(a) of the PSA.

1    85.    Plaintiff repeats, re-alleges and incorporates each and every allegation

2    contained in paragraphs 1 through 84 as though fully set forth herein.

3    86.    On November 18, 2009 Jackie W. Ballos acting on behalf of STM did

4    execute an "ASSIGNMENT OF NOTE AND DEED OF TRUST" with a relation

5    back date to March 1, 2007.

6    87.    RFC, pursuant to the PSA for the TRUST, sold the NOTE and Deed

7    of Trust to RALI.

8    88.    Pursuant to the PSA, The Company [RALI], concurrently with the

9    execution and delivery hereof, does hereby assign to the Trustee [Deutsche Bank

10    Trusts Company Americas] for the benefit of the Certificateholders without

11    recourse all the right, title and interest of the Company [RALI] in and to the

12    Mortgage Loans, including all interest and principal received on or with respect to

13    the Mortgage Loans after the Cut-off Date [March 1, 2007] (other than payments

14    of principal and interest due on the Mortgage Loans in the month of the Cut-off

15    Date).

16    89.    As of March 1, 2007 the TRUST possessed all rights title and interest

17    in the NOTE and Deed of Trust and Deutsche Bank Trust Company Americas held

18    said interest and title for the benefit of the certificate holders of the TRUST.

19    90.    RCRF knew its agent SunTrust Mortgage, Inc. held no interest or title

20    in the NOTE and Deed of Trust that STM allegedly conveyed to SunTrust Bank on

21    November 18, 2009.

22    91.    Therefore, upon information and belief, Plaintiff, Jennifer L. Wilson,

23    alleges Residential Capital, LLC and Residential Funding Company, LLC

24    breached the terms and conditions of the NOTE and Deed of Trust and Wilson's

25    reliance on RCRF breach of contracts damaged Wilson resulting in the loss of her

26    home.

27    //

## FOURTH CAUSE OF ACTION

**IV.  VIOLATION OF N.C.G.S. § 75.1 INCLUSIVE (UNFAIR DECEPTIVE TRADE PRACTICES ACT) AS TO PROOF OF CLAIM.**

92.    Plaintiff repeats, re-alleges and incorporates each and every allegation contained in paragraphs 1 through 91 as though fully set forth herein.

93.    On May 17, 2010 Joseph J. Vonnegut and Sarah D. Miranda of HSB did execute and file a "PROOF OF CLAIM" in the United States Bankruptcy Court Western District of North Carolina.

94.    The "PROOF OF CLAIM" declares SunTrust Mortgage, Inc. "Creditor".

95.    RFC, pursuant to the PSA for the TRUST, sold the NOTE and Deed of Trust to RALI.

96.    Pursuant to the PSA, "The Company [RALI], concurrently with the execution and delivery hereof, does hereby assign to the Trustee [Deutsche Bank Trusts Company Americas] for the benefit of the Certificateholders without recourse all the right, title and interest of the Company [RALI] in and to the Mortgage Loans, including all interest and principal received on or with respect to the Mortgage Loans after the Cut-off Date [March 1, 2007] (other than payments of principal and interest due on the Mortgage Loans in the month of the Cut-off Date)."

97.    As of March 1, 2007 the TRUST possessed all rights title and interest in the NOTE and Deed of Trust, thus Deutsche Bank Trust Company Americas held said interest and title for the benefit of the certificate holders of the TRUST.

98.    RCRF knew its agent SunTrust Mortgage, Inc., and HSB the preparer and executor of the "PROOF OF CLAIM" on behalf of SunTrust Mortgage, Inc.,

1   held no interest or title in the NOTE and Deed of Trust at the time of the filing of
2   the "PROOF OF CLAIM", May 17, 2010.

3       99.     Therefore, upon information and belief, Plaintiff, Jennifer L. Wilson,
4   alleges Residential Capital, LLC and Residential Funding Company, LLC by and
5   through their agents did commit deceptive acts in violation of N.C.G.S. §§ 75.1-1,
6   75-8, 75-54, and 75-56, and Wilson's reliance on RCRF deceptive acts damaged
7   Wilson resulting in monetary damages and the loss of her home.

