# **Exhibit 1**

## **Objection Summary Chart**

In re Residential Capital, LLC, et al., Case No. 12-12020 (MG)
Summary of Sale and Cure Objections and Debtors' Responses

|   | **Objecting Party** | **Basis of Objection** | **Debtors' Response** |
|---|---|---|---|
| 1. | RMBS Trustees and joining parties[1]<br><br>[Docket Nos. 1242, 1987 and those reference footnote 1] | a) Cherry-picking among servicing obligations<br><br>b) Limitation on pre-closing liabilities<br><br>c) Debtors are required to obtain rating agency confirmation that transfer of servicing agreements will not result in downgrade of the underlying trust securities, and other consents<br><br>d) Adequate assurance | a) **Addressed**. *See* Reply, "Argument" D.2.b<br><br>b) **Unresolved**. *See* Reply, "Argument" D.2.c<br><br>c) **Unresolved.** *See* Reply, "Argument" D.1<br><br><br><br>d) **Unresolved**. *See* Reply, "Argument" D.3 |
| 2. | Wells Fargo Bank, N.A. (as servicer and subservicer)<br><br>[Docket No. 1648, 1679] | a) Cherry-picking among servicing obligations<br><br>b) Limitation on pre-closing liabilities<br><br>c) Failure to identify all relevant agreements<br><br>d) Cure amount | a) **Addressed**. *See* Reply, "Argument" D.2.b<br><br>b) **Unresolved**. *See* Reply, "Argument" D.2.c<br><br>c) **Resolved**. Debtors have identified all agreements to be included on final schedule<br><br>d) **Deferred to Cure Hearing** |

---

[1] Various joinders were filed to the RMBS Trustees sale objections. *See Joinder of The Frost National Bank in RMBS Trustees' Pre-Auction Objection to Debtors' Sale Motion* [Docket No. 1249]; *Joinder of Wells Fargo Bank, N.A., as Master Servicer for Residential Mortgage Backed Securities Trusts to "Pre-Auction Objections of the RMBS Trustees to the Debtors' Sale Motion"* [Docket No. 1243]; *Joinder of U.S. Bank National Association as Master Servicer for Residential Mortgage Backed Securities Trusts to the Pre-Auction Objections of the RMBS Trustees to the Debtors' Sale Motion* [Docket No. 1246]; *Joinder of The Bank of New York Mellon as Master Servicer for Residential Mortgage Backed Securities Trusts to the Pre-Auction Objections of the RMBS Trustees to the Debtors' Sale Motion* [Docket No. 1250]; *Joinder of HSBC Bank, National Association as Trustee Under Certain Mortgage Backed Securities Trusts to the Pre-Auction Objections of the RMBS Trustees to the Debtors' Sale Motion* [Docket No. 1501]; *Joinder of Wells Fargo Bank, N.A. as Master Servicer for Residential Mortgage Backed Securities Trusts, to Supplement to Pre-Auction Objections of the RMBS Trustees to the Debtors' Sale Motion* [Docket No. 1994]; *Joinder of The Bank of New York Mellon as Master Servicer for Residential Mortgage Backed Securities Trusts to the Pre-Auction Objections of the RMBS Trustees to the Debtors' Sale Motion* [Docket No. 2000]; *Joinder of U.S. Bank National Association as Master Servicer for Residential Mortgage Backed Securities Trusts to Supplement to the Pre-Auction Objections of the RMBS Trustees to the Debtors' Sale Motion* [Docket No. 2084].

