| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | HEARING DATE: November 16, 2012<br>Hearing Time: 10am |

In re:

Residential Capital, LLC, et. al.,

Debtors.

CASE NO.:12-12020

Chapter 11

Assigned to: Hon. Martin Glenn
Bankruptcy Judge

## NOTICE OF MOTION FOR RELIEF FROM STAY

Please take notice that **JACQUES AND DEIRDRE RAPHAEL,** by and through their undersigned attorney, Law Office of Michael P. Roland, will move this Court on November 16 at 10 am or as soon thereafter as counsel may be heard, at the United States Bankruptcy Court, One Bowling Green, New York, NY 10004-1408, for an Order granting relief from the automatic stay, pursuant to the exemption permitted in the "Final Supplemental Order" of this Court (Doc 774) in order to proceed with a pre-petition counterclaim for fraud and to conduct discovery as said counterclaim and as to affirmative defenses filed in a Florida State Foreclosure Action against GMAC Mortgage LLC (hereinafter, "GMAC").

**PURSUANT TO LOCAL BANKRUPTCY RULE 9006-1(a), ANY ANSWERING PAPERS ARE TO BE SERVED SO AS TO BE RECEIVED BY THE SECURED CREDITOR'S COUNSEL NO LATER THAN 7 DAYS BEFORE THE HEARING DATE.**

Dated: October 25, 2012

Respectfully submitted

By: /s Michael P. Roland

Michael P. Roland, Esq. (admitted Pro Hac Vice)
Florida Bar No: 44856
Law Office of Michael P. Roland
6400 Manatee Ave. W., Suite L-112
Bradenton, Florida 34209
(941) 932-8099
(941) 866-0964 facsimile

RECEIVED
NOV 5 2012
U.S. BANKRUPTCY COURT
SO DIST OF NEW YORK

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:                                                                  )    CASE NO.:12-12020
                                                                        )
                                                                        )    Chapter 11
Residential Capital, LLC, et. al.,                                      )
                                                                        )    Assigned to: Hon. Martin Glenn
Debtors.                                                                )    Bankruptcy Judge
                                                                        )

## MOTION FOR RELIEF FROM STAY

**JACQUES AND DEIRDRE RAPHAEL**, (hereinafter, "Movants") by and through their undersigned attorney, Law Office of Michael P. Roland, move for an order granting relief from the automatic stay, pursuant to the exemption permitted in the "Final Supplemental Order" of this Court (Doc 774) in order to proceed with a pre-petition counterclaim for fraud and to conduct discovery as said counterclaim and as to affirmative defenses filed in a Florida State Foreclosure Action against GMAC Mortgage LLC (hereinafter, "GMAC").

On or about June 29, 2009, GMAC filed a complaint to foreclose on the Movants' property located at 8251 Sandberry Blvd. Orlando, FL 32819. See GMAC Mortgage, LLC v. Jacques Raphael, et. al., Cir. Ct. 9th Jud. Cir. Orange County FL, Case No. 09-CA-20917 ("State Foreclosure Action")(*See Complaint*, attached hereto as Exhibit A)

The Movants brought counterclaims, including a claim for fraud, in the State Foreclosure Action against GMAC, based upon documents they contend were in the possession of GMAC that evidence fraud as to the assignment of mortgage signed by Jeffrey Stephan, claiming to be a Vice President of MERS. The Movants also stated fraud as an affirmative defense. (*See Answer, Affirmative Defenses, and Counterclaims, Cross-claims, Third-party Claims*, attached hereto as Exhibit B).

GMAC filed a motion to dismiss Movants' counterclaims and a hearing was held on April

5, 2012, in which the court in the State Foreclosure Action denied GMAC's motion to dismiss the Movants' fraud counterclaim (*See Order*, attached hereto as Exhibit C).

On or about August 1, 2012, in the State Foreclosure Action, Debtor filed a Notice of Bankruptcy Filing that imposed an automatic stay under section 362 of the Bankruptcy Code, relying upon this Court's Final Supplemental Order (Doc 774), which grants limited exceptions to the automatic stay. Movants seek an exemption of the automatic stay under paragraph 14(b)(i) which states in pertinent part:

> 14. The stay imposed by section 362(a) of the Bankruptcy Code applicable to (a) pending and future foreclosure actions initiated by the Debtors . . . is hereby modified pursuant to the following terms and conditions:
>
> (b) absent further order of the Court, the automatic stay shall remain in full force and effect with respect to all pending and future interested party direct claims and counterclaims: (i) for monetary relief of any kind and of any nature against the debtors, *except where a monetary claim must be pled in order for an Interested Party to assert a claim to defend against or otherwise enjoying or preclude a foreclosure* (each a "Mandatory Monetary Claim ").

