**Presentment Date and Time: November 28, 2012 at 12:00 p.m. (ET)**
**Objection Deadline: November 21, 2012 at 4:00 p.m. (ET)**

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein (RF-2836)
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

*Proposed Co-Counsel for the*
*Official Committee of Unsecured Creditors*
*of Residential Capital, LLC, et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, et al.,<br><br>Debtors. | Case No. 12-12020 (MG)<br><br>Chapter 11<br><br>Jointly Administered |

**APPLICATION OF OFFICIAL COMMITTEE OF UNSECURED
CREDITORS FOR ORDER AUTHORIZING AND APPROVING
THE RETENTION OF PACHULSKI STANG ZIEHL & JONES LLP
AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS *NUNC PRO TUNC* TO SEPTEMBER 19, 2012**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby applies for entry of an order (the "Application"), pursuant to section 328 and 1103 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules of the Southern District of New York (the "Local Bankruptcy Rules"), in substantially the form attached hereto as Exhibit B, authorizing it to retain Pachulski Stang Ziehl & Jones LLP ("PSZJ"

or the "Firm"), as co-counsel for the Committee in connection with the above-captioned chapter 11 cases (the "Chapter 11 Cases") *nunc pro tunc* to September 19, 2012. In support of this Application, the Committee relies on the Declaration of Robert J. Feinstein (the "Feinstein Declaration"), attached hereto as Exhibit A, and respectfully represents as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue of this proceeding and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 327, 328 and 1103 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Bankruptcy Rule 2014-1.

### Background

4. On May 14, 2012 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. On June 18, 2012, the Court directed the United States Trustee to appoint an examiner in these Chapter 11 Cases.

5. On May 16, 2012, the United States Trustee for the Southern District of New York (the "United States Trustee"), pursuant to section 1102 of the Bankruptcy Code, appointed the Committee to represent the interests of all unsecured creditors in these Chapter 11 Cases. The United States Trustee selected the following nine parties to serve as members of the

2

Committee: (i) Wilmington Trust, N.A.; (ii) Deutsche Bank Trust Company Americas; (iii) The Bank of New York Mellon Trust Company, N.A.; (iv) MBIA Insurance Corporation; (v) Rowena L. Drennen; (vi) AIG Asset Management (U.S.), LLC; (vii) U.S. Bank National Association; (viii) Allstate Life Insurance Company; and (ix) Financial Guaranty Insurance Corporation.

6.　At a meeting of the Committee held on May 16, 2012, the Committee voted to retain Kramer Levin Naftalis & Frankel LLP ("Kramer Levin") as its bankruptcy counsel. By Order dated July 16, 2012, the Court approved the Committee's retention of Kramer Levin as its bankruptcy counsel *nunc pro tunc* to May 16, 2012 [Docket No. 778].

7.　At a meeting of the Committee held on September 19, 2012, the Committee voted to retain PSZJ as its co-counsel.

### Relief Requested

8.　By this Application, the Committee seeks to employ and retain PSZJ as its co-counsel, *nunc pro tunc* to September 19, 2012, the date the Committee first requested PSZJ to perform services in connection with these Chapter 11 Cases.

### Basis for Relief Requested

9.　The Committee seeks to retain PSZJ as its co-counsel because of (i) PSZJ's extensive experience and knowledge in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code, (ii) PSZJ's expertise, experience and knowledge practicing before this Court, and (iii) PSZJ's ability to represent the Committee in specialized matters more efficiently performed by PSZJ at the request of the Committee or that are not appropriately handled by Kramer Levin because of actual or potential conflicts of interest.

3

10.  PSZJ has expertise and experience in supplementing the work of main counsel in the case without any unnecessary duplication of effort. Thus the professionals at PSZJ are well-positioned to provide any necessary legal services in a complementary, non-duplicative manner.

11.  Given the size and complexity of these Chapter 11 Cases, PSZJ believes that its retention by the Committee for the services set forth below will enable the estate to benefit from its firm's handling special projects and those matters where Kramer Levin has an actual or potential conflict of interest. The expected result is that rather than shadow Kramer Levin's work, PSZJ will perform its specialized tasks, as requested by the Committee, and such services that are expected to address the need of keeping PSZJ up to speed. Therefore, PSZJ will be able to remain involved in the case without duplicating the work of main counsel.

12.  The Committee understands that PSZJ will seek compensation from the Debtors' estates at its regular hourly rates for attorneys and paraprofessionals, and reimbursement of expenses incurred on the Committee's behalf, subject to prior Court approval after notice and a hearing.

13.  The Committee submits that it is necessary to employ PSZJ as co-counsel to ensure that the interests of the Committee are adequately represented in an efficient and effective manner. The Committee believes that, in light of PSZJ's familiarity with the facts of these Chapter 11 Cases, as well as its understanding and knowledge of the Debtors' business and restructuring issues, and its experience before this Court, PSZJ is well suited to provide legal services to the Committee.

4

14. As set forth in the Feinstein Declaration PSZJ has indicated a willingness to act as co-counsel on the Committee's behalf, in accordance with the terms of this Application.

15. Since the Committee, subject to approval by the Court, retained the services of PSZJ on September 19, 2012, and PSZJ immediately began to provide services to the Committee at that time, the Committee requests that any order entered authorizing such retention be effective as of September 19, 2012.

