# EXHIBIT A

# FEINSTEIN DECLARATION

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein (RF-2836)
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile:  (212) 561-7777

*Proposed Co-Counsel for the
Official Committee of Unsecured Creditors
of Residential Capital, LLC, et al.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re: | Case No. 12-12020 (MG) |
|---|---|
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

## DECLARATION OF ROBERT J. FEINSTEIN IN SUPPORT OF APPLICATION FOR ORDER AUTHORIZING AND APPROVING RETENTION OF PACHULSKI STANG ZIEHL & JONES LLP AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, ROBERT J. FEINSTEIN, ESQ., declares:

1. I am a member of the firm of Pachulski Stang Ziehl & Jones LLP ("PSZJ" or the "Firm"), and maintain an office at 780 Third Avenue, 36th Floor, New York, New York 10017-2024. I am duly admitted to practice law in the State of New York, the United States District Courts for the Southern, Eastern, Northern, and Western Districts of New York, and the United States Court of Appeals for the Second, Fourth and Sixth Circuits. I make this Declaration in support of the application dated November 13, 2012 (the "Application")[1] of the

---

[1] Capitalized terms not otherwise defined herein shall have the meanings and definitions ascribed to such terms in the Application.

Official Committee of Unsecured Creditors appointed in the Chapter 11 Cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors") seeking entry of an order, substantially in the form attached to the Application as Exhibit B, authorizing the retention of PSZJ as co-counsel to the Committee in accordance with sections 328 and 1103 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and to provide the disclosure required under Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules").

2.  Neither I, the Firm, nor any partner, of counsel or associate thereof, insofar as I have been able to ascertain, has any connection with the Debtors, their creditors or any other parties-in-interest herein, or their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee, except as set forth herein.

3.  Unless otherwise stated in this Declaration, I have personal knowledge of the facts hereinafter set forth. To the extent that any information disclosed herein requires subsequent amendment or modification upon PSZJ's completion of further analysis or as additional information regarding creditors and other parties-in-interest becomes available, one or more supplemental declarations will be submitted to the Court reflecting the same.

4.  PSZJ has expertise and experience in supplementing the work of lead counsel in the case without any unnecessary duplication of effort and, indeed, has previously worked closely with Kramer Levin. Thus the professionals at PSZJ are already well acquainted with the personnel, practices and procedures of Kramer Levin, and are well-positioned to provide any necessary legal services in a complementary, non-duplicative manner.

2

5.  Given the size and complexity of these Chapter 11 Cases, I believe that PSZJ's retention by the Committee for the services set forth in the Application will enable the estate to benefit from the firm handling special projects and those matters where Kramer Levin has an actual or potential conflict of interest. The expected result is that rather than shadow Kramer Levin's work, PSZJ will perform its specialized tasks, as requested by the Committee, and such services that are expected to address the need of keeping PSZJ up to speed. Therefore, PSZJ will be able to remain involved in the case without duplicating the work of main counsel.

6.  In connection with this proposed retention, we obtained from the retention application filed by the Debtors' counsel a comprehensive list of entities (the "Contact Parties") who may have contacts with the Debtors (the "Retention Checklist"), a copy of which is attached hereto as Exhibit 1. According to the Retention Checklist, the Contact Parties include, but are not limited to: (a) the Debtors and their subsidiaries; (b) the Debtors' foreign subsidiaries; (c) the Debtors' officers and directors; (d) parties to funding agreements with the Debtors; (e) the Debtors' bondholders; (f) the Debtors' landlords and tenants; (g) parties to litigation with the Debtors; (h) judges of the United States Bankruptcy Court for the Southern District of New York and district court judges in New York; (i) attorneys for the Office of the United States Trustee for the Southern District of New York; (j) the Debtors' depository banks; (k) the Debtors' consultants and professionals and professionals retained by other significant non-Debtor parties-in-interest; (l) HELOC investors in the Debtors; (m) counterparties to servicing agreements with the Debtors; (n) significant utility providers to the Debtors; and (o) the Debtors' 50 largest unsecured creditors. A copy of the Retention Checklist is attached hereto as Schedule 2.

3

7.  Section 1103(b) of the Bankruptcy Code does not incorporate the general "disinterestedness" standard of section 327(a) of the Bankruptcy Code. However, Rule 2014 requires that an application for employment under Section 1103 disclose all connections with the Debtors, the estates, the professionals and the Office of the Trustee. The Firm, therefore, discloses its known connections as follows.

