UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: ) | |
| ) | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, *et al.*, ) | |
| ) | Chapter 11 |
| Debtors. ) | |
| ) | Jointly Administered |

**STIPULATION AND ORDER PERMITTING DEUTSCHE BANK TRUST COMPANY AMERICAS AND DEUTSCHE BANK NATIONAL TRUST COMPANY TO FILE CONSOLIDATED PROOFS OF CLAIM ON ACCOUNT OF CLAIMS INCURRED AS CUSTODIANS FOR CERTAIN MORTGAGE BACKED SECURITIES TRUSTS**

This stipulation (the "**Stipulation**") is entered by and between Residential Capital, LLC ("**ResCap**") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), and Deutsche Bank Trust Company Americas And Deutsche Bank National Trust Company (collectively, "**Deutsche Bank**" or the "**Custodian**," and together with the Debtors, the "**Parties**").

**WHEREAS**, on May 14, 2012 (the "**Petition Date**"), ResCap and fifty (50) of its affiliates each filed a voluntary petition for relief with the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**");

**WHEREAS**, on the Petition Date, the Bankruptcy Court procedurally consolidated the Debtors' cases and ordered that they be jointly administered under *In re Residential Capital, LLC*, Case No. 12-12020 (MG) (the "**Main Case**");

**WHEREAS**, on August 29, 2012, the Bankruptcy Court entered its *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* (Docket No. 1309; the "**Bar Date Order**"), establishing November 9, 2012 as the general claims bar date.  The Bar Date Order provides that if a claim is asserted against more than one of the Debtors, a separate proof of claim must be filed in each such Debtors'

reorganization case, except for an indenture trustee who is required to file only one proof of claim;

**WHEREAS**, on November 7, 2012, the Bankruptcy Court entered its *Order Extending Deadline for Filing Proofs of Claim* (Docket No. 2093) (the "**Bar Date Extension Order**")

**WHEREAS**, Deutsche Bank acts as custodian for the purpose of receiving and holding certain documents and other instruments relating to residential mortgage loans delivered by certain Debtors, in their capacity as a servicer, master servicer, or owner with respect to such loans, pursuant to the terms of numerous custodial agreements (each a "**Custodial Agreement**" and collectively the "**Custodial Agreements**").  The Custodian is a party to approximately three Custodial Agreements with the Debtors, including in connection with residential mortgage-backed securitizations and other financing arrangements (but excluding custodial arrangements in which Deutsche Bank provides custodial services in, or incidental to, its capacity as trustee under a pooling and servicing agreement or indenture).  The Custodian may have, among other claims, (i) claims for indemnification against certain Debtors arising under the Custodial Agreements (the "**Indemnification Claims**") and (ii) claims against certain Debtors for the payment of reasonable compensation for services rendered by the Custodian and the payment or reimbursement of reasonable expenses, disbursements, and advances incurred or made by the Custodian in accordance with any of the provisions of the Custodial Agreements (the "**Fee and Expense Claims**");

**NOW THEREFORE**, in consideration of the promises contained herein and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

1. Notwithstanding any provision of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, any order of the Bankruptcy Court, including the Bar Date Order and the Bar Date Extension Order, or any approved proof of claim form that would otherwise require the Custodian to file separate proofs of claim against more than one of the Debtors, the Debtors and the Custodian agree that the filing of a consolidated proof of claim by the Custodian (the "**Custodian Proof of Claim**") in the Main Case shall be deemed to constitute the filing of such proof of claim in each of the Debtors' cases, *provided however that* such Custodian Proof of Claim shall specify (in the Custodian Proof of Claim or an attachment thereto) (a) with respect to Indemnification Claims, the name of each Debtor against which the Custodian asserts such claim or claims; and (b) with respect to Fee and Expense Claims, the name of each Debtor against which the Custodian asserts such claim or claims and the amount of such Fee and Expense Claims asserted against each such Debtor.

2. By filing the Custodian Proof of Claim, the Custodian will be deemed to have submitted a proof of claim that complies with section 501 of the Bankruptcy Code and Rules 3002 and 3003 of the Bankruptcy Rules for all the claims asserted by the Custodian in the Custodian Proof of Claim.

3. The Custodian will not be required to file with the Custodian Proof of Claim any documents in support of its proof of claim (except as provided in paragraph 2, above) as the documents are voluminous in nature. The documents will be available from the Custodian upon written request from a party in interest.

4. Any amendments that the Custodian may make with respect to the Custodian Proof of Claim filed by the Custodian in the Main Case shall constitute the filing of an amended proof of claim in each of the Debtors' cases.

5. This Stipulation is entered into by the Debtors and the Custodian for administrative convenience only and is without prejudice to, and expressly reserves, the rights of all parties-in-interest to contest the allowance of any such claims.

6. The Court shall retain jurisdiction over all matters or disputes under this Stipulation.

Agreed to this 14th day of November, 2012:

| **MORGAN, LEWIS & BOCKIUS LLP** | **MORRISON & FOERSTER LLP** |
|---|---|
| By: s/James L. Garrity, Jr. | By: /s/ Todd M. Goren |
| James L. Garrity, Jr. | Todd M. Goren |
| John C. Goodchild, III (admitted *pro hac vice*) | Gary S. Lee |
| 101 Park Avenue | Lorenzo Marinuzzi |
| New York, New York 10178-0600 | 1290 Avenue of the Americas |
| Telephone: (212) 309-6000 | New York, New York 10104 |
| Facsimile: (212) 309-6001 | Tel: (212) 468-8000 |
|  | Fax: (212) 468- 7900 |
| *Counsel to Deutsche Bank National Trust Company and Deutsche Bank Trust Company Americas* | *Counsel to Residential Capital, LLC, et al., Debtors and Debtors-in-Possession* |

**SO ORDERED**:

Dated: New York, New York
      November 16, 2012

                                       **/s/Martin Glenn**
                                         MARTIN GLENN
                               United States Bankruptcy Judge