**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) |
|  | ) |
|  | ) **Case No. 12-12020 (MG)** |
| **RESIDENTIAL CAPITAL, LLC, *et al.*,** | ) |
|  | ) **Chapter 11** |
|  | ) |
| Debtors. | ) **Jointly Administered** |

**STIPULATION AND ORDER PERMITTING**
**LAW DEBENTURE TRUST COMPANY OF NEW YORK**
<u>**TO FILE PROOFS OF CLAIM AFTER THE BAR DATE**</u>

This stipulation and order (the "**Stipulation**") is made and entered into by, between and

among the debtors and debtors in possession in the above-captioned bankruptcy case

(collectively, the "**Debtors**") [1] and Law Debenture Trust Company of New York ("**Law**

**Debenture,**" and collectively with the Debtors, the "**Parties**"), solely in Law Debenture's

capacity as the Separate Trustee for the mortgage backed securities trusts listed on **Exhibit A**

hereto (the "**Listed Trusts**"). The Parties, by and through their respective counsels, respectfully

submit this Stipulation permitting Law Debenture to file a single proof of claim (a "**Proof of**

**Claim**"), solely for the purpose of asserting Repurchase Claims and Related Claims (each as

defined below) held by a Listed Trust and the indemnities (including, without limitation, the

payment of its fees and reimbursement of its expenses (including, without limitation, reasonable

attorneys' fees and expenses) incurred in performing its duties and exercising its rights as the

Separate Trustee) of the Trustee (as provided for in the Indenture, Pooling and Servicing

Agreements and related agreements associated with each of the Listed Trusts) related to the

performance of its duties as Separate Trustee (the "**Related Claims**"), and allowing Law

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1
to the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11
Petitions and First Day Pleadings [Docket No. 6].

Debenture to submit such Proof of Claim for Repurchase Claims and Related Claims no later than March 1, 2013.

**RECITALS:**

A.  On May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code. The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b). No trustee has been appointed in these Chapter 11 cases.

B.   On August 29, 2012 the Bankruptcy Court set November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for filing proofs of claim against the Debtors (the "**General Bar Date**") pursuant to the *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* (the "**General Bar Date Order**") [Docket No. 1309].

C.   On November 6, 2012 the Bankruptcy Court entered that certain "Stipulation and Order Allowing Certain Parties to File Proofs of Claim After the Bar Date" [Docket No. 2095] (the "**RMBS Trustee Stipulation**").

C.   On November 7, 2012 the Bankruptcy Court ordered that the General Bar Date was extended to and including Friday, November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time) (the "**Extended General Bar Date**") pursuant to the *Order Extending Deadline for Filing Proofs of Claim* [Docket No. 2093] (the "**Extended Bar Date Order**").

D.   On November 8, 2012, Law Debenture executed and delivered that certain Appointment Notice Pursuant to Instrument of Appointment and Acceptance of the Separate Trustee (the "**IAA**"), a copy of which is attached hereto as **Exhibit B**.  Upon execution and

2

delivery of the IAA by Law Debenture, Law Debenture became the Separate Trustee for the Listed Trusts, with the duties specified in the IAA and the five "*Order[s] with respect to Verified Petitions of Wells Fargo Bank, National Association as Trustee for Instructions in the Administration of a Trust pursuant to Minn. Stat. § 501B.16*" which are attached to the IAA as Exhibit A thereto (the "**Separate Trustee Orders**") to enforce **Repurchase Claims** (as that term is defined in each of the Separate Trustee Orders) and assert Related Claims.

NOW, THEREFORE, it is hereby stipulated and agreed, and upon approval by the Bankruptcy Court it shall be SO ORDERED:

1. The Proof of Claim shall be deemed timely filed notwithstanding the occurrence of the eneral Bar Date or the Extended Bar Date; *provided* that Law Debenture shall cause such Proof of Claim to be actually filed no later than March 1, 2013. Absent further order of the Bankruptcy Court, if Law Debenture fails to comply with this Stipulation by timely filing a Proof of Claim in the appropriate form as set forth below, Law Debenture shall be barred from: (i) asserting any claims against the Debtors or their Chapter 11 estates; and (ii) participating in any distribution in these Chapter 11 cases on account of any and all claims Law Debenture may have against any of the Debtors or their Chapter 11 estates.

2. Notwithstanding any provision of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, any order of the Bankruptcy Court, including the General Bar Date Order or the Extended General Bar Date Order, or any approved proof of claim form that may otherwise require Law Debenture to file separate proofs of claim against one or more Debtors or to file separate proofs of claim with respect to each Listed Trust, the filing of a single Proof of Claim for Repurchase Claims and Related Claims by Law Debenture on its own behalf or on behalf of the Listed Trusts in the

jointly administered Chapter 11 case of Residential Capital, LLC, Case No. 12-12020 (MG), shall constitute the filing of such Proof of Claim in each of the Debtors' cases for all Repurchase Claims and Related Claims asserted in the Proof of Claim, *provided, however*, that such Proof of Claim (or an attachment thereto) shall set forth, on a trust-by-trust basis, each Repurchase Claim asserted against each Debtor, and for each such Repurchase Claim provide, at a minimum, (i) the amount of the claim, or, that the claim is contingent and/or unliquidated; (ii) the capacity in which Law Debenture is acting in asserting the claim (*i.e.*, as Separate Trustee); and (iii) the name of the Debtors against which the claim is asserted and the basis upon which each Debtor is asserted to be liable for the claim.

3. Law Debenture will not be required to file with the Proof of Claim any documents in support of the Proof of Claim (except as provided in paragraph 2, above) as the documents are voluminous in nature.  The documents will be available from Law Debenture upon written request from a party in interest.

