Hearing Date: November 19, 2012, 10:00 a.m. E.T.
Objection Deadline: November 19, 2012, 10:00 a.m. E.T.

WINSTON & STRAWN LLP
David Neier (dneier@winston.com)
Carey D. Schreiber (cschreiber@winston.com)
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

*Attorneys for Fannie Mae*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

------------------------------------------------------- x

**SUPPLEMENTAL OBJECTION OF FANNIE MAE TO THE DEBTORS' SALE MOTION AND NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS, UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY, AND (II) CURE AMOUNTS RELATED THERETO**

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

Fannie Mae hereby submits this Supplemental Objection (the "Supplemental Objection") to (i) the *Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), and (m), 365 and 1123, and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 For Orders: (A)(I) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expense Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Asset*

*Purchase Agreements Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief* [Docket. No. 61] (the "Sale Motion") solely as it relates to assumption and assignment of Fannie Mae's executory contracts with the Debtors; (ii) the *Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto* [Docket No. 924] (the "Notice"); (iii) the *First Supplemental Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto* [Docket No. 1459]; (iv) the *First Amended and Restated Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto* [Docket No. 1484]; and (v) any other notice or other pleading filed to assume and assign the Debtors' executory contracts with Fannie Mae.[1]  In support of its Supplemental Objection, Fannie Mae respectfully states as follows:[2]

1.  This Supplemental Objection supplements Fannie Mae's previous objections to the proposed assumption and assignment of contracts and related cure amounts and the Sale as more fully set forth in Docket Nos. 302, 1689, 1843 and 2102. In its previous objections, Fannie Mae preliminarily estimated that it was owed cure payments, as of December 31, 2012, of not less than approximately $178,665,000. Fannie Mae reserved the right to supplement that estimated cure amount for any reason. In addition, Fannie Mae noted in its Sale Objection that

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to those terms in the Sale Motion and the notices issued in connection with the Sale Motion.
[2] This Objection does not constitute submission to this Court's jurisdiction by Fannie Mae's Conservator, the Federal Housing Finance Agency ("FHFA") under the Housing and Economic Recovery Act of 2008 ("HERA").

the proper date fixed by the Debtors to file objections to assumption and assignment and related cure amounts is November 19, 2012. *See* Fannie Mae Sale Objection Docket No. 2102 at ¶15.

2. Upon further review and calculations, Fannie Mae estimates that as of November 4, 2012, as set forth in greater detail in Fannie Mae's proofs of claim filed in certain of the Debtors cases, that such Debtors owe Fannie Mae an aggregate total of not less than approximately $415,300,000, together with any amounts owing under 12 U.S.C. § 4617(b)(15)(D), as follows:

| Claim Component – Mortgage Selling and Servicing Contract | Est. Amts. Accrued and Owed Through 12/31/12 (in $ millions) | Est. Amts. Accruing After 12/31/12 (in $ millions) | TOTAL (in $ millions) |
| --- | --- | --- | --- |
| Rep & warranty, including title defects, previously identified (in QAS) | 13.2 | N/A | 13.2 |
| Title defects not yet claimed | 53.9 | 60.4 | 114.3 |
| Projected Rep & warranty violations for post-resolution deliveries (excluding title defects) | N/A | 3.67 | 3.67 |
| MI insurance coverage claims previously billed | 3.5 | N/A | 3.5 |
| MI insurance coverage claims unresolved | 17.9 | 137.4 | 155.3 |
| Compensatory fees billed | 3.0 | N/A | 3.0 |
| Est. compensatory fees not yet billed | 68.93 | N/A | 68.93 |
| Loan delivery fees | 0.34 | N/A | .34 |
| Misc. servicing fees and penalties | 1.94 | N/A | 1.94 |
| Reimbursement for improper withholding of funds due Fannie Mae under Short Sale Online Offer Generation Initiative | 1.15 | N/A | 1.15 |
| Servicing Indemnification Obligations | N/A | 7.27 | 7.27 |
| Foreclosure Timeline Violations |  | 10.1 | 10.1 |
| Pattern Fraud Liabilities |  | Unliquidated | Unliquidated |
| **TOTAL Amt. for MSSC (in $ millions):** | 163.86 | 218.84 | 382.7 |

| Claim Component – Fannie Mae EAF Facility | Current TOTAL (in $ millions) |
|---|---|
|  | 32.6 |

| Claim Component – Fannie Mae IP Agreement | Est. Amts. Accrued and Owed Through 12/31/12 |
|---|---|
| October 2012 Monthly Payment | 304 |
| November 2012 Monthly Payment | 304 |
| December 2012 Monthly Payment | 304 |
| TOTAL Amt. for Fannie Mae IP Agreement: | $912 |
| <u>TOTAL Amount for Fannie Mae's Claims</u> | <u>$415,300,000</u> |

## RESERVATION OF RIGHTS

3.  Fannie Mae reserves all of its rights under the Bankruptcy Code and applicable non-bankruptcy law. In addition, Fannie Mae reserves the right to amend or supplement this Supplemental Objection, including with respect to cure amounts.

Dated: New York, New York
       November 16, 2012

Respectfully Submitted,

**WINSTON & STRAWN LLP**

By:  /s/David Neier
David Neier (dneier@winston.com)
Carey D. Schreiber (cschreiber@winston.com)
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

*Attorneys for Fannie Mae*