Objection Deadline: November 16, 2012 at 5:00 p.m.
Hearing Date: TBD

**ALSTON & BIRD LLP**
Martin G. Bunin
John C. Weitnauer (*pro hac vice*)
90 Park Avenue
New York, NY 10016
Telephone: (212) 210-9400
Facsimile: (212) 210-9444

*Counsel to Wells Fargo Bank, N.A.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | ) |
| | ) **Case No. 12-12020 (MG)** |
| **RESIDENTIAL CAPITAL, LLC,** *et al.*, | ) |
| | ) **Chapter 11** |
| **Debtors.** | ) |
| | ) **Jointly Administered** |

**OBJECTION AND RESERVATION OF RIGHTS OF WELLS FARGO BANK, N.A., TO (A) FIRST NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN SBO SERVICING AGREEMENTS AS EXECUTORY CONTRACTS AND (II) CURE AMOUNTS RELATED THERETO AND (B) SECOND NOTICE OF (I) DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN SBO SERVICING AGREEMENTS AS EXECUTORY CONTRACTS AND (II) CURE AMOUNTS RELATED THERETO**

The corporate trust division of Wells Fargo Bank, N.A., as master servicer, trustee, securities administrator, custodian, or other capacity (in any such capacity, referred to herein as "**Wells Fargo**"), hereby files its Objection and Reservation of Rights (the "**Objection**") to cure amounts and the assumption and assignment of certain contracts proposed by the (a) *First Notice of (I) Debtors' Intent to Assume and Assign Certain SBO Servicing Agreements as Executory Contracts and (II) Cure Amounts Related Thereto* (Docket No. 2076; the "**Whole Loan Notice**") and the (b) *Second Notice of (I) Debtors' Intent to Assume and Assign Certain SBO Servicing Agreements as Executory Contracts and (II) Cure Amounts Related Thereto* (Docket No. 2077; the "**Servicing Platform Notice**;" together with the Whole Loan Notice, the "**SBO Cure Notices**"). Wells Fargo respectfully states as follows:

1

**OBJECTION AND RESERVATION OF RIGHTS**

1. The SBO Cure Notices lists several contracts that specify Wells Fargo as the contract counterparty. However, in many instances, the SBO Cure Notices fail to adequately describe the contract in order to allow Wells Fargo to actually identify the contract the Debtors intend to assume and assign (the "**Unidentified Contracts**"). In such cases, Wells Fargo is thus unable to assess the appropriateness of the proposed cure amount and the proposed assumption and assignment.

2. It is also possible that contracts are listed which do not identify Wells Fargo as a counterparty or account holder, but for which Wells Fargo may hold an interest. Since the SBO Cure Notices provide only limited information regarding the contracts to be assumed, it is impossible to determine whether contracts that do not identify Wells Fargo may nevertheless affect Wells Fargo's rights and obligations, let alone correctly identify any cure amounts.

3. For example: Schedule 1 to the Servicing Platform Notice lists a number of contracts described as "Wells Fargo servicing terms agreement " each dated different dates and "Wells Fargo Seller Warranties and Servicing Agreement dated 3/1/05" which each lists "Wells Fargo Bank, N.A." as a "Counterparty." Servicing Platform Notice, Schedule 1 at 5. The descriptions of these contracts do not correlate with any contracts to which Wells Fargo is aware it is a party. Wells Fargo cannot evaluate the proposed cure amount or the proposed assumption and assignment of these contracts unless additional information is provided by Debtors that allows Wells Fargo to properly identify the contracts at issue.

4. In addition, Schedule 1 to the Whole Loan Notice also lists two contracts which identify Wells Fargo as a "Counterparty." The descriptions of these contracts do not correlate with any contracts to which Wells Fargo is aware it is party. Wells Fargo cannot evaluate the proposed cure amount or the proposed assumption and assignment of these contracts unless

additional information is provided by Debtors that allows Wells Fargo to properly identify the contracts at issue.

5. Wells Fargo has been in regular contact with counsel for the Debtors to reconcile the list of contracts to be assumed by Ocwen Loan Servicing, LLC and Berkshire Hathaway, Inc. with Wells Fargo's own records of such contracts. To date, there remain irreconcilable differences.

6. The SBO Cure Notices do not provide Wells Fargo with adequate notice of certain contracts the Debtors intend to assume and assign and Wells Fargo objects to the assumption and assignment of such Unidentified Contracts due to deficient notice.

7. Wells Fargo reserves the right to file additional objections, amend objections, or otherwise assert objections to proposed cure amounts and/or the assumption and assignment of the Unidentified Contracts. Wells Fargo also reserves its rights to file or otherwise assert any and all claims arising under the Unidentified Contracts.

[*Remainder of page intentionally left blank*]

Dated: November 16, 2012
      New York, New York

                              Respectfully submitted,

                              **ALSTON & BIRD LLP**

                              By: /s/ John C. Weitnauer
                              John C. Weitnauer (*pro hac vice*)
                              Martin G. Bunin
                              William Hao
                              90 Park Avenue
                              New York, NY 10016
                              Telephone: (212) 210-9400
                              Facsimile: (212) 210-9444

                              *Counsel to Wells Fargo Bank, N.A.*