Objection Deadline: November 16, 2012 at 5:00 p.m.
Hearing Date: November 19, 2012 at 10:00 a.m.

FEATHERSTONE PETRIE DESISTO LLP
600 Seventeenth Street
Suite 2400-S
Denver, Colorado 80202-5424
Andrew J. Petrie (*pro hac vice*)
Phone: 303-626-7100
Fax: 303-626-7101
apetrie@featherstonelaw.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
In re                                                                    :
                                                                         : Case No. 12-12020 (MG)
**RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,**                             :
                                                                         : Chapter 11
                                                                         :
                      Debtors.                                           : Jointly Administered
------------------------------------------------------------------------x

### <u>CITIMORTGAGE, INC.'S (A) SUPPLEMENTAL OBJECTION TO THE DEBTORS' PROPOSALS: (I) TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS; AND (II) TO ASSIGN CURE AMOUNTS RELATED THERETO; AND (B) OBJECTION TO THE DEBTORS' SECOND NOTICE OF INTENT TO (I) ASSUME AND ASSIGN CERTAIN SBO SERVICING AGREEMENTS AS EXECUTORY CONTRACTS AND (II) CURE AMOUNTS RELATED THERETO</u>

Pursuant to paragraphs 9, 10, 17 and 25 of the *First Amended and Restated Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto* [Dkt. no. 1484] (the "**Cure Notice**")[1], counterparty CitiMortgage, Inc. ("CMI") supplements its objection [Dkt. no. 1646] both to the Debtors' proposal to assume and assign its servicing agreements (therefore, making an "Assignment Objection"), and to the

---

[1] By which the debtors' amended and restated Exhibits 3a and 3b to their July 26, 2012 *Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Property and (II) Cure Amounts Related Thereto* [Dkt. no. 924].

Debtors' proposed cure amount of -0- for each of those CMI executory contracts the Debtors propose to assume and assign (therefore, making a "Cure Objection") and objects to the *Second Notice of (I) Debtors' Intent to Assume and Assign Certain SBO Servicing Agreements as Executory Contracts and (II) Cure Amounts Related Thereto* [Dkt no. 2077].

In addition, and without waiving any of its objections, CMI provides a proposed cure amount of $124,368.66.

### CMI's Objections

CMI incorporates by references all of its objections [Dkt. no. 1646] to the *First Amended and Restated Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto*.

In addition, as a result of the fact that the Debtors have now attempted to address CMI's objection to the indefiniteness of the Cure Notice by providing CMI copies of most (but not all) of the contracts Ocwen intends to assume, CMI can now state that its records show that the Debtors owe CMI at least $124,368.66 as the amounts currently outstanding and owed under various Servicing Agreements. CMI attaches hereto as Exhibit A copies of invoices relating to Servicing Agreements under which there are amounts due and unpaid. These are amounts the Debtors must cure before any assumption and assignment of the Servicing Agreements in connection with the Proposed Sale.

### Reservation

CMI reserves its rights to amend or supplement this Objection in the event it becomes aware of additional claims accruing on or prior to the assumption date of any Servicing

Agreements. CMI also reserves the right to file and assert additional claims in the event the Debtors or Purchase elects not to assume any Servicing Agreements.

### Notice

CMI has provided notice of this objection within the time and in the manner that paragraphs 9 and 11 of the *Second Notice of (I) Debtors' Intent to Assume and Assign Certain SBO Servicing Agreements as Executory Contracts and (II) Cure Amounts Related Thereto* [Dkt. No. 2077] provides.

### Conclusion

For all of the reasons stated above, CMI requests that the Court:

A. Require the Debtors to cure defaults that all of the parties know exist, but that have not yet manifested or are contingent and/or unliquidated; or

B. Provide adequate assurances that they will cure those defaults by either:

(i) requiring the Purchaser to retain responsibility for those obligations; or

(ii) retaining the liability for those obligations as part of the "cost" of the transaction; or

C. Not include future or unknown defaults as part of a cure, but direct that they remain the Purchaser's responsibility; and

D. Deny the Debtors' request to assume and assign CMI's executory contracts until such time as the Debtors provide for an appropriate cure and/or adequate assurances of a prompt cure, compensate CMI or provide adequate assurances that they will promptly compensate CMI for its actual pecuniary losses, and provide adequate assurances of future performance under CMI's contracts;

E.     If the Court grant's Debtor's motion, order the Debtor's to cure in the amount of $124,368.66; and

F.     Grant such other and further relief as the Court determines is just and proper.

Dated: November 16, 2012
       Denver, Colorado

Respectfully submitted,

**FEATHERSTONE PETRIE DESISTO LLP**

/s/ Sarah B. Wallace
Andrew J. Petrie (*pro hac vice*)
Sarah B. Wallace (*pro hac vice*)
600 Seventeenth Street, Suite 2400-S
Denver, Colorado 80202-5424
Telephone: 303-626-7100
Facsimile: 303-626-7101
apetrie@featherstonelaw.com
*Attorneys for CitiMortgage, Inc.*

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on the 16th day of November, 2012, service of the foregoing **CITIMORTGAGE, INC.'S (A) SUPPLEMENTAL OBJECTION TO THE DEBTORS' PROPOSALS: (I) TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS; AND (II) TO ASSIGN CURE AMOUNTS RELATED THERETO; AND (B) OBJECTION TO THE DEBTORS' SECOND NOTICE OF INTENT TO (I) ASSUME AND ASSIGN CERTAIN SBO SERVICING AGREEMENTS AS EXECUTORY CONTRACTS AND (II) CURE AMOUNTS RELATED THERETO** was effected on the following via electronic mail or FedEx:

Gary S. Lee
Alexandra Steinberg Barrage
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, NY 10104
glee@mofo.com
abarrage@mofo.com

Kenneth H. Eckstein
Douglas H. Mannal
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036
keckstein@kramerlevin.com
dmannal@kramerlevin.com

Seth Goldman
Thomas Walper
Munger, Tolles & Olson, LLP
355 South Grand Avenue
Los Angeles, CA 90071
seth.goldman@mto.com
thomas.walper@mto.com

Jennifer C. DeMarco
Clifford Chance US LLP
31 West 52nd Street
New York, NY 10019
jennifer.demarco@cliffordchance.com

**Via FedEx**
Brian Masumoto
Office of the U.S. Trustee
for the Southern District of New York
33 Whitehall St., 21st Floor
New York, NY 10004

                        /s/ Robin E. Anderson