Presentment Date:      November  30, 2012 at 12:00 p.m. (ET)
Objection Deadline:     November 26, 2012 at 4:00 11:30 a.m. (ET)

SILVERMANACAMPORA LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Ronald J. Friedman

*Proposed Special Counsel for the*
*Official Committee of Unsecured Creditors*
*of Residential Capital, LLC, et al.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

In re:                                                    Chapter 11
                                                          Case No. 12-12020 (MG)

RESIDENTIAL CAPITAL, LLC a/k/a
RESIDENTIAL CAPITAL CORPORATION, et al.        (Jointly Administered)

                                   Debtors.
-------------------------------------------------------------------x

## NOTICE OF PRESENTMENT OF ORDER AUTHORIZING AND APPROVING THE RETENTION OF SILVERMANACAMPORA LLP AS SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO OCTOBER 25, 2012

### PLEASE TAKE NOTICE OF THE FOLLOWING:

1.      Upon the annexed application (the "Application") of the Official Committee of

Unsecured Creditors of the above-captioned debtors and debtors-in-possession (collectively, the

"Debtors"), for entry of an order authorizing the employment and retention of

SilvermanAcampora LLP as Special Counsel to the Official Committee of Unsecured Creditors,

the undersigned will present a proposed order approving the Application substantially in the

form attached to the Application (the "Proposed Order") to the Honorable Martin Glenn, United

States Bankruptcy Judge, Room 501 of the United States Bankruptcy Court, Alexander Hamilton

U.S. Custom House, One Bowling Green, New York, New York 10004, for signature on

November 30, 2012 at 12:00 p.m. (prevailing Eastern Time).

2.      Any objections to the Proposed Order must be made in writing, filed with the

Bankruptcy Court (with a copy to Chambers) in accordance with the Order Under Bankruptcy

Code Sections 102(1), 105(a), Bankruptcy Rules 1015(c), 2002(m) and 9007 and Local

Bankruptcy Rule 2002-2 Establishing Certain Notice, Cash Management and Administrative

Procedures [Docket No. 141] (the "Case Management Order"), and served upon the Special

Service List, as that term is defined in the Case Management Order, so as to be actually received

no later than November 26, 2012 at 4:00 p.m. (prevailing Eastern Time) (the "Objection

Deadline").

3.      If no objections to the entry of the Proposed Order are timely filed and served on

or before the Objection Deadline, the Court may enter the Proposed Order with no further notice

or opportunity to be heard offered to any party.  If an objection is received in accordance with

the terms above, the Court will schedule a hearing with respect to the relief sought in the

Application.

4.      A copy of the Case Management Order and the Application can be viewed and

obtained at the Court's website at www.ecf.nysb.uscourts.gov or, without charge, at the Debtors'

restructuring website at www.kccllc.net/rescap.

Dated: Jericho, New York
        November 15, 2012                           SILVERMANACAMPORA LLP


                                    By:     __s/Ronald J. Friedman_____
                                            Ronald J. Friedman
                                            Member of the Firm
                                            100 Jericho Quadrangle, Suite 300
                                            Jericho, New York 11753
                                            (516) 479-6300
                                            RFriedman@SilvermanAcampora.com


                                            *Proposed Special Counsel for the Official
                                            Committee of Unsecured Creditors of
                                            Residential Capital, LLC, et al.*

KL2 2771777.1

RJF/1237006.1/062429

SILVERMANACAMPORA LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Ronald J. Friedman

*Proposed Special Counsel for the*
*Official Committee of Unsecured Creditors*
*of Residential Capital, LLC, et al.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC a/k/a | |
| RESIDENTIAL CAPITAL CORPORATION, et al. | (Jointly Administered) |
| Debtors. | |

------------------------------------------------------------------x

### APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER AUTHORIZING AND APPROVING THE RETENTION OF SILVERMANACAMPORA LLP AS SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO OCTOBER 25, 2012

TO:    THE HONORABLE MARTIN GLENN
       UNITED STATES BANKRUPTCY JUDGE:

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") hereby applies for entry of an order (the "Application") pursuant to sections 328(a), 330 and 1103 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules of the Southern District of New York (the "Local Bankruptcy Rules"), in substantially the form attached hereto as Exhibit B, authorizing it to retain SilvermanAcampora LLP ("SilvermanAcampora") as special counsel to the Committee in connection with the above-captioned chapter 11 cases (the "Chapter 11 Cases") *nunc pro tunc* to October 25, 2012. In

support of this Application, the Committee relies on the Declaration of Ronald J. Friedman (the

"Friedman Declaration"), attached hereto as Exhibit A, and respectfully represents as follows:

### Jurisdiction and Venue

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and

1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue of this proceeding and this Application is proper in this District pursuant to

28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 328(a), 330 and

1103 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Bankruptcy Rule

2014-1.

