SNR Denton US LLP
Hugh M. McDonald
Louis A. Curcio
1221 Avenue of the Americas
New York, New York 10020
Tel:  (212) 768-6700
Fax:  (212) 768-6800

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RESIDENTIAL CAPITAL, LLC *et al.*, | ) | Case No.:  12-12020 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## RESERVATION OF RIGHTS OF DLJ CONSORTIUM
## REGARDING LEGACY PORTFOLIO SALE

Bayview Acquisitions, LLC, DLJ Mortgage Capital, Inc., Roosevelt Depositor, LLC, Roosevelt Mortgage Acquisition Company, and Selene Finance LP (collectively, the "DLJ Consortium"), by and through their counsel, SNR Denton US LLP, hereby files this reservation of rights with respect to the Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), and (m), 365 and 1123, and Fed R. Bankr. P. 2002, 6004, 6006, and 9014 for Orders: (I)(A) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expenses Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Asset Purchase Agreements Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief [Docket No. 61] (the "Sale Motion") and in support hereof states as follows:

## <u>RESERVATION OF RIGHTS</u>

1.      On October 19, 2012, the DLJ Consortium submitted its asset purchase agreement to the Debtors and the Official Committee of Unsecured Creditors (the "Committee") in accordance with the sale procedures attached to the Order Under 11 U.S.C. §§ 105, 363(b) and 365 (I) Authorizing and Approving Sale Procedures, Including Payment of Break-up Fees; (II) Scheduling Bid Deadline, Auction (If Necessary) and Sale Hearing; (III) Establishing Assumption and Assignment Procedures, Including Procedures for Fixing Cure Amounts; and (IV) Establishing Notice Procedures and Approving Forms of Notice. [Docket No. 538] Between October 19, 2012, and the October 25, 2012 auction for the Debtors' "Legacy Portfolio" of mortgage loans, the Debtors, the Committee and the DLJ Consortium engaged in multiple discussions regarding certain terms and provisions set forth in the DLJ Consortium's asset purchase agreement.  Indeed, the DLJ Consortium submitted multiple drafts of an asset purchase agreement to the Debtor's and the Committee, with the final version being delivered immediately prior to the start of the October 25th auction.

2.      Each draft of the DLJ Consortium's asset purchase agreement contained an identical Section 9.1(e), which provides that the asset purchase agreement terminates:

> automatically if the Bankruptcy Court shall enter an Order approving a Competing Transaction pursuant to the Auction, <u>provided</u>, that if the Auction is held pursuant to the Sale Procedures, and Purchasers are designated as the Next-Highest Bidder (as such term is defined in the Sale Procedures), then this Agreement shall not terminate pursuant to this subsection (e) until the earlier of (i) the Bankruptcy Court approval of the "Successful Bid" (as such term is defined in the Sale Procedures); and (ii) 30 calendar days following the Auction.

- 2 -

This Section 9.1(e) was also in the Berkshire Hathaway, Inc. asset purchase agreement, which the DLJ Consortium adopted without modification of any relevant language in each draft asset purchase agreement.

3.      At the October 25th auction, at the DLJ Consortium's request, the Debtors confirmed that each bidder would be bound by their specific asset purchase agreements, including "most importantly any termination provisions in those purchase agreements[.]" (Transcript of October 25, 2012 Auction Proceedings at 18:21-23.)  The Debtors, the Committee, and Berkshire Hathaway agreed with (or did not object to) the Debtors' statements.  On the basis of that confirmation and agreement by all of the parties, the DLJ Consortium continued to bid for the Legacy Portfolio and increased the purchase price by more than $150 million.

4.      On November 12, 2012, however, the Debtors filed their reply in further support of the Sale Motion and appeared to take the position that the termination provisions of the DLJ Consortium's asset purchase agreement would not control the DLJ Consortium's obligations. Specifically, the Debtor's reply states that "[t]he DLJ Consortium is obligated to remain as Back-Up Bidder on the terms reflected in its last bid through January 31, 2013." [*See* Docket No. 2135 at p. 14, n. 14; *see also* Declaration of Marc D. Puntus in Support of Debtors' Sale Motion, Docket No. 2137 at ¶ 44.]

5.      Since the filing of the Debtors' reply, the DLJ Consortium has confirmed with the Debtors that, notwithstanding the statements to the contrary in the Debtors' reply, the DLJ Consortium's bid terminates in accordance with its terms on the earlier to occur of Bankruptcy Court approval of the sale to Berkshire Hathaway, Inc. or 30 days from the date of the auction, as set forth on the record during the auction.  The Committee, however, has not yet stated its position with respect to Section 9.1(e) of the DLJ Consortium's asset purchase agreement.

- 3 -

Therefore, out of an abundance of caution, the DLJ Consortium files this reservation of rights to clearly set forth that the termination provisions of its asset purchase agreement controls the DLJ Consortium's obligations, including, without limitation, the provisions of Section 9.1(e).

Dated: November 18, 2012  
      New York, New York

SNR Denton US LLP

/s/ Louis A. Curcio  
Hugh M. McDonald  
Louis A. Curcio  
1221 Avenue of the Americas  
New York, New York 10020  
Tel:  (212) 768-6700  
Fax:  (212) 768-6800

- 4 -