Hearing Date: December 20, 2012 at 10:00 a.m. (ET)
Objection Deadline: November 19, 2012 at 4:00 p.m. (ET)

**LOWENSTEIN SANDLER PC**
1251 Avenue of the Americas, 17th Floor
New York, New York  10020
(212) 262-6700 (Telephone)
(212) 262-7402 (Facsimile)
Michael S. Etkin (ME 0570)
Ira M. Levee (IL9958)
Andrew D. Behlmann (AB1174)
   and
65 Livingston Avenue
Roseland, New Jersey  07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Bankruptcy Counsel for Lead Plaintiff and Class*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | Case No. 12-12020 (MG) |
| | (Jointly Administered) |
| Debtors. | Re:  Docket No. 2049 |

**LEAD PLAINTIFF'S LIMITED OBJECTION TO DEBTORS' MOTION FOR A SUPPLEMENTAL ORDER UNDER BANKRUPTCY CODE SECTIONS 105(a), 363, 503(b)(1), 507(a)(2), 1107(a) AND 1108 AND BANKRUPTCY RULE 9019 TO THE FINAL WAGES ORDER (I) AUTHORIZING AND DIRECTING THE DEBTORS TO REIMBURSE ALLY FINANCIAL INC. FOR PAYMENTS MADE TO THE DEBTORS' EMPLOYEES ON ACCOUNT OF COMPENSATION ISSUED ON OR AFTER THE PETITION DATE; (II) GRANTING ALLY FINANCIAL INC. AN ADMINISTRATIVE EXPENSE CLAIM ON ACCOUNT OF SUCH PAYMENTS; (III) GRANTING ALLY FINANCIAL INC. A LIMITED RELEASE; AND (IV) AUTHORIZING THE DEBTORS TO ESTABLISH AND FUND AN ESCROW ACCOUNT FOR THE BENEFIT OF ALLY FINANCIAL INC. ON ACCOUNT OF SUCH ADMINISTRATIVE EXPENSE CLAIMS, INCLUDING ADDITIONAL AMOUNTS TO THE ESCROW ACCOUNT AS NECESSARY**

New Jersey Carpenters Health Fund, the court-appointed lead plaintiff (the "Lead Plaintiff"), on behalf of itself and all persons or entities (the "Class") it represents in the

consolidated securities class action styled as *New Jersey Carpenters Health Fund, et als., on Behalf of Themselves and All Others Similarly Situated v. Residential Capital, LLC, et als.*, filed in the United States District Court for the Southern District of New York (the "District Court"), Case No. 08-CV-8781 (HB) (the "MBS Litigation"), along with Plaintiff, New Jersey Carpenters Vacation Fund and Boilermaker Blacksmith National Pension Trust, submit this limited objection (the "Limited Objection") to the *Debtors' Motion for a Supplemental Order Under Bankruptcy Code Sections 105(a), 363, 503(b)(1), 507(a)(2), 1107(a) And 1108 And Bankruptcy Rule 9019 to the Final Wages Order (I) Authorizing and Directing the Debtors To Reimburse Ally Financial Inc. for Payments Made to the Debtors' Employees on Account of Compensation Issued on or After the Petition Date; (II) Granting Ally Financial Inc. an Administrative Expense Claim on Account of Such Payments; (III) Granting Ally Financial Inc. a Limited Release; and (IV) Authorizing the Debtors To Establish and Fund an Escrow Account for the Benefit of Ally Financial Inc. on Account of Such Administrative Expense Claims, Including Additional Amounts to the Escrow Account as Necessary* (the "Motion") [Docket No. 2049], and respectfully state as follows:

**PRELIMINARY STATEMENT**

1. Lead Plaintiff does not object generally to the relief requested in the Motion. However, Lead Plaintiff submits that the proposed form of order (the "Proposed Order") [Docket No. 2049, Ex. 1] granting the Motion contains release language that is unclear, and requests that the release language, if any, set forth in any order granting the Motion (in whole or in part) clarify that the limited release requested in the Motion does not release or prejudice the claims and causes of action that have been or may be asserted by non-Debtor third parties, such as Lead Plaintiff, directly against the Proposed Released Parties (as defined below).

**BACKGROUND**

2.  The procedural history of the MBS Litigation is set forth in detail in the *Objection of New Jersey Carpenters Health Fund to Debtors' Motion to Extend the Automatic Stay or, in the Alternative, for Injunctive Relief Enjoining Prosecution of Certain Litigation Against Debtors' Directors and Officers and Non-Debtor Corporate Affiliates* [Adv. No. 12-ap-01671(MG), Docket No. 38] and is incorporated herein by reference.

