EXECUTION COPY

# AMENDMENT NO. 1 TO ASSET PURCHASE AGREEMENT

This AMENDMENT NO. 1 (this "Amendment No. 1" or this "Agreement"), dated as of November 20, 2012, to the Asset Purchase Agreement, dated as of November 2, 2012 (the "Asset Purchase Agreement"), is made by and among Ocwen Loan Servicing, LLC, a Delaware limited liability company ("Purchaser"), and Residential Capital, LLC ("ResCap"), Residential Funding Company, LLC ("RFC"), GMAC Mortgage, LLC ("GMAC Mortgage"), each of which is a Delaware limited liability company, Executive Trustee Services, LLC, a Delaware limited liability company ("ETS LLC"), ETS of Washington, Inc., a Washington corporation ("ETS WA" and together with ETS LLC, "ETS"), EPRE LLC, a Delaware limited liability company ("EPRE"), GMACM Borrower LLC, a Delaware limited liability company ("GMACM Borrower"), and RFC Borrower LLC, a Delaware limited liability company ("RFC Borrower" and together with ResCap, RFC, GMAC Mortgage, ETS, EPRE and GMACM Borrower, the "Sellers").

**WHEREAS**, the parties hereto desire to amend and restate certain sections of the Asset Purchase Agreement as set forth herein.

**NOW**, **THEREFORE**, in consideration of the foregoing and intending to be legally bound hereby, the parties hereto agree as follows:

1. Defined Terms. Except as otherwise specified herein or as the context may otherwise require, capitalized terms used in this Amendment No. 1 shall have the respective meanings set forth in the Asset Purchase Agreement.

2. Amendments to Section 1.1.

(a) The following definitions are added to Section 1.1 of the Asset Purchase Agreement, to be included in the appropriate alphabetical location:

" "Assumed DOJ/AG Settlement Obligations" has the meaning set forth in Section 6.16A(a)."

" "Applicable Internal Costs" means, with respect to Purchaser's employees who provide the support or assistance to ResCap Sellers described in Sections 6.16A and 6.16B, amounts equal to the allocable portion of their compensation, benefits and overhead in respect of such support or assistance, determined in accordance with a methodology agreed between Purchaser and ResCap Sellers in a Transition Services Agreement related to the Foreclosure Review Obligations and the DOJ/AG Settlement Obligations."

" "Borrower Payment Amount" has the meaning set forth in Exhibit C to the DOJ/AG Settlement."

" "Consumer Relief Requirement" has the meaning set forth in Exhibit D to the DOJ/AG Settlement."

" "Court" has the meaning set forth in Section 6.16A(c)."

ny-1066326

" "Foreclosure Review Obligations" has the meaning set forth in Section 6.16B."

" "Monitor" means the Monitor described in Exhibit E to the DOJ/AG Settlement."

" "Motion" has the meaning set forth in Section 6.16A(c)."

" "Performing Entity" means the ResCap Sellers, or one or more successor estate fiduciaries, or AFI solely to the extent that such entity is performing obligations of the ResCap Sellers under the DOJ/AG Settlement or the Consent Order. However, this definition does not alter in any way AFI's or the Rescap Sellers' obligations under the DOJ/AG Settlement, including but not limited to Exhibit I, "Addendum to Federal and State Agreements," and the Consent Order."

" "ResCap Sellers" means ResCap and GMAC Mortgage."

(b) The definition of "Consent Order" in Section 1.1 of the Asset Purchase Agreement is hereby amended and restated in its entirety to read as follows:

" "Consent Order" means the Consent Order entered by the FRB and the FDIC on April 13, 2011 in the action styled *In the Matter of Ally Financial, Inc, et al.*, FRB Docket No. 11-020-B-HC & 11-020-B-DEO, FDIC-11-123b, with respect to an agreement among the FRB and the FDIC, on the one hand, and AFI, Ally Bank, ResCap, GMAC Mortgage, and their institution-affiliated parties, on the other hand."

(c) The definition of "DOJ/AG Settlement" in Section 1.1 of the Asset Purchase Agreement is hereby amended and restated in its entirety to read as follows:

" "DOJ/AG Settlement" means the Consent Judgment with accompanying exhibits entered by the United States District Court for the District of Columbia on April 5, 2012 (Docket # 13) in the action styled United States of America, et al. v. Bank of America Corp., et al., No. 12-CV-00361, with respect to the settlement agreement among the plaintiffs in that action and AFI, Ally Bank, ResCap and GMAC Mortgage."

