MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:     (212) 468-8000
Facsimile:     (212) 468-7900
Stefan W. Engelhardt
Lorenzo Marinuzzi
Samantha Martin

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**DEBTORS' DESIGNATION OF ADDITIONAL ITEMS
TO BE INCLUDED IN RECORD ON APPEAL**

Pursuant to Rule 8006 of the Federal Rule of Bankruptcy Procedure and Rule 8007-1 of the Local Bankruptcy Rules for the Southern District of New York, the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors")[1] provide the following designation of additional items to be included in the record on appeal in connection with the Record on Appeal [Docket No. 2176] filed by appellant Paul N. Papas II ("Appellant"), from the *Order Denying Motion of Paul N. Papas II to Convert Debtor to Chapter 7 Bankruptcy*

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of the Chapter 11 Petitions and First Day Pleadings, filed with the Court on the Petition Date (the "Whitlinger Affidavit") [Docket No. 6].

ny-1066401

[Docket No. 1873], which was entered by the United States Bankruptcy Court for the Southern District of New York on October 19, 2012.

The Debtors designate the following additional items to be included in the record on appeal.[2]

**A.    Pleadings**

| Docket No. | Description |
|---|---|
| 880 | Motion to Convert Chapter 11 Case to Chapter 7 by Paul N. Papas |
| 952 | Notice of Hearing on Motion of Paul N. Papas II to Convert Debtor to Chapter 7 Bankruptcy |
| 1009 | Debtors' Objection to Motion of Paul N. Papas II to Convert Debtor to Chapter 7 Bankruptcy |
| 1015 | Withdrawal of Motion to Convert Debtor to Chapter 7 Bankruptcy |
| 1708 | Objection of the Official Committee of Unsecured Creditors to the Renewed Motion of Paul N. Papas II to Convert Debtor to Chapter 7 |
| 1873 | Order Denying Motion of Paul N. Papas II to Convert Debtor to Chapter 7 |

**B.    Transcripts**[3]

| Date/Time of Hearing | ECF No. | Type of Hearing | Court Reporter or Recorder | Copy Ordered By Debtors |
|---|---|---|---|---|
| 10/10/2012 at 10:00 a.m. (EST) | 1800 | Omnibus Hearing | eScribers, LLC | Yes |

---

[2]    For the avoidance of doubt, the Debtors' designation of any pleadings and/or exhibit lists includes the designation of any and all exhibits filed with, attached to, or otherwise referenced in such pleadings.

[3]    Pursuant to Local Bankruptcy Rule 8007-1(b), only the relevant excerpts of the transcript have been filed herewith as Exhibit 1.

2

ny-1066401

Dated: November 21, 2012,
New York, New York

    */s/*   Stefan W. Engelhardt
    Stefan W. Engelhardt
    Lorenzo Marinuzzi
    Samantha Martin
    MORRISON & FOERSTER LLP
    1290 Avenue of the Americas
    New York, New York 10104
    Telephone: (212) 468-8000
    Facsimile: (212) 468-7900

    *Counsel for the Debtors and*
    *Debtors in Possession*

# **Exhibit 1**

```
                                                                    1
 1
 2   UNITED STATES BANKRUPTCY COURT
 3   SOUTHERN DISTRICT OF NEW YORK
 4   Case No. 12-12020-mg
 5   - - - - - - - - - - - - - - - - - - - - - -x
 6   In the Matter of:
 7
 8   RESIDENTIAL CAPITAL, LLC, et al.,
 9
10               Debtors.
11
12   - - - - - - - - - - - - - - - - - - - - - -x
13
14               United States Bankruptcy Court
15               One Bowling Green
16               New York, New York
17
18               October 10, 2012
19               10:04 AM
20
21   B E F O R E:
22   HON. MARTIN GLENN
23   U.S. BANKRUPTCY JUDGE
24
25
```

