UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re: RESIDENTIAL CAPITAL, LLC, et al.        Case No.: 12-12020 MG
                                                Chapter  11
                    Debtor
-----------------------------------------------------------x
GEORGE VAN WAGNER,
                    Plaintiff,                  Adversary Proceeding No.: 12-01913 MG
        v.
RESIDENTIAL FUNDING COMPANY,
LLC, et al.; NATIONAL CITY MORTGAGE;
GOLDEN & AMOS, PLLC; TIM AMOS
GMAC MORTGAGE;
PETER T. DEMASTERS;
FLAHERTY, SENSABAUGH, BONASSO
PLLC;
SUSAN ROMAIN
PNC BANK NATIONAL ASSOCIATION;
SENECA TRUSTEES, INC.;
JASON MANNING,
TROUTMAN SANDERS, LLP
                    Defendants.
-----------------------------------------------------------x

### MEMORANDUM OF LAW IN SUPPORT OF
### DEFENDANT SENECA TRUSTEES, INC.'S MOTION TO DISMISS

Comes now, Defendant Seneca Trustees, Inc. ("Seneca"), by counsel, Chris R. Arthur and the law firm of Samuel I. White, P.C., and respectfully submits the following in support of its motion to dismiss on the basis that this Court lacks subject matter jurisdiction; and that the claims are barred by res judicata.

### I.    FACTURAL BACKGROUND

Plaintiff filed for bankruptcy relief on March 28, 2008 (08-BK-00435) pursuant to Chapter 11 of the U.S. Bankruptcy Code. Subsequently, Plaintiff converted to a chapter 7. Mr. Van Wagner received a discharge in that case entered June 25, 2010. See Exhibit A, Discharge of Debtor. In fact, Plaintiff filed on September 12, 2011 a motion to compromise claims

reflecting that Plaintiff recognizes that he attempted to resolve these claims in the bankruptcy action in the Northern District of West Virginia.

Of additional importance, in the Adversary Complaint, Plaintiff admits that the U.S. Bankruptcy Court for the Northern District of West Virginia dealt with various claims relating to the subject property which has an address of 409 Three Run Road, Bunker Hill, WV 25413 (hereinafter "subject property"). Specifically, Plaintiff states that Judge "Flatley then stipulated that those properties that were fraudulently conveyed reverted back to Van Wagner and were now part of his personal assets and subjected to his bankruptcy case. [Judge] Flatley then proceeded to address each of the properties separately as properties of George Van Wagner and for 2 years has been litigating those properties as George Van Wagner, Debtor." [See Complaint, ¶ 17, p. 4]. However, Plaintiff fails to recognize that any claims against defendants were addressed by the bankruptcy court in West Virginia. Of additional note, Mr. Van Wagner also has asserted these same claims in various state courts in West Virginia. The Circuit Court of Berkeley County dismissed his claims by order dated January 25, 2011. Now, he has another lawsuit in the Circuit Court of Berkeley County, West Virginia, Civil Action No. 11-C-1000, where motions to dismiss are pending. Basically, Mr. Van Wagner keeps filing the same types of lawsuits in various courts hoping that he is able to obtain a better result from another court. However, this is the first time that he has asserted these claims in a court outside the State of West Virginia.

Moreover, Plaintiff ignores that the lender filed a motion for relief from the automatic stay on July 8, 2008 in order to get permission from the bankruptcy court to proceed with the foreclosure. On August 5, 2009, the Bankruptcy Court granted the motion for relief granting permission for the lender to foreclose on the subject property. In other words, the Bankruptcy

Court addressed any claims relating to the subject property at that time. Further, the Plaintiff had an affirmative duty to assert any claims, or to object to the lender's ability to proceed to foreclosure during the hearings relating to the motion for relief. Plaintiff's failure to do so bars him from raising any claims now in this Court. Finally, Mr. Van Wagner received a chapter 7 discharge. Hence, he was required to raise any claims in his bankruptcy as part of his estate.

From the Complaint, it is difficult to ascertain what claims, if any, are asserted against Seneca. However, the Complaint seeks to prevent the trustee to proceed with a foreclosure sale, and it further requests various damages on a theory of unlawful debt collection. As stated above, the bankruptcy court in West Virginia ruled on this issue by granting relief from the stay in order to proceed to foreclosure.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a Complaint that fails to state a claim upon which relief can be granted. The United States Supreme Court clarified the Rule 8 pleading requirements when it expressly rejected the oft-cited "no set of facts" language of Conley v. Gibson, 355 U.S. 41 (1957). See Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1968-69 (2007) ("The [no set of facts] phrase is best forgotten as an incomplete negative gloss on an accepted pleading standard"). In Ashcroft v. Iqbal, the Supreme Court confirmed that the Twombly pleading standard applied to all civil actions. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (U.S. 2009).

