# EXHIBIT B

# IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA

## GEORGE VAN WAGNER,

Plaintiff,

v.

Civil Action No. 10-C-306
Hon. Judge Silver, III

## AMERICA'S SERVICING COMPANY,
## CINTIUX, LLC, KENNETH LEMASTER, Sheriff,
## NORWOOD BENTLEY, and JOHN W. SMALL, JR., Clerk,

Defendants.

## <u>ORDER DISMISSING ACTION WITHOUT PREJUDICE</u>

On this the 13th day of October, 2010, came the parties pursuant to several pending

motions and responses in opposition. Specifically considered were: (1) the *Pro Se* Plaintiff,

George Van Wagner's ("Van Wagner"), "Motion to Appeal Order Granting Summary

Judgment and Dismissing Action," which the Court considers a Motion for Relief from

Judgment pursuant to Rule 60 of the West Virginia Rules of Civil Procedure; (2) Van

Wagner's oral motion to dismiss the action without prejudice; (3) Defendant, America's

Servicing Company's ("ASC"), Motion for Relief from Judgment and Motion for Enlargement

of Briefing Schedule, or in the Alternative, Joinder for Relief from Judgment; (4) ASC's

Motion to Dismiss for Lack of Jurisdiction of the Subject Matter and Motion to Enjoin

Representation of Business Entity by Person Not Licensed to Practice Law; and (5) Defendant,

Cintiux, LLC's ("Cintiux'), Opposition to Defendant ASC's Motion to Continue Hearing on

Plaintiff's Motion for Relief from Judgment and Motion for Enlargement of Briefing Schedule,

or, in the Alternative, Joinder for Relief from Judgment.

*RL*

*1-25-11*
*N Bentley*
*R Ashworth*
*K Barton*
*A Hovermale*
*SK*

Page 1 of 7

CIVIL ORDER BOOK NO. 224
PAGE 7 - 13
DATE 1-25-11

The issues contained therein have been fully briefed, the parties have been presented with the opportunity to be heard, and the aforesaid Motions are ripe for decision. Based upon the evidence presented, the arguments of counsel, and the law applicable to the current issues, the Court finds and holds as follows:

## FACTS AND PROCEDURAL HISTORY

1.      This litigation is brought by Plaintiff, Van Wagner, and against Defendants, ASC and Cintiux, as well as Kenneth LeMaster, Norwood Bentley and John W. Small, Jr. (latter Defendants collectively as "Bentley, Small and LeMaster"). The Plaintiff appears before this Court in a *pro-se* capacity.

2.      This lawsuit seeks to quiet title to a certain piece of property located at 2887 Middleway Pike, Martinsburg, West Virginia (the "Property"). The Plaintiff asserts in his pleadings that he is not the owner of the Property. Instead, the Plaintiff asserts in his pleadings that the property is owned by a non-party, VAC, LLC.

3.      Cintiux answered the Plaintiff's Complaint on May, 7, 2007. On that same date, Cintiux filed a Motion for Summary Judgment. Therein, Cintiux asserted: (1) that Plaintiff lacked standing to bring the current suit; and, (2) that Cintiux complied with all provisions of the West Virginia Code Section 11A-3-1, *et seq.*, and no basis exists to set aside the conveyance of the property to Cintiux.

4.      On that date, the time for ASC to answer or otherwise respond to Plaintiff's Complaint had not passed, and ASC was not before the Court. Cintiux did not serve upon ASC a copy of the aforementioned Motion for Summary Judgment.

5. Defendants, Bentley, Small, and LeMaster answered the Plaintiff's Complaint on May 26, 2010. On that same date, Bentley, Small and LeMaster joined in Cintiux's Motion for Summary Judgment.

6. On that date, the time for ASC to answer or otherwise respond to Plaintiff's Complaint had not passed, and ASC was not before the Court. Bentley, Small and LeMaster did not serve upon ASC a copy of the aforementioned Motion for Summary Judgment.

7. Without notice of the aforementioned motions, but while the Motions were pending, ASC filed it's Motion to Dismiss for Lack of Jurisdiction of the Subject Matter and Motion to Enjoin Representation of Business Entity by Person Not Licensed to Practice Law. This responsive pleading was filed on June 22, 2010.

6. The Court granted Cintiux's Motions for Summary Judgment on June 28, 2010.

7. The Court granted Bentley, Small and LeMaster's Motion for Summary Judgment on June 28, 2010.

8. The Plaintiff filed his Motion for Relief from Judgment on July 6, 2010.

9. On or about August 3, 2010, counsel for ASC requested a docket sheet during routine docket maintenance. Thereafter, ASC requested the previously filed Motions for Summary Judgment as well as Orders granting the same.

10. Upon review, ASC joined in Plaintiff's Motion for Relief from Judgment by Motion filed on August 30, 2010, again asserting that jurisdiction over the subject matter was not before the Court, or in the alternative, that questions of fact remained which prevented the summary dismissal of Plaintiff's claims.

11. At the hearing held on this date, Van Wagner, appearing *pro se*, orally moved the Court to dismiss the action without prejudice.

