Hearing Date: December 20, 2012 at 10:00 a.m. (ET)
Objection Deadline: December 3, 2012 at 4:00 p.m. (ET)

**CHADBOURNE & PARKE LLP**
Howard Seife
David M. LeMay
30 Rockefeller Plaza
New York, New York 10112
Telephone:  (212) 408-5100
Facsimile:  (212) 541-5369

*Counsel to the Examiner*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
In re:                                              :    Chapter 11
                                                    :
RESIDENTIAL CAPITAL, LLC, et al.,[1]               :    Case No. 12-12020 (MG)
                                                    :
          Debtors.                                  :    Jointly Administered
------------------------------------------------------------ x

**APPLICATION OF THE EXAMINER FOR ORDER AUTHORIZING THE
RETENTION AND EMPLOYMENT OF WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP AS CONFLICTS COUNSEL TO THE
EXAMINER *NUNC PRO TUNC* TO OCTOBER 15, 2012**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

Arthur J. Gonzalez, the Court-appointed Examiner (the "Examiner") for Residential Capital, LLC and its affiliated debtors (collectively, the "Debtors") in the above-captioned cases (the "Chapter 11 Cases"), hereby submits this application (the "Application") for an order

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings, filed with the Court on May 14, 2012.  Additional subsidiaries and affiliates of the Debtors may file Chapter 11 petitions on a rolling basis. As used herein, the term "Debtors" includes any such entities.

12-12020-mg    Doc 2261    Filed 11/21/12    Entered 11/21/12 17:32:42    Main Document
Pg 2 of 13

pursuant to 11 U.S.C. §§ 105(a) and 327 and the Court's Order Directing the Appointment of an Examiner Pursuant to Section 1104(c) of the Bankruptcy Code (the "Examiner Order"), substantially in the form attached hereto as Exhibit A, authorizing the Examiner to employ and retain Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein" or the "Firm") as conflicts counsel to the Examiner in connection with the Chapter 11 Cases, *nunc pro tunc* to October 15, 2012. In support of this Application, the Examiner relies on the Declaration of Eric B. Levine (the "Levine Declaration"), which has been submitted concurrently with the Application, and respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief requested herein are sections 105(a), 327, 1104 and 1106 of Title 11, United States Code, as amended (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules").

3. This Application is made pursuant to the Examiner Order, which provides "that the Examiner may retain attorneys and/or other professionals if he or she determines that such professionals are necessary to discharge his or her duties, with such retention to be subject to Court approval under standards equivalent to those set forth in section 327 of the Bankruptcy Code." Examiner Order at p. 2.

## BACKGROUND

4. The Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code on May 14, 2012, and the Court authorized joint administration of the cases. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On June 4, 2012, Berkshire Hathaway, Inc. filed a motion for the appointment of an examiner pursuant to 11 U.S.C. § 1104(c) (the "Examiner Motion"). On June 20, 2012, the Court issued a Memorandum Opinion and Order granting the Examiner Motion (the "Memorandum Decision"). On June 28, 2012, the Court entered the Examiner Order.

6. On July 3, 2012, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed Arthur J. Gonzalez as Examiner in the Chapter 11 Cases, subject to Court approval. On that same date, the Court entered an order approving the appointment.

7. Pursuant to the Examiner Order, and in accordance with the Memorandum Decision, the Examiner is directed to conduct an investigation (the "Investigation") of a scope, timing, and budget to be set by the Court after the Examiner confers with other parties in interest. Examiner Order at p. 2. On July 27, 2012, the Court entered the Order Approving Scope of Investigation of Arthur J. Gonzalez, Examiner.

## RELIEF REQUESTED

8. By this Application, the Examiner seeks entry of an order, pursuant to sections 105(a) and 327 of the Bankruptcy Code, Bankruptcy Rule 2014, Local Rule 2014-1, and the terms of the Examiner Order, authorizing and approving the employment and retention of Wolf Haldenstein as conflicts counsel to the Examiner, *nunc pro tunc* to October 15, 2012, to

3

assist him in conducting the Investigation and to perform such legal services as may be necessary for the Examiner to discharge his duties. The Examiner requests that Wolf Haldenstein be retained to perform the services described in this Application and on the terms set forth herein.

## RETENTION OF WOLF HALDENSTEIN

9. The Examiner has determined that the retention of Wolf Haldenstein as conflicts counsel is necessary and appropriate to discharge his duties as Examiner. The current limited scope of Wolf Haldenstein's engagement will be to represent the Examiner in connection with aspects of the Investigation involving J.P. Morgan Securities, LLC, Morgan Stanley & Co. LLC, Goldman Sachs & Co., Citibank, N.A., and/or their respective affiliates, each of whom, at this time, appear only to be subjects of discovery needed to complete the Investigation (the "Conflict Parties"). The Conflict Parties are clients of the Examiner's primary counsel, Chadbourne & Parke LLP ("Chadbourne"), as to which Chadbourne has a potential conflict of interest. Additionally, in the event that the Examiner learns, through future document discovery or witness interviews, of the need to investigate other parties as to which Chadbourne has potential conflicts, Wolf Haldenstein may represent the Examiner in the discharge of his duties with respect to those entities. At this time, the Examiner knows of no other such entities.

