HEARING DATE:  DECEMBER 20, 2012 AT 10:00 A.M. EST
OBJECTION DEADLINE:  NOVEMBER 26, 2012 AT 4:00 P.M. EST*

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Thomas J. Moloney (TJM-9775)
Sean A. O'Neal (SAO-4067)
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Special Counsel for Wilmington Trust, National Association, as Indenture Trustee for the Senior Unsecured Notes Issued by Residential Capital, LLC*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
:
**In re**                                                :       **Chapter 11 Case No.**
:
**RESIDENTIAL CAPITAL, LLC, et al.,**   :       **12-12020 (MG)**
:
Debtors.                                             :       **(Jointly Administered)**
:
---------------------------------------------------------------X

**STATEMENT OF WILMINGTON TRUST, N.A. TO
DEBTORS' MOTION FOR A SUPPLEMENTAL ORDER UNDER
BANKRUPTCY CODE SECTIONS 105(a), 363, 503(b)(1), 507(a)(2), 1107(a)
AND 1108 AND BANKRUPTCY RULE 9019 TO THE FINAL WAGES ORDER
(I) AUTHORIZING AND DIRECTING THE DEBTORS TO REIMBURSE
ALLY FINANCIAL INC. FOR PAYMENTS MADE TO THE DEBTORS'
EMPLOYEES ON ACCOUNT OF COMPENSATION ISSUED ON OR
AFTER THE PETITION DATE; (II) GRANTING ALLY FINANCIAL INC.
AN ADMINISTRATIVE EXPENSE CLAIM ON ACCOUNT OF SUCH
PAYMENTS; (III) GRANTING ALLY FINANCIAL INC. A LIMITED RELEASE;
AND (IV) AUTHORIZING THE DEBTORS TO ESTABLISH AND FUND
AN ESCROW ACCOUNT FOR THE BENEFIT OF ALLY FINANCIAL INC. ON
ACCOUNT OF SUCH ADMINISTRATIVE EXPENSE CLAIMS, INCLUDING
<u>ADDITIONAL AMOUNTS TO THE ESCROW ACCOUNT AS NECESSARY</u>**

---

* Objection deadline extended by the consent of the Debtors.

**TO THE HONORABLE JUDGE GLENN,
UNITED STATES BANKRUPTCY JUDGE:**

Wilmington Trust, National Association (the "Trustee"), solely in its capacity as indenture trustee for various series of senior unsecured notes in the outstanding aggregate principal amount of approximately $1 billion (the "Notes") issued by Residential Capital, LLC ("Residential Capital," and with its debtor-affiliates, the "Debtors"), under that certain indenture dated as of June 24, 2005,[1] respectfully submits this statement and reservation of rights with respect to the motion of the Debtors dated November 2, 2012 seeking authorization to, among other things, reimburse Ally Financial Inc. ("AFI"), as an administrative expense, for certain payments made to Residential Capital employees [Docket No. 2049] (the "Motion").  The Trustee represents as follows:

## STATEMENT

The Motion highlights a pervasive problem in these chapter 11 cases—that is, the Debtors' key officers are inherently conflicted in dealing with issues between AFI and the Debtors because a significant portion of their compensation (equity in AFI) is tied directly to the success (or failure) of AFI, the Debtors' ultimate parent.  Clearly, the interests of the Debtors and their estates are not always aligned with the interests of AFI.  Yet the Debtors' key officers are incentivized to favor the interests of AFI over the interests of the Debtors and their estates and creditors to whom they owe fiduciary duties.  These key officers were in large part responsible for commencing these chapter 11 cases, pursuing a strategy to release AFI from liabilities related to the Debtors (including direct third party claims), and negotiating the Plan Support Agreements, the

---

[1]   The Notes include $1,250,000,000 6.5% notes due 2012, $1,750,000,000 6.5% notes due 2013, $750,000,000 6.875% notes due 2015, €750,000,000 5.125% notes due 2012, £400,000,000 6.375% notes due 2013, and £400,000,000 7.875% notes due 2014, with a total aggregate outstanding principal amount of approximately $1 billion (based on the foreign exchange rate as of the petition date, May 14, 2012).

RMBS Settlement Agreements and other pre-petition agreements that overwhelmingly favor the interests of AFI over the interests of the Debtors and their estates and creditors.  This inherent conflict raises substantial questions concerning the propriety of the Debtors' pre-petition agreements and their attempts to release AFI from substantial claims (including direct third-party claims) in exchange for an artificially low settlement payment of $750 million.

The Trustee does not fault the Debtors or AFI for the compensation regime imposed upon the Debtors by the Troubled Asset Relief Program or similar government programs.  Nonetheless, the Trustee believes that the compensation regime has created a structure rife with conflicts of interest that have not yet been resolved by the Debtors and their professionals.  The Trustee understands that the Debtors and their professionals are aware of these issues and will be working with the Trustee to address these unresolved conflicts.  The Trustee therefore reserves any and all rights with respect to the conflicts of interests raised by the Motion and related matters.

Dated: New York, New York
November 26, 2012

Respectfully submitted,

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: /s/ Thomas J. Moloney
Thomas J. Moloney (TJM-9775)
Sean A. O'Neal (SAO-4067)
A Member of the Firm
One Liberty Plaza
New York, NY 10006
*(212) 225-2000*

*Special Counsel for Wilmington Trust, National Association, as Indenture Trustee for the Senior Unsecured Notes Issued by Residential Capital, LLC*