PO Box 1474
Cobb, CA  95426
707-809-7093

19 November 2012

Tracy Hope Davis
US Trustee, Southern District of NY
33 Whitehall St, 21st Floor
New York, NY  10004

Ms Hope Davis

I'm sorry to bother you with this. I know you operate with very large sums in mind. My case is very small and insignificant.

I'm involved in litigation with GMAC Mortgage, Executive Trustee Services and four other non-debtor Defendants, including Ally Financial Inc. Recently, the Ferry County Superior Court in Washington State severed, on my motion, GMAC and ETS from the other Defendants so that I could proceed against the non-debtors. The case no. is 11-2-00098-6. Nothing in this lawsuit in any way falls within the purview of the Supplemental Servicing Agreement (SSA) put in place by the Bankruptcy Court sometime this past Summer. The SSA (in Bk #12-12020, SDNY) allows the Debtors, ResCap et. al. to carry on with certain kinds of litigation, but again, my case is not of a type contemplated by the SSA.

Prior to 14 May 2012, when the debtors sought relief from the BK Court, GMAC had been responsible in the WA State action for the defense of all Defendants in my case. Such responsibility appeared to include the hiring of attorneys and the payment of all legal fees (see the Scoliard Declaration).



RECEIVED
NOV 21 2012
U.S. BANKRUPTCY COURT, SDNY

Recent events have led me to believe that GMAC is still behind the conduct of the WA action, continues to direct the attorney involved, and continues to pay the legal expenses of all Defendants. Ordinarily, this wouldn't bother me in the slightest, but I've come, since 14 May, to appreciate the enormity of the sums made available to ResCap for the conduct of its BK proceedings. It is a sizeable trough and many lawyers are drinking from it, as you well know.

It is my belief that the four non-debtor Defendants in my case are still drinking from this trough, and if so, this gives them no incentive whatever to settle the WA action, wherein they share culpability with GMAC, or so I hold. They may in effect, be playing with *House Money*. GMAC appears to be continuing the WA action by proxy and picking up the tab for all Defendants. They have clearly comingled attorneys with AFI, which doesn't bother me, and probably not you, but it might interest some.

The lawyer I've been dealing with, a William Fig from Portland, Oregon, hasn't to my knowledge filed any Affidavits with the BK Court so that his firm, Sussman Shank, can get paid. Mr Fig, to my knowledge, has not asked the BK Court for permission to practice before it during the pendency of the ResCap bankruptcy, nor does he appear on the attorney list in the ResCap bankruptcy case.

I have included a copy of Sussman Shank's bill to GMAC dated 11 June 2012. This bill was submitted to the WA Court in connection with a prayer for award of sanctions against me. That judgment has since been vacated by the WA Court, but it remains that this bill must have been paid by GMAC (Fig is still on the job), presumably under cover of the Supplemental Servicing Agreement, which as I noted above, doesn't apply to the WA action. I can only speak to my own case. I know nothing about other instances of such conduct, be there any others.

My concern is that I may now face Defendants that are essentially getting a free ride thanks to ResCap and GMAC, both debtors in bankruptcy. There is no incentive for the non-debtors to end the WA action. I'm retired and live on a fixed income, and already in this case, I face enormous odds. A bottomless pit for the payment of legal fees on behalf of non-debtor Defendants shouldn't have to be one of them. Thank you for your attention to this matter.

Yours

*[signature]*

Joseph A Connor III

Copies sent to:

--Judge AC Nielson, Ferry County Superior Court
--Judge Arthur Gonzalez, Court Appointed Examiner, ResCap Chap 11 case
--Judge Martin Glenn, Bankruptcy Court, SDNY
--William Fig, attorney at law
--Andrew Noble, attorney at law
--Erica Richards and Norman Rosenbaum, attorneys at law
--Jennifer Scoliard, attorney at law