UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

Motion Hearing Date:
January 29, 2013, 10:00 AM

-------------------------------------------------------- X
                                   :
IN RE:                              :     Case No: 12-12020 (MG)
         RESIDENTIAL CAPITAL LLC, et al.  :
                              :     Chapter 11
                 Debtors.     :
                              :     (Jointly Administered)
-------------------------------------------------------- X

## NOTICE OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY OF 11 U.S.C. § 362

PLEASE TAKE NOTICE that, upon the annexed Motion, dated November 27, 2012, MED&G Group LP, by their attorney, Jeffrey L. Saltiel, will move at a motion part before the Honorable Martin Glenn, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, courtroom 501, New York, NY 10004, on the **29th day of January, 2013 at 10:00 AM**, or as soon thereafter as counsel may be heard, for the entry of an Order:

1. Granting relief from the automatic stay imposed pursuant to 11 U.S.C. §362(a)(1); and

2. For such other and further relief as this Court may deem just and proper in the circumstances.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the relief requested in this motion shall be in writing, shall set forth the grounds for such objections with specificity, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, and shall be filed with the

Court (a) electronically in accordance with General Order M-242 and the User's

Manual for electronic Case filing System that can be found at www.nysb.uscourts.gov

by  registered users of the Court's filing system and by all other parties in interest, on a

3.5" inch disc, preferably in Portable Document Format (PDF), WordPerfect, or any other

Windows-based word processing format (with a hard copy delivered directly to

chambers), in accordance with General Order M-182 (which can be found at

www.nysb.uscourts.gov), and served in accordance with General Order M-242, on all

parties requiring notice, so as to be **received** no later than **December 4, 2012 at 5:00**

**PM**.

Dated:     Brooklyn, NY                          Yours etc.,
           November 27, 2012


                                                 s/Jeffrey L. Saltiel, Esq.
                                                 Jeffrey L. Saltiel, Esq.
                                                 Wenig Saltiel LLP
                                                 Counsel to Movant
                                                 MED&G Group LP
                                                 26 Court Street, Suite 1200
                                                 Brooklyn, New York 11242
                                                 (718) 797-5700

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

Motion Hearing Date:
January 29, 2013, 10 am

-------------------------------------------------------- X

IN RE:                                          :

            RESIDENTIAL CAPITAL LLC, et al.     :

                                    Debtors.    :

-------------------------------------------------------- X

Case No: 12-12020 (MG)

Chapter 11

(Jointly Administered)

AFFIRMATION IN SUPPORT

JEFFREY L. SALTIEL, ESQ., an attorney duly admitted to practice law before this

Court, hereby affirms under the penalties of perjury:

1.  I submit this motion for an Order Modifying the Automatic Stay pursuant to 11

    U.S.C. § 362, to permit MED&G Group, LP to proceed to trial in the California

    Superior Court action, *Inoue v. GMAC Mortgage Corp.*, Case No.: SCV 248256

    (the "Underlying Action"). A true copy of the Proposed Order granting the relief

    sought is annexed hereto as **Exhibit "A"**.

## THE PARTIES

2.  On May 14, 2012, fifty-one Debtors, including, but not limited to, GMAC

    Mortgage, LLC, ("GMAC"), a home mortgage originator, and Executive Trustee

    Services, LLC ("ETS"), a foreclosure recovery company and subsidiary of GMAC,

    filed voluntary petitions for relief under Chapter 11 of the United States

    Bankruptcy Code (collectively, the "Debtors"). The cases are being jointly

    administered before the Honorable Judge Martin Glenn. A true copy of the

    complete list of Debtors is annexed hereto as **Exhibit "B"**.

1

3.      Movant MED&G Group, LP is a California Limited Partnership and owner of the
        property located at 3732 Coffey Lane, Santa Rosa, California 95403 (the "Subject
        Premises").

**FACTUAL BACKGROUND**

4.      In or about April 19, 2003, Hitoshi Inoue and Wakana Inoue (the "Inoues"),
        recorded a Deed of Trust for the Subject Premises. A true copy of the Deed of
        Trust is annexed hereto as **Exhibit "C"**.

5.      The Deed was secured by a purchase money promissory note payable to Debtor
        GMAC in the sum of $248,000.00 (the "Note"). A true copy of the Promissory Note
        is annexed hereto as **Exhibit "D"**.

6.      On or about May 20, 2010, ETS recorded a Notice of Default and Election to Sell
        against the Subject Premises. A true copy of the Notice of Default is annexed
        hereto as **Exhibit "E"**.

7.      On or about September 13, 2010, a public auction was held for the sale of the
        Subject Premises. A true copy of the Notice of Trustee's Sale is annexed hereto as
        **Exhibit "F"**.

8.      At the Trustee's sale, Movant MED&G Group, LP purchased the Subject Premises
        for $244,144.84, the amount of unpaid debt outstanding from the underlying
        mortgage. Movant recorded the Trustee's Deed upon Sale in the Official

2

Records of Sonoma County on or about September 21, 2010.  A true copy of the

Trustee's Deed Upon Sale is annexed hereto as **Exhibit "G"**. See also the affidavit

of Brian Burke, member of Movant MED&G Group, LP.

9.      On September 20, 2010, in the Sonoma County Superior Court, the Inoues filed a

summons and verified complaint seeking, *inter alia*, a judgment setting aside the

trustee's sale, and a judgment setting aside the trustee's deed (the "Underlying

Action"). A true copy of the Inoues' second amended complaint is annexed

hereto as **Exhibit "H"**. The Inoues also caused a *lis pendens* to be recorded

against the Subject Premises.

10.     Movant MED&G Group, LP thereafter filed a cross-complaint seeking, *inter alia*,

to quiet title to the Subject Premises in the name of MED&G Group, LP. A true

copy of Movant MED&G Group, LP's verified first amended Cross-Complaint is

annexed hereto as **Exhibit "I"**.

11.     Thereafter, the parties in the Underlying Action completed all necessary

discovery and the action was marked ready for trial, scheduled to commence

on July 20, 2012.

12.     However, due to the filing of the voluntary bankruptcy Petitions of the Debtors,

the Underlying Action was automatically stayed pursuant to 11 U.S.C. § 362(a).

13.     On July 17, 2012 the Inoues filed a motion seeking to modify the automatic stay

to permit the Inoues to proceed to trial in the Underlying Action. That motion was

3

resolved in a stipulation and consent order entered on August 17, 2012 which

modified the automatic stay to allow the Inoues to proceed to trial in the

Underlying Action. A true copy of the stipulation and consent Order is annexed

hereto as **Exhibit "J"**. The stipulation allows the Inoues to proceed against

Movant MED&G Group, LP and the Debtors. However, without relief from the

automatic stay, the Underlying Action cannot proceed as MED&G Group, LP has

claims against the Debtors.

14.     As a result of the Underlying Action and *lis pendens*, MED&G Group, LP is unable

to transfer the property due to the cloud on the title resulting from the Underlying

Action. In order to proceed to trial and resolve the issues surrounding title to the

Subject Premises, it is necessary to lift the automatic stay.

## CAUSE EXISTS TO LIFT THE AUTOMATIC STAY

15.     Pursuant to 11 U.S.C. §362(a), the filing of the Debtors' voluntary Petitions

operated as a stay of "(1) the...continuation... [of the] action... against the

debtor[s] that was....commenced before the commencement of the case

under [the Bankruptcy Code]." Therefore, Movant and the Inoues have been

precluded from resolving the Sonoma County Superior Court action due to the

automatic stay.

16.     However, 11 USC § 362 (d)(1) provides:

        "On request of a party in interest and after notice and a hearing,

        the court shall grant relief from the stay provided under subsection

4

(a) of this section, such as by terminating, annulling, modifying, or conditioning such stay…for cause…"

17.    Although the term "for cause" is not defined in the Bankruptcy Code, Courts have adopted several factors to consider when deciding whether to lift a stay in order that litigation may continue to completion in another Court. See *Schneiderman v. Bogdanovich (In re Bagdanovich)*, 292 F.3d 104, 110 (2d Cir. N.Y. 2002). The factors were set forth in detail in *Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus.)*, 907 F.2d 1280 (2d Cir. 1990) and are:

    a.  Whether relief would result in a partial or complete resolution of the issues;

    b.  Lack of any connection with or interference with the bankruptcy case;

    c.  Whether the other proceeding involves the debtor as a fiduciary;

    d.  Whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

    e.  Whether the debtor's insurer has assumed full responsibility for a defense;

    f.  Whether the action primarily involves third-parties;

    g.  Whether the litigation in another forum would prejudice the interests of other creditors;

    h.  Whether the judgment claim arising from the other action is subject to equitable subordination;

5

   i.   Whether the Movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;

   j.   The interests of judicial economy and the expeditious and economical resolution of litigation;

   k.   Whether the parties are ready for trial in the other proceeding; and

   l.   The impact on the parties and the balance of harms.

18.   While not every one of the factors will be relevant in every case, the "ultimate determination whether to lift the stay depends upon the facts underlying a given motion" *Schneiderman*, 292 F.3d 104, 110.

19.   As to the automatic stay in the instant action, examination of the above factors with the facts of this case reveals lifting the stay will accord complete relief in the state action while causing no prejudice to the Debtors.

20.   The Underlying Action was commenced nearly two years prior to the filing of the voluntary petitions. In fact, the Underlying Action was, and still is, ready for trial, but cannot proceed due to the automatic stay.

21.   Also, the Underlying Action primarily involves third-parties. The Inoues seek to have the trustee's sale and trustee's deed invalidated whereby Movant seeks to quiet title on the Subject Premises.

22.   The automatic stay has already been lifted to proceed to trial as against the Inoues, and accordingly, denial of the instant motion would be severely

prejudicial to both the Inoues and Movant.  See **Exhibit "J"**.

23.    No prior requests have been made for the relief sought herein.

WHEREFORE, based on the foregoing, it is respectfully requested that the Court grant Movant's motion in its entirety, together with such other and further relief as this Court may deem just and proper in the circumstances.

Dated: November 21, 2012
       Brooklyn, New York

                                            s/ Jeffrey L. Saltiel, Esq.
                                            Jeffrey L. Saltiel, Esq.

UNITED STATES BANKRUPTCY COURT                    Motion Hearing Date:
SOUTHERN DISTRICT OF NEW YORK                     January 29, 2013, 10 am
------------------------------------------------------- X
                                              :
IN RE:                                        :     Case No: 12-12020 (MG)
          RESIDENTIAL CAPITAL LLC, et al.     :
                                              :     Chapter 11
                       Debtors.               :
                                              :     (Jointly Administered)
------------------------------------------------------- X

State of California    )
                       ) ss.:
County of Sonoma  )

          BRIAN BURKE, being duly sworn, hereby deposes and says:

1.        I am a member of Movant MED&G Group LP, and as such am fully familiar with

          the facts and circumstances of this action.

2.        I submit this affidavit in support of the instant motion seeking relief from the

          automatic stay and for such other and further relief as this Court deems just and

          proper in the circumstances.

3.        On or about September 13, 2010, a representative of MED&G Group, LP

          attended a public auction for the sale of the premises located at 3732 Coffey

          Lane, Santa Rosa, California 95403 (the "Subject Premises"). The representative

          learned that the amount of unpaid debt was 244,144.83. I authorized the

          representative to make a bid to purchase the Subject Premises in the amount of

          $244,144.84.

4.    At the Trustee's sale, MED&G Group, LP made the winning bid and purchased

the Subject Premises for $244,144.84. MED&G Group, LP recorded the Trustee's

Deed upon Sale in the Official Records of Sonoma County on or about

September 21, 2010.

5.    On September 20, 2010, in the Sonoma County Superior Court, Hitoshi Inoue and

Wakana Inoue (the "Inoues") filed a summons and verified complaint seeking,

*inter alia*, a judgment setting aside the trustee's sale, and a judgment setting

aside the trustee's deed (the "Underlying Action"). The Inoues also caused a *lis*

*pendens* to be recorded against the Subject Premises.

6.    Discovery in the Underlying Action was completed and the Underlying Action

was set for trial to commence on July 20, 2012.

7.    However, due to the filing of bankruptcy petitions by GMAC Mortgage, LLC, the

mortgage originator, Executive Trustees Services, Inc., a foreclosure recovery

company and subsidiary of GMAC Mortgage, LLC and others (collectively, the

"Debtors"), the Underlying Action was automatically stayed from proceeding to

trial.

8.    Due to the automatic stay and the cloud on the title of the Subject Premises,

MED&G Group cannot sell the property until the issues in the Underlying Action

are resolved.

9.    I respectfully submit this affidavit in support of the motion to lift the automatic

stay so that we may proceed to trial in the Underlying Action and finally have

resolution of the action that has been marked ready for trial prior to the filing of

the Debtors' voluntary Bankruptcy Petitions.

WHEREFORE, based on the foregoing, it is respectfully requested that the Court

grant Movant's motion in its entirety, together with such other and further relief as this

Court may deem just and proper in the circumstances.

_____
BRIAN BURKE

Sworn before me on this _____ day
Of November, 2012

please See attached
Notary Public

# CALIFORNIA JURAT WITH AFFIANT STATEMENT

☑ See Attached Document (Notary to cross out lines 1–6 below)
☐ See Statement Below (Lines 1–5 to be completed only by document signer[s], *not* Notary)

| Signature of Document Signer No. 1 | Signature of Document Signer No. 2 (if any) |

State of California

County of Sonoma

Subscribed and sworn to (or affirmed) before me on this
14 day of November, 20 12, by
(1) Brian Burke,
Name of Signer

proved to me on the basis of satisfactory evidence
to be the person who appeared before me (.)

(2) (and)
Name of Signer

proved to me on the basis of satisfactory evidence
to be the person who appeared before me.)

Signature _____
Signature of Notary Public


HEATHER A. GONZALEZ
Commission # 1973024
Notary Public - California
Sonoma County
My Comm. Expires Apr 20, 2016

Place Notary Seal Above

─────────── **OPTIONAL** ───────────

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Further Description of Any Attached Document**

Title or Type of Document: _____

Document Date: _____ Number of Pages: _____

Signer(s) Other Than Named Above: _____

| RIGHT THUMBPRINT OF SIGNER #1 | RIGHT THUMBPRINT OF SIGNER #2 |
|---|---|
| Top of thumb here | Top of thumb here |

©2007 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org    Item #5910    Reorder: Call Toll-Free 1-800-876-6827