# Exhibit I

12-12020-mg Doc 2274-10 Filed 11/27/12 Entered 11/27/12 09:19:21 Exhibit I Pg 1 of 11

1  State of California, is qualified to do business in the State of California, and has its principal place
2  of business in Santa Rosa, County of Sonoma, California.
3     2.  Cross-Complainant is informed and believes and thereon alleges that Cross-
4  Defendants HITOSHI INOUE and WAKANA ANNA INOUE are father and daughter and at all
5  times herein mentioned, residents of Sonoma County, California.
6     3.  Cross-Complainant is informed and believes and thereon alleges that Cross-
7  Defendant GMAC MORTGAGE CORPORATION ("GMAC") is a corporation formed and
8  existing under the laws of the State of Delaware and qualified to and is doing business in the State
9  of California and has its principal place of business in Detroit, Michigan.
10    4.  Cross-Complainant is informed and believes and thereon alleges that Cross-
11 Defendant ETS SERVICES LLC ("ETS") is a Limited Liability Company formed and existing
12 under the laws of the State of Delaware, and is qualified to and is doing business in the State of
13 California, and has its principal place of business in Burbank, California. Cross-Defendant is
14 informed and believes and thereon alleges that ETS was at all times herein the agent of GMAC.
15    5.  Cross-Complainant does not know the true names and capacities of those Cross-
16 Defendants sued herein as Roes 25 through 50, and therefore sues these Cross-Defendants by such
17 fictitious names. Cross-Complainant will amend this Cross-Complaint to allege their true names
18 and capacities when ascertained.
19    6.  On September 13, 2010, MED&G Group, LP purchased the property at 3735 Coffey
20 Lane, Santa Rosa, California 95403 ("the Property") at a trustee's sale following a non-judicial
21 foreclosure of the Property. The Trustee's Deed Upon Sale was recorded in the Official Records of
22 Sonoma County on September 21, 2010 as document number 2010080367. A copy of the Trustee's
23 Deed Upon Sale is attached as Exhibit A.
24    7.  On September 21, 2010, MED&G served a Three-Day Notice to Quit pursuant to
25 Code of Civil Procedure section 1161a(b)(3). On September 28, 2010, MED&G filed an Unlawful
26 Detainer Complaint based on the expiration of the Three-Day Notice to Quit (Sonoma County
27 Superior Court Case No. MCV-213082).
28    8.  On September 29, 2010, Plaintiffs applied ex parte for a Temporary Restraining

-2-

**VERIFIED FIRST AMENDED CROSS-COMPLAINT OF MED&G GROUP,
A CALIFORNIA LIMITED PARTNERSHIP**

1  Order and Order to Show Cause why a preliminary injunction should not issue enjoining MED&G
2  from any action to take possession of the Property. MED&G opposed the application, which was
3  denied by the Court. The unlawful detainer action proceeded and MED&G obtained possession of
4  the Property on October 18, 2010.

5      9.     MED&G first learned of the existence of the Property when Brian Burke of
6  MED&G read the Notice of Trustee's Sale published in a local newspaper. Prior to the sale, Mr.
7  Burke arranged for Jim Cates, an auction bidder, to drive by the Property and determine what the
8  physical condition of the Property was and whether it was occupied. They then reviewed the public
9  records to check for liens on title and to investigate the chain of title. They looked at the Notice of
10 Default and Notice of Trustee's Sale to determine the condition of the title. They checked the
11 property tax collector's office tax records to determine whether there were any outstanding
12 delinquent property taxes. They also conducted a market study to determine the fair market value
13 of the property.

14     10.     On the morning of the sale, they looked on the foreclosure trustee's website and
15 learned the opening bid. This is the only piece of information that was posted on the website. Jim
16 Cates physically attended the trustee's sale and Brian Burke attended via telephone talking to Mr.
17 Cates. They submitted a bid, which was accepted, and they immediately tendered a cashier's check
18 for the full amount of the purchase price. The Deed was recorded on September 21, 2010 in the
19 Official Records of Sonoma County as document number 2010080367.

20     11.     Prior to the trustee's sale, neither Brian Burke nor anyone at MED&G Group, LP
21 contacted the trustee or the lender regarding the sale of this property. Neither Mr. Burke nor
22 anyone at MED&G Group, LP contacted the borrowers Hitoshi Inoue or Wakana Anna Inoue prior
23 to the trustee's sale.

24     12.     Neither Brian Burke nor anyone on behalf of MED&G had any knowledge prior to
25 the trustee's sale of any modification agreement between the lender and the borrowers.

26     13.     As stated in the Trustee's Deed Upon Sale, the amount of the unpaid debt was
27 $244,144.83. MED&G Group purchased the property for $244,144.84.

28     14.     At the time of the Trustee's Sale, neither Brian Burke nor anyone at MED&G had

-3-
**VERIFIED FIRST AMENDED CROSS-COMPLAINT OF MED&G GROUP,
A CALIFORNIA LIMITED PARTNERSHIP**

any notice of any adverse interest or of any irregularity in the sale proceedings.

15. MED&G was a bona fide purchaser for value at the trustee's sale.

16. Because of the lis pendens recorded by Plaintiffs, title to the property has been clouded and MED&G is unable to transfer the property. MED&G has had to hire attorneys to defend itself against the Complaint and prosecute this Cross-Complaint, thus incurring attorney's fees and litigation costs. MED&G has also suffered daily damages due to its inability to transfer the property, in an amount to be proven at trial.

## FIRST CAUSE OF ACTION

### (Quiet Title Against All Cross-Defendants)

17. MED&G incorporates the allegations in the foregoing paragraphs as though set forth herein.

18. MED&G purchased the property at 3735 Coffey Lane, Santa Rosa, California, 95403 as a bona fide purchaser for value at the trustee's sale. Therefore, MED&G is the rightful owner of the property. MED&G is currently in possession of the property, as Plaintiffs vacated the premises during the unlawful detainer action.

19. Plaintiffs have alleged that the Trustee's Deed Upon Sale and the trustee's sale were invalid, and therefore, MED&G has no right, title, estate, lien, or interests whatsoever in the property.

20. MED&G seeks to quiet title to the property in the name of MED&G as of September 13, 2010.

WHEREFORE, MED&G prays for relief as set forth below.

## SECOND CAUSE OF ACTION

### (Declaratory Relief Against All Defendants)

21. MED&G incorporates the allegations in the foregoing paragraphs as though set forth herein.

22. An actual controversy now exists between the parties concerning their respective rights and duties in that Plaintiffs allege that the Trustee's Deed Upon Sale and the trustee's sale were invalid, and as a result, the trustee's sale should be set aside.

-4-

23. GMAC, ETS SERVICES, and MED&G contend that the sale and deed were properly conducted and recorded and in accordance with all applicable statutory requirements.

24. MED&G contends that it is a bona fide purchaser for value, and as a result, the trustee's sale and trustee's deed were valid as to it.

25. A judicial determination is necessary and appropriate at this time under the circumstances that MED&G was a bona fide purchaser for value at the trustee's sale, and, therefore, the trustee's sale and trustee's deed were valid and MED&G is the rightful owner of free and clear title to the Property.

WHEREFORE, MED&G prays for relief as set forth below.

### THIRD CAUSE OF ACTION
### (Monetary Damages Against GMAC and ETS)

26. MED&G incorporates the allegations in the foregoing paragraphs as though set forth herein.

27. When MED&G purchased the Property, it did so for value and with no knowledge of any adverse claim. Therefore, MED&G was an innocent bona fide purchaser for value at the trustee's sale.

28. MED&G alleges that, as a matter of law, the trustee's sale is valid as to it, because it is a bona fide purchaser. Plaintiffs/Cross-Defendants do not dispute that MED&G was a bona fide purchaser, but allege that the sale was invalid due to conduct on the part of GMAC and ETS, as set forth in Plaintiffs' First Amended Complaint.

29. Since its purchase of the Property on September 13, 2010, MED&G has been unable to transfer the property. Because of the cloud on title resulting from this lawsuit, MED&G is being deprived of its ownership rights and benefits on a daily basis. MED&G owns the Property and is paying property taxes, insurance, and utilities for the Property out-of-pocket. Each day that passes results in increased expenses that MED&G is unable to recover. MED&G intends to make repairs and upgrades to the Property so that it can be resold, yet are prohibited from doing this while the title to the Property is still in flux and the lis pendens is on record. MED&G is also concerned

-5-
**VERIFIED FIRST AMENDED CROSS-COMPLAINT OF MED&G GROUP, A CALIFORNIA LIMITED PARTNERSHIP**

1  about the vacant property becoming a magnet for vandals or squatters, who could cause further
2  significant property damage that it will have to expend money to repair.

3      30.     In the event that judgment is entered in favor of Plaintiffs and against Defendants in
4  this action, awarding the real property in question to Plaintiffs, as a direct and proximate result
5  thereof, MED&G has been damaged by the loss of the Property which MED&G purchased in good
6  faith for value at the foreclosure sale upon the belief that said foreclosure sale was conducted
7  according to the laws of the State of California and the terms of the Deed of Trust of the Inoues.

8      31.     Cross-Complainant is informed and believes that the current market value of the
9  Property is in excess of the amount paid at the Trustee's Sale, the exact value of which will be
10 established at trial.

11      WHEREFORE, MED&G prays for relief as set forth below.

## FOURTH CAUSE OF ACTION

### (Breach of Warranty Against GMAC and ETS)

14     32.     MED&G incorporates the allegations in the foregoing paragraphs as though set forth
15 below.

16     33.     When Cross-Defendants conducted the foreclosure sale on September 13, 2010, as
17 aforesaid, Cross-Defendants impliedly warranted that the sale was being conducted in conformity
18 with the laws of the State of California and at that time would convey all right, title, and interest
19 then held by the trustee to the real property in question to the highest bidder as provided in the
20 Notice of Trustee's Sale.

21     34.     Brian Burke of MED&G saw a copy of the Notice of Trustee's Sale published in the
22 newspaper, and pursuant thereto, arranged for a representative of MED&G to attend the foreclosure
23 sale at the time, date and place advertised, and make the highest bid to purchase the Property. In so
24 doing, MED&G relied on the warranties, express and implied, and representations of Cross-
25 Defendants concerning the regularity of said foreclosure sale and paid to Cross-Defendants the sum
26 of $244,144.84 for the Property. In so doing, MED&G's representatives believed that MED&G
27 was becoming the bona fide purchaser of the Property, taking the Property for fair value and
28 without notice.

1  35. MED&G is informed and believes, and thereon alleges, that in the event the sale is
2  deemed to be invalid, that Cross-Defendants breached their warranties contained in the Trustee's
3  Deed Upon Sale that all statutory notice requirements and procedures required by law for the
4  conduct of the foreclosure sale had been satisfied.

5  36. As a proximate result of this breach of warranty, MED&G will have been damaged
6  by the loss of the fair market value of the Property.

7  WHEREFORE, Cross-Complainant MED&G prays for judgment as follows:

8  1. For a determination that the trustee's sale was validly conducted, such that the trustee's
9  deed was properly delivered and recorded, and that MED&G is the rightful owner of the Property,
10  with free and clear title.

11  2. In the event that Plaintiffs become the prevailing party in this lawsuit, for a monetary
12  judgment against ETS and GMAC for the fair market value of the Property, including attorney's
13  fees and costs, plus interest on the value of the Property from September 13, 2010 to date of
14  judgment, and daily losses according to proof.

15  3. For costs of suit.

16  4. For such other and further relief as the court deems just and proper under the
17  circumstances.

19  Dated: May 11, 2011                          ZYROMSKI KONICEK LLP

21  By_____Michelle V. Zyromski_____
    MICHELLE V. ZYROMSKI
22  Attorneys for Defendant/
    Cross-Complainant MED&G GROUP,
23  a California Limited Partnership

-7-
**VERIFIED FIRST AMENDED CROSS-COMPLAINT OF MED&G GROUP,
A CALIFORNIA LIMITED PARTNERSHIP**

# VERIFICATION

I, BRIAN BURKE certify and declare that I have read the foregoing VERIFIED FIRST AMENDED CROSS-COMPLAINT OF MED&G GROUP, A CALIFORNIA LIMITED PARTNERSHIP and know its contents.

I am the Authorized Agent for Defendant/Cross-Complainant MED&G GROUP, A CALIFORNIA LIMITED PARTNERSHIP and am authorized to make this verification for and on its behalf. Additionally, I make this verification because I am more familiar with the facts than the Defendant/Cross-Complainant in this action. To the extent that I do not have particular knowledge of a fact contained therein, I am informed of such fact. On the above grounds I hereby allege that the facts stated in the document described above are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on January 31, 2011 at Santa Rosa, California.

*(signature)*

Brian Burke, Authorized Agent for
Med&G Group, a California Limited
Partnership

-1-
VERIFICATION

# EXHIBIT "A"

RECORDING REQUESTED BY:

AND WHEN RECORDED TO:
MED&G Group, LP
PO Box 5844
Santa Rosa, CA 95402

Forward Tax Statements to
the address given above



GENERAL PUBLIC
09/21/2010 10:43 TDEED
RECORDING FEE: $19.00
COUNTY TAX:    $268.95
CITY TAX:      $490.00
PAID

2010080367

OFFICIAL RECORDS OF
SONOMA COUNTY
JANICE ATKINSON

3  PGS



TS # GM-248260-C
LOAN # 0654401924
TITLE ORDER # 33-80138339

INVESTOR #: 0000000000000

SPACE ABOVE LINE FOR RECORDER'S USE

# TRUSTEE'S DEED UPON SALE

APN 058-032-016          TRANSFER TAX: $ 268.95 COUNTY    $490.00 CITY
The Grantee Herein Was Not The Foreclosing Beneficiary.
The Amount Of The Unpaid Debt was $244,144.83
The Amount Paid By The Grantee Was $244,144.84
Said Property Is In The City Of SANTA ROSA, County of Sonoma

Executive Trustee Services, LLC dba ETS Services, LLC, as Trustee, (whereas so designated in the Deed of Trust hereunder
more particularly described or as duly appointed Trustee) does hereby GRANT and CONVEY to

## MED&G Group, LP

(herein called Grantee) but without covenant or warranty, expressed or implied, all right title and interest conveyed
to and now held by it as Trustee under the Deed of Trust in and to the property situated in the county of Sonoma, State of
California, described as follows:

See exhibit "A" attached hereto and made a part hereof

This conveyance is made in compliance with the terms and provisions of the Deed of Trust executed by HITOSHI INOUE
as Trustor, dated 4/19/2003 of the Official Records in the office of the Recorder of Sonoma, California under the authority
and powers vested in the Trustee designated in the Deed of Trust or as the duly appointed Trustee, default having
occurred under the Deed of Trust pursuant to the Notice of Default and Election to Sell under the Deed of Trust recorded
on 5/7/2003, Instrument number 2003092480 (or Book , Page )
of Official records. Trustee having complied with all applicable statutory requirements of the State of California and
performed all duties required by the Deed of Trust including sending a Notice of Default and Election to Sell within ten days
after its recording and a Notice of Sale at least twenty days prior to the Sale Date by certified mail, postage pre-paid to
each person entitled to notice in compliance with California Civil Code 2924b.

[Page 1 of 2]

*3735 Coffey Ln.*

# PROOF OF SERVICE

I am a citizen of the United States. I am employed in the county of Sonoma where this service occurs. I am over the age of 18 years and not a party to the within cause.

On May 11, 2011, I served the following documents(s) described as:

**VERIFIED FIRST AMENDED CROSS-COMPLAINT OF MED&G GROUP, A CALIFORNIA LIMITED PARTNERSHIP**

☒ **BY MAIL:** I am readily familiar with my employer's normal business practice of collection and processing of correspondence for mailing. Under that practice, correspondence is deposited with the U.S. Postal Service that same day in a sealed envelope(s) with postage thereon fully prepaid at Santa Rosa, California, in the ordinary course of business.

☐ **BY FAX:** I served said document(s) by transmitting via facsimile from facsimile number (707) 542-7697 to the facsimile numbers as stated on the attached service list, on this date.

☐ **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

☐ **BY OVERNIGHT DELIVERY:** I caused such envelope(s) to be delivered on the same day to an authorized courier or driver or to a regular box or other facility regularly maintained by **FEDERAL EXPRESS** with delivery fees provided for, addressed to the person(s) on whom it is to be served.

on the interested parties in this action addressed as follows:

| | |
|---|---|
| Thomas P. Kelly, III, Esq.<br>Law Offices of Thomas P. Kelly III<br>50 Old Courthouse Square, Suite 609<br>Santa Rosa, CA 95404 | Attorney for Plaintiffs |
| Alex C. Sears, Esq.<br>Severson & Werson<br>1 Embarcadero Center, Suite 2600<br>San Francisco, CA 94111 | Attorney for Defendant GMAC Mortgage and Defendant ETS Services |

☒ **STATE:** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 11, 2011, at Santa Rosa, California.

*Kathy L. Engelstad*
Kathy L. Engelstad

-1-