UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | ) Chapter 11 |
| Debtors. | ) Jointly Administered |

**ORDER APPROVING MOTION OF AIG ASSET MANAGEMENT (U.S.), LLC, THE ALLSTATE ENTITIES, MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, AND THE PRUDENTIAL ENTITIES FOR AN ORDER UNDER BANKRUPTCY RULE 3013 (i) CLASSIFYING RMBS FRAUD CLAIMS IN THE SAME CLASS AS THE SECURITIZATION TRUSTS' CLAIMS FOR PURPOSES OF ANY CHAPTER 11 PLAN FOR THE DEBTORS AND (ii) DIRECTING THAT MISREPRESENTATION CLAIMS CANNOT BE PLACED IN A PLAN CLASS THAT WILL BE SUBORDINATED UNDER BANKRUPTCY CODE SECTION 510(b)**

This matter having come before the Court upon the Motion (the "Motion")[1] of AIG Asset Management (U.S.), LLC and affiliated entities (collectively, "AIG"), Allstate Insurance Company and affiliated entities (collectively, "Allstate"), Massachusetts Mutual Life Insurance Company ("Mass Mutual"), and Prudential Insurance Company of America and affiliated entities (collectively, "Prudential," and, with AIG, Allstate, and Mass Mutual, the "Investors"), holders of general unsecured claims against Residential Capital, LLC and its debtor-subsidiaries ("the Debtors"), seeking the entry of an order pursuant to section 1122 of Title 11, United States Code (the "Bankruptcy Code") and Rule 3013 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") determining that, for purposes of any chapter 11 plan concerning the Debtors, (i) the Misrepresentation Claims and the R&W Claims should be classified together, and (ii) the Misrepresentation Claims cannot be classified in a class of claims that are subject to Bankruptcy Code section 510(b); and the Court having considered the Motion and the documents

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

filed contemporaneously therewith, including the Request for Judicial Notice ("the RJN") and the Declaration of Eric D. Winston, dated November 26, 2012 (the "Winston Declaration"); and adequate notice of the Motion having been given; and the Motion having come on to be heard before the Court; and the Court having considered the objections to the Motion (if any); and the Court being satisfied that the relief requested in the Motion is necessary and appropriate; and after due deliberation and sufficient cause appearing therefor; and the Court having made the findings of fact set forth below; it is hereby

**ORDERED THAT:**

1. The Motion is granted.

2. The Misrepresentation Claims and R&W Claims arise out of the same conduct by the Debtors and are for the benefit of similarly situated claimants that are creditors of the Debtors.

3. For purposes of any chapter 11 plan for the Debtors, pursuant to Bankruptcy Code section 1122, the Misrepresentation Claims must be classified in the same class as the R&W Claims.

4. The Misrepresentation Claims are based on damages arising from the purchase or sale of securities on certain bankruptcy remote trusts that are not Debtors or affiliates of any of the Debtors.

5. For purposes of any chapter 11 plan for the Debtors, the Misrepresentation Claims cannot be placed in a chapter 11 plan class that will be subordinated under Bankruptcy Code section 510(b), which applies only to claims based on securities "of" the Debtors or their "affiliates."

Dated:  New York, New York
              _____, 2013

                                                                   HON. MARTIN GLENN
                                                                   UNITED STATES BANKRUPTCY JUDGE