UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re:<br><br>Residential Capital, LLC, et al,<br><br>Debtors. | CASE NO.: 12-12020<br><br>Chapter 11<br><br>Assigned to: Hon. Martin Glenn<br>Bankruptcy Judge |

## MOTION FOR RELIEF FROM STAY

**COME NOW Andrew D. Dunavant, Jr. and Mary F. Dunavant** (hereinafter "Movants"), by and through their undersigned counsel of record, and move to terminate the automatic stay in order to proceed with their pre-petition claims filed in State Court in Alabama against GMAC Mortgage, LLC ("GMACM"). In support of their Motion, Movants state as follows:

1. On May 3, 2011, the Movants filed a complaint in the Circuit Court of Baldwin County, Alabama (CV-2011-900691.00) against GMACM and USAA Federal Savings Bank ("State action"). A copy of the complaint is attached hereto as ***Exhibit A***.

2. The Movants brought claims against GMACM including, among other things, claims for breach of contract, a defense to a wrongful foreclosure, and a charge of fraud.

3. On June 15, 2011, GMACM filed its Motion to Dismiss. Said motion was denied by Order entered June 17, 2011, and GMACM filed is Answer on July 1, 2011.

4. On May 23, 2012 GMACM filed its Motion for Summary Judgment in the State action asking that its Motion be heard, but also arguing that the Movants not be allowed to move forward on their case.

5. The hearing on the Motion for Summary Judgment was scheduled for July 31, 2012, then continued to August 28, 2012 and rescheduled to September 26, 2012.

6. On September 19, 2012, GMACM filed its Notice of Bankruptcy Filing in the State action imposing an automatic stay under Section 362 of the Bankruptcy Code, and cited to to this Court's Final Supplemental Order of July 13, 2012 granting limited exceptions to the automatic stay.

7. On September 21, 2012, the Court entered its Order granting "in part" GMACM's Motion to Stay as to "any non permitted claims due to automatic bankruptcy stay."

8. On September 24, 2012, the Movants filed a Motion to Clarify the Order granting in part GMACM's Motion to Stay. In the motion to Clarify, Movants cited the Court to a Motion for Relief from Stay telephonic hearing in a similar case (*GMAC v. Berrius Silmon*, Jefferson County, Alabama CV-2009-902322) held on or about August 29, 2012., regarding the exact procedural maneuver that GMACM was requesting in the Movants' State action.

9. Prior to filing its September 19, 1012 Motion for limited Lift of Stay, GMACM had access to the August 29, 2012 Bankruptcy transcript from the telephone hearing in *Silmon*, but remained silent in its Motion to Stay filed in the Movant's State action.

10. On September 25, 2012, a hearing was held on GMACM's Motion for Summary Judgment at which time GMACM then suggested that the parties stipulate to a limited lift of the automatic stay to allow GMACM to proceed with its Motion for Summary Judgment on all claims, and also proceed to trial should the Court deny its Motion for Summary Judgment.

11. The parties agreed to work toward a stipulation for lift of stay.

12. The State court hearing on GMACM's Motion for Summary Judgment has been continued to January 15, 2013.

13. Movants and GMAC have exchanged draft Joint Stipulations that agree to a vast majority of the Lift of Stay for the parties to litigate the merits of the Alabama claims in the State court.

14. Attempts to work toward a stipulation broke down when GMACM insisted that Movants waive their ability to defer any potential adversarial proceeding objecting to the dischargability of any State Court judgment against GMACM on the fraud related tort claims. Movants seek to retain the procedural ability to seek an order for nondischargability of any potenial jury verdict and judgment rendered in the State court against GMACM. Movants believe that, should they receive a favorable judgment against GMACM, the Bankruptcy court would then need to review the judgment for dischargability as a newly filed adversarial proceeding, at that time.

15. On November 12, 2012, GMACM filed its Motion in the State action to compel the Movants to waive any subsequent adversarial proceeding for dischargability. The State court Motion is set for hearing on November 27, 2012.

16. Upon information and belief, the Movants do not believe the State court has the authority to waive dischargability and that this Court is vested with such authority.

17. The pendency of the State action supports lifting the stay to the extent that Movants have properly asserted as defenses to a wrongful foreclosure and accordingly, the Movants should be able to assert such defenses

18. The Movants would suffer harm if not permitted to proceed with their claims, including the fraud claim, and to properly assert defenses to GMACM's foreclosure action.

WHEREFORE, the Movants, Andrew D. Dunavant, Jr. and Mary F. Dunavant, respectfully request this Court lift the stay to permit all matters be heard in the State court and

allow that the Movantss' deadline for any post-judgment objections to dischargability be tolled until sixty (60) days after the date of final judgment in the State action.

Dated November 23, 2012,

/s/ D.W. Grimsley, Jr.
One of Counsel for Plaintiffs

Of Counsel
D.W. Grimsley, Jr. P.C.
21 South Section St.
Fairhope, AL 36532
(251) 424-5131
dwgrimsleyjr@me.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the following Motion for Relief of Stay was placed in the US Postal Service, First Class Postage affixed, to counsel listed below, on November 23, 2012.

/s/ D. W. Grimsley, Jr.

Gary S. Lee
Norman S. Rosenbaum
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900



AlaFile E-Notice

05-CV-2011-900691.00

To:  DARRELL W GRIMSLEY JR
     dwgrimsleyjr@me.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

ANDREW D DUNAVANT ET AL v. USAA FEDERAL SAVINGS BANK ET AL
05-CV-2011-900691.00

The following complaint was FILED on 5/3/2011 3:49:35 PM

Notice Date:    5/3/2011 3:49:35 PM

JODY WISE CAMPBELL
CIRCUIT COURT CLERK
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
BAY MINETTE, AL 36507

251-937-0299
jody.campbell@alacourt.gov

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93  Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>**05-CV-201**<br>Date of Filing:<br>05/03/2011 | ELECTRONICALLY FILED<br>5/3/2011 3:49 PM<br>CV-2011-900691.00<br>CIRCUIT COURT OF<br>BALDWIN COUNTY, ALABAMA<br>JODY WISE CAMPBELL, CLERK |
|---|---|---|---|

## GENERAL INFORMATION

**IN THE CIRCUIT OF BALDWIN COUNTY, ALABAMA**
**ANDREW D DUNAVANT ET AL v. USAA FEDERAL SAVINGS BANK ET AL**

**First Plaintiff:** ☐ Business  ☑ Individual     **First Defendant:** ☑ Business  ☐ Individual
☐ Government  ☐ Other                              ☐ Government  ☐ Other

### NATURE OF SUIT:

**TORTS: PERSONAL INJURY**

☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonnes
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**

☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**

☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**

☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP-Contempt of Court
☑ CONT-Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND- Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD-Eviction Appeal/Unlawfyul Detainer
☐ FORJ-Foreign Judgment
☐ FORF-Fruits of Crime Forfeiture
☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB-Protection From Abuse
☐ FELA-Railroad/Seaman (FELA)
☐ RPRO-Real Property
☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP-Workers' Compensation
☐ CVXX-Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING         A ☐ APPEAL FROM DISTRICT COURT         O ☐ OTHER
             R ☐ REMANDED               T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT    _____

**HAS JURY TRIAL BEEN DEMANDED?**  ☑ Yes  ☐ No

**RELIEF REQUESTED:**  ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**  GRI056        5/3/2011 3:48:10 PM              /s/ DARRELL W GRIMSLEY JR

**MEDIATION REQUESTED:**      ☐ Yes  ☑ No  ☐ Undecided

# EXHIBIT "A"



ELECTRONICALLY FILED
5/3/2011 3:49 PM
CV-2011-900691.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY WISE CAMPBELL, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

| | |
|---|---|
| ANDREW D. DUNAVANT, JR., and MARY F. DUNAVANT, individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>USAA FEDERAL SAVINGS BANK, and GMAC MORTGAGE, LLC,<br><br>Defendants. | Civil Action Number:<br><br>_____<br><br>JURY TRIAL DEMANDED |

### COMPLAINT

**COME NOW** Plaintiffs Andrew D. Dunavant, Jr., and Mary F. Dunavant, and file herewith their Complaint as follows:

### STATEMENT OF THE PARTIES

1. Plaintiff Andrew D. Dunavant, Jr. is an adult resident of Baldwin County, Alabama over the age of nineteen (19) years.

2. Plaintiff Mary F. Dunavant is an adult resident of Baldwin County, Alabama over the age of nineteen (19) years.

3. Defendant USAA Federal Savings Bank (herein "USAA"), is a foreign corporation doing business in Baldwin County, Alabama.

4. Defendant GMAC Mortgage, LLC (herein "GMAC"), is a foreign corporation doing business in Baldwin, Alabama.

### JURISDICTION AND VENUE

5. Jurisdiction is proper in this County as the wrongful acts and omissions took place in Baldwin County, Alabama and the dispute or controversy concerns an interest in real estate in this county.

1

6. The unlawful servicing practices and breaches of contract about which the Plaintiff complains were committed in Baldwin County, Alabama.

7. Venue is proper in Baldwin County, Alabama as plaintiffs reside in Baldwin County, Alabama, defendants are conducting business in Baldwin County, Alabama, the subject property is located in Baldwin County, Alabama and the wrongs complained of occurred in Baldwin County, Alabama.

## STATEMENT OF THE FACTS

8. Plaintiffs, who are husband and wife, executed a mortgage in favor of Washington Mutual in October 1997.

9. Plaintiffs refinanced the Subject Property with Defendant USAA Savings Bank in December 2007 for $415,000 to lower monthly payments. Plaintiffs' monthly payment was $3,461.00 made payable to USAA.

10. In 2008, due to the economy and hurricanes impacting the Gulf, the annual income of Plaintiff Andrew Dunavant, who is a dentist and owned his own practice, began to dwindle.

11. In April 2009, Plaintiffs applied for a loan modification with USAA and was denied allegedly because they had not demonstrated that they were unable to make the payments.

12. In April 2010, Plaintiffs became one full month behind in their mortgage payment to Defendant USAA. Plaintiffs reapplied for loan modification but this time hired a loan modification processing specialist, First Federal Financial Group ("FFFG"), who claim a high success rate from "properly formatting the financial statement and performing an audit" of Plaintiffs' loan.

13. In April 2010, Defendant USAA force-placed a wind and hail policy on the Subject Property retroactive to December 2009 at roughly three times the cost of the policy Plaintiff had on the home previously. USAA claimed this action was mandated since Plaintiffs did not live in the Subject Property. Therefore, Plaintiff Andrew Dunavant relocated to the Subject Property in April 2010, away from his family, and began to shop for a replacement wind and hail policy at a lower cost.

14. In April 2010, just as the local economy was beginning to rebound from the recession, the British Petroleum Deepwater Horizon Oil spill disaster occurred, having a detrimental effect on the economy in Baldwin County.

2

15. In June 2010, Plaintiffs were two months behind in their mortgage payments. FFFG claimed that it had submitted the second loan modification to Defendant USAA, although USAA claimed to have had no record of it and transferred Plaintiffs' mortgage servicing to Defendant GMAC. Plaintiffs informed FFFG that it had to resubmit the application to GMAC.

16. In June 2010, USAA sent a statement for $13,000 due immediately on the escrow account on the mortgage for the force-placed insurance on the Subject Property. Plaintiffs informed Defendants that they were in the process of finalizing an expedited purchase of a policy for $4,300.

17. Plaintiffs continued making their regular payment to GMAC, but could not afford the increased escrow payment for the force-placed insurance.

18. Defendant accepted and cashed the additional payments, but did not apply said funds to principal and interest, as mandated by the mortgage, but rather placed payments in a "suspense account".

19. After accumulating enough funds in the suspense account to cover the force-placed insurance premiums, Defendant then transferred funds from "suspense" to the escrow account, in order to pay for said insurance policy.

20. Once the force-placed insurance was paid for, Defendant then began returning Plaintiff's payments to him, rather than accept same.

21. Shortly thereafter, Plaintiffs received a letter from Defendants that the mortgage was in default, and the loan was being accelerated, and Defendants were proceeding with foreclosure.

22. In July, after losing faith in FFFG's ability to help with a loan modification, plaintiff, once again undertook his second loan modification. At that time, USAA/GMAC told Plaintiff to undertake no more payments until he had an answer on the loan modification.

23. A loan modification was made in January 2011, and plaintiff was given 15 days to approve same or it would be rescinded. The modification offered to lower payments of $160 per month, but only by increasing his principal balance by $18,000 dollars. Plaintiff refused same.

24. Plaintiff began his third modification attempt in February 2011. No response has been received on this loan modification.

25.  Plaintiff's last three mortgage payments have been refused by GMAC, so Plaintiff has deposited same in his counsel's escrow account.

26.  Plaintiffs allege the defendants placed upon the subject mortgage charges/fees that were both false and illegal including placing single premium vendor placed insurance or "force-placed insurance" upon the loan account of the plaintiffs in violation of law.

27.  The plaintiffs allege the foreclosure is improper and illegal for all of the following reasons:

   a. The defendant accepted monies from the plaintiffs and failed to apply those funds to their account in a timely and appropriate fashion.
   b. The defendants charged and applied significant fees and expenses to the plaintiffs' account in violation of law and without legal justification.
   c. The defendants failed to post payments to the plaintiffs' account so that defendants could create a default or a false pretense of default.
   d. The defendants also "packed" its charges against the plaintiffs' account, such as repeatedly paying for drive-by inspections (or no inspections at all) of plaintiffs' home.
   e. The defendant "force placed" homeowners' insurance on property and placed such insurance in an amount and cost that is unreasonable, predatory and unconscionable and did so to create a false default with the specific purpose of instituting the foreclosure against the plaintiffs.

28.  The defendants are engaged in a pattern of conduct with respect to their mortgage servicing practices whereby the defendants seek to create a false or bogus default so that they can foreclose on a property for the purpose of either equity stripping or claiming various insurance coverage(s) that are available for servicers who foreclose on a property.

29.  The defendants are engaged in a pattern and practice of conduct which is designed to create or manufacture false defaults for the purpose of churning fees and charges on the client's mortgage account to increase profits to the defendants from fees.

30.  The defendants' conduct is oppressive, wanton, malicious and intentional, and is designed to profit the defendants at the expense of the mortgagors' home.

4

## COUNT I
## WANTONNESS

31. The plaintiffs readopt and reallege all prior paragraphs of this pleading.

32. The defendants engaged in wanton conduct in that the defendants instituted procedures which were designed by their very nature to cause the plaintiffs' home loan to be declared in default for the purpose of imposing fees and charges to the account which could then be claimed from the investor or trust holding the mortgage so that the defendants could increase their profits at the expense of the unwitting mortgagors. This conduct was wanton in that the defendants knew or should have known that by manufacturing a default and imposing bogus or illegal fees against the mortgagors that injury would result to the mortgagors in the form of payment of illegal or unauthorized fees or in the loss of the mortgagors' home through foreclosure.

33. The acts of the defendants were oppressive, malicious and intentional and done with full knowledge that the plaintiffs would suffer harm as a result.

34. As a proximate consequence of these actions, the plaintiffs were caused to suffer harm in that a foreclosure action has been instituted against them, in that they have been required to pay illegal, unauthorized and bogus fees and charges and that plaintiffs have suffered mental anguish and emotional distress due to the threat of losing their home.

WHEREFORE, premises considered, the plaintiffs demand judgment against the defendants in such an amount of compensatory and punitive damages as a jury deems reasonable and may award after a trial on the merits of this action.

## COUNT II
## NEGLIGENCE

35. The plaintiffs adopt and reallege all prior paragraphs as if set out here in full.

36. The actions of the defendants were negligent in that the defendants failed to properly apply and to post payments to the account of the plaintiffs when received and in the proper amounts. The defendants placed payments into suspense rather than applying the payments to the plaintiffs' account and the defendants placed

5

charges onto the account of the plaintiffs that were either wrong, illegal, unauthorized or in a wrong amount and failed or refused to correct the account.

37.  As a proximate result thereof, the plaintiffs have been injured and damaged in that they have suffered financial hardship, mental anguish and emotional distress and have been charged and assessed amounts that were illegal, wrong, unauthorized or otherwise incorrect.

WHEREFORE, premises considered, the plaintiffs demand judgment against the defendants in such an amount of compensatory and punitive damages as a jury deems proper and may award.

## COUNT III
## BREACH OF CONTRACT
## (THE MORTGAGE)

38. The Plaintiffs adopt and reallege all prior paragraphs as if set out here in full

39. The plaintiffs and the defendants are parties to a contract in the form of the mortgage that exists between them.

40. The plaintiffs allege that the defendants have breached the terms of their mortgage agreement by applying to their account charges that are not reasonable, not necessary, illegal, unauthorized, wrong in nature or amount and or otherwise manufactured by the defendants for the purposes of creating a default.

41. The plaintiffs further allege that the defendants failed to apply monies paid on their account in accordance with the uniform payment covenant of the mortgage and instead applied these monies to their own fees and charges in breach of the mortgage.

42. As a proximate result of this breach, the defendants are liable to the plaintiffs for all natural, proximate and consequential damages that are a result of this breach.

WHEREFORE, premises considered, the plaintiffs demand judgment against the defendants in such an amount of damages as a jury deems reasonable and may award.

## COUNT IV
## WRONGFUL FORECLOSURE

43. The plaintiffs reallege all prior paragraphs of the pleading as if set out here in full.

44. The defendants have initiated a foreclosure proceeding against the plaintiffs in violation of law.

45. The initiation of the foreclosure proceeding by the defendants was either negligent or wanton, depending on proof adduced at trial.

46. As a result thereof, the defendants are liable for all natural, proximate and consequential damages due to their actions including an award of punitive damages upon a proper evidentiary showing.

WHEREFORE, premises considered, the plaintiffs demand judgment against the defendants in such an amount of compensatory and punitive damages as a jury deems reasonable and may award.

## COUNT V
## PETITION FOR AN EX PARTE
## TEMPORARY RESTRAINING ORDER

47. The plaintiffs adopt and reallege all prior paragraphs of this pleading as if set out here in full.

48. A Temporary Restraining Order is an equitable remedy that the Circuit Court has the power and authority to grant.

49. The purpose of a Temporary Restraining Order (hereinafter TRO) is to preserve the status quo ante until a final determination has been made on the merits.

50. A TRO may be granted without notice if it clearly appears from specific facts shown by a verified pleading or affidavit that immediate and irreparable harm will result before the adverse party or his attorney can be heard in opposition is notified.

51. In the present case, the defendants have published the plaintiffs' home for foreclosure sale to occur on May 4, 2011.

52.    Unless a TRO is entered in the present case, the plaintiffs will be deprived of their property without the Circuit Court having an opportunity to review or rule upon the substantive allegations of the complaint.

53.    The Petitioners allege that immediate and irreparable harm will result if the defendants are allowed to complete the foreclosure.

54.    The Petitioners aver that the legal remedy available is inadequate to prevent the foreclosure without the intervention of the Court.

55.    The Petitioners aver that a property right exists in the home.

56.    The Petitioners aver that there is no default on the home other than a false or bogus default created by the defendants.

57.    The Petitioners aver that the foreclosing entity lacks standing to pursue foreclosure in the present case and that to allow it to foreclose could cause the petitioners to lose the home without being relieved of the contractual obligation on the debt.

58.    The Petitioners request that the Court enter a *temporary* injunction until such time as the Court can determine from the evidence in the case if the Defendants have a legal right to foreclose on the Plaintiffs' property.

59.    The Petitioners show unto the Court that enforcement is feasible as the Court has jurisdiction of this matter and has *in personam* jurisdiction over the parties.

60.    The Petitioner further alleges that the hardships are balanced in this matter and that the Defendants have no meritorious defense to the best of the Petitioners' knowledge and belief.  Further, the defendants are protected equitably in that the home in question is occupied and the home is maintained and not suffering waste or neglect.

61.    The Petitioners pray that this Court will issue an ex parte TRO until such time as this Court may take up this matter.

62.    The Petitioners further pray that this Court would grant the relief requested and issue a Temporary Restraining Order enjoining the foreclosure sale from being conducted as scheduled until such time as the merits of the plaintiffs' complaint can be heard by the Court after the taking of evidence.

**WHEREFORE,** the Plaintiffs having set forth their claims for relief against the Defendants respectfully pray of the Court as follows:

A. That the Plaintiffs have and recover against the Defendants a sum to be determined by a jury of actual damages;

B. That the Plaintiffs have and recover against the Defendants a sum to be determined by a jury of punitive damages;

C. That the Defendants be enjoined from continuing with the foreclosure sale temporarily but until such time as the material averments of the Plaintiffs' complaint have been heard.

D. That the Plaintiffs have such other and further relief as the Court may deem just and proper in the circumstances.

Dated this the 3rd day of May, 2011.

Respectfully Submitted,

/s/ Darrell W. Grimsley Jr.
DARRELL W. GRIMSLEY JR. (GRI056)
Attorney for Plaintiffs

OF COUNSEL:
WOOLLEY, EDGE & GRIMSLEY, LLC
21 South Section Street
Fairhope, Alabama 36532
Phone: 251-866-6747
Fax: 251-990-0626
Email: bubbagrimsley@me.com

/s/ Nicholas Heath Wooten
NICHOLAS HEATH WOOTEN (WOO084)
Attorney for Plaintiffs
P.O. Box 3389
Auburn, Alabama 36831
Phone: 334 887 3000
Fax: 334 821 7720
Email: nhwooten@gmail.com

9

DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a struck jury for the trial of this case.

/s/ Darrell W. Grimsley Jr.

/s/ Nicholas Heath Wooten

Attorneys for Plaintiffs

**DEFENDANTS TO BE SERVED BY CERTIFIED MAIL AS FOLLOWS:**

**USAA FEDERAL SAVINGS BANK**
9800 Fredericksburg Road
San Antonio, TX 78288

**GMAC MORTGAGE, LLC**
CSC Lawyers Incorporating SRV INC.
150 S. Perry St.
Montgomery, AL 36104