**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | Chapter 11 |
| Debtors. | Jointly Administered |

**STIPULATION AND ORDER MODIFYING**
**AUTOMATIC STAY TO EFFECT TERMINATION NOTICE**

Residential Capital, LLC and its affiliated debtors and debtors in possession in the above-captioned Chapter 11 cases (collectively, the "<u>Debtors</u>") and Wells Fargo Bank, N.A., as successor by merger to Wachovia Bank, N.A., formerly known as First Union National Bank ("<u>Wells Fargo</u>") do hereby stipulate and agree as follows:

**RECITALS:**

A.  On May 14, 2012 (the "<u>Petition Date</u>"), each of the Debtors filed voluntary petitions in this Court for relief under Chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>").  The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).  On May 16, 2012, the United States Trustee for the Southern District of New York (the "<u>U.S. Trustee</u>") appointed a nine member official committee of unsecured creditors (the "<u>Committee</u>") in the Debtors' cases.  No trustee has been appointed in these Chapter 11 cases.  On July 3, 2012, the U.S. Trustee appointed the Honorable Arthur T. Gonzalez, former Chief Judge of this Court, as examiner.

B.  Wells Fargo is a national banking association that through its home equity division owns a series of revolving lines of credit or closed end loans that were originated by First Union National Bank, repayment of which was secured by a lien on one to four family

residential properties or coops and the servicing rights related thereto (the "Mortgages"). Wells Fargo is the successor by merger to Wachovia Bank, N.A., formerly known as First Union National Bank.

C.      Prior to the Petition Date, GMAC Mortgage Corporation, now known as GMAC Mortgage, LLC ("GMAC Mortgage"), one of the Debtors, entered into a Servicing Agreement with Wells Fargo (the "Agreement") pursuant to which GMAC Mortgage agreed to service and administer the Mortgages and related property that is the subject of the Agreement on behalf of Wells Fargo. The Agreement was entered into as of July 8, 1999. Under the Agreement, GMAC Mortgage currently services approximately 110 of the Mortgages.

D.      The Agreement provides that either party may seek to terminate the Agreement by providing no less than 120 days advance written notice to the other party of its intent not to extend the term of the Agreement.

E.      Prior to the Petition Date, by letter dated March 29, 2012 (the "Termination Notice"), Wells Fargo notified the Debtor that it was electing to terminate the Agreement in accordance with the applicable termination provisions set forth in the Agreement. The Termination Notice stated that the Agreement would terminate on August 1, 2012 or on such other date mutually agreed upon by Wells Fargo and GMAC Mortgage (the "Termination Date").

F.      Upon the commencement of a Chapter 11 case, the automatic stay of section 362 of the Bankruptcy Code, prohibits: (i) the commencement or continuation of an action or proceeding against a debtor; (ii) acts to "obtain possession of property" of a debtor's estate; and (iii) acts to "collect, assess, or recover a claim" against a debtor arising prepetition. 11 U.S.C. §§ 362(a)(1), (a)(3), and (a)(6).

G. The Debtors assert that, pursuant to section 362(a) of the Bankruptcy Code, commencement of the Chapter 11 cases automatically stayed any act to terminate the Agreement and the giving of the Termination Notice did not effect a termination of the Agreement.

H. Wells Fargo asserts that the automatic stay does not operate to prohibit termination of the Agreement through the giving of the Termination Notice and has advised the Debtors that it seeks terminate the Agreement through the service of the Termination Notice, for among other reasons, so that it may service the Mortgages internally in order to comply with the terms of a Consent Judgment that was "So Ordered" by the United States District Court for the District of Columbia on April 4, 2012 in a lawsuit entitled *United States of America, et al. v. Bank of America Corp, et al.,* Civil Action No. 12-0361.

I. Following negotiations between GMAC and Wells Fargo, and to avoid the time, cost, and uncertainty associated with litigation, the parties hereto (individually, a "Party" and collectively, the "Parties") have agreed to enter into this Stipulation and Order providing for a consensual modification of the automatic stay to permit the termination of the Agreement subject to the terms and conditions set forth herein.

NOW THEREFORE, IT IS HEREBY AGREED, by and among the Parties, as follows:

**AGREEMENT:**

1. Upon entry of this Stipulation and Order by the Court, the automatic stay imposed by section 362(a) of the Bankruptcy Code shall be modified solely to permit the termination of the Agreement as set forth in paragraph 2 hereof and to permit the Parties to perform such acts as necessary and/or appropriate to exercise their respective rights and obligations in accordance with the Agreement.

2. The Agreement shall terminate on December 31, 2012 provided that this Stipulation and Order has been entered by the Court prior to November 30, 2012. If this Stipulation and Order is entered by the Court after November 30, 2012, this Agreement shall terminate not less than twenty days nor more than forty-five days following the entry of this Stipulation and Order, as agreed to by the Parties, without the need for any further action or notice by either Party.

3. Provided the Court enters this Stipulation and Order on or before November 30, 2012, the Parties agree that by December 17, 2012, they will provide to customers a written notice (the "Customer Notice") that the Mortgage servicing is being transferred to Wells Fargo as successor servicer effective as of January 1, 2013 (the "Transfer"). If the Court enters this after November 30, 2012, the Parties shall mutually agree on a date for the provision of the Customer Notice. The Parties further agree to complete all other steps necessary to effectuate the Transfer provided for under the Agreement by no later than December 31, 2012, or such other date as may be agreed to by the Parties, without the need for any further action or notice by either Party.

4. The Parties shall take actions as are necessary and appropriate to effectuate termination in accordance with the Agreement, including, without limitation, complying with the procedures set forth in the Agreement for the Transfer.

5. Prior to the Transfer, GMAC Mortgage shall continue to service the Mortgages serviced thereunder in accordance with the terms and conditions of the Agreement, and Wells Fargo shall continue to satisfy all fees, costs, and expenses due to or incurred by GMAC Mortgage in connection with the servicing as provided for under the Agreement.

6. Wells Fargo shall (i) satisfy all fees, costs, and expenses incurred by GMAC Mortgage in connection with the transfer of the Mortgage servicing as provided for under the Agreement; (ii) satisfy all other reasonable costs and expenses incurred by GMAC Mortgage in connection with the transfer of the Mortgage Servicing; and (iii) reimburse GMAC for all outstanding advances within five (5) business days of the submission of invoices therefor (the "Payment Period"). If Wells Fargo has not paid such fees, costs, expenses and advances prior to the expiration of the Payment Period, then the Debtors may deduct such amounts from amounts otherwise payable to Wells Fargo under the Agreement.

7. Nothing herein shall be construed as a waiver by the Parties of any claims they have against each other for sums due and owing under the Agreement, all of which are expressly preserved.

8. This Stipulation and Order shall not become effective unless and until it is entered by the Court.

9. This Stipulation and Order may not be modified other than by a signed writing executed by the Parties hereto or by further order of the Court.

10. This Stipulation and Order is limited solely to issues relating to the termination of the Agreement. Nothing in this Stipulation and Order shall be construed as a waiver by either Party of its rights under any other agreement between the Parties.

11. The Parties hereto agree that the terms and language of this Stipulation and Order were the result of negotiations between the parties, and there shall be no presumption that ambiguities, if any, in this Stipulation and Order shall be resolved against either party; further, any controversy over the construction of this Stipulation and Order shall be decided

neutrally, in light of its conciliatory purpose and without regard to events of authorship or negotiation

12. Each person who executes this Stipulation and Order on behalf of a Party hereto represents that he or she is duly authorized to execute this Stipulation and Order on behalf of such Party.

13. This Stipulation and Order may be executed in counterparts, each of which shall be deemed an original but which together shall constitute one and the same instrument. Each counterpart may be delivered by email as a .pdf attachment or facsimile transmission, and an emailed or faxed signature shall have the same force and effect as an original signature.

| GMAC MORTGAGE, LLC | WELLS FARGO BANK, N.A. |
|---|---|
| /s/ Norman S. Rosenbaum (11/20/2012)<br>Gary S. Lee<br>Norman S. Rosenbaum<br>MORRISON & FOERSTER LLP<br>1290 Avenue of the Americas<br>New York, New York 10104<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900<br><br>*Attorneys for Debtors*<br>*and Debtors in Possession* | /s/ Jeffrey S. Berkowitz (11/20/2012)<br>Jeffrey S. Berkowitz, Esquire<br>Gibbons P.C.<br>One Pennsylvania Plaza, 37th Floor<br>New York, New York 10019<br>Telephone: (212) 613-2000<br>Facsimile: (212) 554-9691<br><br>*Attorneys for Wells Fargo Bank, N.A., a*<br>*creditor and party-in-interest with respect to*<br>*its servicing and sub-servicing agreements*<br>*with the Debtors* |

**SO-ORDERED:**

this 27th day of November, 2012
in New York, New York

                                          **/s/Martin Glenn**
                                          MARTIN GLENN
                                 United States Bankruptcy Judge