Hearing Date: January 14, 2013 at 9:00 a.m.(ET)
Objection Deadline: November 29, 2012 at 4:00 p.m. (ET)

**LOWENSTEIN SANDLER PC**
1251 Avenue of the Americas
New York, New York  10020
(212) 262-6700  (Telephone)
(212) 262-7402  (Facsimile)
Michael S. Etkin, Esq. (ME 0570)
Ira M. Levee, Esq. (IL9958)
Andrew D. Behlmann (AB1174)
  -and-
65 Livingston Avenue
Roseland, New Jersey  07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Bankruptcy Counsel for Lead Plaintiff and Class*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 12-12020 (MG)<br>(Jointly Administered)<br><br>Re:  Docket No. 1887 |

**LEAD PLAINTIFF'S LIMITED OBJECTION TO DEBTORS' SECOND**
**SUPPLEMENTAL MOTION PURSUANT TO FED. R. BANKR. P. 9019**
**FOR APPROVAL OF RMBS TRUST SETTLEMENT AGREEMENTS**

New Jersey Carpenters Health Fund, the court-appointed lead plaintiff (the "Lead Plaintiff") in the consolidated securities class action styled as *New Jersey Carpenters Health Fund, et als., on Behalf of Themselves and All Others Similarly Situated v. Residential Capital, LLC, et als.*, filed in the United States District Court for the Southern District of New York (the "District Court"), Case No. 08-CV-8781 (HB) (the "MBS Litigation"), on behalf of itself and all persons or entities (the "Class") who purchased or otherwise acquired interests in certain Issuing Trusts pursuant or traceable to Registration Statements and accompanying Prospectuses filed by

26963/2
11/29/2012 20821619.6

Residential Accredited Loans, Inc., a subsidiary of Residential Capital LLC, along with Plaintiffs, New Jersey Carpenters Vacation Fund and Boilermaker Blacksmith National Pension Trust, submit this limited objection (the "Objection") to the *Debtors' Second Supplemental Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of RMBS Trust Settlement Agreements* [Doc. No. 1887] (the "RMBS 9019 Motion"),[1] and state the following:

## PRELIMINARY STATEMENT

1.  Lead Plaintiff takes no position with respect to the relief requested in the RMBS 9019 Motion, but reserves its rights as to the ultimate appropriate distribution under any plan of reorganization or liquidation filed by the Debtors or any other party, as well as the classification and treatment of its claims. However, Lead Plaintiff submits that any order granting, in whole or in part, the relief requested in the RMBS 9019 Motion should affirmatively and expressly carve out from any and all releases provided in the RMBS Trust Settlement[2] any and all of its claims asserted or assertable against any Debtors or non-Debtors. As currently drafted, the release language is at best ambiguous and must be clarified.

## BACKGROUND

2.  The defendants in the MBS Litigation include Debtors and current and/or former officers and directors of the Debtors, as well as certain non-Debtors.

3.  The procedural history of the MBS Litigation is set forth in detail in *Objection of New Jersey Carpenters Health Fund to Debtors' Motion to Extend the Automatic Stay or, in the Alternative, for Injunctive Relief Enjoining Prosecution of Certain Litigation Against Debtors'*

---

[1] A form of the RMBS 9019 Motion was initially filed on June 11, 2012 [Docket No. 320], and a supplemental motion was filed on August 15, 2012 [Docket No. 1176].

[2] Capitalized terms shall have the meanings ascribed to them in the RMBS 9019 Motion unless defined otherwise herein.

-2-

*Directors and Officers and Non-Debtor Corporate Affiliates*, Adv. Pro. No. 12-ap-01671 (MG) [Doc. No. 38] and is incorporated herein by reference.

4. On October 19, 2012, the Debtors (Residential Capital, LLC and its debtor affiliates) filed the RMBS 9019 Motion, which primarily seeks the Court's approval of the compromise and settlement of an allowed claim of up to $8.7 billion certain Debtors, see RMBS 9019 Motion at ¶ 19, to be allocated among "certain securitization trusts in accordance with the terms and condition of the RMBS Trust Settlement Agreements," as may be amended, referred to collectively as the RMBS Trust Settlement. See RMBS 9019 Motion at 1.

5. The RMBS Trust Settlement is comprised of two substantially similar settlements entered into by the Debtors with two groups of Institutional Investors (the Steering Committee Group (see Ex. 2 to the RMBS 9019 Motion) and the Talcott Franklin Group (see Ex. 3 to the RMBS 9019 Motion)), both of which will "jointly draw on the same allowed claim against the Debtors' estates." See RMBS 9019 Motion, n.1, and as further set forth in the RMBS 9019 Motion. The parties to each agreement include Residential Capital, LLC and its direct and indirect subsidiaries and certain Individual Investors as identified on the signature pages to the respective RMBS Trust Settlement Agreement.

6. As consideration for the allocable portion of the Allowed Claim to each Trust that accepts the Settlement, the Trustees for the Accepting Trusts agree to release all breach of representation and warranty claims ("R&W Claims") against the Debtors for each trust. The Institutional Investors also agree to direct the Trustees to accept the terms of the RMBS Trust Settlement, which includes a release and waiver by the accepting Trusts and Trustees[3] of R&W

---

[3] The Trustees, on behalf of the Trusts, have fourteen (14) days after the entry of an order approving the RMBS Trust Settlement to accept or reject the RMBS Trust Settlement. See RMBS 9019 Motion at ¶ 16.

Claims against the Debtors. See RMBS 9019 Motion at ¶ 21; see also RBMS Trust Settlement Agreement at §§ 4.01, 4.02, and 7.01.

7. With respect to those Trusts for which the Trustee accepts the RMBS Trust Settlement, the RMBS Trust Settlement Agreement provides a broad, unconditional release by the Institutional Investors (which includes "certificateholders, bondholders and noteholders in the Settlement Trusts, and their successors in interest, assigns, pledgees, and/or transferees", see RMBS Trust Settlement Agreement at §§ 1.07 and 1.08), Trustees, Accepting Trusts, and "*any* Persons claiming by, through or on behalf of such Accepting Trust or the Trustee (including Investors claiming derivatively)" of all claims against the Debtors (except ResCap) and their current and former officers, directors, and employees arising under the Governing Agreements. See RMBS Trust Settlement Agreement at § 7.01 (emphasis added).

8. Excluded from the RMBS Trust Settlement Agreement release are "individual direct claims for securities fraud or other disclosure-related claims arising from the purchase or sale of Securities"[4] as well as claims against ResCap.

9. Similarly, the foregoing release does not appear to apply to "any claims based upon improper disclosures under federal or state securities law." RMBS Trust Settlement Agreement at ¶ 8.05.

## LIMITED OBJECTION

10. The release provided in the RMBS Trust Settlement Agreement requires clarification to avoid the inadvertent release of claims beyond its intended scope. The claims expressly excluded from the RMBS Trust Settlement release (see ¶¶ 8-9 above) are not

---

[4] "Securities" is defined as "securities, notes, bonds, certificates, and/or other instruments backed by mortgage loans held by Settlement Trusts." RMBS Trust Settlement Agreement at § 1.15.

sufficiently described to enable a creditor or holder of any impacted claim or interest to have certainty as to the effect of the release.

11.  Specifically, the carve-out at the end of section 7.01 of the RMBS Trust Settlement Agreement provides as follows:

> For the avoidance of doubt, this release does not include individual direct claims for securities fraud or other disclosure-related claims arising from the purchase or sale of Securities.

12.  Lead Plaintiff submits that (a) the types of claims carved out from the release are overly narrow, as claims arising under federal and state securities laws may sound in theories other than fraud; (b) the term "individual" is ambiguous, as it could be construed as excluding class claims for securities fraud from the claims carved out of the proposed release; and (c) the term "direct" is ambiguous, as it is unclear whether this term refers to claims belonging directly to the plaintiff bringing such claims (as opposed to, for instance, claims brought on behalf of an Accepting Trust) or to claims for direct liability (as opposed to, for instance, claims for "control person" liability).

13.  To resolve these potential limitations and linguistic ambiguities, Lead Plaintiff submits that the carve-out in section 7.01 of the RMBS Trust Settlement Agreement should be revised to read as follows (additions are noted in **bold**, deletions in ~~strikethrough~~):

> For the avoidance of doubt, this release does not include **any** individual **or class** ~~direct~~ claims **asserted directly by the holders of such claims (including a class representative, on behalf of a class)** ~~for securities fraud~~ **based upon any federal and state securities laws** or other **similar fraud-, misrepresentation-, and** disclosure-related claims arising from **or related to** the purchase or sale of Securities.

14.  To further avoid any ambiguity, any order entered approving the RMBS Trust Settlement Agreement should provide the following language:

> Nothing in the RMBS Trust Settlement Agreement or in this Order shall or is intended to affect, release, enjoin, or impact in any way the prosecution of claims asserted, or to be asserted, (a) against any Debtor or non-Debtor defendant named or to be named in the action styled as *New Jersey Carpenters Health Fund, et al. v. Residential Capital Funding, LLC, et al.*, Case No. 08-CV-8781 (HB) (S.D.N.Y.) or (b) in any proof of claim filed by the Lead Plaintiff or the Class in these Chapter 11 Cases.

## CONCLUSION

Based on the foregoing, unless the clarifying language set forth above is included in the order, Lead Plaintiff respectfully requests that the Court (i) deny the RMBS 9019 Motion and (ii) grant such other and further relief as the Court deems just and proper.

Dated: November 29, 2012
       New York, New York

Respectfully submitted,

*/s/ Michael S. Etkin*
**LOWENSTEIN SANDLER PC**
Michael S. Etkin, Esq. (ME 0570)
Ira M. Levee, Esq. (IL9958)
Andrew D. Behlmann (AB1174)
1251 Avenue of the Americas
New York, New York 10020
(212) 262-6700  (Telephone)
(212) 262-7402  (Facsimile)
           and

65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2481 (Facsimile)

*Bankruptcy Counsel for Lead Plaintiff and the Putative Class*