UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF NEW YORK; ✓

(at Manhattan)

[18 USC §§ 245(b)(2)(B), 664, 666, 1962][29 USC §§ 1131, 1132(h), 1140]

[26 USC §§ 101(f)(3)(A), 267(b)(1), 1001(a)][42 U.S.C. §§ 1441, 3535(d), 4651(3), 7573)]

| | |
|---|---|
| In Re: Residential Capital, LLC., et al., And, ) | Case No. 12-bk-12020 (MG) |
| In Re: GMAC, Mortgage Co., et al, ) | Chapter___ (Ch.11, Joint Admin. ) |
| Debtors ) | (Related BR Case No.07-bk-57237, S.D., OHIO) |
| ) | (Related BR Case No. 12-bk-12032, S.D., N.Y.) |
| ) | JUDGE: GLENN, MARTIN |
| UNITED STATES of America, Ex Rel., ) | |
| Yvonne D. Lewis, et al., ) | Adversary Case No.: _12-01731____ |
| Plaintiffs/ Surplus Creditors ) | (Related Case No. 12-bk-12020 (MG); |
| Vs. ) | 05-CV-7346 (03-CV-7478); 03-CV-10836; |
| ) | 05-CV-4555; 03-CV-6954);(04-AP-469, 11-AP- |
| GMAC, Mortgage Co., et al, ) | 875, 10-AP-110, COA10th Dist., OHIO |
| Defendants/ Bankrupt Debtor, ) | (Related Case No.96-cv-494, USDC, S.D.,OH.) |

<u>OBJECTION TO BID OF BERKSHIRE HATHAWAY, DOC 2050; GROUNDED ON GMAC'S MISCONDUCT BY MAY 31, 2012 ASSIGMENT TO FNMA WITH FRAUDULENT JUDGMENT LIEN OF HNB FROM INCURABLE LIVING TRUST AFTER FED. CONSENT JUDGMENT ISSUED APR. 4, 2012, CASE NO. 12-CV-361, USDC, DC.</u>

Now comes Creditors, Sidney T. Lewis and Yvonne D. Lewis, under Fed. R. BR Proc.,

R. 9013 & R. 9014, 18 USC §§ 2, 664, 1001, in the abovementioned United States Bankruptcy

Court with objection to Doc. 2050.

This objection is on grounds of a continued pattern of RICO conduct in the joint

administration in BR case nos. 12-bk-12020, and 12-bk-12032,USBC, SD, New York and

fraudulent administration in BR case nos. 05-bk-75111 and 07-bk-57237, USBC, SD, Ohio by

RICO Defendant (id. 96-cv-494, Doc. 95) Emens, Hurd, Kegler & Ritter lawfirm a/k/a Kegler,

Brown, Hill & Ritter Co., L.P.A. lawfirm to render legal services for the Trustee (Larry

McClatchey) within the bankruptcy estate. (id. 07-bk-57237, Doc. 25) and GMAC as debtor in

possession of mortgagor's rights in subject "FHA Mortgage".

1 of 3 pages

RECEIVED

NOV 20 2012

U.S. BANKRUPTCY COURT
SO DIST OF NEW YORK

This objection is supported by attached Exhibit A, marked thereon as Exhibit A, May 31, 2012 Assignment to FNMA. (see: Attached Exhibits A,~~B, & C~~).

Respectfully Submitted,

Dated: Nov. 16, 2012. *signature*          Dated: Nov. 16, 2012. *signature*
      Sidney T. Lewis, pro se                    Yvonne D. Lewis, pro se
      1875 Alvason Avenue                        1875 Alvason Avenue
      Columbus, Ohio 43219                       Columbus, Ohio 43219
      (614) 940-3306                             (614) 940-3306

### Memorandum In Support

"Under Ohio law, a *mortgagor in possession* of real property is the owner of the legal and equitable interests in the property. In re Rosario, 402 B.R. 223, 229 (Bankr. N.D. Ohio 2009) (citations omitted)."

**(See: In re Jaber, 406 B.R. 756, 761 (Bankr. N.D. Ohio 2009)**

It follows that on **May 31, 2012 (EXHIBIT A)** Creditor Yvonne D. Lewis was the *mortgagor in possession* under a HUD/FHA Mortgage on the real property at 1875 Alvason Avenue. As the owner of said legal and equitable interests in the property Lewis would have been entitled to a legal "right of redemption" before consummation of the Sheriffs Sale on **JUNE 4, 2012** long after Defendant GMAC's fraudulent assignment of Bid to FNMA without a "face to face" mandated by HUD guidelines, then Defendant GMAC's fraudulent auction to successful bidder, Berkshire Hathaway Inc absent consent of purchaser FNMA, nor waiver of the "*right of redemption*" by Creditor Yvonne D. Lewis.

"…debtor may avoid the fixing of a judicial lien that impairs an exemption to which the debtor would have been entitled but for the lien. 11 U.S.C. § 522(f)(1)(A)."

**(See: In re Jaber, 406 B.R. 756, 762 (Bankr. N.D. Ohio 2009)**

Respectfully submitted,

Dated: Nov. 16, 2012. _____    Dated: Nov. 16, 2012. _____
　　　　　　Sidney T. Lewis, pro se　　　　　Yvonne D. Lewis, pro se
　　　　　　1875 Alvason Avenue　　　　　　1875 Alvason Avenue
　　　　　　Columbus, Ohio 43219　　　　　　Columbus, Ohio 43219
　　　　　　(614) 940-3306　　　　　　　　　(614) 940-3306

## VERIFICATION

State of Ohio　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　) SS:
Franklin County　　　　　　　　　　　)

　I, Yvonne D. Lewis, declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge as based on my understandings and belief.
FURTHER SAYETH THE AFFIANT NAUGHT.

Executed on Nov. 16, 2012 pursuant to 28 U.S.C.§§ 452, 1746, 1715; Ohio Const., Art. I, §16; U.S. Const., Amend., § 14th.

_____
YVONNE D. LEWIS, *Affiant, In Personam*

## VERIFICATION

State of Ohio　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　) SS:
Franklin County　　　　　　　　　　　)

　I, Sidney T. Lewis, declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge as based on my understandings and belief.
FURTHER SAYETH THE AFFIANT NAUGHT.

Executed on Nov. 16, 2012 pursuant to 28 U.S.C.§§ 452, 1746, 1715; Ohio Const., Art. I, §16; U.S. Const., Amend., § 14th.

_____
SIDNEY T. LEWIS, *Affiant, In Personam*

UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF NEW YORK;

(at Manhattan)

[18 USC §§ 245(b)(2)(B), 664, 666, 1962][29 USC §§ 1131, 1132(h), 1140]

[26 USC §§ 101(f)(3)(A), 267(b)(1), 1001(a)][42 U.S.C. §§ 1441, 3535(d), 4651(3), 7573)]

| | |
|---|---|
| In Re: Residential Capital, LLC., et al., And, ) | Case No. 12-bk-12020 (MG) |
| In Re: GMAC, Mortgage Co., et al, ) | Chapter____ (Ch.11, Joint Admin. ) |
| Debtors ) | (Related BR Case No.07-bk-57237, S.D., OHIO) |
| ) | (Related BR Case No. 12-bk-12032, S.D., N.Y.) |
| ) | JUDGE: GLENN, MARTIN |
| UNITED STATES of America, Ex Rel., ) | |
| Yvonne D. Lewis, et al., ) | Adversary Case No.: 12-01731____ |
| Plaintiffs/ Surplus Creditors ) | (Related Case No. 12-bk-12020 (MG); |
| Vs. ) | 05-CV-7346 (03-CV-7478); 03-CV-10836; |
| ) | 05-CV-4555; 03-CV-6954);(04-AP-469, 11-AP- |
| GMAC, Mortgage Co., et al, ) | 875, 10-AP-110, COA10th Dist., OHIO |
| Defendants/ Bankrupt Debtor, ) | (Related Case No.96-cv-494, USDC, S.D.,OH.) |

## CERTIFICATE OF SERVICE

A copy of the foregoing: OBJECTION TO BID OF BERKSHIRE HATHAWAY, DOC 2050;
GROUNDED ON GMAC'S MISCONDUCT BY MAY 31, 2012 ASSIGMENT TO FNMA
WITH FRAUDULENT JUDGMENT LIEN OF HNB FROM INCURABLE LIVING TRUST
AFTER FED. CONSENT JUDGMENT ISSUED APR. 4, 2012, CASE NO. 12-CV-361, USDC,
DC., was served on Debtors counsels of record, and other parties to the instant action, by hand
delivery, electronic mail service, or by certified U.S. Mail Service, Postage Prepaid on Nov. 16,
2012.

Dated: Nov. 16, 2012 _Sidney T. Lewis_     Dated: Nov. 16, 2012 _Yvonne D. Lewis_
              Sidney T. Lewis, pro se                              Yvonne D. Lewis, pro se

Franklin County Ohio Clerk of Courts of the Common Pleas- 2012 May 31 3:05 PM-05CV004555
0A460 - R10

# IN THE COURT OF COMMON PLEAS
# FRANKLIN COUNTY, OHIO

| | |
|---|---|
| **GMAC Mortgage Corporation** | **Case No. 05CVE-04-4555** |
| **Plaintiff,** | **Judge Julie M. Lynch** |
| vs. | |
| **Yvonne D. Lewis aka Yvonne D. Webb-Lewis, et al.** | **NOTICE OF ASSIGNMENT OF BID** |
| **Defendants.** | |

Plaintiff GMAC Mortgage Corporation, acting through counsel, hereby gives notice that

it has assigned its bid on the sale of the property that is the subject of this foreclosure action to

the following person:

**Federal National Mortgage Association**
**P.O. Box 650043**
**Dallas, TX 75265-0043**

Respectfully submitted,

Matthew J. Richardson (0077157)
Holly N. Wolf (0068847)
Manley Deas Kochalski LLC
P. O. Box 165028
Columbus, OH 43216-5028
Telephone:  614-222-4921
Fax:  614-220-5613
Email:  mjr2@mdk-llc.com
Attorney for Plaintiff

THE STATE OF OHIO
Franklin County, ss

I, MARYELLEN O'SHAUGHNESSY, Clerk OF THE COURT OF COMMON PLEAS WITHIN AND FOR SAID COUNTY,

HEREBY CERTIFY THAT THE ABOVE AND FORE-GOING IS TRULY TAKEN AND COPIED FROM THE ORIGINAL *notice* NOW ON FILE IN MY OFFICE

WITNESS MY HAND AND SEAL OF SAID COUNTY THIS _____ DAY OF _____ A.D. 20 __

MARYELLEN O'SHAUGHNESSY, Clerk

By _____ Deputy

Ref# 05-2846/NNW

EXHIBIT A

F14

Franklin County Ohio Clerk of Courts of the Common Pleas- 2012 May 31 3:05 PM-05CV004555
0A460 - R11

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Notice of Assignment of

Bid was sent to the following by ordinary U.S. Mail, postage prepaid, on the date indicated

below:

Yvonne D. Lewis aka Yvonne D. Webb-Lewis
1875 Alvason Avenue
Columbus, OH 43219

Sidney T. Lewis
1875 Alvason Avenue
Columbus, OH 43219

_____
Matthew J. Richardson
Holly N. Wolf

May 30, 2012
Dated

EX. A

Ref# 05-2846/NNW

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900

Gary S. Lee
Todd M. Goren
Alexandra Steinberg Barrage
Jennifer L. Marines

*Counsel for the Debtors and*
*Debtors in Possession*



NOV 2 0 2012

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

### AMENDED NOTICE OF SUCCESSFUL BIDDERS AT THE AUCTIONS AND SALES OF (A) THE PLATFORM ASSETS TO OCWEN LOAN SERVICING, LLC AND (B) THE WHOLE LOAN ASSETS TO BERKSHIRE HATHAWAY INC. AND NOTICE OF FILING (A) OCWEN APA AND (B) AMENDED AND RESTATED BH LEGACY APA

   **PLEASE TAKE NOTICE** that on May 14, 2012, debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors")[1] filed a motion (the "Sale Motion")[2] to,

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, In Support of the Debtors "First Day" Pleadings* [Docket No. 6]. Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases or the relief set forth in this Notice may refer to http://www.kccllc.net/rescap for additional information.

[2] *Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), and (m), 365 and 1123, and Fed R. Bankr. P. 2002, 6004, 6006, and 9014 for Orders: (I)(A) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expenses Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Asset Purchase Agreements Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and*

ny-1062032

## THE PLATFORM AUCTION

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Sale Procedures Order, on October 23, 2012, the Debtors conducted the Auction for the Platform Assets (the "Platform Auction").

**PLEASE TAKE FURTHER NOTICE** that at the conclusion of the Platform Auction, the Debtors and their legal and financial advisors, in consultation with the Official Committee of Unsecured Creditors, through their legal and financial advisors, determined that Ocwen Loan Servicing, LLC ("Ocwen") offered the highest and best bid for the purchase of the Platform Assets and, accordingly, named Ocwen as the successful bidder (the "Successful Platform Bidder"), subject to execution of the necessary sale documents.

**PLEASE TAKE FURTHER NOTICE** that Nationstar Mortgage LLC has been selected as the Next-Highest Bidder for the Platform Assets, subject to the terms and conditions of the Sale Procedures and the Nationstar APA.

**PLEASE TAKE FURTHER NOTICE** that on November 2, 2012, the Debtors' Board of Directors approved the "Ocwen APA", which is attached hereto as Exhibit 1. A redline comparison of the Ocwen APA and the Amended and Restated Nationstar APA is attached hereto as Exhibit 2.

**PLEASE TAKE FURTHER NOTICE** that at the Sale Hearing, the Debtors will seek Court approval of the Ocwen APA and the Successful Platform Bidder.

## THE WHOLE LOAN AUCTION

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Sale Procedures Order, on October 25, 2012, the Debtors conducted the Auction for the Whole Loan Assets (the "Whole Loan Auction").

**PLEASE TAKE FURTHER NOTICE** that at the conclusion of the Whole Loan Auction, the Debtors, and their legal and financial advisors, in consultation with the Official Committee of Unsecured Creditors, through their legal and financial advisors, determined that Berkshire Hathaway Inc. ("Berkshire Hathaway") offered the highest and best bid for the purchase of the Whole Loan Assets and, accordingly, named Berkshire Hathaway as the successful bidder (the "Successful Whole Loan Bidder"), subject to execution of the necessary sale documents.

3

The exhibits to this notice can be viewed and obtained on the Court's internet website at
www.nysb.uscourts.gov and on the independent website maintained by the Debtors,
http://www.kccllc.net/rescap.  A login and password to the Court's Public Access to Electronic Court
Records ("PACER") are required to access www.nysb.uscourts.gov and can be obtained through the
PACER Service Center at www.pacer.psc.uscourts.gov.

UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF NEW YORK;
(at Manhattan)
[18 USC §§ 245(b)(2)(B), 664, 666, 1962][29 USC §§ 1131, 1132(h), 1140]
[26 USC §§ 101(f)(3)(A), 267(b)(1)][42 U.S.C. §§ 1441, 3535(d), 4651(3), 7573)]
[Rule 36(a)]

| | |
|---|---|
| In Re: Residential Capital, LLC., et al., And, ) | Case No. <u>12-bk-12020 (MG)</u> |
| In Re: GMAC, Mortgage Co., et al, ) | Chapter___ (Ch.11, Joint Admin. ) |
| Debtors ) | (Related BR Case No.07-bk-57237, S.D., OHIO) |
| ) | (Related BR Case No. 12-bk-12032, S.D., N.Y.) |
| ) | JUDGE: GLENN, MARTIN |
| UNITED STATES of America, Ex Rel., ) | |
| Yvonne D. Lewis, et al., ) | Adversary Case No.: <u>12-01731</u> |
| Plaintiffs/ Surplus Creditors ) | (Related Case No. 12-bk-12020 (MG); |
| Vs. ) | 05-CV-7346 (03-CV-7478); 03-CV-10836; |
| ) | 05-CV-4555; 03-CV-6954);(04-AP-469, 11-AP- |
| GMAC, Mortgage Co., et al, ) | 875, 10-AP-110, COA10th Dist., OHIO |
| Defendants/ Bankrupt Debtor, ) | (Related Case No.96-cv-494, USDC, S.D.,OH.) |

<u>JUDICIAL NOTICE OF CONTUATION OF RICO ASSOCIATIONS; GROUNDED ON
GMAC'S MISCONDUCT BY MAY 31, 2012 ASSIGMENT TO FNMA WITH JUDGMENT
LIEN OF HNB FROM INCURABLE LIVING TRUST AFTER FTC AND DISTRICT
COURT'S CONSENT JUDGMENTS ISSUED ON APR. 14, 1997 AND APR. 4, 2012;</u>

UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF OHIO;
(at Columbus)

[18 USC §§ 245(b)(2)(B), 664, 666, 1962][29 USC §§ 1131, 1132(h), 1140]
[26 USC §§ 101(f)(3)(A), 267(b)(1)][42 U.S.C. §§ 1441, 3535(d), 4651(3), 7573)]

| | |
|---|---|
| In Re: SIDNEY T. LEWIS, pro se, ) | Case No. 2:07-bk-57237 |
| ) | (Ch.7 ) |
| Debtor ) | (Related Bankr Case No. 2:05-bk-75111) |
| ) | |
| Social Security No.: xxx-xx-5959 ) | JUDGE: HOFFMAN, JOHN, Jr. |
| | |
| In Re: Yvonne D. Lewis, ) | Case No. 2:05-bk-75111 |
| ) | (Ch.7 ) |
| Debtor ) | (Related Case No. 2:07-bk-57237) |
| ) | |
| Social Security No.: xxx-xx-2390 ) | JUDGE: HOFFMAN, JOHN, Jr. |

1 of 10 pages

RECEIVED
NOV 20 2012
U.S. BANKRUPTCY COURT
SO DISTRICT NEW YORK

IN THE UNITED STATES DISTRICT COURT, S. D. OF OHIO
EASTERN DIVISION (at Columbus)

[18 USC §§ 245(b)(2)(B), 664, 666, 1962][29 USC §§ 1131, 1132(h), 1140]
[26 USC §§ 101(f)(3)(A), 267(b)(1)][42 U.S.C. §§ 1441, 3535(d), 4651(3), 7573)]

| | |
|---|---|
| UNITED STATES of America, Ex Rel., )<br>Sidney T. Lewis, et al., )<br>    Plaintiffs )<br>Vs. )<br>)<br>)<br>)<br>Larry McClatchey, et al., )<br>Of the Kegler, Brown, Hill & Ritter lawfirm<br>    Defendants | Action No. <u>2:08-cv-1042</u><br>(Related Dist. Ct. Cases 2:08-cv-16; 2:96-cv-494;<br>  2:09-cv-179, 2:08-cv-75; 09-cv-936; 09-cv-944;<br>  05-cv-1082; 08-cv-1040 and 08-cv-1042);<br>  JUDGE: HOLSCHUH<br>Magistrate Judge: KING |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
(at Manhattan)

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel, )<br>EDWARD O'DONNELL, et al., )<br>appearing QUI TAM, )<br>    Plaintiff /Relator, )<br>Vs. )<br>)<br>)<br>BANK OF AMERICA CORP.., et al, )<br>    Defendants. ) | Case No.: <u>12-cv-1422</u><br>(Related Case No.96-cv-494, USDC, S.D.,OH;<br>05-CV-7346 (03-CV-7478); 03-CV-10836;<br>  05-CV-4555; 03-CV-6954);(04-AP-469, 11-AP-<br>875, 10-AP-110, COA10th Dist., OHIO<br>(Related Case No. 08-cv-75, USDC, S.D.,OH.) |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

[18 USC §§ 245(b)(2)(B), 664, 666, 1962][29 USC §§ 1131, 1132(h), 1140]
[26 USC §§ 101(f)(3)(A), 267(b)(1), 7702, 1001][42 U.S.C. §§ 1441, 3535(d), 4651(3), 7573)]

| | |
|---|---|
| FRIENDS OF THE EARTH, et al., )<br>    Plaintiff, )<br>)<br>Vs. )<br>)<br>UNITED STATES E.P.A. and )<br>LISA JACKSON, Administrator, )<br>    Defendants. ) | Case: 1:12-cv-00363<br>(Related Dist. Ct. Case 1:12-cv-00361);<br><br>Assigned To: Jackson, Amy Berman, Judge |

2 of 10 pages

_____ )

## IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF IOWA CENTRAL DIVISION

[18 USC §§ 245(b)(2)(B), 664, 666, 1962][29 USC §§ 1131, 1132(h), 1140]
[26 USC §§ 101(f)(3)(A), 267(b)(1)][42 U.S.C. §§ 1441, 3535(d), 4651(3), 7573)]

SECURITIES AND EXCHANGE COMMISSION )
Plaintiff,                                               )
                                                        )
                                                        )
vs.                                                     )         Case No. 4:10-cv-87
                                                        )
                                                        )
AMERICAN EQUITY INVESTMENT LIFE         )
HOLDING COMPANY;                                        )
DAVID J. NOBLE; and                                     )
WENDY C. WAUGAMAN,                                      )
Defendants.                                             )

## UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY; LOUISVILLE DIVISION

[18 USC §§ 245(b)(2)(B), 664, 666, 1962][29 USC §§ 1131, 1132(h), 1140]
[26 USC §§ 101(f)(3)(A), 267(b)(1)][42 U.S.C. §§ 1441, 3535(d), 4651(3), 7573)]

BEVERLY S. MALONE, Living Trust Beneficiary, )
          Plaintiff,                                     )      Case No. 3:01-CV-259(H)
                                                        ) (Related Dist. Ct. Case 3: 05-CV-122(H));
vs.                                                     )
                                                        )      JUDGE: JOHN HEYBURN
                                                        )
AMERICAN EQUITY INVESTMENT LIFE         )
HOLDING COMPANY ("AEL") et al., and          )
ADDISON INSURANCE MARKETING (AIM)       )
          Defendants.                                    )

## UNITED STATES SUPREME COURT

Charles STRUBE, et al., Living Trust Matters,  ) 11th Cir. No. 06–35, Certiorari denied.
Beverly  MALONE, Living Trust Matters,         ) No. 05-13014 / No. 05-11461
          Appellant,                                    ) Removed USDC, M.D., FL, case # 01-cv-1236
                                                        )    [26 USC §§ 401(a), 4975(e)]
vs.                                                     )
                                                        )    Reported below: 158 Fed. Appx. 198.

AMERICAN EQUITY ("AEL"), et al.,    )
  Appellee.         )

## UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT; AT FL.

[18 USC §§ 245(b)(2)(B), 664, 666, 1962][29 USC §§ 1131, 1132(h), 1140]
[26 USC §§ 101(f)(3)(A), 267(b)(1)][42 U.S.C. §§ 1441, 3535(d), 4651(3), 7573)]

| | |
|---|---|
| Charles STRUBE, et al., Living Trust Matters, ) | **No. 05-11461 Non-Argument Calendar;** |
| Beverly MALONE, Living Trust Beneficiary, ) | **No. 05-13014 Non-Argument Calendar** |
| Plaintiffs/Appellants,    ) | Removed from case nos. 6:01-cv-1236 and |
|         ) | 3:01-CV-259(H); [26 USC §§ 401(a), 4975(e)] |
| vs.       ) | 3: 05-CV-122 |
|         ) |  Before ANDERSON, BLACK and PRYOR, |
| AMERICAN EQUITY ("AEL"), et al., ) | Circuit Judges. |
| Defendants/Appellees. | |

## UNITED STATES DISTRICT COURT FOR THE
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| WHITE, et al | : | Case No. 05-cv-1070 DOC (MLGx) |
| vs. | : | Judge: <u>David Carter</u> |
| EXPERIAN INFORMATION | | |
| SOLUTIONS, INC., et al. | : | <u>$45 MILLION DOLLAR SETTLEMENT</u> |
| (Related C.A. Dist. Ct. Case Nos: | : | <u>OF NATIONAL CLASS ACTION</u> |
| Case #05-cv-1073, DOC (MLGx) | | |
| Case #05-cv-7821, DOC (MLGx) | : | |
| Case #06-cv-0392, DOC (MLGx) | | |
| Case #06-cv-5060, DOC (MLGx) | : | |

<u>JUDICIAL NOTICE OF CONTUATION OF RICO ASSOCIATIONS; GROUNDED ON
GMAC'S MISCONDUCT BY MAY 31, 2012 ASSIGMENT TO FNMA WITH JUDGMENT
LIEN OF HNB FROM INCURABLE LIVING TRUST AFTER FTC AND DISTRICT
COURT'S CONSENT JUDGMENTS ISSUED ON APR. 14, 1997 AND APR. 4, 2012.</u>

## IN THE MUNICIPAL COURT OF FRANKLIN COUNTY; OHIO
## ENVIRONMENTAL DIVISION

COLUMBUS, CITY OF

OFFICE OF CITY ATTORNEY                    :        Civil Action No.: <u>2007 EVH- 60047</u>
    (Plaintiff/ Counter-Defendants)
Vs.                                        :

                                 MUNI JUDGE: <u>HARLAND HALE</u>
HARRIETT MANN, et al.                      :        CPC JUDGE: <u>ANNE TAYLOR</u>
    (Defendants/ Counter-Plaintiffs)


## UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO EASTERN DIVISION

COLUMBUS, CITY OF                          :        Civil Action No.: <u>2:08-CV-172</u>
    (Plaintiff/ Counter-Defendants)         : (Removed Case No.: 2007 EVH- 60047)
                                           : (Related Nos. <u>2:07-CV-287 & 05-CV-844</u>)
VS.                                        :

                                           : JUDGE: <u>GRAHAM</u>
HARRIETT MANN, et al.                      :        Magistrate Judge: <u>Kemp</u>
    (Defendants/ Counter-Plaintiffs)        :


Now comes Creditors, Sidney T. Lewis and Yvonne D. Lewis, under Fed. Evid. R. 201(c), (d)

&(e), 18 USC §§ 2, 664, 1001, and 28 USC § 1406(a) in all of the abovementioned United States

District and Bankruptcy Courts, in all of the abovementioned State Civil and Criminal Courts,

for cases related to Mortgage and Judgment Liens in favor of Huntington National Bank (*as*

*Mortgagee/Assignor and Judgment Lienholder*) and GMAC Mortgage Company LLC (*as*

*Mortgagee/Assignee and as Mortgagee/Servicer/Assignor*) and Ally Financial Inc., "AFI" (*as*

*Assignee/Subservicer*) and herein give Judicial Notice of the related State and Federal "RICO"

actions under **18 USC § 1962** in Columbus, Ohio, companion Federal case no. 2:96-cv-494, No.

2:08-cv-75, No. 08-CV-172; No. 2:08-cv-1040; No. 2:08-cv-1042; No. 2:08-cv-736; No. 2:09-

cv-936; No. 2:09-cv-944 and No. 2:09-cv-179, UNITED STATES DISTRICT COURT FOR

THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION, (See: **EXHIBIT A**, Doc. 95,

in case no. 2:96-cv-494 filed **JUNE 9, 1998**); and companion State case nos. 04-AP-469; 04-AP-

1135; No. 96APA03-326[1], No. 96APA03-327, No. 96APA03-328; 12-ap-506, COURT OF

APPEALS OF OHIO, TENTH APPELLATE DISTRICT, FRANKLIN COUNTY in relation to

SEC Form N-4/A filings by American Equity Life Annuity Account (AEL's) [FILE NO. 333-

46593 and FILE NO. 811-08663] REGISTRATION STATEMENT UNDER THE SECURITIES

ACT OF 1933 and REGISTRATION STATEMENT UNDER THE INVESTMENT COMPANY

ACT OF 1940 filed **JUNE 9, 1998** for AEL's FLEXIBLE PREMIUM DEFERRED VARIABLE

ANNUITY CONTRACTS pursuant to 26 USC §§ 101(f)(3)(A), 267(b)(1), 7702.


(SEE AND COMPARE: **<u>EXHIBIT B</u>,** SEC Form N-4/A, at Schedule A, at page 000, filings by
American Equity filed **JUNE 9, 1998, "SEPARATE ACCOUNTS"**; COMPARE TO:
**<u>EXHIBIT C</u>,** SEC Form 10k/A, at part II, Item 9A, Controls and Procedures, at Page 44 of 48,
as filings by American Equity for the fiscal year ended December 31, 2004 filed **MARCH 28,
2005,** "The Company's management assessed the effectiveness of the Company's internal control
over financial reporting as of December 31, 2004 \*\*\*. Management determined a **LACK OF
FORMAL DOCUMENTATION EXISTS SURROUNDING THE COMPANY'S REVIEW
OF ITS DEFERRED POLICY ACQUISITION COSTS AND DEFERRED SALES
INDUCEMENTS,** its unlocking analysis and the related assumptions and estimates used in
connection with these items. In addition management concluded that the review of inputs into the
models for **ESTIMATING DEFERRED POLICY ACQUISITION COSTS AND
DEFERRED SALES INDUCEMENTS WAS INADEQUATE.** As a result, management has
concluded that a material weakness exists and thus is not be able to conclude that its internal
control over financial reporting was effective as of the end of the period covered by the
Company's Annual Report on Form 10-K.\*\*\*")


This Judicial Notice is supported by 1998 and 2012 final federal consent judgments, or

otherwise, the entire judicial records in the aforementioned OHIO Federal RICO case no. 2:96-

---

[1] <u>See</u>: State of Ohio, Plaintiff-Appellee, v. Dwight I. **Hurd**, Defendant-Appellant. State of Ohio,
Plaintiff-Appellee, v. Robert D. Hodge, Defendant-Appellant. State of Ohio, Plaintiff-Appellee,
(Cross-Appellant), v. Beth A. Eyerman, Defendant-Appellant, 1999 Ohio App. LEXIS 2047, pg
1, (Ohio Ct. App., Franklin County May 4, 1999, reversing criminal convictions), ("The
indictment alleged a scheme to defraud investors through the intrastate sale of millions of shares
of low-priced, highly speculative stocks, generally selling at less than $ 5 a share ("penny
stocks").").

cv-494 at Docs 70 and 95; and District of Columbia Federal RICO case no. 1:12-cv-00361 at

Docs. 11 and 13 as incorporated herein by reference, and "in the interest of justice", including,

but not limited to the State Criminal "RICO" actions No. 96APA03-326 (See: State of Ohio v.

Dwight I. Hurd, 1999 Ohio App. LEXIS 2047), as related to the unlawful conversion/transfer of

AEL's **"DEFERRED POLICIES"** as registered securities UNDER THE SECURITIES ACT

OF 1933 and THE INVESTMENT COMPANY ACT OF 1940, registered with the United States

S.E.C. (See **EXHIBIT B&C**), subject to the joint administration in BR case nos. 12-bk-12020,

and 12-bk-12032,USBC, SD, New York and fraudulent administration in BR case nos. 05-bk-

75111 and 07-bk-57237, USBC, SD, Ohio by RICO Defendant (id. 96-cv-494, Doc. 95) Emens,

Hurd, Kegler & Ritter lawfirm a/k/a Kegler, Brown, Hill & Ritter Co., L.P.A. lawfirm to render

legal services for the Trustee (Larry McClatchey) within the bankruptcy estate. (id. 07-bk-57237,

Doc. 25)

Further, This Notice is supported by attached Exhibits and Exhibits of record in the instant

cases and by the Exhibits and Verifications by Creditors/Relators, Sidney T. Lewis and Yvonne

D. Webb-Lewis attached to their objection to the Amended Notice of Successful Bidders at the

Auctions … [S.I.C.]… assets to Berkshire Hathaway Inc., Doc. 2050, filed 11/03/12 in the U.S.

Bankruptcy Court For the Southern District of New York, at Manhattan, in Case No. 12-bk-

12020.

This Notice is supported by attached Exhibits and Exhibits of record in the instant cases.

(see: Attached Exhibits A,B,&C).

28 USC 1406(a) reads in pertinent parts:

> **"(a)** The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be *in the interest of justice*, transfer such case to any district or division in which it could have been brought."

(See: 28 USC 1406(a))

Respectfully Submitted,

Dated: *Nov. 16,* 2012  Sidney T. Lewis, pro se        Dated: *Nov. 16,* 2012  Yvonne D. Lewis, pro se

1875 Alvason Avenue
Columbus, Ohio 43219
(614) 940-3306

1875 Alvason Avenue
Columbus, Ohio 43219
(614) 940-3306

Memorandum In Support

> "Under Ohio law, a *mortgagor in possession* of real property is the owner of the legal and equitable interests in the property. In re Rosario, 402 B.R. 223, 229 (Bankr. N.D. Ohio 2009) (citations omitted)."

**(See: In re Jaber, 406 B.R. 756, 761 (Bankr. N.D. Ohio 2009)**

It follows that on **May 31, 2012 (EXHIBIT D)** Creditor Yvonne D. Lewis was the *mortgagor in possession* under a HUD/FHA Mortgage on the real property at 1875 Alvason Avenue. As the owner of said legal and equitable interests in the property Lewis would have been entitled to a legal "right of redemption" before consummation of the Sheriffs Sale on **JUNE 4, 2012** long after

8 of 10 pages

Defendant GMAC's fraudulent assignment of Bid to FNMA without a "face to face" mandated by HUD guidelines, then Defendant GMAC's fraudulent auction to successful bidder, Berkshire Hathaway Inc absent consent of purchaser FNMA, nor waiver of the *"right of redemption"* by Creditor Yvonne D. Lewis.

> "...debtor may avoid the fixing of a judicial lien that impairs an exemption to which the debtor would have been entitled but for the lien. 11 U.S.C. § 522(f)(1)(A)."

**(See: In re Jaber, 406 B.R. 756, 762 (Bankr. N.D. Ohio 2009)**

It follows that on or before June 6, 2008 **(EXHIBIT E)** Discharged Debtor Yvonne D. Lewis would have been entitled to a Homestead exemption on the real property at 1875 Alvason Avenue under Ohio Revised Code § 2329.66. See 11 U.S.C. § 522(b)(3)(A), except that Huntington National Bank's false judicial lien related to the fraudulent Vacy O. Webb Living Trusts marketed by American Equity under the RICO Class (id. Doc 70) that impaired a $5,000.00 exemption to which the debtor would have been entitled but for the HNB Certificate of Judgment Lien attached to the Proof of Claim filed in the above-entitled Bankruptcy action.

(See attached: **EXHIBIT E**, id. 07-bk-57237, Claim 2-1)

Respectfully submitted,

Dated: Nov. 16, 2012. _Sid Lewis_       Dated: Nov. 16, 2012. _Yvonne D. Lewis_
                Sidney T. Lewis, pro se        Yvonne D. Lewis, pro se
                1875 Alvason Avenue            1875 Alvason Avenue
                Columbus, Ohio 43219           Columbus, Ohio 43219
                (614) 940-3306                 (614) 940-3306

## VERIFICATION

State of Ohio          )
                       ) SS:
Franklin County        )

I, Yvonne D. Lewis, declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge as based on my understandings and belief.
FURTHER SAYETH THE AFFIANT NAUGHT.

Executed on Nov. 16, 2012 pursuant to 28 U.S.C.§§ 452, 1746, 1715; Ohio Const., Art. I, §16; U.S. Const., Amend., § 14th.

*Yvonne D. Lewis*
YVONNE D. LEWIS, *Affiant, In Personam*

## VERIFICATION

State of Ohio          )
                       ) SS:
Franklin County        )

I, Sidney T. Lewis, declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge as based on my understandings and belief.
FURTHER SAYETH THE AFFIANT NAUGHT.

Executed on Nov. 16, 2012 pursuant to 28 U.S.C.§§ 452, 1746, 1715; Ohio Const., Art. I, §16; U.S. Const., Amend., § 14th.

*Sidney Lewis*
SIDNEY T. LEWIS, *Affiant, In Personam*

CLOSED

# U.S. District Court
## Southern District of Ohio (Columbus)
### CIVIL DOCKET FOR CASE #: 2:96-cv-00494-JPK-MRA

Bryk, et al v. Hurd, et al
Assigned to: Joseph P. Kinneary
Referred to: Magistrate Judge Mark R. Abel
Demand: $0
Case in other court: Eastern Division, 1:95-cv-01096
Cause: 18:1962 Racketeering (RICO) Act

Date Filed: 05/17/1996
Date Terminated: 09/28/2000
Jury Demand: Plaintiff
Nature of Suit: 470 Racketeer/Corrupt Organization
Jurisdiction: Federal Question

**Plaintiff**

**John P Bryk**                     represented by **William Henry Blessing**
                                    119 East Court Street, Ste 500
                                    Cincinnati, OH 45202
                                    513-621-9191
                                    Fax: 513-621-7086
                                    Email: billblessing@cinci.rr.com
                                    *LEAD ATTORNEY*
                                    *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Gregory J Burkhart**              represented by **William Henry Blessing**
                                    (See above for address)
                                    *LEAD ATTORNEY*
                                    *ATTORNEY TO BE NOTICED*

**Plaintiff**

**William A Burkhart**              represented by **William Henry Blessing**
                                    (See above for address)
                                    *LEAD ATTORNEY*
                                    *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Dwight I Hurd**                   represented by **Stephen Joseph Butler**
*TERMINATED: 05/11/1999*            Thompson Hine LLP - 1
                                    312 Walnut Street
                                    14th Floor
                                    Cincinnati, OH 45202-4029
                                    513-352-6700
                                    Email: steve.butler@thompsonhine.com

                                    *TERMINATED: 12/24/1996*
                                    *LEAD ATTORNEY*

EXHIBIT A-001

*ATTORNEY TO BE NOTICED*

**William Chester Wilkinson**
Attorney at Law
341 S. Third Street
Suite 101
Columbus, OH 43215
614-224-6527
Fax: 614-224-6529
Email: wilkinwc@hotmail.com
*TERMINATED: 05/11/1999*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**David M Carmichael**

**Defendant**

**Robert D Hodge**                      represented by   **Anil V Anthony**
                                                         655 Metro Place South
                                                         Suite 230
                                                         Dublin, OH 43017
                                                         614-760-5500
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **William Lawrence Summers**
                                                         SUSPENDED - SEE 1:12-MC-033
                                                         Summers Vargas & Resnick - 2
                                                         23240 Chagrin Boulevard
                                                         Suite 525
                                                         Cleveland, OH 44122
                                                         216-591-0727
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**Beth A Eyerman**                      represented by   **Mary Jane McFadden**
                                                         McFadden, Winner, Savage &
                                                         Segerman, LLP
                                                         175 South Third Street
                                                         Suite 350
                                                         Columbus, OH 43215-5188
                                                         614-221-8868
                                                         Fax: (614) 221-3985
                                                         Email: m_mcfadden@earthlink.net
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**Defendant**

EX, A-002

**Anthony Kohl**

**Defendant**

**Emens Kegler Brown Hill & Ritter**          represented by    **John Wolcott Zeiger**
**Company LPA**                                                Zeiger Tiges Little & Lindsmith LLP
*TERMINATED: 06/09/1998*                                      3500 Huntington Center
                                                              41 S High Street
                                                              Columbus, OH 43215
                                                              614-365-9900
                                                              Fax: 614-365-7900
                                                              Email: zeiger@litohio.com
                                                              *TERMINATED: 06/09/1998*
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

**Defendant**

**Carlile Patchen & Murphy**                  represented by    **Stephen Joseph Butler**
*Attorneys at Law*                                            (See above for address)
*TERMINATED: 05/11/1999*                                      *TERMINATED: 12/24/1996*
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

                                                              **William Chester Wilkinson**
                                                              (See above for address)
                                                              *TERMINATED: 05/11/1999*
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/12/1995 | 1 | COMPLAINT (Summonses issued) ( no. pgs: 17) (dm) (Entered: 12/13/1995) |
| 12/14/1995 | 2 | ORDER OF PROCEDURE by Judge Herman J. Weber ; Parties have to 2/20/96 to respond. (cc: all counsel) ( no pgs: 3/consent form, ltr & mag bk) (do) (Entered: 12/14/1995) |
| 02/12/1996 | 3 | MOTION by defendant Emens Kegler Brown to vacate Order of Procedure of 12/14/95 ( no pgs: 5+Proposed order) (dm) (Entered: 02/13/1996) |
| 02/12/1996 | 4 | MOTION by defendant Emens Kegler Brown to dismiss ( no pgs: 13) (dm) (Entered: 02/13/1996) |
| 02/12/1996 | 5 | STIPULATION by Pltfs and Defts Hurd and Carlile, Patchen & Murphy may have to 3/4/96 to respond re complaint [1-1] ( no pgs: 2) (dm) (Entered: 02/13/1996) |
| 02/15/1996 | | NOTATION ORDER by Judge Herman J. Weber granting stipulation [5-1]; Defts to respond to complaint 3/4/96 (cc: all counsel) (dm) (Entered: 02/15/1996) |
| 02/28/1996 | 6 | RESPONSE by plaintiffs to [2-1] order of procedure ( no pgs: 4) (vp) |

EX. A-003

| | | (Entered: 02/29/1996) |
|---|---|---|
| 03/04/1996 | 7 | NOTICE of adopting Motion to Dismiss filed on behalf of Emens Kegler Brown Hill & Ritter by defendant Robert D Hodge ( no pgs: 2) (dm) (Entered: 03/04/1996) |
| 03/04/1996 | 8 | MOTION by defendant Dwight I Hurd, defendant Carlile Patchen & to dismiss complaint ( no pgs: 3) (dm) (Entered: 03/05/1996) |
| 03/04/1996 | 9 | MOTION by defendant Dwight I Hurd, defendant Carlile Patchen & to vacate Order of procedure ( no pgs: 3) (dm) (Entered: 03/05/1996) |
| 03/04/1996 | 10 | STIPULATION by Pltf and Deft Robert D Hodge that deft may have to 3/4/96 to respond re complaint [1-1] ( no pgs: 2) (dm) (Entered: 03/05/1996) |
| 03/05/1996 | | NOTATION ORDER by Judge Herman J. Weber granting stipulation [10-1] (cc: all counsel) (dm) (Entered: 03/05/1996) |
| 03/13/1996 | 11 | MOTION by defendant Beth A Eyerman to dismiss ( no pgs: 4) (dm) (Entered: 03/13/1996) |
| 03/19/1996 | 12 | Stipulation and ORDER by Judge Herman J. Weber and parties; Pltfs may have to 3/21/96 to respond to Docs 4,7,8 (cc: all counsel) ( no pgs: 2) (dm) (Entered: 03/19/1996) |
| 03/21/1996 | 13 | RICO Case Statement by plaintiff ( no pgs: 17+) (vp) (Entered: 03/22/1996) |
| 03/21/1996 | 14 | MEMORANDUM by plaintiffs in opposition to [8-1] [3-1] defts motions to dismiss ( no pgs: 8) (vp) (Entered: 03/22/1996) |
| 04/01/1996 | 15 | REPLY by defendant Dwight I Hurd, defendant Carlile Patchen & to response to motion to dismiss complaint [8-1] ( no pgs: 5) (dm) (Entered: 04/02/1996) |
| 04/03/1996 | 16 | REPLY by defendant Emens Kegler Brown to response to motion to dismiss [4-1] ( no pgs: 9) (dm) (Entered: 04/03/1996) |
| 05/01/1996 | 17 | ORDER by Judge Herman J. Weber granting motion to vacate Order of procedure [9-1], granting motion to vacate Order of Procedure of 12/14/95 [3-1] vacating [2-1] procedure order (cc: all counsel) ( no pgs: 1) (dm) (Entered: 05/01/1996) |
| 05/09/1996 | 18 | MOTION by defendant Dwight I Hurd, defendant Carlile Patchen & to dismiss ( no pgs: 2) (dm) (Entered: 05/09/1996) |
| 05/13/1996 | 19 | ORDER by Judge Herman J. Weber denying motion to dismiss [11-1], denying motion to dismiss complaint [8-1], denying motion to dismiss [4-1] transferring case to the SDO Eastern division Division (cc: all counsel) ( no pgs: 4) (dm) (Entered: 05/13/1996) |
| 05/14/1996 | 20 | MOTION by plaintiff for class certification ( no pgs: 13) (vp) (Entered: 05/14/1996) |
| 05/17/1996 | 21 | Original file, certified copy of transfer order docket sheet received from SDO-Cincinnati [ C1-95-1096]; to Chief Judge John D. Holschuh (referred to Mag. Judge Mark R. Abel ) (pl) (Entered: 05/20/1996) |

EX. A-004

| 05/30/1996 | 22 | NOTICE by defendant Emens Kegler Brown of pending motions to dismiss ( no pgs: 3) (pl) (Entered: 06/03/1996) |
| 06/07/1996 | 23 | Stipulation and ORDER by Mag. Judge Mark R. Abel: dfts have until 6/28/96 to respond to pltfs;' motion for class certification and pltfs have until 7/17/96 to file reply brief (cc: all counsel) ( no pgs: 2) (gk) (Entered: 06/10/1996) |
| 06/25/1996 | 24 | NOTICE setting this action for Preliminary PTC 10:00 8/15/96 no pgs: 2 (cc: all counsel) (gk) (Entered: 06/25/1996) |
| 06/28/1996 | 25 | ORDER by Mag. Judge Mark R. Abel telephone disc conf held 6/27/96; defts to serve disc upon pltf by 7/3/96; resp due 8/5/96; deft resp to motion to certify due 9/30/96; Prelim pretrial conf reset 11:30 8/8/96 (cc: all counsel) ( no pgs: 2) (pl) (Entered: 06/29/1996) |
| 06/28/1996 | 26 | NOTICE by defendant Emens Kegler Brown of taking deposition of John P. Bryk on 8/26/96 at 9:30 a.m. ( no pgs: 2) (pl) (Entered: 07/01/1996) |
| 06/28/1996 | 27 | NOTICE by defendant Emens Kegler Brown of taking deposition of Gregory J. Burkhart on 8/28/96 at 9:30 ( no pgs: 2) (pl) (Entered: 07/01/1996) |
| 06/28/1996 | 28 | NOTICE by defendant Emens Kegler Brown of taking deposition of William A. Burkhart on 8/29/96 at 9:30 ( no pgs: 2) (pl) (Entered: 07/01/1996) |
| 07/09/1996 | 29 | ORDER by Chief Judge John D. Holschuh recusing himself and directing the Clerk to randomly draw the Judge to whom this case should be transferred (cc: all counsel) ( no pgs: 1) (pl) (Entered: 07/10/1996) |
| 08/05/1996 | | Mail Returned [24-1] addressed to Anthony Kohl (pl) (Entered: 08/06/1996) |
| 08/09/1996 | 30 | ORDER by Mag. Judge Mark R. Abel ; Prelim pretrial conf held 8/8/96 ; oppos to motion for class certification due 9/30/96; reply due 10/23/96; Status conference set 11:00 10/30/96 ; Pltf to quarterly report fees to deft; Status report ddl set 9/16/96 ; Discovery ddl set 6/30/97 ; Mtn filing ddl set 8/15/97 (cc: all counsel) ( no pgs: 2) (pl) (Entered: 08/12/1996) |
| 09/17/1996 | 31 | AGREED SCHEDULING ORDER by Mag. Judge Mark R. Abel, -Status conference w/MagJ Abel set for 10:00 1/14/97 -Discovery ddl reset to 9/1/97 -Mtn filing ddl reset to 10/15/97 -brief stay of proceedings to permit completion of discovery in related case -if case unresolved depo of John P Bryk 10/23/96 @ 8:00 am -depo of William Burkhart & Gregory Burkhart 10/28/96 @ 9:00 am -pltfs expert Rule 26 disclosures by 4/1/97, defts by 5/15/97 (cc: all counsel) (no pgs: 4) (seal) (Entered: 09/18/1996) |
| 11/20/1996 | 32 | NOTICE of Settlement conference by phone w/MagJ Abel set for 3:00 12/4/96 (cc: all counsel) (wh) (Entered: 11/21/1996) |
| 12/02/1996 | 33 | MOTION by defendant Carlile Patchen & to extend time for m/c class cert (no pgs: 3) (wh) (Entered: 12/03/1996) |
| 12/02/1996 | 34 | AGREED ORDER by Mag. Judge Mark R. Abel -m/c class cert by Emens firm due 1/6/97 (cc: all counsel) (no pgs: 2) (wh) (Entered: 12/03/1996) |
| 12/04/1996 | 35 | CORRECTION by defendant Carlile Patchen to motion to extend time for m/c class cert [33-1] (no pgs: 2) (wh) (Entered: 12/05/1996) |

Ex. A-005

| 12/06/1996 | 36 | ORDER by Mag. Judge Mark R. Abel -Settlement conference held 3:00 12/4/96 -m/c class cert due 1/16/97 (cc: all counsel) (no pgs: 1) (wh) (Entered: 12/09/1996) |
| 12/06/1996 | 37 | ORDER by Mag. Judge Mark R. Abel granting motion to extend time for m/c class cert [33-1], -ext to 1/16/97 (cc: all counsel) (no pgs: 1) (wh) (Entered: 12/10/1996) |
| 12/17/1996 | 38 | ORDER by Judge Joseph P. Kinneary Sr. denying motion to dismiss [18-1] (cc: all counsel) (no pgs: 4) (wh) (Entered: 12/17/1996) |
| 12/19/1996 | 39 | AGREED ORDER by Mag. Judge Mark R. Abel -Emens firm ans due 1/16/97 (cc: all counsel) (no pgs: 2) (wh) (Entered: 12/20/1996) |
| 12/24/1996 | 40 | ATTORNEY SUBSTITUTION: terminating attorney Stephen Joseph Butler for Carlile Patchen &, attorney Stephen Joseph Butler for Dwight I Hurd and substituting attorney William Chester Wilkinson (no pgs: 2) (wh) (Entered: 12/27/1996) |
| 01/16/1997 | 41 | ANSWER by defendant Dwight I Hurd, defendant Carlile Patchen (no pgs: 8) (wh) (Entered: 01/17/1997) |
| 01/16/1997 | 42 | ANSWER by defendant Emens Kegler Brown (no pgs: 10) (wh) (Entered: 01/17/1997) |
| 01/16/1997 | 43 | MOTION by defendant Emens Kegler Brown for summary judgment (no pgs: 51) (wh) (Entered: 01/17/1997) |
| 01/16/1997 | 44 | MEMO IN OPPO by defendant Emens Kegler Brown to motion for class certification [20-1] (no pgs: 46) (wh) (Entered: 01/17/1997) |
| 01/16/1997 | 45 | BRIEF IN OPPO by defendant Dwight I Hurd, defendant Carlile Patchen & to motion for class certification [20-1](no pgs: 21 + exhibits) (wh) (Entered: 01/17/1997) |
| 01/16/1997 | 46 | APPENDIX OF EXHIBITS by defendant Emens Kegler Brown re motion response [44-1], re motion for summary judgment [43-1] (wh) (Entered: 01/17/1997) |
| 01/16/1997 | 47 | NOTICE by defendant Emens Kegler Brown of filing depos of John P Bryk, William A Burkhart & Gregory J Burkhart (no pgs: 2) (wh) (Entered: 01/17/1997) |
| 01/16/1997 | | Deposition of Gregory J Burkhart (1 vol 10/28/96) (wh) (Entered: 01/17/1997) |
| 01/16/1997 | | Deposition of William J Burkhart (1 vol 10/28/96) (wh) (Entered: 01/17/1997) |
| 01/16/1997 | | Deposition of Dr John Paul Bryk, Jr (1 vol 10/23/96) (wh) (Entered: 01/17/1997) |
| 01/30/1997 | 48 | AGREED ORDER EXTENDING TIME by Mag. Judge Mark R. Abel, -ext of 10 days for rply to mtn to cert class & m/c MSJ (cc: all counsel) (no pgs: 2) (seal) (Entered: 02/03/1997) |
| 02/10/1997 | 49 | ORDER by Mag. Judge Mark R. Abel, -ext to 2/17/97 for reply to mtn for |

EX. A-606

| | | class cert & 3/3/97 for m/c MSJ (cc: all counsel) (no pgs: 1) (wh) (Entered: 02/12/1997) |
|---|---|---|
| 02/18/1997 | 50 | REPLY by plaintiff to response to motion for class certification [20-1] (wh) (Entered: 02/18/1997) |
| 03/03/1997 | 51 | MOTION by defendant Emens Kegler Brown for leave to file sur-reply in oppo to class cert (no pgs: 2 + sur-reply) (wh) Modified on 03/04/1997 (Entered: 03/04/1997) |
| 03/04/1997 | 52 | MEMO IN OPPO by plaintiff to motion for summary judgment [43-1] (no pgs: 26 + exhibits) (wh) (Entered: 03/04/1997) |
| 03/17/1997 | 53 | AGREED ORDER by Mag. Judge Mark R. Abel -ext to 4/16/97 for reply to m/c MSJ (cc: all counsel) (no pgs: 1) (wh) (Entered: 03/18/1997) |
| 04/16/1997 | 54 | REPLY by defendant Emens Kegler Brown to response to motion for summary judgment [43-1] (no pgs: 30 + exhibits) (wh) (Entered: 04/17/1997) |
| 04/17/1997 | 55 | AGREED AMENDMENT TO SCHEDULING ORDER by Mag. Judge Mark R. Abel -pltfs Rule 16 disclosures by 5/15/97 -defts 6wks thereafter (cc: all counsel) (no pgs: 1) (wh) (Entered: 04/18/1997) |
| 05/29/1997 | 56 | AMENDED SCHEDULING ORDER by Mag. Judge Mark R. Abel -conf w/counsel held 5/22/97 -pltfs expert Rule 26 disclosures by 6/30/97 -defts by 8/11/97 (cc: all counsel) (no pgs: 1) (wh) (Entered: 05/29/1997) |
| 06/17/1997 | 57 | NOTICE of Settlement conference set for 10:00 7/16/97 (cc: all counsel) (wh) (Entered: 06/18/1997) |
| 06/25/1997 | 58 | MOTION by defendants Carlile Patchen &, Hurd (Carlile Firm) for hearing on Bryk fitness to serve as class rep (no pgs: 6) (wh) (Entered: 06/27/1997) |
| 08/07/1997 | 59 | NOTICE of Settlement conference w/MagJ Abel set for 11:00 8/15/97 (cc: all counsel) (wh) (Entered: 08/07/1997) |
| 08/13/1997 | 60 | NOTICE of Settlement conference reset to 10:30 9/22/97 (cc: all counsel) (wh) (Entered: 08/13/1997) |
| 01/29/1998 | 61 | ORDER by Mag. Judge Mark R. Abel granting motion for leave to file sur-reply in oppo to class cert [51-1] (cc: all counsel) (no pgs: 1) (wh) (Entered: 01/29/1998) |
| 01/29/1998 | 62 | REPLY by Emens Kegler Brown to response to motion for class certification [20-1] (no pgs: 5) (wh) (Entered: 01/29/1998) |
| 02/05/1998 | 63 | MOTION by Carlile Patchen & to dismiss all claims brought under RICO statute (no pgs: 34) (wh) (Entered: 02/06/1998) |
| 02/06/1998 | 64 | MOTION by Carlile Patchen &, Dwight I Hurd for summary judgment on all common law clms brought by pltf (no pgs: 16 + exhibits) (wh) (Entered: 02/06/1998) |
| 02/11/1998 | 65 | MOTION by Carlile Patchen &, Dwight I Hurd for summary judgment on all clms of pltfs William & Greg Burkhart (no pgs: 14 + exhibits) (wh) (Entered: |

Ex. A-007

CM/ECF LIVE - U.S. District Court:OHSD         Page 8 of 14
12-12020-mg   Doc 2313   Filed 11/30/12   Entered 11/30/12 10:30:51   Main Document
Pg 27 of 71

| | | |
|---|---|---|
| | | 02/12/1998) |
| 03/02/1998 | 66 | ORDER by Mag. Judge Mark R. Abel -ext to 3/20/98 for m/c dft Carlile Patchen's MSJ, MSJ & MTD (cc: all counsel) (no pgs: 1) (wh) (Entered: 03/03/1998) |
| 03/18/1998 | 67 | STIPULATION of class action setttlement and JOINT MOTION for preliminary approval (no pgs: 3 + exhibits) (wh) (Entered: 03/19/1998) |
| 03/18/1998 | 68 | ORDER by Senior Judge Joseph P. Kinneary granting motion for preliminary approval [67-1] of notice for class action certification sett hrg & administration re stip between pltfs & dft Kegler, Brown, Hill & Ritter -In-court hearing set 10:30 6/8/98 (cc: all counsel) (no pgs: 17) (wh) (Entered: 03/19/1998) |
| 03/23/1998 | 69 | ORDER by Mag. Judge Mark R. Abel -ext to 4/20/98 for responses by pltfs to Carlile Patchen, etc MSJ's & MTD (cc: all counsel) (no pgs: 1) (wh) (Entered: 03/25/1998) |
| 03/26/1998 | 70 | OPINION AND ORDER: by Senior Judge Joseph P Kinneary -denying motion for hearing on Bryk fitness as class rep [58-1] -granting motion for class certification [20-1] as to those claims which do not arise from unique oral representations, for the following class: All persons who purchased securities from Dublin Securities Inc during the time period of 1988 through 1992, exccpting those purchasers presently within the class certified in Glatz v. Beaman, No. 92-CV-058 (Erie Co., Ohio Common Pleas). The Court finds pltfs W Burkhart & J Bryk are adequate class reps but G Burkhart may not serve as class rep (cc: all counsel) (no pgs: 39) (wh) (Entered: 03/27/1998) |
| 03/27/1998 | 71 | ORDER by Senior Judge Joseph P. Kinneary -amd to order w/respect to class action certification's notice sett hrg & admin (cc: all counsel) (no pgs: 1) (wh) (Entered: 03/31/1998) |
| 04/02/1998 | 72 | NOTICE of Final pretrial conf set for 10:30 10/2/98 (cc: all counsel) (wh) (Entered: 04/02/1998) |
| 04/02/1998 | 73 | NOTICE OF TRIAL: -Final PTO due: 9/29/98 -Jury Trial set for 9:00 11/2/98 (cc: all counsel) (no pgs: 1) (wh) (Entered: 04/02/1998) |
| 04/21/1998 | 75 | RESPONSE by plaintiff to motion for summary judgment on all common law clms brought by pltf [64-1] (no pgs: 7) (wh) (Entered: 04/23/1998) |
| 04/21/1998 | 76 | RESPONSE by William A Burkhart to motion for summary judgment on all clms of pltfs William Burkhart (no pgs: 5 + exhibits) (wh) (Entered: 04/23/1998) |
| 04/21/1998 | 77 | RESPONSE by plaintiff to motion to dismiss all claims brought under RICO statute [63-1] (no pgs: 13) (wh) (Entered: 04/23/1998) |
| 04/22/1998 | 74 | NOTICE of Status conference w/MagJ Abel set for 2:00 4/27/98 (cc: all counsel) (wh) (Entered: 04/22/1998) |
| 04/30/1998 | 78 | STATUS & SCHEDULING CONFERENCE ORDER by Mag. Judge Mark R. Abel -Status conference held 2:00 4/27/98 -joint written Status report ddl |

EX. A-008

| | | set for 8/28/98 -Notice to class to Court by 5/27/98 (cc: all counsel) (no pgs: 3) (wh) (Entered: 04/30/1998) |
|---|---|---|
| 05/04/1998 | 79 | NOTICE by Robert D Hodge of change of address for atty Anil V Anthony (no pgs: 2) (wh) (Entered: 05/04/1998) |
| 05/05/1998 | 80 | ORDER by Mag. Judge Mark R. Abel -ext to 5/30/98 for rply to MTD & MSJ's (cc: all counsel) (no pgs: 2) (wh) (Entered: 05/05/1998) |
| 05/06/1998 | 81 | NOTICE of Final pretrial conf VACATED 10:30 10/2/98 (cc: all counsel) (wh) (Entered: 05/06/1998) |
| 05/06/1998 | 82 | NOTICE OF Jury trial VACATED 9:00 11/2/98 (cc: all counsel) (wh) (Entered: 05/06/1998) |
| 05/06/1998 | 83 | REPLY by Carlile Patchen & to response to motion to dismiss all claims brought under RICO statute [63-1] (no pgs: 13) (wh) (Entered: 05/08/1998) |
| 05/08/1998 | 84 | REPLY by Carlile Patchen &, Dwight I Hurd to response to motion for summary judgment on all common law clms brought by pltf [64-1] (no pgs: 12) (wh) (Entered: 05/11/1998) |
| 05/12/1998 | 85 | REPLY by Carlile Patchen &, Dwight I Hurd to response to motion for summary judgment on all clms of pltfs William & Greg Burkhart [65-1] (no pgs: 7) (wh) (Entered: 05/18/1998) |
| 05/18/1998 | 86 | CERTIFICATION on issuance of notice of proposed settlement by plaintiff (no pgs: 3 + exhibits) (wh) (Entered: 05/19/1998) |
| 05/26/1998 | 87 | MEMORANDUM by plaintiff in support of settlement [68-2] (no pgs: 13) (wh) (Entered: 05/27/1998) |
| 05/26/1998 | 88 | MOTION by plaintiff for award of attorney fees, incentive awards & reimbursement of litigation expenses (no pgs: 19 + exhibits) (wh) (Entered: 06/08/1998) |
| 05/27/1998 | 89 | MOTION by Carlile Patchen & Murphy and D Hurd for fairness hearing (no pgs: 15) (wh) (Entered: 05/28/1998) |
| 06/02/1998 | 90 | MOTION by plaintiff for approval of misc class sett matters (no pgs: 6) (wh) (Entered: 06/03/1998) |
| 06/08/1998 | 91 | ORDER by Senior Judge Joseph P. Kinneary -3/26/98 order expressly amended to state that nothing therein shall be construed as to supersede, modify or impair the settlement class described in the 3/18/98 order (cc: all counsel) (no pgs: 2) (wh) (Entered: 06/08/1998) |
| 06/08/1998 | 92 | ORDER by Senior Judge Joseph P. Kinneary -approving class counsel's treatment of each different social security number designation as a separte class member (cc: all counsel) (no pgs: 2) (wh) (Entered: 06/08/1998) |
| 06/08/1998 | 93 | ORDER by Senior Judge Joseph P. Kinneary -approving mailing of notice of proposed settlement to certain class members (cc: all counsel) (no pgs: 2) (wh) (Entered: 06/08/1998) |
| | | |

Ex. A-009

CM/ECF LIVE - U.S. District Court:OHSD          Page 10 of 14
12-12020-mg   Doc 2313   Filed 11/20/12   Entered 11/30/12 10:30:51   Main Document
Pg 29 of 71

| 06/08/1998 | 94 | CIVIL MINUTES: Proceeding before Senior Judge Joseph P. Kinneary Fairness hearing held 6/8/98 -W Blessing, M Florez, J Sunderland, J Zeiger present -Court approves fairness of settlement between pltfs & Emens Kegler & grants pltfs request for incentive awards -J Koenig C/R -WJ Harrison D/C (wh) (Entered: 06/09/1998) |
| --- | --- | --- |
| 06/09/1998 | 95 | FINAL JUDGMENT by Senior Judge Joseph P. Kinneary approving class-wide settlement dismissing party Emens Kegler Brown w/prejudice and specified claims against Dwight I Hurd (cc: all counsel) (no pgs: 8) (wh) (Entered: 06/10/1998) |
| 06/15/1998 | 96 | ORDER by Senior Judge Joseph P. Kinneary granting motion for award of attorney fees, incentive awards & of litigation expenses [88-1] -class counsel awarded atty fees of 22 1/2% of sett proceeds ($495,000.00) & reimbursement of litigation expenses through 5/20/98 of $38,453.52 -incentive award to pltf John P Bryk Jr in amt of $10,000.00 & William Burkhart in amt of $2,500.00 (cc: all counsel) (no pgs: 2) (wh) (Entered: 06/16/1998) |
| 06/15/1998 | 97 | ORDER by Senior Judge Joseph P. Kinneary granting motion for approval of misc class sett matters [90-1] -re payments of amts (cc: all counsel) (no pgs: 2) (wh) (Entered: 06/16/1998) |
| 06/16/1998 | 98 | STATEMENT by Kenneth L. Schneider re shares of Edward J Schneider (no pgs: 3) (wh) (Entered: 06/16/1998) |
| 06/18/1998 | 99 | RETURN OF class notification to Ronald Pope, reason unknown (wh) (Entered: 06/19/1998) |
| 06/23/1998 | 100 | RESPONSE by plaintiff to motion for fairness hearing [89-1] (no pgs: 41) (wh) (Entered: 06/24/1998) |
| 07/06/1998 | 101 | REPLY by Carlile Patchen &, Dwight I Hurd to response to motion for fairness hearing [89-1] (no pgs: 5) (wh) (Entered: 07/07/1998) |
| 07/23/1998 | 102 | MOTION by plaintiff for order authorizing payment of sett proceeds (no pgs: 3) (wh) (Entered: 07/27/1998) |
| 07/24/1998 | 103 | ORDER by Senior Judge Joseph P. Kinneary granting motion for order authorizing payment of sett proceeds [102-1] -sum of $1,483,681.67 to qualifying class members -$533,453.52 to class counsel -$12,500.00 to class reps & $1,000.00 to Provident Bank (cc: all counsel) (no pgs: 2) (wh) (Entered: 07/27/1998) |
| 08/28/1998 | 104 | NOTICE of Settlement conference w/Judge Kinneary set for 9:30 9/14/98 (cc: all counsel) (wh) (Entered: 08/28/1998) |
| 09/23/1998 | 105 | MOTION by plaintiff class for order authorizing changes to class members names for distribution of proceeds () (bw) (Entered: 09/23/1998) |
| 09/23/1998 | 106 | ORDER by Senior Judge Joseph P. Kinneary granting motion for order authorizing changes to class members names for distribution of proceeds [105-1] (cc: all counsel) ( no pgs: 2) (bw) (Entered: 09/23/1998) |
| 12/14/1998 | 107 | MOTION by plaintiff for order to change class member names for purposes of |

EX. A-010

|  |  | distribution of sett proceeds (no pgs: 2) (wh) (Entered: 12/15/1998) |
|---|---|---|
| 12/18/1998 | 108 | ORDER by Senior Judge Joseph P. Kinneary granting motion for order to change class member names for purposes of distribution of sett proceeds [107-1] (cc: all counsel) (no pgs: 1) (wh) (Entered: 12/18/1998) |
| 01/28/1999 | 109 | MOTION by John P Bryk, Gregory J Burkhart, William A Burkhart, Dwight I Hurd, Carlile Patchen & for entry of fnl jgm approving 2nd class sett & dismissing w/prejudice dfts Carlile, Patchen & Murphy and Hurd (no pgs: 2 + exhibits) (wh) (Entered: 01/29/1999) |
| 01/28/1999 | 111 | STIPULATION re motion for entry of fnl jgm approving 2nd class sett & dismissing w/prejudice dfts Carlile, Patchen & Murphy and Hurd [109-1] (wh) (Entered: 01/29/1999) |
| 01/28/1999 | 111 | MOTION by John P Bryk, Gregory J Burkhart, William A Burkhart, Dwight I Hurd, Carlile Patchen & for prelim approval (no pgs: 2 + exhibits) (wh) (Entered: 01/29/1999) |
| 01/28/1999 | 110 | ORDER by Senior Judge Joseph P. Kinneary granting motion for prelim approval [111-1] (cc: all counsel) (no pgs: 4 exhibits) (wh) (Entered: 02/01/1999) |
| 02/02/1999 | 112 | ORDER by Senior Judge Joseph P. Kinneary finding the motion for fairness hearing [89-1] moot (cc: all counsel) (no pgs: 2) (wh) (Entered: 02/02/1999) |
| 04/22/1999 | 113 | Class Counsel's CERTIFICATION on issuance of Notice of proposed Settlement (no pgs: 2 + exhibits) (wh) (Entered: 04/28/1999) |
| 04/27/1999 | 114 | MEMORANDUM in support of Second Settlement by class counsel (no pgs: 12) (wh) (Entered: 04/28/1999) |
| 04/27/1999 | 115 | MOTION by plaintiff counsel for attorney fees , incentive awards & reimbursement of litigation expenses (no pgs: 19 + exhibits) (wh) (Entered: 04/28/1999) |
| 04/28/1999 | 116 | MOTION by plaintiff for special order for Notice to Certain Class Memebers re Revised Loss Calculaitons (no pgs: 5) (wh) (Entered: 04/28/1999) |
| 04/29/1999 | 117 | ORDER by Senior Judge Joseph P. Kinneary granting motion for special order for Notice to Certain Class Memebers re Revised Loss Calculaitons [116-1] & ext to 6/1/99 for these 109 persons to deliver signed clm form to class counsel (cc: all counsel) (no pgs: 2) (wh) (Entered: 04/29/1999) |
| 04/29/1999 | 118 | MOTION by plaintiff's counsel for order authorizing database changes & sett admin procedures (no pgs: 3) (wh) (Entered: 04/30/1999) |
| 05/07/1999 | 119 | NOTICE by plaintiff's counsel of idenitifcation of class members requesting exclusion from proposed 2nd class sett (no pgs: 3) (wh) (Entered: 05/10/1999) |
| 05/11/1999 | 120 | CIVIL MINUTES: Proceeding before Senior Judge Joseph P. Kinneary - Fairness hrg held 5/11/99, 10:30 a.m. on Carlile Patchen, D Hurd settlement - William Blessing for pltfs -John Sunderland for dfts -granting motion for order authorizing database changes & sett admin procedures [118-1] -granting motion for attorney fees [115-1] -granting motion for entry of fnl jgm |

*Ex. A-011*

| | | |
|---|---|---|
| | | approving 2nd class sett & dismissing w/prejudice dfts Carlile, Patchen & Murphy and Hurd [109-1] dismissing dfts Carlile, Patchen & Murphy and Hurd -judgment entry to follow -mtn to dismiss remaining dfts to follow -mtn to disburse add funds from first sett to follow -G Wells C/R -WJ Harrison D/C (no pgs: 1) (wh) (Entered: 05/13/1999) |
| 05/11/1999 | 121 | ORDER by Senior Judge Joseph P. Kinneary granting motion for attorney fees [115-1] -counsel awarded 22 1/2 % atty fees, expenses of $26,374.52 & projected expenses of $6,405.00, pltfs incentive award of $45,000 to Bryk & $2500 to Brukhart (cc: all counsel) (no pgs: 2) (wh) (Entered: 05/13/1999) |
| 05/11/1999 | 122 | ORDER by Senior Judge Joseph P. Kinneary -granting database changes & sett admin procedures (cc: all counsel) (no pgs: 2) (wh) (Entered: 05/13/1999) |
| 05/11/1999 | 123 | JUDGMENT approving second class sett by Senior Judge Joseph P Kinneary and dismissing w/prejudice clms against party Carlile Patchen & party Dwight I Hurd, (cc: all counsel) (no pgs: 7) (wh) (Entered: 05/13/1999) |
| 05/13/1999 | 124 | ORDER by Senior Judge Joseph P. Kinneary -Paul A Dabney & Barry Sutherland allowed to participate in settlement (cc: all counsel) (no pgs: 2) (wh) (Entered: 05/13/1999) |
| 06/17/1999 | 125 | MOTION by plaintiff to authorize payment of proceeds of settlement w/dfts Carlile Patchen & Murphy and Hurd (no pgs: 3 + order) (wh) (Entered: 06/23/1999) |
| 06/22/1999 | 126 | ORDER by Senior Judge Joseph P. Kinneary -granting motion to authorize payment of proceeds of settlement w/dfts Carlile Patchen & Murphy and Hurd [125-1] -$1,518,900.15 to Qualifying Class Members -$497,007.48 to Class Counsel -$47,500 to Class Rep -$1,000 to Provident Bank (cc: all counsel) (no pgs: 2) (wh) (Entered: 06/24/1999) |
| 10/26/1999 | 127 | MOTION by plaintiff for order authorizing final distribution of Kegler sett proceeds (no pgs: 3 + exhibits) (wh) (Entered: 11/01/1999) |
| 10/28/1999 | 128 | ORDER by Senior Judge Joseph P. Kinneary granting motion for order authorizing final distribution of Kegler sett proceeds [127-1] -$17,284.69 to class counsel -$301,628.25 to Qualifying Class Members (cc: all counsel) (no pgs: 1) (wh) (Entered: 11/01/1999) |
| 11/09/1999 | 129 | ORDER by Senior Judge Joseph P. Kinneary -holds in abeyance its decision re other individuals that have submitted letter to court (cc: all counsel) (no pgs: 2) (wh) (Entered: 11/09/1999) |
| 11/16/1999 | 130 | LETTER to court from Bernadine Kotlarchik re disbursement of funds (no pgs: 4) (wh) (Entered: 11/17/1999) |
| 11/18/1999 | 131 | ORDER by Senior Judge Joseph P. Kinneary -decision at to Ms Kotlarchik parciciaption in settlement held in abeyance -Status report ddl set for 1/10/00 (cc: all counsel) (no pgs: 2) (wh) (Entered: 11/19/1999) |
| 12/08/1999 | 132 | ORDER by Senior Judge Joseph P. Kinneary -court holds in abeyance decision as to Shaku Patel's participation in settlement (cc: all counsel) (no pgs: 2) (wh) (Entered: 12/08/1999) |

EX. A-012

| 12/08/1999 | 133 | LETTER to court from Shaku Patel re settlement of case (wh) (Entered: 12/08/1999) |
| 12/20/1999 | | Mail Returned [132-1] addressed to Anil V Anthony for defendant Robert D Hodge (pl) (Entered: 12/27/1999) |
| 01/11/2000 | 134 | STATUS REPORT by plaintiff John P Bryk, plaintiff Gregory J Burkhart, plaintiff William A Burkhart on disbursements and remaining funds from class settlement with defts Carlile Patchen & Murphy and Dwight Hurd ( no pgs: 2) (pl) (Entered: 01/12/2000) |
| 01/12/2000 | 135 | Addendum by plaintiff John P Bryk, plaintiff Gregory J Burkhart, plaintiff William A Burkhart re report [134-1] (containing exemplar check) ( no pgs: 3) (pl) (Entered: 01/12/2000) |
| 05/26/2000 | 136 | ORDER by Senior Judge Joseph P. Kinneary ; Status report ddl set 6/16/00 Court holds in abeyance its decision as to whether Ms Brennan or Ms. Swartz may participate in the sharing of the proceeds of the class settlement ( no pgs: 4) (pl) (Entered: 05/26/2000) |
| 06/16/2000 | 137 | SUPPLEMENTAL STATUS REPORT by plaintiff John P Bryk, plaintiff Gregory J Burkhart, plaintiff William A Burkhart ( no pgs: 3) (sem) (Entered: 06/16/2000) |
| 06/21/2000 | 138 | ORDER by Senior Judge Joseph P. Kinneary ordering payment to qualifying class members in re supplemental status report (cc: all counsel) ( no pgs: 3) (sem) (Entered: 06/21/2000) |
| 06/30/2000 | | Mail Returned [138-1] addressed to Anil V Anthony for defendant Robert D Hodge - no current address available (pl) Modified on 07/05/2000 (Entered: 07/05/2000) |
| 07/20/2000 | 139 | LETTER to court from attorney William Blessing in re Patricia Green ( no pgs: 2) (sem) (Entered: 07/20/2000) |
| 07/20/2000 | 140 | ORDER by Senior Judge Joseph P. Kinneary that class counsel shall make payment to Patricia Green as soon as practicable; class counsel shall file a supplemental status report within 30 days from the date of this order (cc: all counsel) ( no pgs: 2) (sem) (Entered: 07/20/2000) |
| 08/21/2000 | 141 | STATUS REPORT by plaintiff John P Bryk, plaintiff Gregory J Burkhart, plaintiff William A Burkhart in re remaining funds from class settlements ( no pgs: 2) (sem) (Entered: 08/21/2000) |
| 09/28/2000 | 142 | MOTION by plaintiff John P Bryk, plaintiff Gregory J Burkhart, plaintiff William A Burkhart for order of approval in re miscellaneous class settlement matters ( no pgs: 2) (sem) (Entered: 09/28/2000) |
| 09/28/2000 | 143 | ORDER by Senior Judge Joseph P. Kinneary that the Court accepts class counsel's recommendation and ORDERS class counsel to transfer any remaining proceeds into the Ohio Victims of Crime Fund dismissing case (cc: all counsel) ( no pgs: 3) (sem) (Entered: 09/28/2000) |
| 02/28/2002 | | Remark: Depositions destroyed per Local Rule 79.2 (sem) (Entered: |

EX. A - 013

| | | 02/28/2002) |
|---|---|---|
| 06/19/2007 | | File located in Chicago: Accession No. 021 06 0166; Location No. 864910-865207; Box 23 of 298; (Vol.1); Box 24 of 494 (Vols.2-6)(bam) (Entered: 06/19/2007) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 10/18/2012 22:16:35 | | | |
| **PACER Login:** | yw0178 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:96-cv-00494-JPK-MRA |
| **Billable Pages:** | 9 | **Cost:** | 0.90 |

EX. A-014

-----BEGIN PRIVACY-ENHANCED MESSAGE-----
Proc-Type: 2001,MIC-CLEAR
Originator-Name: webmaster@www.sec.gov
Originator-Key-Asymmetric:
 MFgwCgYEVQgBAQICAf8DSgAwRwJAW2sNKK9AVtBzYZmr6aGjlWyK3XmZv3dTINen
 TWSM7vrzLADbmYQaionwg5sDW3P6oaM5D3tdezXMm7zlT+B+twIDAQAB
MIC-Info: RSA-MD5,RSA,
 Kppew57H15KYqEkaFgUe3Y22T3ML0+xO+fg1Rzg8FnSl4yDC6dXtnNOvqG9hp4JZ
 dJgy4HT+K9nD4KKGSK/t7g==

<SEC-DOCUMENT>0001047469-98-023446.txt : 19980610
<SEC-HEADER>0001047469-98-023446.hdr.sgml : 19980610
ACCESSION NUMBER:            0001047469-98-023446
CONFORMED SUBMISSION TYPE:   N-4/A
PUBLIC DOCUMENT COUNT:       12
FILED AS OF DATE:            19980609
SROS:          NONE

FILER:

        COMPANY DATA:
                COMPANY CONFORMED NAME:          AMERICAN EQUITY LIFE ANNUITY ACCOUNT
                CENTRAL INDEX KEY:               0001055368
                STANDARD INDUSTRIAL CLASSIFICATION:   []
                STATE OF INCORPORATION:          IA
                FISCAL YEAR END:        1231

        FILING VALUES:
                FORM TYPE:        N-4/A
                SEC ACT:
                SEC FILE NUMBER:333-46593
                FILM NUMBER:        98644731

        FILING VALUES:
                FORM TYPE:        N-4/A
                SEC ACT:
                SEC FILE NUMBER:811-08663
                FILM NUMBER:        98644732

        BUSINESS ADDRESS:
                STREET 1:          5400 UNIVERSITY AVE
                CITY:              WEST DES MOINES
                STATE:             IA
                ZIP:               50266
                BUSINESS PHONE:    5152255400

        MAIL ADDRESS:
                STREET 1:          5400 UNIVERSITY AVE
                CITY:              WEST DES MOINES
                STATE:             IA
                ZIP:               50266
</SEC-HEADER>
<DOCUMENT>
<TYPE>N-4/A
<SEQUENCE>1
<DESCRIPTION>N-4/A
<TEXT>

<PAGE>

        AS FILED WITH THE SECURITIES AND EXCHANGE COMMISSION ON JUNE 9, 1998


                                        FILE NO. 333-46593


                                        FILE NO. 811-08663

- --------------------------------------------------------------------------------
- --------------------------------------------------------------------------------

                    SECURITIES AND EXCHANGE COMMISSION
                          WASHINGTON, D.C. 20549
                         ------------------------

                              FORM N-4

        REGISTRATION STATEMENT UNDER THE SECURITIES ACT OF 1933        / /

                    PRE-EFFECTIVE AMENDMENT NO.    1        /X/

                    POST-EFFECTIVE AMENDMENT NO.            / /

    REGISTRATION STATEMENT UNDER THE INVESTMENT COMPANY ACT OF 1940    / /

                          AMENDMENT NO.                     / /
                    ----------------------

                    AMERICAN EQUITY LIFE ANNUITY ACCOUNT
                        (Exact Name of Registrant)

                    AMERICAN EQUITY INVESTMENT

                EXHIBIT  B-001

LIFE INSURANCE COMPANY
(Name of Depositor)

5000 Westown Parkway, Suite 440
West Des Moines, Iowa 50266
(Address of Depositor's Principal Executive Offices)

------------------------

DEBRA J. RICHARDSON
5000 Westown Parkway, Suite 440
West Des Moines, Iowa 50266
(Name and Address of Agent for Service of Process)

------------------------

COPY TO:
STEPHEN E. ROTH, ESQUIRE
Sutherland, Asbill & Brennan LLP
1275 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2415

------------------------

APPROXIMATE DATE OF PROPOSED PUBLIC OFFERING: AS SOON AS PRACTICABLE AFTER
THE EFFECTIVE DATE OF THIS REGISTRATION STATEMENT.

SECURITIES BEING OFFERED: FLEXIBLE PREMIUM DEFERRED VARIABLE ANNUITY
CONTRACTS.

THE REGISTRANT HEREBY AMENDS THIS REGISTRATION STATEMENT ON SUCH DATES AS
MAY BE NECESSARY TO DELAY ITS EFFECTIVE DATE UNTIL THE REGISTRANT SHALL FILE A
FURTHER AMENDMENT WHICH SPECIFICALLY STATES THAT THIS REGISTRATION STATEMENT
SHALL THEREAFTER BECOME EFFECTIVE IN ACCORDANCE WITH SECTION 8(a) OF THE
SECURITIES ACT OF 1933 OR UNTIL THE REGISTRATION STATEMENT SHALL BECOME
EFFECTIVE ON SUCH DATE AS THE COMMISSION, ACTING PURSUANT TO SAID SECTION 8(a),
MAY DETERMINE.

- --------------------------------------------------------------------------------
- --------------------------------------------------------------------------------
<PAGE>

CROSS REFERENCE SHEET
PURSUANT TO RULES 481(a) AND 495(a)

Showing location in Part A (prospectus) and Part B (statement of additional
information) of registration statement of information required by Form N-4

PART A

<TABLE>
<CAPTION>

| ITEM OF FORM N-4 | PROSPECTUS CAPTION |
|---|---|
| <C>  <S> | <C> |
| 1. Cover Page........................ | Cover Page |
| 2. Definitions....................... | Definitions |
| 3. Synopsis.......................... | Expense Tables; Summary |
| 4. Condensed Financial Information.... | Yields and Total Returns |
| 5. General | |
| (a) Depositor.................... | American Equity Investment Life Insurance Company |
| (b) Registrant................... | American Equity Life Annuity Account |
| (c) Portfolio Company............ | Investment Options |
| (d) Fund Prospectus.............. | Investment Options |
| (e) Voting Rights................ | Voting Rights |
| (f) Administrators............... | N/A |
| 6. Deductions and Expenses | |
| (a) General...................... | Charges and Deductions; Summary |
| (b) Sales Load %................. | Charges and Deductions; Summary |
| (c) Special Purchase Plan........ | N/A |
| (d) Commissions.................. | Distribution of the Contracts |
| (e) Expenses -- Registrant....... | Charges and Deductions; Summary |
| (f) Fund Expenses................ | Investment Options; Charges and Deductions |
| (g) Organizational Expenses...... | N/A |
| 7. Contracts | |
| (a) Persons with Rights.......... | Summary; Addition, Deletion or Substitution of Investments; Description of Annuity Contract; Payment Options; Voting Rights |
| (b) (i) Allocation of Purchase Payments................... | Summary; Premiums; Free-Look Period; Allocation of Premiums |
| (ii) Transfers.............. | Summary; Transfer Privilege |
| (iii) Exchanges.............. | Transfers, Assignments or Exchanges of a Contract |
| (c) Changes...................... | Additions, Deletions or Substitutions of Investments; Description of Annuity Contract; Modification; |
| (d) Inquiries.................... | Cover page; Inquiries |
| 8. Annuity Period.................... | Summary; Payment Options |
| 9. Death Benefit..................... | Death Benefit Before the Retirement Date; Death Benefit After the Retirement Date |
| 10. Purchases and Contract Value | |
| (a) Purchases.................... | Summary; Issuance of a Contract; Premiums; Free Look Period; Allocation of Premiums; Variable Cash Value; |
| (b) Valuation.................... | Definitions; Variable Cash Value; |
| (c) Daily Calculation............ | Definitions; Variable Cash Value; |
| (d) Underwriter.................. | Issuance of a Contract; Distribution of the Contracts |
| 11. Redemptions | |
| (a) -- By Owners................. | Summary; Transfer Privilege; Surrenders and Partial Surrenders; Proceeds on the |

EX. B-001

```
                                    Retirement Date; Payments; Payment Options; Federal Tax Matters
        -- By Annuitant..............  Summary; Transfer Privilege; Surrenders and Partial Surrenders; Proceeds on the
                                    Retirement Date; Payments; Payment Options; Partial Surrenders
   (b) Taxes ORP.....................  N/A
   (c) Check Delay..................  Payments
   (d) Lapse.........................  N/A
   (e) Free Look....................  Summary; Free Look Period
</TABLE>
<PAGE>
<TABLE>
<C>    <S>                              <C>
12.  Taxes............................  Summary; Federal Tax Matters
13.  Legal Proceedings................  Legal Proceedings
14.  Table of Contents for the Statement  Statement of Additional Information
     of Additional Information........  Table of Contents
</TABLE>


PART B

<TABLE>
<CAPTION>
ITEM OF FORM N-4                                                PART B CAPTION
- --------------------------------------  ----------------------------------------------------------------
<C>    <S>                              <C>
15.  Cover Page......................  Cover Page
16.  Table of Contents................  Table of Contents
17.  General Information and History....  General Information About the Company
18.  Services
     (a) Fees and Expenses of
         Registrant..................  N/A
     (b) Management Contracts..........  N/A
     (c) Custodian....................  N/A
         Independent Public Accountant..  Experts
     (d) Assets of Registrant...........  N/A
     (e) Affiliated Persons............  N/A
     (f) Principal Underwriter..........  Distribution of the Contracts (prospectus)
19.  Purchase of Securities
     Being Offered....................  Distribution of the Contracts (prospectus)
     Offering Sales Load..............  N/A
20.  Underwriters.....................  Distribution of the Contracts (prospectus)
21.  Calculation of Performance Data....  Calculation of Yields and Total Returns; Yields and Total Returns (prospectus)
22.  Annuity Payments.................  Payment Options (prospectus)
23.  Financial Statements.............  Financial Statements
</TABLE>


PART C -- OTHER INFORMATION

<TABLE>
<CAPTION>
ITEM OF FORM N-4                                                PART C CAPTION
- --------------------------------------  ----------------------------------------------------------------
<C>    <S>                              <C>
24.  Financial Statements and
     Exhibits.........................  Financial Statements and Exhibits
     (a) Financial Statements..........  (a) Financial Statements
     (b) Exhibits.....................  (b) Exhibits
25.  Directors and Officers of the
     Depositor.......................  Directors and Officers of American Equity Investment Life Insurance Company
26.  Persons Controlled By or Under
     Common Control with the Depositor
     or Registrant...................  Persons Controlled By or In Common Control with the Depositor or Registrant
27.  Number of Contractowners..........  Number of owners
28.  Indemnification..................  Indemnification
29.  Principal Underwriters...........  Principal Underwriter
30.  Location of Accounts and Records...  Location of Books and Records
31.  Management Services..............  Management Services
32.  Undertakings.....................  Undertakings and Representations
     Signature Page...................  Signatures
</TABLE>
<PAGE>
PROSPECTUS
- --------------------------------------------------------------------------------


AMERICAN EQUITY LIFE ANNUITY ACCOUNT
INDIVIDUAL FLEXIBLE PREMIUM DEFERRED
VARIABLE ANNUITY CONTRACT

- --------------------------------------------------------------------------------
```

This Prospectus describes the individual flexible premium deferred
annuity contract (the "Contract") being offered by American Equity Investment
Life Insurance Company (the "Company"). The Contract may be sold to or in
connection with retirement plans, including those that qualify for special
federal tax treatment under the Internal Revenue Code.


Premiums and accumulated values are allocated, as designated by the owner, to
one or more of the subaccounts of the American Equity Life Annuity Account (the
"Account"), the Declared Interest Option, or both. The assets of each Subaccount
will be invested solely in shares of the corresponding Investment Options: Value
Growth Portfolio, High Grade Bond Portfolio, High Yield Bond Portfolio, Money
Market Portfolio and Blue Chip Portfolio of EquiTrust Variable Insurance Series
Fund; Equity Income Portfolio, Mid-Cap Growth Portfolio, New America Growth
Portfolio and Personal Strategy Balanced Portfolio of T. Rowe Price Equity
Series, Inc.; International Stock Portfolio of T. Rowe Price International

EX. B-003

By its authorized officer

By: /s/ Darrell N. Braman

Title:                          Vice President

Date: June 8, 1998


<PAGE>

SCHEDULE A

Name of Separate Account and Date Established by Board of Directors:

    American Equity Life Variable Account
    1/12/98

Contracts Funded by Separate Account:

    Flexible Premium Variable Life Insurance Policy

Designated Portfolios:

        T. Rowe Price Equity Series, Inc.
            - Equity Income Portfolio
            - Mid-Cap Growth Portfolio
            - New America Growth Portfolio
            - Personal Strategy Balanced Portfolio
        T. Rowe Price International Series, Inc.
            - International Stock Portfolio

Name of Separate Account and Date Established by Board of Directors:

    American Equity Life Annuity Account
    1/12/98

Contracts Funded by Separate Account:

    Flexible Premium Deferred Variable Annuity Contract

Designated Portfolios:

        T. Rowe Price Equity Series, Inc.
            - Equity Income Portfolio
            - Mid-Cap Growth Portfolio
            - New America Growth Portfolio
            - Personal Strategy Balanced Portfolio
        T. Rowe Price International Series, Inc.
            - International Stock Portfolio


</TEXT>
</DOCUMENT>
<DOCUMENT>
<TYPE>EX-9
<SEQUENCE>9
<DESCRIPTION>EXHIBIT 9
<TEXT>

<PAGE>

Whitfield & Eddy, P.L.C. letterhead


                            May 21, 1998


Securities and Exchange Commission
450 Fifth Street, N.W.
Washington, D.C.  20549

Gentlemen,

With reference to the Registration Statement on Form N-4 filed by American
Equity Investment Life Insurance Company ("Company") and its American Equity
Life Annuity Account with the Securities and Exchange Commission covering
certain variable annuity contracts, I have examined such documents and such law
as I considered necessary and appropriate, and on the basis of such
examinations, it is my opinion that:

(1)  Company is duly organized and validly existing under the laws of the State
     of Iowa.

(2)  The variable annuity contracts, when issued as contemplated by the said
     Form N-4 Registration Statement will constitute legal, validly issued and
     binding obligations of American Equity Investment Life Insurance Company.

                    Ex. B-004

I hereby consent to the filing of this opinion as an exhibit to the said Form
N-4 Registration Statement and to the reference to my name under the caption
"Legal Matters" in the Prospectus contained in the said Registration Statement.
In giving this consent, I am not admitting that I am in the category of persons
whose consent is required under Section 7 of the Securities Act of 1933.

                              Very truly yours,

                              /s/ Wendy L. Carlson

                              Wendy L. Carlson
                              Whitfield & Eddy, P.L.C.

```
</TEXT>
</DOCUMENT>
<DOCUMENT>
<TYPE>EX-10.(A)
<SEQUENCE>10
<DESCRIPTION>EXHIBIT 10(A)
<TEXT>

<PAGE>
```

Sutherland, Asbill & Brennan LLP letterhead


May 29, 1998


American Equity Investment Life Insurance Company
5000 Westown Parkway, Suite 440
West Des Moines, Iowa  50266

Gentlemen:

We hereby consent to the reference to our name under the caption "Legal Matters"
in the statement of additional information filed as part of the registration
statement on Form N-4 for American Equity Life Annuity Account (File No.
333-46593).  In giving this consent, we do not admit that we are in the category
of persons whose consent is required under Section 7 of the Securities Act of
1933.

Sincerely,

SUTHERLAND, ASBILL & BRENNAN LLP

/s/ Stephen E. Roth, Esq.

Stephen E. Roth
```
</TEXT>
</DOCUMENT>
<DOCUMENT>
<TYPE>EX-10.(B)
<SEQUENCE>11
<DESCRIPTION>EXHIBIT 10(B)
<TEXT>

<PAGE>
```

Ernst & Young LLP letterhead


The Board of Directors
American Equity Investment Life Insurance Company

We consent to the reference to our firm under the captions "Financial
Statements" and "Experts" and to the use of our report dated April 8, 1998 with
respect to American Equity Investment Life Insurance Company, in the
Registration Statement under the Securities Act of 1933 (Form N-4 No. 333-46593)
and related Prospectus of American Equity Investment Life Annuity Account.

Sincerely,

/s/ Ernst & Young LLP

Des Moines, Iowa
June 9, 1998

```
</TEXT>
</DOCUMENT>
<DOCUMENT>
<TYPE>EX-10.(C)
<SEQUENCE>12
<DESCRIPTION>EXHIBIT 10(C)
<TEXT>

<PAGE>
```

American Equity letterhead

*EX. B-005*

May 21, 1998

American Equity Investment Life Insurance Company
5000 Westown Parkway; Suite 440
West Des Moines, Iowa 50266

Gentlemen:

This opinion is furnished in connection with the registration by American Equity
Investment Life Insurance Company of a flexible premium deferred variable
annuity contract ("Contract") under the Securities Act of 1933, as amended. The
prospectus included in Pre-Effective Amendment No. 1 to the Registration
Statement on Form N-4 (File No. 333-46593) describes the Contract. I have
provided actuarial advice concerning the preparation of the contract form
described in the Registration Statement, and I am familiar with the Registration
Statement and exhibits thereto.

It is my professional opinion that the fees and charges deducted under the
Contract, in the aggregate, are reasonable in relation to the services rendered,
the expenses expected to be incurred and the risks assumed by the insurance
company.

I hereby consent to the use of this opinion as an exhibit to Pre-Effective
Amendment No. 1 to the Registration Statement.

                         Sincerely,

                         /s/ Christopher G. Daniels

                         Christopher G. Daniels, FSA, MSAA
                         Consulting Actuary
                         American Equity Investment Life Insurance Company

</TEXT>
</DOCUMENT>
</SEC-DOCUMENT>
-----END PRIVACY-ENHANCED MESSAGE-----

EX. B-606

At December 31, 2004, 85% of our fixed income securities have call features and 9% were subject to call redemption. Another 70% will become subject to call redemption through December 31, 2005. During the years ended December 31, 2004 and 2003, we received $2.18 billion and $2.52 billion, respectively, in net redemption proceeds related to the exercise of such call options. We have reinvestment risk related to these redemptions to the extent we cannot reinvest the net proceeds in assets with credit quality and yield characteristics similar to the redeemed bonds. Such reinvestment risk typically occurs in a declining rate environment. Should rates decline to levels which tighten the spread between our average portfolio yield and average cost of interest credited on our annuity liabilities, we have the ability to reduce crediting rates on most of our annuity liabilities to maintain the spread at our targeted level. At December 31, 2004, approximately 82% of our annuity liabilities are subject to annual adjustment of the applicable crediting rates at our discretion, limited by minimum guaranteed crediting rates of 2% to 4%.

With respect to our index annuities, we purchase call options on the applicable indices to fund the annual index credits on such annuities. These options are primarily one-year instruments purchased to match the funding requirements of the underlying policies. Proceeds received at expiration of the call options are substantially offset by an increase in the amounts added to policyholder account balances for index products. For the years ended December 31, 2004 and 2003, index credits to policyholders on their anniversaries were $122.7 million and $44.2 million, respectively. Proceeds received at expiration of these options related to such credits were $87.2 million and $41.1 million, respectively. The difference between proceeds received at expiration of these options and index credits for 2004 is primarily due to credits attributable to minimum guaranteed interest self funded by us. During 2003, we refined our hedging process to purchase options out of the money to the extent of anticipated minimum guaranteed interest on index policies. On the anniversary dates of the index policies, we purchase new one-year call options to fund the next annual index credits. The risk associated with these prospective purchases is the uncertainty of the cost, which will determine whether we are able to earn our spread on our index business. This is a risk we attempt to manage through the terms of our index annuities, which permit us to change annual participation rates, asset fees, and caps, subject to contractual features. By modifying participation rates, asset fees or caps, we can limit option costs to budgeted amounts, except in cases where the contractual features would prevent further modifications. Based upon actuarial testing which we conduct as a part of the design of our index products and on an ongoing basis, we believe the risk that contractual features would prevent us from controlling option costs is not material.

## ITEM 8.   CONSOLIDATED FINANCIAL STATEMENTS AND SUPPLEMENTARY DATA.

The consolidated financial statements are included as a part of this report on Form 10-K on pages F-1 through F-34.

## ITEM 9.   CHANGES IN AND DISAGREEMENTS WITH ACCOUNTANTS ON ACCOUNTING AND FINANCIAL DISCLOSURE

None.

## ITEM 9A.   CONTROLS AND PROCEDURES

*Evaluation of Disclosure Controls and Procedures.*

In accordance with Rule 13a-15(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), as of the end of the period covered by this *Annual Report on Form 10-K,* the Company's management evaluated, with the participation of the Company's Chief Executive Officer and Chief Financial Officer, the effectiveness of the design and operation of the Company's disclosure controls and procedures (as defined in Rule 13a-15(e) under the Exchange Act). Based on their evaluation of these disclosure

EXHIBIT C-001

controls and procedures, the Company's Chief Executive Officer and Chief Financial Officer have concluded that, as a result of the material weakness in the Company's internal control over financial reporting discussed below, the disclosure controls and procedures were not effective in recording, processing, summarizing and reporting, on a timely basis, information required to be disclosed by the Company in the reports the Company files or submits under the Exchange Act.

*Management's Report on Internal Control over Financial Reporting.*

The management of the Company is responsible for establishing and maintaining adequate internal control over financial reporting, as defined in the Exchange Act Rule 13a-15(f). The Company's internal control system is designed to provide reasonable assurance to the Company's management and the board of directors regarding the preparation and fair presentation of published financial statements. All internal control systems, no matter how well designed, have inherent limitations. Therefore, even those systems determined effective can provide only reasonable assurance with respect to financial statement preparation and presentation. Also, projections of any evaluation of effectiveness to future periods are subject to risk that controls may become inadequate because of changes in conditions, or that the degree of compliance with the policies or procedures may deteriorate.

The Company's management assessed the effectiveness of the Company's internal control over financial reporting as of December 31, 2004 based upon criteria established in Internal Control — Integrated Framework issued by the Committee of Sponsoring Organizations of the Treadway Commission. Management determined a lack of formal documentation exists surrounding the Company's review of its deferred policy acquisition costs and deferred sales inducements, its unlocking analysis and the related assumptions and estimates used in connection with these items. In addition management concluded that the review of inputs into the models for estimating deferred policy acquisition costs and deferred sales inducements was inadequate. As a result, management has concluded that a material weakness exists and thus is not be able to conclude that its internal control over financial reporting was effective as of the end of the period covered by the Company's Annual Report on Form 10-K. However, this weakness in the Company's internal control over financial reporting did not result in any material misstatement of the Company's financial statements for 2004.

Management's assessment of the effectiveness of our internal control over financial reporting as of December 31, 2004 has been audited by Ernst & Young LLP, an independent registered public accounting firm, as stated in their report which is included elsewhere herein.

*Remediation*

The Company's remediation of this material weakness includes the implementation of additional review procedures for the inputs into the models for deferred policy acquisition costs and deferred sales inducements and a more formal documentation process of the review and approval at each reporting period of the amounts recorded for deferred policy acquisition costs and deferred sales inducements and the assumptions and estimates used in this process. This remediation is expected to be in place prior to the filing of the Company's first quarterly report in 2005.

*Report of Independent Registered Public Accounting Firm on Internal Control over Financial Reporting*

The Board of Directors and Stockholders
American Equity Investment Life Holding Company

We have audited management's assessment, included in the accompanying Management's Report on Internal Control over Financial Reporting, that American Equity Investment Life Holding Company did not maintain effective internal control over financial reporting as of December 31, 2004, because of the effect of the material weakness identified in management's assessment as described below based on criteria established in Internal Control — Integrated Framework issued by the Committee of

Page 44 of 48

EX, C-002

# IN THE COURT OF COMMON PLEAS
## FRANKLIN COUNTY, OHIO

| | |
|---|---|
| **GMAC Mortgage Corporation** | Case No. 05CVE-04-4555 |
| **Plaintiff,** | Judge Julie M. Lynch |
| vs. | |
| **Yvonne D. Lewis aka Yvonne D. Webb-Lewis, et al.** | <u>**NOTICE OF ASSIGNMENT OF BID**</u> |
| **Defendants.** | |

Plaintiff GMAC Mortgage Corporation, acting through counsel, hereby gives notice that

it has assigned its bid on the sale of the property that is the subject of this foreclosure action to

the following person:

**Federal National Mortgage Association**
**P.O. Box 650043**
**Dallas, TX 75265-0043**

Respectfully submitted,

Matthew J. Richardson (0077157)
Holly N. Wolf (0068847)
Manley Deas Kochalski LLC
P. O. Box 165028
Columbus, OH 43216-5028
Telephone: 614-222-4921
Fax: 614-220-5613
Email: mjr2@mdk-llc.com
Attorney for Plaintiff

THE STATE OF OHIO
Franklin County, ss

I, MARYELLEN O'SHAUGHNESSY, Clerk OF THE COURT OF COMMON PLEAS WITHIN AND FOR SAID COUNTY,

HEREBY CERTIFY THAT THE ABOVE AND FORE-GOING IS TRULY TAKEN AND COPIED FROM THE ORIGINAL *Notice* NOW ON FILE IN MY OFFICE WITNESS MY HAND AND SEAL OF SAID COUNTY THIS ........ DAY OF ...... A.D. 20..
MARYELLEN O'SHAUGHNESSY, Clerk

By ................................... Deputy

Ref# 05-2846/NNW

EXHIBIT A-001

F14

Franklin County Ohio Clerk of Courts of the Common Pleas- 2012 May 31 3:05 PM-05CV004555
0A460 - R11

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Notice of Assignment of

Bid was sent to the following by ordinary U.S. Mail, postage prepaid, on the date indicated

below:

Yvonne D. Lewis aka Yvonne D. Webb-Lewis
1875 Alvason Avenue
Columbus, OH 43219

Sidney T. Lewis
1875 Alvason Avenue
Columbus, OH 43219

Matthew J. Richardson
Holly N. Wolf

May 30, 2012
Dated

EX. D-002

Ref# 05-2846/NNW

B10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT Southern District of Ohio | PROOF OF CLAIM |
|---|---|

| Name of Debtor: Sidney T Lewis | Case Number: 2:07-57237 |
|---|---|

**NOTE:** *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

5 HUNTINGTON NATL. BANK

Name and address where notices should be sent:
5 HUNTINGTON NATL. BANK
C/O LINDSEY SESTILE
PORTER WRIGHT MORRIS AND ARTHUR LLC
41 S HIGH STREET
COLUMBUS OH 43215-6101

Telephone number: 614-227-2177

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:**
*(If known)*

Filed on:

Name and address where payment should be sent (if different from above):

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:** $ 20,638.25

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** Judgment In the Supreme Court of Ohio
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____

**3a.** Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

**4. Secured Claim (See instruction #4 on reverse side.)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
Describe:

Value of Property: $_____    Annual Interest Rate ___%

Amount of arrearage and other charges as of time case filed included in secured claim,

if any $_____    Basis for perfection: _____

Amount of Secured Claim: $_____    Amount Unsecured: $_____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507 (a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

| Date: 6/6/08 | Signatures: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. | FOR COURT USE ONLY |
|---|---|---|

Lindsay Sestile, Attorney for Creditor

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

003483

EXHIBIT E-001

# 101-524

# The Supreme Court of Ohio

ON COMPUTER-KMR

**FILED**

MAY 25 2005

MARCIA J. MENGEL, CLERK
SUPREME COURT OF OHIO

Sidney T. Lewis, Yvonne D. Webb-Lewis

v.

J.E. Wiggins & Co. et al.

Case No. 05-150

ENTRY

This cause came on for further consideration of appellee's motion for sanctions for frivolous action and motion for an order declaring appellants vexatious litigators, and appellants' motion to dismiss or, in the alternative, for order to amend commingled motions for sanctions and for an order declaring appellants vexatious litigators, motion to remand the instant case to trial court for its findings of facts and conclusions of law regarding compliance with statutes, and motion for order declaring The Huntington National Bank and its counsel vexatious litigators. Upon consideration thereof,

IT IS ORDERED by the Court that appellee's motion for sanctions for frivolous action be, and hereby is, granted. The motion for an order declaring appellants vexatious litigators is denied as moot, since appellants were deemed vexatious litigators by this Court on May 11, 2005.

IT IS FURTHER ORDERED by the Court, *sua sponte*, that appellee shall file a bill and documentation in support of an award for attorney fees, in accordance with the guidelines set forth in DR 2-106, within 20 days of the date of this entry; appellants may file objections to appellee's bill and documentation within 10 days of the filing of the bill and documentation; appellee may file a reply to appellants' objections, if any, within 5 days of the filing of the objections.

IT IS FURTHER ORDERED by the Court that all of appellants' motions be, and hereby are, denied as moot.

(Franklin County Court of Appeals; Nos. 04AP469, 04AP544 and 04AP668)

I HEREBY CERTIFY that this document is a true and accurate copy of the entry of the Supreme Court of Ohio filed _5/25/05_ in Supreme Court case number _05-150_

In witness whereof I have hereunto subscribed my name and affixed the seal of the Supreme Court of Ohio on this _22_ day of _August_, 20_05_.

MARCIA J. MENGEL, Clerk

by _Rut Va_, Deputy

_Thomas J Moyer_

THOMAS J. MOYER
Chief Justice

EX, E-002

# 102-100

**FILED**

ON COMPUTER-KMR

# The Supreme Court of Ohio

AUG 1 0 2005

MARCIA J. MENGEL, CLERK
SUPREME COURT OF OHIO

Sidney T. Lewis, Yvonne D. Webb-Lewis

v.

J. E. Wiggins & Co. et al.

Case No. 05-150

E N T R Y

    This cause came on for further consideration of the bill and documentation in support of attorney fees filed by The Huntington National Bank in response to the Court's entry of May 25, 2005. Upon consideration thereof,

    IT IS ORDERED by the Court that The Huntington National Bank is awarded attorney fees in the amount of $28, 517.00.

(Franklin County Court of Appeals; Nos. 04AP469, 04AP544 and 04AP668)

THOMAS J. MOYER
Chief Justice

I HEREBY CERTIFY that this document
is a true and accurate copy of the
entry of the Supreme Court of Ohio
filed __8/10/05__ in Supreme
Court case number __05-150__.

In witness whereof I have hereunto
subscribed my name and affixed the
seal of the Supreme Court of Ohio
on this __22__ day of __August__, 2005.

MARCIA J. MENGEL, Clerk

by _____, Deputy

EX. E-003

# The Supreme Court of Ohio

**05JG-08-06455**

## CERTIFICATE OF JUDGMENT

      I, Marcia J. Mengel, Clerk of the Supreme Court of Ohio, hereby certify that on August 10, 2005, an entry was issued by the Supreme Court of Ohio in favor of The Huntington National Bank against Sidney T. Lewis and Yvonne D. Webb-Lewis, Judgment Debtors, in the amount of Twenty Eight Thousand Five Hundred Seventeen Dollars ($28,517.00). Stated monetary judgment was for reimbursement of attorney fees and costs incurred in an action in this Court entitled *Sidney T. Lewis, Yvonne D. Webb-Lewis v. J. E. Wiggins & Co. et al.*, Case No. 05-150, which entry is entered in this Court in Journal Book 102, page number 100.

      In witness whereof, I have hereunto subscribed my name and affixed the Seal of the Supreme Court of Ohio this twenty-second day of August, 2005.

MARCIA J. MENGEL, Clerk

by _Robt Vaughn_

Robert Vaughn, Deputy Clerk

CLERK OF COURTS-CV

2005 AUG 23  PM 4: 44

FILED
COMMON PLEAS COURT
FRANKLIN CO. OHIO

EX. E-004

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
(at Manhattan)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel, | ) | |
| EDWARD O'DONNELL, et al., | ) | Case No.: _12-cv-1422_____ |
| appearing QUI TAM, | ) | |
| Plaintiff /Relator, | ) | (Related Case No.96-cv-494, USDC, S.D.,OH; |
| Vs. | ) | 05-CV-7346 (03-CV-7478); 03-CV-10836; |
| | ) | 05-CV-4555; 03-CV-6954);(04-AP-469, 11-AP- |
| BANK OF AMERICA CORP.., et al, | ) | 875, 10-AP-110, COA10th Dist., OHIO |
| Defendants. | ) | (Related Case No. 08-cv-75, USDC, S.D.,OH.) |

✓  UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF NEW YORK;
(at Manhattan)
[18 USC §§ 245(b)(2)(B), 664, 666, 1962][29 USC §§ 1131, 1132(h), 1140]
[26 USC §§ 101(f)(3)(A), 267(b)(1)][42 U.S.C. §§ 1441, 3535(d), 4651(3), 7573)]
[Rule 36(a)]

| | | |
|---|---|---|
| In Re: Residential Capital, LLC., et al., And, | ) | Case No. 12-bk-12020 (MG) |
| In Re: GMAC, Mortgage Co., et al, | ) | Chapter____(Ch.11, Joint Admin. ) |
| Debtors | ) | (Related BR Case No.07-bk-57237, S.D., OHIO) |
| | ) | (Related BR Case No. 12-bk-12032, S.D., N.Y.) |
| | ) | JUDGE: GLENN, MARTIN |
| UNITED STATES of America, Ex Rel., | ) | |
| Yvonne D. Lewis, et al., | ) | Adversary Case No.: _12-01731_____ |
| Plaintiffs/ Surplus Creditors | ) | (Related Case No. 12-bk-12020 (MG); |
| Vs. | ) | 05-CV-7346 (03-CV-7478); 03-CV-10836; |
| | ) | 05-CV-4555; 03-CV-6954);(04-AP-469, 11-AP- |
| GMAC, Mortgage Co., et al, | ) | 875, 10-AP-110, COA10th Dist., OHIO |
| Defendants/ Bankrupt Debtor, | ) | (Related Case No.96-cv-494, USDC, S.D.,OH.) |

**MOTION FOR AN ORDER OF REFERENCE WHICH REFERS THE ADVERSARY
CASE NO. 12-AP-1713, TO THE DISTRICT COURT AS INCORPORATED BY
REFERENCE TO DISTRICT COURT CASE NO. 12-CV-1422; GROUNDED ON
GMAC'S MISCONDUCT BY MAY 31, 2012 ASSIGMENT TO FNMA AFTER
CONSENT JUDGMENT ON APR. 4, 2012, WITH LEAVE TO AMEND**

UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF OHIO;
(at Columbus)

[18 USC §§ 245(b)(2)(B), 664, 666, 1962][29 USC §§ 1131, 1132(h), 1140]
[26 USC §§ 101(f)(3)(A), 267(b)(1)][42 U.S.C. §§ 1441, 3535(d), 4651(3), 7573)]

1 of 8 pages

| | |
|---|---|
| In Re: SIDNEY T. LEWIS, pro se, | ) Case No. 2:07-bk-57237 |
| | ) (Ch.7 ) |
| Debtor | ) (Related Bankr Case No. 2:05-bk-75111) |
| | ) |
| Social Security No.: xxx-xx-5959 | ) JUDGE: HOFFMAN, JOHN, Jr. |

| | |
|---|---|
| In Re: Yvonne D. Lewis, | ) Case No. 2:05-bk-75111 |
| | ) (Ch.7 ) |
| Debtor | ) (Related Case No. 2:07-bk-57237) |
| | ) |
| Social Security No.: xxx-xx-2390 | ) JUDGE: HOFFMAN, JOHN, Jr. |

### IN THE UNITED STATES DISTRICT COURT, S. D. OF OHIO
### EASTERN DIVISION (at Columbus)

[18 USC §§ 245(b)(2)(B), 664, 666, 1962][29 USC §§ 1131, 1132(h), 1140]
[26 USC §§ 101(f)(3)(A), 267(b)(1)][42 U.S.C. §§ 1441, 3535(d), 4651(3), 7573)]

| | |
|---|---|
| UNITED STATES of America, Ex Rel., | ) |
| Sidney T. Lewis, et al., | ) Action No. 2:08-cv-1042 |
| Plaintiffs | ) (Related Dist. Ct. Cases 2:08-cv-16; 2:96-cv-494; |
| Vs. | ) 2:09-cv-179, 2:08-cv-75; 09-cv-936; 09-cv-944) |
| | ) 08-cv-1040 and 08-cv-1042); |
| | ) JUDGE: HOLSCHUH |
| Larry McClatchey, et al., | ) Magistrate Judge: KING |
| Of the Kegler, Brown, Hill & Ritter lawfirm | |
| Defendants | |

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

[18 USC §§ 245(b)(2)(B), 664, 666, 1962][29 USC §§ 1131, 1132(h), 1140]
[26 USC §§ 101(f)(3)(A), 267(b)(1)][42 U.S.C. §§ 1441, 3535(d), 4651(3), 7573)]

| | |
|---|---|
| | ) |
| FRIENDS OF THE EARTH, et al., | ) Case: 1: 12-cv-00363 |
| Plaintiff, | ) (Related Dist. Ct. Case 1: 12-cv-00361); |
| | ) |
| Vs. | ) Assigned To: Jackson, Amy Berman, Judge |
| | ) |
| UNITED STATES E.P.A. and | ) |
| LISA JACKSON, Administrator, | ) |

2 of 8 pages

Defendants.                    )
_____)

## IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

[18 USC §§ 245(b)(2)(B), 664, 666, 1962][29 USC §§ 1131, 1132(h), 1140]
[26 USC §§ 101(f)(3)(A), 267(b)(1)][42 U.S.C. §§ 1441, 3535(d), 4651(3), 7573)]

SECURITIES AND EXCHANGE COMMISSION )
Plaintiff,                         )
                                   )
vs.                                )          Case No. 4:10-cv-87
                                   )
AMERICAN EQUITY INVESTMENT LIFE    )
HOLDING COMPANY;                   )
DAVID J. NOBLE; and                )
WENDY C. WAUGAMAN,                 )
Defendants.                        )

## UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY;
### LOUISVILLE DIVISION

[18 USC §§ 245(b)(2)(B), 664, 666, 1962][29 USC §§ 1131, 1132(h), 1140]
[26 USC §§ 101(f)(3)(A), 267(b)(1)][42 U.S.C. §§ 1441, 3535(d), 4651(3), 7573)]

BEVERLY S. MALONE, Living Trust Beneficiary,)
        Plaintiff,                          )      Case No. 3:01-CV-259(H)
                                            ) (Related Dist. Ct. Case 3: 05-CV-122(H));
vs.                                         )
                                            )     JUDGE: JOHN HEYBURN
AMERICAN EQUITY INVESTMENT LIFE             )
HOLDING COMPANY ("AEL") et al., and         )
ADDISON INSURANCE MARKETING (AIM)           )
        Defendants.                         )

## UNITED STATES SUPREME COURT

Charles STRUBE, et al., Living Trust Matters, ) <u>11th Cir. No. 06–35, Certiorari denied</u>.
Beverly MALONE, Living Trust Matters,         ) No. 05-13014 / No. 05-11461
        Appellant,                            ) Removed USDC, M.D., FL, case # 01-cv-1236
                                              ) [26 USC §§ 401(a), 4975(e)]
vs.                                           )

3 of 8 pages

|                                      |   |                                      |
|--------------------------------------|---|--------------------------------------|
|                                      | ) | Reported below: 158 Fed. Appx. 198.  |
| AMERICAN EQUITY ("AEL"), et al.,     | ) |                                      |
| Appellee.                            | ) |                                      |

### UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT; AT FL.

[18 USC §§ 245(b)(2)(B), 664, 666, 1962][29 USC §§ 1131, 1132(h), 1140]
[26 USC §§ 101(f)(3)(A), 267(b)(1)][42 U.S.C. §§ 1441, 3535(d), 4651(3), 7573)]

Charles STRUBE, et al., Living Trust Matters,) **No. 05-11461 Non-Argument Calendar;**
Beverly MALONE, Living Trust Beneficiary, ) **No. 05-13014 Non-Argument Calendar**
    Plaintiffs/Appellants,         ) Removed from case nos. 6:01-cv-1236 and
                             ) 3:01-CV-259(H); [26 USC §§ 401(a), 4975(e)]
vs.                            ) 3: 05-CV-122
                             )  Before ANDERSON, BLACK and PRYOR,
AMERICAN EQUITY ("AEL"), et al.,     ) Circuit Judges.
    Defendants/Appellees.

### UNITED STATES DISTRICT COURT FOR THE
### CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| WHITE, et al | : | Case No. 05-cv-1070 DOC (MLGx) |
| vs. | : | Judge: <u>David Carter</u> |
| EXPERIAN INFORMATION | | |
| SOLUTIONS, INC., et al. | : | |
| | | <u>$45 MILLION DOLLAR SETTLEMENT</u> |
| (Related C.A. Dist. Ct. Case Nos: | : | <u>OF NATIONAL CLASS ACTION</u> |
| Case #05-cv-1073, DOC (MLGx) | | |
| Case #05-cv-7821, DOC (MLGx) | : | |
| Case #06-cv-0392, DOC (MLGx) | | |
| Case #06-cv-5060, DOC (MLGx) | : | |

<u>MOTION FOR AN ORDER OF REFERENCE WHICH REFERS THE ADVERSARY CASE
NO. 12-AP-1713, TO THE DISTRICT COURT AS INCORPORATED BY REFERENCE TO
DISTRICT COURT CASE NO. 12-CV-1422; GROUNDED ON GMAC'S MISCONDUCT BY
MAY 31, 2012 ASSIGMENT TO FNMA AFTER CONSENT JUDGMENT ON APR. 4, 2012.</u>

    Creditor(s) Yvonne D. Lewis and Sidney T. Lewis, *pro se*, move the U.S. District Court For

the Southern District of New York, at Manhattan, in Case No. 12-cv-1422 for an order of

Reference, pursuant to BR **Rule 9013;** 11 U.S.C. §§ 105 and 28 U.S.C.§ 1331, and the FCA,

particularly 31 U.S.C. § 3732(a), which specifically confers jurisdiction over actions brought

pursuant to 31 U.S.C § 3729 and § 3730 as the alleged National RICO and Securities schemes

herein either occurred, or included, the New York City, New York areas, and further, Defendants

and each of them may be found in the District and transact business in this District as set forth

and incorporated by reference to an un-amended Adversary Case No. 12-ap-1713 pending in the

U.S. Bankruptcy Court For the Southern District of New York, and in support of its motion

states that:

(1) Both actions, 1:12-cv-00361 and 1:12-ap-1713, involve FCA claims arising from fraud
on the Federal National Mortgage Association (commonly referred to and referred to
herein as "Fannie Mae") after the consent judgments by Defendant Bank of America
Corporation, which acquired and is the successor to Countrywide Financial Corporation,
Countrywide Home Loans, Inc. in case no. 1:12-cv-00361, U.S. District Court For the
District of Columbia, at Document 11, Filed 04/04/12, at Page 2 thru 317, and Defendant
GMAC Mortgage LLC., in case no. 1:12-cv-00361, U.S. District Court For the District of
Columbia, at Document 13, Filed 04/04/12, at Pages 1 thru 92.
(See: Attached **EXHIBIT A,** GMAC's MAY 31, 2012 FRAUDULENT ASSIGMENT
TO FNMA)

(2) These consolidated and incorporated actions are qui tam actions under the False Claims
Act ("FCA") by "Intervenor", the United States of America as Ex. Relator, and by
Relators, Edward O'Donnell, Yvonne D. Lewis and Sidney T. Lewis.

(3) Plaintiffs Yvonne D. Lewis and Sidney T. Lewis are citizens of the United States and
resides in the State of Ohio, and pursuant to the aforementioned statutes incorporated by
reference from said case nos. 1:12-cv-00361 and 12-ap-1713, brings this action on behalf
of the United States of America. From 2005 to 2012, Relators were forced to litigate a
bogus Foreclosure Action commenced by Defendant GMAC Mortgage LLC upon false

documentation to obtain false capital gains from $82K in proceeds in a Sheriffs Sale held April 20, 2012 through a false HUD insurance claim under 12 USC 1710.

(See: **EXHIBIT B**, GMAC's April 20, 2012 Sheriffs Sale with ASSIGMENT TO FNMA) ,

(4) Due to the (Assignor) Huntington National Bank's fraudulent judgment lien under a fraudulent "Proof of Claim" associated with Case No. 96-cv-494 and the sale of the RICO Class Plaintiff (deceased) Vacy O Webb's home as proffered in Doc. 2-1, pages 1 to 4, in the U.S. Bankruptcy Court For the Southern District of Ohio, E. Div., in Case No. 07-bk-57237, involving one of the subject Ohio properties as asserted by GMAC Mortgage LLC (Assignee) relative to the underlying RICO action; First Court Jurisdiction arises pursuant to Doc. 70, in the U.S. District Court For the Southern District of Ohio, E. Div., in Case No. 96-cv-494.

(**SEE AND COMPARE:** Doc. 2-1, pages 1 to 4, in the U.S. Bankruptcy Court For the Southern District of Ohio, E. Div., in Case No. 07-bk-57237, involving a "Proof of Claim" for a false Judgment Lien in favor of Huntington National Bank, against Sidney T. Lewis and Yvonne D. Webb-Lewis in the amount of $28,517 recorded as Case No. JG006455 related to a U.S. Government Securities scheme related to Case No. 96-cv-494, USDC, S.D., Ohio; **COMPARE TO:** to Doc. 14-4, Bankruptcy ORDER, at Page 4 of 4, at Exhibit A, Item 3, in the U.S. District Court For the Southern District of Ohio, E. Div., in Case No. 2:08-cv-00075, Filed: 04/02/08, Huntington National Bank's fraudulent "Certificate of Judgment Lien in favor of Huntington National Bank, against Sidney T. Lewis and Yvonne D. Webb-Lewis in the amount of $28,517 recorded as Case No. JG006455 on August 23, 2004"; **COMPARE WITH:** Doc. 104, at Page 1 of 13, in the U.S. District Court For the Southern District of Ohio, E. Div., in Case No. 08-cv-00016, Filed: 06/04/09, Huntington National Bank's fraudulent $28,517 Judgment Lien involving a U.S. Government Securities scheme "U.S. Savings Bonds"; **ALSO SEE AND COMPARE:** Doc. 95, in the U.S. District Court For the Southern District of Ohio, E. Div., in BRYK v. HURD, et al., Case No. 96-cv-494, (Imposing sanctions in a consent decree under Federal RICO statues against the Emens, **Hurd**, Kegler & Ritter law firm for a scheme to defraud investors through the intrastate sale of millions of shares of low-priced, highly speculative stocks, generally selling at less than $ 5 a share ("penny stocks")); **COMPARE WITH:** State of Ohio, Plaintiff-Appellee, v. Dwight I. **Hurd**, Defendant-Appellant. State of Ohio, Plaintiff-Appellee, v. Robert D. Hodge, Defendant-Appellant. State of Ohio, Plaintiff-Appellee, (Cross-Appellant), v. Beth A. Eyerman, Defendant-Appellant, 1999 Ohio App. LEXIS 2047, pg 1, (Ohio Ct. App., Franklin County May 4, 1999, reversing criminal convictions), ("The indictment alleged a scheme to defraud investors through the intrastate sale of millions of shares of low-priced, highly speculative stocks, generally selling at less than $ 5 a share ("penny stocks").").

6 of 8 pages

WHEREFORE, Creditors/Relators, Sidney T. Lewis and Yvonne D. Webb-Lewis move this

Court for an order of Reference to incorporate by reference the FCA claims against Defendant

GMAC Mortgage LLC (Assignee) under CASE NO. 12-cv-1422 with Leave to amend the

complaint from <u>CASE NO. 12-AP-1713,</u> against Defendants Bank of America Corporation,

which acquired and is the successor to Countrywide Financial Corporation, Countrywide Home

Loans, Inc.(as Lender), and (Assignor and Judgment Lienholder) Huntington National Bank under

Bankruptcy ORDER, Doc. 14-4, at Page 4 of 4, at Exhibit A, Item 3, in the aforesaid Case No.

2:08-cv-00075, involving false HUD insurance claims and fraud on the Federal National

Mortgage Association under 12 USC 1709, 1710,<u>INSTANTER.</u>

This motion is supported by the attached Exhibits and Verifications by Creditors/Relators,

Sidney T. Lewis and Yvonne D. Webb-Lewis.


Respectfully submitted,

Dated: Nov. 15, 2012.                    Dated: Nov. 15, 2012.
        Sidney T. Lewis, pro se        Yvonne D. Lewis, pro se
        1875 Alvason Avenue         1875 Alvason Avenue
        Columbus, Ohio 43219       Columbus, Ohio 43219
        (614) 940-3306            (614) 940-3306


## VERIFICATION

State of Ohio           )
                   ) SS:
Franklin County      )

 I, Yvonne D. Lewis, declare under the penalty of perjury that the foregoing is true and correct to
the best of my knowledge as based on my understandings and belief.
FURTHER SAYETH THE AFFIANT NAUGHT.

Executed on Nov. 15, 2012 pursuant to 28 U.S.C.§§ 452, 1746, 1715; Ohio Const., Art. I, §16;
U.S. Const., Amend., § 14th.

*Yvonne D. Lewis*

_____
YVONNE D. LEWIS, *Affiant, In Personam*

## VERIFICATION

State of Ohio                    )
                                 ) SS:
Franklin County                  )

 I, Sidney T. Lewis, declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge as based on my understandings and belief.
FURTHER SAYETH THE AFFIANT NAUGHT.

Executed on Nov. 15, 2012 pursuant to 28 U.S.C.§§ 452, 1746, 1715; Ohio Const., Art. I, §16; U.S. Const., Amend., § 14th.

*Sidney Lewis*

_____
SIDNEY T. LEWIS, *Affiant, In Personam*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
(at Manhattan)

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel, ) | |
| EDWARD O'DONNELL, et al., ) | Case No.:  12-cv-1422____ |
| appearing QUI TAM, ) | |
| Plaintiff /Relator, ) | (Related Case No.96-cv-494, USDC, S.D.,OH; |
| Vs. ) | 05-CV-7346 (03-CV-7478); 03-CV-10836; |
| ) | 05-CV-4555; 03-CV-6954);(04-AP-469, 11-AP- |
| BANK OF AMERICA CORP.., et al, ) | 875, 10-AP-110, COA10th Dist., OHIO |
| Defendants. ) | (Related Case No. 08-cv-75, USDC, S.D.,OH.) |

UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF NEW YORK;
(at Manhattan)

| | |
|---|---|
| In Re: Residential Capital, LLC., et al., And, ) | Case No. 12-bk-12020 (MG) |
| In Re: GMAC, Mortgage Co., et al, ) | Chapter____(Ch.11, Joint Admin. ) |
| Debtors ) | (Related BR Case No.07-bk-57237, S.D., OHIO) |
| ) | (Related BR Case No. 12-bk-12032, S.D., N.Y.) |
| ) | JUDGE: GLENN, MARTIN |
| UNITED STATES of America, Ex Rel., ) | |
| Yvonne D. Lewis, et al., ) | Adversary Case No.:  12-01731____ |
| Plaintiffs/ Surplus Creditors ) | (Related Case No. 12-bk-12020 (MG); |
| Vs. ) | 05-CV-7346 (03-CV-7478); 03-CV-10836; |
| ) | 05-CV-4555; 03-CV-6954);(04-AP-469, 11-AP- |
| GMAC, Mortgage Co., et al, ) | 875, 10-AP-110, COA10th Dist., OHIO |
| Defendants/ Bankrupt Debtor, ) | (Related Case No.96-cv-494, USDC, S.D.,OH.) |

CERTIFICATE OF SERVICE

A copy of the foregoing: **MOTION FOR AN ORDER OF REFERENCE WHICH REFERS THE ADVERSARY CASE NO. 12-AP-1713, TO THE DISTRICT COURT AS INCORPORATED BY REFERENCE TO DISTRICT COURT CASE NO. 12-CV-1422; GROUNDED ON GMAC'S MISCONDUCT BY MAY 31, 2012 ASSIGMENT TO FNMA AFTER CONSENT JUDGMENT ON APR. 4, 2012. WITH LEAVE TO AMEND** was served on Debtors counsels of record, and other parties to the instant action, by hand delivery, electronic mail service, or by certified U.S. Mail Service, Postage Prepaid on Nov. 15, 2012.

Dated: Nov. 15, 2012 _Sidney Lewis_          Dated: Nov. 15, 2012 _Yvonne D. Lewis_
        Sidney T. Lewis, pro se                              Yvonne D. Lewis, pro se

Franklin County Ohio Clerk of Courts of the Common Pleas- 2012 May 31 3:05 PM-05CV004555

0A460 – R10

## IN THE COURT OF COMMON PLEAS
## FRANKLIN COUNTY, OHIO

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

GMAC Mortgage Corporation

      Plaintiff,

vs.

Yvonne D. Lewis aka Yvonne D. Webb-Lewis, et al.

      Defendants.

Case No. 05CVE-04-4555

Judge Julie M. Lynch

**NOTICE OF ASSIGNMENT OF BID**

Plaintiff GMAC Mortgage Corporation, acting through counsel, hereby gives notice that it has assigned its bid on the sale of the property that is the subject of this foreclosure action to the following person:

**Federal National Mortgage Association**
**P.O. Box 650043**
**Dallas, TX 75265-0043**

Respectfully submitted,

Matthew J. Richardson (0077157)
Holly N. Wolf (0068847)
Manley Deas Kochalski LLC
P. O. Box 165028
Columbus, OH 43216-5028
Telephone: 614-222-4921
Fax: 614-220-5613
Email: mjr2@mdk-llc.com
Attorney for Plaintiff

THE STATE OF OHIO
Franklin County, ss

I, MARYELLEN O'SHAUGHNESSY, Clerk
OF THE COURT OF COMMON
PLEAS WITHIN AND FOR
SAID COUNTY,

HEREBY CERTIFY THAT THE ABOVE AND FORE-
GOING IS TRULY TAKEN AND COPIED FROM THE
ORIGINAL ............ Notice ............
NOW ON FILE IN MY OFFICE
WITNESS MY HAND AND SEAL OF SAID COUNTY
THIS ........ DAY OF ........ A.D. 20....
MARYELLEN O'SHAUGHNESSY, Clerk

By ............ Deputy

Ref# 05-2846/NNW

EXHIBIT A

F14

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Notice of Assignment of

Bid was sent to the following by ordinary U.S. Mail, postage prepaid, on the date indicated

below:

Yvonne D. Lewis aka Yvonne D. Webb-Lewis
1875 Alvason Avenue
Columbus, OH 43219

Sidney T. Lewis
1875 Alvason Avenue
Columbus, OH 43219

_____
Matthew J. Richardson
Holly N. Wolf

May 30, 2012
Dated

EX. A

## IN THE COURT OF COMMON PLEAS
## FRANKLIN COUNTY, OHIO

| | |
|---|---|
| GMAC Mortgage Corporation | Case No. 05CVE-04-4555 |
| **Plaintiff,** | Judge Julie M. Lynch |
| vs. | |
| Yvonne D. Lewis aka Yvonne D. Webb-Lewis, et al. | **NOTICE OF ASSIGNMENT OF BID** |
| **Defendants.** | |

Plaintiff GMAC Mortgage Corporation, acting through counsel, hereby gives notice that

it has assigned its bid on the sale of the property that is the subject of this foreclosure action to

the following person:

**Federal National Mortgage Association**
**P.O. Box 650043**
**Dallas, TX 75265-0043**

Respectfully submitted,

Matthew J. Richardson (0077157)
Holly N. Wolf (0068847)
Manley Deas Kochalski LLC
P. O. Box 165028
Columbus, OH 43216-5028
Telephone: 614-222-4921
Fax: 614-220-5613
Email: mjr2@mdk-llc.com
Attorney for Plaintiff

THE STATE OF OHIO
Franklin County, ss

I, MARYELLEN O'SHAUGHNESSY, Clerk OF THE COURT OF COMMON PLEAS WITHIN AND FOR SAID COUNTY,

HEREBY CERTIFY THAT THE ABOVE AND FORE-GOING IS TRULY TAKEN AND COPIED FROM THE ORIGINAL Notice NOW ON FILE IN MY OFFICE WITNESS MY HAND AND SEAL OF SAID COUNTY THIS ........ DAY OF ........ A.D. 20 ....

MARYELLEN O'SHAUGHNESSY, Clerk

By ........ Deputy

Ref# 05-2846/NNW

*EXHIBIT A*

F14

Franklin County Ohio Clerk of Courts of the Common Pleas- 2012 May 31 3:05 PM-05CV004555
0A460 - R11

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Notice of Assignment of

Bid was sent to the following by ordinary U.S. Mail, postage prepaid, on the date indicated

below:

Yvonne D. Lewis aka Yvonne D. Webb-Lewis
1875 Alvason Avenue
Columbus, OH 43219

Sidney T. Lewis
1875 Alvason Avenue
Columbus, OH 43219

_____
Matthew J. Richardson
Holly N. Wolf

May 20, 2012
Dated

Ref# 05-2846/NNW

EX. A

E1566 – K14   **SHERIFF'S RETURN OF ORDER OF SALE**

GMAC Mortgage Corporation
Plaintiff

vs.

Yvonne D Lewis et al
Defendant

Case No. 05CVE04 4555

Judge Lynch

**THE STATE OF OHIO, FRANKLIN COUNTY, ss}**

In obedience to the command of the Order of Sale hereto I did, on summon:

1. , 2 , 3. three disinterested freeholders, residents of said County, who were by me duly sworn to impartially appraise the lands and tenements therein described, upon actual view, and afterwards, on the date, said Appraisers returned to me, under their hands and seals, that they did, upon actual view of the premises, estimate and partially appraise the real value in money of the same at $57,000.00. The original of said appraisal I forthwith deposited in the Office of the Clerk of the Court of Common Pleas. And on 3/20/2012 I caused to be advertised in the Daily Reporter the said lands and tenements to be sold at public sale, in the Hall of Justice of said County, on 4/20/2012 and having advertised the said lands and tenements for more than thirty days previous to the day of sale, to wit: five consecutive weeks on the same day of the week each week; and in pursuance of said notice, I did at the time and place above mentioned, proceed to offer said lands and tenements at public sale, in the Hall of Justice, and then and there came above plaintiff who bid the sum of $81,480.00 and said sum being more than two thirds of the appraised value thereof, and being the highest and best bidder therefore, I then and there publicly sold and struck off lands and tenements to him/her for the above mentioned bid.

4/20/2012

Sheriff's Invoice for Fees

| | |
|---|---|
| Service and Return Swearing Appraisers | $50.00 |
| Writing Advertisement | $1.00 |
| Total Sheriff's Fee | $51.00 |

Appraiser's Fees

| | |
|---|---|
| Three each at Total | $0.00 |

PARCEL NO. 010-136633
ADDRESS   1875 Alvason Ave Columbus OH
43219
Matthew J Richardson
614-222-4921

ZACHARY SCOTT, SHERIFF

BY _____ DEPUTY

2

*E X H I B I T  B*

E1566 – K15

## REAL ESTATE JUDICIAL SALE
## PURCHASER INFORMATION FORM
As Prescribed by Buckeye State Sheriffs' Association
R C §2329 26 - R C §2329 27 - R C §2329 27I
*Must be complete and legible or it will be returned*
*Failure to provide the following information at the time of the sale may nullify the sale and cause the purchaser to be in contempt*

In the Court of    Common Pleas, Franklin County, Ohio

| | |
|---|---|
| Case # __05CVE-04-4555__ | Sale Date __April 30 2012__ |
| Parcel # __010-136633-00__ | Property Address __1875 Aberdon Avenue__ |
| City/Township __Columbia__ | County __Franklin__ |

**(A)** Is the property now RESIDENTIAL RENTAL PROPERTY? ☐ Yes ☒ No
Will the PURCHASER occupy the lands and tenements? ☐ Yes ☒ No

**(B) PURCHASER:**
(Required of ALL PURCHASERS)
(Must be readily accessible through a CONTACT PERSON if any business entity listed in Section (D))

Name __GMAC Mortgage Corporation, c/o GMAC Mortgage, LLC__
Address __1100 Virginia Drive, Foreclosure Department__
City __Fort Washington__
State __Pennsylvania__    Zip __19034__
Phone 1 __319-236-4784__
Phone 2 (____) ____-____

**(C) CONTACT PERSON:**
(Required if currently RESIDENTIAL RENTAL PROPERTY and PURCHASER is any business entity listed in Section (D))

Name ____
Address ____
City ____
State ____    Zip ____
Phone 1 (____) ____-____
Phone 2 (____) ____-____
Email ____

**(D) The PURCHASER is a:**    ("X" one)
(Required of ALL PURCHASERS)
- ☐ TRUST
- ☐ BUSINESS TRUST
- ☐ ESTATE
- ☐ PARTNERSHIP
- ☐ LIMITED PARTNERSHIP
- ☐ LIMITED LIABILITY COMPANY
- ☐ ASSOCIATION
- ☒ CORPORATION
- ☐ OTHER BUSINESS ENTITY
- ☐ NONE OF THE ABOVE (Non-Business)

**(E) The CONTACT PERSON is a:** ("X" one)
(Required if property is currently RESIDENTIAL RENTAL PROPERTY and PURCHASER is any business entity listed in Section (D))
- ☐ TRUSTEE (for Trust of Business Trust)
- ☐ EXECUTOR OR ADMINISTRATOR (for Estate)
- ☐ GENERAL PARTNER (for Partnership or Limited Partnership)
- ☐ MEMBER MANAGER or OFFICER (for Limited Liability Company)
- ☐ ASSOCIATE (for Association)
- ☒ MEMBER, MANAGER or OFFICER (for any other Business Entity)

**(F)** PURCHASER'S principal place of business is located in ("X" one) ☐ this County, ☐ State of Ohio, ☒ State of Pennsylvania

**(G) LOCAL CONTACT:**
(Required if NOT RESIDENTIAL RENTAL PROPERTY and PURCHASER is any business listed in Section (D))

Name __Shelley Peterson/Property Preservation Customer spoc__
Address __1100 Virginia Drive, Foreclosure Department__
City __Fort Washington__
State __Pennsylvania__    Zip __19034__
Phone 1 __319-236-4784__
Phone 2 (____) ____-____
Email __Shelley_Peterson@GMACM.COM__(This person must be a natural person who is employed by the purchasing entity and whom the purchasing entity has designated to receive notices or inquiries about the property and whose office is in

1    this county, if principal place of business is in this county,
2    in Ohio, if principal place of business is in Ohio,
3    the principal place of business if principal place of business is outside of Ohio.)

**(H) PROPERTY TO BE DEEDED TO:**
(Required of ALL PURCHASERS)

Name(s) __Federal National Mortgage Association__
Address __P.O. Box 650043__
City __Dallas__
State __Texas__    Zip __75265-0043__
Phone 1 (____) ____-____
Phone 2 (____) ____-____

(**NOTE** Once this form is submitted to the court, changes to the deed may only be made with a court order)

** NOTICE **
This information must be obtained at the time of sale, shall be part of the sheriff's record of proceedings and shall be part of the record at the court of common pleas. The information is a public record and open to public inspection.

Ref# 05-2846/TM

BIDI

GA-HB 138        Buckeye State Sheriffs' Association – Civil Process Committee        Eff September 2008

Ex. B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

In the Matter of                          :        <u>ORDER</u>

                                          :

The Extension of Certain Deadlines
in Civil Cases as a Result of             :
Hurricane Sandy and Court Closure

                                          :

                                          :
- - - - - - - - - - - - - - - - - -x

WHEREAS, Hurricane Sandy has caused extraordinary damage and disruption in the New York City metropolitan area, including, but not limited to, widespread power and utility outages in New York City, extensive transportation problems created by closure of the New York City mass transportation systems, dislocation of New York City residents, and other related delays such as the inaccessibility of the United States Courthouse in Manhattan,

WHEREAS, it is currently unclear when the United States Courthouse in Manhattan will again be accessible,

WHEREAS, current transportation restrictions render it difficult and in some cases impossible for individuals to travel to the Courthouse, and

WHEREAS, Fed. R. Civ. P. 6(a)(3) provides for the times of filings to be extended if the clerk's office is inaccessible,

-1-

IT IS ORDERED that, because of the facts set out above, the clerk's office is deemed to be inaccessible from October 29 through and including November 4, 2012, for the purposes of 1) filing any appeal from the United States District Court for the Southern District of New York to the Court of Appeals for the Second Circuit, and 2) filling any paper in a case pending in this Court.

The Clerk of the Court is instructed promptly to deny as moot any motion for an extension that is obviated by the effect of this Order. Such a denial shall be accompanied by a copy of this Order.

Any motion for an extension beyond the times provided by this Order should be filed promptly. Parties are encouraged to confer in order to avoid the need for motions for such further extensions.


SO ORDERED.

Dated:  New York, New York
        October 31, 2012

_Loretta A. Preska_
HONORABLE LORETTA A. PRESKA
CHIEF UNITED STATES DISTRICT JUDGE


-2-

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------

In re:                                               )
                                                     )    Case No. 12-12020 (MG)
                                                     )
RESIDENTIAL CAPITAL, LLC, et al.,                    )    Chapter 11
                                                     )
                              Debtors.               )    Jointly Administered
                                                     )
---------------------------------------------------------------

## ORDER EXTENDING DEADLINE FOR FILING PROOFS OF CLAIM

WHEREAS Residential Capital, LLC ("ResCap") and certain of its affiliates, as debtors

in possession in the above-captioned Chapter 11 cases (collectively, the "Debtors"), having filed

*Debtors' Application for (I) Establishing Deadline for Filing Proofs of Claim and (II) Approving*

*the Form and Manner of Notice Thereof* (the "Bar Date Application") (Docket No. 1014)

requesting entry of an order establishing a deadline for the filing of proofs of claim;

WHEREAS upon consideration of the Bar Date Application this Court entered the *Order*

*Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice*

*Thereof* (the "Bar Date Order") (Docket No. 1309); [1]

WHEREAS due to the recent events precipitated by hurricane Sandy, the Debtors have

requested that the Court extend the General Bar Date for a limited period;

WHEREAS the Court having subject matter jurisdiction to consider the relief requested

by the Debtors pursuant to 28 U.S.C. § 1334 and the Standing Order of Referral of Cases to

Bankruptcy Court Judges of the District Court for the Southern District of New York, dated

July 19, 1984 (Ward, Acting C.J.), and consideration of the relief requested by the Debtors being

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to such terms in the Bar
Date Application and the Bar Date Order. Copies of the Bar Date Application and Bar Date Order can be
obtained at no charge at http://www.kccllc.net/rescap or for a fee via PACER at http://www.nysb.uscourts.gov.

1



1212020121107000000000001

a core proceeding under 28 U.S.C. § 157(b), and venue being proper before the Court pursuant to

28 U.S.C. §§ 1408 and 1409, and the relief requested being in the best interests of the Debtors

and their estates and creditors; and after due deliberation and sufficient cause appearing therefor, it

is hereby:

1.        ORDERED that the General Bar Date is extended from Friday, November 9, 2012

at 5:00 p.m. (Prevailing Eastern Time) to and including **Friday, November 16, 2012 at 5:00**

**p.m. (Prevailing Eastern Time)** (the "Extended General Bar Date").

2.        ORDERED that, except as otherwise provided in the Bar Date Order, all persons

and entities (including, without limitation, individuals, partnerships, joint ventures, corporations,

estates, trusts and governmental units) that assert a claim, as defined in section 101(5) of the

Bankruptcy Code, against any Debtor that arose prior to the filing of the Debtors' Chapter 11

petitions on May 14, 2012 (the "Petition Date") (including, without limitation, claims entitled to

priority under section 503(b)(9) of the Bankruptcy Code) shall file a proof of such claim in

writing so that it is actually received at the ResCap Claims Processing Center or by the U.S.

Bankruptcy Court on or before the Extended General Bar Date in the manner set forth in the Bar

Date Order.

3.        ORDERED that the Governmental Bar Date is **not** extended and shall remain

**November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time)**.

4.        ORDERED that the terms of the Bar Date Order shall govern the procedures for

filing a Proof of Claim and shall otherwise remain in full force and effect in all other respects.

5.        ORDERED that neither service nor publication notice of this Order shall be

required and the Debtors are relieved of any such obligation.

2

6.      ORDERED that the Debtors shall provide notice of the extension of the General

Bar Date provided for herein, at www.kccllc.net/rescap, the website maintained by Kurtzman

Carson Consultants, the Debtors' claims and noticing agent.

Dated:  November 6, 2012
          New York, New York


**/s/Martin Glenn**
MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

B10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT Southern District of Ohio | **PROOF OF CLAIM** |
|---|---|

| Name of Debtor: Sidney T Lewis | Case Number: 2:07-57237 |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br><br>5 HUNTINGTON NATL. BANK<br><br>Name and address where notices should be sent:<br>5 HUNTINGTON NATL. BANK<br>C/O LINDSEY SESTILE<br>PORTER WRIGHT MORRIS AND ARTHUR LLC<br>41 S HIGH STREET<br>COLUMBUS OH 43215-6101<br><br>Telephone number: 614-227-2177 | ☐ Check this box to indicate that this claim amends a previously filed claim.<br><br>Court Claim Number:<br>*(If known)*<br><br>Filed on: |
| Name and address where payment should be sent (if different from above):<br><br><br>Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| **1. Amount of Claim as of Date Case Filed:**  $ 20,638.25<br><br>If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | **5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.<br><br>Specify the priority of the claim. |
| **2. Basis for Claim:** Judgment in the Supreme Court of Ohio<br>(See instruction #2 on reverse side.) | ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
| **3. Last four digits of any number by which creditor identifies debtor:** _____<br><br>3a. Debtor may have scheduled account as: _____<br>(See instruction #3a on reverse side.) | ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. §507 (a)(4). |
| **4. Secured Claim** (See instruction #4 on reverse side.)<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>Nature of property or right of setoff: ☐ Real Estate    ☐ Motor Vehicle    ☐ Other<br>Describe:<br><br>Value of Property: $_____    Annual Interest Rate ____%<br><br>Amount of arrearage and other charges as of time case filed included in secured claim,<br><br>if any: $_____    Basis for perfection: _____<br><br>Amount of Secured Claim: $_____    Amount Unsecured: $_____ | ☐ Contributions to an employee benefit plan - 11 U.S.C. §507 (a)(5).<br><br>☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507(a)(7).<br><br>☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507 (a)(8).<br><br>☐ Other - Specify applicable paragraph of 11 U.S.C. §507 (a)(___). |
| **6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. | **Amount entitled to priority:**<br><br>$_____ |
| **7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See definition of "redacted" on reverse side.*)<br><br>DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.<br><br>If the documents are not available, please explain: | *Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |

| Date: 6/6/08 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>Lindsay Sestile, Attorney for Creditor | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

EXHIBIT E-001

# 101-524

## The Supreme Court of Ohio

ON COMPUTER-KMR

**FILED**

MAY 25 2005

MARCIA J. MENGEL, CLERK
SUPREME COURT OF OHIO

Sidney T. Lewis, Yvonne D. Webb-Lewis

v.

J.E. Wiggins & Co. et al.

Case No. 05-150

ENTRY

This cause came on for further consideration of appellee's motion for sanctions for frivolous action and motion for an order declaring appellants vexatious litigators, and appellants' motion to dismiss or, in the alternative, for order to amend commingled motions for sanctions and for an order declaring appellants vexatious litigators, motion to remand the instant case to trial court for its findings of facts and conclusions of law regarding compliance with statutes, and motion for order declaring The Huntington National Bank and its counsel vexatious litigators. Upon consideration thereof,

IT IS ORDERED by the Court that appellee's motion for sanctions for frivolous action be, and hereby is, granted. The motion for an order declaring appellants vexatious litigators is denied as moot, since appellants were deemed vexatious litigators by this Court on May 11, 2005.

IT IS FURTHER ORDERED by the Court, *sua sponte*, that appellee shall file a bill and documentation in support of an award for attorney fees, in accordance with the guidelines set forth in DR 2-106, within 20 days of the date of this entry; appellants may file objections to appellee's bill and documentation within 10 days of the filing of the bill and documentation; appellee may file a reply to appellants' objections, if any, within 5 days of the filing of the objections.

IT IS FURTHER ORDERED by the Court that all of appellants' motions be, and hereby are, denied as moot.

(Franklin County Court of Appeals; Nos. 04AP469, 04AP544 and 04AP668)

I HEREBY CERTIFY that this document is a true and accurate copy of the entry of the Supreme Court of Ohio filed _5/25/05_ in Supreme Court case number _05-150_

In witness whereof I have hereunto subscribed my name and affixed the seal of the Supreme Court of Ohio on this _22_ day of _August_, 20_05_.

MARCIA J. MENGEL, Clerk

by _Kat Val_____, Deputy

_Thomas J. Moyer_

THOMAS J. MOYER
Chief Justice

EX: E-002

ON COMPUTER-KMR

102-100

FILED

# The Supreme Court of Ohio

AUG 1 0 2005

MARCIA J. MENGEL, CLERK
SUPREME COURT OF OHIO

Sidney T. Lewis, Yvonne D. Webb-Lewis

v.

J. E. Wiggins & Co. et al.

Case No. 05-150

E N T R Y

This cause came on for further consideration of the bill and documentation in support of attorney fees filed by The Huntington National Bank in response to the Court's entry of May 25, 2005.  Upon consideration thereof,

IT IS ORDERED by the Court that The Huntington National Bank is awarded attorney fees in the amount of $28, 517.00.

(Franklin County Court of Appeals; Nos. 04AP469, 04AP544 and 04AP668)

THOMAS J. MOYER
Chief Justice

I HEREBY CERTIFY that this document is a true and accurate copy of the entry of the Supreme Court of Ohio filed __8/10/05__ in Supreme Court case number __05-150__.

In witness whereof I have hereunto subscribed my name and affixed the seal of the Supreme Court of Ohio on this __22__ day of __August__, 2005.

MARCIA J. MENGEL, Clerk

by _____, Deputy

E X I E 0 0 3

# The Supreme Court of Ohio

## 05JG-08-06455

### CERTIFICATE OF JUDGMENT

I, Marcia J. Mengel, Clerk of the Supreme Court of Ohio, hereby certify that on August 10, 2005, an entry was issued by the Supreme Court of Ohio in favor of The Huntington National Bank against Sidney T. Lewis and Yvonne D. Webb-Lewis, Judgment Debtors, in the amount of Twenty Eight Thousand Five Hundred Seventeen Dollars ($28,517.00). Stated monetary judgment was for reimbursement of attorney fees and costs incurred in an action in this Court entitled *Sidney T. Lewis, Yvonne D. Webb-Lewis v. J. E. Wiggins & Co. et al.*, Case No. 05-150, which entry is entered in this Court in Journal Book 102, page number 100.

In witness whereof, I have hereunto subscribed my name and affixed the Seal of the Supreme Court of Ohio this twenty-second day of August, 2005.

MARCIA J. MENGEL, Clerk

by _Robt Vaughn_____
Robert Vaughn, Deputy Clerk

CLERK OF COURTS-CV

2005 AUG 23   PM 4:44

FILED
COMMON PLEAS COURT
FRANKLIN CO. OHIO

EX. E-004