# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF NEW YORK

Residential Capital, LLC, et al
Debtor

**Civil Case#  12 – cv 12020**

     v.

*U.S. Trustee* -**United States Trustee**
33 Whitehall Street
21st Floor
New York, NY 10004
(212) 510-0500



RECEIVED
NOV 29 2012

*Claims and Noticing Agent*
**Kurtzman Carson Consultants**
2335 Alaska Ave
El Segundo, CA 90245

## Movant/Appellants (Kenneth Taggart)
**DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL AND ISSUES TO BE PRESERVED ON APPEAL**

## I.  DESIGNATION OF CONTENTS TO BE INCLUDED IN THE RECORD ON APPEAL

Foreclosure Case: (From Case in Montgomery County Court of Common Pleas (09-25338) (Exhibits attached for #1 & #2)

1.    Notice to The Court of GMAC Mortgage, LLC's failure to file "Notice of Bankruptcy" & Motion for Stay  6/4/12 (09-25338)

2.    Notice of Bankruptcy by GMAC  6/6/12 (09-25338)

**Bankruptcy Case Docs 12-12020 (S.D.N.Y Bankruptcy)**

3.    Motion for Clarification for Stay (doc 263) (6/8/12)

4.    Debtors Supplemental Opposition (doc 0968) (8/1/12)

5.    Debtors Memo regarding Counter – Claims (doc 0969) (8/1/12)

6.    Debtors Objection to Motions - (doc 1022) (8/7/12)

7.    Motion to Void Pleadings – (doc 1114) (8/14/12)

9.    Brief in support of stay – (doc 1115) (8/14/12)

10.    Memo Regarding stay – (doc 1148) (8/14/12)

11.    Transcript from hearing 8/14/12 (doc 1215) (8/15/12)

12.    Order Regarding Automatic stay (doc 1367) (9/7/12)

13.    Motion for Stay (doc 1397) (9/10/12)

14.    Memorandum –Prove ownership of assets (doc 1587) (9/25/12)

15.    Motion to Prove assets (doc 1586) (9/26/12)

16.    Debtors Objection to Motions (doc 1707) (10/3/12)

17.    Rebuttal of Taggart to Prove Assets & Ownership of Mortgage
       (doc1777) (10/9/12)

18.    Transcript for hearing Oct 10, 2012 (doc 1800)

19.    Memorandum & Opinion Denying Taggart Motions (doc 2098) (11/7/12)

20.    Notice of appeal (doc 2212) (11/15/12)


II.            **ISSUES TO BE PRESENTED ON APPEAL**


The court failed to cite violation by GMAC Mortgage of bankruptcy laws, codes, as well as violations and misrepresentations of the automatic stay order. The court should have voided pleadings and stayed the case in state court and implied sanctions on GMAC as well as counsel for GMAC. The court also violated Taggart's rights and did not give him a fair hearing regarding all motions before the court at the October 14,2012 omnibus hearing; instead the judge lectured Taggart and did not give him a chance to present the case(s) and issues before the court. The court did not hear, nor gave Taggart a chance to present his case on "The Motion for GMAC Mortgage to Prove ownership of his mortgage and prove ownership of Assets" ....**the judge failed to even cite this in his opinion;** In fact, the judge cited no laws or case law for denying such motion when Taggart is in fact entitled to dispute an asset (GMAC's alleged ownership

of Taggart's mortgage) that is asserted by a debtor. GMAC never in fact provided proof of ownership of an alleged asset to Taggart or the court regarding ownership of said mortgage. GMAC Mortgage, LLC is required by law to present to the court proof of assets and provide proof of ownership of an asset to Taggart. Taggart is also a Creditor of GMAC Mortgage, LLC who has several claims against GMAC Mortgage for, inter alia, Fraud and Fraudulent Foreclosure. The court violated Taggart's right to a hearing on the issues and failed issue and order to GMAC Mortgage to provide legal proof of ownership of the mortgage in question (Taggart's Mortgage).

Respectfully Submitted,

Kenneth Taggart

November 28, 2012