UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re:                                                                                    Chapter 11

                                                                                                                         Case No. 12-12020 (MG)

RESIDENTIAL CAPITAL, LLC a/k/a
RESIDENTIAL CAPITAL CORPORATION, et al.          (Jointly Administered)

                                          Debtors.
-------------------------------------------------------------------x

## ORDER AUTHORIZING AND APPROVING THE RETENTION OF SILVERMANACAMPORA LLP AS SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO OCTOBER 25, 2012

Upon consideration of the application of the Official Committee of Unsecured Creditors for Order Authorizing and Approving the Retention of SilvermanAcampora LLP as Special Counsel to the Official Committee of Unsecured Creditors *nunc pro tunc* to October 25, 2012 (the "Application") filed by the Official Committee of Unsecured Creditors appointed in the above-captioned cases (the "Committee"), and upon the declaration of Ronald J. Friedman, dated November 15, 2012 (the "Friedman Declaration"), which is annexed to the Application as Exhibit B, and it appearing that: (a) SilvermanAcampora neither represents nor holds any interest adverse to the Committee or its estates with respect to the matters upon which SilvermanAcampora is to be engaged, except as set forth in the Friedman Declaration; (b) SilvermanAcampora is a "disinterested person" as that term is defined in Bankruptcy Code section 101(14); and (c) the employment of SilvermanAcampora is necessary and in the best interests of these estates, and the Court having found and determined that the relief sought in the Application is in the best interests of these estates, creditors and all parties in interest, and that the legal and factual bases set forth in the Application establish cause for the relief granted herein, and after due deliberation and sufficient cause appearing for the relief requested, it is:

**ORDERED**, that in accordance with Bankruptcy Code sections 328(a) and 1103, the Committee is authorized to retain SilvermanAcampora as its special counsel, *nunc pro tunc* to October 25, 2012, to provide services, including but not limited to, representing the Committee in connection with issues and matters relating to the Debtors' current and former borrowers as more particularly defined in the Application; and, it is further

**ORDERED**, that SilvermanAcampora shall apply for compensation and reimbursement in accordance with the procedures set forth in Bankruptcy Code sections 330 and 331, and the Order Establishing Procedures For Interim Compensation And Reimbursement of Expenses of Professionals entered on July 17, 2012 [Docket No. 797], applicable provisions of the Bankruptcy Rules, the Local Rules of Civil Practice and Procedure of the United States District Court for the Southern District of New York, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of New York, the guidelines established by the Office of the United States Trustee, and such other procedures as may be fixed by order of this Court; and it is further

**ORDERED**, that prior to any increases in any rates as set forth in footnote 1 of the Application, SilvermanAcampora shall file a supplemental declaration with the Court and give ten (10) business days' notice to the Debtors, the United States Trustee and the Committee, which supplemental declaration shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and indicate whether the client has received notice of and approved the proposed rate increase; and it is further

**ORDERED**, that SilvermanAcampora shall use its best efforts to avoid any duplication of services provided by any of the Committee's other retained professionals in the Chapter 11 Cases; and it is further

**ORDERED**, that SilvermanAcampora is neither retained nor serving as a representative of the Debtors in any capacity and SilvermanAcampora shall promptly refer all individual borrower loan level inquiries to appropriate Debtor channels; and it is further

**ORDERED**, that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

**ORDERED**, that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
November 30, 2012

                                                    **/s/Martin Glenn**
                                                    MARTIN GLENN
                                    United States Bankruptcy Judge