**Presentment Date and Time:  December 7, 2012 at 12:00 p.m. (Prevailing Eastern Time)**
**Objection Deadline:  December 6, 2012 at 4:00 p.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Samantha Martin

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------
)
In re:                                    )       Case No. 12-12020 (MG)
)
RESIDENTIAL CAPITAL, LLC, <u>et al</u>.,   )       Chapter 11
)
Debtors.          )       Jointly Administered
)
---------------------------------------------------------

**NOTICE OF PRESENTMENT OF ORDER PURSUANT TO**
**11 U.S.C. §§ 105(a) AND 365(a), FED. R. BANKR. P. 6006 AND 9014 AND**
**LOCAL BANKRUPTCY RULE 6006-1 AUTHORIZING REJECTION OF**
<u>**CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES**</u>

**PLEASE TAKE NOTICE** that the undersigned will present the attached proposed order

(the "<u>Order</u>") approving the attached motion, dated November 30, 2012 (the "<u>Motion</u>") pursuant

to sections 105(a) and 365(a), of title 11 of the United States Code, as amended (the "<u>Bankruptcy</u>

<u>Code</u>") and rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy</u>

<u>Rules</u>"), authorizing the rejection of certain executory contracts and unexpired leases, to the

Honorable Martin Glenn, United States Bankruptcy Judge, at the United States Bankruptcy Court

for the Southern District of New York (the "<u>Bankruptcy Court</u>"), Alexander Hamilton Custom

House, One Bowling Green, New York, NY 10004, Room 501, for signature on **December 7,**

**2012 at 12:00 p.m. (Prevailing Eastern Time)**.

      **PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Order must be

made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy

Rules for the Southern District of New York, and the Notice, Case Management, and

Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed

electronically by registered users of the Bankruptcy Court's electronic case filing system, and be

served, so as to be received no later than **December 6, 2012 at 4:00 p.m. (Prevailing Eastern**

**Time)**, upon (a) counsel for the Debtors, Morrison & Foerster LLP, 1290 Avenue of the

Americas, New York, NY 10104 (Attn: Gary S. Lee, Lorenzo Marinuzzi and Samantha Martin);

(b) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall

Street, 21st Floor, New York, NY 10004 (Attn: Tracy Hope Davis, Linda A. Riffkin, and Brian

S. Masumoto); (c) the Office of the United States Attorney General, U.S. Department of Justice,

950 Pennsylvania Avenue NW, Washington, DC 20530-0001 (Attn: US Attorney General, Eric

H. Holder, Jr.); (d)  Office of the New York State Attorney General, The Capitol, Albany, NY

12224-0341 (Attn: Nancy Lord, Esq. and Neal Mann, Esq.); (e) Office of the U.S. Attorney for

the Southern District of New York, One St. Andrews Plaza, New York, NY 10007 (Attn: Joseph

N. Cordaro, Esq.); (f) counsel for Ally Financial Inc., Kirkland & Ellis LLP, 153 East 53rd

Street, New York, NY 10022 (Attn: Richard M. Cieri); (g) counsel to Barclays Bank PLC, as

administrative agent for the DIP lenders, Skadden, Arps, Slate, Meagher & Flom LLP, Four

Times Square, New York, NY 10036 (Attn: Ken Ziman & Jonathan H. Hofer); (h) counsel for

the committee of unsecured creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of

the Americas, New York, NY 10036 (Attn: Kenneth Eckstein & Greg Horowitz); (i) counsel for

Ocwen Loan Servicing, LLC, Clifford Chance US LLP, 31 West 52nd Street, New York, NY

10019 (Attn: Jennifer C. DeMarco and Adam Lesman); (j) Internal Revenue Service, P.O. Box

7346, Philadelphia, PA 19101-7346 (if by overnight mail, to 2970 Market Street, Mail Stop 5-

Q30.133, Philadelphia, PA 19104-5016); and (k) Securities and Exchange Commission, New

York Regional Office, 3 World Financial Center, Suite 400, New York, NY 10281-1022 (Attn:

George S. Canellos, Regional Director).

**PLEASE TAKE FURTHER NOTICE** that, if no objections to the Order are timely

filed, served and received in accordance with this Notice, the Court may enter the Order without

further notice or hearing.

Dated: November 30, 2012             Respectfully submitted,
       New York, New York

                                     /s/ Gary S. Lee
                                     Gary S. Lee
                                     Lorenzo Marinuzzi
                                     Samantha Martin
                                     MORRISON & FOERSTER LLP
                                     1290 Avenue of the Americas
                                     New York, New York 10104
                                     Telephone: (212) 468-8000
                                     Facsimile: (212) 468-7900

                                     *Counsel for the Debtors and
                                     Debtors in Possession*

**Presentment Date and Time:  December 7, 2012 at 12:00 p.m. (Prevailing Eastern Time)**
**Objection Deadline:  December 6, 2012 at 4:00 p.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:     (212) 468-8000
Facsimile:     (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Samantha Martin

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------
                                              )
In re:                                        )     Case No. 12-12020 (MG)
                                              )
RESIDENTIAL CAPITAL, LLC, et al.,             )     Chapter 11
                                              )
                              Debtors.         )     Jointly Administered
                                              )
--------------------------------------------------------------

**MOTION FOR ORDER UNDER 11 U.S.C. §§ 105(a) AND 365(a), FED. R.**
**BANKR. P. 6006 AND 9014 AND LOCAL BANKRUPTCY RULE 6006-1**
**AUTHORIZING REJECTION OF CERTAIN EXECUTORY**
**CONTRACTS AND UNEXPIRED LEASES**

# TABLE OF CONTENTS

**Page**

JURISDICTION AND VENUE ...................................................................................... 2

BACKGROUND ........................................................................................................... 2

RELIEF REQUESTED ................................................................................................. 3

BASIS FOR RELIEF .................................................................................................... 4

APPLICABLE AUTHORITY ......................................................................................... 6

      A.     Rejection of the Rejected Contracts Is a Sound Exercise of the
            Debtors' Business Judgment and Should Be Approved by the
            Court ................................................................................................... 6

NOTICE ....................................................................................................................... 8

CONCLUSION ............................................................................................................. 9

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Bregman v. Meehan (In re Meehan)*,
  59 B.R. 380 (E.D.N.Y. 1986) ...................................................................................6

*Carlisle Homes, Inc. v. Azzari (In re Carlisle Homes, Inc.)*,
  103 B.R. 524 (Bankr. D.N.J. 1988) ...........................................................................8

*In re Balco Equities Ltd.*,
  323 B.R. 85 (Bankr. S.D.N.Y. 2005) .........................................................................7

*In re Gucci*,
  193 B.R. 411 (S.D.N.Y. 1996) ..................................................................................6

*In re Helm*,
  335 B.R. 528 (Bankr. S.D.N.Y. 2006) .......................................................................6

*In re Mid Region Petroleum, Inc.*,
  111 B.R. 968 (Bankr. N.D. Okla. 1990), *aff'd, Gen. Am. Trans. Corp. v.
  Martin (In re Mid Region Petroleum, Inc.)*, 1 F.3d 1130 (10th Cir. 1993) ..............7

*Med. Malpractice Ins. Ass'n v. Hirsch (In re Lavigne)*,
  114 F.3d 379 (2d Cir. 1997) ......................................................................................5

*NLRB v. Bildisco & Bildisco*,
  465 U.S. 513 (1984) ...............................................................................................5, 6

*Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*,
  4 F.3d 1095 (2d Cir. 1993) .....................................................................................5, 6

*Phar-Mor, Inc. v. Strouss Bldg. Assocs.*,
  204 B.R. 948 (N.D. Ohio 1997) .................................................................................7

STATUTES

11 U.S.C. § 365(a) .........................................................................................................6

**TO THE HONORABLE MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE:**

The debtors and debtors in possession in the above-captioned cases (collectively,

the "Debtors")[1], hereby move (the "Motion") for entry of an order under sections 105(a)

and 365(a) of title 11 of the United States Code, as amended (the "Bankruptcy Code"),

rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") and rule 6006-1 of the Local Bankruptcy Rules for the Southern District of New

York, authorizing the rejection of the executory contracts and unexpired leases set forth

on Exhibit 1[2] annexed hereto (including any amendments, modifications, guaranties,

supplements, restatements, or other agreements related thereto, whether made directly or

indirectly by any agreement, instrument or other document that affects such executory

contract or unexpired lease, and without regard to whether such agreement, instrument or

other document is listed on Exhibit 1, the "Rejected Contracts").  In support of the

Motion, the Debtors rely upon and incorporate by reference the Declaration of Erik

Ferguson, Senior Vice President of Business Excellence at GMAC Mortgage, LLC, a

copy of which is annexed hereto as Exhibit 2.

In support of this Motion, the Debtors represent as follows:

---

[1]  The names of the Debtors in these cases and their respective tax identification numbers are identified on
    Exhibit 1 to the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in
    Support of Chapter 11 Petitions and First Day Motions (the "Whitlinger Affidavit") [Docket No. 6].
[2]  The inclusion of a contract on Exhibit 1 does not serve as an admission by the Debtors that such contract
is executory.

## JURISDICTION AND VENUE

1.        This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and

this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.        The statutory and legal predicates for the relief requested herein are

Bankruptcy Code sections 105(a) and 365(a) and Bankruptcy Rules 6006 and 9014.

## BACKGROUND

3.        On May 14, 2012 (the "Petition Date"), each of the Debtors filed a

voluntary petition with the Court for relief under Chapter 11 of the Bankruptcy Code.

The Debtors are managing and operating their businesses as debtors in possession

pursuant to Bankruptcy Code sections 1107(a) and 1108.  These cases are being jointly

administered pursuant to Bankruptcy Rule 1015(b).  No trustee has been appointed in

these Chapter 11 cases.

4.        On May 16, 2012, the United States Trustee for the Southern District of

New York (the "U.S. Trustee") appointed a nine-member official committee of unsecured

creditors (the "Creditors' Committee").

5.        On June 20, 2012, the Court directed that an examiner be appointed

[Docket No. 454], and on July 3, 2012, the Court approved Arthur J. Gonzalez as the

examiner (the "Examiner") [Docket No. 674].[3]

---

[3] The Debtors are a leading residential real estate finance company indirectly owned by Ally Financial Inc.
("AFI"), which is not a Debtor.  The Debtors and their non-debtor affiliates operate the fifth largest
mortgage servicing business and the tenth largest mortgage origination business in the United States.  A
more detailed description of the Debtors, including their business operations, their capital and debt
structure, and the events leading to the filing of these bankruptcy cases, is set forth in the Whitlinger
Affidavit.

6.      At the hearing on November 18 and 19, 2012, the Court approved the sale of (i) the Debtors mortgage loan servicing and origination platform (the "<u>Platform Sale</u>") to Ocwen Loan Servicing, LLC ("<u>Ocwen</u>"), and (ii) the Debtors' legacy whole loan portfolio (the "<u>Legacy Sale</u>") to Berkshire Hathaway Inc. (together with Ocwen, the "<u>Purchasers</u>"), in each case subject to entry of the sale order.

## <u>RELIEF REQUESTED</u>

7.      By this Motion, the Debtors respectfully request, pursuant to Bankruptcy Code sections 105(a) and 365(a), Bankruptcy Rules 6006 and 9014, and Rule 6006-1 of the Local Bankruptcy Rules for the Southern District of New York, that this Court enter an order, substantially in the form annexed hereto as <u>Exhibit 3</u>, authorizing the rejection of the Rejected Contracts identified on <u>Exhibit 1</u>,[4] effective as of the date hereof (the "<u>Rejection Date</u>").  If any of the Debtors has deposited funds with the counterparty to a Rejected Contract as a security deposit or other arrangement, the Debtors request that such counterparty may not set off or otherwise use such deposit without the prior authority of the Court or agreement between the counterparty and the Debtors.  The Debtors submit that the rejection of the Rejected Contracts is reasonable and represents an appropriate exercise of sound business judgment.

---

[4] Consistent with Bankruptcy Rule 6006(f), <u>Exhibit 1</u> contains no more than 100 executory contracts and unexpired leases to be rejected.  The Debtors are currently performing a review and evaluation of other executory contracts and unexpired leases that are not the subject of this Motion.  As this process continues, the Debtors expect to identify additional contracts and leases to be assumed or rejected.  Accordingly, the Debtors reserve the right to seek to reject additional contracts and leases in the future.  This Motion should not be construed as a determination that any contracts or leases not listed herein are to be assumed or rejected.

8.      Any claims arising out of Rejected Contracts must be filed with Kurtzman
Carson Consultants,[5] the Court-approved claims processing agent, on or before the later
of (i) the deadline for filing proofs of claim established by the Court in the Debtors' cases,
or (ii) forty-five (45) days after the Rejection Date.[6]  If no proof of claim is timely filed,
such claimant shall be forever barred from asserting a claim for rejection damages and
from participating in any distributions that may be made in connection with these Chapter
11 cases.

### BASIS FOR RELIEF

9.      The Debtors currently are in the process of evaluating which of the
Debtors' executory contracts and unexpired leases should be assumed and assigned to the
Purchasers in connection with the Platform Sale and the Legacy Sale, or assumed to
facilitate the Debtors' wind down activities.  As part of this analysis, the Debtors have
already determined that the Rejected Contracts listed on Exhibit 1 are burdensome to the
estate, will not be assigned to the Purchasers, and are no longer needed for the wind down
of the Debtors' business operations.  By rejecting the Rejected Contracts at this time, the
Debtors will avoid incurring unnecessary costs in connection with agreements that
provide no tangible benefit to the Debtors' estates.

10.     For example, the lease on set forth on Exhibit 1 relates to a property that
the Debtors do not currently occupy.  The entire premises are subleased by the Debtors to
unrelated third parties, and the value of the subleases is lower than the cost of the rent.

---

[5] Claims should be sent to the following address:

> ResCap Claims Processing Center, c/o KCC
> 2335 Alaska Ave.
> El Segundo, CA 90245

[6] The Debtors reserve all of their rights to object to the claims on any basis.

4

Thus, the Debtors are suffering a loss for each month that the lease remains effective.  In
addition, the servicing contract identified on Exhibit 1 is burdensome to the Debtors'
estates because there would be no net benefit to the Debtors' estates from the assumption
and assignment thereof.  As such, the Debtors have determined that it is no longer
desirable for the Debtors to continue to be bound by the obligations under the Rejected
Contracts listed on Exhibit 1.  The resulting savings from the rejection of the Rejected
Contracts will preserve cash for the Debtors and assist the Debtors in managing their
estates.  Thus, elimination of such obligations constitutes a valid exercise of the Debtors'
business judgment.

11.    Based on the foregoing, the Debtors have determined through the exercise
of their business judgment that rejection of the Rejected Contracts is in the best interests
of the Debtors' estates, their creditors and other parties in interest.

## APPLICABLE AUTHORITY

**A.    Rejection of the Rejected Contracts Is a Sound Exercise of the Debtors'
Business Judgment and Should Be Approved by the Court.**

12.    Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a
debtor in possession, "subject to the court's approval, may assume or reject any
executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a); *see also NLRB v.
Bildisco & Bildisco*, 465 U.S. 513, 521 (1984); *Med. Malpractice Ins. Ass'n v. Hirsch (In
re Lavigne)*, 114 F.3d 379, 386 (2d Cir. 1997). "The purpose behind allowing the
assumption or rejection of executory contracts is to permit the trustee or debtor-in-
possession to use valuable property of the estate and to renounce title to and abandon
burdensome property."  *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion*

*Pictures Corp.)*, 4 F.3d 1095, 1098 (2d Cir. 1993) (internal quotation marks and reference

omitted).

  13.  Courts defer to a debtor's business judgment in rejecting an executory

contract or unexpired lease, and upon finding that a debtor has exercised its sound

business judgment, approve a debtor's decision to reject under section 365(a) of the

Bankruptcy Code. *See Bildisco & Bildisco*, 465 U.S. at 523 (recognizing the "business

judgment" standard used to approve rejection of executory contracts and unexpired

leases); *In re Orion Pictures Corp.*, 4 F.3d at 1098 (noting that section 365 "permits the

[debtor], subject to the approval of the bankruptcy court, to go through the inventory of

executory contracts of the debtor and decide which ones it would be beneficial to adhere

to and which ones it would be beneficial to reject."); *In re Gucci*, 193 B.R. 411, 415

(S.D.N.Y. 1996) ("A bankruptcy court reviewing a trustee's decision to assume or reject

an executory contract should apply its 'business judgment' to determine if it would be

beneficial or burdensome to the estate to assume it.").

  14.  The "business judgment" test merely requires a showing that either

assumption or rejection of the executory contract or unexpired lease will benefit the

debtor's estate. *See, e.g.*, *Bregman v. Meehan (In re Meehan)*, 59 B.R. 380, 385

(E.D.N.Y. 1986) ("The primary issue under the business judgment test is whether

rejection of the contract would benefit general unsecured creditors."); *In re Helm*, 335

B.R. 528, 538 (Bankr. S.D.N.Y. 2006) ("To meet the business judgment test, the debtor

in possession must establish that rejection will benefit the estate.") (quotations omitted).

  15.  Courts generally will not second-guess a debtor's business judgment

concerning whether the assumption or rejection of an executory contract or unexpired

lease would benefit the debtor's estate. *See In re Balco Equities Ltd.*, 323 B.R. 85, 98

(Bankr. S.D.N.Y. 2005) ("A court should defer to a debtor's decision that rejection of a

contract would be advantageous….") (quotations omitted); *Phar-Mor, Inc. v. Strouss*

*Bldg. Assocs.*, 204 B.R. 948, 951-52 (N.D. Ohio 1997) ("Whether an executory contract

is 'favorable' or 'unfavorable' is left to the sound business judgment of the debtor ….

Courts should generally defer to debtor's decision whether to reject an executory

contract.") (internal citations omitted).

16.     For the reasons set forth above, the Debtors clearly have satisfied the

"business judgment" standard for rejecting the Rejected Contracts.  The Rejected

Contracts are financially burdensome and unnecessary to the wind down of the Debtors'

business operations or to the administration of the Debtors' estates.  The Debtors and

their advisors have reviewed the Rejected Contracts and have determined that they do not

have any value beneficial to the Debtors' estates.  Accordingly, the Debtors have

determined that the Rejected Contracts constitute an unnecessary drain on the Debtors'

estates and, thus, rejection of the Rejected Contracts reflects the Debtors' exercise of

sound business judgment.

17.     Moreover, the counterparties to the Rejected Contracts will not be

prejudiced by the timing of the rejection because, upon receipt of this Motion, such

counterparties will have received advance notice of the Debtors' intent to reject their

respective contract or lease and of the effective date of the rejection. *See, e.g., In re Mid*

*Region Petroleum, Inc.*, 111 B.R. 968, 970 (Bankr. N.D. Okla. 1990), *aff'd*, *Gen. Am.*

*Trans. Corp. v. Martin (In re Mid Region Petroleum, Inc.)*, 1 F.3d 1130 (10th Cir. 1993)

(effective date of rejection of leases was the date the trustee gave notice to lessor of intent

7

to reject); *Carlisle Homes, Inc. v. Azzari (In re Carlisle Homes, Inc.)*, 103 B.R. 524, 535 (Bankr. D.N.J. 1988) (debtor may reject executory contract by clearly communicating intention to reject).

18.     In sum, the Debtors believe that the proposed rejection of the Rejected Contracts is tailored to minimize administrative expenses and to maximize distributions to creditors in these chapter 11 cases.  The Debtors submit that the rejection of the Rejected Contracts should be approved because it is in the best interests of the Debtors' estates and represents a proper exercise of the Debtors' business judgment.

## NOTICE

19.     The Debtors have provided notice of this Motion in accordance with the Case Management Procedures Order, approved by this Court on May 23, 2012 [Docket No. 141].

## CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court enter an order, substantially in the form annexed hereto as Exhibit 3, granting the relief requested in this Motion and such other and further relief as may be just and proper.


New York, New York                    /s/ Gary S. Lee
Dated: November 30, 2012              Gary S. Lee
                                      Lorenzo Marinuzzi
                                      Samantha Martin
                                      MORRISON & FOERSTER LLP
                                      1290 Avenue of the Americas
                                      New York, New York 10104
                                      Telephone: (212) 468-8000
                                      Facsimile: (212) 468-7900

                                      *Counsel to the Debtors
                                      and Debtors in Possession*

8

## **Exhibit 1**

## **Rejected Contracts**

|   | **Debtor** | **Contract/Lease Counterparty (Name/Address)** | **Description of Contract/Lease** | **Effective Date of Rejection** |
|---|---|---|---|---|
| 1 | GMAC Mortgage LLC | Frost National Bank<br><br>PO Box 1600 Rb-2<br>San Antonio, TX<br>78296-1600 | Frost National Bank Servicing Agreement June 30, 2000<br><br>Contract No. 1308 | November 30, 2012 |
| 2 | Homecomings Financial, LLC (as successor to Homecomings Financial Network, Inc.) | PVP Holdings JV, LLC<br><br>c/o Veritas Property Management<br>1600 Corporate Circle<br>Petaluma, CA 94954 | Lease, dated as of December 12, 2003, as subsequently amended, for real property located at<br><br>1650 Corporate Circle Suites 100, 150 and 200 Petaluma, CA | November 30, 2012 |

## **Exhibit 2**

**Declaration**

*(Please see attached)*

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:     (212) 468-8000
Facsimile:     (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Samantha Martin

*Counsel for the Debtors and
Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ------------------------------------------------------ | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| ------------------------------------------------------ | ) | |

**DECLARATION OF ERIK FERGUSON, SENIOR VICE PRESIDENT
AT RESIDENTIAL CAPITAL, LLC, IN SUPPORT OF DEBTORS' MOTION
FOR ORDER UNDER 11 U.S.C. §§ 105(a) AND 365(a), FED. R. BANKR. P. 6006
AND 9014 AND LOCAL BANKRUPTCY RULE 6006-1 AUTHORIZING
REJECTION OF CERTAIN EXECUTORY CONTRACTS
AND UNEXPIRED LEASES**

I, Erik Ferguson declare as follows:

**A.      Background and Qualifications**

I serve as Senior Vice President of Business Excellence at GMAC Mortgage, LLC, one of

the debtors and debtors in possession in the above-captioned Chapter 11 cases

(collectively, the "Debtors").  I have held this position since August 2010.  In my role as

Senior Vice President of Business Excellence at GMAC Mortgage, LLC, I am responsible

for, among other things, the management of owned and leased facilities from the Debtors,

conduct their respective business activities.  I am authorized to submit this declaration

(the "Declaration") in support of the *Debtors' Motion for Order Under 11 U.S.C. §§ 105(a) and 365(a), Fed. R. Bankr. P. 6006 and 9014, and Local Bankruptcy Rule 6006-1 Authorizing Rejection of Certain Executory Contracts and Unexpired Leases*, dated as of November 30, 2012 (the "Motion").[1]

1.     Except as otherwise indicated, all statements in this Declaration are based upon my personal knowledge or information supplied or verified by personnel in departments within the Debtors' various business units.  If I were called to testify as a witness in this matter, I would testify competently to the facts set forth herein.

2.     The Debtors currently are in the process of evaluating which of the Debtors' executory contracts and unexpired leases should be assumed and assigned to the Purchasers in connection with the Platform Sale and the Legacy Sale, or assumed to facilitate the Debtors' wind down activities.  As part of this analysis, the Debtors have already determined that the Rejected Contracts listed on Exhibit 1 to the Motion are burdensome to the estate, will not be assigned to the Purchasers, and are no longer needed for the wind down of the Debtors' business operations.  By rejecting the Rejected Contracts at this time, the Debtors will avoid incurring unnecessary costs in connection with agreements that provide no tangible benefit to the Debtors' estates.  For example, the lease set forth on Exhibit 1 to the Motion relates to a property that the Debtors do not currently occupy.  The entire premises are subleased by the Debtors to unrelated third parties, and the value of the subleases is lower than the cost of the rent payable to the landlord.  Thus, the Debtors are suffering a loss for each month that the lease remains

---

[1]   Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to them in the Motion.

effective.  In addition, the servicing contract identified on <u>Exhibit 1</u> to the Motion is

burdensome to the Debtors' estates because there would be no net benefit to the Debtors'

estates from the assumption and assignment thereof.  As such, the Debtors have

determined that it is no longer desirable for the Debtors to continue to be bound by the

obligations under the Rejected Contracts listed on <u>Exhibit 1</u>.  The resulting savings from

the rejection of the Rejected Contracts will preserve cash for the Debtors and assist the

Debtors in managing their estates.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

is true and correct.

Dated:  New York, New York
      November 30, 2012

/s/ Erik Ferguson
_____
Erik Ferguson
Senior Vice President of Business
Excellence at GMAC Mortgage, LLC

## Exhibit 3

**Proposed Order**

(*Please see attached*)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------)
                                                                        )
In re:                                                                  )     Case No. 12-12020 (MG)
                                                                        )
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,                                )     Chapter 11
                                                                        )
                                            Debtors.                    )     Jointly Administered
                                                                        )
-----------------------------------------------------------------------)

**ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 365(a),**
**FED. R. BANKR. P. 6006 AND 9014 AND LOCAL BANKRUPTCY**
**RULE 6006-1 AUTHORIZING REJECTION OF CERTAIN**
**<u>EXECUTORY CONTRACTS AND UNEXPIRED LEASES</u>**

Upon the motion (the "<u>Motion</u>") of the Debtors[1] for entry of an order (the

"<u>Order</u>"), pursuant to sections 105(a) and 365(a), of title 11 of the United States Code, as

amended (the "<u>Bankruptcy Code</u>") and rules 6006 and 9014 of the Federal Rules of

Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), authorizing the rejection of the

executory contracts and unexpired leases set forth on <u>Exhibit 1</u>[2] annexed hereto

(including any amendments, modifications, guaranties, supplements, restatements, or

other agreements related thereto, whether made directly or indirectly by any agreement,

instrument or other document that affects such executory contract or unexpired lease, and

without regard to whether such agreement, instrument or other document is listed on

<u>Exhibit 1</u>, the "<u>Rejected Contracts</u>"), as more fully described in the Motion; and the Court

having jurisdiction to consider the Motion and grant the requested relief in accordance

with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion being a core

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

[2] The inclusion of a contract on <u>Exhibit 1</u> does not serve as an admission by the Debtors that such contract is executory.

proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court

pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Motion and

the Declaration of Erik Ferguson, Senior Vice President of Business Excellence at GMAC

Mortgage, LLC in support of the Motion; and the Court having determined that the relief

requested in the Motion is in the best interests of the Debtors, their estates, their creditors,

and all parties in interest; and it appearing that proper and adequate notice of the Motion

has been given and that no other or further notice is necessary; and the legal and factual

bases set forth in the Motion establish just and sufficient cause to grant the requested

relief herein; and upon the record herein; and after due deliberation thereon; and good

and sufficient cause appearing therefor,

IT IS HEREBY FOUND, DETERMINED, AND ORDERED THAT:

1.    The Motion is GRANTED.

2.    Pursuant to Section 365(a) of the Bankruptcy Code and Bankruptcy Rules

6006 and 9014, the Debtors' rejection of the Rejected Contracts identified on Exhibit 1

annexed hereto is approved, effective as of the Rejection Date.

3.    If any of the Debtors has deposited funds with the counterparty to a

Rejected Contract as a security deposit or other arrangement, such counterparty shall not

set off or otherwise use such deposit without the prior authority of the Court or agreement

between the counterparty and the Debtors.

4.    The Debtors are hereby authorized to execute and deliver all instruments

and documents, and take all other actions, as may be necessary or appropriate to

implement and effectuate the relief granted in this Order.

5.      Entry of this Order is without prejudice to the rights of the Debtors, including, but not limited to, the right to seek further, other, or different relief regarding the Debtors' executory contracts and unexpired leases pursuant to, among other things, section 365 of the Bankruptcy Code. Notwithstanding the relief granted herein and any actions taken hereunder, nothing in the Motion or this Order shall constitute, nor is it intended to constitute: (i) an admission as to the validity or priority of any claim against the Debtors; (ii) a waiver of the Debtors' rights to dispute any claim; or (iii) an assumption or adoption of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code.

6.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated:   New York, New York
          _____, 2012


_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE