Hearing Date and Time:  December 20, 2012 at 10:00 a.m. (ET)
Objection Deadline:  December 13, 2012 at 4:00 p.m. (ET)

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Samantha Martin

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------
                                                              )
  In re:                                                      )      Case No. 12-12020 (MG)
                                                              )
  RESIDENTIAL CAPITAL, LLC, et al.,           )      Chapter 11
                                                              )
                                   Debtors.         )      Jointly Administered
                                                              )
--------------------------------------------------------------

**NOTICE OF DEBTORS' MOTION FOR ORDER UNDER 11 U.S.C. §§ 105(a),
365(a), AND 554(a), FED. R. BANKR. P. 6006 AND 9014, AND LOCAL
BANKRUPTCY RULE 6006-1 APPROVING PROCEDURES REGARDING THE
FUTURE REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

        **PLEASE TAKE NOTICE** that the undersigned have filed the attached *Motion for*

*Order Under 11 U.S.C. §§ 105(a), 365(a) and 554(a), Fed. R. Bankr. P. 6006 and 9014, and*

*Local Bankruptcy Rule 6006-1 Approving Procedures Regarding the Future Rejection of*

*Executory Contracts and Unexpired Leases* (the "Motion").

        **PLEASE TAKE FURTHER NOTICE** that a hearing will take place on **December 20,**

**2012 at 10:00 a.m. (prevailing Eastern time)** before the Honorable Martin Glenn, at the United

States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, Room 501.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **December 13, 2012 at 4:00 p.m. (Prevailing Eastern Time)**, upon (a) counsel for the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attn: Gary S. Lee, Lorenzo Marinuzzi and Samantha Martin); (b) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attn: Tracy Hope Davis, Linda A. Riffkin, and Brian S. Masumoto); (c) the Office of the United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001 (Attn: US Attorney General, Eric H. Holder, Jr.); (d)  Office of the New York State Attorney General, The Capitol, Albany, NY 12224-0341 (Attn: Nancy Lord, Esq. and Neal Mann, Esq.); (e) Office of the U.S. Attorney for the Southern District of New York, One St. Andrews Plaza, New York, NY 10007 (Attn: Joseph N. Cordaro, Esq.); (f) counsel for Ally Financial Inc., Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY 10022 (Attn: Richard M. Cieri); (g) counsel to Barclays Bank PLC, as administrative agent for the DIP lenders, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, NY 10036 (Attn: Ken Ziman & Jonathan H. Hofer); (h) counsel for the committee of unsecured creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attn: Kenneth Eckstein & Greg Horowitz); (i) counsel for

Ocwen Loan Servicing, LLC, Clifford Chance US LLP, 31 West 52nd Street, New York, NY

10019 (Attn: Jennifer C. DeMarco and Adam Lesman); (j) Internal Revenue Service, P.O. Box

7346, Philadelphia, PA 19101-7346 (if by overnight mail, to 2970 Market Street, Mail Stop 5-

Q30.133, Philadelphia, PA 19104-5016); and (k) Securities and Exchange Commission, New

York Regional Office, 3 World Financial Center, Suite 400, New York, NY 10281-1022 (Attn:

George S. Canellos, Regional Director).

     **PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written

objection to the relief requested in the Motion, the Bankruptcy Court may deem any opposition

waived, treat the Motion as conceded, and enter an order granting the relief requested in the

Motion without further notice or hearing.

Dated:  November 30, 2012          Respectfully submitted,
       New York, New York

                       /s/ Gary S. Lee
                       Gary S. Lee
                       Lorenzo Marinuzzi
                       Samantha Martin
                       MORRISON & FOERSTER LLP
                       1290 Avenue of the Americas
                       New York, New York 10104
                       Telephone: (212) 468-8000
                       Facsimile: (212) 468-7900

                       *Counsel for the Debtors and*
                       *Debtors in Possession*

**Hearing Date: December 20, 2012 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: December 13, 2012 at 4:00 p.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Samantha Martin

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ----------------------------------------- | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| ----------------------------------------- | ) | |

**MOTION FOR ORDER UNDER 11 U.S.C. §§ 105(a), 365(a), AND 554(a), FED. R. BANKR. P. 6006 AND 9014, AND LOCAL BANKRUPTCY RULE 6006-1 APPROVING PROCEDURES REGARDING THE FUTURE REJECTION OF <u>EXECUTORY CONTRACTS AND UNEXPIRED LEASES</u>**

# TABLE OF CONTENTS

**Page**

JURISDICTION AND VENUE ....................................................................................2

BACKGROUND ........................................................................................................2

RELIEF REQUESTED ...............................................................................................3

BASIS FOR RELIEF .................................................................................................7

APPLICABLE AUTHORITY ......................................................................................8

     A.    Rejection of the Rejected Contracts Is a Sound Exercise of the
Debtors' Business Judgment and Should Be Approved by the
Court ...........................................................................................................8

NOTICE .................................................................................................................12

CONCLUSION ........................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Bregman v. Meehan (In re Meehan),*
  59 B.R. 380 (E.D.N.Y. 1986) ...................................................................................9

*Carlisle Homes, Inc. v. Azzari (In re Carlisle Homes, Inc.),*
  103 B.R. 524 (Bankr. D.N.J. 1988) ........................................................................10

*In re Balco Equities Ltd.,*
  323 B.R. 85 (Bankr. S.D.N.Y. 2005) .......................................................................9

*In re Crowthers McCall Pattern, Inc.,*
  114 B.R. 877 (Bankr. S.D.N.Y. 1990) ...................................................................11

*In re Gucci,*
  193 B.R. 411 (S.D.N.Y. 1996) .................................................................................9

*In re Helm,*
  335 B.R. 528 (Bankr. S.D.N.Y. 2006) .....................................................................9

*In re Mid Region Petroleum, Inc.,*
  111 B.R. 968 (Bankr. N.D. Okla. 1990), *aff'd, Gen. Am. Trans. Corp. v.
  Martin (In re Mid Region Petroleum, Inc.),* 1 F.3d 1130 (10th Cir. 1993) ...........10

*Med. Malpractice Ins. Ass'n v. Hirsch (In re Lavigne),*
  114 F.3d 379 (2d Cir. 1997) .....................................................................................8

*Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot.,*
  474 U.S. 494 (1986) ...............................................................................................11

*NLRB v. Bildisco & Bildisco,*
  465 U.S. 513 (1984) .................................................................................................8

*Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.),*
  4 F.3d 1095 (2d Cir. 1993) .......................................................................................9

*Phar-Mor, Inc. v. Strouss Bldg. Assocs.,*
  204 B.R. 948 (N.D. Ohio 1997) ...............................................................................9

*TWA, Inc. v. Texaco, Inc. (In re Texaco, Inc.),*
  92 B.R. 38 (S.D.N.Y. 1988) ...................................................................................11

STATUTES

11 U.S.C. § 105(a) ...........................................................................................................11

ii

11 U.S.C. § 365(a) ...................................................................................................................8

11 U.S.C. § 554(a) .................................................................................................................11

iii

**TO THE HONORABLE MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE:**

The debtors and debtors in possession in the above-captioned cases (collectively,

the "Debtors")[1], hereby move (the "Motion") for entry of an order under sections 105(a),

365(a), and 554(a) of title 11 of the United States Code, as amended (the "Bankruptcy

Code"), rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") and rule 6006-1 of the Local Bankruptcy Rules for the Southern

District of New York, approving the procedures for the future rejection of executory

contracts and unexpired leases, including any amendments, modifications, guaranties,

supplements, restatements, or other agreements related thereto, whether made directly or

indirectly by any agreement, instrument or other document that affects such executory

contract or unexpired lease, and without regard to whether such agreement, instrument or

other document is identified in the notice (the "Rejected Contracts"), as well as the

abandonment of personal property pursuant to section 554(a) of the Bankruptcy Code, to

the extent that the Debtors, in the exercise of their business judgment, determine that such

rejection (and to the extent applicable, abandonment) is in the best interest of the

Debtors' estates.  In support of the Motion, the Debtors rely upon and incorporate by

reference the Declaration of Erik Ferguson, Senior Vice President of Business Excellence

at GMAC Mortgage, LLC, a copy of which is annexed hereto as Exhibit 1.

In support of this Motion, the Debtors represent as follows:

---

[1]  The names of the Debtors in these cases and their respective tax identification numbers are identified on
Exhibit 1 to the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in
Support of Chapter 11 Petitions and First Day Motions (the "Whitlinger Affidavit") [Docket No. 6].

## JURISDICTION AND VENUE

1.       This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and

this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.       The statutory and legal predicates for the relief requested herein are

Bankruptcy Code sections 105(a), 365(a), and 554(a) and Bankruptcy Rules 6006 and

9014.

## BACKGROUND

3.       On May 14, 2012 (the "Petition Date"), each of the Debtors filed a

voluntary petition with the Court for relief under Chapter 11 of the Bankruptcy Code.

The Debtors are managing and operating their businesses as debtors in possession

pursuant to Bankruptcy Code sections 1107(a) and 1108.  These cases are being jointly

administered pursuant to Bankruptcy Rule 1015(b).  No trustee has been appointed in

these Chapter 11 cases.

4.       On May 16, 2012, the United States Trustee for the Southern District of

New York (the "U.S. Trustee") appointed a nine-member official committee of unsecured

creditors (the "Creditors' Committee").

5.       On June 20, 2012, the Court directed that an examiner be appointed

[Docket No. 454], and on July 3, 2012, the Court approved Arthur J. Gonzalez as the

examiner (the "Examiner") [Docket No. 674].[2]

---

[2] The Debtors are a leading residential real estate finance company indirectly owned by Ally Financial Inc.
("AFI"), which is not a Debtor.  The Debtors and their non-debtor affiliates operate the fifth largest
mortgage servicing business and the tenth largest mortgage origination business in the United States.  A
more detailed description of the Debtors, including their business operations, their capital and debt
structure, and the events leading to the filing of these bankruptcy cases, is set forth in the Whitlinger
Affidavit.

6.    At the hearing on November 18 and 19, 2012, the Court approved the sale
of (i) the Debtors mortgage loan servicing and origination platform (the "Platform Sale")
to Ocwen Loan Servicing, LLC ("Ocwen"), and (ii) the Debtors' legacy whole loan
portfolio (the "Legacy Sale") to Berkshire Hathaway Inc. (together with Ocwen, the
"Purchasers"), in each case subject to entry of the sale order.

### RELIEF REQUESTED

7.    By this Motion, the Debtors respectfully request, pursuant to Bankruptcy
Code sections 105(a), 365(a), and 554(a), Bankruptcy Rules 6006 and 9014, and Rule
6006-1 of the Local Bankruptcy Rules for the Southern District of New York, that this
Court enter an order, substantially in the form annexed hereto as Exhibit 2, (a) approving
the (i) Rejection Procedures set forth below for rejecting certain executory contracts and
unexpired leases as the Debtors may identify in the exercise of their business judgment
and (ii) the form of notice proposed herein to be served upon counterparties to such
contracts and leases, substantially in the form annexed hereto as Exhibit 3, and
(b) authorizing the Debtors to take any and all action that may be necessary and
appropriate to implement and effectuate the Rejection Procedures as approved by this
Court, including the abandonment of personal property pursuant to section 554(a) of the
Bankruptcy Code.  The Debtors submit that the implementation of the Rejection
Procedures described below are reasonable and represent an appropriate exercise of
sound business judgment.

8.    The Debtors propose the following procedures for the future rejection of
executory contracts and unexpired leases (the "Rejection Procedures"):

3

(a)    The Debtors shall file with this Court a notice (the "Rejection Notice") setting forth the proposed rejection of one or more executory contracts and unexpired leases,[3] and shall serve the Rejection Notice via overnight mail delivery service, fax, or email on (i) the non-Debtor party (and its counsel, if known) under the contract or lease at the last-known address available; (ii) the Office of the United States Trustee, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attn: Brian S. Masumoto, Esq.); (iii) counsel to the Creditors' Committee, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas New York, NY 10036, (Attn: Kenneth H. Eckstein and Douglas H. Mannal); and (iv) counsel to Ally Financial, Inc., Kirkland & Ellis, 601 Lexington Avenue, New York, New York 10022 (Attn: Ray C. Schrock, Stephen E. Hessler, and Craig A. Bruens).

(b)    The Rejection Notice shall be substantially in the form of Exhibit 3 annexed hereto and shall be accompanied by a copy of the Order granting this Motion. With respect to contracts and leases to be rejected, the Rejection Notice shall set forth the following information, to the best of the Debtors' knowledge: (i) the name and address of the contract or lease counterparty, (ii) a brief description of the contract or lease to be rejected (including, with respect to leases, the street address of the real property that is the subject of the lease); (iii) the proposed effective date for the rejection of such contract or lease (which shall not be a date prior to the date of service of the Rejection Notice); (iv) the deadlines and procedures for filing objections to the Rejection Notice, which must state that, although no party is required to object to the proposed relief, if no objection is timely filed and served, the Court may grant the proposed relief; and (v) notice of the bar date for claims arising from the rejection of such contract or lease if the motion to reject is granted with respect to such contract or lease.

(c)    Should a party in interest object to the Debtors' proposed rejection of a contract or lease, such party must file and serve a written objection so that such objection is filed with this Court and actually received by the following parties not less than fourteen (14) days after the date the Rejection Notice is filed: (i) Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York 10104 (Attn: Lorenzo Marinuzzi, Samantha Martin, and Melissa Crespo); (ii) the Office of the United States Trustee, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attn: Brian S. Masumoto, Esq.); (iii) counsel to the Creditors' Committee, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas New York, NY 10036, (Attn: Kenneth H. Eckstein and Douglas H. Mannal); and (iv) counsel to Ally Financial, Inc., Kirkland & Ellis, 601 Lexington Avenue, New York, New York 10022 (Attn: Ray C. Schrock, Stephen E. Hessler, and Craig A. Bruens) (the "Objection Notice Parties").

(d)    If no objection to a Rejection Notice is timely filed and served, the applicable contract or lease shall be deemed rejected on the effective date set forth in the Rejection Notice, or, if no such date is set forth, the date the Rejection Notice is filed with the Court; provided, however, that the effective date of the rejection of a contract or

---

[3] Consistent with Bankruptcy Rule 6006(f), however, no more than 100 executory contracts and unexpired leases will be contained on any one Rejection Notice.

ny-1067660

lease shall not occur until the later of: (i) the date the Debtors file and serve a Rejection
Notice; (ii) the date the Debtors surrender the premises under a lease for non-residential
real property, if applicable, by notifying the affected landlord in writing of the Debtors'
surrender of the premises and turning over the keys, key codes and security codes, if any,
to the affected landlord, and (iii) the Collection Deadline (defined below), if applicable,
expires (the "Rejection Date").

   (e) If a timely objection to a Rejection Notice is filed and received in
accordance with the Rejection Procedures, and not withdrawn or otherwise resolved, the
Debtors shall schedule a hearing on such objection and provide at least seven (7) calendar
days' notice of such hearing to the objecting party and the Objection Notice Parties. If the
Court ultimately upholds the Debtors' determination to reject the applicable contract or
lease, then the contract or lease shall be deemed rejected (i) as of the Rejection Date, or
(ii) as otherwise determined by the Court as set forth in any order overruling such
objection.

   (f) Claims arising out of Rejected Contracts must be filed with
Kurtzman Carson Consultants,[4] the Court-approved claims processing agent, on or before
the later of (i) the deadline for filing proofs of claim established by the Court in the
Debtors' cases, or (ii) forty-five (45) days after the Rejection Date.[5] If no proof of claim
is timely filed, such claimant shall be forever barred from asserting a claim for rejection
damages and from participating in any distributions that may be made in connection with
these Chapter 11 cases.

   (g) If any of the Debtors has deposited funds with the counterparty to a
Rejected Contract as a security deposit or other arrangement, such counterparty may not
set off or otherwise use such deposit without the prior authority of the Court or agreement
between the counterparty and the Debtors.

   9. The Debtors also request authority, prior to and through the Rejection

Date, to remove, in their sole discretion, from premises that are the subject of any

rejected lease, consistent with the Debtors' ownership rights or other property interests

therein, personal property that the Debtors have installed in or about the leased premises

(such as equipment, fixtures, furniture, advertising displays and other personal property),

---

[4] Claims should be sent to the following address:

   ResCap Claims Processing Center, c/o KCC
   2335 Alaska Ave.
   El Segundo, CA 90245

[5] The Debtors reserve all of their rights to object to the claims on any basis.

ny-1067660

which property is either owned by the Debtors, leased by the Debtors from third parties, or subject to any equipment financing agreements with third parties.[6]

10.      Moreover, to the extent that the Debtors determine that any interest of the Debtors in such property has little or no value or that the preservation thereof will be burdensome to their estates compared with the expense of removing and storing such property, the Debtors request authority to abandon, in their sole discretion, such property remaining at a premises subject to a rejected lease as of the Rejection Date.

11.      No personal property subject to a true lease shall be abandoned without first rejecting the underlying lease for such property.  If the Debtors propose to abandon personal property that is (i) subject to a true lease, and (ii) located at a premises that is the subject of a Rejection Notice, such Rejection Notice shall indicate the same, and the Debtors propose that the automatic stay be deemed modified to permit the respective personal property lessor to retrieve such abandoned property within seven (7) days of the date the Rejection Notice is filed (the "Collection Deadline").

12.      Should the Debtors propose to abandon such property, the foregoing notice and objection procedures will apply to the personal property lessor and the Rejection Notice will set forth a description of the property proposed to be abandoned, as required by Rule 6007-1 of the Local Rules, and shall be served on the personal property lessor at the same time it is served on all Rejection Notice Parties.  In all events, including if property is not retrieved by the Collection Deadline, the Debtors request that the property be deemed abandoned pursuant to section 554 of the Bankruptcy Code as of the Rejection Date and, except as set forth above, that the landlord(s) be authorized to

---

[6] The Debtors will not remove any property that is owned by the applicable landlord.

dispose of such abandoned property without liability to any third party claiming an interest in such abandoned property.

13.    In connection with the foregoing Rejection Procedures, the Debtors also request authorization to execute and deliver all instruments and documents and take such other actions as may be necessary or appropriate to implement and effectuate these Rejection Procedures as approved by this Court, and request that entry of the requested order be without prejudice to the Debtors' right to seek further, other, or different relief regarding executory contracts and unexpired leases.

**<u>BASIS FOR RELIEF</u>**

14.    The Debtors expect to consummate the Platform Sale and the Legacy Sale in early 2013. While the Debtors currently are in the process of evaluating which of the Debtors' executory contracts and unexpired leases should be assumed and assigned to the Purchasers in connection with the Platform Sale and the Legacy Sale, or assumed to facilitate the Debtors' wind down activities, there will inevitably be a large number of contracts and leases that no longer provide any benefit to the Debtors' estates and should be rejected. For example, as part of this analysis, the Debtors may determine that the certain executory contracts and unexpired leases are burdensome to the estate, will not be assigned to the Purchasers, and are no longer needed for the wind down of the Debtors' business operations. By rejecting the Rejected Contracts, the Debtors will avoid incurring unnecessary costs in connection with agreements that provide no tangible benefit to the Debtors' estates. The elimination of such obligations constitutes a valid exercise of the Debtors' business judgment.

15.    The Debtors seek authority to implement the Rejection Procedures to streamline the Debtors' ability to reject burdensome contracts and leases and avoid the

7

unwarranted financial burden of filing individual motions to reject such executory

contracts and unexpired leases.

16.    Based on the foregoing, the Debtors have determined, through the exercise

of their business judgment, that the establishment of the Rejection Procedures and the

rejection of the Rejected Contracts is in the best interests of the Debtors' estates, their

creditors and other parties in interest.

## APPLICABLE AUTHORITY

A.    **Rejection of the Rejected Contracts Is a Sound Exercise of the Debtors'
       Business Judgment and Should Be Approved by the Court.**

17.    Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a

debtor in possession, "subject to the court's approval, may assume or reject any

executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a); *see also NLRB v.*

*Bildisco & Bildisco*, 465 U.S. 513, 521 (1984); *Med. Malpractice Ins. Ass'n v. Hirsch (In*

*re Lavigne)*, 114 F.3d 379, 386 (2d Cir. 1997). "The purpose behind allowing the

assumption or rejection of executory contracts is to permit the trustee or debtor-in-

possession to use valuable property of the estate and to renounce title to and abandon

burdensome property." *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion*

*Pictures Corp.)*, 4 F.3d 1095, 1098 (2d Cir. 1993) (internal quotation marks and reference

omitted).

18.    Courts defer to a debtor's business judgment in rejecting an executory

contract or unexpired lease, and upon finding that a debtor has exercised its sound

business judgment, approve a debtor's decision to reject under section 365(a) of the

Bankruptcy Code.  *See Bildisco & Bildisco*, 465 U.S. at 523 (recognizing the "business

judgment" standard used to approve rejection of executory contracts and unexpired

8

leases); *In re Orion Pictures Corp.*, 4 F.3d at 1098 (noting that section 365 "permits the

[debtor], subject to the approval of the bankruptcy court, to go through the inventory of

executory contracts of the debtor and decide which ones it would be beneficial to adhere

to and which ones it would be beneficial to reject."); *In re Gucci*, 193 B.R. 411, 415

(S.D.N.Y. 1996) ("A bankruptcy court reviewing a trustee's decision to assume or reject

an executory contract should apply its 'business judgment' to determine if it would be

beneficial or burdensome to the estate to assume it.").

19.    The "business judgment" test merely requires a showing that either

assumption or rejection of the executory contract or unexpired lease will benefit the

debtor's estate.  *See, e.g.*, *Bregman v. Meehan (In re Meehan)*, 59 B.R. 380, 385

(E.D.N.Y. 1986) ("The primary issue under the business judgment test is whether

rejection of the contract would benefit general unsecured creditors."); *In re Helm*, 335

B.R. 528, 538 (Bankr. S.D.N.Y. 2006) ("To meet the business judgment test, the debtor

in possession must establish that rejection will benefit the estate.") (quotations omitted).

20.    Courts generally will not second-guess a debtor's business judgment

concerning whether the assumption or rejection of an executory contract or unexpired

lease would benefit the debtor's estate. *See In re Balco Equities Ltd.*, 323 B.R. 85, 98

(Bankr. S.D.N.Y. 2005) ("A court should defer to a debtor's decision that rejection of a

contract would be advantageous….") (quotations omitted); *Phar-Mor, Inc. v. Strouss

Bldg. Assocs.*, 204 B.R. 948, 951-52 (N.D. Ohio 1997) ("Whether an executory contract

is 'favorable' or 'unfavorable' is left to the sound business judgment of the debtor ….

Courts should generally defer to debtor's decision whether to reject an executory

contract.") (internal citations omitted).

21.     As set forth above, the Debtors clearly have satisfied the "business judgment" standard for rejecting the Rejected Contracts.  The Debtors seek to reject contracts and leases that are financially burdensome and unnecessary to the wind down of the Debtors' business operations or to the administration of the Debtors' estates or those that do not have any value beneficial to the Debtors' estates.  Further, establishing the Rejection Procedures will minimize the Debtors' postpetition obligations and promote the efficiency and overall cost-effectiveness if the Debtors' Chapter 11 proceedings.  The Rejection Procedures will save substantial legal expense and Court time that would otherwise be incurred if multiple hearings were held on separate motions with respect to every contract and lease that the Debtors determine should be rejected.

22.     Moreover, the counterparties to the Rejected Contracts will not be prejudiced by the Rejection Procedures because, upon receipt of a Rejection Notice, such counterparties will have received advance notice of the Debtors' intent to reject their respective contract or lease and of the effective date of the rejection. *See, e.g., In re Mid Region Petroleum, Inc.*, 111 B.R. 968, 970 (Bankr. N.D. Okla. 1990), *aff'd, Gen. Am. Trans. Corp. v. Martin (In re Mid Region Petroleum, Inc.)*, 1 F.3d 1130 (10th Cir. 1993) (effective date of rejection of leases was the date the trustee gave notice to lessor of intent to reject); *Carlisle Homes, Inc. v. Azzari (In re Carlisle Homes, Inc.)*, 103 B.R. 524, 535 (Bankr. D.N.J. 1988) (debtor may reject executory contract by clearly communicating intention to reject).  The Debtors submit that the proposed Rejection Procedures, with the goal of conserving judicial resources, balance the need for an expeditious reduction of burdensome costs to the Debtors' estates while providing due notice of the proposed rejection to the contract counterparties.

10

23.    With respect to the Debtors' request for authority to abandon property, the
Debtors submit that the standard set forth in section 554(a) of the Bankruptcy Code is
satisfied.  Section 554(a) provides that a debtor in possession may abandon, subject to
court approval, "property of the estate that . . . is of inconsequential value and benefit to
the estate." 11 U.S.C. §554(a).  Before authorizing abandonment of property, a
Bankruptcy Court must find either that: (i) the property is burdensome to the estate, or
(ii) the property is of inconsequential value and inconsequential benefit to the estate. *See,
e.g., Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot.*, 474 U.S. 494, 497 (1986); *TWA,
Inc. v. Texaco, Inc. (In re Texaco, Inc.)*, 92 B.R. 38, 44 (S.D.N.Y. 1988); *In re Crowthers
McCall Pattern, Inc.*, 114 B.R. 877, 882 n.7 (Bankr. S.D.N.Y. 1990). The personal
property proposed to be abandoned in connection with any future rejections of real
property leases would primarily consist of fixtures, furniture, advertising displays, and
other office and store equipment that is (i) of minimal or no material value or benefit to
the Debtors' estates, and/or (ii) burdensome insofar as the costs and expenses of removal
and storage of such property are likely to exceed the net proceeds realizable from their
sale.

24.    Finally, section 105 of the Bankruptcy Code provides, in relevant part, that
"[t]he Court may issue any order, process, or judgment that is necessary or appropriate to
carry out the provisions of this title." 11 U.S.C. § 105(a). The Debtors submit that the
implementation of the Rejection Procedures is appropriate in these chapter 11 cases and
is well within the Court's equitable powers under section 105 of the Bankruptcy Code.
Indeed, similar relief has been granted in various other chapter 11 cases in this
jurisdiction. *See, e.g., In re The Great Atl. & Pac. Tea Co.*, Ch. 11 Case No. 10-24549

11

(RDD) (Bankr. S.D.N.Y. May 2, 2011) [Docket No. 1475]; *In re Borders Group, Inc.*,

Case No. 11-10614 (MG) (Bankr. S.D.N.Y. June 2, 2011) [Docket No. 964]; *In re*

*Blockbuster Inc.*, Ch. 11 Case No. 10-14997 (BRL) (Bankr. S.D.N.Y. Oct. 21, 2010)

[Docket No. 362]; *In re Finlay Enters., Inc.*, Ch. 11 Case No. 09-14873 (JMP) (Bankr.

S.D.N.Y. Oct. 29, 2009) [Docket No. 336]; *In re BH S&B Holdings LLC*, No. 08-14604

(MG) (Bankr. S.D.N.Y. Dec. 16, 2008) (Dkt. No. 197).

   25.  In sum, the Debtors submit that the establishment of the Rejection

Procedures to govern the rejection of additional contracts and leases is necessary to

minimize the administrative burden on the Debtors and the Debtors' professionals and

conserve judicial resources.  The Debtors submit that the proposed Rejection Procedures

should be approved because they are in the best interests of the Debtors' estates and

represent a proper exercise of the Debtors' business judgment.

<b><u>NOTICE</u></b>

   26.  The Debtors have provided notice of this Motion in accordance with the

Case Management Procedures Order, approved by this Court on May 23, 2012 [Docket

No. 141].

12

## CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court enter an order,

substantially in the form annexed hereto, granting the relief requested in this Motion and

such other and further relief as may be just and proper.


New York, New York                         /s/ Gary S. Lee
Dated: November 30, 2012                    Gary S. Lee
                                            Lorenzo Marinuzzi
                                            Samantha Martin
                                            MORRISON & FOERSTER LLP
                                            1290 Avenue of the Americas
                                            New York, New York 10104
                                            Telephone: (212) 468-8000
                                            Facsimile: (212) 468-7900

                                            *Counsel to the Debtors*
                                            *and Debtors in Possession*

## Exhibit 1

**Declaration**

*(Please see attached)*

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Samantha Martin

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

---

**DECLARATION OF ERIK FERGUSON, SENIOR VICE PRESIDENT OF
BUSINESS EXCELLENCE AT GMAC MORTGAGE, LLC, IN SUPPORT OF
DEBTORS' MOTION FOR ORDER UNDER 11 U.S.C. §§ 105(a), 365(a), AND
554(a), FED. R. BANKR. P. 6006 AND 9014, AND LOCAL BANKRUPTCY RULE
6006-1 APPROVING PROCEDURES REGARDING THE FUTURE REJECTION
OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

I, Erik Ferguson, declare as follows:

      **A.**      **Background and Qualifications**

          1.      I serve as Senior Vice President of Business Excellence at GMAC

Mortgage, LLC, one of the debtors and debtors in possession in the above-captioned

Chapter 11 cases (collectively, the "Debtors"). I have held this position since August

2010. In my role as Senior Vice President of Business Excellence at GMAC Mortgage,

LLC, I am responsible for the management of owned and leased facilities from which the

Debtors conduct their respective business activities. I am authorized to submit this

declaration (the "Declaration") in support of the *Debtors' Motion for Order Under 11 U.S.C. §§ 105(a), 365(a), and 554(a) and Fed. R. Bankr. P. 6006 and 9014 and Local Bankruptcy Rule 6006-1 Approving Procedures Regarding the Future Rejection of Executory Contracts and Unexpired Leases*, dated as of November 30, 2012 (the "Motion").[1]

2.    Except as otherwise indicated, all statements in this Declaration are based upon my personal knowledge or information supplied or verified by personnel in departments within the Debtors' various business units. If I were called to testify as a witness in this matter, I would testify competently to the facts set forth herein.

3.    While the Debtors currently are in the process of evaluating which of the Debtors' executory contracts and unexpired leases should be assumed and assigned to the Purchasers in connection with the Platform Sale and the Legacy Sale, or assumed to facilitate the Debtors' wind down activities, there will inevitably be a large number of contracts and leases that no longer provide any benefit to the Debtors' estates and should be rejected. For example, as part of this analysis, the Debtors may determine that the certain executory contracts and unexpired leases are burdensome to the estate, will not be assigned to the Purchasers, and are no longer needed for the wind down of the Debtors' business operations. By rejecting the Rejected Contracts, the Debtors will avoid incurring unnecessary costs in connection with agreements that provide no tangible benefit to the Debtors' estates. The elimination of such obligations constitutes a valid exercise of the Debtors' business judgment.

---

[1]  Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to them in the Motion.

ny-1067660

4.    The personal property proposed to be abandoned in connection with any future rejections of real property leases would primarily consist of fixtures, furniture, advertising displays, and other office and store equipment that is (i) of minimal or no material value or benefit to the Debtors'' estates, and/or (ii) burdensome insofar as the costs and expenses of removal and storage of such property are likely to exceed the net proceeds realizable from their sale.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  New York, New York
        November 30, 2012

/s/ Erik Ferguson
_____
Erik Ferguson
Senior Vice President of Business
Excellence at GMAC Mortgage, LLC

2

**<u>Exhibit 2</u>**

**Proposed Order**

(*Please see attached*)

3

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------)
                                                             )
In re:                                                       )    Case No. 12-12020 (MG)
                                                             )
RESIDENTIAL CAPITAL, LLC, et al.,                            )    Chapter 11
                                                             )
                                    Debtors.                 )    Jointly Administered
                                                             )
--------------------------------------------------------------)

### ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 365(a), AND 554(a) AND FED. R. BANKR. P. 6006 AND 9014 AND LOCAL BANKRUPTCY RULE 6006-1 APPROVING PROCEDURES REGARDING THE FUTURE REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Upon the motion (the "Motion") of the Debtors[1] for entry of an order (the "Order"), pursuant to sections 105(a), 365(a), and 554(a) of title 11 of the United States Code, as amended (the "Bankruptcy Code") and rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving the procedures for the future rejection of executory contracts and unexpired leases, including any amendments, modifications, guaranties, supplements, restatements, or other agreements related thereto, whether made directly or indirectly by any agreement, instrument or other document that affects such executory contract or unexpired lease, and without regard to whether such agreement, instrument or other document is identified in the Rejection Notice (the "Rejected Contracts"), including the abandonment of personal property pursuant to section 554(a) of the Bankruptcy Code, to the extent that the Debtors, in the exercise of their business judgment, determine that such rejection (and to the extent applicable, abandonment) is in the best interest of the Debtors' estates, all as more fully

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

described in the Motion; and the Court having jurisdiction to consider the Motion and

grant the requested relief in accordance with 28 U.S.C. §§ 157 and 1334; and

consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and

venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the

Court having reviewed the Motion and the Declaration of Erik Ferguson, Senior Vice

President of Business Excellence at GMAC Mortgage, LLC in support of the Motion; and

the Court having determined that the relief requested in the Motion is in the best interests

of the Debtors, their estates, their creditors, and all parties in interest; and it appearing

that proper and adequate notice of the Motion has been given and that no other or further

notice is necessary; and the legal and factual bases set forth in the Motion establish just

and sufficient cause to grant the requested relief herein; and upon the record herein; and

after due deliberation thereon; and good and sufficient cause appearing therefor,

   IT IS HEREBY FOUND, DETERMINED, AND ORDERED THAT:

  1.  The Motion is GRANTED.

  2.  The following procedures (the "Rejection Procedures") for the Debtors'

rejection of executory contracts and unexpired leases pursuant to section 365(a) of the

Bankruptcy Code are hereby authorized and approved and established in the Debtors'

chapter 11 cases:

   (a)  The Debtors shall file with this Court a notice (the "Rejection
Notice") setting forth the proposed rejection of one or more executory contracts and
unexpired leases,[2] and shall serve the Rejection Notice via overnight mail delivery
service, fax, or email on (i) the non-Debtor party (and its counsel, if known) under the
contract or lease at the last-known address available; (ii) the Office of the United States
Trustee, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attn: Brian S. Masumoto,

---

[2] Consistent with Bankruptcy Rule 6006(f), however, no more than 100 executory contracts and unexpired
leases will be contained on any one Rejection Notice.

ny-1067660

Esq.); (iii) counsel to the Creditors' Committee, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas New York, NY 10036, (Attn: Kenneth H. Eckstein and Douglas H. Mannal); and (iv) counsel to Ally Financial, Inc., Kirkland & Ellis, 601 Lexington Avenue, New York, New York 10022 (Attn: Ray C. Schrock, Stephen E. Hessler, and Craig A. Bruens).

(b)     The Rejection Notice shall be substantially in the form of Exhibit 1 annexed hereto and shall be accompanied by a copy of the Order granting this Motion. With respect to contracts and leases to be rejected, the Rejection Notice shall set forth the following information, to the best of the Debtors' knowledge: (i) the name and address of the contract or lease counterparty, (ii) a brief description of the contract or lease to be rejected (including, with respect to leases, the street address of the real property that is the subject of the lease); (iii) the proposed effective date for the rejection of such contract or lease (which shall not be a date prior to the date of service of the Rejection Notice); (iv) the deadlines and procedures for filing objections to the Rejection Notice, which must state that, although no party is required to object to the proposed relief, if no objection is timely filed and served, the Court may grant the proposed relief; and (v) notice of the bar date for claims arising from the rejection of such contract or lease if the motion to reject is granted with respect to such contract or lease.

(c)     Should a party in interest object to the Debtors' proposed rejection of a contract or lease, such party must file and serve a written objection so that such objection is filed with this Court and actually received by the following parties not less than fourteen (14) days after the date the Rejection Notice is filed: (i) Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York 10104 (Attn: Lorenzo Marinuzzi, Samantha Martin, and Melissa Crespo); (ii) the Office of the United States Trustee, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attn: Brian S. Masumoto, Esq.); (iii) counsel to the Creditors' Committee, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas New York, NY 10036, (Attn: Kenneth H. Eckstein and Douglas H. Mannal); and (iv) counsel to Ally Financial, Inc., Kirkland & Ellis, 601 Lexington Avenue, New York, New York 10022 (Attn: Ray C. Schrock, Stephen E. Hessler, and Craig A. Bruens) (the "Objection Notice Parties").

(d)     If no objection to a Rejection Notice is timely filed and served, the applicable contract or lease shall be deemed rejected on the effective date set forth in the Rejection Notice, or, if no such date is set forth, the date the Rejection Notice is filed with the Court; provided, however, that the effective date of the rejection of a contract or lease shall not occur until the later of: (i) the date the Debtors file and serve a Rejection Notice; (ii) the date the Debtors surrender the premises under a lease for non-residential real property, if applicable, by notifying the affected landlord in writing of the Debtors' surrender of the premises and turning over the keys, key codes and security codes, if any, to the affected landlord, and (iii) the Collection Deadline (defined below), if applicable, expires (the "Rejection Date").

(e)     If a timely objection to a Rejection Notice is filed and received in accordance with the Rejection Procedures, and not withdrawn or otherwise resolved, the Debtors shall schedule a hearing on such objection and provide at least seven (7) calendar

2

days' notice of such hearing to the objecting party and the Objection Notice Parties. If the Court ultimately upholds the Debtors' determination to reject the applicable contract or lease, then the contract or lease shall be deemed rejected (i) as of the Rejection Date, or (ii) as otherwise determined by the Court as set forth in any order overruling such objection.

(f)    Claims arising out of Rejected Contracts must be filed with Kurtzman Carson Consultants,[3] the Court-approved claims processing agent, on or before the later of (i) the deadline for filing proofs of claim established by the Court in the Debtors' cases, or (ii) forty-five (45) days after the Rejection Date.[4] If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for rejection damages and from participating in any distributions that may be made in connection with these Chapter 11 cases.

(g)    If any of the Debtors has deposited funds with the counterparty to a Rejected Contract as a security deposit or other arrangement, such counterparty may not set off or otherwise use such deposit without the prior authority of the Court or agreement between the counterparty and the Debtors.

3.    Prior to and through the Rejection Date, the Debtors are authorized to remove, in their sole discretion, from premises that are the subject of any rejected lease, consistent with the Debtors' ownership rights or other property interests therein, personal property that the Debtors have installed in or about the leased premises (such as equipment, fixtures, furniture, advertising displays and other personal property), which property is either owned by the Debtors, leased by the Debtors from third parties, or subject to any equipment financing agreements with third parties.[5]

4.    Moreover, to the extent that the Debtors determine that any interest of the Debtors in such property has little or no value or that the preservation thereof will be burdensome to their estates compared with the expense of removing and storing such

---

[3] Claims should be sent to the following address:

> ResCap Claims Processing Center, c/o KCC
> 2335 Alaska Ave.
> El Segundo, CA 90245

[4] The Debtors reserve all of their rights to object to the claims on any basis.

[5] The Debtors will not remove any property that is owned by the applicable landlord.

3

property, the Debtors are authorized to abandon, in their sole discretion, such property remaining at a premises subject to a rejected lease as of the Rejection Date.

5.        No personal property subject to a true lease shall be abandoned without first rejecting the underlying lease for such property.  If the Debtors propose to abandon personal property that is (i) subject to a true lease, and (ii) located at a premises that is the subject of a Rejection Notice, such Rejection Notice shall indicate the same, and the automatic stay shall be deemed modified to permit the respective personal property lessor to retrieve such abandoned property within seven (7) days of the date the Rejection Notice is filed (the "Collection Deadline").  Any such Rejection Notice shall be served on the personal property lessor at the same time it is served on all Rejection Notice Parties. Any property located on the premises of a contract or lease that is rejected in accordance with the terms hereof, including property that is not retrieved by the Collection Deadline, shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code without further order of this Court as of the Rejection Date free and clear of any interests of any other party and any landlord or other designee shall be authorized to dispose of such abandoned property without liability to any third party claiming an interest in such abandoned property.

6.        The Debtors are hereby authorized to execute and deliver all instruments and documents, and take all other actions, as may be necessary or appropriate to implement and effectuate the relief granted in this Order.

7.        Entry of this Order is without prejudice to the rights of the Debtors, including, but not limited to, the right to seek further, other, or different relief regarding executory contracts and unexpired leases pursuant to, among other things, section 365 of

4

the Bankruptcy Code. Notwithstanding the relief granted herein and any actions taken

hereunder, nothing in the Motion or this Order shall constitute, nor is it intended to

constitute: (i) an admission as to the validity or priority of any claim against the Debtors;

(ii) a waiver of the Debtors' rights to dispute any claim; or (iii) an assumption or adoption

of any contract or lease pursuant to section 365 of the Bankruptcy Code.

8.      This Court shall retain jurisdiction with respect to all matters arising from

or related to the implementation or interpretation of this Order.

Dated:    New York, New York
          _____, 2012


_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit 3</u>**

**Proposed Form of Notice**

(*Please see attached*)

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------
                                                )
In re:                                          )    Case No. 12-12020 (MG)
                                                )
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,        )    Chapter 11
                                                )
                              Debtors.          )    Jointly Administered
                                                )
-----------------------------------------------------------------

**NOTICE OF REJECTION OF EXECUTORY**
**<u>CONTRACTS AND UNEXPIRED LEASES</u>**

        **PLEASE TAKE NOTICE** that, on _____, 2012, the United States
Bankruptcy Court for the Southern District of New York (the "<u>Court</u>") entered an order
(the "<u>Procedures Order</u>") authorizing the Debtors to implement expedited procedures for
the rejection of one or more executory contracts and unexpired leases in the above-
captioned chapter 11 cases (the "<u>Chapter 11 Cases</u>").  A copy of the Procedures Order is
attached hereto.

        **PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the
Procedures Order, the Debtors hereby provide notice of the intent to reject the contracts
and leases identified below.

        **PLEASE TAKE FURTHER NOTICE** that, objections, if any, to this
Notice must be filed with the Court and served so that it is actually received by the
following parties not less than fourteen (14) days after the date this Notice is filed:
(i) Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York
10104 (Attn: Lorenzo Marinuzzi, Samantha Martin, and Melissa Crespo); (ii) the Office
of the United States Trustee, 33 Whitehall Street, 21st Floor, New York, NY 10004
(Attn: Brian S. Masumoto, Esq.); (iii) counsel to the Creditors' Committee, Kramer
Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas New York, NY 10036,
(Attn: Kenneth H. Eckstein and Douglas H. Mannal); and (iv) counsel to Ally Financial,
Inc., Kirkland & Ellis, 601 Lexington Avenue, New York, New York 10022 (Attn: Ray
C. Schrock, Stephen E. Hessler, and Craig A. Bruens) (the "<u>Objection Notice Parties</u>").

        **PLEASE TAKE FURTHER NOTICE** that, if no written objection is
filed and served in accordance with the terms of the Procedures Order, the following
contracts and leases will be rejected pursuant to 11 U.S.C. § 365(a), effective as of the
date set forth in the chart below, or, if no such date is set forth, the date this Notice is
filed with the Court; provided, however, that the effective date of the rejection of a
contract or lease shall not occur until the later of: (i) the date the Debtors file and serve
this Notice; (ii) the date the Debtors surrender the premises under a lease for non-
residential real property, if applicable, by notifying the affected landlord in writing of the

Debtors' surrender of the premises and turning over the keys, key codes and security codes, if any, to the affected landlord, and (iii) the Collection Deadline,[1] if applicable, expires (the "Rejection Date").

PLEASE TAKE FURTHER NOTICE that, if an objection to this Notice is timely filed and received, and not withdrawn or otherwise resolved, the Debtors shall schedule a hearing on such objection and provide at least seven (7) calendar days' notice of such hearing to the objecting party and the Objection Notice Parties. If the Court ultimately upholds the Debtors' determination to reject the applicable contract or lease, then the contract or lease shall be deemed rejected (i) as of the Rejection Date, or (ii) as otherwise determined by the Court as set forth in any order overruling such objection.

PLEASE TAKE FURTHER NOTICE that, pursuant to the terms of the Procedures Order, for any claim that you may assert against the Debtors as a result of the rejection of any contract or lease, you must submit a proof of claim for damages arising from such rejection, if any, to Kurtzman Carson Consultants,[2] the Court-approved claims processing agent, on or before the later of (i) the deadline for filing proofs of claim established by the Court in the Chapter 11 Cases or (ii) forty-five (45) days after the filing of this Notice.  A proof of claim form will be available at www.kccllc.net.  If you do not timely file such proof of claim, you shall be forever barred from asserting a claim for rejection damages arising from the rejection of the above-referenced lease or contract.

PLEASE TAKE FURTHER NOTICE that, pursuant to the terms of the Procedures Order, if the Debtor has deposited funds with a contract or lease counterparty as a security deposit or other arrangement, the counterparty may not set off or otherwise use such deposit without the prior authority of the Court or agreement between the counterparty and the Debtors.


New York, New York                      /s/ Gary S. Lee
Dated: November 30, 2012                Gary S. Lee
                                        Lorenzo Marinuzzi
                                        Samantha Martin
                                        MORRISON & FOERSTER LLP
                                        1290 Avenue of the Americas
                                        New York, New York 10104
                                        Telephone: (212) 468-8000

---

[1] If the Debtors indicate herein their intention to abandon personal property that is (i) subject to a true lease, and (ii) located at a premises that is the subject of this Notice, the automatic stay shall be deemed modified to permit the respective personal property lessor to retrieve such abandoned property within seven (7) days of the date following the filing of this Notice (the "Collection Deadline").

[2] Claims should be sent to the following address:

ResCap Claims Processing Center, c/o KCC
2335 Alaska Ave.
El Segundo, CA 90245

2

ny-1067660

Facsimile: (212) 468-7900
*Counsel to the Debtors*
*and Debtors in Possession*

|   | Debtor | Contract/Lease Counterparty (Name/Address) | Description of Contract/Lease | Effective Date of Rejection |
|---|---|---|---|---|
| 1 |  |  |  |  |
| 2 |  |  |  |  |
| 3 |  |  |  |  |
| 4 |  |  |  |  |

ny-1067660