IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In Ref: GMAC MORTGAGE LLC    ) Adv Complaint No.
                            )
         Debtor             )
                            )
_____) Case No.: 12-12032
                            )
GWENDOLYN B. HAWTHORNE,      )
                            )
2377 SCOTT OAKS TRAIL SW    )
                            )
MARIETTA, GA 30008          )
                            )
                            )
         Plaintiff,         )
                            )
     vs.                    )
                            )
GMAC MORTGAGE LLC,          )
                            )
1100 VIRGINIA DRIVE         )
                            )
FORT WASHINGTON, PA 19034   )
                            )
AND                         )
                            )
U.S. BANK NATIONAL ASSOCIATION )
                            )
AND                         )
                            )
GMFS LLC                    )
                            )
7389 FLORIDA BLVD SUITE 200A )
                            )
BATON ROUGE, LA 70806       )
                            )
AND                         )
                            )
JUDY FABER, VICE PRESIDENT  )
                            )
AND                         )
                            )
BRENDA GUIDRY               )
                            )
AND                         )
                            )
MORTGAGE ELECTRONIC REGISTRATION )
                            )
SYSTEM INC                  )
                            )
AND                         )
                            )
DUANE THOMPSON, ASSISTANT SECRETARY )
                            )
MORTGAGE ELECTRONIC REGISTRATION )
                            )
SYSTEMS INC AS NOMINEE FOR GMFS, LLC


RECEIVED NOV 29 2012 U.S. BANKRUPTCY COURT SO DIST OF NEW YORK

DEBTORS' COMPLAINT TO DETERMINE NATURE AND EXTENT OF LIENS

PURSUANT TO 11 U.S.C. 506(A) - 1

RESIDENTIAL FUNDING CORPORATION

    Defendant

_____

**DEBTORS' COMPLAINT TO DETERMINE NATURE AND EXTENT OF LIENS PURSUANT TO 11 U.S.C. 506(A)**

Plaintiff/Creditor Gwendolyn B. Hawthorne, herein bring this adversary complaint to determine the nature and extent of liens that appear to be secured by Plaintiff's principal residence, and Complaint for Violations of the Racketeer Influenced and Corrupt Organizations Act but which are completely unsecured, pursuant to 11 U.S.C. 506(a).

## I.    INTRODUCTION

1. The protection of individual property rights is a cornerstone of American society and its jurisprudence. These rights are protected by well-established laws that provide the necessary checks and balances to ensure that these rights are not violated.

2. Ignoring fundamental rights of property ownership, the Defendants and their cohorts engaged in a pattern of racketeering activity in which they routinely and repeatedly prepared perjured affidavits in order to rapidly churn foreclosures of the Plaintiffs' mortgages without the necessary information and documentation.

3. The perjured affidavit in question were signed by so-called "robo-signers" (Duane Thompson) who often signed hundreds per day and had no personal knowledge of their contents or accuracy. The perjured affidavits/Assignments were submitted to courts and sent through interstate mails and wires, all in furtherance and perpetuation of the fraud. The robo-signers perjured themselves at the Defendants' direction by swearing that they had personal knowledge of information contained in the affidavits that they did not even read.

4. The Defendants' and their enterprise's activities amounted to a conspiracy to undermine the justice system in foreclosure proceedings. This foreclosure churning apparatus, through its multiple parts,

allowed the Defendants to operate the Mortgage Foreclosure Mill Enterprises, throwing families from their homes with callous disregard for the basic protections of the law and established American notions of justice.

5. As set forth below, the Plaintiff are entitled to actual and statutorily-enhanced damages caused by the Defendants' fraudulent activities under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. 1961-68.  Plaintiff is entitled to damages for Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692.

## II PARTIES

6. GMFS LLC is a non-Louisiana limited liability company that is registered as a residential mortgage lender with the Louisiana Office of Financial Institutions.  GMFS is engaged in, and its activities affect interstate commerce.  At all relevant times, GMFS regularly extended consumer credit payable by written agreement in more than four installments for which a finance charge is imposed, table funded such loans and/or accepted assignment of such loans that had been originated by other lenders.

## III.   JURISDICTION

7. Debtor(s) filed a Chapter 11 case in the above-entitled court on May 14, 2012.  As such, this Court has jurisdiction over these proceedings pursuant to 28 U.S.C. 1334(a), which provides that the District Court shall have original and exclusive jurisdiction of all cases and proceedings under Title 11 28 U.S.C. 157(a), which in turn authorizes the District Court to refer all Title 11 cases and proceedings to the bankruptcy judges for the district.  This matter is a core proceeding pursuant to 28 U.S.C. 157(b)(2)(H).  Plaintiff requests a trial by jury.

## IV.   STATEMENT OF FACTS

DEBTORS' COMPLAINT TO DETERMINE NATURE AND EXTENT OF LIENS

PURSUANT TO 11 U.S.C. 506(A) - 3

8. Plaintiff Gwendolyn B. Hawthorne is the owner of record, or have an equitable ownership in the real property commonly known as 2377 Scott Oaks Trail SW Marietta, GA 30008. ("the subject property").

9. The value of the property, as shown on Defendant's proof of claims is $145,821.97. This is evidenced by the recorded Security Deed and fraudulent Assignment which purports to encumber the subject property.

10. Plaintiff attaches a true and correct copy of the following documents to support the above facts: Exhibit A "Security Deed" November 07, 2003, Exhibit B: Assignment of Security Deed dated June 22, 2012.

11. Plaintiff allege that Defendant's purported "lien" is fully unsecured in that the lien having no priority over that of Plaintiff's amount is more than the value of the property at the time of the commencement of the case.

12. Further, Plaintiff allege that for the purpose of 11 U.S.C. 506, the appropriate date of valuation is the date of the commencement of this case while the purpose of valuation is to determine if, upon immediate liquidation at the time of the commencement of the case, there would be any equity in the property such that Defendant would be able to recover any money upon its alleged lien.

13. GMAC Mortgage filed a proof of claim on October 03, 2012. The documents attached to the proof of claim include an Adjustable Rate Note from Defendant GMFS, LLC to Mortgage Electronic Registration Systems, Inc.

14. Upon investigation the Plaintiff has determined the lien on the property in question is backed by Defendant, GMFS LLC.

15. The fraudulent Assignment to RESIDENTIAL FUNDING CORPORATION was signed by Brenda Guidry, A GMFS employee who signed the document as an officer of GMFS. The two endorsements on the note appear to have been executed by other people who have been identified in other cases around the county as people who signed documents indiscriminately with bizarre

"limited signing authorities" associated with Defendant MERS and GMAC Mortgage.

16. In the event that the Defendants' lien is not perfected or could be avoided, Accordingly, Plaintiff seeks entry of a judgment that her interest in the property is superior to that of the Defendants pursuant to 11 U.S.C. 544.

WHEREFORE, Plaintiff prays as follows:

A. That a summons issue and be served on the Defendants, together with a copy of this complaint, and that Defendants be required to answer within the time required by law.

B. That upon a hearing of this cause the Court determines the nature and extent of the liens of the Defendants.

C. That upon a finding that the lien of the Defendants in the property is not perfected, the Court issue an order finding the interest of the Plaintiff in the property to be superior to that of the Defendants, and allow her modification to go thru as promised by GMAC. Plaintiff continued to request for a Loan Modification but to no avail. GMAC continue to request for the same documents over and over and continued to say that they never received the documents.

D. That Plaintiff be awarded her reasonable costs in pursuing this cause.

E. That Plaintiff be awarded such further relief as may be warranted by the premise.

Dated this 11/18/2012

GWENDOLYN B. HAWTHORNE

DEBTORS' COMPLAINT TO DETERMINE NATURE AND EXTENT OF LIENS

PURSUANT TO 11 U.S.C. 506(A) - 5