**Presentment Date and Time: December 10, 2012 at 12:00 p.m. (Prevailing Eastern Time)**
**Objection Deadline: December 7, 2012 at 4:00 p.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Samantha Martin

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------- )
                                                                          )
  In re:                                                                  )    Case No. 12-12020 (MG)
                                                                          )
  RESIDENTIAL CAPITAL, LLC, et al.,                                       )    Chapter 11
                                                                          )
                                                        Debtors.          )    Jointly Administered
                                                                          )
------------------------------------------------------------------------- )

**NOTICE OF PRESENTMENT OF ORDER PURSUANT TO 11 U.S.C. § 365(d)(4)(B)(ii)**
**APPROVING CONSENSUAL EXTENSIONS OF TIME TO ASSUME OR REJECT**
**CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY**

   **PLEASE TAKE NOTICE** that the undersigned will present the attached proposed order

(the "Order") approving the attached motion, dated December 3, 2012 (the "Motion") pursuant

to section 365(d)(4)(B)(ii) of title 11 of the United States Code (the "Bankruptcy Code"),

approving consensual extensions of the time to assume or reject certain unexpired leases of

nonresidential real property, to the Honorable Martin Glenn, United States Bankruptcy Judge, at

the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy

Court"), Alexander Hamilton Custom House, One Bowling Green, New York, NY 10004, Room

501, for signature on **December 10, 2012 at 12:00 p.m. (Prevailing Eastern Time)**.

ny-1066966

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Order must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **December 7, 2012 at 4:00 p.m. (Prevailing Eastern Time)**, upon (a) counsel for the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attn: Lorenzo Marinuzzi, Samantha Martin, and Melissa Crespo); (b) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attn: Tracy Hope Davis, Linda A. Riffkin, and Brian S. Masumoto); (c) the Office of the United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001 (Attn: US Attorney General, Eric H. Holder, Jr.); (d) Office of the New York State Attorney General, The Capitol, Albany, NY 12224-0341 (Attn: Nancy Lord, Esq. and Neal Mann, Esq.); (e) Office of the U.S. Attorney for the Southern District of New York, One St. Andrews Plaza, New York, NY 10007 (Attn: Joseph N. Cordaro, Esq.); (f) counsel for Ally Financial Inc., Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY 10022 (Attn: Ray Schrock and Richard M. Cieri); (g) counsel to Barclays Bank PLC, as administrative agent for the DIP lenders, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, NY 10036 (Attn: Ken Ziman & Jonathan H. Hofer); (h) counsel for the committee of unsecured creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attn: Kenneth Eckstein & Greg Horowitz); (i) counsel for Ocwen Loan Servicing, LLC, Clifford Chance US LLP, 31 West 52nd Street, New York, NY 10019 (Attn: Jennifer C. DeMarco and Adam Lesman); (j) Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346 (if by overnight mail, to 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-5016); and (k) Securities and

Exchange Commission, New York Regional Office, 3 World Financial Center, Suite 400, New York, NY 10281-1022 (Attn: George S. Canellos, Regional Director).

**PLEASE TAKE FURTHER NOTICE** that, if no objections to the Order are timely filed, served and received in accordance with this Notice, the Court may enter the Order without further notice or hearing.

Dated: December 3, 2012  
       New York, New York

Respectfully submitted,

/s/ Gary S. Lee  
Gary S. Lee  
Lorenzo Marinuzzi  
MORRISON & FOERSTER LLP  
1290 Avenue of the Americas  
New York, New York 10104  
Telephone: (212) 468-8000  
Facsimile: (212) 468-7900

*Counsel for the Debtors and Debtors in Possession*

**Presentment Date and Time: December 10, 2012 at 12:00 p.m. (Prevailing Eastern Time)**
**Objection Deadline: December 7, 2012 at 4:00 p.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Samantha Martin

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**DEBTORS' MOTION FOR ENTRY OF ORDER PURSUANT TO**
**11 U.S.C. § 365(d)(4)(B)(ii) APPROVING CONSENSUAL EXTENSIONS OF TIME**
**TO ASSUME OR REJECT CERTAIN UNEXPIRED LEASES OF**
**NONRESIDENTIAL REAL PROPERTY**

> **This Motion seeks to extend the deadline to assume or reject**
> **certain unexpired leases of nonresidential real property. If you have received this**
> **Motion and are a counterparty to a lease or agreement with the Debtors, please**
> **review Exhibit 2 annexed hereto, to determine if this Motion affects your**
> **lease or agreement and your rights thereunder.**

ny-1066966

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors")[1], hereby move (the "Motion") for the entry of an order substantially in the form attached hereto as Exhibit 1, approving consensual extensions of time to assume or reject certain unexpired leases of nonresidential real property (the "Leases"). In support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is section 365(d)(4)(B)(ii) of the Bankruptcy Code.

## BACKGROUND

2. On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code. The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No trustee has been appointed in these Chapter 11 cases.

3. On May 16, 2012, the Office of the United States Trustee (the "U.S. Trustee") appointed the nine-member statutory creditors' committee (the "Committee").

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Motions* (the "Whitlinger Affidavit") [Docket No. 6].

2

ny-1066966

4.  On June 20, 2012, the Court directed that an examiner be appointed [Docket No. 454], and on July 3, 2012, the Court approved Arthur J. Gonzalez as the examiner [Docket No. 674].[2]

5.  The Debtors held two auctions for the sale of their assets on October 23-25, 2012. Following the auctions, the Debtors declared Ocwen Loan Servicing, LLC ("Ocwen") and Walter Investment Management Corp. ("Walter") as the winning bidders for the Debtors' mortgage loan origination and servicing platform (the "Platform Assets") at a price of $3 billion, and Berkshire Hathaway Inc. as the winning bidder for the legacy loan portfolio (the "Legacy Assets") at a price of $1.5 billion.

6.  On November 21, 2012, the Court entered orders approving each of the sales [Docket Nos. 2246 and 2247].

7.  Pursuant to section 365(d)(4)(A) of the Bankruptcy Code, the initial deadline for the Debtors to assume or reject the Leases was September 11, 2012.

8.  On August 23, 2012, the Debtors filed a motion seeking entry of an order pursuant to section 365(d)(4)(B)(i) of the Bankruptcy Code extending the time for the Debtors to assume or reject the Leases (the "Assumption/Rejection Date") for a period of ninety (90) days through and including December 10, 2012 [Docket No. 1245].

9.  On September 12, 2012, the Court entered the *Order Pursuant to Section 365(d)(4) of the Bankruptcy Code Extending the Time Within Which Unexpired Leases of Nonresidential Property May Be Assumed or Rejected* [Docket No. 1423] (the "First Extension

---

[2] The Debtors are a leading residential real estate finance company indirectly owned by Ally Financial Inc., which is not a Debtor. The Debtors and their non-debtor affiliates operate the fifth largest mortgage loan servicing business and the tenth largest residential mortgage loan origination business in the United States. A more detailed description of the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these bankruptcy cases, is set forth in the Whitlinger Affidavit.

Order"), by which the Assumption/Rejection Date was extended to December 10, 2012, without prejudice to the right of the Debtors to seek further extensions pursuant to section 365(d)(4) of the Bankruptcy Code.

## RELIEF REQUESTED

10.     The Debtors request entry of an order, substantially in the form annexed hereto as Exhibit 1, approving the consensual extensions of the Assumption/Rejection Date for each of the Debtors' unexpired leases of nonresidential real property as set forth on Exhibit 2 annexed hereto,[3] without prejudice to the Debtors' right to request further extensions in accordance with section 365(d)(4) of the Bankruptcy Code.

## BASIS FOR RELIEF

11.     Pursuant to section 365 of the Bankruptcy Code, a debtor has an initial period of 120 days after the commencement of a chapter 11 case during which it may assume or reject unexpired leases of nonresidential real property under which the debtor is the lessee. 11 U.S.C. § 365(d)(4)(A). Section 365(d)(4)(B) further provides:

> (i) The court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause.
>
> (ii) If the court grants an extension under clause (i), the court may grant a subsequent extension only *upon prior written consent of the lessor in each instance*.

Id. § 365(d)(4)(B) (emphasis added).

12.     Thus, the Court may further extend the Assumption/Rejection Date if the Debtors obtain the prior written consent of the lessors for the respective Leases.

---

[3] The inclusion of any lease, contract, or agreement on Exhibit 2 does not constitute an admission as to the determination of the legal status of any lease, contract, or agreement (including whether any lease, contract, or agreement is an unexpired lease of nonresidential real property, a true lease, or a financing arrangement), and the Debtors reserve all of their rights to reclassify or recharacterize any lease, contract, or agreement listed on Exhibit 2.

4

ny-1066966

13.     Since the Petition Date, the Debtors and their professionals have expended significant time and effort on a multitude of critical matters, including, among others, obtaining Court approval of the Debtors' postpetition financing facilities, responding to and litigating various contested matters, preparing and filing schedules of assets and liabilities and statements of financial affairs, negotiating the terms of the RMBS settlement, and successfully conducting auctions for the sales of the Debtors' Platform Assets and Legacy Assets, which upon closing are expected to yield approximately $4.5 billion in cash for the Debtors' estates and creditors. These efforts, in conjunction with continuing business operations in the ordinary course, have required significant time commitments from the Debtors and their professionals.

14.     In order to make informed decisions regarding whether to assume or reject each of the Leases, the Debtors require more time to adequately evaluate the potential value of each of the Leases in the context of their restructuring efforts.   Additionally, Ocwen and Walter are still determining which Leases they intend to acquire as necessary to continue the Debtors' mortgage loan origination and servicing business.  Rather than prematurely assume certain Leases or risk inadvertent rejection of the Leases, the Debtors have contacted certain of the Lease counterparties requesting an extension of the Assumption/Rejection Date for the respective Leases.  The Debtors received consents from the Lease counterparties identified on Exhibit 2 annexed hereto to further extend the Assumption/Rejection Date for the respective Leases through the dates reflected in the column labeled "Extension Date" as set forth on Exhibit 2 (the "Extended Deadlines").[4]

15.     The Debtors have entered into extension agreements with the Lease counterparties in the exercise of their business judgment and the ordinary course of their business.  The forms

---

[4] The Debtors have obtained each of the consents in writing.

5

ny-1066966

of consent comply with the provisions of the Bankruptcy Code and enable the Debtors to efficiently obtain extensions of time under section 365(d)(4)(B)(ii) of the Bankruptcy Code without the necessity of litigating over whether such Leases constitute unexpired leases of nonresidential real property.  The Leases directly affect the Debtors' business operations and reorganization efforts, and the Debtors submit that the relief requested in this Motion is appropriate to preserve value for all stakeholders.

16.    Prior to the expiration of the Extended Deadlines, the Debtors intend to seek authorization to assume or reject such Leases, subject to the Debtors' right to request further extensions of the deadline to assume or reject such Leases in accordance with section 365(d)(4) of the Bankruptcy Code.

17.    Pending the Debtors' election to assume or reject each of the Leases, the Debtors will continue to perform all of their obligations arising under the Leases from and after the Petition Date in a timely fashion, including the payment of all postpetition rent due, as required by section 365(d)(3) of the Bankruptcy Code.  Thus, the requested extensions do not adversely affect the lessors identified on Exhibit 2.  The Debtors will continue to evaluate the Leases on an ongoing basis as expeditiously as practicable and will file appropriate motions as soon as informed decisions can be made.

18.    The Debtors submit that the relief requested herein will (1) promote the Debtors' ability to maximize the value of their chapter 11 estates and position the Debtors for a successful restructuring, and (2) avoid the incurrence of needless administrative expenses by minimizing the premature assumption of what may turn out to be burdensome Leases.

19.    In light of the foregoing, the Debtors submit that the extensions of the Assumption/Rejection Date by which the Debtors may assume or reject the Leases as set forth

on Exhibit 2 is in the best interests of the Debtors, their estates, their creditors, and all parties in interest.

## NOTICE

20. The Debtors have provided notice of this Motion in accordance with the Case Management Procedures Order, approved by this Court on May 23, 2012 [Docket No. 141].

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit 1, granting the relief requested herein and granting such other relief as is just and proper.

Dated: December 3, 2012
      New York, New York

Respectfully submitted,

/s/ Gary S. Lee
Gary S. Lee
Lorenzo Marinuzzi
Samantha Martin
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Debtors and Debtors in Possession*

---

# Exhibit 1

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, <u>et</u> <u>al</u>., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

---------------------------------------------------------------

### ORDER PURSUANT TO 11 U.S.C. § 365(d)(4)(B)(ii) APPROVING CONSENSUAL EXTENSIONS OF TIME TO ASSUME OR REJECT CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY

Upon the Motion, dated December 3, 2012 (the "<u>Motion</u>"),[1] of the debtors and debtors in possession in the above-captioned cases (collectively, the "<u>Debtors</u>"), pursuant to section 365(d)(4)(B)(ii) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), for entry of an order approving consensual extensions of the time to assume or reject certain unexpired leases of nonresidential real property, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a proceeding pursuant to 28 U.S.C. § 157(b); and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor; it is hereby ORDERED THAT:

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

ny-1066966

1. The Motion is granted as set forth herein.

2. The time by which the Debtors may assume or reject the Leases listed on Exhibit 1 annexed hereto is extended to and including the dates reflected in the column labeled "Extension Date" as set forth on Exhibit 1.

3. The listing of a lease or agreement on Exhibit 1 does not constitute a finding by the Court or an admission by the Debtors or any other party in interest that such lease or agreement is an unexpired lease of nonresidential real property or that it is eligible for assumption or rejection pursuant to section 365 of the Bankruptcy Code.

4. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

5. Entry of this Order is without prejudice to the Debtors' right to request further extensions of the time to assume or reject the Leases in accordance with section 365(d)(4) of the Bankruptcy Code.

6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

New York, New York
Date: _____, 2012

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

ny-1066966

**Exhibit 1 to Proposed Order**

**List of Consensual Lease Extensions**

**Exhibit 1 to Proposed Order**

**List of Consensual Lease Extensions[1]**

| Contract Type | Counterparties to the Contracts and Leases to be Assumed | Debtor Parties to the Contracts and Leases to be Assumed | Date of Contract or Lease | Location of Real Property that is the Subject of a Lease to be Assumed | Extension Date |
|---|---|---|---|---|---|
| Lease | Normandale Holdings LLC | Residential Funding Company, LLC | July 7, 2004, as amended, | 8400 Normandale Lake Blvd., Bloomington, MN 55437 | February 28, 2013 |
| Lease | Dallas CPT Fee Owner, L.P. | Residential Funding Company, LLC | December 17, 1993, as amended | 2711 North Haskell Avenue Dallas, TX 75204 | February 28, 2013 |

---

[1] Inclusion of any lease, contract, or agreement on this Exhibit 2 shall not constitute an admission as to the determination of the legal status of any lease, contract, or agreement (including whether any lease, contract, or agreement is an unexpired lease of nonresidential real property, a true lease, or a financing arrangement). The Debtors reserve all of their rights to reclassify or recharacterize any lease, contract, or agreement listed on this Exhibit 2.

ny-1066966

**Exhibit 2 to Motion**

**List of Consensual Lease Extensions**

ny-1066966

**Exhibit 2 to Motion**

**List of Consensual Lease Extensions**[1]

| Contract Type | Counterparties to the Contracts and Leases to be Assumed | Debtor Parties to the Contracts and Leases to be Assumed | Date of Contract or Lease | Location of Real Property that is the Subject of a Lease to be Assumed | Extension Date |
|---|---|---|---|---|---|
| Lease | Normandale Holdings LLC | Residential Funding Company, LLC | July 7, 2004, as amended, | 8400 Normandale Lake Blvd., Bloomington, MN 55437 | February 28, 2013 |
| Lease | Dallas CPT Fee Owner, L.P. | Residential Funding Company, LLC | December 17, 1993, as amended | 2711 North Haskell Avenue Dallas, TX 75204 | February 28, 2013 |

---

[1] Inclusion of any lease, contract, or agreement on this Exhibit 2 shall not constitute an admission as to the determination of the legal status of any lease, contract, or agreement (including whether any lease, contract, or agreement is an unexpired lease of nonresidential real property, a true lease, or a financing arrangement). The Debtors reserve all of their rights to reclassify or recharacterize any lease, contract, or agreement listed on this Exhibit 2.

ny-1066966