# Exhibit 11 to Declaration

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: COMMUNITY BANK OF NORTHERN VIRGINIA AND GUARANTY NATIONAL BANK OF TALLAHASSEE SECOND MORTGAGE LOAN LITIGATION | ) ) ) ) ) | Civil Action No. 03-0425 |

**FINAL ORDER**
**APPROVING CLASS ACTION SETTLEMENT**

WHEREAS plaintiffs and defendants entered into a Settlement Agreement and Release, with Exhibits (collectively, the "Settlement Agreement"), dated July 11, 2003, to settle this class action (the "Action"); and,

WHEREAS the court entered an Order dated July 17, 2003 (the "Preliminary Approval Order"), preliminarily certifying the putative class in this action for settlement purposes under Fed. R. Civ. P. 23, ordering individual and publication notice to potential class members, scheduling a Settlement Hearing for November 14, 2003, and providing potential members of the class with an opportunity to either exclude themselves from the settlement class or object to the proposed settlement; and,

WHEREAS the court held a Settlement Hearing on November 14, 2003, to determine whether to give final approval to the proposed settlement; and

AO 72A
(Rev. 8/82)

WHEREAS the court has issued Findings of Fact and Conclusions of Law Approving Class Action Settlement, dated December 4, 2003, granting final certification of the settlement class, approving the proposed settlement, and dismissing the settlement class members' claims (among other things); now, therefore,

Based on the submissions of the parties and Class Members, as that term is defined in paragraph 3 below, on the testimony adduced at the Settlement Hearing, and on this Court's Findings of Fact and Conclusions of Law dated December 4, 2003, it is hereby

**ORDERED, ADJUDGED AND DECREED** as follows:

1. Incorporation of Other Documents. This Order Approving Class Action Settlement incorporates (a) the Settlement Agreement and Release dated July 11, 2003, and filed with this Court on July 14, 2003; (b) The following exhibits to the Settlement Agreement: (i) Exhibit A (List of Settled Actions), (ii) Exhibit B (Claim Form), (iii) Exhibit C (Class Mail Notice), (iv) Exhibit D (Class Publication Notice), (v) Exhibit E (Notice Plan), (vi) Exhibit F (the Proposed Findings and Order Conditionally Certifying A Class For Settlement Purposes, Preliminarily Approving the Class Settlement,

AO 72A (Rev. 8/82)

Directing The Issuance Of A Class Notice To The Class And Scheduling A Settlement Hearing), (vii) Exhibit G (Proposed Final Order Approving Class Action Settlement); and, (viii) Exhibit H (Proposed Final Judgment); and

Unless otherwise provided herein, all capitalized terms in this Order shall have the same meaning as those terms in the Settlement Agreement. The Settlement Agreement and Release and all exhibits and amendments thereto shall be referred to as the "Settlement Agreement."

2. __Jurisdiction__. Because adequate notice has been disseminated and all potential Class Members have been given the opportunity to opt out of this class action, the court has personal jurisdiction over all Class Members (as defined below). The court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367, including jurisdiction to approve the proposed settlement, grant final certification of the Class, and dismiss this action on the merits with prejudice.

3. __Final Class Certification__. The Class this court preliminarily certified is finally certified for settlement purposes under Fed. R. Civ. P. 23(a), (b)(3), and (c)(2) because the court finds that the Class fully satisfies all the applicable requirements of Fed. R. Civ. P. 23 and due process.

AO 72A
(Rev. 8/82)

The "Class" consists of all persons or entities ("Class Members") (i) who entered into a loan agreement with Community Bank of Northern Virginia ("CBNV") and/or Guaranty National Bank of Tallahassee ("GNBT"), (ii) whose loan was secured by a second mortgage or deed of trust on property located in the United States, (iii) whose loan was purchased by Residential Funding Corporation ("RFC"), and (iv) who were not members of the class certified in the action captioned Baxter v. Guaranty National Bank, et al., Case No. 01-CVS-009168, in the General Court of Justice, Superior Court Division of Wake County, North Carolina. A list of those persons who have excluded themselves from the Class, and who, therefore, are not Class Members, is on file with the court as Plaintiffs' and Defendants' Joint Submission of Requests for Exclusion [document #95] and is incorporated herein and made a part hereof.

4. **Adequacy of Representation**. R. Bruce Carlson (of Specter Specter Evans & Manogue) and Hoyt A. Rowell and Daniel O. Myers (of Richardson, Patrick, Westbrook and Brickman) ("Co-Class Counsel") and the Named Plaintiffs have fully and adequately represented the Class for purposes of entering into and implementing the settlement and have satisfied the requirements of Fed. R. Civ. P. 23(a)(4).

AO 72A
(Rev. 8/82)

5. <u>Class Notice</u>. The court finds that the Class Mail Notice and its distribution to the Class, and the publication of the Class Publication Notice, implemented pursuant to the Settlement Agreement, The Notice Plan and this court's Preliminary Approval Order:

a. constituted the best practicable notice to Class members under the circumstances of this action;

b. constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the pendency of this action, (ii) their right to exclude themselves from the Class and the proposed settlement, (iii) their right to object to any aspect of the proposed settlement (including final certification of the settlement class, the fairness, reasonableness or adequacy of the proposed settlement, the adequacy of the Class's representation by

the Named Plaintiffs or Plaintiffs' counsel, and/or the award of attorneys' fees), (iv) their right to appear at the Settlement Hearing, either on their own or through counsel hired at their own expense, if they did not exclude themselves from the Class, and (v) the binding effect of the Orders and Judgment in this action, whether favorable or unfavorable, on all persons who do not request exclusion from the Class;

c. constituted notice that was reasonable and constituted due, adequate and sufficient notice to all persons and entities entitled to be provided with notice; and

d. constituted notice that fully satisfied the requirements of the Federal Rules of Civil Procedure (including Fed. R. Civ. P.

AO 72A
(Rev. 8/82)

23(c)(2) and (e)), the United States Constitution (including the Due Process Clause), and any other applicable law.

6. <u>Final Settlement Approval</u>. The terms and provisions of the Settlement Agreement, including all exhibits, have been entered into in good faith and are fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the parties and Class Members. The parties and Class Members who have not been timely excluded from the Class are hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions.

7. <u>Binding Effect</u>. The terms of the Settlement Agreement and of this Order and the accompanying Final Judgment are binding on the Named Plaintiffs and all other Class Members who have not been timely excluded from the Class, as well as their heirs, executors and administrators, successors and assigns, and those terms shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits, or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits, or other proceedings involve matters that were or could have been raised in this Action or are

AO 72A
(Rev. 8/82)

otherwise encompassed by the Releases set forth in paragraph 6 of the Settlement Agreement.

8. Releases. The Named Plaintiffs and all Class Members shall be bound by the Releases provided in paragraph 6 of the Settlement Agreement, which is incorporated herein in all respects, regardless of whether such persons received any compensation under the Settlement Agreement. The Releases are effective as of the date of this Final Order and the accompanying Final Judgment. The court expressly adopts all defined terms in the Releases, including, but not limited to, the following definition of the claims subject to the releases (which is set forth at paragraph 2.23 of the Settlement Agreement):

> "Settled Claims" means and includes any and all claims, demands, actions, causes of action, rights, offsets, suits, damages, lawsuits, liens, costs, losses, expenses, or liabilities of any kind whatsoever, for any relief whatsoever, including monetary, injunctive, or declaratory relief, or for reimbursement of attorneys' fees, costs, or expenses, whether known or unknown, alleged

AO 72A
(Rev. 8/82)

or not alleged in the Litigation, suspected or unsuspected, contingent or vested, which the Named Plaintiffs or any member of the Plaintiff Class has had, now has, or may have in the future that were or could have been raised in the Litigation and that arise out of or are related in any way with CBNV's Second Mortgage Loan Program and/or GNB's Second Mortgage Loan Program, including, but not limited to, any claims arising out of the fees or interest rates charged in connection with CBNV's Second Mortgage Loan Program and/or GNB's Second Mortgage Loan Program, alleged representations, misrepresentations, disclosures, incorrect disclosures, failures to disclose, acts (legal or illegal), omissions, failures to act, deceptions, acts of unconscionability, acts of illegality, unfair business practices, breaches of contract, usury, unfulfilled promises, breaches of warranty or fiduciary

AO 72A
(Rev. 8/82)

duty, conspiracy, or violations of any consumer protection statute, any applicable state unfair trade practice statute, or any other body of case or statutory law or regulation, federal, or state, including, but not limited to, the Truth in Lending Act, 15 U.S.C. § 1601 et seq., and its implementing regulation, 12 C.F.R. part 226; the Home Ownership and Equity Protection Act, 15 U.S.C. § 1639 et seq., and its implementing regulation, 12 C.F.R. part 226.31-32; the Real Estate Settlement Procedures Act 12 U.S.C. § 2601, and its implementing regulation, 24 C.F.R. part 3500; the Equal Credit Opportunity Act, 15 U.S.C. § 1691 et seq., and its implementing regulation, 12 C.F.R. part 202; the Home Mortgage Disclosure Act, 12 U.S.C. § 2801 et seq., and its implementing regulation, 12 C.F.R. part 203; the Fair Housing Act, 42 U.S.C. § 3601 et seq.; the Fair Credit Reporting Act, U.S.C. § 1681 et seq.; the

AO 72A
(Rev. 8/82)

Fair Debt Collection Practices Act, § 1692 et seq.; and the Federal Trade Commission Act, 15 U.S.C. § 45 et seq., and all claims for rescission or for general, special, and punitive damages, as well as any and all claims for treble damages, penalties, attorneys' fees, and costs of suit. Any claims arising out of future conduct, such as failure to credit a future payment, are not released.

9. **Permanent Injunction**. All Class Members are barred and enjoined from (i) filing, commencing, prosecuting, maintaining, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from, any other claim, lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based on, arising out of, or relating to the claims and causes of action in this Action and/or the Settled Claims; (ii) raising as a defense to any action brought against them for repayment of a loan any of the claims or causes of action in the Action and/or the Settled Claims; and (iii) organizing or soliciting the participation of any Class Members into a

AO 72A
(Rev. 8/82)

separate class for purposes of pursuing as a purported class action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action) any claim, lawsuit, or other proceeding based on, arising out of, or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Action and/or the Settled Claims. The court finds that issuance of this permanent injunction is necessary and appropriate in aid of the court's jurisdiction over the action and to protect and effectuate the court's Final Order and Judgment.

10. **Enforcement of Settlement**. Nothing in this Final Order or the accompanying Final Judgment shall preclude any action to enforce the terms of the Settlement Agreement.

11. **Attorneys Fees and Expenses**. Counsel of record for the Class is hereby awarded attorneys' fees and reimbursement of their disbursements and expenses in the amount of $8,100,000, to be paid by Defendants to Co-Class Counsel. Such fees and expenses are to be paid, subject to the conditions set forth in the Settlement Agreement. The court shall separately issue findings and conclusions with respect to the issue of attorneys' fees, expenses, and named plaintiff incentive awards. Within twenty (20) days of the date of this Order, Counsel for the

*Bumpers/Elliott* "conditional" objectors is directed to submit a fee application to Class Counsel in support of its claim that prosecution of the *Bumpers* case added value to the Settlement or otherwise conferred value to Class Members. At its sole discretion, within twenty (20) days of service of the fee application, Class Counsel shall allocate fees to counsel in the *Bumpers* action, if any, and shall set forth the basis for said allocation in writing. *Bumpers* counsel shall have twenty (20) days from the date of service of Class Counsels' allocation to file objections regarding said allocation with this court, which should be supported by all evidence offered in support of any objection. Finally, Class Counsel shall have twenty (20) days from the date of service to respond to any objection to their allocation that is filed by *Bumpers'* counsel.

12. <u>Incentive Awards</u>. The court hereby awards $1,500.00 to be paid by Co-Class Counsel to the Named Plaintiffs as incentive awards in their capacity as representative plaintiffs in this Action.

13. <u>No Other Payments</u>. The preceding paragraphs of this Final Order cover all claims for attorneys' fees and expenses, costs, or disbursements incurred by Co-Class Counsel or any other counsel representing Plaintiffs or Class Members or

AO 72A
(Rev. 8/82)

incurred by Plaintiffs or the Class Members or any of them in connection with or related in any manner to this Action, the settlement of this Action, the administration of such settlement, and/or the Settled Claims except to the extent otherwise specified in this Final Order and the Settlement Agreement.

14. **Modification of Settlement Agreement**. The parties are hereby authorized, without needing further approval from the court, to agree to and adopt such amendments to, and modifications and expansions of, the Settlement Agreement, as are consistent with this Final Order and do not limit the rights of Class Members under the Settlement Agreement.

15. **Retention of Jurisdiction**. The court has jurisdiction to enter this Final Order and the accompanying Final Judgment. This court expressly retains jurisdiction as to all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Order and the accompanying Final Judgment and for any other necessary purpose, including, without limitation,

(a) enforcing the terms and conditions of the Settlement Agreement and resolving any disputes, claims, or causes of action that, in whole or in part,

AO 72A
(Rev. 8/82)

are related to or arise out of the Settlement Agreement, this Final Order or the Final Judgment (including, without limitation, whether a person or entity is or is not a Class Member, whether claims or causes of action allegedly related to this case are or are not barred by this Final Order and the Final Judgment, etc.);

(b) entering such additional Orders as may be necessary or appropriate to protect or effectuate the Court's Final Order and the Final Judgment approving the Settlement Agreement, to dismiss all claims on the merits and with prejudice, to permanently enjoin Class Members from initiating or pursuing related proceedings, or to ensure the fair and orderly administration of this settlement; and

(c) entering any other necessary or appropriate Orders to protect and effectuate this court's retention of continuing jurisdiction.

16. Class Counsel has filed a motion seeking to transfer the claims of the Kossler plaintiffs to a separate docket number. The court will grant that motion by way of separate Order. The Kossler plaintiffs' loan was not assigned

to Defendant RFC, and the Kossler plaintiffs are therefore expressly excluded from the Settlement Class and not bound by this Order and the Final Judgment. The finality of this Order and the Final Judgment shall not be impacted by Class Counsel's request that this court enter a separate Order transferring the claims of the Kossler plaintiffs to a separate docket number.

17. The finality of this Order and the Final Judgment shall not be impacted by the court's retention of jurisdiction regarding the allocation of counsel fees.

18. **No Admissions**. Neither this Final Order and the accompanying Final Judgment nor the Settlement Agreement (nor any other document referred to here, nor any action taken to carry out this Order and the Final Judgment) is, may be construed as, or may be used as an admission or concession by or against the Defendants or the Released Persons of the validity of any claim or any actual or potential fault, wrongdoing, or liability. Entering into or carrying out the Settlement Agreement, and any negotiations or proceedings related to it, shall not be construed as, or deemed evidence of, an admission or concession as to the Defendants' denials or defenses and shall not be offered or received in evidence in any action or proceeding against any party hereto in any court, administrative

AO 72A
(Rev. 8/82)

agency, or other tribunal for any purpose whatsoever, except as evidence of the settlement or to enforce the provisions of this Final Order and Final Judgment and the Settlement Agreement; *provided, however*, that this Final Order, the accompanying Final Judgment, and the Settlement Agreement may be filed in any action against or by the Defendants or the Released Persons to support a defense of *res judicata*, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

19. **Dismissal of Action.** This Action, including all individual and Class claims resolved in it, is dismissed on the merits and with prejudice against Plaintiffs and all other Class members, without fees or costs to any party, except as otherwise provided in this Order and the Final Judgment.

AO 72A
(Rev. 8/82)

20. Rule 58 Separate Judgment. The court will separately enter the accompanying Final Judgment in accordance with Fed. R. Civ. P. 58.

SO ORDERED this 4th day of Dec, 2003.

Honorable Gary L. Lancaster
United States District Judge

cc: All Counsel of Record

AO 72A
(Rev. 8/82)

# NOTICE OF CLASS ACTION SETTLEMENT AND HEARING

**In re: Community Bank of Northern Virginia and Guaranty National Bank of Tallahassee Second Mortgage Loan Litigation**
**U.S. District Court for the Western District of Pennsylvania, Case No. 03-0425**

**THIS IS *NOT* A NOTICE OF A LAWSUIT AGAINST YOU.**
**YOU HAVE A RIGHT TO RECEIVE A PAYMENT UNDER THIS SETTLEMENT.**
**PLEASE READ THIS NOTICE CAREFULLY.**
**YOUR LEGAL RIGHTS WILL BE AFFECTED.**

This notice is sent to inform you about the settlement of a proposed class action lawsuit (the lawsuit will be referred to as "the Litigation" in this Notice). The Litigation was brought on behalf of those persons, like you, (i) who entered into a loan agreement with Community Bank of Northern Virginia ("CBNV") and/or Guaranty National Bank of Tallahassee ("GNB"); (ii) whose loan was secured by a second mortgage or deed of trust on property located in the United States; (iii) whose loan was purchased by Residential Funding Corporation ("RFC"); and (iv) who was not a member of the class certified in the action captioned Baxter v. Guaranty National Bank, et al., Case No. 01-CVS-009168, in the General Court of Justice, Superior Court Division of Wake County, North Carolina (this group of people will be referred to as the "Class" or "Class Members" in this Notice).

The Litigation involves claims related to fees and interest charged on second mortgage loans. Defendants in the Litigation have denied that they engaged in any wrongful conduct or that they violated the law in any way in making a loan to you. Defendants contend that the claims asserted in the Litigation have no merit and that they would prevail in the Litigation. Defendants are settling this matter to avoid the uncertainty and high cost of litigation.

The Court has conditionally approved a settlement, and your name appears on the list of persons who are qualified to receive money under the settlement. In other words, you are a member of the Class. If you and any co-borrowers on your loan participate in this settlement,you will also be called a "Participating Plaintiff" in this notice. You can review what your share of the settlement will be under the section below called "What You Will Receive Under The Proposed Settlement And How To Obtain Your Share." You can review what other choices you have under the section below called "Other Alternatives to Accepting the Settlement."

**YOU SHOULD READ THE REST OF THIS NOTICE TO FIND OUT ABOUT YOUR BENEFITS UNDER THE SETTLEMENT AND WHAT RIGHTS YOU HAVE.**

I. **The Litigation**. The Litigation is titled In re: Community Bank of Northern Virginia and Guaranty National Bank of Tallahassee Second Mortgage Loan Litigation, Case No. 03-0425. It is pending in the U.S. District Court for the Western District of Pennsylvania. A group of CBNV and GNB borrowers, who are referred to as the "Named Plaintiffs" in this Notice, claim in the Litigation that CBNV and GNB violated certain federal and state laws in connection with the fees and interest charged on second mortgage loans. These claims are

asserted against the Defendants CBNV, GNB and RFC. (Together CBNV, GNB and RFC will be referred to as the "Defendants" in this Notice.) CBNV and GNB are named as defendants in the Litigation because they originated or made a second mortgage loan to you and other Class Members. RFC is named because it allegedly purchased the loans from CBNV and GNB.

**II. <u>What You Will Receive Under The Proposed Settlement And How To Obtain Your Share</u>.** Defendants have agreed to pay money to settle the Litigation. The money they are going to pay is called the "Settlement Funds". If you and any co-borrowers on your loan participate in the settlement, you will receive your share of the Settlement Funds based upon a formula developed with the Named Plaintiffs' attorneys.

As a member of the Class, you are automatically entitled to a share in the Settlement Funds. If you and your co-borrowers, if any, accept your share of the funds, you will be bound by the terms of the Settlement Agreement. You may also choose not to accept your share of the Settlement Funds. To do so, you must submit a timely notice to opt out of, or request to be excluded from, the Class. **In other words, you do not need to do anything to participate in the settlement and receive a share of the Settlement Funds. If you and your co-borrowers do not opt out (that is, if you and your co-borrowers do nothing in response to this Notice), then you and your co-borrowers will receive a payment under the terms of the settlement between $250 and $925.** The amount to be paid to you was determined using a formula developed with the Named Plaintiffs' attorneys.

The specific amounts to be paid under the settlement are as follows:

(1) If you (and any co-borrowers) obtained a second mortgage loan from CBNV on or after May 1, 2000, you (and any co-borrowers) are eligible to receive a single payment in the amount of $600.

(2) If you (and any co-borrowers) obtained a second mortgage loan from CBNV prior to May 1, 2000, you (and any co-borrowers) are eligible to receive a single payment in the amount of $250.

(3) If you (and any co-borrowers) obtained a loan from CBNV secured by a second mortgage on property located in Colorado, Idaho, Illinois, Indiana, Iowa, Kansas, Maine, Maryland, Missouri, New Jersey, North Carolina, Ohio, Oklahoma, Pennsylvania, South Carolina, Tennessee, Utah, Washington, Wisconsin or Wyoming, you (and any co-borrowers) are eligible to receive a single payment in the amount of $325, in addition to any amounts you may receive under (1) or (2) above.

(4) If you (and any co-borrowers) obtained a second mortgage loan from GNB on or after September 19, 2001, you (and any co-borrowers) are eligible to receive a single payment in the amount of $600.

(5) If you (and any co-borrowers) obtained a second mortgage loan from GNB prior to September 19, 2001, you (and any co-borrowers) are eligible to receive a single payment in the amount of $250.

(6) If you (and any co-borrowers) obtained a loan from GNB secured by a second mortgage on property located in Colorado, Idaho, Illinois, Indiana, Iowa, Kansas, Maine, Maryland, Missouri, New Jersey, North Carolina, Ohio, Oklahoma, Pennsylvania, South Carolina, Tennessee, Utah, Virginia, Washington, Wisconsin or Wyoming, you (and any co-borrowers) are eligible to receive a single payment in the amount of $325, in addition to any amounts you may receive under (4) or (5) above.

(7) If you (and any co-borrowers) obtained a second mortgage loan from CBNV prior to May 1, 2000, or if you (and any co-borrowers) obtained a second mortgage loan from GNB prior to September 19, 2001, you (and any co-borrowers) may be eligible to receive a single payment in the amount of $302, in addition to any amounts you may receive under (1) – (6) above. To do so, you must submit sufficient evidence that Defendants fraudulently concealed from you certain information. If you (and any co-borrowers) decide to stay within the Class, you will receive a separate mailing describing the evidence you need to submit to qualify for this additional payment. You will receive this mailing at the time you receive payment of any amounts you may receive under (1)-(6) above.

Each of the amounts set forth above will only be paid once for any given loan. That is, if you entered into your loan with any co-borrowers, you and your co-borrowers will share the payment, provided that neither you nor any of your co-borrowers opt out of the settlement. Any Participating Plaintiff who receives a payment under the proposed settlement shall be solely responsible for distributing or allocating such payment between or among any co-borrowers, regardless of whether a payment check has been made out to all or only some of the Participating Plaintiff's co-borrowers.

You should consult with your own tax advisor concerning the tax effects of any money you receive as part of this settlement.

**III. <u>Agreements With Defendants Which May Affect Your Rights</u>.** In exchange for the money to be paid by Defendants under the settlement, the Named Plaintiffs, on their own behalf and on behalf of each Participating Plaintiff, have entered into certain agreements with Defendants. These agreements will affect the rights of any Participating Plaintiff. Under the settlement, the Named Plaintiffs and any Participating Plaintiff enter into the following agreements with Defendants:

(A) **<u>Release of All Settled Claims.</u>** Under the Settlement, the Named Plaintiffs and any Participating Plaintiff agree to: **(1) DISMISS WITH PREJUDICE THE "SETTLED CLAIMS" (AS DEFINED BELOW); (2) RELEASE AND FOREVER DISCHARGE THE DEFENDANTS FROM LIABILITY ON THE SETTLED CLAIMS; (3) BE FOREVER BARRED AND ENJOINED FROM INSTITUTING OR FURTHER PROSECUTING, IN ANY FORUM WHATSOEVER, INCLUDING BUT NOT LIMITED TO ANY STATE, FEDERAL OR FOREIGN COURT OR REGULATORY AGENCY, ANY OF THE SETTLED CLAIMS.** More specifically, the Named Plaintiffs and any Participating Plaintiff agree to fully, finally and forever release, settle, compromise, relinquish, and discharge Defendants and any entities or persons in any way involved in the CBNV Second Mortgage Loan Program and/or the GNB Second Mortgage Loan Program, including but not limited to, Title America, LLC, Homecomings Financial Network, Inc., Equity Plus, LLC, Equity Guaranty,

LLC, JP Morgan Chase Bank as Indenture Trustee, any closing agents, servicers, trustees, or assignees of any loans provided to Class Members pursuant to the CBNV Second Mortgage Loan Program and/or the GNB Second Mortgage Loan Program and each of their affiliated, subsidiary, and parent companies, doing business in their own names, and doing business under any other names, and all of their respective officers, directors, partners, insurers, employees, associates, trustees, agents, accountants, attorneys, predecessors, successors and assigns ("Released Persons") of and from any and all Settled Claims.

"Settled Claims" means and includes any and all claims, demands, actions, causes of action, rights, offsets, suits, damages, lawsuits, liens, costs, losses, expenses or liabilities of any kind whatsoever, for any relief whatsoever, including monetary, injunctive or declaratory relief, or for reimbursement of attorneys' fees, costs or expenses, whether known or unknown, alleged or not alleged in the Litigation, suspected or unsuspected, contingent or vested, which the Named Plaintiffs or any member of the Class has had, now has, or may have in the future which were or could have been raised in the Litigation and which arise out of or are related in any way with the CBNV Second Mortgage Loan Program and/or the GNB Second Mortgage Loan Program, including but not limited to, any claims arising out of the fees or interest rates charged in connection with the CBNV Second Mortgage Loan Program and/or the GNB Second Mortgage Loan Program, alleged representations, misrepresentations, disclosures, incorrect disclosures, failures to disclose, acts (legal or illegal), omissions, failures to act, deceptions, acts of unconscionability, acts of illegality, unfair business practices, breaches of contract, usury, unfulfilled promises, breaches of warranty or fiduciary duty, conspiracy, or violations of any consumer protection statute, any applicable state unfair trade practice statute, or any other body of case or statutory law or regulation, federal, state or local, and all claims for rescission or for general, special, and punitive damages, as well as any and all claims for treble damages, penalties, attorneys' fees, and costs of suit. **Any claims arising out of future conduct, such as failure to credit a future payment, are not released.** The "CBNV Second Mortgage Loan Program" means the program pursuant to which CBNV entered into loan agreements with individuals secured by second mortgages or deeds of trust. The "GNB Second Mortgage Loan Program" means the program pursuant to which GNB entered into loan agreements with individuals secured by second mortgages or deeds of trust. This includes any activity connected with the loan, including but not limited to, solicitation, taking of the application, underwriting, document preparation, closing, collection of payments or fees, and servicing, sale and/or assignment of the loans entered into as part of this program.

**This release means that you could not bring a lawsuit against the Defendants, or any of the Released Persons, for any reason whatsoever relating to the origination of your second mortgage loan. You would still be able to enforce your rights under the Settlement Agreement, if necessary, and you would be able to bring an action for any claims arising out of future conduct which may affect your loan.**

(B) **<u>You Must Continue To Pay Your Loan If You Have Not Yet Fully Prepaid Your Loan.</u>** The Settlement Agreement does not affect your obligation to re-pay your loan if your loan is still outstanding. The Named Plaintiffs, on their behalf and on behalf of each Participating Plaintiff who has not yet fully prepaid his or her loan, have acknowledged and agreed that (i) his or her loan obtained pursuant to the CBNV Second Mortgage Loan Program and/or the GNB Second Mortgage Loan Program is not rendered invalid because of any of the

Settled Claims; (ii) the Settled Claims shall not constitute a defense to repayment of a loan obtained from CBNV and/or GNB pursuant to the CBNV Second Mortgage Loan Program and/or the GNB Second Mortgage Loan Program; and (iii) nothing in the settlement shall affect the Named Plaintiffs and the Participating Plaintiffs' obligation to repay the loans obtained from CBNV and/or GNB pursuant to the terms of those loans.

(C) **Dismissal of Other Lawsuits.** If you and all your co-borrowers participate in the settlement, any lawsuit you have filed or any claim you may have against the Released Persons involving the CBNV Second Mortgage Loan Program and/or the GNB Second Mortgage Loan Program must be dismissed with prejudice.

(D) **You Cannot Raise a Settled Claim as a Defense to a Collection or Foreclosure Action.** If you and all your co-borrowers participate in the settlement, you cannot raise any Settled Claim as a defense to any action brought by a Released Person seeking repayment of your loan obligation originally entered into with CBNV and/or GNB.

**IV. Recommendation Of And Counsel Fees For Plaintiffs' Counsel**. The Named Plaintiffs' counsel believe that the settlement is fair and in the best interests of the Class. The Named Plaintiffs' counsel have investigated the facts relating to the claims made in the Litigation. That investigation has included reviewing and analyzing the law and many documents. The Named Plaintiffs' counsel recommends this proposed settlement based upon: (1) the settlement benefits to be provided the Class; (2) their investigation; (3) having assessed the likelihood of prevailing at trial and the range of money damages which ultimately might be established and recovered, or other relief obtained; and (4) after taking into account the likelihood that this Litigation, if not now settled by voluntary agreement among the parties, would be further protracted and involve complex issues of fact and law, as well as other issues relating both to liability and to damages, and the other uncertainties and risks inherent in litigation.

At the Final Hearing, or at such other time as the Court may direct, the Named Plaintiffs' attorneys intend to apply to the Court for an award of attorneys' fees and reimbursement for expenses in the amount of $8,100,000. Defendants have agreed to pay this amount. This payment is in addition to the Settlement Funds to be paid to Class Members. It will not be deducted from the Settlement Funds.

**V. Other Alternatives To Accepting The Settlement.** To protect your legal rights, you may do any of the following:

(1) You may **EXAMINE THE COURT'S FILE** in the clerk's office at the U.S. District Court for the Western District of Pennsylvania, on the 8th Floor of the U. S. Courthouse in Pittsburgh, Pennsylvania 15219.

(2) For more complete details about the Litigation and the proposed settlement, you may **WRITE** to, **E-MAIL OR TELEPHONE** the Named Plaintiffs' counsel: R. Bruce Carlson, Specter Specter Evans and Manogue, P.C., 26th Floor, Koppers Building, Pittsburgh, PA 15219; e-mail: bcarlson@ ssem.com; or Daniel O. Myers, Richardson Patrick Westbrook & Brickman,

LLC, 1037 Chuck Dawley Blvd., Mt. Pleasant, SC 29464; e-mail: dmyers@rpwb.com; telephone: 800 – [number].

(3) You may **CHOOSE NOT TO BE A MEMBER** of the Class by "opting out" of the Class. To do this you must follow the procedure below to exclude yourself from the Class, that is "opt-out." (**"OPT OUT"**). If you opt-out, you will not receive any of the benefits under the settlement, but your rights, if any, to sue the Released Persons will not be barred by the settlement. If you decide to opt-out, you must send a letter saying so to CBNV-GNB Settlement Administrator, P. O. Box 12983, Birmingham, AL 35202-2983. You must send a copy of the letter to Plaintiffs' Counsel, R. Bruce Carlson, Specter Specter Evans and Manogue, P.C., 26th Floor, Koppers Building, Pittsburgh, PA 15219.

The Opt Out letter must (a) be **received** by the Settlement Administrator no later than October 1, 2003, (b) be personally signed by you; (c) contain your name, address and telephone number and a statement that you wish to be excluded from the settlement; and (d) reference "In re Community Bank of Northern Virginia and Guaranty National Bank Second Mortgage Loan Litigation.", Case No. 03-0425

(4) You may **OPPOSE OR OBJECT** to the proposed settlement of the Litigation or any aspect of it that you think is unfair. **The Court will hold a hearing on November 14, 2003, at 10:00 a.m. to determine whether the proposed settlement of the Litigation should be approved.** If you wish to oppose or object to all or any part of the proposed settlement, you must file a written objection with the Clerk of the U.S. District Court for the Western District of Pennsylvania, 829 U.S. Courthouse, Pittsburgh, Pennsylvania 15219, which must be received by the Court no later than October 1, 2003. Any written objections must be signed by you and must include: (1) your name, address and telephone number; (2) a statement of the objection(s) and any supporting evidence you wish the Court to consider; and (3) a reference to "In re Community Bank of Northern Virginia and Guaranty National Bank Second Mortgage Loan Litigation, Case No. 03-0425." If you wish to appear at the hearing, either in person or through your own personal counsel, and oppose the settlement, you must file a notice of your intention to appear with the Clerk of the U.S. District Court at the above address, which must be received by the Court no later than October 1, 2003. If you wish to call witnesses or present other evidence at the hearing, you must state the identity of the witnesses and identify any documents or other evidence you intend to present in your notice of intention to appear. Copies of written objections and notices of intention to appear at the hearing must also be mailed to R. Bruce Carlson, Specter Specter Evans and Manogue, P.C., 26th Floor, Koppers Building, Pittsburgh, PA 15219 and to Thomas L. Allen, Reed Smith, LLP, 435 Sixth Avenue, Pittsburgh, PA 15219.

Any Class Member who does not make his or her objection in the manner provided shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the proposed settlement.

(5) You may **DISCUSS THIS WITH YOUR OWN ATTORNEY** or appear through your own attorney. If you have filed bankruptcy, or you are involved in any other lawsuits with the Released Persons, you should consult your attorney concerning how the proposed settlement will affect your rights.

**VI. Further Information.** This Notice is only a summary of the Litigation and the proposed settlement and is not comprehensive. For more details, you may review the Settlement Agreement, the Orders entered by the Court and other papers on file at the Clerk's Office for the U.S. District Court for the Western District of Pennsylvania during regular business hours. If you have questions, **do not call the court or the clerk**. Instead, please write or send an e-mail to or call the Named Plaintiffs' Counsel: R. Bruce Carlson, Specter Specter Evans and Manogue, P.C., 26th Floor, Koppers Building, Pittsburgh, PA 15219, e-mail: bcarlson@ ssem.com; or Daniel O. Myers, Richardson Patrick Westbrook & Brickman, LLC, 1037 Chuck Dawley Blvd., Mt. Pleasant, SC 2946; e-mail: dmyers@rpwb.com; telephone: 800-[number].

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| In re: Community Bank of Northern Virginia And Guaranty Bank of Tallahassee Second Mortgage Loan Litigation | ) ) ) ) | C. A. No. 03-0425 |
|---|---|---|

**SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION AND HEARING**

To: Certain Persons Who Obtained Second Mortgage Loans From Community Bank of Northern Virginia ("CBNV") and/or Guaranty National Bank of Tallahassee ("GNB").

This Notice is given pursuant to Rule 23 of the Federal Rules of Civil Procedure and by Order of this Court. The purpose of this Notice is to inform you of this class action and its proposed settlement.

Plaintiffs in this case allege that CBNV and GNB violated certain federal and state laws in connection with the fees and interest charged on second mortgage loans. These claims are asserted against the Defendants CBNV, GNB and Residential Funding Corporation ("RFC"). (CBNV, GNB and RFC shall be referred to as "Defendants" in this Notice.) CBNV and GNB are named as defendants in the litigation because they originated and/or made the challenged second mortgage loans. RFC is named because it allegedly purchased the loans from CBNV and GNB.

The settlement of this class action, if approved by the Court, will cover a Class of persons defined as:

> Any person: (i) who entered into a loan agreement with CBNV and/or GNB; (ii) whose loan was secured by a second mortgage or deed of trust on property located in the United States; (iii) whose loan was purchased by RFC; and (iv) who was not a member of the class certified in the action captioned Baxter v. Guaranty National Bank, et al., Case No. 01-CVS-009168, in the General Court of Justice, Superior Court Division of Wake County, North Carolina.

Each qualifying Class Member will be entitled to receive a settlement payment in amounts ranging from $250 to $925. If the settlement is approved, Class Members who do not exclude themselves (as described below) will release CBNV, GNB, RFC and certain other parties in connection with loans covered by the settlement.

On or about August 1, 2003, Class Mail Notices describing the settlement in more detail were mailed to those persons whom Defendants could identify as members of the Class eligible to receive settlement payments. These Class Mail Notices contain important information regarding the rights of all Class Members and set forth deadlines that must be met to preserve certain rights.

To request a free copy of the Class Mail Notice, please send a written request including your name, current address and social security number to: CBNV-GNB Settlement Administrator, P. O. Box 12983, Birmingham, Alabama 35202-2983.

If you are a Class Member, you have the right to exclude yourself from the class action and the settlement by mailing a written notice that you intend to opt-out or request exclusion from the settlement. Such a request for exclusion must: (1) be personally signed by you; (2) contain your name, address and telephone number and a statement that you wish to be excluded from the settlement; (3) contain a reference to "In re: Community Bank of Northern Virginia and Guaranty National Bank of Tallahassee Second Mortgage Loan Litigation, Case No. 03-0425"; and (4) be mailed to: CBNV-GNB Settlement Administrator, P. O. Box 12983, Birmingham, Alabama 35202-2983, and received by October 1, 2003.

A final settlement hearing will be held on November 14, 2003, at 10:00 a.m., at the United States District Court for the Western District of Pennsylvania, Seventh and Grant Streets, in Pittsburgh, Pennsylvania. At that hearing the Court will consider whether the settlement will be finally approved and whether to award attorneys fees and other amounts to class counsel and to the Named Plaintiffs as provided in the settlement agreement. If you are a member of the Class, you have a right to appear at the hearing if you comply with the requirements in the Class Mail Notice for stating an intention to appear. You also have a right to

file objections to any aspect of the settlement, and those objections will be considered at the final settlement hearing. To object to all or part of the settlement, you must file a written objection, with reasons, with the Court and serve objections on the attorneys for the parties so that it is received by them by October 1, 2003, all as directed in the Class Mail Notice.

Do not telephone the clerk of the court regarding this matter. You may obtain further information by calling the toll-free information line set up for Class Members by Plaintiffs' Counsel at 1-800-[number].

BY ORDER OF THE UNITED STATES DISTRICT FOR THE WESTERN DISTRICT OF PENNSYLVANIA, HONORABLE GARY L. LANCASTER.

**NOTICE PLAN**

**In re: Community Bank of Northern Virginia and Guaranty National Bank of Tallahassee Second Mortgage Loan Litigation**

Tilghman & Co., Settlement Administrator under the Settlement Agreement and Release ("the Agreement") in the above matter, submits the following plan to notify Class Members of the Agreement in compliance with Rule 23 of the Federal Rules of Civil Procedure.

**Direct Mail Notice**

The principal means of notifying the Class shall be direct mail notice to the Class Member's last known address.

Defendants will submit to the Settlement Administrator a list of names and addresses of all Class Members. With respect to those Class Members whose second mortgage loans are currently outstanding, these addresses are believed to be accurate. With respect to those Class Members who have fully prepaid their loans, the addresses may be somewhat less reliable, because of the possibility that Class Members have moved since paying off their loans. For this reason, prior to mailing the Class Mail Notice, the Settlement Administrator will attempt to update the addresses of Class Members who have fully prepaid their loans using the U. S. Postal Service's National Change of Address Database.

After this updating process is completed, the Settlement Administrator will mail the approved Class Mail Notice to all Class Members.

If any Class Mail Notices are returned by the U.S. Postal Service as undeliverable, the Settlement Administrator shall submit the names and addresses of the addressee Class Members to the Trans Union database for updated address information. The Settlement Administrator will then re-mail the Class Mail Notice to any new address obtained from the Trans Union database (and to any new address provided by the U.S. Postal Service).

**Publication Notice**

Within fifteen days after the initial mailing of the Class Mail Notices, the Settlement Administrator shall cause the Class Publication Notice to be published in a weekday (Monday through Thursday) national edition of USA Today, once per week for two consecutive weeks, in a posting no smaller than 3 column inches in width and 5 column inches in height.

TODAY
1-800-872-3433 Toll-free in the U.S. only

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re: Community Bank of Northern Virginia And Guaranty National Bank of Tallahassee Second Mortgage Loan Litigation } C. A. No 03-0425

**SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION AND HEARING**

To Certain Persons Who Obtained Second Mortgage Loans From Community Bank of Northern Virginia ("CBNV") and/or Guaranty National Bank of Tallahassee ("GNB").

This Notice is given pursuant to Rule 23 of the Federal Rules of Civil Procedure and by Order of this Court. The purpose of this Notice is to inform you of this class action and its proposed settlement.

Plaintiffs in this case allege that CBNV and GNB violated certain federal and state laws in connection with the fees and interest charged on second mortgage loans. These claims are asserted against the Defendants CBNV, GNB and Residential Funding Corporation ("RFC"). (CBNV, GNB and RFC shall be referred to as "Defendants" in this Notice.) CBNV and GNB are named as defendants in the litigation because they originated and/or made the challenged second mortgage loans. RFC is named because it allegedly purchased the loans from CBNV and GNB.

The settlement of this class action, if approved by the Court, will cover a Class of persons defined as:

Any person: (i) who entered into a loan agreement with CBNV and/or GNB; (ii) whose loan was secured by a second mortgage or deed of trust on property located in the United States; (iii) whose loan was purchased by RFC; and (iv) who was not a member of the class certified in the action captioned Bader v. Guaranty National Bank, et al., Case No. 01-CVS-009168, in the General Court of Justice, Superior Court Division of Wake County, North Carolina.

Each qualifying Class Member will be entitled to receive a settlement payment in amounts ranging from $250 to $925. If the settlement is approved, Class Members who do not exclude themselves (as described below) will release CBNV, GNB, RFC and certain other parties in connection with loans covered by the settlement.

On or about August 1, 2003, Class Mail Notices describing the settlement in more detail were mailed to those persons whom Defendants could identify as members of the Class eligible to receive settlement payments. These Class Mail Notices contain important information regarding the rights of all Class Members and set forth deadlines that must be met to preserve certain rights.

To request a free copy of the Class Mail Notice, please send a written request including your name, current address and social security number to CBNV-GNB Settlement Administrator, P. O. Box 12983, Birmingham, Alabama 35202-2983.

If you are a Class Member, you have the right to exclude yourself from the class action and the settlement by mailing a written notice that you intend to opt-out or request exclusion from the settlement. Such a request for exclusion must: (1) be personally signed by you; (2) contain your name, address and telephone number and a statement that you wish to be excluded from the settlement; (3) contain a reference to "In re Community Bank of Northern Virginia and Guaranty National Bank of Tallahassee Second Mortgage Loan Litigation, Case No. 03-0425"; and (4) be mailed to CBNV-GNB Settlement Administrator, P.O. Box 12983, Birmingham, Alabama 35202-2983, and received by October 1, 2003.

A final settlement hearing will be held on November 14, 2003, at 10:00 a.m., at the United States District Court for the Western District of Pennsylvania, Seventh and Grant Streets, in Pittsburgh, Pennsylvania. At that hearing the Court will consider whether the settlement will be finally approved and whether to award attorneys fees and other amounts to class counsel and to the Named Plaintiffs as provided in the settlement agreement. If you are a member of the Class, you have a right to appear at the hearing if you comply with the requirements in the Class Mail Notice for stating an intention to appear. You also have a right to file objections to any aspect of the settlement, and those objections will be considered at the final settlement hearing. To object to all or part of the settlement, you must file a written objection, with reasons, with the Court and serve objections on the attorneys for the parties so that it is received by them by October 1, 2003, all as directed in the Class Mail Notice.

Do not telephone the clerk of the court regarding this matter. You may obtain further information by calling the toll-free information line set up for Class Members by Plaintiffs' Counsel at 1-888-577-6537.

BY ORDER OF THE UNITED STATES DISTRICT FOR THE WESTERN DISTRICT OF PENNSYLVANIA. HONORABLE GARY L. LANCASTER.

LEGAL NOTICE

TO: ALL CUSTOMERS, INVESTORS, CREDITORS OR PERSONS HOLDING CLAIMS AGAINST, OR INTERESTS IN PRINCETON ECONOMICS INTERNATIONAL LTD. ("PEIL") AND PRINCETON GLOBAL MANAGEMENT LTD. ("PGM") AND/OR THE ASSETS COLLECTED BY THE RECEIVER OF PEIL AND PGM IN THE UNITED STATES

**PLEASE TAKE NOTICE** that the United States District Court for the Southern District of New York (the "Court") has entered an Order setting a briefing schedule with respect to the motion of Alan Cohen, the Court-appointed Receiver of PEIL, PGM and other Princeton entities, for authority to make a partial distribution of the assets he has collected and administered on behalf of the estates of the Princeton companies (the "Receivership Assets") by releasing and distributing funds held in RNYSC Account No. 4500R to certain Princeton Noteholders as an interim distribution (the "Interim Distribution"), which assets have been frozen by orders of the Court since September 13, 1999 (the "Interim Distribution Motion").

The Receiver seeks an order authorizing the Interim Distribution for the reasons set forth in the Receiver's Motion for an Order Seeking Interim Distribution of Receivership Assets and accompanying papers, all of which have been filed with the Court and are also available for inspection at the offices of the Receiver's counsel, O'Melveny & Myers LLP, 153 East 53rd Street, New York, New York 10022, (212) 326-2000, Attn: Tancred V Schiavoni, Esq.

IF YOU WISH TO OBJECT TO ANY ASPECT OF THE PROPOSED INTERIM DISTRIBUTION OF THE RECEIVERSHIP ASSETS, YOU MUST FILE YOUR OBJECTION AND/OR CLAIM IN WRITING WITH THE OFFICE OF THE CLERK, UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK, AT THE ADDRESS SET FORTH IN THIS NOTICE, AND YOU MUST SERVE A COPY OF YOUR WRITTEN OBJECTION UPON THE RECEIVER C/O TANCRED SCHIAVONI, ESQ., O'MELVENY & MYERS LLP, 153 EAST 53RD STREET, NEW YORK, NEW YORK 10022.

IN ORDER TO BE CONSIDERED, YOUR OBJECTION MUST BE FILED AND RECEIVED BY THE RECEIVER AND THE COURT BY NO LATER THAN 4:00 P.M. EASTERN DAYLIGHT TIME (OR EASTERN STANDARD TIME, SHOULD EASTERN STANDARD TIME BE IN EFFECT ON THE OBJECTIONS BAR DATE) ON AUGUST 25, 2003. FAILURE TO FILE AND SERVE YOUR OBJECTION AND/OR CLAIM IN ACCORDANCE WITH THIS NOTICE WILL CONSTITUTE A WAIVER OF THAT OBJECTION AND/OR CLAIM, AND THE COURT WILL NOT CONSIDER ANY UNTIMELY OBJECTION AND/OR CLAIM AT THE HEARING.

**PLEASE TAKE FURTHER NOTICE THAT ANY PERSON OR ENTITY WITH A CLAIM OR OBJECTION THAT FAILS TO OBJECT AND/OR FILE A CLAIM IN ACCORDANCE WITH THIS NOTICE, AS WELL AS ITS SUCCESSORS-IN-INTEREST TO SUCH OBJECTION AND/OR CLAIM, SHALL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING ANY OBJECTION AND/OR CLAIM THAT SUCH PERSON OR ENTITY MAY HAVE AGAINST THE FUNDS HELD IN RNYSC ACCOUNT NO. 4500R OR WITH RESPECT TO THE RECEIVER'S MOTION FOR INTERIM DISTRIBUTION OF RECEIVERSHIP**

rriott
CATION CLUB
ERNATIONAL
IMESHARE
RESALES
the Industry Leader
300-278-9160
Monday - Saturday
MHRC-Re BROKER

l for Specials
IAGRA
00-9?0-8770
w.accessrx.com

VIAGRA
Free Shipping on ALL orders!
Discount! • Trusted • In Business since 1998!
We will match any price!
1-888-249-8422

IAGRA
a-Yasmin-Xenical-Zyban-Valtrex-Ultram
300-990-9681
AFE · SECURE · DISCREET
L MEET OR BEAT ANY PRICE
FF NEW INTERNET ORDERS
REFERRAL CODE: USA
w.viamedic.com

astickets.com
0777-VEGAS
00-355-5555
ORDER ON-LINE
CTICKET.COM

OWN LAND RIGHT IN THE PATH OF GROWTH! From only $895/acre & surrounded by development. These 40-acre parcels are the Best Buy in the USA. Guaranteed. Offered with as low as 10% down, guaranteed financing and fantastic terms. CALL TODAY! 1.866.861.5100 BBA www.legendranch.com

AL ESTATE

LAND
Tennessee Land, mountain streams, 1-25+ acres/tracts, 423-949-7272 owner

TIMESHARE RESALES
• Buy • Sell
• Rent • Exchange
CALL The Resale Industry Leader!
1-800-745-4410
International
936-588-4488

Timeshare Resales
Deeded Red Weeks!
Starting at $1595.00
Inquire Today!
1-800-613-7410
RCI POINTS
Resort Resellers

TRAVEL
2 for 1 CRUISE SALE
Caribbean Alaska Europe Panama
800-445-4177
www.great-vacations.com

DISCOUNT TRAVEL
USA TODAY NOTE TO READERS: Many airline tickets and awards are not transferable. Please check before purchasing.
AAAAAA AWARDS BUY/SELL
1-800-859-8695
EUROPE/ORIENT/USA/S. PACIFIC
AIR AWARDS
BUY • SELL BEST DEALS
800-734-1922
TRYANGLE TRAVEL
866-872-6415 TF




# ...rds are full of biomedical industry consultants

responding to reports of negative effects on patients.

The pharmaceutical industry has been criticized in the past for withholding information about the harmful side effects of experimental drugs and medical devices from patients.

Sheldon Krimsky, professor in the Department of Urban and Environmental Policy and Planning at Tufts University, says the relationship between academic medicine and industry is becoming increasingly close. A separate study a few years ago found that the principal authors of 34% of studies published in the 14 leading medical and science journals had a financial interest in the drugs or devices they were testing.

> "Studies funded by the private sector tend to produce outcomes that are much more aligned with the financial interests of those sectors than studies funded by the government, etc."
>
> — Sheldon Krimsky, Tufts University

"Studies funded by the private sector tend to produce outcomes that are much more aligned with the financial interests of those sectors than studies funded by the government, etc.," says Krimsky, who focuses on the subject in his book *Science in the Private Interest*, which arrives this month.

He says it's an "egregious conflict of interests" when IRB members vote on or promote a trial for a drug developed by the pharmaceutical company for which they consult.

Campbell says about 25% of medical school faculty who conduct research have financial relationships with industry. Medical school faculty tend to be paid less than private physicians and many have had their salaries capped or frozen by HMOs that have bought university hospitals.

"Consulting provides a way for academics to augment their salary to in some ways make up for differences in salary. It also can provide intellectual and professional benefits," Campbell says.

The findings are based on a survey of 2,989 faculty members from medical schools across the country. The study by Campbell and his colleagues at Massachusetts General Hospital are published in the journal *Academic Medicine*.

...etplace TODAY

1-800-872-3433 Toll-free in the U.S. only

GRA
...nical·Zyban·Valtrex·Ultram
...990-9681
...URE · DISCREET
...EAT ANY PRICE
...ERNET ORDERS
CODE: USA
...medic.com
...r Specials
...GRA
...0-8770
...cessrx.com
TATTOOS
Full Color Custom Tattoos
Tattoo Mfg. Inc.
1-800-747-8016
www.tattoosales.com
No set up charge.
Add just $10 S&H
No charge for white ink
1000 2"x2" CUSTOM LOGO TATTOOS $85
1000 8"x8" Stock Designs $89.95
WE SHIP IN 7-10 DAYS!

MISCELLANEOUS

**ISO/BANKCARD** • Interchange or 1.53 - 100% over • Faxed Apps • No Declines • 1 App/Same Day Merchant #'s • LFG-Direct Leasing .0285 Exp Req 1-800-522-3661 Joyce Ext. 925

**Locate Foreclosures!** Earn Big Profits! Training! Free Info: 1-800-331-4555, x2000

**MAJOR EXPANSION** 54-year-old company is now selling up a limited number of dealers to market our products. This is a no nonsense opportunity that has a potential of $300,000+ profit 1st yr in business. $14,900 req 1-800-675-6144

Medical/ Dental/ Legal & Adoption financing. Biz is booming! Nat'l co in 32 states, now offering ltd. indep. agencies. $19.5K w/100% financing to qualified. Call 1-800 392-5189 • aplusa.com

No Inv. Canadian Pharmacy affiliate. Info, Fax: 1-204-224-3318 or Visit our website CanadaPharmacySavings.com

NO SELLING! MARKETING EXCLUSIVE! A Proprietary breakthrough! Earn $10K+/Mo 1st yr. Attn: Diabetics 888.488.8092(24hr) Naturalway.com

**OVERSEAS BANK** FOR SALE Call 800-733-2191

**Own ATM Machines** Located in KFC, Burger King, Taco Bell. 20K Min. Investment. Free Info. 1-888-337-6411

WORK AT HOME-TAKING ORDERS Earn $100-$1k per day. Very Easy. www.towels-uniforms.com Free Info! 1-800-556-9935

BUSINESS CAPITAL

BUSINESS LOANS MADE EASY $10K to $10 Million approved in 72 hrs! Unsecured, Secured or Leased. Nationwide. 800-884-7071 America One, Ft Lauderdale, FL

**Purchase Homes** U Find/We Buy! Co-Own or Cash Out. Free Info! 866-541-1792 x015

BUSINESS OPPORTUNITIES

1800BANKCARD.COM DIRECT BANKCARD ISO'S • 1.53 + .19 -100% over • 1 App/Same Day Merchant #'s • Portfolio Ownership/Buyouts • NewT7P-$275 / 2085-$310 • Direct Leasing .0285/No Declines Exp Req 1-800-226-5227 Rich Ext 912 or George Ext 923

**Cellular Phone Route** Explosive New Market! Be The First. Prime Sites Included Min $20k Invest. Free Info 1-800-586-1443 / 24hrs

Incredible Business Opportunity! Invention Saves Up to 25% Off Your Electric Bill. For free info: 1-800-580-1193 (m-f 9am-6pm cst)

...rd Edited by Timothy Parker

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: Community Bank of Northern Virginia And Guaranty National Bank of Tallahassee Second Mortgage Loan Litigation | C. A. No. 03-0425 |

**SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION AND HEARING**

To: Certain Persons Who Obtained Second Mortgage Loans From Community Bank of Northern Virginia ("CBNV") and/or Guaranty National Bank of Tallahassee ("GNB").

This Notice is given pursuant to Rule 23 of the Federal Rules of Civil Procedure and by Order of this Court. The purpose of this Notice is to inform you of this class action and its proposed settlement.

Plaintiffs in this case allege that CBNV and GNB violated certain federal and state laws in connection with the fees and interest charged on second mortgage loans. These claims are asserted against the Defendants CBNV, GNB and Residential Funding Corporation ("RFC"). (CBNV, GNB and RFC shall be referred to as "Defendants" in this Notice.) CBNV and GNB are named as defendants in the litigation because they originated and/or made the challenged second mortgage loans. RFC is named because it allegedly purchased the loans from CBNV and GNB.

The settlement of this class action, if approved by the Court, will cover a Class of persons defined as:

Any person: (i) who entered into a loan agreement with CBNV and/or GNB; (ii) whose loan was secured by a second mortgage or deed of trust on property located in the United States; (iii) whose loan was purchased by RFC; and (iv) who was not a member of the class certified in the action captioned Baxter v. Guaranty National Bank, et al., Case No. 01-CVS-009168, in the General Court of Justice, Superior Court Division of Wake County, North Carolina.

Each qualifying Class Member will be entitled to receive a settlement payment in amounts ranging from $250 to $925. If the settlement is approved, Class Members who do not exclude themselves (as described below) will release CBNV, GNB, RFC and certain other parties in connection with loans covered by the settlement.

On or about August 1, 2003, Class Mail Notices describing the settlement in more detail were mailed to those persons whom Defendants could identify as members of the Class eligible to receive settlement payments. These Class Mail Notices contain important information regarding the rights of all Class Members and set forth deadlines that must be met to preserve certain rights.

To request a free copy of the Class Mail Notice, please send a written request including your name, current address and social security number to CBNV-GNB Settlement Administrator, P. O. Box 12983, Birmingham, Alabama 35202-2983.

If you are a Class Member, you have the right to exclude yourself from the class action and the settlement by mailing a written notice that you intend to opt-out or request exclusion from the settlement. Such a request for exclusion must: (1) be personally signed by you; (2) contain your name, address and telephone number and a statement that you wish to be excluded from the settlement; (3) contain a reference to "In re: Community Bank of Northern Virginia and Guaranty National Bank of Tallahassee Second Mortgage Loan Litigation, Case No. 03-0425"; and (4) be mailed to: CBNV-GNB Settlement Administrator, P.O. Box 12983, Birmingham, Alabama 35202-2983, and received by October 1, 2003.

A final settlement hearing will be held on November 14, 2003, at 10:00 a.m., at the United States District Court for the Western District of Pennsylvania, Seventh and Grant Streets, in Pittsburgh, Pennsylvania. At that hearing the Court will consider whether the settlement will be finally approved and whether to award attorneys fees and other amounts to class counsel and to the Named Plaintiffs as provided in the settlement agreement. If you are a member of the Class, you have a right to appear at the hearing if you comply with the requirements in the Class Mail Notice for stating an intention to appear. You also have a right to file objections to any aspect of the settlement, and those objections will be considered at the final settlement hearing. To object to all or part of the settlement, you must file a written objection, with reasons, with the Court and serve objections on the attorneys for the parties so that it is received by them by October 1, 2003, all as directed in the Class Mail Notice.

Do not telephone the clerk of the court regarding this matter. You may obtain further information by calling the toll-free information line set up for Class Members by Plaintiffs' Counsel at 1-888-577-6537.

BY ORDER OF THE UNITED STATES DISTRICT FOR THE WESTERN DISTRICT OF PENNSYLVANIA. HONORABLE GARY L. LANCASTER.

# Exhibit 12 to Declaration

**IN THE UNITED STATES DISTRICT COURT OF THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: COMMUNITY BANK OF NORTHERN VIRGINIA AND GUARANTY NATIONAL BANK OF TALLAHASSEE SECOND MORTGAGE LOAN LITIGATION | ) | Civil Action No. 03-0425<br>Honorable Gary L. Lancaster |

**ORDER GRANTING JOINT MOTION TO INVALIDATE SOLICITED OPT-OUTS AND FOR COURT APPROVED NOTICE TO ADDRESS FALSE, MISLEADING AND DECEPTIVE SOLICITATIONS OF OPT-OUTS**

AND NOW this 14th day of October, 2003, upon careful consideration of the Joint Motion to Invalidate Solicited Opt-Outs and for Court Approved Notice, the authorities cited therein and the exhibits attached thereto, IT IS HEREBY ORDERED that the parties' Joint Motion is GRANTED.

IT IS HEREBY ORDERED as follows:

1. For good cause, the Court invalidates and declares void all solicited opt-outs by class members from Georgia, Missouri, Illinois, Maryland, Florida and Alabama (the "Solicited Opt-Out States).

2. The settlement administrator shall promptly mail the respective proposed curative notices for Georgia, Missouri, Illinois, Maryland, Florida and Alabama to any class member in the respective state who submitted a timely opt-out request on or before October 1, 2003 (e.g., Georgia curative notice shall be sent to Georgia borrowers who submitted an opt-out request).

3. For only those class members who submitted timely opt-outs on or before October 1, 2003 and who are located in the Solicited Opt-Out States, a second opt-out period shall be allowed and shall expire on **November 3, 2003** (the "Second Opt-Out Period"). Except for the opt-out deadline, all requirements regarding opt-outs set forth in the Settlement

Agreement and this Court's Preliminary Approval Order shall govern the validity and timeliness of any opt-outs from these Solicited Opt-Out States.

4. Except for communications between Class Counsel and members of the Class, all communications during the Second Opt-Out Period between any lawyer or law firm identified in paragraph 5 of this Order (or any person acting in concert with or at the direction of any such lawyer or law firm) and any member of the Class shall be in writing and submitted to this Court by motion to approve the communication. Except for written communications pre-approved by this Court and communications by Class Counsel upon inquiry from any class member, no communications shall be permitted during the Second Opt-out Period between any lawyer or law firm identified in paragraph 5 of this Order (or any person acting in concert with or at the direction of any such lawyer or law firm) and any member of the Class in the Solicited Opt-Out States with respect to the benefits or limitations of the Settlement, any claims encompassed within the release in the Settlement Agreement or the propriety or advisability of opt-ing out of the Settlement. With respect to any Class member electing to opt-out during this Second Opt-Out Period, this limited and temporary restriction shall cease and be terminated immediately upon Class Counsel's and/or the settlement administrator's receipt of a timely request for exclusion from the Class or "opt-out."

5. Class Counsel shall promptly serve this Order by facsimile and overnight mail on the following law firms and individual lawyers: Franklin R. Nix, Esquire; Scott C. Borison, Esquire, Mary T. Szeluga, Esquire and the Legg Law Firm; David M. Skeens, Esquire, Heather Carlson, Esquire and the Walters Bender Stroehbein & Vaughan law firm; Daniel A. Edelman of the Edelman, Combs & Latturner, LLC law firm; and John W. Sharbrough, III, Esquire, of the Sharbrough law firm.

Hon. Gary L. Lancaster, U.S. District Judge

cc: All counsel of record