# Exhibit 21 to Declaration

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: COMMUNITY BANK OF NORTHERN VIRGINIA SECOND MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1674 <br><br> Case No. 03-0425 <br> Case No. 02-01201 <br> Case No. 05-0688 <br> Case No. 05-1386 <br><br> Hon. Gary L. Lancaster |

THIS DOCUMENT RELATES TO ALL MDL ACTIONS

**PROPOSED DISCOVERY SCHEDULE**

Pursuant to the Court's direction (Doc. No. 583), the parties submit their proposed discovery schedule for discovery prior to class certification  and a schedule for class certification briefing in accordance with Case Management Order Number 1 (Doc. No. 506) and paragraphs 8, 9 and 10d-k, 11-18 of the Appendix LCvR 23.E as follows:

**8.    Discovery prior to Class Certification must be sufficient to permit the court to determine whether the requirements of Fed. R. Civ. P. Rule 23 are satisfied, including a preliminary inquiry into the merits of the case to ensure appropriate management of the case as a Class Action. However, in order to ensure that a class certification decision be issued at an early practicable time, priority shall be given to discovery on class issues. Once Class Certification is decided, the Court may, upon motion of a party, enter a second scheduling and discovery order, if necessary.**

Plaintiffs' Position: Class certification discovery should continue (Rule 26 disclosures have occurred and written discovery has been exchanged). As to the Defendants' repeated request to stay discovery pending a ruling on their Motions to Dismiss, the Court has already rejected that argument by its Order that the Parties submit this Proposed Discovery Schedule.

Defendants' position: The pending motions to dismiss filed by Defendants in this action raise jurisdictional, standing and substantive issues that could result in the dismissal of this action it its entirety or significantly narrow discovery and lead to the dismissal of one or more parties from this action. Accordingly, as stated by defense counsel during the conference with the Court on 9/18/12, Defendants urge that the commencement of further discovery await a ruling on their motions to dismiss. As a

result, the deadlines proposed below by Defendants are all predicated upon further discovery commencing after the motions to dismiss have been decided.

**9.    Subjects on which class certification discovery may be needed. (By executing this report, no party shall be deemed to (1) have waived the right to conduct discovery on subjects not listed herein or (2) be required to first seek the permission of the Court to conduct discovery with regard to subjects not listed herein):**

Plaintiffs:

a)  All Rule 23(a) and (b) issues;
b)  The origination and servicing of each of the Named Plaintiffs' loans;
c)  The enterprise(s) which form the racketeering scheme;
d)  Defendants' relationships with the persons and entities included within the racketeering enterprises;
e)  Defendants' loan production offices and affiliated title companies and service providers;
f)  The number of loans originated, acquired and/or serviced by each Defendant.
g)  The operations of each Defendant with respect to the origination, acquisition and servicing of mortgage loans;
h)  Defendants' servicing of the Class Members' loans;
i)  Defendants' internal records-keeping systems;
j)  The contracts and other documents that govern, set forth or describe the relationships between the Defendants, their affiliates or other persons or entities involved in the making of, acquisition, sale or assignment of, or charging of fees, or providing services in connection with, or servicing the loans.
k)  All aspects of the Shumway/Bapst Operation, as that term is defined in Plaintiffs' Consolidated Amended Complaint.


Defendants:


a)  The origination and servicing of each of the Named Plaintiffs' loans;
b)  Any bankruptcies filed by any of the Named Plaintiffs;
c)  Any refinancings used to pay off the Named Plaintiffs' loans;
d)  Each named plaintiff's understanding of this case and the history of his or her involvement with this case and its preparation;
e)  Each named plaintiff's post-closing experience;
f)  Each named plaintiff's involvement with other litigation;
g)  Each named plaintiff's involvement, at any time, with lender and settlement service providers involved in the loan complained of;

2

    h) Each named plaintiff's dealings with other residential mortgage lenders and settlement service providers;

    i) Any expert report or testimony proffered in support of class certification;

    j) The adequacy of class counsel and the Named Plaintiffs to represent the class; and

    k) Any other issue bearing on the factors enumerated in Rule 23(a) and (b).

    l) Each Named Plaintiff's knowledge of the GBNT's receivership and their participation in the administrative claims process therein.

**10.    Set forth suggested dates for the following (The parties shall provide such information even if dispositive motions pursuant to Fed. R. Civ. P. 12 have been or are anticipated to be filed, except to the extent discovery and other proceedings have been or will be stayed under the Private Securities Litigation Reform Act or otherwise. If there are dates on which the parties have been unable to agree, set forth the date each party proposes and a brief statement in support of each such party's proposed date. Attach to this report form a proposed Court Order setting forth all dates agreed to below and leaving a blank for the insertion of a date by the Court for any date not agreed to):**

**a.    Dates on which disclosures required by Fed. R. Civ. P. 26(a) have been made or will be made:**

Rule 26(a) disclosures were served by Plaintiffs on 10/21/11, by PNC on 12/19/11 and by FDIC-GNBT on 4/11/12.

**b.    Date by which any additional parties shall be joined:**

Subject to the filing and granting of a motion to further amend the pleadings, and Defendants' right to oppose the same, February 28, 2013.

**c.    Date by which the pleadings shall be amended:**

Subject to the filing and granting of a motion to further amend the pleadings, and Defendants' right to oppose the same, February 28, 2013.

**d.    Date by which class certification discovery shall be completed:**

<u>Plaintiffs' position</u>: The dates in Subparagraphs (d-j) are based on the following reasoning: (1) that Plaintiffs have the burden to establish the propriety of class certification and (2) that Rule 23(c)(1)(A) requires that:

"at an early practicable time after a person sues or is sued as a class representative, the court must determine whether to certify the action as a class action."

The 2003 Advisory Committee Notes to Rule 23 advise that the phrase "at an early practicable time" in Rule 23(c)(1)(A) is inherently case-specific, and will, as a practical matter, depend on whether the parties believe that they have gathered enough information to present to the Court to make an informed certification decision.

Plaintiffs' proposal:  By August 1, 2013 but such date is set without prejudice to the potential of Plaintiffs filing for class certification at a practicable time before this date.

Defendants' position:  The pending motions to dismiss filed by Defendants in this action raise jurisdictional, standing and substantive issues that could result in the dismissal of this action it its entirety or significantly narrow discovery and lead to the dismissal of one or more parties from this action. Accordingly, as stated by defense counsel during the conference with the Court on 9/18/12, Defendants urge that the commencement of further discovery await a ruling on their motions to dismiss. As a result, the deadlines proposed below are all predicated upon further discovery commencing after the motions to dismiss have been decided.

Defendants' proposal:  Thus, Defendants propose that the deadline for class certification fact discovery be 365 days after a ruling on Defendants' motions to dismiss. A one-year window for class certification fact discovery is proposed due to the large number of Named Plaintiffs, and other witnesses from which discovery is needed, including RFC which is in bankruptcy and which is believed to possess or control the origination and servicing files concerning the loans that are the subject of this action.

a. **Date by which plaintiffs' expert reports as to class certification shall be filed:**

Plaintiffs' proposal:    60 days before Plaintiffs file their motion for class certification but no later than June 1, 2013.

Defendants' proposal:   Defendants do not object to Plaintiffs' proposal for the filing of Plaintiffs' expert reports as to class certification, provided that Defendants are not required to file their expert reports as to class certification until at least 60 days after the conclusion of class certification fact discovery. The opinions of Defendants' experts as to class certification will depend on facts adduced during class certification fact discovery. Therefore, the reports of Defendants' experts as to class certification cannot be

4

rendered until after the end of the period for class certification fact discovery.

**b. Date by which defendants' expert reports as to class certification shall be filed:**

As to Initial Reports:

Plaintiffs' proposal:  30 days after Plaintiffs provide their expert reports.

Defendants' proposal:  60 days after the conclusion of the period for class certification fact discovery.  The rationale for this request is set forth in "Defendants' proposal" in subparagraph 10(f) above.

As to Rebuttal Reports:

Parties' joint proposal: 30 days after Defendants file their expert reports.

**c. Date by which depositions of class certification experts must be completed:**

Plaintiffs' proposal:  As to Plaintiffs' experts - within 30 days of the filing of Plaintiffs' expert report; as to Defendants' experts-- within 30 days of the filing of Defendants' expert report.

Defendants' proposal:  60 days after the filing of rebuttal expert reports as to class certification.

**d. Plaintiffs' Motion for Class Certification Memorandum in Support and all supporting evidence shall be filed by _____.**

Plaintiffs' proposal:   On or before August 1, 2013.

Defendants' proposal:   Defendants do not object to Plaintiffs' proposal for the filing of their motion for class certification, provided that Defendants are not required to file their opposition thereto until at least 60 days after the conclusion of the period for depositions of experts as to class discovery.  Defendants believe that class certification briefing should follow the completion of class certification fact and expert discovery and strongly object to Plaintiffs' suggestion that Defendants be required to respond to any motion for class certification filed *prior to* the completion of

5

fact and expert class certification discovery. Plaintiffs' proposal
would require Defendants to respond to a certification motion
without the benefit of complete certification discovery, which
would be prejudicial to them and contrary to customary practice.

**e. Defendants' Memoranda in Opposition to Class Certification and all
supporting evidence shall be filed by _____:**

>Plaintiffs' proposal:  Within 30 days after Plaintiffs file their
>motion.

>Defendants' Proposal:  60 days after the conclusion of the period
>for depositions of experts as to class discovery.  The rationale for
>this request is set forth in "Defendants' proposal" in subparagraph
>(h) above.

**f. Plaintiffs' Reply Memorandum in support of class certification, if any, shall
be filed by _____:**

>Parties' joint proposal:  Within 30 days after Defendants file their
>opposition.

**g. The Class Certification hearing shall be as scheduled by the Court.**

   **11.    After the resolution of the motion for class certification, the Court
shall hold a Post-Certification Determination Conference to discuss how the case
shall proceed in light of the disposition of the Class motion.  If the parties wish to
establish a schedule for post-Class Certification pretrial matters at this time, set
forth suggested dates for the following:**

   **a. Date by which fact discovery should be completed**

   **b. Date by which plaintiff's expert reports should be filed:**

   **c. Date by which depositions of plaintiff's expert(s) should be
   completed:**

   **d. Date by which defendant's expert reports should be filed:**

   **e. Date by which depositions of defendant's expert(s) should be
   completed:**

    **f.  Date by which third party expert's reports should be filed:**

    **g.  Date by which depositions of third party's experts should be completed:**

The parties do not wish to establish a schedule for post-Class Certification pretrial matters at this time.

    **12.    If the parties agree that changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations.**

Plaintiffs' proposals:

Depositions:

Plaintiffs suggest that the limitations on depositions imposed by Rule 30(a)(2)(A)(i) and 30(d) shall not apply.

Plaintiffs make this proposal and object to Defendants' proposal for the following reasons:

First, given the complexity, size and scope of this matter, it is reasonable for the Court to order that the presumptive seven hour limitation for depositions will not apply. Plaintiffs do not intend or desire to take overlong depositions, unnecessary depositions, or multiple depositions on the same issues. Plaintiffs in good faith believe though that it will be necessary at times for the fair examination of the witness for a deposition to exceed seven hours.

Second, because of the complexity of this matter, as well as the passage of time, there are likely to be a number of Rule 30(b)(6) depositions where a single witness is designated for a number of topics. Application of the seven hour limitation will allow Defendants to prevent fair examination on the designated topics.

Third, absent the Court's order waiving the rule, it is likely that the Court will be repeatedly asked to immediately intervene in disputes concerning the length of an ongoing deposition without knowledge or understanding of whether the Defendants are obstructing the fair examination of the witness or whether additional time is necessary for the fair examination of the witness. The number and frequency of disputes concerning depositions will be mitigated by the Court's order waiving these rules.

Fourth, if any party is abusing the deposition length, then the opposing party can seek a protective order as a remedy. Use of that mechanism will result in significantly less judicial intervention because otherwise the seven hour limit becomes an arbitrary sword to obstruct discovery.

Interrogatories:

Plaintiffs also suggest that that the limitations on interrogatories as set forth in Rule 33(a)(1) shall not apply for the same reasons.

Given the number of similarly situated Class members and Named Plaintiffs, Defendants will certainly coordinate their discovery and use the same form interrogatories or master sets of interrogatories as to all Named Plaintiffs. In contrast, Plaintiffs cannot and do not intend to send the same form interrogatories to each of the Defendants. Given the scope, size and complexity of this matter more than 25 interrogatories per party is reasonable and will be necessary.

Defendants' proposals:

Depositions:

Defendants propose that the limitations on depositions imposed by Rule 30(d) apply, without change, absent good cause and court order. In particular, Defendants do not believe that there is any reason to waive the presumptive seven-hour limit on depositions, particularly in light of the possibility of numerous third-party depositions. Defendants propose that the presumptive 10-deposition limitation imposed by Rule 30(a)(2)(A)(i) shall not apply in light of the number of Named Plaintiffs and potential third-party witnesses, subject to the right of either party to file a motion for protective order should the number of depositions becomes unnecessarily excessive. Defendants propose that the remainder of the limitations imposed by Rule 30(a)(2)(A) apply, without change, absent good cause and court order.

Interrogatories:

Defendants propose that the limitations on interrogatories imposed by Rule 32(a)(1) apply, without change, absent good cause and court order.

**13.    Set forth whether the parties have considered the need for special deadlines, procedures or orders of court dealing with discovery of electronically-stored information (electronic discovery), including the need for the preservation of discoverable information and the protection of the right to assert privilege(s) after the production of privileged information and if so, set forth the results of such consideration:**

The parties will comply with the requirements of LCvR 26.2 (Discovery of Electronically Stored Information).

**14.     Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery; in either event the parties shall be prepared at the Post-Discovery Status Conference to discuss and/or schedule the following:  (The parties are not required during their Rule 26(f) Conference to consider or propose dates for the items identified below.  Those dates will be determined, if necessary, at the Post-Discovery Status Conference.  Lead trial counsel for each party and each unrepresented party are required to attend the Post-Discovery Status Conference with their calendars in hand to discuss those items listed below that require scheduling.  In addition, a representative with settlement authority of each party shall be required to attend; representatives with settlement authority of any insurance company providing any coverage shall be available throughout the Conference by telephone):**

> a.  **Settlement and/or transfer to an ADR procedure**
> b.  **Dates for the filing of expert reports  and the completion of expert discovery as itemized in sub-paragraphs 11.b. through 11.h., above, if the parties  elected to defer such  discovery until  after the Post-Discovery Status Conference**
> c.  **Dates by which dispositive motions pursuant to Fed. R. Civ. P. 56 replies thereto and responses to replies should be filed;**
> d.  **Dates by which parties pretrial statements should be filed**
> e.  **Dates by which in limine and Daubert motions and responses thereto should be filed**
> f.  **Dates on which motions in limine and Daubert motions shall be heard**
> g.  **Dates proposed for final pre-trial conference**
> h.  **Presumptive and final trial dates.**

Not applicable pursuant to the Case Management Order No. 1 (Doc. No. 506).

**15.     Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c):**

A Stipulated Omnibus Protective Order (Doc. No. 587) was entered by the Court on September 26, 2012.

Defendants' proposal:  Except as provided elsewhere herein, Defendants propose that the deadline for the filing of oppositions to motions be 14 days and that the deadline for reply memoranda will be 10 days thereafter.

Plaintiffs' Response: The Parties should follow the Court's routine procedures with respect to motion practice. The schedule proposed by Defendants encourages delay

caused by motion practice and prevents the Court's expeditious resolution of motions that do not need 24 days to be fully briefed and ruled.

**16.    Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role:**

The parties do not currently anticipate a need for a Special Master.

**17.    If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 10 and/or 11, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached:**

The parties have addressed their respective points of disagreement above.

**18.    Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration.**

Not applicable pursuant to the Case Management Order No. 1 (Doc. No. 506).

10

Dated October 10, 2012

Respectfully submitted:

By___*/s/ R. Frederick Walters*_____
J. Michael Vaughan
R. Frederick Walters
David M. Skeens
Kip D. Richards
Garrett M. Hodes
WALTERS BENDER STROHBEHN &
  VAUGHAN, P.C.
– *InterimCo-Lead Counsel*
2500 City Center Square
12th & Baltimore
P.O. Box 26188
Kansas City, MO  64196
(816) 421-6620
(816) 421-4747 (Facsimile)


By___*/s/ R. Bruce Carlson*_____
R. Bruce Carlson (PA ID #56657)
Gary Lynch (PA ID # 56887)
Stephanie K. Goldin (PA ID # 202865)
CARLSON LYNCH LTD.
– *Interim Co-Lead Counsel*
P.O. Box 367
231 Melville Lane
Sewickley, PA 15143
(412) 749-1677
(412) 749-1686 (Facsimile)

*-and-*

Daniel O. Myers
LAW OFFFICES OF DANIEL O. MYERS
1127 Queensborough Blvd., Suite 105
Mt. Pleasant, SC 29464
(843) 654-7440
(843) 654-7441

*-and-*

A. Hoyt Rowell, III
RICHARDSON, PATRICK, WESTBROOK
& BRICKMAN, LLC
1037 Chuck Dawley Blvd., Bldg. A
Mt. Pleasant, SC  29464
(843) 727-6550

-and-

Scott C. Borison
LEGG LAW FIRM, LLC
5500 Buckeystown Pike
Frederick, MD 21703
(301) 620-1016
(301) 620-1018 (Facsimile)

-and-

Franklin R. Nix
LAW OFFICES OF FRANKLIN NIX
1020 Foxcroft Road, N.W.
Atlanta, GA 30327-2624
(404) 261-9759
(404) 261-1458 (Facsimile)

-and-

Knox McLaney
MCLANEY & ASSOCIATES, P.C.
P. O. Box 4276
Montgomery, AL 36104
(334) 265-1282
(334) 265-2319 (Facsimile)

**ATTORNEYS FOR PLAINTIFFS**

By /s/ Martin C. Bryce, Jr.
Martin C. Bryce, Jr.
Joel E. Tasca
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
(215) 665-8500
(215) 864-8999 (Facsimile)

**ATTORNEYS FOR DEFENDANT
PNC BANK, N.A.**

By /s/ Virginia W. Barnhart
Virginia W. Barnhart
TREANOR POPE & HUGHES, P.A.
29 W. Susquehanna Ave., Suite 110
Towson, MD 21204
(410) 494-7777
(410) 494-1658 (Facsimile)

**ATTORNEYS FOR DEFENDANT
FEDERAL DEPOSIT INSURANCE
CORPORATION, As Receiver for
Guaranty National Bank of
Tallahassee**

## CERTIFICATE OF SERVICE

I hereby certify that I filed this document with the United States District Court for the

Western District of Pennsylvania with notice of case activity to be generated and sent

electronically by the Clerk of the Court to all designated persons this 10th day of October

2012.

_____/s/ Martin C. Bryce, Jr._____

# Exhibit 22 to Declaration

CM/ECF Western Missouri Bankruptcy

https://ecf.mowb.uscourts.gov/cgi-bin/DktRpt.pl?782889517167395...

DEC, DISMISS, CLOSED

## U.S. Bankruptcy Court
## Western District of Missouri (Kansas City)
## Bankruptcy Petition #: 04-46476-jwv7

Date filed: 10/19/2004
Date terminated: 02/11/2005
Date dismissed: 01/31/2005

*Assigned to:* Jerry W. Venters
Chapter 7
Voluntary
No asset

*Debtor*
**Rowena Louise Drennen**
2703 N Belletontaine
Kansas City, MO 64117
SSN / ITIN: xxx-xx-~~~~

represented by **David M. Gleason**
DECEASED
Northland Legal
2900 NE 60th St., Suite 100
Kansas City, MO 64119
816-455-4200
Fax : 816-455-5362
Email:
jennifer@northlandlegal.com

*Debtor*
**John Allen Drennen**
2703 N Belletontaine
Kansas City, MO 64117
SSN / ITIN: xxx-xx-~~~~

represented by **David M. Gleason**
(See above for address)

*Trustee*
**Janice E. Stanton**
104 W. 9th Street - Suite 303
Kansas City, MO 64105
816-421-7770

| Filing Date | # | Docket Text |
|---|---|---|
| 10/19/2004 | 1 | Chapter 7 Voluntary Petition, At Time of Filing - Fee Due of 209.00 dollars,. (Gleason, David) (Entered: 10/19/2004) |
| 10/19/2004 | 2 | Receipt of Voluntary Petition (Chapter 7)(04-46476) [other,volp7a] ( 209.00) Filing Fee. Receipt Number 2133894, Filing Fee Amount 209.00 dollars (U.S. Treasury) (Entered: 10/19/2004) |
| 10/20/2004 | 3 | First Meeting of Creditors with 341 meeting to be held on 11/16/2004 at 12:00 PM at US Crthouse,Rm 2110B, 400 E. 9th |

CM/ECF Western Missouri Bankruptcy    https://ecf.mowb.uscourts.gov/cgi-bin/DktRpt.pl?782889517167395...

| | | |
|---|---|---|
| | | St., Kansas City, MO. Objections for Discharge due by 01/15/2005., Transmitted to the BNC for Service. ( adkt, ) (Entered: 10/20/2004) |
| 10/22/2004 | 4 | BNC Certificate of Mailing Service Date 10/22/2004. (Related Doc # 3 ) (Admin.) (Entered: 10/23/2004) |
| 10/26/2004 | 5 | Debtor's Declaration Re: Electronic Filing. (Anstine, Sandi) (Entered: 10/27/2004) |
| 11/19/2004 | 6 | Certificate of Service *on documents requested by Trustee Stanton and US Trustee's office* filed by John Allen Drennen, Rowena Louise Drennen. (Gleason, David) (Entered: 11/19/2004) |
| 11/23/2004 | 7 | Trustee's Initial Report & First Meeting Held and Adjourned (Stanton, Janice) (Entered: 11/23/2004) |
| 12/22/2004 | 8 | Motion to Dismiss Case. Filed by John Allen Drennen, Rowena Louise Drennen (Gleason, David) (Entered: 12/22/2004) |
| 12/27/2004 | 9 | Notice of Motion *20 day deadline* (related document(s) 8 ).filed by John Allen Drennen, Rowena Louise Drennen Objections are due by 1/18/2005. (Gleason, David) (Entered: 12/27/2004) |
| 01/12/2005 | 10 | **WITHDRAWN 1/28/05 DOC. #13**Trustee's Objection to *Debtors' Motion to Dismiss* (related document(s) 8 ) Filed by Janice E. Stanton. (Stanton, Janice) Modified on 1/31/2005 (Anstine, Sandi). (Entered: 01/12/2005) |
| 01/13/2005 | 11 | Hearing re: Motion to Dismiss Case filed by John Allen Drennen and Rowena Louise Drennen and Trustee's Objection to Motion. (related document(s) 8 , 10 ). Hearing scheduled for 2/1/2005 at 01:30 PM at US Courthouse, Courtroom 6A, 400 E. 9th St., Kansas City, MO. (Harden, Debra) (Entered: 01/13/2005) |
| 01/14/2005 | 12 | First Motion to Extend Time for the United States Trustee to file a Motion to Dismiss Case under 11 USC section 707b. Extension requested to March 15, 2005 Filed by US Trustee Office (Voytek, Melissa) (Entered: 01/14/2005) |
| 01/28/2005 | 13 | Withdrawal of *Trustee's Objection to Debtors' Motion to Dismiss* filed by Janice E. Stanton (related document(s) 8 ). (Stanton, Janice) (Entered: 01/28/2005) |
| 01/31/2005 | 14 | Order Dismissing Case re Motion to Dismiss filed by Debtors (Hinkle, Jamie) |

CM/ECF Western Missouri Bankruptcy

|  |  | THE BANKRUPTCY NOTICING CENTER WILL SERVE THIS ORDER ON ALL CREDITORS AND PARTIES. *There is no document attached to this entry. It will be attached to the BNC Certificate of Mailing.* (Entered: 01/31/2005) |
| 02/02/2005 | <u>15</u> | BNC Certificate of Mailing Service Date 02/02/2005. (Related Doc # 14 ) (Admin.) (Entered: 02/03/2005) |
| 02/11/2005 |  | Final Decree and Closing Case - The estate of the above named debtor(s) has been fully administered. The Trustee is discharged as trustee of the estate, the bond is cancelled, and this Chapter 7 Bankruptcy Case is Closed. (This is a text entry, no document is attached.) . (Kostrow, Roberta) (Entered: 02/11/2005) |

| PACER Service Center | | | |
| --- | --- | --- | --- |
| **Transaction Receipt** | | | |
| 07/11/2011 10:54:54 | | | |
| PACER Login: | tp0047 | Client Code: | fdic-gnbt |
| Description: | Docket Report | Search Criteria: | 04-46476-jwv7 Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Format: html |
| Billable Pages: | 2 | Cost: | 0.16 |

Case 04-46476-jwv7    Doc 1    Filed 10/19/04    Entered 10/19/04 12:04:46    Desc Main
Document    Page 1 of 30

| (Official Form 1) (9/01) | | |
|---|---|---|
| **FORM B1** | **United States Bankruptcy Court**<br>**Western District of Missouri** | **Voluntary Petition** |

| | |
|---|---|
| Name of Debtor (if individual, enter Last, First, Middle):<br>**Drennen, Rowena Louise** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>**Drennen, John Allen** |
| All Other Names used by the Debtor in the last 6 years<br>(include married, maiden, and trade names):<br>**Rowena Louise Powers** | All Other Names used by the Joint Debtor in the last 6 years<br>(include married, maiden, and trade names): |
| Soc. Sec./Tax I.D. No. (if more than one, state all):<br>▓▓▓ | Soc. Sec./Tax I.D. No. (if more than one, state all):<br>▓▓▓ |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>**2703 N Bellefontaine**<br>**Kansas City, MO 64117** | Street Address of Joint Debtor (No. & Street, City, State & Zip Code):<br>**2703 N Bellefontaine**<br>**Kansas City, MO 64117** |
| County of Residence or of the<br>Principal Place of Business:    **Clay** | County of Residence or of the<br>Principal Place of Business:    **Clay** |
| Mailing Address of Debtor (if different from street address): | Mailing Address of Joint Debtor (if different from street address): |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

### Information Regarding the Debtor (Check the Applicable Boxes)

Venue (Check any applicable box)
- ☐ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.
- ☑ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| Type of Debtor (Check all boxes that apply) | | Chapter or Section of Bankruptcy Code Under Which the Petition is Filed (Check one box) | |
|---|---|---|---|
| ☒ Individual(s) | ☐ Railroad | ☒ Chapter 7    ☐ Chapter 11    ☑ Chapter 13 | |
| ☐ Corporation | ☐ Stockbroker | ☐ Chapter 9    ☐ Chapter 12 | |
| ☐ Partnership | ☐ Commodity Broker | ☐ Sec. 304 - Case ancillary to foreign proceeding | |
| ☐ Other___ | | | |

| Nature of Debts (Check one box) | Filing Fee (Check one box) |
|---|---|
| ☒ Consumer/Non-Business    ☐ Business | ☒ Full Filing Fee attached |
| **Chapter 11 Small Business (Check all boxes that apply)** | ☐ Filing Fee to be paid in installments (Applicable to individuals only.) |
| ☐ Debtor is a small business as defined in 11 U.S.C. § 101 | Must attach signed application for the court's consideration |
| ☐ Debtor is and elects to be considered a small business under | certifying that the debtor is unable to pay fee except in installments. |
| 11 U.S.C. § 1121(e) (Optional) | Rule 1006(b). See Official Form No. 3. |

Statistical/Administrative Information (Estimates only)
- ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACES FOR COURT USE ONLY

| Estimated Number of Creditors | 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|---|
| | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

| Estimated Assets | $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,000,001 to<br>$100 million | More than<br>$100 million |
|---|---|---|---|---|---|---|---|---|
| | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

| Estimated Debts | $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,000,001 to<br>$100 million | More than<br>$100 million |
|---|---|---|---|---|---|---|---|---|
| | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

(Official Form 1)(04/04)46476-jwv7   Doc 1   Filed 10/19/04   Entered 10/19/04 12:04:46   Desc Main
Document   Page 2 of 30   FORM B1, Page 2

| **Voluntary Petition** | Name of Debtor(s): |
| *(This page must be completed and filed in every case)* | Drennen, Rowena Louise |
| | Drennen, John Allen |

**Prior Bankruptcy Case Filed Within Last 6 Years** (If more than one, attach additional sheet)

| Location Where Filed:  **Western District of Missouri** | Case Number: **92-42987** | Date Filed: **12/14/97** |

**Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet)

| Name of Debtor: - None - | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

## Signatures

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X  /s/ Rowena Louise Drennen
Signature of DebtorRowena Louise Drennen

X  /s/ John Allen Drennen
Signature of Joint Debtor John Allen Drennen

Telephone Number (If not represented by attorney)

October 19, 2004
Date

**Signature of Attorney**

X  /s/ David M. Gleason 36235
Signature of Attorney for Debtor(s)
David M. Gleason 36235
Printed Name of Attorney for Debtor(s)
Law Offices of David M. Gleason
Firm Name
2900 NE 60th Street
Suite 100
Kansas City, MO  64118
Address
816-455-4200 Fax: 816-455-6362
Telephone Number
October 19, 2004
Date

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.
The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

**Exhibit A**

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)

☐ Exhibit A is attached and made a part of this petition.

**Exhibit B**

(To be completed if debtor is an individual whose debts are primarily consumer debts)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X  /s/ David M. Gleason 36235      October 19, 2004
Signature of Attorney for Debtor(s)   Date
David M. Gleason 36235

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☒ No

**Signature of Non-Attorney Petition Preparer**

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____
Printed Name of Bankruptcy Petition Preparer

_____
Social Security Number

_____
Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

X _____
Signature of Bankruptcy Petition Preparer

_____
Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  11 U.S.C. § 110; 18 U.S.C. § 156.

Case 04-46476-jwv7    Doc 1    Filed 10/19/04    Entered 10/19/04 12:04:46    Desc Main
Document        Page 3 of 30

## United States Bankruptcy Court
### Western District of Missouri

In re  Rowena Louise Drennen
John Allen Drennen                                    Case No. _____
                                    Debtor(s)         Chapter      7

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.  Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

    For legal services, I have agreed to accept.................................................    $        1,141.00
    Prior to the filing of this statement I have received.................................    $          691.00
    Balance Due.....................................................................................    $          450.00

2.  $   209.00   of the filing fee has been paid.

3.  The source of the compensation paid to me was:

    ☒ Debtor          ☐ Other (specify):

4.  The source of compensation to be paid to me is:

    ☐ Debtor          ☒ Other (specify):    before the 341 date

5.  ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:
    a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d.  [Other provisions as needed]
        Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods.

7.  By agreement with the debtor(s), the above-disclosed fee does not include the following service:
        Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding.

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:  October 18, 2004                    /s/ David M. Gleason 35235
                                            David M. Gleason 35235
                                            Law Offices of David M. Gleason
                                            2900 NE 60th Street
                                            Suite 100
                                            Kansas City, MO  64119
                                            816-455-4200   Fax: 816-455-5362

---

## United States Bankruptcy Court
### Western District of Missouri

In re  Rowena Louise Drennen
    John Allen Drennen

Debtor(s)

Case No.
Chapter   7

## VERIFICATION OF MAILING MATRIX

The above-named Debtor(s) hereby verifies that the attached list of creditors is true and correct to the best of my knowledge and includes the name and address of my ex-spouse (if any).

Date: **October 19, 2004**

/s/ Rowena Louise Drennen
Rowena Louise Drennen
Signature of Debtor

Date: **October 19, 2004**

/s/ John Allen Drennen
John Allen Drennen
Signature of Debtor

## United States Bankruptcy Court
### Western District of Missouri

In re    Rowena Louise Drennen,    Case No. _____
         John Allen Drennen

                                       Debtors    Chapter _____ 7

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 113,000.00 | | |
| B - Personal Property | Yes | 5 | 31,169.22 | | |
| C - Property Claimed as Exempt | Yes | 2 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 139,954.80 | |
| E - Creditors Holding Unsecured Priority Claims | Yes | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 2 | | 33,246.69 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | 5,103.00 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 1 | | | 5,013.00 |
| Total Number of Sheets of ALL Schedules | | 16 | | | |
| Total Assets | | | 144,169.22 | | |
| Total Liabilities | | | | 173,201.49 | |

Copyright (c) 1993-2000 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037    Best Case Bankruptcy

In re    Rowena Louise Drennen,
         John Allen Drennen

Case No._____

Debtors

# SCHEDULE A. REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. (See Schedule D.) If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Market Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| 2703 N Bellefontaine KCMO 64117 | Owner | J | 113,000.00 | 111,393.37 |

|  |  | Sub-Total > | 113,000.00 | (Total of this page) |
|  |  | Total > | 113,000.00 |  |

  0   continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Copyright (c) 1990-2000 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

Case No. _____

In re    Rowena Louise Drennen,
         John Allen Drennen

_____
                    Debtors

## SCHEDULE B. PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Market Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand | | Cash on hand | J | 5.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Blue Ridge Bank Checking account# ▬▬▬▬▬ | J | 103.90 |
| | | US Bank Checking account# ▬▬▬▬▬ | J | 0.32 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | | gas, electric & water | J | 150.00 |

| | | |
|---|---|---|
| | Sub-Total > (Total of this page) | 259.22 |

__4__   continuation sheets attached to the Schedule of Personal Property

Copyright (c) 1996-2000 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

Case 04-46476-jwv7    Doc 1    Filed 10/19/04    Entered 10/19/04 12:04:46    Desc Main
Document    Page 8 of 30

In re    Rowena Louise Drennen,    Case No._____
John Allen Drennen,

Debtors

## SCHEDULE B. PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Market Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | Beds $100 Dressers $60 Linens $20 TV $130 Radio / Stereo/ Tape / CD Player $60 VCR / DVD Player $50 CD / DVD / VHS Recordings $200 Answering / Fax Machine $20 Computer/Laptop $100 Telephone $10 Cellular Phone $20 Video Camera $100 TV / Computer Game Equipment $50 Dishwasher $80 Stove $60 Refrigerator $200 Microwave $50 Small Appliances $100 Pots/Pans/Dishes $10 Silverware $5 Dinette Set $10 Sofa $100 Lamps $20 Occasional Tables $20 Mirrors $10 Desk/ Computer Table $10 Bookcase $10 Washer / Dryer $260 Vacuum $20 Tools $100 Plants $20 Lawn Equipment $50 Garden Equipment $50 Patio Furniture $30 Barbeque Equipment $50 | J | 2,145.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | cd's pool table | J | 550.00 |
| 6. Wearing apparel. | | Clothing | J | 200.00 |
| 7. Furs and jewelry. | | Jewelry: Wedding ring | J | 500.00 |
| | | costume jewelry | J | 20.00 |

Sub-Total > 3,415.00
(Total of this page)

Sheet __1__ of __4__ continuation sheets attached
to the Schedule of Personal Property

Copyright (c) 1990-2000 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-0037        Best Case Bankruptcy

Case 04-46476-jwv7    Doc 1    Filed 10/19/04    Entered 10/19/04 12:04:46    Desc Main
Document    Page 9 of 30

In re   Rowena Louise Drennen,                                       Case No. _____
John Allen Drennen,
_____
Debtors

## SCHEDULE B. PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Market Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 8. Firearms and sports, photographic, and other hobby equipment. | | Camera | J | 60.00 |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | Farmers New World Life PO Box 960 Mercer Island, WA 98040 Whole life policy - cash value = $860.79 no existing loan | J | 0.00 |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | X | | | |
| 12. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 13. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 14. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 15. Accounts receivable. | X | | | |
| 16. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 17. Other liquidated debts owing debtor including tax refunds. Give particulars. | | anticipated 2004 tax refund | J | 3,146.00 |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |

Sub-Total >                3,198.00
(Total of this page)

Sheet  2  of  4  continuation sheets attached
to the Schedule of Personal Property

Copyright (c) 1996-2000 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

In re    Rowana Louise Drennen,    Case No._____
         John Allen Drennen

         Debtors

## SCHEDULE B. PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Market Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 19. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 21. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 23. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2004 Ford Escape | J | 17,300.00 |
| | | 1995 Mercury Mystique | J | 2,000.00 |
| | | 2004 Special Construct Motorcycle bike is disassembled, inoperable needs mechanical work | J | 5,000.00 |
| 24. Boats, motors, and accessories. | X | | | |
| 25. Aircraft and accessories. | X | | | |
| 26. Office equipment, furnishings, and supplies. | X | | | |
| 27. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 28. Inventory. | X | | | |
| 29. Animals. | X | | | |

Sub-Total >          24,300.00
(Total of this page)

Sheet __3__ of __4__ continuation sheets attached
to the Schedule of Personal Property

Copyright (c) 1996-2000 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037          Best Case Bankruptcy

In re    Rowena Louise Drennen,    Case No. _____
         John Allen Drennen

_____,
                          Debtors

## SCHEDULE B. PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Market Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 30. Crops - growing or harvested. Give particulars. | X | | | |
| 31. Farming equipment and implements. | X | | | |
| 32. Farm supplies, chemicals, and feed. | X | | | |
| 33. Other personal property of any kind not already listed. | X | | | |

|  |  |
|---|---|
| Sub-Total > (Total of this page) | 0.00 |
| Total > | 31,169.22 |

(Report also on Summary of Schedules)

Sheet __4__ of __4__ continuation sheets attached
to the Schedule of Personal Property

Copyright (c) 1996-2000 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

Case 04-46476-jwv7   Doc 1   Filed 10/19/04   Entered 10/19/04 12:04:46   Desc Main Document   Page 12 of 30

In re   Rowena Louise Drennen,
John Allen Drennen

Case No._____

Debtors

## SCHEDULE C. PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemptions to which debtor is entitled under:
[Check one box]
☐ 11 U.S.C. §522(b)(1):   Exemptions provided in 11 U.S.C. §522(d). Note: These exemptions are available only in certain states.
■ 11 U.S.C. §522(b)(2):   Exemptions available under applicable nonbankruptcy federal laws, state or local law where the debtor's domicile has been located for the 180 days immediately preceding the filing of the petition, or for a longer portion of the 180-day period than in any other place, and the debtor's interest as a tenant by the entirety or joint tenant to the extent the interest is exempt from process under applicable nonbankruptcy law.

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Market Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Real Property**<br>2703 N Bellefontaine<br>KCMO 64117 | RSMo § 513.475 | 15,000.00 | 113,000.00 |
| **Cash on Hand**<br>Cash on hand | RSMo § 513.430(3) | 5.00 | 5.00 |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit**<br>US Bank<br>Checking account# ▬▬▬▬▬ | RSMo § 513.430(3) | 0.00 | 0.32 |
| **Household Goods and Furnishings**<br>Beds    $100<br>Dressers    $60<br>Linens    $20<br>TV  $130<br>Radio / Stereo/ Tape / CD Player  $50<br>VCR / DVD Player  $60<br>CD / DVD / VHS Recordings  $200<br>Answering / Fax Machine    $20<br>Computer/Laptop  $100<br>Telephone    $10<br>Cellular Phone    $20<br>Video Camera    $100<br>TV / Computer Game Equipment  $50<br>Dishwasher  $80<br>Stove   $60<br>Refrigerator  $200<br>Microwave    $50<br>Small Appliances  $100<br>Pots/Pans/Dishes  $10<br>Silverware    $5<br>Dinette Set    $10<br>Sofa    $100<br>Lamps  $20<br>Occasional Tables $20<br>Mirrors  $10<br>Desk/ Computer Table  $10<br>Bookcase    $10<br>Washer / Dryer    $250<br>Vacuum $20<br>Tools    $100<br>Plants    $20<br>Lawn Equipment  $50<br>Garden Equipment$50<br>Patio Furniture    $30<br>Barbeque Equipment    $50 | RSMo § 513.430(1) | 2,145.00 | 2,145.00 |

<u>   1   </u> continuation sheets attached to Schedule of Property Claimed as Exempt

Copyright (c) 1996-2000 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

12-12020-mg    Doc 2338-6    Filed 12/03/12    Entered 12/03/12 19:42:05    Exhibits 21
25    Pg 32 of 144
Case 2:03-cv-00425-GLL    Document 521-6    Filed 11/08/11    Page 18 of 44

Case 04-46476-jwv7    Doc 1    Filed 10/19/04    Entered 10/19/04 12:04:46    Desc Main
Document    Page 13 of 30

In re    Rowena Louise Drennen,          Case No. _____
         John Allen Drennen

                                    Debtors

## SCHEDULE C. PROPERTY CLAIMED AS EXEMPT
### (Continuation Sheet)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Market Value of Property Without Deducting Exemption |
|---|---|---|---|
| Books, Pictures and Other Art Objects; Collectibles cd's pool table | RSMo § 513.430(1) | 550.00 | 550.00 |
| Wearing Apparel Clothing | RSMo § 513.430(1) | 200.00 | 200.00 |
| Furs and Jewelry Jewelry: Wedding ring | RSMo § 513.430(2) | 500.00 | 500.00 |
| costume jewelry | RSMo § 513.430(2) | 20.00 | 20.00 |
| Firearms and Sports, Photographic and Other Hobby Equipment Camera | RSMo § 513.430(1) | 50.00 | 50.00 |
| Interests in Insurance Policies Farmers New World Life PO Box 960 Mercer Island, WA 98040 Whole life policy - cash value = $860.79 no existing loan | RSMo § 513.430(7) | 0.00 | 0.00 |
| Other Liquidated Debts Owing Debtor Including Tax Refund anticipated 2004 tax refund | RSMo § 513.440 RSMo § 513.430(3) | 1,950.00 1,195.00 | 3,145.00 |
| Automobiles, Trucks, Trailers, and Other Vehicles 2004 Special Construct Motorcycle bike is disassembled, inoperable needs mechanical work | RSMo § 513.430(5) | 5,000.00 | 5,000.00 |

Sheet __1__ of __1__ continuation sheets attached to the Schedule of Property Claimed as Exempt

Copyright (c) 1993-2000 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                Best Case Bankruptcy

Case 04-46476-jwv7    Doc 1    Filed 10/19/04    Entered 10/19/04 12:04:46    Desc Main Document    Page 14 of 30

In re    Rowena Louise Drennen,    Case No. _____
         John Allen Drennen,

                                          Debtors

## SCHEDULE D. CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding claims secured by property of the debtor as of the date of filing of the petition. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests. List creditors in alphabetical order to the extent practicable. If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS, INCLUDING ZIP CODE | CODEBTOR | HWJC Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. ▮▮▮▮▮▮▮▮ American General Finance 6435 N. Prospect Ave., Ste. 220 Gladstone, MO 64119 | | J | 12/2003 Automobile Lien on Title 1995 Mercury Mystique ▮▮▮▮▮▮▮▮▮▮ Value $ 2,000.00 | | | | 3,886.00 | 1,886.00 |
| Account No. ▮▮▮▮▮▮▮▮ Ford Motor Credit PO Box 152271 Irving, TX 75016-2271 | | J | 10/2003 Automobile Lien on Title 2004 Ford Escape ▮▮▮▮▮▮▮▮▮▮ Value $ 17,300.00 | | | | 24,675.43 | 7,375.43 |
| Account No. ▮▮▮▮▮▮▮▮ Homecomings Financial PO Box 650515 Dallas, TX 75265 | | J | 06/2002 Second Mortgage 2703 N Bellefontaine KCMO 64117 Value $ 113,000.00 | | | | 46,547.37 | 0.00 |
| Account No. ▮▮▮▮▮▮ James B Nutter PO Box 419404 Kansas City, MO 64141-6404 | | J | 10/1997 First Mortgage 2703 N Bellefontaine KCMO 64117 Value $ 113,000.00 | | | | 64,846.00 | 0.00 |
| | | | Subtotal (Total of this page) | | | | 139,954.80 | |
| | | | Total (Report on Summary of Schedules) | | | | 139,954.80 | |

_0_  continuation sheets attached

12-12020-mg   Doc 2338-6   Filed 12/03/12   Entered 12/03/12 19:42:05   Exhibits 21
- 25   Pg 34 of 144
Case 2:03-cv-00425-GLL   Document 521-6   Filed 11/08/11   Page 20 of 44

Case 04-46476-jwv7   Doc 1   Filed 10/19/04   Entered 10/19/04 12:04:46   Desc Main
Document   Page 15 of 30

In re    Rowena Louise Drennen,          Case No._____
         John Allen Drennen
                                         ,
                                    Debtors

# SCHEDULE E. CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name and mailing address, including zip code, and account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of this petition.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Repeat this total also on the Summary of Schedules.

■ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐ Extensions of credit in an involuntary case
   Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(2).

☐ Wages, salaries, and commissions
   Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $4,650* per person earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, which ever occurred first, to the extent provided in 11 U.S.C. § 507 (a)(3).

☐ Contributions to employee benefit plans
   Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ Certain farmers and fishermen
   Claims of certain farmers and fishermen, up to $4,650* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(5).

☐ Deposits by individuals
   Claims of individuals up to $2,100* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(6).

☐ Alimony, Maintenance, or Support
   Claims of a spouse, former spouse, or child of the debtor for alimony, maintenance, or support, to the extent provided in 11 U.S.C. § 507(a)(7).

☐ Taxes and Certain Other Debts Owed to Governmental Units
   Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ Commitments to Maintain the Capital of an Insured Depository Institution
   Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507(a)(9).

*Amounts are subject to adjustment on April 1, 2004, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

___0___  continuation sheets attached

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

Case 04-46476-jwv7   Doc 1   Filed 10/19/04   Entered 10/19/04 12:04:46   Desc Main
Document   Page 16 of 30

In re    Rowena Louise Drennen,                                    Case No._____
         John Allen Drennen

                                                    Debtors

## SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | |
| Account No. ~~████████████~~ | | | | 07/2004 credit card | | | | |
| Chase Mastercard PO Box 52184 Phoenix, AZ 85072 | | J | | | | | | 2,705.83 |
| Account No. ~~████████████~~ | | | | 07/2004 credit card | | | | |
| Citi Platinum Select PO Box 0000 The Lakes, NV 89163 | | J | | | | | | 8,911.66 |
| Account No. ~~████████████~~ | | | | 11/2003 credit card | | | | |
| Gap PO Box 530993 Atlanta, GA 30353 | | J | | | | | | 246.67 |
| Account No. ~~████████████~~ | | | | 07/2004 credit card | | | | |
| Home Depot Credit Services PO Box 6023 The Lakes, NV 88901-6023 | | J | | | | | | 1,755.23 |
| _1_  continuation sheets attached | | | | | | Subtotal (Total of this page) | | 13,619.39 |

Copyright (c) 1996-2000 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037
S/N 20601   Best Case Bankruptcy

In re    Rowena Louise Drennen,                          Case No. _____
         John Allen Drennen

_____
                                Debtors

## SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | C O D E B T O R | Husband, Wife, Joint, or Community | | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W | J | C | | | | | |
| Account No. ████████████ <br><br> Providian <br> Providian Processing Services <br> PO Box 660487 <br> Dallas, TX 75266 | | | | J | | 07/2004 <br> credit card | | | | 8,348.49 |
| Account No. ████████████ <br><br> State Farm Insurance Company <br> PO Box 139 <br> Orrick, MO 64077 | | | | J | | 11/1994 <br> car accident reimbursement | | | | 6,147.99 |
| Account No. ████████████ <br><br> Target <br> PO Box 59317 <br> Minneapolis, MN 55459 | | | | J | | 2004 <br> credit card includes additional accounts ████ | | | | 5,130.82 |
| Account No. | | | | | | | | | | |
| Account No. | | | | | | | | | | |

Sheet no. __1__ of __1__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

| | | |
|---|---|---|
| Subtotal <br> (Total of this page) | | 19,627.30 |
| Total <br> (Report on Summary of Schedules) | | 33,246.69 |

Copyright (c) 1990-2000 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

In re   Rowena Louise Drennen,   Case No. _____
John Allen Drennen

_____
                    Debtors

## SCHEDULE G. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described.

NOTE:   A party listed on this schedule will not receive notice of the filing of this case unless the party is also scheduled in the appropriate schedule of creditors.

☐ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| T-Mobile<br>PO Box 790047<br>Saint Louis, MO 63179-0047 | cell phone<br>assume |

___0___   continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Copyright (c) 1996-2000 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

In re    Rowena Louise Drennen,                                         Case No._____
John Allen Drennen
_____,
Debtors

## SCHEDULE H. CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. In community property states, a married debtor not filing a joint case should report the name and address of the nondebtor spouse on this schedule. Include all names used by the nondebtor spouse during the six years immediately preceding the commencement of this case.

■ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|

    0    continuation sheets attached to Schedule of Codebtors

Copyright (c) 1993-2000 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

In re     Rowena Louise Drennen,
          John Allen Drennen,                                          Case No. _____

_____
                                Debtors

# SCHEDULE I. CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in a chapter 12 or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| | NAMES | AGE | RELATIONSHIP |
| **Married** | Daughter<br>Son | 21 months<br>3.5 years | daughter<br>son |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | Senior Store Manager 2 | Auto Worker |
| Name of Employer | GNC | Ford Motor Company |
| How long employed | 10 years | 1.5 years |
| Address of Employer | 2122 Independence Center<br>Independence, MO 64057-0000 | 69 Highway<br>Claycomo, MO 64119-0000 |

| | | DEBTOR | SPOUSE |
|---|---|---|---|
| INCOME: (Estimate of average monthly income) | | | |
| Current monthly gross wages, salary, and commissions (pro rate if not paid monthly) | | $ 3,228.00 | $ 3,960.00 |
| Estimated monthly overtime | | $ 0.00 | $ 0.00 |
| SUBTOTAL | | $ 3,228.00 | $ 3,960.00 |
| LESS PAYROLL DEDUCTIONS | | | |
| a. Payroll taxes and social security | | $ 742.00 | $ 1,152.00 |
| b. Insurance | | $ 104.00 | $ 0.00 |
| c. Union dues | | $ 0.00 | $ 87.00 |
| d. Other (Specify) | | $ 0.00 | $ 0.00 |
| | | $ 0.00 | $ 0.00 |
| SUBTOTAL OF PAYROLL DEDUCTIONS | | $ 846.00 | $ 1,239.00 |
| TOTAL NET MONTHLY TAKE HOME PAY | | $ 2,382.00 | $ 2,721.00 |
| Regular income from operation of business or profession or farm (attach detailed statement) | | $ 0.00 | $ 0.00 |
| Income from real property | | $ 0.00 | $ 0.00 |
| Interest and dividends | | $ 0.00 | $ 0.00 |
| Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | | $ 0.00 | $ 0.00 |
| Social security or other government assistance (Specify) | | $ 0.00 | $ 0.00 |
| | | $ 0.00 | $ 0.00 |
| Pension or retirement income | | $ 0.00 | $ 0.00 |
| Other monthly income (Specify) | | $ 0.00 | $ 0.00 |
| | | $ 0.00 | $ 0.00 |
| TOTAL MONTHLY INCOME | | $ 2,382.00 | $ 2,721.00 |

TOTAL COMBINED MONTHLY INCOME    $ ____5,103.00____

(Report also on Summary of Schedules)

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:

In re   Rowena Louise Drennen,
       John Allen Drennen

Case No. _____

Debtors

# SCHEDULE J. CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family. Pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---|
| Rent or home mortgage payment (include lot rented for mobile home) | $ 648.00 |
| Are real estate taxes included? Yes X No ___ | |
| Is property insurance included? Yes X No ___ | |
| Utilities: Electricity and heating fuel | $ 40.00 |
|     Water and sewer | $ 60.00 |
|     Telephone | $ 130.00 |
|     Other  cable, cell phone | $ 75.00 |
| Home maintenance (repairs and upkeep) | $ 600.00 |
| Food | $ 85.00 |
| Clothing | $ 40.00 |
| Laundry and dry cleaning | $ 60.00 |
| Medical and dental expenses | $ 350.00 |
| Transportation (not including car payments) | $ 75.00 |
| Recreation, clubs and entertainment, newspapers, magazines, etc. | $ 0.00 |
| Charitable contributions | |
| Insurance (not deducted from wages or included in home mortgage payments) | $ 0.00 |
|     Homeowner's or renter's | $ 25.00 |
|     Life | $ 0.00 |
|     Health | $ 92.00 |
|     Auto | $ 0.00 |
|     Other | |
| Taxes (not deducted from wages or included in home mortgage payments) | $ 65.00 |
|     (Specify)  personal property | |
| Installment payments: (In chapter 12 and 13 cases, do not list payments to be included in the plan.) | $ 478.00 |
|     Auto | $ 65.00 |
|     Other  personal hygiene & grooming | $ 75.00 |
|     Other  kids' extracurricular activities/school activities | $ 840.00 |
|     Other  second mortgage | $ 0.00 |
| Alimony, maintenance, and support paid to others | $ 0.00 |
| Payments for support of additional dependents not living at your home | $ 0.00 |
| Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ 1,080.00 |
| Other  Preschool & Daycare | $ 150.00 |
| Other  pets- includes vet bills, food, vaccines | $ 60.00 |
| **TOTAL MONTHLY EXPENSES** (Report also on Summary of Schedules) | **$ 5,013.00** |

[FOR CHAPTER 12 AND 13 DEBTORS ONLY]
Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at some other regular interval.

| | |
|---|---|
| A. Total projected monthly income | $ N/A |
| B. Total projected monthly expenses | $ N/A |
| C. Excess income (A minus B) | $ N/A |
| D. Total amount to be paid into plan each ___ (interval) | |

**United States Bankruptcy Court**
Western District of Missouri

In re    Rowena Louise Drennen
John Allen Drennen

Debtor(s)

Case No.
Chapter    7

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __17__ sheets *(total shown on summary page plus 1)*, and that they are true and correct to the best of my knowledge, information, and belief.

Date  October 19, 2004          Signature  /s/ Rowena Louise Drennen
                                           Rowena Louise Drennen
                                           Debtor

Date  October 19, 2004          Signature  /s/ John Allen Drennen
                                           John Allen Drennen
                                           Joint Debtor

*Penalty for making a false statement or concealing property:*  Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

Software Copyright (c) 1996-2001 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

Form 7
(9/00)

# United States Bankruptcy Court
## Western District of Missouri

In re    Rowena Louise Drennen
         John Allen Drennen
                                                    Case No. _____
                                          Debtor(s)    Chapter    7

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. If the answer to an applicable question is "None," mark the box labeled "None." If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

1. Income from employment or operation of business

None
☐    State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE (if more than one) |
|--------|---------------------------|
| $38,196.00 | wife employment 2002 |
| $34,822.00 | wife employment 2003 |
| $33,067.30 | wife employment YTD 2004 |
| $41,835.00 | husband employment 2002 |
| $36,305.00 | husband employment 2003 |
| $36,600.00 | husband employment YTD 2004 |

2

**2. Income other than from employment or operation of business**

None ■ State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                    SOURCE

**3. Payments to creditors**

None ☐ a. List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within 90 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| Providian<br>PO Box 660487<br>San Antonio, TX 78266 | 08/30/04 | $763.00 | $8,348.49 |
| Citi Cards<br>PO Box 6000<br>The Lakes, NV 88103-6000 | 09/13/04 | $894.66 | $8,786.87 |

None ■ b. List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None ■ a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

None ■ b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**5. Repossessions, foreclosures and returns**

None ■ List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

12-12020-mg    Doc 2338-6    Filed 12/03/12    Entered 12/03/12 19:42:05    Exhibits 21 - 25    Pg 44 of 144
Case 2:03-cv-00425-GLL    Document 521-6    Filed 11/08/11    Page 30 of 44

Case 04-46476-jwv7    Doc 1    Filed 10/19/04    Entered 10/19/04 12:04:46    Desc Main
Document    Page 25 of 30

3

**6. Assignments and receiverships**

None ☒ a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None ☒ b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

**7. Gifts**

None ☒ List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

**8. Losses**

None ☐ List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|
| Deck Value = $1000 | Chimania broke on the bottom and set the deck on fire Insurance paid $788 for replacement $1000 deductible | 12/2003 |

**9. Payments related to debt counseling or bankruptcy**

None ☐ List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Law Offices of David M. Gleason 2900 NE 60th Street Suite 100 Kansas City, MO 64119 | 9/22/04 | $241.00 |

4

### 10. Other transfers

None ■

List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

### 11. Closed financial accounts

None ☐

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE AND NUMBER OF ACCOUNT AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| Blue Ridge Bank & Trust<br>4200 Blue Ridge Blvd<br>Kansas City, MO | Checking<br>Account#▬▬▬▬▬<br>Final Balance = 0 | Date of Closing = 07/2004 |

### 12. Safe deposit boxes

None ■

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

### 13. Setoffs

None ■

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

### 14. Property held for another person

None ■

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

### 15. Prior address of debtor

None ■

If the debtor has moved within the two years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

5

**16. Spouses and Former Spouses**

None ☒  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the six-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None ☒  a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ☒  b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ☒  c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

**18 . Nature, location and name of business**

None ☒  a. If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the six years immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

| NAME | TAXPAYER I.D. NUMBER | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|

Best Case Bankruptcy

6

None ☒    b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME    ADDRESS

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within the six years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or otherwise self-employed.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within the six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

### 19. Books, records and financial statements

None ☒    a. List all bookkeepers and accountants who within the two years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS    DATES SERVICES RENDERED

None ☒    b. List all firms or individuals who within the two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

NAME    ADDRESS    DATES SERVICES RENDERED

None ☒    c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME    ADDRESS

None ☒    d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the two years immediately preceding the commencement of this case by the debtor.

NAME AND ADDRESS    DATE ISSUED

### 20. Inventories

None ☒    a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

DATE OF INVENTORY    INVENTORY SUPERVISOR    DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis)

None ☒    b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

DATE OF INVENTORY    NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS

### 21. Current Partners, Officers, Directors and Shareholders

None ☒    a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

NAME AND ADDRESS    NATURE OF INTEREST    PERCENTAGE OF INTEREST

7

| None ☒ | b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation. |
|---|---|

| | | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| NAME AND ADDRESS | TITLE | |

**22 . Former partners, officers, directors and shareholders**

| None ☒ | a. If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case. |
|---|---|

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

| None ☒ | b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case. |
|---|---|

| | TITLE | DATE OF TERMINATION |
|---|---|---|
| NAME AND ADDRESS | | |

**23 . Withdrawals from a partnership or distributions by a corporation**

| None ■ | If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case. |
|---|---|

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**24. Tax Consolidation Group.**

| None ☒ | If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within the six-year period immediately preceding the commencement of the case. |
|---|---|

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER |
|---|---|

**25. Pension Funds.**

| None ☒ | If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within the six-year period immediately preceding the commencement of the case. |
|---|---|

| NAME OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER |
|---|---|

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date __October 19, 2004__          Signature __/s/ Rowena Louise Drennen__
                                                  Rowena Louise Drennen
                                                  Debtor

Date __October 19, 2004__          Signature __/s/ John Allan Drennen__
                                                  John Allan Drennen
                                                  Joint Debtor

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

## United States Bankruptcy Court
### Western District of Missouri

In re   Rowena Louise Drennen,
John Allen Drennen

Case No._____

_____,
Debtors

Chapter_____7

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

1. I have filed a schedule of assets and liabilities which includes consumer debts secured by property of the estate.

2. I intend to do the following with respect to the property of the estate which secures those consumer debts:

   a. *Property to Be Surrendered.*

   Description of Property

   1. 1995 Mercury Mystique

   Creditor's name

   American General Finance

   b. *Property to Be Retained.*

| Description of property | Creditor's name | Property is claimed as exempt | Property will be redeemed pursuant to 11 U.S.C. § 722 | Debt will be reaffirmed pursuant to 11 U.S.C. § 524(c) |
|---|---|---|---|---|
| 1. 2004 Ford Escape | Ford Motor Credit | | | X |
| 2. 2703 N Bellefontaine KCMO 64117 | Homecomings Financial | | | X |
| 3. 2703 N Bellefontaine KCMO 64117 | James B Nutter | | | X |

Date___October 19, 2004_____

Signature /s/ Rowena Louise Drennen
Rowena Louise Drennen
Debtor

Date___October 19, 2004_____

Signature /s/ John Allen Drennen
John Allen Drennen
Joint Debtor

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

In Re:

JOHN DRENNEN
ROWENA DRENNEN                          Chapter 7

                                        Case No. 04-46476

MOTION TO VOLUNTARILY DISMISS CASE

COME NOW Debtors, by and through their counsel of record, Jason R. Ballard, of

Northland Legal, and state as follows:

1.    Debtors seek to voluntarily dismiss their Chapter 7 bankruptcy case.

WHEREFORE, Debtors pray that this Court enter an Order of Voluntary Dismissal and grant

such other and further relief as this Court deems just and equitable.

Respectfully submitted,

NORTHLAND LEGAL

/s/ David M. Gleason

DAVID M. GLEASON #53186
2900 NE 60th Street, Suite 100
Kansas City, MO 64119
(816) 455-4200 fax: 455-5362

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

In Re:

JOHN DRENNEN
ROWENA DRENNEN                          Chapter 7

Case No. 04-46476

## MOTION TO VOLUNTARILY DISMISS CASE

COME NOW Debtors, by and through their counsel of record, Jason R. Ballard, of

Northland Legal, and state as follows:

1.      Debtors seek to voluntarily dismiss their Chapter 7 bankruptcy case.

WHEREFORE, Debtors pray that this Court enter an Order of Voluntary Dismissal and grant

such other and further relief as this Court deems just and equitable.


Respectfully submitted,

NORTHLAND LEGAL

/s/ David M. Gleason

DAVID M. GLEASON #53186
2900 NE 60th Street, Suite 100
Kansas City, MO 64119
(816) 455-4200 fax: 455-5362

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI

In Re:                                  )
                                        )
ROWENA LOUISE DRENNEN and               )        Case No. 04-46476-JWV-7
JOHN ALLEN DRENNEN,                     )
                                        )
                        Debtors.        )

## TRUSTEE'S OBJECTION TO DEBTORS' MOTION TO DISMISS

**COMES NOW**, Janice E. Stanton, Chapter 7 Trustee, and for her Objection to the Debtors' Motion to Dismiss, respectfully states and alleges as follows:

1. On October 19, 2004, ROWENA LOUISE DRENNEN and JOHN ALLEN DRENNEN filed their joint Voluntary Petition for relief under *Chapter 7 of Title 11* of the *United States Bankruptcy Code* (the "Petition Date").

2. On the Petition Date, Janice E. Stanton was duly appointed as the Chapter 7 Trustee herein.

3. On November 16, 2004, the Trustee conducted a § 341 Meeting of Creditors in this case and examined the Debtors under oath.

4. The Debtors' testimony at the § 341 Meeting of Creditors and their Schedules and Statements filed on the Petition Date reflect that there may be non-exempt property available for administration through the Chapter 7 bankruptcy estate for the benefit of creditors.

1

12-12020-mg    Doc 2338-6    Filed 12/03/12    Entered 12/03/12 19:42:05    Exhibits 21
25    Pg 53 of 144
Case 2:03-cv-00425-GLL    Document 521-6    Filed 11/08/11    Page 39 of 44

Case 04-46476-jwv7    Doc 10    Filed 01/12/05    Entered 01/12/05 13:30:47    Desc Main
Document    Page 2 of 3

5.    The Trustee believes that the Debtors' Motion to Dismiss filed on December 22, 2004, may be a direct result of the Trustee's attempts to further investigate and document the assets of the Debtors.

6.    Additionally, in their Motion to Dismiss, the Debtors provide no reason as to why they are now seeking a voluntary dismissal of the Chapter 7 proceeding.

7.    If this Chapter 7 case is dismissed, the Debtors will be under no obligation to liquidate their non-exempt assets to pay creditors. Accordingly, it is in the best interest of creditors of this bankruptcy estate that this case not be dismissed at this time in order that the Trustee may continue with her investigation and liquidation of assets for the benefit of the bankruptcy estate.

**WHEREFORE**, Janice E. Stanton, Chapter 7 Trustee, respectfully requests an Order of this Court denying the Debtors' Motion to Dismiss and for such other and further orders as the Court deems just and proper under the circumstances.

Respectfully submitted,

/s/    _Janice E. Stanton_
JANICE E. STANTON, MO. BAR NO. 34055
Chapter 7 Trustee
104 West 9th Street, Suite 303
Kansas City, Missouri 64105
Telephone: 816/421-7770
Facsimile: 816/421-7773

12-12020-mg    Doc 2338-6    Filed 12/03/12    Entered 12/03/12 19:42:05    Exhibits 21
25    Pg 54 of 144
Case 2:03-cv-00425-GLL    Document 521-6    Filed 11/08/11    Page 40 of 44

Case 04-46476-jwv7    Doc 10    Filed 01/12/05    Entered 01/12/05 13:30:47    Desc Main
Document    Page 3 of 3

### CERTIFICATE OF SERVICE

    I, JANICE E. STANTON, hereby certify that on this 12th day of January, 2005, the above and foregoing Objection was filed electronically with the Clerk of the United States Bankruptcy Court for the Western District of Missouri and notice of this filing was served electronically by the Clerk of the Bankruptcy Court to parties of interest registered on the ECF system, and a duplicate copy was deposited in the United States mail, via first-class postage prepaid to the following:

Office of the United States Trustee
CHARLES EVANS WHITTAKER
UNITED STATES COURTHOUSE
400 East 9th Street, Room 3440
Kansas City, MO  64106

David M. Gleason
2900 NE 60th Street
Suite 100
Kansas City, MO  64119
Attorney for Debtors

Rowena Louise Drennen &
John Allen Drennen
2703 N Bellefontaine
Kansas City, MO 64117

                    /s/ Janice E. Stanton
                    JANICE E. STANTON
                    Chapter 7 Trustee

12-12020-mg   Doc 2338-6   Filed 12/03/12   Entered 12/03/12 19:42:05   Exhibits 21
25   Pg 55 of 144
Case 2:03-cv-00425-GLL   Document 521-6   Filed 11/08/11   Page 41 of 44

Case 04-46476-jwv7   Doc 15   Filed 02/02/05   Entered 02/03/05 00:10:29   Desc
Imaged Certificate of Service   Page 1 of 2

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF MISSOURI

FILED

1/31/05

Clerk, U.S. Bankruptcy Court
Western District of Missouri

In Re: Rowena Louise Drennen and John Allen Drennen          )
      Debtor          )
                ) Case No.: 04-46476-jwv
                ) Chapter: 7
                )

### ORDER OF DISMISSAL

On the motion before the court and for good cause shown, it is hereby ORDERED that this proceeding be dismissed without prejudice.

If the debtor owed filing fees at the time of the dismissal, those fees are immediately due and payable.

So ORDERED on 1/31/05 .

Dated: 1/31/05

/s/ Jerry W. Venters

UNITED STATES BANKRUPTCY JUDGE

**BAE SYSTEMS**

# CERTIFICATE OF SERVICE

Enterprise Systems Incorporated
11487 Sunset Hills Road
Reston, Virginia 20190-5234

District/off: 0866-4                User: hinklej              Page 1 of 1            Date Rcvd: Jan 31, 2005
Case: 04-46476                      Form ID: 504               Total Served: 20

The following entities were served by first class mail on Feb 02, 2005.
db          +John Allen Drennen,    2703 N Bellefontaine,   Kansas City, MO 64117-2526
db          +Rowena Louise Drennen,    2703 N Bellefontaine,   Kansas City, MO 64117-2526
aty         +David M. Gleason,    The Law Offices of David M. Gleason,   2900 NE 60th St., Suite 209,
             Kansas City, MO 64119-2091
tr          +Janice E. Stanton,    104 W. 9th St., Ste. 303,   Kansas City, MO 64105-1718
smg          Missouri Department of Revenue,    General Counsel's Office,    PO Box 475,
             Jefferson City, MO 65105-0475
ust         +U.S. Trustee's Office,    400 East 9th Street, Rm 3440,   Kansas City, MO 64106-2625
intp        +US Trustee Office,    400 E. 9th Street Room 3440,   Kansas City, MO 64106-9997
10981894    +American General Finance,    6435 N. Prospect Ave., Ste. 220,   Gladstone MO 64119-1545
10981895    +Chase Mastercard,    PO Box 52194,   Phoenix AZ 85072-2194
10981896    +Citi Platinum Select,    PO Box 6000,   The Lakes NV 89163-0001
10981897     Ford Motor Credit,    PO Box 152271,   Irving TX 75015-2271
10981898    +Gap,   PO Box 530093,    Atlanta GA 30353-0093
10981899     Home Depot Credit Services,    PO Box 6028,   The Lakes NV 88901-6028
10981900    +Home Depot Credit Services,    Processing Center,   Des Moines IA 50364-0001
10981901    +Homecomings Financial,    PO Box 650515,   Dallas TX 75265-0515
10981902     James B Hutter,    PO Box 415404,   Kansas City MO 64141-5404
10981903    +Marilyn Boseman,    PO Box 139,   Orrick MO 64077-0139
10981904    +Providian,    Providian Processing Services,    PO Box 660437,   Dallas TX 75266-0487
10981905    +State Farm Insurance Company,    PO Box 139,   Orrick MO 64077-0139
10981906    +Target,    PO Box 59317,   Minneapolis MN 55459-0317

The following entities were served by electronic transmission.                      TOTAL: 0
NONE.

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
ust*        +U.S. Trustee's Office,    400 East 9th Street, Rm 3440,   Kansas City, MO 64106-2625
ust*        +U.S. Trustee's Office,    400 East 9th Street, Rm 3440,   Kansas City, MO 64106-2625
                                                                                    TOTALS: 0, * 2

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.

First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Feb 02, 2005                          Signature:   _Joseph Speetjens_

# Western District of Missouri
# Claims Register

### 04-46476-jwv7 Rowena Louise Drennen and John Allen Drennen Closed 02/11/2005,
### Case dismissed 01/31/2005

| | |
|---|---|
| **Judge:** Jerry W. Venters | **Chapter:** 7 |
| **Office:** Kansas City | **Last Date to file claims:** |
| **Trustee:** Janice E. Stanton | **Last Date to file (Govt):** |

| Creditor:      (10981894)<br>American General Finance<br>6435 N. Prospect Ave., Ste. 220<br>Gladstone MO 64119-0000 | Claim No: 1<br>*Original Filed<br>Date:* 11/02/2004<br>*Original Entered<br>Date:* 11/07/2004 | Status:<br>*Filed by:* CR<br>*Entered by:* Anstine, Sandi<br>*Modified:* |
|---|---|---|

Secured claimed: $3752.00
**Total**   claimed: $3752.00

*History:*

| Details | 1-1 | 11/02/2004 | Claim #1 filed by American General Finance, total amount claimed: $3752 (Anstine, Sandi) |
|---|---|---|---|

*Description:*

*Remarks:*

## Claims Register Summary

**Case Name:** Rowena Louise Drennen and John Allen Drennen
**Case Number:** 04-46476-jwv7
**Chapter:** 7
**Date Filed:** 10/19/2004
**Total Number Of Claims:** 1

| | Total Amount Claimed | Total Amount Allowed |
|---|---|---|
| **Unsecured** | | |
| **Secured** | $3752.00 | |
| **Priority** | | |
| **Unknown** | | |
| **Administrative** | | |
| **Total** | $3752.00 | $0.00 |

PACER Service Center

# Exhibit 23 to Declaration

CM/ECF Western Missouri Bankruptcy

Case 2:03-cv-00425-GLL   Document 521-7   Filed 11/08/11   Page 3 of 41

https://ecf.mowb.uscourts.gov/cgi-bin/DktRpt.pl?644362700055659...

**DEC, RND, CLOSED**

## U.S. Bankruptcy Court
## Western District of Missouri (Kansas City)
## Bankruptcy Petition #: 05-45391-jwv7

| | |
|---|---|
| *Assigned to:* Jerry W. Venters | *Date filed:* 08/04/2005 |
| Chapter 7 | *Date terminated:* 11/22/2005 |
| Voluntary | *Date discharged:* 11/10/2005 |
| No asset | |

**Debtor**
Rowena Louise Drennen
834 Walker Court
Kansas City, MO 64068
SSN / ITIN: xxx-xx-~~■■■■■~~
*aka*
Rowena Louise Powers

represented by Susan K. Montee
520 Francis Street
St. Joseph, MO 64501
816-364-1650
Fax : 816-364-1509
Email:
kaoy@northlandlegal.com

*Trustee*
Maureen Scully
P.O. Box 30233
Kansas City, MO 64112
816-868-3039

| Filing Date | # | Docket Text |
|---|---|---|
| 08/04/2005 | 1 | Chapter 7 Voluntary Petition, At Time of Filing - Fee Due of 209.00 dollars,. (Montee, Susan) (Entered: 08/04/2005) |
| 08/04/2005 | 2 | Receipt of Voluntary Petition (Chapter 7)(05-45391) [other,volp7e] ( 209.00) Filing Fee. Receipt Number 2662691, Filing Fee Amount 209.00 dollars (U.S. Treasury) (Entered: 08/04/2005) |
| 08/05/2005 | 3 | First Meeting of Creditors with 341 meeting to be held on 09/09/2005 at 03:00 PM at US Crthouse,Rm 2110B, 400 E. 9th St., Kansas City, MO. Objections for Discharge due by 11/08/2005. Transmitted to the BNC for Service. ( adkt, ) (Entered: 08/05/2005) |
| 08/05/2005 | 4 | Meeting of Creditors AMENDED for noticing purposes only to reflect the Debtor's ALIAS. The 341 meeting date and time remain the same. (Wheeler, Valerie) (Entered: 08/05/2005) |

CM/ECF Western Missouri Bankruptcy          Case 2:03-cv-00425-GLL   Document 521-7   Filed 11/08/11   Page 4 of 41          https://ecf.mowb.uscourts.gov/cgi-bin/DktRpt.pl?644362700055659...

| | | |
|---|---|---|
| 08/07/2005 | 5 | BNC Certificate of Mailing Service Date 08/07/2005. (Related Doc # 4 ) (Admin.) (Entered: 08/08/2005) |
| 08/09/2005 | 6 | Debtor's Declaration Re: Electronic Filing. (Shannon, Kirsten) (Entered: 08/09/2005) |
| 09/11/2005 | 7 | CONTINUED Meeting of Creditors to be held on 10/14/2005 at 03:00 PM at US Crthouse,Rm 2110B, 400 E. 9th St., Kansas City, MO (Scully, Maureen) (Entered: 09/11/2005) |
| 10/13/2005 | 8 | Amended Petition to show *prior bankruptcy filing* filed by Rowena Louise Drennen. (Montee, Susan) (Entered: 10/13/2005) |
| 10/15/2005 | 9 | Trustee's Report of No Distribution: Trustee of this estate reports and certifies that the trustee has performed the duties required of a trustee under 11 U.S.C. 704 and has concluded that there are no assets to administer. First Meeting of Creditors Held and Adjourned. (Scully, Maureen) (Entered: 10/15/2005) |
| 11/10/2005 | 10 | Order Discharging Debtor(s). (Admin.) (Entered: 11/10/2005) |
| 11/16/2005 | 11 | BNC Certificate of Mailing Service Date 11/16/2005. (Related Doc # 10 ) (Admin.) (Entered: 11/17/2005) |
| 11/22/2005 | 12 | Final Decree and Closing Case - The estate of the above named debtor(s) has been fully administered. The Trustee is discharged as trustee of the estate, the bond is cancelled, and this Chapter 7 Bankruptcy Case is Closed. (This is a text entry, no document is attached.) (Admin.) (Entered: 11/22/2005) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 07/11/2011 10:47:53 | | |
| PACER Login: | lp0047 | Client Code: | fdic-gnbt |
| Description: | Docket Report | Search Criteria: | 05-45391-jwv7 Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Format: html |
| Billable Pages: | 1 | Cost: | 0.08 |

(Official Form 1) (12/03)

| FORM B1 | United States Bankruptcy Court<br>Western District of Missouri | Voluntary Petition |
|---|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>*Drennon, Rowena Louise* | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 6 years<br>(include married, maiden, and trade names):<br>*AKA Rowena Louise Powers* | All Other Names used by the Joint Debtor in the last 6 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. No. / Complete EIN or other Tax I.D. No.<br>(if more than one, state all):<br>XX-XX-XXXX | Last four digits of Soc. Sec. No. / Complete EIN or other Tax I.D. No.<br>(if more than one, state all): |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>*834 Walker Court*<br>*Liberty, MO 64068* | Street Address of Joint Debtor (No. & Street, City, State & Zip Code): |
| County of Residence or of the<br>Principal Place of Business:    *Clay* | County of Residence or of the<br>Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): | Mailing Address of Joint Debtor (if different from street address): |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

## Information Regarding the Debtor (Check the Applicable Boxes)

**Venue** (Check any applicable box)
- ☐ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.
- ☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| Type of Debtor (Check all boxes that apply) | | Chapter or Section of Bankruptcy Code Under Which the Petition is Filed (Check one box) | |
|---|---|---|---|
| ☒ Individual(s) | ☐ Railroad | ☒ Chapter 7 | ☐ Chapter 11 ☐ Chapter 13 |
| ☐ Corporation | ☐ Stockbroker | ☐ Chapter 9 | ☐ Chapter 12 |
| ☐ Partnership | ☐ Commodity Broker | ☐ Sec. 304 - Case ancillary to foreign proceeding | |
| ☐ Other_____ | ☐ Clearing Bank | | |

| Nature of Debts (Check one box) | | Filing Fee (Check one box) |
|---|---|---|
| ☒ Consumer/Non-Business | ☐ Business | ☒ Full Filing Fee attached |
| **Chapter 11 Small Business** (Check all boxes that apply) | | ☐ Filing Fee to be paid in installments (Applicable to individuals only.)<br>Must attach signed application for the court's consideration<br>certifying that the debtor is unable to pay fee except in installments.<br>Rule 1006(b). See Official Form No. 3. |
| ☐ Debtor is a small business as defined in 11 U.S.C. § 101 | | |
| ☐ Debtor is and elects to be considered a small business under<br>11 U.S.C. § 1121(e) (Optional) | | |

| Statistical/Administrative Information (Estimates only) | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☒ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

| Estimated Number of Creditors | 1-16 | 16-49 | 60-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|---|
| | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

| Estimated Assets | $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,000,001 to<br>$100 million | More than<br>$100 million |
|---|---|---|---|---|---|---|---|---|
| | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

| Estimated Debts | $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,000,001 to<br>$100 million | More than<br>$100 million |
|---|---|---|---|---|---|---|---|---|
| | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

Official Form 1 (Case No. 05-45391-jwv7    Doc 1    Filed 08/04/05    Entered 08/04/05 11:06:59    Desc Main Document    Page 2 of 3)

| **Voluntary Petition** (This page must be completed and filed in every case) | Name of Debtor(s): Drennen, Rowena Louise | FORM B1, Page 2 |

**Prior Bankruptcy Case Filed Within Last 6 Years** (If more than one, attach additional sheet)

| Location Where Filed: **Western District of Missouri** | Case Number: **92-42987** | Date Filed: **12/14/97** |

**Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet)

| Name of Debtor: **- None -** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

## Signatures

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X __/s/ Rowena Louise Drennen__
Signature of Debtor **Rowena Louise Drennen**

X _____
Signature of Joint Debtor

Telephone Number (If not represented by attorney)
**August 4, 2005**
Date

**Signature of Attorney**
X __/s/ Susan Montee__
Signature of Attorney for Debtor(s)
**Susan Montee 37742**
Printed Name of Attorney for Debtor(s)
**Northland Legal**
Firm Name
**2900 NE 60th Street
Suite 100
Kansas City, MO 64119**
Address
**816-455-4200 Fax: 816-455-6302**
Telephone Number
**August 4, 2005**
Date

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

**Exhibit A**
(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)

☐ Exhibit A is attached and made a part of this petition.

**Exhibit B**
(To be completed if debtor is an individual whose debts are primarily consumer debts)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X __/s/ Susan Montee__    __August 4, 2005__
Signature of Attorney for Debtor(s)    Date
**Susan Montee 37742**

**Exhibit C**
Does the debtor own or have possession of any property that poses a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.
☒ No.

**Signature of Non-Attorney Petition Preparer**
I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____
Printed Name of Bankruptcy Petition Preparer

_____
Social Security Number (Required by 11 U.S.C. § 110(c).)

_____
Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

X _____
Signature of Bankruptcy Petition Preparer

_____
Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.

## United States Bankruptcy Court
### Western District of Missouri

In re  _Rowena Louise Drennen_ 

Debtor(s)

Case No. _____
Chapter _7_

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept........................................................ $ _____600.00_____

   Prior to the filing of this statement I have received.......................................... $ _____600.00_____

   Balance Due....................................................................................................... $ _____0.00_____

2. $ _209.00_ of the filing fee has been paid.

3. The source of the compensation paid to me was:

   ☒ Debtor    ☐ Other (specify):

4. The source of compensation to be paid to me is:

   ☒ Debtor    ☐ Other (specify):

5. ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:
   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]
      _Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods._

7. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
   _Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding._

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:  _August 4, 2005_ 

/s/ Susan Montee
Susan Montee 37742
Northland Legal
2900 NE 60th Street
Suite 100
Kansas City, MO 64119
816-455-4200  Fax: 816-455-5362

## United States Bankruptcy Court
### Western District of Missouri

In re    _Rowena Louise Drennen_ _____    Case No. _____
                                   Debtor(s)            Chapter    _7_ _____

## VERIFICATION OF MAILING MATRIX

The above-named Debtor(s) hereby verifies that the attached list of creditors is true and correct to the best of my knowledge and includes the name and address of my ex-spouse (if any).

Date:  _August 4, 2005_ _____        /s/ Rowena Louise Drennen _____
                                                 _Rowena Louise Drennen_
                                                 Signature of Debtor

## United States Bankruptcy Court
### Western District of Missouri

In re    _Rowena Louise Brennen_ _____    Case No. _____
                                    Debtor

                                                                Chapter _____ 7

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | AMOUNTS SCHEDULED | | |
|---|---|---|---|---|---|
| | | | ASSETS | LIABILITIES | OTHER |
| A. - Real Property | Yes | 1 | 113,000.00 | | |
| B - Personal Property | Yes | 5 | 22,915.51 | | |
| C - Property Claimed as Exempt | Yes | 2 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 136,068.80 | |
| E - Creditors Holding Unsecured Priority Claims | Yes | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 2 | | 33,246.69 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | 5,106.00 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 2 | | | 5,895.00 |
| Total Number of Sheets of ALL Schedules | | 17 | | | |
| Total Assets | | | 135,915.51 | | |
| Total Liabilities | | | | 169,315.49 | |

Case 05-45391-jwv7   Doc 1   Filed 08/04/05   Entered 08/04/05 11:06:59   Desc Main Document   Page 6 of 31

In re   *Rowena Louise Drennen*                                Case No. _____
_____
                    Debtor

## SCHEDULE A. REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. (See Schedule D.) If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Market Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **2703 N Bellefontaine KCMO 64117** | Owner | J | 113,000.00 | 111,393.37 |

|  |  |  |
|---|---|---|
| Sub-Total > | 113,000.00 | (Total of this page) |
| Total > | 113,000.00 |  |

_0_ continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

In re   **Rowena Louise Drennen**                                    Case No. _____
_____
                          Debtor

## SCHEDULE B. PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Market Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1.  Cash on hand | | *Cash on hand* | J | 0.19 |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | *Blue Ridge Bank* *Checking account#* ▓▓▓▓▓▓ | J | 0.00 |
| | | *US Bank* *Checking account#* ▓▓▓▓▓▓▓▓ | J | 0.32 |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | | *gas, electric & water* | J | 150.00 |

|  | Sub-Total > (Total of this page) | 150.51 |
|---|---|---|

___4___   continuation sheets attached to the Schedule of Personal Property

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                    Best Case Bankruptcy

In re    _Rowena Louise Drannen_                                    Case No. _____
                                    Debtor

## SCHEDULE B. PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Market Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | _Beds $100_<br>_Dressers $50_<br>_Linens $20_<br>_TV $130_<br>_Radio / Stereo / Tape / CD Player $50_<br>_VCR / DVD Player $50_<br>_CD / DVD / VHS Recordings $200_<br>_Answering / Fax Machine $20_<br>_Computer/Laptop $100_<br>_Telephone$10_<br>_Cellular Phone $20_<br>_Video Camera $100_<br>_TV / Computer Game Equipment $50_<br>_Dishwasher $80_<br>_Stove$50_<br>_Refrigerator $200_<br>_Microwave $50_<br>_Small Appliances $100_<br>_Pots/Pans/Dishes $10_<br>_Silverware$5_<br>_Dinette Set $10_<br>_Sofa $100_<br>_Lamps $20_<br>_Occasional Tables $20_<br>_Mirrors $10_<br>_Desk/ Computer Table $10_<br>_Bookcase $10_<br>_Washer / Dryer $250_<br>_Vacuum $20_<br>_Tools $100_<br>_Plants $20_<br>_Lawn Equipment $50_<br>_Garden Equipment $50_<br>_Patio Furniture $30_<br>_Barbeque Equipment $50_ | J | 2,145.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | _cd's_<br>_pool table_ | J | 550.00 |
| 6. Wearing apparel. | | _Clothing_ | J | 200.00 |
| 7. Furs and jewelry. | | _Jewelry:_<br>_Wedding ring_ | J | 600.00 |
| | | _costume jewelry_ | J | 20.00 |

                                    Sub-Total >        3,416.00
                                    (Total of this page)

Sheet __1__ of __4__ continuation sheets attached
to the Schedule of Personal Property

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                    Best Case Bankruptcy

In re  Rowena Louisa Drennan                                                         Case No. _____
                                                    Debtor

## SCHEDULE B. PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Market Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 8. Firearms and sports, photographic, and other hobby equipment. | | *Camera* | J | 50.00 |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | *Farmers New World Life PO Box 980 Mercer Island, WA 98040 Whole life policy - cash value = $860.79 no existing loan* | J | 0.00 |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | X | | | |
| 12. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 13. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 14. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 15. Accounts receivable. | X | | | |
| 16. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 17. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |

Sub-Total >     50.00
(Total of this page)

Sheet _2_ of _4_ continuation sheets attached
to the Schedule of Personal Property

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

In re   _Rowena Louise Drennen_      Case No. _____

                                      Debtor

## SCHEDULE B. PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Market Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 19. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 21. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 23. Automobiles, trucks, trailers, and other vehicles and accessories. | | **2004 Ford Escape** | J | 17,300.00 |
| | | **1995 Mercury Mystique** | J | 2,000.00 |
| 24. Boats, motors, and accessories. | X | | | |
| 25. Aircraft and accessories. | X | | | |
| 26. Office equipment, furnishings, and supplies. | X | | | |
| 27. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 28. Inventory. | X | | | |
| 29. Animals. | X | | | |
| 30. Crops - growing or harvested. Give particulars. | X | | | |
| 31. Farming equipment and implements. | X | | | |

                                              Sub-Total >       **19,300.00**
                                        (Total of this page)

Sheet __3__ of __4__ continuation sheets attached
to the Schedule of Personal Property

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

In re    *Rowena Louise Drennon*                                          Case No. _____
                                        Debtor

## SCHEDULE B. PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Market Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 32. Farm supplies, chemicals, and feed. | X | | | |
| 33. Other personal property of any kind not already listed. | X | | | |

|  |  |
|---|---|
| Sub-Total > (Total of this page) | 0.00 |
| Total > | 22,916.51 |

Sheet  _4_  of  _4_  continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                    Best Case Bankruptcy

In re  _Rowena Louise Drennen_ _____ ,  Case No. _____
                                          Debtor

## SCHEDULE C. PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemptions to which debtor is entitled under:
_[Check one box]_
☐ 11 U.S.C. §522(b)(1):  Exemptions provided in 11 U.S.C. §522(d). Note: These exemptions are available only in certain states.
☑ 11 U.S.C. §522(b)(2):  Exemptions available under applicable nonbankruptcy federal laws, state or local law where the debtor's domicile has been located for the 180 days immediately preceding the filing of the petition, or for a longer portion of the 180-day period than in any other place, and the debtor's interest as a tenant by the entirety or joint tenant to the extent the interest is exempt from process under applicable nonbankruptcy law.

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Market Value of Property Without Deducting Exemption |
|---|---|---|---|
| _Real Property_ 2703 N Bellefontaine KCMO 64117 | RSMo § 513.475 | 15,000.00 | 113,000.00 |
| _Cash on Hand_ Cash on hand | RSMo § 513.430(3) | 0.19 | 0.19 |
| _Checking, Savings, or Other Financial Accounts, Certificates of Deposit_ Blue Ridge Bank Checking account# ▇▇▇▇ | RSMo § 513.430(3) | 0.00 | 0.00 |
| US Bank Checking account# ▇▇▇▇ | RSMo § 513.430(3) | 0.00 | 0.32 |
| _Household Goods and Furnishings_ Beds  $100 Dressers  $60 Linens  $20 TV  $130 Radio / Stereo / Tape / CD Player  $50 VCR / DVD Player  $50 CD / DVD / VHS Recordings  $200 Answering / Fax Machine  $20 Computer/Laptop  $100 Telephone  $10 Cellular Phone  $20 Video Camera  $100 TV / Computer Game Equipment  $60 Dishwasher  $60 Stove  $60 Refrigerator  $200 Microwave  $50 Small Appliances  $100 Pots/Pans/Dishes  $10 Silverware  $5 Dinette Set  $10 Sofa  $100 Lamps  $20 Occasional Tables $20 Mirrors  $10 Desk/ Computer Table  $10 Bookcase  $10 Washer / Dryer  $250 Vacuum $20 Tools  $100 Plants  $20 Lawn Equipment  $50 Garden Equipment $50 Patio Furniture  $30 Barbeque Equipment  $50 | RSMo § 513.430(1) | 2,145.00 | 2,145.00 |

___1__ continuation sheets attached to Schedule of Property Claimed as Exempt

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

In re    _Rowena Louise Drennen_ _____    Case No. _____
                                                Debtor

## SCHEDULE C. PROPERTY CLAIMED AS EXEMPT
### (Continuation Sheet)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Market Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Books, Pictures and Other Art Objects; Collectibles** | | | |
| cd's | RSMo § 513.430(1) | 550.00 | 550.00 |
| pool table | | | |
| **Wearing Apparel** | | | |
| Clothing | RSMo § 513.430(1) | 200.00 | 200.00 |
| **Furs and Jewelry** | | | |
| Jewelry: | RSMo § 513.430(2) | 500.00 | 500.00 |
| Wedding ring | | | |
| costume jewelry | RSMo § 513.430(2) | 20.00 | 20.00 |
| **Firearms and Sports, Photographic and Other Hobby Equipment** | | | |
| Camera | RSMo § 513.430(1) | 50.00 | 50.00 |
| **Interests in Insurance Policies** | | | |
| Farmers New World Life | RSMo § 513.430(7) | 0.00 | 0.00 |
| PO Box 960 | | | |
| Mercer Island, WA 98040 | | | |
| Whole life policy - cash value = $860.79 | | | |
| no existing loan | | | |
| **Automobiles, Trucks, Trailers, and Other Vehicles** | | | |
| 2004 Ford Escape | RSMo § 513.430(5) | 3,000.00 | 17,300.00 |

Sheet ___1___ of ___1___ continuation sheets attached to the Schedule of Property Claimed as Exempt

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

Form B6D
(12/03)

Case 05-46391-jwv7    Doc 1    Filed 08/04/05    Entered 08/04/05 11:06:59    Desc Main
Document    Page 14 of 31

In re    Rowena Louise Drennen    Case No. _____
                          Debtor

## SCHEDULE D. CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests. List creditors in alphabetical order to the extent practicable. If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor", include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☐  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W | J/C | | | | | | |
| Account No. XXXXXXXXX | | | | | 10/2003 | | | | | |
| Ford Motor Credit PO Box 152271 Irving, TX 75016-2271 | | | | J | Automobile Lien on Title  2004 Ford Escape | | | | | |
| | | | | | Value $      17,300.00 | | | | 24,876.43 | 7,376.43 |
| Account No. XXXXXXXXX | | | | | 08/2002 | | | | | |
| Homecomings Financial PO Box 850515 Dallas, TX 75285 | | | | J | Second Mortgage  2703 N Bellefontaine KCMO 64117 | | | | | |
| | | | | | Value $     113,000.00 | | | | 46,847.37 | 0.00 |
| Account No. XXXXX | | | | | 10/1997 | | | | | |
| James B Nutter PO Box 419404 Kansas City, MO 64141-6404 | | | | J | First Mortgage  2703 N Bellefontaine KCMO 64117 | | | | | |
| | | | | | Value $     113,000.00 | | | | 64,846.00 | 0.00 |
| Account No. | | | | | | | | | | |
| | | | | | Value $ | | | | | |

0   continuation sheets attached

Subtotal (Total of this page)    136,069.80

Total (Report on Summary of Schedules)    136,069.80

Form B6E
(04/04)

In re    *Rowena Louise Brennan*                                              Case No. _____
                                              Debtor

## SCHEDULE E. CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor", include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether husband, wife, both of them or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Repeat this total also on the Summary of Schedules.

☒ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐ Extensions of credit in an involuntary case

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(2).

☐ Wages, salaries, and commissions

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $4,925* per person earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, which ever occurred first, to the extent provided in 11 U.S.C. § 507 (a)(3).

☐ Contributions to employee benefit plans

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ Certain farmers and fishermen

Claims of certain farmers and fishermen, up to $4,925* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ Deposits by individuals

Claims of individuals up to $2,225* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(6).

☐ Alimony, Maintenance, or Support

Claims of a spouse, former spouse, or child of the debtor for alimony, maintenance, or support, to the extent provided in 11 U.S.C. § 507(a)(7).

☐ Taxes and Certain Other Debts Owed to Governmental Units

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C § 507(a)(8).

☐ Commitments to Maintain the Capital of an Insured Depository Institution

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507(a)(9).

*Amounts are subject to adjustment on April 1, 2007, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

_____0_____  continuation sheets attached

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

Case 2:03-cv-00425-GLL    Document 521-7    Filed 11/08/11    Page 20 of 41

Form B6F
(12/03)

Case 05-45391-jwv7    Doc 1    Filed 08/04/05    Entered 08/04/05 11:06:59    Desc Main Document    Page 16 of 31

In re    _Rowena Louise Drennen_____    Case No. _____
                                         Debtor

## SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor", include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community maybe liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | |
| Account No. ~~████████~~  Chase Mastercard PO Box 52194 Phoenix, AZ 85072 | | J | 07/2004 credit card | | | | 2,705.83 |
| Account No. ~~████████~~  Citi Platinum Select PO Box 6000 The Lakes, NV 89163 | | J | 07/2004 credit card | | | | 8,911.68 |
| Account No. ~~████████~~  Gap PO Box 530993 Atlanta, GA 30353 | | J | 11/2003 credit card | | | | 246.67 |
| Account No. ~~████████~~  Home Depot Credit Services PO Box 6028 The Lakes, NV 88901-6028 | | J | 07/2004 credit card | | | | 1,765.23 |

__1__  continuation sheets attached

Subtotal (Total of this page)    13,619.39

Form B6F - Cont.
(12/03)

In re    Rowena Louise Drennen                                    Case No. _____
                                          Debtor

## SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See Instructions.) | CODEBTOR | Husband, Wife, Joint, or Community H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. ████████████ | | | 07/2004 credit card | | | | |
| Providian Providian Processing Services PO Box 660497 Dallas, TX 75266 | | J | | | | | 8,348.49 |
| Account No. ██████████ | | | 11/1994 car accident reimbursement | | | | |
| State Farm Insurance Company PO Box 139 Orrick, MO 64077 | | J | | | | | 8,147.99 |
| Account No. ████████ | | | 2004 credit card includes additional accounts ████████████████████ | | | | |
| Target PO Box 59317 Minneapolis, MN 55459 | | J | | | | | 5,130.82 |
| Account No. | | | | | | | |
| | | | | | | | |
| Account No. | | | | | | | |
| | | | | | | | |

Sheet no. _1_ of _1_ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

| | | |
|---|---|---|
| Subtotal (Total of this page) | | 19,627.30 |
| Total (Report on Summary of Schedules) | | 33,248.00 |

In re    _Rowena Louise Drannen_____    Case No. _____

    **Debtor**

## SCHEDULE G. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described.

NOTE:    A party listed on this schedule will not receive notice of the filing of this case unless the party is also scheduled in the appropriate schedule of creditors.

☐ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| _Robertson Construction_<br>_Liberty, MO_ | _landlord_<br>_assume_ |
| _T-Mobile_<br>_PO Box 790047_<br>_Saint Louis, MO 63179-0047_ | _cell phone_<br>_assume_ |

___0___ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

In re   *Rowena Louise Drennen*
_____

                              Debtor

Case No. _____

# SCHEDULE H. CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. In community property states, a married debtor not filing a joint case should report the name and address of the nondebtor spouse on this schedule. Include all names used by the nondebtor spouse during the six years immediately preceding the commencement of this case.

■ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
|  |  |

_0_ continuation sheets attached to Schedule of Codebtors

Copyright (c) 1991-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

Form 6I
(1203)

In re   _Rowena Louise Drennen_ _____     Case No. _____
                                          Debtor(s)

## SCHEDULE I. CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in a chapter 12 or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| Separated | RELATIONSHIP<br>daughter<br>son | AGE<br>21 months<br>3.6 years | |

| EMPLOYMENT | DEBTOR | SPOUSE | |
|---|---|---|---|
| Occupation | Senior Store Manager 2 | Auto Worker | |
| Name of Employer | GNC | Ford Motor Company | |
| How long employed | 10 years | 1.5 years | |
| Address of Employer | 2122 Independence Center<br>Independence, MO 64057 | 89 Highway<br>Claycomo, MO 64119 | |

| | | DEBTOR | SPOUSE |
|---|---|---|---|
| INCOME: (Estimate of average monthly income) | | | |
| Current monthly gross wages, salary, and commissions (pro rate if not paid monthly) | | $ 2,986.00 | $ 3,960.00 |
| Estimated monthly overtime | | $ 0.00 | $ 0.00 |
| SUBTOTAL | | $ 2,986.00 | $ 3,960.00 |
| LESS PAYROLL DEDUCTIONS | | | |
| a. Payroll taxes and social security | | $ 742.00 | $ 1,152.00 |
| b. Insurance | | $ 104.00 | $ 0.00 |
| c. Union dues | | $ 0.00 | $ 87.00 |
| d. Other (Specify) _____ | | $ 0.00 | $ 0.00 |
| | | $ 0.00 | $ 0.00 |
| SUBTOTAL OF PAYROLL DEDUCTIONS | | $ 846.00 | $ 1,239.00 |
| TOTAL NET MONTHLY TAKE HOME PAY | | $ 2,140.00 | $ 2,721.00 |
| Regular income from operation of business or profession or farm (attach detailed statement) | | $ 0.00 | $ 0.00 |
| Income from real property | | $ 0.00 | $ 0.00 |
| Interest and dividends | | $ 0.00 | $ 0.00 |
| Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | | $ 0.00 | $ 0.00 |
| Social security or other government assistance | | $ 0.00 | $ 0.00 |
| (Specify) _____ | | $ 0.00 | $ 0.00 |
| Pension or retirement income | | $ 0.00 | $ 0.00 |
| Other monthly income | | | |
| (Specify)   _part time income from Topsy's after taxes_ | | $ 245.00 | $ 0.00 |
| | | $ 0.00 | $ 0.00 |
| TOTAL MONTHLY INCOME | | $ 2,385.00 | $ 2,721.00 |

TOTAL COMBINED MONTHLY INCOME    $ _____ 5,106.00        (Report also on Summary of Schedules)

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:

_debtor is divorcing husband; husband refused to file with debtor_

In re  Rowena Louise Drennen _____     Case No. _____
                                    Debtor(s)

# SCHEDULE J. CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family. Pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

☒  Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | | |
|---|---|---|---:|
| Rent or home mortgage payment (include lot rented for mobile home) | | $ | 825.00 |
| Are real estate taxes included? | Yes  X   No ___ | | |
| Is property insurance included? | Yes  X   No ___ | | |
| Utilities:    Electricity and heating fuel | | $ | 200.00 |
|         Water and sewer | | $ | 40.00 |
|         Telephone | | $ | 60.00 |
|         Other   cable, cell phone | | $ | 130.00 |
| Home maintenance (repairs and upkeep) | | $ | 25.00 |
| Food | | $ | 600.00 |
| Clothing | | $ | 85.00 |
| Laundry and dry cleaning | | $ | 40.00 |
| Medical and dental expenses | | $ | 50.00 |
| Transportation (not including car payments) | | $ | 360.00 |
| Recreation, clubs and entertainment, newspapers, magazines, etc. | | $ | 0.00 |
| Charitable contributions | | $ | 0.00 |
| Insurance (not deducted from wages or included in home mortgage payments) | | | |
|         Homeowner's or renter's | | $ | 0.00 |
|         Life | | $ | 25.00 |
|         Health | | $ | 0.00 |
|         Auto | | $ | 82.00 |
|         Other | | $ | 0.00 |
| Taxes (not deducted from wages or included in home mortgage payments) | | | |
|         (Specify)   personal property | | $ | 65.00 |
| Installment payments: (In chapter 12 and 13 cases, do not list payments to be included in the plan.) | | | |
|         Auto | | $ | 470.00 |
|         Other   personal hygiene & grooming | | $ | 55.00 |
|         Other   kids' extracurricular activities/school activities | | $ | 75.00 |
|         Other | | $ | 0.00 |
| Alimony, maintenance, and support paid to others | | $ | 0.00 |
| Payments for support of additional dependents not living at your home | | $ | 0.00 |
| Regular expenses from operation of business, profession, or farm (attach detailed statement) | | $ | 0.00 |
| Other   Preschool & Daycare | | $ | 1,080.00 |
| Other   pets-includes vet bills, food, vaccines | | $ | 50.00 |
| TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules) | | $ | 4,125.00 |

[FOR CHAPTER 12 AND 13 DEBTORS ONLY]
Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at some other regular interval.

| | | | |
|---|---|---|---:|
| A. | Total projected monthly income | $ | N/A |
| B. | Total projected monthly expenses | $ | N/A |
| C. | Excess income (A minus B) | $ | N/A |
| D. | Total amount to be paid into plan each _____ | $ | N/A |
| | | (Interval) | |

In re   _Rowena Louise Drennen_ _____    Case No. _____
_____
             Debtor(s)

# SCHEDULE J. CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

### (Spouse's Schedule)

| | | |
|---|---|---:|
| Rent or home mortgage payment (include lot rented for mobile home) | $ | 1,070.00 |
| Are real estate taxes included? | Yes ____ No _X_ | |
| Is property insurance included? | Yes ____ No _X_ | |
| Utilities:     Electricity and heating fuel | $ | 200.00 |
|             Water and sewer | $ | 0.00 |
|             Telephone | $ | 0.00 |
|             Other | $ | 0.00 |
| Home maintenance (repairs and upkeep) | $ | 0.00 |
| Food | $ | 400.00 |
| Clothing | $ | 0.00 |
| Laundry and dry cleaning | $ | 0.00 |
| Medical and dental expenses | $ | 0.00 |
| Transportation (not including car payments) | $ | 0.00 |
| Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 0.00 |
| Charitable contributions | $ | 0.00 |
| Insurance (not deducted from wages or included in home mortgage payments) | | |
|             Homeowner's or renter's | $ | 0.00 |
|             Life | $ | 0.00 |
|             Health | $ | 0.00 |
|             Auto | $ | 0.00 |
|             Other | $ | 0.00 |
| Taxes (not deducted from wages or included in home mortgage payments) | | |
|             (Specify) | $ | 0.00 |
| Installment payments: (In chapter 12 and 13 cases, do not list payments to be included in the plan.) | | |
|             Auto | $ | 0.00 |
|             Other | $ | 0.00 |
|             Other | $ | 0.00 |
|             Other | $ | 0.00 |
| Alimony, maintenance, and support paid to others | $ | 0.00 |
| Payments for support of additional dependents not living at your home | $ | 0.00 |
| Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| Other | $ | 0.00 |
| Other | $ | 0.00 |
| TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules) | $ | 1,870.00 |

## United States Bankruptcy Court
### Western District of Missouri

In re    _Rowena Louise Drennen_                                                Case No. _____
                                    Debtor(s)                                   Chapter    _7_

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of
_18_  sheets *[total shown on summary page plus 1]*, and that they are true and correct to the best of my
knowledge, information, and belief.

Date  _August 4, 2005_                    Signature  _/s/ Rowena Louise Drennen_
                                                     Rowena Louise Drennen
                                                     Debtor

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

Form 7
(12/03)

# United States Bankruptcy Court
## Western District of Missouri

In re  Rowana Louise Drennen _____     Case No. _____
                                                          Chapter  7
_____
                            Debtor(s)

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. If the answer to an applicable question is "None," mark the box labeled "None." If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

"In business." A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed.

"Insider." The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

------------------------

#### 1. Income from employment or operation of business

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE (if more than one) |
|---|---|
| $34,622.00 | wife employment 2003 |
| $33,067.30 | wife employment 2004 |
| $66,305.00 | husband employment 2003 |
| $36,800.00 | husband employment 2004 |
| $65,000.00 | husband employment 2005 year to date |
| $23,692.82 | wife employment 2005 year to date |

**2. Income other than from employment or operation of business**

None ☒   State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
| --- | --- |

**3. Payments to creditors**

None ☐   a. List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within 90 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
| --- | --- | --- | --- |
| Providian<br>PO Box 660487<br>San Antonio, TX 78266 | 08/30/04 | $765.00 | $8,348.49 |
| Citi Cards<br>PO Box 6000<br>The Lakes, NV 89163-6000 | 09/13/04 | $600.00 | $8,785.87 |

None ☒   b. List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
| --- | --- | --- | --- |

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None ☒   a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
| --- | --- | --- | --- |

None ☒   b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

**5. Repossessions, foreclosures and returns**

None ☐   List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |
| Homecomings Financial<br>PO Box 660515<br>Dallas, TX 75266 | surrendering interest | 2703 N Bellefontaine<br>KCMO 64117<br>$113,000.00 |

3

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN *surrendering interest* | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| *James B Nutter* *PO Box 419404* *Kansas City, MO 84141-6404* | | *2703 N Bellefontaine* *KCMO 64117* *$113,000.00* |

**6. Assignments and receiverships**

None a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately
☒ preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

**7. Gifts**

None List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary
■ and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

**8. Losses**

None List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or
☒ since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

**9. Payments related to debt counseling or bankruptcy**

None List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation
☐ concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| *Northland Legal* *2900 NE 60th Street* *Suite 100* *Kansas City, MO 64119* | *4/28/2005* | *$800.00* |
| *Northland Legal* *2900 NE 60th Street* *Suite 100* *Kansas City, MO 64119* | *11/10/2004* | *$1,141.00* |

**10. Other transfers**

None ☒ List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

**11. Closed financial accounts**

None ☐ List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| Blue Ridge Bank & Trust 4200 Blue Ridge Blvd Kansas City, MO | Checking Account# ▬▬▬▬ Final Balance = 0 | Date of Closing = 07/2004 |

**12. Safe deposit boxes**

None ☒ List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**13. Setoffs**

None ☒ List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**14. Property held for another person**

None ☒ List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

**15. Prior address of debtor**

None ☐ If the debtor has moved within the two years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| 2703 N Bellefontaine KCMO 64117 | Rowena Drennan | Sept 1996 - July 2005 |

Software Copyright (c) 1996-2003 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

5

16. Spouses and Former Spouses

None ☐ If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the six-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME
*John Drennan, spouse, separated since July 2006*

17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None ☒ a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ☒ b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ☒ c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

18 . Nature, location and name of business

None ☒ a. If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the six years immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

| NAME | TAXPAYER I.D. NO. (EIN) | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|

6

None
b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                                              ADDRESS

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within the six years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or otherwise self-employed.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within the six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

19. Books, records and financial statements

None
a. List all bookkeepers and accountants who within the two years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS                                  DATES SERVICES RENDERED

None
b. List all firms or individuals who within the two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

NAME                      ADDRESS                 DATES SERVICES RENDERED

None
c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME                                              ADDRESS

None
d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the two years immediately preceding the commencement of this case by the debtor.

NAME AND ADDRESS                                  DATE ISSUED

20. Inventories

None
a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

DATE OF INVENTORY        INVENTORY SUPERVISOR     DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis)

None
b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

DATE OF INVENTORY                                 NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS

21. Current Partners, Officers, Directors and Shareholders

None
a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

NAME AND ADDRESS              NATURE OF INTEREST            PERCENTAGE OF INTEREST

None ☒    b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|

**22. Former partners, officers, directors and shareholders**

None ☒    a. If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None ☒    b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

**23. Withdrawals from a partnership or distributions by a corporation**

None ☒    If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**24. Tax Consolidation Group.**

None ☒    If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within the six-year period immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER |
|---|---|

**25. Pension Funds.**

None ☒    If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within the six-year period immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER |
|---|---|

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date __August 4, 2005__    Signature __/s/ Rowena Louise Drennen__
                                                            Rowena Louise Drennen
                                                            Debtor

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

Software Copyright (c) 1996-2005 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

Case 2:03-cv-00425-GLL    Document 521-7    Filed 11/08/11    Page 35 of 41

Case 05-45391-jwv7    Doc 1    Filed 08/04/05    Entered 08/04/05 11:06:59    Desc Main Document    Page 31 of 31

Official Form 8
(12/03)

# United States Bankruptcy Court
## Western District of Missouri

In re   _Rowena Louise Drennen_ _____        Case No. _____

Debtor(s)        Chapter   **7**

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

1.  I have filed a schedule of assets and liabilities which includes consumer debts secured by property of the estate.

2.  I intend to do the following with respect to the property of the estate which secures those consumer debts:

*a.  Property to Be Surrendered.*

Description of Property
1.  2703 N Bellefontaine
    KCMO 64117

2.  2703 N Bellefontaine
    KCMO 64117

Creditor's name
*Homecomings Financial*

*James B Nutter*

*b.  Property to Be Retained*

[Check any applicable statement.]

| Description of Property | Creditor's Name | Property is claimed as exempt | Property will be redeemed pursuant to 11 U.S.C. § 722 | Debt will be reaffirmed pursuant to 11 U.S.C. § 524(c) |
|---|---|---|---|---|
| 1.  *2004 Ford Escape* | *Ford Motor Credit* | | | X |

Date   _August 4, 2005_ _____        Signature   _/s/ Rowena Louise Drennen_ _____
                                                        Rowena Louise Drennen
                                                        Debtor

(Official Form 1) (12/03)

| FORM B1 | United States Bankruptcy Court<br>Western District of Missouri | Voluntary Petition<br>AMENDED |
|---|---|---|

| Name of Debtor (If Individual, enter Last, First, Middle):<br>**Drennen, Rowena Louise** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 6 years<br>(include married, maiden, and trade names):<br>**AKA Rowena Louise Powers** | All Other Names used by the Joint Debtor in the last 6 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. No. / Complete EIN or other Tax I.D. No.<br>(If more than one, state all):<br>**XXX-XX-XXXX** | Last four digits of Soc. Sec. No. / Complete EIN or other Tax I.D. No.<br>(If more than one, state all): |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>**934 Walker Court**<br>**Liberty, MO 64068** | Street Address of Joint Debtor (No. & Street, City, State & Zip Code): |
| County of Residence or of the<br>Principal Place of Business:    **Clay** | County of Residence or of the<br>Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): | Mailing Address of Joint Debtor (if different from street address): |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

## Information Regarding the Debtor (Check the Applicable Boxes)

**Venue** (Check any applicable box)
- ☐ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.
- ☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| **Type of Debtor** (Check all boxes that apply) | | **Chapter or Section of Bankruptcy Code Under Which the Petition is Filed** (Check one box) |
|---|---|---|
| ☒ Individual(s)    ☐ Railroad | | ☒ Chapter 7    ☐ Chapter 11    ☐ Chapter 13 |
| ☐ Corporation    ☐ Stockbroker | | ☐ Chapter 9    ☐ Chapter 12 |
| ☐ Partnership    ☐ Commodity Broker | | ☐ Sec. 304 - Case ancillary to foreign proceeding |
| ☐ Other_____    ☐ Clearing Bank | | |

| **Nature of Debt** (Check one box) | | **Filing Fee** (Check one box) |
|---|---|---|
| ☒ Consumer/Non-Business    ☐ Business | | ☒ Full Filing Fee attached |
| **Chapter 11 Small Business** (Check all boxes that apply) | | ☐ Filing Fee to be paid in installments (Applicable to individuals only.) Must attach signed application for the court's consideration |
| ☐ Debtor is a small business as defined in 11 U.S.C. § 101 | | certifying that the debtor is unable to pay fee except in installments. |
| ☐ Debtor is and elects to be considered a small business under 11 U.S.C. § 1121(e) (Optional) | | Rule 1006(b). See Official Form No. 3. |

**Statistical/Administrative Information** (Estimates only)

☒ Debtor estimates that funds will be available for distribution to unsecured creditors.
☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

| Estimated Number of Creditors | 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|---|
| | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

| Estimated Assets | $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|---|
| | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

| Estimated Debts | $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|---|
| | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

(Official Form 1) (9/45391-wv7   Doc 8   Filed 10/13/05   Entered 10/13/05 18:38:57   Desc Main Document   Page 2 of 3   FORM B1, Page 2

| **Voluntary Petition - AMENDED**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Drennen, Rowena Louise** |
|---|---|

**Prior Bankruptcy Case Filed Within Last 6 Years (If more than one, attach additional sheet)**

| Location<br>Where Filed:  **Western District of Missouri** | Case Number:<br>**04-46476** | Date Filed:<br>**10/19/04** |
|---|---|---|

**Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet)**

| Name of Debtor:<br>**- None -** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

## Signatures

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X  /s/ Rowena Louise Drennen
Signature of Debtor **Rowena Louise Drennen**

X
Signature of Joint Debtor

Telephone Number (if not represented by attorney)

October 13, 2005
Date

**Signature of Attorney**

X  /s/ Susan Montee
Signature of Attorney for Debtor(s)
**Susan Montee 37742**
Printed Name of Attorney for Debtor(s)
**Northland Legal**
Firm Name
**2800 NE 60th Street**
**Suite 100**
**Kansas City, MO 64119**
Address
**816-455-4200  Fax: 816-455-5302**
Telephone Number
October 13, 2005
Date

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.
The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X
Signature of Authorized Individual

Printed Name of Authorized Individual

Title of Authorized Individual

Date

**Exhibit A**

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)

☐ Exhibit A is attached and made a part of this petition.

**Exhibit B**

(To be completed if debtor is an individual whose debts are primarily consumer debts)
I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X  /s/ Susan Montee          October 13, 2005
Signature of Attorney for Debtor(s)        Date
Susan Montee 37742

**Exhibit C**

Does the debtor own or have possession of any property that poses a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.
☑ No

**Signature of Non-Attorney Petition Preparer**

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

Printed Name of Bankruptcy Petition Preparer

Social Security Number (Required by 11 U.S.C.§ 110(c).)

Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

X
Signature of Bankruptcy Petition Preparer

Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.

Form B18 (Official Form 18)(10/05)

# United States Bankruptcy Court

## Western District of Missouri
### Case No. 05-45391-jwv
#### Chapter 7

In re: Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
Rowena Louise Drennen
aka Rowena Louise Powers
834 Walker Court
Kansas City, MO 64068

Social Security No.:
xxx-xx-████

Employer's Tax I.D. No.:

## DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

BY THE COURT

Dated: 11/10/05

Jerry W. Venters
United States Bankruptcy Judge

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

FORM B18 continued (10/05)

## EXPLANATION OF BANKRUPTCY DISCHARGE
## IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

### Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.]* A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

### Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

### Debts that are Not Discharged.

Some of the common types of debts which are **not** discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes;

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts.

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans.

This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.

**BAE SYSTEMS**

# CERTIFICATE OF SERVICE

Enterprise Systems Incorporated
11487 Sunset Hills Road
Reston, Virginia 20190-5234

| | | | |
|---|---|---|---|
| District/off: 0866-4 | User: admin | Page 1 of 1 | Date Rcvd: Nov 11, 2005 |
| Case: 05-45391 | Form ID: b18 | Total Served: 16 | |

The following entities were served by first class mail on Nov 16, 2005.
| | | |
|---|---|---|
| db | +Rowena Louise Drennen, | 834 Walnut Court, Kansas City, MO 64068-7416 |
| aty | +Susan K. Montee, | Northland Legal, 2900 NE 60th St., Ste. 100, Kansas City, MO 64119-2091 |
| tr | +Maureen Scully, | P.O. Box 30233, Kansas City, MO 64112-3233 |
| smg | | Missouri Department of Revenue, General Counsel's Office, PO Box 475, |
| | | Jefferson City, MO 65105-0475 |
| 11387320 | +Citi Platinum Select, | PO Box 6000, The Lakes NV 89163-0001 |
| 11387321 | | Ford Motor Credit, PO Box 152271, Irving TX 75015-2271 |
| 11387333 | | Home Depot Credit Services, PO Box 6028, The Lakes NV 88901-6028 |
| 11387324 | +Home Depot Credit Services, | Processing Center, Des Moines IA 50364-0001 |
| 11387325 | +Homecomings Financial, | PO Box 680515, Dallas TX 75265-0515 |
| 11387326 | | James B Nutter, PO Box 419404, Kansas City MO 64141-6404 |
| 11387327 | +Marilyn Guseman, | PO Box 139, Orrick MO 64077-0139 |
| 11387328 | +State Farm Insurance Company, | PO Box 139, Orrick MO 64077-0139 |

The following entities were served by electronic transmission on Nov 11, 2005 and receipt of the transmission
was confirmed on:
| | | |
|---|---|---|
| tr | +EDI: QMSCULLY.COM Nov 11 2005 17:20:00 | Maureen Scully, P.O. Box 30233, |
| | | Kansas City, MO 64112-3233 |
| 11387319 | +EDI: CHASE.COM Nov 11 2005 17:20:00 | Chase Mastercard, PO Box 52194, Phoenix AZ 85072-2194 |
| 11387323 | +EDI: CITICORP.COM Nov 11 2005 17:21:00 | Citi Platinum Select, PO Box 6000, |
| | | The Lakes NV 89163-0001 |
| 11387322 | +EDI: TSYS.COM Nov 11 2005 17:20:00 | Gap, PO Box 530993, Atlanta GA 30353-0993 |
| 11387326 | +EDI: PROVID.COM Nov 11 2005 17:21:00 | Providian, Providian Processing Services, |
| | | PO Box 660487, Dallas TX 75266-0487 |
| 11387330 | +EDI: TTRNBANK.COM Nov 11 2005 17:21:00 | Target, PO Box 59317, Minneapolis MN 55459-0317 |
| | | TOTAL: 6 |

       ***** BYPASSED RECIPIENTS *****

NONE.                                                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner
shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.

First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.

Date: Nov 16, 2005          Signature: _Joseph Speetjens_

No claims found for this case using selection criteria entered.

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 07/11/2011 10:49:32 | | |
| PACER Login: | tp0047 | Client Code: | fdic-gmbt |
| Description: | Claims Register | Search Criteria: | 05-45391-jwv7 Filed or Entered From: 1/1/2001 Filed or Entered To: 7/11/2011 |
| Billable Pages: | 1 | Cost: | 0.08 |

# Exhibit 24 to Declaration

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

In re:
COMMUNITY BANK OF NORTHERN VIRGINIA            Case No. 03-425
AND GUARANTY NATIONAL BANK OF
TALLAHASSEE SECOND MORTGAGE LOAN               Hon. Gary L. Lancaster
LITIGATION

### DECLARATION OF R. BRUCE CARLSON

1.      I am an attorney based in Pittsburgh, Pennsylvania. I have been licensed to practice

in the courts of Pennsylvania since 1989.

2.      My background in complex litigation began during law school at the University of

Pittsburgh, where after my first year I was a research assistant for then Dean Nordenberg and was

an acknowledged contributor to his treatise on Pennsylvania Civil Practice. After my second year

at the University of Pittsburgh, I was a summer associate at the law firm of Eckert Seamans Cherin

& Mellott. After graduation, I was employed as an associate attorney at Eckert Seamans Cherin &

Mellott through approximately 1994. While at Eckert Seamans Cherin & Mellott, I defended

institutional clients in a wide variety of complex litigation.

3.      Thereafter, I commenced practice on behalf of plaintiffs by agreeing to launch a

complex litigation group at what was then the Peirce Law Office. While at the Peirce Law Office,

my practice developed rapidly. By the late 1990's, I had become a name partner at the firm and I had

developed, and was managing, what was among the largest pediatric lead poisoning practices in the

country.

4.      By the late 1990's, I had developed a co-counsel relationship with Hoyt Rowell, who

was then affiliated with the Charleston, South Carolina law firm of Ness Motley. By this same point

in time, I had begun to become increasingly active in consumer class action litigation.

5.      In the late summer/early fall of 2000, I left the Peirce firm and my former partners acquired my interest in the pediatric lead poisoning practice that I had developed.  At this juncture, I concluded that I would limit my practice henceforth primarily to consumer class litigation and catastrophic personal injury cases.

6.      In support of my developing consumer class practice, I desired to affiliate with what I believed to be one of the most respected class action firms not only in Pittsburgh, but in the country: Specter Specter Evans & Manogue, P.C. ("SSEM").  I concluded negotiations with SSEM in the fall of 2000 and began my formal affiliation with the firm in November 2000.  The firm biography of SSEM is appended hereto as Exhibit A.

7.      As of this date, I am or have been lead or co-lead counsel in the following class cases:

■ *In re Community Bank of Northern Virginia and Guaranty National Bank of Tallahassee Second Mortgage Loan Litigation,* Civil Action No. 03-0425, (U.S.D.C. Western District of PA)(Lancaster, J.);

■ *Bobbye W. Rae v. Cellular One Communications Wireless, Inc.,* Civil Action No. CV01-1612 BR (Superior Court of Chatham Cty, GA.);

■ *Goodstein v. EMI Music Distribution, Inc., et al.,* No. 00-C-97M (Circuit Court for Marshall Cty., WV);

■ *Delaney v. Enterprise Rent-A-Car, Inc.,* Docket No. OCN-L-1160-01 (Superior Court of New Jersey, Ocean County);

■ *White v. United Steelworkers of America,* Civil Action No. 02-0183, (U.S.D.C. Western District of PA)(Schwab, J.);

■ *Bannon v. FirstOne Lending,* GD 01-6680 (Court of Common Pleas, Allegheny Cty., Pa)(Horgos, J);

2

■ *Filbin v. United States Tobacco Co., et al.*, (Circuit Court, Marshall Cty., WV);

■ *Pasci v. The Limited Brands, Inc.* , Civil Action No. 02-1953, (U.S.D.C. , W.D. Pa.)(Caiazza, J.);

■ *Gambill v. Housing Authority of City of Erie*, Civil Action, 02-200 (U.S.D.C, W.D. Pa.)(Cohill, J.);

■ *Graham v. Sony Electronics, Inc.*, Docket No. ATL-L-1264-03, (Superior Ct., NJ, Atlantic Cty.);

■ *Mohme v. Abercrombie & Fitch*, Case No. 03LO448, (Circuit Crt., St. Clair Cty., Ill.);

■ *Dwight v. American Eagle Outfitters, Inc.*, GD-03-015573, (C.C.P. Allegh. Cty, Pa..)(Horgos, J.);

■ *Gualano v. Abercrombie & Fitch,* Civil Action No. 03-365 (U.S.D.C., W.D. Pa.) (Caiazza, J.);

■ *Westell v. FirstPlus Home Loan Owner Trust 1998-5*, GD-01-6841 (C.C.P., Allegh. Cty.,Pa)(Horgos, J.); and,

■ *Greiff v. Verizon Wireless, Inc.*, GD-01-14629 (C.C.P., Allegh. Cty., Pa)(Horgos, J.).

8.      I am, or have been, lead or co-lead counsel in at least five additional class cases that I prefer not to publicize at this time.

9.      In November 2000, I first spoke with Hoyt Rowell and Dan Myers, now of Richardson, Patrick, Westbrook & Brickman, about participating in a joint venture to pursue class cases against certain mortgage lenders which had arguably violated applicable state and federal law in connection with second mortgage loans. I in fact entered into the joint venture in November of 2000. The Richardson Patrick firm biography is appended hereto at Exhibit A, behind the SSEM biography.

10.      Almost immediately thereafter, I assumed primary responsibility for investigating the

3

specific claims that spawned this litigation.

11.   From the inception of my investigation of these claims, I worked closely with Brian Thomas, a Dallas-based consultant on the mortgage industry who is currently the executive director of the non-profit organization called: The Coalition for Mortgage Reform.

12.   In our initial investigation, we reviewed a group of perhaps ten loan files related to loans originated in the name of Community Bank of Northern Virginia ("CBNV"). We charted certain patterns in these loans with respect to settlement fees that we believed might be unlawful.

13.   Thereafter, we commenced factual research regarding the mortgage brokers who were originating loans in the name of CBNV and Guaranty National Bank of Tallahassee ("GNBT")and regarding the title companies identified in the loan documents.

14.   Also, at this time, we commenced research regarding the identities of the entities that were purchasing the loans from CBNV and GNBT. We learned that the primary purchaser was Residential Funding Corporation ("RFC").

15.   After first learning of RFC's substantial position with respect to the loans at issue, class counsel researched RFC's business model whereby it cultivated relationships with loan originators so that it would have access to a steady flow of mortgage loan "product" which would generate income for RFC while held in inventory and then generate more income when the loan pools were securitized" (sold as securities).

16.   Also as part of this initial investigation, we pursued the following activities: we reviewed SEC filings for CBNV; we expanded the geographic scope of our review of loan files to include files from borrowers in many states, including Pennsylvania, Ohio, Tennessee, Illinois, New Jersey, North Carolina, Washington and Missouri.

4

17.    During this phase of the investigation, we also interviewed borrowers regarding their loan transactions.

18.    By the culmination of the initial phase of the investigation into these loan transactions, we had identified several factors that caused us to believe that the loans might include unlawful settlement fees.

19.    The origination charges that were detailed in Section 800 of the borrowers' HUD-1A Settlement Statements were unusually high.

20.    The charges for "title services" that were detailed in Section 1100 of the borrowers' HUD-1A Settlement Statements were unusually high.

21.    The interest rates charged for these loans were high.

22.    Though the loans were made by a state-chartered bank (CBNV) or a national bank (GNBT), all of the origination and processing activities relating to the loans seemed to be occurring not at either of the banks, but at the offices of EquityPlus Financial (CBNV loans) or Equity Guaranty (GNBT loans). By reviewing a significant number of loan files, class counsel learned that the mortgage brokers who appeared to be originating these loans by direct mail, (EquityPlus and Equity Financial), were operating out of the same address listed for the banks.

23.    Class counsel personally traveled to northern Virginia to investigate the physical layout of the locations that were listed as being the bank addresses in the loan papers (there were multiple different locations over time). From this physical inspection class counsel learned that the mortgage brokers, alleged banks and various title companies were all operating out of the same facilities. This was unusual for multiple reasons including the fact that the two banks at issue, CBNV and GNBT, were small regional banks that appeared to be involved in the origination of what

5

class counsel learned to be a massive volume of loans nationally.  Additionally, GNBT was a bank that was based in Tallahassee, Florida, yet all of its second mortgage loan business activities occurred at the facilities of the above-identified offices of EquityGuaranty in Northern Virginia.

24.    Upon investigating corporate records, class counsel learned that EquityPlus, Equity Guaranty and the title companies used to close the loans at issue (hereinafter the "Shumway/Bapst Operation") had substantial common ownership.

25.    Upon reviewing a substantial number of HUD-1A settlement statements and comparing the statements to SEC filings made by CBNV, it became apparent that the entries in the HUD-1A's regarding origination fees were inconsistent with CBNV's income reported to the SEC from its mortgage operation.  Specifically, the HUD-1A's indicated that fees of approximately 10% of the original balance of a given loan were being distributed to CBNV as "origination fees," whereas CBNV's 10-K report indicated that it was retaining only 1-2% from each loan as an origination fee.

26.    From this dynamic, class counsel concluded that either the SEC filing or the HUD-1A's was inaccurate.  Based upon all of the facts learned to this point, class counsel concluded that it was much more likely that the HUD-1A's were inaccurate than it was that the SEC filings were inaccurate.

27.    Based upon the cumulative data developed in the pre-filing investigation, class counsel, and their consultant, concluded that the Shumway/Bapst Operation was engaged in a scheme whereby it had entered into relationships with a state-chartered and national bank, respectively, pursuant to which the banks appeared to be permitting the Shumway/Bapst Operation to use the bank's names to originate the loans, permitting the Shumway/Bapst Operation to do all of the processing of the loans, and then almost immediately re-selling the loans to a secondary

purchaser, primarily RFC.

28.     As a result of their pre-filing investigation, class counsel concluded that certain of the settlement fees being charged in connection with these loans were arguably unlawful and potentially susceptible to civil class-based claims.

29.     Throughout the pre-filing factual investigation, class counsel performed substantial legal research calculated to support the development of a litigation strategy pursuant to which these claims could be effectively pursued in class-litigation.  While class counsel were confident that certain of the lending practices at issue were unlawful, they believed there to be difficult challenges with respect to pleading and proving the claims.

30.     Initially, there was a debate among class counsel about whether to pursue state claims, federal claims or both.  Class counsel immediately recognized that the role of the banks in these transactions created substantial federal preemption issues which might be litigation-dispositive. They realized that they could attempt to deflect the inevitable preemption defense by alleging that the bank's presence in the transactions was a sham, but they were always aware that this was a problematic strategy for multiple reasons.  First, they realized that notwithstanding their belief that this business arrangement was a subterfuge, they realized that the banks were actually making the loans and that the relationships among the banks and the Shumway/Bapst Operation was carefully structured.  Class counsel were aware, for example, that the Shumway/Bapst Operation had a former Office of the Comptroller of the Currency ("OCC") lawyer on its staff.  Further, Class Counsel realized that it was not uncommon for banking entities to contract with third-party vendors  in connection with the origination of mortgage loans and the provision of other common consumer services.  These basic facts, coupled with substantial adverse authority in the preemption context,

7

caused class counsel to be ambivalent about the rent-a-charter theory that they created in an attempt to deflect the federal preemption defense.  On the one hand, class counsel believed that the theory was factually supportable.  On the other hand, there was ambiguity about whether the arrangement among the banks and the Shumway/Bapst Operation was unlawful and therefore not susceptible to the preemption defense, even if class counsel could prove the facts that they believed to be true.

31.    Against this backdrop, class counsel were not of one mind initially.  One constituency in the class counsel camp wanted to pursue only state-wide classes in state court asserting state claims, and the other constituency wanted to pursue a national class asserting federal claims in federal court.

32.    Initially, class counsel filed only state-wide class cases asserting state claims, in Pennsylvania, Ohio and Tennessee.

33.    Eventually, however, all class counsel concurred that they could maximize defendants' risk, and the chances of successfully pursuing the claims, by carefully crafting federal statutory claims and asserting said claims on a national basis, calculated to withstand motions to dismiss and to present the best possibility of class certification.

34.    The various permutations of complaints filed in the litigation that included a federal RESPA claim were calculated to serve that end.

35.    Before filing the first complaint in this litigation, class counsel considered and rejected various federal claims, including the HOEPA disclosure and TILA claims being advocated by the objecting Missouri Law Firm.  In fact, class counsel Bruce Carlson discussed these claims specifically with objecting counsel Mike Vaughan early in this litigation and expressed his view that the HOEPA and TILA claims could not be certified on a class basis.  Class counsel now, more than

ever, believe that their initial view regarding the viability of the HOEPA and TILA claims on a class basis was correct. While the Missouri Law Firm has litigated two class actions involving the transactions at issue, both of which were dismissed in the context of rule 12 motions, it has never asserted the HOEPA or TILA claim.

36.    The HOEPA disclosure claim is factually problematic because many class members signed the HOEPA disclosure form at issue, thereby creating a presumption that the disclosure was timely made in full compliance with federal law.

37.    Attached hereto as Exhibit B are true and correct copies of the notices signed by the named Plaintiffs and the borrowers identified as the Missouri and Illinois "objectors" whereby each borrower acknowledged receipt of the required "HOEPA disclosures" under 15 U.S.C. § 1639 three days prior to the consummation of the individual loan.

38.    In addition, attached hereto at Exhibit B are true and correct copies of the notices signed by Alvin and Linda Phipps, John and Elizabeth St. Clair, and Lorene and Shawn Starkety, the named Plaintiffs in the <u>Phipps v. Guaranty National Bank of Tallahassee</u> case, whereby each borrower acknowledged receipt of the required "HOEPA disclosures" under 15 U.S.C. § 1639 three days prior to the consummation of the individual loan.

39.    Finally, attached hereto as Exhibit C is a declaration from Travis Steinhouse of Residential Funding Corporation ("RFC") stating that RFC has never been a holder or assignee of a Missouri second mortgage loan made by Community Bank of Northern Virginia or Guaranty National Bank of Tallahassee to Mr. Richard and Mrs. Margaret M. Harlin or Mrs. Linda K. Thompson.

40.    Class counsel thoroughly investigated the HOEPA disclosure issue by interviewing

9

former relevant employees in the Shumway/Bapst Operation. The information gleaned from these interviews was mixed at best, and thus was not uniform, and, cumulatively, it supported class counsels' original view that the disclosure issue turned on idiosyncratic individual loan-specific facts and that class claims asserting this theory could not be certified.

41.    In November of 2002, by which time class counsel was very familiar with the factual and legal backdrop to the claims in dispute and by which time substantial litigation had transpired as described more fully in class counsels' fairness brief submitted herewith, the parties began settlement negotiations. Class counsel conferred with their mortgage consultant prior to and throughout these negotiations.

42.    These negotiations continued over approximately seven and one-half months and involved many face-to-face meetings among counsel in both Pittsburgh and Charleston, South Carolina. The negotiations also included multiple telephone conferences.

43.    The negotiations regarding appropriate class relief were difficult, but always conducted with respect and professionalism on both sides. There were many starts and stops.

44.    Throughout the negotiations, class counsel continued their factual investigation related to the claims in dispute. Class counsel obtained important corroboration for some of their original theories by interviewing key former employees of non-parties in late January and early February of 2003. This new information included revenue and expenses data. This new information spawned new and amended complaints, as is discussed in class counsels' fairness brief. It also permitted class counsel to identify in excess of fifty deposition witnesses.

45.    While the articulation of these newly developed facts in pleadings was intended to improve class counsels' settlement leverage, class counsel had very real concerns about their

ability to sustain the RESPA claim or any other claim through trial. Class counsel believed that they had positioned the claims so that they had a reasonable, albeit far from certain, chance of overcoming rule 12 motions, but class counsel also believed that potential problems remained.

46. Against this backdrop, when defendants reached an offer that made available a minimum of $552 to all class members, including those class members who had significant statute of limitations problems, class counsel concluded that the proposed deal was fair and reasonable and that the benefit to the class at this dollar level outweighed the substantial risks of continued litigation.

47. Thereafter, the basic structure of the deal was negotiated at a meeting in Charleston, S.C., including the total possible payout, alternative allocation scenarios, the fact that there would be a claims made component to the deal keyed to the RESPA limitations defense, the fact that the deal would be national and resolve all of the class claims in dispute, etc.

48. Subsequently, counsel convened again in Charleston, S.C. to discuss the issue of counsel fees. All counsel were intimately familiar with the abundant legal authority from the Third Circuit and the Western District governing the structure and timing of fee negotiations in class litigation. There really was no negotiation *per se*. Counsel merely discussed the relevant authority and class counsel requested a fee of $8.1 million, which everybody present realized was at the low end of the range of counsel fees that have been endorsed by the Third Circuit and the Western District in other similar cases. Ultimately, defendants agreed to pay the requested fee. Counsel agreed that this fee would be over and above the amount of class relief that had been previously negotiated and that all expenses incurred by class counsel would be deducted from the fee.

49. Throughout the litigation, class counsel had regular contact with the Missouri

11

Law Firm and in fact occasionally shared work-product related to this litigation.

50.     I called Mike Vaughan during the late spring of 2003 to advise him that we had arrived at a settlement in principle in the litigation and to invite him and the Missouri Law Firm to work with class-counsel cooperatively in connection with the settlement.

51.     Mike Vaughan and his partner Fred Walters declined to work cooperatively in support of the settlement, and asserted that the claims at issue had a damage value that class counsel did not believe to be credible.

52.     Instead, through an intermediary, the Missouri Law Firm advised me that they would be "going to war" in an attempt to derail the settlement.

53.     Regarding the settlement structure, the precise format for the claims made portion of the settlement was not finalized as of the time that the settlement agreement was executed on July 11, 2003.

54.     Up to this point in time (July 11, 2003), counsel had agreed that there would be additional explanatory information disseminated to class members in connection with the claims made portion of the settlement, but they had not yet agreed on the specific form that this process would follow.

55.     Counsel have had an ongoing dialogue regarding this topic, and they have agreed to the specific format set forth in the fairness brief, which will be formalized by an amendment or supplement to the settlement agreement, as is contemplated by the settlement agreement.

56.     Attorney Jerry Hartzell represents the Bumpers and Elliott "Conditional Objectors" from North Carolina.  I have had an ongoing dialogue with Mr. Hartzell regarding said objections and I have advised him that I believed the supplemental changes to the settlement agreement would

perhaps resolve his concerns regarding certain administrative components in this part of the settlement, and that we intended to exceed what is required by applicable law.

57.    During a recent phone conversation, Mr. Hartzell, an experienced consumer finance attorney, expressed the fact that he had reviewed the Missouri Law Firm's Objections and considered them. He (Mr. Hartzell) stated that the Missouri Law Firm was mistaken and that "this is not a $ 1 billion dollar case, it is a $100 million dollar case, and $100 million dollar cases settle for $33 million." I requested Mr. Hartzell's permission to use this quote in class counsel's fairness brief, and he consented to its use.

58.    The reaction of the Class to the settlement has been overwhelmingly favorable. Out of the in excess of 1,000 phone calls and e-mail inquiries fielded by class counsel, fewer than five have been critical of the settlement in any respect and most of the inquiries sought information regarding the timing of the settlement distribution. Class counsel received 1,192 phone inquiries and in excess of 500 e-mail inquiries regarding the settlement

59.    Support staff who fielded phone calls and e-mails from class members followed a script prepared by class counsel and were directed to forward inquiries that could not be answered with the script to class counsel personally.

I declare the foregoing to be true and correct under penalty of perjury pursuant to the laws of the United States.

EXECUTED this 11th day of November, 2003 at Pittsburgh, Pennsylvania.

R. Bruce Carlson, Pa. I.D. #56657

13

# Exhibit A

## SPECTER SPECTER EVANS & MANOGUE, P.C.

Specter Specter Evans & Manogue, P.C. (formerly Specter Law Offices, P.C.) is a civil litigation law firm with its base in Pittsburgh, Pennsylvania. Its practice includes representation of plaintiffs in class action cases and is national in scope.  It has served as counsel in class action cases throughout the United States. Mr. Specter or Specter Specter Evans & Manogue, P.C. serves or has served as Class Counsel in the following class action cases, among others:  In Re Westinghouse Securities Litigation, Civil Action No. 91-0354 (W.D. Pa.); In re Metropolitan Life Insurance Company, Policyholders Litigation, Civil Action No. GD94-2685 (Allegheny Co. Ct. of Common Pleas, PA); In Re Metropolitan Life Insurance Company Sales Practices Litigation, (MDL 1091) (W.D. Pa.); Cope, et al. v. Metropolitan Life Insurance Company, et al., 95-CO-46 (Ct. of Appeals 7th Appellate) (Columbiana Co. Ct. of Common Pleas, OH); Wolbert, et al. v. Metropolitan Life Insurance Company, Civil Action No. 95-0861 (W.D. Pa.); Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries, Inc., et al., Civil Action No. 3:95-CV-48 (E.D. Tx.); In re: Chambers Development Company Securities Litigation, Civil Action No. 92-0679 (MDL 982) (W.D. Pa.); Fox, et al. v. Equimark Corporation, et al., Civil Action No. 90-1504 (W.D. Pa.); In re: PNC Securities Litigation, Civil Action No. 90-0592 (W.D. Pa.); In re: Silicone Gel Breast Implant Products Liability Litigation, (MDL 926) (N.D. Ala.); In re Baxter Corporation Gammagard Product Liability Litigation, (MDL 1060), (C.D. Cal.); In re Ashland Oil Spill Litigation, Master File No. M-14670 (W.D. Pa.); Baker, et al. v. Mellon Bank, N.A., et al., Civil Action No. 89-1326; Hartings v. American Express Company, Civil Action No. 88-744 (W.D. Pa.); In re South Central States Bakery Products Antitrust Litigation, 86 F.R.D. 407 (M.D. La. 1980); Parker v. Bell Helicopter Co., 78 F.R.D. 507 (N.D. Tex. 1978); on appeal sub nom., Parker v. Anderson, 667 F.2d 1204 (5th Cir.), cert. denied, 459 U.S. 828 (1982); Brown v. Central Liquor Co., No. CIV-80-480-W (W.D. Okla.); Nemo v. Astrotech International Corporation, Civ. A. No. 85-982 (W.D. Pa.); Steiner v. Equimark, Civ. A. No. 81-1988 (W.D. Pa.); Bartelson v. Dean Witter & Co., 86 F.R.D. 657 (E.D. Pa. 1980); Little Rock School District v. Borden, Inc., 632 F.2d 700 (8th Cir. 1980); Marchwinski v. Oliver Tyrone Corp., 83 F.R.D. 606 (W.D. Pa. 1979); In re Nissan Motor Corp.

Antitrust Litigation, 82 F.R.D. 193 (S.D. Fla. 1979); In re Corrugated Container Antitrust Litigation, 80 F.R.D.

244 (S.D. Tex. 1978); In re Folding Carton Antitrust Litigation, 75 F.R.D. 727 (N.D. Ill. 1977); Wetzel v. Liberty

Mutual Insurance Co., 434 U.S. 1010 (1978); 429 U.S. 1000 (1976); 424 U.S. 737 (1976); 423 U.S. 910 (1975); 423

U.S. 816 (1975); 421 U.S. 1011 (1975); 421 U.S. 987 (1975); 579 F.2d 236 (3d Cir. 1977); 511 F.2d 199 (3d Cir.

1975); 508 F.2d 239 (3d Cir. 1975); 451 F.Supp. 967 (W.D.Pa. 1978); 449 F.Supp. 397 (W.D.Pa. 1978); 372 F.

Supp. 1146 (W.D.Pa. 1974); McNary v. American Savings & Loan Ass'n, 76 F.R.D. 644 (N.D. Tex. 1977);

Wheaton v. Cessna Aircraft Co., Civil Action No. 76-77-C5 (D. Kan.); Karan v. Nabisco, Inc., Civil Action No.

75-1356 (W.D. Pa.); Merola v. Atlantic Richfield Co., 493 F.2d 292 (3d Cir. 1974); 515 F.2d 165 (3d Cir. 1975);

O'Bannon v. Merrill Lynch Pierce, Fenner & Smith, Inc., Civil Action No. 73-905 (W.D. Pa.); Markel v. Greater

Pittsburgh Board of Realtors, Civil Action No. 72-504 (W.D. Pa.); and In re L.E. Lay & Company Antitrust

Litigation, MDL 187 (E.D. Tex.); Barbara Kenty, et al. v. Bank One, et al., No. C2-90-709 (S.D. of Ohio);

George, et al. v. BancOhio National Corporation, et al., Civil Action No. C2-92-314 (S.D. of Ohio); In re

Buckeye Pipeline Litigation, No. GD 90-6018 (Allegheny Co. Ct. of Common Pleas, PA); and Varacallo v.

Massachusetts Mutual Life Insurance Company, Docket No. ESX-L-3403-97 (Superior Ct. of NJ, Law Div.,

Essex Co.).


## Howard A. Specter

Howard A. Specter was graduated from the University of Pittsburgh and from the University of

Pittsburgh School of Law.  He is the founding shareholder of Specter Specter Evans & Manogue, P.C.  He

is admitted to practice before the Courts of Pennsylvania, the United States Courts of Appeals for the Third,

Fifth, Sixth, Ninth, Tenth and Eleventh Circuits and the Supreme Court of the United States.

2

Mr. Specter is a member of the American Bar Association (ABA), the Association of Trial Lawyers of America (ATLA), the Allegheny County Bar Association, the Pennsylvania Bar Association, the Academy of Trial Lawyers of Allegheny County, the Pennsylvania Trial Lawyers Association (PaTLA), the Academy of Florida Trial Lawyers, the Texas Trial Lawyers Association and the West Virginia Trial Lawyers Association.  He is also a member of the American Board of Trial Advocacy and The Million Dollar Advocates Forum.

Mr. Specter's reputation is well-known and well-established.  He was elected by his peers to serve as President of ATLA from 1982-1983.  As long ago as 1980, he was described by now Circuit Judge Becker as "one of the abler, more experienced and better known class action attorneys currently practicing." Bartelson v. Dean Witter & Co., 86 F.R.D. 657, 673 (E.D. Pa. 1980).

In addition to serving as past President of the Academy of Trial Lawyers of Allegheny County and the Melvin M. Belli Society, Mr. Specter is past Chair of the Allegheny County Bar Association Antitrust and Class Action Committee, past Chair of the Commercial Litigation Section of ATLA, a member of the Subcommittee on Multidistrict Litigation of the Section of Antitrust Law of the ABA and a past President of the Western Pennsylvania Chapter of PaTLA.  In addition to serving as a frequent faculty member and as three-time Chair of the National College of Advocacy and the National Advanced College of Advocacy (conducted at Harvard Law School, University of Southern California Law School, the National Judicial College at the University of Nevada, Suffolk University Law School and Georgetown University Law Center), where he has lectured and conducted workshops on various aspects of complex and class action litigation, he has lectured on those subjects at various seminars and educational programs in at least: Florida, California, Washington, West Virginia, Tennessee, Texas, New York, New Jersey, Oregon, Georgia, South Carolina, Pennsylvania, Ohio, Illinois, Wisconsin, Massachusetts, North Carolina, Louisiana, Nevada, Alabama, Kentucky, Kansas, the District of Columbia, Mexico and Canada.  He has published papers on these subjects for Trial Magazine, the Texas Trial Lawyers Forum and two editions of the Civil Advocates

3

Manual, published by the Center for Trial and Appellate Advocacy, Hastings College of the Law, University

of California. The President of the National Judicial College in Reno, Nevada named Mr. Specter as a

member of the Council for the Future to serve the Judicial College. Mr. Specter is also a member of the

Million Dollar Advocates Forum.

Mr. Specter was charged with drafting comments to the Manual for Complex Litigation for ATLA.

He is the author of "Criteria for Fee Awards," published in Public Interest Practice and Fee Awards,

Practising Law Institute, 1980, and the co-author of "Preparation and Presentation of Fee and Cost Petitions,"

published in Court Awarded Fees in "Public Interest" Litigation, Practising Law Institute, 1978. He is also

the author of "Weight of Opinion Evidence," published in Forensic Sciences, Matthew Bender & Co., 1981,

a member of the Editorial Advisory Board of the National Law Review Reporter, and co-author of the two-

volume Individual Employment Law and Litigation, The Michie Company, 1989. In addition, Mr. Specter

has also authored or co-authored publications including  "Class Actions: Job Bias," Trial Magazine,

January/February, 1974; "Recent Developments in Class Actions," Trial Lawyers Forum, January/March

1974; "Employment Discrimination Class Action Litigation," Civil Advocates Manual, Published by Center

for Trial and Appellate Advocacy, Hastings College of Law, University of California, 1974 and 1975 editions;

"Organization of the File," Trial Preparation: The 100 Day Countdown, PBI No. 1993-787; "The Hospital

Emergency Room:  Haven or Hazard?" Trial Magazine, May, 1983; "Incentive Awards in Class Action

Litigation," 3 Federal Litigation Guide Reporter, 591 July, 1991.

Mr. Specter has been actively engaged in class action and other complex litigation for more than 25

years. He is a member of the Editorial Board for Class Action Reports and the Federal Litigation Guide

Reporter and a member of the Review Panel for the Medical-Legal Aspects of Breast Implants. Mr. Specter

argued the class action of Liberty Mutual Insurance Co. v. Wetzel, 424 U.S. 737 (1976), before the Supreme

4

Court of the United States and also tried that case to a successful result in one of the relatively few nationwide class actions of any kind to be tried. 449 F.Supp. 397 (W.D. Pa. 1978).

Mr. Specter and Specter Specter Evans & Manogue, P.C., have been given the highest possible ratings by the Martindale-Hubbell Law Directory.

### Elaine Specter

Elaine Specter has been associated with the firm since January, 1977. She is a graduate of the University of Pittsburgh School of Law where she was Order of the Barristers and a member of the school's National Appellate Moot Court Team. She was graduated from Brooklyn College with a B.A. degree in 1968 and from the University of Pittsburgh with an M.L.S. degree in Library Sciences in 1975 where she was elected to Beta Phi Mu, the National Library Sciences Honor Society. She is a member of ATLA, the Allegheny County Bar Association, the Pennsylvania Bar Association and the American Bar Association. She has published articles on litigation topics for The Barrister and lectured to bar groups including the Pennsylvania Trial Lawyers Association and the Association of Trial Lawyers of America. She was an editor of law and litigation publications for Kluwers Law Book Publishers of New York City. Her background in research and in information sciences enables her to provide an added dimension to her legal contributions as a member of a complex litigation team in conducting and directing investigative projects and analyses in areas of litigation such as this involving industry practices, standards and esoteric research and investigation. She was actively involved with Mr. Specter in the representation of classes in numerous of the cases set forth above. She is admitted to practice before the Courts of the Commonwealth of Pennsylvania and the United States District Court for the Western District of Pennsylvania.

### John C. Evans

John C. Evans is a shareholder at Specter Specter Evans & Manogue, P.C. He was graduated from Kearney State College in 1978 and from the University of Nebraska School of Law in 1981. He is admitted

5

to practice before the Supreme Court of the United States, the United States Courts of Appeals for the Third and Ninth Circuits, the United States District Court for the Western District of Pennsylvania, the Western District of Kentucky, the District of Nebraska, and the Courts of Pennsylvania, Kentucky and Nebraska. Mr. Evans is also admitted to practice before the Court of Military Appeals and the Army Court of Military Review. Since admission to the bar, Mr. Evans has been a litigator practicing in the fields of general and commercial litigation, including securities and antitrust law, and complex products liability litigation.

Mr. Evans has actively participated in many nationwide class actions. In addition, he held leadership roles in In re Baxter Corporation Gammagard Product Liability Litigation, (MDL 1060), (C.D. Cal.), where he served as Lead Class Counsel; In re: Silicone Gel Breast Implant Products Liability Litigation, (MDL 926) (N.D. Ala.); In Re Westinghouse Securities Litigation, Civil Action No. 91-0354 (W.D. Pa.); In re Flat Glass Antitrust Litigation, (MDL No. 1200) (W.D. Pa.).; and In Re Metropolitan Life Insurance Company Sales Practices Litigation, (MDL 1091) (W.D. Pa.).

Mr. Evans authored or co-authored: "Alternative Dispute Resolution: A lesson Learned from our National Pastime," The Barrister Magazine, Spring 1993; "Now You See 'Em...Now You Don't: Appearances and Protections Under The Soldiers and Sailors Civil Relief Act..." The Barrister Magazine, Summer, 1991. Mr. Evans also authored "The Making of an Implant," "Authentication, Best Evidence and Hearsay," "Getting Documents Out of the Database and Into Evidence," and "A Word About Fees and Expenses," which appeared in various commercially published litigation newsletters.

Mr. Evans also maintains an active personal injury practice where he serves as lead counsel and has tried numerous cases to verdicts. He is a frequent lecturer on topics related to civil trial practice and class action case management. Mr. Evans is a member of the Academy of Trial Lawyers of Allegheny County, the Allegheny County Bar Association, the Pennsylvania Bar Association, the Association of Trial Lawyers

of America and the Pennsylvania Trial Lawyers Association. Mr. Evans served as a Major in the U.S. Army,

Judge Advocate General's Corps.

### David J. Manogue

David J. Manogue, a shareholder with Specter Specter Evans & Manogue, P.C., was graduated from

the University of Wisconsin and from the University of Pittsburgh School of Law. He is admitted to practice

before the Courts of Pennsylvania, and the United States District Court for the Western District of

Pennsylvania.

Mr. Manogue is a member of the Allegheny County Bar Association, the Pennsylvania Bar

Association and the Pennsylvania Trial Lawyers Association.

Since admission to the bar, Mr. Manogue has been a litigator practicing in the fields of general and

commercial litigation, including securities and antitrust law, and complex products liability litigation. He

has been active in Specter Specter Evans & Manogue, P.C.'s class action practice since his association with

the Firm. Mr. Manogue has actively participated in class action litigation including the following cases: In

re: PNC Securities Litigation, Civil Action No. 90-0592 (W.D. Pa.); Fox, et al. v. Equimark Corporation, et al.,

Civil Action No. 90-1504 (W.D. Pa.); In re Chambers Development Company Securities Litigation, Civil

Action No. 92-0679 (W.D. Pa.); and Hartings v. American Express Company, Civil Action No. 88-744 (W.D.

Pa.); In re Baxter Corporation Gammagard Product Liability Litigation, (MDL 1060), (C.D. Cal.); Piggly

Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries, Inc., et al., Civil Action No. 3:95-CV-48 (E.D. Tx.) Marrs, et

al. v. New York Life Insurance Company, Civil Action No. 94-2037 (Allegheny Co. Ct. of Common Pleas,

PA); In Re Westinghouse Securities Litigation, Civil Action No. 91-0354 (W.D. Pa.); Deal, et al., v. New York

Life Insurance Company, et al., Civil Action No. 94-8938 (Allegheny Co. Ct. of Common Pleas, PA) and In

re Metropolitan Life Insurance Company, Policyholders Litigation, Civil Action No. GD94-2685 (Allegheny

Co. Ct. of Common Pleas, PA); In Re Metropolitan Life Insurance Company Sales Practices Litigation, (MDL

7

1091) (W.D. Pa.); Cope, et al. v. Metropolitan Life Insurance Company, et al., 95-CO-46 (Ct. of Appeals 7th Appellate) (Columbiana Co. Ct. of Common Pleas, OH); Wolbert, et al. v. Metropolitan Life Insurance Company, Civil Action No. 95-0861 (W.D. Pa.); Varacallo v. Massachusetts Mutual Life Insurance Company, Docket No. ESX-L-3403-97 (Superior Ct. of NJ, Law Div., Essex Co.).

### Joseph N. Kravec, Jr.

Joseph N. Kravec, Jr. was graduated from the University of Pittsburgh, 1989 *cum laude* , and from the Duquesne University School of Law, 1993. He is admitted to practice before the Courts of Pennsylvania, the United States District Courts for the District of Columbia and Western District of Pennsylvania, the United States Court of Appeals for the Third, Fourth and Sixth Circuits and the United States Supreme Court. Mr. Kravec is a member of the Allegheny County Bar Association, the Pennsylvania Bar Association, the American Bar Association and the Association of Trial Lawyers of America. He was the recipient of the American Jurisprudence Award and a finalist in the Trial Court Moot Competition.

Since admission to the bar, Mr. Kravec has been a litigator practicing in the fields of general, consumer and commercial litigation, including insurance, securities and antitrust law, as well as personal injury and complex products liability litigation. He has been primarily involved in the Specter firm's class action practice since his association with the Firm. Mr. Kravec has actively participated in numerous class actions, including the following cases: Varacallo v. Massachusetts Mutual Life Insurance Company, 752 A.2d 807 (N.J. App. Div. 2000)(vanishing premium life insurance sales practices); In Re Metropolitan Life Insurance Company Sales Practices Litigation, 1999 U.S. Dist. LEXIS 22688, Misc. Docket No. 96- 179, MDL No. 1091 (W.D. Pa.)(various life and annuity deceptive sales practices); Cope v. Metropolitan Life Insurance Company, 696 N.E. 2d 1001 (Ohio 1998)(churning life insurance sales practices); Richard v.

Metropolitan Life Insurance Company (a/k/a In re Metropolitan Life Insurance Company Policyholders Litigation) 707 A.2d 512 (Pa. 1998)(churning life insurance sales practices); Barbara Kenty v. Bank One, 650 N.E. 2d 863 (Ohio 1995) (companion case 92 F.3d 384 (6th Cir. 1996))(forced-placed auto loan insurance); Peerless Wall and Window Coverings, Inc. v. Synchronics, Inc., 85 F. Supp. 2d 519 (W.D. Pa. 2000) (No. Civ. A. 98- 1084)(Y2K misrepresentation); Erie Forge and Steel, Inc. v. Cypress Minerals Company, 1994 WL 485803, 1994 Trade Cases P 70, 653 (W. D. Pa., Jun. 7, 1994) (No. Civ. 94-404)(antitrust price-fixing); In Re Westinghouse Securities Litigation, 90 F.3d 696 (3rd Cir. 1996)(securities fraud);In re: Chambers Development Company Securities Litigation, 912 F. Supp. 822 (W.D. Pa. 1995) (securities fraud); Fox v. Equimark Corporation, 1994 WL 560994, Fed. Sec. L. Rep. P98, 384 (W.D. Pa., Jul. 18, 1994) (No. Civ. A. 90- 1504)(securities fraud); George, et al. v. BancOhio National Corporation, et al., Civil Action No. C2-92-314 (S.D. Ohio)(forced-placed auto insurance); Regina G. Bates v. National City Bank, et al.,, Case No. 279634 (Cuyahoga Co. Ct. of Common Pleas, OH)  (forced-placed auto insurance); Deal, et al., v. New York Life Insurance Company, et al., Civil Action No. 94-8938 (Allegheny Co. Ct. of Common Pleas, PA) (churning life insurance sales practices); and Marrs, et al. v. New York Life Insurance Company, Civil Action No. 94- 2037 (Allegheny Co. Ct. of Common Pleas, PA) (retirement life insurance sales practices).


**Megan Faust-Craig**

Megan Faust-Craig was graduated from Washington & Jefferson College and from Dickinson School of Law.  She is admitted to practice before the Courts of Pennsylvania and the United States District Court for the Western District of Pennsylvania.  Ms. Craig is a member of the Allegheny County Bar Association, the Washington County Bar Association, the Association of Trial Lawyers of America, the Pennsylvania Bar Association and the American Bar Association.  Ms. Craig has been actively involved in various civic activities in Washington County, Pennsylvania, including the Board of Directors of the Brownson House, Inc., for which she is the chairperson of the Volunteer Committee; the Board of Directors of the Fairhill

Manor Christian Church, for which she is the chairperson of the By-Law Committee and serves as a deacon; and the Travelers Protective Association. Since admission to the bar, Ms. Craig has been a litigator practicing in the fields of general litigation, personal injury and workers' compensation. Since joining Specter Specter Evans & Manogue, Ms. Craig's practice has also included securities and antitrust law, primarily in national class action cases. Ms. Craig has participated in class action litigation including In re Flat Glass Antitrust Litigation, No. 97-550 (W.D. Pa.); and In re Graphite Electrodes Antitrust Litigation, MDL No. 1244, Master File No. 97-CV-4182 (E.D. Pa.)

THE LAW FIRM OF
RICHARDSON, PATRICK, WESTBROOK & BRICKMAN, LLC

Richardson, Patrick, Westbrook and Brickman, L.L.C. ("RPWB") was formed in February 2002. RPWB attorneys have appeared as class counsel in numerous actions, both before the formation of RPWB and afterward. RPWB attorneys have served on the Plaintiffs Steering Committee in *In re: Showa Denko K.K. L-Tryptophan Products Liability Litigation* (No. II), MDL NO. 865 (filed December 7, 1990), and have served as class counsel in *Central Wesleyan College v. W.R. Grace & Company*, 6 F.3d 177 (4th Cir. 1993). RPWB attorneys have also appeared as Co-Lead in *In re: Columbia/HCA Healthcare Corporation Billing Practices Litigation*, No. 3-98-MDL-1227, and class counsel in *Laborers District Council of Alabama Health and Welfare Fund Carpenters Local No. 127 Health and Welfare Fund et al. v. Clinical Laboratory Service, Inc. d/b/a Damon Clinical Laboratories, Inc. et al.*, Civ. Action No.CV-97-C-629-W Class Action.

RPWB is very active in the field of consumer finance litigation. RPWB is counsel of record or co-counsel in over thirty class actions in Colorado, Illinois, Indiana, Maryland, Michigan, North Carolina, New Jersey, Pennsylvania, Tennessee, Virginia, and Washington involving allegations of violation of state laws by second mortgage lenders. RPWB attorneys have been appointed as class counsel in the consumer lending class actions *Dundon et al. v. Firstplus Bank et al.*, Civil No. 01-408-GPM (S.Il) and *Hill v. FirstPlus Bank*, Class Action No. 02CC00296 (Orange County, Ca.).

Attorney A. Hoyt Rowell, III was born September 5, 1948 in Columbia, South Carolina. He is a member of RPWB and practices in the areas of Class Actions; Products Liability; Pharmacists Liability; Drug and Medical Device Litigation; Consumer Finance; Insurance Products; Toxic Torts; Pollution; Complex Litigation. He was admitted to practice law in 1973 in South Carolina and is also admitted in the U.S. District Court, District of South Carolina. He attended the University of South Carolina, law school, attaining his J.D. in 1973. He obtained his B.A. cum laude from the University of South Carolina, B.A. in 1970. Mr. Rowell is a member of the South Carolina Bar; American Bar Association; The Association of Trial Lawyers of America; and is a Past President of the South Carolina Trial Lawyers Association. Mr. Rowell is a Phi Beta Kappa; a member of the Order of the Wig and Robe, and served on the Editorial Board of the University of South Carolina Law Review in 1972-1973. From 1973 to 1975, Mr. Rowell was Law Clerk for the Honorable Sol Blatt, Jr., U.S. District Court, District of South Carolina. He is a Permanent Member of the Judicial Conference, U.S. Court of Appeals, Fourth Circuit.

Attorney Daniel O. Myers was born September 12, 1963 in Livonia, Michigan. He is an associate at RPWB and practices in the areas of Class Actions; Consumer Class Actions; Consumer Fraud; Civil Litigation; Complex Litigation. He was admitted to practice law in 1993 in Michigan and in 1998 in South Carolina. He is also admitted to practice in the U.S. District Courts for the Northern and Southern Districts of Indiana, the U.S. Court of Appeals, Seventh Circuit and the U.S. District Court for the Western District of Michigan. Mr. Myers attended the University of Notre Dame Law School, attaining his J.D. in 1993. He attended Michigan State University, attaining a B.A. in 1985 and an M.A. in Journalism in 1990.He is a member of the Charleston County Bar Association; the State Bar of Michigan; the South Carolina Bar; the

American Bar Association (Member, Litigation Section) and the American Trial Lawyers Association. He was law clerk to the Hon. William G. Hussman, U.S. Magistrate Judge, from 1993-1996

Attorney T. Christopher Tuck was born in Winston-Salem, North Carolina, January 6, 1972. He is an Associate at RPWB and practices in the areas of Complex and Multi-District Litigation and Mass Torts. He was admitted to practice in the state of Wisconsin in 1996 and in South Carolina in 1999. He has also been admitted before the U.S. District Court, Eastern District of Wisconsin, the U.S. District Court, District of South Carolina and the U.S. Court of Appeals, Seventh and Fourth Circuits. Mr. Tuck attended Marquette University law school, attaining his J.D. in 1996. "He is a 1993 graduate of the University of North Carolina at Chapel Hill, B.A., 1993. He is a member of the South Carolina Bar; State Bar of Wisconsin, the American Bar Association, the Association of Trial Lawyers of America, the Wisconsin Academy of Trial Lawyers, the South Carolina Trial Lawyers Association, and the Public Investors Arbitration Bar Association. Mr. Tuck was a member of the Marquette Law Review, 1995-1996 and a member of the Marquette Sports Law Journal, 1994-1996.

Attorney Kevin L. Oufnac, was born in New Orleans, Louisiana, January 15, 1969 and is an Associate at RPWB where he practices in the areas of Products Liability; Consumer Fraud; Pharmacists Liability; Drug and Medical Device Litigation; Deceptive Trade Practices; Commercial Litigation; Class Actions; Mass Torts; Complex Litigation; Civil Litigation. Mr. Oufnac was admitted to practice in 1995 in Louisiana and in 1997 in South Carolina. He also admitted in the U.S. District Court, Eastern District of Louisiana and the U.S. District Court, District of South Carolina. Mr. Oufnac attended Tulane University (B.A., 1991) and Loyola University (J.D., 1995). He is a member of the Charleston County Bar Association, the Louisiana State Bar Association, the South Carolina Bar, the American Bar Association, the Association of Trial Lawyers of America.

Attorney Matthew J. Thiesing is an Associate at RPWB where he practices in the areas of Class Actions; Toxic Torts; Commercial Litigation; Mass Torts; Complex Litigation; Personal Injury. Mr. Thiesing was born in Wichita, Kansas, November 15, 1972 and admitted to practice in Kansas in 1998; in Missouri in 1999, and in South Carolina in 2002. He is a graduate of the University of Kansas (B.A., with distinction, Phi Beta Kappa, Departmental Honors in Environmental Studies, 1995) and Washburn University (J.D., with Dean's Honors, 1998). He is a member of the Kansas Bar Association, The Missouri Bar and the South Carolina Bar.

# Exhibit B

### DISCLOSURE REQUIRED BY THE FEDERAL TRUTH-IN-LENDING ACT
### AND THE FEDERAL RESERVE REGULATION Z
### FOR SECTION 226.32 MORTGAGES

Lender Name: COMMUNITY BANK OF NORTHERN VIRGINIA
11417 SUNSET HILLS RD STE#228
RESTON, VA 20190

Date: April 23, 1999

Re: SLK-68509

Borrower(s)   BRIAN W. KESSLER and CARLA M. KESSLER

Property Address: 6466 RT 908
Tarentum, PA 15084

You are not required to complete this agreement merely because you have received these disclosures or have signed a loan application. If you obtain this loan, the lender will have a mortgage on your home. You could lose your home, and any money you have put into it, if you do not meet your obligations under the loan.

The annual percentage rate on your loan will be   17.841 %.

Your regular Monthly   payment will be $ 456.23   .

☐ Your interest rate may increase. Increases in the interest rate could increase your payment. The highest amount your payment could increase is to $   N/A   .

I/We acknowledge we have read and received, seventy-two hours prior to settlement, a copy of this disclosure statement.

_____ 04/23/99
BRIAN W. KESSLER                Date

_____ 04/23/99
CARLA M. KESSLER                Date

_____
Date

_____
Date

_____
Date

_____
Date

_____
Date

_____
Date

## DISCLOSURE REQUIRED BY THE FEDERAL TRUTH-IN-LENDING ACT
## AND THE FEDERAL RESERVE REGULATION Z
## FOR SECTION 226.32 MORTGAGES

Lender Name: Guaranty National Bank of Tallahassee          Date:  August  8, 2000
              11417 Sunset Hills Road, Ste 105
              Reston, VA 20190
                                                            Re:  DMF-257441
Borrower(s)   KATHLEEN A. ULRICH and RUSSELL K. ULRICH


Property Address: 515 FIELDCREST DR
                  Pittsburgh, PA 15209

---

You are not required to complete this agreement merely because you have received these disclosures or have
signed a loan application.  If you obtain this loan, the lender will have a mortgage on your home.  You could lose
your home, and any money you have put into it, if you do not meet your obligations under the loan.

The annual percentage rate on your loan will be    15.469 %.

Your regular  Monthly  payment will be $   528.04

☐ Your interest rate may increase.  Increases in the interest rate could increase your payment.
  The highest amount your payment could increase is to $    N/A

---

I/We acknowledge we have read and received, three business days prior to settlement, a copy of this disclosure
statement.

_Kathleen Ulrich_  8/8/00          _Russell K. Ulrich_  8/8/00
KATHLEEN A. ULRICH        /Date          RUSSELL K. ULRICH        /Date

_____                    _____
                          Date                                    Date

_____                    _____
                          Date                                    Date

_____                    _____
                          Date                                    Date

LaserDoc (TM) by Delphi Information Sciences Corp.  EP017.0500

**DISCLOSURE REQUIRED BY THE FEDERAL TRUTH-IN-LENDING ACT
AND THE FEDERAL RESERVE REGULATION Z
FOR SECTION 226.32 MORTGAGES**

Lender Name: Guaranty National Bank of Tallahassee          Date:  May 31, 2000
11417 Sunset Hills Road, Ste 105
Reston, VA 20190
                                                                              Re:  EGJH-227907
Borrower(s)   REGINA A. TERRY and PAUL C. TERRY


Property Address: 7413 TOPAZ COVE
Memphis, TN 38125

---

You are not required to complete this agreement merely because you have received these disclosures or have signed a loan application.  If you obtain this loan, the lender will have a mortgage on your home.  You could lose your home, and any money you have put into it, if you do not meet your obligations under the loan.

The annual percentage rate on your loan will be   15.971 %.

Your regular  Monthly  payment will be $  720.81  .

[ ] Your interest rate may increase.  Increases in the interest rate could increase your payment.  The highest amount your payment could increase is to $   N/A   .

---

I/We acknowledge we have read and received, three business days prior to settlement, a copy of this disclosure statement.

_____  5/31/00          _____  5/31/00
REGINA A. TERRY          Date                PAUL C. TERRY          Date

_____                    _____
                          Date                                      Date

_____                    _____
                          Date                                      Date

_____                    _____
                          Date                                      Date

LaserDoc (TM) by Delphi Information Sciences Corp.  EP017.0500

**DISCLOSURE REQUIRED BY THE FEDERAL TRUTH-IN-LENDING ACT**
**AND THE FEDERAL RESERVE REGULATION Z**
**FOR SECTION 226.32 MORTGAGES**

Lender Name:  COMMUNITY BANK OF NORTHERN VIRGINIA
11417 SUNSET HILLS RD STE#228
RESTON, VA 20190

Date: May 28, 1999

Re: BKC-76412

Borrower(s)    REGINA A. TERRY and PAUL C. TERRY

Property Address:  7413 TOPAZ COVE
Memphis, TN 38125

You are not required to complete this agreement merely because you have received these disclosures or have signed a loan application.  If you obtain this loan, the lender will have a mortgage on your home.  You could lose your home, and any money you have put into it, if you do not meet your obligations under the loan.

The annual percentage rate on your loan will be    19.859 %.

Your regular Monthly    payment will be $ 411.96

☐ Your interest rate may increase.  Increases in the interest rate could increase your payment. The highest amount your payment could increase is to $    N/A

I/We acknowledge we have read and received, seventy-two hours prior to settlement, a copy of this disclosure statement.

_Regina A. Terry_ _____ 05/28/99
REGINA A. TERRY _____ Date

_Paul C. Terry_ _____ 05/28/99
PAUL C. TERRY _____ Date

_____ Date          _____ Date

_____ Date          _____ Date

_____ Date          _____ Date

LaserDoc (TM) by Delphi Information Sciences Corp.  EP017.0399

### DISCLOSURE REQUIRED BY THE FEDERAL TRUTH-IN-LENDING ACT
### AND THE FEDERAL RESERVE REGULATION Z
### FOR SECTION 226.32 MORTGAGES

Lender Name: COMMUNITY BANK OF NORTHERN VIRGINIA       Date:   October 15, 1999
11000 BROKEN LAND PKW.
Columbia, MD 21044

Re: · NCG223352

Borrower(s)   ELLEN M. SABO and WILLIAM L. SABO JR

Property Address: 3812 CAMBRIA STREET
HOMESTEAD, PA 15120-3114

---

You are not required to complete this agreement merely because you have received these disclosures or have signed a loan application. If you obtain this loan, the lender will have a mortgage on your home. You could lose your home, and any money you put into it, if you do not meet your obligations under the loan.

The annual percentage rate on your loan will be   17.390 %.

Your regular   Monthly   payment will be $   483.88

☐   Your interest rate may increase. Increases in the interest rate could increase your payment. The highest amount your payment could increase is to $   N/A.

---

I/We acknowledge we have read and received a copy of this disclosure statement at least three (3) business days prior to closing.

_Ellen M Sabo_                  10/15/99          _William L Sabo Jr_      10/15/99
ELLEN M. SABO                          Date          WILLIAM L. SABO JR                Date


_____                              _____
                           Date                                                  Date


_____                              _____
                           Date                                                  Date


_____                              _____
                           Date                                                  Date


LaserDoc (TM) by Delphi Information Sciences Corp.  DE206-32.0699

## TRUTH-IN-LENDING DISCLOSURE  (FOR SECTION 32 MORTGAGES)

Date: 9/9/2000

| NAME(S)/ADDRESS(ES) OF BORROWER(S) ("Borrower," "you" or "your") | NAME(S)/ADDRESS(ES) OF LENDER (CREDITOR) ("Lender," "us" or "our") |
|---|---|
| PATRICE M PORCO<br>805 CENTER AVE<br>PITTSBURGH, PENNSYLVANIA 15202 | Guaranty National Bank of Tallahassee<br>11417 Sunset Hills Road, Suite 105<br>RESTON, VIRGINIA 20190 |

| PROPERTY ADDRESS | LOAN NUMBER |
|---|---|
| 805 CENTER AVE<br>PITTSBURGH, PENNSYLVANIA 15202 | GLP-01-0000008354 |

### NOTICE

You are not required to complete this agreement merely because you have received these disclosures or have signed a loan application. If you obtain this loan, the Lender will have a mortgage on your home. You could lose your home and any money you have put into it, if you do not meet your obligations under the loan.

The Annual Percentage Rate on your loan will be    **16.7196 %.**

Your regular     **Monthly**     payment schedule will be:
                   [frequency]

| NO. OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE BEGINNING |
|---|---|---|
| 179 | $ 376.85 | 10/14/2000 |
| 1 | $ 374.71 | 9/14/2015 |
|  | $ |  |
|  | $ |  |
|  | $ |  |
|  | $ |  |

Variable rate is  ☐ applicable  or  ☒ not applicable.

If "applicable" is checked, your interest rate may increase. Increases in the interest rate could increase your payment. For example, based on your loan amount of $                           with an initial interest rate of                %, the maximum amount the interest rate can rise under this program is                percentage points, to                %. The monthly payment can rise from a first-year payment of $                           to a maximum of $ in the                year.

SIGNATURES

By signing below you acknowledge receipt of a completed copy of this disclosure. You understand that this is not a contract and does not reflect all of the terms and conditions of the mortgage transaction to which the disclosures in this form relate.

I/We acknowledge we have read and received, 3 days prior to settlement, a copy of this disclosure statement.

X _Patrice M. Porco_        9/9/00        X _____
PATRICE M PORCO        DATE        DATE

X _____        X _____
        DATE        DATE

© GREATLAND 1995
ITEM 632BL0 (9507H)

GREATLAND ■
To Order Call: 1-800-530-9393 □ Fax 616-791-1131

**DISCLOSURE REQUIRED BY THE FEDERAL TRUTH-IN-LENDING ACT
AND THE FEDERAL RESERVE REGULATION Z
FOR SECTION 226.32 MORTGAGES**

Lender Name: COMMUNITY BANK OF NORTHERN VIRGINIA
    11417 SUNSET HILLS RD STE#228
    RESTON, VA 20190

Date: April 30, 1999

Re: BCKB-62153

Borrower(s)   NORA H. MILLER

Property Address: 1610 SAHARA STREET
               Buena Vista, PA 15018

---

You are not required to complete this agreement merely because you have received these disclosures or have signed a loan application. If you obtain this loan, the lender will have a mortgage on your home. You could lose your home, and any money you have put into it, if you do not meet your obligations under the loan.

The annual percentage rate on your loan will be   15.590 %.

Your regular Monthly   payment will be $ 419.06   .

☐  Your interest rate may increase. Increases in the interest rate could increase your payment. The highest amount your payment could increase is to $   N/A   .

---

I/We acknowledge we have read and received, seventy-two hours prior to settlement, a copy of this disclosure statement.

_____ 04/30/99             _____
NORA H. MILLER        Date                      Date

_____                  _____
                   Date                      Date

_____                  _____
                   Date                      Date

_____                  _____
                   Date                      Date

LaserDoc (TM) by Delphi Information Sciences Corp.  EP017.0399

## DISCLOSURE REQUIRED BY THE FEDERAL TRUTH-IN-LENDING ACT
## AND THE FEDERAL RESERVE REGULATION Z
## FOR SECTION 226.32 MORTGAGES

Lender Name:  COMMUNITY BANK OF NORTHERN VIRGINIA                Date: November 30, 1999
              11417 SUNSET HILLS RD STE#228
              RESTON, VA 20190
                                                                 Re: BOJCH-147392
Borrower(s)   REBECCA J. PICARD and JOHN J. PICARD


Property Address:  5214 BECKY DR
                   PITTSBURG, PA 15236

---

You are not required to complete this agreement merely because you have received these disclosures or
have signed a loan application.  If you obtain this loan, the lender will have a mortgage on your home.  You
could lose your home, and any money you have put into it, if you do not meet your obligations under the
loan.

   The annual percentage rate on your loan will be    18.416 %.

   Your regular Monthly    payment will be $ 670.07

   [ ]  Your interest rate may increase.  Increases in the interest rate could increase your payment.
        The highest amount your payment could increase is to $    N/A

---

I/We acknowledge we have read and received, seventy-two hours prior to settlement, a copy of this disclosure
statement.


_Rebecca Picard_  11/30/99          _John Picard_           11-30-99
REBECCA J. PICARD        Date        JOHN J. PICARD              Date


_____             _____
                         Date                                   Date


_____             _____
                         Date                                   Date


_____             _____
                         Date                                   Date

Date: 6/7/2001

## TRUTH-IN-LENDING DISCLOSURE  (FOR SECTION 32 MORTGAGES)

| NAME(S)/ADDRESS(ES) OF BORROWER(S) ("Borrower," "you" or "your") | NAME(S)/ADDRESS(ES) OF LENDER (CREDITOR) ("Lender," "us" or "our") |
|---|---|
| THOMAS T. MATHIS<br>1435 LASALLE AVE<br>PITTSBURGH, PENNSYLVANIA 15216 | Guaranty National Bank of Tallahassee<br>4501 Singer Court, Third Floor<br>CHANTILLY, VIRGINIA 20151 |

| PROPERTY ADDRESS | LOAN NUMBER |
|---|---|
| 1435 LASALLE AVE<br>PITTSBURGH, PENNSYLVANIA 15216 | RDL-01-0000092494 |

### NOTICE

You are not required to complete this agreement merely because you have received these disclosures or have signed a loan application. If you obtain this loan, the Lender will have a mortgage on your home. You could lose your home and any money you have put into it, if you do not meet your obligations under the loan.

The Annual Percentage Rate on your loan will be    17.2411 %.

Your regular    **Monthly**    payment schedule will be:
[frequency]

| NO. OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE BEGINNING |
|---|---|---|
| 299 | $ 320.02 | 7/13/2001 |
| 1 | $ 299.60 | 6/13/2026 |
|  | $ |  |
|  | $ |  |
|  | $ |  |
|  | $ |  |

Variable rate is    ☐ applicable  or  ☒ not applicable.

If "applicable" is checked, your interest rate may increase. Increases in the interest rate could increase your payment. For example, based on your loan amount of $              with an initial interest rate of              %, the maximum amount the interest rate can rise under this program is              percentage points, to              %. The monthly payment can rise from a first-year payment of $              to a maximum of $              in the              year.

SIGNATURES

By signing below you acknowledge receipt of a completed copy of this disclosure. You understand that this is not a contract and does not reflect all of the terms and conditions of the mortgage transaction to which the disclosures in this form relate.
I/We acknowledge we have read and received, 3 days prior to settlement, a copy of this disclosure statement.

X _____ 6-7-01    X _____
THOMAS T. MATHIS                DATE                                              DATE

X _____    X _____
                DATE                                              DATE

© GREATLAND 1995
ITEM 8329LO (9607FI)

GREATLAND ■
To Order Call: 1-800-530-9393☐ Fax: 616-791-1131

# Exhibit 25 to Declaration

## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT of PENNSYLVANIA

| | |
|---|---|
| IN RE: COMMUNITY BANK OF NORTHERN VIRGINIA MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1674<br><br>Hon. Gary L. Lancaster |

THIS DOCUMENT RELATES TO THESE ACTIONS:

| | |
|---|---|
| IN RE:<br>COMMUNITY BANK OF NORTHERN VIRGINIA AND GUARANTY NATIONAL BANK OF TALLAHASSEE SECOND MORTGAGE LOAN LITIGATION | Case No. 03-425<br><br>Electronically Filed |

### DECLARATION OF R. BRUCE CARLSON IN SUPPORT
### OF MODIFIED AND ENHANCED SETTLEMENT

1.      This Declaration is offered to describe the strategy of class counsel with respect to the Modified and Enhanced Settlement Agreement entered by the Settling Parties on or before August 10, 2006.

2.      I am an attorney based in Sewickley, Pennsylvania who has served as co-lead counsel in the consolidated cases pending before this Court at Civil Action No. 03-425.

**A.    Class Counsel's Support For The Original Proposed Settlement**

3.      I have previously submitted a Declaration dated November 11, 2003 in support of the original proposed settlement which described, among other things, the history of the litigation, counsel's investigation of the alleged claims, certain strengths and weaknesses of the alleged claims and counsel's dealings with certain of the various objectors.

4.      After the Third Circuit remanded this matter to the District Court, class counsel filed additional materials in support of the original proposed settlement.

5.      On March 31, 2006, class counsel filed Plaintiffs' Brief Addressing The

Third Circuit Mandate That The Record Be Supplemented On Remand.

6.    On March 31, 2006, class counsel filed Plaintiffs' Supplemental Compendium of Exhibits in Support of Certification of a Settlement Class and in Support of Fairness, Adequacy and Reasonableness of Settlement, which included my Supplemental Declaration dated March 30, 2006 further detailing the investigation and strategy of class counsel in pursuing the consolidated litigation.

7.    On April 21, 2006, class counsel filed Plaintiffs' Supplemental Brief Addressing the Third Circuit Mandate that the Record be Supplemented on Remand.

8.    In addition to these filings, class counsel secured the opinions of two distinguished experts which reinforced the reasonable, strategic judgments of class counsel in the consolidated litigation and in support of the Original Settlement.    A copy of the Declaration of Linda Mullenix is attached to this Declaration as Exhibit A.    A copy of the Affidavit of Jonathan R. Macey is attached to this Declaration as Exhibit B.

**A.    The Genesis Of The Modified And Enhanced Settlement**

9.    Class counsel have consistently maintained that the original proposed settlement was fair, adequate and reasonable, and that the original proposed settlement class satisfied all of the applicable requirements of Federal Rule of Civil Procedure 23.

10.    However, commencing in late August 2005, shortly after this matter was remanded to the District Court by the Third Circuit, class counsel began discussions with defense counsel regarding the nature of the proceedings on remand and as a means to explore a potential mediation among the settling parties and the objectors, including the pursuit of a potential modification and enhancement to the original settlement.

11.    In light of the Third Circuit's ruling and the uncertainty it created, the settling

parties engaged former Judge Timothy K. Lewis as a mediator and met with him on October 24,

2005 in Pittsburgh, Pennsylvania.

12.    Class counsel's position regarding a modification and enhancement was in no

way related to any perceived deficiency regarding the original proposed settlement.

13.    Instead, class counsel determined that irrespective of their beliefs regarding the

merit of the original proposed settlement, the Third Circuit Opinion presented an opportunity to

potentially obtain additional relief for the class and, accordingly, class counsel sought to pursue a

modification and enhancement of the settlement in light of the uncertainty and in a manner that

would secure additional potential relief which class counsel believed to be in the best interests of

the class.

14.    Therefore, class counsel pursued parallel tracks of supplementing the record in

support of the original proposed settlement (as suggested by the Third Circuit ), on the one hand,

and pursuing a modification and enhancement, on the other hand.  Class counsel recognized that

any supplementation of the record in support of the original settlement would also support a

potential modified and enhanced settlement.

15.    Class counsel believed that irrespective of their views regarding the lack of

merit to the objectors' opposition to the original proposed settlement, it would be in the best

interest of the class to include the objectors in any negotiation of a modification and

enhancement (if possible), so that if a global settlement could be successfully negotiated,

substantial settlement payments could be made to the class without further delay.

16.    Therefore, after remand, class counsel approached both defense counsel and

counsel for the objectors about the possibility of submitting to mediation to explore the possibility of reaching a global settlement.

17.    Ultimately, counsel for the Settling Parties and counsel for the Objectors agreed to submit to mediation before former Judge Nicholas Politan (U.S. District Court for New Jersey, retired).  The mediation occurred in Florida on March 9 and 10, 2006, but Judge Politan's best efforts notwithstanding, the mediation was unsuccessful.

18.    Thereafter, at the same time that the Settling Parties and Objectors briefed the issue of the "viability" of the theoretical TILA/HOEPA claims discussed in the Third Circuit's opinion, consistent with the scheduling order entered by the District Court after remand, class counsel and defense counsel continued to discuss a potential modification and enhancement to the original settlement.

19.    Even though class counsel have always maintained that all of the objections to the original proposed settlement were without merit, in their discussions with defense counsel regarding a potential modification and enhancement to the settlement, class counsel asserted that any modification and enhancement would need to directly address the Third Circuit's concern about the possibility that the TILA/HOEPA claims posited by the Objectors had not been raised by class counsel "during negotiations of the settlement." In re Community Bank of Northern Virginia and Guaranty National Bank of Tallahassee Second Mortgage Loan Litigation, 418 F.3d 277, 303 (3d Cir. 2005).

20.    As explained previously, class counsel specifically considered the possibility of asserting the posited TILA/HOEPA claims and, in light of their investigation and in light of the obstacles to those claims, including the potential statute of limitations defense, made a strategic decision not to assert the TILA/HOEPA claims in the consolidated cases. See

Plaintiffs' Supplemental Compendium of Exhibits in Support of Certification of a Settlement

Class and in Support of Fairness, Adequacy and Reasonableness of Settlement, including the

Supplemental Declaration of Bruce Carlson and the Affidavit of Brian Thomas Affidavit. Class

counsel insisted upon two requirements for any modification and enhancement that were non-

negotiable: a) the requirement that an experienced mediator oversee the negotiations regarding

a potential modification and enhancement; and, 2) the requirement that any modification and

enhancement would have to be sufficient to provide adequate additional compensation for the

out-of-pocket damages alleged by the Objectors in connection with the TILA/HOEPA claims –

even though the Settling Parties believed these hypothetical claims to be without merit.

     21.     Following the completion of the "viability" briefing before the District Court on

remand, class counsel and the Defendants attended a mediation with former judge Timothy K.

Lewis in Washington D.C. on July 6, 2006. The mediation continued via telephonic meetings at

various times over the course of the following 11 days. The Settling Parties, with the substantial

assistance of Judge Lewis, reached the material terms of a modification and enhancement to the

original settlement on or about July 17, 2006.

     22.     On July 24 and 25, 2006, after having reached a mediated enhancement and

modification to the original proposed settlement agreement, the Settling Parties participated in a

separate mediation with Judge Lewis in Pittsburgh regarding attorneys' fees.

     23.     In negotiating the modification and enhancement to the original proposed

settlement, class counsel, with the active participation of a seasoned mediator who is a former

judge who sat on both the District Court and the Third Circuit, directly addressed the Third

Circuit's concern regarding the assertion of the hypothetical TILA/HOEPA claims in settlement

negotiations. The Settling Parties agreed to additional monetary relief for the Class that is a

significant percentage of the out-of-pocket damages alleged by the Objectors in connection with the TILA/HOEPA claims.

I declare the foregoing to be true and correct under the penalty of perjury pursuant to the laws of the United States.

EXECUTED this 16th day of January, 2007 at Sewickley, Pennsylvania.

R. Bruce Carlson, Pa. I.D. #56657