UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| Residential Capital, LLC, et al., | ) ) ) | Case No. 12-12020 (MG) |
|  | ) ) | (Jointly Administered) |
| Debtors. | ) ) |  |

**THIRD SUPPLEMENTAL DECLARATION OF JAMES W. McAVEENEY IN SUPPORT OF THE DEBTORS' APPLICATION TO RETAIN AND EMPLOY KPMG LLP AS TAX COMPLIANCE PROFESSIONALS AND INFORMATION TECHNOLOGY ADVISORS NUNC PRO TUNC TO THE PETITION DATE**

I, James W. McAveeney, hereby affirm:

1. I am a principal of KPMG LLP, a professional services firm ("KPMG"). KPMG is the United States member firm of KPMG International, a Swiss cooperative. I submit this declaration (the "Third Supplemental Declaration") to supplement the disclosures contained in: (a) my Declaration, dated July 25, 2012 [Docket No. 910] (the "Initial Declaration") in support of the application (the "Application")[1] of the above-captioned debtors and debtors in possession (the "Debtors"), for entry of an order, pursuant to sections 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), authorizing the Debtors to retain and employ KPMG as tax compliance professionals and information technology advisors to the Debtors *nunc pro tunc* to the Petition Date; (b) my Declaration, dated August 7, 2012 [Docket No. 1045], in further support of the

---

[1] Capitalized terms used herein but not otherwise defined shall have those meanings set forth in the Application.

Application (the "First Supplemental Declaration"); (c) my Declaration, dated October 11, 2012, in further support of the Application [Docket No. 1803] (the "Second Supplemental Declaration"); and (d) the Declaration of Vikram Sharma, dated November 5, 2012, in further support of the Application [Docket No. 2058] (the "Sharma Declaration" and, together with the Initial Declaration, the First Supplemental Declaration, the Second Supplemental Declaration, and the Sharma Declaration, the "Prior Declarations").

2.    Except as otherwise indicated, all facts set forth in this Third Supplemental Declaration are based upon my personal knowledge. In addition, certain of the disclosures herein relate to matters within the knowledge of other professionals at KPMG.

3.    I submit this Third Supplemental Declaration to disclose that the Canadian member firm of KPMG International, KPMG LLP (Canada) ("KPMG Canada"), has been engaged by Motors Insurance Corporation ("Motors") and CoverageOne Corporation ("CoverageOne") to provide certain tax advisory and compliance services, including (a) preparing current and future income tax provisions for Motors and CoverageOne, (b) preparing income tax returns for Motors and CoverageOne, and (c) assisting with general compliance queries and corporate tax advisory queries of a general nature relating to various income and indirect tax matters (collectively, the "Tax Services"). Each of Motors and CoverageOne is a non-Debtor indirect subsidiary of the Debtors' parent, Ally Financial Inc. To my knowledge, the Tax Services is unrelated to the Debtors and the Debtors' bankruptcy cases.

4.    Furthermore, KPMG and KPMG Canada are separate legal entities, and are not affiliates of one another, as each firm is owned by separate equityholders, and neither firm is a direct or indirect owner of the other. Both are member firms of KPMG International, a Swiss cooperative. Accordingly, I do not believe that the work to be done by KPMG Canada

results in KPMG holding or representing any interest adverse to the Debtors' estates that would impair KPMG's ability to objectively perform professional services for the Debtors, in accordance with section 327 of the Bankruptcy Code.

5. As set forth in the Prior Declarations, to the best of my knowledge, KPMG remains a "disinterested person" as that terms is defined in section 101(14) of the Bankruptcy Code, in that, except as may be set forth herein or in the Prior Declarations, KPMG:

(a) is not a creditor, an equity security holder, or an insider of the Debtors;

(b) is not and was not, within two years before the date of filing of these chapter 11 cases, a director, officer, or employee of the Debtors; and

(c) does not have an interest materially adverse to the interest of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or for any other reason.

6. If and when additional information becomes available with respect to any other relationships that may exist between KPMG, foreign member firms of KPMG International, or their partners and professionals and the Debtors, creditors, or any other parties in interest which may affect these cases, supplemental declarations describing such information shall be filed with this Court.

7. This declaration is provided in accordance with section 327 of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 4th day of December, 2012

                                          _____
James W. McAveeney
Principal
KPMG LLP
303 E. Wacker Drive
Chicago, Illinois 60601-5255

- 4 -