BALLARD SPAHR LLP
Sarah Schindler-Williams
1735 Market St, 51st Floor
Philadelphia, PA 19103
Telephone: (215) 864-8638
Facsimile: (215) 864-8999

*Counsel for PNC Bank, N.A.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
In re:                                                       : Chapter 11
                                                             :
Residential Capital, LLC, et al.,                            :
                                                             :
                                                             : Case No. 12-12020 (MG)
                        Debtors.                             :
                                                             :
                                                             : Jointly Administered
------------------------------------------------------------ x

**RESPONSE AND RESERVATION OF RIGHTS OF PNC BANK, N.A.
TO MOTION OF ROWENA DRENNAN, FLORA GASKIN, ROGER TURNER,
CHRISTIE TURNER, JOHN PICARD, AND REBECCA PICARD
TO APPLY BANKRUPTCY RULE 7023 AND TO CERTIFY CLASS CLAIMS**

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

PNC Bank, N.A. ("**PNC**") by and through its undersigned counsel, submits this response and reservation of rights (the "**Response**") concerning the Motion to Apply Bankruptcy Rule 7023 and to Certify Class Claims [Dkt. No. 2044] (the "**Bankruptcy Claims Certification Motion**" or "**Motion**")[1] filed in this Court by Rowena Drennan, Flora Gaskin, Roger Turner, Christie Turner, John Picard, and Rebecca Picard (the "**Putative Class Claimants**") on November 2, 2012. In support of the Response, PNC respectfully states as follows:

---

[1] Capitalized terms not otherwise defined herein shall have the same meanings as ascribed to them in the Bankruptcy Claims Certification Motion or its accompanying Memorandum (as defined below).

1.  On May 14, 2012 (the "**Petition Date**"), the above-captioned debtors and debtor-in-possession (the "**Debtors**") filed for bankruptcy protection in this Court.

2.  Prior to the Petition Date, one of the Debtors, Residential Funding Company, LLC ("**RFC**") was participating as a named defendant, along with PNC, in multi-district litigation filed in the Western District of Pennsylvania under the caption, *In re Community Bank of Northern Virginia Second Mortgage Lending Practice Litigation*, MDL No. 1674, Case Nos. 03-0425, 02-01201, 05-0688, 051386 (the "**MDL**"). Following the Petition Date, the MDL was stayed solely as to RFC.

3.  On November 14, 2012, PNC filed a proof of claim number 4760 in RFC's bankruptcy case concerning PNC's claims against RFC that may arise as a result of the MDL.

4.  The Putative Class Claimants are certain of the named "41 lead plaintiffs" in the MDL. (Mot'n at ¶ 1.)

5.  As indirectly noted in the Memorandum of Law submitted in support of the Bankruptcy Claims Certification Motion [Dkt. No. 2045] (the "**Memorandum**"), the Putative Class Claimants "*seek* to represent" a putative class of borrowers whose loans were assigned to RFC. (Mem. at 1 (emphasis added).) However, such a class was "not technically certified prepetition" in the MDL (Mem. at 18,) nor has the issue been (technically or actually) litigated or decided in the MDL since the Petition Date.[2]

6.  PNC takes no position on the Bankruptcy Claims Certification Motion to the extent it is submitted for the sole and limited purpose of pursuing and litigating the validity of

---

[2]  The Putative Class Claimants' reference to the Third Circuit's "virtual" rulings on class certification arose in the context of that Court's review of proposed settlements reached between certain of the MDL plaintiffs and defendants where class certification – for settlement purposes only – was not contested by PNC or other defendants and which settlements were ultimately denied by the Third Circuit. (*See* Mem. at 18 (citing Third Circuit rulings).)

the "Class Proofs of Claim" in the Debtors' bankruptcy proceedings. Nor does PNC take any position on the law the Putative Class Claimants have cited in the Memorandum. However, PNC reserves any and all rights to object to any request for class certification in the MDL.[3]

7. PNC does not believe that this Court has jurisdiction to issue any determination on class certification that would otherwise be binding in the MDL pending before Judge Lancaster in the Western District of Pennsylvania. However, for the avoidance of doubt and out of an abundance of caution, PNC respectfully requests that the Court expressly limit any order granting the relief requested in the Bankruptcy Claims Certification Motion (if the Court is inclined to grant the Motion) by including in such order language to the following effect:

> The Motion is granted for the sole purpose of permitting the filing, litigating and defending of the Proofs of Class Claims against the Debtors in these bankruptcy proceedings. No findings of fact or conclusions of law are made as to the merits or propriety of class certification under Fed. R. Civ. P. 23 in the putative class action pending in the Western District of Pennsylvania under the case captioned *In re Community Bank of Northern Virginia Second Mortgage Lending Practice Litigation*, MDL No. 1674, Case Nos. 03-0425, 02-01201, 05-0688, 051386 (the "MDL"). Nothing contained herein shall bind or be deemed to prejudice any party to the MDL with respect to any opposition to class certification (a) in the MDL or (b) for any purpose other than the filing and litigation of the Proofs of Class Claim in these proceedings.

8. PNC believes that this proposed language would avoid any confusion or unnecessary litigation in the Debtors' bankruptcy proceedings or the MDL while appropriately addressing what PNC believes is the intent of the Putative Class Claimants' request in these proceedings "to pursue the Class Claims on behalf of the Putative Class." (Mot'n at ¶ 8.)

---

[3] Through its MDL counsel, PNC only received informal notice via Debtor's counsel of the Motion on November 26, 2012, following the Motion's stated objection deadline of November 12, 2012.

WHEREFORE, PNC hereby reserves any and all of its rights to contest class certification in the MDL and respectfully requests that the Court only address the Bankruptcy Claims Certification Motion subject to the relief requested herein, and grant such other and further relief as the Court deems just and proper.

Dated: December 4, 2012
Philadelphia, Pennsylvania

                            BALLARD SPAHR LLP

                            /s/ Sarah Schindler-Williams
                            Sarah Schindler-Williams (SW-8179)
                            1735 Market St, 51st Floor
                            Philadelphia, PA 19103
                            Telephone: (215) 665-8500
                            Facsimile: (215) 864-8999
                            schindlerwilliamss@ballardspahr.com

                            *Counsel for PNC Bank, N.A.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on or about December 4, 2012, I caused the foregoing document to be served by email on all parties registered for ECF service in these cases, counsel for the Putative Class Claimants, and the Monthly Service List, and by email and first class mail on all parties on the Debtors' Special Service List.

    /s/ Sarah Schindler-Williams_____
Sarah Schindler-Williams (SW-8179)

DMEAST #15998116 v2