**Hearing Date and Time: December 20, 2012 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: December 13, 2012 at 4:00 p.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Samantha Martin

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |

**NOTICE OF DEBTORS' MOTION FOR ORDER UNDER 11 U.S.C. §§ 105(a) AND 365(a), FED. R. BANKR. P. 6006 AND 9014 AND LOCAL BANKRUPTCY RULE 6006-1 AUTHORIZING ASSUMPTION OF UNEXPIRED LEASE**

**PLEASE TAKE NOTICE** that the undersigned have filed the attached *Motion for Order Under 11 U.S.C. §§ 105(a) and 365(a), Fed. R. Bankr. P. 6006 and 9014 and Local Bankruptcy Rule 6006-1 Authorizing Assumption of Unexpired Lease* (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion will take place on **December 20, 2012 at 10:00 a.m. (prevailing Eastern time)** before the Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **December 13, 2012 at 4:00 p.m. (Prevailing Eastern Time)**, upon (a) counsel for the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attn: Lorenzo Marinuzzi, Samantha Martin, and Melissa Crespo); (b) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attn: Tracy Hope Davis, Linda A. Riffkin, and Brian S. Masumoto); (c) the Office of the United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001 (Attn: US Attorney General, Eric H. Holder, Jr.); (d) Office of the New York State Attorney General, The Capitol, Albany, NY 12224-0341 (Attn: Nancy Lord, Esq. and Neal Mann, Esq.); (e) Office of the U.S. Attorney for the Southern District of New York, One St. Andrews Plaza, New York, NY 10007 (Attn: Joseph N. Cordaro, Esq.); (f) counsel for Ally Financial Inc., Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY 10022 (Attn: Richard M. Cieri); (g) counsel to Barclays Bank PLC, as administrative agent for the DIP lenders, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, NY 10036 (Attn: Ken Ziman & Jonathan H. Hofer); (h) counsel for the committee of unsecured creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attn: Kenneth Eckstein & Greg Horowitz); (i) counsel for Ocwen Loan Servicing, LLC, Clifford Chance US LLP, 31 West 52nd Street, New York, NY 10019 (Attn: Jennifer C. DeMarco and Adam Lesman); (j) Internal Revenue Service, P.O. Box

7346, Philadelphia, PA 19101-7346 (if by overnight mail, to 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-5016); and (k) Securities and Exchange Commission, New York Regional Office, 3 World Financial Center, Suite 400, New York, NY 10281-1022 (Attn: George S. Canellos, Regional Director).

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written objection to the relief requested in the Motion, the Bankruptcy Court may deem any opposition waived, treat the Motion as conceded, and enter an order granting the relief requested in the Motion without further notice or hearing.

Dated: December 6, 2012
New York, New York

Respectfully submitted,

/s/ Gary S. Lee
Gary S. Lee
Lorenzo Marinuzzi
Samantha Martin
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Debtors and Debtors in Possession*

**Hearing Date and Time: December 20, 2012 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: December 13, 2012 at 4:00 p.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Samantha Martin

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |

**DEBTORS' MOTION FOR ORDER UNDER 11 U.S.C. §§ 105(a) AND 365(a), FED. R. BANKR. P. 6006 AND 9014 AND LOCAL BANKRUPTCY RULE 6006-1 AUTHORIZING ASSUMPTION OF UNEXPIRED LEASE**

**TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors")[1], hereby move (the "Motion") for entry of an order under sections 105(a) and 365(a) of title 11 of the United States Code, as amended (the "Bankruptcy Code"), rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 6006-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the assumption of the unexpired lease set forth on Exhibit 1 annexed hereto (including any amendments, modifications, or other agreements related thereto, and without regard to whether such agreement, instrument or other document is listed on Exhibit 1, the "Lease"). In support of the Motion, the Debtors rely upon and incorporate by reference the Declaration of Erik Ferguson, Senior Vice President of Business Excellence at GMAC Mortgage, LLC, a copy of which is annexed hereto as Exhibit 2.

In support of this Motion, the Debtors represent as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory and legal predicates for the relief requested herein are Bankruptcy Code sections 105(a) and 365(a) and Bankruptcy Rules 6006 and 9014.

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Motions (the "Whitlinger Affidavit") [Docket No. 6].

## BACKGROUND

3. On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court for relief under Chapter 11 of the Bankruptcy Code. The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b). No trustee has been appointed in these Chapter 11 cases.

4. On May 16, 2012, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed a nine-member official committee of unsecured creditors (the "Creditors' Committee").

5. On June 20, 2012, the Court directed that an examiner be appointed [Docket No. 454], and on July 3, 2012, the Court approved Arthur J. Gonzalez as the examiner (the "Examiner") [Docket No. 674].[2]

6. At the hearing on November 18 and 19, 2012, the Court approved the sale of (i) the Debtors mortgage loan servicing and origination platform (the "Platform Sale") to Ocwen Loan Servicing, LLC ("Ocwen"), and (ii) the Debtors' legacy whole loan portfolio (the "Legacy Sale") to Berkshire Hathaway Inc. (together with Ocwen, the "Purchasers"), in each case subject to entry of the sale order.

---

[2] The Debtors are a leading residential real estate finance company indirectly owned by Ally Financial Inc. ("AFI"), which is not a Debtor. The Debtors and their non-debtor affiliates operate the fifth largest mortgage servicing business and the tenth largest mortgage origination business in the United States. A more detailed description of the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these bankruptcy cases, is set forth in the Whitlinger Affidavit.

## RELIEF REQUESTED

7. By this Motion, the Debtors respectfully request, pursuant to Bankruptcy Code sections 105(a) and 365(a), Bankruptcy Rules 6006 and 9014, and Rule 6006-1 of the Local Bankruptcy Rules for the Southern District of New York, that this Court enter an order, substantially in the form annexed hereto as Exhibit 3, authorizing the assumption of the Lease identified on Exhibit 1.[3] The landlord under the Lease has agreed to an extension of the December 10, 2012 deadline to assume or reject the Lease through the date the Court rules on this Motion. The Debtors submit that the assumption of the Lease is reasonable and represents an appropriate exercise of sound business judgment.

## BASIS FOR RELIEF

8. The Debtors currently are in the process of evaluating which of the Debtors' executory contracts and unexpired leases should be assumed and assigned to the Purchasers in connection with the Platform Sale and the Legacy Sale, or assumed to facilitate the Debtors' wind down activities. As part of this analysis, the Debtors have already determined that the Lease listed on Exhibit 1 is necessary to the Debtors' ongoing business operations and beneficial to the Debtors' estates.

9. The Lease, dated as of August 1, 2005 and subsequently amended, is by and between The Irvine Company, LLC, as landlord, and GMAC Mortgage, LLC, as

[3] Consistent with Bankruptcy Rule 6006(f), Exhibit 1 contains no more than 100 executory contracts and unexpired leases to be assumed. The Debtors are currently performing a review and evaluation of other executory contracts and unexpired leases that are not the subject of this Motion. As this process continues, the Debtors expect to identify additional contracts and leases to be assumed or rejected. Accordingly, the Debtors reserve the right to seek to assume or reject additional contracts and leases in the future. This Motion should not be construed as a determination that any contracts or leases not listed herein are to be assumed or rejected.

tenant, for the use of real property located at 3200 Park Center Drive, Costa Mesa, California (the "Premises"). The lease expires on March 31, 2013. The Debtors currently occupy the Premises in the ordinary course of business. The Debtors have determined that it is critical for them to continue utilizing the Premises through the expiration of the lease term without any risk of eviction or termination. To the extent the Debtors determine that they will need to transition the Premises to one of the Purchasers prior to the expiration of the lease term, the Debtors intend to negotiate transition terms that would require the Purchasers to make any remaining lease payments during such period. The monthly rent under the Lease is $58,993, and the total rental cost for the period from January 31, 2012 (the anticipated sale closing date) through March 31, 2012 (the lease expiration date) is $114,314. The Debtors are current on all obligations under the Lease, and the Debtors believe there are no cure costs associated with the assumption of the Lease.

10. Based on the foregoing, the Debtors have determined through the exercise of their business judgment that assumption of the Lease is in the best interests of the Debtors' estates, their creditors and other parties in interest.

## APPLICABLE AUTHORITY

11. Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a debtor in possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a); *see also NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 521 (1984); *Med. Malpractice Ins. Ass'n v. Hirsch (In re Lavigne)*, 114 F.3d 379, 386 (2d Cir. 1997). "The purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to renounce title to and abandon

burdensome property." *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2d Cir. 1993) (internal quotation marks and reference omitted).

12. Courts defer to a debtor's business judgment in assuming an executory contract or unexpired lease. *In re Orion Pictures Corp.*, 4 F.3d at 1098 (noting that section 365 "permits the [debtor], subject to the approval of the bankruptcy court, to go through the inventory of executory contracts of the debtor and decide which ones it would be beneficial to adhere to and which ones it would be beneficial to reject."); *In re Child World, Inc.*, 142 B.R. 87, 89 (S.D.N.Y. 1992) (a debtor may assume or reject an unexpired lease under section 365(a) in the exercise of its "business judgment").

13. Courts generally will not second-guess a debtor's business judgment concerning whether the assumption or rejection of an executory contract or unexpired lease would benefit the debtor's estate. *See In re Farmland Indus., Inc.*, 294 B.R. 903, 913 (Bankr. W.D. Mo. 2003) ("The Code favors the continued operation of a business by a debtor and a presumption of reasonableness attaches to a debtor's management decisions.") (citation omitted); *Phar-Mor, Inc. v. Strouss Bldg. Assocs.*, 204 B.R. 948, 951-52 (N.D. Ohio 1997) ("Whether an executory contract is 'favorable' or 'unfavorable' is left to the sound business judgment of the debtor.") (internal citations omitted).

14. For the reasons set forth above, the Debtors clearly have satisfied the "business judgment" standard for assuming the Lease. The Debtors currently occupy the Premises in the ordinary course of business. The Debtors have determined that it is critical for the Debtors to continue utilizing the Premises through the expiration of the lease term. To the extent the Debtors determine that the use of the Premises should be

transitioned to the Purchasers prior to the expiration of the lease term, the Debtors intend to negotiate for the Purchasers to pay the monthly rent during such period. Accordingly, the Debtors submit that the assumption of the Lease should be approved because it is in the best interests of the Debtors' estates and represents a proper exercise of the Debtors' business judgment.

## NOTICE

15. The Debtors have provided notice of this Motion in accordance with the Case Management Procedures Order, approved by this Court on May 23, 2012 [Docket No. 141].

## CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court enter an order, substantially in the form annexed hereto as Exhibit 3, granting the relief requested in this Motion and such other and further relief as may be just and proper.

New York, New York
Dated: December 6, 2012

/s/ Gary S. Lee

Gary S. Lee
Lorenzo Marinuzzi
Samantha Martin
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel to the Debtors*
*and Debtors in Possession*

# **Exhibit 1 to the Motion**

## Assumed Lease

| | Debtor | Contract/Lease Counterparty (Name/Address) | Description of Contract/Lease | Cure Amount |
|---|---|---|---|---|
| 1 | GMAC Mortgage, LLC | The Irvine Company, LLC | Lease, dated as of August 1, 2005, as subsequently amended, for real property located at<br>3200 Park Center Drive Suites 150 and 400 Costa Mesa, CA | $0 |

**Exhibit 2**

**Declaration**

*(Please see attached)*

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Samantha Martin

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |

**DECLARATION OF ERIK FERGUSON, SENIOR VICE PRESIDENT AT RESIDENTIAL CAPITAL, LLC, IN SUPPORT OF THE DEBTORS' MOTION FOR ORDER UNDER 11 U.S.C. §§ 105(a) AND 365(a), FED. R. BANKR. P. 6006 AND 9014 AND LOCAL BANKRUPTCY RULE 6006-1 AUTHORIZING ASSUMPTION OF UNEXPIRED LEASE**

I, Erik Ferguson declare as follows:

**A. Background and Qualifications**

I serve as Senior Vice President of Business Excellence at GMAC Mortgage, LLC, one of the debtors and debtors in possession in the above-captioned Chapter 11 cases (collectively, the "Debtors"). I have held this position since August 2010. In my role as Senior Vice President of Business Excellence at GMAC Mortgage, LLC, I am responsible for, among other things, the management of owned and leased facilities from the Debtors, conduct their respective business activities. I am authorized to submit this declaration (the "Declaration") in support of the *Debtors' Motion for Order Under 11 U.S.C. §§*

*105(a) and 365(a), Fed. R. Bankr. P. 6006 and 9014, and Local Bankruptcy Rule 6006-1 Authorizing Assumption of Unexpired Lease*, dated as of December 6, 2012 (the "Motion").[1]

Except as otherwise indicated, all statements in this Declaration are based upon my personal knowledge or information supplied or verified by personnel in departments within the Debtors' various business units. If I were called to testify as a witness in this matter, I would testify competently to the facts set forth herein.

1. The Debtors currently are in the process of evaluating which of the Debtors' executory contracts and unexpired leases should be assumed and assigned to the Purchasers in connection with the Platform Sale and the Legacy Sale, or assumed to facilitate the Debtors' wind down activities. As part of this analysis, the Debtors have already determined that the Lease listed on Exhibit 1 of the Motion is necessary to the Debtors' ongoing business operations and beneficial to the Debtors' estates.

2. The Lease, dated as of August 1, 2005 and subsequently amended, is by and between The Irvine Company, LLC, as landlord, and GMAC Mortgage, LLC, as tenant for the use of real property located at 3200 Park Center Drive, Costa Mesa, California (the "Premises"). The lease expires on March 31, 2013. The Debtors currently occupy the Premises in the ordinary course of business. The Debtors have determined that it is critical for them to continue utilizing the Premises through the expiration of the lease term without any risk of eviction or termination. To the extent the Debtors determine that they will need to transition the Premises to one of the Purchasers

[1] Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to them in the Motion.

prior to the expiration of the lease term, the Debtors intend to negotiate transition terms that would require the Purchasers to make any remaining lease payments during such period. The monthly rent under the Lease is $58,993, and the total rental cost for the period from January 31, 2012 (the anticipated sale closing date) through March 31, 2012 (the lease expiration date) is $114,314. The Debtors are current on all obligations under the Lease, and Debtors believe there are no cure costs associated with the assumption of the Lease. Based on the foregoing, the Debtors have determined through the exercise of their business judgment that assumption of the Lease is in the best interests of the Debtors' estates, their creditors and other parties in interest.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
December 6, 2012

/s/ Erik Ferguson

Erik Ferguson
Senior Vice President of Business
Excellence at GMAC Mortgage, LLC

**Exhibit 3**

**Proposed Order**

(*Please see attached*)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |

**ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 365(a), FED. R. BANKR. P. 6006 AND 9014 AND LOCAL BANKRUPTCY RULE 6006-1 AUTHORIZING ASSUMPTION OF UNEXPIRED LEASE**

Upon the motion (the "Motion") of the Debtors[1] for entry of an order (the "Order"), pursuant to sections 105(a) and 365(a), of title 11 of the United States Code, as amended (the "Bankruptcy Code") and rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the assumption of the unexpired lease set forth on Exhibit 1 annexed hereto (including any amendments, modifications, or other agreements related thereto, and without regard to whether such agreement, instrument or other document is listed on Exhibit 1, the "Lease") as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and grant the requested relief in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Motion and the Declaration of Erik Ferguson, Senior Vice President of Business Excellence at GMAC Mortgage, LLC in support of the Motion; and

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and the legal and factual bases set forth in the Motion establish just and sufficient cause to grant the requested relief herein; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND, DETERMINED, AND ORDERED THAT:

1. The Motion is GRANTED.

2. Pursuant to Section 365(a) of the Bankruptcy Code and Bankruptcy Rules 6006 and 9014, the Debtors' assumption of the Lease identified on Exhibit 1 annexed hereto is approved.

3. The Debtors are hereby authorized to execute and deliver all instruments and documents, and take all other actions, as may be necessary or appropriate to implement and effectuate the relief granted in this Order.

4. Entry of this Order is without prejudice to the rights of the Debtors, including, but not limited to, the right to seek further, other, or different relief regarding the Debtors' executory contracts and unexpired leases pursuant to, among other things, section 365 of the Bankruptcy Code. Notwithstanding the relief granted herein and any actions taken hereunder, nothing in the Motion or this Order shall constitute, nor is it intended to constitute: (i) an admission as to the validity or priority of any claim against the Debtors; (ii) a waiver of the Debtors' rights to dispute any claim; or (iii) an assumption or adoption of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code.

5. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: New York, New York
________, 2012

______________________________________
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

**Exhibit 1 to the Order**

**Assumed Lease**

| | Debtor | Contract/Lease Counterparty (Name/Address) | Description of Contract/Lease | Cure Amount |
|---|---|---|---|---|
| 1 | GMAC Mortgage, LLC | The Irvine Company, LLC | Lease, dated as of August 1, 2005, as subsequently amended, for real property located at<br>3200 Park Center Drive Suites 150 and 400 Costa Mesa, CA | $0 |