**Hearing Date and Time:  December 20, 2012 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline:  December 13, 2012 at 4:00 p.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Jennifer L. Marines
James A. Newton

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ----------------------------------------------------------------- ) | |
| In re:                                                           ) | Case No. 12-12020 (MG) |
|                                                                   ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,   ) | Chapter 11 |
|                                                                   ) | |
|                                              Debtors.   ) | Jointly Administered |
| ----------------------------------------------------------------- ) | |

<u>**NOTICE OF DEBTORS' MOTION FOR APPOINTMENT OF A MEDIATOR**</u>

**PLEASE TAKE NOTICE** that the undersigned have filed the attached *Motion for*

*Appointment of a Mediator* (the "<u>Motion</u>").

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion will take place on

**December 20, 2012 at 10:00 a.m. (prevailing Eastern time)** before the Honorable Martin

Glenn, at the United States Bankruptcy Court for the Southern District of New York, Alexander

Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion must be

made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy

Rules for the Southern District of New York, and the Notice, Case Management, and

Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed

electronically by registered users of the Bankruptcy Court's electronic case filing system, and be

served, so as to be received no later than **December 13, 2012 at 4:00 p.m. (Prevailing Eastern**

**Time)**, upon (a) counsel for the Debtors, Morrison & Foerster LLP, 1290 Avenue of the

Americas, New York, NY 10104 (Attn: Gary S. Lee, Lorenzo Marinuzzi, Jennifer L. Marines

and James A. Newton); (b) the Office of the United States Trustee for the Southern District of

New York, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attn: Tracy Hope Davis,

Linda A. Riffkin, and Brian S. Masumoto); (c) the Office of the United States Attorney General,

U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001 (Attn:

US Attorney General, Eric H. Holder, Jr.); (d)  Office of the New York State Attorney General,

The Capitol, Albany, NY 12224-0341 (Attn: Nancy Lord, Esq. and Enid N. Stuart, Esq.);

(e) Office of the U.S. Attorney for the Southern District of New York, One St. Andrews Plaza,

New York, NY 10007 (Attn: Joseph N. Cordaro, Esq.); (f) counsel for Ally Financial Inc.,

Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY 10022 (Attn: Richard M. Cieri); (g)

counsel to Barclays Bank PLC, as administrative agent for the DIP lenders, Skadden, Arps,

Slate, Meagher & Flom LLP, Four Times Square, New York, NY 10036 (Attn: Ken Ziman &

Jonathan H. Hofer); (h) counsel for the committee of unsecured creditors, Kramer Levin Naftalis

& Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attn: Kenneth Eckstein &

Greg Horowitz); (i) counsel for Ocwen Loan Servicing, LLC, Clifford Chance US LLP, 31 West

52nd Street, New York, NY 10019 (Attn: Jennifer C. DeMarco and Adam Lesman); (j) counsel

for Berkshire Hathaway Inc., Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los

Angeles, CA 90071 (Attention:  Thomas Walper and Seth Goldman); (k) Internal Revenue

Service, P.O. Box 7346, Philadelphia, PA 19101-7346 (if by overnight mail, to 2970 Market

Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-5016); and (l) Securities and Exchange

Commission, New York Regional Office, 3 World Financial Center, Suite 400, New York, NY

10281-1022 (Attn: George S. Canellos, Regional Director).

       **PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written

objection to the relief requested in the Motion, the Bankruptcy Court may deem any opposition

waived, treat the Motion as conceded, and enter an order granting the relief requested in the

Motion without further notice or hearing.

Dated: December 6, 2012           Respectfully submitted,
      New York, New York

                                 /s/ Gary S. Lee
                                 Gary S. Lee
                                 Lorenzo Marinuzzi
                                 Jennifer L. Marines
                                 James A. Newton
                                 MORRISON & FOERSTER LLP
                                 1290 Avenue of the Americas
                                 New York, New York 10104
                                 Telephone: (212) 468-8000
                                 Facsimile: (212) 468-7900

                                 *Counsel for the Debtors and*
                                 *Debtors in Possession*

**Hearing Date:  December 20, 2012 at 10:00 a.m. (ET)**
**Objection Deadline:  December 13, 2012 at 4:00 p.m. (ET)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:     (212) 468-8000
Facsimile:     (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Jennifer L. Marines
Naomi Moss

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------
                                                    )
In re:                                              )      Case No. 12-12020 (MG)
                                                    )
RESIDENTIAL CAPITAL, LLC, <u>et</u> <u>al</u>.,              )      Chapter 11
                                                    )
                              Debtors.              )      Jointly Administered
                                                    )
---------------------------------------------------------------

<u>**DEBTORS' MOTION FOR APPOINTMENT OF A MEDIATOR**</u>

## **<u>TABLE OF CONTENTS</u>**

**Page**

PRELIMINARY STATEMENT ............................................................................................1

JURISDICTION .................................................................................................................4

BACKGROUND .................................................................................................................4

RELIEF REQUESTED ........................................................................................................5

BASIS FOR THE RELIEF ...................................................................................................6

ARGUMENT .....................................................................................................................7

CONCLUSION ................................................................................................................11

NOTICE .........................................................................................................................11

NO PRIOR REQUEST .....................................................................................................11

ny-1067356

# TABLE OF AUTHORITIES

**Page(s)**

AUTHORITIES

*In re Adelphia Commc'ns,*
  Case No. 02-41729 (REG) (Bankr. S.D.N.Y. June 8, 2006) ...................................................... 7

*In re Bosque Power Co.,*
  Case No. 10-60348 (RBK) (W.D. Tex. Aug 24, 2010) ............................................................. 6

*In re NewPage Corp.,*
  Case No. 11-12804 (KG) (Bankr. D. Del. Aug. 14, 2012) ....................................................... 6

*In re Tribune Co.,*
  Case No. 08-13141 (KJC) (Bankr. D. Del. Sept. 1, 2010) ....................................................... 6

*In re Washington Mutual Inc.,*
  Case No. 08-12229 (MFW) (Bankr. D. Del. Sept. 13, 2011) ................................................... 6

United States Bankruptcy Court for the Southern District of New York,
  General Order M-390 ............................................................................................................... 4, 6

STATUTES

11 U.S.C. § 105 ............................................................................................................................. 4, 5

ny-1067356

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

       The debtors and debtors in possession in the above-captioned cases (collectively,

the "Debtors")[1], hereby move (the "Motion") for the entry of an order substantially in the form

attached hereto as Exhibit 1, appointing a sitting bankruptcy judge as mediator to oversee the

plan negotiation process.  In support of this Motion, the Debtors respectfully state as follows:

## PRELIMINARY STATEMENT

       1.      Since the September 11 hearing on the Debtors' first request to extend

exclusivity (the "September 11 Hearing") and the subsequently filed report regarding the status

of plan negotiations on September 24, the Debtors have worked diligently to foster an

environment in which open and meaningful plan negotiations can occur.  Heeding the Court's

directive at the September 11 Hearing to "mak[e] progress or at least mak[e] an effort to make

progress"[2] with respect to plan negotiations, the Debtors engaged in several formal and informal

meetings with each of their major constituents to discuss key plan issues.  The Debtors also

provided those parties with a forum in which to discuss the strengths and weaknesses of the

complex interdebtor and intercreditor issues, which discussions were aided by the Debtors

providing their legal, business, and financial analyses, including a highly sensitive, assumption

based "waterfall" analysis that outlines hypothetical creditor recoveries following the closing of

the sales.

       2.      Although the stage has been set for productive plan negotiations, including

the provision to various parties in interest with equal access to information, the Debtors have

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Motions [Docket No. 6].

[2] Transcript of Hearing at 62:23-24, In re Residential Capital, LLC, Case No. 12-12020 (Bankr. S.D.N.Y. Sept 11, 2012) ("September 11 Transcript").

experienced a desire on the part of various constituents to focus solely on the amount and

allocation of the proceeds of any proposed settlement (the "AFI Settlement") with Ally Financial

Inc. ("AFI"), and a reluctance on the part of certain constituents to discuss issues in advance of

finalization of the Examiner's Report.  Indeed, one creditor group indicated it believes engaging

in the plan process before the Examiner's investigation concludes is "objectively futile."  The

Debtors disagree.  While the AFI Settlement (including the amount and manner in which it was

negotiated) has significant implications in these Chapter 11 cases, the pendency of the

Examiner's investigation need not impede material progress on discussions regarding alternative

settlements with AFI and other aspects of a plan of reorganization.

3.      As this Court noted during the September 11 Hearing, the uncertainty of

the outcome of the Examiner's Report should promote negotiation and foster compromise, not

act as an impediment to plan discussions. [3]  The Debtors concur with the Court's view.  The

Debtors believe that pending finalization of the Examiner's Report (which may not occur for

another five months), and under the auspices of the uncertainty that lingers around the report, all

parties should carefully and constructively evaluate and analyze all plan matters, including both

those related and unrelated to the AFI Settlement and the Examiner's Report.

4.      In the coming weeks, the Debtors intend to engage in plan negotiations

and to foster an open and productive dialogue with all key stakeholders to reach resolution on

significant plan issues.  Indeed, in furtherance of this goal, the Debtors, the Creditors'

Committee, and other key parties have agreed to adjourn the hearing on the *Debtors' Second*

*Supplemental Motion Pursuant to Fed. R. Bank. P. 9019 for Approval of RMBS Trust Settlement*

---

[3] September 11 Transcript at 29:23-24 ("Uncertainty is usually what leads to negotiation and resolution.").

*Agreements* (the "RMBS 9019 Motion") until March 2013.  The Debtors believe this

adjournment will allow parties to make progress toward a consensual Chapter 11 plan.

5.       While the Debtors plan to encourage and continue negotiation over the

coming weeks, the Debtors request that the Court appoint a mediator now to allow the mediator

sufficient time to educate him or herself on the numerous complex issues, that are paramount to

achieving a consensual, confirmable Chapter 11 plan so that the mediator can step in at the

parties' request, as appropriate, without delay.  Due to the size and complexity of these cases, the

Debtors believe that the appointment of a sitting bankruptcy court judge is appropriate for this

role.

6.       Specifically, the Debtors submit that a mediator could provide assistance

in fostering discussion concerning:

- **AFI Related Issues** – the Debtors believe a mediator could foster discussion among AFI, the Debtors, and the Debtors' creditors on the strengths and weaknesses of estate and third party claims against AFI.  A discussion of these claims, assisted by a neutral third party mediator, would facilitate a consensus view on how best to settle, if possible, claims against AFI, and how to allocate the proceeds of the AFI Settlement, or any alternative settlement, as part of a consensual plan negotiated in anticipation of, and prior to the issuance of, the Examiner's Report.

- **Intercreditor and Interdebtor Issues** – to the extent they cannot be resolved in connection with plan discussions, a mediator may also be able to provide constructive and independent guidance on the complex intercreditor and interdebtor issues that will effect plan distributions, including, but not limited to, those related to (i) the allocation of proceeds from the sale of the Debtors' assets, (ii) the validity of certain security interests, and entitlement, if any, to post-petition interest and fees, (iii) the allocation of administrative claims among the Debtor entities, (iv) the extent, validity, and priority of various creditors' claims, and (v) the treatment of intercompany claims under a plan.

7.       Given that the hearing on the RMBS 9019 Motion has been adjourned

until March 2013, the Debtors suggest that parties make meaningful progress on the important

issues without delay and that the Court consider approving mediation for an initial period

through February 28, 2013, subject to further extension.  The Debtors believe that establishing a

3

finite period of time in which mediation shall occur will motivate the parties to tackle the issues

head on, without further delay.  Recognizing the complexity of the issues, however, the Debtors,

after consultation with the relevant parties and the mediator, may seek to extend that time period.

8.    The Debtors have discussed this approach with a number of parties,

including, among others, the Creditors' Committee, Wilmington Trust (the co-chair of the

Creditors' Committee and the indenture trustee for the Debtors' senior unsecured noteholders

(the "SUNs")), AFI, certain monoline insurers, and the RMBS Investors[4] and the RMBS

Trustees (potentially the largest unsecured creditor group in the Debtors' Chapter 11 cases).

These parties recognize that the appointment of a mediator is appropriate.

## JURISDICTION

9.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue

is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief

requested herein are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code")

and Rule 9019-1 of the Local Rules of the United States Bankruptcy Court for the Southern

District of New York (the "Local Rules") and General Order M-390 (the "General Order").

## BACKGROUND

10.    On May 14, 2012 (the "Petition Date"), each of the Debtors filed a

voluntary petition with the Court for relief under Chapter 11 of the Bankruptcy Code.  The

Debtors are managing and operating their businesses as debtors in possession pursuant to

Bankruptcy Code sections 1107(a) and 1108.  These cases are being jointly administered

---

[4] The "RMBS Investors" refer to those institutional investors that are party to the proposed settlement of an allowed claim of $8.7 billion against the Debtors.

ny-1067356

pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules").  No trustee has been appointed in these Chapter 11 cases.

   11.  On May 16, 2012, the United States Trustee for the Southern District of

New York appointed a nine-member official committee of unsecured creditors (the "Creditors'

Committee").

   12.  On June 20, 2012, the Court directed that an examiner (the "Examiner")

be appointed [Docket No. 454], and on July 3, 2012, the Court approved Arthur J. Gonzalez as

the Examiner [Docket No. 674].

   13.  On July 27, 2012, the Court entered the *Order Approving Scope of*

*Investigation of Arthur J. Gonzalez, Examiner* [Docket No. 925], setting forth the scope of the

Examiner's role, including the issuance of a report (the "Examiner's Report").  On November

26, 2012, the Examiner filed the *Second Supplement to Work Plan of Arthur J. Gonzalez,*

*Examiner* [Docket No. 2263].

   14.  On September 11, 2012, the Court entered an order granting extensions of

the Debtors' exclusive periods to (i) file a plan to December 20, 2012 and (ii) solicit votes to

February 18, 2013.[5]

**RELIEF REQUESTED**

   15.  The Debtors hereby move the Court, pursuant to section 105 of the

Bankruptcy Code, Local Rule 9019-1, and the General Order, for an order appointing a mediator,

for an initial period through February 28, 2013, to assist certain parties in interest in resolving

various plan issues in furtherance of reaching a consensual Chapter 11 plan.

---

[5] Contemporaneously herewith, the Debtors have filed a motion seeking a second extension of their exclusive right
to file a plan of reorganization and solicit votes thereof.

## BASIS FOR THE RELIEF

16.      Local Rule 9019-1 governs the process for referring matters to mediation in this Court through the General Order.[6]  The General Order in turn authorizes the Court to refer matters to mediation either *sua sponte*, upon a motion by any party in interest, or by stipulation of counsel.  General Order ¶¶ 1.1-1.2.  The types of matters eligible for mediation under the Local Rule 9019-1 and the General Order are quite broad, encompassing any adversary proceeding, contested matter, or any other dispute.  General Order ¶ 1.3.

17.      It has become commonplace for bankruptcy courts to refer parties to mediation to resolve multi-party disputes in the context of negotiating a plan of reorganization. In a number of recent cases that are similar to this case in size, number of parties, and complexity of issues, courts have appointed a mediator to address various issues, including those arising out of highly contentious intercreditor disputes, in the hopes that a mediator could assist in resolving such issues and the parties could arrive at a consensual plan.  *See, e.g., In re NewPage Corp.*, Case No. 11-12804 (KG) (Bankr. D. Del. Aug. 14, 2012) (Docket No. 2155) (appointing Judge Drain as mediator to resolve "certain issues and impediments relating to the formulation of a chapter 11 plan…."); *In re Washington Mutual Inc.*, Case No. 08-12229 (MFW) (Bankr. D. Del. Sept. 13, 2011) (Docket No. 8612) (referring parties to mediation in decision denying confirmation of plan of reorganization); *In re Tribune Co.*, Case No. 08-13141 (KJC) (Bankr. D. Del. Sept. 1, 2010) (Docket No. 5591) (Judge Gross appointed as mediator to resolve disputes associated with resolution of certain causes of action associated with the debtors' prior leveraged buyout); *In re Bosque Power Co.*, Case No. 10-60348 (RBK) (W.D. Tex. Aug 24, 2010) (Docket No. 421) (referring parties to mediation before Judge Leif to address disputes in connection with

---

[6] Local Rule 9019-1 provides that "Alternative dispute resolution shall be conducted in the manner required by any applicable standing order of the Court."

competing plans of reorganization); *see also* Corrected Transcript of Hearing, *In re Adelphia Commc'ns*, Case No. 02-41729 (REG) (Bankr. S.D.N.Y. June 8, 2006) (appointing Judge Morris as "hall monitor" to assist the parties in resolving contentious intercreditor issues subject to litigation).

## **ARGUMENT**

18.     Over the past few months, the Debtors and their advisors have dedicated themselves to constructing a framework in which every major constituent in these cases has equal access to the plan negotiation process and a level playing field in which to analyze and discuss important issues that will be determinative in reaching a consensual plan of reorganization.  The Debtors and their advisors have spent countless hours in meetings and on conference calls, have prepared multiple presentations, and have voluntarily produced significant amounts of business and financial data to parties in interest.  Specifically, the Debtors participated in formal meetings with the Creditors Committee, AFI, the JSBs, the SUNs, monoline insurers, and the RMBS Investors.  The Debtors' advisors have also engaged in countless informal discussions with these and other major stakeholders on plan issues.  In addition, the Debtors have provided their major constituents multiple business and financial reports, including a waterfall analysis that sets forth hypothetical distributions to creditors upon the final liquidation of the Debtors' assets.[7]  The Debtors are of the view that the production of

---

[7] The information contained in these reports concerns business and legal judgments on strategic matters that could not be disclosed publicly.  Accordingly, creditors or their advisors have received the information subject to confidentiality agreements.  While certain parties have entered into confidentiality agreements and participated productively with the Debtors and other key constituents, other parties have refused to sign confidentiality agreements.  The Debtors are committed to providing all major stakeholders with relevant information, but believe that disclosure of material nonpublic information without a confidentiality commitment will have a negative and chilling impact on the confidential plan discussions.  This view was echoed by the Court on the record at a hearing held on September 27, 2012, "other than attempting to jump start the [Chapter 11 plan] process, I think that I don't see any reason for further status reports to me on it at this stage.  The process will work best if it can occur confidentially between the parties." Transcript of Hearing at 20:2-6, In re Residential Capital, LLC, Case No. 12-12020 (Bankr. S.D.N.Y. Sept. 27, 2012).

this information has put all parties on a level playing field in the plan negotiation process.

Finally, the Debtors prepared a plan presentation, which was shared with the Creditors'

Committee and others, identifying broad categories of issues that need to be resolved either prior

to or as part of a Chapter 11 plan.  The Debtors did so in an effort to focus the parties' attention

on the "gating" issues and as a means to encourage active discussion on the issues most

important to a consensual plan process.

19.      Through these efforts, the Debtors submit they have made good faith

progress over the past few months.  Nevertheless, the Debtors and their advisors recognize that

there is still much work to be done to file and seek confirmation of a consensual Chapter 11 plan.

While the Debtors will continue to exert significant efforts to forge consensus among very

fractious constituents and to promote and lead negotiations, the Debtors submit it will be crucial

to have a mediator educated on case issues and available to facilitate productive negotiations on

plan issues that are paramount to reaching consensus.

20.      The Debtors believe that a mediator can assist with negotiations on, but

not limited to, the following issues: (a) the AFI Settlement, including the treatment of third party

and estate claims against AFI and the amount and allocation of any proceeds thereunder, and (b)

key intercreditor and interdebtor issues.  These matters are discussed, in turn, below.

21.      ***AFI Related Issues***

- **Amount of Settlement -** the Debtors' plan support agreement with AFI provides
  for a $750 million cash contribution in addition to other non-cash contributions,
  including, among others, (a)  support to allow the Debtors to originate loans
  during the case, (b) a DIP financing facility, and (c) a stalking horse bid on whole
  loan assets (with no break-up fee).  Parties have expressed disagreement over the
  sufficiency of the consideration and merits of the settlement in light of the
  potentially valuable estate and third party claims against AFI that are currently the
  subject of investigation by the Examiner and the Creditors' Committee.

- **Allocation of AFI Settlement Proceeds -** to the extent there is a settlement with

AFI, the allocation of the proceeds of that settlement amount among the Debtor entities will depend upon the strengths and weaknesses of the claims being settled and the damages asserted in such settled claims.

22.     ***Intercreditor and Interdebtor Issues***

- **Allocation of Purchase Price for Sale of Assets -** parties in interest have reserved their rights in each of the sale orders regarding the allocation of the purchase price for the assets being sold under the respective sale agreements. Given the magnitude of the sales and, in particular, the breadth of the assets and operations being sold in the Platform Sale, the allocation of value among varying assets could shift value significantly among secured and unsecured creditors.

- **Validity and Extent of Liens -** whether and to what extent liens against the Debtors' estates are valid, including whether the estates can be charged with postpetition interest and fees, will affect creditor recoveries. One such dispute exists with respect to the JSBs' liens. The Creditors' Committee has alleged, in seeking standing to bring claims in the name of the Debtors, that the JSBs do not have properly perfected security interests and liens on various assets. Those assets include, among other things, assets that previously secured other financing facilities and certain real estate property owned by the Debtors.

- **Allocation of Administrative Claims -** unquestionably, these estates have borne significant administrative claims, and disputes may arise as to the allocation of such administrative claims among Debtor entities.

- **Claim Allowance and Priority -** there are various significant disputes with respect to certain claims being asserted against the Debtors' estates. The disposition of these claims could significantly impact creditor recoveries.

- **Intercompany Claims -** historically, there exist on the Debtors' books and records intercompany claims. Treatment and validity of these potential claims may be a significant driver of value for creditors of certain of the Debtors.

23.     Meaningful progress needs to be made on each of these issues in order for these cases to be resolved in an expeditious manner through a consensual plan of reorganization. That means that the parties cannot wait for finalization of the Examiner's Report before engaging in good faith negotiations, as some creditors have suggested. The Debtors understand that the Examiner will continue to perform his investigation. But the Debtors are greatly concerned that valuable time is passing while parties await finalization of his report. And, as this Court noted,

9

even when the Examiner's Report is published, it may be the subject of disagreements among the parties, differing interpretations, or steadfast disagreement, in which case the report will not have served as a catalyst to the negotiation of a consensual plan.[8]  The Debtors believe that, in the event negotiations among the parties reach an impasse, a mediator can drive the successful resolution of these issues before the Examiner concludes his report.

24.    In the coming weeks, the Debtors, working with the Creditors' Committee and other parties, will continue to foster an open dialogue with and between all of its constituents in order to make meaningful progress on key plan issues.  The Debtors expect that the parties will use the window provided by the adjournment of the RMBS 9019 Motion to engage in active negotiations to reach a global settlement on a Chapter 11 plan.  The Debtors request that a mediator be appointed now to allow the mediator sufficient time educate him or herself on the numerous, complex issues that are paramount to achieving a consensual, confirmable Chapter 11 plan so that, if the parties are unable to reach consensus on the key issues, the mediator is ready to step in at the parties' request without delay.

25.    The Debtors believe that a mediator, even one with the great knowledge and experience of an active bankruptcy judge, will need time to review and digest the information necessary to provide helpful guidance on these issues.  Due to the breadth of information, and in light of the upcoming holidays, the Debtors submit that now is the appropriate time for the Court to put a mediator in place and to continue holding regular status conferences to monitor progress of the plan negotiations and the mediator's involvement. Furthermore, the Debtors believe that the consideration of limiting the duration of the term of the mediator's appointment will motivate the parties to make meaningful progress on the important

---

[8] "Because whatever the examiner decides, there will be various stakeholders who disagree, believe there are transactions he didn't identify as giving rise to potential claims or claims that he did identify that the debtors or AFI disagree.  So it is not the last word."  September 11 Transcript at 58:11-18.

issues without delay.  The Debtors recognize, of course, that any proposed schedule will be subject to the appointed mediator's approval.  Specifically, the Debtors request that a status conference is scheduled in January to update the Court on the the status of the plan negotiations.

26.     As noted above, the Debtors have discussed with their key constituents the appointment of a mediator as a mechanism to achieve committed participation by all key stakeholders and promote good faith negotiations.  It is the Debtors' understanding that several of their key constituents are willing to participate in a plan mediation process with the goal of reaching a global resolution to be memorialized in a consensual Chapter 11 plan.

## CONCLUSION

27.     For the reasons set forth above, the Debtors respectfully submit that ample authority and cause exist to support a finding that the appointment of a mediator is appropriate to assist the Debtors and the parties in interest in addressing certain plan related issues in an effort to achieve a consensual plan of reorganization.

## NOTICE

28.     The Debtors have provided notice of this Motion in accordance with the Case Management Procedures Order, approved by this Court on May 23, 2012 [Docket No. 141].

## NO PRIOR REQUEST

29.     No prior request for the relief sought in this Motion has been made to this or any other court.

11

WHEREFORE, the Debtors respectfully request that the Court enter an order,

substantially in the form attached hereto as <u>Exhibit 1</u>, granting the relief requested herein and

granting such other relief as is just and proper.

New York, New York                            /s/        Gary S. Lee
Dated: December 6, 2012                        Gary S. Lee
                                               Lorenzo Marinuzzi
                                               Jennifer L. Marines
                                               Naomi Moss
                                               MORRISON & FOERSTER LLP
                                               1290 Avenue of the Americas
                                               New York, New York 10104
                                               Telephone: (212) 468-8000
                                               Facsimile: (212) 468-7900

                                               *Counsel to the Debtors
                                               and Debtors in Possession*

**Exhibit 1**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------
                                     )

In re:                         )     Case No. 12-12020 (MG)

                                     )

RESIDENTIAL CAPITAL, LLC, et al.,   )     Chapter 11

                                   )

                    Debtors.   )     Jointly Administered

---------------------------------------------------------------   )

<u>**ORDER APPOINTING MEDIATOR**</u>

Upon the motion (the "<u>Motion</u>")[1] of the above-captioned debtors and debtors in

possession in these Chapter 11 cases (collectively, the "<u>Debtors</u>") requesting the appointment of

a mediator (a "<u>Mediator</u>") to assist the parties in resolving certain issues relating to the

formulation and confirmation of a Plan; and it appearing that this Court has jurisdiction to

consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these

Chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and

1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and

this Court having determined that the relief requested in the Motion is in the best interests of the

Debtors, their estates, their creditors and other parties in interest; and this Court having found

that proper and adequate notice of the Motion and the relief requested therein has been provided

in accordance with the Bankruptcy Rules, the Local Rules, and the Case Management

Procedures Order [Docket No. 141] for these Chapter 11 cases, and that, except as otherwise

ordered herein, no other or further notice is necessary; and any objections (if any) to the Motion

having been withdrawn or overruled on the merits; and after due deliberation thereon; and good

and sufficient cause appearing therefor;

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      Upon entry of this Order, _____ shall be appointed as
Mediator for an initial period through February 28, 2013.  The Debtors may, in consultation
with the relevant parties involved in the mediation discussions (the "Mediation Parties"), seek to
extend such period.

3.      To the extent it is determined that mediation is appropriate, the Mediation Parties
may (or at the direction of the Court shall) meet and confer with the Mediator to establish
procedures and timing of the mediation.

4.      Without limiting the applicability of Local Rule 9019-1 or General Order M-390,
all (a) discussions among any of the Mediation Parties, including discussions with or in the
presence of the Mediator, (b) any mediation statements and any other documents or information
provided to the Mediator or the Mediation Parties in the course of the mediation, and
(c) correspondence, draft resolutions, offers, and counteroffers produced for or as a result of the
mediation shall be strictly confidential and shall not be admissible for any purpose in any
judicial or administrative proceeding, and no person or party participating in the mediation,
whether a direct participant or member of a committee or group, including counsel for any
Mediation Party or any other party, shall in any way disclose to any non-party or to any court,
including, without limitation, in any pleading or other submission to any court, any such
discussion, mediation statement, other document or information, correspondence, resolution,
offer or counteroffer that may be made or provided in connection with the mediation, unless
otherwise available and not subject to a separate confidentiality agreement that would prevent
its disclosure or as authorized by this Court.

5.      To the extent that any Mediation Party is in possession of privileged or confidential information provided to such Mediation Party pursuant to the terms and conditions of a confidentiality agreement executed or order of this Court entered in connection with these Chapter 11 cases, such information may be disclosed to the Mediator, but shall otherwise remain privileged and confidential and shall not be disclosed to any other Mediation Party.

6.      For the avoidance of doubt, to the extent any part of this Order shall conflict with Local Rule 9019-1 or General Order M-390, the terms and provisions of this Order shall govern.

7.      Notwithstanding the possible applicability of Fed. R. Bankr. P. 6004(h), 7062, 9014, or otherwise, this Order shall be in full force and effect upon its entry.

8.      This Court shall retain jurisdiction with respect to all matters arising from or related to the enforcement of this Order.

New York, New York
Date: December __, 2012

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE