UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

In re                                          :          **Chapter 11**
                                               :
**RESIDENTIAL CAPITAL, LLC, et al.,** [1]      :          **Case No. 12-12020 (MG)**
                                               :
                                               :
                                               :          **(Jointly Administered)**
            **Debtors.**                       :
------------------------------------------------------------x

## SUPPLEMENTAL AFFIDAVIT OF SERVICE

I, Stephanie Delgado, depose and say that I am employed by Kurtzman Carson Consultants LLC (KCC), the claims and noticing agent for the Debtors.

A. On December 3, 2012, at my direction and under my supervision, employees of KCC caused the following documents to be served per postal forwarding address via First Class mail upon the party attached hereto as **Exhibit A**:

   1. Notice of Deadlines for Filing Proofs of Claim, dated August 29, 2012, attached hereto as **Exhibit B**

   2. Proof of Claim Form, attached hereto as **Exhibit C**

B. Furthermore, on or before December 4, 2012, at my direction and under my supervision, employees of KCC caused the following documents to be served per postal forwarding address via First Class mail upon the parties attached hereto as **Exhibit D**:

   1. Notice of Filing and Amended Proposed Order Under 11 U.S.C. §§ 105, 363, and 365 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 (I) Approving (A) Sale of Debtors' Assets Pursuant to Asset Purchase Agreement with Berkshire Hathaway Inc.; (B) Sale of Purchased Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; and (C) Related Agreements; and (II) Granting Related Relief, attached hereto as **Exhibit E**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Residential Capital, LLC (0738); ditech, LLC (7228); DOA Holding Properties, LLC (4257); DOA Properties IX (Lots-Other), LLC (3274); EPRE LLC (7974); Equity Investment I, LLC (2797); ETS of Virginia, Inc. (1445); ETS of Washington, Inc. (0665); Executive Trustee Services, LLC (8943); GMAC Model Home Finance I, LLC (8469); GMAC Mortgage USA Corporation (6930); GMAC Mortgage, LLC (4840); GMAC Residential Holding Company, LLC (2190); GMAC RH Settlement Services, LLC (6156); GMACM Borrower LLC (4887); GMACM REO LLC (2043); GMACR Mortgage Products, LLC (6369); GMAC-RFC Holding Company, LLC (3763); HFN REO Sub II, LLC (N/A); Home Connects Lending Services, LLC (9412); Homecomings Financial Real Estate Holdings, LLC (6869); Homecomings Financial, LLC (9458); Ladue Associates, Inc. (3048); Passive Asset Transactions, LLC (4130); PATI A, LLC (2729); PATI B, LLC (2937); PATI Real Estate Holdings, LLC (5201); RAHI A, LLC (3321); RAHI B, LLC (3553); RAHI Real Estate Holdings, LLC (5287); RCSFJV204, LLC (2722); Residential Accredit Loans, Inc. (8240); Residential Asset Mortgage Products, Inc. (5181); Residential Asset Securities Corporation (2653); Residential Consumer Services of Alabama, LLC (5449); Residential Consumer Services of Ohio, LLC (4796); Residential Consumer Services of Texas, LLC (0515); Residential Consumer Services, LLC (2167); Residential Funding Company, LLC (1336); Residential Funding Mortgage Exchange, LLC (4247); Residential Funding Mortgage Securities I, Inc. (6294); Residential Funding Mortgage Securities II, Inc. (8858); Residential Funding Real Estate Holdings, LLC (6505); Residential Mortgage Real Estate Holdings, LLC (7180); RFC Asset Holdings II, LLC (4034); RFC Asset Management, LLC (4678); RFC Borrower LLC (5558); RFC Constructing Funding, LLC (5730); RFC REO LLC (2407); RFC SFJV-2002, LLC (4670); RFC-GSAP Servicer Advance, LLC (0289)

2. Notice of Filing Proposed Order Under 11 U.S.C. §§ 105, 363, and 365 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 (I) Approving (A) Sale of Debtors' Assets Pursuant to Asset Purchase Agreement with Ocwen Loan Servicing, LLC; (B) Sale of Purchased Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (C) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Thereto; and (D) Related Agreements; and (II) Granting Related Relief, attached hereto as **Exhibit F**

C. Furthermore, on or before December 4, 2012, at my direction and under my supervision, employees of KCC caused the following documents to be served per postal forwarding address via First Class mail upon the parties attached hereto as **Exhibit G**:

1. Notice of Filing of Amended Proposed Order Under 11 U.S.C. §§ 105, 363 and 365 and Fed. R. Bankr. P. 2002, 6004, 6006 and 9014 (I) Approving (A) Sale of Debtors' Assets Pursuant to Asset Purchase Agreement with Ocwen Loan Servicing, LLC; (B) Sale of Purchases Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (C) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Thereto; (D) Related Agreements; and (II) Granting Related Relief, dated November 20, 2012, attached hereto as **Exhibit H**

2. Notice of Filing of Second Amended Proposed Order Under 11 U.S.C. §§ 105, 363 and 365 and Fed. R. Bankr. P. 2002, 6004, 6006 and 9014 (I) Approving (A) Sale of Debtors' Assets Pursuant to Asset Purchase Agreement with Berkshire Hathaway Inc.; (B) Sale of Purchases Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; and (C) Related Agreements; and (II) Granting Related Relief, dated November 20, 2012, attached hereto as **Exhibit I**

D. Furthermore, on December 4, 2012, at my direction and under my supervision, employees of KCC caused the following documents to be served per postal forwarding address via First Class mail upon the parties attached hereto as **Exhibit J**:

1. Notice of Entry of Order Under 11 U.S.C. §§ 105, 363 and 365 and Fed. R. Bankr. P. 2002, 6004, 6006 and 9014 (I) Approving (A) Sale of Debtors' Assets Pursuant to Asset Purchase Agreement with Ocwen Loan Servicing, LLC; (B) Sale of Purchased Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (C) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Thereto; (D) Related Agreements; and (II) Granting Related Relief, dated November 26, 2012 **[Docket No. 2269]**

2.  Notice of Entry of Order Under 11 U.S.C. §§ 105, 363 and 365 and Fed. R. Bankr. P. 2002, 6004, 6006 and 9014 (I) Approving (A) Sale of Debtors' Assets Pursuant to Asset Purchase Agreement with Berkshire Hathaway Inc.; (B) Sale of Purchased Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (C) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Thereto; (D) Related Agreements; and (II) Granting Related Relief, dated November 26, 2012 **[Docket No. 2270]**

Dated:  December 7, 2012

_____
                    Stephanie Delgado

State of California

County of Los Angeles

Subscribed and sworn to (or affirmed) before me on this 7th of December 2012, by Stephanie Delgado, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature: _____

AIMEE M. PAREL
Commission # 1866499
Notary Public - California
Los Angeles County
My Comm. Expires Sep 27, 2013

# EXHIBIT A

| NAME | NOTICE NAME | ADDRESS | CITY | STATE | ZIP |
|------|-------------|---------|------|-------|-----|
| Stephen M Gina Short | Maher Construction | 14520 Braddock Rd | Jacksonville | FL | 32219-1852 |

# **<u>EXHIBIT B</u>**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------
|                                                    )
In re:                                               )   Case No. 12-12020 (MG)
                                                     )
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,             )   Chapter 11
                                                     )
                                    Debtors.         )   Jointly Administered
                                                     )
-------------------------------------------------------

<u>**NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM**</u>

TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST RESIDENTIAL CAPITAL, LLC OR ITS AFFILIATED ENTITIES THAT
ARE ALSO DEBTORS AND DEBTORS IN POSSESSION:

On August 29, 2012, the United States Bankruptcy Court for the Southern District of New York (the U.S. Bankruptcy Court") entered an order (the "Bar Date Order") establishing **November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time)** (the "General Bar Date") as the last date and time for each person or entity (including individuals, partnerships, corporations, joint ventures, corporations, estates, trusts, and governmental units) to file a proof of claim against Residential Capital, LLC its affiliates that are also debtors and debtors in possession in those proceedings (collectively, the "Debtors"). Solely as to governmental units the Bar Date Order established **November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time)** as the last date and time for each such governmental unit to file a proof of claim against the Debtors (the "Governmental Bar Date," and, together with the General Bar Date, the "Bar Dates").

The Bar Dates and the procedures set forth below for filing proofs of claim apply to all claims against the Debtors that arose before May 14, 2012, the date on which the Debtors commenced cases under Chapter 11 of the United States Bankruptcy Code (the "Petition Date"), except for those holders of the claims listed in section 4 below that are specifically excluded from the General Bar Date filing requirement.

1.    **WHO MUST FILE A PROOF OF CLAIM**

You **MUST** file a proof of claim to vote on a Chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim that arose before the filing of the Debtors' Chapter 11 petitions on the Petition Date and it is not one of the types of claims described in section 4 below. Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be filed on or before the applicable Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date.

Under section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

2.    **WHAT TO FILE**

Each filed proof of claim must conform substantially to the Proof of Claim Form (as defined in the Bar Date Order). Copies of the Proof of Claim Form may be obtained at http://www.kccllc.net/rescap. Each proof of claim must be **signed** by the claimant or by an authorized agent of the claimant. Each proof of claim must be written in English and be denominated in United States currency. You should attach to each completed proof of claim any documents on which the claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available.

Any holder of a claim against more than one Debtor must file a separate proof of claim with respect to each such Debtor and all holders of claims must identify on their proof of claim the specific Debtor against which their claim is asserted. A list of the names of the Debtors and their respective case numbers is attached to the Proof of Claim Form.

Under the Bar Date Order, the filing of a Proof of Claim Form shall be deemed to satisfy the procedural requirements for the assertion of administrative priority claims under section 503(b)(9) of the Bankruptcy Code.

3.    **WHEN AND WHERE TO FILE**

Except as provided for herein, all proofs of claim must be filed so as to be actually received **on or before November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time), or solely as to governmental units on or before November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time)**, at:

(i) If by mail or overnight courier:

ResCap Claims Processing Center c/o KCC
2335 Alaska Ave
El Segundo, CA 90245

(ii) if by hand delivery:

United States Bankruptcy Court for the Southern District of New York
One Bowling Green, Room 534
New York, New York 10004

or

ResCap Claims Processing Center c/o KCC
2335 Alaska Ave
El Segundo, CA 90245

Proofs of claim will be deemed timely filed only if **actually received** at the ResCap Claims Processing Center or hand delivered to the U.S. Bankruptcy Court on or before 5:00 p.m. (Prevailing Eastern Time) on the applicable Bar Date.  Proofs of claim **may not** be delivered by facsimile, or electronic mail.

4.    **WHO NEED NOT FILE A PROOF OF CLAIM**

You do not need to file a proof of claim on or before the General Bar Date if you are:

(a)    Any person or entity that has **already** properly filed a proof of claim against the applicable Debtor or Debtors with the Clerk of the Bankruptcy Court for the Southern District of New York in a form substantially similar to the Proof of Claim Form;

(b)    Any person or entity whose claim is listed on the Debtors' schedules of assets and liabilities and/or schedules of executory contracts and unexpired leases (collectively, the "Schedules"), **provided that**: (i) the claim is **not** scheduled as "disputed," "contingent" or "unliquidated"; **and** (ii) the claimant agrees with the amount, nature and priority of the claim as set forth in the Schedules; **and** (iii) the claimant agrees that the claim is an obligation of the specific Debtor against which the claim is listed on the Schedules;

(c)    Any person or entity that holds a claim that has been allowed by an order of the Court entered on or before the applicable Bar Date;

(d)     Any person or entity whose claim has been paid in full by any of the Debtors;

(e)     Any person or entity that holds a claim for which specific deadlines have been fixed by an order of the Court entered on or before the applicable Bar Date;

(f)     Any person or entity that holds a claim allowable under sections 503(b) and 507(a) of the Bankruptcy Code as an expense of administration (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code);

(g)     Any Debtor having a claim against another Debtor or any of the non-debtor subsidiaries of Residential Capital, LLC having a claim against any of the Debtors;

(h)     Any person or entity that holds an interest in any of the Debtors, which interest is based exclusively upon the ownership of common stock, membership interests, partnership interests, or warrants or rights to purchase, sell or subscribe to such a security or interest; provided, however, that interest holders that wish to assert claims (as opposed to ownership interests) against any of the Debtors that arise out of or relate to the ownership or purchase of an interest, including claims arising out of or relating to the sale, issuance, or distribution of the interest, must file Proofs of Claim on or before the applicable Bar Date, unless another exception identified herein applies;

(i)     Any person or entity whose claim is limited exclusively to the repayment of principal, interest, and/or other applicable fees and charges (a "Debt Claim") on or under any bond or note issued or guaranteed by the Debtors pursuant to an indenture (the "Debt Instruments"); **provided, however**, that (i) the foregoing exclusion in this subparagraph shall not apply to the Indenture Trustee under the applicable Debt Instruments (an "Indenture Trustee"), (ii) the Indenture Trustee shall be required to file one Proof of Claim, on or before the General Bar Date, with respect to all of the Debt Claims on or under each of the applicable Debt Instruments, and (iii) any holder of a Debt Claim wishing to assert a claim, other than a Debt Claim, arising out of or relating to a Debt Instrument shall be required to file a Proof of Claim on or before the Bar Date, unless another exception in this paragraph applies;

(j)     Any person or entity holding a claim for principal, interest and other fees and expenses under the Debtors' secured financing facilities (the "Financing Facilities")[1] to the extent of, and only for such claims relating to the Financing Facilities; or

(k)     Any person or entity that holds a claim against a securitization trust (each a "Trust") that is based exclusively upon the ownership of a note, bond and/or certificate backed by mortgage loans held by the Trust; provided, however, that

---

[1] "Financing Facilities" as used herein shall mean the Debtors' financing facilities that are exempt from filing a Proof of Claim Form as previously ordered by the Court [Docket Nos. 471, 490 and 491].

holders of such notes, bonds and/or certificates that wish to assert claims against the Debtors (as opposed to claims against the applicable Trust) must file Proofs of Claim on or before the applicable Bar Date, unless another exception identified herein applies.

This Notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtors but may not have an unpaid claim against the Debtors. Receipt of this Notice does not mean that you have a claim or that the Debtors or the Court believe that you have a claim against the Debtors.

## 5.    EXECUTORY CONTRACTS AND UNEXPIRED LEASES

If you have a claim arising out of the rejection of an executory contract or unexpired lease, you must file a proof of claim by the later of (a) the applicable Bar Date and (b) thirty (30) days after the date of entry of an order of rejection (unless the order of rejection provides otherwise).

## 6.    CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE

**ANY HOLDER OF A CLAIM THAT IS NOT EXCEPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER, AS DESCRIBED IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS, THEIR SUCCESSORS, THEIR CHAPTER 11 ESTATES AND THEIR RESPECTIVE PROPERTY OR FILING A PROOF OF CLAIM WITH RESPECT TO SUCH CLAIM, FROM VOTING ON ANY PLAN OF REORGANIZATION FILED IN THESE CASES AND FROM PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CASES ON ACCOUNT OF SUCH CLAIM OR RECEIVING FURTHER NOTICES REGARDING SUCH CLAIM.**

## 7.    THE DEBTORS' SCHEDULES AND ACCESS THERETO

You may be listed as the holder of a claim against one or more of the Debtors in the Debtors' Schedules. If you rely on the Debtors' Schedules, it is your responsibility to determine that your claim is accurately listed on the Schedules. If you agree with the nature, amount and status of your claim as listed on the Debtors' Schedules, and if you do not dispute that your claim is against only the specified Debtor, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a proof of claim. Otherwise, or if you decide to file a proof of claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

Copies of the Debtors' Schedules are available for inspection on the Court's internet website at www.nysb.uscourts.gov and on the independent website maintained by the Debtors, http://www.kccllc.net/rescap. A login and password to the Court's Public Access to Electronic

Court Records ("PACER") are required to access www.nysb.uscourts.gov and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov.  Copies of the Schedules may also be examined between the hours of 9:00 a.m. and 4:30 p.m. (Prevailing Eastern Time), Monday through Friday, at the Office of the Clerk of the Bankruptcy Court, One Bowling Green, Room 511, New York, New York 10004-1408.

Copies of the Debtors' Schedules may also be obtained by written request to the Debtors' claims agent at the address set forth below:

**ResCap Claims Processing Center**
**c/o KCC**
**2335 Alaska Ave**
**El Segundo, CA 90245**

### 8.    RESERVATION OF RIGHTS

The Debtors reserve their right to object to any proof of claim, whether filed or scheduled, on any grounds.  The Debtors reserve their right to dispute or to assert offsets or defenses to any claim reflected on the Schedules or any amendments thereto, as to amount, liability, classification or otherwise, and to subsequently designate any claim as disputed, contingent, unliquidated or undetermined.

**A holder of a possible claim against the Debtors should consult an attorney regarding matters in connection with this Notice, such as whether the holder should file a Proof of Claim.**

Dated: New York, New York
      August 29, 2012

                                       BY ORDER OF THE COURT

                                       Gary S. Lee
                                       Lorenzo Marinuzzi
                                        MORRISON & FOERSTER LLP
                                        1290 Avenue of the Americas
                                        New York, New York 10104

                                        *Counsel for the Debtors and*
                                        *Debtors in Possession*

---

| **If you have any questions related to this notice, please call (888) 251-2914** |

# EXHIBIT C

B 10 Modified (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

Name of Debtor:

Case Number:

NOTE: *This form should not be used to make a claim for an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) arising after the commencement of the case. A "request" for payment of an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

❏ Check this box if this claim amends a previously filed claim.

Name and address where notices should be sent:

**Court Claim Number:** _____
(*If known*)

Filed on: _____

Telephone number:                           email:

❏ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

Name and address where payment should be sent (if different from above):

Telephone number:                           email:

**1. Amount of Claim as of Date Case Filed:** $_____
If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
❏ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** _____
(See instruction #2)

**3. Last four digits of any number by which creditor identifies debtor:** _____

**3a. Debtor may have scheduled account as:**
_____
(See instruction #3a)

**3b. Uniform Claim Identifier (optional):**
_____
(See instruction #3b)

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ❏ Real Estate ❏ Motor Vehicle ❏ Other
Describe:

**Value of Property:** $_____  **Annual Interest Rate** _____% ❏ Fixed ❏ Variable
**(when case was filed)**

**Amount of arrearage and other charges, as of the time case was filed, included in secured claim,**
if any: $_____                    **Basis for perfection:** _____

**Amount of Secured Claim:** $_____       **Amount Unsecured:** $_____

**6. Claim Pursuant to 11 U.S.C. § 503(b)(9):**
Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.
$_____       (See instruction #6)

**7. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

**8. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #8, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**9. Signature:** (See instruction #9) Check the appropriate box.
❏ I am the creditor.   ❏ I am the creditor's authorized agent.   ❏ I am the trustee, or the debtor, or   ❏ I am a guarantor, surety,
                        (Attach copy of power of attorney, if any.)   their authorized agent.   indorser, or other codebtor.
                                                                    (See Bankruptcy Rule 3004.)   (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: _____
Title: _____
Company: _____     _____     _____
                                           (Signature)                       (Date)
Address and telephone number (if different from notice address above):
_____
_____

Telephone number:                    Email:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

❏ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

❏ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

❏ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

❏ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

❏ Taxes or penalties owed to governmental units – 11U.S.C. §507 (a)(8).

❏ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(___).

**Amount entitled to priority:**

$_____ .

\* *Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**COURT USE ONLY**

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

B 10 Modified (Official Form 10) (12/11) cont.

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

### Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of the claim falls into one any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Claim Pursuant to 11 U.S.C. §503(b)(9):**
Check this box if you have a claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim. (See DEFINITIONS, below.)

**7. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You may also attach copies of documents that evidence perfection of any security interest. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**9. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, attach a complete copy of any power of attorney, and provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

## _____DEFINITIONS_____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

## _____INFORMATION_____

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at http://www.kccllc.net/ResCap.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

PLEASE SEND COMPLETED PROOF(S) OF CLAIM TO:

ResCap Claims Processing Center
c/o KCC
2335 Alaska Avenue
El Segundo, CA 90245

**Exhibit A**
Debtor Names and Case Numbers

| Name of Debtor | Case Number |
|---|---|
| Residential Funding Company, LLC | 12-12019 (MG) |
| Residential Capital, LLC | 12-12020 (MG) |
| ditech, LLC | 12-12021 (MG) |
| DOA Holding Properties, LLC | 12-12022 (MG) |
| DOA Properties IX (Lots-Other), LLC | 12-12023 (MG) |
| EPRE LLC | 12-12024 (MG) |
| Equity Investment I, LLC | 12-12025 (MG) |
| ETS of Virginia, Inc. | 12-12026 (MG) |
| ETS of Washington, Inc. | 12-12027 (MG) |
| Executive Trustee Services, LLC | 12-12028 (MG) |
| GMAC-RFC Holding Company, LLC | 12-12029 (MG) |
| GMAC Model Home Finance I, LLC | 12-12030 (MG) |
| GMAC Mortgage USA Corporation | 12-12031 (MG) |
| GMAC Mortgage, LLC | 12-12032 (MG) |
| GMAC Residential Holding Company, LLC | 12-12033 (MG) |
| GMACRH Settlement Services, LLC | 12-12034 (MG) |
| GMACM Borrower LLC | 12-12035 (MG) |
| GMACM REO LLC | 12-12036 (MG) |
| GMACR Mortgage Products, LLC | 12-12037 (MG) |
| HFN REO Sub II, LLC | 12-12038 (MG) |
| Home Connects Lending Services, LLC | 12-12039 (MG) |
| Homecomings Financial Real Estate Holdings, LLC | 12-12040 (MG) |
| Homecomings Financial, LLC | 12-12042 (MG) |
| Ladue Associates, Inc. | 12-12043 (MG) |
| Passive Asset Transaction, LLC | 12-12044 (MG) |
| PATI A, LLC | 12-12045 (MG) |
| PATI B, LLC | 12-12046 (MG) |
| PATI Real Estate Holdings, LLC | 12-12047 (MG) |
| RAHI A, LLC | 12-12048 (MG) |
| RAHI B, LLC | 12-12049 (MG) |
| RAHI Real Estate Holdings, LLC | 12-12050 (MG) |
| RCSFJV2004, LLC | 12-12051 (MG) |
| Residential Accredit Loans, Inc. | 12-12052 (MG) |
| Residential Asset Mortgage Products, Inc. | 12-12053 (MG) |
| Residential Asset Securities Corporation | 12-12054 (MG) |
| Residential Consumer Services of Alabama, LLC | 12-12055 (MG) |
| Residential Consumer Services of Ohio, LLC | 12-12056 (MG) |
| Residential Consumer Services of Texas, LLC | 12-12057 (MG) |
| Residential Consumer Services, LLC | 12-12058 (MG) |
| Residential Funding Mortgage Exchange, LLC | 12-12059 (MG) |
| Residential Funding Mortgage Securities I, Inc. | 12-12060 (MG) |
| Residential Funding Mortgage Securities II, Inc. | 12-12061 (MG) |
| Residential Funding Real Estate Holdings, LLC | 12-12062 (MG) |
| Residential Mortgage Real Estate Holdings, LLC | 12-12063 (MG) |
| RFC-GSAP Servicer Advance, LLC | 12-12064 (MG) |
| RFC Asset Holdings II, LLC | 12-12065 (MG) |
| RFC Asset Management, LLC | 12-12066 (MG) |
| RFC Borrower LLC | 12-12068 (MG) |
| RFC Construction Funding, LLC | 12-12069 (MG) |
| RFC REO LLC | 12-12070 (MG) |
| RFC SFJV-2002, LLC | 12-12071 (MG) |

# **EXHIBIT D**

| NAME | NOTICE NAME | ADDRESS | CITY | STATE | ZIP |
|------|-------------|---------|------|-------|-----|
| Andrew Windham and Karey Windham vs US Bank NA as | Trustee for Rasc 2005ahl3 | 805 Peachtree St NE Unit 613 | Atlanta | GA | 30308-6018 |
| Athens Clarke County Stormwa | | PO Box 1868 | Athens | GA | 30603-1868 |
| Belmont LLC | C O Beazer Homes Corp | 1000 Abernathy Rd NE Ste 260 | Atlanta | GA | 30328-5648 |
| Cogent Systems | | 5025 Bradenton Ave Ste A | Dublin | OH | 43017-3506 |
| Gmac Mortgage LLC vs Roberto Toth | | 3899 NW 7th St Ste 202 | Miami | FL | 33126-5551 |
| The StoneHill Group Inc | | 1117 Perimeter CTR W Ste E212 | Atlanta | GA | 30338-5417 |
| Thomas James La Casse | | 133 Colony Rd | Longmeadow | MA | 01106-1255 |
| Weiland Financial Group Inc | | 2333 Waukegan Rd Ste 175 | Bannockburn | IL | 60015-1541 |

# **<u>EXHIBIT E</u>**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Todd M. Goren
Alexandra Steinberg Barrage
Jennifer L. Marines

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

|   |   |
|---|---|
| In re: | ) |
|   | ) |
| RESIDENTIAL CAPITAL, LLC, et al., | ) |
|   | ) |
| Debtors. | ) |
|   | ) |

Case No. 12-12020 (MG)

Chapter 11

Jointly Administered

---

**NOTICE OF FILING OF AMENDED PROPOSED ORDER UNDER 11 U.S.C. §§ 105, 363,**
**AND 365 AND FED. R. BANKR. P. 2002, 6004, 6006, AND 9014 (I) APPROVING**
**(A) SALE OF DEBTORS' ASSETS PURSUANT TO ASSET**
**PURCHASE AGREEMENT WITH BERKSHIRE HATHAWAY INC.;**
**(B) SALE OF PURCHASED ASSETS FREE AND**
**CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS;**
**AND (C) RELATED AGREEMENTS; AND (II) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE THAT** on May 14, 2012, the debtors and debtors in possession in

the above-captioned cases (collectively, the "Debtors")[1] filed the *Debtors' Motion Pursuant to 11*

*U.S.C. §§ 105, 363(b), (f), and (m), 365 and 1123, and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014*

*For Orders: (A)(I) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expense*

*Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and Manner of*

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on <u>Exhibit 1</u> to the
*Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC in Support of the Chapter 11 Petitions
and First Day Pleadings* [Docket No. 6].

*Notice Thereof; and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Asset Purchase Agreements Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief* (the "Sale Motion") [Docket No. 61].

**PLEASE TAKE FURTHER NOTICE THAT** on June 28, 2012, in connection with the Sale Motion, the Debtors filed the *Proposed Order Under 11 U.S.C. §§ 105, 363, and 365 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 (I) Approving (A) Sale of Debtors' Assets Pursuant to Asset Purchase Agreement with Berkshire Hathaway Inc.; (B) Sale of Purchased Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; and (C) Related Agreements; and (II) Granting Related Relief* (the "Proposed BH Sale Approval Order") [Docket No. 537].

**PLEASE TAKE FURTHER NOTICE THAT** on November 15, 2012, and in connection with the Sale Motion, the Debtors filed the *Amended Proposed Order Under 11 U.S.C. §§ 105, 363, and 365 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 (I) Approving (A) Sale of Debtors' Assets Pursuant to Asset Purchase Agreement with Berkshire Hathaway Inc.; (B) Sale of Purchased Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; and (C) Related Agreements; and (II) Granting Related Relief* (the "Amended Proposed BH Sale Approval Order"), attached hereto as Exhibit 1. A comparison of the Proposed BH Sale Approval Order and the Amended Proposed BH Sale Approval Order is attached here to as Exhibit 2.

**PLEASE TAKE FURTHER NOTICE** that a copy of the Proposed Amended BH Sale

Approval Order can be viewed and obtained on the Court's internet website at www.nysb.uscourts.gov

and on the independent website maintained by the Debtors, http://www.kccllc.net/rescap. A login and

password to the Court's Public Access to Electronic Court Records ("PACER") are required to access

www.nysb.uscourts.gov and can be obtained through the PACER Service Center at

www.pacer.psc.uscourts.gov.

Dated:  November 15, 2012
        New York, New York

                              /s/ Gary S. Lee
                              Gary S. Lee
                              Todd M. Goren
                              Alexandra Steinberg Barrage
                              Jennifer L. Marines

                              MORRISON & FOERSTER LLP
                              1290 Avenue of the Americas
                              New York, New York 10104
                              Telephone: (212) 468-8000
                              Facsimile: (212) 468-7900

                              *Counsel for the Debtors and
                              Debtors in Possession*

The exhibits to this notice can be viewed and obtained on the Court's internet website at
www.nysb.uscourts.gov and on the independent website maintained by the Debtors,
http://www.kccllc.net/rescap. A login and password to the Court's Public Access to Electronic Court
Records ("PACER") are required to access www.nysb.uscourts.gov and can be obtained through the
PACER Service Center at www.pacer.psc.uscourts.gov.

***** END OF DOCUMENT *****

# **EXHIBIT F**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Todd M. Goren
Alexandra Steinberg Barrage
Jennifer L. Marines

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**NOTICE OF FILING OF PROPOSED ORDER UNDER 11 U.S.C. §§ 105, 363, AND 365 AND
FED. R. BANKR. P. 2002, 6004, 6006, AND 9014 (I) APPROVING
(A) SALE OF DEBTORS' ASSETS PURSUANT TO ASSET
PURCHASE AGREEMENT WITH OCWEN LOAN SERVICING, LLC;
(B) SALE OF PURCHASED ASSETS FREE AND CLEAR OF LIENS,
CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (C) ASSUMPTION
AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND
UNEXPIRED LEASES THERETO; (D) RELATED AGREEMENTS;
AND (II) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE THAT** on May 14, 2012, the debtors and debtors in possession in

the above-captioned cases (collectively, the "Debtors")[1] filed the *Debtors' Motion Pursuant to 11*

*U.S.C. §§ 105, 363(b), (f), and (m), 365 and 1123, and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014*

*For Orders: (A)(I) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expense*

*Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and Manner of*

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC in Support of the Chapter 11 Petitions and First Day Pleadings* [Docket No. 6].

*Notice Thereof; and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Asset Purchase Agreements Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief* (the "Sale Motion") ([Docket No. 61].

**PLEASE TAKE FURTHER NOTICE THAT** on May 18, 2012, in connection with the Sale Motion, the Debtors filed the *Amended Proposed Order Under 11 U.S.C. §§ 105, 363, and 365 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 (I) Approving (A) Sale of Debtors' Assets Pursuant to Asset Purchase Agreement with Nationstar Mortgage, LLC; (B) Sale of Purchased Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (C) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Thereto; and (D) Related Agreements; and (II) Granting Related Relief* (the "Proposed Nationstar Sale Approval Order") [Docket No. 537].

**PLEASE TAKE FURTHER NOTICE THAT** on November 3, 2012, in connection with the Sale Motion, the Debtors filed the *Amended Notice of Successful Bidders at the Auctions and Sales of (A) the Platform Assets to Ocwen Loan Servicing, LLC and (B) the Whole Loan Assets to Berkshire Hathaway Inc. and Notice of Filing (A) Ocwen APA and (B) Amended and Restated BH Legacy APA* [Docket No. 2050].

**PLEASE TAKE FURTHER NOTICE THAT** on November 15, 2012, in connection with the Sale Motion, the Debtors filed the *Proposed Order Under 11 U.S.C. §§ 105, 363, and 365 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 (I) Approving (A) Sale of Debtors' Assets Pursuant to Asset Purchase Agreement with Ocwen Loan Servicing, LLC; (B) Sale of Purchased Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (C) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Thereto; and (D) Related Agreements and (II) Granting Related Relief* (the "Proposed Ocwen Sale Approval Order"), attached hereto as Exhibit 1.    A comparison of the Proposed Nationstar Sale Approval Order and the Proposed Ocwen Sale Approval

Order is attached here to as Exhibit 2.

**PLEASE TAKE FURTHER NOTICE** that a copy of the Proposed Ocwen Sale Approval

Order can be viewed and obtained on the Court's internet website at www.nysb.uscourts.gov and on

the independent website maintained by the Debtors, http://www.kccllc.net/rescap.  A login and

password to the Court's Public Access to Electronic Court Records ("PACER") are required to access

www.nysb.uscourts.gov and can be obtained through the PACER Service Center at

www.pacer.psc.uscourts.gov.

Dated:  November 15, 2012
        New York, New York

                                        /s/ Gary S. Lee
                                        Gary S. Lee
                                        Todd M. Goren
                                        Alexandra Steinberg Barrage
                                        Jennifer L. Marines

                                        MORRISON & FOERSTER LLP
                                        1290 Avenue of the Americas
                                        New York, New York 10104
                                        Telephone: (212) 468-8000
                                        Facsimile: (212) 468-7900

                                        *Counsel for the Debtors and
                                        Debtors in Possession*

The exhibits to this notice can be viewed and obtained on the Court's internet website at www.nysb.uscourts.gov and on the independent website maintained by the Debtors, http://www.kccllc.net/rescap. A login and password to the Court's Public Access to Electronic Court Records ("PACER") are required to access www.nysb.uscourts.gov and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov.

***** END OF DOCUMENT *****

# EXHIBIT G

| NAME | NOTICE NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | ZIP |
|------|-------------|-----------|-----------|------|-------|-----|
| Anthony K and Sonya Miley and | Pureclean | 9001 GA Highway 21 Apt 721 | | Port Wentwrth | GA | 31407-6054 |
| Athens Clarke County Stormwa | | PO Box 1868 | | Athens | GA | 30603-1868 |
| Belinda Okopski and Dennis Okopski V GMAC Mortgage LLC | Landis and Day PLC | PO Box 930792 | | Wixom | MI | 48393-0792 |
| Belmont LLC | c o Beazer Homes Corp | 1000 Abernathy Rd NE Ste 260 | | Atlanta | GA | 30328-5648 |
| Energy Reo | | 7351 Kirkwood Ln N Ste 130 | | Maple Grove | MN | 55369-5219 |
| FNMA VS Janice M Russell | | 1453 Gray St | | Lakewood | CO | 80214-2131 |
| Frances Oels | | 222 Route 72 | | Vincentown | NJ | 08088-9632 |
| General Mortgage Finance Corp | | 5775 Wayzata Blvd Ste 700 | | St Louis Park | MN | 55416-1233 |
| Genpact International | | 42 Old Ridgebury Rd No 1 | | Danbury | CT | 06810-5129 |
| Identity Theft 911 | | 7580 N Dobson Rd Ste 201 | | Scottsdale | AZ | 85256-2702 |
| Jim Farcines Vs Wells Fargo Bank National | Mortgage FSB A Business Entity et al | 148 Maple St Ste H | | Auburn | CA | 95603-5041 |
| Joseph A Connor III Vs GMAC Mortgage LLC on its own and as | agent for LSI Title Agency Inc Karen Balsano on her own and et al | PO Box 157 | | Middletown | CA | 95461-0157 |
| Leonard Taylor Appraisals Inc | | 150 James Way | | Advance | NC | 27006-8516 |
| Leroy Harden And Betty H Collier V Jessica Chiappone Asset | Recovery Fund I LLC Thunder Funding DBA First Class et al | 6 Campbell St | | Amityville | NY | 11701-1805 |
| Logisolve LLC | | 600 Inwood Ave N Ste 275 | | Saint Paul | MN | 55128-1650 |
| Magenic Technologies Inc | | 1600 Utica Ave S Ste 800 | | Minneapolis | MN | 55416-3688 |
| Mrs. Tomekia Moore Rouse | | 73 Apollo Dr | | Hampton | VA | 23669-2005 |
| Omega Credit Trust LLC | | 2630 SW 28th St Ste 61 | | Coconut Grove | FL | 33133-3872 |
| Palmer Lombardi and Donahue | | 515 S Flower St Ste 2100 | | Los Angeles | CA | 90071-2217 |
| Prodigus Opportunity Fund, LLC | | 402 Macy Dr | | Roswell | GA | 30076-6353 |
| Redseal Systems Inc | | 3965 Freedom Cir No 800 | | Santa Clara | CA | 95054-1206 |
| Shane M Haffey on Behalf of Himself and as a | Relator Qui Tam on Behalf of Fayette County Clerk Vs Gentry Mechanical et Al Mckeever Law Offices PLLC | PO Box 1181 | | Isle of Palms | SC | 29451-1181 |
| Soy Manyvorn Lamon Donnell Vs Wells Fargo | Bank Nas as Certificate Holders of Carrington | Mortgage Loan Trust Series et al | 32724 Midway Rd Apt 1134 | Dallas | TX | 75244-6362 |
| The StoneHill Group Inc | | 1117 Perimeter Ctr W Ste E212 | | Atlanta | GA | 30338-5417 |
| United Fidelity Funding Corp | | 1300 NW Briarcliff Pkwy Ste 275 | | Riverside | MO | 64150-7101 |
| Weiland Financial Group Inc | | 2333 Waukegan Rd Ste 175 | | Bannockburn | IL | 60015-1541 |
| William and Frances Gregoire vs Sandy | Broughton Assistant Secretary for Mers and | 2429 N Palo Hacha Dr | | Tucson | AZ | 85745-1098 |

# EXHIBIT H

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Todd M. Goren
Alexandra Steinberg Barrage
Jennifer L. Marines

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**NOTICE OF FILING OF AMENDED PROPOSED ORDER UNDER 11 U.S.C. §§ 105,
363, AND 365 AND FED. R. BANKR. P. 2002, 6004, 6006, AND 9014 (I) APPROVING
(A) SALE OF DEBTORS' ASSETS PURSUANT TO ASSET
PURCHASE AGREEMENT WITH OCWEN LOAN SERVICING, LLC;
(B) SALE OF PURCHASED ASSETS FREE AND CLEAR OF LIENS,
CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (C) ASSUMPTION
AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND
UNEXPIRED LEASES THERETO; (D) RELATED AGREEMENTS;
AND (II) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE THAT** on May 14, 2012, the debtors and debtors in

possession in the above-captioned cases (collectively, the "Debtors")[1] filed the *Debtors' Motion*

*Pursuant to 11 U.S.C. §§ 105, 363(b), (f), and (m), 365 and 1123, and Fed. R. Bankr. P. 2002,*

*6004, 6006, and 9014 For Orders: (A)(I) Authorizing and Approving Sale Procedures, Including*

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1
to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC in Support of the Chapter
11 Petitions and First Day Pleadings* [Docket No. 6].

Break-Up Fee and Expense Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Asset Purchase Agreements Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief (the "Sale Motion") ([Docket No. 61].

**PLEASE TAKE FURTHER NOTICE THAT** on May 18, 2012, in connection with the Sale Motion, the Debtors filed the *Amended Proposed Order Under 11 U.S.C. §§ 105, 363, and 365 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 (I) Approving (A) Sale of Debtors' Assets Pursuant to Asset Purchase Agreement with Nationstar Mortgage, LLC; (B) Sale of Purchased Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (C) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Thereto; and (D) Related Agreements; and (II) Granting Related Relief* (the "Proposed Nationstar Sale Approval Order") [Docket No. 537].

**PLEASE TAKE FURTHER NOTICE THAT** on November 3, 2012, in connection with the Sale Motion, the Debtors filed the *Amended Notice of Successful Bidders at the Auctions and Sales of (A) the Platform Assets to Ocwen Loan Servicing, LLC and (B) the Whole Loan Assets to Berkshire Hathaway Inc. and Notice of Filing (A) Ocwen APA and (B) Amended and Restated BH Legacy APA* [Docket No. 2050].

**PLEASE TAKE FURTHER NOTICE THAT** on November 15, 2012, in connection with the Sale Motion, the Debtors filed the *Proposed Order Under 11 U.S.C. §§ 105, 363, and 365 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 (I) Approving (A) Sale of Debtors' Assets Pursuant to Asset Purchase Agreement with Ocwen Loan Servicing, LLC; (B) Sale of Purchased*

*Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (C) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Thereto; and (D) Related Agreements and (II) Granting Related Relief* (the "<u>Proposed Ocwen Sale Approval Order</u>") [Docket No. 2188].

 **PLEASE TAKE FURTHER NOTICE THAT** on November 19, 2012, in connection with the Sale Motion, the Debtors filed the *Amended Proposed Order Under 11 U.S.C. §§ 105, 363, and 365 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 (I) Approving (A) Sale of Debtors' Assets Pursuant to Asset Purchase Agreement with Ocwen Loan Servicing, LLC; (B) Sale of Purchased Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (C) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Thereto; and (D) Related Agreements and (II) Granting Related Relief* (the "<u>Amended Proposed Ocwen Sale Approval Order</u>"), attached hereto as <u>Exhibit 1</u>.    A comparison of the Proposed Nationstar Sale Approval Order and the Amended Proposed Ocwen Sale Approval Order is attached hereto as <u>Exhibit 2</u>.  A comparison of the Proposed Ocwen Sale Approval Order and the Amended Proposed Ocwen Sale Approval Order is attached hereto as <u>Exhibit 3</u>.

 **PLEASE TAKE FURTHER NOTICE** that a copy of the Proposed Ocwen Sale Approval Order can be viewed and obtained on the Court's internet website at <u>www.nysb.uscourts.gov</u> and on the independent website maintained by the Debtors, <u>http://www.kccllc.net/rescap</u>.  A login and password to the Court's Public Access to Electronic Court Records ("PACER") are required to access <u>www.nysb.uscourts.gov</u> and can be obtained through the PACER Service Center at <u>www.pacer.psc.uscourts.gov</u>.

Dated:  November 20, 2012
       New York, New York

                       /s/ Gary S. Lee
                       Gary S. Lee
                       Todd M. Goren
                       Alexandra Steinberg Barrage
                       Jennifer L. Marines

                       MORRISON & FOERSTER LLP
                       1290 Avenue of the Americas
                       New York, New York 10104
                       Telephone: (212) 468-8000
                       Facsimile: (212) 468-7900

                       *Counsel for the Debtors and*
                       *Debtors in Possession*

The exhibits to this notice can be viewed and obtained on the Court's internet website at www.nysb.uscourts.gov and on the independent website maintained by the Debtors, http://www.kccllc.net/rescap. A login and password to the Court's Public Access to Electronic Court Records ("PACER") are required to access www.nysb.uscourts.gov and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov.

***** END OF DOCUMENT *****

# EXHIBIT I

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Todd M. Goren
Alexandra Steinberg Barrage
Jennifer L. Marines

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) |
| | ) Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) |
| | ) Chapter 11 |
| Debtors. | ) |
| | ) Jointly Administered |
| | ) |

**NOTICE OF FILING OF SECOND AMENDED PROPOSED ORDER UNDER 11 U.S.C. §§
105, 363, AND 365 AND FED. R. BANKR. P. 2002, 6004, 6006, AND 9014 (I) APPROVING
(A) SALE OF DEBTORS' ASSETS PURSUANT TO ASSET
PURCHASE AGREEMENT WITH BERKSHIRE HATHAWAY INC.;
(B) SALE OF PURCHASED ASSETS FREE AND
CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS;
<u>AND (C) RELATED AGREEMENTS; AND (II) GRANTING RELATED RELIEF</u>**

**PLEASE TAKE NOTICE THAT** on May 14, 2012, the debtors and debtors in possession in

the above-captioned cases (collectively, the "<u>Debtors</u>")[1] filed the *Debtors' Motion Pursuant to 11*

*U.S.C. §§ 105, 363(b), (f), and (m), 365 and 1123, and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014*

*For Orders: (A)(I) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expense*

*Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and Manner of*

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on <u>Exhibit 1</u> to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC in Support of the Chapter 11 Petitions and First Day Pleadings* [Docket No. 6].

*Notice Thereof; and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Asset Purchase Agreements Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief* (the "Sale Motion") [Docket No. 61].

**PLEASE TAKE FURTHER NOTICE THAT** on June 28, 2012, in connection with the Sale Motion, the Debtors filed the *Proposed Order Under 11 U.S.C. §§ 105, 363, and 365 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 (I) Approving (A) Sale of Debtors' Assets Pursuant to Asset Purchase Agreement with Berkshire Hathaway Inc.; (B) Sale of Purchased Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; and (C) Related Agreements; and (II) Granting Related Relief* (the "Proposed BH Sale Approval Order") [Docket No. 537].

**PLEASE TAKE FURTHER NOTICE THAT** on November 15, 2012, and in connection with the Sale Motion, the Debtors filed the *Amended Proposed Order Under 11 U.S.C. §§ 105, 363, and 365 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 (I) Approving (A) Sale of Debtors' Assets Pursuant to Asset Purchase Agreement with Berkshire Hathaway Inc.; (B) Sale of Purchased Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; and (C) Related Agreements; and (II) Granting Related Relief* (the "Amended Proposed BH Sale Approval Order") [Docket No. 2181].

**PLEASE TAKE FURTHER NOTICE THAT** on November 19, 2012, and in connection with the Sale Motion, the Debtors filed the *Second Amended Proposed Order Under 11 U.S.C. §§ 105, 363, and 365 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 (I) Approving (A) Sale of Debtors' Assets Pursuant to Asset Purchase Agreement with Berkshire Hathaway Inc.; (B) Sale of Purchased Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; and (C) Related Agreements; and (II) Granting Related Relief* (the "Second Amended Proposed BH Sale Approval Order"), attached hereto as Exhibit 1. A comparison of the Proposed BH Sale Approval Order and the

Second Amended Proposed BH Sale Approval Order is attached hereto as <u>Exhibit 2</u>. A comparison of the Amended Proposed BH Sale Approval Order and the Second Amended Proposed BH Sale Approval Order is attached here to as <u>Exhibit 3</u>.

**PLEASE TAKE FURTHER NOTICE** that a copy of the Proposed Amended BH Sale Approval Order can be viewed and obtained on the Court's internet website at <u>www.nysb.uscourts.gov</u> and on the independent website maintained by the Debtors, <u>http://www.kccllc.net/rescap</u>. A login and password to the Court's Public Access to Electronic Court Records ("PACER") are required to access <u>www.nysb.uscourts.gov</u> and can be obtained through the PACER Service Center at <u>www.pacer.psc.uscourts.gov</u>.

Dated:  November 20, 2012
        New York, New York

/s/ Gary S. Lee
Gary S. Lee
Todd M. Goren
Alexandra Steinberg Barrage
Jennifer L. Marines

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*

The exhibits to this notice can be viewed and obtained on the Court's internet website at
www.nysb.uscourts.gov and on the independent website maintained by the Debtors,
http://www.kccllc.net/rescap. A login and password to the Court's Public Access to Electronic Court
Records ("PACER") are required to access www.nysb.uscourts.gov and can be obtained through the
PACER Service Center at www.pacer.psc.uscourts.gov.

***** END OF DOCUMENT *****

# EXHIBIT J

| NAME | NOTICE NAME | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP |
|------|-------------|----------|----------|------|-------|-----|
| Anthony K and Sonya L Miley and | Delaware Limited Liability Company akadba Residentia Funding et al Nassie Law a Professional Corporation | 4 Elmwood | | Irvine | CA | 92604-3212 |
| Belinda Okopski and Dennis v GMAC Mortgage LLC | Homecommings Financial Network Inc Deutsche | National Bank Trust Company as et al | 8320 Lincoln Blvd No 164 | Los Angeles | CA | 90045-2466 |
| Delia Hernandez V Homecomings Financial LLC A Delaware Corporation MGC Mortgage Inc a Texas Corporation MTC et al | | 222 Route 72 | | Vincentown | NJ | 08088-9632 |
| Frances Oels | Landis and Day PLC | Po Box 930792 | | Wixom | MI | 48393-0792 |
| Francia Carmen Gaunt an Indivisial v | Law Office of Jeremy J Alberts | 125 W Amerige Ave | | Fullerton | CA | 92832-1835 |
| Kevin M. Patterson | Vs GMAC Mortgage LLC Mers Inc Executive Trustee Servicees Inc et al Luby Law Firm | 7455 SW Bridgeport Rd 220 | | Tigard | OR | 97224-7252 |
| Rebecca Niday Formerly Rebecca Lewis Plaintiff | Pureclean | 9001 GA Highway 21 Apt 721 | | Port Wentwrth | GA | 31407-6054 |
| United Fidelity Funding Corp | Patti A. Patterson | 206 Hunters Ln NE | | Rockford | MI | 49341-1354 |
| Young Byeon and Individual V GMAC Mortgage LLC a | | 1300 NW Briarcliff Pkwy Ste 275 | | Riverside | MO | 64150-7101 |