MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Samantha Martin

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| --------------------------------------------------------------------- ) | |
| In re: ) | Case No. 12-12020 (MG) |
| ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et</u> <u>al</u>., ) | Chapter 11 |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |
| ------------------------------------------------------------------------- ) | |

**NOTICE OF FILING OF REVISED EXHIBITS TO DEBTORS' MOTION
FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. § 365(d)(4)(B)(ii)
APPROVING CONSENSUAL EXTENSIONS OF TIME TO ASSUME OR REJECT
<u>CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY</u>**

**PLEASE TAKE NOTICE THAT** on December 3, 2012, the debtors and debtors in

possession (collectively, the "Debtors") filed the *Debtors' Motion for Entry of Order Pursuant to*

*11 U.S.C. § 365(d)(4)(B)(ii) Approving Consensual Extensions of Time to Assume or Reject*

*Certain Unexpired Leases of Nonresidential Real Property* (the "<u>Motion</u>") [Docket 2336].

**PLEASE TAKE FURTHER NOTICE THAT** the Debtors hereby submit a revised

Exhibit 1 to the Motion, the proposed order, a copy of which is annexed hereto as Exhibit 1.

**PLEASE TAKE FURTHER NOTICE THAT** the Debtors hereby submit a revised

Exhibit 2 to the Motion, the List of Consensual Lease Extensions, a copy of which is annexed

hereto as Exhibit 2.

Dated:  December 9, 2012
        New York, New York

                                                        /s/ Gary S. Lee
                                                        Gary S. Lee
                                                        Lorenzo Marinuzzi
                                                        Samantha Martin
                                                        MORRISON & FOERSTER LLP
                                                        1290 Avenue of the Americas
                                                        New York, New York 10104
                                                        Telephone: (212) 468-8000
                                                        Facsimile: (212) 468-7900

                                                        *Counsel for the Debtors and*
                                                        *Debtors in Possession*

# **EXHIBIT 1**

REVISED EXHIBIT 1 TO MOTION

ny-1069210

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ---------------------------------------------------------------------- | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et</u> <u>al</u>., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| ---------------------------------------------------------------------- | ) | |

## ORDER PURSUANT TO 11 U.S.C. § 365(d)(4)(B)(ii) APPROVING CONSENSUAL EXTENSIONS OF TIME TO ASSUME OR REJECT CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY

Upon the Motion, dated December 3, 2012 (the "<u>Motion</u>"),[1] of the debtors and debtors in

possession in the above-captioned cases (collectively, the "<u>Debtors</u>"), pursuant to section

365(d)(4)(B)(ii) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), for entry of an

order approving consensual extensions of the time to assume or reject certain unexpired leases of

nonresidential real property, all as more fully described in the Motion; and the Court having

reviewed the revised exhibits submitted by the Debtors; and the Court having jurisdiction to

consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and

1334 and Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.);

and consideration of the Motion and the relief requested therein being a proceeding pursuant to

28 U.S.C. § 157(b); and due and proper notice of the Motion having been provided, and it

appearing that no other or further notice need be provided; and the Court having found and

determined that the relief sought in the Motion is in the best interests of the Debtors, their

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

estates, creditors, and all parties in interest, and that the legal and factual bases set forth in the

Motion establish just cause for the relief granted herein; and after due deliberation and sufficient

cause appearing therefor; it is hereby ORDERED THAT

1.       The Motion is granted as set forth herein.

2.       The time by which the Debtors may assume or reject the Leases listed on

Exhibit 1 annexed hereto is extended to and including the dates reflected in the column labeled

"Extension Date" as set forth on Exhibit 1.

3.       The listing of a lease or agreement on Exhibit 1 does not constitute a finding by

the Court or an admission by the Debtors or any other party in interest that such lease or

agreement is an unexpired lease of nonresidential real property or that it is eligible for

assumption or rejection pursuant to section 365 of the Bankruptcy Code.

4.       The Lease Amendment annexed to Exhibit 1 is approved.

5.       The Debtors are authorized to take all actions necessary to effectuate the relief

granted pursuant to this Order.

6.       Entry of this Order is without prejudice to the Debtors' right to request further

extensions of the time to assume or reject the Leases in accordance with section 365(d)(4) of the

Bankruptcy Code.

7.       This Court shall retain jurisdiction to hear and determine all matters arising from

or related to this Order.

New York, New York
Date: _____, 2012

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

**Exhibit 1 to Order**

**List of Consensual Lease Extensions[1]**

| Contract Type | Counterparties to the Contracts and Leases to be Assumed | Debtor Parties to the Contracts and Leases to be Assumed | Date of Contract or Lease | Location of Real Property that is the Subject of a Lease to be Assumed | Extension Date |
|---|---|---|---|---|---|
| Lease | Normandale Holdings LLC | Residential Funding Company, LLC | July 7, 2004, as amended, | 8400 Normandale Lake Blvd. Bloomington, MN 55437 | February 28, 2013 |
| Lease | Dallas CPT Fee Owner, L.P. | Residential Funding Company, LLC | December 17, 1993, as amended | 2711 North Haskell Avenue Dallas, TX 75204 | February 28, 2013 |
| Lease | 2255 Partners L.P. | Residential Funding Company, LLC | October 15, 1999, as amended | 2255 N. Ontario Street Burbank, CA  91504 | February 28, 2013 |
| Lease[2] | Liberty Property Limited Partnership | GMAC Mortgage, LLC | January 31, 2006, as amended | 1100 Virginia Drive Fort Washington, PA 19034--3200 | December 31, 2012 |

---

[1] Inclusion of any lease, contract, or agreement on this Exhibit 1 shall not constitute an admission as to the determination of the legal status of any lease, contract, or agreement (including whether any lease, contract, or agreement is an unexpired lease of nonresidential real property, a true lease, or a financing arrangement). The Debtors reserve all of their rights to reclassify or recharacterize any lease, contract, or agreement listed on this Exhibit 1.

[2] As a condition to agreeing to the extension, the landlord required the Debtors to enter into a lease amendment (the "Lease Amendment") by which (i) the Debtors are to relinquish 100,000 to 125,000 square feet of space to the landlord at the landlord's option, and (ii) the Debtors lifted a restriction in the lease to allow the landlord to lease certain warehouse space on the premises, along with 100 parking spaces.  A copy of the Lease Amendment is annexed hereto as Annex 1.

**Annex 1 to Exhibit 1 to Order**

**Lease Amendment**

## SECOND AMENDMENT TO LEASE AGREEMENT

**THIS SECOND AMENDMENT** is made this 7ᵗʰ day of December, 2012, by and between **LIBERTY PROPERTY LIMITED PARTNERSHIP**, a Pennsylvania limited partnership ("Landlord"), and **GMAC MORTGAGE, LLC**, a Delaware limited liability company ("Tenant").

### BACKGROUND:

A.     Landlord and Tenant (then known as GMAC Mortgage Corporation) entered into a Lease Agreement dated January 31, 2006 (the "Original Lease"), covering premises containing approximately 450,000 rentable square feet (the "Premises"), located in Landlord's building (the "Building") at 1100 Virginia Drive, Fort Washington, Pennsylvania, as more fully described in the Lease.

B.     Landlord and Tenant entered into a First Amendment to Lease Agreement dated November 18, 2009 (the "First Amendment" and, together with the Original Lease, collectively, the "Lease"), modifying the Original Lease in certain respects.

C.     On May 14, 2012, Tenant and numerous related debtors filed voluntary petitions under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§101, et. seq., in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") and Tenant is one of the debtors in In re: Residential Capital, LLC, et al., Case No. 12-12020 (MG) (the "Bankruptcy Case").

D.     The time for Tenant to assume or reject the Lease in the Bankruptcy Case currently expires on December 10, 2012 and Tenant has requested that Landlord agree, subject to this Second Amendment being executed and approved, to further extend the time for Tenant to assume or reject the Lease.

E.     Landlord is currently negotiating a lease (the "Ally Lease") for a portion of the Premises (the "Ally Space") with Ally Financial Inc. or an affiliate thereof ("Ally") and, if the Ally Lease is executed, Landlord desires Tenant to vacate and surrender the Ally Space. Tenant is willing to vacate and surrender the Ally Space, provided that Base Rent and Tenant's Pro Rata Share are proportionately reduced and that Landlord waives any right to rejection damages in the Bankruptcy Case with respect to the Ally Space portion of the Lease.

**NOW, THEREFORE,** the parties hereto, in consideration of the mutual promises and covenants contained herein and in the Lease, and intending to be legally bound hereby, agree that the Lease is amended as follows:

1.     All capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to them in the Lease.

2.     Landlord agrees that the time for Tenant to assume or reject the Lease in the Bankruptcy Case is hereby extended to December 31, 2012. For the avoidance of doubt,

Tenant's execution of this Second Amendment, and any request for Court approval hereof, shall in no way be construed as an assumption of the Lease.

3.    Section 1(b) of the Original Lease, entitled "Parking", is amended to reduce parking available for Tenant's use from "a minimum of six (6) paved parking spaces for each 1,000 rentable square feet of the Premises" to "a minimum of 5.78 paved parking spaces for each 1,000 rentable square feet of the Premises.".

4.    Section 14(c) of the Original Lease, entitled "Leasing Restrictions," is hereby replaced with the following: "Landlord shall have the right to lease the G&A Space for warehouse use, provided that such lease includes rights to no more than 100 unreserved paved parking spaces."

5.    Section 36 of the Original Lease, entitled "Tenant's Expansion Rights," is hereby deleted except for the first two sentences, which remain.

6.    Section 38 of the Original Lease, entitled "Expansion - Courtyard Addition," is hereby deleted in its entirety.

7.    Section 39 of the Original Lease, entitled "Expansion - G&A Space," and Sections 2, 3, 4 and 5 of the First Amendment, are hereby deleted in their entirety.

8.    In the event Landlord and Ally enter into the Ally Lease, Landlord shall notify Tenant thereof in writing ("Landlord's Notice"), and:

(a)    The Lease shall be deemed automatically amended to reflect the following:

(i)    The Ally Space shall be between 100,000 rentable square feet and 125,000 rentable square feet. Landlord's Notice will confirm the actual rentable square feet and the Ally Space will be contained materially within the purple cross hatched space on the attached plan labeled Exhibit A, which is incorporated herein.

(ii)    Tenant shall vacate and surrender the Ally Space to Landlord or Ally, at Landlord's direction, on the date designated in Landlord's Notice (the "Surrender Date"), leaving the Ally Space in "as is" condition. This will supersede and fulfill all surrender obligations of Tenant under the Lease related to such Ally Space. Landlord and Tenant both acknowledge that the Premises are currently fully occupied and there will need to be coordination between Ally and Tenant in moving personnel related to such Surrender, both with respect to logistics and timing.

(iii)    Effective on the Surrender Date, the number of rentable square feet in the Premises shall be reduced by the number of rentable square feet in the Ally Space and Base Rent and Tenant's Pro Rata Share under the Lease shall be reduced proportionately to reflect the remaining number of rentable square feet in the Premises.

2

(iv)     Landlord shall, at its sole expense, demise the Ally Space from the remainder of the Premises before the Surrender Date and, if necessary, separate utility services thereto.

(b)     Landlord shall be deemed to have waived any lease rejection claim it may have in the Bankruptcy Case with respect to the Ally Space or the proportionate part of the Rent payable under the Lease with respect to the Ally Space on or after the Surrender Date, it being expressly agreed and understood that Landlord does not waive and shall not be deemed to have waived any lease rejection claim with respect to the remainder of the Premises or the Rent payable under the Lease for such space on and after the Surrender Date.

(c)     On or prior to the Surrender Date, Landlord shall confirm in writing to Tenant the revised boundaries of the Premises, the revised Base Rent and the revised Tenant's Pro Rata Share, all of which shall be binding on Tenant absent error.

9.     Tenant acknowledges and agrees that the Lease is in full force and effect and Tenant has no claims or offsets against Rent due or to become due hereunder, subject to any rights pursuant to the Bankruptcy Code.

10.     Except as expressly modified herein, the terms and conditions of the Lease shall remain unchanged and in full force and effect.  Specifically, without limitation, in the event of any default by Tenant of any of its obligations under the Lease, as hereby amended, Landlord shall be entitled to pursue all remedies available under the Lease, as hereby amended, or otherwise at law or in equity.

11.     This Second Amendment shall be binding upon and inure to the benefit of the parties and their respective successors and permitted assigns.

12.     The obligations of the parties hereunder are contingent upon the entry of a final Order by the Bankruptcy Court approving this Second Amendment.

13.     This Second Amendment may be executed in counterparts, each of which shall be an original and all of which counterparts taken together shall constitute one and the same document. Signatures to this Second Amendment transmitted by e-mail in PDF format shall be valid and effective to bind the party so signing. Each party agrees to promptly deliver an execution original of this Second Amendment with its actual signature to the other party by overnight courier, but a failure to do so shall not affect the enforceability of this Second Amendment.

*[Remainder of page intentionally left blank]*

3

IN WITNESS WHEREOF, Landlord and Tenant have executed this Second
Amendment as of the day and year first above written.

      **LANDLORD:**
      **LIBERTY PROPERTY LIMITED PARTNERSHIP**
      By:    Liberty Property Trust, Sole General Partner

      By: _____
      Name: James J. Mazzarelli, Jr.
      Title: Senior Vice President,
            Regional Director

      **TENANT:**
      **GMAC MORTGAGE, LLC**

      By: _____
      Name:   Patrick D. Lerch
      Title:   Portfolio Manager

4

# EXHIBIT 2

REVISED EXHIBIT 2 TO MOTION

**Exhibit 2 to Motion**

**List of Consensual Lease Extensions[1]**

| Contract Type | Counterparties to the Contracts and Leases to be Assumed | Debtor Parties to the Contracts and Leases to be Assumed | Date of Contract or Lease | Location of Real Property that is the Subject of a Lease to be Assumed | Extension Date |
|---|---|---|---|---|---|
| Lease | Normandale Holdings LLC | Residential Funding Company, LLC | July 7, 2004, as amended, | 8400 Normandale Lake Blvd Bloomington, MN 55437 | February 28, 2013 |
| Lease | Dallas CPT Fee Owner, L.P. | Residential Funding Company, LLC | December 17, 1993, as amended | 2711 North Haskell Avenue Dallas, TX 75204 | February 28, 2013 |
| Lease | 2255 Partners L.P. | Residential Funding Company, LLC | October 15, 1999, as amended | 2255 N. Ontario Street Burbank, CA 91504 | February 28, 2013 |
| Lease[2] | Liberty Property Limited Partnership | GMAC Mortgage, LLC | January 31, 2006, as amended | 1100 Virginia Drive Fort Washington, PA 19034—3200 | December 31, 2012 |

[1] Inclusion of any lease, contract, or agreement on this Exhibit 2 shall not constitute an admission as to the determination of the legal status of any lease, contract, or agreement (including whether any lease, contract, or agreement is an unexpired lease of nonresidential real property, a true lease, or a financing arrangement). The Debtors reserve all of their rights to reclassify or recharacterize any lease, contract, or agreement listed on this Exhibit 2.

[2] As a condition to agreeing to the extension, the landlord required the Debtors to enter into a lease amendment (the "Lease Amendment") by which (i) the Debtors are to relinquish 100,000 to 125,000 square feet of space to the landlord at the landlord's option, and (ii) the Debtors lifted a restriction in the lease to allow the landlord to lease certain warehouse space on the premises, along with 100 parking spaces. The Debtors are seeking approval of the Lease Amendment, a copy of which is annexed hereto as Annex 1.

ny-1069210

**Annex 1 to Exhibit 2 to Motion**

**Lease Amendment**

ny-1069210

## SECOND AMENDMENT TO LEASE AGREEMENT

**THIS SECOND AMENDMENT** is made this 7ᵗʰ day of December, 2012, by and between **LIBERTY PROPERTY LIMITED PARTNERSHIP**, a Pennsylvania limited partnership ("Landlord"), and **GMAC MORTGAGE, LLC**, a Delaware limited liability company ("Tenant").

## BACKGROUND:

A.     Landlord and Tenant (then known as GMAC Mortgage Corporation) entered into a Lease Agreement dated January 31, 2006 (the "Original Lease"), covering premises containing approximately 450,000 rentable square feet (the "Premises"), located in Landlord's building (the "Building") at 1100 Virginia Drive, Fort Washington, Pennsylvania, as more fully described in the Lease.

B.     Landlord and Tenant entered into a First Amendment to Lease Agreement dated November 18, 2009 (the "First Amendment" and, together with the Original Lease, collectively, the "Lease"), modifying the Original Lease in certain respects.

C.     On May 14, 2012, Tenant and numerous related debtors filed voluntary petitions under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§101, et. seq., in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") and Tenant is one of the debtors in <u>In re: Residential Capital, LLC, et al.</u>, Case No. 12-12020 (MG) (the "Bankruptcy Case").

D.     The time for Tenant to assume or reject the Lease in the Bankruptcy Case currently expires on December 10, 2012 and Tenant has requested that Landlord agree, subject to this Second Amendment being executed and approved, to further extend the time for Tenant to assume or reject the Lease.

E.     Landlord is currently negotiating a lease (the "Ally Lease") for a portion of the Premises (the "Ally Space") with Ally Financial Inc. or an affiliate thereof ("Ally") and, if the Ally Lease is executed, Landlord desires Tenant to vacate and surrender the Ally Space. Tenant is willing to vacate and surrender the Ally Space, provided that Base Rent and Tenant's Pro Rata Share are proportionately reduced and that Landlord waives any right to rejection damages in the Bankruptcy Case with respect to the Ally Space portion of the Lease.

**NOW, THEREFORE,** the parties hereto, in consideration of the mutual promises and covenants contained herein and in the Lease, and intending to be legally bound hereby, agree that the Lease is amended as follows:

1.     All capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to them in the Lease.

2.     Landlord agrees that the time for Tenant to assume or reject the Lease in the Bankruptcy Case is hereby extended to December 31, 2012. For the avoidance of doubt,

Tenant's execution of this Second Amendment, and any request for Court approval hereof, shall in no way be construed as an assumption of the Lease.

3.      Section 1(b) of the Original Lease, entitled "<u>Parking</u>", is amended to reduce parking available for Tenant's use from "a minimum of six (6) paved parking spaces for each 1,000 rentable square feet of the Premises" to "a minimum of 5.78 paved parking spaces for each 1,000 rentable square feet of the Premises.".

4.      Section 14(c) of the Original Lease, entitled "<u>Leasing Restrictions</u>," is hereby replaced with the following: "Landlord shall have the right to lease the G&A Space for warehouse use, provided that such lease includes rights to no more than 100 unreserved paved parking spaces."

5.      Section 36 of the Original Lease, entitled "<u>Tenant's Expansion Rights</u>," is hereby deleted except for the first two sentences, which remain.

6.      Section 38 of the Original Lease, entitled "<u>Expansion - Courtyard Addition</u>," is hereby deleted in its entirety.

7.      Section 39 of the Original Lease, entitled "<u>Expansion - G&A Space</u>," and Sections 2, 3, 4 and 5 of the First Amendment, are hereby deleted in their entirety.

8.      In the event Landlord and Ally enter into the Ally Lease, Landlord shall notify Tenant thereof in writing ("Landlord's Notice"), and:

(a)      The Lease shall be deemed automatically amended to reflect the following:

(i)      The Ally Space shall be between 100,000 rentable square feet and 125,000 rentable square feet. Landlord's Notice will confirm the actual rentable square feet and the Ally Space will be contained materially within the purple cross hatched space on the attached plan labeled Exhibit A, which is incorporated herein.

(ii)      Tenant shall vacate and surrender the Ally Space to Landlord or Ally, at Landlord's direction, on the date designated in Landlord's Notice (the "Surrender Date"), leaving the Ally Space in "as is" condition. This will supersede and fulfill all surrender obligations of Tenant under the Lease related to such Ally Space. Landlord and Tenant both acknowledge that the Premises are currently fully occupied and there will need to be coordination between Ally and Tenant in moving personnel related to such Surrender, both with respect to logistics and timing.

(iii)      Effective on the Surrender Date, the number of rentable square feet in the Premises shall be reduced by the number of rentable square feet in the Ally Space and Base Rent and Tenant's Pro Rata Share under the Lease shall be reduced proportionately to reflect the remaining number of rentable square feet in the Premises.

ResCap - Comments to Lease/ny-1069235

          (iv)    Landlord shall, at its sole expense, demise the Ally Space from the remainder of the Premises before the Surrender Date and, if necessary, separate utility services thereto.

          (b)    Landlord shall be deemed to have waived any lease rejection claim it may have in the Bankruptcy Case with respect to the Ally Space or the proportionate part of the Rent payable under the Lease with respect to the Ally Space on or after the Surrender Date, it being expressly agreed and understood that Landlord does not waive and shall not be deemed to have waived any lease rejection claim with respect to the remainder of the Premises or the Rent payable under the Lease for such space on and after the Surrender Date.

          (c)    On or prior to the Surrender Date, Landlord shall confirm in writing to Tenant the revised boundaries of the Premises, the revised Base Rent and the revised Tenant's Pro Rata Share, all of which shall be binding on Tenant absent error.

          9.    Tenant acknowledges and agrees that the Lease is in full force and effect and Tenant has no claims or offsets against Rent due or to become due hereunder, subject to any rights pursuant to the Bankruptcy Code.

          10.    Except as expressly modified herein, the terms and conditions of the Lease shall remain unchanged and in full force and effect. Specifically, without limitation, in the event of any default by Tenant of any of its obligations under the Lease, as hereby amended, Landlord shall be entitled to pursue all remedies available under the Lease, as hereby amended, or otherwise at law or in equity.

          11.    This Second Amendment shall be binding upon and inure to the benefit of the parties and their respective successors and permitted assigns.

          12.    The obligations of the parties hereunder are contingent upon the entry of a final Order by the Bankruptcy Court approving this Second Amendment.

          13.    This Second Amendment may be executed in counterparts, each of which shall be an original and all of which counterparts taken together shall constitute one and the same document. Signatures to this Second Amendment transmitted by e-mail in PDF format shall be valid and effective to bind the party so signing. Each party agrees to promptly deliver an execution original of this Second Amendment with its actual signature to the other party by overnight courier, but a failure to do so shall not affect the enforceability of this Second Amendment.

*[Remainder of page intentionally left blank]*

IN WITNESS WHEREOF, Landlord and Tenant have executed this Second Amendment as of the day and year first above written.

**LANDLORD:**
**LIBERTY PROPERTY LIMITED PARTNERSHIP**
By:    Liberty Property Trust, Sole General Partner

By: _____
        Name: James J. Mazzarelli, Jr.
        Title:  Senior Vice President,
                Regional Director

**TENANT:**
**GMAC MORTGAGE, LLC**

By: _____
        Name:    Patrick D. Lerch
        Title:      Portfolio Manager

4

ResCap - Comments to Lease/ny-1069235