When recorded return to:
ALBINA TIKOHONOV- Property Owner
c/o GENNADY TIKHONOV –AUTHORIZED TRUSTEE
on behalf of the debtor: LEONID OVSOVICH
14713 VALLEYHEART DR
SHERMAN OAKS, CALIFORNIA, 91403-1601

DEC - 7 2012

November 28, 2012
Assessor Number:      [2263-021-013]
Instrument Number:    [06 0841080]
Loan Number:          [0270002411]
Property Address:     [14713 VALLEYHEART DR, SHERMAN OAKS, CALIFORNIA, 91403-1601]

Space above this line for Recorder's use only

**NOTICE TO CEASE AND DESIST**
*Notice to Agent is Notice to Principal*
*Notice to Principal is Notice to Agent*

*To: attn: of Executive Trustee's Agent /representative*

***MONIQUE   D. –***
          REINSTATEMENT AND PAY-OFF REQUEST DEPARTMENT

*Per our conversation yesterday morning 0n 11/28*th/ *2012* GENNADY TIKHONOV –
AUTHORIZED TRUSTEE on behalf of the debtor: LEONID OVSOVICH

**NOTICE OF DISPUTE OF THE VALIDITY OF YOUR NOTICE TRUSTEE'S SALE
SCHEDULED DATE OF SALE 12/10/2012 – BY PARTY INTEREST ALBINA TIKHONOV**

Notice is hereby given to the following parties:

**Executive Trustee Services, LLC dba ETS Services, LLC]** *(Alleged* Former trustee on
Deed of Trust # 06 0841080 and MERS (former beneficiary) on Deed of Trust # [06
0841080), and RESIDENTIAL CAPTIAL, LLC (former lender on Deed of Trust # [06
0841080

To CEASE AND DESIST from any further action in regards to Deed of Trust [06 0841080] - filed
in LOS ANGELES County Recorder's Office, LOS ANGELES county, CALIFORNIA.

1.  **Notice of violation of trustee under 2924g and 2934 (a)(d), of California Civil Code
    of procedure.**
2.  **See attached Exhibits "A1"- GRANT DEED   a true & correct copy of the Property
    owner Albina Tikhonov perfection of interest in the subject property date in 2008**
3.  *The Original lender shown on the face of the negotiable instrument the Deed of Trust #06
    0841080 is RESIDENTIAL CAPTIAL, LLC , et al*
4.  *Albina Tikhonov has been caused to served CONSTRUCTIVE NOTICE THAT*
    RESIDENTIAL CAPTIAL, LLC , et al **HAS FILED BANKRUPTCY  COURT SOUTHERN
    DISTRICT OF NEW YORK**
5.  **See attached Exhibits "B 1, 2, 3, 4, 5, 6, 7, … UNITED STATES BANKRUPTCY
    TRUSTEE OF NEW YORK NOTICE OF PENDING TRUSTEE BY THE DEBTOR**

1/5

==RESIDENTIAL CAPTIAL, LLC, - CASE DOCKET # 12-12020 (MG) IS STILL IN BANKRUPTCY UNDER A CHAPTER 11 FILED 6/ 29/ 2012- THE STATE OF NEW YORK HAS JURSIDICATION OVER THE SUBJECT PROPERTY –==

6.  THE DEBT **Executive Trustee Services, LLC dba ETS Services, LLC** is ATTEMPTING TO COLLECT ON  without being lawfully authorized and is in violation of California Debt Collector's Act .

7.  **Executive Trustee Services, LLC dba ETS Services, LLC as not lawfully assigned based on the new discovery of the pending U.S. BK COURT'S CAS E NO. 12-12020(MG) CHAPTER 11 IN THE STATE OF NEW YORK**

8.  The Beneficiary is/ was not the Note Holder of Due Course and has no Standing and right of enforcement on foreclosure actions.

9.  The Beneficiary is/ was **not a Creditor in this Loan** and can never prove it before a court.

10. The Beneficiary has already sold the Promissory Note and **can not fulfill the requirement of presentment under U.C.C ARTICLE 3 -§3-501 (b) 2 (1).**

11. *MERS has no interest in Note to transfer as*
    **Described herein.** There can be no beneficial ownership in the Deed of Trust as it is nothing more than security for the promissory note. *As such, like MERS: GMAC MORTGAGE NOR JPMORGAN CHASE could not transfer any Interest in the Deed of Trust to another*

12. LET THIS BE NOTICE THAT THERE ARE TWO CREDITOR'S MAKING CLAIMS ON THE SAME COLLECTION AND ENFORCEMENT RIGHTS AS THE ASSIGNEE OF THE ORIGINAL LENDER'S [RESIDENTIAL CAPTIAL, LLC]'S- PROMISSORY NOTE AND DEED OF TRUST AT ISSUE  # 06 0841080

13. STOP ALL PENDING SALE AS A TRUSTEE AND INVESTIGATE THE CLAIMS ASSERTED HEREIN BY THE CLAIMANT ALBINA TIHKONOV – the property owner in possession

14. ==In accordance with the Fair Debt Collector's Act You are **DEMANDED TO CEASE & DESIST AT ONCE**==

15. ==30 DAYS  POSTPONMENT IS DEMANDED AND YOUR RESPONSE WILL BE MANDATED WITHIN A TIMELY MANNER BY ( Federal Statutes )==


Should you proceed with any foreclosure or quite title action against my equitable interest held and as evidenced by my Grant Deed Recorded, Delivered, and has been duly acknowledged me, I swear by the Bible and all that is holy, **I/we will sue you for a wrongful foreclosure for 3 times the value of the loan.**

The Beneficiary <u>can not prove any of these claims in court</u>. As **Trustee, you will/ and or has also be named in my civil action**.  You have been warned.  Govern yourself accordingly.


==**DEMAND IS MADE**==

Any and all records, assets, and items belonging to said Trust are here by demanded to be turned over to the **GENNADY TIKHONOV** –AUTHORIZED TRUSTEE on behalf of trustor **LEONID, OVSOVICH** as shown hereto above and current holder of title to said property and Grantee, **ALBINA TIKOHONOV- REAL PARTY  INTEREST** immediately.


**TERMINATION OF INDENTURES**
*Notice to Agent is Notice to Principal*
*Notice to Principal is Notice to Agent*

2/5

All previous terms on Deed of Trust # 06 0841080 are hereby revoked due to insufficient proof of claim.

## REVOCATION OF POWER OF ATTORNEY
*Notice to Agent is Notice to Principal*
*Notice to Principal is Notice to Agent*

I, [ALBINA TIKOHONOV- REAL PARTY IN INTEREST
c/o GENNADY TIKHONOV –AUTHORIZED TRUSTEE
on behalf of the debtor: LEONID OVSOVICH], Grantor and Trustor, hereby revoke any
and all powers of attorney granted to:

**Executive Trustee Services, LLC dba ETS Services, LLC** (*alleged* former trustee on Deed of Trust # <u>06 0841080</u>, and MERS (former beneficiary on Deed of Trust # <u>06 0841080</u>, and RESIDENTIAL CAPTIAL, LLC, et al **(former lender on Deed of Trust # <u>06 0841080</u>,**

The Beneficiary has been given ample opportunities to provide proof of claim through a **private administrative procedure.** However, they have not been able to provide valid proof of claim in the time allowed under Federal Rules of Civil Procedures. A Notice of Lender's Default have been issued and notified to all parties.

*Notice to Agent is Notice to Principal*
*Notice to Principal is Notice to Agent*

## CERTIFICATION

I, **ALBINA TIKOHONOV- Owner of Title / Holder in Due Course** and **c/o GENNADY TIKHONOV –
AUTHORIZED TRUSTEE on behalf of the debtor:** LEONID OVSOVICH under full liability, do say that
I/WE have read the above NOTICE TO CEASE AND DESIST, TERMINATION OF INDENTURES, and
NOTICE OF COPYRIGHT and do know the contents to be true, correct, and complete, and not
misleading, the truth, the whole truth, and nothing but the truth.

_____        *11· 29· 12*
**ALBINA TIKOHONOV**                                      date

### NOTARY

I, _Oren Mizrahie_ , a notary public residing in [Notary County] county, *Los Angeles*
*California* [NOTARY STATE] state, do say that on the date of _November 29_ , 2012, that a man known
to me as [Borrower] did appear before me in his true character and did attach his autograph to
the above document.→ *Albina Tikohonov*

_____ *OREN· ∧*                                        _11/29/12_
**NOTARY**                                                          date

**Seal**

OREN MIZRAHIE
Commission # 1956126
Notary Public - California
Los Angeles County
My Comm. Expires Nov 9, 2015

**Attached inclusive:**

1. **Exhibits "A1"- <u>GRANT DEED</u>** a true & correct copy of the Property owner Albina
Tikhonov perfection of interest in the subject property date in 2008

2. Exhibits "B 1, 2, 3, 4, 5, 6, 7, ...
UNITED STATES BANKRUPTCY TRUSTEE OF NEW YORK NOTICE OF PENDING TRUSTEE BY THE DEBTOR RESIDENTIAL CAPTIAL, LLC, - CASE DOCKET # 12-12020 (MG)  CHAPTER 11 FILED  6/ 29/ 2012

THE OFFICE THAT IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE:

**Executive Trustee Services, LLC dba ETS Services, LLC**

SERVED ON AGENT /REPRESENATIVE VIA
FAX # 818 260-1850
    Cc : via registered U.S. Postal mail carrier

UPON

1.   MERS
PO                                    Box                                    2026,
Flint, MI 48501-2026N

2.  . Executive Trustee Services, LLC dba ETS Services, LLC AS THE ALLGED ASSIGNEED TRUSTEE FOR OCWEN AND BOTH THE BANK OF NEW YORK MELLON AND J.P MORGAN N.A.  (CHASE)

2255 N. ONTARIO STREET SUITE 400,
BURBANK CA 91504-3120

**REINSTATEMENT AND PAY-OFF REQUEST DEPARTMENT**

Noted: ( Agent MONIQUE   D- working under the scope of authority on behalf of the alleged lawfully assigned Executive Trustee Services, LLC dba ETS Services,  under said deed of trust # 06- 0841080 ) on 11/28/2012 at 11:00 p.pm  did  refused to provided Consumer/ Property Owner Albina Tikhonov  full identity just last initial)

3.  TO BANKRUPTCY  COURT SOUTHERN DISTRICT OF NEW YORK  CASE# 12-12020 (MG)
             CHAPTER 11 TRUSTEE IN NEW YORK

THE ATTN: OF HONORABLE MARTIN GLENN, UNITED STATES BANKRUPTCY JUDGE, IN COURTROOM 501 OF THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTH DISTRICT OF NEW YORK , ONE BOWLING GREEN, NEW YORK, NEW YORK , 10004-1408
  C/O U.S. TRUSEEE ASSIGNED THERE TO CASE 12-12020 (MG)
CHAPTER 11

# EXHIBIT A

This page is part of your document - DO NOT DISCARD 



**20081303344** Pages: 004



Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

07/22/08 AT 08:00AM

| | |
|---|---|
| Fee: | 30.05 |
| Tax: | 0.00 |
| Other: | 0.00 |
| Total: | 30.00 |

Title Company

TITLE(S) : _____

L E A D    S H E E T

Assessor's Identification Number (AIN)
To be completed by Examiner OR Title Company in black ink.    Number of AIN's Shown

 THIS FORM IS NOT TO BE DUPLICATED 

2

RECORDING REQUESTED BY
FIRST AMERICAN TITLE COMPANY
AS AN ACCOMMODATION ONLY

AND WHEN RECORDED MAIL TO:

The Akselrod Family Trust
12400 Wilshire blvd. #1250
Los Angeles, CA 90025

07/22/08

20081303344

Order No.:
Escrow No.:
APN: 2263-021-013

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# DEED OF TRUST

This Deed of Trust, made this 15th day of July 2008, between Albina Tikhonov, herein called TRUSTOR, whose address is 14713 Valleyheart Dr., Sherman Oaks, Ca 91403. United Capital Title, herein called TRUSTEE, and The Akselrod Family Trust UTD January 24,2000, herein called BENEFICIARY,

Witnesseth: That Trustor IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS to TRUSTEE IN TRUST, WITH POWER OF SALE, that property in Los Angeles County, California, described as:

Lot 15, block 27 of tract no. 7307, in the city of Los Angeles, county of Los Angeles, state of California, as per map recorded in book 85 pages 1 through 5 inclusive of maps, in the office of the county recorder of said county.

Also known as: 14713 Valleyheart drive, Sherman Oaks, CA 91403

TOGETHER WITH the rents, issues and profits thereof, subject, however, to the right, power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such rents, issues and profits.

For the Purpose of Securing:

1. Performance of each agreement of Trustor herein contained. 2. Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension or renewal thereof, in the principal sum of $100,000 executed by Trustor in favor of Beneficiary or order. 3. Payment of such further sums as the then record owner of such property hereafter may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured.

To Protect the Security of This Deed of Trust, Trustor Agrees:

(1) To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

(2) To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(3) To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's

1

fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed.

(4) To pay: at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock, when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may: make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(5) To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(6) That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(7) That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(8) That at any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(9) That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto."

(10) That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(11) That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place

2

LOS ANGELES,CA    DOCUMENT: TD 2008.1303344

Printed on 11/18/2011 4:09:12 PM    Provided by DataTrace System

4

of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of his Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

(12) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(13) That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledgees, of the note secured hereby, whether or not named as Beneficiary herein. In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(14) That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

_____
Albina Tikhonov

STATE OF CALIFORNIA            )
                            ) SS.

COUNTY OF Los Angeles

On  July 15th , 2008 before me,  Zoya Vladimirskaya  , Notary Public, personally appeared
_____ Albina Tikhonov _____
who proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature_____

ZOYA VLADIMIRSKAYA
COMM. #1714021
Notary Public - California
Los Angeles County
My Comm. Expires Jan. 3, 2011

FOR NOTARY STAMP

3

This page is part of your document - DO NOT DISCARD



06 0841080

RECORDED/FILED IN OFFICIAL RECORDS
RECORDER'S OFFICE
LOS ANGELES COUNTY
CALIFORNIA
**04/18/06 AT 08:00am**

## TITLE(S) :



L E A D    S H E E T

FEE                                          D.T.T.

FEE $ 79 FF
DAF $ 2
C-20                    25

CODE
20

CODE
19

CODE
9

NOTIFICATION SENT 94

Assessor's Identification Number (AIN)
To be completed by Examiner OR Title Company in black ink.        Number of AIN's Shown

THIS FORM IS NOT TO BE DUPLICATED

06  0841080

RECORDED AT THE REQUEST OF
CHICAGO TITLE COMPANY

Recording Requested By:
MORTGAGEIT

Return To:
MORTGAGEIT

1350 DEMING WAY, 3RD FLOOR
MIDDLETON, WI 53562

Prepared By:



{Space Above This Line For Recording Data}

# DEED OF TRUST

LOAN NO:
ESCROW NO:

MIN
MERS Phone: 1-888-679-6377

### DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in
Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are
also provided in Section 16.

(A) "Security Instrument" means this document, which is dated     APRIL 08, 2006
together with all Riders to this document.

(B) "Borrower" is
LEONID  OVSOVICH, AN UNMARRIED MAN

Borrower's address is 14713 VALLEYHEART DRIVE, LOS ANGELES (SHERMAN OAKS AREA), CA  91403
Borrower is the trustor under this Security Instrument.

(C) "Lender" is
MORTGAGEIT, INC.

Lender is a  CORPORATION
organized and existing under the laws of  NEW YORK

Initials   LO

CALIFORNIA-Single Family-Fannie Mac/Freddie Mac UNIFORM INSTRUMENT WITH MERS          Form 3005  1/01
VMP-6A(CA) (0207)                                    Page 1 of 15          LENDER SUPPORT SYSTEMS, INC MERSGACA.NEW (05/04)

RECORDER MEMO: This COPY is NOT an OFFICIAL RECORD.



**This page is part of your document - DO NOT DISCARD**



## 20111112578



Pages:
0002

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**08/18/11 AT 08:00AM**

| | |
|---|---:|
| FEES: | 18.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 18.00 |



**LEADSHEET**





**SEQ:
06**

DAR - Title Company (Hard Copy)





**THIS FORM IS NOT TO BE DUPLICATED**

t35

RECORDER MEMO: THIS COPY IS NOT an OFFICIAL RECORD.



RECORDER MEMO: This COPY is NOT an OFFICIAL RECORD.

2

Requested and Prepared by:
Executive Trustee Services, LLC



09/18/2011

*20111112578*

When Recorded Mail To:
Executive Trustee Services, LLC
2255 North Ontario Street, Suite 400
Burbank, CA 91504-3120

Loan No
TS NO
MIN #:
MERS Phone: 1-888-679-6377

## ASSIGNMENT OF DEED OF TRUST

For Value Received, the undersigned corporation hereby grants, assigns, and transfers to:

The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank N.A. as Trustee for RAAC 2006SP3.

all beneficial interest under that certain Deed of Trust dated: 04/06/2006 executed by *LEONID OVSOVICH*, AN UNMARRIED MAN, as Trustor(s), to CHICAGO TITLE, as Trustee, and recorded as Instrument No. 06 0841080, on 04/18/2006, in Book XX, Page XX  of Official Records, in the office of the County Recorder of Los Angeles County, CA together with the Promissory Note secured by said Deed of Trust and also all rights accrued or to accrue under said Deed of Trust.

DATE: August 10, 2011

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR MORTGAGEIT, INC A CORPORATION its successors and assigns

Lisa Clark
Assistant Secretary

State of    Pennsylvania  } SS.
County of   Montgomery    }

On  8|10|11  before me, Nikole Shelton          Notary Public, personally appeared
Lisa Clark              who proved to me on the basis of satisfactory evidence to be the
person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under penalty of perjury under the laws of the State of    Pennsylvania    that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Nikole Shelton, Notary Public
Upper Dublin Twp., Montgomery County
My Commission Expires Aug. 11, 2014
Member, Pennsylvania Association of Notaries

RECORDER MEMO: This COPY is NOT an OFFICIAL RECORD.

6

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------ x
                                          :

In re:                                   :      Chapter 11

                                       :

Residential Capital LLC, et al.,       :      Case No. 12-12020 (MG)

                                       :

                  Debtors.         :      Jointly Administered

                                       :

------------------------------------------------------ x

## NOTICE OF ESTABLISHMENT OF AN
## INFORMAL CREDITORS' COMMITTEE WEBSITE AND
## EMAIL ADDRESS FOR GENERAL UNSECURED CREDITOR INQUIRIES

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

       1.     On May 14, 2012, the above-captioned debtors and debtors-in-possession (the "**Debtors**") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") commencing these chapter 11 cases (the "**Chapter 11 Cases**").

       2.     On October 4, 2012, the United States Bankruptcy Court for the Southern District of New York entered an order (the "**Order**") authorizing the Official Committee of Unsecured Creditors (the "**Committee**") in these Chapter 11 Cases to establish a website and email address for the purposes of providing general information concerning these Chapter 11 Cases in compliance with section 1102(b)(3)(A) of the Bankruptcy Code.

       3.     Unsecured creditors are referred to www.rescapcommittee.com for certain non-confidential and non-privileged information regarding these Chapter 11 Cases. In addition, unsecured creditors may direct any specific case inquiries to rescapcommittee@epiqsystems.com.

Dated: October 9, 2012
     New York, New York

                                        BY ORDER OF THE COURT

# EXHIBIT C

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Case No. 12-12020 (MG) |
| | ) |
| RESIDENTIAL CAPITAL, LLC, et al., | ) Chapter 11 |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

**AMENDED NOTICE OF PUBLIC AUCTIONS AND SALE HEARING TO SELL**
**CERTAIN OF DEBTORS' ASSETS PURSUANT TO**
**ASSET PURCHASE AGREEMENTS WITH**
**NATIONSTAR MORTGAGE LLC AND BERKSHIRE HATHAWAY INC.**
**AND RELATED RELIEF AND DATES**

PLEASE TAKE NOTICE THAT upon the motion (the "Motion") of Residential Capital LLC ("ResCap") and its debtor subsidiaries, as debtors in possession (collectively, the "Debtors" or the "Company"), dated May 14, 2012, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") has issued an order dated June 28, 2012 (the "Sale Procedures Order"), among other things, (i) authorizing and approving certain procedures for the submission and acceptance of any competing bids (the "Sale Procedures"); (ii) scheduling a bid deadline, auctions and a sale hearing (the "Sale Hearing") to approve asset sales by certain of the Debtors of: (a) the Purchased Assets (as such term is defined in the Asset Purchase Agreement by and between Nationstar Mortgage LLC ("Nationstar") and certain of the Debtors (the "Nationstar APA") and (b) the Purchased Assets (as such term is defined in the Asset Purchase Agreement by and between Berkshire Hathaway Inc. ("BH") and certain of the Debtors (the "BH Legacy APA," together with the Nationstar APA, the "APAs"), free and clear of all liens, claims, encumbrances, and other interests, and subject to higher or better offers (the "Sale Transactions" or the "Sales") subject to the submission of higher or better offers in auction processes (the "Auctions"); (iii) approving the Break-Up Fees; (iv) approving forms of notice; and (v) granting related relief.

A.    AUCTIONS

PLEASE TAKE FURTHER NOTICE that the Auctions and sales of the Purchased Assets by the Debtors will occur in accordance with procedures established by the Sale Procedures Order, entered on June 28, 2012 (Dkt. No. 538). The Sale Procedures Order can be viewed electronically at www.kccllc.net/rescap.

ny-1014117

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Sale Procedures Order, any party wishing to participate in the Auctions must do so in accordance with the Sale Procedures Order, including, without limitation, the requirements for qualifying as a "Qualified Bidder" and submitting a "Qualified Bid" such that it is actually **received not later than October 19, 2012, at 5:00 p.m. (ET)** by the parties identified in the Sale Procedures Order.

**PLEASE TAKE FURTHER NOTICE** that, if the Debtors receive qualified competing bids within the requirements and time frame specified by the Sale Procedures, the Debtors will conduct the Auction for the Purchased Assets (as defined in the Nationstar APA) (the "Platform Auction") on **October 23, 2012 at 10:00 a.m. (ET)** at the Sheraton New York Hotel, 811 Seventh Avenue, New York, NY 10019. The Debtors will conduct the Auction for the Purchased Assets (as defined in the BH Legacy APA) (the "Whole Loan Auction") one day after completion of the Platform Auction, which will be no earlier than **October 24, 2012 at 10:00 a.m. (ET)**, at the Sheraton New York Hotel, 811 Seventh Avenue, New York, NY 10019. If the Platform Auction has not been completed by October 23, 2012 at 9:00 p.m. (ET), the Debtors shall timely notify by email all Qualified Bidders for the Whole Loan Auction and the Notice Parties (as defined in the Sale Procedures Order) of the location, date, and time for the Whole Loan Auction.

B.    SALE HEARING

**PLEASE TAKE FURTHER NOTICE** that the Sale Hearing will be held before the Honorable Martin Glenn, United States Bankruptcy Judge, in Courtroom 501 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004-1408, on **November 19, 2012, at 10:00 a.m. (ET)**. The Sale Hearing may be conducted in connection with, and as part of, a hearing to consider confirmation of a plan of reorganization under section 1129 of the Bankruptcy Code and may be adjourned without notice by an announcement of the adjourned date at the Sale Hearing.

C.    SALE FREE AND CLEAR

**PLEASE TAKE FURTHER NOTICE** that the order approving each of the Sale Transactions will provide that, except for any Assumed Liabilities set forth in each of the APAs, pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the Purchased Assets purchased by Nationstar and BH, respectively, shall be transferred to Nationstar and BH, and the Assumed Contracts under the Nationstar APA shall be assumed and assigned to Nationstar, and such transfer and assignment shall be free and clear of all claims, liabilities, interests, liens, obligations, and encumbrances of any Person (including, without limitation, claims, obligations or liabilities based on any successor or transferee theory of liability or relating to any act or omission of any originator, holder or servicer of mortgage loans prior to the Closing Date, and any indemnification claims, obligations or liabilities relating to any act or omission of the Sellers or any other person prior to the Closing Date) and any and all rights and claims under any bulk transfer statutes and similar laws, whether arising by agreement, by statute or otherwise and whether occurring or arising before, on or after the date on which the Chapter 11 cases were

2

commenced, whether known, unknown, contingent or unliquidated, arising prior to the Closing Date. Any person holding any such claims, liabilities, interests, liens, obligations, or encumbrances shall be enjoined and forever barred from asserting such claims, liabilities, interests, liens, obligations, or encumbrances against Nationstar or BH, respectively, the Purchased Assets purchased by Nationstar and BH and any of their affiliates, as more particularly described and provided for in the proposed order approving the Sale Transactions to Nationstar and BH, respectively.

D.    OBJECTIONS

PLEASE TAKE FURTHER NOTICE THAT RESPONSES OR OBJECTIONS, IF ANY, TO THE RELIEF SOUGHT IN THE MOTION SHALL BE FILED with the Clerk of the Bankruptcy Court and served upon: (i) Morrison & Foerster LLP, attorneys for the Debtors, 1290 Avenue of the Americas, New York, NY 10104 (Attn: Gary S. Lee, Esq. (glee@mofo.com) and Alexandra Steinberg Barrage (abarrage@mofo.com)); (ii) Sidley Austin LLP, attorneys for Nationstar, One South Dearborn, Chicago IL 60603 (Attn: Larry Nyhan (lnyhan@sidley.com) and Jessica C.K. Boelter (jboelter@sidley.com); (iii) Kirkland & Ellis LLP, attorneys for AFI, 601 Lexington Avenue, New York, NY 10022 (Attn: Ray C. Schrock (rschrock@kirkland.com), Richard M. Cieri (richard.cieri@kirkland.com), and Stephen E. Hessler (stephen.hessler@kirkland.com)); (v) Kramer Levin Naftalis & Frankel LLP, attorneys for the Creditors' Committee, 1177 Avenue of the Americas, New York, NY 10036 (Attn: Kenneth H. Eckstein (keckstein@kramerlevin.com) and Douglas H. Mannal (dmannal@kramerlevin.com); (vi) Munger, Tolles & Olson LLP, attorneys for BH, 355 South Grand Avenue, Los Angeles, CA 90071 (Attn: Seth Goldman (seth.goldman@mto.com) and Thomas Walper (twalper@mto.com)); and (vii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attn: Brian Masumoto), SO AS TO BE RECEIVED NO LATER THAN October 29, 2012, AT 5:00 P.M. (EASTERN TIME) (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that the failure of any person or entity to file a response or objection on or before the Objection Deadline shall be deemed a consent to the Sale Transactions and the other relief requested in the Motion, and shall bar the assertion, at the Sale Hearing or thereafter, of any objection to the Sale Procedures, the Motion, the Sale Transactions, the approval of related agreements, and the Debtors' consummation of the Sale Transactions.

E.    COPIES OF THE MOTION AND RELATED SALE DOCUMENTS

PLEASE TAKE FURTHER NOTICE that this Notice provides only a partial summary of the relief sought in the Motion, the terms of the Sale Procedures Order, and the Sale Approval Orders. Copies of such documents are available for inspection (i) by accessing (a) the website of the Bankruptcy Court at http://www.nysb.uscourts.gov, or (b) the website of the Debtors' claims and noticing agent, Kurtzman Carson Consultants, at www.kccllc.net/rescap or (ii) by visiting the Office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court, Southern District of New York, One Bowling Green, New York, NY 10004-1408. Copies also may be obtained by faxing a written request to the attorneys for the Debtors, Morrison & Foerster LLP

ny-1014117

(Attn:  Gary S. Lee, Esq. at (212) 468-7900).  The terms of such documents shall control in the event of any conflict with this Notice.

Dated: New York, New York
        September 14, 2012

                                        Gary S. Lee_____
                                        Gary S. Lee
                                        Todd M. Goren
                                        MORRISON & FOERSTER LLP
                                        1290 Avenue of the Americas
                                        New York, NY 10104
                                        Telephone: (212) 468-8000
                                        Facsimile: (212) 468-7900

                                        Alexandra Steinberg Barrage
                                        MORRISON & FOERSTER LLP
                                        2000 Pennsylvania Avenue
                                        Washington, DC  20006
                                        Telephone: (202) 887-1500
                                        Facsimile: (202) 887-0763

                                        *Counsel for the Debtors and
                                        Debtors in Possession*

4

Residential Capital, LLC
c/o KCC
2335 Alaska Ave
El Segundo, CA 90245

000128

PRF 52042    10985776
Albina Tikhonov Gennady Tikhonov v The Bank of New York
Mellon Trust NA fka The Bank of New York trust company NA
et al
14713 VALLEYHEART DR
SHERMAN OAKS CA 91403-0000

# EXHIBIT D

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Todd M. Goren
Alexandra Steinberg Barrage
Jennifer L. Marines

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | Chapter 11 |
| Debtors. | Jointly Administered |

**NOTICE OF FILING OF AMENDED PROPOSED ORDER UNDER 11 U.S.C. §§ 105, 363,
AND 365 AND FED. R. BANKR. P. 2002, 6004, 6006, AND 9014 (I) APPROVING
(A) SALE OF DEBTORS' ASSETS PURSUANT TO ASSET
PURCHASE AGREEMENT WITH BERKSHIRE HATHAWAY INC.;
(B) SALE OF PURCHASED ASSETS FREE AND
CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS;
AND (C) RELATED AGREEMENTS; AND (II) GRANTING RELATED RELIEF**

    **PLEASE TAKE NOTICE THAT** on May 14, 2012, the debtors and debtors in possession in

the above-captioned cases (collectively, the "<u>Debtors</u>")[1] filed the *Debtors' Motion Pursuant to 11*

*U.S.C. §§ 105, 363(b), (f), and (m), 365 and 1123, and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014*

*For Orders: (A)(I) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expense*

*Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and Manner of*

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on <u>Exhibit 1</u> to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC in Support of the Chapter 11 Petitions and First Day Pleadings* [Docket No. 6].

*Notice Thereof; and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets*

*Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving*

*Asset Purchase Agreements Thereto; (III) Approving the Assumption and Assignment of Certain*

*Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief* (the

"Sale Motion") [Docket No. 61].

        **PLEASE TAKE FURTHER NOTICE THAT** on June 28, 2012, in connection with the Sale

Motion, the Debtors filed the *Proposed Order Under 11 U.S.C. §§ 105, 363, and 365 and Fed. R.*

*Bankr. P. 2002, 6004, 6006, and 9014 (I) Approving (A) Sale of Debtors' Assets Pursuant to Asset*

*Purchase Agreement with Berkshire Hathaway Inc.; (B) Sale of Purchased Assets Free and Clear of*

*Liens, Claims, Encumbrances, and Other Interests; and (C) Related Agreements; and (II) Granting*

*Related Relief* (the "Proposed BH Sale Approval Order") [Docket No. 537].

        **PLEASE TAKE FURTHER NOTICE THAT** on November 15, 2012, and in connection

with the Sale Motion, the Debtors filed the *Amended Proposed Order Under 11 U.S.C. §§ 105, 363,*

*and 365 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 (I) Approving (A) Sale of Debtors' Assets*

*Pursuant to Asset Purchase Agreement with Berkshire Hathaway Inc.; (B) Sale of Purchased Assets*

*Free and Clear of Liens, Claims, Encumbrances, and Other Interests; and (C) Related Agreements;*

*and (II) Granting Related Relief* (the "Amended Proposed BH Sale Approval Order"), attached hereto

as Exhibit 1.  A comparison of the Proposed BH Sale Approval Order and the Amended Proposed BH

Sale Approval Order is attached here to as Exhibit 2.

Residential Capital, LLC
c/o KCC
2335 Alaska Ave
El Segundo, CA 90245

PRF 53669    11029659                    000157
Albina Tikhonov - Legal Holder of Paramount Interest (Secured
Party Creditor)
14713 Valleyheart Drive
Sherman Oaks CA 91403

# EXHIBIT  E

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Todd M. Goren
Alexandra Steinberg Barrage
Jennifer L. Marines

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**NOTICE OF FILING OF SECOND AMENDED PROPOSED ORDER UNDER 11 U.S.C. §§ 105, 363, AND 365 AND FED. R. BANKR. P. 2002, 6004, 6006, AND 9014 (I) APPROVING (A) SALE OF DEBTORS' ASSETS PURSUANT TO ASSET PURCHASE AGREEMENT WITH BERKSHIRE HATHAWAY INC.; (B) SALE OF PURCHASED ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; AND (C) RELATED AGREEMENTS; AND (II) GRANTING RELATED RELIEF**

PLEASE TAKE NOTICE THAT on May 14, 2012, the debtors and debtors in possession in

the above-captioned cases (collectively, the "Debtors")[1] filed the *Debtors' Motion Pursuant to 11*

*U.S.C. §§ 105, 363(b), (f), and (m), 365 and 1123, and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014*

*For Orders: (A)(I) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expense*

*Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and Manner of*

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC in Support of the Chapter 11 Petitions and First Day Pleadings* [Docket No. 6].

ny-1066387

001KC0001_53840_DOMESTIC_5106/000157/000941

*Notice Thereof; and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Asset Purchase Agreements Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief* (the "Sale Motion") [Docket No. 61].

PLEASE TAKE FURTHER NOTICE THAT on June 28, 2012, in connection with the Sale Motion, the Debtors filed the *Proposed Order Under 11 U.S.C. §§ 105, 363, and 365 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 (I) Approving (A) Sale of Debtors' Assets Pursuant to Asset Purchase Agreement with Berkshire Hathaway Inc.; (B) Sale of Purchased Assets Free and Clear of Liens, Claims, and Other Interests; and (C) Related Agreements; and (II) Granting Related Relief* (the "Proposed BH Sale Approval Order") [Docket No. 537].

PLEASE TAKE FURTHER NOTICE THAT on November 15, 2012, and in connection with the Sale Motion, the Debtors filed the *Amended Proposed Order Under 11 U.S.C. §§ 105, 363, and 365 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 (I) Approving (A) Sale of Debtors' Assets Pursuant to Asset Purchase Agreement with Berkshire Hathaway Inc.; (B) Sale of Purchased Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; and (C) Related Agreements; and (II) Granting Related Relief* (the "Amended Proposed BH Sale Approval Order") [Docket No. 2181].

PLEASE TAKE FURTHER NOTICE THAT on November 19, 2012, and in connection with the Sale Motion, the Debtors filed the *Second Amended Proposed Order Under 11 U.S.C. §§ 105, 363, and 365 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 (I) Approving (A) Sale of Debtors' Assets Pursuant to Asset Purchase Agreement with Berkshire Hathaway Inc.; (B) Sale of Purchased Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; and (C) Related Agreements; and (II) Granting Related Relief* (the "Second Amended Proposed BH Sale Approval Order"), attached hereto as Exhibit 1. A comparison of the Proposed BH Sale Approval Order and the

Second Amended Proposed BH Sale Approval Order is attached hereto as <u>Exhibit 2</u>. A comparison of the Amended Proposed BH Sale Approval Order and the Second Amended Proposed BH Sale Approval Order is attached here to as <u>Exhibit 3</u>.

**PLEASE TAKE FURTHER NOTICE** that a copy of the Proposed Amended BH Sale Approval Order can be viewed and obtained on the Court's internet website at <u>www.nysb.uscourts.gov</u> and on the independent website maintained by the Debtors, <u>http://www.kccllc.net/rescap</u>. A login and password to the Court's Public Access to Electronic Court Records ("PACER") are required to access <u>www.nysb.uscourts.gov</u> and can be obtained through the PACER Service Center at <u>www.pacer.psc.uscourts.gov</u>.

Dated:  November 20, 2012
      New York, New York

                                   /s/ Gary S. Lee
                                   Gary S. Lee
                                   Todd M. Goren
                                   Alexandra Steinberg Barrage
                                   Jennifer L. Marines

                                   MORRISON & FOERSTER LLP
                                   1290 Avenue of the Americas
                                   New York, New York 10104
                                   Telephone: (212) 468-8000
                                   Facsimile: (212) 468-7900

                                   *Counsel for the Debtors and*
                                   *Debtors in Possession*

001KC0001_53840_DOMESTIC_5106/000157/000942/i

The exhibits to this notice can be viewed and obtained on the Court's internet website at
www.nysb.uscourts.gov and on the independent website maintained by the Debtors,
http://www.kccllc.net/rescap. A login and password to the Court's Public Access to Electronic Court
Records ("PACER") are required to access www.nysb.uscourts.gov and can be obtained through the
PACER Service Center at www.pacer.psc.uscourts.gov.

***** END OF DOCUMENT *****

# EXHIBIT F

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Todd M. Goren
Alexandra Steinberg Barrage
Jennifer L. Marines

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**NOTICE OF FILING OF AMENDED PROPOSED ORDER UNDER 11 U.S.C. §§ 105,
363, AND 365 AND FED. R. BANKR. P. 2002, 6004, 6006, AND 9014 (I) APPROVING
(A) SALE OF DEBTORS' ASSETS PURSUANT TO ASSET
PURCHASE AGREEMENT WITH OCWEN LOAN SERVICING, LLC;
(B) SALE OF PURCHASED ASSETS FREE AND CLEAR OF LIENS,
CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (C) ASSUMPTION
AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND
UNEXPIRED LEASES THERETO; (D) RELATED AGREEMENTS;
AND (II) GRANTING RELATED RELIEF**

PLEASE TAKE NOTICE THAT on May 14, 2012, the debtors and debtors in

possession in the above-captioned cases (collectively, the "Debtors")[1] filed the *Debtors' Motion*

*Pursuant to 11 U.S.C. §§ 105, 363(b), (f), and (m), 365 and 1123, and Fed. R. Bankr. P. 2002,*

*6004, 6006, and 9014 For Orders: (A)(I) Authorizing and Approving Sale Procedures, Including*

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1
to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC in Support of the Chapter
11 Petitions and First Day Pleadings* [Docket No. 6].

001KC0001_53840_DOMESTIC_5106/000157/000938

Break-Up Fee and Expense Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing;
(III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief and
(B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances,
and Other Interests; (II) Authorizing and Approving Asset Purchase Agreements Thereto;
(III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired
Leases Related Thereto; and (IV) Granting Related Relief (the "Sale Motion") ([Docket No. 61].

PLEASE TAKE FURTHER NOTICE THAT on May 18, 2012, in connection with the
Sale Motion, the Debtors filed the *Amended Proposed Order Under 11 U.S.C. §§ 105, 363, and
365 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 (I) Approving (A) Sale of Debtors' Assets
Pursuant to Asset Purchase Agreement with Nationstar Mortgage, LLC; (B) Sale of Purchased
Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (C) Assumption and
Assignment of Certain Executory Contracts and Unexpired Leases Thereto; and (D) Related
Agreements; and (II) Granting Related Relief* (the "Proposed Nationstar Sale Approval Order")
[Docket No. 537].

PLEASE TAKE FURTHER NOTICE THAT on November 3, 2012, in connection
with the Sale Motion, the Debtors filed the *Amended Notice of Successful Bidders at the Auctions
and Sales of (A) the Platform Assets to Ocwen Loan Servicing, LLC and (B) the Whole Loan
Assets to Berkshire Hathaway Inc. and Notice of Filing (A) Ocwen APA and (B) Amended and
Restated BH Legacy APA* [Docket No. 2050].

PLEASE TAKE FURTHER NOTICE THAT on November 15, 2012, in connection
with the Sale Motion, the Debtors filed the *Proposed Order Under 11 U.S.C. §§ 105, 363, and
365 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 (I) Approving (A) Sale of Debtors' Assets
Pursuant to Asset Purchase Agreement with Ocwen Loan Servicing, LLC; (B) Sale of Purchased

*Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (C) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Thereto; and (D) Related Agreements and (II) Granting Related Relief* (the "Proposed Ocwen Sale Approval Order") [Docket No. 2188].

    **PLEASE TAKE FURTHER NOTICE THAT** on November 19, 2012, in connection with the Sale Motion, the Debtors filed the *Amended Proposed Order Under 11 U.S.C. §§ 105, 363, and 365 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 (I) Approving (A) Sale of Debtors' Assets Pursuant to Asset Purchase Agreement with Ocwen Loan Servicing, LLC; (B) Sale of Purchased Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (C) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Thereto; and (D) Related Agreements and (II) Granting Related Relief* (the "Amended Proposed Ocwen Sale Approval Order"), attached hereto as Exhibit 1.    A comparison of the Proposed Nationstar Sale Approval Order and the Amended Proposed Ocwen Sale Approval Order is attached hereto as Exhibit 2.  A comparison of the Proposed Ocwen Sale Approval Order and the Amended Proposed Ocwen Sale Approval Order is attached hereto as Exhibit 3.

    **PLEASE TAKE FURTHER NOTICE** that a copy of the Proposed Ocwen Sale Approval Order can be viewed and obtained on the Court's internet website at www.nysb.uscourts.gov and on the independent website maintained by the Debtors, http://www.kccllc.net/rescap.  A login and password to the Court's Public Access to Electronic Court Records ("PACER") are required to access www.nysb.uscourts.gov and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov.

001KC0001_53840_DOMESTIC_5106/000157/000939

Dated:  November 20, 2012
        New York, New York

                                    /s/ Gary S. Lee
                                    Gary S. Lee
                                    Todd M. Goren
                                    Alexandra Steinberg Barrage
                                    Jennifer L. Marines

                                    MORRISON & FOERSTER LLP
                                    1290 Avenue of the Americas
                                    New York, New York 10104
                                    Telephone: (212) 468-8000
                                    Facsimile: (212) 468-7900

                                    *Counsel for the Debtors and
                                    Debtors in Possession*

**Albina and Gennady Tikhonov**
**14713 Valleyheart Drive**
**Sherman Oaks, CA 91364**

## Fax Transmittal Form

To:_MONIQUE D.                          From :_ ALBINA TIKHONOV

Name:                                   P. (213) 422-6225
                                        F. (818) 783-8949
Organization Name/Dept:

CC:                                     Date sent: *11/27/12*
                                        Time sent: *3:04 PM*
Phone number:                           Number of pages including cover page: ___ *36*

Fax number: 818-260-1850

Urgent

For Review

Please Comment

Message :
ASSESSOR NUMBER: 2263-021-013
LOAN NUMBER:     0270002411

_____

_____

The information contained in this facsimile massage is confidential, proprietary and contains legally privileged information. If the reader of this message is not the intended recipient, you are hereby notified that any copying, dissemination or distribution of the information contained herein is strictly prohibited. If you have received this communication in error, please immediately notify the sender by telephone, and we will arrange for the return of the facsimile.

**HP Officejet Pro 8600 N911g Series**

**Fax Log for**
G.T.
8187838949
Nov 29 2012 4:08PM

**Last Transaction**

| Date | Time | Type | Station ID | Duration | Pages | Result |
|------|------|------|------------|----------|-------|--------|
|      |      |      |            | Digital Fax | | |
| Nov 29 | 3:55PM | Fax Sent | 18182601850 | 12:55<br>N/A | 36 | OK |