MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:     (212) 468-8000
Facsimile:     (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Norman S. Rosenbaum
James A. Newton

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------
                                                    )
In re:                                              )    Case No. 12-12020 (MG)
                                                    )
RESIDENTIAL CAPITAL, LLC, et al.,                   )    Chapter 11
                                                    )
                                    Debtors.        )    Jointly Administered
                                                    )
---------------------------------------------------------------

**DEBTORS' DESIGNATION OF ADDITIONAL ITEMS**
**TO BE INCLUDED IN RECORD ON APPEAL**

Pursuant to Rule 8006 of the Federal Rule of Bankruptcy Procedure and Rule

8007-1 of the Local Bankruptcy Rules for the Southern District of New York, the debtors and

debtors in possession in the above-captioned cases (collectively, the "**Debtors**")[1] provide the

following designation of items to be included in the record on appeal in addition to those items

identified in the *Movant/Appellants (Kenneth Taggart) Designation of Items to be Included in the*

*Record on Appeal and Issues to be Preserved on Appeal* [Docket No. 2314] filed by appellant

---

[1]    The names of the Debtors in these cases and their respective tax identification numbers are identified on
Exhibit 1 to the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support
of the Chapter 11 Petitions and First Day Pleadings, filed with the Court on the Petition Date (the "Whitlinger
Affidavit") [Docket No. 6].

Kenneth J. Taggart ("**Appellant**"), in connection with *Notice of Appeal from Order (Docket # 2098)* [Docket No. 2212], noticing Appellant's intention to appeal from the Court's *Memorandum Opinion and Order Denying the Taggart Motions* [Docket No. 2098] which was entered by the United States Bankruptcy Court for the Southern District of New York on November 7, 2012.

The Debtors designate the following additional items to be included in the record on appeal.[2]

## A.    Chapter 11 Administrative Case Pleadings

| Docket No. | Description | Relevant Exhibits |
|---|---|---|
| 682 | Debtors' Omnibus Objection to Motions for Relief from the Automatic Stay Scheduled for Hearing on July 10, 2012 | Exhibit 1 and pages 1-35 and 40 -117 of Exhibit 2 |
| 811 | Notice of Adjournment | N/A |
| 824 | Notice of Adjournment of Hearing on Lift Stay Motions to August 14, 2012 at 10:00 a.m. | N/A |
| 882 | Motion for Leave to File Motion Pursuant Stay & Relief Oral Argument & Hearing Request | N/A |
| 1113 | Withdrawal of Motion filed 7/23/12 for: Motion for Leave to file Motion Pursuant Stay   & Relief Oral Argument & Hearing Requested | N/A |
| 1163 | Notice to Withdraw All Claims Against GMAC Mortgage, LLC Re: Case Filed in Federal Court on July  18, 2012, case number 2:2012cv04077 | N/A |
| 1430 | Notice of Hearin g on Motions of Kenneth Taggart in Reference to Void Pleadings & Sanctions Due to Violation of Bankruptcy Code | N/A |
| 1585 | Amended Motion for Stay Order Regarding Limited Relief from Stay Until Order on Motion to Void Pleadings & | Exhibits A & B |

---

[2]    For the avoidance of doubt, the Debtors' designation of any pleadings and/or exhibit lists includes the designation of any and all exhibits filed with, attached to, or otherwise referenced in such pleadings.

| Docket No. | Description | Relevant Exhibits |
|---|---|---|
|  | Sanctions Due to Violation o f Bankruptcy Code is Issued by the Court |  |
| 1693 | Notice of Hearing on Motions of Kenneth Taggart in Reference to Void Pleadings & Sanctions Due to Violation of Bankruptcy Code | N/A |

## B.    Taggart Adversary Proceeding Pleadings[3]

| Docket No. | Description | Relevant Exhibits |
|---|---|---|
| 1 | Complaint | All |
| 2 | Summons and Notice | N/A |
| 3 | Memorandum Endorsed Letter So Ordered on 11/30/2012 Regarding Request of an Extension of the Date by Which the Defendants in the Adversary Proceeding must Answer or Otherwise Respond to the Complaint | N/A |

## C.    Transcripts[4]

| Date/Time of Hearing | ECF No. | Type of Hearing | Court Reporter or Recorder | Copy Ordered By Debtors |
|---|---|---|---|---|
| 7/10/2012 at 10:00 a.m. (EST) | 750 | Omnibus Hearing | eScribers, LLC | Yes |
| 8/14/2012 at 10:00 a.m. (EST) | 1215 | Omnibus Hearing | eScribers, LLC | Yes |
| 10/10/2012 at 10:00 a.m. (EST) | 1800 | Omnibus Hearing | eScribers, LLC | Yes |

---

[3]    Appellant's adversary proceeding was initiated after entry of the order appealed from.  As a result, these documents were not considered by the Court in its decision.  Nonetheless, in light of the close connection of the adversary proceeding to the other motions by Appellant, the Debtors have included these items in the record on appeal to provide the District Court with additional context.

[4]    Pursuant to Local Bankruptcy Rule 8007-1(b), only the relevant excerpts of the transcripts have been filed herewith as Exhibit 1 to 3.

Dated:  December 13, 2012,
        New York, New York

/s/   Norman S. Rosenbaum
Gary S. Lee
Lorenzo Marinuzzi
Norman S. Rosenbaum
James A. Newton
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*

ny-1068161

## **EXHIBIT 1**

1

1  UNITED STATES BANKRUPTCY COURT

2  SOUTHERN DISTRICT OF NEW YORK

3  Lead Case No. 12-12020-mg  Adv. Proc. No. 12-01671-mg

4  - - - - - - - - - - - - - - - - - - - -x

5  In the Matters of:

6  RESIDENTIAL CAPITAL, LLC, et al.,

7              Debtors.

8  - - - - - - - - - - - - - - - - - - - -x

9  RESIDENTIAL CAPITAL, LLC, et al.,

10                 Plaintiffs,

11              - against -

12  ALLSTATE INSURANCE COMPANY, et al.,

13                 Defendants.

14  - - - - - - - - - - - - - - - - - - - -x

15

16             United States Bankruptcy Court

17             One Bowling Green

18             New York, New York

19

20             July 10, 2012

21             10:07 AM

22

23  B E F O R E:

24  HON. MARTIN GLENN

25  U.S. BANKRUPTCY JUDGE

**RESIDENTIAL CAPITAL, LLC, ET AL.**                    35

1          THE COURT:  Mr. and Mrs. Burris, so you understand how

2     we're going to proceed?  I'm going to have Mr. Rosenbaum or one

3     of his colleagues -- because they're in agreement to lift the

4     stay for the purposes of allowing this mediation, hopefully the

5     conclusion of a settlement, to proceed.  And the debtors'

6     counsel, Mr. Rosenbaum or one of his colleagues will get you a

7     proposed order.  If it's an agreeable form, let him know.  And

8     he'll share it also with the committee.  And hopefully no

9     further hearing will be required.  The order will be entered,

10    and you'll get notice of that.  Okay?

11          MS. BURRIS:  Thank you very much, Your Honor.

12          THE COURT:  Thank you.

13          MS. BURRIS:  We appreciate it.

14          THE COURT:  Thank you Mr. and Mrs. Burris.

15          Okay, next matter?

16          MR. ROSENBAUM:  Your Honor, the next motion for stay

17    relief was filed by Kenneth Taggart, who's also appearing pro

18    se.  I don't know if Mr. Taggart made an appearance or not.

19          THE COURT:  Mr. Taggart, are you on the phone?

20          MR. TAGGART:  Yes, I am.  Can you hear me?

21          THE COURT:  Yes, I can.  Go ahead and tell me what you

22    want to say.

23          MR. TAGGART:  Yeah, hi.  This is Ken Taggart calling

24    in reference to the motion that was filed in court.  I do

25    represent myself pro se.  And I'm requesting actually some

**RESIDENTIAL CAPITAL, LLC, ET AL.**                                    36

1  clarification on the stay or limited stay in the case filed by

2  GMAC v. Taggart, which was a foreclosure complaint filed in

3  Montgomery County, Pennsylvania against myself, representing

4  myself pro se.

5          And according to counsel and the filing of the limited

6  stay, they're claiming that only -- they're able to proceed

7  with the foreclosure complaint and -- I'm sorry, there's

8  counterclaims as well filed in the -- against GMAC.  And GMAC

9  is actually -- contends that only the claims that would be

10 defending the foreclosure complaint would proceed, and any

11 claims seeking monetary damages would be stayed until the stay

12 is lifted.  It's my contention that all the counterclaims

13 actually seek relief in the form of rescission of the loan,

14 which should proceed.

15         And in addition to that, in my complaint, it basically

16 states that I would be entitled to offsets for any claims that

17 were entered in my favor as far as a judgment -- monetary

18 claims would offset any judgment in GMAC's claims.  So it is my

19 opinion that all the claims should proceed and the stay should

20 be lifted in the entire case.

21         In addition to that, I've requested for quiet title on

22 the property, retaining possession.  And there's also claims

23 for breach of contract in the counterclaims as well.  So I'm

24 basically seeking relief from stay from all the counterclaims

25 that have been filed against GMAC in that case.  And GMAC, I

1  believe, it looks like in their brief -- I only just received

2  it today -- does not clarify what their position is.  But I'm

3  seeking a relief of stay from all counterclaims against GMAC.

4          THE COURT:  Mr. Taggart, are you represented by

5  counsel in that action?

6          MR. TAGGART:  I'm not, no.  It's pro se.

7          THE COURT:  Okay.  So the record --

8          MR. TAGGART:  I'm sorry.

9          THE COURT:  -- is clear, Mr. Taggart is a defendant in

10 a state court foreclosure action pending in Montgomery County,

11 Pennsylvania, captioned GMAC Mortgage LLC v. Kenneth Taggart.

12 And in connection with the pending foreclosure, on April 28th,

13 2010, Mr. Taggart filed a third amended counterclaim against

14 GMAC Mortgage LLC, LBA Financial Group LLC, Eagle Nationwide

15 Mortgage Company, et al.  And the Taggart counterclaim alleges

16 thirty-two counterclaims against the debtors and other

17 defendants, including violations of numerous state and federal

18 statutes including RESPA and TILA.

19         Mr. Rosenbaum, do you want to respond to Mr. Taggart's

20 argument?

21         MR. ROSENBAUM:  Thank you, Your Honor.  We -- at

22 Morrison & Foerster, one of my colleagues have had extensive

23 discussions with Mr. Taggart to explain to him the scope of the

24 supplemental order.  We've explained to Mr. Taggart, after

25 consultation with our counsel in the underlying action, that

RESIDENTIAL CAPITAL, LLC, ET AL.                    38

1  there is one of the counts that he can proceed on.  That's

2  Count number 32.

3         Based on our discussions and the evaluation of our

4  counsel, none of the others would be permitted to go forward

5  under the supplemental order that we'll be revising today.

6  We'll explain that to Your Honor when we get to that motion.

7         I don't believe that Mr. Taggart had actually sought

8  that relief.  If he's amending his motion orally at this

9  hearing, we object to the breadth of the relief that he's

10 requesting.  We have struck a very careful balance in our

11 supplemental order on foreclosure proceedings.  And this would

12 basically obliterate everything we've worked hard to try to

13 achieve.  And this would be the type of floodgate-type relief

14 that we would be very concerned about, given the volume of

15 pending foreclosure actions we have.

16         THE COURT:  Are --

17         MR. ROSENBAUM:  We are more than willing to continue

18 to work with Mr. Taggart.  If there are, perhaps, one of the

19 other counterclaims -- as I said, there's thirty-two.

20         THE COURT:  What's the thirty-second that you're

21 willing to allow to proceed?

22         MR. ROSENBAUM:  Sorry, Your Honor.  I'm going to get

23 to it in a second.

24         MR. TAGGART:  Your Honor?

25         THE COURT:  No, just a second, Mr. Taggart, I'll let

**RESIDENTIAL CAPITAL, LLC, ET AL.**                    39

1  Mr. --

2         MR. TAGGART:  Okay, sure.

3         THE COURT:  -- I'll give you another chance.  Just --

4         MR. TAGGART:  No problem.

5         THE COURT:  -- Mr. Rosenbaum is trying to find

6  something.

7         MR. ROSENBAUM:  Just bear with me one second, Your

8  Honor.  Sorry.

9         It's a claim under the Mortgage Property Insurance

10  Coverage Act, attempting to require more money in escrow than

11  allowed by law and causing and/or illegally filing foreclosure

12  as a result of such breach.  I believe this is --

13         THE COURT:  Why are you --

14         MR. ROSENBAUM:  -- a forced placed insurance --

15         THE COURT:  -- prepared to allow that to go forward,

16  but not the other thirty-one?

17         MR. ROSENBAUM:  Based on the opinion of our counsel --

18  our local counsel handling the matter, this would be a

19  defense -- a valid defense of the foreclosure action.

20         THE COURT:  And your view as to the other thirty-one

21  is that they're not valid defenses to foreclosure?

22         MR. ROSENBAUM:  Based on what our counsel has advised

23  us, yes.

24         THE COURT:  I mean, does this -- if your counsel

25  doesn't like what somebody alleges, they just say we don't like

RESIDENTIAL CAPITAL, LLC, ET AL.                    40

1    it, and it shouldn't be allowed; and this one, we're allow --

2    we're okay with?  Is that what's happening here?

3            MR. ROSENBAUM:  No, Your Honor.  It was a very careful

4    analysis that was undertaken at our request.  I don't have a

5    declaration or affidavit from counsel.  If that's something

6    Your Honor would think would be necessary, we could adjourn the

7    matter.  And again, we're happy to continue and explain to Mr.

8    Taggart our position on each of the other thirty-one.  But they

9    are, for the most part, monetary claims or claims that

10   Pennsylvania law does not recognize as a defense to

11   foreclosure.

12           MR. TAGGART:  Hello?

13           THE COURT:  Just a second, Mr. Taggart.

14           In your opposition to the lift stay, I mean, have you

15   set forth why the -- why one is a defense and thirty-one of

16   them are not, and therefore the stay should not be lifted as to

17   thirty-one of them but you have no problem as to one?

18           MR. ROSENBAUM:  Well, we did not do that, Your Honor.

19   Because --

20           THE COURT:  I know.

21           MR. ROSENBAUM:  -- we -- Mr. Taggart -- and I

22   understand he's pro se, and we're trying to be sensitive to

23   that -- did not seek that specific relief.  He sought

24   clarification as to the order.

25           What the order provides is that monetary claims and

RESIDENTIAL CAPITAL, LLC, ET AL.                    41

1  claims that are not a defense to the foreclosure, are stayed by

2  the supplemental order.  I understand his position now.  If

3  Your Honor would prefer to adjourn this, we can address the

4  thirty-one other counts.

5          THE COURT:  All right.  Mr. Taggart let me give you a

6  chance to reply, briefly.

7          You understand the point --

8          MR. TAGGART:  Okay.

9          THE COURT:  Wait, let me just before you do that.  Do

10 you understand the point?  Mr. Rosenbaum's arguing that you

11 can't proceed with your monetary claims.  To the extent that

12 any of your counterclaims under applicable Pennsylvania law

13 would be a defense to foreclosure, you can proceed with those.

14 He's saying, as I understand it, that the mortgagee's counsel

15 in Pennsylvania has stated that only the thirty-second

16 counterclaim would be a defense -- if established, would be a

17 defense to foreclosure.  The other thirty-one would not.

18         What is your reply, Mr. Taggart?

19         MR. TAGGART:  Yeah, I respectfully disagree.  It's

20 clearly an attempt for counsel to take advantage of a pro se

21 litigant.  But in response to that, Truth in Lending, TILA and

22 RESPA, Real Estate Settlement Procedures Act, are all defenses

23 recognized in foreclosure claims.

24         Breach of contract of the mortgage is a defense in

25 foreclosure claims, which has been alleged.  Unfair Trade

1  Practices Act, Consumer Protection Law, in Pennsylvania, are

2  all defenses and claims that can be made regarding

3  foreclosures, all of which have been alleged.  It's -- clearly

4  what counsel is saying for ResCap or GMAC is clearly erroneous.

5  They're all clearly defenses that are alleged here that are

6  valid as defenses in foreclosure claims.

7          THE COURT:  Are you seeking a monetary judgment

8  against the defendants, Mr. Taggart?

9          MR. TAGGART:  Yeah -- yes, I am.

10         THE COURT:  Okay.

11         MR. TAGGART:  I'm seeking monetary judgment in claims,

12  but I'm also seeking --

13         THE COURT:  Okay, but Mr. Taggart, the one thing I

14  want to be clear about is, I am not lifting -- I have not

15  lifted the stay, and I'm not going to lift the stay to permit

16  monetary claims to proceed against any of the debtors.  So --

17         MR. TAGGART:  Your Honor, I unders -- I fully

18  understand what you're saying.  I guess then -- I guess my

19  point would be that I should be able to proceed with the claims

20  regarding defenses.  I mean, obviously, if they're not able to

21  award monetary judgment at this point, and that would be

22  stayed.  Obviously, it's my right to allege breach of contract,

23  Truth in Lending and RESPA claims are all defenses, you know,

24  in the mortgage foreclosure defense.

25         THE COURT:  All right.  Let me stop you for a second,

**RESIDENTIAL CAPITAL, LLC, ET AL.**                    43

1    Mr. Taggart.

2          Mr. Rosenbaum, you disagree as to whether RESPA and

3    TILA are defenses to foreclosure?

4          MR. ROSENBAUM:  In Pennsylvania, I'm advised that

5    they're not, Your Honor.

6          THE COURT:  Okay.  Here's where we're going to

7    proceed.  Stop, Mr. Taggart.

8          MR. TAGGART:  I'm sorry.

9          THE COURT:  Mr. Rosenbaum, I'm not satisfied that

10   you've sufficiently addressed, other than telling me that your

11   counsel in Pennsylvania says they're not a defense to

12   foreclosure under Pennsylvania law.  So I'm going to adjourn

13   this matter.  I'm going to give you a further chance to see if

14   you can reach an agreement with Mr. Taggart as to which claims

15   could proceed or which could proceed.

16         It may be that the appropriate way to deal with it --

17   but I'm not compelling you to do this -- is to put it in an

18   agreed order that the claims can proceed only to the extent

19   that they would be a defense to foreclosure under Pennsylvania

20   law, and that no monetary judgment or award may be rendered,

21   and then leave it to a Pennsylvania judge to figure out what

22   Pennsylvania law is as to the thirty-two counterclaims.  I

23   don't particularly want to have to go through thirty-two

24   counterclaims and decide under Pennsylvania law which ones are

25   proper defenses to foreclosure and which are not.

RESIDENTIAL CAPITAL, LLC, ET AL.                                   44

1      All I can say is, I don't believe your opposition to

2   this motion adequately addresses those issues.  So I don't feel

3   I can, at this stage, rule.  So I'm going to adjourn the matter

4   to July 24th.  In the meantime, you or your colleagues should

5   try to reach an agreement or understanding with Mr. Taggart.

6   If you do that and submit a consent order, I'll go ahead and

7   act on that without the necessity of the further hearing on

8   July 24th.  Otherwise, you're going to have to file an

9   additional brief --

10           MR. TAGGART:  Hello?

11           THE COURT:  Just a second, Mr. Taggart.

12           MR. TAGGART:  Hello?

13           THE COURT:  Just a second, Mr. Taggart.

14           MR. TAGGART:  Oh.

15           THE COURT:  The debtor will have to file an

16   additional -- if you can't resolve this, Mr. Rosenbaum, the

17   debtor's going to have to file an additional brief on or before

18   5 p.m. on July 17th, one week from today, addressing the issues

19   of whether these thirty-two counterclaims are a proper defense

20   to foreclosure under Pennsylvania law.

21           And Mr. Taggart, I will give you until 5 p.m. Friday,

22   July 20th, to file any reply.  So Mr. Rosenbaum, make sure that

23   Mr. Taggart -- because he may not have access to ECF -- that

24   you either arrange to fax him or e-mail him a copy of whatever

25   further brief you file, so that he has it promptly and has a

RESIDENTIAL CAPITAL, LLC, ET AL.                                    45

1   chance by Friday the 20th at 5 p.m., to file any further reply.

2          And the matter will be continued to July 24th.  Okay.

3   Thank you, Mr. Taggart.

4          MR. TAGGART:  Your Honor, can I say one thing -- a

5   couple things here?

6          THE COURT:  Very brief.

7          MR. TAGGART:  Yes.  I will be out of town on July 24th

8   visiting family for ten days.  I just wonder if that could be

9   continued until --

10         THE COURT:  It -- look, you're participating by phone.

11  You can participate by phone from wherever you are.  Hopefully

12  you can work this out before then.  Are you going to be in

13  transit on the 24th?

14         MR. TAGGART:  On the 24th, let me check.  I don't

15  believe so.  No, I will not.  No.

16         THE COURT:  No.  You can participate by phone from

17  wherever you are.

18         MR. TAGGART:  Okay.  So the hearing's on the 24th at

19  what --

20         THE COURT:  Yes, it is.

21         MR. TAGGART:  -- do you have a time?

22         THE COURT:  At 10 a.m.

23         MR. TAGGART:  10 a.m.  Okay.  10 o'clock a.m.

24         THE COURT:  Mr. Taggart, just so we're clear.  I am

25  not going to lift the stay -- I want to make it crystal clear

**RESIDENTIAL CAPITAL, LLC, ET AL.**                    46

1   to you -- I'm not going to lift the stay to permit you to

2   proceed with counterclaims seeking monetary relief.  Only -- I

3   will consider lifting it; I'm not saying I will -- I will

4   consider lifting it only to the extent that the counterclaims

5   you have asserted are defenses to foreclosure under

6   Pennsylvania law.

7           So hopefully, when you talk with Mr. Rosenbaum or one

8   of his colleagues, don't think that there's going to be an end

9   run about this rule.  Any order that gets entered, if I were to

10  lift the stay, the order will make clear that it does not

11  permit any counterclaims to proceed to the extent that they

12  seek any monetary relief.  Okay.

13          MR. TAGGART:  Okay, yeah.  I understand that.  Yes.

14          THE COURT:  All right.  We've got to move on to the

15  next matter.

16          MR. TAGGART:  Okay.  All right, thank you, Your Honor.

17          THE COURT:  Thank you, Mr. Taggart.  And you're

18  excused.

19          MR. TAGGART:  Thank you.

20          THE COURT:  Go ahead, Mr. Rosenbaum.

21          MR. ROSENBAUM:  The next motion is the motion of

22  Yvonne and Sidney Lewis for relief from the automatic stay.  I

23  don't know if they've made an appearance or not, Your Honor.

24          THE COURT:  All right.  Are Mr. or Mrs. Lewis on the

25  phone?

## EXHIBIT 2

ny-1068161

1

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

Case No. 12-12020-mg

- - - - - - - - - - - - - - - - - - - - -x

In the Matter of:


RESIDENTIAL CAPITAL, LLC, et al.,


          Debtors.


- - - - - - - - - - - - - - - - - - - - -x

                 United States Bankruptcy Court

                 One Bowling Green

                 New York, New York


                 August 14, 2012

                 10:04 AM


B E F O R E:

HON. MARTIN GLENN

U.S. BANKRUPTCY JUDGE

eScribers, LLC | (973) 406-2250
operations@escribers.net | www.escribers.net

RESIDENTIAL CAPITAL, LLC, ET AL.                    13

1    we're going forward today, Your Honor --

2            THE COURT:  I thought there was one with State of New

3    York, as well.

4            MR. ROSENBAUM:  Yes, there is.  It was in the back of

5    the agenda.  That is, again, a motion of the State of New York

6    to continue an action, it's entitled Empire State.  Again,

7    we've consented to relief from the automatic stay to allow New

8    York State to proceed with that action.

9            THE COURT:  Yes.  I reviewed that.  That's approved as

10   well.

11           MR. ROSENBAUM:  Thank you, Your Honor.  That brings us

12   to the contested matters on for today, Your Honor.  The first

13   motion -- this is on page 5 of the agenda, Roman Numeral V,

14   number 1.

15           THE COURT:  Yes.

16           MR. ROSENBAUM:  This is Mr. Taggart's -- Kenneth

17   Taggart's motion for relief from the automatic stay.  This is a

18   continued matter from July 10th.  It's docket number 263.  Mr.

19   Taggart is present in the courtroom and I would cede the podium

20   to Mr. Taggart.

21           THE COURT:  All right, Mr. Taggart?

22           MR. TAGGART:  Mr. Taggart for motion for -- I'm pro

23   se, so --

24           THE COURT:  Yes, go ahead.

25           MR. TAGGART:  -- please excuse me if I --

1          THE COURT:  That's fine.  Go ahead.

2          MR. TAGGART:  -- make any mistakes or give me advice

3    if you may.

4          Yeah, this is a continuation from the adjourned

5    meeting from, I think, it was July 14th.  There was a

6    subsequent motion for two additional cases in federal court to

7    be heard today, which I withdrew the motions this morning for

8    those two cases.  But we are continuing with the motion for

9    relief from stay from the state court, which is GMAC Mortgage

10   LLC v. Taggart.

11         THE COURT:  Let me ask you, Mr. Taggart.  You say you

12   withdrew the motion to lift the stay this morning.  Is that

13   with respect to both federal -- because you had filed one pre-

14   petition federal court action in the Eastern District of

15   Pennsylvania.  And then after the bankruptcy was filed, you

16   filed another damages action in the federal court in the

17   Eastern District of Pennsylvania.  Is that what you have

18   referenced?

19         MR. TAGGART:  Yes.  Yes, that's been withdrawn.

20         THE COURT:  And are you withdrawing those cases?

21         MR. TAGGART:  I'm not withdrawing the cases, no, just

22   the motion for relief from stay.

23         THE COURT:  So if I understand it, you went ahead, in

24   the face of the automatic stay, and you filed a damage action

25   in the Federal District Court in the Eastern District of

1  Pennsylvania.  Thereafter you made a motion to lift the stay to

2  permit you to proceed with that action, but now you've

3  withdrawn the motion to lift the stay.  Do I understand that

4  correctly?

5          Let me try to explain it better.  You understand

6  there's an automatic stay in place, and it prohibits anyone

7  from filing an action against the debtor in any court, state or

8  federal, anywhere in the United States; and in the face of

9  that, you went ahead and filed another action in Federal

10 District Court in the Eastern District of Pennsylvania?  Do I

11 have that correct?

12         MR. TAGGART:  I did --

13         THE COURT:  Is that yes or a no?

14         MR. TAGGART:  -- I did file an action, yes.

15         THE COURT:  Okay.

16         MR. TAGGART:  If I may respond?  I was -- I filed that

17 and made a notation of the stay, that it was automatically

18 stayed.  I'm pro se and I did not do it intentionally in

19 violation of the court or the stay.

20         THE COURT:  I'm not sure I'm permitting you to

21 withdraw the motion to lift the stay to proceed with that,

22 because I may well go ahead and rule on that motion.  Because

23 you filed the action in violation -- it's such a clear

24 violation of the automatic stay when you went ahead and filed

25 that action.

1    MR. TAGGART:  Yes, I misunderstood the -- I did

2  immediately file a relief from stay to not proceed any further,

3  just the filing.  And I did make a notation.

4    THE COURT:  But now you're leaving this action that

5  you filed in the federal court, having -- you say you've

6  withdrawn the motion.  I'll decide whether it's withdrawn or

7  not.  You may think you're withdrawing the motion to lift the

8  stay, but I'll hear from Mr. Rosenbaum about that.

9    But let's go on to talk about the state court

10  foreclosure action.  Go ahead.

11    MR. TAGGART:  The state foreclosure action, Your

12  Honor, GMAC did not file a notice with the court -- the

13  bankruptcy was filed May 14th, 2012.  They did not file with

14  the court any notice of stay until June 6th, 2012, nearly three

15  weeks later, and that's only after I filed a motion with the

16  state court on June 4th, letting them know that there was a

17  bankruptcy involving GMAC, at which time GMAC filed their

18  motion and asserted of the thirty-two counts alleged against

19  them, counterclaims, that only one count could proceed and the

20  other thirty-one counts should be stayed at that point, of

21  course, at which time the court did so, and stayed those

22  counts.  But GMAC proceeded with their case.

23    THE COURT:  If I understand it, you moved in the state

24  court for a stay of the foreclosure action that GMAC filed

25  against you, and the state court denied that motion.  Am I

 1  correct?

 2          MR. TAGGART:  I asked the state to -- they filed a

 3  stay against my claims.  I filed a stay with the court to stay

 4  the entire case, both claims.

 5          THE COURT:  And on June 15th, 2012, the state court

 6  entered an order summarily denying your motion for a stay.  Am

 7  I correct?

 8          MR. TAGGART:  Yes, I believe that's correct.

 9          THE COURT:  Okay, go ahead.

10          MR. TAGGART:  There were several entries in the docket

11  from the time GMAC filed for bankruptcy until June 6th, and

12  from June 6th until now, there's been nineteen entries in the

13  docket.  I haven't been able to proceed with any of my

14  counterclaims against GMAC.

15          THE COURT:  For damages?

16          MR. TAGGART:  Or even -- some of the -- I'm sorry.

17  Some of the claims for damages must be asserted with damages,

18  which actually are permitted in the order that was signed by

19  the Court that says that the damages must be -- if the claims

20  must be asserted with damages, they're permitted.  And that's

21  actually the case.  But GMAC asserted that thirty-one out of

22  the thirty-two claims should be stayed.

23          THE COURT:  Let me ask you this.  The debtors, in

24  their response to your -- in the supplemental filing that they

25  filed with this court -- because this came on for a hearing on

1   July 10th --

2           MR. TAGGART:  Yes.

3           THE COURT:  -- and I directed that you and the

4   debtors' counsel try and work this out.  You were unable to do

5   that.

6           MR. TAGGART:  Yes.

7           THE COURT:  I understand that.  They filed an

8   additional filing, actually several.  And the debtors have

9   offered to consent to a limited stay as follows:  "The parties

10  may proceed through any dispositive motion practice in the

11  foreclosure proceeding, by which the trial court will determine

12  the viability of Mr. Taggart's alleged defenses to foreclosure,

13  in the foreclosure proceeding.  Thereafter, Mr. Taggart would

14  have the opportunity to renew his motion by filing a notice of

15  hearing fourteen days in advance of the next available omnibus

16  hearing, to the extent that any of Mr. Taggart's counterclaims

17  remain that would otherwise be stayed by the supplemental

18  servicing order."  That's in the debtors' supplement in further

19  opposition.

20          So what -- the difficulty I had the last time you were

21  here, not with your position, but really with the debtors'

22  position, they argued that none of the thirty-two

23  counterclaims -- I guess thirty-one of the thirty-two

24  counterclaims that you had asserted could not proceed as

25  defenses in the state court foreclosure action.  And I raised

1  with them, they hadn't briefed the issue.  They just simply

2  made that argument, that none of those could be asserted as

3  defenses.

4          And after you went back and were unable to work it

5  out, they filed a supplement, and they also filed a memorandum

6  of law from the debtors' Pennsylvania counsel, Reed Smith.  And

7  that addressed, in detail, applicable Pennsylvania state law as

8  to what could be asserted as a defense to foreclosure.  But the

9  debtor, in my view, correctly agrees that the judge in your

10 foreclosure action should be the one to decide what can

11 properly be asserted as a defense under state law.  Because

12 Pennsylvania law governs what are proper defenses to the state

13 court foreclosure.

14         So what's wrong with their position?  They're saying

15 go ahead, Mr. Taggart; go back to the state court judge.

16 You've asserted thirty-two counterclaims.  That judge will

17 decide which of those claims, if any can properly proceed as

18 defenses to foreclosure.  Why isn't that the right result?

19         MR. TAGGART:  That's -- I don't have a problem with

20 that, I just have -- the court had said that -- I'm citing a

21 decision just last week in Aurora by this court, that they're

22 using the sword and shield defense that, okay, they can proceed

23 in state court, but I have an issue with the monetary damages,,

24 if they're liable also for monetary damages, why that shouldn't

25 offset.

RESIDENTIAL CAPITAL, LLC, ET AL.                    20

1          THE COURT:  They're not seeking monetary damages from

2    you in the state court foreclosure action.  As I understand it,

3    and the state court judge will be one to determine this, it's

4    what's referred to as an in rem proceeding; that they can't get

5    a personal judgment against you.  If the prevail, they'll get a

6    judgment of foreclosure with respect just to the real property,

7    but no personal judgment against you.

8          So their position is, they're not seeking monetary

9    damages from you.  And they argue, they briefed, but I'll leave

10   it to a Pennsylvania judge to decide, that under Pennsylvania

11   law, in an in rem foreclosure proceeding, the court doesn't

12   decide any monetary damage issues.  The judge in Pennsylvania

13   will decide what's a valid -- what may be a valid defense to

14   foreclosure.  If any of your thirty-two counterclaims, under

15   Pennsylvania law, can be asserted as defenses, the judge in

16   Pennsylvania will decide that.

17         I mean, that's -- what's wrong with that -- that's the

18   position that the debtors have set forth in their supplement.

19   And they supported it with the memorandum of law from Reed

20   Smith that goes through and specifically talks about what

21   Pennsylvania law is.  I don't have -- with this proposal to

22   send it back to the judge there, I'm not going to decide what's

23   a valid defense, what's not a valid defense.  The Pennsylvania

24   judge will decide that.  What's wrong with that?

25         MR. TAGGART:  That part of it, I don't have a problem

1  with, Your Honor.  What they're attempt -- what GMAC is

2  attempting to do here is get an in rem judgment, I mean,

3  against the property.  But obviously state claims aren't on a

4  personal level.  I am the person who took out the loan on that

5  property.  It's my property.  It's my credit.  It's my -- you

6  know, once the property's gone, my claims against GMAC are just

7  stayed for --

8          THE COURT:  No, you'll file a proof of claim in this

9  court and -- actually, it's broader than that.  Because the one

10 thing I must say, what they set forth in their supplement

11 was that --

12         MR. TAGGART:  Your --

13         THE COURT:  Let me finish.

14         MR. TAGGART:  Okay.

15         THE COURT:  That you could come back to this court --

16 after the Pennsylvania judge rules, you can come back to this

17 court and seek to get broader stay relief.  So for example, if

18 the Pennsylvania judge decided that -- I'm picking a number out

19 of the air -- two, five, ten, of your counterclaims are -- may

20 be valid defenses to foreclosure, and he proceeds to decide the

21 issues on those; if those same counterclaims also give rise to

22 damage claims on your part, it's possible -- I'm not saying

23 I'll do this -- but it's possible that if you came back at some

24 point, I would say that judicial efficiency favors the

25 Pennsylvania judge fixing the amount of any liability, because

1    he or she necessarily had to decide issues of fact and law

2    relating to your defenses.  I'm not saying; I don't know.  But

3    it leaves open the possibility of you coming back.

4           If the court in Pennsylvania strikes all thirty-two or

5    thirty-one of the defenses and says they're not defenses to

6    foreclosure, your avenue for relief is clear.  You file a proof

7    of claim in this court and in due course you'll adjudicate --

8    the Court will, if there's objections to the claims, the Court

9    will adjudicate it.  But -- anything else you want to add, Mr.

10   Taggart?

11          MR. TAGGART:  Yeah.  I have a question for the Court.

12   It's obviously -- I file a claim with the court, which they'll

13   pay at back pennies on the dollar.  So if they get a judgment

14   for 800,000 dollars, even though, if I have claims --

15   counterclaims for 800,000 dollars in personam, they go ahead

16   proceed, I lose the property, and I have no recourse --

17          THE COURT:  They've represented in the supplement and

18   in the memorandum of law that Reed Smith filed, that in a

19   Pennsylvania foreclosure action such as the one pending, that

20   there is no in personam judgment entered.  It's purely a so-

21   called in rem proceeding.  If they prevail, they succeed in

22   foreclosing on your property.  But it doesn't result in an in

23   personam judgment.  I'll ask the debtors' counsel about that,

24   but --

25          MR. TAGGART:  I understand what you're saying.

1          THE COURT:  Do you agree with that?

2          MR. TAGGART:  I'm agreeing with what you're saying.

3     I'm saying they're using the in rem foreclosure, not only in

4     Pennsylvania and in other states, to circumvent and stay

5     everybody's --

6          THE COURT:  Well, you say that.  But --

7          MR. TAGGART:  -- you know, against -- that's what

8     they're doing.  So they're holding off --

9          THE COURT:  Well, they filed the foreclosure action

10    long before they filed for bankruptcy.

11         All right.  Any other points you want to make?

12         MR. TAGGART:  Yeah.  I mean, currently, in any

13    defenses that have come up that have to be alleged in federal

14    court:  racketeering, fraud, fraud on the court, it would have

15    to be alleged in federal court, because there are damages

16    regarding that claim, and can also be used as defenses, have to

17    be alleged in federal court.

18         And those claims can be used to offset a judgment.

19    This court in the one hearing, the National Association of

20    Bankruptcy Attorneys assert -- or is allowing this court,

21    people in bankruptcy to offset judgments that GMAC -- I believe

22    that's what's asserted by the Court, but not in foreclosure.

23         THE COURT:  Anything else?

24         MR. TAGGART:  That's it.

25         THE COURT:  All right.  Mr. Rosenbaum?

1          Just have a seat up front, because I'll give you a

2    chance if there's anything you want to -- you can sit back

3    against the rail or up there.  Either way.  Because I'll give

4    you another chance after Mr. Rosenbaum has spoken.

5          MR. ROSENBAUM:  Your Honor, just one thing.  Diane

6    Bettino of Reed Smith is here.  She's counsel in the

7    foreclosure actions --

8          THE COURT:  I do have -- I do understand it correctly

9    that you're not seeking an in personam judgment against Mr.

10   Taggart in the Pennsylvania action.  Is that correct?

11         MR. ROSENBAUM:  That's correct, Your Honor.

12         THE COURT:  Okay.

13         MR. ROSENBAUM:  Your Honor accurately stated the

14   position of the debtors on Mr. Taggart's motion.  We are

15   prepared to allow the stay to be lifted, to the extent it is

16   not subject to the supplemental servicing order, to allow the

17   state court to rule on dispositive motions, whatever Mr.

18   Taggart would like to bring, GMAC motions as well, and have the

19   state court determine the matters before it on the

20   counterclaims and any claims Mr. Taggart wishes to raise within

21   the confines of the procedures of that court.

22         And again, it's without prejudice.  If and when -- if

23   the court rules that there are actually monetary claims that

24   remain as part of his defenses that are otherwise stayed, Mr.

25   Taggart will have the right to come back to this court, renew

1   his motion for relief -- or to the court to --

2          THE COURT:  So the one thing -- and I raised this with

3   Mr. Taggart.  I mean, I'm not deciding any of it today of that

4   point.  But if the state court in Pennsylvania were to decide

5   that some number of these counterclaims are properly asserted

6   as defenses to foreclosure and were to go on and get ready for

7   a trial in them, and Mr. Taggart came back and said look, the

8   state court's going to go ahead and decide the issues of fact

9   and law, I'm not deciding it now, but judicial efficiency might

10  favor allowing the fixing of the claim.

11         You've entered into some stipulations today, in fact,

12  that do just that, allow another court to fix the amount of the

13  claim.  It's premature for me to even deal with it, other than

14  that I just want to make it clear to you that I'll look at the

15  situation as it exists at the time.

16         MR. ROSENBAUM:  Understood, Your Honor.

17         THE COURT:  Okay.  What about this new federal court

18  action he filed and the effort to withdraw the motion to lift

19  the stay.  I mean, the action was clearly filed in violation of

20  the stay.

21         MR. ROSENBAUM:  Your Honor, we have no objection to

22  withdrawal of the motions, provided Mr. Taggart withdraws the

23  actions --

24         THE COURT:  Well, he hasn't said he's going to

25  withdraw the action.  Well, the pre-petition action doesn't get

1  withdrawn.

2          MR. ROSENBAUM:  That's correct, Your Honor.

3          THE COURT:  It's just the question about that post-

4  petition action that he filed.

5          MR. ROSENBAUM:  Your Honor, these are clearly both

6  claims for monetary damages.  He does seek some injunctive

7  relief to stay the foreclosure proceeding.  But we're here

8  allowing that foreclosure proceeding to go forward.  These

9  cases were just filed.  No discovery's been taken.  We don't

10 see any basis for relief from the stay under the Sonnax

11 factors, and the motion should be denied.  And Mr. Taggart

12 should be directed to withdraw the motion for --

13         THE COURT:  Well, I don't have a motion in front of me

14 addressed to this issue of what should happen with the post-

15 petition action.  The pre-petition action, he wants to withdraw

16 the motion to lift the stay.  It's stayed.  Okay.  The post-

17 petition action is a different story.  It was filed in

18 violation of the automatic stay.  And if you're consenting to

19 his withdrawing of the motion to lift the stay, fine, then I'll

20 deem it withdrawn.  And you'll figure out -- I don't have

21 anything in front of me from you -- no motion that seeks relief

22 with respect to Mr. Taggart's filing of that action in

23 violation of the stay.

24         MR. ROSENBAUM:  That's correct, Your Honor.  We were

25 hoping to resolve everything today.  But I understand there's

1   nothing before Your Honor, and we'll reserve all our rights

2   with respect to that action.  I think Mr. Taggart should

3   understand that, if he doesn't already, it's in violation of

4   the automatic stay, and we have certain rights under the

5   Bankruptcy Code, and procedures of this court to move for

6   appropriate sanctions and equitable relief.

7           THE COURT:  Well, I'm going to leave it to you to try

8   and work that out with Mr. Taggart.  Okay?

9           MR. ROSENBAUM:  Thank you, Your Honor.

10          THE COURT:  All right.  Mr. Taggart, is there anything

11  else you want to add?

12          MR. TAGGART:  If I may?

13          THE COURT:  Go ahead.  Come up.

14          MR. TAGGART:  Thank you, Your Honor, first, for your

15  time.  I apologize if -- again, I'm pro se, I'm not trying to

16  make excuses though.  And I didn't file that claim recently

17  with intentional malice or anything against the court or GMAC.

18  So --

19          THE COURT:  I'll tell you what, Mr. Taggart.  Talk to

20  Mr. Rosenbaum.  And he's consented to your withdrawing the

21  motion to lift the stay as to both that pre-petition federal

22  action and the post-petition federal action.  You ought to try

23  and resolve the issue about the post-petition action.  Because,

24  I understand you're pro se, but the rules -- I may be -- I try

25  to bend over backwards for pro ses, okay?  But there are some

1  things you can't do.  Okay?  Talk to Mr. Rosenbaum, see if you

2  can work it out, as to that.

3        MR. TAGGART:  Yeah, I will definitely do that.

4        THE COURT:  Okay.

5        MR. TAGGART:  The other question I had is, on the pre-

6  petition filing, which -- in federal court, which involved GMAC

7  actually as a third-party defendant.  It's actually against

8  Montgomery County.  Some state courts have recognized the

9  fraudulent, false robo-signed affidavits and assignments in

10  mortgage foreclosures, by GMAC, Jeffery Stephan affidavits.  I

11  don't want to waste the Court's time.  The State Attorney

12  General in Maine, Ohio -- they're basically considered fraud.

13        Some state court are still allowing those affidavits

14  to be used in foreclosure cases.  In my case it is true, and in

15  several other cases, they're still foreclosing on fraudulent

16  robo-signed affidavits currently.  I have evidence of that.

17  That is what, in a sense, that case is about.  The federal

18  complaint was filed January 26th against Montgomery County and

19  GMAC as a third party defendant.

20        That was one of the motions that was withdrawn.  They

21  just gave me a brief last week.  Not to waste the Court's time,

22  but I think it's essential that the Court recognize any pre-

23  petition cases or at this time, before proceeding, people

24  losing their houses, even in rem judgment, with false

25  affidavits.  There should be a remedy for homeowners like

1   myself, and still thousands if not millions of people losing

2   their homes, because of in rem judgment, and they're holding

3   off litigation and using the bankruptcy court to evade

4   responsibility because of these false foreclosures.

5          And that's what that case is about.  And that was

6   filed prior to them filing for bankruptcy.  So I'm asking the

7   Court, at what point will these -- myself and other people get

8   relief from that, because after the house is gone, there's --

9          THE COURT:  Mr. Taggart, if you believe that false

10  documents, robo-signed documents have been used in their effort

11  to foreclose on your home, the place to raise that issue is in

12  the foreclosure proceeding in state court in Pennsylvania.

13         MR. TAGGART:  Yeah.

14         THE COURT:  You had -- let me just finish.

15         MR. TAGGART:  Okay, I'm sorry.

16         THE COURT:  The supplemental servicing order

17  specifically authorizes you to lift the stay with respect to

18  any defense to foreclosure.  If it's a -- I don't have your

19  case or any of the others in front of me, nor should they be in

20  front of me.  The matter is pending in a state court in

21  Pennsylvania.  You need to raise whatever defenses you believe

22  you can support that are proper defenses to foreclosure.

23         I have no tolerance for robo-signing or other efforts

24  by mortgagees or loan servicers, improperly to foreclose.  I've

25  written a number of opinions myself on those issues.  But the

1  place to raise the issue is in the foreclosure action in

2  Pennsylvania.  And there's nothing that prevents you from doing

3  that.

4           MR. TAGGART:  Your --

5           THE COURT:  Okay.  I need to move on on the calendar

6  now.

7           MR. TAGGART:  -- yeah.  In the evidentiary hearing on

8  Wednesday, can those documents be produced as well?

9           THE COURT:  What evidentiary hearing on Wednesday?

10          MR. TAGGART:  Robo-signed documents as far as --

11          THE COURT:  It has nothing to do with -- what does

12  that have to do with anything that's before me?

13          MR. TAGGART:  Okay.  I'm sorry.  Then I'll withdraw

14  that.  That's fine.

15          THE COURT:  Okay.  All right.  All right, thank you,

16  Mr. Taggart.

17          MR. TAGGART:  Okay.  Thank you.

18          THE COURT:  Mr. Rosenbaum -- and I'm taking the

19  Taggart matter under submission, and I'll issue an appropriate

20  opinion or order.

21          MR. ROSENBAUM:  Thank you, Your Honor.  The next

22  matter on the agenda is the amended motion for relief from the

23  stay filed by Corla Jackson.  It's docket number 856.  I'm

24  going to cede the podium to Aaron Klein.  And I believe Ms.

25  Jackson is in the courtroom as well.

**EXHIBIT 3**

ny-1068161

**In Re:**

*RESIDENTIAL CAPITAL, LLC, et al.*

*Case No. 12-12020-mg*

---

*October 10, 2012*

---

*eScribers, LLC*

*(973) 406-2250*

*operations@escribers.net*

*www.escribers.net*

*To purchase copies of this transcript, please contact us by phone or email*



**Min-U-Script® with Word Index**

RESIDENTIAL CAPITAL, LLC, ET AL.                                    100

1  respondent to demonstrate by evidence the unusual circumstances

2  that establish that dismissal or conversion is in the best

3  interests of creditors and the estate.  See 7 Collier on

4  Bankruptcy, paragraph 1112.05, subsection 1.

5        The Court has carefully reviewed Mr. Papas' papers,

6  and they set forth no evidentiary or legal support for

7  conversion of this case to a case under Chapter 7.  The Court

8  further concludes that Mr. Papas' motion is frivolous.  Any

9  effort by Mr. Papas to renew the motion in the event that -- or

10 seeks similar relief on alternate grounds, the Court will

11 entertain a motion by the debtors to impose sanctions against

12 Mr. Papas.  For the foregoing reasons as explained, the current

13 motion is denied.  Debtors' counsel should submit an order that

14 indicates for the reasons stated on the record, the motion is

15 denied.  Thank you.

16        Next matter?

17        MS. MARTIN:  Thank you.

18        MR. PAPAS:  Thank you.  I'll be filing my appeal.

19        MR. NEWTON:  Good afternoon, Your Honor.  James Newton

20 of Morrison & Foerster on behalf of the debtors.

21        The next items on the agenda are three or four motions

22 filed by Kenneth Taggart, who you're familiar with.  I'll just

23 run through them real quickly and then I'll cede the podium to

24 Mr. Taggart.

25        The first one, item number 6 on the agenda is a motion

**RESIDENTIAL CAPITAL, LLC, ET AL.**                                          101

1   to reconsider this Court's prior order on Mr. Taggart's first

2   motion for relief from the automatic stay.  That motion is

3   located at docket number 1397.  Mr. Taggart would like the

4   Court to reconsider, because he believes the Court didn't

5   address all of his concerns or the concerns he had raised in

6   that motion.

7        Item number 7 on the agenda is what we'll call the

8   first sanctions motion.  It's filed at docket number 1114.

9   This motion seeks, based on similar issues raised in the

10  reconsideration motion, to have the Court void all pleadings in

11  Mr. Taggart's underlying foreclosure proceeding since the

12  petition date and impose sanctions on the debtors for delay in

13  filing a notice of bankruptcy.

14       Item number 8 on the agenda is Mr. Taggart's amended

15  sanctions motion.  This again raises similar issues as the

16  previous two motions and seeks to void pleadings in two appeals

17  Mr. Taggart has taken from orders in the foreclosure proceeding

18  and also to impose sanctions on the debtors for the same

19  reason, for not -- for failure to file a notice of bankruptcy

20  in those cases.

21       And the final motion is item number 9 on the agenda,

22  it's docket number 1587.  It's a motion by which Mr. Taggart

23  seeks to have the debtors remove certain purported assets, Mr.

24  Taggart's mortgage and note from the assets of the estate.

25       Mr. Taggart's motions; with that, I'll cede the podium

**RESIDENTIAL CAPITAL, LLC, ET AL.**                    102

1  to Mr. Taggart.

2          THE COURT:  All right.  Mr. Taggart?

3          MR. TAGGART:  Good afternoon, Your Honor.

4          THE COURT:  Good afternoon.

5          MR. TAGGART:  Okay.  May I proceed?

6          THE COURT:  Go ahead.

7          MR. TAGGART:  Okay.  Yeah, I just want to first let

8  the Court know, I believe Mr. -- I'm sorry, Mr. Newton, is it?

9          MR. NEWTON:  Yes.

10         MR. TAGGART:  Mr. Newton, I'm sorry -- I believe

11 mischaracterized the motion.  He's calling, at least the first

12 motion, a motion for reconsideration from the stay.  I'm not

13 seeking -- I initially came before this Court to seek

14 clarification of the stay in which the Court issued an order.

15 Upon issuing that order, there were several pleadings going on

16 at the time -- at least part of the time -- in which the Court

17 was -- before this came upon the Court.

18         I'm seeking, pursuant to the Bankruptcy Code, for

19 those pleadings in the state foreclosure case to be voided.

20         THE COURT:  The foreclosure case is a case that the

21 debtors commenced against you.

22         MR. TAGGART:  Correct.

23         THE COURT:  Do you understand that the automatic stay

24 does not apply to a case that the debtors bring but only

25 against actions that you would bring against the debtor?

**RESIDENTIAL CAPITAL, LLC, ET AL.**                    103

1      MR. TAGGART:  Yeah, I do.  My point being is they

2  asserted just to bring -- refresh the Court's memory if -- they

3  asserted with the Court in the state court, thirty-two

4  counterclaims -- I'm sorry, only one of the thirty-two

5  counterclaims could proceed against them.

6      THE COURT:  But you asserted thirty-two counterclaims.

7      MR. TAGGART:  I'm sorry, I filed thirty-two

8  counterclaims against GMAC Mortgage.

9      THE COURT:  And the issue was under supplemental

10  servicing order, it permits you to proceed with any affirmative

11  defenses but not to seek affirmative recovery from the debtors.

12  Do you understand that?

13      MR. TAGGART:  I do.  My point is they filed with the

14  Court, a notice to the Court that only one of the thirty-two

15  claims could continue.  So for approximately, I believe until

16  June 6th until July 18th, I was not able to proceed in state

17  court with those claims and I was burdened with filing answers,

18  coming back here.  So they were proceeding with their case,

19  whereas I was prejudiced.  I could not proceed with my case.

20  Do you understand my point?

21      THE COURT:  Go ahead, Mr. Taggart.

22      MR. TAGGART:  Okay.  So yeah, I was just looking for

23  in my opinion, to void those pleadings and sanctions.

24      THE COURT:  Mr. Taggart, it seems to me that every

25  time you've lost an issue in state court, you come running here

RESIDENTIAL CAPITAL, LLC, ET AL.                    104

1   and you seek to have this court void whatever order a state

2   court has entered against you.

3          MR. TAGGART:  They didn't --

4          THE COURT:  That's what I read this -- I mean, I have

5   a stack of motions that you have filed.  You have been before

6   the Court before.  Every time there's an adverse ruling against

7   you in a state court in connection with the foreclosure action,

8   you come back here and complain that the debtor violated the

9   automatic stay, that the order that the state court entered

10  ruling against you is void.  I don't review decisions that the

11  state court enters.

12         MR. TAGGART:  Your Honor, I've only been before this

13  court one time.

14         THE COURT:  Not true.

15         MR. TAGGART:  I was only here -- as far as regarding

16  the motion that I filed.

17         THE COURT:  Go ahead, Mr. Taggart.

18         MR. TAGGART:  Yeah, so I mean I'm just seeking relief

19  that I'm entitled to, I've only been here once, under the Code.

20         THE COURT:  Well you're seeking relief.  I decide

21  whether you're entitled to it.

22         MR. TAGGART:  Yeah, that's -- yeah, I understand.  I'm

23  filing, you know, a motion to the Court to do that.

24         THE COURT:  Anything else you want to add?

25         MR. TAGGART:  Regarding the stay, yeah, there's --

**RESIDENTIAL CAPITAL, LLC, ET AL.**                                    105

1   there was two appeals filed in which GMAC never filed any

2   notice of stay whatsoever.

3           THE COURT:  These were appeals that you took in the

4   foreclosure action against you, correct?

5           MR. TAGGART:  Correct.

6           THE COURT:  What is it that leads you to believe the

7   automatic stay applies in an action that one of the debtors

8   commenced against you?

9           MR. TAGGART:  I'm sorry, say that again?

10          THE COURT:  What is it that leads you to believe that

11  the automatic stay applies in a case that the debtor has filed

12  against you?

13          MR. TAGGART:  Doesn't the debtor have an obligation to

14  file a notice in court of notice of bankruptcy in each case?

15          THE COURT:  All right.  I'm going to take the matter

16  under submission and I'll explain my ruling in writing.

17          MR. TAGGART:  Yeah.  I apologize, Your Honor.  I'm

18  just --

19          THE COURT:  That's okay.

20          MR. TAGGART:  Okay.  I'm --

21          THE COURT:  Okay.  Mr. Taggart, I have been -- I've

22  tried to be very patient with you and the flurry of motions

23  that I have before me, the motion to void pleadings and

24  sanctions due to violation of Bankruptcy Code, that's ECF

25  docket 1114.  A motion for a stay order regarding limited

**RESIDENTIAL CAPITAL, LLC, ET AL.**                                106

1  relief for stay until order on motion to void pleadings and

2  sanctions due to violation of Bankruptcy Code is issued by the

3  Court, docket 1585.  Motion to remove mortgage loan alleged by

4  Kenneth Taggart from assets of GMAC Mortgage LLC and motion to

5  prove ownership of mortgage assets, mortgages and notes,

6  Kenneth Taggart dispute assets of GMAC, docket number 1586.

7  Motion for stay to order regarding limited relief from stay

8  until order on motion to void pleadings and sanctions due to

9  violation of Bankruptcy Code is issued by the Court, docket

10  number 1397.  I have all of those motions that you have filed

11  pending before me.  I will resolve them in a written order.

12  Thank you.

13        MR. TAGGART:  Do --

14        THE COURT:  Does the debtor want to be heard?

15        MR. NEWTON:  Unless you have any questions --

16        THE COURT:  I don't.  Thank you, Mr. Taggart.

17        MR. TAGGART:  Your Honor, can I offer anything more?

18        THE COURT:  No.

19        MR. TAGGART:  No.

20        THE COURT:  I've reviewed all the papers and I will

21  issue a written --

22        MR. TAGGART:  Okay.

23        THE COURT:  -- order.

24        MR. TAGGART:  Thank you.

25        MR. ROSENBAUM:  Good afternoon, Your Honor.  Norm