# EXHIBIT A



Kathy D. Patrick
kpatrick@gibbsbruns.com
713.751.5253

November 27, 2012

<u>Via E-Mail</u>

Kenneth H. Eckstein
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036

       RE:    *In re Residential Capital LLC, et al.*, Case No. 12-12020 (Bankr. S.D.N.Y.)

Dear Ken:

The Official Committee of Unsecured Creditors, through its counsel, has repeatedly acknowledged that the RMBS Trusts are the largest creditors in the ResCap bankruptcy. On behalf of the largest group of investors in those trusts, I write to express their deep dismay at the manner in which the Committee has allowed its processes and activities to be subverted by a minority of constituents that seek to advance their individual interests at the expense of the unsecured creditors generally.

To be specific, the monoline insurers who serve on your committee—MBIA and FGIC— have each sought to pursue, through the Committee, an individual litigation agenda that is at odds with the best interests of the majority of unsecured creditors. MBIA's shareholder equity is contingent upon maintaining an unreasonably high valuation of purported litigation "recoverables" it has booked in connection with its claims against ResCap; a more realistic valuation of those litigation contingencies, premised on the value ascribed in the settlement, would be devastating to MBIA's balance sheet. MBIA's interests are entirely antagonistic to the interests of the creditors as a whole. FGIC's are, as well. FGIC has failed utterly to perform its contractual obligations to the RMBS Trusts for years and has refused to pay claims it is contractually obliged to pay. In our view, FGIC is in egregious default and its efforts to continue to avoid its obligations, even as it grabs for settlement funds that rightly belong to other creditors, reflect an interest that is—like MBIA's—entirely antagonistic to the creditors as a whole.

The Trustees for the RMBS Trusts have recused themselves from any action or voting with regard to the Debtors' pending motion to approve a settlement with the RMBS Trusts. They have taken this action even though they did not negotiate the settlement and have, as yet, made no decision whether to accept it. We believe the monolines should, likewise, be required to recuse themselves from any decision regarding the Committee's position on the 9019 settlement. If they wish to assert their individual positions, they are free to do so, but they should be precluded from any further effort to subvert the Committee process to their own ends. If the monolines refuse to recuse themselves, the RMBS Trustees should be permitted and encouraged

to vote on the 9019 settlement, to ensure a fairly representative view of the RMBS creditors on the settlement.

Because there are clear, and unresolved, conflicts that influence the actions of creditors who sit on the Committee, we urge you to take additional prophylactic actions to ensure that any voting related to the RMBS Trust settlement reflects an appropriate exercise of fiduciary obligations by the Committee members and is in the best interests of *all* creditors. Specifically, the Committee should:

1. Remind all Committee members of their fiduciary obligations before taking a vote to authorize any objection to the RMBS Trust settlement;

2. Provide a copy of any proposed objection to the RMBS Settlement to all Committee members for their review, with an instruction that they should read it thoroughly and identify any areas in which Committee members disagree with the positions espoused in the objection; and,

3. Take a formal recorded vote, to reflect the decision of each Committee member to authorize or disapprove the proposed objection the Committee intends to file.

Be advised that we intend to take the depositions of all Committee members that are clearly conflicted and vote in favor of the Objection, to ensure the Court has a full picture of the conflicted nature of the Committee's process as it considers the bona fides of the Committee's actions.

We deeply regret the need to send this correspondence but our earlier efforts to urge caution and reason on the Committee have fallen on deaf ears. The Debtors' proposed settlement is highly beneficial to all creditors. It facilitated the sale of the servicing platform for hundreds of millions of dollars more than could reasonably have been expected in the absence of the prospective resolution of the RMBS Trusts' repurchase claims. Separately from that benefit, which increased the proceeds available to all creditors, the settlement would also resolve the claims of the largest creditor constituency fairly and reasonably and would reduce, dramatically, litigation expenses.

As the largest creditors of this Estate, we will not allow proceedings to be prolonged—and unnecessary legal fees incurred by the Estate—to advance litigation agendas that are not beneficial to all creditors.

Very truly yours,

*Kathy Patrick /ps*

Kathy D. Patrick