**QUINN EMANUEL URQUHART
  & SULLIVAN, LLP**
Daniel L. Brockett
Susheel Kirpalani
Jennifer Barrett
Maria Ginzburg
Scott C. Shelley
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile:  (212) 849-7100

**QUINN EMANUEL URQUHART
  & SULLIVAN, LLP**
Eric D. Winston (admitted *pro hac vice*)
Jeremy D. Andersen (admitted *pro hac vice*)
865 South Figueroa Street
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Counsel for*

*AIG Asset Management (U.S.), LLC. et al.,
Allstate Insurance Company, et al.,
Massachusetts Mutual Life Insurance Company, and
Prudential Insurance Company of America, et al.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**RESPONSE OF AIG ASSET MANAGEMENT (U.S.), LLC, THE
ALLSTATE ENTITIES, MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY, AND THE PRUDENTIAL ENTITIES
TO DEBTORS' MOTION FOR APPOINTMENT OF A MEDIATOR**

AIG Asset Management (U.S.), LLC and affiliated entities (collectively, "AIG"), Allstate Insurance Company and affiliated entities (collectively, "Allstate"), Massachusetts Mutual Life Insurance Company ("MassMutual"), and Prudential Insurance Company of America and affiliated entities (collectively, "Prudential," and, with AIG, Allstate, and MassMutual, the "Investors"), holders of general unsecured claims against Residential Capital, LLC and its

debtor-subsidiaries (the "Debtors"), by and through their undersigned counsel, hereby submit this response to the Debtors' Motion for Appointment of a Mediator (the "Mediator Motion"), and in support thereof respectfully state as follows:

**RESPONSE**

1.  The Investors, who collectively hold more than $1.75 billion in fraud and other claims arising under state and federal securities laws and common law, are generally supportive of the Mediator Motion. While there has been a significant amount of activity in these cases since the petition date, very little progress has been made toward confirmation of a chapter 11 plan, and the Investors agree that the appointment of a mediator could facilitate that process.

2.  In support of their Mediator Motion, the Debtors state that a mediator could provide assistance in fostering discussion on (a) the so-called "AFI Related Issues" and (b) "Intercreditor and Interdebtor Issues." Mediator Motion at ¶ 6. The Investors agree. For the reasons set forth in the Investors' November 27, 2012 Motion for Classification [Dkt. No. 2284] (the "Classification Motion") and otherwise, all of the identified AFI-related, Intercreditor and Interdebtor issues potentially impact the Investors' bankruptcy court claims, as well as the Investors' suits pending against non-Debtor AFI affiliates in nonbankruptcy courts.

3.  In the Mediator Motion, the Debtors note that at the September 11, 2012 hearing, the Court directed the Debtors to "mak[e] progress or at least mak[e] an effort to make progress" with respect to plan negotiations.[1] In response to this direction, the Debtors assert that they "engaged in several formal and informal meetings with each of their major constituents to discuss key plan issues." Mediator Motion, ¶ 1. The Debtors also assert that "[i]n the coming weeks, the Debtors intend to engage in plan negotiations and to foster an open and productive

---

[1] Transcript of Hearing at 62:23-24, In re Residential Capital, LLC, Case No. 12-12020 (Bankr. S.D.N.Y. Sept 11, 2012) ("September 11 Transcript").

dialogue with all key stakeholders to reach resolution on significant plan issues." Mediator Motion, at 4. Neither statement appears to be true with respect to key categories of interested parties, including the Investors.

4. As the holders of more than $1.75 billion in general unsecured claims, and as described in the Classification Motion, the Investors undeniably are "major constituents" and "key stakeholders" in these cases that intend to make sure their rights are not unfairly prejudiced by the Debtors' actions. Yet despite the Debtors' statements in the Mediator Motion, the Debtors have **not** engaged in **any** discussions with the Investors regarding key plan (or really, any) issues. Notably, the Debtors have not even seen fit to communicate with the Investors in any way concerning the Classification Motion, even though the Investors' motion plainly raises significant questions as to the ability of the parties to resolve critical plan issues.

5. Given the foregoing, the Investors support the appointment of a mediator who can facilitate a discussion among **all** interested parties, including the Investors, on critical plan issues related to claims against both the Debtors and their non-Debtor affiliates. The Investors look forward to the opportunity to discuss these issues with the Debtors, and they fully expect an equal seat at the bargaining table alongside the other key constituents in these cases.

Respectfully submitted,

Dated: December 13, 2012
New York, New York

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

 /s/  Susheel Kirpalani
Daniel L. Brockett
Susheel Kirpalani
Jennifer Barrett
Maria Ginzburg
Scott C. Shelley

51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Eric D. Winston (admitted *pro hac vice*)
Jeremy D. Andersen (admitted *pro hac vice*)
865 South Figueroa Street
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Counsel for AIG Asset Management (U.S.), LLC, et al., Allstate Insurance Company, et al., Massachusetts Mutual Life Insurance Company, and Prudential Insurance Company of America, et al.*