MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:      (212) 468-8000
Facsimile:       (212) 468-7900
Stefan W. Engelhardt
Samantha Martin

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |

**DEBTORS' OBJECTION TO EMERGENCY MOTION BY SIDNEY T. LEWIS AND YVONNE D. LEWIS FOR ORDER ISSUED TO DEBTOR'S CLAIMS ADMINISTRATOR TO DISTRIBUTE PAYMENT OF STATUTORILY ALLOWED CLAIM NOS. 932, 933 UNDER 11 U.S.C.A. §§ 502(a), (g)(1), 510(b) INSTANTER; GROUNDED ON DEBTOR'S LACK OF INCONSISTENT POSITION FOR CONSENT JUDGMENTS UNDER DOC. 13, USDC, D.C., CASE NO. 1:12-CV-361; FRB DOCKET NO. 11-020-B-HC; AND "UNCURED" EXECUTOR CONTRACTS UNDER 11 U.S.C.A. § 365(b)(1)(A), (c)(2), SEE DEBTOR'S MOTION (DOC. 61 AND 61-1), INTERIM ORDER (DOC. 81), AND FNMA'S OBJ. (DOC 2102)**

The debtors and debtors in possession (collectively, the "Debtors"), by and through their undersigned counsel, hereby file this Objection (the "Objection") to the *Emergency Motion by Sidney T. Lewis and Yvonne D. Lewis (together, the "Lewises") for Order Issued To Debtor's Claims Administrator To Distribute Payment of Statutorily Allowed Claim Nos. 932 and 933 Under 11 U.S.C.A. §§ 502(a), (g)(1), 510(b) Instanter; Grounded on Debtor's Lack of Inconsistent Position for Consent Judgments Under Doc. 13, USDC, D.C., Case No. 1:12-CV-361; FRB Docket No. 11-020-B-HC; and "Uncured" Executor Contracts Under 11 U.S.C.A.*

ny-1069582

1

*§§365(b)(1)(A), (c)(2), see Debtor's Motion (Doc. 61 and 61-1), Interim Order (Doc. 81), and FNMA's Obj. (Doc 2102)* [Docket No. 2348] (the "Motion").

In support of this Objection, the Debtors represent as follows:

## BACKGROUND

1. On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code. The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No trustee has been appointed in these Chapter 11 cases.[1]

2. On September 27, 2012, the Lewises filed two proofs of claim: (i) claim number 932 against Debtor GMAC Mortgage, LLC in the aggregate amount of $25 million for "false claims; equity skimming; RICO; pension; services performed; etc.," and (ii) claim number 933 against Debtor GMAC Mortgage, LLC in the aggregate amount of $5 million for "skimming of equity; false claims; easement; land; interference with gov. program."

3. On November 7, 2012, the Court entered an order extending the deadline for general creditors to file proofs of claim in the Debtors' bankruptcy cases to November 16, 2012, but maintaining November 30, 2012 as the deadline for governmental entities to file proofs of claim in the Debtors' bankruptcy cases [Docket No. 2093].[2]

## ARGUMENT

4. The Debtors are once again placed in the unfortunate position of having to respond to a meritless pleading filed by the Lewises in these bankruptcy cases. The instant

---

[1] The Debtors are a leading residential real estate finance company indirectly owned by Ally Financial, Inc. ("AFI"), which is not a Debtor. The Debtors and their non-debtor affiliates operate the fifth largest servicing business and the tenth largest mortgage origination business in the United States. A more detailed description of the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these bankruptcy cases, is set forth in the Whitlinger Affidavit [Docket No. 6].

[2] The original order established November 9, 2012 as the deadline for general creditors to file proofs of claim in the Debtors' cases [Docket No. 1309].

2

ny-1069582

motion—seeking "emergency" relief in a pleading that bears no fewer than sixteen (16) different captions from federal courts, state courts, and regulatory agencies—wholly fails to demonstrate entitlement to any relief whatsoever.

5.    The Lewises state that the "object" of their "emergency motion" is "threefold." <u>First</u>, the Lewises seek immediate disbursement of "allowed claims" numbered 932 and 933. <u>Second</u>, the Lewises seek a $30 million "cure" amount.  <u>Third</u>, the Lewises purportedly seek to demonstrate that the Debtors are "attempting to 'deny' the Claimant Lewis' (third party beneficiaries) 'relief' under their prepetition HUD/FHA executory contracts…." <u>See</u> Mot. at 10-11.  No basis exists for any of the relief sought.

**A.    The Lewises Are Not Entitled to Current Payments on Their Proofs of Claim**

6.    The Lewises are not entitled to be paid currently on their claims.  While Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") provides that the court shall fix the time within which proofs of claim must be filed in a Chapter 11 case, there is no requirement in the Bankruptcy Code or Bankruptcy Rules that require the Debtors to object to claims by a date certain.  <u>See e.g.</u>, 11 U.S.C. § 502(a) ("A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest … objects.") (no deadline specified for objection); Bankruptcy Rule 3007(a) ("An objection to the allowance of a claim shall be in writing and filed. A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant, the debtor or debtor in possession, and the trustee at least 30 days prior to the hearing.") (no deadline specified for objection).

7.    Following the November 2012 proof of claim deadlines, approximately **6,632** creditors filed proofs of claim in the Debtors' cases in the aggregate amount of over **$97 billion**.

The Debtors currently are in the process of reviewing and reconciling the claims that were filed, and the Lewises' claims are part of this process.

8. The Lewises are only entitled to receive payment on their claims in connection with a confirmed plan of reorganization, and only after the Debtors determine that their claims are allowed and no longer subject to objection. See Bankruptcy Rule 3021 ("after a plan is confirmed, distribution shall be made to creditors whose claims have been allowed, to interest holders whose interests have not been disallowed, and to indenture trustees who have filed claims under Rule 3003(c)(5) that have been allowed."). The Lewises will receive notice of any action the Debtors intend to take with respect to their claims and, like every other creditor, will be given an opportunity to respond.

**B.     The Lewises Are Not Entitled to Cure Payments**

9. The Lewises are not entitled to receive any cure payments. The Debtors' schedules do not identify any executory contracts to which the Lewises are a party. Not surprisingly, the Lewises do not identify a single executory contract to which they are a party. Moreover, the Lewises did not submit a timely objection[3] with respect to any of the Debtors' proposed cure amounts that were provided in the Debtors' cure notices.[4]

**C.     The Lewises Cannot Demonstrate that the Debtors are Attempting to Deny Them Any Relief to Which They Are Entitled**

10. The third prong of the Lewises' motion is one that attempts "to show the Bankruptcy Court that Debtor GMAC MORTGAGE LLC is attempting to 'deny' the Claimant

---

[3] The deadline to object to the Debtors' proposed cure amounts was September 28, 2012.

[4] See *Notice (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto* [Docket No. 924], the *First Supplemental Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto* [Docket No. 1459], the *First Amended and Restated Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto* [Docket No. 1484], filed with the Court on July 26, 2012, September 14, 2012, and September 18, 2012, respectively.

Lewis (third party beneficiaries) 'relief' under their prepetition HUD/FHA executory contracts…." See Mot. at 10-11. As set forth above, however, the Lewises have not demonstrated that they are a party to an executory contract with any of the Debtors. Accordingly, the Lewises are not entitled to any relief, whatever it may be, under this prong of the "emergency motion."

11. Having failed to identify any executory contract to which they are a party, and having failed to timely object to a proposed cure amount (or, indeed, the lack of any proposed cure amount), the Lewises have no claim that is subject to any cure payment.

## CONCLUSION

For the reasons set forth above, the Court should deny the Motion, and grant such other relief as is just and proper.

Dated: New York, NY
December 13, 2012

By:   /s/ Stefan W. Engelhardt
Stefan W. Engelhardt
Samantha Martin
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, NY  10104-0050
Telephone:  (212)-468-8000
Fascimile:  (212)-468-7900

*Counsel for the Debtors and Debtors in Possession*

5

ny-1069582