CLEARY GOTTLIEB STEEN & HAMILTON LLP
Thomas J. Moloney (TJM-9775)
Sean A. O'Neal (SAO-4067)
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Special Counsel for Wilmington Trust, National
Association, as Indenture Trustee for the Senior
Unsecured Notes Issued by Residential Capital, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------X
                                                       :
**In re**                                              :       **Chapter 11 Case No.**
                                                       :
**RESIDENTIAL CAPITAL, LLC, et al.,**                  :       **12-12020 (MG)**
                                                       :
                              **Debtors.**             :       **(Jointly Administered)**
                                                       :
                                                       :
------------------------------------------------------X

**STATEMENT OF WILMINGTON TRUST, NATIONAL ASSOCIATION IN RESPECT
OF THE DEBTORS' MOTIONS FOR ENTRY OF AN ORDER FURTHER EXTENDING
THEIR EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT
ACCEPTANCES THEREOF AND FOR APPOINTMENT OF A MEDIATOR**

**TO THE HONORABLE JUDGE GLENN,**
**UNITED STATES BANKRUPTCY JUDGE:**

              Wilmington Trust, National Association (the "Trustee"), solely in its capacity as

indenture trustee for various series of senior unsecured notes (the "SUNs") in the outstanding

aggregate principal amount of approximately $1 billion issued by Residential Capital, LLC

("Residential Capital," and with its debtor-affiliates, the "Debtors"), under that certain indenture

dated as of June 24, 2005, respectfully submits this statement regarding the Debtors' Motion For

The Entry Of An Order Further Extending Their Exclusive Periods to File a Chapter 11 Plan And

Solicit Acceptance Thereof (the "Exclusivity Motion") (Doc. No. 2355) and the Debtors' Motion For The Appointment Of A Mediator (the "Mediator Motion," and together with the Exclusivity Motion, the "Motions") (Doc. No. 2357).  In respect of the Motions, the Trustee states as follows:

**STATEMENT**

1.      The Trustee supports the Debtors' requested relief and views the Motions as both linked and necessary to a consensual resolution of these chapter 11 cases.  Although there have been significant accomplishments on the sales for which the Debtors and Creditors Committee deserve to be commended, no similar progress has been made in forming a consensus concerning a plan for these cases.  As these cases continue to unfold, it has become increasingly clear that there is no general creditor support for the Debtors' prepetition plan support agreements, which were executed on the precipice of bankruptcy with certain RMBS investors and Ally Financial, Inc. ("AFI") without any input from (or without any consideration of how they would affect) the SUNs and other creditor constituencies.

2.      The ongoing investigations have shown that (i) the parties who negotiated these agreements operated under disabling conflicts, (ii) the process by which they reached these outcomes was flawed, and as a result, (iii) the proposed settlements and allocation of proceeds are indefensible.  Not surprisingly, no creditor group supports these plan support agreements and they cannot be used as even starting points for a confirmable plan for these cases.

3.      For the cases to proceed to a consensual plan, all key stakeholders must now be allowed to participate directly and meaningfully in a negotiated resolution.  Given the myriad of intercompany and intercreditor issues at play, continued negotiation by surrogates, such as the Debtors for AFI, has little possibility of success.  It is of paramount importance that AFI, the party

whose engagement in the process is critical to its success, be directly involved in the discussions with the true creditors of these estates.

4.      The Trustee supports the Debtors' Mediator Motion as a prudent framework to achieve these objectives.  The Trustee believes that the timeline for the mediation should permit the parties to reach a conclusion in advance of the trial on the proposed RMBS settlement and the publication of the Examiner's report.  The Trustee also supports the Debtors' recommendation to appoint a sitting bankruptcy judge to serve as a mediator.

5.      The Trustee supports continued exclusivity only to the extent that it is tied meaningfully to a productive process like mediation that has a reasonable probability of success. To the extent that mediation fails, exclusivity should be lifted, and creditors should be free to file their own plans.  The Trustee reserves all rights to oppose any further extension of exclusivity.


Dated: New York, New York
          December 13, 2012

Respectfully submitted,

CLEARY GOTTLIEB STEEN & HAMILTON LLP


By:  /s/ Thomas J. Moloney
Thomas J. Moloney (TJM-9775)
Sean A. O'Neal (SAO-4067)
A Member of the Firm
One Liberty Plaza
New York, NY 10006
*(212) 225-2000*

*Special Counsel for Wilmington Trust, National Association, as Indenture Trustee for the Senior Unsecured Notes Issued by Residential Capital, LLC*