**MORRISON | FOERSTER**

1290 AVENUE OF THE AMERICAS
NEW YORK, NY 10104-0050

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

December 13, 2012

Writer's Direct Contact
212.506.7341
NRosenbaum@mofo.com

**Delivered via Email**

Honorable Martin Glenn
United States Bankruptcy Judge
United States Bankruptcy Court for the Southern District of New York
One Bowling Green
New York, NY 10004

Re:  GMAC Mortgage, LLC's Request for Extension of Deadline to Respond in Adversary Proceeding *Jenkins v. Residential Funding Company, LLC*, Adversary No. 12-01935 (MG)

Dear Judge Glenn:

We are counsel to Residential Capital, LLC, Residential Funding Company, LLC ("RFC") and their debtor affiliates (collectively, the "**Debtors**") in their jointly administered chapter 11 bankruptcy cases, Case No. 12-12020 (MG), and in the above-captioned adversary proceeding (the "**Adversary Proceeding**") initiated by Marion and Sharon Jenkins (the "**Plaintiffs**"). We write to request the Court enter an order extending the date (until January 21, 2013) by which all defendants must answer or otherwise respond to the complaint filed by the Plaintiffs (the "**Complaint**"), rescheduling the pretrial conference currently scheduled for December 18, 2013 to the omnibus hearing scheduled on January 29, 2013.[1] The Debtors request this extension because they only recently became aware of the Complaint, which they do not believe has been served upon them or any of the other named defendants,[2] was filed under case number 12-12019, and has not been designated as an "associated case" under the Debtors' consolidated case number.

---

[1]   The Debtors have not yet received confirmation that the Plaintiffs have properly served the Complaint. The Debtors expressly reserve the right to object in any answer or other responsive pleading to the sufficiency of the Plaintiffs' service of process, if and when effectuated, or any procedural deficiencies in connection with such service of process.

[2]   It has been the Debtors' past experience that some plaintiffs seek entry of default against them even though the Debtors are never served with complaints. Accordingly, the Debtors have been, to date, responding to adversary proceedings filed in these chapter 11 cases despite lack of service. RFC currently intends to respond to the Jenkins' adversary to avoid the prospect of a request for entry of default.

ny-1069587

MORRISON | FOERSTER

Honorable Martin Glenn
December 13, 2012
Page Two

On May 14, 2012, the Debtors' chapter 11 cases (including RFC's chapter 11 case) were procedurally consolidated under Case Number 12-12020 (MG). *Order Under Bankruptcy Rule 1015 Authorizing Joint Administration of the Debtors' Chapter 11 Cases* [Docket No. 59] (the "**Joint Administration Order**"). Pursuant to the Joint Administration Order, "[a]ll pleadings and other documents to be filed in the jointly administered cases shall be filed and docketed in the case of Residential Capital, LLC, Case No. 12-12020 (MG)." However, the Adversary Proceeding was filed in the chapter 11 case of RFC, Case No. 12-12019 (MG). The thirty-day period from the date of issuance of the summons, by which all Defendants must respond to the Complaint will, assuming proper service of the Complaint, run on December 14, 2012.

Pursuant to Bankruptcy Rule 9006(b)(1), the Court may extend the time for any act required by the Bankruptcy Rules (with limited exceptions not relevant here) "for cause shown . . . with or without motion or notice." Given that the Complaint was filed in the wrong case, and the Debtors only became aware of its filing and the upcoming pre-trial conference date late last week when contacted by your Chambers to address the adjournment of the pre-trial conference, RFC submits that cause exists to extend its time to respond until January 21, 2013. Additionally, because the Complaint names at least one current or former employee, for purposes of administrative convenience the Debtors request that the Court extend the time for all defendants to respond to the Compliant.

The Debtors were recently able to reach the Jenkins on two occasions to request an extension, but were unable to obtain a response regarding whether the Jenkins would have an objection to an extension of the time for the defendants to respond to the Complaint.[3] The Debtors are also endeavoring to reach out to their co-defendants in the Adversary Proceeding, but as of the submission of this letter, have only been able to reach two of the co-defendants or their respective counsel.

For the foregoing reasons, the Debtors respectfully request that the Court extend the defendants' deadline to answer or otherwise respond to the Complaint until January 21, 2013 and reschedule the pre-trial conference to January 29, 2013.

Respectfully submitted,

/s/Norman S. Rosenbaum
Norman S. Rosenbaum

*[handwritten: MR. Marian Jenkins I hereby consent with this motion / Mrs. [signature]]*

---

[3] On each occasion, Ms. Jenkins indicated that she needed to confer with someone else and that she or her husband would return the call, but counsel has not received a return call on either occasion. Counsel informed Ms. Jenkins that the Debtors would be required to request an extension from the Court to the extent that no agreement could be reached regarding a consensual extension.

ny-1069587

**IT IS SO ORDERED.**

Dated:      December 14, 2012
            New York, New York

                                                _____/s/Martin Glenn_____
                                                   MARTIN GLENN
                                                United States Bankruptcy Judge