# Exhibit A

MASXP-20071107                          **Commonwealth of Massachusetts**                          07/28/20
sullkell                                     ESSEX SUPERIOR COURT                                    12:06 I
                                                 Case Summary
                                                 Civil Docket

## ESCV2010-01498
## DeMustchine v RAHI Real Estate Holdings LLC et al

| File Date | 07/12/2010 | | Status | Disposed: transfered to other court (dtrans) |
|-----------|------------|-|--------|---------------------------------------------|
| Status Date | 07/28/2010 | | Session | D - Civil-CtRm 2 (Lawrence) |
| Origin | 1 - Complaint | | Case Type | C99 - Misc real property |
| Track | F - Fast track | | Lead Case | Jury Trial   Unknown |

### DEADLINES

| | Service | Answer | Rule12/19/20 | Rule 15 | Discovery | Rule 56 | Final PTC | Judgment |
|---|---------|--------|--------------|---------|-----------|---------|-----------|----------|
| Served By | | | 11/09/2010 | 11/09/2010 | 05/08/2011 | 08/07/2011 | | |
| Filed By | 10/10/2010 | 11/09/2010 | 12/09/2010 | 12/09/2010 | | 07/07/2011 | | 05/02/2012 |
| Heard By | | | 01/08/2011 | 01/08/2011 | | | 11/04/2011 | |

### PARTIES

**Plaintiff**
Bruce Clark DeMustchine
Active 07/12/2010

**Private Counsel 553968**
Thomas R Mason
Law Office of Thomas R Mason
25 Burlington Mall Rd., Ste 300
Burlington, MA 01803
Phone: 781-238-0260
Active 07/12/2010 Notify

**Defendant**
RAHI Real Estate Holdings LLC
Service pending 07/12/2010

**Defendant**
JP Morgan Chase Bank National Association
as successor-in-interest to Washington Mutual Bank
f/k/a Washing
Service pending 07/12/2010

**Private Counsel 565778**
J Patrick Kennedy
Bulkley Richardson & Gelinas LLP
98 North Washington Street
P.O. Box 9750
Boston, MA 02114-9750
Phone: 617-368-2500
Fax: 617-368-2525
Active 07/28/2010 Notify

### ENTRIES

| Date | Paper | Text |
|------|-------|------|
| 07/12/2010 | 1.0 | Complaint & civil action cover sheet filed |
| 07/12/2010 | | Origin 1, Type C04, Track X. |
| 07/12/2010 | | Track changed to F, Origin 1, Type C99. |
| 07/28/2010 | 2.0 | Notice for Removal to the United States District Court filed by JP |
| | | Morgan Chase Bank National Association |
| 07/28/2010 | | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

A TRUE COPY ATTEST

12-12020-mg    Doc 2423-1    Filed 12/14/12    Entered 12/14/12 15:53:34    Exhibit
Pg 3 of 21
Case 1:10-cv-11245-DPW   Document 10-3   Filed 08/16/10   Page 2 of 21
Case 1:10-cv-11245-DPW   Document 2   Filed 07/30/10   Page 2 of 20

sd
MASXP-20071107
sulikell

**Commonwealth of Massachusetts**
**ESSEX SUPERIOR COURT**
**Case Summary**
**Civil Docket**

07/28/20
12:06 I

## ESCV2010-01498
## DeMustchine v RAHI Real Estate Holdings LLC et al

| Date | Session | Event | Result | |
|------|---------|-------|--------|---|
| 08/12/2010 | Civil-CtRm 2 (Lawrence) | Status: Clerk Follow UP service | Event canceled not re-scheduled | |

12-12020-mg    Doc 2423-1    Filed 12/14/12    Entered 12/14/12 15:53:34    Exhibit
Pg 4 of 21
Case 1:10-cv-11245-DPW    Document 10-3    Filed 08/16/10    Page 3 of 21

Case 1:10-cv-11245-DPW    Document 2    Filed 07/30/10    Page 3 of 20

COMMONWEALTH OF MASSACHUSETTS

Essex, ss                                          Superior Court

_____

Bruce Clark DeMustchine,                           C.A. No. _10-1498_ :)
Plaintiff


RAHI Real Estate Holdings LLC,
JP Morgan Chase Bank National Association, as successor-
in-interest to Washington Mutual Bank f/k/a Washington Mutual
Bank successor-in-interest to Long Beach Mortgage Company)

As Defendants                                      FILED
                                                   IN THE ⋯ ⋯ COURT
_____                    FOR THE ⋯ ⋯ OF ESSEX

                                                   JUL 12 2010

                **VERIFIED COMPLAINT**             ⟨signature⟩

**INTRODUCTION**


1.    The Plaintiff seeks compensation, to rescind a predatory
mortgage loan that is currently held on Plaintiff's residence,
and enjoin the Defendants from foreclosing on his home. The
Plaintiff alleges that the Defendants have violated of M.G.L. c.
183C, 1 et seq., the Massachusetts Anti-Predatory Mortgage Law,
M.G.L. c.140, s. 90B, and other laws. M.G.L. c.183C was passed
overwhelmingly by the Massachusetts legislature to curb abuses
of consumers by mortgage lenders. Violations of c. 183C are also
deemed to be violations of the Massachusetts Consumer Protection
Law, c. 93A. The Plaintiff alleges that the Defendants have
engaged in illegal lending practices which may result in the
Plaintiff losing his home.

2.    In 1992, the Attorney General of Massachusetts promulgated
940 CMR 8.00 relating to mortgage lenders and mortgage brokers
pursuant to the Attorney General's authority in M.G.L. c. 93A,
s. 2(c). These regulations were designed to protect
Massachusetts consumers seeking residential mortgage loans and
ensure that the mortgage industry is operating fairly and
honestly.

3.    940 CMR 8.06(16) states that: "it is an unfair or deceptive
act or practice for a mortgage broker or lender to process or

1



make a mortgage loan without documentation to verify the borrower's income (a so-called "no documentation," "no doc," "stated income" or "limited documentation" loan) unless the broker or lender, as applicable, first provides a written document to the borrower, which must be signed by the borrower in advance of the closing, and which: (a) identifies the borrower's income and the source of the income; and (b) provides detailed information, if true, that by applying for a mortgage loan on a no- or limited documentation basis, the consumer will pay a higher interest rate or increased charges, or have less favorable terms for the mortgage loan (including information concerning the precise increase interest rate, charges, or the nature of the less favorable terms)."

4.   940 CMR  8.06 (17) states that: "it is an unfair or deceptive act or practice for a mortgage broker to process, make or arrange a loan that is not in the borrower's interest. Where the financial interest of a mortgage broker conflicts with the interests of the borrower (for example, where the broker's compensation will increase directly or indirectly if the borrower obtains a loan with higher interest rates, increased charges or less favorable terms than those for which a borrower would otherwise qualify), the broker shall disclose the conflict and shall not proceed to process, make or arrange the loan so long as such a conflict exists. It is an unfair or deceptive act or practice for a mortgage broker to disclaim the duty established by 940 CMR 8.06(17) in a written contract or to assert in oral representations that a broker does not have such a duty in communications with the borrower."

## PARTIES

5.   Bruce Clark DeMustchine, (the "Plaintiff"), is an individual who resides and owns a home at 6 Vernon Street in Newburyport, Massachusetts. The Plaintiff is a borrower who used the services of Washington Mutual Bank as a mortgage lender to refinance a mortgage on his residence located at 6 Vernon Street in Newburyport, Massachusetts.

6.   Defendant JP Morgan Chase Bank National Association ("Chase") is successor-in-interest to Washington Mutual Bank (f/k/a Washington Mutual Bank ("Wamu") successor-in-interest to Long Beach Mortgage Company). The Plaintiff used the services of Wamu to secure a mortgage on his residence at 6 Vernon Street in Newburyport, Massachusetts. At the time of the mortgage, Wamu was a licensed mortgage lender in the Commonwealth of Massachusetts. Wamu was licensed by the Massachusetts Division

of Banks to make residential loans. Mortgage Lender or Lender
means any person engaged in the business of making mortgage
loans or issuing commitments for mortgage loans, including, but
not limited to, mortgage lenders licensed or regulated by M.G.L.
c. 255E, § 2 or by the Commissioner, and shall include all
individuals who work on behalf of such lenders.

7.    Defendant RAHI Real Estate Holdings LLC ("RAHI") has
claimed that it has acquired and is presently the holder in due
course of the Note and Mortgage on the Plaintiff's property.
RAHI claims that it has acquired the Note and Mortgage from
Chase which was the successor-in-interest to Wamu. RAHI is
attempting to collect an outstanding balance that is purportedly
owed by the Plaintiff. RAHI has filed a notice of foreclosure
for the Plaintiff's home at 5 Vernon Street in Newburyport.

**FACTS**

8.    On or about June 26, 1991, the Plaintiff and his former
wife, Judith Anne De Mustchine, purchased a home at 6 Vernon
Street in Newburyport, Massachusetts for a purchase price in the
amount of $ 80,000.00 and a mortgage loan in the amount of $
180,000.00 with Provident Institution of Savings (Book 10846,
Page 130).

9.    On or about April 9, 1996, Judith Anne De Mustchine
conveyed through a quitclaim deed all of her rights to the 6
Vernon Street property to the Plaintiff in return for
consideration of $1.00 (Book 13500, Page 580).

10.    From the time he first purchased his home until he
refinanced his home mortgage with Wamu on July 22, 2003, the
Plaintiff refinanced his home on a number of occasions.

11.    On or about June 2003, Plaintiff needed to use equity that
he had accumulated on his house to finance a divorce settlement
from his former spouse.

12.    On or about June 2003, Plaintiff was referred by a friend
to Wamu's sales executive, Bev Bernard, to refinance his home to
pay for his divorce settlement. Mr. Bernard, through the
Massachusetts office of Washington Mutual ("Wamu"), arranged for
the refinancing of the Plaintiff's home.

13.    On or about June and July 2003, Mr. Bernard, on behalf of
Wamu, aggressively contacted and baited the Plaintiff numerous
times via email solicitations to establish a relationship of

3

trust to induce the Plaintiff to take out and refinance the
mortgage on his residence on terms and conditions he could not
afford. Mr. Bernard invited the Plaintiff to spend a weekend on
his boat as sign of friendship.

14. Plaintiff truthfully provided Wamu his income and all
financial information requested on his mortgage application.

15. Plaintiff relied upon Mr. Bernard and Wamu to submit
truthful and accurate representations of his finances to obtain
the mortgage. Wamu indicated to the Plaintiff that it would use
truthful and accurate information when completing and submitting
the mortgage applications.

16. Plaintiff did not fill out, complete, or review the
contents of Wamu's mortgage application. According to
information and belief, the mortgage application was completed
by Mr. Bernard or another employee of Wamu.

17. Wamu encouraged Plaintiff to put his home at risk by making
"too good to be true" promises. Wamu indicated that it would be
able to refinance the Plaintiff's property for monthly payments
which was roughly equal to his current mortgage payments.

18. Mr. Bernard recommended that the Plaintiff receive an
adjustable rate mortgage loan with an initial interest rate of
1.95% for seven years. Mr. Bernard told the Plaintiff that the
terms of the mortgage were so good that he, himself, took
advantage of the refinancing program offered by Wamu.

19. Upon information and belief, Wamu and its agents
fraudulently inflated the appraised value of the Plaintiff's
home to induce him to take a mortgage that he was unable to
afford.

20. Mr. Bernard told the Plaintiff that the appraisal
commissioned by Wamu valued the Plaintiff's residence at $
985,000.00. The Plaintiff was never provided with a copy of
Wamu's appraisal. A subsequent appraisal of the Plaintiff's
house, in September 2008, indicated that the value of the house
was really $ 550,000.00. Wamu used fraudulent and inflated
appraisals when it refinanced Plaintiff's home.

21. On or about July 22, 2003, relying upon Wamu's
representations regarding the terms and conditions of the Note
and Mortgage, the Plaintiff refinanced his home at 6 Vernon

Street in Newburyport, Massachusetts in the amount of $ 618,750.00 (Book 21363, Page 284).

22.  On July 23, 2003, Wamu's agent held the closing for the refinancing of the Plaintiff's home outside of a coffee shop in the Plaintiff's car at approximately 7:00 am.

23.  On July 23, 2003, a representative of Wamu sat in the Plaintiff's car and instructed the Plaintiff where to sign. Plaintiff, relying upon the representations of Wamu's agent, signed the paperwork provided at the closing.

24.  The type of mortgage with Wamu was a so-called "no documentation" loan. The Plaintiff was not required to provide verification of his income.

25.  Wamu executed the mortgage on the 6 Vernon Street home without first providing the Plaintiff with a written document that was supposed to be signed in advance of the closing which: (a) identifies the borrower's income and the source of the income; and (b) provides detailed information, if true, that by applying for a mortgage loan on a no- or limited documentation basis, the consumer will pay a higher interest rate or increased charges, or have less favorable terms for the mortgage loan (including information concerning the precise increase in interest rate, charges, or the nature of the less favorable terms).

26.  Upon information and belief, Wamu failed to verify the accuracy of the information on loan applications and intentionally disregarded discrepancies between the assessed and appraised values of the Plaintiff's residence.

27.  Wamu's agent, Bev Bernard, told the Plaintiff that under the terms and conditions of the mortgage with Wamu, the loan was a no documentation adjustable rate mortgage for seven years starting with a rate of 1.950%.

28.  The Plaintiff's monthly payment, including escrows, started at $ 2,271.58 a month. The mortgage loan was for $ 618,750.00.

29.  After the closing occurred on July 23, 2003, the Plaintiff made numerous requests to Wamu, GMAC, and RAHI to see a copy of his completed mortgage application and the paperwork he purportedly signed at the closing.

Case 1:10-cv-11245-DPW   Document 10-3   Filed 08/16/10   Page 8 of 21

Case 1:10-cv-11245-DPW   Document 2   Filed 07/30/10   Page 8 of 20

30. After discovering that the real terms of the loan, the Plaintiff realized that the loan was not affordable. Plaintiff contacted Wamu and attempted to modify or cancel the loan.

31. The Defendants have not complied with Plaintiff's request to receive a copy of the completed loan application and the paperwork he purportedly signed at the closing.

32. On or about October 2006, the Plaintiff received a notification from GMAC that it was servicing the mortgage.

33. On or about October 19, 2006, GMAC claimed that Plaintiff had fallen behind on his monthly mortgage payments. The reason the Plaintiff had fallen behind on this monthly payment was because a payment of $ 4,883.00 to Wamu was not properly credited by GMAC.

34. On or about October 19, 2006, GMAC's legal counsel acknowledged that Plaintiff has paid the $ 4,883.00.

35. Plaintiff has asked on numerous occasions that GMAC and Wamu to inform him whether the $ 4,883.00 had been credited to his account.

36. GMAC and Wamu have not properly credited $ 4,883.00 paid by Plaintiff to his outstanding mortgage.

37. Due to serious illnesses, the Plaintiff was unable to make regular payments on his mortgage and has fallen behind on his mortgage payments.

38. On January 13, 2010, the Plaintiff received a letter from GMAC indicating that it intended to initiate foreclosure proceedings.

39. On March 23, 2010, the Plaintiff sent a certified letter to GMAC's and RAHI's legal counsel requesting that he be provided with a verified and certified copy of his original mortgage and note as required under M.G.L. c. 140, s.90B.

40. On April 12, 2010, the Plaintiff received a notice of intention to foreclose and deficiency after foreclosure upon his home from RAHI's counsel.

41. On April 16, 2010, the Plaintiff received a response from RAHI and GMAC that did not include certified copies of original note or mortgage on his home.

42.  On April 22, 2010, the Plaintiff again demanded that the Defendants provide him with an original copy of the mortgage and note.

43.  There were many defects on the documents sent to the Plaintiff by RAHI. The purported assignment of the Plaintiff's mortgage and note, which was recorded on January 28, 2010 (Book 29243, Page 284) in the Essex Country Registry of Deeds, has several irregularities.

44.  The documents that supposedly indicate that the Note and Mortgage were assigned to RAHI were not properly witnessed.

45.  Upon information and belief, there is no documentation to support RAHI's assertion that it is the holder in due course of the Plaintiff's note and mortgage.

46.  The date of the notary's witnessing of execution, January 15, 2009, of the assignment is different that the date RAHI alleges that the assignment occurred, January 19, 2009.

47.  The date of certification by a notary of the assignment is dated January 15, 2009.

48.  The assignment of the assignment prepared by Jeffrey Stephan, a Limited Signing Officer for RAHI, indicates that the transfer of the Note and Mortgage purportedly occurred on January 19, 2010.

49.  On or about November 2007, Plaintiff was unable to continue paying his mortgage and contacted Wamu and its servicing agent, GMAC, about modifying the terms of his loan.

50.  The Plaintiff has contacted RAHI and RAHI's agent, GMAC, and advised them about his situation and requested a rescission, forbearance, loss mitigation assistance, and/or a special repayment plan to avoid the loss of his home through foreclosure.

51.  The Plaintiff has made good faith efforts to access foreclosure prevention services and to pay the loan, however, the RAHI and its agents, specifically GMAC, have denied the Plaintiff the opportunity to access and obtain the mortgage servicing options required by federal regulations and designed to avoid foreclosure of this HUD insured mortgage.

52.  The Defendants have failed to comply with their legal responsibilities the terms of the subject mortgage and as a proximate result, the Plaintiff's delinquency has been improperly inflated by mortgage foreclosure filing, service and other fees and inspections costs, and by foreclosure attorney's fees in amounts that the Plaintiff cannot afford to pay. Therefore, the Plaintiff remains at the risk of losing his home.

53.  A holder in due course for a personal residence is required under Massachusetts law to possess an original Note and Mortgage in which it has a secured interest.

54.  RAHI's attorney has claimed that he has seen a copy of the original note and mortgage but has failed to produce the originals.

55.  Upon information and belief, there is no information about how the Plaintiff's note and mortgage were supposedly transferred to RAHI.

56.  Upon information and belief, RAHI, GMAC, Chase, and Long Beach Mortgage are not the holders in due course of the Mortgage and Note upon Plaintiff's home at 6 Vernon Street in Newburyport, Massachusetts and have no legal right to foreclose upon his property.

**COUNT I (Violation of Chapter 140, Section 90B)**

57.  Plaintiff realleges and incorporates herein his statement of facts set forth hereinabove and the allegations contained in paragraphs 1 through 56 of this Complaint herein.

58.  Defendants have violated M.G.L. c.140, s.90B by failing to respond to the Plaintiff's request to be provided with a true copy of the mortgage and note on his primary residence.

59.  RAHI, GMAC, Chase, and Long Beach Mortgage have not demonstrated that they are the holders in due course of the Mortgage and Note upon Plaintiff's home at 6 Vernon Street in Newburyport, Massachusetts and have no legal right to foreclose or enforce mortgages or notes upon his property.

60.  As a result of its failure to provide Plaintiff with a true copy of its original note and mortgage, any rights the

Defendants may have to foreclose upon Plaintiff's home are
suspended.

61. As a result of this conduct, Plaintiff has suffered damages
and harm for which the Defendants are liable.


## COUNT II (Collusion)

62. Plaintiff realleges and incorporates herein his statement
of facts set forth hereinabove and the allegations contained in
paragraphs 1 through 61 of this Complaint herein.

63. Defendants operated by mutual agreement to deceive,
mislead, and defraud Plaintff of his legal rights to own his
residence and obtain through fraud to gain an unfair advantage
to foreclose on Plaintiff's residence.

64. Defendant, RAHI, is attempting to foreclose upon the
Plaintiff's mortgage without being able to produce any evidence
that it was the holder in due course of the mortgage.

65. As a result of this conduct, Plaintiff has suffered damages
and harm for which the Defendants are liable.


## COUNT III (Massachusetts Consumer Protection Act)

66. Plaintiff realleges and incorporates herein his statement
of facts set forth herein above and the allegations contained in
paragraphs 1 through 65 of this Complaint herein.

67. This is an action for relief and for damages pursuant to
the Massachusetts General Laws Chapter 93A, the Massachusetts
Consumer Protection Act, (hereinafter "the Act").

68. At all times relevant, the Plaintiff was a "consumer" as
defined by M.G.L. c.93A.


69. At all times relevant, the Defendant was engaged in "trade
or commerce" as defined by M.G.L. c. 93A.

9

70.  Violations of the Act are defined as unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.

71.  Defendants have violated the Act by engaging in unfair and deceptive acts and practices including not limited to breaching Defendants' duty of good faith and fair dealing based upon standards imposed by the residential mortgage lending and servicing industries.

72.  Defendants' violations of Chapter 183C, as described below, are also deemed to be violations of the Act.

73.  As a direct result of the Defendants' unfair and deceptive acts and practices, the Plaintiff has been damaged. Such damages have been proximately caused by the Defendants' unfair and deceptive acts which have directly resulted in the Plaintiff being threatened with the loss of his homestead and the equity therein and an additional layer of foreclosure fees and costs that have been added to the delinquency and reinstatement balance.

**COUNT IV (Violation of M.G.L. c. 167)**

74.  Plaintiff realleges and incorporates herein his statement of facts set forth herein above and the allegations contained in paragraphs 1 through 73 of this Complaint herein.

75.  Defendants have violated M.G.L c. 167 by, as a bank, engaging in this commonwealth in unfair methods of competition or unfair or deceptive acts or practices involving consumer transactions.

76.  As a direct result of the Defendants' unfair and deceptive acts and practices, the Plaintiff has been damaged and such damages have been proximately caused by the Defendants' unfair and deceptive acts which have directly resulted in the Plaintiff being threatened with the loss of his homestead and the equity therein and an additional layer of foreclosure fees and costs which have been added to the delinquency and reinstatement balance.

77.  As a result of this conduct, Plaintiffs have suffered damages and harm for which the Defendants are liable.

**COUNT V (Violation of M.G.L. c.183C PREDATORY HOME LOAN PRACTICES)**

78.  Plaintiff realleges and incorporates herein his statement of facts set forth hereinabove and the allegations contained in paragraphs 1 through 77 of this Complaint herein.

79.  Defendants have violated this chapter by making a home mortgage loan without documentation without first providing a written document to the borrower, which must be signed by the borrower in advance of the closing, and which: (a) identifies the borrower's income and the source of the income; and (b) provides detailed information, if true, that by applying for a mortgage loan on a no- or limited documentation basis, the consumer will pay a higher interest rate or increased charges, or have less favorable terms for the mortgage loan (including information concerning the precise increase interest rate, charges, or the nature of the less favorable terms).

80.  As a result of this conduct, Plaintiff has suffered damages and harm for which the Defendants are liable.

**COUNT VI (Violation of M.G.L. c.183: Section 28C by Failing to Act in the Plaintiff's Best Interests)**

81.  Plaintiff realleges and incorporates herein his statement of facts set forth hereinabove and the allegations contained in paragraphs 1 through 80 of this Complaint.

82.  Defendants have violated Chapter 183 by knowingly making a home loan to the Plaintiff when the home loan when the loan refinancing was not in the the "borrower's interest".

83.  Defendants have violated Chapter 183 by failing to demonstrate that its loan refinancing was in the borrower's interest.

84.  As a result of this conduct, Plaintiff has suffered damages and harm for which the Defendants are liable.

## COUNT VII (Rescission)

85. Plaintiff repeats the allegations contained in paragraphs 1 - 84 and, by this reference, incorporates them herein.

86. Plaintiff alleges that RAHI and the Defendants are concealing material misrepresentations of facts by attempting to foreclose on a mortgage that it does not actually own.

87. Defendants are attempting, after concealing material misrepresentations and facts regarding the mortgage and notes, to foreclose upon a property that they have never actually owned.

88. Plaintiff requests, in light of the Defendants lack of proof of ownership of the Property, that the mortgage loans currently on record be deemed to be null and void and that all agreements between the Plaintiff and the Defendant be rescinded as a matter of law.

89. As a result of this conduct, Plaintiff has suffered damages and harm for which the Defendants are liable.

## COUNT VIII (Fraud)

90. Plaintiff realleges and incorporates herein his statement of facts set forth hereinabove and the allegations contained in paragraphs 1 through 89 of this Complaint.

91. Plaintiff alleges that Defendants intentionally misrepresented material terms of the mortgage loan and note by attempting to collect fees and foreclose upon a property it does not actually own.

92. Plaintiff alleges that Defendants used forgery and fraud when it completed mortgage applications for him with the intent to deceive and misrepresent the Plaintiffs' real financial situation.

12-12020-mg    Doc 2423-1    Filed 12/14/12    Entered 12/14/12 15:53:34    Exhibit
Pg 16 of 21
Case 1:10-cv-11245-DPW    Document 10-3    Filed 08/16/10    Page 15 of 21
Case 1:10-cv-11245-DPW    Document 2    Filed 07/30/10    Page 15 of 20

93.  As a result of this conduct, Plaintiffs have suffered damages and harm for which the Defendants are liable.

**COUNT IX (Misrepresentation)**

94.  Plaintiff realleges and incorporates herein his statement of facts set forth hereinabove and the allegations contained in paragraphs 1 through 93 of this Complaint.

95.  Plaintiff alleges that the Defendants deliberately hid and falsified material facts, including the actual owner in due course and the mortgage refinancing agreement which, if known by the Plaintiff would have aborted, or at least significantly altered the basis of the mortgage loans.

96.  As a result of this conduct, Plaintiff has suffered damages and harm for which the Defendants are liable..

**COUNT X (Negligence)**

97.  Plaintiff realleges and incorporates herein his statement of facts set forth hereinabove and the allegations contained in paragraphs 1 through 96 of this Complaint.

98.  Plaintiff alleges that Defendants violated their duty of care and their legal obligation to adhere to a standard of reasonable care as mortgage brokers and lenders while dealing with Plaintiff as a consumer.

99.  Plaintiff alleges that the Defendants knowingly exposed the Plaintiff to a substantial risk of loss in the mortgage lending transactions described herein.

100. Plaintiff alleges that the acts or omissions of the Defendant caused the losses and damages he sustained.

12-12020-mg   Doc 2423-1   Filed 12/14/12   Entered 12/14/12 15:53:34   Exhibit
Pg 17 of 21
Case 1:10-cv-11245-DPW   Document 10-3   Filed 08/16/10   Page 16 of 21

Case 1:10-cv-11245-DPW   Document 2   Filed 07/30/10   Page 16 of 20

COUNT XI (Breach of Fiduciary Duty)

101. Plaintiff realleges and incorporates herein his statement
of facts set forth hereinabove and the allegations contained in
paragraphs 1 through 100 of this Complaint.

102. Plaintiff alleges that Defendants are supposed to have a
relationship of trust and confidence with him.

103. By entering into an Agreement with Plaintiff, Defendants
owed a fiduciary duty to Plaintiff.

104. By their conduct as set forth above, Defendants have
breached their fiduciary duties to the Plaintiff causing him
damages and harm for which the Defendants are liable.

REQUESTS FOR RELIEF

WHEREFORE, Plaintiffs request that this Court:

1. Enter judgment for the Plaintiff on all Counts of its
   Complaint;
2. Order the Defendants to provide the Court with original
   copies of the original Mortgage and Note for the property
   at 6 Vernon Street, Newburyport, Massachusetts;
3. Order the Defendants to provide an accounting of all
   earnings wrongfully gained by breach of their fiduciary
   duties to Plaintiff;
4. Issue an order or injunction rescinding the home mortgage
   loan contract and barring the lender from collecting money
   under any home mortgage loan relating to the Plaintiff's
   residence at 6 Vernon Street, Newburyport, Massachusetts ;
5. Issue an order or injunction barring any judicial or non
   judicial foreclosure or other lender action under the
   mortgage or deed of trust relating to the Plaintiff's
   residence at 6 Vernon Street, Newburyport, Massachusetts;
6. Issue an order or injunction reforming the terms of the
   home mortgage loans at 6 Vernon Street, Newburyport,
   Massachusetts to conform to applicable laws;

14

12-12020-mg    Doc 2423-1    Filed 12/14/12    Entered 12/14/12 15:53:34    Exhibit
Pg 18 of 21
Case 1:10-cv-11245-DPW    Document 10-3    Filed 08/16/10    Page 17 of 21
Case 1:10-cv-11245-DPW    Document 2    Filed 07/30/10    Page 17 of 20

7. Issue an order or injunction enjoining the Defendants, as lenders, from engaging in any prohibited conduct;

8. Impose such other relief, including injunctive relief, as the court may consider just and equitable;

9. Award Plaintiff damages as determined at trial, plus interest and costs as provided by law;

10. Award this Plaintiff actual damages and attorney's fees and costs to Plaintiff's counsel,

11. Award ancillary relief, including, but not limited to, rescission of contracts, restitution, and the disgorgement of ill-gotten monies, to prevent and remedy injury caused by Defendants' violations law; and

12. Grant Plaintiff such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a jury trial on all issues so triable.

Respectfully submitted by
Bruce de Mustchine's Attorney,

Thomas R. Mason, Esq.
Law Offices of Thomas R.
Mason
15 New England Executive Park
Burlington, MA 01803
781-238-0260
BBO # 553968

Dated: July 12, 2010

**VERIFICATION**

I, Bruce Clark DeMuschine, state that I have read the
allegations set forth in the Verified Complaint and that they
are true to the best of my knowledge, information and belief.

Date: 7/9/2010.

_____
Bruce deMustchine

## CERTIFICATE OF SERVICE

I, Thomas R. Mason, the attorney of record in this matter, do hereby certify that I served the Complaint in this matter to the Plaintiffs and Essex Superior Court on July 12, 2010 via Deputy Sheriff.


Thomas R. Mason, Esq.
Law Offices of Thomas R. Mason
15 New England Executive Park
Burlington, MA 01803
781-238-0260
BBO # 553968

17

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 10-1498 D | Trial Court of Massachusetts Superior Court Department County: |
| --- | --- | --- |

**PLAINTIFF(S)** Bruce Clark De Mishichive

**DEFENDANT(S)** RAHI Real Estate Holdings LLC
JP Morgan Chase Bank

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE** Thomas R. Mason 15 New England Executive Park Burlington, MA

**ATTORNEY (If known)**

781-238-0260

Board of Bar Overseers Number: # 553968

## Origin code and track designation

Place an x in one box only:
- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO. C 04   TYPE OF ACTION (specify) Enjoin Foreclosure Property   TRACK (X)   IS THIS A JURY CASE? (X) Yes   ( ) No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only

## TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................. $ ..........
2. Total Doctor expenses ............................................. $ ..........
3. Total chiropractic expenses ....................................... $ ..........
4. Total physical therapy expenses ................................. $ ..........
5. Total other expenses (describe) ................................. $ ..........
   Subtotal $ ..........
B. Documented lost wages and compensation to date .......................... $ ..........
C. Documented property damages to date ........................................ $ ..........
D. Reasonably anticipated future medical and hospital expenses ................ $ ..........
E. Reasonably anticipated lost wages ........................................... $ ..........
F. Other documented items of damages (describe)
   $ ..........
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

   $ ..........
   TOTAL $ ..........

## CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s): Plaintiff seeks damages and to stop foreclosure on home by RAHI. RAHI has not proven that it owns Plaintiffs' residence   TOTAL $ $50,000

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules o Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected disput resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record (Thomas) R. M   DATE 7/12/10