# Exhibit G

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRUCE CLARK DEMUSTCHINE,<br><br>Plaintiff,<br><br>v.<br><br>RAHI REAL ESTATE HOLDINGS, LLC and<br>JP MORGAN CHASE BANK NATIONAL<br>ASSOCIATION, as successor-in-interest to<br>WASHINGTON MUTUAL BANK f/k/a<br>WASHINGTON MUTUAL BANK<br>successor-in-interest to LONG BEACH<br>MORTGAGE COMPANY,<br><br>Defendants. | Civil Action No. 10-11245-DPW |

### DEFENDANT RAHI REAL ESTATE HOLDINGS, LLC'S
### MOTION TO VACATE DEFAULT JUDGMENT

**(Memorandum of Law Incorporated)**

Defendant RAHI Real Estate Holdings, LLC ("RAHI") respectfully moves this Court, pursuant to Fed. R. Civ. P. 60(b), to vacate the default judgment entered against it on or about August 23, 2010 (the "Default Judgment"). As reasons for this Motion, RAHI states that a default order is not warranted in this case because RAHI can demonstrate strong substantive defenses to the claims asserted against it in the verified complaint (the "Complaint" or "Compl."), and can further demonstrate good cause for why a response to the Complaint was not timely filed.[1] Accordingly, RAHI respectfully requests that the Court vacate the Default Judgment and afford RAHI an opportunity to respond, substantively, to Plaintiff's Complaint.

---

[1] Submitted herewith is the Affidavit of Jeffrey S. Bovarnick in Support of RAHI Real Estate Holdings, LLC's Motion to Vacate the Default Judgment (the "Bovarnick Aff.").

1

1473232.1

## STATEMENT OF FACTS

### *The Underlying Loan Transaction*

On or about July 22, 2003, Plaintiff executed a promissory note payable to Washington Mutual ("WAMU") in the original principal amount of $618,750 (the "Note") and a mortgage granting WAMU a security interest (the "Mortgage") in the property located at 6 Vernon Street in Newburyport, Massachusetts (the "Property"). See Compl. at ¶¶ 21-23. A copy of the Note and Mortgage are attached hereto as Exhibit 1 and Exhibit 2, respectively. Plaintiff received $92,983.25 in cash from this "cash out" refinance loan (see Settlement Statement, attached hereto as Exhibit 3) and reportedly used these funds to satisfy certain obligations in his divorce settlement. See Compl. at ¶ 12.

At some point thereafter, Plaintiff defaulted on his loan. See id. at ¶ 37. Some seven years after the loan's origination, Plaintiff alleged that he was unlawfully induced into entering the purportedly unaffordable loan and that the only reason why the loan was able to be underwritten was because WAMU artificially inflated the value of the Property. See id. at ¶¶ 16, 17, 20. Plaintiff further alleges that at the closing, he was not provided certain disclosures which he asserts were required with the origination of his "no-documentation" loan. See id. at ¶ 25.

On or about January 19, 2010, the Mortgage was assigned to RAHI. See Assignment, attached hereto as Exhibit 4; see also Compl. at ¶¶ 43-45. On or about April 12, 2010, Plaintiff received notice from RAHI of its intention to foreclose on the Mortgage. See Compl. at ¶ 40.

### *Procedural History of the Instant Matter*

Plaintiff filed the Complaint on July 12, 2010 in the Massachusetts Superior Court, Essex County. The Complaint named RAHI and JP Morgan Chase Bank National Association, as successor-in-interest to Washington Mutual Bank f/k/a Washington Mutual Bank successor-in-

interest to Long Beach Mortgage Company ("JP Morgan") as defendants. On or about July 30, 2010, JP Morgan removed the action to this Court.

As a result of unintentional inadvertence, then-counsel for RAHI, Jeffrey S. Bovarnick, Esq., of Cohn & Dussi LLC, did not enter an appearance on behalf of RAHI or otherwise respond to the Complaint. See Bovarnick Aff. ¶¶ 3, 12, 27.

On August 23, 2010, the Court entered a restraining order enjoining RAHI and JP Morgan "from directly or indirectly holding a foreclosure sale ... or any other sale of the plaintiff's residence ... until the question of RAHI's ownership of the mortgage and note is adjudicated." In that Order, the Court also found that the Default Judgment should be entered against RAHI because RAHI had been properly served by Plaintiff but RAHI failed to respond to the Complaint by the August 4, 2010 deadline.

On October 14, 2010, Plaintiff and JP Morgan executed a Stipulation of Dismissal With Prejudice Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) as to JP Morgan (the "JP Morgan Stipulation").

On December 17, 2010, this Court entered the Default Judgment against RAHI as to all counts in Plaintiff's Complaint. Pursuant to the Default Judgment, RAHI is "permanently restrained and enjoined from directly or indirectly collecting any amounts on mortgages or taking any collection action against the Plaintiff" relating to the Property.

When RAHI became aware that the Default Judgment had been entered against it, RAHI consulted with its then-counsel, Mr. Bovarnick, and discovered that, through inadvertence, he had failed to timely respond to Plaintiff's Complaint. See Bovarnick Aff. ¶¶ 3, 12. During this time period, however, Mr. Bovarnick had been engaged in negotiations with Plaintiff's counsel concerning efforts modify the terms of Plaintiff's loan. See id. at ¶¶ 4, 8-10, 13-15, 17-21, 23.

Despite that those discussions continued over a period of several months into late 2011, Mr. Bovarnick neglected to file a responsive pleading on behalf of RAHI, as it was his understanding that Plaintiff's claims would be resolved in the event a loan modification was executed.

Ultimately, no agreement as to a loan modification was reached. See id. at ¶ 25. Subsequently, RAHI transferred this matter from Cohn & Dussi to the undersigned counsel.

## ARGUMENT

Rule 60(b) of the Federal Rules of Civil Procedure provides:

> (b) On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons ... (5) applying [the judgment] it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). In considering a motion under Rule 60(b)(6), "a judge may consider whether the moving party has a meritorious ... defense, whether extraordinary circumstances warrant relief and whether the substantial rights of the parties in the matter in controversy will be affected by granting the motion." Parrell v. Keenan, 389 Mass. 809, 815 (1983) (citations and internal quotations omitted). Here, granting RAHI's request to vacate the Default Judgment is appropriate because (i) RAHI has substantial meritorious defenses to the claims asserted in Plaintiff's Complaint, (ii) RAHI can demonstrate good cause as to why a response to the Complaint was not timely filed in August 2010, and (iii) Plaintiff will not be prejudiced by the grant of RAHI's motion.

## I. RAHI HAS MERITORIOUS DEFENSES TO PLAINTIFF'S CLAIMS

In his Complaint, Plaintiff alleges, inter alia, that WAMU engaged in unfair and deceptive conduct in connection with the origination of his residential mortgage loan, that RAHI should not be permitted to foreclose on the Mortgage because it does not hold the Note, and that

4

1473232.1

RAHI and JP Morgan acted unlawfully to conceal the identities of the owner of the Note/holder of the Mortgage.[2] By his Complaint, Plaintiff seeks to rescind the loan, to enjoin the defendants from foreclosing on the Mortgage, and an award of compensatory damages.

Each and every one of Plaintiff's counts are legally insufficient and are subject to dismissal under Fed. R. Civ. P. 12(b)(6).[3] As a threshold matter, Plaintiff's assertion that RAHI cannot foreclose on the Mortgage because RAHI does not hold the Note is an incorrect statement of law. Under Massachusetts law, it is well-settled that the mortgagee need only hold the mortgage in order to foreclose. See Peterson v. GMAC Mortgage, LLC, No. 11-11115, 2011 WL 5075613, at *4 n. 3 (D. Mass. Oct. 25, 2011) (Zobel, J.) ("To foreclose in Massachusetts, GMAC need only hold the mortgage, not both the mortgage and the promissory note"); Rosa v. Mortgage Electronic Registration Systems, Inc., 2011 WL 5223349, at *7 (D. Mass. Sept. 29, 2011) ("Massachusetts law does not require a unity of ownership of a mortgage and its underlying note prior to foreclosure"); Archambault v. Aurora Loan Serv., LLC, 2011 WL 4062379, at *1 (D. Mass. Sept. 13, 2011) ("In Massachusetts, a foreclosing entity must be the current record mortgagee and holder of the mortgage; it need not be the note holder"); Carlson v. Wells Fargo Bank, N.A., as Trustee, No. 10-41291, 2011 WL 3420436, at *6 (Bankr. D. Mass.

---

[2] The Complaint includes eleven causes of action: Violation of M.G.L. ch. 140 § 90B (Count I); Collusion (Count II); Violation of M.G.L. ch. 93A (Count III); Violation of M.G.L. ch. 167 (Count IV); Violation of M.G.L. ch. 183C (Count V); Violation of M.G.L. ch. 183 § 28C (Count VI); Rescission (Count VII); Fraud (Count VIII); Misrepresentation (Count IX); Negligence (Count X); and Breach of Fiduciary Duty (Count XI).

[3] Should the Court grant RAHI's Motion, RAHI intends to file a dispositive motion fully briefing the legal deficiencies in each of the Plaintiff's causes of action.

1473232.1

Aug. 2, 2011) (Hoffman, J.).[4] Therefore, to the extent that Plaintiff seeks redress on the basis that RAHI does not hold the Note, any such claims fail.

Additionally, a number of Plaintiff's claims are subject to dismissal for his failure to timely file the Complaint. Plaintiff entered into this refinance transaction in July 22, 2003, but did not file his Complaint until nearly <u>seven years</u> later, on July 12, 2010. As a result, the following causes of action in the Complaint are barred by the statute of limitations:

- <u>Count V</u>: violation of M.G.L. ch. 183C. <u>See</u> M.G.L. ch. 183C § 15(b)(1) ("A borrower may bring an original action for a violation of this chapter in connection with the loan within 5 years of the closing..."); <u>Martins v. U.S. Bank, N.A.</u>, 2011 WL 4459135, at *1 (D. Mass. Sept. 26, 2011) (noting Chapter 183C's five year statute of limitations).

- <u>Count VI</u>: violation of M.G.L. ch. 183. <u>See</u> M.G.L. ch. 260 § 2; <u>Micera v. Neworld Bank</u>, 412 Mass. 728 (1992).

- <u>Count VII</u>: rescission. To the extent that Plaintiff seeks rescission based upon irregularities of loan disclosures or in connection with the closing, this claim would be subject to a four-year statute of limitations, as provided for under the

---

[4] RAHI acknowledges that the matter of <u>Fed. Nat'l Mortg. Ass'n v. Eaton</u>, Docket No. SJC-11041, currently on appeal with the Massachusetts Supreme Judicial Court, is slated to settle the issue of whether reunification of the note and mortgage is required in order to foreclose. To the extent this Court is inclined to stay any decision pending a ruling in <u>Eaton</u>, RAHI respectfully directs the Court's attention to the several Massachusetts opinions that have expressly stated that the trial court's ruling in <u>Eaton</u> (holding that reunification is required) was incorrectly decided. <u>See Juarez v. U.S. Bank, N.A.</u>, 2011 WL 5330465, at *5 (D. Mass. Nov. 4, 2011) (stating that the holding in <u>Eaton</u> was an incorrect statement of Massachusetts law); <u>In re Marron</u>, 2011 WL 3800040, at *1-2 (Bankr. D. Mass. Aug. 29, 2011) (same); <u>Wells Fargo Bank, N.A. v. McKenna</u>, 2011 WL 6153419 (Mass. Land Ct. Dec. 8, 2011) (same).

v. Center for Addictive Behaviors, 426 Mass. 541, 544-45 (1998) ("a clear legislative intent is necessary to infer a private cause of action from a statute").

- Counts VIII-XI: Plaintiff's tort-based claims all fail as a matter of law because they seek only monetary damages and thus are barred by the Economic Loss Doctrine. An economic loss is defined as "damages for inadequate value, cost of repair ... or loss of profit, without any allegation of personal injury or damage to other property." Cruickshank v. Clean Seas Co., 346 B.R. 571, 582 (D. Mass. 2006). Massachusetts courts prohibit recovery for economic loss based solely on actions sounding in tort.[6]

- Plaintiff's allegations of wrongdoing are directed almost exclusively at the conduct of WAMU during the loan origination process. However, the actions of WAMU cannot be imputed to RAHI, which is a bona fide mortgagee. See Terrill v. Planning Board of Upton, 71 Mass. App. Ct. 171, 176 (2008); New Bedford Institution for Savings v. C.L. Gildroy, 36 Mass. App. Ct. 647, 654-55 (1994).

For these reasons, and additional reasons that will be fully briefed by RAHI in a dispositive motion in the event the Court grants its request to vacate the Default Judgment, RAHI has established that it has meritorious defenses to the claims asserted against it in Plaintiff's Complaint.

## II. RAHI CAN DEMONSTRATE GOOD CAUSE JUSTIFYING THE GRANT OF ITS MOTION TO VACATE, AND PLAINTIFF WILL NOT SUFFER PREJUDICE IF THE DEFAULT JUDGMENT IS VACATED

RAHI did not act with a deliberate strategy or intent to delay in responding to the Complaint. Rather, RAHI's failure to timely respond to the Complaint was due solely to

---

[6] See McGlashing v. Dunlop Equip. Co., 89 F.3d 932, 937 (1st Cir. 1996) ("the absence of ... personal injury, or of physical damage to property ... forecloses recovery for economic losses stemming from tort-based strict liability or negligence..."); FMR Corp. v. Boston Edison Co., 415 Mass. 393, 395 (1993).

Massachusetts Consumer Credit Cost Disclosure Act, M.G.L. ch. 140D, § 1, *et. seq.* See M.G.L. c. 140D § 10(f); 209 CMR § 32.15.[5]

- Counts IX and X: misrepresentation and negligence. These claims are time-barred to the extent they arise in connection with the closing. See M.G.L. ch. 260 §2A; Passatempo v. McMenimen, 461 Mass. 279, 292 (2012); Khatchatourian v. Encompass Ins. Co. of Massachusetts, 78 Mass. App. Ct. 53, 56 (2010).

Further, aside from RAHI's statute of limitations defenses, Plaintiff's claims fail on the following additional grounds:

- Count I: violation of M.G.L. ch. 140 § 90B. To the extent Plaintiff's allegations are true, they do not provide grounds for relief because there is no foreclosure pending, and whatever error allegedly occurred can be easily remedied by providing Plaintiff with the requested information.

- Count III: violation of M.G.L. ch. 93A. This claim fails because Plaintiff does not allege that he sent a demand letter to RAHI. See Rita v. Carella, 394 Mass. 822, 826 (1985) ("In order to recover under c. 93A, a plaintiff must allege and prove that the 'demand letter' requirement was satisfied"); Schwartz v. Independent Appraisals, LLC, 2011 WL 5593108, at *6 (D. Mass. Nov. 17, 2011) (same).

- Count IV: violation of M.G.L. ch. 167. This claim fails because there is no private right of action under this Chapter. See M.G.L. ch. 167 *generally*; see also Lofreedo

---

[5] Plaintiff's rescission claim would also fail should he be unable to establish that he could tender the total amount borrowed (including the $92,983.25 in cash that he received at closing). See Wells Fargo Bank, N.A. v. Jaaskelainen, 407 B.R. 449, 460 (D. Mass. 2009) (noting that "the majority of circuit courts to consider the issue agree that courts have the equitable power to condition rescission on tender by the borrower"); see also Am. Mortg. Network, Inc. v. Shelton, 486 F.3d 815, 820-21 (4th Cir. 2007); Yamamoto v. Bank of New York, 329 F.3d 1167, 1172-73 (9th Cir. 2003); In re Potter, 961 F.2d 1066, 1077 (3d Cir. 1992) (Unquestionably "when a borrower rescinds a loan, he or she must return the money borrowed").

inadvertent oversight and miscommunication between it and its former counsel, Cohn & Dussi. See Bovarnick Aff. ¶¶ 3, 12, 27. RAHI respectfully submits that the inadvertent failure of its former counsel to properly defend the action should not now prevent RAHI from responding to the Complaint and advancing its viable defenses to the claims asserted therein. See, e.g., Ruma Enter., Inc. v. Big Mac's Packing, Inc., 1994 Mass. App. Div. 110, at *3 (where "the neglect in question was unquestionably that of the defendants' former counsel ... courts are properly reluctant to attribute to the parties the errors of their legal representatives") (internal quotation omitted).

As more fully set forth in the Bovarnick Affidavit, submitted herewith, following the Court's entry of the Default Judgment in 2010, RAHI's then-counsel, Mr. Bovarnick, was actively engaged in discussions with Plaintiff's counsel regarding a modification of Plaintiff's loan as a means of resolving this action. See Bovarnick Aff. ¶¶ 4, 8-10, 13-15, 17-21, 23. Mr. Bovarnick later filed an appearance on RAHI's behalf with the intent of taking appropriate measures to defend the action in the event the parties' loan modification negotiations were unsuccessful. See Notice of Appearance filed on August 12, 2011 (Dkt. Entry No. 26). When it became evident that Plaintiff was no longer willing to negotiate a loan modification, RAHI filed the instant Motion to Vacate.

Finally, Plaintiff will not be prejudiced by the grant of this Motion. Plaintiff concedes that he defaulted under the terms of the Note and Mortgage. See Compl. at ¶ 37. Upon information and belief, Plaintiff has not made a single payment under the loan for over five years. Despite this, RAHI has continued to make escrow payments on the Property, keeping real estate taxes and insurance premiums current. For the reasons articulated above, RAHI believes that it will prevail on the merits; and should this occur, the net result will be that Plaintiff will

have resided at the Property absolutely rent-free during the pendency of this action, despite that he had no legal right to do so. Denial of RAHI's Motion to Vacate will potentially confer a substantial and unjustified windfall on Plaintiff.

## CONCLUSION

For the foregoing reasons, RAHI respectfully requests that the Court grant its Motion to Vacate the Default Judgment, and allow RAHI to respond, substantively, to Plaintiff's Complaint.

Respectfully submitted,

RAHI REAL ESTATE HOLDINGS, LLC,

By its attorneys,

/s/ *Virginia H. Johnson*
Richard E. Briansky (BBO # 632709)
rbriansky@princelobel.com
Virginia H. Johnson (BBO # 677492)
vjohnson@princelobel.com
Young B. Han (BBO # 664126)
yhan@princelobel.com
**PRINCE LOBEL TYE LLP**
100 Cambridge Street, Suite 2200
Boston, MA 02114
(617) 456-8000

Dated: February 17, 2012

## CERTIFICATE OF SERVICE

I, Virginia H. Johnson, hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 17, 2012.

/s/ *Virginia H. Johnson*

1473232.1

10