Hearing Date: December 20, 2012 at 10:00 a.m. (ET)
Objection Deadline: November 30, 2012
Response Deadline: December 18, 2012

Katharine I. Crost (NY Bar No. 1391523)
Lorraine S. McGowen (NY Bar No. 2137727)
Orrick, Herrington & Sutcliffe LLP
51 West 52nd Street
New York, NY 10019-6142
Telephone: (212) 506-5000
Facsimile: (212) 506-5151

*Special Securitization Transactional
and Litigation Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**RESPONSE OF ORRICK, HERRINGTON & SUTCLIFFE LLP, SPECIAL
SECURITIZATION TRANSACTIONAL AND LITIGATION COUNSEL TO THE
DEBTORS, TO OMNIBUS OBJECTION OF THE UNITED STATES TRUSTEE
REGARDING FEE APPLICATIONS FOR FIRST INTERIM COMPENSATION AND
REIMBURSEMENT OF EXPENSES**

Orrick, Herrington & Sutcliffe LLP ("**Orrick**"), Special Securitization Transactional and Litigation Counsel to Residential Capital, LLC, *et al.*, as debtors and debtors in possession (collectively, the "**Debtors**" or the "**Company**"), respectfully responds to the Omnibus Objection of the United States Trustee Regarding Fee Applications for First Interim Compensation and Reimbursement of Expenses, filed December 7, 2012 as Docket No. 2361 (the "**Omnibus Objection**") as follows:

## BACKGROUND

1.      On May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code. The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b). No trustee has been appointed in these Chapter 11 cases. An examiner was appointed in these cases on June 20, 2012 [Dkt. Nos. 454, 674].

2.      On July 27, 2012, the Court entered the *Order Under Section 327(e) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1 Authorizing the Employment and Retention of Orrick, Herrington & Sutcliffe LLP as Special Securitization Transactional and Litigation Counsel to the Debtors, Nunc Pro Tunc to May 14, 2012* (the "**Orrick Retention Order**") [Docket No. 930], approving Orrick's retention.

3.      Pursuant to the interim compensation order entered in these cases [Dkt. No. 797], Orrick has submitted monthly fee statements to the Debtors and their counsel, counsel to the Official Committee of Unsecured Creditors, counsel for Ally Financial Inc., counsel for Barclays Bank PLC, and the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") for the time period May 14, 2012 through August 31, 2012 (the "**Fee Period**").

4.      On October 19, 2012, Orrick filed its first interim fee application for the Fee Period [Dkt. No. 1871] (the "**Orrick Application**"), which seeks compensation in the amount of $733,357.07 and the reimbursement of actual and necessary expenses in the amount of $678.12.

5.      On December 7, 2012, the U.S. Trustee filed the Omnibus Objection [Dkt. No. 2361], which, with respect to Orrick, objects to five issues in Orrick's Application:

2

(1) Transitory Timekeepers; (2) Pre-Petition Matters; (3) Retention Matters; (4) Compensation Matters; and (5) Expenses- Taxi Transportation. *See* Omnibus Objection at 38-39. The U.S. Trustee objects to the allowance of $55,690 in fees and $116.42 in expenses requested in the Orrick Application. *Id*.

6. After the filing of the Omnibus Objection, Orrick and the U.S. Trustee reached a resolution with respect to all of the U.S. Trustee's objections to the Orrick Application. Orrick and the U.S. Trustee agree that Orrick's request for fees shall be reduced by $54,169. Accordingly, Orrick respectfully requests that the Court enter an order approving the Orrick Application and granting interim allowance of Orrick's fees in the total amount of $679,188.07 and the reimbursement of expenses in the amount of $678.12.

7. To be clear, however, Orrick notes that despite its willingness to enter into an agreement with the U.S. Trustee to resolve all of her objections to the Orrick Application, Orrick respectfully states that it does not agree with the U.S. Trustee's objection to one-half of the fees Orrick incurred in connection with its retention. Orrick's position on this issue is described more fully in Section C below.

<b>ORRICK'S RESPONSE</b>

**A. <u>Transitory Timekeepers</u>**

8. The Omnibus Objection objects to Orrick's fees of $16,299.93 for eleven Orrick attorneys that billed less than five hours during the Fee Period and requests that Orrick's fees be reduced by $1,521. *See* Omnibus Objection at 38. The Omnibus Objection requests that Orrick explain the value each of these individuals provided to the estate, which explanation was previously provided to the U.S. Trustee and is attached hereto as **<u>Exhibit 1.</u>**

3

9. Orrick believes the services provided by each of these lawyers was necessary, given each lawyers specific background and expertise, to efficiently and effectively advise the Debtors in connection with the matters on which Orrick was retained in these Chapter 11 cases. The U.S. Trustee has indicated that she agrees with Orrick's response and no reduction in fees for these lawyers is necessary.

B. **Pre-Petition Matters**

10. The Omnibus Objection objects to $1,215 in compensation sought in Orrick's Application in connection with matters billed pre-petition on May 11, 2012 under the project categories "142-General Bankruptcy Administration" and "144-Compensation." *See* Omnibus Objection at 38.

11. These amounts were inadvertently included in Orrick's Application. Orrick agrees with the U.S. Trustee that such amounts are not covered by the Fee Period and are therefore not compensable from the Debtors' estates. Accordingly, Orrick agrees that its request for fees shall be reduced by $1,215.

C. **Retention Matters**

12. Orrick seeks an allowance of $99,421 for matters billed under the billing category "Retention (Matter 143)." The U.S. Trustee acknowledges that Orrick voluntarily reduced its fees under this category by $33,629.85; nevertheless, the Omnibus Objection requests a reduction in Orrick's fees for this category by one half, or approximately $49,710. *See id.*

13. In an effort to save resources and promote judicial efficiency, Orrick has agreed to reduce its fees for "Retention Matters" by one half, as proposed by the U.S. Trustee. To be clear, however, Orrick respectfully disagrees with the U.S. Trustee's position on this matter.

4

14. Orrick's "Retention Matter" fees were incurred as a result of the requirements of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure with respect to the retention of professionals. These requirements are not applicable in non-bankruptcy cases in which Orrick is retained. As such, in order to comply with the Debtors' desire to employ Orrick in their bankruptcy cases, it was essential that Orrick engage several bankruptcy lawyers (namely, one partner and one senior associate) to take the lead in performing, among other things, the following services for the Debtors: (a) a review of the Debtors' conflicts checklist, (b) an extensive and careful analysis of a 19,000 page report containing the results of Orrick's conflicts and connections search,[1] (c) the preparation of an application to employ Orrick, along with the required disclosures mandated by the Bankruptcy Rules and sworn to under the penalty of perjury, including preparing a detailed report identifying any relationship Orrick had with any of the Debtors, its parents, affiliates, creditors, advisors, and numerous other parties in interest, (d) a review of and response to objections raised by the U.S. Trustee to Orrick's retention application, and (e) participation in a July 2012 hearing on Orrick's retention application. Each of these tasks required careful analysis and involvement of Orrick lawyers in order to ensure that Orrick's retention would satisfy the requirements of the Bankruptcy Code and Rules.

15. Given the more than twenty year pre-petition relationship between Orrick and the Debtors, and Orrick's specialized reputation and expertise regarding securitization, both parties appreciated the fact that Orrick's continued retention in these Chapter 11 cases was (and continues to be) of critical importance to the Debtors. The breadth and scope of more than twenty years of Orrick's institutional knowledge of the Debtors' securitization portfolio cannot

---

[1] As described herein, Orrick does not seek compensation from the Debtors' estates in connection with the fees Orrick incurred reviewing the 19,000 page conflicts report.

be minimized. In fact, during its more than twenty year relationship, Orrick assisted the Debtors on a variety of complex securitization matters, including, for example: (a) the preparation of monthly offerings of residential mortgage-backed securities, both public and private, (b) assistance in the preparation of registration statements on Form S-3, (c) assistance in the preparation of various offering documents in connection with residential mortgage-backed security offerings, including related operative documents, indentures, trust agreements, servicing agreements or pooling and servicing agreements, underwriting agreements, and other ancillary documents, (d) communications with rating agencies and investment banks that were underwriting the offerings, (e) assistance in connection with financing of servicing advances under various servicing agreements through the securitization of advance receivables, (f) assistance in connection with a number of mortgage loan sale transactions, and (g) the rendering of customary legal opinions to the Debtors, rating agencies, trustees, monolines, and underwriters in connection with the securitizations. As a result of this extensive pre-petition relationship, the Debtors chose to retain Orrick as its special counsel, and with that choice should come the responsibility of ensuring that its selected professional complies with the strict, and often labor intensive, disclosure requirements of the Bankruptcy Code and Rules. The Debtors should be responsible for the reasonable and necessary fees associated with that choice.

16. Orrick also notes that the Orrick Application already reflects a voluntarily reduction of Orrick's "Retention Matter" fees in the amount of $35,629.85 in connection with its review of approximately 19,000 pages of conflicts reports.

17. In addition, Orrick has reviewed the fee applications of various other professionals submitted for this Fee Period. The amount of fees Orrick is seeking for time incurred in connection with its retention matters is significantly less than the amount sought by

other professionals relating to retention. In fact, many of those amounts have not drawn an objection by the U.S. Trustee. To the extent the U.S. Trustee has lodged an objection, she has proposed a reduction of the retention fees of between 3% - 15% (as opposed to her proposal to reduce Orrick's fees by 50%).

18. Nonetheless, because of Orrick's relationship with the Debtors and given the time and expense of continuing to litigate this issue, Orrick is willing to agree to the compromise proposed by the U.S. Trustee on this matter, resulting in a reduction on the amount requested relating to Retention Matters in the amount of $49,710. As a result of this compromise, Orrick is seeking allowance in the amount of $49,711 for services rendered in connection with its retention in these Chapter 11 cases.

### D. Compensation Matters

19. Orrick seeks an allowance of $33,812 for matters billed under the billing category "144-Compensation." The Omnibus Objection objects to the payment of $3,244 in charges incurred between May 11, 2012 through May 15, 2012 because such billings involved researching the Guidelines and summarizing such information into a memorandum. *See* Omnibus Objection at 39.

20. Orrick agrees that the fees sought in the Orrick Application shall be reduced by $3,244, as proposed by the U.S. Trustee.

### E. Expenses: Taxi Transportation

21. Orrick seeks reimbursement of $116.42 for taxi transportation expenses incurred during the Fee Period. The U.S. Trustee objects to that amount because Orrick has not provided additional information on whether the taxi expenses comply with the Guidelines. *See* Omnibus Objection at 39.

22. Provided below is a chart showing the requested additional detail, which is consistent with the Guidelines, including the name of the person incurring the expense, the date and time incurred, the trip origin and destination, and the amount incurred.[2]

| Name/Position of Person Incurring Expense | Date/Time Incurred | Trip Origin | Trip Destination | Amount Incurred |
|---|---|---|---|---|
| Katharine Crost (Partner) | 7/11/2012, 9:10pm | Orrick NY office | Attorney's home | $29.11 |
| Njoki Gatimu (Associate) | 6/29/2012, 11:57pm | Orrick NY office | Attorney's home | $65.41 |
| S. Chris Min (Associate) | 8/5/2012, 10:15pm | Orrick NY office | Attorney's home | $10.50 |
| | 8/6/2012, 3:31am | Orrick NY office | Attorney's home | $11.40 |
| **TOTAL:** | | | | **$116.42** |

23. The U.S. Trustee has indicated that she agrees with Orrick's response and therefore no reductions to Orrick's request for reimbursement of expenses are necessary.

---

[2] Each of these expenses is consistent with Orrick's Client Charges and Disbursement's Policy, effective as of April 10, 2012, which provides:

> The client is charged for after hour's local transportation costs to and/or from our office for lawyers and staff. This policy ensures safe commuting during evening hours, when a lawyer or support staff member is required to be in the office due to client work. Transportation such as taxi, car service, and rail service is charged at cost.

## **CONCLUSION**

In order to resolve all of the U.S. Trustee's objections to the Orrick Application, Orrick and the U.S. Trustee have agreed to a reduction of Orrick's fees in the amount of $54,169. No reductions are necessary with respect to Orrick's request for expenses. Accordingly, Orrick respectfully requests that the Court enter an order approving the Orrick Application and granting interim allowance of Orrick's fees in the total amount of $679,188.07 and the reimbursement of expenses in the total amount of $678.12, and granting such other relief as may be just and proper.

Dated: December 18, 2012                    Respectfully submitted,

*/s/ Lorraine S. McGowen*
Katharine I. Crost (NY Bar No. 1391523)
Lorraine S. McGowen (NY Bar No. 2137727)
Orrick, Herrington & Sutcliffe LLP
51 W. 52nd Street
New York, NY 10019-6142
Telephone: (212) 506-5000
Facsimile: (212) 506-5151

*Special Securitization Transactional
and Litigation Counsel to the Debtors
and Debtors in Possession*

OHSUSA:752654987.1