LOCKE LORD LLP
111 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 443-0700
Facsimile:  (312) 443-0336
Thomas J. Cunningham (*admitted pro hac vice*)
J. Matthew Goodin (*admitted pro hac vice*)

*Ordinary Course Professionals*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, *et al.*,[1] | Case No. 12-12020 (MG) |
| Debtors. | (Jointly Administered) |

**REPLY OF LOCKE LORD LLP TO THE OMNIBUS OBJECTION
OF THE UNITED STATES TRUSTEE REGARDING FEE APPLICATIONS FOR
FIRST INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Locke Lord LLP  ("Locke Lord"), as counsel retained by the Debtors in the ordinary course of business, hereby replies to the Omnibus Objection of the United States Trustee Regarding Fee Applications for First Interim Compensation and Reimbursement of Expenses (the "Objection" (ECF Doc. No. 2361)) and further supports its first monthly fee application (the "Application"), which seeks compensation for services performed and reimbursement for expenses incurred by Locke Lord on behalf of the Debtors for the period from May 14, 2012 through August 31, 2012 (the "Compensation Period").

Locke Lord seeks approval of $261,177.78 in fees for legal services rendered to the Debtors during the Compensation Period along with reimbursement of $2,738.99 in expenses

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are identified on Exhibit 1 to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6].  As used herein, the term "Debtors" includes any such entities.

1

1944639v.1

incurred on the Debtors' behalf during the Compensation Period. In its Objection, the UST objects to $8,216.00 of the fees requested by Locke Lord and none of the expense reimbursement requested by Locke Lord. (Objection at 30). The basis for the UST's objection to $8,216 of the fees requested by Locke Lord is that they are attributable to the work of 14 attorneys who each billed less than five hours during the Compensation Period. The UST has raised a concern that the "transitory nature of those services raises the question of what value, if any, this individual provided to the estate." The Trustee asks for a reduction in the amount of the approved fees by $8,216 "absent satisfactory explanation." (Objection at 30).

Locke Lord hereby responds to the UST's question and explains the value these timekeepers provided, notwithstanding the fact that they did not expend more than five hours during the Compensation Period delivering those services. Locke Lord requests that, in light of this explanation, the UST either withdraw its objection or, in the alternative, that the Court overrule it.

1.     The 14 timekeepers in question are listed in footnote 7 of the Objection and include: J. Brissette, S. Chambers, T. Connop, M.H. Davis, M. Eggerding, D.B. Foster, J.N. Froehlich, K.H. Harris, A.M. Knuckey, M. LaFontaine, S. Mimms, P.R. Perdew, K. Weiner, and T. Yoxall. Each of these attorneys billed fewer than five hours during the Compensation Period. However, their work was performed at the request of the Debtors and provided value to the Debtors, as described below.

**I.     MOST OF THE TIME QUESTIONED BY THE US TRUSTEE RELATES TO CASES SUBJECT TO AUTOMATIC STAY.**

2.     Most of the attorneys who billed fewer than five hours during the Compensation Period worked on matters that are stayed as to the Debtors. In most of those cases the stay applies to the Debtors but not to the co-defendants in those cases. Most of the work of those

1944639v.1

attorneys during the Compensation Period related to notifying courts and other parties of the bankruptcy and ensuring that the actions were stayed as to the Debtors as well as monitoring those actions and reporting developments and status to in-house legal professionals at the Debtors.  This work was both necessary and beneficial to the Debtors, even though it did not involve a significant amount of time.

3. For example, the Debtors are defendants in a number of cases around the country in which the plaintiffs challenge the use of the MERS system and allege that the failure of the Debtors and the co-defendants to record assignments of mortgage and other documents with county recorders has unlawfully deprived those government officials of fees and has otherwise violated the law of those various states.  Some of these cases have been filed directly by various counties; others have been filed by relators as *qui tam* or False Claims Act actions.  Virtually all mortgage lenders and servicers are defendants in these cases, including Debtors such as GMAC Mortgage, LLC and Homecomings Financial, LLC.

4. Although the automatic stay applies to these cases against the Debtors, attorneys at Locke Lord were requested by the Debtors to:  (a) prepare and file notices of stay in each case; (b) prepare and send letters to counsel for the plaintiffs in each case notifying them of the stay; and (c) continue to monitor these cases and make occasional status reports of any significant developments in the cases.  The outcome of these cases could have a fundamental impact on how the Debtors do business.

5. The work of the following attorneys relates to cases involving allegations that the Debtors and others have unlawfully failed to pay fees to county recorders and/or in which the plaintiffs challenge the MERS system: M. Eggerding (.9 hours in Bates (DC); J.N. Froehlich (1.8 hours in Bates (NJ)); K.H. Harris (.4 hours Mass Recording Fee Litigation); A.M. Knuckey (.6

3

hours in Brown County and Plymouth County Recording Fee Litigation); M. LaFontaine (.6 hours in Louisiana Parishes Recording Fee Litigation); and P.R. Perdew (4.4 Hours in Geauga County Recording Fee Litigation, Brown County Recording Fee Litigation, Plymouth County Recording Fee Litigation, Massachusetts Recording Fee Litigation, Jackson County Recording Fee Litigation, Union County Recording Fee Litigation, and St. Clair County Recording Fee Litigation).

6. With the exception of P.R. Perdew, there is no overlap among the attorneys who work on these 10 cases. Mr. Perdew supervises and coordinates all of the county recorder fee litigation for the Debtors. As described below, the reason numerous attorneys work on these cases is the fact that they are in numerous jurisdictions, requiring at least one attorney admitted in each jurisdiction to serve as a "local counsel" for purposes of making court appearances and filings.

7. The work of Locke Lord attorneys on the recording fee litigation and other stayed matters, while not significant in volume, was nevertheless necessary and provided value to the estate.

## II. TIME RELATED TO WORK AS "LOCAL COUNSEL."

8. Some of the fees questioned by the UST relate to work performed by lawyers as "local counsel." Much of it also related to the recording fee litigation described above.

9. P.R. Perdew is the attorney with primary responsibility for the recording fee cases. During the Compensation Period, Mr. Perdew billed a total of 4.4 hours, nearly all of it to the recording fee litigation. Mr. Perdew is located in Locke Lord's Chicago office and is admitted in Illinois and Indiana. The recording fee cases are located in a number of states, including Illinois, Louisiana, Massachusetts, Missouri, Ohio, Oklahoma, New Jersey and the

4

District of Columbia. In states where Mr. Perdew is not licensed to practice law, another attorney from Locke Lord is used to make court filings and occasional court appearances, serving in the capacity of "local counsel."

10.     M. Eggerding, billed .9 hours to the Bates (DC) case. The Bates (DC) case is a recording fee case filed in the District of Columbia. Mr. Eggerding is admitted to practice law in the District of Columbia and serves as "local counsel" in that matter.

11.     J.N. Froehlich billed 3.3 hours during the Compensation Period. His time related to the Bates (NJ) case, a recording fee case filed in New Jersey, and the "Abucay" case, a mass action filed against the Debtors and others in New York. Mr. Froehlich is admitted in New Jersey and New York and serves as "local counsel" in these two matters.

12.     K.M. Harris billed .5 hours during the Compensation Period. Her time related to the Massachusetts Recording Fee Litigation, recording fee cases filed in the State of Massachusetts, and the Dumas case, a putative class action filed against GMAC Mortgage, LLC in Massachusetts. Ms. Harris is admitted in Massachusetts and serves as "local counsel" in these two matters.

13.     M. LaFontaine billed .6 hours during the Compensation Period. Her time related to the Louisiana Parishes recording fee case. Ms. LaFontaine is admitted in Louisiana and serves as "local counsel" in this matter.

14.     The work of Locke Lord attorneys serving as "local counsel" in these matters may have been "transitory" in nature given the small amount of time each attorney spent on each matter, but the work was necessary and beneficial to the estate.

1944639v.1

**III.     MATTERS RESOLVED WITHIN THE COMPENSATION PERIOD.**

15.    Two matters that began pre-petition were resolved during the Compensation Period. As a result, the amount of time spent by attorneys on those matters was small and has been questioned by the US Trustee.

   **A.     The Franklin Litigation (J. Brisette & T. Yoxall)**

16.    Over the past few years, pro se litigant Tom Franklin has filed countless frivolous, putative class actions against GMAC Mortgage, LLC in courts throughout the country. Although the courts have repeatedly dismissed his lawsuits, Franklin persists in initiating new actions alleging the same meritless claims and attempting to engage in unwarranted and impermissible discovery activities. In August 2012, Franklin filed a new predatory lending lawsuit in the United States District Court for the Northern District of Illinois, naming "GMAC Mortgage Company" and "David M. Applegate" as defendants.

17.    The Debtors requested that Locke Lord handle this matter given Locke Lord's handling of Mr. Franklin's prior lawsuits against the Debtors. Attorneys Thomas Yoxall and Jennifer Brissette analyzed Franklin's complaint, communicated internally and with in-house legal personnel of the Debtors regarding case strategy, and drafted a Notice of Bankruptcy and Suggestion of Automatic Stay. The Illinois case was dismissed on August 15, 2012.

18.    In mid-August 2012, Franklin filed a petition for writ of certiorari with the United States Supreme Court. Mr. Yoxall and Ms. Brissette analyzed Franklin's filing, investigated the procedures for responding to petitions for writs of certiorari, prepared waiver of response paperwork, investigated other Supreme Court appeals initiated by Franklin, conferred with the Debtors' previous appellate counsel, communicated with in-house legal personnel at the Debtors regarding appellate and foreclosure strategies, and co-ordinated with foreclosure counsel.

19. Although the total time of Ms. Brissette and Mr. Yoxall did not exceed five hours during the Compensation Period, their work was nevertheless necessary and of value to the Debtors.

### B. The Clarke Case (M.H. Davis & D.B. Foster)

20. On March 5, 2012, borrowers Daniel and Angela Clarke filed a lawsuit in the District Court for the 201st District of Texas (Travis County) against Debtor Homecomings Financial, LLC as well as two non-debtor co-defendants. The Clarkes challenged the foreclosure of a mortgage on their home and sought a temporary restraining order against further foreclosure activity.

21. Locke Lord was retained to represent Homecomings in the Clarke lawsuit. David Foster is a partner in Locke Lord's Austin, Texas office and Matt Davis is an associate in Locke Lord's Dallas, Texas office. They billed a total of 1.4 and 1.7 hours, respectively, during the Compensation Period related to their work handling the Clarke case.

22. The work of Mr. Foster and Mr. Davis involved determining the applicability of the automatic stay to the Clarke matter and determining an appropriate approach to the plaintiff in that case in light of Homecomings Financial, LLC's bankruptcy petition.

23. Although not much work was required on the Clarke case during the Compensation Period, a certain amount of work *was* required, and provided value to the Debtors.

## IV. WORK PERFORMED BY "SPECIALISTS."

24. The US Trustee has questioned the 1.1 hours billed by partner K. Weiner and the 1 hour of time billed by partner T. Connop during the Compensation Period. Neither is a regular timekeeper on matters for the Debtors.

1944639v.1

25.     Mr. Weiner is a partner in Locke Lord's real estate group.  He was asked to assist the litigator handling a matter for the Debtors that involved an attempt by a borrower to involuntarily transfer ownership of property to GMAC Mortgage, LLC without GMAC Mortgage, LLC's consent.  Mr. Weiner discussed the facts of the matter with the associate responsible for the matter, called a contact of his at a title insurance company to discuss the unique nature of the issue, and provided his analysis and opinions about the impact of the purported transfer of title to the associate handling the matter and the client.  Although Mr. Weiner's work on the matter was limited, it was both necessary (as he had expertise the litigators handling the matter lacked) and valuable to the estate (as it helped form the strategy the GMAC Mortgage is currently employing to resolve the litigation).

25.     Mr. Connop is a partner in Locke Lord's Consumer Finance Practice Group with significant bankruptcy experience.  He is located in the firm's Dallas office.  As an attorney with over 30 years of experience, he is the second most senior attorney in the Consumer Finance Practice Group.  Mr. Connop was consulted by associates and junior partners in the Dallas office regarding the applicability of the automatic stay in the Debtors' bankruptcy cases to various matters those associates and young partners were responsible for handling.  Although Mr. Connop only spent one hour providing feedback and analysis to those lawyers during the Compensation Period, this time was both necessary and beneficial to the representation of the Debtors.

WHEREFORE, Locke Lord hereby requests that the US Trustee either withdraw its Objection given the explanations set forth in this Reply, or in the alternative that the Court overrule the US Trustee's Objection and allow compensation in the amount of $261,177.78 for the professional services rendered and the sum of $2,628.99 for reimbursement of actual and

necessary costs expended for the Debtors for the period from May 14, 2012 through August 31, 2012.

Dated: December 18, 2012
New York, New York                              */s/ Thomas J. Cunningham*

                                        Thomas J. Cunningham
                                        J. Matthew Goodin
                                        LOCKE LORD LLP
                                        111 South Wacker Drive
                                        Chicago, Illinois  60606
                                        Tel: (312) 443-0700
                                        Fax: (312) 443-0336
                                        tcunningham@lockelord.com
                                        jmgoodin@lockelord.com

1944639v.1

CERTIFICATE OF SERVICE

On December 18, 2012, I caused a true and correct copy of the foregoing REPLY OF LOCKE LORD LLP TO THE OMNIBUS OBJECTION OF THE UNITED STATES TRUSTEE REGARDING FEE APPLICATIONS FOR FIRST INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES to be served via the Court's ECF notification system to all the parties registered to receive notices in these cases.

/s/  Thomas J. Cunningham

1944639v.1