Douglas C. Wigley (*pro hac vice*)
**DESSAULES LAW GROUP**
2700 North Central Avenue, Suite 1250
Phoenix, Arizona 85004
Tel. 602.274.5400
Fax 602.274.5401
dwigley@dessauleslaw.com

*Attorney for Creditor Gregory Balensiefer*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Residential Capital, LLC, *et al.*<br>Debtors. | Chapter 11<br>Case No.12-12020 (MG)<br>(Jointly Administered) |

**REPLY IN SUPPORT OF MOTION FOR CLARIFICATION REGARDING**

**RELIEF FROM AUTOMATIC STAY**

INTRODUCTION

Gregory Balensiefer ("Balensiefer"), by and through undersigned counsel, hereby replies in support of his motion seeking clarification of the Court's Final Supplemental Order of July 13, 2012 (Docket Entry No. 774) (the "Supplemental Servicing Order"), as it applies to an action currently pending in the Arizona Superior Court (the "Superior Court action").[1] The parties agree that the Supplemental Servicing Order authorizes Balensiefer pursue his equitable claim seeking to compel Debtors' specific performance of a settlement agreement relating to a loan modification because the enforcement of that very agreement is Balensiefer's defense to Debtors' foreclosure efforts. Balensiefer,

---

[1] For purposes of this Motion, "Debtors" is used to refer collectively to those entities (or those entities' successors) that are specifically named as defendants in the Superior Court action, acknowledging that not all "Debtors" in this bankruptcy are involved.

however, seeks clarification from the Court that, if he prevails in enforcing the settlement agreement, that he may also liquidate an award of attorneys' fees that is mandated by the very same settlement agreement. Balensiefer's request for attorneys' fees is not a separate and distinct claim against Debtors, but instead is an express and necessary part of the equitable claim that he is permitted to pursue. Such a claim is expressly contemplated in the Supplemental Servicing Order and Balensiefer should be authorized to pursue liquidating that claim in the Superior Court should he prevail in enforcing the settlement agreement.

## BACKGROUND

Both Balensiefer's Motion (Docket Entry No. 1244) and Debtors' objection (Docket Entry No. 2410) offer detailed factual and procedural histories of this matter and Balensiefer incorporates his factual and procedural background here by reference. The following, however, is a condensed version that the Court may find helpful in analyzing the narrow issue remaining in front of it.

Debtors are trying to foreclose Balensiefer's interest in certain real estate through a private trustee's sale.[2] Balensiefer's defense to Debtor's foreclosure efforts is a Settlement Agreement and Mutual Release dated January 22, 2010 (the "Settlement Agreement").[3] The Settlement Agreement provides, among other things, that Debtors will (i) honor the terms of a certain modification agreement between it and Debtors, (ii) correct Balensiefer's credit reporting, and (iii) record a Cancellation of Trustee's Sale. After inducing Balensiefer to agree to these terms, it is undisputed that Debtors did none of these things.

Section 12 of the Settlement Agreement provides the following:

[I]n the event that litigation is instituted to enforce or interpret any provision of or right pursuant to this Agreement, the prevailing Party in that litigation shall be

---

[2] Arizona allows for non-judicial foreclosure by private trustee sale.
[3] A copy of the Settlement Agreement is attached Balensiefer's Motion as Exhibit A.

entitled to an award of all taxable and non-taxable costs, actual attorneys' fees, and other expenses (through trial and appeal) against the unsuccessful Party.

The parties agree that the Supplemental Servicing Order authorizes Balensiefer to pursue his equitable claim seeking to compel Debtors' specific performance of the Settlement Agreement. The parties disagree as to whether Balensiefer may liquidate his mandatory award of attorneys' fees pursuant to the Settlement Agreement should he prevail in his equitable claim seeking to compel Debtors' specific performance. If he prevails in compelling Debtors' specific performance of the Settlement Agreement, Balensiefer seeks to liquidate his mandatory award of attorneys' fees in the Arizona Superior Court, but agrees and acknowledges that he may not collect or enforce such an award outside of this Court.

**ARGUMENT**

**I. THE NATURE OF BALENSIEFER'S REQUEST FOR ATTORNEYS' FEES IS NOT ONE OF A DISTINCT AND SEPARATE CLAIM, BUT IS ONE THAT IS INCIDENTAL TO AND PART OF HIS EFFORTS TO ENFORCE THE SETTLEMENT AGREEMENT.**

**A. Balensiefer's Request for Attorneys' Fees is Not a Separate and Distinct Claim, But Instead is an Incidental and Mandatory Part of the Settlement Agreement He Seeks to Enforce.**

Debtors' objection to Balensiefer's Motion erroneously frames Balensiefer's request for attorneys' fees as a distinct and separate claim against the Debtors. It is not. Balensiefer's claim for attorneys' fees is specifically provided for in the Settlement Agreement that he is authorized to pursue specific performance of. As quoted above, section 12 of the settlement agreement provides for a mandatory award of attorneys' fees to the prevailing party should litigation be instituted to enforce the Settlement Agreement. As such, Balensiefer's request for attorneys' fees is incidental to and a necessary part of the Settlement Agreement.[4]

---

[4] Arizona law provides that "[c]ontracts for payment of attorneys' fees are enforced in accordance with the terms of the contract." *Heritage Heights Home Owners Ass'n v. Esser*, 115 Ariz. 330, 333, 565 P.2d 207, 210 (Ct. App. 1977). Here, the contract provision provides for a

The parties agree that the Supplement Servicing Order, at section 14(a), entitles a borrower and mortgagor like Balensiefer "to assert and prosecute direct claims and counter-claims relating exclusively to the property that is the subject of the loan owned or serviced by a Debtor for the purposes of defending, unwinding, or otherwise enjoining or precluding any foreclosure, whether in a Judicial State or a Non-Judicial State . . . where a final judgment (defined as any judgment where the right to appeal or seek reconsideration has expired or has been exhausted) permitting the foreclosure . . . has not been awarded . . . and to prosecute appeals with respect to any such direct claims or counter-claims."

Debtors, however, argue that Balensiefer's request for attorneys' fees is a "direct claim[] . . . for monetary relief" that is prohibited from being pursued in the State Court under section 14(b) of the Supplemental Servicing Order. That very same section, however, actually captures the true nature of Balensiefer's request for attorneys' fees which is that of "a monetary claim [that] must be plead in order for an Interested Party to a assert a claim to defend against or otherwise enjoin or preclude a foreclosure." Supporting this interpretation of Balensiefer's request for attorneys' fees is the fact that his complaint against Debtors does not contain a specific cause of action for attorneys' fees, but instead merely requests it as part of the prayer for relief requested.[5] The attorneys' fees provision is an express part of the Settlement Agreement that must be plead in order for him to enjoin the foreclosure. This type of incidental claim is explicitly

---

mandatory award of "all…actual attorneys' fees." Arizona courts have enforced such provisions. *See McDowell Mountain Ranch Community Ass'n, Inc. v. Simons*, 216 Ariz. 266, 165 P.3d 667 (Ct. App. 2007) (reversing a trial court's award of partial attorneys' fees because the contract at issue required mandatory payment of all attorneys' fees)**.** A.R.S. § 12-341.01 also provides that the Court may award the successful party in an action arising out of contract its reasonable attorneys' fees. In addition to seeking a reward of attorneys' fees based on section 12 of the Settlement Agreement, Balensiefer reserves all rights to seek payment of his attorneys' fees pursuant to A.R.S. § 12-341.01.

[5] A copy of Balensiefer's Verified First Amended Complaint is attached to Debtors' Objection as Exhibit E.

included in the relief granted by the Supplement Servicing Order and Balensiefer should be permitted to pursue liquidating his request attorneys' fees should he prevail on the foreclosure defense.

### B. Balensiefer's Request for Attorneys' Fees is More of a Sanction than a Direct Claim.

Further justifying the incidental nature of Balensiefer's request for attorneys' fees is the fact that the potential award of attorneys' fees is more of a sanction against the losing party than it is a direct claim by the winning party. Whether by statute or contract, only the successful party is entitled to any award of attorneys' fees. The losing party is punished by having an award of attorneys' imposed against it [6] Here, Debtors acknowledge this framework and seek the very same sanctions by requesting they be "awarded their attorneys' fees and costs pursuant to A.R.S. §§ 12-341 and 12-341.01 [and] pursuant to the terms of the original loan agreement" in the event they prevail.[7] Neither party is making a direct claim for attorneys' fees, but instead is merely acknowledging the incidental nature of the request for attorneys' fees.

Underscoring this is the fact that the provision does not provide only for a reasonable award of fees, but rather *all* actual attorneys' fees and costs incurred. Ordinarily, attorneys' fees provisions in Arizona compel the award of *reasonable* attorneys' fees only. Here, this provision was inserted in order to impose a harsh penalty

---

[6] *See In re Larry's Apartment, L.L.C.*, 249 F.3d 832, 838-39 (9th Cir. 2001) ("[W]e are well aware of the fact that a number of our cases have allowed the imposition of litigation sanctions by reference to an Arizona sanction statute. *See Blockbuster Videos, Inc. v. City of Tempe*, 141 F.3d 1295, 1300 (9th Cir.1998); *Gilbert v. Ben-Asher*, 900 F.2d 1407, 1411 (9th Cir.1990); *Hodge v. Kun (In re Kun)*, 868 F.2d 1069, 1072 (9th Cir.1989); *Lange v. Penn Mut. Life Ins. Co.*, 843 F.2d 1175, 1184 (9th Cir.1988). For the most part, those cases have referred to a different statute-Ariz. Rev. Stat. § 12-341.01(C). One, however, also referred to the statute at hand-Ariz. Rev. Stat. § 12-349. *See Blockbuster Videos*, 141 F.3d at 1300. At any rate, there is no real difference between the two Arizona statutes as far as the issue at hand is concerned. *See State v. Richey*, 160 Ariz. 564, 565-66, 774 P.2d 1354, 1355-56 (1989) (en banc); Phoenix Newspapers, Inc. v. Dep't of Corrections, 188 Ariz. 237, 243-45, 934 P.2d 801, 807-08 (1997).").

[7] A copy of Debtors' Answer is attached here as Exhibit A.

should either side bring further litigation—namely, the award of *all* taxable costs, including actual attorneys' fees. As Debtors' counsel drafted the provision, it is fundamentally unfair to suggest that they should be allowed to avoid the application of this sanction in the event they lose.

   **C. Balensiefer's Request for Attorneys' Fees Exists Only In Conjunction With His Equitable Claim For Specific Performance of the Settlement Agreement.**

Another illustration of the incidental and ancillary nature of Balensiefer's request for attorneys' fees is the fact that such a request cannot exist but for the underlying contract that is the Settlement Agreement. As discussed above, it is the Settlement Agreement itself, which was drafted by Debtors' litigation counsel in Arizona, that contains the mandatory attorneys' fee provision in its section 12. Additionally, A.R.S. § 12-341.01 only triggers an award of attorneys' fees if the action is one arising under contract. The request for attorneys' fees has a symbiotic relationship with the contract that creates it. The request for attorneys' fees is not a separate claim that can survive without its contract-based host. Without the contract, the request for attorneys' fees would never exist. As such, the request for attorneys' fees is merely incidental to the contract-based claim and not a separate and distinct claim that can be carved out.

**II. DEBTORS' CONCERNS REGARDING THE POLICIES BEHIND THE AUTOMATIC STAY ARE UNFOUNDED.**

Debtors argue that allowing Balensiefer to pursue his request for attorneys' fees should he prevail on his equitable claim will take its attention away from its reorganization efforts. First, it should be noted that it was Debtors that filed the Motion seeking the Supplement Servicing Order (Docket Entry No. 181) and its related stay relief. In that Motion, Debtors acknowledge the competing interests of the benefits of foreclosure to its loan investors and the fundamental fairness and administrative efficiency that weighs in favor of modifying the stay to allow foreclosure defenses. Here,

the liquidation of Balensiefer's request for attorneys' fees should he prevail on his equitable claim falls under that same fundamental fairness and administrative efficiency that favors allowing such process to proceed.

First, the adjudication of attorneys' fees in a matter like this is summary in nature and would most likely be completed within sixty (60) days of ruling in Balensiefer's favor on his equitable claims. Procedurally, pursuant to Rule 54(g) of the Arizona Rules of Civil Procedure, Balensiefer will be required to file his application for attorneys' fees, including an affidavit and detailed time records, within twenty (20) days from the Clerk's mailing of a decision on the merits of the case. Response and reply briefs must be filed within another fifteen (15) days. Oral argument is rarely, if ever, held on applications for attorneys' fees. As such, the Superior Court will be able to liquidate the request for attorneys' fees in a very short time period allowing Debtors to focus their efforts on reorganization activities.

Second, it should be noted that Debtors have and have always had dedicated litigation counsel in place for Balensiefer's case – both pre- and post-petition.[8] The status quo has always been to litigate these cases in Superior Court through the ordinary course and that was the same relief Debtors requested in their Motion seeking the Supplemental Servicing Order. The status quo should be maintained here.

Finally, without a ruling on attorneys' fees, Rule 58(g) of the Arizona Rules of Civil Procedure prevents a final judgment from being entered. As such, Balensiefer could prevail on his equitable claim, but since no final judgment ordering the Debtors' to

---

[8] Notably, Debtors' counsel in the Arizona case, Kara Ricupero, will also be the key witness at trial in this matter. It was Ms. Ricupero who drafted the Settlement Agreement. It was Ms. Ricupero who signed the Settlement Agreement on behalf of Debtors. Moreover, Ms. Ricupero previously opposed depositions of the Debtors on the basis that, among other things, only her actions were relevant. Despite the fact that Debtors may have potential claims against Ms. Ricupero and the law firm handling the Arizona matter on behalf of Debtors, Ryley Carlock & Applewhite, based on their actions, inactions, and the positions taken, these obvious and inherent conflicts were never raised in the application to employ Ms. Ricupero in the Arizona matter.

perform under the Settlement Agreement can be entered, Balensiefer will be in the same legal limbo he has been in since 2009 when this dispute began. In addition to Balensiefer being subject to a lack of finality, or a delayed one at a minimum, Debtors and their creditors will be prejudiced by this delay because Balensiefer would continue to accrue post-petition attorneys' fees that should be awarded.[9] As such, Debtors' position necessarily delays any final judgment and effectively increases fees to be awarded.

## Conclusion

Balensiefer's request for attorneys' fees is not a distinct and separate claim against the Debtors, but is incidental to and a necessary part of his equitable claim that he is clearly permitted pursue under the Supplement Servicing Order. As such, in the event that Balensiefer prevails on his equitable claim seeking an order compelling the Debtors to honor the Settlement Agreement and, among other things, cancel the private trustees' sale, Balensiefer should be permitted to liquidate, but not collect outside of this proceeding, his request for attorneys' fees as mandated in the Settlement Agreement.

DATED this 18th day of December, 2012.
Phoenix, Arizona

By: /s/ Douglas C. Wigley
Douglas C. Wigley (*pro hac vice*)
DESSAULES LAW GROUP
2700 North Central Avenue, Suite 1250
Phoenix, Arizona 85004
Tel. 602.274.5400
dwigley@dessauleslaw.com

---

[9] *See Ogle v. Fidelity & Deposit Co. of Maryland*, 586 F.3d 143, 147-48 (2nd Cir. 2009) (holding that an unsecured creditor is entitled to recover post-petition attorneys' fees that were authorized by a pre-petition contract but the award of such were contingent on post-petition events.