# EXHIBIT A

**RYLEY CARLOCK & APPLEWHITE**
One North Central Avenue, Suite 1200
Phoenix, Arizona 85004-4417
Telephone: 602/258-7701
Telecopier: 602/257-9582

John C. Lemaster – 011588
jlemaster@rcalaw.com
Kara A. Ricupero – 020647
kricupero@rcalaw.com
Kevin R. Heaphy – 026266
kheaphy@rcalaw.com

Attorneys for Defendants

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| GREGORY BALENSIEFER,<br><br>Plaintiff,<br><br>v.<br><br>HOMECOMINGS FINANCIAL, LLC, an Iowa corporation; GMAC MORTGAGE, L.L.C., f/k/a GMAC MORTGAGE CORPORATION, a foreign corporation; EXECUTIVE TRUSTEE SERVICES, L.L.C., a California corporation; JOHN and JANE DOES I-X; ABC CORPORATIONS I-X; and BLACK and WHITE COMPANIES I-X,<br><br>Defendants. | Case No. CV2011-003908<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S VERIFIED FIRST AMENDED COMPLAINT** |

In response to Plaintiff Gregory Balensiefer's ("Balensiefer") Verified First Amended Complaint filed February 29, 2012 ("FAC"), Defendants Homecomings Financial, LLC

2234374.1
3/6/121

("Homecomings"), GMAC Mortgage, LLC f/k/a GMAC Mortgage Corporation ("GMAC") and Executive Trustee Services, LLC ("Executive") (herein, Homecomings, GMAC and Executive are collectively referred to as "Defendants") hereby admit, deny, and allege as follows:

## PARTIES AND JURISDICTION

1. Defendants are without knowledge or information sufficient to form a belief as to the truth or the falsity of allegations contained in paragraph 1 at this time and therefore deny the same.

2. In responding to the allegations contained in paragraph 2, Defendants affirmatively allege that Homecomings, GMAC and Executive are each indirectly wholly owned subsidiaries of Ally Financial, Inc. ("Ally") authorized to conduct, and conducting, business in Maricopa County, Arizona. Defendants deny the remaining allegations contained in paragraph 2.

3. In responding to the allegations contained in paragraph 3, Defendants affirmatively allege that the events that give rise to the FAC took place in Maricopa County, Arizona and that the property that is the subject of the FAC is situated in Maricopa County, Arizona. Defendants deny the remaining allegations contained in paragraph 3.

4. Defendants are without knowledge or information sufficient to form a belief as to the truth or the falsity of allegations contained in paragraph 4 at this time and therefore deny the same.

## GENERAL ALLEGATIONS

5. In answering paragraph 5, Defendants admit the allegation that Balensiefer is the owner of real property with the address 2808 W Rosewood Drive, Chandler, Arizona; however Defendants are without sufficient information and belief to form a belief as to the truth and accuracy of the legal description set forth therein and therefore deny the same.

6. In responding to the allegations contained in paragraph 6, Defendants affirmatively allege that a certain deed of trust recorded at Recorder's no. 2005-1856133, official records of the Maricopa County Recorder (the "Deed of Trust"), encumbers the Property (as defined in the FAC). In responding to the allegations contained in paragraph 6, Defendants further affirmatively allege that Mortgage Electronic Registration Systems, Inc. ("MERS") is the

present beneficiary, as nominee for Defendants, under the Deed of Trust by Assignment recorded at Recorder's no. 2006- 0978406, official records of the Maricopa County Recorder (the "Assignment"). In responding to the allegations contained in paragraph 6, Defendants further affirmatively allege that the Deed of Trust and the Assignment speak for themselves. Defendants deny the remaining allegations contained in paragraph 6. Defendants are without sufficient information to form a belief as to the accuracy or authenticity of the document attached as Exhibit 1 and therefore deny the same.

7.    In response to the allegations contain in paragraph 7 of the FAC, Defendants assert the statements contained therein constitute legal conclusion to which no response is required. To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 7. In responding to the allegations contained in paragraph 7, Defendants further affirmatively allege that MERS is the present beneficiary, as nominee for Defendants, under the Deed of Trust and Assignment. In responding to the allegations contained in paragraph 7, Defendants further affirmatively allege that the Deed of Trust and the Assignment speak for themselves.

8.    In responding to the allegations contained in paragraph 8, Defendants affirmatively allege that they offered the Loan Modification Agreement to Balensiefer sought a modification of his loan sometime in 2008, and that in response to the same, Defendants offered the Loan Modification Agreement in or around September 2008. In responding to the allegations contained in paragraph 8, Defendants further affirmatively allege that the Loan Modification Agreement speaks for itself and affirmatively allege that the alleged principal balance was not "provided" pursuant to the Loan Modification Agreement, as it was the principal balance due at that time on Plaintiff's loan. Defendants are without sufficient information to form a belief as to the accuracy or authenticity of the document attached as Exhibit 2 and therefore deny the same. Defendants deny the remaining allegations contained in paragraph 8.

9.    Defendants deny the allegations contained in paragraph 9. In responding to the allegations contained in paragraph 9, Defendants affirmatively allege that Balensiefer failed to

- 3 -

return the signed Loan Modification Agreement to Defendants on or before the deadline for acceptance thereof.

10. Defendants deny the allegations contained in paragraph 10.

11. In responding to the allegations in paragraph 11, Defendants admit that Balensiefer made partial monthly payments of $738.47 to Defendants from November 2008 through March 2009 which were not sufficient to cover the monthly amount of Plaintiff's loan obligations. Defendants deny the remaining allegations contained in paragraph 11.

12. In responding to the allegations in paragraph 12, Defendants affirmatively allege that Balensiefer called Defendants several times after November 2008 but deny Balensiefer entered into a loan modification with Defendants. Further, to the extent certain allegations of paragraph 12 constituted legal conclusions rather than factual assertions, no response is required. Defendants deny the remaining allegations contained in paragraph 12.

13. Defendants deny the allegations contained in paragraph 13. In responding to the allegations in paragraph 13, Defendants affirmatively allege that Balensiefer made partial monthly payments of $738.47 to Defendants from November 2008 through March 2009. Defendants deny the remaining allegations contained in paragraph 13 which were not sufficient to cover the monthly amount due and owing on the loan.

14. Defendants deny the allegations contained in paragraph 14 and affirmatively allege any claim based such allegations are precluded by the applicable statute of limitations.

15. Defendants admit the allegations contained in paragraph 15.

16. Defendants admit the allegations contained in the first sentence of paragraph 16. Defendants are without sufficient information to form a belief as to the accuracy or authenticity of the document attached to the FAC as Exhibit 3 and therefore deny the same.

17. Defendants admit the allegations contained in paragraph 17.

18. Defendants admit the allegations contained in paragraph 18.

19. In responding to the allegations contained in paragraph 19, Defendants affirmatively allege that on January 22, 2010, Balensiefer and Defendants, through counsel, telephonically appeared before the Honorable Judge Ditsworth in the 2009 Lawsuit (the

"January Hearing") and stated on the record the terms which the Balensiefer and Defendants agreed to settle the 2009 Lawsuit. Defendants further affirmatively state that the January Hearing was the time set by the Court for a full evidentiary hearing of Balensiefer's requested injunction and that, as such, the parties were acting in a last minute capacity to enter into a preliminary agreement that Defendants intended to fully document later. In responding to the allegations contained in paragraph 19, Defendants further affirmatively allege that on January 22, 2010, Balensiefer and Defendants, through counsel, signed a written preliminary settlement (the "Settlement Agreement"). In responding to the allegations contained in paragraph 19, Defendants further affirmatively allege that the Settlement Agreement speaks for itself. Defendants deny the remaining allegations contained in paragraph 19.

20. In responding to the allegations contained in paragraph 20, Defendants affirmatively allege that the Settlement Agreement speaks for itself. Defendants deny the remaining allegations contained in paragraph 20.

21. In responding to the allegations contained in paragraph 21, Defendants affirmatively allege that the Settlement Agreement speaks for itself. Defendants deny the remaining allegations contained in paragraph 21.

22. In responding to the allegations contained in paragraph 22, Defendants affirmatively allege that the Settlement Agreement speaks for itself. Defendants deny the remaining allegations contained in paragraph 22.

23. In responding to the allegations contained in paragraph 23, Defendants affirmatively allege that the Settlement Agreement speaks for itself. Defendants deny the remaining allegations contained in paragraph 23.

24. Defendants deny the allegations contained in paragraph 24. In responding to the allegations contained in paragraph 24, Defendants affirmatively allege that the Settlement Agreement was a preliminary agreement that required further contingencies take place, including but not limited to a contingency in favor of Balensiefer for potential inclusion of an accidental insurance policy that GMAC could not confirm it would be able to provide on that date. Defendants further affirmatively allege that there was no meeting of the minds as GMAC

1  only intended to waive interest fees and penalties accruing for a certain period of time and/or as
2  to various other provisions. Defendants further respond to paragraph 24 by affirmatively
3  alleging that there were additional items left to be completed, other than updating and finalizing
4  the modification, after its execution and that all parties to the agreement understood the same.
5  In responding to the allegations contained in paragraph 24, Defendants further affirmatively
6  allege that the Settlement Agreement speaks for itself. To the extent the allegations contained in
7  paragraph 24 constitute legal conclusions as opposed to factual assertions, no response is
8  required. Defendants deny all remaining allegations of paragraph 24.

9  25.   To the extent the allegations of Paragraph 25 speak to what Balensiefer's own
10 understanding and beliefs were, Defendants are without sufficient information or knowledge to
11 respond to such allegations, and therefore deny the same. Defendant's specifically deny the
12 allegation that Balensiefer was and remains willing to perform to the extent that Balensiefer did
13 expressly made clear that he was unwilling to make his escrow payments due and owing
14 thereunder, and further refused to comply with other such terms of the "original modification
15 agreement".

16 26.   Defendants deny the allegations contained in paragraph 26. In responding to the
17 allegations contained in paragraph 26, Defendants further affirmatively allege that after entering
18 into the Settlement Agreement, Defendants and Balensiefer spent several months attempting to
19 resolve the outstanding issue of whether an accidental death insurance policy could be provided
20 as part of the Settlement Agreement. In responding to the allegations contained in paragraph 26,
21 Defendants further affirmatively allege that upon learning that an accidental death insurance
22 policy could not be provided as part of the Settlement Agreement, Balensiefer refused to
23 perform under the Settlement Agreement until Defendants paid all escrow shortages, consisting
24 of unpaid real estate taxes and homeowners' insurance premiums accruing over the period of
25 time Balensiefer refused to make payments to Defendants under the Deed of Trust and
26 associated promissory note, which were indisputably not part of the original Settlement
27 Agreement. In responding to the allegations contained in paragraph 26, Defendants further
28 affirmatively allege that in the January Hearing and in the Settlement Agreement, counsel for

Defendants made clear that GMAC intended only to waive penalties, fees and interest accruing by reason of default and only for a specific period of time. Defendants further affirmatively allege Balensiefer sought to add to and modify various terms of the "original modification agreement" throughout the relevant time period. Defendants further allege the delays encountered were the fault of both parties, not the result of GMAC's acts alone. In responding to the allegations contained in paragraph 26, Defendants further affirmatively allege that Defendants provided Balensiefer with a copy of the updated and finalized Modification Agreement on November 3, 2010.

27.  In responding to the allegations contained in paragraph 27, Defendants affirmatively allege that the principal balance of the Modification Agreement increased from $113,184.92 in the original Modification Agreement to $130,854.21 by reason of Balensiefer's own actions and that such increases were warranted. Defendants deny the remaining allegations contained in paragraph 27.

28.  In responding to the allegations contained in paragraph 28, Defendants affirmatively allege that the increase in the principal balance of the note was the natural result of Balensiefer's nonpayment on the Loan since 2008 and that such increase was warranted and legally permissible. Defendants deny any and all remaining allegations of paragraph 28.

29.  Defendants deny the allegations contained in paragraph 29. In responding to the allegations contained in paragraph 29, Defendants further affirmatively allege that Balensiefer himself failed and refused to perform under the terms of the Settlement Agreement and continually requested changes to the material terms thereof. Defendants further affirmatively allege that all parties understood that certain contingencies must be addressed before the parties would be required to perform under the Settlement Agreement; including a determination as to the insurance product demanded by Balensiefer himself.

30.  In responding to the allegations contained in paragraph 30, Defendants affirmatively allege that as a result of Balensiefer's continuing failure to make payments under the Deed of Trust and the applicable promissory note from October 2008 until present and refusal to enter into a final modification agreement even after GMAC made additional

concessions, Defendants elected to exercise the power of sale expressly provided for in the Deed of Trust to non-judicially foreclose on the Property. Defendants deny the remaining allegations contained in paragraph 30.

31. Defendants deny the allegations contained in paragraph 31. In responding to the allegations contained in paragraph 31, Defendants affirmatively allege that Balensiefer and Defendants never agreed upon a single set of terms to resolve the claims and controversies between the same, further Balensiefer materially breached the terms of the Settlement himself, and therefore Defendants were and are not obligated to unilaterally perform under the terms of the Settlement Agreement. To the extent the allegations contained in paragraph 31 constitute legal conclusions as opposed to factual assertions, no response is required.

32. Defendants deny the allegations contained in paragraph 32. In responding to the allegations contained in paragraph 32, Defendants affirmatively allege that the trustee's sale of the Property was properly noticed and postponed in accordance with the Deed of Trust and Arizona law. To the extent the allegations contained in paragraph 32 constitute legal conclusions as opposed to factual assertions, no response is required.

**33.** Defendants deny the allegations contained in paragraph 33.

## COUNT ONE
### (Breach of Contract)

34. Defendants incorporate by reference their responses to all the allegations incorporated by reference in paragraph 34.

35. Defendants deny the allegations contained in paragraph 35.

36. Defendants deny the allegations contained in paragraph 36.

37. Defendants deny the allegations contained in paragraph 37.

38. Defendants deny the allegations contained in paragraph 38, and further affirmatively allege that Balensiefer himself has caused any injury alleged herein by this ongoing refusal to make his payments to GMAC on the valid and binding obligations under the Deed of Trust and resulting note.

39. Defendants deny the allegations contained in paragraph 39.

## COUNT TWO
### (Breach of Covenant of Good Faith and Fair Dealing)

40. Defendants incorporate by reference their responses to all allegations incorporated by reference in paragraph 40.

41. Defendants deny the allegations contained in paragraph 41.

42. Defendants deny the allegations contained in paragraph 42.

43. Defendants deny the allegations contained in paragraph 43.

## COUNT THREE
### (Declaratory Judgment)

44. Defendants incorporate by reference their responses to all allegations incorporated by reference in paragraph 44.

45. The allegations contained in paragraph 45 appear to be conclusory allegations as to how Balensiefer pleads his claim for relief, to which no response is required.

46. Defendants deny the allegations contained in paragraph 46.

47. Defendants deny the allegations contained in paragraph 47.

48. Defendants deny the allegations contained in paragraph 48.

49. Defendants deny the allegations contained in paragraph 49 and all its subparts.

50. Defendants deny the allegations contained in paragraph 50.

## COUNT FOUR
### (Preliminary and Permanent Injunctive Relief)

51. Defendants incorporate by reference their responses to all allegations incorporated by reference in paragraph 41.

52. Defendants deny the allegations contained in paragraph 42.

53. Defendants deny the allegations contained in paragraph 43.

54. Defendants deny the allegations contained in paragraph 44.

55. Defendants deny the allegations contained in paragraph 45.

## AFFIRMATIVE DEFENSES

1. Defendants allege, as an affirmative defense, that there was no meeting of minds, and, thus, no enforceable contract exists related to the Settlement Agreement.

2. Defendants allege, as an affirmative defense, that there was no binding contractual relationship formed by the Loan Modification Agreement.

3. Upon information and belief, Defendants allege, as an affirmative defense, that it caused no damage to the Balensiefer in any manner – either directly or proximately.

4. Upon information and belief, Defendants allege, as an affirmative defense, that in the event that Balensiefer can prove that they have been damaged at all, Balensiefer unreasonably exposed himself to the alleged damages incurred and increased his own injuries as a result of his own conduct.

5. Defendants allege offset as an affirmative defense, as a result of Balensiefer's continued failure and refusal to make any payments on the valid and legal indebtedness incurred by him to Defendants since 2008.

6. Upon information and belief, claims contained in the FAC are barred, in whole or in part, by: laches, applicable statutes of limitations, failure to state a claim, lack of jurisdiction, prior material breach, anticipatory repudiation, assumption of risk, contributory negligence, duress, estoppel, failure of consideration, failure of purpose, impossibility, impracticability, fraud, illegality, statute of frauds, and waiver.

7. Defendants affirmatively that, in the event that Balensiefer can prove that he has been damaged at all, that he is precluded from recovering damages that could have been avoided by reasonable conduct.

8. Defendants allege, as an affirmative defense, that the economic loss doctrine precludes Plaintiff's recovery of any damages inconsistent with those held in privity of contract, by the economic loss doctrine.

9. Defendants reserve the right to raise any affirmative defenses that are applicable and may become apparent during the discovery phase of this matter

WHEREFORE, having fully answered Plaintiff's FAC, Defendants respectfully request that each claim brought therein be dismissed with prejudice, that Balensiefer take nothing by his FAC that judgment be entered in favor of Defendants and that Defendants be awarded their attorneys' fees and costs pursuant to A.R.S. §§ 12-341 and 12-341.01 pursuant to the terms of the original loan agreement and such other relief as the Court deems just and proper.

DATED this 14th day of March, 2012.

RYLEY CARLOCK & APPLEWHITE

By /s/ Kara A. Ricupero
John C. Lemaster
Kara A. Ricupero
Kevin R. Heaphy
One North Central Avenue, Suite 1200
Phoenix, Arizona 85004-4417
Attorneys for Defendants

ORIGINAL of the foregoing e-filed this 14th day of March, 2012, with Clerk of the Court.

COPY of the foregoing mailed this 14th day of March, 2012, to:

Johnathon A. Dessaules
Dessaules Law Group
2700 N. Central Ave. Suite 1250
Phoenix, Arizona 85004

By /s/ Kim Kotzbach

- 11 -