MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:     (212) 468-8000
Facsimile:     (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Jordan A. Wishnew

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------
|                                          )
In re:                                     )     Case No. 12-12020 (MG)
                                           )
RESIDENTIAL CAPITAL, LLC, et al.,          )     Chapter 11
                                           )
                              Debtors.     )     Jointly Administered
                                           )
-------------------------------------------------------------------

**DEBTORS' REPLY TO LIMITED OBJECTION AND STATEMENTS RELATED
TO DEBTORS' MOTION FOR A SUPPLEMENTAL ORDER UNDER
BANKRUPTCY CODE SECTIONS 105(a), 363, 503(b)(1), 507(a)(2), 1107(a) AND
1108 AND BANKRUPTCY RULE 9019 TO THE FINAL WAGES ORDER (I)
AUTHORIZING AND DIRECTING THE DEBTORS TO REIMBURSE ALLY
FINANCIAL INC. FOR PAYMENTS MADE TO THE DEBTORS' EMPLOYEES
ON ACCOUNT OF COMPENSATION ISSUED ON OR AFTER THE PETITION
DATE; (II) GRANTING ALLY FINANCIAL INC. AN ADMINISTRATIVE
EXPENSE CLAIM ON ACCOUNT OF SUCH PAYMENTS; (III) GRANTING
ALLY FINANCIAL INC. A LIMITED RELEASE; AND (IV) AUTHORIZING
THE DEBTORS TO ESTABLISH AND FUND AN ESCROW ACCOUNT FOR
THE BENEFIT OF ALLY FINANCIAL INC. ON ACCOUNT OF SUCH
ADMINISTRATIVE EXPENSE CLAIMS, INCLUDING ADDITIONAL
<u>AMOUNTS TO THE ESCROW ACCOUNT AS NECESSARY</u>**

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

       The above-captioned debtors and debtors in possession (collectively, the "**Debtors**"),[1]

by and through their undersigned counsel, Morrison & Foerster LLP, hereby submit their Reply (the

"**Reply**") to the Limited Objection [Docket No.2226] and Statements [Docket Nos.2265 & 2390] to

the Debtors' *Motion for a Supplemental Order Under Bankruptcy Code Sections 105(a), 363,*

*503(b)(1), 507(a)(2), 1107(a) and 1108 and Bankruptcy Rule 9019 to the Final Wages Order (I)*

*Authorizing and Directing the Debtors to Reimburse Ally Financial Inc. for Payments Made to the*

*Debtors' Employees on Account of Compensation Issued on or After the Petition Date; (II) Granting*

*Ally Financial Inc. an Administrative Expense Claim on Account of Such Payments; (III) Granting*

*Ally Financial Inc. a Limited Release; and (IV) Authorizing the Debtors to Establish and Fund an*

*Escrow Account for the Benefit of Ally Financial Inc. on Account of Such Administrative Expense*

*Claims, including Additional Amounts to the Escrow Account as Necessary* (the "**Motion**").  In

support thereof, the Debtors rely, in part, on the Supplemental Declaration of Anne Janiczek, dated

December 11, 2012 (the "**Janiczek Supp. Decl.**"), filed contemporaneously herewith.[2]  In further

support thereof, the Debtors respectfully allege as follows:

## INTRODUCTION

       1.     By virtue of the federal government's issuance of regulations, which govern and cap

the compensation of the most highly paid individuals at companies that received exceptional finance

assistance under the Troubled Asset Relief Program ("**TARP**"), the Debtors' compensation practices

include deferring significant portions of an employee's compensation.  As a result, in the years

leading up to the Petition Date, certain of the Debtors' employees received only a portion of their

---

[1]    The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to
the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC in Support of the Chapter 11
Petitions and First Day Pleadings, filed with the Court on May 14, 2012 (the "Petition Date") [Docket No. 6].

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

total annual compensation during a single calendar year (i.e., typically less than 53%) and had the balance of such compensation deferred into future years.  Similarly, postpetition compensation for certain of the Debtors' executives is subject to the same structural guidelines imposed by TARP, which requires that a substantial majority of their annual compensation be deferred into future years.

2.      Before the Petition Date, the Debtors and AFI disagreed as to which party was responsible for satisfying the postpetition payment of prepetition compensation obligations. Ultimately, after extensive discussions that concluded after the Petition Date, the parties memorialized their understanding in the Term Sheet, which provides that AFI shall be solely responsible for remitting the outstanding prepetition obligations to the Debtors' employees, and the Debtors shall be responsible for the postpetition obligations.

3.      Accordingly, this Motion ensures that (i) the Debtors' senior-most executives will get paid their postpetition compensation in the manner required by the TARP compensation guidelines, and (ii) those of the Debtors' employees with outstanding prepetition vested and unvested deferred compensation will be paid by AFI as such amounts become due.

4.      Creditors and parties-in-interest have not objected to the underlying relief sought in the Motion.  Rather, the filed objection and statements either seek clarifications to the proposed form of order or seek to reserve a party's right to address certain issues in the future that are not presently before the Court for consideration.  As discussed herein, the Debtors are prepared to address the creditors' concerns by making certain modifications to the form of order.

5.      Finally, certain parties voiced a concern that the compensation structure potentially created an appearance of conflict on the part of the Debtors' officers in dealing with issues between the Debtors and AFI.  Dating back to the inception of these cases, the Debtors have taken extraordinary steps to address this concern.  Specifically, as it relates to this Motion, the Debtors reached out to the Office of the Special Master within the U.S. Department of Treasury (the "**OSM**")

ny-1069692

to request the OSM's approval that the Debtors be permitted to modify the present compensation structure and replace equity units of AFI issued postpetition with deferred cash. The OSM took the matter under advisement, and ultimately, the Debtors' efforts proved to be successful as the OSM approved the Debtors' request to de-link its' compensation from the value of AFI equity units.

## THE OBJECTIONS & STATEMENTS

6.    On November 2, 2012, the Debtors filed the Motion [Docket No. 2049].

**A.    *NJ CARPENTERS' LIMITED OBJECTION***

7.    On November 19, 2012, New Jersey Carpenters Health Fund filed a Limited Objection [Docket No. 2226] to the Motion (the "**NJ Carpenters' Objection**"). The NJ Carpenters' Objection did not object to the primary relief being requested in the Motion; rather, the NJ Carpenters requested that the Debtors add certain language to the proposed form of order in order to clarify that the Limited Release does not affect "direct claims that have been or could be asserted against Ally and other Proposed Released Parties." *See* Docket No. 2226 at ¶ 4.

8.    By the Limited Release, the Debtors are not seeking to release third party claims and causes of action. Therefore, the Debtors have adopted the proposed language set forth in the NJ Carpenters' Objection into the revised form of order, a clean copy of which is attached hereto as **Exhibit 1**, together with a blacklined copy at **Exhibit 2**.

3

B.      *STATEMENTS & RESERVATION OF RIGHTS*

-    *Wilmington Trust's Statement* [Docket No. 2265];

-    *Creditors' Committee's Statement & Reservation of Rights* [Docket No. 2390]
     (the "**UCC Statement**")

i.    Proposed Modifications to The Form of Order

9.    Before and after the Motion was filed, the Debtors and AFI conferred with the

Creditors' Committee in an effort to address their concerns with the relief being sought in the

Motion.  As noted in the UCC Statement, the Debtors, together with AFI, worked diligently with the

Creditors' Committee to modify the form of Limited Release in order to ensure that AFI was

provided with a release in exchange for the significant consideration being provided to the Debtors'

employees while at the same time preserving claims to be identified from the investigations of the

Creditors' Committee and the Examiner.

10.    Before the Committee filed the UCC Statement, it provided the Debtors with the list

of items outlined in paragraph 13 of the UCC Statement (each as described below).  At this time, the

Debtors have revised the modified form of order in order to address substantially all of these points.

More specifically,

- *Affirming AFI's Payment Obligation*: The Debtors added a provision to the Order (*see*
  ¶ 4 at Exh. 2) that tracks the language in the Term Sheet and provides that, "AFI shall
  remit the payments to the Debtors' employees set forth on Schedule 1 to the Term
  Sheet as and when such payments become due."

- *AFI's waiver of a right to assert a claim for payments made by AFI to Qualified
  Debtor Employees for prepetition compensation*: The Debtors added a provision to
  the Order (*see* ¶ 10 at Exh. 2) that clarifies this point,

    *AFI and its successors and assigns shall not have a
    reimbursement, contribution or similar type of claim against any of*

> *the Debtors arising from payments made to the Qualifying Debtor*
> *Employees on account of Salary Stock (short-term or long-term*
> *DSUs), RSUs, IRSUs, AIP cash, AIP outstanding cash, BCP*
> *outstanding cash and BCIP long-term DSUs, or other*
> *compensation for the Qualified Debtor Employees that was both*
> *issued and granted before the Petition Date.*

- *Remove references to AFI linked equity in light of the Nov. 30 OSM Ruling:*
  Throughout the form of order, the Debtors struck reference to AFI equity units or
  stock and introduced the "deferred cash" term in its place in order to reflect the
  modified compensation arrangement (as described in greater detail herein) consented
  to by the OSM on November 30, 2012. *See* Janiczek Supp. Decl.

- *Incorporate the NJ Carpenters' Clarification*: The Debtors incorporated the language
  suggested by the NJ Carpenters in paragraph seven of the NJ Carpenters' Objection.
  See Section "A" of this Reply as well as ¶ 6 at Exh. 2.

- *Delivery of Escrow Payments At The Effective Date*: Paragraph 5 of the Order
  provides that "AFI is granted administrative expense claims pursuant to section
  503(b) of the Bankruptcy Code for the Reimbursement Claims."  The Reimbursement
  Claims pertain to the Debtors' reimbursement to AFI for AFI's funding of the wages
  earned solely on a postpetition basis by the ResCap T25, and therefore, the
  Reimbursement Claims constitute administrative expense claims. Motion at ¶32.
  Accordingly, AFI should be entitled to an administrative expense claim when it
  provides an actual and necessary benefit to the estate by funding the deferred cash, *Id.*
  at ¶37, and the estimated allowed administrative expense claim is $8.9 million.
  Therefore, it is the Debtors' position that the funds will remain in the Escrow

Account[3] after the effective date of a Chapter 11 plan and will be immediately paid to AFI upon its delivery of the deferred cash to the ResCap T25.

ii.          Officers' Alleged Conflict of Interest

11.     On November 26, 2012, Wilmington Trust, N.A. ("**WT**"), solely in its capacity as indenture trustee for various series of senior unsecured notes in the outstanding aggregate principal amount of approximately $1 billion filed a statement with the Court that did not object to the underlying relief in the Motion, but only highlighted WT's belief that the Debtors' compensation system creates a conflict of interest for the Debtors' key officers.  *See* Docket No. 2265 at p.2.  The UCC Statement also did not object to the relief sought in the Motion, but did reserve the Committee's rights as to the issue of whether the Debtors' management is conflicted. *See* Docket No. 2390 at ¶ 4.

12.     The Debtors have been mindful of the creditors'[4] view, explored (dating back to the inception of these cases) several options for changing compensation structures (and concluded TARP restricted any such changes), and submitted a formal request to the OSM to consider modifying the way in which TARP impacted the existing compensation structure for the Debtors' employees.  Specifically, the Debtors asked the OSM for permission to compensate its members of the Top 25 and Next 75 in the form of deferred cash in lieu of equity units issued by AFI. *See* Janiczek Supp. Decl. at ¶ 12-13 for a more complete discussion of the details related to the OSM November Letter (defined below).

---

[3] The Debtors intend to use U.S. Bank, N.A. as the Escrow Agent managing the Escrow Account.

[4] Notwithstanding the creditors' allegations, the Debtors have not acted in any manner that would suggest that the officers' allegiances run to anyone other than the creditors.

13.     On November 30, 2012, the OSM issued a letter ruling (the "**OSM November Letter**")[5] in which she granted the Debtors' de-linking request and allowed postpetition compensation in the form of specified dollar amounts of AFI stock or stock units[6] to be replaced with identical amounts of deferred cash awards, with all other aspects of timing of the awards and deferral of vesting and transferability and/or ultimate payment to remain the same.  Accordingly, in 2013, when the AFI equity units should have monetized, the individual will instead receive, on a bi-weekly basis, a fixed amount of cash consistent with the 2012 compensation amounts previously approved by the OSM.  Therefore, increases or decreases in the value of AFI equity units will not impact compensation.

14.     The impact of the OSM November Letter on the Debtors' executives is that:

- Members of the Top 25 will no longer receive DSUs on a bi-weekly basis on account of their 2012 compensation, but will only receive deferred cash payments on the deferred schedule previously determined by the OSM (i.e., one-third on 12/31/12, one-third pro rata during 2013 and the remaining one-third pro rata during 2014);

- 2013 compensation for members of the Top 25 will only be in the form of base salary (payable in cash) and deferred cash; and

- Members of the Next 75 will no longer receive (i) DSUs as part of their vested KEIP awards or (ii) RSUs as part of their deferred AIP awards, and any future compensation will only be in the form of cash or deferred cash, with the deferred cash paid out 1-2 years after an award is issued.[7]

---

[5] *See* Exhibit 1 to the Janiczek Supp. Decl.
[6] Ordinarily, awards or compensation are quantified in dollars, and the individual is then given a corresponding number of AFI equity units based on the value of AFI at the time of the award.
[7] *See* Janiczek Supp. Decl. at ¶13.

7

## <u>CONCLUSION</u>

Accordingly, for the reasons set forth herein, the Debtors respectfully request (a) that the

Court enter the Order (attached hereto as Exhibit 1) approving the Motion and (b) such other and

further relief as this Court deems just and proper.


Dated:  December 18, 2012
         New York, New York

/s/ Gary S. Lee
Gary S. Lee
Lorenzo Marinuzzi
Jordan A. Wishnew
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*

8

# **Exhibit 1**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ )
                                                             )
In re:                                                       )    Case No. 12-12020 (MG)
                                                             )
RESIDENTIAL CAPITAL, LLC, et al.,                            )    Chapter 11
                                                             )
                                          Debtors.           )    Jointly Administered
                                                             )
------------------------------------------------------------ )

**ORDER UNDER BANKRUPTCY CODE SECTIONS 105(a), 363, 503(b)(1), 507(a)(2),
1107(a) AND 1108 AND BANKRUPTCY RULE 9019 TO THE FINAL WAGES ORDER
(I) AUTHORIZING AND DIRECTING THE DEBTORS TO REIMBURSE ALLY
FINANCIAL INC. FOR PAYMENTS MADE TO THE DEBTORS' EMPLOYEES ON
ACCOUNT OF DEFERRED CASH ISSUED ON OR AFTER THE PETITION DATE; (II)
GRANTING ALLY FINANCIAL INC. AN ADMINISTRATIVE EXPENSE CLAIM ON
ACCOUNT OF SUCH PAYMENTS; (III) GRANTING ALLY FINANCIAL INC. A
LIMITED RELEASE; AND (IV) AUTHORIZING THE DEBTORS TO ESTABLISH
AND FUND AN ESCROW ACCOUNT FOR THE BENEFIT OF ALLY FINANCIAL INC.
ON ACCOUNT OF SUCH ADMINISTRATIVE EXPENSE CLAIMS, INCLUDING
<u>ADDITIONAL AMOUNTS TO THE ESCROW ACCOUNT AS NECESSARY</u>**

Upon the motion (the "**Motion**")[1] of  Residential Capital, LLC, and certain of its

affiliates, as debtors and debtors in possession (collectively, the "**Debtors**") for entry of interim

and final orders under Bankruptcy Code sections 105(a), 363(b), 503(b)(1), 507(a)(2), 1107 and

1108 and Bankruptcy Rule 9019 (i) authorizing and directing the Debtors to reimburse Ally

Financial Inc. ("**AFI**") for payments made to the Debtors' employees on account of deferred

cash issued as part of such employees' compensation on or after the Petition Date; (ii) granting

AFI an administrative expense claim related to such Reimbursement Claims; (iii) granting AFI

and its subsidiaries and affiliates a limited release from any and all claims (as defined by section

101(5) of title 11 of the United States Code) related to (a) the employment by AFI of the

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.
Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases or the
relief granted herein may refer to http://www.kccllc.net/rescap for additional information.

Qualifying Debtor Employees or (b) payments owed on account of such employment by AFI or

the Debtors; and (iv) approving the establishment and funding of an escrow account to pay such

Reimbursement Claims, including the funding of additional amounts to the escrow account as

necessary [Docket No. __]; and upon the Janiczek Declarations [Docket Nos. 2049 &  ]; and it

appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157

and 1334; and it appearing that venue of these Chapter 11 cases and the Motion in this district is

proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this proceeding on the

Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and sufficient notice of the Motion

having been given; and it appearing that no other or further notice need be provided; and upon

the record of the Hearing; and it appearing that the relief requested by the Motion is in the best

interests of the Debtors' estates, their creditors, and other parties in interest; and after due

deliberation thereon; and sufficient cause appearing therefore, it is hereby

### ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      Nothing herein shall be deemed to authorize the payment of any amounts

or the incurrence of any obligation that would violate section 503(c) of the Bankruptcy Code.

3.      Except as otherwise provided herein, the Debtors are authorized and

directed to reimburse AFI for payments made to the Debtors' employees on account of deferred

cash issued as part of such employees' compensation on or after the Petition Date without further

order of this Court.

4.      AFI shall remit the payments to the Debtors' employees set forth on

Schedule 1 to the Term Sheet as and when such payments become due.

2

5.        AFI is granted administrative expense claims pursuant to section 503(b) of

the Bankruptcy Code for the Reimbursement Claims.

6.        On and as of the entry of this Order (the "**Effective Date**"), for the good

and valuable consideration provided by AFI, and each of its shareholders, subsidiaries (exclusive

of the Debtors), affiliates, business units, predecessors and successors, joint ventures, employee

benefit plans, members, officers, directors, agents, financial advisors, attorneys, employees,

partners, affiliates, representatives, and assigns of each of the foregoing (collectively, the

"**Released Parties**") (provided that under no circumstances shall any of the Debtors constitute

Released Parties), including the payment of all prepetition issued compensation to the

Employees and remitting initial payments to Employees on account of postpetition issued Salary

Stock, each of the Debtors shall provide a full discharge and release to the Released Parties and

their respective properties from any and all Claims (as defined in section 101(5) of the

Bankruptcy Code), causes of action, demands, suits, liabilities, damages, controversies,

judgments, remedies, rights of set-off, indemnity claims, counterclaims, and cross-claims

(including those of the Debtors, and/or the bankruptcy estate of any Debtor created pursuant to

sections 301 and 541 of the Bankruptcy Code in these chapter 11 cases), whether known or

unknown, liquidated or unliquidated, fixed or contingent, whether for tort or fraud, whether held

in a personal or representative capacity, that are or may be pending on the Effective Date or

instituted after the Effective Date against any entity, based in law or equity, including under the

Bankruptcy Code, whether direct, indirect, derivative, or otherwise and whether asserted or

unasserted as of the date of entry of this Order, arising from the employment by AFI of any of

the Qualifying Debtor Employees, past or present, or arising from payments owed to Qualifying

Debtor Employees on account of employment by AFI, ResCap and any of its subsidiaries and

affiliates, or the Debtors, including those that any of the Debtors would have been legally

entitled to assert against a Released Party in their own right (whether individually or collectively)

or that any holder of a Claim or Equity Security (as defined in section 101(16) of the Bankruptcy

Code)) of a Debtor, or other entity would have been legally entitled to assert on behalf of any of

the Debtors or any of their estates, to the fullest extent of the law; provided, however, for the

purposes of clarity and for the avoidance of any doubt, this Debtor Release shall not release,

waive or provide a defense against (i) any rights that a Qualifying Debtor Employee may have

under Article VIII of the Ally Financial Inc. Articles of Incorporation, dated as of March 25,

2011; (ii) any claims or causes of action that are within the scope of the investigation of the

Examiner appointed by the Bankruptcy Court pursuant to the *Order Approving the Appointment*

*of Arthur J. Gonzalez, Esq. as Examiner* (ECF No. 674), the scope of which investigation is set

forth in the *Order Approving Scope of Investigation of Arthur J. Gonzalez, Examiner* (ECF No.

925); and/or (iii) any other claims or causes of action that have been asserted, or could be

asserted, directly by any person or entity other than the Debtors against any of the Released

Parties and which claims or causes of action are not property of the Debtors' estates, except for

such claims or causes of action that have otherwise separately been released by express

agreement of such person or entity other than the Debtors.

       7.     Within three days of the entry of this Order, the Debtors are directed to

establish and fund an escrow account for the benefit of AFI to pay the Reimbursement Claims

without further order of this Court, and payments to AFI from the escrow account shall be made

upon the earlier (a) the effective date of the Debtors' chapter 11 plan, or (b) the remittance of the

deferred cash to the employee.

8.      The Debtors are authorized to fund additional amounts to the escrow account as necessary to pay Reimbursement Claims incurred on or after January 1, 2013 without further order of this Court; provided, however, that, the Debtors shall provide the Committee and the Office of the United States Trustee with notice prior to funding any additional amounts pursuant to this Order.

9.      In the event that the Debtors' employees are required to receive deferred cash going forward, then the Debtors are authorized to further supplement the Escrow Account with the amounts necessary to reimburse AFI for such additional amounts.

10.     AFI and its successors and assigns shall not have a reimbursement, contribution or similar type of claim against any of the Debtors arising from payments made to the Qualifying Debtor Employees on account of Salary Stock (short-term or long-term DSUs), RSUs, IRSUs, AIP cash, AIP outstanding cash, BCP outstanding cash and BCIP long-term DSUs, or other compensation for the Qualified Debtor Employees that was both issued and granted before the Petition Date.

11.     Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012, by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

5

12.     The requirements set forth in Bankruptcy Rule 6004(a) are satisfied.

13.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this

Order shall be effective and enforceable immediately upon entry hereof.

14.     The Debtors are authorized and empowered to take all actions necessary to

implement the relief granted in this Order in accordance with the Motion.

15.     This Court shall retain jurisdiction with respect to all matters relating to

the interpretation or implementation of this Order.

Dated:          New York, New York
                December __, 2012

                                              _____
                                              THE HONORABLE MARTIN GLENN
                                              UNITED STATES BANKRUPTCY JUDGE

ny-1059182

# **Exhibit 2**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------
                                                    )
In re:                                              )        Case No. 12-12020 (MG)
                                                    )
RESIDENTIAL CAPITAL, LLC, et al.,                   )        Chapter 11
                                                    )
                              Debtors.              )        Jointly Administered
                                                    )
---------------------------------------------------------------

**ORDER UNDER BANKRUPTCY CODE SECTIONS 105(a), 363, 503(b)(1), 507(a)(2), 1107(a) AND 1108 AND BANKRUPTCY RULE 9019 TO THE FINAL WAGES ORDER (I) AUTHORIZING AND DIRECTING THE DEBTORS TO REIMBURSE ALLY FINANCIAL INC. FOR PAYMENTS MADE TO THE DEBTORS' EMPLOYEES ON ACCOUNT OF ~~AFI STOCK~~DEFERRED CASH ISSUED ON OR AFTER THE PETITION DATE; (II) GRANTING ALLY FINANCIAL INC. AN ADMINISTRATIVE EXPENSE CLAIM ON ACCOUNT OF SUCH PAYMENTS; (III) GRANTING ALLY FINANCIAL INC. A LIMITED RELEASE; AND (IV) AUTHORIZING THE DEBTORS TO ESTABLISH AND FUND AN ESCROW ACCOUNT FOR THE BENEFIT OF ALLY FINANCIAL INC. ON ACCOUNT OF SUCH ADMINISTRATIVE EXPENSE CLAIMS, INCLUDING ADDITIONAL AMOUNTS TO THE ESCROW ACCOUNT AS NECESSARY**

Upon the motion (the "**Motion**")[1] of Residential Capital, LLC, and certain of its affiliates, as debtors and debtors in possession (collectively, the "**Debtors**") for entry of interim and final orders under Bankruptcy Code sections 105(a), 363(b), 503(b)(1), 507(a)(2), 1107 and 1108 and Bankruptcy Rule 9019 (i) authorizing and directing the Debtors to reimburse Ally Financial Inc. ("**AFI**") for payments made to the Debtors' employees on account of ~~AFI equity units~~deferred cash issued as part of such employees' compensation on or after the Petition Date; (ii) granting AFI an administrative expense claim related to such Reimbursement Claims; (iii) granting AFI and its subsidiaries and affiliates a limited release from any and all claims (as defined by section 101(5) of title 11 of the United States Code) related to (a) the employment by AFI of the

Qualifying Debtor Employees or (b) payments owed on account of such employment by AFI or the Debtors; and (iv) approving the establishment and funding of an escrow account to pay such Reimbursement Claims, including the funding of additional amounts to the escrow account as necessary [Docket No. ___]; and upon the Janiczek ~~Declaration~~Declarations [Docket Nos. 2049 & ]; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these Chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this proceeding on the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and sufficient notice of the Motion having been given; and it appearing that no other or further notice need be provided; and upon the record of the Hearing; and it appearing that the relief requested by the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation thereon; and sufficient cause appearing therefore, it is hereby

### ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      Nothing herein shall be deemed to authorize the payment of any amounts or the incurrence of any obligation that would violate section 503(c) of the Bankruptcy Code.

3.      Except as otherwise provided herein, the Debtors are authorized and directed to reimburse AFI for payments made to the Debtors' employees on account of ~~AFI equity units~~deferred cash issued as part of such employees' compensation on or after the Petition Date without further order of this Court.

---

*(cont'd from previous page)*

[1]   Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion. Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases or the relief granted herein may refer to http://www.kccllc.net/rescap for additional information.

2

4.      AFI shall remit the payments to the Debtors' employees set forth on Schedule 1 to the Term Sheet as and when such payments become due.

5.      4. AFI is granted administrative expense claims pursuant to section 503(b) of the Bankruptcy Code for the Reimbursement Claims.

6.      5. On and as of the entry of this Order (the "**Effective Date**"), for the good and valuable consideration provided by AFI, and each of its shareholders, subsidiaries (exclusive of the Debtors), affiliates, business units, predecessors and successors, joint ventures, employee benefit plans, members, officers, directors, agents, financial advisors, attorneys, employees, partners, affiliates, representatives, and assigns of each of the foregoing (collectively, the "**Released Parties**") (provided that under no circumstances shall any of the Debtors constitute Released Parties), including the payment of all prepetition issued compensation to the Employees and remitting initial payments to Employees on account of postpetition issued Salary Stock, each of the Debtors shall provide a full discharge and release to the Released Parties and their respective properties from any and all Claims (as defined in section 101(5) of the Bankruptcy Code), causes of action, demands, suits, liabilities, damages, controversies, judgments, remedies, rights of set-off, indemnity claims, counterclaims, and cross-claims (including those of the Debtors, and/or the bankruptcy estate of any Debtor created pursuant to sections 301 and 541 of the Bankruptcy Code in these chapter 11 cases), whether known or unknown, liquidated or unliquidated, fixed or contingent, whether for tort or fraud, whether held in a personal or representative capacity, that are or may be pending on the Effective Date or instituted after the Effective Date against any entity, based in law or equity, including under the Bankruptcy Code, whether direct, indirect, derivative, or otherwise and whether asserted or unasserted as of the date of entry of this Order, arising from the employment by AFI of any of the Qualifying Debtor Employees, past or present, or arising

3

from payments owed to Qualifying Debtor Employees on account of employment by AFI, ResCap

and any of its subsidiaries and affiliates, or the Debtors, including those that any of the Debtors

would have been legally entitled to assert against a Released Party in their own right (whether

individually or collectively) or that any holder of a Claim or Equity Security (as defined in section

101(16) of the Bankruptcy Code)) of a Debtor, or other entity would have been legally entitled to

assert on behalf of any of the Debtors or any of their estates, to the fullest extent of the law;

provided, however, for the purposes of clarity and for the avoidance of any doubt, this Debtor

Release shall not release, waive or provide a defense against (i) any rights that a Qualifying Debtor

Employee may have under Article VIII of the Ally Financial Inc. Articles of Incorporation, dated

as of March 25, 2011; and/or (ii) any claims or causes of action that are within the scope of the

investigation of the Examiner appointed by the Bankruptcy Court pursuant to the *Order Approving*

*the Appointment of Arthur J. Gonzalez, Esq. as Examiner* (ECF No. 674), the scope of which

investigation is set forth in the *Order Approving Scope of Investigation of Arthur J. Gonzalez,*

*Examiner* (ECF No. 925); and/or (iii) any other claims or causes of action that have been asserted,

or could be asserted, directly by any person or entity other than the Debtors against any of the

Released Parties and which claims or causes of action are not property of the Debtors' estates,

except for such claims or causes of action that have otherwise separately been released by express

agreement of such person or entity other than the Debtors.

       7.     6. Within three days of the entry of this Order, the Debtors are directed to

establish and fund an escrow account for the benefit of AFI to pay the Reimbursement Claims

without further order of this Court, and payments to AFI from the escrow account shall be made

upon the earlier (a) the effective date of the Debtors' chapter 11 plan, or (b) the monetization of

postpetition issued AFI equity units remittance of the deferred cash to the employee.

8.    7. The Debtors are authorized to fund additional amounts to the escrow account as necessary to pay Reimbursement Claims incurred on or after January 1, 2013 without further order of this Court; provided, however, that, the Debtors shall provide the Committee and the Office of the United States Trustee with notice prior to funding any additional amounts pursuant to this Order.

9.    8. In the event that the Debtors' employees are required to receive AFI equity units deferred cash going forward, then the Debtors are authorized to further supplement the Escrow Account with the amounts necessary to reimburse AFI for the estimated monetized amounts of such additional equity units amounts.

10.    AFI and its successors and assigns shall not have a reimbursement, contribution or similar type of claim against any of the Debtors arising from payments made to the Qualifying Debtor Employees on account of Salary Stock (short-term or long-term DSUs), RSUs, IRSUs, AIP cash, AIP outstanding cash, BCP outstanding cash and BCIP long-term DSUs, or other compensation for the Qualified Debtor Employees that was both issued and granted before the Petition Date.

11.    9. Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012, by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit

5

Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and

Ally Bank and their respective subsidiaries and affiliates.

12.     ~~10.~~ The requirements set forth in Bankruptcy Rule 6004(a) are satisfied.

13.     ~~11.~~ Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this

Order shall be effective and enforceable immediately upon entry hereof.

14.     ~~12.~~ The Debtors are authorized and empowered to take all actions necessary

to implement the relief granted in this Order in accordance with the Motion.

15.     ~~13.~~ This Court shall retain jurisdiction with respect to all matters relating to

the interpretation or implementation of this Order.

Dated:      New York, New York
            December __, 2012

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

ny-1059182

Document comparison by Workshare Professional on Tuesday, December 18, 2012 11:35:34 AM

| Input: | |
|---|---|
| Document 1 ID | PowerDocs://NEW YORK/1059182/6 |
| Description | NEW YORK-#1059182-v6-ResCap_-_Exec_Comp_Reimb_Order |
| Document 2 ID | PowerDocs://NEW YORK/1059182/8 |
| Description | NEW YORK-#1059182-v8-ResCap_-_Exec_Comp_Reimb_Order |
| Rendering set | standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 14 |
| Deletions | 19 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 33 |