Reed Smith, LLP
John L. Scott, Esquire
Leonard A. Bernstein, Esquire
599 Lexington Avenue
22nd Floor
New York, NY 10022

*Ordinary Course Professional for the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**DECLARATION OF MARIA T. GUERIN IN SUPPORT OF REED SMITH LLP'S REPLY TO OMNIBUS OBJECTION OF UNITED STATES TRUSTEE REGARDING FEE APPLICATIONS FOR FIRST INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES**

I, Maria T. Guerin, declare:

1. I am an associate attorney at Reed Smith LLP. I am licensed to practice in the State of New York, and the Commonwealths of Pennsylvania and Virginia. The facts set forth in this Declaration are true to the best of my knowledge and belief.

2. I have worked on the litigations of several matters for Debtor GMAC, including the matters described on the invoices attached to Exhibit E, each of which involves the same borrower and some of which contain certain overlapping issues.

3. Specifically, the Taggart Foreclosure matter involves thirty-two counterclaims, some allegations of which are raised in or related to the claims asserted in the Taggart 14th Amendment and Taggart Due Process litigations. Among other claims, the borrower claims that

GMAC erred in reporting of his mortgage loan as being in default, which resulted in the loss of this FHA appraisal license, thus depriving him of past and future income and profits. In the Taggart Due Process action, Mr. Taggart seeks relief based on numerous claims, including claims sounding in due process and unfair trade practices, seeking declaratory judgment and damages against GMAC and the governmental entities. In the Taggart 14th Amendment litigation, he seeks relief as against the state county and appellate courts, and GMAC and MERS as "third party defendants" alleging constitutional violations by refusing to grant certain relief as to the foreclosure action. In the Taggart RICO litigation, he sues, among others, GMAC, MERS, and numerous individuals, including employees of and counsel for GMAC, relating to some or all of the foregoing.

4. On August 2, 2012, I spent a total of 7.3 hours working on these several related cases. I spent time conferring both internally with colleagues and externally with the client and bankruptcy counsel regarding case issues and strategy in each of these four matters. Due to the overlapping issues, and the necessity of addressing the numerous cases individually *and* as a whole with several individuals, the breakdown of the hours spent as to each case represents the best possible breakdown of the specific time spent on each matter. Accordingly, approximately 2 hours on August 2, 2012, are attributable to time spent reviewing filings and conferring internally and externally with colleagues, our client, and the Debtors' bankruptcy counsel regarding the RICO claims, the Debtors' and other Defendants' strategy and response, and the impact of the bankruptcy proceedings on that action, as well as the interplay of claims asserted in the bankruptcy proceeding. Approximately one hour of the work that day is attributable to each of the federal actions pending in the Eastern District of Pennsylvania, the issues of which Mr. Taggart had requested the bankruptcy court to hear and address in an August 14 hearing, and for

which relief from the automatic stay was being requested. Finally, I spent approximately 3.3 working on matters primarily relevant to the Foreclosure action, including reviewing documents and internally working with colleagues on fact investigations relevant to the 32 counterclaims. I conferred also internally and with Debtors' bankruptcy counsel regarding the Foreclosure case and in preparation for the August 14 hearing in the bankruptcy court.

5.    All services for which compensation is requested were performed for or on behalf of the Debtor and not on behalf of any other party in interest.

Executed this 18th day of December, 2012.

Philadelphia, Pennsylvania

_____
Maria T. Guerin