**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**RESPONSE OF PRINCE LOBEL TYE LLP TO OMNIBUS OBJECTION
OF THE UNITED STATES TRUSTEE REGARDING FEE APPLICATIONS FOR
FIRST INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Prince Lobel Tye LLP ("Prince Lobel"), counsel in the ordinary course to the above-captioned debtors (the "Debtors"), hereby responds to the United States Trustee's (the "U.S. Trustee") objections (the "Objections") [Docket No. 2361, pp. 39-42] to Prince Lobel's application for allowance of compensation for legal services rendered and for reimbursement of expenses incurred ("Prince Lobel's Application") for the period May 14, 2012 through August 31, 2012 (the "Fee Period"), and respectfully states as follows:

**I.    BACKGROUND**

Prince Lobel relies on the background as stated in Prince Lobel's Application.

**II.    THE U.S TRUSTEE'S OBJECTIONS**

The U.S. Trustee objects to the allowance of $8,362 in compensation for reasonable and necessary legal services that Prince Lobel rendered to Debtors during the Fee Period. It references certain time entries in Prince Lobel's Application and argues that Prince Lobel should not be compensated for (i) $545 in fees for services rendered by two so-called "transitory timekeepers"; (ii) $2,198 in fees for services rendered by two law clerks; and (iii) $5,619 in fees on the basis that certain time entries are vague or contain block-billing. The U.S. Trustee also

1

argues that Prince Lobel should not be reimbursed for $2,990.65 for expenses incurred during the Fee Period.

## III.    ARGUMENT

For the following reasons, Prince Lobel satisfies its burden to provide sufficiently detailed information showing its services were "necessary." Accordingly, the Court should reject the U.S. Trustee's Objections to Prince Lobel's Application and compensate it fully.

### A.    Legal Standard

Section 330(a)(1)(A) of the Bankruptcy Code allows the Court to award "reasonable compensation for actual, necessary services rendered by … [an] attorney and by any paraprofessional person employed by [an attorney]" who has represents a debtor in chapter 11. 11 U.S.C. § 330(a)(1)(A). "Whether services are necessary is determined from the perspective of the time at which the services were rendered…In the Second Circuit, the 'necessary' standard in section 330 is given a broad interpretation. Services are 'necessary' if they benefit the estate." In re Mesa Air Group, Inc., 449 B.R. 441, 444 (Bankr. S.D.N.Y. 2011)(citations omitted).

"In determining the amount of reasonable compensation to be awarded to an ... [attorney], the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—(A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the

compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under [the Bankruptcy Code]." § 330(a)(3).

### B. Legal Services Fees

#### i. Transitory Timekeepers

The U.S. Trustee objects to all entries by timekeepers that it deems transitory, i.e., individuals who billed less than five hours for the Fee Period, for a total of $545. Prince Lobel concedes that two attorneys, Joseph Steinfield and William Worth, billed less than five hours to the Debtors throughout the Fee Period, but the Court should overrule this Objection because their services were necessary.

Mr. Steinfield's and Mr. Worth's involvement arose when Prince Lobel attorneys consulted or worked with them as senior counsel. Collectively, Mr. Steinfield and Mr. Worth have practiced as trial lawyer for more than 75 years. Relying on the transitory timekeepers' knowledge and experience was reasonable. In addition, involving these attorneys was to the benefit of the estate. See U.S. ex rel. ATC Distribution Group, Inc. v. Ready-Built Transmissions, Inc., No. 03 Civ. 2150 (GWG), 2007 WL 2522638, at *5 (S.D.N.Y. Sept. 7, 2007) ("Indeed, the use of two attorneys may actually have increased the efficiency of the litigation.")(citation omitted). Without consulting the senior counsel, the Debtors would have incurred greater fees and expenses from the legal research. Prince Lobel should not be punished for maximizing it resources by judiciously conferring with highly-skilled counsel regarding discrete and complex issues, especially where such consultation benefited the estate. Accordingly, the Court should overrule the transitory timekeeper Objection.

      **ii.  Law Clerks**

The United States Trustee cites <u>In re New Boston Coke Corp.</u>, 299 B.R. 432, 442 (Bankr. E.D. Mich. 2003), for the contention that "[a]n applicant may not seek compensation under Section 330 for services performed by the work of a firm's 'summer associates and law clerks…'" This contention is misguided.  In fact, this Court has compensated an applicant for fees incurred by summer associates.  <u>See</u> <u>In re Child World, Inc.</u>, 185 B.R. 14, 19 (Bankr. S.D.N.Y. 1995) (overruling the trustee's objection to summer associates' fees, and holding that "the total fees sought are reasonable within the meaning of 11 U.S.C. § 330"); <u>see also</u> <u>In re Yale Express System, Inc.</u>, 366 F. Supp. 1376, 1385-86, 1388-89 (S.D.N.Y. 1973) (permitting law clerk fees for trustee's counsel and creditor's counsel)

Moreover, Prince Lobel's $140 billable rate for law clerks is reasonable.  <u>See</u> <u>Rozell v. Ross-Holst</u>, 576 F. Supp. 2d 527, 546 (S.D.N.Y. 2008) (reasonable hourly rate for law clerks is $175); <u>Wise v. Kelly</u>, 620 F. Supp. 2d 435, 449 (S.D.N.Y. 2008) (recognizing that recent cases indicate that $150 per hour for summer associates is reasonable, but then reducing the rate to $125 per hour); <u>ATC Distribution Group, Inc.</u>, 2007 WL 2522638, at *8 (permitting hourly rate of $185 for summer associates).  Without the use of law clerks for less-complex assignments, the Debtors would have been billed at a higher rate for an associate or partner to complete the task.  Furthermore, supervising attorneys frequently only bill a portion of law clerks' hours, and sometimes write the time off completely.  Prince Lobel submits $2,198 for legal services that two law clerks rendered to the Debtor.  These fees are reasonable, necessary and were to the benefit of the estate.  Accordingly, the Court should overrule the U.S. Trustee's Objections and compensate Prince Lobel fully for the law clerks' services.

### iii. Vagueness and Blocked-Billing

The U.S. Trustee's objects to several time entries in Prince Lobel's Application, with an aggregate value of $18,731.50, and argues that they are vague or contain blocked-billing. It proposes that the Court deduct approximately $5,619 from these entries, representing a 30% across-the-board deduction. However, the majority, if not all, of the Objections are unfounded. For the following reasons, Prince Lobel satisfies its burden to provide time entries with sufficient detail sufficient for the Court to determine whether the legal service was necessary and reasonable.

The U.S. Trustee's vagueness Objections are unfounded. In discussing whether time entries were vague in In re Baker, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007), the court stated:

> "In order to enable the Court to determine whether the time expended is reasonable, time entries such as meetings, conferences, correspondence and telephone calls must identify the participants, describe the substance of the communications, explain its outcome and justify its necessity. Likewise, with respect to research or reviewing materials, the time entries must at a minimum provide a description of the issue that is being researched or reviewed. Entries that contain such vague characterization of the services performed as "meeting with", "conversations with", "review materials or docket" and "draft correspondence to" fail to adequately describe the services provided and are routinely disallowed."

(citations omitted). The court then lists several examples of vague entries in the fee application it was reviewing. Id. at 496-97, n. 9. A comparison of the U.S. Trustee's vagueness Objections to the entries the Baker court found to be vague clearly shows that Prince Lobel's time entries are sufficiently detailed. Compare id., with Ex. D of U.S. Trustee's Objections.

Furthermore, under the Baker standard, none of Prince Lobel's time entries are vague. The majority of time entries the U.S. Trustee objects to as vague involve a service that does not fall within Baker's description of vague entries (e.g., drafting specific pleadings, preparing for

5

#1645958

specific arguments, or attending a status conference).  See Ex. D of U.S. Trustee's Objections. Because Prince Lobel's time entries reference specific services and the "vagueness" standard specifically only includes entries regarding "meetings, conferences, correspondence and telephone calls," the Court should overrule the U Objections.  Baker, 374 B.R. at 496.

The "blocked-billing" Objections likewise are unfounded.  The U.S. Trustee incorrectly characterizes entries evidencing a single type of legal service as blocked-billing.  For example, the U.S. Trustee objects to the following time entries, all of which an individual service: (a) reviewing specific pleadings in preparation for a hearing or an oral argument; (b) attending two related hearings before the same court and scheduled for the same time; (c) drafting and revising pleadings (the normal process of further tailoring and revising pleadings); (d) reading and analyzing pleadings; and (e) filing a motion and conferring with the court clerk.  The work performed for each of Prince Lobel's time entries involves a single legal process.

In Baker, the court found certain time entries contained block-billing.  Id. at 495, n. 8.  A comparison of Prince Lobel's entries with the block entries in Baker shows that Prince Lobel's times entries adequately detail the legal service being billed.  Compare id. (where the entries contain several different types of tasks and in one instance represented a 9.5 block of time), with Ex. D of U.S. Trustee's Objections.

Furthermore, even if the Court finds that any of Prince Lobel's time entries contain blocked-billing or are vague, a 30% reduction across-the-board is unwarranted.  In Baker, the court reduced fees by 30% upon finding that "the billing records … evidence a substantial amount of block billing" and "many of these time entries" also "contain services that are not adequately described." 374 B.R. at 495-97.  Here, very few, if any, of Prince Lobel's entries are inadequate.  In addition, Prince Lobel's standard fees are below the current market rate, and the

6

#1645958

rates billed during the Fee Period were lowered beyond its standard rate. Accordingly, the Court should overrule the U.S. Trustee's Objections for vagueness and block-billing and compensate Prince Lobel fully.

### C. Expenses

Prince Lobel's Application accurately lists the expenses it incurred representing the Debtors during the Fee Period. All of these expenses were reasonable and necessary expenses incurred in the ordinary course of representing the Debtors, and they were incurred to the benefit of the estate. Accordingly, Prince Lobel should be able to recover these expenses. 11 U.S.C. § 330(a)(1)(B)

### CONCLUSION

For the foregoing reasons, Prince Lobel respectfully requests the entry of an order allowing compensation and reimbursement for its fees and expenses incurred during the Fee Period.

               Respectfully Submitted,

               PRINCE LOBEL TYE LLP

               By:/s/ Richard E. Briansky
                  Richard E. Briansky

                  100 Cambridge Street, Boston, MA 02114
                  Telephone:    (617) 456-8000
                  Facsimile:    (617) 456-8100
                  Email: rbriansky@princelobel.com

               **Ordinary Course Professional For The Debtors**

Dated:  Boston, MA
       December 18, 2012

#1645958