**Hearing Date: December 20, 2012 at 10:00 a.m. (ET)**
**Objection Deadline: November 30, 2012 at 4:00 p.m. (ET)**

SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439
Duane M. Geck (Admitted *Pro Hac Vice*)
dmg@severson.com
Donald H. Cram (Admitted *Pro Hac Vice*)
dhc@severson.com

*Special California Litigation Counsel to the
Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al.,, | Chapter 11 |
| Debtors. | Jointly Administered |

**REPLY OF SEVERSON & WERSON, P.C. AS SPECIAL CALIFORNIA LITIGATION
COUNSEL FOR DEBTORS TO THE OMNIBUS OBJECTION OF THE UNITED
STATES TRUSTEE REGARDING FIRST APPLICATION FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES INCURRED FOR THE TIME PERIOD
<u>MAY 15, 2012 THROUGH AUGUST 31, 2012</u>**

Severson & Werson, P.C. ("**Applicant**"), Special California Litigation Counsel to

Residential Capital, LLC., *et al.*, as debtors and debtors in possession (collectively, the

"**Debtors**"), submits this reply to the omnibus objection of the United States Trustee ("**UST**")

regarding the fee applications for first interim compensation and reimbursement of expenses,

including the application submitted by Applicant, respectfully showing as follows:

19000.9997/2501171.1

## RELEVANT BACKGROUND

1.     On July 25, 2012, the Court entered the *Order Under Section 327(c) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1 Authorizing the Employment and Retention of Severson & Werson PC as Special California Litigation Counsel to the Debtors, Nunc Pro Tunc to May 14, 2012* [Docket No. 905], approving Applicant's retention.

2.     In general, Applicant has represented the Debtors in connection with litigation in California where Applicant:

- (a)    defended claims brought in California by individual borrowers pertaining to consumer lending issues, including, but not limited to, allegations of wrongful foreclosure, irregularities in the foreclosure process, violation of applicable statutes related to pre-foreclosure requirements, breach of alleged oral modification, breach of promises to forebear from foreclosing, quiet title and partition actions, unfair business practices act claims and other mortgage lending issues;

- (b)    defended class action claims regarding alleging improprieties with loan origination and/or servicing;

- (c)    defended mass tort actions and qui tam actions raising document recording issues and relating to the utilization of Mortgage Electronic Registration Systems services; and

- (d)    defended claims objections, contested relief from stay motions and adversary proceedings related to consumer lending issues brought by individual borrowers in their respective bankruptcy cases pending in California;

On average, Applicant performed services on behalf of one or more of the Debtor entities with respect to 240 different litigation matters in California for each month of the Application period.

3.     Pursuant to the terms of the Court's *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* entered July 17, 2012 (the "**Interim Compensation Order**") [Docket No. 797], Applicant, among others, filed its first application for compensation and reimbursement of expenses incurred for the time period

between May 15, 2012 and August 31, 2012 (the "**Application**") [Docket No. 1850] on October 17, 2012.  By way of its Application, Applicant seeks compensation of $1,242,804.45 and reimbursement of expenses in the amount of $124,486.44.

4.      On October 31, 2012, the Debtors filed a *Notice of Hearing on Interim Applications for Allowance of Compensation and Reimbursement of Expenses for the Period between May 14, 2012 and August 31, 2012* (the "**Notice of Hearing**") [Docket No. 2024].  The Notice of Hearing provided interested parties notice of the hearing date on the Application of December 20, 2012 and also provided interested parties with notice of the deadline within which to object to the Application of November 30, 2012.

5.      On December 7, 2012, the UST filed its Omnibus Objection of the United States Trustee Regarding Fee Applications for First Interim Compensation and Reimbursement of Expenses ("**Objection**") [Docket No. 2361].  In its Objection, the UST objects to the allowance of $4,290.75 in fees Applicant requests in its Application.

## THE OBJECTION IS UNTIMELY

The UST's Objection is procedurally defective.  The deadline within which parties had to object to the Application was November 30, 2012.  The UST's Objection was filed on December 7, 2012.  The UST's Objection should be overruled as untimely.

## THE OBJECTION SHOULD BE SUBSTANTIVELY OVERRULED

The grounds for the UST's objection to fees of $4,290.75 is that fourteen of Applicant's timekeepers billed less than 5 hours during the relevant time period (May 15, 2012 through August 31, 2012).  UST's Objection at p. 46.  On that basis, and without further explanation or detail, the UST concludes that the services provided by these timekeepers is "transitory" and therefore had questionable value to the estate.  In support of this argument, the UST relies on *In re Jefsaba*, 172 B.R. 786, 806 (Bankr. E.D. Pa. 1994) as supporting the proposition that "a[n]

estate bears the cost of a professional's learning curve, unless the applicant explains the value conferred by transitory timekeepers, their fees should be disallowed." UST Objection, p. 17. *In re Jefsaba* does not support the contention that the limited number of hours spent on a matter by a timekeeper is per se correlated to the benefit conferred (or lack thereof) on the bankruptcy estate by that timekeeper. Rather, the decision explains that the bankruptcy estate should not bear the "learning curve" costs associated with repeatedly changing the staffing of a matter. *Id.*, at 801.

In fact, the principles set forth in *In re Jefsaba* provide support for Applicants recovery of the fees billed by these timekeepers. The *In re Jefsaba* opinion explains that timekeepers must be prudent in the number of hours spent on a matter because "excessive or unnecessary time is not compensable." *In re Jefsaba*, 172 B.R. at 798 (citing 11 U.S.C. § 330(a)). In addition, the court explained that it had "no particular objection to one professional performing the work and a second professional reviewing the work product and offering comments and suggestions, especially where that second person brings a different expertise to the matter. Such an exchange of experience and knowledge between professionals within the same firm or company makes best use of each professional's abilities and is one of the benefits of multi-person firms." *Id*. at 800. As set forth above and evidenced in the invoices attached to the Application, Applicant defends various Debtor entities in multiple litigation matters in California on a monthly basis.[1] There is no indication in the UST's opposition that services provided by the fourteen timekeepers was for reviewing a file or for any other work that would be considered

---

[1] On average, Applicant performed services on behalf of one or more of the Debtor entities with respect to 240 different litigation matters in California for each Monthly Fee Application period. Thus, approximately 240 invoices were attached to each Monthly Fee Application (total 720 invoices for the three and a half month period).

"learning curve" costs. There is no indication that the services provided by the fourteen timekeepers was duplicative of other efforts or otherwise excessive or unnecessary. Applicant believes that the services provided by the fourteen timekeepers was reasonable[2], necessary and therefore valuable to the estate. Accordingly, Applicant requests that the fees associated with the services performed by these timekeepers be approved.

## CONCLUSION

For the reasons stated above, Applicant respectfully requests that the UST's Objection to the Application be overruled.

DATED: December 18, 2012              SEVERSON & WERSON
                                      A Professional Corporation


                              By:    /s/ Donald H. Cram
                                     Donald H. Cram
                                     *Special California Litigation Counsel for*
                                     *Residential Capital, LLC, et al.*

---

[2] Applicant would point out that the hourly rates charged for the service performed by its various timekeepers is significantly lower than the timekeepers of many of the Debtors' other retained professionals.