MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
Gary S. Lee
Anthony Princi
Darryl Rains
Jamie Levitt

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

-------------------------------------------------------

**NOTICE OF PROPOSED FOURTH REVISED JOINT OMNIBUS SCHEDULING
ORDER AND PROVISIONS FOR OTHER RELIEF REGARDING DEBTORS'
MOTION PURSUANT TO FED. R. BANKR. P. 9019
<u>FOR APPROVAL OF RMBS TRUST SETTLEMENT AGREEMENTS</u>**

      **PLEASE TAKE NOTICE** that the above-captioned debtors and debtors in possession

("the "Debtors") hereby file the attached proposed *Fourth Revised Joint Omnibus Scheduling*

*Order and Provisions for Other Relief Regarding Debtors' Motion Pursuant to Fed. R. Bankr. P.*

*9019 for Approval of RMBS Trust Settlement Agreements* (the "<u>Proposed Order</u>"), attached

hereto as <u>Exhibit 1</u>.

      **PLEASE TAKE FURTHER NOTICE** that the letter from Debtors to the Court that

accompanied the submission of the Proposed Order to the Court is attached hereto as <u>Exhibit 2</u>.

**PLEASE TAKE FURTHER NOTICE** that on October 23, 2012, the Debtors filed the *Third Revised Joint Omnibus Scheduling Order and Provisions for Other Relief Regarding Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of RMBS Trust Settlement Agreements* (the "October 23, 2012 Order") [Docket No. 1926]. Attached hereto as Exhibit 3 is an electronic comparison of the Proposed Order to the October 23, 2012 Order.

**PLEASE TAKE FURTHER NOTICE THAT** a copy of the 9019 Motion[1] and Proposed Order may be obtained via PACER at http://www.nysb.uscourts.gov or from the Debtors' restructuring website at www.kccllc.net/rescap.

Dated:  December 18, 2012
         New York, New York

> */s/ Gary S. Lee*
> Gary S. Lee
> Anthony Princi
> Darryl Rains
> Jamie Levitt
> MORRISON & FOERSTER LLP
> 1290 Avenue of the Americas
> New York, New York 10104
> Telephone: (212) 468-8000
> Facsimile: (212) 468-7900
>
> *Counsel for the Debtors and Debtors in Possession*

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Proposed Order.

2

**EXHIBIT 1**

ny-1070739

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------
|   |   |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |
---------------------------------------------------------------

### FOURTH REVISED JOINT OMNIBUS SCHEDULING ORDER AND PROVISIONS FOR OTHER RELIEF REGARDING DEBTORS' MOTION PURSUANT TO FED. R. BANKR. P. 9019 FOR APPROVAL OF RMBS TRUST SETTLEMENT AGREEMENTS

Whereas, the Debtors have filed the following motions with this Court that are the subject of this revised proposed omnibus scheduling order: the *Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of RMBS Trust Settlement Agreements* (the "RMBS Trust Settlement Agreements") [ECF Doc. # 320] and the *Debtors' Supplemental Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of RMBS Trust Settlement Agreements* [ECF Doc. # 1176] (together, the "9019 Motion");

Whereas, the Court entered the *Revised Joint Omnibus Scheduling Order and Provisions for Other Relief Regarding (I) Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of RMBS Trust Settlement Agreements, and (II) the RMBS Trustees' Limited Objection to the Sale Motion* [ECF Doc. # 945] on July 31, 2012 (the "July 31, 2012 Scheduling Order");

Whereas, the Court entered the *Second Revised Joint Omnibus Scheduling Order Regarding Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of RMBS Trust Settlement Agreements* [ECF Doc. # 1551] on September 25, 2012 (the "September 25, 2012 Scheduling Order");

Whereas, the Court entered the *Third Revised Joint Omnibus Scheduling Order Regarding Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of RMBS Trust Settlement Agreements* [ECF Doc. # 1926] on October 23, 2012 (the "October 23, 2012 Scheduling Order");

Whereas, the Debtors have requested certain changes to the schedule set out in the October 23, 2012, Scheduling Order in order, among other things, to facilitate mediation efforts;

Whereas, except for the changes set forth in this Order, all of the provisions of the July 31, 2012 Scheduling Order, September 25, 2012 Scheduling Order, and October 23, 2012 Scheduling Order remain in effect; and

Whereas, the Court has considered the proposed changes to the schedule, and good cause appearing therefor;

**IT IS HEREBY ORDERED** that:

1)      No further requests for documents, or other form of written discovery from any party, relating to the 9019 Motion will be permitted except for good cause shown or by agreement of the party to which the request is made.

2)      Any objection to the 9019 Motion by the Official Committee of Unsecured Creditors, MBIA Insurance Corporation, Financial Guaranty Insurance Company, or Wilmington Trust, N.A., shall be served upon counsel for the Debtors, the Official Committee of Unsecured Creditors, MBIA Insurance Corporation, Financial Guaranty Insurance Company, Wilmington Trust, N.A., the Steering Committee, the Talcott Franklin Group, the RMBS Trustees, and Ally Financial, Inc., but not filed with the Court, by December 3, 2012.  Any of these parties that intends to submit an expert report shall serve upon the same parties, but not file with the Court, such report by

December 3, 2012, and shall also make the disclosures required under Rule 26(a)(2) of

the Federal Rules of Civil Procedure by that date.

3)    The RMBS Trustees shall serve upon counsel for the Debtors, the

Official Committee of Unsecured Creditors, MBIA Insurance Corporation, Financial

Guaranty Insurance Company, Wilmington Trust, N.A., the Steering Committee, the

Talcott Franklin Group, and Ally Financial, Inc., but not file with the Court, any

statements in support of the 9019 Motion, any objections to the 9019 Motion, and/or any

responses to objections served by certificateholders of the RMBS Trusts, by December

14, 2012.  Any such statements, objections, or responses shall not exceed 25 pages.  If the

RMBS Trustees intend to submit any expert report, they shall serve such report upon the

same parties, but not file with the Court, by December 14, 2012, and shall also make the

disclosures required under Rule 26(a)(2) of the Federal Rules of Civil Procedure by that

date.

4)    The Ad Hoc Group of Junior Secured Noteholders may serve and

file any objection to the 9019 Motion on or before February 1, 2013.  The Ad Hoc Group

of Junior Secured Noteholders may not submit any expert report in connection with any

such objection.

5)    All objections, reports, responses, and/or other disclosures made

pursuant to paragraphs 2 or 3 above shall be kept confidential unless and until (i) filed

with the Court pursuant to paragraph 10 below, (ii) agreed to by the Debtors, Ally

Financial, Inc., and the party preparing or producing such objections, reports, responses,

and/or other disclosures, or (iii) otherwise ordered by the Court.

6)    Any objection to the 9019 Motion by any party not identified in

paragraphs 2, 3, or 4 above shall serve and file any such objection according to the

schedule set out in the October 23, 2012 Scheduling Order.

7)       Depositions of experts identified pursuant to paragraph 2 above

shall be completed by December 21, 2012.  Depositions of experts identified pursuant to

paragraph 3 above shall be completed by January 30, 2013.  The depositions shall not

exceed four hours per expert, except that (a) the Debtors, the Steering Committee, the

Talcott Franklin Group, and the RMBS Trustees may allocate the allowed time among

each objecting party's experts at their discretion, and (b) if the RMBS Trustees file

reports by more than one expert, the parties noticing the depositions of those experts may

allocate the allowed time among them at their discretion.  Each party allocating time

among experts shall select and disclose, in advance, the limit on the length of each

deposition.

8)       The Debtors' replies to any objections to the 9019 Motion made

pursuant to paragraphs 2, 3, or 6 above (and the RMBS Trustees' reply to the extent they

have elected to support the 9019 Motion), along with Debtors' reply expert reports made

pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure, shall be served upon

the Parties, but not filed with the Court, by January 15, 2013.  The Debtors' reply to any

objection to the 9019 Motion made by the Ad Hoc Group of Junior Secured Noteholders,

pursuant to paragraph 4 above (and the RMBS Trustees' reply to that objection to the

extent the RMBS Trustees have elected to support the 9019 Motion), shall be served and

filed on February 22, 2013.

9)       The Steering Committee's replies to any objections to the 9019

Motion made pursuant to paragraphs 2, 3, or 6 above, shall be served upon the Parties,

but not filed with the Court, by January 15, 2013.  The Steering Committee's reply to any objection to the 9019 Motion made by the Ad Hoc Group of Junior Secured Noteholders, pursuant to paragraph 4 above, shall be served and filed on February 22, 2013.  The limitations set forth in paragraph 10 of the October 23, 2012 Scheduling Order regarding the scope of any replies served by the Steering Committee or the RMBS Trustees shall not apply.  The Steering Committee and the RMBS Trustees may not submit any expert report nor any declarations or affidavits , other than declarations submitted solely for the purpose of authenticating exhibits, in connection with any such replies.

10)     Unless otherwise ordered by the Court, all objections, replies, and other documents served pursuant to paragraphs 2 or 3 above shall be filed with the Court on February 1, 2013, and shall be identical, in all material respects, to the documents served previously by the parties pursuant to those paragraphs.  Said filings shall comply with the terms of all applicable confidentiality agreements and orders.  The parties shall meet and confer to discuss appropriate redactions to the objections, replies, and other documents on or before January 21, 2013.

11)     All supplemental expert reports, to the extent permitted by Rule 26(e) of the Federal Rules of Civil Procedure, shall be filed and served by February 19, 2013.

12)     All adverse witness lists, exhibit lists, and direct testimony, along with any other disclosures required by Rule 26(a)(3) of the Federal Rules of Civil Procedure, shall be filed with the Court on March 4, 2013.

13)     The Court will hold a hearing on the 9019 Motion on March 18, 19, 20, and 21, 2013.  The hearing will be limited to 30 hours.  The Court has tentatively

allocated 12 hours to the parties supporting the 9019 Motion and 18 hours to the parties

opposing the motion.  The Court will make a final allocation of time at a status

conference to be held on February ___, 2012, at which it will enter an order imposing

time limits on all parties.  There will be no further adjournment of the hearing except for

good cause shown.

14)    The deadline for the RMBS Trustees to accept or reject the RMBS

Trust Settlement on behalf of any Settlement Trust will be 30 days after the entry of an

order approving the 9019 Motion.

15)    Any RMBS Trust (including RMBS Trusts that are not Settlement

Trusts) shall file a notice of any alleged cure claim no later than sixty (60) calendar days

after the closing of the sale of the servicing platform; provided, however, that in the event

an order has not been entered with respect to the 9019 Motion on or before the closing of

the sale of the servicing platform, Settlement Trusts shall have until sixty (60) days after

the entry of an order approving or disapproving the 9019 Motion to assert cure claims

solely related to any origination-related provision (the "RMBS Cure Claim Deadline").

The Debtors, the RMBS Trustees, and the Creditors Committee shall meet and confer

and, within seven (7) days after the RMBS Cure Claim Deadline, propose to the Court a

schedule for any remaining discovery concerning and adjudication of such cure claims.

16)    Except as provided in this order, and in the July 31, 2012

Scheduling Order, the September 25, 2012 Scheduling Order, and the October 23, 2012

Scheduling Order, all parties' rights with regard to the Sale Order are preserved.  All

deadlines that have already expired are not extended or altered by this Order.

Dated: _____, 2012
        New York, New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 2**

**MORRISON | FOERSTER**

755 PAGE MILL ROAD
PALO ALTO
CALIFORNIA 94304-1018

TELEPHONE: 650.813.5600
FACSIMILE: 650.494.0792

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

December 18, 2012

Writer's Direct Contact
650.813.5866
DRains@mofo.com

*By Hand Delivery*

The Honorable Martin Glenn
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004

Re:    In re Residential Capital, LLC (Case No. 12-12020 (MG))

Dear Judge Glenn:

The Debtors in the above-referenced action respectfully submit the enclosed proposed Fourth Revised Scheduling Order relating to the Debtors' motion, pursuant to Rule 9019, for approval of the RMBS trust settlement agreement.

This form of order has been revised in connection with a decision to move the hearing on the matter to commence on March 18. Additional revisions reflect comments received from a number of parties.

For the Court's convenience, a comparison of the enclosed order to the Third Revised Scheduling Order, entered on October 23, 2102, is enclosed.

All parties have consented to the form of order. Thank you for your consideration of this matter.

Respectfully submitted,

/s/ Darryl Rains
Darryl P. Rains

Encls.

**MORRISON** | **FOERSTER**

The Honorable Martin Glenn
December 18, 2012
Page Two


cc:      Philip Bentley, Esq.
         James L. Garrity, Jr., Esq.
         Arlene R. Alves, Esq.
         Mark D. Kotwick, Esq.
         Mauricio Espana, Esq.
         Hector Gonzalez, Esq.
         Kit Weitnauer, Esq.
         Bill Macurda, Esq.
         John C. Goodchild, III, Esq.
         John M. Rosenthal, Esq.
         Kathy D. Patrick, Esq.
         Keith H. Wofford, Esq.
         Talcott Franklin, Esq.
         Jonathan M. Hoff, Esq.
         Howard Sidman, Esq.
         Richard L. Wynne, Esq.
         Sean O'Neal, Esq.
         Kyle A. Lonergan, Esq.
         Christopher Shore, Esq.
         Gerry Uzzi, Esq.
         Ray C. Schrock, Esq.
         Harrison Denman, Esq.

**EXHIBIT 3**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------  )
In re:                                                            )     Case No. 12-12020 (MG)
                                                                  )
RESIDENTIAL CAPITAL, LLC, et al.,                                 )     Chapter 11
                                                                  )
                                        Debtors.                  )     Jointly Administered
-------------------------------------------------------------------  )

~~THIRD~~

**FOURTH REVISED JOINT OMNIBUS SCHEDULING ORDER AND PROVISIONS**
**FOR OTHER RELIEF REGARDING DEBTORS' MOTION PURSUANT TO FED. R.**
**BANKR. P. 9019 FOR APPROVAL OF RMBS TRUST SETTLEMENT AGREEMENTS**

Whereas, the Debtors have filed the following motions with this Court that are the subject

of this revised proposed omnibus scheduling order: the *Debtors' Motion Pursuant to Fed. R.*

*Bankr. P. 9019 for Approval of RMBS Trust Settlement Agreements* (the "RMBS Trust

Settlement Agreements") [ECF Doc. # 320] and the *Debtors' Supplemental Motion Pursuant to*

*Fed. R. Bankr. P. 9019 for Approval of RMBS Trust Settlement Agreements* [ECF Doc. # 1176]

(together, the "9019 Motion");

Whereas, the Court entered the *Revised Joint Omnibus Scheduling Order and Provisions*

*for Other Relief Regarding (I) Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval*

*of RMBS Trust Settlement Agreements, and (II) the RMBS Trustees' Limited Objection to the*

*Sale Motion* [ECF Doc. # 945] on July 31, 2012 (the "July 31, 2012 Scheduling Order");

Whereas, the Court entered the *Second Revised Joint Omnibus Scheduling Order*

*Regarding Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of RMBS Trust*

*Settlement Agreements* [ECF Doc. # 1551] on September 25, 2012 (the "September 25, 2012

Scheduling Order");

1

Whereas, the Court entered the *Third Revised Joint Omnibus Scheduling Order Regarding Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of RMBS Trust Settlement Agreements* [ECF Doc. # 1926] on October 23, 2012 (the "October 23, 2012 Scheduling Order");

Whereas, the Debtors have requested certain changes to the schedule set out in the ~~September 25,~~October 23, 2012, Scheduling Order in order, among other things, to facilitate mediation efforts;

Whereas, except for the changes set forth in this Order, all of the provisions of the July 31, 2012 Scheduling Order ~~and,~~ September 25, 2012 Scheduling Order, and October 23, 2012 Scheduling Order remain in effect; and

Whereas, the Court has considered the proposed changes to the schedule, and good cause appearing therefor;

**IT IS HEREBY ORDERED** that:

      1)     No further requests for documents, or other form of written discovery from any party, relating to the 9019 Motion will be permitted except for good cause shown or by agreement of the party to which the request is made.

      ~~2)     The Debtors~~ ~~and Ally Financial, Inc. ("AFI")~~ ~~shall complete on a rolling basis any remaining production of documents, and shall provide supplemental privilege logs, by October 26, 2012, at 5 p.m.  The Court will hear disputes regarding the withholding of documents on privilege grounds on October 31, 2012.~~

      ~~3)     Depositions of fact witnesses shall be completed by November 16, 2012.  The objecting parties are permitted to take the depositions of eleven fact witnesses.  Four of the depositions shall not exceed three hours in length.  Four of the depositions~~

2

shall not exceed four hours in length.  Three of the depositions shall not exceed seven

hours in length.  The parties noticing the depositions shall disclose, in advance, whether

the deposition will take no more than three, four, or seven hours.  No other depositions of

fact witnesses will be permitted except for good cause shown.

4)    Any party intending to object to the 9019 Motion on the ground

that the amount of the allowed claim is outside the range of reasonableness as it relates to

the Debtors, the RMBS Trusts, the RMBS trust certificate holders, or any of the creditors,

shall provide notice of that intention, along with a preliminary indication of the amount

by which it contends the allowed claim falls outside the range of reasonableness, to the

Debtors, the RMBS Trustees, the Steering Committee Group, and the Talcott Franklin

Group, on or before November 16, 2012.  Any such party may modify, amend, revise, or

supplement its contentions regarding the amount of the allowed claim as part of its

objection to the 9019 Motion.

5)    The Creditors Committee, MBIA, and FGIC shall respond to, and

shall produce documents in response to, the Debtors' requests for documents on or before

November 16, 2012.

6)    Depositions of the Debtors' experts shall be completed by

November 21, 2012.  The depositions shall not exceed four hours per expert, except that

the parties noticing the deposition may allocate the allowed time among each of the

Debtors' experts at its discretion.  The parties noticing the deposition shall select and

disclose, in advance, the limit on the length of each deposition.

7)    Any objection to the 9019 Motion, by any party other than the

RMBS Trustees, shall be filed by November 28, 2012.  Any such objecting party that

3

intends to file an expert report shall file such report on November 28, 2012, and shall also
make the disclosures required under Rule 26(a)(2) of the Federal Rules of Civil
Procedure by that date.

2)       8) The RMBS Trustees shall file any objections to the 9019
Motion, or any responses to objections filed by certificateholders of the RMBS Trusts, by
December 3, 2012.  If the RMBS Trustees intend to fileAny objection to the 9019 Motion
by the Official Committee of Unsecured Creditors, MBIA Insurance Corporation,
Financial Guaranty Insurance Company, or Wilmington Trust, N.A., shall be served upon
counsel for the Debtors, the Official Committee of Unsecured Creditors, MBIA Insurance
Corporation, Financial Guaranty Insurance Company, Wilmington Trust, N.A., the
Steering Committee, the Talcott Franklin Group, the RMBS Trustees, and Ally Financial,
Inc., but not filed with the Court, by December 3, 2012.  Any of these parties that intends
to submit an expert report, they shall do so shall serve upon the same parties, but not file
with the Court, such report by December 3, 2012, and shall also make the disclosures
required under Rule 26(a)(2) of the Federal Rules of Civil Procedure by that date.

3)       The RMBS Trustees shall serve upon counsel for the Debtors, the
Official Committee of Unsecured Creditors, MBIA Insurance Corporation, Financial
Guaranty Insurance Company, Wilmington Trust, N.A., the Steering Committee, the
Talcott Franklin Group, and Ally Financial, Inc., but not file with the Court, any
statements in support of the 9019 Motion, any objections to the 9019 Motion, and/or any
responses to objections served by certificateholders of the RMBS Trusts, by December
14, 2012.  Any such statements, objections, or responses shall not exceed 25 pages.  If the
RMBS Trustees intend to submit any expert report, they shall serve such report upon the

4

same parties, but not file with the Court, by December 14, 2012, and shall also make the

disclosures required under Rule 26(a)(2) of the Federal Rules of Civil Procedure by that

date.

4)       The Ad Hoc Group of Junior Secured Noteholders may serve and

file any objection to the 9019 Motion on or before February 1, 2013.  The Ad Hoc Group

of Junior Secured Noteholders may not submit any expert report in connection with any

such objection.

5)       All objections, reports, responses, and/or other disclosures made

pursuant to paragraphs 2 or 3 above shall be kept confidential unless and until (i) filed

with the Court pursuant to paragraph 10 below, (ii) agreed to by the Debtors, Ally

Financial, Inc., and the party preparing or producing such objections, reports, responses,

and/or other disclosures, or (iii) otherwise ordered by the Court.

6)       Any objection to the 9019 Motion by any party not identified in

paragraphs 2, 3, or 4 above shall serve and file any such objection according to the

schedule set out in the October 23, 2012 Scheduling Order.

7)       9) Depositions of experts identified pursuant to paragraphs 7 or

8 paragraph 2 above shall be completed by December 14, 2012 21, 2012.  Depositions of

experts identified pursuant to paragraph 3 above shall be completed by January 30, 2013.

The depositions shall not exceed four hours per expert, except that (a) the Debtors, the

Steering Committee, the Talcott Franklin Group, and the RMBS Trustees may allocate

the allowed time among each objecting party's experts at its their discretion, and (b) if the

RMBS Trustees file reports by more than one expert, the parties noticing the depositions

of those experts may allocate the allowed time among them at their discretion.  Each

party allocating time among experts shall select and disclose, in advance, the limit on the

length of each deposition.

8)    10) The Debtors' and Steering Committee's replies to any

objections to the 9019 Motion made pursuant to paragraphs 2, 3, or 6 above (and the

RMBS Trustees' reply to the extent they have elected to support the 9019 Motion), along

with Debtors' reply expert reports made pursuant to ruleRule 26(a)(2) of the Federal

Rules of Civil Procedure, shall be served upon the Parties, but not filed by December 23,

2012; *provided, however,* that any reply filed by the Steering Committee or the RMBS

Trustees shall be limited in scope, in that it will not respond to any arguments that the

total allowed claim that the RMBS Trusts would be given under the RMBS Trust

Settlement Agreement is excessive in amount.with the Court, by January 15, 2013.  The

Debtors' reply to any objection to the 9019 Motion made by the Ad Hoc Group of Junior

Secured Noteholders, pursuant to paragraph 4 above (and the RMBS Trustees' reply to

that objection to the extent the RMBS Trustees have elected to support the 9019 Motion),

shall be served and filed on February 22, 2013.

9)    The Steering Committee's replies to any objections to the 9019

Motion made pursuant to paragraphs 2, 3, or 6 above, shall be served upon the Parties,

but not filed with the Court, by January 15, 2013.  The Steering Committee's reply to any

objection to the 9019 Motion made by the Ad Hoc Group of Junior Secured Noteholders,

pursuant to paragraph 4 above, shall be served and filed on February 22, 2013.  The

limitations set forth in paragraph 10 of the October 23, 2012 Scheduling Order regarding

the scope of any replies served by the Steering Committee or the RMBS Trustees shall

not apply.  The Steering Committee and the RMBS Trustees may not submit any expert

report nor any declarations or affidavits , other than declarations submitted solely for the purpose of authenticating exhibits, in connection with any such replies.

10)    Unless otherwise ordered by the Court, all objections, replies, and other documents served pursuant to paragraphs 2 or 3 above shall be filed with the Court on February 1, 2013, and shall be identical, in all material respects, to the documents served previously by the parties pursuant to those paragraphs.  Said filings shall comply with the terms of all applicable confidentiality agreements and orders.  The parties shall meet and confer to discuss appropriate redactions to the objections, replies, and other documents on or before January 21, 2013.

11)    All supplemental expert reports, to the extent permitted by Rule 26(e) of the Federal Rules of Civil Procedure, shall be filed and served by February 19, 2013.

12)    11) All adverse witness lists, exhibit lists, and direct testimony, and supplemental declarations of experts, along with any other disclosures required by Rule 26(a)(3) of the Federal Rules of Civil Procedure, shall be filed by January 7,with the Court on March 4, 2013.

13)    12) The Court will hold a hearing on the 9019 Motion on January 14, 15, 16,March 18, 19, 20, and 17,21, 2013.  The hearing will be limited to 30 hours. The Court has tentatively allocated 12 hours to the parties supporting the 9019 Motion and 18 hours to the parties opposing the motion.  The Court will make a final allocation of time at a status conference to be held on December 20,February ___, 2012, at which it will enter an order imposing time limits on all parties.  There will be no further adjournment of the hearing except for good cause shown.

7

14)    13) The deadline for the RMBS Trustees to accept or reject the RMBS Trust Settlement on behalf of any Settlement Trust will be 14 30 days after the entry of an order approving the 9019 Motion.

15)    14) Any RMBS Trust (including RMBS Trusts that are not Settlement Trusts) shall file a notice of any alleged cure claim no later than sixty (60) calendar days after the closing of the sale of the servicing platform; provided, however, that in the event an order has not been entered with respect to the 9019 Motion on or before the closing of the sale of the servicing platform, Settlement Trusts shall have until sixty (60) days after the entry of an order approving or disapproving the 9019 Motion to assert cure claims solely related to any origination-related provision (the "RMBS Cure Claim Deadline").  The Debtors, the RMBS Trustees, and the Creditors Committee shall meet and confer and, within seven (7) days after the RMBS Cure Claim Deadline, propose to the Court a schedule for any remaining discovery concerning and adjudication of such cure claims.

16)    15) Except as provided in this order, and in the July 31, 2012, 2012 Scheduling Order and, the September 25, 2012, 2012 Scheduling Order, and the October 23, 2012 Scheduling Order, all parties' rights with regard to the Sale Order are preserved. All deadlines that have already expired are not extended or altered by this Order.

Dated: _____, 2012
        New York, New York

        _____
        THE HONORABLE MARTIN GLENN
        UNITED STATES BANKRUPTCY JUDGE

8

Document comparison by Workshare Professional on Friday, December 14, 2012 1:32:50 PM

| Input: | |
|---|---|
| Document 1 ID | PowerDocs://PALO ALTO/1555044/9 |
| Description | PALO ALTO-#1555044-v9-Third_Revised_Scheduling_Order_re_9019_motion_for_RMBS_settlement_approval |
| Document 2 ID | PowerDocs://PALO ALTO/1562944/7 |
| Description | PALO ALTO-#1562944-v7-ResCap_Fourth_Revised_Scheduling_Order |
| Rendering set | standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 45 |
| Deletions | 39 |
| Moved from | 6 |
| Moved to | 6 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 96 |