**IN THE CIRCUIT COURT, NINTH JUDICIAL CIRCUIT, IN AND FOR
ORANGE COUNTY, FLORIDA
GENERAL JURISDICTION DIVISION**

**CASE NO.:2009-CA-020917-O**

GMAC MORTGAGE, LLC

    PLAINTIFF

VS.

JACQUES RAPHAEL, et. al.,

    DEFENDANTS/COUNTER-PLAINTIFFS

    /CROSS-PLAINTIFFS/THIRD-PARTY PLAINTIFFS

VS.

GMAC MORTGAGE, LLC

    COUNTER-DEFENDANT

VS.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

    CROSS-DEFENDANT

VS.

GREENPOINT MORTGAGE FUNDING, INC., BANK OF AMERICA, N.A., and KEYCORP,

    THIRD-PARTY DEFENDANTS
_____/

**DEFENDANTS/COUNTER-PLAINTIFFS/CROSS-PLAINTIFFS/THIRD-PARTY
PLAINTIFFS, JACQUES RAPHAEL AND DEIRDRE RAPHAEL'S ANSWER,
AFFIRMATIVE DEFENSES, AND COUNTER-CLAIMS, CROSS-CLAIMS, THIRD-
PARTY CLAIMS and DEMAND FOR A JURY TRIAL**

COMES NOW, Defendants/Counter-Plaintiffs/Cross-Plaintiffs/Third-Party Plaintiffs, JACQUES RAPHAEL AND DEIRDRE RAPHAEL, (hereinafter "the Raphaels"), and for their answer to Plaintiff/Counter-Defendant's complaint, and for their affirmative defenses, counterclaims, cross-claims, and third-party claims, and demand for Jury Trial state:

# ANSWER

1. Admit.

2. Admit.

3. Admit that Defendants/Counter-Plaintiffs executed and delivered a note and mortgage to Greenpoint Mortgage Funding, Inc.

4. Unknown and therefore denied.

5. Denied.

6. Admit that the property is owned by Defendants/Counter-Plaintiffs.

7. Unknown and therefore denied.

8. Denied.

9. Unknown and therefore denied.

10. Denied.

11. Unknown and therefore denied.

12. Unknown and therefore denied.

13. Unknown and therefore denied.

14. Unknown and therefore denied.

# AFFIRMATIVE DEFENSES

15. Plaintiff/Counter-Defendant lacks standing because, pursuant to Florida Rules of Civil Procedure, Rule 1.210(a), it appears on the face of the complaint that a party other than Plaintiff/Counter-Defendant (hereinafter "GMAC") has standing to bring this action. The mortgage attached as Exhibit A to GMAC's complaint lists GreenPoint Mortgage Funding, Inc. ("Greenpoint") as the lender and Mortgage Electronic Registration Systems *("MERS")* as the nominee for the lender and the mortgagee. The note attached to GMAC's complaint lists

Greenpoint as the Lender.  GMAC is not mentioned anywhere in the documents it attached to its complaint.

16. Subsequent to filing this action, GMAC filed what it described as a recorded assignment from MERS to GMAC. The Raphaels believe and therefore allege that the assignment that GMAC filed with this court is fraudulent and is therefore void.  GMAC therefore lacks standing to bring this action.

17. The Raphaels believe and therefore allege that GMAC has unclean hands due to its own actions, including knowingly filing fraudulent documents with this court, and therefore GMAC is prohibited from obtaining equitable relief of foreclosure.   As a matter of equity, this Court should refuse to foreclose this mortgage because acceleration of this note would be inequitable, unjust, and unconscionable. GMAC has waived the right to acceleration due to intentionally misleading and reckless conduct for which it is liable.

18. GMAC's cause of action is extinguished pursuant to Fl. Stat. 726.110.

## COUNTERCLAIMS, CROSS CLAIMS, THIRD PARTY CLAIMS

## GENERAL ALLEGATIONS

19. GMAC filed the instant foreclosure action and associated notice of lis pendens seeking to foreclose the mortgage on the Raphaels' property.

20. Venue is proper because the property at issue is located in Orange County, Florida.

21. This court has jurisdiction over the parties and the subject matter.

22. In its complaint, GMAC alleges that it owns and holds the Note and Mortgage (Complaint at paragraph 5).

23. In its complaint, GMAC alleges that its ownership of the Mortgage is due to an assignment to be recorded (Complaint at paragraph 4).

24.    GMAC subsequently filed with this court, an "Assignment of Mortgage" (see "Notice of Filing Copy of Recorded Assignment of Mortgage", attached assignment), which purports to assign the mortgage at issue in this case, from Mortgage Electronic Registration Systems, Inc. (hereinafter, "") to GMAC.

25.    The assignment lists the Assignor as "Jeffrey Stephan", Vice President, MERS.

26.    The assignment is signed by two persons described on the document as witnesses.

27.    The assignment purports to be notarized by Mary Lynd, who states, "Personally Appeared Before Me, the undersigned authority in and for the aforesaid county and stated, on this the 10th day of June, 2009, within my jurisdiction, the within named Jeffrey Stephan who is personally known to me and *acknowledged to me that (s)he is VP  and that for and on behalf of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,* and as its act and deed (s)he executed the above and foregoing instrument, after first having been duly authorized by MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. to do so.

28.    At all times relevant, Jeffrey Stephan  (hereinafter, "Mr. Stephan") was not a vice president of MERS.

29.    At all times relevant, Mr. Stephan was not employed by MERS.

30.    At the time he signed the assignment as an employee of MERS, Mr. Stephan was an employee of GMAC.

31.    The Raphaels believe and therefore allege that, in the normal course of business, at all times relevant, the documents that Mr. Stephan signed were not witnessed or notarized in his presence.

32.    The Raphaels believe and therefore allege that the assignment filed by GMAC in this case is fraudulent.

33.     The Raphaels believe and therefore allege that, prior to its filing the assignment in this case, GMAC knew of the practices of Mr. Stephan as stated herein and his status as an employee of GMAC, and GMAC purposely filed said assignment document with Orange County and with this Court with knowledge that it was fraudulent.

34.     GMAC knew that Mr. Stephan was not an employee of MERS at the time he signed the Assignment at issue in this case and represented to this court that he was an employee or principal of MERS.

35.     All conditions precedent to this action have occurred, or have been waived.

## COUNTER-CLAIMS

## COUNT I, FRAUD

36.     The averments contained in paragraphs nineteen (19) through thirty-five (35) are incorporated by reference herein as if set forth in their entirety.

37.     At all times relevant, Jeffrey Stephan was an agent of GMAC.

38.     GMAC made a false statement concerning a material fact, as described herein.

39.     GMAC had knowledge that the statement was false.

40.     GMAC intended to induce this Court and all parties with any claim to the property at issue to act upon GMAC's false statement.

41.     The Raphaels and this Court relied upon GMAC's false statement.

42.     The Raphaels were harmed by GMAC's actions, by, among other ways, the decrease in the value of their home during this litigation, the impact on their credit scores, the impact on maintaining required government security clearances, and the court costs and legal fees in defending this action.

**WHEREFORE,** Counter-Plaintiffs, JACQUES RAPHAEL AND DEIRDRE

RAPHAEL, respectfully request that this court award to them and against GMAC, actual damages, punitive damages if so authorized by this court, and other such other relief as they may be entitled.

## COUNT II, FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLORIDA STATUTES, § 559.55 et. seq.

43. The averments contained in paragraphs nineteen (19) through thirty-five (35) are incorporated by reference herein as if set forth in their entirety.

44. At all times relevant, GMAC was a debt collector, as defined under Fl St. § 559.55.

45. At all times relevant, the Raphaels were debtors or consumers as, as defined under Fl St. § 559.55.

46. At all times relevant, Jeffrey Stephan was an agent of GMAC.

47. GMAC violated the Florida Consumer Collection Practices Act Fl St. § 559.72(9) by filing a fraudulent assignment of mortgage with Orange County, and with this Court, in order to attempt to collect a debt when GMAC knew that it was not legally entitled to do so.

48. The Raphaels were harmed by GMAC's actions, by, among other ways, the decrease in the value of their home during this litigation, the impact on their credit scores, and the impact on maintaining required government security clearances, and the court costs and legal fees in defending this action.

   **WHEREFORE,** Counter-Plaintiffs, JACQUES RAPHAEL AND DEIRDRE RAPHAEL, respectfully request that this court award to them and against GMAC, actual damages, statutory damages, attorney's fees and costs, punitive damages if so authorized by this court, and other such other relief as they may be entitled.

## COUNT III, FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT(FDCPA), FLORIDA STATUTES, § 501.201 et. seq.

49.    The averments contained in paragraphs nineteen (19) through thirty-five (35), thirty-seven (37) through forty-two (42), and forty-four (44) through forty-eight (48) are incorporated by reference herein as if set forth in their entirety.

50.    The Raphaels are bringing this action pursuant to Section 501.211, Florida Statutes, which grants a private right of action for violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA").

51.    FDUTPA expresses a primary policy "[t]o protect the consuming public . . . from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce" and that as a rule of construction, "the Act shall be construed liberally to promote [such] policies . . . ."

52.    Under section 501.203(3)(c), Florida Statutes, a violation of "[a]ny law, statute, rule, regulation, or ordinance which proscribes . . . unfair, deceptive, or unconscionable acts or practices" is automatically a violation of FDUTPA.

53.    At all times relevant hereto, the Raphaels were "consumers" as defined by section 501.203(7), Florida Statutes.

54.    At all times relevant hereto, GMAC was engaged in "trade or commerce" as defined by section 501.203(8), Florida Statutes.

55.    The actions of GMAC including, but not limited to, filing with Orange County and this Court a fraudulent mortgage assignment, and/or violating the Florida Consumer Collection Practices Act Fl St. **§** 559.72(9), constitutes deceptive and unfair trade practices in violation of sections 501.201-.213., Florida Statutes, and 15 U.S.C. § 45(a), more commonly referred to as

the Federal Trade Commission Act, the rules promulgated pursuant to the Federal Trade Commission Act, 15 U.S.C. §§ 41-58., the standards of unfairness and deception set forth and interpreted by the Federal Trade Commission and federal courts, and any law, statute, rule, regulation or ordinance which proscribes such conduct.

56.    GMAC's violation of these requirements was done with intent to assert a legal right that GMAC did not have.

57.    The Raphaels have retained the undersigned attorney to represent their interests in this matter and are obligated to pay said attorney a reasonable fee for services rendered.

58.    The Raphaels are entitled to attorneys' fees pursuant to sections 501.2105 and 501.211, Florida Statutes.

**WHEREFORE**, Counter-Plaintiffs, JACQUES RAPHAEL AND DEIRDRE RAPHAEL, respectfully request that this court award to them and against GMAC, actual damages, statutory damages, attorney's fees and costs, a declaration by this court that GMAC is in violation of this act so that such violation may be reported to enforcing authorities so that a civil fine of $10,000.00 may be imposed by such authority for each act determined by this court to be in violation, other such other relief as Counter-Plaintiffs may be entitled.

<u>COUNT IV, QUIET TITLE</u>

59.    The averments contained in paragraphs nineteen (19) through thirty-five (35) are incorporated by reference herein as if set forth in their entirety.

60.    This court has jurisdiction to quiet title pursuant to Fl. Stat. 65.061.

61.    This is an action to quiet title to real property owned by JACQUES RAPHAEL AND DEIRDRE RAPHAEL, in fee simple, and located at 8251 Sandberry Blvd, Orlando, FL 32819, and more fully described as,

> *A portion of Lot 1045, SAND LAKE HILLS SECTION NINE-A, as recorded in Plat Book 16, Page 80, Public Records of Orange County, Florida, being described as follows:*
>
> *Begin at the Southeast corner of said Lot 1045, said corner being on a curve concave Southeasterly and having a radius of 383.29 feet; thence from a tangent bearing of S 69° 10' 29" W, run Southwesterly along the arc of said curve and the South line of said Lot 1045, a distance of **10.17 feet** through a central angle of 01° 31' 14" to the point of tangency; thence continue along said South line S 67° 39' 15" W, **63.16 feet**; thence leaving said South line run N 44° 23' 53" W, parallel with and 20.00 feet perpendicular to the West line of said Lot 1045, a distance of 100.00 feet; thence N 34° 14' 07" W, 60.62 feet; thence N 66° 33' 54" E, 133.50 feet to the East line of said Lot 1045; thence S 18°36' 23" E, 155.00 feet to the Point of Beginning.*

62. The Raphaels' title is derived from the Warranty Deed from Bel-Aire Homes, a Florida corporation, to Counter-Plaintiffs, recorded at book 3849, page 679 of the records of Orange County, Florida, for property described as, *Lot 145, Sand Lake Hills Section 9-A according to the Plat thereof, as recorded in Plat Book 16, Page 80, of the Public Records of Orange County, Florida* (**Hereinafter PROPERTY DESCRIPTION A**) on December 31, 1986, attached hereto as Exhibit A.

63. On December 31, 1986, Countrywide Funding Corporation, as lender, recorded a Mortgage on said property at book 3849, page 684 of the records of Orange County, Florida, attached hereto as Exhibit B.

64. On July 7, 1993, Paramount Financial, Inc., as lender, recorded a Mortgage on property, whose legal description is **PROPERTY DESCRIPTION A**, which has address of 8251 Sandberry Boulevard, at book 4587 page 629 of the records of Orange County, Florida, attached hereto as Exhibit C.

65. On July 7, 1993, Accubanc Mortgage Corporation recorded an assignment of security interest from Paramount Financial, Inc to itself, at book 4587, page 639 of the records of Orange

County, Florida, attached hereto as Exhibit D.

66.    On November 18, 1993, Accubanc Mortgage Corporation recorded a duplicate assignment of security interest from Paramount Financial, Inc, to itself at book 4654, page 211 of the records of Orange County, Florida, listing the Mortgage as security instrument #4518333, attached hereto as Exhibit E.

67.    On January 11, 1994, Countrywide Funding Corporation recorded a Satisfaction of the December 31, 1986 Mortgage (Exhibit B), on said property at book 4682, page 953 of the records of Orange County, Florida, attached hereto as Exhibit F.

68.    On November 21, 1994, Keycorp Mortgage, Inc. recorded an assignment of security interest, security instrument #4518333, from Accubanc Mortgage Corporation, to itself at book 4822, page 1733 of the records of Orange County, Florida, attached hereto as Exhibit G.

69.    On June 6, 1995, Accubanc Mortgage Corporation recorded a second duplicate assignment of security interest, security instrument #4518333, from Paramount Financial, Inc, to itself at book 4900, page 4550 of the records of Orange County, Florida, adding Deirdre Raphael as borrower, to correct a scriveners error, attached hereto as Exhibit H.

70.    On September 27, 1995, Keycorp Mortgage, Inc. recorded a duplicate assignment of security interest, security instrument #4518333, from Accubanc Mortgage Corporation, to itself at book 4950, page 3043 of the records of Orange County, Florida adding Deirdre Raphael as borrower, to correct a scriveners error attached hereto as Exhibit I.

71.    On February 6, 2003, Security National Mortgage Company, A UTAH CORPORATION DBA SOUTHERN SECURITY MORTGAGE COMPANY (hereinafter "Security National") recorded a Mortgage on **PROPERTY DESCRIPTION A**, PROPERTY A, MIN# 1000317-0000160917-7, at book 06675, page 3983 of the records of Orange County, Florida, identifying

Security National as the lender, and MERS as the nominee for the lender and as mortgagee, attached hereto as Exhibit J.

72.     On March 3, 2003, Bank of America, N.A., as successor in interest by merger to Nationsbank, N.A., recorded a Release of Mortgage, security instrument #4518333, at book 6809, page 2090 of the records of Orange County, Florida, attached hereto as Exhibit K.

73.     Based upon information at

http://www.bankofamerica.com/environment/2000epr/append2.html, the Raphaels believe and therefore allege that Keycorp Mortgage, Inc. was acquired by Bank of America, N.A. on March 31, 1995.

74.     No assignment from Keycorp Mortgage, Inc. to Nationsbank, N.A. or Bank of America, N.A. was ever recorded, nor notice to the Raphaels of the transfer of the Mortgage, thus creating a cloud of title.

75.     On July 8, 2003, Security National **re-recorded** a Mortgage on said property, MIN# 1000317-0000160917-7, at book 06988, page 2705 of the records of Orange County, Florida, identifying Security National as the lender, and MERS as the nominee for the lender and as mortgagee, attached hereto as Exhibit L, to correct the property description.

76.     Said July 8, 2003 re-recorded mortgage changes the property description to

*A portion of Lot 1045, SAND LAKE HILLS SECTION NINE-A, as recorded in Plat Book 16, Page 80, Public Records of Orange County, Florida, being described as follows:*

*Begin at the Southeast corner of said Lot 1045, said corner being on a curve concave Southeasterly and having a radius of 383.29 feet; thence from a tangent bearing of S 69° 10' 29" W, run Southwesterly along the arc of said curve and the South line of said Lot 1045, a distance of **10.17 feet** through a central angle of 01° 31' 14" to the point of tangency; thence continue along said South line S 67° 39' 15" W, **63.16 feet**; thence leaving said South line run N 44° 23' 53" W, parallel with and 20.00 feet perpendicular to the West line of said Lot 1045, a distance of 100.00 feet; thence N 34° 14' 07" W, 60.62 feet; thence N 66° 33' 54"*

*E, 133.50 feet to the East line of said Lot 1045; thence S 18°36' 23" E, 155.00 feet to the Point of Beginning.*

**(Hereinafter, PROPERTY DESCRIPTION B)**

77.    On February 5, 2004, Linda Chen, a single woman recorded a Deed in fee simple on property, as described as **PROPERTY DESCRIPTION A less PROPERTY DESCRIPTION B**, **(Hereinafter, REMAINING PROPERTY C)** instrument #20040076201, at book 07295, page 2626 of the records of Orange County, Florida, identifying Security National as the lender, and MERS as the nominee for the lender and as mortgagee, attached hereto as Exhibit M.

78.    On September 14, 2004, RBMG, Inc. recorded a Mortgage on property listed as **PROPERTY DESCRIPTION B**, Instrument 20040583756, MIN# 100014440001408640, at book 07611, page 1701 of the records of Orange County, Florida, identifying RBMG, Inc. as the lender, and MERS as the nominee for the lender and as mortgagee, attached hereto as Exhibit N.

79.    On September 20, 2004, MERS recorded a satisfaction of the July 8, 2003 Mortgage, instrument #20040596189, at book 07621, page 3157, attached hereto as Exhibit O.

80.    On October 26, 2004, Greenpoint Mortgage Funding, Inc. recorded a Home Equity Line of Credit Mortgage Secondary Lien on property listed as **PROPERTY DESCRIPTION B**, Instrument 20040688844, MIN# 100013800852360730, loan number 0085236073, at book 07673, page 1083 of the records of Orange County, Florida, identifying Greenpoint Mortgage Funding, Inc. as the lender, and MERS as the nominee for the lender and as mortgagee, attached hereto as Exhibit P.

81.    On April 12, 2006, MERS, recorded a Satisfaction of the September 14, 2004 Mortgage, instrument #20060236815, at book 08582, page 1067, attached hereto as Exhibit Q.

82.    On April 19, 2006, MERS recorded a Satisfaction of the October 26, 2004 Home Equity Line of Credit Mortgage Secondary Lien, instrument #20060236815, at book 08582, page 1067,

attached hereto as Exhibit R.

83.   On April 19, 2006, Greenpoint Mortgage Funding, Inc. recorded a Mortgage on property listed as **PROPERTY DESCRIPTION B**, Instrument 20060257792, MIN# 100013800891983450, at book 08597, page 2722 of the records of Orange County, Florida, identifying Greenpoint Mortgage Funding, Inc. as the lender, and MERS as the nominee for the lender and as mortgagee. Said Mortgage is attached to GMAC's complaint as Exhibit "A".

84.   On April 19, 2006, Greenpoint Mortgage Funding, Inc. recorded a Home Equity Line of Credit Mortgage Secondary Lien on property listed as **PROPERTY DESCRIPTION B**, Instrument 20060257793, MIN# 100013800891983526, , at book 08597, page 2746 of the records of Orange County, Florida, identifying Greenpoint Mortgage Funding, Inc. as the lender, and MERS as the nominee for the lender and as mortgagee, attached hereto as Exhibit S.

85.   On July 6, 2009,  GMAC filed a Notice of Lis Pendens with this court, Doc.#20090373477 at book 9895, page 1781.

86.   On  July 8, 2009, GMAC created, recorded with the county, Doc#20090380586, at book 9896, page 8555, and subsequently filed with this court a fraudulent Assignment of Mortgage upon which it claims the right to interest to the property at issue in this action. (see "Notice of Filing Copy of Recorded Assignment of Mortgage", attached assignment).

87.   The Assignment of Mortgage being fraudulent is void, and therefore GMAC is not entitled to seek further interest in this property.

88.   The Mortgage at issue remains unsatisfied of record, and therefore constitutes a cloud on Plaintiff's title to the property.

**WHEREFORE**, Counter-Plaintiffs, JACQUES RAPHAEL AND DEIRDRE RAPHAEL, request this Honorable Court to enter its judgment against GMAC declaring the assignment null

and void, cancelling the Mortgage of record, and quieting title as to said property, and granting costs of this action and such ot her relief as this Court may deem proper.

### CROSS-CLAIM AGAINST MORTGAGE ELECTRONIC REGISTRATION SYSTEMS

### COUNT V, QUIET TITLE

89. The averments contained in paragraphs nineteen (19) through thirty-five (35) and sixty (60) through eighty-one (88) are incorporated by reference herein as if set forth in their entirety.

90. This is an action to quiet title to real property owned by JACQUES RAPHAEL AND DEIRDRE RAPHAEL, in fee simple, and located at 8251 Sandberry Blvd, Orlando, FL 32819, and more fully described as, **PROPERTY DESCRIPTION B.**

91. CROSS-DEFENDANT, Mortgage Electronic Registration Systems ("MERS") may claim some lien on said property as nominee or as mortgagee.

92. Mortgage Electronic Registration Systems *("MERS")* was named as a defendant in the original foreclosure complaint of GMAC.

93. Any MERS ownership or other interest in said mortgage at issue in this case, constitutes a cloud on Plaintiff's title to the property.

94. The Raphaels believe and therefore allege that any claim by MERS to said property is inferior to theirs.

   **WHEREFORE**, Cross-Plaintiffs, JACQUES RAPHAEL AND DEIRDRE RAPHAEL, request this Honorable Court to enter its judgment against MERS, and for Cross-Plaintiffs, quieting title as to said property, and such other relief as this Court may deem proper.

### THIRD-PARTY CLAIM AGAINST GREENPOINT MORTGAGE FUNDING, INC., KEYCORP, AND BANK OF AMERICA, N.A.

### COUNT VI, QUIET TITLE

95.    The averments contained in paragraphs nineteen (19) through thirty-five (35) and sixty (60) through eighty-one (88) are incorporated by reference herein as if set forth in their entirety.

96.    This is an action to quiet title to real property owned by JACQUES RAPHAEL AND DEIRDRE RAPHAEL, in fee simple, and located at 8251 Sandberry Blvd, Orlando, FL 32819, and more fully described as, **PROPERTY DESCRIPTION B.**

97.    THIRD-PARTY DEFENDANT, Greenpoint Mortgage Funding, Inc. ("Greenpoint") is a New York Corporation whose address is 100 Wood Hollow Drive, Novato, CA 94945.

98.    Greenpoint is joined because it may have some interest pursuant to the original mortgage and note at issue in this case.

99.    Bank of America, N.A. is a subsidiary or agent of Bank of America Corporation, a holding company located at 100 North Tryon Street, Charlotte, NC 28255.

100.    THIRD-PARTY DEFENDANT, Bank of America, N.A. may claim some lien on said property, due to merger with or acquisition of Keycorp Mortgage, Inc..

101.    THIRD PARTY DEFENDANT, KEYCORP is a holding company for Keybank N.A., and has as its principal place of business, 127 Public Square, Cleveland, OH, 44114-1306.

102.    KEYCORP may claim some lien on said property based upon a lack of assignment or transfer in the public records of Orange County.

103.    Any ownership or other interest in said property at issue in this case by GREENPOINT MORTGAGE FUNDING, INC., BANK OF AMERICA, N.A., OR KEYCORP, constitutes a cloud on Plaintiff's title to the property.

104.    The Raphaels believe and therefore allege that any claim by GREENPOINT MORTGAGE FUNDING, INC., BANK OF AMERICA, N.A., OR KEYCORP, to said property is inferior to theirs.

105.    Based upon the documents recorded in the records of Orange County, Florida, it appears no other parties have interest in the property at issue in this case.

**WHEREFORE**, Third-Party Plaintiffs, JACQUES RAPHAEL AND DEIRDRE RAPHAEL, request this Honorable Court to enter its judgment against GREENPOINT MORTGAGE FUNDING, INC., BANK OF AMERICA, N.A., and KEYCORP and for Third-Party Plaintiffs, quieting title as to said property, and such other relief as this Court may deem proper.

## DEMAND FOR JURY TRIAL

Defendants/Counter-Plaintiffs/Cross-Plaintiffs/Third-Party Plaintiffs, JACQUES RAPHAEL AND DEIRDRE RAPHAEL, hereby demand trial by jury on all issues so triable.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing has been mailed via US Mail to, Jonathan Blackmore, Esq., Phelan Hallinan, PLC, 888 SE 3rd Ave., Suite 201, Ft. Lauderdale, FL 33316, Mortgage Electronic Registration Systems, Inc. C/O CT Corporation System, Registered Agent, 1200 South Pine Island Road, Plantation, FL 33324, on this the ___th day of July, 2011.

**Law Office of Michael P. Roland**

By: _/s Michael P. Roland_____

Micheal P. Roland, Esquire
Florida Bar No: 44856
6400 Manatee Ave. W., Suite L-112
Bradenton, Florida 34209
(941) 932-8099
(941) 866-0964 facsimile
mprolandpa@gmail.com

*Attorney for Jacques and Deirdre Raphael*