**CHADBOURNE & PARKE LLP**
Howard Seife
David M. LeMay
30 Rockefeller Plaza
New York, New York 10112
Telephone:  (212) 408-5100
Facsimile:  (212) 541-5369

*Counsel to the Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| RESIDENTIAL CAPITAL, LLC, <u>et</u> <u>al</u>., | : | Case No. 12-12020 (MG) |
| | : | |
| Debtors. | : | Jointly Administered |

**RESPONSE OF CHADBOURNE & PARKE LLP TO THE OMNIMBUS
OBJECTION OF THE UNITED STATES TRUSTEE REGARDING FEE
APPLICATIONS FOR FIRST INTERIM COMPENSATION AND
REIMBURSEMENT OF EXPENSES**

Chadbourne & Parke LLP ("Chadbourne"), counsel to the Court-appointed Examiner (the "Examiner") in the Chapter 11 cases (the "Chapter 11 Cases") of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), hereby submits this response (the "Response") to the Omnibus Objection (the "Objection") [Doc. No. 2361] of the United States Trustee Regarding Fee Applications for First Interim Compensation and Reimbursement of Expenses filed on December 7, 2012, and respectfully represents as follows:

**RESPONSE**

Chadbourne has held one lengthy substantive telephonic meeting with the United States Trustee (the "US Trustee") in an effort to resolve the US Trustee's Objection to Chadbourne's fee application for the first interim fee period (the "First Interim Period"). In addition, Chadbourne

CPAM: 5114945.6

has, as promised during that telephonic meeting, provided the U.S. Trustee with a detailed written response to the Objection. While Chadbourne believes that the parties made significant progress in resolving the issues raised in the Objection, given the accelerated nature of this pleading cycle, the issues could not be finally resolved prior to the response deadline for the Objection. Accordingly, Chadbourne must file this Response.

In the Objection, the US Trustee provided eight specific objections to Chadbourne's First Interim Period fee application. This Response identifies and addresses each of these specific objections highlighted by the US Trustee.

## I.  FEES

### Transitory Timekeepers

The US Trustee objected to the allowance of $3,170 in fees billed by J. Stenger and C. Miller, each of whom the US Trustee identified as a "transitory timekeeper". However, the apparent "transitory" nature of each individual's efforts was caused by the timing of each attorney's initial efforts in these bankruptcy cases and not because the efforts were limited. Both identified attorneys have been substantially involved in the representation of the Examiner in the Chapter 11 Cases, as has been confirmed by post-First Interim Period billings. Specifically, including subsequent months, J. Stenger recorded over 500 hours of time to ResCap-related work for the Examiner and C. Miller recorded approximately 20 hours of time for work for the Examiner. Accordingly, Chadbourne asserts that all of the identified time in this category should be allowed.

### Librarian

The US Trustee objected to $3,652 in fees incurred by three librarians during the First Interim Period. While Chadbourne does not necessarily agree that librarian fees should be non-

compensable (as librarians may provide the most cost-effective means of obtaining needed information), Chadbourne informed the US Trustee that it would voluntarily reduce its fees by the challenged amount. Accordingly, Chadbourne agrees to a reduction of $3,652.

**Vague Time Entries**

The US Trustee objected to a sum total $192,839 of allegedly impermissible vague time entries. Chadbourne asserts that a substantial majority of that time was incorrectly identified by the US Trustee as "vague." This objected to time related to general document review and specific deal-related document review. With respect to the remaining time identified by the US Trustee, Chadbourne has provided the US Trustee with detailed additional information on the entries and, where some fault debatably should be borne by Chadbourne for vague entries, offered a compromise on the issues. (As noted above, the compromise was not agreed to or commented on by the US Trustee prior to the filing of the Response.) The time could be categorized into five groupings, each of which is further described below.

- Document Review: The US Trustee has identified certain time entries relating to document review as vague entries. These identified time entries, which total $115,834, are fair and appropriate and are consistent with the entries used in standard practice for this type of work. In fact, Chadbourne has used similar entries in another large case where a fee examiner has been retained. Accordingly, Chadbourne submits that these entries, set forth on **Exhibit A**, are fully compensable. Nevertheless, Chadbourne has pledged to work with the US Trustee to understand what specific additional information she requests Chadbourne include in the future so that there will be no dispute as the acceptability of such time entries.

- Valid Entries: The US Trustee has identified as "vague" eight entries totaling $8,781.50. Chadbourne asserts that these entries are entirely valid as they are fair, appropriate and consistent with the local rules and the US Trustee's rules on timekeeping. As such, the Fees should be fully compensable. These entries are identified in the attached **Exhibit B**.

- Docket and Pleading Review: The US Trustee has identified time entries, totaling $11,187.50, related to docket and pleading review as vague. Time entries in this category are related to the efforts of one associate and one partner to carefully monitor the case docket. Such efforts are necessary, completely ordinary, and fully compensable in a bankruptcy case. The entries that fall into this category are identified in the attached **Exhibit C**.

3

- <u>Review of Background and Transaction Documents</u>: The US Trustee has identified certain entries, totaling $57,376, relating to the review of background and transaction documents as vague. All of the time in this category was time spent by more senior attorneys reviewing documents related to specific deals or topic areas that the identified senior attorney is responsible for. (Given the enormous undertaking of the Examiner's investigation, topic areas and deal areas were, by necessity, divided among attorneys.) In summary, this review is akin to document review of all documents that would be relevant to a specific topic or deal. While we believe the descriptions were adequate, as set forth on **Exhibit D**, we provided additional information to the US Trustee (which we are not filing with the Court because we believe the information is confidential) on the project and topic area that each senior attorney is responsible for. Accordingly, as supplemented, Chadbourne asserts that these time entries provide sufficient detail to support compensation for the time incurred.

- <u>Vague Entries</u>: The US Trustee has identified eighteen other entries, totaling $5,532.50, as vague. These entries do not neatly fit into one of the categories listed above. Chadbourne is in the process of providing supplemental information to the US Trustee that provides sufficient detail to support compensation for the time incurred. However, Chadbourne acknowledged to the US Trustee that these entries were not sufficient as submitted.

### Staffing Inefficiencies

The US Trustee objected to $7,918.50 in fees incurred by a Chadbourne attorney that the US Trustee alleges could have been performed by a paraprofessional. Chadbourne has had detailed discussions with the US Trustee regarding these tasks and believes that it has adequately explained the alleged staffing inefficiency. Further information, which has been provided to the US Trustee, is set forth on the attached **Exhibit E**.

### Preparation and Review of Billing Invoices/Billing Matters

The US Trustee objected to $5,852 in fees incurred in relation to Chadbourne personnel expending hours related to revising billing statements and reviewing internal billing procedures during the First Interim Period. Chadbourne informed the US Trustee that it will voluntarily reduce its fees by this amount.

4

CPAM: 5114945.6

## II. EXPENSES

### Paralegal Overtime

The US Trustee objected to $1,901.88 in expenses related to paralegal overtime during the First Interim Period. Chadbourne informed the US Trustee that it has agreed to voluntarily reduce its fees by this amount.

### Business Meals/Catering:

The US Trustee objected to $1,436.57 in expenses related to business meals and catering because it could not determine the number of meals provided and confirm that the $20 cap per meal that the US Trustee identified has been satisfied. Chadbourne has provided the attached **Exhibit F** to demonstrate that the business meals/catering expenses in question satisfy the $20 cap per meal limitation. As such, the expense should be fully compensable.

### Late Night/Weekend Meals

The US Trustee objected to $446.52 in expenses related to late night and weekend meals which exceeded the cap of $20. Chadbourne informed the US Trustee that it has agreed to voluntarily reduce its fees by this amount.

### Photocopying

The US Trustee objected to $90,095.80 in expenses related to photocopying during the First Interim Period. Chadbourne has previously acknowledged that $67,636 of that amount was mistakenly invoiced. This mistake was identified in the invoice issued immediately after the First Interim Period application was submitted (that is, in the September 2012 invoice) and the Debtors received a credit for the full amount of the error. The outstanding correct invoice for the period in question is $22,459. As the US Trustee seeks to reduce all photocopying charges to

$.10 (from $.20) in the Objection, Chadbourne has agreed to a voluntary reduction of half of this amount, or $11,229.

## CONCLUSION

As set forth above, Chadbourne has acknowledged the validity of certain of the US Trustee's specific objections and has, accordingly, agreed to an aggregate reduction of $9,504 in fees and $13,577.40 in expenses, or a total of $23,081.40 for the First Interim Period.  With respect to other specific objections, Chadbourne does not agree with the US Trustee and requests that the objection be overruled for the reasons identified above.  For the foregoing reasons, Chadbourne believes it has adequately addressed the US Trustee's objections and would request that the Court approve Chadbourne's fees and expenses for the First Interim Fee Period, subject to a reduction of $23,081.40.

Dated: December 18, 2012
      New York, New York

                                **CHADBOURNE & PARKE LLP**

                                By: */s/ Howard Seife*
                                    Howard Seife
                                    David M. LeMay
                                    30 Rockefeller Plaza
                                    New York, New York 10112
                                    Telephone:  (212) 408-5100
                                    Facsimile:  (212) 541-5369

                                  *Counsel to the Examiner*