MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Norman S. Rosenbaum
Todd M. Goren

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**PROPOSED AGENDA FOR MATTERS SCHEDULED
TO BE HEARD ON DECEMBER 20, 2012 AT 10:00 A.M. (EST)**

Location of Hearing:  United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton U.S. Custom House, Courtroom 501, One Bowling Green, New York, NY 10004-1408

**I.    ADJOURNED MATTERS**

**1.**    Motion of Jacques and Deirdre Raphael for Relief from Stay [Docket No. 2156]

**Related Documents**:

**a.**    Notice of Adjournment of Hearing on Motion of Jacques and Deirdre Raphael for Relief from Stay to January 29, 2013 at 10:00 a.m. [Docket No. 2358]

**Responses**:    None.

ny-1068584

  **Status**: The hearing on this matter has been adjourned to January 29, 2013.

**2.** Motion of Lead Plaintiffs and the Putative Class to Apply Bankruptcy Rule 7023 and to Certify Class Claims [Docket No. 2044]

 **Related Documents**:

  **a.** Memorandum of Law in Support of Motion to Apply Bankruptcy Rule 7023 and to Certify Class Claims [Docket No. 2045]

  **b.** Declaration of R. Fredrick Walters, David M. Skeens and R. Bruce Carlson in Support of Motion to Apply Bankruptcy Rule 7023 and to Certify Class Claims [Docket No. 2047]

  **c.** Declaration of K. Lee Marshall in Support of Debtors' Opposition to Motion to Apply Bankruptcy Rule 7023 and to Certify Class Claims [Docket No. 2338]

  **d.** Notice of Adjournment of Hearing on Motion to Apply Bankruptcy Rule 7023 and to Certify Class Claims to February 7, 2013 at 10:00 a.m. [Docket No. 2399]

 **Responses**:

  **a.** Debtors' Opposition to Motion to Apply Bankruptcy Rule 7023 and to Certify Class Claims [Docket No. 2337]

  **b.** Response and Reservation of Rights of PNC Bank, N.A. to Motion of Rowena Drennan, Flora Gaskin, Roger Turner, Christie Turner, John Picard and Rebecca Picard to Apply Bankruptcy Rule 7023 and to Certify Class Claims [Docket No. 2343]

 **Reply Deadline**: January 25, 2013

 **Status**: The hearing on this matter has been adjourned to February 7, 2013.

**II.** **SCHEDULED MATTERS**

**1.** Debtors' Motion for a Supplemental Order Under Bankruptcy Code Sections 105(a), 363, 503(b)(1), 507(a)(2), 1107(a) and 1108 and Bankruptcy Rule 9019 to the Final Wages Order (I) Authorizing and Directing the Debtors to Reimburse Ally Financial Inc. for Payments Made to the Debtors' Employees on Account of Compensation Issued on or After the Petition Date; (II) Granting Ally Financial Inc. an Administrative Expense Claim on Account of Such Payments; (III) Granting Ally Financial Inc. a Limited Release; and (IV) Authorizing the Debtors to Establish and Fund an Escrow Account for the Benefit of Ally Financial Inc. on Account of Such Administrative Expense Claims, including Additional Amounts to the Escrow Account as Necessary [Docket No. 2049]

**Related Documents**:

a. Notice of Filing of Additional Exhibit to Debtors' Motion for a Supplemental Order Under Bankruptcy Code Sections 105(a), 363, 503(b)(1), 507(a)(2), 1107(a) and 1108 and Bankruptcy Rule 9019 to the Final Wages Order (I) Authorizing and Directing the Debtors to Reimburse Ally Financial Inc. for Payments Made to the Debtors' Employees on Account of Compensation Issued on or After the Petition Date; (II) Granting Ally Financial Inc. an Administrative Expense Claim on Account of Such Payments; (III) Granting Ally Financial Inc. a Limited Release; and (IV) Authorizing the Debtors to Establish and Fund an Escrow Account for the Benefit of Ally Financial Inc. on Account of Such Administrative Expense Claims, including Additional Amounts to the Escrow Account as Necessary [Docket No. 2113]

b. Supplemental Declaration of Anne Janiczek in Support of Debtors' Motion for a Supplemental Order Under Bankruptcy Code Sections 105(a), 363, 503(b)(1), 507(a)(2), 1107(a) and 1108 and Bankruptcy Rule 9019 to the Final Wages Order (I) Authorizing and Directing the Debtors to Reimburse Ally Financial Inc. for Payments Made to the Debtors Employees on Account of Compensation Issued on or After the Petition Date; (II) Granting Ally Financial Inc. an Administrative Expense Claim on Account of Such Payments; (III) Granting Ally Financial Inc. a Limited Release; and (IV) Authorizing the Debtors to Establish and Fund an Escrow Account for the Benefit of Ally Financial Inc. on Account of Such Administrative Expense Claims, including Additional Amounts to the Escrow Account as Necessary [Docket No. 2450]

**Responses**:

a. Lead Plaintiff's Limited Objection to Debtors' Motion for a Supplemental Order Under Bankruptcy Code Sections 105(a), 363, 503(b)(1), 507(a)(2), 1107(a) and 1108 and Bankruptcy Rule 9019 to the Final Wages Order (I) Authorizing and Directing the Debtors to Reimburse Ally Financial Inc. for Payments Made to the Debtors' Employees on Account of Compensation Issued on or After the Petition Date; (II) Granting Ally Financial Inc. an Administrative Expense Claim on Account of Such Payments; (III) Granting Ally Financial Inc. a Limited Release; and (IV) Authorizing the Debtors to Establish and Fund an Escrow Account for the Benefit of Ally Financial Inc. on Account of Such Administrative Expense Claims, Including Additional Amounts to the Escrow Account as Necessary [Docket No. 2226]

b. Joinder of Union Central Life Insurance Company, Americas Insurance Corp., and Acacia Life Insurance Company to Lead Plaintiff's Limited Objection to Debtors' Motion for a Supplemental Order Under Bankruptcy Code Sections 105(a), 363, 503(b)(1), 507(a)(2), 1107(a) and 1108 and

                    Bankruptcy Rule 9019 to the Final Wages Order (I) Authorizing and Directing the Debtors to Reimburse Ally Financial Inc. for Payments Made to the Debtors' Employees on Account of Compensation Issued on or After the Petition Date; (II) Granting Ally Financial Inc. an Administrative Expense Claim on Account of Such Payments; (III) Granting Ally Financial Inc. a Limited Release; and (IV) Authorizing the Debtors to Establish and Fund an Escrow Account for the Benefit of Ally Financial Inc. on Account of Such Administrative Expense Claims, Including Additional Amounts to the Escrow Account as Necessary [Docket No. 2227]

    **c.**    Joinder of Cambridge Place Investment Management Inc. to Lead Plaintiff's Limited Objection to Debtors' Motion for a Supplemental Order Under Bankruptcy Code Sections 105(a), 363, 503(b)(1), 507(a)(2), 1107(a) and 1108 and Bankruptcy Rule 9019 to the Final Wages Order (I) Authorizing and Directing the Debtors to Reimburse Ally Financial Inc. for Payments Made to the Debtors' Employees on Account of Compensation Issued on or After the Petition Date; (II) Granting Ally Financial Inc. an Administrative Expense Claim on Account of Such Payments; (III) Granting Ally Financial Inc. a Limited Release; and (IV) Authorizing the Debtors to Establish and Fund an Escrow Account for the Benefit of Ally Financial Inc. on Account of Such Administrative Expense Claims, Including Additional Amounts to the Escrow Account as Necessary [Docket No. 2228]

    **d.**    Joinder of Donna Moore, Frenchola Holden and Keith McMillon to Lead Plaintiff's Limited Objection to Debtors' Motion for a Supplemental Order Under Bankruptcy Code Sections 105(a), 363, 503(b)(1), 507(a)(2), 1107(a) and 1108 and Bankruptcy Rule 9019 to the Final Wages Order (I) Authorizing and Directing the Debtors to Reimburse Ally Financial Inc. for Payments Made to the Debtors' Employees on Account of Compensation Issued on or After the Petition Date; (II) Granting Ally Financial Inc. an Administrative Expense Claim on Account of Such Payments; (III) Granting Ally Financial Inc. a Limited Release; and (IV) Authorizing the Debtors to Establish and Fund an Escrow Account for the Benefit of Ally Financial Inc. on Account of Such Administrative Expense Claims, Including Additional Amounts to the Escrow Account as Necessary [Docket No. 2229]

    **e.**    Statement of Wilmington Trust, N.A. to Debtors' Motion for a Supplemental Order Under Bankruptcy Code Sections 105(a), 363, 503(b)(1), 507(a)(2), 1107(a) and 1108 and Bankruptcy Rule 9019 to the Final Wages Order (I) Authorizing and Directing the Debtors to Reimburse Ally Financial Inc. for Payments Made to the Debtors' Employees on Account of Compensation Issued on or After the Petition Date; (II) Granting Ally Financial Inc. an Administrative Expense Claim on Account of Such Payments; (III) Granting Ally Financial Inc. a Limited Release;

        and (IV) Authorizing the Debtors to Establish and Fund an Escrow Account for the Benefit of Ally Financial Inc. on Account of Such Administrative Expense Claims, including Additional Amounts to the Escrow Account as Necessary [Docket No. 2265]

    **f.**    Statement and Reservation of Rights of the Official Committee of Unsecured Creditors Concerning the Debtors' Motion for a Supplemental Order Under Bankruptcy Code Sections 105(a), 363, 503 (b)(1), 507(a)(2), 1107(a) and 1108 and Bankruptcy Rule 9019 to the Final Wages Order (I) Authorizing and Directing the Debtors to Reimburse Ally Financial Inc. for Payments Made to the Debtors' Employees on Account of Compensation Issued on or After the Petition Date; (II) Granting Ally Financial Inc, an Administrative Expense Claim on Account of Such Payments; (III) Granting Ally Financial Inc. a Limited Release; and (IV) Authorizing the Debtors to Establish and Fund an Escrow Account for the Benefit of Ally Financial Inc. on Account of Such Administrative Expense Claims, Including Additional Amounts to the Escrow Account As Necessary [Docket No. 2390]

  **Replies**:

    **a.**    Debtors' Reply to Limited Objection and Statements Related to Debtors' Motion for a Supplemental Order Under Bankruptcy Code Sections 105(a), 363, 503(b)(1), 507(a)(2), 1107(a) and 1108 and Bankruptcy Rule 9019 to the Final Wages Order (I) Authorizing and Directing the Debtors to Reimburse Ally Financial Inc. for Payments Made to the Debtors Employees on Account of Compensation Issued on or After the Petition Date; (II) Granting Ally Financial Inc. an Administrative Expense Claim on Account of Such Payments; (III) Granting Ally Financial Inc. a Limited Release; and (IV) Authorizing the Debtors to Establish and Fund an Escrow Account for the Benefit of Ally Financial Inc. on Account of Such Administrative Expense Claims, including Additional Amounts to the Escrow Account as Necessary [Docket No. 2449]

  **Status**:    The hearing on this matter will be going forward.

**2.**    Debtors' Motion for the Entry of an Order Further Extending Their Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof [Docket No. 2355]

  **Related Documents**:    None.

  **Responses**:

    **a.**    Limited Objection of the Steering Committee Group of RMBS Holders to Debtors Motions (I) to Further Extend Their Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof, and (II) for Appointment of a Mediator [Docket No. 2400]

ny-1068584    5

  **b.**  Omnibus Response of Ad Hoc Group of Junior Secured Noteholders to Debtors' Motion for the Entry of an Order Extending Their Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof and Debtors' Motion for the Appointment of a Mediator [Docket No. 2406]

  **c.**  Statement of Wilmington Trust, National Association in Respect of the Debtors' Motions for Entry of an Order Further Extending Their Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof and for Appointment of a Mediator, dated December 13, 2012 [Docket No. 2408]

  **d.**  Statement and Reservation of Rights of the Official Committee of Unsecured Creditors with Respect to Debtors' Motion for Appointment of a Mediator and Debtors' Motion for the Entry of an Order Further Extending Their Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof [Docket No. 2418]

  **e.**  Reply of Ally Financial Inc. and Ally Bank in Support of Debtors' Motion for the Entry of an Order Further Extending Their Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof and Debtors' Motion for Appointment of Mediator [Docket No. 2441]

**Replies**:

  **a.**  Debtors' Omnibus Reply to Responses to (I) Debtors' Motion for the Entry of an Order Further Extending Their Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof and (II) Debtors' Motion for Appointment of a Mediator [Docket No. 2447]

**Status**:  The hearing on this matter will be going forward.

**3.**  Debtors' Motion for Appointment of a Mediator [Docket No. 2357]

**Related Documents**:  None.

**Responses**:

  **a.**  Limited Objection of the Steering Committee Group of RMBS Holders to Debtors Motions (I) to Further Extend Their Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof, and (II) for Appointment of a Mediator [Docket No. 2400]

  **b.**  Response of AIG Asset Management (U.S.), LLC, the Allstate Entities, Massachusetts Mutual Life Insurance Company and the Prudential Entities to Debtors Motion for Appointment of a Mediator [Docket No. 2403]

  **c.**  Omnibus Response of Ad Hoc Group of Junior Secured Noteholders to Debtors' Motion for the Entry of an Order Extending Their Exclusive

        Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof and Debtors' Motion for the Appointment of a Mediator [Docket No. 2406]

    **d.**    Statement of Wilmington Trust, National Association in Respect of the Debtors' Motions for Entry of an Order Further Extending Their Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof and for Appointment of a Mediator, dated December 13, 2012 [Docket No. 2408]

    **e.**    Statement and Reservation of Rights of the Official Committee of Unsecured Creditors with Respect to Debtors' Motion for Appointment of a Mediator and Debtors' Motion for the Entry of an Order Further Extending Their Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof [Docket No. 2418]

    **f.**    Joinder of National Credit Union Administration Board to the Response of AIG Asset Management (U.S.), LLC, the Allstate entities, Massachusetts Mutual Life Insurance Company, and the Prudential entities to Debtors' Motion for Appointment of Mediator [Docket No. 2439]

    **g.**    Reply of Ally Financial Inc. and Ally Bank in Support of Debtors' Motion for the Entry of an Order Further Extending Their Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof and Debtors' Motion for Appointment of Mediator [Docket No. 2441]

    **h.**    RMBS Trustees' Statement in Support of Appointment of a Mediator [Docket No. 2465]

**Replies**:

    **a.**    Debtors' Omnibus Reply to Responses to (I) Debtors' Motion for the Entry of an Order Further Extending Their Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof and (II) Debtors' Motion for Appointment of a Mediator [Docket No. 2447]

**Status**: The hearing on this matter will be going forward.

**4.** Status Conference on the Examiner's Investigation

    **Note**: At the request of the Examiner

    **Status**: The status conference on this matter will be going forward.

**5.** Debtors' Motion for Order Under 11 U.S.C. §§ 105(a), 365(a) and 554(a), Fed. R. Bankr. P. 9006 and 9014, and Local Bankruptcy Rule 6006-1 Approving Procedures Regarding the Future Rejection of Executory Contracts and Unexpired Leases [Docket No. 2326]

    **Related Documents**: None.

ny-1068584    7

**Responses**:

a. Objection of the RMBS Trustees to Debtors' Motion for Order Under 11 U.S.C. Section 105(a), 365(a), and 554(a), Fed. R. Bankr. P. 6006 and 9014, and Local Bankruptcy Rule 6006-1 Approving Procedures Regarding the Future Rejection of Executory Contracts and Unexpired Leases [Docket No. 2412]

b. Limited Joinder of Wells Fargo Bank, N.A., as Custodian for Residential Mortgage Backed Securities Trusts, to Objection of the RMBS Trustees to Debtors' Motion for Order Under 11 U.S.C. §§ 105(a), 365(a), and 554(a), Fed. R. Bankr. P. 6006 and 9014, and Local Bankruptcy Rule 6006-1 Approving Procedures Regarding the Future Rejection of Executory Contracts and Unexpired Leases [Docket No. 2413]

c. Joinder of U.S. Bank National Association, The Bank of New York Mellon, The Bank of New York Mellon Trust Company, N.A. and Wells Fargo Bank, N.A. as Master Servicers for Residential Mortgage Backed Securities Trusts to Objection of the RMBS Trustees to Debtors' Motion for Order Under 11 U.S.C Section 105(a), 365(a), and 554(a), Fed. R. Bankr. P. 6006 and 9014 and Local Bankruptcy Rule 6006-1 Approving Procedures Regarding the Future Rejection of Executory Contracts and Unexpired Leases [Docket No. 2414]

**Replies**:

a. Debtors' Omnibus Reply to Responses to Debtors' Motion for Order Under 11 U.S.C. §§ 105(a), 365(a) and 554(a) and Fed. R. Bankr. P. 6006 and 9014, and Local Bankruptcy Rule 6006- Approving Procedures Regarding the Future Rejection of Executory Contracts and Unexpired Leases [Docket No. 2451]

**Status**: The hearing on this matter will be going forward.

### III. MOTIONS FOR RELIEF FROM THE AUTOMATIC STAY

1. Motion of Gregory Balensiefer for Clarification Regarding Relief from Automatic Stay [Docket No. 1244]

**Related Documents**:

a. Notice of Hearing on Motion of Gregory Balensiefer for Clarification Regarding Relief from Automatic Stay [Docket No. 1559]

b. Amended Notice of Hearing on Motion of Gregory Balensiefer for Clarification Regarding Relief from Automatic Stay [Docket No. 1778]

**Responses**:

a.  Debtors' Objection to Motion for Clarification Regarding Relief from Stay Filed by Gregory Balensiefer [Docket No. 2410]

**Replies**:

a.  Reply of Gregory Balensiefer in Support of Motion for Clarification Regarding Relief from Automatic Stay [Docket No. 2446]

**Status**:  The hearing on this matter will be going forward.

2.  Motion of Michael P. and Stephanie L. Donaghy for Relief from the Automatic Stay [Docket No. 1615]

    **Related Documents**:  None.

    **Responses**:

    a.  Debtors' Objection to Motion for Relief from the Automatic Stay filed by Michael P. and Stephanie L. Donaghy [Docket No. 1936]

    **Status**:  The hearing on this matter will be going forward.

3.  Motion of M. Nawaz Raja and Neelum Nawaz Raja for Relief from Stay [Docket No. 1818]

    **Related Documents**:  None.

    **Responses**:

    a.  Debtors' Objection to Motion for Relief from Stay Filed by M. Nawaz Raja and Neelum Nawaz Raja [Docket No. 1988]

    **Status**:  The hearing on this matter will be going forward.

IV. **OTHER MATTERS**

1.  Motion of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing it to Prosecute and Settle Certain Claims on Behalf of the Debtors' Estates [Docket No. 1546]

    **Related Documents**:

    a.  Order Setting Forth Briefing Schedule [Docket No. 1703]

**Responses**:

a. Limited Objection of U.S. Bank National Association, as Indenture Trustee, to Motion of the Official Committee of Unsecured Creditors for the Entry of an Order Authorizing it to Prosecute and Settle Certain Claims on Behalf of the Debtors' Estates [Docket No. 1864]

b. Debtors' Limited Objection to the Motion of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing It to Prosecute and Settle Certain Claims on Behalf of the Debtors' Estates [Docket No. 1865]

c. Ally Financial Inc.'s Limited Objection and Reservation of Rights with Respect to the Committee's Motion for Entry of an Order Authorizing it to Prosecute and Settle Certain Claims on Behalf of the Debtors' Estates [Docket No. 1866]

d. Limited Objection of Ad Hoc Group of Junior Secured Noteholders to Motion of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing it to Prosecute and Settle Certain Claims on Behalf of the Debtors' Estates [Docket No. 1870]

**Replies**:

a. Omnibus Reply of the Official Committee of Unsecured Creditors to Objections to its Motion for Standing to Pursue Certain Claims on Behalf of the Debtors' Estates [Docket No. 1963]

**Status**: The hearing on this matter will be going forward.

## V. ADVERSARY PROCEEDING MATTERS

**Pre-Trial Conference: Van Wagner v. Residential Funding Company, LLC, *et al*. (Adv. Proc. No. 12-01913 (MG))**

1. Pre-Trial Conference in Adversary Proceeding

   **Related Documents**:

   a. Complaint [Docket No. 1]

   b. Summons with Notice of Pre-Trial Conference [Docket No. 3]

   c. Answer to Complaint filed by Peter T. DeMasters, Flaherty, Sesabaugh, Bonasso PLLC and Susan Romain [Docket No. 6]

   d. Debtors' Motion for Dismissal of Adversary Proceeding Pursuant to Bankruptcy Rule 7012(b) and FRCP 12(b)(5), and (6) Or, in the

|  |  |
|---|---|
|  | Alternative, Permissive Abstention Pursuant to 28 U.S.C. Section 1334(c)(1) [Docket No. 7] |
| **e.** | Notice of Debtors' Motion for Dismissal of Adversary Proceeding Pursuant to Bankruptcy Rule 7012(b) and FRCP 12(b)(5), and (6) Or, in the Alternative, Permissive Abstention Pursuant to 28 U.S.C. Section 1334(c)(1) [Docket No. 9] |
| **f.** | Motion to Dismiss Adversary Proceeding filed by Kiyam J. Poulson on behalf of Seneca Trustees, Inc. [Docket No. 10] |
| **g.** | Memorandum of Law in Support of Defendant Seneca Trustees, Inc.'s Motion to Dismiss [Docket No. 11] |
| **Status**: | The pretrial conference on this matter will be going forward. |

**Williams v. GMAC Mortgage, LLC, *et al*. (Adv. Proc. No. 12-01896 (MG))**

**2.** Debtors' Motion for Dismissal of Adversary Proceeding Pursuant to Bankruptcy Rule 7012(b)(5) and (b)(6) Or, in the Alternative, Permissive Abstention Pursuant to 28 U.S.C. Section 1334(c)(1) [Docket No. 3]

  **Related Documents**:

  **a.** Complaint against GMAC Mortgage LLC to Determine the Nature, Extent and Validity of Lien and Disallow Secured Claim, TILA Violation, Fraud, Libel, Quiet Title, TRO, Preliminary and Permanent Injunctions for Violation of the Fair Debt Collection Practices Act [Docket No. 1]

  **b.** Summons with Notice of Pre-Trial Conference [Docket No. 2]

  **c.** Notice of Debtors' Motion for Dismissal of Adversary Proceeding Pursuant to Bankruptcy Rule 7012(b)(5) and (b)(6) Or, in the Alternative, Permissive Abstention Pursuant to 28 U.S.C. Section 1334(c)(1) [Docket No. 7]

  **Responses**:

  **a.** Response to Debtors' Motion to Dismiss Adversary Proceeding Pursuant to Fed. R. Bankr. P. 7012 and Fed. R. Civ. P. 12(b)(6) and Memorandum in Support Thereof [Docket No. 11]

  **Status**: The hearing on this matter will be going forward.

**VI.**     **UNCONTESTED INTERIM FEE APPLICATIONS**

**Related Documents**:

a.     Notice of Hearing on Interim Applications for Allowance of Compensation and Reimbursement of Expenses for the Period Between May 14, 2012 and August 31, 2012 [Docket No. 2024]

**Responses**:     None.

**1.**     First Interim Application of Towers Watson Delaware Inc. as Human Resources Consultant for the Debtors for Compensation and Reimbursement of Expenses Incurred for the Period June 25, 2012 Through August 31, 2012 [Docket No. 1858]

**Status**:     The hearing on this matter will be going forward.

**2.**     First Interim Fee Application of Arthur J. Gonzalez, as Chapter 11 Examiner, for Allowance of Compensation and Reimbursement of Expenses for the Period July 3, 2012 Through and Including August 31, 2012 [Docket No. 1900]

**Status**:     The hearing on this matter will be going forward.

**VII.**     **RESOLVED INTERIM FEE APPLICATIONS**

**Related Documents**:

a.     Notice of Hearing on Interim Applications for Allowance of Compensation and Reimbursement of Expenses for the Period Between May 14, 2012 and August 31, 2012 [Docket No. 2024]

**Responses**:

a.     Omnibus Objection of the United States Trustee Regarding Fee Applications for First Interim Compensation and Reimbursement of Expenses [Docket No. 2361]

**1.**     First Interim Application of Rubenstein Associates, Inc. as Corporate Communications Consultant for the Debtors for Compensation and Reimbursement of Expenses Incurred for the Period from May 14, 2012 Through August 31, 2012 [Docket No. 1794]

**Status**:     The Debtors have been advised that the U.S. Trustee's objection to this application has been resolved.

**2.**     First Interim Application of Kurtzman Carson Consultants, LLC as Administrative Agent for the Debtors for Compensation and Reimbursement of Expenses Incurred for the Period May 14, 2012 Through August 31, 2012 [Docket No. 1859]

        **Status**:    The Debtors have been advised that the U.S. Trustee's objection to this application has been resolved.

**3.**    First Fee Application of KPMG LLP, as Tax Compliance Professionals and Information Technology Advisors to the Debtors and Debtors In Possession, for Interim Allowance and Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred from May 14, 2012 through August 31, 2012 [Docket No. 1891]

        **Status**:    The Debtors have been advised that the U.S. Trustee's objection to this application has been resolved.

**4.**    First Interim Application of Deloitte & Touche LLP for Compensation for Services Rendered and Reimbursement of Expenses as Independent Auditor and Attest Service Provider to the Debtors for the Period from May 14, 2012 through August 31, 2012 [Docket No. 1902]

        **Status**:    The Debtors have been advised that the U.S. Trustee's objection to this application has been resolved.

## VIII. CONTESTED INTERIM FEE APPLICATIONS

**Related Documents**:

    **a.**    Notice of Hearing on Interim Applications for Allowance of Compensation and Reimbursement of Expenses for the Period Between May 14, 2012 and August 31, 2012 [Docket No. 2024]

**Responses**:

    **a.**    Omnibus Objection of the United States Trustee Regarding Fee Applications for First Interim Compensation and Reimbursement of Expenses [Docket No. 2361]

**1.**    First Interim Application of Bradley Arant Boult Cummings LLP as Special Litigation and Compliance Counsel for the Debtors for Compensation and Reimbursement of Expenses Incurred for the Period May 14, 2012, through August 31, 2012 [Docket No. 1882]

        **Status**:    The hearing on this matter will be going forward.

**2.**    First Interim Application of Carpenter Lipps & Leland LLP as Special Litigation Counsel for the Debtors for Compensation and Reimbursement of Expenses Incurred for the Period May 14, 2012 through August 31, 2012 [Docket No. 1889]

**Status**: The hearing on this matter will be going forward.

3. First Interim Application of Centerview Partners LLC as Investment Banker for the Debtors for Compensation and Reimbursement of Expenses Incurred for the Period May 14, 2012 through August 31, 2012 [Docket No. 1883]

   **Status**: The hearing on this matter will be going forward.

4. First Interim Application of Curtis, Mallet-Prevost, Colt & Mosle LLP, as Conflicts Counsel to the Debtors and Debtors In Possession, for Allowance and Payment of Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses Incurred from May 14, 2012 through and Including August 31, 2012 [Docket No. 1890]

   **Status**: The hearing on this matter will be going forward.

5. First Interim Application of Dorsey & Whitney LLP as Special Securitization and Investigatory Counsel for the Debtors for Compensation and Reimbursement of Expenses Incurred for the Period May 14, 2012 through August 31, 2012 [Docket No. 1872]

   **Related Documents**:

   a. Supplement to First Interim Application of Dorsey & Whitney LLP as Special Securitization and Investigatory Counsel for the Debtors for Compensation and Reimbursement of Expenses Incurred for the Period May 14, 2012 through August 31, 2012 [Docket No. 2301]

   **Replies**:

   a. Response of Dorsey & Whitney LLP to Omnibus Objection of the United States Trustee Regarding Fee Applications for First Interim Compensation and Reimbursement of Expenses [Docket No. 2442]

   **Status**: The hearing on this matter will be going forward.

6. First Quarterly Fee Application of Dykema Gossett PLLC for Compensation and Reimbursement of Expenses for Services Rendered as an Ordinary Course Professional for the Debtors for the Period of June 1, 2012 to August 31, 2012 [Docket No. 2272]

   **Status**: The hearing on this matter will be going forward.

7. First Interim Application of Fortace LLC as Consultant for the Debtors for Compensation and Reimbursement of Expenses Incurred for the Period May 21, 2012 through August 31, 2012 [Docket No. 1863]

ny-1068584                                14

        **Status**:    The hearing on this matter will be going forward.

**8.**    First Interim Application of FTI Consulting, Inc. as Financial Advisor for the Debtors for Compensation and Reimbursement of Expenses of Expenses Incurred for the Period May 14, 2012 through August 31, 2012 [Docket No. 1905]

        **Status**:    The hearing on this matter will be going forward.

**9.**    First Quarterly Fee Application of Locke Lord LLP for Compensation and Reimbursement of Expenses for the Period from May 14, 2012 through August 31, 2012 as Counsel Retained by Debtors in the Ordinary Course of Business [Docket No. 1886]

        **Replies**:

        **a.**    Reply of Locke Lord LLP to the Omnibus Objection of the United States Trustee Regarding Fee Applications for First Interim Compensation and Reimbursement of Expenses [Docket No. 2444]

        **Status**:    The hearing on this matter will be going forward.

**10.**    First Interim Application Cover Sheet of Mercer (US) Inc. as Compensation Consultants to the Debtors for the Period from May 14, 2012 through August 31, 2012 [Docket No. 1888]

        **Status**:    The hearing on this matter will be going forward.

**11.**    First Interim Application of Morrison Cohen LLP for Allowance of Interim Compensation for Professional Services Rendered and Expenses Incurred During the Period May 14, 2012 through August 31, 2012 [Docket No. 1904]

        **Status**:    The hearing on this matter will be going forward.

**12.**    First Interim Application of Morrison & Foerster LLP as Bankruptcy Counsel for the Debtors for Compensation and Reimbursement of Expenses Incurred for the Period May 14, 2012 through August 31, 2012 [Docket No. 1885]

        **Status**:    The hearing on this matter will be going forward.

**13.**    First Interim Application of Orrick, Herrington & Sutcliffe LLP as Special Securitization Transactional and Litigation Counsel for the Debtors for Compensation and Reimbursement of Expenses Incurred for the Period May 14, 2012 through August 31, 2012 [Docket No. 1871]

       **Replies**:

        **a.**    Response of Orrick, Herrington & Sutcliffe LLP, Special Securitization Transactional and Litigation Counsel to the Debtors, to Omnibus Objection

    of the United States Trustee Regarding Fee Applications for First Interim Compensation and Reimbursement of Expenses [Docket No. 2443]

  **Status**: The hearing on this matter will be going forward.

**14.** Application of Prince Lobel Tye LLP for an Award of Compensation and Reimbursement of Expenses for Services Rendered as an Ordinary Course Professional for the Debtors for the Period of May 14, 2012 Through August 31, 2012 [Docket No. 2025]

  **Replies**:

  **a.** Response of Prince Lobel Tye LLP to Omnibus Objection of the United States Trustee Regarding Fee Applications for First Interim Compensation and Reimbursement of Expenses [Docket No. 2453]

  **Status**: The hearing on this matter will be going forward.

**15.** Application of Reed Smith, LLP for an Award of Compensation for Services Rendered as an Ordinary Course Professional for the Debtors for the Period of July 1, 2012 through July 31, 2012 [Docket No. 1892]

  **Related Documents**:

  **a.** Declaration of Ira S. Lefton in Support of Reed Smith LLP's Reply to Omnibus Objection of United States Trustee Regarding Fee Applications for First Interim Compensation and Reimbursement of Expenses [Docket No. 2457]

  **Replies**:

  **a.** Reply of Reed Smith LLP to Omnibus Objection of the United States Trustee Regarding Fee Applications for First Interim Compensation and Reimbursement of Expenses [Docket No. 2452]

  **Status**: The hearing on this matter will be going forward.

**16.** Application of Reed Smith, LLP for an Award of Compensation and Reimbursement of Expenses for Services Renderd as an Ordinary Course Professional for the Debtors for the Period of August 1, 2012 through August 31, 2012 [Docket No. 1895]

  **Related Documents**:

  **a.** Declaration of Ira S. Lefton in Support of Reed Smith LLP's Reply to Omnibus Objection of United States Trustee Regarding Fee Applications for First Interim Compensation and Reimbursement of Expenses [Docket No. 2457]

**Replies**:

a. Reply of Reed Smith LLP to Omnibus Objection of the United States Trustee Regarding Fee Applications for First Interim Compensation and Reimbursement of Expenses [Docket No. 2452]

**Status**: The hearing on this matter will be going forward.

17. First Interim Application of Severson & Werson, P.C. as Special California Litigation Counsel for Debtors for Compensation and Reimbursement of Expenses Incurred for the Time Period May 15, 2012 Through August 31, 2012 [Docket No. 1850]

**Replies**:

a. Reply of Severson & Werson, P.C. as Special California Litigation Counsel for Debtors to the Omnibus Objection of the United States Trustee Regarding First Application for Compensation and Reimbursement of Expenses Incurred for the Time Period May 15, 2012 through August 31, 2012 [Docket No. 2455]

**Status**: The hearing on this matter will be going forward.

18. Application of Troutman Sanders LLP for an Award of Compensation and Reimbursement of Expenses for Services Rendered as an Ordinary Course Professional for the Debtors for the Period of August 1, 2012 through August 31, 2012 and First Interim Application of Troutman Sanders LLP for an Award of Compensation and Reimbursement of Expenses for Services Rendered as an Ordinary Course Professional for the Debtors for the Period of May 14, 2012 through August 31, 2012 [Docket No. 1894]

**Status**: The hearing on this matter will be going forward.

19. First Interim Application of Alixpartners, LLP, Financial Advisor to the Official Committee of Unsecured Creditors, for Compensation and Reimbursement of Expenses for the Period May 21, 2012 through August 31, 2012 [Docket No. 1884]

**Status**: The hearing on this matter will be going forward.

20. First Application of Kramer Levin Naftalis & Frankel LLP, Counsel for the Official Committee of Unsecured Creditors, for Interim Allowance of Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses Incurred from May 16, 2012 through August 31, 2012 [Docket No. 1896]

**Status**: The hearing on this matter will be going forward.

21. First Interim Application of Moelis & Company LLC for Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred as Investment Banker to the Official Committee of Unsecured

      Creditors for the Period from May 16, 2012 through August 31, 2012 [Docket No. 1898]

      **Related Documents**:

      **a.**    Supplement to First Interim Application of Moelis & Company LLC for Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred as Investment Banker to the Official Committee of Unsecured Creditors from May 16, 2012 through August 31, 2012 [Docket No. 2271]

      **Status**:    The hearing on this matter will be going forward.

**22.**    First Interim Fee Application of Chadbourne & Parke LLP, Counsel to the Examiner, for Allowance of Compensation and Reimbursement of Expenses for the Period July 11, 2012 Through and Including August 31, 2012 [Docket No. 1897]

      **Replies**:

      **a.**    Response of Chadbourne & Parke LLP to the Omnibus Objection of the United States Trustee Regarding Fee Applications for First Interim Compensation and Reimbursement of Expenses [Docket No. 2464]

      **Status**:    The hearing on this matter will be going forward.

**23.**    First Interim Fee Application of Mesirow Financial Consulting, LLC for Compensation and Reimbursement of Expenses as Financial Advisor to the Examiner for the Period July 24, 2012 through August 31, 2012 [Docket No. 1906]

      **Status**:    The hearing on this matter will be going forward.

**IX.**    **UNCONTESTED/SETTLED MATTERS**

**1.**    Application of the Examiner for Order Authorizing the Retention and Employment of Wolf Haldenstein Adler Freeman & Herz LLP as Conflicts Counsel to the Examiner *Nunc Pro Tunc* to October 15, 2012 [Docket No. 2261]

      **Related Documents**:

      **a.**    Certificate of No Objection Under 28 U.S.C. § 1746 Regarding the Retention of Wolf Haldenstein Adler Freeman & Herz LLP as Conflicts Counsel to the Examiner Nunc Pro Tunc to October 15, 2012 [Docket No. 2341]

      **Responses**:    None.

      **Status**:    A certificate of no objection has been filed with the Court. The Court may determine that no hearing is required.

**2.** Debtors' Motion for Order Under 11 U.S.C. §§ 105(a) and 365(a), Fed. R. Bankr. P. 6006 and 9014 and 6006-1 Authorizing Assumption of Unexpired Lease [Docket No. 2354]

**Related Documents**:

**a.** Certificate of No Objection Regarding Debtors' Motion for Order Under 11 U.S.C. §§ 105(a) and 365(a), Fed. R. Bankr. P. 6006 and 9014 and 6006-1 Authorizing Assumption of Unexpired Lease [Docket No. 2454]

**Responses**: None.

**Status**: A certificate of no objection has been filed with the Court. The Court may determine that no hearing is required.

Dated: December 18, 2012
New York, New York

/s/ Gary S. Lee
Gary S. Lee
Lorenzo Marinuzzi
Norman S. Rosenbaum
Todd M. Goren
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*