Hearing Date:    December 20, 2012, at 10:00 a.m. (ET)

Bradley Arant Boult Cummings LLP
1819 5th Avenue North
Birmingham, Alabama  35203
Phone:  (205) 521-8000
Fax:  (205) 521-8800
Robert W. Maddox, Esq.
Jay R. Bender, Esq.
Christopher L. Hawkins, Esq.

*Special Litigation and Compliance Counsel
for the Debtors*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

**RESPONSE TO OBJECTION OF UNITED STATES TRUSTEE TO FIRST INTERIM APPLICATION OF BRADLEY ARANT BOULT CUMMINGS LLP AS SPECIAL LITIGATION AND COMPLIANCE COUNSEL FOR THE DEBTORS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD MAY 14, 2012, THROUGH AUGUST 31, 2012**

Bradley Arant Boult Cummings LLP ("**Bradley Arant**"), special litigation and compliance counsel to Residential Capital, LLC., *et al.*, as debtors and debtors in possession (collectively, the "**Debtors**"), hereby files its response to the objections raised by the United States Trustee (the "**Trustee**") to Bradley Arant's first interim application for compensation and reimbursement of expenses (the "**Application**") [Docket No. 1882] in the Omnibus Objection of the United States Trustee Regarding Fee Applications for First Interim Compensation and Reimbursement of Expenses (the "**Omnibus Objection**") [Docket No. 2361]:

1

## BACKGROUND

A.     **The Chapter 11 Cases**

1.     On May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code.  The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).  No trustee has been appointed in these Chapter 11 cases.

2.     On August 9, 2012, the Court held a duly-noticed hearing on the Debtors' application under sections 327(e) and 328 of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1 for authorization to employ Bradley Arant as special litigation and compliance counsel to the Debtors and to approve the Debtors' alternative billing arrangement with Bradley Arant [Docket No. 721] (the "**Retention Application**").  On August 10, 2012, the Court issued its Memorandum Opinion [Docket No. 1077] approving the Retention Application and overruling certain limited objections thereto asserted by the Official Committee of Unsecured Creditors (the "Committee") and by Patrick J. Hopper ("Mr. Hopper").  On August 20, 2012, the Court entered that certain Order Under Sections 327(e) and 328 of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1 Authorizing (I) the Employment and Retention of Bradley Arant Boult Cummings LLP as Special Litigation and Compliance Counsel to the Debtors, *Nunc Pro Tunc* to May 14, 2012, and (II) Approving the Alternative Billing Arrangement [Docket No. 1221] (the "**Retention Order**"),[1] approving Bradley Arant's employment pursuant to the Retention Application.

---

[1] By order entered September 27, 2012 [Docket No. 1600], the Court denied the motion of Patrick J. Hopper [Docket No. 1351] for reconsideration of the Retention Order.

2

3.      Pursuant to this Court's Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (the "**Interim Compensation Order**") [Docket No. 797], Bradley Arant submitted monthly fee statements to the Debtors and their counsel, counsel for the Creditors' Committee, counsel for Ally Financial Inc., counsel for Barclays Bank PLC, and the United States Trustee (the "**U.S. Trustee**") for the period from May 14, 2012 through August 31, 2012 (the "**Fee Period**").

4.      On October 19, 2012, Bradley Arant filed its first interim fee application for the Fee Period {the "**Bradley Arant Fee Application**") [Docket No. 1882]. In the Bradley Arant Fee Application, Bradley Arant requested compensation for fees in the amount of $4,207,515.65 and reimbursement of actual and necessary expenses in the amount of $157,682.41. The Bradley Arant Fee Application included invoices for over 300 different client matters that Bradley Arant is handling on the Debtors' behalf.

5.      Since the filing of the Bradley Arant Fee Application, Bradley Arant has worked with the Debtors to review the invoices that comprised the Bradley Arant Fee Application and to reconcile those billings with the Debtors. Through that reconciliation process, Bradley Arant has agreed to adjustments of the fee and expense requests made pursuant to Bradley Arant Fee Application. Specifically, as a result of such reconciliation, the Applicant's adjusted request for compensation of fees totals $4,137,820.54 and its adjusted request for reimbursement of expenses totals $148,999.34.

6.      On December 7, 2012, the U.S. Trustee filed the Omnibus Objection. With respect to the Bradley Arant Fee Application, the U.S. Trustee objected to two categories of requested compensation: (a) compensation for Transitory Timekeepers in the total amount of $22,656 and (b) compensation relating to Bradley's retention and fee application preparation.

*See* Omnibus Objection at 17-18.  With respect to the second objection category, Bradley Arant had requested $113,834.70 in fees for work relating to retention and fee application matters.  The U.S. Trustee found that $96,260.80 of such fees were attributable to retention matters, but stated without explanation its recommendation that "allowed fees not exceed $15,000 in connection with their efforts to be retained."  The U.S. Trustee objected to the remaining $17,573.90 of these requested fees on the basis that such time entries were attributable to the impermissible review and editing of time entries.

7. No other objections were filed to the Bradley Arant Fee Application.

8. Since the filing of the Omnibus Objection, Bradley Arant and the U.S. Trustee have engaged in good faith negotiations regarding the objections raised by the U.S. Trustee.  After substantial negotiations, Bradley Arant and the U.S. Trustee have agreed to a reduction of Bradley's requested fees by the amount of $77,032.30.

9. Accordingly, Bradley Arant respectfully requests that the Court enter an order approving the Bradley Arant Fee Application and granting interim allowance of Bradley Arant's fees in the total amount of $4,060,788.24 and the reimbursement of its expenses in the total amount of $148,999.34, for a total allowed claim of $4,209,787.58.

Dated: December 18, 2012

                     */s/ Jay R. Bender*
                     Robert W. Maddox, Esq.
                     Jay R. Bender, Esq.
                     Christopher L. Hawkins, Esq.
                     BRADLEY ARANT BOULT CUMMINGS LLP
                     1819 5th Avenue North
                     Birmingham, Alabama  35203
                     Phone:  (205) 521-8000
                     Fax:  (205) 521-8800

                     *Special Litigation and Compliance Counsel*
                     *for the Debtors*