Troutman Sanders LLP
222 Central Park Avenue
Suite 2000
Virginia Beach, VA  23462
Telephone: (757) 687-7500
Facsimile: (757) 687-7510
Jason E. Manning

*Ordinary Course Professional for the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | Chapter 11 |
| Debtors. | Jointly Administered |

**RESPONSE OF TROUTMAN SANDERS LLP TO OMNIBUS OBJECTION
OF THE UNTIED STATES TRUSTEE REGARDING FEE APPLICATIONS FOR
FIRST INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Troutman Sanders LLP ("Applicant"), an Ordinary Course Professional, hereby submits its response to the Omnibus Objection of the United States Trustee ("Trustee") (ECF No. 2361) regarding Applicant's first interim application for an award of compensation and reimbursement of expenses (ECF No. 1894), for the period from May 14, 2012 through August 31, 2012 (the "Fee Period").  Applicant respectfully states as follows:

**I.    RELEVANT BACKGROUND**

1.    On August 14, 2012, the Debtors filed the Affidavit of Disinterestedness sworn to by John C. Lynch, a partner of Applicant, on August 7, 2012 (the "Applicant Affidavit"), along with the accompanying Retention Questionnaire (ECF No. 1127).  Pursuant to the Applicant

Affidavit, the Debtors sought to retain Applicant as an ordinary course professional under the OCP Order to provide legal services to the Debtors, including regarding defense of claims brought by individual borrowers pertaining to consumer lending issues, *nunc pro tunc* to the Petition Date.  Because no objections to the employment of Applicant as an ordinary course professional were filed, under the OCP Order, the retention of Applicant was deemed approved.

2. During the Interim Period, Applicant performed work defending the Debtors in litigation in various jurisdictions including Virginia, West Virginia, and Georgia.  In general, Applicant defended Debtor against claims brought by individual borrowers pertaining to consumer lending issues, including, but not limited to, allegations of wrongful foreclosure, irregularities in the foreclosure process, violation of applicable statutes related to foreclosure requirements, breach of alleged oral modification, breach of promises to forbear from foreclosing, quiet title, partition actions, unfair business practices claims, state statutory consumer protection violations, loan origination claims, loan servicing claims, and other claims related to mortgage lending and servicing.

3. On October 19, 2012, Applicant, pursuant to Sections 327, 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), and the Order Under Bankruptcy Code Sections 105(a), 327 and 330 and Bankruptcy Rule 2014 Authorizing Employment and Payment of Professionals Utilized in Ordinary Course of Business *Nunc Pro Tunc* to the Petition Date (ECF No. 799), dated July 17, 2012 (the "OCP Order"), filed its first application for compensation and reimbursement of expenses incurred during the Fee Period (ECF No. 1894) (the "Application").  By way of its Application, Applicant seeks

compensation in the amount of $218,509.74 and reimbursement of $3,714.82 in expenses for services rendered during the Fee Period.[1]

4. On October 31, 2012, the Debtors filed a Notice of Hearing on Interim Applications for Allowance of Compensation and Reimbursement of Expenses for the Period Between May 14, 2012 and August 31, 2012 (the "Notice of Hearing"). The Notice of Hearing advised the interested parties that the hearing on the first interim fee applications would occur on December 20, 2012. The Notice of Hearing further advised that objections to any application "shall be due no later than **November 30, 2012**." (ECF No. 2024) (emphasis in original).

5. On December 7, 2012, one full week after expiration of the objection deadline, the Trustee filed its Omnibus Objection to various interim fee applications, including the Application submitted by Applicant. (ECF No. 2361).

6. In its Omnibus Objection, the Trustee objects to $1,937.55 in fees billed by three of Applicant's attorneys, who each billed less than five hours during the Fee Period, on the ground that the services provided by those attorneys were "transitory" and had questionable value to the estate.[2] The Trustee also objects to $653.00 in fees billed prior to the Fee Period. (ECF No. 2361, at p. 52-53).

---

[1] In its Omnibus Objection, the Trustee states that Applicant is seeking compensation in the amount of $344,050.24 and reimbursement of $6,801.79 in expenses. (ECF No. 2361, at p. 52). It is uncertain how the Trustee calculated these amounts. It is possible that the Trustee included amounts that Applicant is seeking in its October Monthly Fee Application in the Trustee's calculation. (ECF No. 2324). However, amounts sought in the October Monthly Fee Application fall outside the First Interim Fee Period, which concludes on August 31, 2012.

[2] The total amount in fees billed by the three attorneys during the Fee Period was actually $1,525.55, not $1,937.55 as the Trustee claims. (ECF No. 1894 – Time Keeper Summary for Interim Period). It is uncertain how the Trustee derived the inflated dollar amount.

## II.    ARGUMENT

**A.    The Trustee's Objection is Untimely**

The Trustee's Objection is procedurally defective. The time period for filing objections to the interim fee applications expired on November 30, 2012. The Trustee did not file its Objection until one week later, on December 7, 2012. Accordingly, the Trustee's Objection should be overruled as untimely.

**B.    The Trustee's Objection to Fees Derived From Allegedly "Transitory" Services Should Be Overruled**

The Trustee objects to $1,937.55 in fees billed by Attorneys Jones, Ruhling, and Schlesinger during the Fee Period. Contrary to the Trustee's calculation, the actual amount of fees billed by these attorneys totals $1,525.55. Attorney Jones billed $193.55 in fees for 0.7 hours of work, Attorney Ruhling billed $212.00 for 0.8 hours, and Attorney Schlesinger billed $1,120.00 for 2.8 hours. (ECF No. 1894 – Time Keeper Summary for Interim Period).

The Trustee bases his objection on the fact that each attorney billed less than 5.0 hours during the Fee Period. On that basis alone, the Trustee concludes that the services provided by these attorneys were "transitory" in nature, and thus have a questionable value to the estate. In support of its conclusory claim, the Trustee relies on *In re Jefsaba*, 172 B.R. 786, 806 (Bankr. E.D. Pa. 1994) for the proposition that fees should be disallowed when the estate bears the cost of a professional's learning curve, unless the applicant explains the value conferred by the allegedly transitory timekeepers. (ECF No. 2361, at p. 17).

However, the Trustee's reliance on *In re Jefsaba* is misplaced. Contrary to the Trustee's assertions, that case does not support the contention that the number of hours spent on a matter by a timekeeper is an indicia of the benefit conferred on the bankruptcy estate by that timekeeper.

Rather, the Court's decision in that case explains that the bankruptcy estate should not bear the "learning curve" costs associated with repeatedly changing the staffing of a matter. *Id.* at 801.

In fact, the principles set forth in *In re Jefsaba* provide support for Applicant's recovery of the fees billed by Attorneys Jones, Ruhling, and Schlesinger. As explained in that case, timekeepers must be prudent in the number of hours spent on a matter because "excessive or unnecessary time is not compensable." *Id.* at 786 (citing 11 U.S.C. § 330(a)). Additionally, the court explained that it had "no particular objection to one professional performing the work and a second professional reviewing the work product and offering comments and suggestions, especially where that second person brings a different expertise to the matter. Such an exchange of experience and knowledge between professionals within the same firm or company makes best use of each professional's abilities and is one of the benefits of multi-person firms." *Id.* at 800.

As set forth above and evidenced by the invoices attached to the Application, Applicant defends various debtor entities in multiple litigation matters in various jurisdictions on a daily basis. There is no indication in the Trustee's Objection that any of the services provided by Applicant's attorneys was for any work that would be considered "learning curve" costs. There is no indication that the services provided by the attorneys were duplicative of other efforts or otherwise excessive or unnecessary. To the contrary, the services provided by the attorneys were reasonable and necessary, and thus valuable to the estate. Accordingly, Applicant respectfully requests that the fees associated with the services performed by these attorneys be approved.

### III.     CONCLUSION

For the reasons set forth above, Applicant respectfully requests that the Trustee's Objection to its Application be overruled, and that Applicant be awarded the fees and expenses sought in its Application, and for such other and further relief as the Court may deem appropriate.

Dated:  December 18, 2012

                          TROUTMAN SANDERS LLP

                          By:     /s/ Jason E. Manning
                                Jason E. Manning (NY Bar #4207288)
                                TROUTMAN SANDERS LLP
                                222 Central Park Avenue
                                Suite 2000
                                Virginia Beach, VA  23462
                                Telephone: (757) 687-7500
                                Facsimile: (757) 687-7510
                                Email:  jason.manning@troutmansanders.com

                                **Ordinary Course Professional For The Debtors and Debtors in Possession**