**Hearing Date:  December 20, 2012 at 10:00 a.m. (ET)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**FTI CONSULTING, INC.'S REPLY TO OMNIBUS OBJECTION OF THE UNITED STATES TRUSTEE REGARDING FEE APPLICATIONS FOR FIRST INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES**

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

FTI Consulting, Inc. ("FTI" or the "Applicant"), financial advisor to the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), submits this reply (the "Reply") to the objections to the *Omnibus Objection Of The United States Trustee* (the "Trustee") *Regarding Fee Applications For First Interim Compensation And Reimbursement Of Expenses* [Docket No. 2361] (the "Objection").[1]  In further support of the *First Interim Application for Compensation and Reimbursement of Expenses* [Docket No. 1905] (the "Application"), FTI states as follows:

## BURDEN OF PROOF

1.     The applicant bears the burden of proof on its claim for compensation. *See, e.g., Houlihan Lokey Howard & Zukin Capital v. High River Ltd. P'Ship*, 369 B.R. 111, 115 (S.D.N.Y. 2007) (citing *In re Keene Corp.*, 205 B.R. 690, 695 (Bankr. S.D.N.Y. 1997). However, "[a] party opposing a fee application must carry the burden of explaining what therein is unreasonable or, at least, what would be reasonable under the circumstances.  Absent such evidence by the objectant, the opposition fails." *In re Blackwood Assocs., L.P.*, 165 B.R. 108, 112 (Bankr. E.D.N.Y. 1994).  FTI submits that the Application is sufficient to establish the reasonableness of its requested compensation and expenses.  Set forth below are additional disclosures and information that rebut or respond to each of the points raised in the Trustee's Objection.

## BACKGROUND

1.     The Debtors' bankruptcy cases are undeniably complex; involving 51 Debtor entities with billions of dollars of assets and liabilities, and which employ almost 4,000

---

[1]     Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Objection.

1

employees. FTI has performed a myriad of functions during the Fee Period, all of which have brought value to the Debtors' estate. These efforts have required reliance on many professionals at FTI with various areas of expertise, many of whom worked on several different work streams of the Debtors' cases.

2. Despite the complexity of this case, it is clear that FTI has performed a wide-variety of services that has been beneficial to the Debtors and the estate and FTI submits that the fees, rollover amount, and expenses requested in the Application were incurred in connection with these value-added services. FTI further submits that its Application provides sufficient information to ascertain the reasonableness of the fees for which FTI seeks allowance. Accordingly, FTI requests that the Court overrule the Trustee Objection except as otherwise agreed herein, and approve FTI's Application on an interim basis.

**GENERAL RESPONSES**

3. With respect to the Trustee's objections, FTI believes that its requested compensation and expenses are reasonable and appropriate. However, if a fee reduction were to be approved or agreed to at a future point, FTI believes such reduction should be applied to the Rollover Amount (as defined in FTI's interim fee application and as described below) as opposed to the requested fees.

4. Pursuant to FTI's Retention Order for the Application Period, FTI shall be compensated on an hourly basis, subject to a Monthly Cap and Rollover Provision, and shall receive reimbursement of actual and necessary expenses incurred by FTI. The Monthly Caps for the Application Period were $4,000,000.00 for the period from May 14, 2012 through June 30, 2012, and $1,750,000.00 for the months of July and August, 2012. The Rollover Provision allows for FTI to bill for any carryover of fees in excess of the Monthly Cap from prior months,

2

on a cumulative basis, provided that the total monthly fee amount for any month does not exceed the Monthly Cap. The Rollover Provision will remain in effect up to and including the month of March 2013.

5. Under the terms of FTI's retention, it is our understanding that if reductions were assessed against the requested fees, that these amounts would be applied to the Rollover Amount. Since FTI has the ability to use the Rollover Amount to supplement any shortfalls between fees requested and the Monthly Cap, if the requested fees were to be reduced due to the Objection then FTI would apply its Rollover Amount to supplement the requested fees to the Monthly Cap.

## SPECIFIC RESPONSES

6. The Trustee raised a number of points in their Objection. FTI has reviewed the time and expense detail submitted in the Application and respectfully submits the following responses.

### A. Transitory Timekeepers

7. The Trustee seeks a reduction of $12,956.50, related to timekeepers that billed less than five hours during the Fee Period. The Trustee argues that these timekeepers could not add value to the estate in so little a period of time. FTI respectfully disagrees based on the following reasons.

8. Certain professionals included in this group have spent a significant amount of time working with the Debtors prior to filing and had existing knowledge of the Debtors prior to the Fee Period. Specifically, Scott Friedland responded to questions from the Examiner regarding his work pre-petition, and Jeremy Stern provided support in First Day Motions after having significant experience with the Debtors prior to the filing.

3

9. In addition, certain professionals were asked to assist in various workstreams of the case based on their level of expertise in a particular area. Specifically, Steve Joffe provided specific knowledge related to certain tax questions, and Steven Blum provided specific knowledge related to technical accounting.

10. In certain instances, there was no learning curve for a particular task and therefore no harm to the estate from using an individual (e.g., Alana Heller) not actively involved in the case. This work would have been performed anyway by an individual on the regular engagement team if not performed by the "Transitory" biller. In this case, the individual timekeepers work resulted in research to support the Declaration of William J. Nolan in Support of the Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of the RMBS Trust Settlement Agreements.

11. The remaining individual, Richard Lefebvre, was new to the case in August at the end of the first fee application period, however, he charged significant hours during the next fee application period.

12. As described, FTI believes that these professionals did add value to the Estate and that the Trustee's objection to these fees should be overruled.

### B. Fees Related to KEIP/KERP

13. The Trustee objected to 25% of FTI's $236,903 in fees under the KEIP/KERP task codes, or approximately $59,225.

14. As the Trustee has objected to FTI's fees related to KEIP/KERP on the same basis as those of Morrison & Foerster LLP ("M&F"), FTI joins M&F on their response to this point as set forth in their response to the Trustee objection. FTI is willing to postpone seeking interim

4

approval of those disputed amounts, approximately $59,225, which will be held over (or, to the extent already paid, credited against the 20% holdback) at this time.

### C. Reviewing and Editing of Time Entries and Educational Efforts

15. The Trustee objected to all of FTI's fees under the task code "Fee Application Process", approximately $148,424. The Trustee argues that these fees were related to work that was either i) educational expenses that should be included in overhead or ii) revisions of time entries for the current interim billing period. FTI respectfully disagrees with the disallowance of all of these fees for the following reasons.

16. FTI's fees during the Fee Period was primarily related to preparing the exhibits for the monthly fee statements, the time spent to prepare the exhibits for the monthly fee statements directly reduces the time spent on the preparation of the quarterly interim fee applications as the time and expense detail exhibits are exactly the same. It is our understanding that time spent on preparation of the interim fee applications is compensable.

17. In preparing the monthly fee statement exhibits FTI has to cap and eliminate certain expenses, which requires a thorough review of the expense detail. In addition, in order to ensure compliance with Trustee guidelines, and many of the items the Trustee included in its omnibus objection, it is necessary to carefully review the detailed time entries to ensure compliance. It should be noted that it takes a significant amount of time to ensure compliance for over 14,000 time entries and prepare the detailed fee statement exhibits.

18. In addition, it should be noted that as a financial advisor, FTI does not in the ordinary course prepare detailed time for non-bankruptcy matters. As such FTI does not have the systems and processes in place to automatically prepare fee application exhibits.

5

19.     A blanket disallowance of fee application preparation is inconsistent with FTI's past experiences with the United States Bankruptcy Court in the Southern District of New York. FTI believes that the overall time (1.8% of fees requested, including the Rollover Amount) charged is reasonable and as such believes that this objection should be overruled.

### D. Out of Town Meals

20.     The Trustee objected to FTI's caps on "business meals" of $20 for overtime meals and $40 for out-of-town meals, proposing that all meals should be capped at $20. FTI respectfully disagrees on the $20 cap on out-of-town meals.

21.     In addition, the US Trustee objects to the entire amount of business meals ($24,423.64) during the fee period. However, many of these meals fall below the proposed $20 cap, as FTI has capped all overtime meals at $20, and by the Trustee's own objection the amount of out-of-town meals up to $20 would be allowed.

22.     The Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases specifically mentions the $20 cap on meals in the context of overtime expenses, and FTI has complied with this cap for all non-travel meals. However, as financial advisor to the Debtors, FTI professionals frequently work on site at the Debtors' offices and as such many of the meals incurred by its professionals are while travelling at the client site not overtime meals in the office. As has been FTI's experience with the United States Bankruptcy Court in the Southern District of New York, including in Lehman Brothers Holdings Inc., et al, and more recently in MF Global Holdings Ltd, et al., (which expenses while not yet approved were not objected to on these grounds) caps of $40 were applied for out of town meals. As such FTI believes this objection should be overruled.

## **CONCLUSION**

In light of the points made above, FTI submits that no reduction of its fees is appropriate, however, FTI agrees to postpone seeking interim approval of the approximately $59,225 related to the KEIP objection. Accordingly, FTI proposes to seek final compensation for the Fee Period in the amount of $7,440,774.25, the Rollover Amount of $584,468.50 and reimbursement for expenses for the Fee Period in the amount of $385,757.98.

WHEREFORE, FTI respectfully requests that the Court enter an order (a) approving interim compensation in the sum of $7,440,774.25, approval of the Rollover Amount of $584,468.50 and interim reimbursement of expenses in the sum of $385,757.98, and directing prompt payment of all compensation and expenses not previously paid, and (b) granting to FTI such other and further relief as the Court may deem proper.

New York, New York  
Dated: December 19, 2012

/s/ *William J. Nolan*

William J. Nolan  
FTI CONSULTING, INC.  
3 Times Square  
New York, New York 10036  
Telephone: (212) 247-1010  
Facsimile: (212) 841-9350  
william.nolan@fticonsulting.com

*Financial Advisor to the Debtors and Debtors in Possession*