IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

DERRICK LYTLE,                              ) Case No.: 12-BK-12032
                                           )
5082 Luna Negra Drive                      )
                                           )
Orlando, FL 32911                          ) Adv. Proc. No. _____
                                           )
          Plaintiff,                       )
                                           )
     vs.                                   )
                                           )
GMAC MORTGAGE LLC,                         )
                                           )
And                                        )
                                           )
VISTA LAGO HOMEOWNERS ASSOCIATION,         )
                                           )
INC                                        )
                                           )
AND                                        )
                                           )
BIRMINGHAM BANCORP MORTGAGE                 )
                                           )
6230 ORCHARD LAKE ROAD STE 208             )
                                           )
WEST BLOOMFIELD, MI 48322                   )
                                           )
AND                                        )
                                           )
MORTGAGE ELECTRONIC REGISTRATION            )
                                           )
SYSTEM INC. AS NOMINEE FOR BIRMINGHAM      )
                                           )
BANCORP MORTGAGE CORPORATION                )
                                           )
AND                                        )
                                           )
KATRINA JORDAN                             )
                                           )
VP MORTGAGE ELECTRONIC REGISTRATION         )
                                           )
SYSTEMS, INC                               )
_____     )

RECEIVED
DEC 1 4 2012

COMPLAINT FOR INJUNCTIVE RELIEF, SANCTIONS AND TO DETERMINE NATURE AND EXTENT

OF LIENS PURSUANT TO 11 U.S.C. 506(A) - 1

| | |
|---|---|
| 1 | AND ) |
| | ) |
| 2 | JEFFREY STEPHAN VP ) |
| | ) |
| 3 | MORTGAGE ELECTRONIC REGISTRATION ) |
| | ) |
| 4 | SYSTEMS INC. ) |
| | ) |
| 5 | ALL UNKNOWN PARTIES ) |
| | )_ |
| 6 | Defendant |

7

**8   COMPLAINT FOR INJUNCTIVE RELIEF, SANCTIONS AND TO DETERMINE NATURE AND EXTENT**

**9   OF LIENS PURSUANT TO 11 U.S.C. 506(A)**

10   Plaintiff, Derrick Lytle, pro se Plaintiff seeks injunctive relief and

11   sanctions, and to Determine Nature and Extent of Liens pursuant to 11 U.S.C.

12   506(A), 11 U.S.C. 105(a) and this Court's inherent equitable powers, against

13   GMAC Mortgage LLC ("GMAC Mortgage") for engaging in bad faith conduct that

14   abused the judicial process.

**15   PARTIES**

16   1.  Derrick Lytle, are the record owners of the Property sough to be

17       foreclosed by the Plaintiff's alleged Mortgage.

18   2.  Defendant GMAC Mortgage has alleged that it holds the Note and

19       mortgage of Plaintiff's mortgage.

20   3.  Defendant Vista Lago Homeowners Association, Inc., are entities who

21       have or may claim some right, title or interest in the Property sough

22       to be foreclosed by Plaintiff's Mortgage.

23

24

25

COMPLAINT FOR INJUNCTIVE RELIEF, SANCTIONS AND TO DETERMINE NATURE AND EXTENT

OF LIENS PURSUANT TO 11 U.S.C. 506(A) - 2

4. Defendant Mortgage Electronic Registration Systems, Inc., Jeffrey
Stephan and Katrina Jordan submitted fraudulent Assignments to force
an illegal foreclosure on Plaintiff's property.

**JURISDICTION**

5. The Court has jurisdiction over this lawsuit because it involves a
core matter pursuant to 28 U.S.C. 1334 and 28 U.S.C.
157(a),(b)(2)(b)(2)(g).

6. This adversary proceeding relates to In re GMAC MORTGAGE LLC, a
chapter 11 case pending before the United States Bankruptcy Court for
the Southern District of New York, docketed as case number 12-BK-12032

7. This action is brought pursuant to Bankruptcy Rule 70012(2) to
determine the validity, priority, or extent of a lien, ownership
(holder of the Note) or other interest in property, i.e., the interest
of Defendant in Plaintiff's home.

8. Plaintiff purchase the Property on or about April 17, 2002 from
Birmingham Bancorp Mortgage Corporation.

9. Jairo Serna and Monica Arebelaez executed a Warranty Deed on September
23, 2008 to Plaintiff

10.    GMAC is not the Owner of Plaintiff Mortgage/Note and is not the
Real Party of Interest in this alleged foreclosure at issue.

11.    Plaintiff disputes GMAC claim and secured status in its totality.

12.    On or about April 6, 2010, Defendant Mortgage Electronic
Registration Systems, Inc., as nominee for Birmingham Bancorp Mortgage
Corporation recorded the first fraudulent Assignment of Mortgage and

COMPLAINT FOR INJUNCTIVE RELIEF, SANCTIONS AND TO DETERMINE NATURE AND EXTENT
OF LIENS PURSUANT TO 11 U.S.C. 506(A) - 3

1  signed by Robo signer Jeffrey Stephan, Vice President for Mortgage

2  Electronic Registration System, Inc.

3  13.   Plaintiff received an assessment of the value of his residence at

4  5082 Luma Negra Drive Orlando, FL 32811 from the Orange County's

5  Assessment Department.  The 2012 market value is listed as **$50,000.**

6  14.   Therefore, Plaintiff can 'STRIP OFF' as totally unsecured the

7  difference. Since the amount of the mortgage exceeded the balue of the

8  Plaintiff's residence on the date of Defendant filing for Chapter 11.

9  15.   On April 16, Defendant Mortgage Electronic Registration System

10  Inc., as nominee for Birmingham Bancorp Mortgage Corporation submitted

11  a fraudulent corrective assignment of mortgage.  See Exhibit A a true

12  and correct copy attached.

13  16.   Plaintiff request this court to force the Defendant GMAC Mortgage

14  to accept a Twenty Four Thousand Dollar buyout of Plaintiffs mortgage

15  by stripping the mortgage to todays market value.

16  17.   Therefore, the lien of Defendant must be declared void, but the

17  claim allowed as an unsecured claim under the Chapter 11 plan.

18  WHEREFORE, Plaintiff requests that this Court assume jurisdiction of

19  this case and order that Defendant's secured interest in Plaintiffs

20  home is void, that Defendant's claim as the owner/holder of note be

21  declared void.

22  Dated this 12/10/2012

23

24  DERRICK LYTLE, PRO SE

25

COMPLAINT FOR INJUNCTIVE RELIEF, SANCTIONS AND TO DETERMINE NATURE AND EXTENT

OF LIENS PURSUANT TO 11 U.S.C. 506(A) - 4

# EXHIBIT "A"

# COMPLAINT TO FORECLOSE MORTGAGE

6-5

IN THE CIRCUIT COURT OF
THE 9TH JUDICIAL CIRCUIT, IN AND
FOR ORANGE COUNTY, FLORIDA

GMAC MORTGAGE, LLC,

PLAINTIFF,

VS.

DERRICK LYTLE, LAKEYSHA LYTLE, VISTA LAGO HOMEOWNERS ASSOCIATION, INC., ANY AND ALL UNKNOWN PARTIES CLAIMING BY, THROUGH, UNDER AND AGAINST THE HEREIN NAMED INDIVIDUAL DEFENDANT(S) WHO ARE NOT KNOWN TO BE DEAD OR ALIVE, WHETHER SAID UNKNOWN PARTIES MAY CLAIM AN INTEREST AS SPOUSES, HEIRS, DEVISEES, GRANTEES OR OTHER CLAIMANTS, JOHN DOE AND JANE DOE AS UNKNOWN TENANTS IN POSSESSION,

DEFENDANTS.

CASE NO. 12-CA-9892

## VERIFIED COMPLAINT TO FORECLOSE MORTGAGE

Plaintiff, GMAC MORTGAGE, LLC, by and through its undersigned attorneys, sues the Defendants, DERRICK LYTLE, LAKEYSHA LYTLE, VISTA LAGO HOMEOWNERS ASSOCIATION, INC. and ANY AND ALL UNKNOWN PARTIES CLAIMING BY, THROUGH, UNDER AND AGAINST THE HEREIN NAMED INDIVIDUAL DEFENDANT(S) WHO ARE NOT KNOWN TO BE DEAD OR ALIVE, WHETHER SAID UNKNOWN PARTIES MAY CLAIM AN INTEREST AS SPOUSES, HEIRS, DEVISEES,

GRANTEES OR OTHER CLAIMANTS; JOHN DOE AND JANE DOE AS UNKNOWN
TENANTS IN POSSESSION, and hereby alleges as follows:

1.    This is an action to foreclose the Mortgage on real property (the "Property")
located in ORANGE County, Florida.

2.    On or about APRIL 17, 2009, Defendants DERRICK LYTLE and LAKEYSHA
LYTLE (the "Borrowers") executed and delivered a promissory Note and Mortgage. The
Mortgage was recorded on APRIL 27, 2009, in Official Records Book 9863, Page 5648
of the Public Records of ORANGE County, Florida, and was subsequently assigned to
Plaintiff. A copy of the Mortgage and a copy of the Note are attached hereto and
incorporated herein as Exhibit "A".

3.    Defendants, DERRICK LYTLE and LAKEYSHA LYTLE are the record owners
of the Property sought to be foreclosed by the Plaintiff's Mortgage.

4.    Defendants DERRICK LYTLE, LAKEYSHA LYTLE, VISTA LAGO
HOMEOWNERS ASSOCIATION, INC. and ANY AND ALL UNKNOWN PARTIES
are persons or entities who have or may claim some right, title or interest in the Property
sought to be foreclosed by Plaintiff's Mortgage.

5.    Plaintiff owns and holds the Note and Mortgage.

6.    There has been a default under the Note and Mortgage in that the payment due
NOVEMBER 1, 2011, and each and every payment due thereafter have not been made.

7.    Plaintiff has, if required by the Note and Mortgage, demanded payment of the
obligation reflected by the Note and Mortgage, but despite such demand, said default has
not been cured.

8.    On or about, FEBRUARY 13, 2012, a letter was sent to the Borrowers advising the Borrowers of a default under the Note and Mortgage, and providing the Mortgagee's intent to accelerate all principal and interest under the Note and Mortgage to be immediately payable.

9.    In order to protect its security, the Plaintiff may have advanced and paid ad valorem taxes, insurance premiums required by the Mortgage and other necessary costs, or may be required to make such advances during the pendency of this action. Any such sum so paid will be secured by the lien of the Mortgage and due and owing to Plaintiff.

10.    Plaintiff is due the sum of ONE HUNDRED SEVENTY-EIGHT THOUSAND EIGHT HUNDRED EIGHTY-FOUR AND 68/100 DOLLARS ($178,884.68) in principal under the Note and Mortgage, plus interest from OCTOBER 1, 2011, escrow and title search expenses for ascertaining necessary parties to this action.

11.    As a result of the default under the Note and Mortgage, it has become necessary for the Plaintiff to retain the services of Pendergast & Morgan, P.A., to prosecute this action. The Plaintiff has agreed and is obligated to pay its attorneys a reasonable fee and costs for the prosecution of this foreclosure action. Pursuant to the terms and provisions of the Note and Mortgage, Plaintiff is entitled to recover reasonable attorneys' fees in bringing this action.

12.    By virtue of the terms and conditions of the Mortgage, the Borrowers have agreed to pay reasonable attorneys' fees and costs that Plaintiff, its successors or assigns incur to collect the indebtedness secured by the Mortgage or to enforce the Plaintiff's rights thereunder, which fees and costs are secured by the lien of the Mortgage.

13.    Defendants, JOHN DOE and JANE DOE, may claim an interest in the Property as tenants pursuant to a lease agreement, either written or oral or by virtue of their possession of the subject property. However, said interest is either invalid or subject, subordinate, and inferior to the lien of Plaintiff's Mortgage.

14.    Defendant, VISTA LAGO HOMEOWNERS ASSOCIATION, INC., may claim an interest pursuant to its governing documents and/or §720.3085, F.S. However, said interest is either invalid or is subordinate and inferior to the lien of the Plaintiff's Mortgage.

15.    In addition to all other named Defendants, the unknown spouses, heirs, devisees, grantees, assignees, creditors, trustees, successors in interest or other parties claiming an interest in the subject property by, through under or against any of said defendants, whether natural or corporate, who are not known to be alive or dead, dissolved or existing, are joined as Defendants herein. However, the claims of said parties are either invalid or subject, subordinate, and inferior to the lien interest of Plaintiff's Mortgage.

16.    All conditions precedent to the enforcement of Plaintiff's right to acceleration of the Mortgage Note, foreclosure of the Mortgage and the maintenance of this action have been performed, have occurred, or have been waived.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff hereby respectfully requests that the Court:

(a) Take jurisdiction of the parties hereto and of the subject matter hereof;

(b) Order that the lien of Plaintiff's Mortgage is a valid first lien on the Property and is superior to any lien of record;

(c) Order an accounting of what is due Plaintiff as principal and interest on the Note, and

costs, charges, expenses of this suit, including without limitation attorneys' fees, title

search costs, and advancements which Plaintiff may be put to incur in this suit;

(d) Order foreclosure of the Mortgage, and that all Defendants named herein, their estates,

and all persons claiming under or against them since the filing of the Notice of Lis

Pendens or subsequent to the Mortgage be barred and foreclosed.

(e) Determine the amount due Plaintiff under the Note and Mortgage sued upon herein;

(f) Order that if said sum due Plaintiff is not paid in full within the time set by this Court, the

Property be sold by Order of this Court to satisfy Plaintiff's claims;

(g) Order that if the proceeds from such court ordered sale are insufficient to pay Plaintiff's

claim, then a deficiency judgment be entered for the remaining sum against all

Defendants who have assumed personal liability for same and who have not received a

discharge in bankruptcy;

(h) Order that upon the entry of a Certificate of Title by this Court, the holder of the

Certificate shall have immediate possession of the Property, who shall be responsible for

condominium, homeowner association assessments or other charges in accordance with

§§718.116 or 720.3085, Florida Statutes (2007), respectively;

(i) Order that a receiver be appointed of the Property and of the rents, issues, income and

profits thereof, or in the alternative, order sequestration of rents, issues, income and

profits pursuant to Section 697.07, Florida Statutes (2006);

(j) Order that upon proof of the demand or refusal of any Defendant to vacate and surrender

such possession, the clerk be directed to issue a writ of possession without further order

of this Court;

(k) Retain jurisdiction of this cause and the parties hereto to determine Plaintiff's entitlement to a

deficiency judgment and the amount thereof; and

(l) Grant Plaintiff such other and further relief as equity may deem just and proper.

## VERIFICATION OF COMPLAINT

Under penalty of perjury, I declare that I have read the foregoing, and the facts alleged
therein are true and correct to the best of my knowledge and belief.

6/1/12

By:
Print Name: Lauren Balsamo
Title: Authorized Officer

State of: **Pennsylvania**
County of: **Montgomery**

The foregoing instrument was acknowledged before me this 1st day of
June , 2012 by **Lauren Balsamo** , as
**Authorized Officer** of GMAC Mortgage LLC on behalf of the
Plaintiff, who is either [ ✓ ] personally known to me, or [  ] who produced a
_____ as identification.

Notary Public  Patricia Nolan Hoffman

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
PATRICIA NOLAN HOFFMAN, Notary Public
(Seal) City of Philadelphia, Phila. County
My Commission Expires November 15, 2015

Printed Name: Patricia Nolan Hoffman
My commission expires: 11-15-15

## NOTICE UNDER FAIR DEBT COLLECTION PRACTICES ACT

PURSUANT TO SECTION 809 OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15
U.S.C. §1692g, "A COMMUNICATION IN THE FORM OF A FORMAL PLEADING IN A CIVIL
ACTION SHALL NOT BE TREATED AS AN INITIAL COMMUNICATION..."

June 8th , 2012

Respectfully submitted,

By:
Jean C. Zabin
Florida Bar # 418439
Pendergast & Morgan, P.A.
Attorney for Plaintiff
6675 Corporate Parkway Ste 301
Jacksonville, FL  32216
Telephone: 678-534-3844
FAX: 678-240-3036

Firm File # 12-03279

# EXHIBIT "B"

# NOTE

0602290045

# EXHIBIT A

| Florida | NOTE | FHA Case No. |
|---|---|---|
| | | 094-5719940-703 |

**THE STATE DOCUMENTARY TAX DUE ON THIS NOTE HAS BEEN PAID ON THE MORTGAGE SECURING THIS INDEBTEDNESS.**

April 17th, 2009                                    Loan #: 2901503
[Date]

5082 LUNA NEGRA DR
ORLANDO, FL  32811
[Property Address]

**1. PARTIES**

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means BIRMINGHAM BANCORP MORTGAGE CORPORATION

and its successors and assigns.

**2. BORROWER'S PROMISE TO PAY INTEREST**

In return for a loan received from Lender, Borrower promises to pay the principal sum of
One Hundred Fifty Five Thousand Two Hundred Seventy Five and  no/100.----------

Dollars (U.S. $  155,275.00          ) plus interest, to the order of Lender. Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at the rate of          Five and one half percent (    5.500    %) per year until the full amount of principal has been paid.

**3. PROMISE TO PAY SECURED**

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

**4. MANNER OF PAYMENT**

(A) Time

Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on June 1st, 2009    . Any principal and interest remaining on the first day of     May 2039          will be due on that date, which is called the "Maturity Date."

(B) Place

Payment shall be made at    6230 ORCHARD LAKE ROAD SUITE 280, WEST BLOOMFIELD, MI 48322
                                              or at such place as Lender may designate in writing by notice to Borrower.

(C) Amount

Each monthly payment of principal and interest will be in the amount of U.S. $          881.64          . This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described in the Security Instrument.

FHA Florida Fixed Rate Note - 10/95
4R(FL) (8404).01    . Amended 10/98
VMP Mortgage Solutions, Inc. (800)521-7291

Page 1 of 3

RECORDED ELECTRONICALLY

Return To:
Birmingham Bancorp Mortgage
6230 Orchard Lake Road STE 280
West Bloomfield, MI 48322

248-737-2929

This document was prepared by:
Janna Pary
6230 ORCHARD LAKE ROAD
WEST BLOOMFIELD, MI  48322
248-737-2929

[Space Above This Line For Recording Data]

State of Florida
RJL 3200944
CLJ# 3166746

# MORTGAGE

FHA Case No.

094-5712948-703

MIN 100090900000077446

THIS MORTGAGE ("Security Instrument") is given on  April 17th, 2009
The Mortgagor is  DERRICK LYTLE, A Married Man and LAKEYSHA LYTLE, His Wife

8082 LUNA NEGRA DRIVE, ORLANDO, FL  32811

, whose address is

("Borrower"). This Security Instrument is given to Mortgage Electronic Registration Systems, Inc. ("MERS"),
(solely as nominee for Lender, as hereinafter defined, and Lender's successors and assigns), as mortgagee. MERS is
organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026,
Flint, MI 48501-2026, tel. (888) 679-MERS.
BIRMINGHAM BANCORP MORTGAGE CORPORATION
("Lender") is organized and existing under the laws of  THE STATE OF MICHIGAN                    , and
has an address of  6230 ORCHARD LAKE ROAD SUITE 280, WEST BLOOMFIELD, MI 48322       .
Borrower owes Lender the principal sum of
One Hundred Fifty Five Thousand Two Hundred Seventy Five and  no/100.
Dollars (U.S. $   155,275.00                  ).
This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides
for monthly payments, with the full debt, if not paid earlier, due and payable on  May 1st, 2039
This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and
all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced
under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's
covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby
mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the

FHA Florida Mortgage with MERS - 4/96

-4N(FL) (0305).01                     Amended 2/81
Page 1 of 9                                        Initials
VMP Mortgage Solutions, Inc.

successors and assigns of MERS, the following described property located in        Orange
                                                                                                                County, Florida:
LAND SITUATED IN THE COUNTY OF ORANGE, STATE OF FLORIDA AND DESCRIBED
AS FOLLOWS:

SEE ATTACHMENT FOR LEGAL DESCRIPTION

Parcel ID Number: 31-22-29-8942-01-350
which has the address of                                        5082 LUNA NEGRA DR                        [Street]
ORLANDO                         [City], Florida    32811        [Zip Code] ("Property Address");

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument; but, if necessary to comply with law or custom, MERS, (as nominee for Lender and Lender's successors and assigns), has the right to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant and agree as follows:

UNIFORM COVENANTS.

1. Payment of Principal, Interest and Late Charge. Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note.

2. Monthly Payment of Taxes, Insurance and Other Charges. Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required under paragraph 4. In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either: (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable amount to be determined by the Secretary. Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds."

4N(FL) (9905).01                                Page 2 of 8                                Initials

Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. Section 2601 et seq. and implementing regulations, 24 CFR Part 3500, as they may be amended from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium.

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall account to Borrower for the excess funds as required by RESPA. If the amounts of funds held by Lender at any time are not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA.

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument. If Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all installment items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower. Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c).

3. Application of Payments. All payments under paragraphs 1 and 2 shall be applied by Lender as follows:

First, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium;

Second, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

Third, to interest due under the Note;

Fourth, to amortization of the principal of the Note; and

Fifth, to late charges due under the Note.

4. Fire, Flood and Other Hazard Insurance. Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly. All or any part of the insurance proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in paragraph 3, and then to prepayment of principal, or (b) to the restoration or repair of the damaged Property. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in paragraph 2, or change the amount of such payments. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

4N(FL) (9305)01                                          Page 3 of 8                                          Init.

5. **Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument (or within sixty days of a later sale or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender determines that requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall notify Lender of any extenuating circumstances. Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default. Lender may take reasonable action to protect and preserve such vacant or abandoned Property. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

6. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument. Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order provided in paragraph 3, and then to prepayment of principal. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in paragraph 2, or change the amount of such payments. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

7. **Charges to Borrower and Protection of Lender's Rights in the Property.** Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in paragraph 2.

Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument. These amounts shall bear interest from the date of disbursement, at the Note rate, and at the option of Lender, shall be immediately due and payable.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

4N(FL) (9505).01                          Page 4 of 8                          Initials _____

**8. Fees.** Lender may collect fees and charges authorized by the Secretary.

**9. Grounds for Acceleration of Debt.**

(a) **Default.** Lender may, except as limited by regulations issued by the Secretary, in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:

(i) Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or

(ii) Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.

(b) **Sale Without Credit Approval.** Lender shall, if permitted by applicable law (including Section 341(d) of the Garn-St. Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j-3(d)) and with the prior approval of the Secretary, require immediate payment in full of all sums secured by this Security Instrument if:

(i) All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and

(ii) The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property but his or her credit has not been approved in accordance with the requirements of the Secretary.

(c) **No Waiver.** If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

(d) **Regulations of HUD Secretary.** In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

(e) **Mortgage Not Insured.** Borrower agrees that if this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within 60 days from the date hereof, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to 60 days from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

**10. Reinstatement.** Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument. This right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

VMP-4N(FL) (9304).01                    Page 6 of 9

**11. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**12. Successors and Assigns Bound; Joint and Several Liability; Co-Signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 9(b). Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

**13. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**14. Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**15. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

**16. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 16, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

-4N(FL) (5305).01                               Page 5 of 8

**NON-UNIFORM COVENANTS.** Borrower and Lender further covenant and agree as follows:

17. **Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 17.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

18. **Foreclosure Procedure.** If Lender requires immediate payment in full under paragraph 9, Lender may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies in this paragraph 18, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 9, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this Paragraph 18 or applicable law.

19. **Release.** Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument without charge to Borrower. Borrower shall pay any recordation costs.

20. **Attorneys' Fees.** As used in this Security Instrument and the Note, "attorneys' fees" shall include any attorneys' fees awarded by an appellate court.

21. **Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)].

| | | |
|---|---|---|
| ☐ Condominium Rider | ☐ Growing Equity Rider | ☒ Other [specify] Legal |
| ☒ Planned Unit Development Rider | ☐ Graduated Payment Rider | |

CASR-4N(FL) (0506).01                          Page 7 of 9                          Initials

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

Witnesses:

R. Pappas

R. PAPPAS

_____ (Seal)
DERRICK LYTLE                    -Borrower

_Lakeysha Lytle_

LAKEYSHA LYTLE                   (Seal)
                                  -Borrower

5082 Luna Negra Dr
Orlando FL 32811

_____ (Seal)      _____ (Seal)
                    -Borrower                            -Borrower

_____ (Seal)      _____ (Seal)
                    -Borrower                            -Borrower

_____ (Seal)      _____ (Seal)
                    -Borrower                            -Borrower

STATE OF FLORIDA,   Orange                                    County ss:

The foregoing instrument was acknowledged before me this   April 17th, 2009            by
DERRICK LYTLE, A Married Man and LAKEYSHA LYTLE, His Wife

who is personally known to me or who has produced   Drivers license .
as identification.
                                          R.Pappas
                                  Notary Public
                                          R. Pappas

R PAPPAS
Commission #DD558045
My Commission Expires
May 30, 2010

EXHIBIT A - LEGAL DESCRIPTION

Tax ID Number(s): 31-22-29-8942-01-350

Land situated in the County of Orange in the State of FL

ALL THAT CERTAIN LAND SITUATE IN ORANGE COUNTY, STATE OF FLORIDA,
VIZ:

LOT 135, VISTA LAGO PHASE 2, ACCORDING TO THE PLAT THEREOF, AS
RECORDED IN PLAT BOOK 50, PAGES 115 THROUGH 118, INCLUSIVE, OF THE
PUBLIC RECORDS OF ORANGE COUNTY, FLORIDA.

Commonly known as: 5082 Luna Negra Dr, Orlando, FL  32811

# EXHIBIT "C"

# WARRANTY DEED

DOC # 20080585095   B: 9767 P: 1690
09/26/2008 10:59 AM   Page 1 of 1
Rec Fee: $10.00      Doc Type: D
Deed Doc Tax: $1,085.00
Mortgage Doc Tax: $0.00
Intangible Tax: $0.00
Martha O. Haynie, Comptroller
Orange County, FL
Ret To: SIMPLIFILE LC

This Instrument Prepared by & return to:
Name:     Faith Greenberg, an employee of
          The Closing Agent, Inc.
Address:  11 North Summerlin Avenue
          Orlando, FL 32801
          File No. PT08-03-54DH

Parcel I.D. #: 312229894201350

SPACE ABOVE THIS LINE FOR PROCESSING DATA          SPACE ABOVE THIS LINE FOR RECORDING DATA

## THIS WARRANTY DEED *Made the 23rd day of September, A.D. 2008, by JAIRO SERNA and*

*MONICA ARBELAEZ, husband and wife, hereinafter called the grantors, to DERRICK LYTLE and LAKEYSHA*

*LYTLE,     husband     and     wife,     whose     post     office     address     is     ,*

P.O. Box 5163, Winter Park, FL 32793 *hereinafter called the grantees:*

*(Wherever used herein the terms "grantors" and "grantees" include all the parties to this instrument, singular and plural, the heirs, legal representatives and assigns of individuals, and the successors and assigns of corporations, wherever the context so admits or requires.)*

*Witnesseth: That the grantors, for and in consideration of the sum of $10.00 and other valuable consideration, receipt whereof is hereby acknowledged, do hereby grant, bargain, sell, alien, remise, release, convey and confirm unto the grantees all that certain land situate in Orange County, State of Florida, viz:*

Lot 135, Vista Lago Phase 2, according to the plat thereof, as recorded in Plat Book 50, Pages 115 through 118, inclusive, of the Public Records of Orange County, Florida.

## SUBJECT TO TAXES FOR THE YEAR 2008 AND SUBSEQUENT YEARS, RESTRICTIONS, RESERVATIONS, COVENANTS AND EASEMENTS OF RECORD, IF ANY.

*Together with all the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining.*

*To Have and to Hold the same in fee simple forever.*

*And the grantors hereby covenant with said grantees that they are lawfully seized of said land in fee simple; that they have good right and lawful authority to sell and convey said land, and hereby fully warrant the title to said land and will defend the same against the lawful claims of all persons whomsoever, and that said land is free of all encumbrances, except taxes accruing subsequent to December 31, 2008.*

*In Witness Whereof, the said grantors have signed and sealed these presents, the day and year first above written.*

Signed, sealed and delivered in the presence of:

_____                    _____ L.S.
Witness Signature                           Jairo Serna
_____                    Address:
Printed Name                                10110 Willow Grove Ct, Orlando FL 32825

_____                    _____ L.S.
Witness Signature                           Monica Arbelaez
Faith J. Greenberg                          Address:
Printed Name                                10110 Willow Grove Ct, Orlando FL 32825

STATE OF FLORIDA
COUNTY OF ORANGE

*The foregoing instrument was acknowledged before me this 23rd day of September, 2008, by Jairo Serna, Monica Arbelaez, who are known to me or who have produced* FL drivers license *as identification.*

Faith J. Greenberg
Commission # DD518964
Expires February 15, 2010

_____
Signature of Notary
My commission expires 2/15/2010

# EXHIBIT "D"

# CORRECTIVE ASSIGNMENT OF MORTGAGE



This instrument prepared by and returned to:
Pendergast & Morgan, P.A./Clive N. Morgan
6675 Corporate Center Pkwy, Ste 301
Jacksonville, FL 32216
Telephone Number: 904-508-0777
FAX: 904-296-2669
File No. 12-03279

## CORRECTIVE ASSIGNMENT OF MORTGAGE

For and in consideration of the sum of ten dollars and other valuable consideration in hand this day paid, the receipt of which is hereby acknowledged, Mortgage Electronic Registration Systems, Inc. as Nominee for **BIRMINGHAM BANCORP MORTGAGE CORPORATION**, its successors and/or assigns, hereinafter "Assignor", whose address is 1901 E. Voorhees Street, Suite C, Danville, IL 61834, does hereby grant, bargain, sell, assign, transfer and set over unto **GMAC MORTGAGE, LLC**, hereinafter "Assignee", whose address is C/O GMAC Mortgage, LLC, 1100 Virginia Drive, Ft. Washington, PA 19034, that certain mortgage more specifically identified as follows, together with any re-recordings of said mortgage:

Original Mortgagors: DERRICK LYTLE, A Married Man and LAKEYSHA LYTLE, His Wife
Date of Mortgage: 4/17/2009
Mortgage Recording Date: 4/27/2009
O.R. Book: 9863, Page 5648, of the Public Records of Orange County, Florida
Clerk File #:20090235933
MIN # 100090900000074446; MERS Telephone #: (888)679-6377

This Corrective Assignment of Mortgage is being executed to confirm and ratify the Assignment of Mortgage recorded 04/29/2010 in Instrument No 20100241576 of the Public Records of Orange County, Florida.

Together with all of the undersigned's right, title, and interest in and to the said Mortgage, the property therein described and the indebtedness thereby secured.

To have and to hold the same unto said Assignee, its successors and assigns.

Witness our hand and seal this 16 day of April, 2012.

Mortgage Electronic Registration Systems,
Inc. as Nominee for BIRMINGHAM
BANCORP MORTGAGE CORPORATION,
its successors and/or assigns
By:
Print Name: Katrina Jordan
Title: Vice President

State of: Pennsylvania
County of: Montgomery

The foregoing instrument was acknowledged before me this 16 day of April, 2012 by
Katrina Jordan, as Vice President of Mortgage Electronic Registration Systems, Inc. as Nominee for BIRMINGHAM BANCORP MORTGAGE CORPORATION, its successors and/or assigns, on behalf of the corporation who is either [X] personally known to me or who [ ] presented N/A as identification.

Notary Public
Printed Name: Mary Jo McDermott
My commission expires: _____

{Seal}

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
MARY JO McDERMOTT, Notary Public
City of Philadelphia, Phila. County
My Commission Expires October 21, 2015

GMAC Confidential – this document and information contained is confidential/privileged and proprietary.

This instrument prepared by and returned to:
Pendergast & Morgan, P.A./Clive N. Morgan
6675 Corporate Center Pkwy, Ste 301
Jacksonville, FL 32216
Telephone Number: 904-508-0777
FAX: 904-296-2669
File No. 12-03279



## CORRECTIVE ASSIGNMENT OF MORTGAGE

For and in consideration of the sum of ten dollars and other valuable consideration in hand this day paid, the receipt of which is hereby acknowledged, Mortgage Electronic Registration Systems, Inc. as Nominee for **BIRMINGHAM BANCORP MORTGAGE CORPORATION**, its successors and/or assigns, hereinafter "Assignor", whose address is 1901 E. Voorhees Street, Suite C, Danville, IL 61834, does hereby grant, bargain, sell, assign, transfer and set over unto **GMAC MORTGAGE, LLC**, hereinafter "Assignee", whose address is C/O GMAC Mortgage, LLC, 1100 Virginia Drive, Ft. Washington, PA 19034, that certain mortgage more specifically identified as follows, together with any re-recordings of said mortgage:

Original Mortgagors: DERRICK LYTLE, A Married Man and LAKEYSHA LYTLE, His Wife
Date of Mortgage: 4/17/2009
Mortgage Recording Date: 4/27/2009
O.R. Book: 9863, Page 5648, of the Public Records of Orange County, Florida
Clerk File #:20090238933
MIN # 100090900000077446; MERS Telephone #: (888)679-6377

This Corrective Assignment of Mortgage is being executed to confirm and ratify the Assignment of Mortgage recorded 04/29/2010 in Instrument No 20100241576 of the Public Records of Orange County, Florida.

Together with all of the undersigned's right, title, and interest in and to the said Mortgage, the property therein described and the indebtedness thereby secured.

To have and to hold the same unto said Assignee, its successors and assigns.

Witness my hand and seal this 16 day of April, 2012.

Mortgage Electronic Registration Systems,
Inc. as Nominee for BIRMINGHAM
BANCORP MORTGAGE CORPORATION,
its successors and/or assigns
By:
Print Name: Katrina Jordan
Title: Vice President

State of: Pennsylvania
County of: Montgomery

The foregoing instrument was acknowledged before me this 16 day of April, 2012 by Katrina Jordan, as Vice President of Mortgage Electronic Registration Systems, Inc. as Nominee for BIRMINGHAM BANCORP MORTGAGE CORPORATION, its successors and/or assigns, on behalf of the corporation who is either [X] personally known to me or who [ ] presented N/A as identification.

Notary Public
Printed Name: Mary Jo McDermott
My commission expires: _____

(Seal)

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
MARY JO McDERMOTT, Notary Public
City of Philadelphia, Phila. County
My Commission Expires October 21, 20__

GMAC Confidential – this document and information contained is confidential/privileged and proprietary.

# EXHIBIT "E"

# ASSIGNMENT OF MORTGAGE

```
DOC# 20100241576 B: 10036 P: 8531
04/28/2010 10:50:24 AM Page 1 of 1
Rec Fee: $10.00
Deed Doc Tax: $0.00
Intangible Tax: $0.00
Mortgage Stamp: $0.00
Martha O. Haynie, Comptroller
Orange County, FL
MB - Ret To: DAVID J STERN
```

Prepared by:         DAVID J. STERN, ESQ
Record & Return to:  900 South Pine Island Road Suite 400
                     Plantation, FL 33324-3920
                     10-09581 (GMAP)
MIN: 100090900000077446

MERS PHONE NUMBER: 1-888-679-6377

## ASSIGNMENT OF MORTGAGE

### KNOW ALL MEN BY THESE PRESENTS:

THAT MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., as nominee for BIRMINGHAM BANCORP MORTGAGE CORPORATION

Residing or located at c/o GMAC MORTGAGE, LLC, 1100 VIRGINIA DRIVE FT. WASHINGTON, PA 19034, herein designated as the assignor, for and in consideration of the sum of $1.00 Dollar and other good and valuable consideration, the receipt of which is hereby acknowledged, does hereby grant, bargain, sell, assign, transfer and set over unto GMAC MORTGAGE, LLC residing or located at: 1100 VIRGINIA DRIVE FT. WASHINGTON, PA 19034 herein designated as the assignee, the mortgage executed by DERRICK LYTLE, A MARRIED MAN AND LAKEYSHA LYTLE, HIS WIFE recorded in ORANGE County, Florida at book 9863 and page 5648 encumbering the property more particularly described as follows:

LOT 135, VISTA LAGO PHASE 2, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 50, PAGES 115 THROUGH 118, INCLUSIVE, OF THE PUBLIC RECORDS OF ORANGE COUNTY, FLORIDA.

together with the note and each and every other obligation described in said mortgage and the money due and to become due thereon

TO HAVE AND TO HOLD the same unto the said assignee forever, but without recourse on the undersigned.

In Witness Whereof, the said Assignor has hereunto set his hand and seal or caused these presents to be signed by its proper corporate officers and its corporate seal to be hereto affixed , this _6_ day of _April_____, 2010, but effective as of the 15th day of February, 2010.

                                    MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
                                    as nominee for BIRMINGHAM BANCORP MORTGAGE
                                    CORPORATION

                                        (CORPORATE SEAL)

ATTEST:                             BY:
WITNESS:                            PRINT NAME:    Jeffrey Stephan
                                    TITLE:         Vice President
Print Name: _____

WITNESS: _____
Print Name: Laura Craft

STATE OF _PA_
COUNTY OF _Montgomery_

    PERSONALLY APPEARED BEFORE ME, the undersigned authority in and for the aforesaid county and state,
on the _6th_ day of _April_____, 2010, within my jurisdiction, the within named
Jeffrey Stephan _____ who is personally known to me and who acknowledged to me that (s)he is
Vice President _____ and that for and on behalf of MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., as nominee for BIRMINGHAM BANCORP MORTGAGE CORPORATION, and as its act and deed (s)he
executed the above and foregoing instrument, after first having been duly authorized by MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., as nominee for BIRMINGHAM BANCORP MORTGAGE CORPORATION, to do so.

    WITNESS my hand and official seal in the County and State last aforesaid this _6_ day of _April_,
2010.

                                    _____
                                    NOTARY PUBLIC

                    COMMONWEALTH OF PENNSYLVANIA
                            Notarial Seal
                    Heather Reinhart, Notary Public
                    Upper Dublin Twp., Montgomery County
                    My Commission Expires Sept. 9, 2013
                    Member, Pennsylvania Association of Notaries

* P 8 M *      * F 1 0 - 0 9 5 8 1 *      * D 1 1 0 4 *

```
DOC# 20100224157B B: 10035 P: 5531
04/29/2010 10:50:24 AM Page 1 of 1
Rec Fee: $10.00
Deed Doc Tax: $0.00
Intangible Tax: $0.00
Mortgage Stamp: $0.00
Martha O. Haynie, Comptroller
Orange County, FL
MB - Ret To: DAVID J STERN
```

Prepared by:        DAVID J. STERN, ESQ
Record &return to:  900 South Pine Island Road Suite 400
                    Plantation, FL 33324-3920
                    1049581 (DMAP)
MIN: 100090900000077446

MERS PHONE NUMBER: 1-888-679-6377

## ASSIGNMENT OF MORTGAGE

### KNOW ALL MEN BY THESE PRESENTS:

THAT MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., as nominee for  BIRMINGHAM BANCORP MORTGAGE CORPORATION

Residing or located at c/o GMAC MORTGAGE, LLC, 1100 VIRGINIA DRIVE FT. WASHINGTON, PA 19034, herein designated as the assignor, for and in consideration of the sum of $1.00 Dollar and other good and valuable consideration, the receipt of which is hereby acknowledged, does hereby grant, bargain, sell, assign, transfer and set over unto GMAC MORTGAGE, LLC residing or located at 1100 VIRGINIA DRIVE FT. WASHINGTON, PA 19034 herein designated as the assignee, the mortgage executed by DERRICK LYTLE, A MARRIED MAN AND LAKEYSHA LYTLE, HIS WIFE  recorded in ORANGE County, Florida at book 9883 and page 5648 encumbering the property more particularly described as follows:

LOT 135, VISTA LAGO PHASE 2, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 50, PAGES 115 THROUGH 118, INCLUSIVE, OF THE PUBLIC RECORDS OF ORANGE COUNTY, FLORIDA.

together with the note and each and every other obligation described in said mortgage and the money due and to become due thereon.

TO HAVE AND TO HOLD the same unto the said assignee forever, but without recourse on the undersigned.

In Witness Whereof, the said Assignor has hereunto set his hand and seal or caused these presents to be signed by its proper corporate officers and its corporate seal to be hereto affixed , this _6_ day of _April_, 2010, but effective as of the 15th day of February, 2010.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
as nominee for BIRMINGHAM BANCORP MORTGAGE CORPORATION

(CORPORATE SEAL)

ATTEST:
WITNESS:

Print Name: JESSICA Kerr

WITNESS:

Print Name: Laura Croft

BY:
PRINT NAME: Jeffrey Stephan
TITLE: Vice President

STATE OF PA
COUNTY OF Montgomery

PERSONALLY APPEARED BEFORE ME, the undersigned authority in and for the aforesaid county and state, on this 6th day of April, 2010, within my jurisdiction, the within named Jeffrey Stephan Vice President who is personally known to me and who acknowledged to me that (s)he is and that for and on behalf of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a nominee for BIRMINGHAM BANCORP MORTGAGE CORPORATION, and as its act and deed (s)he executed the above and foregoing instrument, after first having been duly authorized by MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a nominee for BIRMINGHAM BANCORP MORTGAGE CORPORATION, to do so.

WITNESS my hand and official seal in the County and State last aforesaid this _6_ day of _April_, 2010.

NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Heather Reinhart, Notary Public
Upper Dublin Twp., Montgomery County
My Commission Expires Sept. 9, 2013
Member, Pennsylvania Association of Notaries

* P B M *        * F 1 0 - 0 9 5 8 1 *        * D 1 1 0 4 *