**Presentment Date and Time:  January 2, 2013 at 12:00 p.m. (ET)**
**Objection Deadline:  December 26, 2012 at 4:00 p.m. (ET)**

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile:  (212) 561-7777

*Proposed Co-Counsel for the*
*Official Committee of Unsecured Creditors*
*of Residential Capital, LLC, et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, et al.,<br><br>                              Debtors. | Case No. 12-12020 (MG)<br><br>Chapter 11<br><br>Jointly Administered |

**AMENDED APPLICATION OF OFFICIAL COMMITTEE OF UNSECURED**
**CREDITORS FOR ORDER AUTHORIZING AND APPROVING**
**THE RETENTION OF PACHULSKI STANG ZIEHL & JONES LLP**
**AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF**
**UNSECURED CREDITORS *NUNC PRO TUNC* TO SEPTEMBER 19, 2012**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

        The Official Committee of Unsecured Creditors (the "Committee") of the above-

captioned debtors and debtors in possession (collectively, the "Debtors") hereby applies for entry

of an order (the "Application"),[1] pursuant to section 328 and 1103 of title 11 of the United States

Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules of the

---

[1]   This Application amends and supercedes the Application of the Official Committee of Unsecured Creditors for
     Order Authorizing and Approving the Regention of Pachulski Stang Ziehl & Jones LLP as Co-Counsel to the
     Official Committee of Unsecured Creditors *Nunc Pro Tunc* to September 19, 2012 [Docket No. 2178] (the
     "Original Application") filed on November 14, 2012.

Southern District of New York (the "Local Bankruptcy Rules"), in substantially the form attached hereto as Exhibit B, authorizing it to retain Pachulski Stang Ziehl & Jones LLP ("PSZJ" or the "Firm"), as co-counsel for the Committee in connection with the above-captioned chapter 11 cases (the "Chapter 11 Cases") *nunc pro tunc* to September 19, 2012. In support of this Application, the Committee relies on the Declaration of Robert J. Feinstein (the "Feinstein Declaration"), attached hereto as Exhibit A, and respectfully represents as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue of this proceeding and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 327, 328 and 1103 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Bankruptcy Rule 2014-1.

**Background**

4. On May 14, 2012 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. On June 18, 2012, the Court directed the United States Trustee to appoint an examiner in these Chapter 11 Cases.

5. On May 16, 2012, the United States Trustee for the Southern District of New York (the "United States Trustee"), pursuant to section 1102 of the Bankruptcy Code,

appointed the Committee to represent the interests of all unsecured creditors in these Chapter 11

Cases.  The United States Trustee selected the following nine parties to serve as members of the

Committee: (i) Wilmington Trust, N.A.; (ii) Deutsche Bank Trust Company Americas; (iii) The

Bank of New York Mellon Trust Company, N.A.; (iv) MBIA Insurance Corporation; (v) Rowena

L. Drennen; (vi) AIG Asset Management (U.S.), LLC; (vii) U.S. Bank National Association;

(viii) Allstate Life Insurance Company; and (ix) Financial Guaranty Insurance Corporation.

6.      At a meeting of the Committee held on May 16, 2012, the Committee

voted to retain Kramer Levin Naftalis & Frankel LLP ("Kramer Levin") as its bankruptcy

counsel.  By Order dated July 16, 2012, the Court approved the Committee's retention of Kramer

Levin as its bankruptcy counsel *nunc pro tunc* to May 16, 2012 [Docket No. 778].

7.      At a meeting of the Committee held on September 19, 2012, the

Committee voted to retain PSZJ as its co-counsel.

### Relief Requested

8.      By this Application, the Committee seeks to employ and retain PSZJ as its

co-counsel, *nunc pro tunc* to September 19, 2012, the date the Committee first requested PSZJ to

perform services in connection with these Chapter 11 Cases.

### Basis for Relief Requested

9.      The Committee seeks to retain PSZJ as its co-counsel because of

(i) PSZJ's extensive experience and knowledge in the field of debtors' and creditors' rights and

business reorganizations under chapter 11 of the Bankruptcy Code, (ii) PSZJ's expertise,

experience and knowledge practicing before this Court, and (iii) PSZJ's ability to represent the

Committee in specialized matters more efficiently performed by PSZJ at the request of the

Committee or that are not appropriately handled by Kramer Levin because of actual or potential conflicts of interest.

10.      PSZJ has expertise and experience in supplementing the work of main counsel in the case without any unnecessary duplication of effort.  Thus the professionals at PSZJ are well-positioned to provide any necessary legal services in a complementary, non-duplicative manner.

11.      Given the size and complexity of these Chapter 11 Cases, the Committee believes that its retention of PSZJ for the services set forth below will enable the Committee and estates to benefit from PSZJ's handling special projects and those matters where Kramer Levin has an actual or potential conflict of interest.  The expected result is that rather than shadow Kramer Levin's work, PSZJ will perform its specialized tasks, as requested by the Committee, and such services that are expected to address the need of keeping PSZJ up to speed.  Therefore, PSZJ will be able to remain involved in the cases without duplicating the work of main counsel.

12.      The Committee understands that PSZJ will seek compensation from the Debtors' estates at its regular hourly rates for attorneys and paraprofessionals, and reimbursement of expenses incurred on the Committee's behalf, subject to prior Court approval after notice and a hearing.

13.      The Committee submits that it is necessary to employ PSZJ as co-counsel to ensure that the interests of the Committee are adequately represented in an efficient and effective manner.  The Committee believes that, in light of PSZJ's familiarity with the facts of these Chapter 11 Cases, as well as its understanding and knowledge of the Debtors' business and

4

restructuring issues, and its experience before this Court, PSZJ is well suited to provide legal services to the Committee.

14.     As set forth in the Feinstein Declaration PSZJ has indicated a willingness to act as co-counsel on the Committee's behalf, in accordance with the terms of this Application.

15.     Since the Committee, subject to approval by the Court, retained the services of PSZJ on September 19, 2012, and PSZJ immediately began to provide services to the Committee at that time, the Committee requests that any order entered authorizing such retention be effective as of September 19, 2012.

## Services to Be Provided

16.     PSZJ is expected to:  (a) perform services on bankruptcy-related matters which involve negotiations, contested hearings, adversary proceedings, or other matters in which the Committee is prosecuting a position that Kramer Levin determines may cause an actual or potential conflict of interest; and (b) represent the Committee on matters that can be efficiently handled by the PSZJ as determined by Kramer Levin in consultation with the Committee, which shall consist of matters that pertain to only the following items:

    i.    Such investigation, if any, as the Committee may desire concerning, among other things, the assets, liabilities, financial condition and operating issues concerning the Debtors that may be relevant to these Chapter 11 Cases;

    ii.    The prosecution of any claims brought by the Committee on behalf of the Debtors, including, without limitation, those claims described in the Motion of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing It to Prosecute and Settle Certain Claims on Behalf of the Debtors' Estate [Docket No. 1546] to the extent such motion is allowed by the Court;

    iii.    Review and analysis of certain aspects of the contemplated sale of the Debtors' mortgage origination and servicing platform and

portfolio of non-conforming held-for-sale loans and certain other securities/mortgage assets.

iv.     Such communication with the Committee's constituents and others as the Committee may consider desirable in furtherance of its responsibilities; and

v.      The preparation on behalf of the Committee of necessary applications, motions, memoranda, orders, reports and other legal papers in furtherance of its responsibilities;

vi.     Appearances in Court, participation in litigation as a party in interest, and at statutory meetings of creditors to represent the interests of the Committee in furtherance of its responsibilities; and

vii.    Any other matters assigned to PSZJ by Kramer Levin in consultation with the Committee.

17.    If Kramer Levin determines that the Committee is prosecuting a position that may cause an actual or potential conflict of interest, Kramer Levin shall notify PSZJ of its determination.  For the avoidance of doubt, the determination to have PSZJ handle certain matters arising in these Chapter 11 Cases shall not constitute a determination that Kramer Levin has a conflict of interest on such matters.

18.    The Committee is very mindful of the need to avoid duplication of services, and appropriate procedures will be implemented to ensure that there is no unnecessary or duplicative work done by PSZJ.

**<u>Professional Compensation</u>**

19.    Subject to Court approval in accordance with section 330(a) of the Bankruptcy Code, compensation will be payable to PSZJ on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by PSZJ.  The Firm will charge its usual and customary hourly rates.  The Firm's billing rates range as follows:

| Partners: | $575 to $975 |
| Counsel: | $450 to $745 |
| Associates | $395 to $525 |
| Legal Assistants | $185 to $265 |

20.     The principal attorneys presently designated to represent the Committee and their current standard hourly rates are:

| i. | Robert J. Feinstein | $955.00 per hour |
| ii. | Dean A. Ziehl | $955.00 per hour |
| iii. | Alan J. Kornfeld | $860.00 per hour |
| iv. | Debra Grassgreen | $855.00 per hour |
| v. | John A. Morris | $815.00 per hour |
| vi. | Maria A. Bove | $645.00 per hour |

21.     Other attorneys and paralegals may from time to time serve the Committee in connection with the matters described herein.

22.     The hourly rates set forth above are PSZJ's standard hourly rates for work of this nature.  These rates are set at a level designed to fairly compensate PSZJ for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.[2]

23.     It is PSZJ's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case.  The expenses charged to clients include,

---

[2]  These rates are subject to periodic adjustments to reflect economic and other conditions.  Prior to any increases in the rates set forth herein, PSZJ shall file a supplemental declaration with the Court and give ten (10) business days' notice to the Debtors, the United States Trustee and the Committee, which supplemental declaration shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and indicate whether the Committee has received notice of and approved the proposed rate increase.

among other things, telephone and telecopier charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by PSZJ to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime.

### **Disinterestedness of Professionals**

24.     To the best of the Committee's knowledge, except as stated in the Feinstein Declaration, PSZJ does not hold or represent an interest that is adverse to the Committee and the Debtors' estates and does not hold or represent any interest adverse to and has no connection with the Committee, the Debtors herein, their creditors or any party in interest herein in the matters upon which PSZJ is to be retained.   Therefore, to the best of the Committee's knowledge, except as stated in the Feinstein Declaration, PSZJ is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

25.     PSZJ represents many committees in other bankruptcy cases, the members of which (together with other creditors of these cases) may be creditors of the Debtors. However, PSZJ will not represent any members of those committees with respect to any claims that they may have collectively or individually against the Debtors.

### **Notice**

26.     In accordance with the Order Under Bankruptcy Code Sections 102(1), 105(a) and 105(d), Bankruptcy Rules 1015(c), 20002(m) and 9008 and Local Bankruptcy Rule 2002-2 Establishing Certain Notice, Case Management and Administrative Procedures [Docket

8

No. 141] (the "Case Management Order"), notice of this Application has been given to all parties

listed on the Monthly Service List (as defined in the Case Management Order).  Because of the

nature of the relief requested, the Committee submits that such notice is sufficient and that no

other or further notice need be given.

### Prior Request

27.     As set forth above, this Application amends the Original Application filed

by the Committee on November 14, 2012, seeking the relief requested herein. *See supra*, n. 1.

WHEREFORE, the Committee requests that the Court enter an Order,

substantially in the form attached hereto as Exhibit B, (i) authorizing the Committee to employ

and retain PSZJ as its co-counsel, *nunc pro tunc* to September 19, 2012, (ii) authorizing the

payment and reimbursement of PSZJ's fees and disbursements, subject to interim and final

allowance thereof in accordance with sections 330 and 331 of the Bankruptcy Code or as

otherwise ordered by the Court, and (iii) granting such other and further relief as may be just and

proper.

Dated:  New York, New York
        December 19, 2012

**THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS OF RESIDENTIAL
CAPITAL, LLC, et al.,**

By: /s/ John S. Dubel
John S. Dubel, Chief Executive Officer
Financial Guaranty Insurance Company

Co-Chair, Official Committee of Unsecured Creditors of
Residential Capital, LLC, et al.

DOCS_NY:28830.2 73839/001

# EXHIBIT A

## (Feinstein Declaration)

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile:  (212) 561-7777

*Proposed Co-Counsel for the*
*Official Committee of Unsecured Creditors*
*of Residential Capital, LLC, et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, et al.,<br><br>                       Debtors. | Case No. 12-12020 (MG)<br><br>Chapter 11<br><br>Jointly Administered |

**DECLARATION OF ROBERT J. FEINSTEIN IN SUPPORT OF AMENDED**
**APPLICATION FOR ORDER AUTHORIZING AND APPROVING RETENTION**
**OF PACHULSKI STANG ZIEHL & JONES LLP AS CO-COUNSEL**
**TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**NUNC PRO TUNC TO SEPTEMBER 19, 2012**

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure,

ROBERT J. FEINSTEIN, ESQ., declares:

1.      I am a member of the firm of Pachulski Stang Ziehl & Jones LLP ("PSZJ"

or the "Firm"), and maintain an office at 780 Third Avenue, 36th Floor, New York, New York

10017-2024.  I am duly admitted to practice law in the State of New York, the United States

District Courts for the Southern, Eastern, Northern, and Western Districts of New York, and the

United States Court of Appeals for the Second, Fourth and Sixth Circuits.  I make this

Declaration in support of the amended application dated December 7, 2012 (the "Application")[1]

of the Official Committee of Unsecured Creditors appointed in the Chapter 11 Cases of the

above-captioned debtors and debtors in possession (collectively, the "Debtors") seeking entry of

an order, substantially in the form attached to the Application as Exhibit B, authorizing the

retention of PSZJ as co-counsel to the Committee in accordance with sections 328 and 1103 of

chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and to provide the

disclosure required under Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the

Southern District of New York (the "Local Bankruptcy Rules").

2.      Neither I, the Firm, nor any partner, of counsel or associate thereof,

insofar as I have been able to ascertain, has any connection with the Debtors, their creditors or

any other parties-in-interest herein, or their respective attorneys and accountants, the U.S.

Trustee, or any person employed in the office of the U.S. Trustee, except as set forth herein.

3.      Unless otherwise stated in this Declaration, I have personal knowledge of

the facts hereinafter set forth.  To the extent that any information disclosed herein requires

subsequent amendment or modification upon PSZJ's completion of further analysis or as

additional information regarding creditors and other parties in interest becomes available, one or

more supplemental declarations will be submitted to the Court reflecting the same.

4.      PSZJ has expertise and experience in supplementing the work of lead

counsel in the case without any unnecessary duplication of effort and, indeed, has previously

---

[1] Capitalized terms not otherwise defined herein shall have the meanings and definitions ascribed to such terms in the Application.

worked closely with Kramer Levin.  Thus, the professionals at PSZJ are already well acquainted with the personnel, practices and procedures of Kramer Levin, and are well-positioned to provide any necessary legal services in a complementary, non-duplicative manner.

5.      Given the size and complexity of these Chapter 11 Cases, I believe that the Committee's retention of PSZJ for the services set forth in the Application will enable the Committee and estates to benefit from the Firm handling special projects and those matters where Kramer Levin has an actual or potential conflict of interest.  The expected result is that rather than shadow Kramer Levin's work, PSZJ will perform its specialized tasks, as requested by the Committee, and such services that are expected to address the need of keeping PSZJ up to speed.  Therefore, PSZJ will be able to remain involved in the case without duplicating the work of main counsel.

6.      In connection with this proposed retention, the Firm obtained from the retention application filed by the Debtors' counsel a comprehensive list of entities (the "Contact Parties") who may have contacts with the Debtors (the "Retention Checklist"), a copy of which is attached hereto as Exhibit 1.  According to the Retention Checklist, the Contact Parties include, but are not limited to:  (a) the Debtors and their subsidiaries; (b) the Debtors' foreign subsidiaries;        (c) the Debtors' officers and directors; (d) parties to funding agreements with the Debtors; (e) the Debtors' bondholders; (f) the Debtors' landlords and tenants; (g) parties to litigation with the Debtors; (h) judges of the United States Bankruptcy Court for the Southern District of New York and district court judges in New York; (i) attorneys for the Office of the United States Trustee for the Southern District of New York; (j) the Debtors' depository banks; (k) the Debtors' consultants and professionals and professionals retained by other significant

non-Debtor parties in interest; (l) HELOC investors in the Debtors; (m) counterparties to servicing agreements with the Debtors; (n) significant utility providers to the Debtors; and (o) the Debtors' 50 largest unsecured creditors.

7.        Section 1103(b) of the Bankruptcy Code does not incorporate the general "disinterestedness" standard of section 327(a) of the Bankruptcy Code.  However, Rule 2014 requires that an application for employment under Section 1103 disclose all connections with the Debtors, the estates, the professionals and the Office of the Trustee.  The Firm, therefore, discloses its known connections as follows.

8.        The Firm has made the following investigation of disinterestedness prior to submitting this Declaration.  The Firm has undertaken a full and thorough review of its computer database, which contains the names of clients and other parties interested in particular matters.  The Firm requires all of its professionals, before accepting the representation of a new client, or the representation of an existing client in a new matter, to perform a conflicts check through the Firm's database and to enter conflict information regarding new clients or new matters into that database.  Thus, a review of said computerized database should reveal any and all actual or potential conflicts of interest with respect to any given representation.  In particular, an employee of the Firm, under my supervision, ran the names of the parties identified on the Retention Checklist.

9.        Based on the results of the database, it appears that PSZJ does not hold or represent any interest adverse to and has no connection, subject to the disclosures set forth below, with the Debtors herein, their creditors, the United States Trustee or any party in interest herein in the matters upon which PSZJ is to be retained, and is a "disinterested person" within

4

the meaning of section 101(14) of the Bankruptcy Code, subject to the following material

disclosures:

i.   Aegis Mortgage Corporation ("Aegis").  Aegis is listed on the
Retention Checklist as a counterparty to servicing agreements.
PSZJ represents Aegis as a post-effective date reorganized debtor.
Previously, Aegis was adverse to Residential Funding Company
LLC f/ka/ Residential Funding Corporation ("RFC").  Aegis and
RFC entered into a settlement stipulation (the "RFC Stipulation")
pursuant to which the warehouse lenders' claim asserted by RFC
was resolved and withdrawn except for certain claims based on
Aegis' repurchase obligations to RFC, which stipulation was
approved by the Aegis bankruptcy court on August 12, 2009.
There are no pending disputes between Aegis and the Debtors.
Fees collected from the representation of Aegis constituted less
than 1% of PSZJ's revenues the in the past year.  PSZJ will not
represent the Committee in any matter adverse to Aegis, but is
advised that the Committee's lead counsel is able to handle any
such matter.  PSZJ believes its representation of Aegis has not and
will not affect its representation of the Committee in these Chapter
11 Cases.

ii.   American Residential Equities, LLC ("ARE LLC") and American
Residential Equities XXVII, LLC are listed on the Retention
Checklist as counterparties to service agreements with the Debtors.
PSZJ represented ARE LLC in connection with the assertion of
contract and tort claims set forth an adversary compaint filed on
November 9, 2012 against debtor GMAC Mortgage LLC and a
non-debtor third party.  PSZJ's representation of ARE LLC ceased
on December 19, 2012, when Saul Ewing LLP was substituted as
counsel for ARE LLC in the aforementioned adversary proceeding.
ARE LLC's engagement letter with PSZJ included a conflict
waiver providing that PSZJ may represent, in any unrelated matter,
any party adverse to ARE LLC or any of their affiliated entities;
that PSZJ's engagement in any such case will not create a potential
or actual conflict of interest; and that notwithstanding ARE LLC's
interest in those matters, without further notice to or consent by
ARE LLC, PSZY may undertake adverse representation in
unrelated matters, provided that the confidentiality of ARE LLC's
confidential client information, if any, is preserved. During the
brief period when PSZJ was rendering services to both ARE LLC
and the Committee, PSZJ used separate attorneys for each
engagement.  PSZJ established an ethical wall between such
attorneys immediately upon being engaged by the Committee.
PSZJ will not represent the Committee in any matter adverse to

ARE LLC, but is advised that the Committee's lead counsel is able to handle any such matters. Fees collected from the representation of ARE LLC constituted less than 1% of PSZJ's revenues the in the past year. PSZJ believes its representation of ARE LLC has not and will not affect its representation of the Committee in these Chapter 11 Cases.

iii.    <u>Cerberus Capital Management, L.P., Cerberus FIM Investors LLC and Cerberus FIM, LLC, affiliates of Cerberus Partners, LLP</u> (collectively, "<u>Cerberus</u>"), are listed as a Rule 2004 Motion Parties on the Retention Checklist. PSZJ currently represents or has represented certain companies in which Cerberus or one of its affiliates owned a majority equity interest in connection with their chapter 11 cases, in matters wholly unrelated to the Debtors' chapter 11 cases, including Aegis, G&G Retail, Inc., Global Home Products, Inc., Global Motorsport Group, Inc., Western Nonwovens, Inc. and Wise Manufacturing. Additionally, PZSJ represented Ableco Finance LLP, an affiliate of Cerberus, in the Anchor Blue Holding Corp. and DSI Holdings, Inc. chapter 11 cases, both of which were wholly unrelated to the Debtors' chapter 11 cases and such representations have been concluded. Fees collected from Cerberus and affiliates constituted less than 1% of PSZJ's revenues in the past year. PSZJ will not represent the Committee in any matter adverse to Cerberus, but is advised that the Committee's lead counsel is able to handle any such matters. PSZJ believes its representation of Cerberus has not and will not affect its representation of the Committee in these Chapter 11 Cases.

iv.    <u>Lehman Brothers</u>. Lehman Brothers Bank, FSB, Lehman Brothers Holdings, Inc. and Lehman Capital are listed on the Retention Checklist as counterparties to servicing agreements and a top 50 creditor. PSZJ currently represents as special counsel certain affiliates of Lehman Brothers Holdings, Inc., specifically Lehman Commercial Paper Inc., Lehman ALI, Inc., Northlake Holdings LLC, OVC Holdings LLC and LV Pacific Point LLC (collectively, the "<u>Lehman Entities</u>"), as creditors with respect to matters arising in and otherwise related to the chapter 11 cases of Palmdale Hills Property, LLC, *et al*. (the "<u>SunCal Cases</u>"), which are pending in the Bankruptcy Court for the Central District of California, Santa Ana under jointly administered Case No. 08-17206-ES. The SunCal Cases are wholly unrelated to these Chapter 11 Cases. Fees collected from the representation of the Lehman Entities constituted approximately 4% of PSZJ's revenues during the prior year. In light of this disclosure, PSZJ will not represent the Committee in any matter adverse to the Lehman Entities, but is

6

advised that the Committee's lead counsel is able to handle any such matter.

v.  People's Choice Liquidating Trust.  The Firm is co-counsel to the Liquidating Trust of People's Choice Home Loan, Inc., the Liquidating Trust of People's Choice Funding, Inc. and the Liquidating Trust of People's Choice Financial Corporation (collectively, the "People's Choice Trusts"), liquidating trusts formed pursuant to the plan of liquidation (the "Liquidation Plan") confirmed in the chapter 11 case (the "PCHLI Bankruptcy Cases") of People's Choice Home Loan, Inc. ("PCHLI") and its debtor affiliates.  RFC, a Debtor entity, is a member of the Post-Effective Date Committee of the People's Choice Trusts under the Liquidation Plan.  PSZJ represents the People's Choice Trusts in connection with "repurchase" and "warehouse claims" of RFC and Homecomings Financial LLC ("Homecomings") filed against PCHLI and certain affiliates.  Settlements have been reached and documented on the RFC warehouse and repurchase claims subject to court approval of the bankruptcy court in the PCHLI Bankruptcy Cases and the instant Chapter 11 Cases.  A settlement has also been reached on Homecomings' repurchase claim against PCHLI that is currently being documented.  PSZJ will not represent the Committee in any matter adverse to the People's Choice Trusts, but is advised that the Committee's lead counsel is able to handle any such matter   and the only matters the Firm is aware of are the RFC and Homecomings claims and settlements described herein. PSZJ may undertake adverse representation in unrelated matters. Fees collected from the representation of the People's Choice Trusts constituted less than 1% of PSZJ's revenues in the past year. PSZJ will not represent the Committee in any matter adverse to the Trusts, but is advised that the Committee's lead counsel is able to handle any such matter.

vi.  Wells Fargo Bank, N.A. and certain affiliated entities (collectively, the "Wells Fargo Entities") are listed on the Retention Checklist as (i) a party to a funding agreement, (ii) HELOC investor, (iii) trustee to certain of the Debtors' debt facilities and (iv) a top 50 creditor.  In a matter wholly unrelated to these Chapter 11 Cases, PSZJ currently serves as Delaware co-counsel to Wells Fargo Capital Finance, LLC ("WFCF"), an affiliate of the Wells Fargo Entities, in its capacity as administrative agent and co-collateral agent for DIP financing lenders to chapter 11 debtors WP Steel Venture LLC, et. al., pursuant to a written engagement letter in which WFCF agreed to a conflict waiver providing that PSZJ may represent, in any unrelated matter, any party adverse to WFCF or any of its affiliated entities; that PSZJ's engagement in that case will not create a potential or actual conflict of interest; and that

7

PSZJ may undertake adverse representation in unrelated matters, notwithstanding WFCF's interest in those matters, without further notice to or consent by WFCF, provided that the confidentiality of WFCF's confidential client information, if any, is preserved. PSZJ may undertake adverse representation in unrelated matters. Fees collected from the representation of WFCF constituted less than 1% of PSZJ's revenues the in the past year. PSZJ believes that its representation of WFCF has not and will not affect its representation of the Committee in these Chapter 11 Cases, and that it can be adverse to the Wells Entities, if necessary.

vii.    <u>Morgan Stanley & Co. LLC</u>  and certain affiliated entities (collectively, "<u>Morgan Stanley</u>") are listed on the Retention Checklist as (i) counterparties to service agreements, and (ii) bondholders.  In a matter wholly unrelated to these Chapter 11 Cases, PSZJ currently serves as Delaware co-counsel to Morgan Stanley Senior Funding, Inc. ("<u>MSSF</u>"), as Administrative Agent to certain term loan lenders to chapter 11 debtors Vertis Holdings, Inc. <u>et al.</u>, pursuant to a written engagement letter in which MSSF agreed to a conflict waiver providing that PSZJ may represent, in any unrelated matter, any party adverse to MSSF or any of its affiliated entities; that PSZJ's engagement in that case will not create a potential or actual conflict of interest; and that PSZJ may undertake adverse representation in unrelated matters, notwithstanding MSSF's interest in those matters, without further notice to or consent by MSSF, provided that the confidentiality of MSSF's confidential client information, if any, is preserved. PSZJ may undertake adverse representation in unrelated matters. Fees collected from the representation of Morgan Stanley constituted less than 1% of PSZJ's revenues in the past year.  PSZJ believes that its representation of MSSF has not and will not affect its representation of the Committee in these Chapter 11 Cases, and that it can be adverse to Morgan Stanley, if necessary.

10.    PSZJ represented, represents, and in the future will likely represent many committees in matters unrelated to the Debtors and these Chapter 11 Cases, whose members may be creditors and/or committee members in these Chapter 11 Cases.  The Firm, however, is not representing any of those entities in these Chapter 11 Cases and will not represent any members of these committees in any claims that they may have collectively or individually against the Debtors.

DOCS_NY:28830.2 73839/001

11.     PSZJ and certain of its partners, of counsel and associates represented, represents, and in the future will likely represent creditors of the Debtors in connection with matters unrelated to the Debtors and these Chapter 11 Cases.  At this time, the Firm is not aware of any such representations except as noted herein.  If the Firm identifies any further such representations, the Firm shall make further disclosures as may be appropriate at that time.

12.     Further, as part of its practice, PSZJ appears in numerous cases, proceedings and transactions that involve many different professionals, including attorneys, accountants and financial consultants, who may represent claimants and parties-in-interest in the Debtors' Chapter 11 Cases.  The Firm has represented, represents, and in the future will likely represent debtors and creditors committees in cases unrelated to the Debtors and these Chapter 11 Cases wherein one or more of the aforementioned firms serve or will serve as professionals.

13.     PSZJ is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that the Firm, its partners, of counsel and associates:

    i.      are not creditors, equity security holders or insiders of the Debtors;

    ii.      are not and were not, within two (2) years before the Petition Date, a director, officer, or employee of the Debtors;

    iii.      are not and were not, within three (3) years before the Petition Date, an investment banker for a security of the Debtors, or an attorney for such investment banker in connection with the offer, sale or issuance of any security of the Debtors;

    iv.      do not have an interest materially adverse to the interests of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason, except as disclosed herein.

9

14.     The Firm has received neither a retainer, nor any payment or promise of payment, from the Debtors or the Committee during the one-year period prior to the Petition Date.  No compensation has been paid or promised to be paid from a source other than the Debtors' estates in these Chapter 11 Cases.  No promises have been received by the Firm or by any partners, of counsel or associate thereof as to compensation in connection with these Chapter 11 Cases other than in accordance with the provisions of the Bankruptcy Code.  The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with these Chapter 11 Cases, except among the partners, of counsel and associates of the Firm.  Neither the Committee nor its members (or any of their representatives) are or will be liable for fees or costs incurred by the Firm in its representation of the Committee

15.     The Firm intends to apply for compensation for professional services rendered in connection with these Chapter 11 Cases subject to approval of this Court and compliance with applicable provisions of the Bankruptcy Code, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by the Firm.  The Firm will charge its usual and customary hourly rates.  The Firm's billing rates range as follows:

| | |
|---|---|
| Partners: | $575 to $975 |
| Counsel: | $450 to $745 |
| Associates | $395 to $525 |
| Legal Assistants | $185 to $265 |

16.     The principal attorneys and paralegals presently designated to represent the Committee and their current standard hourly rates are:

10

| | | |
|---|---|---|
| i. | Robert J. Feinstein | $955.00 per hour |
| ii. | Dean A. Ziehl | $955.00 per hour |
| iii. | Alan J. Kornfeld | $860.00 per hour |
| iv. | Debra Grassgreen | $855.00 per hour |
| v. | John A. Morris | $815.00 per hour |
| vi. | Maria A. Bove | $645.00 per hour |

17.     The hourly rates set forth above are the Firm's standard hourly rates for work of this nature, which are subject to adjustment from time to time. These rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. These rates are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals may from time to time serve the Committee in connection with the matters described herein, and the Firm will charge its standard hourly rates for their services.

18.     It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. The Firm will charge the Committee for these

11

expenses in a manner and at rates consistent with charges made generally to the Firm's other clients.  The Firm believes that it is more fair to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

19.    PSZJ intends to work closely with the Committee's lead counsel, Kramer Levin and other professionals retained by the Committee, to ensure that there is no unnecessary duplication of services performed or charged to the Debtors' estates.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
December 19, 2012

  /s/ Robert J. Feinstein
Robert J. Feinstein

DOCS_NY:28830.2 73839/001

# **EXHIBIT 1**

Retention Checklist

## RESIDENTIAL CAPITAL, LLC ET AL.
### Case No. 12-12020 (MG)

## MASTER CONFLICT LIST

**Debtors and Subsidiaries**
ditech, LLC
DOA Holding Properties, LLC
DOA Properties IX (Lots-Other), LLC
EPRE LLC
Equity Investment I, LLC
ETS of Virginia, Inc.
ETS of Washington, Inc.
Executive Trustee Services LLC
GMAC – RFC Holding Company, LLC
GMAC Model Home Finance I, LLC
GMAC Mortgage USA Corporation
GMAC Mortgage, LLC
GMAC Residential Holding Company, LLC
GMAC RH Settlement Service, LLC
GMACM Borrower LLC
GMACM REO LLC
GMACR Mortgage Products, LLC
HFN REO SUB II, LLC
Home Connects Lending Services, LLC
Homecomings Financial Real Estate Holdings, LLC
Homecomings Financial, LLC
Ladue Associates, Inc.
Passive Asset Transactions, LLC
PATI A, LLC
PATI B, LLC
PATI Real Estate Holdings, LLC
RAHI A, LLC
RAHI B, LLC
RAHI Real Estate Holdings, LLC
RCSFJV2004, LLC
Residential Accredit Loans, Inc.
Residential Asset Mortgage Products, Inc.
Residential Asset Securities Corporation
Residential Capital, LLC
Residential Consumer Services of Alabama, LLC
Residential Consumer Services of Ohio, LLC
Residential Consumer Services of Texas, LLC
Residential Consumer Services, LLC
Residential Funding Company, LLC
Residential Funding Mortgage Exchange, LLC
Residential Funding Mortgage Securities I, Inc.
Residential Funding Mortgage Securities II, Inc.
Residential Funding Real Estate Holdings, LLC
Residential Mortgage Real Estate Holdings, LLC
RFC – GSAP Servicer Advance, LLC
RFC Asset Holdings II, LLC
RFC Asset Management, LLC
RFC Borrower LLC
RFC Construction Funding, LLC
RFC REO LLC
RFC SFJV-2002, LLC

**Foreign Subsidiaries**
Canada Mortgage Acceptance Corporation
Foreign Obligation Exchange, Inc. 2003-H12
Foreign Obligation Exchange, Inc. 2003-H14
Foreign Obligation Exchange, Inc. 2004-H11
Foreign Obligation Export, Inc.
GMAC Financiera S.A. de C.V. Sociedad
    Financiera de Objecto Multiple
GMAC Residential Funding of Canada Limited
GMAC-RFC (No. 2) Limited
GMAC-RFC Auritec, S.A.
GMAC-RFC Direct Limited
GMAC-RFC Espana Hipotecas SL
GMAC-RFC Europe Limited
GMAC-RFC Holdings Limited
GMAC-RFC Property Finance Limited
High Street Home Loans Limited
MCA Finance Limited
National Guarantee plc
Private Label Group Limited
Private Label Mortgage Services Limited

**Officers and Directors**
Abreu, Steven M.
Aretakis, James
Dondzila, Catherine M.
Fleming, Patrick
Hamzehpour, Tammy
Harney, Anthony J.
Hills, Garry
Horner, Jill M.
III, Edward F. Smith,
Ilany, Jonathan
Mack, John E.
Marano, Thomas
Meyer, Darsi
Nees, Louis A.
Pensabene, Joseph A.
Riddle, Mindy
Strauss, Thomas M.
Tyson, William N.
West, Pamela E.
Whitlinger, James
Wilkinson, Winston Carlos

**Parties to Funding Agreements**
Ally Financial Inc (f/k/a GMAC Inc.)
Barclays Bank PLC
Citibank, N.A.
Wells Fargo Bank, N.A.
BMMZ Holdings LLC
US Bank National Association
Deutsche Bank Trust Company Americas

1

**Bondholders**
AllianceBernstein Advisors
American Enterprise Investment Services Inc.
Appaloosa Management L.P.
Bank of New York Mellon, (The)/Barclays Capital - London
Bank of Nova Scotia/CDS
BARC/FIXED
Barclays Capital Inc. /LE
Berkshire Hathaway Inc.
BlackRock Global Investors
Charles Schwab & Co., Inc.
CITIBK/GRP
Citigroup Global Markets Inc.
Citigroup Global Markets Inc. /Salomon Brothers
Credit Suisse Securities (USA) LLC
David Lerner Associates, Inc.
Deutsche Bank Securities, Inc.
E*Trade Clearing LLC
Edward D. Jones & Co.
First Clearing, LLC
First Southwest Company
Goldman Sachs International
Goldman, Sachs & Co.
Interactive Brokers Retail Equity Clearing
J.P. Morgan Clearing Corp.
J.P. Morgan Securities LLC
Janney Montgomery Scott Inc.
Loomis Sayles & Company
LPL Financial Corporation
Merrill Lynch Safekeeping
Morgan Stanley & Co. LLC
Morgan Stanley Smith Barney LLC
National Financial Services LLC
Oppenheimer & Co. Inc.
OptionXpress, Inc
P. Schoenfeld Asset Management
Paulson & Co. Inc.
Penson Financial Services, Inc./Ridge.
Pershing LLC
Pentwater Capital Management
Putnam Investment Management
Raymond, James & Associates, Inc.
RBC Capital Markets, LLC
Scottrade, Inc.
Security Investors LLC
Silver Point Capital, L.P.
Stifel, Nicolaus & Company Incorporated
Taconic Capital Advisors, L.P.
TD Ameritrade Clearing, Inc.
Timber Hill LLC
UBS Financial Services LLC
UBS Securities LLC
Vanguard Marketing Corporation
Western Asset Management Company

**Landlords and Tenants**
2155 Northpark Lane LLC
2255 Partners, L.P. c/o M. David Paul Development

LLC
Avenel Realty Company d / b / a Avenel at Montgomery Square
Brandywine Cityplace LP
BREOF Convergence LP c/o Brookfield Real Estate Opportunity Fund
Business Suites (Texas) LTD
Center Township of Marion County
Del Amo Financial Center, LP
DRA CLP Esplanade LP c/o Colonial Properties Services Ltd Partnership
Euclid Plaza Associates, LLC
GBM Properties, LLC
Homeowners Alliance
Liberty Property Limited Partnership
National Default Servicing, LLC
New Towne Center Inc.
PBC San Jose, LLC
PBC Walnut Creek, LLC
Realty World - Graham/Grubbs and Associates
Regus Management Group LLC
Teachers Insurance and Annuity Association of America c/o Northmarq RES
The Irvine Company LLC
The Office Annex, Inc.
Veridian Credit Union f/k/a John Deere Community Credit Union
W.E.G., Jr., Inc. d / b / a Highland-March Beverly Suites

**Parties to Litigation**
Acacia Life Insurance Company
Allstate Bank (f/k/a Allstate Federal Savings Bank)
Allstate Insurance Company
Allstate Life Insurance Company
Allstate Life Insurance Company of New York, Allstate Retirement Plan
Allstate New Jersey Insurance Company
American Heritage Life Insurance Company
Ameritas Life Insurance Corp.
Assured Guaranty Municipal Corp.
Boilermaker Blacksmith National Pension Trust
Brown County, Ohio
Cambridge Place Investment Management Inc.
Church-Dellinger, Victoria Jean
Columbus Life Insurance Company
Deutsche Zentral-genossenschaftsbank, New York Branch, d/b/a DZ Bank AG, New York Branch
DG Holding Trust
Federal Home Loan Bank of Boston
Federal Home Loan Bank of Chicago
Federal Home Loan Bank of Indianapolis
Federal Home Loan Mortgage Corporation
Federal Housing Finance Agency
Financial Guaranty Insurance Company
First Colonial Insurance Company
Fort Washington Active Fixed Income LLC
Fort Washington Investment Advisors, Inc.
HSH Nordbank AG

2

HSH Nordbank AG, Luxembourg Branch
HSH Nordbank AG, New York Branch
HSH Nordbank Securities S.A.
Huntington Bancshares Inc.
IKB Deutsche Industriebank AG
IKB International S.A. (in Liquidation)
Integrity Life Insurance Company
Kennett Capital, Inc.
Kral, Kenneth L.
Laster, Marteal
Massachusetts Mutual Life Insurance Company
MBIA Insurance Corporation
Mitchell, Ruth
Mitchell, Steven
National Credit Union Administration Board
National Integrity Life Insurance Company
New Jersey Carpenters Health Fund
New Jersey Carpenters Vacation Fund
Rio Debt Holdings (Ireland) Limited
Sall, Mohammed A.
Sealink Funding Ltd.
State of Ohio
Stichting Pensioenfonds ABP
The Charles Schwab Corporation
The Union Central Life Insurance Company
The Western and Southern Life Insurance Company
Thrivent Balanced Fund
Thrivent Balanced Portfolio
Thrivent Bond Index Portfolio
Thrivent Core Bond Fund
Thrivent Financial Defined Benefits Plan Trust
Thrivent Financial for Lutherans
Thrivent Income Fund
Thrivent Limited Maturity Bond Fund
Thrivent Limited Maturity Bond Portfolio
U.S. Central Federal Credit Union
West Virginia Investment Management Board
Western Corporate Federal Credit Union
Western-Southern Life Assurance Company

**U.S. Trustee's Office (Region 2 Trial Attorneys)**
Davis, Tracy Hope
Driscoll, Michael
Gasparini, Elisabetta
Golden, Susan
Khodorovsky, Nazar
Masumoto, Brian S.
Morrissey, Richard C.
Nakano, Serene
Riffkin, Linda A.
Schwartz, Andrea B.
Schwartzberg, Paul K.
Velez-Rivera, Andy
Zipes, Greg M.

**Bankruptcy Judges (New York)**
Bernstein, Stuart M.
Chapman, Shelley C.
Drain, Robert

Gerber, Robert E.
Glenn, Martin
Gropper, Allan L.
Lane, Sean H.
Lifland, Burton R.
Morris, Cecelia G.
Peck, James M.

**District Court Judges (New York)**
Baer, Harold
Batts, Deborah A.
Berman, Richard M.
Briccetti, Vincent L.
Buchwald, Naomi Reice
Carter, Andrew L.
Castel, P. Kevin
Cedarbaum, Miriam Goldman
Cote, Denise L.
Crotty, Paul A.
Daniels, George B.
Duffy, Kevin T.
Engelmayer, Paul A.
Forrest, Katherine B.
Gardephe, Paul G.
Griesa, Thomas P.
Haight, Charles S.
Hellerstein, Alvin K.
Jones, Barbara S.
Kaplan, Lewis A.
Karas, Kenneth M.
Koeltl, John G.
Marrero, Victor
McKenna, Lawrence M.
McMahon, Colleen
Nathan, Alison J.
Oetken, J. Paul
Owen, Richard
Patterson, Robert P.
Pauley, William H.
Preska, Loretta A.
Rakoff, Jed S.
Ramos, Edgardo
Sand, Leonard B.
Scheindlin, Shira A.
Seibel, Cathy
Stanton, Louis L.
Stein, Sidney H.
Sullivan, Richard J.
Swain, Laura Taylor
Sweet, Robert W.
Wood, Kimba M.

**Depositing Banks**
Ally Bank
Bank of America, N.A.
Bank of New York Mellon
Citibank, N.A.
Deutsche Bank Trust Company Americas
JPMorgan Chase Bank, N.A.

3

M&T Bank
State Street Bank and Trust Company
U.S. Bank National Association
Wachovia Bank, National Association

**Consultants & Professionals**
AlixPartners
Barclays Bank PLC
Centerview Partners LLC
Chadbourne & Parke LLP
Deloitte & Touche
Evercore
Fortress Investment Group, LLC
FTI Consulting, Inc.
Gonzalez, Arthur J.
Kirkland & Ellis LLP
Kramer Levin Naftalis & Frankel LLP
Kurtzman Carson Consultants LLC
Mayer Brown LLP
Mercer
Moelis
Nationstar Mortgage, LLC
PricewaterhouseCoopers
Rubenstein Associates, Inc.
Sidley Austin LLP
Skadden, Arps, Slate, Meagher & Flom LLP

**HELOC Investors**
5th 3rd bank
Aurora Loan Services LLC
Bank One, Texas N.A.
Deutsche Bank National Trust Co.
Everbank
JP Morgan Chase
Macquarie Mortgages USA Inc
Suntrust
The Bank of New York Mellon
Treasury Bank, N.A.
Us Bank, N.A.
Wachovia Bank Na
Wells Fargo Bank, N.A.

**Servicing Counterparties**

**Government Entities and GSEs**
Federal Home Loan Mortgage Corporation (Freddie Mac)
Federal Housing Administration (FHA)
Federal National Mortgage Association (Fannie Mae)
Government National Mortgage Association (Ginnie Mae)

**Housing and Local Agencies**
California Housing Finance Agency
CitiMortgage, Inc., as administrator for Texas Veterans Land Board
Connecticut Housing Finance Authority
Delaware Housing Authority

Hawaii Housing (Hula Mae)
Housing Opportunities Commission of Montgomery County, Maryland
Mississippi Home Corporation
Neighborhood Housing Services of America and Philadelphia N.H.S.
Oregon Housing and Community Services Department
Redevelopment Authority of the County of Berks
Rural Housing
The Housing and Redevelopment Authority in and for the City of Minneapolis
The Industrial Commission of North Dakota

**Mortgage and Monoline Insurers**
The ACE Group
Ambac
Assured Guaranty Corp.
Cuna Mutual Group Mortgage Insurance Company
FGIC
Financial Security Assurance Inc
Federal Insurance Group (a subsidiary of the Chubb Group of Insurance Companies)
General Electric Mortgage Insurance Corporation
Genworth Mortgage Insurance Corporation
MBIA
Mortgage Guaranty Insurance Corp.
PMI Mortgage Insurance Co.
Radian Asset Assurance Inc.
Radian Guaranty Inc.
Republic Mortgage Insurance Company
Triad Guaranty Insurance Corporation
United Guaranty Residential Insurance Company

**Trustees**
Bank One, National Association
BNY Midwest Trust Company
Chase Bank of Texas, N.A.
Citibank, N.A.
Deutsche Bank National Trust Company
Deutsche Bank Trust Company Americas
HSBC Bank USA, National Association
JPMorgan Chase Bank, N.A.
LaSalle Bank National Association
Security Pacific National Company
The Bank of New York Mellon
U.S. Bank National Association
US National Association
Wells Fargo Bank Minnesota, N.A.
Wells Fargo Bank, National Association
Wilmington Trust Company

**Other Counterparties to Servicing Agreements**
50 BY 50, LLC
ABN AMRO Mortgage Croup, Inc.
Access National Mortgage Corporation
Ace Home Equity Loan Trust, Series 2007-SL3
ACE Securities Corp.
ACT Mortgage Capital

4

Advantage Bank
Aegis Mortgage Corporation
Aegon USA Realty Advisors
Alliance Bancorp
Alliance Securities Corp.
Ally Bank
Ally Financial Inc.
Ally Investment Management LLC
Alternative Finance Corporation
Amalgamated Bank of New York
American Equity Mortgage, Inc.
American Home Mortgage
American Home Mortgage Acceptance, Inc.
American Home Mortgage Investment Trust 2005-2
American Home Mortgage Investment Trust 2005-4A
American Home Mortgage Investment Trust 2006-2
American Home Mortgage Investment Trust 2007-A
American Home Mortgage Servicing, Inc.
American Home Mortgage Trust 2004-4
American Home Mortgage Trust 2005-1
American Home Mortgage Trust 2005-2
American Home Mortgage Trust 2005-4A
American Residential Equities XXVII, LLC
American Residential Equities, LLC
Ameriquest Mortgage Company
Andover Bank
Arbor Commercial Mortgage, LLC
Asset Management Holding of South Florida, LLC
Assured Guaranty Municipal Corp
Atlantic Financial Federal
Audobon Savings Bank
Aurora Loan Services Inc.
Aurora Loan Services LLC
Banc of America Funding 2005-3 Trust
Banc of America Funding 2005-8 Trust
Banc of America Funding 2006-1 Trust
Banc of America Funding 2006-4 Trust
Banc of America Funding Corporation
Banc of America Mortgage Capital Corporation
Bancap
Banco Mortgage Company
Banco Popular North America
Bank of America, National Association
Bank of Hawaii
Bank One, Texas, N.A.
Bank Rhode Island
Bank United, FSB
Bankatlantic, A Federal Savings Bank
Bankers Saving
Bankers Trust Company
Banknorth Mortgage
Bay Atlantic Federal Credit Union
Bay Financial Savings Bank, FSB
Bayrock Mortgage Corporation
Bayview Acquisitions, LLC
Bayview Financial Asset Trust
Bayview Financial Property Trust

Bayview Financial Securities Company, LLC
Bayview Financial Trading Group, L.P.
Bayview Financial, L.P.
Bear Stearns Asset Backed Securities I, LLC
Bear Stearns Mortgage Capital Corporation
Bear Stearns Second Lien Trust 2007-1
Bear Stearns Second Lien Trust 2007-SV1
Bell Federal Savings and Loan Association
BellaVista Funding Corporation
Belvedere Trust Finance Corporation
Bluebonnet Savings Bank FSB
BMMZ Holdings LLC
Broadway Federal Bank, FSB
Brothers Bank, FSB
Butte Savings and Loan Association
Caliber Funding, LLC
California Banking Association
California Federal Bank, FSB
California Public Employees' Retirement System
Cambridge Place Collateral Management LLC
Canada Mortgage Acceptance Corporation
Capital Crossing Bank
Capitol Federal Savings and Loan Association
Capstead Mortgage Corporation
CDC Mortgage Capital Inc. (Natixis)
Cenfed Bank, a Federal Savings Bank
Cenlar FSB
CenterState Bank of Florida, N.A.
Central Bank of Jefferson County, Inc.
Century Bank, FSB
CFX Bank
Charter One Bank, FSB
Charter One Bank, N.A.
Chase Manhattan Mortgage Corporation
Chemical Mortgage Company
Citi Financial Mortgage Co., Inc
Citibank (West), FSB
Citigroup Global Markets Realty Corp.
Citigroup Mortgage Loan Trust Inc.
CitiMortgage, Inc.
Citizens Bank of Connecticut
Citizens Bank of Massachusetts
Citizens Bank of New Hampshire
Citizens Bank of Pennsylvania
Citizens Bank, N.A.
Citizens Federal Bank, FSB
Clayton Fixed Income Services Inc.
Clayton National, Inc.
CMC Investment Partnership
Coastal Banc Capital Corporation
Coastal Banc SSB
Coastal States Mortgage Corporation
Collective Federal Savings Bank
Colonial Mortgage Service Company
Comerica Bank
Community Lending, Incorporated
Communityone Bank, N.A.
ComUnity Lending, Incorporated
Copperfield

5

Core, Cap Inc.
Corona Asset Management III, LLC
Countrywide Bank, N.A.
Countrywide Home Loans Servicing, LP
Countrywide Home Loans, Inc.
Credit Suisse First Boston Mortgage Securities Corp.
CSX
CTCE Federal Credit Union
CTX Mortgage Company, LLC
DB Structured Products, Inc.
Deutsche Alt-A Securities, Inc.
Deutsche Bank AG New York Branch
Deutsche Mortgage Securities, Inc.
DLJ Mortgage Acceptance Corp.
DLJ Mortgage Capital, Inc.
Dollar Bank, FSB
Drawbridge Consumer Funding Ltd
Dynex Securities Corporation
E*Trade Bank
E*Trade Mortgage
E*Trade Wholesale Lending Corp.
EAB Mortgage Company, Inc.
EMC Mortgage Corporation
Empire Mortgage X, Inc.
Encore Bank and National Association
Encore Savings Bank
Erie Savings Bank
Eurekabank
EverBank
Fairbanks Capital Corp.
Fairfax Savings Bank
Family Bank, FSB
Family Lending Services, Inc.
FBS Mortgage Corporation
Federal Home Loan Bank of Atlanta
Federal Trust Bank, FSB
Fidelity Federal Bank
Fidelity Savings and Loan
Fifth Third Bank
Financial Asset Securities Corp.
First Bank Incorporated
First Bank, Inc.
First Cap Holdings, Inc.
First Citizens Bank and Trust Company
First Citizens Mortgage Company
First Community Bank N.A.
First Federal of Michigan
First Federal Savings and Loan Association of Storm Lake
First Guaranty Mortgage Corporation
First Horizon Home Loan Corporation
First Indiana Bank
First Internet Bank of Indiana
First Massachusetts Bank, N.A.
First National Bank and Trust Company
First National Bank of Arizona
First National Bank of El Dorado
First Nationwide Mortgage Corporation

First NLC
First Rate Capital Corporation
First Savings Mortgage Corporation
First Tennessee Bank National Association
First Tennessee Capital Assets Corporation
First Trust Savings Bank
First Union National Bank
First-Citizens Bank & Trust Company
Firstrust Bank
Fleet National Bank
Flex Point Funding Corporation
Flick Mortgage Investors, Inc.
FNBA
Fortress Credit Corp.
FPA Corporation
Franklin Bank, SSB
Franklin Credit
Franklin Credit Management Corporation
Gateway Credit Union
Gateway Funding Diversified Mortgage Services, LP
GE Capital Consumer Card Co.
GE Mortgage Services, LLC
Geneva Mortgage Corporation
Germantown Savings Bank
Gibraltar Savings Association
Ginn Financial Services, LLC
Goldman Sachs Mortgage Company
Gonzalo Residential Asset Trust
Great American First Savings Bank
Great American Savings Bank
Green Planet Servicing, LLC
Green Tree Servicing LLC
GreenPoint Mortgage Funding Trust 2005-HE4
GreenPoint Mortgage Funding Trust 2006-HE1
GreenPoint Mortgage Funding, Inc.
Greenwich Capital Acceptance, Inc.
Greenwich Capital Financial Products, Inc.
Greenwich Universal Portfolio
GS Mortgage Securities Corp.
GSAA Home Equity Trust 2005-9
GSMPS Mortgage Loan Trust 2005-LT1
GSR Mortgage Loan Trust 2006-AR2
GSR Trust 2007-HEL1
Guardian Savings Bank
Hanover Capital Mortgage Holdings, Inc.
HarborView Mortgage Loan trust 2004-10
Healthcare Employees Federal Credit Union
Home Equity Loan Trust 2005-HS2
Home Equity Loan Trust 2006-HSA2
Home Equity Loan Trust 2006-HSA3
Home Equity Loan Trust 2006-HSA5
Home Equity Loan Trust 2007-HSA1
Home Equity Loan Trust 2007-HSA3
Home Federal Savings & Loan Association of Rome, Ga.
Home Loan Corporation
Home Loan Series 09-2028
HomeBanc Mortgage

6

HomEq Servicing Corporation
Horsham Funding Inc.
HSI Asset Securitization Corporation
Hudson & Keyse, LLC
Hudson City Savings Bank
Huntington Federal Savings & Loan Association
Hyperion Capital Group LLC
IMPAC CMB Trust Series 2005-6
IMPAC Funding Companies
IMPAC Funding Corporation
IMPAC Mortgage Holdings, Inc.
IMPAC Secured Assets Corp.
Imperial Credit Industries, Inc.
Independent Bank East Michigan
IndyMac Bank, FSB (now OneWest Bank, FSB)
IndyMac MBS, Inc.
IndyMac Mortgage Holdings, Inc.
ING Bank, FSB
Investment Capital Group
Irwin Union Bank and Trust Company
Ixis Real Estate Capital Inc
Jackson Federal Bank
Just Mortgage, Inc.
Kaiser Federal Bank
Keystone Nazareth Bank & Trust Company
Kidder Peabody Mortgage Capital Corporation
Lacera
Lebank
Lehman Brothers Bank, FSB
Lehman Brothers Holdings Inc.
Lehman Capital, a division of Lehman Brothers
    Holdings Inc.
Liberty Home Lending, Inc.
Liberty Savings Bank, FSB
Linden Assemblers Federal Credit Union
Litton Loan Servicing, LP
LNV Corporation
Loan Center of California
Loan Link Financial Services
Local #38 and Associates Credit Union
Lomas Mortgage USA, Inc.
Los Angeles County Employees Retirement
    Association
Los Angeles Federal Savings
LPP Mortgage Ltd.
Luminent Mortgage Capital, Inc.
Lydian Private Bank
Macquarie Mortgage Funding Trust 2007-1
Macquarie Mortgages USA, Inc.
MAIA Mortgage Finance Statutory Trust
Marine Bank
Market Street Mortgage Corporation
Massachusetts Mutual Life Insurance Co.
Matrix Capital Bank
MB Financial Bank N.A.
Medway Savings Bank
Mellon Bank
Mellon/McMahon Real Estate Advisors Inc.
Merck Sharp & Dohme Federal Credit Union

Mercury Mortgage Finance Statutory Trust
Meridian Mortgage Corporation
Merrill Lynch Bank & Co.
Merrill Lynch Hunton Paige
Merrill Lynch Mortgage Capital Inc.
Merrill Lynch Mortgage Holdings, Inc.
Merrill Lynch Mortgage Investors, Inc.
Merrill Lynch Mortgage Lending, Inc.
Metlife Bank, N.A.
Metrocities Mortgage Corp., LLC
Metropolitan Life Insurance Company
Mid America Bank, FSB
MidFirst Bank
Midland Financial Savings and Loan Association
Mint I, LLC
Mint II, LLC
Money Bank Investment Corporation
Monterey I Holdings
Morgan Stanley Capital I Inc.
Morgan Stanley Mortgage Capital Inc.
Morgan Stanley Mortgage Loan Trust 2005-3AR
Mortgage Asset Securitization Transactions, Inc.
Mortgage Asset Securitization Trust
Mortgage Interest Networking Trust II
Mortgage Investors Corporation
MortgageIT Holdings Inc.
MortgageIT Securities Corp.
MortgageIT Trust 2005-4
MortgageIT, Inc
MRF 3 LLC
Mrit Securities Corporation
Mutual Savings & Loan Association of Charlotte,
    N.C.
Mutual Savings Bank
National Bank of Commerce
NETBANK
Network Funding L.P.
Neuwest Equity Partners
New Century Mortgage Securities, Inc.
New Cumberland Federal Credit Union
New Penn Financial, LLC
New York Life Insurance and Annuity Corporation
New York Life Insurance Company
Nomura Asset Acceptance Corporation
Nomura Credit & Capital, Inc.
Nomura Home Equity Loan, Inc.
North Jersey Federal Credit Union, Inc.
Northwest Funding, Inc.
Northwestern National Bank of Minneapolis
Norwest Bank Minnesota, National Association
Norwest Mortgage, Inc.
Ocwen Federal Bank FSB
Ocwen Loan Servicing, LLC
Ohio Savings Bank
Opteum Financial Services, LLC
Option One Mortgage Corporation
Paine Webber Real Estate Securities Inc.
Parkside Lending, LLC
Parkvale Savings Bank

7

Paul Financial, LLC
People Savings Bank, Inc., SSB
Peoples Heritage Savings Bank
PHH Mortgage
Philadelphia Federal Credit Union
Pinnacle Capital Mortgage Corporation
Pinnacle Financial Corporation
Plaza Home Mortgage, Inc.
PMC Bancorp
PNC Bank, N.A.
PNC Mortgage Securities Corp.
Pomona First Federal Bank and Trust
Principal Asset Markets, Inc.
Principal Bank
Principal Mutual Life Insurance Company
Private Capital Group
Quaker City Bank
Quicken Loans Inc.
RBS Citizens, National Association
Real Time Resolutions, Inc.
Real Time Solutions
Realty Mortgage Corporation
Redlands Federal Bank, FSB
Redwood Trust, Inc.
Reliance Federal Credit Union
Residential Mortgage Assistance Enterprise, LLC
Resolution Capital Advisors, LLC
Ridgewood Savings Bank
Riggs Bank N.A.
Rochester Community Savings Bank
Roosevelt Management Company, LLC
RWT Holdings, Inc.
Ryland Acceptance Corporation Four
SACO I Trust 2005-GP1
SACO I Trust 2006-8
Salomon Brothers Realty Corp.
Saxon Mortgage Funding Corporation
Sea Breeze Financial Services, Inc.
Sebring Capital
Secured Bankers Mortgage Company
Security National
Security Pacific National Bank
Select Portfolio Servicing Inc.
Sequoia Funding Trust
Sequoia Residential Funding, Inc.
Shearson Lehman Government Securities, Inc.
Shellpoint Mortgage LLC
Sierra Pacific Mortgage, Inc
Silver State Financial Services, Inc.
Silvergate Bank
Skyline Financial Corp.
SMFC Funding Corporation
SN Servicing Corporation
SNBOA, LLC
Southbank
Southern Pacific Thrift and Loan Association
SouthStar Funding, LLC
Southwest Savings and Loan Association
Sovereign Bank, FSB

Specialized Loan Servicing LLC
St. Paul Federal Bank for Savings
Stanwich Mortgage Acquisition Company, LLC
Sterling Savings Bank
Steward Financial, Inc.
Stonebridge Bank
Structured Asset Mortgage Investments II Inc.
Structured Asset Mortgage Investments, Inc.
Structured Asset Securities Corporation
Structured Mortgage Investments II Inc.
Summit Savings & Loan Association
Suntrust Asset Funding, LLC
Superior Bank
Susquehanna Bank
Syncora Guarantee Inc.
Taylor, Bean Whitaker
TCF National Bank
TCIF, LLC
TeleBank
Terwin Advisors LLC
Terwin Mortgage Trust 2006-6
Terwin Securitization LLC
The Canada Trust Company
The Chase Manhattan Bank
The First Boston Corporation
The First National Bank of Glens Falls
The Frost National Bank
The Mortgage Store Financial, Inc.
The New York Mortgage Company, LLC
The Travelers Indemnity Company
The Winter Group
Treasury Bank, N.A.
Tri Counties Bank
Tri Country Area Federal Credit Union
Truman Capital Securitization LLC
UBS Real Estate Securities Inc.
UBS Warburg Real Estate Securities Inc.
UBS Warburg, LLC
United Capital Mortgage, LLC
United Federal Savings Bank
United Financial Mortgage Corporation
United Savings Association of Texas, FSB
Unity Bank
Universal Master Servicing, LLC
US Bank Home Mortgage
USAA Federal Savings Bank
Valley Independent Bank
Vermont Mortgage Group, Inc.
Wachovia Bank, National Association
Wachovia Mortgage Corporation
Walter Mortgage Company
Washington Mutual Bank
Washington Mutual Mortgage Securities Corp.
Webster Bank
Western Financial Savings Bank, FSB
WestStar Mortgage, Inc.
Wilshire Credit Corporation
Winter Group
Witmer Funding LLC

8

WMCC Clayton / Washington Mutual Bank
WMD Capital Markets, LLC

## Utilities
Abovenet Communications Inc.
AT&T
AT&T Mobility
Center Point Energy
CenturyLink
Cisco Systems Capital Corporation
City of Eden Prairie
Comcast
Dish Network
Genesys Conferencing
Global Capacity Group Inc.
IEX Corporation
Inova Solutions
Intercall
Intervoice Inc.
Level 3 Communications LLC
MediaCom
Micro-Tel Center
MidAmerican Energy
Sprint
Time Warner Cable
Time Warner Telecom
Verizon
Verizon Business
Verizon California
Verizon Wireless
Waste Management
Waterloo Water Works
Xcel Energy

## Consolidated Top 50 Creditors
Aegis Usa Inc.
Alan Gardner
Allstate Insurance
Ambac Assurance Corp
Assured Guaranty Corp.
BNYMellon
Boilermaker Blacksmith National Pension Trust
Brian Kessler, et al
Cambridge Place Investment Management Inc.
Credstar
Deutsche Bank AG, New York
Deutsche Bank Trust Company Americas
Don E. Diane M. Patterson
Donna Moore
Emortgage Logic
Federal Home Loan Bank of Boston
Federal Home Loan Bank of Chicago
Federal Home Loan Bank of Indianapolis
Federal Housing Finance Agency
Financial Guaranty Insurance Co.
Huntington Bancshares Inc.
Indecomm Global Services
Iowa Public Employees Retirement System
Lehman Brothers Holdings, Inc.

Loan Value Group
Massachusetts Mutual Life Insurance Company
MBIA, Inc.
Midwest Operating Engineers Pension Trust Fund
National Credit Union Administration Board
New Jersey Carpenters Health Fund
New Jersey Carpenters Vacation Fund
Orange County Employees Retirement System
Police and Fire Retirement System of the City of
  Detroit
Sealink Funding Limited
Steven And Ruth Mitchell
Stichting Pensioenfonds ABP
The Charles Schwab Corporation
The Union Central Life Insurance Company
Thrivent Financial for Lutherans
Tiffany Smith
US Bank
Wells Fargo & Company
Wells Fargo Board N.A
West Virginia Investment Management Board
Western & Southern

## Members of the Creditors' Committee
Allstate Life Insurance Company
AIG Asset Management (U.S.), LLC
The Bank of New York Mellon Trust Company,
  N.A.
Deutsche Bank Trust Company Americas
Drennen, Rowena L.
Financial Guaranty Insurance Company
MBIA Insurance Corporation
U.S. Bank National Association
Wilmington Trust, N.A.

## Rule 2004 Motion Parties
AlixPartners
Cerberus Capital Management, L.P.
Cerberus FIM Investors LLC
Cerberus FIM, LLC
FIM Holdings LLC
General Motors Company
Gibbs & Bruns, LLP
GMAC Bank
GMAC Commercial Finance, LLC
GMAC LLC
GMAC Mortgage Group, LLC
Houlihan Lokey
IB Finance Holding Company, LLC
Kelly Drye & Warren LLP
Kramer Levin et al
Moelis & Company
Morrison & Foerster LLP
Morrison Cohen LLP
National Motors Bank FSB
Ropes & Gray LLP
White & Case

9

ny-1014316

# EXHIBIT B

## (Proposed Order)

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein (RF-2836)
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile:  (212) 561-7777

*Proposed Co-Counsel for the*
*Official Committee of Unsecured Creditors*
*of Residential Capital, LLC, et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, et al., | |
| Debtors. | Jointly Administered |

**ORDER APPROVING RETENTION OF**
**PACHULSKI STANG ZIEHL & JONES LLP AS**
**CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED**
**CREDITORS *NUNC PRO TUNC* TO SEPTEMBER 19, 2012**

Upon consideration of the Amended Application of the Official Committee of

Unsecured Creditors for Order Authorizing and Approving the Retention of Pachulski Stang

Ziehl & Jones LLP as Co-Counsel to the Official Committee of Unsecured Creditors *Nunc Pro*

*Tunc* to September 19, 2012 (the "Application")[1] filed by the Official Committee of Unsecured

Creditors appointed in the above-captioned cases (the "Committee"), and upon the Declaration

of Robert J. Feinstein in Support of Amended Application for Order Authorizing and Approving

the Employment of Pachulski Stang Ziehl & Jones LLP as Co-Counsel to the Official Committee

of Unsecured Creditors (the "Feinstein Declaration"); and the Court being satisfied based on the

---

[1]  Capitalized terms not otherwise defined herein shall have the meanings set forth in the Application.

representations made in the Application and in the Feinstein Declaration that said attorneys represent no interest adverse to the Debtors' estates with respect to the matters upon which they are to be engaged, that they are disinterested persons as that term is defined under Section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and that their employment is necessary and would be in the best interests of the Debtors' estates, and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Application is GRANTED as provided herein; and it is further

ORDERED that in accordance with sections 328 and 1103 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and Local Bankruptcy Rule 2014-1, the Committee is authorized to employ and retain Pachulski Stang Ziehl & Jones LLP ("PSZJ") as co-counsel *nunc pro tunc* to September 19, 2012, to perform necessary legal services for the Committee; and it is further

ORDERED that pursuant to section 1103(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 5002 and Local Rule 2014-1, the Committee is authorized to employ and retain PSZJ to:  (a) perform services on bankruptcy-related matters which involve negotiations, contested hearings, adversary proceedings, or other matters in which the Committee is prosecuting a position that Committee Counsel determines would cause a connection with a client of Kramer Levin to mature into and become a conflict of interest; and (b) represent the Committee on matters that can be efficiently handled by the PSZJ and the transfer of which is in the Committee's best interests, as determined by Kramer Levin in consultation with the Committee, which shall consist of matters that pertain to only the following items:

2

    i.        Such investigation, if any, as the Committee may desire concerning, among other things, the assets, liabilities, financial condition and operating issues concerning the Debtors that may be relevant to these Chapter 11 Cases;

    ii.       The prosecution of any claims brought by the Committee on behalf of the Debtors, including, without limitation, those claims described in the Motion of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing It to Prosecute and Settle Certain Claims on Behalf of the Debtors' Estate [Docket No. 1546] to the extent such motion is allowed by the Court;

    iii.      Review and analysis of certain aspects of the contemplated sale of the Debtors' mortgage origination and servicing platform and portfolio of non-conforming held-for-sale loans and certain other securities/mortgage assets.

    iv.      Such communication with the Committee's constituents and others as the Committee may consider desirable in furtherance of its responsibilities; and

    v.       The preparation on behalf of the Committee of necessary applications, motions, memoranda, orders, reports and other legal papers in furtherance of its responsibilities;

    vi.      Appearances in Court, participation in litigation as a party in interest, and at statutory meetings of creditors to represent the interests of the Committee in furtherance of its responsibilities; and

    vii.     Any other matters assigned to PSZJ by Kramer Levin in consultation with the Committee.

ORDERED that when Kramer Levin determines that the Committee is prosecuting a position that Kramer Levin determines would likely cause an actual or potential conflict of interest, in addition to any duty imposed under applicable statutes and rules concerning conflicts, Kramer Levin shall notify PSZJ of its determination; and it is further

ORDERED that Kramer Levin shall file timely disclosures identifying any matters transferred to PSZJ pursuant to subparagraphs (a) and (b)(vii) of the third ordered

paragraph of this Order. The timeliness of such disclosures will be governed by the facts and circumstances of the situation, including whether Kramer Levin believes that earlier disclosure would reveal privileged information or compromise the Committee's abilities to perform its statutory responsibilities under section 1103 of the Bankruptcy Code; and it is further

ORDERED that PSZJ shall be compensated pursuant to the terms described in the Application and the Feinstein Declaration, in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, dated January 30, 1996, and any other applicable procedures and orders of this Court; and it is further

ORDERED that prior to any increases in rates as set forth in footnote 1 of the Application, PSZJ shall file a supplemental declaration with the Court and give ten (10) business days' notice to the Debtors, the United States Trustee and the Committee, which supplemental declaration shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and indicate whether the Committee has received notice of and approved the proposed rate increase; and it is further

ORDERED that PSZJ shall use its best efforts to avoid any duplication of services provided by any of the Committee's other retained professionals in the Chapter 11 Cases; and it is further

ORDERED that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that the Committee is authorized and empowered to take all actions

necessary to implement the relief granted in this Order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012

_____

HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

DOCS_NY:28830.2 73839/001