UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|   |   |
|---|---|
| In re: | ) Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, et al. | ) Case No. 12-12020 (MG) |
| Debtors. | ) Jointly Administered |

**STIPULATION AND ORDER
AMENDING THE AFI DIP AND CASH COLLATERAL ORDER**

Subject to the approval of the Court, this stipulation and order (this "***Stipulation***") is made and entered into by and between the debtors and debtors in possession in the above-captioned bankruptcy case (collectively, the "***Debtors***"), Ally Financial Inc. ("***AFI***") and holders of the Junior Secured Notes[1] (the Junior Secured Notes, AFI, and the Debtors, collectively the "***Parties***") under the *Final Order Under Sections 105, 361, 362, 363, and 364 of the Bankruptcy Code and Bankruptcy Rules 2002, 4001, 6004, and 9014 (I) Authorizing the Debtors to Obtain Postpetition Financing on a Secured Superpriority Basis, (II) Authorizing the Debtors to Use Cash Collateral, and (III) Granting Adequate Protection to Adequate Protection Parties* [ECF No. 491] (the "***AFI DIP and Cash Collateral Order***") entered by the Court on June 25, 2012.

WHEREAS, the AFI DIP and Cash Collateral Order approved, among other things, the use of Cash Collateral of the Adequate Protection Parties and a debtor-in-possession financing facility of up to $220 million from AFI to the Debtors (the "***AFI DIP***"), attached as **Exhibit C** to the AFI DIP and Cash Collateral Order;

WHEREAS, paragraph 18(a)(ix) of the AFI DIP and Cash Collateral Order contains a

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the AFI DIP and Cash Collateral Order.

covenant that requires the effective date of the Debtors' chapter 11 plan to have occurred by December 15, 2012 (the "**Chapter 11 Plan Covenant**");

WHEREAS, paragraph 20(g) of the AFI DIP and Cash Collateral Order provides that, subject to a five business day grace period, failure by the Debtors to comply with the covenants contained therein results in a Termination Event;

WHEREAS, on November 21, 2012, the Bankruptcy Court entered the *Order Under 11 U.S.C. §§ 105, 363, and 365 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 (I) Approving (A) Sale of Debtors' Assets Pursuant to Asset Purchase Agreement with Berkshire Hathaway Inc.; (B) Sale of Purchased Assets Free and Clear of Liens, Claims, Encumbrances, and other Interests; and (C) Related Agreements; and (II) Granting Related Relief* [ECF No. 2247] (the "**HFS Loan Sale Order**");

WHEREAS, the HFS Loan Sale Order approved, among other things, the sale of the Debtors' whole loan "legacy" portfolio to Berkshire Hathaway Inc. pursuant to the terms of the BH Legacy APA (as defined in the HFS Loan Sale Order) (the "**HFS Loan Sale**");

WHEREAS, section 9.1(f) of the BH Legacy APA (as defined in the HFS Loan Sale Order) requires that the HFS Loan Sale close on or prior to January 31, 2013;

WHEREAS, the Debtors have informed AFI that they expect to repay the AFI DIP from the proceeds of the HFS Loan Sale and have requested that AFI and the holders of Junior Secured Notes amend the AFI DIP and Cash Collateral Order to revise the Chapter 11 Plan Covenant;

WHEREAS, the Parties intend to engage in discussions regarding the terms governing the ongoing use of Cash Collateral in advance of the Court's January 10, 2013 omnibus hearing date;

2

WHEREAS, the Parties reserve all rights with respect to adequate protection under the AFI DIP and Cash Collateral Order, including with respect to the Debtors' allocation of expenses;

WHEREAS, the Parties, have agreed to consensually amend the AFI DIP and Cash Collateral Order pursuant to the terms of this Stipulation in advance of that date so that the parties can attempt to reach a mutually satisfactory agreement;

WHEREAS, the Trustee does not have an objection to the Stipulation.

NOW THEREFORE, it is hereby STIPULATED and AGREED by the Parties that:

1. The AFI DIP and Cash Collateral Order is hereby amended by replacing paragraph 18(a)(ix) in its entirety with the following: "(ix) the AFI DIP shall be repaid in full on the earlier of (a) the closing of the HFS Loan Sale and (b) January 10, 2013, unless otherwise agreed to in writing solely by AFI in its capacity as the AFI DIP Lender, in its sole discretion; and"

2. The AFI DIP and Cash Collateral Order is hereby amended by deleting the word "and" in paragraph 18(a)(viii).

3. The AFI DIP and Cash Collateral Order is hereby amended by inserting the following new paragraph 18(a)(x): "(x) the Debtors, the Junior Secured Parties, the AFI Lender, and the Creditors' Committee shall negotiate in good faith to enter in an agreement, to be subject to Court approval, by January 31, 2013 or as soon as practicable thereafter on a revised expense allocation methodology that will become effective following the closing of the Platform Sale (as defined herein)."

4. The AFI DIP and Cash Collateral Order is hereby amended by replacing the first full paragraph in paragraph 20 with the following: "20. *Termination*. The Borrowers' right to

3

use Prepetition Collateral, including Cash Collateral, and the AFI DIP Loan, pursuant to this Final Order shall automatically terminate (the date of any such termination, the "**Termination Date**") without further notice or order of the Court (w) on the effective date of a Plan for any Debtor, or (x) upon the earlier of (i) the closing of the sale of the Debtors' assets under the *Order Under 11 U.S.C. §§ 105, 363, and 365 and Fed. Bankr. P. 2002, 6004, 6006, and 9014 (I) Approving (A) Sale of the Debtors' Assets Pursuant to Asset Purchase Agreement with Ocwen Loan Servicing, LLC; (B) Sale of Purchased Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (C) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Thereto; (D) Related Agreements; and (II) Granting Related Relief* [ECF No. 2246] (the "**Platform Sale**") and (ii) March 31, 2013, unless extended in writing by the AFI Lender in its sole discretion, or (y) upon written notice (the "**Termination Notice**") by the AFI Lender (or, if the AFI Revolver has been paid in full, by the Junior Secured Parties) to the Borrowers (with a copy to counsel to the Creditors' Committee, the Administrative Agent and the Collateral Agent under the Barclays DIP Facility, and the United States Trustee) after the occurrence and during the continuance of any of the following events (unless waived by the Adequate Protection Parties, "**Termination Events**") beyond any applicable grace period set forth below:".

5. This Stipulation shall be binding on the Parties upon execution and approval by this Court.

6. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation.

*[Signature Pages Follow]*

4


| | |
|---|---|
| Dated: December 12, 2012 | Dated: December 12, 2012 |
| /s/ Todd M. Goren | /s/ Ray C. Schrock |
| Gary S. Lee | Richard M. Cieri |
| Todd M. Goren | Ray C. Schrock |
| | Stephen E. Hessler |
| MORRISON & FOERSTER LLP | KIRKLAND & ELLIS LLP |
| 1290 Avenue of the Americas | 601 Lexington Avenue |
| New York, New York 10104 | New York, NY 10022 |
| Telephone: (212) 468-8000 | Telephone: 212-446-4800 |
| Facsimile: (212) 468-7900 | Facsimile: 212-446-4900 |
| *Counsel to the Debtors and Debtors in Possession* | *Counsel to Ally Financial Inc. and Ally Bank* |
| Dated: December 12, 2012 | Dated: December 12, 2012 |
| /s/ J. Christopher Shore | /s/ Gerard Uzzi |
| J. Christopher Shore | Gerard Uzzi |
| Harrison Denman | |
| WHITE & CASE LLP | MILBANK , TWEED, HADLEY & MCCLOY LLP |
| 1155 Avenue of the Americas | 1 Chase Manhattan Plaza |
| New York, New York 10036 | New York, New York 10005 |
| Telephone: (212) 819-8200 | Telephone: (212) 530-5000 |
| Facsimile: (212) 354-8113 | Facsimile: (212) 530-5219 |
| *Counsel to the Ad Hoc Group of Holders of Junior Secured Notes* | *Counsel to the Ad Hoc Group of Holders of Junior Secured Notes* |

**IT IS SO ORDERED.**

Dated: December 20, 2012
New York, New York

                                                     /s/Martin Glenn
MARTIN GLENN
United States Bankruptcy Judge