**Presentment Date and Time: January 2, 2013 at 12:00 p.m. (ET)**
**Objection Deadline: December 28, 2012 at 4:00 p.m. (ET)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Lorenzo Marinuzzi

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**NOTICE OF PRESENTMENT OF STIPULATION AND ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a) AND 362(d) FOR ENTRY OF AN ORDER APPROVING PROCEDURES BY WHICH JPMORGAN CHASE BANK, N.A. MAY REQUEST AND OBTAIN STIPULATED RELIEF FROM THE AUTOMATIC STAY TO <u>COMMENCE OR CONTINUE ACTIONS TO FORECLOSE SENIOR LIENS</u>**

**PLEASE TAKE NOTICE** that the undersigned will present the attached proposed *Stipulation and Order Pursuant to Bankruptcy Code Sections 105(a) and 362(d) for Entry of an Order Approving Procedures by Which JPMorgan Chase Bank, N.A. may Request and Obtain Stipulated Relief from the Automatic Stay to Commence or Continue Actions to Foreclose Senior Liens* (the "**Stipulation and Order**"), to the Honorable Martin Glenn, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), Alexander Hamilton Custom House, One Bowling Green, New York,

New York 10004, Room 501, for signature on **January 2, 2013 at 12:00 p.m. (Prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Stipulation and Order must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **December 28, 2012 at 4:00 p.m. (Prevailing Eastern Time)**, upon (a) counsel for the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attn: Gary S. Lee, Norman S. Rosenbaum, and Lorenzo Marinuzzi); (b) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attn: Tracy Hope Davis, Linda A. Riffkin, and Brian S. Masumoto); (c) the Office of the United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001 (Attn: U.S. Attorney General, Eric H. Holder, Jr.); (d) Office of the New York State Attorney General, The Capitol, Albany, NY 12224-0341 (Attn: Nancy Lord, Esq. and Neal Mann, Esq.); (e) Office of the U.S. Attorney for the Southern District of New York, One St. Andrews Plaza, New York, NY 10007 (Attn: Joseph N. Cordaro, Esq.); (f) counsel for Ally Financial Inc., Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY 10022 (Attn: Richard M. Cieri); (g) counsel to Barclays Bank PLC, as administrative agent for the DIP lenders, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036 (Attn: Ken Ziman & Jonathan H. Hofer); (h) counsel for the committee of unsecured creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attn: Kenneth Eckstein & Greg

Horowitz); (i) counsel for Nationstar Mortgage LLC, Sidley Austin LLP, One South Dearborn, Chicago, Illinois 60603 (Attn: Jessica C.K. Boelter); (j) counsel for Ocwen Loan Servicing, LLC, Clifford Chance US LLP, 31 West 52nd Street, New York, New York 10019 (Attn: Jennifer C. DeMarco & Adam Lesman); (k) counsel for Berkshire Hathaway, Inc., Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los Angeles, California, 90071 (Attn: Seth Goldman & Thomas B. Walper); (l) Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346 (if by overnight mail, to 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-5016); (m) Securities and Exchange Commission, New York Regional Office, 3 World Financial Center, Suite 400, New York, NY 10281-1022 (Attn: George S. Canellos, Regional Director); and (n) counsel for JPMorgan Chase Bank, N.A. Jay Teitelbaum Teitelbaum & Baskin, LLP 1 Barker Avenue, White Plains, N.Y. 10601.

**PLEASE TAKE FURTHER NOTICE** that, if no objections to the Stipulation and Order are timely filed, served and received in accordance with this Notice, the Court may enter the Order without further notice or hearing.

Dated: December 21, 2012  
       New York, New York

Respectfully submitted,

/s/ Norman S. Rosenbaum  
Gary S. Lee  
Lorenzo Marinuzzi  
Norman S. Rosenbaum  
MORRISON & FOERSTER LLP  
1290 Avenue of the Americas  
New York, New York 10104  
Telephone: (212) 468-8000  
Facsimile: (212) 468-7900  

*Counsel for the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | Case No. 12-12020 (MG) |
| ) | |
| RESIDENTIAL CAPITAL, LLC, et al., ) | Chapter 11 |
| ) | |
| ) | Jointly Administered |
| Debtors. ) | |
| ) | |

### STIPULATION AND ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a) AND 362(d) FOR ENTRY OF AN ORDER APPROVING PROCEDURES BY WHICH JPMORGAN CHASE BANK, N.A. MAY REQUEST AND OBTAIN STIPULATED RELIEF FROM THE AUTOMATIC STAY TO COMMENCE OR CONTINUE ACTIONS TO FORECLOSE SENIOR LIENS

Upon the motion (the "Motion"),[1] dated September 11, 2012, of the above-captioned debtors and debtors in possession (the "Debtors"), pursuant to sections 105(a) and 362(d) of the Bankruptcy Code, for entry of an order establishing procedures by which third parties that hold mortgages on real property (each, a "Senior Lien") in which the Debtors hold or service an interest that is subordinate to the third party's interest (each, a "Property") may request and, if certain requirements are met, obtain stipulated relief from the automatic stay in order to foreclose on such Property (each such action, a "Senior Lien Foreclosure Action"), all as more fully set forth in the Motion; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the Response and Objection [Docket No. 1490] (the "Objection") of JPMorgan Chase, N.A. ("Chase"), and after due deliberation thereon; and upon the agreement of the parties hereto to avoid the cost, expense and delay of litigation concerning the Motion and the Objection, and good and sufficient cause appearing therefor, it is hereby:

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

ny-1063441

STIPULATED, AGREED AND ORDERED THAT:

1. The Objection is withdrawn and the relief requested in the Motion is GRANTED with respect to Chase as provided herein.

2. The Lift Stay Procedures with respect to Chase are approved as follows:

**Lift Stay Procedures**

3. To the extent that Chase seeks to continue or commence a Senior Lien Foreclosure Action with respect to any Property, Chase shall serve a letter requesting relief from the automatic stay (a "Request") via email, with a copy via overnight mail, on each of the following parties: (a) Residential Capital, LLC, 1100 Virginia Dr., Ft. Washington, Pennsylvania, 19034 Attn: Melody Wright (overnight mail only); (b) counsel for the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas New York, New York 10104 Attn: Norman S. Rosenbaum (email nrosenbaum@mofo.com), Erica J. Richards (email erichards@mofo.com) and James Newton (jnewton@mofo.com); (c) Office of the United States Trustee 33 Whitehall Street, 21st Floor New York, New York 10004 Attn: Brian Masumoto, Esq. and Michael Driscoll, Esq., and (d); counsel for the Committee, Kramer Levin, Naftalis & Frankel LLP Counsel for the Committee 1177Avenue of the Americas New York, New York 10036 Attn: Doug Mannel (email dmannal@kramerlevin.com) Elise Frejka (email efrejka@kramerlevin.com) (parties listed in (a) through (d) collectively, the "Notice Parties"). Each of Ocwen Loan Servicing LLC ("Ocwen") and Berkshire Hathaway Inc. ("Berkshire Hathaway" and, together with Ocwen, the "Prevailing Bidders"), upon prior written notice to the Debtors, the Committee and JPMorgan, shall have the right to become a Notice Party to the extent the Debtors' interest in the Property that is the subject of any Request is an asset subject to purchase under the respective asset purchase agreement between such Prevailing Bidder and the Debtors.

4. The Request shall be accompanied by a form completed by Chase in the regular course of its business which shall include the following information:

(a) Address of the Property;

(b) Name of the borrower under the Senior Lien;

(c) Nature of the Debtors' purported interest in the Property based upon information obtained by Chase in the ordinary course of its business from a pre-foreclosure title search;

(d) Identity of the party that owns the Senior Lien (the "Senior Holder");

(e) Identity of Requesting Party if different from the Senior Holder, nature of such Requesting Party's interest in the Property, and capacity in which such request is made (e.g., as servicer, etc.);

(f) Identification of any other known liens on the Property and holder of such liens;

(g) Value of the Property on which the foreclosure bid is based (to be supported by the most current appraisal or broker price opinion available to Chase (in each case conducted within the ninety (90) days preceding the date of the Request),;

(h) Total indebtedness attributable to the Senior Lien, including unpaid principal balance, outstanding corporate advances and legal fees;

(i) Description of the default under the Senior Lien (i.e., timing and nature of default, including date and amount of last payment, contractual payment amount outstanding, and length and amount of arrearage);

(j) Court in which First Lien Foreclosure Action is pending or in which the Requesting Party proposes to bring such action, as applicable, together with copies of any relevant documents filed in connection with the First Lien Foreclosure Action; and

(k) Whether any loss mitigation efforts have been undertaken by or on behalf of the Senior Holder with respect to the Senior Lien within the previous twelve (12) months and the result of any such efforts; and

(l) Certification that, based upon the books and records of Chase, the information contained in the Request is accurate.

5. Within twenty (20) days after the submission of a Request (the "Evaluation Period"), any Notice Party may request additional information which is believed to be necessary to make a decision on a Request. Such Notice Party shall promptly notify the Debtors of the request for information and the Debtors shall forward the request for information to Chase via email to the following: Jay Teitelbaum (jteitelbaum@tblaw.com) and Chase attn.: Anita Warner

3

ny-1063441

(anita.warner@jpmchase.com). If no request for additional information is made within 20 days after the submission of the Request, the Evaluation Period shall be limited to the 20 day period following the submission of the Request.

6. If a Notice Party requests additional information within the Evaluation Period, Chase shall have the option to agree to provide the additional information or advise the Debtors and such Notice Party in writing that Chase withdraws the Request and intends to proceed with a motion for relief with respect to the Property identified in the Request. If Chase agrees to provide the additional information, following the submission of the additional information to the Debtors (which information shall be furnished via email), the Evaluation Period shall expire at the later to occur of (i) the date which is 20 days from the submission of the Request, or (ii) ten (10) days after submission of the additional information to the Debtors.

7. To the extent a Prevailing Bidder does not elect to become a Notice Party in accordance with paragraph 3, the Debtors shall provide to counsel to the Prevailing Bidders copies of each Request for which the Property value is believed to exceed the total indebtedness attributable to the Senior Lien (each, an "Equity Request") within two (2) business days after receiving such Equity Request, and the Prevailing Bidders shall have the right to object to an Equity Request to the same extent and in the same manner as a Notice Party and shall be considered a Notice Party only for such purpose; provided further, that each Prevailing Bidder shall have the right to object to only an Equity Request and only to the extent the Debtors' interest in the Property is an asset subject to purchase under the respective asset purchase agreement between such Prevailing Bidder and the Debtors. In addition, the Debtors shall consult with counsel for the Prevailing Bidders in connection with their evaluation of the Requests bi-weekly or at such other intervals as may be reasonably requested by each Prevailing Bidder.

8. If the Debtors determine to consent to a Request/Equity Request and no Notice Party/Prevailing Bidder has objected, within three (3) business days after the expiration of Evaluation Period, (i) the Debtors shall so advise counsel for Chase in writing via email and shall

4

ny-1063441

provide to counsel for Chase for signature a stipulation and order (substantially in the form annexed hereto) consenting to the Request; and (ii) the fully executed stipulation and order shall be filed with the Court by the Debtors within five (5) business days of receipt of signatures from Chase. The stipulation and order may be submitted to the Court for entry upon five (5) days' notice of presentment.

9. If at or before the end of the Evaluation Period, the Debtors or any other Notice Party/Prevailing Bidder Objects to a Request/Equity Request, promptly following such decision, but in no event later than two (2) business days after the expiration of the Evaluation Period, the Notice Party/Prevailing Bidder shall notify Chase of the objection in writing (including, solely for informational purposes, the basis for the objection) following which Chase may file a motion for relief from the automatic stay (in which Chase shall represent that a Request was submitted as required pursuant to this order, and that the process concluded without a resolution) in accordance with the procedures set forth in this Court's Case Management Procedures [Docket No. 141] (the "Case Management Procedures").

10. Filing a Request is a mandatory prerequisite to the filing of a motion for relief; and a motion for relief shall not be filed until the termination of the Request/Equity Request. The Request/Equity Request shall terminate upon the earliest to occur of (i) a Notice Party/Prevailing Bidder objecting to a Request/Equity Request; (ii) Chase determining in its discretion to terminate the Request/Equity Request at any time after there is a request for additional information from Chase; or (iii) the third business day following the expiration of the Evaluation Period if the Debtors have not communicated a decision to Chase to consent.

11. Any information provided by Chase in connection with a Request/Equity Request shall be deemed information provided pursuant to Federal Rule of Evidence 408 and shall not be admissible for any purpose in these Bankruptcy Cases or any other proceeding, other than with respect to making a decision on a Request/Equity Request.

12. All documents and information provided by Chase in connection with a Request/Equity Request shall be deemed confidential and shall be used solely for the purpose of

5

ny-1063441

making a decision about a Request/Equity Request. Absent a further order of the Court, the receiving party shall not file any such documents or information with this Court, or produce or disseminate any such documents or information to any person or entity, except in response to a subpoena or as required by applicable law; provided, however, the receiving party shall, to the extent practicable, provide advance notice to Chase of any such subpoena or request; provided, further, however that a receiving party may share such documents and information with a professional retained by the receiving party for the purpose of evaluating the Request/Equity Request, provided that the retained professional receives a copy of this order.

13. Senior liens serviced by or owned by Chase with respect to Property which is subject to junior liens owned by or serviced by the Debtors and which are not in foreclosure, may be serviced by Chase according to commercial business practices, in the exercise of Chase's business judgment, without any further order of this Court

14. Other than complying with the terms of this order for the purposes of the Chapter 11 Cases, nothing herein shall grant any rights to or impose any obligations upon the Debtors, any Notice Party, any Prevailing Bidder, or Chase, which such party would not otherwise have under applicable state law in connection with the Property, including in connection with any lien or claim asserted in connection with the Property.

**Miscellaneous**

15. To the extent applicable, the 14-day stay of Federal Rule of Bankruptcy Procedure 6004(h) is hereby waived, and this Order shall be effective immediately.

16. The Debtors are authorized to execute and deliver all instruments and documents, and take such other action as may be necessary or appropriate to implement and effectuate the transactions contemplated by this Order.

17. Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among

AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

18.   This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

19.   This Order may not be modified other than by a signed writing executed by the Parties hereto or by further order of the Court.

*[signature page follows]*

20. This Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

Dated: New York, New York
       December 21, 2012

GMAC MORTGAGE, LLC


By: /s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for Debtors*
*and Debtors in Possession*
JPMorgan Chase Bank, N.A.


By: /s/ Jay Teitelbaum
Jay Teitelbaum
Teitelbaum & Baskin, LLP
1 Barker Avenue
White Plains, N.Y. 10601
Tel: 914.437.7670
Email: jteitelbaum@tblawllp.com
Counsel for JPMorgan Chase Bank, N.A.


                                              So Ordered this ___ day of December, 2012


                                              _____
                                              THE HONORABLE MARTIN GLENN
                                              UNITED STATES BANKRUPTCY JUDGE

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |

**CONSENT ORDER PURSUANT TO 11 U.S.C. § 362(d)**
**MODIFYING THE AUTOMATIC STAY IMPOSED BY 11 U.S.C. § 362(a)**

Pursuant to the order, dated _____, 2012 (Docket No.    ) (the "Procedures Order"),[2] pursuant to sections 105(a) and 362(d) of title 11 of the United States Code (the "Bankruptcy Code") establishing procedures (the "Stay Relief Procedures") for requesting relief from the automatic stay to complete the foreclosure of a senior mortgage and security interest on lands and premises with respect to which the Debtors hold or service a subordinate mortgage and security interests; and [**requesting party**] ("Movant") having requested (the "Request") relief from the automatic stay in accordance with the Stay Relief Procedures in connection with property with an address of [**address**] (the "Mortgaged Property") and due and proper notice of the Request having been made on all necessary parties; and the above-captioned debtors (the "Debtors") having consented to the relief sought in the Request on the terms and conditions contained in this Order, upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT**:

The Request is granted as set forth herein.

---

[2] Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Procedures Order.

ny-1063441

The automatic stay imposed in this case by section 362(a) of the Bankruptcy Code is modified under section 362(d) of the Bankruptcy Code to allow Movant to (i) complete the foreclosure of the mortgage and security interest it holds or services on the Mortgaged Property, and (ii) to service the senior lien according to commercial business practices, including the right to modify or not to modify the terms of the senior lien in the exercise of its business judgment, or in connection with an order of a court with jurisdiction over the Property .

Movant shall provide due notice to the Debtors in connection with any action to be taken with respect to the Mortgaged Property, including, but not limited to, proceeding with a sale of the Mortgaged Property, in accordance with and to the extent required by applicable state law.

To the extent proceeds from any sale of the Mortgaged Property exceed the valid amounts due and owing to Movant and any other entity holding a valid and enforceable lien on the Mortgaged Property that is senior to the lien of the Debtors, such proceeds shall be turned over within thirty (30) days after such sale is completed (a) to the Debtors' estates, or (b) to the extent the Debtors' interest in the Property is an asset subject to purchase under an asset purchase agreement between the Debtors and a Stalking Horse Bidder (or any other purchaser) (each, an "APA"), then, on and after the closing of the sale under such APA, to such purchaser via wire transfer.

This Consent Order may not be modified other than by a signed writing executed by the Parties hereto or by further order of the Court.

This Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

That pursuant to Bankruptcy Rule 4001(a)(3), the 14-day stay of this Order imposed by such Bankruptcy Rule is waived. Movant is authorized to implement the provisions of this Order

immediately upon its entry.

This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Order.

Dated: _____, 201_
New York, New York

                                                      _____
                                                      HONORABLE MARTIN GLENN
                                                      UNITED STATES BANKRUPTCY JUDGE