Hearing Date and Time: February 28, 2013 at 2:00 p.m. (Eastern Time)
Objection Deadline: February 1, 2013 at 4:00 p.m. (Eastern Time)

<div style="display:flex">

Richard M. Cieri
Ray C. Schrock
Stephen E. Hessler
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Jeffrey S. Powell
Daniel T. Donovan
Judson D. Brown
KIRKLAND & ELLIS LLP
655 15th Street, N.W., Ste. 1200
Washington, D.C. 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

</div>

*Counsel for Ally Financial Inc. and Ally Bank*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>. | Case No. 12-12020 (MG) |
| Debtors. | Jointly Administered |

**NOTICE OF MOTION BY ALLY FINANCIAL INC. AND ALLY BANK FOR AN ORDER ENFORCING THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(a)(3) BY (1) ENJOINING PROSECUTION OF ALTER EGO AND VEIL PIERCING CLAIMS IN THE CLASS ACTION ENTITLED *LANDON ROTHSTEIN , ET AL. V. GMAC MORTGAGE, LLC, ET AL.*, AND (2) DECLARING SUCH CLAIMS VOID *AB INITIO***

**PLEASE TAKE NOTICE** that the undersigned have filed the attached *Motion by Ally Financial Inc. and Ally Bank for an Order Enforcing the Automatic Stay Pursuant to 11 U.S.C. § 362(a)(3) by (1) Enjoining Prosecution of Alter Ego and Veil Piercing Claims in the Class Action Entitled Landon Rothstein, et al. v. GMAC Mortgage, LLC, et al., and (2) Declaring Such Claims Void Ab Initio.*

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion will take place on **February 28, 2013 at 2:00 p.m. (Eastern time)** before the Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Motion, must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **February 1, 2013 at 4:00 p.m. (Eastern Time)**, upon (a) counsel for the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attn: Gary S. Lee and Lorenzo Marinuzzi); (b) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attn: Tracy Hope Davis, Linda A. Riffkin and Brian S. Masumoto); (c) the Office of the United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001 (Attn: U.S. Attorney General, Eric H. Holder, Jr.); (d) Office of the New York State Attorney General, The Capitol, Albany, NY 12224-0341 (Attn: Enid N. Stuart); (e) Office of the U.S. Attorney for the Southern District of New York, One St. Andrews Plaza, New York, NY 10007 (Attn: Joseph N. Cordaro); (f) counsel for Ally Financial Inc. and Ally Bank, Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY 10022 (Attn: Richard M. Cieri and Ray C. Schrock); (g) counsel to Barclays Bank PLC, as administrative agent for the DIP lenders, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036 (Attn: Ken Ziman and Jonathan H. Hofer); (h) counsel for the committee of unsecured creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attn: Kenneth Eckstein and Douglas Mannal); (i) counsel for Ocwen Loan Servicing, LLC, Clifford Chance US LLP, 31 West 52nd Street, New York, NY 10019 (Attn: Jennifer C. DeMarco and Adam Lesman); (j) counsel for Berkshire Hathaway Inc., Munger,

Tolles & Olso LLP, 355 South Grand Avenue, Los Angeles, CA 90071 (Attn: Thomas Walper and Seth Goldman; (k) Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346 (if by overnight mail, to 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-5016); (l) Securities and Exchange Commission, New York Regional Office, 3 World Financial Center, Suite 400, New York, NY 10281-1022 (Attn: George S. Canellos, Regional Director); and (m) counsel for Landon Rothstein, Jennifer Davidson, Robert Davidson and Ihor Kobryn: Kirby McInerney LLP (Attn.: Mark A. Strauss, Esq., and Edward M. Varga, Esq.), 825 Third Avenue, 16th Floor, New York, New York 10022.

**PLEASE TAKE FURTHER NOTICE** that if an objection to the Motion is not timely filed and served, the Bankruptcy Court may enter an order granting the relief requested in the Motion without further notice or opportunity to be heard afforded to any party.

**PLEASE TAKE FURTHER NOTICE** that a copy of the Motion may be obtained via PACER at http://www.nysb.uscourts.gov.

New York, New York
Dated: December 21, 2012

*/s/  Ray C. Schrock*
Richard M. Cieri
Ray C. Schrock
Stephen E. Hessler
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900

- and -

Jeffrey S. Powell
Daniel T. Donovan
Judson D. Brown
KIRKLAND & ELLIS LLP
655 15th Street, N.W., Ste. 1200
Washington, D.C. 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

*Counsel for Ally Financial Inc. and Ally Bank*

**Hearing Date and Time: February 28, 2013 at 2:00 p.m. (Eastern Time)**
**Objection Deadline: February 1, 2013 at 4:00 p.m. (Eastern Time)**

Richard M. Cieri
Ray C. Schrock
Stephen E. Hessler
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Jeffrey S. Powell
Daniel T. Donovan
Judson D. Brown
KIRKLAND & ELLIS LLP
655 15th Street, N.W., Ste. 1200
Washington, D.C. 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

*Counsel for Ally Financial Inc. and Ally Bank*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>. | ) | Case No. 12-12020 (MG) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**MOTION BY ALLY FINANCIAL INC. AND ALLY BANK FOR AN
ORDER ENFORCING THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(a)(3)
BY (1) ENJOINING PROSECUTION OF ALTER EGO AND VEIL PIERCING CLAIMS
IN THE CLASS ACTION ENTITLED *LANDON ROTHSTEIN*, *ET AL. V. GMAC
MORTGAGE, LLC, ET AL.*, AND (2) DECLARING SUCH CLAIMS VOID *AB INITIO***

i

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................. 1

JURISDICTION ...................................................................................................................... 3

BACKGROUND ..................................................................................................................... 4

RELIEF REQUESTED.............................................................................................................. 7

BASIS FOR RELIEF ................................................................................................................ 7

    A.   The Plaintiffs' Commencement and Prosecution of the Alter Ego and  Veil Piercing Claims Violates the Automatic Stay.................................................................. 7

    B.   The Court Should Declare That Commencement of the Class Action Was Void *Ab Initio* as to the Plaintiffs' Alter Ego and Veil Piercing Claims and Enjoin the Plaintiffs and Their Attorneys from Continuing to Prosecute the Class Action Against Ally................ 13

CONCLUSION...................................................................................................................... 13

NOTICE.............................................................................................................................. 14

NO PRIOR REQUEST ........................................................................................................... 14

## EXHIBITS

        EXHIBIT A       Proposed Order

## DECLARATION (Filed Separately)

Declaration of Richard G. Haddad in Support of Motion by Ally Financial Inc. and Ally Bank for an Order Enforcing the Automatic Stay Pursuant to 11 U.S.C. § 362(a)(3) by (1) Enjoining Prosecution of Alter Ego and Veil Piercing Claims in the Class Action Entitled *Landon Rothstein, et al. v. GMAC Mortgage, LLC, et al.*, and (2) Declaring Such Claims Void *Ab Initio*

# TABLE OF AUTHORITIES

**Page**

**Cases**

*48th Street Steakhouse, Inc. v. Rockefeller Group, Inc. (In re 48th Street Steakhouse, Inc.)*,
  835 F.2d 427 (2d Cir. 1987) ............................................................................... 8

*All Am. Laundry Serv. et al. v. Ascher et al. (In re Ascher)*,
  128 B.R. 639 (Bankr. N.D. Ill. 1991) ................................................................. 4

*Chartschlaa v. Nationwide Mut. Ins. Co.*,
  538 F.3d 116 (2d Cir. 2008), *cert. denied*, 555 U.S. 1213 (2009)............................. 8

*Cox et al. v. Fox Broad. Co. et al. (In re Cox)*,
  433 B.R. 911 (Bankr. N.D. Ga. 2010) ................................................................. 4

*Duke Energy Trading and Marketing, L.L.C v. Enron Corp. (In re Enron Corp.)*,
  2003 Bankr. LEXIS 330 (Bankr. S.D.N.Y. Apr. 17, 2003)........................... 9, 10, 11

*Enron Corp. v. California ex rel. Lockyer (In re Enron Corp.)*,
  314 B.R. 524 (Bankr. S.D.N.Y. 2004)................................................................. 7

*Flake v. Alper Holdings USA, Inc. (In re Alper Holdings USA, Inc.)*,
  398 B.R. 736 (S.D.N.Y. 2008)................................................................. 9, 10, 11, 12

*Ginger Root Office Assocs., LLC v. Farmer (In re Advanced Packaging & Prods. Co.)*,
  426 B.R. 806 (C.D. Cal. 2010) ......................................................................... 12

*Gosconcert v. Hillyer*,
  158 B.R. 24 (S.D.N.Y. 1993)............................................................................ 11

*In re Crysen/Montenay Energy Co.*,
  902 F.2d 1098 (2d Cir. 1990) .......................................................................... 13

*In re Gen. Growth Props., Inc.*,
  426 B.R. 71 (Bankr. S.D.N.Y. 2010).................................................................. 13

*In re iPCS, Inc.*,
  297 BR 283 (Bankr. N.D. Ga. 2003) ................................................................ 10

*In re Kassover*,
  268 B.R. 698 (S.D.N.Y. 2001)............................................................................. 3

*In re Landmark Fence Co., Inc.*,
424 B.R. 461 (Bankr. C.D. Cal. 2010),
*aff'd*, 2010 U.S. Dist. LEXIS 130250 (C.D. Cal. Dec. 3, 2010).............................................. 11

*Kalb, Voorhis & Co. v. Am. Fin. Corp.*,
8 F.3d 130 (2d Cir. 1993) ................................................................................... 9, 11, 12

*Koch Refining v. Farmers Union Cent. Exchange, Inc.*,
831 F.2d 1339 (7th Cir. 1987) ................................................................................ 11

*Labarbera v. United Crane and Rigging Services, Inc.*,
2011 U.S. Dist. LEXIS 20939 (E.D.N.Y. Mar. 2, 2011)............................................. 10, 11, 12

*Levey v. Sys. Div., Inc.* (*In re Teknek, LLC*),
563 F.3d 639 (7th Cir. 2009) ................................................................................ 11

*McHale v. Alvarez (In re The 1031 Tax Group LLC)*,
397 B.R. 670 (Bankr. S.D.N.Y. 2008)........................................................................ 8

*Murray v. Miner*,
876 F. Supp. 512 (S.D.N.Y. 1995) ......................................................................... 9, 10

*Official Comm. of Unsecured Creditors v. PSS S.S. Co., Inc. (In re Prudential Lines Inc.)*,
928 F.2d 565 (2d Cir. 1991) ................................................................................ 7

*Point Blank Solutions, Inc. v. Robbins Geller Rudman & Dowd LLP (In re Point Blank Solutions, Inc.)*,
449 B.R. 446 (Bankr. D. Del. 2011) .......................................................................... 4

*PSS Steamship Co.*,
928 F.2d 565 ................................................................................................. 8

*Raytheon Co. v. Boccard USA Corp.*,
369 S.W.3d 626 (Tex. Ct. App. 2012)......................................................................... 9

*Rosener v. Majestic Management, Inc. (In re OODC, LLC)*,
321 B.R. 128 (Bankr. D. Del. 2005).......................................................................... 9

*Savage & Associates, P.C. et al. v. Mandl* (*In re Teligent, Inc.*),
459 B.R. 190 (S.D.N.Y. 2011)................................................................................ 4

*Schroeder v. New Century Holdings, Inc. (In re New Century Holdings, Inc.)*,
387 B.R. 95 (Bankr. D. Del. 2008) ........................................................................... 4

*Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
429 B.R. 423 (Bankr. S.D.N.Y. 2010)........................................................................ 13

*Solow v. Kalikow* (*In re Kalikow*),
    602 F.3d 82 (2d Cir. 2010) ................................................................... 4

*St. Paul Fire & Marine Ins. Co. v. PepsiCo., Inc.*,
    884 F.2d 688 (2d Cir. 1989) .............................................................. 8, 9

*Texaco Inc. v. Sanders* (*In re Texaco, Inc.*),
    182 B.R. 937 (Bankr. S.D.N.Y. 1995) .................................................. 4

**Statutes**

11 U.S.C. § 1107(a) ................................................................................. 4

11 U.S.C. § 1108 ..................................................................................... 4

11 U.S.C. § 362 ....................................................................................... 4

11 U.S.C. § 362(a) ................................................................................... 7

11 U.S.C. § 362(a)(1) .............................................................................. 7

11 U.S.C. § 541 .................................................................................... 4, 8

12 U.S.C. § 2601 ..................................................................................... 2

12 U.S.C. § 2602(2) ................................................................................ 5

18 U.S.C. § 1961 ..................................................................................... 2

28 U.S.C. § 1334 ..................................................................................... 3

28 U.S.C. § 1334(e) ................................................................................ 3

28 U.S.C. § 1408 ..................................................................................... 4

28 U.S.C. § 1409 ..................................................................................... 4

28 U.S.C. § 157 ....................................................................................... 3

28 U.S.C. § 157(b)(2) .............................................................................. 3

28 U.S.C. § 157(b)(2)(A) ........................................................................ 4

28 U.S.C. § 157(b)(2)(E) ........................................................................ 4

**Rules**

Fed. R. Bankr. P. 1015(b) ................................................................................................................ 4

Fed. R. Bankr. P. 7001 .................................................................................................................... 4

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

Ally Financial Inc. ("*AFI*") and Ally Bank (together with AFI, "*Ally*") files this motion (the "*Motion*") seeking entry of an order, substantially in the form attached hereto as <u>Exhibit 1</u>, enforcing the automatic stay in these chapter 11 cases by (a) enjoining the plaintiffs (the "*Plaintiffs*") in the putative class action entitled *Landon Rothstein, et al. v. GMAC Mortgage, LLC, et al.*, No. 1:12-cv-03412-AJN (S.D.N.Y.) (the "*Class Action*") and their attorneys from pursuing those claims asserted in the Class Action against Ally which are based in whole or in part upon allegations of alter ego or that the corporate veil of any of the above-captioned debtors (collectively, the "*Debtors*") should be pierced, and (b) declaring the assertion of such claims in the Class Action void *ab initio*.  The Plaintiffs' veil piercing and alter ego type claims are property of the Debtors' estates, and therefore may only be asserted by the Debtors.  The automatic stay thus prohibits the Plaintiffs from prosecuting such claims in the Class Action.

## PRELIMINARY STATEMENT

1.    The Class Action was originally commenced by a single plaintiff, Landon Rothstein ("*Rothstein*"), on April 30, 2012, against debtor GMAC Mortgage, LLC ("*GMACM*"), two insurance companies unrelated to GMACM, Balboa Insurance Company ("*Balboa*") and Meritplan Insurance Company ("*Meritplan*"), and several other defendants, alleging that GMACM received "kickbacks" from Balboa and/or Meritplan in the form of phony commissions that had the effect of artificially inflating premiums charged to borrowers on mortgages serviced by GMACM for "force-placed" or  "lender-placed" insurance ("*LPI*") that GMACM paid.  (*See* original Class Action Complaint filed by Landon Rothstein (the "*Original Complaint*," Ex. A to the accompanying Declaration of Richard G. Haddad (the "*Haddad Decl.*").)

2.      On May 14, 2012, GMACM filed a chapter 11 bankruptcy petition.  Thereafter, on September 28, 2012, Rothstein, now joined by other plaintiffs, Robert and Jennifer Davidson and Ihor Kobryn, filed a "First Amended Class Action Complaint" (the "***Amended Complaint***" Haddad Decl. Ex. B) deleting GMACM as a defendant and instead naming as defendants supposed deep pockets AFI (GMACM's indirect parent), Ally Bank (an indirect subsidiary of AFI), and Newport Management Corporation ("***Newport***," together with Balboa and Newport, the "***Insurance Entities***"), an affiliate of Balboa which allegedly provides "insurance tracking services" (which involve ascertaining whether the borrowers were complying with their duty to maintain hazard insurance) to loan servicers including GMACM.  (Amended Complaint ¶¶ 32, 66)

3.      The Amended Complaint asserts a "laundry-list" of claims for violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961, *et seq.* ("***RICO***"), violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.* ("***RESPA***"), breach of contract, breach of the implied covenant of good faith and fair dealing, restitution/unjust enrichment/disgorgement and breach of fiduciary duty/misappropriation, purportedly on behalf of "a nationwide putative class consisting of residential mortgage borrowers who have been charged for . . . LPI . . . in connection with loans serviced by GMAC Mortgage, LLC . . . ." (Amended Complaint ¶ 1), based upon allegations that GMACM received kickbacks from Balboa and/or Meritplan in the form of phony commissions and free "insurance tracking services" (allegedly performed by Newport) that had the effect of artificially inflating premiums charged to borrowers on mortgages serviced by GMACM for LPI.

4.      Unable to allege that AFI or Ally Bank had a direct role in the alleged wrongful conduct, the Amended Complaint instead alleges—in conclusory fashion—that they are

vicariously responsible for the conduct of GMACM.  The Plaintiffs baldly assert that GMACM

was the "alter ego" of AFI and acted as "agent" of Ally Bank in servicing loans allegedly owned

by Ally Bank and/or certain other unspecified lenders.  (Amended Complaint ¶¶ 11, 13, 14)  The

Plaintiffs' attempt to pierce the corporate veil alleges only generalized injury to the Debtors'

estates, and not any particularized injury to the Plaintiffs or the purported class.  Those claims

therefore are solely property of the Debtors, and the Debtors alone have exclusive standing to

prosecute those claims, with the automatic stay prohibiting the Plaintiffs from prosecuting them.

5.      Ally has been discussing this Motion and the issues raised herein with the

Debtors' counsel, who is still in the process of reviewing the matter, and has informed the

Official Unsecured Creditors' Committee of the Motion.  Ally will continue to discuss these

issues with the Debtors and the Committee.  Ally files this Motion now because it is concerned

with engaging in any litigation that is subject to the automatic stay, believes this Court has

exclusive jurisdiction to determine whether the actions are property of the estate, and as a result,

previously agreed to a stipulation with the Plaintiffs, as described more thoroughly below, that

extended Ally's time to respond to the Amended Complaint, provided that this Motion to enforce

the automatic stay be filed with this Court by December 21, 2012.

## **JURISDICTION**

6.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.[1]  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is

---

[1]  This Court has the exclusive jurisdiction over property of the Debtors' estate and the determination of
what is property of the Debtors' estates.  *See* 28 U.S.C. § 1334(e).  "The correctness of a bankruptcy
court's decisions concerning what assets are properly in a Chapter 11 the Debtor's estate may properly
be the subject of debate and appeal.  That the bankruptcy court has subject matter jurisdiction to make
these decisions may not.  The Bankruptcy Code makes crystal clear that a bankruptcy court shall
decide which assets comprise the Debtor's estate."  *In re Kassover*, 268 B.R. 698, 703 (S.D.N.Y.
2001), *aff'd sub nom. Kassover v. Gibson (In re Kassover)*, 2002 U.S. App. LEXIS 3505, 29 Fed.

proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested

herein are sections 362 and 541 of the Bankruptcy Code.[2]

## BACKGROUND

7.      On May 14, 2012 (the "***Petition Date***"), each of the Debtors filed a voluntary

petition with the Court for relief under chapter 11 of the Bankruptcy Code. The Debtors are

managing and operating their businesses as debtors in possession pursuant to sections 1107(a)

and 1108 of the Bankruptcy Code. These cases are being jointly administered pursuant to

Bankruptcy Rule 1015(b). No trustee has been appointed in these chapter 11 cases, but an

examiner has been appointed and is presently investigating a number of issues, including, among

other things, the relationship between Ally and the Debtors.

8.      The Plaintiffs are borrowers whose residential mortgage loans were allegedly

serviced by GMACM. (Amended Complaint ¶¶ 21-23) The Amended Complaint alleges that

---

Appx 747 (2d Cir. 2002); *see also Savage & Associates, P.C. et al. v. Mandl* (*In re Teligent, Inc.*), 459 B.R. 190, 196–97 (S.D.N.Y. 2011) ("[T]he Court enjoys exclusive jurisdiction over property of the estate"); *Cox et al. v. Fox Broad. Co. et al.* (*In re Cox*), 433 B.R. 911, 920 (Bankr. N.D. Ga. 2010) (noting that "[i]t is generally recognized that '[a] proceeding to determine what constitutes property of the estate pursuant to 11 U.S.C. § 541 is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (E) . . . .'" (citation omitted)); *Point Blank Solutions, Inc. v. Robbins Geller Rudman & Dowd LLP (In re Point Blank Solutions, Inc.)*, 449 B.R. 446, 449 (Bankr. D. Del. 2011) ("[i]t is well established that proceedings to determine what constitutes property of the bankruptcy estate under section 541(a) of the Bankruptcy Code are core proceedings.") (citing *Schroeder v. New Century Holdings, Inc. (In re New Century Holdings, Inc.),* 387 B.R. 95, 105 (Bankr. D. Del. 2008)); *All Am. Laundry Serv. et al. v. Ascher et al.* (*In re Ascher*), 128 B.R. 639, 643 (Bankr. N.D. Ill. 1991) ("When a debtor and its creditors assert interests in property asserted to be part of the estate, the bankruptcy court has core jurisdiction to adjudicate all of those interests.").

[2] This Motion complies with the requirements of Bankruptcy Rule 7001, which generally requires that requests for injunctive relief be brought by adversary proceeding, because this motion seeks to enforce a pre-existing injunction. *Cf. Solow v. Kalikow (In re Kalikow),* 602 F.3d 82, 93 (2d Cir. 2010) (upholding district court determination that enforcement of release, discharge, and injunctive provisions of chapter 11 plan did not require an adversary proceeding); *Texaco Inc. v. Sanders (In re Texaco, Inc.*), 182 B.R. 937, 945 (Bankr. S.D.N.Y. 1995) ("Rule 7001 simply does not provide that a motion to enforce must be brought by adversary proceeding.").

Balboa and Meritplan overcharged the Plaintiffs and other members of the purported class for

LPI provided by Balboa or Meritplan covering mortgages serviced by GMACM, paid

commissions to GMACM through an unnamed affiliate of GMACM, and provided free

"insurance tracking services" to GMACM through Newport.  (Amended Complaint ¶¶ 21-23)

The claims in the Class Action arise out of alleged conduct by GMACM.

     9.    The Amended Complaint includes seven counts, all of which are based on alleged

conduct of GMACM:[3]

- Counts I and II assert claims for violation of RICO and conspiracy to violate RICO against all of the defendants.  Those Counts are based upon alleged conduct by GMACM.  (*See, e.g.*, Amended Complaint ¶¶ 235, 238, 240 (alleging, *inter alia*, that "[t]he Enterprise was primarily managed by GMACM, which organized the fraudulent scheme and procured the involvement of the Defendants," that "[t]he defendants carried out their parts of the scheme under the direction of GMACM," and that "GMACM misused its position to extract bribes and kickbacks from the Balboa Defendants at the expense of the loan owners").)

- Count III asserts a claim for violation of RESPA against all of the defendants, based upon an allegation that "[t]he Balboa Defendants unlawfully gave and GMACM unlawfully received 'kickbacks' within the meaning of RESPA, 12 U.S.C. § 2602(2), in connection with the referral of LPI business. . . ."  (Amended Complaint ¶¶ 270-83.)

- Counts IV and V assert claims against Ally for breach of contract and breach of the implied covenant of good faith and fair dealing based upon allegations that GMACM breached contractual and related obligations to the plaintiff class. (Amended Complaint ¶¶ 284-302.)

- Count VI asserts a claim against Ally for "common law restitution/unjust enrichment/disgorgement" based upon allegations that "Plaintiffs and the Class are entitled to restitution and/or disgorgement of profits realized by GMACM as a result of its unfair, unlawful and/or deceptive practices."  (Amended Complaint ¶¶ 303-09.)

- Count VII asserts a claim against Ally for "breach of fiduciary duty/misappropriation of funds held in trust" based upon allegations that

---

[3] Although Ally recognizes that this Motion is not the place for a substantive argument on the lack of merit of the claims asserted in the Amended Complaint, Ally denies that the Amended Complaint states a valid claim for relief.

GMACM breached fiduciary duties to hold monies in escrow for the Plaintiffs and the putative class. (Amended Complaint ¶¶ 310-21.)

10.      It was only after the Debtors filed chapter 11 petitions that the Plaintiffs asserted the claims against Ally in the Amended Complaint.  There is no allegation that AFI was involved in any of GMACM's alleged wrongdoing.  Instead, the Plaintiffs seek to hold it vicariously liable as the "alter ego" of GMACM.  The Plaintiffs allege that AFI "exercised complete dominion and control over the affairs, activities, and operations of its subsidiaries, including GMACM, such that GMACM operated as a mere instrumentality or alter-ego of [AFI]," and "[t]herefore [AFI] is vicariously liable for the misconduct of GMACM alleged herein."  (Amended Complaint ¶ 13)

11.      The Plaintiffs also seek to hold Ally Bank vicariously liable for GMACM's alleged wrongdoing.  The Plaintiffs allege that Ally Bank "owns" loans or the servicing rights to loans serviced by GMACM (without indicating whether Ally Bank owns any of the Plaintiffs' loans or the servicing rights to those loans), and that, as a result, it is liable as a principal for any misconduct of its alleged agent, GMACM.  (Amended Complaint ¶ 14)

12.      Ally denies that the vicarious liability theories have any merit, and believes that GMACM will deny that there is any merit to the underlying claims against it as well.  Regardless of their merits, though, the alter ego and veil piercing claims are property of the Debtors' estates. Indeed, recognizing that these claims should be litigated in this Court, the Plaintiffs filed proofs of claim against Residential Capital, LLC ("***ResCap***") and GMACM seeking $1,000,000,000 (the "***Proofs of Claim***," Exs. C and D to the Haddad Decl.) and attaching both the Original Complaint and the Amended Complaint.[4]

---

[4]  Ally and the Plaintiffs have submitted a stipulation in the District Court extending the deadline for Ally to respond to the Amended Complaint to 20 days after the later of (a) a final and non-appealable order of this Court on this Motion or (b) a final and non-appealable order of this Court on an anticipated motion in a separate adversary proceeding to be commenced by the Debtors or Ally seeking to extend the automatic stay by enjoining and/or staying prosecution of all of the claims asserted in the Class

**RELIEF REQUESTED**

13.     Ally seeks entry of an order pursuant to section 362(a) of the Bankruptcy Code

enforcing the automatic stay by (a) enjoining the Plaintiffs in the Class Action and their attorneys

from pursuing those claims asserted in the Class Action against Ally which are based in whole or

in part upon allegations of alter ego or that the corporate veil of any of the Debtors should be

pierced, and (b) declaring the assertion of such claims in the Class Action void *ab initio*.

**BASIS FOR RELIEF**

**PROSECUTING THE ALTER EGO AND VEIL PIERCING CLAIMS
AGAINST ALLY VIOLATES THE AUTOMATIC STAY
AND, THEREFORE, SUCH CLAIMS ARE VOID *AB INITIO***

**A.     The Plaintiffs' Commencement and Prosecution of the Alter Ego and
Veil Piercing Claims Violates the Automatic Stay**

14.     Upon the filing of a bankruptcy petition, section 362 of the Bankruptcy Code

imposes an automatic stay that enjoins "the commencement or continuation . . . of a judicial,

administrative, or other action or proceeding against the debtor that was or could have been

commenced before the commencement of a case under this title, or to recover a claim against the

debtor that arose before the commencement of a case under this title."  11 U.S.C. § 362(a)(1).

The automatic stay also enjoins "any act to obtain possession of property of the estate ... or to

exercise control over property of the estate."  11 U.S.C. § 362(a)(3).

15.     "The scope of the automatic stay is broad."  *Enron Corp. v. California ex rel.*

*Lockyer (In re Enron Corp.)*, 314 B.R. 524, 533 (Bankr. S.D.N.Y. 2004) (citation omitted).  Its

reach is limited only "by its purposes," one of which is "to preserve the property of the debtor's

estate for the benefit of all the creditors."  *Official Comm. of Unsecured Creditors v. PSS*

---

Action against Ally that do not belong to the Debtors' estates and are not enjoined under this Motion,
provided that such motion(s) are filed on or before December 21, 2012.  (Ex. E to the Haddad Decl.)
No discovery requests have been served and no discovery has been taken in the Class Action.

*Steamship Co., Inc. (In re Prudential Lines Inc.)*, 928 F.2d 565, 573 (2d Cir. 1991) (internal

quotations and citation omitted).  Under the broad ambit of section 362(a)(3), "[i]f action taken

against the non-bankrupt party would inevitably have an adverse impact on property of the

bankrupt estate, then such action should be barred by the automatic stay."  *48th Street*

*Steakhouse, Inc. v. Rockefeller Group, Inc. (In re 48th Street Steakhouse, Inc.)*, 835 F.2d 427,

431 (2d Cir. 1987); *accord PSS Steamship Co.*, 928 F.2d 565, 574 ("where a non-debtor's action

with respect to an interest that is intertwined with that of a bankrupt debtor would have the legal

effect of diminishing or eliminating property of the bankrupt estate, such action is barred by the

automatic stay").

16.     Upon the filing of a bankruptcy petition, "[e]very conceivable interest of the

debtor, future, nonpossessory, contingent, speculative, and derivative, is within the reach of [11

U.S.C.] § 541" and is therefore property of the estate.  *Chartschlaa v. Nationwide Mut. Ins. Co.*,

538 F.3d 116, 122 (2d Cir. 2008), *cert. denied*, 555 U.S. 1213 (2009) (internal citations and

quotations omitted); *see also* 11 U.S.C. § 541.  This includes all "causes of action owned by the

debtor or arising from property of the estate." *Id.*  It also includes third-party claims that allege a

generalized injury to all creditors, rather than a particularized injury to one: "If a claim is a

general one, with no particularized injury arising from it, and if that claim could be brought by

any creditor of the debtor, the trustee is the proper person to assert the claim, and the creditors

are bound by the outcome of the trustee's action."  *St. Paul Fire & Marine Ins. Co. v. PepsiCo.,*

*Inc.*, 884 F.2d 688, 701 (2d Cir. 1989) (finding that alter ego claim was a general claim that was

property of the estate and therefore creditor had no standing to assert it).  As this Court held in

*McHale v. Alvarez (In re The 1031 Tax Group LLC),* 397 B.R. 670, 679 (Bankr. S.D.N.Y. 2008):

> If the cause of action belongs to the estate, the trustee has exclusive standing to
> assert it; conversely, if the cause of action belongs solely to the … creditors, the

trustee has no standing to assert it.  "*When the trustee has standing to sue, the automatic stay prevents creditors or shareholders from asserting the claim notwithstanding that outside of bankruptcy, they have a right to do so*." [Emphasis supplied; citations omitted.]

17.    "The Second Circuit applies a two-part test to determine whether a cause of action belongs to the bankruptcy trustee and is considered property of the estate:  (1) the claim must be one that the trustee has a right to assert under the applicable state law; and (2) the claim must be general to the corporation rather than personal to the creditors."  *Flake v. Alper Holdings USA, Inc. (In re Alper Holdings USA, Inc.)*, 398 B.R. 736, 759 (S.D.N.Y. 2008) (citing *Kalb, Voorhis & Co. v. Am. Fin. Corp*., 8 F.3d 130, 132 (2d Cir. 1993); *St. Paul Fire*, 884 F.2d at 700-02).

18.    The first requirement—that the alter ego claim "must be one that the trustee has a right to assert under the applicable state law," *Flake*, 398 B.R. at 759—is clearly satisfied.  Here, Delaware law governs the Plaintiffs' attempt to pierce the corporate veil.[5]  Courts interpreting Delaware law have repeatedly found that a bankruptcy trustee or debtor in possession has the right to assert a veil-piercing or alter ego claim on behalf of the estate.  *See Flake*, 398 B.R. at 759; *Rosener v. Majestic Management, Inc. (In re OODC, LLC)*, 321 B.R. 128, 137 (Bankr. D. Del. 2005).  *See also Duke Energy Trading and Marketing, L.L.C. v. Enron Corp. (In re Enron Corp.)*, 2003 Bankr. LEXIS 330, at *11 (Bankr. S.D.N.Y. Apr. 17, 2003) ("the trustee or debtor-in-possession would have exclusive standing to maintain a Delaware corporation's alter ego claim of a general nature."); *Murray v. Miner*, 876 F. Supp. 512, 517 (S.D.N.Y. 1995) ("in the present action, the trustee has sole standing to raise all alter ego claims of a general nature

---

[5]    Under New York choice of law principles, the law of the jurisdiction where a corporation is incorporated "determines when the corporate form will be disregarded and liability will be imposed on shareholders."  *Kalb, Voorhis & Co.*, 8 F.3d at 132 ("Because a corporation is a creature of state law whose primary purpose is to insulate shareholders from legal liability, the state of incorporation has the greater interest in determining when and if that insulation is to be stripped away.") (citations and internal quotations omitted).  Here, Debtors GMACM and ResCap are Delaware limited liability companies and AFI is a Delaware corporation.

asserted by . . . creditors"); *Raytheon Co. v. Boccard USA Corp.*, 369 S.W.3d 626, 633 (Tex. Ct. App. 2012) ("Federal Courts have held that Delaware law allows a debtor corporation to pierce its own corporate veil, thereby giving a bankruptcy trustee or debtor-in-possession exclusive standing to assert an alter ego claim on behalf of the bankruptcy estate.") (citations omitted); *In re iPCS, Inc.*, 297 BR. 283, 298 (Bankr. N.D. Ga. 2003) (interpreting Delaware law and finding that the estate representative had standing to assert an *alter ego* claim).

19.     The second requirement—that the alleged injury be general and common to the corporation and its creditors and not particular to the claimant—is also satisfied.  *Labarbera v. United Crane and Rigging Services, Inc.*, 2011 U.S. Dist. LEXIS 20939, *16 (E.D.N.Y. Mar. 2, 2011) ("In determining whether a claim should be brought by the trustee or by the individual creditors, the court must consider whether the injury alleged is peculiar and personal to the claimant or is general and common to the corporation and creditors."); *Duke Energy*, 2003 Bankr. LEXIS at *11 ("Where a claim is generalized, with no particularized injury stemming from it and where the claim may be brought by any creditor, the trustee or debtor-in-possession is the appropriate party to assert the claim and creditors are subject to the outcome of the action brought by the trustee or debtor-in-possession."); *Murray*, 876 F. Supp. at 517 (where a subsidiary is in bankruptcy and the creditor "aver[s] no particularized injury flowing from [the parent's] acts that are distinct from those suffered by other [the subsidiary's other] creditors," alter ego claims are the property of the estate and the bankruptcy estate "has sole standing to raise all alter ego claims of a general nature asserted by the [subsidiary's] creditors"); *Flake*, 398 B.R. at 760 ("The bankruptcy court correctly concluded [under Delaware law] that the alter ego claims alleged against [the parent] were 'general' and so were property of [the subsidiary's] estate.").

20.    When evaluating whether the injury alleged is "particular and personal" to a creditor, the question is not whether the harm alleged in the underlying lawsuit or in the bankruptcy was suffered only by one creditor because "[b]y such logic, all creditors' claims would be personal to the specific creditor." *Levey v. Sys. Div., Inc.* (*In re Teknek, LLC*), 563 F.3d 639, 644 (7th Cir. 2009); *accord Kalb, Voorhis & Co. v. Am. Fin. Corp.*, 1993 U.S. Dist. LEXIS 6558, at *20 (S.D.N.Y.), *aff'd*, 8 F.3d 130 (2d Cir. 1993); *Gosconcert v. Hillyer*, 158 B.R. 24, 29 (S.D.N.Y. 1993).  Rather, "[t]he relevant question is whether Plaintiffs' alter ego . . . claims could be made by other creditors, which requires an examination of the allegations supporting the [alter ego] claims." *Labarbera*, 2011 U.S. Dist. LEXIS 20939 at *18.  Thus, a claim is personal "only if the conduct that supports [the] claim is the same conduct that directly harmed the creditor in the underlying cause of action." *Id.* at *19.  *See also Koch Refining v. Farmers Union Cent. Exchange, Inc.*, 831 F.2d 1339 at 1353-54 (7th Cir. 1987); *Flake*, 398 B.R. at 760; *Duke Energy*, 2003 Bankr. LEXIS 330, at *12; *In re Landmark Fence Co., Inc.*, 424 B.R. 461, 464 (Bankr. C.D. Cal. 2010), *aff'd*, 2010 U.S. Dist. LEXIS 130250 (C.D. Cal. Dec. 3, 2010).

21.    The veil-piercing allegations in the Amended Complaint raise precisely the type of claim that courts routinely hold to be "general" and the exclusive property of the bankruptcy estate.  Those allegations describe, at most, "general" conduct that would have affected all creditors of GMACM and ResCap alike and could not have resulted in any particularized injury to the Plaintiffs or the purported class.  In support of their effort to pierce the corporate veil, the Plaintiffs assert:

- GMACM and ResCap were indirect wholly-owned subsidiaries of AFI. (Amended Complaint ¶ 178, 186.)

11

- AFI "exercised complete dominion and control over the affairs, activities, and operations of its subsidiaries, including GMACM, such that GMACM operated as a mere instrumentality or alter-ego of [AFI]." (Amended Complaint ¶ 13.)

- In May 2005, AFI caused two operating subsidiaries to be transferred to ResCap, and subsequently provided ResCap with liquidity, capital and other financial support to ResCap. (Amended Complaint ¶¶ 181, 182, 198-99, 201.)

- AFI shared management and employees with ResCap and GMACM, and those entities had overlapping boards. (Amended Complaint ¶¶ 178, 187-90, 192.)

- AFI issued financial statements and made public statements referring to operations of itself, ResCap and GMACM on an integrated basis, describing its subsidiaries as its own "business units" and referring to AFI and its subsidiaries as "we," and ResCap "viewed GMACM as part of its business." (Amended Complaint ¶¶ 202-08, 210, 213, 219.)

- ResCap was undercapitalized and "its condition continued to deteriorate as the housing market crashed." (Amended Complaint ¶ 198.)

- ResCap and GMACM filed for bankruptcy on May 14, 2012. (Amended Complaint ¶¶ 13, 14, 28.)

- AFI considered spinning off ResCap or portions of ResCap's business before ResCap and GMACM filed bankruptcy petitions. (Amended Complaint ¶ 200.)

- In a Consent Order dated April 13, 2011, and a supplemental agreement dated April 26, 2012, with the Board of Governors of the Federal Reserve System ("**FRS**") and the Federal Deposit Insurance Corporation ("**FDIC**"), AFI took on obligations relating to GMACM's mortgage servicing operations. (Amended Complaint ¶¶ 216-21.)

- AFI, ResCap and GMACM participated in a nationwide mortgage settlement resolving government claims regarding mortgage loan servicing practices of the nation's largest five lenders, and were ordered by the FRS and the FDIC to pay monies and take other remedial measures with respect to GMACM's mortgage servicing activities. (Amended Complaint ¶¶ 147-48, 151-54, 222.)

22.    These are precisely the sort of general allegations that any creditor could make and that courts have expressly identified as insufficient to render a veil-piercing claim personal. *See, e.g., Flake*, 398 B.R. at 760; *Labarbera*, 2011 U.S. Dist. LEXIS 20939, at *20-26; *Ginger Root Office Assocs., LLC v. Farmer* (*In re Advanced Packaging & Prods. Co.*), 426 B.R. 806, 819-26 (C.D. Cal. 2010); *Kalb*, 1993 U.S. Dist. LEXIS 6558, at *19-21. Indeed, the Plaintiffs

nowhere assert that their alleged bases for piercing the veil caused GMACM or ResCap to commit any of the alleged wrongdoing. Accordingly, the Plaintiffs' effort to pierce the corporate veil in order to recover from Ally is property of the bankruptcy estates. The Plaintiffs' prosecution of those claims therefore violates the automatic stay.

**B.      The Court Should Declare That Commencement of the Class Action Was Void *Ab Initio* as to the Plaintiffs' Alter Ego and Veil Piercing Claims and Enjoin the Plaintiffs and Their Attorneys from Continuing to Prosecute the Class Action Against Ally**

23.      When a non-debtor sues on a claim that is the property of a debtor's estate, the bankruptcy court may declare the lawsuit void *ab initio* and enjoin the non-debtor from prosecuting the litigation. *See, e.g.*, *In re Crysen/Montenay Energy Co.*, 902 F.2d 1098, 1099, 1104 (2d Cir. 1990) (where tort claim being prosecuted by a third-party was the exclusive property of debtor's estate so that automatic stay barred third party from prosecuting claim, bankruptcy court properly enjoined creditor from continuing to pursue tort action); *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 429 B.R. 423, 433 (Bankr. S.D.N.Y. 2010) (declaring court actions filed by non-debtor parties in violation of automatic stay void *ab initio*); *In re Gen. Growth Props., Inc.*, 426 B.R. 71, 74-76 (Bankr. S.D.N.Y. 2010) (ordering non-debtor party to stay or dismiss state court action filed in violation of automatic stay). Accordingly, because the Plaintiffs' alter ego and veil piercing claims are property of the estate and are protected by the automatic stay under section 362 of the Bankruptcy Code, the Court should declare those claims void *ab initio* and enjoin the Plaintiffs from continuing to prosecute them.

## CONCLUSION

24.      For the foregoing reasons, it is respectfully requested that the Court declare that the automatic stay under section 362(a)(3) applies to the Plaintiffs' claims asserted in the Class

Action against Ally seeking to pierce the corporate veil or under an alter ego theory, and that the Amended Complaint is void *ab initio* as to those claims.

## NOTICE

25.     Ally has provided notice of this Motion to counsel for the Plaintiffs and in accordance with the Case Management Procedures Order, approved by this Court on May 23, 2012 [Docket No. 141].

## NO PRIOR REQUEST

26.     No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, Ally respectfully requests that the Court enter an order, substantially in the form attached hereto as <u>Exhibit 1</u>, granting the relief requested herein and grant such other relief as is just and proper.

| | |
|---|---|
| New York, New York<br>Dated: December 21, 2012 | */s/ Ray C. Schrock*<br>Richard M. Cieri<br>Ray C. Schrock<br>Stephen E. Hessler<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, New York  10022<br>Telephone:     (212) 446-4800<br>Facsimile:      (212) 446-4900<br><br>- and -<br><br>Jeffrey S. Powell<br>Daniel T. Donovan<br>Judson D. Brown<br>KIRKLAND & ELLIS LLP<br>655 15th Street, N.W., Ste. 1200<br>Washington, D.C. 20005<br>Telephone: (202) 879-5000<br>Facsimile: (202) 879-5200<br><br>*Counsel for Ally Financial Inc. and Ally Bank* |

15

## EXHIBIT 1

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>. | ) | Case No. 12-12020 (MG) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER GRANTING MOTION BY ALLY FINANCIAL INC. AND ALLY**
**BANK TO ENFORCE THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(a)(3)**
**BY (1) ENJOINING PROSECUTION OF ALTER EGO AND VEIL PIERCING CLAIMS**
**IN THE CLASS ACTION ENTITLED *LANDON ROTHSTEIN , ET AL. V. GMAC***
***MORTGAGE, LLC, ET AL.*, AND (2) DECLARING SUCH CLAIMS VOID *AB INITIO***

Upon the motion (the "***Motion***")[1] of Ally for entry of an order pursuant to 11 U.S.C.

§ 362(a)(3) enforcing the automatic stay by (a) enjoining the Plaintiffs in the Class Action and

their attorneys from pursuing the claims asserted in the Class Action against Ally which are

based in whole or in part upon allegations of alter ego or that the corporate veil of any of the

Debtors should be pierced, and (b) declaring the assertion of such claims in the Class Action

void *ab initio,* and the accompanying declaration of Richard Haddad in support of the Motion;

and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C.

§ 157(b)(2);and  it appearing that venue of this proceeding and this Motion in this District is

proper pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion and the opportunity for

a hearing on the Motion was appropriate under the particular circumstances and no other or

further notice need be given; and it appearing that the relief requested is in the best interest of the

Debtors' estates, their creditors and other parties in interest; and after due deliberation and

sufficient cause appearing therefore, it is hereby

---

[1]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.    The Motion is GRANTED.

2.    The Plaintiffs' causes of action against Ally in the Class Action that are based in whole or in part upon allegations of alter ego or that the corporate veil of any of the Debtors should be pierced (collectively, the "***Causes of Action***") are property of the Debtors' estates subject to the automatic stay under section 362 of the Bankruptcy Code.

3.    The Plaintiffs in the Class Action are enjoined from prosecuting the Causes of Action in the Class Action.

4.    The Amended Complaint is declared *void ab initio* as to the Causes of Action.

5.    Ally is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

6.    Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7.    The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.


New York, New York
Dated: _____

_____
HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE