**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
In re:                                                          :    Chapter 11
                                                                :
Residential Capital, LLC, <u>et al.</u>,                        :    Case No. 12-12020 (MG)
                                                                :
                       Debtors.                   :    Jointly Administered
                                                                :
------------------------------------------------------------ x

### ORDER AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO PROSECUTE AND SETTLE CERTAIN CLAIMS ON BEHALF OF THE DEBTORS' ESTATES

Upon consideration of the motion (the "**Motion**")[1] of the Official Committee of Unsecured Creditors (the "**Committee**") of the above-captioned debtors and debtors-in-possession (the "**Debtors**"), for entry of an order, pursuant to sections 105(a), 1103(c), and 1109(b) of the Bankruptcy Code, authorizing the Committee to prosecute and settle certain claims on behalf of the Debtors' estates against the Collateral Agent and the Indenture Trustee [Docket No. 1546]; and this Court having jurisdiction to order the relief provided herein in accordance with 28 U.S.C. §§ 157 and 1334 and Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); upon consideration of the Limited Objection of U.S. Bank National Association, as Indenture Trustee (the "**Trustee**"), to Motion of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing it to Prosecute and Settle Certain Claims on Behalf of the Debtors' Estates [Docket No. 1864], the Debtors' Limited Objection to the Motion of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing it to Prosecute and Settle Certain Claims on Behalf of the Debtors' Estates [Docket No. 1865]; Ally Financial Inc.'s ("**AFI**") Limited Objection and

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

Reservation of Rights with Respect to the Committee's Motion for Entry of an Order Authorizing it to Prosecute and Settle Certain Claims on Behalf of the Debtors' Estates [Docket No. 1866], and the Limited Objection of Ad Hoc Group of Junior Secured Noteholders (the "**Ad Hoc Group**") to Motion of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing it to Prosecute and Settle Certain Claims on Behalf of the Debtors' Estates [Docket No. 1870] (collectively, the "**Objections**"); upon consideration of the Omnibus Reply of the Official Committee of Unsecured Creditors to Objections to its Motion for Standing to Pursue Certain Claims on Behalf of the Debtors' Estates [Docket No. 1963] (the "**Reply**"); upon consideration of the record at the hearing held before this Court on December [20], 2012 (the "**Hearing**"); and upon the record of these Chapter 11 Cases; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given, and no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, and that the legal and factual bases set forth in the Motion, the Reply and at the Hearing establish just cause for the relief granted herein; and after due deliberation and for good and sufficient cause appearing therefor:

    **IT IS HEREBY FOUND ORDERED THAT**:

1. The Motion is granted to the extent set forth herein.

2. All the Objections and any other objections to the Motion or the relief requested therein, that have not been withdrawn, waived, or settled are overruled.

3. The Committee is granted standing and is authorized on behalf of the Debtors' estates to commence and prosecute to conclusion claims (the "**Claims**") as described in the draft complaint attached to the Reply (the "**Complaint**"), with the full rights of, and in the stead of, the Debtors.

4. The Committee shall file a complaint substantially in the form of the Complaint by February 28, 2013, unless extended with the consent of the Trustee or by further order of the Court. Any amendments to the complaint filed by the Committee shall be governed by the Federal Rules of Civil Procedure and the Trustee, AFI and the Ad Hoc Group reserve the right to object to any amendments on any grounds, including that any such amendments are not consistent with any prior orders of the Court.

5. The Committee shall have, in consultation with the Debtors, the exclusive right and authority to enter into settlements on behalf of the Debtors' estates with respect to the Claims; <u>provided</u>, <u>however</u>, that pursuant to a chapter 11 plan, the Debtors may, with the consent of the Committee (such consent not to be unreasonably withheld), propose a settlement of the Claims; provided, further, however, to the extent the Debtors' exclusivity period is terminated, all parties other than the Debtors reserve their rights with respect to the standard to settle the Claims under a Chapter 11 plan and nothing herein shall prohibit any party-in-interest, other than the Debtors, from proposing and/or prosecuting a plan that seeks to settle the Claims.

6. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. Upon conversion of these Chapter 11 Cases to cases under chapter 7, the rights of all parties-in-interest are reserved with respect to the Committee's exclusive right and authority to negotiate and enter into settlements on behalf of the Debtors' estates with respect to the Claims.

8. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: New York, New York
   December 26, 2012

              **/s/Martin Glenn**
              MARTIN GLENN
            United States Bankruptcy Judge