UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | ) | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## ORDER APPOINTING MEDIATOR

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession in these Chapter 11 cases (collectively, the "Debtors") requesting the appointment of a mediator (a "Mediator") to assist the parties in resolving certain issues relating to the formulation and confirmation of a Plan [Docket No. 2357]; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these Chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules, the Local Rules, and the Case Management Procedures Order [Docket No. 141] for these Chapter 11 cases, and that, except as otherwise ordered herein, no other or further notice is necessary; and any objections (if any) to the Motion having been withdrawn or overruled on the merits; and after due deliberation thereon; and good and sufficient cause appearing therefor;

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. Upon entry of this Order, Judge James M. Peck shall be appointed as Mediator for an initial period through February 28, 2013. The Debtors may, in consultation with the relevant parties involved in the mediation discussions (the "Mediation Parties"), seek to extend such period.

3. To the extent it is determined that mediation is appropriate, the Mediation Parties may (or at the direction of the Court shall) meet and confer with the Mediator to establish procedures and timing of the mediation.

4. Without limiting the applicability of Local Rule 9019-1 or General Order M-390, all (a) discussions among any of the Mediation Parties, including discussions with or in the presence of the Mediator, (b) any mediation statements and any other documents or information provided to the Mediator or the Mediation Parties in the course of the mediation, and (c) correspondence, draft resolutions, offers, and counteroffers produced for or as a result of the mediation shall be strictly confidential and shall not be admissible for any purpose in any judicial or administrative proceeding, and no person or party participating in the mediation, whether a direct participant or member of a committee or group, including counsel for any Mediation Party or any other party, shall in any way disclose to any non-party or to any court, including, without limitation, in any pleading or other submission to any court, any such discussion, mediation statement, other document or information, correspondence, resolution, offer or counteroffer that may be made or provided in connection with the mediation, unless otherwise available and not subject to a separate confidentiality agreement that would prevent its disclosure or as authorized by this Court.

5. To the extent that any Mediation Party is in possession of privileged or confidential information provided to such Mediation Party pursuant to the terms and conditions of a confidentiality agreement executed or order of this Court entered in connection with these Chapter 11 cases, such information may be disclosed to the Mediator, but shall otherwise remain privileged and confidential and shall not be disclosed to any other Mediation Party.

6. For the avoidance of doubt, to the extent any part of this Order shall conflict with Local Rule 9019-1 or General Order M-390, the terms and provisions of this Order shall govern.

7. Notwithstanding the possible applicability of Fed. R. Bankr. P. 6004(h), 7062, 9014, or otherwise, this Order shall be in full force and effect upon its entry.

8. This Court shall retain jurisdiction with respect to all matters arising from or related to the enforcement of this Order.

New York, New York
Date: December 26, 2012

_____/s/Martin Glenn_____
MARTIN GLENN
United States Bankruptcy Judge