UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————— X

| | |
|---|---|
| IN RE: | Case No. 12-12020(MG) |
| RESIDENTIAL CAPITAL, LLC, ET. AL., | **RESPONSES AND OBJECTIONS TO THE SUBPOENA TO NON-PARTY** |
| DEBTORS. | **CLAYTON HOLDINGS LLC** |

———————————————— X

Subject to and without waiving the General Objections and Limitations set forth below, non-party Clayton Holdings LLC ("Clayton"), by and through its attorneys Blank Rome LLP, hereby responds and objects as follows to the Examiner's Subpoena dated December 20, 2012 and served on December 20, 2012 (the "Subpoena"):

## GENERAL OBJECTIONS AND LIMITATIONS

1. Clayton objects to each and every request to the extent the Subpoena fails to allow a reasonable time for Clayton to respond, particularly as it was served the Thursday before the Christmas holiday and demands production on New Year's Eve day. Such disregard of professional courtesy demonstrates an utter lack of effort on the part of the Examiner to minimize any undue burden on a non-party.

2. Clayton objects to each and every request in the Subpoena to the extent that the requests are vague, overly broad or unduly burdensome.

3. Clayton objects to each and every request in the Subpoena to the extent that the requests seek documents that would be in the possession, custody or control of parties to this litigation and, therefore, can be obtained without having to impose a disproportionate burden and undue hardship and expense on a third party.

4.  Clayton objects to each and every request in the Subpoena to the extent that the requests are not reasonably calculated to lead to the discovery of admissible evidence.

5.  Clayton objects to each and every request in the Subpoena because Clayton provides due diligence services pre-securitization, and thus does not know whether loans it reviewed ended up in any securitization.

6.  Clayton objects to each and every request in the Subpoena to the extent that they would require a third party to undertake a prohibitively costly and burdensome e-mail review.

7.  Clayton objects to each and every request in the Subpoena to the extent that the requests may be construed to impose obligations beyond those required by the applicable local rules.

8.  Clayton objects to Instruction No. 9 because a time period of "January 1, 2004, through the date of the document requests" is overly broad and unduly burdensome.

9.  Clayton's responses to each and every request in the Subpoena do not constitute an admission of the relevance, materiality or admissibility of the documents or information referred to therein.

10. Clayton objects to each and every request in the Subpoena to the extent that the requests require the production of documents that were prepared for, or in anticipation of, litigation, which constitute attorneys' work-product, contain privileged attorney-client communications, or that are otherwise privileged.

11. Clayton responds to each and every request in the Subpoena to the best of its knowledge at present. Clayton expressly reserves its right to supplement this response at any time up to and until the conclusion of trial.

12.     Clayton's failure to object to any request in the Subpoena does not constitute a concession that it maintains any responsive documents in its possession, custody or control.

13.     Each of the foregoing General Objections and Limitations is incorporated by reference in each of the Specific Responses and Objections below as if fully set forth therein.

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST NO. 1.**    Documents sufficient to provide the scope, terms and timeframe of each of Your Engagements, including without limitation, any modification or supplementation of such scope, terms and timeframe, and any instructions, suggestions, or limitations regarding the conduct of Your work or Your access to documents or information in connection therewith.

**RESPONSE TO REQUEST NO. 1:**

Clayton objects to Request No. 1 in that it is vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Clayton also objects to Request No. 1 to the extent it seeks documents that would be in the possession, custody or control of "ResCap" and/or "AFI," as those entities are defined in the Subpoena, and, therefore, can be obtained without having to impose undue hardship and expense on third parties. Lastly, Clayton further objects to Request No. 1 to the extent that it would require a third party to undertake a prohibitively costly and burdensome e-mail review.

**REQUEST NO. 2.**   All documents concerning any work papers, due diligence reports, or drafts thereof, prepared by You in respect of residential mortgage loans or pools of residential mortgage loans originated, serviced, or securitized (or offered for securitization) by ResCap or AFI, including without limitation whether such loans or pools of loans complied with applicable underwriting standards.

**RESPONSE TO REQUEST NO. 2:**

Clayton objects to Request No. 2 in that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Clayton also objects to Request No. 2 to the extent it seeks documents that would be in the possession, custody or control of "ResCap" and/or "AFI," as those entities are defined in the Subpoena, and, therefore, can be obtained without having to impose undue hardship and expense on third parties. Clayton further objects to Request No. 1 because Clayton performs due diligence pre-securitizations and has no way of knowing which loans end up in any securitization.

**REQUEST NO. 3.**   To the extent not falling within any of the foregoing requests, all documents produced by you to the Financial Crisis Inquiry Commission, or concerning testimony before, or other communications with, the Financial Crisis Inquiry Commission concerning residential mortgage loans originated, serviced, or securitized (or offered for securitization) by ResCap or AFI.

**RESPONSE TO REQUEST NO. 3:**

Clayton objects to Request No. 3 in that it is overly broad, vague, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Clayton further objects to Request No. 3 because Clayton performs due diligence pre-securitizations and has no way of knowing which loans end up in any securitization. Lastly, Clayton objects to Request No. 3 because it did not produce any "ResCap" or "AFI" documents to the Financial Crisis Inquiry Commission.

Dated: December 27, 2012

                              **BLANK ROME LLP**

                              By: /s/ Inbal Paz
                                  Marc Rothenberg
                                  Inbal Paz
                                  The Chrysler Building
                                  405 Lexington Avenue
                                  New York, New York 10174
                                  (212) 885-5121

                                  *Attorneys for Clayton Holdings LLC*