**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**FOURTH REVISED JOINT OMNIBUS SCHEDULING ORDER AND PROVISIONS FOR OTHER RELIEF REGARDING DEBTORS' MOTION PURSUANT TO FED. R. BANKR. P. 9019 FOR APPROVAL OF RMBS TRUST SETTLEMENT AGREEMENTS**

Whereas, the Debtors have filed the following motions with this Court that are the subject of this revised proposed omnibus scheduling order: the *Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of RMBS Trust Settlement Agreements* (the "RMBS Trust Settlement Agreements") [ECF Doc. # 320] and the *Debtors' Supplemental Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of RMBS Trust Settlement Agreements* [ECF Doc. # 1176] (together, the "9019 Motion");

Whereas, the Court entered the *Revised Joint Omnibus Scheduling Order and Provisions for Other Relief Regarding (I) Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of RMBS Trust Settlement Agreements, and (II) the RMBS Trustees' Limited Objection to the Sale Motion* [ECF Doc. # 945] on July 31, 2012 (the "July 31, 2012 Scheduling Order");

Whereas, the Court entered the *Second Revised Joint Omnibus Scheduling Order Regarding Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of RMBS Trust Settlement Agreements* [ECF Doc. # 1551] on September 25, 2012 (the "September 25, 2012 Scheduling Order");

1

Whereas, the Court entered the *Third Revised Joint Omnibus Scheduling Order Regarding Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of RMBS Trust Settlement Agreements* [ECF Doc. # 1926] on October 23, 2012 (the "October 23, 2012 Scheduling Order");

Whereas, the Debtors have requested certain changes to the schedule set out in the October 23, 2012, Scheduling Order in order, among other things, to facilitate mediation efforts;

Whereas, except for the changes set forth in this Order, all of the provisions of the July 31, 2012 Scheduling Order, September 25, 2012 Scheduling Order, and October 23, 2012 Scheduling Order remain in effect; and

Whereas, the Court has considered the proposed changes to the schedule, and good cause appearing therefor;

**IT IS HEREBY ORDERED** that:

1) No further requests for documents, or other form of written discovery from any party, relating to the 9019 Motion will be permitted except for good cause shown or by agreement of the party to which the request is made.

2) Any objection to the 9019 Motion by the Official Committee of Unsecured Creditors, MBIA Insurance Corporation, Financial Guaranty Insurance Company, or Wilmington Trust, N.A., shall be served upon counsel for the Debtors, the Official Committee of Unsecured Creditors, MBIA Insurance Corporation, Financial Guaranty Insurance Company, Wilmington Trust, N.A., the Steering Committee, the Talcott Franklin Group, the RMBS Trustees, and Ally Financial, Inc., but not filed with the Court, by December 3, 2012. Any of these parties that intends to submit an expert report shall serve upon the same parties, but not file with the Court, such report by December 3, 2012, and shall also make the disclosures required

under Rule 26(a)(2) of the Federal Rules of Civil Procedure by that date.

    3)  The RMBS Trustees shall serve upon counsel for the Debtors, the Official Committee of Unsecured Creditors, MBIA Insurance Corporation, Financial Guaranty Insurance Company, Wilmington Trust, N.A., the Steering Committee, the Talcott Franklin Group, and Ally Financial, Inc., but not file with the Court, any statements in support of the 9019 Motion, any objections to the 9019 Motion, and/or any responses to objections served by certificateholders of the RMBS Trusts, by December 14, 2012.  Any such statements, objections, or responses shall not exceed 25 pages.  If the RMBS Trustees intend to submit any expert report, they shall serve such report upon the same parties, but not file with the Court, by December 14, 2012, and shall also make the disclosures required under Rule 26(a)(2) of the Federal Rules of Civil Procedure by that date.

    4)  The Ad Hoc Group of Junior Secured Noteholders and Assured Guaranty may serve and file any objection to the 9019 Motion on or before February 1, 2013.  Neither the Ad Hoc Group of Junior Secured Noteholders nor Assured Guaranty may submit any expert report in connection with any such objection.

    5)  All objections, reports, responses, and/or other disclosures made pursuant to paragraphs 2 or 3 above shall be kept confidential unless and until (i) filed with the Court pursuant to paragraph 10 below, (ii) agreed to by the Debtors, Ally Financial, Inc., and the party preparing or producing such objections, reports, responses, and/or other disclosures, or (iii) otherwise ordered by the Court.

    6)  Any objection to the 9019 Motion by any party not identified in paragraphs 2, 3, or 4 above shall serve and file any such objection according to the schedule set out in the October 23, 2012 Scheduling Order.

7) Depositions of experts identified pursuant to paragraph 2 above shall be completed by December 21, 2012. Depositions of experts identified pursuant to paragraph 3 above shall be completed by January 30, 2013. The depositions shall not exceed four hours per expert, except that (a) the Debtors, the Steering Committee, the Talcott Franklin Group, and the RMBS Trustees may allocate the allowed time among each objecting party's experts at their discretion, and (b) if the RMBS Trustees file reports by more than one expert, the parties noticing the depositions of those experts may allocate the allowed time among them at their discretion. Each party allocating time among experts shall select and disclose, in advance, the limit on the length of each deposition.

8) The Debtors' replies to any objections to the 9019 Motion made pursuant to paragraphs 2, 3, or 6 above (and the RMBS Trustees' reply to the extent they have elected to support the 9019 Motion), along with Debtors' reply expert reports made pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure, shall be served upon the Parties, but not filed with the Court, by January 15, 2013. The Debtors' replies to any objections to the 9019 Motion made by the Ad Hoc Group of Junior Secured Noteholders or Assured Guaranty, pursuant to paragraph 4 above (and the RMBS Trustees' reply to that objection to the extent the RMBS Trustees have elected to support the 9019 Motion), shall be served and filed on February 22, 2013.

9) The Steering Committee's replies to any objections to the 9019 Motion made pursuant to paragraphs 2, 3, or 6 above, shall be served upon the Parties, but not filed with the Court, by January 15, 2013. The Steering Committee's reply to any objection to the 9019 Motion made by the Ad Hoc Group of Junior Secured Noteholders or Assured Guaranty, pursuant to paragraph 4 above, shall be served and filed on February 22, 2013. The limitations

set forth in paragraph 10 of the October 23, 2012 Scheduling Order regarding the scope of any replies served by the Steering Committee or the RMBS Trustees shall not apply. The Steering Committee and the RMBS Trustees may not submit any expert report nor any declarations or affidavits , other than declarations submitted solely for the purpose of authenticating exhibits, in connection with any such replies.

10) Unless otherwise ordered by the Court, all objections, replies, and other documents served pursuant to paragraphs 2 or 3 above shall be filed with the Court on February 1, 2013, and shall be identical, in all material respects, to the documents served previously by the parties pursuant to those paragraphs. Said filings shall comply with the terms of all applicable confidentiality agreements and orders. The parties shall meet and confer to discuss appropriate redactions to the objections, replies, and other documents on or before January 21, 2013.

11) All supplemental expert reports, to the extent permitted by Rule 26(e) of the Federal Rules of Civil Procedure, shall be filed and served by February 19, 2013.

12) All adverse witness lists, exhibit lists, and direct testimony, along with any other disclosures required by Rule 26(a)(3) of the Federal Rules of Civil Procedure, shall be filed with the Court on March 4, 2013.

13) The Court will hold a hearing on the 9019 Motion on March 18, 19, 20, and 21, 2013. The hearing will be limited to 30 hours. The Court has tentatively allocated 12 hours to the parties supporting the 9019 Motion and 18 hours to the parties opposing the motion. The Court will make a final allocation of time at a status conference to be held on February 28, 2012, at which it will enter an order imposing time limits on all parties. There will be no further adjournment of the hearing except for good cause shown.

14) The deadline for the RMBS Trustees to accept or reject the RMBS Trust

5

Settlement on behalf of any Settlement Trust will be 30 days after the entry of an order approving the 9019 Motion.

15) Any RMBS Trust (including RMBS Trusts that are not Settlement Trusts) shall file a notice of any alleged cure claim no later than sixty (60) calendar days after the closing of the sale of the servicing platform; provided, however, that in the event an order has not been entered with respect to the 9019 Motion on or before the closing of the sale of the servicing platform, Settlement Trusts shall have until sixty (60) days after the entry of an order approving or disapproving the 9019 Motion to assert cure claims solely related to any origination-related provision (the "RMBS Cure Claim Deadline"). The Debtors, the RMBS Trustees, and the Creditors Committee shall meet and confer and, within seven (7) days after the RMBS Cure Claim Deadline, propose to the Court a schedule for any remaining discovery concerning and adjudication of such cure claims.

16) Except as provided in this order, and in the July 31, 2012 Scheduling Order, the September 25, 2012 Scheduling Order, and the October 23, 2012 Scheduling Order, all parties' rights with regard to the Sale Order are preserved. All deadlines that have already expired are not extended or altered by this Order.

Dated: December 27, 2012
      New York, New York

                                                 /s/Martin Glenn
                                                MARTIN GLENN
                                     United States Bankruptcy Judge