**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | : | Case No. 12-12020 (MG) |
| | : | (Jointly Administered) |
| Debtors. | : | |

**ORDER GRANTING APPLICATIONS FOR ALLOWANCE OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Upon consideration of the applications for allowance of interim compensation and reimbursement of expenses (Docket Nos. 1794, 1850, 1858, 1859, 1863, 1872, 1882, 1883, 1884, 1885, 1886, 1871, 1889, 1890, 1891, 1892, 1894, 1896, 1897, 1898, 1900, 1902, 1904, 1905, 1906, 2025, and 2272) (collectively, the "**Applications**") for professional services rendered and expenses incurred during the period commencing May 14, 2012 through August 31, 2012; and notice having been given pursuant to Federal Rules of Bankruptcy Procedure 2002(a)(7) and (c)(2); and due consideration having been given to all pleadings related to the Applications; and a hearing having been held before this Court to consider the Applications on December 20, 2012 (the "**Hearing**"); and based upon the record of the Hearing; and sufficient cause having been shown therefor; it is hereby

ORDERED, that the Applications are granted to the extent set forth on Schedule "A" annexed hereto; and it is further

ORDERED, that the Debtors are authorized and directed to pay fees and expenses allowed under this Order to the extent not already paid; provided, that any remaining prepetition

retainer shall be applied against such amounts pursuant to and in accordance with the terms of the order authorizing each respective Applicant's retention and/or against any outstanding prepetition amounts to the extent provided under the applicable Application; and it is further

ORDERED, that all payments made pursuant to this Order are interim payments subject to final approval, and the Debtors remaining current on their administrative obligations, including, but not limited to, the required filings of monthly operating reports and payment of statutory fees plus interest due and owing (if any) to the Office of the United States Trustee; and it is further

ORDERED, that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order; and it is further

ORDERED, that the Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

Dated: New York, New York
December 28, 2012

**_____/s/Martin Glenn_______**
MARTIN GLENN
United States Bankruptcy Judge

**Case No.: 12-12020 (MG)**
**Case Name: In re Residential Capital, LLC, et al.**

**CURRENT INTERIM FEE PERIOD**
**5/14/2012-8/31/2012**

**Schedule A**

| (1) Applicant | (2) Date/Document Number of Application | (3) Interim Fees Requested on Application | (4) Fees Allowed[1] | (5) Fees to be Paid for Current Fee Period[2] | (6) Interim Expenses Requested | (7) Expenses Allowed |
|---|---|---|---|---|---|---|
| Bradley Arant Boult Cummings LLC | 10/19/2012 [1882] | $4,207,515.65 | $4,060,788.24 | $3,654,709.42 | $157,682.41 | $148,999.34 |
| Carpenter Lipps & Leland LLP | 10/19/2012 [1889] | $955,735.00 | $949,060.00 | $853,264.00 | $334,924.08 | $334,034.08 |
| Centerview Partners LLC | 10/19/2012 [1883] | $900,000.00 | $900,000.00 | $810,000.00[3] | $18,761.48 | $18,039.19 |
| Curtis, Mallet-Prevost, Colt & Mosle LLP | 10/19/2012 [1890] | $496,548.50 | $486,689.25 | $438,020.33 | $3,093.40 | $3,093.40 |
| Deloitte & Touche LLP | 10/19/2012 [1902] | $690,583.50 | $690,583.50 | $621,525.15 | $0.00 | $0.00 |
| Dorsey & Whitney LLP | 10/19/2012 [1872][4] | $412,188.83 | $411,015.33 | $368,257.26[5] | $3,448.68 | $3,448.68 |
| Dykema Gossett PLLC | 11/26/2012 [2272] | $85,772.60 | $82,772.60 | $77,093.25 | $2,192.49 | $2,090.40 |

[1] Reflects deductions for write-downs and amounts adjourned to subsequent fee hearings.
[2] Reflects allowed fees, less 10% holdback, less reductions in expenses.
[3] Reduction in expenses will be credited against prepetition expense retainer.
[4] Amended by Docket No. 2301 filed on 11/29/2012.
[5] Reflects reduction in expenses of $1,656.46 from $5,105.22 per amendment to Application.

| (1) Applicant | (2) Date/Document Number of Application | (3) Interim Fees Requested on Application | (4) Fees Allowed[6] | (5) Fees to be Paid for Current Fee Period[7] | (6) Interim Expenses Requested | (7) Expenses Allowed |
|---|---|---|---|---|---|---|
| Fortace LLC | 10/19/2012 [1863] | $337,939.00 | $319,659.00 | $287,693.10 | $119,073.93 | $119,073.93 |
| FTI Consulting, Inc. | 10/19/2012 [1905] | $7,500,000.00[8] | $7,440,775.00[9] | $6,689,170.90 | $385,757.98 | $378,231.38 |
| KPMG LLP | 10/19/2012 [1891] | $656,390.00 | $656,390.00 | $590,751.00 | $46,449.02 | $46,449.02 |
| Kurtzman Carson Consultants LLC | 10/18/2012 [1859] | $94,074.00 | $94,074.00 | $84,666.60 | $0.00 | $0.00 |
| Locke Lord LLP | 10/19/2012 [1886] | $261,177.78 | $259,123.78 | $233,211.40 | $2,628.99 | $2,628.99 |
| Morrison & Cohen | 10/19/2012 [1904] | $325,625.50 | $319,039.50 | $285,986.05 | $4,248.73 | $3,099.23 |
| Morrison & Foerster LLP | 10/19/2012 [1885] | $14,667,747.50 | $14,273,523.50 | $12,834,991.15 | $598,549.72 | $587,369.72 |
| Orrick, Herrington & Sutcliffe LLP | 10/19/2012 [1871] | $733,357.07 | $679,188.07 | $611,269.26 | $678.12 | $678.12 |

[6] Reflects deductions for write-downs and amounts adjourned to subsequent fee hearings.
[7] Reflects allowed fees, less 10% holdback, less reductions in expenses.
[8] FTI also requested $584,468.50 in rollover amounts.
[9] Rollover amounts of $532,468.50 are also approved.

| (1) Applicant | (2) Date/Document Number of Application | (3) Interim Fees Requested on Application | (4) Fees Allowed[10] | (5) Fees to be Paid for Current Fee Period[11] | (6) Interim Expenses Requested | (7) Expenses Allowed |
|---|---|---|---|---|---|---|
| Prince Lobel Tye LLP | 11/1/2012 [2025] | $152,107.20 | $147,100.20 | $131,629.18 | $12,661.62 | $11,900.62 |
| Reed Smith, LLP | 10/19/2012 [1892] | $39,686 | $37,590.95 | $33,831.05 | $0 | $0 |
| Reed Smith, LLP | 10/19/2012 [1895] | $27,538.50 | $27,538.50 | $24,784.65 | $81.22 | $81.22 |
| Rubenstein Associates, Inc. | 10/11/2012 [1794] | $25,709.75 | $25,147.75 | $21,209.83 | $5,055.83 | $3,632.68 |
| Severson & Werson PC | 10/17/2012 [1850] | $1,242,804.45 | $1,242,804.45 | $994,037.57 | $124,486.44 | $0 |
| Towers Watson Delaware Inc. | 10/18/2012 [1858] | $34,355.03 | $34,355.03 | $30,919.53 | $0.00 | $0.00 |
| Troutman Sanders, LLP | 10/19/2012 [1894] | $218,509.74 | $217,746.96 | $195,319.27 | $3,714.82 | $3,061.82 |
| AlixPartners, LLP | 10/19/2012 [1884] | $2,205,724.75 | $2,145,364.75 | $1,930,510.29 | $34,011.46 | $33,693.47 |
| Kramer Levin Naftalis & Frankel LLP | 10/19/2012 [1896] | $10,675,061.50 | $10,511,236.25 | $9,457,457.76 | $305,820.34 | $303,165.47 |

[10] Reflects deductions for write-downs and amounts adjourned to subsequent fee hearings.

[11] Reflects allowed fees, less 10% holdback, less reductions in expenses.

| Moelis & Company LLC | 10/19/2012 [1898] | $1,391,129.03 | $1,391,129.03 | $1,250,140.40 | $20,194.72 | $18,318.99 |
|---|---|---|---|---|---|---|

| (1) Applicant | (2) Date/Document Number of Application | (3) Interim Fees Requested on Application | (4) Fees Allowed[12] | (5) Fees to be Paid for Current Fee Period[13] | (6) Interim Expenses Requested | (7) Expenses Allowed |
|---|---|---|---|---|---|---|
| Arthur J. Gonzalez | 10/19/2012 [1900] | $86,137.50 | $86,137.50 | 77,523.75 | $0 | $0 |
| Chadbourne & Parke LLP | 10/19/2012 [1897] | $3,295,849.50 | $3,276,434.91 | $2,935,213.72 | $127,003.11 | $113,425.41 |
| Mesirow Financial Consulting, LLC | 10/19/2012 [1906] | 3,007,275.00 | $2,979,917.00 | $2,680,434.30 | $30,048.00 | $28,557.00 |

Revised September 2011

DATE ON WHICH ORDER WAS SIGNED: 12/28/12

INITIALS: MG USBJ

[12] Reflects deductions for write-downs and amounts adjourned to subsequent fee hearings.

[13] Reflects allowed fees, less 10% holdback, less reductions in expenses.