Troutman Sanders LLP
222 Central Park Avenue
Suite 2000
Virginia Beach, VA  23462
Telephone: (757) 687-7500
Facsimile: (757) 687-7510
Jason E. Manning

*Ordinary Course Professional for the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**SUMMARY OF
APPLICATION OF TROUTMAN SANDERS LLP FOR AN AWARD OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR SERVICES
RENDERED AS AN ORDINARY COURSE PROFESSIONAL FOR THE DEBTORS
FOR THE PERIOD OF NOVEMBER 1, 2012 THROUGH NOVEMBER 30, 2012**

| | |
|---|---|
| Name of Applicant: | Troutman Sanders LLP ("**Applicant**") |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession, as ordinary course professional |
| Date of Retention: | October 2006 |
| Application Period: | November 1, 2012 through November 30, 2012 ("**November Period**") |

Active 20233703v1 040540.000000

<u>November Period</u>

| | |
|---|---|
| Amount of Compensation Sought for November Period: | $46,057.00 (a total of $96,057.00 is sought for November 2012 but as set forth below, $50,000 is payable upon approval of the Debtors under the OCP Order, as defined below) |
| Amount of Expense Reimbursement Sought for November Period: | $2,783.32 |
| Total Amount of Compensation and Expense Sought for November Period: | $48,840.32 ($98,840.32 less $50,000 approved by the Debtors pursuant to the OCP Order as defined below) |

This is a:                                                  **X** Monthly __ Interim __ Final Application

3

# Summary of Fees and Expenses for November Period

## November 2012

| Date Filed | Compensation Period | Requested Fees | Requested Expenses | Fees Paid | Expenses Paid | 20% Holdback |
|---|---|---|---|---|---|---|
| 12/28/12 | 11/01/12-11/30/12 | $96,057.00 | $2,783.32 | $1,013.50 | $0.00 | $19,211.40 |

## Timekeeper Summary for November Period

## November 1 – 30, 2012

| Name of Professional Individual | Position | Department | Year of Bar Admission | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|---|
| Brooks, Matthew Ray | Associate | Financial Services Litigation | 2008 | $275.00 | 2.9 | $797.50 |
| Derby, Erin Rigney | Paralegal | Financial Services Litigation | n/a | $120.00 | 19.5 | $2,340.00 |
| Flowers, Elizabeth Spain | Associate | Financial Services Litigation | 2009 | $230.00 | 16.9 | $3,887.00 |
| Manning, Jason E. | Partner | Financial Services Litigation | 2004 | $365.00 | 30.1 | $10,986.50 |
| Ostroff, Ethan G. | Associate | Financial Services Litigation | 2005 | $265.00 | 15.9 | $4,213.00 |
| Pittman, Andrew B. | Associate | Financial Services Litigation | 2001 | $290.00 | 69.7 | $20,213.00 |
| Reyes, Alexandria J. | Associate | Financial Services Litigation | 2009 | $285.00 | 88.5 | $25,222.50 |
| Russell, Karen L. | Paralegal | Financial Services Litigation | n/a | $175.00 | .1 | $17.50 |
| Windham, Mark J. | Associate | Financial Services Litigation | 2008 | $275.00 | 103.2 | $28,380.00 |
| **Professionals Totals** | | | | **Blended Rate** | | |
| **Total Fees Incurred** | | | | **$276.98** | **346.8** | **$96,057.00** |

# Billing Category Summary for November Period

## November 1 – 30, 2012

| Task Code | Matter Description | Total Billed Hours | Total Compensation |
|---|---|---|---|
| L110 | Fact Investigation/Development | 126.3 | $35,104.00 |
| L120 | Analysis/Strategy | 64.6 | $18,187.00 |
| L160 | Settlement/Non-Binding ADR | 13.0 | $4,213.50 |
| L190 | Other Case Assessment, Development & Administration | 40.7 | $11,381.50 |
| L210 | Pleadings | 57.8 | $15,155.00 |
| L240 | Dispositive Motions | 12.9 | $3,418.00 |
| L250 | Other Written Motions/Submissions | 3.2 | $893.00 |
| L310 | Written Discovery | 4.6 | $1,229.50 |
| L330 | Depositions | .8 | $228.00 |
| L390 | Other Discovery | 1.2 | $342.00 |
| L410 | Fact Witness | 1.0 | $365.00 |
| L430 | Written Motions/Submission | 0.6 | $171.00 |
| L440 | Other Trial Preparation/Support | 14.9 | $3,818.50 |
| L450 | Trial and Hearing Attendance | 3.3 | $957.00 |
| L510 | Appellate Motions/Submissions | 0.4 | $114.00 |
| P500 | Negotiation/Revision/Responses | 0.2 | $73.00 |
| P600 | Completion/Closing | 0.9 | $261.00 |
| P700 | Post-Completion/Post Closing | 0.4 | $146.00 |
| **Total Fees Incurred** | | **346.8** | **$96,057.00** |

## Expense Category Summary for November Period

## November 1 – 30, 2012

| Expense Category | Amount |
| --- | --- |
| Associate Counsel Fees & Expenses | $412.50 |
| Court Reporter/Deposition Costs | $450.44 |
| Filing Fees | $1,200.00 |
| Outside Courier Services | $720.38 |
| **Total** | **$2,783.32** |

Troutman Sanders LLP
222 Central Park Avenue
Suite 2000
Virginia Beach, VA  23462
Telephone: (757) 687-7500
Facsimile: (757) 687-7510
Jason E. Manning

*Ordinary Course Professional for the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**APPLICATION OF TROUTMAN SANDERS LLP FOR AN AWARD
OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR SERVICES
RENDERED AS AN ORDINARY COURSE PROFESSIONAL FOR THE DEBTORS
FOR THE PERIOD OF NOVEMBER 1, 2012 THROUGH NOVEMBER 30, 2012**

By this application (the "**Application**") pursuant to Sections 327, 330 and 331 of Title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 2016-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York (the "**Local Rules**"), the Order Under Bankruptcy Code Sections 105(a), 327 and 330 and Bankruptcy Rule 2014 Authorizing Employment and Payment of Professionals Utilized in Ordinary Course of Business *Nunc Pro Tunc* to the Petition Date [Docket No. 799], dated July 17, 2012 (the "**OCP Order**"), Troutman Sanders LLP ("**Applicant**"), an ordinary course professional for the above-captioned debtors

Active 20233703v1 040540.000000                                7

(the "**Debtors**"), hereby seeks reasonable compensation for professional legal services in the amount of $96,057.00, for the November Period, but, because under the OCP Order, $50,000 is payable by the Debtors upon the Debtors' approval without Court approval, Applicant seeks approval of the $46,057.00 of fees that exceed the OCP Order's $50,000 monthly cap, together with reimbursement for actual and necessary expenses incurred in the amount of $2,783.32 for the period of November 1, 2012 through November 30, 2012.

In support of this Application, Applicant respectfully represents as follows:

## JURISDICTION

1. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This Application has been prepared by John C. Lynch in accordance with the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on November 25, 2009 (the "Local Guidelines"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330, adopted on January 30, 1996 (the "UST Guidelines"), and the OCP Order. Pursuant to the Local Guidelines, a certification regarding compliance with same is attached hereto as **Exhibit 1**.

## BACKGROUND

3. On May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a voluntary petition with the Court for relief under Chapter 11 of the Bankruptcy Code. The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code Sections 1107(a) and 1108. These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b). No trustee has been appointed in these Chapter 11 cases.

4.  On May 16, 2012, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed a nine-member official committee of unsecured creditors (the "**Creditors' Committee**").

5.  On June 20, 2012, the Court directed that an examiner be appointed [Docket No. 454], and on July 3, 2012, the Court approved Arthur J. Gonzalez as the examiner [Docket No. 674].

6.  The Debtors are a leading residential real estate finance company indirectly owned by Ally Financial Inc. ("**AFI**"), which is not a Debtor. The Debtors and their non-debtor affiliates operate the fifth largest mortgage servicing business and the tenth largest mortgage origination business in the United States. A more detailed description of the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these bankruptcy cases, is set forth in the Whitlinger Affidavit.

7.  On August 14, 2012, pursuant to Paragraph No. 3(b) of the OCP Order, the Debtors filed the Affidavit of Disinterestedness sworn to by John C. Lynch, a partner of Applicant, on August 7, 2012 (the "**Applicant Affidavit**"), along with the accompanying Retention Questionnaire [Docket No. 1127]. Pursuant to the Applicant Affidavit, the Debtors sought to retain Applicant as an ordinary course professional under the OCP Order to provide legal services to the Debtors, including regarding defense of claims brought by individual borrowers pertaining to consumer lending issues, *nunc pro tunc* to the Petition Date. Because no objections to the employment of Applicant as an ordinary course professional were filed, under the OCP Order, the retention of Applicant was deemed approved.

8.  Pursuant to Paragraph No. 3(c) of the OCP Order, the Debtors may pay Applicant without prior application to the Court 100% of its fees and disbursements incurred, upon

submission to, and approval by, the Debtors of invoices setting forth in reasonable detail the nature of the services rendered and disbursements actually incurred up to $50,000 per month ("**OCP Monthly Limit**"). Applicant submitted invoices for its fees and expenses in the November 1, 2012 through November 30, 2012 time period. The Summaries of Fees and Expenses charts for the November Period, located above in the Application Summary summarize the total amount of fees and expenses sought during that period, and the amounts that have been paid by the Debtors as of December 28, 2012.

9. Paragraph No. 3(c) of the OCP Order also provides that if an ordinary course professional's monthly invoice exceeds the OCP Monthly Limit, then payments to such ordinary course professional for any such excess amounts shall be subject to the prior approval of the Court in accordance with Sections 330 and 331 of the Bankruptcy Code as well as the applicable provisions of the Bankruptcy Rules and the Local Rules.

## RELIEF REQUESTED

10. Applicant's invoices submitted during the November 1-30, 2012 period totaled $98,840.32, exceeding the $50,000 OCP Monthly Limit by $48,840.32. Accordingly, Applicant submits this Application in accordance with the OCP Order. All services for which Applicant requests compensation were performed for, or on behalf of, the Debtors. Applicant seeks reimbursement of all amounts exceeding the $50,000 OCP Monthly Limit.

11. The invoices that comprise the November Period are attached hereto as **Exhibit 2**. The invoices contain detailed statements of hours spent rendering legal services to the Debtors in support of Applicant's request of compensation for fees incurred during the November Period. The monthly fee invoices contained in Exhibit 2 (i) identify the professionals who rendered services, (ii) describe each service such professional or paraprofessional performed; and (iii) set forth the number of hours in increments of one-tenth of an hour spent by each individual

providing the services.  Applicant maintains computerized records of the time spent by all of Applicant's professionals in connection with its representation of the Debtors.  The rates described in the invoices contained in Exhibit 2 are Applicant's customary hourly rates for services of this type.

## SERVICES RENDERED BY APPLICANT

12. During the November Period, Applicant performed work defending the Debtors in litigation in various jurisdictions including Virginia, West Virginia, and Georgia.  In general, Applicant defended Debtor against claims brought by individual borrowers pertaining to consumer lending issues, including, but not limited to, allegations of wrongful foreclosure, irregularities in the foreclosure process, violation of applicable statutes related to foreclosure requirements, breach of alleged oral modification, breach of promises to forbear from foreclosing, quiet title, partition actions, unfair business practices claims, state statutory consumer protection violations, loan origination claims, loan servicing claims, and other claims related to mortgage lending and servicing.

13. A summary of the work performed is set forth below:

(a) Fact Investigation/Development – Task Code L110

**Fees:  $35,104.00; Total Hours:  126.3**

(b) Analysis/Strategy – Task Code L120

**Fees:  $18,187.50; Total Hours:  64.6**

(c) Settlement/Non-Binding ADR – Task Code L160

**Fees:  $4,213.50; Total Hours:  13.0**

(d) Other Case Assessment, Development & Administration – Task Code L190

**Fees:  $11,381.50; Total Hours:  40.7**

(e) Pleadings – Task Code L210

**Fees:  $15,155.00; Total Hours: 57.8**

(f)  Dispositive Motions – Task Code L240

**Fees:  $3,418.00; Total Hours:  12.9**

(g) Other Written Motions/Submissions – Task Code L250

**Fees:  $893.00; Total Hours:  3.2**

(h) Written Discovery – Task Code L310

**Fees:  $1,229.50; Total Hours:  4.6**

(i)  Depositions – Task Code L330

**Fees:  $228.00; Total Hours:  .8**

(j)  Other Discovery – Task Code L390

**Fees:  $342.00; Total Hours:  1.2**

(k) Fact Witness – Task Code L410

**Fees:  $365.00; Total Hours:  1.0**

(l)  Written Motions/Submission – Task Code L430

**Fees:  $171.00; Total Hours:  .6**

(m) Other Trial Preparations/Support – Task Code L440

**Fees:  $3,818.50; Total Hours:  14.9**

(n) Trial and Hearing Attendance – Task Code L450

**Fees:  $957.00; Total Hours:  3.3**

(o) Appellate Motions/Submissions – Task Code L510

**Fees:  $114.00; Total Hours:  .4**

(p) Negotiation/Revisions/Responses – Task Code P500

**Fees:  $73.00; Total Hours:  .2**

  (q) Completion/Closing – Task Code P600

  **Fees: $261.00; Total Hours: .9**

  (r) Post-Completion/Post Closing – Task Code P700

  **Fees: $146.00; Total Hours: .4**

  14. The foregoing descriptions of services rendered by Applicant in specific areas are not intended to be exhaustive of the scope of Applicant's activities in the various litigation matters in which Applicant has performed services on behalf of one or more of the Debtor entities.

  15. The Summary to this Application provides information regarding Applicant's billing attorneys and law clerks and a summary of the hours and services rendered by each attorney and law clerk and the hourly rates of each individual during the November Period.

  16. The rates charged by Applicant for services rendered by attorneys and law clerks in this case are the same as rates charged by Applicant's attorneys and law clerks on similar matters, without considering the size and degree of responsibility, difficulty, complexity, and results achieved. Accordingly, and based on such rates, the value of Applicant's professional services for the November Period totals $96,057.00, representing a total of 346.8 hours.

  17. In accordance with the factors enumerated in Section 330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (i) the complexity of these cases; (ii) the time expended; (iii) the nature and extent of the services rendered; (iv) the value of such services; and (v) the costs of comparable services other than in a case under the Bankruptcy Code. *See, e.g.*, *In re Borders Group, Inc.*, 456 B.R. 195, 211 (Bankr. S.D.N.Y. 2011); *In re Mesa Air Group, Inc.*, 449 B.R. 441, 444 (Bankr. S.D.N.Y. 2011); *In re Moss*, 320 B.R. 143, 156-57 (Bankr. E.D. Mich. 2005); *In re Ray*, 314 B.R. 643, 662-63 (Bankr. M.D. Tenn. 2004).

**AMOUNTS REQUESTED**

18. Applicant seeks 100% of its compensation for the November Period in the amount of $46,057.00, representing the excess amounts over the OCP Monthly Limit, in connection with the professional services detailed in Exhibit 2.

19. By this Application, Applicant also seeks expense reimbursement of $2,783.32 for the November Period. Detailed descriptions of disbursements made by Applicant, in support of Applicant's request for expense reimbursement for the November Period, are contained in the Summary of this Application and in the invoices attached hereto as Exhibit 2.

20. It is Applicant's policy to charge its clients in all areas of practice the amounts incurred by Applicant for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client.

**CONCLUSION**

21. Applicant believes that the services rendered on behalf of Debtor were reasonable and necessary within the meaning of Bankruptcy Code Section 330. Further, the expenses requested were actual and necessary to the performance of Applicant's services.

22. By this Application, Applicant requests allowance and payment of fees and expenses for the November Period in the total amount of $48,840.32, representing the difference between the OCP Monthly Limit, which does not require Court approval in order to be paid, and total fees of $96,057.00, plus $2,783.32 for actual and necessary costs and expenses.

23. Applicant requests the Court to direct payment of all compensation held back in connection with monthly fee applications, and to award Applicant such other and further relief as may be just and proper.

WHEREFORE, Applicant respectfully requests the entry of an order (a) allowing an administrative expense claim for Applicant's compensation and reimbursement for its fees and expenses incurred during the November Period, (b) authorizing and directing payment of such amounts and (c) granting such other and further relief as is just and proper.

Dated:  December 28, 2012

>TROUTMAN SANDERS LLP
>
>By:      /s/ Jason E. Manning
>Jason E. Manning (NY Bar #4207288)
>TROUTMAN SANDERS LLP
>222 Central Park Avenue
>Suite 2000
>Virginia Beach, VA  23462
>Telephone: (757) 687-7500
>Facsimile: (757) 687-7510
>Email:  jason.manning@troutmansanders.com
>
>**Ordinary Course Professional For The Debtors and Debtors in Possession**