**Presentment Date and Time: January 7, 2013 at 12:00 p.m. (Prevailing Eastern Time)**
**Objection Deadline: January 4, 2013 at 4:00 p.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Samantha Martin

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

-------------------------------------------------------------------------

**NOTICE OF PRESENTMENT OF ORDER PURSUANT TO 11 U.S.C. § 365(d)(4)(B)(ii)**
**APPROVING CONSENSUAL EXTENSION OF TIME TO ASSUME OR REJECT**
<u>**AN UNEXPIRED LEASE OF NONRESIDENTIAL REAL PROPERTY**</u>

    **PLEASE TAKE NOTICE** that the undersigned will present the attached proposed order

(the "<u>Order</u>") approving the attached motion, dated December 31, 2012 (the "<u>Motion</u>") pursuant

to section 365(d)(4)(B)(ii) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"),

approving a consensual extension of the time to assume or reject an unexpired lease of

nonresidential real property, to the Honorable Martin Glenn, United States Bankruptcy Judge, at

the United States Bankruptcy Court for the Southern District of New York (the "<u>Bankruptcy</u>

<u>Court</u>"), Alexander Hamilton Custom House, One Bowling Green, New York, NY 10004, Room

501, for signature on **January 7, 2013 at 12:00 p.m. (Prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Order must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **January 4, 2013 at 4:00 p.m. (Prevailing Eastern Time)**, upon (a) counsel for the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attn: Lorenzo Marinuzzi and Samantha Martin); (b) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attn: Tracy Hope Davis, Linda A. Riffkin, and Brian S. Masumoto); (c) the Office of the United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001 (Attn: US Attorney General, Eric H. Holder, Jr.); (d)  Office of the New York State Attorney General, The Capitol, Albany, NY 12224-0341 (Attn: Nancy Lord, Esq. and Neal Mann, Esq.); (e) Office of the U.S. Attorney for the Southern District of New York, One St. Andrews Plaza, New York, NY 10007 (Attn: Joseph N. Cordaro, Esq.); (f) counsel for Ally Financial Inc., Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY 10022 (Attn: Ray Schrock and Richard M. Cieri); (g) counsel to Barclays Bank PLC, as administrative agent for the DIP lenders, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, NY 10036 (Attn: Ken Ziman & Jonathan H. Hofer); (h) counsel for the committee of unsecured creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attn: Kenneth Eckstein & Greg Horowitz); (i) counsel for Ocwen Loan Servicing, LLC, Clifford Chance US LLP, 31 West 52nd Street, New York, NY 10019 (Attn: Jennifer C. DeMarco and Adam Lesman); (j) Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346 (if by overnight mail, to 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-5016); and (k) Securities and

2

Exchange Commission, New York Regional Office, 3 World Financial Center, Suite 400, New

York, NY 10281-1022 (Attn: George S. Canellos, Regional Director).

**PLEASE TAKE FURTHER NOTICE** that, if no objections to the Order are timely

filed, served and received in accordance with this Notice, the Court may enter the Order without

further notice or hearing.


Dated: December 31, 2012          Respectfully submitted,
      New York, New York


        /s/ Gary S. Lee
        Gary S. Lee
        Lorenzo Marinuzzi
        Samantha Martin
        MORRISON & FOERSTER LLP
        1290 Avenue of the Americas
        New York, New York 10104
        Telephone: (212) 468-8000
        Facsimile: (212) 468-7900

        *Counsel for the Debtors and*
        *Debtors in Possession*

**Presentment Date and Time:  January 7, 2013 at 12:00 p.m. (Prevailing Eastern Time)**
**Objection Deadline:  January 4, 2013 at 4:00 p.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Samantha Martin

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------- )
                                                                           )
In re:                                                                     )   Case No. 12-12020 (MG)
                                                                           )
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,                                   )   Chapter 11
                                                                           )
                                          Debtors.                         )   Jointly Administered
-------------------------------------------------------------------------- )

**DEBTORS' MOTION FOR ENTRY OF ORDER PURSUANT TO**
**11 U.S.C. § 365(d)(4)(B)(ii) APPROVING CONSENSUAL EXTENSION OF TIME**
**TO ASSUME OR REJECT AN UNEXPIRED LEASE OF**
<u>**NONRESIDENTIAL REAL PROPERTY**</u>

---

**This Motion seeks to extend the deadline to assume or reject**
**an unexpired lease of nonresidential real property.  If you have received this**
**Motion and are a counterparty to a lease or agreement with the Debtors, please**
**review <u>Exhibit 2</u> annexed hereto, to determine if this Motion affects your**
**lease or agreement and your rights thereunder.**

---

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"),[1] hereby move (the "Motion") for the entry of an order substantially in the form annexed hereto as Exhibit 1, approving a consensual extension of time to assume or reject the unexpired lease of nonresidential real property identified on Exhibit 2 annexed hereto (the "Lease").  In support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION

1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicate for the relief requested herein is section 365(d)(4)(B)(ii) of the Bankruptcy Code.

## BACKGROUND

2.    On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code.  The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  No trustee has been appointed in these Chapter 11 cases.

3.    On May 16, 2012, the Office of the United States Trustee (the "U.S. Trustee") appointed the nine-member statutory creditors' committee (the "Committee").

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Motions* (the "Whitlinger Affidavit") [Docket No. 6].

2

4.      On June 20, 2012, the Court directed that an examiner be appointed [Docket No. 454], and on July 3, 2012, the Court approved Arthur J. Gonzalez as the examiner [Docket No. 674].[2]

5.      The Debtors held two auctions for the sale of their assets on October 23-25, 2012. Following the auctions, the Debtors declared Ocwen Loan Servicing, LLC ("Ocwen") and Walter Investment Management Corp. ("Walter") as the winning bidders for the Debtors' mortgage loan origination and servicing platform (the "Platform Assets") at a price of $3 billion, and Berkshire Hathaway Inc. as the winning bidder for the legacy loan portfolio (the "Legacy Assets") at a price of $1.5 billion.

6.      On November 21, 2012, the Court entered orders approving each of the sales [Docket Nos. 2246 and 2247].

7.      Pursuant to section 365(d)(4)(A) of the Bankruptcy Code, the initial deadline for the Debtors to assume or reject the Lease was September 11, 2012 (the "Assumption/Rejection Date").

8.      On September 12, 2012, the Court entered the *Order Pursuant to Section 365(d)(4) of the Bankruptcy Code Extending the Time Within Which Unexpired Leases of Nonresidential Property May Be Assumed or Rejected* [Docket No. 1423] (the "First Extension Order"), by which the Assumption/Rejection Date was extended to December 10, 2012, without prejudice to the right of the Debtors to seek further extensions pursuant to section 365(d)(4) of the Bankruptcy Code.

---

[2] The Debtors are a leading residential real estate finance company indirectly owned by Ally Financial Inc., which is not a Debtor. The Debtors and their non-debtor affiliates operate the fifth largest mortgage loan servicing business and the tenth largest residential mortgage loan origination business in the United States. A more detailed description of the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these bankruptcy cases, is set forth in the Whitlinger Affidavit.

ny-1071757

9.     On December 11, 2012, the Court entered the *Amended Order Pursuant to 11 U.S.C. §365(d)(4)(B)(ii) Approving Consensual Extensions of Time to Assume or Reject Certain Unexpired Leases of Nonresidential Real Property* [Docket No. 2381] (the "Second Extension Order"), by which the Assumption/Rejection Date for the Lease was extended to December 31, 2012, without prejudice to the right of the Debtors to seek further extensions pursuant to section 365(d)(4) of the Bankruptcy Code.

## RELIEF REQUESTED

10.     The Debtors request entry of an order, substantially in the form annexed hereto as Exhibit 1, approving the consensual extension of the Assumption/Rejection Date for the Lease set forth on Exhibit 2 annexed hereto,[3] without prejudice to the Debtors' right to request further extensions in accordance with section 365(d)(4) of the Bankruptcy Code.

## BASIS FOR RELIEF

11.     Pursuant to section 365 of the Bankruptcy Code, a debtor has an initial period of 120 days after the commencement of a chapter 11 case during which it may assume or reject unexpired leases of nonresidential real property under which the debtor is the lessee. 11 U.S.C. § 365(d)(4)(A). Section 365(d)(4)(B) further provides:

> (i) The court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause.

> (ii) If the court grants an extension under clause (i), the court may grant a subsequent extension only *upon prior written consent of the lessor in each instance*.

Id. § 365(d)(4)(B) (emphasis added).

---

[3] The inclusion of any lease, contract, or agreement on Exhibit 2 does not constitute an admission as to the determination of the legal status of any lease, contract, or agreement (including whether any lease, contract, or agreement is an unexpired lease of nonresidential real property, a true lease, or a financing arrangement), and the Debtors reserve all of their rights to reclassify or recharacterize any lease, contract, or agreement listed on Exhibit 2.

4

12.     Thus, the Court may further extend the Assumption/Rejection Date if the Debtors obtain the prior written consent of the lessor for the Lease.

13.     Since the Petition Date, the Debtors and their professionals have expended significant time and effort on a multitude of critical matters, including, among others, obtaining Court approval of the Debtors' postpetition financing facilities, responding to and litigating various contested matters, preparing and filing schedules of assets and liabilities and statements of financial affairs, negotiating the terms of the RMBS settlement, and successfully conducting auctions for the sales of the Debtors' Platform Assets and Legacy Assets, which upon closing are expected to yield approximately $4.5 billion in cash for the Debtors' estates and creditors. These efforts, in conjunction with continuing business operations in the ordinary course, have required significant time commitments from the Debtors and their professionals.

14.     In order to make informed decisions regarding whether to assume or reject the Lease, the Debtors require more time to adequately evaluate the potential value of the Lease in the context of their restructuring efforts.    Additionally, Ocwen and Walter are still determining which leases they intend to acquire as necessary to continue the Debtors' mortgage loan origination and servicing business.  Rather than prematurely assume the Lease or risk inadvertent rejection of the Lease, the Debtors have contacted the lessor under the Lease requesting an extension of the Assumption/Rejection Date.  The Debtors received consent from the lessor identified on Exhibit 2 annexed hereto to further extend the Assumption/Rejection Date for the Lease through the date reflected in the column labeled "Extension Date" as set forth on Exhibit 2 (the "Extended Deadline").[4]

---

[4] The Debtors have obtained the consent in the form of a lease amendment.  A copy of the amendment is annexed hereto as Exhibit 3.

ny-1071757

15.     The Debtors have entered into the extension agreement with the lessor in the exercise of their business judgment and the ordinary course of their business.  The form of consent complies with the provisions of the Bankruptcy Code and enables the Debtors to efficiently obtain an extension of time under section 365(d)(4)(B)(ii) of the Bankruptcy Code without the necessity of litigating over whether the Lease constitutes an unexpired lease of nonresidential real property.  The Lease directly affects the Debtors' business operations and reorganization efforts, and the Debtors submit that the relief requested in this Motion is appropriate to preserve value for all stakeholders.

16.     Prior to the expiration of the Extended Deadline, the Debtors intend to seek authorization to assume or reject the Lease, subject to the Debtors' right to request further extensions of the deadline to assume or reject the Lease in accordance with section 365(d)(4) of the Bankruptcy Code.

17.     Pending the Debtors' election to assume or reject the Lease, the Debtors will continue to perform all of their obligations arising under the Lease from and after the Petition Date in a timely fashion, including the payment of all postpetition rent due, as required by section 365(d)(3) of the Bankruptcy Code.  Thus, the requested extension does not adversely affect the lessor identified on Exhibit 2.  The Debtors will continue to evaluate their leases on an ongoing basis as expeditiously as practicable and will file appropriate motions as soon as informed decisions can be made.

18.     The Debtors submit that the relief requested herein will (1) promote the Debtors' ability to maximize the value of their chapter 11 estates and position the Debtors for a successful restructuring, and (2) avoid the incurrence of needless administrative expenses by minimizing the premature assumption of what may turn out to be a burdensome lease.

6

19.     In light of the foregoing, the Debtors submit that the extension of the

Assumption/Rejection Date by which the Debtors may assume or reject the Lease set forth on

Exhibit 2 is in the best interests of the Debtors, their estates, their creditors, and all parties in

interest.

## **NOTICE**

20.     The Debtors have provided notice of this Motion in accordance with the Case

Management Procedures Order, approved by this Court on May 23, 2012 [Docket No. 141].

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an order,

substantially in the form annexed hereto as Exhibit 1, granting the relief requested herein and

granting such other relief as is just and proper.

Dated: December 31, 2012          Respectfully submitted,
        New York, New York

                                  /s/ Gary S. Lee
                                  Gary S. Lee
                                  Lorenzo Marinuzzi
                                  Samantha Martin
                                  MORRISON & FOERSTER LLP
                                  1290 Avenue of the Americas
                                  New York, New York 10104
                                  Telephone: (212) 468-8000
                                  Facsimile: (212) 468-7900

                                  *Counsel for the Debtors and*
                                  *Debtors in Possession*

7

## Exhibit 1

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------------------
)
In re:                                                    )          Case No. 12-12020 (MG)
                                                          )
RESIDENTIAL CAPITAL, LLC, et al.,          )          Chapter 11
                                                          )
                                        Debtors.      )          Jointly Administered
--------------------------------------------------------------------------
)

### ORDER PURSUANT TO 11 U.S.C. § 365(d)(4)(B)(ii) APPROVING CONSENSUAL EXTENSION OF TIME TO ASSUME OR REJECT AN UNEXPIRED LEASE OF NONRESIDENTIAL REAL PROPERTY

Upon the Motion, dated December 31, 2012 (the "Motion"),[1] of the debtors and debtors

in possession in the above-captioned cases (collectively, the "Debtors"), pursuant to section

365(d)(4)(B)(ii) of title 11 of the United States Code (the "Bankruptcy Code"), for entry of an

order approving a consensual extension of the time to assume or reject an unexpired lease of

nonresidential real property, all as more fully described in the Motion; and the Court having

jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C.

§§ 157 and 1334 and Amended Standing Order of Reference M-431, dated January 31, 2012

(Preska, C.J.); and consideration of the Motion and the relief requested therein being a

proceeding pursuant to 28 U.S.C. § 157(b); and due and proper notice of the Motion having been

provided, and it appearing that no other or further notice need be provided; and the Court having

found and determined that the relief sought in the Motion is in the best interests of the Debtors,

their estates, creditors, and all parties in interest, and that the legal and factual bases set forth in

the Motion establish just cause for the relief granted herein; and after due deliberation and

sufficient cause appearing therefor; it is hereby ORDERED THAT:

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

1.      The Motion is granted as set forth herein.

2.      The time by which the Debtors may assume or reject the Lease identified on

Exhibit 1 annexed hereto is extended to and including the date reflected in the column labeled

"Extension Date" as set forth on Exhibit 1.

3.      The listing of a lease or agreement on Exhibit 1 does not constitute a finding by

the Court or an admission by the Debtors or any other party in interest that such lease or

agreement is an unexpired lease of nonresidential real property or that it is eligible for

assumption or rejection pursuant to section 365 of the Bankruptcy Code.

4.      The Lease Amendment annexed as Exhibit 3 to the Motion is approved.

5.      The Debtors are authorized to take all actions necessary to effectuate the relief

granted pursuant to this Order.

6.      Entry of this Order is without prejudice to the Debtors' right to request further

extensions of the time to assume or reject the Leases in accordance with section 365(d)(4) of the

Bankruptcy Code.

7.      This Court shall retain jurisdiction to hear and determine all matters arising from

or related to this Order.


New York, New York
Date: _____, 2012


                              _____
                              THE HONORABLE MARTIN GLENN
                              UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit 1 to Proposed Order</u>**

**List of Consensual Lease Extensions**

**Exhibit 1 to Proposed Order**

**List of Consensual Lease Extensions[1]**

| Contract Type | Counterparties to the Contracts and Leases to be Assumed | Debtor Parties to the Contracts and Leases to be Assumed | Date of Contract or Lease | Location of Real Property that is the Subject of a Lease to be Assumed | Extension Date |
|---|---|---|---|---|---|
| Lease[2] | Liberty Property Limited Partnership | GMAC Mortgage, LLC | January 31, 2006, as amended | 1100 Virginia Drive Fort Washington, PA 19034--3200 | January 31, 2013 |

---

[1] Inclusion of any lease, contract, or agreement on this <u>Exhibit 1</u> shall not constitute an admission as to the determination of the legal status of any lease, contract, or agreement (including whether any lease, contract, or agreement is an unexpired lease of nonresidential real property, a true lease, or a financing arrangement). The Debtors reserve all of their rights to reclassify or recharacterize any lease, contract, or agreement listed on this <u>Exhibit 1</u>.

[2] As a condition to agreeing to the extension, the landlord required the Debtors to enter into a lease amendment, a copy of which is annexed to the Motion as <u>Exhibit 3</u>.

## Exhibit 2 to Motion

**List of Consensual Lease Extensions**

**Exhibit 2 to Motion**

**List of Consensual Lease Extensions[1]**

| Contract Type | Counterparties to the Contracts and Leases to be Assumed | Debtor Parties to the Contracts and Leases to be Assumed | Date of Contract or Lease | Location of Real Property that is the Subject of a Lease to be Assumed | Extension Date |
|---|---|---|---|---|---|
| Lease[2] | Liberty Property Limited Partnership | GMAC Mortgage, LLC | January 31, 2006, as amended | 1100 Virginia Drive Fort Washington, PA 19034--3200 | January 31, 2013 |

---

[1] Inclusion of any lease, contract, or agreement on this Exhibit 2 shall not constitute an admission as to the determination of the legal status of any lease, contract, or agreement (including whether any lease, contract, or agreement is an unexpired lease of nonresidential real property, a true lease, or a financing arrangement). The Debtors reserve all of their rights to reclassify or recharacterize any lease, contract, or agreement listed on this Exhibit 2.

[2] As a condition to agreeing to the extension, the landlord required the Debtors to enter into a lease amendment, a copy of which is annexed to the Motion as Exhibit 3.

**Exhibit 3 to Motion**

**Lease Amendment**

## THIRD AMENDMENT TO LEASE AGREEMENT

**THIS THIRD AMENDMENT** is made this 28th day of December, 2012, by and between **LIBERTY PROPERTY LIMITED PARTNERSHIP**, a Pennsylvania limited partnership ("Landlord"), and **GMAC MORTGAGE, LLC**, a Delaware limited liability company ("Tenant").

## BACKGROUND:

A.      Landlord and Tenant (then known as GMAC Mortgage Corporation) entered into a Lease Agreement dated January 31, 2006 (the "Original Lease"), covering premises containing approximately 450,000 rentable square feet (the "Premises"), located in Landlord's building (the "Building") at 1100 Virginia Drive, Fort Washington, Pennsylvania, as more fully described in the Lease.

B.      Landlord and Tenant entered into a First Amendment to Lease Agreement dated November 18, 2009 (the "First Amendment"), modifying the Original Lease in certain respects.

C.      On May 14, 2012, Tenant and numerous related debtors filed voluntary petitions under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§101, et. seq., in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") and Tenant is one of the debtors in In re: Residential Capital, LLC, et al., Case No. 12-12020 (MG) (the "Bankruptcy Case").

D.      Landlord and Tenant entered into a Second Amendment to Lease Agreement dated December 7, 2012 which was approved by Order of the Bankruptcy Court (the "Second Amendment" and together with the Original Lease and the First Amendment, collectively, the "Lease"), modifying the Original Lease in certain respects.

E.      The time for Tenant to assume or reject the Lease in the Bankruptcy Case currently expires on December 31, 2012 and Tenant has requested that Landlord agree, subject to this Third Amendment being executed and approved by the Bankruptcy Court, to further extend the time for Tenant to assume or reject the Lease.

**NOW, THEREFORE**, the parties hereto, in consideration of the mutual promises and covenants contained herein and in the Lease, and intending to be legally bound hereby, agree that the Lease is amended as follows:

1.      All capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to them in the Lease.

2.      Landlord agrees that the time for Tenant to assume or reject the Lease in the Bankruptcy Case is hereby extended to January 31, 2013. For the avoidance of doubt, Tenant's execution of this Third Amendment, and any request for Court approval hereof, shall in no way be construed as an assumption of the Lease.

ny-1071644

3.      Section 14(c) of the Original Lease, entitled "Leasing Restrictions," as modified by Section 4 of the Second Amendment, is hereby replaced with the following: "Landlord shall have the right to lease the G&A Space for office or warehouse use, provided that such lease includes rights to no more than 100 unreserved paved parking spaces plus such additional spaces as may be obtained from DeVry."

4.      Section 37 of the Original Lease, entitled "Expansion-DeVry," is hereby deleted in its entirety.

5.      Section 40 of the Original Lease, entitled "Contraction Option," is hereby deleted in its entirety.

6.      Section 41 of the Original Lease, entitled "Right of First Offer to Purchase," is hereby deleted in its entirety.

7.      All occupants shall have the right to continue to use the property in the Common Service Areas, including all furniture, fixtures and equipment, in the same manner as it is currently used.  For purposes hereof, the "Common Service Areas" shall include the cafeteria, fitness center, loading dock, corridors and conference center areas.

8.      Effective at any time after Tenant's receipt of Landlord's Notice (as defined in Section 8 of the Second Amendment), Tenant shall, upon Landlord's request, permit Landlord reasonable access to the Premises in order to demise the Ally Space (as defined in recital E of the Second Amendment).  Landlord and Tenant agree to reasonably coordinate the performance of such work in order to complete such work as expeditiously as possible. Any personnel used by Landlord to demise the Ally Space shall comply with Tenant's building security requirements for contractors. Landlord shall provide Tenant with a daily roster of such contractors.

9.      Tenant acknowledges and agrees that the Lease is in full force and effect and Tenant has no claims or offsets against Rent due or to become due hereunder, subject to any rights pursuant to the Bankruptcy Code.

10.     Except as expressly modified herein, the terms and conditions of the Lease shall remain unchanged and in full force and effect.  Specifically, without limitation, in the event of any default by Tenant of any of its obligations under the Lease, as hereby amended, Landlord shall be entitled to pursue all remedies available under the Lease, as hereby amended, or otherwise at law or in equity.

11.     This Third Amendment shall be binding upon and inure to the benefit of the parties and their respective successors and permitted assigns.

12.     The obligations of the parties hereunder are contingent upon the entry of a final Order by the Bankruptcy Court approving this Third Amendment.

13.     This Third Amendment may be executed in counterparts, each of which shall be an original and all of which counterparts taken together shall constitute one and the same

2

document. Signatures to this Third Amendment transmitted by e-mail in PDF format shall be valid and effective to bind the party so signing. Each party agrees to promptly deliver an execution original of this Third Amendment with its actual signature to the other party by overnight courier, but a failure to do so shall not affect the enforceability of this Third Amendment.

*[Remainder of page intentionally left blank]*

ny-1071644

**IN WITNESS WHEREOF,** Landlord and Tenant have executed this Third Amendment as of the day and year first above written.

**LANDLORD:**
**LIBERTY PROPERTY LIMITED PARTNERSHIP**
By:    Liberty Property Trust, Sole General Partner

By:
Name: James P. Mazzarelli, Jr.
Title:  Senior Vice President,
Regional Director

**TENANT:**
**GMAC MORTGAGE, LLC**

By:
Name:    Patrick D. Lerch
Title:    Portfolio Manager

4