## **EXHIBIT 1 TO MOTION**

### **SALE PROCEDURES ORDER**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |

---------------------------------------------------------------

### PROPOSED ORDER UNDER 11 U.S.C. §§ 105 and 363 AUTHORIZING AND APPROVING SALE PROCEDURES; (II) SCHEDULING BID DEADLINE AND SALE HEARING; AND (III) ESTABLISHING NOTICE PROCEDURES AND APPROVING FORMS OF NOTICE

Upon the motion, dated January 2, 2013 (the "Motion"),[1] of Residential Capital, LLC ("ResCap") and certain of its affiliates, as debtors in possession (collectively, the "Debtors") for entry of an order, under Bankruptcy Code sections 105 and 363 of Title 11, United States Code (the "Bankruptcy Code") and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") 2002, 6004, and 9007 for, among other things: (i) authorization and approval of the proposed sale procedures annexed hereto as Exhibit 1 (the "Sale Procedures"), and (ii) establishing notice procedures and approving the Sale Notice; and upon (i) the Whitlinger Affidavit [Docket No. 6], (ii) the Puntus Declaration [Docket No. __], and (iii) the Giamporcaro Declaration [Docket No. 187]; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion, the Sale Procedures, or the MLPISA (as defined in the Motion). Creditors and parties-in-interest with questions or concerns regarding the Debtors' chapter 11 cases or the relief granted herein may refer to http://www.kccllc.net./rescap for additional information.

appearing that the proceeding on the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and sufficient notice of the Motion having been given under the particular circumstances and it appearing that no further notice need be provided; and a hearing having been held on January 16, 2013, to consider the relief requested in the Motion (the "Sale Procedures Hearing"); and upon the record of the Sale Procedures Hearing, and all of the proceedings before this Court; and this Court having reviewed the Motion and found and determined that the relief sought in the Motion with respect to the Sale Procedures is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation thereon; and sufficient cause appearing therefore, it is FOUND AND DETERMINED THAT:[2]

A.      The statutory and legal predicates for the relief requested in the Motion are sections 105 and 363 of the Bankruptcy Code, and Bankruptcy Rules 2002, 6004, and 9007, and Rule 6004-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules").

B.      The Motion and this Order comply with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Guidelines for the Conduct of Asset Sales established by the Bankruptcy Court on November 18, 2009 pursuant to General Order M-383.

C.      The Sale Procedures comply with the requirements of Local Rule 6004-1.

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  See Fed. R. Bankr. P. 7052.

2

D.      The Debtors have articulated compelling and sound business justifications for this Court to grant the Sale Procedures, including this Court's (i) approval of the Sale Procedures; and (ii) scheduling of the Bid Deadline and Sale Hearing.

E.      The Debtors have set a Sale Hearing (as described below), where they will seek authorization of the sale of FHA Loans, in accordance with the MLPISA, free and clear of all liens, encumbrances, and interests to the Purchaser (as defined in the MLPISA).

F.      The Sale Procedures, a copy of which is annexed hereto as Exhibit 1, are fair, reasonable, and appropriate and are designed to maximize recovery with respect to the sale of the FHA Loans that are the subject of the MLPISA.

G.      The Sale Notice, a copy of which is annexed hereto as Exhibit 2, is reasonably calculated to provide parties in interest with proper notice of the proposed sale of the FHA Loans that are the subject of the MLPISA, the Sale Procedures, the Bid Deadline, and the Sale Hearing, and no other or further notice is required.

H.      Due, sufficient, and adequate notice of the relief requested in the Motion and granted herein has been given to parties in interest and no further notice is required. A reasonable opportunity to object or be heard regarding the relief granted by this Order has been afforded to those parties entitled to notice pursuant to Bankruptcy Rule 6004.

I.      This Order constitutes a final order within the meaning of 28 U.S.C. § 158(a).

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Sale Procedures relief requested in the Motion is granted.

3

2.      [The Objections that have not been adjourned, withdrawn, or resolved are overruled.]

### Sale Procedures

3.      The Sale Procedures, attached hereto as <u>Exhibit 1</u>, which are incorporated herein by reference, are approved and shall govern all bids and sale procedures relating to the FHA Loans.  The Debtors are authorized to take any and all actions necessary or appropriate to implement the Sale Procedures.

4.      This Order and the Sale Procedures shall govern the sale of the FHA Loans.

5.      The deadline for submitting a Bid Package shall be February 6, 2013 at 5:00 p.m. (Prevailing Eastern Time) (the "<u>Bid Deadline</u>"), as further described in the Sale Procedures.

### Notice Procedures

6.      The Sale Notice is sufficient to provide effective notice to all interested parties of the Sale Procedures and the Sale, pursuant to Bankruptcy Rules 2002(a)(2) and 6004, and is hereby approved.

7.      The notice procedures described in subparagraphs (a)-(b) below are approved and shall be good and sufficient, and no other or further notice shall be required if given as follows:

(a)      The Debtors (or their agent) serve, within five days after entry of this Order, by first-class mail, postage prepaid, or other method reasonably calculated to provide notice, a copy of this Order and the Sale Notice upon: (i) the Office of the United States Trustee for the Southern District of New York, (ii)  the attorneys for the U.S. Treasury, (iii) the attorneys

4

for the Debtors' prepetition secured credit facilities, (iv) the attorneys for the agent under the Debtors' prepetition amended and restated secured revolving credit agreement, (v) the attorneys for the Committee, (vi) the attorneys for the JSBs, (vii) the attorneys for AFI, (viii) the attorneys for the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, and the Government National Mortgage Association, (ix) any party who, in the past year, expressed in writing to the Debtors an interest in the FHA Loans and who the Debtors and their representatives reasonably and in good faith determine potentially have the financial wherewithal to effectuate the transaction contemplated by the proposed sale, (x) all parties who are known to have asserted or believed by Debtors to hold any lien, claim, encumbrance, or interest in or on the FHA Loans, (xi) the Securities and Exchange Commission, (xii) the Internal Revenue Service, (xiii) all applicable state attorneys' general, and local authorities, (xiv) all applicable state and local taxing authorities, (xv) the Federal Trade Commission, (xvi) the United States Department of Justice, (xvii) the United States Attorney's Office, (xviii) the office of the New York Attorney General; and (xix) all entities that requested notice in these chapter 11 cases under Bankruptcy Rule 2002.

(b)    Within one day of entry of this order, the Debtors shall cause the Sale Procedures Order and Sale Notice, to be published on the website of the Debtors' claims and noticing agent, Kurtzman Carson Consultants, LLC, at http://www.kccllc.net/rescap.

(c)    The Debtors and the Purchaser, subject to the Sale Procedures, will agree upon a revised form of MLPISA that will be filed not later than 14 days before the Sale Hearing.

## **Objection Deadline**

8.    Any party that seeks to object to the relief requested in the Motion pertaining to approval of the Sale shall file a formal objection that complies with the objection procedures in accordance with the terms hereof. Each objection shall state the legal and factual basis of such objection.

9.    Any and all objections as contemplated by this Order must be: (i) in writing; (ii) signed by counsel or attested to by the objecting party; (iii) in conformity with the

5

Bankruptcy Rules, the Local Rules, and the *Order Under Bankruptcy Code Sections 102(2),
105(a) and 105(d), Bankruptcy Rules 1015(c), 2002(m) and 9007 and Local Bankruptcy Rule
2002-2 Establishing Certain Notice, Case Management and Administrative Procedures* [Docket
No. 141] (the "CMO"); (iv) filed with the Bankruptcy Court; and (v) served on (a) the Debtors,
c/o Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attn: Gary
S. Lee and Todd M. Goren) and Centerview Partners, 31 West 52nd Street, New York, NY
10019 (Attn: Marc Puntus and Karn Chopra); (b) the Committee, c/o Kramer Levin Naftalis &
Frankel LLP, 1177 Avenue of the Americas, New York, N Y 10036 (Attn: Kenneth H. Eckstein
and Douglas H. Mannal), and Moelis & Company, 399 Park Ave, 5th Floor, New York, NY
10022 (Attn: Jared Dermont and Syed Hasan); (c) the JSBs, c/o White & Case LLP, 1155
Avenue of the Americas, New York, NY 10036 (Attn: J. Christopher Shore, and Harrison L.
Denman) and Milbank, Tweed, Hadley & McCloy, 1 Chase Manhattan Plaza, New York, NY
10005 (Attn: Gerard Uzzi); (d) AFI, c/o Kirkland & Ellis LLP, 601 Lexington Ave New York,
NY 10022 (Attn: Richard M. Cieri, Ray C. Schrock, and Stephen E. Hessler); and (e) the Notice
Parties in accordance with the CMO (the "Objection Notice Parties") so as to be received on or
before the appropriate deadline as set forth below.

10.    The deadline for objecting to approval of the Sale of the FHA Loans,
including that such Sale shall be free and clear of liens, claims, encumbrances, and interests
(including rights or claims based on any successor or transferee liability) shall be **April 4, 2013,
at 5:00 p.m.** (Prevailing Eastern Time).

11.    Failure to object to the relief requested in the Motion shall be deemed to
be "consent" for purposes of section 363(f) of the Bankruptcy Code and shall be a bar to the

6

assertion, at the Sale Hearing or thereafter, of any objection to the Motion, and to the

consummation and performance of the Sale as contemplated by the MLPISA (including the

transfer free and clear of all liens, claims, encumbrances, and interests, including rights or claims

based on any successor or transferee liability, of each of the FHA Loans transferred as part of the

Sale).

        12.      The Court shall conduct the Sale Hearing on **April 11, 2013 at 10:00 a.m.**

(Prevailing Eastern Time), at which time the Court will consider approval of the Sale to the

Successful Bidder.

        13.      The Sale Hearing may be adjourned or rescheduled without further notice

by an announcement of the adjourned date at the Sale Hearing or by the filing of a hearing

agenda.

### <u>Other Relief Granted</u>

        14.      The Debtors will segregate cash generated from the Sale in accordance

with the *Final Order Under Bankruptcy Code Sections 105(a), 345, 363, 364, and 503(b)(1) and*

*Bankruptcy Rules 6003 and 6004 Authorizing (I) Continued Use of Cash Management Services*

*and Practices, (II) Continued Use of Existing Bank Accounts, Checks, and Business Forms, (III)*

*Implementation of Modified Cash Management Procedures and Use of Certain Bank Accounts*

*Established in Connection with Use of Pre-And Post-Petition Lenders Financing Facilities and*

*Cash Collateral, (IV) Waiver of the Investment and Deposit Requirements of Bankruptcy Code*

*Section 345, (V) Debtors to Honor Specified Outstanding Prepetition Payment Obligations, and*

*(VI) Continuation of Intercompany Transactions and Granting Administrative Expense Status to*

*Intercompany Claims* [Docket No. 393], including segregating cash generated from the Sale of

collateral securing any of the Debtors' financing facilities into the specific bank accounts

established for the benefit of the lenders under such financing facilities.

15.    Notwithstanding anything to the contrary in this Order, any action to be

taken pursuant to the relief authorized in this Order is subject to the terms of any cash collateral

order and debtor in possession financing order entered in these chapter 11 cases.  To the extent

there is any inconsistency between the terms of this Order and the terms of any order relating to

postpetition financing, cash collateral, or cash management, the terms of the orders relating to

postpetition financing, cash collateral, or cash management shall govern.

16.    Subject to paragraph 15, absent further order of the Court, the proceeds of

the Sale shall be used only for the payment of operating expenses in the ordinary course of

business that are (i) afforded administrative expense status, or (ii) otherwise authorized by the

Court; provided, however, that for the avoidance of doubt, absent further order of the Court, no

proceeds of the Sale shall be used to pay down any of the Debtors' prepetition credit facilities.

17.    Notwithstanding anything herein to the contrary, this Order shall not

modify or affect the terms and provisions of, nor the rights and obligations under, (i) the Board

of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among

AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal

Reserve System, and the Federal Deposit Insurance Corporation, (ii) the consent judgment

entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012,

(iii) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the

Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (iv) all related

8

agreements with AFI and Ally Bank and their respective subsidiaries and affiliates (excluding

ResCap and its subsidiaries).

18.    The Debtors are authorized to conduct the Sale without the necessity of

complying with any state or local bulk transfer laws or requirements.

19.    In the event there is a conflict between this Order and the Motion, this

Order shall control and govern.

20.    Notwithstanding any possible applicability of Bankruptcy Rule 6004, or

otherwise, the terms and provisions of this Order shall be immediately effective and enforceable

upon its entry.

21.    The Sale does not alter the provisions of section 363(o) of the Bankruptcy

Code.

22.    The requirements set forth in Local Rule 9013-1(b) are satisfied.

23.    The requirements set forth in Bankruptcy Rule 6004(a) are satisfied.

24.    The Court shall retain jurisdiction with respect to all matters relating to the

interpretation or implementation of this Order.

Dated:  New York, York
      _____ __, 2012

 

                                          _____
                                          THE HONORABLE MARTIN GLENN
                                          UNITED STATES BANKRUPTCY JUDGE

# <u>EXHIBIT 1</u>

## PROPOSED SALE PROCEDURES

## SALE PROCEDURES

By the motion dated January 2, 2013 (the "Sale Motion"), Residential Capital
LLC ("ResCap") and its debtor subsidiaries, as debtors in possession (collectively, the
"Debtors"), requested, among other things, approval of the process and procedures through
which the Debtors will determine the highest or otherwise best price for the purchase of certain
whole loans insured by the Federal Housing Administration (collectively, the "FHA Loans")
pursuant to a mortgage loan purchase and interim servicing agreement that was filed with the
Court on [January __], 2013 [Docket No. __] (the "MLPISA").  On [January __], 2013, the
United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court")
entered an order (the "Sale Procedures Order"),[1] which, among other things, authorized the
Debtors to determine the highest or otherwise best price for the FHA Loans through the bidding
process and procedures set forth below (the "Sale Procedures").

On April 11, 2013, as further described below, in the Motion, and in the Sale
Procedures Order, the Bankruptcy Court shall conduct a hearing (the "Sale Hearing"), at which
the Debtors shall seek entry of an order (the "Sale Order") authorizing and approving the sale of
the FHA Loans (the "FHA Loan Sale") pursuant to the MLPISA between the Seller (as defined
in the MLPISA) and the Purchaser (as defined in the MLPISA).

## Participation Requirements

The Debtors will distribute an offering memorandum not later than two business
days after entry of the Sale Procedures Order.  In order to participate in the bidding process, a
person or entity interested in purchasing the FHA Loans must first deliver an executed
confidentiality agreement in form and substance reasonably satisfactory to the Debtors, to the
following parties:

(i)     the Debtors, c/o Morrison & Foerster LLP, 1290 Avenue of the Americas,
New York, NY 10104 (Attn: Gary S. Lee and Todd M. Goren) and
Centerview Partners, 31 West 52nd Street, New York, NY 10019 (Attn:
Marc D. Puntus and Karn Chopra);

(ii)    the Official Committee of Unsecured Creditors (the "Committee"), c/o
Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas,
New York, NY 10036 (Attn: Kenneth H. Eckstein  and Douglas H.
Mannal), and Moelis & Company, 399 Park Ave, 5th Floor, New York,
NY 10022 (Attn: Jared Dermont and Syed Hasan);

(iii)   the Ad Hoc Group of Junior Secured Noteholders (the "JSBs"), c/o White
& Case LLP, 1155 Avenue of the Americas, New York, NY 10036 (Attn:
J. Christopher Shore, and Harrison L. Denman) and Milbank, Tweed,
Hadley & McCloy, 1 Chase Manhattan Plaza, New York, NY 10005
(Attn: Gerard Uzzi); and

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Sale
Motion and the Sale Procedures Order, as applicable.

(iv)      Ally Financial Inc. ("AFI"), c/o Kirkland & Ellis LLP, 601 Lexington Ave New York, NY 10022 (Attn: Richard M. Cieri, Ray C. Schrock, and Stephen E. Hessler).

## Preliminary Due Diligence Access

Bidders executing a confidentiality agreement shall be afforded the opportunity to conduct preliminary due diligence, including receiving the offering memorandum and the ability to review loan data tapes for the FHA Loans.

The Debtors shall coordinate all reasonable requests from bidders for additional information and due diligence access.  If the Debtors determine that the due diligence materials requested by such bidder is reasonable and appropriate under the circumstances, but such material has not previously been provided to any other bidder, the Debtors shall provide such materials to all bidders.

## Due Diligence From Bidders

The Debtors and their advisors shall be entitled to due diligence from a bidder upon execution of a confidentiality agreement that is reasonably satisfactory to the Debtors. Each bidder shall comply with all reasonable requests for additional information and due diligence access by the Debtors or their advisors.  The Debtors shall promptly provide copies of any information received from a bidder to the Committee, the JSBs, and AFI (collectively the "Interested Parties").

## Bid Deadline and Bid Package

**The deadline for submitting Bid Packages (as defined below) by a bidder shall be February 6, 2013, at 5:00 p.m. (Eastern Time) (the "Bid Deadline").**

On or prior to the Bid Deadline, a bidder that desires to make a bid shall deliver to the Debtors and the Interested Parties the following (collectively, a "Bid Package"):

(i)      one written copy of its bid (a "Bid Proposal");

(ii)      a copy of such bidder's proposed MLPISA that has been marked to show amendments and modifications to the form MLPISA filed with the Court, including price and terms, with respect to which the bidder agrees to be bound (the "Marked Agreement");

(iii)      a copy of such bidder's proposed sale order that has been marked to show amendments and modifications to the Proposed Sale Order  (the "Marked Proposed Sale Order");

(iv)      evidence of corporate authority to commit to the FHA Loan Sale, including the most current audited and latest unaudited financial statements (collectively, the "Financials") of such person or entity, or, if the bidder is an entity formed for the purpose of the Sale, Financials of the

2

equity holder(s) of the entity or such other form of financial disclosure as is acceptable to the Debtors, and (b) a written commitment acceptable to the Debtors of the equity holder(s) of the entity to be responsible for the entity's obligations in connection with the Sale;

(v)     evidence that such bidder is a HUD-approved mortgagee with all licenses and regulatory approvals necessary to own and service (either itself or through a sub-servicer) the FHA Loans; and

(vi)    evidence that such bidder (either itself or through a sub-servicer) has entered into a Servicer Participation Agreement (as defined in the MLPISA) with Fannie Mae (or, if applicable another government entity), that will enable such bidder to service the FHA Loans in accordance with the guidelines for HUD and HAMP, and such agreement is in full force and effect.

## Bid Proposal Requirements

A Bid Proposal must be a written irrevocable offer, subject only to the Post-Bid Due Diligence, (i) stating that the bidder offers to consummate the Sale pursuant to the Marked Agreement, and (ii) confirming that the offer shall remain open until the selection of the Successful Bid (as defined below).

In addition to the foregoing requirements, a Bid Proposal must fully disclose the identity of each entity that will be bidding for the Purchased Assets or otherwise participating in connection with such bid, and the complete terms of any such participation.

## Review of Bids

A timely Bid Package received from a bidder that meets the requirements set forth above shall be reviewed by the Debtors, in consultation with the Interested Parties, to determine which Bid Package, if any, offers the highest and best bid for the FHA Loans.  If the Debtors, in consultation with the Interested Parties, determine that no Bid Package offers sufficient value for the FHA Loans, the Debtors reserve their right to terminate the Sale without prejudice to the Debtors' right, upon consultation with the Interested Parties, to monetize the FHA Loans in the ordinary course or to seek Court approval of a sale of the FHA Loans at a later date.

## Acceptance of Highest and Best Bid(s)

If the Debtors, in consultation with the Interested Parties, determine that a Bid Package offers sufficient value for the FHA Loans and is the highest and best bid, such bid shall be deemed the "Successful Bid" and such bidder shall be deemed the "Successful Bidder," and the Debtors shall promptly notify all bidders of such determination.  The Debtors and the Successful Bidder shall execute a trade confirmation and the Successful Bidder shall provide loan level prices within one business day of designation of the Successful Bid.

The Debtors reserve their right in their sole and absolute discretion, in consultation with the Interested Parties, to (i) reject any and all bids and to accept any bid prior

to the execution of a definitive MLPISA, and (ii) to withdraw any FHA Loan from the Sale at any time on or prior to the closing of the Sale.  The Debtors may also, in their sole discretion, exclude any FHA Loans that do not satisfy certain servicing and/or documentation criteria.

### Post-Bid Due Diligence Access

The Successful Bidder shall be afforded the opportunity to conduct further due diligence of the FHA Loans (the "Post-Bid Due Diligence") for a period of 4 weeks (the "Post-Bid Diligence Period").

The Post-Bid Diligence Period will allow the Successful Bidder the opportunity to perform due diligence, at its own expense, on 100% of the FHA Loans, provided that compliance review to HUD Guidelines will be limited to a sample size of 20% of the FHA Loans.  The Successful Bidder will be provided access to a secure web site of the origination files and compact discs with pay histories and servicing comments with respect to all of the FHA Loans.  The Debtors will use "best efforts" to clear any missing documents prior to the closing of the Sale.  Any FHA Loan for which missing document exceptions cannot be cleared will be sold on an "as-is" basis.

The Successful Bidder will be permitted to reduce the bid on individual loans as a result of the Post-Bid Diligence, but will not be permitted to cancel the Sale entirely.  No adjustments to the total bid will be permitted for any reason other than those that can be documented by the Purchaser as a result of the Post-Bid Diligence.  After the Post-Bid Diligence is complete, the Successful Bidder will distribute a revised purchase price schedule on a loan-by-loan basis to the Debtors.  The Debtors will determine, in consultation with the Interested Parties, whether any individual FHA Loan should be removed from the Sale.

For the avoidance of doubt, other than with respect to the final population and value of the FHA Loans to be sold, the MLPISA shall not materially differ from the Marked Agreement.

### Preservation of Rights

For the avoidance of doubt, all of the Interested Parties' rights are preserved to object to the Sale notwithstanding the consultation rights provided in these procedures.

### Presentation of Successful Bid at Sale Hearing

The Debtors shall present the Successful Bid to the Bankruptcy Court at the Sale Hearing.  At the Sale Hearing, certain findings shall be sought from the Bankruptcy Court, including that (i) the Successful Bidder was selected in accordance with the Sale Procedures, and (ii) consummation of the Sale as contemplated by the Successful Bid will provide the highest or otherwise best result and is in the best interests of the Seller and their estates in these chapter 11 cases.

### Modification of Sale Procedures

The Debtors, with the consent of the Interested Parties, which consent shall not be unreasonably withheld, or by order of the Court, may modify any provision in the Sale

4

Procedures, for any reason the Debtors, in their reasonable business judgment, determine will be in the best interests of their estates.

ny-1068810 v8

## <u>EXHIBIT 2</u>

**PROPOSED NOTICE OF BID DEADLINE AND SALE HEARING**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Todd M. Goren
Jennifer L. Marines
Melissa M. Crespo

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------
|                                         )
In re:                                    )      Case No. 12-12020 (MG)
                                          )
RESIDENTIAL CAPITAL, LLC, et al.,         )      Chapter 11
                                          )
                      Debtors.            )      Jointly Administered
                                          )
---------------------------------------------------------------

### NOTICE OF BID DEADLINE AND SALE HEARING
### TO SELL FHA LOANS PURSUANT TO
### MORTGAGE LOAN PURCHASE AND INTERIM SERVICING AGREEMENT

PLEASE TAKE NOTICE THAT upon the motion (the "Motion") of Residential Capital LLC ("ResCap") and its debtor subsidiaries, as debtors in possession (collectively, the "Debtors"), dated January 2, 2013, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") has issued an order dated [      , 2013 (the "Sale Procedures Order"), among other things, (i) authorizing and approving certain procedures for the submission and acceptance of competing bids (the "Sale Procedures"); (ii) scheduling a bid deadline and sale hearing (the "Sale Hearing") to approve the sale by certain of the Debtors of the FHA Loans (as such term is defined in the Mortgage Loan Purchase and Interim Servicing Agreement (the "MLPISA")) free and clear of all liens, claims, encumbrances, and other interests (the "Sale"); and (v) granting related relief.

A.    BID DEADLINE

**PLEASE TAKE FURTHER NOTICE** that the evaluation of bids and sale of the FHA Loans by the Debtors will occur in accordance with procedures established by the Sale Procedures Order, entered on [       ], attached hereto as Exhibit 1.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Sale Procedures Order, any party wishing to submit a bid for the FHA Loans must do so in accordance with the Sale Procedures Order, such that it is actually **received not later than February 6, 2013, at 5:00 p.m. (ET)** by the parties identified in the Sale Procedures Order.

B.    SALE HEARING

**PLEASE TAKE FURTHER NOTICE** that the Sale Hearing will be held before the Honorable Martin Glenn, United States Bankruptcy Judge, in Courtroom 501 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004-1408, on **April 11, 2013, at 10:00 a.m. (ET)**.  The Sale Hearing may be adjourned without notice by an announcement of the adjourned date at the Sale Hearing.

C.    SALE FREE AND CLEAR

**PLEASE TAKE FURTHER NOTICE** that the order approving the Sale will provide that the FHA Loans shall be transferred to the Purchaser (as defined in the MLPISA), and such transfer shall be free and clear of all claims, liabilities, interests, liens, obligations, and encumbrances of any person or entity , and any and all rights and claims under any bulk transfer statutes and similar laws, whether arising by agreement, by statute or otherwise and whether occurring or arising before, on or after the date on which the chapter 11 cases were commenced, whether known, unknown, contingent or unliquidated, arising prior to the Closing Date (as defined in the MLPISA).  Any person or entity holding any such claims, liabilities, interests, liens, obligations, or encumbrances shall be enjoined and forever barred from asserting such claims, liabilities, interests, liens, obligations, or encumbrances against the Purchaser of any of its affiliates, as more particularly described and provided for in the proposed order approving the Sale.

D.    OBJECTIONS

**PLEASE TAKE FURTHER NOTICE THAT RESPONSES OR OBJECTIONS, IF ANY, TO THE RELIEF SOUGHT IN THE MOTION SHALL BE FILED** with the Clerk of the Bankruptcy Court and served upon: (i) the Debtors, c/o Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attn: Gary S. Lee and Todd M. Goren) and Centerview Partners, 31 West 52nd Street, New York, NY 10019 (Attn: Marc Puntus and Karn Chopra); (ii) the Committee, c/o Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, N Y 10036 (Attn: Kenneth H. Eckstein  and Douglas H. Mannal, and Moelis & Company, 399 Park Ave, 5th Floor, New York, NY 10022 (Attn: Jared Dermont and Syed Hasan); (iii) the JSBs, c/o White & Case LLP, 1155 Avenue of the Americas, New York, NY 10036 (Attn: J. Christopher Shore, and Harrison L. Denman) and Milbank, Tweed, Hadley & McCloy, 1 Chase Manhattan Plaza, New York, NY 10005 (Attn: Gerard Uzzi); and (iv) AFI, c/o Kirkland & Ellis LLP, 601 Lexington Ave New York, NY 10022 (Attn: Richard M. Cieri, Ray C. Schrock, and Stephen E. Hessler); (v) the Office of the United States Trustee for the Southern District of New York (Attn:  Brian Masumoto), 33 Whitehall Street, 21st Floor, New

2

York, New York 10004, **SO AS TO BE RECEIVED NO LATER THAN April 4, 2013 AT 5:00 p.m. (ET) (the "<u>Objection Deadline</u>").**

**PLEASE TAKE FURTHER NOTICE** that the failure of any person or entity to file a response or objection on or before the Objection Deadline shall be deemed a consent to the Sale and the other relief requested in the Motion, and shall bar the assertion, at the Sale Hearing or thereafter, of any objection to the Sale Procedures, the Motion, the Sale, the approval of related agreements, and the Debtors' consummation of the Sale.

E.    COPIES OF THE MOTION AND RELATED SALE DOCUMENTS

**PLEASE TAKE FURTHER NOTICE** that this Notice provides only a partial summary of the relief sought in the Motion, the terms of the Sale Procedures Order, and the Sale Approval Order.  Copies of such documents are available for inspection (i) by accessing (a) the website of the Bankruptcy Court at http://www.nysb.uscourts.gov, or (b) the website of the Debtors' claims and noticing agent, Kurtzman Carson Consultants, at www.kccllc.net/rescap or (ii) by visiting the Office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court, Southern District of New York, One Bowling Green, New York, NY 10004-1408.  Copies also may be obtained by faxing a written request to the attorneys for the Debtors, Morrison & Foerster LLP (Attn:  Gary S. Lee, Esq. and Todd M. Goren at (212) 468-7900).  The terms of such documents shall control in the event of any conflict with this Notice.

Dated:    [        ], 2013
          New York, New York

                                    DRAFT_____
                                    Gary S. Lee
                                    Todd M. Goren
                                    Jennifer L. Marines
                                    Melissa M. Crespo

                                    MORRISON & FOERSTER LLP
                                    1290 Avenue of the Americas
                                    New York, New York 10104
                                    Telephone: (212) 468-8000
                                    Facsimile: (212) 468-7900

                                    *Counsel for the Debtors and*
                                    *Debtors in Possession*

3