Schiller & Knapp, LLP
950 New Loudon Road
Latham, New York 12110
ws 3360

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | **MEMORANDUM OF LAW** |
| **ditech, LLC,** | Case No. 12—12020-mg<br>Chapter 11 |
| Debtors | HON. MARTIN GLENN |

**FACTS**

This Chapter 11 Bankruptcy case is before the Court on motion of First Niagara Bank, N.A. successor by merger to New Alliance Bank (hereinafter "FNB") a secured creditor, for relief from the automatic stay.

On June 30, 2005, Joseph DeSisto and Feilomena DeSisto borrowed $199,900.00 from New Alliance Bank. The indebtedness was evidenced by a note, which was secured by a mortgage on the real property commonly known as 234 Milton Avenue, West Haven, CT 06516. FNB is successor by merger to New Alliance Bank.

A subordinate mortgage is held by GMAC Mortgage Corporation d/b/a ditech.com (hereinafter "Debtor")

Debtor filed a petition for relief under Chapter 11 of the United States Bankruptcy Code in this Court on May 14,2012.

According to the affidavit of Richard Panaro, a bankruptcy specialist with FNB, the borrowers are in default under the terms of the note and mortgage held FNB. In

order to proceed with a foreclosure action, FNB must name all subordinate lien holders, including the Debtor, it its foreclosure action. By reason of the bankruptcy filing by the Debtor, FNB is stayed from proceeding with its foreclosure action against the borrowers.

## POINT I

Bankruptcy Code Section 362(d) provides that:

"On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay -

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

(2) with respect to a stay of an act against property under subsection (a) of this section, if-

(A) The debtor does not have any equity in such property; and

(B) Such property is not necessary to an effective reorganization; or  .. ."

The debtor's failure to make regular mortgage payments as they become due constitutes "cause" to lift the automatic stay. *In re Taylor,* 151 B.R. 646 (E.D.N.Y. 1993); *In re Davis*, 64 B.R. 358 (Bankr.S.D.N.Y.1986), holding that a debtor's failure to make mortgage payments after confirmation of the Chapter 13 Plan is sufficient grounds for lifting the stay without any further inquiry into adequate protection.

In this case, the Borrowers have failed to make the payment to FNB and Debtor holds a subordinate mortgage and must be named in the foreclosure action  thereby

constituting "cause" to lift the automatic stay.

DATED: December 27, 2012

        Yours, etc.

        SCHILLER & KNAPP, LLP

    By: /s/ *William B Schiller*
        William B. Schiller, Esq. (ws 3360)
        Attorneys for First Niagara Bank, N.A.
        950 New Loudon Road, Suite 300
        Latham, New York  12110
        (518) 786-9069