**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**AMENDED ORDER UNDER BANKRUPTCY CODE SECTIONS 105(a), 363, 503(b)(1),
507(a)(2), 1107(a) AND 1108 AND BANKRUPTCY RULE 9019 TO THE FINAL WAGES
ORDER (I) AUTHORIZING AND DIRECTING THE DEBTORS TO REIMBURSE
ALLY FINANCIAL INC. FOR PAYMENTS MADE TO THE DEBTORS' EMPLOYEES
ON ACCOUNT OF DEFERRED CASH ISSUED ON OR AFTER THE PETITION DATE;
(II) GRANTING ALLY FINANCIAL INC. AN ADMINISTRATIVE EXPENSE CLAIM
ON ACCOUNT OF SUCH PAYMENTS; (III) GRANTING ALLY FINANCIAL INC. A
LIMITED RELEASE; AND (IV) AUTHORIZING THE DEBTORS TO ESTABLISH
AND FUND AN ESCROW ACCOUNT FOR THE BENEFIT OF ALLY FINANCIAL INC.
ON ACCOUNT OF SUCH ADMINISTRATIVE EXPENSE CLAIMS, INCLUDING
<u>ADDITIONAL AMOUNTS TO THE ESCROW ACCOUNT AS NECESSARY</u>**

Upon the motion (the "**Motion**")[1] of Residential Capital, LLC, and certain of its

affiliates, as debtors and debtors in possession (collectively, the "**Debtors**") for entry of interim

and final orders under Bankruptcy Code sections 105(a), 363(b), 503(b)(1), 507(a)(2), 1107 and

1108 and Bankruptcy Rule 9019 (i) authorizing and directing the Debtors to reimburse Ally

Financial Inc. ("**AFI**") for payments made to the Debtors' employees on account of deferred

cash issued as part of such employees' compensation on or after the Petition Date; (ii) granting

AFI an administrative expense claim related to such Reimbursement Claims; (iii) granting AFI

and its subsidiaries and affiliates a limited release from any and all claims (as defined by section

101(5) of title 11 of the United States Code) related to (a) the employment by AFI of the

---

[1]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.
Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases or the
relief granted herein may refer to http://www.kccllc.net/rescap for additional information.

Qualifying Debtor Employees or (b) payments owed on account of such employment by AFI or

the Debtors; and (iv) approving the establishment and funding of an escrow account to pay such

Reimbursement Claims, including the funding of additional amounts to the escrow account as

necessary [Docket No. 2049]; and upon the Janiczek Declarations [Docket Nos. 2049 & 2450];

and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§

157 and 1334; and it appearing that venue of these Chapter 11 cases and the Motion in this

district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this proceeding

on the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and sufficient notice of the

Motion having been given; and it appearing that no other or further notice need be provided; and

upon the record of the Hearing; and it appearing that the relief requested by the Motion is in the

best interests of the Debtors' estates, their creditors, and other parties in interest; and after due

deliberation thereon; and sufficient cause appearing therefore, it is hereby

### ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      Nothing herein shall be deemed to authorize the payment of any amounts

or the incurrence of any obligation that would violate section 503(c) of the Bankruptcy Code.

3.      Except as otherwise provided herein, the Debtors are authorized and

directed to reimburse AFI for payments made to the Debtors' employees on account of deferred

cash issued as part of such employees' compensation on or after the Petition Date without further

order of this Court.

4.      AFI shall remit the payments to the Debtors' employees set forth on

Schedule 1 to the Term Sheet as and when such payments become due.

5.      AFI is granted administrative expense claims pursuant to section 503(b) of the Bankruptcy Code for the Reimbursement Claims.

6.      On and as of the entry of this Order (the "**Effective Date**"), for the good and valuable consideration provided by AFI, and each of its shareholders, subsidiaries (exclusive of the Debtors), affiliates, business units, predecessors and successors, joint ventures, employee benefit plans, members, officers, directors, agents, financial advisors, attorneys, employees, partners, affiliates, representatives, and assigns of each of the foregoing (collectively, the "**Released Parties**") (provided that under no circumstances shall any of the Debtors constitute Released Parties), including the payment of all prepetition issued compensation to the Employees and remitting initial payments to Employees on account of postpetition issued Salary Stock, each of the Debtors shall provide a full discharge and release to the Released Parties and their respective properties from any and all Claims (as defined in section 101(5) of the Bankruptcy Code), causes of action, demands, suits, liabilities, damages, controversies, judgments, remedies, rights of set-off, indemnity claims, counterclaims, and cross-claims (including those of the Debtors, and/or the bankruptcy estate of any Debtor created pursuant to sections 301 and 541 of the Bankruptcy Code in these chapter 11 cases), whether known or unknown, liquidated or unliquidated, fixed or contingent, whether for tort or fraud, whether held in a personal or representative capacity, that are or may be pending on the Effective Date or instituted after the Effective Date against any entity, based in law or equity, including under the Bankruptcy Code, whether direct, indirect, derivative, or otherwise and whether asserted or unasserted as of the date of entry of this Order, arising from the employment by AFI of any of the Qualifying Debtor Employees, past or present, or arising from payments owed to Qualifying Debtor Employees on account of employment by AFI, ResCap and any of its subsidiaries and

affiliates, or the Debtors, including those that any of the Debtors would have been legally

entitled to assert against a Released Party in their own right (whether individually or collectively)

or that any holder of a Claim or Equity Security (as defined in section 101(16) of the Bankruptcy

Code)) of a Debtor, or other entity would have been legally entitled to assert on behalf of any of

the Debtors or any of their estates, to the fullest extent of the law; provided, however, for the

purposes of clarity and for the avoidance of any doubt, this Debtor Release shall not release,

waive or provide a defense against (i) any rights that a Qualifying Debtor Employee may have

under Article VIII of the Ally Financial Inc. Articles of Incorporation, dated as of March 25,

2011; (ii) any claims or causes of action that are within the scope of the investigation of the

Examiner appointed by the Bankruptcy Court pursuant to the *Order Approving the Appointment

of Arthur J. Gonzalez, Esq. as Examiner* (ECF No. 674), the scope of which investigation is set

forth in the *Order Approving Scope of Investigation of Arthur J. Gonzalez, Examiner* (ECF No.

925); and/or (iii) any other claims or causes of action that have been asserted, or could be

asserted, directly by any person or entity other than the Debtors against any of the Released

Parties and which claims or causes of action are not property of the Debtors' estates, except for

such claims or causes of action that have otherwise separately been released by express

agreement of such person or entity other than the Debtors.

7.      Within three days of the entry of this Order, the Debtors are directed to

establish and fund an escrow account for the benefit of AFI to pay the Reimbursement Claims

without further order of this Court, and payments to AFI from the escrow account shall be made

upon the earlier (a) the effective date of the Debtors' chapter 11 plan, or (b) the remittance of the

deferred cash to the employee.

8.     The Debtors are authorized to fund additional amounts to the escrow account as necessary to pay Reimbursement Claims incurred on or after January 1, 2013 without further order of this Court; provided, however, that, the Debtors shall provide the Committee and the Office of the United States Trustee with notice prior to funding any additional amounts pursuant to this Order.

9.     In the event that the Debtors' employees are required to receive deferred cash going forward, then the Debtors are authorized to further supplement the Escrow Account with the amounts necessary to reimburse AFI for such additional amounts.

10.    AFI and its successors and assigns shall not have a reimbursement, contribution or similar type of claim against any of the Debtors arising from payments made to the Qualifying Debtor Employees on account of Salary Stock (short-term or long-term DSUs), RSUs, IRSUs, AIP cash, AIP outstanding cash, BCP outstanding cash and BCIP long-term DSUs, or other compensation for the Qualified Debtor Employees that was both issued and granted before the Petition Date.

11.    Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012, by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

12.     The requirements set forth in Bankruptcy Rule 6004(a) are satisfied.

13.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this

Order shall be effective and enforceable immediately upon entry hereof.

14.     The Debtors are authorized and empowered to take all actions necessary to

implement the relief granted in this Order in accordance with the Motion, including, without

limitation, executing and delivering an escrow agreement with U.S. Bank National Association,

as escrow agent, containing customary terms and conditions, including, among other things, the

agreement of the Debtors to indemnify the escrow agent thereunder, for any and all loss, liability

or expense (including the fees and expenses of outside counsel and experts) arising out of or in

connection with the escrow agreement on the terms set forth therein.

15.     This Court shall retain jurisdiction with respect to all matters relating to

the interpretation or implementation of this Order.

Dated:      New York, New York
            December 28, 2012


            _____/s/Martin Glenn_____
                  MARTIN GLENN
            United States Bankruptcy Judge