**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 365(a), AND 554(a) AND**
**FED. R. BANKR. P. 6006 AND 9014 AND LOCAL BANKRUPTCY**
**RULE 6006-1 APPROVING PROCEDURES REGARDING THE FUTURE**
**REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Upon the motion (the "Motion") of the Debtors[1] for entry of an order (the "Order"), pursuant to sections 105(a), 365(a), and 554(a) of title 11 of the United States Code, as amended (the "Bankruptcy Code") and rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving the procedures for the future rejection of executory contracts and unexpired leases, including any amendments, modifications, guaranties, supplements, restatements, or other agreements related thereto, whether made directly or indirectly by any agreement, instrument or other document that affects such executory contract or unexpired lease, and without regard to whether such agreement, instrument or other document is identified in the Rejection Notice (the "Rejected Contracts"), including the abandonment of personal property pursuant to section 554(a) of the Bankruptcy Code, to the extent that the Debtors, in the exercise of their business judgment, determine that such rejection (and to the extent applicable, abandonment) is in the best interest of the Debtors' estates, all as more fully

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

described in the Motion; and the Court having jurisdiction to consider the Motion and grant the requested relief in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Motion and the Declaration of Erik Ferguson, Senior Vice President of Business Excellence at GMAC Mortgage, LLC in support of the Motion; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and the legal and factual bases set forth in the Motion establish just and sufficient cause to grant the requested relief herein; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND, DETERMINED, AND ORDERED THAT:

1. The Motion is GRANTED.

2. The following procedures (the "Rejection Procedures") for the Debtors' rejection of executory contracts and unexpired leases pursuant to section 365(a) of the Bankruptcy Code are hereby authorized and approved and established in the Debtors' chapter 11 cases:

(a) The Debtors shall file with this Court a notice (the "Rejection Notice") setting forth the proposed rejection of one or more executory contracts and unexpired leases,[2] and shall serve the Rejection Notice via overnight mail delivery service, fax, or email on (i) the non-Debtor party (and its counsel, if known) under the contract or lease at the last-known address available; (ii) the Office of the United States Trustee, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attn: Brian S. Masumoto, Esq.); (iii) counsel to the Creditors' Committee, Kramer Levin Naftalis &

---

[2] Consistent with Bankruptcy Rule 6006(f), however, no more than 100 executory contracts and unexpired leases will be contained on any one Rejection Notice.

2

Frankel LLP, 1177 Avenue of the Americas New York, NY 10036, (Attn: Kenneth H. Eckstein and Douglas H. Mannal); and (iv) counsel to Ally Financial, Inc., Kirkland & Ellis, 601 Lexington Avenue, New York, New York 10022 (Attn: Ray C. Schrock, Stephen E. Hessler, and Craig A. Bruens).  To the extent reasonably practicable, the Debtors shall consult with counsel to the Creditors' Committee prior to filing the Rejection Notice and provide: (i) such information required to be disclosed in the Rejection Notice; and (ii) any additional information reasonably requested by the Creditors' Committee.

(b) The Rejection Notice shall be substantially in the form of Exhibit 1 annexed hereto and shall be accompanied by a copy of the Order granting this Motion. With respect to contracts and leases to be rejected, the Rejection Notice shall set forth the following information, to the best of the Debtors' knowledge: (i) the name and address of the contract or lease counterparty, (ii) a brief description of the contract or lease to be rejected (including, with respect to leases, the street address of the real property that is the subject of the lease); (iii) the proposed effective date for the rejection of such contract or lease (which shall not be a date prior to the date of service of the Rejection Notice); (iv) the deadlines and procedures for filing objections to the Rejection Notice, which must state that, although no party is required to object to the proposed relief, if no objection is timely filed and served, the Court may grant the proposed relief; and (v) notice of the bar date for claims arising from the rejection of such contract or lease if the motion to reject is granted with respect to such contract or lease.

(c) Should a party in interest object to the Debtors' proposed rejection of a contract or lease, such party must file and serve a written objection so that such objection is filed with this Court and actually received by the following parties not less than fourteen (14) days after the date the Rejection Notice is filed: (i) Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York 10104 (Attn: Lorenzo Marinuzzi, Samantha Martin, and Melissa Crespo); (ii) the Office of the United States Trustee, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attn: Brian S. Masumoto, Esq.); (iii) counsel to the Creditors' Committee, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas New York, NY 10036, (Attn: Kenneth H. Eckstein and Douglas H. Mannal); and (iv) counsel to Ally Financial, Inc., Kirkland & Ellis, 601 Lexington Avenue, New York, New York 10022 (Attn: Ray C. Schrock, Stephen E. Hessler, and Craig A. Bruens) (the "Objection Notice Parties").

(d) If no objection to a Rejection Notice is timely filed and served, the applicable contract or lease shall be deemed rejected on the effective date set forth in the Rejection Notice, or, if no such date is set forth, the date the Rejection Notice is filed with the Court; *provided*, however, that the effective date of the rejection of a contract or lease shall not occur until the later of: (i) the date the Debtors file and serve a Rejection Notice; (ii) the date the Debtors surrender the premises under a lease for non-residential real property, if applicable, by notifying the affected landlord in writing of the Debtors' surrender of the premises and turning over the keys, key codes and security codes, if any, to the affected landlord, and (iii) the Collection Deadline (defined below), if applicable, expires (the "Rejection Date").

(e)     If a timely objection to a Rejection Notice is filed and received in accordance with the Rejection Procedures, and not withdrawn or otherwise resolved, the Debtors shall schedule a hearing on such objection and provide at least seven (7) calendar days' notice of such hearing to the objecting party and the Objection Notice Parties. If the Court ultimately upholds the Debtors' determination to reject the applicable contract or lease, then the contract or lease shall be deemed rejected (i) as of the Rejection Date, or (ii) as otherwise determined by the Court as set forth in any order overruling such objection.

(f)     Claims arising out of Rejected Contracts must be filed with Kurtzman Carson Consultants,[3] the Court-approved claims processing agent, on or before the later of (i) the deadline for filing proofs of claim established by the Court in the Debtors' cases, or (ii) forty-five (45) days after the Rejection Date.[4]  If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for rejection damages and from participating in any distributions that may be made in connection with these Chapter 11 cases.

(g)     If any of the Debtors has deposited funds with the counterparty to a Rejected Contract as a security deposit or other arrangement, such counterparty may not set off or otherwise use such deposit without the prior authority of the Court or agreement between the counterparty and the Debtors.

3.    The Rejection Procedures shall not apply to (i) Servicing Agreements[5] relating to securitizations for which any of the Respondents[6] serve as master servicer or

---

[3] Claims should be sent to the following address:

  ResCap Claims Processing Center, c/o KCC
  2335 Alaska Ave.
  El Segundo, CA 90245

[4] The Debtors reserve all of their rights to object to the claims on any basis.

[5] "Servicing Agreements" are defined herein to mean any and all contracts pursuant to which a Debtor provides servicing, including primary servicing or master servicing, subservicing, and related activities (including duties as a REMIC administration).

4

trustee, and (ii) Custodial Agreements[7] for which any of the Respondents serve as custodian, each subject to the Debtors' right to seek similar relief by separate motion.

4. Prior to and through the Rejection Date, the Debtors are authorized to remove, in their sole discretion, from premises that are the subject of any rejected lease, consistent with the Debtors' ownership rights or other property interests therein, personal property that the Debtors have installed in or about the leased premises (such as equipment, fixtures, furniture, advertising displays and other personal property), which property is either owned by the Debtors, leased by the Debtors from third parties, or subject to any equipment financing agreements with third parties.[8]

5. Moreover, to the extent that the Debtors determine that any interest of the Debtors in such property has little or no value or that the preservation thereof will be burdensome to their estates compared with the expense of removing and storing such property, the Debtors are authorized to abandon, in their sole discretion, such property remaining at a premises subject to a rejected lease as of the Rejection Date.

---

[6] The "Respondents" are the parties that filed each of the following responses to the Motion: (1) *The Objection of the RMBS Trustees to the Debtors' Motion for Order Under 11 U.S.C §§ 105(a), 365(a), and 554(a), Fed. R. Bankr. P. 6006 and 9014, and Local Bankruptcy Rule 6006-1 Approving Procedures Regarding the Future Rejection of Executory Contracts and Unexpired Leases* [Docket No. 2412] (the "RMBS Trustees' Objection"); (2) the *Limited Joinder of Wells Fargo Bank, N.A., as Custodian for Residential Mortgage Backed Securities Trusts, to Objection of the RMBS Trustees to Debtors' Motion for Order Under 11 U.S.C § § 105(a), 365(a), and 554(a), Fed. R. Bankr. P. 6006 and 9014, and Local Bankruptcy Rule 6006-1 Approving Procedures Regarding the Future Rejection of Executory Contracts and Unexpired Leases* [Docket No. 2413] (the "Wells Fargo Joinder"); and (3) the *Joinder of U.S. Bank National Association, the Bank of New York Mellon, the Bank of New York Mellon Trust Company, N.A. and Wells Fargo Bank, N.A. as Matter Services for Residential Mortgage Backed Securities Trusts to Objection of the RMBS Trustees to Debtors' Motion for Order Under 11 U.S.C §§ 105(a), 365(a), and 554, Fed. R. Bankr. P. 6006 and 9014, and Local Bankruptcy Rule 6006-1 Approving Procedures Regarding the Future Rejection of Executory Contracts and Unexpired Leases* [Docket No. 2414] (the "Master Servicers' Joinder" and collectively with the RMBS Trustees' Objection and the Wells Fargo Joinder, the "Responses.").

[7] "Custodial Agreements" include agreements where the Respondents act as custodian for the purpose of receiving and holding certain documents and other instruments relating to residential mortgage loans delivered by the Debtors, in their capacity as servicer, master servicer, or owner with respect to such loans.

[8] The Debtors will not remove any property that is owned by the applicable landlord.

6. No personal property subject to a true lease shall be abandoned without first rejecting the underlying lease for such property. If the Debtors propose to abandon personal property that is (i) subject to a true lease, and (ii) located at a premises that is the subject of a Rejection Notice, such Rejection Notice shall indicate the same, and the automatic stay shall be deemed modified to permit the respective personal property lessor to retrieve such abandoned property within seven (7) days of the date the Rejection Notice is filed (the "Collection Deadline"). Any such Rejection Notice shall be served on the personal property lessor at the same time it is served on all Rejection Notice Parties. Any property located on the premises of a contract or lease that is rejected in accordance with the terms hereof, including property that is not retrieved by the Collection Deadline, shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code without further order of this Court as of the Rejection Date free and clear of any interests of any other party and any landlord or other designee shall be authorized to dispose of such abandoned property without liability to any third party claiming an interest in such abandoned property.

7. Notwithstanding anything in this Order to the contrary, nothing in this Order shall affect or alter the provisions of the *Stipulation and Order Reserving Rights with Respect to Debtors' Motion for Interim and Final Orders under Bankruptcy Code Section 105(a) and 363 Authorizing the Debtors to Continue to Perform under the Ally Bank Servicing Agreement in the Ordinary Course of Business* [Docket No. 1420].

8. The Debtors are hereby authorized to execute and deliver all instruments and documents, and take all other actions, as may be necessary or appropriate to implement and effectuate the relief granted in this Order.

9. Entry of this Order is without prejudice to the rights of the Debtors, including, but not limited to, the right to seek further, other, or different relief regarding executory contracts and unexpired leases pursuant to, among other things, section 365 of the Bankruptcy Code. Notwithstanding the relief granted herein and any actions taken hereunder, nothing in the Motion or this Order shall constitute, nor is it intended to constitute: (i) an admission as to the validity or priority of any claim against the Debtors; (ii) a waiver of the Debtors' rights to dispute any claim; or (iii) an assumption or adoption of any contract or lease pursuant to section 365 of the Bankruptcy Code.

10. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: New York, New York
January 3, 2013

_____/s/Martin Glenn_____
MARTIN GLENN
United States Bankruptcy Judge