**MORRISON & FOERSTER LLP**

1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900

Gary S. Lee
Lorenzo Marinuzzi
Todd M. Goren
Alexandra Steinberg Barrage
Jennifer L. Marines

*Counsel for the Debtors and
Debtors in Possession*

**CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP**

101 Park Avenue
New York, New York  10178-0061
Telephone:    (212) 696-6000
Facsimile:    (212) 697-1559

Steven J. Reisman
Theresa A. Foudy
Maryann Gallagher

*Conflicts Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------------------ | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| ------------------------------------------------------------ | ) | |

**DEBTORS' OMNIBUS REPLY TO OBJECTIONS TO THE (A) ASSUMPTION AND
ASSIGNMENT OF CERTAIN AGREEMENTS AND (B) RELATED CURE AMOUNTS**

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

        The debtors and debtors in possession in the above-captioned cases (collectively,

the "Debtors"),[1] hereby submit this omnibus reply (the "Reply") to certain pending objections,

described below, relating to the Debtors' scheduled cure amounts proposed in connection with

the Debtors' assumption and assignment of certain agreements pursuant to the Debtors' Sale

Motion and Assumption and Assignment Notices (as such terms are defined below), and seek the

entry of an order, substantially in the form annexed hereto as Exhibit 1, (i) overruling the Cure

Objections (defined below) addressed herein and (ii) fixing the cure amounts related to such

Cure Objections as set forth by the Debtors on the Assumption and Assignment Notices.   In

support of this Reply, the Debtors respectfully state as follows:

## PRELIMINARY STATEMENT

        1.      Since the Court's approval of the sale of the Debtors' loan origination and

servicing platform (the "Platform Sale") to Ocwen Loan Servicing, LLC ("Ocwen") and sale of

their whole loan portfolio (the "Whole Loan Sale") to Berkshire Hathaway Inc. ("BH" and

together with Ocwen, the "Purchasers"), which will result in approximately $4.5 billion of value

for the Debtors' estates, the Debtors have been working diligently with their contract

counterparties to resolve the outstanding cure disputes raised in connection with the assumption

and assignment to the Purchasers of those certain servicing related agreements as part of the

Platform Sale and Whole Loan Sale.   In many instances, the Debtors, with the help of the

Creditors' Committee (defined below), have been able to resolve these cure disputes through the

reconciliation of invoices with the contract counterparties, or through some other mutual

---

[1]     The names of the Debtors in these cases and their respective tax identification numbers are identified on
Exhibit 1 to the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support
of Chapter 11 Petitions and First Day Motions [Docket No. 6].

agreement to settle the claims. Through this process, four of the twenty-six outstanding cure objections have been withdrawn, settled, or otherwise resolved, and an additional four have been settled in principle, subject to final documentation and execution of a settlement agreement. Attached hereto as Exhibit 2 is a chart listing the outstanding cure objections and the status of each matter.

2.      The Debtors are continuing to work with contract counterparties to resolve the remaining cure disputes and have already engaged in substantial document exchange and discussions concerning the appropriate cure amounts. However, the Debtors have been unable to resolve four of the remaining eighteen the cure objections that are addressed herein, and ask that the Court overrule such Cure Objections because either (i) the objecting party has not met its burden in providing the Debtors with supporting documentation to substantiate its cure claims, or (ii) the Cure Objection does not relate to cure claims but instead seeks comfort that reimbursement of servicing advances will be made pursuant to applicable SBO Servicing Agreements (defined below). For these reasons, the Debtors believe the appropriate cure amount for the assumption and assignment of the agreements related to the Cure Objections is $0.00, and the Cure Objections should be overruled.

3.      In particular, the Debtors object to the Cure Objection of Everbank (defined below) because the Debtors' books and records do not reflect any amounts owing on account of their Servicing Agreements (defined below) with Everbank. Despite the Debtors' good faith efforts and repeated requests to Everbank for documentation to articulate and/or substantiate its asserted cure claims, Everbank has not provided any information that would either substantiate its own cure amount assertion or challenge the Debtors' books and records.

2

As such, the Debtors believe that their scheduled cure amount for the Everbank Servicing Agreements of $0.00 is correct and ask that such claim be fixed at that amount.

4.    Second, the Debtors believe that the SBO Servicers (defined below) who asserted Cure Objections did so on account of servicing advances they will receive through the ordinary course of business pursuant to the terms of their SBO Servicing Agreements. The Debtors believe the SBO Servicers understand that they are not asserting cure claims, and the Debtors' books and records confirm that there are no outstanding amounts owed to these parties. To the extent the SBO Servicers seek guidance regarding how and from whom to seek reimbursement of their claims for advances, the Debtors have provided such guidance through the Sale Orders and further through this Reply. The Debtors are also currently working with the SBO Servicers on a stipulation clarifying any remaining concerns. Nonetheless, in the event the parties are unable to reach agreement on a stipulation, the Debtors respectfully submit that assigning $0.00 as the cure amount for such SBO Servicing Agreements is appropriate and any remaining objections should be overruled.

5.    For the reasons stated herein, the Debtors respectfully request that this Court overrule the Cure Objections, find that the Debtors' scheduled cure amounts for such contracts are appropriate, and grant the Debtors such other relief the Court deems just and proper.

## JURISDICTION

6.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

ny-1071429

## BACKGROUND

7.      On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court for relief under Chapter 11 of the Bankruptcy Code. The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. These cases are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). No trustee has been appointed in these Chapter 11 cases.

8.      On the Petition Date, the Debtors filed their *Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), and (m), 365 and 1123, and Fed R. Bankr. P. 2002, 6004, 6006, and 9014 for Orders: (I)(A) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expenses Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Asset Purchase Agreements Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief* [Docket No. 61] (the "Sale Motion").

9.      On May 16, 2012, the United States Trustee for the Southern District of New York appointed a nine-member official committee of unsecured creditors (the "Creditors' Committee").

10.     On June 20, 2012, the Court directed that an examiner be appointed, and on July 3, 2012, the Court approved Arthur J. Gonzalez as the examiner [Docket Nos. 454, 674].

11.     On June 28, 2012, the Court approved the Debtors' proposed sale procedures, including procedures by which the Debtors would assume and assign certain contracts and fix cure amounts related thereto [Docket No. 538] (the "Sales Procedure Order").

12.     On July 26, 2012, the Debtors filed their *Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto* [Docket No. 924], which was amended and restated on September 18, 2012 [Docket No. 1484] (the "Initial Assumption and Assignment Notice").   In the Initial Assumption and Assignment Notice, the Debtors stated their intent to assume and assign certain servicing agreements including those that had either loan servicers or loan owners as counterparties thereto (each a "Servicing Agreement"), and designated cure amounts to such contracts.  The Initial Assumption and Assignment Notice imposed on objecting parties the burden to offer specific documentation to evidence their respective cure claim:

> **[a]ny Contract Objection that challenges a Cure Amount, or otherwise asserts that there exist outstanding defaults under an Assumed Contract, must set forth with specificity the Cure Amount being claimed by the objecting party or the nature of the asserted default, as applicable, and must include appropriate documentation in support thereof satisfactory to the Debtors and Nationstar or BH, as applicable.**   If no objection to the Cure Amount or the proposed assumption and assignment of an Assumed Contract is timely filed and served, the pertinent Debtor may assume and assign the Assumed Contract to Nationstar or BH (or, alternatively, to the Successful Bidder for the applicable Purchased Assets), and the Cure Amount set forth in the Assumption and Assignment Notice shall be binding upon all non-debtor parties to the Assumed Contracts, . . .

Initial Assumption and Assignment Notice at ¶ 11 (emphasis added).

13.     On September 28, 2012, PNC Mortgage ("PNC"), a division of PNC Bank, NA and counterparty to certain SBO Servicing Agreements with the Debtors, filed the *Limited Objection and Reservation of Rights of PNC Mortgage, a Division of PNC Bank, NA to Notice of (I) Debtors' Intent to Assume and Assign Executory Contracts, Unexpired Leases of Personal Property, and (II) Cure Amounts Related Thereto* [Docket No. 1635] (the "PNC Objection").   In the PNC Objection, PNC objected to the $0.00 cure amount the Debtors

5

scheduled for its servicing contracts, asserting that PNC's own records indicate that the appropriate cure amount, in the aggregate, is at least $2,049,647.23.

## Everbank Cure Objection

14.    On September 28, 2012, Everbank, an owner of loans which GMAC Mortgage, LLC, one of the Debtors, services and a counterparty to Servicing Agreements providing the terms of such relationship, filed *Everbank's Limited Objection to First Amended and Restated Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto* [Docket No. 1656] (the "Everbank Objection").  In the Everbank Objection, Everbank objected to the $0.00 cure amount the Debtors scheduled for its contract, and asserted that Everbank's own records indicate that the Debtors owe Everbank $214,740.61 for claims relating to two Servicing Agreements.

## SBO Cure Objections

15.    On November 5, 2012, the Debtors subsequently filed first and second notices stating their intent to assume and assign certain third-party servicing agreements (the "SBO Servicing Agreements") with SBO (or "serviced by others") Servicers,[2] which (i) scheduled for assumption and assignment certain executory contracts relating to servicing and subservicing agreements between the Debtors and servicers, and (ii) designated cure amounts to such contracts [Docket Nos. 2076, 2077] (the "SBO Assumption and Assignment Notices" and,

---

[2]    SBO Servicers own the primary servicing rights, and perform the primary servicing, for loans either owned or master serviced by the Debtors.  Particularly, SBO Servicers are responsible for collecting principal and interest payments from borrowers on the loans serviced, and then remit those payments to the Debtors. Pursuant to the SBO Servicing Agreements, the Debtors have an obligation to reimburse these advances under certain circumstances, including upon the foreclosure and liquidation of the properties subject to such loans.

6

together with the Initial Assumption and Assignment Notice, the "Assumption and Assignment Notices").

16.    On November 16, 2012, Branch Banking and Trust Company ("BBTC"), counterparty to a certain SBO Servicing Agreement with the Debtors, filed an *Objection of Branch Banking and Trust Company to Cure Amount* [Docket No. 2205] (the "BBTC Objection"). In the BBTC Objection, BBTC objected to the scheduled $0.00 cure amount in connection with the assumption of such contracts and claimed that the Debtors owed BBTC a cure in the amount of $16,601,782.24 relating to prepetition and post-petition advances made pursuant to the applicable SBO Servicing Agreement.

17.    On November 16, 2012, OceanFirst Bank ("OceanFirst" and together with PNC and BBTC, the "SBO Servicers", and collectively with Evergreen, the "Objecting Parties"[3]), a counterparty to a certain SBO Servicing Agreement with the Debtors, filed the *Objection to Cure Amount Submitted by Ocean First Bank Re: Second Notice of (I) Debtors' Intent to Assume and Assign Certain SBO Servicing Agreements as Executory Contracts and (II) Cure Amount Related Thereto (Doc. #2077)* [Docket No. 2206] (the "OceanFirst Objection" and, together with the PNC Objection and BBTC Objection, the "SBO Servicing Objections", and the SBO Servicing Objections together with the Everbank Objection, the "Cure Objections"). In the OceanFirst Objection, OceanFirst objected to, among other things, the $0.00 cure amount the Debtors scheduled for the various OceanFirst contracts the Debtors intends to assume.

---

[3]    Wells Fargo Bank, N.A. ("Wells Fargo") and CitiMortgage, Inc. ("CitiMortgage") are among the SBO Servicers that agreed to language in the Sale Orders with respect to SBO Servicer Agreements. Wells Fargo's cure objection has been adjourned to the hearing scheduled for January 16, 2013. CitiMortgage has never asserted any cure claims as SBO Servicer, but has reserved the right to assert cure claims as master servicer up to sixty (60) days post-closing of the sale, in accordance with the Sale Order. For the avoidance of doubt, references to the "SBO Servicers," "SBO Servicing Agreements," and "Cure Objections" in this Reply do not include Wells Fargo or CitiMortgage.

OceanFirst claimed its records indicated that the appropriate cure amount should be $110,384.55.[4]

18.    On November 21, 2012, the Court approved the Platform Sale and entered the *Order Under 11 U.S.C. §§ 105, 363 and 365 and Fed. R. Bankr. P. 2002, 6004, 6006 and 9014 (I) Approving (A) Sale of Debtors' Assets Pursuant to Asset Purchase Agreement with Ocwen Loan Servicing, LLC; (B) Sale of Purchased Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (C) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Thereto; (D) Related Agreements; and (II) Related Relief* [Docket No. 2246] (the "Platform Sale Order").

19.    On November 21, 2012, the Court approved the Whole Loan Sale and entered the *Order Under 11 U.S.C. §§ 105, 363 and 365 and Fed. R. Bankr. P. 2002, 6004, 6006 and 9014 (I) Approving (A) Sale of Debtors' Assets Pursuant to Asset Purchase Agreement with Berkshire Hathaway Inc.; (B) Sale of Purchased Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; and (C) Related Agreements; and (II) Granting Related Relief* [Docket No. 2247] (the "Whole Loan Sale Order," and together with the Platform Sale Order, the "Sale Orders").

20.    As noted above, the cure amounts in the SBO Servicing Objections relate entirely to outstanding advances.  Language included in the Sale Orders, agreed to by the SBO Servicers, resolved such claims for outstanding advances, and provides, respectively:

> With respect to the relevant SBO Servicing Agreements subject of the objections filed by Branch Banking and Trust [Docket No. 2205], OceanFirst Bank and Columbia Home Loans, LLC [Docket No. 2206], PNC Mortgage, a Division of

---

[4]    The underlying property subject to the mortgage loan discussed in the OceanFirst Objection and the subject of the OceanFirst Objection has been since sold to a third party at a foreclosure sale.  Therefore, the OceanFirst SBO Servicing Agreement is not being sold pursuant to the sales.  Nonetheless, OceanFirst still seeks comfort regarding the reimbursement of servicing advances.

PNC Bank, NA [Docket Nos. 1635 and 1981], Wells Fargo Bank, N.A. [Docket No. 2209], and CitiMortgage, Inc. [Docket No. 2210], for the avoidance of doubt, notwithstanding anything to the contrary contained in this Order or the Ocwen APA, upon the assignment of the SBO Servicing Agreements to Purchaser, Purchaser shall perform all of the obligations under the SBO Servicing Agreements (but not perform any obligations or have any liabilities arising under the Other Agreements), from and after the Closing Date including any obligation in accordance with the terms of such SBO Servicing Agreements to reimburse such third-party servicer or subservicer (the "SBO Servicer") for Advances made under such SBO Servicing Agreement prior to the Closing Date but that are unmatured reimbursement obligations which do not become due and payable under the terms of such agreements until post-closing; provided, however, that Purchaser shall not incur any liability, including with respect to reimbursement of Advances, that arises out of or relates to any act or omission of the Debtors (whether as originator, servicer, or otherwise) that occurred before the Closing Date.

Platform Sale Order at ¶ 58; *see also* Whole Loan Sale Order at ¶ 15.

21.   The Sale Orders reserved the rights of certain parties, including the Objecting Parties, with respect to their cure claims. *See* Sale Orders at ¶ T.

22.   Since the entry of the Sale Orders, the Debtors have attempted to engage the Objecting Parties in good faith negotiations in an effort to resolve the outstanding cure issues and/or other concerns maintained in their respective Cure Objections.

## **RELIEF REQUESTED**

23.   The Debtors hereby move the Court for an order, substantially in the form annexed hereto as Exhibit 1, (i) overruling the Cure Objections, and (ii) fixing the Debtors' scheduled cure amounts for the respective Servicing Agreement and SBO Servicing Agreements at $0.00.

ny-1071429

## ARGUMENT

I.    **THE DEBTORS' BOOKS AND RECORDS SUPPORT THE FINDING THAT NO AMOUNTS ARE OWED TO THE OBJECTING PARTIES ASSERTING CURE CLAIMS.**

24.    Pursuant to the Sales Procedure Order, the Debtors have reviewed their books and records and schedules of contracts in an effort to determine the cure amounts associated with such contracts.  Through the Assumption and Assignment Notices, the Debtors notified the Objecting Parties and other counterparties to the executory contracts of (i) the Debtors' intent to assume and assign the Servicing Agreements and SBO Servicing Agreements, and (ii) the Debtors' proposed cure amounts for such agreements.  The Debtors established, and the Court approved, procedures with which the Objecting Parties would need to comply in order for the Debtors to effectively manage and attempt to resolve any Cure Objections.  Specifically, the Debtors made clear that:

> [a]ny Contract Objection that challenges a Cure Amount, or otherwise asserts that there exist outstanding defaults under an Assumed Contract, must set forth with specificity the Cure Amount being claimed by the objecting party or the nature of the asserted default, as applicable, and must include appropriate documentation in support thereof satisfactory to the Debtors and Nationstar or BH, as applicable.

Sale Procedures Order at ¶ 28; *see also* Initial Assumption and Assignment Notice at ¶ 11; SBO Assumption and Assignment Notices at ¶ 10 [Docket No. 2076], ¶ 11 [Docket No. 2077].

25.    Pursuant to the Sales Procedure Order and the Assumption and Assignment Notices, the burden rests with the Objecting Parties to provide sufficient documentation to substantiate their respective Cure Objections.  The Objecting Parties have not satisfied such burden.

26.    As stated in the Assumption and Assignment Notices, the Debtors believe no cure amount is owed to Everbank.  Nonetheless, Everbank continues to assert that the Debtors owe it cure in the amount of approximately $214,740.61 for claims arising from two Servicing

Agreements. Everbank has also objected on the grounds that certain other agreements on the Debtors' Assumption and Assignment Notices may also be Everbank Servicing Agreements.[5] The Debtors have sought to understand and reconcile how Everbank determined this amount. To date, the Debtors have confirmed with Everbank the correct universe of Servicing Agreements at issue. Yet, after reviewing their books and records in connection with these Servicing Agreements, the Debtors continue to believe that no amounts are owed to Everbank on account of such agreements. Everbank has not provided the Debtors with any documentation to either (i) explain the basis of or substantiate its own numbers, or (ii) challenge or contradict the Debtors' own books and records. Attached hereto as Exhibit 3 is correspondence between the Debtors and Everbank illustrating the Debtors' efforts to procure Everbank's supporting documentation that would substantiate its cure claim. As Everbank has failed to comply with its burden in not providing the Debtors with any documentation supporting its asserted cure claim or contradicting the Debtors' books and records, the Debtors believe that it is appropriate for the Court to fix the cure amounts at $0.00.

## II.    LANGUAGE IN THE SALE ORDERS MAKES CLEAR THAT SERVICING ADVANCE REIMBURSEMENT SHALL OCCUR IN THE ORDINARY COURSE OF BUSINESS.

27.    The SBO Servicers, who service loans on behalf of the Debtors, receive reimbursements for advances they made to the Debtors as part of their servicing obligations under their SBO Servicing Agreements. Advances become available for reimbursement in the ordinary course of business pursuant to the applicable SBO Servicing Agreement once the Debtors or applicable party forecloses and the underlying property is liquidated. In these

---

[5]    This amount includes approximately $73,000 of cure with respect to an "Unidentifiable Agreement" (as defined in the Everbank Objection). The Debtors have determined that such Unidentified Agreement is in fact an Everbank Servicing Agreement, and advised Everbank of the same, but, as set forth below, continue to believe that no cure is owed with respect to such agreement, as set forth in the Assumption and Assignment Notices.

Chapter 11 cases, the SBO Servicers have raised concerns about the mechanics of advance reimbursement after the closings of the Platform Sale and Whole Loan Sale, and as a result, filed objections asserting cure amounts that claim all outstanding advances for which each SBO Servicer expects reimbursement.  In connection with the sale hearing, the Debtors attempted to address the SBO Servicers' concern with language in the Sale Orders that provides assurance that the SBO Servicers will receive all advances owed to them in the ordinary course of business and pursuant to their respective SBO Servicing Agreement.  *See* Platform Sale Order at ¶ 58; *see also* Whole Loan Sale Order at ¶ 15.

28.     As a result of this language, it is the Debtors' understanding that the SBO Servicers are no longer seeking cure claims equal to the gross amount of their advances.  Rather, it appears that the SBO Servicers are merely seeking clarification as to the entity from which they respectively should seek reimbursement for their advances.  In order to clarify the issue for the SBO Servicers, the Debtors hereby confirm that SBO Servicers whose SBO Servicing Agreements relate to the whole loan portfolio will be reimbursed from: (a) the Debtors' estates if the property relating to such loan (i) is liquidated before the closing of the Whole Loan Sale, or (ii) is not part of the sale of assets to BH; or (b) BH (or its designated master servicer), if (i) the property relating to such loan liquidates post-closing, and (ii) such property is part of the sale of assets to BH.  If the SBO Servicing Agreement is being sold as part of the Platform Sale to Ocwen, then the SBO Servicers shall look to the party that is the master servicer (*i.e.*, the Debtors or Ocwen) at the time the reimbursement claim is made.  To the extent the SBO Servicers have questions either pre- or post-closing regarding from whom they should seek advance reimbursements, the Debtors will work with the SBO Servicers to clarify any such questions.

29.      To be clear, it is the Debtors' understanding that the SBO Servicers no longer maintain any cure claims asserted in their respective SBO Servicing Objections; nevertheless, since these SBO Servicing Objections are still pending, these cure claims technically still exist and require closure.  For these reasons, and the fact that the Debtors believe that the SBO Servicers are not asserting any other claim, the Debtors conclude that $0.00 as a cure amount for each SBO Servicing Agreement is accurate and appropriate.

## CONCLUSION

30.      For the reasons set forth above, the Debtors respectfully submit that the Court should enter an order overruling the Cure Objections and fixing the proposed cure amounts for each of the Servicing Agreements and SBO Servicing Agreements, respectively, at $0.00.

## NOTICE

31.      The Debtors have provided notice of this Motion in accordance with the Case Management Procedures Order, approved by this Court on May 23, 2012 [Docket No. 141].

## NO PRIOR REQUEST

32.      No prior request for the relief sought in this Motion has been made to this or any other court.

13

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as <u>Exhibit 1</u>, granting the relief requested herein and granting such other relief as is just and proper.

New York, New York
Dated: January 8, 2013

/s/  Todd M. Goren
Lorenzo Marinuzzi
Todd M. Goren
Jennifer L. Marines
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel to the Debtors*
*and Debtors in Possession*

/s/  Steven J. Reisman
Steven J. Reisman
Theresa A. Foudy
Maryann Gallagher
**CURTIS, MALLET-PREVOST,**
**COLT & MOSLE LLP**
101 Park Avenue
New York, New York  10178-0061
Telephone:  (212) 696-6000
Facsimile:   (212) 697-1559

*Conflicts Counsel for the Debtors and*
*Debtors in Possession*

14

**<u>Exhibit 1</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ )
                                 )
In re:                             )     Case No. 12-12020 (MG)
                                 )
RESIDENTIAL CAPITAL, LLC, et al.,   )     Chapter 11
                                 )
                    Debtors.    )     Jointly Administered
------------------------------------------------------------ )

### ORDER GRANTING DEBTORS' (A) ASSUMPTION AND ASSIGNMENT OF CERTAIN AGREEMENTS AND (B) FIXING CURE AMOUNTS

Upon the omnibus reply (the "Reply")[1] of the above-captioned debtors and debtors in possession in these Chapter 11 cases (collectively, the "Debtors") requesting that the Court fix the scheduled cure amounts the Debtors assigned to the Servicing Agreements and SBO Servicing Agreements; and it appearing that this Court has jurisdiction to consider the Reply pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these Chapter 11 cases and the Reply in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Reply is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and this Court having found that proper and adequate notice of the Reply and the relief requested therein has been provided in accordance with the Bankruptcy Rules, the Local Rules, and the Case Management Procedures Order [Docket No. 141] for these Chapter 11 cases, and that, except as otherwise ordered herein, no other or further notice is necessary; and any responses (if any) to the Reply having been

---

[1]      Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Reply.

withdrawn or overruled on the merits; and after due deliberation thereon; and good and sufficient

cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The relief sought in the Reply is GRANTED as set forth herein.

2. The scheduled cure amounts for the Servicing Agreement and SBO Servicing

Agreements, which are the subject of the Reply shall be fixed at $0.00.

3. Upon entry of this Order, all Cure Objections of the Objecting Parties shall be

overruled with prejudice, and any proof of claim, or portion thereof, filed by such Objecting

Party that is duplicative of the cure claims asserted in the respective Cure Objections is deemed

withdrawn with prejudice.

4. The Sale Orders, to the extent applicable, are hereby incorporated by reference.

5. Notwithstanding the possible applicability of Fed. R. Bankr. P. 6004(h), 7062,

9014, or otherwise, this Order shall be in full force and effect upon its entry.

6. This Court shall retain jurisdiction with respect to all matters arising from or

related to the enforcement of this Order.


New York, New York
Date: _____ __, 2013


_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

## **Exhibit 2**

**Chart Listing Outstanding Cure Objections**

In re Residential Capital, LLC, et al., Case No. 12-12020 (MG)
Status of Cure Objections

| A. Matters Going Forward | |
|---|---|
| **Objecting Party** | **Docket Number(s)** |
| 1. PNC Mortgage, a Division of PNC Bank, NA | 1635, 1981 |
| 2. OceanFirst Bank | 2206 |
| 3. Branch Banking and Trust Company | 2205 |
| 4. EverBank | 1656 |

| B. Matters Adjourned to January 16, 2013 Hearing | |
|---|---|
| **Objecting Party** | **Docket Number(s)** |
| 5. Wells Fargo Bank, N.A. (as servicer and subservicer) | 1648, 1979, 2203[1], 2209 |
| 6. Digital Lewisville, LLC | 278, 1649, 1990 |
| 7. Ally Financial Inc. and Ally Bank | 1659, 2069 |

---

[1] Alston &  Bird LLP filed the *Objection and Reservation of Rights of Wells Fargo Bank, N.A. to (A) First Notice of (I) Debtors' Intent to Assume and Assign Certain SBO Servicing Agreements as Executory Contracts and (II) Cure Amounts Related Thereto and (B) Second Notice of (I) Debtors' Intent to Assume and Assign Certain SBO Servicing Agreements as Executory Contracts and (II) Cure Amounts Related Thereto* [Docket No. 2203].  This objection will be addressed and resolved through the resolution of Docket Numbers 1648, 1979, 2209.

1

In re Residential Capital, LLC, et al., Case No. 12-12020 (MG)
Status of Cure Objections

| C. Matters Adjourned to Later Date | |
|---|---|
| **Objecting Party** | **Docket Number(s)** |
| 8. Financial Guaranty Insurance Company | 1746, 1748 |
| 9. DB Structured Products, Inc. and MortgageIT Holdings, Inc. | 1623, 2037 |
| 10. Cal-Western Reconveyance Corporation | 1557 |
| 11. Pite Duncan, LLP | 1631 |
| 12. Iron Mountain Information Management, Inc. | 1636 |
| 13. CoreLogic, Inc. | 1662 |
| 14. Hewlett-Packard Company and HP Enterprise Services, LLC | 1641 |
| 15. Wells Fargo Bank, N.A. (as master servicer) | 1632 |
| 16. Wells Fargo Bank, N.A. (as custodian) | 1633 |
| 17. CitiMortgage, Inc. (as master servicer) | 1646, 1841, 1992, 2210 |
| 18. Ambac Assurance Corp. | 1810, 1812, 2015 |

2

In re Residential Capital, LLC, et al., Case No. 12-12020 (MG)
<u>Status of Cure Objections</u>

| D. Matters Resolved Subject to Documentation | | |
|---|---|---|
| | **Objecting Party** | **Docket Number(s)** |
| 19. | MBIA Insurance Corp. | 1736 |
| 20. | USAA Federal Savings Bank | 1611[2] |
| 21. | Verizon Communications Inc. | 1603 |
| 22. | Dallas CPT Fee Owner, L.P. | 1625 |

| E. Resolved | | |
|---|---|---|
| | **Objecting Party** | **Docket Number(s)** |
| 23. | PHH Mortgage Corporation | 1980 |
| 24. | International Business Machines Corp. | 1592 |
| 25. | 2255 Partners, L.P. | 1655 |
| 26. | Canon USA, Inc. | 1937 |

---

[2] USAA's cure objection is resolved subject to documentation, however USAA has not yet consented to the Debtors' transfer to Ocwen.

3

## **Exhibit 3**

**Correspondence between the Debtors and Everbank**

**Guido, Laura**

| | |
|---|---|
| **From:** | Beck, Melissa D. |
| **Sent:** | Thursday, December 06, 2012 1:58 PM |
| **To:** | 'andrea.hartley@akerman.com' |
| **Cc:** | 'susan.balaschak@akerman.com' |
| **Subject:** | RE: ResCap - Status of EverBank Limited Objection |

Hi Andrea,

Just following up again regarding my email I sent last week requesting information from Everbank with respect to their cure claim amounts.  Please let me know when you will have information for the Debtors to review so we can resolve.  The cure claim hearing is currently scheduled for January 10, 2013 and we would like to resolve prior to the hearing, if possible.  Thank you.

Best,

Melissa

---

**From:** Beck, Melissa D.
**Sent:** Thursday, November 29, 2012 1:29 PM
**To:** andrea.hartley@akerman.com
**Cc:** susan.balaschak@akerman.com
**Subject:** RE: ResCap - Status of EverBank Limited Objection

Hi Andrea,

I wanted to follow-up with you regarding the proposed cure amounts for the three servicing agreements that the Debtors intend to assume and assign under the Ocwen APA (see below).  When will you have cure amounts and supporting documents for such amounts to share with us so we can discuss with the Debtors?  We would like to resolve outstanding cure amount issues as soon as possible.

Thanks,

Melissa

1.  Atlanta Internet Bank Sale and Servicing Agreement - April 24, 1998: already on assumption schedule attached to cure notice filed with court as referenced in Everbank's objection.

2.  UBS Real Estate Securities, Inc. Assignment, Assumption and Recognition Agreement - January 30, 2006: will be added by Debtors to assumption schedule prior to closing date of Ocwen APA; underlying agreement referenced in AAR already on assumption schedule attached to cure notice filed with court.

3.  DLJ Mortgage Capital, Inc. Assignment, Assumption and Recognition Agreement - January 2, 2008: will be added by Debtors to assumption schedule prior to closing date of Ocwen APA; underlying agreement referenced in AAR already on assumption schedule attached to cure notice filed with court.

---

**From:** Beck, Melissa D.
**Sent:** Monday, November 19, 2012 10:46 AM

**To:** 'andrea.hartley@akerman.com'
**Subject:** Re: ResCap - Status of EverBank Limited Objection

Thank you Andrea.

---

**From**: andrea.hartley@akerman.com [mailto:andrea.hartley@akerman.com]
**Sent**: Monday, November 19, 2012 10:26 AM
**To**: Beck, Melissa D.
**Cc**: Barrage, Alexandra Steinberg; susan.balaschak@akerman.com <susan.balaschak@akerman.com>
**Subject**: RE: ResCap - Status of EverBank Limited Objection

Melissa,

EverBank is in agreement with the debtors' proposal.  As set forth below, EverBank reserves all of its rights with respect to the cure amounts and claiming any additional amounts for each of the three agreements being assumed.  Further, the debtors will have no objection to EverBank filing an amended proof of claim, if needed, with respect to any additional amounts due under the Agreement for Purchase and Sale of Servicing – September 30, 2008.

If you have any questions, please let me know.

Thank you.

**Andrea S. Hartley**
Akerman Senterfitt | One Southeast Third Avenue | 25th Floor | Miami, FL 33131
Dir: 305.982.5682 | Main: 305.374.5600 | Fax: 305.374.5095
andrea.hartley@akerman.com

---

**From:** Beck, Melissa D. [mailto:MBeck@mofo.com]
**Sent:** Friday, November 16, 2012 10:59 AM
**To:** Hartley, Andrea (Sh-Mia)
**Cc:** Barrage, Alexandra Steinberg; Balaschak, Susan (Sh-NY)
**Subject:** RE: ResCap - Status of EverBank Limited Objection

Hi Andrea,

I have confirmed with the company that the Macquarie agreement on schedule 3a (contract number 23) is the subservicing agreement that you inquired about.  It will be assumed and assigned.

Best,

Melissa

---

**From:** andrea.hartley@akerman.com [mailto:andrea.hartley@akerman.com]
**Sent:** Friday, November 16, 2012 7:41 AM
**To:** Beck, Melissa D.
**Cc:** Barrage, Alexandra Steinberg; susan.balaschak@akerman.com
**Subject:** Re: ResCap - Status of EverBank Limited Objection

Melissa,

Please let us know if the subservicing agreement between Macquarie and GMAC is being assumed.

Thanks.

Andrea

V Card | Bio | akerman.com

CONFIDENTIALITY NOTE: The information contained in this transmission may be privileged and confidential, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

CIRCULAR 230 NOTICE: To comply with U.S. Treasury Department and IRS regulations, we are required to advise you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this transmittal, is not intended or written to be used, and cannot be used, by any person for the purpose of (i) avoiding penalties under the U.S. Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this e-mail or attachment.

**From**: Beck, Melissa D. [mailto:MBeck@mofo.com]
**Sent**: Thursday, November 15, 2012 11:08 PM
**To**: Hartley, Andrea (Sh-Mia)
**Cc**: Barrage, Alexandra Steinberg <ABarrage@mofo.com>; Balaschak, Susan (Sh-NY)
**Subject**: RE: ResCap - Status of EverBank Limited Objection

Hi Andrea,

I just wanted to follow-up to see if you were able to discuss the proposal below with your client.  Please let me know by noon on Friday as we are trying to resolve as many issues/objections as possible prior to Monday's sale hearing.  Thank you.

Best,

Melissa

**From:** Beck, Melissa D.
**Sent:** Friday, November 09, 2012 7:12 PM
**To:** andrea.hartley@akerman.com
**Cc:** Barrage, Alexandra Steinberg; susan.balaschak@akerman.com; Crespo, Melissa M.
**Subject:** ResCap - Status of EverBank Limited Objection

Dear Andrea,

Pursuant to our discussions and upon confirmation from your client, below is a proposal for your review.  Please confirm that your client agrees to the following:

1. Everbank agrees to withdraw its Limited Objection (Docket No. 1656) and has no objection to the Debtors' proposed sales.

2. Everbank agrees to the proposed assumption and assignment of the relevant Servicing Agreements to Ocwen as listed below in this e-mail per a conversation between Melissa Beck of Morrison & Foerster and Andrea Hartley of Ackerman on November 8, 2012.

3. The Debtors and Everbank reserve all rights on any cure amounts owed under the relevant Servicing Agreements listed under #s 1, 3 and 4 below until after the sale hearing, but in no event later than December 10, 2012.


1. Atlanta Internet Bank Sale and Servicing Agreement - April 24, 1998: already on assumption schedule attached to cure notice filed with court as referenced in Everbank's objection.

2. Macquarie Mortgages USA Inc. Servicing Agreement - June 29, 2005: No Debtor is party to this agreement. Debtors will not be add this agreement to the assumption schedule.

3. UBS Real Estate Securities, Inc. Assignment, Assumption and Recognition Agreement - January 30, 2006: will be added by Debtors to assumption schedule prior to closing date of Ocwen APA; underlying agreement referenced in AAR already on assumption schedule attached to cure notice filed with court.

4. DLJ Mortgage Capital, Inc. Assignment, Assumption and Recognition Agreement - January 2, 2008: will be added by Debtors to assumption schedule prior to closing date of Ocwen APA; underlying agreement referenced in AAR already on assumption schedule attached to cure notice filed with court.

5. Agreement for Purchase and Sale of Servicing – September 30, 2008: Debtors view this agreement as a non-executory contract for the purchase and sale of servicing rights to Everbank that was completed in 2008. Debtors will not be add this agreement to the assumption schedule.

Best,

Melissa


Melissa Beck
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, New York 10104
Phone:  (212) 336-4319
Fax:      (212) 468-7900
Email:   mbeck@mofo.com

----------------------------------------------------------------
To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230/

============================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.

----------------------------------------------------------------


----------------------------------------------------------------------
To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any

attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230/

========================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.

--------------------------------------------------------------------

**Guido, Laura**

| | |
|---|---|
| **From:** | Beck, Melissa D. |
| **Sent:** | Wednesday, December 19, 2012 6:06 PM |
| **To:** | 'andrea.hartley@akerman.com' |
| **Cc:** | 'susan.balaschak@akerman.com' |
| **Subject:** | RE: ResCap - Status of EverBank Limited Objection |

Hi Andrea,

Hope all is well.  I just wanted to follow up on my cure claim back-up request again.  As I noted previously, the cure claim hearing is scheduled for January 10, 2013 so we would like to resolve as soon as possible.  Thank you.

Best,

Melissa

**From:** andrea.hartley@akerman.com [mailto:andrea.hartley@akerman.com]
**Sent:** Thursday, December 06, 2012 2:41 PM
**To:** Beck, Melissa D.
**Cc:** susan.balaschak@akerman.com
**Subject:** RE: ResCap - Status of EverBank Limited Objection

Hi Melissa,

I was hoping to have more information for you this week.  However, I do have a conference call scheduled with my client next week to address this matter.  I will get back to you by the end of next week.

Kind regards.

**Andrea S. Hartley**
Akerman Senterfitt | One Southeast Third Avenue | 25th Floor | Miami, FL 33131
Dir: 305.982.5682 | Main: 305.374.5600 | Fax: 305.374.5095
andrea.hartley@akerman.com

**From:** Beck, Melissa D. [mailto:MBeck@mofo.com]
**Sent:** Thursday, December 06, 2012 1:58 PM
**To:** Hartley, Andrea (Sh-Mia)
**Cc:** Balaschak, Susan (Sh-NY)
**Subject:** RE: ResCap - Status of EverBank Limited Objection

Hi Andrea,

Just following up again regarding my email I sent last week requesting information from Everbank with respect to their cure claim amounts.  Please let me know when you will have information for the Debtors to review so we can resolve.  The cure claim hearing is currently scheduled for January 10, 2013 and we would like to resolve prior to the hearing, if possible.  Thank you.

Best,

Melissa

**From:** Beck, Melissa D.
**Sent:** Thursday, November 29, 2012 1:29 PM
**To:** andrea.hartley@akerman.com
**Cc:** susan.balaschak@akerman.com
**Subject:** RE: ResCap - Status of EverBank Limited Objection

Hi Andrea,

I wanted to follow-up with you regarding the proposed cure amounts for the three servicing agreements that the Debtors intend to assume and assign under the Ocwen APA (see below).  When will you have cure amounts and supporting documents for such amounts to share with us so we can discuss with the Debtors?  We would like to resolve outstanding cure amount issues as soon as possible.

Thanks,

Melissa

1.  Atlanta Internet Bank Sale and Servicing Agreement - April 24, 1998: already on assumption schedule attached to cure notice filed with court as referenced in Everbank's objection.

2.  UBS Real Estate Securities, Inc. Assignment, Assumption and Recognition Agreement - January 30, 2006: will be added by Debtors to assumption schedule prior to closing date of Ocwen APA; underlying agreement referenced in AAR already on assumption schedule attached to cure notice filed with court.

3.  DLJ Mortgage Capital, Inc. Assignment, Assumption and Recognition Agreement - January 2, 2008: will be added by Debtors to assumption schedule prior to closing date of Ocwen APA; underlying agreement referenced in AAR already on assumption schedule attached to cure notice filed with court.

---

**From:** Beck, Melissa D.
**Sent:** Monday, November 19, 2012 10:46 AM
**To:** 'andrea.hartley@akerman.com'
**Subject:** Re: ResCap - Status of EverBank Limited Objection

Thank you Andrea.

---

**From**: andrea.hartley@akerman.com [mailto:andrea.hartley@akerman.com]
**Sent**: Monday, November 19, 2012 10:26 AM
**To**: Beck, Melissa D.
**Cc**: Barrage, Alexandra Steinberg; susan.balaschak@akerman.com <susan.balaschak@akerman.com>
**Subject**: RE: ResCap - Status of EverBank Limited Objection

Melissa,

EverBank is in agreement with the debtors' proposal.  As set forth below, EverBank reserves all of its rights with respect to the cure amounts and claiming any additional amounts for each of the three agreements being assumed.  Further, the debtors will have no objection to EverBank filing an amended proof of claim, if needed, with respect to any additional amounts due under the Agreement for Purchase and Sale of Servicing – September 30, 2008.

If you have any questions, please let me know.

Thank you.

**Andrea S. Hartley**
Akerman Senterfitt | One Southeast Third Avenue | 25th Floor | Miami, FL 33131
Dir: 305.982.5682 | Main: 305.374.5600 | Fax: 305.374.5095
andrea.hartley@akerman.com

---

**From:** Beck, Melissa D. [mailto:MBeck@mofo.com]
**Sent:** Friday, November 16, 2012 10:59 AM
**To:** Hartley, Andrea (Sh-Mia)
**Cc:** Barrage, Alexandra Steinberg; Balaschak, Susan (Sh-NY)
**Subject:** RE: ResCap - Status of EverBank Limited Objection

Hi Andrea,

I have confirmed with the company that the Macquarie agreement on schedule 3a (contract number 23) is the subservicing agreement that you inquired about.  It will be assumed and assigned.

Best,

Melissa

---

**From:** andrea.hartley@akerman.com [mailto:andrea.hartley@akerman.com]
**Sent:** Friday, November 16, 2012 7:41 AM
**To:** Beck, Melissa D.
**Cc:** Barrage, Alexandra Steinberg; susan.balaschak@akerman.com
**Subject:** Re: ResCap - Status of EverBank Limited Objection

Melissa,

Please let us know if the subservicing agreement between Macquarie and GMAC is being assumed.

Thanks.

Andrea

V Card | Bio | akerman.com

CONFIDENTIALITY NOTE: The information contained in this transmission may be privileged and confidential, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

CIRCULAR 230 NOTICE: To comply with U.S. Treasury Department and IRS regulations, we are required to advise you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this transmittal, is not intended or written to be used, and cannot be used, by any person for the purpose of (i) avoiding

penalties under the U.S. Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this e-mail or attachment.

---

**From**: Beck, Melissa D. [mailto:MBeck@mofo.com]
**Sent**: Thursday, November 15, 2012 11:08 PM
**To**: Hartley, Andrea (Sh-Mia)
**Cc**: Barrage, Alexandra Steinberg <ABarrage@mofo.com>; Balaschak, Susan (Sh-NY)
**Subject**: RE: ResCap - Status of EverBank Limited Objection

Hi Andrea,

I just wanted to follow-up to see if you were able to discuss the proposal below with your client.  Please let me know by noon on Friday as we are trying to resolve as many issues/objections as possible prior to Monday's sale hearing.  Thank you.

Best,

Melissa

---

**From:** Beck, Melissa D.
**Sent:** Friday, November 09, 2012 7:12 PM
**To:** andrea.hartley@akerman.com
**Cc:** Barrage, Alexandra Steinberg; susan.balaschak@akerman.com; Crespo, Melissa M.
**Subject:** ResCap - Status of EverBank Limited Objection

Dear Andrea,

Pursuant to our discussions and upon confirmation from your client, below is a proposal for your review.  Please confirm that your client agrees to the following:

1. Everbank agrees to withdraw its Limited Objection (Docket No. 1656) and has no objection to the Debtors' proposed sales.
2. Everbank agrees to the proposed assumption and assignment of the relevant Servicing Agreements to Ocwen as listed below in this e-mail per a conversation between Melissa Beck of Morrison & Foerster and Andrea Hartley of Ackerman on November 8, 2012.
3. The Debtors and Everbank reserve all rights on any cure amounts owed under the relevant Servicing Agreements listed under #s 1, 3 and 4 below until after the sale hearing, but in no event later than December 10, 2012.


1.  Atlanta Internet Bank Sale and Servicing Agreement - April 24, 1998: already on assumption schedule attached to cure notice filed with court as referenced in Everbank's objection.

2.  Macquarie Mortgages USA Inc. Servicing Agreement - June 29, 2005: No Debtor is party to this agreement.  Debtors will not be add this agreement to the assumption schedule.

3.  UBS Real Estate Securities, Inc. Assignment, Assumption and Recognition Agreement - January 30, 2006: will be added by Debtors to assumption schedule prior to closing date of Ocwen APA; underlying agreement referenced in AAR already on assumption schedule attached to cure notice filed with court.

4.  DLJ Mortgage Capital, Inc. Assignment, Assumption and Recognition Agreement - January 2, 2008: will be added by Debtors to assumption schedule prior to closing date of Ocwen APA; underlying agreement referenced in AAR already on assumption schedule attached to cure notice filed with court.

5.  Agreement for Purchase and Sale of Servicing – September 30, 2008: Debtors view this agreement as a non-executory contract for the purchase and sale of servicing rights to Everbank that was completed in 2008.  Debtors will not be add this agreement to the assumption schedule.

Best,

Melissa


Melissa Beck
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, New York 10104
Phone:  (212) 336-4319
Fax:     (212) 468-7900
Email:   mbeck@mofo.com


---------------------------------------------------------------
To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230/
=====================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.

---------------------------------------------------------------


---------------------------------------------------------------------
To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230/

=============================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.

---------------------------------------------------------------------


---------------------------------------------------------------------
To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i)

avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230/

==========================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.

--------------------------------------------------------------------