UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**ORDER MODIFYING AUTOMATIC STAY WITH RESPECT TO
ACTION OF GREGORY BALENSIEFER**

Upon consideration of the *Motion for Clarification Regarding Relief from Automatic Stay* (ECF Doc. # 1244) (the "**Motion**");[1] filed by Gregory Balensiefer ("**Movant**") and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and upon consideration of the *Debtors' Objection to Motion for Relief from Stay Filed by Gregory Balensiefer [Docket No. 1244]* (ECF Doc. # 2410); and upon consideration of the *Reply in Support of Motion for Clarification Regarding Relief from Automatic Stay* (ECF Doc. # 2446) filed by Movant; and upon the arguments and statements in support and in opposition of the Motion presented at the hearing held on December 20, 2012 to consider the Motion; and after due deliberation; it is hereby

**ORDERED ADJUDGED, AND DECREED THAT:**

1. The automatic stay of section 362(a) of the Bankruptcy Code is lifted solely to the extent necessary to allow Movant, in the event that he prevails on his claims for equitable and injunctive relief in the Superior Court action, to liquidate his claim for attorneys' fees and costs

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1

(the "**Attorneys' Fee Claim**") in the Arizona Superior Court for Maricopa County to the extent permitted under applicable state law.

2. The Superior Court action shall be the sole proceeding in which to liquidate the Attorneys' Fee Claim and any claim asserted by Movant in the Debtors' bankruptcy arising in connection with the Attorneys' Fee Claim shall be limited to the amount of any final judgment obtained by Movant with respect to such claim in the Superior Court action.

3. Except as provided herein, the provisions of the automatic stay, including, without limitation, those provisions prohibiting execution, enforcement or collection of any judgment that may be obtained against the Debtors and/or assets or property of the Debtors' estates (as defined in section 541 of the Bankruptcy Code) shall remain in full force and effect, and Movant, together with his respective agents, attorneys, or representatives, shall not take any action to execute, enforce or collect all of or any portion of any such judgment from the Debtors or its estates or properties.

4. This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:   January 8, 2013
         New York, New York

_____/s/Martin Glenn_____
MARTIN GLENN
United States Bankruptcy Judge