MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:   (212) 468-8000
Facsimile:   (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Norman S. Rosenbaum
Todd M. Goren

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------
                                                          )
In re:                                                    )     Case No. 12-12020 (MG)
                                                          )
RESIDENTIAL CAPITAL, LLC, et al.,                        )     Chapter 11
                                                          )
                                         Debtors.         )     Jointly Administered
                                                          )
---------------------------------------------------------------

**PROPOSED AGENDA FOR MATTERS SCHEDULED**
**TO BE HEARD ON JANUARY 10, 2013 AT 2:00 P.M. (EST)**

Location of Hearing:  United States Bankruptcy Court for the Southern District of New York,
Alexander Hamilton U.S. Custom House, Courtroom 501, One Bowling Green, New York, NY
10004-1408

**I.      ADJOURNED ADVERSARY PROCEEDING MATTERS**

**Van Wagner v. Residential Funding Company, LLC, *et al*. (Adv. Proc. No. 12-01913 (MG))**

**1.**      Pre-Trial Conference in Adversary Proceeding

**2.**      Debtors' Motion for Dismissal of Adversary Proceeding Pursuant to Bankruptcy Rule
            7012(b) and FRCP 12(b)(5), and (6) Or, in the Alternative, Permissive Abstention
            Pursuant to 28 U.S.C. Section 1334(c)(1) [Docket No. 7]

            **Related Documents**:

            **a.**      Complaint [Docket No. 1]

            **b.**      Summons with Notice of Pre-Trial Conference [Docket No. 3]

    **c.**      Answer to Complaint filed by Peter T. DeMasters, Flaherty, Sesabaugh, Bonasso PLLC and Susan Romain [Docket No. 6]

    **d.**      Notice of Debtors' Motion for Dismissal of Adversary Proceeding Pursuant to Bankruptcy Rule 7012(b) and FRCP 12(b)(5), and (6) Or, in the Alternative, Permissive Abstention Pursuant to 28 U.S.C. Section 1334(c)(1) [Docket No. 9]

    **e.**      Motion to Dismiss Adversary Proceeding filed by Kiyam J. Poulson on behalf of Seneca Trustees, Inc. [Docket No. 10]

    **f.**      Memorandum of Law in Support of Defendant Seneca Trustees, Inc.'s Motion to Dismiss [Docket No. 11]

    **g.**      Motion of Timothy J. Amos, Individually, and Golden & Amos, PLLC to Dismiss Case [Docket No. 15]

    **h.**      Notice of Adjournment of Hearing to January 29, 2013 at 10:00 a.m. [Docket No. 18]

    **Status**:    The pre-trial conference and hearing on the Debtors' Motion for Dismissal on this matter have been adjourned to January 29, 2013.

## Williams v. GMAC Mortgage, LLC, *et al*. (Adv. Proc. No. 12-01896 (MG))

**1.**      Pre-Trial Conference in Adversary Proceeding

**2.**      Debtors' Motion for Dismissal of Adversary Proceeding Pursuant to Bankruptcy Rule 7012(b)(5) and (b)(6) Or, in the Alternative, Permissive Abstention Pursuant to 28 U.S.C. Section 1334(c)(1) [Docket No. 3]

    **Related Documents**:

    **a.**      Complaint against GMAC Mortgage LLC to Determine the Nature, Extent and Validity of Lien and Disallow Secured Claim, TILA Violation, Fraud, Libel, Quiet Title, TRO, Preliminary and Permanent Injunctions for Violation of the Fair Debt Collection Practices Act [Docket No. 1]

    **b.**      Summons with Notice of Pre-Trial Conference [Docket No. 2]

    **c.**      Notice of Debtors' Motion for Dismissal of Adversary Proceeding Pursuant to Bankruptcy Rule 7012(b)(5) and (b)(6) Or, in the Alternative, Permissive Abstention Pursuant to 28 U.S.C. Section 1334(c)(1) [Docket No. 7]

    **d.**      Notice of Adjournment of Hearing to January 29, 2013 at 10:00 a.m. [Docket No. 13]

**Responses**:

a.      Response to Debtors' Motion to Dismiss Adversary Proceeding Pursuant to Fed. R. Bankr. P. 7012 and Fed. R. Civ. P. 12(b)(6) and Memorandum in Support Thereof [Docket No. 11]

**Status**:      The pre-trial conference and hearing on the Debtors' Motion for Dismissal on this matter have been adjourned to January 29, 2013.

## Matthews v. GMAC Mortgage Company (Adv. Proc. No. 12-01933)

1.      Pre-Trial Conference in Adversary Proceeding

**Related Documents**:

a.      Complaint [Docket No. 1]

b.      Summons with Notice of Pre-Trial Conference [Docket No. 2]

c.      Stipulation and Order Between Kevin J. Matthews and GMAC Mortgage, LLC [Docket No. 3]

**Status**:      The pre-trial conference on this matter has been adjourned to February 28, 2013.

## Kimber v. GMAC Mortgage Corporation, *et al.* (Adv. Proc. No. 12-02045)

1.      Pre-Trial Conference in Adversary Proceeding

**Related Documents**:

a.      Complaint [Docket No. 1]

b.      Summons with Notice of Pre-Trial Conference [Docket No. 2]

c.      Order Extending Defendants' Deadline to Answer or Otherwise Respond to Adversary Complaint [Docket No. 6]

**Status**:      The pre-trial conference on this matter has been adjourned to a later hearing date to be determined by the Court.

## Hawthorne v. GMAC Mortgage, LLC (Adv. Proc. No. 12-02050)

1.      Pre-Trial Conference in Adversary Proceeding

**Related Documents**:

a.      Application for Request to Proceed in Forma Pauperis in the Adversary Proceeding [Docket No. 2]

  **b.**   Summons with Notice of Pre-Trial Conference [Docket No. 3]

  **c.**   Order Extending Defendants' Deadline to Answer or Otherwise Respond to Adversary Complaint [Docket No. 4]

  <u>**Status**</u>:  The pre-trial conference on this matter has been adjourned to a later hearing date to be determined by the Court.

## <u>Wilson v. Residential Capital, LLC, *et al*. (Adv. Proc. No. 12-01936)</u>

**1.**   Pre-Trial Conference in Adversary Proceeding

  <u>**Related Documents**</u>:

  **a.**   Complaint [Docket No. 1]

  **b.**   Amended Summons with Notice of Pre-Trial Conference [Docket No. 3]

  **c.**   Debtors' Motion for Dismissal of Adversary Proceeding Pursuant to Bankruptcy Rule 7012(b) and FRCP 12(b)(1) and 12(b)(6) Or, in the Alternative, Permissive Abstention Pursuant to 28 U.S.C. § 1334(c)(1) [Docket No. 4]

  <u>**Status**</u>:  The pre-trial conference on this matter has been adjourned to a later hearing date to be determined by the Court.

## II.  <u>CURE OBJECTIONS HEARING</u>

**1.**   Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), and (m), 365 and 1123, and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 for Orders: (A)(I) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expense Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Asset Purchase Agreements Thereto: (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief [Docket No. 61]

  <u>**Related Documents**</u>:

  **a.**   Memorandum of Law in Support of Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), and (m), 365 and 1123, and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 for Orders: (A)(I) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expense Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Asset

Purchase Agreements Thereto: (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief [Docket No. 62]

b.      Order Under 11 U.S.C. §§ 105, 363(b) and 365 (I) Authorizing and Approving Sale Procedures, Including Payment of Break-up Fees; (II) Scheduling Bid Deadline, Auction (If Necessary) and Sale Hearing; (III) Establishing Assumption and Assignment Procedures, Including Procedures for Fixing Cure Amounts; and (IV) Establishing Notice Procedures and Approving Forms of Notice [Docket No. 538]

c.      Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto [Docket No. 924]

d.      First Supplemental Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto [Docket No. 1459]

e.      First Amended and Restated Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto [Docket No. 1484]

f.      First Notice of (I) Debtors' Intent to Assume and Assign Certain SBO Servicing Agreements as Executory Contracts and (II) Cure Amounts Related Thereto [Docket No. 2076]

g.      Second Notice of (I) Debtors' Intent to Assume and Assign Certain SBO Servicing Agreements as Executory Contracts and (II) Cure Amounts Related Thereto [Docket No. 2077]

h.      Order Under 11 U.S.C. §§ 105, 363 and 365 and Fed. R. Bankr. P. 2002, 6004, 6006 and 9014 (I) Approving (A) Sale of Debtors' Assets Pursuant to Asset Purchase Agreement with Ocwen Loan Servicing, LLC;, (B) Sale of Purchased Assets Free and Clear of Liens, Claims, Encumbrances and Other Interests; (C) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Thereto; (D) Related Agreements; and (II) Granting Related Relief [Docket No. 2246]

i.      Ocwen Asset Purchase Agreement (as attached as Exhibit 1 to Amended Notice of Successful Bidders at the Auctions and Sales of (A) The Platform Assets to Ocwen Loan Servicing, LLC and (B) The Whole Loan Assets to Berkshire Hathaway Inc. and Notice of Filing (A) Ocwen APA and (B) Amended and Restated BH Legacy APA) [Docket No. 2050]

**j.**     Order Under 11 U.S.C. §§ 105, 363 and 365 and Fed. R. Bankr. P. 2002, 6004, 6006 and 9014 (I) Approving (A) Sale of Debtors' Assets Pursuant to Asset Purchase Agreement with Berkshire Hathaway, Inc.; (B) Sale of Purchased Assets Free and Clear of Liens, Claims, Encumbrances and Other Interests; and (C) Related Agreements; and (II) Granting Related Relief [Docket No. 2247]

**k.**     Notice of Hearing for Matters Scheduled to be Heard on January 10, 2013 at 2:00 p.m. (EST) [Docket No. 2529]

**Cure Objections Going Forward**:

**a.**     Limited Objection and Reservation of Rights of PNC Mortgage, a Division of PNC Bank, NA with Respect to Proposed Sale of Debtors' Assets [Docket No. 1981]

>   **(i)**     Limited Objection and Reservation of Rights of PNC Mortgage, a Division of PNC Bank, NA to Notice of (I) Debtors' Intent to Assume and Assign Executory Contracts, Unexpired Leases of Personal Property, and (II) Cure Amounts Related Thereto [Docket No. 1635]

**b.**     Objection of Branch Banking and Trust Company to Cure Amount [Docket No. 2205]

**c.**     Objection of OceanFirst Bank to Cure Amount Submitted by OceanFirst re: Second Notice of (I) Debtors' Intent to Assume and Assign Certain SBO Servicing Agreements as Executory Contracts and (II) Cure Amount Related Thereto (Doc. No. 2077) [Docket No. 2206]

>   **(i)**     Declaration Of Kathy A. Ramos in Support of Objection to Cure Amount Submitted by OceanFirst Bank Re: Second Notice of (I) Debtors' Intent to Assume and Assign Certain SBO Servicing Agreements as Executory Contracts and (II) Cure Amount Related Thereto (Doc # 2077 and 2206) [Docket No. 2207]

**d.**     Everbank's Limited Objection to First Amended and Restated Notice of (I) Debtor's Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Non-Residential Real Property and (II) Cure Amounts Related Thereto [Docket No. 1656]

**Status**:     The hearing on these matters will be going forward.

**Resolved Cure Objections**:

a.  USAA Federal Savings Bank's Limited Objection to Debtors (I) Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), and (m), 365 and 1123, and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 for an Order (A) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests, (B) Authorizing and Approving Asset Purchase Agreements Thereto, (C) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto, and (D) Granting Related Relief; and (II) Notice of Intend to (A) Assume and Assign Certain Executory Contracts and (B) Cure Amounts [Docket No. 1611][1]

  (i)  Supplemental Limited Objection of USAA Federal Savings Bank to (I) The Debtors' Sale Motion, (II) Notice of Intent to (A) Assume and Assign Certain Executory Contracts and (B) Cure Amounts, and (III) Notice of Successful Bidder for Servicing Platform [Docket No. 2097]

  **Status**:    This matter has been resolved.  No hearing is required.

b.  Objection of MBIA Insurance Corporation to First Amended and Restated Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto [Docket No. 1736]

  **Status**:    This matter has been resolved subject to final documentation.

c.  Limited Response of PHH Mortgage Corporation to Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), and (m), 365 and 1123, and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 for Order: (A)(I) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expense Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Asset Purchase Agreements Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief [Docket No. 1980]

  **Status**:    This matter has been resolved.  No hearing is required.

---

[1] USAA's cure objection is resolved subject to documentation; however, USAA has not yet consented to the Debtors' transfer to Ocwen.

**Adjourned Cure Objections**:

a.      Digital Lewisville LLC's Objection to:  (I) Debtors' Motion for Orders: (A)(I) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expense Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances and Other Interests; (II) Authorizing and Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief [Docket No. 61]; and (II) Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto [Docket No. 1649]

        (i)      Limited Objection of Digital Lewisville, LLC to Debtors' Motion for Orders: (A)(I) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expense Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Asset Purchase Agreements Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief [Docket No. 278]

        (ii)      Digital Lewisville LLC's Supplemental Limited Objection to Debtors' Sale Motion, in Particular, Debtors' Proposed Order [Docket No. 1990]

        (iii)      Notice of Adjournment of Hearing [Docket No. 2570]

        **Status**:      The hearing on this matter has been adjourned to January 16, 2013.

b.      Limited Objection of Ally Financial Inc. and Ally Bank to the Debtors' Proposed Platform Sale Motion [Docket No. 2069]

        (i)      Notice of Filing of Ally Financial Inc. Support Letter in Relation to the Debtors' Proposed Sale of Assets [Docket No. 1845] [Docket No. 1845]

        (ii)      Limited Objection and Reservation of Rights of Ally Financial Inc. and Ally Bank Regarding Assumption and

Assignment of Certain Executory Contracts to Nationstar Mortgage LLC [Docket No. 1659]

**Status**:      The hearing on this matter has been adjourned to January 16, 2013.

c.      Objection of Wells Fargo Bank, N.A. to Debtors' Sale Motion [Docket No. 1979]

(i)      Limited Objection of Wells Fargo Bank, N.A. to Debtors' Motion to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and Cure Amounts Related Thereto [Docket No. 1648]

(ii)      Wells Fargo Bank, N.A.'s Objection to the Proposed Sale Orders and Response to Debtors' Omnibus Reply to Objections to Debtors' Sale Motion [Docket No. 2209][2]

**Status**:      The hearing on this matter has been adjourned to January 16, 2013.

d.      Objection of DB Structured Products, Inc. and MortgageIT Holdings, Inc. to Debtors' Proposed Cure Amount and to Assumption and Assignment of Related Agreements [Docket No. 1623]

(i)      Supplemental Objection of DB Structured Products, Inc. and MortgageIt Holdings, Inc. to Debtors' Proposed Cure Amount and to Assumption and Assignment of Related Agreements [Docket No. 2037]

**Status**:      The hearing on this matter has been adjourned to a later hearing date.

e.      Statement and Reservation of Rights of Ambac Assurance Corporation and the Segregated Account of Ambac Assurance Corporation with Respect to Debtors' Motion for Order (I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Asset Purchase Agreements Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief [Docket No. 2015]

---

[2] Alston & Bird LLP filed the *Objection and Reservation of Rights of Wells Fargo Bank, N.A. to (A) First Notice of (I) Debtors' Intent to Assume and Assign Certain SBO Servicing Agreements as Executory Contracts and (II) Cure Amounts Related Thereto and (B) Second Notice of (I) Debtors' Intent to Assume and Assign Certain SBO Servicing Agreements as Executory Contracts and (II) Cure Amounts Related Thereto* [Docket No. 2203]. This objection will be addressed and resolved through the resolution of Docket Numbers 1648, 1979, 2209.

      **(i)**      Objection and Reservation of Rights of Ambac Assurance Corporation and the Segregated Account of Ambac Assurance Corporation to Proposed Assumption and Assignment of Certain Executory Contracts [Docket No. 1810]

      <u>**Status**</u>:      The hearing on this matter has been adjourned to a later hearing date.

**f.**      Limited Objection of Financial Guaranty Insurance Company  to the Debtors' Sale Motion and Assumption Notice [Docket No. 1746]

      **(i)**      Declaration of Lori Sinanyan in Support of the Limited Objection of Financial Guaranty Insurance Company to the Debtors' Sale Motion and Assumption Notice [Docket No. 1748]

      <u>**Status**</u>:      The hearing on this matter has been adjourned to a later hearing date.

**g.**      CitiMortgage, Inc.'s Objection to the Debtors' Proposed Sale of the Servicing Platform [Docket No. 1992]

      **(i)**      CitiMortgage, Inc.'s Objection to the Debtors' Proposals: (I) to Assume and Assign Certain Executory Contracts; and (II) to Assign Cure Amounts Related Thereto [Docket No. 1646]

      **(ii)**      CitiMortgage, Inc.'s (A) Supplemental Objection to the Debtors' Proposals:  (I) To Assume and Assign Certain Executory Contracts; and (II) to Assign Cure Amounts Related Thereto; and (B) Objection to the Debtors' Second Notice of Intent to (I) Assume and Assign Certain SBO Servicing Agreements as Executory Contracts and (II) Cure Amounts Related Thereto [Docket No. 2210]

      <u>**Status**</u>:      The hearing on this matter has been adjourned to a later hearing date.

**h.**      Objection and Reservation of Rights of Wells Fargo Bank, N.A., to Proposed Cure Amounts and Assumption and Assignment of Executory Contracts [Docket No. 1632]

**Status**:   The hearing on this matter has been adjourned to a later hearing date.

i.   Objection of Wells Fargo Bank, N.A., as Custodian for Residential Mortgage Backed Securities Trusts, to Proposed Cure Amounts and Assumption and Assignment of Executory Contracts [Docket No. 1633]

**Status**:   The hearing on this matter has been adjourned to a later hearing date.

j.   CoreLogic, Inc.'s Objection to Debtors' Proposed Cure Amounts Necessary to Assume Contracts [Docket No. 1662]

**Status**:   The hearing on this matter has been adjourned to a later hearing date.

k.   Objection of Cal-Western Reconveyance Corporation to the First Supplemental Notice of (I) Debtor's Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto [Docket No. 1557]

**Status**:   The hearing on this matter has been adjourned to a later hearing date.

l.   Objection of Pite Duncan, LLP to Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto and First Supplemental Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto [Docket No. 1631]

**Status**:   The hearing on this matter has been adjourned to a later hearing date.

m.   Iron Mountain Information Management, Inc.'s Reservation of Rights and Limited Objection to Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts and Unexpired Leases of Personal Property and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto [Docket No. 1636]

**Status**:      The hearing on this matter has been adjourned to a later hearing date.

n.       Objection of Hewlett-Packard Company and HP Enterprise Services, LLC to the Debtors' Proposed Assumption and Assignment of Executory Contracts [Docket No. 1641]

**Status**:      The hearing on this matter has been adjourned to a later hearing date.

**Replies**:

a.       Debtors' Omnibus Reply to Objections to Debtors' Sale Motion [Docket No. 2135]

b.       Debtors' Omnibus Reply to Objections to the (A) Assumption and Assignment of Certain Agreements and (B) Related Cure Amounts [Docket No. 2574]

Dated:  January 8, 2013
        New York, New York

/s/ Gary S. Lee
Gary S. Lee
Lorenzo Marinuzzi
Norman S. Rosenbaum
Todd M. Goren
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*