MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ----------------------------------------------------------------- ) | |
| In re:                                                          ) | Case No. 12-12020 (MG) |
|                                                                 ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>.,        ) | Chapter 11 |
|                                                                 ) | |
|                                        Debtors.      ) | Jointly Administered |
| ----------------------------------------------------------------- ) | |

**NOTICE OF DEBTORS' OBJECTION TO PROOF OF CLAIM NUMBER 3545 FILED
BY NICOLE BRADBURY, *ET AL.* AGAINST GMAC MORTGAGE, LLC PURSUANT
TO SECTION 502(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3007**

    **PLEASE TAKE NOTICE** that the undersigned have filed the attached *Objection to Proof of Claim Number 3545 Filed by Nicole Bradbury, et al. Against GMAC Mortgage, LLC pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007* (the "**Objection**").

    **PLEASE TAKE FURTHER NOTICE** that a hearing on the Objection will take place on **February 7, 2013 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable Martin Glenn, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), Alexander Hamilton Custom House, One Bowling Green, New York, NY 10004, Room 501.

    **PLEASE TAKE FURTHER NOTICE** that responses, if any, to the Objection must be

made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy

Rules for the Southern District of New York, and the Notice, Case Management, and

Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed

electronically by registered users of the Bankruptcy Court's electronic case filing system, and be

served, so as to be received no later than **January 30, 2013 at 4:00 p.m. (Prevailing Eastern**

**Time)**, upon (a) counsel for the Debtors, Morrison & Foerster LLP, 1290 Avenue of the

Americas, New York, NY 10104 (Attn: Gary S. Lee, Norman S. Rosenbaum and Jordan A.

Wishnew); (b) the Office of the United States Trustee for the Southern District of New York, 33

Whitehall Street, 21st Floor, New York, NY 10004 (Attn: Tracy Hope Davis, Linda A. Riffkin,

and Brian S. Masumoto); (c) the Office of the United States Attorney General, U.S. Department

of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001 (Attn: U.S. Attorney

General, Eric H. Holder, Jr.); (d) Office of the New York State Attorney General, The Capitol,

Albany, NY 12224-0341 (Attn: Nancy Lord, Esq. and Enid N. Stuart, Esq.); (e) Office of the

U.S. Attorney for the Southern District of New York, One St. Andrews Plaza, New York, NY

10007 (Attn: Joseph N. Cordaro, Esq.); (f) counsel for Ally Financial Inc., Kirkland & Ellis LLP,

153 East 53rd Street, New York, NY 10022 (Attn: Ray Schrock and Craig A. Bruens); (g)

counsel to Barclays Bank PLC, as administrative agent for the DIP lenders, Skadden, Arps,

Slate, Meagher & Flom LLP, Four Times Square, New York, NY 10036 (Attn: Ken Ziman &

Jonathan H. Hofer); (h) counsel for the committee of unsecured creditors, Kramer Levin Naftalis

& Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attn: Kenneth Eckstein &

Greg Horowitz); (i) counsel for Ocwen Loan Servicing, LLC, Clifford Chance US LLP, 31 West

52nd Street, New York, NY 10019 (Attn: Jennifer C. DeMarco and Adam Lesman); (j) Internal

Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346 (if by overnight mail, to 2970

Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-5016); and (k) Securities and

Exchange Commission, New York Regional Office, 3 World Financial Center, Suite 400, New

York, NY 10281-1022 (Attn: George S. Canellos, Regional Director).

**PLEASE TAKE FURTHER NOTICE** that, if no responses to the Objection are timely

filed, served and received in accordance with this Notice, the Court may enter the Objection

without further notice or hearing.

Dated: January 8, 2013     Respectfully submitted,
   New York, New York

           /s/ Norman S. Rosenbaum
           Gary S. Lee
           Norman S. Rosenbaum
           Jordan A. Wishnew
           MORRISON & FOERSTER LLP
           1290 Avenue of the Americas
           New York, New York 10104
           Telephone: (212) 468-8000
           Facsimile: (212) 468-7900

           *Counsel for the Debtors and*
           *Debtors in Possession*

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

---

**DEBTORS' OBJECTION TO PROOF OF CLAIM NUMBER 3545 FILED BY NICOLE
BRADBURY, *ET AL.* AGAINST GMAC MORTGAGE, LLC PURSUANT TO SECTION
502(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3007**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........................................................................................1

JURISDICTION ..........................................................................................................2

BACKGROUND ..........................................................................................................2

    A.    Chapter 11 Cases Background...........................................................................2

    B.    Putative Bradbury Class……………………………………………………4

RELIEF REQUESTED ..................................................................................................7

BASIS FOR RELIEF ....................................................................................................7

    A.    Because The Putative Bradbury Class Has Not Been Certified And Thus No Authorized Class Agent Exists To File the Proof Of Claim, The Proof Of Claim Was Filed Improperly And Should Be Disallowed ...............................7

    B.    If Requested, The Court Should Decline To Exercise Its Discretion To Consider The Certification Of The Putative Bradbury Class ...............................9

        1.    The Putative Bradbury Class Was Not Certified as a Class Prepetition.................................................................................11

        2.    The Putative Bradbury Class Received Sufficient Notice of the Bar Date and Members Were on Notice that They Could Not Rely on Class Representation ............................................................11

        3.    Certifying the Putative Bradbury Class at This Stage in the Chapter 11 Cases Would Add Undue Delay and Impose Unnecessary Administrative Burdens to the Debtors' Estates ...............13

RESERVATION OF RIGHTS .........................................................................................15

NOTICE ..................................................................................................................16

NO PRIOR REQUEST..................................................................................................16

# TABLE OF AUTHORITIES

**Page(s)**

CASES

Am. Reserve Corp.,
    840 F.2d 487, 493-94 (7th Cir. 1988) .................................................................. 8

Bradbury, *et al.* v. GMAC Mortgage, LLC,
    No. 10-cv-00458 (D. Me. Feb. 16, 2011) .............................................................. 5

Carrera Plaintiffs v. Bally Total Fitness of Greater N.Y. (In re Bally Total Fitness of
    Greater N.Y., Inc.),
    411 B.R. 142,145 (S.D.N.Y. 2009) ............................................................... 10, 14

Gentry v. Siegel,
    668 F.3d 83 (4th Cir. 2012) .................................................................................. 14

In re Adelphia Commc'ns. Corp.,
    No. 02-41729 (REG), 2007 Bankr. LEXIS 660 (Bankr. S.D.N.Y. Feb. 20, 2007).................. 7

In re Bally Total Fitness of Greater N.Y., Inc.,
    402 B.R. 616 (Bankr. S.D.N.Y. 2009), aff'd sub nom., In re Bally Total Fitness of
    Greater N.Y., Inc., 411 B.R. 142 (S.D.N.Y. 2009) ................................................ 14

In re BGI, Inc.,
    476 B.R. 812 (Bankr. S.D.N.Y. 2012) ............................................................ 12, 13

In re Chateaugay Corp.,
    104 B.R. 626 (S.D.N.Y. 1989) ............................................................................... 7

In re Computer Learning Ctrs., Inc.,
    344 B.R. 79 (Bankr. E.D. Va. 2006) ..................................................................... 10

In re Ephedra Prods. Liability Litig.,
    329 B.R. 1 (S.D.N.Y. 2005) ..........................................................................passim

In re Motors Liquidation Co.,
    447 B.R. 150 (Bankr. S.D.N.Y. 2011) .................................................................. 10

In re Musicland Holding Corp.,
    362 B.R. 644 (Bankr. S.D.N.Y. 2007) .......................................................8, 10, 14

In re Oneida Ltd.,
    400 B.R. 384 (Bankr. S.D.N.Y. 2009) .................................................................... 7

In re XO Commc'ns., Inc.,
    301 B.R. 782 (Bankr. S.D.N.Y. 2003) .................................................................. 12

Nicole Bradbury, *et al.* v. GMAC Mortgage, LLC,
    2012 ME 131 (Me. 2012) .............................................................................................5, 6

**OTHER AUTHORITIES**

FED. R. BANKR. P. 1015(b) ...................................................................................................2

FED. R. BANKR. P. 3001 ........................................................................................................7

FED. R. BANKR. P. 3007 ...................................................................................................1, 2, 6

FED. R. BANKR. P. 7023 ............................................................................................8, 9, 10, 11

FED. R. BANKR. P. 9014(c) ...........................................................................................8, 10

FED. R. CIV. P.  23 ...................................................................................................passim

FED. R. CIV. P. 23(a) ........................................................................................................10, 16

FED. R. CIV. P. 23(b) ...................................................................................................10, 14, 16

FED. R. CIV. P. 23(c) ........................................................................................................10

FED. R. CIV. P. 23(g)(3) .....................................................................................................8

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

The debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**")[1] submit this objection (the "**Objection**") pursuant to section 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") to the proof of claim filed by Nicole Bradbury, Thomas True, Shawn Morrissette, Joseph Phillips, and Michael Holmes (together, the "**Named Plaintiffs**"), on behalf of themselves and others similarly situated (collectively, the "**Putative Bradbury Class**"), against GMAC Mortgage, LLC ("**GMACM**"), which has been designated as Claim No. 3545 (the "**Proof of Claim**") on the claims register maintained in the Debtors' chapter 11 cases, and seek the entry of an order, substantially in the form annexed hereto as <u>Exhibit 1</u>, disallowing and expunging the Proof of Claim. A copy of the Proof of Claim is annexed hereto as <u>Exhibit 2</u>.[2] In support of the Objection, the Debtors submit the Declaration of Lauren Graham Delehey, In-House Litigation Counsel at Residential Capital, LLC, dated January 8, 2013 (the "**Delehey Decl.**"), annexed hereto as <u>Exhibit 3</u> and filed contemporaneously herewith, and respectfully represent as follows:

## **PRELIMINARY STATEMENT**

1.      By the Objection, the Debtors seek to disallow and expunge the Proof of Claim filed by the Named Plaintiffs on behalf of the Putative Bradbury Class as an improperly filed proof of claim. The Named Plaintiffs commenced their litigation against GMACM over two years ago; however, the Putative Bradbury Class has yet to be certified. As a result, the

---

[1]     The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6], dated May 14, 2012.

[2]     Creditors and parties-in-interest with questions or concerns regarding the Debtors' chapter 11 cases or the relief requested in this Motion may refer to http://www.kccllc.net/rescap for additional information.

Named Plaintiffs' attempt to have an unauthorized representative act on behalf of a "class" for purposes of filing the Proof of Claim against GMACM is improper, the proof of claim is invalid and should be disallowed and expunged.

## JURISDICTION

2.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b).  The statutory predicates for the relief sought herein are section 502 of the Bankruptcy Code and Bankruptcy Rule 3007.

## BACKGROUND

### A.     Chapter 11 Cases Background

3.     On May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a voluntary petition with the Bankruptcy Court for the Southern District of New York (the "**Court**") under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**"). Since the Petition Date, the Debtors have operated their businesses and managed their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).  No trustee has been appointed in the Chapter 11 Cases.

4.     On May 16, 2012, the United States Trustee for the Southern District of New York appointed a nine member official committee of unsecured creditors.

5.     On June 20, 2012, the Court directed that an examiner be appointed, and on July 3, 2012, the Court approved Arthur J. Gonzalez as the examiner [Docket Nos. 454, 674].

6.     On July 3, 2012, the Debtors filed their Schedules of Assets and Liabilities (collectively, the "**Schedules**") and listed the claims of their known prepetition creditors therein. The Bradbury Action (defined below) is scheduled as an unsecured claim on GMACM's

-2-

Schedule F-3 "General Litigation" and listed as contingent, unliquidated, and/or disputed in an unknown amount. <u>See</u> Delehey Decl. at ¶ 3.

7.      On August 29, 2012, the Court entered its *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Docket No. 1309] (the "**Bar Date Order**"), establishing November 9, 2012 as the general claims bar date (the "**Bar Date**"). The Court subsequently entered an *Order Extending Deadline for Filing Proof of Claim* [Docket No. 2093], extending the Bar Date to November 16, 2012.

8.      Pursuant to the Bar Date Order, written notice of the Bar Date was (i) served by first-class mail on all creditors and other known holders of claims against the Debtors as of the date of the Bar Date Order (including all persons or entities listed in the Schedules as holding claims) at their last known address, as well as certain other parties in interest, and (ii) published in the *Wall Street Journal* (National Edition) and *USA Today* (National Edition). <u>See</u> Bar Date Order at ¶¶ 12, 15; <u>see also</u> Delehey Decl. at ¶ 5. A copy of the Bar Date Order was also made available publicly on the case website of the Debtors' Claims and Noticing Agent (as defined herein) at <u>http://www.kccllc.net/rescap</u>. <u>See</u> Delehey Decl. at ¶ 5.

9.      To date, approximately 6,400 claims (the "**Filed Claims**") have been filed against the Debtors in these Chapter 11 Cases. <u>See</u> Delehey Decl. at ¶ 7. After the Bar Date, the Debtors (along with Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent (the "**Claims and Noticing Agent**"), and FTI Consulting, Inc., the Debtors' financial advisors)[3] initiated a comprehensive reconciliation of the Filed Claims with the claims listed by the Debtors

---

[3]    By an order entered on May 16, 2012, the Court authorized the Debtors' retention of Kurtzman Carson Consultants LLC as the Debtors' Claims and Noticing Agent [Docket No. 96].

in the Schedules and the Debtors' books and records (the "**Books and Records**"), which process is ongoing.  See Delehey Decl. at ¶ 7.

### B.    Putative Bradbury Class

10.    On or about October 1, 2010, the Named Plaintiffs, whose current or former residences were alleged to be the subject of foreclosure proceedings in Maine, filed a class action complaint (the "**Bradbury Action**") against GMACM in Maine Superior Court, Cumberland County (the "**State Court**") styled as Steven Archibald, Nicole Bradbury, *et al.* v. GMAC Mortgage, LLC, No. __ (Me. Super. Nov. 2, 2010).[4]  See Delehey Decl. at ¶ 8.  In the Bradbury Action, the Named Plaintiffs allege that GMACM submitted false summary judgment affidavits and unsworn certifications of ownership of mortgages and mortgage notes to the federal and state courts of Maine in support of certain foreclosure actions over an approximate six-year period from approximately October 2004 to November 2010.  See id.  GMACM estimates that the period could encompass over 1,100 mortgage loans.  See id.  The complaint filed in the State Court alleged the following four separate counts (each a "**Count**") including that GMACM (I) violated the Maine Unfair Trade and Practices Act ("**MUTPA**"), (II) committed abuse of process, (III) engaged in fraud upon the courts, and (IV) breached a covenant of good faith and fair dealing.  The Named Plaintiffs, on behalf of the Putative Bradbury Class, seek injunctive relief, *inter alia*, halting foreclosure sales and/or eviction proceedings, as well as compensatory and punitive damages.  See id.

---

[4]    Upon information and belief, the Bradbury Action in the State Court was not assigned a case number before removal to the District Court.  Pursuant to a *Stipulation of Dismissal* [Docket No. 37], filed on November 23, 2010, Steven Archibald removed himself from the Bradbury Action, individually and as a member of the Putative Bradbury Class.

11.     On November 4, 2010, the Bradbury Action was removed from the State Court to the United States District Court for the District of Maine (the "**District Court**") on the bases of diversity of citizenship and the Class Action Fairness Act.  See Delehey Decl. at ¶ 9.

12.     On November 22, 2010, GMACM filed its answer to the Named Plaintiffs' class action complaint together with a motion to dismiss Counts II-IV therein. Subsequently, the parties conferred and the Named Plaintiffs agreed to withdraw Count IV.  See Delehey Decl. at ¶ 10.

13.     On February 16, 2011, the District Court entered an order that, among other things, acknowledged the parties' consensual dismissal of Count IV and granted GMACM's motion to dismiss Counts II-IV.  See Delehey Decl. at ¶ 11.  As a result of this ruling, only Count I remains, wherein the Putative Bradbury Class maintains its request for injunctive relief and damages against GMACM under the MUTPA.  See id.

14.     On March 10, 2011, GMACM moved to dismiss Count I, asserting that under Maine's judicial proceedings privilege,[5] GMACM was immune from suits based on its allegedly false affidavits and unsworn certifications because such affidavits and certifications were made in the course of judicial foreclosure proceedings.  See Delehey Decl. at ¶ 12.

15.     On June 17, 2011, in connection with GMACM's motion to dismiss Count I, the District Court certified a specific question of Maine law[6] concerning the judicial

---

[5]     The District Court observed that "Maine law accords an absolute privilege against liability in later lawsuits for statements made in the course of judicial proceedings.'"  See Decision and Order, Bradbury, et al. v. GMAC Mortgage, LLC, No. 10-cv-00458 (D. Me. Feb. 16, 2011) (citing Creamer v. Danks, 863 F.2d 1037, 1037 (1st Cir. 1988)).

[6]     The certified question of law was:  "Is Maine's common law judicial proceedings privilege an available defense to both legal and equitable claims brought under the Maine Unfair Trade Practices Act based upon statements made in court filings of affidavits and certifications in state judicial foreclosure proceedings?"  See Nicole Bradbury et al. v. GMAC Mortgage, LLC, 2012 ME 131 (Me. 2012) [hereinafter, the "**November 29 Decision**"].  The District Court, in its certification, represented:  "If the Maine Law Court were to find that the

proceedings privilege to the Maine Supreme Judicial Court (the "**Law Court**"). This certified legal question was not answered as of the Petition Date.

16.     On July 25, 2012, based on the parties' consent, this Court granted limited stay relief to permit the Law Court to answer the certified question. In its written opinion dated November 29, 2012, the Law Court declined to answer the certified question. See November 29 Decision at ¶ 11.

17.     The Bradbury Action remains subject to the automatic stay, and was administratively closed due to the automatic stay. As of the Date of this Objection, the Putative Bradbury Class has not been certified. See Delehey Decl. at ¶ 13.

18.     On November 9, 2012, the Named Plaintiffs purporting to act on behalf of the Putative Bradbury Class filed the Proof of Claim. See Delehey Decl. at ¶ 6. They assert that GMACM is liable in an amount "less than $4,999,999.00 (to the class)" in their Proof of Claim. See id. Each of the Named Plaintiffs also filed individual proofs of claim against GMACM, which have been designated as Claim Nos. 3546, 3548, 3552, 3549 and 3544, respectively, all annexed hereto as Exhibit 4, on the GMACM claims register. Each individual claim also asserts that GMACM is liable in an amount "less than $4,999,999.00 (to the class)." See id.

## **RELIEF REQUESTED**

19.     The Debtors hereby file this Objection pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007, and seek the entry of an order, substantially in the form annexed hereto as Exhibit 1, disallowing and expunging the Proof of Claim from the claims register maintained in these Chapter 11 Cases.

---

judicial proceedings privilege provides absolute immunity as to the remedies sought under the Maine Unfair Trade Practices Act for these documents filed in state judicial foreclosure proceedings, then the lawsuit will be dismissed in its entirety." Id.

## BASIS FOR RELIEF

20.     Pursuant to section 502(a) of the Bankruptcy Code, a filed proof of claim is "deemed allowed, unless a party in interest . . . objects." See 11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  See In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); In re Adelphia Commc'ns. Corp., No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007).

21.     In connection with their claims reconciliation process, the Debtors examined the Putative Bradbury Class's Proof of Claim, and following consultation with their advisors, determined that the Proof of Claim was improperly filed in the Debtors' Chapter 11 Cases and does not comply with applicable provisions of the Bankruptcy Rules and Federal Rules of Civil Procedure ("**FRCP**").

> **A.     Because The Putative Bradbury Class Has Not Been Certified And Thus No Authorized Class Agent Exists To File The Proof Of Claim, The Proof Of Claim Was Filed Improperly And Should Be Disallowed.**

22.     Bankruptcy Rule 3001 allows an authorized class representative to file a class proof of claim as an agent of the class; however, a class representative becomes an authorized agent only after the class is certified.  See In re Ephedra Prods. Liability Litig., 329 B.R. 1, 5 (S.D.N.Y. 2005) (following the American Reserve court's findings regarding when a class representative becomes an effective and recognized agent to file a class proof of claim); In re Chateaugay Corp., 104 B.R. 626, 630-32 (S.D.N.Y. 1989) (same).  If certification of the class is denied, then the prospective representative never becomes an authorized agent and the individual class members will be responsible for filing their own proofs of claim.  See Am. Reserve Corp., 840 F.2d 487, 493-94 (7th Cir. 1988).

ny-1071688

23.     In expounding on this concept, the bankruptcy court in <u>Musicland</u>

explained that (i) a proof of claim properly filed in accordance with the Bankruptcy Rules is

*prima facie* evidence of the validity of the claim and (ii) by certifying a class, the court is

effectively ratifying the representative's authority to file the claim.  <u>See In re Musicland Holding</u>

<u>Corp.</u>, 362 B.R. 644, 651-52 (Bankr. S.D.N.Y. 2007).   However, until class certification is

granted by a court of competent jurisdiction, the claim is in limbo because "'[a] proof of claim

filed by a party who is not a creditor is not a properly filed proof of claim.'"  <u>Id.</u> at 652 (citations

omitted).

24.     Therefore, "[a] proof of claim, improperly filed or improperly signed, is

not *prima facie* evidence of the debt, and until class certification, may not even be a 'filed' claim

within the meaning of 11 U.S.C. § 502(a)."  <u>Id.</u> (citation omitted).

25.     The Putative Bradbury Class has not been certified.  <u>See</u> Delehey Decl. at

¶ 13.[7]  Moreover, to date, the Putative Bradbury Class has not requested that this Court exercise

its discretion under Bankruptcy Rule 9014(c) to apply Bankruptcy Rule 7023 in an effort to

secure class certification.  <u>Cf.</u> <u>Ephedra</u>, 329 B.R. at 7 (stating that as of the commencement of a

bankruptcy case, class claimants have the right to move for class certification by virtue of 11

U.S.C. § 1109(b), even before filing a proof of claim).   Instead, the Putative Bradbury Class

opted to file the Proof of Claim as a class in spite of not having first obtained such certification.

<u>See</u> Delehey Decl. at ¶ 6.  In addition, nothing on the face of, or attached to, the Proof of Claim

provides evidence that the Putative Bradbury Class previously authorized the agent filing the

Proof of Claim to do so.  <u>See</u> Delehey Decl. at ¶ 15.  Consequently, since there is no certified

---

[7]     Indeed, counsel who submitted the Proof of Claim for the Putative Bradbury Class is not even authorized to act
for the class under FRCP 23(g)(3).  Fed. R. Civ. P. 23(g)(3) provides that a court "may designate interim
counsel to act on behalf of a putative class before determining whether to certify the action as a class action."
No such order has been entered by the District Court.  <u>See</u> Delehey Decl. at ¶ 14.

class authorized to act in connection with the Bradbury Action, there is no single representative of the Putative Bradbury Class who is authorized to file the Proof of Claim on behalf of such class. Thus, the filing of the Proof of Claim was improper, and the Proof of Claim should be disallowed and expunged. See Ephedra, 329 B.R. at 5.

26.    Accordingly, the Debtors respectfully submit that the Court should find that the Putative Bradbury Class improperly filed the Proof of Claim in these Chapter 11 Cases because (i) the putative class did not have a valid class claim against GMACM as it lacked "certified" class status prior to the Petition Date, and (ii) failed to seek such certification from this Court since the Petition Date and prior to filing the Proof of Claim. As such, the Proof of Claim should be disallowed and expunged from the GMACM claims register.

### B.    If Requested, The Court Should Decline To Exercise Its Discretion To Consider The Certification Of The Putative Bradbury Class.

27.    In response to this Objection, the Named Plaintiffs may contend that the Court should nonetheless exercise its discretion, apply Bankruptcy Rule 7023 to the Objection, and conduct a proceeding to determine whether the Putative Bradbury Class should be certified as a class action for purposes of addressing the Proof of Claim on its merits.[8] For the reasons that follow, the pertinent facts before the Court demonstrate that Named Plaintiffs cannot meet the threshold standard necessary for this Court to entertain a proceeding under FRCP 23.

28.    A proposed class may move a bankruptcy court, pursuant to Bankruptcy Rule 9014(c), to apply Bankruptcy Rule 7023 and FRCP 23, respectively, during the course of a bankruptcy proceeding. In re Motors Liquidation Co., 447 B.R. 150, 157 (Bankr. S.D.N.Y.

---

[8]    The Debtors assert that if the Putative Bradbury Class were to move for certification by the Court, then such a motion must be brought as a separate contested matter and cannot be incorporated as a response to this Objection. The Debtors expressly reserve all rights to fully address any such request and to expand upon and supplement the facts and arguments outlined herein.

2011) ("The decision to extend [FRCP] 23's application is committed to the court's discretion.");

see In re Computer Learning Ctrs., Inc., 344 B.R. 79, 85 (Bankr. E.D. Va. 2006) (upholding the

proposition that "[t]he burden is on the claimant to obtain application of Rule 7023 and also to

satisfy the requirements of Rule 23").  Upon such a request, a bankruptcy court must engage in a

two-step process.  First, the court must determine, as a threshold matter whether to consider

application of Rule 7023.  In connection with this first step, the court will consider (i) whether

the proposed class was certified as a class prepetition; (ii) whether the putative class members

received due and proper notice of the Bar Date; and (iii) whether granting class certification at

that particular stage in the chapter 11 cases would add undue delay and administrative burdens to

the debtor's estate.  See Carrera Plaintiffs v. Bally Total Fitness of Greater N.Y. (In re Bally

Total Fitness of Greater N.Y., Inc.), 411 B.R. 142,145 (S.D.N.Y. 2009); see also Ephedra, 329

B.R. at 4-5; Musicland, 362 B.R. at 654-55.

        29.     Second, if the bankruptcy court finds that the facts at hand warrant the

application of Bankruptcy Rule 7023, it will then proceed to engage in a FRCP 23 analysis and

determine whether the proposed class meets the statutory requirements for class certification.

Specifically, in order to grant such certification in the bankruptcy proceeding, the bankruptcy

court must determine that the proposed class: (i) satisfies the four elements of FRCP 23(a); (ii)

satisfies one prong of FRCP 23(b); and (iii) is certified by court order and provides notice to

class member under FRCP 23(c).[9]  Musicland, 362 B.R. at 652; see also 10 Collier on

Bankruptcy ¶ 7023.02 (16th ed.).  Should the court find that those statutory requirements are

met, the proposed class is then certified and so recognized in the bankruptcy proceeding.

---

[9]    See Fed. R. Civ. P. 23.

ny-1071688

30.    For the reasons stated herein, the circumstances surrounding the Bradbury Action and Putative Bradbury Class, combined with the current stage of these Chapter 11 Cases, do not warrant this Court's application of Bankruptcy Rule 7023.    Accordingly, this Court will not need to conduct a proceeding under FRCP 23 because the threshold standard has clearly not been satisfied.

### 1.    The Putative Bradbury Class Was Not Certified as a Class Prepetition.

31.    Litigation of the claims asserted in the Bradbury Action commenced over two years ago.    See Delehey Decl. at ¶¶ 8, 13.    To date, no court has entered an order determining that the Putative Bradbury Class satisfied the requirements for class certification pursuant to FRCP 23.    See Delehey Decl. at ¶ 13.    The one instance when the Putative Bradbury Class sought to engage this Court, it was only to request limited relief from the automatic stay in order to permit the Law Court to answer the certified issue of Maine Law.    See Delehey Decl. at ¶ 16.    In addition, over the past eight months, the Putative Bradbury Class has never attempted to seek class recognition from this Court for purposes of these Chapter 11 Cases.    See id.

### 2.    The Putative Bradbury Class Received Sufficient Notice of the Bar Date and Members Were on Notice that They Could Not Rely on Class Representation.

32.    Pursuant to the Bar Date Order, the Bar Date notice was served on counsel for the Named Plaintiffs purporting to act on behalf of the Putative Bradbury Class.    See Delehey Decl. at ¶ 5.    Pursuant to the Bar Date Order, the Debtors also published the Bar Date notice at least twenty-eight (28) days prior to the Bar Date in (a) the national edition of the *Wall Street Journal* and (b) the national edition of *USA Today*, which publication was approved by the Court and deemed good, adequate, and sufficient publication notice of the Bar Date.    See *Affidavit of Publication Re Notice of Deadlines for Filing Proof of Claim in the Wall Street Journal and USA*

-11-

*Today* [Docket No. 1528]; Bar Date Order at ¶ 15.  In addition, the Debtors prominently posted

the Bar Date notice on the website maintained by the Claims and Noticing Agent.  See Delehey

Decl. at ¶ 5.

33.     Publication in national sources, particularly when accompanied by other

forms of notice, as is the case here, has been held to constitute adequate notice to potential class

action claimants.  See, e.g., In re BGI, Inc., 476 B.R. 812, 824 (Bankr. S.D.N.Y. 2012) (holding

that publication in *New York Times* and on website maintained by claims agent constituted

adequate notice to potential class claimants); In re XO Commc'ns., Inc., 301 B.R. 782, 795

(Bankr. S.D.N.Y. 2003) (holding that publication notice in the *Wall Street Journal* regarding

applicable bar dates was adequate under bankruptcy law for unknown creditors).  As stated

above, the Bar Date notice was published in several national publications, which provided these

potential class claimants with sufficient notice of their right to file a proof of claim and the Bar

Date.  The Debtors should therefore not be held responsible for the failure of those potential

class claimants to act.

34.     Notably, the fact that each of the five Named Plaintiffs filed their own

individual proofs of claim against GMACM, each stating that GMACM is liable in an amount

"less than $4,999,999.00 (to the class)," evidences the sufficiency of notice the Debtors provided

of the Bar Date and claims procedures.  The risk that potential (unnamed) class claimants failed

to file a proof of claim because they did not realize they had a claim is substantially reduced

here, because (i) litigation in connection with potential claims has been pending for over two

years, and (ii) there was sufficient notice of the Bar Date, as discussed above.  See Delehey Decl.

at ¶ 6.  Accordingly, such individuals will not be unfairly prejudiced by the disallowance of the

Proof of Claim. Cf. BGI, 476 B.R. at 826 (finding that holders of unredeemed gift cards received

adequate constructive notice of the bar date, and did not establish excusable neglect to permit the court to allow late-filed proofs of claim).  Likewise, the Named Plaintiffs will suffer no prejudice because each filed a proof of claim in their individual capacities.

> **3.      Certifying the Putative Bradbury Class at This Stage in the Chapter 11 Cases Would Add Undue Delay and Impose Unnecessary Administrative Burdens to the Debtors' Estates.**

35.      Another factor to be considered by the Court in determining whether to allow the Putative Bradbury Class to proceed as a certified class for the purposes of filing the Proof of Claim is whether such treatment will adversely affect the administration of the Chapter 11 Cases.  For instance, a bankruptcy court may decide that applying FRCP 23 to a putative class's proof of claim is not appropriate if doing so would "gum up the works" of estate distributions.  See Ephedra, 329 B.R. at 5 (citing to In re Woodward & Lothrop Holdings, Inc., 205 B.R. 365, 376 (Bankr. S.D.N.Y. 1997) and finding that "the potential interference with timely distribution in itself presents sufficient grounds to expunge the class claims.").

36.      Certifying and permitting the Putative Bradbury Class to proceed as a class action for purposes of administering the Proof of Claim would add wholly unwarranted and unnecessary expense and delay to the administration of the Chapter 11 Cases, and specifically to the Debtors' effort to address in a timely and efficient fashion approximately 6,400 claims.  First, prior to addressing the claims on the merits, the Debtors would be compelled to engage in expensive and time consuming class certification litigation and attendant discovery.[10]  Second, certifying the Putative Bradbury Class would result in an entirely separate claims objection process apart from the procedures the Debtors and this Court will be utilizing to address thousands of other claims.  See e.g., Musicland, 362 B.R. at 656.  "[C]lass certification would

---

[10]      For example, the Debtors estimate that a contested class certification proceeding in the District Court could take approximately six months.  See Delehey Decl. at ¶ 17.

-13-

adversely affect the administration of these cases adding layers of procedural and factual complexity that accompany class-based claims, siphoning the Debtors' resources and interfering with the orderly progression of the reorganization." In re Bally Total Fitness of Greater N.Y., Inc., 402 B.R. 616, 621 (Bankr. S.D.N.Y. 2009), aff'd sub nom., In re Bally Total Fitness of Greater N.Y., Inc., 411 B.R. 142 (S.D.N.Y. 2009). "Applying Rule 23 to the [purported] class claims now would initiate protracted litigation," as the Court would not only need to determine the viability of the remaining legal issue in the Bradbury Action, but also quantify, or at a minimum – estimate, the damages related to such liability. Ephedra, 329 B.R. at 5. Such expense and delay would be borne by all of the Debtors' creditors.

37.    Finally, in analyzing whether to permit a class proof of claim to be filed in a bankruptcy case, courts weigh "the benefits and costs of class litigation against the efficiencies created by the bankruptcy claims resolution process. . . ." Gentry v. Siegel, 668 F.3d 83, 92 (4th Cir. 2012); FRCP 23(b)(3).    Specifically, the claims process in bankruptcy provides "(1) established mechanisms for notice, (2) established mechanisms for managing large numbers of claimants, (3) proceedings centralized in a single court with nationwide service of process, and (4) protection against a race to judgment since all of the debtor's assets are under control of the bankruptcy court." Gentry, 668 F.3d at 93.

38.    The Bar Date has passed, and the Debtors are engaged in the process of reviewing and evaluating the Filed Claims and will be submitting for the Court's consideration omnibus objection and settlement procedures in an effort to efficiently address and reconcile the Filed Claims. See Delehey Decl. at ¶ 7.    As discussed above, the Debtors provided sufficient notice to all potential claimants, including those comprising the Putative Bradbury Class.    See Delehey Decl. at ¶ 5. The bankruptcy claims process is designed to resolve disputes in a cost-

-14-

effective and expedited manner rather than through litigation outside of the bankruptcy court. Each of the individual proofs of claim filed by the Named Plaintiffs can be addressed more efficiently and expeditiously through the claims resolution process rather than having the Putative Bradbury Class and the Named Plaintiffs attempt to pursue an uncertain certification process that has not been pursued in nearly two and a half years since the litigation commenced.

39.     Therefore, for the reasons discussed herein, the Debtors object to and request that the Proof of Claim be disallowed and expunged in its entirety.

## **RESERVATION OF RIGHTS**

40.     This Objection does not constitute an objection with respect to any claim other than the Proof of Claim and shall not affect such claims. Further, nothing in this Objection or in any objection notice shall constitute a waiver of the right of any Debtor to assert any claims, counterclaims, rights of offset or recoupment, or any other claims against a claimant (including those asserted by the Named Plaintiffs), or to seek estimation of any claim or object to any claims of such claimants (including those asserted by the Named Plaintiffs) on any basis not previously set forth in this Objection. The Debtors reserve their rights to object to any other claims of such claimants on any grounds whatsoever. In addition, should the Proof of Claim not be disallowed and expunged pursuant to this Objection, or should one or more of the grounds for objection stated in this Objection be dismissed, the Debtors hereby reserve their rights to object to such Proof of Claim on any grounds whatsoever, including those that the Debtors discover after the date hereof. For the avoidance of doubt, the Debtors reserve their right to respond to any arguments proffered by the Named Plaintiffs concerning the Putative Bradbury Class's ability to have the class certified under FRCP 23(a) and FRCP 23(b), including that any such determination under FRCP 23, if it is to be made at all at this late date, should be made in the Bradbury Action in the District Court. The Debtors expressly reserve the right to amend, modify

or supplement this Objection and to file additional objections to the Proof of Claim or any other

claims (filed or not) which may be asserted against the Debtors.

### NOTICE

41.    The Debtors have provided notice of this Objection in accordance with the

Case Management Procedures Order, approved by this Court on May 23, 2012 [Docket No. 141].

### NO PRIOR REQUEST

42.    No previous request for the relief sought in this Objection has been made

by the Debtors to this or any other court.

**WHEREFORE**, the Debtors respectfully request entry of an order, substantially

in the form of Exhibit 1 attached hereto, (i) disallowing and expunging the Proof of Claim; and

(ii) granting such other and further relief as is just and proper.

Dated:  January 8, 2013
        New York, New York

/s/  Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Debtors and Debtors in*
*Possession*

-16-

**<u>Exhibit 1</u>**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------

| | ) | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

------------------------------------------------------------

### ORDER GRANTING DEBTORS' OBJECTION TO PROOF OF CLAIM NO. 3545 FILED BY NICOLE BRADBURY, *ET AL.* AGAINST GMAC MORTGAGE, LLC PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3007

Upon the objection (the "**Objection**")[1] of Residential Capital, LLC, and certain of its affiliates, as debtors and debtors in possession (collectively, the "**Debtors**") to the Proof of Claim and request for entry of an order (the "**Order**") pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007 seeking to disallow and expunge the Proof of Claim, all as more fully set forth in the Objection; and the Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §157(b); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Objection having been provided; and the Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and it appearing that the relief requested in the Objection is in the best interests of the Debtors' estates, their creditors and other parties in interest; and responses to the Objection, if

---

[1]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

any, having been resolved, withdrawn or otherwise overruled by this Order; and after due

deliberation and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT**:

1.       The relief requested in the Objection is GRANTED as set forth herein.

2.       The Proof of Claim is hereby disallowed and expunged in its entirety and

shall no longer be maintained on the Debtors' claim register, and Kurtzman Carson Consultants

LLC, the Claims and Noticing Agent, is directed to disallow and expunge the Proof of Claim.

3.       Entry of this Order is without prejudice to the Debtors' right to object to

any other claims in the Debtors' Chapter 11 Cases.

4.       The Debtors are authorized and empowered to take all actions as may be

necessary and appropriate to implement the terms of this Order.

5.       Notice of the Objection as provided therein shall be deemed good and

sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a) and the

Local Bankruptcy Rules of this Court are satisfied by such notice.

6.       The terms and conditions of this Order shall be immediately effective and

enforceable upon its entry.

7.       This Court shall retain jurisdiction to hear and determine all matters

arising from or related to the interpretation or implementation of this Order.


Dated:    _____ __, 2013
          New York, New York




                                         _____
                                         THE HONORABLE MARTIN GLENN
                                         UNITED STATES BANKRUPTCY JUDGE

**Exhibit 2**

Claim #3545  Date Filed: 11/9/2012

B 10 (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT   Southern District of New York | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br>GMAC Mortgage LLC | Case Number:<br>12-12032 |
|---|---|

**RECEIVED**

**NOV 0 9 2012**

KURTZMAN CARSON CONSULTANTS

**COURT USE ONLY**

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Nicolle Bradbury et al. v. GMAC Mortgage LLC, Supreme Judicial Court of Maine Fed-11-295

Name and address where notices should be sent:
C/O Andrea Bopp Stark, Esq. at Molleur Law
419 Alfred Street
Biddeford, Maine 04005

Telephone number: (207) 283-3777   email:  andrea@molleurlaw.com

❏ Check this box if this claim amends a previously filed claim.

Court Claim Number:_____
    *(If known)*

Filed on:_____

Name and address where payment should be sent (if different from above):




Telephone number:           email:

☑ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim.  Attach copy of statement giving particulars.

1. **Amount of Claim as of Date Case Filed:**     $  Less than 4,999,999.00   (to the class)

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

❏ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. **Basis for Claim:**  Wrongful foreclosure
    (See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor:<br><br>1  2  5  8   case no. | 3a. Debtor may have scheduled account as:<br><br>Bradbury et. al v. GMAC<br>(See instruction #3a) | 3b. Uniform Claim Identifier (optional):<br><br>_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _<br>(See instruction #3b) |
|---|---|---|

4. **Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ❏Real Estate  ❏Motor Vehicle  ❏Other
Describe:

Value of Property: $_____

Annual Interest Rate_____% ❏Fixed or ❏Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:

$_____

Basis for perfection: _____

Amount of Secured Claim: $_____

Amount Unsecured: $_____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).  If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

❏ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

❏ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

❏ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

❏ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

❏ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

❏ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

Amount entitled to priority:

$_____

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

6. **Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

☑ Date Stamped Copy Returned
❏ No self addressed stamped envelope
❏ No copy to return

1212032121109000000000117

B 10 (Official Form 10) (12/11)                                                                                                                    2

---

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

RECEIVED

NOV 0 9 2012

KURTZMAN CARSON CONSULTANTS

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor.    ☑ I am the creditor's authorized agent. (Attach copy of power of attorney, if any.)    ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)    ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

| | |
|---|---|
| Print Name: Andrea Bopp Stark | |
| Title: Attorney | |
| Company: Molleur Law | /s/ Andrea Bopp Stark          11/08/2012 |
| Address and telephone number (if different from notice address above): | (Signature)                              (Date) |
| 419 Alfred St. | |
| Biddeford, Maine 04005 | |

Telephone number: (207) 283-3777    email: andrea@molleurlaw.com

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, attach a complete copy of any power of attorney, and provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

# Molleur Law Office

James F. Molleur
Tanya Sambatakos*
Andrea Bopp Stark*
Jennifer G. Hayden*
Barry E. Schklair**

*Admitted in Maine and Massachusetts
** Admitted in Maine and New York

419 Alfred Street
Biddeford, Maine 04005-3747
Phone: 207.283.3777
Fax: 207.283.4558
Website: www.molleurlaw.com

Portland Office:
537 Congress Street, Suite 411
Portland, Maine

November 8, 2012

**VIA UPS OVERNIGHT MAIL**

ResCap Claims Processing Center c/o KCC
2335 Alaska Avenue
El Segundo, CA 90245

    Re:    Residential Capital, LLC, et al.,
           Chapter 11, Case No. 12-12020 (MG)

Dear Sir/Madam:

Enclosed herewith please find, for filing, Proofs of Claim on behalf of

1) Nicolle Bradbury, et al. v. GMAC Mortgage LLC, Supreme Judicial Court of Maine Fed-11-295;
2) Nicolle Bradbury individually;
3) Shawn Morrisette individually;
4) Michael Holmes individually;
5) Joseph Phillips individually; and
6) Thomas True individually.

Thank you for your assistance in this matter.

Sincerely,

Andrea Bopp Stark
andrea@molleurlaw.com

ABS:mmb
Enclosures
Copies to:      Nicolle Bradbury
                Michael Holmes
                Shawn Morrisette
                Joseph Phillips
                Thomas True

**Statement of Particulars Regarding Related Proof of Claims Filed**

Re:    GMAC Mortgage LLC,
       Case Number:    12-12032
       United States Bankruptcy Court for the Southern District of New York

The following individuals are class members in the action <u>Nicolle Bradbury, et al. v. GMAC Mortgage LLC</u>, now pending in the Supreme Judicial Court of Maine Fed-11-295:

Nicolle M. Bradbury
Shawn Morrissette
Michael H. Holmes
Thomas True
Joseph Phillips

They have filed proof of claims in this matter individually and as members of the class in the above-referenced action.

/s/ Andrea Bopp Stark
Andrea Bopp Stark (ME Bar No. 8764)
Attorney for Plaintiffs/ Creditors
Molleur Law Office
419 Alfred Street
Biddeford, Maine 04005-3747
207-283-3777
207-283-4558 (fax)

**Exhibit 3**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------
)
In re:                                              )        Case No. 12-12020 (MG)
                                                    )
RESIDENTIAL CAPITAL, LLC, et al.,      )        Chapter 11
                                                    )
                               Debtors.       )        Jointly Administered
                                                    )
---------------------------------------------------------------

**DECLARATION OF LAUREN GRAHAM DELEHEY, IN-HOUSE LITIGATION
COUNSEL AT RESIDENTIAL CAPITAL, LLC, IN SUPPORT OF DEBTORS'
OBJECTION TO PROOF OF CLAIM NUMBER 3545 FILED BY NICOLE BRADBURY,
*ET AL.* AGAINST GMAC MORTGAGE, LLC PURSUANT TO SECTION 502(b)
OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3007**

I, Lauren Graham Delehey, hereby declare as follows:

        1.     I serve as In-House Litigation Counsel in the Legal Department at

Residential Capital, LLC ("**ResCap**"), a limited liability company organized under the laws of

the state of Delaware and the parent of the other debtors and debtors in possession in the above-

captioned Chapter 11 cases (collectively, the "**Debtors**").[1]   I have held this position since I

joined ResCap on August 1, 2011.  In my role as In-House Litigation Counsel at ResCap, I am

responsible for the management of residential mortgage-related litigation, including class

actions, mass actions and multi-district litigation.  I am authorized to submit this declaration (the

"**Declaration**") in support of the *Debtors' Objection to Proof of Claim No. 3545 Filed by Nicole

Bradbury, et al. Against GMAC Mortgage, LLC Pursuant to Section 502(b) of the Bankruptcy

Code and Bankruptcy Rule 3007* (the "**Objection**").

        2.     In my capacity as In-House Litigation Counsel, I am generally familiar

with the Debtors' litigation matters, including the Bradbury Action (defined below) and other

---

[1]    The names of the Debtors in these cases and their respective tax identification numbers are identified on
Exhibit 1 to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support
of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6], dated May 14, 2012.

ny-1071802

putative class actions to which the Debtors are parties.   Except as otherwise indicated, all statements in this Declaration are based upon my personal knowledge; information supplied or verified by personnel in departments within the Debtors' various business units; my review of the Debtors' litigation case files, books and records as well as other relevant documents; my discussions with other members of the Legal Department; information supplied by the Debtors' consultants; or my opinion based upon experience, expertise, and knowledge of the Debtors' litigation matters, financial condition and history.   In making my statements based on my review of the Debtors' litigation case files, books and records, relevant documents, and other information prepared or collected by the Debtors' employees or consultants, I have relied upon these employees and consultants accurately recording, preparing, collecting, or verifying any such documentation and other information.   If I were called to testify as a witness in this matter, I would testify competently to the facts set forth herein.

 I.  **BACKGROUND**

  A.  **Debtors' Claims Administration Efforts**

 3.  On July 3, 2012, the Debtors filed their Schedules of Assets and Liabilities (collectively, the "**Schedules**") and listed the claims of their known prepetition creditors therein. Due to the nature and procedural status of the Bradbury Action, the Debtors scheduled the Bradbury Action on GMACM's[2] Schedule F-3 "General Litigation" as a contingent, unliquidated, and disputed unsecured claim in an unknown amount.

 4.  On August 29, 2012, the Court entered its *Order Establishing Deadline for Filing Proof of Claim and Approving the Form and Manner of Notice Thereof* [Docket No. 1309] (the "**Bar Date Order**"), establishing November 9, 2012 as the general claims bar date

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms as set forth in the Objection.

(the "**Bar Date**"). The Court subsequently entered an *Order Extending Deadline for Filing Proofs of Claim* [Docket No. 2093], extending the Bar Date to November 16, 2012.

5. Pursuant to the Bar Date Order, written notice of the Bar Date was (i) served by first-class mail on all creditors and other known holders of claims against the Debtors as of the date of the Bar Date Order (including all persons or entities listed in the Schedules as holding claims) at their last known address, as well as certain other parties in interest, and (ii) published in the *Wall Street Journal* (National Edition) and *USA Today* (National Edition). The *Affidavit of Service* [Docket No. 1412], annexed hereto as Exhibit A, evidences that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent (the "**Claims and Noticing Agen**t"), served notice of the Bar Date to counsel to the Putative Bradbury Class. A copy of the Bar Date Order was also made available publicly on the case website of the Debtors' Claims and Noticing Agent at http://www.kccllc.net/rescap.

6. On or about November 9, 2012, the Named Plaintiffs purporting to act on behalf of the Putative Bradbury Class filed a proof of claim, which has been designated as claim number 3545 on the GMACM claims register (the "**Proof of Claim**"). The Proof of Claim asserts that GMACM is liable in an amount "less than $4,999,999.00 (to the class)." The Named Plaintiffs also filed individual proofs of claim against GMACM, which have been designated as Claim Nos. 3546, 3548, 3552, 3549 and 3544, respectively, on the GMACM claims register. Each such individual claim also asserts that GMACM is liable in an amount "less than $4,999,999.00 (to the class)."

7. To date, approximately 6,400 claims (the "**Filed Claims**") have been filed against the Debtors in these Chapter 11 Cases. After the Bar Date, the Debtors (along with the Claims and Noticing Agent and FTI Consulting, Inc., the Debtors' financial advisors), initiated a

ny-1071802

comprehensive reconciliation of the Filed Claims with the claims listed by the Debtors in the Schedules and the Debtors' books and records, which process is ongoing. The Debtors will be submitting for the Court's consideration omnibus objection and settlement procedures in an effort to efficiently address and reconcile the Filed Claims.

### B.    The Putative Bradbury Class

8.    On or about October 1, 2010, the Named Plaintiffs, whose current and former residences were alleged to be involved in foreclosure proceedings in Maine, filed a class action complaint (the "**Bradbury Action**") against GMACM in Maine Superior Court, Cumberland County (the "**State Court**") styled as Steven Archibald, Nicole Bradbury, *et al.* v. GMAC Mortgage, LLC, No. __ (Me. Super. Nov. 2, 2010).[3] The Plaintiffs allege that GMACM submitted false summary judgment affidavits and unsworn certifications of ownership of mortgages and mortgage notes to the federal and state courts of Maine in support of certain foreclosure actions over an approximate six-year period from approximately October 2004 to November 2010. GMACM estimates that the period could encompass over 1,100 mortgage loans. The complaint filed in the State Court alleged the following four separate counts (each a "**Count**") including that GMACM (I) violated the Maine Unfair Trade and Practices Act ("**MUTPA**"), (II) committed abuse of process, (III) engaged in fraud upon the courts, and (IV) breached a covenant of good faith and fair dealing. The Named Plaintiffs, on behalf of the Putative Bradbury Class, seek injunctive relief, *inter alia*, halting foreclosure sales and/or eviction proceedings, as well as compensatory and punitive damages.

---

[3]    Pursuant to a *Stipulation of Dismissal* [Docket No. 37], filed on November 23, 2010, Steven Archibald removed himself from the Bradbury Action, individually and as a member of the Putative Bradbury Class.

4

9.      On November 4, 2010, the Bradbury Action was removed from the State Court to the United States District Court for the District of Maine (the "**District Court**") on the bases of diversity of citizenship and the Class Action Fairness Act.

10.      On November 22, 2010, GMACM filed its answer to the Named Plaintiffs' class action complaint together with a motion to dismiss Counts II-IV therein. Subsequently, the parties conferred and the Named Plaintiffs agreed to withdraw Count IV.

11.      On February 16, 2011, the District Court entered an order that, among other things, acknowledged the parties' consensual dismissal of Count IV and granted GMACM's motion to dismiss Counts II-IV.  As a result of this ruling, only Count I remains, wherein the Putative Bradbury Class maintains its request for injunctive relief and damages against GMACM under the MUTPA.

12.      On March 10, 2011, GMACM moved to dismiss Count I, asserting that under Maine's judicial proceedings privilege,[4] it was immune from suits based on its allegedly false affidavits and unsworn certifications because such affidavits and certifications were made in the course of judicial foreclosure proceedings.  The District Court certified a question on the applicability of this judicial proceedings privilege to the Maine Supreme Judicial Court (the "**Law Court**"), and after the commencement of these Chapter 11 Cases, this Court granted limited stay relief to permit the Law Court to answer this certified legal question.  Ultimately, the Law Court declined to answer such question, and Count I of the Named Plaintiffs' complaint is still pending before the District Court.

---

[4]      The District Court observed that "Maine law accords an absolute privilege against liability in later lawsuits for statements made in the course of judicial proceedings.'" See Decision and Order, Bradbury, et al. v. GMAC Mortgage, LLC, No. 10-cv-00458 (D. Me. Feb. 16, 2011) (citing Creamer v. Danks, 863 F.2d 1037, 1037 (1st Cir. 1988)).

5

II.    **THE PROOF OF CLAIM FILED ON BEHALF OF THE PUTATIVE BRADBURY CLASS SHOULD BE DISALLOWED.**

A.    **No Authorized Class Agent Exists to File the Proof of Claim.**

13.    Since the commencement of the Bradbury Action, which occurred over two years ago, the Putative Bradbury Class has not been certified.

14.    In addition, no court has entered an order pursuant to FRCP 23(g) allowing counsel who submitted the Proof of Claim for the Putative Bradbury Class to speak for or act on behalf of the Putative Bradbury Class.

15.    Further, nothing on the face of, or attached to, the Proof of Claim provides evidence that the Putative Bradbury Class previously authorized the agent filing the Proof of Claim to do so.

16.    To date, the one instance the Putative Bradbury Class sought to engage this Court was solely with the purpose of requesting limited stay relief so as to permit the Law Court to answer the certified question of Maine Law.  The Putative Bradbury Class made no attempt to seek class recognition from this Court for purposes of these Chapter 11 Cases.

B.    **Certifying the Putative Bradbury Class at This Stage in the Chapter 11 Cases Would Add Undue Delay and Administrative Burdens to the Debtors' Estates.**

17.    Certifying and permitting the Putative Bradbury Class to proceed as a class action for purposes of administering the Proof of Claim would delay the administration of the Chapter 11 Cases, and specifically, the Debtors' effort to address in a timely and efficient fashion approximately 6,400 claims that have been filed against them.  First, prior to addressing the Proof of Claim on its merits, the Debtors would be compelled to engage in expensive and time consuming class certification litigation and attendant discovery.  For example, the Debtors estimate that a contested class certification proceeding in the District Court could take

approximately six months.    Second, certifying the Putative Bradbury Class could result in an entirely separate claims objection process apart from the procedures the Debtors and this Court will be utilizing to address thousands of other claims.    The bankruptcy claims process is designed to resolve disputes in a cost-effective and expedited manner rather than through litigation outside of the bankruptcy court.    Each of the individual proofs of claim filed by the Named Plaintiffs can be addressed more efficiently and expeditiously through the claims resolution process rather than having the Putative Bradbury Class and the Named Plaintiffs attempt to pursue an uncertain certification process that has not been pursued in nearly two and a half years since the litigation commenced.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  January 8, 2013

/s/ Lauren Graham Delehey
Lauren Graham Delehey
In-House Litigation Counsel for Residential
Capital, LLC

7

**<u>Exhibit A</u>**

ny-1071802

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                              :
In re                                         :        **Chapter 11**
                                              :
**RESIDENTIAL CAPITAL, LLC, et al.,** [1]     :        **Case No. 12-12020 (MG)**
                                              :
                                              :
                                              :        **(Jointly Administered)**
                     **Debtors.**             :
-------------------------------------------------------------x

## AFFIDAVIT OF SERVICE

    I, Clarissa D. Cu, depose and say that I am employed by Kurtzman Carson Consultants LLC (KCC), the claims and noticing agent for the Debtors.

A.  On or before September 7, 2012, at my direction and under my supervision, employees of KCC caused the following documents to be served via First Class mail upon the Monthly Service List attached hereto as **Exhibit A**, upon the Claimants and Notice Parties attached hereto as **Exhibit B**, upon the parties attached hereto as **Exhibit C**, via Overnight mail on service list attached hereto as **Exhibit D** for subsequent distribution to beneficial holders of the securities listed on the attached **Exhibit E**, and via Electronic mail upon the parties attached hereto as **Exhibit F**:

1.  Notice of Deadlines for Filing Proofs of Claim, dated August 29, 2012, attached hereto as **Exhibit G**

2.  Proof of Claim Form attached here to as **Exhibit H**

*(This space intentionally left blank)*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Residential Capital, LLC (0738); ditech, LLC (7228); DOA Holding Properties, LLC (4257); DOA Properties IX (Lots-Other), LLC (3274), EPRE LLC (7974); Equity Investment I, LLC (2797); ETS of Virginia, Inc. (1445); ETS of Washington, Inc. (0665); Executive Trustee Services, LLC (8943); GMAC Model Home Finance I, LLC (8469); GMAC Mortgage USA Corporation (6930); GMAC Mortgage, LLC (4840); GMAC Residential Holding Company, LLC (2190); GMAC RH Settlement Services, LLC (6156); GMACM Borrower LLC (4887); GMACM REO LLC (2043); GMACR Mortgage Products, LLC (6369); GMAC-RFC Holding Company, LLC (3763); HFN REO Sub II, LLC (N/A); Home Connects Lending Services, LLC (9412); Homecomings Financial Real Estate Holdings, LLC (6869); Homecomings Financial, LLC (9458); Ladue Associates, Inc. (3048); Passive Asset Transactions, LLC (4130); PATI A, LLC (2729); PATI B, LLC (2937); PATI Real Estate Holdings, LLC (5201); RAHI A, LLC (3321); RAHI B, LLC (3553); RAHI Real Estate Holdings, LLC (5287); RCSFJV204, LLC (2722); Residential Accredit Loans, Inc. (8240); Residential Asset Mortgage Products, Inc. (5181); Residential Asset Securities Corporation (2653); Residential Consumer Services of Alabama, LLC (5449); Residential Consumer Services of Ohio, LLC (4796); Residential Consumer Services of Texas, LLC (0515); Residential Consumer Services, LLC (2167); Residential Funding Company, LLC (1336); Residential Funding Mortgage Exchange, LLC (4247); Residential Funding Mortgage Securities I, Inc. (6294); Residential Funding Mortgage Securities II, Inc. (8858); Residential Funding Real Estate Holdings, LLC (6505); Residential Mortgage Real Estate Holdings, LLC (7180); RFC Asset Holdings II, LLC (4034); RFC Asset Management, LLC (4678); RFC Borrower LLC (5558); RFC Constructing Funding, LLC (5730); RFC REO LLC (2407); RFC SFJV-2002, LLC (4670); RFC-GSAP Servicer Advance, LLC (0289)

1212020120911000000000007

B. On or before September 7, 2012, at my direction and under my supervision, employees of KCC caused the following documents to be served via First Class mail upon the Creditor Matrix attached hereto as **Exhibit I**

    1.   Notice of Deadlines for Filing Proofs of Claim, dated August 29, 2012, attached hereto as **Exhibit G**

    2.   [Customized] Proof of Claim Form

Dated: September 11, 2012

_____
Clarissa D. Cu

State of California

County of Los Angeles

Subscribed and sworn to (or affirmed) before me on this 11th of September, 2012, by Clarissa D. Cu, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature: _____

LYDIA PASTOR NINO
Commission # 1960751
Notary Public - California
Los Angeles County
My Comm. Expires Nov 18, 2015

2

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| NICOLE BOWERS AND NICOLE MCGRATH | | 13636 AMODIO AVE | AND DANIEL MCGRATH | | UNIONTOWN | OH | 44685 | |
| NICOLE BRADBURY et al VS GMAC MORTGAGE LLC | | Law Offices of Thomas A Cox | PO Box 1314 | | Portland | ME | 04104 | |
| NICOLE BRADBURY et al VS GMAC MORTGAGE LLC | | Molleur Law Office | 419 Alfred St | | Biddeford | ME | 04005 | |
| NICOLE BRIGUGLIO ATT AT LAW | | 9333 BASELINE RD STE 110 | | | RANCHO CUCAMONGA | CA | 91730 | |
| Nicole Brown | | 826 10th Avenue | | | Gilbertville | IA | 50634 | |
| NICOLE BUCCI AND STEVEN STILLWELL AND | | 11591 SW 9TH CT | FIVE STAR ROOFING CONSULTANTS | | PEMBROKE PINES | FL | 33025 | |
| Nicole Burdette | | 3516 Matilda Ave | Apt 112 | | Dallas | TX | 75206 | |
| NICOLE BYLAND | | 2011 W LAKE JESSIE DR SE | | | ALEXANDRIA | MN | 56308 | |
| NICOLE CALSADA OR REO BAY AREA LP | | 1785 HANCOOK ST | STE 100 | | SAN DIEGO | CA | 92110 | |
| NICOLE CASSELS, AMY | | 1626 BETHSAIDA RD | | | BOAZ | AL | 35957 | |
| NICOLE CATANZARO | | 9114 ADAMS AV #139 | | | HUNTINGTON BEACH | CA | 92646 | |
| NICOLE CHURCHILL AND HOMESURE INC | | 15781 AZURITE CT NW | | | RAMSEY | MN | 55303 | |
| Nicole Commesso | | 13 Kyle Way | | | Ewing | NJ | 08628 | |
| NICOLE COOK AND NICOLE | | 8247 VAN VLEET RD | JONES AND NICHOLAS JONES | | GAINES | MI | 48436 | |
| NICOLE D WEBB | | 644 ST JULES LANE | | | NASHVILLE | TN | 37211 | |
| Nicole Day | | 535 Neshaminy Street | | | Penndel | PA | 19047 | |
| NICOLE DEFELICE | | 14527 YALE COURT | | | STERLING HEIGHTS | MI | 48313 | |
| Nicole Delagardelle | | 4250 Lafayette Road | | | Evansdale | IA | 50707 | |
| Nicole DiGregorio | | 11 Boxwood Lane | | | Langhorne | PA | 19047 | |
| NICOLE DOWNEY AND MICHAEL | | 210 HOLY CROSS RD | KUSICK AND RIVERBAY HM INSP AND SRVC CO | | BROOKLYN | MD | 21225 | |
| NICOLE E FLORIN ATT AT LAW | | 717 PONCE DE LEON BLVD STE 209 | | | CORAL GABLES | FL | 33134 | |
| NICOLE E PUNICKI | | 6494 E. SILVER MESA DRIVE | | | HIGHLANDS RANCH | CO | 80130 | |
| Nicole Eastman-Warburton | | PO Box 164 | | | Janesville | IA | 50647 | |

**Exhibit 4**

Claim #3546    Date Filed: 11/9/2012

B 10 (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT    Southern District of New York | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br>GMAC Mortgage LLC | Case Number:<br>12-12032 | |
|---|---|---|

**RECEIVED**

**NOV 0 9 2012**

KURTZMAN CARSON CONSULTANTS

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

**COURT USE ONLY**

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Nicolle Bradbury

Name and address where notices should be sent:
C/O Andrea Bopp Stark, Esq. at Molleur Law
419 Alfred Street
Biddeford, Maine 04005

Telephone number:  (207) 283-3777    email:   andrea@molleurlaw.com

☐ Check this box if this claim amends a previously filed claim.

**Court Claim Number:**_____
(*If known*)

Filed on:_____

Name and address where payment should be sent (if different from above):




Telephone number:            email:

☑ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim.  Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:** Less than $_____ 4,999,999.00   (for class)

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** __Wrongful foreclosure_____
(See instruction #2)

| **3. Last four digits of any number by which creditor identifies debtor:**<br><br>5  6  7  8  loan no. | **3a. Debtor may have scheduled account as:**<br><br>Bradbury et. al v. GMAC<br>(See instruction #3a) | **3b. Uniform Claim Identifier (optional):**<br><br>_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _<br>(See instruction #3b) |
|---|---|---|

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:

Value of Property: $_____

Annual Interest Rate_____% ☐ Fixed  or  ☐ Variable
(when case was filed)

**Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:**

$_____

Basis for perfection: _____

Amount of Secured Claim:  $_____

Amount Unsecured:  $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).  If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

☑ Date Stamped Copy Returned
☐ No self addressed stamped envelope
☐ No copy to return



121203212110900000000000118

B 10 (Official Form 10) (12/11)                                                                                                                2

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

RECEIVED
NOV 0 9 2012
KURTZMAN CARSON CONSULTANTS

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor.    ☑ I am the creditor's authorized agent.    ☐ I am the trustee, or the debtor,    ☐ I am a guarantor, surety, indorser, or other codebtor.
                              (Attach copy of power of attorney, if any.)    or their authorized agent.    (See Bankruptcy Rule 3005.)
                                                                            (See Bankruptcy Rule 3004.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

| | |
|---|---|
| Print Name:  Andrea Bopp Stark | |
| Title:  Attorney | /s/ Andrea Bopp Stark          11/08/2012 |
| Company:  Molleur Law | (Signature)                              (Date) |
| Address and telephone number (if different from notice address above): | |
|  419 Alfred St. | |
|  Biddeford, Maine 04005 | |

Telephone number: (207) 283-3777    email: andrea@molleurlaw.com

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

### Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, attach a complete copy of any power of attorney, and provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

# Molleur Law Office

James F. Molleur
Tanya Sambatakos*
Andrea Bopp Stark*
Jennifer G. Hayden*
Barry E. Schklair**

419 Alfred Street
Biddeford, Maine 04005-3747
Phone: 207.283.3777
Fax: 207.283.4558
Website: www.molleurlaw.com

*Admitted in Maine and Massachusetts
** Admitted in Maine and New York

Portland Office:
537 Congress Street, Suite 411
Portland, Maine

November 8, 2012

**VIA UPS OVERNIGHT MAIL**

ResCap Claims Processing Center c/o KCC
2335 Alaska Avenue
El Segundo, CA 90245

      Re:      Residential Capital, LLC, et al.,
                Chapter 11, Case No. 12-12020 (MG)

Dear Sir/Madam:

      Enclosed herewith please find, for filing, Proofs of Claim on behalf of

1) Nicolle Bradbury, et al. v. GMAC Mortgage LLC, Supreme Judicial Court of Maine Fed-11-295;
2) Nicolle Bradbury individually;
3) Shawn Morrisette individually;
4) Michael Holmes individually;
5) Joseph Phillips individually; and
6) Thomas True individually.

Thank you for your assistance in this matter.

                    Sincerely,

                    Andrea Bopp Stark
                    andrea@molleurlaw.com

ABS:mmb
Enclosures
Copies to:     Nicolle Bradbury
             Michael Holmes
             Shawn Morrisette
             Joseph Phillips
             Thomas True

**Statement of Particulars Regarding Related Proof of Claims Filed**

Re:    GMAC Mortgage LLC,
       Case Number:   12-12032
       United States Bankruptcy Court for the Southern District of New York


The following individuals are class members in the action <u>Nicolle Bradbury, et al. v. GMAC Mortgage LLC</u>, now pending in the Supreme Judicial Court of Maine Fed-11-295:

Nicolle M. Bradbury
Shawn Morrissette
Michael H. Holmes
Thomas True
Joseph Phillips

They have filed proof of claims in this matter individually and as members of the class in the above-referenced action.


/s/ *Andrea Bopp Stark*
Andrea Bopp Stark (ME Bar No. 8764)
Attorney for Plaintiffs/ Creditors
Molleur Law Office
419 Alfred Street
Biddeford, Maine 04005-3747
207-283-3777
207-283-4558 (fax)

B 10 (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT    Southern District of New York | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br>GMAC Mortgage LLC | Case Number:<br>12-12032 | **RECEIVED**<br><br>NOV 0 9 2012<br><br>KURTZMAN CARSON CONSULTANTS |
|---|---|---|

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

Michael Holmes

**COURT USE ONLY**

Name and address where notices should be sent:
C/O Andrea Bopp Stark, Esq. at Molleur Law
419 Alfred Street
Biddeford, Maine 04005

Telephone number:  (207) 283-3777    email:   andrea@molleurlaw.com

❏ Check this box if this claim amends a previously filed claim.

**Court Claim Number:**_____
  (*If known*)

Filed on:_____

Name and address where payment should be sent (if different from above):




Telephone number:         email:

☑ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim.  Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:**  Less Than      4,999,999.00    (for class)

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

❏ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:**   Wrongful foreclosure
   (See instruction #2)

| **3. Last four digits of any number** by which creditor identifies debtor:<br><br>2  5  8  2    SSN | **3a. Debtor may have scheduled account as:**<br><br>Bradbury et. al v. GMAC<br>(See instruction #3a) | **3b. Uniform Claim Identifier (optional):**<br><br>_____<br>(See instruction #3b) |
|---|---|---|

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:

$_____

**Nature of property or right of setoff:** ❏Real Estate  ▪Motor Vehicle  ❏Other
**Describe:**

**Basis for perfection:** _____

**Value of Property: $**_____

**Amount of Secured Claim: $**_____

**Annual Interest Rate**____% ❏Fixed  or  ❏Variable
**(when case was filed)**

**Amount Unsecured: $**_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

❏ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

❏ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

❏ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

❏ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

❏ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

❏ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

☑ Date Stamped Copy Returned
❏ No self addressed stamped envelope
❏ No copy to return

1212032121109000000000119

B 10 (Official Form 10) (12/11)                                                                                                                    2

**7. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

**RECEIVED**

If the documents are not available, please explain:

**NOV 0 9 2012**

**8. Signature:** (See instruction #8)

**KURTZMAN CARSON CONSULTANTS**

Check the appropriate box.

☐ I am the creditor.    ☑ I am the creditor's authorized agent.    ☐ I am the trustee, or the debtor,    ☐ I am a guarantor, surety, indorser, or other codebtor.
(Attach copy of power of attorney, if any.)    or their authorized agent.    (See Bankruptcy Rule 3005.)
(See Bankruptcy Rule 3004.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

| | | |
|---|---|---|
| Print Name: | Andrea Bopp Stark | |
| Title: | Attorney | |
| Company: | Molleur Law | /s/ Andrea Bopp Stark                11/08/2012 |
| Address and telephone number (if different from notice address above): | | (Signature)                           (Date) |
| 419 Alfred St. | | |
| Biddeford, Maine 04005 | | |

Telephone number: (207) 283-3777    email: andrea@molleurlaw.com

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**
*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*
**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, attach a complete copy of any power of attorney, and provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

# Molleur Law Office

James F. Molleur
Tanya Sambatakos*
Andrea Bopp Stark*
Jennifer G. Hayden*
Barry E. Schklair**

*Admitted in Maine and Massachusetts
** Admitted in Maine and New York

419 Alfred Street
Biddeford, Maine 04005-3747
Phone: 207.283.3777
Fax: 207.283.4558
Website: www.molleurlaw.com

Portland Office:
537 Congress Street, Suite 411
Portland, Maine

November 8, 2012

**VIA UPS OVERNIGHT MAIL**

ResCap Claims Processing Center c/o KCC
2335 Alaska Avenue
El Segundo, CA 90245

> Re:   Residential Capital, LLC, et al.,
>        Chapter 11, Case No. 12-12020 (MG)

Dear Sir/Madam:

Enclosed herewith please find, for filing, Proofs of Claim on behalf of

1) Nicolle Bradbury, et al. v. GMAC Mortgage LLC, Supreme Judicial Court of Maine Fed-11-295;
2) Nicolle Bradbury individually;
3) Shawn Morrisette individually;
4) Michael Holmes individually;
5) Joseph Phillips individually; and
6) Thomas True individually.

Thank you for your assistance in this matter.

Sincerely,

Andrea Bopp Stark
andrea@molleurlaw.com

ABS:mmb
Enclosures
Copies to:      Nicolle Bradbury
                Michael Holmes
                Shawn Morrisette
                Joseph Phillips
                Thomas True

**Statement of Particulars Regarding Related Proof of Claims Filed**

Re:    GMAC Mortgage LLC,
       Case Number:   12-12032
       United States Bankruptcy Court for the Southern District of New York


The following individuals are class members in the action <u>Nicolle Bradbury, et al. v. GMAC Mortgage LLC</u>,
now pending in the Supreme Judicial Court of Maine Fed-11-295:

Nicolle M. Bradbury
Shawn Morrissette
Michael H. Holmes
Thomas True
Joseph Phillips

They have filed proof of claims in this matter individually and as members of the class in the above-
referenced action.


/s/ *Andrea Bopp Stark*
Andrea Bopp Stark (ME Bar No. 8764)
Attorney for Plaintiffs/ Creditors
Molleur Law Office
419 Alfred Street
Biddeford, Maine 04005-3747
207-283-3777
207-283-4558 (fax)

B 10 (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT    Southern District of New York | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br>GMAC Mortgage LLC | Case Number:<br>12-12032 |
|---|---|

RECEIVED

NOV 0 9 2012

KURTZMAN CARSON CONSULTANTS

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**Thomas True**

COURT USE ONLY

Name and address where notices should be sent:
C/O Andrea Bopp Stark, Esq. at Molleur Law
419 Alfred Street
Biddeford, Maine 04005
Telephone number:  (207) 283-3777    email:  andrea@molleurlaw.com

❑ Check this box if this claim amends a previously filed claim.

**Court Claim Number:**_____
  *(If known)*

Filed on:_____

Name and address where payment should be sent (if different from above):




Telephone number:          email:

☑ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:**        $  *less than* 4,999,999.00  (to the class)

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

❑ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** __Wrongful foreclosure_____
   (See instruction #2)

| **3. Last four digits of any number** by which creditor identifies debtor:<br><br>  5  4  3  1  (loan no.) | **3a. Debtor may have scheduled account as:**<br><br>  Bradbury et. al v. GMAC___<br>  (See instruction #3a) | **3b. Uniform Claim Identifier (optional):**<br><br>  _____<br>  (See instruction #3b) |
|---|---|---|

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ❑ Real Estate  ❑ Motor Vehicle  ❑ Other
**Describe:**

**Value of Property: $**_____

**Annual Interest Rate**_____% ❑ Fixed  or  ❑ Variable
**(when case was filed)**

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
$_____

Basis for perfection: _____

**Amount of Secured Claim:**  $_____

**Amount Unsecured:**  $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

❑ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

❑ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

❑ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

❑ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

❑ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

❑ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

**Amount entitled to priority:**
$_____

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

☑ Date Stamped Copy Returned
❑ No self addressed stamped envelope
❑ No copy to return

1212032121109000000000122

B 10 (Official Form 10) (12/11)

2

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**RECEIVED**

**NOV 0 9 2012**

**8. Signature:** (See instruction #8)

**KURTZMAN CARSON CONSULTANTS**

Check the appropriate box.

☐ I am the creditor.  ☑ I am the creditor's authorized agent. (Attach copy of power of attorney, if any.)  ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)  ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:  Andrea Bopp Stark
Title:  Attorney
Company:  Molleur Law
Address and telephone number (if different from notice address above):
419 Alfred St.
Biddeford, Maine 04005

/s/ Andrea Bopp Stark
(Signature)

11/08/2012
(Date)

Telephone number: (207) 283-3777    email: andrea@molleurlaw.com

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

---

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into one or more of the categories shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, attach a complete copy of any power of attorney, and provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

# Molleur Law Office

James F. Molleur
Tanya Sambatakos*
Andrea Bopp Stark*
Jennifer G. Hayden*
Barry E. Schklair**

419 Alfred Street
Biddeford, Maine 04005-3747
Phone: 207.283.3777
Fax:  207.283.4558
Website: www.molleurlaw.com

*Admitted in Maine and Massachusetts
** Admitted in Maine and New York

Portland Office:
537 Congress Street, Suite 411
Portland, Maine

November 8, 2012

**VIA UPS OVERNIGHT MAIL**

ResCap Claims Processing Center c/o KCC
2335 Alaska Avenue
El Segundo, CA  90245

      Re:      Residential Capital, LLC, et al.,
                Chapter 11, Case No. 12-12020 (MG)

Dear Sir/Madam:

Enclosed herewith please find, for filing, Proofs of Claim on behalf of

1) Nicolle Bradbury, et al. v. GMAC Mortgage LLC, Supreme Judicial Court of Maine Fed-11-295;
2) Nicolle Bradbury individually;
3) Shawn Morrisette individually;
4) Michael Holmes individually;
5) Joseph Phillips individually; and
6) Thomas True individually.

Thank you for your assistance in this matter.

Sincerely,

Andrea Bopp Stark
andrea@molleurlaw.com

ABS:mmb
Enclosures
Copies to:      Nicolle Bradbury
              Michael Holmes
              Shawn Morrisette
              Joseph Phillips
              Thomas True

**Statement of Particulars Regarding Related Proof of Claims Filed**

Re:    GMAC Mortgage LLC,
       Case Number:   12-12032
       United States Bankruptcy Court for the Southern District of New York

The following individuals are class members in the action <u>Nicolle Bradbury, et al. v. GMAC Mortgage LLC</u>, now pending in the Supreme Judicial Court of Maine Fed-11-295:

Nicolle M. Bradbury
Shawn Morrissette
Michael H. Holmes
Thomas True
Joseph Phillips

They have filed proof of claims in this matter individually and as members of the class in the above-referenced action.

/s/ *Andrea Bopp Stark*
Andrea Bopp Stark (ME Bar No. 8764)
Attorney for Plaintiffs/ Creditors
Molleur Law Office
419 Alfred Street
Biddeford, Maine 04005-3747
207-283-3777
207-283-4558 (fax)

B 10 (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT    Southern District of New York | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br>GMAC Mortgage LLC | Case Number:<br>12-12032 | |
|---|---|---|

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

**Shawn Morrissette**

**RECEIVED**

NOV 0 9 2012

KURTZMAN CARSON CONSULTANTS

**COURT USE ONLY**

Name and address where notices should be sent:
C/O Andrea Bopp Stark, Esq. at Molleur Law
419 Alfred Street
Biddeford, Maine 04005

Telephone number: (207) 283-3777    email: andrea@molleurlaw.com

❏ Check this box if this claim amends a previously filed claim.

**Court Claim Number:**_____
    (*If known*)

Filed on:_____

Name and address where payment should be sent (if different from above):

Telephone number:          email:

☑ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:**          $    Less than 4,999,999.00    (to the class)

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

❏ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:**  Wrongful foreclosure
    (See instruction #2)

| **3. Last four digits of any number by which creditor identifies debtor:**<br><br>7  2  7  7  SSN | **3a. Debtor may have scheduled account as:**<br><br>Bradbury et. al v. GMAC<br>(See instruction #3a) | **3b. Uniform Claim Identifier (optional):**<br><br>_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _<br>(See instruction #3b) |
|---|---|---|

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ❏Real Estate  ❏Motor Vehicle  ❏Other
Describe:

Value of Property: $_____

Annual Interest Rate_____% ❏Fixed  or  ❏Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:

                                                       $_____

Basis for perfection: _____

Amount of Secured Claim:  $_____

Amount Unsecured:  $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

❏ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

❏ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

❏ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

❏ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

❏ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

❏ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

Amount entitled to priority:

$_____

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

☑ Date Stamped Copy Returned
❏ No self addressed stamped envelope
❏ No copy to return

1212032121109000000000120

B 10 (Official Form 10) (12/11)                                                                                                                          2

**7. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS.  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

RECEIVED
NOV 0 9 2012
KURTZMAN CARSON CONSULTANTS

---

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor.   ☑ I am the creditor's authorized agent.   ☐ I am the trustee, or the debtor,   ☐ I am a guarantor, surety, indorser, or other codebtor.
(Attach copy of power of attorney, if any.)   or their authorized agent.   (See Bankruptcy Rule 3005.)
(See Bankruptcy Rule 3004.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:  Andrea Bopp Stark
Title:  Attorney
Company:  Molleur Law          /s/ Andrea Bopp Stark                          11/08/2012
Address and telephone number (if different from notice address above):     (Signature)                    (Date)
419 Alfred St.
Biddeford, Maine 04005

Telephone number: (207) 283-3777    email: andrea@molleurlaw.com
*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

### INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law.  In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case.  A separate space is provided for the payment address if it differs from the notice address.  The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.)  If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into one or more category shown, check the appropriate box(es) and state the amount entitled to priority.  (See Definitions.)  A claim may be partly priority and partly non-priority.  For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d).  If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it.  FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief.  Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration.  Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, attach a complete copy of any power of attorney, and provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

**Statement of Particulars Regarding Related Proof of Claims Filed**

Re:   GMAC Mortgage LLC,
      Case Number:   12-12032
      United States Bankruptcy Court for the Southern District of New York


The following individuals are class members in the action <u>Nicolle Bradbury, et al. v. GMAC Mortgage LLC</u>, now pending in the Supreme Judicial Court of Maine Fed-11-295:

Nicolle M. Bradbury
Shawn Morrissette
Michael H. Holmes
Thomas True
Joseph Phillips

They have filed proof of claims in this matter individually and as members of the class in the above-referenced action.

/s/ *Andrea Bopp Stark*
Andrea Bopp Stark (ME Bar No. 8764)
Attorney for Plaintiffs/ Creditors
Molleur Law Office
419 Alfred Street
Biddeford, Maine 04005-3747
207-283-3777
207-283-4558 (fax)

# Molleur Law Office

James F. Molleur
Tanya Sambatakos*
Andrea Bopp Stark*
Jennifer G. Hayden*
Barry E. Schklair**

419 Alfred Street
Biddeford, Maine 04005-3747
Phone: 207.283.3777
Fax: 207.283.4558
Website: www.molleurlaw.com

*Admitted in Maine and Massachusetts
** Admitted in Maine and New York

Portland Office:
537 Congress Street, Suite 411
Portland, Maine

November 8, 2012

**<u>VIA UPS OVERNIGHT MAIL</u>**

ResCap Claims Processing Center c/o KCC
2335 Alaska Avenue
El Segundo, CA 90245

> Re:    Residential Capital, LLC, et al.,
> Chapter 11, Case No. 12-12020 (MG)

Dear Sir/Madam:

Enclosed herewith please find, for filing, Proofs of Claim on behalf of

1) Nicolle Bradbury, et al. v. GMAC Mortgage LLC, Supreme Judicial Court of Maine Fed-11-295;
2) Nicolle Bradbury individually;
3) Shawn Morrisette individually;
4) Michael Holmes individually;
5) Joseph Phillips individually; and
6) Thomas True individually.

Thank you for your assistance in this matter.

Sincerely,

Andrea Bopp Stark
andrea@molleurlaw.com

ABS:mmb
Enclosures
Copies to:    Nicolle Bradbury
Michael Holmes
Shawn Morrisette
Joseph Phillips
Thomas True

Claim #3544 Date Filed: 11/9/2012

B 10 (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT    Southern District of New York | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br>GMAC Mortgage LLC | Case Number:<br>12-12032 | RECEIVED<br><br>NOV 0 9 2012<br><br>KURTZMAN CARSON CONSULTANTS |
|---|---|---|

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>Joseph Phillips | **COURT USE ONLY** |
|---|---|
| Name and address where notices should be sent:<br>C/O Andrea Bopp Stark, Esq. at Molleur Law<br>419 Alfred Street<br>Biddeford, Maine 04005<br><br>Telephone number: (207) 283-3777    email: andrea@molleurlaw.com | ☐ Check this box if this claim amends a previously filed claim.<br><br>**Court Claim Number:**_____<br>(*If known*)<br><br>Filed on:_____ |
| Name and address where payment should be sent (if different from above):<br><br><br><br>Telephone number:        email: | ☑ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars. |

**1. Amount of Claim as of Date Case Filed:**        $    Less than 4,999,999.00   (to the class)

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:**   Wrongful foreclosure_____
(See instruction #2)

| **3. Last four digits of any number by which creditor identifies debtor:**<br><br>6   4   7   3   SSN | **3a. Debtor may have scheduled account as:**<br><br>Bradbury et. al v. GMAC___<br>(See instruction #3a) | **3b. Uniform Claim Identifier (optional):**<br><br>_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _<br>(See instruction #3b) |
|---|---|---|

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:**

**Nature of property or right of setoff:** ☐Real Estate  ☐Motor Vehicle  ☐Other
**Describe:**

$_____

**Basis for perfection:** _____

**Value of Property: $**_____

**Amount of Secured Claim:** $_____

**Annual Interest Rate**_____% ☐Fixed or ☐Variable
**(when case was filed)**

**Amount Unsecured:** $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

☑ Date Stamped Copy Returned
☐ No self addressed stamped envelope
☐ No copy to return

1212032121109000000000121

B 10 (Official Form 10) (12/11)                                                                                                                   2

---

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.                              **RECEIVED**

If the documents are not available, please explain:                                                                                          NOV 0 9 2012

---

**8. Signature:** (See instruction #8)                                                                                 KURTZMAN CARSON CONSULTANTS

Check the appropriate box.

☐ I am the creditor.    ☑ I am the creditor's authorized agent.    ☐ I am the trustee, or the debtor,    ☐ I am a guarantor, surety, indorser, or other codebtor.
(Attach copy of power of attorney, if any.)    or their authorized agent.    (See Bankruptcy Rule 3005.)
(See Bankruptcy Rule 3004.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

| | |
|---|---|
| Print Name: Andrea Bopp Stark | |
| Title: Attorney | /s/ Andrea Bopp Stark                                    11/08/2012 |
| Company: Molleur Law | (Signature)                                                  (Date) |
| Address and telephone number (if different from notice address above): | |
| 419 Alfred St. | |
| Biddeford, Maine 04005 | |

Telephone number: (207) 283-3777    email: andrea@molleurlaw.com
*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

### INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, attach a complete copy of any power of attorney, and provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

# Molleur Law Office

James F. Molleur
Tanya Sambatakos*
Andrea Bopp Stark*
Jennifer G. Hayden*
Barry E. Schklair**

*Admitted in Maine and Massachusetts
** Admitted in Maine and New York

419 Alfred Street
Biddeford, Maine 04005-3747
Phone: 207.283.3777
Fax: 207.283.4558
Website: www.molleurlaw.com

Portland Office:
537 Congress Street, Suite 411
Portland, Maine

November 8, 2012

**VIA UPS OVERNIGHT MAIL**

ResCap Claims Processing Center c/o KCC
2335 Alaska Avenue
El Segundo, CA 90245

      Re:     Residential Capital, LLC, et al.,
             Chapter 11, Case No. 12-12020 (MG)

Dear Sir/Madam:

      Enclosed herewith please find, for filing, Proofs of Claim on behalf of

1) Nicolle Bradbury, et al. v. GMAC Mortgage LLC, Supreme Judicial Court of Maine Fed-11-295;
2) Nicolle Bradbury individually;
3) Shawn Morrisette individually;
4) Michael Holmes individually;
5) Joseph Phillips individually; and
6) Thomas True individually.

      Thank you for your assistance in this matter.

                    Sincerely,

                    Andrea Bopp Stark
                    andrea@molleurlaw.com

ABS:mmb
Enclosures
Copies to:    Nicolle Bradbury
             Michael Holmes
             Shawn Morrisette
             Joseph Phillips
             Thomas True

**Statement of Particulars Regarding Related Proof of Claims Filed**

Re:      GMAC Mortgage LLC,
         Case Number:   12-12032
         United States Bankruptcy Court for the Southern District of New York


The following individuals are class members in the action <u>Nicolle Bradbury, et al. v. GMAC Mortgage LLC</u>, now pending in the Supreme Judicial Court of Maine Fed-11-295:

Nicolle M. Bradbury
Shawn Morrissette
Michael H. Holmes
Thomas True
Joseph Phillips

They have filed proof of claims in this matter individually and as members of the class in the above-referenced action.

                                                    /s/ *Andrea Bopp Stark*
                                                    Andrea Bopp Stark (ME Bar No. 8764)
                                                    Attorney for Plaintiffs/ Creditors
                                                    Molleur Law Office
                                                    419 Alfred Street
                                                    Biddeford, Maine 04005-3747
                                                    207-283-3777
                                                    207-283-4558 (fax)