**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, <u>et al</u>.,<br><br>                             Debtors. | Case No. 12-12020 (MG)<br><br>Chapter 11<br><br>Jointly Administered |

### ORDER APPROVING RETENTION OF
### PACHULSKI STANG ZIEHL & JONES LLP AS
### CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED
### CREDITORS *NUNC PRO TUNC* TO SEPTEMBER 19, 2012

Upon consideration of the Amended Application of the Official Committee of

Unsecured Creditors for Order Authorizing and Approving the Retention of Pachulski Stang

Ziehl & Jones LLP as Co-Counsel to the Official Committee of Unsecured Creditors *Nunc Pro*

*Tunc* to September 19, 2012 (the "<u>Application</u>")[1] filed by the Official Committee of Unsecured

Creditors appointed in the above-captioned cases (the "<u>Committee</u>"), and upon the Declaration

of Robert J. Feinstein in Support of Amended Application for Order Authorizing and Approving

the Employment of Pachulski Stang Ziehl & Jones LLP as Co-Counsel to the Official Committee

of Unsecured Creditors (the "<u>Feinstein Declaration</u>"); and the Court being satisfied based on the

representations made in the Application and in the Feinstein Declaration that said attorneys

represent no interest adverse to the Debtors' estates with respect to the matters upon which they

are to be engaged, that they are disinterested persons as that term is defined under Section

101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and

that their employment is necessary and would be in the best interests of the Debtors' estates, and

---

[1] Capitalized terms not otherwise defined herein shall have the meanings set forth in the Application.

1

after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Application is GRANTED as provided herein; and it is

further

ORDERED that in accordance with sections 328 and 1103 of the Bankruptcy

Code, Bankruptcy Rules 2014(a) and Local Bankruptcy Rule 2014-1, the Committee is

authorized to employ and retain Pachulski Stang Ziehl & Jones LLP ("PSZJ") as co-counsel

*nunc pro tunc* to September 19, 2012, to perform necessary legal services for the Committee; and

it is further

ORDERED that pursuant to section 1103(a) of the Bankruptcy Code, Bankruptcy

Rules 2014 and 5002 and Local Rule 2014-1, the Committee is authorized to employ and retain

PSZJ to:   (a) perform services on bankruptcy-related matters which involve negotiations,

contested hearings, adversary proceedings, or other matters in which the Committee is

prosecuting a position that Committee Counsel determines would cause a connection with a

client of Kramer Levin to mature into and become a conflict of interest; and (b) represent the

Committee on matters that can be efficiently handled by the PSZJ and the transfer of which is in

the Committee's best interests, as determined by Kramer Levin in consultation with the

Committee, which shall consist of matters that pertain to only the following items:

i.      Such investigation, if any, as the Committee may desire concerning, among other things, the assets, liabilities, financial condition and operating issues concerning the Debtors that may be relevant to these Chapter 11 Cases;

ii.     The prosecution of any claims brought by the Committee on behalf of the Debtors, including, without limitation, those claims described in the Motion of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing It to Prosecute and

2

Settle Certain Claims on Behalf of the Debtors' Estate [Docket No. 1546] to the extent such motion is allowed by the Court;

iii.    Review and analysis of certain aspects of the contemplated sale of the Debtors' mortgage origination and servicing platform and portfolio of non-conforming held-for-sale loans and certain other securities/mortgage assets.

iv.    Such communication with the Committee's constituents and others as the Committee may consider desirable in furtherance of its responsibilities; and

v.    The preparation on behalf of the Committee of necessary applications, motions, memoranda, orders, reports and other legal papers in furtherance of its responsibilities;

vi.    Appearances in Court, participation in litigation as a party in interest, and at statutory meetings of creditors to represent the interests of the Committee in furtherance of its responsibilities; and

vii.    Any other matters assigned to PSZJ by Kramer Levin in consultation with the Committee.

ORDERED that when Kramer Levin determines that the Committee is prosecuting a position that Kramer Levin determines would likely cause an actual or potential conflict of interest, in addition to any duty imposed under applicable statutes and rules concerning conflicts, Kramer Levin shall notify PSZJ of its determination; and it is further

ORDERED that Kramer Levin shall file timely disclosures identifying any matters transferred to PSZJ pursuant to subparagraphs (a) and (b)(vii) of the third ordered paragraph of this Order. The timeliness of such disclosures will be governed by the facts and circumstances of the situation, including whether Kramer Levin believes that earlier disclosure would reveal privileged information or compromise the Committee's abilities to perform its statutory responsibilities under section 1103 of the Bankruptcy Code; and it is further

ORDERED that PSZJ shall be compensated pursuant to the terms described in the

3

Application and the Feinstein Declaration, in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, dated January 30, 1996, and any other applicable procedures and orders of this Court; and it is further

ORDERED that prior to any increases in rates as set forth in footnote 1 of the Application, PSZJ shall file a supplemental declaration with the Court and give ten (10) business days' notice to the Debtors, the United States Trustee and the Committee, which supplemental declaration shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and indicate whether the Committee has received notice of and approved the proposed rate increase; and it is further

ORDERED that PSZJ shall use its best efforts to avoid any duplication of services provided by any of the Committee's other retained professionals in the Chapter 11 Cases; and it is further

ORDERED that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that the Committee is authorized and empowered to take all actions necessary to implement the relief granted in this Order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated:  January 9, 2013
        New York, New York

_____/s/Martin Glenn_____
MARTIN GLENN
United States Bankruptcy Judge