| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | NOT FOR PUBLICATION |
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, *et al.*,<br><br>                                        Debtors. | Case No. 12-12020 (MG)<br><br>Jointly Administered |

**ORDER DENYING THE LEWISES' EMERGENCY MOTION**
**FOR ORDER TO DISTRIBUTE PAYMENT OF CLAIM NOS. 932 AND 933**

Before the Court is the *Emergency Motion by Sidney T. Lewis and Yvonne D. Lewis for Order Issued To Debtor's Claims Administrator To Distribute Payment of Statutorily Allowed Claim Nos. 932 and 933 Under 11 U.S.C.A. §§ 502(a), (g)(1), 510(b) Instanter; Grounded on Debtor's Lack of Inconsistent Position for Consent Judgments Under Doc. 13, USDC, D.C., Case No. 1:12-CV-361; FRB Docket No. 11-020-B-HC; and "Uncured" Executor Contracts Under 11 U.S.C.A. §§ 365(b)(1)(A), (c)(2), see Debtor's Motion (Doc. 61 and 61-1), Interim Order (Doc. 81), and FNMA's Obj. (Doc. 2102)* (the "Motion," ECF Doc. # 2348). The Debtors filed an objection to the Motion (the "Objection," ECF Doc. # 2404). The Lewises come before this Court seeking immediate disbursement of their self-described "allowed claims" numbered 932 and 933. They also seek a $30 million "cure" amount and allege that the Debtors are "attempting to 'deny' the Claimant Lewis' (third party beneficiaries) 'relief' under their prepetition HUD/FHA executory contracts . . . ." Mot. at 10-11.

The Lewises filed two proofs of claim on September 27, 2012. Claim Number 932 was filed against Debtor GMAC Mortgage, LLC in the aggregate amount of $25 million for "false claims; equity skimming; RICO; pension; serviced performed; etc.," and Claim Number 933 was filed against the same debtor in the aggregate amount of $5 million for "skimming of equity; false claims; easement; land; interference with gov. program." Obj. ¶ 2. Over 6,600 creditors

have filed proofs of claim in the Debtors' cases in the aggregate amount of over $97 billion. Obj. ¶ 7. The Debtors are currently in the process of reviewing and reconciling the claims that were filed, including the Lewises' claims.

The Lewises are only entitled to receive payment on their claims in connection with a confirmed plan of reorganization, and only after the Debtors determine that their claims are allowed and no longer subject to objection. *See* Fed. R. Bankr. P. 3021 ("[A]fter a plan is confirmed, distribution shall be made to creditors whose claims have been allowed, to interest holders whose interests have not been disallowed, and to indenture trustees who have filed claims under Rule 3003(c)(5) that have been allowed.") Nor are the Lewises entitled to receive any cure payments, as they have not shown that they are party to any executory contract with any of the Debtors. *See* Bankruptcy Code § 365(b) (cure requirement only applicable to executory contracts or unexpired leases).

Accordingly, the Motion is **DENIED**.

**IT IS SO ORDERED.**

Dated:   January 9, 2013
         New York, New York

                                              _____/s/Martin Glenn_____
                                                   MARTIN GLENN
                                              United States Bankruptcy Judge