MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:     (212) 468-8000
Facsimile:     (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Samantha Martin

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**DEBTORS' OBJECTION TO JOINT MOTION OF BASIC LIFE RESOURCES AND
PAMELA Z. HILL FOR FINDINGS OF FACT, CONCLUSIONS AT LAW
<u>JUDGMENT AND ORDER</u>**

The debtors and debtors in possession (collectively, the "<u>Debtors</u>"), by and through their undersigned counsel, hereby file this Objection (the "<u>Objection</u>") to the *Joint Motion of Basic Life Resources and Pamela Z. Hill for Findings of Fact, Conclusions at Law Judgment and Order* [Docket No. 2590] (the "<u>Motion</u>").

In support of this Objection, the Debtors represent as follows:

**BACKGROUND**

1.  On May 14, 2012 (the "<u>Petition Date</u>"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code. The Debtors are

ny-1071999

1

managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No trustee has been appointed in these Chapter 11 cases.[1]

2. On November 5, 2012, Basic Life Resources ("BLR") filed a proof of claim, number 2427 (the "BLR Claim") against Debtor Residential Capital, LLC asserting a secured priority claim in the aggregate amount of $1.7 million, plus additional amounts of $14,986 per day for each day after November 2, 2012 that the claim remains unpaid, for alleged lost income and damages.

3. On November 5, 2012, Pamela Z. Hill ("Hill", and together with BLR, the "Movants") filed a proof of claim, number 2429 (together with the BLR Claim, the "Claims") against Debtor Residential Capital, LLC asserting an unsecured priority claim in the aggregate amount of $389,331 for alleged damages.[2]

4. On November 7, 2012, the Court entered an order extending the deadline for general creditors to file proofs of claim in the Debtors' chapter 11 cases to November 16, 2012, but maintaining November 30, 2012 as the deadline for governmental entities to file proofs of claim in the Debtors' chapter 11 cases [Docket No. 2093].[3]

---

[1] The Debtors are a leading residential real estate finance company indirectly owned by Ally Financial, Inc. ("AFI"), which is not a Debtor. The Debtors and their non-debtor affiliates operate the fifth largest servicing business and the tenth largest mortgage origination business in the United States. A more detailed description of the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these bankruptcy cases, is set forth in the Whitlinger Affidavit [Docket No. 6].

[2] In the proof of claim, Hill requested the aggregate amount of $389,331. However, in the Motion, it appears that Hill also seeks "return of any and all funds she may have paid after November 2, 2012." See Mot. at Ex. B.

[3] The original order established November 9, 2012 as the deadline for general creditors to file proofs of claim in the Debtors' cases [Docket No. 1309].

2

ny-1071999

**ARGUMENT**

5. The Motion—which seeks "emergency" payment in an amount of nearly $3 million—wholly fails to demonstrate entitlement to any relief whatsoever. The Motion should be denied because there is no basis for any of the relief sought.

6. The Movants are not entitled to any current distribution on their claims. Although Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") provides that the court shall fix the time within which proofs of claim must be filed in a Chapter 11 case, there is no requirement in the Bankruptcy Code or Bankruptcy Rules that the Debtors object to claims by a date certain in their chapter 11 cases. See e.g., 11 U.S.C. § 502(a) ("A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest … objects.") (no deadline specified for objection); Bankruptcy Rule 3007(a) ("An objection to the allowance of a claim shall be in writing and filed. A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant, the debtor or debtor in possession, and the trustee at least 30 days prior to the hearing.") (no deadline specified for objection).

7. Following the November 2012 proof of claim deadlines, approximately 6,632 creditors filed proofs of claim in the Debtors' cases in the aggregate amount of over $97 billion. The Debtors currently are in the process of reviewing and reconciling the claims that were filed, and the Movants' claims will be included as part of this process. The Movants will receive notice of any action the Debtors intend to take with respect to their claims and, like every other creditor, will be given an opportunity to respond.

8. This Court has recognized that claimants "are only entitled to receive payment on their claims in connection with a confirmed plan of reorganization, and only after the Debtors

determine that their claims are allowed and no longer subject to objection." See *Order Denying the Lewises' Emergency Motion for Order to Distribute Payment of Claim Nos. 932 and 933* [Docket No. 2588]. See also Bankruptcy Rule 3021 ("after a plan is confirmed, distribution shall be made to creditors whose claims have been allowed, to interest holders whose interests have not been disallowed, and to indenture trustees who have filed claims under Rule 3003(c)(5) that have been allowed."). Thus, the Movants are not entitled to be paid currently on their claims.

## CONCLUSION

For the reasons set forth above, the Court should deny the Motion, and grant such other relief as is just and proper.

Dated: New York, NY
January 9, 2013

By: /s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Samantha Martin
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, NY  10104-0050
Telephone:  (212)-468-8000
Fascimile:  (212)-468-7900

*Counsel for the Debtors and Debtors in Possession*

4

ny-1071999