IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: RESIDENTIAL CAPITAL, LLC, *et al.*, | ) | Chapter 11 |
| | ) | Case No. 12-12020 (MG) |
| Debtors; | ) | Jointly Administered |
| | ) | |
| ANTOINETTE ARIBAL, | ) | |
| | ) | |
| Movant. | ) | |

**MOTION FOR CLARIFICATION OF ORDER MODIFYING
AUTOMATIC STAY PROVISIONS OF 11 U.S.C. §362**

Antoinette Aribal, by counsel, respectfully moves for an order clarifying this Court's prior order of July 13, 2012 (Doc. 774). Ms. Aribal specifically seeks an order finding that claims she brought against GMAC Mortgage LLC ("GMAC Mortgage"), in the case of *Aribal v. GMAC Mortgage LLC et al*, No. 1:12CV9725 (N.D.Ill.) ("*Aribal*"), shall not be subject to the automatic stay provisions of 11 U.S.C. §362. In support of this motion, Ms. Aribal states as follows:

1.  This Court's July 13, 2012 order provides, in part, that third parties may seek "relief from the automatic stay under section 362(a) of the Bankruptcy Code on appropriate motion and notice to the Debtors and parties in interest." (See, *e.g.*, Doc. 774, ¶¶14(f).)

2.  On December 6, 2012, Ms. Aribal brought claims against GMAC Mortgage for (a) breach of contract, (b) defamation, and (c) violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 ("ICFA"), all associated with a loan that GMAC Mortgage LLC once held. (*Aribal* Doc. 1, ¶¶91-101 (attached (without exhibits) as Exhibit 1).)

3.  Ms. Aribal claimed that, "in about July 2012, GMAC Mortgage transferred the purportedly delinquent mortgage to Partners for Payment [DE III, LLC]." (*Id.*, ¶27. See *id.*,

¶¶35-38 (similar).) Partners for Payment Relief DE III LLC ("Partners for Payment") is a debt buyer which purchases defaulted consumer loans, and thereafter attempt to collect. When GMAC Mortgage sold the debt to Partners for Payment, it represented that Ms. Aribal's loan was in default. It was not; the payments that Ms. Aribal had made in the preceding months and years were not properly credited. As a result, Ms. Aribal claims that GMAC Mortgage breached its contract with her, defamed her, and engaged in unfair and deceptive practices in the course of trade and commerce, contrary to Illinois law.

      4.     GMAC Mortgage's crucial misconduct – the representation to Partners for Payment that Ms. Aribal's loan was in default – took place after the bankruptcy petition was filed. Ms. Aribal so alleged in her complaint, stating that "GMAC Mortgage repeatedly sent plaintiff notices claiming that her mortgage was in default.... [and] continued sending such statements after May 14, 2012." (*Id*., ¶¶22-23.) She also alleges, on information and belief, that GMAC Mortgage made similar false statements about the status of her loan to credit reporting agencies after May 14, 2012. (*Id*., ¶26.) Ms. Aribal also made payments to GMAC Mortgage on her account that were not properly applied, on or about May 30, 2012 and June 22, 2012. (Exhibit 2.)

      5.     The complaint notes the filing of GMAC Mortgage's bankruptcy petition on May 14, 2012, and states that Ms. Aribal's action "seeks relief for conduct subsequent to that date." (Exhibit 1, ¶23.)

      6.     This Court's July 13, 2012 order provides that "a borrower... shall be entitled to assert and prosecute direct claims and counter-claims relating exclusively to the property that is the subject of the loan owned or serviced by a Debtor for the purposes of defending, unwinding, or otherwise enjoining or precluding any foreclosure... or eviction proceeding, where a final

judgment (defined as any judgment where the right to appeal or seek reconsideration has expired or has been exhausted) permitting the foreclosure or eviction has not been awarded.... and to prosecute appeals with respect to any such direct claims or counter-claims." (Doc. 774, ¶14a.) Presumably, this would include the pursuit of a declaration as to the balance on Ms. Aribal's loan immediately prior to its transfer to Partners for Payment.

7.      Further, the claims brought against GMAC Mortgage for defamation, and for unfair conduct contrary to the ICFA, are based on conduct taking place in July 2012. These actions took place post-petition, and should proceed. Specifically, 11 U.S.C. §362(a) provides for an automatic stay of an "action or proceeding against the debtor that was or could have been commenced" before the filing of a petition. The claims for defamation and unfair commercial practices arose after the filing of the petition; thus, the automatic stay provision of 11 U.S.C. §362(a) does not apply.

WHEREFORE, Ms. Aribal respectfully seeks an order finding that claims she brought against GMAC Mortgage LLC, in the case of *Aribal v. GMAC Mortgage LLC et al*, No. 1:12CV9725 (N.D.Ill.), shall not be subject to the automatic stay provisions of 11 U.S.C. §362.

Date: January 10, 2013

s/ *Lawrence Katz*
Lawrence Katz
Attorney for Movant Antoinette Aribal
Law Offices of Lawrence Katz
445 Central Avenue, Suite 201
Cedarhurst, NY 11516
Email: lkatz@lawkatz.com
516-374-2118