IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



ANTOINETTE ARIBAL and PEOPLE OF THE )
STATE OF ILLINOIS ex rel. ANTOINETTE ARIBAL, )
)
Plaintiffs, )
)
v. )
)
GMAC MORTGAGE LLC, )
PARTNERS FOR PAYMENT RELIEF DE III LLC, and )
POTESTIVO & ASSOCIATES PC, )
)
Defendants. )

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiffs Antoinette Aribal and People of the State of Illinois ex rel. Antoinette Aribal bring this action to secure redress from unlawful collection practices engaged in by defendants GMAC Mortgage LLC ("GMAC Mortgage"), Partners for Payment Relief DE III LLC ("Partners for Payment"), and Potestivo & Associates PC ("Potestivo"). Plaintiffs allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), the Cranston-Gonzales Amendment to the Real Estate Settlement Procedures Act, 12 U.S.C. §2605 ("RESPA"), and state law.

### VENUE AND JURISDICTION

2. This Court has jurisdiction under 12 U.S.C. §2605, 15 U.S.C. §1692k, and 28 U.S.C. §§1331, 1332(d), 1337 and 1367.

3. Venue and personal jurisdiction in this District are proper because the conduct complained of occurred within this District. In addition, Potestivo is located in Chicago, Illinois.

### PARTIES

4. Plaintiff Antoinette Aribal is an individual who resides in Cook County, Illinois.

1

5. Defendant GMAC Mortgage is a limited liability company with offices at 3451 Hammond Avenue, Waterloo, Iowa 50704.

6. GMAC Mortgage is a major servicer of residential mortgages, with a portfolio of over $1 million in such loans.

7. Defendant Partners for Payment is a limited liability company chartered under Delaware law with its principal office at 3748 West Chester Pike, Suite 103, Newtown Square, Pennsylvania 19073. It does or transacts business in Illinois.

8. Partners for Payment regularly collects allegedly defaulted consumer debts originally owed to others. It states on its web site that it is "a private company that specializes in the Acquisition, Management and Liquidation of defaulted residential mortgages nationwide."

9. Partners for Payment uses the mails and telephone system in conducting its business.

10. Partners for Payment is a debt collector as defined in the FDCPA.

11. Partners for Payment services more than $1 million in residential mortgages.

12. Partners for Payment is a "collection agency" as defined in the Illinois Collection Agency Act, 225 ILCS 425/1 *et seq.* ("ICAA").

13. At no time has Partners for Payment held a collection agency license from the State of Illinois. (Exhibit A.)

14. Potestivo is a law firm organized as an Illinois professional corporation. Its registered agent and office is Keith H. Werwas, 223 West Jackson Boulevard, Suite 601, Chicago, Illinois 60606.

15. Potestivo regularly collects allegedly defaulted consumer debts originally owed to others. It holds itself out as "providing comprehensive default management legal solutions in Michigan and Illinois." It has filed over 300 residential mortgage foreclosures in

2

Illinois during the year prior to the filing of this action.

16. Potestivo uses the mails and telephone system in conducting its business.

17. Potestivo is a debt collector as defined in the FDCPA.

## FACTS

18. This action concerns attempts by defendants to collect from plaintiff a consumer debt, consisting of an allegedly delinquent second mortgage loan. The note and mortgage were executed in about 2005 to purchase a single-family residence. This property was not used for business purposes, but was used only for personal, family or household purposes.

19. Prior to July 2012, the mortgage was serviced by GMAC Mortgage. The monthly payments were about $696.21.

20. Plaintiff made monthly payments to GMAC Mortgage, often in amounts slightly larger than required. GMAC Mortgage did not properly credit many payments to plaintiff's account. GMAC Mortgage treated the payments as an additional payment and applied the entire amount to principal. GMAC Mortgage then did not show a regular payment for that month and treated plaintiff as in default.

21. For example, on Exhibit B, at 8-11, a series of $700 payments (about $5 more than required) were designated as "addl prin" or "misc receipt" and "unapplied." Sometimes this was done even when the exact amount of a monthly payment was remitted.

22. GMAC Mortgage repeatedly sent plaintiff notices claiming that her mortgage was in default. Examples of such statements are in Exhibits C-F.

23. GMAC Mortgage continued sending such statements after May 14, 2012, such as Exhibit F. (GMAC Mortgage filed a Chapter 11 bankruptcy on May 14, 2012. This action seeks relief for conduct subsequent to that date.)

24. GMAC Mortgage also sent plaintiff statements showing that plaintiff was making payments but that the loan was not being treated as current. Examples of such statements are in Exhibits G-P.

12-12020-mg    Doc 2596-1    Filed 01/10/13    Entered 01/10/13 11:24:29    Exhibit Copy
of Complaint without Exhibits    Pg 4 of 18
Case: 1:12-cv-09735 Document #: 1 Filed: 12/06/12 Page 4 of 18 PageID #:4

25. GMAC Mortgage continued sending such statements after May 14, 2012, such as Exhibits O-P.

26. On information and belief, GMAC Mortgage also improperly reported plaintiff's loan as delinquent to credit reporting agencies, and did so after May 14, 2012.

27. In about July 2012, GMAC Mortgage transferred the purportedly delinquent mortgage to Partners for Payment.

28. GMAC Mortgage represented to Partners for Payment that the loan was delinquent.

29. Had GMAC Mortgage examined the payment records relating to the loan, it would have been apparent that the loan was not delinquent.

30. GMAC Mortgage has engaged in a pattern and practice of irresponsible mortgage servicing, as evidenced by the fact that its parent Ally Financial entered into a consent decree restraining improper mortgage servicing practices in *United States v. Bank of America et al.*, No. 1:12CV361 RMC (D.D.C.), in April 2012.

31. The conduct of GMAC Mortgage set forth herein was reckless or malicious.

32. Had Partners for Payment examined the payment records relating to the loan, the true status of the loan would have been apparent.

33. Plaintiff sought to continue making $700 monthly payments to Partners for Payment.

34. Partners for Payment refused to accept such payments.

35. On or about July 6, 2012, Partners for Payment, sent plaintiff the document attached as Exhibit Q.

36. On July 6, 2012, Partners for Payment, considered and asserted plaintiff's second mortgage loan to be in default.

37. Exhibit Q does not contain the notices required by 15 U.S.C. §1692g.

12-12020-mg    Doc 2596-1    Filed 01/10/13    Entered 01/10/13 11:24:29    Exhibit Copy
of Complaint without Exhibits    Pg 5 of 18
Case: 1:12-cv-09735 Document #: 1 Filed: 12/06/12 Page 5 of 18 PageID #:5

38. On information and belief, no other document sent by Partners for Payment, before or within 5 days after July 6, 2012 contained the notices required by 15 U.S.C. §1692g.

39. On or about September 12, 2012, Partners for Payment, sent plaintiff the documents attached as Exhibits R and S, again claiming that plaintiff was in default.

40. Exhibit R claims that plaintiff was 43 payments behind.

41. This statement was false.

42. Exhibit S claims that plaintiff was behind $29,971.82.

43. This statement was false.

44. On or about October 22, 2012, plaintiff sent Partners for Payment, the letter attached as Exhibit T, asserting that plaintiff was not in default, sending a list of payments made to GMAC Mortgage, and asking for an accounting of how those payments were posted.

45. Partners for Payment, did not respond to Exhibit T, except by having its attorneys send plaintiff Exhibits U and V.

46. On or about November 15, 2012, Potestivo, acting on behalf of Partners for Payment, sent plaintiff the letters attached as Exhibits U and V.

47. Exhibits U and V were the first letters plaintiff was sent by Potestivo to plaintiff regarding the debt described therein.

48. Exhibits U and V are form letters which Potestivo uses as the initial communications it sends to a consumer.

49. Exhibits U and V state that plaintiff's loan was in default.

50. Such statements were false.

51. Exhibits U and V threaten plaintiff with foreclosure.

52. Because Partners for Payment was not licensed as a collection agency in Illinois, it had no right to take any legal action against plaintiff.

53. The ICAA creates a licensing regime. 225 ILCS 425/4 provides:

12-12020-mg    Doc 2596-1    Filed 01/10/13    Entered 01/10/13 11:24:29    Exhibit Copy
of Complaint without Exhibits    Pg 6 of 18
Case: 1:12-cv-09735 Document #: 1 Filed: 12/06/12 Page 6 of 18 PageID #:6

No collection agency shall operate in this State, directly or indirectly engage in the business of collecting, solicit claims for others, have a sales office, a client, or solicit a client in this State, exercise the right to collect, or receive payment for another of any account, bill or other indebtedness, without registering under this Act except that no collection agency shall be required to be licensed or maintain an established business address in this State if the agency's activities in this State are limited to collecting debts from debtors located in this State by means of interstate communication, including telephone, mail, or facsimile transmission from the agency's location in another state provided they are licensed in that state and these same privileges are permitted in that licensed state to agencies licensed in Illinois.

54. The licensing requirements of the ICAA were imposed to protect the public. The public policy represented by the ICAA is stated in 225 ILCS 425/1a:

The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally construed to carry out these objects and purposes.

It is further declared to be the public policy of this State to protect consumers against debt collection abuse.

55. 225 ILCS 425/14 and 14b make it a crime to engage in the business of a collection agency without a license.

56. 225 ILCS 425/14a provides:

The practice as a collection agency by any entity not holding a valid and current license under this Act is declared to be inimical to the public welfare, to constitute a public nuisance, and to cause irreparable harm to the public welfare. The Director, the Attorney General, the State's Attorney of any county in the State, or any person may maintain an action in the name of the People of the State of Illinois, and may apply for injunctive relief in any circuit court to enjoin such entity from engaging in such practice. Upon the filing of a verified petition in such court, the court, if satisfied by affidavit or otherwise that such entity has been engaged in such practice without a valid and current license, may enter a temporary restraining order without notice or bond, enjoining the defendant from such further practice. Only the showing of nonlicensure, by affidavit or otherwise, is necessary in order for a temporary injunction to issue. A copy of the verified complaint shall be served upon the defendant and the proceedings shall thereafter be conducted as in other civil cases except as modified by this Section. If it is established that the defendant has been or is engaged in such unlawful practice, the court may enter an order or judgment perpetually enjoining the defendant from further practice. In all proceedings hereunder, the court, in its discretion, may apportion the costs among the parties interested in the action, including cost of filing the complaint, service of process, witness fees and expenses, court reporter charges and reasonable attorneys' fees. In case of violation of any injunctive order entered under the provisions of this

of Complaint without Exhibits    Pg 7 of 18
Case: 1:12-cv-09735 Document #: 1 Filed: 12/06/12 Page 7 of 18 PageID #:7

**Section, the court may summarily try and punish the offender for contempt of court. Such injunction proceedings shall be in addition to, and not in lieu of, all penalties and other remedies provided in this Act.**

57. The Appellate Court of Illinois has held that legal actions filed by a collection agency that did not have the requisite license are illegal and void, and are not cured by the subsequent obtaining of a license. *LVNV Funding LLC v. Trice*, 2011 IL App (1st) 092773, 952 N.E.2d 1232 (1st Dist. 2011), leave to appeal denied, 962 N.E.2d 483 (2011).

58. Exhibit V does not clearly state the present creditor or owner of the debt. It states that "The debt is owed to Partners for Payment Relief DE III, LLC which is authorized to receive payment on your loan but which may not be the recorded holder of the security deed."

59. 15 U.S.C. §1692g requires disclosure of the current creditor, not a servicing agent. *Bourff v. Rubin Lublin LLC*, 674 F.3d 1238 (11th Cir. 2012); *Shoup v. McCurdy & Candler*, 465 Fed. Appx. 882, 2012 U.S. App. LEXIS 6443 (11th Cir. March 30, 2012); *Wallace v. Washington Mutual Bank, FA*, 683 F.3d 323 (6th Cir. 2012).

60. The conduct of Potestivo and Partners for Payment, in threatening foreclosure on plaintiff's home when plaintiff had provided evidence that she was not even in default, and in refusing to accept monthly payments for the purpose of manufacturing a default, was intentionally malicious, oppressive and dishonest.

61. Plaintiff has been injured by defendants' improper conduct, in that:

    (1) Her credit has been injured;

    (2) She has suffered great aggravation and mental distress; and

    (3) She had been forced to spend time and money dealing with defendants' wrongful conduct.

### COUNT I – FDCPA – CLASS CLAIM

62. Plaintiff Antoinette Aribal incorporates paragraphs 1-61.

63. This claim is against Potestivo.

64. The form initial communications used by Potestivo (Exhibits U and V)

fail to clearly and conspicuously disclose the current creditor, as required by 15 U.S.C. §1692g.

65. 15 U.S.C. §1692g provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed . . .

66. For the same reason, the letter is confusing and misleading, in violation of 15 U.S.C. §§1692e and 1692e(2).

## CLASS ALLEGATIONS

67. Plaintiff brings this action on behalf of a class pursuant to Fed.R.Civ.P. 23(a) and (b)(3).

68. The class consists of (a) all individuals (b) to whom Potestivo sent an initial letter (c) stating that "The debt is owed to [name] which is authorized to receive payment on your loan but which may not be the recorded holder of the security deed . . ." (d) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

69. On information and belief, the class is so numerous that joinder of all members is not practicable. Based on a computer search of court records, there are at least 300 class members.

70. On information and belief, the letter at issue is sent to all persons against whom Postestivo files a foreclosure suit and many other persons as well.

71. There are questions of law and fact common to the class members, which predominate over any questions relating to individual class members. The predominant common question is whether Potestivo's form letter complies with the FDCPA.

72. Plaintiff will fairly and adequately represent the class members. Plaintiff

8

has retained counsel experienced in class actions and collection abuse litigation.

73. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

74. A class action is superior for the fair and efficient adjudication of this matter. Individual actions are not economically feasible. Members of the class are likely to be unaware of their rights. There is no reason for numerous individual cases, all identical.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendant for:

(1) Statutory damages;

(2) Attorney's fees, litigation expenses and costs of suit; and

(3) Such other or further relief as the Court deems proper.

### COUNT II – FDCPA – CLASS CLAIM

75. Plaintiff Antoinette Aribal incorporates paragraphs 1-61.

76. This claim is against Partners for Payment and Potestivo.

77. Defendants, by representing that Partners for Payment was entitled to enforce a note and mortgage against plaintiff, when this was not true, violated 15 U.S.C. §§1692e, 1692e(2), 1692e(5) and 1692e(10).

78. 15 U.S.C. §1692e provides:

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: ...**

    **(2)  The false representation of –**

        **(A)  the character, amount, or legal status of any debt; or**

        **(B)  any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.**

    **(4)  The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.**

12-12020-mg    Doc 2596-1    Filed 01/10/13    Entered 01/10/13 11:24:29    Exhibit Copy
of Complaint without Exhibits    Pg 10 of 18
Case: 1:12-cv-09735 Document #: 1 Filed: 12/06/12 Page 10 of 18 PageID #:10

> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer....

## CLASS ALLEGATIONS

79. Plaintiff brings this action on behalf of two classes, A and B, pursuant to Fed.R.Civ.P. 23(a) and (b)(3).

80. Class A consists of (a) all individuals with Illinois addresses (b) from whom Partners for Payment attempted to collect money (c) where any collection activity occurred on or after a date one year prior to the filing of this action.

81. Class B consists of (a) all individuals with Illinois addresses (b) from whom Potestivo attempted to collect money (c) on behalf of Partners for Payment or any other entity whose principal business is the acquisition of delinquent residential mortgage loans but which did not have a collection agency license (d) where any collection activity occurred on or after a date one year prior to the filing of this action. Plaintiff also defines a subclass of Class B, consisting of class members where the collection activity occurred on behalf of Partners for Payment.

82. On information and belief, the class is so numerous that joinder of all members is not practicable.

83. There are questions of law and fact common to the class members, which predominate over any questions relating to individual class members. The predominant common questions are:

> (1) Whether Partners for Payment operated as an unlicensed collection agency; and
>
> (2) Whether attempted collection of debts by or on behalf of an entity which commits a crime by engaging in such activity involves false representations or illegal threats, and violates the FDCPA.

10

84. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and collection abuse litigation.

85. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

86. A class action is superior for the fair and efficient adjudication of this matter. Individual actions are not economically feasible. Members of the class are likely to be unaware of their rights. There is no reason for numerous individual cases, all identical.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendants for:

(1) Statutory damages;

(2) Actual damages;

(3) Attorney's fees, litigation expenses and costs of suit; and

(4) Such other or further relief as the Court deems proper.

### COUNT III – REAL ESTATE SETTLEMENT PROCEDURES ACT – INDIVIDUAL CLAIM

87. Plaintiff Antoinette Aribal incorporates paragraphs 1-61.

88. This claim is against Partners for Payment.

89. Defendant failed to appropriately respond to Exhibit T and failed to defer action regarding the subject of Exhibit T until the matter had been resolved. Instead, defendant sent plaintiff's loan to Potestivo for collection action.

90. Exhibit T is a "qualified written request" as defined in the Cranston-Gonzales amendment to RESPA, 12 U.S.C. §2605(e).

WHEREFORE, plaintiff requests that the Court enter judgment in favor of the plaintiff and against defendant for:

(1) Statutory damages;

(2) Actual damages;

(3) Attorney's fees, litigation expenses and costs of suit; and

12-12020-mg    Doc 2596-1    Filed 01/10/13    Entered 01/10/13 11:24:29    Exhibit Copy
of Complaint without Exhibits    Pg 12 of 18
Case: 1:12-cv-09735 Document #: 1 Filed: 12/06/12 Page 12 of 18 PageID #:12

(4) Such other or further relief as the Court deems proper.

## COUNT IV – BREACH OF CONTRACT – INDIVIDUAL CLAIM

91. Plaintiff Antoinette Aribal incorporates paragraphs 1-61.

92. This claim is against GMAC Mortgage.

93. GMAC Mortgage breached plaintiff's contract (note and mortgage) by treating plaintiff's loan as being in default and selling plaintiff's loan as such.

94. The manner in which GMAC Mortgage applied plaintiff's payments through July 2012 was contrary to the mortgage, which expressly provided that "Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof [paragraph 1 deals with payment of principal and interest and paragraph 2 funds for taxes and insurance] shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note." A copy of the mortgage is attached as Exhibit W.

95. Plaintiff complied with all conditions precedent under the contract.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against GMAC Mortgage for:

(1) Actual damages;

(2) Costs of suit; and

(3) Such other or further relief as the Court deems proper.

## COUNT V – DEFAMATION – INDIVIDUAL CLAIM

96. Plaintiff incorporates paragraphs 1-61.

97. GMAC Mortgage defamed plaintiff by representing to Partners for Payment that plaintiff was in default, when this was not true.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against GMAC Mortgage for:

12-12020-mg    Doc 2596-1    Filed 01/10/13    Entered 01/10/13 11:24:29    Exhibit Copy
of Complaint without Exhibits    Pg 13 of 18
Case: 1:12-cv-09735 Document #: 1 Filed: 12/06/12 Page 13 of 18 PageID #:13

  (1) Actual damages;

  (2) Punitive damages;

  (3) Costs of suit; and

  (4) Such other or further relief as the Court deems proper.

### COUNT VI – CONSUMER FRAUD ACT – INDIVIDUAL CLAIM

98. Plaintiff Antoinette Aribal incorporates paragraphs 1-61.

99. GMAC Mortgage engaged in unfair and deceptive acts and practices, in violation of 815 ILCS 505/2, by (a) treating plaintiff's loan as in default, (b) selling plaintiff's loan to Partners for Payment or its principal as one in default, when this was not true, and (c) doing so as part of a pattern and practice of improper mortgage servicing practices.

100. GMAC Mortgage was engaged in trade or commerce in servicing loans.

101. GMAC Mortgage engaged in the conduct complained of for the purpose of affected plaintiff.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against GMAC Mortgage for:

  (1) Actual damages;

  (2) Punitive damages;

  (3) Attorney's fees, litigation expenses and costs of suit; and

  (4) Such other or further relief as the Court deems proper.

### COUNT VII – ILLINOIS COLLECTION AGENCY ACT – PRIVATE ATTORNEY GENERAL CLAIM

102. Plaintiff People of the State of Illinois ex rel. Antoinette Aribal incorporates paragraphs 1-61.

103. This claim is against Partners for Payment.

104. The communications sent to plaintiff by or on behalf of Partners for Payment amount to an "exercise [of] the right to collect...."

105. Partners for Payment is engaged "in the business of collecting."

13

12-12020-mg    Doc 2596-1    Filed 01/10/13    Entered 01/10/13 11:24:29    Exhibit Copy
of Complaint without Exhibits    Pg 14 of 18
Case: 1:12-cv-09735 Document #: 1 Filed: 12/06/12 Page 14 of 18 PageID #:14

106. Plaintiff is entitled to relief against Partners for Payment under 225 ILCS 425/14a.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendant Partners for Payment for:

(1) Injunctive relief;

(2) Attorney's fees, litigation expenses and costs of suit; and

(3) Such other or further relief as the Court deems proper.

### COUNT VIII – BREACH OF CONTRACT – INDIVIDUAL CLAIM

107. Plaintiff Antoinette Aribal incorporates paragraphs 1-61.

108. This claim is against Partners for Payment.

109. Defendant breached plaintiff's contract (note and mortgage) by treating plaintiff's loan as being in default.

110. Plaintiff complied with all conditions precedent under the contract.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendant for:

(1) Actual damages;

(2) Costs of suit; and

(3) Such other or further relief as the Court deems proper.

### COUNT IX – CONSUMER FRAUD ACT – CLASS CLAIM

111. Plaintiff Antoinette Aribal incorporates paragraphs 1-61.

112. This claim is against Partners for Payment.

113. Defendant engaged in unfair and deceptive acts and practices, in violation of 815 ILCS 505/2, by demanding and collecting money to which it had no legal right.

114. Partners for Payment violated the public policy of Illinois, by engaging in the business of an unlicensed collection agency.

115. Partners for Payment inflicted substantial injury on consumers, by taking

14

12-12020-mg    Doc 2596-1    Filed 01/10/13    Entered 01/10/13 11:24:29    Exhibit Copy
of Complaint without Exhibits    Pg 15 of 18
Case: 1:12-cv-09735 Document #: 1 Filed: 12/06/12 Page 15 of 18 PageID #:15

their money and homes, and threatening them with loss of money and homes.

116. The conduct of Partners for Payment was unethical and unscrupulous, and indeed criminal.

## CLASS ALLEGATIONS

117. Plaintiff brings this action on behalf of a class pursuant to Fed.R.Civ.P. 23(a) and (b)(3).

118. The class consists of (a) all individuals with Illinois addresses (b) from whom Partners for Payment sought to collect money (d) on or after a date 3 years prior to the filing of this action.

119. On information and belief, the class is so numerous that joinder of all members is not practicable.

120. There are questions of law and fact common to the class members, which predominate over any questions relating to individual class members. The predominant common question is whether Partners for Payment, by conducting an unlicensed and illegal collection agency business, violated the ICFA.

121. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and collection abuse litigation.

122. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

123. A class action is superior for the fair and efficient adjudication of this matter. Individual actions are not economically feasible. Members of the class are likely to be unaware of their rights. There is no reason for numerous individual cases, all identical.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendant for:

(1) Compensatory and punitive damages;

(2) Attorney's fees, litigation expenses and costs of suit; and

(3) Such other or further relief as the Court deems proper.

## COUNT X – FDCPA – INDIVIDUAL CLAIM

124. Plaintiff Antoinette Aribal incorporates paragraphs 1-61.

125. This claim is against Partners for Payment and Potestivo

126. Defendants misrepresenting the amount due on and status of plaintiff's loan, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5) and 1692e(10).

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendants for:

(1) Actual damages;

(2) Attorney's fees, litigation expenses and costs of suit; and

(3) Such other or further relief as the Court deems proper.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Thomas E. Soule
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## JURY DEMAND

Plaintiff respectfully requests trial by jury.

s/Daniel A. Edelman
Daniel A. Edelman

## **VERIFICATION**

The undersigned declares under penalty of perjury, as provided for by 28 U.S.C. §1746, that the facts stated in the foregoing complaint are true to the best of her knowledge and belief.

/s/ Antoinette Aribal
Antoinette Aribal

## NOTICE OF LIEN AND ASSIGNMENT

      Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                       s/Daniel A. Edelman
                       Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
   & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)