**Hearing Date and Time: January 16, 2013, at 10:00 a.m. (Eastern time)**

PREET BHARARA
United States Attorney for the
Southern District of New York
By:  JOSEPH N. CORDARO
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2745
Facsimile: (212) 637-2686
E-mail: joseph.cordaro@usdoj.gov

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | Case No. 12-12020 (MG) |
| Debtors. | Jointly Administered |

**STATEMENT OF THE UNITED STATES OF AMERICA
CONCERNING DEBTORS' MOTION FOR ORDERS
AUTHORIZING AND APPROVING SALE PROCEDURES
AND AUTHORIZING THE SALE OF CERTAIN FHA LOANS**

The United States of America (the "United States" or the "Government"), by

its attorney Preet Bharara, United States Attorney for the Southern District of New

York, respectfully submits this Statement in response to *Debtors' Motion Pursuant*

*to 11 U.S.C. §§ 105, 363(b), (f), and (m) and Fed. R. Bankr. P. 2002, 6004, and 9007*

*for Orders: (A)(I) Authorizing and Approving Sale Procedures; (II) Scheduling Bid*

*Deadline and Sale Hearing; (III) Approving Form and Manner of Notice Thereof;*

*and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain FHA*

*Loans Free and Clear of Liens, Claims, Encumbrances, and Other Interests;*

*(II) Authorizing and Approving Mortgage Loan Purchase and Interim Servicing*

*Agreement; and (III) Granting Related Relief* [Docket No. 2544], filed on January 2,

2013 (the "Motion").[1]

The Motion seeks the approval of bidding procedures for a contemplated sale

of certain loans insured by the Federal Housing Administration of the United States

Department of Housing and Urban Development ("FHA" or "HUD") free and clear of

all liens, claims encumbrances, and other interests. The Government is concerned

that such a sale would extinguish important setoff rights held by the United States

and its agencies, including HUD, with respect to any claims for insurance submitted

by the Purchaser in connection with those loans. Because the deadline to object to

approval of the sale of the FHA loans, including that the sale shall be free and clear,

is April 4, 2013, the United States is not filing a formal objection at this time.

However, the Government wishes to place all interested parties on notice of its

position with respect to the sale prior to the commencement of bidding, in order to

ensure that any proposed sale agreement protects the Government's rights. In the

event those rights are not protected, the United States will object to the sale.

**BACKGROUND**

1.      Under FHA's Single Family insured loan program, approved lenders

make mortgage loans to finance the purchase of 1 to 4 family residences, and

HUD/FHA insures the lender against loss should a borrower default on the loan and

foreclosure of the property does not repay the outstanding balance in full. In

---

[1]      Capitalized terms not defined herein have the same meaning as in the
Motion.

consideration of FHA's insurance of the mortgage loans, lenders and their servicers

are responsible for paying periodic mortgage insurance premiums to HUD for each

loan so insured.  HUD has promulgated extensive guidelines and regulations to

ensure that only creditworthy borrowers are being insured, and HUD relies on

certifications by FHA-approved lenders that the loans they submit for insurance

comply with HUD standards and guidelines specifically designed to mitigate the

risk to HUD.

        2.      By protecting lenders against defaults on mortgages, FHA mortgage

insurance encourages lenders to make loans to millions of creditworthy borrowers

who might not otherwise satisfy conventional underwriting criteria.  FHA mortgage

insurance also makes mortgage loans valuable in the secondary markets.  Eligible

FHA-insured mortgage loans may be pooled and securitized into mortgage-backed

securities ("MBS") guaranteed by the Government National Mortgage Association

("Ginnie Mae"), and which carry the full faith and credit of the United States.

        3.      According to the Motion, Debtors hold approximately $1 billion (unpaid

principal balance) of loans insured by FHA or guaranteed by the United States

Department of Veterans Affairs.  Motion at ¶ 6.  Debtors seek approval of sale

procedures with respect to a proposed sale of $130 million (UPB) of FHA-insured

loans (the "FHA Loans").  *Id.*  Debtors indicate that these FHA Loans previously

were sold into Ginnie Mae securitizations, but were subsequently repurchased

pursuant to Ginnie Mae's guidelines because the loans became non-performing.

Motion at ¶¶ 5-6.  Rather than hold the FHA Loans until completion of the

foreclosure process and submission of an insurance claim to FHA, or until the loan

becomes eligible for resale into Ginnie Mae securitization pools, Debtors seek to sell

the loans in order to expedite the monetization of the loans.  *Id.* at ¶¶ 7-8.

4.      The relevant FHA Loans were chosen, according to the Motion,

because "collateral documentation is readily available and [the FHA Loans] ha[ve]

been reviewed to confirm that such loans adhere to acceptable industry standards."

*Id.* at ¶ 7.  Debtors contend that the Successful Bidder for the FHA Loans "can be

assured that the FHA Loans will qualify for the FHA insurance payment in the

event the collateral securing the loan does not fully cover the loan."  *Id.*

5.      Debtors seek approval of a sale of the FHA Loans under Section 363 of

the Bankruptcy Code, free and clear of all claims, liens, encumbrances, or other

interests.  *See* Motion at ¶¶ 25-27.  The Sale Notice, which is attached to the

proposed Sale Procedures Order as Exhibit 2, indicates that "the order approving

the Sale will provide that the FHA Loans shall be transferred to the Purchaser (as

defined in the [Mortgage Loan Purchase and Interim Servicing Agreement]), and

such transfer shall be free and clear of all claims, liabilities, interests, liens,

obligations, and encumbrances of any person or entity."  Sale Notice, § C.

6.      The United States did not learn of the contemplated sale until the

filing of the Motion.  Once the motion was filed, the Government requested that

Debtors provide a full list of the FHA Loans, which Debtors provided on January 7

and 8, 2013.  The Government is currently reviewing that list and reserves the right

to make additional requests for information concerning the FHA Loans as

necessary.

### THE GOVERNMENT'S RIGHTS OF SETOFF
### WITH RESPECT TO FHA INSURANCE CLAIMS

7.      At the threshold, the Government notes a representation by Debtors in

the Motion that the Successful Bidder "can be assured that the FHA Loans will

qualify for the FHA insurance payment." Motion at ¶ 7. Notwithstanding any

assurances by Debtors, the determination of whether an FHA-insured loan qualifies

for an insurance payment rests with the Government, specifically FHA, upon

submission of an insurance claim in connection with the loan.

8.      In addition, the Motion indicates that the FHA Loans will be sold free

and clear of all claims, liens, encumbrances, or other interests. *See* Motion at

¶¶ 25-27; Sale Notice, § C ("any person or entity holding any such claims, liabilities,

interests . . . shall be enjoined and forever barred from asserting such claims,

liabilities, interests . . . against the Purchaser or any of its affiliates"). Accordingly,

the Motion purports to extinguish the Government's setoff rights with respect to the

debts of the seller against any insurance claims submitted by the Purchaser in

connection with the FHA Loans.

9.      Generally speaking, "[t]he right of setoff . . . allows entities that owe

each other money to apply their mutual debts against each other, thereby avoiding

the absurdity of making A pay B when B owes A." *Citizens Bank of Md. v. Strumpf*,

516 U.S. 16, 18 (1995) (citation and internal quotation marks omitted).

Recoupment is a demand arising from the same transaction as a plaintiff's claim to

abate or reduce that claim, and thus is the means used to determine the proper liability on the amount owed. *See Reiter v. Cooper*, 507 U.S. 258, 265 n.2 (1993). Section 553 of the Bankruptcy Code recognizes and preserves setoff rights that exist under non-bankruptcy law and expressly provides that nothing in the Code affects a creditor's setoff rights unless provided in that section, or in sections 362 or 363. 11 U.S.C. § 553(a). The Code is silent with respect to recoupment; however, recoupment rights also are determined under non-bankruptcy law. *See Westinghouse Credit Corp. v. D'Urso*, 278 F.3d 138, 149 n.5 (2d Cir. 2002). In general, the agencies of the United States constitute a "unitary creditor," *i.e.,* a single government unit, for setoff purposes. *See, e.g, In re Whimsy, Inc.*, 221 B.R. 69, 74 (S.D.N.Y. 1998).

10.    The Government need not file a proof of claim in order to preserve setoff rights. *See In re Davidovich*, 901 F.2d 1533, 1539 (10th Cir. 1990) (proof of claim not a prerequisite to retention of setoff right). As the Second Circuit has noted, "[t]he rule allowing setoff . . . is not one that courts are free to ignore when they think application would be unjust." *In re Applied Logic Corp.*, 576 F.2d 952, 957 (2d Cir. 1978); *see also* 5 Collier on Bankruptcy § 553.02[3] ("The Bankruptcy Code provides no general equitable mechanism for disallowing rights of setoff that are expressly preserved by section 553.").

11.    There are a variety of ways that the Government may offset a debt against a prospective payment to debtor. By way of example, under certain circumstances, HUD may offset a lender's existing debt to the agency against a

subsequent claim for FHA insurance, or may refer certain unpaid debts to the

Treasury Offset Program, which the United States Department of the Treasury

("Treasury") would then offset against any subsequent federal payment to the

debtor, including FHA insurance claims. *See* 24 C.F.R. § 17.65. In addition,

because the United States is a unitary creditor for setoff purposes, debts owed to

one agency may be offset under certain circumstances against federal payments

authorized by a different agency, *e.g.,* payments of insurance claims in connection

with FHA-insured loans.

      12.    The Government is concerned about the contemplated sale of the FHA

Loans because a free-and-clear sale of those loans conceivably would bar the

Government from offsetting a debt of the Debtors against a claim by the Purchaser

for insurance in connection with the loans. In addition, to the extent the FHA

Loans include loans that have been modified under the FHA's Home Affordable

Modification Program (FHA-HAMP) and qualified for payment of financial

incentives under Treasury's Making Home Affordable Program, a free-and-clear

sale may impair Treasury's rights to recover amounts paid out in error. The

Government is currently reviewing the information provided by the Debtors,

together with the Government's records, to determine the extent of any potential

impairment.

      13.    While the proposed Sale Procedures Order provides that the deadline

for objections to approval of the Sale, including that the Sale shall be free and clear,

is April 4, 2013, the Government raises the foregoing issues at this time to put all

12-12020-mg   Doc 2599   Filed 01/10/13   Entered 01/10/13 16:16:15   Main Document
Pg 8 of 8

interested parties, including potential purchasers, on notice of the Government's

position with respect to the interplay between the contemplated sale and the

Government's setoff rights.  The United States reserves all of its rights to object to a

motion approve the sale of the FHA Loans for the reasons stated herein, or any

other appropriate ground.

Dated:  New York, New York
        January 10, 2013

                                    Respectfully submitted,

                                    PREET BHARARA
                                    United States Attorney for the
                                    Southern District of New York
                                    *Attorney for the United States of America*


                      By:     */s/ Joseph N. Cordaro*
                              JOSEPH N. CORDARO
                              Assistant United States Attorney
                              86 Chambers Street, 3rd Floor
                              New York, New York 10007
                              Telephone: (212) 637-2745
                              Facsimile:  (212) 637-2686
                              Email: joseph.cordaro@usdoj.gov

8