Basic Life Resources, a Washington non-profit corporation
And
Pamela Z. Hill
6675 Wahl Road
Freeland, Washington 98249
Email: Cribstone@aol.com, 360-466-8977
      Pamela@WhidbeyViewHomes.com
    360-678-2095/360-320-2411

Mailing Addresses:
P.O. Box 665
Coupeville, WA 98239

Objection Date: January 9, 2013
Hearing Date:   January 16, 2013
Scheduled Omnibus Hearing Date

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:                        )
                              )    Case No. 12-12020 (MG)
RESIDENTIAL CAPITAL, LLC, *et al.*,   )    Chapter 11
                              )    Jointly Administered
         Debtors.        )
                              )    RESPONSE TO COUNSEL FOR
                                  DEBTORS AND DEBTORS IN
                                  POSSESSSION OBJECTION

To: Clerk of the Court
And to: Morrison & Foerster LLP
And copy to: The Chambers of Hon. Martin Glenn

MOVANTS' RESPONSE

COMES NOW BASIC LIFE RESOURCES AND RESPONDS TO OBJECTION as follows:

In opposition to "Debtors' Objection" filed with the Clerk of this Court yesterday, January 9, 2013, Basic Life Resources ("BLR") responds as follows:

This Court's Order entered May 23, 2012 (Document 141) ("Order") states at Section 11. General Motion Practice, Paragraph (f) "Any objection to a Motion (an " Objection") shall be filed and served ... no later than 4:00 p.m. (New York City time) ....(ii) seven days prior to the date of the Omnibus Hearing at which the Motion is to be heard ..." "unless either (y) the movant establishes a longer response date or (z) the movant and the objecting party mutually agree to extend such deadline. And further "provided, however that an Objection shall not be filed later than 4:00 p.m. (New York City time) on the date that is seven days prior to the date of the Omnibus Hearing without leave of the Court."

Basic Life Resources/Hill Response to Objection
Page 1

Further in that same subparagraph (again on page 7 of the Order) it is stated that, "Service of an Objection shall be made so as to be received by those parties required to be served no later than the deadline for filing the Objection."

This Court's Order, when not contrary to the Federal Rules of Bankruptcy Procedure cited by Morrison & Foerster LLP (Morrison) is, and should be, controlling in this matter for the issues at hand.

Morrison's Objection, on its face as indicated by the Clerk of Court's time was filed and entered "01/09/13 16:33:04", being 4:33:04 January 9, 2013, New York City time, with the Hearing Date thus now less than seven (7) days away.

Neither (y) nor (z) above apply. BLR is unaware of any leave of this Court being applied for. The set Hearing Date is January 16, 2013. Whether this Court calculates it's days by counting the first and not the last, or the other way around of not the first but the last, the Objection by its filing is simply too late and must be stricken.

In addition, assuming *arguendo*, that BLR is even subject to email notice which, for the record, is not intentionally the case, and thus as of the date and time this Response is executed has yet to be properly served, the notice of the pleadings "Objection" submitted by Morrison was not received by BLR until, at the earliest from the noted date and time sent by Noticing Agent, Kurtzman Carson Consultants (KCC), at 1/9/13, 2:13:10 p.m. PST (Pacific Standard Time), thus being after 5 p.m. New York City time. That, even assuming, for argument was a valid Notice, was once again simply too late. No other form or manner of Morrison's Notice has been received by BLR at any time material hereto. Thus once again the Objection by its Notice must be stricken.

In both instances, the established filing/entered time and notice of KCC were actually accomplished after BLR had, by its inscription, already timely executed and Express mailed its Certificate of No Objection.

There are and have been no other Objections filed and/or Notice thereof given to BLR in any manner whatsoever. The Court should proceed with BLR's Motion and Certificate submitted and filed as they thus stand.

Also without prejudice to the above, it should be noted that Morrison's Objection is essentially based upon its assertion that there is no stated basis for "emergency" while essentially tacitly admitting a claim in "an amount of nearly $3 million". It fails to include that such amount to reach its $3 million is based upon a daily cost to both BLR and debtors of $14,986 per day each day it remains unpaid and the error of the Deed of Trust not corrected as sought by both BLR and Pamela Z. Hill herein.

At present if paid to BLR by January 25, 2013, the total being not subject to any late penalty, the total due would be $1.7 million plus a daily addition from November 2, 2012 of 86 days at $14,986 or $1,288,796 for a total of $2,998,796, being thus less than Morrison's stated amount, even though by just a small margin and not including any amount due Hill. However, far less than would otherwise be the case if deferred as long as it would take Morrison to wade through their stated 6,632 creditors' and $97 billion claims. Morrison has had every opportunity here to now respond to BLR's claim and has failed to do so. It has had other prior opportunities also and simply ignored them.

BLR considers that otherwise continuing drain on the assets of the Debtors a rather obvious "emergency."

Also just as obvious should be the other reasons already stated and on file with this Court, to wit: the ongoing move of the Snohomish County PUD to install a test tidal generating system nearby in the very near future, the migration of waterfowl and marine mammals, and the overall continuing and irreparable deterioration of Puget Sound just to name a few already stated and also to be found at the referenced BLR web site previously cited.

Thus even if the Court were to consider Morrison's Objection, it is wholly unsupportable and without merit anyway.

Further, BLR has always tried to be very careful to insure that Morrison has always individually as a law firm been addressed throughout as a potential or probable responsible party for the damages that have been occasioned by its non-actions. One would think it would endorse the opportunity to limit/reduce its exposure to any liability for its part leading to the tacitly acknowledged liability to BLR for its damages.

Morrison, by its Objection, not stating any other reason or grounds, to the extent it can even be considered, must be deemed to have waived any other objection not therein stated either procedural or of substance.

The Court should grant the relief sought by the pending Motion without further delay.

Respectfully submitted: This 10th day of January, 2013.

*[signature]*

Michael M. Moore, Managing Director
Basic Life Resources, *pro se*

<u>COMES NOW PAMELA Z. HILL AND RESPONDS TO OBJECTION</u> as follows:

I am one of the Moving Parties hereto. I have read, approve and hereby assert the same facts and conclusions of Basic Life Resources (BLR) above in the same manner as set forth and as they apply to my Motion and relief sought and Debtors' Objection and incorporate them as if fully set forth herein.

In addition, assuming arguendo, that I am even subject to email notice which, for the record, is not intentionally the case, and thus as of the date and time this Response is executed has yet to be properly served, the notice of the pleadings "Objection" submitted by Morrison was not received by me until, at the earliest from the noted date and time sent by Noticing Agent, Kurtzman Carson Consultants (KCC), at 1/9/13, 2:13 p.m. PST (Pacific Standard Time), thus being after 5 p.m. New York City time. That, even assuming, for argument it was a valid Notice, it was once again simply too late. No other form or manner of Morrison's Notice has been received by me at any time material hereto. Thus once again the Objection by its Notice must be stricken.

And without prejudice to the above, in my situation, the emergency is that I have executed a warranty deed to BLR under the circumstances described in my Claim and without removal of the cloud that continues to exist, I will remain liable to BLR until it is removed in the manner I have requested in my Petition and Motion now pending. BLR cannot proceed until this is accomplished. Thus its emergency in this manner is also mine.

Further to note, that my monthly payment to GMAC is a net to it of $2,259.63 (Exhibit B, my Proof of Claim), the daily cost of $14,986 amounts to $449,580 for a 30 day month, resulting in a net loss to Debtors of $447, 320.37 per that monthly period. That loss, as an individual, I certainly consider an "emergency" in the eyes of anyone.

For my part then, Morrison, by its Objection, not stating any other reason or grounds, to the extent it can even be considered, must be deemed to have waived any other objection not therein stated either procedural or of substance.

The Court should strike the Objection of Morrison and grant the relief sought by the pending Motion without further delay.

Respectfully submitted: This 10th day of January, 2013.

_____
Pamela Z. Hill, *pro se*

Basic Life Resources/Hill Response to Objection
Page 4