**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**STIPULATION AND ORDER WITH RESPECT TO THE MOTION
OF MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY
SEEKING LIMITED DISCOVERY FROM THE DEBTORS AND
<u>RELIEF FROM THE STAY IMPOSED BY THE FHFA ORDER</u>**

Subject to the approval of the Court, this stipulation (the "Stipulation") is made and entered into by the debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned bankruptcy cases (the "Bankruptcy Cases") on the one hand and Massachusetts Mutual Life Insurance Company ("MassMutual") on the other hand. The Debtors and MassMutual (together, the "Parties") intend for this Stipulation to resolve the *Motion of Massachusetts Mutual Life Insurance Company Seeking Limited Discovery from the Debtors and Relief from the Stay Imposed by the FHFA Order* (ECF Doc. # 2503) (the "Motion").

WHEREAS MassMutual is Plaintiff in a case captioned *Massachusetts Mutual Life Ins. Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., et al.,* No. 3:11-030285 (the "MassMutual Case") pending in the United States District Court for the District of Massachusetts;

WHEREAS no Debtor is a party to the MassMutual Case;

1

WHEREAS on December 20, 2012, MassMutual filed the Motion seeking from the Debtors the production of 12 "Loan Tapes" including certain "associated originator information" related to the securitizations at issue in the MassMutual Case;

WHEREAS the Debtors assert that the request in the Motion is subject to the automatic stay imposed by Section 362(a) of the Bankruptcy Code, is precluded by the *Memorandum Opinion and Order Denying the Motions of Federal Housing Finance Agency and Underwriter Defendants to Compel Document Discovery From the Debtors* (ECF Doc. # 1813, "Discovery Order"), and that producing the 12 Loan Tapes with originator information at issue will be unduly burdensome;

WHEREAS MassMutual asserts that the automatic stay has no application and cause exists for relief from the Discovery Order;

WHEREAS the Parties have reached an agreement under which the Debtors shall produce certain agreed-upon documents on the terms and conditions contained herein subject to bankruptcy court approval of the Stipulation;

NOW THEREFORE, the Parties agree and stipulate as follows:

1.      Without prejudice to the reservations of rights provided for in paragraph 3, the Debtors agree to produce to MassMutual twelve "collateral files," including originator information and other loan identification information requested by MassMutual ("Agreed Documents") on a rolling basis within 18 days of the Parties' execution of this Stipulation;

2.      The Agreed Documents will be produced as "CONFIDENTIAL" pursuant to the *Stipulation and Order for the Production and Exchange of Confidential*

*Information* entered in the MassMutual Action (ECF Doc. # 95) because they contain "NONPARTY BORROWER INFORMATION" as that term is defined therein;

3. Upon entry of this Stipulation, the Motion will be deemed to be withdrawn without prejudice by MassMutual;

4. This Stipulation is without prejudice to any right of (a) MassMutual to seek to obtain and/or move to compel additional discovery from the Debtors in the future, and (b) the Debtors to oppose any such relief, including that the automatic stay is applicable to all non-party discovery.

5. Notwithstanding anything herein to the contrary, this Stipulation shall not modify or affect the terms and provisions of, or the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

6. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation.

7. This Stipulation may not be modified other than by a signed writing executed by the Parties hereto or by further order of the Court.

8. Each person who executes this Stipulation on behalf of a Party hereto represents that he or she is duly authorized to execute this Stipulation on behalf of such Party.

| | |
|---|---|
| Dated: January 9, 2013 | Dated: January 9, 2013 |
| /s/ Joel C. Haims | /s/ Minyao Wang |
| Gary S. Lee | QUINN, EMANUEL, URQUHART & |
| Joel C. Haims | SULLIVAN, LLP |
| | Philippe Z. Selendy |
| MORRISON & FOERSTER LLP | Jennifer J. Barrett |
| 1290 Avenue of the Americas | Minyao Wang |
| New York, New York 10104 | 51 Madison Avenue, 22nd Floor |
| Telephone: (212) 468-8000 | New York, NY 10010 |
| Facsimile: (212) 468-7900 | Telephone: (212) 849-7000 |
| | Fax: (212) 849-7100 |
| *Counsel to the Debtors and Debtors in Possession* | *Attorneys for Massachusetts Mutual Life Insurance Company* |

**IT IS SO ORDERED**

Dated: January 14, 2013
        New York, New York

                                        **  /s/Martin Glenn       **
                                        MARTIN GLENN
                                        United States Bankruptcy Judge

4