Hearing Date:  January 16, 2013 at 10:00 a.m. (ET)

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
James A. Newton

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**DEBTORS' RESPONSE AND RESERVATION OF RIGHTS TO MOTION
OF CONNECTICUT HOUSING FINANCE AUTHORITY ("CHFA") FOR
THE ENTRY OF AN ORDER GRANTING RELIEF FROM THE
<u>AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)</u>**

ny-1073205

Residential Capital, LLC ("**ResCap**") and its affiliated debtors and debtors in possession in the above-captioned Chapter 11 cases (collectively, the "**Debtors**"), including GMAC Mortgage, LLC ("**GMAC Mortgage**"), hereby submit this response and reservation of rights (the "**Response**") to the *Motion of Connecticut Housing Finance Authority ("CHFA") for the Entry of an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)*, dated December 13, 2012 [Docket No. 2401] (the "**Motion**"). In support of hereof, the Debtors and respectfully state as follows:

## RESPONSE

1.  Since prior to approval of the sale of the their mortgage servicing platform (the "**Platform Sale**") pursuant to the terms of the Debtors' Asset Purchase Agreement (the "**Ocwen APA**") with Ocwen Loan Servicing, LLC ("**Ocwen**"), the Debtors have attempted to facilitate a resolution between CHFA and Ocwen that would ensure the continued servicing of CHFA's mortgage loan portfolio pursuant to terms mutually acceptable to CFHA and Ocwen and that would allow for the assignment of such servicing under the Ocwen APA. To date, no such resolution has been reached. In the absence of an agreement between Ocwen and CHFA, the Debtors do not object to the Court, to the extent necessary, granting relief from the automatic stay to permit the termination of the servicing of the CFHA loan portfolio and the transfer thereof to a substitute servicer.

2.  The Debtors do not contest CHFA's assertion that the servicing agreement between GMAC Mortgage and CHFA, dated as of July 15, 1987 (the "**Agreement**") terminated. Nonetheless, since that time the parties continued to perform their respective obligations under the Agreement, for more than three years following the Debtors' September 18, 2008 letter to CHFA in a satisfactory fashion. The Debtors dispute CFHA's allegations in the Motion regarding any deterioration in the servicing of the CFHA portfolio prior or subsequent to the

ny-1073205

Petition Date. The Debtors expressly reserve all rights to raise any claims or defenses to any and all claims asserted by CHFA in connection with the Debtors' servicing of CHFA loan portfolio, whether arising from conduct before or after September 15, 2008 and all claims against CFHA.

3. However, because the Agreement had in fact been terminated, the Debtors advised CFHA in advance of the November 19, 2012 hearing to consider the Platform Sale that they would not be seeking to assume and assign the Agreement or any other agreement with CFHA to Ocwen. At the same time, the Debtors advised CFHA that they were prepared to explore with CFHA an arrangement mutually acceptable to CFHA and Ocwen that would allow for the transfer of the servicing of the CFHA portfolio to Ocwen under the APA and the applicable sale procedures.

4. Although the Debtors have attempted to facilitate discussions with Ocwen and CFHA, to date the Debtors understand that there has only been limited communication between the parties and no agreement has been reached. The Debtors have and will continue their efforts to facilitate these discussions.

*[continued on following page]*

5.    If CHFA and Ocwen cannot come to terms, however, the Debtors do not oppose CHFA's request for relief from the automatic stay, to the extent necessary, to permit the termination of the Debtors' servicing of CHFA's loan portfolio. However, the Debtors believe that any order entered by the Court should – rather than ordering GMAC Mortgage to immediately sequester and segregate all documents, data, and funds associated with the CHFA loan portfolio – permit the Debtors sufficient time to engage with CHFA to develop mutually acceptable procedures for the transfer of the servicing of the CHFA portfolio that preserve the rights and interests of both parties.

New York, New York  
Dated: January 14, 2013

/s/ Norman S. Rosenbaum  
Gary S. Lee  
Norman S. Rosenbaum  
James A. Newton  
MORRISON & FOERSTER LLP  
1290 Avenue of the Americas  
New York, New York 10104  
Telephone: (212) 468-8000  
Facsimile: (212) 468-7900

*Counsel to the Debtors and Debtors in Possession*