**Hearing Date and Time:  January 29, 2013 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline:  January 22, 2013 at 4:00 p.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Samantha Martin

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------
|  |  |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | Chapter 11 |
| Debtors. | Jointly Administered |
---------------------------------------------------------------

**NOTICE OF DEBTORS' MOTION FOR ORDER UNDER**
**11 U.S.C. §§ 105(a) AND 365(a), FED. R. BANKR. P. 6006 AND 9014**
**AND LOCAL BANKRUPTCY RULE 6006-1 AUTHORIZING**
<u>**ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACT**</u>

**PLEASE TAKE NOTICE** that the undersigned have filed the attached *Motion*

*for Order Under 11 U.S.C. §§ 105(a) and 365(a), Fed. R. Bankr. P. 6006 and 9014 and*

*Local Bankruptcy Rule 6006-1 Authorizing Assumption and Assignment of Executory*

*Contract* (the "<u>Motion</u>").

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion will take

place on **January 29, 2013 at 10:00 a.m. (prevailing Eastern time)** before the

Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District

of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New

York 10004-1408, Room 501.

   **PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion

must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the

Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case

Management, and Administrative Procedures approved by the Bankruptcy Court [Docket

No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic

case filing system, and be served, so as to be received no later than **January 22, 2013 at**

**4:00 p.m. (Prevailing Eastern Time)**, upon (a) counsel for the Debtors, Morrison &

Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attn: Gary S. Lee,

Lorenzo Marinuzzi and Samantha Martin); (b) the Office of the United States Trustee for

the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, NY

10004 (Attn: Tracy Hope Davis, Linda A. Riffkin, and Brian S. Masumoto); (c) the

Office of the United States Attorney General, U.S. Department of Justice, 950

Pennsylvania Avenue NW, Washington, DC 20530-0001 (Attn: US Attorney General,

Eric H. Holder, Jr.); (d)  Office of the New York State Attorney General, The Capitol,

Albany, NY 12224-0341 (Attn: Nancy Lord, Esq. and Enid N. Stuart, Esq.); (e) Office of

the U.S. Attorney for the Southern District of New York, One St. Andrews Plaza, New

York, NY 10007 (Attn: Joseph N. Cordaro, Esq.); (f) counsel for Ally Financial Inc.,

Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY 10022 (Attn: Richard M.

Cieri); (g) counsel to Barclays Bank PLC, as administrative agent for the DIP lenders,

Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, NY 10036

(Attn: Ken Ziman & Jonathan H. Hofer); (h) counsel for the committee of unsecured

creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New

York, NY 10036 (Attn: Kenneth Eckstein & Greg Horowitz); (i) counsel for Ocwen Loan

Servicing, LLC, Clifford Chance US LLP, 31 West 52nd Street, New York, NY 10019

(Attn: Jennifer C. DeMarco and Adam Lesman); (j) counsel for Berkshire Hathaway Inc.,

Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los Angeles, CA 90071

(Attention:  Thomas Walper and Seth Goldman); (k) Internal Revenue Service, P.O. Box

7346, Philadelphia, PA 19101-7346 (if by overnight mail, to 2970 Market Street, Mail

Stop 5-Q30.133, Philadelphia, PA 19104-5016); and (l) Securities and Exchange

Commission, New York Regional Office, 3 World Financial Center, Suite 400, New

York, NY 10281-1022 (Attn: George S. Canellos, Regional Director).

       **PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a

written objection to the relief requested in the Motion, the Bankruptcy Court may deem

any opposition waived, treat the Motion as conceded, and enter an order granting the

relief requested in the Motion without further notice or hearing.

Dated: January 14, 2013
      New York, New York

                                  Respectfully submitted,

                                  /s/ Gary S. Lee
                                  Gary S. Lee
                                  Lorenzo Marinuzzi
                                  Samantha Martin
                                  MORRISON & FOERSTER LLP
                                  1290 Avenue of the Americas
                                  New York, New York 10104
                                  Telephone: (212) 468-8000
                                  Facsimile: (212) 468-7900

                                  *Counsel for the Debtors and*
                                  *Debtors in Possession*

**Hearing Date and Time: January 29, 2013 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: January 22, 2013 at 4:00 p.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:     (212) 468-8000
Facsimile:     (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Samantha Martin

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------
|                                          | )
| In re:                                   | )    Case No. 12-12020 (MG)
|                                          | )
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | )    Chapter 11
|                                          | )
|                          Debtors.        | )    Jointly Administered
|                                          | )
-------------------------------------------------------------

**DEBTORS' MOTION FOR ORDER UNDER 11 U.S.C. §§ 105(a) AND 365(a),**
**FED. R. BANKR. P. 6006 AND 9014 AND LOCAL BANKRUPTCY RULE 6006-1**
**AUTHORIZING ASSUMPTION AND ASSIGNMENT OF**
<u>**EXECUTORY CONTRACT**</u>

**TO THE HONORABLE MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE:**

The debtors and debtors in possession in the above-captioned cases (collectively,

the "Debtors")[1], hereby move (the "Motion") for entry of an order under sections 105(a)

and 365(a) of title 11 of the United States Code, as amended (the "Bankruptcy Code"),

rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") and rule 6006-1 of the Local Bankruptcy Rules for the Southern District of New

York, authorizing the assumption and assignment of the executory contract set forth on

Exhibit 1 annexed hereto (including any amendments, modifications, or other agreements

related thereto, and without regard to whether such agreement, instrument or other

document is listed on Exhibit 1, the "Contract").  In support of the Motion, the Debtors

rely upon and incorporate by reference the Declaration of Erik Ferguson, Senior Vice

President of Business Excellence at GMAC Mortgage, LLC, a copy of which is annexed

hereto as Exhibit 2.

In support of this Motion, the Debtors represent as follows:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and

this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.     The statutory and legal predicates for the relief requested herein are

Bankruptcy Code sections 105(a) and 365(a) and Bankruptcy Rules 6006 and 9014.

---

[1]  The names of the Debtors in these cases and their respective tax identification numbers are identified on
Exhibit 1 to the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in
Support of Chapter 11 Petitions and First Day Motions (the "Whitlinger Affidavit") [Docket No. 6].

## BACKGROUND

3.      On May 14, 2012 (the "Petition Date"), each of the Debtors filed a

voluntary petition with the Court for relief under Chapter 11 of the Bankruptcy Code.

The Debtors are managing and operating their businesses as debtors in possession

pursuant to Bankruptcy Code sections 1107(a) and 1108.  These cases are being jointly

administered pursuant to Bankruptcy Rule 1015(b).  No trustee has been appointed in

these Chapter 11 cases.

4.      On May 16, 2012, the United States Trustee for the Southern District of

New York (the "U.S. Trustee") appointed a nine-member official committee of unsecured

creditors (the "Creditors' Committee").

5.      On June 20, 2012, the Court directed that an examiner be appointed

[Docket No. 454], and on July 3, 2012, the Court approved Arthur J. Gonzalez as the

examiner (the "Examiner") [Docket No. 674].[2]

6.      On November 21, 2012, the Court entered orders approving the sale of

(i) the Debtors' mortgage loan servicing and origination platform (the "Platform Sale") to

Ocwen Loan Servicing, LLC ("Ocwen"), and (ii) the Debtors' legacy whole loan

portfolio (the "Legacy Sale") to Berkshire Hathaway Inc. (together with Ocwen, the

"Purchasers"), in each case subject to entry of the sale order.  [Docket Nos.  2246 and

2247].[3]

---

[2] The Debtors are a leading residential real estate finance company indirectly owned by Ally Financial Inc.
("AFI"), which is not a Debtor.  The Debtors and their non-debtor affiliates operate the fifth largest
mortgage servicing business and the tenth largest mortgage origination business in the United States.  A
more detailed description of the Debtors, including their business operations, their capital and debt
structure, and the events leading to the filing of these bankruptcy cases, is set forth in the Whitlinger
Affidavit.

[3] The order approving the Platform Sale shall be referred to as the "Sale Order" herein.

ny-1071923

## RELIEF REQUESTED

7.    By this Motion, the Debtors respectfully request, pursuant to Bankruptcy

Code sections 105(a) and 365(a), Bankruptcy Rules 6006 and 9014, and Rule 6006-1 of

the Local Bankruptcy Rules for the Southern District of New York, that this Court enter

an order, substantially in the form annexed hereto as Exhibit 3, authorizing the

assumption and assignment of the Contract identified on Exhibit 1 and approving the

amendment of the Contract (the "Amendment") annexed hereto as Exhibit 4.[4]    The

Debtors submit that the assumption and assignment of the Contract is reasonable and

represents an appropriate exercise of sound business judgment.

## BASIS FOR RELIEF

8.    The Debtors currently are in the process of evaluating which of the

Debtors' executory contracts and unexpired leases should be assumed and assigned to

Ocwen in connection with the Platform Sale and the Legacy Sale, or assumed to facilitate

the Debtors' wind down activities.    As part of this analysis, the Debtors have determined

that the Contract identified on Exhibit 1 is necessary to Ocwen's ongoing business

operations, and therefore assumption and assignment is beneficial to the Debtors' estates.

9.    The Contract is by and between HP Enterprise Services, LLC ("HP"), as

the supplier, and GMAC Residential Holding Company, LLC ("GMACR"), as the

customer, pursuant to which HP provides GMACR with resources to support helpdesk,

---

[4] Consistent with Bankruptcy Rule 6006(f), Exhibit 1 contains no more than 100 executory contracts and
unexpired leases to be assumed.  The Debtors are currently performing a review and evaluation of other
executory contracts and unexpired leases that are not the subject of this Motion.  As this process continues,
the Debtors expect to identify additional contracts and leases to be assumed or rejected.  Accordingly, the
Debtors reserve the right to seek to assume or reject additional contracts and leases in the future.  This
Motion should not be construed as a determination that any contracts or leases not listed herein are to be
assumed or rejected.

ny-1071923

security fulfillment, desktop and network operations center functions at various GMACR

locations within the continental United States.  The Contract was amended and extended

several times.  Most recently, HP agreed to extend the expiration from December 31,

2012 to January 31, 2013 on the condition that (i) the parties would further extend the

Contract as modified by the Amendment (a copy of which is annexed hereto as <u>Exhibit 4</u>),

and (ii) assumption of the Contract, as modified by the Amendment, would occur prior to

January 31, 2013.  The Amendment, among other things, extends the expiration of the

Contract to June 30, 2013.

10.     The Debtors have determined that it is critical that HP continue these

support services through the closing of the Platform Sale.  The Debtors are current on all

obligations under the Contract, and the Debtors believe there are no cure costs associated

with the assumption of the Contract.  Further, Ocwen has determined that it wishes to

take assignment of the Contract upon the closing of the Platform Sale, and Ocwen has

demonstrated adequate assurance of future performance.  Accordingly, the Debtors, in

exercising their sound business judgment, believe that the assumption of the Contract

effective as of the date hereof (the "<u>Assumption Date</u>") and the subsequent assignment to

Ocwen upon closing of the Platform Sale, would be in the best interests of their estates.

11.     Based on the foregoing, the Debtors have determined through the exercise

of their business judgment that assumption and assignment of the Contract is in the best

interests of the Debtors' estates, their creditors and other parties in interest.

## <u>APPLICABLE AUTHORITY</u>

12.     Section 365 of the Bankruptcy Code provides that a debtor in possession

may assume, assign or reject any executory contract or unexpired lease of the debtor,

provided that any defaults under such contracts and leases are cured and adequate

4

assurance of future performance is provided.    11 U.S.C. § 365.  *See also NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 521 (1984); *Med. Malpractice Ins. Ass'n v. Hirsch (In re Lavigne)*, 114 F.3d 379, 386 (2d Cir. 1997). "The purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to renounce title to and abandon burdensome property."  *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2d Cir. 1993) (internal quotation marks and reference omitted).

13.    Courts defer to a debtor's business judgment in assuming an executory contract or unexpired lease. *In re Orion Pictures Corp.*, 4 F.3d at 1098 (noting that section 365 "permits the [debtor], subject to the approval of the bankruptcy court, to go through the inventory of executory contracts of the debtor and decide which ones it would be beneficial to adhere to and which ones it would be beneficial to reject.").

14.    Courts generally will not second-guess a debtor's business judgment concerning whether the assumption or rejection of an executory contract or unexpired lease would benefit the debtor's estate. *See Phar-Mor, Inc. v. Strouss Bldg. Assocs.*, 204 B.R. 948, 951-52 (N.D. Ohio 1997) ("Whether an executory contract is 'favorable' or 'unfavorable' is left to the sound business judgment of the debtor.") (internal citations omitted).  If the debtor's business judgment has been exercised reasonably, a court should approve the assumption or rejection of an executory contract. *See, e.g., NLRB v. Bildisco & Bildisco*, 465 U.S. at 523; *In re Ionosphere Clubs, Inc.*, 100 B.R. 670, 673 (Bankr. S.D.N.Y. 1989); *see also In re Orion Pictures Corp.*, 4 F.3d at 1098-99.

5

15.      The meaning of "adequate assurance of future performance" depends on the facts and circumstances of each case, but should be given "practical, pragmatic construction."  *See Carlisle Homes. Inc. v. Azzari (In re Carlisle Homes, Inc.)*, 103 B.R. 524, 538 (Bankr. D.N.J. 1989).  Among other things, adequate assurance may be given by demonstrating the assignee's financial health and experience in managing the type of enterprise or property assigned.  *See In re Bygaph Inc.*, 56 B.R. 596, 605-06 (Bankr. S.D.N.Y. 1986).

16.      For the reasons set forth above, the Debtors clearly have satisfied the "business judgment" standard for assuming and assigning the Contract.  The Debtors have determined that it is critical for the Debtors to continue utilizing the resources provided by HP resources to support helpdesk, security fulfillment, desktop and network operations center functions at various GMACR locations through June 30, 2013.  Further, Ocwen has determined that it wishes to take assignment of the Contract upon the closing of the Platform Sale, and Ocwen has demonstrated adequate assurance of future performance.  *See Sale Order*, at 14 ("The Purchaser's promise to perform the obligations under the Assumed Contracts after the Closing Date shall constitute adequate assurance of its future performance of and under the Assumed Contracts, within the meaning of sections 365(b)(1) and 365(f)(2) of the Bankruptcy Code.").

17.      Accordingly, the Debtors submit that the assumption and assignment of the Contract should be approved because it is in the best interests of the Debtors' estates and represents a proper exercise of the Debtors' business judgment.

## NOTICE

18.     The Debtors have provided notice of this Motion in accordance with the

Case Management Procedures Order, approved by this Court on May 23, 2012 [Docket

No. 141].

## CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court enter an order,

substantially in the form annexed hereto as Exhibit 3, granting the relief requested in this

Motion and such other and further relief as may be just and proper.


New York, New York                       /s/ Gary S. Lee
Dated: January 14, 2013                   Gary S. Lee
                                          Lorenzo Marinuzzi
                                          Samantha Martin
                                          MORRISON & FOERSTER LLP
                                          1290 Avenue of the Americas
                                          New York, New York 10104
                                          Telephone: (212) 468-8000
                                          Facsimile: (212) 468-7900

                                          *Counsel to the Debtors
                                          and Debtors in Possession*

**Exhibit 1 to the Motion**

**Assumed and Assigned Contract**

|   | Debtor | Contract/Lease Counterparty (Name/Address) | Description of Contract/Lease | Cure Amount |
|---|---|---|---|---|
| 1 | GMAC Residential Holding Company, LLC | HP Enterprise Services, LLC | GMAC Residential – Staff Augmentation and Related Services Contract, dated as of January 1, 2011, as subsequently amended and extended | $0.00 |

## Exhibit 2

**Declaration**

*(Please see attached)*

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Samantha Martin

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------------
|                                    )
In re:                              )    Case No. 12-12020 (MG)
|                                    )
RESIDENTIAL CAPITAL, LLC, et al.,   )    Chapter 11
|                                    )
|                     Debtors.       )    Jointly Administered
--------------------------------------------------------------------    )

**DECLARATION OF ERIK FERGUSON, SENIOR VICE PRESIDENT OF
BUSINESS EXCELLENCE AT GMAC MORTGAGE, LLC, IN SUPPORT OF
THE DEBTORS' MOTION FOR ORDER UNDER 11 U.S.C. §§ 105(a) AND 365(a),
FED. R. BANKR. P. 6006 AND 9014 AND LOCAL BANKRUPTCY RULE 6006-1
AUTHORIZING ASSUMPTION AND ASSIGNMENT OF
EXECUTORY CONTRACT**

I, Erik Ferguson, declare as follows:

    **A.**      **Background and Qualifications**

      I serve as Senior Vice President of Business Excellence at GMAC Mortgage,

LLC, one of the debtors and debtors in possession in the above-captioned Chapter 11

cases (collectively, the "Debtors"). I have held this position since August 2010. In my

role as Senior Vice President of Business Excellence at GMAC Mortgage, LLC, I am

responsible for, among other things, contracts with third party vendors for the provision

of services to the Debtors to enable them to conduct their respective business activities.

ny-1071923

I am authorized to submit this declaration (the "Declaration") in support of the *Debtors'*
*Motion for Order Under 11 U.S.C. §§ 105(a) and 365(a), Fed. R. Bankr. P. 6006 and*
*9014, and Local Bankruptcy Rule 6006-1 Authorizing Assumption and Assignment of*
*Executory Contract*, dated as of January 14, 2013 (the "Motion").[1]

Except as otherwise indicated, all statements in this Declaration are based upon
my personal knowledge or information supplied or verified by personnel in departments
within the Debtors' various business units. If I were called to testify as a witness in this
matter, I would testify competently to the facts set forth herein.

1.      The Debtors currently are in the process of evaluating which of the
Debtors' executory contracts and unexpired leases should be assumed and assigned to
Ocwen in connection with the Platform Sale and the Legacy Sale, or assumed to facilitate
the Debtors' wind down activities. As part of this analysis, the Debtors have determined
that the Contract identified on Exhibit 1 to the Motion is necessary to Ocwen's ongoing
business operations, and therefore assumption and assignment is beneficial to the
Debtors' estates.

2.      The Contract is by and between HP Enterprise Services, LLC
("HP"), as the supplier, and GMAC Residential Holding Company, LLC ("GMACR"), as
the customer, pursuant to which HP provides GMACR with resources to support
helpdesk, security fulfillment, desktop and network operations center functions at various
GMACR locations within the continental United States. The Contract was amended and
extended several times. Most recently, HP agreed to extend the expiration from

---

[1] Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to them in the
Motion.

December 31, 2012 to January 31, 2013 on the condition that (i) the parties would further

extend the Contract as modified by the Amendment (a copy of which is annexed to the

Motion as Exhibit 4), and (ii) assumption of the Contract, as modified by the

Amendment, would occur prior to January 31, 2013.  The Amendment, among other

things, extends the expiration of the Contract to June 30, 2013.

   3.  The Debtors have determined that it is critical that HP continue

these support services through the closing of the Platform Sale.  The Debtors are current

on all obligations under the Contract, and the Debtors believe there are no cure costs

associated with the assumption of the Contract.  Further, Ocwen has determined that it

wishes to take assignment of the Contract upon the closing of the Platform Sale, and

Ocwen has demonstrated adequate assurance of future performance.  Accordingly, the

Debtors, in exercising their sound business judgment, believe that the assumption of the

Contract effective as of the date hereof (the "Assumption Date") and the subsequent

assignment to Ocwen upon closing of the Platform Sale, would be in the best interests of

their estates.

   4.  Based on the foregoing, the Debtors have determined through the

exercise of their business judgment that assumption of the Lease is in the best interests of

the Debtors' estates, their creditors and other parties in interest.

   Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

is true and correct.

Dated:  New York, New York     /s/ Erik Ferguson
January 14, 2013          _____
                Erik Ferguson
                Senior Vice President of Business
                Excellence at GMAC Mortgage, LLC

## **Exhibit 3**

**Proposed Order**

(*Please see attached*)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------- )
                                                                     )
In re:                                                               )    Case No. 12-12020 (MG)
                                                                     )
RESIDENTIAL CAPITAL, LLC, et al.,                                    )    Chapter 11
                                                                     )
                                        Debtors.                     )    Jointly Administered
                                                                     )
-------------------------------------------------------------------- )

### ORDER UNDER 11 U.S.C. §§ 105(a) AND 365(a), FED. R. BANKR. P. 6006 AND 9014 AND LOCAL BANKRUPTCY RULE 6006-1 AUTHORIZING ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACT

Upon the motion (the "Motion") of the Debtors[1] for entry of an order (the

"Order"), pursuant to sections 105(a) and 365(a), of title 11 of the United States Code, as

amended (the "Bankruptcy Code") and rules 6006 and 9014 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the assumption and

assignment of the contract identified on Exhibit 1 annexed hereto (including any

amendments, modifications, or other agreements related thereto, and without regard to

whether such agreement, instrument or other document is listed on Exhibit 1, the

"Contract") as more fully described in the Motion; and the Court having jurisdiction to

consider the Motion and grant the requested relief in accordance with 28 U.S.C. §§ 157

and 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C.

§ 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and

1409; and the Court having reviewed the Motion and the Declaration of Erik Ferguson,

Senior Vice President of Business Excellence at GMAC Mortgage, LLC in support of the

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Motion; and the Court having determined that the relief requested in the Motion is in the

best interests of the Debtors, their estates, their creditors, and all parties in interest; and it

appearing that proper and adequate notice of the Motion has been given and that no other

or further notice is necessary; and the legal and factual bases set forth in the Motion

establish just and sufficient cause to grant the requested relief herein; and upon the record

herein; and after due deliberation thereon; and good and sufficient cause appearing

therefor,

        IT IS HEREBY FOUND, DETERMINED, AND ORDERED THAT:

1.      The Motion is GRANTED.

2.      Pursuant to Section 365(a) of the Bankruptcy Code and Bankruptcy Rules

6006 and 9014, (i) the Debtors' assumption of the Contract identified on Exhibit 1

annexed hereto, as modified by the Amendment, is approved as of the Assumption Date,

and (ii) the Debtors' subsequent assignment of the Contract identified on Exhibit 1

annexed hereto, as modified by the Amendment, to Ocwen upon the closing of the

Platform Sale is approved.

3.      The Amendment annexed as Exhibit 4 to the Motion is approved.

4.      The Debtors are hereby authorized to execute and deliver all instruments

and documents, and take all other actions, as may be necessary or appropriate to

implement and effectuate the relief granted in this Order.

5.      Upon the entry of this Order, (a) all non-monetary defaults under the

Contract arising prior to the Assumption Date shall be deemed cured, (b) no amounts that

arose prior to the Petition Date will be owed by Debtors or their estates with respect to

the Contract, and (c) any and all persons or entities shall be forever barred and estopped

from asserting a claim that any additional amounts are due or defaults exist under the

Contract that arose or accrued, relate to or are attributable to the period prior to the

Petition Date, against the Debtors or their estates.

      6.      This Court shall retain jurisdiction with respect to all matters arising from

or related to the implementation or interpretation of this Order.

Dated:   New York, New York
           _____, 2013


                              _____
                              THE HONORABLE MARTIN GLENN
                              UNITED STATES BANKRUPTCY JUDGE

### Exhibit 1 to the Order

**Assumed and Assigned Contract**

| | Debtor | Contract/Lease Counterparty (Name/Address) | Description of Contract/Lease | Cure Amount |
|---|---|---|---|---|
| 1 | GMAC Residential Holding Company, LLC | HP Enterprise Services, LLC | GMAC Residential – Staff Augmentation and Related Services Contract, dated as of January 1, 2011, as subsequently amended and extended | $0.00 |

ny-1071923

**<u>Exhibit 4</u>**


**Amendment**

(*Please see attached*)

**Amendment Number 2 to**

**GMAC Residential – Staff Augmentation and Related Services Contract**

**Contract# CW1978562**

This Amendment Number Two ("Amendment Number 2"), dated December 27, 2012 and effective as of January 1, 2013 ("Amendment Number 2 Effective Date"), to the GMAC Residential – Staff Augmentation and Related Services Contract is by and between GMAC Residential Holding Company, LLC on its behalf and for the benefit of its direct and indirect subsidiaries (collectively, "Customer Contracting Party" or "GMACR"), with offices at  1100 Virginia Drive, Fort Washington, PA 19034, and HP Enterprise Services, LLC ("Supplier Contracting Party"), with offices at 100 Renaissance Center, Detroit, Michigan, 48243.

**RECITALS:**

WHEREAS, Customer Contracting Party and Supplier Contracting Party entered into the GMAC Residential – Staff Augmentation and Related Services Contract effective as of January 1, 2011 (the "Service Contract") as amended and extended, and

WHEREAS, Customer Contracting Party and Supplier Contracting Party intend to extend the Service Contract for six (6) months pursuant to Section 2.3 of the Service Contract.

NOW, THEREFORE, for and in consideration of the covenants and agreements set forth below and in the Terms and Conditions, Customer Contracting Party and Supplier Contracting Party hereby agree as follows:

1.    Definitions.  Capitalized terms used in this Amendment, to the extent not otherwise defined in this Amendment, shall have the same meanings as in the Agreement.

2.    Expiration Date.  Pursuant to Section 2.3 of the Service Contract, effective January 1, 2013, the Expiration Date of the Service Contract is amended to June 30, 2013.

3.    Attachment 5.1.  Effective January 1, 2013, Attachment 5.1 (HP Rate Card) to the Service Contract is replaced by the attached modified Attachment 5.1 (HP Rate Card – Modified by Amendment 2).

4.    The total Charges for the Services provided under this Amendment shall not exceed ----------------- ("Not-to-exceed Amount"), consisting of --------- for IPACS data storage fees and ------------ for staff augmentation Services for desktop services, help desk, security fulfillment, and Waterloo print services.  Attachment 5.1 - HP Rate Card reflects the 2013 monthly billing estimate upon which the Not-to-exceed Amount was based.  In the case where the Charges for the Services approaches the Not-to-exceed Amount, Supplier Contracting Party will notify the Customer Contracting Party that additional work is necessary and an adjustment to the Not-to-exceed Amount will be considered to

accommodate the additional work.  The Parties will follow the Change Control
Procedures to document such adjustment.


5.      <u>Termination for Convenience Charges</u>.  For this Amendment Number 2 only and not to
set precedence for any other contract or extension of the Service Contract, in the event
that Customer Contracting Party terminates the Service Contract upon at least 60 days
notice during the term of this Amendment Number 2, Supplier agrees that
notwithstanding anything to the contrary in the Service Contract, the charges for such
Termination for Convenience (including but not limited to severance, anticipated profits
or revenue or other economic loss) shall not exceed an amount of -------- US.

6.      <u>Reduction of Resources</u>.    Section 3.3.3 a) of the Statement of Work of the Service
Contract is replaced in its entirety with the following:

"**Reduction of Resources**
a)   Changing Business Requirements
     If, as a result of a change in business requirements, GMACR does not require
     staffing in similar quantities to the current staffing resources of thirty-five (35)
     HP personnel, , then GMACR can inform HP in writing of such change in
     business requirement and reduce the number of resources upon forty five (45)
     days prior written notice.

     However, GMACR will not utilize this ability to terminate an RTS, or a slot in
     the MRP, to enable the hiring of GMACR employees to fulfill business
     requirements previously identified to HP as no longer required due to a
     change in business requirements.

     In the event that GMACR reduces the number of resources by more than 30%
     in any six (6) month period, then such reduction, in total, will be deemed a
     Termination of Convenience by GMACR."


7.      <u>Ratifications</u>.  The terms and provisions set forth in this Amendment shall modify and
supersede all inconsistent terms and provisions set forth in the Service Contract.  The
terms and provisions of the Service Contract, as expressly modified and superseded by this
Amendment, are ratified and confirmed and shall continue in full force and effect, and shall
continue to be legal, valid, binding and enforceable obligations of the parties.    The
modifications of the Service Contract, by this Amendment Number 2 and extension, is
conditioned upon and subject to (a) the entry of a Court Order approving the Debtors'
assumption of the Service Contract, as modified, and (b) payment of all pre-petition cure
obligations, if any.

**IN WITNESS WHEREOF,** this Service Contract Amendment Number 2 has been executed by the Parties as of the date signed below.

SUPPLIER CONTRACTING PARTY                CUSTOMER CONTRACTING PARTY

HP Enterprise Services, LLC                      GMAC Residential Holding Company, LLC

By:_____                By:_____


(Print)_____              (Print)_____


Title:_____               Title:_____


Date:_____              Date:_____

Attachment 5.1
HP Rate Card

| Role | Band | 2012 Rate | 2012 Non-Exempt Overtime Rate | 2013 Rate | 2013 Non-Exempt Overtime Rate |
|---|---|---|---|---|---|
| Business Services Analyst | SE1 | $ ------ | $ ------ | $ ------ | $ ------ |
| Business Services Analyst Advanced | SE2 | $ ------ | $ ------ | $ ------ | $ ------ |
| Technical Writer | Ops 2 | $ ------ | $ ------ | $ ------ | $ ------ |
| Training Manager | SE2 | $ ------ | $ ------ | $ ------ | $ ------ |
| Training Specialist | SE2 | $ ------ | $ ------ | $ ------ | $ ------ |
| Training Specialist Advanced | SE2 | $ ------ | $ ------ | $ ------ | $ ------ |
| Information Associate | SE1 | $ ------ | $ ------ | $ ------ | $ ------ |
| Information Analyst | SE2 | $ ------ | $ ------ | $ ------ | $ ------ |
| Information Specialist | SE3 | $ ------ | $ ------ | $ ------ | $ ------ |
| Information Specialist Senior | SE4 | $ ------ | $ ------ | $ ------ | $ ------ |
| Help Desk Coordinator | Ops 1 | $ ------ | $ ------ | $ ------ | $ ------ |
| Help Desk Coordinator Senior | Ops 2 | $ ------ | $ ------ | $ ------ | $ ------ |
| Help Desk Services Analyst | Ops 2 | $ ------ | $ ------ | $ ------ | $ ------ |
| Computer Operator | Ops 1 | $ ------ | $ ------ | $ ------ | $ ------ |
| Computer Operator Senior | Ops 1 | $ ------ | $ ------ | $ ------ | $ ------ |
| Information Security Analyst | Ops 2 | $ ------ | $ ------ | $ ------ | $ ------ |
| Information Security Analyst Advanced | Ops 2 | $ ------ | $ ------ | $ ------ | $ ------ |
| Associate Systems Administrator | Ops 2 | $ ------ | $ ------ | $ ------ | $ ------ |
| System Administrator | SE1 | $ ------ | $ ------ | $ ------ | $ ------ |
| System Administrator Advanced | SE2 | $ ------ | $ ------ | $ ------ | $ ------ |
| System Administrator Senior | SE3 | $ ------ | $ ------ | $ ------ | $ ------ |
| Communications Engineer | SE1 | $ ------ | $ ------ | $ ------ | $ ------ |
| Infrastructure Analyst | SE2 | $ ------ | $ ------ | $ ------ | $ ------ |
| Infrastructure Specialist | SE3 | $ ------ | $ ------ | $ ------ | $ ------ |
| Infrastructure Specialist Senior | SE4 | $ ------ | $ ------ | $ ------ | $ ------ |
| Telecom Analyst Advanced | SE2 | $ ------ | $ ------ | $ ------ | $ ------ |
| Project Analyst | Project analyst | $ ------ | $ ------ | $ ------ | $ ------ |
| Project Analyst Advanced | Project analyst | $ ------ | $ ------ | $ ------ | $ ------ |
| Project Analyst Senior | Project analyst | $ ------ | $ ------ | $ ------ | $ ------ |
| Business Relations Manager | Project Manager | $ ------ | $ ------ | $ ------ | $ ------ |
| Project Manager | Project Manager | $ ------ | $ ------ | $ ------ | $ ------ |
| Project Manager Advanced | Project Manager | $ ------ | $ ------ | $ ------ | $ ------ |
| Program Manager | Program Manager | $ ------ | $ ------ | $ ------ | $ ------ |
| Surveillance Specialist Junior | Ops2 | $ ------ | $ ------ | $ ------ | $ ------ |
| Surveillance Specialist Senior | SE1 | $ ------ | $ ------ | $ ------ | $ ------ |
| Surveillance Supervisor | SE2 | $ ------ | $ ------ | $ ------ | $ ------ |
| Client Service Ops Mgr | SE4 | $ ------ | $ ------ | $ ------ | $ ------ |

**Above rates do not include any applicable PC, communications, or space charges**

- For personnel located on a GMACM Site and receiving GMACM infrastructure and support an additional monthly fee of $ ---- will be charged for HP provided PC's. In instances where GMACM provides a PC to the HP employee this fee will be waived.

- For personnel not located on a GMACM Site and not receiving GMACM infrastructure and support the following monthly fees will apply:

PC Charges:                    $----

Space Charges                  $----

- HP will invoice GMACR for pager and cell phones HP provides to HP employees as indicated in the MRP.