## EXHIBIT 4

**FHA Sale Approval Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- )
                                                                 )
In re:                                                           )    Case No. 12-12020 (MG)
                                                                 )
RESIDENTIAL CAPITAL, LLC, et al.,                                )    Chapter 11
                                                                 )
Debtors.                                                         )    Jointly Administered
                                                                 )
---------------------------------------------------------------- )

**PROPOSED ORDER UNDER 11 U.S.C. §§ 105 AND 363, AND**
**FED. R. BANKR. P. 2002 AND 6004, (I) APPROVING (A) SALE OF DEBTORS'**
**FHA LOANS PURSUANT TO MORTGAGE LOAN PURCHASE AND INTERIM**
**SERVICING AGREEMENT; (B) SALE OF FHA LOANS FREE AND CLEAR OF**
**LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS;**
**AND (II) GRANTING RELATED RELIEF**

Upon the motion, dated January 2, 2013 (the "Motion"), of Residential Capital,

LLC ("ResCap") and certain of its affiliates, as debtors in possession in the above-

captioned chapter 11 cases (collectively, the "Debtors"),[1] for entry of an order, under

Bankruptcy Code sections 105 and 363, and Bankruptcy Rules 2002 and 6004 authorizing

and approving (i) that certain mortgage loan purchase and sale agreement  dated as of [   ]

(the "MLPISA"), entered into by and among the Seller (as defined in the MLPISA) and the

Purchaser (as defined in the MLPISA); (ii) the sale and all related transactions, in

accordance with the MLPISA of all of the Debtors' right, title, and interest in, to and under

the FHA Loans and (iii) granting related relief; and upon the Whitlinger Affidavit [Docket

No.  6] and the Puntus Declaration [Docket No. _____]; and it appearing that this Court has

jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and the Court

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to such terms in the
Motion, the Sale Procedures Order, or the MLPISA (as defined herein). Creditors and parties-in-interest with
questions or concerns regarding the Debtors' Chapter 11 cases or the relief granted herein may refer to
http://www.kccllc.net/rescap for additional information.

having entered an order, dated January [ ], 2013 (the "Sale Procedures Order"),

(i) providing for the sale and all related transactions, in accordance with the MLPISA and

this Order (the "Sale"), of all of the Debtors' right, title, and interest in, to and under the

FHA Loans to the Purchaser free and clear of all claims, liens, encumbrances, or other

interests (including, any and all "claims" as defined in section 101(5) of the Bankruptcy

Code and any rights or claims based on any successor or transferee liability) other than

Permitted Liens (as defined in the MLPISA); and (ii) authorizing and approving the Sale

Procedures, notice of the Sale and the hearing to consider approval of the Sale (the "Sale

Hearing")[3]; and Bid Packages having been evaluated in accordance with the Sale

Procedures Order; and at the conclusion of the evaluation, [    ] was chosen as the

Successful Bidder (as defined in the Sale Procedures) in accordance with the Sales

Procedures Order; and the Sale Hearing having been held on [March 26], 2013 to consider

the relief requested in the Motion; and upon the record of the Sale Hearing, and all of the

proceedings before the Court; and the Court having reviewed the Motion [and any

objections thereto (the "Objections")]; and all parties in interest having been afforded an

opportunity to be heard with respect to the Motion and all of the relief related thereto; and

it appearing that the relief requested by the Motion with respect to the Sale as provided in

this Order is in the best interests of the Debtors' estates, their creditors, and other parties in

interest; and after due deliberation thereon; and sufficient cause appearing therefore, it is

---

[3] For the purposes of this Order, the term "Sale Hearing" shall be any hearing at which the approval of the Sale is considered.

### FOUND AND DETERMINED THAT:[4]

**A.    Jurisdiction and Venue.**  This Court has jurisdiction over the Motion and

the Sale pursuant to 28 U. S.C. §§ 157 and 1334, and this matter is a core proceeding

pursuant to 28 U. S.C. § 157(b)(2)(A) and (N).  Venue of these cases and the Motion in

this District is proper under 28 U.S.C. §§ 1408 and 1409.

**B.    Statutory Predicates.**  The statutory predicates for the relief sought in the

Motion are sections 105(a) and 363 of the Bankruptcy Code, as supplemented by

Bankruptcy Rules 2002, 6004, and 9007.  The consummation of the Sale contemplated by

the MLPISA and this Order is legal, valid, and properly authorized under all such provisions

of the Bankruptcy Code and Bankruptcy Rules, and all of the applicable requirements of

such sections and rules have been complied with in respect of the Sale.

**C.    Notice.**  As evidenced by the affidavits and certificates of service and Sale

Notice previously filed with the Court and based on the representations of counsel at the

Sale Procedures Hearing and the Sale Hearing, proper, timely, adequate, and sufficient

notice of the Motion, the Sale Procedures, the Sale, and the Sale Hearing have been

provided in accordance with sections 105(a) and 363 of the Bankruptcy Code and

Bankruptcy Rules 2002(a), 6004(a) and 9007, and in compliance with the Sale Procedures

Order to all interested persons and entities, including: (i) the Office of the United States

Trustee for the Southern District of New York, (ii)  the attorneys for the U.S. Treasury, (iii) the

attorneys for the Debtors' prepetition secured credit facilities, (iv) the attorneys for the agent

under the Debtors' prepetition amended and restated secured revolving credit agreement, (v) the

---

[4] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law
pursuant to Fed. R. Bankr. P. 7052.  To the extent any of the following findings of fact constitute conclusions of law,
they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are
adopted as such.

attorneys for the Committee, (vi) the attorneys for the JSBs, (vii) UMB Bank, N.A., as Successor

Indenture Trustee to the Debtors' prepetition junior secured notes (viii) the attorneys for AFI,

(ix) the attorneys for the Federal National Mortgage Association, the Federal Home Loan

Mortgage Corporation, and the Government National Mortgage Association, (x) any party who,

in the past year, expressed in writing to the Debtors an interest in the FHA Loans and who the

Debtors and their representatives reasonably and in good faith determine potentially have the

financial wherewithal to effectuate the transaction contemplated by the proposed sale, (xi) all

parties who are known to have asserted or believed by Debtors to hold any lien, claim,

encumbrance, or interest in or on the FHA Loans, (xii) the Securities and Exchange Commission,

(xiii) the Internal Revenue Service, (xiv) all applicable state attorneys' general, and local

authorities, (xv) all applicable state and local taxing authorities, (xvi) the Federal Trade

Commission, (xvii) the United States Department of Justice, (xviii) the United States Attorney's

Office, (xix) the office of the New York Attorney General; and (xx) all entities that requested

notice in these chapter 11 cases under Bankruptcy Rule 2002 (collectively, the "Notice

Parties").  The notice described in this Paragraph C is good, sufficient, and appropriate

under the circumstances, and no other or further notice of the Motion, the Sale Procedures,

the Sale Hearing, the MLPISA, the Sale, and this Order is or shall be required.  With respect

to parties who may have claims against the Debtors, but whose identities are not reasonably

ascertainable by the Debtors, the Sale Notice described above was sufficient and reasonably

calculated under the circumstances to reach such parties.

   **D.    Extensive Efforts by Debtors.**  The Sale is the result of the Debtors'

extensive efforts in seeking to maximize recoveries to the Debtors' estates for the benefit of

creditors.

4

**E.      Business Justification.**  For the reasons set forth in the Motion and the

Puntus Declaration, the Debtors have demonstrated compelling circumstances and a good,

sufficient, and sound business purpose and justification for the sale of the FHA Loans.

**F.      Sale Procedures Order.**  On January [   ], 2013, this Court entered the

Sale Procedures Order approving Sale Procedures for the FHA Loans.  The Sale

Procedures provided a full, fair, and reasonable opportunity for an entity to make an offer

to purchase the FHA Loans.

**G.      Adequate Marketing; Highest or Best Offer.**  The Debtors have adequately

marketed the FHA Loans and conducted the sale process in compliance with the Sale

Procedures Order; (b) a reasonable opportunity has been given to any interested party to

make an offer for the FHA Loans; (c) the consideration provided for in the MLPISA

constitutes the highest or otherwise best offer for the FHA Loans; (d) the consideration provides

fair and reasonable consideration for the FHA Loans and constitutes reasonably equivalent value

under the Bankruptcy Code and under the laws of the United States, any state, territory,

possession, or the District of Columbia; (e) taking into consideration all relevant factors and

circumstances, no other entity has offered to purchase the FHA Loans for greater economic value

to the Debtors or their estates; and (f) the Debtors' determination that the MLPISA constitutes

the highest and best offer for the FHA Loans constitutes a valid and sound exercise of the

Debtors' business judgment.

**H.      Opportunity to Object.**  A reasonable opportunity to object or be heard

with respect to the Motion and the relief requested therein has been afforded to all

interested persons, including the Notice Parties.

**I.        Sale in Best Interests.**  The actions represented to be taken by the Seller and the Purchaser are appropriate under the circumstances of these chapter 11 cases and are in the best interests of the Debtors, their estates and creditors, and other parties in interest. Approval of the MLPISA and circumstances of the Sale at this time is in the best interests of the Debtors, their creditors, their estates, and all other parties in interest.

**J.        Arm's-Length Sale.**  The MLPISA was negotiated, proposed, and entered into by the Seller and the Purchaser without collusion, in good faith, and from arm's-length bargaining positions.  Neither the Seller nor the Purchaser, nor any of their respective insiders and affiliates, have engaged in any conduct that would cause or permit the MLPISA or any part of the Sale to be avoided under section 363(n) of the Bankruptcy Code.

**L.        Good Faith Purchaser.**  The Purchaser is a good faith purchaser under section 363(m) of the Bankruptcy Code and, as such, is entitled to all of the protections afforded thereby.

**M.        Corporate Authority.**  Each Debtor (i) has full corporate power and authority to execute the MLPISA and all other documents contemplated thereby, and the sale of the FHA Loans has been duly and validly authorized by all necessary corporate action of each of the Debtors, (ii) has all of the corporate power and authority necessary to consummate the transactions contemplated by the MLPISA, (iii) has taken all corporate action necessary to authorize and approve the MLPISA and the consummation by the Debtors of the transactions contemplated thereby, and (iv) needs no consents or approvals, other than those expressly provided for in the MLPISA, which may be waived by the Purchaser, to consummate such transactions.

6

N.      **Binding and Valid Transfer.**  The transfer of the FHA Loans to the

Purchaser will be a legal, valid, and effective transfer of the FHA Loans and will vest the

Purchaser with all right, title, and interest of the Seller to the FHA Loans free and clear of

all interests, including (i) rights or claims based on any successor or transferee liability,

(ii) those that purport to give to any party a right or option to effect any setoff, forfeiture,

modification, right of first refusal, or termination of the Seller's or the Purchaser's interest

in the FHA Loans, or any similar rights, (iii) those relating to taxes arising under or out of,

in connection with, or in any way relating to the operation of the FHA Loans prior to the

closing, and (iv) (a) those arising under all mortgages, deeds of trust, security interests,

conditional sale or other title retention agreements, pledges, liens, judgments, demands,

encumbrances, rights of first refusal, or charges of any kind or nature, if any, including, any

restriction on the use, voting, transfer, receipt of income, or other exercise of any attributes

of ownership and (b) all debts arising in any way in connection with any agreements, acts,

or failures to act, of any of the Seller or any of the Seller's predecessors or affiliates, claims

(as that term is defined in the Bankruptcy Code), obligations, liabilities, demands,

guaranties, options, rights, contractual or other commitments, restrictions, interests and

matters of any kind and nature, whether known or unknown, contingent or otherwise,

whether arising prior to or subsequent to the commencement of these chapter 11 cases, and

whether imposed by agreement, understanding, law, equity or otherwise, including, but not

limited to, claims otherwise arising under doctrines of successor or transferee liability.  The

MLPISA and the related documents and agreements contemplated thereby, and the

consummation of the transactions contained therein shall not be subject to avoidance by the

Debtors, any affiliate of the Debtors, any of their respective successor trustees appointed

with respect thereto, or any other person or entity, including, without limitation, any claims

with respect to any transfers made in accordance with the MLPISA.

O.     **Satisfaction of 363(f) Standards.**  The Seller may sell, and, upon closing of

the Sale, shall be deemed to have sold the FHA Loans free and clear of all interests of any

kind or nature whatsoever, including all rights or claims based upon any successor or

transferee liability, because, in each case, one or more of the standards set forth in section

363(f)(1)-(5) of the Bankruptcy Code has been satisfied.  Those holders of interests,

including all rights or claims based on any successor or transferee liability are (a) deemed

to have consented pursuant to section 363(f)(2) of the Bankruptcy Code and (b) adequately

protected by having their interests, if any, including all rights or claims based on any

successor or transferee liability, attach to the cash proceeds of the Sale ultimately

attributable to the property against or in which they claim an interest, including all rights or

claims based on any successor or transferee liability.  In all cases, each such person with

interests in the FHA Loans are enjoined from taking any action against the Purchaser, the

Purchaser's affiliates or any agent of the foregoing to recover any such interest.

P.     **Necessity of Order.**  The Purchaser would not have entered into the MLPISA

and would not have consummated the Sale without the relief provided for in this Order

(including that the transfer of the FHA Loans to Purchaser be free and clear of all interests

and including rights or claims based upon successor or transferee liability).

Q.     **Personally Identifiable Information.**  The Debtors have provided certain

privacy policies to consumers that govern the disclosure of "personally identifiable information"

(as defined in Bankruptcy Code section 101(41A)) to unaffiliated third parties.  The Debtors

have proposed to sell certain assets, which may require the disclosure of personally identifiable

information to third parties.  The Debtors' disclosure of personally identifiable information

pursuant to the Sale is in compliance with the Gramm-Leach-Bliley Act and is consistent with

the privacy notices delivered by the Debtors to mortgage borrowers.  For these reasons, no

consumer privacy ombudsman has been appointed under section 363(b)(1) of the Bankruptcy

Code.

       **R.**    **Final Order.**  This Order constitutes a final order within the meaning of

28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rule 6004(h), the Court expressly finds

that there is no just reason for delay in the implementation of this Order and expressly

directs entry of judgment as set forth herein.

      **NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND
DECREED THAT:**

      1.    **Motion is Granted.**  The Motion is granted and the relief requested therein

with respect to the Sale of the FHA Loans to the Purchaser pursuant to the MLPISA is granted

and approved, as further described below.

      2.    **[Objections Overruled.**  Any objections to the entry of this Order or the

relief granted herein and requested in the Motion that have not been withdrawn, waived, or

settled, or not otherwise resolved pursuant to the terms hereof, if any, hereby are denied

and overruled on the merits with prejudice.**]**

      3.    **Approval.**  The MLPISA, and all the terms and conditions thereof, is

approved.  Pursuant to sections 105 and 363 of the Bankruptcy Code, the Debtors are

authorized and directed to perform their obligations under, and comply with the terms of,

the MLPISA and consummate the Sale pursuant to, and in accordance with, the terms and

conditions of the MLPISA and this Order.  The Debtors are authorized and directed to

execute and deliver, and empowered to perform under, consummate, and implement, the

MLPISA, together with all additional instruments and documents that the Seller or the

Purchaser deem necessary or appropriate to implement the MLPISA and effectuate the Sale,

and to take all further actions as may reasonably be required by the Purchaser for the

purpose of assigning, transferring, granting, conveying, and conferring to the Purchaser or

reducing to Purchaser's possession the FHA Loans or as may be necessary or appropriate to

the performance of the obligations as contemplated by the MLPISA.

4.      **Binding Effect of Order.**  This Order and the MLPISA shall be binding in

all respects upon all known and unknown creditors of, and equity security interests in, any

Debtor, including any holders of interests (including holders of rights or claims based on

any successor or transferee liability), all successors and assigns of the Purchaser, each

Seller and their affiliates and subsidiaries, the FHA Loans, and any trustees appointed in

the Debtors' chapter 11 cases or upon a conversion to cases under chapter 7 of the

Bankruptcy Code, and this Order shall not be subject to amendment or modification and

the MLPISA shall not be subject to rejection.  The terms of this Order shall apply in any

sale pursuant to a chapter 11 plan and may be incorporated into any confirmation order.

Nothing contained in any chapter 11 plan confirmed in the Debtors' chapter 11 cases or the

order confirming any such chapter 11 plan shall conflict with or derogate from the

provisions of the MLPISA or this Order.

5.      **Injunction.**  All persons and entities are prohibited and enjoined from taking

any action to adversely affect or interfere with the ability of the Debtors to transfer the FHA

Loans to the Purchaser in accordance with the MLPISA and this Order.  Following the

Closing Date, except for Persons entitled to enforce Permitted Liens, all persons or entities

(including, but not limited to, the Debtors and/or their respective successors (including any

10

trustee), creditors, investors, certificate holders, securitization trustees, borrowers, current

and former employees and shareholders, administrative agencies, governmental units,

secretaries of state, federal, state, and local officials, including those maintaining any

authority relating to any environmental, health and safety laws, and the successors and

assigns of each of the foregoing) holding interests in the FHA Loans or against the Debtors

in respect of the FHA Loans of any kind or nature whatsoever shall be, and hereby are,

forever barred, estopped, and permanently enjoined from asserting, prosecuting, or

otherwise pursuing any interests of any kind or nature whatsoever against the Purchaser or

any affiliate of the Purchaser or any of their respective property, successors, and assigns, or

the FHA Loans, as an alleged successor or on any other grounds, it being understood that

nothing herein shall affect assets of the Debtors that are not FHA Loans.

6.      No person or entity shall assert, and the Purchaser and the FHA Loans shall

not be subject to, any defaults, breaches, counterclaims, offsets, defenses (whether

contractual or otherwise, including any right of recoupment), liabilities, claims and

interests, or basis of any kind or nature whatsoever to delay, defer, or impair any right of

the Purchaser or the Debtors.

7.      **General Assignment.**  Upon the Closing Date, this Order shall be construed

and shall constitute for any and all purposes a full and complete general assignment,

conveyance, and transfer of the Seller's interests in the FHA Loans and a bill of sale

transferring good and marketable title in the FHA Loans to the Purchaser.  Each and every

federal, state, and local governmental agency, quasi-agency, or department is hereby

directed to accept this Order, or any and all other documents and instruments necessary and

appropriate to consummate the Sale.

9.      **Transfer Free and Clear.**  Except as otherwise provided by section 363(o)
of the Bankruptcy Code, pursuant to sections 105(a) and 363(f) of the Bankruptcy Code,
the FHA Loans shall be transferred to the Purchaser as required under the MLPISA, and
such transfer shall be free and clear of all interests of any person, other than Permitted
Liens, and any and all rights and claims under any bulk transfer statutes and similar laws,
whether arising by agreement, by statute or otherwise and whether occurring or arising
before, on or after the date on which these chapter 11 cases were commenced, whether
known or unknown, occurring or arising prior to such transfer, with all such interests to
attach to the proceeds of the Sale ultimately attributable to the property against or in
which the holder of a claim or interest claims or may claim a claim or interest, in the order
of their priority, with the same validity, force, and effect which they now have, subject to
any claims and defenses the Seller may possess with respect thereto.

10.      **Valid Transfer.**  The transfer of the FHA Loans to the Purchaser pursuant
to the MLPISA constitutes a legal, valid, and effective transfer of the FHA Loans and shall
vest the Purchaser with all right, title, and interest of the Seller in and to the FHA Loans
free and clear of all interests of any kind or nature whatsoever, including all rights or
claims based on any successor or transferee liability.  The transfers of FHA Loans shall
not be subject to avoidance for any reason by the Debtors, any affiliate of the Debtors,
their respective successors, or any creditor thereof including, without limitation, with
respect to any transfers pursuant to the MLPISA.

11.      **Direction to Release Interests.**  Upon the Closing Date, each of the Seller's
creditors and any other holder of an interest, including rights or claims based on any
successor or transferee liability, is authorized and directed to execute such documents and

take all other actions as may be necessary to release its interest in the FHA Loans, if any, as

such interest may have been recorded or may otherwise exist.  If any person or entity that

has filed financing statements, mortgages, mechanic's liens, lis pendens, or other documents

or agreements evidencing an interest in the Seller or the FHA Loans shall not have delivered

to the Seller prior to the Closing Date, in proper form for filing and executed by the

appropriate parties, termination statements, instruments of satisfaction, releases of all

interests, which the person or entity has with respect to the Seller or the FHA Loans or

otherwise, then (i) the Seller is authorized and directed to execute and file such statements,

instruments, releases, and other documents on behalf of the person or entity with respect to

the Seller or the FHA Loans, and (ii) the Purchaser is authorized to file, register, or

otherwise record a certified copy of this Order, which shall constitute conclusive evidence

of the release of all liens, claims, encumbrances, and other interests, other than Permitted

Liens, of any kind or nature whatsoever in the Seller or the FHA Loans.  Each and every

federal, state, and local governmental agency or department is hereby directed to accept any

and all documents and instruments necessary and appropriate to consummate the

transactions contemplated by the MLPISA, including, without limitation, recordation of this

Order.  This Order shall be binding upon and shall govern the acts of all persons or entities

including without limitation, all filing agents, filing officers, title agents, title companies,

recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies,

governmental departments, secretaries of state, federal, state, and local officials, and all

other persons who may be required by operation of law, the duties of their office, or

contract, to accept, file, register, or otherwise record or release any documents or

instruments, or who may be required to report or insure any title or state of title in or to any

of such assets or other property interests.

11.    **No Interference.**  Following the Closing Date of the Sale, no holder of any

interest shall interfere with the Purchaser's title to, or use and enjoyment of, the FHA Loans

based on, or related to, any such interest, or based on any actions the Debtors may take in

their chapter 11 cases.

13.    **No Discriminatory Treatment.**  To the extent provided by section 525 of

the Bankruptcy Code, no governmental unit may deny, revoke, suspend, or refuse to

renew any permit, license, or similar grant relating to the operation of the FHA Loans

sold, transferred, or conveyed to the Purchaser on account of the filing or pendency of

these chapter 11 cases or the consummation of the Sale contemplated by the MLPISA.

14.    **No Successor Liability.**  Neither the Purchaser, nor any of its successors or

assigns, or any of their respective affiliates shall have any liability for any interest that arose

prior to the Closing Date, or otherwise is assertable against the Debtors or is related to the

FHA Loans prior to the Closing Date.  The Purchaser shall not be deemed, as a result of any

action taken in connection with the MLPISA or any of the transactions or documents

ancillary thereto or contemplated thereby or in connection with the acquisition of the FHA

Loans, to: (i) be legal successors, or otherwise be deemed successors to the Debtors; (ii)

have, de facto or otherwise, merged with or into the Debtors; or (iii) be a mere continuation

or substantial continuation of the Debtors or the enterprise of the Debtors. Without limiting

the foregoing, the Purchaser shall not have any successor, transferee, derivative, or vicarious

liabilities of any kind or character for any interests, including under any theory of successor

or transferee liability, de facto merger or continuity, environmental, labor and employment,

14

and products or antitrust liability, whether known or unknown as of the Closing Date, now

existing or hereafter arising, whether fixed or contingent, asserted or unasserted, liquidated

or unliquidated.

15.    **Fair Consideration.**  The consideration provided by the Purchaser for the

FHA Loans under the MLPISA shall be deemed to constitute reasonably equivalent value

and fair consideration under the Bankruptcy Code and under the laws of the United States,

any state, territory, possession, or the District of Columbia. The Sales may not be avoided

under section 363(n) of the Bankruptcy Code.  The Purchaser was not party to any

agreements to control the sale price, and is not subject to any claims for damages under

section 363(n) of the Bankruptcy Code.

16.    **Retention of Jurisdiction.**  This Court retains jurisdiction, pursuant to its

statutory powers under 28 U.S.C. § 157(b)(2), to, among other things, interpret, implement,

and enforce the terms and provisions of this Order, all amendments thereto, and any waivers

and consents thereunder, including, but not limited to, retaining jurisdiction to (i) compel

delivery of the FHA Loans to the Purchaser; (ii) interpret, implement, and enforce the

provisions of this Order; (iii) protect the Purchaser against any interests, claims or liabilities

against or related to the Seller or the FHA Loans of any kind or nature whatsoever, and

(iv) enter any order under section 363 of the Bankruptcy Code.

17.    **Good Faith.**  The transactions contemplated by the MLPISA are undertaken

by the Purchaser without collusion and in good faith, as that term is used in section 363(m)

of the Bankruptcy Code, and, accordingly, the reversal or modification on appeal of the

authorization provided in this Order to consummate the Sale shall not affect the validity of

the Sale, unless such authorization is duly stayed pending such appeal.  The Purchaser is a

purchaser in good faith of the FHA Loans and is entitled to all the protections afforded by

section 363(m) of the Bankruptcy Code.  There has been no collusion by the Purchaser.

18.    **No Bulk Law Application.**  No law of any state or other jurisdiction,

including any bulk sales law or similar law, shall apply in any way to the transactions

contemplated by the Sale, the MLPISA, the Motion, and this Order.

19.    **Subsequent Plan Provisions.**  Nothing contained in any chapter 11 plan

confirmed in any Debtor's bankruptcy case or any order confirming any such plan or in any

other order in these chapter 11 cases shall alter, conflict with, or derogate from, the

provisions of the MLPISA or this Order.

20.    **Failure to Specify Provisions.**  The failure to specifically include any

particular provisions of the MLPISA in this Order shall not diminish or impair the

effectiveness of such provision, it being the intent of the Court that the MLPISA be

authorized and approved in its entirety.

21.    **Non-Material Modifications.**  The MLPISA and any related agreements,

documents, or other instruments may be modified, amended, or supplemented by the parties

thereto and in accordance with the terms thereof, without further order of the Court,

provided that any such modification, amendment, or supplement does not have any material

adverse effect on the Debtors' estates.

22.    **Appointment of Trustee.**  The provisions of the MLPISA and this Order

may be specifically enforced in accordance with the MLPISA notwithstanding the

appointment of any chapter 7 or chapter 11 trustee after the Closing Date.

16

23.    **Amounts Payable By Seller Is Administrative Expenses.**  Any amounts due to
Purchaser from the Seller under the MLPISA shall constitute allowed administrative expenses
and shall be paid without the need for further application or motion by Purchaser.

24.    **Segregation of Cash.**  The Debtors will segregate cash generated from the Sale in
accordance with the *Final Order Under Bankruptcy Code Sections 105(a), 345, 363, 364, and
503(b)(1) and Bankruptcy Rules 6003 and 6004 Authorizing (I) Continued Use of Cash
Management Services and Practices, (II) Continued Use of Existing Bank Accounts, Checks, and
Business Forms, (III) Implementation of Modified Cash Management Procedures and Use of
Certain Bank Accounts Established in Connection with Use of Pre-And Post-Petition Lenders
Financing Facilities and Cash Collateral, (IV) Waiver of the Investment and Deposit
Requirements of Bankruptcy Code Section 345, (V) Debtors to Honor Specified Outstanding
Prepetition Payment Obligations, and (VI) Continuation of Intercompany Transactions and
Granting Administrative Expense Status to Intercompany Claims* [Docket No. 393], including
segregating cash generated from the Sale of collateral securing any of the Debtors' financing
facilities into the specific bank accounts established for the benefit of the lenders under such
financing facilities.

25.    Notwithstanding anything to the contrary in this Order, any action to be taken
pursuant to the relief authorized in this Order is subject to the terms of any cash collateral order
and debtor in possession financing order entered in these chapter 11 cases.  To the extent there is
any inconsistency between the terms of this Order and the terms of any order relating to
postpetition financing, cash collateral, or cash management, the terms of the orders relating to
postpetition financing, cash collateral, or cash management shall govern.

26.     For the avoidance of doubt, absent further order of the Court, no proceeds of the Sale shall be used to pay down any of the Debtors' prepetition credit facilities.

13.     Notwithstanding anything herein to the contrary, including, without limitation, any findings and any assertion, agreement, pleading, or other document made or filed in connection with the Sale, the Sale Motion, the Sale Procedures Order, the Sale Hearing, or this Sale Order, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012; and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

14.     **Document Preservation.**  The Debtors shall take all appropriate steps to preserve, protect, maintain, and ensure the availability of all of the Debtors' books, records, documents and electronically stored information, in whatever format, including native format that are potentially relevant to the claims asserted by the Plaintiffs (collectively the "Relevant Books and Records") in the following actions (the "Actions"):

- *New Jersey Carpenters Health Fund, et als., on Behalf of Themselves and All Others Similarly Situated v. Residential Capital, LLC, et als.*, No. 08-CV-8781 (HB) (S.D.N.Y. 2008)

- *Union Cent. Life Ins. Co. et al. v. Credit Suisse First Boston Mortg. Sec. Corp. et al.*, No. 11-CV-2890 (GBD) (S.D.N.Y. 2011)

- *Donna Moore, Frenchola Holden and Keith McMillon, individually and on behalf of all others similarly situated v. GMAC Mortgage, LLC, GMAC Bank and CapRe of Vermont, Inc.,* No. 07-CV-04296-PD (E.D. Pa. 2007)

- *Cambridge Place Inv. Mgmt. Inc. v. Morgan Stanley & Co., Inc., et al.,* Nos. 10-2741-BLS1, 11-0555-BLS1 (Mass. Sup. Ct. 2010, 2011).

15.       The Debtors (i) shall retain the originals or true copies of the Relevant Books and Records included in the Sale (the "Retained Relevant Books and Records") and, as to any of the Actions that have not been fully and finally resolved by a final, non-appealable judgment (ii) shall provide at least thirty (30) days' written notice to lead and bankruptcy counsel for the Plaintiffs in each of the Actions with an opportunity to be heard of any abandonment, destruction, or transfer of the Retained Relevant Books and Records that may render the Relevant Books and Records unavailable to the Plaintiffs.  In the event Plaintiffs file an objection to the abandonment, destruction, or transfer described above within such thirty (30) day period after receiving written notice, the Debtors shall not abandon, destroy, or transfer the Retained Relevant Books and Records absent a final and non-appealable order of this Court or any court of competent jurisdiction if the Debtors' bankruptcy cases are closed.  Purchaser shall not have any obligation to preserve, protect, maintain, or ensure the availability of any Relevant Books and Records.

16.       **No Stay or Order.**  Notwithstanding the provisions of Bankruptcy Rules 6004(h), this Order shall not be stayed for fourteen (14) days after its entry and shall be effective immediately upon entry, and the Debtors and the Purchaser are authorized to close the Sale immediately upon entry of this Order.  Time is of the essence in closing the transactions referenced herein, and the Debtors and the Purchaser intend to close the Sale as soon as practicable.  Any party objecting to this Order must exercise due diligence in filing an appeal and pursuing a stay, or risk its appeal being foreclosed as moot.

17.    The Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.


Dated: [       ], 2012
       New York, York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT 1

**MLPISA**