## EXHIBIT 5

**Blackline of FHA Sale Approval Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**PROPOSED ORDER UNDER 11 U.S.C. §§ 105 AND 363, AND**
**FED. R. BANKR. P. 2002 AND 6004, (I) APPROVING (A) SALE OF DEBTORS' FHA**
**LOANS PURSUANT TO MORTGAGE LOAN PURCHASE AND INTERIM**
**SERVICING AGREEMENT; (B) SALE OF FHA LOANS FREE AND CLEAR OF**
**LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS;**
**AND (II) GRANTING RELATED RELIEF**

Upon the motion, dated January 2, 2013 (the "Motion"), of Residential Capital, LLC

("ResCap") and certain of its affiliates, as debtors in possession in the above-captioned chapter

11 cases (collectively, the "Debtors"),[1] for entry of an order, under Bankruptcy Code sections

105 and 363, and Bankruptcy Rules 2002 and 6004 authorizing and approving (i) that certain

mortgage loan purchase and sale agreement  dated as of [   ] (the "MLPISA"), entered into by

and among the Seller (as defined in the MLPISA) and the Purchaser (as defined in the

MLPISA); (ii) the sale and all related transactions, in accordance with the MLPISA of all of the

Debtors' right, title, and interest in, to and under the FHA Loans and (iii) granting related relief;

and upon the Whitlinger Affidavit [Docket No.  6] and the Puntus Declaration [Docket No.

____]; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28

U.S.C. §§ 157 and 1334; and the Court having entered an order, dated January [ ], 2013 (the

"Sale Procedures Order"),            (i) providing for the sale and all related transactions, in

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to such terms in the Motion, the Sale Procedures Order, or the MLPISA (as defined herein). Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases or the relief granted herein may refer to http://www.kccllc.net/rescap for additional information.

accordance with the MLPISA and this Order (the "Sale"), of all of the Debtors' right, title, and

interest in, to and under the FHA Loans to the Purchaser free and clear of all claims, liens,

encumbrances, or other interests (including, any and all "claims" as defined in section 101(5) of

the Bankruptcy Code and any rights or claims based on any successor or transferee liability)

other than Permitted Liens (as defined in the MLPISA); and          (ii) authorizing and

approving the Sale Procedures, notice of the Sale and the hearing to consider approval of the

Sale (the "Sale Hearing")[3]; and Bid Packages having been evaluated in accordance with the

Sale Procedures Order; and at the conclusion of the evaluation, [    ] was chosen as the

Successful Bidder (as defined in the Sale Procedures) in accordance with the Sales Procedures

Order; and the Sale Hearing having been held on [March 26], 2013 to consider the relief

requested in the Motion; and upon the record of the Sale Hearing, and all of the proceedings

before the Court; and the Court having reviewed the Motion [and any objections thereto (the

"Objections")]; and all parties in interest having been afforded an opportunity to be heard with

respect to the Motion and all of the relief related thereto; and it appearing that the relief

requested by the Motion with respect to the Sale as provided in this Order is in the best interests

of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation

thereon; and sufficient cause appearing therefore, it is

---

[3] For the purposes of this Order, the term "Sale Hearing" shall be any hearing at which the approval of the Sale is considered.

**FOUND AND DETERMINED THAT:**[4]

A.    **Jurisdiction and Venue.**  This Court has jurisdiction over the Motion and the Sale pursuant to 28 U. S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U. S.C. § 157(b)(2)(A) and (N).  Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

B.    **Statutory Predicates.**  The statutory predicates for the relief sought in the Motion are sections 105(a) and 363 of the Bankruptcy Code, as supplemented by Bankruptcy Rules 2002, 6004, and 9007.  The consummation of the Sale contemplated by the MLPISA and this Order is legal, valid, and properly authorized under all such provisions of the Bankruptcy Code and Bankruptcy Rules, and all of the applicable requirements of such sections and rules have been complied with in respect of the Sale.

C.    **Notice.**  As evidenced by the affidavits and certificates of service and Sale Notice previously filed with the Court and based on the representations of counsel at the Sale Procedures Hearing and the Sale Hearing, proper, timely, adequate, and sufficient notice of the Motion, the Sale Procedures, the Sale, and the Sale Hearing have been provided in accordance with sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rules 2002(a), 6004(a) and 9007, and in compliance with the Sale Procedures Order to all interested persons and entities, including: (i) the Office of the United States Trustee for the Southern District of New York, (ii)  the attorneys for the U.S. Treasury, (iii) the attorneys for the Debtors' prepetition secured credit facilities, (iv) the attorneys for the agent under the Debtors' prepetition amended and restated secured revolving credit agreement, (v) the attorneys for the Committee, (vi) the attorneys for the JSBs, (vii) UMB Bank, N.A., as Successor Indenture Trustee to the Debtors'

---

[4] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

prepetition junior secured notes (viii) the attorneys for AFI, (viiiix) the attorneys for the Federal

National Mortgage Association, the Federal Home Loan Mortgage Corporation, and the

Government National Mortgage Association, (ixx) any party who, in the past year, expressed in

writing to the Debtors an interest in the FHA Loans and who the Debtors and their

representatives reasonably and in good faith determine potentially have the financial wherewithal

to effectuate the transaction contemplated by the proposed sale, (xxi) all parties who are known

to have asserted or believed by Debtors to hold any lien, claim, encumbrance, or interest in or on

the FHA Loans, (xixii) the Securities and Exchange Commission, (xiixiii) the Internal Revenue

Service, (xiiixiv) all applicable state attorneys' general, and local authorities, (xivxv) all

applicable state and local taxing authorities, (xvxvi) the Federal Trade Commission, (xvixvii) the

United States Department of Justice, (xviixviii) the United States Attorney's Office, (xviiixix)

the office of the New York Attorney General; and (xixxx) all entities that requested notice in

these chapter 11 cases under Bankruptcy Rule 2002 (collectively, the "Notice Parties").  The

notice described in this Paragraph C is good, sufficient, and appropriate under the circumstances,

and no other or further notice of the Motion, the Sale Procedures, the Sale Hearing, the MLPISA,

the Sale, and this Order is or shall be required.  With respect to parties who may have claims

against the Debtors, but whose identities are not reasonably ascertainable by the Debtors, the Sale

Notice described above was sufficient and reasonably calculated under the circumstances to

reach such parties.

      **D.**      **Extensive Efforts by Debtors.**  The Sale is the result of the Debtors' extensive

efforts in seeking to maximize recoveries to the Debtors' estates for the benefit of creditors.

**E.**    **Business Justification.**  For the reasons set forth in the Motion and the Puntus

Declaration, the Debtors have demonstrated compelling circumstances and a good, sufficient,

and sound business purpose and justification for the sale of the FHA Loans.

**F.**    **Sale Procedures Order.**  On January [  ], 2013, this Court entered the Sale

Procedures Order approving Sale Procedures for the FHA Loans.  The Sale Procedures

provided a full, fair, and reasonable opportunity for an entity to make an offer to purchase the

FHA Loans.

**G.**    **Adequate Marketing; Highest or Best Offer.**  The Debtors have adequately

marketed the FHA Loans and conducted the sale process in compliance with the Sale Procedures

Order; (b) a reasonable opportunity has been given to any interested party to make an offer for

the FHA Loans; (c) the consideration provided for in the MLPISA constitutes the highest or

otherwise best offer for the FHA Loans; (d) the consideration provides fair and reasonable

consideration for the FHA Loans and constitutes reasonably equivalent value under the

Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the

District of Columbia; (e) taking into consideration all relevant factors and circumstances, no

other entity has offered to purchase the FHA Loans for greater economic value to the Debtors or

their estates; and (f) the Debtors' determination that the MLPISA constitutes the highest and best

offer for the FHA Loans constitutes a valid and sound exercise of the Debtors' business

judgment.

**H.**    **Opportunity to Object.**  A reasonable opportunity to object or be heard with

respect to the Motion and the relief requested therein has been afforded to all interested persons,

including the Notice Parties.

**I.        Sale in Best Interests.**  The actions represented to be taken by the Seller and

the Purchaser are appropriate under the circumstances of these chapter 11 cases and are in the

best interests of the Debtors, their estates and creditors, and other parties in interest.  Approval

of the MLPISA and circumstances of the Sale at this time is in the best interests of the Debtors,

their creditors, their estates, and all other parties in interest.

**J.        Arm's-Length Sale.**  The MLPISA was negotiated, proposed, and entered

into by the Seller and the Purchaser without collusion, in good faith, and from arm's-length

bargaining positions.  Neither the Seller nor the Purchaser, nor any of their respective

insiders and affiliates, have engaged in any conduct that would cause or permit the MLPISA

or any part of the Sale to be avoided under section 363(n) of the Bankruptcy Code.

**L.        Good Faith Purchaser.**  The Purchaser is a good faith purchaser under section

363(m) of the Bankruptcy Code and, as such, is entitled to all of the protections afforded thereby.

**M.        Corporate Authority.**  Each Debtor (i) has full corporate power and authority

to execute the MLPISA and all other documents contemplated thereby, and the sale of the FHA

Loans has been duly and validly authorized by all necessary corporate action of each of the

Debtors, (ii) has all of the corporate power and authority necessary to consummate the

transactions contemplated by the MLPISA, (iii) has taken all corporate action necessary to

authorize and approve the MLPISA and the consummation by the Debtors of the transactions

contemplated thereby, and (iv) needs no consents or approvals, other than those expressly

provided for in the MLPISA, which may be waived by the Purchaser, to consummate such

transactions.

**N.        Binding and Valid Transfer.**  The transfer of the FHA Loans to the Purchaser

will be a legal, valid, and effective transfer of the FHA Loans and will vest the Purchaser with

all right, title, and interest of the Seller to the FHA Loans free and clear of all interests, including (i) rights or claims based on any successor or transferee liability, (ii) those that purport to give to any party a right or option to effect any setoff, forfeiture, modification, right of first refusal, or termination of the Seller's or the Purchaser's interest in the FHA Loans, or any similar rights, (iii) those relating to taxes arising under or out of, in connection with, or in any way relating to the operation of the FHA Loans prior to the closing, and (iv) (a) those arising under all mortgages, deeds of trust, security interests, conditional sale or other title retention agreements, pledges, liens, judgments, demands, encumbrances, rights of first refusal, or charges of any kind or nature, if any, including, any restriction on the use, voting, transfer, receipt of income, or other exercise of any attributes of ownership and (b) all debts arising in any way in connection with any agreements, acts, or failures to act, of any of the Seller or any of the Seller's predecessors or affiliates, claims (as that term is defined in the Bankruptcy Code), obligations, liabilities, demands, guaranties, options, rights, contractual or other commitments, restrictions, interests and matters of any kind and nature, whether known or unknown, contingent or otherwise, whether arising prior to or subsequent to the commencement of these chapter 11 cases, and whether imposed by agreement, understanding, law, equity or otherwise, including, but not limited to, claims otherwise arising under doctrines of successor or transferee liability. The MLPISA and the related documents and agreements contemplated thereby, and the consummation of the transactions contained therein shall not be subject to avoidance by the Debtors, any affiliate of the Debtors, any of their respective successor trustees appointed with respect thereto, or any other person or entity, including, without limitation, any claims with respect to any transfers made in accordance with the MLPISA.

**O.      Satisfaction of 363(f) Standards.**  The Seller may sell, and, upon closing of the

Sale, shall be deemed to have sold the FHA Loans free and clear of all interests of any kind or

nature whatsoever, including all rights or claims based upon any successor or transferee liability,

because, in each case, one or more of the standards set forth in section 363(f)(1)-(5) of the

Bankruptcy Code has been satisfied.  Those holders of interests, including all rights or claims

based on any successor or transferee liability are (a) deemed to have consented pursuant to

section 363(f)(2) of the Bankruptcy Code and (b) adequately protected by having their interests,

if any, including all rights or claims based on any successor or transferee liability, attach to the

cash proceeds of the Sale ultimately attributable to the property against or in which they claim

an interest, including all rights or claims based on any successor or transferee liability.  In all

cases, each such person with interests in the FHA Loans are enjoined from taking any action

against the Purchaser, the Purchaser's affiliates or any agent of the foregoing to recover any such

interest.

**P.      Necessity of Order.**  The Purchaser would not have entered into the MLPISA

and would not have consummated the Sale without the relief provided for in this Order

(including that the transfer of the FHA Loans to Purchaser be free and clear of all interests and

including rights or claims based upon successor or transferee liability).

**Q.      Personally Identifiable Information.**  The Debtors have provided certain

privacy policies to consumers that govern the disclosure of "personally identifiable information" (as

defined in Bankruptcy Code section 101(41A)) to unaffiliated third parties.  The Debtors have

proposed to sell certain assets, which may require the disclosure of personally identifiable information to

third parties.  The Debtors' disclosure of personally identifiable information pursuant to the Sale is

in compliance with the Gramm-Leach-Bliley Act and is consistent with the privacy notices

delivered by the Debtors to mortgage borrowers.  For these reasons, no consumer privacy

ombudsman has been appointed under section 363(b)(1) of the Bankruptcy Code.

    **R.**    **Final Order.**  This Order constitutes a final order within the meaning of 28

U.S.C. § 158(a). Notwithstanding Bankruptcy Rule 6004(h), the Court expressly finds that

there is no just reason for delay in the implementation of this Order and expressly directs entry

of judgment as set forth herein.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED
THAT:**

    1.    **Motion is Granted.**  The Motion is granted and the relief requested therein

with respect to the Sale of the FHA Loans to the Purchaser pursuant to the MLPISA is granted

and approved, as further described below.

    2.    **[Objections Overruled.**  Any objections to the entry of this Order or the relief

granted herein and requested in the Motion that have not been withdrawn, waived, or settled, or

not otherwise resolved pursuant to the terms hereof, if any, hereby are denied and overruled on

the merits with prejudice.**]**

    3.    **Approval.**  The MLPISA, and all the terms and conditions thereof, is approved.

Pursuant to sections 105 and 363 of the Bankruptcy Code, the Debtors are authorized and

directed to perform their obligations under, and comply with the terms of, the MLPISA and

consummate the Sale pursuant to, and in accordance with, the terms and conditions of the

MLPISA and this Order.  The Debtors are authorized and directed to execute and deliver, and

empowered to perform under, consummate, and implement, the MLPISA, together with all

additional instruments and documents that the Seller or the Purchaser deem necessary or

appropriate to implement the MLPISA and effectuate the Sale, and to take all further actions as

may reasonably be required by the Purchaser for the purpose of assigning, transferring, granting,

conveying, and conferring to the Purchaser or reducing to Purchaser's possession the FHA

Loans or as may be necessary or appropriate to the performance of the obligations as

contemplated by the MLPISA.

4.      **Binding Effect of Order.**  This Order and the MLPISA shall be binding in all

respects upon all known and unknown creditors of, and equity security interests in, any Debtor,

including any holders of interests (including holders of rights or claims based on any successor

or transferee liability), all successors and assigns of the Purchaser, each Seller and their

affiliates and subsidiaries, the FHA Loans, and any trustees appointed in the Debtors' chapter

11 cases or upon a conversion to cases under chapter 7 of the Bankruptcy Code, and this Order

shall not be subject to amendment or modification and the MLPISA shall not be subject to

rejection.  The terms of this Order shall apply in any sale pursuant to a chapter 11 plan and may

be incorporated into any confirmation order. Nothing contained in any chapter 11 plan

confirmed in the Debtors' chapter 11 cases or the order confirming any such chapter 11 plan

shall conflict with or derogate from the provisions of the MLPISA or this Order.

5.      **Injunction.**  All persons and entities are prohibited and enjoined from taking any

action to adversely affect or interfere with the ability of the Debtors to transfer the FHA Loans to

the Purchaser in accordance with the MLPISA and this Order.  Following the Closing Date,

except for Persons entitled to enforce Permitted Liens, all persons or entities (including, but not

limited to, the Debtors and/or their respective successors (including any trustee), creditors,

investors, certificate holders, securitization trustees, borrowers, current and former employees

and shareholders, administrative agencies, governmental units, secretaries of state, federal, state,

and local officials, including those maintaining any authority relating to any environmental,

health and safety laws, and the successors and assigns of each of the foregoing) holding interests

in the FHA Loans or against the Debtors in respect of the FHA Loans of any kind or nature

whatsoever shall be, and hereby are, forever barred, estopped, and permanently enjoined from

asserting, prosecuting, or otherwise pursuing any interests of any kind or nature whatsoever

against the Purchaser or any affiliate of the Purchaser or any of their respective property,

successors, and assigns, or the FHA Loans, as an alleged successor or on any other grounds, it

being understood that nothing herein shall affect assets of the Debtors that are not FHA Loans.

6.    No person or entity shall assert, and the Purchaser and the FHA Loans shall not

be subject to, any defaults, breaches, counterclaims, offsets, defenses (whether contractual or

otherwise, including any right of recoupment), liabilities, claims and interests, or basis of any

kind or nature whatsoever to delay, defer, or impair any right of the Purchaser or the Debtors.

7.    **General Assignment.**  Upon the Closing Date, this Order shall be construed and

shall constitute for any and all purposes a full and complete general assignment, conveyance, and

transfer of the Seller's interests in the FHA Loans and a bill of sale transferring good and

marketable title in the FHA Loans to the Purchaser.  Each and every federal, state, and local

governmental agency, quasi-agency, or department is hereby directed to accept this Order, or any

and all other documents and instruments necessary and appropriate to consummate the Sale.

9.    **Transfer Free and Clear.**  Except as otherwise provided by section 363(o) of

the Bankruptcy Code, pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the FHA

Loans shall be transferred to the Purchaser as required under the MLPISA, and such transfer

shall be free and clear of all interests of any person, other than Permitted Liens, and any and all

rights and claims under any bulk transfer statutes and similar laws, whether arising by

agreement, by statute or otherwise and whether occurring or arising before, on or after the date

on which these chapter 11 cases were commenced, whether known or unknown, occurring or

arising prior to such transfer, with all such interests to attach to the proceeds of the Sale

ultimately attributable to the property against or in which the holder of a claim or interest

claims or may claim a claim or interest, in the order of their priority, with the same validity,

force, and effect which they now have, subject to any claims and defenses the Seller may

possess with respect thereto.

10.    **Valid Transfer.**  The transfer of the FHA Loans to the Purchaser pursuant to

the MLPISA constitutes a legal, valid, and effective transfer of the FHA Loans and shall vest

the Purchaser with all right, title, and interest of the Seller in and to the FHA Loans free and

clear of all interests of any kind or nature whatsoever, including all rights or claims based on

any successor or transferee liability.  The transfers of FHA Loans shall not be subject to

avoidance for any reason by the Debtors, any affiliate of the Debtors, their respective

successors, or any creditor thereof including, without limitation, with respect to any transfers

pursuant to the MLPISA.

11.    **Direction to Release Interests.**  Upon the Closing Date, each of the Seller's

creditors and any other holder of an interest, including rights or claims based on any successor or

transferee liability, is authorized and directed to execute such documents and take all other

actions as may be necessary to release its interest in the FHA Loans, if any, as such interest may

have been recorded or may otherwise exist.  If any person or entity that has filed financing

statements, mortgages, mechanic's liens, lis pendens, or other documents or agreements

evidencing an interest in the Seller or the FHA Loans shall not have delivered to the Seller prior

to the Closing Date, in proper form for filing and executed by the appropriate parties, termination

statements, instruments of satisfaction, releases of all interests, which the person or entity has

with respect to the Seller or the FHA Loans or otherwise, then (i) the Seller is authorized and

directed to execute and file such statements, instruments, releases, and other documents on behalf

of the person or entity with respect to the Seller or the FHA Loans, and (ii) the Purchaser is

authorized to file, register, or otherwise record a certified copy of this Order, which shall

constitute conclusive evidence of the release of all liens, claims, encumbrances, and other

interests, other than Permitted Liens, of any kind or nature whatsoever in the Seller or the FHA

Loans.  Each and every federal, state, and local governmental agency or department is hereby

directed to accept any and all documents and instruments necessary and appropriate to

consummate the transactions contemplated by the MLPISA, including, without limitation,

recordation of this Order.  This Order shall be binding upon and shall govern the acts of all

persons or entities including without limitation, all filing agents, filing officers, title agents, title

companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative

agencies, governmental departments, secretaries of state, federal, state, and local officials, and all

other persons who may be required by operation of law, the duties of their office, or contract, to

accept, file, register, or otherwise record or release any documents or instruments, or who may be

required to report or insure any title or state of title in or to any of such assets or other property

interests.

 11.    **No Interference.**  Following the Closing Date of the Sale, no holder of any

interest shall interfere with the Purchaser's title to, or use and enjoyment of, the FHA Loans

based on, or related to, any such interest, or based on any actions the Debtors may take in their

chapter 11 cases.

 13.    **No Discriminatory Treatment.**  To the extent provided by section 525 of the

Bankruptcy Code, no governmental unit may deny, revoke, suspend, or refuse to renew any

permit, license, or similar grant relating to the operation of the FHA Loans sold, transferred, or

conveyed to the Purchaser on account of the filing or pendency of these chapter 11 cases or the

consummation of the Sale contemplated by the MLPISA.

14.    **No Successor Liability.**    Neither the Purchaser, nor any of its successors or

assigns, or any of their respective affiliates shall have any liability for any interest that arose prior

to the Closing Date, or otherwise is assertable against the Debtors or is related to the FHA Loans

prior to the Closing Date.    The Purchaser shall not be deemed, as a result of any action taken in

connection with the MLPISA or any of the transactions or documents ancillary thereto or

contemplated thereby or in connection with the acquisition of the FHA Loans, to: (i) be legal

successors, or otherwise be deemed successors to the Debtors; (ii) have, de facto or otherwise,

merged with or into the Debtors; or (iii) be a mere continuation or substantial continuation of the

Debtors or the enterprise of the Debtors. Without limiting the foregoing, the Purchaser shall not

have any successor, transferee, derivative, or vicarious liabilities of any kind or character for any

interests, including under any theory of successor or transferee liability, de facto merger or

continuity, environmental, labor and employment, and products or antitrust liability, whether

known or unknown as of the Closing Date, now existing or hereafter arising, whether fixed or

contingent, asserted or unasserted, liquidated or unliquidated.

15.    **Fair Consideration.**    The consideration provided by the Purchaser for the FHA

Loans under the MLPISA shall be deemed to constitute reasonably equivalent value and fair

consideration under the Bankruptcy Code and under the laws of the United States, any state,

territory, possession, or the District of Columbia. The Sales may not be avoided under section

363(n) of the Bankruptcy Code.    The Purchaser was not party to any agreements to control the

sale price, and is not subject to any claims for damages under section 363(n) of the Bankruptcy

Code.

16.     **Retention of Jurisdiction.**  This Court retains jurisdiction, pursuant to its

statutory powers under 28 U.S.C. § 157(b)(2), to, among other things, interpret, implement, and

enforce the terms and provisions of this Order, all amendments thereto, and any waivers and

consents thereunder, including, but not limited to, retaining jurisdiction to (i) compel delivery of

the FHA Loans to the Purchaser; (ii) interpret, implement, and enforce the provisions of this

Order; (iii) protect the Purchaser against any interests, claims or liabilities against or related to

the Seller or the FHA Loans of any kind or nature whatsoever, and (iv) enter any order under

section 363 of the Bankruptcy Code.

17.     **Good Faith.**  The transactions contemplated by the MLPISA are undertaken by

the Purchaser without collusion and in good faith, as that term is used in section 363(m) of the

Bankruptcy Code, and, accordingly, the reversal or modification on appeal of the authorization

provided in this Order to consummate the Sale shall not affect the validity of the Sale, unless

such authorization is duly stayed pending such appeal.  The Purchaser is a purchaser in good faith

of the FHA Loans and is entitled to all the protections afforded by section 363(m) of the

Bankruptcy Code.  There has been no collusion by the Purchaser.

18.     **No Bulk Law Application.**  No law of any state or other jurisdiction, including

any bulk sales law or similar law, shall apply in any way to the transactions contemplated by the

Sale, the MLPISA, the Motion, and this Order.

19.     **Subsequent Plan Provisions.**  Nothing contained in any chapter 11 plan

confirmed in any Debtor's bankruptcy case or any order confirming any such plan or in any other

order in these chapter 11 cases shall alter, conflict with, or derogate from, the provisions of the

MLPISA or this Order.

20. **Failure to Specify Provisions.** The failure to specifically include any particular provisions of the MLPISA in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the MLPISA be authorized and approved in its entirety.

21. **Non-Material Modifications.** The MLPISA and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment, or supplement does not have any material adverse effect on the Debtors' estates.

22. **Appointment of Trustee.** The provisions of the MLPISA and this Order may be specifically enforced in accordance with the MLPISA notwithstanding the appointment of any chapter 7 or chapter 11 trustee after the Closing Date.

23. **Amounts Payable By Seller Is Administrative Expenses.** Any amounts due to Purchaser from the Seller under the MLPISA shall constitute allowed administrative expenses and shall be paid without the need for further application or motion by Purchaser.

24. **Segregation of Cash.** The Debtors will segregate cash generated from the Sale in accordance with the *Final Order Under Bankruptcy Code Sections 105(a), 345, 363, 364, and 503(b)(1) and Bankruptcy Rules 6003 and 6004 Authorizing (I) Continued Use of Cash Management Services and Practices, (II) Continued Use of Existing Bank Accounts, Checks, and Business Forms, (III) Implementation of Modified Cash Management Procedures and Use of Certain Bank Accounts Established in Connection with Use of Pre-And Post-Petition Lenders Financing Facilities and Cash Collateral, (IV) Waiver of the Investment and Deposit Requirements of Bankruptcy Code Section 345, (V) Debtors to Honor Specified Outstanding*

16

*Prepetition Payment Obligations, and (VI) Continuation of Intercompany Transactions and
Granting Administrative Expense Status to Intercompany Claims* [Docket No. 393], including
segregating cash generated from the Sale of collateral securing any of the Debtors' financing
facilities into the specific bank accounts established for the benefit of the lenders under such
financing facilities.

25.    Notwithstanding anything to the contrary in this Order, any action to be taken
pursuant to the relief authorized in this Order is subject to the terms of any cash collateral order
and debtor in possession financing order entered in these chapter 11 cases.  To the extent there is
any inconsistency between the terms of this Order and the terms of any order relating to
postpetition financing, cash collateral, or cash management, the terms of the orders relating to
postpetition financing, cash collateral, or cash management shall govern.

26.    25. Subject to paragraph 24 , absent further order of the Court, the proceeds of the
Sale shall be used only for the payment of operating expenses in the ordinary course of  business
that are (i) afforded administrative expense status, or (ii) otherwise authorized by the Court;
provided, however, that forFor the avoidance of doubt, absent further order of the Court, no
proceeds of the Sale shall be used to pay down any of the Debtors' prepetition credit facilities.

13.    Notwithstanding anything herein to the contrary, including, without limitation,
any findings and any assertion, agreement, pleading, or other document made or filed in
connection with the Sale, the Sale Motion, the Sale Procedures Order, the Sale Hearing, or this
Sale Order, this Order shall not modify or affect the terms and provisions of, nor the rights and
obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated
April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of
Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the

consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated

February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent

Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012; and (d) all

related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

14.    **Document Preservation.**  The Debtors shall take all appropriate steps to preserve,

protect, maintain, and ensure the availability of all of the Debtors' books, records, documents and

electronically stored information, in whatever format, including native format that are potentially

relevant to the claims asserted by the Plaintiffs (collectively the "Relevant Books and Records")

in the following actions (the "Actions"):

- *New Jersey Carpenters Health Fund, et als., on Behalf of Themselves and All Others Similarly Situated v. Residential Capital, LLC, et als.*, No. 08-CV-8781 (HB) (S.D.N.Y. 2008)

- *Union Cent. Life Ins. Co. et al. v. Credit Suisse First Boston Mortg. Sec. Corp. et al.*, No. 11-CV-2890 (GBD) (S.D.N.Y. 2011)

- *Donna Moore, Frenchola Holden and Keith McMillon, individually and on behalf of all others similarly situated v. GMAC Mortgage, LLC, GMAC Bank and CapRe of Vermont, Inc.*, No. 07-CV-04296-PD (E.D. Pa. 2007)

- *Cambridge Place Inv. Mgmt. Inc. v. Morgan Stanley & Co., Inc., et al.,* Nos. 10-2741-BLS1, 11-0555-BLS1 (Mass. Sup. Ct. 2010, 2011).

15.    The Debtors (i) shall retain the originals or true copies of the Relevant

Books and Records included in the Sale (the "Retained Relevant Books and Records") and, as to

any of the Actions that have not been fully and finally resolved by a final, non-appealable

judgment (ii) shall provide at least thirty (30) days' written notice to lead and bankruptcy counsel

for the Plaintiffs in each of the Actions with an opportunity to be heard of any abandonment,

destruction, or transfer of the Retained Relevant Books and Records that may render the Relevant

Books and Records unavailable to the Plaintiffs.  In the event Plaintiffs file an objection to the

abandonment, destruction, or transfer described above within such thirty (30) day period after

receiving written notice, the Debtors shall not abandon, destroy, or transfer the Retained Relevant

Books and Records absent a final and non-appealable order of this Court or any court of competent

jurisdiction if the Debtors' bankruptcy cases are closed.  Purchaser shall not have any obligation to

preserve, protect, maintain, or ensure the availability of any Relevant Books and Records.

16.    **No Stay or Order.**  Notwithstanding the provisions of Bankruptcy Rules 6004(h),

this Order shall not be stayed for fourteen (14) days after its entry and shall be effective

immediately upon entry, and the Debtors and the Purchaser are authorized to close the Sale

immediately upon entry of this Order.  Time is of the essence in closing the transactions

referenced herein, and the Debtors and the Purchaser intend to close the Sale as soon as

practicable.  Any party objecting to this Order must exercise due diligence in filing an appeal and

pursuing a stay, or risk its appeal being foreclosed as moot.

17.    The Court shall retain jurisdiction with respect to all matters relating to the

interpretation or implementation of this Order.

Dated: [      ], 2012
     New York, York                _____
                                THE HONORABLE MARTIN GLENN
                                UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT 1**

## **MLPISA**

Document comparison by Workshare Professional on Tuesday, January 15, 2013 6:52:57 PM

| Input: | |
|---|---|
| Document 1 ID | PowerDocs://NEW YORK/1067923/5 |
| Description | NEW YORK-#1067923-v5-ResCap_-_FHA_Sale_Approval_Order |
| Document 2 ID | PowerDocs://NEW YORK/1067923/6 |
| Description | NEW YORK-#1067923-v6-ResCap_-_FHA_Sale_Approval_Order |
| Rendering set | standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 20 |
| Deletions | 13 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 33 |