UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

RESIDENTIAL CAPITAL, LLC, *et al.*

Debtors.

Case No. 12-12020 (MG)

Jointly Administered

**ORDER DENYING JOINT MOTION OF BASIC LIFE RESOURCES AND PAMELA Z.
HILL FOR EMERGENCY PAYMENT OF CLAIMS**

Pending before the Court is the *Joint Motion of Basic Life Resources and Pamela Z. Hill for Findings of Fact, Conclusions at Law Judgment and Order* (the "Motion," ECF Doc. # 2590). The Debtors filed an objection (the "Objection," ECF Doc. # 2591). The movants filed a short response that argues that the objection is not timely filed.[1] (ECF Doc. # 2611.)

On November 5, 2012, Basic Life Resources ("BLR") and Pamela Z. Hill ("Hill") filed separate proofs of claim. BLR's claim, number 2427, asserted a secured priority claim against Debtor Residential Capital, LLC in the aggregate amount of $1.7 million, plus additional amounts of $14,986 per day for each day after November 2, 2012 that the claim remains unpaid, for alleged lost income and damages. Hill's claim, number 2429, was filed against the same debtor in the amount of $389,331, as an unsecured priority claim for alleged damages. In the Motion, Hill now seeks "return of any and all funds she may have paid after November 2, 2012." (Mot. at Ex. B).

Although Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") provides that the court shall fix the time within which proofs of claim must

---

[1] The Debtors' deadline for responding to the Motion was 4:00 p.m. on January 9, 2013. While the Debtors had been served with the Motion, as of January 9, 2013, the Motion had not been docketed on ECF by the moving parties. After the Debtors forwarded an electronic copy of the Motion to chambers, chambers asked Debtors to file their objection papers *after* the Motion was docketed on ECF, which occurred on or about 4:00 p.m. on January 9, 2013. The Debtors filed their objection half an hour later. Therefore, the Court concludes the Debtors' objection was timely filed.

be filed in a Chapter 11 case, there is no requirement in the Bankruptcy Code or Bankruptcy Rules that the Debtors object to claims by a date certain in their chapter 11 cases. *See, e.g.,* 11 U.S.C. § 502(a) ("A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects."); Bankruptcy Rule 3007(a) ("An objection to the allowance of a claim shall be in writing and filed.  A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant, the debtor or debtor in possession, and the trustee at least 30 days prior to the hearing."). *See also* Bankruptcy Rule 3021 (stating that "after a plan is confirmed, distribution shall be made to creditors whose claims have been allowed, to interest holders whose interests have not been disallowed, and to indenture trustees who have filed claims under Rule 3003(c)(5) that have been allowed").

Nothing in the Motion indicates any extenuating reason why these creditors should be paid immediately (assuming that their claims are allowed) and the Bankruptcy Code would not allow these creditors to jump the line and receive payment for claims that have not been fully vetted (especially given that we are far from plan confirmation in this case).  The Debtors should have the opportunity to object to a claim they believe is not valid.  Having reviewed these proofs of claim, it is far from clear that these creditors will have allowed claims in the amounts sought in these two proofs of claim.

Therefore, the Motion is **DENIED**.

**IT IS SO ORDERED.**

Dated:   January 16, 2013
         New York, New York

                                    ___*Martin Glenn*_____
                                        MARTIN GLENN
                                United States Bankruptcy Judge

2