Objection Deadline: **January 31, 2013 at 4:00 p.m. (EST)**
Hearing Date and Time: **February 7, 2013 at 10:00 a.m. (EST)**

WOMBLE CARLYLE SANDRIDGE &
   RICE, LLP
Thomas M. Horan (*pro hac vice* pending)
222 Delaware Avenue
Suite 1501
Wilmington, DE 19801
Telephone: (302) 252-4339
Facsimile: (302) 661-7707
E-mail: thoran@wcsr.com

Jeffrey L. Tarkenton (*pro hac vice* pending)
1200 Nineteenth Street, N.W.
Suite 500
Washington, DC 20036
Telephone: (202) 857-4450
Facsimile: (202) 261-0050
E-mail: jtarkenton@wcsr.com

*Counsel for J.P. Morgan Mortgage Acquisition Corporation*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | Chapter 11 |
| Debtors. | Jointly Administered |

**MOTION OF J.P. MORGAN MORTGAGE
ACQUISITION CORPORATION FOR RELIEF FROM STAY**

J.P. Morgan Mortgage Acquisition Corporation ("J.P. Morgan"), by its undersigned counsel, respectfully requests that this Court enter an order, pursuant to

sections 105 and 362 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") and Rules 4001(a) and 9014 of the Federal Rules of Bankruptcy Procedure, determining that the automatic stay does not stay a certain lawsuit (the "Third Lawsuit") filed by Stephen J. Canterbury ("Canterbury") against J.P. Morgan and GMAC the Lawsuit from proceeding, or alternatively, terminating the automatic stay with respect to GMAC to allow the Third Lawsuit to proceed.  In support of this Motion, J.P. Morgan respectfully states:

### Preliminary Statement

1. On September 19, 2012, Canterbury filed his Complaint against J.P. Morgan and GMAC seeking rescission of a $1,027,446 debt obligation and damages under the Truth in Lending Act, 15 U.S.C. § 1601, with the United States District Court for the Western District of Virginia, Civil Action No. 3:11-cv-59.  As alleged in the Complaint, GMAC was the original lender on the obligation, and it later assigned the promissory note that evidenced the obligation to J.P. Morgan.  J.P. Morgan files this Motion seeking a determination that the automatic stay does not bar the Third Lawsuit from proceeding solely between Canterbury and J.P. Morgan.  Alternatively, J.P. Morgan requests that this Court terminate the automatic stay in order for the Lawsuit to proceed.

### Procedural Background, Jurisdiction and Venue

2. On May 14, 2012 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief (the "Chapter 11 Cases") under Chapter 11 of the Bankruptcy Code.  Each Debtor is continuing to operate its businesses and

manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On May 14, 2012, this Court entered an order for joint administration. On May 16, 2012, this Court entered an order appointing an Official Creditors' Committee.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

### The Lawsuit

4. Canterbury filed the Third Lawsuit against J.P. Morgan and GMAC with the United States District Court for the Western District of Virginia (the "District Court") on September 19, 2012 seeking rescission of a $1,027,446 debt obligation and damages under the Truth in Lending Act, 15 U.S.C. § 1601.

5. Canterbury's claims arise out of a loan transaction (the "Loan") in which Canterbury executed a promissory note (the "Note") in the amount of $1,027,446 in favor of GMAC on August 31, 2007 which is secured by a deed of trust (the "Deed of Trust") on property located at 2447 Springer Run Road, Gordonsville, VA 22942 (the "Property"). (Comp. ¶¶ 1, 6.)

6. Canterbury asserts in the Complaint that GMAC originated the Loan and that J.P. Morgan is assignee of the Note and the Deed of Trust. (Comp. ¶¶ 6, 11-12.)

3

7. On May 1, 2012, GMAC filed with the District Court a Notice of Bankruptcy and Effect of Automatic Stay by which it notified the District Court and the parties of its bankruptcy proceeding.

8. On May 31, 2012, the District Court entered an Order staying the Third Lawsuit pending the conclusion of GMAC's bankruptcy proceedings.

9. J.P. Morgan intends to file a dispositive motion with the District Court seeking the dismissal of the Complaint on the basis of *res judicata*. Canterbury's claims, which he asserts in the Complaint, are barred by the doctrine of *res judicata* for two separate reasons. First, Canterbury failed to schedule his TILA claim as an asset in the Chapter 7 bankruptcy case that he filed with the United States Bankruptcy Court for the Western District of Virginia, Case No. 09-60952, on March 11, 2009 following the closing of the Loan. Second, Canterbury filed a lawsuit (the "Second Lawsuit") with the Circuit Court for Albemarle County, Virginia on October 18, 2010 against J.P. Morgan, Civil Action No. 3:10-cv-54, arising out of the Loan, in which he sought a declaratory judgment that J.P. Morgan was not the noteholder and could not foreclose on the Property. J.P. Morgan removed the Second Lawsuit to the District Court which issued an order on March 30, 2011 dismissing the Second Lawsuit with prejudice. Earlier, on August 30, 2010, Canterbury had filed a complaint against J.P. Morgan and GMAC with the District Court, Civil Action No. 3:10-cv-48 alleging claims arising out of the Loan transaction (the "First Complaint"). Canterbury filed a Notice of Voluntary Dismissal of the First Complaint on March 7, 2011.

### Relief Requested

10. Pursuant to Bankruptcy Code sections 105 and 362(a) and Federal Rules of Bankruptcy Procedure 4001(a)(3) and 9014, J.P. Morgan seeks an order of this Court: (a) determining that the automatic stay does not prohibit the Third Lawsuit from proceeding solely between Canterbury and J.P. Morgan or, alternatively, terminating the automatic stay afforded the Debtor under section 362(a) of the Bankruptcy Code to permit the Third Lawsuit to proceed.

### The Automatic Stay Does Not Stay the Lawsuit from Proceeding Between Non-Debtor Parties

11. Bankruptcy Code Section 362(a) provides that when a voluntary petition for relief is filed, it operates as a stay, applicable to all entities of, among other things, "the commencement or continuation . . . of a judicial . . . action or proceeding *against the debtor* that was . . . commenced before the commencement of the [bankruptcy case]." 11 U.S.C. § 362(a)(1) (emphasis added).

12. It is well settled that, except as provided in 11 U.S.C. § 1301, the automatic stay is limited to debtors and does not encompass non-filing co-defendants in pending lawsuits. *See Teachers Ins. & Annuity Ass'n v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986). The automatic stay protections are available only to a defendant who is also a debtor in bankruptcy – not to third-party defendants or co-defendants who are not in bankruptcy. *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986) (discussing limited exception to general rule that automatic stay applies only to bankrupt debtors, not to non-debtor co-defendants).

13. Accordingly, J.P. Morgan requests that this Court enter an order stating that the automatic stay does not stay the Third Lawsuit from proceeding solely between Canterbury and J.P. Morgan.

**<u>The Automatic Stay Should Be Lifted to Allow the Lawsuit to Proceed</u>**

14. Alternatively, if this Court determines that the automatic stay applies to bar the Third Lawsuit from proceeding between Canterbury and J.P. Morgan, then the Court should lift the automatic stay either to permit Canterbury and J.P. Morgan to proceed with the Third Lawsuit or, in the alternative, to permit the Third Lawsuit to proceed with respect to all three parties.

15. Under section 362(d)(1) of the Bankruptcy Code, on the request of a party in interest and after notice and a hearing, the court shall grant relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property." 11 U.S.C. § 362(d)(1). In determining whether "cause" exists to lift the automatic stay to permit litigation to proceed in another forum, courts consider the following applicable factors: (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interest of other creditors; (8) whether the judgment claim arising from the other action is subject to

equitable subordination; (9) whether movant's succession to other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms. *Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1286 (2d Cir. 1990).

16. Here, six of the factors identified in *Sonnax* are relevant and each favors lifting the stay to permit the Third Lawsuit to proceed.

### A. Permitting the Third Lawsuit to Proceed Would Result in Complete Resolution of the Issues.

17. Canterbury's claims are set forth in the Complaint, and the disposition of the Third Lawsuit will resolve all of the claims he has asserted against J.P. Morgan and GMAC. Moreover, although GMAC scheduled Canterbury as a contingent creditor holding a $0 claim, Canterbury failed to file a proof of claim against GMAC prior to the November 9, 2012 claims bar date. Accordingly, a judgment against GMAC (which would be highly unlikely given the allegations of the Complaint) would not entitle Canterbury to any payment from GMAC.

### B. Permitting the Third Lawsuit to Proceed Will Not Interfere With These Chapter 11 Cases or Impact the Debtors' Creditors.

18. Permitting the Third Lawsuit to proceed would have no impact on these Chapter 11 cases and, because Canterbury failed to file a proof of claim prior to the claims bar date, a judgment against GMAC (which would be highly unlikely

7

given the allegations of the Complaint) would not entitle Canterbury to any payment from GMAC's bankruptcy estate.

C. **The Third Lawsuit Primarily Involves Third Parties.**

19. Canterbury seeks rescission of a $1,027,446 debt obligation and damages under the Truth in Lending Act. Because GMAC assigned the Note and is no longer the noteholder, GMAC has minimal interest or exposure in the Third Lawsuit. Instead, J.P. Morgan, which is the noteholder, is the entity at risk in the event Canterbury were to prevail in the Third Lawsuit.

D. **Permitting the Third Lawsuit to Proceed Would Not Prejudice the Interests of Other Creditors.**

20. Because Canterbury failed to file a proof of claim prior to the claims bar date, permitting the Third Lawsuit to proceed would have no impact on the interests of other creditors.

E. **J.P. Morgan Would Be Subject to Significant Additional Harm if the Motion Is Not Granted.**

21. J.P. Morgan will be significantly harmed if the stay is not lifted to permit it to proceed with its defense of the Third Lawsuit. Canterbury has failed to make any payments on the Loan since prior to the date he filed his bankruptcy petition with the Bankruptcy Court on March 11, 2009. Meanwhile, the pendency of the Lawsuit and the unresolved TILA claim impacts J.P. Morgan's ability to exercise its rights as the noteholder in order to foreclose and to successfully market the Property. Lastly, the District Court ought to dismiss the Third Lawsuit promptly

Pg 9 of 10

once J.P. Morgan files its dispositive motion seeking the dismissal of the case because it is plainly barred by the doctrine of *res judicata*.

22. For the foregoing reasons, J.P. Morgan has established that "cause" exists for termination of the automatic stay under Section 362(d)(1) of the Bankruptcy Code, and granting the Motion in its entirety.

**WHEREFORE**, J.P. Morgan Mortgage Acquisition Corporation respectfully requests that this Court enter an Order:

(A) Determining that the automatic stay does not stay the Third Lawsuit from proceeding between Stephen Canterbury and J.P. Morgan Mortgage Acquisition Corporation;

(B) Alternatively, terminating the automatic stay afforded the Debtors to permit the Third Lawsuit to proceed to judgment;

(C) Waiving the provision of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure so that J.P. Morgan Mortgage Acquisition Corporation may have immediate relief; and

(D) Granting J.P. Morgan Mortgage Acquisition Corporation such other and further relief as this Court determines may be just and appropriate under the circumstances.

[Signature page follows.]

Dated: January 16, 2013
Wilmington, DE

/s/ *Thomas M. Horan*
Thomas M. Horan
Womble Carlyle Sandridge & Rice, LLP
222 Delaware Avenue
Suite 1501
Wilmington, DE 19801
Tel: (302) 252-4339
Fax: (302) 661-7707
thoran@wcsr.com

Jeffrey L. Tarkenton
Womble Carlyle Sandridge & Rice, LLP
1200 Nineteenth Street, N.W.
Suite 500
Washington, DC 20036
Tel: (202) 857-4450
Fax: (202) 261-0050
jtarkenton@wcsr.com

*Counsel for J.P. Morgan Mortgage Acquisition Corporation*