**Hearing Date and Time:  February 7, 2013 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline:  January 31, 2013 at 4:00 p.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Samantha Martin

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

-------------------------------------------------------------

**NOTICE OF DEBTORS' MOTION FOR ORDER UNDER 11 U.S.C. §§ 105(a)
AND 365(a), FED. R. BANKR. P. 6006 AND 9014 AND LOCAL BANKRUPTCY
RULE 6006-1 AUTHORIZING ASSUMPTION OF UNEXPIRED
<u>LEASE BETWEEN DEVRY INC. AND GMAC MORTGAGE, LLC</u>**

        **PLEASE TAKE NOTICE** that the undersigned have filed the attached *Motion*

*for Order Under 11 U.S.C. §§ 105(a) and 365(a), Fed. R. Bankr. P. 6006 and 9014 and*

*Local Bankruptcy Rule 6006-1 Authorizing Assumption of Unexpired Lease Between*

*DeVry Inc. and GMAC Mortgage, LLC* (the "<u>Motion</u>").

        **PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion will take

place on **February 7, 2013 at 10:00 a.m. (prevailing Eastern time)** before the

Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District

of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New

York 10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion

must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the

Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case

Management, and Administrative Procedures approved by the Bankruptcy Court [Docket

No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic

case filing system, and be served, so as to be received no later than **January 31, 2013 at**

**4:00 p.m. (Prevailing Eastern Time)**, upon (a) counsel for the Debtors, Morrison &

Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attn: Gary S. Lee,

Lorenzo Marinuzzi and Samantha Martin); (b) the Office of the United States Trustee for

the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, NY

10004 (Attn: Tracy Hope Davis, Linda A. Riffkin, and Brian S. Masumoto); (c) the

Office of the United States Attorney General, U.S. Department of Justice, 950

Pennsylvania Avenue NW, Washington, DC 20530-0001 (Attn: US Attorney General,

Eric H. Holder, Jr.); (d)  Office of the New York State Attorney General, The Capitol,

Albany, NY 12224-0341 (Attn: Nancy Lord, Esq. and Enid N. Stuart, Esq.); (e) Office of

the U.S. Attorney for the Southern District of New York, One St. Andrews Plaza, New

York, NY 10007 (Attn: Joseph N. Cordaro, Esq.); (f) counsel for Ally Financial Inc.,

Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY 10022 (Attn: Richard M.

Cieri); (g) counsel to Barclays Bank PLC, as administrative agent for the DIP lenders,

Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, NY 10036

(Attn: Ken Ziman & Jonathan H. Hofer); (h) counsel for the committee of unsecured

creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New

York, NY 10036 (Attn: Kenneth Eckstein & Greg Horowitz); (i) counsel for Ocwen Loan

Servicing, LLC, Clifford Chance US LLP, 31 West 52nd Street, New York, NY 10019

(Attn: Jennifer C. DeMarco and Adam Lesman); (j) counsel for Berkshire Hathaway Inc.,

Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los Angeles, CA 90071

(Attention: Thomas Walper and Seth Goldman); (k) Internal Revenue Service, P.O. Box

7346, Philadelphia, PA 19101-7346 (if by overnight mail, to 2970 Market Street, Mail

Stop 5-Q30.133, Philadelphia, PA 19104-5016); and (l) Securities and Exchange

Commission, New York Regional Office, 3 World Financial Center, Suite 400, New

York, NY 10281-1022 (Attn: George S. Canellos, Regional Director).

   **PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a

written objection to the relief requested in the Motion, the Bankruptcy Court may deem

any opposition waived, treat the Motion as conceded, and enter an order granting the

relief requested in the Motion without further notice or hearing.

Dated: January 16, 2013          Respectfully submitted,
     New York, New York

                             /s/ Gary S. Lee
                             Gary S. Lee
                             Lorenzo Marinuzzi
                             Samantha Martin
                             MORRISON & FOERSTER LLP
                             1290 Avenue of the Americas
                             New York, New York 10104
                             Telephone: (212) 468-8000
                             Facsimile: (212) 468-7900

                             *Counsel for the Debtors and*
                             *Debtors in Possession*

**Hearing Date and Time:  February 7, 2013 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline:  January 31, 2013 at 4:00 p.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Samantha Martin

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**DEBTORS' MOTION FOR ORDER UNDER 11 U.S.C. §§ 105(a) AND**
**365(a), FED. R. BANKR. P. 6006 AND 9014 AND LOCAL BANKRUPTCY**
**RULE 6006-1 AUTHORIZING ASSUMPTION OF UNEXPIRED**
**<u>LEASE BETWEEN DEVRY INC. AND GMAC MORTGAGE, LLC</u>**

**TO THE HONORABLE MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE:**

The debtors and debtors in possession in the above-captioned cases (collectively,

the "Debtors")[1], hereby move (the "Motion") for entry of an order under sections 105(a)

and 365(a) of title 11 of the United States Code, as amended (the "Bankruptcy Code"),

rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") and rule 6006-1 of the Local Bankruptcy Rules for the Southern District of New

York, authorizing the assumption of the unexpired sublease set forth on Exhibit 1

annexed hereto (including any amendments, modifications, or other agreements related

thereto, and without regard to whether such agreement, instrument or other document is

listed on Exhibit 1, the "Lease").  In support of the Motion, the Debtors rely upon and

incorporate by reference the Declaration of Erik Ferguson, Senior Vice President of

Business Excellence at GMAC Mortgage, LLC, a copy of which is annexed hereto as

Exhibit 2.

In support of this Motion, the Debtors represent as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and

this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The statutory and legal predicates for the relief requested herein are

Bankruptcy Code sections 105(a) and 365(a) and Bankruptcy Rules 6006 and 9014.

---

[1]  The names of the Debtors in these cases and their respective tax identification numbers are identified on
Exhibit 1 to the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in
Support of Chapter 11 Petitions and First Day Motions (the "Whitlinger Affidavit") [Docket No. 6].

## BACKGROUND

3.      On May 14, 2012 (the "Petition Date"), each of the Debtors filed a

voluntary petition with the Court for relief under Chapter 11 of the Bankruptcy Code.

The Debtors are managing and operating their businesses as debtors in possession

pursuant to Bankruptcy Code sections 1107(a) and 1108.  These cases are being jointly

administered pursuant to Bankruptcy Rule 1015(b).  No trustee has been appointed in

these Chapter 11 cases.

4.      On May 16, 2012, the United States Trustee for the Southern District of

New York (the "U.S. Trustee") appointed a nine-member official committee of unsecured

creditors (the "Creditors' Committee").

5.      On June 20, 2012, the Court directed that an examiner be appointed

[Docket No. 454], and on July 3, 2012, the Court approved Arthur J. Gonzalez as the

examiner (the "Examiner") [Docket No. 674].[2]

6.      On November 21, 2012, the Court entered orders approving the sale of

(i) the Debtors' mortgage loan servicing and origination platform (the "Platform Sale") to

Ocwen Loan Servicing, LLC ("Ocwen"), and (ii) the Debtors' legacy whole loan

portfolio (the "Legacy Sale") to Berkshire Hathaway Inc. (together with Ocwen, the

"Purchasers").  [Docket Nos.  2246 and 2247].

---

[2] The Debtors are a leading residential real estate finance company indirectly owned by Ally Financial Inc.
("AFI"), which is not a Debtor.  The Debtors and their non-debtor affiliates operate the fifth largest
mortgage servicing business and the tenth largest mortgage origination business in the United States.  A
more detailed description of the Debtors, including their business operations, their capital and debt
structure, and the events leading to the filing of these bankruptcy cases, is set forth in the Whitlinger
Affidavit.

ny-1073096

## RELIEF REQUESTED

7.      By this Motion, the Debtors respectfully request, pursuant to Bankruptcy

Code sections 105(a) and 365(a), Bankruptcy Rules 6006 and 9014, and Rule 6006-1 of

the Local Bankruptcy Rules for the Southern District of New York, that this Court enter

an order, substantially in the form annexed hereto as <u>Exhibit 3</u>, authorizing the

assumption of the Lease identified on <u>Exhibit 1</u>.[3]  The landlord under the Lease has

agreed to an extension of the January 16, 2013 deadline to assume or reject the Lease

through February 7, 2013.  The Debtors submit that the assumption of the Lease is

reasonable and represents an appropriate exercise of sound business judgment.

## BASIS FOR RELIEF

8.      The Debtors currently are in the process of evaluating which of the

Debtors' executory contracts and unexpired leases should be assumed and assigned to the

Purchasers in connection with the Platform Sale and the Legacy Sale, or assumed to

facilitate the Debtors' wind down activities.  As part of this analysis, the Debtors have

already determined that the Lease listed on <u>Exhibit 1</u> is necessary to the Debtors' ongoing

business operations and beneficial to the Debtors' estates.

9.      The Lease, dated as of January 10, 2012 and subsequently amended, is by

and between DeVry Inc., as sublandlord, and GMAC Mortgage, LLC, as subtenant, for

the use of real property located at 1140 Virginia Avenue, situated in that certain building

---

[3] Consistent with Bankruptcy Rule 6006(f), <u>Exhibit 1</u> contains no more than 100 executory contracts and
unexpired leases to be assumed.  The Debtors are currently performing a review and evaluation of other
executory contracts and unexpired leases that are not the subject of this Motion.  As this process continues,
the Debtors expect to identify additional contracts and leases to be assumed or rejected.  Accordingly, the
Debtors reserve the right to seek to assume or reject additional contracts and leases in the future.  This
Motion should not be construed as a determination that any contracts or leases not listed herein are to be
assumed or rejected.

ny-1073096

complex located at 1100 Virginia Drive, Fort Washington, Pennsylvania (the "Premises").

The Lease was originally set to expire on January 16, 2013. The Debtors recently entered

into an amendment (a copy of which is annexed hereto as Exhibit 4), which extends the

expiration date to July 16, 2013. The monthly rent under the Lease is $17,466.46, and

the total rental cost for the period from January 16, 2013 through July 16, 2013 (the lease

expiration date) is $104,798.76. The Debtors currently occupy the Premises in the

ordinary course of business. The Debtors have determined that it is critical for them to

continue utilizing the Premises through the expiration of the lease term without any risk

of eviction or termination. The Debtors are current on all obligations under the Lease,

and the Debtors believe there are no cure costs associated with the assumption of the

Lease.

10.    Based on the foregoing, the Debtors have determined through the exercise

of their business judgment that assumption of the Lease is in the best interests of the

Debtors' estates, their creditors and other parties in interest.

## APPLICABLE AUTHORITY

11.    Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a

debtor in possession, "subject to the court's approval, may assume or reject any

executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a); *see also NLRB v.*

*Bildisco & Bildisco*, 465 U.S. 513, 521 (1984); *Med. Malpractice Ins. Ass'n v. Hirsch (In*

*re Lavigne)*, 114 F.3d 379, 386 (2d Cir. 1997). "The purpose behind allowing the

assumption or rejection of executory contracts is to permit the trustee or debtor-in-

possession to use valuable property of the estate and to renounce title to and abandon

burdensome property." *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion*

4

*Pictures Corp.*), 4 F.3d 1095, 1098 (2d Cir. 1993) (internal quotation marks and reference

omitted).

12.    Courts defer to a debtor's business judgment in assuming an executory

contract or unexpired lease. *In re Orion Pictures Corp.*, 4 F.3d at 1098 (noting that

section 365 "permits the [debtor], subject to the approval of the bankruptcy court, to go

through the inventory of executory contracts of the debtor and decide which ones it

would be beneficial to adhere to and which ones it would be beneficial to reject."); *In re*

*Child World, Inc.*, 142 B.R. 87, 89 (S.D.N.Y. 1992) (a debtor may assume or reject an

unexpired lease under section 365(a) in the exercise of its "business judgment").

13.    Courts generally will not second-guess a debtor's business judgment

concerning whether the assumption or rejection of an executory contract or unexpired

lease would benefit the debtor's estate. *See In re Farmland Indus., Inc.*, 294 B.R. 903,

913 (Bankr. W.D. Mo. 2003) ("The Code favors the continued operation of a business by

a debtor and a presumption of reasonableness attaches to a debtor's management

decisions.") (citation omitted); *Phar-Mor, Inc. v. Strouss Bldg. Assocs.*, 204 B.R. 948,

951-52 (N.D. Ohio 1997) ("Whether an executory contract is 'favorable' or 'unfavorable'

is left to the sound business judgment of the debtor.") (internal citations omitted).

14.    For the reasons set forth above, the Debtors clearly have satisfied the

"business judgment" standard for assuming the Lease.  The Debtors currently occupy the

Premises in the ordinary course of business.  The Debtors have determined that it is

critical for the Debtors to continue utilizing the Premises through the expiration of the

lease term.  Accordingly, the Debtors submit that the assumption of the Lease should be

ny-1073096

approved because it is in the best interests of the Debtors' estates and represents a proper

exercise of the Debtors' business judgment.

## NOTICE

15.     The Debtors have provided notice of this Motion in accordance with the

Case Management Procedures Order, approved by this Court on May 23, 2012 [Docket

No. 141].

## CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court enter an order,

substantially in the form annexed hereto as Exhibit 3, granting the relief requested in this

Motion and such other and further relief as may be just and proper.


Dated: January 16, 2013              /s/ Gary S. Lee
       New York, New York            Gary S. Lee
                                     Lorenzo Marinuzzi
                                     Samantha Martin
                                     MORRISON & FOERSTER LLP
                                     1290 Avenue of the Americas
                                     New York, New York 10104
                                     Telephone: (212) 468-8000
                                     Facsimile: (212) 468-7900

                                     *Counsel to the Debtors
                                     and Debtors in Possession*

ny-1073096

## Exhibit 1 to the Motion

## Assumed Lease

|  | Debtor | Contract/Lease Counterparty (Name/Address) | Description of Contract/Lease | Cure Amount |
|---|---|---|---|---|
| 1 | GMAC Mortgage, LLC | DeVry Inc. | Sublease, dated as of January 10, 2012, as subsequently amended, for real property located at<br><br>1140 Virginia Avenue, situated in that certain building complex located at 1100 Virginia Drive, Fort Washington, Pennsylvania | $0 |

## Exhibit 2

**Declaration**

*(Please see attached)*

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Samantha Martin

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------
|                                  )
In re:                            )    Case No. 12-12020 (MG)
                                  )
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,    )    Chapter 11
                                  )
                     Debtors.     )    Jointly Administered
                                  )
---------------------------------------------------------------

**DECLARATION OF ERIK FERGUSON, SENIOR VICE PRESIDENT OF
BUSINESS EXCELELNCE AT GMAC MORTGAGE, LLC, IN SUPPORT OF
THE DEBTORS' MOTION FOR ORDER UNDER 11 U.S.C. §§ 105(a) AND
365(a), FED. R. BANKR. P. 6006 AND 9014 AND LOCAL BANKRUPTCY
RULE 6006-1 AUTHORIZING ASSUMPTION OF UNEXPIRED
<u>LEASE BETWEEN DEVRY INC. AND GMAC MORTGAGE, LLC</u>**

I, Erik Ferguson declare as follows:

      **A.**      **Background and Qualifications**

      I serve as Senior Vice President of Business Excellence at GMAC Mortgage, LLC,

one of the debtors and debtors in possession in the above-captioned Chapter 11 cases

(collectively, the "<u>Debtors</u>").  I have held this position since August 2010.  In my role as

Senior Vice President of Business Excellence at GMAC Mortgage, LLC, I am responsible

for, among other things, the management of owned and leased facilities from the Debtors,

conduct their respective business activities.  I am authorized to submit this declaration

(the "Declaration") in support of the *Debtors' Motion for Order Under 11 U.S.C. §§ 105(a) and 365(a), Fed. R. Bankr. P. 6006 and 9014 and Local Bankruptcy Rule 6006-1 Authorizing Assumption of Unexpired Sublease Between DeVry Inc. and GMAC Mortgage, LLC*, dated as of January 16, 2013 (the "Motion").[1]

Except as otherwise indicated, all statements in this Declaration are based upon my personal knowledge or information supplied or verified by personnel in departments within the Debtors' various business units.  If I were called to testify as a witness in this matter, I would testify competently to the facts set forth herein.

1.     The Debtors currently are in the process of evaluating which of the Debtors' executory contracts and unexpired leases should be assumed and assigned to the Purchasers in connection with the Platform Sale and the Legacy Sale, or assumed to facilitate the Debtors' wind down activities.  As part of this analysis, the Debtors have already determined that the Lease listed on Exhibit 1 of the Motion is necessary to the Debtors' ongoing business operations and beneficial to the Debtors' estates.

2.     The Lease, dated as of January 10, 2012 and subsequently amended, is by and between DeVry Inc., as sublandlord, and GMAC Mortgage, LLC, as subtenant, for the use of real property located at 1140 Virginia Avenue, situated in that certain building complex located at 1100 Virginia Drive, Fort Washington, Pennsylvania (the "Premises").  The lease was originally set to expire on January 16, 2013.  The Debtors recently entered into an amendment (a copy of which is annexed to the Motion as Exhibit 4), which extends the expiration date to July 16, 2013.  The monthly rent under

---

[1]  Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to them in the Motion.

the Lease is $17,466.46, and the total rental cost for the period from January 16, 2013

through July 16, 2013 (the lease expiration date) is $104,798.76.  The Debtors currently

occupy the Premises in the ordinary course of business.  The Debtors have determined

that it is critical for them to continue utilizing the Premises through the expiration of the

lease term without any risk of eviction or termination.  The Debtors are current on all

obligations under the Lease, and the Debtors believe there are no cure costs associated

with the assumption of the Lease.  Based on the foregoing, the Debtors have determined

through the exercise of their business judgment that assumption of the Lease is in the best

interests of the Debtors' estates, their creditors and other parties in interest.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

is true and correct.

Dated: January 16, 2013                          /s/ Erik Ferguson
       New York, New York                        _____
                                                 Erik Ferguson
                                                 Senior Vice President of Business
                                                 Excellence at GMAC Mortgage, LLC

## __Exhibit 3__

**Proposed Order**

(*Please see attached*)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------  )
                                                                   )
In re:                                                             )     Case No. 12-12020 (MG)
                                                                   )
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,                           )     Chapter 11
                                                                   )
                                          Debtors.                 )     Jointly Administered
-----------------------------------------------------------------  )

### ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 365(a), FED. R. BANKR. P. 6006 AND 9014 AND LOCAL BANKRUPTCY RULE 6006-1 AUTHORIZING ASSUMPTION OF UNEXPIRED LEASE BETWEEN DEVRY INC. AND GMAC MORTGAGE, LLC

Upon the motion (the "<u>Motion</u>")[1] of the Debtors for entry of an order (the

"<u>Order</u>"), pursuant to sections 105(a) and 365(a), of title 11 of the United States Code, as

amended (the "<u>Bankruptcy Code</u>") and rules 6006 and 9014 of the Federal Rules of

Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), authorizing the assumption of the

unexpired sublease set forth on <u>Exhibit 1</u> annexed hereto (including any amendments,

modifications, or other agreements related thereto, and without regard to whether such

agreement, instrument or other document is listed on <u>Exhibit 1</u>, the "<u>Lease</u>") as more

fully described in the Motion; and the Court having jurisdiction to consider the Motion

and grant the requested relief in accordance with 28 U.S.C. §§ 157 and 1334; and

consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and

venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the

Court having reviewed the Motion and the Declaration of Erik Ferguson, Senior Vice

President of Business Excellence at GMAC Mortgage, LLC in support of the Motion; and

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

the Court having determined that the relief requested in the Motion is in the best interests

of the Debtors, their estates, their creditors, and all parties in interest; and it appearing

that proper and adequate notice of the Motion has been given and that no other or further

notice is necessary; and the legal and factual bases set forth in the Motion establish just

and sufficient cause to grant the requested relief herein; and upon the record herein; and

after due deliberation thereon; and good and sufficient cause appearing therefor,

　　　　　IT IS HEREBY FOUND, DETERMINED, AND ORDERED THAT:

　　　1.　　　The Motion is GRANTED.

　　　2.　　　Pursuant to Section 365(a) of the Bankruptcy Code and Bankruptcy Rules

6006 and 9014, the Debtors' assumption of the Sublease identified on Exhibit 1 annexed

hereto is approved.

　　　3.　　　The Lease Amendment annexed as Exhibit 4 to the Motion is approved.

　　　4.　　　The Debtors are hereby authorized to execute and deliver all instruments

and documents, and take all other actions, as may be necessary or appropriate to

implement and effectuate the relief granted in this Order.

　　　5.　　　Upon the entry of this Order, (a) all non-monetary defaults under the

Lease arising prior to January 16, 2013 shall be deemed cured, (b) no amounts that arose

prior to the Petition Date will be owed by Debtors or their estates with respect to the

Lease, and (c) any and all persons or entities shall be forever barred and estopped from

asserting a claim that any additional amounts are due or defaults exist under the Lease

that arose or accrued, relate to or are attributable to the period prior to the Petition Date,

against the Debtors or their estates.

      6.      This Court shall retain jurisdiction with respect to all matters arising from

or related to the implementation or interpretation of this Order.

Dated:   New York, New York
                  _____, 2013

                      _____
                      THE HONORABLE MARTIN GLENN
                      UNITED STATES BANKRUPTCY JUDGE

**Exhibit 1 to the Order**

**Assumed Lease**

| | Debtor | Contract/Lease Counterparty (Name/Address) | Description of Contract/Lease | Cure Amount |
|---|---|---|---|---|
| 1 | GMAC Mortgage, LLC | DeVry Inc. | Sublease, dated as of January 10, 2012, as subsequently amended, for real property located at<br><br>1140 Virginia Avenue, situated in that certain building complex located at 1100 Virginia Drive, Fort Washington, Pennsylvania | $0 |

## **Exhibit 4**

**Amendment**

*(Please see attached)*

## FIRST AMENDMENT TO SUBLEASE

**THIS FIRST AMENDMENT TO SUBLEASE** (this "First Amendment") is made as of this 15th day of January, 2013 (the "Effective Date"), by and between **DEVRY INC.,** a Delaware corporation ("Sublandlord"), and **GMAC MORTGAGE, LLC,** a Delaware limited liability company ("Subtenant").

## WITNESSETH:

WHEREAS, Sublandlord and Subtenant entered into that certain Sublease dated January 10, 2012 (the "Sublease"), pursuant to which Subtenant leases 8,555 rentable square feet in the building sometimes known as 1140 Virginia Avenue, situated in that certain building complex located at 1100 Virginia Drive, Fort Washington, Pennsylvania;

WHEREAS, Subtenant exercised its six-month renewal option pursuant to section 2 of the Sublease and Sublandlord and Subtenant agreed to extend the term of the Sublease through January 16, 2013 by entering into that certain letter agreement dated May 3, 2012; and

WHEREAS, the Subtenant and Sublandlord have agreed to extend the term of the Sublease, amongst other things, and Sublandlord and Subtenant desire to enter into this First Amendment in order to modify the applicable Sublease provisions concerning the same, upon the terms and conditions set forth herein.

## AGREEMENTS:

NOW, THEREFORE, for and in consideration of the mutual covenants, agreements, warranties, and representations made and contained herein, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound hereby, Sublandlord and Subtenant hereby agree to amend the Sublease as follows:

1.    <u>Incorporation of Recitals and Definitions</u>.  The above recitals are hereby incorporated into this First Amendment as if fully set forth herein.  All capitalized terms used herein but undefined shall have the meaning set forth in the Sublease.

2.    <u>Term</u>. Section 2 of the Sublease is hereby modified to extend the Expiration Date to July 16, 2013, or on such earlier date upon which the Sublease may be terminated pursuant to this Sublease or any applicable law.

3.    <u>Base Rent.</u> Effective January 17, 2013, Subtenant shall pay Base Rent at a rate equal to Seventeen Thousand Four Hundred Sixty Six and 46/100 Dollars ($17,466.46) per month. Base Rent shall be paid in accordance with Section 3(a) of the Sublease.

4.    <u>Brokers</u>. Sublandlord and Subtenant each represent and warrant one to the other that, except for Newmark Knight, representing Sublandlord, and Jones Lang LaSalle, representing Subtenant, there are no real estate brokers involved in the

procurement, negotiation and/or execution of this First Amendment. Each party shall indemnify the other from any and all liability for the breach of this representation and warranty on its part and shall pay any compensation to the other broker or person who may be entitled thereto.

5.      Effect on Sublease.    Except as expressly modified by this First Amendment, all provisions, terms and conditions of the Sublease shall remain in full force and effect.

6.      Conflicting Provisions.  In the event a provision of this First Amendment conflicts with a provision of the Sublease, the First Amendment shall supersede and control. In the event a provision of the Sublease or of the First Amendment conflicts with a provision of the Lease, the Lease shall supersede and control.

7.      Binding Effect.  This First Amendment shall not be of any legal effect or consequence unless signed by Sublandlord and Subtenant, and once signed by Sublandlord and Subtenant it shall be binding upon and inure to the benefit of Sublandlord, Subtenant, and their respective legal representatives, successors and assigns.

8.      Landlord's Consent. Notwithstanding anything to the contrary contained herein, in no event shall this First Amendment be effective until the consent of Landlord is obtained, to be evidenced by Landlord's execution of a separate consent agreement, and either party may terminate the Sublease if Landlord's consent is not obtained.

9.      Governing Law.  This First Amendment has been executed and shall be construed under the laws of the State of Pennsylvania.

[SIGNATURES FOLLOW ON NEXT PAGE]

IN WITNESS WHEREOF, the undersigned have caused this First Amendment to be executed as of the day and year first above written.

**SUBLANDLORD:**

**DeVry Inc.**
a Delaware corporation

By: _____
Name: Jack Dishman
Its:    Senior Director of Real Estate Management

**SUBTENANT:**

**GMAC MORTGAGE, LLC,**
a Delaware limited liability company

By: _____
Name: Patrick D. Lerch
Its:    Portfolio Manager