UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re                                              :
                                                   :        Chapter 11
RESIDENTIAL CAPITAL, LLC, *et al*.                 :
                                                   :        Case No. 12-12020 (MG)
                              Debtors.             :
                                                   :        (Jointly Administered)
-------------------------------------------------------x

### STIPULATION AND ORDER PURSUANT TO 11 U.S.C. § 362(d) MODIFYING THE AUTOMATIC STAY IMPOSED BY 11 U.S.C. § 362(a)

**WHEREAS** Wells Fargo Bank, N.A. ("**First Lienholder**") held a senior mortgage and security interest on lands and premises of Sean and Jill Cassady with an address of 18384 Donelley Ave, Brownstown Township, MI 48193 with the legal description of:

> Property in the Township of Brownstown, County of Wayne, State of Michigan, to wit: Lot 224, Southland Village Estates Subdivision Number 2, as recorded in Liber 94, Pages 1 and 2 of Plats, Wayne County Records; tax ID# 70-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-000 (the "**Mortgaged Property**");

**WHEREAS** the above-captioned debtors (the "**Debtors**") hold an interest in the Mortgaged Property junior to that of the First Lienholder;

**WHEREAS** on May 17, 2012, the First Lienholder conducted a non-judicial foreclosure sale of the Mortgaged Property, evidenced by sheriff's deed dated May 17, 2012, and recorded on May 31, 2012, in liber 49898, page 1052, Wayne County Records, by which the First Lienholder became the purchaser of the Mortgaged Property (the "**Foreclosure Sale**");

**WHEREAS** the First Lienholder has requested (the "**Request**") the Debtors' consent to retroactive relief from the automatic stay, pursuant to section 362(d) of title 11 of the United States Code (the "**Bankruptcy Code**") with respect to the foreclosure of its interests in the Mortgaged Property;

**WHEREAS** the First Lienholder has submitted for the Debtors' review information sufficient for the Debtors to analyze the value of their interests in the Mortgaged Property;

**WHEREAS** the Debtors have consulted with the Creditors' Committee regarding the Request;

**WHEREAS** the Debtors have agreed to consent to the Request on the terms and conditions contained in this Stipulation and Order;

**NOW, THEREFOR**, it is hereby stipulated and agreed as between the Parties to this Stipulation and Order, through their undersigned counsel, as follows:

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The First Lienholder's Request is granted as set forth herein.

2. The automatic stay imposed in these cases by section 362(a) of the Bankruptcy Code is modified under section 362(d) of the Bankruptcy Code retroactive to May 17, 2012 solely to the extent necessary to allow the First Lienholder to complete the foreclosure of the mortgage and security interest it holds on the Mortgaged Property and enforce its rights in connection therewith.

3. The Foreclosure Sale is hereby retroactively validated as being conducted without having violated the automatic stay pursuant to section 362(a) of the Bankruptcy Code.

4. The First Lienholder shall provide due notice to the Debtors in connection with any action to be taken with respect to the Mortgaged Property, including, but not limited to proceeding with a sale of the Mortgaged Property, in accordance with and to the extent required by applicable state law.

5. To the extent proceeds from any sale of the Mortgaged Property exceed the valid amounts due and owing to the First Lienholder and any other entity holding a valid and enforceable lien on the Mortgaged Property that is senior to the lien of the Debtors, such

proceeds shall be turned over within thirty (30) days after entry of this Stipulation and Order to the Debtors' estates.

6. This Order may not be modified other than by a signed writing executed by the Parties hereto or by further order of the Court.

7. This Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which when taken together shall constitute one and the same instrument.

8. Pursuant to Federal Rule of Bankruptcy Procedure 4001(a)(3), the 14-day stay of this Order imposed by such rule is waived. The First Lienholder is authorized to implement the provisions of this Order immediately upon its entry.

9. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Order.

*[signature page follows]*

| GMAC MORTGAGE, LLC | WELLS FARGO BANK, N.A. |
|---|---|

By: /s/ Norman S. Rosenbaum  
Gary S. Lee  
Norman S. Rosenbaum  
Erica J. Richards  
**MORRISON & FOERSTER LLP**  
1290 Avenue of the Americas  
New York, New York 10104  
Telephone:  (212) 468-8000  
Facsimile:  (212) 468-7900  

*Counsel for Debtors*  
*and Debtors in Possession*

By: /s/ Dennis Jose  
Dennis Jose, Esq.  
**GROSS POLOWY ORLANS, LLC**  
1900 Merchants Concourse, Suite 412  
Westbury, NY 11590  
Tel:  (716) 204 1781  

*Counsel for Wells Fargo Bank, N.A.*

<u>Recording Information for Wayne County, Michigan</u>
When recorded, return to:
Dennis Jose, Esq.
Gross Polowy Orlans, LLC
900 Merchants Concourse, Suite 412
Westbury, NY 11590
Ph:  716 204 1781

Dated:  January 17, 2013  
       New York, New York

                                             **/s/Martin Glenn**  
                                             MARTIN GLENN  
                                 United States Bankruptcy Judge