**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, et. al.,<br><br>                Debtors. | )<br>)  Case No. 12-12020 (MG)<br>)<br>)  Chapter 11<br>)<br>)  Jointly Administered<br>) |

**STIPULATION AND CONSENT ORDER REGARDING RELIEF FROM AUTOMATIC STAY TO ALLOW STATE COURT ACTION TO PROCEED**

WHEREAS, Andrew D. Dunavant, Jr. and Mary F. Dunavant ("**Borrowers**") are plaintiffs in a civil action naming as defendants GMAC Mortgage, LLC ("**GMAC Mortgage**"), one of the above captioned debtors and debtors in possession (the "**Debtors**") and USAA Federal Savings Bank ("**USAA**") (a party not affiliated with the Debtors), filed in the Circuit Court of Baldwin County, Alabama (the "**State Court**"), Case No. 2011-900691 (the "**Dunavant Action**");

WHEREAS, on May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of title 11 of the United States Code ("the **Bankruptcy Code**");

WHEREAS, the Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108;

WHEREAS, on May 6, 2011, the Borrowers commenced the Dunavant Action in the State Court seeking, among other things, an injunction prohibiting GMAC Mortgage from foreclosing on certain real property subject to the Dunavant Action (the "Property");

WHEREAS, on April 2, 2012, the State Court granted a preliminary injunction precluding GMAC Mortgage from proceeding with a non-judicial foreclosure against the Property;

WHEREAS, on May 23, 2012, GMAC Mortgage filed a Motion for Summary Judgment in the Dunavant Action (the "**GMAC Mortgage SJ Motion**"), seeking summary judgment as to the Borrowers' claims for breach of contract, wantonness, negligence, wrongful foreclosure and injunction, each of which claims Borrowers contend are defenses to GMAC Mortgage's right to foreclose on the Borrowers' property[1].

WHEREAS, on July 13, 2012 [Dkt. # 774] the Court entered the Supplemental Servicing Order[2];

WHEREAS, on September 19, 2012 GMAC filed in the Alabama State Court a Notice of Bankruptcy Filing and Supplemental Servicing Order. On September 24, 2012, Borrowers filed a response in the State Court to clarify the scope of the automatic stay and seeking a determination as to which of Borrowers claims they are permitted to pursue under the terms of the Supplemental Servicing Order.

WHEREAS, GMAC Mortgage contends that it is permitted to proceed under the terms of the Supplemental Servicing Order with respect to all of Borrowers' defenses, claims and counter-claims that are the subject of the GMAC Mortgage SJ Motion;

---

[1] The motion for summary judgment was filed on behalf of GMAC Mortgage and was joined by USAA.

[2] References to the "**Supplemental Servicing Order**" mean *Final Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108 and Bankruptcy Rule 9019 (i) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (ii) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (iii) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (iv) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses* [Docket No. 774] (the "**Supplemental Servicing Order**")

WHEREAS, at a hearing held before the State Court on September 25, 2012, the parties advised the State Court that to avoid any uncertainty with respect to the application of the Automatic Stay of section 362(a) of the Bankruptcy Code (the "**Stay**") and the application of the Supplemental Servicing Order, the parties would stipulate to relief from the Stay to the extent set forth herein to allow the parties to proceed with the case.

WHEREAS, it is the Borrowers' position that unless the Stay is lifted and all claims can be heard and resolved in the State Court, the preliminary injunction order remains in effect thereby precluding GMAC from proceeding with the foreclosure proceedings on the Property;

WHEREAS, although there is currently no trial setting for the Dunavant Action, this matter would be ready for trial shortly following a ruling on the GMAC Mortgage SJ Motion if the matter is not disposed of in its entirety by such ruling;

WHEREAS, should a trial of the Dunavant Action be necessary, the parties are prepared to stipulate to relief from the Stay to allow the State Court to proceed on all claims, defenses, and counter claims asserted by the parties in accordance with terms hereof;

WHEREAS, in consenting to limited relief from the automatic stay, the Debtors have considered all of the particular facts and circumstances of the Dunavant Action;

WHEREAS, on November 27, 2012 the Borrowers filed a Motion for Relief from Stay in these Chapter 11 cases [Dkt. # 2288] (the "**Motion for Relief**").

WHEREAS, the Borrowers and Debtors (collectively, the "**Parties**") have conferred and the Debtors have consented to a limited modification of the Stay of section

362(a) of the Bankruptcy pursuant to the terms, and subject to the conditions set forth in this stipulation and consent order (the "**Stipulation and Consent Order**"). The Borrowers have consented to a modification of the Stay to the extent set forth herein to allow all claims and defenses to be adjudicated in the Circuit Court of Baldwin County, Alabama.

**NOW THEREFORE**, it is hereby stipulated and agreed as between the Parties to this Stipulation and Consent Order, through their undersigned counsel, that:

1. The Stay shall be modified solely to the extent set forth herein.

2. The Parties may proceed with the prosecution and defense of the case, including procedural and dispositive motions. The State Court may rule on all claims raised by any Party and all defenses thereto, including each of Borrowers' claims for monetary or equitable relief asserted in the Dunavant Action.

4. To the extent the State Court denies any dispositive motion and any claims remain pending, the trial may proceed as determined by the State Court and the Parties may pursue any appeal therefrom. This Stipulation and Consent Order is without prejudice to the Borrowers' rights to pursue third parties in the Dunavant Action and the Debtors' right to seek to apply the Stay to any of such parties.

5. Notwithstanding anything in this Stipulation and Consent Order to the contrary, absent further order of this Court, the Borrowers shall not enforce as against the Debtors, their assets, or their estates, any judgment obtained in the Dunavant Action or take any other action against the Debtors with respect to the Dunavant Action. In addition, this Stipulation and Order shall not preclude or otherwise prejudice the Dunavants' rights or claims, if any, obtained under the April 4, 2012 Consent Judgment

4

approved by the United States District Court for the District of Columbia, Civil Action No. 12-00361, by and among the United States, 49 state attorneys general, including the State of Alabama, GMAC Mortgage, LLC, Residential Capital, LLC and Ally Financial, Inc. This Stipulation and Order shall not preclude or otherwise prejudice the Dunavants' rights or claims under the April 14, 2012 Board of Governors of the Federal Reserve System Consent Order, by and among GMAC Mortgage, LLC, Residential Capital, LLC, Ally Bank, Ally Financial, Inc., the Board of Governors of the Federal Reserve System and the Federal Deposit Insurance Corporation.

6.  GMAC and the Borrowers agree that the Dunavant Action shall be the sole proceeding in which to resolve any and all claims Borrower may have against the Debtors, in connection with any and all of the transactions at issue in the Dunavant Action and that any proof of claim the Borrowers may file, notwithstanding any objection to dischargeability set forth hereinbelow, in the Debtors' bankruptcy arising in connection with such transactions shall be limited to the amount of any final judgment in favor of Borrowers obtained in the Dunavant Action, plus any Alabama state post-judgment accruals (the "**Judgment**"). The deadline for filing any proof of claim by the Borrowers for the Judgment in the Chapter 11 cases is hereby tolled until such time an order is entered by the Alabama State Court with respect to the Judgment that has become final and no longer subject to appeal, rehearing or reconsideration (the "**Final Judgment**"). The Borrowers may file a proof of claim for the Judgment within thirty (30) days following the date upon which the Dunavant Action Judgment has become a Final Judgment; provided, however, to the extent Borrowers assert any additional claims against the Debtors, the bar date of November 16, 2012 established in these Chapter 11

5

cases shall apply to the Borrowers and shall not be tolled or otherwise extended with respect to those additional claims.  Nothing set forth in this Stipulation and Consent Order shall prejudice the Borrowers' right to seek a determination from the Bankruptcy Court that the Judgment or any portion thereof is not subject to discharge in the Chapter 11 Cases.  The deadline for Borrowers to file any objection to dischargeability of the judgment or commence an adversary proceeding objecting to the discharge of the judgment is tolled until such time the State Court has entered a Final Judgment.  The Borrower may file the objection to discharge or such adversary proceeding, if any, within thirty (30) days following the date upon which the Dunavant Action Judgment becomes a Final Judgment.

7. This Stipulation and Consent Order shall not be modified, altered, amended or vacated without the prior written consent of all the Parties hereto.  Any such modification, alteration, amendment or vacation in whole or part shall be subject to the approval of this Court.  No statement made or action taken in the negotiation of this Stipulation and order, not set forth herein, may be used by any Party in the Dunavant Action.

8. This Stipulation and Consent Order is the entire agreement between the Parties in respect of the subject matter hereof.

9. Each person who executes this Stipulation and Consent Order on behalf of a Party hereto represents that he or she is duly authorized to execute this Stipulation and Consent Order on behalf of such Party.

10. This Stipulation and Consent order may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall

constitute one and the same instrument.

11. The 14-day stay period under Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is hereby waived and this Stipulation and Consent Order shall be immediately effective upon its entry.

12. This Stipulation and Consent Order is in complete settlement of and resolves in full all matters raised in the Motion for Relief.

13. This Stipulation and Consent Order shall be of no force or effect unless and until it is approved by this Court.

14. This Court shall retain jurisdiction to resolve all matters relating to the implementation of this Stipulation and Consent Order.

Dated: January 8, 2013

| GMAC Mortgage, LLC | Andrew D. Dunavant, Jr. and Mary F. Dunavant, |
|---|---|
| By: /s/ Norman S. Rosenbaum<br>Gary S. Lee<br>Norman S. Rosenbaum<br>MORRISON & FOERSTER LLP<br>1290 Avenue of the Americas<br>New York, New York 10104<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900 | By: /s/ D.W. Grimsley, Jr.<br>D.W. Grimsley, Jr., Esq.<br>21 South Section Street<br>Fairhope, AL 36532<br><br>Jeff S. Daniel, Esq.<br>Law Office of Jeff S. Daniel, PC<br>PO Box 131323<br>Birmingham, AL 35213 |
| Counsel for Debtors and Debtors in Possession | Counsel for Borrowers |

Dated: January 17, 2013
New York, New York

                                          **/s/Martin Glenn**
                                          MARTIN GLENN
                        United States Bankruptcy Judge