UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| RESIDENTIAL CAPITAL, LLC, *et al.*,[1] | ) Case No. 12-12020 (MG) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**ORDER UNDER SECTION 327(e) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 2014(a) AND LOCAL RULE 2014-1 AUTHORIZING THE RETENTION AND EMPLOYMENT OF LOCKE LORD LLP AS LITIGATION COUNSEL TO THE DEBTORS *NUNC PRO TUNC* TO SEPTEMBER 1, 2012**

Upon the application (the "Application")[2] of the Debtors for entry of an order, under Bankruptcy Code section 327(e), Bankruptcy Rule 2014(a) and Local Rule 2014-1, authorizing, but not directing, the Debtors to employ and retain Locke Lord LLP ("Locke Lord") as litigation counsel to the Debtors, *nunc pro tunc* to September 1, 2012, and as more fully described in the Application; and upon consideration of the Cunningham Declaration; and it appearing that this Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue in these Chapter 11 cases and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this proceeding on the Application is a core proceeding pursuant to 28 U.S.C. § 157(b); and sufficient notice of the Application having been given under the circumstances; and it appearing that no other or further notice need by provided; and it appearing that the relief requested in the Application is in the best interests of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are identified on Exhibit 1 to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6] (the "Whitlinger Affidavit"). As used herein, the term "Debtors" includes any such entities.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application. Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases or the relief granted herein may refer to http://www.kcclcc.net/rescap for additional information.

1

the Debtors' estates, their creditors and other parties in interest; and after due deliberation thereon; and sufficient cause appearing therefore, it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1. The Application is GRANTED as set forth herein.

2. In accordance with section 327(e) of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1, the Debtors are authorized to employ and retain Locke Lord on the terms set forth in the Application and the Cunningham Declaration.

3. As litigation counsel, Locke Lord is authorized to provide the following services in connection with the Debtors' cases:

   (a) Representation of the Debtors in connection with various class action and complex litigation matters. Work on these matters primarily involves monitoring them as the claims against the Debtors are currently stayed. One of these cases, *Kral v. GMAC Mortgage*, is the subject of a motion to modify stay pending before the court as of the date of this Application;

   (b) Representation of the Debtors in connection with contested foreclosure matters, including borrowers' affirmative defenses and counterclaims;

   (c) Representation of Trustees and other owners of loans secured by mortgages serviced by the Debtors in litigation involving those loans, including claims brought pursuant to the Truth in Lending Act, the Fair Credit Reporting Act, the Real Estate Settlement Procedures Act, the Equal Credit Opportunity Act, state consumer fraud statutes and other statutory and common law claims;

   (d) Representation of the Debtors in housing court matters in which municipalities seek to enforce their police powers with regard to properties in which the Debtors either have a current interest or may have had some interest in the past;

   (e) Representation of the Debtors in responding to governmental inquiries, including inquiries by the Department of Housing and Urban Development and the Texas Workforce Commission; and

   (f) Representation of the Debtors in offensive litigation in which one of the Debtors is a plaintiff and seeks affirmative relief against a defendant (for example, seeking to void a fraudulent release of mortgage or seeking a declaration of the Debtors' interest in a particular parcel of property).

4.  Locke Lord shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other retained professional in these Chapter 11 cases.

5.  Locke Lord will coordinate with Morrison & Foerster to create and utilize task codes assigned by Morrison & Foerster for the matters which Locke Lord will be handling in an effort to assist the Court and other parties in interest in monitoring any duplication of efforts.

6.  If the Debtors request that Locke Lord provide additional advice on matters substantially associated with the subject matter of Locke Lord's retention but not specifically enumerated herein, in the Application or in the Cunningham Declaration, Locke Lord shall advise the U.S. Trustee and the Committee to the extent possible of such additional matters, recognizing that such professional must protect attorney-client and other privileges.

7.  Such other services as may be requested by the Debtors and agreed to by Locke Lord shall be subject to separate approval by Court order.

8.  Locke Lord shall apply for compensation and reimbursement of expenses incurred following September 1, 2012 in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, such Bankruptcy Rules and Local Rules as may then be applicable from time to time, the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses and any additional procedures that may be established by order of this Court.

9.  Prior to any increases in Locke Lord's rates as set forth in the Application, Locke Lord shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtors, the United States Trustee and any official committee.  The supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether Locke Lord's client has consented to the rate increase.

The United States Trustee retains all rights to object to any rate increase on all grounds, including, but not limited to, the reasonableness standard provided for in Section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to Section 330 of the Bankruptcy Code.

10. Locke Lord shall apply any remaining amounts of its prepetition retainer as a credit towards postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to the first Order of the Court awarding fees and expenses to Locke Lord.

11. The Debtors are authorized, empowered and directed to take all actions necessary to implement the relief granted pursuant to this Order.

12. To the extent there may be any inconsistency between the terms of the Application, the Cunningham Declaration, and this Order, the terms of this Order shall govern.

13. Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

14. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

AGREED TO:

TRACY HOPE DAVIS
UNITED STATES TRUSTEE

By:    _/s/ Brian S. Masumoto_____
Brian S. Masumoto
Michael Driscoll
Trial Attorneys
33 Whitehall Street, 21st Floor
New York, New York 10004
Tel. No. (212) 510-0500

Dated: January 17, 2013
      New York, New York

                                  **_____/s/Martin Glenn_____**
                                    MARTIN GLENN
                         United States Bankruptcy Judge