**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

_____

### ORDER UNDER BANKRUPTCY CODE SECTIONS 363, 1107(a) AND 1108 SUPPLEMENTING THE FINAL WAGES ORDER AND AUTHORIZING THE DEBTORS TO MAKE PAYMENTS TO CERTAIN OF THEIR EMPLOYEES UNDER THE RESIDENTIAL CAPITAL, LLC ANNUAL INCENTIVE PLAN

Upon the motion (the "**Motion**")[1] of Residential Capital, LLC, and certain of its affiliates, as debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order under Bankruptcy Code sections 363, 1107 and 1108 authorizing the Debtors to make payments to their employees under the Residential Capital, LLC Annual Incentive Plan [Docket No. 2520]; and upon consideration of the Janiczek, Mack and Dempsey Declarations and the Janiczek Supplemental Declaration [Docket Nos. 2520-1, 2520-2, 2520-3 and 2619], as well as the objection of the U.S. Trustee to the Motion [Docket No. 2600] and the Reservation of Rights of the Official Committee of Unsecured Creditors [Docket No. 2609]; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these Chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this proceeding on the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and sufficient notice of the Motion having been given; and it appearing that no other or further notice need be provided; and upon the record of

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion. Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases or the relief granted herein may refer to http://www.kccllc.net/rescap for additional information.

the Hearing; and it appearing that the relief requested by the Motion is in the best interests of the

Debtors' estates, their creditors, and other parties in interest; and after due deliberation thereon;

and sufficient cause appearing therefore, it is hereby

## ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      Nothing herein shall be deemed to authorize the payment of any amounts

or the incurrence of any obligation that would violate section 503(c) of the Bankruptcy Code.

3.      The Debtors are authorized, but not directed, to distribute payments under

the Residential Capital, LLC Annual Incentive Plan to the eligible employees, other than

participants in the KEIP and KERP, so long as the eligible employees receive, in the aggregate,

no more than 100% of the award amount approved and authorized by the Compensation

Committee of the Debtors' Board of Directors.

4.      The Debtors shall not make or accrue any payments under the AIP to

employees that qualify as employees whose total compensation ranks them among the top 25

highest paid employees at AFI and its subsidiaries, including the Debtors.

5.      The AIP shall comply will all the restrictions of TARP, and the Debtors

are directed to make such revisions as necessary to comply with TARP, including any future

determination letter issued by the United States Department of the Treasury's Office of the

Special Master (the "**OSM**").

6.      The Debtors shall defer 25% of all AIP cash payments to a single Debtor

employee that is within the Next 75 who has total cash compensation deemed earned for 2012 of

greater than $500,000 for at least one year and also defer 50% of the Next 75 employee's AIP

payment for two years, unless otherwise permitted by the OSM.

2

7.      Notwithstanding anything herein, this Order shall not waive or foreclose and is without prejudice to any and all claims or causes of action against AFI or non-debtor affiliates of AFI that may be made by the Debtors or any party-in-interest (including the Committee) as a result of, or in relation to, transactions, programs or agreements between the Debtors, AFI, and/or affiliates of AFI, including, without limitation, in connection with employee compensation

8.      Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012, by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

9.      The requirements set forth in Bankruptcy Rule 6004(a) are satisfied.

10.      Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

11.      The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order in accordance with the Motion.

3

12.    This Court shall retain jurisdiction with respect to all matters relating to

the interpretation or implementation of this Order.


Dated: January 17, 2013
      New York, New York

_____/s/Martin Glenn_____
MARTIN GLENN
United States Bankruptcy Judge