**Hearing Date: January 29, 2013 at 10:00 a.m. (ET)**
**Objection Deadline: January 22, 2013 at 4:00 p.m. (ET)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
James A. Newton

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------
                                            )
   In re:                                   )   Case No. 12-12020 (MG)
                                            )
   RESIDENTIAL CAPITAL, LLC, et al.,        )   Chapter 11
                                            )
                              Debtors.      )   Jointly Administered
                                            )
---------------------------------------------------------------

**DEBTORS' OBJECTION TO SCHEDULED CREDITOR'S MOTION
FOR THE CLARIFICATION OF THE AUTOMATIC STAY AGAINST
THE DEBTORS, CO-CREDITOR DEUTSCHE BANK AMERICAS
AND COUNSEL, FILED BY SHANE M. HAFFEY [DOCKET NO. 1227]**

ny-1071853

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................ 1

BACKGROUND ............................................................................................................................ 2

    A.    General Chapter 11 Case Background ................................................................. 2

    B.    The Kentucky Actions ........................................................................................... 3

        (i)    The MERS Action .................................................................................... 4

        (ii)    The Declaratory Judgment Action ............................................................ 4

        (iii)    The Haffey – GMACM Action ................................................................. 5

        (iv)    The Bluegrass Action ................................................................................ 6

        (v)    The Foreclosure Action ............................................................................. 7

        (vi)    The Deutsche Quiet Title Action .............................................................. 9

        (vii)    Only Appeals Remain Pending ................................................................. 9

    C.    The Motion ........................................................................................................... 10

OBJECTION ................................................................................................................................ 10

    A.    Four of the Actions and Any Appeals Therefrom are Not Stayed Because
        no Debtors are a Party to Those Actions ............................................................ 10

    B.    The Remaining Actions are Stayed Only to the Extent that They Involve
        Monetary Claims Against the Debtors ................................................................ 11

EXHIBITS:

Exhibit 1:    Appendix of unpublished pleadings and documents

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Deutsche Bank Trust Co. Ams. v. McKeever Haffey*,
    Case No. 09-cv-362 (E.D. Ky. Nov. 12, 2009) ............................................................... 7, 12, 13

*GMAC Mortgage, LLC v. McKeever*,
    Case No. 12-5802 (6th Cir. Oct. 3, 2012) ................................................................................ 10

*GMAC Mortg., LLC v. Boone McKeever*,
    Case No. 08-cv-459-JBC-REW (E.D. Ky. Nov. 7, 2008) ........................... 4, 5, 6, 8, 9, 11, 13

*McKeever v. Mortg. Elec. Registration Sys., Inc.*
    Case No. 08-cv-456-JBC-JBT (E.D. Ky. Oct. 14, 2009) ........................... 3, 4, 5, 6, 8, 9, 11, 13

*Haffey v. Allen*,
    Case No. 09-cv-255-JBC (E.D. Ky. July 27, 2009) .................................................. 6, 9, 11, 13

*Haffey v. Mortg. Elec. Registration Sys., Inc.*,
    Case No. 08-CI-5970 (Cir. Ct. Fayette Cnty. Nov. 21, 2008) ........................... 5, 6, 7, 8, 11, 12

*Haffey v. Gentry Mech. Sys., Inc.*,
    Case No. 11-cv-188-JBC (E.D. Ky. June 3, 2011) ..................................................... 9, 11, 13

**STATUTES**

11 U.S.C. § 1107(a) .......................................................................................................................2

11 U.S.C. § 1108 ............................................................................................................................2

11 U.S.C. § 362(a) .......................................................................................................................11

**OTHER AUTHORITIES**

Fed. R. Bankr. P. 1015(a) ..............................................................................................................2

Residential Capital, LLC ("**ResCap**") and its affiliated debtors and debtors in possession in the above-captioned Chapter 11 cases (collectively, the "**Debtors**"), including GMAC Mortgage, LLC ("**GMAC Mortgage**"), hereby submit this objection (the "**Objection**") to the *Scheduled Creditor's Motion for the Clarification of the Automatic Stay Against the Debtors, Co-Creditor Deutsche Bank Americas and Counsel,* filed by Shane M. Haffey (the "**Movant**") by and through his counsel, Heather Boone McKeever, Esq., dated August 17, 2012 [Docket No. 1227] (the "**Motion**"). In support hereof, the Debtors respectfully state as follows:

## PRELIMINARY STATEMENT

1. The Movant and his spouse have been involved in numerous lawsuits with the Debtors and other parties spanning more than three years and relating to a one million dollar mortgage on their property for which the Debtors act as servicer. By the Motion, the Movant now seeks to litigate the five (or six) actions – or, perhaps more aptly, the appeals of those actions – in this Court, having had each of the lawsuits dismissed or resolved by judgment against the Haffeys.[1] Only two of the related actions involve the Debtors, and at the heart of the actions is a foreclosure proceeding initiated in the name of Deutsche Bank, as trustee. The Debtors do not believe that this Court is the appropriate forum in which to litigate a foreclosure proceeding and each of the actions should be resolved in Kentucky, with the Haffeys' monetary claims against the Debtors resolved through the claims resolution process.

2. Nonetheless, the Movant has expressed concern that the actions should not be permitted to go forward in Kentucky, apparently because he believes doing so would permit the Debtors to use the automatic stay as both a "shield and a sword." In resolution of the Motion, the Debtors are amenable to permitting the Movant to pursue his monetary claims either

---

[1] The Haffeys dismissed, without prejudice, one of the six related actions.

through the claims resolution process, or, if he would prefer, through resolution of the outstanding appeals in the Sixth Circuit. However, the Debtors will not agree (and submit that in any event lack the authority to do so) to a stay of the foreclosure proceeding – which is brought by Deutsche Bank, as trustee – and is at the core of the disputes, pending the outcome of any disputes regarding the Haffeys' monetary claims. Deutsche Bank's foreclosure claims against the Haffeys do not involve any Debtor and are not subject to the automatic stay.

## BACKGROUND

**A.    General Chapter 11 Case Background**

3.    On the Petition Date, each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. These cases are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). No trustee has been appointed in the Debtors' Chapter 11 Cases.

4.    On May 16, 2012, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed a nine member official committee of unsecured creditors (the "**Creditors' Committee**").

5.    On July 3, 2012, the U.S. Trustee appointed the Honorable Arthur T. Gonzalez, former Chief Judge of this Court, as examiner (the "**Examiner**").

6.    On July 13, 2012, the Court entered the *Final Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower*

2

ny-1071853

*Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses* [Docket No. 774] (the "**Supplemental Servicing Order**").

**B.    The Kentucky Actions**

7.    The Movant, along with his spouse and counsel, Heather M. Haffey (together with the Movant, the "**Haffeys**"), have filed several actions against Debtor and non-debtor entities in Kentucky State Court.  All of the actions were eventually removed to the United States District Court for the Eastern District of Kentucky (the "**District Court**"), and several now been appealed to the United States Court of Appeals for the Sixth Circuit (the "**Sixth Circuit**").  These actions seek to quiet title and prevent any number of entities from enforcing a $1,000,000 mortgage (the "**Mortgage**") on real property owned by the Haffeys and located at 3250 Delong Road, Lexington, Kentucky, 40515 (the "**Property**").  Additionally, GMAC Mortgage, on behalf of itself or others, has filed two lawsuits in the District Court, one in response to the Haffeys' various actions, and the other seeking to foreclose the Mortgage on behalf of Deutsche Bank, as trustee.

8.    On October 14, 2009, the District Court consolidated several of the related cases.  See *McKeever v. Mortg. Elec. Registration Sys., Inc.* ("**MERS**"), Case No. 08-cv-456-JBC-JBT (E.D. Ky. Oct. 14, 2009) (the "**MERS Action**"), ECF Nos. 27-29.  Despite the Debtors only being a party to two of the related cases, each of the cases is described separately below because the Motion appears to request relief in connection with five of the six related actions.

(i) **The MERS Action**

9. On or about October 21, 2008, the Haffeys filed the MERS Action in Fayette County Circuit Court, Case No. 08-CI-5375. See MERS Action, ECF No. 1, Exhibit 1.[2] The MERS Action sought to quiet title to prevent MERS and any unknown defendants from enforcing a mortgage (the "**Mortgage**") on the Property. Id. at 3, 5. Although the MERS Action did not name any Debtor entities as defendants, the action alleges claims based on a mortgage loan serviced by GMAC Mortgage and was eventually procedurally consolidated with a number of other related actions, some of which did name Debtor defendants.

10. On November 7, 2008, Defendant MERS removed the MERS Action to the District Court. See id. The MERS Action was docketed at Case No. 08-cv-456-JBC-JBT.

11. On March 16, 2010, the MERS Action was dismissed with prejudice and, on April 16, 2010, the Haffeys appealed the order of dismissal. MERS Action, ECF Nos. 58, 64. The appeal, Case No. 10-5999 (the "**Consolidated Appellate Docket**") in the United States Court of Appeals for the Sixth Circuit (the "**Sixth Circuit**"), was referred to mediation and ultimately consolidated, for briefing purposes, with other appeals described below (Case Nos. 10-6249 and 12-5802). As of the date hereof, the appeal remains pending.

(ii) **The Declaratory Judgment Action**

12. On November 7, 2008, GMAC Mortgage filed an action (the "**Declaratory Judgment Action**") in the District Court on behalf of Deutsche Bank, as trustee, captioned *GMAC Mortg., LLC v. Boone McKeever*, Case No. 08-cv-459-JBC-REW (E.D. Ky. Nov. 7, 2008). Declaratory Judgment Action, ECF No. 1. Although the Declaratory Judgment Action was originally brought in GMAC Mortgage's name, Deutsche Bank Trust Company

---

[2] Attached hereto as Exhibit 1 is an Appendix containing each of the unpublished pleadings and documents referenced herein, without exhibits, categorized by Action and ECF number.

4

ny-1071853

America, as trustee, was substituted as the plaintiff on May 14, 2010. The Haffeys did not object to the substitution and the order granting the request to substitute Deutsche Bank, as trustee, as plaintiff in the Declaratory Judgment Action was not appealed. The Declaratory Judgment Action sought a determination that an October 15, 2008 letter from the Haffeys to GMAC Mortgage purporting to rescind the Mortgage was ineffective, and that the Mortgage remained enforceable against the Haffeys and the Property. Id. at 5.

13. On January 23, 2012, the District Court granted Deutsche Bank's motion for summary judgment. Id., ECF No. 135.

14. On June 1, 2012, the Haffeys' motion for reconsideration was denied and, on the same day, a Final Judgment was entered in favor of Deutsche Bank, as trustee. On June 30, 2012, the Haffeys filed a notice of appeal of the Final Judgment. Declaratory Judgment Action, ECF Nos. 157-58. The appeal has been docketed in the Sixth Circuit at Case No. 12-5802.

15. On October 3, 2012, this appeal was consolidated for briefing purposes under Case No. 10-5999. Consolidated Appellate Docket (Oct. 3, 2012). As of the date hereof, the appeal remains pending.

(iii) **The Haffey – GMACM Action**

16. On November 21, 2008, the Haffeys filed in Fayette County Circuit Court a second action (the "**Haffey – GMACM Action**"), captioned *Haffey v. Mortg. Elec. Registration Sys., Inc.*, Case No. 08-CI-5970 (Cir. Ct. Fayette Cnty. Nov. 21, 2008). On December 15, 2008, the case was removed to the District Court and is docketed under Case No. 08-cv-510-JBC (E.D. Ky. Dec. 15, 2008). Haffey – GMACM Action, ECF No. 1. The Complaint in the Haffey – GMACM Action raised twelve causes of action against GMAC

5

mortgage and certain non-debtor parties including MERS, ranging from violations of the Truth-in-Lending Act to fraud and violations of Kentucky state consumer protection laws. Id. at 15-25.

17. On September 4, 2009, the District Court granted GMAC Mortgage's motion to dismiss and, later, on June 29, 2010, the District Court granted MERS' motion for summary judgment. Haffey – GMACM Action, ECF Nos. 17, 31. These orders were embodied by a Judgment, entered on June 29, 2010, dismissing the Haffeys' complaint with prejudice. Id., ECF No. 32.

18. On July 26, 2010, the Haffeys filed a motion for reconsideration, which was denied on September 13, 2010. Id., ECF Nos. 33, 35.

19. On October 12, 2010, the Haffeys filed a notice of appeal, noticing appeals of the District Court's orders (i) granting MERS' motion for summary judgment and (ii) denying the Haffeys' motion for reconsideration. The appeal is pending in the Sixth Circuit at Case No. 10-6249. *See* Declaratory Judgment Action, ECF 93.

20. On December 6, 2010, the Sixth Circuit consolidated this appeal, for briefing purposes, with Case No. 10-5999. Consolidated Appellate Docket (Dec. 6, 2010). As of the date hereof, the appeal remains pending.

(iv) **The Bluegrass Action**

21. On July 6, 2009, the Haffeys filed another action related to the Mortgage (the "**Bluegrass Action**") in the Fayette County Circuit Court, captioned *Haffey v. Allen* (Cir. Ct. Fayette Cnty. July 6, 2009). The Bluegrass Action was removed to the District Court on July 27, 2009 and is docketed at Case No. 09-cv-255-JBC (E.D. Ky. July 27, 2009). The Bluegrass Action does not name any of the Debtors as defendants.

22. The Bluegrass Action was later dismissed without prejudice on May 24, 2010. Bluegrass Action, ECF No. 17.

(v) **The Foreclosure Action**

23. On November 12, 2009, Deutsche Bank Trust Company Americas, as trustee, filed a foreclosure action (the "**Foreclosure Action**") in the District Court, captioned *Deutsche Bank Trust Co. Ams. v. McKeever Haffey*, Case No. 09-cv-362-JBC (E.D. Ky. Nov. 12, 2009), seeking to enforce the Mortgage against the Haffeys and the Property. Foreclosure Action, ECF No. 1 at 3-6.

24. In connection with the Foreclosure Action, on February 9, 2010, Ms. McKeever (although not the Movant) raised counterclaims and third-party claims – including third-party claims against GMAC Mortgage – many of which were also raised in the Haffey – GMACM Action. Compare Foreclosure Action, ECF No. 17 at 43-69 with Haffey – GMACM Action, ECF No. 1 at 15-25. A motion to dismiss filed by Deutsche Bank, as trustee, and GMAC Mortgage and its affiliated defendants[3] was granted on June 22, 2010. Foreclosure Action, ECF No. 28. After the District Court dismissed third party claims against four other co-defendants, see id., ECF 39,[4] the Haffeys filed a motion for reconsideration. Declaratory Judgment Action, ECF No. 81. On September 13, 2010, the District Court granted the motion for reconsideration as to certain third-party RESPA claims against GMAC Mortgage, but denied the motion for reconsideration as to the rest of the counterclaims and third-party claims. Id., ECF No. 90.

25. On October 12, 2010, the Haffeys filed a notice of appeal of the District Court's initial order dismissing all buy one of their third-party claims against GMAC Mortgage,

---

[3] The affiliated defendants included Debtors Residential Accredit Loans, Inc. and Residential Funding Company, LLC.

[4] The third-party claims asserted by the Haffeys against MERS, another co-defendant, represented their last pending third-party and counter-claims. Those claims were also subsequently dismissed. Foreclosure Action, ECF No. 43.

7

ny-1071853

12-12020-mg    Doc 2679    Filed 01/22/13    Entered 01/22/13 15:16:09    Main Document
       Pg 11 of 17

as well as the District Court's partial denial of the Haffeys' motion for reconsideration. Id., ECF No. 93. The appeal has been docketed with the Sixth Circuit under case number 10-6249.

26. On November 8, 2010, the District Court granted GMAC Mortgage's motion to dismiss the third-party RESPA claim that was pending after the District Court granted in part the Haffeys' motion for reconsideration. Id., ECF No. 97.

27. On January 23, 2012, the District Court granted Deutsche Bank, as trustee's motion for summary judgment on its affirmative foreclosure claim. Id., ECF No. 135. Thereafter, on June 1, 2012, the District Court denied the Haffeys' motion to reconsider its order granting Deutsche Bank summary judgment and entered what was designated a final judgment, in the lead case – the Declaratory Judgment Action (Case No. 08-459). Id., ECF No. 157-158. The judgment, however, did not specifically reference the Foreclosure Action. See id.

28. The Haffeys filed a notice of appeal in the Declaratory Judgment Action on June 20, 2012. Declaratory Judgment Action, ECF No. 164. However, it does not appear that the notice of appeal filed by Haffeys applies to the Foreclosure Action. The notice purports to have been filed under the docket number for the Declaratory Judgment Action, it does not reference the Foreclosure Action, and the docket for the Foreclosure Action does not reflect an appeal from that action.

29. On June 28, 2012, Deutsche Bank, as trustee, filed a Motion for Judgment, Order of Sale, Appointment of Master, and Attorneys' Fees on June 28, 2012, seeking to obtain entry of a final judgment in the Foreclosure Action that incorporated, among other things, a specific judgment amount. Foreclosure Action, ECF No. 45.

30. As of the date hereof, the Haffeys' appeal from the Foreclosure Action remains pending.

ny-1071853

(vi) **The Deutsche Quiet Title Action**

31. On June 3, 2011, the Movant filed a *qui tam* action (the "**Deutsche Quiet Title Action**" and, together with the MERS Action, the Declaratory Judgment Action, the Haffey – GMACM Action, the Bluegrass Action, and the Foreclosure Action, the "**Actions**") on behalf of the Fayette County Clerk, captioned *Haffey v. Gentry Mech. Sys., Inc.*, Case No. 11-cv-188-JBC (E.D. Ky. June 3, 2011). This action names GMAC Mortgage employee, Patricia Kelleher, as a defendant.

32. On January 12, 2012, the District Court dismissed the claims asserted against Ms. Kelleher. Declaratory Judgment Action, ECF No. 133.

33. Later, on March 2, 2012, the District Court granted a motion of Deutsche Bank, as trustee, for judgment on the pleadings. Id., ECF No. 150. On October 3, 2012, the District Court denied the Haffeys' motion to alter or amend the judgment, and entered judgment in favor of Deutsche Bank, as trustee. Deutsche Quiet Title Action, ECF No. 46.

34. On October 6, 2012, the Movant filed a copy of the same Motion filed in this Court on the docket for the Deutsche Quiet Title Action. Id., ECF No. 47. The District Court later denied that motion on December 20, 2012. Id., ECF No. 50. The Movant has not yet filed a notice of appeal in this action.

(vii) **Only Appeals Remain Pending**

35. As of the date hereof, the only remnants of the Actions against GMAC Mortgage and numerous other defendants are appeals. In each of the Actions filed by the Haffeys, (i) all claims have been dismissed or (ii) judgment has been entered against the Haffeys. The Haffeys have filed four appeals in connection with the various adverse rulings by the District Court and those appeals are pending in the Sixth Circuit. The Haffeys' appeals have been consolidated for briefing purposes and remain in abeyance pending resolution of the final

9

ny-1071853

related action in the District Court, which was recently resolved.  *See* Appellate Docket (Oct. 3, 2012).

36. On October 3, 2012, however, the Sixth Circuit denied a motion by Haffeys' to the extent that the motion requested to hold the cases in abeyance pending the completion of the Debtors' bankruptcy cases.  *GMAC Mortgage, LLC v. McKeever*, Case No. 12-5802 (6th Cir. Oct. 3, 2012).

37. The only Actions in which the Debtors are named as parties are the Foreclosure Action and the Haffey – GMACM Action.

**C.     The Motion**

38. On August 17, 2012, the Movant filed the Motion.  The Motion seeks clarification and enforcement of the automatic stay.  Although not clear, the Movant appears to allege that the stay applies to all five of the related cases referenced in the Motion.  See Motion at 12-13.  In the alternative, the Motion appears to request that the Court issue an injunction enjoining the continuation of these five actions.  Motion at 1.  Finally, the Motion requests that this Court direct that Morrison & Foerster or some other special counsel be required to represent the Debtors in the five related lawsuits.  See id. at 15-16.

39. The Motion was adjourned to January 29, 2013 at the request of the Movant.

**OBJECTION**

**A.     Four of the Actions and Any Appeals Therefrom are Not Stayed Because no Debtors are a Party to Those Actions**

40. In the Motion, the Haffeys appear to be requesting that this Court stay all six of the related Actions pending in some form in the District Court or Sixth Circuit.  However, the automatic stay applies only to proceedings against a Debtor or property of a Debtor's estate.

10

ny-1071853

*See generally* 11 U.S.C. § 362(a). None of the Declaratory Judgment Action, the MERS Action, the Bluegrass Action, or the Deutsche Quiet Title Action involve a Debtor.[5] Accordingly, these four actions are clearly not impacted by the automatic stay and may proceed.

**B.    The Remaining Actions are Stayed Only to the Extent that They Involve Monetary Claims Against the Debtors**

41.    With respect to the remaining two Actions, the Foreclosure Action and the Haffey – GMACM Action, which involve Debtors as defendants, the Debtors submit that in light of the Supplemental Servicing Order, the automatic stay enjoins the prosecution of the monetary claims raised by the Haffeys against the Debtors in those two Actions. The Debtors, however, do not concede that the Movant has preserved those claims by timely appealing the adverse judgments entered against the Movant. Nonetheless, as set forth below, the Debtors are prepared to stipulate to limited stay relief to permit the Sixth Circuit to consider the relevant issues on appeal.

42.    The Supplemental Servicing Order provides certain limited relief from the automatic stay to permit borrowers to proceed in Debtor-initiated foreclosure proceedings with defenses, counterclaims, and Mandatory Monetary Claims (as such term is defined in the Supplemental Servicing Order) that could defeat the foreclosure. See Supplemental Servicing Order ¶ 14(a)-(b).[6] Likewise, the Supplemental Servicing Order grants additional limited relief

---

[5] Although the Declaratory Judgment Action was initiated by GMAC Mortgage, Deutsche Bank was substituted as plaintiff without objection.

[6] The Supplemental Servicing Order states, in relevant part:

> The stay imposed by section 362(a) of the Bankruptcy Code applicable to (a) pending and future foreclosure actions initiated by the Debtors or in those states providing for non-judicial foreclosures, by a borrower; and (b) pending and future eviction proceedings with respect to properties for which a foreclosure has been completed or is pending, is hereby modified pursuant to the following terms and conditions:
>
> > (a) except as set forth herein, a borrower, mortgagor, or lienholder (each, an "Interested Party") shall be entitled to assert and prosecute direct claims and counter-claims relating exclusively to the

11

ny-1071853

from the automatic stay – in non-judicial foreclosure states – to continue to prosecute certain borrower-initiated actions for purposes of defending, unwinding, or challenging a foreclosure where any applicable challenge period has not yet expired. Supplemental Servicing Order ¶ 14(a). However, the Supplemental Servicing Order specifies that the automatic stay remains in full force and effect with regard to any direct claims or counterclaims for monetary damages "of any kind or nature against the Debtors, except where a monetary claim must be plead in order for an Interested Party to a assert a claim to defend against or otherwise enjoin or preclude a foreclosure." Supplemental Servicing Order ¶ 14(b).

43. To the extent Movant has preserved his appellate rights, which the Debtors do not concede, certain of the causes of action in the Haffey – GMAC Action and the Foreclosure Action appear to be styled as equitable defenses to the foreclosure. These causes of action are not covered by the Supplemental Servicing Order because they were not asserted in a Debtor initiated foreclosure. Notwithstanding this limitation, the Debtors are prepared to stipulate to limited relief from the automatic stay to permit Movant to prosecute before the Sixth Circuit whatever appellate rights Movant may have with respect to these claims.

---

property that is the subject of the loan owned or serviced by a Debtor for the purposes of defending, unwinding, or otherwise enjoining or precluding any foreclosure, whether in a Judicial State or a Non-Judicial State, or eviction proceeding, where a final judgment (defined as any judgment where the right to appeal or seek reconsideration has expired or has been exhausted) permitting the foreclosure or eviction has not been awarded or, with respect to completed foreclosure sales in Non-Judicial States, where any applicable challenge period has not yet expired, and to prosecute appeals with respect to any such direct claims or counter-claims;

(b) absent further order of the Court, the automatic stay shall remain in full force and effect with respect to all pending and future Interested Party direct claims and counter-claims: (i) for monetary relief of any kind and of any nature against the Debtors, except where a monetary claim must be plead in order for an Interested Party to a assert a claim to defend against or otherwise enjoin or preclude a foreclosure (each a "Mandatory Monetary Claim"); (ii) for relief that if granted, would not terminate or preclude the prosecution and completion of a foreclosure or eviction; or (iii) asserted in the form of a class action or collective action . . . .

Supplemental Servicing Order ¶ 14.

12

ny-1071853

44. Likewise, although the monetary claims are stayed, in order to facilitate an efficient resolution of these claims, the Debtors are prepared to consent to stay relief with respect to the Actions, to permit resolution of the appeals in the Sixth Circuit; but for no other purpose, including any petition for certiorari, absent the Debtors' consent. The Debtors are, thus, willing to (i) resolve the monetary claims raised by the Haffeys against the Debtors through the claims resolution process or (ii) stipulate to limited relief from the automatic stay to permit the completion of adjudication of the Sixth Circuit appeals. However, Movant has asserted no basis to conclude that the automatic stay applies to prevent continuation of the Declaratory Judgment Action, the MERS Action, the Bluegrass Action, the Deutsche Quiet Title Action, or the Foreclosure Action (to the extent of Deutsche Bank's affirmative claim for foreclosure of the Property) in the Sixth Circuit and the District Court.

45. Finally, the Movant has failed to demonstrate any basis for his assertion that Morrison & Foerster should act as sole counsel for these estates. To the extent that the Debtors are named in any of the Actions, they are represented by counsel whose retention was authorized by this Court either pursuant to a separate retention order or in accordance with the order [Docket No. 799] authorizing the Debtors to retain ordinary course professionals.

WHEREFORE, for the foregoing reasons, the Debtors request that the Court enter an

Order denying the Motion and grant such other relief as the Court deems proper.

| | |
|---|---|
| New York, New York<br>Dated: January 22, 2013 | /s/ Norman S. Rosenbaum<br>Gary S. Lee<br>Norman S. Rosenbaum<br>James A. Newton<br>MORRISON & FOERSTER LLP<br>1290 Avenue of the Americas<br>New York, New York 10104<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900<br><br>*Counsel to the Debtors and<br>Debtors in Possession* |

14