# The MERS Action Pleadings

**A**

# STATE COURT RECORD

| AOC-105          Doc. Code: CI | | Case No. OB-CI-5375 |
| Rev. 1-07    10/20/2008 01:15 pm | | |
| Page 1 of 1          Ver. 1.02 | | Court  ☑ Circuit  ☐ District |
| Commonwealth of Kentucky | | |
| Court of Justice   www.courts.ky.gov | CIVIL SUMMONS | County  Fayette |
| CR 4.02; CR Official Form 1 | | |

**PLAINTIFF**

Heather McKeever and

Shane M. Haffey

VS.

*Registration*
Mortgage Electronic Systems, Inc.

(An unregistered foreign Corporation)

**DEFENDANT**

**Service of Process Agent for Defendant:**

Serve by Secretary of State

3300 S.W. 34 Ave.

Suite 101

Ocala, FL 34474-7448

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: ___OCT 3 1 2008___, 2_____

WILMA F. LYNCH                                          _____ Clerk
FAYETTE CIRCUIT COURT
By: FAYETTE COUNTY   *Vaughen*                     _____ D.C.
   1 LIMESTONE STREET C103
   __, KENTUCKY 40507

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this _____ day of _____, 2_____.

Served by: _____

_____Title

COMMONWEALTH OF KENTUCKY
FAYETTE COUNTY CIRCUIT COURT
DIVISION    **7**
CIVIL ACTION NUMBER    **08-CI-5375**

OCT 3 1 2008

HEATHER McKEEVER AND
SHANE M. HAFFEY                                          PLAINTIFFS

V.                                    **COMPLAINT**

                            *Registration*
MORTGAGE ELECTRONIC SYSTEMS, INC.                        DEFENDANTS
(AN UNREGISTERED FOREIGN CORPORATION);
Serve by:  Secretary of State

AND
ALL UNKNOWN PERSONS
WHO CLAIM ANY INTEREST IN THE
SUBJECT MATTER OF THIS ACTION

A True Copy
ATTEST: WILMA E. LYNCH, CLERK
FAYETTE CIRCUIT COURT
By: _____ Deputy

*****************************

       Come the Plaintiffs, Heather McKeever and Shane M. Haffey, the legal and

equitable owners of the real property known as 3250 Delong Road, Lexington, Kentucky,

40515; hereinafter, ("The Plaintiffs,") and for their Complaint against the Defendant,
                        *Registration*
Mortgage Electronic Systems, Inc., hereinafter ("MERS",) hereby state the following:

       1. The Plaintiffs have legal title to and are in possession of the following property:

       **BEING all of Tract 2, as shown by Final Record Plat of a Portion of The
Sandlin Farm Subdivision to the City of Lexington, Fayette County, Kentucky
thereof of record in Plat Cabinet H, Slide 595, in the Fayette County Clerk's Office;
and the improvements thereon being known and designated as 3250 Delong Road
)formally known as 3250 Walnut Hill Road, Lexington, Kentucky.**

BEING the same property conveyed to Heather McKeever and Shane M. Haffey, by deed, dated October 24, 2003 of record in DEED BOOK 2408, PAGE 505 in the Fayette County Clerk's Office.

2. The Defendant, MERS, is a Virginia Corporation, which is unregistered and unlicensed in Kentucky to transact business and thus, has been and continues to transact and conduct business and operate fraudulently and illegally in the Commonwealth of Kentucky. MERS claims an interest in said property as a recorded Mortgage Assignee, adverse and hostile to Plaintiff's right and title by the recording of "Assignment of Mortgage," found in BOOK 449 PAGE 380 of the Fayette County Clerk and which contains a date of May 14, 2007. The Defendant, MERS is illegally and fraudulently listed in the public records of Fayette County as an Assigned Mortgagee against Heather M. Haffey and Shane M. Haffey. No Mortgage Agreement was ever signed by the Plaintiffs with the Defendant, MERS. No Notice or Disclosure was ever given to the Plaintiffs of any Assignment. No Promissory Note or other evidence exists which could ever make the Plaintiffs indebted to the Defendant, MERS in any way. MERS has never had nor will it ever have standing to enforce the illegal and fraudulent Mortgage and/or Mortgage Assignment in the Commonwealth of Kentucky.

3. MERS has no claim or interest in said lands whatsoever, and the claim the entity makes is unfounded, and is a cloud upon Plaintiffs' title.

4. There may be persons and/or unknown entities interested in the subject matter of this action whose names are unknown to the Plaintiffs; and which are and have been in conspiracy and collusion with the Defendant, MERS, or may have a business relationship with the Defendant, MERS; though diligent efforts have been made to ascertain the names of such persons; and such persons have been made Defendants, designated as ``all

unknown persons who claim any interest in the subject matter of this action"; insofar as Plaintiff knows, the interests of unknown parties are derived through one or more of the named Defendants.   If the unknown claimants exist, MERS conspired with and colluded with the unknown entities to commit fraudulent and illegal acts.

WHEREFORE, the Plaintiffs respectfully request and pray for the following:

1.   That title to said land be quieted and the rights of all parties to this action with respect to the subject property be adjudicated;

2.   That MERS and The Unknown Defendants be required to set forth the nature of their claims or release to Plaintiffs all claims thereto;

3.   That MERS and The Unknown defendants be forever barred and enjoined from asserting any claim or title to the subject property;

4.   That Plaintiffs be declared the owner in fee simple and entitled to possession of the subject property;

5.   That MERS be ordered and enjoined to file a publicly recorded release of said Mortgage;

6.   That punitive damages be awarded for MERS and The Unknown defendants' fraudulent, conspiratorial and illegal activity, for costs and legal fees expended herein; and for all other relief to which The Plaintiffs may be entitled.

Respectfully Submitted,

HEATHER McKEEVER
3250 DELONG ROAD
LEXINGTON, KY  40515
(859) 552-7388

SHANE M. HAFFEY
3250 DELONG ROAD
LEXINGTON, KY  40515
(859) 552-7388

**B**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:08-CV-00459-KKC

GMAC MORTGAGE, LLC                                                                    PLAINTIFF,

v.                                        **OPINION AND ORDER**

SHANE HAFFEY and
HEATHER McKEEVER,                                                          DEFENDANTS.

* * * * * * * * * * *

The Court on its own motion considers whether to consolidate this action with *McKeever et al. v. Mortgage Electronic Registration Systems, Inc., et al.*, Case No. 5:08-CV-00456-KKC. There are three other related actions currently pending before this Court.  *See McKeever et al. v. Mortgage Electronic Registration Systems, Inc., et al.*, Case No. 5:08-CV-00456-KKC; *Haffey, et al. v. Mortgage Electronic Registration Systems, Inc., et al.*, Case No. 5:08-CV-00510-KKC; and *McKeever et al. v. Allen*, Case No. 5:09-CV-225-KKC.  The Court has already granted Motions to Consolidate these other actions.

In deciding whether to consolidate cases under Federal Rule of Civil Procedure 42(a), the Court must consider "[w]hether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expenses to all concerned of the single-trial, multiple-trial alternatives." *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993)(internal brackets and citations omitted).  A court may consolidate related actions on its own, without a motion from a party. *In re N.Y. Cmty. Bancorp.*

*Inc. Sec. Litig.*, 448 F. Supp. 2d 466, 475-76 (E.D.N.Y. 2006) (citing *Devlin v. Transportation Communs. Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999).

Upon consideration of the factors stated above, the Court on its own motion finds that consolidation is warranted.

Accordingly, the Court on its own motion ORDERS that this action is hereby consolidated with *McKeever et al. v. Mortgage Electronic Registration Systems, Inc., et al.*, Case No. 5:08-CV-00456-KKC, which is the oldest of these related actions.

In light of the consolidation of these actions and because they have already progressed to varying degrees, the parties are hereby ORDERED to confer regarding a revised scheduling order in this case consistent with an order entered simultaneously herewith.

Dated this 14th day of October, 2009.

**Signed By:**

**_Karen K. Caldwell_**

**United States District Judge**

C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:08-CV-00510

SHANE HAFFEY and
HEATHER McKEEVER,                                                    PLAINTIFFS,

v.                                      **OPINION AND ORDER**

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, et al.,                                                    DEFENDANTS.

* * * * * * * * * * *

This matter is before the Court on the Motion to Consolidate filed by the Defendants (DE 22). The Plaintiff's Complaint involves the May 2007 refinancing of a line of credit and the corresponding note and mortgage. There are three other actions currently before this Court relating to the 2007 refinancing. *See Haffey, et al. v. Bill Allen, et al.*, Case No. 5:09-CV-255-KKC; *Haffey, et al. v. Mortgage Electronic Registration Systems, Inc., et al.*, Case No. 5:08-CV-00456-KKC; and *GMAC Mortgage, LLC v. McKeever, et al.*, Case No. 5:08-CV-00459-KKC.

In deciding whether to consolidate cases under Federal Rule of Civil Procedure 42(a), the Court must consider "[w]hether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expenses to all concerned of the single-trial, multiple-trial alternatives." *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993)(internal brackets and citations omitted).

The Plaintiffs have not objected to the Motion to Consolidate. Further, after a consideration of the factors stated above, the Court finds that consolidation is warranted.

Accordingly, the Court hereby ORDERS that the Defendant's Motion to Consolidate (DE 22) is GRANTED and this action is hereby consolidated with *McKeever et al. v. Mortgage Electronic Registration Systems, Inc., et al.*, Case No. 5:08-CV-00456-KKC, which is the oldest of these related actions.

In light of the consolidation of these actions and because they have already progressed to varying degrees, the parties are hereby ORDERED to confer regarding a revised scheduling order in this case consistent with an order entered simultaneously herewith.

Dated this 14th day of October, 2009.

**Signed By:**

**_Karen K. Caldwell_**

**United States District Judge**

**D**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:09-CV-255

SHANE HAFFEY and
HEATHER McKEEVER,                                            PLAINTIFFS,

v.                               **OPINION AND ORDER**

BILL ALLEN, in his individual capacity, et al.,              DEFENDANTS.

\* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the Motion to Consolidate filed by the Defendants (DE

5).  The Plaintiff's Complaint involves the May 2007 refinancing of a line of credit and the

corresponding note and mortgage.  There are three other actions currently before this Court

relating to the 2007 refinancing.  *See McKeever et al. v. Mortgage Electronic Registration*

*Systems, Inc., et al.*, Case No. 5:08-CV-00456-KKC; *Haffey, et al. v. Mortgage Electronic*

*Registration Systems, Inc., et al.*, Case No. 5:08-CV-00510-KKC; and *GMAC Mortgage, LLC v.*

*McKeever, et al.*, Case No. 5:08-CV-00459-KKC.

In deciding whether to consolidate cases under Federal Rule of Civil Procedure 42(a), the

Court must consider "[w]hether the specific risks of prejudice and possible confusion are

overborne by the risk of inconsistent adjudications of common factual and legal issues, the

burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the

length of time required to conclude multiple suits as against a single one, and the relative

expenses to all concerned of the single-trial, multiple-trial alternatives."  *Cantrell v. GAF Corp.*,

999 F.2d 1007, 1011 (6th Cir. 1993)(internal brackets and citations omitted).

The Plaintiffs have not objected to the Defendants' Motion to Consolidate.  Further, after

a consideration of the factors stated above, the Court finds that consolidation is warranted.

Accordingly, the Court hereby ORDERS that the Defendant's Motion to Consolidate (DE 5) is GRANTED and this action is hereby consolidated with *McKeever et al. v. Mortgage Electronic Registration Systems, Inc., et al.*, Case No. 5:08-CV-00456-KKC, which is the oldest of these related actions.

In light of the consolidation of these actions and because they have already progressed to varying degrees, the parties are hereby ORDERED to confer regarding a revised scheduling order in this case consistent with an order entered simultaneously herewith.

Dated this 14th day of October, 2009.

**Signed By:**

***Karen K. Caldwell***

**United States District Judge**

**E**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**


**CIVIL ACTION NO. 08-456-JBC**

**HEATHER MCKEEVER and**
**SHANE HAFFEY,**                                                        **PLAINTIFFS,**

**V.**                        **MEMORANDUM OPINION AND ORDER**

**MORTGAGE ELECTRONIC**
**REGISTRATION SYSTEMS, et al.,**                          **DEFENDANTS.**

**\* \* \* \* \* \* \* \* \* \* \***

This matter is before the court on the motion to dismiss by the defendant,

Mortgage Electronic Registration Systems ("MERS").  R. 12.  For the following

reasons, the court will grant the motion.[1]

I.      **Background**

This action is one of five consolidated cases involving the mortgage and loan

note on property located at 3250 Delong Road ("the real estate").  The plaintiffs,

Heather McKeever and Shane Haffey, brought suit to quiet the title of this property.

MERS filed a motion to dismiss on April 13, 2009.  R. 12.  MERS assigned its

interest in the real estate to Deutsche Bank Trust Company on September 25,

---

[1] On March 12, 2010, the plaintiffs, Heather McKeever and Shane Haffey, filed a surreply (R. 56) to the motion to dismiss (R. 12).  The clerk has filed this as a tendered document, and the court has considered it in ruling on the motion.  The parties are reminded, however, that they must seek leave of the court before filing such documents.

2009, and the assignment was recorded on October 7, 2009.  R. 54, Exh. A-1.  As part of the consolidation process, U.S. District Judge Karen Caldwell denied the motion to dismiss (R. 12) on October 19, 2009 (R. 32).  The undersigned judge ordered that the motion be reinstated on February 11, 2009.  R. 51.  As part of the supplemental briefing pursuant to that order, MERS filed a supplemental reply on March 1, 2010, in which it requested dismissal or summary judgment based on the fact that it no longer claimed an interest in the property.  R. 54.

## II.  Analysis

Pursuant to Fed. R. Civ. P. 12(b)(6), the court construes the complaint in the light most favorable to the plaintiffs and accepts all factual allegations as true.  *See Wyser-Pratte Mgmt. Co. v. Texlon Corp.*, 413 F.3d 553, 560 (6th Cir. 2005).  "In addition to the allegations in the complaint, the court may also consider other materials that are integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice."  *Id.*

Here, the plaintiffs cannot pursue their quiet-title claim against MERS because MERS has disclaimed any interest in the property.  R. 54 at 2; R. 54, Exh. 1 at 3-4.  Kentucky Revised Statute §411.120 provides that

> [a]ny person having both the legal title and possession of land may prosecute suit, by petition in equity, in the circuit court of the county where the land or some part of it lies, **against any other person setting up a claim to it.**

KRS §411.120 (emphasis added).  Here, MERS assigned its interest in the real estate to Deutsche Bank, and that assignment was recorded on October 7, 2009.

2

R. 54, Exh. 1. There is no indication that MERS had or has any interest in the real estate beyond what it assigned to Deutsche Bank. R. 54 at 2. Accordingly, plaintiffs have not pled facts showing that they are entitled to relief. *See* Fed. R. Civ. P. 8(a)(2).

The plaintiffs have also made several allegations regarding alleged fraudulent conduct by MERS. Specifically, they have alleged that "MERS is illegally and fraudulently listed in the public records of Fayette County"; that the assignment of the mortgage to MERS was "fraudulent"; and that there "may be persons and/or unknown entities interested in the subject matter action," and that if such unknown claimants exist, then "MERS conspired with and colluded with the unknown entities to commit fraudulent and illegal acts." R. 1, Attach. 1 at 4-5. Although the court must accept all factual allegations in the complaint as true, this tenet does not apply to legal conclusions. *See Ashcroft v. Iqbal*, 129 S. Ct. 1936, 1949 (2009). The complaint is devoid of factual allegations that might allow the court to infer that MERS or any of the "unknown persons who claim any interest in the subject matter of this litigation"[2] is liable for any fraudulent conduct. *See id.* Moreover, the prayer for relief seeks only to quiet title, and the plaintiffs have not sought to amend their complaint to include fraud claims. Thus, given the dismissal of the claims to quiet title, no viable claims remain before this court.

---

[2]Although the plaintiffs named "all unknown persons who claim an interest in the subject matter of this litigation" as a party, they have neither served nor constructively served such parties. *See* Fed. R. Civ. P. 4(m); Ky. R. Civ. P. 4.05. Accordingly, MERS is the only party to this action.

3

**III.    Conclusion**

Accordingly, **IT IS ORDERED** that MERS's motion to dismiss (R. 12) is

**GRANTED**.  A judgment in this case will be issued separately.

Signed on  March 16, 2010

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

**F**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

**CIVIL ACTION NO.  5:08-456-JBC**

**HEATHER MCKEEVER and**                                        **PLAINTIFFS**
**SHANE HAFFEY**

**V.**                                      **NOTICE OF APPEAL**

**MORTGAGE ELECTRONIC**
**REGISTRATION SYSTEMS, et al.,**                        **DEFENDANTS**

* * * * * * * * * *

Notice is hereby given that Heather McKeever and Shane Haffey, hereby appeal to the

United States Court of Appeals for the Sixth Circuit from the final judgment of an Order

of Dismissal entered in this action on March 18, 2010.   A motion for Reconsideration

was filed on April 5, 2010, and has yet to be rule upon by the Court.

Dated:  April 16, 2010

Respectfully submitted,

/s/  *Heather Boone McKeever*
LAW OFFICES OF HEATHER McKEEVER PLLC
Fairyhouse Hall
3250 Delong Road
Lexington, Kentucky 40515
Tel:  859-552-7388
Fax:  859-327-3277
Email:  kentuckyforeclosuredefense@insightbb.com
ATTORNEY FOR APPELLANTS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the Notice of Appeal was served via the

Court's CM/ECF filing system on this the16th day April, 2010 on the following:


Hon. Mark S. Fenzel, Esq.
Hon. David Kellerman, Esq.
MIDDLETON REUTLINGER
2500 Brown & Williamson Tower
Louisville, Kentucky 40202
(502) 584-1135
(502) 561-0442 Facsimile
ATTORNEYS FOR DEFENDANT,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.