# The Declaratory Judgment Action Pleadings

**A**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

### ELECTRONICALLY FILED

| | | |
|---|---|---|
| **GMAC MORTGAGE, LLC, on behalf of** | : | Case No. _____ |
| **DEUTSCHE BANK, as trustee,** | : | |
| 1100 Virginia Drive | : | |
| Fort Washington, Pennsylvania 19034 | : | Judge:_____ |
| | : | |
| Plaintiff, | : | |
| | : | |
| **v.** | : | |
| | : | |
| **HEATHER BOONE MCKEEVER a/k/a** | : | **COMPLAINT FOR DECLARATORY** |
| **HEATHER M. HAFFEY,** | : | **RELIEF** |
| 3250 Delong Road | : | |
| Lexington, Kentucky 40515 | : | |
| | : | |
| and | : | |
| | : | |
| **SHANE M. HAFFEY,** | : | |
| 3250 Delong Road | : | |
| Lexington, Kentucky 40515 | : | |
| | : | |
| Defendants. | : | |

Now comes Plaintiff GMAC Mortgage, LLC ("GMAC"), and for its Complaint against

Defendants Heather Boone McKeever a/k/a Heather M. Haffey ("Mrs. Haffey") and Shane M.

Haffey ("Mr. Haffey") (collectively, "Defendants"), states as follows:

### JURISDICTION AND VENUE

1. This is a dispute presenting a question arising under federal law and within the jurisdiction of

the United States District Court, all within the meaning of 18 U.S.C. § 1331. More

particularly, the instant dispute is governed by the Truth In Lending Act, 15 U.S.C. § 1601,

*et seq.*, and regulations promulgated thereunder, and Regulation Z, 12 C.F.R. § 226.23.

2.  Alternatively, the United States District Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1337.

3.  Venue is appropriate in this forum pursuant to 18 U.S.C. § 1391(b).

## THE PARTIES

4.  GMAC is a limited liability company organized and existing under the laws of the State of Delaware.

5.  Defendants are individuals residing in Lexington, Kentucky.

## FACTUAL ALLEGATIONS

6.  On or about May 14, 2007, Defendants entered into a home mortgage transaction.  Mrs. Haffey borrowed $1,000,000.00 ("Loan"), as set forth by a Note in that amount.  Defendants signed a Mortgage, creating a security interest in the real property located at 3250 Delong Road, Lexington, Kentucky.

7.  GMAC is the current servicer of the Loan, on behalf of Deutsche Bank, as trustee.

8.  On or about October 15, 2008, Defendants sent correspondence to GMAC.  A true and accurate copy of this letter is attached hereto as Exhibit 1.  The letter states, among other things, that Defendants seek to rescind the Loan under the Truth In Lending Act ("TILA") and Regulation Z.  Defendants also claim that the Loan transaction is invalid on its face because the secured property is held in the name of Heather McKeever.

9.  There is no dispute that Defendants received the benefit of the Loan proceeds.  In addition to paying off a prior loan, Defendants received $36,661.55 at closing.  A true and accurate copy of the HUD-1 form is attached hereto as Exhibit 2.

10. Moreover, at closing, Mrs. Haffey signed a Name Affidavit stating that Heather McKeever Haffey, Heather Haffey and Heather M. McKeever are one in the same person.  A true and accurate copy of the Name Affidavit is attached hereto as Exhibit 3.

11. In addition, according to a title search, title to the property is vested in fee simple in the name of Shane M. Haffey and Heather McKeever Haffey, husband and wife.  Defendants obtained the property pursuant to a Deed and Consideration Certificate from Jesse Lee Campbell and Jeaneatta Lou Campbell to Shane M. Haffey and Heather McKeever Haffey.  A true and accurate copy of the Deed and Consideration Certificate is attached hereto as Exhibit 4.

12. Defendants have not provided any specific detail as to any TILA violations that would give rise to the purported recission, and have given no other legitimate basis for the recission.

13. GMAC maintains that Defendants have no basis for their attempted recission.  GMAC complied with all duties under TILA, and services the loan on behalf of the legal holder of the Note and Mortgage.

14. Accordingly, in order to prevent the parties from prejudicing their respective rights and/or forsaking their respective obligations under the regulations, it is imperative that they have a judicial determination concerning the instant controversy.

15. In the alternative, even if the recission is deemed to be valid (which GMAC denies), the procedures outlined in 12 C.F.R. § 226.23(d) regarding the effects of the recission may be modified by Court order.  Regulation Z, 12 C.F.R. § 226.23(d) states in pertinent part:

> (1) When a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void and the consumer shall not be liable for any amount, including any finance charge.
>
> (2) Within 20 calendar days after receipt of a notice of rescission, the creditor shall return any money or property that has been given to anyone in connection with the transaction and shall take any action necessary to reflect the termination of the security interest.

(3) If the creditor has delivered any money or property, the consumer may retain possession until the creditor has met its obligation under paragraph (d)(2) of this section. When the creditor has complied with that paragraph, the consumer shall tender the money or property to the creditor or, where the latter would be impracticable or inequitable, tender its reasonable value. At the consumer's option, tender of property may be made at the location of the property or at the consumer's residence. Tender of money must be made at the creditor's designated place of business. If the creditor does not take possession of the money or property within 20 calendar days after the consumer's tender, the consumer may keep it without further obligation.

(4) The procedures outlined in paragraphs (d) (2) and (3) of this section may be modified by court order.

16. GMAC maintains that any recission should be conditioned on tender by Defendants of the money or property they have received through the Loan transaction. On information and belief, Defendants are unable to tender the money they received in the Loan transaction. However, on information and belief, Defendants take the position that within 20 calendar days after GMAC's receipt of the notice of recission, GMAC must return any money or property that Defendants have given to it in connection with the transaction and take any necessary action to reflect the termination of the security interest. On information and belief, Defendants want the other sections of 12 C.F.R. § 226.23(d) applied literally. Accordingly, in order to prevent the parties from prejudicing their respective rights and/or forsaking their respective obligations, it is imperative that they have a judicial determination concerning the instant controversy.

## FIRST CAUSE OF ACTION
### (Declaratory Relief)

17. GMAC restates the allegations set forth in paragraphs 1-16 as if fully restated herein.

18. An actual controversy exists between GMAC and Defendants with respect to their rights and obligations under 15 U.S.C. § 1635 and Regulation Z, 12 C.F.R. § 226.23 following the

notice that attempted to rescind the Loan transaction, and this Court is empowered to determine the rights and obligations of the parties.

19. GMAC desires a declaration that the purported recission by Defendants is invalid based upon the facts alleged in this Complaint and that the lien on the property should be enforced. Alternatively, if the recission is deemed to be valid, GMAC desires a judicial determination of its rights under 15 U.S.C. § 1635 and Regulation Z, 12 C.F.R. § 226.23; a declaration that Defendants' recission is conditioned upon their tender of the funds they have received through the Loan transaction; and a declaration that the parties be permitted to carry out the recission through an escrow whereby (1) GMAC will place into escrow a reconveyance of the Mortgage and all monies paid by Defendants to GMAC to date in connection with the Loan, (2) Defendants will place into escrow the original amounts of the Loan, and (3) the reconveyance will only then be recorded and funds distributed to the parties at close of escrow.

WHEREFORE, Plaintiff GMAC Mortgage, LLC prays for the following relief:

1.    That judgment be entered in favor of GMAC against Defendants for declaratory relief, together with attorneys' fees and costs as provided for by the Note and Mortgage and/or by law;

2.    That the Court enter judgment that the purported recission by Defendants is invalid and that the Loan should be enforced;

3.    That alternatively, if the demand for recission is deemed valid, the Court enter judgment decreeing that the recission is conditioned upon tender by Defendants of the property/money they received through the Loan transaction, and that the parties be permitted to carry out the recission through an escrow whereby (1) GMAC will place into escrow a

reconveyance of the Mortgage and all monies paid by Defendants to GMAC to date in connection with the Loan, (2) Defendants will place into escrow the original amounts of the Loan, and (3) the reconveyance will only then be recorded and funds distributed to the parties at close of escrow; and

4.     That GMAC be granted such other relief as it may be entitled at law or in equity.

Respectfully submitted,

/s/ Christopher M. Parenti
Christopher M. Parenti
DINSMORE & SHOHL LLP
Lexington Financial Center
250 West Main Street, Suite 1400
Lexington, Kentucky 40507
Phone: (859) 425-1047
Fax:    (859) 425-1099

**Attorneys for Defendant,**
**Mortgage Electronic Registration Systems**

OF COUNSEL:
David P. Fornshell (OH# 0071582)
Robert M. Zimmerman (OH# 0079584)
DINSMORE & SHOHL LLP
1900 Chemed Center
255 East Fifth Street
Cincinnati, Ohio 45202
Phone: (513) 977-8200
Fax.:    (513) 977-8141
Email: david.fornshell@dinslaw.com
        robert.zimmerman@dinslaw.com

**B**

Eastern District of Kentucky
**FILED**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

JUL 2 6 2010

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

**CIVIL ACTION NO. 5:08-459-JBC**
**(Relating to Action: 5:08-510)**

**GMAC MORTGAGE, LLC**                                    **PLAINTIFF**

**V.**                    **MOTION FOR RECONSIDERATION**

**HEATHER BOONE McKEEVER, ET AL.,**              **DEFENDANTS**

\* \* \* \* \* \* \* \* \* \* \*

Come Heather Boone McKeever and Shane M. Haffey, and prior to their appeal to the

United States Court of Appeals for the Sixth Circuit from the final judgment of an Order

of Dismissal with prejudice entered in this lender liability and fraud action, entered on

June 29, 2010, (R.72 of the consolidated cases.), ask to Court to Reconsider its Dismissal.

The Motion is based on the fact that the Order has failed to take into consideration the

law as applied to the undisputed factual allegations in regards to MERS' lack of any

pecuniary interest in the mortgage loan in question, the fact that the Mortgage assignment

to MERS was fraudulently executed three (3) days prior to the closing of the loan; and

the Court's mis-application of the law in regard to TILA rescission and MERS role as a

beneficiary of a Confidential Settlement Agreement between one of the Movant's,

McKeever, and the Bank of the Bluegrass and Trust Company..

Any statute of limitations in regards to statutory violations should be equitably tolled

due to the components of fraud and conspiracy which exist between MERS and the other

parties.   Additionally, these same violations have been brought as defenses to the illegal

foreclosure, filed by the unregistered entity, Deutsche Bank, as Trustee for the 2007-Qs10 Trust.   Therefore, the Statute of Limitations are tolled.

Further, the Movants state that this case should not be stricken from the Court's active docket as there are other named "John Doe" Defendants, (the actual owners of McKeever's mortgage loan), yet to be identified.   This lack of identification is due to the fact that the Court has prevented the parties from engaging in discovery as no Scheduling Order has been entered for this and all the consolidated cases.

Dated:   July 26, 2010

Respectfully submitted,

/s/ _____ Heather Boone McKeever
Heather Boone McKeever

/s/ _____ Shane M. Haffey
Shane M. Haffey
Fairyhouse Hall
3250 Delong Road
Lexington, Kentucky 40515
Tel:  859-552-7388
Fax:  859-327-3277
Email:  kentuckyforeclosuredefense@insightbb.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Notice of Appeal was served via first class mail, on this the 26th day of July, 2010 on the following:

Hon. Mark S. Fenzel, Esq.
Hon. David Kellerman, Esq.
MIDDLETON REUTLINGER
2500 Brown & Williamson Tower
Louisville, Kentucky 40202
ATTORNEYS FOR DEFENDANT,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

C

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

**CIVIL ACTION NO. 08-459-JBC**
**(Related action: Lexington Civil Action No. 09-362)**

**GMAC MORTGAGE, LLC,**                                                    **PLAINTIFF,**

**V.**                           **MEMORANDUM OPINION AND ORDER**

**HEATHER BOONE MCKEEVER, ET AL.,**                        **DEFENDANTS.**

* * * * * * * * * * *

This matter is before the court on the motions for reconsideration by one of

the defendants/third-party plaintiffs, Heather McKeever.  Lexington Civil Action 08-

459, R. 79, 80.  For the reasons below, R. 80 will be **DENIED** and R. 79 will be

**GRANTED IN PART** and **DENIED IN PART**.

**I.    Background**

This case is one of two remaining consolidated actions involving property

located at 3250 Delong Road in Lexington, Kentucky.[1]  Deutsche Bank brought this

foreclosure action against Heather McKeever and Shane Haffey, a married couple,

on November 9, 2009.  McKeever filed a counter-claim and third-party complaint on

February 9, 2010, naming Deutsche Bank; GMAC Mortgage, LLC; Residential

Accredit Loans, Inc.("RALI"); Residential Funding Company, LLC ("RFC"); the Bank

of the Bluegrass and several of its employees individually ("BoB"); and Mortgage

---

[1]*See* Lexington Civil Actions No. 08-459.  Three other consolidated actions,
08-456, 09-255, and 08-510 have been dismissed.

Electronic Registration Systems, Inc., and MERSCORP (collectively referred to as "MERS.").

The instant third-party defendants, Deutsche, GMAC, RALI, and RFC, moved to dismiss the counter-claim/third-party complaint on March 1, 2010. The response to that motion was due on March 25, 2010. On May 11, 2010, well beyond the deadline for responding, McKeever moved for an extension of time to respond to the motion to dismiss filed by the instant third-party defendants and to respond to the motion to dismiss filed by BoB on May 4, 2010. This court denied that motion with respect to the motion to dismiss by the instant third-party defendants, but extended McKeever's deadline to respond to the motion to dismiss by Bank of the Bluegrass. This court ultimately granted the motion to dismiss by the instant third-party defendants on June 22, 2010.

## II.   Analysis

### A.   Motion for an extension of time

McKeever has moved for reconsideration of the court's denial of her motion for an extension of time pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure. McKeever has not shown that reconsideration is warranted under Rule 59, which permits a court to grant such a motion only if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Because McKeever does not relate any of these circumstances to the relief she requests, she fails to show that reconsideration is

warranted pursuant to Rule 59.

McKeever also fails to show that reconsideration is warranted pursuant to Rule 60, which provides for relief from an order for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Although McKeever does not identify which provision of Rule 60 she believes is relevant to her motion, she argues that the court should consider whether her late pleadings were due to excusable neglect.[2] *See* R. 80 at 3.

In determining whether a party should be granted relief due to excusable neglect, a court should consider: (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay; (4) whether the delay was within the reasonable control of the moving party; and (5) whether the late-filing party acted in good faith. *See Pioneer Inv. Servs. v. Brunswick Assocs.,* 507 U.S. 380, 392-93 (1993); *Burnley v. Bosch Ams. Corp.,*No. 02-5953, 2003 U.S. App. LEXIS 18051, at *10 (6th Cir. Aug. 27, 2003).

Although the court is without sufficient information to conclude that the delay was due to bad faith, the rest of these considerations weigh against a finding of excusable neglect. With respect to prejudice to the non-moving party, allowing

---

[2] McKeever's allegations do not appear to fall under 60(b)(2)-(5) and a party may not move for relief due to excusable neglect and the provisions of Rule 60(b)(6). *See Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 393 (1993) (explaining that excusable neglect pursuant to Rule 60(b)(1) and the "any other reason justif[ying] relief" provision in 60(b)(6) are "mutually exclusive").

further briefing at this time would require the third-party defendants to expend additional resources litigating claims that have already been dismissed on the merits, despite McKeever's failure to respond in a timely manner or to show that her failure was attributable to excusable neglect when she originally moved for an extension of time.

Moreover, the reason for the delay and the extent to which it was within McKeever's control do not indicate that she is entitled to relief due to excusable neglect. *See Morgan v. Gandalf, Ltd.* No. 05-3189, 2006 U.S. App. LEXIS 2688, at *12 (6th Cir. Jan. 31, 2006) (stating that the reason-for-delay factor "has the greatest import and is always critical to the inquiry") (citation omitted). McKeever asserts that she did not respond to the motion to dismiss because she had filed a motion for a temporary injunction to enjoin the court from moving forward with the underlying case. Specifically, she states that "[b]ut for the March 15, 2010, pending motion for a temporary injunction, McKeever would have responded to the 12(b) motion." Lexington Civil Action 08-459, R. 80 at 2. Although she asserts that "this is not a case of a party simply ignoring a deadline," it appears that McKeever felt entitled to do just that because she had filed a motion for an injunction.

In contrast, "[n]eglect exists where the failure to do something occurred because of a simple, faultless omission to act, or because of a party's carelessness." *Turner v. City of Taylor*, 412 F.3d 629, 650 (6th Cir. 2005). McKeever's allegations do not suggest that the delay was a product of neglect.

Rather, responding was within her reasonable control and she simply chose not to do so.  McKeever therefore fails to show that she is entitled to relief from the order based on excusable neglect.  *See, e.g., Clark v. H.R. Textron, Inc.,* No. 94-55212, 1995 U.S. App. LEXIS 27034, at *5 (9th Cir. 1995) (holding that where an attorney was aware of a filing deadline and chose not to file a motion for an extension of time, "[s]uch deliberate inaction cannot, by definition, be neglectful"); *Cook v. Winfrey*, No. 97-c-322, 1997 U.S. Dist. LEXIS 12758, (N.D. Ill. Aug. 22, 1997) ("excusable neglect does not include willful, careless, or negligent actions of attorneys").

### B.     Dismissal of her claims against third-party defendants Deutsche Bank, GMAC, RALI, and RFC

McKeever has also moved the court to reconsider its dismissal of her counter-claims against the instant third-party defendants.  Lexington Civil Action 08-459, R. 79.  Instead of raising substantive issues related to the order, McKeever largely repeats her arguments regarding the court's denial of her motion for an extension of time, and again has not identified any provision of either Rule 59 or Rule 60 that would warrant reconsideration.  She also argues that she has been unduly prejudiced and asserts that the third-party defendants lack standing to bring the foreclosure action or the declaratory judgment action.  Deutsche Bank is now the plaintiff in both actions, and McKeever does not explain in her motion why she believes that Deutsche lacks standing.  Moreover, even if that were true, it is not relevant to the pleading deficiencies in her counter-claims.

Although McKeever has not identified anything that would warrant

reconsideration of the court's dismissal of her claims against the instant third-party defendants, having reviewed the record, the court acknowledges it erred in holding that McKeever's claims against GMAC and Deutsche Bank were barred by res judicata.

In order for res judicata to apply, there must be a final judgment on the merits. *See Waste Mngt. Of Ohio, Inc. v. City of Dayton*, No. 04-236, 2006 U.S. App. LEXIS 6123, at *21 (6th Cir. Mar. 13, 2006); *City of Parma, Ohio v. Hirsch Levi*, 536 F.2d 133, 134 (6th Cir. 1976). Although GMAC had been dismissed from Lexington Civil Action 08-510, the case was ongoing and judgment had not been entered. Accordingly, the doctrine of res judicata did not apply.

Although this court provided alternative grounds for dismissal, it did not do so with respect to McKeever's RESPA claim against GMAC for failing to respond to a qualified written request. Even though a judgment has since been issued in Lexington Civil Action 08-510, further briefing is necessary to determine whether law of the case should apply in lieu of res judicata. *See Bay State HMO Mgmt., Inc. v. Tingley Sys., Inc.*, 181 F.3d 174, 181-83 (1st Cir. 1999) (holding that consolidated cases are considered a single lawsuit for res judicata purposes and that therefore the doctrine does not apply to judgments between consolidated actions); *In re Aetna Cas. & Surety Co.*, 919 F.2d 1136, 1143 (6th Cir. 1990) (noting in dicta that a decision on the merits of an issue in consolidated cases "could or might constitute law of the case in all of them, or involve collateral estoppel, or be highly persuasive as precedent").

The distinction between claim preclusion and law of the case is significant. After a final judgment on the merits has been issued by a court of competent jurisdiction, claim preclusion bars subsequent litigation between the same parties and those in privity with them involving the same cause of action. *See Waste Mngt.*, 2006 U.S. App. LEXIS 6123 at *21. Claim preclusion thus extends to those matters that were actually litigated as well as those that might have been offered in the prior action. *Id.*

In contrast, the law-of-the-case doctrine has a narrower application and is limited to those issues previously decided by the same court or a higher court. *See Insur. Co. of Am. v. Dynamic Construction Co.*, No. 95-2013, 1997 U.S. App. LEXIS 755, *9 (6th Cir. Jan. 14, 1997)*. Although law-of-the-case doctrine "is rigidly applied to enforce a lower court's obedience to a higher court, the doctrine is more flexibly applied to reconsideration of earlier decisions by the same court or a coordinate court." *United States v. Dunbar*, 357 F.3d 582, 592 (6th Cir. 2004). The doctrine is considered "a management practice to permit logical progression toward judgment," and does not remove a district court's jurisdiction to reconsider an issue previously decided in the case. *Id.* at 593.

Thus, the court will reinstate the motion to dismiss with respect to the allegation that GMAC failed to respond to a qualified written request and will allow further briefing on the issue of whether this claim is barred by claim preclusion, law-of-the-case doctrine, or otherwise fails to state a claim upon which relief can be granted.

III.    **Conclusion**

Accordingly,

**IT IS ORDERED** that the motion for reconsideration, R. 80, is **DENIED.**

**IT IS FURTHER ORDERED** that the motion for reconsideration, R. 79, is

**GRANTED IN PART.**  The court will reinstate the motion to dismiss McKeever's

claim against GMAC for failing to respond to a qualified written request. (R. 33). All

claims against Deutsche Bank, RALI, and RFC remain dismissed.

**IT IS FURTHER ORDERED** that the court will allow further briefing on the

remaining claim against GMAC.  McKeever shall file a response to the motion to

dismiss that claim (R. 33) no later than October 4, 2010, and the instant third-party

defendants may file a reply no later than October 18, 2010.



Signed on  September 13, 2010

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

D

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON


**CIVIL ACTION NO. 5:08-459-JBC**
**(Related action:  Lexington Civil Action No. 08-510)**

**GMAC MORTGAGE, LLC**                                          **PLAINTIFF**


**V.**                              **NOTICE OF APPEAL**


**HEATHER BOONE McKEEVER, ET AL.**                              **DEFENDANTS**


\* \* \* \* \* \* \* \* \* \*

Notice is hereby given that Heather McKeever and Shane Haffey, by counsel, hereby

appeal to the United States Court of Appeals for the Sixth Circuit from the final judgment

of Orders of Dismissal,  R. 26 and R. 70, entered on June 18, 2010, and R. 71 entered on

June 29, 2010.   Motion for Reconsideration was  DENIED on September 13, 2010,

R. 90 and  R. 91, respectively.

Dated: October 11, 2010


Respectfully submitted,

/s/ *Heather Boone McKeever*
LAW OFFICES OF HEATHER McKEEVER PLLC
3250 Delong Road
Lexington, Kentucky 40515
Tel: 859-552-7388
Fax: 859-327-3277
Email: kentuckyforeclosuredefense@insightbb.com
ATTORNEY FOR APPELLANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Notice of Appeal was served via the

Court's CM/ECF filing system on this the 11th day October, 2010 on the following:

Hon. Mark S. Fenzel, Esq.
Hon. David Kellerman, Esq.
MIDDLETON REUTLINGER
2500 Brown & Williamson Tower
Louisville, Kentucky 40202
(502) 584-1135
(502) 561-0442 Facsimile
ATTORNEYS FOR DEFENDANT,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

Hon. Christopher E. Thorsen
Hon. Jonathan D. Rose
BRADLEY ARANT BOULT CUMMINGS LLP
Roundabout Plaza
1600 Division Street Suite 700
Nashville, Tennessee 37203

**E**

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON**

**CIVIL ACTION NO. 08-459-JBC**

**GMAC MORTGAGE, LLC,**                                                                       **PLAINTIFF,**

**V.**                          **MEMORANDUM OPINION AND ORDER**

**HEATHER BOONE MCKEEVER, ET AL.,**                                   **DEFENDANTS.**

**\* \* \* \* \* \* \* \* \* \***

This matter is before the court on the motion of third-party defendants GMAC

and Deutsche Bank in an action styled *Deutsche Bank Trust Company Americas v.*

*Haffey, et. al.*, Lexington Civil Action 09-362, which is part of this consolidated action.

GMAC moves to dismiss the counter-claim and third-party complaint (R. 33). For the

reasons below, the court will grant the motion to dismiss.

**I.     Background**

This case is the remaining consolidated action involving property located at 3250

Delong Road in Lexington, Kentucky.[1]  Deutsche Bank brought this foreclosure action

against Heather McKeever and Shane Haffey, a married couple, on November 9, 2009.

McKeever filed a counter-claim and third-party complaint on February 9, 2010, naming

Deutsche Bank; GMAC Mortgage, LLC; Residential Accredit Loans, Inc.("RALI");

Residential Funding Company, LLC ("RFC"); the Bank of the Bluegrass and several of

---

[1]*See* Lexington Civil Actions No. 08-459.  Three other consolidated actions, 08-456, 09-225, and 08-510, have been dismissed.

1

its employees individually ("BoB"); and Mortgage Electronic Registration Systems, Inc.,

and MERSCORP (collectively referred to as "MERS").

This court granted the motion to dismiss by the instant third-party defendants on

June 22, 2010.  R. 70.  On July 16, 2010, McKeever filed a motion to reconsider.  R. 78.

This court determined that it had erred in holding that McKeever's claims against GMAC

and Deutsche Bank were barred by res judicata.  R. 90.  This court ordered further

briefing on the remaining claim against GMAC.  R. 33.

## II.    Analysis

This court reinstated the third-party defendant's motion to dismiss to determine

"whether this claim is barred by claim preclusion, law-of-the-case doctrine, or otherwise

fails to state a claim upon which relief can be granted."  R. 90.

### A.    Claim Preclusion

GMAC's motion to dismiss cannot be granted based on the claim preclusion

doctrine.  Claim preclusion, or *res judicata*, "forecloses 'successive litigation of the very

same claim, whether or not relitigation of the claim raises the same issues as the earlier

suit.'" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (quoting *New Hampshire v. Maine*,

532 U.S. 742, 748 (2001)).  Claim preclusion requires there to be a final judgment on

the merits. *See Taylor* 553 U.S. at 892.  As noted in the previous order, consolidated

cases are considered a single lawsuit for res judicata purposes.  *See Bay State HMO*

*Mgmt., Inc. v. Tingley Sys., Inc.*, 181 F.3d 74, 181-183 (1st Cir. 1999).  Since the final

judgment relied upon is a part of the same consolidated action, claim preclusion is

inapplicable.

2

## B.    Law-of-the-Case Doctrine

The court is bound by law-of-the-case doctrine with regard to this motion because it raises the same issues which have been previously decided by the court in the instant case.  Law-of-the-case doctrine is narrower than claim preclusion and is generally limited to those issues which have been previously decided by the same or a higher court.  *See Ins. Co. of America. v. Dynamic Constr. Co.*, 106 F.3d 400 (6th Cir. 1997).  "The law of the case doctrine provides that 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case.'" *Westside Mothers*, 454 F.3d at 538 (quoting *Scott v. Churchill*, 377 F.3d 565, 569-570 (6th Cir. 2004)) (internal citation removed).  Since the instant case was consolidated, earlier decisions in other consolidated cases are part of the "same" case.  *In re Aetna Cas. & Surety Co.*, 919 F.2d 1136, 1143 (6th Cir.1990) (noting in dicta that a decision on the merits of an issue in consolidated cases "could or might constitute law of the case in all of them, or involve collateral estoppel, or be highly persuasive as precedent").  Therefore, the decision to grant GMAC's motion to dismiss in a consolidated case as a matter of law would govern the same issues in this case. *Haffey, et al. v. MERS, Inc., et al.*, No. 5:08-CV-510 (E.D.Ky. Sept. 4, 2009).

McKeever has not shown that her claim against GMAC for failing to respond to a qualified written request falls under the three "exceptional circumstances" which would prevent preclusion of reconsideration under law-of-the-case doctrine.  *Westside Mothers v. Olszewski*, 454 F.3d 532, 538 (6th Cir. 2006) (quoting *Hannover Ins. Co. v. Am. Eng'g Co.*, 105 F.3d 306, 312 (6th Cir. 1997)).  McKeever's complaint, upon which

3

the court granted GMAC's motion to dismiss, stated that GMAC "failed to disclose and reveal the real parties in interest. . . ." Lexington Civil Action 08-510, R. 1-4 at 14.  The court concluded that McKeever failed to state a claim for relief that is plausible on its face.  McKeever's assertion in the subsequent counter-claim states that she sent a qualified written request pursuant to the Real Estate Settlement and Procedure Act. Lexington Civil Action 09-362, R. 17 at 33.  However, this new information is neither substantially different evidence, a subsequent contrary view of the law, nor a showing that the previous order was clearly erroneous and would work a manifest injustice. *Westside Mothers*, 454 F.3d at 538.

## III.   Conclusion

Accordingly,

**IT IS ORDERED** that GMAC's motion to dismiss (R. 33) is **GRANTED**.

**IT IS FURTHER ORDERED** that the joint motion to extend time to file a joint discovery plan (R. 96) is **DENIED AS MOOT**.

Signed on  November 8, 2010

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

4

**F**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**


**CIVIL ACTION NO. 08-459-JBC**
**RELATED CIVIL ACTION NO. 11-188-JBC**

**GMAC MORTGAGE, LLC,**                                                    **PLAINTIFF,**

**V.**                              **O R D E R**

**HEATHER BOONE MCKEEVER, ET AL.,**                          **DEFENDANTS.**

* * * * * * * * * * *

This matter is before the court on defendants Deutsche Bank and Patricia

Kelleher's motion to quash subpoena and to dismiss claims against Kelleher, R.

118.  No opposition to the motion has been filed.  For the following reasons, the

motion will be granted.

Shane Haffey's claims against Kelleher will be dismissed because the plaintiff

has not met his burden of establishing that the court has jurisdiction over Kelleher.

*See Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991).  Under

Kentucky's long-arm statute, the court must "determine whether exercising

personal jurisdiction violates constitutional due process." *Bridgeport Music, Inc. v.*

*Still N the Water Pub.*, 327 F.3d 472 (6th Cir. 2003).  Exercising jurisdiction over

Kelleher would violate due process in this action because the record does not show

that "the defendant purposefully established 'minimum contacts' in the forum

1

State." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) (internal citations omitted).

The Sixth Circuit has set forth three criteria to consider in the minimum contacts analysis: (1) "the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state," (2) "the cause of action must arise from the defendant's activities there," and (3) "the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." *Southern Machine Co. v. Mohasco Ind., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968).  The plaintiff has not shown that any of these criteria is satisfied.

The defendants argue that the only factual allegation regarding Kelleher's involvement in this matter is that she executed the mortgage as an employee of MERS.  Finding no response to this argument, the court agrees.  No facts are pled which would establish minimum contacts between Kelleher and the forum state of Kentucky.  The disputed assignment of mortgage from MERS to Deutsche Bank was signed by Kelleher and notarized in the state of Iowa.  Despite the mortgaged property being located in Kentucky and the original mortgage being executed in Kentucky, there is no allegation by the plaintiff indicating that Kelleher, a resident of Iowa, "should reasonably anticipate being haled into court" in Kentucky. *Burger King Corp*, 471 at 474 (1985).  The plaintiff has failed to make a showing of

2

minimum contacts and has therefore not met his burden of establishing this court's personal jurisdiction over Kelleher.

Furthermore, the defendants' motion to quash the subpoena of Kelleher will be granted because the subpoena is defective under Fed. R. Civ. P. 45 and may be dismissed under Fed. R. Civ. P. 12.  The subpoena at issue was a state court subpoena which was served on Kelleher in Iowa after the date this action was removed to this court.  Because the subpoena was not served within this court's district and fails to meet any of the other exceptions in Fed. R. Civ. P. 45(b)(2), the subpoena was not properly served.  Also, the subpoena was a state court subpoena and failed to "set out the text of Rule 45(c) and (d)," as required under Fed. R. Civ. P. 45(a)(1)(A)(iv).  Generally, "if the first service of process is ineffective . . . the case should be retained for proper service later" rather than dismissed on those merits. *Stern v. Beer*, 200 F.2d 794, 795 (6th Cir. 1952). Because the claims against Kelleher will be dismissed for lack of personal jurisdiction, however, the court finds no reason to permit additional time for the plaintiff to complete service upon Kelleher.  Accordingly,

**IT IS ORDERED** that the defendants' motion to quash subpoena and to dismiss claims against Kelleher, R. 118, is **GRANTED**.

**IT IS FURTHER ORDERED** that all claims against Patricia Kelleher in this action are **DISMISSED** without prejudice.

Signed on January 12, 2012

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

G

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF KENTUCKY
### CENTRAL DIVISION
### LEXINGTON

**CIVIL ACTION NO. 08-459-JBC**

**DEUTSCHE BANK TRUST COMPANY**
**AMERICAS, AS TRUSTEE,**                                                            **PLAINTIFF,**

**V.**                                **O R D E R**

**HEATHER BOONE MCKEEVER, ET AL.,**                                    **DEFENDANTS.**

* * * * * * * * * * *

This matter is before the court on Deutsche Bank's motion for summary

judgment, R.114.  For the following reasons, the motion will be granted.

### I.  Background

Deutsche Bank moves for summary judgment in two remaining consolidated

actions, Lexington Civil Actions 08-459 and 09-362.  Lexington Civil Action 09-

362 is a foreclosure suit initiated by Deutsche Bank against Heather McKeever and

Shane Haffey in which Deutsche Bank seeks to foreclose on property owned jointly

by McKeever and Haffey in order to satisfy a secured and purportedly defaulted

note signed by McKeever.  Lexington Civil Action 08-459 is an action for

declaratory relief filed against McKeever and Haffey in which Deutsche Bank seeks

a declaration from the court that the loan rescission alleged by McKeever and

Haffey is invalid and thus its note and mortgage remain effective.  Finding no

1

genuine dispute as to any material fact in either of these actions, the court will grant summary judgment in both consolidated actions.

## II. Lexington Civil Action 09-362 – The Foreclosure Suit

Summary judgment is appropriate in Lexington Civil Action 09-362 because no genuine dispute as to any material fact remains as to whether Deutsche Bank is entitled to foreclose on the McKeever and Haffey property.  The facts of record and prior findings of the court demonstrate the following: (1) that Deutsche Bank is the holder of the note and assignee of the mortgage, (2) that McKeever defaulted on the note, (3) that proper notice of default and acceleration was sent to and received by the defendants, (4) that the note remains in default, and (5) that Deutsche Bank is entitled to foreclose on the McKeever and Haffey property and is thus entitled to judgment as a matter of law.

First, Deutsche Bank is the current holder of the note in dispute that was originally signed by McKeever to the order of Bank of the Bluegrass and Trust Company and later transferred to Deutsche Bank.  The defendants make several arguments challenging Deutsche Bank's status as holder of the note, including arguments of fraud, lack of capacity, and evidentiary deficiencies.  But this court has previously held that Deutsche Bank is the current holder of the note. *See* R.69, p.2.  Finding no extraordinary circumstance that would justify re-consideration of its prior finding, the court adheres to the law-of-the-case doctrine, which "posits that when a court decides upon a rule of law, that decision should continue to

2

govern the same issues in subsequent stages of the same case." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988) (internal citations omitted).

The defendants contend that the law-of-the-case doctrine does not apply in these circumstances because the decisions setting forth the court's prior findings are on appeal. But this argument is flawed. A pending appeal of previously litigated issues does not affect the applicability of the doctrine to later stages of the same action because "[u]nder the law of the case doctrine, a court is ordinarily precluded from reexamining an issue *previously decided* by the same court, or a higher court in the same case." *Richard v. Ray*, 76 Fed. Appx. 669, 670 (6th Cir. 2003) (emphasis added) (internal citations omitted). The issues on appeal in this action have not yet been decided by a higher court, so the court is held to its own prior findings on those issues under the law-of-the-case doctrine. The court has already established Deutsche Bank as the holder of the note in dispute, and no opinion has been submitted stating the contrary; therefore, the rule of law stands for purposes of this motion.

Deutsche Bank is also the assignee of the mortgage originally executed by McKeever and Haffey to Bank of the Bluegrass and Trust Company as security for the note. Using the same law-of-the-case analysis, the court rejects the defendants' arguments challenging Deutsche Bank's status as assignee and defers to its prior finding in R.69, p.2.

Second, McKeever is in default on the note held by Deutsche Bank.  Under the terms of the note, McKeever was obligated to make monthly payments beginning on July 1, 2007, until the principal and interest amounts were satisfied in full.  If a payment was not made by its due date, McKeever would be in default.  The record indicates that McKeever stopped making payments on the loan in 2008, when an outstanding balance on the note remained.  The defendants never contest this fact.  In fact, in Lexington Civil Action 09-362, McKeever admitted that she ceased making payments in November 2008. *See* R.17, ¶ 90.  No evidence has been offered by the defendants to indicate otherwise.  Finding no dispute over this issue, the court finds that McKeever is in default on the note held by Deutsche Bank.

Third, proper notice of default and acceleration was sent to and received by the defendants.  Under the terms of the note, the holder is entitled to accelerate payment of the note upon default.  The record shows that Deutsche Bank, through its loan servicer GMAC, sent a notice of default and acceleration to McKeever on September 25, 2009. *See* R.114-1, Ex. 5.  The defendants argue that neither of them ever received an acceleration notice, but in an e-mail dated October 1, 2009, McKeever acknowledged receipt of the notice of default and acceleration from GMAC, the party in privity with Deutsche Bank.  *See* R.114-2, p.3.  Finding no evidence of record to support the defendants' claim besides their own contradictory statement, the court holds that there is no evidence by which a jury

4

could reasonably find for the defendants on this issue; thus, as a matter of law, a
notice of default and acceleration was sent to and received by McKeever.

Fourth, the note remains in default.  McKeever admitted in her verified
answer in Lexington Civil Action 09-362 that she ceased making payments on the
note in November 2008. *See* R.17, ¶ 90.  Deutsche Bank contends that the note
remains in default because no payments have been made since that time.  The
defendants do not contest this issue.  They make various arguments expressing
why the note is not valid and enforceable by Deutsche Bank, but they never claim
that additional payments have been made on the note.  Finding no dispute over this
issue, the court holds that the note remains in default, as defined by its terms.

Finally, as a matter of law, Deutsche Bank is entitled to foreclose and thus
entitled to judgment in Lexington Civil Action 09-362.  As holder of the note in
dispute, Deutsche Bank may enforce the terms of the note. KRS § 355.3-301. As
assignee of the mortgage on McKeever's and Haffey's property, Deutsche Bank
may exercise its right of foreclosure under the "remedies" provision set forth in the
mortgage terms. R.114-1, ¶ 22, p.15.  Both the note and mortgage are in default.
A notice of default and acceleration was sent to and received by McKeever, and
Deutsche Bank may exercise its right to foreclose against the McKeever and Haffey
property because both McKeever and Haffey signed the mortgage and are bound
by its terms. R.114-1, ¶ 13, p.12.

5

Additionally, none of the defenses to foreclosure raised by the defendants holds merit. The defendants' rescission, capacity, and fraud arguments fail under the law-of-the-case doctrine. *See* R.127, pp.2-4. The defendants' arguments as to why Deutsche Bank is neither the holder of the note nor the assignee of the mortgage also fail under the law-of-the-case doctrine. *See supra* pp.2-3*.* With no valid defenses to Deutsche Bank's showing that foreclosure is appropriate in this action, the defendants have not demonstrated the existence of a genuine dispute as to any material fact. Accordingly, summary judgment in Lexington Civil Action 09-362, Deutsche Bank's foreclosure action, will be granted, pursuant to Fed. R. Civ. P. 56.

### III. Lexington Civil Action 08-459 – The Loan Rescission Suit

Summary judgment is appropriate in Lexington Civil Action 08-459 because no genuine dispute as to any material fact remains as to whether a purported TILA rescission of the loan by the defendants is invalid. The defendants assert that they rescinded the note and mortgage on October 15, 2008. This court, however, has previously held that the defendants' allegation of a rescission is without merit. The defendants' rescission claim in consolidated action Lexington Civil Action 08-510 was rejected when they asserted the claim as plaintiffs against GMAC. R.31, pp.6-7. The court also dismissed the defendants' rescission claim when it was presented as a counterclaim against GMAC in Lexington Civil Action 08-459. R.70, pp.3-4. Here, the defendants provide no new information on the issue that would

constitute an extraordinary circumstance justifying a divergence from the court's prior holdings; therefore, the law-of-the-case doctrine makes the court's earlier rulings binding, and the defendants' rescission claim is invalid.  Accordingly,

**IT IS ORDERED** that Deutsche Bank's motion for summary judgment, R.114, is **GRANTED** for both consolidated actions, Lexington Civil Actions 09-362 and 08-459.

Signed on January 23, 2012

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

**H**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

**LEAD CIVIL ACTION NO. 08-459-JBC**
**CONSOLIDATED CIVIL ACTION NO. 11-188-JBC**

**GMAC MORTGAGE, LLC,**                                                    **PLAINTIFF,**

**V.**                          **MEMORANDUM OPINION & ORDER**

**HEATHER BOONE MCKEEVER, et al.,**                          **DEFENDANTS.**

* * * * * * * * * * *

This matter is before the court on Deutsche Bank's motion for judgment on

the pleadings, R.148.  Because the court has previously decided the issues

underlying each of the claims asserted by Haffey, judgment is appropriate, and the

motion will be granted.

The plaintiff, Shane Haffey, filed suit in this consolidated action, Lexington

Civil Action 11-188, asserting several claims against Deutsche Bank and Patricia

Kelleher.  All of the claims relate to a piece of property that was the subject of a

foreclosure action in the related consolidated case, styled *Deutsche Bank, etc. v.*

*Heather McKeever Haffey, etc., et al.*, Lexington Civil Action No. 09-362, and was

owned jointly by Haffey and his wife Heather McKeever.  Haffey seeks to quiet title

to the piece of property as well and to recover damages for the defendants' alleged

wrongful acts, including: common law slander and defamation of title, filing of an

1

illegal lien, forgery in the second degree, criminal possession of a forged instrument, fraudulent conveyance, and common law fraud and injurious falsehood.

Each cause of action arises out of the mortgage assignment from Mortgage Electronic Registration Systems, Inc. ("MERS") to Deutsche Bank that was filed in the public record of Fayette County, Kentucky, as a lien on Haffey's property. Haffey alleges that Kelleher, at the request of Deutsche Bank, fraudulently signed over the mortgage to Deutsche Bank as a supposed representative of MERS, and that the forged assignment was then filed of record.  Kelleher has since been dismissed as a party to this action, *see* R.133, so only the claims against Deutsche Bank remain.

Deutsche Bank has moved for judgment on the pleadings under Fed. R. Civ. P. 12 (c), alleging that judgment in its favor is appropriate because this court has ruled that the allegations made by Haffey are without merit.  Additionally, Deutsche Bank argues that this court has ruled in consolidated action, styled *Deutsche Bank, etc. v. Heather McKeever Haffey, etc., et al.*, Lexington Civil Action No. 09-362, that Deutsche Bank is entitled to foreclose against the property in dispute in this action.  In analyzing a motion for judgment on the pleadings, a court "must take all the 'well-pleaded material allegations of the pleadings of the opposing party' as true," *see Cincinnati Ins. Co. v. Beazer Homes Invs., LLC*, 594 F.3d 441, 444 (6th Cir. 2010) (internal citations omitted), but the court may take into account prior orders in the case. *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008)

(quotations omitted). Having reviewed the record, the court agrees with Deutsche
Bank and finds that the law-of-the-case doctrine bars all of Haffey's claims.

First, Haffey seeks to quiet title to the property in dispute under KRS
411.120, claiming that he as a property owner is entitled to restoration of clear
title to the property. But this court has previously held that Deutsche Bank has a
validly assigned mortgage on the property and is entitled to foreclose on the
property, *see* R. 135; therefore, Haffey's claim for clear title is barred.

Second, Haffey brings claims related to the supposedly fraudulent
assignment of the mortgage in dispute from MERS (executed by Kelleher) to
Deutsche Bank. These claims include common law slander and defamation of title,
filing of an illegal lien under KRS 434.155, Kentucky forgery in the second degree
under KRS 516.030, criminal possession of a forged instrument under KRS
516.060, fraudulent conveyance under KRS 378.010 & 378.030, and common
law fraud and injurious falsehood. Each of these claims stems from Haffey's
allegations that Deutsche Bank and Kelleher conspired in 2009 to have drafted,
executed, and notarized a publicly filed mortgage lien on Haffey's property that
was illegal, forged, and fraudulent. Haffey asserts that he never executed a
promissory note relating to the property and that he never executed a mortgage to
Deutsche Bank or its predecessor MERS.

Because this court has held that Deutsche Bank is the holder of a validly
assigned mortgage on Haffey's property as well as the holder of a defaulted note

relating to the property, *see* R.135, p.2-3 (citing previous order R.69), Haffey's claims are in direct conflict with the law of this case. His allegations of fraud and related claims stand in opposition to the court's prior holding that the mortgage held by Deutsche Bank is a validly assigned lien; thus, the claims are barred by the law-of-the-case doctrine. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (positing that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case")(internal citations omitted).

Additionally, this court has previously addressed similar claims in related actions. In *Shane Haffey, et al. v Mortg. Elec. Registration Sys., Inc.*, Lexington Civil Action No. 08-510, the court dismissed Haffey and McKeever's complaint that brought claims against MERS and GMAC, the company in privity with Deutsche Bank (*see* lead action, styled *GMAC Mtg., LLC, etc. v. Heather Boone McKeever, etc., et al.*, Lexington Civil Action No. 08-459, R.70, p.3 n.2), for fraudulent practices in connection to the mortgage in dispute, including the original execution of the mortgage and the assignment of the mortgage to MERS. The court found the allegations to be "mere 'labels and conclusions'" and not supportive of any legal claim. *Shane Haffey, et al. v Mortg. Elec. Registration Sys., Inc., et al.*, Lexington Civil Action No. 08-510, R.17, p.6. The court also dismissed Haffey and McKeever's counter-claims in *Deutsche Bank, etc. v. Heather McKeever Haffey, etc., et al.*, Lexington Civil Action No. 09-362, that alleged numerous

4

wrongful acts of MERS, GMAC, and Deutsche Bank, including defamation of title and fraud.  The court held that the allegations of fraud and defamation of title were "devoid of any facts that would support the basic elements" of a claim and were bare-bone "legal conclusions." *See* lead action, styled *GMAC Mtg., LLC, etc. v. Heather Boone McKeever, etc., et al.*, Lexington Civil Action No. 08-459, R.70, p. 6-9.

While the claims in those actions pointed to a broader range of allegedly fraudulent practices than just the supposedly illegal mortgage assignment from MERS to Deutsche Bank pinpointed in this case, the current claims against Deutsche Bank are related to the same series of events described in the complaint of *Shane Haffey, et al. v Mortg. Elec. Registration Sys., Inc.*, *et al.*, Lexington Civil Action No. 08-510 and the counter-claim of *Deutsche Bank, etc. v. Heather McKeever Haffey, etc., et al.*, Lexington Civil Action No. 09-362.  Haffey could have brought these claims in those prior actions.  *See U.S. v. Moored*, 38 F.3d 1419, 1421 (stating that "the law of the case doctrine dictates that issues, once decided, should be reopened only in limited circumstances" and "findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation").  Accordingly,

**IT IS ORDERED** that Deutsche Bank's motion for judgment on the pleadings, R. 148, is **GRANTED**.

**IT IS FURTHER ORDERED** that Shane Haffey's motion for extension of time to respond to motion for judgment on the pleadings, R.149, is **GRANTED**, and the Clerk of Court is directed to docket Haffey's response, R.149-1, as of the date of entry of this order.

The court having granted judgment on all remaining claims in this action, **IT IS FURTHER ORDERED** that this case is **DISMISSED** with prejudice and **STRICKEN** from the court's active docket.

Signed on March 1, 2012

*Jennifer B. Coffman*

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

**I**

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
### CENTRAL DIVISION
### LEXINGTON

**CIVIL ACTION NO. 08-459-JBC**

**GMAC MORTGAGE, LLC,**                                                            **PLAINTIFF,**

**V.**                          **MEMORANDUM OPINION & ORDER**

**HEATHER BOONE MCKEEVER, ET AL.,**                                    **DEFENDANTS.**

**\* \* \* \* \* \* \* \* \* \* \***

    This matter is before the court upon the defendants' motion to alter or amend the summary judgment and for relief from judgment, R.137.  For the following reasons, the motion will be denied.

## I.  Background

    On January 23, 2012, the court granted summary judgment in favor of Deutsche Bank Trust Company Americas in two consolidated actions, Lexington Civil Actions 08-459 and 09-362.  In the latter action, brought by Deutsche Bank against Heather McKeever and Shane Haffey, Deutsche Bank sought to foreclose on property owned jointly by McKeever and Haffey in order to satisfy a secured and defaulted note signed by McKeever.  In the former, an action for declaratory relief filed against McKeever and Haffey, Deutsche Bank sought a declaration from the court that the loan rescission alleged by McKeever and Haffey is invalid and thus its note and mortgage remain effective.

The court granted summary judgment in both actions, first finding that
foreclosure is appropriate in Lexington Civil Action 09-362 because (1) Deutsche
Bank is the holder of the note and assignee of the mortgage; (2) McKeever
defaulted on the note; (3) proper notice of default and acceleration was sent to and
received by the defendants; (4) the note remains in default; and (5) Duetsche Bank
is entitled to foreclose on the McKeever/Haffey property as a matter of law.  The
court also found that summary judgment is appropriate in Lexington Civil Action
08-459 because no genuine dispute as to any material fact remains as to whether
a purported TILA rescission of the loan by the defendants is invalid.  The
defendants now move to have the order of summary judgment reconsidered under
both Fed. R. Civ. P. 59 (e) and 60 (b).

### II.  Analysis

Rule 60 (b) permits relief from a final order for the following reasons: "(1)
mistake, inadvertence, surprise or excusable neglect; (2) newly discovered
evidence . . .; (3) fraud . . ., misrepresentation, or misconduct by the opposing
party; (4) the judgment is void; (5) the judgment has been satisfied, released, or
discharged . . .; or (6) any other reason that justifies relief."  Finding that none of
the reasons justifying relief are present in this action, the court will deny the
defendants' motion for relief under Fed. R. Civ. P. 60 (b).

First, the defendants have not argued mistake, inadvertence, surprise or
excusable neglect in the court's order of summary judgment.  The defendants
dispute the court's decisions to cancel discovery and deny the defendants'

subsequent request to reinstate a discovery period; they argue that the court blocked discovery that was material to their defense in the foreclosure suit. But these arguments are directed at the court's past discovery orders, such as the December 2, 2011, order, R.127, and do not indicate mistake, inadvertence, or excusable neglect by the court in its order granting summary judgment.

Second, the defendants have not shown the existence of "newly discovered evidence that, with reasonable diligence, could not have been discovered . . . ." Fed. R. Civ. P. 60 (b)(2). Along with their motion, the defendants filed documents, which they claim constitute new material evidence relating to the issue of whether the loan in dispute was funded and controlled by GMAC. Nowhere do the defendants argue that this evidence could not have been discovered before the court entered its summary judgment order. "To constitute 'newly discovered evidence,' the evidence must have been previously unavailable." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 617 (6th Cir. 2010) (internal citations omitted).

The defendants also mention a federal reserve, cease-and-desist order against GMAC as well as settlement agreements between GMAC and federal prosecutors, which have occurred since the court entered its summary judgment order. Even if the court construed these references as an argument by the defendants that the cease-and-desist order and settlement agreements are newly discovered evidence, the defendants have not demonstrated how the evidence is material to the summary judgment motion previously ruled upon by the court. *See*

*Wyatt v. Sec. of Health & Human Serv.*, 974 F.2d 680, 685 (6th Cir. 1992).

Without a showing that the new evidence would likely change the outcome of the cases, relief under Fed. R. Civ. P. 60(b)(2) is not justified. *Hackworth v. Comm. of Soc. Sec.*, 1995 U.S. App. LEXIS 36077, *3-4, (6th Cir. 1995).

Third, the defendants argue fraud in regard to the assignment of the mortgage, the note transfer, and Deutsche Bank's alleged lack of standing in this suit. These arguments have been previously presented and rejected on the merits. In its summary judgment order, the court relied on the law-of-the-case doctrine in stating that Deutsche Bank is the holder of the note and assignee of the mortgage, R.135, p.2-3 (citing R.69, p.2). The court has also previously determined and reiterated that Deutsche Bank has standing in this action. *See* R.127, p.2-3; R.132; R.135, p.2 (citing R.69, p.2). "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Jinks v. Alliedsignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001). The court has examined the defendants' allegations of fraud on numerous occasions and finds no reason justifying reconsideration of the issues.

Lastly, Fed. R. Civ. P. 60 (b)(4) and (5) do not apply to this matter, and the court finds no reason justifying relief under Fed. R. Civ. P. 60 (b)(6), which should be granted only in "extraordinary circumstances," or "unusual and extreme situations where principles of equity mandate relief." *Blue Diamond Coal Co. v. Trs. Of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (internal citations omitted).

4

Reconsideration is not appropriate under Rule 59 (e) because no judgment
has been entered in either action.  Fed. R. Civ. P. 59 (e) & 58 (a).  However, the
motion for relief under Rule 59 (e) would also fail on its merits.  The defendants
make no showing of "(1) a clear error of law; (2) newly discovered evidence; (3) an
intervening change in controlling law; or (4) a need to prevent manifest injustice."
*Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2005)
(internal citations omitted)(stating that a Rule 59 (e) motion to alter or amend
judgment may be granted only if there is a showing of one of those justifications).
No clear error of law is argued in regard to the motion for summary judgment; the
defendants' discovery disputes pertain to prior orders of the court, not the order at
issue that granted summary judgment.  Also, the defendants have offered no newly
discovered, previously unavailable, evidence for the court's consideration. *See*
*Leisure Caviar, LLC,* 616 F.3d at 617 (6th Cir. 2010). Even though the defendants
filed additional documents relating to the 2008 TILA rescission issue of whether
the loan in dispute was funded and controlled by GMAC, the defendants make no
showing that this "new material evidence" was previously unavailable.

Furthermore, there is no showing that the recent cease-and-desist order and
settlement agreements involving GMAC, which the defendants discussed in their
motion, constitute controlling law in this action that would justify an alteration or
amendment to the court's order.  Lastly, no need to prevent manifest injustice is
evident from the defendants' briefs or the record.

Accordingly,

**IT IS ORDERED** that the defendants' motion to alter or amend the summary judgment and for relief from judgment, R.137, is **DENIED**.

Signed on June 1, 2012

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

**J**

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## CENTRAL DIVISION
## LEXINGTON

CIVIL ACTION NO. 08-459-JBC

GMAC MORTGAGE, LLC,                                                    PLAINTIFF,

V.                                    **JUDGMENT**

HEATHER BOONE MCKEEVER, ET AL.,                          DEFENDANTS.

\* \* \* \* \* \* \* \* \* \*

The court, having granted the plaintiff Deutsche Bank's motion for summary judgment, R.114, in *GMAC Mtg., LLC, etc. v. Heather Boone McKeever, etc., et al.*, Lexington Civil Action No. 08-459, enters **JUDGMENT** in accordance with that order.

There being no just cause for delay, this order is **FINAL** and **APPEALABLE**.

This matter is **STRICKEN** from the court's active docket.

Signed on June 1, 2012

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

**K**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION
Case No. 5:08-cv-459-JBC
(Relating to)
UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT
CONSOLIDATED CASES NOS. 10-5999 and 10-6249

HEATHER MCKEEVER, et al                                   APPELLANTS

v.

MORTGAGE ELECTRONIC REGISTRATION                          APPELLEE
SYSTEMS, INC.,

AND

GMAC MORTGAGE LLC                                         APPELLEES

v.

HEATHER MCKEEVER, et al.                                  APPELLANTS

**NOTICE OF APPEAL FINAL ORDER**
**PENDING APPEAL 10-5999 AND 10-6249**
**NOTICE OF FILING CHAPTER 11 BANKRUPTCY**
**AND THE AUTOMATIC STAY**

* * * * * * * * * * * *

Come the Appellants, by counsel, and hereby file their Notice of Appeal to the United

States Court of Appeals for the Sixth Circuit from the June 1, 2012, final Order Granting

the Appellees' Motion for Summary Judgment.   The Order is part of two consolidated

cases, currently pending and held in abeyance in the Sixth Circuit.

Simultaneous herewith, the Appellants give Notice of the May 24, 2012, issuance and

subsequent Receipt of the Filing of Chapter 11 Bankruptcy and Automatic Stay relating

to GMAC Mortgage LLC and other GMAC parties to this case, which stayed the proceedings in these cases as of the date of the Debtors' Bankruptcy Petition, May 14, 2012.

Notice is based on the following:

On December 6, 2010, the District Court issued an Order Consolidating the above-referenced cases relating to a family farm; namely, a Kentucky 2008 Quiet Title action against the lien recorder, MERS, (and all other interested parties to the mortgage,)[1] a TILA Rescission Declaratory Judgment filed by GMAC Mortgage LLC, document fraud "robo signing" claims against GMAC Mortgage LLC and MERS, GMAC's subsequent 2009 foreclosure Complaint, and the mortgagors' counterclaims against GMAC Mortgage LLC and its robo signers.[2]

The pending current appeals stem from the Fed. R. Civ. P. 12(b) Dismissals of three (3) separate Orders from three (3) of five (5) previously Consolidated District Court actions from the Lexington Division of the Eastern District of Kentucky; 08-cv-456, (a Quiet Title action against the mortgagee Mortgage Electronic Registration Systems, Inc., (MERS),) and 09-cv-362 (a lien enforcement action by GMAC posing as a MBS

---

[1] Although GMAC Mortgage LLC filed a Declaratory Judgment in relation to the TILA Rescission, while a Quiet Title against lien recorder, MERS, was pending, GMAC never participated as a party claiming an interest to the property, in the Quiet Title.

[2] The term "robo signer" is the official term used by the Justice Department in relation to the multi-billion dollar mortgage document fraud Complaint, filed by the DOJ and all 50 Attorney Generals, and the subsequent March 2012 Judgment, to describe GMAC's (a.k.a. Ally) use of its own employees to fabricate, execute and notarize false Affidavits in relation to ownership and interest in mortgage loans, including the GMAC employees statements under oath on Assignments of Mortgages that they are "Vice Presidents" or other executives of MERS.   *See.* http://www.justice.gov/opa/pr/2012/March/12-asg-306.html, http://www.justice.gov/opa/documents/residential-consent-judgement.pdf

Trustee,) and 08-cv-510, (a TILA action by the Appellant/mortgagors against GMAC and the mortgagee, Mortgage Electronic Registration Systems, Inc. (MERS.)

The above-referenced cases were consolidated by the District Court in 2009 and are referenced by the District Court through designated lead case 08-cv-459, the Declaratory Judgment action stemming from the 2008 TILA Regulation Z Loan Rescission.

On December 6, 2010, the 6th Circuit Court of Appeals Court Ordered that the Consolidated Appeals be held in abeyance pending a final decision of the loan rescission Lead Case, 08-cv-459. The basis of the Order was the fact that if, the Title should have been quieted in regards to the lien recorder MERS, or if the TILA rescission was deemed valid as to either homeowner, the mortgage lien would have been, invalid as originally recorded by MERS or in the alternative void by operation of law, as rescinded as of October 15, 2008. These two issues will determine the outcome of each and every other Order and issue to the consolidated cases.[3]

On May 24, 2012, a Notice of Chapter 11 Bankruptcy, the Automatic Stay in relation to these cases, and instructions for filing Proof of Claim, was sent to undersigned counsel in relation to the Consolidated Cases regarding parties GMAC Mortgage LLC, Residential Funding, LLC and Residential Accredit Loans, Inc., *In Re Residential Capital, LLC*, Case No. 12-12020 (MG,) USBC Southern District of New York.

---

[3] The outcome of the cases in relation to MERS ability to record and/or transfer mortgages filed in its own name, and the identity of parties who have standing to participate in Declaratory Judgments to TILA Regulation Z Rescissions; are two of a half a dozen issues which will be of first impression in relation to Kentucky law. The decisions not only effect every MERS recorded mortgage in Kentucky, but will have broad and far reaching effect on MERS mortgages in other judicial foreclosure states as well.

The stay imposed by 11 USC §362(a) is applicable to (a) pending and future foreclosure actions initiated by the Debtors or in those states providing for non-judicial foreclosures, by a borrower, and (b) pending and future eviction proceedings with respect to properties for which a foreclosure has been completed or pending, and all counter and original claims by homeowners against the Debtors.

On June 1, 2012, subsequent to the May 14, 2012, Automatic Stay being imposed by the Bankruptcy Court, the District Court for the Eastern District of Kentucky, Division of Lexington, issued a final Order in the TILA rescission lead case 08-cv-459 and in 09-cv-362.

Although the Bankruptcy Code has automatically stayed these proceedings, for both the District Court and the 6th Circuit of Appeals; in light of the fact that on June 1, 2012, the District Court violated the automatic stay, the Appellants have, in an over abundance of caution, filed their timely Notice of Appeal in relation to the June 1, 2012 final Order.

This Notice of Appeal was not filed to deliberately violate the automatic stay, but to protect the Appellants from having to possibly defend a future Motion to Dismiss the Appeal for arguably filing of a tardy Notice of Appeal.

(Undersigned Counsel's Attestation as to Participation GMAC's Creditor's Committee)

On June 22, 2012, at the request of the Rescap/GMAC debtors' Chapter 11 attorneys, Morrison & Foerster, LLP, and the Court Appointed Unsecured Creditors Committee Chairman, Kramer Levin Naftalis & Frankel, LLP, undersigned counsel participated in a joint telephone conference with above-referenced counsel and representatives from the United States Trustees Office, the United States Department of Justice, the National Association of Bankruptcy Attorneys, the National Consumer Law Center, in-house

counsel for Ally Bank and other private law firms representing private parties to Declaratory Judgments and with broad ranging legal issues against the GMAC debtors and those representing Class action Plaintiffs against the GMAC debtors.[4]

   The purpose of the meeting was to attempt to present to the Bankruptcy Court an Agreed Proposed Supplemental Order to address the handling of the tens of thousands of MBS investor and consumer fraud claims (mirroring those in the March 2012 Department of Justice/Attorneys General multi-billion dollar Complaint[5]) and consumer affirmative defenses (such as the jurisdictional issue of standing which would bar foreclosure) in the context of the debtor GMAC's bankruptcy.

   The Supplemental Order, whether by agreement or as the result of a hearing by the Bankruptcy Court, should address whether certain cases will be litigated as Adversarial Proceedings to the bankruptcy, or allowed to be litigated outside of the bankruptcy.

   However, the Supplemental Order will not address the "million dollar question" as posed by the United States Trustee, "when the assets of the servicing arm of the debtor are sold within the next 6 months, will the buyer have take the litigation as well."   The cases *subjudice* and the claims against the GMAC entities and their agents will be directly affected by the bankruptcy court's ultimate decision.   Should the buyer have to take the good the bad and the ugly with the GMAC purchase, the buyer will have to be substituted by Motion as the named party.   The buyer will appoint their own attorneys to

---

[4] Undersigned counsel has both broad ranging cases, such the cases before the Court and serves as counsel for Class actions Plaintiffs against the GMAC debtors.     Although Levin Kramer Naftalis & Frankel, LLP has been named by the Court as the Chairman for the Creditors, the Creditors Committee has yet to be officially named by the Court.
[5] *See*.   Footnote 2.

the cases and the cases will again be practiced and appealed outside of the jurisdiction of the Bankruptcy Court.[6]

(Notice of Additional Consolidated Case)

Although the consolidated cases against and by the GMAC entities were stayed on May 14, 2012, the Appellants also give the Appellate Court Notice that since the issuance of the 6th Circuit's December 6, 2010, Abeyance Order, another case was consolidated with the lead TILA Rescission case, 08-cv-459, *Haffey v. Gentry Mechanical Systems*, 11-cv-188.   The case is a Quiet/Slander of Title and robo signing fraud case against the "new" 2009 lien recorder, Deutsche Bank as Trustee, and the GMAC robo signing employee, who simultaneously claimed  to be a "MERS executive," and who executed an Assignment of Mortgage, out of  MERS name.

A final appealable Order has yet to be issued in this, the last case.   The case stands as the last piece of the puzzle for the comprehensive appeal of the cases in their entirety.

WHEREFORE, based on the foregoing, the Appellants respectfully request that the Court recognize the May 14, 2012, Automatic Stay in relation to the cases, as dictated to undersigned counsel by the May 24, 2012, Notice of Chapter 11 Bankruptcy.

---

[6] It has also been discussed among the Creditors "committee" that the buyer will likely be inclined to find efficient solutions and settlements to the mortgage fraud "garbage" it would be forced to acquire from GMAC.   This position would be diametrically opposed to the position taken by GMAC's current counsel, who have twice refused to attend scheduled mediations or engage in settlement discussions.   GMAC's current counsel is funded by the US taxpayers (which ironically includes the family farmers to this action,) as GMAC's parent company, Ally Bank is owned 74% by the US Taxpayers.

The buyer, such as Berkshire Hathaway, will be operating in the real business world and their attorneys, as their agents, beholden to shareholders.   This will end the gratuitous and unnecessary milking of files for years by GMAC's private lobbying law firms, which are now in violation of the March 2012 DOJ/Attorney General Judgment; and who have since the 2008 bailout, been knee deep in the government till and on the receiving end of attachment parenting, standing on a chair with a full set of teeth.

Furthermore, should the stay be lifted by Court Order of the USBC Southern District of New York; the Appellants respectfully request that the consolidated cases continue to be held in abeyance pending a final appealable decision by the District Court in the last consolidated case, 11-cv-188.

Dated:   June 30, 2012                    Respectfully submitted,

                                          */s/ Heather Boone McKeever*
                                          MCKEEVER LAW OFFICE PLLC
                                          3250 Delong Road
                                          Lexington, Kentucky 40515
                                          Tel.  859-552-7388
                                          Fax. 859-327-3277
                                          COUNSEL FOR APPELLANTS

                        CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion was served via ECF on this the 30th day of June, 2012 on the following:

Hon. Jonathan D. Rose
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street Suite 700
Nashville, Tennessee 37203
COUNSEL FOR APPELLEE GMAC MORTGAGE LLC,
DEUTSCHE BANK TRUST COMPANY AMERICAS,
RESIDENTIAL ACCREDIT LOANS, INC., and
RESIDENTIAL FUNDING COMPANY, LLC

Hon. David Kellerman
MIDDLETON REUTLINGER
2500 Brown & Williamson Tower
Louisville, Kentucky 40202-3410
COUNSEL FOR APPELLEE
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

                              */s/ Heather Boone McKeever*
                              Heather Boone McKeever