# The Deutsche Quiet Title Action Pleadings

**A**

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF KENTUCKY
## CENTRAL DIVISION at LEXINGTON

| | |
|---|---|
| **SHANE M. HAFFEY, on behalf of himself as a Relator Qui Tam on behalf of the Fayette County Clerk** ) ) ) ) | |
| ) | **Case No. _____** |
| **Plaintiff,** ) | |
| ) | **Removed from the Fayette Circuit** |
| **v.** ) | **Court, Ninth Division, Case No. 11-CI-** |
| ) | **2480** |
| **GENTRY MECHANICAL SYSTEMS,** ) | |
| **INC.; STATE FARM BANK, F.S.B.;** ) | **JURY DEMAND** |
| **DEUTSCHE BANK NATIONAL TRUST** ) | |
| **COMPANY AMERICAS, AS TRUSTEE;** ) | |
| **and PATRICIA KELLEHER, in her** ) | |
| **individual capacity and as an Officer of** ) | |
| **Mortgage Electronic Registration Systems,** ) | |
| **Inc.** ) | |
| ) | |
| **Defendants.** ) | |

## <u>NOTICE OF REMOVAL</u>

Defendant, Deutsche Bank Trust Company Americas, as Trustee ("Deutsche Bank")[1],

pursuant to 28 U.S.C. §§ 1441, 1446, hereby gives notice of the removal of this action to this

Court from the Circuit Court for Fayette County, Kentucky.  As grounds for this removal,

Deutsche Bank states as follows:.

1.      On or about May 10, 2011, Shane M. Haffey ("Plaintiff") commenced this action

against Deutsche Bank and the other named defendants by filing the Complaint in the Circuit

Court for Fayette County, Kentucky, bearing Case No. 11-CI-2480.

---

[1] Deutsche Bank Trust Company Americas, as Trustee was incorrectly named in the Complaint as "Deutsche Bank National Trust Company Americas, As Trustee."

2.      Plaintiff is, and was at the time this action was commenced, an individual residing in the State of Kentucky.  (See Complaint ("Compl."), Ex. A, "Introduction".)

3.      Deutsche Bank is, and was at the time this action was commenced, a New York corporation with its principal offices located in New York, York.  Therefore, Deutsche Bank is a citizen of New York for purposes of diversity jurisdiction.

4.      Defendant, Patricia Kelleher is, and was at the time this action was commenced, an individual residing in the State of Iowa.  (Compl., Ex. A, ¶ 17.)

5.      The Complaint lists State Farm Bank, F.S.B. as a defendant to the action, but does not assert any cause of action against State Farm Bank, F.S.B.  Accordingly, because the Complaint does not assert a colorable cause of action against State Farm Bank, F.S.B., its citizenship should not be considered for diversity purposes, pursuant to the doctrine of fraudulent joinder.  See Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C., 176 F.3d 904, 907 (6th Cir. 1999). Nevertheless, upon information and belief, State Farm Bank, F.S.B. is categorized under Commercial Banks (Unclassified) with its principal place of business in Bloomington, Illinois, and is therefore a citizen of Illinois.

6.      The Complaint lists Gentry Mechanical Systems, Inc. as a defendant to the action, but does not assert any cause of action against Gentry Mechanical Systems, Inc.  Accordingly, because the Complaint does not assert a colorable cause of action against Gentry Mechanical Systems, Inc., its citizenship should not be considered for diversity purposes, pursuant to the doctrine of fraudulent joinder.  See id.

7.      Throughout his Complaint, Plaintiff seeks to have the mortgage on his property, which serves as collateral for a $1,000,000 promissory note, deemed void, invalid, and unenforceable.  In addition, the Complaint seeks compensatory damages "up to and exceeding

Case: 5:11-cv-00186-JBC    Doc #: 1-7    Filed: 06/03/11    Page: 3 of 55 - Page ID#: 3

the fair market value of the property," which far exceeds the $75,000.00 amount-in-controversy limit.  (Compl., Ex. A. ¶ 39.)  Plaintiff also seeks "statutory damages as permitted by law," "treble damages as allowed by the acts," punitive damages, and costs and attorneys fees incurred. (Compl., Ex. A. ¶ 63.)

8.    This action is one in which the United States District Courts have original jurisdiction pursuant to 28 U.S.C. § 1332(a).  The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the matter is between citizens of different states.

9.    This action is removable pursuant to 28 U.S.C. § 1441(a).

10.    The United States District Court for the Eastern District of Kentucky is the appropriate court for filing a Notice of Removal from the Fayette County Circuit Court, where the instant action was originally filed.  Accordingly, Deutsche Bank seeks to remove this action to this United States District Court.

11.    Deutsche Bank was served with this action on or about May 13, 2011, and thirty (30) days have not yet expired since Deutsche Bank received service.

12.    Deutsche Bank will file a copy of this Notice with the Clerk of the Fayette County Circuit Court, and will also provide a copy of such notice to counsel for Plaintiff in accordance with 28 U.S.C. § 1446(d).

13.    Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders in this action is attached hereto as collective **Exhibit A**.

14.    Under the applicable provisions of 28 U.S.C. § 1441 and other applicable statutes, all of which Deutsche Bank has complied with, this cause of action is removable to the United States District Court for the Eastern District of Kentucky.

WHEREFORE, Deutsche Bank hereby gives notice of removal of the above-referenced action pending in the Circuit Court for Fayette County, Kentucky to this Court.

Respectfully submitted,

_/s/Jonathan D. Rose_____
Jonathan D. Rose (KBA# 88547)
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
Telephone:  (615) 252-2308
Facsimile:  (615) 252-6308
E-Mail:  jrose@babc.com

*Attorneys for Deutsche Bank Trust Company Americas, as Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed electronically. Notice of this filing will be sent by the means stated below to:

Via U.S. Mail, postage prepaid:

Heather Boone McKeever
McKeever Law Offices PLLC
3250 Delong Road
Lexington, KY  40515

State Farm Bank F.S.B.
One State Farm Plaza
Bloomington, IL  61710

Gentry Mechanical Systems, Inc.
Curtis Gentry, Agent for Service of Process
900 Enterprise Drive, Suite 150
Lexington, KY  40510

Patricia Kelleher
Mortgage Elecrtronic Registration Systems, Inc.
3451 Hammond Avenue
Waterloo, IA  50702

On this the 3rd day of June, 2011.

/s/ Jonathan D. Rose
Jonathan D. Rose

**Deutsche Bank**

1761 East St. Andrew Place
Santa Ana, CA  92705-4934

Tel  714 247 6000
Fax 714 247 6009

FTW LEGAL
MAY 3 1 2011
RECEIVED

May 16, 2011

GMAC/RFC Mortgage Corporation
Attn:  Legal Department
3451 Hammond Avenue
Waterloo, Iowa 50702
800-766-4622

*RE:*   *Shane M Haffey vs. Gentry Mechanical Systems Inc et al.; for property located at 3451
       Hammond Ave Waterloo IA 50702 Case No, 11-CI-2480*

Dear Legal Department,

Enclosed please find a SUMMONS and COMPLAINT received by Deutsche Bank (f/k/a
Bankers Trust) on May 13, 2011, via certified mail (7010 3090 0003 1679 0947) in connection
with the above referenced issue.  Under the Pooling and Servicing Agreement, GMAC, as
Servicer, must handle this matter as part of your servicing obligations and take the following
steps and any others that you deem necessary, to hold Bankers Trust free of liability:

1.   enter an appearance in the action;
2.   monitor the progress of the action, and let us know of any resolution;
3.   notify us if at any time it appears that Bankers Trust may have any liability in this
     matter.

The agreement itself governs your obligation in this matter.  If you feel some other course of
action is preferable, you will be required to have a case-by-case discussion with Bankers Trust, as
well as an express written waiver.  Our intention here is simply to avoid duplicate legal expenses.

Sincerely,

Maged Ghattas

GMAC - Iowa

## COMMONWEALTH OF KENTUCKY
### FAYETTE CIRCUIT COURT
#### DIVISION
NO. 11-CI- _____

SHANE M. HAFFEY,
*on behalf of himself and as a Relator Qui Tam*
*on behalf of the Fayette County Clerk*                     PLAINTIFF

v.                                    **COMPLAINT**

GENTRY MECHANICAL SYSTEMS, INC.;

STATE FARM BANK, F.S.B.;                          MAY 1 0 2011

DEUTSCHE BANK NATIONAL TRUST COMPANY
AMERICAS AS TRUSTEE; *and,*

PATRICIA KELLEHER, *in her individual capacity*
*and as an Officer of Mortgage Electronic*
*Registration Systems, Inc.*                       DEFENDANTS

* * * * * * * * * * * * *

    Comes the Plaintiff, by and through counsel and for his claim before this Court hereby
states the following:

### I.  INTRODUCTION

    This is a claim in equity to Quiet Title and for damages in relation to three (3) liens
currently on record in Fayette County in relation to the Plaintiff's farm located at 3250
Delong Road Lexington, Kentucky 40515.

### II.  PARTIES

**The Plaintiff**

    1.   Since 2003, The Plaintiff, has been he holder of the original deed, in possession
and the owner in fee simple of a 100% unencumbered interest under Kentucky law in a
tenancy by its entirety.    The Plaintiff also files this action as Relator in Qui Tam on
behalf of the Fayette County Clerk in relation to the liens.

## Defendant State Farm Bank F.S.B.

2.   The Defendant State Farm Bank is a party to the action due to the existence of a lien against the property.

3.   The stated address of the Defendant on the face of the lien is One State Farm Plaza, Bloomington, Illinois 61710.

4.   State Farm's lien was statutorily dissolved in 2009.

5.   The claim against the Defendant State Farm is for the purpose of Quieting Title.

## Defendant Gentry Mechanical Systems

6.   Gentry Mechanical Systems, Inc. is a "bad" and "inactive" Kentucky Corporation with its registered Agent for Service of Process as Curtis Gentry 900 Enterprise Drive Suite 150, Lexington, Kentucky 40510.

7.   The Defendant Gentry Mechanical is a named Defendant due to the continued existence of a Mechanic' Lien on the Plaintiff's property at Deed Book 32 Page 192.

8.   The lien was statutorily dissolved under Kentucky law.

9.   Further, the Mechanic's Lien was filed with a fraudulent Affidavit, based entirely on hearsay, drafted and executed by the Defendant's Attorney; said Attorney acting as the Mechanic's witness in violation of Kentucky Supreme Court Rule.

10.   The claim against the Defendant Gentry Mechanical Systems is for the purpose of Quieting Title and for damages relating to the illegal filing of the lien.

## Deutsche Bank National Trust Company Americas as Trustee

11.   The Defendant, Deutsche Bank National Trust Company Americas as Trustee, hereinafter, ("Deutsche,") is a named Defendant due to the continued existence of an illegally filed mortgage lien against the Plaintiff's property.

12.   Deutsche is a legally non-existent entity.

13.   Deutsche has listed on the lien its place of business as 1761 East Street, Andrew Place, Santa Ana, California 92705

14.   Deutsche is not registered to do business in the State of Kentucky as a corporation or Business Trust.

15.   Upon information and belief, based on the public records of the other 49 states, the Defendant Deutsche is not registered in any state as a business entity or business trust. The Defendant Deutsche lacks capacity to file any documents into the public records of

the Commonwealth of Kentucky and has filed the lien in question in violation of Kentucky law.

**Patricia Kelleher**

16. The Defendant, Patricia Kelleher, in her individual capacity and as an Officer of Mortgage Electronic Registration Systems, Inc. ("MERS,") is the individual who executed the lien in question for the benefit of Deutsche.

17. Her address as listed on the lien is 3451 Hammond Avenue Waterloo, Iowa 50702.

18. Upon information and belief, at the time the lien was executed, Kelleher was actually an employee of some unknown branch of the Corporation, GMAC; and employed by GMAC for the sole purpose of fabricating illegal, forged and fraudulently filed liens on behalf of third parties like Deutsche. Otherwise known in the media as a "robo signer."

### III. JURISDICTION AND VENUE

19. The Court has original and the only subject matter jurisdiction over the Plaintiffs' statutory and common law violation of Kentucky law. There are no federal causes of action raised. There is not complete diversity among the parties.

20. Venue is proper in this Judicial Circuit as the lead Plaintiffs' property is located in Fayette County, Kentucky.

### IV. STATEMENT OF THE CASE AGAINST DEUTSCHE AND KELLEHER

21. The Plaintiff has never executed a Promissory Note to the Defendant Deutsche or any other party. In other words, the Plaintiff was never a party to any mortgage loan relating to the property.

22. The Plaintiff never executed a mortgage lien to the Defendant, Deutsche or Deutsche's predecessor in interest, MERS.

23. In 2009, Deutsche and Kelleher conspired together to have drafted, executed, and notarized a publicly filed Mortgage lien on the Plaintiff's farm.

24. The Plaintiff had never been a party to the mortgage loan referenced in the Deutsche/Kelleher mortgage lien.

25. Upon information and belief, Kelleher, is or was an employee of a completely unrelated entity, GMAC Mortgage.

3

26.    Kelleher executed the mortgage as an employee of Mortgage Electronic Registration Sytems, Inc.  Kelleher has never been an employee of MERS.

27.    Kelleher's signature was procured at the request of Deutsche for the sole and only purpose of filing an illegal, forged and fraudulent lien and and to further commit fraud on the Fayette County Clerk by filing the lien.

28.    Kelleher is what is commonly known as a GMAC "robo signer."  Her action in the case subjudice mirror those of her more famous and prolific robo signing "brother," Jeffrey Stephan.

29.    In 2010, the Ohio Attorney General filed an action against Jeffrey Stephan.  As Kelleher's actions and role in this matter are identical to Jeffrey Stephan, the Complaint against Stephan is attached hereto for background as Exhibit "A."

30.    In the fall on 2010, GMAC publicly admitted in the national media that employees like Patricia Kelleher and Jeffrey Stephan had illegally fabricated thousands of mortgage documents and liens across all 50 states.

31.    In November 2010, all 50 State Attorney Generals filed a joint action against GMAC.

32.    In April 2011 the FDIC issued a Cease and Desist Order specifically to GMAC as the fabricated liens and to compensate and make whole the property owners whose Titles had been blighted by the actions of their employees.    The Cease and Desist Order is attached hereto as Exhibit "B."

33.    Other samples of Kelleher's robo signed and illegally drafted mortgage documents are attached hereto as Exhibit "C."

34.    The Assignment reflects that it was drafted, executed and notarized in the state of Iowa.  The Assignment was sent across state lines through the US Mail to be recorded in the state of Kentucky.

## V.  CAUSES OF ACTION AGAINST DEUTSCHE AND KELLEHER
### COUNT 1.
### KRS 411.120  Quiet Title

35.    Any person having both the legal title and possession of land may prosecute suit, by petition in equity, in the circuit court of the county where the land or some part of it lies, against any other person setting up a claim to it. If the plaintiff establishes his title to

Case: 3:11-cv-00188-GFVT Doc #: 2630-7 Filed: 01/22/13: Entered: 01/22/13 15:16:09 Page 1 of 11
Case 3:01-mg-00100-oGO Doc #: 2630-7 Filed 01/22/13: Entered 01/03/03 11 age 8 of 15 Exhibit 1
(Part 7)   Pg 13 of 88

the land the court shall order the defendant to release his claim to it and to pay the plaintiff his costs, unless the defendant by his answer disclaims all title to the land and offers to give such release to the plaintiff, in which case the plaintiff shall pay the defendant's costs, unless for special reasons the court decrees otherwise respecting the costs.

36.   Based on this Petition in Equity, the property owners are entitled to have clear title restored and the Court should Order the Clerks of Fayette County to release all mortgages and strike all mortgage assignments filed in the name of the Defendants.

## COUNT 2.
## Common Law Slander/Defamation of Title

37.   The Defendants have knowingly and maliciously communicated, in writing, a false statement which has the effect of disparaging the plaintiff's title to property.     The property owners have incurred special damage as a result.

38.   The  elements of a slander of title cause of action are 1.)    The uttering and publication of the slanderous words by the defendant, 2.)   The falsity of the words, 3. ) Malice, and 4.)   The suffering of actual damages.

39.   The Defendants, Kelleher and Deutsche, acting together 1.)   Published the lien in the public record.   2.)     The lien Assignment was  forged by Kelleher on behalf of Deutsche and at Deutsche' request.    The lien was not requested by the previous lien holder, MERS.    The forged document was fraudulently filed in the public record by Deutsche.    3.)     The forged and fraudulent lien was filed in the public record with Malice, which is presumed if the disparagement of title to real property is false, causes damage, and is not privileged. The lien was filed in bad faith with unclean hands.   4.) Actual damages have been suffered up to and exceeding the fair market value of the property on the date the fraudulent and forged lien was recorded.   Additionally, under Kentucky law, punitive damages are warranted.

## COUNT 3.
## KRS  434.155 Filing Illegal Liens

40.     (1) A person is guilty of filing an illegal lien when he files a document or lien that he knows or should have known was forged, groundless, contained a material misstatement, or was a false claim.

(2) Filing an illegal lien is a Class D felony for the first offense, a Class C felony for any second offense, and a Class B felony for any subsequent offense.

41. In the case at hand, all four of the grounds exist. The lien was forged by Kelleher at the request of Deutsch; the lien was groundless as the Plaintiff has never had a financial obligation to Deutsche or any other entity, nor has he ever been a party to a mortgage loan, nor has Deutsche ever owned a loan in relation to the property; the lien contains misstatements made for the sole purpose of having the lien accepted for filing by the Fayette County Clerk; and is a false claim against the property.

42. Although violations of the Act are a criminal offense, civil restitution to the Plaintiff may be awarded and is warranted.

43. All parties taking part in or who conspired with those who participated in the acts or practices in question are jointly and severally liable.

### COUNT 4.
### KRS 516.030 Kentucky Forgery in the Second Degree

44. (1) A person is guilty of forgery in the second degree when, with intent to defraud, deceive or injure another, he falsely makes, completes or alters a written instrument which is or purports to be or which is calculated to become or to represent when completed:
(a) A deed, will, codicil, contract, assignment, commercial instrument, credit card or other instrument which does or may evidence, create, transfer, terminate or otherwise affect a legal right, interest, obligation or status; or
(b) A public record or an instrument filed or required or authorized by law to be filed in or with a public office or public employee; or
(2) Forgery in the second degree is a Class D felony.

45. The forgery on the Assignment was an "Unauthorized Signature" under Kentucky's Uniform Commercial Code, meaning "a signature made without actual, implied, or apparent authority." KRS 355.1-201(2)(ao). Nor is the Assignment "Genuine" meaning "free of forgery or counterfeiting." KRS 355.1-201(2)(s). The Assignment is null and void. It is unenforceable.

46. The acts of the Defendants in forging the mortgage assignment and the subsequent filing of such with the Fayette County Clerk violates both sections (1)(a) and (1)(b.)

47.   Although violations of the Act is a criminal offense, civil restitution to the Plaintiff may be awarded and is warranted.

48.   All parties taking part in or who conspired with those who participated in the acts or practices in question are jointly and severally liable to the Plaintiff.

## COUNT 5.
### KRS 516.060 Criminal Possession of a Forged Instrument

49.   (1) A person is guilty of criminal possession of a forged instrument in the second degree when, with knowledge that it is forged and with intent to defraud, deceive or injure another, he utters or possesses any forged instrument of a kind specified in KRS 516.030.
(2) Criminal possession of a forged instrument in the second degree is a Class D felony.

50.   The Defendants worked together to create the forge Mortgage Assignments. Therefore knowledge of the forgery is irrefutable.  The Defendants both possessed and uttered the forgeries in to the land records across Kentucky.

51.   Although violations of the Act is a criminal offense, civil restitution to the Plaintiff may be awarded and is warranted.

52.   All parties taking part in or who conspired with those who participated in the acts or practices in question are jointly and severally liable.

## COUNT 6.
### KRS 378.010 and 378.030 Fraudulent Conveyance

53.   **378.010 Fraudulent conveyances and encumbrances -- Void as to whom -- Exception.**

Every gift, conveyance, assignment or transfer of, or charge upon, any estate, real or personal, or right or thing in action, or any rent or profit thereof, made with the intent to delay, hinder or defraud creditors, purchasers or other persons, and every bond or other evidence of debt given, action commenced or judgment suffered, with like intent, shall be void as against such creditors, purchasers and other persons. This section shall not affect the title of a purchaser for a valuable consideration, unless it appears that he had notice of the fraudulent intent of his immediate grantor or of the fraud rendering void the title of such grantor.

54.   **378.030 Action on fraudulent conveyance or encumbrance of real property -- Proceedings.**

Any party aggrieved by the fraudulent conveyance, transfer or mortgage of real property may file a petition in equity against the parties thereto or

their representatives or heirs, alleging the facts showing his right of action, alleging the fraud or the facts constituting it and describing the property. When this petition is filed a lis pendens shall be created upon the property described, and the suit shall progress and be determined as other suits in equity and as though it had been brought on a return of nulla bona.

55. The fraudulent conveyance of a mortgage at the hand of Kelleher renders the lien VOID. The Plaintiff is aggrieved by the transfer of a mortgage of his real property. This action serves as a Petition in Equity against the Defendants. A lis pendens "suit pending" and notice to the world is now created upon the parties' property and a lis pendens shall exist.

56. All parties taking part in or who conspired with those who participated in the acts or practices in question are jointly and severally liable.

## COUNT 7.
## COMMON LAW FRAUD AND INJURIOUS FALSEHOOD

**Fraud:**

57. Fraud occurs generally where there is an intentional deception made for personal gain or to damage another. For a civil verses a criminal claim under Kentucky law, there are six elements: 1) a "material misrepresentation;" 2) "which is false;" 3) which Defendant knew "to be false or made recklessly;" 4) which was made in order to induce Plaintiff to act in a certain manner; 5) that Plaintiff so acted in reliance on the misrepresentation; and, 6) that Plaintiff was injured as a result of this reliance. Common law fraud may be proved in Kentucky based solely on circumstantial evidence.

58. The forged and publicly filed "false" mortgage assignment in this case and the others perpetrated by Deutsche and Kelleher are the key element to the Defendants being able to perpetrate fraudulent foreclosures against Kentucky homeowners. The Defendants conspired together and "knew" the "material representations were "false." The material representations to the Fayette County Clerk was made so that the Clerk and the world at large would believe that the Defendant Deutsche had legitimate claim in the Plaintiff's property.

59. There could possibly be no more serious injury to a Kentuckian than an illegal lien and/or the use of an illegal lien to attempt to divest him of his private property.

**Injurious Falsehood:**

8

60.   One who publishes a false statement harmful to the interests of another is subject to liability for pecuniary loss resulting to the other if (a) he intends for publication of the statement to result in harm to interests of the other having a pecuniary value, or either recognizes or should recognize that it is likely to do so, and (b) he knows that the statement is false or acts in reckless disregard of its truth or falsity.

61.   The lien is a published false statement intended to do harm in which the Defendants clearly recognized a.)  would keep the property y from being transferred, b.) prevent the property from ever having clean Title or c.) could be used to attempt to illegally divest the property owner of Title.

62.   The Defendants knew the lien was forged, fabricated, filed against a property Deutsche had no interest in a loan with the Defendant.    The Defendants are subject to liability for the pecuniary loss  to the Plaintiff relating to a) through c.) aforementioned.

## VI.   CONCLUSION

63.   These violations as aforementioned entitle the Plaintiff to have the Title to his farm Quieted and to recover the damages  sustained as a result of the filing of the lien.   He is entitled to statutory damages as permitted by law; restitution under for the violations of the criminal acts, treble damages as allowed by the acts, punitive damages, and cost and attorneys fees incurred.

64.  The Plaintiff is entitled to equitable relief as to the clearing and quieting of the title to the property.

## VII.   JURY TRIAL AND DEMAND FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court enter judgment against the Defendants and award all equitable damages, costs and any other  relief the Court deems proper as follows:

1.   An award of actual and compensatory damages, statutory damages as permitted by law; restitution under for the violations of the criminal acts, treble damages as allowed by the acts, punitive damages, and cost and attorneys fees incurred and equitable relief as to the clearing and quieting of the title to his property.

2.   Quiet Title to the property by Court Order against all Defendants, and if necessary an Order to the Fayette County Clerk to Release and Strike the Liens from the Record

3.   A trial by jury.

4.   Any other relief legal and/or equitable to which the Plaintiff is entitled at law or or equity for which the Court deems proper, including, according to proof, exemplary or punitive damages as may be necessary and appropriate to punish the past and present and deter future reprehensible misconduct.

Dated May 9, 2011.

Respectfully submitted,

/s/ _____

Heather Boone McKeever
McKEEVER LAW OFFICES PLLC
3250 Delong Road
Lexington, Kentucky 40515
foreclosurefraud@insightbb.com
Tel:  859-552-7388

U.S. District Court, Eastern Dist. of Kentucky 01/22/13 15:16:09 Exhibit 1 of 1
Case: 5:11-cv-00188-JBC Doc #: 1-2 Filed: 06/03/11 Page: 1 of 1 - Page ID#: 14
(Part 7)    Pg 19 of 88

...

# *Civil*
# *Case Assignment*

Case number **5:11-CV-188**

Assigned : Judge Karen K. Caldwell
Judge Code : 4313

Assigned on 06/03/2011

Request New Judge .....

%JS 44    (Rev. 3/99)
# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Shane M. Haffey, on behalf of himself and as a Relator Qui Tam on behalf of the Favette

**DEFENDANTS**

Gentry Mechanical Systems, Inc.; State Farm Bank, F.S.B.; Deutsche Bank Trust Company, As Trustee;

**(b)** County of Residence of First Listed Plaintiff    Fayette County, KY
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Heather Boone McKeever, McKeever Law Offices PLLC, 3250 Delong Road, Lexington, KY  40515 (859) 552-7388

Attorneys (If Known)

Jonathan D. Rose, Bradley Arant Boult Cummings LLP, 1600 Division Street, Suite 700, Nashville, TN 37203 (616) 252-2308

## II. BASIS OF JURISDICTION    (Place an "X" in One Box Only)

☐ 1  U.S. Government
       Plaintiff

☐ 2  U.S. Government
       Defendant

☐ 3  Federal Question
       (U.S. Government Not a Party)

☒ 4  Diversity
       (Indicate Citizenship of Parties
       in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for
(For Diversity Cases Only)    and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT    (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | **PERSONAL INJURY** | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | ☐ 362 Personal Injury— | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | Med. Malpractice | of Property 21 USC 881 | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | ☐ 365 Personal Injury— | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of | Slander | Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| Judgment | ☐ 330 Federal Employers' | ☐ 368 Asbestos Personal | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 151 Medicare Act | Liability | Injury Product | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 152 Recovery of Defaulted | ☐ 340 Marine | Liability | Safety/Health | | ☐ 850 Securities/Commodities/ |
| Student Loans | ☐ 345 Marine Product | **PERSONAL PROPERTY** | ☐ 690 Other | **LABOR** | Exchange |
| (Excl. Veterans) | Liability | ☐ 370 Other Fraud | | ☐ 710 Fair Labor Standards | ☐ 875 Customer Challenge |
| ☐ 153 Recovery of Overpayment | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **SOCIAL SECURITY** | Act | 12 USC 3410 |
| of Veteran's Benefits | ☐ 355 Motor Vehicle | ☐ 380 Other Personal | ☐ 861 HIA (1395ff) | ☐ 720 Labor/Mgmt. Relations | ☐ 891 Agricultural Acts |
| ☐ 160 Stockholders' Suits | Product Liability | Property Damage | ☐ 862 Black Lung (923) | | ☐ 892 Economic Stabilization Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage | ☐ 863 DIWC/DIWW (405(g)) | ☐ 730 Labor/Mgmt.Reporting | ☐ 893 Environmental Matters |
| ☐ 195 Contract Product Liability | | Product Liability | ☐ 864 SSID Title XVI | & Disclosure Act | ☐ 894 Energy Allocation Act |
| | | | ☐ 865 RSI (405(g)) | ☐ 740 Railway Labor Act | ☐ 895 Freedom of |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **FEDERAL TAX SUITS** | | Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 870 Taxes (U.S. Plaintiff | ☐ 790 Other Labor Litigation | ☐ 900 Appeal of Fee |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | or Defendant) | | Determination |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | ☐ 871 IRS—Third Party | ☐ 791 Empl. Ret. Inc. | Under Equal Access to |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | 26 USC 7609 | Security Act | Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of |
| ☒ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | State Statutes |
| | | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN    (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original
     Proceeding

☒ 2 Removed from
     State Court

☐ 3 Remanded from
     Appellate Court

☐ 4 Reinstated or
     Reopened

☐ 5 Transferred from
     another district
     (specify)

☐ 6 Multidistrict
     Litigation

☐ 7 Appeal to District
     Judge from
     Magistrate
     Judgment

## VI. CAUSE OF ACTION    (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. 1332 - Removal of Quiet Title Action

## VII. REQUESTED IN
COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION DEMAND
UNDER F.R.C.P. 23

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S)
IF ANY

(See instructions):

JUDGE    Jennifer B. Coffman

DOCKET
NUMBER    5:08-cv-459 (lead consolidated action)

DATE    6/3/2011

SIGNATURE OF ATTORNEY OF RECORD
Jonathan D. Rose /JCtab

**FOR OFFICE USE ONLY**

RECEIPT #_____    AMOUNT_____    APPLYING IFP_____    JUDGE_____    MAG. JUDGE_____

**B**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

**CIVIL ACTION NO. 11-188-JBC**

**SHANE M. HAFFEY,**                                                                    **PLAINTIFF,**

**V.**                                              **JUDGMENT**

**GENTRY MECHANICAL SYSTEMS,**
**INC., ET AL.,**                                                                **DEFENDANTS.**

* * * * * * * * * *

The court, having granted defendant Deutsche Bank's motion for judgment

on the pleadings, R. 32, in *Shane M. Haffey, etc., v. Gentry Mech. Sys., Inc., et*

*al.,* Lexington Civil Action No. 11-188, enters **JUDGMENT** in accordance with that

order.

There being no just cause for delay, this order is **FINAL** and **APPEALABLE.**

This matter is **STRICKEN** from the court's active docket.

Signed on October 3, 2012

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

C

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION AT LEXINGTON**

|  |  |  |
|---|---|---|
| **GMAC MORTGAGE, LLC, on behalf of** | ) | **LEAD CIVIL ACTION NO. 5:08-cv-459-JBC** |
| **DEUTSCHE BANK, as Trustee,** | ) | **CONSOLIDATED CIVIL ACTION NO. 11-188-JBC** |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| **HEATHER BOONE MCKEEVER a/k/a** | ) | |
| **HEATHER M. HAFFEY,** | ) | **PLAINTIFF'S RULE 59 AND RULE 60 MOTION TO VACATE ORDERS** |
| **and** | ) | **DOC. #s 178, 45, & 46 IN RELATION TO THE AUTOMATIC STAY** |
| **SHANE M. HAFFEY,** | ) | |
| **Defendants.** | | |

Comes the Plaintiff, and GMAC Bankruptcy Creditor, Shane Haffey, and hereby files his Motion for Reconsideration by filing a Motion to Vacate, Alter or Amend and Relief, under Fed R. Civ. Proc. 59 and 60 as to: Doc. #178, entered September 18 2012, ORDER: (re: 11-cv-188) - DENYING IN PART & GRANTING IN PART Shane Haffey's (38) motion for extension of time to file a reply brief to the motion to alter or amend the summary judgment & for relief from judgment & second notice of automatic stay; Doc. #45, entered October 3, 2012, MEMORANDUM OPINION & ORDER: DENYING Haffey's [33] MOTION to Alter or Amend the [32] Judgment on the Pleadings by Shane M. Haffey(as a Relator Qui Tam), and Doc. #46, entered October 3, 2012, JUDGMENT in favor of Deutsche Bank National Trust Company Americas against Shane M. Haffey, based on the following:

<u>STATEMENT OF THE CASE</u>

In 2011, Haffey, filed a Quiet and Defamation of Title action against multiple parties with recorded liens and Lis Pendens to his family farm, including, a person identified as Patricia Kelleher, a "robo Signer" employed by GMAC Mortgage LLC.   Ms. Kelleher was served at GMAC's corporate offices in Waterloo, Iowa and represented by GMAC's counsel of record in this case.

The Court has been given previous notice that this specific case, is listed on the GMAC Chapter 11 Petition as an unliquidated claim against GMAC's bankruptcy estate. On September 17, 2012, undersigned counsel was served with all Orders relating to deadlines, instructions and procedure for filing the Proof of Claim for this specific case.

As instructed by bankruptcy Judge Martin Glenn, a Proof of Claim will be filed in relation to this specific case.

<u>GROUNDS FOR THE MOTION</u>

This Motion specifically relates to the Court's issuance of three Orders subsequent to the denial of the recognition of the Bankruptcy Stay imposed in GMAC's bankruptcy case, effective May 14, 2012.   The Court has based its decision on its own interpretation of Federal Bankruptcy law and Judge Martin Glenn's Omnibus Supplemental Order issued in relation to the Stay.

Contrary to Chief Judge Jennifer B. Coffman's personal interpretation of Bankruptcy law and Judge Glenn's Supplemental Order, The 6th Circuit has recognized the Injunction imposed by the Stay in relation to the pending consolidated cases, and the cases are to remain Stayed and in abeyance, until further instruction from the Bankruptcy Court.

On  August 17, 2012, the Creditor, filed a SCHEDULED CREDITOR'S MOTION FOR THE CLARIFICATION/ENFORCEMENT OF THE AUTOMATIC STAY AGAINST THE DEBTORS, CO-CREDITOR DEUTSCHE BANK AMERICAS AND COUNSEL.  The Motion is attached hereto and incorporated herewith as Exhibit "A."

The Motion was originally set for a hearing and oral argument on November 13, 2012, but the hearing has since been adjourned; the proposed auction sale of the GMAC debtors loan and servicing portfolio, scheduled to take place in the weeks prior thereto. [1]

Based on a telephone conversation with Judge Glenn's office, the Motion shall be set and Noticed for hearing and oral argument in the latter part of January 2013.

WHEREFORE, the Movant respectfully requests that the Court Vacate Orders Doc. #178, #45 and #46  and consistent with the 6th Circuit, await an Order  and instruction from Hon. Judge Martin Glenn, accordingly.

Dated:   October 26, 2012                            Respectfully submitted,

                                                     /s/Heather McKeever
                                                     Heather Boone McKeever
                                                     MCKEEVER LAW OFFICES PLLC
                                                     3250 Delong Road
                                                     Lexington, Kentucky 40515
                                                     (843-323-1174)
                                                     *Attorney for the Plaintiff*

---

[1] GMAC and its servicer employee, Patricia Kelleher, have claimed throughout these proceedings to have been hired by a private label MBS to act as a servicing or collection agent.   As such, there are claims against GMAC as a servicer.   The Servicing side of GMAC Mortgage LLC, is to be sold in its entirety, and under bankruptcy law, the fraud claims and damages in this matter may pass to the third party purchaser.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by ECF on

this the 26th day of October, 2012 on the following:

Hon. Christopher Thorsen & Hon. Jonathan D. Rose
Bradley Arant Boult Cummings LLP
1600 Division Street Suite 700
Nashville, TN 37203
*Attorney for*
*Deutsche Bank Trust Company Americas as Trustee*
*GMAC Mortgage LLC Employee Patricia Kelleher and*
*GMAC MORTGAGE LLC*                    */s/Heather McKeever*

**MCKEEVER LAW OFFICES PLLC**
Heather Boone McKeever, Esq.
P.O. Box 1181
Isle of Palms, South Carolina 29451
Telephone: 843-323-1174
Facsimile: 859-327-3277

RECEIVED
AUG 17 2012
U.S. BANKRUPTCY COURT
SO. DIST. OF NEW YORK

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |

## SCHEDULED CREDITOR'S MOTION FOR THE CLARIFICATION/ENFORCEMENT OF THE AUTOMATIC STAY AGAINST THE DEBTORS, CO-CREDITOR DEUTSCHE BANK AMERICAS AND COUNSEL

Comes the Scheduled Creditor, Shane M. Haffey, a family farmer, by counsel, and hereby files his Motion for the Enforcement of Automatic Stay against the Debtors and Enforcement of the Stay and Injunctive Relief Against Co-Creditor Deutsche Bank Americas and its Counsel of Record. The Declaration of the Movant and that of undersigned counsel are attached hereto and incorporated herewith as Exhibits "A" and "B," respectfully. Although there are claims against multiple Debtors, unless otherwise specified, the term "Debtor(s)" refers to Debtor GMAC Mortgage LLC.

The Motion is based on the following Memorandum:

# MEMORANDUM FOR CLARIFICATION/ENFORCEMENT OF THE AUTOMATIC STAY

## INTRODUCTION

On August 8, 2012, the Court entered its MEMORANDUM OPINION AND ORDER DENYING AURORA BANK'S MOTION TO MODIFY THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(d.) (ECF Doc. # 1021.)

Although the opinion in regards to the Automatic Stay was detailed in its factual and legal analysis as to both bankruptcy law and the application of the Final Supplemental Order of July 13, 2012, the heart and soul of the decision rested in the Court's affirmation that "the Court will not permit the automatic stay to be used as both a sword and a shield." *Id.* at 2.

The Motion before the Court involves the application of the "sword and shield" principal in the inverse, to a series of homeowner creditor claims against the Debtors, ("the cases,") which are pending before the 6th Circuit Court of Appeals and the United States District Court for the Eastern District of Kentucky Lexington Division and the Kentucky Fayette Circuit Court.[1]  The Motion also pertains to directly related potential claims against the Debtors, individual employees of the Debtors and two of the Debtor's outside litigation law firms as Co-Defendants.

The cases have been listed by the Debtors on its schedules as unsecured claims.

---

[1] One of cases is "potentially" before the Kentucky Fayette Circuit Court as it is a Kentucky state filed slander of title, quiet title, and forgery claim against a "robo signed" Assignment of Mortgage drafted, executed and notarized by GMAC Mortgage LLC employees.  One of the issues in the case is the attempted removal to Federal Court by GMAC's attorneys, Bradley, Arant Boult, and Cummings.  (BABC,) and the subsequent Motion to Remand filed by the farm owner/creditor.

The cases have direct monetary claims against debtors GMAC Mortgage LLC, Rescap, RALI, RFC, and individual employees of GMAC Mortgage LLC.

The claims are in excess of the fair market value of the Lexington, Kentucky family farm which is at the crux of the cases.

The cases contain direct monetary claims against employees, such as GMAC robo signer, Patricia Kelleher and unnamed employees who played a part in fraudulent document drafting, execution and recording of both the Note, endorsements to the Note and Assignments of Mortgage.

The cases contain pending and potential claims against the agents of the Debtors, including individual attorneys and the Debtors' retained law firms of Bradley Arant Boult Cummings (BABC) and Cincinnati foreclosure mill, Dinsmore & Shohl.

The cases contain claims against at least one "entity," Deutsche Bank as Trustee, for which the Debtors could be contractually obligated for damages under a SEC registered Pooling and Servicing Agreement. (PSA.)[2]    Under a PSA, the Debtor/Defendants will be responsible for damages awarded against Co-Defendant Deutsche Bank as Trustee, especially punitive jury awards for overt acts of negligence and for the alleged fraud committed by the Debtors' employees and agents.

GMAC Bank, is the specific endorsee to a copy of Note allegedly used by Deutsche Bank in a foreclosure.

---

[2]  Deutsche is referred to as an "entity" due to the fact that the Deutsche MBS Trust Corpus named by GMAC Mortgage LLC, as the Plaintiff in the lien enforcement case, does not exist in the records of the SEC or IRS.   Additionally, The GMAC robo signed Assignment of Mortgage, from MERS to Deutsche Bank as Trustee has no Trust Corpus listed.  The Assignment of Mortgage has been deemed fraudulent and a forgery by expert witness, Hon. Lynn Syzmoniak.

The direct claims in the cases against the Debtor/Defendants and Deutsche Bank put the Debtor/Defendants and Deutsche as Trustee in direct conflict. Regardless of this conflict of interest, the law firm BABC, represents both Deutsche Bank and the Debtor/Defendants simultaneously.

Although Mortgage Electric Registration Systems, Inc. ("MERS",) is a party to all the cases and is represented by it own Louisville, Kentucky counsel, the firm BABC also represents robo signer, Patricia Kelleher as a Defendant who is sued for fraud and forgery in her capacity as a MERS employee.

## UNDISPUTED FACTUAL BACKGROUND

On October 15, 2008, pursuant to Regulation Z of the Truth in Lending Act, the owners of a family farm rescinded a mortgage executed on May 18, 2007. The lien was not removed. Regardless, and pursuant to the TILA, the owners made a written "tender offer" for the value of the property and were fully prepared to follow the conditions of the TILA in regards to the rescission.

On the date of the rescission, the owners had never made a late payment in relation to the mortgage lien.

Prior to the rescission, payments were being made to Debtor, GMAC Mortgage LLC.

On the date of the rescission and up and until October 2009, the mortgage in question was recorded in the name of Mortgage Electronic Registration Systems, Inc. ("MERS.")

The Mortgage has never been recorded in the name of GMAC Mortgage LLC or GMAC Bank.

MERS had recorded the mortgage via an Assignment of Mortgage from the original Mortgagee, Bank of the Bluegrass and Trust Company.

The Assignment of Mortgage to MERS was dated, May 14, 2007, four days prior to the execution of the original mortgage.

The Assignment of Mortgage to MERS listed MERS as the "grantee" in its own right, not as a "nominee" of another entity.

MERS has never been a party in the chain of title to any Note for which the Mortgage would have been attached.

As a result of GMAC and MERS ignoring the TILA rescission, for which a written tender offer was made, and due solely to the continued refusal of counsel for GMAC Mortgage LLC, to engage in any form of settlement or mediation, the owner/creditors have been put through four years of costly federal litigation, with legal fees equating to up to 40% of the net present value of the farm.[3]

One year after the homeowners filed three separate monetary claims against the Debtors and the original lender and while a Declaratory Judgment on the TILA rescission and the direct monetary claims were pending, attorneys for the Debtors filed a lien enforcement (foreclosure) claim in equity in Federal Court.

The foreclosure claim was filed by the Debtor, GMAC Mortgage LLC's law firm.

The named Plaintiff used by the Debtors' law firm for the foreclosure claim was Deutsche Bank Americas as Trustee for 2007 QS-10 Trust.

---

[3]    The owner/creditor recently obtained the attorneys fees charged by BABC to GMAC Mortgage, LLC.    ($119,000.00+.)    Although the law firm BABC has represented Debtors GMAC Mortgage LLC, RALI, and RFC, simultaneously therewith, Deutsche Bank, MERS, and individual "employees" of MERS, the attorneys fees have been exclusively charged to debtor GMAC Mortgage LLC.
    Pursuant to the formula mandated and utilized by Fannie Mae. the attorneys fees charged to the Debtors, equate to nearly 40% of the "net present value" of the farm.

The foreclosure Complaint filed by GMAC's law firm in the name of Deutsche Bank contained a Note specifically endorsed to GMAC Bank.

In the Chapter 11 at hand, there are two cases at issue, listed on the schedules of the Debtors.   The cases involve allegations of fraud, forgery and fraud on the Court against the Debtor's and  the Debtor's law firms.

## PROCEDURAL BACKGROUND TO THE CREDITOR'S CASES

1. **Residential Capital LLC c/o KCC PRF:   HAFFEY-DEUTSCHE BANK & TRUST COMPANY OF THE AMERICAS V. HAFFEY 08-cv-459**

The  scheduled  claims  against  the  Debtor  are  contained  in  four  pending consolidated  cases,  noted  by  lead  case,  08-cv-459,  and  are  in  listed  in chronological order:

### (MERS SLANDER OF TITLE) [4]

08-cv-456    *Haffey v. MERS.* Pending 6th Circuit  Court of Appeals, case no. 10-5999.  Currently held in abeyance.

The Assignment of Mortgage from Bank of the Bluegrass to MERS us attached hereto as Exhibit "C."

a.)  Kentucky State Statutory Slander and Quiet  Title  against MERS and any and all Interested Parties to a May 14, 2007, Assignment of Mortgage to MERS.
- MERS held the May 14, 2007, Assignment of Mortgage in its own name, rather than as a "nominee."
- The original Mortgage was not executed by the owners until May 18, 2007.
- The original Mortgage can not be produced.
- GMAC Mortgage LLC and GMAC Bank had Notice of the case and chose not to participate.

---

[4] The  outcome  of  the  cases  in  relation  to  MERS  ability  to  record  and/or  transfer mortgages filed in its own name, and the identity of parties who have standing to participate in Declaratory Judgments to TILA Regulation Z Rescissions; are two of a half a dozen issues which will be of first impression in relation to Kentucky law.    The decisions not only effect every MERS recorded mortgage in Kentucky, but will have broad and far reaching effect on MERS mortgages in other judicial foreclosure states as well.

- The case challenges for the first time, the validity of every Mortgage and Assignment of Mortgage ever recorded in the state of Kentucky in the name of MERS in its own right.

## (DECLARATORY JUDGMENT ON THE RESCISSION) [5]
**08-cv-459**  *GMAC Mortgage LLC v. Haffey*. Pending 6th Circuit Court of Appeals.

a.)   Federal Declaratory Judgment in relation to the owners' October 15, 2008, TILA rescission of a MERS Mortgage lien.
  -  Filed by GMAC Mortgage LLC.
  -  GMAC Mortgage LLC or GMAC Bank have never been a Mortgagee.
  -  MERS, is the Mortgagee, in its own right, not as a "nominee."
  -  There is no Note or Mortgage entered into evidence with the Declaratory Complaint.
  -  In 2009, Debtor's attorneys substitute a third party, Deutsche Bank as the GMAC Mortgage LLC Plaintiff and begin their simultaneous representation of Debtors and Co-Creditor, Deutsche Bank Americas.
  - March 2, 2010, recorded Notice is given to the Debtors and their law firm that there is an FDIC investigation in regards to the robo signed Assignment of Mortgage.  (The investigation became part of the Department of Justice's fraud prosecution in the *Szymoniak*, Qui Tam case.)

### (TILA AND FRAUD CLAIMS FOR DAMAGES)
**08-cv-510**, *Haffey v. GMAC Mortgage LLC and MERS.*  Pending 6th Circuit Court of Appeals, case no. 10-5999.  Currently held in abeyance.

a.)   Damage claim based in TILA and Kentucky Conspiracy law against GMAC Mortgage LLC and the Mortgagee, MERS.
b.)   Treble and punitive damage claims in excess of 5 million dollars, ($5,000,000.00.)

### (LIEN ENFORCEMENT IN PERSONAM AND IN EQUITY WITH MONETARY COUNTERCLAIMS UNRELATED TO SET OFF)
**09-cv-362**, *Deutsche v. Haffey.*    Pending 6th Circuit Court of Appeals. Held in abeyance.

The Note endorsed to GMAC Bank is attached as Exhibit "D."
The 2009 Assignment of Mortgage from MERS is attached as Exhibit "E."
The Expert Witness Affidavit of Hon. Lynn Szymoniak is attached as Exhibit "F."

---

[5] Although GMAC Mortgage LLC filed a Declaratory Judgment in relation to the TILA Rescission, while a  Slander/Quiet Title against lien recorder, MERS, was pending, GMAC never participated as a party claiming an interest to the property, in the Slander/Quiet Title, 08-cv-456.

a.) A lien enforcement claim (foreclosure) in equity by Deutsche Bank of Americas as a Trustee for an unregistered 2007 REMIC MBS Bond Fund/Trust. BABC (Debtors' law firm) are current attorneys of record for Deutsche.

- Note attached to the Complaint is specifically endorsed to GMAC MORTGAGE LLC.

- There is a 2009 Post-foreclosure Mortgage Assignment from MERS in its own right to Deutsche Bank executed by GMAC Employee, posing as an employee of MERS.

- Affidavits executed by GMAC Mortgage LLC employees in relation to ownership of the Note, alleged to be based in fraud and a Fraud on the Court.

- Rule 11 raised against GMAC Mortgage LLC's attorneys, BABC as well as Fraud on the Court.

- Assignment of Mortgage deemed a fraud and forgery by Expert Witness, Lynn Szymoniak.

-The Affidavit and the case itself are contained in the evidentiary file of the Department of Justice's prosecution of the Debtors,

- Debtors law firm BABC have unique first hand knowledge that the Szymoniak Affidavit is part of the files of the Department of Justice.

- No discovery has ever been taken.

- Damage issues regarding BABC's violations of Rule 26 in regards to BABC's refusal to provide initial Court ordered discovery.

- Potential damage claims for Debtors' violation of the FDIC April 13, 2011 Consent Judgment. The foreclosure case was filed during the period covered by the Consent Judgment in regards to the Cease and Desist Order, mandatory litigation mitigation and financial remuneration for the filing of the fraudulent foreclosure.

- Two scheduled Mediations for the settlement of all four cases, unilaterally cancelled by BABC attorney, Christopher Thorsen, counsel of record for both Deutsche and the Debtors.

- Kentucky law requires an *in personam* claim and Judgment against all parties to the underlying debt, "the Note," as well as all parties to the Mortgage.

- Direct Counterclaim damages in excess of 5 million dollars ($5,000,000.00.)

## 2. (SLANDER OF TITLE, FORGERY AND FRAUD, AGAINST DEUTSCHE AND GMAC ROBO SIGNER PATRICIA KELLEHER)[6]

---

[6] The term "robo signer" is the official term used by the Justice Department in relation to the multi-billion dollar mortgage document fraud Complaint and 2012 Consent Judgment, filed by the Federal Government and all 50 Attorney Generals, to describe GMAC's use of its own employees to fabricate, execute and notarize false Affidavits in relation to ownership and interest in mortgage loans, including the GMAC employees statements under oath on Assignments of Mortgages that they are "Vice Presidents" or

**Residential Capital LLC c/o KCC PRF:  HAFFEY, ON BEHALF OF HIMSELF & AS A RELATOR QUI TAM ON BEHALF OF FAYETTE COUNTY CLERK VS GENTRY MECHANICAL SYS ET AL 11-cv-188.**

a.) *Qui Tam* Slander of Title against Deutsche and GMAC Mortgage LLC employee, Patricia Kelleher.

b.) Quiet Title as to robo signed Assignment of Mortgage to Deutsch generically with no MBS reference.

c.) Fraud and forgery under common law and Kentucky's recording and forgery statutes in the drafting, execution, notary and recording of a 2009 post-foreclosure Assignment of Mortgage from MERS to Deutsche Bank as Trustee. (There is no Trust Corpus or MBS listed on the Assignment of Mortgage.)

d.) Fraud on the Court by GMAC Mortgage LLC and counsel of record BABC.

e.) The case challenges for the first time, the legality of every Assignment of Mortgage ever recorded in the State of Kentucky wherein a GMAC Mortgage LLC employee has executed such posing as a MERS employee.

f.) Treble and punitive damages requested in excess of five million dollars ($5,000,000.00.)
   -   The Assignment of Mortgage has been deemed a fraud and forgery by the Expert Witness Affidavit, of Hon. Lynn Szymoniak.
   -   The Assignment of Mortgage is in the possession of the Department of Justice and is in the evidentiary file in relation to the Federal *Qui Tam* case,
   -    GMAC Mortgage LLC employee, Patricia Kelleher is a named Defendant in her individual capacity and as an employee of MERS.
   -    Counsel for GMAC Mortgage LLC, BABC is simultaneously representing Deutsche Bank as the recorded lien holder, Patricia Kelleher as a GMAC employee and MERS.
   -  Liability  for all damages will be the sole responsibility of the Debtors.

## POTENTIAL CLAIMS

In addition to the pending cases, the owner/creditor will be filing  direct monetary claims against the Debtors and their law firm, BABC.

The first claim is based on the Debtors and BABC's knowledge of the cases as part of an investigation by the Department of Justice, which includes the Affidavit of Expert Witness, Hon. Lynn Szymoniak and the specific Note and Mortgage documents at the center of the current cases.

---

other executives of MERS.    *See*. http://www.justice.gov/opa/pr/2012/March/12-asg-306.html, http://www.justice.gov/opa/documents/residential-consent-judgement.pdf

In April 2012, at the request of the Department of Justice, undersigned counsel met with and was interviewed by, United States Attorney, Hon. Fran Trapp, at the Department of Justice in Charleston, South Carolina.

United States Attorney Fran Trapp is the prosecutor in charge of the *Qui Tam* foreclosure fraud prosecution, *United States ex. Rel. Szymoniak v. GMAC/RESCAP, et al.,* which led to the 95 million dollar settlement with four of the five Defendants. *See Ms. Trapp's Press Release.*

http://www.justice.gov/usao/sc/LivePressReleases/3.12.12%20Szymoniak.pdf. The press release is attached for the convenience of the Court as Exhibit "G."

The Szymoniak Settlement is part of the National Mortgage Settlement ("the Consent Judgment") reached with both the Federal Government and the 50 Attorney Generals in regards to robo signing and other accusations of mortgage fraud. *United States of America v. Bank of America, et al.,* 2012-cv-361, United States District Court for the District of Columbia.

The Debtors are parties to and are currently bound by the Federal multi-billion dollar, Consent Judgment.

The second claim pertains to the Debtors and BABC's partnership in regards to the deliberate violations of the Debtors April 13, 2011, Consent Judgment between the Debtors and Board of Governors of the Federal Reserve and the FDIC.

The Judgment specifically targets the foreclosure actions of the Debtors between January 1, 2009 through December 31, 2010. The foreclosure in the cases at hand was filed in October 2009.

As part of the April 13, 2011, Judgment, the Debtors admitted:

"in connection with the process leading to certain foreclosures involving the Servicing Portfolio . . .

(a) Filed or caused to be filed in state courts and in connection with bankruptcy proceedings in federal courts numerous affidavits executed by employees of the Mortgage Servicing Companies or employees of third-party providers making various assertions, such as the ownership of the mortgage note and mortgage, the amount of principal and interest due, and the fees and expenses chargeable to the borrower, in which the affiant represented that the assertions in the affidavit were made based on personal knowledge or based on a review by the affiant of the relevant books and records, when, in many cases, they were not based on such knowledge or review;

(b) Filed or caused to be filed in courts in various states and in connection with bankruptcy proceedings in federal courts or in the local land record offices, numerous affidavits and other mortgage-related documents that were not properly notarized, including those not signed or affirmed in the presence of a notary;

(c) Litigated foreclosure and bankruptcy proceedings and initiated non-judicial foreclosures without always confirming that documentation of ownership was in order at the appropriate time, including confirming that the promissory note and mortgage document were properly endorsed or assigned and, if necessary, in the possession of the appropriate party;

(d) Failed to respond in a sufficient and timely manner to the increased level of foreclosures by increasing financial, staffing, and managerial resources to ensure that the Mortgage Servicing Companies adequately handled the foreclosure process; and failed to respond in a sufficient and timely manner to the increased level of Loss Mitigation Activities to ensure timely, effective and efficient communication with borrowers with respect to Loss Mitigation Activities and foreclosure activities; and

(e) Failed to have adequate internal controls, policies and procedures, compliance risk management, internal audit, training, and oversight of the foreclosure process, including sufficient oversight of outside counsel and other third-party providers handling foreclosure-related services with respect to the Servicing Portfolio.

In *the Matter of ALLY FINANCIAL INC., ALLY BANK, RESIDENTIAL CAPITAL, LLC GMAC MORTGAGE, LLC FRB* Docket No. 11-020-B-HC, 11-020-B-DEO, FDIC-11-123b, at 3.

There are three employees of the Debtors, who took personal responsibility in regard to the implementation and strict adherence to the Consent Judgment, in as far as the immediate "Cease and Desist" of the prosecution of illegal foreclosures and the payment

of damages to homeowners.

       WHEREAS, the boards of directors of Ally Financial, ResCap, and GMAC Mortgage, at duly constituted meetings, adopted resolutions authorizing and directing   Michael A.Carpenter, Thomas Marano, and Steven M. Abreu to enter into this Consent Order to Cease and Desist (the "Order") on behalf of Ally Financial, ResCap, and GMAC Mortgage, respectively, and consenting to compliance with each and every applicable provision of this Order by Ally Financial, ResCap, and GMAC Mortgage, and their institution-affiliated parties, . . .

*Id.* at 6.

The Debtors as represented by the three individual employees, and in partnership with the Debtors' law firm, BABC, have violated the Consent Judgment in regards to both the defense of the Creditor's 2008 monetary claims and the 2009 attempted foreclosure of the family farm.

The Creditor is third party contractual beneficiaries of the April 13, 2011 Consent Judgment and the 2012 Universal Consent Judgment executed by the Debtors.

There are outstanding claims against the Debtors, the Debtors' law firm BABC and Mr. Carpenter, Mr. Marano and Mr. Abreu for the violations of the Consent Order.

The direct monetary damages are directly connected to the pending creditor's cases at hand.

## DISCUSSION

## I.
## THE INJUNCTION PROVIDED BY THE AUTOMATIC STAY SHOULD BE ENFORCED IN REGARDS TO THE SCHEDULED CLAIMS  (THE CASES)

       The automatic stay affords "one of the fundamental debtor protections provided by the bankruptcy laws." *Midlantic Nat'l Bank v. New Jersey Dep't of Evntl. Protection*, 474 U.S. 494, 503 (1986). It maintains the status quo and protects the debtor's ability to formulate a plan for the sale or other disposition of property of the estate. COLLIER ON BANKRUPTCY ¶ 362.03 (16th ed. rev. 2012).

The automatic stay is intended to "allow the bankruptcy court to centralize all disputes concerning property of the debtor's estate so that reorganization can proceed efficiently, unimpeded by uncoordinated proceedings in other arenas." *SEC v. Brennan*, 230 F.3d 65, 71 (2d Cir. 2000) (internal quotation omitted). In this regard, the automatic stay "promot[es] equal creditor treatment and giv[es] the debtor a breathing spell." *In re Pioneer Commercial Funding Corp.*, 114 B.R. 45, 48 (Bankr. S.D.N.Y. 1990). The stay is not meant, however, to be used by a debtor to pursue its creditors, as "more litigation is hardly consistent with the concept of a 'breathing spell' for the debtor." *Sternberg v. Johnston*, 582 F.3d 1114, 1124 (9th Cir. 2009).

Instead, "[t]he stay is a shield, not a sword" that should "help the debtor deal with his bankruptcy for the benefit of himself and his creditors alike." Id.

*MEMORANDUM OPINION AND ORDER DENYING AURORA BANK'S MOTION TO MODIFY THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(d)*, August 8, 2012, at 5.

As with the Aurora case, there are direct monetary claims against the Debtors and/or their agents in 08-cv-456, 08-510 and 11-188 and direct monetary Counterclaims in 09-362.

At the same time, the Debtors are the real party in interest and financially liable for damages resulting from the Declaratory Judgment in consolidated case 08-cv-459:

At the same time the Debtors may not pursue their claim for declaratory relief against [Haffey.] *Sternberg v. Johnston*, 582 F.3d 1114, 1123-24 (9th Cir. 2009) ("[W]e have explained that the stay gives the debtor time to put finances back in order, offers the debtor an opportunity to reorganize so that creditors can be satisfied to the greatest extent possible, and prevents creditors from racing to devour the debtor's estate . . . . We have never said the stay should aid the debtor in pursuing his creditors . . . . The stay is a shield, not a sword." (internal quotation marks and citations omitted)).

*Id.* at 8.

## II.
### THE NOTE IN CONTROVERSY IS "ON PAPER" AN ASSET OF THE DEBTORS ESTATE AND HAS BEEN ILLEGALLY UTIILIZED TO ATTEMPT A LIEN ENFORCEMENT IN THE NAME OF DEUTSCHE BANK

While three claims were pending against the Debtors in relation to the TILA rescission, Document fraud, and Slander of Title, the Debtors attorneys filed a foreclosure in equity in the name of Deutsche Bank Americas as Trustee of the 2007 Qs-10 Trust.  Case no.  09-362.

No such MBS entity is registered with the SEC or the IRS.

The proceeds of the lien enforcement were for the sole benefit of the Debtors.

All legal fees in regard to the lien enforcement have been invoiced to the Debtors.

The copy of a Note attached to the foreclosure is specifically endorsed to GMAC Bank.

The Debtors bankruptcy schedules shows that Deutsche Bank Americas is one of the largest creditors of the Debtors.

However, Deutsche Bank is represented by Debtors law firm, BABC.

Although the legitimacy of both GMAC and Deutsche Bank as a creditor, has always been in question, (beginning with the October 15, 2008 TILA rescission and Slander and Quiet Title Complaint,) for purposes of this Motion, the owner/creditor asserts that the copy of the Note, as presented as evidence, is an asset of the Debtors' bankruptcy estate.

As such, Deutsche Bank and Debtor's law firm, BABC, should be enjoined from further participating in any and all litigation regarding the property and should be sanctioned accordingly.

Upon information and belief, neither the original of the Note or the Mortgage exist.

The Movant/creditor,  is not a signatory to the Note and denies the authenticity of his signature to the Mortgage.

The Movant/creditor does not have any financial obligation under the terms of the

Note presented.

Mr. Haffey owns the family farm under Kentucky law in a tenancy by its entirety.

Under Kentucky law, if the Mortgage in question were ever produced and deemed authentic and if the original Note were produced by the real owner and successfully used to foreclose the lien, the liquidation of the property could not take place as with the wedding vows, "the two have become one." The property of the tenancy by the entirety can not be divided (liquidated) by the creditors of one of the tenants (spouses.)

### III.
### THE DEBTORS BANKRUPTCY ATTORNEYS (OR SPECIAL COUNSEL) SHOULD EXCLUSIVELY REPRESENT THE DEBTORS IN LITIGATION IN REGARDS TO THE CASES AND ALL FUTURE POTENTIAL CLAIMS AGAINST THE DEBTORS

As previously discussed, the Debtors outside litigation firm, BABC is potentially a Third Party Defendant in the cases at hand and a Co-Defendant in new direct monetary claims against the Debtors in regard to their unique knowledge of these cases as part of the Department of Justice's evidentiary file of the *Szymoniak, supra., Qui Tam* case and BABC's role in the Debtor's violations of the April 13, 2011, Consent Judgment.[7]

There is a conflict of interest between the Debtors and BABC. The continued involvement of BABC in the cases puts the interests of both the Debtors and its Creditors at stake.

The record in the cases and the Declaration of undersigned counsel, in regards to

---

[7] There has been no discovery in any of the pending Consolidated Cases. Rule 11 and Fraud on the Court have been raised against BABC. Undersigned counsel has, to date, refrained from naming BABC as a Third Party Defendant, pending receipt of information from the Department of Justice as to the extent of BABC's knowledge that the property in question and the "loan" documents proffered by BABC to the United States District Court are included in the evidentiary file of the DOJ's prosecution of the Debtors in the *Szymoniak* Qui Tam case.

BABC's handling of the cases, at the very least gives the Appearance of Impropriety and could, with the taking of discovery along with the records of the Department of Justice, show that BABC was a Co-Conspirator with the Debtors in regard to the fraud issues raised in the cases.

No less significant is the fact that the record in the cases and the Declaration of undersigned counsel show that BABC has been working against the Debtor's best interest in the cases.[8]

The potential new direct monetary claims will be filed within the bankruptcy, pursuant to the Automatic Stay.   The claims directly stem from the actions of the Debtors and its law firm BABC, in the cases *sub judice* and BABC' dealings with Federal Regulators, the FDIC, the OCC and the Department of Justice as counsel for the Debtors.

The cases should be contained within the bankruptcy estate and brought to their logical conclusion by Debtor's bankruptcy counsel, or Court appointed special counsel. The law firm BABC should be barred from further participation in any current or future claims regarding the owner/creditor's property and the creditor's direct monetary claims against the Debtors.

---

[8] The legal fees paid to BABC are funded by the US taxpayers, who currently own a 74% majority share of the Debtors.   In an ironic twist, the owners of the property in question are part of the pool of taxpayers who are the majority shareholders of the Debtors; much like the Bond Holders to an MBS.   The owner/creditors to these cases, and the rest of the tax paying public have, involuntarily and unwittingly funded the law firms who have participated in the Debtors' illegal foreclosure practices and have funded the improper taking of thousands of American homes.    As the majority shareholder, the tax paying public are arguably the only real parties in interest with a majority in relation to the Debtors Bankruptcy and all other affairs of the Debtors and its parent company, Ally Bank.

## CONCLUSION

WHERFORE, the Movant/creditor respectfully requests that the Motion be heard by the Court at its earliest convenience and the Automatic Stay enforced and an Order issued accordingly.

Dated: August 16, 2012

Respectfully submitted,

/s/ Heather Boone McKeever
MCKEEVER LAW OFFICES PLLC
P.O. Box 1181
Isle of Palms, SC 29451
Tel. 843-323-1174
Fax. 859-327-3277
COUNSEL FOR CREDITOR
SHANE M. HAFFEY

RECEIVED

AUG 1 7 2012

U.S. BANKRUPTCY COURT
SO DIST OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

CIVIL ACTION  5:08-459-JBC

GMAC MORTGAGE LLC                                    Plaintiff

v.                          **DECLARATION OF SHANE HAFFEY**

HEATHER BOONE MCKEEVER, *et al.*              Defendants

\* \* \* \* \* \* \* \* \* \* \* \*

I, Shane Haffey, pursuant to 28 U.S.C. § 1746, in opposition to the substituted

Plaintiff Deutsche Bank's Motion for Summary Judgment and in support of my own

Motion for Summary Judgment declare and state:

1.   Unless otherwise stated herein, I have personal knowledge of the facts stated in
     this declaration and when called upon by a court of law to do so, I  will testify
     competently to them.

2.   Since 2003, I have been the owner as a tenant by the entirety of the family
     farm which is the subject matter of these actions.   The farm has been at all
     times relevant hereto, my principle residence where my family resides.

3.   My sole source of income is through the farm.

4.   On the afternoon of May 18, 2007, I executed a Mortgage lien relating to the
     farm to complete the construction of my farm house, barn and paddocks.

5.    The Mortgage I signed replaced a  February 21, 2007 renewal Note which
     was set to renew on February 21, 2008. Exhibit (1.)

6.   I did not execute a Promissory Note in relation to the Mortgage.

EXHIBIT  A

7.  When I arrived to sign the Mortgage on May 18, 2007, the document was turned to the signature page with a post-it arrow pointing to the signature line.   I was alone when I executed the mortgage.   There was no witness.

8.  I did not see any dates on the Mortgage.

9.  I did not review the Mortgage document prior to signing it.

10. I believed that the Mortgage was a re-financing with the Bank of the Bluegrass for a private in-house loan.  I had executed several Mortgages over the years with the Bank of the Bluegrass prior to this Mortgage.   All prior loans were private and held in-house.

11. The loan and Mortgage I signed was not really with the Bank of the Bluegrass, but was in turn, a Mortgage relating to a loan made to my wife by GMAC Bank.  Bank of the Bluegrass had nothing to do with the loan and acted merely as an agent for GMAC.

12. GMAC Bank reported to me that the insurance policy put in place at the loan's inception was for the benefit of GMAC not the Bank of the Bluegrass. The Insurance Declaration page as provided to me by GMAC Bank is attached as Exhibit (2.)

13. The fact that the loan was funded through a wire transfer from GMAC Bank was confirmed to me through the Bank of the Bluegrass's President, Mr. Bill Allen.

14. The February 21, 2007, loan was stamped paid in full on May 24, 2007 with funds sent by GMAC Bank, not the Bank of the Bluegrass.

15. The true identity for the lender relating to the Mortgage I signed was concealed and unknown to me.

16. If I had known the true identity of the lender for the loan was not the Bank of the Bluegrass, I would have never signed the Mortgage.

17. There were no other documents presented to me with the Mortgage nor were there any other pieces of paper or documents with the Mortgage.   In other words, there were no other documents, including but not limited to the Promissory Note, any Truth in Lending documents or a Notice to Right to Cancel on the table with the Mortgage.

18. I was not given any documentation upon my departure.   I did not receive a copy of the Mortgage upon departure.

19. The date typed "May 14, 2007," on the signature page did not exist when I executed the Mortgage.   The date is a lie.

20. Any statement in the record of this case asserting that this Mortgage was signed on May 14, 2007, is a lie.

21. I have never signed any documents in relation to the loan except the Mortgage.

22. The Notice of Right to Cancel, dated May 14, 2007, presented to the Court as Exhibit to the Motion for Summary Judgment is a lie and based in fraud.

23. The fraudulently presented Notice to Right to Cancel was executed by me in relation to a Mortgage Loan which never took place; the loan having been rejected by my wife and myself at approximately 5:30pm on May 14, 2007.

24. The terms and interest rate for the May 14, 2007 rejected loan were completely different to the Promissory Note given to my wife to sign on May 18, 2007 in relation to the Mortgage I executed on May 18, 2007.

25. The fraudulently presented May 14, 2007, Notice to Right to Cancel was presented and executed in relation to the May 14, 2007, unconsummated loan closing.

26. It was my understanding upon departing from the May 14, 2007 unconsummated loan closing that all documents relating to the unconsummated loan would be shredded.

27. The Clerk's records for my farm indicate that a Mortgage was Assigned to Mortgage Electronic Registration Systems from the Bank of the Bluegrass on May 14, 2007.

28. The Assignment of Mortgage is dated four (4) days before I signed the Mortgage on the afternoon of May 18, 2007.

29. The May 14, 2007, Assignment of Mortgage relates to a Mortgage which never existed.

30. On October 15, 2008, the May 18, 2007, Mortgage I executed was rescinded by me under TILA Regulation Z.   Notice was sent to the Bank of the Bluegrass, GMAC Bank and Mortgage Electronic Registration Systems as it was unclear as to which entity would claim a valid recorded Mortgage.

31. Although the Mortgage was not released by either the Bank of the Bluegrass GMAC or Mortgage Electronic Registration Systems, a written tender offer of

the "value" of the property was made in November 2008.    The tender offer
was not accepted.

32. Since the tender offer was made in November 2008, my wife and I have
attempted to  work in good faith the settle these matters by a tender offer of
the value of the property to the real owner of the underlying debt and
through consistent offers to attend  mediation.

33. Attempts at settlement or mediation have continually been rejected by the
lawyers for GMAC on behalf of the Plaintiff., Deutsche Bank.

34.  In spite of the fact that I have been trying to settle this matter since 2008, I
have never been contacted by any party connected to the Mortgage loan in
relation to a loan modification, or any other Government sponsored loan
program or as ordered and dictated by the Office of the Comptroller or
F.D.I.C.

35. It is my understanding that GMAC Bank, although the original lender, is no
longer making a claim in the underlying debt attached to the Mortgage I
signed.    According to the records of the Fayette County Clerk, GMAC Bank
has never filed a lien on my farm.  An Assignment of Mortgage was signed
from Bank of the Bluegrass to Mortgage Electronic Registration Systems four
days before I ever signed the Mortgage.

36. It is my understanding that GMAC Bank and its Servicer, GMAC Mortgage LLC
are entities whose majority shareholder is the United States Treasury.
GMAC is the sole entity funding the attempted foreclosure of my family farm,
and is the sole entity controlling the attorneys prosecuting the foreclosure.

37. Although GMAC is not owed any money by my wife or ever held a mortgage in my farm, it is my understanding that GMAC intends to keep any and all proceeds of the foreclosure.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that all of the forgoing is true and correct.

Executed this 12th day of December 2011

_Shane Haffey_

Shane Haffey

| | | |
|---|---|---|
| LEXINGTON, KY 40515 | LEXINGTON, KY 40507 | Date 02-21-2007 |
| | | Maturity Date 02-21-2008 |
| | | Loan Amount $ 935,000.00 |
| | | Renewal Of 24130-15 |
| **BORROWER'S NAME AND ADDRESS** "I" includes each borrower above, jointly and severally. | **LENDER'S NAME AND ADDRESS** "You" means the lender, its successors and assigns. | |

For value received, I promise to pay to you, or your order, at your address listed above the **PRINCIPAL** sum of NINE HUNDRED THIRTY FIVE THOUSAND AND NO/100 _____ Dollars $ 935,000.00

☐ **Single Advance:** I will receive all of this principal sum on _____ . No additional advances are contemplated under this note.

☒ **Multiple Advance:** The principal sum shown above is the maximum amount of principal I can borrow under this note. On 02-21-2007 _____ I will receive the amount of $882,538.20 _____ and future principal advances are contemplated.

**Conditions:** The conditions for future advances are _____

☐ **Open End Credit:** You and I agree that I may borrow up to the maximum amount of principal more than one time. This feature is subject to all other conditions and expires on _____ .

☒ **Closed End Credit:** You and I agree that I may borrow up to the maximum only one time (and subject to all other conditions).

**INTEREST:** I agree to pay interest on the outstanding principal balance from ____ 02-21-2007 ____ at the rate of ____ 8.250 % per year until 02-22-2007

☒ **Variable Rate:** This rate may then change as stated below.

    ☒ **Index Rate:** The future rate will be EQUAL TO ____ the following index rate: THE BASE RATE ON CORPORATE LOANS POSTED BY AT LEAST 75% OF THE NATION'S 30 LARGEST BANKS KNOWN AS THE WALL STREET JOURNAL PRIME RATE. THE RESULT OF THIS CALCULATION WILL BE ROUNDED TO THE NEAREST 0.125

    ☐ **No Index:** The future rate will not be subject to any internal or external index. It will be entirely in your control.

    ☒ **Frequency and Timing:** The rate on this note may change as often as EVERY DAY BEGINNING 02-22-2007 ____ .

    A change in the interest rate will take effect ON THE SAME DAY

    ☒ **Limitations:** During the term of this loan, the applicable annual interest rate will not be more than ____ 24.000 % or less than 6.000 %. The rate may not change more than _____ % each ____ .

    **Effect of Variable Rate:** A change in the interest rate will have the following effect on the payments:

    ☒ The amount of each scheduled payment will change.     ☒ The amount of the final payment will change.

    ☐ _____

**ACCRUAL METHOD:** Interest will be calculated on a ____ ACTUAL/365 ____ basis.

**POST MATURITY RATE:** I agree to pay interest on the unpaid balance of this note owing after maturity, and until paid in full, as stated below:

    ☒ on the same fixed or variable rate basis in effect before maturity (as indicated above).

    ☐ at a rate equal to _____

☒ **LATE CHARGE:** If a payment is made more than ____ 10 ____ days after it is due, I agree to pay a late charge of 5.000% OF THE PAYMENT AMOUNT WITH A MAX OF $25.00

☒ **ADDITIONAL CHARGES:** In addition to interest, I agree to pay the following charges which ☐ are ☒ are not included in the principal amount above: _____

**PAYMENTS:** I agree to pay this note as follows:

ON DEMAND, BUT IF NO DEMAND IS MADE THEN MONTHLY PAYMENTS OF ACCRUED INTEREST CALCULATED ON THE AMOUNT OF CREDIT OUTSTANDING BEGINNING ON 03-01-2007 AND PRINCIPAL DUE ON 02-21-2008. THIS IS A VARIABLE RATE LOAN AND THE PAYMENT AMOUNTS MAY CHANGE. THE FINAL PAYMENT MAY ALSO CHANGE.

**ADDITIONAL TERMS:**

EXHIBIT 1

☒ **SECURITY:** This note is separately secured by (describe separate document by type and date):

1ST RE MTG. 3250 DELONG RD, LEXINGTON, DATED 02/21/07

(This section is for your internal use. Failure to list a separate security document does not mean the agreement will not secure this note.)

**PURPOSE:** The purpose of this loan is CONSUMER: COMPLETE RENOVATION AND INCREASE LINE OF CREDIT PURS TO KRS CH.290

**SIGNATURES: I AGREE TO THE TERMS OF THIS NOTE (INCLUDING THOSE ON PAGE 2).** I have received a copy on today's date.

Signature for Lender

_____
BILL ALLEN, PRESIDENT

_____
SHANE HAFFEY

_____
HEATHER HAFFEY

05/14/2007 08:54 FAX 8599710285 ● ● @002

**DECLARATIONS**

We will provide the insurance described in this policy in return for the premium and compliance with all applicable provisions of this policy.

| Coverage afforded by this policy is provided by:

STATE FARM FIRE AND CASUALTY COMPANY
2500 MEMORIAL BOULEVARD
MURFREESBORO TN  37131

17-EE-7661-4  **Policy Number**

| A Stock Company with Home Offices in Bloomington, Illinois.

**Named Insured and Mailing Address**
RAFFEY, HEATHER & SHANE
3250 DELONG RD
LEXINGTON, KY 40515-8531

The Policy Period begins and ends at 12:01 a.m. Standard Time at the residence premises.

09/29/2006  **Effective Date**
**12 months-Policy Period**
09/29/2007  **Expiration of Policy Period**

**Limit of Liability — Section 1**

$ 1,089,000 Coverage A Dwelling

**Policy Type**
Homeowners Policy
   Dwell Repl Cost - Similar Construction
   Increase Dwlg Up to $217,800 - Option ID

**Location of Premises**
3250 DELONG RD
LEXINGTON, KY 40515-8531

**Automatic Renewal** – If the Policy Period is shown as 12 months, this policy will be renewed automatically subject to the premiums, rules and forms in effect each succeeding policy period. If this policy is terminated, we will give you and the Mortgagee/Lienholder written notice in compliance with the policy provisions or as required by law.

**Deductibles – Section 1 $2000**
ALL LOSSES   In case of loss under this policy, the deductible will be applied per occurrence and will be deducted from the amount of the loss. Other deductibles may apply – refer to your policy.

**Policy Premium**     $3,119.91

**Forms, Options, & Endorsements**
| FP-7955.KT | HOMEOWNERS POL |
| LSP A1 | SMLR CONST-A |
| LSP B1 | INT RPLC COST-B |
| OPT ID | COV A-INCR DWLG |
| OPT OL | FLD ORD/LAW-10% |

**Mortgagee**
GMAC BANK WHOLESALE
MORTGAGE LENDING
ITS SUCCESSORS AND/OR ASSIGNS
PO BOX 4025
CORAOPOLIS, PA 15108-6942

Loan Number: 601745572

**Agent Name & Address**
MCCARTY, C. DWIGHT
3620 WALDEN DRIVE
SUITE 211
LEXINGTON, KY
40517-2066  (859)971-0266

Prepared:    May 14, 2007

2158
Agent's Code
MORTGAGEE COPY

559-916.5

EXHIBIT 2

**GMAC 0221**

05/14/2007 08:55 FAX 8599710205 ☐003



PREMIUM NOTICE
STATE FARM INSURANCE COMPANIES
AGENT ISSUED DECLARATIONS

| POLICY NUMBER | BILLING PERIOD | AGENT CODE |
|---|---|---|
| 17-EE-766.-4 | FROM 09/29/2006   TO 09/29/2007 | 2158 |

LOCATION
3250 DELONG RD
LEXINGTON, KY 40515-8531

INSURED
HAFFEY, HEATHER & SHANE
3250 DELONG RD
LEXINGTON, KY 40515-8531

PREMIUM $ 3,119.91

AMOUNT PAID          SFPP

AMOUNT DUE          SFPP

DATE DUE

MORTGAGEE
GMAC BANK WHOLESALE
MORTGAGE LENDING
ITS SUCCESSORS AND/OR ASSIGNS
PO BOX 4025
CORAOPOLIS, PA 15108-6942
Loan Number: 601745572

AGENT NAME & ADDRESS
MCCARTY, C. DWIGHT
3620 WALDEN DRIVE
SUITE 211
LEXINGTON, KY
40517-2066   (859)971-0266

This is the only notice you will receive.  Please make check payable
to STATE FARM and return it with this notice to the address shown below.
Your canceled check is your receipt.  Thanks for letting us serve you.

STATE FARM INSURANCE COMPANIES
2500 MEMORIAL BOULEVARD
MURFREESBORO TN 37131

GMAC 0220

**MCKEEVER LAW OFFICES PLLC**
Heather Boone McKeever, Esq.
P.O. Box 1181
Isle of Palms, South Carolina 29451
Telephone: 843-323-1174
Facsimile: 859-327-3277

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| **In re:** | ) | **Case No. 12-12020 (MG)** |
|  | ) |  |
| **RESIDENTIAL CAPITAL, LLC, et al.,** | ) | **Chapter 11** |
|  | ) |  |
| **Debtors.** | ) | **Jointly Administered** |
|  | ) |  |

## DECLARATION OF CREDITOR'S COUNSEL
## HEATHER BOONE MCKEEVER, ESQ.

Under penalty of perjury the undersigned states the following:

    1.    I represent the Creditor farm owner, Shane M. Haffey and am a joint tenant by entirety in the family farm in question.

    2.    Prior to 2006, I practiced in the area of corporate and insurance defense. Since 2006, I have devoted my practice exclusively to consumer and commercial mortgage and banking fraud litigation.

    3.    I have been a regular practicing attorney in the state of Kentucky since 1990. I am admitted and have practiced before the United States District Court for the Eastern and Western Districts of Kentucky, the 6th Circuit Court of Appeals and the United States Supreme Court.

    4.    I will be serving as counsel of record in at least six Proofs of Claim for my Kentucky and South Carolina clients against the Debtors; two of which are Class

1

EXHIBIT B

Actions.

5.    In relation to my other clients, I have previously filed a RICO class action against the Debtors, MERS and the Debtors attorneys, *Foster v. MERS, GMAC Mortgage LLC, et al.* 3:10-cv-611, United States District Court Western District of Kentucky Louisville Division, (filed September 28, 2010.)

6.    I am counsel for record for two cases currently listed on the schedules of the Debtors Chapter 11 as unsecured claims.

7.    The cases are consolidated in both the District Court and the 6th Circuit Court of Appeals and involve five separate cases.

8.    One of the five cases, 09-362, (a lien enforcement,)  names as the Plaintiff, Deutsche Bank Americas Trustee for an alleged Mortgage Security REMIC, 2007 QS-10.

9.    2007 QS-10 is not registered with the SEC or the IRS as a Mortgage Backed Security or a IRS REMIC.

10.    The alleged Promissory Note at the center of the lien enforcement case was never purchased by the named Deutsche MBS Plaintiff.

11.    The Note is not on the collateral list of the named 2007 Deutsche MBS Plaintiff.

12.    The copy of the Note attached to the lien enforcement Complaint is specifically endorsed to GMAC Bank.

13.    Upon information and belief, the Debtor's law firm, Bradley Arant Boult Cummings, ("BABC,) while counsel of record for GMAC Mortgage LLC, has prosecuted a lien enforcement on behalf of a 2007 Deutsche MBS Trust without

2

authority or a retainer agreement from the named Deutsche Bank Trust.

14.    Upon information and belief, BABC, has invoiced GMAC Mortgage LLC for its legal fees in its representation of Deutsche Bank.

15.    The records of the Fayette County Clerk reveals the recording of a May 14, 2007, Mortgage to the Bank of the Bluegrass and Trust and a May 14, 2007, Assignment of Mortgage from the Bank of the Bluegrass to Mortgage Electronic Registration Systems, Inc. (MERS.)

16.    The authenticity of the May 14, 2007, Note, the recorded Mortgage, and the May 14, 2007 Assignment of Mortgage to MERS,  and the signatures thereto, have been challenged; the Note and Mortgage having been executed on May 18, 2007, four days subsequent to the dates affixed to the Note and Mortgage. *See also. Haffey Dec.*

17.    MERS was the grantee of the Assignment of Mortgage in its own right, not as a nominee of any lender.

18.    The Assignment of Mortgage to MERS was executed four days before any legitimate mortgage ever existed, a Mortgage having been executed on May 18, 2007.

19.    The Note was never assigned to MERS and MERS has admitted that it has never made a pecuniary claim to the Note.

*20.*    The owners' signatures to both the Note and the Mortgage were not witnessed or notarized in relation to the Note and Mortgage executed between the farm owners and the bank of the Bluegrass and Trust Company on May 18, 2007.  *See also. Haffey Dec.*

21.    Upon information and belief, the original of both the Note and Mortgage do not exist.

22.    In 2009, the public record shows that an employee of GMAC Mortgage LLC,

3

Patricia Kelleher, executed an Assignment of Mortgage posing as an employee of MERS.

23. The Assignment was made two years after the named Deutsche 2007 MBS REMIC Plaintiff was allegedly formed and closed as an IRS REMIC for the purposes of purchasing mortgage loans.

24. The 2009 Assignment from MERS was executed and recorded while a Slander/ Quiet Title against MERS was pending.

25. There is no named grantee to the Assignment of Mortgage from MERS is Deutsche Bank Americas as Trustee. There is no Trust Corpus listed.

26. Under Kentucky law, a Trustee must be registered with the Kentucky Secretary of State and may not record deeds or mortgages in its own name without a Trust corpus specifically referenced.

27. The Assignment of Mortgage from MERS to Deutsche Bank, executed by an employee of GMAC Mortgage LLC, has been deemed a forgery by expert witness Hon. Lynn Szymoniak.

28. The Creditor's Expert Witness, Hon. Lynn Szymoniak is a Relator and Expert Witness for the Department of Justice in regards to the Quit Tam mortgage document fraud, case, which is incorporated into the 2012 Federal and Attorney General multi-billion dollar settlement with the Debtors.

29. Based on the Department of Justice's web site, the DOJ has deemed the acts of drafting and executing of fraudulent and forged Assignments of Mortgage, mortgage fraud, calling forgeries "robo signing," and the forgers, "robo signers."

30. In April 2012, at the request of the Department of Justice, undersigned counsel

4

met with and was interviewed by, United States Attorney, Hon. Fran Trapp, at the Department of Justice in Charleston, South Carolina.

31.     United States Attorney Fran Trapp is the prosecutor in charge of the *Qui Tam* foreclosure fraud prosecution, *United States ex. Rel. Szymoniak v. GMAC/RESCAP, et al.,* which led to the 95 million dollar settlement with four of the five Defendants.  *See Ms. Trapp's Press Release.*

http://www.justice.gov/usao/sc/LivePressReleases/3.12.12%20Szymoniak.pdf.

32.     The Szymoniak Settlement is part of the universal Consent Judgment reached with both the Federal Government and the 50 Attorney Generals in regards to robo signing and other accusations of mortgage fraud.

33.     The GMAC debtors are parties to and are currently bound by the Federal multi-billion dollar, Universal Settlement.

34.     At the time of undersigned counsel's interview with the Department of Justice, and upon information and belief, the GMAC debtors, had not settled with the Department of Justice in the Szymoniak case and the prosecution against the GMAC debtors was moving forward.

35.     Upon information and belief, the Expert witness Affidavit of Hon. Lynn Szymoniak and the GMAC robo signed Assignment of Mortgage from MERS to Deutsche Bank, in the Creditor's cases are in the possession of the Department of Justice and are part of the evidentiary record to be used in the prosecution of GMAC Mortgage LLC and the other debtors by the Department of Justice.

36.     Upon information and belief, the Department of Justice Settlement only concerns the payment of funds to the US and State Treasuries, and in no way

compensates or precludes claims by the individual taxpayers and their families who actually suffered the damages. The potential damages for homeowners exceed 95 million.

37. Upon information and belief, and relying on information given directly by the Department of Justice, the Debtors' Settlement with the DOJ does not include claims against the law firms retained by the Debtors in regards to both their role as co-conspirators with the Debtors and the remittance and payment of improper legal fees by the Debtors to the Debtor's individual litigation firms, such as BABC. This includes both private pay invoices to Mortgage Servicers and files invoiced to and/or ultimately paid by the GSE, Fannie Mae.

38. Upon information and belief, Debtors' law firms, such as BABC, and the individual files for which the firms are counsel of record are currently being investigated and audited by the Department of Justice.

39. Upon information and belief, as special counsel to the Debtors in the Federal and Attorney General prosecutions and Consent Judgment, attorneys for BABC, had unique and specific knowledge as to the specific loan files flagged for fraud and those for which Expert Witness Lynn Szymoniak had audited for the Department of Justice; as well as those for which she had previously testified as an expert witness. (Such as the Creditor's cases at hand.)

40. The law firm, BABC is a potential Third party Defendant to the cases, and a potential Class Action Co-Defendant in the Proofs of Claim in this Bankruptcy.

41. BABC has had Notice of such claims from the onset, while serving as simultaneous counsel of record for Co-Creditor, Deutsche Bank of Americas and the

GMAC entities.

42. Upon information and belief, BABC has litigated these cases in bad faith and for its own benefit; in order to a.) artificially inflate legal fees paid exclusively by the Debtors on behalf of the Debtors and for third parties (Deutsche an MERS) and b.) protect itself from the multi-million dollar potential liability the firm is exposed to for its unique role as an active player and willing partner in the Debtors' systemic mortgage fraud.

43. In January 2011, in relation to the Creditor's cases, undersigned counsel and Hon. Christopher Thorsen of BABC, agreed to attend Mediation in order to obtain a universal settlement of the claims contained in all five lawsuits.

44. The Mediation was scheduled for April 2011, in Christopher Thorsen's home base of Nashville, Tennessee, with the Mediator of his choice.

45. The parties agreed to suspend discovery pending mediation.

46. Less than 2 weeks before the scheduled Mediation, Mr. Thorsen informed undersigned counsel that he had made the unilateral decision that the Mediation would not take place.

47. A second Mediation was scheduled and a contract signed with a Mediator in Lexington, Kentucky.

48. Less than 2 weeks before the second scheduled Mediation, Mr. Thorsen, for the second time, informed undersigned counsel that he had made the unilateral decision that the Mediation would not take place.

49.   It was at this point that undersigned counsel confirmed what she had already suspected; that she had been the victim of Mr. Thorsen's "dirty pool" and that she had been fraudulently induced into delaying discovery.

50.   No documents, including the originals of the Note and Mortgage, were produced by Mr. Thorsen, pursuant to the initial Rule 26 Discovery Order.

51.   Upon information and belief, Mr. Thorsen never intended to attend mediation or attempt to settle the matter.

52.   Upon information and belief, Mr. Thorsen and BABC are not working in the best interest of the Debtors, but in the best interest of "the firm" in milking files for the sole financial gain of the firm and to protect the firm from multi-million dollar liability as a Co-Defendant and/or Co-Conspirator of the Debtors.

53.   The legal fees invoiced to the Debtors in this case are in excess of $119,000.00; which equates to nearly 40% of the net present value of the farm.

54.   The legal fees of BABC in relation to the best case scenario recovery for the Debtors, and the usually required cost vs. benefit analysis, shocks the conscious and is unprecedented in undersigned counsel's experience as a large corporate defense litigator.

55.   Upon information and belief, there is no check whatsoever on BABC's litigation fees in this or any other cases for which BABC is counsel of record for the Debtors.

56.   Upon information and belief, there are no repercussions for BABC's unabated actions, due to the fact that the Debtors are 74% owned by the citizens of the United States; the Debtors having been "bought out" by the United States Treasury.

57.     Unlike all other of the major private investment Banks, such as Bank of America and JP Morgan Chase, who answer to private shareholders, it has become apparent that since the tax payers fund BABC's fees, there is no limit to the fees.

58.     Quite simply, the foxes are watching the legal fee hen house.

59.     Since 2007, I have dealt with over two dozen different law firms, both regional and national counsel, for different mortgage "creditors" in regards to my consumer practice; including attorneys for Bank of America, JP Morgan Chase, Aurora, US Bank, Citi, American Home Mortgage, Wells Fargo, Regions, Nationstar, MERS and IndyMac.

60.     Although, many of the firms were guilty of sins of both omission and commission, under Rule 11 due to ignorance of the law, Mr. Thorsen and BABC's are uniquely educated as to the fraud involved in the individual cases they currently litigate for the debtors.   BABC's level of arrogance and dishonesty is unprecedented in my twenty years as a litigator.

61.     Upon information and belief, the US taxpayers also fund individual BABC attorneys salaries as registered Lobbyists for the Debtors.

62.     Under the Kentucky Revised Statutes, the acts of GMAC employee Patricia Kelleher in regards to both the execution and recording of the Assignment of Mortgage and based on the expert witness Affidavit could be charged by the Fayette County Attorney as criminal felonies.

63.     Under the Kentucky Revised Statutes, those who have knowledge and conspire with forgers, can be charged with the crime of conspiracy and in some cases be charged with both criminal and civil RICO claims simultaneously.

Further, the Declarant sayeth not.

Dated: August 16, 2012

Respectfully submitted,

/s/ Heather Boone McKeever
MCKEEVER LAW OFFICES PLLC
P.O. Box 1181
Isle of Palms, SC 29451
Tel. 843-323-1174
Fax. 859-327-3277
COUNSEL FOR CREDITOR
SHANE M. HAFFEY

## ASSIGNMENT OF MORTGAGE

KNOW ALL MEN BY THESE PRESENTS, that **Bank of the Bluegrass & Trust Company**, a Kentucky corporation, whose address is 101 E. High Street, Lexington, Kentucky 40507, hereby grants, for good and valuable consideration, the receipt of which is hereby acknowledged, does hereby sell, transfer, assign, set over and deliver unto **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**, P.O. Box 2026, Flint, Michigan 48501-2026 (Assignee), its successors and assigns forever, that certain mortgage from **Heather M. Haffey and Shane M. Haffey**, wife and husband, to Bank of the Bluegrass & Trust Company, 101 E. High Street, Lexington, Kentucky 40507, dated May 14, 2007, of record in Mortgage Book _____, Page _____, in the Fayette County Clerk's Office, on 3250 Delong Road, Lexington, Fayette County, Kentucky 40515 and the Promissory Note described in and secured by the Mortgage.

TO HAVE AND TO HOLD the same unto said Assignee, its successors and assigns forever.

IN WITNESS THEREOF said Bank of the Bluegrass & Trust Company has executed this Assignment of Note and Mortgage, by its duly authorized officer, this May 14, 2007.

MERS #:     100037506017455727

PHONE #:    1 (888) 679-6377

BANK OF THE BLUEGRASS & TRUST COMPANY

By: _____
Its: _____

STATE OF KENTUCKY)
              )
COUNTY OF FAYETTE)

The foregoing Assignment of Mortgage was acknowledged, subscribed and sworn to before me this 14th day of May, 2007, by Robert B. Jones, as Vice President of BANK OF THE BLUEGRASS & TRUST COMPANY. a Kentucky corporation, on behalf of the corporation.

My Commission Expires: 11-24-09

_____
Notary Public, Kentucky, State-at-Large

This instrument prepared by

_____
Joseph E. Mainous, Jr. of
Mainous & Grant
201 West Vine Street
Lexington, KY 40507
(859) 231-8004

# EXHIBIT C

BOTB 041

# INTEREST-ONLY PERIOD FIXED RATE NOTE

MAY 14, 2007
[Date]

LEXINGTON
[City]

, KENTUCKY
[State]

3250 DELONG ROAD, LEXINGTON, KENTUCKY 40515
[Property Address]

**BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. $1,000,000.00 (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is BANK OF THE BLUEGRASS AND TRUST COMPANY. I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**INTEREST**

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 6.875%.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

**PAYMENTS**

() **Time and Place of Payments**

I will make a payment every month. This payment will be for interest only for the first 120 months, and then will consist of principal and interest.

I will make my monthly payment on the 1ST day of each month beginning on JULY 1, 2007. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date, and if the payment includes both principal and interest it will be applied to interest before Principal. If, on JUNE 1, 2037, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at 101 EAST HIGH STREET, LEXINGTON, KENTUCKY 40507 or at a different place if required by the Note Holder.

() **Amount of Monthly Payments**

My monthly payment will be in the amount of U.S. $5,729.17 for the first 120 months of this Note, and thereafter will be in the amount of U.S. $7,678.14. The Note Holder will notify me prior to the date of change in monthly payment.

**BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under this Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date of my monthly payment unless the Note Holder agrees in writing to those changes. However, if the partial Prepayment is made during the period when my monthly payments consist only of interest, the amount of the monthly payment will decrease for the remainder of the term when my payments consist only of interest as well as during the time that my payments consist of principal and interest. If the partial Prepayment is made during the period when my payments consist of principal and interest, the amount of my monthly payment will not decrease; however, the principal and the interest required under this Note will be paid prior to the Maturity Date.

**LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

MULTISTATE INTEREST-ONLY PERIOD FIXED RATE NOTE—Single Family—Fannie Mae UNIFORM INSTRUMENT

Form 3271   1/01 (rev. 9/06)
(page 1 of 3)



BOTB 024

## BORROWER'S FAILURE TO PAY AS REQUIRED

**()   Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.000% of my overdue payment of interest and/or principal and interest. I will pay this late charge promptly but only once on each late payment.

**()   Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**()   Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**()   No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**()   Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

MULTISTATE INTEREST-ONLY PERIOD FIXED RATE NOTE—Single Family—Fannie Mae UNIFORM INSTRUMENT        Form 3271   1/01 (rev. 9/06)
(page 2 of 3)

BOTB 025

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ X _Heather M. Haffey_____ ___ (Seal)
HEATHER M. HAFFEY                                    - Borrower

_____ ___ (Seal)
                                                     - Borrower

_____ ___ (Seal)
                                                     - Borrower

[Sign Original Only]

WITHOUT RECOURSE, PAY TO THE ORDER OF:

GMAC BANK

BANK OF THE BLUEGRASS & TRUST COMPANY

BY: _____
ITS: _____

    Jennifer F. Frye, Assistant Vice President

MULTISTATE INTEREST-ONLY PERIOD FIXED RATE NOTE—Single Family—Fannie Mae UNIFORM INSTRUMENT

Form 3271  1/01 (rev. 9/06)
(page 3 of 3)

BOTB 026

RECORD AND RETURN TO:
**GMAC MORTGAGE LLC**
**ATTN HELEN KAYLE**
**RECORD SERVICES**
**3451 HAMMOND AVE**
**WATERLOO IA 50702**

GMAC # 0601745572/HAFFEY
MERS #100037506017455727
MERS PHONE 1-888-679-6377

**This Space Reserved for Recording Information**
**ASSIGNMENT OF MORTGAGE**

For value received, **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC.** at 1595 SPRING HILL RD STE 310, VIENNA VA 22182, hereby sells, assigns, and transfers to **DEUTSCHE BANK TRUST COMPANY AMERICAS AS TRUSTEE,** 1761 EAST ST. ANDREW PLACE, SANTA ANA CA its successors and assigns all its right, title and interest to a certain Mortgage described as follows:

| | |
|---|---|
| EXECUTION DATE: | 5/14/2007 |
| ORIGINAL BORROWER: | **HEATHER M. HAFFEY AND SHANE M. HAFFEY, WIFE AND HUSBAND** |
| ORIGINAL LENDER: | **BANK OF THE BLUEGRASS AND TRUST COMPANY** |
| COUNTY: | **FAYETTE** |
| STATE: | **KENTUCKY** |
| RECORDING DATE: | 5/25/2007 |
| DOC/INST NUMBER: | 200705250199 |
| BOOK: | 6084 |
| PAGE: | 140 |
| PROPERTY ADDRESS: | 3250 DELONG ROAD, LEXINGTON KY 40515 |

September 25, 2009

**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC.**

*Patricia Kelleher*

PATRICIA KELLEHER, LIMITED SIGNING OFFICER

State of Iowa
County of Black Hawk

On this September 25, 2009, before me, a Notary Public in and for the above county and state, personally appeared PATRICIA KELLEHER, who being by me known to be the LIMITED SIGNING OFFICER of said company that the seal affixed to the said instrument is the seal of said company by authority of its board of directors, and they acknowledged the execution of said instrument to be the voluntary act and deed of said company, by it voluntarily executed.

*Sally Nelson*

SALLY NELSON
Notary in and for said County and State
My Commission expires: 4/20/2011

SALLY NELSON
Notarial Seal - Iowa
Commission # 222056
My Commission Expires 4-20-11

**Prepared by: HELEN KAYLE** *Helen Kayle*
**GMAC MORTGAGE LLC, 3451 HAMMOND AVE, WATERLOO IA 50702**

EXHIBIT
E

Return to
D & S

I, Donald W Blevins Jr, County Court Clerk of Fayette County, Kentucky, hereby certify that the foregoing instrument has been duly recorded in my office.

By:  **DOUG BRADLEY**

200910070077

October 7, 2009          10:26:48     AM

Fees        $13.00      Tax          $.00

Total Paid          $13.00

**THIS IS THE LAST PAGE OF THE DOCUMENT**

2      Pages

23   -   24

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
### CENTRAL DIVISION - LEXINGTON

LEAD CIVIL ACTION NO. 5:08-cv-459-JBC
(To be Filed in all related and Consolidated Cases
5:08-cv-456, 5:08-cv-510, 5:09-cv-255, and 5:09-cv-362)

HEATHER McKEEVER and
SHANE HAFFEY,

        PLAINTIFFS

v.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, et al.

        DEFENDANTS

## AFFIDAVIT OF LYNN E. SZYMONIAK, ESQ.,

## AS PLAINTIFFS' EXPERT

STATE OF FLORIDA

COUNTY OF PALM BEACH

LYNN E. SZYMONIAK, Esq., having been duly sworn, does state the following:

1. I am an adult citizen of the United States, and have resided in Palm Beach County, Florida since 1979.

EX. F

2. I am an attorney and was admitted to the Florida Bar in 1980.

3. For the past twenty years, my practice has primarily in cases involving white-collar crime allegations, particularly, in representing major insurance companies in claims that they have been defrauded by large policyholders.

4. In the last ten years, I have also served as an expert witness in civil and criminal cases. In criminal cases, I have served as an expert witness for the United States of America and the State of California. I have testified at trial in two federal court cases in Jacksonville, Florida, where the allegations involved false and fabricated documents including fabricated insurance policies and certificates of insurance. The two cases were United States v. Thomas King, Case No. 3:05-cr-52-J-99MMH, Middle District of Florida, Jacksonville Division and United States v. Donald Touchet, et al., Case No. 3:2007cr00090, Middle District of Florida, Jacksonville Division. I also submitted an expert opinion for the government in a New York Northern District federal case that ended in a guilty plea: United States v. James Kernan, Case No. 5:2008cr00061. I have also submitted an expert opinion in a criminal case currently pending in the Middle District of Florida and in a state case currently pending in California, both involving fraudulent insurance documents.

5. I was formerly a Certified Fraud Examiner, and have had nine hours training by the National Association of Certified Fraud Examiners in identifying forged and fabricated documents, in a course taught by retired agents of the FBI.

6. I have examined a copy of the Assignment of Mortgage in the foreclosure action presently before this Court, a copy of which is attached hereto. In the upper left-hand corner of this document, the following statement appears:
Record and Return To:
**GMAC Mortgage, LLC**

2

Record Services
3451 Hammond Avenue
Waterloo, IA 50702

7. I have examined over 2,000 other Mortgage Assignments, including at least 200 from GMAC Mortgage.

8. On at least 1,000 of these Assignments, the information is false and/or inaccurate and outright fraudulent.   The fraudulent assignments occur most frequently when the grantee is a mortgage-backed securitized trust as in the present case.

9. In the vast majority of securitized trusts, the transfer from the original lender to the trust occurs within 10 days of the original loan. If done properly, the loan is transferred from the original lender, to a depositor (the entity that gathers a group of loans), to the securities company to the trust.  (This process is described in a recent bankruptcy case involving fraudulent assignments, *In re Silvia Nuer*, Case No. 08-17106 (REG), in a Memorandum of Law of the United States Trustee in Support of Sanctions against J.P.Morgan Chase Bank National Association, filed January 4, 2010.)

10. Each such trust is governed by a Pooling & Servicing Agreement and each such Agreement includes a closing date, the date by which the transfer of the properties to the trust must be completed.  This closing date is usually within the first six weeks of the origination of the trust.

11. Each trust also includes a provision that specifies that the mortgages, notes, and **ASSIGNMENTS IN RECORDABLE FORM**, be delivered to the trustee.  The Assignments are not actually recorded, but remain with the documents custodian of the trust in the event they are needed for a foreclosure if the borrower defaults.

3

12. In the rush to create securitized trusts, many trusts were created without conforming to the Trust Agreement. In these trusts, the Mortgage Assignments were never obtained. Years later, when a borrower with a property in such trust defaults, the trust cannot produce the Assignment needed to establish standing to foreclose. In such cases, instead of admitting to the court and the borrower that the Assignments are missing, or obtaining a replacement assignment from the original lender, a fraudulent replacement assignment is often created.

13. These replacement assignments often are prepared in the name of MERS even though MERS never had an ownership interest in the properties and is not correctly named as wither a grantor or grantee in an assignment. Most recently, Fannie Mae had issued a rule change (copy attached) stating that MERS shall not be named in Assignments and that foreclosures should not be brought in the name of MERS.

14. In the present case, the following are indicators that this Assignment may be fraudulent:

• the assignment was prepared by GMAC Mortgage, LLC, but signed by an officer of MERS and only MERS is identified as the grantor, with no indication of whether MERS is acting as nominee for the original lender or for an intervening assignee;

• on other Assignments, this same individual, Patricia Kelleher, signs as an officer of GMAC mortgage (see attached example), but if Kelleher signed as a GMAC officer, there would be an obvious problem with the chain-of-tile as no documents has been filed showing GMAC as grantee;

• the grantee is "Deutsche Bank Trust Company Americas as Trustee" but the name of the actual trust is not set forth in the Assignment – this is critical information as Deutsche Bank Trust Company Americas acts as Trustee for many different securitized trusts;

4

RECORD AND RETURN TO:
GMAC MORTGAGE LLC
ATTN HELEN KAYLE
RECORD SERVICES
3451 HAMMOND AVE
WATERLOO IA 50702

GMAC # 0601745572/HAFFEY
MERS #100037506017455727
MERS PHONE 1-888-679-6377

This Space Reserved for Recording Information

## ASSIGNMENT OF MORTGAGE

For value received, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC. at 1595 SPRING HILL RD STE 310, VIENNA VA 22182, hereby sells, assigns, and transfers to DEUTSCHE BANK TRUST COMPANY AMERICAS AS TRUSTEE, 1761 EAST ST. ANDREW PLACE, SANTA ANA CA, its successors and assigns all its right, title and interest to a certain Mortgage described as follows:

EXECUTION DATE:            5/14/2007
ORIGINAL BORROWER:         HEATHER M. HAFFEY AND SHANE M. HAFFEY, WIFE AND HUSBAND
ORIGINAL LENDER:           BANK OF THE BLUEGRASS AND TRUST COMPANY
COUNTY:                    FAYETTE
STATE:                     KENTUCKY
RECORDING DATE:            5/25/2007
DOC/INST NUMBER:           200705250199
BOOK:                      6084
PAGE:                      140
PROPERTY ADDRESS:          3250 DELONG ROAD, LEXINGTON KY 40515

September 25, 2009

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC.

*Patricia Kelleher*

PATRICIA KELLEHER, LIMITED SIGNING OFFICER

State of Iowa
County of Black Hawk

On this September 25, 2009, before me, a Notary Public in and for the above county and state, personally appeared PATRICIA KELLEHER, who being by me known to be the LIMITED SIGNING OFFICER of said company that the seal affixed to the said instrument is the seal of said company by authority of its board of directors, and they acknowledged the execution of said instrument to be the voluntary act and deed of said company, by it voluntarily executed.

*Sally Nelson*

SALLY NELSON
Notary in and for said County and State
My Commission expires: 4/20/2011

SALLY NELSON
Notarial Seal - Iowa
Commission # 222056
My Commission Expires 4-20-11

Prepared by: HELEN KAYLE  *Helen Kayle*
GMAC MORTGAGE LLC, 3451 HAMMOND AVE, WATERLOO IA 50702

EXHIBIT
C

Return to
D & S





2009 00058741
Blk: 23588 Pg: 177 Page: 1 of 1
Recorded: 11/24/2009 02:08 PM

GMAC# 0600757279/SEMETER
MIN 100037506007572796
MERS 888-679-6377

## STATUTORY ASSIGNMENT OF MORTGAGE

For value received, **CORNERSTONE MORTGAGE CORPORATION**, 75 CRESCENT ST, WALTHAM MA 02453, hereby sells, assigns, and transfers to **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC.**, at 1595 SPRING HILL RD, STE 310, VIENNA VA 22182, its successors and assigns all its right, title and interest to a certain Mortgage described as follows:

| | |
|---|---|
| **EXECUTION DATE:** | 9/17/2003 |
| **ORIGINAL BORROWER:** | **PATRICIA A. SEMETER, JOINTLY WITH SPOUSE AND THOMAS J. SEMETER, JOINTLY WITH SPOUSE** |
| **ORIGINAL LENDER:** | **CORNERSTONE MORTGAGE CORPORATION** |
| **COUNTY:** | **MIDDLESEX** |
| **STATE:** | **MASSACHUSETTS** |
| **RECORDING DATE:** | 9/25/2003 |
| **DOC/INST NUMBER:** | 00116369 |
| **BOOK:** | 16269 |
| **PAGE:** | 208 |
| **PROPERTY ADDRESS:** | **2 PRIMROSE LANE, WESTFORD, MA** |

Signed November 9, 2009

CORNERSTONE MORTGAGE CORPORATION

**CAROL CHAPMAN, ASSISTANT SECRETARY**
State of Iowa
County of Black Hawk

+U01006575*
5655    11/16/2009   76077503/1

On this November 9, 2009, before me, a Notary Public in and for the above county and state, personally appeared CAROL CHAPMAN, who being by me known to be the ASSISTANT SECRETARY of said company that the seal affixed to the said instrument is the seal of said company by authority of its board of directors, and they acknowledged the execution of said instrument to be the voluntary act and deed of said company, by it voluntarily executed.

**SALLY NELSON**
Notary in and for said County and State
My Commission Expires: 4/20/2011

SALLY NELSON
Notarial Seal - Iowa
Commission # 222056
My Commission Expires 4-20-11

**Prepared by: PAT KELLEHER, GMAC MORTGAGE LLC**

Recordings Requested by &
When Recorded Return To:
    US Recordings, Inc.
    2925 Country Drive Ste 201
    St. Paul, MN 55117

PLAINTIFF'S EXHIBIT C

Bk: 44686 Pg: 80   Doc: AFF
Page: 1 of 1   03/19/2009 07:01 AM

Francis M. Roache
Register of Deeds

## (MORTGAGEE'S AFFIDAVIT DESIGNATING MORTGAGE IDENTIFICATION NUMBER MIN)

State of IOWA
County of BLACK HAWK

RECORD & RETURN TO:
GMAC MORTGAGE LLC
ATTN HELEN KAYLE/CRT DEPT
3451 HAMMOND AVE
WATERLOO IA 50704

GMAC #0600923382/BERMAN

The undersigned, PATRICIA KELLEHER, does hereby depose and say as follow:

1. That I am an authorized officer of the mortgagee, Mortgage Electronic Registration Systems, Inc.

2. That this affidavit refers to the Mortgage (or assignment), from ANDREA R. BERMAN to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC. as nominee for RELIANT MORTGAGE COMPANY LLC, in relation to property located at 287 RICE AVE, REVERE MA 02151, and recorded in SUFFOLK, County Recorder's office in BOOK 33887 PAGE 181; MORTGAGE DATED 2/25/2004 IN THE AMOUNT OF $217,000.00.

3. That the mortgagee has designated a Mortgage Identification Number (MIN), which will act as the permanent reference number with respect to the mortgage (or assignment) identified in Paragraph 2.

4. That any MIN previously referenced with respect to the mortgage (or assignment) identified in Paragraph 2 is invalid.

5. That the correct MIN for the mortgage (or assignment) identified in Paragraph 2 is MIN 100037506009233827 and that the MERS telephone number to call for information when using this MIN is (888) 679-6377.

Signed MARCH 10, 2009

**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**

*Patricia Kelleher*

**PATRICIA KELLEHER, LIMITED SIGNING OFFICER**

On this MARCH 10, 2009, before me, a Notary Public in and for the above said county and state, personally appeared PATRICIA KELLEHER, who being by me know to be the LIMITED SIGNING OFFICER of said company by authority of its board of directors, and they acknowledged the execution of said instrument to be the voluntary act and deed of said company, by it voluntarily executed.

*Sally Nelson*

SALLY NELSON, Notary
My Commission Expires:   4/20/2011

| SALLY NELSON |
| Notarial Seal - Iowa |
| Commission # 222056 |
| My Commission Expires  4-20-11 |

**Prepared By:**
**HELEN KAYLE**
**GMAC MORTGAGE LLC, 3451 HAMMOND AVE, WATERLOO IA 50702**



FILED   Joyce H. Pearson
Register of Deeds, Orange Co,NC
Recording Fee: $.00
NC Real Estate TX: $.00

2008010200000450  3of3
Bk:.RB4434 Pg:299
01/02/2008 02:10:07 PM  1/1

2008010200000450   1/1

MAIL 

9870-10-0364

Jko.

## SATISFACTION OF SECURITY INSTRUMENT

GMAC MORTGAGE, LLC - CONSUMER #:8259420126 "PLAUE"  Lender ID:61048/8259420126   Orange, North Carolina PIF:
12/13/2007
MERS #: 100069782509420120  VRU #: 1-888-679-6377

THE UNDERSIGNED corporation certifies that it is the owner of the indebtedness secured by the hereafter
described Deed of Trust and that the debt or other obligation in the original amount of $95,600.00 secured by the
Deed of Trust executed by DAVID C PLAUE GINA M. PLAUE, Grantors, to RANDY WARLICK AND AMY E
JOHNSON, Trustee, for MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ("MERS"), Beneficiary, and
Recorded in Orange County, State of North Carolina on 12/14/2004 in Book/Reel/Liber: RB3631 Page/Folio: 299 as
Instrument No.: 20041214000441970, was satisfied on 12/13/2007 .

Property Address: 100 COMMONS WAY, CHAPEL HILL, NC 27516

The undersigned corporation requests that this certificate of satisfaction be recorded and the above-referenced
security instrument be cancelled of record.

Mortgage Electronic Registration Systems, Inc. ("MERS")
On December 24th, 2007

By:

PATRICIA KELLEHER, Assistant Secretary

STATE OF Iowa
COUNTY OF Black Hawk

On December 24th, 2007, before me, H DAHLGREN, a Notary Public in and for Black Hawk in the State of Iowa,
personally appeared PATRICIA KELLEHER, Assistant Secretary being by me duly sworn and duly executed of
Mortgage Electronic Registration Systems, Inc. ("MERS"), personally known to me (or proved to me on the basis of
satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and
acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by
his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted,
executed the instrument.

WITNESS my hand and official seal on December 24th, 2007

H DAHLGREN
Notary Expires: 08/23/2010 #748557

H. DAHLGREN
NOTARIAL SEAL - STATE OF IOWA
COMMISSION NUMBER 748557
MY COMMISSION EXPIRES AUG. 23, 2010

(This area for notarial seal)

Prepared By:    Bulk, GMAC MORTGAGE, LLC 3451 HAMMOND AVENUE, PO BOX 780, WATERLOO, IA   50704-0780
1-800-285-4622
Recording Requested By: GMAC MORTGAGE, LLC
When Recorded Return To: DAVID C PLAUE, 100 COMMONS WAY, CHAPEL HILL, NC 27516

*BLK*BLKGMAC*12/242007 08:30:51 PM* GMAC22GMAC00000000000000002143469* NCORANG* 8259420126 NCSTATE_TRUST_REL *BLK*BLKGMAC*





FILED
Register of Deeds Joyce H. Pearson
Recording Fee: $.00 Orange Co.NC
NC Real Estate TA: $.00

2008031000057750 S6115
BK: RB4476 Pg:367
03/10/2008 04:16:47 PM 1/1

9789-07-2834

## SATISFACTION OF SECURITY INSTRUMENT

GMAC MORTGAGE, LLC #:0600700039 "BOZYMSKI" Lender ID:40030/600700039 Orange, North Carolina PIF: 02/19/2008
MERS #: 100037506807800392 VRU #: 1-888-679-6377

THE UNDERSIGNED corporation certifies that it is the owner of the indebtedness secured by the hereafter described Deed of Trust and that the debt or other obligation in the original amount of $483,500.00 secured by the Deed of Trust executed by DAVID S BOZYMSKI NATA K. BOZYMSKI, Grantors, to KENNETH R EMBREE, Trustee, for BRADFORD MORTGAGE COMPANY LLC, Beneficiary, and Recorded in Orange County, State of North Carolina on 06/03/2003 in Book/Real/Liber: 3079 Page/Folio: 294 as Instrument No.: NA, was satisfied on 02/19/2008 .

Property Address: 122 PORTER PLACE, CHAPEL HILL, NC 27514

The undersigned corporation requests that this certificate of satisfaction be recorded and the above-referenced security instrument be cancelled of record.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS")
On February 29th, 2008

By:
PATRICIA KELLEHER, Assistant Secretary

STATE OF Iowa
COUNTY OF Black Hawk

On February 29th, 2008, before me, H DAHLGREN, a Notary Public in and for Black Hawk in the State of Iowa, personally appeared PATRICIA KELLEHER, Assistant Secretary being by me duly sworn and duly executed of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal on February 29th, 2008

H DAHLGREN
Notary Expires: 08/23/2010 #748557

H. DAHLGREN
NOTARIAL SEAL – STATE OF IOWA
COMMISSION NUMBER 748557
MY COMMISSION EXPIRES AUG. 23, 2010

(This area for notarial seal)

Prepared By:   Bulk, GMAC MORTGAGE, LLC 3451 HAMMOND AVENUE, PO BOX 780, WATERLOO, IA  50704-0780
1-800-766-4622
Recording Requested By: GMAC MORTGAGE, LLC
When Recorded Return To: DAVID S BOZYMSKI, 122 PORTER PLACE, CHAPEL HILL, NC 27514

"BLK"BLKGMAC*02/29/2008 05:24:51 PM* GMAC01GMAC000000000000000002215585* NCORANG* 0600700039 NCSTATE_TRUST_REL *BLK*BLKGMAC*





FILED        Joyce H. Pearson
Register of Deeds: Orange Co,NC
Recording Fee: $14.00
NC Real Estate TX: $.00

**(MORTGAGEE'S AFFIDAVIT DESIGNATING MORTGAGE IDENTIFICATION NUMBER MIN)**

State of IOWA
County of BLACK HAWK

GMAC #0602321767/MERRITT

**RECORD & RETURN TO:**
**GMAC MORTGAGE LLC**
**ATTN HELEN KAYLE/CRT DEPT**
**3451 HAMMOND AVE**, P.O. Box 780
**WATERLOO IA 50704**

The undersigned, PATRICIA KELLEHER, does hereby depose and say as follow:

1. That I am an authorized officer of the mortgagee, Mortgage Electronic Registration Systems, Inc.

2. That this affidavit refers to the Mortgage (or assignment), from MICHAEL H. MERRITT to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC. AS NOMINEE FOR FIRST FINANCIAL SERVICES INC, in relation to property located at 118 SHADOW RIDGE PLACE, CHAPEL HILL NC 27516, and recorded in ORANGE County Recorder's office in the State of NORTH CAROLINA, recorded on 5/28/2009 as BOOK RB4747 PAGE 493 DOC NO 20090528000126690, Mortgage dated 5/27/2009 in the amount of $184,000.00.

   PARCEL: 9860-81-3263

3. That the mortgagee has designated a Mortgage Identification Number (MIN), which will act as the permanent reference number with respect to the mortgage (or assignment) identified in Paragraph 2.

4. That any MIN previously referenced with respect to the mortgage (or assignment) identified in Paragraph 2 is invalid.

5. That the correct MIN for the mortgage (or assignment) identified in Paragraph 2 is MIN 100233206023217672, and that the MERS telephone number to call for information when using this MIN is (888) 679-6377.

Signed MAY 12, 2010

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

_Patricia Kelleher_
PATRICIA KELLEHER, ASST. SECRETARY

On this MAY 12, 2010, before me, a Notary Public in and for the above said county and state, personally appeared PATRICIA KELLEHER, who being by me know to be the ASST. SECRETARY of said company by authority of its board of directors, and they acknowledged the execution of said instrument to be the voluntary act and deed of said company, by it voluntarily executed.

_Kathy Goulden_
KATHY GOULDEN, Notary
My Commission Expires:  4/17/2011
Commission #752348

KATHY GOULDEN
Iowa Notarial Seal
Commission Number: 752348
My Commission Expires: 04/17/2011

Prepared By: HELEN KAYLE
GMAC MORTGAGE LLC, 3451 HAMMOND AVE, WATERLOO IA 50702

RECORD AND RETURN TO:
GMAC MORTGAGE LLC
ATTN HELEN KAYLE/CRT DEPT
3451 HAMMOND AVE
WATERLOO IA 50702

CFN 20100345443
OR BK 24077 PG 0095
RECORDED 09/15/2010 16:29:36
Palm Beach County, Florida
Sharon R. Bock, CLERK & COMPTROLLER
Pgs 0095 - 96; (2pgs)

GMAC # 

GMAC070WILLIAMS
TRUSTSON/Burnam

This Space Reserved for Recording Information

## CORRECTIVE ASSIGNMENT OF MORTGAGE

*** THIS CORRECTIVE ASSIGNMENT IS BEING RECORDED TO CORRECT AND REPLACE THE ASSIGNMENT RECORDED ON 4/19/2010 IN BK 23800 PG 1779 DOC NO 20100142926 FROM MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC. TO RESIDENTIAL FUNDING COMPANY LLC FKA RESIDENTIAL FUNDING CORPORATION TO CORRECT THE ASSIGNORS NAME*** *and correct title too*

For value received, GMAC MORTGAGE LLC at 3451 HAMMOND AVE, WATERLOO IA, hereby sells, assigns, and transfers to RESIDENTIAL FUNDING LLC FKA RESIDENTIAL FUNDING CORPORATION at 1100 VIRGINIA DR, FT WASHINGTON PA 19034, its successors and assigns all its right, title and interest to a certain Mortgage described as follows:

EXECUTION DATE:               3/7/2007
ORIGINAL BORROWER:            JOEL BURNAM, A SINGLE PERSON
ORIGINAL LENDER:              MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC. AS
                              NOMINEE FOR FIRST MAGNUS FINANCIAL CORPORATION
COUNTY:                       PALM BEACH
STATE:                        FLORIDA
RECORDING DATE:               3/16/2007
DOC/INST NUMBER:              20070130738
OFF. REC.:                    21522
PAGE:                         1639
LEGAL:                        SEE ATTACHED LEGAL DESCRIPTION
Signed AUGUST 31, 2010

Witness:

HEATHER RINDELS                              GMAC MORTGAGE LLC

NICCI BROWN                                  PATRICIA KELLEHER, LIMITED SIGNING OFFICER

State of Iowa
County of Black Hawk

On this AUGUST 31, 2010, before me, a Notary Public in and for the above county and state, personally appeared PATRICIA KELLEHER, who being by me known to be the LIMITED SIGNING OFFICER of said company that the seal affixed to the said instrument is the seal of said company by authority of its board of directors, and they acknowledged the execution of said instrument to be the voluntary act and deed of said company, by it voluntarily executed.

SALLY NELSON
Notary in and for said County and State
My Commission Expires:  4/20/2011

Prepared by:  HELEN KAYLE
GMAC MORTGAGE LLC
3451 HAMMOND AVE
WATERLOO IA 50702

Sally Nelson
Notarial Seal State of Iowa
# 222056
My Commission Expires: 4-20-2011



# PRESS NOTICE

## BILL NETTLES
## UNITED STATES ATTORNEY
## DISTRICT OF SOUTH CAROLINA

*1441 Main Street, Suite 500 * Columbia, SC 29201 * (803) 929-3000*

**March 9, 2012**

FOR IMMEDIATE RELEASE
CONTACT PERSON:    Fran Trapp
                   (803) 929-3000
                   Fran.Trapp@usdoj.gov

### $95 MILLION SETTLEMENT WITH THE NATION'S
### FIVE LARGEST MORTGAGE SERVICERS PARTIALLY RESOLVES
### SOUTH CAROLINA FALSE CLAIMS ACT LAWSUIT

COLUMBIA, South Carolina ---- A $95 million settlement with the nation's four largest mortgage servicers was announced today by United States Attorney Bill Nettles. Bank of America Corporation, J.P. Morgan Chase & Co., Wells Fargo & Company, and Citigroup Inc. agreed to the settlement to address allegations that  the defendants participated in a nationwide practice of failing to obtain required mortgage assignments which resulted in servicing misconduct, and using false assignments to submit Federal Housing Administration mortgage insurance claims, all in violation of the federal False Claims Act, 31 U.S.C. § 3729.  This is the largest False Claims Act settlement ever obtained by the District of South Carolina.  The settlement was reached as part of the $25 billion dollar global resolution between the same defendants, the United States of America, the state attorneys general, and others.

*EXHIBIT G*

The United States and the state attorneys general filed today in the U.S. District Court in the District of Columbia proposed consent judgments with Bank of America Corporation, J.P. Morgan Chase & Co., Wells Fargo & Company, Citigroup Inc. and Ally Financial Inc., to resolve violations of state and federal law.  Included in the proposed settlement agreements, is the partial settlement for four of the defendants of allegations that the United States Attorney's Office for the District of South Carolina began investigating in the Spring of 2010.  In particular, the government investigated allegations that the defendants participated in a pervasive nationwide scheme involving the wholesale fabrication of mortgage assignments and other servicing abuses.

The False Claims Act allows the government to bring civil actions against entities that knowingly use or cause the use of false documents to obtain money from the government or to conceal an obligation to pay money to the government.  The lawsuit in this case was initially filed by Lynn Szymoniak under the qui tam or whistleblower provision of the False Claims Act.   This provision entitles a private person to bring a lawsuit on behalf of the United States, where the private person has information that the named defendant has knowingly violated the False Claims Act.  Under the False Claims Act, the private person, also known as a "whistleblower," is entitled to a share of the government's recovery.  In this matter, the whistleblower will receive $18 million from the proceeds of the settlement.

"Whistleblowers play an important role in protecting taxpayer funds from fraud and abuse," said U.S. Attorney Nettles.  "Settlements like this one help maintain the integrity of the federal mortgage servicing process."

"By this agreement we are making an important first step to hold mortgage servicers accountable for fraudulent and abusive practices not only in South Carolina but nationwide. I am proud of the tireless work of this office to investigate this case across the country," said U.S. Attorney Nettles.

"We see this historic settlement as one of national importance as our success in this case marks a precedent setting application of the False Claims Act to complex financial fraud," said U.S. Attorney Nettles. "It also demonstrates the role that whistleblowers can play in working with the government to return dollars to the federal treasury and to expose wrongdoing."

"We are very pleased by this settlement but at the same time our investigation is ongoing as we continue to ascertain the full magnitude of wrong doing and to seek redress for the United States Government," said U.S. Attorney Nettles.

This settlement was the result of a coordinated effort by Assistant United States Attorneys Fran Trapp and Jennifer Aldrich of the U.S. Attorney's Office for the District of South Carolina along with the Commercial Litigation Branch of the Justice Department's Civil Division, the U.S. Attorney's Office for the Western District of North Carolina and the Offices of Inspector General and legal counsel departments for HUD, the Treasury and the Federal Reserve in investigating the allegations.

Lynn Szymoniak, the whistleblower, was represented by South Carolina attorney Richard Harpootlian along with the firm of Grant & Eisenhofer (G&E) including firm partner Reuben Guttman, of the Washington, DC office, who heads the G&E False Claims Litigation Group and firm partner James Sabella of the New York office, who is a senior member of the G&E Securities Fraud Litigation Group. Kenneth Suggs and

Howard Janet of Janet, Jenner, & Suggs in Maryland and South Carolina also represented Ms. Szymoniak.

The allegations contained in the complaint against the Defendants are merely accusations and do not constitute a determination of liability.

### ###

D

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON**

**LEAD CIVIL ACTION NO. 08-459-JBC
CONSOLIDATED CIVIL ACTION NO. 11-188-JBC**

**GMAC MORTGAGE, LLC,**                                                        **PLAINTIFF,**

**V.**                          **MEMORANDUM OPINION & ORDER**

**HEATHER BOONE MCKEEVER, et al.,**                          **DEFENDANTS.**

* * * * * * * * * * *

Pending before the court is Shane Haffey's motion to vacate orders in relation to the automatic stay, R.47. Because the relief requested is not available under Fed. R. Civ. P. 59 or 60, the court will deny the motion.

Haffey moves to vacate three orders: an order denying in part and granting in part Shane Haffey's motion for extension of time to file a reply brief to the motion to alter or amend the summary judgment and for relief from judgment and second notice of automatic stay, R. 178; an order denying Haffey's motion to alter or amend the judgment on the pleadings, R. 45; and a judgment entered in favor of Deutsche Bank against Haffey, R. 46. Haffey argues that the court incorrectly denied recognition of a bankruptcy stay imposed on May 14, 2012, in GMAC's bankruptcy case. As grounds for the motion, he argues that the Sixth Circuit Court of Appeals has recognized a stay of the pending consolidated cases in this action until further instruction from the Bankruptcy Court and that a motion for

1

clarification or enforcement of the stay is presently pending in the Bankruptcy Court.  These arguments are without merit.

Both of the Federal Rules of Civil Procedure justifying reconsideration of an order list specific grounds for such relief.  Rule 60 (b) permits relief from a final order for the following reasons: "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . ., misrepresentation, or misconduct by the opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . .; or (6) any other reason that justifies relief."  The court reviews a Rule 59 (e) motion to alter or amend a judgment for a showing of "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2005); *see also Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir. 1979).  Haffey has made none of these showings.

The Sixth Circuit order referenced by Haffey does not support his argument; rather, it holds the appeal of consolidated cases in abeyance "pending further litigation in the district court," and states that "[t]o the extent that appellants seek to keep this appeal . . . in abeyance pending the bankruptcy proceedings relating to GMAC Mortgage LLC, the motion is denied."  R. 182 in Lexington Civil Action 08-459.  Also, the motion for clarification or enforcement of the stay in the Bankruptcy Court remains pending without a ruling; therefore, it does not constitute an intervening change in law.  Haffey has presented no new evidence,

2

reasoning, or law that justifies vacating the orders, so the court's position on the bankruptcy's effect, or lack thereof, on this action remains the same. Accordingly,

    **IT IS ORDERED** that Haffey's motion to vacate orders in relation to the automatic stay, R.47, is **DENIED**.


Signed on December 20, 2012

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY