# EXHIBIT A

Filed 11 July 21 P2:10
Chris Daniel - District Clerk
Harris County
ED101J016411646
By: Nelson Cuero

**2011-43161 / Court: 125**

CAUSE NO. _____

| | | |
|---|---|---|
| RICHARD D. RODE | § | IN THE DISTRICT COURT OF |
| | § | |
| v. | § | HARRIS COUNTY, T E X A S |
| | § | |
| HOMECOMINGS FINANCIAL, L.L.C., AND | § | |
| GMAC MORTGAGE, L.L.C. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

  COMES NOW, Richard D. Rode, hereinafter referred to as Plaintiff, and files this Plaintiff's Original Petition against HOMECOMINGS FINANCIAL, L.L.C., and GMAC MORTGAGE, L.L.C., hereinafter referred to as Defendants, and for cause of action, would show the Court the following:

### DISCOVERY CONTROL PLAN

1.01 Plaintiff hereby requests for this case to be conducted under Level 3 of Rule 190 of the Texas Rule of Civil Procedure 190.1. This case involves breach of contract claims, Deceptive Trade Practice Claims, and tort claims, and will require extensive discovery. Therefore, Plaintiff requests the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the specific circumstances of this case.

### PARTIES

2.01 Plaintiff, RICHARD D. RODE, is a resident of Harris County, Texas.

2.02 Defendant, HOMECOMINGS FINANCIAL, L.L.C., is a limited liability corporation doing business in the State of Texas, and may be served with process by serving its registered agent for service, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service

Company, 211 East 7th Street, Suite #620, Austin, Texas, 78701.  Private process is hereby requested.

2.03   Defendant, GMAC MORTGAGE, L.L.C., is a limited liability corporation doing business in the State of Texas and may be served with process by serving its registered agent for service, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 East 7th Street, Suite #620, Austin, Texas, 78701.  Private process is hereby requested.

## JURISDICTION

3.01   The Court has jurisdiction over the causes of action because the amount in controversy is within the jurisdictional limits of this Court.

3.02   The Court has jurisdiction over Defendant, HOMECOMINGS FINANCIAL, L.L.C., and GMAC MORTGAGE, L.L.C., because these Defendants are corporations that engage in business in Houston, Harris County, Texas.  Furthermore, the contract that was breached by Defendants was executed in Harris County, Texas, and the property Defendants attempted to foreclose on is located in Harris County, Texas.  Plaintiff's causes of action and damages, or a substantial portion of same, all occurred in Houston, Harris County, Texas.

## VENUE

4.01   Venue is proper in Houston, Harris County, Texas, in that the contract that was breached by Defendants was executed in Harris County, Texas, the property Defendants attempted to wrongfully foreclose upon is located in Harris County, Texas, and Plaintiff's causes of action and damages, or a substantial portion of same, all occurred in Houston, Harris County, Texas.

## FACTS

5.01   This suit arises from a breach of an agreement by Defendants with Plaintiff pertaining to a modification of a home loan by and between Plaintiff and Defendant on Plaintiff's homestead located at 2301 West Lawther Lane, Deer Park, Texas, 77536.  Defendant agreed to modify the loan as per the loan agreement signed by Plaintiff, attached hereto as Exhibit "A", and incorporated herein for all purposes.   The origin of the modification was Defendant's misapplication of fees and wrongful charges of insurance on the property originating from a loan agreement originally signed by Plaintiff and Southtrust Mortgage in March of 2003 pertaining to the subject property.  Upon information and belief, Southtrust sold the mortgage and loan to Defendants in approximately 2004.

5.02   Defendants agreed to the modification of the loan with Plaintiff, but failed to remove Plaintiff's ex-wife's name from the documents as promised.   Plaintiff requested new documents, per a letter dated September 2, 2009, attached hereto and incorporated herein as Exhibit "B".   Defendants also agreed to zero out the account balance once the new loan documents were received and signed.  Plaintiff sent a check in the amount of $3,025.00 per the instructions of Defendants' agent, Denise Jungen, for the October 2009 payment.

5.03   Another letter was sent to Defendants on September 18, 2009, regarding the misapplication of the payment by Defendants.  Defendants' agent, Denise Jungen, responded via a letter dated September 24, 2009, reiterating certain credits, the modification agreement, and now stating that they could not send new loan documents, but could process the loan without Mr. Rode's ex-wife's name based on the Quitclaim Deed on file and in their possession. These documents are attached as Exhibit "C", and incorporated herein for all purposes.

5.04    On October 1, 2009, the loan agreement that was signed by Plaintiff was sent to Defendants. A request for a completely signed copy of the loan agreement was made by Plaintiff. Defendants ignored this request and never sent Plaintiff the signed agreement. Please see attached letter, Exhibit "D", and incorporated herein for all purposes.

5.05    On October 27, 2009, another letter was sent to Defendants requesting a completely signed agreement. The letter further reiterated that Plaintiff was ready, willing, and able to make the November 2009 payment, but pointed out that because of several "new" charges that appeared on the account, including a $10,000.00 withdrawal out of escrow to "other", an explanation and accounting was needed to ensure that the payments made would be properly applied. Please see attached letter, Exhibit "E", and incorporated herein for all purposes. Defendant ignored Plaintiff's letter and request.

5.06    On October 30, 2009, another letter was sent to Defendant again reiterating the willingness to make the monthly payments, but would do so only with confirmation of the finalization of the modification agreement and proof or explanation that the payments would be properly applied. Please see attached letter, Exhibit "F".

5.07    Defendant completely ignored Plaintiff's requests, never sent Plaintiff the fully signed modification agreement as promised, never provided any explanation or accounting for the charges reflected on Plaintiff's account by Defendant as requested, and never gave any reason or explanation for their failure to perform.

5.06    On April 3, 2010, Plaintiff received a Notice of Substitute Trustee's sale indicating Defendant's intent to foreclose on Plaintiff's homestead property, with a Notice of Acceleration of Maturity demanding $55,599.78 to cure the default. Attached as Exhibit

"G", and incorporated herein for all purposes, are the Notice of Substitute Trustee's Sale &
Notice of Acceleration.

5.07    Once again, a letter was sent to Defendant on April 6, 2010, demanding the withdrawal of
posting for foreclosure, and requesting that Defendants contact Plaintiff's counsel regarding
this wrongful attempted foreclosure, breach of contract, and misapplication of funds by
Defendants.    See the letter attached as Exhibit "H", and incorporated herein for all
purposes.  Defendants ignored Plaintiff's requests, as no such contact was received, nor have
any letters been sent as promised in writing regarding the dispute of this account.
Defendants have wrongfully applied sums paid by Plaintiff totaling in excess of $24,000.00.
Furthermore, Defendants have wrongfully sent erroneous information to the IRS and has
reported to credit bureaus that Plaintiff has had a foreclosure on his home, which has caused
additional damage to Plaintiff.

**CAUSES OF ACTION**

6.01    <u>BREACH OF CONTRACT</u>

Plaintiff herein alleges that Defendants have breached the agreement it had with Plaintiff,
and has failed to perform as promised.  Defendants are further the cause of Plaintiff not making the
monthly mortgage payments, as Defendants have never provided the fully executed agreement as
promised, nor have they provided any explanation or information regarding the charges that
Defendant has wrongfully taken out of escrow.  Defendants represented to Plaintiff that providing
such information was part of the services offered by Defendants.  Plaintiff has been ready, willing,
and able to pay the monthly payments and abide by the agreement reached in September of 2009 so
long as Defendants would properly apply the payments made and provide an explanation for the
escrow funds that were taken by Defendants.  Such breach of contract has caused Plaintiff damages

in excess of the minimum jurisdictional limits of the Court. Plaintiff further seeks benefit of the bargain damages and compliance with the agreement with Defendants, an accounting of all charges made on Plaintiff's account since September 1, 2009, and reasonable and necessary attorneys' fees and costs for such breach of contract by Defendant.

6.02    FRAUD IN THE INDUCEMENT

Defendants' conduct described above constitutes Fraud in the Inducement to Plaintiff. Plaintiff relied upon the representations that were made by Defendants, and such representations were material. Defendants knew that such representations were false, but made such representations with the intent that Plaintiff rely upon them. The promise of future performance by Defendants was made with an intent, at the time of those promises, to not perform as promised.

6.03    FRAUD

Defendants conduct described above constitutes fraud. Plaintiff relied upon the representations that were made by Defendants after such agreement, and such representations were material. Defendants knew that such representations were false, but made such representations with the intent that Plaintiff rely upon them. The promise of future performance by Defendants were made with an intent, at the time of those promises, to not perform as promised.

As a direct and proximate result of the foregoing fraudulent misrepresentations, Plaintiff has suffered damages, including attorneys fees, costs, expenses, and diminution of credit based on Defendant's actions.

6.04    NEGLIGENT MISREPRESENTATION

Defendants conduct described above from the time of the original representation to the present constitutes negligent misrepresentation. Such negligent misrepresentations directly and

proximately caused damages, including attorneys' fees, costs, expenses, and diminution of credit based on Defendant's actions.

6.05    DTPA

Plaintiff hereby brings a cause of action under Section 17.46 of the Texas Deceptive Trade Practices Act.  Plaintiff is a consumer as defined by the Statute.  Defendants engaged in false, misleading, or deceptive acts that Plaintiff relied upon to their detriment that was a producing cause of damages.

Defendants represented that the promised services and future services, yet the services provided did not have the quality or characteristics required to fulfill those promises and representations.

Defendants conduct constitutes an unconscionable course of conduct and practice that took advantage of Plaintiff to a grossly unfair degree.

Defendants conduct was committed knowingly with actual awareness at the time of the representations of the falsity, deception, or unfairness of their conduct.  Such conduct entitles Plaintiff to treble damages, for which Plaintiff herein sues.

6.06    ACTUAL DAMAGES

Based on the conduct of Defendants, Plaintiff has suffered actual damages that exceed the minimum jurisdictional limits of this Court.  Plaintiff herein sues for actual damages, all consequential damages, and benefit of the bargain damages that Plaintiff would have obtained had Defendants fulfilled their promises and representations.  Plaintiff herein sues for mental anguish damages for the extreme worry, anguish and anxiety Defendants have caused by wrongfully attempting to foreclose of Plaintiff's homestead, with full knowledge of Plaintiff's offer of payment upon a proper accounting and a copy of the signed agreement between the parties.

6.07   **EXEMPLARY DAMAGES**

Plaintiff herein sues for exemplary damages for the intentional, fraudulent, and grossly negligent misrepresentations both prior to and after the modification agreement. Because of Defendants actual awareness of the falsity of their representations and false promises, exemplary damages in an amount to be determined by the trier of fact is justified.

7.00   **ATTORNEYS FEES**

Plaintiff is entitled to recover and herein sues for reasonable and necessary attorneys fees incurred in this cause.

**CONDITIONS PRECEDENT**

7.01   All conditions precedent to Plaintiff's claim for relief against Defendants have been performed or have occurred. All statutory notice provisions have been or will be given to Defendants.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and upon final trial herein, he have a Judgment against Defendants for all causes of action and damages, both actual and exemplary, as well as attorney's fees, and such other and further relief, both general and special, to which Plaintiff may be justly entitled and for which he sues herein.

Respectfully submitted,

UZICK & ONCKEN, P.C.


BY: _____

Jeffrey H. Uzick
SBOT: 20419200
238 Westcott
Houston, Texas  77007
(713) 869-2900
FAX:  (713) 869-6699

ATTORNEYS FOR RICHARD D. RODE,
PLAINTIFF

Case 4-12-cv-00990   Document 1-1   Filed in TXSD on 02/09/12   Page 11 of 62

# UZICK & ONCKEN, P.C.

Jeffrey H. Uzick

**Attorneys at Law**
238 Westcott
Houston, Texas 77007
(713) 869-2900
Fax: (713) 869-6699
E-Mail: dee@uzickoncken.com
www.uzickoncken.com

2011-43163 / Court: 125

July 21, 2011

TO:  Harris County District Clerk

RE:  Cause No. _____; Richard D. Rode v. Homecomings Financial, L.L.C., and GMAC Mortgage, L.L.C.; In the District Court of Harris County, Texas; _____ Judicial District

Dear District Clerk:

Please process the enclosed document:

## PLAINTIFF'S ORIGINAL PETITION

## CIVIL PROCESS REQUEST

### and

## CIVIL CASE INFORMATION SHEET

Your cooperation in this regard is greatly appreciated.

Very truly yours,

Jeffrey H. Uzick

dr/700.100001(113)
Enclosures

# CIVIL CASE INFORMATION SHEET

**CAUSE NUMBER** *(FOR CLERK USE ONLY)*: _____  **COURT** *(FOR CLERK USE ONLY)*: _____

STYLED RICHARD D. RODE V. HOMECOMINGS FINANCIAL, L.L.C., AND GMAC MORTGAGE, L.L.C.
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name: <br> Jeffrey H. Uzick | Email: <br> dee@uzickoncken.com | Plaintiff(s)/Petitioner(s): <br><br> Richard D. Rode | ☒Attorney for Plaintiff/Petitioner <br> ☐*Pro Se* Plaintiff/Petitioner <br> ☐Title IV-D Agency <br> ☐Other: _____ |
| Address: <br> 238 Westcott | Telephone: <br> 713-869-2900 | | Additional Parties in Child Support Case: |
| City/State/Zip: <br> Houston, Texas 77007 | Fax: <br> 713-869-6699 | Defendant(s)/Respondent(s): <br><br> Homecomings Financial, L.L.C. <br> GMAC Mortgage, L.L.C. | Custodial Parent: <br><br> Non-Custodial Parent: <br><br> Presumed Father: |
| Signature: <br> [signature] | State Bar No: <br> 20419200 | [Attach additional page as necessary to list all parties] | |

**2. Indicate case type, or identify the most important issue in the case *(select only 1)*:**

| Civil | | | Family Law | |
|---|---|---|---|---|
| | | | | **Post-judgment Actions (non-Title IV-D)** |
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | |
| *Debt/Contract* | ☐Assault/Battery | ☒Eminent Domain/ Condemnation | ☒Annulment | ☐Enforcement |
| ☑Consumer/DTPA | ☐Construction | ☐Partition | ☒Declare Marriage Void | ☐Modification—Custody |
| ☑Debt/Contract | ☐Defamation | ☑Quiet Title | *Divorce* | ☐Modification—Other |
| ☑Fraud/Misrepresentation | *Malpractice* | ☑Trespass to Try Title | ☒With Children | **Title IV-D** |
| ☐Other Debt/Contract: | ☑Accounting | ☑Other Property: | ☒No Children | ☐Enforcement/Modification |
| | ☑Legal | _____ | | ☐Paternity |
| *Foreclosure* | ☑Medical | | | ☐Reciprocals (UIFSA) |
| ☐Home Equity—Expedited | ☐Other Professional Liability: _____ | **Related to Criminal Matters** | | ☐Support Order |
| ☑Other Foreclosure | ☑Motor Vehicle Accident | ☐Expunction | **Other Family Law** | **Parent-Child Relationship** |
| ☐Franchise | ☒Premises | ☑Judgment Nisi | ☐Enforce Foreign Judgment | ☐Adoption/Adoption with Termination |
| ☐Insurance | *Product Liability* | ☐Non-Disclosure | ☐Habeas Corpus | ☑Child Protection |
| ☐Landlord/Tenant | ☑Asbestos/Silica | ☐Seizure/Forfeiture | ☐Name Change | ☐Child Support |
| ☐Non-Competition | ☑Other Product Liability List Product: | ☐Writ of Habeas Corpus— Pre-indictment | ☐Protective Order | ☐Custody or Visitation |
| ☐Partnership | | ☒Other: _____ | ☐Removal of Disabilities of Minority | ☐Gestational Parenting |
| ☐Other Contract: | ☑Other Injury or Damage: _____ | | ☐Other: _____ | ☐Grandparent Access |
| _____ | | | | ☐Paternity/Parentage |
| | | | | ☐Termination of Parental Rights |
| **Employment** | **Other Civil** | | | ☑Other Parent-Child: |
| ☐Discrimination | ☑Administrative Appeal | ☑Lawyer Discipline | | _____ |
| ☐Retaliation | ☑Antitrust/Unfair Competition | ☑Perpetuate Testimony | | |
| ☐Termination | ☑Code Violations | ☑Securities/Stock | | |
| ☑Workers' Compensation | ☑Foreign Judgment | ☑Tortious Interference | | |
| ☐Other Employment: | ☑Intellectual Property | ☑Other: _____ | | |
| _____ | | | | |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☒Tax Appraisal | *Probate/Wills/Intestate Administration* | ☑Guardianship—Adult |
| ☒Tax Delinquency | ☑Dependent Administration | ☑Guardianship—Minor |
| ☑Other Tax | ☑Independent Administration | ☑Mental Health |
| | ☑Other Estate Proceedings | ☑Other: _____ |

**3. Indicate procedure or remedy, if applicable *(may select more than 1)*:**

| | | |
|---|---|---|
| ☑Appeal from Municipal or Justice Court | ☑Declaratory Judgment | ☐Prejudgment Remedy |
| ☑Arbitration-related | ☑Garnishment | ☐Protective Order |
| ☐Attachment | ☑Interpleader | ☐Receiver |
| ☐Bill of Review | ☐License | ☐Sequestration |
| ☐Certiorari | ☐Mandamus | ☐Temporary Restraining Order/Injunction |
| ☐Class Action | ☐Post-judgment | ☐Turnover |

# CIVIL PROCESS REQUEST

> FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING
> FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED

**CASE NUMBER:** _____    **CURRENT COURT:** _____

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types):  Plaintiff's Original Petition

**FILE DATE OF MOTION:**  07/21/2011
Month/    Day/    Year

**SERVICE TO BE ISSUED ON** (Please List Exactly As The Name Appears In The Pleading To Be Served):

1. **NAME:**  Homecomings Financial, L.L.C. (Registered Agent:  Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company

   **ADDRESS:**  211 East 7th Street, Suite #620, Austin, Texas, 78701

   **AGENT,** (if applicable): _____

   **TYPE OF SERVICE/PROCESS TO BE ISSUED** (see reverse for specific type): _____

   **SERVICE BY** (check one):
   - ☐ **ATTORNEY PICK-UP**          ☐ **CONSTABLE**
   - ☐ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____  Phone: _____
   - ☐ **MAIL**          ☒ **CERTIFIED MAIL**
   - ☐ **PUBLICATION:**
     Type of Publication:  ☐ **COURTHOUSE DOOR, or**
     ☐ **NEWSPAPER OF YOUR CHOICE:** _____
   - ☐ **OTHER,** explain _____

   ******************************************************************************************

   ****

2. **NAME:**  GMAC Mortgage, L.L.C. (Registered Agent:  Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company

   **ADDRESS:**  211 East 7th Street, Suite #620, Austin, Texas, 78701

   **AGENT,** (if applicable): _____

   **TYPE OF SERVICE/PROCESS TO BE ISSUED** (see reverse for specific type): _____

   **SERVICE BY** (check one):
   - ☐ **ATTORNEY PICK-UP**          ☐ **CONSTABLE**
   - ☑ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up:  Mach 5 Couriers/Easy Serve   Phone:  713-655-7239
   - ☐ **MAIL**          ☐ **CERTIFIED MAIL**
   - ☐ **PUBLICATION:**
     Type of Publication:  ☐ **COURTHOUSE DOOR, or**
     ☐ **NEWSPAPER OF YOUR CHOICE:** _____
   - ☐ **OTHER,** explain _____

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

NAME:  Jeffrey H. Uzick          TEXAS BAR NO./ID NO.  20419200

MAILING ADDRESS:  238 Westcott, Houston, Texas, 77007

PHONE NUMBER:  713    869-2900          FAX NUMBER:  713    869-6699
area code    phone number                             area code    fax number

EMAIL ADDRESS:  dee@uzickoncken.com

CIVC109 Revised 9/3/00

SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO CANCELLATION. FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE. SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

INSTRUMENTS TO BE SERVED:
(Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.)

ORIGINAL PETITION
_____ AMENDED PETITION
_____ SUPPLEMENTAL PETITION

COUNTERCLAIM
_____ AMENDED COUNTERCLAIM
_____ SUPPLEMENTAL COUNTERCLAIM

CROSS-ACTION:
_____ AMENDED CROSS-ACTION
_____ SUPPLEMENTAL CROSS-ACTION

THIRD-PARTY PETITION:
_____ AMENDED THIRD-PARTY PETITION
_____ SUPPLEMENTAL THIRD-PARTY PETITION

INTERVENTION:
_____ AMENDED INTERVENTION
_____ SUPPLEMENTAL INTERVENTION

INTERPLEADER
_____ AMENDED INTERPLEADER
_____ SUPPLEMENTAL INTERPLEADER

INJUNCTION

MOTION TO MODIFY

SHOW CAUSE ORDER

TEMPORARY RESTRAINING ORDER

BILL OF DISCOVERY:
   ORDER TO: _____
                           (specify)
   MOTION TO: _____
                           (specify)

PROCESS TYPES:

NON WRIT:
X CITATION
ALIAS CITATION
PLURIES CITATION
SECRETARY OF STATE CITATION
COMMISSIONER OF INSURANCE
HIGHWAY COMMISSIONER
CITATION BY PUBLICATION
NOTICE
SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)
RULE 106 SERVICE

SUBPOENA

WRITS:
ATTACHMENT (PROPERTY)
ATACHMENT (WITNESS)
ATTACHMENT (PERSON)

CERTIORARI

EXECUTION
EXECUTION AND ORDER OF SALE

GARNISHMENT BEFORE JUDGMENT
GARNISHMENT AFTER JUDGMENT

HABEAS CORPUS
INJUNCTION
TEMPORARY RESTRAINING ORDER

PROTECTIVE ORDER (FAMILY CODE)
PROTECTIVE ORDER (CIVIL CODE)

POSSESSION (PERSON)
POSSESSION (PROPERTY)

SCIRE FACIAS
SEQUESTRATION
SUPERSEDEAS

CIVC108 Revised 9/1/00



Dear Valued Customer,

Attached are your loan modification documents from Homecomings Financial℠. Please contact Nations Direct, at 1.866.280.4790, at your convenience to schedule a time for a notary to meet with you to sign these documents. This process will take approximately 15 minutes, and there is no additional charge for this service.

Please be sure to have all parties present at the time of the signing. Please see the signature lines on the last page of your Modification Agreement.

Please do not sign unless in the presence of a notary.

Sincerely,

Nations Direct
(Working with Homecomings Financial℠)


EXHIBIT
"A"

# Please use this label to send back the documents.

FedEx Ship Manager - Print Your Label(s)                    Page 1 of 1

From: Origin ID: ALOA (800) 989-7779
Jennifer Meester - Loss Mit
HOMECOMINGS FINANCIAL NETWORK
3451 Hammond Avenue

Waterloo, IA 50702



Ship Date: 27AUG09
ActWgt: 1.0 LB
CAD: 6441863/INET9060
Account#: S *********

SHIP TO: (214) 874-6541       BILL SENDER
**ATTN: LOSS MITIGATION DEPT.**
**GMAC MORTGAGE**
**3451 HAMMOND AVE**

**WATERLOO, IA 50702**

Delivery Address Bar Code



Ref #     SVC856
Invoice #
PO #
Dept #    SVC856



TRK#    7968 9701 2725
0201

**50 ALOA**



FRI - 28AUG        A2

**STANDARD OVERNIGHT**

50702
IA-US
CID

**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.**
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic valueof the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.
Global Home | Small Business Center | Service Info | About FedEx | Investor Relations | Careers | fedex.com Terms of Use | Security & Privacy | Site Map |
This site is protected by copyright and trademark laws under US and International law. All rights reserved.© 1995- 2009 FedEx

8/26/2009

# Homecomings Financial

*A GMAC Company*

RICHARD D RODE
BARBARA RODE
2301 WEST LAWTHER LANE
DEER PARK TX 77536

Re: Account Number     7435631023
                              2301 WEST LAWTHER LANE
                              DEER PARK TX 77536

Dear RICHARD D RODE    BARBARA RODE

**Congratulations! Your request for a loan modification has been approved subject to the following:**
          -Receipt of your contribution in the form of certified funds
          -Receipt of the signed and notarized loan modification agreement and any attachments
          -Receipt of clear title, if applicable

Highlights of the enclosed Loan Modification Agreement and instructions for completing and returning it are as follows:

- The contribution amount of $ 3,025.00 in the form of certified funds, is due in our office by October 1, 2009.
- The interest rate is 5.00000%.
- The first modified payment begins November 1, 2009.
  | | |
  |---|---|
  | Principal and Interest | $ 2,320.25 |
  | Escrow | $ 693.45 |
  | **Total Payment** | **$3,013.70** |

Do NOT sign the enclosed Loan Modification Agreement unless you are in the presence of a notary. This document must be signed in the presence of a notary and (if applicable) other witnesses. All of the documents must be executed and the signatures must be exactly as the names are typed.

- The signed and notarized Loan Modification Agreement should be returned using the enclosed pre-paid overnight envelope.
- If any modification closing costs are more than projected, the difference will be assessed to the account.
- All miscellaneous fees and costs -- excluding late charges -- may not have been included in the loan modification and will remain outstanding.

The contribution and executed loan modification documents are due back by October 1, 2009. Please return to:

Homecomings Financial, LLC
Attn: Loan Modification
3451 Hammond Avenue
Waterloo, IA 50702

IMPORTANT! The loan modification will not be complete until we receive all properly executed documents and the contribution amount. If the modification is not completed we will continue to enforce our lien. If the conditions outlined above are not satisfied the modification will be withdrawn.

If you have any questions regarding this modification offer, please contact a modification specialist directly at 1-800-799-9250 Monday -- Thursday 8:00 AM to 7:00 PM, Friday 8:00 AM to 5:00 PM, Central Time.

Loan Modification Specialist
Enclosures

Record & Return To:

Homecomings Financial, LLC
Attention: Loss Mitigation
3451 Hammond Avenue
Waterloo, IA 50702

―――――――――――――――――――――――[Space Above This Line For Recorder's Use]―――――――――――――――――――――――

# FIXED RATE LOAN MODIFICATION AGREEMENT

This Loan Modification Agreement ("Agreement") made this October 1, 2009 ("Effective Date")
between  RICHARD D RODE  ·   BARBARA RODE      ("Borrower") and Homecomings Financial, LLC
("Lender"), amends and supplements that certain promissory note ("Note") dated March 18, 2003 in the original
principal sum of  Two Hundred Sixty Five Thousand One Hundred Seventy Five Dollars and No Cents ($
265,175.00)executed by Borrower.  The Note is secured by a Mortgage, Deed of Trust, or Deed to Secure Debt (the
"Security Instrument"), dated the same date as the Note, and if applicable, recorded on  with Instrument Number  in
Book  and/or Page Number  of the real property records of  HARRIS County, TX.  Said Security Instrument covers
the real and personal property described in such Security Instrument (the "Property") located at 2301 WEST
LAWTHER LANE   DEER PARK TX 77536, which real property is more particularly described as follows:

**(Legal Description – Attach as Exhibit if Recording Agreement)**

Borrower acknowledges that Lender is the legal holder and the owner of the Note and Security Instrument
and further acknowledges that if Lender transfers the Note, as amended by this Agreement, the transferee shall be
the "Lender" as defined in this Agreement.

Borrower has requested, and Lender has agreed, to extend or rearrange the time and manner of payment of
the Note and to extend and carry forward the lien(s) on the Property whether or not created by the Security
Instrument.

Now, therefore, in consideration of the mutual promises and agreements contained herein, and other good
and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be
legally bound, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or
Security Instrument):

1. Borrower acknowledges that as of the Effective Date, the amount payable under the Note and secured by
the Security Instrument (the "Principal Balance") is One Hundred Ninety Two Thousand Four Hundred Eighty
Dollars and Eighty Four Cents ($ 192,480.84). Borrower hereby renews and extends such indebtedness and
promises to pay jointly and severally to the order of Lender the Principal Balance, consisting of the amount(s)
loaned to Borrower by Lender and any accrued but unpaid interest capitalized to date.

2. Interest will be charged on the unpaid Principal Balance until the full amount of principal has been paid.
Borrower will pay interest at the rate of  5.00000% per year from the Effective Date.

3. Borrower promises to make monthly principal and interest payments of $ 2,320.25, beginning on
November 1, 2009, and continuing thereafter on the same day of each succeeding month until principal and interest
are paid in full. If on April 1, 2018 (the "Maturity Date"), Borrower still owes amounts under the Note and Security
Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.
Borrower will make such payments at 3451 Hammond Avenue, Waterloo, IA 50702 or at such other place as Lender
may require. The amounts indicated in this paragraph do not include any required escrow payments for items such

as hazard insurance or property taxes; if such escrow payments are required the monthly payments will be higher and may change as the amounts required for escrow items change.

4. If Lender has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, Borrower will pay a late charge to Lender. The amount of the charge will be the late charge percentage provided for in the Note multiplied by the overdue payment of principal and interest required under this Agreement. Borrower will pay this late charge promptly but only once on each late payment. The late charge is not in lieu of any other remedy of Lender, including any default remedy.

5. It is the intention of the parties that all liens and security interests described in the Security Instrument are hereby renewed and extended (if the Maturity Date of the original Note has been changed) until the indebtedness evidenced by the Note and this Agreement has been fully paid. Lender and Borrower acknowledge and agree that such renewal, amendment, modification, rearrangement or extension (if applicable) shall in no manner affect or impair the Note or liens and security interests securing same, the purpose of this Agreement being simply to modify, amend rearrange or extend (if applicable) the time and the manner of payment of the Note and indebtedness evidenced thereby, and to carry forward all liens and security interests securing the Note, which are expressly acknowledged by Borrower to be valid and subsisting, and in full force and effect so as to fully secure the payment of the Note.

6. If all or any part of the Property or any interest in it is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by applicable law. If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower. For purposes of this paragraph, "interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is transfer of title by Borrower at a future date to a purchaser.

7. As amended hereby, the provisions of the Note and Security Instrument shall continue in full force and effect, and the Borrower acknowledges and reaffirms Borrower's liability to Lender thereunder. In the event of any inconsistency between this Agreement and the terms of the Note and Security Instrument, this Agreement shall govern. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Agreement, including but not limited to, in the case of the Borrower, the obligation to pay items such as taxes, insurance premiums or escrow items, as applicable. Any default by Borrower in the performance of its obligations herein contained shall constitute a default under the Note and Security Instrument, and shall allow Lender to exercise all of its remedies set forth in said Security Instrument.

8. Lender does not, by its execution of this Agreement, waive any rights it may have against any person not a party hereto. This Agreement may be executed in multiple counterparts, each of which shall constitute an original instrument, but all of which shall constitute one and the same Agreement. EACH OF THE BORROWER AND THE LENDER ACKNOWLEDGE THAT NO REPRESENTATIONS, AGREEMENTS OR PROMISES WERE MADE BY THE OTHER PARTY OR ANY OF ITS REPRESENTATIVES OTHER THAN THOSE REPRESENTATIONS, AGREEMENTS OR PROMISES SPECIFICALLY CONTAINED HEREIN. THIS AGREEMENT, AND THE NOTE AND SECURITY INSTRUMENT (AS AMENDED HEREBY) SETS FORTH

THE ENTIRE UNDERSTANDING BETWEEN THE PARTIES. THERE ARE NO UNWRITTEN AGREEMENTS BETWEEN THE PARTIES.

Executed effective as of the day and year first above written.

_____          _____
RICHARD D RODE                            Witness

                                          _____
                                          Print

_____          _____

                                          _____

_____          _____
BARBARA RODE                              Witness

                                          _____
                                          Print

_____          _____

                                          _____

**BORROWER ACKNOWLEDGMENT**

State of _____
County of _____

On this __ day of _____, 200__, before me, the undersigned, a Notary Public in and for said county and state, personally appeared
RICHARD D RODE    BARBARA RODE    personally known to me or identified to my satisfaction to be the person(s) who executed the
within instrument, and they duly acknowledged that said instrument is their act and deed, and that they, being authorized to do so, executed
and delivered said instrument for the purposes therein contained.

   Witness my hand and official seal.

                              _____
                              Notary Public

                              My Commission Expires: _____

Homecomings Financial, LLC

By: _____

Title: <u>LIMITED SIGNING OFFICER</u>

**LENDER ACKNOWLEDGMENT**

State of IOWA
County of BLACKHAWK

On this ___ day of _____, 200__, before me, the undersigned, a Notary Public in and for said county and state, personally appeared KRIS M. CAYA, personally known to me or identified to my satisfaction to be the person who executed the within instrument as Limited Signing Officer of Homecomings Financial, LLC, and they duly acknowledged that said instrument is the act and deed of said entity, and that they, being authorized to do so, executed and delivered said instrument for the purposes therein contained.

Witness my hand and official seal.

_____
Notary Public
My Commission Expires: _____

Case 4-12-cv-00990-8 Document 11/22/13 Filed in TXSD on 02/05/13 Page 23 of 62

# ☑Borrowers Copies

# Please use this label to send your funds back.
# Please do not give your funds to the Notary.

FedEx Ship Manager – Print Your Label(s)                    Page 1 of 1

From:  Origin ID: ALOA  (800) 964-7779
Jennifer Meester - Loss Mit
HOMECOMINGS FINANCIAL NETWORK
3451 Hammond Avenue

Waterloo, IA 50702

**FedEx** Express  E

SHIP TO: (214) 874-6541        BILL SENDER
**ATTN: LOSS MITIGATION DEPT.**
**GMAC MORTGAGE**
**3451 HAMMOND AVE**

**WATERLOO, IA 50702**

Ship Date: 27AUG09
ActWgt: 1.0 LB
CAD: 5441863/NET9660
Account#: S ********

Delivery Address Bar Code

Ref #   SVC856
Invoice #
PO #
Dept #   SVC856

TRK# 0201    7968 9702 0745

FRI - 28AUG        A2
STANDARD OVERNIGHT

50702
IA-US
CID

**50 ALOA**

**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic valueof the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.
Global Home | Small Business Center | Service Info | About FedEx | Investor Relations | Careers | fedex.com Terms of Use | Security & Privacy | Site Map |
This site is protected by copyright and trademark laws under US and International law. All rights reserved.© 1995- 2009 FedEx

8/26/2009

# Homecomings Financial

*A GMAC Company*

RICHARD D RODE
BARBARA RODE
2301 WEST LAWTHER LANE
DEER PARK TX 77536

Re: Account Number     7435631023
                          2301 WEST LAWTHER LANE
                          DEER PARK TX 77536

Dear RICHARD D RODE    BARBARA RODE

**Congratulations! Your request for a loan modification has been approved subject to the following:**
    -Receipt of your contribution in the form of certified funds
    -Receipt of the signed and notarized loan modification agreement and any attachments
    -Receipt of clear title, if applicable

Highlights of the enclosed Loan Modification Agreement and instructions for completing and returning it are as follows:

- The contribution amount of $ 3,025.00 in the form of certified funds, is due in our office by October 1, 2009.
- The interest rate is 5.00000%.
- The first modified payment begins November 1, 2009.

| | |
|---|---|
| Principal and Interest | $ 2,320.25 |
| Escrow | $ 693.45 |
| **Total Payment** | **$3,013.70** |

Do NOT sign the enclosed Loan Modification Agreement unless you are in the presence of a notary. This document must be signed in the presence of a notary and (if applicable) other witnesses. All of the documents must be executed and the signatures must be exactly as the names are typed.

- The signed and notarized Loan Modification Agreement should be returned using the enclosed pre-paid overnight envelope.
- If any modification closing costs are more than projected, the difference will be assessed to the account.
- All miscellaneous fees and costs -- excluding late charges -- may not have been included in the loan modification and will remain outstanding.

The contribution and executed loan modification documents are due back by October 1, 2009. Please return to:

Homecomings Financial, LLC
Attn: Loan Modification
3451 Hammond Avenue
Waterloo, IA 50702

IMPORTANT! The loan modification will not be complete until we receive all properly executed documents and the contribution amount. If the modification is not completed we will continue to enforce our lien. If the conditions outlined above are not satisfied the modification will be withdrawn.

If you have any questions regarding this modification offer, please contact a modification specialist directly at 1-800-799-9250 Monday -- Thursday 8:00 AM to 7:00 PM, Friday 8:00 AM to 5:00 PM, Central Time.

Loan Modification Specialist
Enclosures

Record & Return To:

Homecomings Financial, LLC
Attention: Loss Mitigation
3451 Hammond Avenue
Waterloo, IA 50702

——————————————[Space Above This Line For Recorder's Use]——————————————

# FIXED RATE LOAN MODIFICATION AGREEMENT

This Loan Modification Agreement ("Agreement") made this October 1, 2009 ("Effective Date")
between  RICHARD D RODE        BARBARA RODE        ("Borrower") and Homecomings Financial, LLC
("Lender"), amends and supplements that certain promissory note ("Note") dated March 18, 2003 in the original
principal sum of  Two Hundred Sixty Five Thousand One Hundred Seventy Five Dollars and No Cents ($
265,175.00)executed by Borrower.  The Note is secured by a Mortgage, Deed of Trust, or Deed to Secure Debt (the
"Security Instrument"), dated the same date as the Note, and if applicable, recorded on  with Instrument Number  in
Book  and/or Page Number  of the real property records of  HARRIS County, TX.  Said Security Instrument covers
the real and personal property described in such Security Instrument (the "Property") located at 2301 WEST
LAWTHER LANE   DEER PARK TX 77536, which real property is more particularly described as follows:

**(Legal Description – Attach as Exhibit if Recording Agreement)**

Borrower acknowledges that Lender is the legal holder and the owner of the Note and Security Instrument
and further acknowledges that if Lender transfers the Note, as amended by this Agreement, the transferee shall be
the "Lender" as defined in this Agreement.

Borrower has requested, and Lender has agreed, to extend or rearrange the time and manner of payment of
the Note and to extend and carry forward the lien(s) on the Property whether or not created by the Security
Instrument.

Now, therefore, in consideration of the mutual promises and agreements contained herein, and other good
and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be
legally bound, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or
Security Instrument):

1. Borrower acknowledges that as of the Effective Date, the amount payable under the Note and secured by
the Security Instrument (the "Principal Balance") is One Hundred Ninety Two Thousand Four Hundred Eighty
Dollars and Eighty Four Cents ($ 192,480.84). Borrower hereby renews and extends such indebtedness and
promises to pay jointly and severally to the order of Lender the Principal Balance, consisting of the amount(s)
loaned to Borrower by Lender and any accrued but unpaid interest capitalized to date.

2. Interest will be charged on the unpaid Principal Balance until the full amount of principal has been paid.
Borrower will pay interest at the rate of  5.00000% per year from the Effective Date.

3. Borrower promises to make monthly principal and interest payments of $ 2,320.25, beginning on
November 1, 2009, and continuing thereafter on the same day of each succeeding month until principal and interest
are paid in full. If on April 1, 2018 (the "Maturity Date"), Borrower still owes amounts under the Note and Security
Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.
Borrower will make such payments at 3451 Hammond Avenue, Waterloo, IA 50702 or at such other place as Lender
may require. The amounts indicated in this paragraph do not include any required escrow payments for items such

as hazard insurance or property taxes; if such escrow payments are required the monthly payments will be higher and may change as the amounts required for escrow items change.

4. If Lender has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, Borrower will pay a late charge to Lender. The amount of the charge will be the late charge percentage provided for in the Note multiplied by the overdue payment of principal and interest required under this Agreement. Borrower will pay this late charge promptly but only once on each late payment. The late charge is not in lieu of any other remedy of Lender, including any default remedy.

5. It is the intention of the parties that all liens and security interests described in the Security Instrument are hereby renewed and extended (if the Maturity Date of the original Note has been changed) until the indebtedness evidenced by the Note and this Agreement has been fully paid. Lender and Borrower acknowledge and agree that such renewal, amendment, modification, rearrangement or extension (if applicable) shall in no manner affect or impair the Note or liens and security interests securing same, the purpose of this Agreement being simply to modify, amend rearrange or extend (if applicable) the time and the manner of payment of the Note and indebtedness evidenced thereby, and to carry forward all liens and security interests securing the Note, which are expressly acknowledged by Borrower to be valid and subsisting, and in full force and effect so as to fully secure the payment of the Note.

6. If all or any part of the Property or any interest in it is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by applicable law. If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower. For purposes of this paragraph, "interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is transfer of title by Borrower at a future date to a purchaser.

7. As amended hereby, the provisions of the Note and Security Instrument shall continue in full force and effect, and the Borrower acknowledges and reaffirms Borrower's liability to Lender thereunder. In the event of any inconsistency between this Agreement and the terms of the Note and Security Instrument, this Agreement shall govern. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Agreement, including but not limited to, in the case of the Borrower, the obligation to pay items such as taxes, insurance premiums or escrow items, as applicable. Any default by Borrower in the performance of its obligations herein contained shall constitute a default under the Note and Security Instrument, and shall allow Lender to exercise all of its remedies set forth in said Security Instrument.

8. Lender does not, by its execution of this Agreement, waive any rights it may have against any person not a party hereto. This Agreement may be executed in multiple counterparts, each of which shall constitute an original instrument, but all of which shall constitute one and the same Agreement. EACH OF THE BORROWER AND THE LENDER ACKNOWLEDGE THAT NO REPRESENTATIONS, AGREEMENTS OR PROMISES WERE MADE BY THE OTHER PARTY OR ANY OF ITS REPRESENTATIVES OTHER THAN THOSE REPRESENTATIONS, AGREEMENTS OR PROMISES SPECIFICALLY CONTAINED HEREIN. THIS AGREEMENT, AND THE NOTE AND SECURITY INSTRUMENT (AS AMENDED HEREBY) SETS FORTH

THE ENTIRE UNDERSTANDING BETWEEN THE PARTIES. THERE ARE NO UNWRITTEN AGREEMENTS BETWEEN THE PARTIES.

Executed effective as of the day and year first above written.

_____

RICHARD D RODE

_____

_____

BARBARA RODE

_____

Witness _____

Print _____

_____

_____

Witness _____

Print _____

_____

_____

**BORROWER ACKNOWLEDGMENT**

State of _____.
County of _____

On this ___ day of _____, 200___, before me, the undersigned, a Notary Public in and for said county and state, personally appeared RICHARD D RODE   BARBARA RODE    personally known to me or identified to my satisfaction to be the person(s) who executed the within instrument, and they duly acknowledged that said instrument is their act and deed, and that they, being authorized to do so, executed and delivered said instrument for the purposes therein contained.

Witness my hand and official seal.

_____

Notary Public

My Commission Expires: _____

Homecomings Financial, LLC

By: _____

Title: <u>LIMITED SIGNING OFFICER</u>

**LENDER ACKNOWLEDGMENT**

State of IOWA
County of BLACKHAWK

On this ___ day of _____, 200___, before me, the undersigned, a Notary Public in and for said county and state, personally appeared KRIS M. CAYA, personally known to me or identified to my satisfaction to be the person who executed the within instrument as Limited Signing Officer of Homecomings Financial, LLC, and they duly acknowledged that said instrument is the act and deed of said entity, and that they, being authorized to do so, executed and delivered said instrument for the purposes therein contained.

Witness my hand and official seal.

_____
Notary Public
My Commission Expires: _____

FedEx Ship Manager - Print Your Label(s)                                      Page 1 of 1



**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.
Global Home | Small Business Center | Service Info | About FedEx | Investor Relations | Careers | fedex.com Terms of Use | Security & Privacy | Site Map | This site is protected by copyright and trademark laws under US and International law. All rights reserved.© 1995- 2009 FedEx

# UZICK & ONCKEN, P.C.

**Jeffrey H. Uzick**

### Attorneys at Law
238 Westcott
Houston, Texas 77007
(713) 869-2900
Fax: (713) 869-6699
E-Mail: dee@uzickoncken.com
www.uzickoncken.com

September 2, 2009

Ms. Denise Jungen
Advocacy Resolution Specialist
GMAC Mortgage
3451 Hammond Avenue
Waterloo, IA 50704

RE:    Account Number:     7435631023
       Mortgagor:          Richard D. Rode
       Property Address:   2301 West Lawther Lane, Deer Park, Texas, 77536

Dear Ms. Jungen:

Thank you for your letter of August 28th. I have reviewed, in detail, the payment history with my client and there are numerous problems with how Homecomings Financial applied payments. Additionally, attached is a true and correct copy of the Declaration Page indicating that the property was insured through Texas Farm Bureau from October 1, 2006, through October 1, 2007.

Please refund or apply the inappropriate charges posted to Mr. Rode's account for insurance coverage. Mr. Rode hereby agrees to the modification offered by GMAC Mortgage in the principal amount of $192,480.84 with the agreed upon interest rate of 5.0% as reflected in the Fixed Rate Loan Modification Agreement. However, the package received by him still reflects his ex-wife's name on the documents. Please forward corrected documents that does not have Barbara Rode's name listed. Mr. Rode has previously sent a recorded Quit Claim Deed indicating that he is the sole owner of the property.

To reiterate, we will be expecting a loan modification package for Mr. Rode to complete. Payments under the Modification Agreement will begin on November 1, 2009, in the total amount of $3,013.70 per month, reflecting principal and interest of $2,320.25, and escrow for taxes in the amount of $693.45. Once these documents are received and signed, please zero out his loan payment history from that day forward so that there will be no misunderstanding regarding any late fees, penalties, or other charges that were previously claimed, but disputed prior to that time. Enclosed is a check in the amount of $3,025.00 that is not due until October 1st, but was requested by you in your letter to me of August 28th. Please apply this payment to the loan.

Very truly yours,

Jeffrey H. Uzick

5/dr
CRRR: 7004-1160-0007-3378-7905

**EXHIBIT**
" B "

2702 Treble Creek ● San Ant...    ...03 ● Facsimile: (210) 341-1570

**FARM BUREAU** TEXAS
www.txfb-ins.com

☐ New
☐ Renewal
☒ Amended—Date 01-26-2007

**TEXAS HOMEOWNERS POLICY – FORM HO-A**
ED.(10-01-1990)

**TEXAS FARM BUREAU UNDERWRITERS**
**DECLARATIONS PAGE**
PO BOX 2689 ● WACO TX 76702-2689

POLICY NUMBER
463796    12

YOUR POLICY IS HEREBY AMENDED TO READ

POLICY PERIOD EFFECTIVE DATE: 10-01-2006     EXPIRATION DATE: 10-01-2007
AT 12:01 A.M. STANDARD TIME AT THE LOCATION OF THE RESIDENCE PREMISES/DWELLING
RESIDENCE PREMISES/DWELLING/LOT BLOCK ADDITION
2301 W LANTHER DR DEER PARK TX 77536

1  101  101A  27536
CITY LIMIT:   INSIDE:
INSIDE/OUTSIDE

CONSTRUCTION: STUCCO                  PPC: 4
NAMED INSURED/MAILING ADDRESS

CALL YOUR AGENT AC 281 930-9722
FOR AUTO-FIRE-LIFE-HEALTH INSURANCE
FOR POLICYHOLDER INFORMATION, VISIT
US AT WWW.TXFB-INS.COM

RICHARD RODE
2301 W LANTHER DR
DEER PARK TX 77536-6066

| | | |
|---|---|---|
| **SECTION I PROPERTY** | | |
| COVERAGE A. DWELLING | $ 325,000 | |
|  B. OTHER STRUCTURES | $ 52,500 | |
|  PERSONAL PROPERTY | $ 195,000 | |
| COVERAGE B. PERSONAL PROPERTY OFF PREMISES. | $ 19,500 | XXXXXXXX |
| **SECTION II LIABILITY** | | |
| COVERAGE C. PERSONAL LIABILITY (EACH OCCURRENCE) | $ 500,000 | |
| COVERAGE D. MEDICAL PAYMENTS TO OTHERS (EACH PERSON) | $ 5,000 | XXXXXXXX |
| OTHER RESIDENTIAL PREMISES - LOCATION: | XXXXXXXXX | XXXXXXXX |
| LOSS OF USE COVERAGE | $ 52,500 | $ 3,196 |
| | XXXXXXXXXX | |
| DISCOUNTS | | |
| COMPANION POLICY  $      239- | | |
| NEW HOME. $      415- | XXXXXXXXX | $   716- |
| | XXXXXXXXX | $    58 |
| INCREASED LIABILITY LIMITS | | |
| OTHER COVERAGES AND ENDORSEMENTS | | |

Endorsement number and title
HO-707   -ED(02-01-2002) AMENDATORY HOMEOWNERS ENDORSEMENT
HO-715   -ED(05-05-1999) AGREED AMT.
HO-762   -ED(06-10-2005) AMENDATORY HOMEOWNERS ENDORSEMENT
HO-105   -ED(07-08-1992) RESIDENCE GLASS COVERAGE
HO-704   -ED(05-01-1998) REPLACEMENT OF PERSONAL PROPERTY
HO-754A  -ED(01-01-2005) AMENDATORY HOMEOWNERS ENDORSEMENT

$      8
$    160

| | | |
|---|---|---|
| Deductible Clause 1  WINDSTORM, HURRICANE OR HAIL | $ 3,250 | |
| Deductible Clause 2  ALL OTHER PERILS | $ 3,250 | |
| Deductible Clause 3 | XXXXXXXXX | $   2,688 |

MORTGAGEE
MORTGAGEE/MAILING ADDRESS        HOMECOMINGS FINANCIAL NETWORK
HOMECOMINGS FINANCIAL NETWORK     ITS SUCCESSORS AND/OR ASSIGNS
ITS SUCCESSORS AND/OR ASSIGNS     PO BOX 100585
PO BOX 100585                    FLORENCE SC 29501-0585
FLORENCE SC 29501-0585

LOAN NUMBER 0435631023

POLICY MAILED TO MORTGAGEE
SECTION I COVERAGES  NOW READS AS ABOVE



OTHER COVERAGES, LIMITS AND EXCLUSIONS APPLY -- REFER TO YOUR POLICY        SELECT

LH1A     HH5FI     463796N864  1011R1A27536SB-7P-280506-12-2006TP8710C

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X  ROB SMEDLEY  ☐ Agent  ☐ Addressee<br>B. Received by ( *Printed Name* ) SE C. Date of Delivery SEP 2007 |
| 1. Article Addressed to:<br><br>Ms. Denise Junger<br>Advocacy Resolution Spec.<br>GMAC Mortgage<br>3451 Hammond Ave.<br>Waterloo, IA 50704 | D. Is delivery address different from Item 1?  ☐ Yes<br>If YES, enter delivery address below:  ☐ No<br><br><br>3. Service Type<br>■ Certified Mail  ☐ Express Mail<br>☐ Registered  ■ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number<br>(Tra   7004 1160 0007 3378 7905   9/5 Reply Letter | |
| PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540 | |

# GMAC Mortgage

September 24, 2009

Uzick & Oncken, P.C.
Attorneys at Law
Attn: Jeffrey H Uzick
238 Westcott
Houston TX 77007

RE:    Account Number    7435631023
        Mortgagor          Richard D Rode
        Property Address     2301 West Lawther Lane
                      Deer Park TX 77536

Dear Jeffrey H Uzick:

This is in response to the letter dated September 2, 2009 and September 18, 2009, received in our office September 8, 2009 and September 21, 2009, regarding the above-referenced account.

The insurance policy provided has been updated, the lapse from December 31, 2006 to September 21, 2007 has been canceled and a refund in the amount of $4,686.00 will be returned to escrow. There is still a lapse from April 15, 2008 to July 11, 2008, this is a lapse charge of $601.00.

The funds of $3,025.00 have been received and I have confirmed with our Loss Mitigation Department the modification is 5% fixed. Beginning November 1, 2009 payment will be $3,013.70 ($2,320.25 principal and interest and $693.45 escrow). However, we do need to receive the notarized modification documents back. I apologize, we are not able to send without the ex-wife's name, the quit claim deed does allow us to proceed with he modification without her signature.

If I can be of further assistance, please contact me at 1-800-766-4622 extension 2365387 or direct at 319-236-5387.

Sincerely,

Denise Jungen
Advocacy Resolution Specialist
Executive Office

3451 Hammond Ave
Waterloo, IA 50704


EXHIBIT
"C"

SEP 2 9 2009

# ZICK & ONCKEN, P.C.

Jeffrey H. Uzick

**Attorneys at Law**
238 Westcott
Houston, Texas 77007
(713) 869-2900
Fax: (713) 869-6699
E-Mail: dee@uzickoncken.com
www.uzickoncken.com

October 1, 2009

Ms. Denise Jungen
Advocacy Resolution Specialist
GMAC Mortgage
3451 Hammond Avenue
Waterloo, IA  50704

RE:     Account Number:      7435631023
        Mortgagor:           Richard D. Rode
        Property Address:    2301 West Lawther Lane, Deer Park, Texas, 77536

Dear Ms. Jungen:

Pursuant to your correspondence of September 24th, enclosed please find the signed and notarized Fixed Rate Loan Modification Agreement regarding the above-referenced account number. Mr. Rode has already made the requested payment of $3,025.00, which your records show as received on September 14th. Please forward to me a completely-signed copy of the enclosed document, evidencing your signature on same. If you have any questions or concerns, please do not hesitate to contact me.

Very truly yours,

Jeffrey H. Uzick

5/dr\973.090059
Enclosure
FEDERAL EXPRESS

2702 Treble Creek ● San Anto[nio]     **EXHIBIT**     [...]3 ● Facsimile: (210) 341-1570
                                        "  D  "

# ZICK & ONCKEN, P.C.

### Attorneys at Law

Jeffrey H. Uzick

238 Westcott
Houston, Texas 77007
(713) 869-2900
Fax: (713) 869-6699
E-Mail: dee@uzickoncken.com
www.uzickoncken.com

CONFIDENTIALITY NOTICE: The information contained in this facsimile transmission is confidential. It may also be subject to the attorney-client privilege or be privileged work product or proprietary information. This information is intended for the exclusive use of the addressee(s) named below. If you are not the intended recipient, you are hereby notified that any use, disclosure, dissemination, distribution (other than to the addressee(s) named below), copying, or taking of any action because of this information is strictly prohibited. If you have received this information in error, please immediately notify us by telephone to arrange for the return of the documents.

DATE:        October 1, 2009

TO:          Ms. Denise Jungen/Advocacy Resolution Specialist/GMAC Mortgage
FAX:         (866) 709-4744

**FROM:**      Jeffrey H. Uzick

COMMENTS:      GMAC (4) forwarding Fixed Rate Loan Modification Agreement

TOTAL PAGES:   8      (INCLUDING COVER SHEET)

FILE NAME:     Rode v. Homecomings/GMAC

FILE NUMBER:   973.090059

**If transmission is not complete, please call (713) 869-2900**

```
┌─────────────────────────────────────┐
│  TRANSMISSION VERIFICATION REPORT    │
└─────────────────────────────────────┘

                           TIME  : 10/01/2009 12:52
                           NAME  : UZICKONCKEN
                           FAX   : 7138696699
                           TEL   : 7138692900
                           SER.# : D6J169671
```

| | |
|---|---|
| DATE,TIME | 10/01  12:50 |
| FAX NO./NAME | 18667094744 |
| DURATION | 00:02:31 |
| PAGE(S) | 08 |
| RESULT | OK |
| MODE | STANDARD |

# UZICK & ONCKEN, P.C.

Jeffrey H. Uzick

### Attorneys at Law
238 Westcott
Houston, Texas 77007
(713) 869-2900
Fax: (713) 869-6699
E-Mail: dee@uzickoncken.com
www.uzickoncken.com

CONFIDENTIALITY NOTICE: The information contained in this facsimile transmission is confidential. It may also be subject to the attorney-client privilege or be privileged work product or proprietary information. This information is intended for the exclusive use of the addressee(s) named below. If you are not the intended recipient, you are hereby notified that any use, disclosure, dissemination, distribution (other than to the addressee(s) named below), copying, or taking of any action because of this information is strictly prohibited. If you have received this information in error, please immediately notify us by telephone to arrange for the return of the documents.

DATE:          October 1, 2009

TO:            Ms. Denise Jungen/Advocacy Resolution Specialist/GMAC Mortgage
FAX:           (866) 709-4744

FROM:          Jeffrey H. Uzick

COMMENTS:      GMAC (4) forwarding Fixed Rate Loan Modification Agreement

TOTAL PAGES:   8      (INCLUDING COVER SHEET)

FILE NAME:     Rode v. Homecomings/GMAC

FILE NUMBER:   973.090059

### If transmission is not complete, please call (713) 869-2900

FedEx Ship Manager - Print Your Label(s)                                    Page 1 of 1

From   Origin ID: ALOA  (800) 989-7770
Jennifer Maester - Loss Mit
HOMECOMINGS FINANCIAL NETWORK
3451 Hammond Avenue

Waterloo, IA 50702



Ship Date: 27AUG09
ActWgt: 1.0 LB
CAD: 5441863/INET9060
Account#: S *********

Delivery Address Bar Code

SHIP TO:  (214) 874-8541        BILL SENDER
ATTN: LOSS MITIGATION DEPT.
GMAC MORTGAGE
3451 HAMMOND AVE

WATERLOO, IA 50702

Ref #    SVC856
Invoice #
PO #
Dept #    SVC856



TRK#
0201    7968 9701 2725

FRI - 28AUG        A2
STANDARD OVERNIGHT

50 ALOA

50702
IA-US
CID



After printing this label:
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could
result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be
responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless
you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service
Guide apply. Your right to recover from FedEx for any loss, including intrinsic valueof the package, loss of sales, income interest, profit, attorney's fees,
costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value.
Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable
instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.
Global Home | Small Business Center | Service Info | About FedEx | Investor Relations | Careers | fedex.com Terms of Use | Security & Privacy | Site Map |
This site is protected by copyright and trademark laws under US and International law. All rights reserved.© 1995- 2009 FedEx

FedEx'd  10-01-09

## Detailed Results

Enter tracking number



| Detailed Results | Notifications |
|---|---|

**Tracking no.: 796897012725**   ✉ E-mail notifications

**Delivered**   Initiated  Picked up  in transit  Delivered
**Delivered**
Signed for by: S.MOE

**Shipment Dates**   **Destination**

Ship date ☺ Oct 1, 2009   Signature Proof of Delivery ⑦
Delivery date ⑦ Oct 2, 2009 9:17 AM

### Shipment Facts   Help

| Service type | Standard Envelope | Delivered to | Mailroom |
|---|---|---|---|
| Weight | 0.5 lbs/0.2 kg | | |

### Shipment Travel History   Help

Select time zone:  Select   Select time format: 12H | 24H

All shipment travel activity is displayed in local time for the location

| Date/Time | Activity | Location | Details |
|---|---|---|---|
| Oct 2, 2009 9:17 AM | Delivered | | |
| Oct 2, 2009 8:59 AM | On FedEx vehicle for delivery | WATERLOO, IA | |
| Oct 2, 2009 8:28 AM | At local FedEx facility | WATERLOO, IA | |
| Oct 2, 2009 4:37 AM | At dest sort facility | CEDAR RAPIDS, IA | |
| Oct 2, 2009 4:24 AM | Departed FedEx location | INDIANAPOLIS, IN | |
| Oct 2, 2009 1:45 AM | Arrived at FedEx location | INDIANAPOLIS, IN | |
| Oct 1, 2009 9:27 PM | Left FedEx origin facility | HOUSTON, TX | |
| Oct 1, 2009 6:57 PM | Picked up | HOUSTON, TX | |



Dear Valued Customer,

Attached are your loan modification documents from Homecomings Financial℠. Please contact Nations Direct, at 1.866.280.4790, at your convenience to schedule a time for a notary to meet with you to sign these documents. This process will take approximately 15 minutes, and there is no additional charge for this service.

Please be sure to have all parties present at the time of the signing. Please see the signature lines on the last page of your Modification Agreement.

Please do not sign unless in the presence of a notary.

Sincerely,

Nations Direct
(Working with Homecomings Financial℠)

AUG 3 1 2009

# Please use this label to send back the documents.

8/26/2009

# Homecomings Financial

### A GMAC Company

RICHARD D RODE
BARBARA RODE
2301 WEST LAWTHER LANE
DEER PARK TX 77536

Re: Account Number      7435631023
                        2301 WEST LAWTHER LANE
                        DEER PARK TX 77536

Dear RICHARD D RODE   BARBARA RODE

**Congratulations! Your request for a loan modification has been approved subject to the following:**
    -Receipt of your contribution in the form of certified funds
    -Receipt of the signed and notarized loan modification agreement and any attachments
    -Receipt of clear title, if applicable

Highlights of the enclosed Loan Modification Agreement and instructions for completing and returning it are as follows:

- The contribution amount of $ 3,025.00 in the form of certified funds, is due in our office by October 1, 2009.
- The interest rate is 5.00000%.
- The first modified payment begins November 1, 2009.

| | |
|---|---|
| Principal and Interest | $ 2,320.25 |
| Escrow | $ 693.45 |
| **Total Payment** | **$3,013.70** |

Do NOT sign the enclosed Loan Modification Agreement unless you are in the presence of a notary. This document must be signed in the presence of a notary and (if applicable) other witnesses. All of the documents must be executed and the signatures must be exactly as the names are typed.
- The signed and notarized Loan Modification Agreement should be returned using the enclosed pre-paid overnight envelope.
- If any modification closing costs are more than projected, the difference will be assessed to the account.
- All miscellaneous fees and costs – excluding late charges – may not have been included in the loan modification and will remain outstanding.

The contribution and executed loan modification documents are due back by October 1, 2009. Please return to:

Homecomings Financial, LLC
Attn: Loan Modification
3451 Hammond Avenue
Waterloo, IA 50702

IMPORTANT! The loan modification will not be complete until we receive all properly executed documents and the contribution amount. If the modification is not completed we will continue to enforce our lien. If the conditions outlined above are not satisfied the modification will be withdrawn.

If you have any questions regarding this modification offer, please contact a modification specialist directly at 1-800-799-9250 Monday – Thursday 8:00 AM to 7:00 PM, Friday 8:00 AM to 5:00 PM, Central Time.

Loan Modification Specialist
Enclosures

Record & Return To:

Homecomings Financial, LLC
Attention: Loss Mitigation
3451 Hammond Avenue
Waterloo, IA 50702

————————————[Space Above This Line For Recorder's Use]————————————

# FIXED RATE LOAN MODIFICATION AGREEMENT

This Loan Modification Agreement ("Agreement") made this October 1, 2009 ("Effective Date") between RICHARD D RODE     BARBARA RODE      ("Borrower") and Homecomings Financial, LLC ("Lender"), amends and supplements that certain promissory note ("Note") dated March 18, 2003 in the original principal sum of  Two Hundred Sixty Five Thousand One Hundred Seventy Five Dollars and No Cents ($ 265,175.00)executed by Borrower. The Note is secured by a Mortgage, Deed of Trust, or Deed to Secure Debt (the "Security Instrument"), dated the same date as the Note, and if applicable, recorded on  with Instrument Number  in Book  and/or Page Number  of the real property records of HARRIS County, TX.  Said Security Instrument covers the real and personal property described in such Security Instrument (the "Property") located at 2301 WEST LAWTHER LANE   DEER PARK TX 77536, which real property is more particularly described as follows:

### (Legal Description – Attach as Exhibit if Recording Agreement)

Borrower acknowledges that Lender is the legal holder and the owner of the Note and Security Instrument and further acknowledges that if Lender transfers the Note, as amended by this Agreement, the transferee shall be the "Lender" as defined in this Agreement.

Borrower has requested, and Lender has agreed, to extend or rearrange the time and manner of payment of the Note and to extend and carry forward the lien(s) on the Property whether or not created by the Security Instrument.

Now, therefore, in consideration of the mutual promises and agreements contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. Borrower acknowledges that as of the Effective Date, the amount payable under the Note and secured by the Security Instrument (the "Principal Balance") is One Hundred Ninety Two Thousand Four Hundred Eighty Dollars and Eighty Four Cents  ($ 192,480.84). Borrower hereby renews and extends such indebtedness and promises to pay jointly and severally to the order of Lender the Principal Balance, consisting of the amount(s) loaned to Borrower by Lender and any accrued but unpaid interest capitalized to date.

2. Interest will be charged on the unpaid Principal Balance until the full amount of principal has been paid. Borrower will pay interest at the rate of  5.00000% per year from the Effective Date.

3. Borrower promises to make monthly principal and interest payments of $ 2,320.25, beginning on November 1, 2009, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. If on April 1, 2018 (the "Maturity Date"), Borrower still owes amounts under the Note and Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date. Borrower will make such payments at 3451 Hammond Avenue, Waterloo, IA 50702 or at such other place as Lender may require. The amounts indicated in this paragraph do not include any required escrow payments for items such

as hazard insurance or property taxes; if such escrow payments are required the monthly payments will be higher and may change as the amounts required for escrow items change.

4. If Lender has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, Borrower will pay a late charge to Lender. The amount of the charge will be the late charge percentage provided for in the Note multiplied by the overdue payment of principal and interest required under this Agreement. Borrower will pay this late charge promptly but only once on each late payment. The late charge is not in lieu of any other remedy of Lender, including any default remedy.

5. It is the intention of the parties that all liens and security interests described in the Security Instrument are hereby renewed and extended (if the Maturity Date of the original Note has been changed) until the indebtedness evidenced by the Note and this Agreement has been fully paid. Lender and Borrower acknowledge and agree that such renewal, amendment, modification, rearrangement or extension (if applicable) shall in no manner affect or impair the Note or liens and security interests securing same, the purpose of this Agreement being simply to modify, amend rearrange or extend (if applicable) the time and the manner of payment of the Note and indebtedness evidenced thereby, and to carry forward all liens and security interests securing the Note, which are expressly acknowledged by Borrower to be valid and subsisting, and in full force and effect so as to fully secure the payment of the Note.

6. If all or any part of the Property or any interest in it is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by applicable law. If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower. For purposes of this paragraph, "interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is transfer of title by Borrower at a future date to a purchaser.

7. As amended hereby, the provisions of the Note and Security Instrument shall continue in full force and effect, and the Borrower acknowledges and reaffirms Borrower's liability to Lender thereunder. In the event of any inconsistency between this Agreement and the terms of the Note and Security Instrument, this Agreement shall govern. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Agreement, including but not limited to, in the case of the Borrower, the obligation to pay items such as taxes, insurance premiums or escrow items, as applicable. Any default by Borrower in the performance of its obligations herein contained shall constitute a default under the Note and Security Instrument, and shall allow Lender to exercise all of its remedies set forth in said Security Instrument.

8. Lender does not, by its execution of this Agreement, waive any rights it may have against any person not a party hereto. This Agreement may be executed in multiple counterparts, each of which shall constitute an original instrument, but all of which shall constitute one and the same Agreement. EACH OF THE BORROWER AND THE LENDER ACKNOWLEDGE THAT NO REPRESENTATIONS, AGREEMENTS OR PROMISES WERE MADE BY THE OTHER PARTY OR ANY OF ITS REPRESENTATIVES OTHER THAN THOSE REPRESENTATIONS, AGREEMENTS OR PROMISES SPECIFICALLY CONTAINED HEREIN. THIS AGREEMENT, AND THE NOTE AND SECURITY INSTRUMENT (AS AMENDED HEREBY) SETS FORTH

THE ENTIRE UNDERSTANDING BETWEEN THE PARTIES. THERE ARE NO UNWRITTEN AGREEMENTS BETWEEN THE PARTIES.

Executed effective as of the day and year first above written.

_____    _____
RICHARD D RODE                              Witness

                                                        _____
                                                        Print

_____    _____
BARBARA RODE                                Witness

                                                        _____
                                                        Print

**BORROWER ACKNOWLEDGMENT**

State of _Texas_
County of _Harris_

On this _1_ day of _OCT_, 200_9_, before me, the undersigned, a Notary Public in and for said county and state, personally appeared
RICHARD D RODE  ~~BARBARA RODE~~  personally known to me or identified to my satisfaction to be the person(s) who executed the
within instrument, and they duly acknowledged that said instrument is their act and deed, and that they, being authorized to do so, executed
and delivered said instrument for the purposes therein contained.

    Witness my hand and official seal.

                                _____
                                Notary Public

My Commission Expires: _____

Homecomings Financial, LLC

By: _____

Title: <u>LIMITED SIGNING OFFICER</u>

**LENDER ACKNOWLEDGMENT**

State of IOWA
County of BLACKHAWK

On this ___ day of _____, 200__, before me, the undersigned, a Notary Public in and for said county and state, personally appeared KRIS M. CAYA, personally known to me or identified to my satisfaction to be the person who executed the within instrument as Limited Signing Officer of Homecomings Financial, LLC, and they duly acknowledged that said instrument is the act and deed of said entity, and that they, being authorized to do so, executed and delivered said instrument for the purposes therein contained.

   Witness my hand and official seal.

                                        _____
                                        Notary Public
                                        My Commission Expires: _____

# UZICK & ONCKEN, P.C.

## Attorneys at Law
238 Westcott
Houston, Texas 77007
(713) 869-2900
Fax: (713) 869-6699
E-Mail: dee@uzickoncken.com
www.uzickoncken.com

Jeffrey H. Uzick

October 27, 2009

Ms. Denise Jungen
Advocacy Resolution Specialist
GMAC Mortgage
3451 Hammond Avenue
Waterloo, IA  50704

RE:    Account Number:      7435631023
       Mortgagor:           Richard D. Rode
       Property Address:    2301 West Lawther Lane, Deer Park, Texas, 77536

Dear Ms. Jungen:

My client, Richard Rode, nor I, have yet to receive the completely-signed copy of the Fixed Rate Loan Modification Agreement in the above-referenced matter.  Mr. Rode is ready to make the requested payment of $3,013.70 on November 1st, per that Agreement, but there is concern as to how GMAC will be applying that payment considering the recent activity listed on the October 19th statement.  That statement lists several items that do not explain where funds from escrow are being applied.  For example, $10,000.00 taken from escrow on 10-19 and applied to "Other" or "PD LN MOD CAP FNDS" and $83.00 applied to "Other" or "PD CORP ADV 3 DRM", along with various other "Fee Paid" items.

Please reply as soon as possible to our request for an accounting of the recent escrow withdrawals and fees contributed to this account, along with the fully-executed Fixed Rate Loan Modification Agreement in time for Mr. Rode to make his November 1st payment timely, as agreed.

Very truly yours,

Jeffrey H. Uzick

5/dr\973.090059
Enclosure
FAXED

EXHIBIT

" E "

2702 Treble Creek ● San Anto        3 ● Facsimile:  (210) 341-1570

# UZICK & ONCKEN, P.C.

Jeffrey H. Uzick

### Attorneys at Law
238 Westcott
Houston, Texas 77007
(713) 869-2900
Fax: (713) 869-6699
E-Mail: dee@uzickoncken.com
www.uzickoncken.com

CONFIDENTIALITY NOTICE: The information contained in this facsimile transmission is confidential. It may also be subject to the attorney-client privilege or be privileged work product or proprietary information. This information is intended for the exclusive use of the addressee(s) named below. If you are not the intended recipient, you are hereby notified that any use, disclosure, dissemination, distribution (other than to the addressee(s) named below), copying, or taking of any action because of this information is strictly prohibited. If you have received this information in error, please immediately notify us by telephone to arrange for the return of the documents.

DATE:          October 27, 2009

TO:            Ms. Denise Jungen/Advocacy Resolution Specialist/GMAC Mortgage
FAX:           (866) 709-4744

FROM:          Jeffrey H. Uzick

COMMENTS:      GMAC (5) requesting signed Fixed Rate Loan Modification Agreement+
               explanation of escrow withdrawals and fees

TOTAL PAGES:   2       (INCLUDING COVER SHEET)

FILE NAME:     Rode v. Homecomings/GMAC

FILE NUMBER:   973.090059

### If transmission is not complete, please call (713) 869-2900

2702 Treble Creek ● San Antonio, Texas, 78258 ● (210) 341-7703 ● Facsimile: (210) 341-1570

---

TRANSMISSION VERIFICATION REPORT

|  |  |
|---|---|
| TIME | : 10/27/2009 13:52 |
| NAME | : UZICKONCKEN |
| FAX | : 7138696699 |
| TEL | : 7138692900 |
| SER.# | : D6J169671 |

---

| DATE,TIME | 10/27  13:52 |
|---|---|
| FAX NO./NAME | 18667094744 |
| DURATION | 00:00:39 |
| PAGE(S) | 02 |
| RESULT | OK |
| MODE | STANDARD |

---

# UZICK & ONCKEN, P.C.

### Attorneys at Law
238 Westcott
Houston, Texas 77007
(713) 869-2900
Fax: (713) 869-6699
E-Mail: dee@uzickoncken.com
www.uzickoncken.com

Jeffrey H. Uzick

CONFIDENTIALITY NOTICE: The information contained in this facsimile transmission is confidential. It may also be subject to the attorney-client privilege or be privileged work product or proprietary information. This information is intended for the exclusive use of the addressee(s) named below. If you are not the intended recipient, you are hereby notified that any use, disclosure, dissemination, distribution (other than to the addressee(s) named below), copying, or taking of any action because of this information is strictly prohibited. If you have received this information in error, please immediately notify us by telephone to arrange for the return of the documents.

DATE:           October 27, 2009

TO:             Ms. Denise Jungen/Advocacy Resolution Specialist/GMAC Mortgage
FAX:            (866) 709-4744

FROM:           Jeffrey H. Uzick

COMMENTS:       GMAC (5) requesting signed Fixed Rate Loan Modification Agreement+
                explanation of escrow withdrawals and fees

TOTAL PAGES:    2       (INCLUDING COVER SHEET)

FILE NAME:      Rode v. Homecomings/GMAC

FILE NUMBER:    973.090059

If transmission is not complete, please call (713) 869-2900

# UZICK & ONCKEN, P.C.

Jeffrey H. Uzick

**Attorneys at Law**
238 Westcott
Houston, Texas 77007
(713) 869-2900
Fax: (713) 869-6699
E-Mail: dee@uzickoncken.com
www.uzickoncken.com

October 30, 2009

Ms. Denise Jungen
Advocacy Resolution Specialist
GMAC Mortgage
3451 Hammond Avenue
Waterloo, IA 50704

RE:   Account Number:      7435631023
      Mortgagor:           Richard D. Rode
      Property Address:    2301 West Lawther Lane, Deer Park, Texas, 77536

Dear Ms. Jungen:

This is yet another letter reminding you that we are ready, willing and able to make the payment that is due on November 1st, but my clients will not do so unless I receive (1) confirmation that this modification has been finalized; and (2) that the payments are being properly applied. The October 19th statement is inaccurate, as it reads, for example, that $10,000.00 was applied to "Other".

Please contact me or Dee Rode at the number above immediately to solve this continuing problem.

Very truly yours,

Jeffrey H. Uzick

5/dr\973.090059
FAXED

EXHIBIT
"F"

2702 Treble Creek ● San Ant...3 ● Facsimile: (210) 341-1570

# UZICK & ONCKEN, P.C.

Jeffrey H. Uzick

### Attorneys at Law
238 Westcott
Houston, Texas 77007
(713) 869-2900
Fax: (713) 869-6699
E-Mail: dee@uzickoncken.com
www.uzickoncken.com

CONFIDENTIALITY NOTICE: The information contained in this facsimile transmission is confidential. It may also be subject to the attorney-client privilege or be privileged work product or proprietary information. This information is intended for the exclusive use of the addressee(s) named below. If you are not the intended recipient, you are hereby notified that any use, disclosure, dissemination, distribution (other than to the addressee(s) named below), copying, or taking of any action because of this information is strictly prohibited. If you have received this information in error, please immediately notify us by telephone to arrange for the return of the documents.

DATE:        October 30, 2009

TO:          Ms. Denise Jungen/Advocacy Resolution Specialist/GMAC Mortgage
FAX:         (866) 709-4744

FROM:        Jeffrey H. Uzick

COMMENTS:    GMAC (6) requesting confirmation of finalization of Modification
             Agreement and explanation of "Other" fees/charges on October 19th
             statement.

TOTAL PAGES: 2        (INCLUDING COVER SHEET)

FILE NAME:   Rode v. Homecomings/GMAC

FILE NUMBER: 973.090059

**If transmission is not complete, please call (713) 869-2900**

2702 Treble Creek • San Antonio, Texas, 78258 • (210) 341-7703 • Facsimile: (210) 341-1570

```
TRANSMISSION VERIFICATION REPORT
```

```
                              TIME   : 10/30/2009 12:51
                              NAME   : UZICKONCKEN
                              FAX    : 7138696699
                              TEL    : 7138692900
                              SER.#  : D6J169671
```

| | |
|---|---|
| DATE,TIME | 10/30  12:50 |
| FAX NO./NAME | 18667094744 |
| DURATION | 00:00:36 |
| PAGE(S) | 02 |
| RESULT | OK |
| MODE | STANDARD |

# UZICK & ONCKEN, P.C.

Jeffrey H. Uzick

### Attorneys at Law
238 Westcott
Houston, Texas 77007
(713) 869-2900
Fax: (713) 869-6699
E-Mail: dee@uzickoncken.com
www.uzickoncken.com

CONFIDENTIALITY NOTICE: The information contained in this facsimile transmission is confidential. It may also be subject to the attorney-client privilege or be privileged work product or proprietary information. This information is intended for the exclusive use of the addressee(s) named below. If you are not the intended recipient, you are hereby notified that any use, disclosure, dissemination, distribution (other than to the addressee(s) named below), copying, or taking of any action because of this information is strictly prohibited. If you have received this information in error, please immediately notify us by telephone to arrange for the return of the documents.

DATE:        October 30, 2009

TO:          Ms. Denise Jungen/Advocacy Resolution Specialist/GMAC Mortgage
FAX:         (866) 709-4744

FROM:        Jeffrey H. Uzick

COMMENTS:    GMAC (6) requesting confirmation of finalization of Modification
             Agreement and explanation of "Other" fees/charges on October 19th
             statement.

TOTAL PAGES:   2      (INCLUDING COVER SHEET)

FILE NAME:     Rode v. Homecomings/GMAC

FILE NUMBER:   973.090059

### If transmission is not complete, please call (713) 869-2900

ETS
P O Box 9032
Temecula, CA 92589-9032



7113 8257 1474 1157 4523

PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO

Send Payments to:
ETS
2255 N. Ontario Street
Suite 400
Burbank, CA 91504

Send Correspondence to:
ETS
2255 N. Ontario Street
Suite 400
Burbank, CA 91504

RICHARD D. RODE
2301 W LAWTHER DR
DEER PARK TX 77536-6066

20100331-56
TXNTS_CertifiedReturnReceipt







APR  8 2010

1096-v4

# NOTICE OF SUBSTITUTE TRUSTEE'S SALE

DATE: 3/11/2010
TS# TX-240297-C
**DEED OF TRUST, SECURITY AGREEMENT-FINANCING STATEMENT:**

| | |
|---|---|
| Date: | 3/18/2003 |
| Grantor: | RICHARD D. RODE A MARRIED MAN BEING JOINED HEREIN PROFORMA BY MY WIFE ,BARBARA O. RODE TO PERFECT LIEN ONLY |
| Beneficiary: | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., SOLELY AS NOMINEE FOR LENDER SOUTHTRUST MORTGAGE CORPORATION |
| Trustee: | ROBERT D. GARDNER JR. |
| Recording Information: | Instrument W532365, Volume , Page , Real Property Records, Harris County, Texas, Recorded on: 3/27/2003 |
| Property: | See EXHIBIT "A" |
| Mortgagee: | GMAC MORTGAGE, LLC FKA GMAC MORTGAGE CORPORATION |

**NOTE:**

| | |
|---|---|
| Date: | 3/18/2003 |
| Amount: | $265,175.00 |
| Debtor: | RICHARD D. RODE A MARRIED MAN BEING JOINED HEREIN PROFORMA BY MY WIFE ,BARBARA O. RODE TO PERFECT LIEN ONLY |
| Holder: | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., SOLELY AS NOMINEE FOR LENDER SOUTHTRUST MORTGAGE CORPORATION |
| SUBSTITUTE TRUSTEE: | Jeff Leva, Audrey Lewis, Pattie Sullivan ,Sandy Dasigenis, Noel McNally, Cassandra Inouye or Erika Puentes, c/o Executive Trustee Services, LLC, 2255 North Ontario Street, Suite 400, Burbank, California 91504-3120 |

**DATE OF SALE OF PROPERTY:**
Tuesday, 5/4/2010 at 10:00 AM but in no event later than three (3) hours thereafter

**PLACE OF SALE OF PROPERTY:**
In the area Northwest of the stairwell railing, on the first floor of the Family Law Center, 1115 Congress, Houston, Texas

If no place is designated by the Commissioner, the sale will be conducted at the place where the Notice of Substitute Trustee's Sale was posted, or any other area designated by the courthouse or Commissioner of Courts pursuant to Sec 51.002 of the Texas Property Code.



7113 8257 1474 1157 4523

TS# TX-240297-C

NOTICE IS HEREBY GIVEN that because the default in performance of the obligations of the
Deed of Trust, Substitute Trustee will sell the property by public auction to the highest bidder for
cash at the place and date specified to satisfy the debt secured by the Deed of Trust. The sale
will begin at the earliest time stated above or within three hours after that time.

GMAC MORTGAGE, LLC  FKA GMAC MORTGAGE CORPORATION is current owner and
holder of the Note and is the beneficiary under the Deed of Trust associated with the above
referenced loan. GMAC MORTGAGE, LLC  FKA GMAC MORTGAGE CORPORATION's
address is:

      GMAC MORTGAGE, LLC  FKA
      GMAC MORTGAGE CORPORATION
      1100 VIRGINIA DRIVE
      FORT WASHINGTON, PA 19034


                    Jeff Leva, Audrey Lewis, Pattie Sullivan ,Sandy
                    Dasigenis, Noel McNally, Cassandra Inouye or Erika
                    Puentes
                    Substitute Trustee


                    Return to:
                    Executive Trustee Services, LLC
                    2255 North Ontario Street, Suite 400
                    Burbank, California 91504-3120

TX-240297-C

### EXHIBIT "A"

LOT 5, IN BLOCK 1, OF PARK PLACE, SECTION ONE (1), A SUBDIVISION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF, RECORDED AT FILM CODE NO. 391092 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS.



Loan No. 7435631023
T.S. No. TX-240297-C

Please find enclosed a Notice of Acceleration of Maturity if not previously sent and Notice of
Non-Judicial Foreclosure Sale (Notice of Substituted Trustee's Sale).

**This is an attempt by a debt collector to collect a consumer debt and any information
obtained will be used for that purpose.**

**Unless within thirty (30) days after you receive this notice you dispute the validity of this
debt, or any portion of the debt, the debt will be presumed to be valid.**

**If within this thirty days: (i) You notify this office (hereinafter "we" or "us") in writing
that you dispute this debt, or any portion of it, then we will obtain and mail to you
verification of this debt or a copy of any judgment against you; (ii) You request in writing
that we obtain the name and address of the original creditor, if different from the current
creditor, then we will obtain and mail it to you; (iii) You notify us in writing that you
dispute this debt, or any portion of the debt, then we will cease collection of the debt, until
we obtain verification of the debt, or a copy of any judgment, and mail it to you; (iv) You
request in writing the name and address of the original creditor, if different from the
current creditor, then we will cease collection of the debt, until we obtain the name and
address of the original creditor and mail it to you.**

In the event your are presently on active duty in the Armed Services of the United States or have
been discharged within three (3) months prior to the date of this letter, please submit evidence of
such service by way of a letter from your Commanding Officer or a copy of your discharge
orders to this office immediately, inasmuch as you may have certain rights available to you
pursuant to the Soldiers' and Sailors' Civil Relief Act.

Address for Notices:

Pite Duncan, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17935
San Diego, CA 92177-0935

*(See the name of the creditor and the amount of the debt on the next page)*



# NOTICE OF ACCELERATION OF MATURITY

### THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION
### OBTAINED WILL BE USED FOR THAT PURPOSE

Date: 3/11/2010

Loan No. 7435631023
T.S. No. TX-240297-C

Re: $265,175.00 promissory note (the "Note", whether one or more) dated 3/18/2003, executed
by RICHARD D. RODE A MARRIED MAN BEING JOINED HEREIN PROFORMA BY MY
WIFE ,BARBARA O. RODE TO PERFECT LIEN ONLY , and payable to the order of
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., SOLELY AS NOMINEE
FOR LENDER SOUTHTRUST MORTGAGE CORPORATION  as therein provided, secured
by a deed of trust (the "Deed of Trust") dated of even date therewith, and recorded in Harris
County, Texas, covering the property described in the enclosed Notice of Substitute Trustee's
Sale.

RICHARD D. RODE AND BARBARA O. RODE
2301 WEST LAWTHER LANE
DEER PARK, TX 77536

You have previously been advised by letter dated 7/16/2009, of certain defaults under the Note
or Deed of Trust and informed of the intent to accelerate the maturity date of the Note if defaults
therein were not cured within the specified time period.  Because of defaults in complying with
the terms and provisions of the Note and Deed of Trust, notice is hereby given that the present
legal holder of the Note HAS ACCELERATED THE MATURITY DATE OF THE NOTE. As a
result of such acceleration, the entire unpaid principal balance of the Note and all accrued
interest and all other sums lawfully owing on the Note or under the Deed of Trust are now due
and payable and demand is hereby made for the immediate payment in full of all such sums,  As
of 3/11/2010, the total amount due is $201,878.04.

YOU WILL, THEREFORE, TAKE NOTICE that, pursuant to Section 51.002 of the Texas
Property Code, a Notice of Substitute Trustee's Sale (the "Notice") will be posted at the
courthouse door of Harris County, Texas, and a copy of the Notice will be filed in the office of
the County Clerk of Harris County, Texas.  A copy of the Notice is enclosed herein.

Page 2 of 3

### Notice of Acceleration of Maturity

Loan No. 7435631023
T.S. No. TX-240297-C

You are further notified that, in accordance with the terms of the Deed of Trust, and subject to the provisions, if any, in the Note or Deed of Trust regarding your opportunity to reinstate, if payment in full of the outstanding principal balance of the Note, together with all interest accrued thereon and all other lawful charges and attorney's fees incurred to date are not received before the foreclosure sale, the liens created under the Deed of Trust will be foreclosed on as specified in the Notice, and any sums received at the foreclosure sale shall be applied as set forth in the Deed of Trust.  As of 3/11/2010, the amount necessary for you to pay in order to cure the existing defaults and reinstate your loan is $55,599.78.

In the event the subject property is sold at foreclosure for an amount not sufficient to satisfy the entire unpaid balance of the Note plus accrued but unpaid interested thereon plus escrow charges, late charges, default interest, trustee's fees, attorney's fees, and expenses incurred in connection with the foreclosure, you may be liable for the deficiency.

If you have received a discharge in bankruptcy, the lender does not seek a monetary judgment against you but only seeks possession of the collateral which is security for the debt.

Dated: 3/11/2010                    PITE DUNCAN, LLP


By:    Daniel R. Gamez (SBOT 24034451)
       4375 Jutland Drive, Suite 200
       P.O. Box 17935
       San Diego, CA 92177-0935



Page 3 of 3

## UZICK & ONCKEN, P.C.

Jeffrey H. Uzick

**Attorneys at Law**
238 Westcott
Houston, Texas 77007
(713) 869-2900
Fax: (713) 869-6699
E-Mail: dee@uzickoncken.com
www.uzickoncken.com

April 6, 2010

Mr. Daniel R. Gamez
Pite Duncan, L.L.P.
Post Office Box 17935
San Diego, California 92177-0935

RE:   Loan Number:        7435631023
      TS Number:          TX-240297-C
      Mortgagor:          Richard D. Rode
      Property Address:   2301 West Lawther Lane, Deer Park, Texas, 77536

Dear Mr. Gamez:

My client, Richard D. Rode, is in receipt of the Notice of Substitute Trustee's Sale. Please be advised that unless this Notice is removed immediately, a lawsuit will be instituted seeking an injunction for wrongful posting and foreclosure, along with other damages my client has suffered and will suffer because of such wrongful posting and foreclosure.

This matter was negotiated some time ago between my client and GMAC Mortgage. Attached are letters reflecting such agreements to modify the existing loan. Your clients have never sent the modification agreements that were promised to my client, yet their own correspondence confirms the agreement. Please contact me upon receipt of this letter to discuss your client's agreement and their failure to honor that agreement. If we do not hear from you within seven (7) days, a lawsuit will be instituted seeking any and all damages, a temporary restraining order, and temporary injunction, along with all attorneys' fees incurred in enforcing the agreement reached by your client.

Very truly yours,

Jeffrey H. Uzick

5/dr\973.090059
FAXED & CRRR: 7004-1160-0007-3378-8032

2702 Treble Creek • San Anto                    • Facsimile: (210) 341-1570

**EXHIBIT**
"H"

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

DANIEL R. GAMEZ
PITE DUNCAN, L.L.P.
P.O. Box 17935
SAN DIEGO, CA 92177-0935

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☐ Agent
                    ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ■ Certified Mail      ☐ Express Mail
   ☐ Registered          ■ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)             ☐ Yes

2. Article Number
   7004 1160 0007 3378 8032

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540