# EXHIBIT C

02/06/2012 17:36 FAX   713 8692900   Document B of 7 Filed Indexed 01/22/03 16:25 Page 2 of 8   ☒ 002/062

# UZICK & ONCKEN, P.C.

### Attorneys at Law
238 Westcott
Houston, Texas 77007
(713) 869-2900
Fax: (713) 869-6699
E-Mail: dee@uzickoncken.com
www.uzickoncken.com

Jeffrey H. Uzick

February 6, 2012

Mr. D. Brian O'Dell
Mr. Graham W. Gerhardt
Bradley, Arant, Boult Cummings
1819 Fifth Avenue, North
Birmingham, Alabama  35203-2119

RE:   Cause No. 2011-43161: Richard D. Rode v. Homecomings Financial, L.L.C., and GMAC
      Mortgage, L.L.C.; In the District Court of Harris County, Texas; 125th Judicial District

Dear Mr. O'Dell and Mr. Gerhardt:

Attached is an amended Petition, along with a prepared Motion regarding the discovery responses. The Motion has not yet been filed, but we intend to move forward with this Motion and obtain a hearing unless these issues are resolved. We intend to move forward with discovery in anticipation of our trial date this summer. Please let me know if you will agree to remove objections and/or appropriately respond to discovery already sent to avoid a hearing. It is our position that the admission answers are irreconcilable with GMAC's discovery responses, and were therefore denied in bad faith. The Court is empowered to award sanctions if it is found that such responses were made in bad faith, including, but not limited to, attorneys fees and costs in pursuing this case.

Much of what was produced by your clients were unreadable screenshots. We need legible copies of those documents produced.

We need proper disclosure responses, including the names, addresses, and telephone numbers of all persons who handled Mr. Rode's refinancing and/or his escrow account. I will want to depose them and the corporate representative of your client as soon as possible. Please provide us agreeable dates so that we can get this scheduled.

The unilateral admission contained in GMAC documents of wrongful conduct by GMAC's failure to refund $1,000 back to Mr. Rode's escrow account without his knowledge, unilateral cancellation of the executed refinancing agreement by GMAC without proper notice to him, posting for foreclosure Mr. Rode's property, assessment of unwarranted fees and costs, and the failure to timely provide the documents requested will outrage a Harris County jury. GMAC has ruined Mr. Rode's credit and caused significant mental anguish, creating a domino effect which forced Mr. Rode to liquidate assets because of his inability to obtain loans. Demand is therefore made to settle all claims against Defendants for the total sum of $1.2 million dollars. Failure to settle these claims will result in a jury trial for all causes of action Plaintiff is entitled to assert. This demand for settlement will be open for 30 days from today's date, after which such demand will be withdrawn.

02/06/2012    FAX    973.090059    FAXED

Mr. D. Brian O'Dell
Mr. Graham W. Gerhardt
February 6, 2012
Page 2

I look forward to your timely response.

Very truly yours,

Jeffrey A. Uzick

1/dr\973.090059
FAXED

# EXHIBIT D

CAUSE NO. 2011-43161

| | | |
|---|---|---|
| RICHARD D. RODE | § | IN THE DISTRICT COURT OF |
| | § | |
| v. | § | HARRIS COUNTY, T E X A S |
| | § | |
| HOMECOMINGS FINANCIAL, L.L.C., AND | § | |
| GMAC MORTGAGE, L.L.C. | § | 125th JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Richard D. Rode, hereinafter referred to as Plaintiff, and files this Plaintiff's Amended Petition against HOMECOMINGS FINANCIAL, L.L.C., and GMAC MORTGAGE, L.L.C., hereinafter referred to as Defendants, and for cause of action, would show the Court the following:

### DISCOVERY CONTROL PLAN

1.01    Plaintiff hereby requests for this case to be conducted under Level 3 of Rule 190 of the Texas Rule of Civil Procedure 190.1.    This case involves breach of contract claims, Deceptive Trade Practice Claims, and tort claims, and will require extensive discovery. Therefore, Plaintiff requests the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the specific circumstances of this case.

### PARTIES

2.01    Plaintiff, RICHARD D. RODE, is a resident of Harris County, Texas.

2.02    Defendant, HOMECOMINGS FINANCIAL, L.L.C., has duly filed an answer, and is being served through its attorney of record.

2.03    Defendant, GMAC MORTGAGE, L.L.C., has duly filed an answer, and is being served though its attorney of record.

## JURISDICTION

3.01    The Court has jurisdiction over the causes of action because the amount in controversy is within the jurisdictional limits of this Court.

3.02    The Court has jurisdiction over Defendant, HOMECOMINGS FINANCIAL, L.L.C., and GMAC MORTGAGE, L.L.C., because these Defendants are corporations that engage in business in Houston, Harris County, Texas. Furthermore, the contract that was breached by Defendants was executed in Harris County, Texas, and the property Defendants attempted to foreclose on is located in Harris County, Texas. Plaintiff's causes of action and damages, or a substantial portion of same, all occurred in Houston, Harris County, Texas.

## VENUE

4.01    Venue is proper in Houston, Harris County, Texas, in that the contract that was breached by Defendants was executed in Harris County, Texas, the property Defendants attempted to wrongfully foreclose upon is located in Harris County, Texas, and Plaintiff's causes of action and damages, or a substantial portion of same, all occurred in Houston, Harris County, Texas.

## FACTS

5.01    This suit arises from wrongful conduct and a breach of an agreement by Defendants with Plaintiff pertaining to a modification of a home loan by and between Plaintiff and Defendants on Plaintiff's homestead located at 2301 West Lawther Lane, Deer Park, Texas, 77536. Defendants agreed to modify the loan as per the loan agreement signed by Plaintiff, attached hereto as Exhibit "A", and incorporated herein for all purposes. The origin of the modification was Defendant's misapplication of fees and wrongful charges of insurance on the property originating from a loan agreement originally signed by Plaintiff and Southtrust

Mortgage in March of 2003 pertaining to the subject property. Upon information and belief, Southtrust sold the mortgage and loan to Defendants in approximately 2004.

5.02    Defendants agreed to the modification of the loan with Plaintiff, but Defendants failed to remove Plaintiff's ex-wife's name from the documents as promised. Plaintiff requested new documents, per a letter dated September 2, 2009, attached hereto and incorporated herein as Exhibit "B". Defendants also agreed to zero out the account balance/incurred charges and fees once the new loan documents were received and signed. Plaintiff sent a check in the amount of $3,025.00 per the instructions of Defendants' agent, Denise Jungen, for the October 2009 payment.

5.03    Another letter was sent to Defendants on September 18, 2009, regarding the misapplication of the payment by Defendants. Defendants' agent, Denise Jungen, responded via a letter dated September 24, 2009, reiterating certain credits, the modification agreement, and now stating that they could not send new loan documents, but could process the loan without Mr. Rode's ex-wife's name based on the Quitclaim Deed on file and in their possession. These documents are attached as Exhibit "C", and incorporated herein for all purposes.

5.04    On October 1, 2009, the loan agreement that was signed by Plaintiff was sent to Defendants. A request for a completely signed copy of the loan agreement was made by Plaintiff. Defendants ignored this request and never sent Plaintiff the signed agreement prior to filing suit. Please see attached letter, Exhibit "D", and incorporated herein for all purposes.

5.05    On October 27, 2009, another letter was sent to Defendants requesting a completely signed agreement. The letter further reiterated that Plaintiff was ready, willing, and able to make the November 2009 payment, but pointed out that because of several "new" charges that appeared on the account, including a $10,000.00 withdrawal/assessment out of escrow to "other", an explanation and accounting was needed to ensure that the payments made would

be properly applied. Please see attached letter, Exhibit "E", and incorporated herein for all purposes. Defendant ignored Plaintiff's letter and request.

5.06    On October 30, 2009, another letter was sent to Defendants again reiterating the willingness to make the monthly payments, but would do so only with confirmation of the finalization of the modification agreement and proof or explanation that the payments would be properly applied. Please see attached letter, Exhibit "F".

5.07    Defendants completely ignored Plaintiff's requests, never sent Plaintiff the fully signed modification agreement as promised, never provided any explanation or accounting for the charges reflected on Plaintiff's account by Defendant as requested, and never gave any reason or explanation for their failure to perform prior to the filing of this suit. Furthermore, discovery responses from Defendants recently produced in this litigation revealed a conscious decision to unilaterally revoke the loan agreement and not pay or credit funds due to Plaintiff that Plaintiff was entitled to receive.

5.08    On April 3, 2010, Plaintiff received a Notice of Substitute Trustee's sale indicating Defendant's intent to foreclose on Plaintiff's homestead property, with a Notice of Acceleration of Maturity demanding $55,599.78 to cure the default. Attached as Exhibit "G", and incorporated herein for all purposes, are the Notice of Substitute Trustee's Sale & Notice of Acceleration. Such threats of non-judicial foreclosure constitutes threats of irreparable harm to Plaintiff's property rights and credit.

5.09    Once again, a letter was sent to Defendant on April 6, 2010, demanding the withdrawal of posting for foreclosure, and requesting that Defendants contact Plaintiff's counsel regarding this wrongful attempted foreclosure, breach of contract, and misapplication of funds/fees or assessments by Defendants. See letter attached as Exhibit "H", and incorporated herein for all purposes. Defendants ignored Plaintiff's requests, as no such contact was received, nor

have any letters been sent, as promised in writing, regarding the dispute of this account. Defendants have wrongfully applied sums paid by Plaintiff totaling in excess of $24,000.00. Furthermore, Defendants have wrongfully sent erroneous information to the IRS and has reported to credit bureaus that Plaintiff has had a foreclosure on his home, which has directly caused additional harm and damage to Plaintiff's credit.

5.10    Defendants, for years, embarked on a course of wrongful conduct, tantamount to a computer-generated barrage of outrageous, abusive, and incomprehensible demands for payment, notices of default, threats of foreclosures, imposition of unwarranted fees and penalties, and other actions against Plaintiff inconsistent with proper business practices. Plaintiff herein sues for such wrongful conduct, with said sum being far in excess of the minimum jurisdictional limits of this Court.

## CAUSES OF ACTION

6.01    <u>Conversion</u>

Plaintiff herein alleges that Defendants have committed conversion regarding personal property owned by Plantiff. Defendants wrongfully exercised dominion and control over Plaintiff's funds in his escrow account. Such funds were designed to be placed in Plaintiff's escrow account for safekeeping and segregated, and kept in such form, and only to be released upon proper payment/debits of legitimate and agreed upon expenditures, such as principal, interest, and taxes. By wrongfully charging or debiting fees, penalties, costs out of Plaintiff's escrow account without authorization, Defendants converted Plaintiff's property and has caused financial harm as a result of such actions. Plaintiff herein sues for actual damages for such wrongful conduct. Defendants acted with malice, thereby giving rise to the imposition of punitive damages.

6.02    <u>Breach of Fiduciary Duty</u>

Plaintiff would allege that Defendants owed a fiduciary duty to Plaintiff to properly manage Plaintiff's escrow account and to provide an accounting, upon request, of all expenditures, debits, withdrawals and payments out of Plaintiff's escrow account. Plaintiff placed special confidence and trust in Defendants to properly handle Plaintiff's escrow account. Defendants, in equity and good conscience, had a requirement to act in the highest good faith, fair dealing, loyalty, and fidelity with due regard to Plaintiff's interests. Defendants had an obligation to disclose material facts regarding its management of Plaintiff's escrow account. Plaintiff relied upon Defendants to act in his best interest. Such fiduciary relationship existed prior to, after, and separate and apart from any loan refinancing. Defendants breached their fiduciary duty to Plaintiff by mismanaging Plaintiff's escrow account, inappropriately debiting or withdrawing funds, and unjustly enriching Defendants to the detriment of Plaintiff, charging Plaintiff unwarranted fees, penalties, and interest, and failing to provide an accounting upon request. Plaintiff herein sues for actual damages, mental anguish damages, fee forfeiture, disgorgement of all fees, and/or a constructive trust on all proceeds taken/credited to or paid to Defendants as result of such breach of fiduciary duty. Plaintiff herein seeks an accounting at Defendant's cost and expense as a result of such breach of fiduciary duty pursuant to **Texas Property Code**, Sections 113.151, 113.152, and 114.008(a)(4).

6.03    <u>Breach of Contract</u>

Plaintiff herein alleges that Defendants have breached the agreement it had with Plaintiff, and has failed to perform as promised. Defendants are further the cause of Plaintiff not making the monthly mortgage payments, as Defendants have never provided the fully executed agreement as promised, nor have they provided any explanation or information

regarding the charges or debits that Defendants have wrongfully applied or taken out of Plaintiff's escrow account. Defendants' appropriate management of Plaintiff's escrow account was part of the services contracted for, and was not limited or related to borrowing money. Such breach of contract by Defendants have caused Plaintiff damages in excess of the minimum jurisdictional limits of the Court. Plaintiff further seeks all damages from all remedies available to him, including, but not limited to, reliance damages, benefit of the bargain damages, and compliance with the agreement with Defendants, an accounting of all charges made on Plaintiff's account since September 1, 2009, withdrawal of all fees, penalties, interest and costs, and reasonable and necessary attorneys' fees and costs for such breach of contract by Defendant.

6.04    Fraud in the Inducement

Defendants' conduct described above constitutes Fraud in the Inducement to Plaintiff. Plaintiff relied upon the representations that were made by Defendants, and such representations were material. Defendants knew that such representations were false, but made such representations with the intent that Plaintiff rely upon them. The promise of future performance by Defendants was made with an intent, at the time of those promises, to not perform as promised.

6.05    Common Law and Statutory Fraud

Defendants' conduct described above constitutes fraud. Plaintiff relied upon the representations that were made by Defendants after such agreement was reached, and such representations were material. Defendants knew that such representations were false, but made such representations with the intent that Plaintiff rely upon them. The promise of future performance by Defendants were made with an intent, at the time of those promises, to not perform as promised.

As a direct and proximate result of the foregoing fraudulent misrepresentations, Plaintiff has suffered damages, including attorneys' fees, costs, expenses, and diminution of credit based on Defendant's actions.

6.06    Accounting

Due to Defendants' failure to properly, timely, and accurately justify its actions regarding the management of Plaintiff's escrow account, even upon written demand, Plaintiff hereby seeks an accounting of all expenditures, debits, credits, payments, fees, costs, penalties, and interest charged or withdrawn out of Plaintiff's escrow account at Defendants' cost.

6.07    Negligent Misrepresentation

Defendants' conduct described above from the time of the original representation to the present constitutes negligent misrepresentation. Such negligent misrepresentations directly and proximately caused damages, including attorneys' fees, costs, expenses, and diminution of credit based on Defendant's actions.

6.08    DTPA

Plaintiff hereby brings a cause of action under Section 17.46 of the Texas Deceptive Trade Practices Act. Plaintiff is a consumer as defined by the Statute. Defendants engaged in false, misleading, or deceptive acts that Plaintiff relied upon to their detriment that was a producing cause of damages.

Defendants represented to Plaintiff that his escrow account would be properly managed, yet the services provided did not have the quality or characteristics required to fulfill those promises and representations. Defendants acted in a fiduciary capacity to properly and appropriately manage Plaintiff's funds in his escrow account. Defendants failed to disclose to Plaintiff the specific charges, debits, credits, and fees and costs that were applied to Plaintiff's escrow account. Defendants failed to provide information to Plaintiff when

requested, and instead hid and concealed such information and funds owned but wrongfully taken or applied from Plaintiff's escrow account.

Defendants' conduct constitutes an unconscionable course of conduct and practice that took advantage of Plaintiff to a grossly unfair degree.

Defendants' conduct was committed knowingly with actual awareness at the time of the representations of the falsity, deception, or unfairness of their conduct. Such conduct entitles Plaintiff to treble damages, for which Plaintiff herein sues.

**6.09**    Finance Code Violations/DTPA

Defendants' wrongful conduct violates the 1) Texas Finance Code, Section 392.303(a)(2), made applicable to the DTPA, for collecting or attempting to collect interest or charge, fee, or expense incidental to the obligation unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer; 2) Texas Finance Code, Section 392.304(a)(8), made applicable to the DTPA, by misrepresenting the character, extent, or amount of consumer debt, or misrepresenting the consumer's debt status in a judicial or government proceeding.

**6.10**    Texas Theft Liability Act

Plaintiff hereby asserts a cause of action pursuant to Chapter 134 of the Civil Practice and Remedies Code, commonly referred to as the Texas Theft Liability Act. Defendants unlawfully appropriated, secured, misappropriated, debited, or misapplied funds rightfully belonging to Plaintiff in Plaintiff's escrow account. Such action constitutes theft of real or personal property under Texas Penal Code Section 31.03. Such unlawful misapplication/taking of funds by Defendants was made with the intent to deprive Plaintiff of his property. Plaintiff sustained financial damages as a result of such theft. Plaintiff

herein seeks actual damages, additional damages provided for under said statute, exemplary damages, interest, court costs, and attorneys fees.

## DAMAGES

7.01   Actual Damages

Based on the conduct of Defendants, Plaintiff has suffered actual damages that exceed the minimum jurisdictional limits of this Court. Plaintiff herein sues for actual damages, all consequential damages, and benefit of the bargain damages that Plaintiff would have obtained had Defendants fulfilled their promises and representations. Plaintiff herein sues for mental anguish damages for the extreme worry, anguish, and anxiety Defendants have caused by wrongfully attempting to foreclose on Plaintiff's homestead and further impairing Plaintiff's credit, with full knowledge of Plaintiff's offer of payment upon a proper accounting and a copy of the signed agreement between the parties.

7.02   Exemplary Damages

Plaintiff herein sues for exemplary damages for the intentional, fraudulent, and grossly negligent misrepresentations both prior to and after the modification agreement. Because of Defendants' actual awareness of the falsity of their representations and false promises, exemplary damages in an amount to be determined by the trier of fact is justified.

7.03   Additional Damages

Plaintiff herein sues for all additional damages allowed by statute, including, but not limited to, additional damages, double or treble damages for violations committed knowingly and/or with malice or intent.

7.04    Attorneys Fees

Plaintiff is entitled to recover and herein sues for reasonable and necessary attorneys fees

incurred in this cause pursuant to all statutory causes of action in which attorneys' fees are

permitted by law.

### CONDITIONS PRECEDENT

8.01    All conditions precedent to Plaintiff's claim for relief against Defendants have been

performed, will be performed, or have occurred. All statutory notice provisions have been

or will be given to Defendants.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to

appear and answer herein, and upon final trial herein, he have a Judgment against Defendants for

all causes of action and damages, both actual, additional and exemplary, as well as attorneys' fees,

costs of court, and such other and further relief, both general and special, to which Plaintiff may

be justly entitled and for which he sues herein.

Respectfully submitted,

UZICK & ONCKEN, P.C.

BY: _____

Jeffrey W. Uzick

SBOT: 20419200

238 Westcott

Houston, Texas 77007

(713) 869-2900

FAX: (713) 869-6699

ATTORNEYS FOR RICHARD D. RODE,
PLAINTIFF

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing Plaintiff's First Amended Original Petition has been forwarded to Defendants' counsel of record by facsimile transmission and/or certified mail and/or hand delivery, return receipt requested, on this ___6th___ day of February, 2012.

Jeffrey H. Uzick



Dear Valued Customer,

Attached are your loan modification documents from Homecomings Financial℠. Please contact Nations Direct, at 1.866.280.4790, at your convenience to schedule a time for a notary to meet with you to sign these documents. This process will take approximately 15 minutes, and there is no additional charge for this service.

Please be sure to have all parties present at the time of the signing. Please see the signature lines on the last page of your Modification Agreement.

Please do not sign unless in the presence of a notary.

Sincerely,

Nations Direct
(Working with Homecomings Financial℠)



EXHIBIT
"A"

# Please use this label to send back the documents.

FedEx Ship Manager – Print Your Label(s)                                    Page 1 of 1

From:  Origin ID: ALUA  (800) 968-1170
Jenifer Meesler – Loss Mit
HOMECOMINGS FINANCIAL NETWORK
3451 Hammond Avenue

Waterloo, IA 50702

SHIP TO:  (214) 874-6541       BILL SENDER
ATTN: LOSS MITIGATION DEPT.
GMAC MORTGAGE
3451 HAMMOND AVE

WATERLOO, IA 50702



Ship Date: 27AUG09
ActWgt: 1.0 LB
CAD: 5441863/NET9009
Account#: S *******

Delivery Address Bar Code

Ref#      SVC856
Invoice #
PO #
Dept #    SVC856

TRK#     796B 9701 2725
0201

FRI - 28AUG      A2
STANDARD OVERNIGHT

50702
IA-US
CID

50 ALOA



After printing this label:
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could
result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be
responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless
you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service
Guide apply. Your right to recover from FedEx for any loss, including intrinsic valueof the package, loss of sales, income interest, profit, attorney's fees,
costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value.
Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable
instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.
Global Home | Small Business Center | Service Info | About FedEx | Investor Relations | Careers | fedex.com Terms of Use | Security & Privacy | Site Map |
This site is protected by copyright and trademark laws under US and international law. All rights reserved.© 1995- 2009 FedEx

https://www.fedex.com/shipping/shipAction.handle?method=doContinue                    8/27/2009

8/26/2009

# Homecomings Financial

*A GMAC Company*

RICHARD D RODE
BARBARA RODE
2301 WEST LAWTHER LANE
DEER PARK TX 77536

Re: Account Number     7435631023
                            2301 WEST LAWTHER LANE
                            DEER PARK TX 77536

Dear RICHARD D RODE   BARBARA RODE

**Congratulations! Your request for a loan modification has been approved subject to the following:**
       -Receipt of your contribution in the form of certified funds
       -Receipt of the signed and notarized loan modification agreement and any attachments
       -Receipt of clear title, if applicable

Highlights of the enclosed Loan Modification Agreement and instructions for completing and returning it are as follows:

- The contribution amount of $ 3,025.00 in the form of certified funds, is due in our office by October 1, 2009.
- The interest rate is 5.00000%.
- The first modified payment begins November 1, 2009.

           Principal and Interest     $ 2,320.25
           Escrow                  $ 693.45
           **Total Payment**       $3,013.70

Do NOT sign the enclosed Loan Modification Agreement unless you are in the presence of a notary. This document must be signed in the presence of a notary and (if applicable) other witnesses. All of the documents must be executed and the signatures must be exactly as the names are typed.

- The signed and notarized Loan Modification Agreement should be returned using the enclosed pre-paid overnight envelope.
- If any modification closing costs are more than projected, the difference will be assessed to the account.
- All miscellaneous fees and costs -- excluding late charges -- may not have been included in the loan modification and will remain outstanding.

The contribution and executed loan modification documents are due back by October 1, 2009. Please return to:

                         Homecomings Financial, LLC
                         Attn: Loan Modification
                         3451 Hammond Avenue
                         Waterloo, IA 50702

IMPORTANT! The loan modification will not be complete until we receive all properly executed documents and the contribution amount. If the modification is not completed we will continue to enforce our lien. If the conditions outlined above are not satisfied the modification will be withdrawn.

If you have any questions regarding this modification offer, please contact a modification specialist directly at 1-800-799-9250 Monday – Thursday 8:00 AM to 7:00 PM, Friday 8:00 AM to 5:00 PM, Central Time.

Loan Modification Specialist
Enclosures

Record & Return To:

Homecomings Financial, LLC
Attention: Loss Mitigation
3451 Hammond Avenue
Waterloo, IA 50702

————————————————[Space Above This Line For Recorder's Use]————————————————

## FIXED RATE LOAN MODIFICATION AGREEMENT

This Loan Modification Agreement ("Agreement") made this October 1, 2009 ("Effective Date") between  RICHARD D RODE ·    BARBARA RODE     ("Borrower") and Homecomings Financial, LLC ("Lender"), amends and supplements that certain promissory note ("Note") dated March 18, 2003 in the original principal sum of Two Hundred Sixty Five Thousand One Hundred Seventy Five Dollars and No Cents ($ 265,175.00)executed by Borrower. The Note is secured by a Mortgage, Deed of Trust, or Deed to Secure Debt (the "Security Instrument"), dated the same date as the Note, and if applicable, recorded on  with Instrument Number in Book  and/or Page Number  of the real property records of HARRIS County, TX. Said Security Instrument covers the real and personal property described in such Security Instrument (the "Property") located at 2301 WEST LAWTHER LANE   DEER PARK TX 77536, which real property is more particularly described as follows:

**(Legal Description – Attach as Exhibit if Recording Agreement)**

Borrower acknowledges that Lender is the legal holder and the owner of the Note and Security Instrument and further acknowledges that if Lender transfers the Note, as amended by this Agreement, the transferee shall be the "Lender" as defined in this Agreement.

Borrower has requested, and Lender has agreed, to extend or rearrange the time and manner of payment of the Note and to extend and carry forward the lien(s) on the Property whether or not created by the Security Instrument.

Now, therefore, in consideration of the mutual promises and agreements contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. Borrower acknowledges that as of the Effective Date, the amount payable under the Note and secured by the Security Instrument (the "Principal Balance") is One Hundred Ninety Two Thousand Four Hundred Eighty Dollars and Eighty Four Cents ($ 192,480.84). Borrower hereby renews and extends such indebtedness and promises to pay jointly and severally to the order of Lender the Principal Balance, consisting of the amount(s) loaned to Borrower by Lender and any accrued but unpaid interest capitalized to date.

2. Interest will be charged on the unpaid Principal Balance until the full amount of principal has been paid. Borrower will pay interest at the rate of  5.00000% per year from the Effective Date.

3. Borrower promises to make monthly principal and interest payments of $ 2,320.25, beginning on November 1, 2009, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. If on April 1, 2018 (the "Maturity Date"), Borrower still owes amounts under the Note and Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date. Borrower will make such payments at 3451 Hammond Avenue, Waterloo, IA 50702 or at such other place as Lender may require. The amounts indicated in this paragraph do not include any required escrow payments for items such

as hazard insurance or property taxes; if such escrow payments are required the monthly payments will be higher and may change as the amounts required for escrow items change.

4. If Lender has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, Borrower will pay a late charge to Lender. The amount of the charge will be the late charge percentage provided for in the Note multiplied by the overdue payment of principal and interest required under this Agreement. Borrower will pay this late charge promptly but only once on each late payment. The late charge is not in lieu of any other remedy of Lender, including any default remedy.

5. It is the intention of the parties that all liens and security interests described in the Security Instrument are hereby renewed and extended (if the Maturity Date of the original Note has been changed) until the indebtedness evidenced by the Note and this Agreement has been fully paid. Lender and Borrower acknowledge and agree that such renewal, amendment, modification, rearrangement or extension (if applicable) shall in no manner affect or impair the Note or liens and security interests securing same, the purpose of this Agreement being simply to modify, amend rearrange or extend (if applicable) the time and the manner of payment of the Note and indebtedness evidenced thereby, and to carry forward all liens and security interests securing the Note, which are expressly acknowledged by Borrower to be valid and subsisting, and in full force and effect so as to fully secure the payment of the Note.

6. If all or any part of the Property or any interest in it is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by applicable law. If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower. For purposes of this paragraph, "interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is transfer of title by Borrower at a future date to a purchaser.

7. As amended hereby, the provisions of the Note and Security Instrument shall continue in full force and effect, and the Borrower acknowledges and reaffirms Borrower's liability to Lender thereunder. In the event of any inconsistency between this Agreement and the terms of the Note and Security Instrument, this Agreement shall govern. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Agreement, including but not limited to, in the case of the Borrower, the obligation to pay items such as taxes, insurance premiums or escrow items, as applicable. Any default by Borrower in the performance of its obligations herein contained shall constitute a default under the Note and Security Instrument, and shall allow Lender to exercise all of its remedies set forth in said Security Instrument.

8. Lender does not, by its execution of this Agreement, waive any rights it may have against any person not a party hereto. This Agreement may be executed in multiple counterparts, each of which shall constitute an original instrument, but all of which shall constitute one and the same Agreement. EACH OF THE BORROWER AND THE LENDER ACKNOWLEDGE THAT NO REPRESENTATIONS, AGREEMENTS OR PROMISES WERE MADE BY THE OTHER PARTY OR ANY OF ITS REPRESENTATIVES OTHER THAN THOSE REPRESENTATIONS, AGREEMENTS OR PROMISES SPECIFICALLY CONTAINED HEREIN. THIS AGREEMENT, AND THE NOTE AND SECURITY INSTRUMENT (AS AMENDED HEREBY) SETS FORTH

THE ENTIRE UNDERSTANDING BETWEEN THE PARTIES. THERE ARE NO UNWRITTEN AGREEMENTS BETWEEN THE PARTIES.

Executed effective as of the day and year first above written.

_____          _____
RICHARD D RODE                            Witness

                                          _____
                                          Print

_____          _____

                                          _____

_____          _____
BARBARA RODE                              Witness

                                          _____
                                          Print

_____          _____

                                          _____

BORROWER ACKNOWLEDGMENT

State of _____
County of _____ .

On this ___ day of _____, 200__, before me, the undersigned, a Notary Public in and for said county and state, personally appeared RICHARD D RODE   BARBARA RODE   personally known to me or identified to my satisfaction to be the person(s) who executed the within instrument, and they duly acknowledged that said instrument is their act and deed, and that they, being authorized to do so, executed and delivered said instrument for the purposes therein contained.

   Witness my hand and official seal.

                              _____
                              Notary Public

                              My Commission Expires: _____

Homecomings Financial, LLC

By: _____

Title: <u>LIMITED SIGNING OFFICER</u>

**LENDER ACKNOWLEDGMENT**

State of IOWA
County of BLACKHAWK

On this ___ day of _____, 200__, before me, the undersigned, a Notary Public in and for said county and state, personally appeared KRIS M. CAYA, personally known to me or identified to my satisfaction to be the person who executed the within instrument as Limited Signing Officer of Homecomings Financial, LLC, and they duly acknowledged that said instrument is the act and deed of said entity, and that they, being authorized to do so, executed and delivered said instrument for the purposes therein contained.

Witness my hand and official seal.

Notary Public _____
My Commission Expires: _____

# ☑Borrowers
# Copies

Please use this label
to send your funds
back.
Please do not give
your funds to the
Notary.

From: Origin ID: ALOA (830) 969-7779
Jennifer Meester - Loss Mit
HOMECOMINGS FINANCIAL NETWORK
3451 Hammond Avenue

Waterloo, IA 50702

**FedEx** Express

Ship Date: 27AUG09
ActWgt: 1.0 LB
CAD: 8441863/NET9000
Account#: ********

Delivery Address Bar Code

SHIP TO: (214) 874-8541      BILL SENDER
ATTN: LOSS MITIGATION DEPT.
GMAC MORTGAGE
3451 HAMMOND AVE

WATERLOO, IA 50702

Ref # SVC856
Invoice #
PO #
Dept # SVC856

FRI - 28AUG       A2

TRK#
0201    7968 9702 0745     STANDARD OVERNIGHT

50702
IA-US
CID

**50 ALOA**

After printing this label:
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.
Global Home | Small Business Center | Service Info | About FedEx | Investor Relations | Careers | fedex.com Terms of Use | Security & Privacy | Site Map |
This site is protected by copyright and trademark laws under US and International law. All rights reserved.© 1995- 2009 FedEx

8/26/2009

# Homecomings Financial
*A GMAC Company*

RICHARD D RODE
BARBARA RODE
2301 WEST LAWTHER LANE
DEER PARK TX 77536

Re: Account Number    7435631023
                      2301 WEST LAWTHER LANE
                      DEER PARK TX 77536

Dear RICHARD D RODE   BARBARA RODE

**Congratulations! Your request for a loan modification has been approved subject to the following:**
    -Receipt of your contribution in the form of certified funds
    -Receipt of the signed and notarized loan modification agreement and any attachments
    -Receipt of clear title, if applicable

Highlights of the enclosed Loan Modification Agreement and instructions for completing and returning it are as follows:

- The contribution amount of $ 3,025.00 in the form of certified funds, is due in our office by October 1, 2009.
- The interest rate is 5.00000%.
- The first modified payment begins November 1, 2009.

| | |
|---|---|
| Principal and Interest | $ 2,320.25 |
| Escrow | $ 693.45 |
| **Total Payment** | **$3,013.70** |

Do NOT sign the enclosed Loan Modification Agreement unless you are in the presence of a notary. This document must be signed in the presence of a notary and (if applicable) other witnesses. All of the documents must be executed and the signatures must be exactly as the names are typed.
- The signed and notarized Loan Modification Agreement should be returned using the enclosed pre-paid overnight envelope.
- If any modification closing costs are more than projected, the difference will be assessed to the account.
- All miscellaneous fees and costs -- excluding late charges -- may not have been included in the loan modification and will remain outstanding.

The contribution and executed loan modification documents are due back by October 1, 2009. Please return to:

Homecomings Financial, LLC
Attn: Loan Modification
3451 Hammond Avenue
Waterloo, IA 50702

IMPORTANT! The loan modification will not be complete until we receive all properly executed documents and the contribution amount. If the modification is not completed we will continue to enforce our lien. If the conditions outlined above are not satisfied the modification will be withdrawn.

If you have any questions regarding this modification offer, please contact a modification specialist directly at 1-800-799-9250 Monday -- Thursday 8:00 AM to 7:00 PM, Friday 8:00 AM to 5:00 PM, Central Time.

Loan Modification Specialist
Enclosures

# ZICK & ONCKEN, P.C.

Jeffrey H. Uzick

**Attorneys at Law**
238 Westcott
Houston, Texas 77007
(713) 869-2900
Fax: (713) 869-6699
E-Mail: dee@uzickoncken.com
www.uzickoncken.com

September 2, 2009

Ms. Denise Jungen
Advocacy Resolution Specialist
GMAC Mortgage
3451 Hammond Avenue
Waterloo, IA 50704

RE: Account Number: 7435631023
   Mortgagor:   Richard D. Rode
   Property Address: 2301 West Lawther Lane, Deer Park, Texas, 77536

Dear Ms. Jungen:

Thank you for your letter of August 28th. I have reviewed, in detail, the payment history with my client and there are numerous problems with how Homecomings Financial applied payments. Additionally, attached is a true and correct copy of the Declaration Page indicating that the property was insured through Texas Farm Bureau from October 1, 2006, through October 1, 2007.

Please refund or apply the inappropriate charges posted to Mr. Rode's account for insurance coverage. Mr. Rode hereby agrees to the modification offered by GMAC Mortgage in the principal amount of $192,480.84 with the agreed upon interest rate of 5.0% as reflected in the Fixed Rate Loan Modification Agreement. However, the package received by him still reflects his ex-wife's name on the documents. Please forward corrected documents that does not have Barbara Rode's name listed. Mr. Rode has previously sent a recorded Quit Claim Deed indicating that he is the sole owner of the property.

To reiterate, we will be expecting a loan modification package for Mr. Rode to complete. Payments under the Modification Agreement will begin on November 1, 2009, in the total amount of $3,013.70 per month, reflecting principal and interest of $2,320.25, and escrow for taxes in the amount of $693.45. Once these documents are received and signed, please zero out his loan payment history from that day forward so that there will be no misunderstanding regarding any late fees, penalties, or other charges that were previously claimed, but disputed prior to that time. Enclosed is a check in the amount of $3,025.00 that is not due until October 1st, but was requested by you in your letter to me of August 28th. Please apply this payment to the loan.

Very truly yours,

Jeffrey H. Uzick

5/dr
CRRR: 7004-1160-0007-3378-7905

**EXHIBIT**
" B "

2702 Treble Creek ♦ San Ant... 3 ♦ Facsimile: (210) 341-1570

TEXAS HOMEOWNERS POLICY - FORM HO-A
ED. (10-01-1990)

☐ New
☐ Renewal
☒ Amended - Date 01-26-2007

FARM BUREAU
TEXAS

www.txfb-ins.com

**TEXAS FARM BUREAU UNDERWRITERS**
**DECLARATIONS PAGE**
PO BOX 2689 • WACO TX 76702-2689

463796    12

X01 101A 27556

YOUR POLICY IS HEREBY AMENDED TO READ
POLICY PER OD EFFECTIVE DATE: 10-01-2006  EXPIRATION DATE: 10-01-2007
AT 12:01 A.M. STANDARD TIME AT THE LOCATION OF THE RESIDENCE PREMISES/DWELLING
RESIDENCE PREMISES/DWELLING/LOT BLOCK ADDITION
2301 W LAWTHER DR DEER PARK TX 77536

CITY LIMIT:    INSIDE
               INSIDE/OUTSIDE

CONSTRUCTION: STUCCO          PPC: 4

NAMED INSURED/MAILING ADDRESS

CALL YOUR AGENT AT 281 930-9722
FOR AUTO-FIRE-LIFE-HEALTH INSURANCE

FOR POLICYHOLDER INFORMATION, VISIT
US AT WWW.TXFB-INS.COM

RICHARD RODE
2301 W LAWTHER DR
DEER PARK TX 77536-6066

| | | |
|---|---|---|
| **SECTION I PROPERTY** | | |
| COVERAGE A. DWELLING | 325,000 | |
| OTHER STRUCTURES | 32,500 | |
| COVERAGE B. PERSONAL PROPERTY | 195,000 | |
| PERSONAL PROPERTY OFF PREMISES | 19,500 | XXXXXXX |
| **SECTION II LIABILITY** | | |
| COVERAGE C. PERSONAL LIABILITY (EACH OCCURRENCE) | 500,000 | |
| COVERAGE D. MEDICAL PAYMENTS TO OTHERS (EACH PERSON) | 5,000 | |
| OTHER RESIDENTIAL PREMISES - LOCATION: | XXXXXXXX | |
| LOSS OF USE COVERAGE | 32,500 | XXXXXXX |
| | XXXXXXXXX | 3,196 |

| DISCOUNTS | | |
|---|---|---|
| COMPANION POLICY | 249- | |
| NEW HOME | 415- | |
| | XXXXXXXXX | 714- |
| | XXXXXXXXX | 38 |

**INCREASED LIABILITY LIMITS**
OTHER COVERAGES AND ENDORSEMENTS
Endorsement number and title

| | | | |
|---|---|---|---|
| HO-707 | -ED(04-01-2002) AMENDATORY HOMEOWNERS ENDORSEMENT | | |
| HO-715 | -ED(05-06-1997) AGREED AMT. | | |
| HO-762 | -ED(06-10-2003) AMENDATORY HOMEOWNERS ENDORSEMENT | | |
| HO-105 | -ED(07-08-1992) RESIDENCE GLASS COVERAGE | 8 | |
| HO-105 | -ED(05-01-1998) REPLACEMENT OF PERSONAL PROPERTY | 160 | |
| HO-706 | -ED(05-01-1998) | | |
| HO-754A | -ED(01-01-2003) AMENDATORY HOMEOWNERS ENDORSEMENT | | |

| | | | |
|---|---|---|---|
| Deductible Clause 1 | WINDSTORM, HURRICANE OR HAIL | 3,250 | |
| Deductible Clause 2 | ALL OTHER PERILS | 3,250 | |
| Deductible Clause 3 | | XXXXXXXXX | 2,688 |



LOAN NUMBER 0435631B23

MORTGAGEE/MAILING ADDRESS
HOMECOMINGS FINANCIAL NETWORK
ITS SUCCESSORS AND/OR ASSIGNS
PO BOX 10065B5
FLORENCE SC 29501-0585
POLICY MAILED TO MORTGAGEE
SECTION I COVERAGES NOW READS AS ABOVE

MORTGAGEE
HOMECOMINGS FINANCIAL NETWORK
ITS SUCCESSORS AND/OR ASSIGNS
PO BOX 10065B5
FLORENCE SC 29501-0585

OTHER COVERAGES, LIMITS AND EXCLUSIONS APPLY -- REFER TO YOUR POLICY          SELECT

101A     NASF1     463796HH46  RGHRARRROR689-HH-RRR565R-12-R6P5TRS71UC

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Ms. Denise Junge
Advocacy Resolution Spec.
GMAC Mortgage
3451 Hammond Ave.
Waterloo, IA 50704

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X  ROB SMEDLEY  ☐ Agent
                ☐ Addressee

B. Received by (Printed Name)  SEP C. Date of Delivery 2000

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
■ Certified Mail   ☐ Express Mail
☐ Registered      ■ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
(Transfer from service label)   7004 1160 0007 3378 7505

9/2 Reply Letter

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

# GMAC Mortgage

September 24, 2009

Uzick & Oncken, P.C.
Attorneys at Law
Attn: Jeffrey H Uzick
238 Westcott
Houston TX 77007

RE:    Account Number    7435631023
       Mortgagor         Richard D Rode
       Property Address   2301 West Lawther Lane
                  Deer Park TX 77536

Dear Jeffrey H Uzick:

This is in response to the letter dated September 2, 2009 and September 18, 2009, received in our office September 8, 2009 and September 21, 2009, regarding the above-referenced account.

The insurance policy provided has been updated, the lapse from December 31, 2006 to September 21, 2007 has been canceled and a refund in the amount of $4,686.00 will be returned to escrow. There is still a lapse from April 15, 2008 to July 11, 2008, this is a lapse charge of $601.00.

The funds of $3,025.00 have been received and I have confirmed with our Loss Mitigation Department the modification is 5% fixed. Beginning November 1, 2009 payment will be $3,013.70 ($2,320.25 principal and interest and $693.45 escrow). However, we do need to receive the notarized modification documents back. I apologize, we are not able to send without the ex-wife's name, the quit claim deed does allow us to proceed with he modification without her signature.

If I can be of further assistance, please contact me at 1-800-766-4622 extension 2365387 or direct at 319-236-5387.

Sincerely,

Denise Jungen
Advocacy Resolution Specialist
Executive Office

3451 Hammond Ave
Waterloo, IA 50704


EXHIBIT
"C"

SEP 2 9 2009

2008058688.31
12/05/2008  RP3  170.00

## QUITCLAIM DEED

THIS QUITCLAIM DEED, Executed this 18 day of November, 2008, by first party Barbara Rode whose address is 150 CR 6401, Dayton, Texas, 77535, to second party, Richard Rode whose address is 2301 West Lawther, Deer Park, Texas, 77536.

WITNESSETH, That the said first party, for good consideration and for the sum of $10.00 paid by the said second party, the receipt whereof is hereby acknowledged, does hereby remise, release, and quitclaim unto the said second party forever, all the right, title, interest and claim which the said first party has in and to the following described parcel of land, and improvements and appurtenances thereto in the County of Harris, State of Texas, to wit:

2301 West Lawther Drive
Deer Park, Texas 77536
Lt. 5, Blk 1
Park Place Sec 1
HARRIS COUNTY.
IN WITNESS WHEREOF, The said first party has signed and sealed these presents the day and year first above written.

Signed, sealed, and delivered in presence of:

BARBARA RODE

RICHARD RODE

Richard Rode
2301 west Lawther
Dear Park, Tx. 77536

Page 1 of 2

STATE OF TEXAS}

COUNTY OF Harris }

On the 18 day of November , 2008, before me, Kerri L. Ramos,
personally appeared Barbara Rode, personally known to me (or proved to me on the
basis of satisfactory evidence) to be the person whose name is subscribed to the within
instrument and acknowledged to me that she executed the same in her authorized
capacity, and that by her signature on the instrument the person, or the entity upon
behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

Signature

Affiant: ✓ Known _____ Unknown

ID Produced: TDL

[Seal]

KERRI L. RAMOS
MY COMMISSION EXPIRES
August 12, 2010

ANY PROVISION HEREIN WHICH RESTRICTS THE SALE, RENTAL, OR USE OF THE DESCRIBED REAL
PROPERTY BECAUSE OF COLOR OR RACE IS INVALID AND UNENFORCEABLE UNDER FEDERAL LAW.
THE STATE OF TEXAS
COUNTY OF HARRIS
I hereby certify that this instrument was FILED in File Number Sequence on the date and at the time
stamped hereon by me; and was duly RECORDED, in the Official Public Records of Real Property of Harris
County, Texas on

DEC - 5 2008

COUNTY CLERK
HARRIS COUNTY, TEXAS

2008 DEC -5 AM 10: 25

FILED

Page 2 of 2

45203

V. R. Printing - (832) 467-0300

*Copy of Quit Clai.*
*Taking Barbara Rode*
*off Title.*
*Divorced in*
*10 / 2005.*

20080566831

RODE RICHARD
2301 WEST LAWTHER
DEER PARK, TX 77536

Please find enclosed your instrument as recorded in
the Office of the County Clerk. It has been a
pleasure to serve you.

Beverly B. Kaufman
County Clerk
Harris County, Texas

Form No. C-02-02 (Rev. 11/9/93)

00313

# ZICK & ONCKEN, P.C.

### Attorneys at Law
238 Westcott
Houston, Texas 77007
(713) 869-2900
Fax: (713) 869-6699
E-Mail: dee@uzickoncken.com
www.uzickoncken.com

Jeffrey H. Uzick

October 1, 2009

Ms. Denise Jungen
Advocacy Resolution Specialist
GMAC Mortgage
3451 Hammond Avenue
Waterloo, IA 50704

RE:    Account Number:    7435631023
        Mortgagor:    Richard D. Rode
        Property Address:    2301 West Lawther Lane, Deer Park, Texas, 77536

Dear Ms. Jungen:

Pursuant to your correspondence of September 24th, enclosed please find the signed and notarized Fixed Rate Loan Modification Agreement regarding the above-referenced account number. Mr. Rode has already made the requested payment of $3,025.00, which your records show as received on September 14th. Please forward to me a completely-signed copy of the enclosed document, evidencing your signature on same. If you have any questions or concerns, please do not hesitate to contact me.

Very truly yours,

Jeffrey H. Uzick

5/dr\973.090059
Enclosure
FEDERAL EXPRESS

**EXHIBIT**
"D"

2702 Treble Creek ● San Antonio ● Facsimile: (210) 341-1570

TRANSMISSION VERIFICATION REPORT

```
TIME   : 10/01/2009 12:52
NAME   : UZICKONCKEN
FAX    : 7138695699
TEL    : 7138692900
SER.#  : D5J169671
```

```
DATE,TIME       10/01  12:50
FAX NO./NAME     18667094744
DURATION         00:02:31
PAGE(S)          08
RESULT           OK
MODE             STANDARD
```

# UZICK & ONCKEN, P.C.



Jeffrey H. Uzick

### Attorneys at Law
238 Westcott
Houston, Texas 77007
(713) 869-2900
Fax: (713) 869-5699
E-Mail: dee@uzickoncken.com
www.uzickoncken.com

CONFIDENTIALITY NOTICE: The information contained in this facsimile transmission is confidential. It may also be subject to the attorney-client privilege or be privileged work product or proprietary information. This information is intended for the exclusive use of the addressee(s) named below. If you are not the intended recipient, you are hereby notified that any use, disclosure, dissemination, distribution (other than to the addressee(s) named below), copying, or taking of any action because of this information is strictly prohibited. If you have received this information in error, please immediately notify us by telephone to arrange for the return of the documents.

DATE:          October 1, 2009

TO:            Ms. Denise Jungen/Advocacy Resolution Specialist/GMAC Mortgage
FAX:           (866) 709-4744

FROM:          Jeffrey H. Uzick

COMMENTS:      GMAC (4) forwarding Fixed Rate Loan Modification Agreement

TOTAL PAGES:   8        (INCLUDING COVER SHEET)

FILE NAME:     Rode v. Homecomings/GMAC

FILE NUMBER:   973.090059

If transmission is not complete, please call (713) 869-2900

FedEx Ship Manager - Print Your Label(s)                                    Page 1 of 1

From:  Origin I.D. ALOA  (800) 669-7779
Jennifer Meester - Loss Mit
HOMECOMINGS FINANCIAL NETWORK
3451 Hammond Avenue

Waterloo, IA 50702

SHIP TO:  (219) 874-9541        BILL SENDER
ATTN: LOSS MITIGATION DEPT.
GMAC MORTGAGE
3451 HAMMOND AVE

WATERLOO, IA 50702

Ship Date: 27AUG09
ActWgt: 1.0 LB
CAD: 5441863/NET9000
Account#: S

Delivery Address Bar Code

Ref #   SVC856
Invoice #
PO #
Dept #  SVC856

TRK#
0201   7968 9701 2725



FRI - 28AUG        A2
STANDARD OVERNIGHT

50 ALOA

50702
IA-US
CID

**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purpose is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.
Global Home | Small Business Center | Service Info | About FedEx | Investor Relations | Careers | fedex.com Terms of Use | Security & Privacy | Site Map |
This site is protected by copyright and trademark laws under US and International law. All rights reserved.© 1995- 2009 FedEx

*FedexId  10-01-09*

Page 1 of 1

## Detailed Results

Enter tracking number

| Detailed Results | Notifications |
|---|---|

### Tracking no.: 796897012725

✉ E-mail notifications

**Delivered**

Initiated · Picked up · In transit · Delivered

**Delivered**
Signed for by: S.MOE

| Shipment Dates | Destination |
|---|---|
| Ship date ⑩ Oct 1, 2009 | Signature Proof of Delivery ⑩ |
| Delivery date ⑩ Oct 2, 2009 9:17 AM | |

### Shipment Facts

Help

| Service type | Standard Envelope | Delivered to | Mailroom |
|---|---|---|---|
| Weight | 0.5 lbs/0.2 kg | | |

### Shipment Travel History

Help

Select time zone: Select

Select time format: 12H | 24H

All shipment travel activity is displayed in local time for the location

| Date/Time | Activity | Location | Details |
|---|---|---|---|
| Oct 2, 2009 9:17 AM | Delivered | | |
| Oct 2, 2009 8:59 AM | On FedEx vehicle for delivery | WATERLOO, IA | |
| Oct 2, 2009 8:28 AM | At local FedEx facility | WATERLOO, IA | |
| Oct 2, 2009 4:37 AM | At dest sort facility | CEDAR RAPIDS, IA | |
| Oct 2, 2009 4:24 AM | Departed FedEx location | INDIANAPOLIS, IN | |
| Oct 2, 2009 1:45 AM | Arrived at FedEx location | INDIANAPOLIS, IN | |
| Oct 1, 2009 9:27 PM | Left FedEx origin facility | HOUSTON, TX | |
| Oct 1, 2009 6:57 PM | Picked up | HOUSTON, TX | |



Dear Valued Customer,

Attached are your loan modification documents from Homecomings Financial℠. Please contact Nations Direct, at 1.866.280.4790, at your convenience to schedule a time for a notary to meet with you to sign these documents. This process will take approximately 15 minutes, and there is no additional charge for this service.

Please be sure to have all parties present at the time of the signing. Please see the signature lines on the last page of your Modification Agreement.

Please do not sign unless in the presence of a notary.

Sincerely,

Nations Direct
(Working with Homecomings Financial℠)

AUG 31 2009

# Please use this label to send back the documents.

8/26/2009



**Homecomings Financial**

*A GMAC Company*

RICHARD D RODE
BARBARA RODE
2301 WEST LAWTHER LANE
DEER PARK TX 77536

Re: Account Number     7435631023
                       2301 WEST LAWTHER LANE
                       DEER PARK TX 77536

Dear RICHARD D RODE   BARBARA RODE

**Congratulations! Your request for a loan modification has been approved subject to the following:**
- Receipt of your contribution in the form of certified funds
- Receipt of the signed and notarized loan modification agreement and any attachments
- Receipt of clear title, if applicable

Highlights of the enclosed Loan Modification Agreement and instructions for completing and returning it are as follows:

- The contribution amount of $ 3,025.00 in the form of certified funds, is due in our office by October 1, 2009.
- The interest rate is  5.00000%.
- The first modified payment begins November 1, 2009.

  | | |
  |---|---|
  | Principal and Interest | $ 2,320.25 |
  | Escrow | $ 693.45 |
  | **Total Payment** | **$3,013.70** |

Do NOT sign the enclosed Loan Modification Agreement unless you are in the presence of a notary. This document must be signed in the presence of a notary and (if applicable) other witnesses. All of the documents must be executed and the signatures must be exactly as the names are typed.

- The signed and notarized Loan Modification Agreement should be returned using the enclosed pre-paid overnight envelope.
- If any modification closing costs are more than projected, the difference will be assessed to the account.
- All miscellaneous fees and costs – excluding late charges – may not have been included in the loan modification and will remain outstanding.

The contribution and executed loan modification documents are due back by October 1, 2009. Please return to:

Homecomings Financial, LLC
Attn: Loan Modification
3451 Hammond Avenue
Waterloo, IA 50702

IMPORTANT! The loan modification will not be complete until we receive all properly executed documents and the contribution amount. If the modification is not completed we will continue to enforce our lien. If the conditions outlined above are not satisfied the modification will be withdrawn.

If you have any questions regarding this modification offer, please contact a modification specialist directly at 1-800-799-9250 Monday – Thursday 8:00 AM to 7:00 PM, Friday 8:00 AM to 5:00 PM, Central Time.

Loan Modification Specialist
Enclosures

Record & Return To:

Homecomings Financial, LLC
Attention: Loss Mitigation
3451 Hammond Avenue
Waterloo, IA 50702

———————————————————[Space Above This Line For Recorder's Use]———————————————————

## FIXED RATE LOAN MODIFICATION AGREEMENT

This Loan Modification Agreement ("Agreement") made this October 1, 2009 ("Effective Date")
between RICHARD D RODE    BARBARA RODE    ("Borrower") and Homecomings Financial, LLC
("Lender"), amends and supplements that certain promissory note ("Note") dated March 18, 2003 in the original
principal sum of Two Hundred Sixty Five Thousand One Hundred Seventy Five Dollars and No Cents ($
265,175.00)executed by Borrower. The Note is secured by a Mortgage, Deed of Trust, or Deed to Secure Debt (the
"Security Instrument"), dated the same date as the Note, and if applicable, recorded on  with Instrument Number in
Book  and/or Page Number  of the real property records of  HARRIS County, TX.  Said Security Instrument covers
the real and personal property described in such Security Instrument (the "Property") located at 2301 WEST
LAWTHER LANE    DEER PARK TX 77536, which real property is more particularly described as follows:

### (Legal Description – Attach as Exhibit if Recording Agreement)

Borrower acknowledges that Lender is the legal holder and the owner of the Note and Security Instrument
and further acknowledges that if Lender transfers the Note, as amended by this Agreement, the transferee shall be
the "Lender" as defined in this Agreement.

Borrower has requested, and Lender has agreed, to extend or rearrange the time and manner of payment of
the Note and to extend and carry forward the lien(s) on the Property whether or not created by the Security
Instrument.

Now, therefore, in consideration of the mutual promises and agreements contained herein, and other good
and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be
legally bound, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or
Security Instrument):

1. Borrower acknowledges that as of the Effective Date, the amount payable under the Note and secured by
the Security Instrument (the "Principal Balance") is One Hundred Ninety Two Thousand Four Hundred Eighty
Dollars and Eighty Four Cents ($ 192,480.84). Borrower hereby renews and extends such indebtedness and
promises to pay jointly and severally to the order of Lender the Principal Balance, consisting of the amount(s)
loaned to Borrower by Lender and any accrued but unpaid interest capitalized to date.

2. Interest will be charged on the unpaid Principal Balance until the full amount of principal has been paid.
Borrower will pay interest at the rate of  5.00000% per year from the Effective Date.

3. Borrower promises to make monthly principal and interest payments of $ 2,320.25, beginning on
November 1, 2009, and continuing thereafter on the same day of each succeeding month until principal and interest
are paid in full. If on April 1, 2018 (the "Maturity Date"), Borrower still owes amounts under the Note and Security
Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.
Borrower will make such payments at 3451 Hammond Avenue, Waterloo, IA 50702 or at such other place as Lender
may require. The amounts indicated in this paragraph do not include any required escrow payments for items such

as hazard insurance or property taxes; if such escrow payments are required the monthly payments will be higher and may change as the amounts required for escrow items change.

4. If Lender has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, Borrower will pay a late charge to Lender. The amount of the charge will be the late charge percentage provided for in the Note multiplied by the overdue amount of principal and interest required under this Agreement. Borrower will pay this late charge promptly but only once on each late payment. The late charge is not in lieu of any other remedy of Lender, including any default remedy.

5. It is the intention of the parties that all liens and security interests described in the Security Instrument are hereby renewed and extended (if the Maturity Date of the original Note has been changed) until the indebtedness evidenced by the Note and this Agreement has been fully paid. Lender and Borrower acknowledge and agree that such renewal, amendment, modification, rearrangement or extension (if applicable) shall in no manner affect or impair the Note or liens and security interests securing same, the purpose of this Agreement being simply to modify, amend rearrange or extend (if applicable) the time and the manner of payment of the Note and indebtedness evidenced thereby, and to carry forward all liens and security interests securing the Note, which are expressly acknowledged by Borrower to be valid and subsisting, and in full force and effect so as to fully secure the payment of the Note.

6. If all or any part of the Property or any interest in it is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by applicable law. If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower. For purposes of this paragraph, "interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is transfer of title by Borrower at a future date to a purchaser.

7. As amended hereby, the provisions of the Note and Security Instrument shall continue in full force and effect, and the Borrower acknowledges and reaffirms Borrower's liability to Lender thereunder. In the event of any inconsistency between this Agreement and the terms of the Note and Security Instrument, this Agreement shall govern. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Agreement, including but not limited to, in the case of the Borrower, the obligation to pay items such as taxes, insurance premiums or escrow items, as applicable. Any default by Borrower in the performance of its obligations herein contained shall constitute a default under the Note and Security Instrument, and shall allow Lender to exercise all of its remedies set forth in said Security Instrument.

8. Lender does not, by its execution of this Agreement, waive any rights it may have against any person not a party hereto. This Agreement may be executed in multiple counterparts, each of which shall constitute an original instrument, but all of which shall constitute one and the same Agreement. EACH OF THE BORROWER AND THE LENDER ACKNOWLEDGE THAT NO REPRESENTATIONS, AGREEMENTS OR PROMISES WERE MADE BY THE OTHER PARTY OR ANY OF ITS REPRESENTATIVES OTHER THAN THOSE REPRESENTATIONS, AGREEMENTS OR PROMISES SPECIFICALLY CONTAINED HEREIN. THIS AGREEMENT, AND THE NOTE AND SECURITY INSTRUMENT (AS AMENDED HEREBY) SETS FORTH

THE ENTIRE UNDERSTANDING BETWEEN THE PARTIES. THERE ARE NO UNWRITTEN AGREEMENTS BETWEEN THE PARTIES.

Executed effective as of the day and year first above written.

RICHARD D RODE

Witness

Print   Ti M. Uztek

BARBARA RODE

Witness

Print

BORROWER ACKNOWLEDGMENT

State of _Texas_
County of _Harris_

On this _1_ day of _OCT_, 200_9_, before me, the undersigned, a Notary Public in and for said county and state, personally appeared RICHARD D RODE ~~BARBARA RODE~~ personally known to me or identified to my satisfaction to be the person(s) who executed the within instrument, and they duly acknowledged that said instrument is their act and deed, and that they, being authorized to do so, executed and delivered said instrument for the purposes therein contained.

Witness my hand and official seal.

Notary Public

My Commission Expires:

LINDA McDONALD
NOTARY PUBLIC
STATE OF TEXAS
EXPIRES
4-16-2010

Homecomings Financial, LLC

By: _____

Title: <u>LIMITED SIGNING OFFICER</u>

**LENDER ACKNOWLEDGMENT**

State of IOWA
County of BLACKHAWK

On this ___ day of _____, 200__, before me, the undersigned, a Notary Public in and for said county and state, personally appeared KRIS M. CAYA, personally known to me or identified to my satisfaction to be the person who executed the within instrument as Limited Signing Officer of Homecomings Financial, LLC, and they duly acknowledged that said instrument is the act and deed of said entity, and that they, being authorized to do so, executed and delivered said instrument for the purposes therein contained.

Witness my hand and official seal.

_____
Notary Public
My Commission Expires: _____

# UZICK & ONCKEN, P.C.

**Attorneys at Law**

Jeffrey H. Uzick

238 Westcott
Houston, Texas 77007
(713) 869-2900
Fax: (713) 869-6699
E-Mail: dee@uzickoncken.com
www.uzickoncken.com

October 27, 2009

Ms. Denise Jungen
Advocacy Resolution Specialist
GMAC Mortgage
3451 Hammond Avenue
Waterloo, IA  50704

RE:    Account Number:     7435631023
       Mortgagor:          Richard D. Rode
       Property Address:   2301 West Lawther Lane, Deer Park, Texas, 77536

Dear Ms. Jungen:

My client, Richard Rode, nor I, have yet to receive the completely-signed copy of the Fixed Rate Loan Modification Agreement in the above-referenced matter. Mr. Rode is ready to make the requested payment of $3,013.70 on November 1st, per that Agreement, but there is concern as to how GMAC will be applying that payment considering the recent activity listed on the October 19th statement. That statement lists several items that do not explain where funds from escrow are being applied. For example, $10,000.00 taken from escrow on 10-19 and applied to "Other" or "PD LN MOD CAP FNDS" and $83.00 applied to "Other" or "PD CORP ADV 3 DRM", along with various other "Fee Paid" items.

Please reply as soon as possible to our request for an accounting of the recent escrow withdrawals and fees contributed to this account, along with the fully-executed Fixed Rate Loan Modification Agreement in time for Mr. Rode to make his November 1st payment timely, as agreed.

Very truly yours,

Jeffrey H. Uzick

5/dr\973.090059
Enclosure
FAXED

**EXHIBIT**
" E "

2702 Treble Creek ♦ San Antonio... ♦ Facsimile: (210) 341-1570

```
TRANSMISSION VERIFICATION REPORT

                                        TIME  : 10/27/2009 13:52
                                        NAME  : UZICKONCKEN
                                        FAX   : 7138696699
                                        TEL   : 7138692900
                                        SER.# : D6J169671


DATE, TIME            10/27  13:52
FAX NO./NAME          18667094744
DURATION              00:00:39
PAGE(S)               02
RESULT                OK
MODE                  STANDARD
```

# UZICK & ONCKEN, P.C.

Jeffrey H. Uzick

### Attorneys at Law
238 Westcott
Houston, Texas 77007
(713) 869-2900
Fax: (713) 869-6699
E-Mail: dee@uzickoncken.com
www.uzickoncken.com

CONFIDENTIALITY NOTICE: The information contained in this facsimile transmission is confidential. It may also be subject to the attorney-client privilege or be privileged work product or proprietary information. This information is intended for the exclusive use of the addressee(s) named below. If you are not the intended recipient, you are hereby notified that any use, disclosure, dissemination, distribution (other than to the addressee(s) named below), copying, or taking of any action because of this information is strictly prohibited. If you have received this information in error, please immediately notify us by telephone to arrange for the return of the documents.

DATE:           October 27, 2009

TO:             Ms. Denise Jungen/Advocacy Resolution Specialist/GMAC Mortgage
FAX:            (866) 709-4744

FROM:           Jeffrey H. Uzick

COMMENTS:       GMAC (5) requesting signed Fixed Rate Loan Modification Agreement+
                explanation of escrow withdrawals and fees

TOTAL PAGES:    2       (INCLUDING COVER SHEET)

FILE NAME:      Rode v. Homecomings/GMAC

FILE NUMBER:    973.090059

If transmission is not complete, please call (713) 869-2900

# UZICK & ONCKEN, P.C.

**Attorneys at Law**
238 Westcott
Houston, Texas 77007
(713) 869-2900
Fax: (713) 869-6699
E-Mail: dee@uzickoncken.com
www.uzickoncken.com

Jeffrey H. Uzick

October 30, 2009

Ms. Denise Jungen
Advocacy Resolution Specialist
GMAC Mortgage
3451 Hammond Avenue
Waterloo, IA 50704

RE:  Account Number:    7435631023
     Mortgagor:         Richard D. Rode
     Property Address:  2301 West Lawther Lane, Deer Park, Texas, 77536

Dear Ms. Jungen:

This is yet another letter reminding you that we are ready, willing and able to make the payment that is due on November 1st, but my clients will not do so unless I receive (1) confirmation that this modification has been finalized; and (2) that the payments are being properly applied. The October 19th statement is inaccurate, as it reads, for example, that $10,000.00 was applied to "Other".

Please contact me or Dee Rode at the number above immediately to solve this continuing problem.

Very truly yours,

Jeffrey H. Uzick

5/dr\973.090059
FAXED

**EXHIBIT**
"F"

2702 Treble Creek ● San Ant... ...3 ● Facsimile: (210) 341-1570

---

TRANSMISSION VERIFICATION REPORT

```
                          TIME  : 10/30/2009 12:51
                          NAME  : UZICKONCKEN
                          FAX   : 7138696699
                          TEL   : 7138692900
                          SER.# : D5J169671
```

```
DATE,TIME        10/30  12:50
FAX NO./NAME     18667094744
DURATION         00:00:36
PAGE(S)          02
RESULT           OK
MODE             STANDARD
```

# UZICK & ONCKEN, P.C.

Jeffrey H. Uzick

Attorneys at Law
238 Westcott
Houston, Texas 77007
(713) 869-2900
Fax: (713) 869-6699
E-Mail: dee@uzickoncken.com
www.uzickoncken.com

CONFIDENTIALITY NOTICE: The information contained in this facsimile transmission is confidential. It may also be subject to the attorney-client privilege or be privileged work product or proprietary information. This information is intended for the exclusive use of the addressee(s) named below. If you are not the intended recipient, you are hereby notified that any use, disclosure, dissemination, distribution (other than to the addressee(s) named below), copying, or taking of any action because of this information is strictly prohibited. If you have received this information in error, please immediately notify us by telephone to arrange for the return of the documents.

DATE:        October 30, 2009

TO:          Ms. Denise Jungen/Advocacy Resolution Specialist/GMAC Mortgage
FAX:         (866) 709-4744

FROM:        Jeffrey H. Uzick

COMMENTS:    GMAC (6) requesting confirmation of finalization of Modification
             Agreement and explanation of "Other" fees/charges on October 19th
             statement.

TOTAL PAGES: 2      (INCLUDING COVER SHEET)

FILE NAME:   Rode v. Homecomings/GMAC

FILE NUMBER: 973.090059

If transmission is not complete, please call (713) 869-2900

ETS
l D Box 9032
Temecula, CA 92589-9032

Send Payments to:
ETS
2255 N. Ontario Street
Suite 400
Burbank, CA 91504

Send Correspondence to:
ETS
2255 N. Ontario Street
Suite 400
Burbank, CA 91504



7113 8257 1474 1157 4523

PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO

RICHARD D. RODE
2301 W LAWTHER DR
DEER PARK TX 77536-6066

20100331-59
TXNTS_CertifiedReturnReceipt





EXHIBIT
"G"

'APR 3 2010

1095-v4

# NOTICE OF SUBSTITUTE TRUSTEE'S SALE

DATE: 3/11/2010
TS# TX-240297-C
**DEED OF TRUST, SECURITY AGREEMENT-FINANCING STATEMENT:**

| | |
|---|---|
| Date: | 3/18/2003 |
| Grantor: | RICHARD D. RODE A MARRIED MAN BEING JOINED HEREIN PROFORMA BY MY WIFE ,BARBARA O. RODE TO PERFECT LIEN ONLY |
| Beneficiary: | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., SOLELY AS NOMINEE FOR LENDER SOUTHTRUST MORTGAGE CORPORATION |
| Trustee: | ROBERT D. GARDNER JR. |
| Recording Information: | Instrument W532365, Volume , Page , Real Property Records, Harris County, Texas, Recorded on: 3/27/2003 |
| Property: | See EXHIBIT "A" |
| Mortgagee: | GMAC MORTGAGE, LLC FKA GMAC MORTGAGE CORPORATION |

**NOTE:**

| | |
|---|---|
| Date: | 3/18/2003 |
| Amount: | $265,175.00 |
| Debtor: | RICHARD D. RODE A MARRIED MAN BEING JOINED HEREIN PROFORMA BY MY WIFE ,BARBARA O. RODE TO PERFECT LIEN ONLY |
| Holder: | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., SOLELY AS NOMINEE FOR LENDER SOUTHTRUST MORTGAGE CORPORATION |
| SUBSTITUTE TRUSTEE: | Jeff Leva, Audrey Lewis, Pattie Sullivan ,Sandy Dasigenis, Noel McNally, Cassandra Inouye or Erika Puentes, c/o Executive Trustee Services, LLC, 2255 North Ontario Street, Suite 400, Burbank, California 91504-3120 |

**DATE OF SALE OF PROPERTY:**
Tuesday, 5/4/2010 at 10:00 AM but in no event later than three (3) hours thereafter

**PLACE OF SALE OF PROPERTY:**
In the area Northwest of the stairwell railing, on the first floor of the Family Law Center, 1115 Congress, Houston, Texas

If no place is designated by the Commissioner, the sale will be conducted at the place where the Notice of Substitute Trustee's Sale was posted, or any other area designated by the courthouse or Commissioner of Courts pursuant to Sec 51.002 of the Texas Property Code.



7113 8257 1474 1157 4523

TS# TX-240297-C

NOTICE IS HEREBY GIVEN that because the default in performance of the obligations of the Deed of Trust, Substitute Trustee will sell the property by public auction to the highest bidder for cash at the place and date specified to satisfy the debt secured by the Deed of Trust. The sale will begin at the earliest time stated above or within three hours after that time.

GMAC MORTGAGE, LLC FKA GMAC MORTGAGE CORPORATION is current owner and holder of the Note and is the beneficiary under the Deed of Trust associated with the above referenced loan. GMAC MORTGAGE, LLC FKA GMAC MORTGAGE CORPORATION's address is:

> GMAC MORTGAGE, LLC FKA
> GMAC MORTGAGE CORPORATION
> 1100 VIRGINIA DRIVE
> FORT WASHINGTON, PA 19034

---

Jeff Leva, Audrey Lewis, Pattie Sullivan ,Sandy Dasigenis, Noel McNally, Cassandra Inouye or Erika Puentes
Substitute Trustee

Return to:
Executive Trustee Services, LLC
2255 North Ontario Street, Suite 400
Burbank, California 91504-3120

TX-240297-C

EXHIBIT "A"

LOT 5, IN BLOCK 1, OF PARK PLACE, SECTION ONE (1), A SUBDIVISION IN HARRIS
COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF, RECORDED AT
FILM CODE NO. 391092 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS.



Loan No. 7435631023
T.S. No. TX-240297-C

Please find enclosed a Notice of Acceleration of Maturity if not previously sent and Notice of Non-Judicial Foreclosure Sale (Notice of Substituted Trustee's Sale).

**This is an attempt by a debt collector to collect a consumer debt and any information obtained will be used for that purpose.**

**Unless within thirty (30) days after you receive this notice you dispute the validity of this debt, or any portion of the debt, the debt will be presumed to be valid.**

**If within this thirty days: (i) You notify this office (hereinafter "we" or "us") in writing that you dispute the debt, or any portion of it, then we will obtain and mail to you verification of this debt or a copy of any judgment against you; (ii) You request in writing that we obtain the name and address of the original creditor, if different from the current creditor, then we will obtain and mail it to you; (iii) You notify us in writing that you dispute this debt, or any portion of the debt, then we will cease collection of the debt, until we obtain verification of the debt, or a copy of any judgment, and mail it to you; (iv) You request in writing the name and address of the original creditor, if different from the current creditor, then we will cease collection of the debt, until we obtain the name and address of the original creditor and mail it to you.**

In the event your are presently on active duty in the Armed Services of the United States or have been discharged within three (3) months prior to the date of this letter, please submit evidence of such service by way of a letter from your Commanding Officer or a copy of your discharge orders to this office immediately, inasmuch as you may have certain rights available to you pursuant to the Soldiers' and Sailors' Civil Relief Act.

Address for Notices:

Pite Duncan, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17935
San Diego, CA 92177-0935

*(See the name of the creditor and the amount of the debt on the next page)*



Page 1 of 3

# NOTICE OF ACCELERATION OF MATURITY

### THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE

Date: 3/11/2010

Loan No. 7435631023
T.S. No. TX-240297-C

Re: $265,175.00 promissory note (the "Note", whether one or more) dated 3/18/2003, executed by RICHARD D. RODE A MARRIED MAN BEING JOINED HEREIN PROFORMA BY MY WIFE ,BARBARA O. RODE TO PERFECT LIEN ONLY , and payable to the order of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., SOLELY AS NOMINEE FOR LENDER SOUTHTRUST MORTGAGE CORPORATION as therein provided, secured by a deed of trust (the "Deed of Trust") dated of even date therewith, and recorded in Harris County, Texas, covering the property described in the enclosed Notice of Substitute Trustee's Sale.

RICHARD D. RODE AND BARBARA O. RODE
2301 WEST LAWTHER LANE
DEER PARK, TX 77536

You have previously been advised by letter dated 7/16/2009, of certain defaults under the Note or Deed of Trust and informed of the intent to accelerate the maturity date of the Note if defaults therein were not cured within the specified time period. Because of defaults in complying with the terms and provisions of the Note and Deed of Trust, notice is hereby given that the present legal holder of the Note <u>HAS ACCELERATED THE MATURITY DATE OF THE NOTE</u>. As a result of such acceleration, the entire unpaid principal balance of the Note and all accrued interest and all other sums lawfully owing on the Note or under the Deed of Trust are now due and payable and demand is hereby made for the immediate payment in full of all such sums. As of 3/11/2010, the total amount due is $201,878.04.

YOU WILL, THEREFORE, TAKE NOTICE that, pursuant to Section 51.002 of the Texas Property Code, a Notice of Substitute Trustee's Sale (the "Notice") will be posted at the courthouse door of Harris County, Texas, and a copy of the Notice will be filed in the office of the County Clerk of Harris County, Texas. A copy of the Notice is enclosed herein.

**Notice of Acceleration of Maturity**

Loan No. 7435631023
T.S. No. TX-240297-C

You are further notified that, in accordance with the terms of the Deed of Trust, and subject to the provisions, if any, in the Note or Deed of Trust regarding your opportunity to reinstate, if payment in full of the outstanding principal balance of the Note, together with all interest accrued thereon and all other lawful charges and attorney's fees incurred to date are not received before the foreclosure sale, the liens created under the Deed of Trust will be foreclosed on as specified in the Notice, and any sums received at the foreclosure sale shall be applied as set forth in the Deed of Trust. As of 3/11/2010, the amount necessary for you to pay in order to cure the existing defaults and reinstate your loan is $55,599.78.

In the event the subject property is sold at foreclosure for an amount not sufficient to satisfy the entire unpaid balance of the Note plus accrued but unpaid interested thereon plus escrow charges, late charges, default interest, trustee's fees, attorney's fees, and expenses incurred in connection with the foreclosure, you may be liable for the deficiency.

If you have received a discharge in bankruptcy, the lender does not seek a monetary judgment against you but only seeks possession of the collateral which is security for the debt.

Dated: 3/11/2010          PITE DUNCAN, LLP


By:   Daniel R. Gamez (SBOT 24034451)
      4375 Jutland Drive, Suite 200
      P.O. Box 17935
      San Diego, CA 92177-0935



# ZICK & ONCKEN, P.C.

**Jeffrey H. Uzick**

### Attorneys at Law
238 Westcott
Houston, Texas 77007
(713) 869-2900
Fax: (713) 869-6699
E-Mail: den@uzickoncken.com
www.uzickoncken.com

April 6, 2010

Mr. Daniel R. Gamez
Pite Duncan, L.L.P.
Post Office Box 17935
San Diego, California 92177-0935

RE:    Loan Number:    7435631023
        TS Number:    TX-240297-C
        Mortgagor:    Richard D. Rode
        Property Address:    2301 West Lawther Lane, Deer Park, Texas, 77536

Dear Mr. Gamez:

My client, Richard D. Rode, is in receipt of the Notice of Substitute Trustee's Sale. Please be advised that unless this Notice is removed immediately, a lawsuit will be instituted seeking an injunction for wrongful posting and foreclosure, along with other damages my client has suffered and will suffer because of such wrongful posting and foreclosure.

This matter was negotiated some time ago between my client and GMAC Mortgage. Attached are letters reflecting such agreements to modify the existing loan. Your clients have never sent the modification agreements that were promised to my client, yet their own correspondence confirms the agreement. Please contact me upon receipt of this letter to discuss your client's agreement and their failure to honor that agreement. If we do not hear from you within seven (7) days, a lawsuit will be instituted seeking any and all damages, a temporary restraining order, and temporary injunction, along with all attorneys' fees incurred in enforcing the agreement reached by your client.

Very truly yours,

Jeffrey H. Uzick

5/dr\973.090059
FAXED & CRRR: 7004-1160-0007-3378-8032



2702 Treble Creek ● San Anto    **EXHIBIT**
    "H"    ● Facsimile: (210) 341-1570

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you,
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

DANIEL R. GAMEZ
PITE DUNCAN, L.L.P.
P.O. Box 17935
SAN DIEGO, CA 92177-0935

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent ☐ Addressee

B. Received by (Printed Name)      C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered       ☑ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   7004 1160 0007 3378 8032

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540