# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| **RICHARD D. RODE**     )<br>                                             )<br>    Plaintiff,                      )<br>                                             )<br> v.                                        )<br>                                             )<br> **HOMECOMINGS FINANCIAL, LLC** )<br> **and GMAC MORTGAGE, LLC,**  )<br>                                             )<br>    Defendants.              )<br>                                             ) | C.A. No. 12-390 |

## NOTICE OF REMOVAL

**COME NOW** defendants Homecomings Financial, LLC ("Homecomings") and GMAC Mortgage, LLC ("GMACM") (collectively, "Defendants"), and, pursuant to 28 U.S.C. § 1441, hereby give notice of the removal of this action to the United States District Court for the Southern District of Texas, Houston Division. As grounds for this removal, the Defendants state as follows:

## I.    PROCEDURAL BACKGROUND

1.    On July 21, 2011, Plaintiff filed suit against the Defendants in the District Court of the 125th Judicial District of Harris County, Texas (Cause No. 2011-43161). Plaintiff's Petition[1] asserted various state law causes of action related to the servicing of Plaintiff's mortgage loan. (See Petition, pp. 3-7).[2]  The Petition sought unspecified damages. (See Petition, pp. 7-8).

---

[1] A copy of the Petition is attached hereto as Exhibit A.

[2] A copy of the entire state court file, along with an index, is attached hereto as Exhibit B.

1

2.  The Defendants filed their Answer to Plaintiff's Petition on August 11, 2011.

3.  Then, on February 6, 2012, Plaintiff's counsel sent a settlement demand in the amount of $1,200,000.00.[3] (See Demand Letter). The letter asserts that the Defendants' actions have caused Plaintiff "significant mental anguish" and "creat[ed] a domino effect which forced [Plaintiff] to liquidate assets because of his inability to obtain loans." (See Id.).

4.  Plaintiff thereafter filed a First Amended Petition in which he added various claims against Defendants.[4]

5.  This case is properly removable pursuant to 28 U.S.C. §§ 1332 and 1441 because complete diversity of citizenship exists and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6.  Further, this Notice of Removal is timely pursuant to §1446(b), as it was not until the February 6, 2012 Demand Letter that the Defendants first received "other paper" demonstrating that this case is removable.

## II.   DIVERSITY JURISDICTION

7.  28 U.S.C. § 1332(a), as amended, provides in pertinent part as follows:

> (a)   The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
>
> (1)   Citizens of different states.

**A.   Diversity of Citizenship**

8.  Complete diversity of citizenship exists in this case.

---

[3] A copy of the Demand Letter is attached hereto as Exhibit C.

[4] A copy of the First Amended Petition is attached hereto as Exhibit D.

9. Plaintiff is a resident citizen of the state of Texas. (See Petition; First Amended Petition).

10. The citizenship of an LLC is determined by the citizenship of all of its members. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1080 (5th Cir. 2008); Burford v. State Line Gathering System, LLC, 2009 WL 2487988, at *1 (W.D. La., Aug. 12, 2009) (citing Feaster v. Grey Wolf Drilling Co., 2007 WL 3146363 (W.D. La. 2007)); CMC Steel Fabricators, Inc. v. RK Construction, In., et al., 2009 WL 1924352, at *1 (W.D. La. June 29, 2009).

11. Homecomings is a limited liability company. Homecomings' sole member is Residential Funding Company, LLC. Residential Funding LLC's sole member is GMAC-RFC Holding Company, LLC. GMAC-RFC Holding Company, LLC's sole member is Residential Capital, LLC. Residential Capital, LLC's members are GMAC Mortgage Group, LLC and ResCap Investments LLC. ResCap Investments, LLC's sole member is GMAC Mortgage Group, LLC. GMAC Mortgage Group, LLC's sole member is Ally Financial, Inc., organized under the laws of the State of Delaware, with its principal place of business in Michigan. Therefore, Homecomings is a citizen of Delaware and Michigan.

12. GMACM is a limited liability company. GMACM's sole member is GMACM Residential Holding Company, LLC; GMACM Residential Holding Company, LLC's sole member is Residential Capital, LLC; Residential Capital, LLC's members are GMAC Mortgage Group, LLC and ResCap Investments, LLC; ResCap Investments, LLC's sole member is GMAC Mortgage Group, LLC; and GMAC Mortgage Group, LLC's sole member is Ally Financial, Inc., which is incorporated under the laws of the State of Delaware with its principal place of business in Michigan. Therefore, GMACM is a citizen of Delaware and Michigan.

1/2286035.1

13.     Thus, complete diversity of citizenship exists between Plaintiff and the Defendants.  See Grey Wolf Drilling Co., 542 F.3d at 1079-80.

**B.     Amount in Controversy**

14.     As evidenced by the February 6, 2012 Demand Letter, the damages sought by Plaintiff in this case now exceed the jurisdictional minimum of $75,000.00.  (See Demand Letter).  See Addo v. Globe Life And Accident Ins. Co., 230 F.3d 759, 762 (5th Cir. 2000) (holding that a post-complaint settlement demand letter constituted "other paper" that satisfied the jurisdictional amount in controversy); Fernando Garcia v. MVT Services, Inc., 589 F.Supp.2d 797, 804 (W.D. Tex. 2008) (same); Stramel v. GE Capital Small Bus. Fin. Corp., 955 F.Supp. 65, 67-68 (E.D. Tex. 1997) (same); Grooms v. Saint, 2010 WL 5027167, at *6 (N.D. Miss. Dec. 3, 2010) (same); Cole v. Knowledge Learning Corp., 2009 WL 1269591, at *4-5 (E.D. La. May 6, 2009) (same).

### III.     ALL OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED

15.     Plaintiff's claims are properly removable to this Court pursuant to 28 U.S.C. § 1441.

16.     This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

17.     This removal is timely pursuant to 28 U.S.C. § 1446(b), as it was not until receipt of the February 6, 2012 Demand Letter that the Defendants received "other paper" demonstrating that this case is removable.  See, e.g., Samargandi v. American Express, 2009 WL 7797048, at *4 (S.D. Tex. Aug. 17, 2009); Doss v. Albertson's LLC, 492 F. Supp. 2d 690, 693-94 (W.D. Tex. 2007); Ford v. Shoney's Restaurants, Inc., 900 F. Supp. 57, 59 (E.D. Tex. 1995); Johnson v. Dillard Dept. Stores, Inc., 836 F. Supp. 390, 391 (N.D. Tex. 1993).

4

18. The Defendants have heretofore sought no similar relief.

19. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because the district and division embrace the District Court of Harris County, Texas, the forum in which the removed action was pending.

20. A copy of this notice is being filed with the Clerk of the District Court of Harris County, Texas, as provided under 28 U.S.C. § 1446. The Defendants are also giving prompt written notice to Plaintiff of the filing of this Notice of Removal.

21. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of the Defendants' rights to assert any defense or affirmative matter, whether pursuant to FED. R. CIV. P. (8)(c), FED. R. CIV. P. 12(b), or otherwise, including, but not limited to, the failure to state a claim upon which relief can be granted.

22. The Defendants reserve the right to amend or supplement this Notice of Removal.

**WHEREFORE**, premises considered, the Defendants pray that the Court will take jurisdiction of this action and issue all necessary orders and process to remove this action from the District Court of Harris County, Texas.

    Respectfully submitted,

    **/s/ Graham Gerhardt**
    Graham W. Gerhardt
    (Bar No. 24075698)
    (S.D. Tex. Admission No. 1138806)
    ATTORNEY-IN-CHARGE FOR DEFENDANTS
    D. Brian O'Dell
    (Bar No. 24044319)
    (S.D. Tex. Admission No. 638738)
    BRADLEY ARANT BOULT CUMMINGS LLP
    One Federal Place
    1819 Fifth Avenue North
    Birmingham, AL 35203-2119
    Telephone: (205) 521-8000
    Facsimile: (205) 521-8800

1/2286035.1

## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2012, I served a copy of the foregoing via the Court's electronic filing system and by first-class U.S. Mail to the following:

Jeffrey H. Uzick
UZICK & ONCKEN, P.C.
238 Westcott
Houston, Texas 77007

**/s/ Graham Gerhardt**
OF COUNSEL