Hearing Date and Time: February 28, 2013 at 2:00 p.m. (Eastern)
Objection Deadline: February 18, 2013 at 4:00 p.m. (Eastern)

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Stefan W. Engelhardt
Norman S. Rosenbaum
James A. Newton

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |
| MARION L. JENKINS and SHARON JENKINS, | |
| Plaintiffs, | Adv. Proc. 12-01935 (MG) |
| v. | |
| RESIDENTIAL FUNDING COMPANY, LLC, et. al., | |
| Defendants. | |

**DEBTORS' MOTION PURSUANT TO FED. R. BANKR. P. 7012 AND FED. R. CIV. P. 12(e) FOR A MORE DEFINITE STATEMENT**

ny-1074206

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................. 1

BACKGROUND ............................................................................................................................ 1

    A.    General Bankruptcy Case Background .................................................................. 1

    B.    Background Relevant to the Adversary Proceeding .............................................. 2

RELIEF REQUESTED ................................................................................................................... 3

BASIS FOR RELIEF ..................................................................................................................... 3

    A.    The Complaint Does Not Specify Any Legal Causes of Action ........................... 4

    B.    The Complaint Fails to Provide Sufficient Information to Determine why RFC has been Named as a Defendant .................................................................... 5

    C.    The Complaint Does Not Clearly Attribute Actions to Particular Defendants ............................................................................................................. 6

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Davis v. Coca-Cola Bottling Co. Consol.*,
  516 F.3d 955 (11th Cir. 2008) ..................................................................................................7

*Eidos Commc'ns, LLC v. Skype Techs. SA*,
  No. 09-234-SLR, 2010 WL 4642062 (D. Del. Nov. 9, 2010) ...................................................7

*Fernanders v. Mich. Dep't of Military & Veterans Affairs*,
  No. 12-11752, 2012 WL 3262861 (E.D. Mich. Aug. 9, 2012) .................................................5

*Mills v. DDSP*, No. 11-cv-1452,
  2011 WL 3501834 (M.D. Pa. Aug 10, 2011) ...........................................................................5

*Schwartz v. Kursman (In re Harry Levin, Inc.)*,
  175 B.R. 560 (Bankr. E.D. Pa. 1994) .......................................................................................6

*St. Clair Intellectual Prop. Consultants v. Apple Inc.*,
  No. 10–00982–LPS, 2011 WL 4571812 (D. Del. Sept. 30, 2011) ............................................5

**STATUTES**

chapter 13 of the Bankruptcy Code ................................................................................................3

Bankruptcy Code sections 1107(a) and 1108 .................................................................................2

chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") ..............................1, 2

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(e) .......................................................................................................................4

Moore, 2A *Moore's Federal Practice*, ¶ 12.18[1] .........................................................................7

**EXHIBITS**

Exhibit 1: Proposed Order

Exhibit 2: Delehey Declaration

Exhibit 3: Georgia Adversary Complaint

Defendant Residential Funding Company, LLC ("**RFC**"), a debtor and debtor in possession in the above-captioned chapter 11 cases (collectively with all affiliated debtors and debtors in possession, the "**Debtors**"), submits this motion (the "**Motion**") seeking entry of an order, substantially in the form attached hereto as Exhibit 1, requiring a more definite statement of the Complaint (the "**Complaint**") filed by Marion L. Jenkins and Sharon Jenkins, Plaintiffs in the above-captioned adversary proceeding (the "**Adversary Proceeding**"). In support hereof, the Debtors submit the Declaration of Lauren Graham Delehey (the "**Delehey Decl.**"), attached hereto as Exhibit 2 and respectfully state as follows:

## PRELIMINARY STATEMENT

1. RFC, as master servicer and prior holder of a note secured by a deed of trust on the Jenkins' property, simply does not have the information required to interpret any legal basis for the relief requested in the Jenkins' Complaint. The Complaint contains a number of deficiencies, including its failure to identify what conduct of RFC, as opposed to the other Defendants, harmed the Jenkins, how that conduct entitles the Jenkins to $10,000,000, an injunction, and an accounting, or the legal basis for those remedies. Instead, the Complaint makes general allegations of fraud against the Defendants, collectively, and asserts that some fraud by one or more of the Defendants entitles the Jenkins' to the exorbitant damages and remedies requested. Because of these deficiencies, RFC requires a more definite statement of the Complaint, as described below, before it can begin to formulate a responsive pleading.

## BACKGROUND

A. **General Bankruptcy Case Background**

2. On May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in this Court.

ny-1074206

3. The Debtors are a leading residential real estate finance company indirectly owned by Ally Financial Inc., which is not a Debtor. As of the Petition Date, the Debtors and their non-debtor affiliates operated the fifth largest mortgage servicing business and the tenth largest mortgage origination business in the United States.

4. The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. Their chapter 11 cases (collectively, the "**Bankruptcy Case**") are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). No trustee has been appointed in the Bankruptcy Case.

5. On May 16, 2012, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed a nine member official committee of unsecured creditors.

6. On July 3, 2012, the U.S. Trustee appointed the Honorable Arthur J. Gonzalez, former Chief Judge of this Court, as examiner.

B. **Background Relevant to the Adversary Proceeding**

7. On November 9, 2012, the Plaintiffs filed their Complaint, initiating the Adversary Proceeding. The Adversary Proceeding inadvertently appeared on the docket in the chapter 11 case of RFC, Case No. 12-12019, rather than the docket of the Debtors' jointly administered chapter 11 cases, Case No. 12-12020.

8. On December 12, 2012, the Debtors requested, by letter to the Court, an extension of the deadline by which RFC and the other Defendants were required to respond to the Complaint, citing as a basis the lack of service and the Complaint's failure to appear on the docket of the Debtors' jointly administered chapter 11 cases. Subsequently, the Debtors

ny-1074206

obtained consent to such extension from the Jenkins, and on December 14, 2012, the Court so-ordered the consensual extension of the Defendants' deadline to respond.

9. On December 31, 2012, Mr. Jenkins filed a petition for relief under chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Georgia, Case No. 12-82018. On January 14, 2012, the Plaintiffs also filed in Mr. Jenkins' chapter 13 case an adversary complaint substantially similar to the Complaint filed in the Adversary Proceeding. The resulting adversary proceeding was assigned Case Number 13-05015. A copy of the complaint filed in Mr. Jenkins' chapter 13 case is attached hereto as Exhibit 3.

## RELIEF REQUESTED

10. RFC hereby moves the Court for an order, pursuant to Rule 12(e) of the Federal Rule of Civil Procedure (the "**Civil Rules**"), made applicable to this Adversary Proceeding by Bankruptcy Rule 7012, directing the Plaintiffs to file more definite statement of the Complaint.

## BASIS FOR RELIEF

11. Bankruptcy Rule 7012 makes Civil Rule 12(e) applicable to adversary proceedings. Civil Rule 12(e), in turn, provides in pertinent part as follows:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is *so vague or ambiguous that the party cannot reasonably prepare a response*. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired . . . .

Fed. R. Civ. P. 12(e) (emphasis added).

12. While RFC recognizes that "[m]otions for a more definite statement are generally viewed with disfavor…," the Complaint is a prime example of the type of pleading for

3

ny-1074206

which a motion for a more definite statement is appropriate – so "vague" and "ambiguous" that RFC cannot frame a response. *See St. Clair Intellectual Prop. Consultants v. Apple Inc.*, No. 10–00982–LPS, 2011 WL 4571812, at *2 (D. Del. Sept. 30, 2011). Not only does the Complaint fail to state any legal causes of action, but the Complaint fails to identify the capacity in which RFC is named (*i.e.*, master servicer or prior party in the chain of title) and the factual allegations contained in the Complaint fail to enlighten RFC in this regard or distinguish between the Defendants in critical respects. Because of these deficiencies, RFC is unable to formulate a response to the Complaint without a more definite statement.

        A.        **The Complaint Does Not Specify Any Legal Causes of Action**

        13.        Although the Complaint appears generally to allege that the Plaintiffs' mortgage note was improperly assigned, the Complaint fails to identify any legal causes of action upon which the relief requested by the Plaintiffs may be granted. RFC is, therefore, unable to determine how any conduct of RFC could entitle the Jenkins to (i) an injunction preventing RFC or the other Defendants from foreclosing upon the mortgage note or (ii) a staggering $10,000,000 in damages. Likewise, because the Complaint does not appear to suggest that RFC is the current owner or primary servicer of the note, the Complaint is vague as to why the Jenkins would be entitled to an injunction against or accounting from RFC. *See Fernanders v. Mich. Dep't of Military & Veterans Affairs*, No. 12-11752, 2012 WL 3262861, at *2 (E.D. Mich. Aug. 9, 2012) (granting motion for a more definite statement where it was impossible for the court to determine legal basis of pro se litigant's claims "without doing what the court should not, i.e., interpreting and developing legal arguments for him"); *Mills v. DDSP*, No. 11-cv-1452, 2011 WL 3501834, *2 (M.D. Pa. Aug 10, 2011) (concluding Civil Rule 12(e) motion appropriate where plaintiff had not stated any articulable claims against defendants named in lawsuit).

**B.   The Complaint Fails to Provide Sufficient Information to Determine why RFC has been Named as a Defendant**

14.   One allegation that does appear clear from the Complaint is that Plaintiffs allege that RFC was a prior assignee of a mortgage note secured by a deed of trust on the Plaintiffs' property. *See* Complaint ¶ 15. However, RFC also currently acts as master servicer in connection with the Plaintiffs' mortgage loan. The Complaint is unclear whether RFC is named in its capacity as prior assignee of the note or as master servicer of the note. While paragraphs 15 and 18 would appear to identify RFC in its role as prior assignee of the note, paragraphs 27 and 30 make factual allegations against the Defendants, collectively, that appear to attempt to implicate RFC in some fashion in its role as master servicer (although the master servicer typically has little or no involvement in the foreclosure or loan modification process). *See* Delehey Decl. ¶ 5.

15.   RFC, as master servicer, maintains limited, if any, information regarding the Plaintiffs and their mortgage loan. Delehey Decl. ¶ 4. Typically, information regarding a borrower's loan, its payment history, and its contacts with the primary servicer is retained by the primary servicer of the loan, and not shared with other entities because of privacy concerns, among other reasons. *See* Delehey Decl. ¶ 5. As a result, RFC lacks sufficient information to piece together the puzzle and attribute the factual allegations in the Plaintiffs' complaint to the various Defendants. For these reasons, RFC requires a more definite statement so that it may determine how its connection with the Plaintiffs' mortgage note is implicated by the Complaint, which appears to seek $10,000,000 in damages against the Defendants collectively. *See Schwartz v. Kursman (In re Harry Levin, Inc.)*, 175 B.R. 560, 566 (Bankr. E.D. Pa. 1994) (While Rule 12(e) motions are usually denied, they are appropriate "when the pleading is wholly

5

uninformative as to the basis of the claim....") (quoting J. Moore, 2A *Moore's Federal Practice*, ¶ 12.18[1], at 12–173).

### C. The Complaint Does Not Clearly Attribute Actions to Particular Defendants

16. As described above, multiple allegations contained in the Complaint also group together the Defendants and attribute actions to the Defendants collectively. This "shotgun approach," as well, renders a more definite statement appropriate in this situation, because without a more definite statement, RFC is unable to identify which actions are attributable to it and which are attributable to other Defendants. *See Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979-84 (11th Cir. 2008) (correct response to plaintiffs' "shotgun" complaint, grouping together the plaintiffs in factual allegations, was to seek a more definite statement under Civil Rule 12(e), not respond to complaint and compound the problem); *see also Eidos Commc'ns, LLC v. Skype Techs. SA*, No. 09-234-SLR, 2010 WL 4642062, at *3 (D. Del. Nov. 9, 2010) (" relief under Civil Rule 12(e) is appropriate when allegations in a complaint are so ambiguous that a defendant is unable to determine the issues [it] must meet." (citation omitted)). Without this information, RFC cannot determine what actions the Plaintiffs' attribute to it and formulate an appropriate response to the Complaint.

WHEREFORE, the Debtors respectfully request that the Court enter and Order directing the Plaintiffs to set forth, in a more definite statement, the legal causes of action which the Plaintiffs allege entitle them to the relief they have requested, the specific conduct they allege is attributable to RFC, and how that conduct entitles them to relief from RFC.

<table>
<tr><td>New York, New York<br>Dated: January 22, 2013</td><td>/s/  Stefan W. Engelhardt<br>Gary S. Lee<br>Stefan W. Engelhardt<br>Norman S. Rosenbaum<br>James A. Newton<br>MORRISON & FOERSTER LLP<br>1290 Avenue of the Americas<br>New York, New York 10104<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900<br><br>*Counsel to the Debtors and*<br>*Debtors in Possession*</td></tr>
</table>