# **EXHIBIT 2**

**Delehey Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et</u> <u>al</u>., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |
| MARION L. JENKINS and SHARON JENKINS, | ) | |
| Plaintiffs, | ) | Adv. Proc. 12-01935 (MG) |
| v. | ) | |
| RESIDENTIAL FUNDING COMPANY, LLC, et. al., | ) | |
| Defendants. | ) | |

**DECLARATION OF LAUREN GRAHAM DELEHEY,**
**IN-HOUSE LITIGATION COUNSEL AT RESIDENTIAL CAPITAL, LLC,**
**IN SUPPORT OF DEBTORS' MOTION PURSUANT TO FED. R. BANKR. P. 7012 AND**
<u>**FED. R. CIV. P. 12(e) FOR A MORE DEFINITE STATEMENT**</u>

I, Lauren Graham Delehey, declare as follows:

    **A.**    **Background and Qualifications**

        1.    I serve as In-House Litigation Counsel in the legal department (the "**Legal Department**") at Residential Capital, LLC ("**ResCap**"), a limited liability company organized under the laws of the state of Delaware and the parent of the other debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"). I have held this position since I joined ResCap on August 1, 2011. In my role as In-House Litigation Counsel at ResCap, I am responsible for the management of residential mortgage-related litigation, including class actions, mass actions and multi-district litigation. Additionally, as a

ny-1074243

result of ResCap's chapter 11 filing, my role has significantly expanded to include, in addition to my litigation work, assisting the Debtors and their professional advisors in connection with the administration of the chapter 11 cases. I am authorized to submit this declaration (the "**Declaration**") in support of the *Debtors' Motion Pursuant to Fed. R. Bankr. P. 7012 and Fed. R. Civ. P. 12(e) for a More Definite Statement* (the "**Motion**").[1]

2. In my capacity as In-House Litigation Counsel, I am generally familiar with the Debtors' litigation matters, including the above-captioned action. Except as otherwise indicated, all statements in this Declaration are based upon my personal knowledge; information supplied or verified by personnel in departments within the Debtors' various business units; my review of the Debtors' litigation case files, books and records as well as other relevant documents; my discussions with other members of the Legal Department; information supplied by the Debtors' consultants; or my opinion based upon experience, expertise, and knowledge of the Debtors' litigation matters, financial condition and history. In making my statements based on my review of the Debtors' litigation case files, books and records, relevant documents, and other information prepared or collected by the Debtors' employees or consultants, I have relied upon these employees and consultants accurately recording, preparing, collecting, or verifying any such documentation and other information. If I were called to testify as a witness in this matter, I would testify competently to the facts set forth herein.

**B.    The Debtors' Access to Information Regarding the Jenkins' Loan**

3. Residential Funding Company, LLC ("**RFC**") is the master servicer for Jenkins' loan, however the Jenkins' loan is not serviced by GMAC Mortgage, LLC ("**GMAC Mortgage**") as primary servicer. The Jenkins' loan is serviced by Wells Fargo, as primary

---

[1] Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to them in the Objection.

servicer. Wells Fargo services the Jenkins' loan under the name "America's Servicing Company."

4. When GMAC Mortgage is the primary servicer for a loan, GMAC Mortgage typically retains detailed information regarding borrowers, their loan history, and servicing contacts and transactions with the borrowers in the course of servicing their loans. However, GMAC Mortgage and the Debtors typically retain little, if any, of this type of borrower and loan information in connection with loans for which the RFC act as master servicer, but do not also act as primary servicer.

5. Instead, for loans serviced by an outside primary servicer, such as the Jenkins' loan, the Debtors rely upon such primary servicer to maintain detailed borrower and loan level information. Likewise, the Debtors generally rely upon such primary servicers to conduct a number of other activities in the course of their servicing duties, including (i) initiating and prosecuting foreclosures of borrowers' loans, as needed; (ii) consideration and approval of loan modifications where appropriate; and (iii) defense of certain actions brought by borrowers against, among others, the primary servicer, master servicer, or the investor.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 22, 2013                         /s/ Lauren Graham Delehey
                                                Lauren Graham Delehey
                                                In-House Litigation Counsel for
                                                Residential Capital, LLC