## EXHIBIT 3

**Georgia Adversary Complaint**

B104 (FORM 104) (08/07)

<table>
<tr><td colspan="2"><b>ADVERSARY PROCEEDING COVER SHEET</b><br>(Instructions on Reverse)</td><td colspan="2"><b>ADVERSARY PROCEEDING NUMBER</b><br>(Court Use Only)</td></tr>
<tr><td colspan="2"><b>PLAINTIFFS</b> MARION LEE JENKINS<br>409 GRANT PARK PLACE<br>ATLANTA, GA 30315<br><i>678 692 1316</i></td><td colspan="2"><b>DEFENDANTS</b> AMERICA'S SERVICING COMPANY<br>3476 STATEVIEW BLVD<br>FORT MILL, SC 29715</td></tr>
<tr><td colspan="2"><b>ATTORNEYS</b> (Firm Name, Address, and Telephone No.)</td><td colspan="2"><b>ATTORNEYS</b> (If Known)<br>SHAPIRO & SWERIFEGER LLP<br>287 WOODCOCK BLVD S-100<br>ATLANTA, GA 30341</td></tr>
<tr><td colspan="2"><b>PARTY</b> (Check One Box Only)<br>☑ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee</td><td colspan="2"><b>PARTY</b> (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor    ☐ Other<br>☐ Trustee</td></tr>
<tr><td colspan="4"><b>CAUSE OF ACTION</b> (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)<br><br>ACTION TO DECLARE LIEN AND ENCUMBRANCE INVALID; Secs. 506(a); 1322(b)(2); AND AMERICA'S SERVICING CO., HAD NO INTEREST IN THE PROPETY AT THE TIME IT INITIATED ITS FORECLOSURE PROEEDINGS; NO VAILD ASSIGNMENT. FRAUDULENT ALLONGE TO NOTE; AND DEMAND FOR AN ACCOUNTING; PURSUANT TO 11 U.S.C 542</td></tr>
<tr><td colspan="4" align="center"><b>NATURE OF SUIT</b><br>(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)</td></tr>
<tr><td colspan="2"><b>FRBP 7001(1) – Recovery of Money/Property</b><br>☑ 11-Recovery of money/property - §542 turnover of property<br>☐ 12-Recovery of money/property - §547 preference<br>☐ 13-Recovery of money/property - §548 fraudulent transfer<br>☐ 14-Recovery of money/property - other<br><br><b>FRBP 7001(2) – Validity, Priority or Extent of Lien</b><br>☑ 21-Validity, priority or extent of lien or other interest in property<br><br><b>FRBP 7001(3) – Approval of Sale of Property</b><br>☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)<br><br><b>FRBP 7001(4) – Objection/Revocation of Discharge</b><br>☐ 41-Objection / revocation of discharge - §727(c),(d),(e)<br><br><b>FRBP 7001(5) – Revocation of Confirmation</b><br>☐ 51-Revocation of confirmation<br><br><b>FRBP 7001(6) – Dischargeability</b><br>☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority-tax claims<br>☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud<br>☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny<br><br><b>(continued next column)</b></td><td colspan="2"><b>FRBP 7001(6) – Dischargeability (continued)</b><br>☐ 61-Dischargeability - §523(a)(5), domestic support<br>☐ 68-Dischargeability - §523(a)(6), willful and malicious injury<br>☐ 63-Dischargeability - §523(a)(8), student loan<br>☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)<br>☐ 65-Dischargeability - other<br><br><b>FRBP 7001(7) – Injunctive Relief</b><br>☐ 71-Injunctive relief – imposition of stay<br>☐ 72-Injunctive relief – other<br><br><b>FRBP 7001(8) Subordination of Claim or Interest</b><br>☐ 81-Subordination of claim or interest<br><br><b>FRBP 7001(9) Declaratory Judgment</b><br>☐ 91-Declaratory judgment<br><br><b>FRBP 7001(10) Determination of Removed Action</b><br>☐ 01-Determination of removed claim or cause<br><br><b>Other</b><br>☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.<br>☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)<br><br>JAN 14 2013 PM 01:01</td></tr>
<tr><td colspan="2">☐ Check if this case involves a substantive issue of state law</td><td colspan="2">☐ Check if this is asserted to be a class action under FRCP 23</td></tr>
<tr><td colspan="2">☑ Check if a jury trial is demanded in complaint</td><td colspan="2">Demand $ <i>20,000,000</i></td></tr>
<tr><td colspan="4">Other Relief Sought</td></tr>
</table>

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR  *MARION Jenkins* | BANKRUPTCY CASE NO. *12: BK: 92018* | |
| DISTRICT IN WHICH CASE IS PENDING  *Northern District of Georgia* | DIVISION OFFICE  *Atlanta* | NAME OF JUDGE  *BONAPFEL* |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF  *Marion Jenkins* | DEFENDANT | ADVERSARY PROCEEDING NO.  *12-01935-mg* |
| DISTRICT IN WHICH ADVERSARY IS PENDING  *Southern New York* | DIVISION OFFICE | NAME OF JUDGE  *Martin Glenn* |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)  *Marion Jen* | | |
| DATE  *1/11/2023* | PRINT NAME OF ATTORNEY (OR PLAINTIFF)  *Marion Jenkins* | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA

MARION L. JENKINS & SHARON JENKINS ) ADVERSARY CASE NO: _____
                                    )
405 GRANT PARK PLACE                )
                                    ) Case: 12-BK-82018-pwb
ATLANTA, GA 30315                   )
                                    )
        Plaintiff,                  )
                                    ) New York Case No.: 12-12019-mg
    vs.                             )
                                    )
AMERICA'S SERVICING COMPANY         )
                                    )
3476 STATEVIEW BLVD                 )
                                    )
FORT MILL, SC 29715                 )
                                    )
AND                                 )
                                    )
MICHELLE MORALES,                   )
                                    )
And                                 )
                                    )
EMAX FINANCIAL GROUP LLC            )
                                    )
AND                                 )
                                    )
JULIE MEHELIC                       )
                                    )
AND                                 )
                                    )
SHAPIRO & SWERTFEGER, LLP           )
                                    )
2872 WOODCOCK BOULEVARD, S-100      )
                                    )
ATLANTA, GA 30341                   )
                                    )
AND                                 )
                                    )
RESIDENTIAL FUNDING COMPANY LLC     )
                                    )
8400 NORMANDALE LAKE BLVD SUITE 350 )
                                    )
MINNEAPOLIS, MN 55437               )
                                    )
AND _____       )

ACTION TO DECLARE SECURITY DEED, LIEN, ASSIGNMENTS AND ENCUMBRANCE INVALID; SECS. 506(A);

1322(B)(2); AND AMERICA'S SERVICING COMPANY, AND AMERICA'S SERVICING CO., HAD NO INTEREST IN THE

PROPERTY AT THE TIME IT INITIATED ITS FORECLOSURE PROCEEDINGS, NO VALID ASSIGNMENT, FRAUDULENT

ALLONGE TO NOTE, AND DEMAND FOR AN ACCOUNTING, PURSUANT TO 11 U.S.C. 542

JAN 14 2013 PM 01:01

M. REGINA THOMAS,
CLERK
DEPUTY CLERK

FILED
IN CLERK'S OFFICE
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT
OF GEORGIA

| | | |
|---|---|---|
| 1 | MORTGAGE LENDERS NETWORK, USA INC | ) |
| 2 | MIDDLESEX CORPORATE CENTER | ) |
| 3 | 213 COURT STREET 11TH FLOOR | ) |
| 4 | MIDDLETOWN, CT 06457 | ) |
| 5 | AND | ) |
| 6 | JACK L. SWERTFEGER JR. | ) |
| 7 | AND | ) |
| 8 | GERALD M. SHAPIRO | ) |
| 9 | AND | ) |
| 10 | MORTGAGE ELECTRONIC REGISTRATION SYSTEM | ) |
| 11 | AND | ) |
| 12 | US BANK NATIONAL ASSOCIATION AS TRUSTEE | ) |
| 13 | FOR RASC 2006-EMX4 | ) |
| 14 | AND | ) |
| 15 | JUDY FABER, VICE PRESIDENT | ) |
| 16 | U.S. BANK NATIONAL ASSOCIATION | ) |
| 17 | | ) |
| 18 | _____Defendant_____ | ) |

19. ACTION TO DECLARE SECURITY DEED, LIEN, ASSIGNMENTS AND
20. ENCUMBRANCE INVALID; SECS. 506(A); 1322(B)(2); AND AMERICA'S
21. SERVICING COMPANY, AND AMERICA'S SERVICING CO., HAD NO INTEREST
22. IN THE PROPERTY AT THE TIME IT INITIATED ITS FORECLOSURE
23. PROCEEDINGS, NO VALID ASSIGNMENT, FRAUDULENT ALLONGE TO NOTE,
24. AND DEMAND FOR AN ACCOUNTING, PURSUANT TO 11 U.S.C. 542

25.

26. ACTION TO DECLARE SECURITY DEED, LIEN, ASSIGNMENTS AND ENCUMBRANCE INVALID; SECS. 506(A);
27. 1322(B)(2); AND AMERICA'S SERVICING COMPANY, AND AMERICA'S SERVICING CO., HAD NO INTEREST IN THE
28. PROPERTY AT THE TIME IT INITIATED ITS FORECLOSURE PROCEEDINGS, NO VALID ASSIGNMENT, FRAUDULENT
ALLONGE TO NOTE, AND DEMAND FOR AN ACCOUNTING, PURSUANT TO 11 U.S.C. 542

COMES NOW, Marion L. Jenkins, and Sharon Jenkins Plaintiff's in the above and foregoing matter and respectfully files this Adversary Complaint against America's Servicing Company, Julie Mehelie, Shapiro & Swertifeger, LLP, Michele Morales, Manager of Sales and Acquisitions for Emax Financial Group, LLC to avoid and to recover fraudulent Allonge to Note, for turnover of property, for an Accounting, for unjust enrichment, and for other relief pursuant to Section 542, 544, 548, and 550 of Title 11 of the United States Code (the "Bankruptcy Code").

1. Plaintiff Marion L. Jenkins and Sharon Jenkins (hereinafter "Jenkins") are a natural person residing at 405 Grant Park Place Atlanta, GA 30315 ("the property"). They filed this Adversary Complaint under the bankruptcy code.

2. The precipitating event for filing the Adversary Complaint is a dispute with a mortgagee, and the fraudulent Alllonge to Note signed by Michele Morales and pay to the order of U.S. Bank National Association as Trustee dated 3/30/2006 as set forth herein, which he and his wife had been attempting to resolve without the assistance of an attorney.

3. Venue of the bankruptcy case is appropriate in this court pursuant to 28 USC 1408. Venue of the instant complaint is appropriate pursuant to 28 USC 1409.

4. This Court has jurisdiction of the bankruptcy case and this complaint pursuant to 28 USC 1334.

5. This is a core proceeding within the meaning of that statute, and the court has jurisdiction to enter a final judgment. In the event that any claim is determined to be non-core, the Plaintiff assents to entry of final judgment by the Bankruptcy Court.

ACTION TO DECLARE SECURITY DEED, LIEN, ASSIGNMENTS AND ENCUMBRANCE INVALID; SECS. 506(A); 1322(B)(2); AND AMERICA'S SERVICING COMPANY, AND AMERICA'S SERVICING CO., HAD NO INTEREST IN THE PROPERTY AT THE TIME IT INITIATED ITS FORECLOSURE PROCEEDINGS, NO VALID ASSIGNMENT, FRAUDULENT ALLONGE TO NOTE, AND DEMAND FOR AN ACCOUNTING, PURSUANT TO 11 U.S.C. 542

6. Plaintiff brings this action to determine the status of the Defendant as a secured or unsecured creditor on their real estate property located at 405 Grant Park Place Atlanta, Georgia 30315.

7. Upon information and belief, Defendant Residential Funding Company LLC is part of GMAC Mortgage Group, is in the business of acquiring residential mortgages, home equity loans, and lines of credit originated by other mortgage banks and financial institutions. Their mailing address is 8400 Normandale Blvd Ste 250 Minneapolis, MN 55437.

8. Upon information and belief, Defendant Mortgage Lenders network, USA Inc., is engage in originating and servicing Alt-A/non-conforming and conforming mortgage and home equity loans for subprime mortgage brokers and bankers in the United States. The Company has strategic partnership with GMAC Residential Funding Corporation. The company was founded in 1996 and is headquartered in Middletown, Connecticut with regional wholesale offices in Alpharetta, Georgia. They can be served at 213 Court Street Middlesex Corporate Center 11th Floor Middletown, CT 06457.

9. Jack L. Swertfeger Jr., and Gerald M. Shapiro of SHAPIRO & SWERTFEGER, LLP is an Atlanta based Default Services Law Firm whose practice is Georgia Real Estate Law. SHAPIRO & SWERTFEGER, LLP filed a illegal foreclosure against Plaintiffs and know it to be fraudulent. They can be served at 2872 Woodcock Boulevard Atlanta, Georgia 30341.

10. Mortgage Electronic Registration System (MERS) is an American privately held company that operates an electronic registry designed to track servicing rights and ownership of mortgage loans. MERS is owned by Holding Company MERSCORP, Inc., and can be serviced in Reston Virginia.

ACTION TO DECLARE SECURITY DEED, LIEN, ASSIGNMENTS AND ENCUMBRANCE INVALID; SECS. 506(A); 1322(B)(2); AND AMERICA'S SERVICING COMPANY, AND AMERICA'S SERVICING CO., HAD NO INTEREST IN THE PROPERTY AT THE TIME IT INITIATED ITS FORECLOSURE PROCEEDINGS, NO VALID ASSIGNMENT, FRAUDULENT ALLONGE TO NOTE, AND DEMAND FOR AN ACCOUNTING, PURSUANT TO 11 U.S.C. 542

11. Upon information and belief, Defendant U.S. Bank National Association is a national Bank with a mailing address at Two James Center 1021 E. Cary Street 18th Floor Richmond, VA 23219.

12. Upon information and belief, Defendant Michele Morales was the Manager of Sales and Acquisitions for Emax Financial Group, LLC. Committed FRAUD.

13. THE ALLONGE TO NOTE is signed by Defendant Michele Morales, for Defendant Emax Financial Group LLC, but there is no indication that such signatures were made in her capacity as the Owner, but as Manager of Sales and Acquisitions.

14. Furthermore, the purported allonge which the Defendant alleges gives it the power to enforce the Mortgage and Note in question is not dated nor is it NOTARIZED.

15. On January 24, 2007, Residential Funding Company, LLC ("RFC"), formerly known as Residential Funding Corporation, in its capacity as master servicer, delivered notices terminating the servicing rights of Emax Financial Group and subservicing rights of Mortgage Lenders Network A, Inc., property, individually, in February 2006.

16. Mortgage Electronic Registration System, Inc. acting solely as a nominee for Lender and Lender's successor and assigns, was the grantee under the Security Instrument.

17. The Plaintiff signed an Adjustable Rate note with MORTGAGE LENDERS NETWORK USA INC at a rate of 6.95%.

18. Allonge to Note dated March 30, 2006, in favor of MORTGAGE LENDERS NETWORK AND pay to the order of RESIDENTIAL FUNDING CORPORATION without recourse, signed by Michele Morales Manager of Sales and Acquisitions for Emax Financial Group,

ACTION TO DECLARE SECURITY DEED, LIEN, ASSIGNMENTS AND ENCUMBRANCE INVALID; SECS. 506(A);
1322(B)(2); AND AMERICA'S SERVICING COMPANY, AND AMERICA'S SERVICING CO., HAD NO INTEREST IN THE
PROPERTY AT THE TIME IT INITIATED ITS FORECLOSURE PROCEEDINGS, NO VALID ASSIGNMENT, FRAUDULENT
ALLONGE TO NOTE, AND DEMAND FOR AN ACCOUNTING, PURSUANT TO 11 U.S.C. 542

LLC.   Then it was Pay to the order of U.S. Bank National Association as Trustee
without recourse by Judy Faber, Vice President.

19. The Allonge to Note dated March 30, 2006 is void, based on FRAUD.   MICHELE
MORALES DID NOT SIGN THIS DOCUMENT.   See Exhibit "A" page 19 of 22, dated
3/30/2006.

20. The allonge must be permanently attached to the note in order for ti to be
effective. F.E. Booker v. Sarasota, Inc., 797 So.2d 886, 887 (Fla. 1st DCA
1998).

21. Plaintiff just discovered that Defendant's U S. Bank National Association as
Trustee, Americas Servicing Company, Attorney Julie Mehelie, and Shapiro &
Swertfeger, LLP had ALTERED the document.

22. Michele Morales, Manager of Sales and Acquisitions for Emax Financial Group,
LLC never signed the Allonge To Note.   The Document is a fraud and Attorney
Julie Mehelie knew, are should have known that the document was ALTERED.

23. In 2010, a CORRECTIVE ASSIGNMENT OF A CORRECTIVE ASSIGNMENT OF SECURITY DEED
mortgage was assigned to US Bank, N.A. RASC 2006-EMX4 by assignment recorded in
the Fulton County Registry of Deeds at book 42244 page 433 by Ricky L. Thompson
and Ju. lia Ann Prieto both alleged ROBO Signers.

24. In October 2012 Mortgage Electronic Registration System Inc., caused a
Corporate Assignment of mortgage/Security Deed to be recorded at book 42244,
Page 433, and Deed Book 47377, Page 42, purported to assign the mortgage to "US
Bank, N.A. NRASC 2006-EMX4.

25. In November 2008, Karen Fonda of SHAPIRO & SWERTFEGER caused another Corporate
Assignment to be recorded at book 47377 page 42, to US Bank National

ACTION TO DECLARE SECURITY DEED, LIEN, ASSIGNMENTS AND ENCUMBRANCE INVALID; SECS. 506(A);
1322(B)(2); AND AMERICA'S SERVICING COMPANY, AND AMERICA'S SERVICING CO., HAD NO INTEREST IN THE
PROPERTY AT THE TIME IT INITIATED ITS FORECLOSURE PROCEEDINGS, NO VALID ASSIGNMENT, FRAUDULENT
ALLONGE TO NOTE, AND DEMAND FOR AN ACCOUNTING, PURSUANT TO 11 U.S.C. 542

1  Association as Trustee by Residential Funding Company, LLC fka Residential

2  Funding Company. This is a fraudulent Corporate Assignment signed by Philip A.

3  Hasty and Kathy Krueger. They are Robo signers and their signatures are fakes.

4  26. Plaintiff never received any Notice from America's Servicing Company stating

5  that they were the new servicing company of Plaintiff's Mortgage. Plaintiff

6  send server letters to America's Servicing Company requesting that they verify

7  there authority to demand payment. They never responded back to Plaintiffs

8  request for verification.

9  27. On or about March 22, 2012, Plaintiff mailed a certified qualified written

10  request under the Real Estate Settlement Procedures Act to Americas Servicing

11  Company again demanding that they respond to the first request. After 90 days

12  had passed Plaintiff received the package from ACS.

13  28. Plaintiff and his wife contacted ACS, Wells Fargo on numerous occasions

14  thereafter in order to try to resolve the dispute. Various representatives of

15  ACS and Wells Fargo gave them conflicting information, stating, for example,

16  that the payoff amount of the loan was $500,000, and that the monthly payment

17  on the mortgage was $4,000. Plaintiff found this to be incredible, give that

18  they had a fixed rate note.

19  29. During all of these discussion with representatives of Wells Fargo and

20  America's Servicing Company SHAPIRO & SWERTFEGER, LLP was proceeding with

21  foreclosure activities.

22  30. As noted above, SHAPIRO & SWERTFEGER, LLP was proceeding implacably to

23  foreclose, notwithstanding that Plaintiff and his wife attempted to enlist

24  SHAPIRO & SWERTFEGER'S ASSISTANCE IN RESOLVING THE PROBLEM. They refused to

25

26  ACTION TO DECLARE SECURITY DEED, LIEN, ASSIGNMENTS AND ENCUMBRANCE INVALID; SECS. 506(A);

27  1322(B)(2); AND AMERICA'S SERVICING COMPANY, AND AMERICA'S SERVICING CO., HAD NO INTEREST IN THE

28  PROPERTY AT THE TIME IT INITIATED ITS FORECLOSURE PROCEEDINGS, NO VALID ASSIGNMENT, FRAUDULENT

ALLONGE TO NOTE, AND DEMAND FOR AN ACCOUNTING, PURSUANT TO 11 U.S.C. 542

1     discuss the problem with them and told us that they we had to call America's

2     Servicing Company or Wells Fargo Bank.

3   31. America's Servicing Company never provided Plaintiff with any information

4     validating the amount claimed as due.

5   32. Upon information and belief, America's Servicing Company and Wells Fargo is the

6     recipient of federal funds intended to benefit Plaintiff, and individuals like

7     them, who need to modify their mortgages in order to remain in their home.

8   33. The Defendants continue their alleged securitization through a fraudulent

9     scheme by way of presenting a prima facie appearance before the court with

10     propertied fraudulent Assignments recorded at the Fulton County registrars

11     office.  Plaintiffs further believe through available and discerned information

12     that the Defendants employed "Robo Signers to effectuate this by recording

13     false and fabricated "Assignments (3 in total).

14   34. The ordeal in dealing with Defendants and the incident of the foreclose sale

15     has caused Plaintiff to suffer emotional distress in the nature of loss of

16     sleep, anxiety and fear over losing their home.  This distress is outrageous

17     and should not be tolerated in a civilized society.

18   35. As a law firm, SHAPIRO & SWERTFEGER, JACK SWERTFEGER JR AND GERALD M. SHAPIOR

19     has an obligation not to conduct foreclosure sales without verifying the

20     factual allegation of its client.  They failed to do so, and in fact may have

21     contributed to the problem by recording the Assignment notwithstanding the

22     prior assignments.

23   36. The various Corrective Assignment of a Corrective Assignment of Security Deed

24     are conflicting in that they do not disclose a clear and unambiguous title to

25     the mortgage in Residential Funding Company to America's Servicing Company or

26  ACTION TO DECLARE SECURITY DEED, LIEN, ASSIGNMENTS AND ENCUMBRANCE INVALID; SECS. 506(A);

27  1322(B)(2); AND AMERICA'S SERVICING COMPANY, AND AMERICA'S SERVICING CO., HAD NO INTEREST IN THE

28  PROPERTY AT THE TIME IT INITIATED ITS FORECLOSURE PROCEEDINGS, NO VALID ASSIGNMENT, FRAUDULENT

     ALLONGE TO NOTE, AND DEMAND FOR AN ACCOUNTING, PURSUANT TO 11 U.S.C. 542

1     any other entity. Absent a clear and unambiguous title, it is doubtful that

2     SHAPIRO & SWERTFEGER, LLP could have foreclosed lawfully, as it is unlawful in

3     Georgia for a foreclosure to be conducted by an entity with no title to the

4     mortgage.

5     37. SHAPIRO & SWERTFEGER, as the agent of the Defendants, had a legal duty to

6       refrain from foreclosing while a HAMP Modification was in process.

7     38. Based on all of the foregoing Plaintiff avers that they have been damaged.

8       WHEREFORE Plaintiff requests relief:

9     (a) Enjoin the Defendants, jointly and severally, from any action foreclosing

10       on Plaintiff's property, such as by executing a Power of Sale, a deed, or

11       any other act of that nature;

12     (b) Ordering the Defendants to provide Plaintiff with an accounting;

13     (c) If Plaintiff in fact is in default other than because of Defendants having

14       refused to accept payments, ordering specific performance by America's

15       Servicing Company, Wells Fargo and Shapiro & Swertfeger of its contractual

16       obligation to enter in to a loan modification;

17     (d) In the event that the Defendants are unable to prove their title to the

18       mortgage, a declaration that the mortgage is null and void;

19     (e) Monetary damages in the amount of $10,000.000 million dollars; and

20     (f) Such other relief as to the court seems meet and just.

21

Dated this 01/11/2013

23     MARION L. JENKINS PRO SE
       WITHOUT PREJUDICES

25     SHARON B. JENKINS PRO SE
       WITHOUT PREJUDICES

26  ACTION TO DECLARE SECURITY DEED, LIEN, ASSIGNMENTS AND ENCUMBRANCE INVALID; SECS. 506(A);

27  1322(B)(2); AND AMERICA'S SERVICING COMPANY, AND AMERICA'S SERVICING CO., HAD NO INTEREST IN THE

28  PROPERTY AT THE TIME IT INITIATED ITS FORECLOSURE PROCEEDINGS, NO VALID ASSIGNMENT, FRAUDULENT

ALLONGE TO NOTE, AND DEMAND FOR AN ACCOUNTING, PURSUANT TO 11 U.S.C. 542

Case 12-92018-pwb Doc 15 Filed 01/14/13 Entered 01/14/13 16:46:25 Desc Main
Document Page 12 of 36

# EXHIBIT "A"

# PROOF OF

# CLAIM

# 1 OF 22

# PAGES

B10 (Official Form 10) (04/10)

| UNITED STATES BANKRUPTCY COURT | PROOF OF CLAIM |
|---|---|

ATLANTA    NORTHERN DISTRICT OF GEORGIA

| Name of Debtor: MARION LEE JENKINS and SHARON B. JENKINS | Case Number: 11-81759-PWB |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br>U.S. Bank, National Association, as Trustee for RASC 2006-EMX4 | ☐ Check this box to indicate that this claim amends a previously filed claim. |
|---|---|
| Name and address where notices should be sent:<br>MAC # X7801-014<br>America's Servicing Company<br>3476 Stateview Blvd<br>Fort Mill, South Carolina 29715 | ☐ **Court Claim Number:** _____<br>(If known)<br><br>Filed On: _____ |
| Name and address where payments should be sent (if different than above):<br>America's Servicing Company<br>One Home Campus Drive<br>Bankruptcy Payment Processing<br>MAC# X2302-04C<br>Des Moines, Iowa 50328<br>Telephone Number: | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in the case |

| | |
|---|---|
| **1. Amount of Claim as of Date Case Filed:**        $421,068.85<br><br>If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>☒ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.<br><br>**2. Basis for Claim:** Security Deed/Note<br>(see instruction #2 on reverse side.)<br><br>**3. Last four digits of any number by which creditor identifies debtor:** 4823/106  Atty File #: 07-4320<br><br>   **3a. Debtor may have scheduled account as:**<br>   (see instruction #3a on reverse side.)<br><br>**4. Secured Claim** (see instruction #4 on reverse side.)<br>   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>   **Nature of property or right to setoff:**  ☒ Real Estate  ☐ Motor Vehicle  ☐ Other<br>   **Describe:**<br><br>   **Value of Property: $** _____    **Annual Interest Rate  6.95  %**<br><br>   **Amount of arrearage and other charges as of time case filed included in secured claim.**<br><br>   **If any: $**143,669.45    **Basis for perfection:** _Security Deed_<br><br>   **Amount of Secured Claim: $**_421,068.85_    **Amount Unsecured: $**_____<br><br>**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.<br><br>**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements.<br>You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See definition of "redacted" on reverse side.)<br><br>DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.<br><br>If the documents are not available, please explain.: | **5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**<br><br>Specify the priority of the claim.<br><br>☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).<br><br>☐ Wages, salaries, or commissions (up to $11,725 *) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507(a)(4).<br><br>☐ Contributions to an employee benefit plan – 11 U.S.C. §507(a)(5).<br><br>☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).<br><br>☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507(a)(8).<br><br>☐ Other – Specify applicable paragraph of 11 U.S.C. §507(a)(___).<br><br>   **Amount entitled to priority:**<br><br>   $_____<br><br>*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. |

| Date:<br>November 28, 2011 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. By: Julie Mehelic<br><br>**/s/Julie Mehelic**<br>Shapiro & Swertfeger, L.L.P. 2872 Woodcock Boulevard, Suite 100, Atlanta, GA 30341<br>(770) 220-2535    FAX: (770) 220-2923  Bar #550325 | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

104-NTL-V1

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
# EXHIBIT 'B'

| | |
|---|---|
| In Re:   MARION LEE JENKINS and<br>SHARON B. JENKINS | |
| Principal Balance:   $295,741.24 | BK Case #:   11-81759-PWB |
| Pre-Petition<br>Payments Due From:   September 1, 2007 | Date on   November 28, 2011<br>POC: |
| Client:   America's Servicing Company | |

|  |  |
|---|---|
| 9/06/07 | **\*PRIOR FORECLOSURE ATTORNEY'S FEES/COSTS:**<br>**PRIOR FORECLOSURE ATTORNEY'S FEES TOTAL @**<br>**$600.00 ($600.00 repaid by borrower)**<br>**PRIOR FORECLOSURE ATTORNEY'S COSTS TOTAL @**<br>**$642.42 ($388.34 repaid by borrower)** |
| | Publication-Notice Of Sale @ $280.00 |
| | Court Required Mailing Costs @ $10.42 |
| | Tax Search/Delinquent Tax Report @ $43.00 |
| | Recording Fees @ $39.00 |
| | Court Required Cost to Obtain Documents @ $20.00 |
| | Title Search @ $250.00 |
| 7/02/08 | PRIOR FORECLOSURE ATTORNEY'S FEES TOTAL @<br>$360.00<br>PRIOR FORECLOSURE ATTORNEY'S COSTS TOTAL @<br>$95.64 |
| | Court Required Cost to Obtain Documents @ $26.00 |
| | Court Required Mailing Costs @ $10.64 |
| | Tax Search/Delinquent Tax Report @ $9.00 |
| | Title Search @ $50.00 |
| 11/26/08 | PRIOR FORECLOSURE ATTORNEY'S FEES TOTAL @<br>$540.00<br>PRIOR FORECLOSURE ATTORNEY'S COSTS TOTAL @<br>$525.64 |
| | Court Required Cost to Obtain Documents @ $26.00 |
| | Court Required Mailing Costs @ $10.64 |
| | Publication-Notice Of Sale @ $430.00 |
| | Tax Search/Delinquent Tax Report @ $9.00 |
| | Title Search @ $50.00 |

Title Search @ $75.00

12/15/10   PRIOR FORECLOSURE ATTORNEY'S FEES TOTAL  @ $540.00
           PRIOR FORECLOSURE ATTORNEY'S COSTS TOTAL @ $375.08

Court Required Mailing Costs @ $11.08

Publication-Notice Of Sale @ $280.00

Tax Search/Delinquent Tax Report @ $9.00

Title Search @ $75.00

9/06/11    PRIOR FORECLOSURE ATTORNEY'S FEES TOTAL  @ $540.00
           PRIOR FORECLOSURE ATTORNEY'S COSTS TOTAL @ $386.36

Court Required Mailing Costs @ $22.36

Publication-Notice Of Sale @ $280.00

Tax Search/Delinquent Tax Report @ $9.00

Title Search @ $75.00

11/4/11    PRIOR FORECLOSURE ATTORNEY'S FEES TOTAL  @ $540.00
           PRIOR FORECLOSURE ATTORNEY'S COSTS TOTAL @ $386.36

Court Required Mailing Costs @ $22.36

Publication-Notice Of Sale @ $280.00

Tax Search/Delinquent Tax Report @ $9.00

Title Search @ $75.00

Creditor:                              Attorney:
America's Servicing Company             Julie Mehelic, Bar #550325
3476 Stateview Blvd.                    Shapiro & Swertfeger, LLP
MAC# X7801-013                          2872 Woodcock Boulevard, Suite 100, Atlanta, GA 30341
Fort Mill, South Carolina 29715         (770) 220-2535    FAX: (770) 220-2922

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## EXHIBIT 'A'

In Re:  **MARION LEE JENKINS and**
**SHARON B. JENKINS**

Principal Balance:  $295,741.24    BK Case #:  11-81759-PWB

Pre-Petition
Payments Due From:  September 1, 2007    Date on    November 28, 2011
                                          POC:

Client:  America's Servicing Company

|  | 8 | payments @ | $2,373.65 | = | $18,989.20 |
|---|---|---|---|---|---|
|  | 6 | payments @ | $2,504.85 | = | $15,029.10 |
|  | 6 | payments @ | $2,554.08 | = | $15,324.48 |
|  | 31 | payments @ | $2,376.10 | = | $73,659.10 |
|  |  | late charges @ | $0.00 | = | $0.00 |

| Unapplied/Suspense | = | $1,050.77 |
|---|---|---|
| Accrued Late Charges | = | $2,132.27 |
| Appraisal Fees | = | $0.00 |
| NSF Check Charges | = | $0.00 |
| Property Inspection | = | $45.00 |
| Property Preservation | = | $332.50 |

Other:  BROKERS PRICE OPINION @ $375.00
        PRIOR BANKRUPTCY ATTORNEY'S FEES/COSTS @
Other:  $950.00

Other:  PRIOR TITLE SEARCH @ $125.00

Other:  ESCROW SHORTAGE @ $8,692.21

TOTAL  =  $134,603.09

| Bankruptcy Fees | = | $300.00** |
|---|---|---|
| Bankruptcy Costs | = | $0.00 |
| Prior Foreclosure Fees | = | $5,400.00* |
| Prior Foreclosure Costs | = | $3,366.36* |

TOTAL PRE-PETITION ARREARAGES AND ATTORNEY
FEES AND COSTS DUE FOR PROOF OF CLAIM  =  $143,669.45

**\*\*POST PETITION BANKRUPTCY FEE**
**\*PRIOR FORECLOSURE ATTORNEY'S FEES/COSTS ITEMIZATION ON NEXT PAGE**

Creditor:                                    Attorney:
America's Servicing Company                  Julie Mehelic, Bar #550325
3476 Stateview Blvd.                         Shapiro & Swertfeger, LLP
MAC# X7801-013                               2872 Woodcock Boulevard, Suite 100, Atlanta, GA 30341
Fort Mill, South Carolina 29715              (770) 220-2535    FAX: (770) 220-2922

Case 12-12020-mg   Doc 2683-45   Filed 01/22/13   Entered 01/22/13 16:54:33   Exhibit 3
Document   Page 18 of 37

| 3/16/09 | PRIOR FORECLOSURE ATTORNEY'S FEES TOTAL @ $540.00 |
| | PRIOR FORECLOSURE ATTORNEY'S COSTS TOTAL @ $234.64 |
| | Court Required Mailing Costs @ $10.64 |
| | Publication-Notice Of Sale @ $140.00 |
| | Tax Search/Delinquent Tax Report @ $34.00 |
| | Title Search @ $50.00 |

| 5/04/09 | PRIOR FORECLOSURE ATTORNEY'S FEES TOTAL @ $540.00 |
| | PRIOR FORECLOSURE ATTORNEY'S COSTS TOTAL @ $294.32 |
| | Court Required Mailing Costs @ $5.32 |
| | Publication-Notice Of Sale @ $280.00 |
| | Tax Search/Delinquent Tax Report @ $9.00 |

| 9/28/09 | PRIOR FORECLOSURE ATTORNEY'S FEES TOTAL @ $360.00 |
| | PRIOR FORECLOSURE ATTORNEY'S COSTS TOTAL @ $70.08 |
| | Court Required Mailing Costs @ $11.08 |
| | Tax Search/Delinquent Tax Report @ $9.00 |
| | Title Search @ $50.00 |

| 4/23/10 | PRIOR FORECLOSURE ATTORNEY'S FEES TOTAL @ $360.00 |
| | PRIOR FORECLOSURE ATTORNEY'S COSTS TOTAL @ $59.00 |
| | Tax Search/Delinquent Tax Report @ $9.00 |
| | Title Search @ $50.00 |

| 8/26/10 | PRIOR FORECLOSURE ATTORNEY'S FEES TOTAL @ $540.00 |
| | PRIOR FORECLOSURE ATTORNEY'S COSTS TOTAL @ $347.08 |
| | Court Required Mailing Costs @ $11.08 |
| | Publication-Notice Of Sale @ $252.00 |
| | Tax Search/Delinquent Tax Report @ $9.00 |
| | Title Search @ $75.00 |

| 9/25/10 | PRIOR FORECLOSURE ATTORNEY'S FEES TOTAL @ $540.00 |
| | PRIOR FORECLOSURE ATTORNEY'S COSTS TOTAL @ $338.08 |
| | Court Required Mailing Costs @ $11.08 |
| | Publication-Notice Of Sale @ $252.00 |

Shapiro & Swertfager
2872 Woodcock Boulevard
Suite 100
Atlanta, GA 30341

Deed Book 50497 Pg 240
Filed and Recorded Oct-19-2011 07:35am
2011-0280173
Cathelene Robinson
Clerk of Superior Court
Fulton County, Georgia

Document drafted and prepared by:
Rhea Kilgore

When Recorded Return to:

Wells Fargo Home Mortgage
PO Box 1629, 99999-018
Minneapolis, MN 55440-9790

MIN: 100261030300542569
MERS Phone 1-888-679-6377

**PLEASE CROSS REFERENCE TO**
Deed Book 42544 Page 433
and      49414       381

(Space above this line for county recorder use only)

## CORRECTIVE ASSIGNMENT OF A CORRECTIVE ASSIGNMENT OF SECURITY DEED

To Amend, Correct, and Replace Corrective Assignment of Security Deed Dated July 7, 2010, Recorded on October 1, 2010 as Document Number 2010-0356139, Book 49414, Page 381. Amending, Correcting and Replacing assignee name between Mortgage Electronic Registration Systems, Inc., assignor, to US Bank, N.A. N RASC 2006-EMX4.

For value received, Mortgage Electronic Registration Systems, Inc., (MERS) as nominee for Mortgage Lenders Network USA, Inc., its successors and assigns, herein "Assignor", whose address is PO Box 2026, Flint, MI 48501-2026, the undersigned hereby grants, assigns, and transfers to:

**U.S. Bank, National Association, as Trustee for RASC 2006-EMX4**
4801 Frederica Street, Owensboro, KY 42301

herein "Assignee" its successors and/or assigns, all its right, title, and all beneficial interest under that certain Security Deed, herein "Security Instrument" executed by Sharon Jenkins    Marion L Jenkins, dated February 28, 2006, in the amount of $300,000.00 and given to Mortgage Electronic Registration Systems, Inc., (MERS) as nominee for Mortgage Lenders Network USA, Inc. and recorded on March 29, 2006 as Document or Instrument Number 2006-0095865 and/or in Book 42244, Page 433, of Official Records in the County Recorder's office of Fulton County, Georgia, describing land therein as:

Property Address:     405 Grant Park Place, Atlanta, Georgia 30315
Parcel ID #:          14-0043-0006-013-7
Legal Description:    See Attached

Signed this 9-1-2011

Witness: __Julie Ann Prieto__

Witness: _____

Mortgage Electronic Registration Systems, Inc.

_Ricky L. Thompson_
Assistant Secretary

Attested by: _Kathleen Everson_
Assistant Secretary

### GEORGIA ALL PURPOSE NOTARY ACKNOWLEDGEMENT

STATE OF MINNESOTA  }
COUNTY OF DAKOTA    }

On this 9-1-2011 before me, Angela Marie Williams, personally appeared: Ricky L. Thompson, Assistant Secretary, Mortgage Electronic Registration Systems, Inc., and Kathleen Everson, Assistant Secretary, Mortgage Electronic Registration Systems, Inc., ☐ personally known to me - OR - ☒ proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signatures on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Notary: _Angela Marie Williams_
My Commission Expires: 1-31-2012

ANGELA MARIE WILLIAMS
NOTARY PUBLIC
MINNESOTA
My Commission Expires Jan. 31, 2012

Page 1 of 2

Deed Book **50497** Pg  241
**Cathelene Robinson**
Clerk of Superior Court
Fulton County, Georgia

**Legal Description**

LAND LOT 43, 14TH DISTRICT, CITY OF ATLANTA, FULTON COUNTY, GEORGIA

Deed Book 49414 Pg  381
Filed and Recorded Oct-01-2010 11:47am
2010-0356139
Cathelene Robinson
Clerk of Superior Court
Fulton County, Georgia

PREPARED BY AND
RETURN TO:
Attn: Rebekah Smith
SHAPIRO & SWERTFEGER, LLP
2872 Woodcock Boulevard
Suite 100
Atlanta, GA 30341
(770) 220-2535

PLEASE CROSS REFERENCE TO Deed Book
42244, Page 433, and Deed Book 47377, Page 42

STATE OF __Georgia__          Jenkins, Sharon and Marion
COUNTY OF __DeKalb__          FILE #: 07-4320

## C O R R E C T I V E   A S S I G N M E N T

FOR VALUE RECEIVED, Mortgage Electronic Registration Systems, Inc., assignor, hereby transfers, assigns, sells, conveys and delivers to US Bank, N.A. N RASC 2006-EMX4 , hereinafter referred to as Assignee (whose address is 3476 Stateview Boulevard, Fort Mill, SC 29715) a certain Deed to Secure Debt dated February 28, 2006, between Sharon Jenkins and Marion L. Jenkins (grantor) and Mortgage Electronic Registration Systems, Inc. (grantee), said Deed being recorded in Deed Book 42244, Page 433, in FULTON County, Georgia Records, together with the note and the debt evidenced thereby which the said Deed was given to secure; and does hereby deed, grant, bargain, sell and convey to the said Assignee all of the property in the said Deed described, together with all the rights, powers and privileges therein contained in us full, ample and complete manner as the undersigned is authorized to exercise the same.

This instrument is executed for the purpose of correcting a prior assignment from Mortgage Electronic Registration Systems, Inc. to US Bank National Association as Trustee by Residential Funding Company, LLC fka Residential Funding Company Attorney In Fact, dated September 2, 2008, wherein the name of the Assignee was incorrect and recorded in Deed Book 47377, Page 42, in FULTON County, Georgia records.

This assignment is made without warranty or recourse upon the Assignor, its successors or assigns.

IN WITNESS WHEREOF, the undersigned has caused this instrument to be executed by its duly authorized corporate officers and its corporate seal to be affixed as of July 7, 2010.

Mortgage Electronic Registration Systems, Inc.

Signed and delivered
in the presence of:                    By: _____
                                            Philip A. Hasty, Vice President
(1) _____
        (Unofficial Witness)           Attest: _____
                                            Kathy Krueger, Asst. Secretary
(2) _____
        Notary Public
My Commission Expires: May 22, 202_
NOTARY SEAL

SHANNA JOHNSON
NOTARY
EXPIRES
GEORGIA
MAY 22, 2012
PUBLIC
GWINNETT COUNTY

**PREPARED BY AND**
**RETURN TO:** Karen Fonda
SHAPIRO & SWERTFEGER
2872 Woodcock Boulevard
Duke Building, Ste. 100
Atlanta, Georgia 30341
(770) 220-2535

Deed Book 47377 Pg    42
Filed and Recorded Nov-21-2008 08:59am
2008-0310163
Cathelene Robinson
Clerk of Superior Court
Fulton County, Georgia

PLEASE CROSS REFERENCE TO Deed
Book 42244, Page 433

**STATE OF Georgia**
**COUNTY OF DeKalb**

07-4320/Jenkins, Sharon
Loan #

### CORPORATE ASSIGNMENT

FOR VALUE RECEIVED, the undersigned hereby transfers, assigns, sells, conveys and delivers to US Bank National Association as Trustee by Residential Funding Company, LLC fka Residential Funding Company Attorney in Fact, whose address is 3476 Stateview Blvd. Fort Mill, SC 29715 (hereinafter referred to as 'Assignee), a certain Deed to Secure Debt (hereinafter called Deed) dated February 28, 2006, between Sharon Jenkins and Marion L. Jenkins (grantor) and Mortgage Electronic Registration Systems, Inc. (grantee), said Deed being recorded in Deed Book 42244, page 433, FULTON County Records; together with the Note and the debt evidenced thereby which said Deed was given to secure; and does hereby deed, grant, bargain, sell and convey to the said Assignee all of the property in the said Deed, together with all the rights, powers and privileges therein contained in as full, ample and complete manner as the undersigned is authorized to exercise the same.

IN WITNESS WHEREOF, the undersigned has caused this instrument to be executed by its duly authorized corporate officers as of September 2, 2008.

Mortgage Electronic Registration Systems, Inc.

Signed and delivered
in the presence of:

By: _____
    Philip A. Hasty, Asst. Vice President

(1) _____
    (Unofficial Witness)

Attest: _____
    Kathy Krueger, Asst. Secretary

(2) _____
    Notary Public

My Commission Expires 11-30-11

NOTARY

AMANDA BLANKENSHIP
NOTARY PUBLIC
GWINNETT COUNTY, GEORGIA

Deed Book 42244 Pg 433
Filed and Recorded Mar-03-2006 10:24am
2006-0095865
Georgia Intangible Tax Paid $900.00
Juanita Hicks
Clerk of Superior Court
Fulton County, Georgia

3030034258

Return To:
MORTGAGE LENDERS NETWORK USA, INC.
213 COURT ST. MIDDLETOWN, CT 06457

CARL W. WRIGHT
P.O. BOX 790
LOGANVILLE, GA 30052
770-513-7400

Prepared By:
MORTGAGE LENDERS NETWORK USA, INC.
213 Court St. Middletown CT 06457

---

[Space Above This Line For Recording Data]

06-2035Jenkins          **SECURITY DEED**
                              MIN

**DEFINITIONS**

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated **February 28, 2006** together with all Riders to this document.

(B) "Borrower" is
**SHARON    JENKINS**
**MARION L JENKINS**

Borrower is the grantor under this Security Instrument.

(C) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the grantee under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

GEORGIA-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS    Form 3011 1/01

-6A(GA) (0005).01
Page 1 of 14                Initials:

VMP MORTGAGE FORMS - (800)521-7291

12-12020-mg Doc 2683-45 Filed 01/22/13 Entered 01/22/13 16:54:35 Exhibit 3
Case 11-81759-pwb Georgia (Amended) Complaint Page 11 of 22 Main Document Page 11 of 22

Deed Book 42244 Pg 434

(D) "Lender" is MORTGAGE LENDERS NETWORK USA, INC.

Lender is a corporation or association
organized and existing under the laws of Delaware
Lender's address is 213 Court St. Middletown CT 06457

(E) "Note" means the promissory note signed by Borrower and dated February 28, 2005
The Note states that Borrower owes Lender Three Hundred Thousand and No/100 ------

-------------------------------------------------------- Dollars
(U.S. $ 300,000.00 ) plus interest. Borrower has promised to pay this debt in regular Periodic
Payments and to pay the debt in full not later than April 1, 2036
(F) "Property" means the property that is described below under the heading "Transfer of Rights in the
Property."
(G) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges
due under the Note, and all sums due under this Security Instrument, plus interest.
(H) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following
Riders are to be executed by Borrower [check box as applicable]:

[X] Adjustable Rate Rider   [ ] Condominium Rider   [ ] Second Home Rider
[ ] Balloon Rider   [ ] Planned Unit Development Rider   [ ] 1-4 Family Rider
[ ] VA Rider   [ ] Biweekly Payment Rider   [X] Other(s) [specify]
                                                   Waiver of Borrower's Rights/Closing
                                                   Attorney's Affidavit

(I) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations,
ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final,
non-appealable judicial opinions.
(J) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other
charges that are imposed on Borrower or the Property by a condominium association, homeowners
association or similar organization.
(K) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check,
draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument,
computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an
account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine
transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.
(L) "Escrow Items" means those items that are described in Section 3.
(M) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by
any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i)
damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property;
(iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or
condition of the Property.
(N) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the
Loan.
(O) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the
Note, plus (ii) any amounts under Section 3 of this Security Instrument.
(P) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its
implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time,
or any additional or successor legislation or regulation that governs the same subject matter. As used

Initials:

-6A(GA) (0009).01           Page 2 of 14           Form 3011 1/01

in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(Q) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS, with power of sale, the following described property located in the

**COUNTY**                                        **of FULTON**                                                    :
          [Type of Recording Jurisdiction]                              [Name of Recording Jurisdiction]
**SEE ATTACHED SCHEDULE A**

LAND LOT 43, 14TH DISTRICT, CITY OF ATLANTA, FULTON COUNTY, GEORGIA

Parcel ID Number:   14  -0043-0006-013-7                      which currently has the address of
**405 GRANT PARK PLACE**                                                                    [Street]
**ATLANTA**                                               [City] , Georgia   **30315**        [Zip Code]
("Property Address"):

TO HAVE AND TO HOLD this property unto MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, forever, together with all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

                                                                      Initials: _____

-6A(GA) (0005).01                        Page 3 of 14                         Form 3011  1/01

BORROWER ACCEPTS AND AGREES to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

IN WITNESS WHEREOF, Borrower has signed and sealed this Security Instrument.

_____ (Seal)          _____ (Seal)
                    -Borrower    SHARON   JENKINS             -Borrower

_____ (Seal)          _____ (Seal)
                    -Borrower    MARION L JENKINS            -Borrower

_____ (Seal)          _____ (Seal)
                    -Borrower                                -Borrower

_____ (Seal)          _____ (Seal)
                    -Borrower                                -Borrower

STATE OF GEORGIA,         **GWINNETT**                    County ss:
     Signed, sealed and delivered in the presence of:

                                                    _____
                                                    Unofficial Witness

                                                    _____
                                                    Notary Public,
                                                    State of Georgia              County

-6A(GA) (0008).01                  Page 14 of 14                  Form 3011  1/01

**FILE NUMBER**                       05-2035

**NAME AND ADDRESS OF BORROWER**      SHARON JENKINS
                                      MARION L. JENKINS
                                      405 GRANT PARK PLACE
                                      ATLANTA, GA

**NAME AND ADDRESS OF SELLER**

**NAME AND ADDRESS OF LENDER**        MORTGAGE LENDERS NETWORK USA, INC.
                                      213 COURT STREET
                                      MIDDLETOWN, CT 06457

**PROPERTY LOCATION**                 405 GRANT PARK PLACE
                                      ATLANTA, GA 30315

**EXHIBIT "A"**

ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 43 OF THE 14TH
DISTRICT, CITY OF ATLANTA, FULTON COUNTY, GEORGIA, BEING MORE PARTICULARLY
DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE SOUTHERLY RIGHT OF WAY OF GRANT PARK PLACE (50
FOOT R/W) SAID POINT BEING 220.0 FEET WEST OF THE INTERSECTION OF THE
SOUTHERLY RIGHT OF WAY OF GRANT PARK PLACE AND THE WESTERLY RIGHT OF WAY
OF SOUTH AVENUE AND FROM SAID POINT OF BEGINNING RUNNING THENCE SOUTH 1
DEGREE 00 MINUTES EAST 172.76 FEET TO A POINT; RUNNING THENCE SOUTH 89
DEGREES 47 MINUTES 15 SECONDS WEST 49.6 FEET TO A POINT; RUNNING THENCE
NORTH 1 DEGREE 00 MINUTES WEST 174.46 FEET TO POINT ON THE SOUTHERLY RIGHT
OF WAY OF GRANT PARK PLACE; RUNNING THENCE SOUTH 88 DEGREES 16 MINUTES 07
SECONDS EAST 49.8 FEET ALONG THE SOUTHERLY RIGHT OF WAY OF GRANT PARK
PLACE TO A POINT WHICH IS SAID POINT OF BEGINNING; SAID PROPERTY BEING MORE
PARTICULARLY DESCRIBED ACCORDING TO PLAT OF SURVEY PREPARED BY MILTON
ROBERT LEMON, GRLS.

# ADJUSTABLE RATE NOTE

### (LIBOR Six-Month Index (As Published In *The Wall Street Journal*) - Rate Caps)

**THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.**

**February 28, 2006**      **LAWRENCEVILLE**      **Georgia**
[Date]              [City]              [State]

**405 GRANT PARK PLACE**   **, ATLANTA, GA 30315**
[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $   **300,000.00**   (this amount is called "Principal"), plus interest, to the order of Lender. Lender is **MORTGAGE LENDERS NETWORK USA, INC.**

I will make all payments under this Note in the form of cash, check or money order.

I understand that Lender may transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid Principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of   **8.9500**   %. The interest rate I will pay may change in accordance with Section 4 of this Note.

The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

## 3. PAYMENTS

**(A) Time and Place of Payments**

I will pay Principal and interest by making a payment every month.

I will make my monthly payments on the first day of each month beginning on **May 1, 2006**. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on **April 1, 2036**, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at **10 RESEARCH PARKWAY, WALLINGFORD, CT   05492**

or at a different place if required by the Note Holder.

**(B) Amount of My Initial Monthly Payments**

Each of my initial monthly payments will be in the amount of U.S. $   **1,985.85**   . This amount may change.

**(C) Monthly Payment Changes**

Changes in my monthly payment will reflect changes in the unpaid Principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.

**MULTISTATE ADJUSTABLE RATE NOTE - LIBOR SIX-MONTH INDEX (AS PUBLISHED IN** *THE WALL STREET JOURNAL*) - Single Family - Fannie Mae UNIFORM INSTRUMENT

838N (0006).01   Form 3520 1/01

VMP MORTGAGE FORMS - (800)521-7291

Page 1 of 4   Initials: ___   3

**4. INTEREST RATE AND MONTHLY PAYMENT CHANGES**

**(A) Change Dates**

The interest rate I will pay may change on the first day of  **April 1, 2008**  , and on that day every
**6th**  month thereafter. Each date on which my interest rate could change is called a "Change Date."

**(B) The Index**

Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of interbank
offered rates for six month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in *The Wall Street
Journal.* The most recent Index figure available as of the first business day of the month immediately preceding the month in
which the Change Date occurs is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information.
The Note Holder will give me notice of this choice.

**(C) Calculation of Changes**

Before each Change Date, the Note Holder will calculate my new interest rate by adding  **Four and Three-Quarters**
percentage points (  **4.75000**  %) to the Current
Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%).
Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid
Principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal
payments. The result of this calculation will be the new amount of my monthly payment.

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than    **9.9500**      %
or less than     **6.9500**     %. Thereafter, my interest rate will never be increased or decreased on any single
Change Date by more than  **One**                        percentage point(s) (    **1.0000**   %)
from the rate of interest I have been paying for the preceding  **6**         months. My interest rate will never be greater
than       **12.9500**      %.   • **My interest rate will never be less than 6.95%**

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment
beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly
payment before the effective date of any change. The notice will include information required by law to be given to me and also
the title and telephone number of a person who will answer any question I may have regarding the notice.

**5. BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a
"Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a
payment as a Prepayment if I have not made all the monthly payments due under this Note.

I may make a full Prepayment or partial Prepayments without paying any Prepayment charge. The Note Holder will use
my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my
Prepayment to the accrued and unpaid interest on the Prepayment amount before applying my Prepayment to reduce the
Principal amount of this Note. If I make a partial Prepayment, there will be no changes in the due dates of my monthly
payments unless the Note Holder agrees in writing to those changes. My partial Prepayment may reduce the amount of my
monthly payments after the first Change Date following my partial Prepayment. However, any reduction due to my partial
Prepayment may be offset by an interest rate increase.

**6. LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other
loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge
shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from
me that exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the
Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated
as a partial Prepayment.

Form 3526 3/01

Initials:

Case 12-12020-mg Doc 2683-45 Filed 01/22/13 Entered 01/22/13 16:54:35 Exhibit 2-in
Case 11-81759-pwb Georgia Amended Complaint Main Document Page 17 of 22
Document Page 29 of 39

## 7. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charges for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of **Ten**
calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be
**5.000** % of my overdue payment of principal and interest. I will pay this late charge promptly but
only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a
certain date, the Note Holder may require me to pay immediately the full amount of Principal that has not been paid and all the
interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or
delivered by other means.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described
above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to
be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those
expenses include, for example, reasonable attorneys' fees.

## 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by
delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note
Holder a notice of my different address.

Unless the Note Holder requires a different method, any notice that must be given to the Note Holder under this Note will
be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address
if I am given a notice of that different address.

## 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in
this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is
also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety
or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights
under this Note against each person individually or against all of us together. This means that any one of us may be required to
pay all of the amounts owed under this Note.

## 10. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor.
"Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the
right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 11. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the
Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as
this Note, protects the Note Holder from possible losses that might result if I do not keep the promises that I make in this Note.
That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all
amounts I owe under this Note. Some of those conditions read as follows:

Form 3820 1/01
Initials:

Transfer of the Property or a Beneficial Interest in Borrower. As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender also may require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
SHARON JENKINS                   -Borrower

_____ (Seal)
MARION L JENKINS                 -Borrower

_____ (Seal)
                                 -Borrower

~~PAY TO THE ORDER OF~~ _____ (Seal)
EMAX FINANCIAL GROUP, LLC        -Borrower
~~WITHOUT RECOURSE~~
By: MORTGAGE LENDERS NETWORK USA, INC.

_____ (Seal)
                                 -Borrower

_____ (Seal)
LARRY BREITSPRECHER              -Borrower
OPERATIONS MANAGER

_____ (Seal)
                                 -Borrower

_____ (Seal)
                                 -Borrower

*[Sign Original Only]*

-838N (0005).01                  Page 4 of 4                  Form 3520 1/01

# ALLONGE TO NOTE

**Date of Allonge:**           3/30/2006

**Loan #:**

**Note Date:**                 2/28/2006

**Loan Amount:**               $300,000.00

**Property Address:**          405 GRANT PARK PLACE
                               ATLANTA, GA  30315

**In favor of:**               Mortgage Lenders Network, USA, Inc.

**And Executed by:**           SHARON JENKINS
                               MARION JENKINS

**Pay to the order of**
**Without recourse:**          RESIDENTIAL FUNDING CORPORATION
                               _____

By: _____

Name:  Michele Morales
       Manager of Sales and
Acquisitions
       Emax Financial Group, LLC

PAY TO THE ORDER OF
U.S Bank National Association as Trustee
WITHOUT RECOURSE
Residential Funding Corporation

By _____
Judy Faber, Vice President

PO Box 14547
Des Moines, IA 50306-4547

**ASC** AMERICA'S SERVICING COMPANY

For informational purposes

**Escrow account disclosure statement
and notice of new mortgage payment**

| | |
|---|---|
| Loan number: | |
| Next payment due date | September 01, 2007 |
| New payment effective date | December 01, 2011 |
| New payment amount: | $2,436.86 |
| Principal balance: | $295,741.54 |
| Interest rate: | 6.650% |
| Statement date: | November 04, 2011 |
| Account review period: | Jan 2011 - Nov 2011 |
| Customer service: | 1-800-842-7654 |

Customer service hours:  Mon - Fri 8 a.m. - 6 p.m. CT

We accept telecommunications relay service calls.

**Property address:**
405 GRANT PARK PLACE
ATLANTA GA 30315-1429

SHARON JENKINS
MARION L JENKINS
P.O. BOX 150057
ATLANTA GA 30315

Dear SHARON JENKINS and MARION L JENKINS:

Each year, we review your escrow account to make sure the escrow portion of your monthly mortgage payment covers your property taxes and/or insurance premiums. Increases or decreases in your annual taxes and/or insurance premiums may cause your monthly mortgage payment amount to change. Here are the details of your most recent escrow account review.

Note: This notice is for informational purposes only and is being provided as a courtesy should you voluntarily decide to make any escrow shortage payment, if applicable. This notice should not be construed as an attempt to collect a debt or a demand for payment contrary to any protection you may have received pursuant to your bankruptcy case.

**New monthly escrow and mortgage payment amount**
New payment effective date:  December 01, 2011

| | Current monthly payment ($) | New monthly payment ($) |
|---|---|---|
| Principal and/or interest | 1,985.85 | 1,988.30 |
| Escrow payment | 324.05 | 448.56 |
| Escrow shortage/prepayment[2] | 63.75 | 0.00 |
| **Total payment amount** | **2,373.65** | **2,436.86** |

*1. If you use one of our automatic payment options, we will adjust your electronic withdrawal(s) to ensure your December 01, 2011 payment is made in full.*

*2. If your current monthly payment includes an amount to cover a previous escrow shortage, this amount will be added.  If your current monthly payment includes an adjustment for extra funds you deposited to your escrow account, this amount will be deducted.*

Your account is in balance. Our calculation has resulted in no projected shortage or overage in your escrow account.

**Please refer to the enclosed insert that provides answers to
frequently asked questions about escrow accounts**

*** This section intentionally left blank ***

Case 11-81759-pwb    Georgia Adversary Complaint Response Document    Page 21 of 22
12-12020-mg    Doc 2683-45    Filed 01/22/13    Entered 01/22/13 16:54:35    Exhibit Main
Document    Page 33 of 37

Page 2 of 3

**For informational purposes**                    Loan number: ▬▬▬

## The following information covers your projected escrow account activity from Dec 2011 to Nov 2012

**Projected escrow account disbursements**
Annualized items to be paid from your escrow account (\$):

| | |
|---|---|
| HAZARD INS | 2,357.00 |
| CITY TAX | 1,719.32 |
| TAXES | 442.19 |
| COUNTY TAX | 864.08 |
| Total disbursements | 5,382.59 |
| Monthly escrow payment | 448.56[1] |

*1. Your monthly escrow payment is calculated by dividing the total disbursements by 12.*

**Projected escrow account activity for the next 12 months**

| Date | Anticipated payments (\$) To escrow | From escrow | Description | Escrow balance (\$) Projected | Required |
|---|---|---|---|---|---|
| Dec 2011 | | | Starting balance | 6,865.06- | 1,827.15 |
| Dec 2011 | 448.56 | 0.00 | | 6,416.50- | 2,275.71 |
| Jan 2012 | 448.56 | 0.00 | | 5,967.94- | 2,724.27 |
| Feb 2012 | 448.56 | 0.00 | | 5,519.38- | 3,172.83 |
| Mar 2012 | 448.56 | 2,357.00 | TRAVELERS AETNA | 7,427.82- | 1,264.39 |
| Apr 2012 | 448.56 | 0.00 | | 6,979.26- | 1,712.95 |
| May 2012 | 448.56 | 0.00 | | 6,530.70- | 2,161.51 |
| Jun 2012 | 448.56 | 0.00 | | 6,082.14- | 2,610.07 |
| Jul 2012 | 448.56 | 1,719.32 | ATLANTA CITY/FULTON CO | 7,352.90- | 1,339.31 |
| Jul 2012 | 0.00 | 442.19 | ATLANTA CITY SANITATION | 7,795.09- | 897.12 |
| Aug 2012 | 448.56 | 0.00 | | 7,346.53- | 1,345.68 |
| Sep 2012 | 448.56 | 864.08 | FULTON COUNTY | 7,762.05- | 930.16 |
| Oct 2012 | 448.56 | 0.00 | | 7,313.49- | 1,378.72 |
| Nov 2012 | 448.56 | 0.00 | | 6,864.93- | 1,827.28 |
| **Total** | **5,382.72** | **5,382.59** | | | |

The projected escrow account activity is based on the most recent tax and/or insurance information available as well as the assumption that your payments will be received as agreed.

*2. Projected low point. The point during the 12-month period at which the projected escrow balance will reach its lowest point.*

*3. Required escrow balance. To cover unanticipated disbursements, including increases to tax or insurance payments, there is a 2-month minimum escrow balance allowable by state law and/or your mortgage contract. This amount does not include mortgage insurance.*

- *Your 2-month minimum escrow balance is \$897.12*
- *State law requires that this minimum escrow balance not exceed \$897.12*
- *Note: If you have an adjustable rate mortgage (ARM), you will receive a notice about your new mortgage payment when your ARM rate is scheduled to change.*

| **Information about your escrow account** Your lowest projected escrow account balance (low point) (\$) | 7,795.09- |
|---|---|
| **Plus escrow adjustment⁴ (\$)** | 8,692.21 |
| Less your required minimum escrow account balance (\$) | 897.12 |
| **This means your escrow account is in balance** | 0.00 |

*4. An Escrow Adjustment of \$8,692.21, scheduled to be repaid through the bankruptcy, is included in this calculation.*

For informational purposes                     Loan number

The following information covers your escrow account history activity from Jan 2011 to Nov 2011

| | Payments to escrow ($) | | Payments from escrow ($) | | | Escrow balance ($) | |
|---|---|---|---|---|---|---|---|
| Date | Projected | Actual | Projected | Actual | Description | Projected | Actual |
| Jan 2011 | | | | | Starting balance | 2,709.61 | 21,068.93- |
| Jan 2011 | 507.46 | 509.91[1] | 0.00 | 0.00 | | 3,217.07 | 20,559.02- |
| Feb 2011 | 507.46 | 0.00[1] | 0.00 | 2,357.00[1] | TRAVELERS AETNA | 3,724.53 | 22,916.02- |
| Mar 2011 | 507.46 | 0.00[1] | 2,114.00 | 0.00[1] | TRAVELERS AETNA | 2,117.99 | 22,916.02- |
| Apr 2011 | 507.46 | 0.00[1] | 0.00 | 0.00 | | 2,625.45 | 22,916.02- |
| May 2011 | 507.46 | 0.00[1] | 0.00 | 0.00 | | 3,132.91 | 22,916.02- |
| Jun 2011 | 507.46 | 0.00[1] | 0.00 | 0.00 | | 3,640.37 | 22,916.02- |
| Jul 2011 | 507.46 | 0.00[1] | 2,690.72 | 0.00[1] | ATLANTA CITY/FULTON CO | 1,457.11 | 22,916.02- |
| Jul 2011 | 0.00 | 0.00 | 442.19 | 442.19 | ATLANTA CITY SANITATIO | 1,014.92 | 23,358.21- |
| Aug 2011 | 507.46 | 0.00[1] | 0.00 | 0.00 | | 1,522.38 | 23,358.21- |
| Sep 2011 | 507.46 | 0.00[1] | 842.48 | 864.08[1] | FULTON COUNTY | 1,187.36 | 24,222.29- |
| Sep 2011 | 0.00 | 0.00 | 0.00 | 1,719.32[1] | ATLANTA CITY/FULTON CO | 1,187.36 | 25,941.61- |
| Oct 2011 | 507.46 | 0.00[1] | 0.00 | 0.00 | | 1,694.82 | 25,941.61- |
| Nov 2011 est. | 507.46 | 19,777.80[1] | 0.00 | 0.00 | | 2,202.28 | 6,163.81- |
| Totals | 5,582.06 | 20,287.71 | 6,089.39 | 5,382.59 | | | |

1. Indicates where a difference exists between the projected and actual account activity.

Wells Fargo Home Mortgage, doing business as America's Servicing Company, is a division of Wells Fargo Bank, N.A.
© 2011 Wells Fargo Bank, N.A. All rights reserved. NMLSR ID 399801



**Your escrow statement has a new look**

We did the research before the redesign. We talked to customers to understand your preferences and how you use your escrow statement.

Your new statement has all the details of the old one, but has been enhanced to provide you with more clearly defined information to make it easier for you to manage your account.

**Please refer to the enclosed insert that provides answers to frequently asked questions about escrow accounts.**

12-12020-mg    Doc 2683-4    Filed 01/22/13    Entered 01/22/13 16:54:33    Exhibit 2
Document    Pg 36 of 37

# EXHIBIT "B"

# *ALTERED*

# ALLONGE TO NOTE

# SIGNED BY

# MICHELE MORALES

# ALLONGE TO NOTE

**Date of Allonge:**  3/30/2006

**Loan #:**

**Note Date:**  2/28/2006

**Loan Amount:**  $300,000.00

**Property Address:**  405 GRANT PARK PLACE
ATLANTA, GA  30315

**In favor of:**  Mortgage Lenders Network, USA, Inc.

**And Executed by:**  SHARON JENKINS
MARION JENKINS

**Pay to the order of**
**Without recourse:**  RESIDENTIAL FUNDING CORPORATION
_____

By: _____

Name:  Michele Morales
Manager of Sales and
Acquisitions
Emax Financial Group, LLC

PAY TO THE ORDER OF
U.S Bank National Association as Trustee
WITHOUT RECOURSE
Residential Funding Corporation

By _____
Judy Faber, Vice President