MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Todd M. Goren
Alexandra Steinberg Barrage
Melissa M. Crespo

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------------------

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

--------------------------------------------------------------------------

**MOTION PURSUANT TO FED. R. BANKR. P. 9006 AND LOCAL BANKRUPTCY RULES 9006-1 AND 9077 FOR ENTRY OF AN ORDER SHORTENING THE TIME FOR NOTICE OF AND SCHEDULING A HEARING TO CONSIDER THE DEBTORS' MOTIONS FOR ORDERS UNDER 11 U.S.C. §§ 105(a) AND 365(a) AND (f), FED. R. BANKR. P. 6006 AND 9014 AND LOCAL BANKRUPTCY RULE 6006-1 AUTHORIZING ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors")[1] respectfully submit this motion (the "Motion") pursuant to Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 9006-1(b) and 9077 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules") to shorten the time for notice of and scheduling a hearing to consider the following motions filed contemporaneously herewith (collectively, the "Assumption and Assignment Motions"):

---

[1]  The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 6].

1

ny-1073680

1) *Debtors' First Motion for Order Under 11 U.S.C. §§ 105(a) and 365(a) and (f), Fed. R. Bankr. P. 6006 and 9014 and Local Bankruptcy Rule 6006-1 Authorizing Assumption and Assignment of Executory Contracts In Connection with the Sale of the Debtors' Platform Assets*; 2) *Debtors' Second Motion for Order Under 11 U.S.C. §§ 105(a) and 365(a) and (f), Fed. R. Bankr. P. 6006 and 9014 and Local Bankruptcy Rule 6006-1 Authorizing Assumption and Assignment of Executory Contracts In Connection with the Sale of the Debtors' Platform Assets*; and (3) *Debtors' Motion for Order Under 11 U.S.C. §§ 105(a) and 365(a) and (f), Fed. R. Bankr. P. 6006 and 9014 and Local Bankruptcy Rule 6006-1 Authorizing Assumption and Assignment of Executory Contracts In Connection with the Sale of the Debtors' Platform Assets or the Sale of the Debtors' Whole Loan Assets*.

## JURISDICTION

1. This Court has subject matter jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief requested herein re Bankruptcy Rule 9006(c) and Local Bankruptcy Rules 9006-1(b) and 9077.

## BACKGROUND

2. On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court for relief under Chapter 11 of the Bankruptcy Code. The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No trustee has been appointed in these chapter 11 cases.

3. On the Petition Date, the Debtors filed their *Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), and (m), 365 and 1123, and Fed R. Bankr. P. 2002, 6004, 6006, and 9014*

2

ny-1073680

*for Orders: (I)(A) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expenses Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Asset Purchase Agreements Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief* [Docket No. 61] (the "Sale Motion"). By the Sale Motion, the Debtors sought Court approval of the sales of the Debtors' mortgage loan servicing and origination platform (the "Platform Assets") and the Debtors' legacy whole loan portfolio (the "Whole Loan Assets").

4. On May 16, 2012, the United States Trustee for the Southern District of New York appointed a nine-member official committee of unsecured creditors.

5. On June 20, 2012, the Court directed that an examiner be appointed, and on July 3, 2012, the Court approved Arthur J. Gonzalez as the examiner [Docket Nos. 454, 674].

6. On June 28, 2012, the Court approved the Debtors' proposed sale procedures (the "Sale Procedures"), as requested by the Sale Motion, including procedures by which the Debtors would assume and assign certain contracts and fix cure amounts related thereto [Docket No. 538] (the "Sale Procedures Order").

7. In accordance with the Sale Procedures, the Debtors filed notices of certain executory contracts, unexpired leases of personal property, and unexpired leases of nonresidential property that the Debtors may assume and assign to the purchaser of the Platform Assets or the purchaser of the Whole Loan Assets (as set forth in the respective

3

notices) upon the closing of sale of the Platform Assets or the sale of the Whole Loan Assets, as applicable (collectively, the "Assumption and Assignment Notices").[2]

8.     On November 21, 2012, the Court entered orders approving the sale of (i) the Platform Assets (the "Platform Sale") to Ocwen Loan Servicing, LLC, and (ii) the sale of the Debtors' legacy whole loan portfolio (the "Whole Loan Sale") to Berkshire Hathaway Inc., in each case subject to the respective sale orders. [Docket Nos. 2246 and 2247].

## RELIEF REQUESTED

9.     By this Motion, the Debtors seek entry of an order (a) shortening the notice period for the Assumption and Assignment Motions such that they may be heard by the Court on January 29, 2013 at 10:00 a.m. (Prevailing Eastern Time) and scheduling the hearing for the Assumption and Assignment Motions for such date, and (b) requiring that objections to the Assumption and Assignment Motions, if any, be filed and served so that they are received by 4:00 p.m. (Prevailing Eastern Time) on January 28, 2013.

## BASIS FOR RELIEF

10.     Local Bankruptcy Rule 9006-1 and Federal Rule of Bankruptcy Procedure 9014, permit the Bankruptcy Court to shorten the notice period for cause shown on an *ex parte* basis. Pursuant to Bankruptcy Rule 9014, "reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought" in contested matters not otherwise

---

[2] On July 26, 2012, the Debtors filed the *Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Property and (II) Cure Amounts Related Thereto [Docket No. 924]*. On September 14, 2012, the Debtors filed the *First Supplemental Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto [Docket No. 1459]*. On September 18, 2012, the Debtors filed *First Amended and Restated Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto [Docket No. 1484]*. On November 5, 2012 the Debtors filed the *First Notice of (I) Debtors' Intent to Assume and Assign Certain SBO Servicing Agreements as Executory Contracts and (II) Cure Amounts Related Thereto [Docket No. 2076]* and the *Second Notice of (I) Debtors' Intent to Assume and Assign Certain SBO Servicing Agreements as Executory Contracts and (II) Cure Amounts Related Thereto [Docket No. 2077]*.

4

ny-1073680

governed by the Bankruptcy Rules. Fed R. Bankr. P. 9014. Bankruptcy Rule 9006(c)(1) and Local Bankruptcy Rule 9006-1(b) authorize the Court, for cause shown, to reduce the notice period required for a hearing.

11. As set forth in more detail in the Assumption and Assignment Motions, the shortened time is necessary because the Debtors have identified additional executory contracts that were not listed on the Debtors' previous Assumption and Assignment Notices (the "Executory Contracts") that should be assumed by the Debtors and assigned to Ocwen in connection with the closing of the Platform Sale, or assumed by the Debtors and assigned to Berkshire in connection with the closing of the Whole Loan Sale in accordance with their respective sale orders and asset purchase agreements.[3]

12. The Debtors expect that the Platform Sale and Whole Loan Sale will close January 31, 2013 or shortly thereafter.

13. For these reasons, it is imperative that the Assumption and Assignment Motions be approved on an expedited basis so that the Executory Contracts may be assumed by the Debtors and assigned to Ocwen or Berkshire, as applicable. To this end, *ex parte* relief is warranted so that the Assumption and Assignment Motions may be heard on January 29, 2013 at 10:00 a.m. (Prevailing Eastern Time).

14. The Debtors believe that no party in interest would be unduly prejudiced by the shortened notice requested herein or by the approval of this Motion on an *ex parte* basis.

---

[3] *See Order Under 11 U.S.C. §§ 105, 363, and 365 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 (I) Approving (A) Sale of Debtors' Assets Pursuant to Asset Purchase Agreement with Ocwen Loan Servicing, LLC; (B) Sale of Purchased Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (C) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Thereto; (D) Related Agreements; and (II) Granting Related Relief* [Docket No. 2246] and *Order Under 11 U.S.C. §§ 105, 363, and 365 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 (I) Approving (A) Sale of Debtors' Assets Pursuant to Asset Purchase Agreement with Berkshire Hathaway, Inc.; (B) Sale of Purchased Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; and (C) Related Agreements; and (II) Granting Related Relief* [Docket No. 2247].

## NOTICE

15. The Debtors have provided notice of this Motion in accordance with the Case Management Procedures Order, approved by this Court on May 23, 2012 [Docket No. 141] and to all counterparties to the Executory Contracts.

## CONCLUSION

16. Based on the foregoing, the Debtors respectfully submit that cause exists for the Court to shorten notice with respect to the Assumption and Assignment Motions and set January 29, 2013 at 10:00 a.m. (Prevailing Eastern Time) as the date for the Hearing and to set the deadline for the service and filing of objections to the Assumption and Assignment Motions to January 28, 2013 at 4:00 p.m. (Prevailing Eastern Time).

## NO PRIOR REQUEST

17. No prior request for the relief requested herein has been made to this or any other Court.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, the Debtors respectfully request that this Court (a) enter an order substantially in the form attached as <u>Exhibit 1</u> hereto shortening the time for notice of the Assumption and Assignment Motions and (b) grant such other and further relief to the Debtors as the Court may deem just and proper.

Dated:   January 22, 2013
         New York, New York

*/s/ Gary S. Lee*
Gary S. Lee
Todd M. Goren
Alexandra Steinberg Barrage
Melissa M. Crespo
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*

# **EXHIBIT 1**

ny-1073680

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------
)
In re:                                                    )    Case No. 12-12020 (MG)
                                                          )
RESIDENTIAL CAPITAL, LLC, et al.,    )    Chapter 11
                                                          )
                            Debtors.        )    Jointly Administered
---------------------------------------------------------------)

**ORDER PURSUANT TO FED. R. BANKR. P. 9006 AND LOCAL BANKRUPTCY RULES 9006-1 AND 9077 SHORTENING THE TIME FOR NOTICE OF AND SCHEDULING A HEARING TO CONSIDER THE DEBTORS' MOTIONS FOR ORDERS UNDER 11 U.S.C. §§ 105(a) AND 365(a) and (f), FED. R. BANKR. P. 6006 AND 9014 AND LOCAL BANKRUPTCY RULE 6006-1 AUTHORIZING ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS**

Upon consideration of the motion (the "Motion"),[1] dated January 22, 2013, of Residential Capital, LLC, and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors") for entry of an order pursuant to Fed. R. Bankr. P. 9006(c) and Local Bankruptcy Rule 9006-1(b) shortening the time for notice of and scheduling a hearing to consider: 1) *Debtors' First Motion for Order Under 11 U.S.C. §§ 105(a) and 365(a) and (f), Fed. R. Bankr. P. 6006 and 9014 and Local Bankruptcy Rule 6006-1 Authorizing Assumption and Assignment of Executory Contracts In Connection with the Sale of the Debtors' Platform Assets*; 2) *Debtors' Second Motion for Order Under 11 U.S.C. §§ 105(a) and 365(a), Fed. R. Bankr. P. 6006 and 9014 and Local Bankruptcy Rule 6006-1 Authorizing Assumption and Assignment of Executory Contracts In Connection with the Sale of the Debtors' Platform Assets*; and (3) *Debtors' Motion for Order Under 11 U.S.C. §§ 105(a) and 365(a), Fed. R. Bankr. P. 6006 and 9014 and Local Bankruptcy Rule 6006-1 Authorizing Assumption and Assignment of Executory Contracts In Connection with the Sale of the Debtors' Platform Assets or the Sale of the Debtors' Whole Loan Assets* (collectively, the "Assumption and Assignment Motions"); and

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

ny-1073680

the Court having determined that granting the relief requested in the Motion is appropriate; and it appearing that due and adequate notice of the Motion has been given under the circumstances, and that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is granted as set forth herein.

2. The hearing to consider the Assumption and Assignment Motions shall be held on January 29, 2013 at 10:00 a.m. (Prevailing Eastern Time) before the Honorable Judge Martin Glenn, One Bowling Green, New York, NY 10004, Courtroom 501.  The hearing on the Assumption and Assignment Motions may be adjourned from time to time without further notice other than an announcement of the adjourned date or dates in open court.  Notice of such adjourned date(s) will be available on the electronic case filing docket.

3. The Debtors shall serve a copy of this Order as promptly as practicable on the day of entry thereof by fax, e-mail, or overnight mail, on the Notice Parties (as defined below).

18. Any objections ("Objections") to the approval of the Assumption and Assignment Motions shall be filed and served so that they are received no later than 4:00 p.m. (Prevailing Eastern Time) on January 28, 2013, by the following parties (the "Notice Parties"): (a) counsel for the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attn: Gary S. Lee (glee@mofo.com), Todd M. Goren (tgoren@mofo.com, and Alexandra Steinberg Barrage (abarrage@mofo.com)); (b) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attn: Tracy Hope Davis, Linda A. Riffkin and Brian S. Masumoto); (c) the Office of the United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue

ny-1073680                                2

NW, Washington, DC 20530-0001 (Attn: U.S. Attorney General, Eric H. Holder, Jr.); (d) Office of the New York State Attorney General, The Capitol, Albany, NY 12224-0341 (Attn: Nancy Lord, Esq. and Enid N. Stuart, Esq.); (e) Office of the U.S. Attorney for the Southern District of New York, One St. Andrews Plaza, New York, NY 10007 (Attn: Joseph N. Cordaro, Esq.); (f) counsel for Ally Financial Inc., Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY 10022 (Attn: Richard M. Cieri); (g) counsel to Barclays Bank PLC, as administrative agent for the DIP lenders, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, NY 10036 (Attn: Ken Ziman & Jonathan H. Hofer); (h) counsel for the committee of unsecured creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attn: Kenneth Eckstein (keckstein@kramerlevin.com) & Greg Horowitz (ghorowitz@kramerlevin.com)); (i) counsel for Ocwen Loan Servicing, LLC, Clifford Chance US LLP, 31 West 52nd Street, New York, NY 10019 (Attn: Jennifer C. DeMarco (jennifer.demarco@cliffordchance.com & Adam Lesman (adam.lesman@cliffordchance.com)); (j) counsel for Berkshire Hathaway, Inc., Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los Angeles, CA 90071 (Attn: Seth Goldman (seth.goldman@mto.com) & Thomas B. Walper (thomas.walper@mto.com); (k) Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346 (if by overnight mail, to 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-5016); (l) Securities and Exchange Commission, New York Regional Office, 3 World Financial Center, Suite 400, New York, NY 10281-1022 (Attn: George S. Canellos, Regional Director).

19. Objections not timely filed and served in the manner set forth above shall not be considered and shall be overruled.

20. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: New York, New York
       January __, 2013

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE