**Hearing Date and Time:  January 29, 2012 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline:  January 28, 2012 at 4:00 p.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:     (212) 468-8000
Facsimile:     (212) 468-7900
Gary S. Lee
Todd M. Goren
Alexandra Steinberg Barrage
Melissa M. Crespo

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**DEBTORS' FIRST MOTION FOR ORDER UNDER 11 U.S.C. §§ 105(a) AND
365(a) AND (f), FED. R. BANKR. P. 6006 AND 9014 AND LOCAL BANKRUPTCY
RULE 6006-1 AUTHORIZING ASSUMPTION AND ASSIGNMENT OF
EXECUTORY CONTRACTS IN CONNECTION WITH THE SALE OF THE
<u>DEBTORS' PLATFORM ASSETS</u>**

**TO THE HONORABLE MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE:**

The debtors and debtors in possession in the above-captioned cases (collectively, the

"Debtors")[1], hereby move (the "Motion") for entry of an order under sections 105(a) and

365(a) and (f) of title 11 of the United States Code, as amended (the "Bankruptcy Code"), rules

6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule

6006-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the

assumption and assignment of the executory contracts set forth on Exhibit 1, annexed hereto (the

"Supplemental Schedule"), (each an "Executory Contract" and collectively, the "Executory

Contracts") and reserving the Debtors' right to remove any Executory Contract up to two

business days prior to the Closing Date (as defined below) of the Debtors' sale of their Platform

Assets (as defined below) to Ocwen Loan Servicing, LLC ("Ocwen").  In support of the Motion,

the Debtors rely upon and incorporate by reference the Declaration of David Haggert, a copy of

which is annexed hereto as Exhibit 2, the Declaration of Erik Ferguson, a copy of which is

annexed hereto as Exhibit 3, and the Declaration of Matthew Detwiler, a copy of which is

annexed hereto as Exhibit 4.

In support of this Motion, the Debtors represent as follows:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Motion

in this District is proper under 28 U.S.C. §§ 1408 and 1409.

---

[1]  The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1
to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter
11 Petitions and First Day Motions* [Docket No. 6].

2.      The statutory and legal predicates for the relief requested herein are Bankruptcy

Code sections 105(a) and 365(a) and (f), and Bankruptcy Rules 6006 and 9014.

## BACKGROUND

3.      On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary

petition with the Court for relief under Chapter 11 of the Bankruptcy Code.  The Debtors are

managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code

sections 1107(a) and 1108.  These cases are being jointly administered pursuant to Bankruptcy

Rule 1015(b).  No trustee has been appointed in these chapter 11 cases.

4.      On the Petition Date, the Debtors filed their *Motion Pursuant to 11 U.S.C. §§ 105,

363(b), (f), and (m), 365 and 1123, and Fed R. Bankr. P. 2002, 6004, 6006, and 9014 for Orders:

(I)(A) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expenses

Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and

Manner of Notice Thereof; and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of

Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests;

(II) Authorizing and Approving Asset Purchase Agreements Thereto; (III) Approving the

Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related

Thereto; and (IV) Granting Related Relief* [Docket No. 61] (the "Sale Motion").  By the Sale

Motion, the Debtors sought Court approval of the sales of the Debtors' mortgage loan servicing

and origination platform (the "Platform Assets") and the Debtors' legacy whole loan portfolio

(the "Whole Loan Assets").

5.      On May 16, 2012, the United States Trustee for the Southern District of New

York appointed a nine-member official committee of unsecured creditors.

6.      On June 20, 2012, the Court directed that an examiner be appointed, and on

July 3, 2012, the Court approved Arthur J. Gonzalez as the examiner [Docket Nos. 454, 674].

2

7.      On June 28, 2012, the Court approved the Debtors' proposed sale procedures, as requested by the Sale Motion, including procedures by which the Debtors would assume and assign certain contracts and fix cure amounts related thereto [Docket No. 538] (the "Sale Procedures Order").

8.      In connection with the Sale Procedures and the Platform Sale, the Debtors filed the following notices (collectively, the "Assumption and Assignment Notices") which listed executory contracts or unexpired leases that may be assumed by the Debtors and assigned to Ocwen:

(a)      On July 26, 2012, the Debtors filed the *Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Property and (II) Cure Amounts Related Thereto* [Docket No. 924];

(b)      On September 14, 2012, the Debtors filed the *First Supplemental Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto* [Docket No. 1459];

(c)      On September 18, 2012, the Debtors filed *First Amended and Restated Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto* [Docket No. 1484]; and

(d)      On November 5, 2012, the Debtors filed the *First Notice of (I) Debtors' Intent to Assume and Assign Certain SBO Servicing Agreements as Executory Contracts and (II) Cure Amounts Related Thereto* [Docket No. 2076].

9.      The Assumption and Assignment Notices provided that the purchaser of the Platform Assets "may, subject to certain limitations . . . designate additional contracts or leases as Assumed Contracts to be assumed and assigned by providing notice to the affected non-debtor counterparties indicating that the Debtors intend to assume and assign additional Assumed

Contracts" until two business days prior to the Closing Date (the "Contract Designation

Deadline").

10.    On November 21, 2012, the Court entered orders approving the sale of (i) the

Platform Assets (the "Platform Sale") to Ocwen [Docket No. 2246], and (ii) the sale of the

Whole Loan Assets (the "Whole Loan Sale") to Berkshire Hathaway Inc. [Docket No. 2247], in

each case subject to the respective sale orders.[2]

11.    In connection with the Assumption and Assignment Notices, the Debtors devoted

substantial effort to prepare a full and complete list of executory contracts and unexpired leases

that were likely to be assumed and assigned to the purchaser of the Platform Assets, subject to

the terms of the Sale Procedures Order.  Since the filing of the Assumption and Assignment

Notices, the Debtors have identified additional executory contracts, set forth on the Supplemental

Schedule, that were inadvertently omitted from the Assumption and Assignment Notices. [3]

12.    The Debtors believe that they are authorized to furnish notice of assumption and

assignment to counterparties to the Executory Contracts in accordance with the Sale Procedures

Order.  However, the Debtors have elected to file this Motion out of an abundance of caution.

The Debtors seek to assume and assign to Ocwen the Executory Contracts on the closing date of

the Platform Sale (the "Closing Date"), reserving their right to remove any Executory Contract

from the Supplemental Schedule, in which case the Executory Contract shall cease to be an

Executory Contract, no later than two business days prior to the Closing Date (the "Contract

---

[2] The order approving the Platform Sale shall be referred to as the "Sale Order" herein.

[3] Consistent with Bankruptcy Rule 6006(f), the Supplemental Schedule contains no more than 100 executory contracts and unexpired leases to be assumed.  Because the Debtors have identified approximately 215 additional agreements that were inadvertently admitted from the Assumption and Assignment Notices, the Debtors are seeking authority to assume and assign these Executory Contracts by three separate motions.

Designation Deadline"). The counterparty to such removed Executory Contract shall receive prompt notice of such removal.

## RELIEF REQUESTED

13.     By this Motion, the Debtors respectfully request, pursuant to Bankruptcy Code sections 105(a) and 365(a) and (f), and Bankruptcy Rules 6006 and 9014, and Rule 6006-1 of the Local Bankruptcy Rules for the Southern District of New York, that this Court enter an order, substantially in the form annexed hereto as Exhibit 5, pursuant to sections 365(a) and (f) of the Bankruptcy Code, authorizing the assumption and assignment of the Executory Contracts identified on the Supplemental Schedule. The Debtors respectfully request that any subsequent assumption and assignment remain subject to the terms of the Sale Order. The Debtors submit that the assumption and assignment of the Executory Contracts is in furtherance of and required by the terms of the Platform Sale and thus represents an appropriate exercise of sound business judgment.

## BASIS FOR RELIEF

14.     The Debtors have determined that the Executory Contracts identified on the Supplemental Schedule may be necessary to Ocwen's ongoing business operations. Accordingly, the Debtors have determined through the exercise of their business judgment that the proposed assumption and assignment of the Executory Contracts, subject to the Debtors right to remove any Executory Contract from the Supplemental Schedule, in which case the Executory Contract shall cease to be an Executory Contract, no later than two business days prior to the Closing Date, is in the best interests of the Debtors' estates, their creditors and other parties in interest.

## APPLICABLE AUTHORITY

15.     Section 365 of the Bankruptcy Code provides that a debtor in possession may assume, assign, or reject any executory contract or unexpired lease of the debtor, provided that

5

any defaults under such contracts and leases are cured and adequate assurance of future

performance is provided.  *See* 11 U.S.C. § 365(a) and (f).  *See also NLRB v. Bildisco & Bildisco*,

465 U.S. 513, 521 (1984); *Med. Malpractice Ins. Ass'n v. Hirsch (In re Lavigne)*, 114 F.3d 379,

386 (2d Cir. 1997).  "The purpose behind allowing the assumption or rejection of executory

contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate

and to renounce title to and abandon burdensome property."  *Orion Pictures Corp. v. Showtime*

*Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2d Cir. 1993) (internal quotation

marks and reference omitted).  Bankruptcy Code section 365(f) provides that, notwithstanding

language in an executory contract or unexpired lease to the contrary, the trustee may assign a

contract or lease, provided first that the trustee assume the contract or lease, and second that

adequate assurance of future performance by the assignee be provided, whether or not the

contract or lease is in default.  *See* 11 U.S.C. § 365(f).  *See also* 4 ALAN A. RESNICK & HENRY J.

SOMMER, COLLIER BANKRUPTCY PRACTICE GUIDE ¶ 68.08 (4th ed. 2011).

16.    Courts defer to a debtor's business judgment in assuming an executory contract or

unexpired lease.  *In re Orion Pictures Corp.*, 4 F.3d at 1098 (noting that section 365 "permits the

[debtor], subject to the approval of the bankruptcy court, to go through the inventory of

executory contracts of the debtor and decide which ones it would be beneficial to adhere to and

which ones it would be beneficial to reject.").

17.    Courts generally will not second-guess a debtor's business judgment concerning

whether the assumption or rejection of an executory contract or unexpired lease would benefit

the debtor's estate.  *See Phar-Mor, Inc. v. Strouss Bldg. Assocs.*, 204 B.R. 948, 951-52 (N.D.

Ohio 1997) ("Whether an executory contract is 'favorable' or 'unfavorable' is left to the sound

business judgment of the debtor.") (internal citations omitted).  If the debtor's business judgment

has been exercised reasonably, a court should approve the assumption or rejection of an executory contract. *See, e.g.*, *NLRB v. Bildisco & Bildisco*, 465 U.S. at 523; *In re Ionosphere Clubs, Inc.*, 100 B.R. 670, 673 (Bankr. S.D.N.Y. 1989); *see also In re Orion Pictures Corp.*, 4 F.3d at 1098-99. The Debtors respectfully submit that in connection with the Platform Sale, the Debtors have established that the assumption and assignment of the Executory Contracts reflects a sound exercise of their business judgment as reflected in the findings set forth in the Sale Order and record at the Sale Hearing.

18.    The assumption and assignment of the Executory Contracts satisfies the provisions of Bankruptcy Code section 365. First, the Court previously found in connection with the Sale Order that the adequate assurance of future performance standard has been  satisfied. *See Sale Order*, at ¶T ("The Purchaser's promise to perform the obligations under the Assumed Contracts after the Closing Date shall constitute adequate assurance of its future performance of and under the Assumed Contracts, within the meaning of sections 365(b)(1) and 365(f)(2) of the Bankruptcy Code."). The meaning of "adequate assurance of future performance" depends on the facts and circumstances of each case, but should be given "practical, pragmatic construction." *See Carlisle Homes. Inc. v. Azzari (In re Carlisle Homes, Inc.)*, 103 B.R. 524, 538 (Bankr. D.N.J. 1989). Among other things, adequate assurance may be given by demonstrating the assignee's financial health and experience in managing the type of enterprise or property assigned. *See In re Bygaph Inc.*, 56 B.R. 596, 605-06 (Bankr. S.D.N.Y. 1986). Ocwen clearly satisfies this criteria.

19.    Second, the Debtors believe there are no cure costs associated with the assumption of the Executory Contracts. However, if there are any cure costs associated with such Executory Contracts, the Debtors will promptly cure any default arising under any

7

Executory Contract.  Further, should Ocwen determine that it wishes to take assignment of the

Contracts upon the Closing Date, Ocwen has demonstrated adequate assurance of future

performance.

20.    Accordingly, the Debtors submit that their request to assume and assign to Ocwen

the Executory Contracts on the Closing Date, subject to the Debtors' right to remove any

Executory Contract from the Supplemental Schedule no later than two business days prior to the

Closing Date, should be approved because it is in accordance with the Ocwen asset purchase

agreement and thus is in the best interests of the Debtors' estates and represents a proper exercise

of the Debtors' business judgment.

## **NOTICE**

21.    The Debtors have provided notice of this Motion in accordance with the Case

Management Procedures Order, approved by this Court on May 23, 2012 [Docket No. 141].

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

8

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that this Court enter an order,

substantially in the form annexed hereto as Exhibit 5, granting the relief requested in this Motion

and such other and further relief as may be just and proper.

Dated: January 22, 2013
      New York, New York

/s/ Gary S. Lee
Gary S. Lee
Todd M. Goren
Alexandra Steinberg Barrage
Melissa M. Crespo
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel to the Debtors*
*and Debtors in Possession*

9

## **Exhibit 1 to the Motion**

**Supplemental Schedule of Executory Contracts**

Exhibit 1(a) - Insurance Agreements

| Debtor Entity | Contract Description | Supplier/Counterparty | Counterparty Address | Cure Amount |
|---|---|---|---|---|
| GMAC Mortgage Group, LLC | Mortgage Insurance Agreement 12/15/97 and all amendments thereto | Aegon | 2700 West Plano Parkway Plano, TX 75075-8200 | $0.00 |
| GMAC Mortgage Group, LLC | Confidentiality Agreement 11/3/97 | Aegon | 2700 West Plano Parkway Plano, TX 75075-8200 | $0.00 |
| GMAC Mortgage Group, LLC | Third-Party Marketing Agreement 11/12/01 and all adenda thereto | American Home Shield | 889 Ridge Lake Boulevard Memphis, TN 38120 | $0.00 |
| GMAC Mortgage Group, LLC | Confidentiality Agreement 6/29/01 | American Home Shield | 889 Ridge Lake Boulevard Memphis, TN 38120 | $0.00 |
| GMAC Mortgage Group, LLC | Confidentiality and Non-Disclosure and Joint Marketing Agreement 6/1/06 | Assurant Specialty Property | 11222 Quail Roost Dr Miami, FL 33157 | $0.00 |
| GMAC Mortgage Group, LLC | Confidentiality Agreement 2/9/05 | Assurant Specialty Property | 11222 Quail Roost Dr Miami, FL 33157 | $0.00 |
| GMAC Mortgage Group, LLC | Program Services Agreement 6/1/06 and amendments and addenda thereto | Assurant Specialty Property | 11222 Quail Roost Dr Miami, FL 33157 | $0.00 |
| Residential Funding Corporation | Marketing Agreement 5/9/98 and Addendum One 8/14/98 | Bayview Financial, L.P. | 4425 Ponce De Leon Blvd Coral Gables, FL 33146 | $0.00 |
| Residential Funding Corporation | Consent to Assignment of Affinity Marketing Agreement | Bayview Financial, L.P. | 4425 Ponce De Leon Blvd Coral Gables, FL 33146 | $0.00 |
| Homecomings Financial Network, Inc. | Agreement for Administrative Services | Chartered Benefit Services Inc | 315 W University Drive Arlington Heights, IL 60004 | $0.00 |
| Homecomings Financial Network, Inc. | Marketing Agreement and amendments thereto | Chartered Benefit Services Inc | 315 W University Drive Arlington Heights, IL 60004 | $0.00 |
| Homecomings Financial Network, Inc. | Amendments to Service Fee Agreement | Chartered Benefit Services Inc | 315 W University Drive Arlington Heights, IL 60004 | $0.00 |
| GMAC Mortgage, LLC | Administrative Agreement to make insurance available 5/30/99, and addenda thereto | Econocheck Corporation | 3 Gresham Landing Stockbridge, GA 30281 | $0.00 |
| GMAC Mortgage, LLC | Letter re marketing to GM customers | Econocheck Corporation | 3 Gresham Landing Stockbridge, GA 30281 | $0.00 |
| Homecomings Financial Network, Inc. | Collection Agreement | Family Life Insurance Company | 2101 4th Ave Suite 700 Seattle, WA 98121 | $0.00 |
| Homecomings Financial Network, Inc. | Confidentiality Agreement | Family Life Insurance Company | 2101 4th Ave Suite 700 Seattle, WA 98121 | $0.00 |
| Homecomings Financial Network, Inc. | Third Party Marketing Agreement | Family Life Insurance Company | 2101 4th Ave Suite 700 Seattle, WA 98121 | $0.00 |
| GMAC Insurance Mgmt Co | Disability Benefits Insurance Policy and amendments thereto | First UNUM LIFE INSURANCE CO | 2101 4th Ave Suite 700 Seattle, WA 98121 | $0.00 |
| GMAC Mortgage Corp | Agency Agreement and amendments thereto | HOMESITEs Group Inc | 99 Bedford Street Boston, MA 02111-2217 | $0.00 |
| GMAC Mortgage Corp | Marketing Agreement and amendments thereto | HOMESITEs Group Inc | 99 Bedford Street Boston, MA 02111-2217 | $0.00 |
| GMAC Mortgage, LLC | Specialized Marketing Optional Insurance Agreement and amendments thereto | Liberty Life Insurance Company | 2000 Wade Hampton Blvd Greenville, SC 29615-1064 | $0.00 |
| Homecomings Financial Network, Inc. | GLBA Agreement | Liberty Life Insurance Company | 2000 Wade Hampton Blvd Greenville, SC 29615-1064 | $0.00 |

Exhibit 1(d) - Insurance Agreements

| Debtor Entity | Contract Description | Supplier/Counterparty | Counterparty Address | Cure Amount |
|---|---|---|---|---|
| Homecomings Financial Network, Inc. | Agreement to Comply with Gramm-Leach-Bliley Act Safeguards Rule 7/16/04 | Liberty Life Insurance Company | 2000 Wade Hampton Blvd Greenville, SC 29615-1064 | $0.00 |
| Homecomings Financial Network, Inc. | Specialized Marketing Optional Insurance Agreement 3/1/97 and all amendments thereto | Liberty Life Insurance Company | 2000 Wade Hampton Blvd Greenville, SC 29615-1064 | $0.00 |
| GMAC Mortgage Corp | Administrative Agreement for insurance plans | Minnesota Life | 400 Robert Street North - Suite 1150 St. Paul, MN 55101-2098 | $0.00 |
| GMAC Mortgage Corp | Customer Lead Agreement | Minnesota Life | 400 Robert Street North - Suite 1150 St. Paul, MN 55101-2098 | $0.00 |
| GMAC Mortgage Group, LLC | Confidentiality Agreement | Mutual of Omaha | Mutual of Omaha Plaza Omaha, NE 68175 | $0.00 |
| GMAC Mortgage Group, LLC | Retail Insurance Marketing Agreement | Mutual of Omaha | Mutual of Omaha Plaza Omaha, NE 68175 | $0.00 |
| GMAC Mortgage Group, LLC | Agreement for marketing activities and amendment thereto | National Union Fire Insurance Company | 70 Pine Street, Lbby 5 New York, NY 10270-0006 | $0.00 |
| GMAC Mortgage Corp | Consumer Lead Agreement 7/22/96 | SECURIAN FINANCIAL NETWORK, INC. | 400 Robert Street North - Suite 1150 St. Paul, MN 55101-2098 | $0.00 |
| GMAC Mortgage Corp | Amend to Marketing and/or Administration Agreement 7/1/07 | SECURIAN Life Insurance Co | 400 Robert Street North - Suite 1150 St. Paul, MN 55101-2098 | $0.00 |
| GMAC Mortgage Corp | Letter re Transfer Group Insurance Contracts 4/27/07 | SECURIAN Life Insurance Co | 400 Robert Street North - Suite 1150 St. Paul, MN 55101-2098 | $0.00 |
| GMAC Mortgage Corp | Letter re termination and waiver agreement 4/5/05 | SECURIAN Life Insurance Co | 400 Robert Street North - Suite 1150 St. Paul, MN 55101-2098 | $0.00 |
| Homecomings Financial Network, Inc. | Amend to Agreement (new entities) 3/8/07 and Amend 8 (marketing) 8/1/03 | The Douglas-Michaels Company, L.P. | 6564 Loisdale Court, Suite 610 Springfield, VA 22150-1813 | $0.00 |
| GMAC Mortgage Group, LLC | Agreement (Solicitation and Enrollment, Confidentiality, etc.) 7/01, and amendments thereto | Trilegiant Corporation | 100 Connecticut Avenue Norwalk, CT 06850 | $0.00 |
| GMAC Mortgage Group, LLC | Mutual Non-Disclosure Agreement TRI-14320 | Trilegiant Corporation | 100 Connecticut Avenue Norwalk, CT 06850 | $0.00 |
| GMAC Mortgage Group, LLC | Confidentiality Agreement | Trilegiant Corporation | 100 Connecticut Avenue Norwalk, CT 06850 | $0.00 |
| GMAC Mortgage Group, LLC | Marketing and Services Agreement 12/1/03 and amendments thereto | WNC First Insurance Service | 899 El Centro Street Pasadena, CA 91030 | $0.00 |
| GMAC Mortgage Group, LLC | Confidentiality, Non-Disclosure and Security Agreement 12/1/03 | WNC First Insurance Service | 899 El Centro Street Pasadena, CA 91030 | $0.00 |
| Homecomings Financial Network, Inc. | Marketing and Services Agreement 4/1/03 | WNC First Insurance Service | 899 El Centro Street Pasadena, CA 91030 | $0.00 |
| Homecomings Financial Network, Inc. | GLBA Agreement | WNC First Insurance Service | 899 El Centro Street Pasadena, CA 91030 | $0.00 |

Exhibit 1(p) - Insurance Agreements

| Debtor Entity | Contract Description | Supplier/Counterparty | Counterparty Address | Cure Amount |
|---|---|---|---|---|
| Homecomings Financial Network, Inc. | Mutual Non-Disclosure Agreement WNC-13793 7/30/09 | WNC First Insurance Service | 899 El Centro Street Pasadena, CA 91030 | $0.00 |
| GMAC Mortgage Group, LLC | Referral Services Agreement | WNC Insurance Service | 899 El Centro Street Pasadena, CA 91030 | $0.00 |

Exhibit 1(c) Vendor Agreements

| Debtor Entity | Contract Description | Supplier/Counterparty | Counterparty Address | Cure Amount |
|---|---|---|---|---|
| GMAC Mortgage, LLC | Marketing and Collections Agreement and Amendments thereto | Cross Country Motor Club | 4040 Mystic Valley Parkway Boston, MA 2155 | $0.00 |
| GMAC Mortgage, LLC | Project services agreement | Dialogue Marketing | 3252 University Drive, Suite 165 Auburn Mills, MI 48326 | $0.00 |
| GMAC Mortgage, LLC | Telemarketing statement of work | Dialogue Marketing | 3252 University Drive, Suite 165 Auburn Mills, MI 48326 | $0.00 |
| GMAC Mortgage Corp | Service Subscription Agreement | Dow Jones | 200 Liberty Street New York, NY 10281 | $0.00 |
| GMAC Mortgage, LLC | SoW 2008 | Federal Bond Collection Services, Inc. | 2200 Byberry Road, Suite 120 Hatboro, PA 19040 | $0.00 |
| GMAC Mortgage, LLC | Participation Agreement and SoW | Hope Loan Port | 1001 Pennsylvania Ave NW, Suite 500 Washington, D.C. 20004 | $0.00 |
| GMAC Mortgage, LLC | Mortgage service network agreement and amendment | HPF (Homeownership Preservation Foundati | 1030 15th Street NW, Suite 530 East Washington, DC 20005 | $0.00 |
| GMAC Mortgage, LLC | Master Agreement and amendments thereto | LoanServ (Fiserv) | 255 Fiserv Drive Broofiled, WI 53045 | $0.00 |
| GMAC Mortgage, LLC | MERS System Membership Agreement | MERS | 8201 Greensboro Drive, Suite 350 Mclean , VA 22102 | $0.00 |
| GMAC Mortgage, LLC | SoW for Loss Mitigation Referrals | National Default Servicing, LLC | 500 South Broad Street Meriden, CT 6492 | $0.00 |
| GMAC Mortgage, LLC | 12.29.1618.12 | Nation's  Direct Lender & Insurance Services | AFI agreement , | $0.00 |
| GMAC Mortgage Corp | Equity Accelerator Service Agreement and amendments thereto | Paymap Inc. | 100 N Point St San Francisco, CA 94133-1545 | $0.00 |
| GMAC Mortgage Corp | Confidentiality Agreement | Paymap Inc. | 100 N Point St San Francisco, CA 94133-1545 | $0.00 |
| GMAC Mortgage, LLC | 12.29.1618.17 | Safeguard Properties | GLBA Agreement , | $0.00 |
| GMAC Mortgage, LLC | Business Process Outsourcing Agreement | SUTHERLAND GLOBAL SERVICES, INC | 1160 Pittsford-Victor Road Pittsford, NY 14534 | $0.00 |
| GMAC Mortgage, LLC | Confidentiality Agreement 1996 | The Douglas-Michaels Company, L.P. | 6564 Loisdale Court, Suite 610 Springfield, VA 22150-1813 | $0.00 |
| GMAC Mortgage, LLC | BiSaver Agreement 5/9/1997 | The Douglas-Michaels Company, L.P. | 6564 Loisdale Court, Suite 610 Springfield, VA 22150-1813 | $0.00 |
| GMAC Mortgage, LLC | BiSaver Software Agreement and all amendments and addenda thereto | The Douglas-Michaels Company, L.P. | 6564 Loisdale Court, Suite 610 Springfield, VA 22150-1813 | $0.00 |

| Debtor Entity | Contract Description | Supplier/Counterparty | Counterparty Address | Cure Amount |
|---|---|---|---|---|
| GMAC Mortgage, LLC | Equity Rewards Transfer Campaign Pricing Agreement Amend | The Douglas-Michaels Company, L.P. | 6564 Loisdale Court, Suite 610 Springfield, VA 22150-1813 | $0.00 |
| GMAC Mortgage, LLC | Assignment and Assumption, Consent and Amendment | The Douglas-Michaels Company, L.P. | 6564 Loisdale Court, Suite 610 Springfield, VA 22150-1813 | $0.00 |
| GMAC Mortgage, LLC | Confidentiality Agreement 7/26/02 | The Douglas-Michaels Company, L.P. | 6564 Loisdale Court, Suite 610 Springfield, VA 22150-1813 | $0.00 |
| GMAC Mortgage, LLC | Amendment to Escrow Analysis Agreement | Venture Encoding Services, LLC | 4401 Cambridge Road Fort Worth , TX 76155 | $0.00 |

Exhibit 1(c) – Servicing Agreements

| Debtor Entity | Contract Description | Counterparty | Counterparty Address | Cure Amount |
|---|---|---|---|---|
| GMAC Mortgage, LLC | California Housing Finance Agency Purchase & Servicing February 12, 2007 | California Housing Finance Agency | P.O BOX 4034, Sacramento, CA 95812-4034 | $0.00 |
| GMAC Mortgage, Corp. | Celink Subservicing Agreement, September 15, 2005 | Celink | 3900 Capital Building Boulevard Lansing, Michigan 48906 | $0.00 |
| GMAC Mortgage, LLC | CIFG Recovery Agreement for AHM 2006-2 April 30, 2009 | CIFG Assurance North America | 825 3rd Avenue, New York NY 11022 | $0.00 |
| GMAC Mortgage, LLC | Citibank, N.A. Master Repurchase Agreement May 14, 2010 | Citibank, N.A. | 390 Greenwich Street,, New York, NY 10013 | $0.00 |
| GMAC Mortgage, LLC | DBSP Amended Standard Terms ans Provisions SSA December 1, 2006 | DB Structured Products, Inc | 60 Wall Street, New York, NY 10005- | $0.00 |
| GMAC Mortgage, LLC | Goldman Sachs Mortgage Co Master Repurchase Agreement May 14, 2010 | Goldman Sachs Mortgage Company | 85 Broad Street, New York, NY 10080- | $0.00 |
| GMAC Mortgage, LLC | Century Bank Sale Servicing Agreement November 26, 2003 | IBERIABANK | 1101 E Admiral Doyle Drive, New Iberia, LA 70563 | $0.00 |
| GMAC Mortgage, LLC | Citibank, N.A. Master Repurchase Agreement May 14, 2010 | PIA Citi Repo | 9275 Sky Park Court, San Diego, CA 93275 | $0.00 |
| GMAC Mortgage, LLC | Goldman Sachs Mortgage Master Repurchase Agreement May 14, 2010 | PIA Goldman Repo | 9275 Sky Park Court, San Diego, CA 93275 | $0.00 |
| Residential Funding Company | NCMC Newco Inc Client Contract 2002* *The Debtors reserve their right to argue that this agreement was superseded in its entirety by "NCMC Newco Inc Client Contract 12-21-04" | PNC Bank N.A. | 3232 Newmark Drive Mail Stop B6-YM14-01-7, Miamisburg, OH, 45342 | $0.00 |

## **Exhibit 2**

Declaration of David Haggert

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Todd M. Goren
Alexandra Steinberg Barrage
Melissa M. Crespo

*Counsel for the Debtors and
Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------
|  | ) |  |
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |
-------------------------------------------------------------------

## DECLARATION OF DAVID HAGGERT IN SUPPORT OF THE DEBTORS' MOTION FOR ORDER UNDER 11 U.S.C. §§ 105(a) AND 365(a) AND (f), FED. R. BANKR. P. 6006 AND 9014 AND LOCAL BANKRUPTCY RULE 6006-1 AUTHORIZING ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS

I, David Haggert declare as follows:

### A.    Background and Qualifications

I serve as Vice President of the Portfolio Marketing division at GMAC Mortgage, LLC, one of the debtors and debtors in possession in the above-captioned Chapter 11 cases (collectively, the "Debtors"). I have held this position since April 2008. In my role as Vice President of the Portfolio Marketing division, I am responsible for, among other things, the management of the Debtors' ancillary product offerings and vendor relationships. I am authorized to submit this declaration (the "Haggert Declaration") in support of the *Debtors' First Motion for Order Under 11 U.S.C. §§ 105(a) and 365(a), Fed. R. Bankr. P. 6006 and 9014, and*

*Local Bankruptcy Rule 6006-1 Authorizing Assumption and Assignment of Executory Contracts in Connection With the Sale of the Debtors' Platform Assets*, dated as of January [15], 2013 (the "Motion").[1]

Except as otherwise indicated, all statements in this Declaration are based upon my personal knowledge or information supplied or verified by personnel in departments within the Debtors' various business units.  If I were called to testify as a witness in this matter, I would testify competently to the facts set forth herein.

1.      In connection with filing the Assumption and Assignment Notices, the Debtors devoted substantial effort to prepare a full and complete list of executory contracts and unexpired leases that were likely to be assumed and assigned to the purchaser of the Platform Assets, subject to the terms of the Sale Procedures Order.  Since the filing of the Assumption and Assignment Notices, the Debtors have identified additional executory contracts, set forth on the Supplemental Schedule annexed to the Motion as Exhibit 1, that were inadvertently omitted from the Assumption and Assignment Notices (the "Executory Contracts").  Exhibit 1(a) lists Executory Contracts that relate to cross-sell insurance agreements that the Debtors have entered into with third-party insurance providers (the "Insurance Agreements").

2.      The Debtors have determined that the Insurance Agreements identified on Exhibit 1(a) to the Motion should be scheduled for assumption and assignment to Ocwen and, subject to final determination by the Debtors and Ocwen, assigned to Ocwen upon the Closing Date.

3.      The Debtors believe there are no cure costs associated with the assumption and assignment of the Insurance Agreements.  However, if there are any cure costs associated

---

[1]  Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to them in the Motion.

with such Insurance Agreement, the Debtors will promptly cure any default arising under any Insurance Agreement.  Further, Ocwen has demonstrated adequate assurance of future performance.

4.    Based on the foregoing, the Debtors have determined through the exercise of their business judgment that assumption and assignment of the Insurance Agreements on the Closing Date, subject to the Debtors right to remove any Insurance Agreement from Exhibit 1, in which case the Insurance Agreement shall cease to be an Executory Contract, no later than two business days prior to the Closing Date, is in the best interests of the Debtors' estates, their creditors and other parties in interest.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  January 22, 2013
New York, New York

/s/ David Haggert
DAVID HAGGERT
Vice President, Portfolio Market
GMAC Mortgage, LLC

## Exhibit 3

Declaration of Erik Ferguson

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Todd M. Goren
Alexandra Steinberg Barrage
Melissa M. Crespo

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------
                                            )
In re:                                      )    Case No. 12-12020 (MG)
                                            )
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,    )    Chapter 11
                                            )
                              Debtors.      )    Jointly Administered
                                            )
-------------------------------------------------------------

**DECLARATION OF ERIK FERGUSON IN SUPPORT OF THE DEBTORS' MOTION
FOR ORDER UNDER 11 U.S.C. §§ 105(a) AND 365(a) AND (f), FED. R. BANKR. P. 6006
AND 9014 AND LOCAL BANKRUPTCY RULE 6006-1 AUTHORIZING
<u>ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS</u>**

I, Erik Ferguson, declare as follows:

    **A.    Background and Qualifications**

    I serve as Senior Vice President of Business Excellence at GMAC Mortgage, LLC, one

of the debtors and debtors in possession in the above-captioned Chapter 11 cases (collectively,

the "<u>Debtors</u>").  I have held this position since August 2010.  In my role as Senior Vice President

of Business Excellence at GMAC Mortgage, LLC, I am responsible for, among other things,

contracts with third-party vendors for the provision of services to the Debtors to enable them to

conduct their respective business activities.  I am authorized to submit this declaration (the

"<u>Declaration</u>") in support of the *Debtors' First Motion for Order Under 11 U.S.C. §§ 105(a) and*

*365(a) and (f), Fed. R. Bankr. P. 6006 and 9014, and Local Bankruptcy Rule 6006-1 Authorizing Assumption and Assignment of Executory Contracts in Connection With the Sale of the Debtors' Platform Assets*, dated as of January 22, 2013 (the "Motion").[1]

Except as otherwise indicated, all statements in this Declaration are based upon my personal knowledge or information supplied or verified by personnel in departments within the Debtors' various business units.  If I were called to testify as a witness in this matter, I would testify competently to the facts set forth herein.

1.    In connection with filing the Assumption and Assignment Notices, the Debtors devoted substantial effort to prepare a full and complete list of executory contracts and unexpired leases that were likely to be assumed and assigned to the purchaser of the Platform Assets, subject to the terms of the Sale Procedures Order.  Since the filing of the Assumption and Assignment Notices, the Debtors have identified additional executory contracts, set forth on the Supplemental Schedule, that were inadvertently omitted from the Assumption and Assignment Notices.  Exhibit 1(b) lists Executory Contracts that relate to vendor agreements that the Debtors have entered into with third-party suppliers (the "Vendor Agreements").

2.    The Debtors have determined that the Vendor Agreements identified on Exhibit 1(b) to the Motion should be scheduled for assumption and assignment to Ocwen and, subject to final determination by the Debtors and Ocwen, assigned to Ocwen upon the Closing Date.

3.    The Debtors believe there are no cure costs associated with the assumption and assignment of the Vendor Agreements.  However, if there are any cure costs associated with

---

[1]  Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to them in the Motion.

such Vendor Agreements, the Debtors will promptly cure any default arising under any Vendor

Agreement.  Further, Ocwen has demonstrated adequate assurance of future performance.

       4.       Based on the foregoing, the Debtors have determined through the exercise

of their business judgment that assumption and assignment of the Vendor Agreements on the

Closing Date, subject to the Debtors right to remove any Vendor Agreement from <u>Exhibit 1</u>, in

which case the Vendor Agreement shall cease to be an Executory Contract, no later than two

business days prior to the Closing Date, is in the best interests of the Debtors' estates, their

creditors and other parties in interest.

       Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct.

Dated: January 22, 2013  
New York, New York

/s/ Erik Ferguson  
ERIK FERGUSON  
Senior Vice President of Business  
Excellence at GMAC Mortgage, LLC

## **Exhibit 4**

Declaration of Matthew Detwiler

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:   (212) 468-8000
Facsimile:   (212) 468-7900
Gary S. Lee
Todd M. Goren
Alexandra Steinberg Barrage
Melissa M. Crespo

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------
|   )
In re:                                   )   Case No. 12-12020 (MG)
|   )
RESIDENTIAL CAPITAL, LLC, et al.,        )   Chapter 11
|   )
Debtors.        )   Jointly Administered
|   )
-------------------------------------------------------------------

**DECLARATION OF MATTHEW DETWILER IN SUPPORT OF THE DEBTORS'
MOTIONS FOR ORDERS UNDER 11 U.S.C. §§ 105(a) AND 365(a) AND (f), FED. R.
BANKR. P. 6006 AND 9014 AND LOCAL BANKRUPTCY RULE 6006-1
AUTHORIZING ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS**

I, Matthew Detwiler, declare as follows:

> **A.      Background and Qualifications**

I serve as Senior Vice President of Servicing Solutions for GMAC Mortgage, LLC, one

of the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively,

the "Debtors").   I have held my current title since August 2011, and have worked in the

mortgage loan industry for over fifteen years.   In my capacity as Senior Vice President, I am

responsible for business development, contract negotiations and administration, and client

management activities with respect to the Debtors' subservicing operations.   I am authorized to

submit this declaration (the "Declaration") in support of 1) *Debtors' First Motion for Order*

*Under 11 U.S.C. §§ 105(a) and 365(a) and (f), Fed. R. Bankr. P. 6006 and 9014 and Local Bankruptcy Rule 6006-1 Authorizing Assumption and Assignment of Executory Contracts In Connection with the Sale of the Debtors' Platform Assets* (the "<u>First Assumption and Assignment Motion</u>"); 2) *Debtors' Second Motion for Order Under 11 U.S.C. §§ 105(a) and 365(a) and (f), Fed. R. Bankr. P. 6006 and 9014 and Local Bankruptcy Rule 6006-1 Authorizing Assumption and Assignment of Executory Contracts In Connection with the Sale of the Debtors' Platform Assets* (the "<u>Second Assumption and Assignment Motion</u>"); and (3) *Debtors' Motion for Order Under 11 U.S.C. §§ 105(a) and 365(a) and (f), Fed. R. Bankr. P. 6006 and 9014 and Local Bankruptcy Rule 6006-1 Authorizing Assumption and Assignment of Executory Contracts In Connection with the Sale of the Debtors' Platform Assets or the Sale of the Debtors' Whole Loan Assets* (the (the "<u>Third Assumption and Assignment Motion</u>" and together with the First Assumption and Assignment Motion and the Second Assumption and Assignment Motion, the "<u>Assumption and Assignment Motions</u>").[1]

Except as otherwise indicated, all statements in this Declaration are based upon my personal knowledge or information supplied or verified by personnel in departments within the Debtors' various business units.  If I were called to testify as a witness in this matter, I would testify competently to the facts set forth herein.

1.      Before filing the Assumption and Assignment Notices, the Debtors put forth substantial effort to prepare a full and complete list of executory contracts and unexpired leases that were likely to be assumed and assigned to the purchaser of the Platform Assets, subject to the terms of the Sale Procedures Order.  Since the filing of the Assumption and Assignment Notices, the Debtors have identified additional executory contracts, set forth on the

---

[1]  Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to them in the Assumption and Assignment Motions.

Supplemental Schedule, that were inadvertently omitted from the Assumption and Assignment

Notices.  Listed on Exhibit 1(c) to the First Assumption and Assignment Motion, Exhibit 1 to the

Second Assumption and Assignment Motion, and Exhibit 1 to the Third Assumption and

Assignment Motion are Executory Contracts that are mortgage servicing agreements or ancillary

agreements to certain mortgage servicing agreements (the "Servicing Agreements").

2.    The Debtors have determined that the Servicing Agreements identified in

the exhibits to the Assumption and Assignment Motions should be scheduled for assumption and

assignment to Ocwen or Berkshire, as set forth in the respective Assumption and Assignment

Motions and, subject to final determination by the Debtors and Ocwen or Berkshire, respectively,

assigned to Ocwen or Berkshire upon the respective Closing Dates.

3.    The Debtors believe there are no cure costs associated with the assumption

and assignment of the Servicing Agreements.  However, if there are any cure costs associated

with such Servicing Agreements, the Debtors will promptly cure any default arising under any

Servicing Agreement.  Further, Ocwen has demonstrated adequate assurance of future

performance.

4.    Based on the foregoing, the Debtors have determined through the exercise

of their business judgment that assumption and assignment of the Servicing Agreements on the

Closing Date of the Ocwen Sale or the Closing Date of the Berkshire Sale, as applicable, subject

to the Debtors right to remove any Servicing Agreement, in which case the Servicing Agreement

shall cease to be an Executory Contract, no later than two business days prior to the Closing

Date, is in the best interests of the Debtors' estates, their creditors and other parties in interest.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct.

Dated: January 22, 2013                    /s/ Matthew Detwiler
New York, New York                         _____
                                           MATTHEW DETWILER
                                           Senior Vice President
                                           GMAC Mortgage, LLC

## **Exhibit 5**

Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------
                                            )
In re:                                      )        Case No. 12-12020 (MG)
                                            )
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,    )        Chapter 11
                                            )
                           Debtors.         )        Jointly Administered
                                            )
-------------------------------------------------------------------
                                            )

**ORDER UNDER 11 U.S.C. §§ 105(a) AND 365(a) AND (f), FED. R. BANKR. P.**
**6006 AND 9014 AND LOCAL BANKRUPTCY RULE 6006-1 AUTHORIZING**
**<u>ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS</u>**

Upon the motion (the "<u>Motion</u>") of the Debtors[1] for entry of an order (the

"<u>Order</u>"), pursuant to sections 105(a) and 365(a) and (f), of title 11 of the United States

Code, as amended (the "<u>Bankruptcy Code</u>") and rules 6006 and 9014 of the Federal

Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), authorizing the assumption

and assignment of the contracts identified on <u>Exhibit 1</u> annexed hereto (the "<u>Executory</u>

<u>Contracts</u>") as more fully described in the Motion; and the Court having jurisdiction to

consider the Motion and grant the requested relief in accordance with 28 U.S.C. §§ 157

and 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C.

§ 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and

1409; and the Court having reviewed the Motion and the Declarations of David Haggert,

Erik Ferguson, and Matthew Detwiler in support of the Motion; and the Court having

determined that the relief requested in the Motion is in the best interests of the Debtors,

their estates, their creditors, and all parties in interest; and it appearing that proper and

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

adequate notice of the Motion has been given and that no other or further notice is

necessary; and the legal and factual bases set forth in the Motion establish just and

sufficient cause to grant the requested relief herein; and upon the record herein; and after

due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND, DETERMINED, AND ORDERED THAT:

1.      The Motion is GRANTED.

2.      Pursuant to Sections 365(a) and (f) of the Bankruptcy Code and

Bankruptcy Rules 6006 and 9014, the Debtors' assumption and assignment of the

Executory Contracts identified on Exhibit 1 annexed hereto is approved.

3.      The assumption and assignment of any Executory Contracts is subject to

the Debtors' right to remove any Executory Contract from Exhibit 1, no later than two

business days prior to the Closing Date (the "Contract Designation Deadline"), in which

case the Executory Contract shall cease to be an Executory Contract,.  The counterparty

to such removed Executory Contract shall be promptly furnished with notice of such

removal.

4.      Removal of any Executory Contract on or before the Contract Designation

Deadline will not constitute a rejection of such Executory Contract and neither the

Debtors nor Ocwen will be liable for rejection damages.

5.      The assumption and assignment of any Executory Contract not removed

by the Debtors as of the Contract Designation Deadline shall be effective as of the

Closing Date of the Platform Sale.

6.      The assumption and assignment of any Executory Contract on the Closing

Date shall be subject to and governed by the terms of the *Order Under 11 U.S.C. §§ 105,*

*363, and 365 and Fed. Bankr. P. 2002, 6004, 6006, and 9014 (I) Approving (A) Sale of*

*Debtors' Assets Pursuant to Asset Purchase Agreement with Ocwen Loan Servicing, LLC;*

*(B) Sale of Purchased Assets Free and Clear of Liens, Claims, Encumbrances, and Other*

*Interests; (C) Assumption and Assignment of Certain Executory Contracts and Unexpired*

*Leases Thereto; (D) Related Agreements; and (II) Granting Related Relief* [Docket No.

2246].

7.       The Debtors are hereby authorized to execute and deliver all instruments

and documents, and take all other actions, as may be necessary or appropriate to

implement and effectuate the relief granted in this Order.

8.       Entry of this Order is without prejudice to the rights of the Debtors,

including, but not limited to, the right to seek further, other, or different relief regarding

the Debtors' executory contracts and unexpired leases pursuant to, among other things,

section 365 of the Bankruptcy Code.  Notwithstanding the relief granted herein and any

actions taken hereunder, nothing in the Motion or this Order shall constitute, nor is it

intended to constitute: (i) an admission as to the validity or priority of any claim against

the Debtors; (ii) a waiver of the Debtors' rights to dispute any claim; or (iii) an

assumption or adoption of any executory contract or unexpired lease pursuant to section

365 of the Bankruptcy Code.

9.       This Court shall retain jurisdiction with respect to all matters arising from

or related to the implementation or interpretation of this Order.

Dated:       _____, 2013
             New York, New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit 1 to the Order</u>**

Schedule of Executory Contracts

Exhibit 1(a) - Insurance Agreements

| Debtor Entity | Contract Description | Supplier/Counterparty | Counterparty Address | Cure Amount |
|---|---|---|---|---|
| GMAC Mortgage Group, LLC | Mortgage Insurance Agreement 12/15/97 and all amendments thereto | Aegon | 2700 West Plano Parkway Plano, TX 75075-8200 | $0.00 |
| GMAC Mortgage Group, LLC | Confidentiality Agreement 11/3/97 | Aegon | 2700 West Plano Parkway Plano, TX 75075-8200 | $0.00 |
| GMAC Mortgage Group, LLC | Third-Party Marketing Agreement 11/12/01 and all adenda thereto | American Home Shield | 889 Ridge Lake Boulevard Memphis, TN 38120 | $0.00 |
| GMAC Mortgage Group, LLC | Confidentiality Agreement 6/29/01 | American Home Shield | 889 Ridge Lake Boulevard Memphis, TN 38120 | $0.00 |
| GMAC Mortgage Group, LLC | Confidentiality and Non-Disclosure and Joint Marketing Agreement 6/1/06 | Assurant Specialty Property | 11222 Quail Roost Dr Miami, FL 33157 | $0.00 |
| GMAC Mortgage Group, LLC | Confidentiality Agreement 2/9/05 | Assurant Specialty Property | 11222 Quail Roost Dr Miami, FL 33157 | $0.00 |
| GMAC Mortgage Group, LLC | Program Services Agreement 6/1/06 and amendments and addenda thereto | Assurant Specialty Property | 11222 Quail Roost Dr Miami, FL 33157 | $0.00 |
| Residential Funding Corporation | Marketing Agreement 5/9/98 and Addendum One 8/14/98 | Bayview Financial, L.P. | 4425 Ponce De Leon Blvd Coral Gables, FL 33146 | $0.00 |
| Residential Funding Corporation | Consent to Assignment of Affinity Marketing Agreement | Bayview Financial, L.P. | 4425 Ponce De Leon Blvd Coral Gables, FL 33146 | $0.00 |
| Homecomings Financial Network, Inc. | Agreement for Administrative Services | Chartered Benefit Services Inc | 315 W University Drive Arlington Heights, IL 60004 | $0.00 |
| Homecomings Financial Network, Inc. | Marketing Agreement and amendments thereto | Chartered Benefit Services Inc | 315 W University Drive Arlington Heights, IL 60004 | $0.00 |
| Homecomings Financial Network, Inc. | Amendments to Service Fee Agreement | Chartered Benefit Services Inc | 315 W University Drive Arlington Heights, IL 60004 | $0.00 |
| GMAC Mortgage, LLC | Administrative Agreement to make insurance available 5/30/99, and addenda thereto | Econocheck Corporation | 3 Gresham Landing Stockbridge, GA 30281 | $0.00 |
| GMAC Mortgage, LLC | Letter re marketing to GM customers | Econocheck Corporation | 3 Gresham Landing Stockbridge, GA 30281 | $0.00 |
| Homecomings Financial Network, Inc. | Collection Agreement | Family Life Insurance Company | 2101 4th Ave Suite 700 Seattle, WA 98121 | $0.00 |
| Homecomings Financial Network, Inc. | Confidentiality Agreement | Family Life Insurance Company | 2101 4th Ave Suite 700 Seattle, WA 98121 | $0.00 |
| Homecomings Financial Network, Inc. | Third Party Marketing Agreement | Family Life Insurance Company | 2101 4th Ave Suite 700 Seattle, WA 98121 | $0.00 |
| GMAC Insurance Mgmt Co | Disability Benefits Insurance Policy and amendments thereto | First UNUM LIFE INSURANCE CO | 2101 4th Ave Suite 700 Seattle, WA 98121 | $0.00 |
| GMAC Mortgage Corp | Agency Agreement and amendments thereto | HOMESITEs Group Inc | 99 Bedford Street Boston, MA 02111-2217 | $0.00 |
| GMAC Mortgage Corp | Marketing Agreement and amendments thereto | HOMESITEs Group Inc | 99 Bedford Street Boston, MA 02111-2217 | $0.00 |
| GMAC Mortgage, LLC | Specialized Marketing Optional Insurance Agreement and amendments thereto | Liberty Life Insurance Company | 2000 Wade Hampton Blvd Greenville, SC 29615-1064 | $0.00 |
| Homecomings Financial Network, Inc. | GLBA Agreement | Liberty Life Insurance Company | 2000 Wade Hampton Blvd Greenville, SC 29615-1064 | $0.00 |

Exhibit 1(a) - Insurance Agreements

| Debtor Entity | Contract Description | Supplier/Counterparty | Counterparty Address | Cure Amount |
|---|---|---|---|---|
| Homecomings Financial Network, Inc. | Agreement to Comply with Gramm-Leach-Bliley Act Safeguards Rule 7/16/04 | Liberty Life Insurance Company | 2000 Wade Hampton Blvd Greenville, SC 29615-1064 | $0.00 |
| Homecomings Financial Network, Inc. | Specialized Marketing Optional Insurance Agreement 3/1/97 and all amendments thereto | Liberty Life Insurance Company | 2000 Wade Hampton Blvd Greenville, SC 29615-1064 | $0.00 |
| GMAC Mortgage Corp | Administrative Agreement for insurance plans | Minnesota Life | 400 Robert Street North - Suite 1150 St. Paul, MN 55101-2098 | $0.00 |
| GMAC Mortgage Corp | Customer Lead Agreement | Minnesota Life | 400 Robert Street North - Suite 1150 St. Paul, MN 55101-2098 | $0.00 |
| GMAC Mortgage Group, LLC | Confidentiality Agreement | Mutual of Omaha | Mutual of Omaha Plaza Omaha, NE 68175 | $0.00 |
| GMAC Mortgage Group, LLC | Retail Insurance Marketing Agreement | Mutual of Omaha | Mutual of Omaha Plaza Omaha, NE 68175 | $0.00 |
| GMAC Mortgage Group, LLC | Agreement for marketing activities and amendment thereto | National Union Fire Insurance Company | 70 Pine Street, Lbby 5 New York, NY 10270-0006 | $0.00 |
| GMAC Mortgage Corp | Consumer Lead Agreement 7/22/96 | SECURIAN FINANCIAL NETWORK, INC. | 400 Robert Street North - Suite 1150 St. Paul, MN 55101-2098 | $0.00 |
| GMAC Mortgage Corp | Amend to Marketing and/or Administration Agreement 7/1/07 | SECURIAN Life Insurance Co | 400 Robert Street North - Suite 1150 St. Paul, MN 55101-2098 | $0.00 |
| GMAC Mortgage Corp | Letter re Transfer Group Insurance Contracts 4/27/07 | SECURIAN Life Insurance Co | 400 Robert Street North - Suite 1150 St. Paul, MN 55101-2098 | $0.00 |
| GMAC Mortgage Corp | Letter re termination and waiver agreement 4/5/05 | SECURIAN Life Insurance Co | 400 Robert Street North - Suite 1150 St. Paul, MN 55101-2098 | $0.00 |
| Homecomings Financial Network, Inc. | Amend to Agreement (new entities) 3/8/07 and Amend 8 (marketing) 8/1/03 | The Douglas-Michaels Company, L.P. | 6564 Loisdale Court, Suite 610 Springfield, VA 22150-1813 | $0.00 |
| GMAC Mortgage Group, LLC | Agreement (Solicitation and Enrollment, Confidentiality, etc.) 7/01, and amendments thereto | Trilegiant Corporation | 100 Connecticut Avenue Norwalk, CT 06850 | $0.00 |
| GMAC Mortgage Group, LLC | Mutual Non-Disclosure Agreement TRI-14320 | Trilegiant Corporation | 100 Connecticut Avenue Norwalk, CT 06850 | $0.00 |
| GMAC Mortgage Group, LLC | Confidentiality Agreement | Trilegiant Corporation | 100 Connecticut Avenue Norwalk, CT 06850 | $0.00 |
| GMAC Mortgage Group, LLC | Marketing and Services Agreement 12/1/03 and amendments thereto | WNC First Insurance Service | 899 El Centro Street Pasadena, CA 91030 | $0.00 |
| GMAC Mortgage Group, LLC | Confidentiality, Non-Disclosure and Security Agreement 12/1/03 | WNC First Insurance Service | 899 El Centro Street Pasadena, CA 91030 | $0.00 |
| Homecomings Financial Network, Inc. | Marketing and Services Agreement 4/1/03 | WNC First Insurance Service | 899 El Centro Street Pasadena, CA 91030 | $0.00 |
| Homecomings Financial Network, Inc. | GLBA Agreement | WNC First Insurance Service | 899 El Centro Street Pasadena, CA 91030 | $0.00 |

Exhibit 1(a) - Insurance Agreements

| Debtor Entity | Contract Description | Supplier/Counterparty | Counterparty Address | Cure Amount |
|---|---|---|---|---|
| Homecomings Financial Network, Inc. | Mutual Non-Disclosure Agreement WNC-13793 7/30/09 | WNC First Insurance Service | 899 El Centro Street Pasadena, CA 91030 | $0.00 |
| GMAC Mortgage Group, LLC | Referral Services Agreement | WNC Insurance Service | 899 El Centro Street Pasadena, CA 91030 | $0.00 |

Exhibit 1(b) - Vendor Agreements

| Debtor Entity | Contract Description | Supplier/Counterparty | Counterparty Address | Cure Amount |
|---|---|---|---|---|
| GMAC Mortgage, LLC | Marketing and Collections Agreement and Amendments thereto | Cross Country Motor Club | 4040 Mystic Valley Parkway Boston, MA 2155 | $0.00 |
| GMAC Mortgage, LLC | Project services agreement | Dialogue Marketing | 3252 University Drive, Suite 165 Auburn Mills, MI 48326 | $0.00 |
| GMAC Mortgage, LLC | Telemarketing statement of work | Dialogue Marketing | 3252 University Drive, Suite 165 Auburn Mills, MI 48326 | $0.00 |
| GMAC Mortgage Corp | Service Subscription Agreement | Dow Jones | 200 Liberty Street New York, NY 10281 | $0.00 |
| GMAC Mortgage, LLC | SoW 2008 | Federal Bond Collection Services, Inc. | 2200 Byberry Road, Suite 120 Hatboro, PA 19040 | $0.00 |
| GMAC Mortgage, LLC | Participation Agreement and SoW | Hope Loan Port | 1001 Pennsylvania Ave NW, Suite 500 Washington, D.C. 20004 | $0.00 |
| GMAC Mortgage, LLC | Mortgage service network agreement and amendment | HPF (Homeownership Preservation Foundation) | 1030 15th Street NW, Suite 530 East Washington, DC 20005 | $0.00 |
| GMAC Mortgage, LLC | Master Agreement and amendments thereto | LoanServ (Fiserv) | 255 Fiserv Drive Broofiled, WI 53045 | $0.00 |
| GMAC Mortgage, LLC | MERS System Membership Agreement | MERS | 8201 Greensboro Drive, Suite 350 Mclean , VA 22102 | $0.00 |
| GMAC Mortgage, LLC | SoW for Loss Mitigation Referrals | National Default Servicing, LLC | 500 South Broad Street Meriden, CT 6492 | $0.00 |
| GMAC Mortgage, LLC | 12.29.1618.12 | Nation's  Direct Lender & Insurance Services | AFI agreement , | $0.00 |
| GMAC Mortgage Corp | Equity Accelerator Service Agreement and amendments thereto | Paymap Inc. | 100 N Point St San Francisco, CA 94133-1545 | $0.00 |
| GMAC Mortgage Corp | Confidentiality Agreement | Paymap Inc. | 100 N Point St San Francisco, CA 94133-1545 | $0.00 |
| GMAC Mortgage, LLC | 12.29.1618.17 | Safeguard Properties | GLBA Agreement , | $0.00 |
| GMAC Mortgage, LLC | Business Process Outsourcing Agreement | SUTHERLAND GLOBAL SERVICES, INC | 1160 Pittsford-Victor Road Pittsford, NY 14534 | $0.00 |
| GMAC Mortgage, LLC | Confidentiality Agreement 1996 | The Douglas-Michaels Company, L.P. | 6564 Loisdale Court, Suite 610 Springfield, VA 22150-1813 | $0.00 |
| GMAC Mortgage, LLC | BiSaver Agreement 5/9/1997 | The Douglas-Michaels Company, L.P. | 6564 Loisdale Court, Suite 610 Springfield, VA 22150-1813 | $0.00 |
| GMAC Mortgage, LLC | BiSaver Software Agreement and all amendments and addenda thereto | The Douglas-Michaels Company, L.P. | 6564 Loisdale Court, Suite 610 Springfield, VA 22150-1813 | $0.00 |

| Debtor Entity | Contract Description | Supplier/Counterparty | Counterparty Address | Cure Amount |
|---|---|---|---|---|
| GMAC Mortgage, LLC | Equity Rewards Transfer Campaign Pricing Agreement Amend | The Douglas-Michaels Company, L.P. | 6564 Loisdale Court, Suite 610 Springfield, VA 22150-1813 | $0.00 |
| GMAC Mortgage, LLC | Assignment and Assumption, Consent and Amendment | The Douglas-Michaels Company, L.P. | 6564 Loisdale Court, Suite 610 Springfield, VA 22150-1813 | $0.00 |
| GMAC Mortgage, LLC | Confidentiality Agreement 7/26/02 | The Douglas-Michaels Company, L.P. | 6564 Loisdale Court, Suite 610 Springfield, VA 22150-1813 | $0.00 |
| GMAC Mortgage, LLC | Amendment to Escrow Analysis Agreement | Venture Encoding Services, LLC | 4401 Cambridge Road Fort Worth , TX 76155 | $0.00 |

Exhibit 1(c) Servicing Agreements

| Debtor Entity | Contract Description | Counterparty | Counterparty Address | Cure Amount |
|---|---|---|---|---|
| GMAC Mortgage, LLC | California Housing Finance Agency Purchase & Servicing February 12, 2007 | California Housing Finance Agency | P.O BOX 4034, Sacramento, CA 95812-4034 | $0.00 |
| GMAC Mortgage, Corp. | Celink Subservicing Agreement, September 15, 2005 | Celink | 3900 Capital Building Boulevard Lansing, Michigan 48906 | $0.00 |
| GMAC Mortgage, LLC | CIFG Recovery Agreement for AHM 2006-2 April 30, 2009 | CIFG Assurance North America | 825 3rd Avenue, New York NY 11022 | $0.00 |
| GMAC Mortgage, LLC | Citibank, N.A. Master Repurchase Agreement May 14, 2010 | Citibank, N.A. | 390 Greenwich Street,, New York, NY 10013 | $0.00 |
| GMAC Mortgage, LLC | DBSP Amended Standard Terms ans Provisions SSA December 1, 2006 | DB Structured Products, Inc | 60 Wall Street, New York, NY 10005- | $0.00 |
| GMAC Mortgage, LLC | Goldman Sachs Mortgage Co Master Repurchase Agreement May 14, 2010 | Goldman Sachs Mortgage Company | 85 Broad Street, New York, NY 10080- | $0.00 |
| GMAC Mortgage, LLC | Century Bank Sale Servicing Agreement November 26, 2003 | IBERIABANK | 1101 E Admiral Doyle Drive, New Iberia, LA 70563 | $0.00 |
| GMAC Mortgage, LLC | Citibank, N.A. Master Repurchase Agreement May 14, 2010 | PIA Citi Repo | 9275 Sky Park Court, San Diego, CA 93275 | $0.00 |
| GMAC Mortgage, LLC | Goldman Sachs Mortgage Master Repurchase Agreement May 14, 2010 | PIA Goldman Repo | 9275 Sky Park Court, San Diego, CA 93275 | $0.00 |
| Residential Funding Company | NCMC Newco Inc Client Contract 2002* *The Debtors reserve their right to argue that this agreement was superseded in its entirety by "NCMC Newco Inc Client Contract 12-21-04" | PNC Bank N.A. | 3232 Newmark Drive Mail Stop B6-YM14-01-7, Miamisburg, OH, 45342 | $0.00 |