**Hearing Date and Time:  January 29, 2012 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline:  January 28, 2012 at 4:00 p.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:     (212) 468-8000
Facsimile:     (212) 468-7900
Gary S. Lee
Todd M. Goren
Alexandra Steinberg Barrage
Melissa M. Crespo

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

**DEBTORS' SECOND MOTION FOR ORDER UNDER 11 U.S.C. §§ 105(a) AND 365(a) AND (f), FED. R. BANKR. P. 6006 AND 9014 AND LOCAL BANKRUPTCY RULE 6006-1 AUTHORIZING ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS IN CONNECTION WITH THE SALE OF THE <u>DEBTORS' PLATFORM ASSETS</u>**

**TO THE HONORABLE MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE:**

The debtors and debtors in possession in the above-captioned cases (collectively, the

"Debtors")[1], hereby move (the "Motion") for entry of an order under sections 105(a) and

365(a) and (f) of title 11 of the United States Code, as amended (the "Bankruptcy Code"), rules

6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule

6006-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the

assumption and assignment of the executory contracts set forth on Exhibit 1 annexed hereto (the

"Supplemental Schedule"), (each an "Executory Contract" and collectively, the "Executory

Contracts") and reserving the Debtors' right to remove any Executory Contract up to two

business days prior to the Closing Date (as defined below) of the Debtors' sale of their Platform

Assets (as defined below) to Ocwen Loan Servicing, LLC ("Ocwen").  In support of the Motion,

the Debtors rely upon and incorporate by reference the Declaration of Matthew Detwiler, a copy

of which is annexed hereto as Exhibit 2.

In support of this Motion, the Debtors represent as follows:

## JURISDICTION AND VENUE

1.       This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Motion

in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.       The statutory and legal predicates for the relief requested herein are Bankruptcy

Code sections 105(a) and 365(a) and (f), and Bankruptcy Rules 6006 and 9014.

---

[1]  The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1
    to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter
    11 Petitions and First Day Motions* [Docket No. 6].

## BACKGROUND

3.       On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary

petition with the Court for relief under Chapter 11 of the Bankruptcy Code.  The Debtors are

managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code

sections 1107(a) and 1108.  These cases are being jointly administered pursuant to Bankruptcy

Rule 1015(b).  No trustee has been appointed in these chapter 11 cases.

4.       On the Petition Date, the Debtors filed their *Motion Pursuant to 11 U.S.C. §§ 105,

*363(b), (f), and (m), 365 and 1123, and Fed R. Bankr. P. 2002, 6004, 6006, and 9014 for Orders:*

*(I)(A) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expenses*

*Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and*

*Manner of Notice Thereof; and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of*

*Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests;*

*(II) Authorizing and Approving Asset Purchase Agreements Thereto; (III) Approving the*

*Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related*

*Thereto; and (IV) Granting Related Relief* [Docket No. 61] (the "Sale Motion").  By the Sale

Motion, the Debtors sought Court approval of the sales of the Debtors' mortgage loan servicing

and origination platform (the "Platform Assets") and the Debtors' legacy whole loan portfolio

(the "Whole Loan Assets").

5.       On May 16, 2012, the United States Trustee for the Southern District of New

York appointed a nine-member official committee of unsecured creditors.

6.       On June 20, 2012, the Court directed that an examiner be appointed, and on

July 3, 2012, the Court approved Arthur J. Gonzalez as the examiner [Docket Nos. 454, 674].

7.       On June 28, 2012, the Court approved the Debtors' proposed sale procedures, as

requested by the Sale Motion, including procedures by which the Debtors would assume and

2

assign certain contracts and fix cure amounts related thereto [Docket No. 538] (the "Sale

Procedures Order").

8.      In connection with the Sale Procedures and the Platform Sale, the Debtors filed

the following notices (collectively, the "Assumption and Assignment Notices") which listed

executory contracts or unexpired leases that may be assumed by the Debtors and assigned to

Ocwen:

> (a)      On July 26, 2012, the Debtors filed the *Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Property and (II) Cure Amounts Related Thereto* [Docket No. 924];

> (b)      On September 14, 2012, the Debtors filed the *First Supplemental Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto* [Docket No. 1459];

> (c)      On September 18, 2012, the Debtors filed *First Amended and Restated Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto* [Docket No. 1484]; and

> (d)      On November 5, 2012, the Debtors filed the *First Notice of (I) Debtors' Intent to Assume and Assign Certain SBO Servicing Agreements as Executory Contracts and (II) Cure Amounts Related Thereto* [Docket No. 2076].

9.      The Assumption and Assignment Notices provided that the purchaser of the

Platform Assets "may, subject to certain limitations . . . designate additional contracts or leases

as Assumed Contracts to be assumed and assigned by providing notice to the affected non-debtor

counterparties indicating that the Debtors intend to assume and assign additional Assumed

Contracts" until two business days prior to the Closing Date (the "Contract Designation

Deadline").

10.    On November 21, 2012, the Court entered orders approving the sale of (i) the

Platform Assets (the "Platform Sale") to Ocwen [Docket No. 2246], and (ii) the sale of the

Debtors' legacy whole loan portfolio (the "Whole Loan Sale") to Berkshire Hathaway Inc., in

each case subject to the respective sale orders [Docket No. 2247].[2]

11.    In connection with the Assumption and Assignment Notices, the Debtors devoted

substantial effort to prepare a full and complete list of executory contracts and unexpired leases

that were likely to be assumed and assigned to the purchaser of the Platform Assets, subject to

the terms of the Sale Procedures Order.  Since the filing of the Assumption and Assignment

Notices, the Debtors have identified additional executory contracts, set forth on the Supplemental

Schedule, that were inadvertently omitted from the Assumption and Assignment Notices.[3]

12.    The Debtors believe that they are authorized to furnish notice of assumption and

assignment to counterparties to the Executory Contracts in accordance with the Sale Procedures

Order.  However, the Debtors have elected to file this Motion out of an abundance of caution.

The Debtors seek to assume and assign to Ocwen the Executory Contracts on the closing date of

the Platform Sale (the "Closing Date"), reserving their right to remove any Executory Contract

from the Supplemental Schedule, in which case the Executory Contract shall cease to be an

Executory Contract, no later than two business days prior to the Closing Date (the "Contract

Designation Deadline").  The counterparty to such removed Executory Contract shall receive

prompt notice of such removal.

---

[2] The order approving the Platform Sale shall be referred to as the "Sale Order" herein.

[3] Consistent with Bankruptcy Rule 6006(f), the Supplemental Schedule contains no more than 100 executory contracts and unexpired leases to be assumed.  Because the Debtors have identified approximately 215 additional agreements that were inadvertently admitted from the Assumption and Assignment Notices, the Debtors are seeking authority to assume and assign these Executory Contracts by three separate motions.

## RELIEF REQUESTED

13.    By this Motion, the Debtors respectfully request, pursuant to Bankruptcy Code sections 105(a) and 365(a) and (f), and Bankruptcy Rules 6006 and 9014, and Rule 6006-1 of the Local Bankruptcy Rules for the Southern District of New York, that this Court enter an order, substantially in the form annexed hereto as Exhibit 3, pursuant to sections 365(a) and (f) of the Bankruptcy Code, authorizing the assumption and assignment of the Executory Contracts identified on the Supplemental Schedule.[4]    The Debtors respectfully request that any subsequent assumption and assignment remain subject to the terms of the Sale Order.    The Debtors submit that the assumption and assignment of the Executory Contracts is in furtherance of and required by the terms of the Platform Sale, and thus represents an appropriate exercise of sound business judgment.

## BASIS FOR RELIEF

14.    The Debtors have determined that the Executory Contracts identified on the Supplemental Schedule may be necessary to Ocwen's ongoing business operations.    Accordingly, the Debtors have determined through the exercise of their business judgment that the proposed assumption and assignment of the Executory Contracts, subject to the Debtors right to remove any Executory Contract from the Supplemental Schedule, in which case the Executory Contract shall cease to be an Executory Contract, no later than two business days prior to the Closing Date, is in the best interests of the Debtors' estates, their creditors and other parties in interest.

---

[4] Consistent with Bankruptcy Rule 6006(f), the Supplemental Schedule contains no more than 100 executory contracts and unexpired leases to be assumed.  The Debtors are currently performing a review and evaluation of other executory contracts and unexpired leases that are not the subject of this Motion.  As this process continues, the Debtors may identify additional executory contracts and unexpired leases to be assumed and assigned or rejected. Accordingly, the Debtors reserve the right to seek to assume and assign or reject additional executory contracts and unexpired leases in the future.  This Motion should not be construed as a determination that any executory contract or unexpired lease not listed herein is to be assumed and assigned or rejected.

ny-1074459

## APPLICABLE AUTHORITY

15.     Section 365 of the Bankruptcy Code provides that a debtor in possession may

assume, assign, or reject any executory contract or unexpired lease of the debtor, provided that

any defaults under such contracts and leases are cured and adequate assurance of future

performance is provided.  *See* 11 U.S.C. § 365(a) and (f).  *See also NLRB v. Bildisco & Bildisco*,

465 U.S. 513, 521 (1984); *Med. Malpractice Ins. Ass'n v. Hirsch (In re Lavigne)*, 114 F.3d 379,

386 (2d Cir. 1997).  "The purpose behind allowing the assumption or rejection of executory

contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate

and to renounce title to and abandon burdensome property."  *Orion Pictures Corp. v. Showtime*

*Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2d Cir. 1993) (internal quotation

marks and reference omitted).  Bankruptcy Code section 365(f) provides that, notwithstanding

language in an executory contract or unexpired lease to the contrary, the trustee may assign a

contract or lease, provided first that the trustee assume the contract or lease, and second that

adequate assurance of future performance by the assignee be provided, whether or not the

contract or lease is in default.  *See* 11 U.S.C. § 365(f).  *See also* 4 ALAN A. RESNICK & HENRY J.

SOMMER, COLLIER BANKRUPTCY PRACTICE GUIDE ¶ 68.08 (4th ed. 2011).

16.     Courts defer to a debtor's business judgment in assuming an executory contract or

unexpired lease.  *In re Orion Pictures Corp.*, 4 F.3d at 1098 (noting that section 365 "permits the

[debtor], subject to the approval of the bankruptcy court, to go through the inventory of

executory contracts of the debtor and decide which ones it would be beneficial to adhere to and

which ones it would be beneficial to reject.").

17.     Courts generally will not second-guess a debtor's business judgment concerning

whether the assumption or rejection of an executory contract or unexpired lease would benefit

the debtor's estate.  *See Phar-Mor, Inc. v. Strouss Bldg. Assocs.*, 204 B.R. 948, 951-52 (N.D.

6

Ohio 1997) ("Whether an executory contract is 'favorable' or 'unfavorable' is left to the sound business judgment of the debtor.") (internal citations omitted).  If the debtor's business judgment has been exercised reasonably, a court should approve the assumption or rejection of an executory contract.  *See, e.g.*, *NLRB v. Bildisco & Bildisco*, 465 U.S. at 523; *In re Ionosphere Clubs, Inc.*, 100 B.R. 670, 673 (Bankr. S.D.N.Y. 1989); *see also In re Orion Pictures Corp.*, 4 F.3d at 1098-99.  The Debtors respectfully submit that in connection with the Platform Sale, the Debtors have established that the assumption and assignment of the Executory Contracts reflects a sound exercise of their business judgment as reflected in the findings set forth in the Sale Order and record at the Sale Hearing.

18.    The assumption and assignment of the Executory Contracts satisfies the provisions of Bankruptcy Code section 365.  First, the Court previously found in connection with the Sale Order that the adequate assurance of future performance standard has been  satisfied. *See Sale Order*, at  ¶T ("The Purchaser's promise to perform the obligations under the Assumed Contracts after the Closing Date shall constitute adequate assurance of its future performance of and under the Assumed Contracts, within the meaning of sections 365(b)(1) and 365(f)(2) of the Bankruptcy Code.").  The meaning of "adequate assurance of future performance" depends on the facts and circumstances of each case, but should be given "practical, pragmatic construction." *See Carlisle Homes. Inc. v. Azzari (In re Carlisle Homes, Inc.)*, 103 B.R. 524, 538 (Bankr. D.N.J. 1989).  Among other things, adequate assurance may be given by demonstrating the assignee's financial health and experience in managing the type of enterprise or property assigned.  *See In re Bygaph Inc.*, 56 B.R. 596, 605-06 (Bankr. S.D.N.Y. 1986).  Ocwen clearly satisfies this criteria.

19.     Second, the Debtors believe there are no cure costs associated with the assumption of the Executory Contracts.  However, if there are any cure costs associated with such Executory Contracts, the Debtors will promptly cure any default arising under any Executory Contract.  Further, should Ocwen determine that it wishes to take assignment of the Contracts upon the Closing Date, Ocwen has demonstrated adequate assurance of future performance.

20.     Accordingly, the Debtors submit that their request to assume and assign to Ocwen the Executory Contracts on the Closing Date, subject to the Debtors' right to remove any Executory Contract from the Supplemental Schedule no later than two business days prior to the Closing Date, should be approved because it is in accordance with the Ocwen asset purchase agreement and thus is in the best interests of the Debtors' estates and represents a proper exercise of the Debtors' business judgment.

### NOTICE

21.     The Debtors have provided notice of this Motion in accordance with the Case Management Procedures Order, approved by this Court on May 23, 2012 [Docket No. 141].

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

8

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that this Court enter an order,

substantially in the form annexed hereto as Exhibit 3, granting the relief requested in this Motion

and such other and further relief as may be just and proper.

Dated: January 22, 2013
      New York, New York

                          /s/ Gary S. Lee
                          Gary S. Lee
                          Todd M. Goren
                          Alexandra Steinberg Barrage
                          Melissa M. Crespo
                          MORRISON & FOERSTER LLP
                          1290 Avenue of the Americas
                          New York, New York 10104
                          Telephone: (212) 468-8000
                          Facsimile: (212) 468-7900

                          *Counsel to the Debtors
                          and Debtors in Possession*

ny-1074459

## **Exhibit 1 to the Motion**

Supplemental Schedule of Executory Contracts

**Servicing Agreements**

| Debtor Entity | Contract Name | Series | Shelf | Counterparty | Cure Amount | Counterparty / Investor Address |
|---|---|---|---|---|---|---|
| Residential Funding Company | RAMP 2006-RS1 Pooling & Servicing Agreement (01-01-2006) | 2006-RS1 | RAMP | BNY Mellon | $0.00 | 525 William Penn Place, Pittsburgh, PA 15259-0001 |
| Residential Funding Company | RALI Standard Terms of Pooling and Servicing Agreement dated as of June 1, 2007 | RALI | RALI | Deutsche Bank | $0.00 | 1761 E. St. Andrew Place, Santa Ana, CA 92705-4934 |
| Residential Funding Company | Metlife Bank, DLJ Assignment and Assumption Agreement | 2004-WH22 | Private | DLJ Mortgage Capital Inc | $0.00 | 11 Madison Avenue, New York, NY 10010-3643 |
| Residential Funding Company | Dyck-O'Neal Deficiency Pursuit Agreement 6/1/1996 as addended 9/13/2004 | Sub Servicer | N/A | Dyck and O'Neal | $0.00 | 15301 Spectrum Drive, Suite #450, Addison, TX 75001 |
| GMAC Mortgage, LLC | GMACM 2006-HE2 Insurance and IndemnityFGIC | 2006-HE2 | HE GMACM | FGIC | $0.00 | 125 Park Avenue, New York, NY 10017 |
| GMAC Mortgage, LLC | HE GMACM 2006-HE1 Insurance AgreementFGIC | 2006-HE1 | HE GMACM | FGIC | $0.00 | 125 Park Avenue, New York, NY 10017 |
| Residential Funding Company | RFMSI 2005-S7 Indemnition Agreement FGIC | 2005-S2 | RFMSI | FGIC | $0.00 | 125 Park Avenue, New York, NY 10017 |
| Residential Funding Company | RFMSI 2005-S7 Indemnition Agreement FGIC dated as of November 21, 2005 | 2005-S7 | RFMSI | FGIC | $0.00 | 125 Park Avenue, New York, NY 10017 |
| Residential Funding Company | Fidelity Information Services, Inc. Interchange Services Agreement SK7-08IN 2/7/2007 | N/A | N/A | Fidelity Information Services, Inc. | $0.00 | 601 Riverside Avenue, Jacksonville, FL  32204 |
| Residential Funding Company | Genworth 2001-PTW19 Detail Policy 11/28/2001 | 2001-PTWH19 | Private | Genworth | $0.00 | Genworth Mortgage Insurance 8325 Six Forks Road, Raleigh NC 27615 |
| Residential Funding Company | Genworth 2001-PTWH12  Detail Policy 07/25/2001 (GEMICO Mortgage Portfolio Insurance Policy) | 2001-PTWH12 | Private | Genworth | $0.00 | Genworth Mortgage Insurance 8325 Six Forks Road, Raleigh NC 27615 |
| Residential Funding Company | Genworth 2001-PTWH12  Master Policy #6191 07/25/2001 | 2001-PTWH12 | Private | Genworth | $0.00 | Genworth Mortgage Insurance 8325 Six Forks Road, Raleigh NC 27615 |
| Residential Funding Company | Genworth 2001-PTWH14  Master Policy #6191 07/16/2001 | 2001-PTWH14 | Private | Genworth | $0.00 | Genworth Mortgage Insurance 8325 Six Forks Road, Raleigh NC 27615 |
| Residential Funding Company | Genworth 2001-PTWH16  Detail Policy 37161 | 2001-PTWH16 | Private | Genworth | $0.00 | Genworth Mortgage Insurance 8325 Six Forks Road, Raleigh NC 27615 |
| Residential Funding Company | Genworth 2001-PTWH16  Master Policy #6191 09/27/2001 | 2001-PTWH16 | Private | Genworth | $0.00 | Genworth Mortgage Insurance 8325 Six Forks Road, Raleigh NC 27615 |
| Residential Funding Company | Genworth 2001-PTWH17  Detail Policy 37106 | 2001-PTWH17 | Private | Genworth | $0.00 | Genworth Mortgage Insurance 8325 Six Forks Road, Raleigh NC 27615 |
| Residential Funding Company | Genworth 2001-PTWH17  Master Policy #6191 08/03/2001 | 2001-PTWH17 | Private | Genworth | $0.00 | Genworth Mortgage Insurance 8325 Six Forks Road, Raleigh NC 27615 |
| Residential Funding Company | Genworth 2001-PTWH19  Master Policy #6191 11/28/2001 | 2001-PTWH19 | Private | Genworth | $0.00 | Genworth Mortgage Insurance 8325 Six Forks Road, Raleigh NC 27615 |
| Residential Funding Company | Genworth 2001-RM2  Master Policy #6191 12/27/2001 | 2001-RM2 | RAMP | Genworth | $0.00 | Genworth Mortgage Insurance 8325 Six Forks Road, Raleigh NC 27615 |
| Residential Funding Company | Genworth 2001-RM2 Detail Policy 12/27/2001 (#6191) | 2001-RM2 | RAMP | Genworth | $0.00 | Genworth Mortgage Insurance 8325 Six Forks Road, Raleigh NC 27615 |

**Servicing Agreements**

| Debtor Entity | Contract Name | Series | Shelf | Counterparty | Cure Amount | Counterparty / Investor Address |
|---|---|---|---|---|---|---|
| Residential Funding Company | Genworth 2001-RS1  Policy #6223 03/28/2001 | 2001-RS1 | RAMP | Genworth | $0.00 | Genworth Mortgage Insurance 8325 Six Forks Road, Raleigh NC 27615 |
| Residential Funding Company | Genworth 2006-SP4 Master Policy #6191 12/08/2006 | 2006-SP4 | RAMP | Genworth | $0.00 | Genworth Mortgage Insurance 8325 Six Forks Road, Raleigh NC 27615 |
| Residential Funding Company | First Amendment to GMAC Servicing Contract 08-28-09 | Sub Servicer | N/A | GMAC Mortgage, LLC | $0.00 | 1100 Virginia Drive, Fort Washington, PA 19034 |
| Residential Funding Company | GMACM Recovery Servicing Agreement First Amendment 02-01-09 | Sub Servicer | N/A | GMAC Mortgage, LLC | $0.00 | 1100 Virginia Drive, Fort Washington, PA 19034 |
| Residential Funding Company | GMACM Recovery Servicing Agreement Second Amendment 12-20-2011 | Sub Servicer | N/A | GMAC Mortgage, LLC | $0.00 | 1100 Virginia Drive, Fort Washington, PA 19034 |
| Residential Funding Company | GMACM Seller-Servicer Contract 11-24-92 | Sub Servicer | N/A | GMAC Mortgage, LLC | $0.00 | 1100 Virginia Drive, Fort Washington, PA 19034 |
| Residential Funding Company | RFC GMAC Recovery Agreement 011008X | Sub Servicer | N/A | GMAC Mortgage, LLC | $0.00 | 1100 Virginia Drive, Fort Washington, PA 19034 |
| Residential Funding Company | Goldman REMIC Residual Purchase and Sale Agreement Residential Funding Company 10/18/2007 | Various | Various | Goldman | $0.00 | Goldman, Sachs & Co., Attn. Donald M. Arndt, 85 Broad Street, New York, NY  10004 |
| Residential Funding Company | Goldman REMIC Residual Purchase and Sale Agreement Residential Funding Securities 10/31/2007 | Various | Various | Goldman | $0.00 | Goldman, Sachs & Co., Attn. Donald M. Arndt, 85 Broad Street, New York, NY  10004 |
| Residential Funding Company | Goldman REMIC Residual Purchase and Sale Amendment No. 1 RFC 10/19/2007 | Various | Various | Goldman | $0.00 | Goldman, Sachs & Co., Attn. Donald M. Arndt, 85 Broad Street, New York, NY  10004 |
| Residential Funding Company | RFMSII 2003-HS3 Indemnification Agreement (IA) MBIA 9-23-2003 | 2003-HS3 | RFMSII | MBIA | $0.00 | 650 Fifth Avenue, 7th Floor (52nd St.),New York, NY 10019 |
| Residential Funding Company | MGIC 2001-PTWH14  MGIC Policy #22-4004-1209 07/16/2001 | 2001-PTWH14 | Private | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2001-PTWH14  MGIC Policy #22-4004-1209 detail 07/16/2001 | 2001-PTWH14 | Private | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2001-PTWH14  MGIC Policy #22-4004-1209 Termletter 07/16/2001 | 2001-PTWH14 | Private | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2001-PTWH14 Detail Policy 7/16/2001 | 2001-PTWH14 | Private | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2002-KS2  PolGar(MGIC Master Policy) 2002-KS2 04/02/2002 | 2002-KS2 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2002-KS2 MGIC Term Letter 4/2/2002 | 2002-KS2 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2002-KS2 PolGar(MGIC Master Policy) 2/9/2007 | 2007-RP1 | RAMP | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2002-KS2 PolGar(MGIC Master Policy) 3/9/2007 | 2007-RP2 | RAMP | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2002-KS3 PolGar(MGIC Master Policy) 2/9/2007 | 2007-RP1 | RAMP | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2002-KS3 PolGar(MGIC Master Policy) 3/9/2007 | 2007-RP2 | RAMP | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |

Servicing Agreements

| Debtor Entity | Contract Name | Series | Shelf | Counterparty | Cure Amount | Counterparty / Investor Address |
|---|---|---|---|---|---|---|
| Residential Funding Company | MGIC 2002-KS3 Term Letter MGIC 2/9/2007 | 2007-RP1 | RAMP | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2002-KS3 Term Letter MGIC 3/9/2007 | 2007-RP2 | RAMP | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2002-KS4 MGIC Term Letter 7/2/2002 | 2002-KS4 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2002-KS4 PolGar(MGIC Master Policy) 2002-KS4 07/02/2002 | 2002-KS4 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2002-KS5 PolGar(MGIC Master Policy) 2/9/2007 | 2007-RP1 | RAMP | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2002-KS5 PolGar(MGIC Master Policy) 3/9/2007 | 2007-RP2 | RAMP | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2002-KS6 MGIC Term Letter 10/1/2002 | 2002-KS6 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2002-KS6 PolGar(MGIC Master Policy) 2002-KS6 10/01/2002 | 2002-KS6 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2002-KS7 PolGar(MGIC Master Policy) 3/9/2007 | 2007-RP2 | RAMP | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2002-KS8 commitment Certificate 12/23/2002 | 2002-KS8 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2002-KS8 MGIC Term Letter 12/23/2002 | 2002-KS8 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2002-KS8 PolGar(MGIC Master Policy) 2002-KS8 12/23/2002 | 2002-KS8 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS2 commitment Certificates I 4/2/2003 | 2003-KS2 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS2 commitment Certificates II 4/2/2003 | 2003-KS2 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS2 commitment Certificates III 4/2/2003 | 2003-KS2 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS2 commitment Certificates IV 4/2/2003 | 2003-KS2 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS2 PolGar(MGIC Master Policy) 2003-KS2 04/02/2003 | 2003-KS2 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS3 commitment Certificates 4/29/2003 | 2003-KS3 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS3 PolGar(MGIC Master Policy) 2003-KS3 04/29/2003 | 2003-KS3 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS4 Insurance Agreement (MGIC) 5/29/2003 | 2003-KS4 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS4 PolGar Commitment Certicate (MGIC) 5/29/2003 | 2003-KS4 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS4 PolGar Letter agreement(MGIC) 5/29/2003 | 2003-KS4 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |

**Servicing Agreements**

| Debtor Entity | Contract Name | Series | Shelf | Counterparty | Cure Amount | Counterparty / Investor Address |
|---|---|---|---|---|---|---|
| Residential Funding Company | MGIC 2003-KS4 PolGar(MGIC Master Policy) 2003-KS4 05/29/2003 | 2003-KS4 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS5 PolGar Commitment Certicate (MGIC) 6/27/2003 | 2003-KS5 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS5 PolGar Letter agreement(MGIC) 6/27/2003 | 2003-KS5 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS5 PolGar(MGIC Master Policy) 2003-KS5 06/27/2003 | 2003-KS5 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS6 PolGar Commitment Certicate (MGIC) 7/30/2003 | 2003-KS6 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS6 PolGar Letter agreement(MGIC) 7/30/2003 | 2003-KS6 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS6 PolGar(MGIC Master Policy) 2003-KS6 07/30/2003 | 2003-KS6 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS7 PolGar Commitment Certicate (MGIC) 8/28/2003 | 2003-KS7 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS7 PolGar Letter agreement(MGIC) 8/28/2003 | 2003-KS7 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS7 PolGar(MGIC Master Policy) 2003-KS7 08/28/2003 | 2003-KS7 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS8 PolGar Commitment Certicate (MGIC) 9/29/2003 | 2003-KS8 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS8 PolGar Letter agreement(MGIC) 9/29/2003 | 2003-KS8 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS8 PolGar(MGIC Master Policy) 2003-KS8 09/29/2003 | 2003-KS8 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS9 PolGar Commitment Certicate (MGIC) 10/30/2003 | 2003-KS9 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS9 PolGar Letter agreement(MGIC) 10/30/2003 | 2003-KS9 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS9 PolGar(MGIC Master Policy) 2003-KS9 10/30/2003 | 2003-KS9 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2004-KS1 Insurance Agreement (MGIC) 1/29/2004 | 2004-KS1 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2004-KS1 PolGar Commitment Certicate (MGIC) 1/29/2004 | 2004-KS1 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2004-KS1 PolGar Letter agreement(MGIC) 1/29/2004 | 2004-KS1 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2004-KS1 PolGar(MGIC Master Policy) 2004-KS1 01/29/2004 | 2004-KS1 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2004-KS2 Insurance Agreement (MGIC) 2/26/2004 | 2004-KS2 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2004-KS2 PolGar Commitment Certicate (MGIC) 2/26/2004 | 2004-KS2 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |

**Servicing Agreements**

| Debtor Entity | Contract Name | Series | Shelf | Counterparty | Cure Amount | Counterparty / Investor Address |
|---|---|---|---|---|---|---|
| Residential Funding Company | MGIC 2004-KS2 PolGar Letter agreement(MGIC) 2/26/2004 | 2004-KS2 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2004-KS2 PolGar(MGIC Master Policy) 2004-KS2 02/26/2004 | 2004-KS2 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2004-KS3 PolGar Commitment Certicate (MGIC) 3/30/2004 | 2004-KS3 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2004-KS3 PolGar Letter agreement(MGIC) 3/30/2004 | 2004-KS3 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2004-KS3 PolGar(MGIC Master Policy) 2004-KS3 03/30/2004 | 2004-KS3 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2004-KS4 PolGar Commitment Certicate (MGIC) 4/29/2004 | 2004-KS4 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2004-KS4 PolGar Letter agreement(MGIC) 4/29/2004 | 2004-KS4 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2004-KS4 PolGar(MGIC Master Policy) 2004-KS4 04/29/2004 | 2004-KS4 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2004-KS5 PolGar Commitment Certicate (MGIC) 5/27/2004 | 2004-KS5 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2004-KS5 PolGar Letter agreement(MGIC) 5/27/2004 | 2004-KS5 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2004-KS5 PolGar(MGIC Master Policy) 2004-KS5 05/27/2004 | 2004-KS5 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2004-KS6 PolGar Commitment Certicate (MGIC) 6/29/2004 | 2004-KS6 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2004-KS6 PolGar Letter agreement(MGIC) 6/29/2004 | 2004-KS6 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2004-KS6 PolGar(MGIC Master Policy) 2004-KS6 06/29/2004 | 2004-KS6 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |

## Exhibit 2

Declaration of Matthew Detwiler

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Todd M. Goren
Alexandra Steinberg Barrage
Melissa M. Crespo

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

---

**DECLARATION OF MATTHEW DETWILER IN SUPPORT OF THE DEBTORS'
MOTIONS FOR ORDERS UNDER 11 U.S.C. §§ 105(a) AND 365(a) AND (f), FED. R.
BANKR. P. 6006 AND 9014 AND LOCAL BANKRUPTCY RULE 6006-1
<u>AUTHORIZING ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS</u>**

I, Matthew Detwiler, declare as follows:

      **A.**      **Background and Qualifications**

      I serve as Senior Vice President of Servicing Solutions for GMAC Mortgage, LLC, one

of the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively,

the "<u>Debtors</u>"). I have held my current title since August 2011, and have worked in the

mortgage loan industry for over fifteen years. In my capacity as Senior Vice President, I am

responsible for business development, contract negotiations and administration, and client

management activities with respect to the Debtors' subservicing operations. I am authorized to

submit this declaration (the "<u>Declaration</u>") in support of 1) *Debtors' First Motion for Order*

Under 11 U.S.C. §§ 105(a) and 365(a) and (f), Fed. R. Bankr. P. 6006 and 9014 and Local Bankruptcy Rule 6006-1 Authorizing Assumption and Assignment of Executory Contracts In Connection with the Sale of the Debtors' Platform Assets (the "First Assumption and Assignment Motion"); 2) Debtors' Second Motion for Order Under 11 U.S.C. §§ 105(a) and 365(a) and (f), Fed. R. Bankr. P. 6006 and 9014 and Local Bankruptcy Rule 6006-1 Authorizing Assumption and Assignment of Executory Contracts In Connection with the Sale of the Debtors' Platform Assets (the "Second Assumption and Assignment Motion"); and (3) Debtors' Motion for Order Under 11 U.S.C. §§ 105(a) and 365(a) and (f), Fed. R. Bankr. P. 6006 and 9014 and Local Bankruptcy Rule 6006-1 Authorizing Assumption and Assignment of Executory Contracts In Connection with the Sale of the Debtors' Platform Assets or the Sale of the Debtors' Whole Loan Assets (the (the "Third Assumption and Assignment Motion" and together with the First Assumption and Assignment Motion and the Second Assumption and Assignment Motion, the "Assumption and Assignment Motions").[1]

Except as otherwise indicated, all statements in this Declaration are based upon my personal knowledge or information supplied or verified by personnel in departments within the Debtors' various business units.  If I were called to testify as a witness in this matter, I would testify competently to the facts set forth herein.

1.      Before filing the Assumption and Assignment Notices, the Debtors put forth substantial effort to prepare a full and complete list of executory contracts and unexpired leases that were likely to be assumed and assigned to the purchaser of the Platform Assets, subject to the terms of the Sale Procedures Order.  Since the filing of the Assumption and Assignment Notices, the Debtors have identified additional executory contracts, set forth on the

---

[1]  Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to them in the Assumption and Assignment Motions.

Supplemental Schedule, that were inadvertently omitted from the Assumption and Assignment

Notices.  Listed on Exhibit 1(c) to the First Assumption and Assignment Motion, Exhibit 1 to the

Second Assumption and Assignment Motion, and Exhibit 1 to the Third Assumption and

Assignment Motion are Executory Contracts that are mortgage servicing agreements or ancillary

agreements to certain mortgage servicing agreements (the "Servicing Agreements").

2.      The Debtors have determined that the Servicing Agreements identified in

the exhibits to the Assumption and Assignment Motions should be scheduled for assumption and

assignment to Ocwen or Berkshire, as set forth in the respective Assumption and Assignment

Motions and, subject to final determination by the Debtors and Ocwen or Berkshire, respectively,

assigned to Ocwen or Berkshire upon the respective Closing Dates.

3.      The Debtors believe there are no cure costs associated with the assumption

and assignment of the Servicing Agreements.  However, if there are any cure costs associated

with such Servicing Agreements, the Debtors will promptly cure any default arising under any

Servicing Agreement.  Further, Ocwen has demonstrated adequate assurance of future

performance.

4.      Based on the foregoing, the Debtors have determined through the exercise

of their business judgment that assumption and assignment of the Servicing Agreements on the

Closing Date of the Ocwen Sale or the Closing Date of the Berkshire Sale, as applicable, subject

to the Debtors right to remove any Servicing Agreement, in which case the Servicing Agreement

shall cease to be an Executory Contract, no later than two business days prior to the Closing

Date, is in the best interests of the Debtors' estates, their creditors and other parties in interest.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct.

Dated: January 22, 2013                     /s/ Matthew Detwiler
New York, New York                          MATTHEW DETWILER
                                            Senior Vice President
                                            GMAC Mortgage, LLC

## **Exhibit 3**

Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

------------------------------------------------------------

### ORDER UNDER 11 U.S.C. §§ 105(a) AND 365(a) AND (f), FED. R. BANKR. P. 6006 AND 9014 AND LOCAL BANKRUPTCY RULE 6006-1 AUTHORIZING ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS

Upon the motion (the "Motion") of the Debtors[1] for entry of an order (the "Order"), pursuant to sections 105(a) and 365(a) and (f), of title 11 of the United States Code, as amended (the "Bankruptcy Code") and rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the assumption and assignment of the contracts identified on Exhibit 1 annexed hereto (the "Executory Contracts") as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and grant the requested relief in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Motion and the Declaration of Matthew Detwiler in support of the Motion; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and it appearing that proper and adequate notice of the Motion

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

has been given and that no other or further notice is necessary; and the legal and factual

bases set forth in the Motion establish just and sufficient cause to grant the requested

relief herein; and upon the record herein; and after due deliberation thereon; and good

and sufficient cause appearing therefor,

IT IS HEREBY FOUND, DETERMINED, AND ORDERED THAT:

1.    The Motion is GRANTED.

2.    Pursuant to Sections 365(a) and (f) of the Bankruptcy Code and

Bankruptcy Rules 6006 and 9014, the Debtors' assumption and assignment of the

Executory Contracts identified on Exhibit 1 annexed hereto is approved.

3.    The assumption and assignment of any Executory Contracts is subject to

the Debtors' right to remove any Executory Contract from Exhibit 1, no later than two

business days prior to the Closing Date (the "Contract Designation Deadline"), in which

case the Executory Contract shall cease to be an Executory Contract,.  The counterparty

to such removed Executory Contract shall be promptly furnished with notice of such

removal.

4.    Removal of any Executory Contract on or before the Contract Designation

Deadline will not constitute a rejection of such Executory Contract and neither the

Debtors nor Ocwen will be liable for rejection damages.

5.    The assumption and assignment of any Executory Contract not removed

by the Debtors as of the Contract Designation Deadline shall be effective as of the

Closing Date of the Platform Sale.

6.    The assumption and assignment of any Executory Contract on the Closing

Date shall be subject to and governed by the terms of the *Order Under 11 U.S.C. §§ 105,*

*363, and 365 and Fed. Bankr. P. 2002, 6004, 6006, and 9014 (I) Approving (A) Sale of*

*Debtors' Assets Pursuant to Asset Purchase Agreement with Ocwen Loan Servicing, LLC;*

*(B) Sale of Purchased Assets Free and Clear of Liens, Claims, Encumbrances, and Other*

*Interests; (C) Assumption and Assignment of Certain Executory Contracts and Unexpired*

*Leases Thereto; (D) Related Agreements; and (II) Granting Related Relief* [Docket No.

2246].

7.      The Debtors are hereby authorized to execute and deliver all instruments

and documents, and take all other actions, as may be necessary or appropriate to

implement and effectuate the relief granted in this Order.

8.      Entry of this Order is without prejudice to the rights of the Debtors,

including, but not limited to, the right to seek further, other, or different relief regarding

the Debtors' executory contracts and unexpired leases pursuant to, among other things,

section 365 of the Bankruptcy Code.  Notwithstanding the relief granted herein and any

actions taken hereunder, nothing in the Motion or this Order shall constitute, nor is it

intended to constitute: (i) an admission as to the validity or priority of any claim against

the Debtors; (ii) a waiver of the Debtors' rights to dispute any claim; or (iii) an

assumption or adoption of any executory contract or unexpired lease pursuant to section

365 of the Bankruptcy Code.

9.      This Court shall retain jurisdiction with respect to all matters arising from

or related to the implementation or interpretation of this Order.

Dated:      _____, 2013
            New York, New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

## **Exhibit 1 to the Order**

Schedule of Executory Contracts

**Servicing Agreements**

| Debtor Entity | Contract Name | Series | Shelf | Counterparty | Cure Amount | Counterparty / Investor Address |
|---|---|---|---|---|---|---|
| Residential Funding Company | RAMP 2006-RS1 Pooling & Servicing Agreement (01-01-2006) | 2006-RS1 | RAMP | BNY Mellon | $0.00 | 525 William Penn Place, Pittsburgh, PA 15259-0001 |
| Residential Funding Company | RALI Standard Terms of Pooling and Servicing Agreement dated as of June 1, 2007 | RALI | RALI | Deutsche Bank | $0.00 | 1761 E. St. Andrew Place, Santa Ana, CA 92705-4934 |
| Residential Funding Company | Metlife Bank, DLJ Assignment and Assumption Agreement | 2004-WH22 | Private | DLJ Mortgage Capital Inc | $0.00 | 11 Madison Avenue, New York, NY 10010-3643 |
| Residential Funding Company | Dyck-O'Neal Deficiency Pursuit Agreement 6/1/1996 as addended 9/13/2004 | Sub Servicer | N/A | Dyck and O'Neal | $0.00 | 15301 Spectrum Drive, Suite #450, Addison, TX 75001 |
| GMAC Mortgage, LLC | GMACM 2006-HE2 Insurance and IndemnityFGIC | 2006-HE2 | HE GMACM | FGIC | $0.00 | 125 Park Avenue, New York, NY 10017 |
| GMAC Mortgage, LLC | HE GMACM 2006-HE1 Insurance AgreementFGIC | 2006-HE1 | HE GMACM | FGIC | $0.00 | 125 Park Avenue, New York, NY 10017 |
| Residential Funding Company | RFMSI 2005-S7 Indemnition Agreement FGIC | 2005-S2 | RFMSI | FGIC | $0.00 | 125 Park Avenue, New York, NY 10017 |
| Residential Funding Company | RFMSI 2005-S7 Indemnition Agreement FGIC dated as of November 21, 2005 | 2005-S7 | RFMSI | FGIC | $0.00 | 125 Park Avenue, New York, NY 10017 |
| Residential Funding Company | Fidelity Information Services, Inc. Interchange Services Agreement SK7-08IN 2/7/2007 | N/A | N/A | Fidelity Information Services, Inc. | $0.00 | 601 Riverside Avenue, Jacksonville, FL  32204 |
| Residential Funding Company | Genworth 2001-PTW19 Detail Policy 11/28/2001 | 2001-PTWH19 | Private | Genworth | $0.00 | Genworth Mortgage Insurance 8325 Six Forks Road, Raleigh NC 27615 |
| Residential Funding Company | Genworth 2001-PTWH12  Detail Policy 07/25/2001 (GEMICO Mortgage Portfolio Insurance Policy) | 2001-PTWH12 | Private | Genworth | $0.00 | Genworth Mortgage Insurance 8325 Six Forks Road, Raleigh NC 27615 |
| Residential Funding Company | Genworth 2001-PTWH12  Master Policy #6191 07/25/2001 | 2001-PTWH12 | Private | Genworth | $0.00 | Genworth Mortgage Insurance 8325 Six Forks Road, Raleigh NC 27615 |
| Residential Funding Company | Genworth 2001-PTWH14  Master Policy #6191 07/16/2001 | 2001-PTWH14 | Private | Genworth | $0.00 | Genworth Mortgage Insurance 8325 Six Forks Road, Raleigh NC 27615 |
| Residential Funding Company | Genworth 2001-PTWH16  Detail Policy 37161 | 2001-PTWH16 | Private | Genworth | $0.00 | Genworth Mortgage Insurance 8325 Six Forks Road, Raleigh NC 27615 |
| Residential Funding Company | Genworth 2001-PTWH16  Master Policy #6191 09/27/2001 | 2001-PTWH16 | Private | Genworth | $0.00 | Genworth Mortgage Insurance 8325 Six Forks Road, Raleigh NC 27615 |
| Residential Funding Company | Genworth 2001-PTWH17  Detail Policy 37106 | 2001-PTWH17 | Private | Genworth | $0.00 | Genworth Mortgage Insurance 8325 Six Forks Road, Raleigh NC 27615 |
| Residential Funding Company | Genworth 2001-PTWH17  Master Policy #6191 08/03/2001 | 2001-PTWH17 | Private | Genworth | $0.00 | Genworth Mortgage Insurance 8325 Six Forks Road, Raleigh NC 27615 |
| Residential Funding Company | Genworth 2001-PTWH19  Master Policy #6191 11/28/2001 | 2001-PTWH19 | Private | Genworth | $0.00 | Genworth Mortgage Insurance 8325 Six Forks Road, Raleigh NC 27615 |
| Residential Funding Company | Genworth 2001-RM2  Master Policy #6191 12/27/2001 | 2001-RM2 | RAMP | Genworth | $0.00 | Genworth Mortgage Insurance 8325 Six Forks Road, Raleigh NC 27615 |
| Residential Funding Company | Genworth 2001-RM2 Detail Policy 12/27/2001 (#6191) | 2001-RM2 | RAMP | Genworth | $0.00 | Genworth Mortgage Insurance 8325 Six Forks Road, Raleigh NC 27615 |

**Servicing Agreements**

| Debtor Entity | Contract Name | Series | Shelf | Counterparty | Cure Amount | Counterparty / Investor Address |
|---|---|---|---|---|---|---|
| Residential Funding Company | Genworth 2001-RS1  Policy #6223 03/28/2001 | 2001-RS1 | RAMP | Genworth | $0.00 | Genworth Mortgage Insurance 8325 Six Forks Road, Raleigh NC 27615 |
| Residential Funding Company | Genworth 2006-SP4 Master Policy #6191 12/08/2006 | 2006-SP4 | RAMP | Genworth | $0.00 | Genworth Mortgage Insurance 8325 Six Forks Road, Raleigh NC 27615 |
| Residential Funding Company | First Amendment to GMAC Servicing Contract 08-28-09 | Sub Servicer | N/A | GMAC Mortgage, LLC | $0.00 | 1100 Virginia Drive, Fort Washington, PA 19034 |
| Residential Funding Company | GMACM Recovery Servicing Agreement First Amendment 02-01-09 | Sub Servicer | N/A | GMAC Mortgage, LLC | $0.00 | 1100 Virginia Drive, Fort Washington, PA 19034 |
| Residential Funding Company | GMACM Recovery Servicing Agreement Second Amendment 12-20-2011 | Sub Servicer | N/A | GMAC Mortgage, LLC | $0.00 | 1100 Virginia Drive, Fort Washington, PA 19034 |
| Residential Funding Company | GMACM Seller-Servicer Contract 11-24-92 | Sub Servicer | N/A | GMAC Mortgage, LLC | $0.00 | 1100 Virginia Drive, Fort Washington, PA 19034 |
| Residential Funding Company | RFC GMAC Recovery Agreement 011008X | Sub Servicer | N/A | GMAC Mortgage, LLC | $0.00 | 1100 Virginia Drive, Fort Washington, PA 19034 |
| Residential Funding Company | Goldman REMIC Residual Purchase and Sale Agreement Residential Funding Company 10/18/2007 | Various | Various | Goldman | $0.00 | Goldman, Sachs & Co., Attn. Donald M. Arndt, 85 Broad Street, New York, NY  10004 |
| Residential Funding Company | Goldman REMIC Residual Purchase and Sale Agreement Residential Funding Securities 10/31/2007 | Various | Various | Goldman | $0.00 | Goldman, Sachs & Co., Attn. Donald M. Arndt, 85 Broad Street, New York, NY  10004 |
| Residential Funding Company | Goldman REMIC Residual Purchase and Sale Amendment No. 1 RFC 10/19/2007 | Various | Various | Goldman | $0.00 | Goldman, Sachs & Co., Attn. Donald M. Arndt, 85 Broad Street, New York, NY  10004 |
| Residential Funding Company | RFMSII 2003-HS3 Indemnification Agreement (IA) MBIA 9-23-2003 | 2003-HS3 | RFMSII | MBIA | $0.00 | 650 Fifth Avenue, 7th Floor (52nd St.),New York, NY 10019 |
| Residential Funding Company | MGIC 2001-PTWH14  MGIC Policy #22-4004-1209 07/16/2001 | 2001-PTWH14 | Private | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2001-PTWH14  MGIC Policy #22-4004-1209 detail 07/16/2001 | 2001-PTWH14 | Private | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2001-PTWH14  MGIC Policy #22-4004-1209 Termletter 07/16/2001 | 2001-PTWH14 | Private | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2001-PTWH14 Detail Policy 7/16/2001 | 2001-PTWH14 | Private | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2002-KS2  PolGar(MGIC Master Policy) 2002-KS2 04/02/2002 | 2002-KS2 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2002-KS2 MGIC Term Letter 4/2/2002 | 2002-KS2 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2002-KS2 PolGar(MGIC Master Policy) 2/9/2007 | 2007-RP1 | RAMP | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2002-KS2 PolGar(MGIC Master Policy) 3/9/2007 | 2007-RP2 | RAMP | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2002-KS3 PolGar(MGIC Master Policy) 2/9/2007 | 2007-RP1 | RAMP | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2002-KS3 PolGar(MGIC Master Policy) 3/9/2007 | 2007-RP2 | RAMP | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |

### Servicing Agreements

| Debtor Entity | Contract Name | Series | Shelf | Counterparty | Cure Amount | Counterparty / Investor Address |
|---|---|---|---|---|---|---|
| Residential Funding Company | MGIC 2002-KS3 Term Letter MGIC 2/9/2007 | 2007-RP1 | RAMP | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2002-KS3 Term Letter MGIC 3/9/2007 | 2007-RP2 | RAMP | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2002-KS4 MGIC Term Letter 7/2/2002 | 2002-KS4 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2002-KS4 PolGar(MGIC Master Policy) 2002-KS4 07/02/2002 | 2002-KS4 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2002-KS5 PolGar(MGIC Master Policy) 2/9/2007 | 2007-RP1 | RAMP | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2002-KS5 PolGar(MGIC Master Policy) 3/9/2007 | 2007-RP2 | RAMP | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2002-KS6 MGIC Term Letter 10/1/2002 | 2002-KS6 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2002-KS6 PolGar(MGIC Master Policy) 2002-KS6 10/01/2002 | 2002-KS6 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2002-KS7 PolGar(MGIC Master Policy) 3/9/2007 | 2007-RP2 | RAMP | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2002-KS8 commitment Certificate 12/23/2002 | 2002-KS8 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2002-KS8 MGIC Term Letter 12/23/2002 | 2002-KS8 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2002-KS8 PolGar(MGIC Master Policy) 2002-KS8 12/23/2002 | 2002-KS8 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS2 commitment Certificates I 4/2/2003 | 2003-KS2 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS2 commitment Certificates II 4/2/2003 | 2003-KS2 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS2 commitment Certificates III 4/2/2003 | 2003-KS2 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS2 commitment Certificates IV 4/2/2003 | 2003-KS2 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS2 PolGar(MGIC Master Policy) 2003-KS2 04/02/2003 | 2003-KS2 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS3 commitment Certificates 4/29/2003 | 2003-KS3 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS3 PolGar(MGIC Master Policy) 2003-KS3 04/29/2003 | 2003-KS3 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS4 Insurance Agreement (MGIC) 5/29/2003 | 2003-KS4 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS4 PolGar Commitment Certicate (MGIC) 5/29/2003 | 2003-KS4 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS4 PolGar Letter agreement(MGIC) 5/29/2003 | 2003-KS4 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |

Servicing Agreements

| Debtor Entity | Contract Name | Series | Shelf | Counterparty | Cure Amount | Counterparty / Investor Address |
|---|---|---|---|---|---|---|
| Residential Funding Company | MGIC 2003-KS4 PolGar(MGIC Master Policy) 2003-KS4 05/29/2003 | 2003-KS4 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS5 PolGar Commitment Certicate (MGIC) 6/27/2003 | 2003-KS5 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS5 PolGar Letter agreement(MGIC) 6/27/2003 | 2003-KS5 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS5 PolGar(MGIC Master Policy) 2003-KS5 06/27/2003 | 2003-KS5 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS6 PolGar Commitment Certicate (MGIC) 7/30/2003 | 2003-KS6 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS6 PolGar Letter agreement(MGIC) 7/30/2003 | 2003-KS6 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS6 PolGar(MGIC Master Policy) 2003-KS6 07/30/2003 | 2003-KS6 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS7 PolGar Commitment Certicate (MGIC) 8/28/2003 | 2003-KS7 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS7 PolGar Letter agreement(MGIC) 8/28/2003 | 2003-KS7 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS7 PolGar(MGIC Master Policy) 2003-KS7 08/28/2003 | 2003-KS7 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS8 PolGar Commitment Certicate (MGIC) 9/29/2003 | 2003-KS8 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS8 PolGar Letter agreement(MGIC) 9/29/2003 | 2003-KS8 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS8 PolGar(MGIC Master Policy) 2003-KS8 09/29/2003 | 2003-KS8 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS9 PolGar Commitment Certicate (MGIC) 10/30/2003 | 2003-KS9 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS9 PolGar Letter agreement(MGIC) 10/30/2003 | 2003-KS9 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS9 PolGar(MGIC Master Policy) 2003-KS9 10/30/2003 | 2003-KS9 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2004-KS1 Insurance Agreement (MGIC) 1/29/2004 | 2004-KS1 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2004-KS1 PolGar Commitment Certicate (MGIC) 1/29/2004 | 2004-KS1 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2004-KS1 PolGar Letter agreement(MGIC) 1/29/2004 | 2004-KS1 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2004-KS1 PolGar(MGIC Master Policy) 2004-KS1 01/29/2004 | 2004-KS1 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2004-KS2 Insurance Agreement (MGIC) 2/26/2004 | 2004-KS2 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2004-KS2 PolGar Commitment Certicate (MGIC) 2/26/2004 | 2004-KS2 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |

**Servicing Agreements**

| Debtor Entity | Contract Name | Series | Shelf | Counterparty | Cure Amount | Counterparty / Investor Address |
|---|---|---|---|---|---|---|
| Residential Funding Company | MGIC 2004-KS2 PolGar Letter agreement(MGIC) 2/26/2004 | 2004-KS2 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2004-KS2 PolGar(MGIC Master Policy) 2004-KS2 02/26/2004 | 2004-KS2 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2004-KS3 PolGar Commitment Certicate (MGIC) 3/30/2004 | 2004-KS3 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2004-KS3 PolGar Letter agreement(MGIC) 3/30/2004 | 2004-KS3 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2004-KS3 PolGar(MGIC Master Policy) 2004-KS3 03/30/2004 | 2004-KS3 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2004-KS4 PolGar Commitment Certicate (MGIC) 4/29/2004 | 2004-KS4 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2004-KS4 PolGar Letter agreement(MGIC) 4/29/2004 | 2004-KS4 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2004-KS4 PolGar(MGIC Master Policy) 2004-KS4 04/29/2004 | 2004-KS4 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2004-KS5 PolGar Commitment Certicate (MGIC) 5/27/2004 | 2004-KS5 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2004-KS5 PolGar Letter agreement(MGIC) 5/27/2004 | 2004-KS5 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2004-KS5 PolGar(MGIC Master Policy) 2004-KS5 05/27/2004 | 2004-KS5 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2004-KS6 PolGar Commitment Certicate (MGIC) 6/29/2004 | 2004-KS6 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2004-KS6 PolGar Letter agreement(MGIC) 6/29/2004 | 2004-KS6 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2004-KS6 PolGar(MGIC Master Policy) 2004-KS6 06/29/2004 | 2004-KS6 | RASC | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |