**Hearing Date and Time:  January 29, 2012 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline:  January 28, 2012 at 4:00 p.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Todd M. Goren
Alexandra Steinberg Barrage
Melissa M. Crespo

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**DEBTORS' MOTION FOR ORDER UNDER 11 U.S.C. §§ 105(a) AND 365(a) AND
(f), FED. R. BANKR. P. 6006 AND 9014 AND LOCAL BANKRUPTCY RULE
6006-1 AUTHORIZING ASSUMPTION AND ASSIGNMENT OF EXECUTORY
CONTRACTS IN CONNECTION WITH THE SALE OF THE DEBTORS'
PLATFORM ASSETS AND THE DEBTORS' WHOLE LOAN ASSETS**

**TO THE HONORABLE MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE:**

The debtors and debtors in possession in the above-captioned cases (collectively, the

"Debtors")[1], hereby move (the "Motion") for entry of an order under sections 105(a) and

365(a) and (f) of title 11 of the United States Code, as amended (the "Bankruptcy Code"), rules

6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule

6006-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the

assumption and assignment of the executory contracts set forth on Exhibit 1, annexed hereto (the

"Supplemental Schedule"), (each an "Executory Contract" and collectively, the "Executory

Contracts") and reserving the Debtors' right to remove any Executory Contract up to two

business days prior to 1) the Ocwen Closing Date (as defined below) of the Debtors' sale of their

Platform Assets (as defined below) to Ocwen Loan Servicing, LLC ("Ocwen") and 2) the

Berkshire Closing Date (as defined below) of the Debtors' sale of their Whole Loan Assets (as

defined below) to Berkshire Hathaway, Inc. ("Berkshire"), as applicable.  In support of the

Motion, the Debtors rely upon and incorporate by reference the Declaration of Matthew Detwiler,

a copy of which is annexed hereto as Exhibit 2.

In support of this Motion, the Debtors represent as follows:

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Motion

in this District is proper under 28 U.S.C. §§ 1408 and 1409.

---

[1]  The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1
to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter
11 Petitions and First Day Motions* [Docket No. 6].

2.      The statutory and legal predicates for the relief requested herein are Bankruptcy

Code sections 105(a) and 365(a) and (f), and Bankruptcy Rules 6006 and 9014.

## BACKGROUND

3.      On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary

petition with the Court for relief under Chapter 11 of the Bankruptcy Code.  The Debtors are

managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code

sections 1107(a) and 1108.  These cases are being jointly administered pursuant to Bankruptcy

Rule 1015(b).  No trustee has been appointed in these chapter 11 cases.

4.      On the Petition Date, the Debtors filed their *Motion Pursuant to 11 U.S.C. §§ 105,*

*363(b), (f), and (m), 365 and 1123, and Fed R. Bankr. P. 2002, 6004, 6006, and 9014 for Orders:*

*(I)(A) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expenses*

*Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and*

*Manner of Notice Thereof; and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of*

*Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests;*

*(II) Authorizing and Approving Asset Purchase Agreements Thereto; (III) Approving the*

*Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related*

*Thereto; and (IV) Granting Related Relief* [Docket No. 61] (the "Sale Motion").  By the Sale

Motion, the Debtors sought Court approval of the sales of the Debtors' mortgage loan servicing

and origination platform (the "Platform Assets") and the Debtors' legacy whole loan portfolio

(the "Whole Loan Assets").

5.      On May 16, 2012, the United States Trustee for the Southern District of New

York appointed a nine-member official committee of unsecured creditors.

6.      On June 20, 2012, the Court directed that an examiner be appointed, and on

July 3, 2012, the Court approved Arthur J. Gonzalez as the examiner [Docket Nos. 454, 674].

2

7.      On June 28, 2012, the Court approved the Debtors' proposed sale procedures, as requested by the Sale Motion, including procedures by which the Debtors would assume and assign certain contracts and fix cure amounts related thereto [Docket No. 538] (the "Sale Procedures Order").

8.      In connection with the Sale Procedures, the Platform Sale, and the Whole Loan Sale, the Debtors filed the following notices (collectively, the "Assumption and Assignment Notices") which listed executory contracts or unexpired leases that may be assumed by the Debtors and assigned to Ocwen or Berkshire (as set forth in the Assumption and Assignment Notices):

(a)      On July 26, 2012, the Debtors filed the *Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Property and (II) Cure Amounts Related Thereto* [Docket No. 924];

(b)      On September 14, 2012, the Debtors filed the *First Supplemental Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto* [Docket No. 1459];

(c)      On September 18, 2012, the Debtors filed *First Amended and Restated Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto* [Docket No. 1484];

(d)      On November 5, 2012, the Debtors filed the *First Notice of (I) Debtors' Intent to Assume and Assign Certain SBO Servicing Agreements as Executory Contracts and (II) Cure Amounts Related Thereto* [Docket No. 2076]; and

(e)      On November 5, 2012, the Debtors filed the *First Notice of (I) Debtors' Intent to Assume and Assign Certain SBO Servicing Agreements as Executory Contracts and (II) Cure Amounts Related Thereto* [Docket No. 2077].

ny-1074498

9.      On November 21, 2012, the Court entered orders approving the sale of (i) the

Platform Assets (the "Platform Sale") to Ocwen [Docket No.  2246] (the "Ocwen Sale Order"),

and (ii) the sale of the Debtors' legacy whole loan portfolio (the "Whole Loan Sale") to

Berkshire [Docket No.  2247] (the "Berkshire Sale Order" and together with the Ocwen Sale

Order, the "Sale Orders"), in each case subject to the respective Sale Order.

10.     In connection with the Assumption and Assignment Notices, the Debtors devoted

substantial effort to prepare a full and complete list of executory contracts and unexpired leases

that were likely to be assumed and assigned to the purchaser of the Platform Assets or the

purchaser of the Whole Loan Assets, subject to the terms of the Sale Procedures Order.  Since

the filing of the Assumption and Assignment Notices, the Debtors have identified additional

executory contracts, set forth on the Supplemental Schedule, that were inadvertently omitted

from the Assumption and Assignment Notices. [2]

11.     The Debtors believe that they are authorized to furnish notice of assumption and

assignment to counterparties to the Executory Contracts in accordance with the Sale Procedures

Order.  However, the Debtors have elected to file this Motion out of an abundance of caution.

The Debtors seek to 1) assume and assign to Ocwen the Executory Contracts set forth on Exhibit

1(a) on the closing date of the Platform Sale (the "Ocwen Closing Date"), and 2) assume and

assign to Berkshire the Executory Contracts set forth on Exhibit 1(b) on the closing date of the

Whole Loan Sale (the "Berkshire Closing Date"), reserving their right to remove any Executory

Contract from the Supplemental Schedule, in which case the Executory Contract shall cease to

be an Executory Contract, no later than two business days prior to the Closing Date (the

---

[2] Consistent with Bankruptcy Rule 6006(f), the Supplemental Schedule contains no more than 100 executory
contracts and unexpired leases to be assumed.  Because the Debtors have identified approximately 215 additional
agreements that were inadvertently admitted from the Assumption and Assignment Notices, the Debtors are seeking
authority to assume and assign these Executory Contracts by three separate motions.

ny-1074498

"Contract Designation Deadline").  The counterparty to such removed Executory Contract shall

receive prompt notice of such removal.

## RELIEF REQUESTED

12.      By this Motion, the Debtors respectfully request, pursuant to Bankruptcy Code

sections 105(a) and 365(a) and (f), and Bankruptcy Rules 6006 and 9014, and Rule 6006-1 of the

Local Bankruptcy Rules for the Southern District of New York, that this Court enter an order,

substantially in the form annexed hereto as Exhibit 3, pursuant to sections 365(a) and (f) of the

Bankruptcy Code, authorizing the assumption and assignment of the Executory Contracts

identified on the Supplemental Schedule.  The Debtors respectfully request that any subsequent

assumption and assignment remain subject to the terms of the Sale Order.  The Debtors submit

that the assumption and assignment of the Executory Contracts is in furtherance of and required

by the terms of the Platform Sale and the Whole Loan Sale, as applicable, and thus represents an

appropriate exercise of sound business judgment.

## BASIS FOR RELIEF

13.      The Debtors have determined that the Executory Contracts identified on the

Supplemental Schedule may be necessary to Ocwen's ongoing business operations or

Berkshire's ongoing business operations, as applicable.  Accordingly, the Debtors have

determined through the exercise of their business judgment that the proposed assumption and

assignment of the Executory Contracts, subject to the Debtors right to remove any Executory

Contract from the Supplemental Schedule, in which case the Executory Contract shall cease to

be an Executory Contract, no later than two business days prior to the Closing Date, is in the best

interests of the Debtors' estates, their creditors and other parties in interest.

ny-1074498

## APPLICABLE AUTHORITY

14.      Section 365 of the Bankruptcy Code provides that a debtor in possession may

assume, assign, or reject any executory contract or unexpired lease of the debtor, provided that

any defaults under such contracts and leases are cured and adequate assurance of future

performance is provided.  *See* 11 U.S.C. § 365(a) and (f).  *See also NLRB v. Bildisco & Bildisco*,

465 U.S. 513, 521 (1984); *Med. Malpractice Ins. Ass'n v. Hirsch (In re Lavigne)*, 114 F.3d 379,

386 (2d Cir. 1997).  "The purpose behind allowing the assumption or rejection of executory

contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate

and to renounce title to and abandon burdensome property."  *Orion Pictures Corp. v. Showtime*

*Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2d Cir. 1993) (internal quotation

marks and reference omitted).  Bankruptcy Code section 365(f) provides that, notwithstanding

language in an executory contract or unexpired lease to the contrary, the trustee may assign a

contract or lease, provided first that the trustee assume the contract or lease, and second that

adequate assurance of future performance by the assignee be provided, whether or not the

contract or lease is in default.  *See* 11 U.S.C. § 365(f).  *See also* 4 ALAN A. RESNICK & HENRY J.

SOMMER, COLLIER BANKRUPTCY PRACTICE GUIDE ¶ 68.08 (4th ed. 2011).

15.      Courts defer to a debtor's business judgment in assuming an executory contract or

unexpired lease.  *In re Orion Pictures Corp.*, 4 F.3d at 1098 (noting that section 365 "permits the

[debtor], subject to the approval of the bankruptcy court, to go through the inventory of

executory contracts of the debtor and decide which ones it would be beneficial to adhere to and

which ones it would be beneficial to reject.").

16.      Courts generally will not second-guess a debtor's business judgment concerning

whether the assumption or rejection of an executory contract or unexpired lease would benefit

the debtor's estate.  *See Phar-Mor, Inc. v. Strouss Bldg. Assocs.*, 204 B.R. 948, 951-52 (N.D.

6

Ohio 1997) ("Whether an executory contract is 'favorable' or 'unfavorable' is left to the sound

business judgment of the debtor.") (internal citations omitted).  If the debtor's business judgment

has been exercised reasonably, a court should approve the assumption or rejection of an

executory contract.  *See, e.g.*, *NLRB v. Bildisco & Bildisco*, 465 U.S. at 523; *In re Ionosphere

Clubs, Inc.*, 100 B.R. 670, 673 (Bankr. S.D.N.Y. 1989); *see also In re Orion Pictures Corp.*, 4

F.3d at 1098-99.  The Debtors respectfully submit that they have established that the assumption

and assignment of the Executory Contracts reflects a sound exercise of their business judgment

as reflected in the findings set forth in the Sale Order and record at the Sale Hearing.

17.    The assumption and assignment of the Executory Contracts satisfies the

provisions of Bankruptcy Code section 365.  First, the Court previously found in connection with

the Sale Orders that the adequate assurance of future performance standard has been satisfied.

*See Ocwen Sale Order*, at ¶T ("The Purchaser's promise to perform the obligations under the

Assumed Contracts after the Closing Date shall constitute adequate assurance of its future

performance of and under the Assumed Contracts, within the meaning of sections 365(b)(1) and

365(f)(2) of the Bankruptcy Code.") and *Berkshire Sale Order*, at ¶T ("The Purchaser's promise

to perform the obligations under the SBO Servicing Agreements after the Closing Date shall

constitute adequate assurance of its future performance of and under the SBO Servicing

Agreements, within the meaning of sections 365(b)(1) and 365(f)(2) of the Bankruptcy Code.

The meaning of "adequate assurance of future performance" depends on the facts and

circumstances of each case, but should be given "practical, pragmatic construction."  *See

Carlisle Homes. Inc. v. Azzari (In re Carlisle Homes, Inc.)*, 103 B.R. 524, 538 (Bankr. D.N.J.

1989).  Among other things, adequate assurance may be given by demonstrating the assignee's

financial health and experience in managing the type of enterprise or property assigned.  *See In*

7

*re Bygaph Inc.*, 56 B.R. 596, 605-06 (Bankr. S.D.N.Y. 1986).  Ocwen and Berkshire clearly

satisfy this criteria.

18.     Second, the Debtors believe there are no cure costs associated with the

assumption of the Executory Contracts.  However, if there are any cure costs associated with

such Executory Contracts, the Debtors will promptly cure any default arising under any

Executory Contract.  Further, with respect to the agreements listed on Exhibit 1(a), should

Ocwen determine that it wishes to take assignment of the Executory Contracts upon the Closing

Date, Ocwen has demonstrated adequate assurance of future performance.  With respect to the

agreements listed on Exhibit 1(b), should Berkshire determine that it wishes to take assignment

of the Executory Contracts upon the Closing Date, Berkshire has demonstrated adequate

assurance of future performance.

19.     Accordingly, the Debtors submit that their request to assume and assign the

Executory Contracts, subject to the Debtors' right to remove any Executory Contract from the

Supplemental Schedule no later than two business days prior to the respective Closing Date,

should be approved because it is in accordance with the Ocwen asset purchase agreement and the

Berkshire asset purchase agreement and thus is in the best interests of the Debtors' estates and

represents a proper exercise of the Debtors' business judgment.

## NOTICE

20.     The Debtors have provided notice of this Motion in accordance with the Case

Management Procedures Order, approved by this Court on May 23, 2012 [Docket No. 141].

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

8

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that this Court enter an order,

substantially in the form annexed hereto as Exhibit 3, granting the relief requested in this Motion

and such other and further relief as may be just and proper.


Dated: January 22, 2013
       New York, New York

                                        /s/ Gary S. Lee
                                        Gary S. Lee
                                        Todd M. Goren
                                        Alexandra Steinberg Barrage
                                        Melissa M. Crespo
                                        MORRISON & FOERSTER LLP
                                        1290 Avenue of the Americas
                                        New York, New York 10104
                                        Telephone: (212) 468-8000
                                        Facsimile: (212) 468-7900

                                        *Counsel to the Debtors*
                                        *and Debtors in Possession*

9

## __Exhibit 1 to the Motion__

Supplemental Schedule of Executory Contracts

| Debtor Entity | Contract Name | Series | Shelf | Counterparty | Cure Amount | Counterparty / Investor Address |
|---|---|---|---|---|---|---|
| Residential Funding Company | MGIC 2007-RP2 MGIC Policy #22-4004-1209 03/09/2007 | 2007-RP2 | RAMP | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2007-RP2 MGIC Policy #22-4004-1209 detail 09/09/2007 | 2007-RP2 | RAMP | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2007-RP2 MGIC Policy #22-4004-1209 Termletter 09/09/2007 | 2007-RP2 | RAMP | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2002-KS2 PolGar(MGIC Master Policy) 5/9/2007 | 2007-RP3 | RAMP | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2002-KS3 PolGar(MGIC Master Policy) 5/9/2007 | 2007-RP3 | RAMP | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2002-KS3 Term Letter MGIC 5/9/2007 | 2007-RP3 | RAMP | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2002-KS5 PolGar(MGIC Master Policy) 5/9/2007 | 2007-RP3 | RAMP | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2002-KS7 PolGar(MGIC Master Policy) 5/9/2007 | 2007-RP3 | RAMP | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2002-KS2 PolGar(MGIC Master Policy) 6/8/2007 | 2007-RP4 | RAMP | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2002-KS5 PolGar(MGIC Master Policy) 6/8/2007 | 2007-RP4 | RAMP | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2002-KS7 PolGar(MGIC Master Policy) 6/8/2007 | 2007-RP4 | RAMP | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2002-KS2 PolGar(MGIC Master Policy) 4/10/2007 | 2007-SP1 | RAMP | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2002-KS3 PolGar(MGIC Master Policy) 4/10/2007 | 2007-SP1 | RAMP | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2002-KS3 Term Letter MGIC 4/10/2007 | 2007-SP1 | RAMP | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2002-KS5 PolGar(MGIC Master Policy) 4/10/2007 | 2007-SP1 | RAMP | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2002-KS7 PolGar(MGIC Master Policy) 4/10/2007 | 2007-SP1 | RAMP | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2007-SP1 MGIC Policy #22-4004-1209 04/10/2007 | 2007-SP1 | RAMP | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2007-SP1 MGIC Policy #22-4004-1209 detail 04/10/2007 | 2007-SP1 | RAMP | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2007-SP1 MGIC Policy #22-4004-1209 Termletter 04/10/2007 | 2007-SP1 | RAMP | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS1 MGIC Term Letter 10/9/2007 | 2007-SP3 | RAMP | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS1 PolGar(MGIC Master Policy) 10/9/2007 | 2007-SP3 | RAMP | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS2 Commitment loan lists I-IV 10/9/2007 | 2007-SP3 | RAMP | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS2 PolGar(MGIC Master Policy) 10/9/2007 | 2007-SP3 | RAMP | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |

| Debtor Entity | Contract Name | Series | Shelf | Counterparty | Cure Amount | Counterparty / Investor Address |
|---|---|---|---|---|---|---|
| Residential Funding Company | MGIC 2003-KS7 PolGar(MGIC Master Policy) 10/9/2007 | 2007-SP3 | RAMP | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS8 PolGar(MGIC Master Policy) 10/9/2007 | 2007-SP3 | RAMP | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2002-KS2 PolGar(MGIC Master Policy) | Inventory (PIA) | Inventory | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2002-KS3 PolGar(MGIC Master Policy) | Inventory (PIA) | Inventory | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2002-KS5 PolGar(MGIC Master Policy) | Inventory (PIA) | Inventory | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2002-KS7 PolGar(MGIC Master Policy) | Inventory (PIA) | Inventory | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS1 MGIC Term Letter 01/20/2003 | Inventory (PIA) | Inventory | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS1 PolGar(MGIC Master Policy) 01/01/2003 | Inventory (PIA) | Inventory | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS2 PolGar(MGIC Master Policy) 03/01/2003 | Inventory (PIA) | Inventory | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS7 PolGar Commitment Certicate (MGIC) 08/28/2003 | Inventory (PIA) | Inventory | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS7 PolGar Letter agreement(MGIC)07/01/2003 | Inventory (PIA) | Inventory | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS8 PolGar Commitment Certicate (MGIC) 09/29/2003 | Inventory (PIA) | Inventory | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS8 PolGar Letter agreement(MGIC) 09/18/2003 | Inventory (PIA) | Inventory | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | PMI 2001-KS2 Bulk Primary First Lien MP-RFC  6/28/2001 | 2001-KS2 | RASC | PMI | $0.00 | 3003 Oak Road, Walnut Creek, CA 94597 |
| Residential Funding Company | PMI 2001-KS2 PMI Term letter 6/28/2001 | 2001-KS2 | RASC | PMI | $0.00 | 3003 Oak Road, Walnut Creek, CA 94597 |
| Residential Funding Company | PMI 2001-KS3 Bulk Primary First Lien MP-RFC 9/26/2001 | 2001-KS3 | RASC | PMI | $0.00 | 3003 Oak Road, Walnut Creek, CA 94597 |
| Residential Funding Company | PMI 2004-KS7 Bulk Primary First Lien MP-RFC 7/29/2004 | 2004-KS7 | RASC | PMI | $0.00 | 3003 Oak Road, Walnut Creek, CA 94597 |
| Residential Funding Company | PMI 2004-KS7 PolGar Letter agreement(PMI) 7/29/2004 | 2004-KS7 | RASC | PMI | $0.00 | 3003 Oak Road, Walnut Creek, CA 94597 |
| Residential Funding Company | PMI 2004-KS9 Bulk Primary First Lien MP-RFC 9/29/2004 | 2004-KS9 | RASC | PMI | $0.00 | 3003 Oak Road, Walnut Creek, CA 94597 |
| Residential Funding Company | PMI 2004-KS9 PolGar Letter agreement(PMI) 9/29/2004 | 2004-KS9 | RASC | PMI | $0.00 | 3003 Oak Road, Walnut Creek, CA 94597 |
| Residential Funding Company | RADIAN Mortgage Pool Insurance Policy R0039-01-8 RFMSII 2001-HS3 9/27/2001 | 2001-HS3 | RFMSII | Radian Insurance, Inc. | $0.00 | 1601 Market Street, Philadelphia, PA  19103 |
| Residential Funding Company | Thomson Reuters Order Form and Statement of Work 1/13/2012 | N/A | N/A | Thomson Reuters | $0.00 | 610 Opperman Drive, P.O. Box 64833, St Paul, MN 55164-1803 |
| GMACM | Thomson Reuters Order Form and Statement of Work 1/13/2012 | N/A | N/A | Thomson Reuters | $0.00 | 610 Opperman Drive, P.O. Box 64833, St Paul, MN 55164-1803 |

Exhibit IP - Power Agreements

| Debtor Entity | Contract Name | Series | Shelf | Counterparty | Cure Amount | Counterparty / Investor Address |
|---|---|---|---|---|---|---|
| Residential Funding Company | Union Bank of CA Client Contract 01-22-04 | Sub Servicer | N/A | Union Bank, N.A | $0.00 | 8155 Mercury Court MC 904, San Diego, CA, 92111 |
| Residential Funding Company | Wells Fargo BAFC 2005-3 RFC AAR 5/27/2005 | 2005-BAFC-3 | Private | USBank | $0.00 | 60 Livingston Ave., St. Paul, MN 55107 |
| Residential Funding Company | SB Finance NIM Trust 06-KS5 Co-Administration 8/22/2006 | 2006-NIM-KS5 | NIM | USBank | $0.00 | 60 Livingston Ave., St. Paul, MN 55107 |

Exhibit 1(b) - Backup Agreements

| Debtor Entity | Contract Name | Counterparty | Cure Amount | Counterparty Address |
|---|---|---|---|---|
| GMAC Mortgage, Corp. | Celink Subservicing Agreement, September 15, 2005 | Celink | $0.00 | 3900 Capital Building Boulevard Lansing, Michigan 48906 |
| Residential Funding Company | NCMC Newco Inc Client Contract 2002* <br> *The Debtors reserve their right to argue that this agreement was superseded in its entirety by "NCMC Newco Inc Client Contract 12-21-04" | PNC Bank N.A. | $0.00 | 3232 Newmark Drive Mail Stop B6- YM14-01-7, Miamisburg, OH, 45342 |

## **Exhibit 2**

Declaration of Matthew Detwiler

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Todd M. Goren
Alexandra Steinberg Barrage
Melissa M. Crespo

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------
                                                    )
In re:                                              )        Case No. 12-12020 (MG)
                                                    )
RESIDENTIAL CAPITAL, LLC, <u>et al</u>.,            )        Chapter 11
                                                    )
                                  Debtors.           )        Jointly Administered
                                                    )
---------------------------------------------------------------

**DECLARATION OF MATTHEW DETWILER IN SUPPORT OF THE DEBTORS'**
**MOTIONS FOR ORDERS UNDER 11 U.S.C. §§ 105(a) AND 365(a) AND (f), FED. R.**
**BANKR. P. 6006 AND 9014 AND LOCAL BANKRUPTCY RULE 6006-1**
**<u>AUTHORIZING ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS</u>**

I, Matthew Detwiler, declare as follows:

> **A.        Background and Qualifications**

I serve as Senior Vice President of Servicing Solutions for GMAC Mortgage, LLC, one

of the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively,

the "<u>Debtors</u>").    I have held my current title since August 2011, and have worked in the

mortgage loan industry for over fifteen years.    In my capacity as Senior Vice President, I am

responsible for business development, contract negotiations and administration, and client

management activities with respect to the Debtors' subservicing operations.    I am authorized to

submit this declaration (the "<u>Declaration</u>") in support of 1) *Debtors' First Motion for Order*

*Under 11 U.S.C. §§ 105(a) and 365(a) and (f), Fed. R. Bankr. P. 6006 and 9014 and Local Bankruptcy Rule 6006-1 Authorizing Assumption and Assignment of Executory Contracts In Connection with the Sale of the Debtors' Platform Assets* (the "<u>First Assumption and Assignment Motion</u>"); 2) *Debtors' Second Motion for Order Under 11 U.S.C. §§ 105(a) and 365(a) and (f), Fed. R. Bankr. P. 6006 and 9014 and Local Bankruptcy Rule 6006-1 Authorizing Assumption and Assignment of Executory Contracts In Connection with the Sale of the Debtors' Platform Assets* (the "<u>Second Assumption and Assignment Motion</u>"); and (3) *Debtors' Motion for Order Under 11 U.S.C. §§ 105(a) and 365(a) and (f), Fed. R. Bankr. P. 6006 and 9014 and Local Bankruptcy Rule 6006-1 Authorizing Assumption and Assignment of Executory Contracts In Connection with the Sale of the Debtors' Platform Assets or the Sale of the Debtors' Whole Loan Assets* (the (the "<u>Third Assumption and Assignment Motion</u>" and together with the First Assumption and Assignment Motion and the Second Assumption and Assignment Motion, the "<u>Assumption and Assignment Motions</u>").[1]

Except as otherwise indicated, all statements in this Declaration are based upon my personal knowledge or information supplied or verified by personnel in departments within the Debtors' various business units.  If I were called to testify as a witness in this matter, I would testify competently to the facts set forth herein.

1.    Before filing the Assumption and Assignment Notices, the Debtors put forth substantial effort to prepare a full and complete list of executory contracts and unexpired leases that were likely to be assumed and assigned to the purchaser of the Platform Assets, subject to the terms of the Sale Procedures Order.  Since the filing of the Assumption and Assignment Notices, the Debtors have identified additional executory contracts, set forth on the

---

[1]  Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to them in the
      Assumption and Assignment Motions.

Supplemental Schedule, that were inadvertently omitted from the Assumption and Assignment

Notices.  Listed on Exhibit 1(c) to the First Assumption and Assignment Motion, Exhibit 1 to the

Second Assumption and Assignment Motion, and Exhibit 1 to the Third Assumption and

Assignment Motion are Executory Contracts that are mortgage servicing agreements or ancillary

agreements to certain mortgage servicing agreements (the "Servicing Agreements").

2.       The Debtors have determined that the Servicing Agreements identified in

the exhibits to the Assumption and Assignment Motions should be scheduled for assumption and

assignment to Ocwen or Berkshire, as set forth in the respective Assumption and Assignment

Motions and, subject to final determination by the Debtors and Ocwen or Berkshire, respectively,

assigned to Ocwen or Berkshire upon the respective Closing Dates.

3.       The Debtors believe there are no cure costs associated with the assumption

and assignment of the Servicing Agreements.  However, if there are any cure costs associated

with such Servicing Agreements, the Debtors will promptly cure any default arising under any

Servicing Agreement.  Further, Ocwen has demonstrated adequate assurance of future

performance.

4.       Based on the foregoing, the Debtors have determined through the exercise

of their business judgment that assumption and assignment of the Servicing Agreements on the

Closing Date of the Ocwen Sale or the Closing Date of the Berkshire Sale, as applicable, subject

to the Debtors right to remove any Servicing Agreement, in which case the Servicing Agreement

shall cease to be an Executory Contract, no later than two business days prior to the Closing

Date, is in the best interests of the Debtors' estates, their creditors and other parties in interest.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct.

Dated: January 22, 2013               /s/ Matthew Detwiler
New York, New York                 MATTHEW DETWILER
                                   Senior Vice President
                                   GMAC Mortgage, LLC

## **Exhibit 3**

Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------
                                                    )
In re:                                              )         Case No. 12-12020 (MG)
                                                    )
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,            )         Chapter 11
                                                    )
                                    Debtors.         )         Jointly Administered
                                                    )
-------------------------------------------------------------

### ORDER UNDER 11 U.S.C. §§ 105(a) AND 365(a) AND (f), FED. R. BANKR. P. 6006 AND 9014 AND LOCAL BANKRUPTCY RULE 6006-1 AUTHORIZING ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS

Upon the motion (the "<u>Motion</u>") of the Debtors[1] for entry of an order (the

"<u>Order</u>"), pursuant to sections 105(a) and 365(a) and (f), of title 11 of the United States

Code, as amended (the "<u>Bankruptcy Code</u>") and rules 6006 and 9014 of the Federal

Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), authorizing the assumption

and assignment of the contracts identified on <u>Exhibit 1</u> annexed hereto (the "<u>Executory

Contracts</u>") as more fully described in the Motion; and the Court having jurisdiction to

consider the Motion and grant the requested relief in accordance with 28 U.S.C. §§ 157

and 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C.

§ 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and

1409; and the Court having reviewed the Motion and the Declaration of Matthew

Detwiler in support of the Motion; and the Court having determined that the relief

requested in the Motion is in the best interests of the Debtors, their estates, their creditors,

and all parties in interest; and it appearing that proper and adequate notice of the Motion

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

has been given and that no other or further notice is necessary; and the legal and factual

bases set forth in the Motion establish just and sufficient cause to grant the requested

relief herein; and upon the record herein; and after due deliberation thereon; and good

and sufficient cause appearing therefor,

IT IS HEREBY FOUND, DETERMINED, AND ORDERED THAT:

1.    The Motion is GRANTED.

2.    Pursuant to Sections 365(a) and (f) of the Bankruptcy Code and

Bankruptcy Rules 6006 and 9014, the Debtors' assumption and assignment of the

Executory Contracts identified on Exhibit 1 annexed hereto is approved.

3.    The assumption and assignment of any Executory Contracts is subject to

the Debtors' right to remove any Executory Contract from Exhibit 1, no later than two

business days prior to the Closing Date of the Platform Sale or the Closing Date of the

Whole Loan Sale, as applicable (the "Contract Designation Deadline"), in which case the

Executory Contract shall cease to be an Executory Contract,.  The counterparty to such

removed Executory Contract shall be promptly furnished with notice of such removal.

4.    Removal of any Executory Contract on or before the Contract Designation

Deadline will not constitute a rejection of such Executory Contract and neither the

Debtors nor Ocwen nor Berkshire will be liable for rejection damages.

5.    The assumption and assignment of any Executory Contract not removed

by the Debtors from Exhibit 1(a) as of the Contract Designation Deadline shall be

effective as of the Closing Date of the Platform Sale.

6.      The assumption and assignment of any Executory Contract not removed by the Debtors from Exhibit 1(b) as of the Contract Designation Deadline shall be effective as of the Closing Date of the Whole Loan.

7.      The assumption and assignment to Ocwen of any Executory Contract shall be subject to and governed by the terms of the *Order Under 11 U.S.C. §§ 105, 363, and 365 and Fed. Bankr. P. 2002, 6004, 6006, and 9014 (I) Approving (A) Sale of Debtors' Assets Pursuant to Asset Purchase Agreement with Ocwen Loan Servicing, LLC; (B) Sale of Purchased Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (C) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Thereto; (D) Related Agreements; and (II) Granting Related Relief* [Docket No. 2246].

8.      The assumption and assignment to Berkshire of any Executory Contract shall be subject to and governed by the terms of the *Order Under 11 U.S.C. §§ 105, 363, and 365 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 (I) Approving (A) Sale of Debtors' Assets Pursuant to Asset Purchase Agreement with Berkshire Hathaway, Inc.; (B) Sale of Purchased Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; and (C) Related Agreements; and (II) Granting Related Relief* [Docket No. 2247].

9.      The Debtors are hereby authorized to execute and deliver all instruments and documents, and take all other actions, as may be necessary or appropriate to implement and effectuate the relief granted in this Order.

10.     Entry of this Order is without prejudice to the rights of the Debtors, including, but not limited to, the right to seek further, other, or different relief regarding the Debtors' executory contracts and unexpired leases pursuant to, among other things,

section 365 of the Bankruptcy Code.  Notwithstanding the relief granted herein and any

actions taken hereunder, nothing in the Motion or this Order shall constitute, nor is it

intended to constitute: (i) an admission as to the validity or priority of any claim against

the Debtors; (ii) a waiver of the Debtors' rights to dispute any claim; or (iii) an

assumption or adoption of any executory contract or unexpired lease pursuant to section

365 of the Bankruptcy Code.

11.     This Court shall retain jurisdiction with respect to all matters arising from

or related to the implementation or interpretation of this Order.

Dated:     _____, 2013
           New York, New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit 1 to the Order</u>**

Schedule of Executory Contracts

Exhibit I — Servicing Agreements

| Debtor Entity | Contract Name | Series | Shelf | Counterparty | Cure Amount | Counterparty / Investor Address |
|---|---|---|---|---|---|---|
| Residential Funding Company | MGIC 2007-RP2 MGIC Policy #22-4004-1209 03/09/2007 | 2007-RP2 | RAMP | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2007-RP2 MGIC Policy #22-4004-1209 detail 09/09/2007 | 2007-RP2 | RAMP | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2007-RP2 MGIC Policy #22-4004-1209 Termletter 09/09/2007 | 2007-RP2 | RAMP | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2002-KS3 PolGar(MGIC Master Policy) 5/9/2007 | 2007-RP3 | RAMP | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2002-KS3 PolGar(MGIC Master Policy) 5/9/2007 | 2007-RP3 | RAMP | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2002-KS3 Term Letter MGIC 5/9/2007 | 2007-RP3 | RAMP | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2002-KS5 PolGar(MGIC Master Policy) 5/9/2007 | 2007-RP3 | RAMP | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2002-KS7 PolGar(MGIC Master Policy) 5/9/2007 | 2007-RP3 | RAMP | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2002-KS2 PolGar(MGIC Master Policy) 6/8/2007 | 2007-RP4 | RAMP | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2002-KS5 PolGar(MGIC Master Policy) 6/8/2007 | 2007-RP4 | RAMP | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2002-KS7 PolGar(MGIC Master Policy) 6/8/2007 | 2007-RP4 | RAMP | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2002-KS2 PolGar(MGIC Master Policy) 4/10/2007 | 2007-SP1 | RAMP | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2002-KS3 PolGar(MGIC Master Policy) 4/10/2007 | 2007-SP1 | RAMP | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2002-KS3 Term Letter MGIC 4/10/2007 | 2007-SP1 | RAMP | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2002-KS5 PolGar(MGIC Master Policy) 4/10/2007 | 2007-SP1 | RAMP | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2002-KS7 PolGar(MGIC Master Policy) 4/10/2007 | 2007-SP1 | RAMP | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2007-SP1 MGIC Policy #22-4004-1209 04/10/2007 | 2007-SP1 | RAMP | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2007-SP1 MGIC Policy #22-4004-1209 detail 04/10/2007 | 2007-SP1 | RAMP | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2007-SP1 MGIC Policy #22-4004-1209 Termletter 04/10/2007 | 2007-SP1 | RAMP | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS1 MGIC Term Letter 10/9/2007 | 2007-SP3 | RAMP | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS1 PolGar(MGIC Master Policy) 10/9/2007 | 2007-SP3 | RAMP | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS2 Commitment loan lists I-IV 10/9/2007 | 2007-SP3 | RAMP | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS2 PolGar(MGIC Master Policy) 10/9/2007 | 2007-SP3 | RAMP | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |

| Debtor Entity | Contract Name | Series | Shelf | Counterparty | Cure Amount | Counterparty / Investor Address |
|---|---|---|---|---|---|---|
| Residential Funding Company | MGIC 2003-KS7 PolGar(MGIC Master Policy) 10/9/2007 | 2007-SP3 | RAMP | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS8 PolGar(MGIC Master Policy) 10/9/2007 | 2007-SP3 | RAMP | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2002-KS2 PolGar(MGIC Master Policy) | Inventory (PIA) | Inventory | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2002-KS3 PolGar(MGIC Master Policy) | Inventory (PIA) | Inventory | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2002-KS5 PolGar(MGIC Master Policy) | Inventory (PIA) | Inventory | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2002-KS7 PolGar(MGIC Master Policy) | Inventory (PIA) | Inventory | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS1 MGIC Term Letter 01/20/2003 | Inventory (PIA) | Inventory | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS1 PolGar(MGIC Master Policy) 01/01/2003 | Inventory (PIA) | Inventory | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS2 PolGar(MGIC Master Policy) 03/01/2003 | Inventory (PIA) | Inventory | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS7 PolGar Commitment Certicate (MGIC) 08/28/2003 | Inventory (PIA) | Inventory | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS7 PolGar Letter agreement(MGIC) 07/01/2003 | Inventory (PIA) | Inventory | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS8 PolGar Commitment Certicate (MGIC) 09/29/2003 | Inventory (PIA) | Inventory | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | MGIC 2003-KS8 PolGar Letter agreement(MGIC) 09/18/2003 | Inventory (PIA) | Inventory | MGIC | $0.00 | 270 E. Kilbourn Ave., Milwaukee, WI 53202 |
| Residential Funding Company | PMI 2001-KS2 Bulk Primary First Lien MP-RFC  6/28/2001 | 2001-KS2 | RASC | PMI | $0.00 | 3003 Oak Road, Walnut Creek, CA 94597 |
| Residential Funding Company | PMI 2001-KS2 PMI Term letter 6/28/2001 | 2001-KS2 | RASC | PMI | $0.00 | 3003 Oak Road, Walnut Creek, CA 94597 |
| Residential Funding Company | PMI 2001-KS3 Bulk Primary First Lien MP-RFC 9/26/2001 | 2001-KS3 | RASC | PMI | $0.00 | 3003 Oak Road, Walnut Creek, CA 94597 |
| Residential Funding Company | PMI 2004-KS7 Bulk Primary First Lien MP-RFC 7/29/2004 | 2004-KS7 | RASC | PMI | $0.00 | 3003 Oak Road, Walnut Creek, CA 94597 |
| Residential Funding Company | PMI 2004-KS7 PolGar Letter agreement(PMI) 7/29/2004 | 2004-KS7 | RASC | PMI | $0.00 | 3003 Oak Road, Walnut Creek, CA 94597 |
| Residential Funding Company | PMI 2004-KS9 Bulk Primary First Lien MP-RFC 9/29/2004 | 2004-KS9 | RASC | PMI | $0.00 | 3003 Oak Road, Walnut Creek, CA 94597 |
| Residential Funding Company | PMI 2004-KS9 PolGar Letter agreement(PMI) 9/29/2004 | 2004-KS9 | RASC | PMI | $0.00 | 3003 Oak Road, Walnut Creek, CA 94597 |
| Residential Funding Company | RADIAN Mortgage Pool Insurance Policy R0039-01-8 RFMSII 2001-HS3 9/27/2001 | 2001-HS3 | RFMSII | Radian Insurance, Inc. | $0.00 | 1601 Market Street, Philadelphia, PA  19103 |
| Residential Funding Company | Thomson Reuters Order Form and Statement of Work 1/13/2012 | N/A | N/A | Thomson Reuters | $0.00 | 610 Opperman Drive, P.O. Box 64833, St Paul, MN 55164-1803 |
| GMACM | Thomson Reuters Order Form and Statement of Work 1/13/2012 | N/A | N/A | Thomson Reuters | $0.00 | 610 Opperman Drive, P.O. Box 64833, St Paul, MN 55164-1803 |

Exhibit ID - Power Agreements

| Debtor Entity | Contract Name | Series | Shelf | Counterparty | Cure Amount | Counterparty / Investor Address |
|---|---|---|---|---|---|---|
| Residential Funding Company | Union Bank of CA Client Contract 01-22-04 | Sub Servicer | N/A | Union Bank, N.A | $0.00 | 8155 Mercury Court MC 904, San Diego, CA, 92111 |
| Residential Funding Company | Wells Fargo BAFC 2005-3 RFC AAR 5/27/2005 | 2005-BAFC-3 | Private | USBank | $0.00 | 60 Livingston Ave., St. Paul, MN 55107 |
| Residential Funding Company | SB Finance NIM Trust 06-KS5 Co-Administration 8/22/2006 | 2006-NIM-KS5 | NIM | USBank | $0.00 | 60 Livingston Ave., St. Paul, MN 55107 |

Exhibit 1(b) – Backup Agreements

| Debtor Entity | Contract Name | Counterparty | Cure Amount | Counterparty Address |
|---|---|---|---|---|
| GMAC Mortgage, Corp. | Celink Subservicing Agreement, September 15, 2005 | Celink | $0.00 | 3900 Capital Building Boulevard Lansing, Michigan 48906 |
| Residential Funding Company | NCMC Newco Inc Client Contract 2002* <br> *The Debtors reserve their right to argue that this agreement was superseded in its entirety by "NCMC Newco Inc Client Contract 12-21-04" | PNC Bank N.A. | $0.00 | 3232 Newmark Drive Mail Stop B6-YM14-01-7, Miamisburg, OH, 45342 |