**Presentment Date: January 30, 2013 at 12:00 p.m. (ET)**
**Objection Deadline: January 29, 2013 at 4:00 p.m. (ET)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Stefan W. Engelhardt
Samantha Martin

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ------------------------------------------------------------ ) | |
| In re:                                                )       | Case No. 12-12020 (MG) |
|                                                       )       | |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>.,              )       | Chapter 11 |
|                                                       )       | |
|                                       Debtors.        )       | Jointly Administered |
| ------------------------------------------------------------ ) | |

**NOTICE OF PRESENTMENT OF STIPULATION AND ORDER RESOLVING**
**OBJECTIONS OF DIGITAL LEWISVILLE, LLC TO THE SALE MOTION AND**
**ASSUMPTION NOTICE FILED BY DEBTOR GMAC MORTGAGE, LLC**

**PLEASE TAKE NOTICE** that the undersigned will present the attached *Stipulation and*

*Order Resolving Objections of Digital Lewisville, LLC to the Sale Motion and Assumption*

*Notice Filed by Debtor GMAC Mortgage, LLC* (the "<u>Stipulation and Order</u>"), to the Honorable

Martin Glenn, United States Bankruptcy Judge, at the United States Bankruptcy Court for the

Southern District of New York (the "<u>Bankruptcy Court</u>"), Alexander Hamilton Custom House,

One Bowling Green, New York, New York 10004, Room 501, for signature on **January 30,**

**2013 at 12:00 p.m. (Prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Stipulation and

Order must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the

Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case

Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No.

141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing

system, and be served, so as to be received no later than **January 29, 2013 at 4:00 p.m.**

**(Prevailing Eastern Time)**, upon (a) counsel for the Debtors, Morrison & Foerster LLP, 1290

Avenue of the Americas, New York, NY 10104 (Attention: Gary S. Lee, Stefan W. Engelhardt

and Samantha Martin); (b) the Office of the United States Trustee for the Southern District of

New York, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attention: Tracy Hope Davis,

Linda A. Riffkin, and Brian S. Masumoto); (c) the Office of the United States Attorney General,

U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001

(Attention: US Attorney General, Eric H. Holder, Jr.); (d) Office of the New York State

Attorney General, The Capitol, Albany, NY 12224-0341 (Attention: Nancy Lord, Esq. and Enid

N. Stuart, Esq.); (e) Office of the U.S. Attorney for the Southern District of New York, One St.

Andrews Plaza, New York, NY 10007 (Attention: Joseph N. Cordaro, Esq.); (f) counsel for Ally

Financial Inc., Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY 10022 (Attention:

Richard M. Cieri); (g) counsel to Barclays Bank PLC, as administrative agent for the DIP

lenders, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, NY 10036

(Attention: Ken Ziman & Jonathan H. Hofer); (h) counsel for the committee of unsecured

creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY

10036 (Attention: Kenneth Eckstein & Greg Horowitz); (i) counsel for Ocwen Loan Servicing,

LLC, Clifford Chance US LLP, 31 West 52nd Street, New York, NY 10019 (Attention: Jennifer

C. DeMarco and Adam Lesman); (j) counsel for Berkshire Hathaway Inc., Munger, Tolles &

Olson LLP, 355 South Grand Avenue, Los Angeles, CA 90071 (Attention: Thomas Walper and

Seth Goldman); (k) Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346 (if

by overnight mail, to 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-5016);

(l) Securities and Exchange Commission, New York Regional Office, 3 World Financial Center,

Suite 400, New York, NY 10281-1022 (Attention: George S. Canellos, Regional Director); and

(m) counsel for Digital Lewisville, LLC, Allen Matkins Leck Gamble Mallory & Natsis LLP,

Three Embarcadero Center, 12th Floor, San Francisco, California 94111-4074 (Attention: Ivan

M. Gold).

        **PLEASE TAKE FURTHER NOTICE** that, if no objections to the Stipulation and

Order are timely filed, served and received in accordance with this Notice, the Court may enter

the Order without further notice or hearing.


Dated: January 23, 2013             Respectfully submitted,
      New York, New York

                                /s/ Stefan W. Engelhardt
                                Gary S. Lee
                                Stefan W. Engelhardt
                                Samantha Martin
                                MORRISON & FOERSTER LLP
                                1290 Avenue of the Americas
                                New York, New York 10104
                                Telephone: (212) 468-8000
                                Facsimile: (212) 468-7900

                                *Counsel for the Debtors and*
                                *Debtors in Possession*

Alan Marder Esq. (AM-0114)
MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
990 Stewart Avenue, Suite 300
P.O. Box 9194
Garden City, NY 11530-9194
Telephone: (516) 741-6565
Facsimile: (516) 741-6707
Email: amarder@msek.com

Michael S. Greger, Esq. (CA Bar No. 156525)
Ivan M. Gold (CA Bar No. 121486)
Richard M. Dinets, Esq. (CA Bar No. 265197)
ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP
1900 Main Street, Fifth Floor
Irvine, California 92614-7321
Telephone: (949) 553-1313
Facsimile: (949) 553-8354
Email: mgreger@allenmatkins.com
Email: igold@allenmatkins.com
Email: rdinets@allenmatkins.com

Attorneys for Digital Lewisville, LLC,
a Delaware limited liability company

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, *et al.* | Chapter 11 |
| Debtors. | Jointly Administered |

**STIPULATION AND ORDER RESOLVING OBJECTIONS OF
DIGITAL LEWISVILLE, LLC TO THE SALE MOTION AND ASSUMPTION NOTICE
FILED BY DEBTOR GMAC MORTGAGE, LLC**

Residential Capital, LLC and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") and Digital Lewisville, LLC ("Digital"), as successor landlord and the assignee of original landlord's rights and claims against debtor GMAC Mortgage, LLC f/k/a GMAC Mortgage Corporation ("GMAC") under the terms of the Lease (as defined below), do hereby stipulate as follows:[1]

---

[1]    Capitalized terms not otherwise defined herein shall be used in the same sense and with the same meaning as in the Sale Motion and the Assumption Notice (as such terms are defined below).

## RECITALS

A.      On May 14, 2012 (the "Petition Date"), each of the Debtors filed voluntary petitions in this Court for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).  On May 16, 2012, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed a nine member official committee of unsecured creditors (the "Committee") in the Debtors' cases.  No trustee has been appointed in these Chapter 11 cases.  On July 3, 2012, the U.S. Trustee appointed the Honorable Arthur T. Gonzalez, former Chief Judge of this Court, as examiner.

B.      Prior to the commencement of the above-captioned cases, on or about July 30, 2002, Lewisville LSF, L.P., predecessor-in-interest to BREOF Convergence LP, a Delaware limited partnership ("BREOF"), as original landlord, and GMAC, as tenant, entered into that certain Lease Agreement (the "Original Lease"), covering approximately 19,112 square feet of Rentable Space designated as Suite 300 within Building 3 of the project commonly referred to as Convergence Office Center, Lewisville, Texas (the "Original Premises").

C.      The Original Lease was amended by that certain (i) First Amendment to Lease Agreement dated as of March 23, 2004 (the "First Amendment"), (ii) Second Amendment to Lease Agreement dated as of November 4, 2005 (the "Second Amendment"), and (iii) Third Amendment to Lease Agreement dated as of August 25, 2011 (the "Third Amendment").  The Original Lease, as amended by the First Amendment, Second Amendment, and Third Amendment, is referred to herein as the "Lease."  As detailed in the Lease, the Original Premises were expanded to a total of approximately 78,413 square feet of Rentable Space (the "Premises").

D.      On or about December 29, 2011, Digital, as buyer, and BREOF, as seller, entered into that certain Agreement of Purchase and Sale, pursuant to which Digital agreed to acquire BREOF's ownership interest in the buildings (the "Buildings") located at such parcel commonly known as Convergence Business Park, Lewisville, Texas and BREOF's interest in certain leases related thereto, including the Lease.  On or about February 22, 2012, Digital, as assignee, and

974329.06/OC

-2-

BREOF, as assignor, entered into that certain Assignment and Assumption of Leases, pursuant to which BREOF transferred and assigned to Digital all of BREOF's right, title and interest, in, to and under the Lease. GMAC also signed that certain Estoppel Certificate affirming its obligations to Digital under the Lease.

E.    On or about May 9, 2012, GMAC, as assignor, and Ally Financial Inc. ("Ally Financial"), as assignee, entered into that certain Assignment of Leasehold Interest (the "Assignment Agreement") by which GMAC purported to transfer and assign an undivided fifty-one percent (51%) leasehold interest in the Lease to Ally Financial.

F.    On May 14, 2012, the Debtors filed their Motion for Orders: (A)(I) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expense Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Asset Purchase Agreements Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief [Docket No. 61] (the "Sale Motion").

G.    On June 11, 2012, Digital filed its Limited Objection to Debtors' Motion for Orders: (A)(I) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expense Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Asset Purchase Agreements Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief [Docket No. 278] (the "Limited Objection"). In its Order Under 11 U.S.C. §§ 105, 363(b) and 365(I) Authorizing and Approving Sale Procedures, Including Payment of Break-Up Fees; (II) Scheduling Bid Deadline, Auction (If Necessary) and Sale Hearing; (III) Establishing Assumption and Assignment Procedures, Including Procedures for Fixing Cure Amounts; and (IV) Establishing Notice Procedures and Approving Forms of Notice

[Docket No. 538] (the "Sale Procedures Order"), the Court left unimpaired Digital's objections to the Sale Motion set forth in the Limited Objection (subject to certain exceptions set forth in the Sale Procedures Order).

H.    On July 26, 2012, the Debtors filed their Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto [Docket No. 924] (the "Assumption Notice"). In the Assumption Notice, the Debtors identified the Lease as one of the unexpired leases the Debtors may assume and assign to the Purchaser.

I.    On September 28, 2012, Digital filed its Objection to: (I) Debtors' Motion for Orders: (A)(I) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expense Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Asset Purchase Agreements Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief [Docket No. 61]; and (II) Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto [Docket No. 924] (the "Assumption Objection").

J.    On October 23, 2012, pursuant to the Sales Procedures Order, the Debtors conducted the Auction for the Platform Assets.

K.    On October 29, 2012, Digital filed its Supplemental Limited Objection to Debtors' Sale Motion, in particular, Debtors' Proposed Order [Docket No. 1990] (the "Supplemental Objection") (collectively, the Limited Objection, the Assumption Objection, and the Supplemental Objection, shall be referred to as the "DL Objections"). The Supplemental Objection objected to the Sale Transactions to the extent the Proposed Order, in any way, modifies the Purchaser's obligations under the Lease or provides for the sale free and clear of any obligations under the Lease.

L.       On November 3, 2012, the Debtors filed the Amended Notice of Successful

Bidders at the Auctions and Sales of (A) the Platform Assets to Ocwen Loan Servicing, LLC and

(B) the Whole Loan Assets to Berkshire Hathaway Inc. and Notice of Filing (A) Ocwen APA and

(B) Amended and Restated BH Legacy APA [Docket No. 2050].

M.       On November 21, 2012, the Court entered an Order Under 11 U.S.C. §§ 105, 363,

and 365 and Fed Bankr. P. 2002, 6004, 6006, and 9014 (I) Approving (A) Sale of Debtors' Assets

Pursuant to Asset Purchase Agreement with Ocwen Loan Servicing, LLC; (B) Sale of Purchased

Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (C) Assumption and

Assignment of Certain Executory Contracts and Unexpired Leases Thereto; (D) Related

Agreements; and (II) Granting Related Relief [Docket No.2246] (the "Sale Order").  The Sale

Order did not resolve the DL Objections, or modify any of Digital's legal, contractual, and or

equitable objections, rights, or defenses relating to either the proposed sale free and clear or

assumption and assignment of the Lease, or any obligations thereunder.  Pursuant to paragraph 51

of the Sale Order, the hearing on the Sale Motion as it pertains to the proposed assumption and

assignment of the Lease, including with respect to the proposed sale of such Lease free and clear

of Liens, Claims, Encumbrances, and other Interests with respect to the Lease (the "Assignment

Hearing"), was continued to January 10, 2013, at 2:00 p.m.

N.       The proposed assignee of the Lease was subsequently identified as Ocwen

Financial Corporation, a Florida corporation ("Ocwen").  The closing of the sale of the Platform

Assets, including the proposed assumption and assignment of the Lease, is currently scheduled for

January 31, 2013 (as it may be extended, the "Closing Date").

O.       The Assignment Hearing as it pertains to the Lease has been adjourned and is

currently scheduled for January 29, 2013 at 10:00 a.m.

P.       Digital and the Debtors have engaged in extensive discussions and negotiations

over any disputes they may have concerning the Sale Motion and the Assumption Notice,

including the Debtors' cure and compensation obligations under the Lease and applicable law.  In

accordance with the terms set forth below, Digital and the Debtors have resolved certain of the

DL Objections.

## AGREEMENT

**IT IS HEREBY STIPULATED** as follows:

1.      Solely in compromise and settlement, and full satisfaction, of Digital's claims against the Debtors with respect to (i) Debtors' entry into the Assignment Agreement, and any consideration that might be allegedly due to Digital under Paragraph 11 of the Lease related thereto, (ii) Debtors' alleged unauthorized post-petition use of portions of the Common Areas of the Building (as those terms are defined in the Lease), and (iii) attorneys' fees incurred by Digital in connection with the matters identified in subparagraphs (i) and (ii), above, and conditioned on the Court's approval of the assumption and assignment of the Lease, Debtors agree to pay to Digital the sum of Four Hundred Ninety-Five Thousand Dollars ($495,000.00) (the "Cure Settlement Payment").

2.      Any assumption and assignment of the Lease to Ocwen under the Sale Motion, Sale Order, Bankruptcy Code section 365 and other applicable law shall be conditioned on, and subject to, Debtors' payment to Digital of the Cure Settlement Payment pursuant to the terms of this Stipulation.

3.      The Cure Settlement Payment shall be paid, by wire transfer or other immediately available funds, pursuant to written instructions delivered to Debtors' counsel promptly following execution of this Stipulation, by no later than five (5) business days following the Closing of the sale of Debtors' Platform Assets.

4.      On or before the earlier of (i) the Closing Date or (ii) the effective date of any assignment of the Lease to Ocwen by the Debtors, Debtors shall exercise their re-assignment right pursuant to Section 6 of the Assignment Agreement. The documentation implementing such re-assignment shall be in the form contemplated by the Assignment Agreement. Debtors shall use reasonable efforts to transmit the proposed documentation implementing such re-assignment to Digital (through its counsel) by January 22, 2013. Should Digital have any objections with respect to the re-assignment documentation, including its proposed form or content or the lack of timely delivery of such documentation, any such objection shall be filed with the Court on or before

January 25, 2013 and heard at the scheduled omnibus hearing in the above-captioned cases on January 29, 2013 at 10:00 a.m.

5.  The time for Debtors to assume and/or assume and assign the Lease under Bankruptcy Code section 365(d)(4)(B) is extended to February 7, 2013.

6.  Except as explicitly set forth herein, nothing contained herein shall be deemed or construed to modify, waive, impair or affect any of the covenants, agreements, terms, provisions or conditions contained in the Lease.

7.  This Stipulation is limited to resolution of the matters between Digital and Debtors identified in Paragraph 1, above, and does not, and is not intended to, resolve the remaining objections that Digital has to the proposed assignment of the Lease to Ocwen as asserted in the DL Objections, including those relating to adequate assurance of future performance by Ocwen (including, without limitation, the scope of liabilities under the Lease proposed to be assumed by Ocwen and the proposed Transition Services Agreement or other occupancy arrangement between Ocwen and Ally Financial, or an affiliate thereof) (the "Reserved Ocwen Issues").  The Reserved Ocwen Issues shall either be resolved by consent of the parties through a subsequent stipulation between the parties in interest or resolved at the Assignment Hearing by the Court (as currently scheduled or as it may be continued).

8.  This Stipulation may be executed in counterparts, one or more of which may contain facsimile or electronic (in .pdf format) signatures, and all of which shall constitute an agreement.

9.  The parties jointly request entry of an order approving this Stipulation and approving its terms.  This Stipulation shall be filed and presented to the Court for approval no later than the scheduled Assignment Hearing.

**SO STIPULATED:**

Dated: JANUARY 23, 2013 _____    MORRISON & FOERSTER LLP

By: _____

Stefan W. Engelhardt
Attorneys for Debtors

Dated: January 23, 2013 _____    ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP

By: _____

Ivan M. Gold
Attorneys for Digital Lewisville, LLC

**ORDER**

**IT IS SO ORDERED.**

Dated: _____    _____

MARTIN GLENN
United States Bankruptcy Judge

974329.06/OC    -8-