PAUL J. PASCUZZI – CA Bar No. 148810  
(*Pro Hac Vice*)  
FELDERSTEIN FITZGERALD  
WILLOUGHBY & PASCUZZI, LLP  
400 Capitol Mall, Suite 1750  
Sacramento, CA 95814  
Telephone: (916) 329-7400  
Facsimile: (916) 329-7435  
Email: ppascuzzi@ffwplaw.com  

Hearing Date: January 29, 2013  
Hearing Time: 10:00 a.m. E.T.

Attorney for California Housing Finance Agency

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC., et al.,<br><br>Debtors. | Case No. 12-12020 (MG)<br><br>Chapter 11<br><br>Jointly Administered |

**OBJECTION OF CALIFORNIA HOUSING FINANCE AGENCY TO DEBTORS' FIRST MOTION FOR ORDER UNDER 11 U.S.C. §§ 105(a) AND 365(a) AND (f), FED. R. BANKR. P. 6006 AND 9014 AND LOCAL BANKRUPTCY RULE 6006-1 AUTHORIZING ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS IN CONNECTION WITH THE SALE OF THE DEBTORS' PLATFORM ASSETS**

California Housing Finance Agency ("CalHFA"), by and through its undersigned counsel, hereby submits its Objection ("Objection") to the Debtors' *First Motion for Order under 11 U.S.C. §§ 105(a) and 365(a) and (f), Fed. R. Bankr. P. 6006 and 9014 and Local Bankruptcy Rule 6006-1 Authorizing Assumption and Assignment of Executory Contracts in Connection with the Sale of the Debtors' Platform Assets* (Dkt No. 2686) ("Motion").

**INTRODUCTION**

CalHFA hereby responds and objects to the Debtors' request to assume and assign to Ocwen Loan Servicing, LLC ("Ocwen") the California Housing Finance Agency Mortgage Purchase & Servicing Agreement February 12, 2007 ("CalHFA Contract"), which is a servicing and origination agreement described in Exhibit 1(c) to the Motion on the following grounds:

1.  Ocwen has failed to apply to be a CalHFA Servicer and, without applying to become

-1-

a CalHFA Servicer, Ocwen has not shown that it can meet the criteria to be qualified to become a CalHFA Servicer under the terms of the CalHFA Contract. Accordingly, the Debtors and Ocwen have not shown adequate assurance of future performance, which prevents the Debtors from assigning the CalHFA Contract to Ocwen.

2. CalHFA notes that the CalHFA Contract was listed as a contract to be assumed and assigned in connection with the Debtors' original *Notice of (i) Debtors' Intent to Assume and Assign Certain Executory Contracts and Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (ii) Cure Amounts Related Thereto* (Dkt No. 924) provided as part of the Sale Procedures Order entered on June 28, 2012 (Dkt. No. 538) ("CalHFA Original Objection"). CalHFA submitted an objection/response to the Debtors' original motion at Docket 1614 and a supplement to the objection/response at Docket 2011 ("CalHFA Supplemental Objection", together with the CalHFA Original Objection, the "CalHFA Objections").

3. To resolve the CalHFA Objections, Ocwen agreed to submit an application to CalHFA to become an approved servicer and be subject to the CalHFA approval requirements required by the CalHFA Contract. This resolution was noted on the record in open court at the sale hearing on November 19, 2012. However, despite counsel and business persons communications among the parties, Ocwen has not submitted the required application and CalHFA has not reviewed or approved Ocwen's qualifications to perform under the CalHFA Contract. Unless and until Ocwen submits the proper application and CalHFA approves Ocwen as a CalHFA servicer, the CalHFA Contract cannot be assumed.

4. CalHFA has been working with GMAC on the cure amount for the CalHFA Contract. The current cure amount is at least $6,375, not zero as stated in the Motion. The cure amount is comprised of unpaid penalties incurred by debtor GMAC Mortgage, LLC ("GMAC") both pre- and post-petition with regard to servicing issues described herein, which penalties continue to accrue. The cure amount also may include GMAC's obligations to repurchase certain mortgages, but the parties are still negotiating these issues.

5. CalHFA respectfully requests that any order approving the assumption and assignment of the CalHFA Contract contain the following provisions:

a. Prior to the effectiveness of any assumption and assignment of the CalHFA Contract, Ocwen shall submit a completed Application to Service Existing CalHFA Loans ("Application") to CalHFA, CalHFA shall consider the application, and the CalHFA Contract may be assumed and assigned to Ocwen only after CalHFA approves Ocwen as a servicer;

b. The cure amount payable shall include all amounts due under the CalHFA Contract for servicing by GMAC until the date of transfer of the CalHFA Contract to Ocwen (if any), and CalHFA shall have up to 30 days after the assignment to present any amounts due and payable by the Debtors as cure amounts.

6. CalHFA is working with the Debtors regarding the cure amounts.

**FACTUAL BACKGROUND RELEVANT TO THE RESPONSE AND ARGUMENT**

7. The Debtors commenced these cases under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on May 14, 2012.

8. GMAC, one of the Debtor entities, entered into the CalHFA Contract with CalHFA on February 12, 2007. Declaration of Gregory Carter in Support of Response filed at Dkt. 1614-1 ("Carter Decl.") at ¶ 5.

9. Under the CalHFA Contract, GMAC agreed both to originate and service eligible loans made pursuant to CalHFA's single family home loan program. Section III.1 of the Agreement provides in relevant part: "Lender shall service the Loans in accordance with the most restrictive requirements of the following: (i) this Agreement; (ii) the Servicer's Guide and/or Program Bulletins, to the extent not inconsistent with this Agreement, (iii) the requirements of the applicable Mortgage Insurer, and (iv) the customary practices of prudent lending institutions." The Servicer's Guide is a lengthy document which, among other things, provides for penalties to be assessed to the CalHFA loan servicers if certain conditions are not met. For example, FHA/VA/USDA loans are to have a grant deed recorded to convey title from CalHFA to the insurer or the servicer within 90 days of the trustee sale date. A servicer is subject to a fifty ($50) dollar per day penalty assessment, with no maximum, for failing to comply with this requirement. Carter Decl. at ¶ 7.

10. Pursuant to the Motion, the alleged cure amount for the CalHFA Contract is listed as $0.00. This amount is incorrect. As set forth in detail in letters sent to GMAC by CalHFA dated

-3-

January 15 and 22, 2013, copies of which are attached hereto, GMAC owes CalHFA at least $6,375 in penalties. Further, GMAC is obligated under the CalHFA Contract to repurchase certain loans. Repurchase obligations are not included in the $6,375, but remain the obligation of GMAC and part of the cure obligation for any loans serviced by GMAC.

11. Section II.4 of the Agreement provides in relevant part: "At all times during the term of this Agreement Lender shall be an approved FHA single family servicer and direct endorsement lender and shall be an approved FNMA seller, servicer and lender." CalHFA's Servicer's Guide, which is incorporated by reference in the Agreement, has provisions and procedures addressing the qualifications and application to become a servicer. The CalHFA approval process includes the disclosure of certain information as well as a site visit by CalHFA auditors as a means for insuring that a servicer has the experience and capacity to service CalHFA's loans. Despite its promises in order to get CalHFA to not oppose the sale motion on November 19th, Ocwen has not submitted the Application, nor been reviewed or approved by CalHFA to be an approved servicer.

## ARGUMENT

### A. If the Court Permits Assumption, the Debtors and Ocwen Have Failed to Show Adequate Assurance of Future Performance of the CalHFA Contract

12. Section 365 of the Bankruptcy Code authorizes the assumption and assignment of an executory contract provided that any defaults under such contracts are cured and adequate assurance of future performance is provided. 11 U.S.C. § 365(f)(2). "The requirement that adequate assurance of future performance be given to the other party is appropriate in light of section 365(k), which provides that assignment relieves the trustee and the estate from any liability for breaches occurring after assignment." 3 *Collier on Bankruptcy* ¶ 365.09[1], p. 365-73 (16th ed. 2012). As noted by the Debtors, "adequate assurance may be given by demonstrating the assignee's financial health and experience in managing the type of enterprise or property assigned." Motion at ¶ 18.

13. CalHFA already has an application procedure in place by which CalHFA ensures that proposed servicers for its loans have the requisite capability and financial strength to service CalHFA's loans. CalHFA's Servicer's Guide contains certain requirements relating to net worth and financial acceptability that must be met by approved servicers. CalHFA's Servicer's Guide also requires servicers of its loans to, among other things, have and maintain collection call staff for

-4-

calling delinquent California borrowers within authorized federal statutory time limits as well as service not fewer than 10,000 loans. The CalHFA approval process includes the disclosure of certain information as well as a site visit by CalHFA auditors as a means for insuring that a servicer has the experience and capacity to service CalHFA's loans.

14. Despite its promises to convince CalHFA to not pursue its original objection, Ocwen has not applied to CalHFA to be an approved servicer. Without being an approved servicer, the Debtors and Ocwen have failed to provide adequate assurance of future performance and any assignment of the CalHFA Contract should be denied until Ocwen submits the Application and such Application is approved in accordance with the requirements of the CalHFA Contract and the Servicer's Guide.

**B.      If the Court Permits Assumption and Assignment, the Cure Amount Is At Least $6,375, Plus Ongoing Obligations until Assignment.**

15. Section 365(b)(1)(B) of the Bankruptcy Code requires that the debtor-in-possession cure all actual pecuniary loss to the other party to a contract prior to assuming that contract. 11 U.S.C. § 365(b)(1)(B). GMAC has incurred pre- and post-petition penalties under the CalHFA Contract which remain unpaid. Those penalties will continue to accrue until paid and potentially more penalties will accrue until the assignment date. Further, there may be repurchase obligations for loans serviced by GMAC that could arise after the assignment. Thus, the actual cure amount for the CalHFA Contract is not subject to precision but is at least $6,375, not zero as asserted in the Motion. The Order approving any assumption and assignment of the CalHFA Contract should provide that any obligation incurred by GMAC for its servicing shall be payable as a cure amount notwithstanding its identification after any assignment. CalHFA has suggested language for the order to ensure the proper cure amounts are payable from GMAC as a condition to assumption and assignment as required by section 365.

## CONCLUSION

CalHFA respectfully requests that the Debtors not be permitted to assume and assign the CalHFA Contact unless:

1.      Prior to the effectiveness of any assumption and assignment of the CalHFA Contract,

Ocwen shall submit a completed Application to Service Existing CalHFA Loans ("Application") to CalHFA, CalHFA shall consider the Application, and the CalHFA Contract may be assumed and assigned to Ocwen only after CalHFA approves Ocwen as a servicer;

2. The cure amount payable shall include all amounts due under the CalHFA Contract for servicing by GMAC until the date of transfer of the CalHFA Contract to Ocwen (if any), and CalHFA shall have up to 30 days after the assignment to present any amounts due and payable by the Debtors as cure amounts; and

3. For such other and further relief as may be just and proper.

Dated: January 24, 2013

FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP

By: */s/ Paul J. Pascuzzi*
PAUL J. PASCUZZI (*pro hac vice*),
Attorneys for California Housing Finance Agency

State of California

## Cal HFA  California Housing Finance Agency

January 15, 2013

Mr. Scott Valletti
Manager, Contract Administration
Operations Risk Management
GMAC Mortgage Corporation
1100 Virginia Drive
MC190-FTW-C05
Fort Washington, PA  19034

RE: <u>OUTSTANDING ITEMS FOR SERVICING AUDIT CONDUCTED OCTOBER 2ND THRU $5^{TH,}$ 2012 IN DALLAS, TX</u>

Dear Mr. Valletti,

Thank you for the GMACM response dated January 9, 2013 to our findings from the 2012 Audit for the September 1, 2011 to July 30, 2012 audit period. Based on our review of GMAC Mortgage Corporation (GMACM) servicing of CalHFA loans and your response, the current status of findings are as follows:

LOAN SERVICING

**Collections**
In the Collections area, we reviewed eighty four (84) loans, and found the following exceptions:

1. GMAC consolidated notes reflect the Notice of Default has not been filed.

| Servicer Ln # | CalHFA Ln # | Borrower | Due for |
|---|---|---|---|
| 0557657905 | 662RK0037 | Barnes | 01/01/11 |

Recommendation/Request: GMAC to repurchase the above loan. Attached you will find the Repurchase / Make Whole Request. Please review CalHFA's Servicing Guide, Section 7, Foreclosure Procedure, page 4, Item D-1, "The Notice of Default (NOD) for conventional insured loans (Civil Code 2924c) shall be recorded in the County Recorder's Office not later than the 120th day of delinquency".

**GMACM Response:** Bankruptcy was discharged 9/13/11. Breach letter was sent 10/6/2011, the initial first class letter was sent in 2010. In February 2012 first-class letter date to allow the due diligence cycle to restart on this loan. Because of the amount of time that had elapsed between the first class letter and the current date, the process had to restart. Sufficient contacts had not been made before the bankruptcy to allow the certified letter to be sent. The certified letter in the second cycle was sent on 4/23/12. When the file was reviewed, one of the mandatory contact attempts was missing. The CIT 828 was opened to prevent referral while the contacts were completed. The contact attempts were completed and the certified letter mailed on 8/30/12, expiring 9/30/12.

**CalHFA Response:** Advise status on repurchase demand. **CalHFA Servicer's Guide, General Section 1, Page 1, A,** "Strict servicer compliance with all of the requirements contained in this guide is required. As stated in the Mortgage Purchase and Servicing Agreement, or Servicing Agreement, as applicable, if any loan is not serviced in compliance with the CalHFA Program requirements and the Tax Code, CalHFA may require the servicer to repurchase the loan". As the loan status changes additional penalties and fees may be assessed.

▶ **Sacramento Headquarters**
P.O. Box 4034
Sacramento, CA 95812
(916) 326-8000

▶ **Los Angeles Office**
100 Corporate Pointe, Suite 250
Culver City, CA 90230
(310) 342-5400

www.calhfa.ca.gov

## Loss Mitigation / FHA Modifications

In the Loss Mitigation / FHA Modifications area, we reviewed twenty nine (29) loans and found the following exceptions:

1. GMAC consolidated notes reflect the short sale was due to close escrow on 7/15/12.

| Servicer Ln # | CalHFA Ln # | Borrower | Due for |
|---|---|---|---|
| 577777402 | 662DA0026 | Perez | 01/01/12 |

Recommendation/Request: GMAC to advise status of short sale loan and Notice of Default filing date.

**GMACM Response:** Short sale talks were opened 2/3/12, short sale offer one (1) was approved 3/27/12, buyer walked, new buyer was received 5/18/12, and offer was approved 8/7/12, short sale then closed 10/8/12. Since Short Sale, talks opened one (1) month after delinquency there was no Notice of Default filed.

**CalHFA Response:** CalHFA has verified the receipts of short sale proceeds from GMAC were paid timely. **Exception cleared.**

### Foreclosure

In the Foreclosure area we reviewed thirty (30) Foreclosure files and found the following exceptions:

1. GMAC consolidated notes reflect the Notice of Default filed 4/23/12 in the name of MERS with no evidence that a trustee sale date set.

| Servicer Ln # | CalHFA Ln # | Borrower | Due for |
|---|---|---|---|
| 0601272522 | 662DA0031 | Farias | 11/01/11 |

Recommendation/Request: GMAC to advise Trustee Sale date. Review CalHFA's Servicer Guide, Section 7, Foreclosure Procedure, page 1, Item A-1, General, Foreclosing in CHFA's Name and CalHFA Program Bulletin #2011-10, Mortgage Electronic Registration System, Inc (MERS) and the Foreclosure and Bankruptcy Processing Update. Establish procedures to insure compliance.

**GMACM Response:** The NOD was filed 4/23/12 however; the foreclosure had to be restarted because there was a break in chain because of a missing assignment. Presently we are waiting on the executed SOT to move forward.

**CalHFA Response:** GMAC to provide explanation of why there was a break in chain and provide copies of the Deed of Trust and all assignments evidencing a break in chain. Please provide satisfactory explanation in detail as to why GMAC did not file the Substitution of Trustee at least eight months ago as this loan may be subject to repurchase. Advise when the Substitution of Trustee will be recorded.

### Bankruptcy

In the Bankruptcy area, we reviewed nineteen (19) Bankruptcy files and found the following exceptions:

1. GMAC consolidated notes reflect Bankruptcy filed 9/28/12 and trustee sale date set 10/3/12.

| Servicer Ln # | CalHFA Ln # | Borrower |
|---|---|---|
| 0162159206 | 662BN0009 | Ramos |

Request: GMAC to advise the Bankruptcy discharged or dismissed date.

**GMACM Response:** The borrower did file bankruptcy 9/28/12, cancelling the trustee sale scheduled for 10/3/12. The bankruptcy has not been discharged or dismissed as of 11/5/12.

**CalHFA Response:** Please submit a copy of the Bankruptcy notification to servicer, copy of the Proof of Claim and confirm borrowers are currently making monthly post-petition payments on time. Provide copy of Motion for Relief from Stay if there has been a breach in payments.

### 3rd Party /REO Trustee Sale

In the 3rd Party and REO Trustee Sale area, we reviewed twenty seven (27) loans and found the following exceptions:

1. GMAC did not notify CalHFA within twenty-four (24) hours of the Trustee Sale. The Servicer is subject to a one hundred ($100) dollar per day penalty assessment.

2

| Servicer# | CalHFA# | Sale Date | CalHFA Notified | Days Late | Penalty |
|---|---|---|---|---|---|
| 594291205 | 662RS0019 | 06/25/12 | 06/27/12 | 1 | $ 100.00 |
| | | | | Total | $ 100.00 |

Recommendation/Request: Please review CalHFA's Servicer Guide, Section 8, Post Foreclosure and REO, page 1, Item B-1, CHFA Acquisition, Notice to CalHFA. Establish procedures to insure compliance.

**GMACM Response:** GMACM disagrees with CalHFA's finding. The sale results were properly conveyed to CalHFA within twenty-four (24) hours of the scheduled sale date.

**CalHFA Response:** GMAC has sent proof that CalHFA was notified via email within 24 hours of trustee sale.
**Exception cleared.**

2. GMAC did not file MI Claim within 30 days of Trustee Sale. The Servicer is subject to a one hundred ($100) dollar per day penalty assessment.

| Servicer# | CalHFA# | Sale Date | MI Claim Filed | Days Late | Penalty |
|---|---|---|---|---|---|
| 179999909 | 662DM0047 | 11/28/11 | 1/11/12 | 14 | $1,400.00 |
| | | | | Total | $1,400.00 |

**GMAC Response:** GMAC agrees with the fine. We continue to improve our policies/procedures and controls to ensure we file the claim within thirty (30) days.

**CalHFA Response:** CalHFA has received penalty fee.
**Exception cleared.**

3. GMAC failed to transfer title of the property from CalHFA to either the Servicer or the MI insurer within ninety (90) days of the Trustee Sale Date. Penalty for violation is a fifty dollar ($50) penalty assessment for each day not in compliance and there is no maximum. Penalty to October 5th, 2012 on all loans not transferred at time of audit. However, the final penalty amount will be calculated to actual Grant Deed recording date.

| Servicer# | CalHFA# | Sale Date | File Date Grant Deed | Days Late | Penalty |
|---|---|---|---|---|---|
| 563100304 | 662CT0076 | 06/25/12 | Not Rec'd | 12 | $ 600.00+ |
| 539287201 | 662CO0020 | 12/09/12 | 06/05/12 | 89 | $ 4,450.00 |
| 574464707 | 662CW0057 | 05/07/12 | 08/28/12 | 23 | $ 1,150.00 |
| 578292906 | 662RS0004 | 04/25/12 | 09/06/12 | 44 | $ 2,200.00 |
| 560463903 | 662CJ0060 | 01/25/12 | Not Rec'd | 164 | $ 8,200.00+ |
| 569305501 | 662CT0074 | 05/21/12 | Not Rec'd | 47 | $ 2,350.00+ |
| 579707001 | 662RF0003 | 12/09/11 | 04/06/12 | 29 | $ 1,450.00 |
| 601528503 | 662RD0017 | 09/12/11 | 05/29/12 | 170 | $ 8,500.00 |
| 534472907 | 662CM0045 | 11/14/11 | 04/19/12 | 67 | $ 3,350.00 |
| 179402409 | 662DN0013 | 04/30/12 | Not Rec'd | 68 | $ 3,400.00+ |
| 217458389 | 662L 0135 | 11/01/11 | 05/31/12 | 122 | $ 6,100.00 |
| 598234300 | 662DM0017 | 09/12/11 | 04/04/12 | 115 | $ 5,750.00 |
| 185889201 | 662DQ0002 | 03/05/12 | 08/06/12 | 74 | $ 3,700.00 |
| 179765805 | 662DM0044 | 05/08/12 | 09/05/12 | 30 | $ 1,500.00 |
| 601397358 | 662RT0002 | 05/10/12 | Not Rec'd | 58 | $ 2,900.00+ |
| | | | | Total | $55,600.00+ |

Penalties with a (+) are subject to revision based on date Grant Deed is actually recorded.

Recommendation/Request: Please review CalHFA's Servicer Guide, Section 7, Foreclosure Procedure, page 1, Item A-1, General, Foreclosing in CHFA's Name. Establish procedures to insure compliance.

3

**GMAC Responses**

**#563100304 / 662CT0076:** GMAC agrees with the finding. Fine has been paid through 11/16/12 however; deed still has not been recorded. GMAC to prepare deed out of Cal Housing's name into GMAC

**#539287201 / 662CO0020:** GMAC agrees with finding. Fine paid.

**#574464707 / 662CW0057:** GMAC agrees with the finding. Fine paid

**#578292906 / 662RS0004:** GMAC agrees with the finding. Fine Paid

**#560463903 / 662CJ0060:** GMAC agrees with the finding. Fine has been paid through 11/16/12 however; deed has still not been recorded. GMAC to prepare deed out of Cal Housing's name into GMAC

**#569305501 / 662CT0074:** GMAC agrees with finding. Property conveyed 12/21/12. Fine paid through 11/16/12. Will need to pay from 11/17/12 – 12/21/12.

**#579707001 / 662RF0003:** GMAC agrees with the finding. Fine Paid

**#601528503 / 662RD0017:** GMAC agrees with the finding. Fine Paid

**#534472907 / 662CM0045:** GMAC agrees with the finding. Fine Paid

**#179402409 / 662DN0013:** GMAC agrees with the finding, fine paid through 11/16/1212 however, deed has still not been recorded. GMAC to prepare deed out of Cal Housing's name into GMAC

**#217458389 / 662L 0135:** GMAC agrees with finding. Fine Paid

**#598234300 / 662DM0017:** GMAC agrees with the finding. Fine Paid

**#185889201 / 662DQ0002:** GMAC agrees with the finding. Fine Paid

**#179765805 / 662DM0044:** GMAC agrees with the finding. Fine Paid

**#601397358 / 662RT0002:** GMAC agrees with the finding. Property conveyed 12/14/12. Fine paid through 11/16/12. Will need to pay from 11/17/12 – 12/14/12.

**CalHFA Response:**

| Servicer# | CalHFA# | Sale Date | File Date Grant Deed | Paid to Date | Days Late | Penalty |
|---|---|---|---|---|---|---|
| 539287201 | 662CO0020 | 12/09/12 | 06/05/12 | | 89 | $ 4,450.00 |
| 574464707 | 662CW0057 | 05/07/12 | 08/28/12 | | 23 | $ 1,150.00 |
| 578292906 | 662RS0004 | 04/25/12 | 09/06/12 | | 44 | $ 2,200.00 |
| 579707001 | 662RF0003 | 12/09/11 | 04/06/12 | | 29 | $ 1,450.00 |
| 601528503 | 662RD0017 | 09/12/11 | 05/29/12 | | 170 | $ 8,500.00 |
| 534472907 | 662CM0045 | 11/14/11 | 04/19/12 | | 67 | $ 3,350.00 |
| 217458389 | 662L 0135 | 11/01/11 | 05/31/12 | | 122 | $ 6,100.00 |
| 598234300 | 662DM0017 | 09/12/11 | 04/04/12 | | 115 | $ 5,750.00 |
| 185889201 | 662DQ0002 | 03/05/12 | 08/06/12 | | 74 | $ 3,700.00 |
| 179765805 | 662DM0044 | 05/08/12 | 09/05/12 | | 30 | $ 1,500.00 |
| 563100304 | 662CT0076 | 06/25/12 | Not Rec'd | 01/15/13 | 114 | $ 5,700.00+ |
| 560463903 | 662CJ0060 | 01/25/12 | Not Rec'd | 01/15/13 | 266 | $13,300.00+ |
| 569305501 | 662CT0074 | 05/21/12 | Not Rec'd | 01/15/13 | 149 | $ 7,450.00+ |
| 179402409 | 662DN0013 | 04/30/12 | Not Rec'd | 01/15/13 | 170 | $ 8,500.00+ |
| 601397358 | 662RT0002 | 05/10/12 | Not Rec'd | 01/15/13 | 160 | $ 8,000.00+ |
| | | | | | **Total** | **$81,100.00** |

Penalties paid through 11/16/12 in the amount of $66,100.00 have been received. Penalty fees shown as (+) are still accruing penalties from 11/17/12 to date of recorded Grant Deed removing CalHFA's name from title. Estimated penalties from 11/17/12 to 1/15/13 are $15,000.00. Please remit copies of the recorded Grant Deeds as soon as possible.

**FHA and Conventional Short Sale**
Reviewed three (3) Conventional and two (2) FHA Short Sale files and found the following exceptions:

4

GMAC failed to remit short sale proceeds to CalHFA within five (5) business days of receipt. The Servicer is subject to a twenty five ($25) dollar per day to a maximum of five hundred ($500) penalty assessment.

| Servicer # | CalHFA # | Closed Date | CalHFA Rec'd Funds | Days Late | Penalty |
|---|---|---|---|---|---|
| 594553109 | 662RG0021 | 04/13/12 | 04/24/12 | 1 | $ 25.00 |
| 576217509 | 662CW0068 | 01/20/12 | 01/30/12 | 1 | $ 25.00 |
| 598230407 | 662DJ0008 | 04/16/12 | 05/17/12 | 18 | $ 450.00 |
| 598488203 | 662RC0014 | 08/01/12 | 09/12/12 | 25 | $ 500.00 |
| 176190205 | 662DK0002 | 09/28/11 | 10/12/11 | 7 | $ 175.00 |
| **CalHFA has received penalty fee.** | | | | **Total** | **$ 1,175.00** |

Recommendation/Request: Please review CalHFA Servicers Guide, Section 4, Accounting and Fiscal Responsibilities, page 12, Item C-6, Short Sale Payoffs. Establish procedures to insure compliance.

**GMAC Responses**

#594553109 / 662RG0021: GMAC agrees with this finding, we are diligently working on our process to ensure funds are remitted to CalHFA in the allotted period.

#576217509 / 662CW0068: GMAC agrees with this finding, we are diligently working on our process to ensure funds are remitted to CaHFA in the allotted period.

#176190205 / 662DK002: GMAC disagrees with this finding. GMAC did not receive all of the documents (certified HUD1) from the short sale.

#598230407 / 66DJ0008: GMAC agrees with the finding, we are diligently working on our process to ensure funds are remitted to CalHFA in the allotted period.

#598488203 / 66RC0014: GMAC agrees with this finding. However, this loan required a buyout and that delayed the remittance of funds to CalHFA.

**CalHFA Response:** Please submit proof of Certified HUD 1 receipt date for possible reassessment of penalty fee for loan number #176190205 / 66DK0002.

Servicing Audit Section I, Items G, H, I and Other Items Section II have been reviewed and are satisfactory.

**Penalty Fees**
**CalHFA has received penalty fees in the amount of $ 68,675.00 on 11/16/12**

The estimated total outstanding penalty fee as of January 15, 2013 is $15,000.00. Please make check payable to California Housing Finance Agency and send to Oksana Glushchenko, Accounting Department, California Housing Finance Agency 500 Capital Mall MS 930, Sacramento, CA 95814. Please send a copy of this findings letter with your check.

**NOTE:** These are penalty fees only and do not take into consideration any loans that are being repurchased.

Please review the above recommendations and respond in writing within ten (10) days as to the procedures implemented to resolve the exceptions as mentioned. Please report areas listed for corrective action to be taken.

Should you have any questions regarding this audit, please feel free to call me at (916) 376-2910 or Debbie Romano at (916) 376-2902, or e-mail dromano@calhfa.ca.gov.

Sincerely,

Trish Hoehne
Servicing Administrator Manager
California Housing Finance Agency


Cc:    Debbie Romano, Examiner, CalHFA
       Juan Riggins, Examiner, CalHFA
       Oksana Glushchenko, Accounting, CalHFA

5

State of California

# Cal HFA™  California Housing Finance Agency

January 22, 2013

Mr. Scott Valletti
Manager, Contract Administration
Operations Risk Management
GMAC Mortgage Corporation
1100 Virginia Drive
MC190-FTW-C05
Fort Washington, PA  19034

**RE:  <u>OFF SITE SERVICING AUDIT</u>**

Dear Mr. Valletti,

Pursuant to the Servicing Agreement of the California Housing Finance Agency (CalHFA) Servicer's Guide, Section 4-A.4, Examination of Records, the Agency will perform an audit review once every two weeks until the transfer of the CalHFA portfolio to the new servicer has been completed. Not only is this consistent with the provisions of the Servicing Agreement, but consistent with and in support of the bankruptcy proceedings and the assignment and assumption of the servicing portfolio.

During the offsite servicing audits performed for January 15, 2013 through January 22, 2013, no servicing exceptions were found.

During the offsite servicing audit review of the policies, procedures and practices used by GMAC Mortgage Corporation servicing CalHFA loans, for audit period of August 1, 2012 through January 14, 2013, the following areas were reviewed and any exceptions noted:

### <u>REO Trustee Sale and 3rd Party Sale</u>

REO Trustee Sale area, we reviewed seven (7) loans and found the following exceptions:

1. GMAC did not notify CalHFA within twenty-four (24) hours of the Trustee Sale. The Servicer is subject to a one hundred ($100) dollar per day penalty assessment.

| Servicer# | CalHFA# | Sale Date | CalHFA Notified | Days Late | Penalty |
|---|---|---|---|---|---|
| 601136991 | 662CY0040 | 10/29/12 | 10/31/12 | 1 | $ 100.00 |
|  |  |  |  | **Total** | **$ 100.00** |

Findings: Establish procedures to insure compliance with CalHFA's Servicer Guide, **Post Foreclosure and REO – CalHFA Acquisition, Notice to CalHFA, Section 8.B.1.**

2. GMAC failed to transfer title of the property from CalHFA to either the Servicer or the MI insurer within ninety (90) days of the Trustee Sale Date. Penalty for violation is a fifty dollar ($50) penalty assessment for each day not in compliance and there is no maximum. However, the final penalty amount will be calculated to actual Grant Deed recording date.

| Servicer# | CalHFA# | Sale Date | File Date Grant Deed | Days Late | Penalty |
|---|---|---|---|---|---|
| 550491708 | 662RC0013 | 08/08/12 | Not yet filed | 55 | $2,750.00 + |
| 601308950 | 662RP0029 | 09/21/12 | Not yet filed | 25 | $1,200.00+ |
| 595011107 | 662DG0026 | 09/11/12 | Not yet filed | 25 | $1,750.00+ |
|  |  |  |  | **Total** | **$5,750.00 +** |

**Penalty with a (+) are subject to revision based on date Grant Deed is actually recorded.**

▶ **Sacramento Headquarters**
P.O. Box 4034
Sacramento, CA 95812
(916) 326-8000

▶ **Los Angeles Office**
100 Corporate Pointe, Suite 250
Culver City, CA 90230
(310) 342-5400

www.calhfa.ca.gov

The following loans went to Trustee Sale and have not yet reached the ninety (90) day violation period. Please submit copy of recorded grant deed as soon as possible in order to avoid penalties.

| Servicer# | CalHFA# | Sale Date |
|---|---|---|
| 601136991 | 662CY0040 | 10/29/12 |
| 178337200 | 662DM0026 | 10/31/12 |
| 566896502 | 662CT0069 | 11/06/12 |

Findings: Establish procedures to insure compliance with CalHFA's Servicer Guide, **Foreclosure Procedure – General, Foreclosing in CalHFA's Name, Section 7.A.1.**

3. GMAC failed to remit Third Party Sale proceeds to CalHFA within five (5) business days of receipt. The Servicer is subject to a twenty five ($25) dollar per day to a maximum of five hundred ($500) penalty assessment.

| Servicer # | CalHFA # | Closed Date | Rec'd Funds | Days Late | Penalty |
|---|---|---|---|---|---|
| 558876108 | 662RL0009 | 10/24/12 | 11/7/12 | 5 | $ 125.00 |
| 216875997 | 662L_0015 | 08/27/12 | 09/13/12 | 8 | $ 400.00 |
|  |  |  |  | **Total** | **$ 525.00** |

Findings: Establish procedures to insure compliance with CalHFA Servicers Guide, **Post Foreclosure and REO – Third Party Sale Acquisition, Section 8.A.1, and Accounting and Fiscal Responsibilities – Payoff Remittances, Failure to comply, Section 4.C,3.**

**Penalty Fees**

The total estimated penalty fee is **$6,375.00**. Please make check payable to California Housing Finance Agency and send to Oksana Glushchenko, Accounting Department, California Housing Finance Agency 500 Capital Mall MS 930, Sacramento, CA 95814. Please send a copy of this findings letter with your check.

Please review the above findings and respond in writing within fourteen (14) days as to the procedures implemented to resolve the exceptions as mentioned. Please report areas listed for corrective action to be taken.

Should you have any questions regarding this audit, please feel free to call me at (916) 376-2910 or Debbie Romano at (916) 376-2902, or e-mail dromano@calhfa.ca.gov.

Sincerely,

Trish Hoehne
Servicing Administrator Manager
California Housing Finance Agency

2

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 24th day of January 2013, a copy of the foregoing **OBJECTION OF CALIFORNIA HOUSING FINANCE AGENCY TO DEBTORS' FIRST MOTION FOR ORDER UNDER 11 U.S.C. §§ 105(a) AND 365(a) AND (f), FED. R. BANKR. P. 6006 AND 9014 AND LOCAL BANKRUPTCY RULE 6006-1 AUTHORIZING ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS IN CONNECTION WITH THE SALE OF THE DEBTORS' PLATFORM ASSETS** was sent to those receiving documents via the CM/ECF system and sent by first class mail, postage prepaid, to:

*Debtor*
Residential Capital, LLC
1177 Avenue of the Americas
New York, NY  10036

*Debtor's Counsel*
Anthony Princi, Gary S. Lee Joel C. Haims
Larren M. Nashelsky Lorenzo Marinuzzi
Norman Scott Rosenbaum, Todd M. Goren
Morrison & Foerster
1290 Avenue of the Americas
New York, NY  10104

*Debtor's Counsel*
Steven J. Reisman
Curtis, Mallet-Prevost, Colt & Mosle LLP
101 Park Avenue
New York, NY  10178

*Counsel for*
*Wilmington Trust, National Association*
Debra Weinstein Minoff, Walter H. Curchack
Loeb & Loeb LLP
345 Park Avenue
New York, NY  10154

*Counsel for*
*Wilmington Trust, National Association, as Indenture Trustee for the Senior Unsecured Notes Issued by Residential Capital, LLC*
Sean A. O'Neal, Thomas J. Moloney
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY  10006

*Counsel for*
*HSBC Bank USA, National Association*
John Kibler
Allen & Overy
1221 Avenue of the Americas
New York, NY  10178

*U.S. Trustee*
United States Trustee
33 Whitehall Street, 21st Floor
New York, NY  10004

*Claims and Noticing Agent*
*Kurtzman Carson Consultants LLC*
Attn: James Le
2335 Alaska Avenue
El Segundo, CA  90245

*Counsel for*
*Official Committee of Unsecured Creditors*
Douglas Mannal
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036

*Counsel for*
*Official Committee of Unsecured Creditors*
Steven S. Sparling
Kramer Levin Naftalis & Frankel LLP
919 Third Avenue
New York, NY 10022

*Counsel for*
*Ocwen Loan Servicing, LLC*
Jennifer C. DeMarco
Clifford Chance US LLP
31 West 52nd Street
New York, NY 10019

*/s/ Lori N. McCleerey*
Lori N. McCleerey