UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re:                                     )  Case No. 12-12020 (MG)
                                           )
RESIDENTIAL CAPITAL, LLC, et al.,          )  Chapter 11
                                           )
                        Debtors.           )  Jointly Administered
                                           )

---

## DECLARATION OF DISINTERESTEDNESS

I, Anand S. Raman, hereby declare under penalty of perjury that, to the best of my knowledge and belief, and insofar as I have been able to ascertain after reasonable inquiry,[1] the following is true and correct:

1. I am a Partner of Skadden, Arps, Slate, Meagher & Flom LLP, which maintains an office for the practice of law at, among other places, 1440 New York Avenue, N.W., Washington, DC 20005 (the "Firm" or "Skadden, Arps").

2. The debtors and debtors-in-possession in this case (each a "Debtor" and collectively the "Debtors") have requested that the Firm provide legal services to the Debtors, and the Firm has consented to provide such services. Specifically, the Firm will represent the Debtors in a putative class action suit under the Fair Housing Act and the Equal Credit Opportunity Act styled *Guerra et al. v. GMAC LLC et al.*, Civ. A. No. 2:08-cv-01297-LDD (E.D. Pa.) (the "Guerra Matter"). The Firm represented the Debtors pre-petition in the Guerra

---

[1] Certain of the disclosures herein relate to matters within the knowledge of other attorneys at Skadden, Arps and are based on information provided by them.

Matter and has continued to provide legal services to the Debtors post-petition in this same matter.

3. The Firm may have performed services in the past, may currently perform services, and may perform services in the future, in matters unrelated to the above-captioned cases (the "Chapter 11 Cases"), for persons that are parties-in-interest in the Debtors' Chapter 11 Cases. Except as disclosed below, the Firm does not perform services for any such person in connection with these Chapter 11 Cases, or have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates. The Firm has in the past represented the Debtors on a variety of matters; however, the Firm's representation of the Debtors as proposed herein is strictly limited to this matter upon which the Firm is proposed to be employed.

4. The Firm represents Barclays Bank PLC, as Administrative Agent for a syndicate of financial institutions, which is providing post-petition financing to the Debtors. This representation of Barclays Bank PLC, however, does not relate to the matter upon which the Firm is proposed to be employed by the Debtors. Moreover, Skadden, Arps does not hold or represent any interest adverse to the Debtors with respect to the matter for which the Firm is proposed to be employed. A formal screening procedure or "Ethical Wall" is currently in place to ensure that there are no communications or exchanges of any information protected as confidential between attorneys and legal assistants ("Professional Staff") who previously represented, are currently representing, or are later assigned to represent Barclays Bank PLC and Professional Staff who previously represented, are currently representing, or are later assigned to represent the Debtors.

5.  In addition, the Firm represented an entity which purchased certain of the Debtors' businesses in Europe in 2010. This representation does not relate to the matter upon which the Firm is proposed to be employed by the Debtors.

6.  As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these Chapter 11 Cases.

7.  Neither I nor any partner of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Firm.

8.  Neither I nor any partner of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matter upon which this Firm is to be employed.

9.  The Debtors do not owe the Firm any compensation for prepetition services.

10. The Firm currently holds balances in the amount of $96,647.80, in connection with various matters in which the Firm represented Debtors pre-petition. As discussed with the Debtors, the Firm will return such funds to the Debtors upon receiving a release in a form agreeable to the Firm and the Debtors.

11. On or about November 26, 2012, the Firm received payment of $4,038.55 (the "Payment") for certain postpetition services the Firm provided to the Debtors in connection with the Guerra matter described above. The Debtors have advised the Firm that the Payment was the result of the Debtors having inadvertently processed a postpetition invoice relating to

3

postpetition work by the Firm in connection with the Guerra Matter. The Payment will be reflected in the first fee statement that the Firm provides to the Debtors after the Firm's retention as an ordinary course professional is approved (or deemed approved).

12. As of the Petition Date, the Firm was not party to an agreement for indemnification with any of the Debtors.

13. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

14. Notwithstanding anything to the contrary in this Declaration, Skadden, Arps reserves all of its rights (including, without limitation, with respect to the amounts described in paragraphs 10 and 11 hereto) in the event that the Firm's retention as an ordinary course professional is not approved or that any party raises any objection or issue with respect to matters described herein (including, without limitation, with respect to the amounts described in paragraphs 10 and 11 hereto).

I declare under penalty of perjury that the foregoing is true and correct.
Executed on January 23, 2013

*[signature]*

Anand S. Raman

*In re Residential Capital, LLC, et al.*
Chapter 11 Case No. 12-12020 (MG)

RETENTION QUESTIONNAIRE[1]

TO BE COMPLETED BY PROFESSIONALS EMPLOYED BY RESIDENTIAL CAPITAL, LLC, et al. (the "<u>Debtors</u>")

<u>THIS QUESTIONNAIRE WILL BE FILED WITH THE COURT ON YOUR BEHALF. PLEASE REMIT IT TO THE FOLLOWING ADDRESS:</u>

    Morrison & Foerster LLP
    1290 Avenue of the Americas
    New York, New York 10104
    Attn: Norman S. Rosenbaum and Jordan A. Wishnew

All questions **must** be answered. Please use "none," "not applicable," or "N/A," as appropriate. If more space is needed, please complete on a separate page and attach.

1.    Name and address of firm:

    Skadden, Arps, Slate, Meagher & Flom LLP
    1440 New York Avenue, N.W.
    Washington, DC 20005

2.    Date of original retention: April 28, 2008

3.    Brief description of legal services to be provided:

    Represent the Debtors in a putative class action suit under the Fair Housing Act and the Equal Credit Opportunity Act styled *Guerra et al. v. GMAC LLC et al.*, Civ. A. No. 2:08-cv-01297-LDD (E.D. Pa.)

4.    Arrangements for compensation (hourly, contingent, etc.)

    (a)    Average hourly rate (if applicable):

        Current negotiated rates for Partners assigned to this matter range between $675.75 and $930.75.

        Current negotiated rates for Counsel assigned to this matter range between $646.00 and $722.50.

---

[1] All amounts are either owing in U.S. Dollars or have been converted to U.S. Dollars based upon the applicable exchange rate in effect on the Petition Date.

   Current negotiated rates for Associates assigned to this matter range between $306.00 and $603.50.

   Current negotiated rates for Legal Assistants/Support Staff assigned to this matter range between $46.75 and $250.75.

   These hourly rates are subject to periodic increases in the normal course of business, often due to the increased experience of a particular professional.

  (b) Estimated average monthly compensation (based on prepetition retention if firm was employed prepetition):

   I estimate that Skadden, Arps, Slate, Meagher & Flom LLP (the "Firm")'s postpetition compensation will be approximately $2,500 a month. In this regard, I note that the fees the Firm received pre-petition are not representative of the fees I expect the Firm will receive postpetition, because the proposed class action suit is currently administratively closed (*i.e.*, stayed) pending the consideration of a similar matter by the U.S. Court of Appeals for the Third Circuit.

5. Prepetition claims against any of the Debtors held by the Firm:

Amount of claim: $0

Date claim arose: N/A

Source of claim: N/A

6. Neither I nor any partner of, or professional employed by, the Firm working on this matter holds a claim against any of the Debtors.

7. Stock of any of the Debtors currently held by the Firm: None

Kind of shares: N/A

No. of shares: N/A

8. Neither I nor any partner of, or professional employed by, the Firm working on this matter individually holds stock in any of the Debtors.

9. Disclose the nature and provide a brief description of any interest adverse to the

Debtors or to their estates with respect to the matters on which the above-named

firm is to be employed.

The Firm does not hold any interest adverse to the Debtors with respect to the above mentioned matter on which it is to be employed. However, in an abundance of caution, the Firm discloses that it represents Barclays Bank PLC, as Administrative Agent for a syndicate of financial institutions, which is providing

post-petition financing to the Debtors. This representation of Barclays Bank PLC does not relate to the matter upon which the Firm is proposed to be employed.

In addition, the Firm represented an entity which purchased certain of the Debtors' businesses in Europe in 2010. This representation also does not relate to the matter upon which the Firm is proposed to be employed by the Debtors.

The Firm has also in the past represented the Debtors on a variety of matters, however, the Firm's representation of the Debtors is strictly limited to this matter upon which the Firm is proposed to be employed.

Name:    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

*[signature: Anand Raman]*
Anand S. Raman

Title:    Partner