Basic Life Resources, a Washington non-profit corporation
And
Pamela Z. Hill
6675 Wahl Road
Freeland, Washington 98249
Email: Cribstone@aol.com, 360-466-8977
      Pamela@WhidbeyViewHomes.com
      360-678-2095/360-320-2411
Mailing Addresses:
P.O. Box 665
Coupeville, WA 98239

Objection Date: February 21, 2013 4:00 p.m
Hearing Date:   February 28, 2013 2:00 p.m

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:    )
             )   Case No. 12-12020 (MG)
RESIDENTIAL CAPITAL, LLC, *et al.*,   )   Chapter 11
             )   Jointly Administered
    Debtors.   )
             )   MOTION FOR RECONSIDERATION
                           AND OTHER RELIEF

To:    Clerk of the Court
        Morrison & Foerster
And to: The Chambers of Hon. Martin Glenn
        (Duplicate conformed copies)

MOTION

COME NOW Basic Life Resources (BLR), by and through its Managing Director, Michael M. Moore, and Pamela Z. Hill(Hill), Joint Petitioners, both parties *pro se,* and Petition this Court by way of this Motion for Reconsideration of its Order Denying your Petitioners' Motion "ECF Doc. 2590" based upon this Court's finding in footnote 1 thereon that, "While the Debtors had been served with the Motion, as of January 9, 2013, the Motion had not been docketed on ECF by the moving parties." From this footnote Finding the Court concluded that the Motion was not docketed until on ECF "which occurred on or about 4:00 p.m. on January 9, 2013." And thus when, "Debtors filed their Objection half an hour later." (Being thus after the 4:00 p.m. deadline established by this Court.) the Court "concludes the Debtors' objection was timely filed."

Your Petitioners request this Court reconsider its Decision and Order based upon the following further review of the information already submitted to this Court and repeated, emphasized and explained further herein as set forth in the following Declarations:

Motion for Reconsideration Page 1



DECLARATION OF MICHAEL M. MOORE

I would point out once again to the Court that, according to the Clerk of this Court, through a designated representative thereof, one "Carmen" of the Clerk's Court Services Office, telephone #212-668-2870, I was advised after I had tried using the ECF/Pacer Login and Password supplied by your Clerk, Arthur J. Gonzales, we, (BLR and Hill) acting *pro se,* were not permitted to employ ECF for filing our pleadings. This was newly acquired information and given then after we had already supplied Court's chambers with 2 "courtesy copies" of our Joint Petition noting on their face that they had been electronically filed.

In light of this information provided by the Clerk on December 21, 2012, the words "electronically filed" were stricken and copies so otherwise unaltered were sent by Certified Mail, Receipt Requested U.S. Postal Service (USPS Priority mail to Morrison & Foerster (Morrison), Debtors' legal counsel, and to the U.S. Trustee. Signed receipts have been returned showing that delivery was made to each, and in particular, to one "Koyes Miah (illegible sp?) of Morrison on December 24, 2012 .

(Please note that Morrison had already been so advised of the (this) Petition to follow, being so informed, *inter alia*, by USPS Priority Mail, Confirmed Delivery on December 13, 2012 and has never responded; although its receipt by Morrison is likewise documented.)

Both of these mailings were included as "cc:"s with a copy of a letter of like date to the Clerk of this Court of the same date, December 21, 2012, the latter being sent by USPS Express Mail I.D # EI 598338235 US to "Clerk of the Court, U.S. Bankruptcy Court, One Bowling Green, New York, NY 10004", with USPS guaranteed delivery by 3:00 p.m., December 24, 2012. I was advised by "Carmen" above, the USPS Office in Freeland, Washington, and have confirmed by the U.S. Office of Personnel Management (see
http://www.opm.gov/Operating_Status_Schedules/fedhol/2012.asp) that Monday December 24, 2012, was not a Federal Holiday.

The USPS tracking information discloses (as can still currently be found today using the above tracking number at USPS.com) the following:

"Notice Left (Business Closed) December 24, 2012, 10:37 am.

 "Notice Left (No Authorized Recipient Available) December 26, 2012, 10:32 am NEW YORK, NY 10004 December 26, 2012, 10:29 am NEW YORK, NY 10004

"Delivered December 26, 2012, 12:26 pm NEW YORK, NY 10004"

This letter with Re: Line stating " In re: RESIDENTIAL CAPITAL, LLC, *et al* ., Case No. 12-120-20, Chapter 11" enclosing the Motion now denied for lack of timely ECF notice further stated "Please file this…." (the enclosed original signed Motion).

Motion for Reconsideration Page 2

Without ever any response from the Clerk's Office, without any access to the Clerk's filings without "redacting" and without any notice being supplied by either the Clerk's filing emails (subsequently started without request from me on January 11, 2013 and continuing for every document (ECF?) filed hereafter) and without any notice or email from KCC until January 9, 2012, I had no way of knowing that, for some then, and remaining to this date, undisclosed and mysterious reason to me, the Clerk would not file and docket our Motion and its stated thereon Objection Date until, as the Court has noted, 4:00 p.m., January 9, 2013. No other mailing of it to the Clerk was ever made by us other than above. This raises the question where was it and why was it not filed by the Clerk at the time of its receipt? So far there has been no other conclusion other than it was lost or buried for the over two weeks after its delivery to the Clerk for filing. It is submitted that it is the Clerk's duty and particularly at our request to promptly do so.

Also of note for the Court's consideration at this Motion for Reconsideration is the fact as set forth in your Petitioner's Affidavit of Service and Certificates of No Objection timely filed with the Clerk, Morrison, in addition to our letter of December 13, 2012, it's copy of the Motion filed by copy of the letter to the Clerk of December 21, 2012, it also received by regular USPS mailing (letter never returned as were 2 others as noted) our "Notice of Filing of Joint Petition, Motion, Supporting Declarations and Draft Findings, Conclusions, Judgments and Orders" of December 21, 2012 (Notice), found in Clerk's file on record herein, also sent to Morrison (Tammy Hamzelpour, Larren M. Nashelsky, Gary S. Lee and Lorenzo Marinuzzi each individually as KCC declared representatives of that firm) an email of the said Notice. This Notice clearly defined the Objection and Hearing Dates in the manner and form required by this Court as can be seen from the Clerk's file and the duplicate copies provided to Judge's chambers.

There have been no other Objections noted or to the best of my knowledge and information filed from the multitude of parties and their attorneys involved in this matter.

Our joint filing was effective either when delivery was attempted on December 24, 2012 a day when the Clerk's Office should not have been closed, or if without prejudice to the time required for filing and notice, then on December 26, 2012. If there has been an error by USPS, then since its Express Mail is guaranteed, then a claim will be filed with the Postmaster General.

I declare under penalty of perjury that the information provided in this Declaration is true and correct to the best of my knowledge, information and reasonable belief.

Dated: January 23, 2013.

Michael M. Moore for BLR, *pro se*

## ARGUMENT

Filed with or filed by? Clearly the Motion and its attendant Notice and dates were timely filed with the Clerk. This Court's Order of 5/23/2012 does not say what is meant by "filed" as found at 11. (b) of that Order. Since the Clerk by Law and the Rules of Court is required to promptly file and then in this case, docket, legally acceptable submissions, in the Court's file on any given matter, then perhaps that in itself satisfies the time gap created. If the Court finds the filing to be on January 9, 2013, then a claim will be submitted to the Department of Justice for the Clerk's delinquency.

If the Court feels that filing did not take place until January 9, 2013, then the Clerk's failure to do so when delivered and requested by your joint petitioners should be investigated, either by Order of this Court, or the Court declining to do so, then by your Petitioners' request to the Inspector General of the Department of Justice.

Reserving the right to further object and move for reconsideration should the Court refuse to reverse, nullify and void its Order of January 16, 2013, Denying the Joint Motion of BLR and Hill, but pointing out the said Joint Petition seeks far more immediate relief for each than stated by the Court in its Order.

## PETITION/PRAYER

Basic Life Resources, based upon the above, hereby Petitions this Court to reconsider its Decision and Order of January 16, 2013, reverse the same and declare that Petitioners' Joint Motion was timely filed, Morrison's Objection was not timely and will be stricken.

Further then with Morrison's Objection stricken, all of the relief sought by Petitioners should be granted.

Respectfully submitted,

*S/*

Basic Life Resources, *pro se*

Michael M. Moore, Managing Director

## DECLARATION OF PAMELA Z. HILL

I am Pamela Z. Hill a joint petitioner, *pro se*, and do hereby declare that I have read the Declaration of Michael M. Moore on behalf of BLR as set forth above and do hereby confirm of my own personal knowledge and observation, each and every statement so made.

Motion for Reconsideration Page 4

In addition, I would further state that the Court's Order, its statement that I seek "return of any and all funds (I) have paid after November 2, 2012", is only one part of the relief I am seeking.

I declare under penalty of perjury that the information provided in this Declaration is true and correct to the best of my knowledge, information and reasonable belief.

Dated: January 23, 2013.

/s/
Pamela Z. Hill, pro se

### PETITION/PRAYER

I do hereby fully join in this Petition and Motion and the relief sought.

Respectfully submitted,

/s/
Pamela Z. Hill, *pro se*