MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
Gary S. Lee
Stefan W. Engelhardt
Melissa M. Crespo

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---

| | ) | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**DEBTORS' OBJECTION TO MOTION OF CORLA JACKSON
FOR RECONSIDERATION OF MOTION FOR RELIEF FROM STAY**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

The debtors and debtors in possession (collectively, the "Debtors")[1] in the above-captioned cases hereby file this objection (the "Objection") to the *Motion to Re-Consider Relief of Stay* [Docket No. 1604] (the "First Reconsideration Motion") and the *Motion for 1) Emergency Stay Order; 2) Fraud of the Court Under Rule 60(b) and 59(b); 3) Tort; 4) Violation of Federal Stay Order; 5) Violation of Previous Court Order; 6) Motion to Re-Consider Relief of Stay; 7) Emergency Injunction* [Docket No. 2248] (the "Amended Reconsideration Motion" and together with the First Reconsideration Motion, the

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of the Chapter 11 Petitions and First Day Pleadings, filed with the Court on the Petition Date* (the "Whitlinger Affidavit") [Docket No. 6].

1

ny-1067133

"Reconsideration Motions") filed by Corla Jackson (the "Movant"), proceeding *pro se*. In support of the Objection, the Debtors, by and through their undersigned counsel, respectfully represent as follows:

## BACKGROUND

**A.    General Background**

1.    On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code. The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No trustee has been appointed in these Chapter 11 cases.

2.    On May 16, 2012, the United States Trustee for the Southern District of New York appointed a nine member official committee of unsecured creditors.

3.    On June 20, 2012, the Court directed that an examiner be appointed, and on July 3, 2012, the Court approved Arthur J. Gonzalez as the examiner [Docket Nos. 454, 674].

**B.    The Reconsideration Motion and Procedural History**

4.    On June 8, 2012, Movant filed her *Motion for Relief of Stay* (the "First Stay Relief Motion") seeking to continue her litigation against GMAC Mortgage in Alabama state court (the "State Court") [Docket No. 264]. On July 19, 2012, Movant filed an amended motion to lift the automatic stay [Docket No. 856] (the "Amended Stay Relief Motion," and together with the First Stay Relief Motion, the "Stay Relief Motions").

5.    On July 3, 2012, the Debtors filed the *Debtors' Omnibus Objection to Motions for Relief from the Automatic Stay Scheduled for Hearing on July 10, 2012* [Docket No. 682], which included an objection to the Stay Relief Motions.

6.    On August 16, 2012, the Court issued its *Memorandum Opinion and Order Denying the Jackson Motion to Lift the Automatic Stay* (the "First Order Denying Stay Relief")

2

ny-1067133

[Docket No. 1184], which denied the relief sought in the Stay Relief Motions. In the First Order Denying Stay Relief, the Court, applying the *Sonnax* factors[2], found that cause did not exist to lift the automatic stay because, among other reasons: 1) Movant's State Court litigation is in its early stages and relief at such stage might not result in a partial or complete resolution of the issues, 2) allowing Movant to proceed with her damages claim in State Court could open the floodgates for other movants who seek stay relief and interfere with the Debtors' chapter 11 cases, 3) requiring the Debtors to defend Movant's damages claim in the State Court would be unfair to other creditors; and 4) the interests of judicial economy and economical resolution of the actions are best served by maintaining the automatic stay because Movant's damages claims should be heard in this Court as part of the claims allowance process and because Movant maintains the right to assert state court defenses to any state court action to recover possession of Movants' property.

7.  On August 14, 2012, Movant filed the *Motion in Reference to Stay Order Violations by GMAC-GMAC Mortgage Violated Stay Order Violation re: GMAC Mortgage Fabricated Documents and Sold Jackson Home Illegally* [Docket No. 1229] (the "Motion in Reference to Stay Order Violations").

8.  On September 20, 2012, the Debtors filed the *Debtors' Objection to Motion of Corla Jackson* [Docket No. 1499]. The *Debtors' Objection to Motion of Corla Jackson* sets forth, in detail, the procedural history of Movant's three previous chapter 13 cases.

9.  On October 4, 2012, the Court issued its *Order Denying Corla Jackson Motion in Reference to Stay Order Violations and Fraud by GMAC* (the "Order Denying Motion in Reference to Stay Order Violations" and together with the First Order Denying Stay Relief, the

---

[2] *See Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1286 (2d Cir. 1990).

"Orders Denying Stay Relief") [Docket No. 1720].  In the Order Denying Motion in Reference to Stay Order Violations, the Court reviewed Jackson's pleadings filed in this case, as well as the files and records of Jacksons' previous chapter 13 cases and concluded that the motion should be denied.  The Court noted that the docket in Jackson's chapter 13 case strongly suggests that no stay violations occurred."  The Court further noted that "the circumstances remain as they are after the Court denied Jackson's lift stay motion" and "[i]f Jackson believes she has been damaged by GMAC Mortgage's conduct, she may file a Proof of Claim . . . and pursue her claim through the claims allowance process.

10. On September 27, 2012, Movant filed the First Reconsideration Motion.  The First Reconsideration Motion restates verbatim a portion of Movant's previous Stay Relief Motions, with the addition of what appears to be an excerpt of a news article regarding lawsuits filed by the Financial Guaranty Insurance Company against Ally Financial Inc., the Debtors' non-Debtor indirect parent and Residential Funding Company LLC, a Debtor, but provides no explanation as to how this excerpt relates to the relief Movant is seeking.  The First Reconsideration Motion notes and cites to Rule 60 of the Federal Rules of Civil Procedure (the "FRCP"), "Relief From a Judgment or Order".

11. On November 19, 2012, Movant filed the Second Reconsideration Motion, which is styled as a motion for "1) Emergency Stay Order, 2) Fraud of the Court Under Rule 60(b) and 59(b), 3) Tort, 4) Violation of Federal Stay Order in the United States District Court for the Southern District of Alabama, 5) Violation of Previous Court Orders, 6) Motion to Re-Consider Relief of Stay, 7) Emergency Injunction ("Defendant[] was not granted a proof of claim under Judge Mohaney aft[e]r March 2006 on Fake Arrearages").  The Second Reconsideration Motion restates verbatim a portion of Movant's previous Stay Relief Motions and restates in its entirety

4

the First Reconsideration Motion. In the Second Reconsideration Motion, Movant also makes wholly unsupported allegations such as:

- "Plaintiff's civil human and constitution[al] rights ha[ve] all been violated here[.] All the evidence was on file filed (ECF) that has been ignored, on the previous orders dated after March 1, 2005 . . ."
- "Security's fraud of theft of land home and money that did not belong to [ResCap] . . . is a very serious crime they committed by stealing Jackson's assets."
- " . . . violating of the federal laws that protect Jackson from the crooks that robbed her of her identity homeland and money under false pretense using deceptive practices to date."

12. Movant filed a proof of claim on November 9, 2012, asserting $100 million as the claimed amount and stating as the basis for claim, "They stole my identity and everything I owned causing major damages from 2005-2012 to date."

## ARGUMENT

**I. Movant's Request for Reconsideration of the Reconsideration Motions Should Be Denied**

13. This Court should deny the Reconsideration Motions because Movant has not satisfied the standard for reconsideration of Movant's requests for relief from the automatic stay.

14. Bankruptcy Rule 9023 incorporates Rule 59 of the Federal Rules of Civil Procedure ("FRCP"), which regulates motions for amendment of a judgment. Additionally, Bankruptcy Rule 9024 incorporates FRCP 60, which sets forth the grounds on which a court may grant relief to a party from a final order. The allegations set forth in the Reconsideration Motions do not satisfy the standards under either rule.

15.     Under Bankruptcy Rule 9023, "[a] court may reconsider an earlier decision when a party can point to 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" In re Miller, 2008 Bankr. LEXIS 3631, at *3, Case No. 07-13481 (MG) (Bankr. S.D.N.Y. Feb. 28, 2008) (citing Marrero Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004). "Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." In re BDC 56 LLC, 330 F.3d 111, 123 (2d Cir. 2003) (internal quotations and citation omitted). A motion for reconsideration may not be used "to enable a party to complete presenting his case after the court has ruled against him." Frietsch v. Refco, Inc., 56 F.3d 825, 828 (7th Cir. 1995).

16.     Movant fails to satisfy the requisite burden of proof required for relief pursuant to Bankruptcy Rule 9024. Movant has now come before this Court three times to seek relief from the automatic stay, each time failing to establish that such relief is warranted. By the Reconsideration Motions, Movant has not adduced any new evidence, identified any new arguments or new facts that would require this Court to change its previous ruling, or established that the Court overlooked available evidence; nor has there been a change in the law. Thus, the Reconsideration Motions should be denied.

**II.     If Movant Is Seeking Additional Relief, Such Relief Should Be Denied**

17.     The Reconsideration Motions fail to satisfy the requirements of the Rule 9013 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 9013-1. As previously noted, the Reconsideration Motions fail to adequately state the relief sought or grounds upon which relief could be granted and the law upon which whatever relief is being

6

ny-1067133

requested is predicated. Movant is unclear regarding what relief beyond reconsideration of Movant's previous stay request, if any, she is seeking from this Court. Although the first pages of the Second Motion for Reconsideration is styled as a motion for 1) Emergency Stay Order, 2) Fraud of the Court Under Rule 60(b) and 59(b), 3) Tort, 4) Violation of Federal Stay Order in the United States District Court for the Southern District of Alabama, 5) Violation of Previous Court Orders, 6) Motion to Re-Consider Relief of Stay, 7) Emergency Injunction, the pages that follow merely set forth conclusory assertions of the Debtors' purported wrongful conduct and unsubstantiated allegations.

18.    As a result, the Debtors cannot discern which tort Movant is alleging the Debtors committed, what relief Movant is seeking for "Violations of Federal Stay Order" or "Violations of Previous Court Order," (or the orders to which Movant is referring, or what action Movant is seeking to enjoin. Additionally, the Debtors cannot determine how the contents of the Second Reconsideration Motion relate to, or support, these "motions."

19.    Because the Motion fails to identify any legal concepts or factual content that would allow this Court to make a determination of the relief being sought, or the legal authority that serves as the basis for such relief, the Reconsideration Motions should be denied.

20.    Even if this Court were to apply leniently the required pleading standards, the Reconsideration Motions should still be denied because they are procedurally improper vehicles through which to seek either claims for equitable relief or monetary damages against the Debtors. As this Court has previously noted: If Movant seeks equitable relief to get ownership of her home back, the Reconsideration Motions (and this Bankruptcy Court) are not the proper method (nor forum) through which to obtain such relief; if Movant seeks to assert a money damages claim against the Debtors, this Court has already ruled that the appropriate way to do so

7

ny-1067133

is by filing a proof of claim through the claims reconciliation process; and if Movant had any claim for violation of the automatic stay in her chapter 13 case, Movant should have pursued the issue in the Alabama bankruptcy court before the chapter 13 case was dismissed. *See Order Denying Motion in Reference to Stay Order Violations*, at 3.

21. Further, an allegation under Rule 60(b) of the Federal Rules of Civil Procedure to allege fraud or mistake is not properly plead in a contested matter, but should instead be litigated in an adversary proceeding. Moreover, the Second Reconsideration Motion fails to provide factual support for Movant's allegations of fraud.

## CONCLUSION

For the reasons set forth above, the Court should deny the Reconsideration Motions, and grant such other relief as is just and proper.

| | |
|---|---|
| Dated: January 24, 2013<br>New York, New York | /s/ Stefan W. Engelhardt<br>Gary S. Lee<br>Stefan W. Engelhardt<br>Melissa M. Crespo<br>MORRISON & FOERSTER LLP<br>1290 Avenue of the Americas<br>New York, NY  10104-0050<br>Telephone:  (212)-468-8000<br>Facsimile:  (212)-468-7900<br><br>*Counsel for the Debtors and Debtors in Possession* |