**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> RESIDENTIAL CAPITAL, LLC, *et al*. <br><br> Debtors. | Case No. 12-12020 (MG) <br><br> Jointly Administered |

**ORDER DENYING MOTION FOR RECONSIDERATION OF BASIC LIFE**
**RESOURCES AND PAMELA Z. HILL**

Pending before the Court is the *Motion for Reconsideration and Other Relief*, filed by Basic Life Resources and Pamela Z. Hill ("BLR and Hill") ("Motion for Reconsideration," ECF Doc. # 2709). On January 16, 2013, the Court entered an Order denying the *Joint Motion of Basic Life Resources and Pamela Z. Hill for Findings of Fact, Conclusions at Law Judgment and Order* (the "Order Denying Motion," ECF Doc. # 2645).

Rule 9023 of the Federal Rules of Bankruptcy Procedure incorporates Rule 59 of the Federal Rules of Civil Procedure, which regulates motions for amendment of a judgment. Under Rule 9023, "reconsideration is proper 'to correct a clear error of law or prevent manifest injustice.'" *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004) (internal citations omitted). "Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Key Mechanical Inc. v. BDC 56 LLC (In re BDC 56 LLC)*, 330 F.3d 111, 123 (2d Cir. 2003) (internal quotation marks and citation omitted). A motion for reconsideration may not be used "to enable a party to complete presenting his case after the court has ruled against him." *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995). Under Rule 9023, "[a] court may reconsider an earlier decision

when a party can point to 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *In re Miller*, 2008 Bankr. LEXIS 3631, at *3, Case No. 07-13481 (MG) (Bankr. S.D.N.Y. Feb. 28, 2008) (citing *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004)).

BRL and Hill failed to satisfy the standards for reconsideration. They continue to complain about the Court considering the Debtor's opposition to the original Joint Motion, arguing that the opposition to the motion was not timely filed. The Court was satisfied that the opposition was timely filed (and so ruled), but in any event, the Court would retain the discretion to consider the opposition even if it had not been timely filed. The fact of the matter is that BRL and Hill failed to provide any legal authority for the relief they were seeking on the merits of their original motion, and that remains true today.

Therefore, Motion for Reconsideration is **DENIED.**

Dated:    January 25, 2013
         New York, New York

              *Martin Glenn*
              MARTIN GLENN
              United States Bankruptcy Judge