**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**STIPULATION RESOLVING OBJECTIONS TO THE DEBTORS' SALE MOTION**

Subject to the approval of the Court, this stipulation and order (the "**Stipulation**") is made and entered into by, between, and among the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), Branch Banking and Trust Company, OceanFirst Bank and Columbia Home Loans, LLC, and PNC Mortgage, a Division of PNC Bank, NA (collectively the "**SBO Servicers**," and collectively with the Debtors, the "**Parties**"), in connection with the *Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), and (m), 365 and 1123, and Fed R. Bankr. P. 2002, 6004, 6006, and 9014 for Orders: (I)(A) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expenses Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Asset Purchase Agreements Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief* [Docket No. 61] (the "**Sale Motion**").

WHEREAS, venue of this proceeding and the Sale Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409;

WHEREAS, the SBO Servicers, solely in their capacities as owners of certain mortgage servicing rights with respect to certain mortgage or home equity lines of credit which they subservice on behalf of the Debtors, as owner of such loans or in their capacity as a master servicer, and are party to certain servicing agreements with certain of the Debtors (the "**SBO Servicing Agreements**");

WHEREAS, the SBO Servicers filed Limited Objections [Docket Nos. 2205, 2206, 1635, and 1981] to the Sale Motion and to cure amounts proposed in connection with the related assumption and assignment of the SBO Servicing Agreements (collectively, the "**SBO Objections**");

WHEREAS on November 21, 2012, the Court approved the sale of the Debtors' platform servicing assets and entered the *Order Under 11 U.S.C. §§ 105, 363 and 365 and Fed. R. Bankr. P. 2002, 6004, 6006 and 9014 (I) Approving (A) Sale of Debtors' Assets Pursuant to Asset Purchase Agreement with Ocwen Loan Servicing, LLC; (B) Sale of Purchased Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (C) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Thereto; (D) Related Agreements; and (II) Related Relief* [Docket No. 2246] (the "**Ocwen Sale Approval Order**");

WHEREAS on November 21, 2012, the Court approved the sale of the Debtors' whole loan assets and entered the *Order Under 11 U.S.C. §§ 105, 363 and 365 and Fed. R. Bankr. P. 2002, 6004, 6006 and 9014 (I) Approving (A) Sale of Debtors' Assets Pursuant to Asset Purchase Agreement with Berkshire Hathaway Inc.; (B) Sale of Purchased Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; and (C) Related Agreements; and (II) Granting Related Relief* [Docket No. 2247] (the "**BH Sale Approval Order**," and together

with the Ocwen Sale Approval Order, the "**Sale Orders**");[1]

WHEREAS, Ocwen Loan Servicing, LLC and Berkshire Hathaway Inc., as applicable, have agreed to assume the Debtors' obligations under the SBO Servicing Agreements as set forth in the applicable asset purchase agreements and the Sale Orders;

WHEREAS, while most aspects of the SBO Objections to the Sale Motion were resolved by language included in the Sale Orders, the SBO Servicers reserved their rights with respect to cure objections asserted in the SBO Objections;

WHEREAS, the Parties have engaged in good-faith negotiations with the objective of resolving the cure objections remaining from the SBO Objections;

WHEREAS, to address concerns about advance reimbursement raised by the SBO Servicers in connection with the SBO Objections, the Parties have agreed to enter into this Stipulation setting forth the mechanics for submitting advance claims and receiving reimbursement for such claims with respect to advance claims due or submitted on or near the closing date set forth in the Ocwen asset purchase agreement or BH asset purchase agreement, as applicable (the "**Closing Date**");

WHEREAS, the Parties have agreed to resolve the SBO Objections, subject to the terms and conditions set forth in this Stipulation; and

NOW THEREFORE, it is hereby STIPULATED and AGREED by the Parties that:

1.    Upon and following the effective date of each of the sale of the Debtors' mortgage origination and servicing platform to Ocwen Loan Servicing, LLC ("**Ocwen**") and whole loan portfolio to Berkshire Hathaway, Inc. ("**BH**," and together with Ocwen, the "**Purchasers**"), the applicable Purchaser shall reimburse the SBO Servicers for claims for

---

[1] Capitalized terms not otherwise defined herein have the meaning ascribed in the Sale Orders.

outstanding servicing advances[2] made prior to the effective date of the sale, but not yet due and payable to the SBO Servicer as of the effective date of the sale, pursuant to the applicable SBO Servicing Agreements, subject to the terms of such agreements, this Stipulation, and the Ocwen Sale Approval Order or BH Sale Approval Order, as applicable.

2.  Both prior to and following the closing of the sales of the Debtors' assets to Ocwen and BH, the SBO Servicers shall be permitted to continue to reimburse themselves for servicing advances made out of available collections received from borrowers as permitted pursuant to the terms of the applicable SBO Servicing Agreements.

3.  With respect to advance reimbursements[3] from liquidation proceeds or insurance proceeds (collectively, the "**Loan Proceeds**") that are received by the Debtors prior to the Closing Date relating to whole loans held on the Debtors' balance sheet, the SBO Servicers shall submit their reimbursement claims to the Debtors within the time periods prescribed by the applicable SBO Servicing Agreements. With respect to advance reimbursement from Loan Proceeds that are received by BH after the Closing Date relating to whole loans sold to BH, the SBO Servicers shall submit their advance reimbursement claims to BH pursuant to the terms of the applicable SBO Servicing Agreement and the BH Sale Approval Order. With respect to advance reimbursements from Loan Proceeds for loans serviced by the SBO Servicers, master serviced by the Debtors or their successors in interest, and owned by securitization trusts, the

---

[2] For the avoidance of doubt, the term "servicing advances" as used herein includes, but is not limited to (i) advances made by the SBO Servicers in connection with ordinary course and default servicing and (ii) monthly principal and interest advances made by the SBO Servicers with respect to loans serviced by the SBO Servicers consistent with and as governed by the SBO Servicing Agreements.

[3] For the avoidance of doubt, the term "advance reimbursements" as used herein includes, but is not limited to reimbursements payable to the SBO Servicers on account of all "servicing advances" as such term is defined in footnote 2 above.

SBO Servicers shall submit their advance reimbursement claims to the master servicer of the relevant securitization trust pursuant to the terms of the applicable SBO Servicing Agreement, regardless of whether the claim is due prior to or after the Closing Date.  All Loan Proceeds for securitization trusts are deposited and held in custodial accounts for the applicable securitization trust, which are being transferred from the Debtors to Ocwen effective as of the Closing Date pursuant to the Ocwen asset purchase agreement and the Ocwen Sale Approval Order.  To the extent an SBO Servicer is not sure which party received Loan Proceeds for the 45-day period prior to or after the Closing Date, Debtors agree to reasonably cooperate with the SBO Servicers to determine the appropriate party for the submission of advance reimbursement claims.

4. This Stipulation is meant merely to clarify among the SBO Servicers and the Debtors certain mechanics of servicing advance reimbursement and nothing contained herein shall modify any provision of the Sale Orders including, but not limited to, any rights and obligations set forth in paragraph 58 of the Ocwen Sale Approval Order and paragraph 15 of the BH Sale Approval Order.  To the extent of any inconsistencies between the Sale Orders and this Stipulation, the Sale Orders shall govern.

5. This Stipulation shall settle and resolve the SBO Objections in their entirety and, upon entry of this Stipulation by the Court, the SBO Servicers shall be deemed to have withdrawn the SBO Objections.

6. Upon the Closing Date, to the extent that SBO Servicers, in their capacities as SBO Servicers, have filed proofs of claim asserting claims that are duplicative of those asserted in the SBO Objections, the SBO Servicers agree to withdraw or amend those proofs of claim as to such duplicative claims and not to contest any efforts by the Debtors to object to any such proofs of claim that may not be withdrawn or amended as to the duplicative claims; provided

however that nothing herein shall govern any proof of claim filed by any particular SBO Servicer unless and until such SBO Servicer's SBO Servicing Agreement is assumed and assigned to the Purchasers in connection with the Sales.

7. This Stipulation shall be binding on the Parties upon execution and approval by this Court, and any prior agreements between or among the Parties shall not in any way alter, modify, or affect the terms of this Stipulation.

8. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation.

9. Notwithstanding anything herein to the contrary, this Stipulation shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System/Federal Deposit Insurance Corporation Consent Order, dated April 13, 2011, by and among Ally Financial Inc., Ally Bank, ResCap, GMACM, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the United States District Court for the District of Columbia, dated February 9, 2012, and (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012. The foregoing sentence shall not modify or amend the terms or provisions of, nor the rights and obligations, under the Berkshire APA and/or the Berkshire Sale Approval Order.

10. The relief granted herein shall be binding upon any chapter 11 trustee appointed in these chapter 11 cases and upon any chapter 7 trustee appointed in the event of a subsequent conversion of these chapter 11 cases to cases under chapter 7.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Stipulation.

| | |
|---|---|
| Dated: January 14, 2013 | Dated: January 14, 2013 |
| /s/ Gary S. Lee | /s/ Theresa A. Foudy |
| Gary S. Lee | Steven J. Reisman |
| Todd M. Goren | Theresa A. Foudy |
| Alexandra Steinberg Barrage | Maryann Gallagher |
| Jennifer L. Marines | |
| **MORRISON & FOERSTER LLP** | **CURTIS, MALLET-PREVOST, COLT & MOSLE LLP** |
| 1290 Avenue of the Americas | 101 Park Avenue |
| New York, New York 10104 | New York, New York 10178 |
| Telephone: (212) 468-800 | Telephone: (212) 696-6000 |
| Facsimile: (212) 468-7900 | Facsimile: (212) 697-1559 |
| *Counsel to the Debtors and Debtors in Possession* | *Conflicts Counsel to the Debtors and Debtors in Possession* |
| Dated: January 14, 2013 | Dated: January 14, 2013 |
| /s/ Alan M. Root | /s/ Joshua J. Lewis |
| Stanley B. Tarr | C. Edward Dobbs |
| Alan M. Root | Joshua J. Lewis |
| **BLANK ROME LLP** | **PARKER, HUDSON, RAINER & DOBBS LLP** |
| 1201 N. Market Street, Suite 800 | 285 Peachtree Center Avenue, NE |
| Wilmington, Delaware 19801 | 1500 Two Marquis Tower |
| Telephone: (302) 425-6400 | Atlanta, Georgia 30303 |
| Facsimile: (302) 425-6464 | Telephone: (404) 523-5300 |
| | Facsimile: (678) 533-7766 |
| *Counsel to PNC Mortgage, a Division of PNC Bank, NA* | *Co-counsel to Branch Banking and Trust Company* |

8


| | |
|---|---|
| Dated: January 14, 2013 | Dated: January 14, 2013 |
| /s/ Leonardo Trivigno | /s/ Scott A. Weiss |
| Aaron R. Cahn | Scott A. Weiss |
| Leonardo Trivigno | |
| **CARTER LEDYARD & MILBURN LLP** | **WEISS & WEISS LLC** |
| | 2000 Post Road, Suite LL106 |
| 2 Wall Street | Fairfield, Connecticut 06430 |
| New York, New York 10005 | 50 Main St., 10th Fl. |
| Telephone: (212) 238-8629 | White Plains, NY 10606 |
| Facsimile: (212) 732-3232 | Telephone: (203) 254-2707 |
| | Facsimile: (203) 254-2725 |
| *Co-counsel to Branch Banking and Trust Company* | *Counsel to OceanFirst Bank and Columbia Home Loans, LLC* |

**IT IS SO ORDERED**

Dated: January 25, 2013
      New York, New York

                                      **_/s/Martin Glenn_____**
                                         MARTIN GLENN
                              United States Bankruptcy Judge