UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, et al.,<br><br>Debtors. | Case No. 12-12020 (MG)<br><br>Chapter 11<br><br>Jointly Administered |

**ORDER APPROVING RETENTION OF WILMER CUTLER PICKERING HALE
AND DORR LLP AS SPECIAL COUNSEL FOR CERTAIN REGULATORY
MATTERS TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS EFFECTIVE AS OF DECEMBER 12, 2012**

Upon consideration of the Application of the Official Committee of Unsecured Creditors for Order Authorizing and Approving the Retention of Wilmer Cutler Pickering Hale and Dorr LLP ("WilmerHale") as Special Counsel for Certain Regulatory Matters to the Official Committee of Unsecured Creditors effective as of December 12, 2012 (the "Application")[1] filed by the Official Committee of Unsecured Creditors appointed in the above-captioned cases (the "Committee"), and upon the Affidavit of William J. Perlstein in Support of the Application for Order Authorizing and Approving the Employment of Wilmer Cutler Pickering Hale and Dorr LLP as Special Counsel for Certain Regulatory Matters to the Official Committee of Unsecured Creditors (the "Perlstein Affidavit"); and the Court being satisfied based on the representations made in the Application and in the Perlstein Affidavit that said attorneys represent no interest adverse to the Debtors' estates with respect to the matters upon which they are to be engaged, that they are disinterested persons as that term is defined under Section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and that their

---

[1] Capitalized terms not otherwise defined herein shall have the meanings set forth in the Application.

1

employment is necessary and would be in the best interests of the Debtors' estates, and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Application is GRANTED as provided herein; and it is further

ORDERED that in accordance with sections 328(a) and 1103 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and Local Bankruptcy Rule 2014-1, the Committee is authorized to employ and retain WilmerHale as special counsel for certain regulatory matters effective as of December 12, 2012, to perform necessary legal services for the Committee; and it is further

ORDERED that pursuant to section 1103(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 5002 and Local Rule 2014-1, the Committee is authorized to employ and retain WilmerHale to assist the Committee in navigating the highly regulated environment within which the Debtors operate, including: (i) assisting the Committee in discussions with the Federal Reserve Board about the scope of the Debtors' obligations under the Consent Order and foreclosure review process, (ii) assisting the Committee in discussions with the Department of Justice and applicable state attorneys general regarding the scope of the Debtors' obligations under the Consent Judgment, (iii) assisting the Committee in understanding and complying with certain privilege and confidentiality issues asserted by regulatory agencies such as the Federal Reserve Board, and (iv) representing the Committee on other regulatory matters appropriately handled by WilmerHale as determined by the Committee in consultation with Kramer Levin, and it is further

ORDERED that WilmerHale shall be compensated pursuant to the terms described in the Application and the Perlstein Affidavit, in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, dated January 30, 1996, and any other applicable procedures and orders of this Court; and it is further

ORDERED that prior to any increases in rates as set forth in footnote 3 of the Application, WilmerHale shall file a supplemental declaration with the Court and give ten (10) business days' notice to the Debtors, the United States Trustee and the Committee, which supplemental declaration shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and indicate whether the client has received notice of and approved the proposed rate increase; and it is further

ORDERED that WilmerHale shall use its best efforts to avoid any duplication of services provided by any of the Committee's other retained professionals in the Chapter 11 Cases; and it is further

ORDERED that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that the Committee is authorized and empowered to take all actions necessary to implement the relief granted in this Order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: January 25, 2013
      New York, New York

                                          **/s/Martin Glenn**
                                          MARTIN GLENN
                              United States Bankruptcy Judge