UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, *et al.*<br><br>Debtors. | Case No. 12-12020 (MG)<br><br>Jointly Administered |

### ORDER DENYING MOTION FOR RECONSIDERATION OF CORLA JACKSON

Pending before the Court is the *Motion to Re-Consider Relief of Stay* filed by Corla Jackson ("Motion for Reconsideration," ECF Doc. # 1604).  The Debtors filed an objection (ECF Doc. # 2713).  This Court has previously denied two motions filed by Corla Jackson seeking relief from this Court to lift the automatic stay.  Specifically, on August 16, 2012, this Court issued its *Memorandum Opinion and Order Denying the Jackson Motion to Lift the Automatic Stay* (ECF Doc. # 1184), and on October 4, 2012, the Court issued its *Order Denying Corla Jackson Motion in Reference to Stay Order Violations and Fraud by GMAC* (ECF Doc. # 1720).

Through her Motion for Reconsideration, Jackson restates, word for word, portions of her previous stay relief motions.  The only substantive addition appears to be a news article concerning lawsuits filed by the Financial Guaranty Insurance Company against Ally Financial Inc. and Residential Funding Company LLC.

Rule 9023 of the Federal Rules of Bankruptcy Procedure incorporates Rule 59 of the Federal Rules of Civil Procedure, which regulates motions for amendment of a judgment.  Under Rule 9023, "reconsideration is proper 'to correct a clear error of law or prevent manifest injustice.'"  *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004) (internal citations omitted).  "Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that

might reasonably be expected to alter the conclusion reached by the court." *Key Mechanical Inc. v. BDC 56 LLC (In re BDC 56 LLC)*, 330 F.3d 111, 123 (2d Cir. 2003) (internal quotation marks and citation omitted). A motion for reconsideration may not be used "to enable a party to complete presenting his case after the court has ruled against him." *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995). Under Rule 9023, "[a] court may reconsider an earlier decision when a party can point to 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *In re Miller*, 2008 Bankr. LEXIS 3631, at *3, Case No. 07-13481 (MG) (Bankr. S.D.N.Y. Feb. 28, 2008) (citing *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004)).

Jackson has failed to satisfy the standards for reconsideration. Jackson has not introduced any new evidence or established that the Court overlooked available evidence, identified any new arguments or presented new facts to this Court that would persuade it to change its rulings. Just as in the last two motions Jackson has filed in this case, Jackson fails to provide any legal authority for the relief she is seeking. Therefore, Jackson's Motion for Reconsideration is **DENIED.**

Dated:   January 28, 2013
         New York, New York

                                              *Martin Glenn*
                                            MARTIN GLENN
                                       United States Bankruptcy Judge