**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, *et al.*<br><br>Debtors. | Case No. 12-12020 (MG)<br><br>Jointly Administered |

### ORDER DENYING MOTION OF CORLA JACKSON

Pending before the Court is the *Motion for 1) Emergency Stay Order; 2) Fraud of the Court Under Rule 60(b) and 59(b); 3) Tort; 4) Violation of Federal Stay Order; 5) Violation of Previous Court Order; 6) Motion to Re-Consider Relief of Stay; 7) Emergency Injunction*, filed by Corla Jackson ("Motion," ECF Doc. # 2248). The Debtors filed an objection (ECF Doc. # 2713). The Motion is **DENIED**.

This Court has previously issued its *Memorandum Opinion and Order Denying the Jackson Motion to Lift the Automatic Stay* (ECF Doc. # 1184), and also issued its *Order Denying Corla Jackson Motion in Reference to Stay Order Violations and Fraud by GMAC* (ECF Doc. # 1720).

In Jackson's latest Motion, Jackson restates verbatim a portion of her previous stay relief motions, and restates in her entirety her *Motion to Re-Consider Relief of Stay* (ECF Doc. # 1604), which this Court has denied (ECF Doc. # 2724). She also includes a number of allegations that are unsupported by any evidence, for example, that Jackson's "civil human and constitution[al] rights ha[ve] all been violated here[.] All the evidence was on file filed (ECF) that has been ignored on the previous orders datted [*sic*] after March 1, 2005" and "Security's fraud of theft of land home and money that did not belong to [ResCap] . . . is a very serious crime they committed by stealing (Jackson's) assets . . ." Mot. at 2.

First, to the extent Jackson is seeking a reconsideration of her previous requests to this Court to lift the stay, the Court **DENIES** Jackson's request. Rule 9023 of the Federal Rules of Bankruptcy Procedure incorporates Rule 59 of the Federal Rules of Civil Procedure, which regulates motions for amendment of a judgment. Under Rule 9023, "reconsideration is proper 'to correct a clear error of law or prevent manifest injustice.'" *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004) (internal citations omitted). "Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Key Mechanical Inc. v. BDC 56 LLC (In re BDC 56 LLC)*, 330 F.3d 111, 123 (2d Cir. 2003) (internal quotation marks and citation omitted). A motion for reconsideration may not be used "to enable a party to complete presenting his case after the court has ruled against him." *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995). Under Rule 9023, "[a] court may reconsider an earlier decision when a party can point to 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *In re Miller*, 2008 Bankr. LEXIS 3631, at *3, Case No. 07-13481 (MG) (Bankr. S.D.N.Y. Feb. 28, 2008) (citing *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004)).

Jackson fails to satisfy the standards for reconsideration. She has not introduced any new evidence or established that the Court overlooked available evidence, identified any new arguments or presented new facts to this Court that would persuade it to change its rulings. Just as in the last two motions Jackson has filed in this case, Jackson fails to provide any legal authority for the relief she is seeking.

Second, to the extent Jackson, through her Motion, seeks additional relief, this Court **DENIES** Jackson's request. The Motion does not satisfy the requirements of Rule 9013 of the Federal Rules of Bankruptcy Procedure, supported by Local Rule 9013-1, which requires that "[t]he motion shall state with particularity the grounds therefor, and shall set forth the relief or order sought." Jackson is unclear regarding what relief she is seeking from the Court, beyond reconsideration of her previous requests, which have been denied by this Court numerous times.

For these reasons, Jackson's Motion is **DENIED.**

Dated:   January 28, 2013
         New York, New York

                                            ___*Martin Glenn*___
                                               MARTIN GLENN
                                         United States Bankruptcy Judge