# Patterson Belknap Webb & Tyler LLP

1133 Avenue of the Americas    New York, NY 10036-6710    212.336.2000    fax 212.336.2222    www.pbwt.com

January 28, 2013

David W. Dykhouse
Partner
(212) 336-2850
Direct fax (212) 336-2852
dwdykhouse@pbwt.com

*By ECF*
Honorable Martin Glenn
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004-1408

**Residential Capital, LLC, et al., Case No. 12-12020-mg**

Dear Judge Glenn:

      We are counsel to Ambac Assurance Corporation and the Segregated Account of Ambac Assurance Corporation (together, "Ambac"). On October 12, 2012, Ambac filed an objection to the proposed assumption and assignment by the Debtors herein of certain executory contracts in connection with the proposed sale ("Sale") of their loan servicing platform (Dkt. No. 1810; "Objection"). On November 21, 2012, the Court entered an Order (Dkt. No. 2246; "Sale Order") approving the Sale to Ocwen Loan Servicing, LLC ("Ocwen"). Ambac was carved out of the Sale Order, and, at the request of the Debtors, the Objection was preserved for later resolution. See Sale Order ¶ 61.

      Ambac, the Debtors and Ocwen have negotiated in earnest since entry of the Sale Order, resulting in the resolution of one of the issues raised in the Objection and the deferral of another. A dispute over the impact of the assumption and assignment of contracts on Ambac's right to enforce "Servicing Triggers" (see Objection, ¶¶ 5-8, 12-22) remains unresolved. The Debtors filed a notice that a hearing on the Objection would go forward on Tuesday, January 29, at 10:00 a.m. (Dkt. No. 2643). On Friday evening, the Debtors filed a notice adjourning the hearing on the Objection until Thursday, February 7, at 10:00 a.m. (Dkt. No. 2717).

      Though still engaged in negotiations to resolve the remaining dispute, Ambac is also preparing for a contested hearing on February 7. As part of that preparation, Ambac intends to file and serve a witness declaration in support of the Objection no later than three business days prior to the hearing. In addition, in the event that any party files a reply to the Objection, Ambac respectfully requests permission to file and serve a sur-reply of five pages or less no later than 4:00 p.m. on Wednesday, February 6.

      The Debtors' omnibus reply to objections to the Sale dated November 11, 2012 (Dkt. No. 2135) refers nominally to Ambac's Objection but does not contain any substantive ar-

Honorable Martin Glenn
January 28, 2013
Page 2

gument about the Servicing Triggers. Ocwen has not replied to the Objection.[1] In view of the passage of time since entry of the Sale Order and the failure of both the Debtors and Ocwen to meaningfully oppose the Objection, Ambac believes it ought to be permitted to crystallize its position on this important issue if any party files a last-minute reply.

Ambac has asked the Debtors and Ocwen to indicate whether they consent to this request. Ocwen has advised Ambac that it does not intend to reply to the Objection and therefore has not objected to Ambac filing a sur-reply. The Debtors have also confirmed that they have no objection to this request.

Respectfully submitted,

David W. Dykhouse

cc:    Norman S. Rosenbaum, Esq. (Counsel to the Debtors; by e-mail only)
       Jennifer C. DeMarco, Esq. (Counsel to Ocwen; by e-mail only)

---

[1] Arguably, the time for any party to reply to the Objection has passed. See *Case Management Procedures* ¶ 11(h) (Dkt. No. 141). In view of the multiple consensual extensions of time related to the Objection, the Debtors or Ocwen may take the position that they are entitled to file a reply no later than 12:00 p.m. on February 5.