MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:   (212) 468-8000
Facsimile:   (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Samantha Martin

*Counsel for the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**CERTIFICATE OF NO OBJECTION REGARDING DEBTORS' MOTION FOR ORDER UNDER 11 U.S.C. §§ 105(A) AND 365(A), FED. R. BANKR. P. 6006 AND 9014 AND LOCAL BANKRUPTCY RULE 6006-1 AUTHORIZING ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACT**

1. The undersigned hereby certifies that, as of the date hereof, he is not aware of any answer, objection or other responsive pleading to the relief sought in the following Motion, filed by the Debtors on January 14, 2013 (the "Motion"):

> Debtors' Motion for Order Under 11 U.S.C. §§ 105(a) and 365(a), Fed. R. Bankr. P. 6006 and 9014 and Local Bankruptcy Rule 6006-1 Authorizing Assumption and Assignment of Executory Contract [Docket No. 2630].

2. The undersigned further declares that he has caused a review of the Court's docket in these cases and has not been advised that any answer, objection or other responsive pleading to the Motion appears thereon. The deadline for filing objections to the Motion has passed.

ny-1075450

3.	In accordance with the *Order Under Bankruptcy Code Sections 102(1), 105(a) and 105(d), Bankruptcy Rules 1015(c), 2002(m) and 9007 and Local Bankruptcy Rule 2002-2 Establishing Certain Notice, Case Management and Administrative Procedures* entered on May 23, 2012 [Docket No. 151] (the "Case Management Procedures"), the undersigned submits this Certificate of No Objection pursuant to 28 U.S.C. § 1746.

4.	Accordingly, for the reasons set forth in the Motion, the Debtors respectfully request that the proposed Order granting the Motion (the "Order"), annexed hereto as Exhibit 1, be entered in accordance with the procedures set forth in the Case Management Procedures.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
       January 25, 2013                 */s/ Lorenzo Marinuzzi*
                                        MORRISON & FOERSTER LLP
                                        Gary S. Lee
                                        Lorenzo Marinuzzi
                                        Samantha Martin
                                        1290 Avenue of the Americas
                                        New York, NY 10104
                                        Telephone: (212) 468-8000
                                        Facsimile: (212) 468-7900

                                        *Counsel for the Debtors
                                        and Debtors in Possession*

# **EXHIBIT 1**

ny-1075450

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER UNDER 11 U.S.C. §§ 105(a) AND 365(a), FED. R. BANKR. P. 6006 AND 9014 AND LOCAL BANKRUPTCY RULE 6006-1 AUTHORIZING ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACT**

Upon the motion (the "Motion") of the Debtors[1] for entry of an order (the "Order"), pursuant to sections 105(a) and 365(a), of title 11 of the United States Code, as amended (the "Bankruptcy Code") and rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the assumption and assignment of the contract identified on Exhibit 1 annexed hereto (including any amendments, modifications, or other agreements related thereto, and without regard to whether such agreement, instrument or other document is listed on Exhibit 1, the "Contract") as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and grant the requested relief in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Motion and the Declaration of Erik Ferguson, Senior Vice President of Business Excellence at GMAC Mortgage, LLC in support of the

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

ny-1075450

Motion; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and the legal and factual bases set forth in the Motion establish just and sufficient cause to grant the requested relief herein; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND, DETERMINED, AND ORDERED THAT:

1. The Motion is GRANTED.

2. Pursuant to Section 365(a) of the Bankruptcy Code and Bankruptcy Rules 6006 and 9014, (i) the Debtors' assumption of the Contract identified on Exhibit 1 annexed hereto, as modified by the Amendment, is approved as of the Assumption Date, and (ii) the Debtors' subsequent assignment of the Contract identified on Exhibit 1 annexed hereto, as modified by the Amendment, to Ocwen upon the closing of the Platform Sale is approved.

3. The Amendment annexed as Exhibit 4 to the Motion is approved.

4. The Debtors are hereby authorized to execute and deliver all instruments and documents, and take all other actions, as may be necessary or appropriate to implement and effectuate the relief granted in this Order.

5. Upon the entry of this Order, (a) all non-monetary defaults under the Contract arising prior to the Assumption Date shall be deemed cured, (b) no amounts that arose prior to the Petition Date will be owed by Debtors or their estates with respect to the Contract, and (c) any and all persons or entities shall be forever barred and estopped

from asserting a claim that any additional amounts are due or defaults exist under the Contract that arose or accrued, relate to or are attributable to the period prior to the Petition Date, against the Debtors or their estates.

6. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: New York, New York
_____, 2013

THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

# Exhibit 1 to the Order

## Assumed and Assigned Contract

| | **Debtor** | **Contract/Lease Counterparty (Name/Address)** | **Description of Contract/Lease** | **Cure Amount** |
|---|---|---|---|---|
| 1 | GMAC Residential Holding Company, LLC | HP Enterprise Services, LLC | GMAC Residential – Staff Augmentation and Related Services Contract, dated as of January 1, 2011, as subsequently amended and extended | $0.00 |