**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**STIPULATION AND ORDER WITH RESPECT**
**TO EXTENSION OF THE AUTOMATIC STAY**

Subject to the approval of the Court, this Stipulation (the "Stipulation") is made and entered into by and between the debtors and debtors in possession in the above-captioned bankruptcy case (collectively, the "Debtors"), on the one hand, and John Hancock Life Insurance Co. (U.S.A.), John Hancock Life Insurance Co. (U.S.A.) Separate Account 6A, John Hancock Life Insurance Co. (U.S.A.) Separate Account 131, John Hancock Funds II, John Hancock Variable Insurance Trust, John Hancock Sovereign Bond Fund, John Hancock Bond Trust, John Hancock Strategic Series, John Hancock Investment Trust, and John Hancock Income Securities Trust (together "John Hancock"), on the other hand (John Hancock and the Debtors are referred to together as the "Parties").

WHEREAS, the Debtors have filed voluntary petitions in this Court for relief under Chapter 11 of title 11 of the United States Code on May 14, 2012;

WHEREAS, on July 27, 2012, John Hancock filed an action (the "Hancock Action") in the United States District Court for the District of Minnesota against, among others, Ally Financial Inc., Ally Bank, Ally Securities LLC, GMAC Mortgage Group, LLC, Bruce J. Paradis, Kenneth M. Duncan, Davee L. Olson, Ralph T. Flees, Jack R. Katzmark, Lisa R. Lundsten, David C. Walker, Diane S. Wold, James G. Jones, David M. Bicker, and James N. Young

(together "Non-Debtor Affiliates");

WHEREAS, the Debtors believe that an extension of the automatic stay pursuant to 11 U.S.C. § 362(a) (the "Automatic Stay") to claims against the Non-Debtor Affiliates in the Hancock Action would be appropriate in these circumstances;

WHEREAS, the Debtors and John Hancock previously entered into a stipulations extending the Automatic Stay through October 31, 2012 (Docket 1270) and January 31, 2013 (Docket 1925);

WHEREAS, to avoid motion practice and litigation on a motion to further extend the Automatic Stay, the Debtors and John Hancock have reached an agreement to resolve that issue;

NOW THEREFORE, the Parties have reached the following agreement:

1. John Hancock agrees that it is stayed and enjoined from and against the continued prosecution, including the pursuit of any discovery, of the Hancock Action against the Non-Debtor Affiliates through April 30, 2013 (the "Stay Period"), with the exception of the actions described in paragraph 2 below, and the Parties agree to extend any deadlines that occur in the Hancock Action during the Stay Period.

2. Notwithstanding paragraph 1 above, the Debtors and John Hancock do not object to the filing of any motions to dismiss by the Non-Debtor Affiliates, the filing of oppositions by John Hancock to such motions to dismiss, oral argument and/or rendering decisions by the court on such motions to dismiss, or the filing, hearing, and/or decision on any appeal (interlocutory or otherwise) of, or motion to reconsider, such motions to dismiss.

3. Notwithstanding paragraph 1 above, John Hancock is not stayed or enjoined from pursuing the production of documents in the possession, custody, or control of the Non-Debtor Affiliates (except to the extent such documents are solely in the possession or custody of the

Debtors). For the sake of clarity, the Non-Debtor Affiliates will not be required to produce, and will not produce, any documents that are solely in the Debtors' possession.

4. During the Stay Period, all the Non-Debtor Affiliates will preserve documents, data, and tangible things currently in their possession, custody and control that are subject to discovery in the Hancock Action.

5. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation.

6. Except as specifically provided for herein, John Hancock and the Non-Debtor Affiliates reserve all rights and defenses they may have in the Hancock Action or the above-captioned bankruptcy case, and entry into this Stipulation shall not impair or otherwise affect such rights and defenses, and all such rights and defenses are expressly preserved.

7. This Stipulation is without prejudice to any further requests for an order pursuant to 11 U.S.C. §§ 362(a)(1) and/or 362(a)(3) extending the Automatic Stay imposed by 11 U.S.C. § 362(a) to the continued prosecution of the Hancock Action against the Non-Debtor Affiliates or, in the alternative, for entry of an order pursuant to 11 U.S.C. § 105(a) enjoining and prohibiting the continued prosecution of the Hancock Action against the Non-Debtor Affiliates, or the right of any party to contest such requests.

8. Notwithstanding anything herein to the contrary, this Stipulation shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the

Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

9. Nothing in this Stipulation will alter the rights of John Hancock to seek discovery in the Chapter 11 cases.

10. John Hancock reserves the right to challenge the Bankruptcy Court's jurisdiction in this matter and/or otherwise object to the Bankruptcy Court's ability to enter judgment in this matter.

| | |
|---|---|
| Dated: January 28, 2013 | Dated: January 28, 2013 |
| /s/ Matthew P. Morris | /s/ Theresa A. Foudy |
| Deborah Elman | Theresa A. Foudy |
| Matthew P. Morris | |
| Geoffrey C. Jarvis | CURTIS, MALLET-PREVOST, COLT & MOSLE LLP |
| GRANT & EISENHOFER P.A. | 101 Park Avenue |
| 485 Lexington Avenue, 29th Floor | New York, NY 10178-0061 |
| New York, NY 10017 | Telephone: 212-696-6000 |
| Telephone: 646-722-8500 | Facsimile: 212-697-1559 |
| Facsimile: 646-722-8501 | |
| | *Conflicts Counsel to Debtors and Debtors in Possession* |
| *Counsel to John Hancock* | |

Dated: January 29, 2013
      New York, New York

**IT IS SO ORDERED**

**   /s/Martin Glenn   **
MARTIN GLENN
United States Bankruptcy Judge