Presentment Date and Time: February 5, 2013 at 12:00 p.m. (ET)
Objection Deadline:  February 4, 2013 at 4:00 p.m. (ET)

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Jordan A. Wishnew

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**NOTICE OF PRESENTMENT OF ORDER APPROVING AMENDMENT TO
ORDER UNDER BANKRUPTCY CODE SECTIONS 105(a), 327, AND 330 AND
BANKRUPTCY RULE 2014 AUTHORIZING EMPLOYMENT AND PAYMENT
OF PROFESSIONALS UTILIZED IN ORDINARY COURSE OF BUSINESS
*NUNC PRO TUNC* TO THE PETITION DATE**

**PLEASE TAKE NOTICE** that on July 17, 2012, the Bankruptcy Court entered the

*Order Under Bankruptcy Code Sections 105(a), 327 and 330 and Bankruptcy Rule 2014*

*Authorizing Employment and Payment of Professionals Utilized in Ordinary Course of Business*

*Nunc Pro Tunc to the Petition Date* [Docket No. 799] (the "**OCP Order**").

**PLEASE TAKE FURTHER NOTICE** that, consistent with the OCP Order, Residential Capital, LLC and its debtor affiliates (collectively, the "**Debtors**") reserved the right to seek to amend the OCP Payment Limits.[1]

**PLEASE TAKE NOTICE** that the undersigned will present the proposed *Order Approving Amendment To Order Under Bankruptcy Code Sections 105(a), 327, And 330 And Bankruptcy Rule 2014 Authorizing Employment And Payment Of Professionals Utilized In Ordinary Course Of Business Nunc Pro Tunc To The Petition Date* (the "**Amended OCP Order**"), attached hereto as <u>**Exhibit 1**</u>, to the Honorable Martin Glenn, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, Room 501, for signature on **February 5, 2013 at 12:00 p.m. (Prevailing Eastern Time)**.[2]

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Amended OCP Order must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **February 4, 2013 at 4:00 p.m. (Prevailing Eastern Time)**, upon (a) counsel for the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attn: Gary S. Lee and Lorenzo Marinuzzi); (b) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall

---

[1] Capitalized terms not otherwise defined herein shall have the meaning set forth in the OCP Order.

[2] A blackline of the amended OCP Payment Limit provision marked against the OCP Order, is attached hereto as **Exhibit 2**.

2

ny-1074480

Street, 21st Floor, New York, NY 10004 (Attn: Tracy Hope Davis, Linda A. Riffkin, and Brian S. Masumoto); (c) the Office of the United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001 (Attn: US Attorney General, Eric H. Holder, Jr.); (d) Office of the New York State Attorney General, The Capitol, Albany, NY 12224-0341 (Attn: Nancy Lord, Esq. and Enid N. Stuart, Esq.); (e) Office of the U.S. Attorney for the Southern District of New York, One St. Andrews Plaza, New York, NY 10007 (Attn: Joseph N. Cordaro, Esq.); (f) counsel for Ally Financial Inc., Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY 10022 (Attn: Richard M. Cieri); (g) counsel to Barclays Bank PLC, as administrative agent for the DIP lenders, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, NY 10036 (Attn: Ken Ziman & Jonathan H. Hofer); (h) counsel for the committee of unsecured creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attn: Kenneth Eckstein & Greg Horowitz); (i) counsel for Ocwen Loan Servicing, LLC, Clifford Chance US LLP, 31 West 52nd Street, New York, NY 10019 (Attn: Jennifer C. DeMarco and Adam Lesman); (j) counsel for Berkshire Hathaway Inc., Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los Angeles, CA 90071 (Attention: Thomas Walper and Seth Goldman); (k) Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346 (if by overnight mail, to 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-5016); and (l) Securities and Exchange Commission, New York Regional Office, 3 World Financial Center, Suite 400, New York, NY 10281-1022 (Attn: George S. Canellos, Regional Director).

**PLEASE TAKE FURTHER NOTICE** that, if no objections to the Amended OCP Order are timely filed, served and received in accordance with this Notice, the Court may enter the Order without further notice or hearing.

ny-1074480

Dated: January 29, 2013
       New York, New York

Respectfully submitted,

/s/ Lorenzo Marinuzzi
Gary S. Lee
Lorenzo Marinuzzi
Jordan A. Wishnew
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Debtors and Debtors in Possession*

4

# EXHIBIT 1

**Proposed Order**

ny-1074480

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**ORDER APPROVING AMENDMENT TO ORDER UNDER BANKRUPTCY CODE SECTIONS 105(a), 327, AND 330 AND BANKRUPTCY RULE 2014 AUTHORIZING EMPLOYMENT AND PAYMENT OF PROFESSIONALS UTILIZED IN ORDINARY COURSE OF BUSINESS *NUNC PRO TUNC* TO THE PETITION DATE**

The Court having previously entered the *Order Under Bankruptcy Code Sections 105(a), 327 and 330 and Bankruptcy Rule 2014 Authorizing Employment and Payment of Professionals Utilized in Ordinary Course of Business Nunc Pro Tunc to the Petition Date* [Docket No. 799] (the "**OCP Order**"); and upon consideration of the amended OCP Payment Limit[1] (the "**Amendment**"); and the Office of the United States Trustee having no objection to the Amendment; and due and proper notice of the Amendment having been provided, and no other or further notice need be provided, notwithstanding that the Amendment was made by notice of presentment rather than by motion; and after due deliberation and sufficient cause appearing therefor;

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Amendment is APPROVED, as set forth herein.

2. Paragraph 3(c) of the OCP Order, which specifies the OCP Payment Limit, is amended and replaced with the following provision:

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the OCP Order.

ny-1074480

> (c) After the retention of an OCP has been approved in accordance with paragraph (b), the Debtors shall be permitted to pay the OCP, without a prior application to the Court, 100% of the fees and disbursements incurred, upon the submission to, and approval by, the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and disbursements actually incurred, up to the lesser of (i)(A) $50,000 per month per OCP for the period between the Petition Date and August 31, 2012, or (B) $75,000 per month per OCP for the period commencing on September 1, 2012, up to and including the effective date of a confirmed plan in the Debtors' bankruptcy cases (an "**OCP Monthly Limit**") or (ii) $1,000,000 per OCP during the pendency of these Chapter 11 cases (up to and including the effective date of a confirmed plan) (an "**OCP Case Limit**" and, together with an OCP Monthly Limit, an "**OCP Payment Limit**"). In the event that, for a given month, an OCP seeks an amount greater than its OCP Monthly Limit, then such OCP shall be required to file a fee application with respect to such month for the full amount of its fees and expenses in accordance with sections 330 and 331 of the Bankruptcy Code, as well as the applicable provisions of the Bankruptcy Rules and the Local Rules; provided, however, that the Debtors may pay such professional up to the amount of the applicable OCP Monthly Limit as provided hereunder while such application is pending with the Court. In the event an OCP reaches the OCP Case Limit, the OCP will file a retention application pursuant to section 327 of the Bankruptcy Code.

3. This Order shall supplement and amend the OCP Order, and the OCP Order, as so supplemented and amended, shall continue in full force and effect.

4. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

2

ny-1074480

NO OBJECTION:

TRACY HOPE DAVIS
UNITED STATES TRUSTEE

By: /s/ Brian S. Masumoto
    Brian S. Masumoto
    Michael Driscoll
    Trial Attorneys
    33 Whitehall Street, 21st Floor
    New York, New York 10004
    Tel. No. (212) 510-0500

Dated:    February __, 2013
              New York, New York

 

THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

3

ny-1074480

**EXHIBIT 2**

**Blackline of Amendment**

(c) After the retention of an OCP has been approved in accordance with paragraph (b), the Debtors shall be permitted to pay the OCP, without a prior application to the Court, 100% of the fees and disbursements incurred, upon the submission to, and approval by, the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and disbursements actually incurred, up to the lesser of (i)(A) $50,000 per month per OCP for the period between the Petition Date and August 31, 2012, or (B) $75,000 per month per OCP for the period commencing on September 1, 2012, up to and including the effective date of a confirmed plan in the Debtors' bankruptcy cases (an "OCP Monthly Limit") or (ii) $~~500,000~~1,000,000 per OCP during the pendency of these Chapter 11 cases (up to and including the effective date of a confirmed plan) (an "OCP Case Limit" and, together with an OCP Monthly Limit, an "OCP Payment Limit").  In the event that, for a given month, an OCP seeks an amount greater than its OCP Monthly Limit, then such OCP shall be required to file a fee application with respect to such month for the full amount of its fees and expenses in accordance with sections 330 and 331 of the Bankruptcy Code, as well as the applicable provisions of the Bankruptcy Rules and the Local Rules; provided, however, that the Debtors may pay such professional ~~$50,000~~up to the amount of the applicable OCP Monthly Limit as provided hereunder while such application is pending with the Court.  In the event an OCP reaches the OCP Case Limit, the OCP will ~~either~~ file a retention application pursuant to section 327 of the Bankruptcy Code~~, or the Debtors shall seek to amend the OCP Case Limit~~.

ny-1074480