**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------- x
                                                        :
In re:                                                  :  Case No. 12-12020 (MG)
                                                        :
RESIDENTIAL CAPITAL, LLC, <u>et al</u>.,                :  Chapter 11
                                                        :
              Debtors.                                  :  Jointly Administered
                                                        :
------------------------------------------------------- x

## STIPULATION AND ORDER FOR THE ASSUMPTION AND ASSIGNMENT OF CERTAIN AGREEMENTS OF FANNIE MAE PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE AND RELATED RELIEF

Subject to the approval of this Court, this Stipulation (the "<u>Stipulation</u>") is made and entered into by the debtors and debtors-in-possession (collectively, the "<u>Debtors</u>") in the above-captioned bankruptcy cases (the "<u>Bankruptcy Cases</u>") and Fannie Mae.

WHEREAS, GMAC Mortgage, LLC ("<u>GMACM</u>"), and Fannie Mae entered into a certain Mortgage Selling and Servicing Contract, dated as of August 9, 2006, which incorporates the provisions of the Fannie Mae Selling and Servicing Guides and any Master Contracts or pool purchase contracts that Fannie Mae and GMACM have entered into (collectively, as amended, supplemented or otherwise modified from time to time, the "<u>MSSC</u>");

WHEREAS, GMACM and Fannie Mae entered into a Settlement Agreement as of December 23, 2010 (the "<u>2010 Settlement</u>") that resolved certain claims, but preserved other claims, of Fannie Mae against GMACM under the MSSC;

WHEREAS, GMACM and Fannie Mae entered into a certain Early Advance Funding Mechanism dated August 1, 2010, (as amended, supplemented or otherwise modified from

time to time, including as amended and restated on January 18, 2011, and August 1, 2011 the "EAF");

WHEREAS, prior to the Petition Date, GMACM and Fannie Mae entered into a certain Desktop Underwriter Software Subscription License Agreement dated August 2, 2001 (as amended, supplemented or otherwise modified from time to time, the "IP Agreement") (where applicable, the MSSC, 2010 Settlement, EAF; IP Agreement and all other covenants, contracts, agreements and understandings, written or not, present or past between the Debtors and Fannie Mae, are collectively referred to as the "Fannie Mae Agreements");

WHEREAS, on May 14, 2012 (the "Petition Date"), the Debtors commenced the Bankruptcy Cases by filing voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§101 et seq. (the "Bankruptcy Code") and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rule(s)") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court");

WHEREAS, on May 14, 2012, the Debtors filed a (i) *Motion Pursuant to 11 U.S.C. §§ 105, 363 (b), (j), and (m), 365 and 1123, and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 For Orders: (A)(I) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expense Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests;(II) Authorizing and Approving Asset Purchase Agreements Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief* [Docket No. 61], and (ii) an accompanying Memorandum of Law [Docket No. 62] (the "Sale Motion");

2

WHEREAS, Fannie Mae has filed certain objections to the Sale Motion, including Docket Nos. 302, 1689, 2102 and 2200 objecting to the assumption and assignment of the Fannie Mae Agreements, asserting cure amounts for the Debtors' obligations to cure defaults, and objecting to the lack of adequate assurance of future performance;

WHEREAS on November 21, 2012, the Court approved the sale of the Debtors' platform servicing assets and entered the *Order Under 11 U.S.C. §§ 105, 363 and 365 and Fed. R. Bankr. P. 2002, 6004, 6006 and 9014 (I) Approving (A) Sale of Debtors' Assets Pursuant to Asset Purchase Agreement with Ocwen Loan Servicing, LLC; (B) Sale of Purchased Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (C) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Thereto; (D) Related Agreements; and (II) Related Relief* [Docket No. 2246] (the "Ocwen Sale Approval Order");[1]

WHEREAS, Paragraph 20 of the Ocwen Sale Approval Order provides, in pertinent part, that "[t]he Debtors, in consultation with the Creditors' Committee and the Purchaser, and the relevant non-debtor counterparty shall have authority to compromise, settle, or otherwise resolve any objections to proposed Cure Amounts without further order of the Bankruptcy Court; provided, however, the consent of the Creditors' Committee (which consent shall not be unreasonably withheld) shall be required with respect to the allowance of any Cure Amount in excess of $1 million";

WHEREAS, the Debtors have consulted with the Creditors' Committee and the Purchaser and have determined that entry into the foregoing Stipulation is in the best interest of the Debtors' estates;

---

[1] Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Ocwen Sale Approval Order or Sale Motion, as applicable.

3

WHEREAS, Fannie Mae has timely filed proofs of claim against certain of the Debtors, including Claim Nos. 4849, 4852, 4853, 4854, and 4855 (collectively, the "Proofs of Claim");

NOW THEREFORE, in consideration of the promises contained and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Debtors and Fannie Mae (where applicable the Debtors and Fannie Mae are each referred to as a "Party" and collectively as the "Parties") hereby agree as follows:

1. Upon the closing of the sale of the Servicing Platform (the "Closing Date"), the Debtors shall pay to Fannie Mae via federal funds wire transfer two hundred and ninety-seven million and six hundred thousand dollars ($297,600,000) (the "Fannie Mae Payment"), which shall include (i) thirty-two million and six hundred thousand dollars ($32,600,000), the estimated amount outstanding with respect to the EAF as of the Closing Date (it being understood that this is an approximate amount and such amount changes daily), and (ii) two hundred and sixty-five million United States dollars ($265,000,000), the agreed upon aggregate amount necessary to "cure" all defaults under the Fannie Mae Agreements and to allow for the assumption and assignment of the Fannie Mae Agreements within the meaning of section 365 of the Bankruptcy Code.

2. All payments made by the Debtors to Fannie Mae in connection with the Fannie Mae Agreements whether prior or subsequent to the Petition Date, including, without limitation, the Fannie Mae Payment to be made pursuant to this Stipulation, shall be indefeasible, without recourse, setoff, defense or counterclaim, and shall not be subject to any reduction, claims, disgorgement, disputes, or litigation that challenges Fannie Mae's rights to retain any such payments, including any claims that such payments are subject to avoidance under chapter 5 of

the Bankruptcy Code or state and federal laws of similar import, or any similar claims seeking disgorgement of the Fannie Mae Payment or any prior payments made to Fannie Mae.

3. The Fannie Mae Payment shall constitute the allowed aggregate amount of the Fannie Mae Proofs of Claim. Upon receipt of the Fannie Mae Payment, the Sale Objections and Proofs of Claim filed by Fannie Mae shall be deemed fully and finally resolved and/or satisfied. Upon receipt of the Fannie Mae Payment, other than as set forth in the proviso to paragraph 7, Fannie Mae fully and finally waives any rights preserved in the Fannie Mae Proofs of Claim to assert any future claims against the Debtors, whether arising by actions of a third party or otherwise.

4. Subject to entry of this Stipulation by the Court and payment of the Fannie Mae Payment, Fannie Mae consents to the transfer of the Fannie Mae Agreements and related servicing rights to Green Tree Servicing LLC ("Green Tree"), a subsidiary of Walter Investment Management, pursuant to the terms of the Ocwen Sale Approval Order, the Ocwen APA and the servicing transfer agreement by and between Green Tree and Fannie Mae.

5. The Debtors and Fannie Mae shall use commercially reasonable efforts to close the sale of the Servicing Platform no later than February 1, 2013, and this Stipulation shall be null and void and of no further force and effect if the Closing Date shall not have occurred on or prior to February 28, 2013 and all parties shall be restored to their prior positions without prejudice.

6. Effective as of the Closing Date and the assumption and assignment of the Fannie Mae Agreements, each of the Debtors on behalf of itself and any other party, person or entity claiming under or through it, hereby releases, discharges and acquits Fannie Mae and its respective current and former agents, servants, officers, directors, employees, subsidiaries,

divisions, branches, units, attorneys, successors, predecessors, heirs, personal representatives, and assigns (each of the foregoing, a "Fannie Mae Released Party"), from all manners of action, causes of action, judgments, executions, debts, demands, rights, damages, costs, expenses and claims of every kind, nature, and character whatsoever, whether in law or in equity, whether based on contract (including, without limitation, quasi-contract or estoppel), statute, regulation, tort (including, without limitation, intentional torts, fraud, misrepresentation, defamation, breaches of alleged fiduciary duty, recklessness, gross negligence, or negligence) or otherwise, accrued or unaccrued, known or unknown, matured, unmatured, liquidated or unliquidated, certain or contingent, that each Debtor ever had or claimed to have or now has or claims to have presently or at any future date, against any Fannie Mae Released Party arising under or related to the matters set forth in the Proofs of Claim, the MSSC, the 2010 Settlement, the EAF, the IP Agreement and the Fannie Mae Agreements; provided, however, nothing in this Paragraph 6 shall be deemed to release Fannie Mae from (i) its obligations under this Stipulation, or (ii) the right of the Debtors to enforce the terms of this Stipulation.

7.      Effective as of the Closing Date and the receipt of the Fannie Mae Payment, Fannie Mae, on behalf of itself and any other party, person or entity claiming under or through it, hereby releases, discharges and acquits each of the Debtors and each of their respective current and former agents, servants, officers, directors, employees, subsidiaries, divisions, branches, units, attorneys, successors, predecessors, heirs, personal representatives, and assigns (each of the foregoing, a "Debtor Released Party"), from all manners of action, causes of action, judgments, executions, debts, demands, rights, damages, costs, expenses and claims of every kind, nature, and character whatsoever, whether in law or in equity, whether based on contract (including, without limitation, quasi-contract or estoppel), statute, regulation, tort (including,

without limitation, intentional torts, fraud, misrepresentation, defamation, breaches of alleged fiduciary duty, recklessness, gross negligence, or negligence) or otherwise, accrued or unaccrued, known or unknown, matured, unmatured, liquidated or unliquidated, certain or contingent, that Fannie Mae ever had or claimed to have or now has or claims to have presently or at any future date, against any Debtor Released Party arising under or related to the matters set forth in the Proofs of Claim, the MSSC, the 2010 Settlement, the EAF, the IP Agreement and the Fannie Mae Agreements; provided, however, nothing in this Paragraph 5 shall be deemed to release the Debtors from (i) their obligations under this Stipulation, (ii) the Debtors' remaining obligations under the Fannie Mae Agreements as a transferor servicer to cooperate with the transferee and to transfer all files, records, data, funds, and other documents and materials related to servicing of the mortgages as may be required for an orderly transfer of servicing, or (iii) the right of Fannie Mae to enforce the terms of this Stipulation.

8. Notwithstanding anything herein to the contrary, this Stipulation shall not waive or foreclose and is without prejudice to any and all claims or causes of action that may be asserted by the Debtors, Fannie Mae or any party-in-interest (including the Creditors Committee) against Ally Financial Inc. ("**AFI**"), and/or affiliates of AFI, including, without limitation, in connection with the Fannie Mae Agreements or the payment by the Debtors of the Fannie Mae Payment.

9. This Stipulation constitutes the entire understanding of the Parties in connection with the subject matter of this Stipulation, and supersedes any previous agreements or understandings in connection with the subject matter in this Stipulation between the parties.

10. The persons executing this Stipulation represent and warrant that they have the corporate power and authority to execute this Stipulation and that this Stipulation has been duly authorized by the Parties.

11. This Stipulation may be executed in any number of counterparts and by each Party hereto on separate counterparts, each of which when so executed and delivered will be an original, but all of which together will constitute one and the same instrument. For purposes of this Stipulation, signatures obtained by facsimile or other electronic means will constitute original signatures.

12. This Stipulation and the Parties' respective rights and obligations are binding upon their respective successors and assigns, and together with the rights and remedies of the Parties under this Stipulation, inure to the benefit of the Parties and their respective successors and assigns including, without limitation, Green Tree. Notwithstanding the foregoing, this Stipulation is subject to the approval of (i) the Federal Housing Finance Agency, (ii) the Board of Directors of Fannie Mae, and (iii) the Debtors' Board of Directors.

13. This Stipulation may not be amended, modified, or terminated unless such amendments, modifications, or termination are in writing signed by the Parties, with notice of such amendment, modification, or termination provided to counsel for the Creditors' Committee.

14. The Parties to this Stipulation acknowledge and agree that the rights and interests of the Parties under this Stipulation are intended to benefit solely the parties to this Stipulation.

15. No delay or failure of the parties to exercise any respective right, power or privilege under this Stipulation will affect such right, power or privilege, nor will any single or partial exercise thereof preclude any further exercise thereof, nor the exercise of any other right, power or privilege.

16. This Stipulation is entered into among competent persons who are experienced in business and represented by counsel, and the Parties and their respective counsel have carefully reviewed this Stipulation. Any ambiguous language in this agreement will not be construed against either party as the drafter of this Stipulation.

17. This Stipulation is made in the State of New York and is governed by, and construed and enforced in accordance with, the internal laws of the State of New York, without regard to conflicts of laws principles.

[Stipulation and Order continues on following page]

18. The Bankruptcy Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation.

| | |
|---|---|
| Dated: January 23, 2013 | Dated: January 23, 2013 |
| /s/ Todd M. Goren | /s/ David Neier |
| Gary S. Lee | David Neier |
| Todd M. Goren | Carey D. Schreiber |
| MORRISON & FOERSTER LLP | WINSTON & STRAWN LLP |
| 1290 Avenue of the Americas | 200 Park Avenue |
| New York, New York 10104 | New York, NY 10166 |
| Telephone: (212) 468-8000 | Telephone: 212-294-5318 |
| Facsimile: (212) 468-7900 | Facsimile: 212-294-4700 |
| *Counsel to the Debtors and Debtors in Possession* | *Counsel to Fannie Mae* |

**ACKNOWLEDGEMENT AND CONFIRMATION:**
OFFICIAL COMMITTEE OF UNSECURED CREDITORS

/s/ Douglas Mannal
Kenneth Eckstein
Douglas Mannal

**Kramer Levin Naftallis & Frankel LLP**
1177 Avenue of the Americas
New York, NY 10036
T: 212-715-9100
F: 212-715-8000

*Counsel for the Official Committee of Unsecured Creditors*

**SO ORDERED:**

Dated: January 31, 2013
       New York, New York

　　　　　　　　　　　　　　　　　　　　/s/ Martin Glenn
　　　　　　　　　　　　　　　　　　　　MARTIN GLENN
　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge