MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Samantha Martin

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

### DEBTORS' RESPONSE TO MOTION OF MICHAEL WHEELER
### FOR RELIEF FROM AUTOMATIC STAY

Residential Capital, LLC and its affiliated debtors and debtors in possession in the above-captioned Chapter 11 cases (collectively, the "**Debtors**") hereby submit this response to the *Motion of Michael Wheeler for Relief from Automatic Stay* [Docket No. 2251], dated November 14, 2012 (the "**Motion**"). In support hereof, the Debtors respectfully represent:

**BACKGROUND**

1.  On the Petition Date, each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. These cases are being jointly

ny-1073925

administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**").  No trustee has been appointed in these Chapter 11 cases.

2. On May 16, 2012, the Office of the United States Trustee for the Southern District of New York (the "**United States Trustee**") appointed a nine member official committee of unsecured creditors.  On July 3, 2012, the United States Trustee appointed the Honorable Arthur T. Gonzalez, former Chief Judge of the United States Bankruptcy Court for the Southern District of New York, as examiner.

## RESPONSE

3. By the Motion , movant Wheeler ("**Movant**") seeks relief from the automatic stay to pursue his action, pending in the Superior Court of Cobb County, State of Georgia (the "**Superior Court**"), Case No. 01-5-10429-34 (the "**Action**").  Motion ¶ 3.

4. Movant is the mortgagor of two properties, (i) 6 London Court, Cartersville, Georgia 30102, and (ii) 1728 Victoria Way, NW, Kennesaw, Georgia 30152 (together, the "**Properties**"), and the loans underlying these Properties are serviced by Debtor Homecomings Financial LLC ("**Homecomings**").  Brief in Support of Motion ¶¶ 1-4.

5. Movant's claims arise out of the alleged misallocation of funds by Debtor Homecomings Financial LLC ("**Homecomings**") from 2002-2005.  See Brief in Support of Motion ¶ 6-8.  In the Action, Movant seeks money damages against Homecomings.[1]  See

---

[1] On July 13, 2012, the Court entered the *Final Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses* [Docket No. 774] (the "**Supplemental Servicing Order**").  Pursuant to the Supplemental Servicing Order, the Court has already modified the stay to permit certain types of borrower-initiated claims against the Debtors to proceed in non-judicial foreclosure states.  Supplemental Servicing Order ¶ 14.  The Movant's claims do not fall within the Supplemental Servicing Order because the Movant is only seeking monetary damages.

ny-1073925

Complaint (annexed hereto as <u>Exhibit 1</u>) at p. 6-7; First Amended Complaint (annexed hereto as <u>Exhibit 2</u>), at p. 3.  The Action does not involve or relate to any foreclosure against the Properties.

       6.       In the Action, the Superior Court has granted partial summary judgment in favor of Homecomings.  <u>See</u> Order, dated February 10, 2009 (annexed hereto as <u>Exhibit 3</u>); Order, dated July 16, 2012 (annexed hereto as <u>Exhibit 4</u>).  With respect to the remaining counts, the parties completed discovery and the Action is ready for trial.

       7.       Because the Action is ready for trial, in the interest of judicial economy, the Debtors do not object to a limited modification of the automatic stay solely for the purpose of permitting the Movant to pursue his claims for monetary relief in the context of the Action, in order to liquidate the Movant's claims in these Chapter 11 cases to the extent they relate to the Action.[2]  In all other respects, the automatic stay should remain in full force and effect and continue to enjoin the Movant from enforcing any monetary award obtained in the Action as against the Debtors, their assets, or their estates.  The Debtors further propose that any proofs of claim filed by the Movant in the Debtors' Chapter 11 cases arising from the facts and circumstances relating to the Action should (x) be amended to reflect the amount of the final judgment, if any, obtained in the Action promptly following the entry thereof, and (y) be deemed disallowed and expunged without further order of the Court to the extent the Debtors are found to have no liability to the Movant by a final order or judgment entered in the Action.[3]

---

    [2] Prior to filing this response, the Debtors proposed to resolve the Movant's motion for stay relief as provided herein.  However, the Debtors' proposal was not accepted by the Movant.

    [3] The Movant has filed two proofs of claim in the Chapter 11 cases.  <u>See</u> Proofs of Claim Nos. 4820, 4940 (annexed hereto as <u>Exhibits 5 and 6</u>, respectively).

ny-1073925

8.      The Debtors expressly reserve their rights with respect to foreclosure of the Properties.  The Debtors do not intend for the Motion, this Response, or the proposed order to impact the ability of (i) the Debtors (or the Debtors' successors in interest) to foreclose on the Properties, and (ii) Movant to defend against any such foreclosure.

9.      A proposed form of order granting this limited modification of the automatic stay is annexed hereto as Exhibit 7.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Debtors request that the Court enter an Order (i) providing for limited modification of the automatic stay to allow the Action to proceed to trial for purposes of adjudicating the Movant's claims for monetary damages against the Debtors, but for no other purpose, and (ii) granting such other relief as the Court deems proper.

New York, New York  
Dated: January 31, 2013

/s/ Norman S. Rosenbaum  
Gary S. Lee  
Norman S. Rosenbaum  
Samantha Martin  
MORRISON & FOERSTER LLP  
1290 Avenue of the Americas  
New York, New York 10104  
Telephone: (212) 468-8000  
Facsimile: (212) 468-7900

*Counsel to the Debtors and Debtors in Possession*

ny-1073925