8   **RELIEF REQUESTED**

9   **FIRST CAUSE OF ACTION**

10       100.    WHEREFORE PLAINTIFF seeks, the following damages;
11       a.  Actual as demonstrated and proved upon the record;
12       b.  Compensatory in an amount of that equal to the value of the property
13          at the time of the foreclosure sale;
14       c.  Consequential in an amount yet to be determined;
15       d.  General damages in an amount yet to be determined;
16       e.  Restitution damages;
17       f.  Punitive in an amount to be set by the jury;
18       g.  Treble;
19       h.  Unliquidated in an amount to be set by the jury; and
20       i.  Such other relief as the jury or this Court deems proper and just.

21   **SECOND CAUSE OF ACTION**

22       101.    WHEREFORE PLAINTIFF seeks, the following damages;
23       a.  Actual as demonstrated and proved upon the record;
24       b.  Compensatory in an amount of that equal to the value of the property
25          at the time of the foreclosure sale;
26       c.  Consequential in an amount yet to be determined;
27       d.  General damages in an amount yet to be determined;

1        e. Restitution damages;

2        f. Punitive in an amount to be set by the jury;

3        g. Treble;

4        h. Unliquidated in an amount to be set by the jury; and

5        i. Such other relief as the jury or this Court deems proper and just.

6    **THIRD CAUSE OF ACTION**

7    102.    WHEREFORE PLAINTIFF seeks, the following damages;

8        a. Actual as demonstrated and proved upon the record;

9        b. Compensatory in an amount of that equal to the value of the property

10         at the time of the foreclosure sale;

11       c. Consequential in an amount yet to be determined;

12       d. General damages in an amount yet to be determined;

13       e. Restitution damages;

14       f. Punitive in an amount to be set by the jury;

15       g. Treble;

16       h. Unliquidated in an amount to be set by the jury; and

17       i. Such other relief as the jury or this Court deems proper and just.

18   **FORTH CAUSE OF ACTION**

19   103.    WHEREFORE PLAINTIFF seeks, the following damages;

20       a. Actual as demonstrated and proved upon the record;

21       b. Compensatory in an amount of that equal to the value of the property

22         at the time of the foreclosure sale;

23       c. Consequential in an amount yet to be determined;

24       d. General damages in an amount yet to be determined;

25       e. Restitution damages;

26       f. Punitive in an amount to be set by the jury;

27       g. Treble;

1           h. Unliquidated in an amount to be set by the jury; and

2           i. Such other relief as the jury or this Court deems proper and just.

3       **ALL CAUSES OF ACTION**

4    104.      WHEREFORE COUNTERCLAIMANT, Jennifer L. Wilson, request;

5           a. Actual as demonstrated and proved upon the record;

6           b. Compensatory in the amount equal to the value of the property at the

7              time of the foreclosure sale;

8           c. Consequential in the amount set by the jury;

9           d. General damages in an amount yet to be determined;

10          e. Restitution damages;

11           f. Punitive in an amount to be set by the jury;

12          g. Treble;

13           h. Unliquidated in an amount to be set by the jury;

14           i. That defendants take nothing by way of their foreclosure sale;

15           j. That the Court "ORDER" defendants, Residential Capital, LLC and

16              Residential Funding Company, LLC surrender the Genuine "NOTE"

17              dated January 18, 2007 and bearing MIN # 1000104-0039041983-4;

18          k. For attorney's fees, legal fees, research cost and cost of suit incurred

19             herein according to proof;

20          l. Plaintiff, Jennifer L. Wilson, be awarded such other relief as the jury

21             deems just and proper; and

22          m. Such other relief as the Court deems proper and just.

23

24   DATE:      November 8, 2012

25   //

26   //

27   //

1

2

3

4

5

Respectfully submitted,

Jennifer L. Wilson

Jennifer L. Wilson, Sui Juris
4365 School House Commons, 500-251
Harrisburg, NC 28075
Ph.: 704-773-1712