12-12020-mg    Doc 2135-1    Filed 11/12/12    Entered 11/12/12 12:01:57    Exhibit 1 - Objection Summary Chart    Pg 3 of 18

In re Residential Capital, LLC, et al., Case No. 12-12020 (MG)
Summary of Sale and Cure Objections and Debtors' Responses

|   | **Objecting Party** | **Basis of Objection** | **Debtors' Response** |
|---|---|---|---|
| 3. | Wells Fargo Bank, N.A. (as custodian) [Docket No. 1633] | a) Failure to identify all relevant agreements <br><br> b) Cure amount | a) **Unresolved**. Debtors are continuing to work with Wells to reconcile agreements <br><br> b) **Deferred to Cure Hearing** |
| 4. | Wells Fargo Bank, N.A. (regarding account agreement) [Docket No. 1652] | a) Assumption and assignment of commercial deposit agreements | a) **Resolved**. Agreement not scheduled for assumption and assignment |
| 5. | Wells Fargo Bank, N.A. [Docket No. 1632] | a) Failure to sufficiently identify agreements | a) **Unresolved**. Debtors are continuing to work with Wells to reconcile agreements |
| 6. | CitiMortgage, Inc. [Docket Nos. 1646, 1992] | a) Cherry-picking among servicing obligations <br><br> b) Limitation of pre-closing liabilities <br><br> c) Failure to sufficiently identify agreements <br><br> d) Adequate assurance <br><br> e) Waiver of 14-day stay | a) **Addressed**. *See* Reply, "Argument" D.2.b <br><br> b) **Unresolved**. *See* Reply, "Argument" D.2.c <br><br> c) **Unresolved**. Debtors are continuing to work with Citi to reconcile agreements <br><br> d) **Unresolved**. *See* Reply, "Argument" D.3 <br><br> e) **Resolved**. Debtors have removed waiver language from sale order |
| 7. | Federal National Mortgage Association [Docket Nos. 1639, 2102] | a) Cherry-picking among servicing obligations <br><br> b) Limitation of pre-closing liabilities <br><br> c) Severability of servicing agreements from | a) **Addressed**. *See* Reply, "Argument" D.2.b <br><br> b) **Unresolved**. *See* Reply, "Argument" D.2.c <br><br> c) **Addressed**. *See* Reply, "Argument" E |

12-12020-mg    Doc 2135-1    Filed 11/12/12    Entered 11/12/12 12:01:57    Exhibit 1 - Objection Summary Chart    Pg 4 of 18

In re Residential Capital, LLC, et al., Case No. 12-12020 (MG)
Summary of Sale and Cure Objections and Debtors' Responses

|  | **Objecting Party** | **Basis of Objection** | **Debtors' Response** |
|---|---|---|---|
|  |  | origination agreements | |
|  |  | d) Adequate assurance | d) **Unresolved**. *See* Reply, "Argument" D.3 |
|  |  | e) Cure amount | e) **Deferred to Cure Hearing** |
|  |  | f) Consent required for sale of Fannie assets | f) **Resolved**. Debtors agree that consent is required |
| 8. | Federal Home Loan Mortgage Corporation [Docket Nos. 1690, 1839, 2101] | a) Cherry-picking among servicing obligations | a) **Addressed**. *See* Reply, "Argument" D.2.b |
|  |  | b) Limitation of pre-closing liabilities | b) **Unresolved**. *See* Reply, "Argument" D.2.c |
|  |  | c) Severability of servicing agreements from origination agreements | c) **Addressed**. *See* Reply, "Argument" E |
|  |  | d) Adequate assurance | d) **Unresolved**. *See* Reply, "Argument" D.3 |
|  |  | e) Cure amount | e) **Deferred to Cure Hearing** |
|  |  | f) Failure to sufficiently identify agreements | f) **Resolved**. Debtors have identified agreements to be assumed and assigned |
|  |  | g) Consent required for sale of Freddie assets | g) **Resolved**. Debtors agree that consent is required |
| 9. | United States of America [Docket Nos. 1658, 2072] | a) Purchaser must comply with terms of DOJ/AG Settlement | a) **Unresolved**. *See* Reply, "Argument" F |
|  |  | b) Cure amount for overpayment of financial incentives pursuant to Treasury HAMP agreements | b) **Unresolved** *See* Reply, "Argument" F |
|  |  | c) Adequate assurance | c) **Unresolved**. *See* Reply, "Argument" D.3. |

12-12020-mg    Doc 2135-1    Filed 11/12/12    Entered 11/12/12 12:01:57    Exhibit 1 -
Objection Summary Chart    Pg 5 of 18

In re Residential Capital, LLC, et al., Case No. 12-12020 (MG)
Summary of Sale and Cure Objections and Debtors' Responses

|  | **Objecting Party** | **Basis of Objection** | **Debtors' Response** |
|---|---|---|---|
|  |  | d) Assumption and assignment of Ginnie Mae obligations | d) **Resolved**. *See* definition of "Assumed Liabilities" under section 1.1 of the Ocwen APA |
| 10. | USAA Federal Savings Bank<br><br>[Docket No. 1611 ] | a) Cherry-picking among servicing obligations<br><br>b) Limitation of pre-closing liabilities<br><br>c) Cure amount<br><br>d) Debtors or Purchaser must produce a writing setting forth all terms contained in USAA's master agreement | a) **Addressed**. *See* Reply, "Argument" D.2.b<br><br>b) **Unresolved**. *See* Reply, "Argument" D.2.c<br><br>c) **Deferred to Cure Hearing**<br><br>d) **Unresolved**. Ocwen is in the process of reviewing agreement to resolve this issue |
| 11. | PNC Mortgage, a Division of PNC Bank, NA<br><br>[Docket No. 1981] | a) Failure to sufficiently identify agreements<br><br>b) Cure amount | a) **Resolved**. Debtors and PNC have reviewed and confirmed agreements to be assumed and assigned<br><br>b) **Deferred to Cure Hearing** |
| 12. | DB Structured Products, Inc. and MortgageIT Holdings, Inc.<br><br>[Docket Nos. 1623, 2037] | a) Agreements listed on Cure Schedules cannot be assumed and assigned because they were terminated pre-petition<br><br>b) Cure amount to the extent these agreements are permitted to be assumed and assigned | a) **Unresolved**. Parties consensually adjourned this matter to a later date<br><br>b) **Unresolved**. Deferred to Cure Hearing |
| 13. | The Frost National Bank<br><br>[Docket Nos. 286, 1249, 1651, 1996 ] | a) Cherry-picking among servicing obligations | **Resolved**. Agreements to be rejected and removed from final schedule of assumed contracts |

4

In re Residential Capital, LLC, et al., Case No. 12-12020 (MG)
Summary of Sale and Cure Objections and Debtors' Responses

|  | **Objecting Party** | **Basis of Objection** | **Debtors' Response** |
|---|---|---|---|
|  |  | b) Limitation of pre-closing liabilities <br><br> c) Cure amount |  |
| 14. | CIBM Bank | a) Limitation of pre-closing liabilities <br><br> b) Joinder in RMBS Trustee's objection | a) **Unresolved**. *See* Reply, "Argument" D.2.c <br><br> b) Response to RMBS Trustees' Objection above |
| 15. | PHH Mortgage Corporation <br><br> [Docket No. 1980] | a) Approval of any such sale/transfer must be subject to (i) the consent of PHH; (ii) all terms and conditions contained in each of the Agreements; and (iii) the normal practices and procedures of PHH with regard to such a transfer which may include, execution of a continuing guaranty by the applicable purchaser, an assumption fee, and payment of all accrued and accruing default | **Deferred to Cure Hearing** |
| 16. | Roosevelt Mortgage Acquisition Company and Roosevelt Depositor LLC <br><br> [Docket No. 1628] | a) Cherry-picking among servicing obligations <br><br> b) Attempt to limit termination rights <br><br> c) Failure to recognize Roosevelt as proper counter-party under agreements formerly between Debtors and Aurora | a) **Addressed**. *See* Reply, "Argument" D.2.b <br><br> b) **Unresolved.** Debtors are working with Roosevelt to add clarifying language to sale order <br><br> c) **Resolved**. Final schedule to be updated to reflect Roosevelt as counter-party on its Aurora agreements |
| 17. | EverBank <br><br> [Docket No. 1656] | a) Cherry-picking among servicing obligations <br><br> b) Cure amount | a) **Addressed**. *See* Reply, "Argument" D.2.b <br><br> b) **Deferred to Cure Hearing** |
| 18. | California Housing Finance Agency | a) Cherry-picking among servicing obligations | a) **Addressed**. *See* Reply, "Argument" D.2.b |

5

ny-1065065

12-12020-mg    Doc 2135-1    Filed 11/12/12    Entered 11/12/12 12:01:57    Exhibit 1 - Objection Summary Chart    Pg 7 of 18

In re Residential Capital, LLC, et al., Case No. 12-12020 (MG)
Summary of Sale and Cure Objections and Debtors' Responses

|  | **Objecting Party** | **Basis of Objection** | **Debtors' Response** |
|---|---|---|---|
|  | [Docket Nos. 1614, 2011] | b) Limitation of pre-closing liabilities <br><br> c) Severability of servicing agreements from origination agreements <br><br> d) Adequate assurance <br><br> e) Cure amount | b) **Unresolved**. *See* Reply, "Argument" D.2.c <br><br> c) **Resolved**. CalHFA indicated to the Debtors in writing that they are not pursuing this objection. *See* Reply, "Argument" D.2.a <br><br> d) **Unresolved**. *See* Reply, "Argument" D.3 <br><br> e) **Deferred to Cure Hearing** |
| 19. | Los Angeles County Employees Retirement Association <br><br> [Docket Nos. 1638, 2029] | a) Cherry-picking among servicing obligations <br><br> b) Severability of servicing agreements from origination agreements <br><br> c) Adequate assurance | a) **Addressed**. *See* Reply, "Argument" D.2.b <br><br> b) **Resolved**. LACERA indicated to the Debtors in writing that they are not pursuing this objection. *See* Reply, "Argument" D.2.a <br><br> c) **Unresolved**. *See* Reply, "Argument" D.3 |
| 20. | Connecticut Housing Finance Authority <br><br> [Docket No. 2006] | a) Debtors are required to obtain consent prior to transfer <br><br> b) Adequate assurance <br><br> c) Cure amount | a) **Unresolved.** *See* Reply, "Argument" D.1 <br><br><br> b) **Unresolved**. *See* Reply, "Argument" D.3 <br><br> c) **Deferred to Cure Hearing** |
| 21. | Ambac Assurance Corp. <br><br> [Docket Nos. 1810, 1812, 2015] | a) Debtors are seeking to assume and assign terminated transactions <br><br> b) Cure amount to the extent these agreements are permitted to be assumed and assigned | a) **Unresolved.** Hearing to consider Ambac's objection to the Cure Amount and transfer of 13 deals will be adjourned to a date prior to the closing of the Ocwen sale <br><br> b) **Deferred to Cure Hearing** |

12-12020-mg    Doc 2135-1    Filed 11/12/12    Entered 11/12/12 12:01:57    Exhibit 1 -
Objection Summary Chart    Pg 8 of 18

In re Residential Capital, LLC, et al., Case No. 12-12020 (MG)
Summary of Sale and Cure Objections and Debtors' Responses

| | **Objecting Party** | **Basis of Objection** | **Debtors' Response** |
|---|---|---|---|
| | | c) Limitation of pre-closing liabilities | c) **Unresolved**. *See* Reply, "Argument" D.2.c |
| 22. | Syncora Guarantee Inc. [Docket Nos. 1657, 1996] | a) Cherry-picking among servicing obligations <br><br> b) Limitation of pre-closing liabilities <br><br> c) Failure to assume integral agreements | **Resolved**. Agreements to be rejected and removed from final schedule |
| 23. | MBIA Insurance Corp. [Docket No. 1736] | a) Cure amount | **Resolved**. Agreements to be rejected and removed from final schedule |
| 24. | Financial Guaranty Insurance Company ("FGIC") [Docket Nos. 1746, 1748] | a) Limitation on pre-closing liability <br><br> b) Servicing Agreements must be assumed along with I&I and Custodial Agreements <br><br> c) Cure amount for claims arising from I&I agreements for securitization transactions <br><br> d) Adequate Assurance | a) **Unresolved**. *See* Reply, "Argument" D.2.c <br><br> b) **Resolved**. To the extent Debtors are assuming an agreement, the Debtors will assume all related agreements <br><br> c) **Deferred to Cure Hearing** <br><br> d) **Unresolved**. *See* Reply, "Argument" D.3 |
| 25. | Local Texas Tax Authorities and City of Memphis [Docket No. 2001] | a) Sale Orders fail to provide for the liens and interests of the Tax Authorities to be adequately protected <br><br> b) Request for language in sale order that proceeds from the sale be segregated for the claims of the Tax Authorities | **Addressed**. *See* Reply, "Argument" C |
| 26. | Lewisville Independent School District and | a) Request that Sale Order provide for i) payment of any and all ad valorem tax amounts due and owing | **Addressed**. *See* Reply, "Argument" C |

In re Residential Capital, LLC, et al., Case No. 12-12020 (MG)
Summary of Sale and Cure Objections and Debtors' Responses

|  | **Objecting Party** | **Basis of Objection** | **Debtors' Response** |
|---|---|---|---|
|  | Carrollton-Farmers Branch Independent School District<br><br>[Docket No. 1970] | to the School District at the closing of the sales or ii) tax liens to remain on the property and be designated as assumed liabilities of the Purchaser or the Debtors segregate proceeds from the sale to satisfy the taxes |  |
| 27. | Los Angeles County Treasurer and Tax Collector<br><br>[Docket No. 1970] | a) Objects to sale to the extent it fails to provide for liens and interests of the county to be adequately protected | **Resolved**. *See* ¶ 41 of Sale Order:<br>"For the avoidance of doubt, to the extent any of the Purchased Assets include any asset on which any taxing authority has a valid lien (a "Tax Lien"), any Tax Lien shall attach to the proceeds of the sale of such asset with the same validity and priority as such Tax Lien had in the Purchased Assets immediately prior to the Sale." |
| 28. | Ally Financial Inc. and Ally Bank<br><br>[Docket Nos. 1659, 2069] | a) Objection to the extent the APA fails to require the purchaser to comply with Consent Order and DOJ/AG Settlement<br><br>b) Limitation on pre-closing liability<br><br>c) Objection to Cure Amount<br><br>d) Assumption and assignment of contracts to which the Debtors are not a party | a) **Unresolved**. *See* Reply, "Argument" F<br><br>b) **Unresolved**. *See* Reply, "Argument" D.2.c<br><br>c) **Deferred to Cure Hearing**<br><br>d) Agreements will be removed from final schedule |
| 29. | Ad Hoc Group of Junior Secured Noteholders<br><br>[Docket No. 1995] | a) Objection to the extent Allocation Schedules are intended to bind creditors with respect to allocation of proceeds of the sale transactions | **Addressed**. *See* ¶ 40 of Sale Order:<br>"Any purchase price allocations contained in Article III of the Ocwen APA are not binding in any way on creditors of the various Debtors with respect to the allocation of the proceeds of the Sale either between and among the various Debtor estates or between and among the various classes of assets sold; provided that any subsequent allocation of the proceeds for claim purposes shall have no effect on the Purchaser. All rights of all parties are reserved with respect to the allocation or distribution of the proceeds of the Sale |

In re Residential Capital, LLC, et al., Case No. 12-12020 (MG)
Summary of Sale and Cure Objections and Debtors' Responses

| | **Objecting Party** | **Basis of Objection** | **Debtors' Response** |
|---|---|---|---|
| 30. | New Jersey Carpenters Health Fund (court-appointed lead plaintiff o/b/o itself and all persons or entities it represents in the consolidated securities class action *New Jersey Carpenters Health Fund, et als., on Behalf of Themselves and All Other Similarly Situated v. Residential Capital, LLC et als.*)<br><br>[Docket No. 1982]<br><br>JOINDERS:<br><br>Union Central Life Insurance Company, Americas Life Insurance Corp., and Acacia Life Insurance Company [Docket No. 1984]<br><br>Donna Moore, Frenchola Holdern and Kith McMillon, the proposed class representatives<br><br>[Docket No. 1985] | a) Objection requests that APAs and/or sale orders provide for specific record retention protocol | **Unresolved**. Debtors believe Ocwen APA adequately addresses concerns but are preparing sale order language to resolve the objection and related joinders |
| 31. | Digital Lewisville LLC<br><br>[Docket Nos. 278, 1990] | a) The Sale Order should be modified to (i) provide that the Debtors may only assume and assign whole contracts, including related agreements, without | **Unresolved**. *See Debtors' Reply to Digital Lewisville LLC's (I) Objection to the Debtors' (A) Sale Motion, and (B) Notice of Intent to Assume and Assign Certain Executory Contracts and Unexpired* |

9

ny-1065065

In re Residential Capital, LLC, et al., Case No. 12-12020 (MG)
Summary of Sale and Cure Objections and Debtors' Responses

| | **Objecting Party** | **Basis of Objection** | **Debtors' Response** |
|---|---|---|---|
| | | modification of existing contractual rights and (ii) state that no assets are sold free and clear of assumed obligations whether they arise pre- or postclosing<br>b) Objection to the transition services agreement among the Debtors, the Purchaser, and AFI to the extent they violate the terms of the lease, ex: by granting either the Debtors or AFI continuing rights to occupy the leased premises<br>c) Objection to $0 amount; asserts that GMAC is obligated to pay $6 million to Digital for any consideration it received for the transfer of the lease (as required by lease)<br>d) Objection to assumption and assignment of entirety of lease where GMAC only owns 49% interest and AFI owns 51%. | *Leases, and (II) Supplemental Limited Objection to the Debtors' to the Debtors' Sale Motion and In Particular, The Debtors' Proposed Order* filed contemporaneously herewith |
| 32. | JPMorgan Chase Bank, N.A.<br><br>[Docket No. 1613] | a) Contracts relating to deposit account banking relationship are not proper for assumption and assignment-none of the agreements is executory. The contracts governing this relationship would require JPMC to establish banking relationship with purchaser<br><br>b) Failure to sufficiently identify agreements | **Resolved**. Debtors identified appropriate and agreements to be removed from final schedule |

10

ny-1065065

In re Residential Capital, LLC, et al., Case No. 12-12020 (MG)
Summary of Sale and Cure Objections and Debtors' Responses

|  | **Objecting Party** | **Basis of Objection** | **Debtors' Response** |
|---|---|---|---|
| 33. | Oracle<br><br>[Docket No. 1630] | a) Failure to sufficiently identify agreements<br><br>b) Request that Debtors provide to Oracle the following information regarding the ultimate purchaser: (i) financial bona fides; (ii) confirmation of its status as a non-competitor of Oracle's; and (iii) confirmation of the purchaser's willingness to execute an Oracle Assignment Agreement identifying all contracts to be assigned | **Resolved.** Agreements are 1) expired or 2) not between Debtors and Oracle and will be removed from final schedule |
| 34. | Infor Global Solutions (Michigan), Inc.<br><br>[Docket No. 1642] | a) Correct counterparty is Ally Financial Inc. and Debtors do not have legal right to assume and assign Infor agreements<br><br>b) The Infor agreements contain a non-exclusive license and federal copyright law excuses Infor from accepting performance from or rendering performance to an assignee. Software must be removed from Debtors' IT assets prior to the transfer to any third-party. | a) Agreement is not between Debtors and Infor and will be removed from final schedule<br><br>b) **Addressed.** Proposed language to be included in Sale Order: "Notwithstanding anything to the contrary contained in the APA or this Order, this Order does not approve the sale or transfer of the software (the "Infor Software") of Infor Global Solutions (Michigan), Inc. ("Infor"), or any rights to use the Infor Software, to the Purchaser and the Purchaser shall not receive any rights to use or access the Infor Software from and after the Closing Date as a result of entry of this Order. The Purchaser and Infor may agree to enter into a license for the Purchaser's use of the Infor Software (the "Purchaser-Infor Agreement"). Unless and until the Purchaser and Infor have entered into a Purchaser-Infor Agreement, the Purchaser shall not use or access the Infor Software. Absent a Purchaser-Infor Agreement, the Debtors shall (i) expunge all copies of the Infor Software and any portions thereof from all computers and storage media and devices on which the Infor Software is located (with no copies retained by the Debtors) prior to the transfer of any such assets to the Purchaser, (ii) return the Infor Software, including all related documentation, manuals and copies, to Infor to the extent required by the existing agreement between Infor and the licensee and (iii) certify to Infor in writing that they have complied |

11

ny-1065065

In re Residential Capital, LLC, et al., Case No. 12-12020 (MG)
Summary of Sale and Cure Objections and Debtors' Responses

| | Objecting Party | Basis of Objection | Debtors' Response |
|---|---|---|---|
| | | | with these obligations within sixty (60) days of the Closing Date (the "60 Day Period"). During the 60 Day Period and absent any further agreement between the Debtors and Infor, the Debtors may only access the Infor Software to retrieve archived data and may not process any data." |
| 35. | MERSCORP Holdings, Inc.<br><br>[Docket No. 2004] | a) Request that the closing of any sale of the MERSCORP Holdings Stock be postponed until following the amendment of the Certificate of Incorporation, which is expected to occur on or around December 20, 2012 | **Resolved.** MERSCORP Holdings Stock is not being sold as part of either sale |

12

ny-1065065

In re Residential Capital, LLC, et al., Case No. 12-12020 (MG)
Summary of Sale and Cure Objections and Debtors' Responses

|  | **Objecting Party** | **Basis of Objection** | **Debtors' Response** |
|---|---|---|---|
| | **WITHDRAWN** | | |
| 36. | United States Trustee<br><br>[Docket No. 271] | a) Appointment of privacy ombudsman is necessary | **Withdrawn** |
| 37. | TCF National Bank<br><br>[Docket No. 1452] | a) Cure amount<br><br>b) Joinder in RMBS Trustees' Objection | **Withdrawn [Docket No. 1644]** |
| 38. | MidFirst Bank<br><br>[Docket No. 1653] | a) Cherry-picking among servicing obligations<br><br>b) Unclear as to which agreements the Debtors are seeking to assume and assign<br><br>c) Cure amount<br><br>d) Adequate assurance | **Withdrawn [Docket No. 2075]** |
| | **ACCOUNTS PAYABLE CURE OBJECTIONS** | | |
| 39. | Canon Financial Services, Inc.<br><br>[Docket No. 1537] | a) Objection to Cure Amount | **Deferred to Cure Hearing** |

In re Residential Capital, LLC, et al., Case No. 12-12020 (MG)
Summary of Sale and Cure Objections and Debtors' Responses

|  | **Objecting Party** | **Basis of Objection** | **Debtors' Response** |
|---|---|---|---|
| 40. | Cal-Western Reconveyance Corporation<br><br>[Docket No. 1557] | a) Objection to Cure Amount | **Deferred to Cure Hearing** |
| 41. | International Business Machines Corp.<br><br>[Docket No. 1592] | a) Objection to Cure Amount | **Resolved** subject to documentation |
| 42. | Verizon Communications Inc.<br><br>[Docket No. 1603] | a) Objection to Cure Amount | **Resolved** subject to documentation |
| 43. | Dallas CPT Fee Owner, L.P.<br><br>[Docket No. 1625] | a) Objection to Cure Amount<br><br>b) Sale procedures unclear as to whether Debtors or Purchaser will be liable for year-end adjustments. Requests that sale order provide that any assignee of the Lease shall be responsible for all unpaid year-end adjustments. Request for adequate assurance. | **Deferred to Cure Hearing** |
| 44. | Recall Secure Destruction Services, Inc.<br><br>[Docket No. 1627] | a) Objection to Cure Amount | **Resolved.** Agreement is expired will be removed from final schedule |

14

ny-1065065

In re Residential Capital, LLC, et al., Case No. 12-12020 (MG)
Summary of Sale and Cure Objections and Debtors' Responses

| | **Objecting Party** | **Basis of Objection** | **Debtors' Response** |
|---|---|---|---|
| 45. | Pite Duncan, LLP [Docket No. 1631] | a) Objection to Cure Amount | **Deferred to Cure Hearing** |
| 46. | Iron Mountain Information Management, Inc. [Docket No. 1636] | a) Objection to Cure Amount | **Deferred to Cure Hearing** |
| 47. | Hewlett-Packard Company and HP Enterprise Services, LLC [Docket No. 1641] | a) Objection to Cure Amount<br><br>b) Various agreements listed on schedule are expired | **Deferred to Cure Hearing** |
| 48. | Mortgage Electric Registration Systems, Inc. and MERSCORP Holdings, Inc. [Docket No. 1645] | a) Objection to Cure Amount | **Resolved** subject to documentation |
| 49. | ClearCapital.com, Inc. [Docket No. 1647] | a) Objection to Cure Amount | **Resolved** subject to documentation |

In re Residential Capital, LLC, et al., Case No. 12-12020 (MG)
Summary of Sale and Cure Objections and Debtors' Responses

|  | **Objecting Party** | **Basis of Objection** | **Debtors' Response** |
|---|---|---|---|
| 50. | 2255 Partners, L.P. [Docket No. 1655] | a) Objection to Cure Amount | **Resolved** subject to documentation |
| 51. | CoreLogic, Inc. [Docket No. 1662] | a) Objection to Cure Amount | **Resolved** subject to documentation |
| **LATE FILED** | | | |
| 52. | Canon USA, Inc. [Docket No. 1937] | a) Cure amount <br><br> b) Failure to sufficiently identify agreements | **Late filed** on 10/24/12 (deadline to object to proposed cure amount was 9/28/2012) |
| 53. | Neighborhood Assistance Corporation of America [Docket No. 2068] | a) Proposed sale to Ocwen fails to disclose final terms and conditions of sale and how such terms may impact NACA's relationship with the Debtors | **Late filed** on 11/5/12 (deadline to object to Sale Motion was 10/29/12) <br><br> In any event, Debtors are unaware of any valid basis for this objection |

16

ny-1065065

In re Residential Capital, LLC, et al., Case No. 12-12020 (MG)
Summary of Sale and Cure Objections and Debtors' Responses

| | **Objecting Party** | **Basis of Objection** | **Debtors' Response** |
|---|---|---|---|
| 54. | County of San Benito | a) Sale Orders fail to provide for the liens and interests of the Tax Authorities to be adequately protected | **Late filed** on 11/9/12 (deadline to object to Sale Motino was 10/29/12)<br><br>Nonetheless, the Debtors believe ¶ 41 of Sale Order resolves objection:<br><br>"For the avoidance of doubt, to the extent any of the Purchased Assets include any asset on which any taxing authority has a valid lien (a "Tax Lien"), any Tax Lien shall attach to the proceeds of the sale of such asset with the same validity and priority as such Tax Lien had in the Purchased Assets immediately prior to the Sale." |

17

ny-1065065