*Final Supplemental Order*, Doc 774, at par 14(b)(i).

The Final Supplemental Order also limits the interpretation of said paragraph 14(b)(i), to this Court. *See Final Supplemental Order*, Doc 774, at par 23 ("Any disputes regarding the extent, application and/or affect of the automatic stay under this Order shall be heard and determined by the Debtors' jointly administered bankruptcy cases pending in the United States Bankruptcy Court for the Southern District of New York, case no. 12 – 12020. . .").

Pursuant to paragraph 23 of the Final Supplemental Order, Movants respectfully request that the paragraph 14(b)(i) exception be applied to the counterclaim and affirmative defenses in said State Foreclosure Action.

The fraud counterclaim seeks monetary relief against GMAC for damages resulting from the fraudulent assignment, however if the stay is lifted, pursuant to paragraph 14(d) of the Final

Supplemental Order ("[U]nder no circumstances shall an interested party be entitled to enforce against, recoup, set off or collect from the debtors any judgment or award related to any direct claim or counterclaim for which the automatic stay is been lifted by the terms of this order, including, without limitation, a mandatory monetary claim."), Movants would seek to determine liability but would not pursue collection efforts without specific permission of this Court.

The fraud claim is alleged as an affirmative defense in addition to a counterclaim. The fraud claim and affirmative defense must be pled in order for Movants to defend against, enjoin, or preclude GMAC's foreclosure action. Identical discovery is necessary as to the fraud claim as an affirmative defense and as a counterclaim. Movants would suffer harm if they are not permitted to seek discovery in defense of the State Foreclosure Action, as witnesses and documents upon which Movants rely, that are in the possession of or known to GMAC, would become less discoverable due to delay.

WHEREFORE, Movants JACQUES AND DEIRDRE RAPHAEL, respectfully request pursuant to Final Supplemental Order, Doc 774, at par 23, at this Court rule as to whether the counterclaim of fraud, and affirmative defenses in the State Foreclosure Action, falls within the exception under paragraph 14(b)(i) of the Final Supplemental Order, and if said exception does apply, that Movants are authorized to proceed with discovery in the state court action.

Dated: October 25, 2012                Respectfully submitted,

By: /s Michael P. Roland

Michael P. Roland, Esq. (admitted Pro Hac Vice)
Florida Bar No: 44856
Law Office of Michael P. Roland
6400 Manatee Ave. W., Suite L-112
Bradenton, Florida 34209
(941) 932-8099
(941) 866-0964 facsimile
mprolandpa@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this day, the 25th day of October 2012, that electronic copies of the *Notice of Motion for Relief From Automatic Stay, Motion for Relief From Automatic Stay, and proposed order* thereto were sent to each of the parties identified on the Special Service List, as indicated on the Monthly Service List of October 1, 2012 (Doc. 1694), specifically pages 1-3, pursuant to Order Establishing Certain Notice, Case Management and Administrative Procedures, via electronic mail (if available) and US mail.

I further certify that copies of the same papers identified above were sent on this, the 25th day of October 2012, to each of the parties identified on the General Service List in the Monthly Service List dated as of October 1, 2012 (Docket No. 1694), Specifically pages 4-18, pursuant to Order Establishing Certain Notice, Case Management and Administrative Procedures, via electronic mail, or regular mail if no email address provided.

I further certify that paper copies of the same papers identified above were mailed on this the 25th day of October 2012 by prepaid first class mail to each of the following parties to stay foreclosure action subject to the motion and all other parties known to move in with an interest in the loans subject to the prepetition litigation:

Nicholas J. Voelker, Esq., Bradley Arant Boult Cummings LLP, Bank of America Corporate Center, 100 N. Tryon St. Suite 2690, Charlotte, NC 28202

Jonathan Blackmore, Esq., Phelan Hallinan, PLC, 888 SE 3rd Ave., Suite 201, Ft. Lauderdale, FL 33316,

Christine M. Manzo, Esq., Liebler, Gonzalez, and Portuondo, P.A., Courthouse Tower, 25th Floor, 44 West Flagler, Street, Miami, FL 33130,

Law Office of Michael P. Roland

By: /s Michael P. Roland
Michael P. Roland, Esquire