### Services to Be Provided

16. PSZJ is expected to: (a) perform services on bankruptcy-related matters which involve negotiations, contested hearings, adversary proceedings, or other matters in which the Committee is prosecuting a position that Kramer Levin determines may cause an actual or potential conflict of interest and (b) represent the Committee on matters that can be efficiently handled by the PSZJ as determined by Kramer Levin in consultation with the Committee, which shall consist of matters that pertain to only the following items:

   i. Such investigation, if any, as the Committee may desire concerning, among other things, the assets, liabilities, financial condition and operating issues concerning the Debtors that may be relevant to these Chapter 11 Cases;

   ii. The prosecution of any claims brought by the Committee on behalf of the Debtors, including, without limitation, those claims described in the Motion of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing It to Prosecute and Settle Certain Claims on Behalf of the Debtors' Estate [Docket No. 1546] to the extent such motion is allowed by the Court;

   iii. Review and analysis of certain aspects of the contemplated sale of the Debtors' mortgage origination and servicing platform and portfolio of non-conforming held-for-sale loans and certain other securities/mortgage assets.

5

    iv.    Such communication with the Committee's constituents and others as the Committee may consider desirable in furtherance of its responsibilities; and

    v.    The preparation on behalf of the Committee of necessary applications, motions, memoranda, orders, reports and other legal papers in furtherance of its responsibilities;

    vi.    Appearances in Court, participation in litigation as a party-in-interest, and at statutory meetings of creditors to represent the interests of the Committee in furtherance of its responsibilities; and

    vii.    Any other matters assigned to PSZJ by Kramer Levin in consultation with the Committee.

17. If Kramer Levin determines that the Committee is prosecuting a position that may cause an actual or potential conflict of interest, Kramer Levin shall notify PSZJ of its determination. For the avoidance of doubt, the determination to have PSZJ handle certain matters arising in these Chapter 11 Cases shall not constitute a determination that Kramer Levin has a conflict of interest on such matters.

18. The Committee is very mindful of the need to avoid duplication of services, and appropriate procedures will be implemented to ensure that there is no unnecessary or duplicative work done by PSZJ.

### Professional Compensation

19. Subject to Court approval in accordance with section 330(a) of the Bankruptcy Code, compensation will be payable to PSZJ on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by PSZJ. The Firm will charge its usual and customary hourly rates. The Firm's billing rates range as follows:

    Partners:    $575 to $975

DOCS_NY:28606.1 73839-001

| | |
|---|---|
| Counsel: | $450 to $745 |
| Associates | $395 to $525 |
| Legal Assistants | $185 to $265 |

20. The principal attorneys presently designated to represent the Committee and their current standard hourly rates are:

| | | |
|---|---|---|
| i. | Robert J. Feinstein | $955.00 per hour |
| ii. | Dean A. Ziehl | $955.00 per hour |
| iii. | Alan J. Kornfeld | $860.00 per hour |
| iv. | Debra Grassgreen | $855.00 per hour |
| v. | John A. Morris | $815.00 per hour |
| vi. | Maria A. Bove | $645.00 per hour |

21. Other attorneys and paralegals may from time to time serve the Committee in connection with the matters described herein.

22. The hourly rates set forth above are PSZJ's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate PSZJ for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.[1]

23. It is PSZJ's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier charges, mail and express mail charges, special or

---

[1] These rates are subject to periodic adjustments to reflect economic and other conditions. Prior to any increases in the rates set forth herein, PSZJ shall file a supplemental declaration with the Court and give ten (10) business days' notice to the Debtors, the United States Trustee and the Committee, which supplemental declaration shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and indicate whether the Committee has received notice of and approved the proposed rate increase.

7

hand delivery charges, document retrieval, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by PSZJ to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime.

### Disinterestedness of Professionals

24. To the best of the Committee's knowledge, except as stated in the Feinstein Declaration, PSZJ does not hold or represent an interest that is adverse to the Committee and the Debtors' estates and does not hold or represent any interest adverse to and has no connection with the Committee, the Debtors herein, their creditors or any party-in-interest herein in the matters upon which PSZJ is to be retained. Therefore, to the best of the Committee's knowledge, except as stated in the Feinstein Declaration, PSZJ is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

25. PSZJ represents many committees in other bankruptcy cases, the members of which (together with other creditors of these cases) may be creditors of the Debtors. However, PSZJ will not represent any members of those committees with respect to any claims that they may have collectively or individually against the Debtors.

### Notice

26. In accordance with the Order Under Bankruptcy Code Sections 102(1), 105(a) and 105(d), Bankruptcy Rules 1015(c), 20002(m) and 9008 and Local Bankruptcy Rule 2002-2 Establishing Certain Notice, Case Management and Administrative Procedures [Docket No. 141] (the "Case Management Order"), notice of this Application has been given to all parties

listed on the Monthly Service List (as defined in the Case Management Order). Because of the nature of the relief requested, the Committee submits that such notice is sufficient and that no other or further notice need be given.

### No Prior Request

27.     No previous application for the relief requested herein has been made to this or any other court.

WHEREFORE, the Committee requests that the Court enter an Order, substantially in the form attached hereto as <u>Exhibit B</u>, (i) authorizing the Committee to employ and retain PSZJ as its co-counsel, *nunc pro tunc* to September 19, 2012, (ii) authorizing the payment and reimbursement of PSZJ's fees and disbursements, subject to interim and final allowance thereof in accordance with sections 330 and 331 of the Bankruptcy Code or as otherwise ordered by the Court, and (iii) granting such other and further relief as may be just and proper.

Dated:  New York, New York
             November 13, 2012

THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS OF RESIDENTIAL
CAPITAL, LLC, <u>et al.</u>,

By: <u>/s/ John S. Dubel</u>
John S. Dubel, Chief Executive Officer
Financial Guaranty Insurance Company

Co-Chair, Official Committee of Unsecured Creditors of Residential Capital, LLC, <u>et al.</u>

9