8.  The Firm has made the following investigation of disinterestedness prior to submitting this Declaration. The Firm has undertaken a full and thorough review of its computer database, which contains the names of clients and other parties interested in particular matters. The Firm requires all of its professionals, before accepting the representation of a new client, or the representation of an existing client in a new matter, to perform a conflicts check through the Firm's database and to enter conflict information regarding new clients or new matters into that database. Thus, a review of said computerized database should reveal any and all actual or potential conflicts of interest with respect to any given representation. In particular, an employee of the Firm, under my supervision, ran the names of the parties identified on the Retention Checklist.

9.  Based on the results of the database, it appears that PSZJ does not hold or represent any interest adverse to and has no connection, subject to the disclosures set forth below, with the Debtors herein, their creditors, the U.S. Trustee or any party-in-interest herein in the matters upon which PSZJ is to be retained, and is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, subject to the following material disclosures:

> i.  <u>Aegis Mortgage Corporation</u> ("Aegis"). Aegis is listed on the Retention Checklist as a counterparty to servicing agreements. PSZJ represents Aegis as a post-effective date reorganized debtor.

4

Previously, Aegis was adverse to Residential Funding Company LLC f/ka/ Residential Funding Corporation ("RFC"). Aegis and RFC entered into a settlement stipulation (the "RFC Stipulation") pursuant to which the warehouse lenders' claim asserted by RFC was resolved and withdrawn except for certain claims based on Aegis' repurchase obligations to RFC, which stipulation was approved by the Aegis bankruptcy court on August 12, 2009. There are no pending disputes between Aegis and the Debtors. Fees collected from the representation of Aegis comprised less than 1% of PSZJ's revenues the in the past year. PSZJ will not represent the Committee in any matter adverse to Aegis, but is advised that the Committee's lead counsel is able to handle any such matter. PSZJ believes its representation of Aegis has not and will not affect its representation of the Committee in these Chapter 11 Cases.

ii. <u>American Residential Equities, LLC ("ARE LLC") and American Residential Equities XXVII, LLC (collectively, "ARE")</u> are listed on the Retention Checklist as counterparties to service agreements with the Debtors. PSZJ represents ARE LLC in connection with the assertion of potential claims against debtor GMAC Mortgage LLC and a non-debtor on the basis of breach of contract and other theories, pursuant to a written engagement letter in which ARE LLC agreed to a conflict waiver providing that PSZJ may represent, in any unrelated matter, any party to ARE LLC or any of its affiliated entities; that PSZJ's engagement in that case will not create a potential or actual conflict of interest; and that notwithstanding ARE LLC's interest in those matters, without further notice to or consent by ARE LLC, provided that the confidentiality of ARE LLC's confidential client information, if any, is preserved. PSZJ may undertake adverse representation in unrelated matters. Fees collected from the representation of ARE LLC comprised less than 1% of PSZJ's revenues the in the past year. To the extent PSZJ is requested to provide further services to ARE LLC, PSZJ will only use attorneys separate from those who will work on the ResCap Committee engagement, and establish an ethical wall between them. PSZJ will not represent the Committee in any matter adverse to ARE, but is advised that the Committee's lead counsel is able to handle any such matters. PSZJ believes its representation of ARE has not and will affect its representation of the Committee in these Chapter 11 Cases.

iii. <u>Cerberus Capital Management, L.P., Cerberus FIM Investors LLC and Cerberus FIM, LLC</u>, affiliates of Cerberus Partners, LLP (collectively, "<u>Cerberus</u>"), are listed as a Rule 2004 Motion Parties on the Retention Checklist. PSZJ currently represents or has represented certain companies in which Cerberus or one of its

5

affiliates owned a majority equity interest in connection with their chapter 11 cases, in matters wholly unrelated to the Debtors' chapter 11 cases, including Aegis, G&G Retail, Inc., Global Home Products, Inc., Global Motorsport Group, Inc., Western Nonwovens, Inc. and Wise Manufacturing. Additionally, PZSJ represented Ableco Finance LLP, an affiliate of Cerberus, in the Anchor Blue Holding Corp. and DSI Holdings, Inc. chapter 11 cases, both of which were wholly unrelated to the Debtors' chapter 11 cases and such representations have been concluded. Fees collected from Cerberus and affiliates comprised less than 1% of PSZJ's revenues in the past year. PSZJ will not represent the Committee in any matter adverse to Cerberus, but is advised that the Committee's lead counsel is able to handle any such matters. PSZJ believes its representation of Cerberus has not and will not affect its representation of the Committee in these Chapter 11 Cases.

iv. <u>Lehman Brothers</u>. Lehman Brothers Bank, FSB, Lehman Brothers Holdings, Inc. and Lehman Capital are listed on the Retention Checklist as counterparties to servicing agreements and a top 50 creditor. PSZJ currently represents as special counsel certain affiliates of Lehman Brothers Holdings, Inc., specifically Lehman Commercial Paper, Inc., Lehman ALI, Inc., Northlake Holdings LLC, OVC Holdings LLC and LV Pacific Point LLC (collectively, the "Lehman Entities"), as creditors with respect to matters arising in and otherwise related to the chapter 11 cases of Palmdale Hill Property, LLC, *et al.* (the "SunCal Cases"), which are pending in the Bankruptcy Court for the Central District of California, Santa Ana under jointly administered Case No. 08-17206-ES. The SunCal Cases are wholly unrelated to these chapter 11 Cases. Fees collected from the representation of the Lehman Brothers comprised approximately 4% of PSZJ's revenues during the prior year. In light of this disclosure, PSZJ will not represent the Committee in any matter adverse to Lehman Brothers, but is advised that the Committee's lead counsel is able to handle any such matter.

v. <u>People's Choice Liquidating Trust</u>. The Firm is co-counsel to the Liquidating Trust of People's Choice Home Loan, Inc., the Liquidating Trust of People's Choice Funding, Inc. and the Liquidating Trust of People's Choice Financial Corporation (collectively, the "People's Choice Trusts"), liquidating trusts formed pursuant to the plan of liquidation (the "<u>Liquidation Plan</u>") confirmed in the chapter 11 case (the "<u>PCHLI Bankruptcy Cases</u>") of People's Choice Home Loan, Inc. ("<u>PCHLI</u>") and its debtor affiliates. Residential Funding Company, LLC. ("<u>RFC</u>"), a Debtor entity, is a member of the Post-Effective Date Committee of the

6

|   |   |
|---|---|
|   | People's Choice Trusts under the Liquidation Plan. PSZJ represents the People's Choice Trusts in connection with "repurchase" and "warehouse claims" of RFC and Homecomings Financial LLC ("Homecomings") filed against PCHLI and certain affiliates. Settlements have been reached and documented on the RFC warehouse and repurchase claims subject to court approval of the bankruptcy court in the PCHLI Bankruptcy Cases and the instant chapter 11 cases. A settlement has also been reached on Homecomings' repurchase claim against PCHLI that is currently being documented. PSZJ will not represent the Committee in any matter adverse to the People's Choice Trusts, but is advised that the Committee's lead counsel is able to handle any such matter and the only matters the Firm is aware of are the RFC and Homecomings claims and settlements described herein. PSZJ may undertake adverse representation in unrelated matters. Fees collected from the representation of the People's Choice Trusts comprised less than 1% of PSZJ's revenues in the past year. PSZJ will not represent the Committee in any matter adverse to the Trusts, but is advised that the Committee's lead counsel is able to handle any such matter. |
| vi. | Wells Fargo Bank, N.A. and certain affiliated entities (collectively, the "Wells Fargo Entities") are listed on the Retention Checklist as (i) a party to a funding agreement, (ii) HELOC investor, (iii) trustee to certain of the Debtors' debt facilities and (iv) a top 50 creditor. In a matter wholly unrelated to these Chapter 11 Cases, PSZJ currently serves as Delaware co-counsel to Wells Fargo Capital Finance, LLC ("WFCF"), an affiliate of the Wells Fargo Entities, in its capacity as administrative agent and co-collateral agent for DIP financing lenders to chapter 11 debtors WP Steel Venture LLC, et. al., pursuant to a written engagement letter in which WFCF agreed to a conflict waiver providing that PSZJ may represent, in any unrelated matter, any party adverse to WFCF or any of its affiliated entities; that PSZJ's engagement in that case will not create a potential or actual conflict of interest; and that PSZJ may undertake adverse representation in unrelated matters, notwithstanding WFCF's interest in those matters, without further notice to or consent by WFCF, provided that the confidentiality of WFCF's confidential client information, if any, is preserved. PSZJ may undertake adverse representation in unrelated matters. Fees collected from the representation of WFCF comprised less than 1% of PSZJ's revenues the in the past year. PSZJ believes that its representation of WFCF has not and will not affect its representation of the Committee in these Chapter 11 Cases, and that it can be adverse to the Wells Entities, if necessary. |

7

      vii.      <u>Morgan Stanley & Co. LLC</u> and certain affiliated entities (collectively, "<u>Morgan Stanley</u>") are listed on the Retention Checklist as (i) counterparties to service agreements, and (ii) bondholders. In a matter wholly unrelated to these Chapter 11 Cases, PSZJ currently serves as Delaware co-counsel to Morgan Stanley Senior Funding, Inc. ("<u>MSSF</u>"), as Administrative Agent to certain term loan lenders to chapter 11 debtors Vertis Holdings, Inc. et al., pursuant to a written engagement letter in which MSSF agreed to a conflict waiver providing that PSZJ may represent, in any unrelated matter, any party adverse to MSSF or any of its affiliated entities; that PSZJ's engagement in that case will not create a potential or actual conflict of interest; and that PSZJ may undertake adverse representation in unrelated matters, notwithstanding MSSF's interest in those matters, without further notice to or consent by MSSF, provided that the confidentiality of MSSF's confidential client information, if any, is preserved. PSZJ may undertake adverse representation in unrelated matters. Fees collected from the representation of Morgan Stanley comprised less than 1% of PSZJ's revenues in the past year. PSZJ believes that its representation of MSSF has not and will not affect its representation of the Committee in these Chapter 11 Cases, and that it can be adverse to Morgan Stanley, if necessary.

10. PSZJ represented, represents, and in the future will likely represent many committees in matters unrelated to the Debtors and these Chapter 11 Cases, whose members may be creditors and/or committee members in these Chapter 11 Cases. The Firm, however, is not representing any of those entities in these Chapter 11 Cases and will not represent any members of these committees in any claims that they may have collectively or individually against the Debtors.

11. PSZJ and certain of its partners, of counsel and associates represented, represents, and in the future will likely represent creditors of the Debtors in connection with matters unrelated to the Debtors and these Chapter 11 Cases. At this time, the Firm is not aware of any such representations except as noted herein. If the Firm identifies any further such representations, the Firm shall make further disclosures as may be appropriate at that time.

8

12. Further, as part of its practice, PSZJ appears in numerous cases, proceedings and transactions that involve many different professionals, including attorneys, accountants and financial consultants, who may represent claimants and parties-in-interest in the Debtors' Chapter 11 Cases. The Firm has represented, represents, and in the future will likely represent debtors and creditors committees in cases unrelated to the Debtors and these Chapter 11 Cases wherein one or more of the aforementioned firms serve or will serve as professionals.

13. PSZJ is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that the Firm, its partners, of counsel and associates:

    i. are not creditors, equity security holders or insiders of the Debtors;

    ii. are not and were not, within two (2) years before the Petition Date, a director, officer, or employee of the Debtors;

    iii. are not and were not, within three (3) years before the Petition Date, an investment banker for a security of the Debtors, or an attorney for such investment banker in connection with the offer, sale or issuance of any security of the Debtors;

    iv. do not have an interest materially adverse to the interests of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason, except as disclosed herein.

14. The Firm has received no retainer from the Debtors or the Committee nor any payment, nor any promise of payment, during the one-year period prior to the Petition Date. No compensation has been paid or promised to be paid from a source other than the Debtors' estates in these Chapter 11 Cases. No promises have been received by the Firm nor by any partners, of counsel or associate thereof as to compensation in connection with these Chapter 11 Cases other than in accordance with the provisions of the Bankruptcy Code. The Firm has no

9

agreement with any other entity to share with such entity any compensation received by the Firm in connection with these Chapter 11 Cases, except among the partners, of counsel and associates of the Firm. Neither the Committee nor its members (or any of their representatives) are or will be liable for fees or costs incurred by the Firm in its representation of the Committee

15.    The Firm intends to apply for compensation for professional services rendered in connection with these Chapter 11 Cases subject to approval of this Court and compliance with applicable provisions of the Bankruptcy Code, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by the Firm. The Firm will charge its usual and customary hourly rates. The Firm's billing rates range as follows:

| | |
|---|---|
| Partners: | $575 to $975 |
| Counsel: | $450 to $745 |
| Associates | $395 to $525 |
| Legal Assistants | $185 to $265 |

16.    The principal attorneys and paralegals presently designated to represent the Committee and their current standard hourly rates are:

| | | |
|---|---|---|
| i. | Robert J. Feinstein | $955.00 per hour |
| ii. | Dean A. Ziehl | $955.00 per hour |
| iii. | Alan J. Kornfeld | $860.00 per hour |
| iv. | Debra Grassgreen | $855.00 per hour |
| v. | John A. Morris | $815.00 per hour |
| vi. | Maria A. Bove | $645.00 per hour |

10

DOCS_NY:28606.1 73839-001

17.     The hourly rates set forth above are the Firm's standard hourly rates for work of this nature, which are subject to adjustment from time to time. These rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. These rates are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals may from time to time serve the Committee in connection with the matters described herein, and the Firm will charge its standard hourly rates for their services.

18.     It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. The Firm will charge the Committee for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients. The Firm believes that it is more fair to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

19.     PSZJ intends to work closely with the Committee's lead counsel, Kramer Levin Naftalis & Frankel LLP and other professionals retained by the Committee, to ensure that there is no unnecessary duplication of services performed or charged to the Debtors' estates.

11

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
     November 13, 2012

                                        /s/ Robert J. Feinstein
                                        Robert J. Feinstein