4. Any amendments that Law Debenture may make with respect to any Proof of Claim filed by Law Debenture in Case No. 12-12020 (MG), shall constitute the filing of an amended Proof of Claim in each of the Debtors' cases.

5. The Parties shall retain any and all rights and defenses with respect to the Proof of Claim, including with respect to the validity, priority, and amount of any claim asserted pursuant to the Proof of Claim.  Nothing herein shall constitute or be deemed to constitute an admission of liability by the Debtors with respect to any claim.

6. This Stipulation shall not become effective unless and until it is approved and entered by the Bankruptcy Court.

7. This Stipulation is entered into by the Debtors and Law Debenture for administrative convenience only and is without prejudice to, and expressly reserves, the rights of all parties-in-interest to contest the allowance of any such claims.

8. Neither the Stipulation nor any negotiations and writings in connection with this Stipulation shall in any way be construed as or deemed to constitute: (a) an admission of liability by the Debtors with respect to any claim asserted by the Proof of Claim; or (b) evidence of or an admission on behalf of Law Debenture regarding any claim or right that Law Debenture may have against the Debtors, other than as provided herein.

9. Each of the Parties hereto represents and warrants it is duly authorized to enter into and be bound by this Stipulation.

10. This Stipulation may be executed in multiple counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which shall be deemed an original, but all of which together shall constitute one instrument.

11. The Bankruptcy Court shall retain jurisdiction to hear any disputes relating to or arising from this Stipulation.

12. The terms and conditions of this Stipulation shall be immediately effective and enforceable upon its entry by the Bankruptcy Court.

**SO STIPULATED.**

Dated: November 14, 2012

Todd M. Goren
Gary S. Lee
Anthony Princi
Darryl Rains
Jamie A. Levitt

 /s/ Todd M. Goren
**MORRISON & FOERSTER LLP**
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-800
Facsimile: (212) 468-7900
*Counsel to the Debtors and Debtors in Possession*

Dale C. Christensen, Jr.

 /s/ Dale C. Christensen, Jr.
**SEWARD & KISSEL LLP**
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 574-1200
Facsimile: (212) 480-8421

*Counsel to Law Debenture Trust Company of New York*

**SO ORDERED, THIS**
16th day of November, 2012

            **/s/Martin Glenn**
            MARTIN GLENN
            United States Bankruptcy Judge

**Exhibit A – Listed Trusts**

| |
|---|
| *GMACM 2000-HE2* |
| *GMACM 2000-HE4* |
| *GMACM 2002-HE1* |
| *GMACM 2002-HE3* |
| *GMACM 2002-HE4* |
| *GMACM 2003-HE1* |
| *GMACM 2003-HE2* |
| *GMACM 2004-HE1* |
| *GMACM 2004-HE2* |
| *GMACM 2004-HE5* |
| *GMACM 2005-HE1* |
| *GMACM 2005-HE2* |
| *GMACM 2004-VFT* |
| *GMACM 2005-AA1* |
| *GMACM 2006-AR1* |
| *GMACM 2006-J1* |

**Exhibit B – Appointment Notice Pursuant to
Instrument of Appointment and Acceptance of the Separate Trustee**



Corporate Trust Services
MAC N2702-011
9062 Old Annapolis Road
Columbia, MD 21045

Tel: 410 884 2000
Fax: 410 715 2380

November 7, 2012

Law Debenture Trust Company of New York
400 Madison Avenue, 4th Floor
New York, New York 10017
Attention: Corporate Trust Department

    Re:    <u>Appointment Notice pursuant to Instrument of Appointment and Acceptance of the
Separate Trustee</u>

Dear Ladies and Gentlemen:

Reference is made to that certain Instrument of Appointment and Acceptance dated as of March
28, 2012 (the "<u>Agreement</u>") between Wells Fargo Bank, National Association, as trustee (the
"<u>Trustee</u>"), and Law Debenture Trust Company of New York, as separate trustee (the "<u>Separate
Trustee</u>"). Capitalized terms used and not otherwise defined herein shall have the meanings
assigned to them in the Agreement.

Pursuant to Section 1.2 of the Agreement, the Trustee hereby notifies the Separate Trustee of its
appointment as Separate Trustee to perform the Separate Trustee Duties with respect to the
Underlying Agreements. The Trustee also hereby delivers a copy of the entered TIP Orders,
attached hereto as <u>Exhibits A through E</u>. The delivery of this letter and the attached TIP Orders
shall constitute the delivery of the Appointment Notice pursuant to Section 1.2 of the Agreement.

Please execute and return the acknowledgment below to the Trustee to confirm receipt of the
Appointment Notice and the related TIP Orders. Such acknowledgement will also confirm that
the Trustee has delivered [via its secure website located at www.ctslink.com] and the Separate
Trustee has received the Supplemental Information pursuant to Section 1.2 of the Agreement.
The Separate Trustee confirms that the Effective Date of its appointment shall be the date the
acknowledgement below.

Together we'll go far

Regards,

**WELLS FARGO BANK, N.A.,** as Trustee

By: _Mary L. Schlberg_

Name: _Mary L. Schlberg_

Title: _Vice President_

Acknowledgement, dated as of [ _November 8 20_ ]2

**LAW DEBENTURE TRUST COMPANY
OF NEW YORK,** as Separate Trustee

By: _____

Name: _____

Title: _James D. Heaney_

      Managing Director

## EXHIBIT A

TIP Order for:
GMAC 2000-HE2

FILED

12 NOV -8 AM 10: 07
BY: PROBATE/MENTAL HEALTH
FOURTH DISTRICT COURT

STATE OF MINNESOTA                          DISTRICT COURT

COUNTY OF HENNEPIN                          FOURTH JUDICIAL DISTRICT

In the Matter of:                           **Case Type: Other**

GMACM Home Equity Loan Trust                **File No. 27-TR-CV-12-165**
2000-HE2

## ORDER WITH RESPECT TO VERIFIED PETITION OF WELLS FARGO BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR INSTRUCTIONS IN THE ADMINISTRATION OF A TRUST PURSUANT TO MINN. STAT. § 501B.16

· This matter came on for hearing on November 7, 2012, on the Verified Petition of Wells

Fargo Bank, National Association as Trustee ("Wells Fargo Bank" or the "Trustee") for

Instruction in the Administration of a Trust Pursuant to Minn. Stat. § 501B.16 (the "Petition").

Appearances, if any, were as noted on the record. Based upon the entire file, record and

proceedings herein, the Court, having been fully advised in the premises, hereby finds and orders

as follows:

1.      The Petition is granted.

2.      Petitioner Wells Fargo Bank, National Association, is a national banking

association with a main corporate trust office in Minneapolis, Minnesota, duly established and

existing, and authorized to accept and execute trusts.

3.      Pursuant to the terms of the Indenture identified in Exhibit A to the Petition, the

Trustee is duly appointed, qualified, and acting as Trustee for the holders of notes issued by the

GMACM Home Equity Loan Trust 2000-HE2 (the "Trust"), which was created under and

governed by the Trust Agreement identified in Exhibit A to the Petition.

4.    The Trustee has filed the Petition requesting (i) authority to enter into the Instrument of Appointment and Acceptance attached to the Petition as Exhibit B (the "IAA"), pursuant to which Law Debenture Trust Company of New York ("Law Debenture") would be appointed as a separate trustee (the "Separate Trustee"), and (ii) the Court's confirmation of the appointment of the Separate Trustee to pursue the Repurchase Claims (as defined below).

5.    Under Minn. Stat. § 501B.16, this Court has jurisdiction over all matters presented in the Petition.

6.    Under Minn. Stat. § 501B.17, venue is proper in Hennepin County, Minnesota, because the Trustee has a corporate trust office in Minneapolis, Minnesota, and the Trust is administered in part in Minneapolis, Minnesota.

7.    Proper, timely, adequate and sufficient notice of the Petition and the hearing on the Petition has been provided in accordance with Minn. Stat. 501B.18 and this Court's Order for Hearing of October 10, 2012, and such notice was good, sufficient and appropriate under the particular circumstances, and no other or further notice of the Petition or the hearing on the Petition is required.

IT IS HEREBY ORDERED AS FOLLOWS:

(a)    The Trustee is authorized to enter into the IAA to appoint the Separate Trustee.

(b)    The Trustee and the Separate Trustee are authorized to perform all of their respective obligations under the IAA.

(c)    The appointment of Law Debenture as the Separate Trustee pursuant to the terms of the IAA is hereby confirmed.

(d)    The Separate Trustee is authorized, subject to the terms and limitations of the Indenture, to take actions to enforce claims against the Potentially Responsible Parties (as

2

defined in the Petition), including but not limited to (i) demanding production of files and other information relating to the Mortgage Loans (as defined in the Petition) (the "Loan Files") by the Potentially Responsible Parties or servicers of the Mortgage Loans ("Servicers"), (ii) commencing litigation or asserting claims to compel the Potentially Responsible Parties or Servicers to turn over Loan Files, (iii) making demands on the Potentially Responsible Parties to repurchase Mortgage Loans, (iv) commencing litigation to compel the Potentially Responsible Parties to repurchase Mortgage Loans, and (v) taking any other actions authorized by the Indenture to enforce a Potentially Responsible Party's obligation to repurchase Mortgage Loans (collectively, the "Repurchase Claims"), to the extent of the powers of the Trustee, and to withdraw, compromise or settle the Repurchase Claims.

(e)     The Separate Trustee is afforded all of the rights, powers, privileges, protections, indemnities (including, without limitation, the payment of its fees and reimbursement of its expenses (including, without limitation, reasonable attorneys' fees and expenses) incurred in performing its duties and exercising its rights as the Separate Trustee) of the Trustee provided for in the Indenture related to the performance of its duties as Separate Trustee.

(f)     The Trust's distribution accounts shall pay the Separate Trustee's fees and expenses, indemnity claims and other amounts payable to the Separate Trustee or, to the extent necessary, reimburse the Trustee for its payment of such fees and expenses, indemnity claims and other amounts, pursuant to the IAA.

(g)     Upon appointment of the Separate Trustee, the Trustee shall have no further duty or obligation to the holders of the notes issued by the Trust with respect to the enforcement of Repurchase Claims or any other duties under the Indenture to the extent that they have been delegated to the Separate Trustee pursuant to the IAA.

3

(h)    Upon appointment of the Separate Trustee, the Separate Trustee shall have been delegated the rights, powers and obligations of the Trustee, but only to the extent of those rights, powers and obligations set forth in the Indenture with respect to the enforcement of the Repurchase Claims, including those deemed necessary to enforce the Repurchase Claims to the extent set forth in Sections 3.12 and 5.17 of the Indenture, and administrative and ministerial obligations set forth in the Indenture related thereto, provided that nothing herein or in the IAA shall be construed to expand the duties of the Trustee or the Separate Trustee.

(i)    The Separate Trustee shall have no duties or obligations under the Indenture except those duties specifically set forth in the IAA and this order.

(j)    The Trustee and the Trust shall not be subject to the continuing supervision of the Court for purposes of Minn. Stat. § 501B.23 or General Rule of Practice 417.02.

(k)    The Trustee is hereby directed to deliver a copy of this Order to each noteholder of record using the normal procedures the Trustee uses for giving notices to noteholders.

(l)    The Court's instruction to the Trustee herein is a final order binding in rem upon the Trust and each party with an interest therein.

Dated: November 6, 2012

_____
DISTRICT COURT JUDGE

Order Recommended by:

_____
Dean Maus
District Court Referee
dms.us.49013587.06

Date: November 7, 2012

4

**EXHIBIT B**

TIP Order for:
GMAC 2000-HE4
GMAC 2002-HE1
GMAC 2002-HE3
GMAC 2002-HE4
GMAC 2003-HE1
GMAC 2003-HE2
GMAC 2004-HE1
GMAC 2004-HE2
GMAC 2004-HE5
GMAC 2005-HE1
GMAC 2005-HE2

FILED

12 NOV -8 AM 10: 07

STATE OF MINNESOTA
BY: PROBATE/MENTAL HEALTH
FOURTH DISTRICT COURT
COUNTY OF HENNEPIN

DISTRICT COURT

FOURTH JUDICIAL DISTRICT

In the Matter of:

GMACM Home Equity Loan Trust 2000-HE4;
GMACM Home Equity Loan Trust 2002-HE1;
GMACM Home Equity Loan Trust 2002-HE3;
GMACM Home Equity Loan Trust 2002-HE4;
GMACM Home Equity Loan Trust 2003-HE1;
GMACM Home Equity Loan Trust 2003-HE2;
GMACM Home Equity Loan Trust 2004-HE1;
GMACM Home Equity Loan Trust 2004-HE2;
GMACM Home Equity Loan Trust 2004-HE5;
GMACM Home Equity Loan Trust 2005-HE1;
and
GMACM Home Equity Loan Trust 2005-HE2

Case Type:  **Other**

**File No. 27-TR-CV-12-168**

---

**ORDER WITH RESPECT TO VERIFIED PETITION OF WELLS FARGO BANK,
NATIONAL ASSOCIATION AS TRUSTEE FOR INSTRUCTIONS IN THE
ADMINISTRATION OF A TRUST PURSUANT TO MINN. STAT. § 501B.16**

This matter came on for hearing on November 7, 2012, on the Verified Petition of Wells

Fargo Bank, National Association as Trustee ("Wells Fargo Bank" or the "Trustee") for

Instruction in the Administration of a Trust Pursuant to Minn. Stat. § 501B.16 (the "Petition").

Appearances, if any, were as noted on the record.  Based upon the entire file, record and

proceedings herein, the Court, having been fully advised in the premises, hereby finds and orders

as follows:

1.      The Petition is granted.

2.      Petitioner Wells Fargo Bank, National Association, is a national banking

association with a main corporate trust office in Minneapolis, Minnesota, duly established and

existing, and authorized to accept and execute trusts.

3.      Pursuant to the terms of the Indentures identified in Exhibit A to the Petition, the

Trustee is duly appointed, qualified, and acting as Trustee for the holders of notes issued by the

GMACM Home Equity Loan Trust 2000-HE4, GMACM Home Equity Loan Trust 2002-HE1,

GMACM Home Equity Loan Trust 2002-HE3, GMACM Home Equity Loan Trust 2002-HE4,

GMACM Home Equity Loan Trust 2003-HE1, GMACM Home Equity Loan Trust 2003-HE2,

GMACM Home Equity Loan Trust 2004-HE1, GMACM Home Equity Loan Trust 2004-HE2,

GMACM Home Equity Loan Trust 2004-HE5, GMACM Home Equity Loan Trust 2005-HE1

and GMACM Home Equity Loan Trust 2005-HE2 (the "Trusts"), which were created under and

governed by the Trust Agreements identified in Exhibit A to the Petition.

4.      The Trustee has filed the Petition requesting (i) authority to enter into the

Instrument of Appointment and Acceptance attached to the Petition as Exhibit B (the "IAA"),

pursuant to which Law Debenture Trust Company of New York ("Law Debenture") would be

appointed as a separate trustee (the "Separate Trustee"), and (ii) the Court's confirmation of the

appointment of the Separate Trustee to pursue the Repurchase Claims (as defined below).

5.      Under Minn. Stat. § 501B.16, this Court has jurisdiction over all matters

presented in the Petition.

6.      Under Minn. Stat. § 501B.17, venue is proper in Hennepin County, Minnesota,

because the Trustee has a corporate trust office in Minneapolis, Minnesota, and the Trusts are

administered in part in Minneapolis, Minnesota.

7.      Proper, timely, adequate and sufficient notice of the Petition and the hearing on

the Petition has been provided in accordance with Minn. Stat. 501B.18 and this Court's Order for

Hearing of October 10, 2012, and such notice was good, sufficient and appropriate under the

2

particular circumstances, and no other or further notice of the Petition or the hearing on the

Petition is required.

IT IS HEREBY ORDERED AS FOLLOWS:

     (a)     The Trustee is authorized to enter into the IAA to appoint the Separate Trustee.

     (b)     The Trustee and the Separate Trustee are authorized to perform all of their respective obligations under the IAA.

     (c)     The appointment of Law Debenture as the Separate Trustee pursuant to the terms of the IAA is hereby confirmed.

     (d)     The Separate Trustee is authorized, subject to the terms and limitations of the Indentures, to take actions to enforce claims against the Potentially Responsible Parties (as defined in the Petition), including but not limited to (i) demanding production of files and other information relating to the Mortgage Loans (as defined in the Petition) (the "Loan Files") by the Potentially Responsible Parties or servicers of the Mortgage Loans ("Servicers"), (ii) commencing litigation or asserting claims to compel the Potentially Responsible Parties or Servicers to turn over Loan Files, (iii) making demands on the Potentially Responsible Parties to repurchase Mortgage Loans, (iv) commencing litigation to compel the Potentially Responsible Parties to repurchase Mortgage Loans, and (v) taking any other actions authorized by the Indentures to enforce a Potentially Responsible Party's obligation to repurchase Mortgage Loans (collectively, the "Repurchase Claims"), to the extent of the powers of the Trustee, and to withdraw, compromise or settle the Repurchase Claims.

     (e)     The Separate Trustee is afforded all of the rights, powers, privileges, protections, indemnities (including, without limitation, the payment of its fees and reimbursement of its expenses (including, without limitation, reasonable attorneys' fees and expenses) incurred in

3

performing its duties and exercising its rights as the Separate Trustee) of the Trustee provided for in the Indentures related to the performance of its duties as Separate Trustee.

(f)    The Trusts' distribution accounts shall pay the Separate Trustee's fees and expenses, indemnity claims and other amounts payable to the Separate Trustee or, to the extent necessary, reimburse the Trustee for its payment of such fees and expenses, indemnity claims and other amounts, pursuant to the IAA.

(g)    Upon appointment of the Separate Trustee, the Trustee shall have no further duty or obligation to the holders of the notes issued by the Trusts with respect to the enforcement of Repurchase Claims or any other duties under the Indentures to the extent that they have been delegated to the Separate Trustee pursuant to the IAA.

(h)    Upon appointment of the Separate Trustee, the Separate Trustee shall have been delegated the rights, powers and obligations of the Trustee, but only to the extent of those rights, powers and obligations set forth in the Indentures with respect to the enforcement of the Repurchase Claims, including those deemed necessary to enforce the Repurchase Claims to the extent set forth in Sections 3.12 and 5.17 of the Indentures, and administrative and ministerial obligations set forth in the Indentures related thereto, provided that nothing herein or in the IAA shall be construed to expand the duties of the Trustee or the Separate Trustee.

(i)    The Separate Trustee shall have no duties or obligations under the Indentures except those duties specifically set forth in the IAA and this order.

(j)    The Trustee and the Trusts shall not be subject to the continuing supervision of the Court for purposes of Minn. Stat. § 501B.23 or General Rule of Practice 417.02.

(k)    The Trustee is hereby directed to deliver a copy of this Order to each noteholder of record using the normal procedures the Trustee uses for giving notices to noteholders.

4

(I)     The Court's instruction to the Trustee herein is a final order binding in rem upon

the Trusts and each party with an interest therein.

Dated: November 9, 2012

DISTRICT COURT JUDGE

Order Recommended by:

Dean Maus
District Court Referee

Date: November 7, 2012

dms.us.49014841.05

5

EXHIBIT C

TIP Order for:
GMAC 2004-VFT

FILED

STATE OF MINNESOTA **12 NOV -8 AM 10: 07**    DISTRICT COURT

**BY: PROBATE/MENTAL HEALTH**
COUNTY OF HENNEPIN **FOURTH DISTRICT COURT**    FOURTH JUDICIAL DISTRICT

---

In the Matter of:

GMACM Home Equity Notes 2004
Variable Funding Trust

**Case Type: Other**

**File No. 27-TR-CV-12-166**

---

### ORDER WITH RESPECT TO VERIFIED PETITION OF WELLS FARGO BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR INSTRUCTIONS IN THE ADMINISTRATION OF A TRUST PURSUANT TO MINN. STAT. § 501B.16

This matter came on for hearing on November 7, 2012, on the Verified Petition of Wells

Fargo Bank, National Association as Trustee ("Wells Fargo Bank" or the "Trustee") for

Instruction in the Administration of a Trust Pursuant to Minn. Stat. § 501B.16 (the "Petition").

Appearances, if any, were as noted on the record. Based upon the entire file, record and

proceedings herein, the Court, having been fully advised in the premises, hereby finds and orders

as follows:

1. The Petition is granted.

2. Petitioner Wells Fargo Bank, National Association, is a national banking

association with a main corporate trust office in Minneapolis, Minnesota, duly established and

existing, and authorized to accept and execute trusts.

3. Pursuant to the terms of the Indenture identified in Exhibit A to the Petition, the

Trustee is duly appointed, qualified, and acting as Trustee for the holders of notes issued by the

GMACM Home Equity Notes 2004 Variable Funding Trust (the "Trust"), which was created

under and is governed by the Trust Agreement identified in Exhibit A to the Petition.

4.      The Trustee has filed the Petition requesting (i) authority to enter into the Instrument of Appointment and Acceptance attached to the Petition as Exhibit B (the "IAA"), pursuant to which Law Debenture Trust Company of New York ("Law Debenture") would be appointed as a separate trustee (the "Separate Trustee"), and (ii) the Court's confirmation of the appointment of the Separate Trustee to pursue the Repurchase Claims (as defined below).

5.      Under Minn. Stat. § 501B.16, this Court has jurisdiction over all matters presented in the Petition.

6.      Under Minn. Stat. § 501B.17, venue is proper in Hennepin County, Minnesota, because the Trustee has a corporate trust office in Minneapolis, Minnesota, and the Trust is administered in part in Minneapolis, Minnesota.

7.      Proper, timely, adequate and sufficient notice of the Petition and the hearing on the Petition has been provided in accordance with Minn. Stat. 501B.18 and this Court's Order for Hearing of October 10, 2012, and such notice was good, sufficient and appropriate under the particular circumstances, and no other or further notice of the Petition or the hearing on the Petition is required.

IT IS HEREBY ORDERED AS FOLLOWS:

(a)      The Trustee is authorized to enter into the IAA to appoint the Separate Trustee.

(b)      The Trustee and the Separate Trustee are authorized to perform all of their respective obligations under the IAA.

(c)      The appointment of Law Debenture as the Separate Trustee pursuant to the terms of the IAA is hereby confirmed.

(d)      The Separate Trustee is authorized, subject to the terms and limitations of the Indenture, to take actions to enforce claims against the Potentially Responsible Parties (as

2

defined in the Petition), including but not limited to (i) demanding production of files and other information relating to the Mortgage Loans (as defined in the Petition) (the "Loan Files") by the Potentially Responsible Parties or servicers of the Mortgage Loans ("Servicers"), (ii) commencing litigation or asserting claims to compel the Potentially Responsible Parties or Servicers to turn over Loan Files, (iii) making demands on the Potentially Responsible Parties to repurchase Mortgage Loans, (iv) commencing litigation to compel the Potentially Responsible Parties to repurchase Mortgage Loans, and (v) taking any other actions authorized by the Indenture to enforce a Potentially Responsible Party's obligation to repurchase Mortgage Loans (collectively, the "Repurchase Claims"), to the extent of the powers of the Trustee, and to withdraw, compromise or settle the Repurchase Claims.

(e)    The Separate Trustee is afforded all of the rights, powers, privileges, protections, indemnities (including, without limitation, the payment of its fees and reimbursement of its expenses (including, without limitation, reasonable attorneys' fees and expenses) incurred in performing its duties and exercising its rights as the Separate Trustee) of the Trustee provided for in the Indenture related to the performance of its duties as Separate Trustee.

(f)    The Trust's distribution accounts shall pay the Separate Trustee's fees and expenses, indemnity claims and other amounts payable to the Separate Trustee or, to the extent necessary, reimburse the Trustee for its payment of such fees and expenses, indemnity claims and other amounts, pursuant to the IAA.

(g)    Upon appointment of the Separate Trustee, the Trustee shall have no further duty or obligation to the holders of the notes issued by the Trust with respect to the enforcement of Repurchase Claims or any other duties under the Indenture to the extent that they have been delegated to the Separate Trustee pursuant to the IAA.

3

(h)    Upon appointment of the Separate Trustee, the Separate Trustee shall have been delegated the rights, powers and obligations of the Trustee, but only to the extent of those rights, powers and obligations set forth in the Indenture with respect to the enforcement of the Repurchase Claims, including those deemed necessary to enforce the Repurchase Claims to the extent set forth in the "Granting Clause" of the Indenture, Sections 3.12 and 5.17 of the Indenture, and administrative and ministerial obligations set forth in the Indenture related thereto, provided that nothing herein or in the IAA shall be construed to expand the duties of the Trustee or the Separate Trustee.

(i)    The Separate Trustee shall have no duties or obligations under the Indenture except those duties specifically set forth in the IAA and this order.

(j)    The Trustee and the Trust shall not be subject to the continuing supervision of the Court for purposes of Minn. Stat. § 501B.23 or General Rule of Practice 417.02.

(k)    The Trustee is hereby directed to deliver a copy of this Order to each noteholder of record using the normal procedures the Trustee uses for giving notices to noteholders.

(l)    The Court's instruction to the Trustee herein is a final order binding in rem upon the Trust and each party with an interest therein.

Dated: November _7_, 2012

_____
DISTRICT COURT JUDGE

Order Recommended by:

_____
Dean Maus                                        Date: November _7_, 2012
District Court Referee
dms.us.49028065.05

4

EXHIBIT D

TIP Order for:
GMAC 2005-AA1

FILED

12 NOV -8 AM 10: 07

STATE OF MINNESOTA     BY: PROBATE/MENTAL HEALTH       DISTRICT COURT
                       FOURTH DISTRICT COURT
COUNTY OF HENNEPIN                          FOURTH JUDICIAL DISTRICT

---

In the Matter of:                  **Case Type: Other**

GMACM Mortgage Loan Trust 2005-AA1     **File No. 27-TR-CV-12-167**

---

### ORDER WITH RESPECT TO VERIFIED PETITION OF WELLS FARGO BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR INSTRUCTIONS IN THE ADMINISTRATION OF A TRUST PURSUANT TO MINN. STAT. § 501B.16

This matter came on for hearing on November 7, 2012, on the Verified Petition of Wells Fargo Bank, National Association as Trustee ("Wells Fargo Bank" or the "Trustee") for Instruction in the Administration of a Trust Pursuant to Minn. Stat. § 501B.16 (the "Petition"). Appearances, if any, were as noted on the record. Based upon the entire file, record and proceedings herein, the Court, having been fully advised in the premises, hereby finds and orders as follows:

1.      The Petition is granted.

2.      Petitioner Wells Fargo Bank, National Association, is a national banking association with a main corporate trust office in Minneapolis, Minnesota, duly established and existing, and authorized to accept and execute trusts.

3.      The Trustee is duly appointed, qualified, and acting as Trustee of the GMACM Mortgage Loan Trust 2005-AA1 (the "Trust"), which was created under and is governed by the Trust Agreement identified in Exhibit A to the Petition.

4.      The Trustee has filed the Petition requesting (i) authority to enter into the Instrument of Appointment and Acceptance attached to the Petition as Exhibit B (the "IAA"),

pursuant to which Law Debenture Trust Company of New York ("Law Debenture") would be

appointed as a separate trustee (the "Separate Trustee"), and (ii) the Court's confirmation of the

appointment of the Separate Trustee to pursue the Repurchase Claims (as defined below).

     5.     Under Minn. Stat. § 501B.16, this Court has jurisdiction over all matters

presented in the Petition.

     6.     Under Minn. Stat. § 501B.17, venue is proper in Hennepin County, Minnesota,

because the Trustee has a corporate trust office in Minneapolis, Minnesota, and the Trust is

administered in part in Minneapolis, Minnesota.

     7.     Proper, timely, adequate and sufficient notice of the Petition and the hearing on

the Petition has been provided in accordance with Minn. Stat. 501B.18 and this Court's Order for

Hearing of October 10, 2012, and such notice was good, sufficient and appropriate under the

particular circumstances, and no other or further notice of the Petition or the hearing on the

Petition is required.

IT IS HEREBY ORDERED AS FOLLOWS:

     (a)     The Trustee is authorized to enter into the IAA to appoint the Separate Trustee.

     (b)     The Trustee and the Separate Trustee are authorized to perform all of their

respective obligations under the IAA.

     (c)     The appointment of Law Debenture as the Separate Trustee pursuant to the terms

of the IAA is hereby confirmed.

     (d)     The Separate Trustee is authorized, subject to the terms and limitations of the

Trust Agreement, to take actions to enforce claims against the Potentially Responsible Parties (as

defined in the Petition), including but not limited to (i) demanding production of files and other

information relating to the Mortgage Loans (as defined in the Petition) (the "Loan Files") by the

2

Potentially Responsible Parties or servicers of the Mortgage Loans ("Servicers"), (ii)
commencing litigation or asserting claims to compel the Potentially Responsible Parties or
Servicers to turn over Loan Files, (iii) making demands on the Potentially Responsible Parties to
repurchase Mortgage Loans, (iv) commencing litigation to compel the Potentially Responsible
Parties to repurchase Mortgage Loans, and (v) taking any other actions authorized by the Trust
Agreement to enforce a Potentially Responsible Party's obligation to repurchase Mortgage
Loans (collectively, the "Repurchase Claims"), to the extent of the powers of the Trustee, and to
withdraw, compromise or settle the Repurchase Claims.

(e)    The Separate Trustee is afforded all of the rights, powers, privileges, protections,
indemnities (including, without limitation, the payment of its fees and reimbursement of its
expenses (including, without limitation, reasonable attorneys' fees and expenses) incurred in
performing its duties and exercising its rights as the Separate Trustee) of the Trustee provided for
in the Trust Agreement related to the performance of its duties as Separate Trustee.

(f)    The Trust's distribution accounts shall pay the Separate Trustee's fees and
expenses, indemnity claims and other amounts payable to the Separate Trustee or, to the extent
necessary, reimburse the Trustee for its payment of such fees and expenses, indemnity claims
and other amounts, pursuant to the IAA.

(g)    Upon appointment of the Separate Trustee, the Trustee shall have no further duty
or obligation to the Trust's beneficiaries with respect to the enforcement of Repurchase Claims
or any other duties under the Trust Agreement to the extent that they have been delegated to the
Separate Trustee pursuant to the IAA.

(h)    Upon appointment of the Separate Trustee, the Separate Trustee shall have been
delegated the rights, powers and obligations of the Trustee, but only to the extent of those rights,

3

powers and obligations set forth in the Trust Agreement with respect to the enforcement of the

Repurchase Claims, including those deemed necessary to enforce the Repurchase Claims to the

extent set forth in Sections 2.01, 2.02 and 2.04 of the Trust Agreement, the right to compel the

Potentially Responsible Parties or Servicers to produce documents and information under

Section 3.20 of the Trust Agreement, and administrative and ministerial obligations set forth in

the Trust Agreement related thereto, provided that nothing herein or in the IAA shall be

construed to expand the duties of the Trustee or the Separate Trustee.

(i)     The Separate Trustee shall have no duties or obligations under the Trust

Agreement except those duties specifically set forth in the IAA and this order.

(j)     The Trustee and the Trust shall not be subject to the continuing supervision of the

Court for purposes of Minn. Stat. § 501B.23 or General Rule of Practice 417.02.

(k)     The Trustee is hereby directed to deliver a copy of this Order to each

Certificateholder of record using the normal procedures the Trustee uses for giving notices to

Certificateholders.

(l)     The Court's instruction to the Trustee herein is a final order binding in rem upon

the Trust and each party with an interest therein.

Dated: November _8_, 2012

_____
DISTRICT COURT JUDGE

Order Recommended by:

_____
Dean Maus
District Court Referee
dms.us.49028068.05

Date: November _7_, 2012

4

## EXHIBIT E

TIP Order for:
GMAC 2006-AR1
GMAC 2006-J1

FILED

12 NOV -8 AM 10: 07

STATE OF MINNESOTA   BY: PROBATE/MENTAL HEALTH
                      FOURTH DISTRICT COURT   DISTRICT COURT

COUNTY OF HENNEPIN                          FOURTH JUDICIAL DISTRICT

_____

In the Matter of:                      **Case Type: Other**

GMACM Mortgage Loan Trust 2006-AR1;    **File No. 27-TR-CV-12-164**
and
GMACM Mortgage Loan Trust 2006-J1

_____

## ORDER WITH RESPECT TO VERIFIED PETITION OF WELLS FARGO BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR INSTRUCTIONS IN THE ADMINISTRATION OF A TRUST PURSUANT TO MINN. STAT. § 501B.16

This matter came on for hearing on November 7, 2012, on the Verified Petition of Wells

Fargo Bank, National Association as Trustee ("Wells Fargo Bank" or the "Trustee") for

Instruction in the Administration of a Trust Pursuant to Minn. Stat. § 501B.16 (the "Petition").

Appearances, if any, were as noted on the record. Based upon the entire file, record and

proceedings herein, the Court, having been fully advised in the premises, hereby finds and orders

as follows:

1.    The Petition is granted.

2.    Petitioner Wells Fargo Bank, National Association, is a national banking

association with a main corporate trust office in Minneapolis, Minnesota, duly established and

existing, and authorized to accept and execute trusts.

3.    The Trustee is duly appointed, qualified, and acting as Trustee of the GMACM

Mortgage Loan Trust 2006-AR1 and the GMACM Mortgage Loan Trust 2006-J1 (the "Trusts"),

which were created under and are governed by the Trust Agreements identified in Exhibit A to

the Petition.

4.    The Trustee has filed the Petition requesting (i) authority to enter into the Instrument of Appointment and Acceptance attached to the Petition as Exhibit B (the "IAA"), pursuant to which Law Debenture Trust Company of New York ("Law Debenture") would be appointed as a separate trustee (the "Separate Trustee"), and (ii) the Court's confirmation of the appointment of the Separate Trustee to pursue the Repurchase Claims (as defined below).

5.    Under Minn. Stat. § 501B.16, this Court has jurisdiction over all matters presented in the Petition.

6.    Under Minn. Stat. § 501B.17, venue is proper in Hennepin County, Minnesota, because the Trustee has a corporate trust office in Minneapolis, Minnesota, and the Trusts are administered in part in Minneapolis, Minnesota.

7.    Proper, timely, adequate and sufficient notice of the Petition and the hearing on the Petition has been provided in accordance with Minn. Stat. 501B.18 and this Court's Order for Hearing of October 10, 2012, and such notice was good, sufficient and appropriate under the particular circumstances, and no other or further notice of the Petition or the hearing on the Petition is required.

IT IS HEREBY ORDERED AS FOLLOWS:

    (a)    The Trustee is authorized to enter into the IAA to appoint the Separate Trustee.

    (b)    The Trustee and the Separate Trustee are authorized to perform all of their respective obligations under the IAA.

    (c)    The appointment of Law Debenture as the Separate Trustee pursuant to the terms of the IAA is hereby confirmed.

    (d)    The Separate Trustee is authorized, subject to the terms and limitations of each Trust Agreement, to take actions to enforce claims against the Potentially Responsible Parties (as

2

defined in the Petition), including but not limited to (i) demanding production of files and other information relating to the Mortgage Loans (as defined in the Petition) (the "Loan Files") by the Potentially Responsible Parties or servicers of the Mortgage Loans ("Servicers"), (ii) commencing litigation or asserting claims to compel the Potentially Responsible Parties or Servicers to turn over Loan Files, (iii) making demands on the Potentially Responsible Parties to repurchase Mortgage Loans, (iv) commencing litigation to compel the Potentially Responsible Parties to repurchase Mortgage Loans, and (v) taking any other actions authorized by the Trust Agreements to enforce a Potentially Responsible Party's obligation to repurchase Mortgage Loans (collectively, the "Repurchase Claims"), to the extent of the powers of the Trustee, and to withdraw, compromise or settle the Repurchase Claims.

(e)    The Separate Trustee is afforded all of the rights, powers, privileges, protections, indemnities (including, without limitation, the payment of its fees and reimbursement of its expenses (including, without limitation, reasonable attorneys' fees and expenses) incurred in performing its duties and exercising its rights as the Separate Trustee) of the Trustee provided for in the Trust Agreements related to the performance of its duties as Separate Trustee.

(f)    The Trusts' distribution accounts shall pay the Separate Trustee's fees and expenses, indemnity claims and other amounts payable to the Separate Trustee or, to the extent necessary, reimburse the Trustee for its payment of such fees and expenses, indemnity claims and other amounts, pursuant to the IAA.

(g)    Upon appointment of the Separate Trustee, the Trustee shall have no further duty or obligation to the Trusts' beneficiaries with respect to the enforcement of Repurchase Claims or any other duties under the Trust Agreements to the extent that they have been delegated to the Separate Trustee pursuant to the IAA.

3

(h)    Upon appointment of the Separate Trustee, the Separate Trustee shall have been delegated the rights, powers and obligations of the Trustee, but only to the extent of those rights, powers and obligations set forth in the Trust Agreements with respect to the enforcement of the Repurchase Claims, including those deemed necessary to enforce the Repurchase Claims to the extent set forth in Sections 2.01, 2.02 and 2.04 of the Trust Agreements, the right to compel the Potentially Responsible Parties or Servicers to produce documents and information under Section 3.21 of the Trust Agreements, and administrative and ministerial obligations set forth in the Trust Agreements related thereto, provided that nothing herein or in the IAA shall be construed to expand the duties of the Trustee or the Separate Trustee.

(i)    The Separate Trustee shall have no duties or obligations under the Trust Agreements except those duties specifically set forth in the IAA and this order.

(j)    The Trustee and the Trusts shall not be subject to the continuing supervision of the Court for purposes of Minn. Stat. § 501B.23 or General Rule of Practice 417.02.

(k)    The Trustee is hereby directed to deliver a copy of this Order to each Certificateholder of record using the normal procedures the Trustee uses for giving notices to Certificateholders.

4

(I)    The Court's instruction to the Trustee herein is a final order binding in rem upon

the Trusts and each party with an interest therein.

Dated: November 7, 2012

DISTRICT COURT JUDGE

Order Recommended by:

Dean Maus 11-7-12
Dean Maus                                    Date: November 7, 2012
District Court Referee
dms.us.49028071.05

5