### Background

4.      On May 14, 2012 (the "Petition Date"), the Debtors filed voluntary petitions for

relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their

businesses and manage their properties as debtors-in-possession pursuant to sections 1107 and

1108 of the Bankruptcy Code.  On June 18, 2012, the Court directed the United States Trustee

for the Southern District of New York (the "United States Trustee") to appoint an examiner in

these Chapter 11 Cases

5.      On May 16, 2012, the United States Trustee, pursuant to section 1102 of the

Bankruptcy Code, appointed the Committee to represent the interests of all unsecured creditors

in these Chapter 11 Cases.  The United States Trustee selected the following nine parties to serve

as members of the Committee:  (a) Wilmington Trust, N.A., (b) Deutsche Bank Trust Company

Americas; (c) The Bank of New York Mellon Trust Company, N.A.; (d) MBIA Insurance

Corporation; (e) Rowena L. Drennen; (f) AIG Asset Management (U.S.), LLC; (g) U.S. Bank

National Association ; (h) Allstate Life Insurance Company; and (i) Financial Guaranty

- 2 -

RJF/1237006.1/062429

Insurance Corporation.

6.     At a meeting of the Committee held on May 16, 2012 the Committee voted to retain Kramer Levin Naftalis & Frankel LLP ("Kramer Levin") as its bankruptcy counsel.  By Order dated July 16, 2012, the Court approved the Committee's retention of Kramer Levin as its bankruptcy counsel nunc pro tunc to May 16, 2012 [Docket No. 778].

7.     At a meeting of the Committee held on September 19, 2012, the Committee voted to retain Pachulski Stang Ziehl & Jones LLP ("PSZJ") as its bankruptcy co-counsel.  An application authorizing the and approving the retention of PSZJ is scheduled to be presented to the Court on November 28, 2012 [Docket No. 2178].

8.     At a meeting of the Committee held on October 25, 2012, the Committee voted to retain SilvermanAcampora as its special counsel.

## Relief Requested

9.     By this Application, the Committee seeks to employ and retain SilvermanAcampora as its special counsel, *nunc pro tunc* as of October 25, 2012, the date the Committee first requested SilvermanAcampora to perform services in connection with these Chapter 11 Cases.

## Basis for Relief Requested

10.     The Committee seeks to retain Silverman to perform the legal services described below. Primarily SilvermanAcampora will represent the Committee with respect to issues and matters that may arise relating to former and current borrowers of the Debtors.

11.     The Committee seeks to employ SilvermanAcampora as special counsel because of (a) SilvermanAcampora's extensive experience in the field of debtors' and creditors' rights and business reorganizations under the Bankruptcy Code; (b) SilvermanAcampora's expertise,

- 3 -

experience and knowledge practicing before this Court; and (c) SilvermanAcampora's ability to represent the Committee with respect to issues and matters that may arise relating to former and current borrowers of the Debtors.

12.    SilvermanAcampora has expertise and experience in supplementing the work of main counsel in these Chapter 11 Cases without any unnecessary duplication of effort.  Thus the professionals at SilvermanAcampora are well-positioned to provide any necessary legal services in a complementary, non-duplicative manner.  SilvermanAcampora intends to work closely with the Committee's lead counsel and other professionals retained by the Committee, to ensure that there is no unnecessary duplication of services performed or charged to the Debtors' estates.

13.    The Committee understands that SilvermanAcampora will apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the guidelines (the "Guidelines") established by the United States Trustee, and further orders of this Court for all services performed and expenses incurred.

14.    The Committee believes that SilvermanAcampora is well qualified to act as its special counsel in these cases.    The Committee has been informed that each of SilvermanAcampora's attorneys who will be engaged in these services is duly admitted to practice in this Court as well as the Courts of the State of New York.

15.    As set forth in the Friedman Declaration, SilvermanAcampora has indicated a willingness to act as special counsel on the Committee's behalf, in accordance with the terms of this Application.

16.    Since the Committee, subject to approval by the Court, retained the services of SilvermanAcampora on October 25, 2012, and SilvermanAcampora immediately began to

- 4 -

provide services to the Committee at that time, the Committee requests that any order entered

authorizing such retention be effective as of October 25, 2012.

## Services to Be Provided

17.    The professional services that SilvermanAcampora has been asked to render to

the Committee include the following:

a.    represent the Committee with respect to responding to questions and concerns of current and former borrowers regarding the Chapter 11 Cases;

b.    provide assistance to those individual parties-in-interest regarding the chapter 11 process and developments in the Chapter 11 Cases;

c.    communicate with borrowers and/or their counsel about borrower-specific issues including:

   i.    matters relating to the bar date in the Debtors' cases, including procedures to file a Proof of Claim and claims objection process;

   ii.    interpretation and scope of the Supplemental Order for Interim Relief Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108 and Bankruptcy Code 9019 (I) Authorizing the Debtors' to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses [Docket No. 391] and other automatic stay, foreclosure and eviction related issues, as well as issues relating to personal bankruptcy cases filed by current and former borrowers and/or other individual parties-in-interest;

d.    directing requests concerning specific borrower loans to appropriate debtor channels;

e.    answering general inquiries regarding the Chapter 11 Cases, any notices filed in the Chapter 11 Cases, the chapter 11 process and the effect of these cases on individual current and former borrowers; and

f.    perform such additional services which the Committee may ask SilvermanAcampora to perform.

18.    The Committee is very mindful of the need to avoid duplication of services, and

- 5 -

KL2 2771777.1

appropriate procedures will be implemented to ensure that there is no unnecessary or duplicative

work done by SilvermanAcampora.

## **Professional Compensation**

19.    Subject to Court approval in accordance with section 330(a) of the Bankruptcy

Code, compensation will be payable to SilvermanAcampora on an hourly basis, plus

reimbursement of actual, necessary expenses and other charges incurred by SilvermanAcampora.

SilvermanAcampora will charge its usual and customary hourly rates.  The hourly rates for the

attorneys, legal assistants and paraprofessionals of SilvermanAcampora range as follows:

paraprofessionals $95.00 to $195.00 per hour and attorneys $295.00 to $650.00 per hour.

20.    The hourly rates set forth above are SilvermanAcampora's standard hourly rates

for work of this nature.  These rates are set at a level designed to fairly compensate

SilvermanAcampora for the work of its attorneys and paralegals and to cover fixed and routine

overhead expenses.[1]

21.    It is SilvermanAcampora's policy to charge its clients in all areas of practice for

all other expenses incurred in connection with the client's case.

## **Disinterestedness of Professionals**

22.    To the best of the Committee's knowledge, except as stated in the Friedman

Declaration, SilvermanAcampora has no connection with the Debtors, the Debtors' creditors, the

Committee or any other parties in interest or their respective attorneys and does not represent any

interest adverse to the Committee, the Debtors' estates, or any other interested person in the

---

[1]  These rates are subject to periodic adjustments to reflect economic and other conditions.  Prior to any increase in the rates set forth herein, SilvermanAcampora will file a supplemental declaration with the Court and give ten (10) business days' notice to the Debtors, the United States Trustee and the Committee, which supplemental declaration shall explain the basis for the requested increases in accordance with sections 330(a)(3)(F) of the Bankruptcy Code and indicate whether the Committee has received notice and approved the proposed rate increase.

KL2 2771777.1

RJF/1237006.1/062429

matters with respect to which SilvermanAcampora is being retained by the Committee. Therefore, to the best of the Committee's knowledge, except as set forth in the Friedman Declaration, SilvermanAcampora is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

## Notice

23.     In accordance with the Order Under Bankruptcy Code Sections 102(1), 105(a), Bankruptcy Rules 1015(c), 2002(m) and 9007 and Local Bankruptcy Rule 2002-2 Establishing Certain Notice, Cash Management and Administrative Procedures [Docket No. 141] (the "Case Management Order"), notice of this Application has been given to all parties listed on the Monthly Service List (as defined in the Case Management Order).  Because of the nature of the relief requested, the Committee submits that such notice is sufficient and that no other or further notice need be provided.

## No Prior Request

24.     No prior request for the relief sought herein has previously been made to this or any other Court.

- 7 -

**WHEREFORE,** the Committee respectfully requests that the Court enter an Order, substantially in the form annexed hereto as Exhibit B, (i) authorizing the Committee to employ and retain SilvermanAcampora as special counsel, *nunc pro tunc* to October 25, 2012; (ii) authorizing the payment and reimbursement of SilvermanAcampora's fees and disbursements, subject to interim and final allowance thereof in accordance with sections 330 and 331 of the Bankruptcy Code or as otherwise ordered by the Court; and (iii) granting such other and further relief as the Court deems proper.

Dated: New York, New York
       November __, 2012

                              **THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS OF RESIDENTIAL
CAPITAL, LLC, *et al*.**

                              By:        s/John S. Dubel
                                     John S. Dubel, Chief Executive Officer
                                     Financial Guaranty Insurance Company

                                     Co-Chair, Official Committee of Unsecured
                                     Creditors of Residential Capital, LLC, et al.

- 8 -

**EXHIBIT A**
**(Proposed Order)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re:                                                                    Chapter 11
                                                                          Case No. 12-12020 (MG)

RESIDENTIAL CAPITAL, LLC a/k/a
RESIDENTIAL CAPITAL CORPORATION, et al.            (Jointly Administered)

                                             Debtors.
------------------------------------------------------------------x

## ORDER AUTHORIZING AND APPROVING THE
## RETENTION OF SILVERMANACAMPORA LLP AS SPECIAL
## COUNSEL TO THE OFFICIAL COMMITTEE OF
## UNSECURED CREDITORS *NUNC PRO TUNC* TO OCTOBER 25, 2012

Upon consideration of the application of the Official Committee of Unsecured Creditors

for Order Authorizing and Approving the Retention of SilvermanAcampora LLP as Special

Counsel to the Official Committee of Unsecured Creditors *nunc pro tunc* to October 25, 2012

(the "Application") filed by the Official Committee of Unsecured Creditors appointed in the

above-captioned cases (the "Committee"), and upon the declaration of Ronald J. Friedman, dated

November 15, 2012 (the "Friedman Declaration"), which is annexed to the Application as

Exhibit B, and it appearing that: (a) SilvermanAcampora neither represents nor holds any interest

adverse to the Committee or its estates with respect to the matters upon which

SilvermanAcampora is to be engaged, except as set forth in the Friedman Declaration; (b)

SilvermanAcampora is a "disinterested person" as that term is defined in Bankruptcy Code

section 101(14); and (c) the employment of SilvermanAcampora is necessary and in the best

interests of these estates, and the Court having found and determined that the relief sought in the

Application is in the best interests of these estates, creditors and all parties in interest, and that

the legal and factual bases set forth in the Application establish cause for the relief granted

herein, and after due deliberation and sufficient cause appearing for the relief requested, it is:

KL2 2771777.1

ORDERED, that in accordance with Bankruptcy Code sections 328(a) and 1103, the Committee is authorized to retain SilvermanAcampora as its special counsel, *nunc pro tunc* to October 25, 2012, to provide services, including but not limited to, representing the Committee in connection with issues and matters relating to the Debtors' current and former borrowers as more particularly defined in the Application; and, it is further

ORDERED, that SilvermanAcampora shall apply for compensation and reimbursement in accordance with the procedures set forth in Bankruptcy Code sections 330 and 331, and the Order Establishing Procedures For Interim Compensation And Reimbursement of Expenses of Professionals entered on July 17, 2012 [Docket No. 797], applicable provisions of the Bankruptcy Rules, the Local Rules of Civil Practice and Procedure of the United States District Court for the Southern District of New York, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of New York, the guidelines established by the Office of the United States Trustee, and such other procedures as may be fixed by order of this Court; and it is further

ORDERED, that prior to any increases in any rates as set forth in footnote 1 of the Application, SilvermanAcampora shall file a supplemental declaration with the Court and give ten (10) business days' notice to the Debtors, the United States Trustee and the Committee, which supplemental declaration shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and indicate whether the client has received notice of and approved the proposed rate increase; and it is further

ORDERED, that SilvermanAcampora shall use its best efforts to avoid any duplication of services provided by any of the Committee's other retained professionals in the Chapter 11 Cases; and it is further

- 2 -

KL2 2771777.1

RJF/1237006.1/062429

ORDERED, that the terms and conditions of this Order shall be immediately effective

and enforceable upon its entry; and it is further

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters

arising from or related to this Order.

Dated: New York, New York
      November __, 2012

                                      _____

                                      MARTIN GLENN
                                      UNITED STATES BANKRUPTCY JUDGE

- 3 -

**EXHIBIT B**
**(Friedman Declaration)**

SILVERMANACAMPORA LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Ronald J. Friedman

*Proposed Special Counsel for the*
*Official Committee of Unsecured Creditors*
*of Residential Capital, LLC, et al.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re:                                                    Chapter 11
                                                          Case No. 12-12020 (MG)

RESIDENTIAL CAPITAL, LLC a/k/a
RESIDENTIAL CAPITAL CORPORATION, et al.        (Jointly Administered)

                                        Debtors.
------------------------------------------------------------------x

**DECLARATION OF RONALD J. FRIEDMAN IN SUPPORT OF APPLICATION OF
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER
AUTHORIZING AND APPROVING THE RETENTION OF SILVERMANACAMPORA
LLP AS SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS *NUNC PRO TUNC* TO OCTOBER 25, 2012**

Ronald J. Friedman, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury:

1.      I am a member of the firm SilvermanAcampora LLP ("SilvermanAcampora"),

with offices located at 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753.  I am duly

admitted to practice law before this Court and the courts of the State of New York.  I submit this

declaration (the "Declaration") in support of the application (the "Application")[1] of the Official

Committee of Unsecured Creditors (the "Committee") appointed in the Chapter 11 Cases of the

above-captioned debtors and debtors-in-possession (collectively, the "Debtors") seeking entry of

an order, substantially in the form annexed to the Application as Exhibit A, authorizing the

retention of SilvermanAcampora as special counsel to the Committee pursuant to sections

---

[1]  Capitalized terms not otherwise defined shall have the meanings and definitions ascribed to such terms in the
    Application.

KL2 2771777.1

328(a), 330 and 1103 of title 11 of the United States Code (the "Bankruptcy Code"), and to provide the disclosures required under Rule 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules").

2.      Unless otherwise stated in this Declaration, I have personal knowledge of the facts hereinafter set forth.  To the extent that any information disclosed herein requires subsequent amendment or modification upon SilvermanAcampora's completion of further analysis or as additional information regarding creditors and other parties-in-interest becomes available, one or more supplemental declarations will be submitted to the Court reflecting same.

3.      SilvermanAcampora has expertise and experience in supplementing the work of lead counsel in the case without any unnecessary duplication of effort, and, indeed, has previously worked closely with Kramer Levin.  Thus, the professionals at SilvermanAcampora are already well acquainted with the personnel, practices, and procedures of Kramer Levin, and are well-positioned to provide any necessary legal services in a complimentary, non-duplicative manner.

4.      The professional services that SilvermanAcampora has been asked to render to the Committee include the following:

   a.  represent the Committee with respect to responding to questions and concerns of current and former borrowers regarding the Chapter 11 Cases;

   b.  provide assistance to those individual parties-in-interest regarding the chapter 11 process and developments in the Chapter 11 Cases;

   c.  communicate with borrowers and/or their counsel about borrower-specific issues including:

      i.  matters relating to the bar date in the Debtors' cases, including procedures to file a Proof of Claim and claims objection process;

- 6 -

KL2 2771777.1

ii.        interpretation and scope of the Supplemental Order for Interim Relief Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108 and Bankruptcy Code 9019 (I) Authorizing the Debtors' to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses [Docket No. 391] and other automatic stay, foreclosure and eviction related issues, as well as issues relating to personal bankruptcy cases filed by current and former borrowers and/or other individual parties-in-interest;

d.   directing requests concerning specific borrower loans to appropriate debtor channels;

e.   answering general inquiries regarding the Chapter 11 Cases, any notices filed in the Chapter 11 Cases, the chapter 11 process and the effect of these cases on individual current and former borrowers; and

f.   perform such additional services which the Committee may ask SilvermanAcampora to perform.

5.      In preparing this Declaration, attorneys and employees of SilvermanAcampora (including myself) compared an extensive list of parties in interest and other persons and entities related to the Chapter 11 Cases to SilvermanAcampora's database of present and former clients and adverse parties.

6.      The database maintained by SilvermanAcampora includes every matter in which the firm is now or has been engaged over at least the past five years, and in each instance, the identity of related parties and adverse parties.  It is the policy of SilvermanAcampora that no new matter may be accepted or opened within the firm without completing and submitting to those charged with maintaining the database the information necessary to check each new matter for conflicts, including the identity of the prospective client, the matter, and related and adverse parties.

7.      Insofar as I have been able to ascertain, neither SilvermanAcampora nor its

- 7 -

partners, counsel or associates have any connection with the Debtors, their creditors, the

Committee, or any other party in interest in the Debtors' cases, their respective attorneys and

advisors, the United States Trustee, or any person employed in the Office of the United States

Trustee, except as described below.  Furthermore, SilvermanAcampora does not currently

represent any institutional lenders in residential foreclosure actions.

  8. SilvermanAcampora has the following connections with the Debtors, their creditors,

the Committee, and other interested parties in the Debtors' cases, and their attorneys and

advisors in these cases, but SilvermanAcampora believes that none of these connections

constitutes a conflict of interest or a reason why SilvermanAcampora should not be retained as

special counsel to the Committee in these cases.

    a.  SilvermanAcampora has appeared in the past, and may appear in the
       future, in cases unrelated to these cases where creditors of the Debtors and
       other interested parties and/or their respective attorneys and advisors may
       be involved.

  9. SilvermanAcampora will apply to the Court for allowances of compensation and

reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy

Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the guidelines (the "Guidelines")

established by the United States Trustee, and further orders of this Court ("Orders") for all

services performed and expenses incurred.

  10. Neither SilvermanAcampora, nor its partners, counsel or associates, have received or

been promised compensation in connection with these cases other than in accordance with the

provisions of the Bankruptcy Code and Bankruptcy Rules.

  11. Neither SilvermanAcampora, nor its partners, counsel or associates have agreed to

share with any entity any compensation received by SilvermanAcampora in these cases other

than in accordance with the provisions of the Bankruptcy Code and Bankruptcy Rules.

KL2 2771777.1

12. SilvermanAcampora does not represent any creditors or any other party in interest or their respective attorneys in any matter adverse to the Debtors or the Committee.

13. Moreover, neither SilvermanAcampora nor I represent or hold any interest adverse to the Debtors or the Committee in the matters upon which SilvermanAcampora is to be employed.

14. SilvermanAcampora is a "disinterested person" as that term is defined pursuant to Bankruptcy Code section 101(14), in that SilvermanAcampora:

    a.     is not a creditor, an equity security holder or insider of the Debtors;

    b.     is not and was not, within two (2) years before the date of the filing of the petition, a director, officer, or employee of the Debtors; and

    c.     does not have an interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

KL2 2771777.1

RJF/1237006.1/062429

15. The Committee has been advised that the hourly rates for the attorneys, legal assistants and paraprofessionals of SilvermanAcampora range as follows: paraprofessionals $95.00 to $195.00 per hour and attorneys $295.00 to $650.00 per hour. These hourly rates are SilvermanAcampora's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate SilvermanAcampora for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.[2] SilvermanAcampora customarily seeks reimbursement of its out of pocket expenses for costs including photocopies, faxes, overnight delivery services and courier services.

I declare under penalty of perjury that the foregoing is true and correct.
Executed in Jericho, New York on November 15, 2012

_____s/Ronald J. Friedman_____
Ronald J. Friedman

---

[2] These rates are subject to periodic adjustments to reflect economic and other conditions. Prior to any increase in the rates set forth herein, SilvermanAcampora will file a supplemental declaration with the Court and give ten (10) business days' notice to the Debtors, the United States Trustee and the Committee, which supplemental declaration shall explain the basis for the requested increases in accordance with sections 330(a)(3)(F) of the Bankruptcy Code and indicate whether the Committee has received notice and approved the proposed rate increase.

- 10 -