3.  On November 2, 2012, the Debtors filed the Motion, seeking, among other relief, authority to reimburse Ally Financial Inc. ("Ally") for certain equity-based compensation issued by Ally to certain of the Debtors' employees (the "Qualifying Employees"), allowance of an administrative expense claim in respect of such reimbursement, and approval of a limited release of Ally and "and each of its shareholders, subsidiaries (exclusive of the Debtors), affiliates, business units, predecessors, joint ventures, employee benefit plans, members, officers, directors, agents, financial advisors, attorneys, employees, partners, affiliates, representatives, and assigns of each of the foregoing" (collectively, the "Proposed Released Parties").

**LIMITED OBJECTION**

4.  As previously stated, Lead Plaintiff does not object to the primary relief requested in the Motion. However, given the myriad unintended consequences that can be caused by ambiguous releases (and particularly those referring to claims asserted by third parties), Lead Plaintiff submits that the limited release, if any, contained in any order granting the Motion should expressly provide that such release does not affect the numerous direct claims that have been or could be asserted against Ally and the other Proposed Released Parties.

5.  Paragraph 5 of the Proposed Order would grant a limited release to the Proposed Released Parties, providing as follows (the "Proposed Release"):

On and as of the entry of this Order (the "Effective Date"), for the good and valuable consideration provided by AFI, and each of its shareholders, subsidiaries (exclusive of the Debtors), affiliates, business units, predecessors and successors, joint ventures, employee benefit plans, members, officers, directors, agents, financial advisors, attorneys, employees, partners, affiliates, representatives, and assigns of each of the foregoing (collectively, the "Released Parties"), including the payment of all prepetition issued compensation to the Employees and remitting initial payments to Employees on account of postpetition issued Salary Stock, each of the Debtors shall provide a full discharge and release to the Released Parties and their respective properties from any and all Claims (as defined in section 101(5) of the Bankruptcy Code), causes of action, demands, suits, liabilities, damages, controversies, judgments, remedies, rights of set-off, indemnity claims, counterclaims, and cross-claims (including those of the Debtors, and/or the bankruptcy estate of any Debtor created pursuant to sections 301 and 541 of the Bankruptcy Code in these chapter 11 cases), whether known or unknown, liquidated or unliquidated, fixed or contingent, whether for tort or fraud, whether held in a personal or representative capacity, that are or may be pending on the Effective Date or instituted after the Effective Date against any entity, based in law or equity, including under the Bankruptcy Code, whether direct, indirect, derivative, or otherwise and whether asserted or unasserted as of the date of entry of this Order, arising from the employment by AFI of any of the Qualifying Debtor Employees, past or present, or arising from payments owed to Qualifying Debtor Employees on account of employment by AFI, ResCap and any of its subsidiaries and affiliates, or the Debtors, including those that any of the Debtors would have been legally entitled to assert against a Released Party in their own right (whether individually or collectively) or that any holder of a Claim or Equity Security (as defined in section 101(16) of the Bankruptcy Code) of a Debtor, or other entity would have been legally entitled to assert on behalf of any of the Debtors or any of their estates, to the fullest extent of the law; provided, however, for the purposes of clarity and for the avoidance of any doubt, this Debtor Release shall not release, waive or provide a defense against (i) any rights that a Qualifying Debtor Employee may have under Article VIII of the Ally Financial Inc. Articles of Incorporation, dated as of March 25, 2011; and/or (ii) any claims or causes of action that are within the scope of the investigation of the Examiner appointed by the Bankruptcy Court pursuant to the Order Approving the Appointment of Arthur J. Gonzalez, Esq. as Examiner (ECF No. 674), the scope of which investigation is set

    forth in the Order Approving Scope of Investigation of Arthur J. Gonzalez, Examiner (ECF No. 925).

Proposed Order at ¶ 5.

  6. Although the references in the final proviso of the Proposed Release to "claims . . . that any holder of a Claim or Equity Security . . . of a Debtor, or other entity would have been legally entitled to assert on behalf of any of the Debtors or any of their Estates" and "claims or causes of action that are within the scope of the investigation of the Examiner" appear intended to carve claims such as those asserted in the MBS Litigation out of the Proposed Release, the Lead Plaintiff submits that the Proposed Release, to the extent that it is incorporated into any order granting the Motion, should be clarified to expressly state that independent claims that non-Debtor third parties (such as Lead Plaintiff) have asserted, or may assert in the future, directly against the Proposed Released Parties are not being released.

  7. To resolve this Limited Objection, the Lead Plaintiff proposes that (to the extent that the Proposed Release is incorporated into any order granting the Motion) the Proposed Release be revised as follows (additions are noted in **bold**, deletions in ~~**strikethrough**~~):

> On and as of the entry of this Order (the "Effective Date"), for the good and valuable consideration provided by AFI, and each of its shareholders, subsidiaries (exclusive of the Debtors), affiliates, business units, predecessors and successors, joint ventures, employee benefit plans, members, officers, directors, agents, financial advisors, attorneys, employees, partners, affiliates, representatives, and assigns of each of the foregoing (collectively, the "Released Parties") **(provided that under no circumstances shall any of the Debtors constitute Released Parties)**, including the payment of all prepetition issued compensation to the Employees and remitting initial payments to Employees on account of postpetition issued Salary Stock, each of the Debtors shall provide a full discharge and release to the Released Parties and their respective properties from any and all Claims (as defined in section 101(5) of the Bankruptcy Code), causes of action, demands, suits, liabilities, damages, controversies, judgments, remedies, rights of set-off, indemnity claims, counterclaims, and

cross-claims (including those of the Debtors, and/or the bankruptcy estate of any Debtor created pursuant to sections 301 and 541 of the Bankruptcy Code in these chapter 11 cases), whether known or unknown, liquidated or unliquidated, fixed or contingent, whether for tort or fraud, whether held in a personal or representative capacity, that are or may be pending on the Effective Date or instituted after the Effective Date against any entity, based in law or equity, including under the Bankruptcy Code, whether direct, indirect, derivative, or otherwise and whether asserted or unasserted as of the date of entry of this Order, arising from the employment by AFI of any of the Qualifying Debtor Employees, past or present, or arising from payments owed to Qualifying Debtor Employees on account of employment by AFI, ResCap and any of its subsidiaries and affiliates, or the Debtors, including those that any of the Debtors would have been legally entitled to assert against a Released Party in their own right (whether individually or collectively) or that any holder of a Claim or Equity Security (as defined in section 101(16) of the Bankruptcy Code) of a Debtor, or other entity would have been legally entitled to assert on behalf of any of the Debtors or any of their estates, to the fullest extent of the law; provided, however, for the purposes of clarity and for the avoidance of any doubt, this Debtor Release shall not release, waive or provide a defense against (i) any rights that a Qualifying Debtor Employee may have under Article VIII of the Ally Financial Inc. Articles of Incorporation, dated as of March 25, 2011; ~~and/or~~ (ii) any claims or causes of action that are within the scope of the investigation of the Examiner appointed by the Bankruptcy Court pursuant to the Order Approving the Appointment of Arthur J. Gonzalez, Esq. as Examiner (ECF No. 674), the scope of which investigation is set forth in the Order Approving Scope of Investigation of Arthur J. Gonzalez, Examiner (ECF No. 925)**; and/or (iii) any other claims or causes of action that have been asserted, or could be asserted, directly by any person or entity other than the Debtors against any of the Released Parties and which claims or causes of action are not property of the Debtors' estates.**

8. The Lead Plaintiff submits that the additional language proposed above will clarify the Proposed Release and prevent any ambiguity with respect to the effect of the Proposed Release on direct claims of non-Debtor third parties, such as Lead Plaintiff, against the Proposed Released Parties.

## **CONCLUSION**

9. Based upon the foregoing, Lead Plaintiff respectfully requests that the release, if any, set forth in any order granting the Motion expressly clarify that such release does not release or otherwise prejudice any direct claims that non-Debtors have asserted or could assert against any of the Proposed Released Parties.

Dated: November 19, 2012
       New York, New York

Respectfully submitted,

*/s/ Michael S. Etkin*
**LOWENSTEIN SANDLER PC**
Michael S. Etkin (ME 0570)
Ira M. Levee (IL9958)
Andrew D. Behlmann (AB1174)
1251 Avenue of the Americas, 17th Floor
New York, New York 10020
(212) 262-6700 (Telephone)
(212) 262-7402 (Facsimile)

and

65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2481 (Facsimile)

*Bankruptcy Counsel for Lead Plaintiff and the Class*