3. Amendment to Section 6.16. Section 6.16 of the Asset Purchase Agreement is hereby amended and restated in its entirety to read as follows:

**Section 6.16A    DOJ/AG Settlement**.

(a) Purchaser agrees to perform, from and after the Closing Date, the obligations of the ResCap Sellers under the DOJ/AG Settlement regarding the Purchased Assets; provided, however, that Purchaser is not required to perform the obligations excluded under Section 6.16A(b) below. The obligations under the DOJ/AG Settlement that Purchaser is obligated to perform as provided in this Section 6.16A are collectively referred to as the "Assumed DOJ/AG Settlement Obligations". Unless a different definition is provided in this Agreement, terms defined in the DOJ/AG Settlement have the same meaning when used in this Section 6.16A. The Assumed DOJ/AG Settlement Obligations include the obligations set forth in the following Exhibits to the DOJ/AG Settlement, except to the extent excluded under Section 6.16A(b) below:

2

ny-1066326

    (1) Exhibit A, entitled "Settlement Term Sheet";

    (2) Exhibit C, entitled "Borrower Payment Amount";

    (3) Exhibit D, entitled "Consumer Relief Requirements";

    (4) Exhibit E, entitled "Enforcement Terms";

    (5) Exhibit H, entitled "USDOJ Servicemembers Civil Relief Act Settlement Provisions: Ally Financial, Inc., Residential Capital, LLC, and GMAC Mortgage, LLC"; and

    (6) Exhibit I, entitled "Addendum to Federal and State Agreements."

 (b) Notwithstanding anything in this Agreement to the contrary, the Assumed DOJ/AG Settlement Obligations shall not include, and Purchaser shall have no obligation or responsibility to perform and shall have no liability in connection with, any obligation or responsibility under the DOJ/AG Settlement that:

    (1) Relates to servicing or other activities other than those regarding the Purchased Assets;

    (2) By its terms is required to be performed before the Closing Date; however, this does not exclude continuing obligations to perform the obligations or responsibilities set forth in this Section 6.16A from and after the Closing Date without regard to whether the obligation or responsibility was properly performed prior to the Closing Date; or

    (3) Involves any payment, penalty or financial obligation provided for in or arising under the DOJ/AG Settlement, including but not limited to any such payment, penalty or obligation in connection with Articles III, IV or VI thereof or any of the Exhibits referenced in such Articles, including but not limited to any Borrower Payment Amount as set forth in Exhibit C or any Consumer Relief Requirement as set forth in Exhibit D ("Consumer Relief Requirement"), except with respect to the indemnity provided in Section 6.16A(e).

 (c) Promptly upon approval by the Bankruptcy Court of the sale to Purchaser, ResCap Sellers and Purchaser shall file a motion and proposed order (the "Motion") in the form attached hereto as Exhibit 12 in the United States District Court for the District of Columbia ("Court") in *United States of America, et al. v. Bank of America Corp., et al.*, No. 12-CV-00361. Such Motion shall notify the Court and all Plaintiffs and Defendants of (i) the sale of the Purchased Assets to Purchaser, (ii) Purchaser's Assumed DOJ/AG Obligations as provided in this Section 6.16A, and (iii) Plaintiffs' confirmation that Plaintiffs' enforcement rights against Purchaser with respect to any Assumed DOJ/AG Settlement Obligations shall be limited to orders directing non-monetary equitable relief (including, injunctive relief, specific performance or other non-monetary corrective action). The proposed order granting the Motion shall provide that Plaintiffs may not seek imposition of civil penalties or other monetary relief of any type (including without limitation the penalties specified in Section J(3)(b) of Exhibit E of the DOJ/AG Settlement); however, this does not prohibit the imposition of civil contempt sanctions

3

ancillary to any equitable relief granted by the Court to the extent the Purchaser fails to comply with its obligations in accordance with this Section 6.16A. Upon issuance of an order in the form attached to such Motion, Plaintiffs shall have the right to enforce Purchaser's obligations to perform the Assumed DOJ/AG Settlement Obligations under this Section 6.16A, as set forth in the order.

(d) Purchaser agrees to cooperate with and assist ResCap Sellers or any Performing Entity and their respective counsel and other advisors with regard to ResCap Sellers' performance of their obligations under the DOJ/AG Settlement regarding the Purchased Assets and that are not included in the Assumed DOJ/AG Settlement Obligations, including any such obligations in respect of the Consumer Relief Requirements, the SCRA foreclosure file review, and ResCap Sellers' monitoring, testing and reporting requirements during the Term of the DOJ/AG Settlement; provided any such requests for cooperation allows Purchaser a reasonably sufficient time to respond and if such requests requires Purchaser to incur any expenses or costs, ResCap Sellers or any Performing Entity shall promptly reimburse Purchaser for the same. Such cooperation and assistance will include making available all necessary Books, Records, and relevant Mortgage Loan Documents transferred by ResCap Sellers to Purchaser in connection with the Purchased Assets, and by providing such other information and access to systems and personnel as may reasonably be requested by ResCap Sellers, any Performing Entity, or their respective counsel and other advisors in connection with such obligations. The Purchaser's agreement to cooperate and assist in this Section 6.16A(d) is conditioned on the prompt reimbursement by the ResCap Sellers or any Performing Entity of any and all out-of-pocket or third party costs and expenses and Applicable Internal Costs incurred by Purchaser or its Affiliates in connection with such cooperation and assistance. Under no circumstances shall Purchaser have any obligation, responsibility or liability for any fees, costs or expenses of the Monitor or incurred as a result of requests or demands of Purchaser by the Monitor, which fees, costs and expenses shall be paid directly by ResCap Sellers or any Performing Entity.

(e) The parties agree that any liability that ResCap Sellers or Performing Entity may incur as a result of any failure of Purchaser or its Affiliates to comply with the terms of the DOJ/AG Settlement will remain the sole liability of ResCap Sellers or Performing Entity and Purchaser shall have no obligation, responsibility or liability therefor; provided, however, that Purchaser shall indemnify ResCap Sellers or Performing Entity for any fines or penalties that are imposed on ResCap Sellers or Performing Entity by Plaintiffs solely as a result of any knowing failure by Purchaser to comply with the Assumed DOJ/AG Settlement Obligations. ResCap Sellers or Performing Entity will provide prompt written notice to Purchaser following receipt of notice from Plaintiffs or Monitor alleging that any act or omission by Purchaser or its Affiliates has resulted in any failure to comply with the terms of the DOJ/AG Settlement.

**Section 6.16B    Consent Order.**

Purchaser agrees to cooperate with and assist ResCap Sellers, any Performing Entity and their respective counsel and other advisors with regard to ResCap Sellers' performance of their obligations under paragraphs 3, 4 and 22 of the Consent Order regarding the Purchased Assets, including without limitation making available the necessary personnel, systems and processes, as well as the Books, Records, and relevant Mortgage Loan Documents that ResCap Sellers transferred to Purchaser in connection with the Purchased Assets as are reasonably necessary for

4

ResCap Sellers, any Performing Entity and their respective counsel, the independent consultant and the law firms advising the independent consultant to (i) complete the independent review of foreclosure actions and associated reporting obligations to the FRB with respect thereto, and (ii) implement the related borrower remediation plan (including facilitating non-monetary remediation such as refinancings or loan modifications at the expense of ResCap Sellers' or any Performing Entity), in each case as such obligations are finally approved by the FRB (collectively, the "Foreclosure Review Obligations"); provided any such requests for cooperation allows Purchaser a reasonably sufficient time to respond and if such requests requires Purchaser to incur any expenses or costs, ResCap Sellers or any Performing Entity shall promptly reimburse Purchaser for the same. Furthermore, Purchaser's obligations under this Section 6.16B shall be conditioned upon the prompt reimbursement by ResCap Sellers or any Performing Entity of any and all out-of-pocket or third party costs and expenses and Applicable Internal Costs incurred by Purchaser or its Affiliates in connection with compliance with the Foreclosure Review Obligations. Under no circumstances shall Purchaser have any obligation or responsibility for any fees, costs and expenses of the independent consultant and its supporting law firms and advisors, which fees, costs and expenses shall be paid directly by ResCap Sellers or any Performing Entity.

**Section 6.16C    Additional Related Provisions.**

(a)    ResCap Sellers must comply with and ensure the continued performance of their obligations under paragraphs 3, 4 and 22 of the Consent Order, and will comply with all terms and conditions of the DOJ/AG Settlement not included in the Assumed DOJ/AG Settlement Obligations. If Purchaser transfers the servicing of any Mortgage Loan the servicing of which is included in the Purchased Assets and which is subject to the Consent Order or DOJ/AG Settlement to another Person, then Purchaser shall cause, including for the benefit of the ResCap Sellers and any Performing Entity, such other Person to assume Purchaser's obligations under Sections 6.16A, 6.16B and 6.16C with respect to such Mortgage Loan.

(b)    Except as provided in Section 6.16A(c), only the ResCap Sellers or Performing Entity may enforce the Foreclosure Review Obligations and Assumed DOJ/AG Settlement Obligations against Purchaser. Furthermore, except as provided in Section 6.16A(c), nothing in this Agreement shall provide the FRB, the FDIC, or the Plaintiffs in the DOJ/AG Settlement with any rights to enforce the Foreclosure Review Obligations or Assumed DOJ/AG Settlement Obligations against Purchaser, or constitute any consent by Purchaser to the jurisdiction of the FRB, the FDIC, or the United States District Court for the District of Columbia in connection with such obligations.

(c)    It is expressly understood and agreed that all references to Purchaser in this Section 6.16 shall refer to (i) the Purchaser solely with respect to the Purchased Assets other than the Walter Assets and (ii) the Walter Entity solely with respect to the Walter Assets. The Purchaser shall have no obligations pursuant to this Section 6.16, the Consent Order and the DOJ/AG Settlement with respect to the Walter Assets and the Walter Entity shall have no obligations pursuant to this Section 6.16, the Consent Order and the DOJ/AG Settlement with respect to the Purchased Assets other than the Walter Assets. For the avoidance of doubt, Purchaser agrees that it will be a condition to the transfer of the Walter Assets to the Walter

5

Entity that such Walter Entity agrees to the same obligations, with respect to the Walter Assets, to which Purchaser has agreed pursuant to this Section 6.16 with respect to Purchased Assets."

4.    Amendment to Section 6.17(a).  The date of November 15, 2012 set forth in Section 6.17(a) is hereby amended to be November 20, 2012.

5.    Amendment to Section 9.1(a).  The date of November 30, 2012 set forth in Section 9.1(a) is hereby amended to be December 7, 2012.

6.    Amendment to Section 9.1(c).  The first sentence of Section 9.1(c) is hereby deleted in its entirety.

7.    Conditions to Effectiveness; Reference to and Effect on the Asset Purchase Agreement.

    (a)    This Amendment No. 1 shall be effective upon (i) the execution and delivery hereof by each of Purchaser and Sellers and (ii) entry of the Sale Approval Order.

    (b)    Each reference in the Asset Purchase Agreement to "this Agreement", "hereunder", "hereof" or words of like import shall mean and be a reference to the Asset Purchase Agreement as amended and supplemented by this Amendment No. 1.

    (c)    Except to the extent specifically set forth herein, the provisions of the Asset Purchase Agreement shall not be amended, modified, waived, impaired or otherwise affected hereby, and the Asset Purchase Agreement and the obligations thereunder are hereby confirmed as being in full force and effect.

8.    Governing Law.  This Amendment No. 1 shall be governed by and construed in accordance with the Laws of the State of New York without regard to any conflicts of law principles thereof or any other jurisdiction that would apply the law of another jurisdiction and, to the extent applicable, the Bankruptcy Code.

9.    Counterparts.  This Amendment No. 1 may be signed upon any number of counterparts with the same effect as if the signatures on all counterparts are upon the same instrument.

*[Signature Page Follows]*

6

ny-1066326

IN WITNESS WHEREOF, the parties hereto have executed this Amendment No. l to the Asset Purchase Agreement as of the day and year first above written.

**OCWEN LOAN SERVICING LLC**

By _____
   Name:
   Title:

**RESIDENTIAL CAPITAL, LLC**

By _____
   Name:
   Title:

**RESIDENTIAL FUNDING COMPANY, LLC**

By _____
   Name:
   Title:

**GMAC MORTGAGE, LLC**

By _____
   Name:
   Title:

**EXECUTIVE TRUSTEE SERVICES, LLC**

By _____
   Name:
   Title:

**ETS OF WASHINGTON, INC.**

By _____
   Name:
   Title:

**EPRE LLC**

By _____
    Name:
    Title:

**GMACM BORROWER LLC**

By _____
    Name:
    Title:

**RFC BORROWER LLC**

By _____
    Name:
    Title:

**EXHIBIT 12**
**MOTION**

9

ny-1066326

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., ) | Civil Action No. 12-CV-00361 |
| Plaintiffs, ) | |
| v. ) | |
| BANK OF AMERICA, CORP, et al., ) | |
| Defendants. ) | |

**MOTION OF THE RESCAP PARTIES AND NON-PARTIES OCWEN
LOAN SERVICING, LLC AND WALTER INVESTMENT MANAGEMENT
CORPORATION REGARDING THE DUTIES OF OCWEN AND WALTER AS
PURCHASERS OF SERVICING RIGHTS UNDER THE CONSENT JUDGMENT**

In furtherance of the goal that the relief and benefits obtained through the Consent Judgment be fully effectuated and to-address the performance of certain duties under the Consent Judgment (as defined herein) by the undersigned Parties to this civil action and Ocwen Loan Servicing, LLC ("Ocwen") and Walter Investment Management Corporation as purchasers of certain mortgage serving assets ("Walter" and together with Ocwen, the "Purchasers"), and to provide that all obligations of the ResCap Parties (as defined herein) be enforceable against either the ResCap Parties or the Purchasers on the terms set forth herein, the undersigned Parties and the Purchasers respectfully move the Court as follows:

1. On April 5, 2012, this court entered a Consent Judgment (the "Consent Judgment") in this action with respect to a settlement agreement entered into by Plaintiffs with Ally Financial, Inc. ("AFI"), Residential Capital LLC ("ResCap"), Residential Funding Company, LLC ("ResFunding") and GMAC Mortgage, LLC ("GMACM"). AFI, ResCap,

ResFunding and GMACM are sometimes collectively referred to herein as the "ResCap Defendants."

2. On November 2, 2012, ResCap, ResFunding and GMACM (collectively, the "ResCap Parties") entered into an Asset Purchase Agreement with Ocwen to sell to Ocwen certain assets, including servicing rights for residential mortgage loans (the "Acquisition"). A copy of the Asset Purchase Agreement, as may be amended from time to time, is attached as Exhibit 1 to this Motion. The Acquisition contemplates that certain assets will be transferred to Walter or a Walter affiliated entity.

3. As part of the Acquisition, and as contemplated by the Consent Judgment, Ocwen and Walter have agreed with the ResCap Parties to comply with certain obligations of ResCap and GMACM (the "ResCap Sellers") under the Consent Judgment, provided that the Purchasers will not be required to perform, and the ResCap Defendants will remain solely liable for, certain other obligations under the Consent Judgment, as further described in the proposed order attached hereto.

4. The Purchasers and the ResCap Parties have consulted with the United States regarding the obligations that the Purchasers will and will not be obligated to perform and the manner in which the Plaintiffs will be able to enforce such obligations against the Purchasers and have agreed to these matters as further described in the proposed order attached hereto.

5. The undersigned parties and the Purchasers request that the Court, after affording an opportunity for all parties in this action to be heard, enter the attached proposed order, confirming the understanding and agreement among the parties as to these matters.

6.      The ResCap Parties have sought and received approval from the United States Bankruptcy Court for the Southern District of New York to consummate the Acquisition, and a copy of the order approving the Acquisition is attached as Exhibit 2.

**WHEREFORE**, Residential Capital LLC, Residential Funding Company, LLC, GMAC Mortgage, LLC, Ocwen Loan Servicing, LLC, and Walter Investment Management Corporation respectfully request that the Court enter the proposed order attached hereto.


Dated: _____, 2012


[signature block]

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, et al., | ) Civil Action No. 12-CV-00361 |
| Plaintiffs, | ) |
| v. | ) |
| BANK OF AMERICA CORP, et al., | ) |
| Defendants. | ) |

**ORDER
REGARDING THE DUTIES OF OCWEN LOAN SERVICING, LLC AND
WALTER INVESTMENT MANAGEMENT CORP. AS PURCHASERS OF
SERVICING RIGHTS UNDER THE CONSENT JUDGMENT**

Upon the motion (the "Motion") of Defendants Residential Capital LLC ("ResCap"), Residential Funding Company, LLC ("ResFunding"), and GMAC Mortgage, LLC ("GMACM" and, together with, ResCap, and ResFunding, the "ResCap Parties"), and non-parties Ocwen Loan Servicing, LLC ("Ocwen") and Walter Investment Management Corp. ("Walter" together with Ocwen "Purchasers"), with due notice and an opportunity to be heard having been given to all Parties to this Action, and good cause being shown,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that:

1. From and after the closing of the acquisition by Ocwen and Walter of certain assets, including servicing rights for residential mortgage loans, from the ResCap Parties pursuant to an Asset Purchase Agreement dated as of November 2, 2012[1] (the "Acquisition"), both Ocwen and Walter shall comply with the obligations of ResCap and

---
[1] A copy of the Asset Purchase Agreement is attached to the Motion as Exhibit 1.

GMACM (the "ResCap Sellers") under the Consent Judgment in this action and the Exhibits attached thereto dated April 5, 2012 (the "Consent Judgment") with regard to the mortgage servicing assets acquired by such entity in the Acquisition, except for those obligations specifically excluded under the terms of Paragraph 2 of this Order.  The obligations under the Consent Judgment that Purchasers are obligated to perform with respect to those mortgage servicing assets acquired by such entity, as provided in this Order, are collectively referred to as the "Purchasers' Obligations".  Without limiting the foregoing, the Purchasers' Obligations include the following (except to the extent excluded under Paragraph 2):

    a.    Exhibit A, entitled "Settlement Term Sheet";

    b.    Exhibit C, entitled "Borrower Payment Amount";

    c.    Exhibit D, entitled "Consumer Relief Requirements";

    d.    Exhibit E, entitled "Enforcement Terms";

    e.    Exhibit H, entitled "USDOJ Servicemembers Civil Relief Act Settlement Provisions: Ally Financial, Inc., Residential Capital, LLC, and GMAC Mortgage, LLC"; and

    f.    Exhibit I, entitled "Addendum to Federal and State Agreements".

    2.    Purchasers will not be obligated to perform, and shall have no responsibility or liability under the Consent Judgment with respect to any of the following obligations (collectively, the "Excluded Obligations"):

    a.    Any obligations relating to servicing or other activities other than those regarding the mortgage servicing business and assets acquired by Ocwen and Walter respectively in the Acquisition;

  b.  Any obligation that by its terms is required to be performed before the closing of the Acquisition; however, that this does not exclude continuing obligations to comply with the Consent Judgment (including the Servicing Standards and Enforcement Provisions) after the closing of the Acquisition without regard to whether the obligation was properly performed prior to the closing of the Acquisition; and

  c.  Any obligations involving any payment, penalty or financial obligation provided for in or arising under the Consent Judgment, including but not limited to any such payment, penalty or obligation in connection with Articles III, IV, or VI thereof or any of the Exhibits referenced in such Articles, including but not limited to any Borrower Payment Amount as set forth in Exhibit C or any Consumer Relief Requirement as set forth in Exhibit D, except to the extent set forth in ¶ 3 below and with respect to the contractual indemnity provided in Section 6.16A(e) of Exhibit 1.

  3.  Plaintiffs' judicial enforcement rights against Purchasers for the Purchasers' Obligations are limited to seeking and enforcing an order from this Court directing non-monetary equitable relief (including injunctive relief, specific performance, or other non-monetary corrective action), including prosecuting or defending any appeals. Notwithstanding the provision of this Order, the Court may, in its discretion, enforce the non-monetary equitable relief through any means, including civil contempt. The Plaintiffs shall not seek from Purchasers any civil penalties other than civil contempt penalties, including without limitation, the penalties specified in Section J(3) of Exhibit E of the Consent Judgment arising from the performance or non-performance of the

Purchasers' Obligations.  Notwithstanding Purchasers' performance or non-performance of any of the Purchasers' Obligations, nothing herein waives Plaintiffs' rights to seek monetary relief or civil penalties from the ResCap Parties or AFI.

      4.      This Order shall be effective only after and to the extent that, Purchasers complete the purchase of mortgage servicing rights from the ResCap Parties upon closing of the Acquisition.

      5.      This Court retains exclusive jurisdiction to enforce Purchasers' Obligations under this Order and Purchasers' consent to this Court's jurisdiction for those purposes.

Dated: _____, 2012

_____
United States District Judge