**RESIDENTIAL CAPITAL, LLC, ET AL.**  89

1  forward with the proposed order with respect to everybody other
2  than Bank of America, and reserving as to Bank of America, and
3  still trying to work it out with Mr. Teitelbaum.
4  Mr. Rosenbaum?
5             MR. ROSENBAUM:  That's correct, Your Honor.  It's
6  JPMorgan Chase.
7             THE COURT:  Okay.  I admit I said Bank of America.
8  It's JPMorgan Chase.  All right.  I'm familiar with the matter.
9  The motion is granted; obviously, it's reserved as to JPMorgan
10 Chase; hopefully you'll be able to work it out.
11            MR. ROSENBAUM:  Thank you, Your Honor.  We'll submit
12 the order.
13            THE COURT:  Okay.  Thank you.
14            MR. MARINUZZI:  Your Honor, that, I believe, brings us
15 to the renewed motion of Paul N. Papas, II --
16            THE COURT:  Yes.  We're going to take a ten-minute
17 recess --
18            MR. MARINUZZI:  Fine, Your Honor.
19            THE COURT:  -- before I launch into those.
20            MR. MARINUZZI:  Thank you, Your Honor.
21      (Recess from 11:51 a.m. until 12:09 p.m.)
22            THE COURT:  Please be seated.  Sorry.  Okay.  Who is
23 going to pick up here?
24            MS. MARTIN:  Good morning, Your Honor.  Samantha
25 Martin from Morrison & Foerster on behalf of the debtors.

1   I believe the next item on the agenda is Mr. Papas'
2   motion to convert the cases.
3           THE COURT:  All right.  Is Mr. Papas present?
4           MS. MARTIN:  I believe he may be --
5           MR. PAPAS:  Yes, I am, Your Honor.
6           THE COURT:  Go ahead Mr. Papas --
7           MR. PAPAS:  Can you hear --
8           THE COURT:  -- go ahead and argue your motion.
9           MR. PAPAS:  Good morning.  How are you?
10          THE COURT:  It's afternoon, but go ahead, Mr. Papas.
11          MR. PAPAS:  Okay.  All right.  Thank you.  I take it
12  you have read my renewed motion, the memorandum in support, and
13  my reply.
14          THE COURT:  I did.  I read everything.
15          MR. PAPAS:  Okay.  I do want to make a comment
16  initially.  On my reply, I only addressed ResCap.  I did not
17  address the unsecured creditors' committee, their objection,
18  simply because it came in after the date that I noticed for the
19  objections to be filed, which is October 1st.  Now I do see
20  that their objection is essentially the same as ResCap's.
21          Basically, I'll give you a very brief history of how
22  GMAC and I came together.  I've been in the real estate
23  business since 1970 professionally, and we buy a lot of short
24  sales.  We negotiate short sales.  We fund or help fund and
25  raise financing for various-sized companies.  And one of the

**RESIDENTIAL CAPITAL, LLC, ET AL.**                                              91

1  fundamental things that we do is we always find out what it is
2  that the company owns before there can be any financing
3  arranged.
4        We always want to know what's available to be
5  attached, if you will, encumbered, so that we can see what
6  might be available so that a potential client who has funds may
7  want to invest or help that company out.  So that's the premise
8  of my motion.
9        But GMAC and I came together in approximately 2008
10 when I was negotiating short sales for one particular woman in
11 Arizona.  She owned five different properties.  And during that
12 period, I recorded options to purchase.  Then shortly
13 thereafter, for whatever reason, she filed bankruptcy
14 protection in Chapter 7.  So then I became a creditor in that
15 particular case.  I attended a hearing where I expressed my
16 desire to purchase those five properties, and I continued to
17 negotiate with the different -- the five different lenders in
18 order to work out the short sale options on each of those
19 properties.  The only property that we were able to come to
20 some agreement with was GMAC.  All the documents are available;
21 but the short version is at the time when they filed their
22 motion for relief from stay, they did not notice me and those
23 documents are available.
24       So then I filed for a hearing and had a hearing at the
25 bankruptcy court in Arizona where I attended in person and GMAC

1   was represented by Pite Duncan.  And the short version is that
2   the bankruptcy court judge ruled that they should have noticed
3   me and he was not going to reverse the auction sale because
4   they had sold it to a third-party, and he told me that my
5   relief was in the state superior court.  So then we proceeded
6   in the state superior court, and from there, that -- it turns
7   out that that party who had the purchase -- had purchased the
8   property at the auction was an entity that didn't exist and
9   then they were -- they are a defendant in that suit.  And then
10  they turned around and they sold the property during the period
11  of the pendency of the suit, shortly -- and it was well after
12  they were served.
13          So what we have there is several violations of the
14  Uniform Fraudulent Transfer Act, and that's why I keep
15  mentioning it because this is a pattern that keeps occurring.
16  There's a property that's mentioned in this particular case.
17  It's in Marlboro, Massachusetts.  And in that particular case,
18  there was a purchase and sale agreement that was properly
19  executed with the proof of funds presented to GMAC through
20  common law, and for whatever reason, they had the auction
21  anyway, even though it was well-stated and it's well-documented
22  that if the woman had a purchase and sale agreement, then they
23  would postpone the auction and they would allow her to sell the
24  property so that she could pay off the mortgage out in full,
25  because the price that we were offering happened to exceed the

**RESIDENTIAL CAPITAL, LLC, ET AL.**  93

1  amount of the mortgage because that particular property at that
2  particular time still had equity in there.  I don't believe it
3  does today but at the time it did.  And so that's -- now the
4  property in Marlboro, Mass.
5       There's another property that's mentioned in these
6  documents and that's a property in Scottsdale, Arizona.  And
7  that property, GMAC had the mortgage.  They sold it to Fannie
8  Mae and then they rescinded the sale.  And then again, this
9  year, while the stay was on --
10      THE COURT:  Mr. Papas, let me try and focus you.
11 What's the specific basis on which you seek to convert this
12 Chapter 11 case to a case under Chapter 7?
13      MR. PAPAS:  Sure.  Okay.  The papers --
14      THE COURT:  Because I've read all your papers, Mr.
15 Papas.
16      MR. PAPAS:  Okay.
17      THE COURT:  Not only this set of papers but the prior
18 motion that you filed.
19      MR. PAPAS:  Okay. All right.  Well I appreciate that.
20 My basis is bad faith and misconduct of the debtors, because my
21 belief is that they -- that the debtor has not properly stated
22 what they own; that their schedules are not correct and that's
23 why I attached the deed and several other documents to show
24 that on one hand, they're saying that they own certain things
25 and they don't, because the documents don't show that out.

**RESIDENTIAL CAPITAL, LLC, ET AL.**                                94

1    On the other hand, they're saying they do not own
2    property when, in fact, there's a deed that says they do.  So
3    it goes back to very simple; they have not been truthful and
4    forthright with the Court in exactly delineating what they
5    owe -- what they own.
6         Now I don't know what else may be amiss because I
7    don't have access to all the documents and I'm not an
8    accountant, but the problem is that there's no way of knowing
9    exactly what the estate is.  So before there's a sale, there
10   should be an exact accounting of what is available for sale.
11   And because of the various violations which I go through in the
12   documents, and I can easily give you more, it's my belief that
13   they have conducted fraudulent transfers for things that they
14   don't own.  And so for that reason alone, I think everything
15   should come to a stop until such time as we actually know
16   what's available.  Now --
17        THE COURT:  All right.  I'm going to cut you off
18   there.  I understand your arguments, Mr. Papas.
19        MR. PAPAS:  Okay.  All right.
20        THE COURT:  Go ahead, counsel.
21        MS. MARTIN:  Thank you, Your Honor.
22        THE COURT:  Just pull the microphone a little closer.
23        MS. MARTIN:  Sure.
24        THE COURT:  Thank you.
25        MS. MARTIN:  Before I begin discussing the merits of

**RESIDENTIAL CAPITAL, LLC, ET AL.** 95

1  Mr. Papas' conversion motion, I would just like to take a
2  minute to discuss the relationship between Mr. Papas and the
3  debtors.  To start, there is no relationship, Your Honor.  Mr.
4  Papas is not a borrower to GMAC under a mortgage loan.  He's
5  also not a party to or beneficiary of any of the servicing
6  agreements.  He appears to be concerned with GMAC because he's
7  interested in purchasing certain properties that are from GMAC
8  borrowers, as he mentioned; and those borrowers typically are
9  going through foreclosure or eviction proceedings.
10          Due to this attenuated relationship, Mr. Papas has
11  participated in several proceedings among the debtors and
12  certain borrowers; and in one instance, he was named as a
13  defendant in a lawsuit along with GMAC because the borrower
14  noted that Mr. Papas claimed to have an interest in all of
15  GMAC's property and he had given the borrower permission to
16  continue residing there.
17          In several of these actions, Mr. Papas has filed
18  numerous, frivolous pleadings which have been denied.  In the
19  first case, which I believe is the case that Mr. Papas just
20  mentioned in the Superior Court of Arizona, case number CV-
21  2010-050028, Mr. Papas was actually sanctioned and ordered to
22  pay GMAC's attorneys fees of approximately 13,000 dollars, and
23  he was also later prohibited by that court from making any
24  future filings against GMAC and from serving additional
25  discovery requests on GMAC in that case without prior court

**RESIDENTIAL CAPITAL, LLC, ET AL.** 96

1  approval.

2        With this --

3        MR. PAPAS:  Well that information is not --

4        THE COURT:  No, please don't interrupt.  No one
5  interrupted you, Mr. Papas.

6        MR. PAPAS:  Sorry.

7        THE COURT:  Go ahead.

8        MR. PAPAS:  Sorry.  Sorry.

9        MS. MARTIN:  With this background in mind, I would
10 like to turn to the conversion motion.  As you noted earlier,
11 Mr. Papas is seeking to convert the debtors' Chapter 11 cases
12 to Chapter 7 cases without providing legal or factual support.
13 The bankruptcy court (sic) provides that the Court may convert
14 a case or dismiss it if the movant shows by a preponderance of
15 the evidence that cause exists for conversion unless the Court
16 determines that the appointment of a trustee or examiner is in
17 the best interests of the creditors and the estate.  And, Your
18 Honor, Mr. Papas has not met that burden here.

19       For the reasons described in our reply or our
20 opposition, I should say, Mr. Papas did not establish cause as
21 defined by Section 1112(b)(4).  He makes general allegations
22 regarding the bad faith and misconduct of the debtors but does
23 not address them with any specificity.

24       With respect to some of the issues Mr. Papas just
25 raised on the phone, the debtors do believe their schedules are

|  |  |
|---|---|
| **RESIDENTIAL CAPITAL, LLC, ET AL.** | **97** |

1  correct as of the petition date.  Some of the documents to
2  which Mr. Papas refers are dated as of different dates and
3  thus, there is probably a discrepancy there because the
4  property was transferred in the interim.  To the extent the
5  debtors discover that there are any errors in their schedules,
6  they can amend those and there's no reason for the Court to
7  convert the cases on that basis.
8          In addition, with respect to Mr. Papas' other point,
9  the debtors are not seeking to sell any assets that they don't
10  own.  The purchase agreements will provide representations that
11  the debtors own the assets they are selling.  And to the extent
12  the purchasers discover otherwise or any of the parties
13  discover otherwise, those assets will not be sold by the
14  debtors to the purchasers.
15          Going back to some of the reasons we set forth in our
16  opposition, this Court has already appointed an examiner to
17  oversee the Chapter 11 cases.  The debtors believe that any
18  further oversight in Chapter 7 is unnecessary and unwarranted.
19  In addition, liquidation under Chapter 7 would not provide a
20  maximum return to creditors, especially as compared to the
21  proposed return that the debtors anticipate from the upcoming
22  sales and some of the other issues in these cases.
23          Third, Mr. Papas relied in part on the Gilbert motion
24  which Your Honor has already denied.  The Gilberts sought to
25  dismiss these cases, and Your Honor determined that the

|    | RESIDENTIAL CAPITAL, LLC, ET AL.    98 |
|---|---|
| 1 | Gilberts did not establish cause for dismissal and I should |
| 2 | note that that motion was brought on substantially similar |
| 3 | grounds. |
| 4 | And finally, the Bankruptcy Code provides that the |
| 5 | Court may not convert the case if the Court decides that it is |
| 6 | not in the best interest of creditors and the estates; and we |
| 7 | believe that is the case here.  The debtors are poised to sell |
| 8 | substantially all of their assets in the near future.  We also |
| 9 | have established that it's in our best interest to continue |
| 10 | operating in the ordinary course of business until those sales |
| 11 | can be consummated. |
| 12 | And finally, the debtors are negotiating a plan of |
| 13 | reorganization with their major constituents, and it is likely |
| 14 | to be confirmed within a reasonable period of time. |
| 15 | THE COURT:  Thank you. |
| 16 | MS. MARTIN:  Thank you. |
| 17 | THE COURT: All right.  I don't need to hear any |
| 18 | further argument.  The Court's prepared to rule.  On September |
| 19 | 14, 2012, Mr. Papas submitted the renewed motion to convert |
| 20 | debtor to Chapter 7 bankruptcy.  It's at ECF docket number |
| 21 | 1472.  On September 21st, Mr. Papas also filed a memorandum in |
| 22 | support of motion to convert debtor ResCap to Chapter 7. |
| 23 | That's at ECF number 1547. |
| 24 | The debtor filed its objection.  The creditors' |
| 25 | committee likewise filed an objection.  On October 5th, Mr. |

**RESIDENTIAL CAPITAL, LLC, ET AL.**  99

1  Papas filed a reply to debtor ResCap/GMAC opposition to motion
2  to convert the debtor to Chapter 7.  That's at ECF 1731.
3          The issues raised by Mr. Papas' motion have previously
4  been considered and rejected in connection with the Court's
5  opinion in connection with the Gilbert motion to lift the
6  automatic stay.  The Gilbert motion was found at ECF docket
7  number 274, and the Gilberts sought dismissal of the underlying
8  Chapter 11 bankruptcy based upon the bad faith and misconduct
9  of the debtors.
10          In this renewed motion, Mr. Papas seeks conversion
11  because of "the bad faith and misconduct of the debtor
12  ResCap/GMAC."  That's ECF 1472 at paragraph number 4.
13          The standards for dismissal or conversion are set
14  forth in Bankruptcy Code Section 1112(b).  Just bear with me a
15  second.
16          The moving party has the burden of demonstrating cause
17  for conversion.  See In re: MF Global Holdings, Ltd. 465 BR
18  736, 742 (Bankr. S.D.N.Y. 2012).  And MF Global cites other
19  cases for that same proposition.
20          Section 1112(b)(4) provides sixteen examples of events
21  that constitute cause, but the list is not exhaustive, leaving
22  courts the option to consider other factors.  Bankruptcy judges
23  have wide discretion to determine whether cause exists to
24  dismiss or convert a case under Section 1112(b).  Once the
25  moving parties establish cause, the burden shifts to the

1  respondent to demonstrate by evidence the unusual circumstances
2  that establish that dismissal or conversion is in the best
3  interests of creditors and the estate.  See 7 Collier on
4  Bankruptcy, paragraph 1112.05, subsection 1.
5         The Court has carefully reviewed Mr. Papas' papers,
6  and they set forth no evidentiary or legal support for
7  conversion of this case to a case under Chapter 7.  The Court
8  further concludes that Mr. Papas' motion is frivolous.  Any
9  effort by Mr. Papas to renew the motion in the event that -- or
10 seeks similar relief on alternate grounds, the Court will
11 entertain a motion by the debtors to impose sanctions against
12 Mr. Papas.  For the foregoing reasons as explained, the current
13 motion is denied.  Debtors' counsel should submit an order that
14 indicates for the reasons stated on the record, the motion is
15 denied.  Thank you.
16        Next matter?
17        MS. MARTIN:  Thank you.
18        MR. PAPAS:  Thank you.  I'll be filing my appeal.
19        MR. NEWTON:  Good afternoon, Your Honor.  James Newton
20 of Morrison & Foerster on behalf of the debtors.
21        The next items on the agenda are three or four motions
22 filed by Kenneth Taggart, who you're familiar with.  I'll just
23 run through them real quickly and then I'll cede the podium to
24 Mr. Taggart.
25        The first one, item number 6 on the agenda is a motion