Now, in order to survive a motion to dismiss a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Id. at 1949. The Court explained that a "claim has facial plausibility when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."" Id. at

3

1955 (emphasis added). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. at 1955 (internally citations omitted).

Gone are the days that a plaintiff can survive a motion to dismiss with mere labels and conclusions, generally lumping defendants together, and formulaically reciting the elements of a cause of action. Indeed, Rule 8 now has teeth, and the Plaintiff's allegations fall woefully short of demonstrating a plausible entitlement to relief.

It further is a fundamental premise of the law that for "a court to hear and determine an action, suit or other proceeding it must have jurisdiction of the subject matter and jurisdiction of the parties; both are necessary and the absence of either is fatal to its jurisdiction." State ex rel. Barden and Robeson Corp. v. Hill, 208 W.Va. 163, 539 S.E.2d 106, (citing Syl. pt. 3, State ex rel. Smith v. Bosworth, 145 W.Va. 753, 117 S.E.2d 610 (1960). See also syl. pt. 1, McClay v. Mid-Atlantic Country Magazine, 190 W.Va. 42, 435 S.E.2d 180 (1993); syl. pt. 1, Schweppes U.S.A. Ltd. v. Kiger, 158 W.Va. 794, 214 S.E.2d 867 (1975) ("In order to render a valid judgment or decree, a court must have jurisdiction both of the parties and of the subject matter and any judgment or decree rendered without such jurisdiction will be utterly void.")).

> [T]he requirement of subject matter jurisdiction is met initially if: 1) the court has the general power to grant the type of relief demanded under any circumstances; 2) the pleadings demonstrate that a set of facts may exist which could arguably invoke the court's jurisdiction; and 3) the allegations both with regard to the facts and the applicable law are of sufficient substance to require the court to make, in an adversary proceeding, a reasoned determination of its own jurisdiction. Eastern Associated Coal Corp. v. Doe, 159 W.Va. 200, 210, 220 S.E.2d 672, 679 (1975).

4

### III.  LEGAL ANALYSIS

**A.  This Court Does Not Have Subject Matter Jurisdiction.**

Bankruptcy Courts may hear and determine certain matters falling within the jurisdictional grant of 28 U.S.C. § 1334.  The framework for the jurisdiction of Bankruptcy Courts is set forth in 28 U.S.C. § 157.  A Bankruptcy Court may hear and determine all cases under Title 11 and all core proceedings arising under Title 11.  Here, the Debtor's adversary proceeding is not a core matter.  Core proceedings include, but are not limited to, the categories set forth in section 157(b)(2).  In the instant case, it is abundantly clear that the substantive basis of the claims is applicable state law under the State of West Virginia.  First, the applicable real property is located in West Virginia.  As this action challenges a foreclosure in that State, the State of West Virginia laws will control.  Second, this Court does not have jurisdiction to trump the U.S. Bankruptcy Court in West Virginia which already granted the lender the right to proceed to foreclosure.  Third, these same claims were addressed by the Circuit Judge in the Circuit Court of Berkeley County, West Virginia.  Hence, Seneca is entitled to dismissal of this action.

**B.  Lawsuit is Barred by Res Judicata.**

It is a well known rule that res judicata applies in bankruptcy cases.  Snow v. Countrywide Home Loans, Inc., 270 B.R. 38 (Md. Dist. Ct. 2001) (citing In re: Varat Enters., Inc., 81 F.3d 12310, 1314 (4th Cir. 1996)).  The Ninth Circuit Court of Appeals provided guidance when it held that "'res judicata bars all grounds for recovery that could have been asserted, whether they were or not, in a prior suit between the same parties on the same cause of action.'  That applies to matters decided in bankruptcy." Siegel v. Fed. Home Loan Mortgage Corp., 143 F.3d 525, 528-29.

5

Recently, Judge Goodwin in the case of <u>Sampson v. Chase Home Finance</u>, Case No. 2:09-C-00382, (S.D. of W.Va. 2009) explained that "[t]he issue is not whether the claims that are now being pursued are identical to the issues resolved in the bankruptcy proceedings. Instead, the issue is whether the Sampson's current claims could have been resolved in bankruptcy court, and whether addressing them here would undermine the bankruptcy court's orders. Though based in tort rather than contract, the Sampson's current claims ultimately challenge the validity of the agreements that lead to the Sampson's bankruptcy." Judge Goodwin dismissed the Plaintiffs' counts by relying on res judicata.

Here, Plaintiff admits in his Amended Complaint that the Bankruptcy Court addressed certain matters relating to the subject property. But, Plaintiff intentionally ignores that the Bankruptcy Court granted relief from the automatic stay in order to permit the lender to foreclose on the subject property. Clearly, any claims should have been raised at that time in the bankruptcy proceeding. Therefore, the doctrine of res judicata precludes Plaintiff from asserting any claims regarding the origination of the loan. Plaintiff also ignores that he litigated or is litigating these claims in State Court in West Virginia. See Exhibit B, "Order Dismissing Action without Prejudice".

**C.    U.S. Bankruptcy for the Northern District of West Virginia Has Exclusive Jurisdiction Over Plaintiff's Complaint**

Any claims against a third party are part of the Plaintiff's bankruptcy estate. 11 U.S.C. § 524(j) further governs the treatment of a creditor who has a security interest in real property. It provides, in applicable part, that "[s]ubsection (a)(2) does not operate as an injunction against an act by a creditor that is the holder of a secured claim, if—(1) such creditor retains a security interest in real property that is the principal residence of the debtor. . ." Here, Plaintiff is asserting various claims regarding the loan transaction and the lender's ability to foreclose. Any

6

allegations relating to that dispute should have been raised during Plaintiff's chapter 7 bankruptcy in the Northern District of West Virginia. Basically, Plaintiff is attempting to circumvent 11 U.S.C. § 524 by ignoring the rulings in his bankruptcy in West Virginia and trying to shop for a more favorable ruling in this Court.

Of additional note, foreclosure law is governed by State law. In this case, West Virginia law controls. In other words, any claims relating to the foreclosure in West Virginia must be raised in State Court in West Virginia. As explained by Judge Flatley in the case of In re: Johnston, 362 B.R. 730 (2007) "when a state enacts a statute that affects a party's rights or duties in a bankruptcy proceeding, the question becomes whether the state law is a bankruptcy law that is expressly permitted by Congress'[ ] power under the Bankruptcy Clause, or whether the statute is not a bankruptcy law, but is one that has impermissible application insofar as it relates to the federal bankruptcy law." Id. at 734 (citing Pobreslo v. Joseph M. Boyd Co., 287 U.S. 518, 526 (1933).

Judge Flatley further noted that "[t]he standard for determining whether a state law, which is not a bankruptcy law, is preempted by the Bankruptcy Code is: (1) whether the state law is expressly preempted by the Bankruptcy Code; (2) whether Congress intended to occupy the entire field so as to preempt state laws that might be applicable in that area; (3) whether the state law conflicts with the federal statutes such that the state law cannot be given effect; and (4) whether the state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." Id. at 735 (citing Crosby v. National Foreign Trade Council, 530 U.S. 363, 372-73 (2000).

Here, Plaintiff's Complaint clearly does not meet the standard to remain in bankruptcy court. Applying the four prong test, state law is not expressly preempted; state law does not

7

conflict with federal law; and state law does not stand as an obstacle. Instead, foreclosure also has been given under state law.

Basically, bankruptcy was meant to help the honest, but unfortunate, debtor get a <u>fresh</u> start, not a head start by filing civil actions such as this one, seeking damages which have no relations to the alleged injury. Therefore, all claims must be dismissed against Seneca.

### IV.    CONCLUSION

**WHEREFORE**, Defendant, Seneca Trustees, Inc. respectfully prays that this Court dismiss the Plaintiff's Complaint and Motion to Enjoin Wrongful Foreclosure Action or alternatively remand the matter to the United States Bankruptcy Court for the Northern District of West Virginia and grant such other and further relief as this honorable Court deems just and proper.

This the 21st day of November, 2012.

                              SENECA TRUSTEES, INC.
                              By Counsel,

   /s/ Kiyam J. Poulson
Kiyam J. Poulson, Esq.
Druckman Law Group PLLC
Bankruptcy/Eviction Departments
242 Drexel Avenue
Westbury, N.Y. 11590
T:516-876-0800, ext. 17
F:516-876-0888

Chris R. Arthur, Esq. (WVSB #9192)
Samuel I. White, PC
601 Morris Street, Suite 400
Charleston, WV 25301
304-414-0200
Pro Hac Vice Motion filed