## CONCLUSIONS OF LAW

This Court lacks subject matter jurisdiction over the present matter because Plaintiff has not alleged that he is the owner of the Property at issue. Instead, Plaintiff avers that VAC, LLC, a non-party to this litigation, is the owner of the Property. Therefore, Plaintiff does not have standing to assert the current claims and the litigation must be dismissed pursuant to Rule 12(b) of the West Virginia Rules of Civil Procedure.

Standing "is defined as a party's right to make a legal claim or seek judicial enforcement of a duty or right." State ex rel. Leung v. Sanders, 213 W. Va. 569, 578, 584 S.E.2d 203, 212 (2003) quoting Findley v. State Farm Mut. Auto. Inc. Co. 213 W. Va. 80, 94, 576 S.E.2d 807, 821 (2002). An inquiry into standing "focuses on the appropriateness of a party bringing the questioned controversy to the court." Sanders, 213 W. Va. at 578, 584 S.E.2d at 212. One specific aspect of standing is that one generally lacks standing to assert the rights of another. Id. Standing "is an element of jurisdiction over the subject matter." State ex rel. Paul B. v. Hill, 201 W. Va. 248, 496 S.E.2d 198 (1997) citing 21A Michie's Jurisprudence, Words and Phrases § 380 (1987). Whenever "it is determined that a court has no jurisdiction to entertain the subject matter of a civil action, the forum court must take no further action other than to dismiss it from the docket." Hinkle v. Bauer Lumber & Home Bldg. Center, Inc., 158 W. Va. 492, 211 S.E.2d 705 (1975).

In the present case, and taking the facts as alleged in Plaintiff's pleadings as true, Van Wagner has asserted that VAC, LLC, is the sole legal owner of the subject property. Plaintiff's assertion that he holds equity in the named company does not remedy an otherwise deficient pleading and does not confer upon him any rights to assert the claims of the company. See Heartland, LLC v. McIntosh Racing Stable, LLC, 219 W. Va. 140, 632 S.E.2d 296

(2006) (stating that a "limited liability company is a legal entity distinct from its members").

Therefore, based upon the allegations contained in the Plaintiff's Complaint, Van Wagner lacks

the requisite standing to bring this action which has prevented the necessary subject matter

jurisdiction from being conferred upon this Court.[1]

    Additionally, due to the lack of jurisdiction, the Court relieves the parties of all

previous dispositive findings of fact and conclusions of law. In doing so and for good cause

shown, the Court **HEREBY GRANTS** ASC's motion for relief from judgment. Specifically,

the Court declares the June 28, 2010 Order Granting Cintiux, LLC's Motion for Summary

Judgment **VOID *AB INITIO***, and further declares the June 28, 2010 Order Granting Summary

Judgment to Defendants Lemaster, Bentley and Small and Dismissing Case **VOID *AB INITIO***.

This Order is hereby entered as the controlling dismissal order in the present case.

    In conclusion, and as Plaintiff lacks the necessary standing to confer upon this Court

proper jurisdiction, this litigation is **HEREBY DISMISSED WITHOUT PREJUDICE**. The

Plaintiff's oral Motion to Dismiss without Prejudice and Motion for Relief from Judgment are

hereby considered moot and thereby **DENIED**.

    The Clerk is directed to submit a copy of this executed order to the following

individuals:

Mr. George Van Wagner
P.O. Box 867
Martinsburg, WV 25402

---

[1] This decision is based upon the facts pled; specifically, that VAC, LLC (a non-party), is alleged to be the owner of the property. No final determination has been made as to what person and/or entity actually owns the subject property. Instead, as required by Rule 12 of the West Virginia Rules of Civil Procedure, the Court holds that jurisdiction is improper under the purported facts as pled in the Complaint.

Marc E. Williams, Esq.
Robert L. Massie, Esq.
Ryan Q. Ashworth, Esq.
Nelson Mullins Riley & Scarborough LLP
949 Third Avenue, Suite 200
P.O. Box 1856
Huntington, WV 25719-1856

Norwood Bentley III, Esq.
Berkeley County Administration Office
400 West Stephen Street, Suite 201
Martinsburg, WV 25401

Kenneth J. Barton, Jr., Esq.
Austin Hovermale, Esq.
Steptoe & Johnson, PLLC
1250 Edwin Miller Boulevard, Suite 300
Martinsburg, WV 25404

**IT IS SO ORDERED** this the 25th day of _January_, 2011.

_____
Judge Gray Silver, III

Drafted by:

_____
Ryan Q. Ashworth, Esq.
**Nelson Mullins Riley & Scarborough LLP**
949 Third Avenue, Suite 200
P.O. Box 1856
Huntington, WV 25719-1856

Approved for Entry By:

Mr. George Van Wagner
P.O. Box 867
Martinsburg, WV 25402


Norwood Bentley III, Esq.
Berkeley County Administration Office
400 West Stephen Street, Suite 201
Martinsburg, WV 25401

10451
Ken Barton by Fred Clint per email approval

Kenneth J. Barton, Jr., Esq.
Austin Hovermale, Esq.
Steptoe & Johnson, PLLC
1250 Edwin Miller Boulevard, Suite 300
Martinsburg, WV 25404