10. Wolf Haldenstein is a national law firm with offices in New York, Chicago and San Diego. Members of Wolf Haldenstein's litigation, corporate, and real estate groups regularly cooperate to draw effectively upon the combined resources of its lawyers located around the country.

11. The Examiner seeks to retain Wolf Haldenstein as the Firm has extensive experience in complex investigations and litigation involving major banks and other institutions. Wolf Haldenstein has more than four decades of experience in class actions and derivative

4

actions, particularly involving investor fraud and breach of fiduciary claims. The Firm has investigated, litigated and settled claims against hundreds of the nation's largest corporations and has recovered billions of dollars for clients and classes as a result of its efforts. The Firm has evaluated and participated in countless settlements and their presentation to courts for approval. Many of the cases involve financial institutions, including commercial and investment banks, brokerage firms, and insurance companies. Wolf Haldenstein is thus well qualified to perform the conflict services that the Examiner requires

12. By retaining Wolf Haldenstein, the Examiner will benefit from the experience, knowledge and expertise of Wolf Haldenstein's attorneys in various areas of law, as needed, in connection with the Conflict Parties.

**SERVICES TO BE PROVIDED**

13. The Examiner respectfully submits that it is necessary and appropriate to employ and retain Wolf Haldenstein to provide professional services for matters relating to the Conflict Parties, including without limitation to:

   a. take all necessary actions to assist and advise the Examiner in the discharge of his duties and responsibilities under the Examiner Order, other orders of this Court, and applicable law;

   b. prepare on behalf of the Examiner all reports, pleadings, motions, applications, notices, orders and other documents necessary in the discharge of the Examiner's duties;

   c. represent and advocate the interests of the Examiner at all hearings and other proceedings before this Court (and, to the extent necessary, any other court exercising jurisdiction over these cases, any proceedings herein, or any appeals therefrom) and at all proceedings before or involving the U.S. Trustee;

   d. analyze and advise the Examiner regarding any legal issues that may arise in connection with the discharge of his duties;

   e. assist with interviews, examinations and the review of documents and other materials in connection with the Investigation;

5

      f.      perform all other necessary legal services on behalf of the Examiner in connection with the Chapter 11 Cases; and

      g.      assist the Examiner in undertaking any additional tasks or duties that the Court may direct or that the Examiner may determine are necessary and appropriate to the discharge of his duties.

14. The Examiner requests that Wolf Haldenstein's retention be *nunc pro tunc* to October 15, 2012, the date on which Wolf Haldenstein began work for the Examiner. The Examiner recognizes that the period of time between the commencement of work by Wolf Haldenstein and the filing of this Application is somewhat lengthy. However, the Examiner submits that this is justified by extraordinary circumstances. Soon after conflicts counsel was selected, the Examiner sought the consent of the U.S. Trustee with respect to the retention of Wolf Haldenstein. Hurricane Sandy caused a prolonged closure of the U.S. Trustee's Manhattan Office, significantly delaying the ability of the U.S. Trustee to review the proposed retention.

## PROFESSIONAL COMPENSATION

15. Wolf Haldenstein intends to apply to the Court for allowance of compensation and reimbursement of expenses for professional services rendered in connection with the Chapter 11 Cases. Subject to Court approval and the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the U.S. Trustee's Fee Guidelines, as set forth in the Levine Declaration, Wolf Haldenstein will charge its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered, plus reimbursement of actual, necessary out-of-pocket expenses and other charges incurred by Wolf Haldenstein on the Examiner's behalf. The Levine Declaration sets forth information concerning such hourly rates as currently in effect. The Examiner respectfully submits that Wolf Haldenstein's rates are reasonable and comparable to the rates charged by other firms for similar services. The Examiner requests that all fees and related costs and

6

expenses incurred by Wolf Haldenstein be paid as administrative expenses of the estates subject to and pursuant to sections 327, 330(a), 331, 503(b), and 507(a)(1) of the Bankruptcy Code.

## DISINTERESTEDNESS OF PROFESSIONALS

16. As described in detail in the Levine Declaration, Wolf Haldenstein has conducted an extensive search of its conflict database and has made other extensive internal inquiries with respect to the Debtors and a voluminous list of parties in interest and potential parties in interest in the Chapter 11 Cases. The scope of that search and of those inquiries, and the results thereof, are set out in the Levine Declaration.

17. The Examiner does not believe that any connections between Wolf Haldenstein and any of the parties listed in Exhibit A to the Levine Declaration create a disqualifying interest.

18. Based upon the Levine Declaration, and except to the extent set forth therein, the Examiner respectfully submits that Wolf Haldenstein is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code. The Examiner understands that the disclosures by Wolf Haldenstein set forth in the Levine Declaration have been made based upon a review of the best information available at the time. To the extent that any additional connections are discovered, Wolf Haldenstein has agreed to file a supplemental declaration setting forth such disclosures.

## NOTICE

19. Notice of this Application has been provided in accordance with the Order Under Bankruptcy Code Sections 102(1), 105(a) and 105(d), Bankruptcy Rules 1015(c), 2002(m) and 9007 and Local Bankruptcy Rule 2002-2 Establishing Certain Notice, Case Management and Administrative Procedures entered by this Court on May 23, 2012 [Docket No.

141] (the "Case Management Order"), and notice has been given to (i) the Office of the U.S. Trustee, (ii) the Debtors, (iii) the Official Committee of Unsecured Creditors, (iv) the parties identified on the Monthly Service List (as defined in the Case Management Order), and (v) Cerberus. The Examiner submits that, in light of the nature of the relief requested, no other or further notice need be provided.

## NO PRIOR REQUEST

20. No prior application for the relief requested herein has been made by the Examiner to this or any other court.

WHEREFORE, the Examiner respectfully requests that this Court grant the Application and enter an order, substantially in the form attached hereto as <u>Exhibit A</u>, authorizing the Examiner to employ and retain Wolf Haldenstein as conflicts counsel to the Examiner in connection with the Chapter 11 Cases, *nunc pro tunc* to October 15, 2012, and granting the Examiner such other and further relief as the Court deems just and proper.

Dated: November 21, 2012
      New York, New York

Respectfully submitted,

*/s/ Arthur J. Gonzalez*
Arthur J. Gonzalez
Examiner

**CHADBOURNE & PARKE LLP**

By: */s/ Howard Seife*
Howard Seife
David M. LeMay
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 408-5100
Facsimile: (212) 541-5369

*Counsel to the Examiner*

9

## EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
In re:                                                       :   Chapter 11
                                                             :
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,[1]                  :   Case No. 12-12020 (MG)
                                                             :
　　　　　　　　　Debtors.                                    :   Jointly Administered
------------------------------------------------------------ x

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION
OF WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
AS CONFLICTS COUNSEL TO THE EXAMINER
<u>NUNC PRO TUNC</u> TO OCTOBER 15, 2012**

　　　　Upon the application (the "<u>Application</u>") of Arthur J. Gonzalez, the Court-appointed Examiner (the "<u>Examiner</u>") for Residential Capital, LLC and its affiliated debtors (collectively, the "<u>Debtors</u>") in the above-captioned cases (the "<u>Chapter 11 Cases</u>"), for the entry of an order pursuant to 11 U.S.C. §§ 105(a) and 327 authorizing the Examiner to employ and retain Wolf Haldenstein Adler Freeman & Herz LLP ("<u>Wolf Haldenstein</u>") as conflicts counsel to the Examiner in connection with the Chapter 11 Cases, *nunc pro tunc* to October 15, 2012; and the Court having reviewed the Application, the declaration of Eric B. Levine (the "<u>Levine Declaration</u>"), and the exhibits thereto submitted in support thereof; the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant

---

[1]　　The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings, filed with the Court on May 14, 2012. Additional subsidiaries and affiliates of the Debtors may file Chapter 11 petitions on a rolling basis. As used herein, the term "Debtors" includes any such entities.

to 28 U.S.C. §§ 1408 and 1409; and notice of the Application being due and proper, and no other or further notice being required; and the Court being satisfied that (i) except as otherwise set forth in the Levine Declaration, Wolf Haldenstein does not represent any interests adverse to the Debtors or their estates, (ii) Wolf Haldenstein is a "disinterested person" as that term is defined in 11 U.S.C. § 101(14), and (iii) the employment of Wolf Haldenstein is necessary for the required investigation to proceed and is in the best interests of the Debtors, their estates and creditors; and after due deliberation, and good and sufficient cause appearing therefor; it is hereby:

ORDERED, that the Application is granted to the extent provided herein; and it is further

ORDERED, that to the extent the Application is inconsistent with this Order, the terms of this Order shall govern; and it is further

ORDERED, that the Examiner is authorized to retain Wolf Haldenstein as his conflicts counsel in the Chapter 11 Cases, effective *nunc pro tunc* to October 15, 2012, on the terms and conditions set forth in the Application and the Levine Declaration; and it is further

ORDERED, that Wolf Haldenstein shall be compensated for fees and reimbursed for reasonable and necessary expenses and will file interim and final fee applications for allowance of its compensation and expenses in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Amended Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals, dated December 21, 2010, the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, dated November 25, 2009, and the United States Trustee Fee Guidelines (collectively, the "Fee Guidelines"); and it is further

ORDERED, that all privileges, protections, confidentiality and immunities (including, without limitation, the attorney-client privilege and the work product doctrine), shall remain in full force and effect as to any information provided to the Examiner and/or to the Examiner's proposed or court-approved professionals; and it is further

ORDERED, that prior to any increases in Wolf Haldenstein's rates, as set forth in paragraph 22 of the Levine Declaration, Wolf Haldenstein shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtors, the United States Trustee and any official committee.  The supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether Wolf Haldenstein's client has consented to the rate increase.  The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in Section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to Section 330 of the Bankruptcy Code, and it is further

ORDERED, that this Court shall have exclusive jurisdiction to hear and determine all matters arising from or relating to this Order and its implementation.

Dated: December ___, 2012
       New York, New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE